BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - -   x
                                                   :
       In re                            :        Chapter 11
                                                   :
DPH HOLDINGS CORP., <u>et</u> <u>al.</u>,           :        Case No. 05-44481 (RDD)
                                                   :
                                                   :        (Jointly Administered)
Debtors.                                           :
- - - - - - - - - - - - - - - - - - - - - - - -   x

LIST OF EXHIBITS TO THE SEVENTH AND FINAL APPLICATION OF BANNER &
WITCOFF, LTD., INTELLECTUAL PROPERTY COUNSEL TO DPH HOLDINGS
CORPORATION, SEEKING ALLOWANCE AND PAYMENT OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES UNDER 11
<u>U.S.C. SECTIONS 330 AND 331</u>

# EXHIBIT H

BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
              In re                 :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                        Debtors.    :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF SIXTH INTERIM APPLICATION OF BANNER & WITCOFF, LTD.,
INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION, SEEKING
ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 300 AND 331

PLEASE TAKE NOTICE that on December 7, 2007 Banner & Witcoff, Ltd., intellectual

property counsel for Delphi Corporation, and a Retained Professional, filed a sixth interim

application seeking a sixth interim allowance and payment of compensation and reimbursement

of expenses under 11 U.S.C. Sections 330 and 331, for the period from June 1, 2007 through

August 15, 2007 together with the following exhibits: A, Summary sheet; B, Certification; C,

Banner Retention Order; D, Shifley Affidavit; E and F, Banner engagement letters; G, Banner

Invoice; H and I records of notices to those entitled to receive same; and J, proposed order on the

application.



PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the application will be held on a date and time to be determined by the Court (Prevailing Eastern Time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the application must be made not later than 4:00 p.m. (Prevailing Eastern Time) 9 days before the date and time determined for the Hearing by the Court (the "objection deadline") and in accordance with the required procedures of the Court.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Order under 11 U.S.C. Section 331 Establishing Procedures For Interim Compensation and Reimbursement of Expenses for Professionals will be considered by the Bankruptcy Court at the Hearing.  If no objections to the application are timely made and served in accordance with the procedures set forth herein and in the Interim Order, the Bankruptcy Court may enter an order granting the application without further notice.

Dated: Chicago, Illinois            BANNER & WITCOFF, LTD.
       December 7, 2007

                                    By: *Charles W. Shifley*
                                        Charles W. Shifley
                                        Binal J. Patel
                                        10 South Wacker Drive
                                        Suite 3000
                                        Chicago, Illinois 60606
                                        (312) 463-5000

2

BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - -X
                              :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al. | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - -X

## SIXTH INTERIM APPLICATION OF BANNER & WITCOFF, LTD., INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION, SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331

Banner & Witcoff, Ltd. ("Banner"), intellectual property counsel for Delphi Corporation ("Delphi"), and a Retained Professional, submits this sixth interim application seeking a sixth interim allowance and payment of compensation and reimbursement of expenses under 11 U.S.C. §§330 and 331, for the period from June 1, 2007 through August 15, 2007 ("the Application Period").

### STATEMENT AT THE OUTSET PURSUANT TO GUIDELINES

Banner submits this final interim application for (a) allowance of compensation for 2.4 hours of professional legal professional services provided by Banner to Delphi, in the amount of $1,044.00 and (b) reimbursement of actual and necessary charges and

disbursements incurred by Banner in the amount of $147.35, for a total of $1,191.35, in

the rendition of required legal, intellectual property professional services on behalf of

Delphi in the time period of June 1, 2007 through August 15, 2007.

## SUMMARY SHEET AND CERTIFICATION

A Summary Sheet is attached as Exhibit A. A Certification is attached as Exhibit

B.

## FINAL APPLICATION

In support of this sixth interim application, Banner further represents as follows:

## BACKGROUND

1.      On October 8, 2005, Delphi and certain of its United States ("U.S.")

subsidiaries (the "Initial Filers") filed voluntary petitions for relief under chapter 11 of

the United States Bankruptcy Code (the "Bankruptcy Code"), in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (On

October 14, 2005, three additional U.S. subsidiaries of Delphi (collectively with the

Initial Filers, the "Debtors") filed voluntary petitions for relief under the Bankruptcy

Code. The Debtors continue to operate their businesses as "debtors-in-possession" under

the jurisdiction of the Bankruptcy Court and in accordance with the applicable provisions

of the Bankruptcy Code and orders of the Bankruptcy Court.

## RETENTION OF BANNER

2.      On January 3, 2006, pursuant to an application dated December 6, 2005,

the Bankruptcy Court entered an order titled "Order under 11 U.S.C. §§327(3) and

1107(b) and Fed.R.Bankr.P. 2014 Authorizing Employment and Retention of Banner &

Witcoff, Ltd. as Intellectual Property Counsel to Debtors ("Banner Retention Order"),"

2

4

(Docket No. 1708) Exhibit C, and thereby granted the Debtors' request to employ Banner as intellectual property counsel under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, with approval of such employment being effective as of the Petition Date, October 8, 2005.

3.     On August 15, 2007, this Court entered an Order terminating Banner's status as Special Litigation Counsel and authorizing the retention of Banner as an ordinary course professional according to the Order under 11 U.S.C. §§ 327, 330, and 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course of Business. (Docket No. 9101).

