SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,         :    Case No. 05-44481 (RDD)
                                    :
                                    :    (Jointly Administered)
    Reorganized Debtors.            :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018
FOR ORDER AUTHORIZING REORGANIZED DEBTORS TO SUBMIT (A)
REDACTED COPIES OF CERTAIN AGREEMENTS RESOLVING THE REMAINING
OBJECTIONS OF TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH
AMERICA, INC., TOYOTA MOTOR CORPORATION, AND TOYOTA MOTOR
SALES, U.S.A., INC. AND (B) UNREDACTED COPIES THEREOF UNDER SEAL

("DPH HOLDINGS – SECOND TOYOTA SEALING APPLICATION")

DPH Holdings Corp. ("DPH Holdings") and certain affiliated reorganized debtors (the "Reorganized Debtors") respectfully submit this Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing Reorganized Debtors To Submit (A) Redacted Copies Of Certain Agreements Resolving The Remaining Objections Of Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Corporation, And Toyota Motor Sales, U.S.A., Inc. And (B) Unredacted Copies Thereof Under Seal (the "Application"), and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates (together with Delphi, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). On January 25, 2008, the Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the Confirmation Order became final on February 4, 2008.

3.  On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental

2

disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. After holding a final plan modification hearing, the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

4.   On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified Plan, and the transactions under the Master Disposition Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC ("GM Components"), General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto, closed. In connection therewith, DIP Holdco LLP, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components and Steering Solutions Services Corporation ("Steering Solutions") acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively. The Reorganized Debtors have emerged from chapter 11 reorganization as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.

5.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

6.     The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

7.     By this Application, the Reorganized Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Reorganized Debtors to submit (a) redacted copies of certain agreements (the "Agreements") among (i) the Reorganized Debtors, (ii) GM Components or Steering Solutions, as applicable, and (iii) Toyota Motor Engineering & Manufacturing North America, Inc., on behalf of itself and certain of its affiliates and subsidiaries ("TEMA"), Toyota Motor Corporation ("TMC"), or Toyota Motor Sales, U.S.A., Inc. ("TMS," and together with TEMA and TMC, "Toyota"), as applicable, and (b) unredacted copies of the Agreements under seal.

## Basis For Relief

8.     In accordance with the Modification Procedures Order (Docket No. 17032), on July 10, 2009, the Debtors served Toyota with certain notices of assumption and assignment notifying Toyota that certain contracts would be assumed by the Debtors and assigned to Parnassus Holdings II, LLC, GM Components, or Steering Solutions, as applicable. Subsequently, on July 27, the Debtors served Toyota with a notice stating that certain contracts that were previously to be assigned to Parnassus Holdings II, LLC would instead be assigned to DIP Holdco 3, LLC or to its affiliate or designee.

9.     On July 15, 2009, Toyota filed an objection (Docket No. 18271) to the Modified Plan, but because this objection related to assumption and assignment of Toyota's contracts the hearing on this objection was adjourned to August 17, 2009 in accordance with paragraph 40 of the Modification Approval Order. Toyota also filed a series of objections to the

4

various assumption and assignment notices.[1] The hearing on all of these objections (Docket Nos. 18271, 18484, 18485, 18486, and 18742) was adjourned by agreement to August 28, 2009 and subsequently adjourned further without date. Pursuant to an order entered on December 29, 2009 (Docket No. 19247), Toyota's objection found at Docket No. 18742 was resolved in its entirety (see Docket No. 19293) and the remaining objections of Toyota were resolved except to the extent that such objections relate to executory contracts or unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to GM Components or Steering Solutions, as applicable.

          10.     To resolve Toyota's objections with respect to the TMS, TEMA, and TMC executory contracts and unexpired leases to be assumed by the Reorganized Debtors and assigned to GM Components or Steering Solutions, as applicable, the Reorganized Debtors seek approval of the Agreements that contain highly sensitive information which, if publicly disclosed, could detrimentally affect the Reorganized Debtors, GM Components, Steering Solutions, and Toyota, as applicable. The Agreements contain proprietary information which the Reorganized Debtors believe to be information of a type that is not typically disclosed to the public or made available in the automotive industry. The disclosure of such information would disadvantage the parties vis-à-vis their ability to negotiate competitive contracts with other parties in this extremely competitive industry. Accordingly, the Reorganized Debtors seek to submit (a) redacted Agreements and (b) unredacted Agreements under seal. If this Court were to approve this Application, the Reorganized Debtors would then file a notice of presentment with a proposed order approving the Agreements, and the redacted Agreements would be attached as exhibits to that order. The unredacted Agreements would be filed under seal.

---

[1] See objections dated July 20, 2009 (Docket Nos. 18484, 18485, and 18486) and a subsequent objection (Docket No. 18742) dated August 5, 2009.

11.     Additionally, disclosure of the redacted terms contained in the Agreements is not necessary for the protection of the public, creditors of the Debtors, or third parties, because (a) the Reorganized Debtors will be submitting a proposed order seeking this Court's approval of the Agreements and (b) the Reorganized Debtors are prepared to provide unredacted copies of the Agreements to (i) the United States Trustee for the Southern District of New York and (ii) such other parties as may be ordered by this Court after imposition of appropriate confidentiality restrictions or as may be agreed to in writing by the Reorganized Debtors, GM Components or Steering Solutions, as applicable, and the applicable Toyota entity.  Finally, the Reorganized Debtors request that except as otherwise agreed to by the Reorganized Debtors, GM Components or Steering Solutions, as applicable, and the applicable Toyota entity, any pleadings filed by a third party in these cases that reference or disclose any of the redacted information contained in the Agreements shall be filed under seal and served only on those parties authorized to receive the unredacted Agreements.

<u>Applicable Authority</u>

12.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 defines the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to

protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

14. Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." Id. at 28. The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

15. Here, there is good cause for the relief requested. The unredacted Agreements to be submitted under seal contain sensitive commercial information, the disclosure of which would be harmful to the parties. Such information qualifies as "confidential . . . commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Accordingly, this Court is authorized to permit the Reorganized Debtors to submit the unredacted Agreements with the Court pursuant to General Order M-242 and require the United States Bankruptcy Clerk for the Southern District of New York to file the unredacted Agreements under seal.

16. No prior application for the relief requested herein has been made to this or any other Court.[2]

### Notice Of Application

17. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary. Nevertheless, the Reorganized Debtors will serve a copy of this Application in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) and the Seventeenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered January 25, 2010 (Docket No. 19360). The Reorganized Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1) so that the Reorganized Debtors may promptly submit under seal the unredacted Agreements to the Court.

---

[2] On December 15, 2009, the Reorganized Debtors filed the Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing Reorganized Debtors To Submit (A) Redacted Copies Of Certain Agreements Resolving Certain Objections Of Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Corporation, And Toyota Motor Sales, U.S.A., Inc. And (B) Unredacted Copies Thereof Under Seal (Docket No. 19187). That application, which was approved by this Court, related to certain agreements among the Reorganized Debtors, Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC), and the applicable Toyota entity and resolved in part the objections asserted by Toyota. This Application, however, relates to certain agreements between (i) the Reorganized Debtors, (ii) GM Components or Steering Solutions, as applicable, and (iii) the applicable Toyota entity, is based on the same rationale as the prior application, and would resolve the remainder of Toyota's objections.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an order (a) authorizing the Reorganized Debtors to submit the (i) redacted Agreements and (ii) unredacted Agreements under seal and (b) granting them such other and further relief as is just.

Dated:   New York, New York
         February 5, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ Ron E. Meisler
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors