UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                                    :       Chapter 11
:
DPH HOLDINGS CORP., et al.,       :       Case No. 05-44481 (RDD)
:
:       (Jointly Administered)
:
      Reorganized Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018
AUTHORIZING REORGANIZED DEBTORS TO SUBMIT (A) REDACTED
COPIES OF CERTAIN AGREEMENTS RESOLVING THE REMAINING OBJECTIONS
OF TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.,
TOYOTA MOTOR CORPORATION, AND TOYOTA MOTOR SALES, U.S.A., INC.
AND (B) UNREDACTED COPIES THEREOF UNDER SEAL

("DPH HOLDINGS – SECOND TOYOTA SEALING ORDER")

Upon the ex parte application, dated February 5, 2010 (the "Application"), of DPH Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors") for an order under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 Authorizing Reorganized Debtors To Submit (A) Redacted Copies Of Certain Agreements Resolving The Remaining Objections Of Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Corporation, And Toyota Motor Sales, U.S.A., Inc. And (B) Unredacted Copies Thereof Under Seal; and it appearing that pursuant to Fed. R. Bankr. P. 9018 no notice of the relief requested in the Application need be provided other than as set forth in the Application; and this Court having determined that the relief requested in the Application is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    The Application is GRANTED.

    2.    Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018, the Reorganized Debtors are authorized to submit (a) redacted copies of certain agreements identified in the Application (the "Agreements") among (i) the Reorganized Debtors, (ii) GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable, and (iii) Toyota Motor Engineering & Manufacturing North America, Inc., on behalf of itself and certain of its affiliates and subsidiaries ("TEMA"), Toyota Motor Corporation ("TMC"), or Toyota Motor Sales, U.S.A., Inc. ("TMS," and together with TEMA and TMC, "Toyota"), as applicable, and (b) unredacted copies of the Agreements under seal.

    3.    The Reorganized Debtors are authorized but not directed to file a notice of presentment with a proposed order and attach the redacted Agreements as exhibits to such proposed order.

    4.    The unredacted Agreements (and any information derived therefrom) shall remain confidential, be filed under seal, and shall be served on and made available only to (a) the United States Trustee for the Southern District of New York and (b) such other parties as may be ordered by this Court after imposition of appropriate confidentiality restrictions or as may be agreed to in writing by the Reorganized Debtors, GM Components or Steering Solutions, as applicable, and the applicable Toyota entity.

    5.    Except as otherwise agreed to by the Reorganized Debtors, GM Components or Steering Solutions, as applicable, and the applicable Toyota entity, any pleadings filed by a third party in these cases that reference or disclose any of the redacted information contained in the Agreements shall be filed under seal and served only on those parties authorized

to receive the unredacted Agreements and as provided for in paragraph 4 of this order.

      6.    This Court retains jurisdiction to enforce this order and the confidentiality of the Agreements, and the sensitive information contained therein, including the authority to impose sanctions on any person or entity which violates this order.

Dated:    White Plains, New York
           February [●], 2010

                                        UNITED STATES BANKRUPTCY JUDGE