**HEARING DATE (For Uncontested Objections): February 25, 2010**

                                                        **HEARING TIME: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | |
|  | Chapter 11 |
| DELPHI CORPORATION, et al, | |
|  | Case No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |

**RESPONSE OF STMICROELECTRONICS, INC. TO
DEBTORS' FORTY THIRD OMNIBUS CLAIMS OBJECTION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        STMicroelectronics, Inc. f/k/a SGS Thompson Microelectronics ("STMicro"), as and for its response to the Debtors' Forty Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expenses (A) Severance Claims (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit and OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation, (II) Modify and Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty Third Omnibus Claims Objection" or the "Objection"), respectfully shows the Court as follows:

**Background**

1. STMicro sold and delivered goods to Delphi Automotive Systems, LLC (the "Debtor") between January 22, 2009 and April 23, 2009 for which it was not paid. Pursuant to the Debtor's procedures for the submission of administrative claims, STMicro timely filed a proof of administrative claim in the Debtor's bankruptcy case on or about July 15, 2009. Subsequently, STMicro's administrative claim was assigned claim no. 18969 (the "Claim").

2. The Claim asserts an unsecured administrative priority claim in the amount of $18,935.00. A summary of the invoices comprising the Claim is attached hereto as Exhibit "1."

**Amount of Claim**

3. In the Objection, Debtor asserts that the Claim should be "disallow[ed] and expunge[ed]" because it "asserts liabilities or dollar amounts not owing pursuant to the Reorganized Debtor's book and records . . . because [the Claim] has been satisfied in the ordinary course of business." (Objection at 9) To the extent the Objection seeks to disallow and expunge the Claim it should be overruled.

4. STMicro acknowledges that Invoice Number 703056467 in the amount of $3,660 was paid by the Debtor after July 15, 2009. Accordingly, the amount of the Claim is reduced to $15,275. Otherwise, the Claim remains due and owing in all respects.

5. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr: P. 3001(f). As the objecting party, the Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the

allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

6. The Debtor makes virtually no effort to meet their burden. Instead, they only assert that the Claim "asserts liabilities or dollar amounts not owing pursuant to the Reorganized Debtor's book and records." (Objection at 9). This unsworn statement is not accompanied by any supporting evidence. Accordingly, the Objection should be overruled as the Debtor has failed to meet its burden of putting forth evidence to refute at least one of the allegations essential to the claim.

7. The Debtor has not refuted the allegations set forth in the Proof of Claim, nor provided any legal or factual basis, whatsoever, to overcome the presumption of validity of such Proof of Claim.

8. Moreover, the Debtor asserts that "the burden is on the claimant asserting an Administrative Claim to prove by a preponderance of the evidence that the allowance of the Administrative Claim is justified." (Objection at 9, citing *Solow v. American Airlines (In re Midway Airlines),* 221 B.R. 411, 446 (Bankr. N.D. Ill. 1998).).

9. STMicro has satisfied the two-prong test for determining whether a claim is entitled to administrative status by more than a preponderance of the evidence. *See In re Midway Airlines,* 221 B.R. at 449 (For a claim to be entitled to administrative status, the transaction giving rise to the claim must have arisen as a result of a transaction between the creditor and the debtor's estate and the transaction must have conferred upon the debtor's estate a benefit in the operation of its post-petition business.).

10. First, the transaction giving rise to the Claim arose from the sale of goods to the Debtor between January 22, 2009 and April 23, 2009. Second, the transaction conferred the

benefit of the goods sold upon the Debtor's estate in the operation of the Debtor's post-petition business.

11. STMicro has proven that the Claim is entitled to administrative status by more than a preponderance of the evidence through the summary of the invoices comprising the Claim and attached hereto as <u>Exhibit</u> "1."

12. The Objection is unfounded on the merits, as the Debtor has failed to identify any particular disagreement with the evidence supporting the Proof of Claim. Finally, by virtue of the Debtor's failure to provide such evidence, STMicro is unable to respond specifically to any purported discrepancies in the parties' books and records.

## Conclusion

13. With respect to the Proof of Claim, STMicro requests that the Court allow the Claim in the amount of $15,275.

14. The Debtor has shown no basis, whatsoever, for disallowance of the Claim; nor is STMicro aware of any such basis. Unless and until the Debtor provides evidence of the basis for its objections (at which time STMicro would have the opportunity to respond to any such allegations), the Debtor cannot overcome the *prima facie* presumption of validity. Thus, the Claim should be allowed in the amount of $15,275.

15. STMicro reserves the right to amend or supplement this Response and to amend the Claim.

Dated: New York, New York
February 1, 2010

        Respectfully submitted,
        Thompson & Knight LLP


        By:   /s/ Ira L. Herman
            Ira L. Herman (ILH-2105)

        919 Third Avenue
        New York, NY 10022
        Tel (212) 751-3001
        Fax (212) 751-3113
        ira.herman@TKlaw.com


        Attorneys for STMicroelectronics, Inc.