**Hearing Date & Time: February 25, 2010 at 10:00 a.m.**
                                        **Objection Deadline: February 18, 2010 at 4:00 p.m.**

DAMON MOREY LLP
*Attorneys for Durham Staffing Inc.*
Beth Ann Bivona, Esq. (BB3144)
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
(716) 856-5500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | **CHAPTER 11** |
|     DPH HOLDINGS CORP., *et al.*, | **CASE NO. 05-44481 (RDD)** |
|                           Debtors. | **Jointly Administered** |

**RESPONSE OF DURHAM STAFFING INC. TO THE DEBTORS' FORTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §503(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D) EQUITY INTERESTS, (E) PREPETITION CLAIMS, (F) INSUFFICIENTLY DOCUMENTED CLAIMS, (G) PENSION, BENEFIT, AND OPEB CLAIMS, (H) WORKERS' COMPENSATION CLAIMS, AND (I) TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY AND ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW CERTAIN <u>ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS</u>**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

       Durham Staffing Inc. ("Durham"), by and through its attorneys, Damon Morey LLP, hereby submits this response (the "Response") in opposition to the Reorganized Debtors' Forty-Third Omnibus Claims Objection (the "Objection"). Durham respectfully submits as follows:

## Background

1. On October 8 and 14, 2005 (the "Filing"), Delphi Corporation and certain of its affiliates ("Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code.

2. Durham is a creditor of one or more of the Reorganized Debtors.

3. This Court entered an order establishing July 15, 2009 as the bar date for asserting a claim for an administrative expense under Section 503(b)(1) of the Bankruptcy Code.

4. On or about July 13, 2009, Durham filed an administrative expense proof of claim with the designated agent in the total amount of $390,045.23 ("Filed Proof of Claim").

5. The Reorganized Debtors have filed an objection to the Filed Proof of Claim of Durham, *see*, the Objection, alleging that the Reorganized Debtors' books and records do not reflect an outstanding liability to Durham.

## Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

7. This is a core proceeding under 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Relief Requested

8. As discussed below in further detail, the Filed Proof of Claim is a contingent claim. Since the filing of the administrative claim, a portion has been paid to Durham. However, a portion of the Durham claim remains unpaid (estimated to be $200,000). Durham files this Response in connection with the remaining unpaid administrative claim. Durham intends to work with the Reorganized Debtors to resolve the Objection and to agree on an allowed amount of Durham's claim.

**Argument**

9. The Reorganized Debtors contracted with Durham for contract workers at the Reorganized Debtors' facilities in Amherst, New York and Lockport, New York.

10. Pursuant to the terms of the purchase order, the Reorganized Debtors are liable for certain unemployment charges incurred in connection with the contract workers. The obligations asserted in the Filed Proof of Claim relate to a purchase order which was extended by the Reorganized Debtors in January, 2009 and expires in March, 2010.

11. The actual amount of these unemployment charges was not known at the time the Filed Proof of Claim was filed and, accordingly, the Filed Proof of Claim was an estimated claim. The Proof of Claim cannot be determined until the time period for former employees to file unemployment claims has expired.

12. Since the time of filing the Filed Proof of Claim, the Reorganized Debtors have paid some of the obligations asserted therein, while other obligations still remain outstanding. Durham is awaiting additional information in order to determine the balance of the obligations owed by the Reorganized Debtors with respect to the Filed Proof of Claim.

**Waiver of Memorandum of Law**

13. This Response does not raise any novel issues of law. Accordingly, Durham respectfully requests that this Honorable Court waive the requirements contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

14. Durham reserves the right to supplement this Response and/or offer evidence at any hearing, if necessary, should the Reorganized Debtors seek to supplement the Objection to respond to this Response.

15. Should the Reorganized Debtors wish to reply to this Response, the reply should be sent to the undersigned counsel.

WHEREFORE, it is respectfully requested that this Honorable Court deny the Reorganized Debtors' request to disallow and expunge the amount of the Filed Proof of Claim and that this Honorable Court find that Durham has a valid administrative expense claim against the Reorganized Debtors in an amount to be determined.

Dated: Buffalo, New York
       February 9, 2010

**DAMON MOREY LLP**

By: /s/ Beth Ann Bivona
Beth Ann Bivona, Esq. (BB3144)
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 856-5500

#1412429