HONIGMAN MILLER SCHWARTZ AND COHN LLP
E. Todd Sable (admitted pro hac)
Seth A. Drucker (admitted pro hac)
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506

Attorneys for MGA Research Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
                                                     :
        In re                                        :    Case No.: 05-44481 (RDD)
                                                     :
DPH HOLDINGS CORP., et al.,                          :    Chapter 11
                                                     :
                Reorganized Debtors.                 :    (Jointly Administered)
---------------------------------------------------- x

## RESPONSE OF MGA RESEARCH CORPORATION IN OPPOSITION TO REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 18599 INCLUDED IN REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS CLAIMS OBJECTION

MGA Research Corporation ("MGA") submits this response in Opposition to Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension Benefit, and OPEB Claims, (H) Workers Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims (the "Objection") [D.I. 19356], in which Reorganized Debtors object to MGA's proof of claim number 18599, and states as follows:

## Background

1. MGA supplied Delphi Automotive Systems, LLC, a debtor in these bankruptcy cases, with post-petition research and design services totaling $7,900 (the "Claim").

2. As actual and necessary costs and expenses of the administration of the Debtors' estates, the Claim is entitled to administrative expense priority status under 11 U.S.C. § 503(b)(1). Accordingly, on July 14, 2009, MGA filed a proof of claim pursuant to the Notice of Bar Date for Filing Proofs of Administrative Expense Claims dated June 16, 2009.

3. As provided in MGA's proof of claim, the Reorganized Debtors' incurred the obligations to MGA, as identified in the Claim, after the petition date and before June 1, 2009, and such obligations were due and payable as of July 15, 2009. A copy of the supporting invoice is attached to the proof of claim.

## The Reorganized Debtors' Objection to the MGA Claim

4. On January 22, 2010, the Reorganized Debtors filed the Objection and objected to the Claim under the section of the Objection entitled "Books and Records Claims." Objection at § D, ¶¶ 20-23. The Reorganized Debtors seek to expunge the Claim.[1] Objection at Schedule B, p. 35.

5. The Reorganized Debtors state in the Objection that MGA's proof of claim "assert[s], liabilities or dollar amounts that are not owing pursuant to the [Debtors']

---

[1] The Reorganized Debtors did not object to MGA's proof of claim on the grounds that it is not entitled to allowance and payment as an administrative expense of the estates. To the extent the Reorganized Debtors raise any such objection, either in connection with the Objection, or in a future objection, MGA reserves all of its rights at law, in equity, and under the Bankruptcy Code to assert any and all defenses to any objection by the Reorganized Debtors or any other party in interest to the allowance and payment of the Claim as an administrative expense claim.

books and records, in most cases because such administrative expense claims have been satisfied in the ordinary course of business." Objection at ¶ 20.

6.  The Reorganized Debtors have provided no evidence that the Claim has been paid, nor do MGA's books and records indicate the Claim has been paid.

### Response

7.  "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000) (citing Allegheny Int.'l v. Snyder, 954 F.2d 167, 173-174 (9th Cir. B.A.P. 1992)). "The consequence of the status of the proof of claim as constituting *prima facie* evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection [like the Objection] without more." Garner v. Shier, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000).

8.  A properly filed proof of claim is deemed allowed until objected to, and "such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case." In re Castaldo, No. 05-36349, 2006 Bankr. LEXIS 4522, at *9 (Bankr. S.D.N.Y 2006) (unpublished opinion). The Reorganized Debtors have not alleged a substantive basis or produced any evidence whatsoever to support their claim that MGA's Claim is invalid or already paid.

9.  "When no evidence is proffered to rebut the *prima facie* evidentiary showing attendant to a properly executed and filed proof of claim," a court may summarily overrule the objection without taking testimony. Garner, 246 B.R. at 624.

3

10. MGA's books and records do not reflect that the Reorganized Debtors have paid the amounts described in MGA's proof of claim. The Reorganized Debtors have failed to rebut the presumptive validity of the Claim and, accordingly, the Objection should be overruled with respect to MGA's proof of claim number 18599.

11. MGA relies on its proof of claim and the attachments and addendum thereto, in support of this response. Replies to this response should be served upon:

> Honigman Miller Schwartz and Cohn LLP
> Attn: E. Todd Sable and Seth A. Drucker
> Counsel for MGA Research Corporation
> 2290 First National Building
> 660 Woodward Avenue
> Detroit, MI 48226

WHEREFORE, MGA requests that this Court enter an Order overruling the Objection and allowing the Claim as an administrative expense in the total amount of $7,900.

> HONIGMAN MILLER SCHWARTZ AND COHN LLP
>
> By: /s/ Seth A. Drucker
> E. Todd Sable (admitted pro hac)
> Seth A. Drucker (admitted pro hac)
>   2290 First National Building
>   660 Woodward Ave., Suite 2290
>   Detroit, MI 48226
>   Telephone: (313) 465-7000
>   Facsimile: (313) 465-7627
>   Email: tsable@honigman.com
>          sdrucker@honigman.com
>
> Attorneys for MGA Research Corporation

Dated: February 11, 2010

DETROIT.4054269.3

4

HONIGMAN MILLER SCHWARTZ AND COHN LLP
E. Todd Sable (admitted pro hac)
Seth A. Drucker (admitted pro hac)
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506

Attorneys for MGA Research Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                                  :
      In re                                    :    Case No.: 05-44481 (RDD)
                                                  :
DPH HOLDINGS CORP., et al.,                       :    Chapter 11
                                                  :
      Reorganized Debtors.                      :    (Jointly Administered)
------------------------------------------------- x

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies and declares that he caused copies to be served as follows:

      1.    On February 11, 2010, I electronically filed the Response of MGA Research Corporation in Opposition to Reorganized Debtors' Objection to Proof of Claim Number 18599 Included in Reorganized Debtors' Forty-Third Omnibus Claims Objection with the Clerk of the Bankruptcy court using the CM/ECF system.

      2.    On February 11, 2010 I served a true and correct copy of the foregoing document via the United States Postal Service, First Class Mail on the following parties:

| John Wm. Butler, Jr.<br>John K. Lyons<br>Joseph N. Wharton<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 North Wacker Drive<br>Chicago, IL 60606 | DPH Holdings Corp.<br>Attn: President<br>5725 Delphi Drive<br>Troy, MI 48098 |
|---|---|

I certify and declare under penalty of perjury that the foregoing is true and correct.

Dated: February 11, 2010

By: /s/ Seth A. Drucker
E. Todd Sable (admitted pro hac)
Seth A. Drucker (admitted pro hac)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7000
Facsimile: (313) 465-7627
Email: sdrucker@honigman.com

DETROIT.4059785.1