HONIGMAN MILLER SCHWARTZ AND COHN LLP
E. Todd Sable (*admitted pro hac*)
Seth A. Drucker (*admitted pro hac*)
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506

Attorneys for Etkin Management LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                                  :
            In re                                 :   Case No.: 05-44481 (RDD)
                                                  :
DPH HOLDINGS CORP., et al.,                       :   Chapter 11
                                                  :
            Reorganized Debtors.                  :   (Jointly Administered)
------------------------------------------------- x

**RESPONSE OF ETKIN MANAGEMENT LLC, AS AGENT FOR 1401 TROY
ASSOCIATES LIMITED PARTNERSHIP, IN OPPOSITION TO
REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM
NUMBER 19089 INCLUDED IN REORGANIZED DEBTORS'
FORTY-THIRD OMNIBUS CLAIMS OBJECTION**

Etkin Management LLC ("Etkin"), as Agent for 1401 Troy Associates Limited Partnership, submits this response in Opposition to Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension Benefit, and OPEB Claims, (H) Workers Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims (the "Objection") [D.I. 19356], in which

Reorganized Debtors object to Etkin's proof of claim number 19089, and states as follows:

### Background

1. Etkin and Delphi Automotive Systems, LLC, a debtor in these bankruptcy cases, as successor in interest to Motors Liquidation Company (f/k/a General Motors Corporation), were parties to a Lease Agreement dated June 1, 1989 as amended by a First Amendment to Lease dated November 3, 1989, Second Amendment to Lease dated June 1, 1994, Letter Agreement dated June 23, 1995, Third Amendment of Lease dated April 21, 1997, Fourth Amendment of Lease dated March 15, 1999, Fifth Amendment of Lease dated March 31, 2003, and Sixth Amendment of Lease dated September 28, 2007 (as amended, the "Lease") under which the Reorganized Debtors leased certain premises from Etkin located at 1401 Crooks Road, Troy, Michigan (the "Premises").

2. In or about the first quarter of 2003, the Reorganized Debtors requested that the Lease be amended making the Reorganized Debtors responsible for the maintenance and operation of the leased Premises and extending the term of the Lease. Accordingly, the Fifth Amendment of Lease (the "Fifth Amendment") was executed on March 31, 2003, making the Reorganized Debtors responsible for the maintenance and operation of the building and extending the term of the Lease.

3. The Fifth Amendment permitted the Reorganized Debtors to hire their own management company to operate and maintain the Premises in place of Etkin, and set forth requirements for maintenance and operation of the Premises.

4. The Reorganized Debtors remained in occupancy and possession of the Premises postpetition through and including December 31, 2008.

5.  The Lease provides that the Reorganized Debtors are responsible for certain costs of restoring the Premises after termination of the Lease by the Reorganized Debtors (the "Restoration Costs"). Among other provisions, section 3 of the Sixth Amendment of Lease, which was executed post-petition on September 28, 2007 with Bankruptcy Court approval, provides "Tenant will be obligated to restore the Premises to the condition as of the date of this Amendment, subject to ordinary wear and tear and insured casualties."

6.  The Reorganized Debtors owe obligations to Etkin arising out of or related to the Lease, which were incurred postpetition, including for Restoration Costs. As actual and necessary costs and expenses of the administration of the estates, such obligations are entitled to administrative expense claim status under 11 U.S.C. § 503(b)(1). Accordingly, on July 15, 2009, Etkin filed a proof of claim pursuant to the Notice of Bar Date for Filing Proofs of Administrative Expense Claims dated June 16, 2009.

7.  Etkin's proof of administrative expense claim details its claims for Restoration Costs in the amount of $263,342.03, which were incurred by the Reorganized Debtors after the petition date and before June 1, 2009, and which were due and payable as of July 15, 2009. The proof of claim preserved Etkin's right to amend the proof of claim should it discover additional administrative expense claims.

8.  Since filing its proof of claim, Etkin has identified an additional $25,309.00 in Restoration Costs entitled to administrative expense priority status and has filed an amended proof of claim contemporaneously with this response.

9.  Pursuant to the proof of claim, as amended, Etkin asserts an administrative expense claim in the amount of $288,651.03 for amounts owing to Etkin for Restoration Costs (the "Claim"). A detailed list of the Restoration Costs is attached to the proof of claim.

### The Reorganized Debtors' Objection to the Etkin Claim

10. On January 22, 2010, the Reorganized Debtors filed the Objection and objected to the Claim under the section of the Objection entitled "Books and Records Claims." Objection at § D, ¶¶ 20-23. The Reorganized Debtors seek to expunge the Claim. Objection at Schedule B, p. 20.[1]

11. The Reorganized Debtors state in the Objection that Etkin's proof of claim "assert[s], liabilities or dollar amounts that are not owing pursuant to the [Debtors'] books and records, in most cases because such administrative expense claims have been satisfied in the ordinary course of business." Objection at ¶ 20. The fact that the Reorganized Debtors failed to account for these damages to the Premises in their "books and records" does not mean that such damages did not occur or that the Reorganized Debtors and their estates are not fully liable for such damages under the Lease.

