**Hearing Date And Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: March 11, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
            In re                            :    Chapter 11
                                             :
DPH HOLDINGS CORP., et al.,                  :    Case No. 05-44481 (RDD)
                                             :
                                             :    (Jointly Administered)
            Reorganized Debtors.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION PURSUANT TO
11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN
ADMINISTRATIVE EXPENSE (A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS
CLAIMS, (C) DUPLICATE CLAIMS, (D) PENSION AND BENEFIT CLAIMS, AND (E)
TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY AND ALLOW
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS

("FORTY-FIFTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R.

Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B)

Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E)

Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative

Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims

(the "Forty-Fifth Omnibus Claims Objection" or the "Objection"), and respectfully represent as

follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the

"Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127

for an order approving (i) certain modifications to the Confirmed Plan and related disclosure

statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified

(Docket No.14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a

supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval

of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental

disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  This Court entered an

order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

4.       On October 6, 2009 (the "Effective Date")[1], the Debtors substantially

consummated the Modified Plan and closed the transactions under the Master Disposition

Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC,

General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP

Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi

Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers

party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries and

affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components

Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing

plants and the Debtors' non-core steering business, respectively.  The Reorganized Debtors have

emerged from reorganization as DPH Holdings and affiliates and remain responsible for the post-

Effective Date administration of these chapter 11 cases, including the disposition of certain

retained assets, the payment of certain retained liabilities as provided for under the Modified Plan,

and the eventual closing of the cases.

5.       This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§

157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

---

[1]  Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified
Plan.

6.      The statutory predicates for the relief requested herein are sections 503(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      Administrative Claims Bar Dates

7.      Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date entered June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") for the period from the commencement of these cases through June 1, 2009.[2]  On or before June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, and Financial Balloting Group LLC, the Debtors' noticing and voting agent, or their agents to transmit with the resolicitation materials in connection with the Modified Plan a Notice Of Bar Date For Filing Proofs Of Administrative Expense describing the procedures for asserting an Administrative Claim.

8.      In addition, Articles 1.5 and 10.5 of the Modified Plan established 30 days after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

---

[2]      On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

4

Effective Date, unless otherwise ordered by this Court.[3]  Because the Effective Date was October

6, 2009, the Post-Emergence Bar Date was November 5, 2009.  On or before October 6, 2009, in

accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all parties

identifying themselves as creditors of the Reorganized Debtors, as well as those holding equity

interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession And (B) Occurrence Of Effective Date.  The notice described, among

other things, the procedures for asserting an Administrative Claim arising between June 1, 2009

and the Effective Date.

> 9.       On or before June 22, 2009, the Debtors published the notice of the July

15 Bar Date in the Detroit News & Free Press, the New York Times (National Edition), the Wall

Street Journal (National, Europe, and Asian Editions), and USA Today (Worldwide Edition) and

electronically through posting on the then-current Delphi Legal Information Website.  After

notices of the July 15 Bar Date and Post-Emergence Bar Date were given, 3,216 proofs of

administrative expense (the "Proofs of Administrative Expense") were filed against the Debtors

and the Reorganized Debtors.

> 10.      On July 31, 2009, the Debtors filed a Motion Pursuant To 11 U.S.C. §§

105(a) And 503(b) For Order Authorizing Debtors To Apply Claims Objection Procedures To

Administrative Expense Claims (the "Administrative Claims Procedures Motion"), in which the

Debtors requested that certain claims objection procedures set forth in the Order Pursuant To 11

U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

---

[3]     Professional Claims are not subject to the Post-Emergence Bar Date and are instead subject to the provisions of Article 10.3 of the Modified Plan.

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") be applied to the adjudication of

Administrative Claims.  On October 22, 2009, this Court entered an order granting the

Administrative Claims Procedures Motion (Docket No. 18998) (the "Administrative Claims

Objection Procedures Order").

      11.      The Reorganized Debtors have filed four omnibus objections to

Administrative Claims.[4]  After hearing three of these four omnibus objections,[5] this Court

disallowed and expunged approximately 1,507 Administrative Claims.  In addition, the hearings

with respect to 24 Administrative Claims were adjourned pursuant to the Claims Objection

Procedures Order and the Administrative Claims Objection Procedures Order.

## Relief Requested

      12.      By this Objection, the Reorganized Debtors are objecting to 61 Proofs of

Administrative Expense[6] and seek entry of an order pursuant to section 503(b) of the Bankruptcy

Code and Bankruptcy Rule 3007(a) disallowing and expunging (a) the Administrative Claims set

forth on Exhibit A hereto that were filed by claimants asserting liabilities for severance benefits

arising from agreements with the Debtors for which the Reorganized Debtors are not liable

because those severance benefits have been paid, (b) the Administrative Claims set forth on

---

[4]    Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . .."  Modified Plan, art. 9.6.

[5]    The fourth of these omnibus objections is scheduled to be heard by this Court on February 25, 2010.

[6]    All Proofs of Administrative Expense are set forth by claimant in alphabetical order on Exhibit I hereto and cross-referenced by Proof of Administrative Expense umber and basis of objection.  Exhibit I hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits F and G hereto.

<u>Exhibit B</u> hereto because such Administrative Claims assert liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and records,[7] (c) the Administrative Claims set forth on <u>Exhibit C</u> hereto because they are duplicative of other Administrative Claims, (d) the Administrative Claims set forth on <u>Exhibit D</u> hereto for liabilities owing in connection with the Debtors' employee benefit programs, pension plans, and other post-employment benefits programs because the Reorganized Debtors are not liable for such Administrative Claims, and (e) the Administrative Claims set forth on <u>Exhibit E</u> hereto because they were asserted by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement.

13.    In addition, the Reorganized Debtors seek entry of an order pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing the Administrative Claims set forth on <u>Exhibit F</u> hereto that were filed by former employees asserting liabilities for severance payments arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount of each such Administrative Claim is asserted matches the Reorganized Debtors' books and records. The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by

---

[7]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.

and/or are the responsibility of a Company Buyer (as defined in the Master Disposition

Agreement).

14.     Finally, the Reorganized Debtors seek entry of an order pursuant to

section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007 allowing the Claims set forth

on Exhibit G hereto filed by former employees asserting liabilities for severance payments arising

from agreements with the Debtors.  The amounts asserted in such Administrative Claims match

the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative

Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such

Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide

that such Administrative Claims are to be paid by and/or are the responsibility of a Company

Buyer (as defined in the Master Disposition Agreement).

Objections To Claims

C.     Severance Claims

15.     During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Debtors

assert liabilities or dollar amounts for severance benefits arising from agreements with the Debtors

that are not owing pursuant to the Reorganized Debtors' books and records because those

severance benefits have been paid (the "Severance Claims").  Accordingly, the Reorganized

Debtors believe that the parties asserting Severance Claims are not creditors of the Debtors.

