MORITT HOCK HAMROFF &  
HOROWITZ LLP  
400 Garden City Plaza  
Garden City, NY 11530  
(516) 873-2000  
Leslie Ann Berkoff  
lberkoff@moritthock.com  
Co-Counsel to Genpact International LLC

Hearing Date: February 25, 2010 at 10:00 a.m.  
Obj. Deadline: February 18, 2010 at 4:00 p.m.

WIGGIN AND DANA LLP  
185 Asylum Street  
Hartford, CT 06103-3402  
(860) 297-3715  
Sharyn B. Zuch  
szuch@wiggin.com  
(*Pro Hac Vic Admission Pending*)

Co-Counsel to Genpact International LLC

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
-------------------------------------------------------------x  
 : 
In re: : Chapter 11  
 : 
DPH HOLDINGS CORP., et al., : Case No. 05-44481 (RDD)  
 : 
   Reorganized Debtors. : (Jointly Administered)  
-------------------------------------------------------------x

### RESPONSE OF GENPACT INTERNATIONAL LLC TO DEBTORS' FORTY THIRD OMNIBUS CLAIMS OBJECTION CLAIM NO. 18743

Genpact International LLC ("Genpact"), as and for its response ("Response") to the Debtors' Forty Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expenses (A) Severance Claims (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Document Claims, (G) Pension, Benefits and OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation, (II) Modify and Allow

Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty Third Omnibus Claims Objection" or the "Objection"), respectfully shows the Court as follows:

### Background

1. On October 8 and 14, 2005 (the "Filing"), Delphi Corporation and certain of its affiliates ("Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code.

2. Genpact is a creditor of one or more of the Reorganized Debtors.

3. This Court entered an order establishing July 15, 2009 as the bar date for asserting a claim for an administrative expense under Section 503(b)(1) of the Bankruptcy Code.

4. On or about July 13, 2009, Genpact filed an administrative expense proof of claim with the designated agent in the total amount of $6,600,160. Subsequently, Genpact's administrative claim was assigned claim no. **18743** (the "Claim").

5. The Reorganized Debtors have filed an objection to the Claim of Genpact, see, the Objection, alleging that the Reorganized Debtors' books and records do not reflect an outstanding liability to Genpact. In the Objection, the Reorganized Debtors assert that the Claim should be "disallow[ed] and expunge[ed]" because it "asserts liabilities or dollar amounts not owing pursuant to the Reorganized Debtors' books and records . . . because [the Claim] has been satisfied in the ordinary course of business." (Objection at 9) To the extent the Objection seeks to disallow and expunge the Claim it should be overruled.

### Jurisdiction

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2

7.  This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

8.  Since the time of filing the Claim, the Reorganized Debtors have paid some of the obligations asserted therein, while other obligations are still outstanding. More specifically, approximately $96,567 of the Claim remains unpaid as set forth in the spreadsheets attached to this Response as Exhibit A. These spreadsheets include both unpaid post petition invoices and the value of work done during the relevant administrative claim period which has not yet been invoiced. The Claim should be allowed to the extent of all unpaid amounts due and owing to Genpact as reflected in Exhibit A, which Genpact reserves the right to amend or supplement.

### Argument

9.  The Reorganized Debtors contracted with Genpact to provide financial and accounting, sales contract management, and other service workers at various facilities of the Reorganized Debtors' throughout the world, as set forth in the Claim.

10. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 2001(f). As the objecting party, the Reorganized Debtors have the burden of overcoming the prima facie presumption. See Carey v. Ernst, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." (See In re Reilly, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

3

11. The Reorganized Debtors have not refuted the allegations set forth in the Claim, nor provided any legal or factual basis to overcome the presumption of validity of such Claim. They assert that the Claim "asserts liabilities or dollar amounts not owing pursuant to the Reorganized Debtor's books and records." (Objection at 9). However, this unsworn statement is not accompanied by any supporting evidence. Accordingly, the Objection should be overruled as the Reorganized Debtors have failed to meet their burden of putting forth evidence to refute at least one of the allegations essential to the Claim.

12. Moreover, the Reorganized Debtors assert that "the burden is on the claimant asserting an Administrative Claim to prove by a preponderance of the evidence that the allowance of the Administrative Claim is justified." (Objection at 9).

