**Hearing Date and Time: February 25, 2010, at 10:00 a.m. (prevailing Eastern time)**
**Response Date and Time: February 18, 2010 at 4:00 p.m. (prevailing Eastern time)**

BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN  37203
Austin L. McMullen (admitted *pro hac vice*)

*Attorneys for Calsonic Kansei North America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

## RESPONSE TO DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS

Comes now Calsonic Kansei North America, Inc. ("CKNA"), through the undersigned counsel, and hereby responds as follows to the Debtors' Forty-Third Omnibus Objection to Claims (the "Objection"):

1. On July 14, 2009, CKNA an Administrative Expense Claim Form, claim number 18664, in the amount $364,521.17 (the "CKNA Administrative Claim").

2. The CKNA Administrative Claim consists of two components. First, the Debtors owe CKNA $159,898.69 for unpaid post-petition invoices. Copies of these invoices are attached to the CKNA Administrative Claim filed by CKNA.

3. Second, the Debtors owe CKNA $204,622.48 based on improper setoff by the Debtors of amounts owed by Calsonic Harrison Co., Ltd. ("CHC"). Documents

relating to this setoff are attached to the CKNA Administrative Claim filed by CKNA. Of particular note is an email dated March 30, 2009, sent by Rebecca J. Kolb, Finance Manager for Delphi Thermal. This email is attached to the CKNA Administrative Claim filed by CKNA and states:

> Please see the attached email with information concerning the return of 2048 parts to CHC (Calsonic Japan). It appears that the return took place in November 2006 and Delphi debited accounts payable with CHC. In August 2007, Delphi moved the debit from accounts payable with CHC to accounts payable with CK[NA] as there was no activity with CKC to offset.

4. As Ms. Kolb's email demonstrates, because the Debtors were having difficulty collecting amounts owed by CHC the Debtors unilaterally reduced amounts legitimately owed by the Debtors to CKNA, which is a separate legal entity from CHC. This setoff was improper, and the Debtors still owe CKNA $204,622.48.

5. On January 22, 2010, the Debtors filed the Objection, which seeks to disallow and expunge the CKNA Administrative Claim without any specific reason or explanation set forth in the Objection beyond a generic statement of: "Basis for Objection – Books and Records Claims." The CKNA Administrative Claim is one of thousands of claims that the Debtors seek to disallow and expunge.

6. Under Federal Rules of Bankruptcy Procedure 3001(f), CKNA's timely filed claim and supporting documentation constitutes *prima facie* evidence of the validity and amount of the CKNA Administrative Claim. 11 U.S.C. § 502; In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Alper Holdings USA, 2008 Bankr. LEXIS 86, at *9 (Bankr. S.D.N.Y. Jan. 15, 2008). To prevail and subsequently shift the burden back to the claimant, the objector must affirmatively produce evidence equal in

force to the *prima facie* case to counter the creditor's claim.  <u>In re Reilly</u>, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000); <u>In re DJK Residential LLC</u>, 416 B.R. at 104; <u>Carey v. Ernst</u>, 333 B.R. 666, 672 (Bankr. S.D.N.Y. 2005); <u>Riverbank, Inc. v. Make Meat Corp.</u> (<u>In re Make Meat Corp.</u>), 1999 U.S. Dist. LEXIS 3974, at *10 (S.D.N.Y. Mar. 31, 1999).  Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim.  <u>In re Koloch</u>, 416 B.R. 375, 378 (Bankr. S.D.N.Y. 2009).  The mere assertion of a vague general objection, such as the Objection, does not meet the Debtors' burden of producing "substantial evidence" to overcome the presumption of validity attaching to the CKNA Administrative Claim.  <u>Juniper Development Group v. Kahn</u> (<u>In re Hemingway Transport, Inc.</u>), 993 F.2d 915, 924 (1st Cir.), cert. denied, 510 U.S. 514 (1993); <u>In re Enron Recovery Corp.</u>, 2007 Bankr. LEXIS 2969, at *10 (Bankr. S.D.N.Y. Aug. 28, 2007).  The burden of producing evidence rebutting the claim only shifts to claimant after the objecting party has produced facts sufficient to demonstrate that an actual dispute exists as to the claim.  <u>In re Federes</u>, 98 B.R. 165, 167 (Bankr. W.D.N.Y. 1989).  The allegations in an objection to a proof of claim must be sufficiently explicit to indicate to the claimant the nature and character of the objection.  The Debtors have not met their burden in this Objection.

