| | |
|---|---|
| NOWELL, AMOROSO, KLEIN, BIERMAN, P.A. | **Hearing Date: February 25, 2010** |
| Rick A. Steinberg, Esq. (RS-7396) | **Time: 10:00 a.m.** |
| 155 Polifly Road | |
| Hackensack, New Jersey 07601 | **Objection Deadline: February 18, 2010** |
| Tel:  201-343-5001 | **Time: 4:00 p.m.** |

Attorneys for Con-way Freight Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                                         :         Chapter 11
                                                                  :
DPH HOLDINGS CORP., et al.,              :         Case No. 05-44481 (RDD)
                                                                  :
Reorganized Debtors.                          :         (Jointly Administered)
---------------------------------------------------------x

### RESPONSE OF CON-WAY FREIGHT INC. TO DEBTORS' OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM NUMBER 18556

Con-way Freight, Inc. ("Con-way") hereby responds to the Reorganized Debtors' Objection (the "Objection") to Con-way's Administrative Expense Claim, Number 18556 (the "Administrative Claim") for transportation services supplied to certain of the debtors and debtors-in-possession (collectively, the "Debtors").  In support of this Response, Con-way respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper under 28 U.S.C. § 1409.

### BACKGROUND

3. On July 13, 2009, Con-way filed the Administrative Claim, Number 18556, in the original amount of $101,602.55.

4. On or about January 22, 2010, the Debtors filed the Objection to Con-way's Administrative Claim.

5. Pursuant to the Objection, the Debtors seeks to disallow and expunge the Administrative Claim, on the basis that the Debtors' books and records show there is no amount due and that Con-way's Administrative Claim was satisfied in the ordinary course of business.

6. Although the Administrative Claim was originally filed in the amount of $101,602.55, there is still a balance due to Con-way on the Administrative Claim of $18,896.63. A statement of the amount due is attached to the Response as Exhibit "A."

## LEGAL ARGUMENT

7. Section 503 of title 11 of the United States Code (the "Bankruptcy Code") provides, in relevant part, that "[a]n entity may timely file a request for payment of an administrative expense." 11 U.S.C. § 503(a).

8. Further, section 503 of the Bankruptcy Code provides that courts shall allow as administrative expenses "the actual, necessary costs of preserving the estate." 11 U.S.C. § 503(b)(1)(A). A claimant requesting payment of an administrative expense bears the burden to prove that its request represents an actual and necessary expense of preserving the estate. Supplee v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.), 479 F.3d 167, 172 (2d Cir. 2007). The Second Circuit has held that there are two requirements for determining when costs and expenses are actual and necessary to the preservation of an estate. Id., *citing* Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2d Cir. 1986). The first requirement is that the alleged debts must have arisen from a transaction with the debtor's estate. Id., *citing* McFarlin's, 789 F.2d at 101. The second requirement is that the alleged debts must

have been supplied to and be of demonstrable benefit to the estate in the operation of its business. Id., *citing* McFarlin's, 789 F.2d at 101.

9. The transactions giving rise to the Administrative Claim satisfy both of these requirements. First, there is no question that the services provided by Con-way were induced by the Debtors. As shown by Exhibit "A," all of the relevant transactions took place after the Petition Date.

10. Nor is there any question that the services provided by Con-way conferred a benefit on the Debtors. Con-way continued to provide shipping services to the Debtors. These continued services enabled the Debtors to maintain their own production, and thereby conferred a benefit on all creditors. In other words, without Con-way's agreement to provide post-petition services, the Debtors' own production would have been hampered, thereby diminishing the estate and the amounts to be recovered by other creditors.

11. Accordingly, Con-way hereby requests that the Court allow and direct immediate payment of the Administrative Claim in the modified amount of $18,896.63, pursuant to section 503 of the Bankruptcy Code.

12. Alternatively, Con-way requests that the Court determine that the Administrative Claim is an ordinary course liability under section 363 of the Bankruptcy Code and order that the Administrative Claim be paid by the applicable Reorganized Debtor.

**RESERVATION OF RIGHTS**

13. Con-way reserves its rights to amend or supplement this Response as appropriate.

**NO PRIOR REQUEST**

14. No prior request for the relief sought in this Response has been made to this or any other Court.

3

## REQUEST FOR WAIVER OF MEMORANDUM OF LAW

15. The legal points and authorities upon which Con-way relies are cited and incorporated in this Response. Consequently, Con-way respectfully requests that this Court deem that the requirement of serving and filing a separate memorandum of law under Local Rule 9013-1(b) has been satisfied.

WHEREFORE, Con-way respectfully requests that the Court enter an order: (a) allowing to Con-way an administrative claim in the modified amount of $18,896.63, (b) ordering the Reorganized Debtors to pay the sum of $18,896.63 to Con-way within three (3) business days of entry of the Order, and (c) granting to Con-way such other and further relief as the Court may deem proper.

Dated: Hackensack, New Jersey
February 17, 2010

                              NOWELL, AMOROSO, KLEIN, BIERMAN, P.A.

                              /s/ Rick A. Steinberg
                              Rick A. Steinberg, Esq.
                              155 Polifly Road
                              Hackensack, New Jersey 07601
                              (201) 343-5001
                              (201) 343-5181 (fax)
                              rsteinberg@nakblaw.com

                              Attorneys for Con-way Freight Inc.

G:\wp\WPDATA\CLIENT FILES\C Files\ConWay Transportation Services, Inc\083. Delphi\Pleadings\Response to objection to Admin Claim.doc