| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Attorneys for Hitachi Chemical (Singapore) Pte. Ltd.<br>101 Park Avenue<br>New York, New York  10178<br>(212) 309-6000<br>Menachem O. Zelmanovitz<br>Robert M. Scannell | Hearing Date: February 25, 2010<br>Hearing Time: 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                                     :
                                                                     :     Chapter 11
                                                                     :
      In re                                            :
                                                                     :     Case No. 05-44481 (RDD)
DPH HOLDINGS CORP., et al.,               :
                                                                     :     (Jointly Administered)
                                                                     :
      Reorganized Debtors.                  :
------------------------------------------------------x

### RESPONSE OF HITACHI CHEMICAL (SINGAPORE) PTE. LTD. TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS CLAIMS OBJECTION

       Hitachi Chemical (Singapore) Pte. Ltd. (f/k/a Hitachi Chemical Asia-Pacific Pte. Ltd.) ("HCS"), by its undersigned counsel, responding to the Reorganized Debtors' Forty-Third Omnibus Objection to Claims dated January 22, 2009 (the "Omnibus Objection"), respectfully represents:

       1.    HCS' claim No. 18622 (the "HCS Claim," a copy of which is attached hereto as Exhibit 1) asserts an administrative expense claim in the amount of $85,178.50, and is one of the "Exhibit B Claims" referred to in the Omnibus Objection. By their Omnibus Objection and a Notice of Objection to Claim dated January 22, 2009, the Reorganized Debtors are seeking an order disallowing and expunging the HCS Claim on the alleged basis that it asserts liabilities and dollar amounts that are not reflected as

owing pursuant to the Reorganized Debtors' books and records. Omnibus Objection at ¶ 20. The Reorganized Debtors further allege that "most" such "Exhibit B Claims" have been satisfied in the ordinary course of business. *Id.* However, the HCS Claim, which arose in the ordinary course of business post-petition, has not been paid and remains due and owing.

2. The HCS Claim, which was timely filed on July 14, 2009, is based on the Debtors' post-petition cancellation of goods that, at the Debtors' instructions, HCS fabricated and delivered to a designated warehouse.

3. In accordance with the business practice and agreements between the parties, at the Debtors' request, HCS shipped the goods identified in the HCS Claim to the third party warehouse pending further direction from the Debtors to have the goods shipped to their manufacturing plant. After these goods were delivered to the third party warehouse, the Debtors cancelled these shipments by their issuance of cancellation claim notices. *See* cancellation claim notices attached to the HCS Claim, Exhibit A. Each of these cancellation claim notices was issued post-petition. *Id.*

4. The procedure for the issuance of cancellation claim notices is governed by a VMI (Vendor Managed Inventory) Agreement dated October 2, 2003 between HCS and Delphi Corporation (the "VMI Agreement").[1] Pursuant to the VMI Agreement, if following HCS' shipment of the product to the third party warehouse, the Debtors cancel

---

[1] The VMI Agreement contains confidential, proprietary information. Upon information and belief, the Debtors are in possession of a copy of this agreement. HCS is prepared to submit a copy of the agreement to the Court for *in camera* review and to provide copies to other parties in interest upon entry of an appropriate confidentiality order.

DB1/64296985.2                     2

or fail to request delivery of the product to their plant within thirteen weeks, the Debtors are liable for 100% of the invoiced price for such finished goods.

5.  The amount owing by the Debtors to HCS for each of the cancelled shipments upon which the HCS Claim is based is set forth in both the cancellation claim notices issued by Delphi and invoices from HCS.  *See* HCS Claim, Exhibit A.  The amount of the HCS Claim has been reduced by all amounts HCS received from the Debtors on account of such goods.  Thus, the HCS Claim accurately sets forth the amounts owing by the Debtors to HCS that were incurred in the ordinary course of business post-petition on account of such cancelled orders.

6.  For the reasons set forth herein, the Court should deny the relief requested in the Omnibus Objection with respect to the HCS Claim.

Dated:    New York, New York
          February 17, 2010

                                        MORGAN, LEWIS & BOCKIUS LLP

                                        By:    /s/ Menachem O. Zelmanovitz
                                               Menachem O. Zelmanovitz
                                               Robert M. Scannell
                                               101 Park Avenue
                                               New York, New York  10178
                                               (212) 309-6000