**Hearing Date and Time: Feb 25, 2010 at 10:00 a.m.**
                                              **(to be continued per *Claim Objection Procedures Order*)**

Richard B. Herzog, Jr. (RBH-5839)
Byron C. Starcher (BCS-0867)
NELSON MULLINS RILEY
  & SCARBOROUGH, LLP
201 17th Street, N.W.
Suite 201
Atlanta, GA  30363
(404) 322-6000

*Attorneys for Akzo Nobel Coatings Inc.*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                                    :    Chapter 11
                                                                              :
DPH HOLDINGS CORP., et al.,                        :    Case No. 05-44481 (RDD)
                                                                              :
             Reorganized Debtors.       :    (Jointly Administered)
------------------------------------------------------------x
                                                                              :
DPH HOLDINGS CORP., et al.,                        :
                                                                              :
             Objecting Parties,              :
                                                                              :
vs.                                                                        :
                                                                              :    Contested Matter
                                                                              :
AKZO NOBEL COATINGS, INC.,                    :
                                                                              :
             Respondent.                         :
------------------------------------------------------------x


**RESPONSE OF AKZO NOBEL COATINGS INC., TO THE DEBTORS'**
**FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS**


      COMES NOW Akzo Nobel Coatings Inc. ("Akzo"), a creditor and products supplier in

one or more of the cases jointly administered under the above-listed case, and files this

response to the *Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, and OPEB Claims, (H) Workers' Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims* (the "Objection"), filed January 22, 2010. With particular respect to Akzo, the Objection objects to Akzo's claim for allowance of administrative expenses, designated in Exhibit B of the Objection as being Claim No. 18966, in the liquidated amount of $63,582.05 ("Claim"). Akzo states as follows:

1. The Claim asserts an administrative expense claim that arises from the provision of goods and services by Akzo Nobel Coatings, Inc., to Delphi Corporation or its affiliates postpetition. The amounts set forth in the Claim are fully liquidated.

2. Attached to the Claim were an explanation of how the claim amount was derived, copies of invoices upon which the Claim is based, and a spreadsheet showing payment history and application.

3. The Objection fails to state a basis for expunging the Claim. The Claim should not be reduced because the goods and services, evidenced by the Claim, were provided to the Debtors and Reorganized Debtor, the Claim represents an obligation of the Reorganized Debtor in the amount stated, and the amount set forth in the Claim has not been paid. Since the Objection was filed, Akzo has confirmed that none of the amount set forth in the Claim has been paid. At this time, Akzo cannot provide the specific factual and legal bases upon which it will rely in opposing the Objection because the Objection fails to provide the basis for the

2

Objection. To the extent the Claim is not immediately allowed in the amount stated due to the failure of Delphi to provide sufficient evidence to rebut the Claim, then, upon the Reorganized Debtor providing Akzo with a basis for the Objection, Akzo will supplement its response as necessary and further disclose to the Reorganized Debtor all information and provide copies of all documents that Akzo believes to be confidential, proprietary, or otherwise protected and upon which Akzo intends to rely in support of its Claim.

4.   The addresses to which the Reorganized Debtor must return any reply to this Response and any notice of hearing regarding the Objection or this Response are:

   a.   Byron C. Starcher, Esq.
        Nelson Mullins Riley & Scarborough, LLP
        201 17th Street, N.W.
        Suite 1700
        Atlanta, Georgia 30363

        and

   b.   Tift H. Shepherd, Esq.
        Akzo Nobel Coatings Inc.
        5555 Spalding Drive
        Norcross, Georgia 30092

WHEREFORE, Akzo Nobel Coatings Inc., respectfully requests that this Court:

A.   enter an Order (i) overruling the Objection and allowing the Claim in the stated amount of $63,582.05 as an allowed administrative expense, or (ii) alternatively, continuing the hearing on the Objection pursuant to the Objections Procedures Order; and

B.   provide such other and further relief the Court deems just and necessary.

This 17th day of February, 2010.

/s  Byron C. Starcher
Byron C. Starcher, Esq. (BCS – 0867)
Georgia Bar No. 349508
(Admitted *pro hac vice*)

*Attorneys for Akzo Nobel Coatings Inc.*

NELSON MULLINS RILEY & SCARBOROUGH, LLP
201 17th Street, N.W.
Suite 1700
Atlanta, GA  30363
(404) 322-6000
byron.starcher@nelsonmullins.com

## CERTIFICATE OF SERVICE

     I, Byron C. Starcher, certify that I am at least 18 years of age and that, on February 17, 2010, I served the within and foregoing *Response of Akzo Nobel Coatings Inc. to the Debtors' Forty-Third Omnibus Objection to Claims* to the following persons by (i) depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery, and (ii) delivering a copy of same to Federal Express with instructions to deliver same the following day at the address listed:

John Wm. Butler, Jr.
John K. Lyons
Joseph N. Wharton
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL  60606

The Honorable Charles L. Brieant, Jr.
Federal Building and Courthouse
300 Quarropas Street
Courtroom 116
White Plains, NY 10601

The Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 610
New York, NY 10004

DPH Holdings Corp.
ATTN: President
5725 Delphi Drive
Troy, MI 49098

     This 17th day of February, 2010.

                                /s    Byron C. Starcher
                                Byron Crane Starcher
                                Georgia Bar No. 676111

NELSON MULLINS RILEY & SCARBOROUGH, LLP
201 17th Street, N.W.
Suite 1700
Atlanta, GA  30363
(404) 322-6000
byron.starcher@nelsonmullins.com