BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
_rmcdowell@bodmanllp.com_
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Cooper-Standard Automotive Inc. and
Cooper-Standard Automotive FHS Inc. on behalf of
themselves and their subsidiaries

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————/

In re

DPH HOLDINGS CORP., et al

      Reorganized Debtors.

————————————————————————/

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

**RESPONSE OF COOPER-STANDARD AUTOMOTIVE INC. AND COOPER-STANDARD AUTOMOTIVE FHS INC. ON BEHALF OF THEMSELVES AND THEIR SUBSIDIARIES TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(B) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D) EQUITY INTERESTS INSUFFICIENTLY BENEFIT (E) PREPETITION CLAIMS, (F) DOCUMENTED CLAIMS, (G) PENSION COMPENSATION CLAIMS, (II) MODIFY AND ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS**

      Cooper-Standard Automotive Inc. and Cooper-Standard Automotive FHS Inc. on behalf of themselves and their subsidiaries (collectively "Cooper-Standard") states the following in support of its response to Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests

Insufficiently Benefit (E) Prepetition Claims, (F) Documented Claims, (G) Pension Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims ("Forty-Third Omnibus Objection"):

## INTRODUCTION

1.      On October 8, 2005, Delphi Corporation and various affiliates and/or subsidiaries (collectively "Debtors") filed a petition for relief under chapter 11 of the United States Bankruptcy Code.

2.      On July 15, 2009, Cooper-Standard timely filed the proofs of claim attached as Exhibit A in the total amount of $149,387.35 ("First Administrative Expense Claims"). The First Administrative Expense Claims consisted of amounts owing to Cooper-Standard for goods sold by Cooper-Standard to Debtors postpetition through June 1, 2009. Part of the First Administrative Expense Claims has been paid by Debtors or Reorganized Debtors in the ordinary course.

3.      On November 4, 2009, Cooper-Standard timely filed the proof of claim attached as Exhibit B in the total amount of $301,253.01 ("Second Administrative Expense Claim," and collectively with First Administrative Expense Claims, "Claims"). The Second Administrative Expense Claim consists of amounts owing for goods sold by Cooper-Standard to Debtors postpetition after June 1, 2009. Part of the Second Administrative Expense Claim has been paid by Debtors or Reorganized Debtors in the ordinary course.

Detroit_986925_1

4.    As of the date of this response, contrary to Reorganized Debtors' contentions that the Claims may have been paid in the ordinary course of business, the amounts attached as Exhibit C remain owing to Cooper-Standard.

5.    In the Forty-Third Omnibus Objection, Reorganized Debtors seek to disallow the Claims. Reorganized Debtors assert that either the Claims have been satisfied in the ordinary course of business or because Cooper-Standard has not proved the allowance of the Claims by a preponderance of evidence.

## RESPONSE TO OBJECTION

6.    In the Forty-Third Omnibus Objection, Debtors are asking the Court to disallow the Claims. The Court should deny this relief because there is no authority allowing it.

7.    Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." As the District Court for the Southern District of New York has stated "'[a] properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.'" *Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) *quoting In re Reilly*, 245 BR 768, 773 (2nd Cir. BAP 2000). *See also In re White*, 168 BR 825, 828-829 (Bankr. D. Conn. 1994) (objecting party may not rebut a claim's prima facie validity by merely stating the amount of the claim is incorrect but must produce evidence to support such argument).

-3-

8.    In the Forty-Third Omnibus Objection, Reorganized Debtors do not provide any evidence whatsoever to support their proposed disallowance of the Claims, let alone any evidence sufficient to refute the prima facie validity of the Claims.    Rather, Reorganized Debtors attempt to claim that Cooper-Standard must meet initial burden of proving the allowance of the Claims by a preponderance of the evidence.    However, as shown above, the proper standard provides that Reorganized Debtors need to rebut the prima facie validity of the Claims.    Because Reorganized Debtors have not rebutted the prima facie validity of the Claims, the Forty-Third Omnibus Objection should be denied with respect to the Claims.

9.    Cooper-Standard reserves all of its rights and remedies.

## **RELIEF REQUESTED**

THEREFORE, Cooper-Standard respectfully requests that the Court deny the relief requested under the Forty-Third Omnibus Objection as to the Claims.

BODMAN LLP

By:_____/s/_____Ralph E. McDowell_____
        Ralph E. McDowell (P39235)
Attorneys for Cooper-Standard Automotive Inc. and
Cooper-Standard Automotive FHS Inc. on behalf of
themselves and their subsidiaries
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
(313) 393-7592

February 17, 2010

Detroit_986925_1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing *Response of Cooper-Standard Automotive Inc. and Cooper-Standard Automotive FHS Inc. on behalf of themselves and their subsidiaries to Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 502(B) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (a) Severance Claims, (b) Books and Records Claims, (c) Duplicate Claims, (d Equity Interests Insufficiently Benefit (e) Prepetition Claims, (f) Documented Claims, (g) Pension Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims* was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

DPH Holdings Corp.
5725 Delphi Drive
(Attn: President)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
155 North Wacker Drive
(Attn: John Wm. Butler, Jr.; John K. Lyons, Joseph N. Wharton)
Chicago, Illinois 60606

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
The Hon. Chalres L. Brieant Jr.
Federal Buidling and Courthouse
300 Quarropas Street
Courtroom 116
White Plains, New York 10601-4140

                                        /s/ Ralph E. McDowell
                                        Ralph E. McDowell

Dated: February 17, 2010

Detroit_986925_1