CARSON FISCHER, P.L.C.
Counsel for Bing Metals Group, LLC.
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
Patrick J. Kukla (P60465)
Email: pkukla@carsonfischer.com

Hearing date and Time:  February 25, 2010 at 10:00 a.m.
Response Date and Time: February 18, 2010 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              :
In re:                                        :      Chapter 11
                                              :      Case No.: 05-44481 (RDD)
DPH HOLDINGS CORP., *et al.*,                 :      (Jointly Administered)
                                              :
            Reorganized Debtors.              :
-------------------------------------------------------------x

## RESPONSE OF BING METALS GROUP, LLC IN OPPOSITION TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (CLAIM NUMBERS 18797, 19717, 19718, 19719)

Bing Metals Group, LLC ("Bing") states in support of its response (the "Response") in opposition to DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors' (together with DPH Holdings, the "Reorganized Debtors") Forty-Third Omnibus Objection to Claims (the "Objection"), as it relates to Claim Numbers 18797, 19717, 19718 and 19719, filed by Bing (collectively, the "Bing Claims") as follows:

### INTRODUCTION

1.      Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed their voluntary bankruptcy petitions on October 8, 2005.

2.     The Bankruptcy Court entered an order establishing July 15, 2009 as the bar date for filing a proof of administrative expense for purposes of asserting administrative expense claims under 11 U.S.C. § 503(b) which arose during the period from the Petition Date through June 1, 2009.

3.     On July 15, 2009, Bing filed a proof of administrative expense and asserted an administrative expense claim of $570,844.47 (the "First Administrative Claim") for goods and/or services provided by Bing to the Debtors after the Petition Date and prior to June 1, 2009. The First Administrative Claim was assigned claim number 18797.

4.     The Bankruptcy Court entered an order establishing November 5, 2009 as the bar date for filing a proof of administrative expense for purposes of asserting administrative expense claims under 11 U.S.C. § 503(b) which arose during the period from June 1, 2009 through the effective date (the "Effective Date") of the Reorganized Debtors' plan.

5.     On November 4, 2009, Bing filed a proof of administrative expense and asserted an administrative expense claim of $148,514.43 (the "Second Administrative Claim"), for goods and/or services provided by Bing to the Debtors from June 1, 2009 through the Effective Date. Out of an abundance of caution, Bing asserted its Second Administrative Claim by filing three separate proofs of administrative expense, one each against Delphi Corporation, Delphi Automotive Systems, LLC and Delphi Corporation, et. al. The claims comprising the Second Administrative Claim were assigned the following claim numbers, 19717 (Delphi Corporation), 19718 (Delphi Automotive Systems, LLC) and 19719 (Delphi Corporation et. al.).

6.    In Exhibit A to the Second Administrative Claim, Bing stated that it was asserting an administrative expense claim, for amounts arising after June 1, 2009, in the collective amount of $148,514.43 and was not seeking a duplicate recovery.

7.    On January 22, 2010, the Reorganized Debtors filed the Objection seeking to disallow and expunge the Bing Claims.

8.    The Reorganized Debtors have objected to the Bing Claims on the basis that the Bing Claims assert liabilities that are not owing pursuant to the Reorganized Debtors' books and records.    Additionally, the Reorganized Debtors have objected to one of the Bing Claims included in the Second Administrative Claim, as being a duplicate claim.    Specifically, the Reorganized Debtors have made the following allegations with respect to the Bing Claims:

a.    <u>Claim No. 18797</u> –    Reorganized Debtors' books and records do not reflect the liability stated in Claim No. 18797.

b.    <u>Claim No. 19717</u> – Duplicate of Claim No. 19719.    The Objection states that Claim No. 19719 is a surviving claim, however, the Reorganized Debtors also seek to disallow and expunge Claim No. 19719.

c.    <u>Claim No. 19718</u> - Reorganized Debtors' books and records do not reflect the liability stated in Claim No. 19718.

d.    <u>Claim No. 19719</u> - Reorganized Debtors' books and records do not reflect the liability stated in Claim No. 19719.

