BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
(317) 236-1313
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)

Attorneys for Navistar, Inc. (f/k/a International Truck and Engine Corporation)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                      :        Chapter 11
:
DPH HOLDINGS CORP., *et al*.,      :        Case No. 05-44481 (RDD)
:
                Reorganized Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RESPONSE OF NAVISTAR INC. TO REORGANIZED DETBORS' FORTY-THIRD OMNIBUS CLAIMS OBJECTION

Navistar, Inc. (f/k/a International Truck and Engine Corporation) ("Navistar"), by and through its undersigned counsel, hereby files this Response *to Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, and OPEB Claims, (H) Workers' Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims* filed on January 22, 2010 [Docket Entry No. 19356] (the "Forty-Third Omnibus Objection" or the "Objection") and in support hereof, respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Response pursuant to 28 U.S.C. §§ 157 and 1134.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. On October 8, 2005 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

5. After the Petition Date, Navistar continued to sell and deliver goods and/or services to Delphi Diesel Systems Corporation. Pursuant to the Bankruptcy Court's Modification Procedures Order dated June 16, 2009 [Docket No. 17032] (as amended and supplemented by a further order dated June 29, 2009 [Docket No. 17376]) (together, the "Procedures Order"), on July 15, 2009, Navistar timely filed a proof of administrative claim against Delphi Diesel Systems Corporation, in the amount of $36,872.63 for unpaid goods Navistar sold and delivered to Delphi Diesel Systems Corporation between October 8, 2005 and June 1, 2009, which claim has been designated by the Reorganized Debtors[1] as Claim No. 19147 (the "Pre-June 2009 Claim"). A true and correct copy of the Pre-June 2009 Claim is attached hereto as <u>Exhibit A</u> and incorporated herein by reference as if fully set forth at length.

6. Pursuant to the Bankruptcy Court's Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates,

---

[1] As defined in the Forty-Third Omnibus Objection.

Debtors and Debtors-In-Possession and (B) Occurrence of Effective Date (the "Notice of Effective Date") [Docket No. 1895], on November 4, 2009, Navistar timely filed a proof of administrative claim against Delphi Diesel Systems Corporation, in the amount of $26,638.12 for unpaid goods Navistar sold and delivered to Delphi Diesel Systems Corporation between June 1, 2009 and October 6, 2009, which claim has been designated by the Reorganized Debtors as Claim No. 19921 (the "Post-June 2009 Claim," and together with the Pre-June 2009 Claim collectively, the "Claim"). A true and correct copy of the Post-June 2009 Claim is attached hereto as Exhibit B and incorporated herein by reference as if fully set forth at length.

7. The Claim is an administrative priority claim pursuant to 11 U.S.C. § 503(b)(1)(A) and § 507(a)(2) of the Bankruptcy Code. By the Claim, Navistar reserved its rights to supplement and amend the Claim for the purpose of including specific or additional sums as additional post-petition claims.

8. On January 22, 2010, the Reorganized Debtors filed the Forty-Third Omnibus Objection. Pursuant to the Forty-Third Omnibus Objection, the Reorganized Debtors are seeking to expunge and disallow the Claim because the Reorganized Debtors allege it was satisfied in the ordinary course of business.

## RESPONSE

9. In the Objection, Reorganized Debtors' assert that the Claim should be disallowed and expunged because the Claim "assert[s] liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and records … because [the Claim has] been satisfied in the ordinary course of business." *See* Objection at ¶ 9 and at Exhibit B to Objection at page 38. To the extent the Objection seeks to disallow and expunge the Claim, it should be overruled.

3

10. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and field in accordance with these rules shall constitute *prima facie* evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001(f). As the objecting party, the Reorganized Debtors have the burden of overcoming that *prima facie* presumption. *See Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) ("To overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (quoting *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d. Cir. 2000)).

11. Here, the Reorganized Debtors have not met their burden. Rather, the Reorganized Debtors assert a blanket objection claiming that the Claim "assert[s] liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and records" without providing any supporting evidence. *See* Objection at ¶ 9. Reorganized Debtors do not provide any evidence that refutes at least one allegation essential to the Claim. Therefore, the Objection should be overruled.

