Hearing Date: **February 25, 2010 at 10:00 a.m. (EDT)**
Objection Deadline: **February 18, 2010 at 4:00 p.m. (EDT)**

GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202
(414) 273-3500
Jennifer B. Herzog (JH-3650)
    (admitted *pro hac vice*)
Timothy F. Nixon (TN-2644)

*Attorneys for City of Oak Creek.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

---

**RESPONSE OF CITY OF OAK CREEK TO DEBTORS' FORTY-THIRD OMNIBUS CLAIMS OBJECTION**

---

The City of Oak Creek (the "City"), by its attorneys, Godfrey & Kahn, S.C., responds to the Forty-Third Omnibus Objection ("Claims Objection") of Delphi Corporation, et al. (the "Debtors") and requests that the Court overrule the Claims Objection as it applies to the City. In support of its Response, the City states as follows:

**Background**

1. On October 8 and 14, 2005, the Debtors filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.

2. On July 13, 2009, the City timely filed an administrative claim in the total amount of $4,054.87. The claim is classified as Claim 18394 and is attached hereto as <u>Exhibit A</u>.

3. On August 6, 2009, the City amended its claim to reflect a total amount of $149,354.63. The amendment is classified as Claim 19534 and is attached hereto as <u>Exhibit B</u>.[1]

4. The bases for the Claim are various debts incurred to the City in its capacity as a municipality, including personal property taxes.

5. On October 15, 2009, the Debtors filed their Thirty-Seventh Omnibus Claims Objection wherein they requested that the amendment to the Claim be disallowed in its entirety as untimely filed, citing the administrative claims bar date of July 15, 2009. The City responded to that objection on November 11, 2009; resolution of that objection is pending.

6. On January 22, 2010, the Debtors filed their Forty-Third Omnibus Claims Objection wherein they requested that the Claim be disallowed in its entirety on the basis that it could not be reconciled with the Debtors' books and records. It is to that objection that the City now responds.

7. The Debtors' First Amended Joint Plan of Reorganization (as Modified) was confirmed on January 25, 2008, and consummated on October 6, 2009.

## Legal Issues

8. The Debtors contend that the Claim should be disallowed because it does not align with the Debtors' books and records. The Debtors offer no proof in support of this position.

9. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Any party objecting to such claim "bears the initial burden of presenting evidence sufficient to overcome the presumed validity and amount of the claim." <u>In re International Wireless Communications Holdings, Inc.</u>, 257

---

[1] The claim, as amended, is hereafter referred to as the "Claim."

2

B.R. 739, 742 (Bankr. D. Delaware 2001) (citing Smith v. Sprayberry Square Holdings, Inc. (In re Smith), 249 B.R. 328, 332-33 (Bankr.S.D.Ga.2000)).

10. The Debtors have presented no evidence in support of their position; therefore, they have failed to overcome the presumed validity of the Claim.

11. The Debtors attempt to shift their burden by asserting that "[t]he burden is on the claimant asserting an Administrative Claim to prove by a preponderance of evidence that allowance of Administrative Claim is justified" then argue that the failure to offer such proof supports disallowance of the claim.

12. The basis for the Debtors objection is a failure to reconcile records, rather than a lack of justification for the claim itself; the Debtors offer no support for this position. Further, the Claim primarily represents post-petition taxes. Administrative claims for such tax debts are explicitly contemplated in the Bankruptcy Code. See, e.g., 11 U.S.C. § 505(b)(2)). Accordingly, the Debtors have failed to demonstrate a valid basis for disallowance of the Claim.

## Conclusion

13. The Claim is valid and has met all applicable legal burdens for allowance.

14. The City reserves its right to file a Memorandum of Law in further support of its response.

WHEREFORE, the City of Oak Creek requests that the Court overrule the Forty-Third Omnibus Claims Objection as to the claim of the City of Oak Creek and allow its claim in its entirety, as amended, for a total administrative claim of $149,354.63.

Dated: February 17, 2010.

                                  **GODFREY & KAHN, S.C.**

                By:      */s/ Jennifer B. Herzog*
                       Jennifer B. Herzog (JH-3650)
                        (admitted *pro hac vice*)
                       Timothy F. Nixon (TN-2644)

                       *Attorneys for City of Oak Creek.*

Godfrey & Kahn, S.C.
780 North Water Street
Milwaukee, WI 53202
Telephone:  (414) 273-3500
FAX:  (414) 273-5198
E-mail: jherzog@gklaw.com
        tnixon@gklaw.com

4682364_1

4