| | |
|---|---|
| **MORITT HOCK HAMROFF & HOROWITZ LLP**<br>400 GARDE1024-N CITY PLAZA<br>GARDEN CITY, NY 11530<br>(516) 873-2000<br>LESLIE A. BERKOFF (LB-4584)<br>**LBERKOFF@MORITTHOCK.COM** | HEARING DATE AND TIME: FEBRUARY 25, 2010, 10:00 AM<br><br>RESPONSE DATE AND TIME: FEBRUARY 18, 2010, 4:00 PM |

AND

**HAHN LOESER & PARKS LLP**
200 PUBLIC SQUARE, SUITE 2800
CLEVELAND, OH 44114
(216) 621-0150
ROCCO I. DEBITETTO (OHIO ID #0073878)
**RIDEBITETTO@HAHNLAW.COM**

CO-COUNSEL FOR ROBIN INDUSTRIES, INC., HOLMCO DIVISION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:                                          :         Chapter 11
                                                :
**DPH HOLDINGS CORP**, *et al*.,                :         Case No. 05-44481 (RDD)
                                                :
                                                :
         Reorganized Debtors.                   :         Jointly Administered
-------------------------------------------------------x

**RESPONSE OF ROBIN INDUSTRIES, INC., HOLMCO DIVISION TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D) EQUITY INTERESTS, (E) PREPETITION CLAIMS, (F) PENSION, BENEFIT, AND OPEB CLAIMS, (H) WORKERS' COMPENSATION CLAIMS, AND (I) TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY AND ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, [DOCKET NO. 19395]**

Robin Industries, Inc., Holmco Division ("Claimant"), by and through its undersigned counsel, hereby responds (the "Response") to the *Reorganized Debtors' Forty-Third Omnibus*

*Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, and OPEB Claims, (H) Workers' Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims* [Docket No. 19395] (the "Claim Objection")[1], respectfully stating as follows:

## BACKGROUND

1.  On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (together with all other debtors and debtors-in-possession in the above captioned, jointly administered case, the "Reorganized Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as then amended, the "Bankruptcy Code").

*The Administrative Claim*

2.  On November 5, 2009, Claimant timely filed Proof of Administrative Claim No. 19792 in the amount of $122,254.38 (the "Administrative Claim") in the Reorganized Debtors' bankruptcy case, asserting Claimant's right to payment for goods (generally consisting of various rubber molded products) and related services provided to one or more of the Reorganized Debtors on a post-petition basis. As of the date of this Response, not less than $36,840.36 of the Administrative Claim remains unpaid (together with any other or further unpaid amounts set forth in the Administrative Claim, the "Unpaid Administrative Claim Amount"). A summary of

---

[1] Unless otherwise defined or stated herein, all capitalized terms used herein shall have the meanings ascribed to them in the Claim Objection.

the Unpaid Administrative Claim Amount and associated documentation is attached hereto collectively as Exhibit 1.[2]

### *The Claim Objection*

3.      Pursuant to the Claim Objection, the Reorganized Debtors seek to disallow the Administrative Claim on the grounds that it is not reflected in the Reorganized Debtors' books and records or was paid in full in the ordinary course of business.  (Claim Obj., ¶¶ 20-23; Ex. B.)

## **LAW AND ARGUMENT**

*The Reorganized Debtors Failed to Rebut the Prima Facie Validity of the Administrative Claim*

4.      The Administrative Claim is *prima facie* evidence of its validity and amount. Fed. R. Bankr. P. 3001(f) (providing that "[a] proof of claim executed and filed in accordance with th[e] [Bankruptcy] [R]ules shall constitute prima facie evidence of the validity and amount of the claim"); *see also In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994).  The Reorganized Debtors, as the objecting parties, bear the burden of introducing sufficient evidence to rebut this presumption.  *See Primavera Familienstiftung v. Askin,* 130 F.Supp.2d 450, 540 (S.D.N.Y. 2001); *In re Woodmere Invs. Ltd. P'ship*, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995); *In re Frederes*, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989); *In re St. Johnsbury Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997).[3]  Such evidence must sufficiently demonstrate a true dispute and have probative force equal to the contents of the Administrative Claim. COLLIER ON BANKRUPTCY, ¶ 3001.09[2] (15th ed. 2004) (evidence necessary to rebut the presumption of validity "must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim.") (citing *In re Wells*, 51 B.R. 563 (D. Colo.

