IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

In re                           :     Chapter 11
                                       :

DPH HOLDINGS CORP., et al.,   :     Case No. 05-44481 (RDD)
                                       :

             Reorganized Debtors. :     (Jointly Administered)
                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

On February 12, 2010, I caused to be served the document listed below (i) upon the parties listed on Exhibit A hereto via overnight delivery; (ii) upon the parties listed on Exhibit B via email notification and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims ("Forty-Fifth Omnibus Claims Objection") (Docket No. 19423) [a copy of which is attached hereto as Exhibit D]

On February 12, 2010, I caused to be served the documents listed below upon the parties listed on Exhibit E hereto via postage pre-paid U.S. mail:

2) Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims ("Forty-Fifth Omnibus Claims Objection") (without exhibits) (Docket No. 19423) [a copy of which is attached hereto as Exhibit D]

3)  Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy
    of the form of which is attached hereto as <u>Exhibit F</u>].   Each party's
    Personalized Notice was sent to the name and address listed in columns 1 and
    2 of <u>Exhibit E</u> attached hereto.  In addition, the chart provided on each party's
    Personalized Notice contained the information listed in columns 3 through 8
    of <u>Exhibit E</u> attached hereto.   The chart contained in the form of the
    Personalized Notice which is attached hereto as <u>Exhibit F</u> has been marked so
    as to demonstrate the manner in which the information listed in columns 3
    through 8 of <u>Exhibit E</u> attached hereto was incorporated into each
    Personalized Notice.

4)  Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m),
    3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings
    Regarding Objections To Claims And (II) Certain Notices And Procedures
    Governing Objections To Claims ("Claim Objection Procedures Order")
    (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit G</u>]

5)  Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors to
    Apply Claims Objection Procedures to Address Contested Administrative
    Expense Claims ("Order Authorizing Use of Administrative Claims Objection
    Procedures") (Docket No. 18998) [a copy of which is attached hereto as
    <u>Exhibit H</u>]


    On February 12, 2010, I caused to be served the documents listed below upon the
parties listed on <u>Exhibit I</u> hereto via postage pre-paid U.S. mail:

6)  Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C.
    § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative
    Expense (A) Severance Claims, (B) Books And Records Claims, (C)
    Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred
    Workers' Compensation Claims, (II) Modify And Allow Certain
    Administrative Expense Severance Claims, And (III) Allow Certain
    Administrative Expense Severance Claims ("Forty-Fifth Omnibus Claims
    Objection") (without exhibits) (Docket No. 19423) [a copy of which is
    attached hereto as <u>Exhibit D</u>]

7)  Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy
    of the form of which is attached hereto as <u>Exhibit J</u>].   Each party's
    Personalized Notice was sent to the name and address listed in columns 1 and
    2 of <u>Exhibit I</u> attached hereto.  In addition, the chart provided on each party's
    Personalized Notice contained the information listed in columns 3 through 9
    of <u>Exhibit I</u> attached hereto.   The chart contained in the form of the
    Personalized Notice which is attached hereto as <u>Exhibit J</u> has been marked so
    as to demonstrate the manner in which the information listed in columns 3
    through 9 of <u>Exhibit I</u> attached hereto was incorporated into each Personalized
    Notice.

8) Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit G</u>]

9) Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors to Apply Claims Objection Procedures to Address Contested Administrative Expense Claims ("Order Authorizing Use of Administrative Claims Objection Procedures") (Docket No. 18998) [a copy of which is attached hereto as <u>Exhibit H</u>]

On February 12, 2010, I caused to be served the documents listed below upon the parties listed on <u>Exhibit K</u> hereto via postage pre-paid U.S. mail:

10) Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims ("Forty-Fifth Omnibus Claims Objection") (without exhibits) (Docket No. 19423) [a copy of which is attached hereto as <u>Exhibit D</u>]

11) Personalized Notice of Objection to Claim (the "Personalized Notice") [a copy of the form of which is attached hereto as <u>Exhibit L</u>]. Each party's Personalized Notice was sent to the name and address listed in columns 1 and 2 of <u>Exhibit K</u> attached hereto. In addition, the chart provided on each party's Personalized Notice contained the information listed in columns 3 through 9 of <u>Exhibit K</u> attached hereto. The chart contained in the form of the Personalized Notice which is attached hereto as <u>Exhibit L</u> has been marked so as to demonstrate the manner in which the information listed in columns 3 through 9 of <u>Exhibit K</u> attached hereto was incorporated into each Personalized Notice.

12) Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims ("Claim Objection Procedures Order") (Docket No. 6089) [a copy of which is attached hereto as <u>Exhibit G</u>]

13) Order Pursuant to 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors to Apply Claims Objection Procedures to Address Contested Administrative Expense Claims ("Order Authorizing Use of Administrative Claims Objection Procedures") (Docket No. 18998) [a copy of which is attached hereto as <u>Exhibit H</u>]

Dated: February 17, 2010

_____ */s/ Evan Gershbein* _____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 17th day of February, 2010, by
Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature:  */s/ Gabriela Medina*

Commission Expires:  *6/11/13*

# EXHIBIT A

DPH Holdings Corp.

Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-----|------------------|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | 312-759-5646 | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Automotive LLP | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | | Reorganized Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | Counsel to Flextronics International USA, Inc. |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | 212-972-1677 | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | IRS |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 3

2/15/2010 5:02 PM
Master Service List 100212 Overnight

In re. DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | Noticing and Claims Agent |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | 212-416-6007 | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Israel Goldowitz | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | Local Counsel to the Reorganized Debtors |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

2/15/2010 5:02 PM
Master Service List 100212 Overnight

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | 312-407-0411 | Counsel to the Reorganized Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | Counsel to the Reorganized Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | 312-641-6959 | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | Conflicts Counsel to the Reorganized Debtors |
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | Counsel to United States Trustee |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | Creditor Committee Member/Indenture Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 3

2/15/2010 5:02 PM
Master Service List 100212 Overnight

# EXHIBIT B

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | pclark@btlaw.com | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Automotive LLP | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | john.brooks@delphi.com | Reorganized Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | sbetance@kccllc.com | Noticing and Claims Agent |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | patrick.healy@lawdeb.com | Indenture Trustee |

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szleinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | lszlezinger@mesirowfinanci al.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | eugene.leff@oag.state.ny.u s | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | newyork@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | william.dornbos@oag.state. ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | tjerman@omm.com | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | sshimshak@paulweiss.com pweintraub@paulweiss.com | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | landy.ralph@pbgc.gov morris.karen@pbgc.gov menke.john@pbfgc.gov bangert.beth@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | david.resnick@us.rothschild .com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Reorganized Debtors |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | kmarafio@skadden.com | Counsel to the Reorganized Debtor |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

2/15/2010 5:02 PM
Master Service List 100212 Email

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-------|------------------|
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | jcohen@stahlcowen.com tcornell@stahlcowen.com | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | altogut@teamtogut.com | Conflicts Counsel to the Reorganized Debtors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 3

2/15/2010 5:02 PM
Master Service List 100212 Email

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | gogimalik@andrewskurth.com | Counsel to ITW Mortgage Investments IV, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | David M. Powlen | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | david.powlen@btlaw.com | Counsel to Howard county, Indiana |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | john.gregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bendinelli Law Office PC | Jerry Sumner | 11184 Huron Street | Suite 10 | Denver | CO | 80234 | | 303-940-9900 | js@colawfirm.com; michelle@colawfirm.com | Counsel to Jose C Alfaro |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississipp; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chryslser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Bose McKinney & Evans LLP | Michael A Trentadue Carina M de la Torre | 111 Monument Circle Ste 2700 | | Indianapolis | IN | 46204 | | 317-684-5000 | mtrentadue@boselaw.com cdelatorre@boselaw.com | Counsel to Decatur Plastics Products, Inc. |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimilliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn C. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|-----------------|
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidmartin@erisacase.com davidmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 5 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Morgan Smith | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-5679 | mmsmith@dykema.com | Attorneys for Tremond City Barrel Fill PRP Group |
| Dykema Gossett PLLC | Sharon A. Salinas | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-2199 | ssalinas@dykema.com | Counsel to Tremont City Barrel Fill PRP Group |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Ann Marie Uetz | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | auetz@foley.com | Counsel to PBR Tennessee |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | John R. Trentacosta Katherine R. Catanese | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jtrentacosta@foley.com kcatanese@foley.com | Counsel to Kautex Inc. |
| Fox Rothschild LLP | Fred Stevens | 13 East 37th Street | Suite 800 | New York | NY | 10016 | | 212-682-7575 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | frikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Goodwin Proctor LLP | Allan S. Brilliant | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | abrilliant@goodwinproctor.com | Counsel to UGS Corp. |
| Goodwin Proctor LLP | Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | cdruehl@goodwinproctor.com | Counsel to UGS Corp. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Internet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 350 Fifth Avenue | Suite 2418 | New York | NY | 10118 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haskell Slaughter Young & Rediker LLC | Robert H. Adams | 2001 Park Place North | Suite 1400 | Birmingham | AL | 35203 | | 205-251-1000 | rha@hsy.com | Counsel to Simco Construction, Inc. |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 9 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 10 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | Daniel Egan | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | degan@kslaw.com | Counsel to KPMG LLP |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | 801 East 86th | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississipp; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 12 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuireWoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuireWoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller; JAE Electronics, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | lpeterson@msek.com | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel for Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel for Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | pjricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 23

2/15/2010 5:03 PM
Email (391)

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | l.moore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| National Renewable Energy Laboratory | Marty Noland Principal Attorney | 1617 Golden Blvd | Legal Office, Mail Stop 1734 | Golden | CO | 80401 | | 303-384-7550 | marty_noland@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 666 Fifth Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawall@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA Inc. |
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 17 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | John J. Dawson | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jdawson@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 18 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.L. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com shellie@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to  le Belle/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 19 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to International Rectifier |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com egoldberg@stutman.com ipachulski@stutman.com jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Elliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@tcfhlaw.com | Counsel to Aluminum International, Inc. |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 40th Fl | | Chicago | IL | 60603 | | 312-580-2215 | dquaid@tcfhlaw.com efiledocketgroup@fagelhaber.com | Counsel for Penn Aluminum International Inc |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Todtman Nachamie Spizz & Johns PC | Janice B. Grubin | 425 Park Avenue | 5th Floor | New York | NY | 10022 | | 212-754-9400 | jgrubin@tnsj-law.com | Counsel to Vanguard Distributors, Inc. |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers Street 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | Five Gateway Center Suite 807 | | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 22 of 23

2/15/2010 5:03 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 23 of 23

2/15/2010 5:03 PM
Email (391)

# EXHIBIT C

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | Counsel to APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Counsel to Pullman Bank and Trust Company |
| Bingham McHale LLP | John E Taylor Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Harris D. Leinwand | Harris D. Leinwand | 235 Weaver Street | Unit 6H | Greenwich | CT | 06831 | | | | Counsel to Ahaus Tool & Engineering |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | | Counsel to Ahaus Tool & Engineering |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | 212-972-1677 | Co-Counsel for Yazaki North America, Inc. |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | Creditor |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | Counsel to Trutron Corporation |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | | | General Counsel to Jason Incorporated |
| McCarthy Tetrault LLP | John J. Salmas | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | Canada | 416-362-1812 | 416-868-0673 | Counsel to Themselves (McCarthy Tetrault LLP) |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | 248-786-3596 | Counsel to  Michigan Heritage Bank; MHB Leasing, Inc. |
| Miller & Chevalier Chartered | Anthony F Shelley Timothy P O'Toole | 655 Fifteenth Street NW Suite 900 | | Washington | DC | 20005 | | 202-626-5800 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |
| Morrison Cohen LLP | Joseph T. Moldovan Michael R Dal Lago | 909 Third Ave | | New York | NY | 10022 | | 212-735-8600 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 4

2/15/2010 5:03 PM
US Mail (46)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nix, Patterson & Roach, L.L.P. | Bradley E. Beckworth Jeffrey J. Angelovich Susan Whatley | 205 Linda Drive | | Daingerfield | TX | 75638 | | 903-645-7333 | 903-645-4415 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | Counsel to Rotor Clip Company, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | Counsel to Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | Counsel to SKF USA, Inc. |
| Plunkett Cooney | Charles W Browning Robert G Kamenec Elaine M Pohl | 38505 Woodward Avenue | Suite 2000 | Bloomfield Hills | MI | 48304 | | 248-901-4000 | 248-901-4040 | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | 989-754-7690 | Corporate Secretary for Professional Technologies Services |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | Susheel Kirpalani James C Tecce Scott C Shelley | 51 Madison Ave 22nd Fl | | New York | NY | 10010 | | 212-849-7199 | 212-849-7100 | Counsel For Collective Of Tranche C DIP Lenders |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Floor | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | Counsel to Republic Engineered Products, Inc. |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | Attorneys for D-J. Inc. |
| Sachnoff & Weaver, Ltd | Arlene Gelman Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | Counsel to Infineon Technologies North America Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 4

