HERRICK, FEINSTEIN LLP  
Two Park Avenue  
New York, NY 10016  
212-592-1400  Telephone  
212-592-1500  Facsimile  
Paul Rubin  
prubin@herrick.com  

**Hearing Date and Time: February 25, 2010 at 10:00 a.m.**  
**(to be continued per *Claims Objection Procedures Order*)**

*Attorneys for Canon U.S.A., Inc.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
In re:                                                : Chapter 11
:
DPH HOLDINGS CORP., et al.,        : Case No. 05-44481 (RDD)
:
         Reorganized Debtors.       : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**RESPONSE OF CANON U.S.A., INC. TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSES (A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D) EQUITY INTERESTS, (E) PREPETITION CLAIMS, (F) INSUFFICIENTLY DOCUMENTED CLAIMS, (G) PENSION, BENEFIT, AND OPEB CLAIMS, (H) WORKERS' COMPENSATION CLAIMS, AND (I) TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY AND ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS**

TO:   THE HONORABLE ROBERT D. DRAIN,  
      UNITED STATES BANKRUPTCY JUDGE

      Canon U.S.A., Inc. ("Canon" or "Claimant"), creditor in the above-captioned jointly administered chapter 11 bankruptcy proceedings, hereby submits this response (the "Response") to the reorganized debtors' (collectively, the "Debtors") forty-third omnibus objection pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (i) expunge certain

administrative expenses (a) severance claims, (b) books and records claims, (c) duplicate claims, (d) equity interests, (e) prepetition claims, (f) insufficiently documented claims, (g) pension, benefit, and OPEB claims, (h) workers' compensation claims, and (i) transferred workers' compensation claims, (ii) modify and allow certain administrative expense severance claims, and (iii) allow certain administrative expense severance claims (the "Objection"), insofar as the Objection relates to Canon's administrative claim, designated claim # 19165 (the "Claim"), and respectfully submits as follows:

## INTRODUCTION

1. Pursuant to the Notice of Bar Date for filing Proofs of Administrative Expense dated June 16, 2009 (the "Administrative Bar Date Notice"), this Court set July 15, 2009 as the last date to file an administrative expense claim against the Debtors for post-petition claims against the Debtors which arose subsequent to October 8, 2005 (the "Petition Date") and prior to June 1, 2009.

2. On July 15, 2009, Canon, in accordance with the terms of the Administrative Bar Date Notice, timely filed its Claim with this Court seeking a request for payment of an administrative priority expense in the above-captioned chapter 11 cases in the amount of $16,874.96.

3. The Claim was asserted by Canon against debtor Delphi Automotive Systems LLC ("Delphi") pursuant to the priority entitled to it under the statutory provisions of 11 U.S.C. §503. The attachments to the Claim included a listing by individual invoice number, date and amounts owed by Delphi to Canon. As described below, this Claim relates to amounts owed by Delphi for the use of Canon copiers during the post-petition period. A copy of the Claim, with attachments, is annexed as Exhibit "A".

2

4. As set forth in the Objection, the Debtors seek to disallow and expunge the Claim and deny Canon the rights afforded to it under 11 U.S.C. § 503.

5. Subsequent to the filing of the Claim, Delphi actually remitted partial payment to Canon on account of certain of the post-petition invoices referenced on the Claim. In fact, Delphi sent Canon payment on these invoices as late as October, 2009. However, the majority of the invoices listed on the Claim remain unpaid. As of the date of this Response, the outstanding and unpaid invoices total $12,839.18. A chart listing the remaining outstanding and unpaid invoices is annexed hereto as Exhibit "B". Copies of the outstanding individual invoices described in the attachments to the Canon Claim are annexed hereto as Exhibit "C".

6. Accordingly, Canon request allowance of its administrative expense priority claim in the reduced amount of $12,839.18.

7. Annexed to this Response as Exhibit "D" is the declaration of Loren L. Faragasso, a Senior Manager for Billing and Strategic Account Operations of Canon, in support of the Claim in the reduced amount.

## THE CLAIM

8. Delphi and Canon have a long running relationship (which began before Delphi was spun off from General Motors) whereby Delphi would pay Canon for the use of Canon copiers. The Claim asserted the amounts owed by Delphi to the Claimant, as of the date of the filing of the Claim, due to unpaid invoices for the rental of Canon copier machines and related use charges incurred by Delphi after the Petition Date and prior to June 1, 2009.

