# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
In re:                                                             :    Chapter 11
:
DPH HOLDINGS CORP., et al.,                                        :    Case No. 05-44481 (RDD)
:
:    (Jointly Administered)
Reorganized Debtors.                          :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF LOREN L. FARAGASSO IN SUPPORT OF
RESPONSE OF CANON U.S.A., INC. TO REORGANIZED DEBTORS' FORTY-THIRD
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P.
3007 TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSES (A) SEVERANCE
CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS,
(D) EQUITY INTERESTS, (E) PREPETITION CLAIMS, (F) INSUFFICIENTLY
DOCUMENTED CLAIMS, (G) PENSION, BENEFIT, AND OPEB CLAIMS,
(H) WORKERS' COMPENSATION CLAIMS, AND (I) TRANSFERRED WORKERS'
COMPENSATION CLAIMS, (II) MODIFY AND ALLOW CERTAIN
ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW CERTAIN
<u>ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS</u>**

I, Loren L. Faragasso, hereby declare under 28 U.S.C. § 1746 that the following is true to the best of my knowledge, information and belief:

1. I am a Senior Manager for Billing and Strategic Account Operations for Canon U.S.A., Inc. ("Canon"), a named creditor in the above-entitled action. I have personal knowledge of the facts set forth herein.[1]

2. I submit this declaration (the "Declaration") in opposition to the Debtors' Objection which seeks to disallow and expunge the request for payment of an administrative expense (the "Claim") filed by Canon in the above-captioned matter.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Response.

HF 5635463v.1 #05542/0009

3. In my capacity as a Senior Manager for Canon, I am fully familiar with the Canon accounts as they relate to Delphi.

4. I attest that the amount of indebtedness set forth in the Response is derived from contemporaneously made records kept in the ordinary course of Canon's business.

5. Canon filed its Claim in the above-captioned matter in accordance with the terms of the Administrative Bar Date Notice.

6. The Claim was asserted for monies due and owing by the Debtors on account of unpaid post-petition invoices rendered by Canon to Delphi from October 8, 2005 through June 1, 2009.

7. Specifically, the outstanding invoices represent charges for copy machines which have been placed with Delphi through Canon's fleet rental program. For example, during the first six months of 2009, Delphi had twenty-five (25) Canon copiers in its possession under this program. The charges include a monthly minimum base rental charge plus the applicable meter charge (for copies made) for the specified time periods. The invoices were sent to Delphi in the ordinary course of business at or near the invoice date.

8. Subsequent to the filing of the Claim, Delphi actually remitted partial payment to Canon on account of certain of the post-petition invoices referenced on the Claim. However, the majority of the invoices listed on the Claim remain unpaid. To date, the outstanding invoices total $12,839.18. A chart listing the outstanding invoices is annexed to the Response together with the underlying invoices.

9. At no time prior to the filing of the Objection did the Debtors object to Canon's right to payment of the amounts due and owing on account of the invoices.

HF 5635463v.1 #05542/0009

10. Further, the Debtors have not provided Canon with any documentation or explanation to challenge Canon's request for administrative expense priority status of its Claim pursuant to 11 U.S.C. § 503, other than to assert that this obligation does not appear in their books and records.

11. Accordingly, it is respectfully requested that the Debtors' motion to disallow and expunge the Claim, which was duly filed with this Court, be denied, and that Canon's request for administrative expense priority status in the reduced claim amount of $12,839.18 be allowed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _17th_ day of February, 2010 at Lake Success, New York

_____
Loren L. Faragasso

HF 5635463v.1 #05542/0009