Debra Turetsky
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY  10022
(212) 521-5400  (telephone)
(212) 521-5450 (facsimile)
dturetsky@reedsmith.com

and

Stephen T. Bobo (IL No. 6182054)
Ann E. Pille (IL No. 6283759)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
(312) 207-1000 (telephone)
(312) 207-6400 (facsimile)
sbobo@reedsmith.com
apille@reedsmith.com

*Counsel to Accurate Threaded Fasteners,
Inc., f/k/a ATF, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
: 
: 
In re                                             :    Chapter 11
:
DPH HOLDINGS CORP., et al.,        :    Case No. 05–44481 (RDD)
:
                        Debtors.            :    (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### RESPONSE OF ACCURATE THREADED FASTENER'S INC. TO THE REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION

Accurate Threaded Fasteners, Inc. f/k/a ATF, Inc. ("ATF"), by its undersigned counsel, hereby responds to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (i) Expunge Certain Administrative Expense (a)

Severance Claims, (b) Books and Records Claims, (c) Duplicate Claims, (d) Equity Interests, (e) Prepetition Claims, (f) Insufficiently Documented Claims, (g) Pension, Benefit, and OPEB Claims, (h) Workers' Compensation Claims, and (i) Transferred Workers' Compensation Claims, (ii) Modify and Allow Certain Administrative Expense Severance Claims, and (iii) Allow Certain Administrative Expense Severance Claims (the "Claim Objection"), and states:

## Factual Background

1. ATF was a supplier of cold formed parts, special fasteners and assemblies to Delphi Corporation and certain of its affiliates (collectively, the "Debtors").

2. On October 8 and 14, 2005 (the "Petition Dates"), the Debtors, predecessors of DPH Holdings Corp. and certain of its affiliates (collectively, the "Reorganized Debtors"), filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On July 30, 3009, this Court entered an order (the "Plan Approval Order") approving certain modifications to the Debtors' confirmed plan of reorganization (the "Modified Plan"). The Modified Plan, among other things, established: (i) July 15, 2009 (the "First Administrative Bar Date") as the deadline to submit administrative expense claims that arose on or before June 1, 2009, and (ii) November 5, 2009 as the deadline to submit administrative expense claims that arose between June 1, 2009 through October 6, 2009 (the "Effective Date").

4. The Modified Plan further established that objections to administrative claims were required to be filed within 180 days after the applicable administrative claims bar date.

*Modified Plan*, § 10.5. If no objection was filed to an administrative expense claim during that period, the administrative claims were to be deemed allowed in the amount requested." *Id.*[1]

5.    ATF filed three administrative expense claims against the estates, including: (i) an administrative expense claim in the amount of $252,529.50 filed on July 13, 2009 (the "First Administrative Claim") (ii) an administrative expense claim in the amount of $123,033.62 filed on July 14, 2009 (the "Second Administrative Claim") and (iii) an administrative expense claim in the amount of $65,009.47 filed on November 5, 2009 (the "Third Administrative Claim" and, together with the First Administrative Claim and the Second Administrative Claim, the "Claims").

6.    As described more fully on the summary filed with each of the Claims, the Claims assert liabilities for goods supplied after the Petition Dates for which ATF was not paid. In addition, the First Administrative Claim includes invoices that relate to goods supplied to the Debtors between September 22, 2005 through December 8, 2005, which goods are entitled to administrative expense claim status pursuant to 11 U.S.C. § 503(b)(9).

7.    When the Claims were filed, ATF attached to the Claims: (i) a ledger detailing the invoices underlying the Claims, and (ii) copies of each of the invoices included on the ledger for which it seeks payment.

8.    Although portions of the Claims have been paid since the Claims were filed, substantial amounts remain due under the Claims as of February 18, 2010, including: (i) $217,184.47 due and owing under the First Administrative Claim, (ii) 117,891.27 due and owing

---

[1] Although the Modified Plan provides that this objection deadline may be extended by order of this Court, ATF is unaware of any order that extended the deadline for claims filed by the First Administrative Claims Bar Date. As such, ATF asserts that the Claim Objection is untimely with respect to claims filed before the First Administrative Claims Bar Date and must be denied on that basis with respect to those claims.

under the Second Administrative Claim, and (iii) $2,873.16 due and owing under the Third Administrative Claim (collectively, the "Outstanding Balances"). These amounts relate to invoices attached to the Claims for which no payment has been received by ATF.

9. As and for its objection to the Claims, the Claim Objection asserts only that the Claims assert liabilities that are not owing pursuant to the Reorganized Debtors' books and records. Notably, the Reorganized Debtors do not address any particular invoice to declare whether: (i) it was *never due*, or (ii) was paid in the ordinary course. Further, the Claim Objection includes no documents or evidence to support the Reorganized Debtors' contention that the amounts due and owing under the Claims are not due. In this way, the Claim Objection fails contest the proof offered by ATF in support of the Claims and must be denied.

