| | |
|---|---|
| **LINEBARGER GOGGAN** | Hearing Date: February 25, 2010 |
| **BLAIR & SAMPSON, LLP** | Hearing Time: 10:00 a.m. |
| Attorneys for Tarrant Count | |
| P.O. Box 17428 | |
| Austin, Texas 78760 | |
| (512) 447-6675 (Telephone) | |
| (512) 443-5114 (Facsimile) | |
| Lori Robertson, Esq. | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                                        §
IN RE:                                                               §         CASE NO. 05-44481 (RDD)
DPH HOLDINGS CORP., et al                           §
Debtors                                                           §         Jointly Administered
                                                                        §
_____§

**RESPONSE OF CITY OF TARRANT COUNTY, TEXAS, TO DEBTORS' FORTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (1) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D) EQUITY INTERESTS, (E) PREPETITION CLAIMS, (F) INSUFFICIENTLY DOCUMENTED CLAIMS, (G) PENSION, BENEFIT, AND OPEB CLAIMS, (H) WORKERS' COMPENSATION CLAIMS, AND (1) TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY AND ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS**

("FORTY-THIRD OMNIBUS CLAIMS OBJECTION")

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

      COMES NOW, Tarrant County, Texas ("Taxing Authorities") Respondent and tax claimants herein, and file this Response to the Debtors' Forty-third Omnibus Objection to Claims Seeking to Disallow and Expunge Certain Tax Claims Filed Against the Debtors' Estates, and would show the Court as follows:

**PRELIMARY STATEMENT**

1.      Taxing Authorities are fully secured ad valorem tax creditors of Debtors and the Estates, holding prior perfected liens against property of the Estates.  Taxing Authorities' claims are secured pursuant to the Texas Property Tax Code §§32.01 and 32.07, *et seq*.

2.      Section 32.01, *et seq*. (a) of the Texas property Tax Code states, in part:

> "…[(a)] On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches.  The lien exists in favor of each taxing unit having power to tax the property.

> "…[(b)] A tax lien on inventory, furniture, equipment and other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

> "…[(c)] The lien under this section is perfected on attachment and…perfection requires no further action by the taxing unit."

3.      Section 33.01(a) of the Texas Property Tax Code states as follows:

> "…[A] delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. However, a tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax without regard to the number of months the tax has been delinquent. A delinquent tax continues to incur the penalty provided by this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered…"]

4.      Section 33.01(c) of the Texas property Tax Code states as follows:

> "…[A] delinquent tax accrues interest at a rate of one percent for each month or portion of each month the tax remains unpaid. Interest payable under this section is to compensate the taxing unit for revenue lost because of the delinquency. A delinquent tax continues to accrue interest under this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered…"

5.      Section 33.07(a) of the Texas Property Tax Code states as follows:

2

"…[A] taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that become delinquent on or after February 1 of a year but not later than May 1 of that year and remain delinquent on July 1 of the year in which they become delinquent incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30. The amount of the penalty may not exceed the amount of the compensation specified in the contract with the attorney to be paid in connection with the collection of the delinquent taxes…"

6.      Section 33.07(b) of the Texas property Tax Code states as follows:

"…[A] tax lien attaches to the property on which the tax is imposed to secure payment of the penalty…"

## ASSERTIONS OF THE TAXING AUTHORITIES

7.      Taxing Authorities assert that it is not necessary for them to file any response to the Objection to Claims, as the filing of a claim is tantamount to the filing of a complaint in a civil action and the filing of an objection is tantamount to an answer.  *In re Simmons,* 765 F.2d 547, 552 (5th Cir. 1985).  Taxing Authorities made a *prima facie* case when they filed their Proofs of Claim, and the burden is now on the Debtors to rebut it.  *In re WHET, Inc.,* 33 B.R. 424, 437 (D. Mass 1983).

8.      Nevertheless, out of an abundance of caution Taxing Authorities hereby reassert their secured claims against Debtors' Estates as fully as if the Proofs of Claim were repeated verbatim.

WHEREFORE, PREMISES CONSIDERED, Taxing Authorities pray that upon the scheduled hearing of this matter, admit their claims, deny the objection and award them such other and further relief as to which they may show themselves entitled.

Respectfully Submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)


By: */s/ Diane W. Sanders*
    DIANE W. SANDERS
    State Bar No. 16415500

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Response to Debtors' Forty-third Omnibus Objection to Claims has been served by U. S. Mail on the parties listed below on the 18th day February, 2010.

**DEBTOR**
Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy, MI 48098

**ATTORNEY FOR DEBTOR**
Skadden, Arps, Slate, Meagher & Flom LLP
Attn: John Wm. Butler, Jr.
John K. Lyons and
Randall G. Reese
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

**TRUSTEE**
Office of the U. S. Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004-11480

                                      */s/ Diane W. Sanders*
                                      Diane W. Sanders