**Hearing Date:  March 18, 2010**
                                                **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|        Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
PROOF OF CLAIM NUMBER 5368 (ANTHONY N. GARDNER)

("SUPPLEMENTAL REPLY – ANTHONY N. GARDNER")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 5368 (Anthony N. Gardner) (the "Supplemental Reply") and respectfully represent as follows:

Preliminary Statement

1.     On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.     On May 9, 2006, Anthony N. Gardner, a retired employee of the Debtors, filed proof of claim number 5368 (the "Proof of Claim") against Delphi Corporation. The Proof of Claim asserts an unliquidated claim for benefits arising under Delphi Corporation's Supplemental Executive Retirement Program (the "SERP") (the "Claim").

3.     On June 27, 2008, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirtieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claim, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13823), seeking to modify the amount and classification of the Proof of Claim to a general unsecured non-priority claim in the amount of $580,203.73 against the estate of Delphi Corporation for SERP benefits.

4.     On July 14, 2008, Mr. Gardner filed Anthony N. Gardner's Response To Debtors' Thirtieth Omnibus Claims Objection (Docket No. 13949) (the "Response"), asserting

2

that he and the Debtors had purportedly agreed to settle the Proof of Claim in the amount of $800,000.00.

5. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified, which had been approved by this Court pursuant to an order entered by this Court on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

6. On January 12, 2010, the Reorganized Debtors filed the Notice of Hearing With Respect To Debtors' Objection To Proof Of Claim No. 5368 (Anthony N. Gardner) (Docket No. 19307).

7. On January 20, 2010, the Reorganized Debtors filed their Statement Of Disputed Issues With Respect To Proof Of Claim Number 5368 (Anthony N. Gardner) (Docket No. 19344).

8. On January 28, 2010, Mr. Gardner filed his Amended Response of Anthony N. Gardner to the Thirtieth Omnibus Claim Objection (Docket No. 19388) (the "Amended Response").

Argument

9. Mr. Gardner has failed to provide sufficient evidence to support his claim and establish that the Debtors owe an outstanding liability to him in the amount asserted in the Proof of Claim. The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) . In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial

3

obligation to file substantiated proof of claim); see also In re Allegheny Intern., Inc., 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

10.    Even if the allegations in the Proof of Claim were sufficient to make a prima facie claim, the Reorganized Debtors have rebutted that claim by providing specific evidence refuting the validity of the Claim. To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the claim's legal sufficiency." In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, *4 (Bankr. S.D.N.Y. 2005) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir.1992)). Here, the Debtors have refuted the allegations that are essential to the Claim. The burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.... The burden of persuasion is always on the claimant." Id. Here, Mr. Gardner has not met that burden.

11.    The Reorganized Debtors have reviewed the information attached to the Proof of Claim, the Response, and the Amended Response and dispute that they owe the amount asserted in the Proof of Claim for SERP benefits.

12.    The Debtors were authorized, but not directed to, continue making monthly payments of SERP benefits up to $5,000.00 pursuant to the Order Under 11 U.S.C. §§

4

105(a), 363, 507, 1107, And 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations entered by this Court on October 13, 2005 (Docket No. 198) (the "Human Capital Obligations Order").

13. The Debtors continued making such payments until March 1, 2008, when they determined they would no longer continue to pay these benefits. As reflected in the declaration of Dean Unrue, a copy of which is attached hereto as Exhibit A (the "Unrue Declaration"), the amount of SERP benefits for each affected retired executive was calculated for the Debtors by Watson Wyatt & Company, a human capital consulting firm, as of March 1, 2008. These calculations were made according to provisions contained in the SERP in effect at the time the valuation was conducted in early 2008 and in accordance with generally accepted accounting principles. See Unrue Declaration at ¶ 5.

14. Specifically, the calculations were made by determining the present value amount of each retiree's remaining SERP entitlement as of November 1, 2005 – the first date of the first full month after the Petition Date. That value was then reduced by the amounts of any monthly SERP benefit payments made after the Petition Date through March 1, 2008. See id. at ¶ 6.

15. The present value of the actuarial remaining stream of benefit payments was calculated as of March 1, 2008 using the above-described methodology and became recognized by the Debtors as general unsecured non-priority claims. Following this methodology, the Debtors determined that Mr. Gardner was entitled to a general unsecured non-

5

priority claim in the amount of $580,203.73 against the estate of Delphi Corporation for his remaining SERP benefits.  See id. at ¶ 7.

16.     Because the Debtors believed at that time that such claims might confer value as distributions under a plan of reorganization, the Debtors solicited 159 retirees whoe were eligible to receive SERP benefits to sign releases in exchange for settlement of such claims. Of those 159 SERP-eligible retirees, all but two signed agreements with the Debtors containing such releases in exchange for settling their SERP claims in amounts calculated using this methodology.  See id. at ¶ 8.

17.     The Debtors intended to resolve the claims of retirees eligible for SERP benefits who did not sign such a release through the claims objection procedures authorized by this Court.  Mr. Gardner is one of the two SERP-eligible retirees who did not sign such a release, so the Debtors objected to his Proof of Claim.  See id. at ¶ 9.

