REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29ᵗʰ day of January, 2010, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) GM COMPONENTS HOLDINGS, LLC ("GM Components"); and (iii) TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., on behalf of itself and certain of its manufacturing subsidiaries and affiliates including, without limitation, New United Motor Manufacturing, Inc. and Toyota Motor Manufacturing Canada Inc. (collectively, "TEMA").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TEMA Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TEMA.

REDACTED

For purposes of this Agreement only, the TEMA Contracts . for products currently being manufactured for TEMA under the contracts with DPH

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components, or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure &

**REDACTED**

Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TEMA Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TEMA filed the following objections: (i) On July 15, 2009, TEMA, on behalf of itself and its affiliates, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"); and (iii) on August 5, 2009, TEMA filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TEMA New Assignment Objection"; collectively with the Toyota Plan Objection and the TEMA Assignment Objection, the "TEMA Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TEMA Objections being adjourned to August 17, 2009. The TEMA Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TEMA Objections to the extent not previously resolved.

Now, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TEMA Contracts and any other executory TEMA Contracts          **REDACTED**
(collectively, the "TEMA Assigned Contracts") primarily relating to business

**REDACTED**

conducted at the following manufacturing facilities of the Debtors: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center) shall (i) if such TEMA Assigned Contracts identified above were entered into pre-petition, be assumed and assigned by DPH to GM Components, or (ii) if such TEMA Assigned Contracts identified above were entered into post-petition, be assigned by DPH to GM Components. For all TEMA Assigned Contracts, that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.    The parties acknowledge and agree that

**REDACTED**

3.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TEMA Objections.

4.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

**[Signatures appear on the following page]**

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**GM COMPONENTS HOLDINGS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.**

By: _Robert A Young_____
Name: _Robert A. Young_____
Title: _TEMA Purchasing AGM__
Date: _1-18-10_____

DETROIT.4012842.2

LEXLibrary 0110257.0542262 412044v2

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**GM COMPONENTS HOLDINGS, LLC**

By: *Patrick J. Koenigsknecht*
Name: Patrick J. Koenigsknecht
Title: Director – Sales
Date: 1/28/10

**TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.**

By: _____
Name: _____
Title: _____
Date: _____

DETROIT.4012842.2

LEXLibrary 0110257.0342262 412044v2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____

Name: _John Brooks_

Title: _President_

Date: _January 29, 2010_

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____

Name: _John Brooks_

Title: _President_

Date: _January 29, 2010_

**GM COMPONENTS HOLDINGS, LLC**

By: _____

Name: _____

Title: _____

Date: _____

**TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.**

By: _____

Name: _____

Title: _____

Date: _____

DETROIT.4012842.2

LEXLibrary 0110257.0542262 412044v2

4

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29th day of January , 20 10 , by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) STEERING SOLUTIONS SERVICES CORPORATION ("Steering Solutions"); and (iii) TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., on behalf of itself and certain of its manufacturing subsidiaries and affiliates including, without limitation, New United Motor Manufacturing, Inc. and Toyota Motor Manufacturing Canada Inc. (collectively, "TEMA").

RECITALS:

A.      DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TEMA Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TEMA.

REDACTED

For purposes of this Agreement only, the TEMA Contracts                  for products currently being manufactured for TEMA under the contracts with DPH .

REDACTED

B.      The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components"), or Steering Solutions, as applicable.

C.      On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure &

**REDACTED**

Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TEMA Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TEMA filed the following objections: (i) On July 15, 2009, TEMA, on behalf of itself and its affiliates, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"); and (iii) on August 5, 2009, TEMA filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TEMA New Assignment Objection"; collectively with the Toyota Plan Objection and the TEMA Assignment Objection, the "TEMA Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TEMA Objections being adjourned to August 17, 2009. The TEMA Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TEMA Objections to the extent not previously resolved.

Now, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TEMA Contracts and any other executory TEMA Contracts        **REDACTED**
(collectively, the "TEMA Assigned Contracts") relating to the Debtors' steering

**REDACTED**

business, including, but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan shall (i) if such TEMA Assigned Contracts identified above were entered into pre-petition, be assumed and assigned by DPH to Steering Solutions, or (ii) if such TEMA Assigned Contracts identified above were entered into post-petition, be assigned by DPH to Steering Solutions. For all TEMA Assigned Contracts, that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

    2.    The parties acknowledge and agree that

**REDACTED**

    3.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TEMA Objections.

