**Hearing Date: February 25, 2010 at 10 a.m.**
**Response Deadline: February 22, 2010 (extended by agreement)**

NIXON PEABODY, LLP
David H. Lee, Esq. (DL8112)
437 Madison Avenue
New York, New York 10022-7039
Telephone: (212) 224-7347
dlee@nixonpeabody.com

and

Richard C. Pedone, Esq.
Lesley M. Varghese, Esq.
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
rpedone@nixonpeabody.com

*Counsel for Sensata Technologies, Inc. and its subsidiaries*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DPH Holdings Corp., et al., ) | |
| ) | Case No. 05-44481 (RDD) |
| ) | (Jointly Administered) |
| Reorganized Debtors ) | |

## RESPONSE OF SENSATA TECHNOLOGIES, INC. TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS

Sensata Technologies, Inc.,[1] and its subsidiaries (collectively, the "Claimant", as defined in Administrative Expense Claim No. 18881) submits this response (this "Response") to the

---

[1] The predecessors to the rights of Sensata Technologies, Inc. include, without limitation, First Technology Holdings, Inc., Control Devices, Inc. and First Inertia Switch Limited each of which contracted to provide goods to the Debtors (defined below), prior to being acquired by Sensata Technologies, Inc.

12895054.4

Reorganized Debtors' Forty-Third Omnibus Claims Objection dated January 22, 2010 (the "Objection"),[2] and in support of this Response states as follows:

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors") (predecessors of DPH Holdings, Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together, the "Reorganized Debtors")), filed petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

2. On July 15, 2009, Claimant timely filed Administrative Expense Claim No. 18881 (the "Claim"), in the amount of $741,560.67, for goods delivered after the commencement of these cases. The Claim is attached hereto as **Exhibit A** and is fully incorporated herein by reference. As shown by Exhibit A, Claimant submitted detailed business records in support of the full amount of the Claim and has established a prima facie right to payment.

3. Claimant's books and records reflect that the full amount of the Claim remains outstanding and due in full.

4. On January 22, 2010, the Reorganized Debtors objected to the Claim, on the basis that the Claim allegedly asserts "liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records, in most cases because such Administrative Claims have been satisfied in the ordinary course of business." Significantly, apart from this bald assertion, the Reorganized Debtors make no allegations and provide no information, whatsoever, to substantiate the Objection.

---

[2] Objection Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims [Docket No. 19356].

5.      Furthermore, the Objection fails to identify (or even address) the nature, amount, scope or basis of any purported "books and records" discrepancy concerning the Claim.

6.      To date, despite request, the Reorganized Debtors' counsel has been unable to advise Claimant's counsel as to the precise basis of the Objection to the Claim.

WHEREFORE, Claimant respectfully requests that the Court: (i) allow the Claim in its entirety and overrule the Objection; and/or (ii) grant such other relief as is just and proper.

Dated: February 22, 2010
New York, New York

Respectfully Submitted,

NIXON PEABODY, LLP

By: /s/David H. Lee
David H. Lee, Esq. (DL8112)
Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022-7039
Telephone: (212) 224-7347
dlee@nixonpeabody.com

and

Richard C. Pedone, Esq.
Lesley M. Varghese, Esq.
100 Summer Street
Boston, MA 02110
Telephone: (617) 345-1000
rpedone@nixonpeabody.com

*Counsel for Sensata Technologies, Inc. and its subsidiaries*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Response (the "Response") of Sensata Technologies, Inc. to Debtors' Forty-Third Omnibus Objection to Claim (the "Objection") was electronically this 22nd day of February 2010. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

A hard copy of the Response was submitted to the Court via Federal Express on the 22nd day of February 2010 at the following address:

> Honorable Robert D. Drain
> United States Bankruptcy Judge
> United States Bankruptcy Court for the Southern District of New York
> The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
> 300 Quarropas Street, Courtroom 118
> White Plains, NY 10601-4140

Hard copies of this Response were served on the following persons via Federal Express on the 22nd day of February, 2010:

> DPH Holdings Corp.
> 5725 Delphi Drive
> Troy, MI 48098
> Attention : President

> Skadden, Arps, Slate, Meagher & Flom LLP
> 155 North Wacker Drive
> Chicago, IL 60606
> Attention: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton

                                                    /s/ David H. Lee
                                                    David H. Lee

12895054.4