**Presentment Date and Time: February 22, 2010 at 11:00 a.m. (prevailing Eastern time)**
**Objection Deadline: February 22, 2010 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
       In re                          :     Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,       :     Case No. 05-44481 (RDD)
                                          :
                                          :     (Jointly Administered)
           Reorganized Debtors.     :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CORRECTED NOTICE OF PRESENTMENT OF SECOND ORDER APPROVING CERTAIN
AGREEMENTS WITH AND RESOLVING THE REMAINING OBJECTIONS OF TOYOTA
MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA
MOTOR CORPORATION, AND TOYOTA MOTOR SALES, U.S.A., INC. TO (A)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES AND (B) CURE AMOUNTS</u>

PLEASE TAKE NOTICE that on June 16, 2009, Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of DPH Holdings Corp. and its subsidiaries and affiliates (the "Reorganized Debtors"), filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan") and the Court entered an order (Docket No. 17032) (the "Modification Procedures Order"), which, among other things, approved certain notices relating to the assumption and assignment of executory contracts and unexpired leases.

PLEASE TAKE FURTHER NOTICE that on July 10, 2009, the Debtors filed and served certain Notices Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Services Corporation, As Applicable, Under Modified Plan Of Reorganization (collectively, the "Assignment Notices").

PLEASE TAKE FURTHER NOTICE that on July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc., on behalf of itself and certain of its affiliates and subsidiaries ("TEMA") filed an objection to the Modified Plan (Docket No. 18271) (the "Toyota Plan Objection") and on July 20, 2009, (a) TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"), (b) Toyota Motor Corporation ("TMC") filed a limited objection to the Assignment Notices (Docket No. 18485) (the "TMC Assignment Objection"), and (c) Toyota Motor Sales, U.S.A., Inc. ("TMS," and together with TEMA and TMC, "Toyota") filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection," and together with the Toyota

Plan Objection, the TMC Assignment Objection, and the TEMA Assignment Objection, the "Toyota Objections").

PLEASE TAKE FURTHER NOTICE that to resolve the Toyota Objections with respect to the executory contracts and unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable, (i) the Reorganized Debtors, (ii) GM Components or Steering Solutions, as applicable, (iii) and TMS, TMC, or TEMA, as applicable, have entered into certain agreements that will be filed under seal, but redacted copies of such agreements are attached as exhibits to the proposed order (the "Proposed Order") that is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Proposed Order must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, (c) be filed with the Bankruptcy Court for the Southern District of New York in accordance with General Order M-242 (as amended) – registered users of the court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140 (the "Bankruptcy Court"), and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: John Brooks) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North

Wacker Drive, Chicago, Illinois 60606 (Att'n: Ron E. Meisler), in each case so as to be received

no later than 10:00 a.m. (prevailing Eastern time) on February 22, 2010.

PLEASE TAKE FURTHER NOTICE that if timely written objections are filed,

served, and received in accordance with this notice, a hearing to consider approval of the

Proposed Order will be held on February 25, 2010, at 10:00 a.m. (prevailing Eastern time) in the

Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that if no written objections to the

Proposed Order are timely filed, served, and received, the Reorganized Debtors will present the

Proposed Order to the Bankruptcy Court for consideration on February 22, 2010 at 11:00 a.m.

(prevailing Eastern time) and the Bankruptcy Court may enter the Proposed Order without

further notice.

