**Hearing Date:  April 22, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
|  |  |
|---|---|
| In re | : Chapter 11 |
|  | : |
| DPH HOLDINGS CORP., et al., | : Case No. 05-44481 (RDD) |
|  | : |
|  | : (Jointly Administered) |
| Reorganized Debtors. | : |
|  | : |

------------------------------ x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NO. 8519
<u>(RIVERSIDE CLAIMS, LLC AND GREAK & BUSBY, P.C.)</u>

("STATEMENT OF DISPUTED ISSUES – RIVERSIDE CLAIMS, LLC
AND GREAK & BUSBY, P.C.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 8519 filed by Greak & Busby, P.C. ("Greak & Busby") and subsequently transferred to Riverside Claims, LLC ("Riverside Claims") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      On June 26, 2006, Greak & Busby, a law firm in Lubbock, Texas, filed proof of claim number 8502 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $20,000.00 for attorney's fees incurred as a result of a cancellation claim (the "Cancellation Claim") asserted by Greak & Busby's client Hurley Packaging of Texas, Inc. ("Hurley Packaging") on August 5, 2005. Hurley Packaging, a supplier of chipboard partitions the Debtors, filed proof of claim number 8519 against Delphi asserting $40,000.00 for the Cancellation Claim. According to proof of claim number 8519, the goods that are the subject of the Cancellation Claim were to be shipped by Hurley Packaging from Lubbock, Texas to the Debtors' facility in Los Indios, Texas.

3.      On May 22, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not

2

05-44481-rdd    Doc 19558    Filed 02/23/10    Entered 02/23/10 19:28:20    Main Document
              Pg 3 of 6

Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999).

4. On June 19, 2007, Greak & Busby transferred the Proof of Claim to Riverside Claims pursuant to the Notice Of Transfer Of Claim No. 8502 Pursuant To F.R.B.P. 3001(e)(2) Or (4) (Docket No. 8310).

5. On June 19, 2007, Riverside Claims filed Riverside Claims, LLC's Response To Debtors' Fifteenth Omnibus Claims Objection (Docket No. 8326) (the "Response").

6. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

7. On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof of Claim No. 8502 (Riverside Claims, LLC and Greak & Busby, P.C.) (Docket No. 19440), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.[1]

---

[1] In addition, on that same date the Reorganized Debtors filed a notice of evidentiary hearing with respect to proof of claim number 8519 filed by Hurley Packaging, which was also subsequently transferred to

*(cont'd)*

3

Disputed Issues

A.    Delphi Is Not Liable To Greak & Busby For Attorney's Fees

8.    Delphi is not liable for the $20,000.00 in attorney's fees asserted by Greak & Busby in the Proof of Claim.  In its Response, Riverside Claims asserts that the attorney's fees are owing under state law in Texas, where Hurley Packaging filed a lawsuit against the Debtors to recover its Cancellation Claim.  However, the Debtors' General Terms And Conditions governing its dealings with suppliers provides that a contract to ship goods to and from locations in the United States "is to be construed according to the laws of the United States of America and the State of Michigan" and that each party to the contract "agrees that the forum and venue for any legal or equitable action or proceeding arising out of, or in connection with, this Contract will lie in the appropriate federal or state courts in the State of Michigan and specifically waives any and all objections to such jurisdiction and venue."  See General Terms And Conditions, § 26.1 (emphasis added).

9.    Michigan has long held that "attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." Dessart v. Burak, 678 N.W.2d 615, 617 (Mich. 2004), quoting Nemeth v. Abonmarche Dev., Inc., 576 N.W.2d 641, 651 (Mich. 1998).  In the Proof of Claim and the Response, neither Hurley Packaging nor Riverside Claims has cited a statute, court rule, or common-law exception to support the argument that attorney's fees are owing by Delphi in connection with the Cancellation Claim. Therefore, the Proof of Claim should be disallowed and expunged in its entirety.

---

*(cont'd from previous page)*
    Riverside Claims (Docket No. 19441).  Contemporaneously herewith, the Reorganized Debtors are filing a statement of disputed issues with respect to the Debtors' objection to proof of claim number 8519.

Reservation Of Rights

10. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         February 23, 2010

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

      - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors