**Hearing Date: April 22, 2010**
                                      **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
|---|---|
| In re | : Chapter 11 |
| DPH HOLDINGS CORP., et al., | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Reorganized Debtors. | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 4769
(1599963 ONTARIO LIMITED)

("STATEMENT OF DISPUTED ISSUES – 1599963 ONTARIO LIMITED")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 4769 filed by 1599963 Ontario Limited ("159 Ontario") and subsequently transferred to 2088343 Ontario Limited ("208 Ontario") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On May 4, 2006, 159 Ontario filed proof of claim number 4769 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $349,524.38 (CDN) in connection with an equipment loan guarantee (the "Claim").

3. On April 30, 2007, 159 Ontario transferred the Proof Of Claim to 208 Ontario pursuant to the Notice Of Transfer Of Claim Pursuant To FRBP Rule 2001(e)(2) (Docket No. 7852).

4. On September 28, 2007, the Claim was capped in the amount of $297,095.72 by the Court's Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9685).

2

5.     On December 21, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order (Docket No. 11588).

6.     On January 18, 2008, 208 Ontario filed 2088343 Ontario Limited's Response To Debtors' Twenty-Fourth Omnibus Claims Objection (Docket No. 12261) (the "Response").

7.     On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Pursuant to the Modified Plan, the certificate of formation of DAS LLC was amended and restated as DPH-DAS LLC.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

8.     On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 4769 (2088343 Ontario Limited And 1599963 Ontario Limited) (Docket No. 19442), scheduling an

3

evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court

Disputed Issues

A.   DAS LLC Does Not Owe Claimant The Amount Asserted In The Proof Of Claim

9.   159 Ontario asserts in the Proof of Claim that DAS LLC owes 159 Ontario a total of $349,524.38 (CDN) in connection with an equipment loan guarantee. Specifically, the Proof of Claim asserts $322,000.00 (CDN) for the loan guarantee and $27,524.38 (CDN) in post-petition interest that accrued from December 12, 2005 through April 21, 2006 at an interest rate of 24% per annum. The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute that they owe the amount asserted in the Proof of Claim.

10.  On or about July 18, 2005, DAS LLC executed a limited guarantee (the "Limited Guarantee") in favor of Century Service Inc. ("Century"). Pursuant to the Limited Guarantee, DAS LLC guaranteed the payment of certain, but not all, secured loans made by Century to 1664560 Ontario Inc., not to exceed $350,000.00 (CDN). (A copy of the Limited Guarantee is attached to the Proof of Claim.) The Limited Guarantee and the Proof of Claim was subsequently transferred to 208 Ontario.

11.  The Reorganized Debtors do not dispute that the Proof of Claim should be allowed to the extent it asserts an amount arising from the Limited Guarantee. That amount is $274,054.20, which is the value of $322,000.00 (CDN) – the amount of the Proof of Claim arising from the Limited Guarantee – in U.S. dollars as of the Petition Date.[1] Pursuant to section

---

[1]   The exchange rate for Canadian dollars to U.S. dollars on the Petition Date was 0.8511.

4

502(d) of the Bankruptcy Code, "the court, after notice and a hearing, shall determine the amount of claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount" to the extent that the claim is valid.  11 U.S.C.S. § 502(b).

12.  The Reorganized Debtors dispute that DAS LLC is liable for the $27,524.38 (CDN) -- $23,426.00 in U.S. dollars as of the Petition Date -- in post-petition interest asserted in the Proof of Claim.  Section 502(b)(2) of the Bankruptcy Code prohibits payment of postpetition interest on prepetition unsecured claims.  11 U.S.C. § 502(b)(2).

13.  After taking into account the amount arising from the Limited Guarantee, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount (in U.S. dollars) | | $297,480.20 |
|---|---|---|
| Modifications | Post-Petition Interest (in U.S. dollars) | ($23,426.00) |
| Reconciled Amount (in U.S. dollars) | | $274,054.20 |

14.  DAS LLC does not dispute the remaining $274,054.20 of the Claim and requests that the Claim be allowed as a general unsecured non-priority claim against DPH-DAS LLC in the amount of $274,054.20.

Reservation Of Rights

15.  This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of

this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing the Proof of Claim No. as a general unsecured non-priority claim against DPH-DAS LLC in the amount of $274,054.20 and (b) granting the Debtors such other and further relief as is just.

Dated: New York, New York
February 23, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors