**Hearing Date:  April 22, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NO. 8523
(TWIN CORPORATION)

("STATEMENT OF DISPUTED ISSUES – TWIN CORPORATION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 8523 filed by Twin Corporation ("Twin" or the "Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronics Systems, Inc. ("Mechatronics") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.  On June 26, 2006, Twin filed proof of claim number 8523 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $56,537.23 for the sale of goods (the "Claim").

3.  On July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617).

4.  On September 4, 2007, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently

Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims Identified In Nineteenth Omnibus Claims Objection (Docket No. 9225) (the "Nineteenth Omnibus Claims Objection Order"), which, among other things, modified the Claim to an unsecured non-priority claim in the amount of $26,092.08 against DAS LLC and to an unsecured non-priority claim against Mechatronics in the amount of $462.59.

        5.        On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Pursuant to the Modified Plan, the certificates of formation of DAS LLC was amended and restated as DPH-DAS LLC and Mechatronics was converted into DPH Mechatronics Systems, LLC ("DPH Mechatronics"), respectively.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

        6.        On December 21, 2009, the Reorganized Debtors objected to the Proof of Claim pursuant to Reorganized Debtors' Fortieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Books And Records Claims, (B) Fully Satisfied Claims, And (C) Objected-To Claims To Be Disallowed, (II) Modify And Allow Certain (A) Partially Satisfied Claims, (B) Claims To Be Further Modified, (C) Objected-To

3

Claims To Be Modified And Allowed, And (III) Allow Certain Claims (Docket No. 19222) (the "Fortieth Omnibus Claims Objection").

7. On January 14, 2010, the Claimant filed Creditor Twin Corporation's Response To Debtors' Notice Of Objection To Claim (Docket No. 19318) ("the Response").

8. On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 8523 (Twin Corporation) (Docket No. 19437), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

Disputed Issues

A. DAS LLC Does Not Owe Twin The Amount Asserted In The Proof Of Claim

9. Twin asserts in the Proof of Claim that DAS LLC owes Twin a total of $56,537.23 for goods sold. The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute the amount asserted in the Proof of Claim.

10. The Proof of Claim Has Been Modified By A Prior Order. In its Response, Twin asserts that DAS LLC owes Twin a total of $56,537.23 despite the fact that the Claim was modified by a prior order of this Court. Pursuant to the Nineteenth Omnibus Objection Order, the Claim was reduced to a total unsecured non-priority claim in the amount of $26,554.67. Therefore, $29,982.56 should be subtracted from the amount claimed.

11. Certain Amounts Have Been Paid Due To Cure Payments. Based upon the Debtors' various accounts payable records, a portion of the amounts reflected in the Proof of Claim have been paid due to cure payments (the "Cure Payments") made pursuant to section 365 of the Bankruptcy Code following the consummation of the Modified Plan. Therefore, $905.41 should be subtracted from the amount claimed.

4

12. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $56,537.23 |
|---|---|---|
| Modifications | Reduction by Prior Order | ($29,982.56) |
| | Cure Payment | ($905.41) |
| Reconciled Amount | | $25,649.26 |

13. DPH-DAS LLC and DPH-Mechatronics do not dispute the remaining $25,649.26 of the Claim and request that the Claim be reduced to and allowed as (a) a general unsecured non-priority claim against DPH-DAS LLC in the amount of $25,186.67 and (b) a general unsecured non-priority claim against DPH-Mechatronics in the amount of $462.59.

### Reservation Of Rights

14. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing the Proof of Claim as (i) a general unsecured non-priority claim against DPH-DAS LLC in the amount of $25,186.67 and (ii) a general unsecured non-priority claim against DPH-Mechatronics in the amount of $462.59 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
February 23, 2010

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    By: /s/ John Wm. Butler, Jr.
        John Wm. Butler, Jr.
        John K. Lyons
        Ron E. Meisler
    155 North Wacker Drive
    Chicago, Illinois 60606

    - and -

    By: /s/ Kayalyn A. Marafioti
        Kayalyn A. Marafioti
    Four Times Square
    New York, New York 10036

    Attorneys for DPH Holdings Corp., et al.,
      Reorganized Debtors