**Hearing Date:  April 22, 2010**
                                 **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NO. 12669 (CONTRARIAN FUNDS LLC AS ASSIGNEE OF
<u>OMRON DUALTEC AUTOMOTIVE ELECTRONICS, INC.</u>)

("STATEMENT OF DISPUTED ISSUES – CONTRARIAN FUNDS LLC AS ASSIGNEE OF
OMRON DUALTEC AUTOMOTIVE ELECTRONICS, INC.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 12669 filed by Contrarian Funds, LLC ("Contrarian") as assignee of Omron Dualtec Automotive Electronics, Inc. ("Omron Dualtec" and together with Contrarian, the "Claimants") and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On July 28, 2006, Contrarian, as the assignee of Omron Dualtec, filed proof of claim number 12669 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $1,001,772.49 and a priority claim in the amount of $85,411.74 for the sale of goods (the "Claim").

3. On April 27, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax

Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825).

    4.  On May 23, 2007, Contrarian filed the Omnibus Response Of Contrarian Funds, LLC To Debtors' Twelfth And Thirteenth Omnibus Claims Objection (Docket No. 8001) (the "First Response").

    5.  On June 22, 2009, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182).

    6.  On July 16, 2009, Omron Dualtec filed the Response Of Omron Dualtec Automotive Electronics Inc. To Debtors' Thirty-Fourth Omnibus Claims Objection (Docket No. 18336) (together with the First Response, the "Responses").

    7.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Pursuant to the Modified Plan, the certificate of formation of DAS LLC was amended and restated as DPH-DAS LLC. Article 9.6(a) of the

3

Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

8.     On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 12699 (Contrarian Funds LLC as Assignee of Omron Dualtec Automotive Electronics, Inc.) (Docket No. 19434), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

## Disputed Issues

A.     DAS LLC  Does Not Owe Contrarian The Amount Asserted In The Proof Of Claim

9.     Contrarian asserts in the Proof of Claim that DAS LLC owes Contrarian, as assignee of Omron Dualtec, a total of $1,087,184.23 for goods sold.  The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Responses and dispute the amount asserted in the Proof of Claim.

10.     Certain Amounts Have Been Paid.  Based upon the Debtors' various accounts payable records, a portion of the amounts reflected in the Proof of Claim have been paid related to a cure payment made pursuant to section 365 of the Bankruptcy Code in connection with the Debtors' divestiture of its Interiors and Closures business and the assumption and assignment of an executory contract giving rise to part of the Claim.  This cure payment was made in the form of check number 20070396, which was sent on March 7, 2008 to Omron Dualtec and paid by the Debtors' bank on March 21, 2008.  Therefore, $161,273.64 should be subtracted from the amount claimed.

4

11.  **Proof of Claim Overstates Prices.**  The price detailed on certain purchase orders issued by DAS LLC to Omron Dualtec are lower than the price detailed on certain of Omron Dualtec's invoices attached to the Proof of Claim.  The purchase orders reflect the contractual pricing.  Therefore, $4,946.81 should be subtracted from the amount of the Proof of Claim.

12.  **Proofs of Delivery Not Provided.**  Contrarian claimed $50,334.53 in amounts owed based on the sale of goods for which it did not provide proofs of deliveries.  Furthermore, the Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  See General Terms And Conditions, § 2.1.  DAS LLC has no record of receiving the goods associated with the Proof of Claim.  Because the Claimants have not provided these proofs of delivery, the amount of $50,334.53 should not be included in the claim.

13.  After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $1,087,184.23 |
|---|---|---|
| Modifications | Cure Payments | ($161,273.64) |
| | Price Discrepancies | ($4,946.81) |
| | Invoices Without Proof of Delivery | ($50,334.53) |
| Reconciled Amount | | $870,629.25 |

14.     DAS LLC does not dispute the remaining $870,629.25 of the Claim and requests that the Claim be reduced to a general unsecured non-priority claim against DPH-DAS LLC in an amount not to exceed $870,629.25.

### Reservation Of Rights

15.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing the Proof of Claim as a general unsecured non-priority claim against DPH-DAS LLC in the amount of $870,629.25 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         February 23, 2010

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

                By:   /s/ John Wm. Butler, Jr.
                    John Wm. Butler, Jr.
                    John K. Lyons
                    Ron E. Meisler
                155 North Wacker Drive
                Chicago, Illinois 60606

                   - and -

                By:   /s/ Kayalyn A. Marafioti
                    Kayalyn A. Marafioti
                Four Times Square
                New York, New York 10036

                Attorneys for DPH Holdings Corp., et al.,
                    Reorganized Debtors