**Hearing Date:  April 22, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NO. 6670 (EMHART TEKNOLOGIES LLC)

("STATEMENT OF DISPUTED ISSUES – EMHART TEKNOLOGIES LLC")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 6670 filed by Emhart Teknologies LLC ("Emhart Teknologies" or the "Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronic Systems, Inc. ("Mechatronics") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On May 23, 2006, Emhart Teknologies filed proof of claim number 6670 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $293,357.43 for the sale of goods (the "Claim").

3. On July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617).

4.      On September 4, 2007, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims Identified In Nineteenth Omnibus Claims Objection (Docket No. 9225) (the "Nineteenth Omnibus Claims Objection Order"), modifying the Claim to an aggregate amount of $188,345.08 (a) as an unsecured non-priority claim against DAS LLC in the amount of $150,416.31, (b) as an unsecured non-priority claim against Mechatronics in the amount of $10,800.00, and (c) as a priority claim against DAS LLC in the amount of $27,128.77 on account of Emhart Teknologies' reclamation claim against the Debtors, subject to the Debtors' right to assert certain reserved defenses against such reclamation claim.[1]

5.      On March 27, 2008, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallow And Expunge Claims Due To Cure Payments And (B) Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 13270).

6.      On April 23, 2008, Emhart Teknologies filed the Response Of Emhart Teknologies Inc. To The Debtors' Twentieth-Ninth Omnibus Claims Objection (Docket No. 13450) (the "Response").

---

[1] On July 15, 2009, this Court entered the Order Under 11 U.S.C. § 546(c) And Amended Reclamation Procedures Order Classifying Reclamation Claims As General Unsecured Nonpriority Claims For All Purposes (Docket No. 18312), pursuant to which Emhart Teknologies' priority claim in the amount of $27,128.77 against DAS LLC was reclassified as a general unsecured non-priority claim in the amount of $27,128.77 against DAS LLC.

3

7. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Pursuant to the Modified Plan, the certificate of formation of DAS LLC was amended and restated as DPH-DAS LLC and Mechatronics was converted into DPH Mechatronics Systems, LLC ("DPH Mechatronics"). Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

8. On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof of Claim No. 6670 (Emhart Teknologies LLC) (Docket No. 19439), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A. The Debtors Do Not Owe The Amount Asserted In The Proof Of Claim

9. Emhart Teknologies asserts in the Proof of Claim that Delphi owes it $293,357.43 for goods sold. The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute the amount asserted in the Proof of Claim. Instead, for the reasons set forth below, the Reorganized Debtors assert that Emhart Teknologies should have a general unsecured non-priority claim (a) in the amount of $166,215.13 against DPH-DAS LLC and (b) $10,800.00 against DPH Mechatronics.

10.     <u>Certain Amounts Have Been Paid Due To Cure Payments.</u>  Based upon the Debtors' various accounts payable records, a portion of the amounts reflected in the Proof of Claim have been paid due to cure payments made pursuant to section 365 of the Bankruptcy Code in connection with the Debtors' divestiture of its Interiors and Closures business and the assumption and assignment of an executory contract between Emhart Teknologies and DAS LLC giving rise to part of the Claim.  This cure payment was made in the form of check number 200700388, which was sent on March 7, 2008 to Emhart Teknologies and paid by the Debtors' bank on March 19, 2008.  Therefore, $9,870.92 should be subtracted from the amount claimed against DAS LLC.

11.     <u>Claimant Was Overpaid Prepetition</u>.  During the weeks before the Petition Date, the Debtors implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services.  As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System).  The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records. Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions.  The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time.  In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due.  Here, the Debtors made a wire payment on October 7, 2005 in the amount of $103,063.91 that was not accounted for in the Proof of Claim.  Therefore, $103,063.91 should be subtracted from the amount claimed.

12.     <u>Proofs Of Delivery Not Provided</u>.  Emhart Teknologies claimed $3,407.47 in amounts owed based on the sale of goods for which it did not provide proofs of delivery. Furthermore, the Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."  <u>See</u> General Terms And Conditions, § 2.1.  The Debtors have no record of receiving certain goods associated with the Proof of Claim.  Because Emhart Teknologies has not provided these proofs of delivery, certain goods associated with the Proof of Claim, the amount of $3,407.47 asserted with respect to the Proof of Claim should not be included in the claim.

13.     After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $293,357.43 |
|---|---|---|
| <u>Modifications</u> | Cure Payment | ($9,870.92) |
| | Prepetition Wire Payment | ($103,063.91) |
| | Invoices Without Proof of Delivery | ($3,407.47) |
| <u>Reconciled Amount</u> | | $177,015.13[2] |

14.     DPH-DAS LLC and DPH Mechatronics do not dispute the remaining $177,015.13 of the Claim and requests that the Claim be reduced to and allowed as (a) a general

---

[2]  Pursuant to the Nineteenth Omnibus Claims Objection Order, the Claim was modified in the total amount of $188,345.08.  Upon further reconciliation, the Reorganized Debtors determined that the actual modified amount on that order should have been $186,886.05 due to a portion of the wire payment that was not included in the reconciliation underlying the modification pursuant to the Nineteenth Omnibus Claims Objection Order.  The proposed allowed amount of $177,015.13 set forth in this Statement of Disputed Issues is the difference between $186,886.05 and the cure payment of $9,870.92.

unsecured non-priority claim against DPH-DAS LLC in the amount of $166,215.13 and (b) a general unsecured non-priority claim against DPH Mechatronics in the amount of $10,800.00.

<u>Reservation Of Rights</u>

15.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing the Proof of Claim as a general unsecured non-priority claim against (i) DPH-DAS LLC in the amount of $166,215.13 and (ii) DPH Mechatronics in the amount of $10,800.00 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         February 23, 2010

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                         John Wm. Butler, Jr.
                                         John K. Lyons
                                         Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                           - and -

                                   By:   /s/ Kayalyn A. Marafioti
                                         Kayalyn A. Marafioti
                                   Four Times Square
                                   New York, New York 10036

                                   Attorneys for DPH Holdings Corp., et al.,
                                     Reorganized Debtors