**Hearing Date: April 22, 2010**
                                         **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
|            Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NO. 6610
<u>(SPECIAL SITUATIONS INVESTING GROUP, INC. AND PBR COLUMBIA LLC)</u>

("STATEMENT OF DISPUTED ISSUES – SPECIAL SITUATIONS
INVESTING GROUP, INC. AND PBR COLUMBIA LLC")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 6610 filed by PBR Columbia LLC ("PBR Columbia") and subsequently transferred to Special Situations Investing Group, Inc. and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.  On May 22, 2006, PBR Columbia filed proof of claim number 6610 (the "Proof of Claim") against DAS LLC.  The Proof of Claim asserts an unsecured non-priority claim in the amount of $447,071.08 for the sale of goods and a secured claim in the amount of $1,508,953.50 on account of a setoff (the "Claim").

3.  On May 22, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999)

4. On June 14, 2007, PBR Columbia filed the Response Of PBR Columbia LLC To Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8239) (the "First Response").

5. On November 14, 2008, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject To Modification, And (C) Claims To Be Expunged (Docket No. 14442).

6. On December 10, 2008, PBR Columbia filed the Response Of PBR Columbia LLC To Debtors' Thirty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject To Modification, And (C) Claims To Be Expunged (Docket No. 14576) (together with the First Response, the "Responses").

7. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Pursuant to the Modified Plan, the certificate of formation of DAS LLC was amended and restated as DPH-DAS LLC. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against,

3

and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

        8.      On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 6610 (Special Situations Investing Group, Inc. And PBR Columbia LLC.) (Docket No. 19436), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

Disputed Issues

A.    <u>DAS LLC Does Not Owe PBR Columbia The Amount Asserted In The Proof Of Claim</u>

        9.      PBR Columbia asserts in the Proof of Claim that DAS LLC owes PBR Columbia a total of $1,956,624.48 for goods sold. Specifically, PBR Columbia asserts an unsecured non-priority claim in the amount of $447,071.08 for the sale of goods and a secured claim in the amount of $1,508,953.50 on account of a setoff. The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Responses and dispute that they owe the amount asserted in the Proof of Claim.

        10.     <u>Debit Memos</u>. DAS LLC issued debit memos to PBR Columbia in the aggregate amount of $497,309.00 for returned products, differences in prices between purchase orders and invoices, and payments made in error to an entity affiliated with PBR Columbia. Therefore, $497,309.00 should be subtracted from the amount of the Proof of Claim.

        11.     <u>Certain Amounts Should Be Reduced By Setoff</u>. Pursuant to a setoff agreement between DAS LLC and PBR Columbia, $966,873.00 should be subtracted from the amount of the Proof of Claim.

12.     <u>Proofs of Delivery Not Provided</u>.  PBR Columbia claimed $222,279.77 in amounts owed based on the sale of goods for which it did not provide proofs of delivery. Furthermore, the Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions, § 2.1.  DAS LLC has no record of receiving certain goods associated with Proof of Claim.  Because PBR Columbia has not provided these proofs of delivery, certain goods associated with the Proof of Claim, the amount of $222,279.77 asserted with respect to the Proof of Claim should not be included in the claim.

13.     <u>Cancellation Claims Denied</u>.  PBR Columbia asserts that DAS LLC is liable for $287,303.50 on account of a cancellation claim for goods allegedly manufactured by PBR but not delivered to, or paid for by, DAS LLC (the "Cancellation Claim").  DAS LLC disputes the Cancellation Claim.  In certain instances, DAS LLC no longer needs certain of the parts produced by its suppliers for a number of different reasons, including that the product line for which DAS LLC needs such parts is discontinued.  DAS LLC's purchase orders include terms governing its liability to suppliers for goods produced or partially produced for, but not delivered to, DAS LLC.  DAS LLC reimburses suppliers for cancelled goods based on two factors:  (a) the timing of the cancellation within a given production cycle and (b) whether the canceled goods are in a raw or finished state.  By its Cancellation Claim, PBR seeks amounts in excess the amount that would be determined by the methodology agreed upon by the parties under the purchase orders.  Therefore, $287,303.50 should not be included in the amount of the Claim.

14. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claimant's Asserted Amount | | $1,956,624.48 |
|---|---|---|
| Modifications | Debit Memos | ($497,309.00) |
| | Setoff | ($966,873.25) |
| | Invoices Without Proof of Delivery | ($222,279.77) |
| | Denial of Cancellation Claim | ($287,303.50) |
| Reconciled Amount | | $17,141.04 owed to DPH-DAS LLC |

15. According to this reconciliation, PBR Columbia owes DPH-DAS LLC $17,141.04.

## Reservation Of Rights

16. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         February 23, 2010

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP

                                    By:  /s/ John Wm. Butler, Jr.
                                         John Wm. Butler, Jr.
                                         John K. Lyons
                                         Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                         - and -

                                    By:  /s/ Kayalyn A. Marafioti
                                         Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors