**Hearing Date:  April 22, 2010**
                                                                  **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE NUMBER 16780
<u>(TGI DIRECT INC.)</u>

("STATEMENT OF DISPUTED ISSUES – TGI DIRECT INC.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Administrative Expense Number 16780 filed by TGI Direct Inc. ("TGI Direct") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

2. On January 10, 2008, TGI Direct, a provider of marketing support services, filed proof of administrative expense number 16780 (the "Proof of Administrative Expense") against Delphi. The Proof of Administrative Expense asserts an administrative expense claim in the amount of $24,459.00 for the sale of goods (the "Claim") and that the debt was incurred on October 18-19, 2005.

3. On February 15, 2008, the Debtors objected to the Proof of Administrative Expense pursuant to the Debtors' Twenty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification And Modified Claim Asserting Reclamation (Docket No. 12686) (the "Objection"). By the Objection, the Debtors sought to expunge the Proof of Administrative

2

Expense as a duplicate of proof of claim number 8929, which was filed by TGI Direct on July 5, 2006.

    4.    On March 12, 2008, TGI Direct filed TGI Direct Inc.'s Response To Debtors' Twenty-Sixth Omnibus Notice Of Objection To Claim (Docket No. 13084) (the "Response").

    5.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Pursuant to the Modified Plan, the certificate of formation of DAS LLC was amended and restated as DPH-DAS LLC.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

    6.    On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 16780 (TGI Direct Inc.) (Docket No. 19438), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A. <u>The Debtors Are Not Liable For The Amount Asserted In The Proof Of Administrative Expense</u>

7. The Reorganized Debtors have reviewed the information attached to the Proof of Administrative Expense and the Response and dispute the amount asserted in the Proof of Administrative Expense.

8. The Proof of Administrative Expense asserts a liability that is duplicative of a liability asserted in proof of claim number 8929. The supporting documentation that TGI attached to the Proof of Administrative Expense is a single one-page invoice, number 93030. A copy of the same invoice is included in the supporting documentation attached to proof of claim number 8929. Specifically, invoice number 93030 is the fifteenth page of proof of claim number 8929.

9. By its Response, TGI Direct asserts that the Proof of Claim is "supported by separate consideration and documentation" and that "insofar as the claim is duplicative, [TGI] will file an amended proof of claim." Response at 1. To date, TGI has neither filed an amended proof of claim nor provided supporting documentation.

10. In addition, although TGI asserts in its Response that goods were delivered on October 18 and 19, 2005, the Debtors' books and records show that the goods – poster bands, magnetic brochures, envelopes, website inserts and NAPA Stickers – were delivered to Delphi on September 19, 2005. For this reason, when the Debtors reconciled proof of claim number 8929, this invoice was reconciled as asserting a valid prepetition amount. Proof of claim number 8929 was modified to a general unsecured non-priority claim against the estate of DAS LLC in the amount of $45,159.62 by this Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (A) Duplicate Or Amended Claims, (B)

4

Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order Identified In Twenty-Fourth Omnibus Claims Objection (Docket No. 12363). By operation of article 1.9 of the Modified Plan, proof of claim number 8929 became an allowed claim against DPH-DAS LLC in the amount of $45,159.62 as of February 3, 2010, the deadline pursuant to article 1.31 of the Modified Plan for the Reorganized Debtors to further object to modified claims asserting prepetition liabilities.

11.   It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor. The liability asserted on the Proof of Administrative Expense is a duplicate of a liability asserted on proof of claim number 8929, which has been allowed against the DPH-DAS LLC, one of the Reorganized Debtors. Accordingly, the Reorganized Debtors request that the Proof of Administrative Expense be disallowed and expunged in its entirety.

Reservation Of Rights

12.   This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Administrative Expense in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
February 23, 2010

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By: /s/ Kayalyn A. Marafioti
Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors