**Hearing Date:  April 22, 2010**
                                      **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

                            REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
                           WITH RESPECT TO PROOF OF CLAIM NUMBER 5
                                (LTC ROLL & ENGINEERING CO.)

                    ("STATEMENT OF DISPUTED ISSUES – LTC ROLL & ENGINEERING CO.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof Of Claim Number 5 filed by LTC Roll & Engineering Co. ("LTC" or the "Claimant") and respectfully represent as follows:

Background

1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    On October 13, 2005, LTC filed proof of claim number 5 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $38,722.98 and a priority claim in the amount of $10,790.84 for the sale of goods (the "Claim").

3.    On May 16, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301).

4.    On April 10, 2007, the Claimant filed LTC Roll & Engineering Co's Response To Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section

2

502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7612) (the "Response").

     5.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Pursuant to the Modified Plan, the certificate of formation of DAS LLC was amended and restated as DPH-DAS LLC.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

     6.  On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 5 (LTC Roll & Engineering Co.) (Docket No. 19435), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

Disputed Issues

A.  <u>Delphi Does Not Owe LTC The Amount Asserted In The Proof Of Claim</u>

     7.  LTC asserts in the Proof of Claim that Delphi owes LTC a total of $49,513.82 for goods sold.  The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute the amount asserted in the Proof of Claim.

3

8.      <u>The Claimant Was Overpaid Before The Petition Date</u>.  During the weeks before the Petition Date, the Debtors implemented advance payment agreements to numerous vendors to ensure a continuous supply of parts and services.  As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System).  The DACOR System is used to pay all of DAS LLC's vendors as well as maintain all payable records.  Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions.  The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time.  In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due.  Here, the Debtors made wire payments on July 6, 2005, August 2, 2005, and September 28, 2005 totaling $495,000.00.  LTC issued a refund check to Delphi in the amount of $408,418.80 on February 3, 2006.  The difference was applied to pre-petition invoices in the aggregate amount of $41,242.68 and post-petition invoices in the aggregate amount of $44,968.49.

9.      After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Proof of Claim as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $49,513.82 |
|---|---|---|
| <u>Modifications</u> | Prepetition Wire Payment | ($41,242.68) |
| <u>Reconciled Amount</u> | | $8,271.14 |

4

10.     DPH-DAS LLC does not dispute the remaining $8,271.14 of the Claim and requests that the Claim be reduced to and allowed as a general unsecured non-priority claim against DPH-DAS LLC in an amount not to exceed $8,271.14.

Reservation Of Rights

11.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing the Proof of Claim as a general unsecured non-priority claim against DPH-DAS LLC in the amount of $8,271.14 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         February 23, 2010

                          SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

    - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors