UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re  :  Chapter 11
: 
DPH HOLDINGS CORP., et al.,  :  Case No. 05-44481 (RDD)
: 
:  (Jointly Administered)
Reorganized Debtors.  : 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 TO
(I) MODIFY AND ALLOW CERTAIN CLAIMS PARTIALLY SATISFIED BY CURE
PAYMENTS AND (II) DISALLOW AND EXPUNGE (A) A CERTAIN WORKERS'
COMPENSATION CLAIM AND (B) CERTAIN BOOKS AND RECORDS CLAIMS

("FORTY-SECOND OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

Fed. R. Bankr. P. 3007 To (I) Modify And Allow Certain Claims Partially Satisfied By Cure

Payments And (II) Disallow And Expunge (A) A Certain Workers' Compensation Claim And (B)

Certain Books And Records Claims (the "Forty-Second Omnibus Claims Objection" or the

"Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the

above-captioned cases (collectively, the "Reorganized Debtors"), dated January 22, 2010; and

upon the record of the hearing held on the Forty-Second Omnibus Claims Objection; and after

due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-
    Second Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, E-1, and E-2 hereto was properly and timely served with a copy of the Forty-Second Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Forty-Second Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Second Omnibus Claims Objection. No other or further notice of the Forty-Second Omnibus Claims Objection is necessary.

      B.      This Court has jurisdiction over the Forty-Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Forty-Second Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Forty-Second Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.      The Claims listed on Exhibit A assert liabilities or dollar amounts that have been partially satisfied by Cure Payments made by the Reorganized Debtors. The Reorganized Debtors propose to modify and allow each such Claim so that the amount, class, and the Debtor against which each such Claim is proposed to be allowed matches the Reorganized Debtors' books and records (the "Exhibit A Claims").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

        D.       The Claims listed on <u>Exhibit B</u> assert liabilities or dollar amounts that have been previously modified by a prior order and have been partially satisfied by Cure Payments made by the Reorganized Debtors. The Reorganized Debtors propose to further modify and allow each Claim so that the amounts, class, and the Debtor against which each such Claim is proposed to be allowed matches the Reorganized Debtors' books and records (the "Exhibit B Claims").

        E.       The Claim listed on <u>Exhibit C</u> asserts liabilities or dollar amounts for workers' compensation benefits which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Exhibit C Claim").

        F.       The Claims listed on <u>Exhibit D</u> assert liabilities or dollar amounts for which the Debtors are not liable and that are not owing pursuant the Reorganized Debtors' books and records (the "Exhibit D Claims").

        G.       <u>Exhibit F</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits A</u> and <u>B</u>. <u>Exhibit G</u> sets forth each of the Claims referenced on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E-1</u>, and <u>E-2</u> in alphabetical order by Claimant and cross-references each such Claim by (i) proof of claim number and (ii) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.       Each Exhibit A Claim listed on <u>Exhibit A</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit A</u> and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit A Claims are deemed overruled.

2. Each Exhibit B Claim listed on Exhibit B hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of Exhibit B and all responses filed by Claimants to prior omnibus claims objections with respect to such Exhibit B Claims are deemed overruled.

3. The Exhibit C Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

4. Each Exhibit D Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

5. With respect to each Claim for which a Response to the Fortieth Omnibus Claims Objection has been filed and served, as listed on Exhibits E-1 and E-2, and which Response has not been resolved by the parties, the hearing regarding the objection to such Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

6. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Forty-Second Omnibus Claims Objection except as such claims may have been settled and allowed.

7. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Forty-Second Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

8.  Each of the objections by the Reorganized Debtors to each Claim addressed in the Forty-Second Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, and <u>D</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Claim that is the subject of the Forty-Second Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

9.  Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       March 4, 2010

                                /s/Robert D. Drain
                                UNITED STATES BANKRUPTCY JUDGE