UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

    In re                                    :         Chapter 11
                                           :
DPH HOLDINGS CORP., <u>et</u> <u>al</u>.,          :         Case No. 05-44481 (RDD)
                                           :
        Reorganized Debtors.           :         (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A)
SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C)
DUPLICATE CLAIMS, (D) EQUITY INTERESTS, (E) PREPETITION
CLAIMS, (F) INSUFFICIENTLY DOCUMENTED CLAIMS, (G) PENSION,
BENEFIT, AND OPEB CLAIMS, (H) WORKERS' COMPENSATION
CLAIMS, AND (I) TRANSFERRED WORKERS' COMPENSATION
CLAIMS, (II) MODIFY AND ALLOW CERTAIN ADMINISTRATIVE
EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW CERTAIN
<u>ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS</u>

("FORTY-THIRD OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims,

(B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition

Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H)

Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II)

Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain

Administrative Expense Severance Claims (the "Forty-Third Omnibus Claims Objection" or the

"Objection"),[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Forty-Third Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C, D, E, F, G, H, I, J, K, L-1, L-2, and L-3, hereto was properly and timely served with a copy of the Forty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Forty-Third Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Third Omnibus Claims Objection. No other or further notice of the Forty-Third Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Forty-Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Forty-Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Forty-Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Administrative Claims listed on Exhibit A are Administrative Claims filed by claimants asserting liabilities for severance payments for which the Reorganized Debtors are not liable (the "Severance Claims").

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Third Omnibus Claims Objection.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

D. The Administrative Claims listed on <u>Exhibit B</u> assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books and Records Claims").

E. The Administrative Claims listed on <u>Exhibit C</u> are duplicative of other Administrative Claims (the "Duplicative Claims").

F. The Administrative Claims listed on <u>Exhibit D</u> were filed by holders of Delphi Corporation common stock solely on account of their stock holdings, each of which constitutes an equity interest in Delphi Corporation but does not constitute an Administrative Claim against the Debtors (the "Equity Interests").

G. The Administrative Claims listed on <u>Exhibit E</u> assert liabilities or dollar amounts that arose prior to the date upon which the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code (the "Prepetition Claims").

H. The Administrative Claims listed on <u>Exhibit F</u> contain insufficient documentation to support the Administrative Claims asserted (the "Insufficiently Documented Claims").

I. The Administrative Claims listed on <u>Exhibit G</u> assert Claims for liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Debtors are not liable (the "Pension, Benefit, And OPEB Claims").

J. The Administrative Claim listed on <u>Exhibit H</u> was filed by an individual employee of the Debtors for workers' compensation benefits not reflected on the Reorganized Debtors' books and records (the "Workers Compensation Claims").

K.     The Administrative Claims listed on <u>Exhibit I</u> were filed by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims").

L.     The Administrative Claims listed on <u>Exhibit J</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors in which the amounts asserted in such Administrative Claims are overstated (the "Modified Severance Claims").

M.     The Administrative Claims listed on <u>Exhibit K</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors that assert liabilities or dollar amounts that match the Reorganized Debtors' books and records (the "Allowed Severance Claims").  Each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

N.     <u>Exhibit M</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits J</u> and <u>K</u> hereto.  <u>Exhibit N</u> hereto sets forth each of the Administrative Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, <u>I</u>, <u>J</u>, <u>K</u>, <u>L-1</u>, <u>L-2,</u> and <u>L-3</u>, in alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of administrative expense number or schedule number and (ii) basis of objection.

4

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each Severance Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

2. Each Books And Records Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

3. Each Duplicate Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety.

4. Each Equity Interest listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety.

5. Each Prepetition Claim listed on <u>Exhibit E</u> hereto is hereby disallowed and expunged in its entirety.

6. Each Insufficiently Documented Claim listed on <u>Exhibit F</u> hereto is hereby disallowed and expunged in its entirety.

7. The Workers' Compensation Claim listed on <u>Exhibit H</u> hereto is hereby disallowed and expunged in its entirety.

8. Each Transferred Workers' Compensation Claim listed on <u>Exhibit I</u> hereto is hereby disallowed and expunged in its entirety.

9. Each Modified Severance Claim listed on <u>Exhibit J</u> hereto is hereby modified to reflect the amount, classification, and Debtor listed in the "Claim As Modified" column of <u>Exhibit J</u> and all responses filed by Claimants to prior omnibus claims objections with respect to such Modified Severance Claims are deemed overruled.  The allowed amount of each such Modified Severance Claim shall be distributed pursuant to (a) the terms of the agreement

5

giving rise to such Modified Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

10. Each Allowed Severance Claim listed on Exhibit K hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column on Exhibit K and all responses filed by Claimants to prior omnibus claims objections with respect to such Allowed Severance Claims are deemed overruled. Each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

11. With respect to the Administrative Claims for which Responses to the Forty-Third Omnibus Claims Objection have been filed and served, as listed on Exhibits L-1, L-2, and L-3, and which Responses have not been resolved by the parties, the hearing regarding the objection to such Administrative Claim shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that the Response was untimely or otherwise deficient under the Claims Objection Procedures Order or the Administrative Claims Objection Procedures Order.

12. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further

6

object to Administrative Claims that are the subject of the Forty-Third Omnibus Claims Objection, except as such claims may have been settled and allowed.

13. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Third Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

14. Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Third Omnibus Claims Objection and attached hereto as A, B, C, D, E, F, G, H, I, J, and K constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Third Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

Pg 8 of 8

15. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.

Dated: White Plains, New York
March 4, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE