Sentry Financial Corporation
201 South Main Street, Suite 1400
Salt Lake City, Utah 84111-22155
Attn: R. Kirk Heaton,
Executive Vice President
801-303-1105

"Claimant/Creditor"

Administrative Claim No. 19939 filed 11/04/09.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
        In re                                                 :    Chapter 11
                                                              :
DPH HOLDINGS CORP., et. al.                                   :    Case No. 05-44481 (RDD)
                                                              :
                                                              :    (Jointly Administered)
                      Reorganized Debtors.                    :
------------------------------------------------------------- x

SENTRY FINANCIAL CORPORATION'S RESPONSE TO REORGANIZED DEBTORS'
FORTY-THIRD OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §503(b) AND FED. R.
BANKR. P. 3007 TO (I) EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A)
SEVERANCE CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS,
(D) EQUITY INTERESTS, (E) PREPETITION CLAIMS, (F) INSUFFICIENTLY
DOCUMENTED CLAIMS, (G) PENSION, BENEFIT, AND OPEB CLAIMS, (H) WORKERS'
COMPENSATION CLAIMS, AND (I) TRANSFERRED WORKERS' COMPENSATION
CLAIMS, (II) MODIFY AND ALLOW CERTAIN ADMINISTRATIVE EXPENSE
SEVERANCE CLAIMS, AND (III) ALLOW CERTAIN ADMINISTRATIVE EXPENSE
<u>SEVERANCE CLAIMS</u>

Sentry Financial Corporation ("Claimant") was a lessor of certain Lexmark printers and Cisco switches and ancillary and related equipment (collectively the "Equipment") to Delphi Automotive Systems Corporation and certain of its affiliates and divisions (collectively "Delphi") pursuant to that certain Equipment Schedule No. 1 ("Schedule 1") dated as of August 1, 2000 and Equipment Schedule No. 2 ("Schedule 2") dated as of August 1, 2000, both issued under that certain U.S. Master Lease Agreement dated as of June 30, 2000 ("Master Lease") and all signed by

Claimant and Delphi. Schedule 2 was upgraded on or about May 10, 2001 where certain additional equipment was added and invoiced separately ("Upgrade 2U"). Schedule 1, Schedule 2 and Upgrade 2U may sometimes hereafter be referred to collectively as "Schedules".

Delphi issued purchase orders for the respective monthly payments under the Schedules and made payments for the 36 month initial term of the Schedules. At the end of the initial lease term for the Schedules (36 months) Delphi had three choices, (i) purchase all Equipment at fair market value, (ii) extend the lease term at the fair rental value or (iii) return the Equipment. The parties extended the lease term on several occasions and Delphi issued additional purchase orders in accordance with its administrative procedures. The Master Lease provides that if Delphi or Claimant fail to timely deliver an End-of-Term Notice then the Schedules automatically extend for successive one-month periods with the same rent as the initial term of the Schedules.

Just prior to Delphi filing for bankruptcy protection the parties were negotiating another extension of the Schedules but did not conclude the negotiations. Neither party provided an End-of-Term Notice to the Schedules and so they automatically extended for successive one month terms. Delphi did not and has not returned the Equipment. To Claimant's knowledge and belief, Delphi continued and continues to use the Equipment to this day. The Master Lease provides that Delphi is to pay all taxes relating to the Equipment and its use. Copies of the Schedules and the Master Lease are attached to this Response.

Claimant has not received a payment for the use of the Equipment since September 2005. Claimant attaches a copy of its proof of administrative claim with its listing of the specific monthly amounts for rent (and annual taxes) that make up its $174,751.87 administrative claim. Reorganized Debtors have enjoyed the use of the Equipment without rejecting the lease Schedules and returning the Equipment or affirming the lease Schedules and curing the defaults. Claimant

made repeated attempts to obtain Delphi purchase orders so that it could receive extension payments during the pendency of the bankruptcy proceedings but due to the constant change of personnel and systems, it was unsuccessful in its efforts. Claimant is entitled to the payments under the legally binding contracts (Schedules) and the Master Lease as the Equipment benefited the estate during the bankruptcy proceedings and as such constitutes an administrative claim.

Reorganized Debtors have objected to Claimant's claim by indicating that there is nothing in the books and records of Reorganized Debtors showing that the amounts are owed. Claimant believes that Reorganized Debtors checked to see if their systems showed a purchase order for the claimed amounts. It will not find one to our knowledge. Nevertheless, the Master Lease and the Schedules do not require a purchase order and that was only an administrative procedure not binding on Claimant. Attached hereto is documentation sufficient to establish a prima facie right to payment. The amounts owed are liquidated and clearly and easily determined by reference to the Schedules and Master Lease. The address for reply to the Response is 201 South Main Street, Suite 1400, Salt Lake City, Utah 84111-2215.

Dated: Salt Lake City, Utah
February 9, 2010.

Sentry Financial Corporation

By: _____
R. Kirk Heaton, Executive Vice President

G:\Doc-Subs\SFC-SLG Direct Origination\Delphi Automotive Master Docs\SFC Response in Bankruptcy - Forty-Third Ominibus Claims Objection 2-9-10.docx