**Hearing Date and Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: March 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM NOS. 13776 AND 13881
FILED BY THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION

("SUPPLEMENTAL REPLY REGARDING THE NEW YORK CLAIMS")

1

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 13776 And 13887 Filed By The New York State Department of Environmental Conservation (the "Supplemental Reply"), and respectfully represent as follows:

A.      Preliminary Statement

    1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

    2.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Confirmation Order"), and emerged from chapter 11 as the Reorganized Debtors.

    3.      On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

4. The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Ninth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 11, 2009 (Docket No. 19176), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on March 18, 2010 at 10:00 (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **March 16, 2010.**

3

B.      Relief Requested

7.      By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging proofs of claim filed by the New York Department of Environmental Conservation ("NYDEC") to the extent they seek payment of future costs that are contingent and have not been incurred by NYDEC in response to alleged environmental contamination at properties formerly owned by the Reorganized Debtors.

C.      NYDEC's Claims

8.      During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim filed by NYDEC asserted contingent liabilities for future cleanup costs that have not yet been incurred by NYDEC or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records. Accordingly, this Court should enter an order disallowing and expunging each such proof of claim to the extent that it seeks recovery of contingent costs that have not been incurred by NYDEC.

9.      The New York Claims Filed Against The Debtors. On July 31, 2006, NYDEC filed proof of claim number 13776 against Delphi Automotive Systems LLC ("DAS LLC") asserting liability for environmental contamination at the property located at 1000 Lexington Ave., Rochester, New York (the "Rochester Site"). The claim asserts an administrative expense claim in the amount of $9,955,768 for future remediation costs at the Rochester Site. It also asserts an administrative expense claim in the amount of $4,447.27 for administrative costs incurred by NYDEC post-petition and a general unsecured claim in the amount of $2,459.20 in administrative costs incurred by NYDEC prior to the commencement of the Reorganized Debtors' bankruptcy proceedings.

10.     On July 31, 2006, NYDEC filed proof of claim number 13881 against DAS LLC (collectively with proof of claim number 13776, the "New York Claims") asserting

4

liability for environmental contamination at the property located at 200 Upper Mountain, Lockport, New York (the "Lockport Site" and, together with the Rochester Site, the "New York Sites"). The claim asserts an administrative expense claim in the amount of $405,000 for future remediation costs at the Lockport Site. It also asserts an administrative expense claim in the amount of $446 for administrative costs incurred by NYDEC post-petition and a general unsecured claim in the amount of $1,585.39 in administrative costs incurred by NYDEC prior to the commencement of the Reorganized Debtors' bankruptcy proceedings.

11. <u>The Debtors' Objection To The New York Claims</u>. On October 31, 2006, the Debtors filed the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 13776 and 13881 as unsubstantiated claims for which the Debtors are not liable and sought an order disallowing and expunging each of those proofs of claim.

12. <u>NYDEC'S Responses To The Debtors' Objections</u>. On November 22, 2006, NYDEC filed the Response To Debtors' Third Omnibus Objection To Proofs of Claim Nos. 13776 And 13881 (Docket No. 5734) (the "Response"), in which NYDEC asserted that DAS LLC was required to implement certain cleanup activities at the New York Sites under separate Orders on Consent.

13. <u>The Sufficiency Hearing Notice</u>. Pursuant to the Claims Objection Procedures Order, the hearing on the New York Claims was adjourned to a future date. On

February 18, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the New York Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.      Claimant's Burden Of Proof And Standard For Sufficiency Of Claim

14.     The Reorganized Debtors respectfully submit that the Proofs of Claim fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  NYDEC has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to the New York Claims should be sustained with respect to such proofs of claim and both New York Claims should be disallowed and expunged to the extent they seek recovery of future remediation costs that have not yet been incurred by NYDEC.

15.     The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

6

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis to make prima facie case).

   16. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

   17. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E. Argument Regarding The New York Claims.

   18. Under the Modified Plan, the Reorganized Debtors transferred the New York Sites to GM Components Holdings, LLC ("GM").  See Supplement To First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession at S-xviii (Docket No. 17031).

19. In connection with this transfer, GM assumed responsibility for addressing the contamination at the New York Sites that is the subject of the New York Claims. Specifically, the Confirmation Order provided that:

> GM Components, as Buyer of the Delphi Automotive Systems Site located at 1000 Lexington Avenue, Rochester, New York, identified in the New York State Department of Environmental Conservation ("NYSDEC") Environmental Site Remediation Database as Site Code 828064 (the "Rochester Facility"), and the Delphi Thermal Systems Facility located at 200 Upper Mountain, Lockport, New York, identified in the NYSDEC Environmental Site Remediation Database as Site Codes C932138, C932139, C932140, and 932113 and in the NYSDEC Spill Incidents Database as Site Code 0651261 (collectively, the "Lockport Facility"), acknowledges that it shall be responsible for conducting investigation and remediation of the Rochester Facility and the Lockport Facility in accordance with applicable Environmental Laws.

Confirmation Order ¶ 63(ii)(1).

20. Because GM has assumed, pursuant to an order from this Court, the obligation to implement and pay for the cleanup of the New York Sites, the New York Claims, to the extent they seek recovery from the Reorganized Debtors of the costs of such cleanup, are contingent. NYDEC would only have a valid claim against the Reorganized Debtors for future costs cleanup costs at the New York Sites if GM were to default on the obligations it expressly assumed in the Confirmation Order. To the Reorganized Debtors' knowledge, there has been no such default on GM's part, and nothing in NYDEC's Proofs of Claim or the Response indicates that such a contingency is likely to happen.

21. NYDEC has not proved any set of facts that supports a right to payment from the Reorganized Debtors. Accordingly, the Reorganized Debtors assert that (a) NYDEC has not met its burden of proof to establish a claim against the Debtors, (b) the New York Claims are not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the New York Claims fail to state a claim against the Reorganized Debtors under

8

Bankruptcy Rule 7012 for future remediation costs.  Because NYDEC cannot provide facts or law supporting their claims, the Reorganized Debtors' Third Omnibus Claims Objection should be sustained as to the New York Claims' assertion of future remediation costs and the New York Claims should be disallowed and expunged to the extent they seek such costs.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the Reorganized Debtors' objections with respect to the New York Claims, (b) disallowing and expunging each of the New York Claims to the extent they seek recovery of future remediation costs, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         March 8, 2010

                    SKADDEN, ARPS, SLATE, MEAGHER
                       & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

9