**Hearing Date and Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: March 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
    In re                                         :    Chapter 11
                                             :
DPH HOLDINGS CORP., et al.,            :    Case Number 05-44481 (RDD)
                                             :
                                           :    (Jointly Administered)
        Reorganized Debtors.             :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOF OF CLAIM
NO. 12833 FILED BY PLA HOLDINGS VI LLC**

("SUPPLEMENTAL REPLY REGARDING PLA HOLDINGS' CLAIM")

1

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof Of Claim Number 12833 Filed By PLA Holdings VI LLC (the "Supplemental Reply"), and respectfully represent as follows:

A. Preliminary Statement

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

4. The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

        5.        By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Ninth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 11, 2009 (Docket No. 19176), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on March 18, 2010 at 10:00 (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

        6.        This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **March 16, 2010.**

B.   Relief Requested

7.   By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging the proof of claim number 12833 filed by PLA Holdings VI LLC.

C.   PLA Holdings' Claims

8.   During their review of the proofs of claim filed in these cases, the Debtors determined that proof of claim number 12833 by PLA Holdings VI LLC ("PLA Holdings") asserts liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors books and records. The Reorganized Debtors believe that PLA Holdings is not a creditor of the Debtors. Accordingly, this Court should enter an order disallowing and expunging proof of claim number 12833 in its entirety.

9.   <u>PLA Holdings' Claim Filed Against The Debtors</u>.  On July 28, 2006, PLA Holdings filed proof of claim number 12833 (the "PLA Claim") against Delphi Corporation ("Delphi") asserting contingent, unliquidated, and undetermined amounts for indemnification under an environmental agreement between Delphi, Delphi Delco Electronics de Mexico, S.V. de C.V. and PLA Holdings dated April 11, 2005 (the "Environmental Agreement"). The Environmental Agreement was entered into as part of a real estate transaction in which Delphi sold to PLA Holdings (and several of its affiliates) certain property in Reynosa, Mexico.

10.  <u>The Debtors' Objection To The PLA Claim</u>.  On October 31, 2006, the Debtors filed the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), by which the

4

Debtors objected to proof of claim number 12833 as an unsubstantiated claim for which the Debtors are not liable and sought an order disallowing and expunging each of those proofs of claim.

11. <u>PLA Holdings' Responses To The Debtors' Objection</u>.  On November 22, 2006, PLA Holdings filed the Response Of (A) Banco J.P. Morgan, S.A., Institucion De Banca Multiple, J.P. Grupo Financiero, Division Fiduciaria, Not Individually, But In Its Capacity As Trustee of Trust F/00121, (B) Prudential Financial, Inc., (C) Prudential Investment Management, Inc., (D) Prudential Real Estate Investors, A Division of Prudential Investment Management, Inc., (E) PLA Holding IV, LLC, (F) PLA Mexico Industrial Manager I LLC AND (G) PLA Industrial Fund I, LLC To Debtors' Third Omnibus Claim Objection (Docket No. 5736) (the "Response"), in which PLA Holdings asserted that although the amount of the claim was unknown, it still had a valid claim for indemnification under the Environmental Agreement. PLA Holdings asserted, without any explanation or documentation, that the value of the claim was at least $2,000,000.

12. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the PLA Claim was adjourned to a future date.  On February 18, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the PLA Claim, among other proofs of claim, scheduling the Sufficiency Hearing.

D. <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

13. The Reorganized Debtors respectfully submit that the PLA Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  PLA Holdings has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to

5

the PLA Claim should be sustained and the PLA Claim should be disallowed and expunged in its entirety.

15. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis to make prima facie case).

15. For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be

6

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

16.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.    Argument Regarding The PLA Claim.

17.    The PLA Claim is entirely contingent upon PLA Holdings suffering an indemnifiable loss under the Environmental Agreement.  To the Reorganized Debtors' knowledge, no such loss has occurred and no other contingent event has occurred that would give rise to a claim against the Reorganized Debtors under the Environmental Agreement.  Although the Response asserted that the value of the PLA Claim was a least $2,000,000, the Response included absolutely no evidence to support this number or to demonstrate that PLA Holdings has suffered any loss that would require indemnification from the Reorganized Debtors under the Environmental Agreement.

18.    PLA Holdings has not, in either its Proof of Claim or Response to the Debtors' objection to its Proof of Claim, proved any set of facts that support a right to payment from the Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) PLA Holdings has not met its burden of proof to establish a claim against the Debtors, (b) the PLA

7

Claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the PLA Claim fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because PLA Holdings cannot provide facts or law supporting its claim, the Third Omnibus Claims Objection should be sustained as to PLA Claim and the claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the Reorganized Debtors' objection with respect to the PLA Claim, (b) disallowing and expunging the PLA Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         March 8, 2010

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors