**Hearing Date and Time:  March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  March 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF THE CITY OF
OLATHE TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM NOS. 14825 AND 14826
FILED BY THE CITY OF OLATHE

("SUPPLEMENTAL REPLY REGARDING THE CITY OF OLATHE'S CLAIMS")

1

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of The City Of Olathe To Debtors' Objections To Proofs Of Claim Nos. 14825 And 14826 Filed By The City of Olathe (the "Supplemental Reply"), and respectfully represent as follows:

A.      Preliminary Statement

1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Confirmation Order"), and emerged from chapter 11 as the Reorganized Debtors.

3.      On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

4.      The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

2

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting

to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art.

9.6(a).

5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)

(the "Claims Objection Procedures Order") and the Ninth Supplemental Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 11, 2009 (Docket No.

19176), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on March 18,

2010 at 10:00 (prevailing Eastern time) in this Court to address the legal sufficiency of each

proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and

whether each such proof of claim states a colorable claim against the asserted Debtor.

6.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the

Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection

Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

Supplemental Reply, the Claimant shall file and serve its response no later than two business

days before the scheduled Sufficiency Hearing – i.e., by **March 16, 2010.**

B.     Relief Requested

7.     By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging proofs of claim filed by the City of Olathe seeking payment of

3

the costs to perform environmental cleanup activities required under a Consent Order entered into by the City of Olathe, Delphi Automotive Systems LLC ("DAS LLC") and the Kansas Department of Health & Environment dated July 13, 2000 (the "2000 Consent Order").

C.       The City of Olathe's Claims

8.        During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim filed by the City of Olathe (the "City") asserted liabilities which the Reorganized Debtors have already resolved with the City and therefore the claims are not owing pursuant to the Reorganized Debtors' books and records.  Accordingly, this Court should enter an order disallowing and expunging the City's proofs of claims in their entirety.

9.        The City's Claims Filed Against The Debtors.  On July 31, 2006, the City filed proof of claim number 14825 against DAS LLC and proof of claim number 14826 against Delphi Corporation, with each claim seeking the full recovery of all costs necessary to comply with the 2000 Consent Order (the "City's Claims").

10.        The Debtors' Objection To The City's Claims.  On November 6, 2009, the Reorganized Debtors filed the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (Docket No. 19044) (the "Thirty-Eighth Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 14825 and 14826 as unsubstantiated claims for which the Debtors are not liable and sought an order disallowing and expunging each of those proofs of claim.

11.        The City's Responses To The Debtors' Objections.  On December 7, 2009 the City filed the City of Olathe, Kansas's Response And Objection To Reorganized Debtors' Thirty-Eight Omnibus Claims Objection (Docket No. 19152) (the "Response") in which the City

4

acknowledged that the City and DAS LLC had entered into a Corrective Action Plan/Corrective

Action Funding Agreement: Mill Creek Site, Olathe, Kansas, dated May 6, 2008 (the "Funding

Agreement"), whereby the City and DAS LLC agreed to certain procedures and cost sharing

arrangements for the implementation of the work required under the 2000 Consent Decree.

Response at ¶ 7.

       12.     The Sufficiency Hearing Notice.  Pursuant to the Claims Objection

Procedures Order, the hearing on the City's Claims was adjourned to a future date.  On February

18, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the City's

Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.     Claimant's Burden Of Proof And Standard For Sufficiency Of Claim

       13.     The Reorganized Debtors respectfully submit that the Proofs of Claim fail

to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  The City has not proved any facts to support a right to

payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors'

objections to the City's Claims should be sustained with respect to such proofs of claim and the

City's Claims should be disallowed and expunged in their entirety.

       14.     The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim does not include sufficient factual support, such proof of claim

is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In

re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007)

(the claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

re Allegheny Intern., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered prima facie valid); In re United

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for to make prima facie case).

15.    For purposes of sufficiency, this Court has determined that the standard of

whether a Claimant has met its initial burden of proof to establish a claim should be similar to

the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012

and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim

which would entitle him to relief.'"  In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006)

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide

facts that sufficiently support a legal liability against the Debtors.

16.    This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount

of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a)

requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P.

3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.        Argument Regarding The City's Claims.

