**Hearing Date and Time:  March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  March 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                       :
     In re                            :     Chapter 11
                                         :
DPH HOLDINGS CORP., et al.,       :     Case Number 05-44481 (RDD)
                                         :
                                       :     (Jointly Administered)
                                       :
           Reorganized Debtors.     :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOF OF CLAIM NO. 7054 FILED BY
JOYCE L. SKILLMAN, PROOF OF CLAIM NO. 9221 FILED BY AUDREY AMORT
CARBRERA, PROOF OF CLAIM NO. 10830 FILED BY SAUNDRA L. HAMLIN,
PROOF OF CLAIM NO. 11375 FILED BY JEFFREY A. MILLER, ADMINISTRATIVE
EXPENSE CLAIM NO. 16967 FILED BY DWIGHT L. GOODIN, ADMINISTRATIVE
EXPENSE CLAIM NO. 18614 FILED BY WILLIAM E. CROSS, AND ADMINISTRATIVE
<u>EXPENSE CLAIM NO. 19162 FILED BY SCOTT A. MCBAIN</u>

("SUPPLEMENTAL REPLY REGARDING CERTAIN PENSION AND BENEFIT CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof Of Claim No. 7054 Filed By Joyce L. Skillman, Proof Of Claim No. 9221 Filed By Audrey Amort Carbrera, Proof Of Claim No. 10830 Filed By Saundra L. Hamlin, Proof Of Claim No. 11375 Filed By Jeffrey A. Miller, Administrative Expense Claim No. 16967 Filed By Dwight L. Goodin, Administrative Expense Claim No. 18614 Filed By William E. Cross, And Administrative Expense Claim No. 19162 Filed By Scott A. McBain (the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825,

14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the

"Sufficiency Hearing Notice").

   4.  The Reorganized Debtors filed the Sufficiency Hearing Notice and are

filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting

to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6(a).

   5.  By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)

(the "Claims Objection Procedures Order") and the Ninth Supplemental Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 11, 2009 (Docket No.

19176), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on March 18,

2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each

proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and

whether each such proof of claim states a colorable claim against the asserted Debtor.

   6.  This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the

Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection

Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

Supplemental Reply, the Claimant shall file and serve its response no later than two business

days before the scheduled Sufficiency Hearing – i.e., by **March 16, 2010.**

B.      Relief Requested

        7.      By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging certain proofs of claim and administrative expense claims filed

by employees of the Debtors or a spouse of an employee of the Debtors asserting pension,

employment benefit, and other post-employment benefit ("OPEB") claims.

C.      Pension And Benefit Claims

        8.      During their review of the proofs of claim and administrative expense

claims filed in these cases, the Reorganized Debtors also determined that certain Proofs of Claim

assert liabilities or dollar amounts in connection with pension plans, employee benefit programs,

and/or OPEB that are not owing pursuant to the Reorganized Debtors' books and records.

Because the amounts asserted by these claimants are not owing by the Debtors, the Reorganized

Debtors believe that the parties asserting these proofs of claim are not creditors of the Debtors.

Accordingly, this Court should enter an order disallowing and expunging each of these proofs of

claim in their entirety.

D.      Pension And Benefit Claims Filed Against The Debtors

        9.      On May 30, 2006, Joyce L. Skillman, the former spouse of a former

salaried employee of the Debtors, filed proof of claim number 7054 against Delphi Corporation,

asserting $274,230.36 pursuant to a qualified domestic relations order (a "QDRO") entered in a

state court that provided that certain retirement benefits would be paid to Ms. Skillman.

        10.     On July 10, 2006, Audrey Amort Carbrera, the former spouse of a former

employee of the Debtors, filed proof of claim number 9221 against Delphi Corporation, asserting

a priority claim for child support and spousal support to be taken from her former spouse's

retirement benefits.

11.     On July 25, 2006, Saundra L. Hamlin, the former spouse of a former

salaried employee of the Debtors, filed proof of claim number 10830 against Delphi Corporation,

asserting an unliquidated claim pursuant to a qualified domestic relations order entered in a state

court that provided that certain retirement benefits would be paid to Ms. Hamlin.

12.     On July 27, 2006, Jeffrey A. Miller, a former salaried employee of the

Debtors, filed proof of claim number 11375 against Delphi Corporation, asserting a priority

claim in the amount of $37,000.00 plus stock pursuant to an incentive program.

