**Hearing Date and Time:  March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  March 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                               :    Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :    Case Number 05-44481 (RDD)
                                        :
                                        :    (Jointly Administered)
        Reorganized Debtors.            :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 6991
FILED BY FHBC AMERICA, INC. AND SUBSEQUENTLY TRANSFERRED
TO CONTRARIAN FUNDS LLC

("SUPPLEMENTAL REPLY REGARDING DUPLICATE CLAIM")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimant To Debtors' Objection To Proof Of Claim No. 6991 Filed By FHBC America, Inc. And Subsequently Transferred To Contrarian Funds LLC (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1.  On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.  On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

4.  The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting

2

to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

        5.        By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Ninth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 11, 2009 (Docket No. 19176), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

        6.        This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **March 16, 2010.**</u>

B.       <u>Relief Requested</u>

        7.        By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging a proof of claim as a duplicate of another claim filed against the Debtors in these cases.

    C.    <u>Duplicate Claim Filed Against The Debtors</u>

        8.    During their review of the proofs of claim filed in these cases, the Reorganized Debtors also determined that a certain proof of claim is a duplicate of another claim filed in these cases, asserting the same liability. It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor. Accordingly, this Court should enter an order disallowing and expunging the duplicate proof of claim in its entirety.

        9.    On May 30, 2006, FHBC America, Inc. filed proof of claim number 6991 against Delphi Corporation, asserting $168,862.08 for goods sold. On November 9, 2006, this claim was transferred to Contrarian Funds, LLC ("Contrarian") pursuant to the Amended Notice Of Transfer For Contrarian Funds, LLC Re: FHBC America Inc. (Docket No. 5516).

        10.    <u>The Debtors' Objection To Proof of Claim Number 6991</u>. On February 15, 2007, the Debtors objected to proof of claim number 6991 on the Debtors' Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims (Docket No. 6962) (the "Eighth Omnibus Claims Objection"), by which the Debtors objected to that proof of claim on the grounds that such claim is duplicative of another claim.

        11.    <u>Response To The Debtors' Objection</u>. On March 15, 2007, Contrarian filed a response to the Eighth Omnibus Claims Objection (Docket No. 7276), in which it asserted that it would consent to the disallowance of proof of claim number 6991 as a duplicate claim if the Debtors recognized that Contrarian was the legal and beneficial owner of proof of claim number 16386.

        12.    <u>The Sufficiency Hearing Notice</u>. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to proof of claim number 6991 was

adjourned to a future date.  On February 18, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to proof of claim number 6991, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.

D.     Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

13.    The Reorganized Debtors respectfully submit that proof of claim number 6991 fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Contrarian has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to proof of claim number 6991 should be sustained and such claim should be disallowed and expunged in its entirety.

14.    The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

5

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

15. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant "can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

16. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

17. Disallowance Of Duplicate Claim. On October 17, 2008 the Debtors objected to the duplicate claim, proof of claim number 16386, on the Debtors' Thirty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Untimely Equity Claim, (B) Books And Records Claim That Is Subject To Prior Order, (C) Untimely Books And Records Claims, (D) Books And Records Tax Claim That Is Subject To

Prior Order, (E) Untimely Claims, And (F) Modified Claims Asserting Reclamation That Are Subject To Prior Orders (Docket No. 14349) (the "Thirty-First Omnibus Claims Objection"), seeking entry of an order disallowing that claim on the grounds that it had been fully satisfied by cure payments made following an asset divestiture by the Debtors.  No response was filed, so pursuant to the order on the Thirty-First Omnibus Claims Objection, entered November 24, 2008 (Docket No. 14489), proof of claim number 16386 was disallowed and expunged.  Because proofs of claim number 6991 and 16386 assert the same liabilities and proof of claim number 16386 has been disallowed and expunged, proof of claim number 6991 should also be disallowed and expunged as well.

    18.  Accordingly, the Reorganized Debtors assert that (a) Contrarian has not met its burden of proof to establish a claim against or interest in the Debtors, (b) proof of claim number 6991 is not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) proof of claim number 6991 fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because Contrarian cannot provide facts or law supporting their claims, the Eighth Omnibus Claims Objection should be sustained as to proof of claim numbers 6991 and such claim should be disallowed and expunged in its entirety.

    WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to proof of claim number 6991, (b) disallowing and expunging proof of claim number 6991 in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
March 8, 2010

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                    By:  John Wm. Butler, Jr.
                         John Wm. Butler, Jr.
                         John K. Lyons
                         Ron E. Meisler
                    155 North Wacker Drive
                    Chicago, Illinois 60606

                        - and -

                    By:  Kayalyn A. Marafioti
                         Kayalyn A. Marafioti
                    Four Times Square
                    New York, New York 10036

                    Attorneys for DPH Holdings Corp., et al.,
                       Reorganized Debtors