**Hearing Date and Time:  March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  March 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
    In re                                 :   Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :   Case Number 05-44481 (RDD)
                                                          :
                                                          :   (Jointly Administered)
        Reorganized Debtors.   :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOF OF CLAIM
NO. 11911 FILED BY MICHAEL POTTER AND ADMINISTRATIVE
EXPENSE CLAIM NO. 18603 FILED BY LANCE W. WEBER

("SUPPLEMENTAL REPLY REGARDING CERTAIN EQUITY CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof Of Claim No. 11911 Filed By Michael Potter And Administrative Expense Claim No. 18603 Filed By Lance W. Weber (the "Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors.

3.    On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

2

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6(a).

    5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Ninth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 11, 2009 (Docket No. 19176), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on March 18, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

    6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **March 16, 2010.**</u>

B. <u>Relief Requested</u>

    7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging a certain proof of claim and a certain administrative expense

3

claim asserting equity interests in the Debtors and claims for losses in value of securities in the Debtors.

C.    <u>Equity Claims Filed Against The Debtors</u>

8.    During their review of the proofs of claim and administrative expense claims filed in these cases, the Reorganized Debtors also determined that a certain proof of claim and a certain administrative expense claim assert liabilities or dollar amounts in connection with the claimant's alleged ownership of equity in the Debtors and the purported loss of value of that equity. Because the amounts asserted by these claimants are not owing by the Debtors, the Reorganized Debtors believe that the parties asserting these claims are not creditors of the Debtors. Accordingly, this Court should enter an order disallowing and expunging each of these claims in their entirety.

9.    On July 28, 2006, Michael Potter filed proof of claim number 11911 against Delphi Corporation, asserting $8,408.00 based on the alleged loss in value of stock in Delphi Corporation owned by Mr. Potter.

10.    On July 14, 2009, Lance W. Weber (together with Mr. Potter, the "Claimants") filed administrative expense claim number 18603 (together with proof of claim number 11911, the "Equity Claims"), asserting an administrative expense claim in the amount of $14,030.00 on account of equity interests in the Debtors.

11.    <u>The Debtors' Objections To The Equity Claims</u>. On November 2, 2006, the Debtors objected to Mr. Potter's proof of claim number 11911 on the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No.

4

5452) (the "Third Omnibus Claims Objection") as an unsubstantiated claim and sought entry of an order disallowing and expunging such claim.

12. On November 6, 2009, the Debtors filed the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims  (Docket No. 19044) (the "Thirty-Eighth Omnibus Claims Objection"), by which the Debtors objected to administrative expense claim number 18603 filed by Mr. Weber as an equity interests not asserting claims against the Debtors and sought entry of an order disallowing and expunging such administrative expense claim.

13. <u>Responses To The Debtors' Objections</u>.  On November 27, 2006, Mr. Potter filed a response to the Third Omnibus Claims Objection (Docket No. 5927), in which he asserted that all of the Debtors' "holdings worldwide" be included in their net worth.

14. On November 30, 2009, Mr. Weber filed a response to the Thirty-Eighth Omnibus Claims Objection (Docket No. 19149), in which he asserts that he should be reimbursed for the amounts that he invested in the Debtors.

15. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Equity Claims was adjourned to a future date.  On February 18, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Equity Claims, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.

D. <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

16. The Reorganized Debtors respectfully submit that the Equity Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy

5

Procedure (the "Bankruptcy Rules").  The Claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each Equity Claim should be sustained and each such claim should be disallowed and expunged in its entirety.

17.    The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Intern., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

18.    For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and

6

9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

19. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.     Argument Regarding The Equity Claims

20. In their proof of claim and administrative expense claim, as the case may be, and responses to the Debtors' objections to those claims, the Claimants have not proved any set of facts that support a right to payment from the Reorganized Debtors or address the Debtors' arguments as set forth in the Third Omnibus Claims Objection and the Thirty-Eighth Omnibus Claims Objection supporting the Debtors' request for this Court to enter an order disallowing and expunging the Equity Claims.

