*Hearing Date and Time: March 18, 2010 at 10 a.m.*
*Response Date and Time: March 11, 2010 at 4 p.m.*

FOX ROTHSCHILD LLP
Midtown Building, Suite 400
1301 Atlantic Avenue
Atlantic City, NJ  08401
Michael J. Viscount, Jr., Esquire
Joshua T. Klein, Esquire
(609) 348-4515

    -and-

100 Park Avenue @ East 40th Street
15th Floor
New York, NY 10017
Fred Stevens, Esquire
(212) 878-7905

Attorneys for M&Q Plastic Products L.P.

```
------------------------------------------------------- x
      In re                                             :    Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                                                        :    (Jointly Administered)
              Reorganized Debtors.                      :
-------------------------------------------------------x
```

## RESPONSE OF M&Q PLASTIC PRODUCTS L.P. TO FORTY-FOURTH OMNIBUS CLAIMS OBJECTION OF DPH HOLDINGS CORP.

    The M&Q Plastic Products L.P. (the "Respondent" or the "M&Q"), by and through its undersigned counsel, Fox Rothschild LLP, as and for its response to the Forty-Fourth Omnibus Claims Objection of the Reorganized Debtors (Docket No. 19395)(the "Subject Objection") and requesting that the Court overrule the Subject

AC1 900704v1 03/09/10

Objection as to the Respondent and the "Subject Claim" (identified herein), respectfully states as follows[1]:

## PRELIMINARY STATEMENT

The Respondent, M&Q, held a general unsecured claim that has been identified by the pre-confirmation Debtors[2] in this case as Claim No. 7547 (the "Subject Claim"). During a period of active claims trading before the world wide financial market collapse in 2008, M&Q sold the Subject Claim to Goldman Sachs Credit Partners L.P. ("Goldman") in 2006. The Debtors previously objected to the Subject Claim in 2007 in connection with the Twenty-First Omnibus Claims Objection filed by the Debtors in this case (Docket No. 9535) (the "2007 Claim Objection"). The Debtors' objection in 2007 was resolved by a written Settlement Agreement of April 30, 2008 (the "Claim Settlement Agreement") and memorialized in this case by the filing of a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 7547 (Goldman Sachs Credit Partners, L.P.) (Docket No. [13555] (the "Claim Stipulation" and together with the Claim Settlement Agreement herein referred to as the "Claim Settlement Documents" and the subject matter thereof herein referred to as the "2008 Claim Settlement") with each of M&Q, Goldman and the affected Debtors being a signatory thereto. Now, by way of the Subject Claim Objection, the Debtors seek to assert a further objection to the Subject Claim. This Response is filed to prevent the Debtors from

---

[1] M&Q has not actually been served or given notice of the objection by the Debtors filed on February 3, 2010, which itself should be sufficient basis to overrule the objection. Nonetheless, this Response is filed out of an abundance of caution to avoid unexpected prejudice to M&Q and Goldman.

[2] References herein to the "Debtors" shall include the pre-confirmation Debtors in possession, the Reorganized Debtors and specifically Delphi Automotive Systems LLC against whom the Subject Claim is asserted and allowed.

AC1 900704v1 03/09/10

obtaining the relief it requests as to the Subject Claim that has previously been fixed and allowed by the 2008 Claim Settlement.

By the Subject Objection it appears the Debtors seek to preserve disallowance rights under Bankruptcy Code Section 502(d) with respect to the Subject Claim now held by Goldman in the event of a possible future preference judgment against M&Q. Such a result is not supported by case law and would be unfair to both Goldman and M&Q, because it would run counter to the terms of the 2008 Claim Settlement. As will be shown, the Claim Stipulation dealt with the Debtors' set off rights when it allowed the Subject Claim in an amount certain. The only set off right preserved by the Debtors as to the Subject Claim relates to cure payments in connection with executory contract assumptions under Bankruptcy Code Section 365.

## BACKGROUND:

1. The Debtors filed Chapter 11 on various dates in October 2005, and sought to reorganize under a plan originally filed in December 2007 (the "Original Plan").

