TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut (AT-9759)
Neil Berger (NB-3599)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :
                                                    :    Chapter 11
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 [RDD]
                                                    :
                    Debtors.                        :    Jointly Administered
                                                    :
------------------------------------------------------------x

## JOINT STIPULATION AND AGREED ORDER COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 7547 (GOLDMAN SACHS CREDIT PARTNERS, L.P.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), and Goldman Sachs Credit Partners, L.P. ("GSCP") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 7547 (the "Stipulation") and agree and state as follows:

**WHEREAS**, on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, on or about June 6, 2006, M&Q Plastic Products, L.P. ("M&Q") filed proof of claim number 7547 against DAS LLC, asserting an unsecured non-priority claim in the amount of $653,828.81 (the "Claim"); and

WHEREAS, on or about August 1, 2006, M&Q transferred all of its right, title and interest in the Claim to GSCP; and

WHEREAS, on September 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection"); and

WHEREAS, on October 18, 2007, GSCP filed a Response to the Twenty-First Omnibus Claims Objection (Docket No. 10646) (the "Response"); and

WHEREAS, on April 30, 2008, to resolve the Twenty-First Omnibus Claims Objection with respect to the Claim, GSCP, GSCP's predecessor in interest, Delphi and DAS LLC entered into a settlement agreement (the "Settlement Agreement"); and

WHEREAS, pursuant to the Settlement Agreement, DAS LLC acknowledges and agrees that the Claim shall be allowed against DAS LLC in the amount of $627,270.51; and

WHEREAS, Delphi and DAS LLC are authorized to enter into the Settlement Agreement either because the Claim involves ordinary course controversies or pursuant to that certain Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of

2

Controversy And Allow Claims Without Further Court Approval (Docket No. 4414) entered by this Court on June 29, 2006.

NOW, THEREFORE, in consideration of the foregoing, the Debtors and GSCP stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $627,270.51 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC.

2. The Response is hereby withdrawn.

3. Without further order of the Court, DAS LLC is authorized to offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of

[Concluded on next page]

any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which M&Q is a party.

Dated: New York, New York
April 30, 2008

>DELPHI CORPORATION, et al.,
>Debtors and Debtors-in-Possession,
>By their Bankruptcy Conflicts Counsel,
>TOGUT, SEGAL & SEGAL LLP,
>By:
>
>_____
>NEIL BERGER (NB-3599)
>A Member of the Firm
>One Penn Plaza, Suite 3335
>New York, New York 10119
>(212) 594-5000

Dated: Boston, Massachusetts
April 30, 2008

>GOLDMAN SACHS CREDIT PARTNERS, L.P.
>By its Counsel,
>BROWN RUDNICK BERLACK ISRAELS LLP
>By:
>
>_____
>JESSICA M. PARIS
>One Financial Center
>Boston, MA 02111
>(617) 856-8274

## SO ORDERED

This ___ day of _____, 2008
in New York, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of April 30, 2008 (this "Settlement Agreement"), is entered into by and between M&Q Plastic Products, L.P. ("M&Q"), Goldman Sachs Credit Partners, L.P. as Assignee of M&Q Plastic Products, L.P. (the "Claimant"), Delphi Corporation ("Delphi"), and Delphi Automotive Systems LLC ("DAS LLC").

**RECITALS:**

WHEREAS, on October 8, 2005 (the "Petition Date"), Delphi, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court"); and

WHEREAS, on June 6, 2006, M&Q filed proof of claim number 7547 against DAS LLC, asserting an unsecured non-priority claim in the amount of $653,828.81 (the "Claim"), which included unpaid sums invoiced to Delphi Energy & Chassis Systems and Delphi Saginaw Systems; and

WHEREAS, on or about August 1, 2006, M&Q transferred all of its right, title and interest in the Claim to the Claimant; and

WHEREAS, on September 21, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection"); and

WHEREAS, on October 18, 2007, Claimant filed the Response of Goldman Sachs Credit Partners, L.P. To Debtors' Twenty-First Omnibus Objection (Docket No. 10646) (the "Response"); and

WHEREAS, to resolve the Twenty-First Omnibus Claims Objection with respect to the Claim, Delphi, DAS LLC, and Claimant have agreed to enter into this Settlement Agreement (the "Settlement Agreement"); and

WHEREAS, Delphi and DAS LLC are authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, either because the Claim involves ordinary course controversies or pursuant to that certain *Order Under 11 U.S.C. §§ 363, 502, and 503 and Fed. R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval* (Docket No. 4414) entered by the Delphi Bankruptcy Court on June 29, 2006.

