**Hearing Date and Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

WARNER NORCROSS & JUDD
2000 Town Center, Suite 2700
Southfield, MI 48075
Telephone: 248-784-5131
Facsimile: 248-603-9731
mcruse@wnj.com

Michael G. Cruse
(Admitted *Pro Hac Vice*)

Attorneys for NGK Automotive Ceramics USA, Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

## NGK AUTOMOTIVE CERAMICS USA, INC.'S RESPONSE TO REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION

NGK Automotive Ceramics USA, Inc. ("**NGK**") by and through its counsel, Warner Norcross & Judd LLP, files this Response to Reorganized Debtors' Forty-Fourth Omnibus Objection (the "**44th Objection**"), and states as follows:

**<u>Background</u>**

1.    On October 8 and 14, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi**") and certain of its affiliates, including ASEC Sales General Partnership ("**ASEC**") (affiliates, ASEC and Delphi are collectively referred to herein as "**Debtors**") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Bankruptcy Code.

2.      On or about February 11, 2006, NGK filed a proof of claim in the ASEC

bankruptcy, Case No. 05-44484 in the total amount of $3,608,175.78 (the "**ASEC Proof of**

**Claim**") which represented the amount of goods sold and delivered to ASEC.  $3,028,202.93 of

the ASEC Proof of Claim was listed as an unsecured claim and $579,972.85 was listed as a

priority claim.  The ASEC Proof of Claim is docketed as Claim Number 2071.

3.      On or about February 28, 2006, NGK sold to Longacre Master Fund, LTD. and

Longacre Capital Partners (QP), L.P. (collectively "**Longacre**") its interest in the ASEC Proof of

Claim.

4.      On or about June of 2007 Delphi and certain of its affiliates, including ASEC,

entered into a Master Sale and Purchase Agreement with Umicore and certain of its affiliates for

the purchase of substantially all of the assets used in the catalyst business of Debtors, and

Debtors elected to assume and assign certain prepetition executory contracts and unexpired

leases related to the catalyst business.

5.       ASEC elected to assume Purchase Order 50028, one of its contracts with NGK,

and in conjunction with such assumption, paid Longacre a cure payment in the amount

$2,914,235.42.  (See Notice of Cure Amount with Respect to Executory Contract or Unexpired

Lease to Be Assumed and Assigned in Connection with the Sale of Catalyst Business, dated July

5, 2007 and attached as **Exhibit 1**).

6.      On or about October 26, 2007 the Debtors filed their Twenty-Second Omnibus

Objection (the "**22nd Objection**").  Exhibit F-5 of the 22nd Objection listed claims that the

Debtor believed needed to be modified in order to assert a properly classified claim and claim

amount.

7.      The ASEC Proof of Claim was listed in Exhibit F-5 of the 22nd Objection and modified the ASEC Proof of Claim by reducing the amount of the priority claim to $425,192.03, and by reducing the unsecured claim to $268,748.33, for a total claim of $693,940.36 (the "**Modified ASEC Claim**").  These amounts were modified to account for the $2,914,235.42 cure amount paid to Longacre.

8.      The 22nd Objection Order was entered on or about November 29, 2009, modifying the ASEC Proof of Claim to the amounts described in paragraph 7 herein.  (See Docket No. 11169).

9.      On or about February 3, 2010, the Debtors filed their 44th Objection seeking to disallow the ASEC Proof of Claim on the ground that NGK is a defendant in an avoidance action arising under 11 U.S.C. § 547 and that the ASEC Proof of Claim is potentially subject to disallowance pursuant to 11 U.S.C. § 502(d).

