**Hearing Date and Time:  March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

WARNER NORCROSS & JUDD
2000 Town Center, Suite 2700
Southfield, MI  48075
Telephone:  248-784-5131
Facsimile:  248-603-9731
mcruse@wnj.com

Michael G. Cruse
(Admitted *Pro Hac Vice*)

Attorneys for NGK Automotive Ceramics USA, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

**NGK AUTOMOTIVE CERAMICS USA, INC.'S SECOND RESPONSE TO REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION**

NGK Automotive Ceramics USA, Inc. ("**NGK**") by and through its counsel, Warner Norcross & Judd LLP, files this Second Response to Reorganized Debtors' Forty-Fourth Omnibus Objection (the "**44th Objection**"), and states as follows:

1. On October 8 and 14, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi**") and certain of its affiliates, including Delphi Automotive Systems LLC ("**Delphi Automotive**") (affiliates, Delphi Automotive and Delphi are collectively referred to herein as "**Debtors**") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Bankruptcy Code.

2. On or about May 1, 2006, NGK filed a proof of claim in the Delphi Automotive bankruptcy, Case No. 05-44640 in the total amount of $4,864.32 (the "**Proof of Claim**") which

represented the amount of goods sold and delivered to Delphi Auto. The Proof of Claim is docketed as Claim Number 3752.

3. On or about April 2, 2007, NGK sold its interest in the Proof of Claim to Madison Liquidity Investors, LLC ("**Madison**").

4. On or about February 3, 2010, the Debtors filed their 44th Objection seeking to disallow the Proof of Claim on the ground that NGK is a defendant in an avoidance action arising under 11 U.S.C. § 547 and that the Proof of Claim is potentially subject to disallowance pursuant to 11 U.S.C. § 502(d).

5. Upon information and belief, a Complaint seeking to recover alleged pre-petition preferential transfers made by Debtors to NGK (the "Complaint") was filed under seal with this Court during 2007.

6. However, to date, NGK has not been served with a copy of the Complaint and has not been provided with a courtesy copy or summary of the allegations. It follows that there has not been a judicial determination regarding NGK's preference liability.

7. The Proof of Claim cannot be dismissed or allowed, in whole or in part, until there has been a determination of liability and an opportunity for compliance.

8. The relief requested in the 44th Objection is, therefore, premature.

9. In the event NGK has been sued under 11 U.S.C. § 547, the transfers cannot be avoided because (1) any payment received by NGK during the preference period was for payment of a debt incurred in the ordinary course of the Debtors' business and was made in the ordinary course of the Debtors' business, and was made according to ordinary business terms, and/or (2) the transfer was in exchange for new value. See 11 U.S.C. § 547(c)(2) and (c)(4).

10. The 44th Objection should also be denied because the Proof of Claim was sold to Madison, and is therefore not subject to disallowance under 11 U.S.C. § 502(d).

11. The Southern District of New York has held that "the plain language of section 502(d) focuses on the claimant as opposed to the claim and leads to the inexorable conclusion that disallowance is a personal disability of a claimant, and not an attribute of the claim." *In re Enron Corp.,* 379 B.R. 425, 443 (S.D.N.Y. 2007).

12. The *In re Enron Corp.* court stated that "[t]his result comports with one of the main purposes of section 502(d), namely to coerce the return of assets obtained by preferential transfer. That purpose would not be served if a claim in the hands of a claimant could be disallowed even where that claimant never received the preference to begin with, and as a result, could not be coerced to return it." *Id.*

28. Here, the Proof of Claim was sold to Madison and it is undisputed that Madison did not receive any preference payments. Therefore, the Proof of Claim cannot be disallowed under 11 U.S.C. § 502(d).

WHEREFORE, based on the foregoing, NGK respectfully requests that this Court enter an Order denying the relief requested in the 44th Objection, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

WARNER NORCROSS & JUDD LLP

Date:  March 10, 2010         BY:    /s/Michael G. Cruse
                                     MICHAEL G. CRUSE (P38837)
                                     Attorneys for NGK Automotive Ceramics
                                      USA, Inc.
                                     2000 Town Center, Suite 2700
                                     Southfield, MI  48075
                                     Telephone:  248-784-5131
                                     Fax:  248-603-9731
                                     Email:  mcruse@wnj.com

1765222