**Hearing Date And Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

Attorneys for PBR Knoxville L.L.C.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

**PBR KNOXVILLE L.L.C.'S RESPONSE TO THE REORGANIZED DEBTORS'**
**FORTY-FOURTH OMNIBUS OBJECTION[1]**

**(Proof of Claim No. 5980)**

PBR Knoxville L.L.C. ("**PBR Knoxville**") by and through its counsel, Warner Norcross & Judd LLP, files this Response to the *Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and (d) and Fed R. Bankr. P. 3007 to (I) Modify and Allow (A) Certain Modified and Allowed Claims, (B) a Partially Satisfied Claim, and (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow and Expunge (A) Certain Fully Satisfied*

---

[1] As noted herein, PBR Knoxville L.L.C. previously sold a significant portion of the Proof of Claim at issue here. That portion of the Proof of Claim was again resold and Special Situations Investing Group, Inc. (SSIGI) is now the owner  To the extent required, this Response constitutes a response by SSIGI as well as PBR Knoxville. PBR Knoxville has the right to defend SSIGI with respect to objections to the Proof of Claim pursuant to the terms of the Transfer of Claims Agreement.

*Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, and (E) a Duplicate Claim, (III) Object to Certain (A) Preference-Related Claims and (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities* dated February 3, 2010 (Docket No. 19395) (the "**44th Omnibus Objection**"), and states as follows:

### Background

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates, including Delphi Automotive Systems LLC (**"DAS LLC"**) (such affiliates, Delphi Corporation and DAS LLC are collectively referred to herein as the **"Debtors"** or the "**Reorganized Debtors**", as the case may be) filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Bankruptcy Code.

2. On or about May 11, 2006, PBR Knoxville filed a proof of claim in the DAS LLC bankruptcy, Case No. 05-44640 in the total amount of $9,225,767.18 (the "**Proof of Claim**") which represented the amount of goods sold and delivered to DAS LLC. The Proof of Claim is docketed as Proof of Claim Number 5980.

3. The Proof of Claim asserted an unsecured non-priority claim in the amount of $9,157,458.38 and a secured claim in the amount of $63,308.80.

4. On July 19, 2006, PBR Knoxville sold the unsecured non-priority portion of its Proof of Claim, in the amount of $9,157,458.38 (the "**Transferred Portion**") to Merrill Lynch Credit Products, LLC ("**Merrill Lynch**"), as evidenced by the Transfer of Claim Agreement attached as **Exhibit 1** and the Notice of Transfer at Docket No. 4611.

5.      On August 4, 2006, Merrill Lynch sold the Transferred Portion of the Proof of Claim to Special Situations Investing Group, Inc. ("**SSIGI**") pursuant to a Notice of Transfer at Docket No. 4862.

6.      On October 27, 2007, the Debtors objected to the secured portion of PBR Knoxville's Proof of Claim pursuant to the *Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bank. P. 3007 to Certain (A) Duplicate or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on the Debtors' Books and Records, (E) Untimely Claims, and (F) Claims Subject to Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation, Claims Subject to Modification That Are Subject to Prior Orders, and Modified Claims Asserting Reclamation That Are Subject To Prior Orders* (Docket No. 10738) (the "**22nd Omnibus Objection**").

7.      On November 20, 2007, PBR Knoxville filed its Response to the 22nd Omnibus Objection. (Docket No. 10989)

8.      On November 14, 2008, the Debtors objected to the Proof of Claim pursuant to *Debtors' Thirty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bank. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject to Modification, and (C) Claims to be Expunged* (Docket No. 14442) (the "**32nd Omnibus Objection**").

9.      On December 10, 2008, PBR Knoxville filed its response to the 32nd Omnibus Objection.  (Docket No. 14577)

10.     After various negotiations between the parties, the Debtors and PBR Knoxville resolved the 22nd and 32nd Omnibus Objections.  They eventually reached a settlement under which PBR Knoxville would be granted an allowed claim against DAS LLC.

3

11. In accordance with their settlement, the Debtors and PBR Knoxville entered into a *Joint Stipulation and Agreed Order (I) Withdrawing Debtors' Objections to Proof of Claim Number 5980 and Responses of PBR Knoxville LLC to Claims Objections, (II) Allowing Proof of Claim Number 5980, and (III) Disallowing Proof of Claim Number 15847* which provided, in part, that PBR Knoxville's Proof of Claim "shall be allowed in the amount of $9,225,67.18 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC." (Docket No. 18726 and Docket No. 18730)

12. This Court approved the Joint Stipulation pursuant to an Order dated August 13, 2009. (Docket No. 18787) A copy of this Order is attached as **Exhibit 2.** Pursuant to that Order, PBR Knoxville was granted an allowed claim against DAS LLC.

