**Hearing Date And Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2185 phone
(616) 222-2185 fax
gtoering@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)

Attorneys for Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia L.L.C.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

**BOSCH CHASSIS SYSTEMS COLUMBIA L.L.C. F/K/A/ PBR COLUMBIA L.L.C.'S
RESPONSE TO THE REORGANIZED DEBTORS'
FORTY-FOURTH OMNIBUS OBJECTION[1]**

**(Proof of Claim No. 6610)**

Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia L.L.C. ("**PBR Columbia**") by and through its counsel, Warner Norcross & Judd LLP, files this Response to the *Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and (d) and Fed R. Bankr. P. 3007 to (I) Modify and Allow (A) Certain Modified and Allowed Claims,*

---

[1] As noted herein, PBR Columbia L.L.C. previously sold a significant portion of the Proof of Claim at issue here. That portion of the Proof of Claim was again resold and Special Situations Investing Group, Inc. (SSIGI) is now the owner  To the extent required, this Response constitutes a response by SSIGI as well as PBR Columbia. PBR Columbia has the right to defend SSIGI with respect to objections to the Proof of Claim pursuant to the terms of the Transfer of Claims Agreement.

*(B) a Partially Satisfied Claim, and (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow and Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, and (E) a Duplicate Claim, (III) Object to Certain (A) Preference-Related Claims and (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities* dated February 3, 2010 (Docket No. 19395) (the "**44th Omnibus Objection**"), and states as follows:

### Background

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates, including Delphi Automotive Systems LLC (**"DAS LLC"**) (such affiliates, Delphi Corporation and DAS LLC are collectively referred to herein as the **"Debtors"** or the "**Reorganized Debtors**", as the case may be) filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Bankruptcy Code.

2. On or about May 22, 2006, PBR Columbia filed a proof of claim in the DAS LLC bankruptcy, Case No. 05-44640 in the total amount of $1,956,624.48 (the "**Proof of Claim**") which represented the amount of goods sold and delivered to DAS LLC. The Proof of Claim is docketed as Proof of Claim Number 6610.

3. The Proof of Claim asserts an unsecured non-priority claim in the amount of $447,670.98 and a secured claim in the amount of $1,508,953.50.

4. On July 14, 2006, PBR Columbia sold $225,391.21 of the unsecured non-priority portion of its Proof of Claim (the "**Transferred Portion**") to Merrill Lynch Credit Products, LLC ("**Merrill Lynch**"), as evidenced by the Transfer of Claim Agreement attached as **Exhibit 1** and the Notices of Transfer at Docket Nos. 4612 and 5194.

5. On or about August 4, 2006, Merrill Lynch sold the Transferred Portion of the Proof of Claim to Special Situations Investing Group, Inc. ("**SSIGI**") pursuant to a Notice of Transfer at Docket No. 4861.

6. Debtors filed the 44th Omnibus Objection on February 3, 2010 seeking to disallow the Proof of Claim on the grounds that there are certain preference-related claims pending against PBR Columbia and that the Proof of Claim is potentially subject to disallowance pursuant to 11 U.S.C. § 502(d).

7. The Debtors' 44th Omnibus Objection should be overruled for the reasons explained below.

## ARGUMENT

8. PBR Columbia objects to the relief requested in the 44th Omnibus Objection for the following reasons:

A. The Transferred Portion of the Proof of Claim was sold and is not subject to disallowance under 11 U.S.C. § 502(d); and

B. The relief requested in the 44th Omnibus Objection is premature, as there has been no judicial determination regarding PBR Columbia's preference liability.

**A.  The Proof of Claim Was Sold and Is Therefore Not Subject to Disallowance**

9. PBR Columbia sold its interest in the Transferred Portion of the Proof of Claim to Merrill Lynch in July of 2006 pursuant to a Transfer of Claim Agreement. Merrill Lynch then re-sold the Transferred Portion to SSIGI.

10. Because the Proof of Claim was sold, it cannot be disallowed under 11 U.S.C. § 502(d). The Southern District of New York has held that "the plain language of section 502(d) focuses on the claimant as opposed to the claim and leads to the inexorable conclusion that

3

disallowance is a personal disability of a claimant, and not an attribute of the claim." *In re Enron Corp.,* 379 B.R. 425, 443 (S.D.N.Y. 2007).

11. The district court in *Enron* stated that "[t]his result comports with one of the main purposes of section 502(d), namely to coerce the return of assets obtained by preferential transfer. That purpose would not be served if a claim in the hands of a claimant could be disallowed even where that claimant never received the preference to begin with, and as a result, could not be coerced to return it." *Id.*

12. Here, any alleged claim by Debtors for avoidance under 11 U.S.C. § 547 is against PBR Columbia. However, the owner of the Transferred Portion of the Proof of Claim is SSIGI. Therefore, because disallowance is a personal disability of the claimant (which is now SSIGI and not PBR Columbia), the Proof of Claim cannot be disallowed under 11 U.S.C. § 502(d).

### B. The 44th Omnibus Objection is Inapplicable and Premature

13. A complaint seeking to recover alleged pre-petition preferential transfers made by Debtors to PBR Columbia (the **"Complaint"**) was filed under seal with this Court during 2007.

14. PBR Columbia believes that any allegations contained in the Complaint may be subject to complete defenses that can be asserted on behalf of PBR Columbia, and as such, the relief requested in the 44th Omnibus Objection is inapplicable.

15. Additionally, the Proof of Claim cannot be disallowed or allowed, in whole or in part, until there has been a determination of liability and an opportunity for compliance. Because there has been no such determination of liability, the relief requested in the 44th Omnibus Objection is premature.

4

WHEREFORE, based on the foregoing, PBR Columbia respectfully requests that this Court enter an Order overruling the Reorganized Debtors' objection to the Proof of Claim as set forth in the 44th Omnibus Objection, and grant such other and further relief to PBR Columbia as this Court deems just and proper.

Respectfully submitted,

Dated:  March 10, 2010                    WARNER NORCROSS & JUDD LLP

By    /s/ Gordon J. Toering
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
Ph:  (616) 752-2185
Fax:  (616) 222-2185
gtoering@wnj.com
Attorneys for Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia L.L.C.

1765435