EVENTS BEFORE THE APPLICATION PERIOD,
INCLUDING IDENTIFICATION OF LITIGATION THAT GIVES RISE TO THIS
APPLICATION AND BANNER'S TERMS AND CONDITIONS OF ENGAGEMENT
IN REPRESENTING DELPHI IN THE LITIGATION

(This description is abbreviated. Please see past Banner fee applications for more information on periods before the application period.)

4.     Delphi is a defendant in two civil actions for patent infringement in which Banner lawyers have represented Delphi from before the Petition Date. These are (a) Automotive Technologies International, Inc. ("ATI") v. BMW North America, Inc., et al., Appeal No. 06-1013 (Federal Circuit September 29, 2005) and its underlying case, Civil Action No. 01-71700 (April 30, 2001), and (b) Automotive Technologies International, Inc. v. Delphi Automotive Systems Corporation, et al., Civil Action No. 04-72035 (E.D.Mich. April 30, 2005). Together, these cases as routinely called the "ATI" cases by Banner.

5.     Banner was retained to represent Delphi in the ATI cases by an exchange of letters of engagement described in paragraph 10 of an Affidavit of Charles W. Shifley

3

filed in support of the application for retention of Banner, Exhibit D. See also Exhibits E
and F, the subject letters of engagement. These letters reflect voluntary accommodations
to Delphi including discounted rates and rates fixed over time.

6.      Civil Action No. 04-72035 was stayed during the pendency of Appeal No.
06-1013 and remains stayed by District Court order.

7.      Delphi has an indemnity agreement with General Motors Corporation
implicated in the identified civil actions for patent infringement. Pursuant to the
agreement, at Delphi expense, Banner represents and has represented General Motors
Corporation in these actions as well as Delphi.

## EVENTS BEFORE THE APPLICATION PERIOD
### CAUSING NECESSARY AND REASONABLE SERVICES AND DISBURSEMENTS

8.      On November 14, 2005, Delphi served the appellate court and its
opponent in the identified appeal with its Suggestion of Bankruptcy and Notice of
Operation of Automatic Stay.

9.      On December 13, 2005, the appellate court issued an order temporarily
staying briefing in the appeal and directing Delphi and its opponent to file status reports
every sixty (60) days concerning whether this Bankruptcy Court has lifted the stay.
Banner represented Delphi in response.

10.      In a period from about January to about June, 2006, Banner represented
Delphi in mediating the case. Mediation was not successful.

11.      In July, 2006, Banner dealt with a court order lifting the stay and
scheduling appellate briefing.

12.      In July, 2006, and continuing in August, 2006, Banner began and
continued drafting of a required appellate brief.

4

13.    In October, November, and through December 13, 2006, Banner continued drafting of the required appellate brief, through its complete drafting, and supervised its printing, filing and service.

14.    In December 2006 and January, 2007, after December 13, 2006 and through January 31, 2007, *inter alia,* Banner studied appellant's reply brief, and began preparation for oral argument.

15.    In February, 2007, Banner lawyers continued to prepare for oral argument, including studying the appellant's reply brief for Delphi alleged deficiencies and preparing responses for oral argument, negotiating a Joint Statement of Compliance with a court Rule 33 on ADR, reviewing a cross-appellant's final brief, and handling a request from appellant to release confidentiality of information.

16.    In March and April, 2007, Banner located and analyzed a best case yet for our appeal positions, and prepared, filed and served a Citation of Supplemental Authority. Banner also negotiated a co-defendants' agreement for streamlined oral argument, and pursuant to agreement, began to prepare a single oral argument representative of all co-defendants including Delphi, namely Mr. Gallo of another law firm.

17.    In May, 2007, Banner continued and completed preparation of Mr. Gallo, and represented Delphi in support of Mr. Gallo at oral argument.

18.    As well, February through May 2007, Banner consulted and advised its Delphi and General Motors client representatives. Banner also handled the necessary miscellanea required by rules of the court and the situation.

EVENTS DURING THE APPLICATION PERIOD
CAUSING NECESSARY AND REASONABLE SERVICES AND DISBURSEMENTS

5

19.    In the application period, the parties awaited court decision. The only required activity was a fee application.

## COMPLIANCE BY BANNER'S INVOICE NO. 1661895 WITH 11 U.S.C. 330, THE INTERIM COMPENSATION ORDER AND FEE GUIDELINES

20.    This application and Banner's invoice No. 1661895, Ex. G, comply with 11 U.S.C. 330, the Interim Compensation Order (Docket No. 869), as amended by supplemental orders (Docket Nos. 2747, 2986, 3630 and 4545)("the Fee Order") and the U.S. Trustee Fee Guidelines, the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (together, "The Guidelines"), to the best of Banner's ability to provide compliance, and in that they contain all required information and are for necessary and reasonable services and disbursements provided to Delphi in the ATI cases.

21.    The Certifying Professional certifies this application as in his Certification, Exhibit B.

22.    Further, among other matters, individuals who provided services during the statement periods are listed at page 2 of Invoice 1661895, Ex. G, and in the Summary Sheet, Exhibit A. The listed individual(s) are attorneys.

23.    The Banner invoices also comply in that respective billing rates, aggregate hours, and reasonably detailed breakdowns of disbursements, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour are all part of the invoices.

24.    The Banner invoices also comply in that disbursements are billed at rates and in accordance with practices customarily employed by the applicant and generally accepted by the applicant's clients, and the disbursements, for photocopies, both internal and external, telecommunications, both toll charges and facsimile transmissions, courier and freight, printing, court reporter and transcripts, messenger services, computerized research, out of town travel expenses, word processing, secretarial and other staff services, cellular telephones, overtime expenses, local and daytime meals, local transportation, and all other disbursements, satisfy the requirements of The Guidelines.