12. The Reorganized Debtors have provided no evidence that the Claim has been paid, nor do Etkin's books and records indicate the Claim has been paid.

### Response

---

[1] The Reorganized Debtors did not object to Etkin's proof of claim on the grounds that it is not entitled to allowance and payment as an administrative expense of the estates. To the extent the Reorganized Debtors raise any such objection, either in connection with the Objection, or in a future objection, Etkin reserves all of its rights at law, in equity, and under the Bankruptcy Code to assert any and all defenses to any objection by the Reorganized Debtors or any other party in interest to the allowance and payment of the Claim as an administrative expense claim.

4

13.     "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000) (citing Allegheny Int.'l v. Snyder, 954 F.2d 167, 173-174 (9th Cir. B.A.P. 1992)). "The consequence of the status of the proof of claim as constituting *prima facie* evidence of validity and amount is that the evidence of the proof of claim is strong enough to prevail over a mere formal objection [like the Objection] without more." Garner v. Shier, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000).

14.     A properly filed proof of claim is deemed allowed until objected to, and "such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case." In re Castaldo, No. 05-36349, 2006 Bankr. LEXIS 4522, at *9 (Bankr. S.D.N.Y 2006) (unpublished opinion). The Reorganized Debtors have not alleged a substantive basis or produced any evidence whatsoever to support their claim that Etkin's Claim is not valid.

15.     "When no evidence is proffered to rebut the *prima facie* evidentiary showing attendant to a properly executed and filed proof of claim," a court may summarily overrule the objection without taking testimony. Garner, 246 B.R. at 624.

16.     Indeed, Etkin's books and records do not reflect that the Reorganized Debtors have paid the Restoration Costs outlined in Etkin's proof of claim. The Reorganized Debtors have failed to rebut the presumptive validity of the Claim and,

accordingly, the Objection should be overruled with respect to Etkin's proof of claim number 19089.

17.     Etkin relies on its proof of claim and the attachments and addendum thereto, in support of this response. Replies to this response should be served upon:

> Honigman Miller Schwartz and Cohn LLP
> Attn: E. Todd Sable and Seth A. Drucker
> Counsel for Etkin Management LLC, as Agent for
> 1401 Troy Associates Limited Partnership
> 2290 First National Building
> 660 Woodward Avenue
> Detroit, MI 48226

WHEREFORE, Etkin requests that this Court enter an Order overruling the Objection and allowing the Claim as an administrative expense in the total amount of $288,651.03.

> HONIGMAN MILLER SCHWARTZ AND
> COHN LLP
>
> By: /s/ Seth A. Drucker
>     E. Todd Sable (*admitted pro hac*)
>     Seth A. Drucker (*admitted pro hac*)
>     2290 First National Building
>     660 Woodward Ave., Suite 2290
>     Detroit, MI 48226
>     Telephone: (313) 465-7000
>     Facsimile: (313) 465-7627
>     Email: tsable@honigman.com
>            sdrucker@honigman.com
>
> Attorneys for Etkin Management LLC

Dated: February 11, 2010

DETROIT.4052846.2

6

HONIGMAN MILLER SCHWARTZ AND COHN LLP
E. Todd Sable (admitted pro hac)
Seth A. Drucker (admitted pro hac)
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506

Attorneys for Etkin Management LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
                                                :

In re                                   :      Case No.: 05-44481 (RDD)
                                                :
DPH HOLDINGS CORP., et al.,      :      Chapter 11
                                                :
          Reorganized Debtors.      :      (Jointly Administered)
---------------------------------------------------- x

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies and declares that he caused copies to be served as follows:

       1.      On February 11, 2010, I electronically filed the Response of Etkin Management LLC, as Agent for 1401 Troy Associates Limited Partnership, in Opposition to Reorganized Debtors' Objection to Proof of Claim Number 19089 Included in Reorganized Debtors' Forty-Third Omnibus Claims Objection with the Clerk of the Bankruptcy court using the CM/ECF system.

       2.      On February 11, 2010 I served a true and correct copy of the foregoing document via the United States Postal Service, First Class Mail on the following parties:

| John Wm. Butler, Jr.<br>John K. Lyons<br>Joseph N. Wharton<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 North Wacker Drive<br>Chicago, IL 60606 | DPH Holdings Corp.<br>Attn: President<br>5725 Delphi Drive<br>Troy, MI 48098 |
|---|---|

I certify and declare under penalty of perjury that the foregoing is true and correct.

Dated: February 11, 2010                By:   /s/ Seth A. Drucker
                                                      E. Todd Sable (admitted pro hac)
                                                      Seth A. Drucker (admitted pro hac)
                                      Honigman Miller Schwartz and Cohn LLP
                                      2290 First National Building
                                      660 Woodward Avenue
                                      Detroit, MI  48226
                                      Telephone:  (313) 465-7000
                                      Facsimile:  (313) 465-7627
                                      Email: sdrucker@honigman.com

DETROIT.4059816.1