16.     Set forth on Exhibit A hereto are the Severance Claims that the

Reorganized Debtors have identified as Administrative Claims for which the Debtors are no

longer liable.  These Severance Claims should be disallowed and expunged.  If this Court does not

disallow and expunge any Severance Claim in full, the Reorganized Debtors expressly reserve all

of their rights to further object to such Severance Claim at a later date on any basis whatsoever.

8

17.    Accordingly, the Reorganized Debtors (a) object to the Severance Claims and (b) seek entry of an order disallowing and expunging the Severance Claims in their entirety.

D.    Books And Records Claims

18.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not creditors of the Debtors.

19.    The burden is on the claimant asserting an Administrative Claim to prove by a preponderance of evidence that the allowance of the Administrative Claim is justified.  See In re United States Lines, Inc., 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989); In re National Steel Corp. et al., 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004); Solow v. American Airlines (In re Midway Airlines), 221 B.R. 411, 446 (Bankr. N.D. Ill. 1998); In re Alumni Hotel Corp., 203 B.R. 624, 630 (Bankr. E.D. Mich. 1996).  Because the holders of Books And Records Claims have failed to do this, their Books And Records Claims should be disallowed and expunged.

20.    Set forth on Exhibit B hereto are the Books And Records Claims that the Reorganized Debtors have identified as Administrative Claims for which the Debtors are not liable. These Books And Records Claims should be disallowed and expunged.  If this Court does not disallow and expunge any Books And Records Claim in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Books And Records Claim at a later date on any basis whatsoever.

21.    Accordingly, the Reorganized Debtors (a) object to the Books And Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records Claims in their entirety.

E.      Duplicate Claims

22.      During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors in fact assert duplicative Administrative Claims (each, a "Duplicate Claim") for a single liability.  In some instances, these Duplicate Claims arose when a Claimant filed a Proof of Administrative Expense against multiple Debtor entities for the same liability.  In an effort to eliminate the Duplicate Claims, the Reorganized Debtors reviewed the Proofs of Administrative Expense and the supporting documentation provided in those Proofs of Administrative Expense to determine which duplicate claim should be the surviving claim.  It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Accordingly, the Reorganized Debtors wish to eliminate the Duplicate Claims.

23.      Set forth on Exhibit C hereto is a list of Administrative Claims that the Reorganized Debtors have identified as Duplicate Claims.  For each Duplicate Claim, Exhibit C classifies a Proof of Administrative Expense either as a "Claim To Be Expunged" or as a "Surviving Claim."  The Surviving Claims reflect the classifications of the liabilities as reflected on the Reorganized Debtors' books and records.  The Reorganized Debtors request that the Administrative Claims marked as "Claims To Be Expunged" on Exhibit C be disallowed and expunged.  With respect to the Administrative Claims on Exhibit C marked as Surviving Claims, the Reorganized Debtors do not seek any relief at this time.  The inclusion of the Surviving Claims on Exhibit C, however, does not reflect any view by the Reorganized Debtors as to the ultimate validity of any such Surviving Claims.  The Reorganized Debtors therefore expressly reserve all of their rights to further object to any or all of the Surviving Claims at a later date on any basis whatsoever.

10

24.        Accordingly, the Reorganized Debtors (a) object to the Duplicate Claims
and (b) seek entry of an order disallowing and expunging the Duplicate Claims in their entirety.

F.        Pension And Benefit Claims

25.        During their review of the Proofs of Administrative Expense, the
Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized
Debtors assert liabilities or dollar amounts in connection with pension plans, employee benefit
programs, and/or post-retirement benefit programs that are not owing by the Reorganized Debtors
(the "Pension And Benefit Claims").  These Pension And Benefit Claims assert either (a)
prospective claims for benefits that have not yet vested or (b) claims for benefits that have already
been paid.

26.        Pension Liabilities.  First, certain Proofs of Administrative Expense assert
liabilities or dollar amounts (the "Pension Liabilities") in connection with the following pension
plans:  the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for
Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC
Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan,
and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan (together, the "Pension
Plans").  Each of these Pension Plans is a single-employer, defined benefit plan covered by Title
IV of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§
1301 et seq.  Such Administrative Claims are not owing by the Reorganized Debtors.  These
Administrative Claims are not enforceable against the Reorganized Debtors because the Pension
Plans are separate legal entities distinct from the Reorganized Debtors.  See In re Springfield
Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension
plan and trust holding assets of plan are separate and distinct legal entities and thus "the assets of
the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The Pension Plans – not the

11

Reorganized Debtors – are obligated to pay benefits to Pension Plan participants, so any

Administrative Claims arising from the Pension Plans are claims against the Pension Plans rather

than the Reorganized Debtors.

27.    In addition, to the extent that any of the Pension Plans is terminated, under

ERISA, the Pension Benefit Guaranty Corporation has the sole and total right to recover against

employers for pension plan underfunding.  The participants have no right to make claims against

the Reorganized Debtors for benefits under terminated plans.  See 29 U.S.C. § 1362; see also

United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l

Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y.

1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

28.    Benefit Liabilities.  Second, certain Proofs of Administrative Expense

assert liabilities or dollar amounts in connection with employee benefits, including but not limited

to commissions, vacation, sick leave, and/or employee benefit contributions (collectively, the

"Benefit Liabilities"), that are not owing by the Reorganized Debtors because such liabilities have

already been satisfied by the Reorganized Debtors.

29.    OPEB Liabilities.  Third, certain Proofs of Administrative Expense assert

liabilities or dollar amounts (a) on account of certain employee benefit plans and programs that

provided post-retirement health and life insurance benefits ("Salaried OPEB") to salaried retirees

and their surviving spouses that are not owing by the Reorganized Debtors because Salaried

OPEB is terminable at will and does not give rise to a right to payment (the "Salaried OPEB

Liabilities") or (b) on account of certain employee benefit plans and programs that provided post-

retirement health and life insurance benefits ("Hourly OPEB") to hourly retirees and their

surviving spouses that are not owing by the Reorganized Debtors because on September 26, 2008,

12

the Debtors received the consent of certain of their labor unions to discontinue Hourly OPEB (the

"Hourly OPEB Liabilities," and together with Salaried OPEB Liabilities, the "OPEB Liabilities").

30.    This Court has previously determined that the Debtors' Salaried OPEB

was not vested and was provided on an at will basis. <u>See</u> Final Order Under 11 U.S.C. §§ 105,

363 (b)(1), 1108, And 1114 (d) (I) Confirming Reorganized Debtors' Authority to Terminate

Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life

Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees And Their Surviving

Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees'

Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB

Termination Order").[8]

31.    The cancellation of a benefit provided on an at will basis does not give rise

to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right

to payment." <u>See, e.g.</u>, <u>In re Ionosphere Clubs, Inc.</u>, 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y.