13. Genpact satisfies the two-prong test for determining whether a claim is entitled to administrative status by a preponderance of the evidence. See In re Midway Airlines, 221 B.R. 411 at 449 (Bankr. N.D.Ill. 1998) (For a claim to be entitled to administrative status, the transaction giving rise to the claim must have arisen as a result of a transaction between the creditor and the debtor's estate and the transaction must have conferred upon the debtor's estate a benefit in the operation of its post-petition business.).

14. First, the transactions giving rise to the Claim arose from the provision of services to the Debtors between March 28, 2007 and June 1, 2009. Second, the transactions conferred the benefit of the services provided to the Debtors' estates during the operation of the Debtors' post-petition business.

15. Genpact has proven that the Claim is entitled to administrative status by a preponderance of the evidence through the summary of the invoices comprising the Claim.

4

16. The Objection is unfounded, as the Reorganized Debtors have failed to identify any particular disagreement with the evidence supporting the Claim. By virtue of the Reorganized Debtors' complete failure to provide any such evidence, Genpact is unable to respond in a meaningfully way to any purported discrepancy between the parties' books and records.

17. Genpact relies on the Claim, and the attachments to it, as well as on Exhibit A hereto in support of this Response. Replies to this response should be served upon:

> WIGGIN AND DANA LLP
> 185 Asylum Street
> Hartford, CT 06103-3402
> (860) 297-3715
> Sharyn B. Zuch
> szuch@wiggin.com
> Attorneys for Genpact International LLC

## Conclusion

18. The Reorganized Debtors have shown no basis for disallowance of the Claim. Unless and until the Reorganized Debtors provide evidence of the basis for their Objection, the Reorganized Debtors cannot overcome the prima facie presumption of validity. Thus, the Objection should be overruled and the Claim should be allowed.

19. Genpact reserves the right to supplement this Response, to amend the Claim and to offer evidence at any hearing held on the Objection and this Response.

Dated: February 16, 2010

Respectfully submitted,

MORITT HOCK HAMROFF & HOROWITZ LLP

By: /s/ Leslie A. Berkoff
Leslie A. Berkoff

400 Garden City Plaza
Garden City, New York  11530
(516) 873-2000
lberkoff@moritthock.com

Co-Counsel to Genpact International LLC

-and-

WIGGIN AND DANA LLP
185 Asylum Street
Hartford, CT 06103-3402
(860) 297-3715
Sharyn B. Zuch
(*Pro Hac Vice Admission Pending*)
szuch@wiggin.com

Co-Counsel to Genpact International LLC

18061\9\2335682.1

# EXHIBIT A

| Amount Outstanding Delphi Legal Entities | Currency EUR | USD |
|---|---|---|
| Delphi Automotive Systems Limited Sirketi | 80 | |
| Delphi Automotive Systems LLC | 5,100 | 55,147 |
| Delphi Automotive Systems Maroc SA | 4,702 | |
| Delphi France SAS | 1,707 | |
| Grand Total | 11,588 | 55,147 |
| Exchange Rate (MOR for the m/o Feb' 10) | 1.41 | 1.00 |
| Amount converted in USD | 16,325 | 55,147 | 71,472 |

| Amount Unbilled Delphi Legal Entities | Currency EUR | USD |
|---|---|---|
| Delphi Automotive Systems LLC | 7,970 | 13,867 |
| Grand Total | 7,970 | 13,867 |
| Exchange Rate (MOR for the m/o Feb' 10) | 1.41 | 1.00 |
| Amount converted in USD | 11,228 | 13,867 | 25,095 |

| | |
|---|---|
| Invoice issued but not collected | $71,472 |
| Services rendered but not invoiced | $25,095 |
| Total Amount | $96,567 |