       7.      The Debtors have filed a generic Objection seeking to disallow and expunge the CKNA Administrative Claim.  However, the Debtors have failed to meet their burden of producing evidence to warrant the drastic relief sought in respect of the CKNA Administrative Claim.  Although the Debtors' Notice of Objection states a non-specific "Books and Records" objection, the CKNA Administrative Claim has not been paid and satisfied in the ordinary course of business.

8.      Clearly, CKNA has met its burden of providing sufficient evidence to support the CKNA Administrative Claim, as set forth in the detailed proof of claim filed with the Court. On the other hand, the Debtors have provided no evidence rebutting the CKNA Administrative Claim. Absent a factual basis for its objection to the CKNA Administrative Claim, this Objection cannot be sustained. "To be proper, an objection to a proof of claim must allege facts which, if accepted as true, would trigger one of the statutory reasons for disallowing a claim. If it does not, the objection should not be sustained." In re Taylor, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003).

9.      The Court should deny the Debtors' request to disallow and expunge the CKNA Administrative Claim because the Debtors have failed to carry their burden of proof. Additionally, the Administrative Claim reflects legitimate post-petition amounts owed by the Debtors to CKNA for actual, necessary costs and expenses of preserving the estate.

10.     The Court should deny the Debtors' Forty-Third Omnibus Objection to Claims as it relates to the CKNA Administrative Claim. Moreover, the Court should allow the CKNA Administrative Claim in full and require the Debtors to pay the CKNA Administrative Claim in full forthwith.

WHEREFORE, Calsonic Kansei North America, Inc. respectfully requests that the Court deny and overrule the Debtors' Forty-Third Omnibus Objection to Claims as to the CKNA Administrative Claim, claim number 18664, allow claim number 18664 and grant Calsonic Kansei North America, Inc. such other and further relief as it just and appropriate.

| | |
|---|---|
| Dated: February 17, 2010.<br>Nashville, Tennessee | Respectfully submitted,<br><br>By:  /s/ Austin L. McMullen<br>Austin L. McMullen (admitted *pro hac vice*)<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1600 Division Street, Suite 700<br>P.O. Box 340025<br>Nashville, Tennessee 37203<br>(615) 252-2307<br>Fax: (615) 252-6307<br>amcmullen@babc.com<br><br>*Attorneys for Calsonic Kansei North America* |

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of February, 2010, I have caused a copy of the foregoing to be sent electronically through the Court's CM/ECF system to all parties consenting to such service in this case and by Federal Express overnight delivery to the following:

| | |
|---|---|
| Hon. Robert D. Drain<br>United States Bankruptcy Judge<br>United States Bankruptcy Court for the<br>    Southern District of New York<br>The Hon. Charles L. Brieant Jr. Federal<br>    Building and Courthouse<br>300 Quarropas Street, Courtroom 116<br>White Plains, NY  10601-4140<br><br>Skadden, Arps, Slate, Meagher<br>    & Flom LLP<br>ATTN: John Wm. Butler, Jr., John K.<br>    Lyons and Joseph N. Wharton<br>155 North Wacker Drive<br>Chicago, IL  60606 | DPH Holdings Corp.<br>ATTN: President<br>5725 Delphi Drive<br>Troy, MI  48098 |

                                                                   Austin L. McMullen
                                                                   Austin L. McMullen