9.    For the reasons set forth below, the Objection should be overruled as to the Bing Claims.

## ARGUMENT

10.    Bing incorporates by reference the Bing Claims and the attachments thereto, in support of this Response.

11.    Pursuant to 11 U.S.C. § 503(b)(1)(A) Court's shall allow as administrative expenses "the actual, necessary costs and expenses of preserving the estate."

12.    As evidenced by the Bing Claims and the attachments thereto, subsequent to the Petition Date, Bing provided goods and/or services to the Debtors and invoiced for same. The liability incurred by the Debtors as a result of receiving the goods and/or services provided by Bing was an actual and necessary cost and expense of preserving the Debtors' estates and, therefore, the Bing Claims are entitled to administrative expense priority under 11 U.S.C. § 503(b)(1)(A).

13.    The Reorganized Debtors have not objected to the administrative priority status of the Bing Claims, but have only asserted that the liability stated in the Bing Claims is not owing pursuant to the Reorganized Debtors' books and records. To the extent that the Reorganized Debtors seek to object to the Bing Claims on the basis that the Bing Claims are not entitled to administrative priority, Bing reserves the right to supplement this Response to contest such objection.

14.    The Reorganized Debtors have not stated any facts specific to the Bing Claims or provided any evidence to support their allegation that the liability asserted in the Bing Claims are not due and owing. The Reorganized Debtors have merely made a

generic statement, not specific to the Bing Claims, that the liabilities asserted may not be due and owing because such administrative expense claims have been satisfied in the ordinary course of business.

15.    The Reorganized Debtors have provided no evidence to support their position that the Bing Claims have been paid in full, nor do Bing's books and records indicate that the liability asserted in the Bing Claims have been paid in full.

16.    Upon information and belief, since the time of the filing of the respective Bing Claims, the Reorganized Debtors have paid some of the obligations asserted therein, while other obligations are still outstanding.  Presently, Bing is in the process of reconciling the outstanding amounts owed by the Reorganized Debtors, however, based upon Bing's books and records, the outstanding amount owed by the Reorganized Debtors is at least $132,979.24 of which $30,510.89 remains due and owing with respect to the First Administrative Claim and $102,468.35 remains due and owing with respect to the Second Administrative Claim.    A summary of the invoices supporting this amount is attached as **Exhibit A**.[1]  Bing reserves the right to amend this Response to assert that additional amounts, over and above the amount identified on Exhibit A, remain outstanding.

17.    Accordingly, the Objection should be overruled as to the Bing Claims and the Bing Claims should be allowed as administrative expense claims under 11 U.S.C. §

---

[1] The invoices listed in Exhibit A are voluminous and have not been attached hereto.  Copies of the invoices are available upon request.

503(b)(1)(A) to the extent of all unpaid amounts due and owing by the Reorganized Debtors to Bing.

18.     With respect to the Reorganized Debtors' attempt to expunge and disallow Claim No. 19717 as being a duplicate of Claim No. 19719, Bing does not have any objection to Claim No. 19717 being expunged, provided that Bing receives a corresponding allowed administrative expense claim against the Reorganized Debtors for all unpaid amounts owed by the Reorganized Debtors.

19.     Bing reserves the right to amend this Response and reserves the right to assert additional arguments in response to the Objection at any hearing on this Objection.

20.     Any replies to this Response should be directed to the undersigned counsel.

WHEREFORE, Bing Metals Group, LLC requests that the Court (i) deny the Reorganized Debtors' objection as to the Bing Claims; and (ii) enter an order allowing Bing an administrative expense claim in an amount not less than $132,979.24.