12. Reorganized Debtors also have not provided any legal or factual bases to overcome the presumption of validity the Claim. Rather, Reorganized Debtors only assert that "the burden is on the claimant asserting an Administrative Claim to prove by a preponderance of evidence that the allowance of the Administrative Claim is justified." *See* Objection ¶ 9 (citing *Solow v. American Airlines* (*In re Midway Airlines*), 221 B.R. 411, 446 (Bankr. N.D. Ill. 1998)).

13. The two-pronged test for determining whether a claim is entitled to administrative status is: (1) the transaction giving rise to the claim must have arisen as a result of a transaction between the creditor and the debtor's estate, and (2) the transaction must have conferred upon the

4

debtor's estate a benefit in the operation of its post-petition business.  *See In re Midway Airlines*, 221 B.R. at 449.

14.  Here, Navistar has satisfied the two-pronged test.  The transactions giving rise to the Claim arose from the post-petition sale of goods to Delphi Diesel Systems Corporation that conferred a benefit upon the Reorganized Debtors' estate in the operation of the Reorganized Debtors' post-petition business.

15.  Navistar acknowledges that it has received some payments in the ordinary course of business on the Claim, thereby reducing the amount of the Claim.  As of February 11, 2010, the balance due and owing on the Pre-June 2009 Claim was not less than $34,540.00 and the balance due and owing on the Post-June 2009 Claim was not less than $1,500.00.  The amounts that remain due and owing on the Claim as of February 11, 2010 are the result of post-petition reductions/credits asserted and taken by Delphi Diesel Systems Corporation without the approval of Navistar, for post-petition goods Navistar provided to Delphi Diesel Systems Corporation.  Attached hereto and incorporated herein as Exhibit C are redacted[2] copies of the records evidencing the reductions/credits asserted by Delphi Diesel Systems Corporation.

16.  Navistar has proven that the Claim is entitled to administrative status by more than a preponderance of the evidence through the records attached hereto as Exhibit C evidencing the post-petition reductions/credits asserted by Delphi Diesel Systems Corporation, without the approval of Navistar, for post-petition goods Navistar provided to Delphi Diesel Systems Corporation.

---

[2] Certain confidential and proprietary information has been redacted from the Exhibits attached hereto.

5

17. Because the Reorganized Debtors' have not provided specific evidence to support their Objection to the Claim, Navistar is unable to respond specifically to any purported discrepancies in the Reorganized Debtors' books and records.

## **CONCLUSION**

18. Navistar agrees that it has received some payments in the ordinary course of business on the Claim, thereby reducing the amount of the Claim. Navistar is filing this Response to the Objection so as to preserve its rights and requests that the Court allow its Claim. As of February 11, 2010, Navistar will agree to reduce (i) the Pre-June 2009 Claim from $36,872.63 to $34,540.00, and (ii) the Post-June 2009 Claim from $26,638.12 to $1,500.00. However, unless and until Reorganized Debtors provide evidence of the basis for their objection[3], the Reorganized Debtors cannot overcome the *prima facie* presumption of the validity of the Claim and the Reorganized Debtors have shown no basis for disallowance of the Claim. Therefore, the Pre-June 2009 Claim should be allowed in the amount of not less than $34,540.00 and the Post-June 2009 Claim should be allowed in the amount of not less than $1,500.00.

19. Navistar reserves its rights to object to any further objections to the Claim as well as to object to any other filing affecting its rights and/or claims. Navistar further reserves the right to amend or supplement this Response and to amend the Claim.

20. The case law cited herein in support of this Response satisfies the requirements of Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

---

[3] When and if Reorganized Debtors provide evidence for the basis of their objection, Navistar reserves the right and opportunity to respond to any such evidence.

6

Dated: February 17, 2010            **BARNES & THORNBURG LLP**
      Indianapolis, Indiana

/s/ Mark R. Owens
Michael K. McCrory, Esq.
Mark R. Owens, Esq. (MO 9742)
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone:  (317) 236-1313
Facsimile:   (317) 231-7433
Email: mmccrory@btlaw.com
      mowens@btlaw.com

*Counsel for Navistar, Inc. (f/k/a International Truck and Engine Corporation)*