---

[2] In the interest of conserving resources, Claimant only attaches documentation of the Unpaid Administrative Claim Amount.  To the extent necessary, Claimant can and will provide the Court with documentation of the entire Administrative Claim.

[3] Even if an entire claim is not found to be *prima facie* valid, then a creditor nevertheless has the opportunity to prove the existence and amount of a claim.  *See In re Cluff*, 313 B.R. 323, 337-38 (Bankr. D. Utah 2004), *aff'd*, No. 2:04-CV-978 TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah, Sept. 29, 2006).

1985)); *see also In re Premo,* 116 B.R. 515, 518 (Bankr. E.D. Mich. 1990); *In re Unimet Corp.*, 74 B.R. 156, 165 (Bankr. N.D. Ohio 1987).  Bare allegations that a claim should not be allowed fail to satisfy an objecting party's burden of going forward on a claim objection.  *See, e.g., In re Cluff*, 313 B.R. 323, 337 fn. 47 (Bankr. D. Utah 2004), *aff'd*, No. 2:04-CV-978 TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah, Sept. 29, 2006) (stating that "a bare statement that there is a lack of documentation is insufficient as a matter of evidentiary burden to destroy the presumption [of validity established pursuant to Rule 3001(f)]" when overruling multiple claim objections).  If the Reorganized Debtors meet the burden of going forward with the Claim Objection, then the ultimate burden of proof rests with the party that would bear such burden pursuant to applicable non-bankruptcy law.  *See Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 21 (2000) ("the burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it.").

     5.     The Claim Objection fails to rebut the presumed validity and amount of the Administrative Claim.  The Reorganized Debtors request disallowance based on bare and unsubstantiated statements that the Administrative Claim is not reflected in their books or records, or otherwise has been paid in full.  (Claim Obj., ¶¶ 20-23; Ex. B.)  The Reorganized Debtors' "take-our-word-for-it" approach, void of any supporting evidence, does not and cannot rebut the presumptions afforded to the Administrative Claim.  Accordingly, the Claim Objection should be overruled, the Administrative Claim should be allowed in its entirety as filed, and the Unpaid Administrative Claim Amount should be paid in full.[4]

---

[4] Although it is unnecessary to do so in view of the Reorganized Debtors' failure to carry their burden of going forward with the Claim Objection altogether, Claimant nevertheless addresses the balance of the Claim Objection, insofar as it pertains to the Administrative Claim, in an abundance of caution.

*The Administrative Claim Should be Allowed and Paid in Full*

6.  Claimant demonstrated a *prima facie* right to allowance and payment of the Administrative Claim, which the Reorganized Debtors failed to rebut. Even if the Reorganized Debtors rebutted the presumed validity and amount of the Administrative Claim, which they did not, the Administrative Claim nevertheless should be allowed and paid in full.

7.  Despite Reorganized Debtors' unsubstantiated assertions to the contrary, the Administrative Claim has *not* been paid in full and sufficient documentation of the Administrative Claim has been provided to the Reorganized Debtors. Moreover, the Reorganized Debtors do not dispute receipt of the goods that are the subject of the Administrative Claim or that the Administrative Claim constitutes a claim for actual and necessary costs of preserving the estate. 11 U.S.C. § 503(b). Accordingly, the Administrative Claim should be allowed in full and the Unpaid Administrative Claim Amount should be paid in full.