2/15/2010 5:03 PM
US Mail (46)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|------------------|
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | Counsel to Dott Industries, Inc. |
| Schiffrin & Barroway, LLP | Michael Yarnoff | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Schiffrin & Barroway, LLP | Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | Counsel to Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Sterns & Weinroth, P.C. | Jeffrey S. Posta | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | 609-392-7956 | Counsel to Doosan Infracore America Corp. |
| Thelen Reid Brown Raysman & Steiner LLP | Marcus O. Colabianchi | 101 Second St Ste 1800 | | San Francisco | CA | 94105-3606 | | 415-369-7301 | 415-369-8764 | Counsel to Oki Semiconductor Company |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | 185 Asylum Street | CityPlace I 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | Counsel to Barnes Group, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | Counsel to Nissan North America, Inc. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|------------------|
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | Counsel to Toshiba America Electronic Components, Inc. |
| WL Ross & Co., LLC | Stephen Toy | 1166 Avenue of the Americas | | New York | NY | 10036-2708 | | 212-826-1100 | 212-317-4893 | Counsel to WL. Ross & Co., LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 4

2/15/2010 5:03 PM
US Mail (46)

# EXHIBIT D

**Hearing Date And Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: March 11, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
         In re                            :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
                                          :    (Jointly Administered)
                                          :
         Reorganized Debtors.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION PURSUANT TO
11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN
ADMINISTRATIVE EXPENSE (A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS
CLAIMS, (C) DUPLICATE CLAIMS, (D) PENSION AND BENEFIT CLAIMS, AND (E)
TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY AND ALLOW
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW
<u>CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS</u>

("FORTY-FIFTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R.

Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B)

Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E)

Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative

Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims

(the "Forty-Fifth Omnibus Claims Objection" or the "Objection"), and respectfully represent as

follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the

"Confirmation Order") on January 25, 2009, and the order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127

for an order approving (i) certain modifications to the Confirmed Plan and related disclosure

statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified

(Docket No.14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a

supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval

2

of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental

disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  This Court entered an

order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

       4.       On October 6, 2009 (the "Effective Date")[1], the Debtors substantially

consummated the Modified Plan and closed the transactions under the Master Disposition

Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC,

General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP

Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi

Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers

party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries and

affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components

Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing

plants and the Debtors' non-core steering business, respectively.  The Reorganized Debtors have

emerged from reorganization as DPH Holdings and affiliates and remain responsible for the post-

Effective Date administration of these chapter 11 cases, including the disposition of certain

retained assets, the payment of certain retained liabilities as provided for under the Modified Plan,

and the eventual closing of the cases.

       5.       This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§

157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

---

[1]    Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified
Plan.

6.       The statutory predicates for the relief requested herein are sections 503(b)

of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.       Administrative Claims Bar Dates

7.       Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the

Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As

Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date

To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting

Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date entered June

16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court established July

15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an administrative

expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") for the

period from the commencement of these cases through June 1, 2009.[2]  On or before June 20, 2009,

in accordance with the Modification Procedures Order, the Debtors caused Kurtzman Carson

Consultants LLC ("KCC"), the Debtors' claims and noticing agent, and Financial Balloting Group

LLC, the Debtors' noticing and voting agent, or their agents to transmit with the resolicitation

materials in connection with the Modified Plan a Notice Of Bar Date For Filing Proofs Of

Administrative Expense describing the procedures for asserting an Administrative Claim.

8.       In addition, Articles 1.5 and 10.5 of the Modified Plan established 30 days

after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the

bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

---

[2]      On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of
Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require
parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of
these cases through May 31, 2009 rather than through June 1, 2009.

Effective Date, unless otherwise ordered by this Court.[3]  Because the Effective Date was October

6, 2009, the Post-Emergence Bar Date was November 5, 2009.  On or before October 6, 2009, in

accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all parties

identifying themselves as creditors of the Reorganized Debtors, as well as those holding equity

interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession And (B) Occurrence Of Effective Date.  The notice described, among

other things, the procedures for asserting an Administrative Claim arising between June 1, 2009

and the Effective Date.

9.       On or before June 22, 2009, the Debtors published the notice of the July

15 Bar Date in the Detroit News & Free Press, the New York Times (National Edition), the Wall

Street Journal (National, Europe, and Asian Editions), and USA Today (Worldwide Edition) and

electronically through posting on the then-current Delphi Legal Information Website.  After

notices of the July 15 Bar Date and Post-Emergence Bar Date were given, 3,216 proofs of

administrative expense (the "Proofs of Administrative Expense") were filed against the Debtors

and the Reorganized Debtors.

10.      On July 31, 2009, the Debtors filed a Motion Pursuant To 11 U.S.C. §§

105(a) And 503(b) For Order Authorizing Debtors To Apply Claims Objection Procedures To

Administrative Expense Claims (the "Administrative Claims Procedures Motion"), in which the

Debtors requested that certain claims objection procedures set forth in the Order Pursuant To 11

U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

---

[3]     Professional Claims are not subject to the Post-Emergence Bar Date and are instead subject to the provisions of
Article 10.3 of the Modified Plan.

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") be applied to the adjudication of

Administrative Claims.  On October 22, 2009, this Court entered an order granting the

Administrative Claims Procedures Motion (Docket No. 18998) (the "Administrative Claims

Objection Procedures Order").

        11.      The Reorganized Debtors have filed four omnibus objections to

Administrative Claims.[4]  After hearing three of these four omnibus objections,[5] this Court

disallowed and expunged approximately 1,507 Administrative Claims.  In addition, the hearings

with respect to 24 Administrative Claims were adjourned pursuant to the Claims Objection

Procedures Order and the Administrative Claims Objection Procedures Order.

Relief Requested

        12.      By this Objection, the Reorganized Debtors are objecting to 61 Proofs of

Administrative Expense[6] and seek entry of an order pursuant to section 503(b) of the Bankruptcy

Code and Bankruptcy Rule 3007(a) disallowing and expunging (a) the Administrative Claims set

forth on Exhibit A hereto that were filed by claimants asserting liabilities for severance benefits

arising from agreements with the Debtors for which the Reorganized Debtors are not liable

because those severance benefits have been paid, (b) the Administrative Claims set forth on

---

[4]    Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for
administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in,
the Debtors and making distributions (if any) with respect to all Claims and Interests . . .."  Modified Plan, art.
9.6.

[5]    The fourth of these omnibus objections is scheduled to be heard by this Court on February 25, 2010.

[6]    All Proofs of Administrative Expense are set forth by claimant in alphabetical order on Exhibit I hereto and
cross-referenced by Proof of Administrative Expense umber and basis of objection.  Exhibit I hereto sets forth
the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits F and G
hereto.

Exhibit B hereto because such Administrative Claims assert liabilities and dollar amounts that are

not reflected on the Reorganized Debtors' books and records,[7] (c) the Administrative Claims set

forth on Exhibit C hereto because they are duplicative of other Administrative Claims, (d) the

Administrative Claims set forth on Exhibit D hereto for liabilities owing in connection with the

Debtors' employee benefit programs, pension plans, and other post-employment benefits programs

because the Reorganized Debtors are not liable for such Administrative Claims, and (e) the

Administrative Claims set forth on Exhibit E hereto because they were asserted by individual

current or former employees of the Debtors for workers' compensation claims that were

transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the

Master Disposition Agreement.

13.    In addition, the Reorganized Debtors seek entry of an order pursuant to

section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing the

Administrative Claims set forth on Exhibit F hereto that were filed by former employees asserting

liabilities for severance payments arising from agreements with the Debtors.  The amounts

asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose to

modify and allow each such Administrative Claim so that the modified and allowed amount of

each such Administrative Claim is asserted matches the Reorganized Debtors' books and records.

The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the

terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the

Master Disposition Agreement that provide that such Administrative Claims are to be paid by

---

[7]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.

and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

14.    Finally, the Reorganized Debtors seek entry of an order pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007 allowing the Claims set forth on <u>Exhibit G</u> hereto filed by former employees asserting liabilities for severance payments arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Objections To Claims

C.    <u>Severance Claims</u>

15.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts for severance benefits arising from agreements with the Debtors that are not owing pursuant to the Reorganized Debtors' books and records because those severance benefits have been paid (the "Severance Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Severance Claims are not creditors of the Debtors.

16.    Set forth on <u>Exhibit A</u> hereto are the Severance Claims that the Reorganized Debtors have identified as Administrative Claims for which the Debtors are no longer liable.  These Severance Claims should be disallowed and expunged.  If this Court does not disallow and expunge any Severance Claim in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Severance Claim at a later date on any basis whatsoever.

8

17.     Accordingly, the Reorganized Debtors (a) object to the Severance Claims and (b) seek entry of an order disallowing and expunging the Severance Claims in their entirety.

D.     Books And Records Claims

18.     During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not creditors of the Debtors.

19.     The burden is on the claimant asserting an Administrative Claim to prove by a preponderance of evidence that the allowance of the Administrative Claim is justified.  See In re United States Lines, Inc., 103 B.R. 427, 430 (Bankr. S.D.N.Y. 1989); In re National Steel Corp. et al., 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004); Solow v. American Airlines (In re Midway Airlines), 221 B.R. 411, 446 (Bankr. N.D. Ill. 1998); In re Alumni Hotel Corp., 203 B.R. 624, 630 (Bankr. E.D. Mich. 1996).  Because the holders of Books And Records Claims have failed to do this, their Books And Records Claims should be disallowed and expunged.

20.     Set forth on Exhibit B hereto are the Books And Records Claims that the Reorganized Debtors have identified as Administrative Claims for which the Debtors are not liable. These Books And Records Claims should be disallowed and expunged.  If this Court does not disallow and expunge any Books And Records Claim in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Books And Records Claim at a later date on any basis whatsoever.

21.     Accordingly, the Reorganized Debtors (a) object to the Books And Records Claims and (b) seek entry of an order disallowing and expunging the Books And Records Claims in their entirety.

9

E.    <u>Duplicate Claims</u>

22.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors in fact assert duplicative Administrative Claims (each, a "Duplicate Claim") for a single liability.  In some instances, these Duplicate Claims arose when a Claimant filed a Proof of Administrative Expense against multiple Debtor entities for the same liability.  In an effort to eliminate the Duplicate Claims, the Reorganized Debtors reviewed the Proofs of Administrative Expense and the supporting documentation provided in those Proofs of Administrative Expense to determine which duplicate claim should be the surviving claim.  It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Accordingly, the Reorganized Debtors wish to eliminate the Duplicate Claims.

23.    Set forth on <u>Exhibit C</u> hereto is a list of Administrative Claims that the Reorganized Debtors have identified as Duplicate Claims.  For each Duplicate Claim, <u>Exhibit C</u> classifies a Proof of Administrative Expense either as a "Claim To Be Expunged" or as a "Surviving Claim."  The Surviving Claims reflect the classifications of the liabilities as reflected on the Reorganized Debtors' books and records.  The Reorganized Debtors request that the Administrative Claims marked as "Claims To Be Expunged" on <u>Exhibit C</u> be disallowed and expunged.  With respect to the Administrative Claims on <u>Exhibit C</u> marked as Surviving Claims, the Reorganized Debtors do not seek any relief at this time.  The inclusion of the Surviving Claims on <u>Exhibit C</u>, however, does not reflect any view by the Reorganized Debtors as to the ultimate validity of any such Surviving Claims.  The Reorganized Debtors therefore expressly reserve all of their rights to further object to any or all of the Surviving Claims at a later date on any basis whatsoever.

10

24.    Accordingly, the Reorganized Debtors (a) object to the Duplicate Claims and (b) seek entry of an order disallowing and expunging the Duplicate Claims in their entirety.

F.    Pension And Benefit Claims

25.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Reorganized Debtors assert liabilities or dollar amounts in connection with pension plans, employee benefit programs, and/or post-retirement benefit programs that are not owing by the Reorganized Debtors (the "Pension And Benefit Claims").  These Pension And Benefit Claims assert either (a) prospective claims for benefits that have not yet vested or (b) claims for benefits that have already been paid.