HF 5635463v.1 #05542/0009

9. Specifically, the outstanding invoices represent charges for copy machines which have been placed with Delphi through Canon's fleet rental program. For example, during the first six months of 2009, Delphi had twenty-five (25) Canon copiers in its possession under this program. The charges include a monthly minimum base rental charge plus the applicable meter charge (for copies made) for the specified time periods. The invoices were sent to Delphi in the ordinary course of business at or near the invoice date.

### THE DEBTORS' NAKED BOOKS AND RECORD OBJECTION

10. Noticeably absent from the Debtors' Objection is any explanation, argument, analysis, or other authority which supports the Debtors' contention that the Canon Claim should be disallowed and expunged. The Debtors, as part of paragraph 20 to the Objection, seek to disallow and expunge the Canon Claim because, "During their review of the Proofs of Administrative Expense, the Reorganized Debtors determined that certain Administrative Claims filed against the Debtors assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records, in most cases because such Administrative Claims have been satisfied in the ordinary course of business." Such bare assertion without further support should not be considered a presumptive basis to deny the Claim.

11. This is especially true since a portion of the Claim had already been paid after it was filed.

12. The Canon Claim is entitled to administrative priority status. "For a claim in its entirety to be entitled to first priority under [§503(b)(1)(A)], the debt must arise from the transaction with the debtor in possession…[and] the consideration supporting the claimant's

4

right to payment [must be] beneficial to the debtor-in-possession in the operation of the business." In re O'Brien Environmental Energy, Inc., 181 F.3d 527, 532-533 (3d. Cir. 1999) (citing Cramer v. Mammoth Mart, Inc., (In re Mammoth Mart, Inc.), 536 F.2d 950, 954 (1st Cir. 1976)); In re Dant & Russell, Inc., 853 F.2d 700, 706 (9th Cir. 1988). Further, section 503(b) requires that the services provided be actual and necessary costs of preserving the estate and that the services be rendered after the commencement of the case. Dant & Russell, Inc., 853 F.2d at 706. The amounts set forth in the Canon Claim satisfy both prongs for payment under section 503(b). First, there is no question that the copy machines and the corresponding copy services which were provided by Canon were used by the Debtors for their necessary day to day business operations. Second, the usage which was indicated on the relevant invoices occurred post-petition through June 1, 2009.

13.    Thus, Canon is seeking payment of its administrative expense claim because it provided actual and beneficial services to the Debtors---use of copier machines---during the post-petition period. Indeed, the fact that the Debtors have paid a portion of this Claim since it was filed is an acknowledgment that Canon has actually provided a benefit for which the Debtors must pay.

14.    The Debtors have failed to meet their burden of submitting any credible factual or legal support for the expungement of this valid claim. Accordingly, the Objection should be overruled, Canon's administrative expense priority claim in the reduced amount of $12,839.18 should be allowed, and Delphi should be directed to pay the amount owed.

### Reservation of Rights

15. This response is filed without prejudice to the filing by Canon of additional proofs of claim or requests for payment with respect to any other indebtedness or liability of the Debtors, and Canon expressly reserves all rights to amend or supplement this Response as circumstances may warrant.

16. In filing this Response, Canon expressly reserves all rights and causes of actions against the Debtors or any other person or entity.

### Conclusion

17. In sum, the Debtors have failed to come forward with any justification for the expungement of Canon's Claim and the Debtors have provided no justification to deny the administrative expense priority status sought by the Canon Claim in the reduced amount as set forth, *supra.*

HF 5635463v.1 #05542/0009

**WHEREFORE,** Canon requests that the Court overrule the Debtors' Objection to Canon's Claim, allow Canon's request for payment of administrative expense in the reduced amount of $12,839.18, direct the Debtors to pay this Claim, and award Canon such other and further relief as this Court deems just and proper under the circumstances.

Dated:  New York, New York
        February 18, 2010

    HERRICK, FEINSTEIN LLP


    By: /s/ Paul Rubin
        Paul Rubin
        prubin@herrick.com
        Two Park Avenue
        New York, New York 10016
        Telephone:  (212) 592-1400
        Facsimile:  (212) 592-1500

*Attorneys for Canon U.S.A., Inc.*

HF 5635463v.1 #05542/0009