## LAW AND ARGUMENT

10. The Claims, and the copies of ATF's invoices attached thereto, constitute evidence of the validity and amount of the Claims. Fed. R. Bankr. P. 3001(f) (providing that "[a] proof of claim executed and filed in accordance with th[e] [Bankruptcy] [R]ules shall constitute prima facie evidence of the validity and amount of the claim"); *see also In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994). The Reorganized Debtors, as the objecting parties, bear the burden of introducing sufficient evidence to rebut this presumption. See *Primavera Familienstiftung v. Askin*, 130 F.Supp.2d 450, 540 (S.D.N.Y. 2001); *In re Woodmere Invs. Ltd. P'ship*, 178 B.R. 346, 354 (Bankr. S.D.N.Y. 1995); In re Frederes, 98 B.R. 165, 166 (Bankr. W.D.N.Y. 1989); *In re St. Johnsbury Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997).[2] Such evidence must sufficiently demonstrate a true dispute and have probative force

---

[2] Even if an entire claim is not found to be *prima facie* valid, then a creditor nevertheless has the opportunity to prove the existence and amount of a claim. *See In re Cluff*, 313 B.R. 323, 337-38 (Bankr. D. Utah 2004), *aff'd*, No. 2:04-CV-978 TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah, Sept. 29, 2006).

equal to the contents of the Claims. COLLIER ON BANKRUPTCY, ¶ 3001.09[2] (15th ed. 2004) (evidence necessary to rebut the presumption of validity "must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim.") (citing *In re Wells*, 51 B.R. 563 (D. Colo. 1985)); *see also In re Premo*, 116 B.R. 515, 518 (Bankr. E.D. Mich. 1990); *In re Unimet Corp.*, 74 B.R. 156, 165 (Bankr. N.D. Ohio 1987).

11. In the instant case, the Reorganized Debtors' unsubstantiated allegations that the Claims are not due should not be allowed to satisfy an their burden of going forward on the Claim Objection. *See, e.g., In re Cluff*, 313 B.R. 323, 337 fn. 47 (Bankr. D. Utah 2004), *aff'd*, No. 2:04-CV-978 TS, 2006 U.S. Dist. LEXIS 71904 (D. Utah, Sept. 29, 2006) (stating that "a bare statement that there is a lack of documentation is insufficient as a matter of evidentiary burden to destroy the presumption [of validity established pursuant to Rule 3001(f)]" when overruling multiple claim objections).

12. Instead, in order to prevail on the Claim Objection, the Reorganized Debtors should, at a minimum, establish (i) that the goods that are the subject of the Claims were never received, (ii) that the estates received no benefit from the goods supplied by ATF; and/or (iii) the date on which the invoices attached to the Claims were paid. The Reorganized Debtors have not done any of these things.

13. In reality, despite Reorganized Debtors' unsubstantiated assertions to the contrary, the Claims have *not* been paid in full and sufficient documentation of the Claims have been provided to the Reorganized Debtors. Accordingly, the Claims should be allowed and the Outstanding Balances should be paid in full.[3]

---

[3] ATF is engaged in discussions with the Reorganized Debtors regarding the discrepancies between the Reorganized Debtors' books and records and the Claims. To date, however, ATF and the Reorganized Debtors have not been able to agree upon the exact amount that remains due and owing under the Claims.

14. ATF reserves the right to amend, supplement, or otherwise modify this Response, the Claims, and any and all attachments hereto or thereto and to submit such other and further evidence and briefing in support of the allowance and payment of the Claims as necessary or proper. In addition, ATF reserves the right to assert additional arguments in support of the allowance of the Claims in the event that the Reorganized Debtors provide additional evidence in support of the disallowance of the Claims.

## **CONCLUSION**

15. The Claim Objection must be overruled in its entirety insofar as it pertains to ATF and the Claims. The Reorganized Debtors simply fail to rebut the presumed validity and priority of the Claims and failed to articulate and substantiate sufficient bases for the requested relief. As a result, the Claims should be allowed in their entirety and the Outstanding Balances should be paid in full.

WHEREFORE, ATF respectfully requests that the Court enter an Order (a) overruling the Claim Objection in its entirety insofar as it pertains to the Claims; (b) allowing the Claims in full except as modified herein; (c) directing prompt payment of the Outstanding Balances; (d) to the extent necessary, affording ATF any additional and further relief that may be appropriate under the circumstances.

Dated: February 18, 2010

                    ACCURATE THREADED FASTENERS, INC., F/K/A ATF, INC.

By: */s/ Debra Turetsky*
    Debra Turetsky
    REED SMITH LLP
    599 Lexington Avenue, 22nd Floor
    New York, NY  10022
    (212) 521-5400  (telephone)
    (212) 521-5450 (facsimile)
    dturetsky@reedsmith.com

and

Stephen T. Bobo (IL No. 6182054)
Ann E. Pille (IL No. 6283759)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
(312) 207-1000 (telephone)
(312) 207-6400 (facsimile)
sbobo@reedsmith.com
apille@reedsmith.com

*Counsel to Accurate Threaded Fasteners, Inc. f/k/a ATF, Inc.*