18.     In his Response and Amended Response, Mr. Gardner asserts that the Debtors had agreed to a modified claim amount of $800,000.00 and attaches as an exhibit to his Response an email message to an attorney for the Debtors and a representative of the Debtors' human resources department stating that he received their message regarding a proposed cap of $800,000.00 for his claim and that he would rather reach a final agreement on the claim rather than a cap.  See Response at page 6 and Exh. B; Amended Response at page 2 and Exh. B.  First, the email that Mr. Gardner attached to his Response and Amended Response does not constitute evidence of even an offer by the Debtors to resolve the Proof of Claim, let alone an agreement regarding the amount of the Proof of Claim.  Second, the offer by the Debtors was to cap the Proof of Claim, with the Debtors reserving the right to further object and seek to reduce the amount of the Proof of Claim.  The Debtors sought such a cap because the Proof of Claim

6

asserted an unliquidated amount. There is nothing in Mr. Gardner's Amended Response which addresses either these rebuttals to the evidentiary value of the email that Mr. Garnder attached to each of the Response and Amended Response.

        19.      Moreover, the only new support that Mr. Gardner provides in his Amended Response are copies of estimates he received from two insurance companies purporting to estimate the value of Mr. Gardner's remaining SERP payments. See Amended Response, Exhibits C, D, and E. The Reorganized Debtors assert that these estimates do not provide sufficient support for the Claim. In his Amended Response, Mr. Gardner does not state the amount that was used as the present value of his SERP benefits as of November 1, 2005, whether his estimate considered the payments made by the Debtors pursuant to the Human Capital Obligations Order through March 1, 2008, and how the remaining stream of SERP benefit payments from March 1, 2008 forward was calculated.

        20.      In his Proof of Claim, Response, and Amended Response, Mr. Gardner failed to present any compelling evidence demonstrating that the amounts asserted in his Proof of Claim are owing by the Debtors. By contrast, as noted above, the Debtors deliberately and methodically determined that it determined that Mr. Gardner was entitled to a general unsecured non-priority claim in the amount of $580,203.73 against the estate of Delphi Corporation for his remaining SERP benefits. See Unrue Declaration at ¶ 7.

        21.      For all the reasons discussed above, the Debtors are not liable to Mr. Gardner for anything greater than a general unsecured non-priority claim in the amount of $580,203.73 against the estate of Delphi Corporation.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against Delphi Corporation in an amount not to exceed $580,203.73 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
       February 18, 2010

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

# Exhibit A

                                  **Hearing Date:  March 18, 2010**
                                  **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | | |

DECLARATION OF DEAN UNRUE IN SUPPORT OF REORGANIZED DEBTORS'
SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF CLAIM NUMBER 5368
(ANTHONY N. GARDNER)

("UNRUE DECLARATION – GARDNER")

Dean Unrue declares as follows:

1. DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors"), are the successors to Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), debtors and debtors-in-possession in these Chapter 11 cases. I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Number 5368 (Anthony N. Gardner) (the "Supplemental Reply"). Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, and my experience with and knowledge of Delphi's relationship with Anthony N. Gardner. If I were called upon to testify, I could and would testify to the facts set forth herein.

3. Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against the Debtors in these Chapter 11 cases. I am responsible for, among other things, overseeing the investigation into and reconciliation of Mr. Gardner's proof of claim number 5368 (the "Claim"). I have drawn the following conclusions relevant to the Claim:

Review Of The Claim

4. My staff routinely begins the investigation into a proof of claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

2

5.      The Debtors were authorized, but not directed to, continue making monthly payments of SERP benefits up to $5,000.00 pursuant to the Human Capital Obligations Order entered by this Court on October 13, 2005 (Docket No. 198).  The Debtors continued making such payments until March 1, 2008, when they determined they would no longer continue to pay these benefits.  The amount of SERP benefits for each affected retired executive was calculated for the Debtors by Watson Wyatt & Company, a human capital consulting firm, as of March 1, 2008.  These calculations were made according to provisions contained in the SERP in effect at the time the valuation was conducted in early 2008 and in accordance with generally accepted accounting principles.

6.      Specifically, the calculations were made by determining the present value amount of each retiree's remaining SERP entitlement as of November 1, 2005 – the first date of the first full month after the Petition Date.  That value was then reduced by the amounts of any monthly SERP benefit payments made after the Petition Date through March 1, 2008.

7.      The present value of the actuarial remaining stream of benefit payments was calculated as of March 1, 2008 using the above-described methodology and became recognized by the Debtors as general unsecured non-priority claims.  Following this methodology, the Debtors determined that Mr. Gardner was entitled to a general unsecured non-priority claim in the amount of $580,203.73 against the estate of Delphi Corporation for his remaining SERP benefits.

8.      Because the Debtors believed at that time that such claims might confer value as distributions under a plan of reorganization, the Debtors solicited 159 retirees who were eligible to receive SERP benefits to sign releases in exchange for settlement of such claims.  Of

3

those 159 SERP-eligible retirees, all but two signed agreements with the Debtors containing such releases in exchange for settling their SERP claims in amounts calculated using this methodology.

9.    The Debtors intended to resolve the claims of retirees eligible for SERP benefits who did not sign such a release through the claims objection procedures authorized by this Court.  Mr. Gardner did not sign such a release, so the Debtors objected to his Proof of Claim.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on February 18, 2010 in Troy, Michigan.

/s/ Dean Unrue
Dean Unrue