    4.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: _____
Name: _____
Title: _____
Date: _____

DPH FURUKAWA WIRING SYSTEMS, LLC

By: _____
Name: _____
Title: _____
Date: _____

STEERING SOLUTIONS SERVICES CORPORATION

By: _____
Name: _____
Title: _____
Date: _____

TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.

By: Robert A Young
Name: Robert A. Young
Title: TEMA Purchasing AGM
Date: 1-18-10

DETROIT.4012820.1

LEXLibrary 412045v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: _____
Name: _____
Title: _____
Date: _____

DPH FURUKAWA WIRING SYSTEMS, LLC

By: _____
Name: _____
Title: _____
Date: _____

STEERING SOLUTIONS SERVICES CORPORATION

By: *Debbie Bittner* _____
Name: _Debbie Bittner_
Title: _Director of Sales_
Date: _29JA10_

TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.

By: _____
Name: _____
Title: _____
Date: _____

DETROIT:4012820.1

LEXLibrary 412045v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____

Name: _John Brooks_____

Title: _President_____

Date: _January 29, 2010_____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____

Name: _John Brooks_____

Title: _President_____

Date: _January 29, 2010_____

**STEERING SOLUTIONS SERVICES CORPORATION**

By: _____

Name: _____

Title: _____

Date: _____

**TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.**

By: _____

Name: _____

Title: _____

Date: _____

DETROIT.4012820.1

LEXLibrary 412045v.2

4

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29th day of January, 2010, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) GM COMPONENTS HOLDINGS, LLC ("GM Components"); and (iii) TOYOTA MOTOR SALES, U.S.A., INC. ("TMS").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMS Contracts"), supplies, or has the obligation to supply, certain automobile service parts to TMS.

### REDACTED

. For purposes of this Agreement only, the TMS Contracts for products currently being manufactured for TMS under the contracts with DPH

### REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components, or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment

**REDACTED**

Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

    D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

    E.    Due to the uncertainty surrounding the treatment of the TMS Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by the Debtors' Assignment Notices and New Assignment Notice, TMS and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMS, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMS filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection"); and (iii) on August 5, 2009, TMS filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMS New Assignment Objection"; collectively with the Toyota Plan Objection and the TMS Assignment Objection, the "TMS Objections").

    F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMS Objections being adjourned to August 17, 2009. The TMS Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

    G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

    H.    The parties now desire to enter into this Agreement to resolve the TMS Objections to the extent not previously resolved.

    NOW, **THEREFORE**, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

    1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMS Contracts and any other executory TMS Contracts **REDACTED** (collectively, the "TMS Assigned Contracts") primarily relating to business conducted at the following manufacturing facilities of the Debtors: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the

2

**REDACTED**

technical center) shall (i) if such TMS Assigned Contracts identified above were entered into pre-petition, be assumed and assigned by DPH to GM Components, or (ii) if such TMS Assigned Contracts identified above were entered into post-petition, be assigned by DPH to GM Components. For all TMS Assigned Contracts,
that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.      The parties acknowledge and agree that

**REDACTED**

3.      This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMS Objections.

4.      The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency.  If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

**[Signatures appear on the following page]**

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**GM COMPONENTS HOLDINGS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**TOYOTA MOTOR SALES, U.S.A., INC.**

By: _~~Dan Beseda~~_____
Name: _~~Dane Beseda~~_____
Title: _QVP-TCS_____
Date: _1/25/10_____

DETROIT.4012829.1

LEXLibrary 412051v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _John Brooks_____
Title: _President_____
Date: _January 29, 2010_____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _John Brooks_____
Title: _President_____
Date: _January 29, 2010_____

**GM COMPONENTS HOLDINGS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**TOYOTA MOTOR SALES, U.S.A., INC.**

By: _____
Name: _____
Title: _____
Date: _____

DETROIT.4012829.1

LEXLibrary 412051v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: _____
Name: _____
Title: _____
Date: _____

DPH FURUKAWA WIRING SYSTEMS, LLC

By: _____
Name: _____
Title: _____
Date: _____

GM COMPONENTS HOLDINGS, LLC

By: _Patrick J. Koenigsknecht_
Name: _Patrick J. Koenigsknecht_
Title: _Director – Sales_
Date: _1/28/10_

TOYOTA MOTOR SALES, U.S.A., INC.

By: _____
Name: _____
Title: _____
Date: _____

DETROIT.4012829.1

LEXLibrary 4120519.2

4

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29th day of January, 2010, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) STEERING SOLUTIONS SERVICES CORPORATION ("Steering Solutions"); and (iii) TOYOTA MOTOR SALES, U.S.A., INC. ("TMS").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMS Contracts"), supplies, or has the obligation to supply, certain automobile service parts to TMS.