Dated:    New York, New York
          February 11, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606
                              (312) 407-0700

                                    - and -

                              By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                   :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
                                          :    (Jointly Administered)
            Reorganized Debtors.    :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


SECOND ORDER APPROVING CERTAIN AGREEMENTS WITH AND RESOLVING THE
REMAINING OBJECTIONS OF TOYOTA MOTOR ENGINEERING & MANUFACTURING
NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION, AND TOYOTA
MOTOR SALES, U.S.A., INC. TO (A) ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) CURE AMOUNTS

("SECOND TOYOTA CONTRACTS OBJECTIONS ORDER")

           Upon the motion, dated October 3, 2008 (Docket No. 14310), as supplemented on

June 1, 2009 (Docket No. 16646) (together, the "Motion"), of Delphi Corporation and certain of

its subsidiaries and affiliates (the "Debtors"), predecessors of DPH Holdings Corp. and its

subsidiaries and affiliates (the "Reorganized Debtors"), for entry of an order (i) approving certain

modifications to the confirmed First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on January

25, 2008 (as modified, the "Modified Plan"),[1] including the sale of certain assets pursuant to the

Master Disposition Agreement, (ii) setting a final hearing date for approval of the Debtors'

proposed plan modifications, (iii) approving the form and manner of notices relating to the

assumption and assignment of executory contracts and unexpired leases under the Modified Plan,

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Modified Plan.

and (iv) authorizing the assumption and assignment of certain prepetition executory contracts

and unexpired leases (collectively, the "Assumed and Assigned Contracts") in accordance with

the Modified Plan and the Master Disposition Agreement; and the Court on June 16, 2009 having

entered an order approving, among other things, the form and manner of notices relating to the

assumption and assignment of executory contracts and unexpired leases to be assigned to the

applicable Buyer under the Master Disposition Agreement (Docket No. 17032); and the Court on

July 30, 2009 having entered an order approving the Modified Plan (the "Modification Approval

Order") (Docket No. 18707); and upon the objections by Toyota Motor Engineering &

Manufacturing North America, Inc., on behalf of itself and certain of its affiliates and

subsidiaries ("TEMA"), Toyota Motor Corporation ("TMC"), Toyota Motor Sales, U.S.A., Inc.

("TMS," and together with TEMA and TMC, "Toyota") (Docket Nos. 18271, 18484, 18485, and

18486, collectively, the "Toyota Objections") to (x) adequate assurance of future performance, (y)

assumption and assignment with respect to executory contracts or unexpired leases to be

assumed and assigned under the Modified Plan, and (z) cure amounts; and the Court having

reviewed and considered the Toyota Objections, and the Motion,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    This Court has jurisdiction over the Motion and the Toyota Objections

pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion and the Toyota Objections are core

proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases, the Motion, and the Toyota

Objections in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

B.     The predicates for the relief sought with respect to the Toyota Objections are the Modified Plan, sections 365 and 1123 of 11 U.S.C. §§ 101-1330, as amended and in effect on October 8, 2005 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, 6006, 9014, and 9019.

C.     As evidenced by the affidavits of service previously filed with the Court (Docket Nos. 14319, 16657, and 18351), (i) proper, timely, adequate, and sufficient notice of the Motion and the notices of the assumption and assignment of the Assumed and Assigned Contracts as approved herein was provided in accordance with sections 102(1), 365, and 1123 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014, (ii) such notice was good, sufficient, and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the assumption and/or assignment of the contracts and unexpired leases covered by the Toyota Objections pursuant to the terms set forth herein, or the applicable cure amounts is necessary.

D.     To resolve the Toyota Objections with respect to the executory contracts and unexpired leases to be assumed by the Debtors and/or the Reorganized Debtors, as applicable, and assigned to GM Components Holdings, LLC ("GM Components") or Steering Solutions Services Corporation ("Steering Solutions"), as applicable, (i) the Reorganized Debtors, (ii) GM Components or Steering Solutions, as applicable, and (ii) TMS, TMC, or TEMA, as applicable, have entered into certain agreements (the "Agreements"), redacted copies of which are attached hereto as Exhibit 1.

E.     As agreed to by the parties pursuant to the Agreements, to the extent not previously resolved, the Toyota Objections found at Docket Nos. 18271, 18484, 18485, and 18486 are hereby deemed resolved and such objections are subject to all findings and

3

conclusions and decretal paragraphs of the Modification Approval Order, except as may be otherwise modified by the Agreements.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Agreements, redacted copies of which are attached hereto as <u>Exhibit 1</u>, are hereby approved and the Reorganized Debtors are authorized to perform under the Agreements.