        17.        As the City acknowledged in the Response, the City and DAS LLC

entered into the Funding Agreement on May 6, 2008.  The Funding Agreement provided for

DAS LLC and the City to continue to perform and share the costs of the remediation required

under the 2000 Consent Order.  Additionally, the Funding Agreement states that it constitutes a

"complete satisfaction" of proofs of claim numbers 14825 and 14826 (i.e., the City's Claims).  A

copy of the Funding Agreement is attached hereto as Exhibit A and was also attached to the

Response.

        18.        Accordingly, the City and DAS LLC have already resolved any liability

that DAS LLC may owe to the City under the City's Claims and therefore the City's Claims

should be disallowed and expunged in their entirety.

        19.        The City has not proved any set of facts that support a right to payment

from the Reorganized Debtors.  Accordingly, the Reorganized Debtors assert that (a) the City has

not met its burden of proof to establish a claim against the Debtors, (b) the City's Claims are not

entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the

City's Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012

for future remediation costs.  Because the City cannot provide facts or law supporting their

claims, the Reorganized Debtors' Thirty-Eighth Omnibus Claims Objection should be sustained

as to the City's Claims and such claims should be disallowed and expunged in their entirety.

        WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the Reorganized Debtors' objection with respect to the City's Claims, (b)

7

disallowing and expunging each the City's Claims to the extent they seek recovery of future

remediation costs, and (c) granting such further and other relief this Court deems just and proper.


Dated:   New York, New York
         March 8, 2010

                                 SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM LLP


                                 By:   /s/ John Wm. Butler, Jr.
                                       John Wm. Butler, Jr.
                                       John K. Lyons
                                       Ron E. Meisler
                                 155 North Wacker Drive
                                 Chicago, Illinois 60606

                                       - and -


                                 By:   /s/ Kayalyn A. Marafioti
                                       Kayalyn A. Marafioti
                                 Four Times Square
                                 New York, New York 10036

                                 Attorneys for DPH Holdings Corp., et al.,
                                   Reorganized Debtors

**EXHIBIT A**

**Corrective Action Plan/Corrective Action Funding Agreement:**
**Mill Creek Site, Olathe, Kansas, dated May 6, 2008**



## CORRECTIVE ACTION PLAN/CORRECTIVE ACTION FUNDING AGREEMENT: MILL CREEK SITE, OLATHE, KANSAS

THIS AGREEMENT is entered into this 6th day of May, 2008, by and between the City of Olathe, Kansas ("City") and Delphi Automotive Systems LLC ("Delphi"). In this Agreement, City and Delphi may be individually referred to as "Party" and collectively as "Parties."

WHEREAS, the Kansas Department of Health and Environment ("KDHE") has requested that the City and Delphi implement a Corrective Action Plan/Corrective Action ("CAP/CA") as defined by the Amendment to Consent Order and its attachments to be executed by the KDHE and the Parties concerning the presence of waste at the Mill Creek Site in Olathe, Kansas (the "Site"); and

WHEREAS, the City currently owns and operates its City Service Center on at least a portion of the Site; and

WHEREAS, the City formerly operated a municipal landfill on at least a portion of the Site; and

WHEREAS, Delphi or its predecessors in interest may be the source of some contamination at the Site; and

WHEREAS, Delphi and City have agreed to work together to address KDHE's request and have selected Delphi to lead the project; and

WHEREAS, the Amendment to Consent Order is expected to bind City and Delphi to the terms and conditions of the Amendment to Consent Order; and

WHEREAS, on October 8, 2005, Delphi and Delphi Corporation filed voluntary petitions 05-44640 under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the Unites States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court"), and

WHEREAS, City has filed Proofs of Claim Nos. 14825 and 14826 against Delphi and Delphi Corporation asserting liability for costs of responding to environmental conditions at the Site addressed by the CAP/CA; and

WHEREAS, Delphi warrants and responds that it is authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, pursuant to that certain Amended and Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

NOW, THEREFORE, in consideration of the foregoing recitals which should be deemed to be a part of this agreement and the following promises and mutual covenants and agreements, the Parties hereby agree as follows:

1.      Pursuant to City's and Delphi's responsibilities under the anticipated Amendment to Consent Order, Delphi has engaged and is working with Burns & McDonnell Waste Consultants, Inc., to perform the CAP/CA. Delphi will share with City all relevant information regarding Burns & McDonnell's work. In addition, prior to the submission of Site-related documents to the KDHE, Delphi will give City a reasonable opportunity to review and comment upon such documents.