13.     On June 29, 2009, Dwight L. Goodin, a former salaried employee of the

Debtors, filed administrative expense claim number 16967 against Delphi Corporation, asserting

retirement benefits and amounts allegedly owing in connection with the Debtors' Supplemental

Executive Retirement Program (the "SERP").

14.     On July 14, 2009, William E. Cross, a former salaried employee of the

Debtors, filed administrative expense claim number 18614 against Delphi Corporation, asserting

retirement, pension, and other post-employment benefit ("OPEB") claims allegedly owing

pursuant to a settlement agreement resolving Mr. Cross's wrongful discharge and age

discrimination lawsuit against Delphi Corporation and General Motors Corporation.

15.     On July 15, 2009, Scott A. McBain (together with Ms. Skillman, Ms.

Carbrera, Ms. Hamlin, Mr. Miller, Mr. Goodin, and Mr. Cross, the "Claimants"), a former

salaried employee of the Debtors, filed administrative expense claim number 19162 (together

with proofs of claim numbers 7054, 9221, 10830, and 11375 and administrative expense claim

numbers 16967 and 18614, the "Pension and Benefit Claims") against Delphi Corporation,

asserting $10,000.00 under a U.S. Executive Recognition and Retention Grant Agreement (the

"Executive Retention Agreement") between Mr. McBain and the Debtors, dated February 23,

2005.

16.     The Debtors' Objections To The Pension And Benefit Claims.  The

Debtors' Objections To The Pension And Benefit Claims.  On February 15, 2008, the Debtors

filed the Debtors' Twenty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R.

Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Claims Not

Reflected on Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To

Modification And Modified Claim Asserting Reclamation (Docket No. 12686) (the "Twenty-

Sixth Omnibus Claims Objection"), by which the Debtors objected to proof of claim number

9221 filed by Ms. Cabrera, on the grounds that this claim is a duplicate of another claim filed

against the Debtors, proof of claim number 16768.

17.     On October 15, 2009, the Debtors filed the Reorganized Debtors' Thirty-

Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I)

Modify And Allow Claim And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books

And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims

(Docket No. 18983) (the "Thirty-Sixth Omnibus Claims Objection"), by which the Debtors

objected to proofs of claim numbers 7054, 10830, and 11375 filed by Ms. Skillman, Ms. Hamlin,

and Mr. Miller, respectively, on the grounds that such claims assert pension and/or benefit

obligations not reflected on the Debtors' books and records and for which the Debtors are not

liable and, accordingly, sought an order disallowing and expunging those proofs of claim.

18.     On October 15, 2009, the Debtors filed the Reorganized Debtors' Thirty-

Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To

Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims,

(IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims,

And (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Omnibus Claims

Objection"), by which the Debtors objected to administrative expense claim numbers 16967,

18614, and 19162 filed by Mr. Goodin, Mr. Cross, and Mr. McBain, respectively, on the grounds

that such claims assert pension and/or benefit obligations not reflected on the Debtors' books and

records and for which the Debtors are not liable and, accordingly, sought an order disallowing

and expunging those proofs of claim.

19.    Responses To The Debtors' Objections.  On November 10, 2009, Ms.

Skillman filed a response to the Thirty-Sixth Omnibus Claims Objection (Docket No. 7054), in

which she asserts that her claim is not a pension claim, but a claim for benefits allegedly owing

to her pursuant to the QDRO she obtained.

20.    On March 17, 2008, Ms. Carbrera filed a response to the Twenty-Sixth

Omnibus Claims Objection (Docket no. 13131), asserting that she was not aware of proof of

claim number 16768, the duplicate claim referenced in the Debtors' objection.

21.    Ms. Hamlin served an undocketed response to the Thirty-Sixth Omnibus

Claims Objection, in which she asserts that the Debtors should be responsible for the pension

benefits she asserts in her claim by virtue of the QDRO she obtained.  A copy of Ms. Hamlin's

response is attached hereto as Exhibit A.