21. On or prior to April 20, 2006, the Debtors caused Kurtzman Carson Consultants, the claims and noticing agent in these cases, to serve notice of the Bar Date (the "Bar Date Notice"), together with a proof of claim form, on, among others, holders of Delphi Corporation common stock to ensure that holders of stock who wished to assert claims against

7

any of the Debtors that were not based solely upon their ownership of Delphi Corporation common stock would be afforded the opportunity to file such claims in these cases. The ownership of Delphi Corporation common stock constitutes an equity interest in Delphi Corporation, but does not constitute a "claim" against the Debtors as such term is defined in section 101(5) of the Bankruptcy Code. Furthermore, as set forth in the Bar Date Notice that was approved by this Court, creditors and equity holders were notified that they were not required to file proofs of claim based exclusively on ownership interests in Delphi Corporation common stock.[1]

        22.     In addition, pursuant to section 1141(d) of the Bankruptcy Code, the distributions and rights that are provided in the Modified Plan are in complete satisfaction, discharge, and release of, among other things, interests in Delphi Corporation whether or not a proof of claim based upon such interest is filed. Finally, the Modification Approval Order is a judicial determination of the discharge of all interests in the Debtors.

F.        <u>Argument Regarding The Purported Loss Of Value</u>

        23.     The Claimants' claims arising from the purported loss of value of their equity interests are also without merit. The Claimants must allege some legal theory to support

---

[1] The Bar Date Order provides, in relevant part:

> Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:
>
> * * *
>
> (h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5 (emphasis added).

their claims for the loss of value of stock that they owned.  Those claims, however, are unsubstantiated and therefore should be disallowed.

24.     The Claimants appear to attempt to assert claims based on alleged securities fraud or some other cognizable common law fraud.  However, the Claimants failed to identify any particular claim or establish a sufficient legal or factual basis to support such a claim.[2]  The Claimants have not invoked Section 10(b) of the Exchange Act, Rule 10b-5, or any other legal basis for their purported claims. To establish such a claim, the Claimants would need to show, inter alia, that they were involved in the purchase or sale of a security and that the Debtors made an untrue statement of material fact.  See 17 C.F.R. § 240.10b-5.  The Claimants have not, however, alleged facts in their claims that, even when viewed in the light most favorable to the Claimants, would support a claim for securities fraud or any other cognizable common law fraud claim.  Indeed, some of the Claimants failed to allege, even generally, any purchase or sale of securities or any wrongdoing at all on the part of the Debtors.

25.     These Claimants hold nothing more than equity interests.  Accordingly, the Reorganized Debtors assert that the Claimants have not met their burden of proof to establish a claim against or interest in the Debtors, (b) the Equity Claims are not entitled to a presumption

---

[2]  Section 10(b) of the Exchange Act makes it unlawful for a person "[t]o use or employ in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). Rule 10b-5 implements Section 10(b) by making it unlawful for any person, in connection with the purchase or sale of a security, "to make any untrue statement of material fact or omit to state a material fact necessary in order to make the statements . . . not misleading." 17 C.F.R. § 240.10b-5. The Supreme Court has identified the basic elements of a securities fraud case:

(1) a material misrepresentation or omission,
(2) scienter, or a wrongful state of mind,
(3) a connection with the purchase or sale of a security,
(4) reliance,
(5) economic loss, and
(6) loss causation, i.e., a causal connection between the material misrepresentation and the loss.

Dura Pharm. v. Broudo, 544 U.S. 336, 341 (2005).

9

of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) each Equity Claim fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because the Claimants cannot provide facts or law supporting their claims, the Third Omnibus Claims Objection should be sustained as to proof of claim number 11911 and the Thirty-Eighth Omnibus Claims Objection should be sustained as to administrative expense claim number 18603 and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Equity Claims, (b) disallowing and expunging each Equity Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          March 8, 2010

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:   Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

10