2. In the period prior to and shortly after the filing of the Original Plan until the time of the world wide financial system collapse in 2008, there was very active trading of general unsecured claims against the Debtors as financial institutions sought to position themselves and their clients to own the equity of the Debtors' business once it was reorganized.

3. M&Q was a supplier to the Debtors and the holder of a pre-petition unsecured claim without priority originally scheduled by the Debtors. M&Q filed a

proof of claim for $653,828.81, to which the Debtors assigned the designation of Claim No. 7547 (defined above as the "Subject Claim").

4. In or about August 2006, M&Q sold the Subject Claim to Goldman for a cash payment made in accordance with a certain Assignment of Claim Agreement dated July 20, 2006, and Notice of Transfer was given to the Debtors. A true copy of the Assignment of Claim Agreement and the Notice of Transfer are attached hereto and made a part hereof as Exhibit "A".

5. On September 27, 2007, the Debtors objected to the Subject Claim pursuant to their Twenty-First Omnibus Objection filed in this case (Docket No. 9535) (defined above as the "First Objection").

6. Goldman filed a response to the First Objection on October 18, 2007 (Docket No. 10646).

7. By a written Settlement Agreement of April 30, 2008 (defined above as the "Claim Settlement Agreement") thereafter memorialized by the filing of a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 7547 (Goldman Sachs Credit Partners, L.P.) (Docket No. [*] (defined above as the "Claim Stipulation" and together with the Claim Settlement Agreement herein called the "Claim Settlement Documents" and the subject matter thereof herein called the "2008 Claim Settlement") the First Objection was settled among each of M&Q, Goldman and the Debtors. True copies of the Claim Settlement Documents containing the signatures to evidence execution and delivery by each of M&Q, Goldman and the effective Debtors are attached hereto and made a part hereof as Exhibit "B".

8. Under the agreement and decretal terms of the Claim Stipulation, the Debtors party referred to therein as Delphi Automotive Systems LLC ("DAS LLC") stipulated and agreed in paragraph 1 that "[t]he Claim shall be allowed in the amount of $627,270.52 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC."

9. The Claim Stipulation also dealt with set off rights to be reserved by the Debtors, when it stipulated in paragraph 3 the agreement that:

> [w]ithout further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitle to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made <u>on account of the assumption, pursuant to section 365 of the Bankruptcy Code</u>, of an executory contract or unexpired lease to which M&Q is a party. (Emphasis added.)

10. Having already once objected and having entered into the 2008 Claim Settlement concerning the Subject Claim, the Debtors now again object by way of their Forty-Fourth Omnibus Objection. Here they are attempting to preserve a right of set off under Bankruptcy Code section 502(d) to recover against Goldman sums which might be due to the Debtors by M&Q if a future preference action results in a judgment that M&Q does not pay. The Court should not allow the relief requested by the Debtors as to M&Q or as to Claim No. 7547 held by Goldman or another transferee for two (2) reasons: (i) the Debtors have already stipulated and agreed that the Subject Claim is allowed in the specific amount with the only set off being one related to a cure amount due on the event of an assumption of executory contract under Bankruptcy Code section 365 (a "365 set off"), and (ii) the Bankruptcy Code does not permit a 502(d) disallowance set off against

a transferee for a personal obligation of the transferor in connection with the transferor's refusal to return a preference.[3]

## ARGUMENTS

*A. Debtor is Estopped from Asserting Further Objections to Claim 7547*

11.    The Debtors have already had their bite at the apple with respect to the Subject Claim which is now held by Goldman. The fact that there might be a later opportunity to assert a disallowance set off under Bankruptcy Code section 502(d) is not justification for a further objection to the claim after it has already been settled.

12.    Non-debtor parties must be entitled to some degree of finality in this case. It is bad enough that for well over two (2) years non-debtor parties like M&Q have had to sustain the burden of not knowing whether there will someday be a preference case to defend with all of the uncertainty and business disruption such an action will bring in a case of the magnitude of this one.  Having once gone through the claims objection and settlement process, the Debtors should not be permitted to do it again.