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, Delphi, DAS LLC, Claimant and M&Q agree as follows:

1. <u>Allowed General Unsecured Non-Priority Claim and Waiver Of Rights</u>. Delphi and DAS LLC acknowledge and agree that the Claim shall be allowed against DAS LLC in the amount of Six Hundred Twenty-Seven Thousand Two Hundred Seventy Dollars and Fifty-One Cents ($627,270.51). The Claim shall be treated as a pre-petition general unsecured non-priority claim against DAS LLC and any and all distributions on account of it shall be made to Claimant. Claimant and M&Q, on their own behalf and on behalf of each of their predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and former, current, and future officers, directors, owners, employees, and agents of each of the foregoing (the "Releasing Parties"), hereby acknowledge that allowance of the Claim is in full satisfaction of the Claim and hereby waive any and all rights to assert that the Claim is anything but a pre-petition general unsecured non-priority claim against any or all of the Debtors. The Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of any kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim and which the Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Petition Date relating to the Claim. The foregoing release and waiver by the Releasing Parties does not impact, alter or affect any other proofs of claim that Claimant or M&Q have filed or own against the Debtors, and relates solely to matters arising out of or related to the Claim. DAS LLC will offset or reduce the Claim for purposes of distribution to holders of allowed claims entitled to receive distributions under any plan of reorganization of the Debtors by the amount of any cure payments made on account of the assumption, pursuant to section 365 of the Bankruptcy Code, of an executory contract or unexpired lease to which M&Q is a party.

2. <u>Withdrawal of Response</u>. Claimant agrees the Response shall be deemed withdrawn.

3. <u>Governing Law</u>. This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

4. <u>Representations and Warranties</u>. The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Agreement.

5. <u>Entire Understanding</u>. This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof. This Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and Claimant.

6. <u>No Party Deemed Drafter</u>. This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by

counsel, and has been reviewed by Claimant and its counsel. Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

7. <u>Counterparts</u>. This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Agreement.

**Accepted and agreed to by:**

**Delphi Automotive Systems LLC**
By: *[signature]*
Name: Dean R. Unrue
Title: Delphi Claims Administrator
Dated: April 30 2008

**Delphi Corporation**
By: *[signature]*
Name: Dean R. Unrue
Title: Delphi Claims Administrator
Dated: April 30 2008

**Goldman Sachs Credit Partners, L.P.**
By: *[signature]*
Name: Mark DeNatale
Title: Authorized Signatory
Dated: April __, 2008

**M&Q Plastic Products, L.P.**
By: _____
Name:
Title:
Dated: April __, 2008

counsel, and has been reviewed by Claimant and its counsel. Therefore, any ambiguous language in this Settlement Agreement will not be construed against any particular party as the drafter of such language.

7. <u>Counterparts</u>. This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Agreement.

**Accepted and agreed to by:**

**Delphi Automotive Systems LLC**

By:_____
Name:  Dean R. Unrue
Title:   Delphi Claims Administrator
Dated: April __, 2008

**Delphi Corporation**

By:_____
Name:  Dean R. Unrue
Title:   Delphi Claims Administrator
Dated: April __, 2008

**Goldman Sachs Credit Partners, L.P.**

By:_____
Name:
Title:
Dated: April __, 2008

**M&Q Plastic Products, L.P.**

By: _/s/ Sean Cleary_
Name: Sean Cleary
Title: CFO
Dated: April 15, 2008