10.     NGK objects to the relief requested in the 44th Objection for the following reasons:

        (a)     The asserted claim amount in the 44th Objection is incorrect and does not take into account the fact that the ASEC Proof of Claim has been modified;

        (b)     $425,192.03 of the Modified ASEC Claim is an administrative expense claim under 11 U.S.C. § 503(b) and cannot be disallowed under 11 U.S.C. § 502(d);

        (c)     The $268,748.33 unsecured amount of the Modified ASEC Claim cannot be disallowed because NGK has not been served with a copy of a Complaint alleging that it is liable for a preference claim, there has been no judicial determination that NGK is liable to Debtors for any alleged preferential transfers, and because NGK is not liable to Debtors for any alleged preferential transfers; and

3

(d)    The ASEC Proof of Claim was sold to Longacre and is therefore not subject to disallowance under 11 U.S.C. § 502(d).

**Amount of ASEC Proof of Claim Has Been Modified**

11.    Page 10 of Exhibit I attached to the 44th Objection lists Longacre's claim against ASEC in the amount of $3,608,176.78.

12.    However, based on this Court's 22nd Objection Order, the amount of the ASEC Proof of Claim has been modified because Longacre received $2,914,235.42 in cure payments. Accordingly, the claim was modified by reducing the amount of the priority claim to $425,192.03, and by reducing the unsecured claim to $268,748.33, for a total claim amount of $693,940.36   (See Docket No. 11169).

13.    The 44th Omnibus Objection therefore improperly lists the amount of the claim.

**$425,192.03 of the Modified ASEC Claim Cannot Be Disallowed**

14.    Pursuant to this Court's 22nd Objection Order, $425,129.03 of the Modified ASEC Claim is an administrative expense claim under 11 U.S.C. § 503(b).  (See Ex. 2).   This amount cannot be disallowed under 11 U.S.C. § 502(d).

15.    According to the Second Circuit Court of Appeals in *ASM Capital, LP v. Ames Department Stores, Inc.,* 582 F.3d 422, 432 (2nd Cir. 2009), "section 502(d) does not apply to administrative expenses under 503(b)."

16.    The *Ames* court held that "to construe § 502(d)'s disallowance as applicable to expenses allowable under § 503 – a section within its own scope, purpose and conditions – is to expand the scope of § 502(d)'s disallowance beyond its plain meaning."  *Id.* at 430, *citing Beasley Forest Products, Inc. v. Durango Ga. Paper Co. (In re Durango Ga. Paper Co),* 297 B.R. 326, 330 (Bankr. S.D. Ga. 2003).

17.    Therefore, because $425,129.03 of the Modified ASEC Claim is an administrative expense claim under section 503, it cannot be disallowed under 11 U.S.C. § 502(d) and Debtors' request for relief must be denied.

**There is No Judicial Determination Regarding NGK's Preference Liability and the 44th Objection is Therefore Premature**

18.    Upon information and belief, a Complaint seeking to recover alleged pre-petition preferential transfers made by Debtors to NGK (the "Complaint") was filed under seal with this Court during 2007.

19.    However, to date, NGK has not been served with a copy of the Complaint and has not been provided with a courtesy copy or summary of the allegations.

20.    The Modified ASEC Claim cannot be dismissed or allowed, in whole or in part, until there has been a determination of liability and an opportunity for compliance.

21.    The relief requested in the 44th Objection is, therefore, premature.

22.    In the event NGK has been sued under 11 U.S.C. § 547, the transfers cannot be avoided because (1) any payment received by NGK during the preference period was for payment of a debt incurred in the ordinary course of the Debtors' business and was made in the ordinary course of the Debtors' business or made according to ordinary business terms, and/or (2) the transfer was in exchange for new value. See 11 U.S.C. § 547(c)(2) and (c)(4). In addition, all payments received by NGK prior to the Petition Date associated with Purchase Order 50028 may not be recovered as a preference as they constitute part of the cure associated with the assumption and assignment referenced in Paragraph 5 herein.

23.    Therefore, because NGK has not been served with the Complaint, because there has been no judicial determination of NGK's liability, and because NGK has valid defenses to

any avoidance claims brought by Debtors, NGK respectfully requests that this Court deny the relief requested in the 44th Objection.