13. Despite the fact that the Debtors stipulated to, and the Court granted, an allowed claim in favor of PBR Knoxville, the Debtors nevertheless filed their 44th Omnibus Objection. This is now the third objection to PBR Knoxville's Proof of Claim.

14. The 44th Omnibus Objection seeks to disallow the Proof of Claim on the grounds that there allegedly are certain preference-related claims pending against PBR Knoxville and that the Proof of Claim is potentially subject to disallowance pursuant to 11 U.S.C. § 502(d).

15. The Debtors' latest objection should be overruled for the reasons explained below.

**ARGUMENT**

16. PBR Knoxville objects to the relief requested in the 44th Omnibus Objection for the following reasons:

    A. PBR Knoxville's Proof of Claim has already been allowed;

4

B.      The unsecured portion of the Proof of Claim was sold and is not subject to disallowance under 11 U.S.C. § 502(d); and

C.      The relief requested in the 44th Omnibus Objection is premature.

**A.  The Proof of Claim Has Already Been Allowed Pursuant to Court Order**

17.     The relief requested in the 44th Omnibus Objection should be denied as it relates to PBR Knoxville because the Debtors have already agreed, and this Court has already ordered, that PBR Knoxville's Proof of Claim "shall be allowed in the amount of $9,225,67.18 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS LLC." (Docket No. 18787)

18.     The Reorganized Debtors apparently believe that they can object to the Proof of Claim notwithstanding the fact that they stipulated to the allowance of the Proof of Claim.  But the Reorganized Debtors cannot do so.  The Debtors stipulated to the allowance of the Proof of Claim in August of 2009, which is almost two years <u>after</u> the Debtors filed their alleged preference action against PBR Knoxville.  To the extent that the Reorganized Debtors have any basis for a section 502(d) objection, that objection was waived when the Debtors stipulated to the allowance of the PBR Knoxville Proof of Claim.

**B.  The Proof of Claim Was Sold and Is Therefore Not Subject to Disallowance**

19.     PBR Knoxville sold its interest in the Transferred Portion of the Proof of Claim to Merrill Lynch in July of 2006 pursuant to a Transfer of Claim Agreement.  Merrill Lynch then sold the Proof of Claim to SSIGI.

20.     Because the Proof of Claim was sold, it cannot be disallowed under 11 U.S.C. § 502(d). The United States District Court for the Southern District of New York has held that "the plain language of section 502(d) focuses on the claimant as opposed to the claim and leads

5

to the inexorable conclusion that disallowance is a personal disability of a claimant, and not an attribute of the claim." *In re Enron Corp.,* 379 B.R. 425, 443 (S.D.N.Y. 2007).

21. The District Court in *Enron* stated that "[t]his result comports with one of the main purposes of section 502(d), namely to coerce the return of assets obtained by preferential transfer. That purpose would not be served if a claim in the hands of a claimant could be disallowed even where that claimant never received the preference to begin with, and as a result, could not be coerced to return it." *Id.*

22. Here, any alleged claim by Debtors for avoidance under 11 U.S.C. § 547 is against PBR Knoxville. However, the owner of almost all of the indebtedness under the Proof of Claim is SSIGI. Therefore, because disallowance is a personal disability of the claimant (which is now SSIGI and not PBR Knoxville), the Proof of Claim cannot be disallowed under 11 U.S.C. § 502(d).

**C.  The 44th Omnibus Objection is Premature**

23. Based on the Reorganized Debtors' objection under section 502(d), PBR Knoxville believes that a complaint seeking to recover alleged pre-petition preferential transfers made by Debtors to PBR Knoxville (the **"Complaint"**) may have been filed under seal with this Court during 2007.

24. To date, PBR Knoxville has not been served with a copy of the Complaint and has not been provided with a courtesy copy or summary of the allegations in the Complaint.

25. PBR Knoxville believes that any allegations contained in the Complaint are potentially subject to complete defenses that can be asserted on behalf of PBR Knoxville, and as such, the relief requested in the 44th Omnibus Objection is inapplicable.

6

26. Additionally, the Proof of Claim cannot be dismissed or allowed, in whole or in part, until there has been a determination of liability and an opportunity for compliance. Because there has been no such determination of liability, the relief requested in the 44th Omnibus Objection is premature.

WHEREFORE, based on the foregoing, PBR Knoxville respectfully requests that this Court enter an Order overruling the Reorganized Debtors' objection to the Proof of Claim as set forth in the 44th Omnibus Objection, and grant such other and further relief to PBR Knoxville as this Court deems just and proper.

Respectfully submitted,

Dated:  March 10, 2010

WARNER NORCROSS & JUDD LLP

By   /s/ Gordon J. Toering
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for PBR Knoxville L.L.C.

1765230