25.    Banner believes its invoice and this application also comply with all other aspects of the Fee Order and all applicable laws, rules, orders, guidelines and the like. To any extent there is any technical noncompliance, Banner respectfully requests a waiver for any such matter.

### ALL REQUIRED NOTICES HAVE BEEN PROVIDED; THERE HAS BEEN NO OBJECTION

26.    Banner has provided all required notices pursuant to the Fee Order, including serving monthly statements under paragraph 2(a) of the Order, except as relieved by Fee Committee communication that Fee Committee members do not want papers, by serving this fee application under paragraph 2(a) of the Order, and by serving an e-mail notice of the filing of this application and a listing of exhibits filed in support of it on the 2002 Entities List pursuant to paragraph 8 of the Order. See Exhibit I.

CONCLUSION

WHEREFORE, Banner respectfully requests that the Court (a) enter an order allowing interim compensation of $1,044.00 to Banner for necessary and reasonable professional services rendered as attorneys for the Debtors during the application period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $147.35 for a total sum of $1,191.35 and, (b) grant such other and further relief as is just and equitable under the circumstances.

A proposed order is attached at Exhibit J.

Respectfully submitted,

Charles W. Shifley
Binal J. Patel
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile:  (312) 463-5001

8

BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Intellectual Property Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |
|---|---|
| In re | : |
|  | : |
|  | : Chapter 11 |
|  | : |
| DELPHI CORPORATION, et al. | : Case No. 05-44481 (RDD |
| : | : |
|  | : |
| Debtors. | : (Jointly Administered) |
|  | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

### LIST OF EXHIBITS TO THE SIXTH INTERIM APPLICATION OF BANNER & WITCOFF, LTD., INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION, SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331

Banner & Witcoff, Ltd. ("Banner"), intellectual property counsel for Delphi Corporation ("Delphi"), and a Retained Professional, submits this list of exhibits to its identified fee application:

Exhibit A - Summary Sheet.

Exhibit B - Certification.

Exhibit C - Order under 11 U.S.C. §§327(3) and 1107(b) and Fed.R.Bankr. P. 2014 Authorizing Employment and Retention of Banner & Witcoff, Ltd. as Intellectual Property Counsel to Debtors ("Banner Retention Order").

Exhibit D -  Affidavit of Charles W. Shifley filed in support of the application for retention of Banner.

Exhibit E  -  First Letter of Engagement of Banner & Witcoff, Ltd.

Exhibit F  -  Second Letter of Engagement of Banner & Witcoff, Ltd.

Exhibit G  -  Banner's Invoice No. 1661895.

Exhibit H -  Proof of service of Banner invoices.

Exhibit I  -  Proof of service of this list of exhibits.

Exhibit J – Proposed Order.

Respectfully submitted,

Charles W. Shifley
Binal J. Patel
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile:  (312) 463-5001

2

# EXHIBIT A

BANNER & WITCOFF, LTD.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312-463-5000
Charles W. Shifley
Binal J. Patel

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
|                          |   :   |                          |
| In re                    |   :   | Chapter 11               |
|                          |   :   |                          |
| DELPHI CORPORATION, et al. | : | Case No. 05-44481 (RDD)  |
|                          |   :   |                          |
| Debtors.                 |   :   | (Jointly Administered)   |
|                          |   :   |                          |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SUMMARY SHEET
FOR SIXTH INTERIM APPLICATION OF BANNER & WITCOFF, LTD.,
INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION,
SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331

Banner & Witcoff, Ltd. ("Banner"), intellectual property counsel for Delphi Corporation

("Delphi"), and a Retained Professional, submits this Summary Sheet in support of its sixth

interim application seeking a sixth interim allowance and payment of compensation and

reimbursement of expenses under 11 U.S.C. §§ 330 and 331 for the period from June 1, 2007

through August 15, 2007 ("the Application Period").

TOTAL COMPENSATION AND EXPENSES REQUESTED AND ANY AMOUNT(S)
PREVIOUSLY REQUESTED

Requested: $1,191.35
Previously Requested: $265,412.94

TOTAL COMPENSATION AND EXPENSES PREVIOUSLY
AWARDED BY THE COURT

Total Previously Awarded:  $52,874.28

NAME AND APPLICABLE BILLING RATE FOR EACH PERSON WHO BILLED TIME
DURING THE PERIOD, AND DATE OF BAR
ADMISSION FOR EACH ATTORNEY

Charles W. Shifley                $435.00                        1976

TOTAL HOURS BILLED AND TOTAL AMOUNT OF BILLING FOR EACH PERSON WHO
BILLED TIME DURING BILLING PERIOD

Charles W. Shifley              2.4       hours       $  1,044.00

COMPUTATION OF BLENDED HOURLY RATE FOR PERSONS WHO BILLED TIME
DURING PERIOD, EXCLUDING PARALEGAL OR OTHER
PARAPROFESSIONAL TIME

Blended hourly rate: $435.00 per hour

Respectfully submitted,

Charles W. Shifley
Binal J. Patel
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile:  (312) 463-5001

2

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                  :
In re                  :     Chapter 11
                  :
DELPHI CORPORATION, et al.   :     Case No. 05-44481 (RDD)
                  :
          Debtors.    :     (Jointly Administered)
                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CERTIFICATION FOR
SIXTH INTERIM APPLICATION OF BANNER & WITCOFF, LTD.,
INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION,
SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331

I, Charles W. Shifley, as the "Certifying Professional" for Banner & Witcoff, Ltd. ("Banner"), intellectual property counsel for Delphi Corporation ("Delphi"), and a Retained Professional, certify as follows:

1.      I have read the Sixth Interim Application of Banner & Witcoff, Ltd., Intellectual Property Counsel to Delphi Corporation, Seeking Allowance and Payment of Interim Compensation and Reimbursement of Expenses Under 11 U.S.C. Sections 330 and 331 ("the First Interim Banner Application").