1991) (noting that terminating plans which are terminable at will gave rise to no claims

whatsoever); <u>In re Wellman, Inc.</u>, No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009)

(sustaining debtors' objection to disallow portion of claims for modified severance benefits that

exceeded amounts owed under amended severance plan, reasoning that because old severance plan

was terminable at will, claims under old severance plan were not enforceable).

32.    Set forth on <u>Exhibit D</u> hereto are the Administrative Claims asserting

Pension Liabilities, Benefit Liabilities, and/or OPEB Liabilities (the "Pension And Benefit

Claims"), which the Reorganized Debtors have identified as Administrative Claims for which the

---

[8]    "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or
terminate Salaried OPEB benefits."  Final OPEB Termination Order at ¶ 2.

Debtors are not liable.  These Pension And Benefit Claims should be disallowed and expunged.  If

this Court does not disallow and expunge a Pension And Benefit Claim in full, the Reorganized

Debtors expressly reserve all of their rights to further object to such Pension And Benefit Claim at

a later date on any basis whatsoever.

33.    Accordingly, the Reorganized Debtors (a) object to the Pension And

Benefit Claims and (b) seek entry of an order disallowing and expunging the Pension And Benefit

Claims in their entirety.

G.    Transferred Workers' Compensation Claims

34.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims were filed by individual

current or former employees for workers' compensation benefits that assert liabilities that have

been assumed by the GM Buyers pursuant to the Master Disposition Agreement (the "Transferred

Workers' Compensation Claims").  Accordingly, the Reorganized Debtors believe that the

individuals asserting Transferred Workers' Compensation Claims are not creditors of the Debtors.

35.    Pursuant to section 2.2.1 and schedule 1.1.A of the Master Disposition

Agreement, the GM Buyers assumed, among other things, certain "Assumed Administrative

Liabilities" with respect to the assets that the GM Buyers acquired under the Master Disposition

Agreement.  Such assumed liabilities include, among other things, short-term and long-term

workers' compensation claims asserted by employees who become Transferred U.S. Hourly

Employees or Transferred U.S. Salaried Employers (as such terms are defined in the Master

Disposition Agreement) of the GM Buyers.  The GM Buyers – not the Reorganized Debtors – are

responsible for the liabilities asserted in the Transferred Workers' Compensation Claims.

36.    Set forth on Exhibit E is a list of the Transferred Workers' Compensation

Claims for which the Debtors are not liable.  These Transferred Workers' Compensation Claims

14

should be disallowed and expunged.  If this Court does not disallow and expunge a Transferred

Workers' Compensation Claim in full, the Reorganized Debtors expressly reserve all of their rights

to further object to such Transferred Workers' Compensation Claim at a later date on any basis

whatsoever.

37.    Accordingly, the Reorganized Debtors (a) object to the Transferred

Workers' Compensation Claims and (b) seek entry of an order disallowing and expunging the

Transferred Workers' Compensation Claims in their entirety.

H.    Modified And Allowed Severance Claims

38.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Debtors

assert liabilities or dollar amounts for severance benefits arising from agreements with the Debtors

in which the amounts asserted in such Administrative Claims (the "Modified And Allowed

Severance Claims") are overstated.  The Reorganized Debtors propose to modify and allow each

Modified And Allowed Severance Claim so that the modified and allowed amount matches the

Reorganized Debtors' books and records.

39.    For each Modified And Allowed Severance Claim, Exhibit F reflects the

amount and Debtor asserted in the claimant's Proof of Administrative Expense in a column titled

"Claim As Docketed"[9] and the proposed modified and allowed amount for the Claim in a column

titled "Claim As Allowed."

40.    The Reorganized Debtors object to the amount of each Modified And

Allowed Severance Claim listed on Exhibit F and request that each such Claim be revised to

reflect the amount listed in the "Claim As Allowed" column of Exhibit F and be modified and

---

[9]    The Asserted Claim Amount on Exhibit F reflects only asserted liquidated claims.

allowed in such amount.  Thus, no Claimant listed on <u>Exhibit F</u> would be entitled to recover for

any Claim in an amount exceeding the dollar amount listed as the "Modified And Allowed

Total" for such Claim on <u>Exhibit F</u>.[10]

41.     Accordingly, the Reorganized Debtors (a) object to the amount for each

Modified And Allowed Severance Claim, (b) seek an order modifying the Modified And Allowed

Severance Claims to reflect the Modified Total as set forth on <u>Exhibit F</u>, and (c) propose that the

allowed amounts of each such Modified And Allowed Severance Claim be distributed pursuant to

(a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b)

the provisions of the Master Disposition Agreement that provide that such Modified And Allowed

Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined

in the Master Disposition Agreement).

I.     <u>Allowed Severance Claims</u>

42.     During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Debtors

assert liabilities or dollar amounts for severance benefits arising from agreements with the

Debtors that should be allowed in their asserted amounts (the "Allowed Severance Claims")

because the Reorganized Debtors' books and records match the asserted amount of each such

Administrative Claim.  Accordingly, the Reorganized Debtors seek to have each of the Allowed

Severance Claims allowed in the corresponding amount listed on <u>Exhibit G</u>[11] and propose that

the allowed amounts of each such Allowed Severance Claim be distributed pursuant to (a) the

---

[10]    For clarity, <u>Exhibit F</u> refers to the Debtor entities by case number and <u>Exhibit H</u> displays the formal name of the Debtor entities and their associated bankruptcy case numbers referenced in <u>Exhibit F</u>.

[11]    For clarity, <u>Exhibit G</u> refers to the Debtor entities by case number and <u>Exhibit H</u> displays the formal name of the Debtor entities and their associated bankruptcy case numbers referenced in <u>Exhibit G</u>.

terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of

the Master Disposition Agreement that provide that such Allowed Severance Claims are to be

paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition

Agreement).

43.    The Reorganized Debtors are authorized to seek allowance of each of the

Allowed Severance Claims pursuant to articles 2.1, 9.6(a), 10.2, 10.5, and 11 of the Modified

Plan.  Accordingly, the Reorganized Debtors seek entry of an order allowing each of the

Asserted Amount Claims at the corresponding amount listed on Exhibit G.

### Separate Contested Matters

44.    Pursuant to the Claims Objection Procedures Order and the Administrative

Claims Procedures Order, (a) if a response is filed to this Forty-Fifth Omnibus Claims Objection,

the objection to each Administrative Claim covered by such response will be deemed to constitute

a separate contested matter as contemplated by Bankruptcy Rule 9014 and (b) any order entered

by this Court with respect to an Administrative Claim addressed by this Objection will be deemed

a separate order with respect to each such Administrative Claim.