**Invoices issued but not collected (1)**

| Sl. No. | Genpact Legal Entities | Delphi Legal Entities | Services Delivered | SOW Exists | CA Exists | PO Exists | Invoice Number | Invoice Date | Invoice Amount | Currency | PO Number | Description of Services | Category of Services | Status | Amount Outstanding | MOR fm for the m/o Feb'10 | Outstanding in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Genpact Intn'l Hungarian Branch | Delphi France SAS | Yes | Yes | Yes | Yes | IN264708 | 17-Mar-09 | 31,395.87 | EUR | 4500406308 | F&A | NSP-T&L | Not paid | 1,707 | 1.41 | 2,404 |
| 2 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems Maroc SA | Yes | Yes | Yes | Yes | IN263866 | 13-Mar-09 | 7,653.38 | EUR | 450819148 | F&A | Production | Tax withheld | 765 | 1.41 | 1,078 |
| 3 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems Maroc SA | Yes | Yes | Yes | Yes | IN283632 | 7-Apr-09 | 8,473.38 | EUR | 450819148 | F&A | Production | Tax withheld | 847 | 1.41 | 1,194 |
| 4 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems Limited Sirk | Yes | Yes | Yes | Yes | IN287513 | 21-Apr-09 | 8,482.07 | EUR | Turkey- Raised without PO. | F&A | Production | Tax withheld | 80 | 1.41 | 113 |
| 5 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems Maroc SA | Yes | Yes | Yes | Yes | IN287515 | 21-Apr-09 | 11,130.30 | EUR | Morocco- Raised without PO. | F&A | Production | Tax withheld | 1,113 | 1.41 | 1,568 |
| 6 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems Maroc SA | Yes | Yes | Yes | Yes | IN305754 | 14-May-09 | 8,200.05 | EUR | 450819148 | F&A | Production | Tax withheld | 820 | 1.41 | 1,155 |
| 7 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems Maroc SA | Yes | Yes | Yes | Yes | IN326435 | 18-Jun-09 | 11,558.28 | EUR | 450819148 | F&A | Production | Tax withheld | 1,156 | 1.41 | 1,628 |
| 8 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems LLC | Yes | Yes | Yes | Yes | IN306921 | 20-May-09 | 188,317.31 | USD | 450813757_00010 | F&A | T&L | Partly paid and $55,147.25 not paid | 55,147 | 1.00 | 55,147 |
| 9 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems LLC | Yes | Yes | Yes | No | IN425722 | 18-Nov-09 | 3,700.00 | EUR | 4550225815 | F&A | NSP- 53 | Not paid | 3,700 | 1.41 | 5,212 |
| 10 | Genpact Intn'l Hungarian Branch | Delphi Automotive Systems LLC | Yes | Yes | Yes | No | IN444939 | 16-Dec-09 | 1,440.00 | EUR | 4500110592 | F&A | NSP- 56 | Not paid | 1,400.00 | 1.41 | 1,972 |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  | 71,472 |

Pls Note: The Abbreviations used in Column N & O are mentioned below:
F&A         Finance and Accounting
NSP         New Services Proposal (Projects)
NSP T&L     Travel & Living Expenses pertaining to New Services Proposal

## Services rendered prior to invoiced (1)

| Genpact Legal Entities | Delphi Legal Entities | Services Delivered | SOW Exists | CA Exists | PO Exists | Amount Unbilled | Currency | Description of Services | Category of Services | Status | Comments | Amount Outstanding | MOR for the m/o Feb'10 | Outstanding in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Genpact International Hungarian Branch | Delphi Automotive Systems LLC | Yes | Yes | Yes | No | 1,990.00 | EUR | F&A | NSP-52 | Not Billed | Waiting for PO | 1,990 | 1.41 | 2,803 |
| Genpact International Hungarian Branch | Delphi Automotive Systems LLC | Yes | Yes | Yes | No | 13,867.00 | USD | F&A | NSP-57 | Not Billed | Waiting for PO | 13,867 | 1.00 | 13,867 |
| Genpact International Hungarian Branch | Delphi Automotive Systems LLC | Yes | Yes | Yes | No | 5,080.00 | EUR | F&A | NSP-58 | Not Billed | Waiting for PO | 5,080 | 1.41 | 7,156 |
| Genpact International Hungarian Branch | Delphi Automotive Systems LLC | Yes | Yes | Yes | No | 900.00 | EUR | F&A | NSP-61 | Not Billed | Customer asked us to bill with production billing in Feb2010 | 900 | 1.41 | 1,268 |
| | | | | | | | | | | | | | | 25,095 |

Pls Note: The Abbreviations used in Column J & K are mentioned below:
F&A        Finance and Accounting
NSP        New Services Proposal (Projects)