CARSON FISCHER, P.L.C.
*Attorneys for Bing Metals Group, LLC.*

By: /s/ Patrick J. Kukla
      Patrick J. Kukla (P60465)
      4111 Andover Road, West-2nd Flr.
      Bloomfield Hills, MI  48302
      Tele:  (248) 644-4840
      Email:  pkukla@carsonfischer.com

Dated:  February 17, 2010

# EXHIBIT

# A

Page 1
ARAGE

Bing Metals Group-Steel
Accounts Receivable Aging /
Select Date: 12910

Proc. Detailed

Fri J an 29, 2010
$   0.42

| Item | Issued | Reference/Remark | Amount Due | 0-30 | 31-60 | 61-90 | 91-120 | +120 Days |
|---|---|---|---|---|---|---|---|---|
| **1428 Del** | | **phi Automotive Systems** | | | | | | |
| Inv | 177388 1/14/09 | PO-07564 | $ 1,974.78 | | | | | $ 1,974.78 |
| Inv | 178292 3/18/09 | PO-05106 | $ 6,256.36 | | | | | $ 6,256.36 |
| Inv | 179030 5/11/09 | PO-05098 | $ 3,484.31 | | | | | $ 3,484.31 |
| Inv | 179029 5/11/09 | PO-05089 | $ 2,981.24 | | | | | $ 2,981.24 |
| Inv | 179028 5/11/09 | PO-05091 | $ 1,995.04 | | | | | $ 1,995.04 |
| Inv | 179027 5/11/09 | PO-05101 | $ 4,388.11 | | | | | $ 4,388.11 |
| Inv | 179026 5/11/09 | PO-05097 | $ 3,073.44 | | | | | $ 3,073.44 |
| Inv | 179025 5/11/09 | PO-05109 | $ 6,357.61 | | | | | $ 6,357.61 |
| Inv | 179500 6/10/09 | PO-05084 | $ 276.13 | | | | | $ 276.13 |
| Inv | 179565 6/16/09 | PO-05104 | $ 4,334.63 | | | | | $ 4,334.63 |
| Inv | 179564 6/16/09 | PO-05105 | $ 4,938.09 | | | | | $ 4,938.09 |
| Inv | 179563 6/16/09 | PO-05099 | $ 3,749.06 | | | | | $ 3,749.06 |
| Inv | 179562 6/16/09 | PO-05109 | $ 5,048.49 | | | | | $ 5,048.49 |
| Inv | 179561 6/16/09 | PO-05077 | $ 4,461.20 | | | | | $ 4,461.20 |
| Inv | 179568 6/17/09 | PO-07586 | $ 5,284.50 | | | | | $ 5,284.50 |
| Inv | 179632 6/24/09 | PO-05106 | $ 7,070.94 | | | | | $ 7,070.94 |
| Inv | 179631 6/24/09 | PO-05109 | $ 3,224.35 | | | | | $ 3,224.35 |
| Inv | 179630 6/24/09 | PO-05105 | $ 4,881.21 | | | | | $ 4,881.21 |
| Inv | 179628 6/24/09 | PO-05104 | $ 4,660.46 | | | | | $ 4,660.46 |
| OA | 21600 8/03/09 | PRICE VARIANCE | $ (2,323.88) | | | | | $ (2,323.88) |
| | | PRICE VARIANCE | | | | | | |
| Inv | 180148 8/03/09 | RM2009-04082-SN | $ 3,545.19 | | | | | $ 3,545.19 |
| Inv | 180356 8/11/09 | RM2009-04082-SN | $ 1,305.42 | | | | | $ 1,305.42 |
| Inv | 180599 8/24/09 | RM2009-04082-SN | $ 4,447.09 | | | | | $ 4,447.09 |
| Inv | 180713 8/31/09 | RM2009-04082-SN | $ 3,308.28 | | | | | $ 3,308.28 |
| Inv | 181337 9/29/09 | RM2009-04082-SN | $ 26,899.59 | | | | | $ 26,899.59 |
| Inv | 181469 10/05/09 | RM2009-04081-SN | 4,258.10 | | | | $ 4,258.10 | |
| Inv | 181468 10/05/09 | RM2009-04082-SN | 13,099.50 | | | | $ 13,099.50 | |
| **Tot** | | **als for Account 1428** | **$132,979.24** | **$    -** | **$    -** | **-** | **$ 17,357.60** | **$ 115,621.64** |