## STATEMENT OF COMPLIANCE WITH CLAIMS OBJECTION PROCEDURES ORDER

8.  Claimant states that this Response complies with the Claims Objection Procedures Orders[5] in that it (a) is in writing; (b) conforms to the Federal Rules of Bankruptcy Procedure, Local Rules for the Southern District of New York, and the Amended Eighth Supplemental Case Management Order (as defined in the Claims Objection Procedures Order); (c) is filed with the Court in accordance with General Order M-242 (as amended); (d) was or will be submitted in

---

[5] "Procedures Orders" means and collectively refers to (a) the December 7, 2006, *Order Pursuant To 11 U.S.C. Sections 502(b) and 502(c) and Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims and (II) Certain Notices and Procedures Governing Objections to Claims* [Docket No. 6088]; (b) the October 22, 2009, *Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors to Apply Claims Objection Procedures to Address Contested Administrative Expense Claims*; (c) the March 17, 2006, *Supplemental Order Under 11 U.S.C. §§ 102(1) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures*; and (d) the December 11, 2009, *Sixteenth Supplemental Order Under 11 U.S.C. §§ 102(1) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Revising Certain Notice Procedures*.

hard copy form directly to the chambers of the Honorable Robert D. Drain; (e) was served upon (i) DPH Holding Corp.; and (ii) counsel to the Reorganized Debtors at the addressees specified in the notice corresponding to the Claim Objection; (f) contains the title of the Claim Objection to which this Response is directed; (g) contains the name of the Claimant and a brief description of the basis for the amount of the Administrative Claim; (h) contains a concise statement setting forth the reasons why the Administrative Claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific (non-exhaustive) factual and legal bases upon which Claimant will rely in opposing the Claim Objection; (i) need not be accompanied by further documentation of the Administrative Claim; and (j) states the amount of the Administrative Claim that Claimant believes is allowable and payable.  **Any reply to the Response and all filings or other submissions related to the Administrative Claim, Claim Objection, and/or Response, should be sent to Claimant at 6500 Rockside Road, Suite 230, Independence, Ohio 44131; Attn. Greg Malafarina; with contemporaneous copies sent to (i) Rocco I. Debitetto, Hahn Loeser & Parks LLP, 200 Public Square, Suite 2800, Cleveland, Ohio 44114; and (ii) Leslie A. Berkoff, Moritt, Hock, Hamroff & Horowitz LLP, 400 Garden City Plaza, Garden City, New York, 11530.**  To the extent that this Response does not confirm to the requirements of an applicable Procedures Order, Claimant respectfully requests relief from such provisions or, alternatively, a reasonable opportunity to amend this Response in order to conform to the same.

**RESERVATION OF RIGHTS**

9. Claimant reserves the right to amend, supplement, or otherwise modify this Response, the Administrative Claim, and any and all attachments hereto or thereto and to submit such other and further evidence and briefing in support of the allowance and payment of the Administrative Claim as necessary or proper.

## **CONCLUSION**

10. The Claim Objection must be overruled in its entirety insofar as it pertains to Claimant and the Administrative Claim. The Reorganized Debtors simply failed to rebut the presumed validity and priority of the Administrative Claim and failed to articulate and substantiate sufficient bases for the requested relief. The Administrative Claim should be allowed in its entirety as filed and the Unpaid Administrative Claim Amount should be paid in full.

WHEREFORE, Claimant respectfully requests that the Court enter an Order (a) overruling the Claim Objection in its entirety insofar as it pertains to the Administrative Claim and Claimant; (b) allowing the Administrative Claim in full as filed; (c) directing prompt payment of the Unpaid Administrative Claim Amount; (d) to the extent necessary, affording Claimant any relief appropriate under the applicable Procedures Orders; and (e) granting

Claimant such other and further relief to which it is justly entitled.

Dated:  February 17, 2010          **MORITT HOCK HAMROFF & HOROWITZ LLP**
Co-Counsel for Robin Industries, Inc., Holmco Division

/s/ Leslie A. Berkoff
Leslie A. Berkoff (LB-4584)
400 Garden City Plaza
Garden City, NY  11530
Telephone:  (516) 873-2000
Facsimile:   (516) 873-2010
E-mail:      lberkoff@moritthock.com

And

**HAHN LOESER & PARKS LLP**
Co-Counsel for Robin Industries, Inc., Holmco Division
Rocco I. Debitetto (Ohio ID # 0073878)
200 Public Square, Suite 2800
Cleveland, OH  44114
Telephone:  (216) 621-0150
Facsimile:   (216) 241-2824
E-mail:      ridebitetto@hahnlaw.com

# EXHIBIT 1