26.    Pension Liabilities.  First, certain Proofs of Administrative Expense assert liabilities or dollar amounts (the "Pension Liabilities") in connection with the following pension plans:  the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect Non-Bargaining Retirement Plan (together, the "Pension Plans").  Each of these Pension Plans is a single-employer, defined benefit plan covered by Title IV of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq.  Such Administrative Claims are not owing by the Reorganized Debtors.  These Administrative Claims are not enforceable against the Reorganized Debtors because the Pension Plans are separate legal entities distinct from the Reorganized Debtors.  See In re Springfield Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined benefit pension plan and trust holding assets of plan are separate and distinct legal entities and thus "the assets of the Trust (and Plan) are not assets of the debtors' bankruptcy estate").  The Pension Plans – not the

11

Reorganized Debtors – are obligated to pay benefits to Pension Plan participants, so any

Administrative Claims arising from the Pension Plans are claims against the Pension Plans rather

than the Reorganized Debtors.

27.    In addition, to the extent that any of the Pension Plans is terminated, under

ERISA, the Pension Benefit Guaranty Corporation has the sole and total right to recover against

employers for pension plan underfunding.  The participants have no right to make claims against

the Reorganized Debtors for benefits under terminated plans.  See 29 U.S.C. § 1362; see also

United Steelworkers of Amer. v. United Eng'g, Inc., 52 F.3d 1386, 1390 (6th Cir. 1995); Int'l

Ass'n of Machinists and Aerospace Workers v. Rome Cable Corp., 810 F. Supp. 402 (N.D.N.Y.

1993); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

28.    Benefit Liabilities.  Second, certain Proofs of Administrative Expense

assert liabilities or dollar amounts in connection with employee benefits, including but not limited

to commissions, vacation, sick leave, and/or employee benefit contributions (collectively, the

"Benefit Liabilities"), that are not owing by the Reorganized Debtors because such liabilities have

already been satisfied by the Reorganized Debtors.

29.    OPEB Liabilities.  Third, certain Proofs of Administrative Expense assert

liabilities or dollar amounts (a) on account of certain employee benefit plans and programs that

provided post-retirement health and life insurance benefits ("Salaried OPEB") to salaried retirees

and their surviving spouses that are not owing by the Reorganized Debtors because Salaried

OPEB is terminable at will and does not give rise to a right to payment (the "Salaried OPEB

Liabilities") or (b) on account of certain employee benefit plans and programs that provided post-

retirement health and life insurance benefits ("Hourly OPEB") to hourly retirees and their

surviving spouses that are not owing by the Reorganized Debtors because on September 26, 2008,

12

the Debtors received the consent of certain of their labor unions to discontinue Hourly OPEB (the

"Hourly OPEB Liabilities," and together with Salaried OPEB Liabilities, the "OPEB Liabilities").

30.    This Court has previously determined that the Debtors' Salaried OPEB

was not vested and was provided on an at will basis.  See Final Order Under 11 U.S.C. §§ 105,

363 (b)(1), 1108, And 1114 (d) (I) Confirming Reorganized Debtors' Authority to Terminate

Employer-Paid Post-Retirement Health Care Benefits And Employer-Paid Post-Retirement Life

Insurance Benefits For Certain (a) Salaried Employees And (b) Retirees And Their Surviving

Spouses And (II) Amending Scope And Establishing Deadline For Completion Of Retirees'

Committee's Responsibilities, dated March 11, 2009 (Docket No. 16448) (the "Final OPEB

Termination Order").[8]

31.    The cancellation of a benefit provided on an at will basis does not give rise

to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no "right

to payment."  See, e.g., In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y.

1991) (noting that terminating plans which are terminable at will gave rise to no claims

whatsoever); In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y. Jan. 23, 2009)

(sustaining debtors' objection to disallow portion of claims for modified severance benefits that

exceeded amounts owed under amended severance plan, reasoning that because old severance plan

was terminable at will, claims under old severance plan were not enforceable).

32.    Set forth on Exhibit D hereto are the Administrative Claims asserting

Pension Liabilities, Benefit Liabilities, and/or OPEB Liabilities (the "Pension And Benefit

Claims"), which the Reorganized Debtors have identified as Administrative Claims for which the

---

[8]    "The Debtors' Salaried OPEB benefits have not vested and the Debtors have reserved the right to modify or
terminate Salaried OPEB benefits."  Final OPEB Termination Order at ¶ 2.

13

Debtors are not liable. These Pension And Benefit Claims should be disallowed and expunged. If this Court does not disallow and expunge a Pension And Benefit Claim in full, the Reorganized Debtors expressly reserve all of their rights to further object to such Pension And Benefit Claim at a later date on any basis whatsoever.

33.    Accordingly, the Reorganized Debtors (a) object to the Pension And Benefit Claims and (b) seek entry of an order disallowing and expunging the Pension And Benefit Claims in their entirety.

G.    Transferred Workers' Compensation Claims

34.    During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims were filed by individual current or former employees for workers' compensation benefits that assert liabilities that have been assumed by the GM Buyers pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims"). Accordingly, the Reorganized Debtors believe that the individuals asserting Transferred Workers' Compensation Claims are not creditors of the Debtors.

35.    Pursuant to section 2.2.1 and schedule 1.1.A of the Master Disposition Agreement, the GM Buyers assumed, among other things, certain "Assumed Administrative Liabilities" with respect to the assets that the GM Buyers acquired under the Master Disposition Agreement. Such assumed liabilities include, among other things, short-term and long-term workers' compensation claims asserted by employees who become Transferred U.S. Hourly Employees or Transferred U.S. Salaried Employers (as such terms are defined in the Master Disposition Agreement) of the GM Buyers. The GM Buyers – not the Reorganized Debtors – are responsible for the liabilities asserted in the Transferred Workers' Compensation Claims.

36.    Set forth on Exhibit E is a list of the Transferred Workers' Compensation Claims for which the Debtors are not liable. These Transferred Workers' Compensation Claims

14

should be disallowed and expunged.  If this Court does not disallow and expunge a Transferred

Workers' Compensation Claim in full, the Reorganized Debtors expressly reserve all of their rights

to further object to such Transferred Workers' Compensation Claim at a later date on any basis

whatsoever.

37.    Accordingly, the Reorganized Debtors (a) object to the Transferred

Workers' Compensation Claims and (b) seek entry of an order disallowing and expunging the

Transferred Workers' Compensation Claims in their entirety.

H.    Modified And Allowed Severance Claims

38.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Debtors

assert liabilities or dollar amounts for severance benefits arising from agreements with the Debtors

in which the amounts asserted in such Administrative Claims (the "Modified And Allowed

Severance Claims") are overstated.  The Reorganized Debtors propose to modify and allow each

Modified And Allowed Severance Claim so that the modified and allowed amount matches the

Reorganized Debtors' books and records.

39.    For each Modified And Allowed Severance Claim, Exhibit F reflects the

amount and Debtor asserted in the claimant's Proof of Administrative Expense in a column titled

"Claim As Docketed"[9] and the proposed modified and allowed amount for the Claim in a column

titled "Claim As Allowed."

40.    The Reorganized Debtors object to the amount of each Modified And

Allowed Severance Claim listed on Exhibit F and request that each such Claim be revised to

reflect the amount listed in the "Claim As Allowed" column of Exhibit F and be modified and

---

[9]    The Asserted Claim Amount on Exhibit F reflects only asserted liquidated claims.

allowed in such amount.  Thus, no Claimant listed on Exhibit F would be entitled to recover for

any Claim in an amount exceeding the dollar amount listed as the "Modified And Allowed

Total" for such Claim on Exhibit F.[10]

        41.    Accordingly, the Reorganized Debtors (a) object to the amount for each

Modified And Allowed Severance Claim, (b) seek an order modifying the Modified And Allowed

Severance Claims to reflect the Modified Total as set forth on Exhibit F, and (c) propose that the

allowed amounts of each such Modified And Allowed Severance Claim be distributed pursuant to

(a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b)

the provisions of the Master Disposition Agreement that provide that such Modified And Allowed

Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined

in the Master Disposition Agreement).

I.    Allowed Severance Claims

        42.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Debtors

assert liabilities or dollar amounts for severance benefits arising from agreements with the

Debtors that should be allowed in their asserted amounts (the "Allowed Severance Claims")

because the Reorganized Debtors' books and records match the asserted amount of each such

Administrative Claim.  Accordingly, the Reorganized Debtors seek to have each of the Allowed

Severance Claims allowed in the corresponding amount listed on Exhibit G[11] and propose that

the allowed amounts of each such Allowed Severance Claim be distributed pursuant to (a) the

---

[10]    For clarity, Exhibit F refers to the Debtor entities by case number and Exhibit H displays the formal name of the
Debtor entities and their associated bankruptcy case numbers referenced in Exhibit F.

[11]    For clarity, Exhibit G refers to the Debtor entities by case number and Exhibit H displays the formal name of
the Debtor entities and their associated bankruptcy case numbers referenced in Exhibit G.

terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of

the Master Disposition Agreement that provide that such Allowed Severance Claims are to be

paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition

Agreement).

43.    The Reorganized Debtors are authorized to seek allowance of each of the

Allowed Severance Claims pursuant to articles 2.1, 9.6(a), 10.2, 10.5, and 11 of the Modified

Plan.  Accordingly, the Reorganized Debtors seek entry of an order allowing each of the

Asserted Amount Claims at the corresponding amount listed on <u>Exhibit G</u>.

Separate Contested Matters

44.    Pursuant to the Claims Objection Procedures Order and the Administrative

Claims Procedures Order, (a) if a response is filed to this Forty-Fifth Omnibus Claims Objection,

the objection to each Administrative Claim covered by such response will be deemed to constitute

a separate contested matter as contemplated by Bankruptcy Rule 9014 and (b) any order entered

by this Court with respect to an Administrative Claim addressed by this Objection will be deemed

a separate order with respect to each such Administrative Claim.

Reservation Of Rights

45.    The Reorganized Debtors expressly reserve the right to amend, modify, or

supplement this Forty-Fifth Omnibus Claims Objection and to file additional objections to any

other Claims (filed or not) which may be asserted against the Reorganized Debtors, including

without limitation the right to object to any Claim not subject to this Objection on the basis that it

was asserted against the wrong Debtor entity.  Should one or more of the grounds stated in this

Objection be dismissed, the Reorganized Debtors reserve their rights to object on other stated

grounds or on any other grounds that the Reorganized Debtors may discover.  In addition, the

17

Reorganized Debtors reserve the right to seek further reduction of any Administrative Claim to the extent that such Administrative Claim has already been paid.

<u>Responses To Objections</u>

46.    Responses to this Forty-Fifth Omnibus Claims Objection are governed by the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.  The following summarizes the provisions of the Claims Objection Procedures Order, but is qualified in all respects by the express terms thereof.

J.    <u>Filing And Service Of Responses</u>

47.    To contest an objection, responses (each, a "Response"), if any, to this Forty-Fifth Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Seventeenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Revising Certain Notice Procedures, entered January 25, 2010 (Docket No. 19360) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with this Court in accordance with General Order M-242 (as amended) – registered users of the this Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The

18

Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom

116, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606

(Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), in each case so as to be

**received no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010**.

K.      Contents Of Responses

48.      Every Response to this Forty-Fifth Omnibus Claims Objection must

contain at a minimum the following:

(a)      the title of the claims objection to which the Response is directed;

(b)      the name of the claimant and a brief description of the basis for the amount of the Administrative Claim;

(c)      a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified and allowed, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the claims objection;

(d)      unless already set forth in the Proof of Administrative Expense previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Administrative Claim, subject to appropriate confidentiality constraints;

(e)      to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that the claimant believes would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate; and

19

(f)    the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

L.    Timely Response Required

49.    If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Administrative Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time). The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Forty-Fifth Omnibus Claims Objection.

50.    Pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court.  If a claimant whose Proof of Administrative Expense is subject to the Forty-Fifth Omnibus Claims Objection and who is served with this Forty-Fifth Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Administrative Claim consistent with the relief sought in this Forty-Fifth Omnibus Claims Objection without further notice to the claimant, other than notice of the entry of such order; provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.

20

Further Information

51.     Questions about this Forty-Fifth Omnibus Claims Objection or requests

for additional information about the proposed disposition of Administrative Claims hereunder

should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com,

by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155

North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and

Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Administrative

Claim should be directed to KCC at 1-888-249-2691 or www.dphholdingsdocket.com.  Claimants

should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Administrative

Claims.

Notice

52.     Notice of this Objection has been provided in accordance with the Case

Management Orders.  In light of the nature of the relief requested, the Reorganized Debtors submit

that no other or further notice is necessary.