REDACTED

                                                                        For
purposes of this Agreement only, the TMS Contracts
for products currently being manufactured for TMS under the contracts with DPH

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components"), or Steering Solutions, as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure &

**REDACTED**

Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TMS Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by the Debtors' Assignment Notices and New Assignment Notice, TMS and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMS, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMS filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection"); and (iii) on August 5, 2009, TMS filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMS New Assignment Objection", collectively with the Toyota Plan Objection and the TMS Assignment Objection, the "TMS Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMS Objections being adjourned to August 17, 2009. The TMS Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TMS Objections to the extent not previously resolved.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMS Contracts and any other executory TMS Contracts    **REDACTED**
(collectively, the "TMS Assigned Contracts") relating to the Debtors' steering business, including, but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan shall (i) if such TMS Assigned Contracts identified above were entered into

REDACTED

pre-petition, be assumed and assigned by DPH to Steering Solutions, or (ii) if such TMS Assigned Contracts identified above were entered into post-petition, be assigned by DPH to Steering Solutions. For all TMS Assigned Contracts, that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.    The parties acknowledge and agree that


REDACTED


3.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMS Objections.

4.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.


**[Signatures appear on the following page]**


3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**STEERING SOLUTIONS SERVICES CORPORATION**

By: _____
Name: _____
Title: _____
Date: _____

**TOYOTA MOTOR SALES, U.S.A., INC.**

By: _Jane Beseda_
Name: _Jane Beseda_
Title: _GrP - TCS_
Date: _1/25/10_

DETROIT.4012837.1

LEXLibrary 412050v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By:
Name: _____John Brooks_____
Title: _____President_____
Date: _____January 29, 2010_____

DPH FURUKAWA WIRING SYSTEMS, LLC

By:
Name: _____John Brooks_____
Title: _____President_____
Date: _____January 29, 2010_____

STEERING SOLUTIONS SERVICES CORPORATION

By: _____
Name: _____
Title: _____
Date: _____

TOYOTA MOTOR SALES, U.S.A., INC.

By: _____
Name: _____
Title: _____
Date: _____

DETROIT.4012837.1

LEXLibrary 412050v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By:
Name:
Title:
Date:

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By:
Name:
Title:
Date:

**STEERING SOLUTIONS SERVICES CORPORATION**

By:      _Debbie Bittner_
Name:    _Debbie Bittner_
Title:   _Director of Sales_
Date:    _29JA10_

**TOYOTA MOTOR SALES, U.S.A., INC.**

By:
Name:
Title:
Date:

DETROIT:4012837.1

LEXLibrary 412050v.2

4

REDACTED

ASSUMPTION AND ASSIGNMENT AGREEMENT

January 2010

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29ʰ day of ~~October, 2009~~, by and among (i) DPH – DAS LLC ("DPH") (ii) GM COMPONENTS HOLDINGS, LLC ("GM Components"); and (iii) TOYOTA MOTOR CORPORATION ("TMC").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMC Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TMC.

REDACTED

the TMC Contracts                                For purposes of this Agreement only,
manufactured for TMC under the contracts with DPH       for products currently being

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old DAS LLC along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment

REDACTED

Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TMC Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TMC and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMC, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMC filed a limited objection to the Assignment Notices (Docket No. 18485) (the "TMC Assignment Objection"); and (iii) on August 5, 2009, TMC filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMC New Assignment Objection"; collectively with the Toyota Plan Objection and the TMC Assignment Objection, the "TMC Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMC Objections being adjourned to August 17, 2009. The TMC Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TMC Objections.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMC Contracts, and any other executory TMC Contracts                    REDACTED
(collectively, the "TMC Assigned Contracts") primarily relating to business conducted at the following manufacturing facilities of the Debtors: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the

2

REDACTED

technical center) shall (i) if such TMC Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to GM Components or (ii) if such TMC Assigned Contracts were entered into post-petition, be assigned by DPH to GM Components. For all TMC Assigned Contracts,                                                                        that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.    The parties acknowledge and agree that

REDACTED

3.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMC Objections.

4.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court Approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: _____
Name: JOHN BROOKS
Title: PRESIDENT

GM COMPONENTS HOLDINGS, LLC

By: Patrick J. Xavier
Name: Patrick N. Koenigsknecht
Title: Director - Sales

TOYOTA MOTOR CORPORATION

By: _____
Title: General Manager, ILAD, Legal Div.
Date: October 30, 2009

4