2.      All objections relating to the assumption and assignment of executory contracts or unexpired leases to be assumed and assigned under the Modified Plan asserted by Toyota and their affiliates, including without limitation, the Toyota Objections found at Docket Nos. 18271, 18484, 18485, and 18486 to the extent not previously resolved, are hereby resolved pursuant to the terms of this order and the Agreements.

3.      Toyota shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code, except as may be otherwise modified by the Agreements.

4.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with the Agreements or the enforcement of this order.

Dated: White Plains, New York
        February ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Redacted Agreements**

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29th day of January, 2010, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) GM COMPONENTS HOLDINGS, LLC ("GM Components"); and (iii) TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., on behalf of itself and certain of its manufacturing subsidiaries and affiliates including, without limitation, New United Motor Manufacturing, Inc. and Toyota Motor Manufacturing Canada Inc. (collectively, "TEMA").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TEMA Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TEMA.

REDACTED

For purposes of this Agreement only, the TEMA Contracts . for products currently being manufactured for TEMA under the contracts with DPH

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components, or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure &

**REDACTED**

Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TEMA Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TEMA filed the following objections: (i) On July 15, 2009, TEMA, on behalf of itself and its affiliates, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"); and (iii) on August 5, 2009, TEMA filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TEMA New Assignment Objection"; collectively with the Toyota Plan Objection and the TEMA Assignment Objection, the "TEMA Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TEMA Objections being adjourned to August 17, 2009. The TEMA Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TEMA Objections to the extent not previously resolved.

Now, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TEMA Contracts and any other executory TEMA Contracts           **REDACTED**
(collectively, the "TEMA Assigned Contracts") primarily relating to business

2

**REDACTED**

conducted at the following manufacturing facilities of the Debtors: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the technical center) shall (i) if such TEMA Assigned Contracts identified above were entered into pre-petition, be assumed and assigned by DPH to GM Components, or (ii) if such TEMA Assigned Contracts identified above were entered into post-petition, be assigned by DPH to GM Components. For all TEMA Assigned Contracts, that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.     The parties acknowledge and agree that

**REDACTED**

3.     This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TEMA Objections.

4.     The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

**[Signatures appear on the following page]**

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

### DPH – DAS LLC

By: _____
Name: _____
Title: _____
Date: _____

### DPH FURUKAWA WIRING SYSTEMS, LLC

By: _____
Name: _____
Title: _____
Date: _____

### GM COMPONENTS HOLDINGS, LLC

By: _____
Name: _____
Title: _____
Date: _____

### TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.

By: _Robert A. Young_____
Name: _Robert A. Young_____
Title: _TEMA Purchasing AGM_____
Date: _1-18-10_____

DETROIT.4012842.2

LEXLibrary 0110257.054 2262 412044v2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: _____
Name: _____
Title: _____
Date: _____

DPH FURUKAWA WIRING SYSTEMS, LLC

By: _____
Name: _____
Title: _____
Date: _____

GM COMPONENTS HOLDINGS, LLC

By: _Patrick J. Koenigsknecht_
Name: _Patrick J. Koenigsknecht_
Title: _Director – Sales_
Date: _1/28/10_

TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.

By: _____
Name: _____
Title: _____
Date: _____

DETROIT.4012842.2

LEXLibrary 0110257.0342262 4L2044v2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By:
Name: _John Brooks_
Title: _President_
Date: _January 29, 2010_

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By:
Name: _John Brooks_
Title: _President_
Date: _January 29, 2010_

**GM COMPONENTS HOLDINGS, LLC**

By:
Name:
Title:
Date:

**TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.**

By:
Name:
Title:
Date:

DETROIT.4012842.2

LEXLibrary 0110257.0542262 412044v2

4

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29th day of January, 20 10, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) STEERING SOLUTIONS SERVICES CORPORATION ("Steering Solutions"); and (iii) TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., on behalf of itself and certain of its manufacturing subsidiaries and affiliates including, without limitation, New United Motor Manufacturing, Inc. and Toyota Motor Manufacturing Canada Inc. (collectively, "TEMA").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TEMA Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TEMA.