2.      Delphi will act as its own project manager for the CAP/CA at this Site. City will be consulted concerning all such work and must approve all contractors used by the Delphi to accomplish such CAP/CA, it being agreed that such approval will not be unreasonably withheld.

3.      City may, at its sole discretion, obtain split samples of any and all samples taken by Delphi and/or its contractors during the course of implementing the CAP/CA.

4.      In exchange for the above consideration, City will pay 50% of the cost of (1) the CAP/CA, and (2) KDHE's oversight costs paid pursuant to the Consent Order; Delphi will pay

50% of such costs. City's payments to Delphi for such costs shall be due 45 days after city receives an invoice from Delphi.

5.      City's obligations set forth in paragraph 4 shall be subject to the following conditions:

a.      City's share of KDHE's oversight costs shall not exceed $25,000.00 ("City Oversight Costs Cap") without City's written approval; and

b.      City's share of the cost of the CAP/CA activities, including preparation of the work plans and reports, shall not exceed $375,000.00 ("City CAP/CA Costs Cap") without City's written approval.

6.      The Parties acknowledge that KDHE reserves the right to request of City and Delphi that additional tasks be added to the Scope of Work required for the CAP/CA. The costs of such additional tasks shall be allocated between the Parties as set forth in paragraph 4 of this Agreement. No such additional work will be performed without written consensus and approval of City and Delphi.

7.      If Delphi or City anticipate that without City's written approval (1) City's share of KDHE's oversight costs will exceed the City Oversight Costs Cap; or (2) City's share of the cost of the work comprising the CAP/CA will exceed the City CAP/CA Costs Cap, Delphi and City shall jointly evaluate the situation, and shall use their best efforts to reach written consensus before performing any such work causing the City Oversight Costs Cap or the City CAP/CA Costs Cap to be exceeded.

8.      If one or both Parties are successful in establishing liability on, and collecting funds based on such liability with respect to this Site from a person not a party to this Agreement, any such recovery of funds shall be allocated between the Parties as is set forth in paragraph 4 of this Agreement, unless the Parties agree otherwise in writing, in which case the allocation of such recovery of funds shall be allocated according to such other written agreement.

9.      Notwithstanding any provision herein, the Parties recognize and agree that City's obligations shall be subject to the Kansas cash basis law (K.S.A. 10-1101 *et. seq.*) and budget law (K.S.A. 79-2925 *et. seq.*).

10.     The Parties agree that this Agreement is made in the spirit of compromise. Nothing in this Agreement shall be considered an admission of any fact or acknowledgment of any liability by any Party; and, nothing herein shall be binding or have any effect on the position of the Parties on any matter other than the Amendment to Consent Order that may be included in any other consent order.  This Agreement relates solely to the matters covered under the Amendment to Consent Order, and does not obligate either Party to participate in any other activity relating to the Site.

11.     If a court of competent jurisdiction adjudges any portion of this Agreement invalid, the remaining portions of this Agreement will remain valid.

12.     This Agreement constitutes the entire agreement between the Parties, and supersedes any previous agreements.  Any modification of this Agreement is not valid unless it is in writing and signed by both Parties.

13.     Each Party certifies that its signatory to this Agreement can validly bind that signatory's respective Party to all the terms and conditions of this Agreement.

14.     City acknowledges that Delphi's obligations under this Settlement Agreement, which shall survive the bankruptcy proceedings and bind the reorganized Delphi, constitute complete satisfaction of Proofs of Claims Nos. 14825 and 14826, which shall be disallowed and expunged pursuant to a joint stipulation and agreed order providing notice of this Settlement Agreement to be filed by the Parties with the Delphi Bankruptcy Court, which satisfaction, disallowance, and expungement shall be effective when said agreed order is final and non-appealable.

WHEREFORE, the Parties enter into this Agreement effective the date set forth in the initial paragraph of this Agreement.

Agreed to for and on behalf of
The City of Olathe, Kansas

By: _____

Title: _____Mayor_____

Date: _____5/6/08_____

Agreed to for an on behalf of
Delphi Automotive Systems LLC

By: _____

Title: DIRECTOR, ENVIRONMENTAL SERVICES

Date: 9 APRIL 2008