22.    On November 8, 2009, Mr. Miller served an undocketed response to the

Thirty-Sixth Omnibus Claims Objection, in which he asserts that he was told that he would

obtain bonuses during these chapter 11 cases and that he would have a job with "the new

Delphi."  Mr. Miller asserts that he is entitled to stock in the new company equal to the value of

7

what was not paid to him and states that he would accept a cash settlement of $81,575.00.  A copy of Mr. Miller's response is attached hereto as Exhibit B.

23.    On November 3, 2009, Mr. Goodin filed a response to the Thirty-Seventh Omnibus Claims Objection (Docket No. 19033), in which he asserts that if his claim is a duplicate of scheduled liability number 10416687 that has already been allowed, it should be disallowed but that the allowance of his scheduled liability should not be affected.

24.    On November 9, 2009, Mr. Cross filed a response to the Thirty-Seventh Omnibus Claims Objection (Docket No. 19070), in which he reiterates the argument made in his claim that he is entitled to receive retirement, pension, and OPEB payments pursuant to a settlement agreement resolving Mr. Cross's wrongful discharge and age discrimination lawsuit against Delphi Corporation and General Motors Corporation.

25.    On November 10, 2009, Mr. McBain filed a response to the Thirty-Seventh Omnibus Claims Objection (Docket No. 19069), in which he asserts that he is owed amounts pursuant to the Executive Retention Agreement.

26.    The Sufficiency Hearing Notice.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Pension and Benefit Claims was adjourned to a future date.  On February 18, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Pension and Benefit Claims, among other proofs of claim and administrative claims, scheduling the Sufficiency Hearing.

E.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

27.    The Reorganized Debtors respectfully submit that the Pension and Benefit Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly,

8

the Debtors' objections to each Pension and Benefit Claim should be sustained and each such

claim should be disallowed and expunged in its entirety.

        28.      The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim does not include sufficient factual support, such proof of claim

is not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In</u>

<u>re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007)

(the claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In</u>

<u>re Allegheny Intern., Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered <u>prima</u> <u>facie</u> valid); <u>In re United</u>

<u>Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make <u>prima</u> <u>facie</u> case).

        29.      For purposes of sufficiency, this Court has determined that the standard of

whether a claimant has met its initial burden of proof to establish a claim should be similar to the

standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and

9014.  <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007

Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it

plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

30.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

F.     Argument Regarding The Pension and Benefit Claims

31.     In their Proofs of Claim and responses to the Debtors' objection to those claims, the Claimants have not proved any set of facts that support a right to payment from the Reorganized Debtors or address the Debtors' arguments as set forth in the Twenty-Sixth Omnibus Claims Objection, the Thirty-Sixth Omnibus Claims Objection, and the Thirty-Seventh Omnibus Claims Objection supporting the Debtors' request for this Court to enter an order disallowing and expunging the Pension and Benefit Claims.

32.     As set forth in the Twenty-Sixth Omnibus Claims Objection, the Thirty-Sixth Omnibus Claims Objection, and the Thirty-Seventh Omnibus Claims Objection, proofs of claim asserting liabilities or dollar amounts in connection with the Delphi Hourly-Rate Employees Pension Plan, the Delphi Retirement Program for Salaried Employees, the Delphi Mechatronic Systems Retirement Program, the ASEC Manufacturing Retirement Program, the Packard-Hughes Interconnect Bargaining Retirement Plan, and the Packard-Hughes Interconnect

Non-Bargaining Retirement Plan (together, the "Pension Plans") are not enforceable against the

Debtors or property of the Debtors for the purposes of section 502(b)(1) of the Bankruptcy Code

because the Pension Plans are separate legal entities distinct from the Debtors' estates.  See In re

Springfield Furniture, Inc., 145 B.R. 520, 528 (Bankr. E.D. Va. 1992) (holding that defined

benefit pension plan and trust holding assets of plan are separate and distinct legal entities and

thus "the assets of the Trust (and Plan) are not assets of the [d]ebtors' bankruptcy estate").  The

Pension Plans – not the Debtors – are obligated to pay benefits to Pension Plan participants, so

any Claims arising from the Pension Plans must be asserted against the Pension Plans rather than

the Debtors.