13.    The Debtors are party to the Settlement Agreement and the Stipulation from 2008.  The Claim Settlement Documents speak for themselves, and state clearly and unambiguously that the Subject Claim is allowed in a fixed amount with only one reservation relating to the 365 set off.

14.    It would be an abuse of the bankruptcy process to allow these Debtors to bring further objections to the Subject Claim having already placed the issues into

---

[3] In this instance, it is not even clear that the Debtor will have a disallowance setoff, because (i) no preference complaint has actually been served upon M&Q to date, and (ii) M&Q has strong defenses and expects to prevail if it is one of the creditors against which a preference action was filed under seal but not yet notice.

AC1 900704v1 03/09/10

controversy in a contested matter that was resolved in the manner that this one was resolve two (2) years ago.

> B. *The Bankruptcy Code Does Not Permit the Debtor to Assert Against an Innocent Claim Transferee the Personal Obligations of a Claim Transferor*

15.    It appears that the Debtors are attempting to obtain a comfort order to allow them to assert disallowance of claims against claim transferees like Goldman for the personal actions of claim transferors with whom the Debtors did business pre petition, and to preserve this right to be asserted after the February 3, 2010 deadline for claims objections. The Courts of this District have held that such an action is not permitted. *See In re Enron Corp. v. Springfield Associates , L.L.C.,* 379 B.R. 425, 436 (SDNY 2007) (the District Court held that disallowance was a personal disability of the transferor, rather than an attribute of the transferred claim, and will not transfer with the claim when it is sold).

16.    In *Enron*, like in this case, when the debtor was unable to reorganize and found itself in liquidation with little or no interest in preserving vendor or financial relationships, its lawyers set about to recover on avoidance actions and reduce the claim body to be paid. In the case of defendant Springfield Associates, it had purchased interests in claims arising from loans syndicated by Citibank and others who had provided financing to Enron in the lead up to its demise. When the debtor brought an adversary proceeding against the syndication lenders to equitably subordinate their claims and to avoid transfers made to them in connection with the loans at issue, the debtor also sued Springfield and others who had acquired claims from the lenders to likewise equitably subordinate the payment rights of the transferees and to assert disallowance

claims under Bankruptcy Code section 502(d).  When the Bankruptcy Court denied the dismissal motions of the transferees, the District Court heard their appeals on an interlocutory basis and reversed.  *Id*. 370 B.R. at 427-428.  As the District Court explained:

> I find that equitable subordination and disallowance are both personal disabilities that do not inhere in the claim.  Thus, unless there was a pure assignment (or other basis for the transferee to step in the shoes of the transferor),as opposed to a sale of the claim, the claim in the hands of the transferee is not subject to equitable subordination or disallowance basined solely on the conduct of the transferor.

*Id*. 370 B.R. at 439.

17. There can be no question that the instant situation involves a claim purchase by Goldman from M&Q, with no undertaking by Goldman to account for the personal actions of M&Q when it did business with the Debtors.  Thus, as was the case in *Enron,* if and when DPH pursues its preference action against M&Q and obtains a judgment of any amount (which from the stand point of M&Q is highly unlikely given its substantial ordinary course, new value and other defenses to any preference claim that may be asserted), the Debtors will have to recover from M&Q, not from Goldman the transferee.  Accordingly, the comfort order confirming a reservation of rights as requested by the Debtors as part of its Forty-Fourth Omnibus Objection should not be granted by the Court.

WHEREFORE, M&Q prays that the Court deny the request for relief made by the Reorganized Debtors through the Forty-Fourth Omnibus Objection to the extent of any

relief as the M&Q Products L.P., Goldman Sachs Credit Partners L.P. and Claim No. 7547, and grant such other and further relief as is just and appropriate.

                    Respectfully submitted,

                    FOX ROTHSCHILD LLP
                    Attorneys for M&Q Plastic Products L.P.

By: /s/ Fred Stevens, Esquire
    100 Park Avenue @ East 40th Street
    15th Floor
    New York, NY 10017

                    -and-

By: /s/ Michael J. Viscount, Jr., Esquire
    Midtown Building, Suite 400
    1301 Atlantic Avenue
    Atlantic City, NJ  08401

March 10, 2010

AC1 900704v1 03/09/10