## ASEC Proof of Claim Was Sold to Longacre and Is Not Subject to Disallowance

24.    NGK sold its interest in the ASEC Proof of Claim to Longacre in February of 2006.

25.    As a result, Longacre is listed as the creditor on Exhibit I of the 44th Objection, and Longacre was paid the $2,914,235.42 cure amount when Debtors' assumed the NGK contract.

26.    Because the ASEC Proof of Claim was sold to Longacre, it cannot be disallowed under 11 U.S.C. § 502(d).  The Southern District of New York has held that "the plain language of section 502(d) focuses on the claimant as opposed to the claim and leads to the inexorable conclusion that disallowance is a personal disability of a claimant, and not an attribute of the claim."  *In re Enron Corp.*, 379 B.R. 425, 443 (S.D.N.Y. 2007).

27.    The *In re Enron Corp.* court stated that "[t]his result comports with one of the main purposes of section 502(d), namely to coerce the return of assets obtained by preferential transfer.  That purpose would not be served if a claim in the hands of a claimant could be disallowed even where that claimant never received the preference to begin with, and as a result, could not be coerced to return it."  *Id.*

28.    Here, the ASEC Proof of Claim was sold to Longacre, and it is undisputed that Longacre did not receive any preference payments.  Therefore, the ASEC Proof of Claim and/or Modified ASEC Claim cannot be disallowed under 11 U.S.C. § 502(d).

WHEREFORE, based on the foregoing, NGK respectfully requests that this Court enter an Order denying the relief requested against Longacre in the Claim Objection, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

WARNER NORCROSS & JUDD LLP

Date:  March 10, 2010                    BY:    /s/Michael G. Cruse
                                                     MICHAEL G. CRUSE (P38837)
                                                     Attorneys for NGK Automotive Ceramics
                                                     USA, Inc.
                                                     2000 Town Center, Suite 2700
                                                     Southfield, MI  48075
                                                     Telephone:  248-784-5131
                                                     Fax:  248-603-9731
                                                     Email:  mcruse@wnj.com

1765117

# EXHIBIT 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                          :

In re                     :   Chapter 11
                          :

DELPHI CORPORATION, et al.,  :   Case No. 05-44481 (RDD)
                          :

           Debtor.  :   (Jointly Administered)
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACT OR UNEXPIRED LEASE TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF CATALYST BUSINESS

PLEASE TAKE NOTICE THAT:

        1.      Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (i) Approving Bidding Procedures, (ii) Granting Certain Bid Protections, (iii)

Approving Form And Manner Of Sale Notices, And (iv) Setting A Sale Hearing (the

"Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") on June 29, 2007, Delphi Corporation

("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set

forth in the Agreement (the "Selling Debtor Entities")[1] have entered into a Master Sale And

Purchase Agreement ("Agreement") with Umicore and certain of its affiliates (the

"Purchasers") for the purchase of substantially all of the assets primarily used in the catalyst

business of Delphi.  The Selling Debtor Entities hereby provide notice (the "Notice") of their

intent to assume and assign the prepetition executory contracts or unexpired leases (the

"Assumed Contract") listed on Exhibit 1 hereto to the Purchaser or the Successful Bidder, as

the case may be.  Capitalized terms used but not otherwise defined in this notice have the

meanings ascribed to them in the Bidding Procedures Order.

   2.  On the date of the closing of the transactions contemplated by the

Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Selling

Debtor Entities will pay the amount the Selling Debtor Entities' records reflect is owing for

prepetition arrearages, if any, as set forth on Exhibit 1 hereto (the "Cure Amount").  The

Selling Debtor Entities' records reflect that all postpetition amounts owing under the

Assumed Contract have been paid and will continue to be paid until the assumption and

assignment of the Assumed Contract and that, other than the Cure Amount, there are no other

defaults under the Assumed Contract.