FURTHER CERTIFICATIONS PURSUANT TO THE AMENDED GUIDELINES FOR FEES
AND DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW
YORK BANKRUPTCY CASES

2.      To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Sixth Interim Banner Application fall within the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases ("the Amended Guidelines")

and the UST Guidelines, except as specifically noted in this certification and described in Banner's fee application (there are no exceptions).

3.    To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, except to the extent that fees or disbursements are prohibited by the Amended Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the applicant, Banner, and generally accepted by the applicant's clients.

4.    To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, in providing reimbursable service, the applicant does not make a profit on the service, whether the service is performed by the applicant in-house or through a third party.

5.    To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the trustee, and in this chapter 11 case, the chair of each official committee and the debtor have all been provided not later than 20 days after the end of each month with a statement of fees and disbursements accrued during such month. The statements provided contain a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of the services rendered, a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices.

6.    To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the trustee, and in this chapter 11 case, the chair of each official committee and the debtor have all been provided with a copy of the relevant fee

2

18

application at least 10 days before the date set by the court or any applicable rules for filing fee applications.

## FURTHER CERTIFICATIONS PURSUANT TO THE GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES

7.    To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, the Sixth Interim Banner Application complies with the mandatory guidelines set forth in the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

8.    The Certifying Professional is unable to certify that the trustee, debtor, or chair of each official committee (as to each respective committee's professionals) has reviewed the fee application and has approved it. (There are no known objections.)

9.    To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, in charging for a particular service, the applicant does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay.

10.    To the best of my, the Certifying Professional's knowledge, information and belief formed after reasonable inquiry, in seeking reimbursement for a service which the applicant justifiably purchased or contracted for from a third party (such as temporary paralegal or secretary services, or messenger service), the applicant requests reimbursement only for the amount billed to the applicant by the third-party vendor and paid by the applicant to such vendor.

3

Respectfully submitted,

Charles W. Shifley
Binal J. Patel
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile:  (312) 463-5001

4

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                     :
        In re                        :        Chapter 11
                                     :
DELPHI CORPORATION, et al.,          :        Case No. 05-44481 (RDD)
                                     :
                        Debtors.     :        (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014
AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD.
AS INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

("BANNER RETENTION ORDER")

Upon the application, dated December 6, 2005 (the "Application"), of Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for an order (the "Order"), pursuant to 11

U.S.C. §§ 327(e) and 1107(b) and Fed. R. Bankr. P. 2014, authorizing the employment and

retention of Banner & Witcoff, Ltd. ("Banner") as an intellectual property counsel to the

Debtors; and upon the Affidavit of Charles W. Shifley, sworn to December 6, 2005, in support of

the Application (the "Shifley Affidavit"); and this Court being satisfied with the representations

made in the Application and the Shifley Affidavit that Banner does not represent or hold any

interest adverse to any of the Debtors' estates or the Debtors with respect to the matters on which

Banner is to be employed, and that Banner's employment is necessary and would be in the best

interests of each of the Debtors' estates; and it appearing that proper and adequate notice has

been given and that no other or further notice is necessary; and upon the record herein; and after

due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1

1.  The Application is GRANTED.

2.  The Debtors' employment of Banner as intellectual property counsel, pursuant to the Application, is approved under sections 327(e) and 1107(b) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), with approval of such employment being effective as of the Petition Date, October 8, 2005.

3.  Banner shall be compensated in accordance with the standards and procedures set forth in sections 330 and 331 of the Bankruptcy Code and all applicable Bankruptcy Rules, Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court. Without limiting the foregoing, Banner shall make reasonable efforts to ensure that the Debtors' estates are not charged for any duplication of work with the other professionals retained in these cases.

4.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

5.  The requirement under Local Rule 9013-1(b) for the service and filing of a separate memorandum of law is deemed satisfied by the Application.

Dated:    New York, New York
          January 3, 2006

                              /s/ Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

2

23

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

In re                      :      Chapter 11

                        :

DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)

                        :

               Debtors.    :      (Jointly Administered)

                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### AFFIDAVIT OF CHARLES W. SHIFLEY IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 327(e) AND 1107(b) AND FED. R. BANKR. P. 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF BANNER & WITCOFF, LTD. AS AN INTELLECTUAL PROPERTY COUNSEL TO DEBTORS

STATE OF ILLINOIS

COUNTY OF COOK

CHARLES W. SHIFLEY, being duly sworn, deposes and states as follows:

    1.    I am a shareholder and Vice President of the law firm of Banner & Witcoff, Ltd. ("Banner"), proposed intellectual property counsel for Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). I am licensed to practice law principally in the State of Illinois. I am also licensed by the United States Patent and Trademark Office. I have nearly thirty years of successful experience in intellectual property matters, including patent litigation and counseling matters.