### Reservation Of Rights

45.    The Reorganized Debtors expressly reserve the right to amend, modify, or

supplement this Forty-Fifth Omnibus Claims Objection and to file additional objections to any

other Claims (filed or not) which may be asserted against the Reorganized Debtors, including

without limitation the right to object to any Claim not subject to this Objection on the basis that it

was asserted against the wrong Debtor entity.  Should one or more of the grounds stated in this

Objection be dismissed, the Reorganized Debtors reserve their rights to object on other stated

grounds or on any other grounds that the Reorganized Debtors may discover.  In addition, the

Reorganized Debtors reserve the right to seek further reduction of any Administrative Claim to the extent that such Administrative Claim has already been paid.

Responses To Objections

46.    Responses to this Forty-Fifth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.  The following summarizes the provisions of the Claims Objection Procedures Order, but is qualified in all respects by the express terms thereof.

J.    Filing And Service Of Responses

47.    To contest an objection, responses (each, a "Response"), if any, to this Forty-Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Seventeenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Revising Certain Notice Procedures, entered January 25, 2010 (Docket No. 19360) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with this Court in accordance with General Order M-242 (as amended) – registered users of the this Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The

18

Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom

116, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606

(Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be

**received no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010**.

K.      Contents Of Responses

48.      Every Response to this Forty-Fifth Omnibus Claims Objection must

contain at a minimum the following:

(a)      the title of the claims objection to which the Response is directed;

(b)      the name of the claimant and a brief description of the basis for the amount of the Administrative Claim;

(c)      a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified and allowed, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the claims objection;

(d)      unless already set forth in the Proof of Administrative Expense previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Administrative Claim, subject to appropriate confidentiality constraints;

(e)      to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that the claimant believes would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate; and

19

(f)    the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

L.    <u>Timely Response Required</u>

49.    If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Administrative Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time). The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Forty-Fifth Omnibus Claims Objection.

50.    <u>Pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court.  If a claimant whose Proof of Administrative Expense is subject to the Forty-Fifth Omnibus Claims Objection and who is served with this Forty-Fifth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Administrative Claim consistent with the relief sought in this Forty-Fifth Omnibus Claims Objection without further notice to the claimant, other than notice of the entry of such order; provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.</u>

<u>Further Information</u>

51.    Questions about this Forty-Fifth Omnibus Claims Objection or requests

for additional information about the proposed disposition of Administrative Claims hereunder

should be directed to the Reorganized Debtors' counsel by e-mail to <u>dphholdings@skadden.com</u>,

by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155

North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and

Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Administrative

Claim should be directed to KCC at 1-888-249-2691 or <u>www.dphholdingsdocket.com</u>.  <u>Claimants</u>

<u>should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Administrative</u>

<u>Claims.</u>

<u>Notice</u>

52.    Notice of this Objection has been provided in accordance with the Case

Management Orders.  In light of the nature of the relief requested, the Reorganized Debtors submit

that no other or further notice is necessary.

53.    The Reorganized Debtors will provide each claimant whose Proof of

Administrative Expense is subject to an objection pursuant to this Forty-Fifth Omnibus Claims

Objection with a personalized Notice Of Objection To Claim which specifically identifies the

claimant's Proof of Administrative Expense that is subject to an objection and the basis for such

objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of

Objection To Claim to be sent to the Claimants listed on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, and <u>E</u> is attached

hereto as <u>Exhibit J</u>.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed

on <u>Exhibit F</u> is attached hereto as <u>Exhibit K</u>.  A form of the Notice Of Objection To Claim to be

sent to the Claimants listed on <u>Exhibit G</u> is attached hereto as <u>Exhibit L</u>.  Claimants will receive a

copy of this Forty-Fifth Omnibus Claims Objection without <u>Exhibits A</u> through <u>L</u> hereto.

21

Claimants will nonetheless be able to review Exhibits A through L hereto free of charge by

accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com).

In light of the nature of the relief requested, the Reorganized Debtors submit that no other or

further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          February 12, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:  /s/ John Wm. Butler, Jr.                      
                                   John Wm. Butler, Jr.
                                   John K. Lyons
                                   Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                   - and -

                              By:  /s/ Kayalyn A. Marafioti                      
                                   Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
     In re                           :        Chapter 11
                                      :
DPH HOLDINGS CORP., et al.,           :        Case No. 05-44481 (RDD)
                                      :
     Reorganized Debtors.            :        (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
EXPUNGING CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE
CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS,
(D) PENSION, BENEFIT, AND OPEB CLAIMS, AND (E) TRANSFERRED
WORKERS' COMPENSATION CLAIMS, (II) MODIFYING AND ALLOWING
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III)
ALLOWING CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS

("FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b)

And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance

Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims,

And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain

Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense

Severance Claims (the "Forty-Fifth Omnibus Claims Objection" or the "Objection"),[1] of DPH

Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases

(collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Forty-

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Fifth Omnibus Claims Objection.

Fifth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient

cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim for an administrative expense under section

503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C,

D, E, F, and G hereto was properly and timely served with a copy of the Forty-Fifth Omnibus

Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the

Forty-Fifth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-

Fifth Omnibus Claims Objection.  No other or further notice of the Forty-Fifth Omnibus Claims

Objection is necessary.

B.    This Court has jurisdiction over the Forty-Fifth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Fifth Omnibus Claims Objection is

a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Fifth

Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Administrative Claims listed on Exhibit A are Administrative Claims

filed by claimants asserting liabilities for severance benefits arising from agreements with the

Debtors for which the Reorganized Debtors are not liable because those severance benefits have

been paid (the "Severance Claims").

D.    The Administrative Claims listed on Exhibit B assert liabilities and dollar

amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books

And Records Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

E.    The Administrative Claims listed on <u>Exhibit C</u> are duplicative of other Administrative Claims (the "Duplicative Claims").

F.    The Administrative Claims listed on <u>Exhibit D</u> assert Claims for liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Debtors are not liable (the "Pension And Benefit Claims").

G.    The Administrative Claim listed on <u>Exhibit E</u> were filed by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims").

H.    The Administrative Claims listed on <u>Exhibit F</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors in which the amounts asserted in such Administrative Claims are overstated (the "Modified And Allowed Severance Claims").  Each such Modified And Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

I.    The Administrative Claims listed on <u>Exhibit G</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors that assert liabilities or dollar amounts that match the Reorganized Debtors' books and records (the "Allowed Severance Claims").  Each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed

Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that

such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company

Buyer (as defined in the Master Disposition Agreement).

    J.   <u>Exhibit H</u> hereto sets forth the formal name of the Debtor entity and its

associated bankruptcy case number referenced on <u>Exhibits F</u> and <u>G</u> hereto.  <u>Exhibit I</u> hereto sets

forth each of the Administrative Claims referenced on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, and <u>G</u> in

alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof

of administrative expense number and (ii) basis of objection.

    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

    1.   Each Severance Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and

expunged in its entirety.