53.     The Reorganized Debtors will provide each claimant whose Proof of

Administrative Expense is subject to an objection pursuant to this Forty-Fifth Omnibus Claims

Objection with a personalized Notice Of Objection To Claim which specifically identifies the

claimant's Proof of Administrative Expense that is subject to an objection and the basis for such

objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of

Objection To Claim to be sent to the Claimants listed on Exhibits A, B, C, D, and E is attached

hereto as Exhibit J.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed

on Exhibit F is attached hereto as Exhibit K.  A form of the Notice Of Objection To Claim to be

sent to the Claimants listed on Exhibit G is attached hereto as Exhibit L.  Claimants will receive a

copy of this Forty-Fifth Omnibus Claims Objection without Exhibits A through L hereto.

21

Claimants will nonetheless be able to review Exhibits A through L hereto free of charge by accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com). In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such

other and further relief as is just.

Dated:    New York, New York
          February 12, 2010

                                SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM LLP


                                By:   /s/ John Wm. Butler, Jr.
                                      John Wm. Butler, Jr.
                                      John K. Lyons
                                      Ron E. Meisler
                                155 North Wacker Drive
                                Chicago, Illinois 60606


                                      - and -


                                By:   /s/ Kayalyn A. Marafioti
                                      Kayalyn A. Marafioti
                                Four Times Square
                                New York, New York 10036

                                Attorneys for DPH Holdings Corp., et al.,
                                   Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re                          :      Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,     :      Case No. 05-44481 (RDD)
                                    :
           Reorganized Debtors.      :      (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
EXPUNGING CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE
CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS,
(D) PENSION, BENEFIT, AND OPEB CLAIMS, AND (E) TRANSFERRED
WORKERS' COMPENSATION CLAIMS, (II) MODIFYING AND ALLOWING
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III)
ALLOWING CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS

("FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b)

And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance

Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims,

And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain

Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense

Severance Claims (the "Forty-Fifth Omnibus Claims Objection" or the "Objection"),[1] of DPH

Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases

(collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Forty-

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-
Fifth Omnibus Claims Objection.

Fifth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient

cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim for an administrative expense under section

503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C,

D, E, F, and G hereto was properly and timely served with a copy of the Forty-Fifth Omnibus

Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the

Forty-Fifth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-

Fifth Omnibus Claims Objection.  No other or further notice of the Forty-Fifth Omnibus Claims

Objection is necessary.

B.      This Court has jurisdiction over the Forty-Fifth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Fifth Omnibus Claims Objection is

a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Fifth

Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Administrative Claims listed on Exhibit A are Administrative Claims

filed by claimants asserting liabilities for severance benefits arising from agreements with the

Debtors for which the Reorganized Debtors are not liable because those severance benefits have

been paid (the "Severance Claims").

D.      The Administrative Claims listed on Exhibit B assert liabilities and dollar

amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books

And Records Claims").

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

E.      The Administrative Claims listed on <u>Exhibit C</u> are duplicative of other

Administrative Claims (the "Duplicative Claims").

F.      The Administrative Claims listed on <u>Exhibit D</u> assert Claims for liabilities

in connection with the Debtors' pension plans, employee benefit programs, and post-retirement

health and life insurance benefit programs for which the Debtors are not liable (the "Pension And

Benefit Claims").

G.      The Administrative Claim listed on <u>Exhibit E</u> were filed by individual

current or former employees of the Debtors for workers' compensation claims that were

transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the

Master Disposition Agreement (the "Transferred Workers' Compensation Claims").

H.      The Administrative Claims listed on <u>Exhibit F</u> were filed by former

employees of the Debtors asserting liabilities for severance benefits arising from agreements

with the Debtors in which the amounts asserted in such Administrative Claims are overstated

(the "Modified And Allowed Severance Claims").  Each such Modified And Allowed Severance

Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified

And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that

provide that such Modified And Allowed Severance Claims are to be paid by and/or are the

responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

I.      The Administrative Claims listed on <u>Exhibit G</u> were filed by former

employees of the Debtors asserting liabilities for severance benefits arising from agreements

with the Debtors that assert liabilities or dollar amounts that match the Reorganized Debtors'

books and records (the "Allowed Severance Claims").  Each such Allowed Severance Claim

shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed

3

Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that

such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company

Buyer (as defined in the Master Disposition Agreement).

J.       Exhibit H hereto sets forth the formal name of the Debtor entity and its

associated bankruptcy case number referenced on Exhibits F and G hereto.  Exhibit I hereto sets

forth each of the Administrative Claims referenced on Exhibits A, B, C, D, E, F, and G in

alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof

of administrative expense number and (ii) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.       Each Severance Claim listed on Exhibit A hereto is hereby disallowed and

expunged in its entirety.

2.       Each Books And Records Claim listed on Exhibit B hereto is hereby

disallowed and expunged in its entirety.

3.       Each Duplicate Claim listed on Exhibit C hereto is hereby disallowed and

expunged in its entirety.

4.       Each Pension and Benefit Claim listed on Exhibit D hereto is hereby

disallowed and expunged in its entirety.

5.       Each Transferred Workers' Compensation Claim listed on Exhibit E hereto

is hereby disallowed and expunged in its entirety.

6.       Each Modified And Allowed Severance Claim listed on Exhibit F hereto

is hereby modified to reflect the amount, classification, and Debtor listed in the "Claim As

Modified" column of Exhibit F.  The allowed amounts of each such Modified And Allowed

Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

7.      Each Allowed Severance Claim listed on <u>Exhibit G</u> hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column on <u>Exhibit G</u>.  The allowed amounts of each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

8.      Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-Fifth Omnibus Claims Objection, except as such claims may have been settled and allowed.

9.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

10.      Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Fifth Omnibus Claims Objection and attached hereto as <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, and <u>G</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the

subject of the Forty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to

the contested matter which involves such Administrative Claim and shall not act to stay the

applicability or finality of this order with respect to the other contested matters covered hereby.

11.    Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.

Dated: New York, New York
        March ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

**Forty-Fifth Omnibus Claims Objection**

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BLANCHE MARIE WILSON NOACK | 17197 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$105,380.00<br><br>$105,380.00 | 07/02/2009 | DELPHI CORPORATION (05-44481) |
| JAMES T PYTLIK | 17020 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| RANDY D AUSTIN | 17330 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/06/2009 | DELPHI CORPORATION (05-44481) |
| ROHIAL ANDREW PERVEZ | 20083 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$17,785.00<br><br>$17,785.00 | 12/07/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **4** | | **$123,165.00** | | |

---

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*   "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                  Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| ASEC MANUFACTURING RETIREMENT PROGRAM FIDUCIARY COUNSELORS INC 700 12TH ST NW STE 700 WASHINGTON, DC 20005-3949 | 18933 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $1,980,879.00<br><br>$1,980,879.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| DAVID W FERCANA | 17208 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $776.95<br><br>$776.95 | 07/02/2009 | DELPHI CORPORATION (05-44481) |
| DELPHI CORPORATION RETIREMENT PLAN FOR SALARIED EMPLOYEES MARY F CALOWAY THE BRANDYWINE BLDG 1000 WEST ST STE 1410 WILMINGTON, DE 19801 | 18930 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $212,949,000.00<br><br>$212,949,000.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| DELPHI MECHATRONIC SYSTEMS RETIREMENT PROGRAM FIDUCIARY COUNSELORS INC 700 12TH ST NW STE 700 WASHINGTON, DC 20005-3949 | 18929 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $1,338,300.00<br><br>$1,338,300.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| GOLDMAN SACHS & CO ATTN MICHAEL KEATS 1 NEW YORK PLAZA NEW YORK, NY 10004 | 19061 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $888,409.88<br><br>$888,409.88 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| HARBINGER DEL AUTO INVESTMENT COMPANY LTD C O BENJAMIN MINTZ KAYE SCHOLER LLP 425 PARK AVE NEW YORK, NY 10022 | 18963 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| JP MORGAN CHASE BANK NA ATTN SUSAN E ATKINS MANAGING DIRECTOR 277 PARK AVENUE 8TH FL NEW YORK, NY 10172 | 18654 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| JPMORGAN CHASE BANK NA C O SUSAN E ATKINS MANAGING DIRECTOR 277 PARK AVE 8TH FL NEW YORK, NY 10172 | 18616 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $60,062,043.77<br><br>$60,062,043.77 | 07/14/2009 | DELPHI CORPORATION (05-44481) |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*   "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.    Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED C O MARC FALCONE PAUL WEISS RIFKIND WHARTON & GARRISON LLP 1285 AVE OF THE AMERICAS NEW YORK, NY 10019-6064 | 18883 | Secured: Priority: Administrative: Unsecured: Total: | $7,157,818.25 $7,157,818.25 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED C O MARC FALCONE PAUL WEISS RIFKIND WHARTON & GARRISON LLP 1285 AVENUE OF THE AMERICAS NEW YORK, NY 10019-6064 | 19110 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| OHIO DEPT OF JOB & FAMILY SERVICES OP REPAYMENT LOCKBOX PO BOX 182059 COLUMBUS, OH 43218 | 17048 | Secured: Priority: Administrative: Unsecured: Total: | $7,488.00 $7,488.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| PACKARD HUGHES INTERCONNECT BARGAINING RETIREMENT PLAN MARY F CALOWAY THE BRANDYWINE BUILDING 1000 W ST STE 1410 WILMINGTON, DE 19801 | 18925 | Secured: Priority: Administrative: Unsecured: Total: | $3,512,635.00 $3,512,635.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| PACKARD HUGHES INTERCONNECT NONBARGAINING RETIREMENT PLAN BUCHANAN INGERSOLL & ROONEY PC MARY F CALOWAY THE BRANDYWINE BUILDING 1000 W ST STE 1410 WILIMINGTON, DE 19801 | 18926 | Secured: Priority: Administrative: Unsecured: Total: | $7,784,055.00 $7,784,055.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| SDADS SHANGHAI INTEVA AUTOMOTIVE DOOR SYSTEMS COMPANY LTD DEREK L WRIGHT ESQ FOLEY & LARDNER LLP 321 N CLARK ST STE 2800 CHICAGO, IL 60654 | 19994 | Secured: Priority: Administrative: Unsecured: Total: | $238,274.80 $238,274.80 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| SHARYL YVETTE CARTER 1541 LA SALLE AVE NO 1 NIAGRA FALLS, NY 14301 | 17773 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/07/2009 | DELPHI CORPORATION (05-44481) |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| SHARYL YVETTE CARTER<br>1541 LA SALLE AVE NO 1<br>NIAGRA FALLS, NY 14301 | 17094 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$50,000,000.00<br><br>$50,000,000.00 | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| WALTER A KUNKA | 19808 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$2,706.91<br><br>$2,706.91 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| WASHINGTON STATE SUPPORT REGISTRY<br>PO BOX 11520<br>TACOMA, WA 98411-5520 | 19612 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $40,639.09<br><br><br><br>$40,639.09 | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **18** | **$345,963,026.65** | | | |

In re Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

## EXHIBIT C - DUPLICATE CLAIMS

### CLAIM TO BE EXPUNGED *

| | CLAIM TO BE EXPUNGED * | | SURVIVING CLAIM * | |
|---|---|---|---|---|
| Claim: | 20084 | | Claim: | 18437 |
| Date Filed: | 12/07/2009 | | Date Filed: | 07/13/2009 |
| Creditor's Name: | | | Creditor's Name: | |
| BRADFORD S WAGNER | | | BRADFORD S WAGNER | |
| | Debtor: DELPHI CORPORATION (05-44481) | | | Debtor: DELPHI CORPORATION (05-44481) |
| | Secured: | | | Secured: |
| | Priority: | | | Priority: |
| | Administrative: | | | Administrative: |
| | Unsecured: $95,180.00 | | | Unsecured: UNL.** |
| | Total: $95,180.00 | | | Total: UNL.** |
| Claim: | 20019 | | Claim: | 18414 |
| Date Filed: | 11/03/2009 | | Date Filed: | 07/13/2009 |
| Creditor's Name: | | | Creditor's Name: | |
| DENISE C OLBRECHT | | | DENISE C OLBRECHT | |
| | Debtor: DELPHI CORPORATION (05-44481) | | | Debtor: DELPHI CORPORATION (05-44481) |
| | Secured: | | | Secured: |
| | Priority: | | | Priority: |
| | Administrative: | | | Administrative: |
| | Unsecured: $69,541.90 | | | Unsecured: $125,175.42 |
| | Total: $69,541.90 | | | Total: $125,175.42 |
| Claim: | 19899 | | Claim: | 17060 |
| Date Filed: | 11/03/2009 | | Date Filed: | 06/30/2009 |
| Creditor's Name: | | | Creditor's Name: | |
| GAYLE INSCHO | | | GAYLE INSCHO | |
| | Debtor: DELPHI CORPORATION (05-44481) | | | Debtor: DELPHI CORPORATION (05-44481) |
| | Secured: | | | Secured: |
| | Priority: | | | Priority: |
| | Administrative: | | | Administrative: |
| | Unsecured: $95,000.00 | | | Unsecured: $93,000.00 |
| | Total: $95,000.00 | | | Total: $93,000.00 |
| Claim: | 19818 | | Claim: | 17918 |
| Date Filed: | 11/02/2009 | | Date Filed: | 07/06/2009 |
| Creditor's Name: | | | Creditor's Name: | |
| JAMES R THOMPSON | | | JIM THOMPSON | |
| | Debtor: DELPHI CORPORATION (05-44481) | | | Debtor: DELPHI CORPORATION (05-44481) |
| | Secured: | | | Secured: |
| | Priority: | | | Priority: |
| | Administrative: | | | Administrative: |
| | Unsecured: $73,145.00 | | | Unsecured: $99,860.00 |
| | Total: $73,145.00 | | | Total: $99,860.00 |

\*   The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*  "UNL" denotes an unliquidated claim.