REDACTED

For purposes of this Agreement only, the TEMA Contracts for products currently being manufactured for TEMA under the contracts with DPH

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components"), or Steering Solutions, as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure &

**REDACTED**

Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TEMA Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TEMA filed the following objections: (i) On July 15, 2009, TEMA, on behalf of itself and its affiliates, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TEMA filed a limited objection to the Assignment Notices (Docket No. 18484) (the "TEMA Assignment Objection"); and (iii) on August 5, 2009, TEMA filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TEMA New Assignment Objection"; collectively with the Toyota Plan Objection and the TEMA Assignment Objection, the "TEMA Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TEMA Objections being adjourned to August 17, 2009. The TEMA Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TEMA Objections to the extent not previously resolved.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TEMA Contracts and any other executory TEMA Contracts    **REDACTED**
(collectively, the "TEMA Assigned Contracts") relating to the Debtors' steering

2

**REDACTED**

business, including, but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan shall (i) if such TEMA Assigned Contracts identified above were entered into pre-petition, be assumed and assigned by DPH to Steering Solutions, or (ii) if such TEMA Assigned Contracts identified above were entered into post-petition, be assigned by DPH to Steering Solutions. For all TEMA Assigned Contracts,                            that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.    The parties acknowledge and agree that

**REDACTED**

3.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TEMA Objections.

4.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By:    _____
Name:  _____
Title: _____
Date:  _____

DPH FURUKAWA WIRING SYSTEMS, LLC

By:    _____
Name:  _____
Title: _____
Date:  _____

STEERING SOLUTIONS SERVICES CORPORATION

By:    _____
Name:  _____
Title: _____
Date:  _____

TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.

By:    Robert A Young
Name:  Robert A. Young
Title: TEMA Purchasing AGM
Date:  1-18-10

DETROIT.4012820.1

LEXLibrary 412045v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**STEERING SOLUTIONS SERVICES CORPORATION**

By: *Debbie Bittner*
Name: *Debbie Bittner*
Title: *Director of Sales*
Date: *29 JA10*

**TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.**

By: _____
Name: _____
Title: _____
Date: _____

DETROIT:4012820.1

LEXLibrary 412045v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _John Brooks_
Title: _President_
Date: _January 29, 2010_

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _John Brooks_
Title: _President_
Date: _January 29, 2010_

**STEERING SOLUTIONS SERVICES CORPORATION**

By: _____
Name: _____
Title: _____
Date: _____

**TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.**

By: _____
Name: _____
Title: _____
Date: _____

DETROIT.4012820.1

LEXLibrary 412045v.2

4

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29ᵗʰ day of January, 2010, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) GM COMPONENTS HOLDINGS, LLC ("GM Components"); and (iii) TOYOTA MOTOR SALES, U.S.A., INC. ("TMS").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMS Contracts"), supplies, or has the obligation to supply, certain automobile service parts to TMS.

REDACTED

For purposes of this Agreement only, the TMS Contracts for products currently being manufactured for TMS under the contracts with DPH

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components, or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment

**REDACTED**

Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TMS Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by the Debtors' Assignment Notices and New Assignment Notice, TMS and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMS, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMS filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection"); and (iii) on August 5, 2009, TMS filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMS New Assignment Objection"; collectively with the Toyota Plan Objection and the TMS Assignment Objection, the "TMS Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMS Objections being adjourned to August 17, 2009. The TMS Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TMS Objections to the extent not previously resolved.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMS Contracts and any other executory TMS Contracts **REDACTED** (collectively, the "TMS Assigned Contracts") primarily relating to business conducted at the following manufacturing facilities of the Debtors: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the