33.    In addition, the Pension Plans were terminated by the Pension Benefit

Guaranty Corporation (the "PBGC") as of July 31, 2009.  Under the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301 et seq., the PBGC has

the sole and total right to recover against employers for pension plan underfunding and

participants have no right to make claims against their employers for benefits under terminated

plans.  See 29 U.S.C. § 1362; see also United Steelworkers of Amer. v. United Eng'g, Inc., 52

F.3d 1386, 1390 (6th Cir. 1995); Int'l Ass'n of Machinists & Aerospace Workers v. Rome Cable

Corp., 810 F. Supp. 402 (N.D.N.Y. 1993); In re Adams Hard Facing Co., 129 B.R. 662 (W.D.

Okla. 1991); In re Lineal Group, Inc., 226 B.R. 608 (Bankr. M.D. Tenn. 1998).

34.    Argument Regarding Pension And Benefit Claims Asserting Claims For

Salaried OPEB.  The Proofs of Claim should be disallowed and expunged to the extent they

assert liabilities or dollar amounts on account of salaried OPEB, as this Court has previously

determined that the Debtors' Salaried OPEB was not vested and was provided on an at will basis.

See Final Order Under 11 U.S.C. §§ 105, 363 (b)(1), 1108, And 1114 (d) (I) Confirming

Debtors' Authority to Terminate Employer-Paid Post-Retirement Health Care Benefits And
Employer-Paid Post-Retirement Life Insurance Benefits For Certain (a) Salaried Employees And
(b) Retirees And Their Surviving Spouses And (II) Amending Scope And Establishing Deadline
For Completion Of Retirees' Committee's Responsibilities, dated March 11, 2009 (Docket No.
16448).

35.    The cancellation of a benefit provided on an at will basis does not give rise
to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no
"right to payment." See, e.g., In re Wellman, Inc., No. 08-10595, slip op. at 6 (Bankr. S.D.N.Y.
Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims for modified severance
benefits that exceeded amounts owed under amended severance plan, reasoning that because old
severance plan was terminable at will, claims under old severance plan were not enforceable); In
re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y. 1991) (noting that
terminating plans which are terminable at will gave rise to no claims whatsoever).

G.    Arguments Regarding Specific Claims

36.    Joyce L. Skillman (Proof of Claim No. 7054) And Saundra L. Hamlin
(Proof of Claim No. 10830).  The assertions of Ms. Skillman and Ms. Hamlin that their claims
are valid because they arise pursuant to a QDRO rather than the Pension Plans are in error.  A
QDRO is a domestic relations order that creates or recognizes the existence of an alternate
payee's right to receive, or assigns to an alternate payee the right to receive, all or a portion of the
benefits payable with respect to a participant under a retirement plan.  See 29 U.S.C. §
1056(d)(3)(B)(i); 26 U.S.C. § 414(p)(1)(A).  As described above, participants in the Pension
Plans have no right to make claims against their employers for benefits under terminated plans.
Accordingly, individuals who are alternate payees pursuant to a QDRO do not have such rights
either.

12

37.    <u>Audrey Amort Carbrera (Proof of Claim No. 9221)</u>.  Similarly, Ms. Carbrera is not entitled to make a claim against the Debtors because of her former spouse's retirement benefits, as her spouse no longer has a claim against the Debtors for those benefits.[1]

38.    <u>Jeffrey A. Miller (Proof of Claim No. 11375)</u>.  Mr. Miller's assertion that he is entitled to a grant of stock should be denied because his claim is not sufficiently documented.  Mr. Miller merely stated that he has a claim but did not include any explanation or provide any proof with respect to his claim.  Because of Mr. Miller's failure to provide sufficient documentation to permit an understanding of the basis for his claims, such claims do not make out a <u>prima</u> <u>facie</u> case against the Debtors.

39.    <u>Dwight L. Goodin (Administrative Expense Claim No. 16967)</u>.  Mr. Goodin's administrative expense claim number 16967 is a duplicate of his scheduled liability number 10416687, which was allowed as a general unsecured claim in the amount of $409,200.79 pursuant to Joint Stipulation And Agreed Order (I) Compromising And Allowing Proofs Of Claim Filed By Certain Retirees And Related Claimants And (II) Disallowing and Expunging Other Proof Of Claim Filed By Certain Retirees And Related Claimants (Dwight L. Goodin And Spouse) entered February 4, 2008 (Docket No. 12488).  Accordingly, administrative expense claim number 16967 should be disallowed and expunged as a duplicate claim.[2]

40.    <u>William E. Cross (Administrative Claim No. 18614)</u>.  Mr. Cross's assertion that he is entitled to continue receiving pension, benefit, and OPEB payments pursuant to his settlement agreement is without merit.  As stated above, those pension and benefit plans

---

[1]    Although the Debtors objected to Ms. Carbrera's claim because it is a duplicate claim, the Reorganized Debtors request that her claim be disallowed and expunged on the grounds set forth herein.