   3.  Objections, if any, to the proposed Cure Amount must (a) be in

writing, (b) state with specificity the cure asserted to be required, (c) include appropriate

documentation thereof, (d) conform to the Federal Rules of Bankruptcy Procedure, the Local

---

[1]  Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems
(Holding) Inc., Delphi Automotive Systems LLC, Exhaust Systems Corporation, Environmental
Catalysts, LLC, Delphi Technologies, Inc., ASEC Manufacturing General Partnership, and ASEC Sales
General Partnership.  Certain assets will be sold under the Agreement by non-debtor affiliates of the
Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the
selling non-Debtor affiliates are collectively referred to as the "Sellers."

2

Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under

11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014

Establishing (I) Omnibus Hearing Dates, (II) Certain Notice, Case Management, and

Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental

Case Management Order") and the Amended Eighth Supplemental Order Under 11 U.S.C. §§

102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus

Hearing Dates and Certain Notice, Case Management, and Administrative Procedures,

entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case

Management Order, the "Case Management Orders"), (e) be filed with the Bankruptcy Court

in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy

Court's case filing system must file electronically, and all other parties-in-interest must file on

a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format), (f) be submitted in hard-copy form directly to the

chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, and (g) be served in hard-copy form so that they are actually

received within ten days of service of this Notice upon (i) Delphi Automotive Systems LLC,

5725 Delphi Drive, Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725

Delphi Drive, Troy, Michigan 48098 (Att'n: Deputy General Counsel, Transactional &

Restructuring), (iii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333

West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John K. Lyons and Brian M.

Fern), (iv) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (v) counsel for the official committee of unsecured creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg

3

and Mark A. Broude), (vi) counsel for the official committee of equity security holders,
Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York
10004 (Att'n: Bonnie Steingart), (vii) counsel for the Purchasers, Goodwin Procter LLP, 901
New York Avenue, N.W., Washington, DC 20001 (Att'n: J. Hovey Kemp), and (viii) the
Office of the United States Trustee for the Southern District of New York, 33 Whitehall
Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

        4.      If an objection to the Cure Amount is timely filed and received, a
hearing with respect to the objection will be held before the Honorable Robert D. Drain,
United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of
New York, One Bowling Green, Room 610, New York, New York 10004, at such date and
time as the Court may schedule. A hearing regarding the Cure Amount, if any, may be
continued at the sole discretion of the Selling Debtor Entities until after the Closing Date.

        5.      If no objection is timely received, the Cure Amount set forth in
Exhibit 1 hereto will be controlling, notwithstanding anything to the contrary in any Assumed
Contract or any other document, and the non-Debtor party to the Assumed Contract will be
deemed to have consented to the Cure Amount and will be forever barred from asserting any
other claims as to such Assumed Contract against the Selling Debtor Entities, the Purchasers,
or the Successful Bidder (as appropriate), or the property of either of them. The failure of
any objecting person or entity to timely file its objection will be a bar to the assertion, at the
Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Selling
Debtor Entities' consummation of and performance under the Agreement (including the
transfer of the Assets and the Assumed Contracts free and clear of all Claims and Interests), if
authorized by the Court.

4

6.      Prior to the Closing Date, the Selling Debtor Entities may amend their

decision with respect to the assumption and assignment of the Assumed Contract and provide

a new notice amending the information provided in this Notice.

Dated:  New York, New York
        July 5, 2007

                                SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                                By: /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr. (JB 4711)
                                    John K. Lyons (JL 4951)
                                    Ron E. Meisler (RM 3026)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois  60606
                                (312) 407-0700

                                        - and -

                                By: /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti (KM 9632)
                                    Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York 10036
                                (212) 735-3000

                                Attorneys for Delphi Corporation, et al.,
                                    Debtors and Debtors-in-Possession

5

# EXHIBIT 1

NGK Automotive Ceramics USA Inc
119 Mazzeppa Rd
Mooresville, NC 28115

| Contract to be assumed: | Cure amount: |
| --- | --- |
| Purchase Order No. 50028 | $2,914,235.42 |