    2.    I submit this affidavit (the "Affidavit")[1] in support of the Application For Order Under 11 U.S.C. §§ 327(e) And 1107(b) And Fed R. Bankr. P. 2014 Authorizing

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

Employment And Retention Of Banner & Witcoff, Ltd. As Intellectual Property Counsel To Debtors (the "Application") nunc pro tunc to October 8, 2005, filed concurrently herewith.

3.    The name, business address, and telephone number of Banner & Witcoff, Ltd. are as follows:

> Banner & Witcoff, Ltd.
> 10 South Wacker Drive
> Chicago, Illinois 60606
> 312.463.5000

4.    Banner is well qualified to assist the Debtors in the manner described in the Application. Banner is a nationally well-known and respected intellectual property law firm almost all of whose lawyers are experienced, registered patent lawyers with technical degrees. Banner has successfully represented Delphi and its predecessor, General Motors Corporation, in many patent infringement cases. Banner has also represented Delphi and its predecessor, General Motors Corporation, in other patent infringement counseling. Banner enjoys extensive experience in intellectual property law and cases in the Debtors' industry, including currently pending patent infringement cases against Debtors. Consequently, Banner can economically, successfully, and uniquely represent the Debtors in cases currently pending and similar intellectual property matters. Accordingly, the Debtors believe that Banner is well qualified to serve as an intellectual property counsel in these chapter 11 cases in an efficient and effective manner.

5.    Also, Banner has advised the Debtors regarding other intellectual property matters. Based on the services that Banner has rendered to the Debtors, Banner is thoroughly familiar with certain intellectual property matters relating to the Debtors.

6.    Generally, in connection with the Debtors' cases, Banner intends to provide to the Debtors with the following types of professional services:

2

(a)    representation, both currently and if any appeal were to follow, in Automotive Technologies International, Inc. v. BMW North America, Inc., et al., Appeal No. 06-1013 (Federal Circuit September 29, 2005) and its underlying case, Civil Action No. 01-71700 (April 30, 2001);

(b)    representation in Automotive Technologies International, Inc. v. Delphi Automotive Systems Corporation, et al., Civil Action No. 04-72035 (E.D.Mich. April 30, 2005), a patent infringement case that was stayed during the above-identified appeal;

(c)    preparation of legal opinions involving Debtors' claims relating to the Debtors' products and patents, as well as claims made by competitors;

(d)    representation of the Debtors for a broad scope of intellectual property law services.

7.    In light of certain existing client representations on unrelated matters, the engagement of Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") as the Debtors' bankruptcy counsel, the engagement of Shearman & Sterling LLP ("Shearman") as the Debtors' special counsel, the engagement of Togut, Segal & Segal LLP ("Togut") as the Debtors' conflicts counsel, and the engagement of other counsel for the Debtors, Banner will not be responsible for or undertake any representation with respect to (a) advising the Debtors concerning specific contracts and claims of certain of Banner's existing clients and (b) reviewing, interpreting, or commenting on the specific contracts and claims of certain of Banner's existing clients. These existing client relationships, and the scope of the carve-out from Banner's retention, are discussed more fully below.

8. It is Banner's understanding that the Debtors may request that Banner undertake specific matters beyond the limited scope of the responsibilities set forth above. Should Banner agree in its discretion to undertake any such matter, it is Banner's understanding that the Debtors will seek further order of this Court.

9. Banner is making efforts, together with the Debtors' other counsel to ensure that there is no duplication of effort or work between such firms and Banner. It is Banner's intention that the estates should receive the best value possible from the efficient coordination of work among its counsel. Banner believes that its lawyers and the rest of the lawyers retained in these cases have to date delineated clearly, and will continue to delineate clearly, the division of work between them, so as to avoid any duplication of effort and to maximize the efficiencies of the proposed arrangement.

10. Banner has in the past been employed and retained pursuant to certain engagement letters between the Debtors and Banner, dated October 7, 2004 and November 19, 2004 (together, the "Engagement Letters"), and pursuant to additional terms. The additional terms are that Banner agreed that its discounted hourly rates would remain in effect through the remainder of the cases that are subject to the Engagement Letters, the rates being subject to renegotiation three years after the Engagement Letters if the cases remained pending then. Banner also agreed to represent the Debtors in preparing legal opinions and other matters at standard hourly rates or for pre-agreed total charges.

11. Banner agrees to accept as compensation for the services rendered in connection with its representation of the Debtors compensation on the terms set forth in the Engagement Letters and the additional terms identified above.

4

12.    Banner acknowledges that all amounts paid to Banner during these chapter 11 cases are subject to final allowance by this Court. In the event that any fees or expenses paid to Banner during these cases are disallowed by this Court, the fees and expenses will be disgorged by Banner and returned to the Debtors or as otherwise ordered by this Court.

13.    Banner categorizes its billings by subject matter, in compliance with the applicable guidelines of the Office of the United States Trustee (the "U.S. Trustee Guidelines"). Banner acknowledges its compensation in the Debtors' cases is subject to approval of this Court in accordance with section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and the U.S. Trustee Guidelines.

14.    Banner has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtors' bankruptcy cases. Banner maintains a database containing the names of current, former, and potential clients and other principal parties related to such clients. I caused Banner to review and analyze the conflict database to determine whether Banner has any connection with the principal parties-in-interest in these chapter 11 cases, using information provided to Banner by the Debtors and Skadden, Arps and information contained in the database, including (a) the names of the Debtors' prepetition lenders, (b) the names of significant creditors of the Debtors, and (c) the names of firms that the Debtors intend to or may employ during their chapter 11 cases.