    2.   Each Books And Records Claim listed on <u>Exhibit B</u> hereto is hereby

disallowed and expunged in its entirety.

    3.   Each Duplicate Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and

expunged in its entirety.

    4.   Each Pension and Benefit Claim listed on <u>Exhibit D</u> hereto is hereby

disallowed and expunged in its entirety.

    5.   Each Transferred Workers' Compensation Claim listed on <u>Exhibit E</u> hereto

is hereby disallowed and expunged in its entirety.

    6.   Each Modified And Allowed Severance Claim listed on <u>Exhibit F</u> hereto

is hereby modified to reflect the amount, classification, and Debtor listed in the "Claim As

Modified" column of <u>Exhibit F</u>.  The allowed amounts of each such Modified And Allowed

Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

7.      Each Allowed Severance Claim listed on <u>Exhibit G</u> hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column on <u>Exhibit G</u>.  The allowed amounts of each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

8.      Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-Fifth Omnibus Claims Objection, except as such claims may have been settled and allowed.

9.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

10.      Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Fifth Omnibus Claims Objection and attached hereto as <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, and <u>G</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the

subject of the Forty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to

the contested matter which involves such Administrative Claim and shall not act to stay the

applicability or finality of this order with respect to the other contested matters covered hereby.

       11.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.

Dated: New York, New York
       March ___, 2010

                                    _____
                                      UNITED STATES BANKRUPTCY JUDGE

**In re DPH Holdings Corp., et al.**                    **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BLANCHE MARIE WILSON NOACK | 17197 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $105,380.00<br><br>$105,380.00 | 07/02/2009 | DELPHI CORPORATION (05-44481) |
| JAMES T PYTLIK | 17020 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| RANDY D AUSTIN | 17330 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/06/2009 | DELPHI CORPORATION (05-44481) |
| ROHIAL ANDREW PERVEZ | 20083 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $17,785.00<br><br>$17,785.00 | 12/07/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **4** | | **$123,165.00** | | |

*        The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

**        "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                        Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ASEC MANUFACTURING RETIREMENT PROGRAM FIDUCIARY COUNSELORS INC 700 12TH ST NW STE 700 WASHINGTON, DC 20005-3949 | 18933 | Secured: Priority: Administrative: Unsecured: Total: | $1,980,879.00 $1,980,879.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| DAVID W FERCANA | 17208 | Secured: Priority: Administrative: Unsecured: Total: | $776.95 $776.95 | 07/02/2009 | DELPHI CORPORATION (05-44481) |
| DELPHI CORPORATION RETIREMENT PLAN FOR SALARIED EMPLOYEES MARY F CALOWAY THE BRANDYWINE BLDG 1000 WEST ST STE 1410 WILMINGTON, DE 19801 | 18930 | Secured: Priority: Administrative: Unsecured: Total: | $212,949,000.00 $212,949,000.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| DELPHI MECHATRONIC SYSTEMS RETIREMENT PROGRAM FIDUCIARY COUNSELORS INC 700 12TH ST NW STE 700 WASHINGTON, DC 20005-3949 | 18929 | Secured: Priority: Administrative: Unsecured: Total: | $1,338,300.00 $1,338,300.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| GOLDMAN SACHS & CO ATTN MICHAEL KEATS 1 NEW YORK PLAZA NEW YORK, NY 10004 | 19061 | Secured: Priority: Administrative: Unsecured: Total: | $888,409.88 $888,409.88 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| HARBINGER DEL AUTO INVESTMENT COMPANY LTD C O BENJAMIN MINTZ KAYE SCHOLER LLP 425 PARK AVE NEW YORK, NY 10022 | 18963 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| JP MORGAN CHASE BANK NA ATTN SUSAN E ATKINS MANAGING DIRECTOR 277 PARK AVENUE 8TH FL NEW YORK, NY 10172 | 18654 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| JPMORGAN CHASE BANK NA C O SUSAN E ATKINS MANAGING DIRECTOR 277 PARK AVE 8TH FL NEW YORK, NY 10172 | 18616 | Secured: Priority: Administrative: Unsecured: Total: | $60,062,043.77 $60,062,043.77 | 07/14/2009 | DELPHI CORPORATION (05-44481) |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*   "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED C O MARC FALCONE PAUL WEISS RIFKIND WHARTON & GARRISON LLP 1285 AVE OF THE AMERICAS NEW YORK, NY 10019-6064 | 18883 | Secured: Priority: Administrative: Unsecured: Total: | $7,157,818.25 $7,157,818.25 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED C O MARC FALCONE PAUL WEISS RIFKIND WHARTON & GARRISON LLP 1285 AVENUE OF THE AMERICAS NEW YORK, NY 10019-6064 | 19110 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| OHIO DEPT OF JOB & FAMILY SERVICES OP REPAYMENT LOCKBOX PO BOX 182059 COLUMBUS, OH 43218 | 17048 | Secured: Priority: Administrative: Unsecured: Total: | $7,488.00 $7,488.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| PACKARD HUGHES INTERCONNECT BARGAINING RETIREMENT PLAN MARY F CALOWAY THE BRANDYWINE BUILDING 1000 W ST STE 1410 WILMINGTON, DE 19801 | 18925 | Secured: Priority: Administrative: Unsecured: Total: | $3,512,635.00 $3,512,635.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| PACKARD HUGHES INTERCONNECT NONBARGAINING RETIREMENT PLAN BUCHANAN INGERSOLL & ROONEY PC MARY F CALOWAY THE BRANDYWINE BUILDING 1000 W ST STE 1410 WILIMINGTON, DE 19801 | 18926 | Secured: Priority: Administrative: Unsecured: Total: | $7,784,055.00 $7,784,055.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| SDADS SHANGHAI INTEVA AUTOMOTIVE DOOR SYSTEMS COMPANY LTD DEREK L WRIGHT ESQ FOLEY & LARDNER LLP 321 N CLARK ST STE 2800 CHICAGO, IL 60654 | 19994 | Secured: Priority: Administrative: Unsecured: Total: | $238,274.80 $238,274.80 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| SHARYL YVETTE CARTER 1541 LA SALLE AVE NO 1 NIAGRA FALLS, NY 14301 | 17773 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/07/2009 | DELPHI CORPORATION (05-44481) |

*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

**   "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                                            **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| SHARYL YVETTE CARTER<br>1541 LA SALLE AVE NO 1<br>NIAGRA FALLS, NY 14301 | 17094 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$50,000,000.00<br><br>$50,000,000.00 | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| WALTER A KUNKA | 19808 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$2,706.91<br><br>$2,706.91 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| WASHINGTON STATE SUPPORT REGISTRY<br>PO BOX 11520<br>TACOMA, WA 98411-5520 | 19612 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $40,639.09<br><br><br><br>$40,639.09 | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **18** | | **$345,963,026.65** | | |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.                                    Page 3 of 3