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

**Forty-Fifth Omnibus Claims Objection**

## EXHIBIT C - DUPLICATE CLAIMS

### CLAIM TO BE EXPUNGED *

| Claim: | Date Filed: | Creditor's Name: | Debtor: | Secured: | Priority: | Administrative: | Unsecured: | Total: |
|---|---|---|---|---|---|---|---|---|
| 19982 | 11/03/2009 | JIMMY MUELLER | DELPHI CORPORATION (05-44481) | | | | $101,720.00 | $101,720.00 |
| 20010 | 11/04/2009 | MARCIA JONES | DELPHI CORPORATION (05-44481) | | | | $84,740.00 | $84,740.00 |
| 20044 | 10/30/2009 | NATHANIEL WINTON | DELPHI CORPORATION (05-44481) | | | | $86,480.00 | $86,480.00 |
| 20011 | 11/04/2009 | WILLIAM H BRINKMAN | DELPHI CORPORATION (05-44481) | | | | $85,445.00 | $85,445.00 |

### SURVIVING CLAIM *

| Claim: | Date Filed: | Creditor's Name: | Debtor: | Secured: | Priority: | Administrative: | Unsecured: | Total: |
|---|---|---|---|---|---|---|---|---|
| 17628 | 07/03/2009 | JIMMY MUELLER | DELPHI CORPORATION (05-44481) | | | | $101,720.00 | $101,720.00 |
| 18584 | 07/14/2009 | MARCIA JONES | DELPHI CORPORATION (05-44481) | | | | $96,560.00 | $96,560.00 |
| 18613 | 07/14/2009 | NATHANIEL WINTON | DELPHI CORPORATION (05-44481) | | | | $92,240.00 | $92,240.00 |
| 17213 | 07/02/2009 | WILLIAM H BRINKMAN | DELPHI CORPORATION (05-44481) | | | | $89,160.00 | $89,160.00 |

*   The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.
**  "UNL" denotes an unliquidated claim.

**In re Delphi Corporation, et al.**
**Case No. 05-44481 (RDD)**

**Forty-Fifth Omnibus Claims Objection**

**EXHIBIT C - DUPLICATE CLAIMS**

| CLAIM TO BE EXPUNGED * | | |
|---|---|---|
| Claim: | 19981 | Debtor: DELPHI CORPORATION (05-44481) |
| Date Filed: | 11/03/2009 | |
| Creditor's Name: | | |
| WILLIAM H JOHNSON | | |
| | | Secured: |
| | | Priority: |
| | | Administrative: $104,480.00 |
| | | Unsecured: |
| | | Total: $104,480.00 |

| SURVIVING CLAIM * | | |
|---|---|---|
| Claim: | 17033 | Debtor: DELPHI CORPORATION (05-44481) |
| Date Filed: | 06/29/2009 | |
| Creditor's Name: | | |
| WILLIAM H JOHNSON | | |
| | | Secured: |
| | | Priority: |
| | | Administrative: $102,480.00 |
| | | Unsecured: |
| | | Total: $102,480.00 |

**Total Claims To Be Expunged:** 1
**Total Asserted Amount To Be Expunged:** $795,731.00

* The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

** "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**

**Case No. 05-44481 (RDD)**

Forty-Fifth Omnibus Claims Objection

## EXHIBIT D - PENSION AND BENEFIT CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DONALD L KIDD | 18370 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| HORACE CURRY | 17043 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$476,000.00<br><br>$476,000.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| JAMES A LUECKE | 18049 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$159,000.00<br><br>$159,000.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| MARY REHBEIN | 19105 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$64,572.00<br><br>$64,572.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| SHIRLEY J MURRY | 19183 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS L KNOLL | 18493 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$1,912,000.00<br><br>$1,912,000.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| Total: | 6 | | $2,611,572.00 | | |

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                                    **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DAVID L VINTON | 17100 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| DORIS FRAZIER | 18463 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS ROY RILEY | 16870 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 06/26/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **3** | | **UNL** | | |

\*       The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*     "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

Forty-Fifth Omnibus Claims Objection

**EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS**

| CLAIM TO BE MODIFIED* | CLAIM AS DOCKETED | | | | | CLAIM AS ALLOWED | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Claim Holder Name | | Secured | Priority | Unsecured | | | Secured | Priority | Unsecured |
| Claim: 17217 Date Filed: 07/02/2009 Docketed Total: $96,300.00 Filing Creditor Name: DON MONTGOMERY | DON MONTGOMERY | | | | | | | | | |
| | Case Number** 05-44481 | Docketed Total: | ___ | $96,300.00 | ___ | Case Number** 05-44481 | Modified And Allowed Total: | ___ | $80,185.00 | ___ |
| | | | | **$96,300.00** | **$96,300.00** | | | | **$80,185.00** | **$80,185.00** |
| Claim: 17918 Date Filed: 07/06/2009 Docketed Total: $99,860.00 Filing Creditor Name: JIM THOMPSON | JIM THOMPSON | | | | | | | | | |
| | Case Number** 05-44481 | Docketed Total: | ___ | $99,860.00 | ___ | Case Number** 05-44481 | Modified And Allowed Total: | ___ | $73,395.00 | ___ |
| | | | | **$99,860.00** | **$99,860.00** | | | | **$73,395.00** | **$73,395.00** |
| Claim: 18584 Date Filed: 07/14/2009 Docketed Total: $96,560.00 Filing Creditor Name: MARCIA JONES | MARCIA JONES | | | | | | | | | |
| | Case Number** 05-44481 | Docketed Total: | ___ | $96,560.00 | ___ | Case Number** 05-44481 | Modified And Allowed Total: | ___ | $84,740.00 | ___ |
| | | | | **$96,560.00** | **$96,560.00** | | | | **$84,740.00** | **$84,740.00** |
| Claim: 17063 Date Filed: 06/30/2009 Docketed Total: $105,140.00 Filing Creditor Name: MICHAEL K UPTIGROVE | MICHAEL K UPTIGROVE | | | | | | | | | |
| | Case Number** 05-44481 | Docketed Total: | ___ | $105,140.00 | ___ | Case Number** 05-44481 | Modified And Allowed Total: | ___ | $92,217.50 | ___ |
| | | | | **$105,140.00** | **$105,140.00** | | | | **$92,217.50** | **$92,217.50** |
| | | | | | | Total Claims To Be Modified and Allowed: | **4** | | | |
| | | | | | | Total Amount As Docketed: | **$397,860.00** | | | |
| | | | | | | Total Amount As Allowed: | **$330,537.50** | | | |

\* The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\* See Exhibit H for a listing of debtor entities by case number.

Page 1 of 1

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

**Forty-Fifth Omnibus Claims Objectio**

**EXHIBIT G - ALLOWED SEVERANCE CLAIMS**

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | | CLAIM AS ALLOWED | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Secured | Priority | Unsecured | | | Secured | Priority | Unsecured | |
| Claim: 18437<br>Date Filed: 07/13/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>BRADFORD S WAGNER | Claim Holder Name<br>BRADFORD S WAGNER<br>Case Number*** 05-44481 | | UNL | | Docketed Total:<br>UNL | Case Number*** 05-44481 | | $95,180.00<br>$95,180.00 | UNL | Allowed Total:<br>$95,180.00 |
| Claim: 17670<br>Date Filed: 07/03/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>DIANE L HOPWOOD | Claim Holder Name<br>DIANE L HOPWOOD<br>Case Number*** 05-44481 | | UNL | | Docketed Total:<br>UNL | Case Number*** 05-44481 | | $71,940.00<br>$71,940.00 | UNL | Allowed Total:<br>$71,940.00 |
| Claim: 17073<br>Date Filed: 06/30/2009<br>Docketed Total: $87,200.00<br>Filing Creditor Name:<br>LAURA E MILLER | Claim Holder Name<br>LAURA E MILLER<br>Case Number*** 05-44481 | | $87,200.00<br>$87,200.00 | | Docketed Total:<br>$87,200.00 | Case Number*** 05-44481 | | $87,200.00<br>$87,200.00 | | Allowed Total:<br>$87,200.00 |
| Claim: 19926<br>Date Filed: 11/04/2009<br>Docketed Total: $18,800.00<br>Filing Creditor Name:<br>MARA L HENDRESS | Claim Holder Name<br>MARA L HENDRESS<br>Case Number*** 05-44481 | | $18,800.00<br>$18,800.00 | | Docketed Total:<br>$18,800.00 | Case Number*** 05-44481 | | $18,800.00<br>$18,800.00 | | Allowed Total:<br>$18,800.00 |

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

\*\*\*    See Exhibit H for a listing of debtor entities by case number.

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

**Forty-Fifth Omnibus Claims Objection**

## EXHIBIT G - ALLOWED SEVERANCE CLAIMS

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | CLAIM AS ALLOWED | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Claim Holder Name | Secured | Priority | Unsecured | | Secured | Priority | Unsecured | |
| Claim: 17768<br>Date Filed: 07/06/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>RALPH E YOUNG | RALPH E YOUNG<br>Case Number***<br>05-44481 | | UNL | UNL | Case Number***<br>05-44481 | | $45,900.00 | | |
| | | | Docketed Total: UNL | | | | Allowed Total: $45,900.00 | | |
| Claim: 17428<br>Date Filed: 07/06/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>ROGER K MATHIS | ROGER K MATHIS<br>Case Number***<br>05-44481 | | UNL | UNL | Case Number***<br>05-44481 | | $95,540.00 | | |
| | | | Docketed Total: UNL | | | | Allowed Total: $95,540.00 | | |
| Claim: 18225<br>Date Filed: 07/10/2009<br>Docketed Total: $98,540.00<br>Filing Creditor Name:<br>SAMUEL C BLANKENSHIP | SAMUEL C BLANKENSHIP<br>Case Number***<br>05-44481 | | $98,540.00 | $98,540.00 | Case Number***<br>05-44481 | | $98,540.00 | | |
| | | | Docketed Total: $98,540.00 | | | | Allowed Total: $98,540.00 | | |
| Claim: 17165<br>Date Filed: 07/01/2009<br>Docketed Total: $92,100.00<br>Filing Creditor Name:<br>SCOTT M LEACH | SCOTT M LEACH<br>Case Number***<br>05-44481 | | $92,100.00 | $92,100.00 | Case Number***<br>05-44481 | | $92,100.00 | | |
| | | | Docketed Total: $92,100.00 | | | | Allowed Total: $92,100.00 | | |

*   The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

**   "UNL" denotes an unliquidated claim.

***   See Exhibit H for a listing of debtor entities by case number.

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

**Forty-Fifth Omnibus Claims Objection**

## EXHIBIT G - ALLOWED SEVERANCE CLAIMS

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| | Claim Holder Name | | | | | | | |
| Claim: 20078 | TIMOTHY A ELDON | | | | | | | |
| Date Filed: 11/12/2009 | | | | | | | | |
| Docketed Total: $0.00 | | | Docketed Total: | UNL | | | Allowed Total: | $39,520.00 |
| Filing Creditor Name: | Case Number*** | Secured | Priority | Unsecured | Case Number*** | Secured | Priority | Unsecured |
| TIMOTHY A ELDON | 05-44481 | | | UNL | 05-44481 | | | $39,520.00 |
| | | | | UNL | | | | $39,520.00 |
| | Claim Holder Name | | | | | | | |
| Claim: 18204 | WILLIAM L MACNAUGHTON | | | | | | | |
| Date Filed: 07/10/2009 | | | | | | | | |
| Docketed Total: $0.00 | | | Docketed Total: | UNL | | | Allowed Total: | $58,550.00 |
| Filing Creditor Name: | Case Number*** | Secured | Priority | Unsecured | Case Number*** | Secured | Priority | Unsecured |
| WILLIAM L MACNAUGHTON | 05-44481 | | UNL | | 05-44481 | | $58,550.00 | |
| | | | UNL | | | | $58,550.00 | |

Total Claims To Be Allowed: 10
Total Amount As Docketed: $296,640.00
Total Amount As Allowed: $703,270.00

\*   The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.
\*\*   "UNL" denotes an unliquidated claim.
\*\*\*   See Exhibit H for a listing of debtor entities by case number.