2

**REDACTED**

technical center) shall (i) if such TMS Assigned Contracts identified above were entered into pre-petition, be assumed and assigned by DPH to GM Components, or (ii) if such TMS Assigned Contracts identified above were entered into post-petition, be assigned by DPH to GM Components. For all TMS Assigned Contracts, that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.     The parties acknowledge and agree that

**REDACTED**

3.     This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMS Objections.

4.     The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

**[Signatures appear on the following page]**

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**GM COMPONENTS HOLDINGS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**TOYOTA MOTOR SALES, U.S.A., INC.**

By: _____*(signature)*_____
Name: _____Dave Beseda_____
Title: _____GVP-TCS_____
Date: _____1/25/10_____

DETROIT.4012829.1

LEXLibrary 412051v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____

Name: *John Brooks*

Title: *President*

Date: *January 29, 2010*

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____

Name: *John Brooks*

Title: *President*

Date: *January 29, 2010*

**GM COMPONENTS HOLDINGS, LLC**

By: _____

Name: _____

Title: _____

Date: _____

**TOYOTA MOTOR SALES, U.S.A., INC.**

By: _____

Name: _____

Title: _____

Date: _____

DETROIT.4012829.1

LEXLibrary 412051v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By: _____
Name: _____
Title: _____
Date: _____

DPH FURUKAWA WIRING SYSTEMS, LLC

By: _____
Name: _____
Title: _____
Date: _____

GM COMPONENTS HOLDINGS, LLC

By: *Patrick J. Koenigsknecht*
Name: Patrick J. Koenigsknecht
Title: Director – Sales
Date: 1/28/10

TOYOTA MOTOR SALES, U.S.A., INC.

By: _____
Name: _____
Title: _____
Date: _____

DETROIT.4012829.1

LEXLibrary 412051v.2

4

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29th day of January_____, 2010, by and among (i) DPH – DAS LLC and DPH FURUKAWA WIRING SYSTEMS, LLC (collectively, "DPH"); (ii) STEERING SOLUTIONS SERVICES CORPORATION ("Steering Solutions"); and (iii) TOYOTA MOTOR SALES, U.S.A., INC. ("TMS").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMS Contracts"), supplies, or has the obligation to supply, certain automobile service parts to TMS.

REDACTED

. For purposes of this Agreement only, the TMS Contracts for products currently being manufactured for TMS under the contracts with DPH

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old Delphi along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components Holdings, LLC ("GM Components"), or Steering Solutions, as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure &

**REDACTED**

Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TMS Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by the Debtors' Assignment Notices and New Assignment Notice, TMS and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMS, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMS filed a limited objection to the Assignment Notices (Docket No. 18486) (the "TMS Assignment Objection"); and (iii) on August 5, 2009, TMS filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMS New Assignment Objection", collectively with the Toyota Plan Objection and the TMS Assignment Objection, the "TMS Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMS Objections being adjourned to August 17, 2009. The TMS Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TMS Objections to the extent not previously resolved.

Now, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMS Contracts and any other executory TMS Contracts **REDACTED** (collectively, the "TMS Assigned Contracts") relating to the Debtors' steering business, including, but not limited to, business conducted at the manufacturing facility in Saginaw, Michigan shall (i) if such TMS Assigned Contracts identified above were entered into

2

REDACTED

pre-petition, be assumed and assigned by DPH to Steering Solutions, or (ii) if such TMS Assigned Contracts identified above were entered into post-petition, be assigned by DPH to Steering Solutions. For all TMS Assigned Contracts, that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

    2.    The parties acknowledge and agree that


REDACTED


    3.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMS Objections.

    4.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.