[2]    Although the Reorganized Debtors objected to Mr. Goodin's claim because it is a claim asserting pension and other benefits for which they are not liable, the Reorganized Debtors request that his claim be disallowed and expunged on the grounds set forth herein.

were terminated with respect to all employees.  Mr. Cross is not exempted from the orders of this

Court authorizing those terminations by virtue of his settlement agreement.

41.    <u>Scott A. McBain (Administrative Claim No. 19162)</u>.  Mr. McBain's

assertion that he is entitled to payment under his Executive Retention Agreement is in error

because by participating in the Key Executive Compensation Program authorized by this Court

pursuant to Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Implement A

Short-Term Annual Incentive Program (Docket No. 2441)., Mr. McBain signed a waiver on

February 28, 2006 waiving all claims arising from the Executive Retention Agreement.  A copy

of this waiver is attached hereto as <u>Exhibit C</u>.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objections with respect to the Pension and Benefit Claims, (b)

disallowing and expunging each Pension and Benefit Claim in its entirety, and (c) granting such

further and other relief this Court deems just and proper.


Dated:      New York, New York
            March 8, 2010

                                          SKADDEN, ARPS, SLATE, MEAGHER
                                             & FLOM LLP

                                          By:   John Wm. Butler, Jr.
                                                John Wm. Butler, Jr.
                                                John K. Lyons
                                                Ron E. Meisler
                                          155 North Wacker Drive
                                          Chicago, Illinois 60606

                                                - and -

                                          By:   Kayalyn A. Marafioti
                                                Kayalyn A. Marafioti
                                          Four Times Square
                                          New York, New York 10036

                                          Attorneys for DPH Holdings Corp., et al.,
                                             Reorganized Debtors

**EXHIBIT A**

Regarding #36 and #37

RECEIVED
BY MAIL ☐
BY HAND ☐

NOV 1 8 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM

I object – The company should be responsible
for holding up their part of agreement with
their employees, ex-employees, ex spouses, and spouses,
for the pension and benefits.

Date filed – 7/25/06

# 10830

Basis for Objection

Pension, Benefits
and OPEB Claims

SANDRA HAMLIN
505 UNGER AVE
ENGLEWOOD, OHIO
45322

9372381838

The Claim identified as having a Basis for Objection of "Modified And Allowed Claim" is a claim that overstates the dollar amount owed.

Claims identified as having a Basis for Objection of "Duplicate SERP Claims" are duplicates of other claims.

Claims identified as having a Basis for Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Claims identified as having a Basis for Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206).

Claims identified as having a Basis for Objection of "Pension, Benefit, And OPEB Claims" are those Claims for which the Reorganized Debtors are not liable.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 07/25/06 | 10830 | $0.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |

If you wish to view the complete exhibits to the Thirty-Sixth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Thirty-Sixth Omnibus Claims Objection to your Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

**EXHIBIT B**

The Claim identified as having a Basis for Objection of "Modified And Allowed Claim" is a claim that overstates the dollar amount owed.

Claims identified as having a Basis for Objection of "Duplicate SERP Claims" are duplicates of other claims.

Claims identified as having a Basis for Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Claims identified as having a Basis for Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206).

Claims identified as having a Basis for Objection of "Pension, Benefit, And OPEB Claims" are those Claims for which the Reorganized Debtors are not liable.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 07/27/06 | 11375 | $74,000.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |

If you wish to view the complete exhibits to the Thirty-Sixth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Thirty-Sixth Omnibus Claims Objection to your Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton).  Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A

---

1      Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

RECEIVED
☒ BY MAIL    ☐ BY HAND

NOV 1 2 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM

To: Honorable Robert Drain, United States Bankruptcy Judge

Claimant: Jeffrey Allen Miller

Claim Description:
1. Loss of stock grants 8,915 with a stock price of $5 at time of filing
2. Jan-June 2006 KECP bonus of $37,000 not paid
3. Stock options 17,546 never exercised

Reason claim should not be disallowed:

I was asked to go to Delphi's worst performing plant (Dayton, Ohio Moraine) in 2004 that was losing ($180M) a year. In one year that I provided operational leadership the losses in the plant were cut in half. The incentive and long term compensation that were promised were never paid.
However, believing that my employer would make good on its financial promises to me, I was severely disadvantaged during divorce proceedings in the same time period.
As part of the divorce the stock grants and stock options were used in the settlement, causing me to have full obligation for college tuition for the three children.