15.    Based upon this research, I have determined that Banner has in the past represented, currently represents, and will likely in the future represent certain of the Debtors' creditors and other parties-in-interest in matters unrelated to the Debtors or these chapter 11 cases. Banner has represented, currently represents, and will likely in the future represent, such creditors and other parties-in-interest, and their related entities, in such matters, including:

5

General Motors Corporation ("GM"), where Banner has been directed to do so by Delphi as a matter of assisting Delphi in meeting contractual indemnity obligations to GM, with the consent of both companies; Dura Automotive Systems, Inc.; Illinois Tool Works, Inc.; Cargill, Inc.; Allstate Insurance; AT&T, Nokia Corporation; John Hopkins University; Harley Davidson Motor Company; Circuit City Stores, Inc.; Microsoft Corporation; and Technitrol, Inc. I do not believe that the foregoing raises any actual or potential conflicts of interest of Banner relating to the representation of the Debtors in these chapter 11 cases, but such relationships are disclosed out of an abundance of caution.

16.    It is my intention that if Banner becomes aware of any other connections of which it presently is unaware, Banner will bring them to the attention of this Court and the U.S. Trustee.

*Charles W. Shifley*

Charles W. Shifley

Sworn to before me
this 6th day of ~~November~~, 2005
DECEMBER

Notary Public

"OFFICIAL SEAL"
KATHY G. KESSLING
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/8/2009

6

30

# EXHIBIT E

# DELPHI

| | |
|---|---|
| Telephone: | (248) 813-3309 |
| Facsimile: | (248) 813-1122 |

*Via E-Mail*

October 7, 2004

Mr. Charles Shifley
BANNER & WITCOFF, LTD.
10 South Wacker Drive, Suite 3000
Chicago, IL 60606

Re:    *ATI Patent Litigation*

Dear Charles:

This confirms that Delphi Corporation has retained Banner & Witcoff to represent Delphi in the following patent infringement cases:

   1)    *Automotive Technologies International v. BMW of North America, et al.*
         Case No. 01-CV-71700 (E.D. of MI), Delphi Matter No. 2001-000762 (ATI I); and

   2)    *Automotive Technologies International v. Delphi, et al.*
         Case No. 04-60083 (E.D. of MI), Delphi Matter No. 2004-000564 (ATI II)

Except as provided herein, this engagement letter supercedes the previous engagement letter dated August 28, 2002, between Delphi and Banner & Witcoff for the ATI I matter.

I will be responsible for managing these matters and will be your direct contact at Delphi. Please include the Delphi file numbers shown above in all correspondence and invoices with this office. To the extent possible, we request that you bill activities on these matters separately. In situations where the time spent on activities for these matters cannot be conveniently distinguished, please bill commingled time to the ATI I matter. In the event that one or more of these actions become consolidated, we will inform you as to the Delphi matter number under which you should subsequently bill your time.

We have approved a four-person Banner & Witcoff attorney team to work on these matters. Banner & Witcoff has agreed to discount its regular hourly professional rates on these matters as listed below:

**Delphi World Headquarters & Customer Center**
**5825 Delphi Drive, M/C 480-410-254, Troy, MI 48098-2815**
william.Cosnowski.jr@delphi.com

Charles Shifley, Esq.
October 7, 2004
Page 2 of 3

| PROFESSIONAL | REGULAR HOURLY RATE | DISCOUNTED RATE |
|---|---|---|
| Charles Shifley | $455 | $435 |
| Binal Patel | $335 | $320 |
| Matt Becker | $310 | $295 |
| Ted Field | $220 | $215 |

Additionally, you agree that the discounted hourly rates will remain in effect through the remainder of these cases. Others from your firm may be necessary to assist us on this litigation, but you have agreed to obtain our written permission before engaging them. No fees will be paid for work performed by others before you have obtained our written permission.

Banner & Witcoff agrees to pay one hundred percent (100%) of the transportation expenses for travel to Detroit incurred by Banner & Witcoff team members on these matters. Additionally, Banner & Witcoff agrees to continue the practice of not billing Delphi for travel time on these matters.

You agree to continue to accrue a 5% credit on all professional billings for the ATI I matter as originally agreed in the engagement letter dated August 28, 2002.

You also agree to accrue a credit to Delphi in the amount of five percent (5%) of your professional billings on the ATI I matter to be used as payment by Delphi for services on any future matter, when and if we retain your firm. This credit shall accrue from the first dollar of ATI II fee billings but shall not vest until fee billings for the ATI II matter exceed $1,000,000. Separate billing of these matters is essential for correct calculations of our credit. It is our intention to process your monthly billing statements promptly, but at times it may take forty-five days or more to process your bill once it has been received.

We expect that the Delphi team assigned to this case will be fully engaged. The Delphi team will manage the document collection, coding and preparation of document chronologies. We also plan to fully participate in discovery, motions, and strategies necessary to successfully defend and prosecute these actions. We wish to do everything we are able to do on these litigations in-house. To help us achieve this, we ask that before your team undertakes an activity, you first review it with us to see if we have the resources available. Please call Joe Papelian or me at any time if you believe we are not able to supply the support needed to successfully litigate these matters

We expect that your hourly billable rates include all overhead and internal charges associated with your practice. A copy of our recently revised billing instructions and limitations is attached and incorporated into this engagement agreement by this reference. Any questions about billing procedures should be addressed to Michele Piscitelli, who can be reached at 248-813-2511.