In re Delphi Corporation, et al.                                                                                    **Forty-Fifth Omnibus Claims Objection**
Case No. 05-44481 (RDD)

**EXHIBIT C - DUPLICATE CLAIMS**

| CLAIM TO BE EXPUNGED * | SURVIVING CLAIM * |
|---|---|
| Claim: 20084     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 12/07/2009<br>Creditor's Name:<br>BRADFORD S WAGNER<br><br>Secured:<br>Priority:<br>Administrative: $95,180.00<br>Unsecured:<br>Total: $95,180.00 | Claim: 18437     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 07/13/2009<br>Creditor's Name:<br>BRADFORD S WAGNER<br><br>Secured:<br>Priority:<br>Administrative: UNL**<br>Unsecured:<br>Total: UNL** |
| Claim: 20019     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 11/03/2009<br>Creditor's Name:<br>DENISE C OLBRECHT<br><br>Secured:<br>Priority:<br>Administrative: $69,541.90<br>Unsecured:<br>Total: $69,541.90 | Claim: 18414     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 07/13/2009<br>Creditor's Name:<br>DENISE C OLBRECHT<br><br>Secured:<br>Priority:<br>Administrative: $125,175.42<br>Unsecured:<br>Total: $125,175.42 |
| Claim: 19899     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 11/03/2009<br>Creditor's Name:<br>GAYLE INSCHO<br><br>Secured:<br>Priority:<br>Administrative: $95,000.00<br>Unsecured:<br>Total: $95,000.00 | Claim: 17060     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 06/30/2009<br>Creditor's Name:<br>GAYLE INSCHO<br><br>Secured:<br>Priority:<br>Administrative: $93,000.00<br>Unsecured:<br>Total: $93,000.00 |
| Claim: 19818     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 11/02/2009<br>Creditor's Name:<br>JAMES R THOMPSON<br><br>Secured:<br>Priority:<br>Administrative: $73,145.00<br>Unsecured:<br>Total: $73,145.00 | Claim: 17918     Debtor: DELPHI CORPORATION (05-44481)<br>Date Filed: 07/06/2009<br>Creditor's Name:<br>JIM THOMPSON<br><br>Secured:<br>Priority:<br>Administrative: $99,860.00<br>Unsecured:<br>Total: $99,860.00 |

\*      The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*      "UNL" denotes an unliquidated claim.

In re Delphi Corporation, et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

EXHIBIT C - DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED * | SURVIVING CLAIM * |
|---|---|

| Claim: | 19882 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 11/03/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| JIMMY MUELLER | | Administrative: | $101,720.00 |
| | | Unsecured: | |
| | | Total: | $101,720.00 |

| Claim: | 17628 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 07/03/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| JIMMY MUELLLER | | Administrative: | $101,720.00 |
| | | Unsecured: | |
| | | Total: | $101,720.00 |

| Claim: | 20010 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 11/04/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| MARCIA JONES | | Administrative: | $84,740.00 |
| | | Unsecured: | |
| | | Total: | $84,740.00 |

| Claim: | 18584 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 07/14/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| MARCIA JONES | | Administrative: | $96,560.00 |
| | | Unsecured: | |
| | | Total: | $96,560.00 |

| Claim: | 20044 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 10/30/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| NATHANIEL WINSTON | | Administrative: | $86,480.00 |
| | | Unsecured: | |
| | | Total: | $86,480.00 |

| Claim: | 18613 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 07/14/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| NATHANIEL WINTON | | Administrative: | $92,240.00 |
| | | Unsecured: | |
| | | Total: | $92,240.00 |

| Claim: | 20011 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 11/04/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| WILLIAM H BRINKMAN | | Administrative: | $85,445.00 |
| | | Unsecured: | |
| | | Total: | $85,445.00 |

| Claim: | 17213 | Debtor: | DELPHI CORPORATION (05-44481) |
|---|---|---|---|
| Date Filed: | 07/02/2009 | | |
| Creditor's Name: | | Secured: | |
| | | Priority: | |
| WILLIAM H BRINKMAN | | Administrative: | $89,160.00 |
| | | Unsecured: | |
| | | Total: | $89,160.00 |

\*      The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*     "UNL" denotes an unliquidated claim.

In re Delphi Corporation, <u>et al.</u>
Case No. 05-44481 (RDD)

**Forty-Fifth Omnibus Claims Objection**

### EXHIBIT C - DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED * | | SURVIVING CLAIM * | |
|---|---|---|---|
| Claim: 19881 | Debtor: DELPHI CORPORATION (05-44481) | Claim: 17033 | Debtor: DELPHI CORPORATION (05-44481) |
| Date Filed: 11/03/2009 | | Date Filed: 06/29/2009 | |
| Creditor's Name: | Secured: | Creditor's Name: | Secured: |
| | Priority: | | Priority: |
| WILLIAM H JOHNSON | Administrative: $104,480.00 | WILLIAM H JOHNSON | Administrative: $102,480.00 |
| | Unsecured: | | Unsecured: |
| | Total: $104,480.00 | | Total: $102,480.00 |

**Total Claims To Be Expunged:** 9
**Total Asserted Amount To Be Expunged:** $795,731.90

\*    The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**    Forty-Fifth Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT D - PENSION AND BENEFIT CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DONALD L KIDD | 18370 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| HORACE CURRY | 17043 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$476,000.00<br><br>$476,000.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| JAMES A LUECKE | 18049 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$159,000.00<br><br>$159,000.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| MARY REHBEIN | 19105 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$64,572.00<br><br>$64,572.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| SHIRLEY J MURRY | 19183 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS L KNOLL | 18493 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$1,912,000.00<br><br>$1,912,000.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| Total: | 6 | $2,611,572.00 | | | |

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.
\*\*    "UNL" denotes an unliquidated claim.    Page 1 of 1

**In re DPH Holdings Corp., et al.**                    **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DAVID L VINTON | 17100 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| DORIS FRAZIER | 18463 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS ROY RILEY | 16870 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 06/26/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **3** | **UNL** | | | |

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)                                                    Forty-Fifth Omnibus Claims Objection

**EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS**

| CLAIM TO BE MODIFIED* | CLAIM AS DOCKETED | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 17217<br>Date Filed: 07/02/2009<br>Docketed Total: $96,300.00<br>Filing Creditor Name:<br>DON MONTGOMERY | Claim Holder Name<br><br>DON MONTGOMERY | | Docketed Total: | **$96,300.00** | | | Modified And Allowed Total: | **$80,185.00** |
| | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$96,300.00 | Unsecured | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$80,185.00 | Unsecured |
| | | | **$96,300.00** | | | | **$80,185.00** | |
| Claim: 17918<br>Date Filed: 07/06/2009<br>Docketed Total: $99,860.00<br>Filing Creditor Name:<br>JIM THOMPSON | Claim Holder Name<br><br>JIM THOMPSON | | Docketed Total: | **$99,860.00** | | | Modified And Allowed Total: | **$73,395.00** |
| | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$99,860.00 | Unsecured | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$73,395.00 | Unsecured |
| | | | **$99,860.00** | | | | **$73,395.00** | |
| Claim: 18584<br>Date Filed: 07/14/2009<br>Docketed Total: $96,560.00<br>Filing Creditor Name:<br>MARCIA JONES | Claim Holder Name<br><br>MARCIA JONES | | Docketed Total: | **$96,560.00** | | | Modified And Allowed Total: | **$84,740.00** |
| | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$96,560.00 | Unsecured | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$84,740.00 | Unsecured |
| | | | **$96,560.00** | | | | **$84,740.00** | |
| Claim: 17063<br>Date Filed: 06/30/2009<br>Docketed Total: $105,140.00<br>Filing Creditor Name:<br>MICHAEL K UPTIGROVE | Claim Holder Name<br><br>MICHAEL K UPTIGROVE | | Docketed Total: | **$105,140.00** | | | Modified And Allowed Total: | **$92,217.50** |
| | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$105,140.00 | Unsecured | **Case Number\*\***<br>05-44481 | Secured | Priority<br>$92,217.50 | Unsecured |
| | | | **$105,140.00** | | | | **$92,217.50** | |
| | | | | | **Total Claims To Be Modifed and Allowed:** 4<br><br>**Total Amount As Docketed:** $397,860.00<br><br>**Total Amount As Allowed:** $330,537.50 | | | |

\*       The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*      See Exhibit H for a listing of debtor entities by case number.                    Page 1 of 1

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

EXHIBIT G - ALLOWED SEVERANCE CLAIMS

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 18437<br>Date Filed: 07/13/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>  BRADFORD S WAGNER | Claim Holder Name<br><br>  BRADFORD S WAGNER | | Docketed Total: | **UNL** | | | Allowed Total: | **$95,180.00** |
| | **Case Number***<br>05-44481 | Secured | Priority<br>UNL | Unsecured | **Case Number***<br>05-44481 | Secured | Priority<br>$95,180.00 | Unsecured |
| | | | **UNL** | | | | **$95,180.00** | |
| Claim: 17670<br>Date Filed: 07/03/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>  DIANE L HOPWOOD | Claim Holder Name<br><br>  DIANE L HOPWOOD | | Docketed Total: | **UNL** | | | Allowed Total: | **$71,940.00** |
| | **Case Number***<br>05-44481 | Secured | Priority<br>UNL | Unsecured | **Case Number***<br>05-44481 | Secured | Priority<br>$71,940.00 | Unsecured |
| | | | **UNL** | | | | **$71,940.00** | |
| Claim: 17073<br>Date Filed: 06/30/2009<br>Docketed Total: $87,200.00<br>Filing Creditor Name:<br>  LAURA E MILLER | Claim Holder Name<br><br>  LAURA E MILLER | | Docketed Total: | **$87,200.00** | | | Allowed Total: | **$87,200.00** |
| | **Case Number***<br>05-44481 | Secured | Priority<br>$87,200.00 | Unsecured | **Case Number***<br>05-44481 | Secured | Priority<br>$87,200.00 | Unsecured |
| | | | **$87,200.00** | | | | **$87,200.00** | |
| Claim: 19926<br>Date Filed: 11/04/2009<br>Docketed Total: $18,800.00<br>Filing Creditor Name:<br>  MARA L HENDRESS | Claim Holder Name<br><br>  MARA L HENDRESS | | Docketed Total: | **$18,800.00** | | | Allowed Total: | **$18,800.00** |
| | **Case Number***<br>05-44481 | Secured | Priority<br>$18,800.00 | Unsecured | **Case Number***<br>05-44481 | Secured | Priority<br>$18,800.00 | Unsecured |
| | | | **$18,800.00** | | | | **$18,800.00** | |

*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

**   "UNL" denotes an unliquidated claim.                                            Page 1 of 3

***  See Exhibit H for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)                                                                              Forty-Fifth Omnibus Claims Objection

EXHIBIT G - ALLOWED SEVERANCE CLAIMS

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 17768<br>Date Filed: 07/06/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>RALPH E YOUNG | Claim Holder Name<br>RALPH E YOUNG | | Docketed Total: | UNL | | | Allowed Total: | $45,900.00 |
| | Case Number***<br>05-44481 | Secured | Priority<br>UNL | Unsecured | Case Number***<br>05-44481 | Secured | Priority<br>$45,900.00 | Unsecured |
| | | | **UNL** | | | | **$45,900.00** | |
| Claim: 17428<br>Date Filed: 07/06/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>ROGER K MATHIS | Claim Holder Name<br>ROGER K MATHIS | | Docketed Total: | UNL | | | Allowed Total: | $95,540.00 |
| | Case Number***<br>05-44481 | Secured | Priority<br>UNL | Unsecured | Case Number***<br>05-44481 | Secured | Priority<br>$95,540.00 | Unsecured |
| | | | **UNL** | | | | **$95,540.00** | |
| Claim: 18225<br>Date Filed: 07/10/2009<br>Docketed Total: $98,540.00<br>Filing Creditor Name:<br>SAMUEL C BLANKENSHIP | Claim Holder Name<br>SAMUEL C BLANKENSHIP | | Docketed Total: | $98,540.00 | | | Allowed Total: | $98,540.00 |
| | Case Number***<br>05-44481 | Secured | Priority<br>$98,540.00 | Unsecured | Case Number***<br>05-44481 | Secured | Priority<br>$98,540.00 | Unsecured |
| | | | **$98,540.00** | | | | **$98,540.00** | |
| Claim: 17165<br>Date Filed: 07/01/2009<br>Docketed Total: $92,100.00<br>Filing Creditor Name:<br>SCOTT M LEACH | Claim Holder Name<br>SCOTT M LEACH | | Docketed Total: | $92,100.00 | | | Allowed Total: | $92,100.00 |
| | Case Number***<br>05-44481 | Secured | Priority<br>$92,100.00 | Unsecured | Case Number***<br>05-44481 | Secured | Priority<br>$92,100.00 | Unsecured |
| | | | **$92,100.00** | | | | **$92,100.00** | |

\*     The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.                                    Page 2 of 3

\*\*\*   See Exhibit H for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

**EXHIBIT G - ALLOWED SEVERANCE CLAIMS**

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | CLAIM AS ALLOWED |
|---|---|---|
| Claim: 20078<br>Date Filed: 11/12/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>  TIMOTHY A ELDON | Claim Holder Name<br><br>TIMOTHY A ELDON      Docketed Total:    **UNL** | Allowed Total:    **$39,520.00** |

| | Case Number***    Secured    Priority    Unsecured<br>05-44481                       UNL<br>                             **UNL** | Case Number***    Secured    Priority    Unsecured<br>05-44481                      $39,520.00<br>                       **$39,520.00** |