**In re DPH Holdings Corp., <u>et al.</u>**                                        **Forty-Fifth Omnibus Claims Objection**

**Case No. 05-44481 (RDD)**

**Exhibit H - Debtor Entity Reference**

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

Exhibit I - Creditors And Related Claims Subject To Forty-Fifth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| ASEC MANUFACTURING RETIREMENT PROGRAM | 18933 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| BLANCHE MARIE WILSON NOACK | 17197 | EXHIBIT A - SEVERANCE CLAIMS |
| BRADFORD S WAGNER | 18437 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| BRADFORD S WAGNER | 20084 | EXHIBIT C - DUPLICATE CLAIMS |
| DAVID L VINTON | 17100 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| DAVID W FERCANA | 17208 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DELPHI CORPORATION RETIREMENT PLAN FOR SALARIED EMPLOYEES | 18930 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DELPHI MECHATRONIC SYSTEMS RETIREMENT PROGRAM | 18929 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DENISE C OLBRECHT | 20019 | EXHIBIT C - DUPLICATE CLAIMS |
| DIANE L HOPWOOD | 17670 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| DON MONTGOMERY | 17217 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| DONALD L KIDD | 18370 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| DORIS FRAZIER | 18463 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| GAYLE INSCHO | 19899 | EXHIBIT C - DUPLICATE CLAIMS |
| GOLDMAN SACHS & CO | 19061 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| HARBINGER DEL AUTO INVESTMENT COMPANY LTD | 18963 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| HORACE CURRY | 17043 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| JAMES A LUECKE | 18049 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| JAMES R THOMPSON | 19818 | EXHIBIT C - DUPLICATE CLAIMS |
| JAMES T PYTLIK | 17020 | EXHIBIT A - SEVERANCE CLAIMS |
| JIM THOMPSON | 17918 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| JIMMY MUELLER | 19882 | EXHIBIT C - DUPLICATE CLAIMS |
| JP MORGAN CHASE BANK NA | 18654 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| JPMORGAN CHASE BANK NA | 18616 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| LAURA E MILLER | 17073 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| MARA L HENDRESS | 19926 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| MARCIA JONES | 18584 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| MARCIA JONES | 20010 | EXHIBIT C - DUPLICATE CLAIMS |
| MARY REHBEIN | 19105 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 18883 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 19110 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MICHAEL K UPTIGROVE | 17063 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| NATHANIEL WINSTON | 20044 | EXHIBIT C - DUPLICATE CLAIMS |
| OHIO DEPT OF JOB & FAMILY SERVICES | 17048 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PACKARD HUGHES INTERCONNECT BARGAINING RETIREMENT PLAN | 18925 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| PACKARD HUGHES INTERCONNECT NONBARGAINING RETIREMENT PLAN | 18926 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| RALPH E YOUNG | 17768 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| RANDY D AUSTIN | 17330 | EXHIBIT A - SEVERANCE CLAIMS |
| ROGER K MATHIS | 17428 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| ROHIAL ANDREW PERVEZ | 20083 | EXHIBIT A - SEVERANCE CLAIMS |
| SAMUEL C BLANKENSHIP | 18225 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| SCOTT M LEACH | 17165 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| SDADS SHANGHAI INTEVA AUTOMOTIVE DOOR SYSTEMS COMPANY LTD | 19994 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHARYL YVETTE CARTER | 17094 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHARYL YVETTE CARTER | 17773 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| SHIRLEY J MURRY | 19183 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| THOMAS L KNOLL | 18493 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| THOMAS ROY RILEY | 16870 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| TIMOTHY A ELDON | 20078 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| WALTER A KUNKA | 19808 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WASHINGTON STATE SUPPORT REGISTRY | 19612 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WILLIAM H BRINKMAN | 20011 | EXHIBIT C - DUPLICATE CLAIMS |
| WILLIAM H JOHNSON | 19881 | EXHIBIT C - DUPLICATE CLAIMS |
| WILLIAM L MACNAUGHTON | 18204 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |

# Exhibit J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
                  Reorganized Debtors.    :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

        The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of objections.  The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the

---

1        Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

3

Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order. With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER. Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.

[Claimant Name]

4

[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
      February 12, 2010

# Exhibit K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :    Case No. 05-44481 (RDD)
                                            :
            Reorganized Debtors.    :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


      DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of objections.  The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims"
assert liabilities for severance benefits arising from agreements with the Debtors for
which the Reorganized Debtors are not liable because those severance benefits have been
paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records
Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized
Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative
Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And
Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are
not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred
Workers' Compensation Claims" were filed by individual current or former employees
for workers' compensation benefits and assert liabilities that have been assumed, pursuant
to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended),
among Delphi Corporation, GM Components Holdings, LLC, General Motors Company,
Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP
Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited
liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined
in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And
Allowed Severance Claims" were filed by former employees of the Debtors and assert
liabilities for severance benefits arising from agreements with the Debtors.  The amounts
asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose
to modify and allow each such Administrative Claim so that the modified and allowed
amount matches the Reorganized Debtors' books and records.  The allowed amounts of
each such Administrative Claim will be distributed pursuant to (a) the terms of the
agreement giving rise to such Administrative Claim and (b) the provisions of the Master
Disposition Agreement that provide that such Administrative Claims are to be paid by
and/or are the responsibility of a Company Buyer (as defined in the Master Disposition
Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance
Claims" were filed by former employees of the Debtors and assert liabilities for
severance benefits arising from agreements with the Debtors.  The amounts asserted in
such Administrative Claims match the Reorganized Debtors' books and records.  The
allowed amounts of each such Administrative Claim will be distributed pursuant to (a)
the terms of the agreement giving rise to such Administrative Claim and (b) the
provisions of the Master Disposition Agreement that provide that such Administrative
Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in
the Master Disposition Agreement).

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE

4

OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION
PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an
Administrative Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
       February 12, 2010

# Exhibit L

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                         :

       In re                          :      Chapter 11
                                           :

   DPH HOLDINGS CORP., et al.,      :      Case No. 05-44481 (RDD)
                                         :

          Reorganized Debtors.      :      (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


      DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of objections.  The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims are overstated.  The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors.  The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records.  The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMINSTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE

4

OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION
PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an
Administrative Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        February 12, 2010