**[Signatures appear on the following page]**


3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By: _____
Name: _____
Title: _____
Date: _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By: _____
Name: _____
Title: _____
Date: _____

**STEERING SOLUTIONS SERVICES CORPORATION**

By: _____
Name: _____
Title: _____
Date: _____

**TOYOTA MOTOR SALES, U.S.A., INC.**

By: _Jane Beseda_
Name: _Jane Beseda_
Title: _GRP-TCS_
Date: _1/25/10_

DETROIT.4012837.1

LEXLibrary 412050v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

DPH – DAS LLC

By:

Name:     John Brooks

Title:     President

Date:     January 29, 2010

DPH FURUKAWA WIRING SYSTEMS, LLC

By:

Name:     John Brooks

Title:     President

Date:     January 29, 2010

STEERING SOLUTIONS SERVICES CORPORATION

By:

Name:

Title:

Date:

TOYOTA MOTOR SALES, U.S.A., INC.

By:

Name:

Title:

Date:

DETROIT.4012837.1

LEXLibrary 412050v.2

4

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

**DPH – DAS LLC**

By:        _____
Name:    _____
Title:    _____
Date:    _____

**DPH FURUKAWA WIRING SYSTEMS, LLC**

By:        _____
Name:    _____
Title:    _____
Date:    _____

**STEERING SOLUTIONS SERVICES CORPORATION**

By:        *Debbie Bittner*
Name:    Debbie Bittner
Title:    Director of Sales
Date:    29JA10

**TOYOTA MOTOR SALES, U.S.A., INC.**

By:        _____
Name:    _____
Title:    _____
Date:    _____

DETROIT:4012837.1

LEXLibrary 412050v.2

4

REDACTED

## ASSUMPTION AND ASSIGNMENT AGREEMENT

*January 2010*

THIS ASSUMPTION AND ASSIGNMENT AGREEMENT ("Agreement") is made and entered into this 29th day of ~~October, 2009~~, by and among (i) DPH – DAS LLC ("DPH") (ii) GM COMPONENTS HOLDINGS, LLC ("GM Components"); and (iii) TOYOTA MOTOR CORPORATION ("TMC").

RECITALS:

A.    DPH, through certain terms and conditions, related purchase orders and other agreements (collectively, the "TMC Contracts"), supplies, or has the obligation to supply, certain automobile component parts to TMC.

REDACTED

the TMC Contracts                                  For purposes of this Agreement only,
manufactured for TMC under the contracts with DPH          for products currently being

REDACTED

B.    The First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as modified, was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on January 25, 2008 (the "Confirmed Plan"). On June 1, 2009, Old DAS LLC along with certain of its subsidiaries and affiliates, debtors and debtors-in-possession (collectively, the "Debtors") filed certain proposed modifications to the Confirmed Plan pursuant to 11 U.S.C. § 1127 (the "Modified Plan"), together with a Master Disposition Agreement (the "MDA") detailing the terms of the assignment of certain of the Debtors' assets to one or more purchasers. On June 16, 2009, the Bankruptcy Court entered the Order (A) (I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which among other things authorized the Debtors to send out certain notices regarding executory contracts and unexpired leases to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC ("Parnassus"), GM Components or Steering Solutions Services Corporation ("Steering Solutions"), as applicable.

C.    On July 10, 2009, pursuant to the Modification Procedures Order, the Debtors filed and served certain Notices of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned under the Modified Plan to Parnassus, GM Components, or Steering Solutions, as applicable (collectively, the "Cure & Assignment Notices"). On July 13, 2009, the Debtors filed and served (i) certain notices correcting certain of the Cure & Assignment Notices previously served, and (ii) Errata Schedule 2 to the Cure & Assignment Notices (the "Corrected Assignment Notices"; the Cure & Assignment Notices and the Corrected Assignment Notices, collectively, the "Assignment

REDACTED

Notices") correcting certain schedules attached to certain Cure and Assignment Notices previously served.

D.    On July 27, 2009, the Debtors served and subsequently filed a Notice of Assumption and Assignment with Respect to Certain Executory Contracts or Unexpired Leases to be Assumed and Assigned to DIP HoldCo 3, LLC Under Modified Plan of Reorganization (the "New Assignment Notice"), which stated that the contracts that were previously identified in the Assignment Notices to be assumed by the Debtors and assigned to Parnassus were now to be assumed by the Debtors and assigned to DIP HoldCo 3, LLC.