Additionally, I was an executive with the AHG (Automotive Holdings Group) which was tasked to sell or close all North American operations. As an executive member I was told:
- Bonuses would be paid during chapter 11 process for retention
- A letter signed by Sr. VP Mark Webber stating that I had a job in the new Delphi

Therefore, I believe verbal and written commitments were made and used in other legal proceedings. Thus, I am entitled to stock in the new company equal to the value of what was not paid to me. A cash settlement is equally acceptable in the amount of $81,575.00.

I ask that you please give this serious consideration.

Jeffrey A. Miller
11/08/09

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Jeffrey A. Miller | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br><br>Jeffrey A. Miller<br>19145 Mill Grove Dr.<br>Noblesville, IN 46062 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number: | THIS SPACE IS FOR COURT USE ONLY |

| | |
|---|---|
| Account or other number by which creditor identifies debtor: | Check here ☐ replaces a previously filed claim, dated:_____<br>if this claim ☐ amends |

**1. Basis for Claim**

☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: 0241
Unpaid compensation for services performed
from 1/12/1998 to 7/21/2006
(date)           (date)

**2. Date debt was incurred:** January 12, 1998 Through July 21, 2006

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ STOCK _____ $37,000 $37,000 + STOCK
(unsecured)   (secured)   (priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ NEW STOCK 28,061 SHARES   Insurance of
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 37,000
Specify the priority of the claim:
☑ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date<br><br>7-21-06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Jeffrey A. Miller |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Jeff:

Per our conversation, here are your current RSU balances - please note that dividedns will continue to accrue on the balance

The 2003 grant:
Current balance is 1,561
Will vest equally in 2006 and 2008

The 2004 grant:
Current balance is 3,722
Will vest equally in 2007, 2008, 2009

The 2005 grant:
Current balance is 3,632
Will vest equally in 2008, 2009, 2010

If you need anything else, please feel free to call

Regards,
Michelle

Michelle Swastek
Manager, Executive Compensation
Ph: 248-813-6065
Fax: 248-813-2523
e-mail: michelle.swastek@delphi.com

*TOTAL 8,915 RSU's*

*STOCK PRICE @ time of filing #5*

*$44,575*

*Delphi Document MAY 02, 2003 RSU stock price assumed at $10.00/share*

*$89,150.*

*8,182    8,915*

1

| CASH COMPENSATION | |
| --- | --- |
| Base Compensation | |
| Currency: US$ | |

| Base Compensation | |
| --- | --- |
| **Current Salary:** | **$143,808** |
| January - June 2006 Incentive Plan Award | |
| **Corporate Target:** | **$9,250** |
| **Division Target:** | **$9,250** |
| **Total 6-month AIP Target:** | **$18,500** |
| *Targets are shown at current band level; year-end targets are adjusted for promotions and transfers* | |

Incentive award targets represent the average award (consistent with competitive market practice by pay band) that an executive who substantially achieves individual performance objectives could expect to earn if the performance measurements were at 100% of targeted levels. Actual payouts vary based on actual results.

By participating in the Key Executive Compensation Program (KECP), the executive waives any and all of the executive claims arising from the 2005 Recognition and Retention Grant program.

This award is subject to the KECP Safe Harbor provision approved by the Court on February 10, 2006. The full provision is attached.