Charles Shifley, Esq.
October 7, 2004
Page 3 of 3

As you know, we view the relationship between our companies as a "partnership" in which we both work together and communicate well with each other, to serve the best interests of Delphi. Your dedicated work and willingness to provide creative fee arrangements that recognize the financial pressures of the automotive supplier industry has placed Banner & Witcoff on a select counsel list for Delphi's litigation matters.

We request that you endorse this engagement agreement below and return an executed copy for our records.

Please call if you have any questions.

Sincerely,

William Cosnowski, Jr., Esq.
Delphi Legal Staff

WC/cmp
Enclosure

Accepted this ___ day of _____, 2004.

By: _____
        Charles Shifley, Esq.
        BANNER & WITCOFF, LTD.

# EXHIBIT F



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

TEN SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-7407

TEL: 312.463.5000
FAX: 312.463.5001
www.bannerwitcoff.com

**Charles W. Shifley**
Direct Dial: (312) 463-5441
cshifley@bannerwitcoff.com

November 19, 2004

William Cosnowski, Jr., Esq.
**Delphi World Headquarters - Legal Staff**
Delphi Automotive Systems
5825 Delphi Drive
Troy, MI 48098-2815

Dear Will:

We have a few more changes for our engagement together in the ATI cases. Our principal issue is the term of engagement concerning fixing rates for the life of the engagement. We are cautious about the open-endedness of such a term. As an example, I have a case now that has lasted eleven years in district court, and has started into its second appeal. It has potential for several more years of proceedings.

Our primary intent is to maintain and strengthen our relationship. The discounts that are present in the lawyer hourly rates stated in your letter of October 7th are approximately 4% of standard rates. We expect to increase rates in February such that the discount for 2005 will conceivably increase to 8%. In addition, we are agreeing to the 5% credit and transportation terms.

Generally, we are against our rates being fixed. By the terms of your letter, Delphi is gaining significant advantage in receiving the 5% credit, especially with Delphi and the firm agreeing to the 5% being applied from $1. Consistent with our primary intent but also our opposition to rate fixing, especially rate fixing for an indefinite and potentially long time, we can accept the hourly rates as stated in your letter, if fixed until the end of 2005, with rates thereafter being our standard rates. We also propose that the ATI II credit apply to the future litigation from when time billing for the future litigation starts.

We also suggest clarifying that the 5% credit currently accruing and continuing to accrue on ATI I will be for future patent application, patent opinion and other patent-related transactional representation. We also propose that the ATI II credit apply to the fees that accrue on a future litigation, applicable when that future litigation begins.

We also ask that Delphi provide us some flexibility in the attorneys who may represent Delphi in the two cases, by engaging with us in introducing Delphi to more attorneys than on the current list of approved attorneys, especially to possibly include some of our attorneys in our Washington, D.C. office.

CHICAGO
WASHINGTON, D.C.
BOSTON
PORTLAND, OR.

36

William Cosnowski, Jr., Esq.
**Delphi World Headquarters - Legal Staff**
November 19, 2004
Page 2

     If you can accept these few modifications of the terms proposed in your letter of October 7, 2004, we have an agreement for engagement. I have held our billing for time back to September 1, 2004. I will now bill it at the agreed rates.

Very truly yours,

Charles W. Shifley

CWS/sls

# EXHIBIT G



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

Suite 3000
10 South Wacker Drive
Chicago, IL  60606

Tel:  312.463.5000
Fax:  312.463.5001
www.bannerwitcoff.com

FEIN # 36-4008943

Delphi Technologies, Inc.
 Mr. Cosnowski
Legal Staff - Intell. Property
P.O. Box 5052
MC: 480-414-420
Troy, MI  48007-5052

| | |
|---|---|
| Invoice Number | 1661895 |
| Invoice Date | 08/27/07 |
| Client Number | 004588 |
| Matter Number | 00013 |

RE:   00013   **Automotive Technologies v. BMW of North America, et al.**
**Case No. 01-71700**
**Delphi File No. 2001-000762 (ATI I)**

FOR PROFESSIONAL SERVICES RENDERED THROUGH 07/31/07:

| Date | Tkpr | | | Hours |
|---|---|---|---|---|
| 07/24/07 | CWS | DELP36 | Editing a staff-prepared Fifth Interim Fee Application of Banner & Witcoff, Ltd. | 0.90 |
| 07/27/07 | CWS | DELP36 | Supervision of staff handling of filing and service of a fee application | 0.40 |
| 07/30/07 | CWS | DELP36 | Supervision of staff handling of filing a fee application | 0.30 |
| 07/31/07 | CWS | DELP36 | Continued supervision of staff handling of filing of the application | 0.40 |
| 07/31/07 | CWS | DELP36 | Continued supervision of filing and service of the fee application, including resolving dating issues | 0.40 |

TOTAL HOURS     2.40

004588
00013
08/27/07

Invoice Number  1661895
Page 2

| Date | Tkpr | | | | | Hours |
|------|------|--|--|--|--|-------|

TIMEKEEPER TIME SUMMARY:

| Timekeeper | Hours | Rate | | Value |
|------------|-------|------|--|-------|
| Charles W. Shifley | 2.40 | at $435.00 | = | 1,044.00 |

CURRENT FEES                                      1,044.00

FOR COSTS ADVANCED AND EXPENSES INCURRED:

| | |
|---|---|
| Photocopies at $ .10 per page | 64.40 |
| Telephone charges | 2.38 |
| Courier charges | 80.57 |

CURRENT EXPENSES                          147.35

TOTAL THIS MATTER                          1,191.35

TOTAL AMOUNT THIS INVOICE          US $1,191.35

For wiring payment, please use the following bank information.  SunTrust Bank, 1445 New York Avenue, N.W., Washington, DC  20005, (800) 947-3786; ABA Number:  061000104; Account Number: 514342. Please indicate client, matter and invoice numbers with wire remittance.