Row 1 (Claim 20078):

| | Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|---|
| Docketed | 05-44481 | | | UNL |
| Docketed Total | | | | **UNL** |
| Allowed | 05-44481 | | | $39,520.00 |
| Allowed Total | | | | **$39,520.00** |

Row 2 (Claim 18204):

Claim: 18204
Date Filed: 07/10/2009
Docketed Total: $0.00
Filing Creditor Name:
  WILLIAM L MACNAUGHTON

Claim Holder Name

WILLIAM L MACNAUGHTON    Docketed Total: **UNL**

Allowed Total: **$58,550.00**

| | Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|---|
| Docketed | 05-44481 | | UNL | |
| Docketed Total | | | | **UNL** |
| Allowed | 05-44481 | | $58,550.00 | |
| Allowed Total | | | **$58,550.00** | |

**Total Claims To Be Allowed: 10**

**Total Amount As Docketed:**    $296,640.00

**Total Amount As Allowed:**    $703,270.00

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.                          Page 3 of 3

\*\*\*    See Exhibit H for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.                                    Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

Exhibit H - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Exhibit I - Creditors And Related Claims Subject To Forty-Fifth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ASEC MANUFACTURING RETIREMENT PROGRAM | 18933 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| BLANCHE MARIE WILSON NOACK | 17197 | EXHIBIT A - SEVERANCE CLAIMS |
| BRADFORD S WAGNER | 18437 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| BRADFORD S WAGNER | 20084 | EXHIBIT C - DUPLICATE CLAIMS |
| DAVID L VINTON | 17100 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| DAVID W FERCANA | 17208 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DELPHI CORPORATION RETIREMENT PLAN FOR SALARIED EMPLOYEES | 18930 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DELPHI MECHATRONIC SYSTEMS RETIREMENT PROGRAM | 18929 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DENISE C OLBRECHT | 20019 | EXHIBIT C - DUPLICATE CLAIMS |
| DIANE L HOPWOOD | 17670 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| DON MONTGOMERY | 17217 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| DONALD L KIDD | 18370 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| DORIS FRAZIER | 18463 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| GAYLE INSCHO | 19899 | EXHIBIT C - DUPLICATE CLAIMS |
| GOLDMAN SACHS & CO | 19061 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| HARBINGER DEL AUTO INVESTMENT COMPANY LTD | 18963 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| HORACE CURRY | 17043 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| JAMES A LUECKE | 18049 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| JAMES R THOMPSON | 19818 | EXHIBIT C - DUPLICATE CLAIMS |
| JAMES T PYTLIK | 17020 | EXHIBIT A - SEVERANCE CLAIMS |
| JIM THOMPSON | 17918 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| JIMMY MUELLER | 19882 | EXHIBIT C - DUPLICATE CLAIMS |
| JP MORGAN CHASE BANK NA | 18654 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| JPMORGAN CHASE BANK NA | 18616 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| LAURA E MILLER | 17073 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| MARA L HENDRESS | 19926 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| MARCIA JONES | 18584 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| MARCIA JONES | 20010 | EXHIBIT C - DUPLICATE CLAIMS |
| MARY REHBEIN | 19105 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 18883 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 19110 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MICHAEL K UPTIGROVE | 17063 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| NATHANIEL WINSTON | 20044 | EXHIBIT C - DUPLICATE CLAIMS |
| OHIO DEPT OF JOB & FAMILY SERVICES | 17048 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PACKARD HUGHES INTERCONNECT BARGAINING RETIREMENT PLAN | 18925 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PACKARD HUGHES INTERCONNECT NONBARGAINING RETIREMENT PLAN | 18926 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| RALPH E YOUNG | 17768 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| RANDY D AUSTIN | 17330 | EXHIBIT A - SEVERANCE CLAIMS |
| ROGER K MATHIS | 17428 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| ROHIAL ANDREW PERVEZ | 20083 | EXHIBIT A - SEVERANCE CLAIMS |
| SAMUEL C BLANKENSHIP | 18225 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| SCOTT M LEACH | 17165 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| SDADS SHANGHAI INTEVA AUTOMOTIVE DOOR SYSTEMS COMPANY LTD | 19994 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHARYL YVETTE CARTER | 17094 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHARYL YVETTE CARTER | 17773 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHIRLEY J MURRY | 19183 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |

In re DPH Holdings Corp., et al.                                                                    Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

| Claim Holder | Claim | Exhibit |
|---|---|---|
| THOMAS L KNOLL | 18493 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| THOMAS ROY RILEY | 16870 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| TIMOTHY A ELDON | 20078 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| WALTER A KUNKA | 19808 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WASHINGTON STATE SUPPORT REGISTRY | 19612 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WILLIAM H BRINKMAN | 20011 | EXHIBIT C - DUPLICATE CLAIMS |
| WILLIAM H JOHNSON | 19881 | EXHIBIT C - DUPLICATE CLAIMS |
| WILLIAM L MACNAUGHTON | 18204 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |

# Exhibit J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
         In re                              :       Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :       Case No. 05-44481 (RDD)
                                            :
                Reorganized Debtors.        :       (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned
cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its
affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to
the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors'
reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of
administrative expense, the Reorganized Debtors have determined that one or more of your claims for an
administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the
table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as
summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth
Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain
Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims,
(D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And
Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative
Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a
copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims
Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the
Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS
FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION
AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS'
OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN
TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER
DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED
WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of
objections.  The category of administrative claim objection applicable to you is identified in the table
below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims are overstated. The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records. The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records. The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

2

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order. With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.

[Claimant Name]

4

[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
          February 12, 2010

# Exhibit K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
            In re                           :        Chapter 11
                                            :
DPH HOLDINGS CORP., <u>et al.</u>,          :        Case No. 05-44481 (RDD)
                                            :
                Reorganized Debtors.        :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned
cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its
affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to
the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors'
reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of
administrative expense, the Reorganized Debtors have determined that one or more of your claims for an
administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the
table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as
summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth
Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain
Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims,
(D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And
Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative
Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a
copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims
Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the
Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS
FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION
AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS'
OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN
TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER
DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED
WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of
objections.  The category of administrative claim objection applicable to you is identified in the table
below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

2

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE

4

OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION
PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an
Administrative Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        February 12, 2010

5

# Exhibit L

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

In re                          :     Chapter 11
                                    :

DPH HOLDINGS CORP., et al.,    :     Case No. 05-44481 (RDD)
                                    :

            Reorganized Debtors.    :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


       DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

       The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of objections.  The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE

4

OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION
PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an
Administrative Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        February 12, 2010