# EXHIBIT E

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit A Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| Blanche Marie Wilson Noack | B Marie Wilson Noack<br>143 Arabian Dr<br>Madison, AL 35758 | 7/2/09 | 17197 | $105,380.00 | Severance Claims | Disallow And Expunge | |
| James T Pytlik | 3153 Niles Cortland Rd<br>Cortland, OH 44410 | 6/29/09 | 17020 | $0.00 | Severance Claims | Disallow And Expunge | |
| Randy D Austin | 2617 Hudson Aurora Rd<br>Hudson, OH 44236-2325 | 7/6/09 | 17330 | $0.00 | Severance Claims | Disallow And Expunge | |
| Rohial Andrew Pervez | 1509 S Goyar Rd<br>Kokomo, IN 46902-2730 | 12/7/09 | 20083 | $17,785.00 | Severance Claims | Disallow And Expunge | |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit B Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| ASEC Manufacturing Retirement Program | Fiduciary Counselors Inc 700 12th St NW Ste 700 Washington, DC 20005-3949 | 7/15/09 | 18933 | $1,980,879.00 | Books And Records Claims | Disallow And Expunge | |
| ASEC Manufacturing Retirement Program | Buchanan Ingersoll & Rooney PC Mary F Caloway The Brandywine Building 1000 W St Ste 1410 Wilmington, DE 19801 | 7/15/09 | 18933 | $1,980,879.00 | Books And Records Claims | Disallow And Expunge | |
| ASEC Manufacturing Retirement Program | Buchanan Ingersoll & Rooney PC William H Schorling 1835 Market St 14th Fl Philadelphia, PA 19103-8700 | 7/15/09 | 18933 | $1,980,879.00 | Books And Records Claims | Disallow And Expunge | |
| ASEC Manufacturing Retirement Program | Nell Hennessy President & CEO Fiduciary Counselors Inc 700 12th St NW Ste 700 Washington, DC 20005 | 7/15/09 | 18933 | $1,980,879.00 | Books And Records Claims | Disallow And Expunge | |
| David W Fercana | 4665 Crabwood Dr Austintown, OH 44515-5133 | 7/2/09 | 17208 | $776.95 | Books And Records Claims | Disallow And Expunge | |
| Delphi Corporation Retirement Plan for Salaried Employees | Mary F Caloway The Brandywine Bldg 1000 West St Ste 1410 Wilmington, DE 19801 | 7/15/09 | 18930 | $212,949,000.00 | Books And Records Claims | Disallow And Expunge | |
| Delphi Corporation Retirement Plan for Salaried Employees | Nell Hennessy President & CEO Fiduciary Counselors Inc 700 12th St NW Ste 700 Washington, DC 20005 | 7/15/09 | 18930 | $212,949,000.00 | Books And Records Claims | Disallow And Expunge | |
| Delphi Corporation Retirement Plan for Salaried Employees | Buchanan Ingersoll & Rooney PC William H Schorling 1835 Market St 14th Fl Philadelphia, PA 19103-8700 | 7/15/09 | 18930 | $212,949,000.00 | Books And Records Claims | Disallow And Expunge | |
| Delphi Mechatronic Systems Retirement Program | Fiduciary Counselors Inc 700 12th St NW Ste 700 Washington, DC 20005-3949 | 7/15/09 | 18929 | $1,338,300.00 | Books And Records Claims | Disallow And Expunge | |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit B Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| Delphi Mechatronic Systems Retirement Program | Buchanan Ingersoll & Rooney William H Schorling 1835 Market St 14th Fl Philadelphia, PA 19103-8700 | 7/15/09 | 18929 | $1,338,300.00 | Books And Records Claims | Disallow And Expunge | |
| Delphi Mechatronic Systems Retirement Program | Nell Hennessy President & CEO Fiduciary Counselors Inc 700 12th St NW Ste 700 Washington, DC 20005 | 7/15/09 | 18929 | $1,338,300.00 | Books And Records Claims | Disallow And Expunge | |
| Delphi Mechatronic Systems Retirement Program | Buchanan Ingersoll & Rooney PC Mary F Caloway The Brandywine Building 1000 W St Ste 1410 Wilmington, DE 19801 | 7/15/09 | 18929 | $1,338,300.00 | Books And Records Claims | Disallow And Expunge | |
| Goldman Sachs & Co | Attn Michael Keats 1 New York Plaza New York, NY 10004 | 7/15/09 | 19061 | $888,409.88 | Books And Records Claims | Disallow And Expunge | |
| Harbinger Del Auto Investment Company Ltd | c o Benjamin Mintz Kaye Scholer LLP 425 Park Ave New York, NY 10022 | 7/15/09 | 18963 | $0.00 | Books And Records Claims | Disallow And Expunge | |
| JP Morgan Chase Bank NA | Attn Susan E Atkins Managing Director 277 Park Avenue 8th Fl New York, NY 10172 | 7/14/09 | 18654 | $0.00 | Books And Records Claims | Disallow And Expunge | |
| JP Morgan Chase Bank NA | JPMorgan Chase Bank NA c o Kevin Kelley Managing Director 245 Park Ave New York, NY 10167 | 7/14/09 | 18654 | $0.00 | Books And Records Claims | Disallow And Expunge | |
| JPMorgan Chase Bank NA | c o Susan E Atkins Managing Director 277 Park Ave 8th Fl New York, NY 10172 | 7/14/09 | 18616 | $60,062,043.77 | Books And Records Claims | Disallow And Expunge | |
| JPMorgan Chase Bank NA | DavisPolk Jonathan Armstrong 450 Lexington Ave New York, NY 10017 | 7/14/09 | 18616 | $60,062,043.77 | Books And Records Claims | Disallow And Expunge | |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit B Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| JPMorgan Chase Bank NA | JPMorgan Chase Bank NA<br>c o Kevin Kelley Managing Director<br>245 Park Ave<br>New York, NY 10167 | 7/14/09 | 18616 | $60,062,043.77 | Books And Records Claims | Disallow And Expunge | |
| Merrill Lynch Pierce Fenner & Smith Incorporated | c o Marc Falcone<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Ave of the Americas<br>New York, NY 10019-6064 | 7/15/09 | 18883 | $7,157,818.25 | Books And Records Claims | Disallow And Expunge | |
| Merrill Lynch Pierce Fenner & Smith Incorporated | c o Marc Falcone<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | 7/15/09 | 19110 | $0.00 | Books And Records Claims | Disallow And Expunge | |
| Ohio Dept of Job & Family Services | OP Repayment Lockbox<br>PO Box 182059<br>Columbus, OH 43218 | 6/29/09 | 17048 | $7,488.00 | Books And Records Claims | Disallow And Expunge | |
| Packard Hughes Interconnect Bargaining Retirement Plan | Mary F Caloway<br>The Brandywine Building<br>1000 W St Ste 1410<br>Wilmington, DE 19801 | 7/15/09 | 18925 | $3,512,635.00 | Books And Records Claims | Disallow And Expunge | |
| Packard Hughes Interconnect Bargaining Retirement Plan | Buchanan Ingersoll & Rooney<br>William H Schorling<br>1835 Market St 14th Fl<br>Philadelphia, PA 19103-8700 | 7/15/09 | 18925 | $3,512,635.00 | Books And Records Claims | Disallow And Expunge | |
| Packard Hughes Interconnect Bargaining Retirement Plan | Nell Hennessy President & CEO<br>Fiduciary Counselors Inc<br>700 12th St NW Ste 700<br>Washington, DC 20005 | 7/15/09 | 18925 | $3,512,635.00 | Books And Records Claims | Disallow And Expunge | |
| Packard Hughes Interconnect NonBargaining Retirement Plan | Buchanan Ingersoll & Rooney PC<br>Mary F Caloway<br>The Brandywine Building 1000 W St Ste 1410<br>Wilimington, DE 19801 | 7/15/09 | 18926 | $7,784,055.00 | Books And Records Claims | Disallow And Expunge | |
| Packard Hughes Interconnect NonBargaining Retirement Plan | Buchanan Ingersoll & Rooney<br>William H Schorling<br>1835 Market St 14th Fl<br>Philadelphia, PA 19103-8700 | 7/15/09 | 18926 | $7,784,055.00 | Books And Records Claims | Disallow And Expunge | |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit B Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| Packard Hughes Interconnect NonBargaining Retirement Plan | Nell Hennessy President & CEO Fiduciary Counselors Inc 700 12th St NW Ste 700 Washington, DC 20005 | 7/15/09 | 18926 | $7,784,055.00 | Books And Records Claims | Disallow And Expunge | |
| SDADS Shanghai Inteva Automotive Door Systems Company Ltd | Derek L Wright Esq Foley & Lardner LLP 321 N Clark St Ste 2800 Chicago, IL 60654 | 11/5/09 | 19994 | $238,274.80 | Books And Records Claims | Disallow And Expunge | |
| Sharyl Yvette Carter | 1541 La Salle Ave No 1 Niagra Falls, NY 14301 | 7/1/09 | 17094 | $50,000,000.00 | Books And Records Claims | Disallow And Expunge | |
| Sharyl Yvette Carter | 1541 La Salle Ave No 1 Niagra Falls, NY 14301 | 7/7/09 | 17773 | $0.00 | Books And Records Claims | Disallow And Expunge | |
| Walter A Kunka | 220 Old Oak Dr Cortland, OH 44410-1122 | 11/5/09 | 19808 | $2,706.91 | Books And Records Claims | Disallow And Expunge | |
| Washington State Support Registry | PO Box 11520 Tacoma, WA 98411-5520 | 7/1/09 | 19612 | $40,639.09 | Books And Records Claims | Disallow And Expunge | |
| Washington State Support Registry | Washington State Support Registry PO Box 45868 Olympia, WA 98504-5868 | 7/1/09 | 19612 | $40,639.09 | Books And Records Claims | Disallow And Expunge | |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit C Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| Bradford S Wagner | 2106 Springdale Dr SW<br>Hartselle, AL 35640 | 12/7/09 | 20084 | $95,180.00 | Duplicative Claims | Disallow And Expunge | 18437 |
| Denise C Olbrecht | PO Box 1152<br>Troy, MI 48099-1152 | 11/3/09 | 20019 | $69,541.90 | Duplicative Claims | Disallow And Expunge | 18414 |
| Denise C Olbrecht | Latham & Watkins LLP<br>Mr Robert J Rosenberg<br>885 Third Ave<br>New York, NY 10022-4834 | 11/3/09 | 20019 | $69,541.90 | Duplicative Claims | Disallow And Expunge | 18414 |
| Denise C Olbrecht | Skadden Arps Slate Meagher & Flom LLP<br>Mr John Wm Butler Jr<br>155 N Wacker Dr<br>Chicago, IL 60606 | 11/3/09 | 20019 | $69,541.90 | Duplicative Claims | Disallow And Expunge | 18414 |
| Gayle Inscho | 1735 Chestnut Mtn Rd SW<br>Decatur, AL 35603 | 11/3/09 | 19899 | $95,000.00 | Duplicative Claims | Disallow And Expunge | 17060 |
| James R Thompson | 22086 Choctaw Ln<br>Athens, AL 35613 | 11/2/09 | 19818 | $73,145.00 | Duplicative Claims | Disallow And Expunge | 17918 |
| Jimmy Mueller | 1604 Saint James Ct<br>Decatur, AL 35601 | 11/3/09 | 19882 | $101,720.00 | Duplicative Claims | Disallow And Expunge | 17628 |
| Marcia Jones | 1306 Byron Ave SW<br>Decatur, AL 35601 | 11/4/09 | 20010 | $84,740.00 | Duplicative Claims | Disallow And Expunge | 18584 |
| Nathaniel Winston | 2518 Greenhill Dr<br>Huntsville, AL 35810 | 10/30/09 | 20044 | $86,480.00 | Duplicative Claims | Disallow And Expunge | 18613 |
| William H Brinkman | 1807 Fitzgerald Dr SW<br>Decatur, AL 35603 | 11/4/09 | 20011 | $85,445.00 | Duplicative Claims | Disallow And Expunge | 17213 |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit C Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| William H Johnson | 24943 Queen Annes Lace Athens, AL 35613 | 11/3/09 | 19881 | $104,480.00 | Duplicative Claims | Disallow And Expunge | 17033 |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit D Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| Donald L Kidd | 5310 Flamingo Ct Riverside, OH 45431-2833 | 7/13/09 | 18370 | $0.00 | Pension And Benefit Claims | Disallow And Expunge | |
| Horace Curry | 3432 Hermansau Saginaw, MI 48603 | 6/29/09 | 17043 | $476,000.00 | Pension And Benefit Claims | Disallow And Expunge | |
| James A Luecke | 3845 W College Ave Milwaukee, WI 53221 | 6/29/09 | 18049 | $159,000.00 | Pension And Benefit Claims | Disallow And Expunge | |
| Mary Rehbein | 101 S Vine Cleveland, OH 74020 | 7/15/09 | 19105 | $64,572.00 | Pension And Benefit Claims | Disallow And Expunge | |
| Shirley J Murry | PO Box 6444 Saginaw, MI 48608 | 7/15/09 | 19183 | $0.00 | Pension And Benefit Claims | Disallow And Expunge | |
| Thomas L Knoll | 609 Woodlawn Ave Sandusky, OH 44870 | 7/13/09 | 18493 | $1,912,000.00 | Pension And Benefit Claims | Disallow And Expunge | |

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit E Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Treatment of Claim | Surviving Claim Number |
| David L Vinton | 2186 Holly Tree Dr Davison, MI 48423 | 7/1/09 | 17100 | $0.00 | Transferred Workers' Compensation Claims | Disallow And Expunge | |
| Doris Frazier | 624 S Warren Ave Saginaw, MI 48607 | 7/13/09 | 18463 | $0.00 | Transferred Workers' Compensation Claims | Disallow And Expunge | |
| Thomas Roy Riley | 1810 6th St Bay City, MI 48708 | 6/26/09 | 16870 | $0.00 | Transferred Workers' Compensation Claims | Disallow And Expunge | |

# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
        In re                         :        Chapter 11
                                      :
DPH HOLDINGS CORP., et al.,           :        Case No. 05-44481 (RDD)
                                      :
            Reorganized Debtors.      :        (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of objections. The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims are overstated. The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records. The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records. The

2

allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

3

Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order. With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order. IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH

THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES
ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-
FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE
OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION
PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an
Administrative Claim against the Reorganized Debtors.


Dated:  New York, New York
        February 12, 2010

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
          In re                           :        Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :        Case No. 05-44481 (RDD)
                                          :
                          Debtors.        :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

December 13, 2006 at 10:00 a.m. (prevailing Eastern time)

January 12, 2007 at 10:00 a.m. (prevailing Eastern time)

February 14, 2007 at 10:00 a.m. (prevailing Eastern time)

March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.     Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth

Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy

Court in accordance with General Order M-242 (as amended) – registered users of the

Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest

must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format), (d) be submitted in hard copy form directly

to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps,

Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n:

John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no

later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus

Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

        3.        Every Response must contain at a minimum the following:

        (a)        the title of the claims objection to which the Response is directed;

        (b)        the name of the claimant (each holder of a proof of claim, a
"Claimant") and a brief description of the basis for the amount of the claim;

        (c)        a concise statement setting forth the reasons why the claim should
not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific
factual and legal bases upon which the Claimant will rely in opposing the claims objection;

        (d)        unless already set forth in the proof of claim previously filed with
the Court, documentation sufficient to establish a prima facie right to payment; provided,
however, that the Claimant need not disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that the Claimant shall disclose to the
Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)    to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)    the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.    Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, _provided_ that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; _provided_, _however_, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.    To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.    The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

        7.        Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

        8.        Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

        9.        The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

        (a)        Adjournment Of Claims Hearing.

        (i)        All Contested Claims for which a timely Response is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors may send such notice to each Claimant when they deem it appropriate to do so, subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)     for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as Exhibit B (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)     for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as Exhibit C (a "Notice Of Claims Objection Hearing" and, collectively with the Notice Of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)     The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; provided, however, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)     Sufficiency Hearing Procedures.

(i)     To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)     To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)     To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)     Mandatory Meet And Confer.

(i)     If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

7

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)    If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)    The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)    Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

8

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e)    <u>Claimant's Supplemental Response</u>.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i)    The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii)    The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

(f)    Debtors' Supplemental Reply.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)    The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; provided further, however, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; provided, however, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    Mandatory Non-Binding Summary Mediation.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

10

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

> (i)    Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

> (ii)    The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

> (iii)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

> (iv)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

> (v)    If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

> (vi)    A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

> (vii)    Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

(viii)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

(h)    <u>Claims Objection Hearing Discovery</u>.  If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)    That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Claimant respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)    That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Debtors respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

12

(iv)     No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)     Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)     <u>Conduct Of The Claims Objection Hearing</u>.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)     <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)     <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

10.     The procedures approved herein shall not apply to claims filed by Banc of

America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof

of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence

Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit

Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce,

Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to

proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH,

the State of California Environmental Protection Agency, the State of Michigan Environmental

Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties,

Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental

Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760)

(collectively, the "Excluded Parties") for any purpose, including, but not limited to, any

objections to such claims or other litigation in respect of such claims; provided, however, that

nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice

and an opportunity to be heard, from seeking to establish appropriate alternative claims

resolution procedures.

11.     With respect to the claim of Gary Whitney ("Mr. Whitney") (claim

number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against

Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's

ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy

Code subject to the Debtors' right to object to such request.

12.     The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC

("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

14

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix

Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix

Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated

pursuant to its terms.

13.        Nothing in this Order shall preclude any right to seek estimation of a claim

under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay

under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to

seek protection of information under section 107(b) of the Bankruptcy Code or any right not

specifically addressed in this Order.