E.    Due to the uncertainty surrounding the treatment of the TMC Contracts and Contractual Obligations under the Modified Plan and the insufficiency of information provided by Debtors' Assignment Notices and New Assignment Notice, TMC and/or its affiliates filed the following objections: (i) On July 15, 2009, Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), on behalf of itself and its affiliates, including without limitation TMC, filed an Objection to (A) Confirmation of Debtors' Modifications to the First Amended Plan of Reorganization and (B) Section 363 Implementation Agreement (Docket No. 18271) (the "Toyota Plan Objection"); (ii) on July 20, 2009, TMC filed a limited objection to the Assignment Notices (Docket No. 18485) (the "TMC Assignment Objection"); and (iii) on August 5, 2009, TMC filed a limited objection to the New Assignment Notice (Docket No. 18742) (the "TMC New Assignment Objection"; collectively with the Toyota Plan Objection and the TMC Assignment Objection, the "TMC Objections").

F.    On July 30, 2009, the Bankruptcy Court entered the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order") approving the Modified Plan with the TMC Objections being adjourned to August 17, 2009. The TMC Objections were later adjourned by agreement to August 28, 2009 and subsequently adjourned without further date.

G.    On October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the MDA and related agreements were closed.

H.    The parties now desire to enter into this Agreement to resolve the TMC Objections.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereby agree as follows:

1.    In accordance with the Modified Plan, the Modification Approval Order, the MDA, and the related closing (the "Closing") of such MDA, all of the Current TMC Contracts, and any other executory TMC Contracts REDACTED (collectively, the "TMC Assigned Contracts") primarily relating to business conducted at the following manufacturing facilities of the Debtors: Grand Rapids, Michigan; Rochester, New York (excluding the Henrietta technical center); Kokomo, Indiana (including the Cuneo Warehouse, and including the technical center); and Lockport, New York (including the

2

**REDACTED**

technical center) shall (i) if such TMC Assigned Contracts were entered into pre-petition, be assumed and assigned by DPH to GM Components or (ii) if such TMC Assigned Contracts were entered into post-petition, be assigned by DPH to GM Components. For all TMC Assigned Contracts, _____ that are being assumed and assigned under the Modified Plan and the MDA, the cure amount shall be $0.

2.    The parties acknowledge and agree that

**REDACTED**

3.    This Agreement shall be presented to the Bankruptcy Court for approval under seal to resolve the TMC Objections.

4.    The parties agree that they and their attorneys will keep the offers, comments, events and results occurring during the negotiations leading to this Agreement and the terms and conditions of this Agreement confidential, and that they will not disclose or discuss, directly or indirectly, the offers, comments, events and results occurring during the negotiations or the terms or substance of this Agreement to or with any other persons or entities (excluding their respective affiliates, subsidiaries, employees, attorneys or accountants as necessary, who shall be advised of the necessity to maintain confidentiality), except as necessary to obtain Bankruptcy Court Approval of this Agreement, to enforce the terms of this Agreement or as required by law, pursuant to legal proceedings or an investigation by a governmental agency. If a party (or any of its employees, agents or advisors) is requested or is required by law or legal process to disclose any of the foregoing information, such party will provide the other party with prompt oral and written notice of such request or requirement so that the other party may seek a protective order or other appropriate remedy.

[Signatures appear on the following page]

3

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written:

DPH – DAS LLC

By: _____
Name: JOHN BROOKS
Title: PRESIDENT

GM COMPONENTS HOLDINGS, LLC

By: _____
Name: Patrick N. Koenigsknecht
Title: Director - Sales

TOYOTA MOTOR CORPORATION

By: _____
Title: General Manager, ILAD, Legal Div.
Date: October 30, 2009

4