Acknowledged and agreed:

Date: 3-9-06

AHG - Division 200% 18,500
CORP           200% 18,500
                    _____
                    37,000



Corporate EBITDAR Matrix

Target EBITDAR: ($81 M) — Maximum EBITDAR: $340 M



AHG OIBITDAR Matrix

Target OIBITDAR: ($583.9 M) — Maximum OIBITDAR: ($555.6 M)

# Stock Option

## View Your Options Account                    JEFFREY MILLER

| Grant Listing | Transaction History | Order Summary | Tax Summary | Account Information | Your Portfolio |

View Options: [Option Summary ▼] [Go!]    Sort By: [Grant Date ▼] [Go!]

| Grant Date (mm/dd/yyyy) | Grant Type | Shares Granted | Grant Price | Shares Outstanding | Shares Exercisable | Expiration Date (mm/dd/yyyy) | |
|---|---|---|---|---|---|---|---|
| 01/12/1998 | NQ | 416 | $13.4500 | 416 | 416 | 01/14/2008 | Details |
| 01/11/1999 | NQ | 416 | $20.6400 | 416 | 416 | 01/13/2009 | Details |
| 02/05/1999 | NQ | 100 | $18.6600 | 100 | 100 | 02/06/2009 | Details |
| 01/07/2000 | NQ | 1,030 | $17.1300 | 1,030 | 1,030 | 01/08/2010 | Details |
| 01/02/2001 | NQ | 1,031 | $11.8800 | 1,031 | 1,031 | 01/03/2011 | Details |
| 01/02/2001 | ISO | 3,294 | $11.8800 | 3,294 | 3,294 | 01/01/2011 | Details |
| 01/02/2002 | ISO | 8,059 | $13.6000 | 8,059 | 8,059 | 01/01/2012 | Details |
| 04/24/2003 | ISO | 4,800 | $8.4300 | 4,800 | 3,200 | 04/23/2013 | Details |
| **Total** | | 19,146 | | 19,146 | 17,546 | | |

---

View Your Account Documents

Click here to view your account documents online. Please note that documents are only available online if your company has elected to use this feature. Therefore, if you participate in multiple companies' plans, you will only have access to the documents of the companies that have elected this feature.

---

The expiration date noted above is the date your Company has provided SB as the last day in which you may exercise your stock options. In order to exercise your stock options prior to expiration, SB must enter your order prior to the close of the U.S. market ("Market") on which your Company's stock trades (The NASDAQ, NYSE and AMEX hours are currently 9:30 am to 4:00 pm ET). Therefore, please leave enough time for (i) you to contact SB, (ii) you to provide SB with appropriate instructions and (iii) SB to process the trade. If your expiration date falls on a day the Market is closed, you must exercise before the expiration day and on a day in which the Market is open.

Please note: Your order (whether a market order or limit order) will be filled in accordance with the priority rules of the appropriate market. Therefore, there is no guarantee that your order will be filled. Please reference the specifics of market and limit orders to determine which is appropriate for you.

**Option Summary View**

The grant listing option summary is a concise report that displays the date, type, grant price and number of stock options that have been granted to you as well as the portion of your stock options that are exercisable and outstanding. This quantity of shares outstanding may include unvested shares plus vested shares that have not been exercised as well as the date these shares expire if they are not exercised. The quantity of shares exercisable displays the number of vested stock options currently available to be exercised. These values will increase every time a grant becomes vested or an open order is cancelled. The values are decreased when an order is placed and option is exercised. You have the ability to customize the

**EXHIBIT C**

# DELPHI

PERSONAL & CONFIDENTIAL

Compensation Summary Statement for:

### Scott McBain
### ATTORNEY

| Band: | B |
|---|---|
| Currency: | US$ |

| CASH COMPENSATION | |
|---|---|
| **Base Compensation** | |
| Current Salary: | ▓▓▓▓▓ |
| **January - June 2006 Incentive Plan Award** | |
| 6-month AIP Target: | ▓▓▓ |

*Targets are shown at current band level; year-end targets are adjusted for promotions and transfers*

Incentive award targets represent the average award (consistent with competitive market practice by pay band) that an executive who substantially achieves individual performance objectives could expect to earn if the performance measurements were at 100% of targeted levels. Actual payouts vary based on actual results.

By participating in the Key Executive Compensation Program (KECP), the executive waives any and all of the executive claims arising from the 2005 Recognition and Retention Grant program.

This award is subject to the KECP Safe Harbor provision approved by the Court on February 10, 2006. The full provision is attached.

Acknowledged and agreed:

Date: 02/22/2006

Corporate EBITDAR Matrix



**Target EBITDAR:**     **Maximum EBITDAR:**
($81 M)                  $340 M