# EXHIBIT H



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

TEN SOUTH WACKER DRIVE
SUITE 3000
CHICAGO, ILLINOIS 60606-7407

TEL: 312.463.5000
FAX: 312.463.5001
www.bannerwitcoff.com

CHARLES W. SHIFLEY
DIRECT DIAL: (312) 463-5441
CSHIFLEY@BANNERWITCOFF.COM

September 18, 2007

*__VIA COURIER__*

William Cosnowski
Michele Piscitelli
Legal Staff – Intellectual Property
Delphi Technologies, Inc.
World and North American Headquarters
5725 Delphi Drive
Troy, Michigan 48098-2815

Robert J. Rosenberg, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4802
(Counsel to Unsecured Creditors Committee)

Marissa Wesley, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(Counsel for Prepetition Credit Facility Agent)

Marlane Melican, Esq.
Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017
(Counsel to Postpetition Credit Facility Agent)

Re:    Delphi Corporation et al. - Chapter 11 Proceedings
       Monthly Statement of Fees and Disbursements

Dear Will, Michele, Robert, Marissa and Marlane:

Enclosed please find Banner & Witcoff's monthly statement for legal services rendered for reimbursement of expenses incurred in connection with such representation from July 1, 2007 through July 31, 2007 (the "Fee Period"). This invoice has also been submitted in the SIMS system of LC.

CHICAGO, IL
WASHINGTON, DC
BOSTON, MA
PORTLAND, OR

42

William Cosnowski
Michele Piscitelli
Robert J. Rosenberg
Marissa Wesley
Marlane Melican
September 18, 2007
Page 2

The total invoice for the Fee Period is $1,191.35, which is composed of (i) $1,044.00 for fees and (ii) $147.35 for expenses.

Please feel free to contact me with any questions.

Very truly yours,

Charles W. Shifley

CWS/tkw
Enclosures

cc:    John Wm. Butler, Jr., Esq.
       Skadden, Arps, Slate, Meagher & Flom LLP
       333 West Wacker Drive
       Suite 2100
       Chicago, Illinois 60606
       (Counsel to Debtors)

       Janine M. Jjingo, Esq.
       Skadden, Arps, Slate, Meagher & Flom LLP
       Four Times Square
       New York, NY 10036
       (Counsel to Debtors)

# EXHIBIT I

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing SIXTH AND FINAL INTERIM APPLICATION OF BANNER & WITCOFF, LTD., INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION, SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES UNDER 11 U.S.C. SECTIONS 330 AND 331, to be served upon the following attorneys by Courier:

Office of the United States Trustee
For the Southern District of New York
33 Whitehall Street, Suite 2100
New York, NY 10004
Attn: Alicia M. Leonhard, Esq.

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: Joseph Papelian, Esq.

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: John D. Sheehan

Skadden, Arps, Slate, Meagher & Flom,
LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
Attn: John Wm. Butler, Jr., Esq.

Delphi Corporation
5725 Delphi Drive
Troy, MI 48098
Attn: David M. Sherbin, Esq.

GE Plastics, Americas
9930 Kincey Avenue
Huntersville, NC 28078
Attn: Valeria Venable

Skadden, Arps, Slate, Meagher & Flom,
LLP
Four Times Square
New York, NY 10036
Attn: Janine M. Jjingo, Esq.

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4802
Attn: Robert J. Rosenberg, Esq.

And by e-mail notice of the filing (including all exhibits) of and the hearing on this application to the parties listed on the 2002 List located at www.delphidocket.com as of the date hereof:

Date: October 31, 2007          By: _____

                                    Charles W. Shifley

1

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                 :

    In re                  :     Chapter 11

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)
                 :

            Debtors.   :     (Jointly Administered)
                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING SIXTH INTERIM APPLICATION OF BANNER & WITCOFF, LTD.,
INTELLECTUAL PROPERTY COUNSEL TO DELPHI CORPORATION, FOR
ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Upon consideration of the sixth interim application of Banner & Witcoff, Ltd. for

allowance of interim compensation and reimbursement of expenses (the "Third Interim Banner

Application") for professional services and expenses incurred during the period commencing

June 1, 2007 through August 15, 2007; and a hearing having been held before this court to

consider the Fifth Interim Banner Application on October 25, 2007; and notice having been

given pursuant to the Federal Rules of Bankruptcy Procedure 2002(a)(7) and (c)(2); and due

consideration having been given to any responses thereto; and sufficient cause having been

shown therefore, it is hereby:

ORDRED that the Sixth Interim Banner Application is granted to the extent set forth in

Schedule "A."

Dated: _____
     New York, New York


                       _____
                       United States  Bankruptcy Judge
                       Southern District of New York

Case No. 05-4481 (RDD)
Case name: Delphi Corporation

CURRENT FEE PERIOD:  June 1, 2007 through August 15, 2007

| Applicant | Date/Document No. of Application | Fees Requested | Fees Awarded | Expenses | Expenses Awarded |
|---|---|---|---|---|---|
| Banner & Witcoff, Ltd. | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |
| X | | | | | |

DATE: _____        INITIALS: _____

SCHEDULE A(1)
USBJ