14.        This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

15.        The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated:  New York, New York
            December 6, 2006

                                                    /s/Robert D. Drain
                                                    UNITED STATES BANKRUPTCY JUDGE

15

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

    PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|------------|--------------|--------------------------|---------------------|--------------------|---------------------------------|
|            |              |                          |                     |                    |                                 |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to the Order by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
                    _____ _, 200_

                                        BY ORDER OF THE COURT

                                        John Wm. Butler, Jr. (JB 4711)
                                        John K. Lyons (JL 4951)
                                        Ron E. Meisler (RM 3026)
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                            - and -

                                        Kayalyn A. Marafioti (KM 9632)
                                        Thomas J. Matz (TM 5986)
                                        SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
            _____ _, 200_

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                           FLOM LLP

                                        By:_____
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        By:_____
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
          _____ _, 200_

                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                      FLOM LLP

                                   By:_____
                                       John Wm. Butler, Jr. (JB 4711)
                                       John K. Lyons (JL 4951)
                                       Ron E. Meisler (RM 3026)
                                   333 West Wacker Drive, Suite 2100
                                   Chicago, Illinois  60606
                                   (312) 407-0700

                                   By:_____
                                       Kayalyn A. Marafioti (KM 9632)
                                       Thomas J. Matz (TM 5986)
                                   Four Times Square
                                   New York, New York 10036
                                   (212) 735-3000

                                   Attorneys for Delphi Corporation, et al.,
                                       Debtors and Debtors-in-Possession

EXHIBIT D

## LIST OF MEDIATORS

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)


Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
        In re                                       :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                            Debtors.                :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

            PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

2

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.

Dated:  New York, New York
      _____ \_, 200\_

                    SKADDEN, ARPS, SLATE, MEAGHER &
                      FLOM LLP

                    By:_____
                      John Wm. Butler, Jr. (JB 4711)
                      John K. Lyons (JL 4951)
                      Ron E. Meisler (RM 3026)
                    333 West Wacker Drive, Suite 2100
                    Chicago, Illinois  60606
                    (312) 407-0700

                    By:_____
                      Kayalyn A. Marafioti (KM 9632)
                      Thomas J. Matz (TM 5986)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Delphi Corporation, et al.,
                      Debtors and Debtors-in-Possession

# EXHIBIT H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
      In re                         :        Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :        Case No. 05-44481 (RDD)
                                    :
                Debtors.        :        (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING
DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO
ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS

("ORDER AUTHORIZING USE OF ADMINISTRATIVE CLAIM OBJECTION PROCEDURES")

              Upon the motion (the "Motion"), dated July 31, 2009, of Delphi Corporation (now

known as DPH Holdings Corp.) and certain of its subsidiaries and affiliates, former debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Reorganized Debtors"), for

entry of an order authorizing the Reorganized Debtors to apply the claims objection procedures

set forth in the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures

Governing Hearings Regarding Disallowance Or Estimation Of Claims on December 6, 2006

(the "Claim Objection Procedures Order") (Docket No. 6089) to contested administrative

expense claims; and upon the record of the August 20, 2009 hearing held on the Motion; and

counsel for the Reorganized Debtors having represented that GM Components[1] and DIP Holdco

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3 have agreed to the terms of this order; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.    The Motion is GRANTED as provided herein.

2.    The Reorganized Debtors are authorized and directed to apply the claims

objection procedures set forth in the Claims Objection Procedures Order to any dispute with

respect to Administrative Claims.

3.    All Administrative Claims shall be subject to the Claims Objection

Procedures.

4.    With respect to any Administrative Claim that is to be paid by and/or is

the responsibility of either GM Components or DIP Holdco 3 pursuant to the DIP Lender-GM

Master Disposition Agreement (the "MDA"), DPH Holdings Corp. will (a) provide to GM

Components or DIP Holdco 3, as applicable, (i) written notice identifying the Administrative

Claim and (ii) reasonably requested documentation relating to the Administrative Claim, and (b)

work with GM Components or DIP Holdco 3, as applicable, to develop an appropriate strategy to

liquidate or seek disallowance of the Administrative Claim.

5.    DPH Holdings Corp. shall not enter into a settlement agreement or make a

payment on account of any Administrative Claim for which either GM Components or DIP

Holdco 3 is responsible without the express written consent of GM Components or DIP Holdco 3,

as applicable.  Additionally, to the extent GM Components or DIP Holdco 3 directs DPH

Holdings Corp. to resolve an Administrative Claim (for which GM Components or DIP Holdco 3

is responsible) in a particular manner, including the settlement or litigation of such claim, DPH

2

Holdings Corp. shall resolve the Administrative Claim in accordance with such direction at no further cost, liability, or expense to DPH Holdings Corp.

6.      If (a) GM Components or DIP Holdco 3, as applicable, requires DPH Holdings Corp. to liquidate or seek disallowance of an Administrative Claim or (b) after DPH Holdings Corp. applies the Claims Objection Procedures to liquidate or seek disallowance of an Administrative Claim and either GM Components or DIP Holdco 3 is subsequently determined to be responsible for such Administrative Claim pursuant to the MDA, the reasonable costs incurred by DPH Holdings Corp. of liquidating or seeking disallowance of such Administrative Claim, only to the extent incurred after DPH Holdings Corp. has given notice in accordance with paragraph 4(a), above, shall be reimbursed by whichever of GM Components or DIP Holdco 3 is responsible for such Administrative Claim pursuant to the MDA.  GM Components or DIP Holdco 3, as applicable, may elect at any time to assume responsibility for liquidating or seeking disallowance of any such Administrative Claim at its own expense.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
        October 22, 2009

        ___/s/Robert D. Drain_____
        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT I

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit F Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Correct Debtor | Allowed Amount | Allowed Nature |
| Don Montgomery | 89 Joe Lemmond Rd Sommerville, AL 35670 | 7/2/09 | 17217 | $96,300.00 | Modified And Allowed Severance Claims | 05-44481 | $80,185.00 | Priority |
| Jim Thompson | 22086 Choctaw Ln Athens, AL 35613 | 7/6/09 | 17918 | $99,860.00 | Modified And Allowed Severance Claims | 05-44481 | $73,395.00 | Priority |
| Marcia Jones | 1306 Byron Ave SW Decatur, AL 35601 | 7/14/09 | 18584 | $96,560.00 | Modified And Allowed Severance Claims | 05-44481 | $84,740.00 | Priority |
| Michael K Uptigrove | 804 Sienna Vista Dr Madison, AL 35758-1231 | 6/30/09 | 17063 | $105,140.00 | Modified And Allowed Severance Claims | 05-44481 | $92,217.50 | Priority |

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
            In re                         :        Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :        Case No. 05-44481 (RDD)
                                          :
            Reorganized Debtors.          :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned
cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its
affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to
the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors'
reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of
administrative expense, the Reorganized Debtors have determined that one or more of your claims for an
administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the
table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as
summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth
Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain
Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims,
(D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And
Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative
Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a
copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims
Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the
Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the
"Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS
FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION
AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS'
OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN
TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER
DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED
WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of objections. The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims are overstated. The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records. The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records. The

2

allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (iv) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300
Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH
Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the
Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago,
Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why
the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may
be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing
the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative
expense previously filed with the Court, documentation sufficient to establish a <u>prima facie</u> right to
payment; <u>provided</u>, <u>however</u>, that you need not disclose confidential, proprietary, or otherwise protected
information in the Response; <u>provided further</u>, <u>however</u>, that you must disclose to the Reorganized
Debtors all information and provide copies of all documents that you believe to be confidential,
proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative
Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the
amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of
the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to
which the Reorganized Debtors must return any reply to the Response, if different from the address(es)
presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on
any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date
to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures
Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court
conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS
CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY
THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS
OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE
WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON
LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE
CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-FIFTH
OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH

4

THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.

Dated:  New York, New York
         February 12, 2010

# EXHIBIT K

DPH Holdings Corp.
Forty-Fifth Omnibus Claims Objection
Exhibit G Service List

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Name | Address | Date Filed | Claim Number | Asserted Claim Amount | Basis For Objection | Correct Debtor | Allowed Amount | Allowed Nature |
| Bradford S Wagner | 2106 Springdale Dr Hartselle, AL 35640 | 7/13/09 | 18437 | $0.00 | Allowed Severance Claims | 05-44481 | $95,180.00 | Priority |
| Diane L Hopwood | 6230 Lake Forest Dr Grand Blanc, MI 48439 | 7/3/09 | 17670 | $0.00 | Allowed Severance Claims | 05-44481 | $71,940.00 | Priority |
| Laura E Miller | 1502 16th Ave SW Decatur, AL 35601-5406 | 6/30/09 | 17073 | $87,200.00 | Allowed Severance Claims | 05-44481 | $87,200.00 | Priority |
| Mara L Hendress | 3858N SR29 Camden, IN 46917 | 11/4/09 | 19926 | $18,800.00 | Allowed Severance Claims | 05-44481 | $18,800.00 | Priority |
| Ralph E Young | 6868 Woodhills Dr NE Rockford, MI 49341 | 7/6/09 | 17768 | $0.00 | Allowed Severance Claims | 05-44481 | $45,900.00 | Priority |
| Roger K Mathis | 1708 Eastwood Dr SE Decatur, AL 35601 | 7/6/09 | 17428 | $0.00 | Allowed Severance Claims | 05-44481 | $95,540.00 | Priority |
| Samuel C Blankenship | 1803 Longview Dr SW Apt 21 Decatur, AL 35603 | 7/10/09 | 18225 | $98,540.00 | Allowed Severance Claims | 05-44481 | $98,540.00 | Priority |
| Scott M Leach | 9037 Orchard View Dr Grand Blanc, MI 48439 | 7/1/09 | 17165 | $92,100.00 | Allowed Severance Claims | 05-44481 | $92,100.00 | Priority |
| Timothy A Eldon | 12426 Springbrooke Run Carmel, IN 46033 | 11/12/09 | 20078 | $0.00 | Allowed Severance Claims | 05-44481 | $39,520.00 | Priority |
| William L MacNaughton | 35441 Edmunds Grove New Baltimore, MI 48047 | 7/10/09 | 18204 | $0.00 | Allowed Severance Claims | 05-44481 | $58,550.00 | Priority |

# EXHIBIT L

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                  :
    In re                      :      Chapter 11
                  :
DPH HOLDINGS CORP., et al.,     :      Case No. 05-44481 (RDD)
                  :
         Reorganized Debtors.     :      (Jointly Administered)
                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


<u>NOTICE OF OBJECTION TO CLAIM</u>

[Claimant Name]:


       DPH Holdings Corp. and certain of its affiliated reorganized debtors and in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice.  According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases.  Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged, (b) modified, or (c) allowed, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (the "Forty-Fifth Omnibus Claims Objection"), dated February 12, 2010, a copy of which is enclosed (without exhibits).  The Reorganized Debtors' Forty-Fifth Omnibus Claims Objection is set for hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.  AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-FIFTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 11, 2010.  IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

The enclosed Forty-Fifth Omnibus Claims Objection identifies seven different categories of objections. The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Severance Claims" assert liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid.

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Administrative Claims identified as having a Basis For Objection of "Duplicative Claims" are duplicative of other Administrative Claims.

Administrative Claims identified as having a Basis For Objection of "Pension And Benefit Claims" are those Administrative Claims for which the Reorganized Debtors are not liable.

Administrative Claims identified as having a Basis For Objection of "Transferred Workers' Compensation Claims" were filed by individual current or former employees for workers' compensation benefits and assert liabilities that have been assumed, pursuant to that certain Master Disposition Agreement, dated as of July 30, 2009 (as amended), among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company, DIP Holdco 3, LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and certain other sellers and buyers, by the GM Buyers (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Modified And Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims are overstated. The Reorganized Debtors propose to modify and allow each such Administrative Claim so that the modified and allowed amount matches the Reorganized Debtors' books and records. The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

Administrative Claims identified as having a Basis For Objection of "Allowed Severance Claims" were filed by former employees of the Debtors and assert liabilities for severance benefits arising from agreements with the Debtors. The amounts asserted in such Administrative Claims match the Reorganized Debtors' books and records. The allowed amounts of each such Administrative Claim will be distributed pursuant to (a) the terms of the agreement giving rise to such Administrative Claim and (b) the provisions of the Master Disposition Agreement that provide that such Administrative

Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Allowed Amount | Allowed Nature |
| ❸ | ❹ | ❺ | ❻ | ❼ | ❽ | ❾ |

If you wish to view the complete exhibits to the Forty-Fifth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-Fifth Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Fifth Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on March 11, 2010. Your Response, if any, to the Forty-Fifth Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Fifth Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the March 18, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on March 18, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-FIFTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.

Dated:  New York, New York
        February 12, 2010

4