**Hearing Date and Time:  March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

WARNER NORCROSS & JUDD
2000 Town Center, Suite 2700
Southfield, MI  48075
Telephone:  248-784-5131
Facsimile:  248-603-9731
mcruse@wnj.com

Michael G. Cruse
(Admitted *Pro Hac Vice*)

Attorneys for Mubea, Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
|  | (Jointly Administered) |
| Reorganized Debtors. | |

## MUBEA INC.'S RESPONSE TO REORGANIZED
## DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION

Mubea Inc. ("**Mubea**") by and through its counsel, Warner Norcross & Judd LLP, files this Response to Reorganized Debtors' Forty-Fourth Omnibus Objection (the "**44th Objection**"), and states as follows:

**Background**

1. On October 8 and 14, 2005 (the "**Petition Date**"), Delphi Corporation ("**Delphi**") and certain of its affiliates (affiliates and Delphi are collectively referred to herein as "**Debtors**") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Bankruptcy Code.

2. On or about July 27, 2006 Mubea filed a proof of claim in the Delphi Corporation bankruptcy, Case No. 05-44481 in the total amount of $529,365.94 (the "**Proof of Claim**")

which represented the amount of goods sold and delivered to Delphi. $448,877.94 of the Proof of Claim was listed as an unsecured claim and $80,487.44 was listed as a priority claim. The Proof of Claim is docketed as Claim Number 11688.

   3. On or about February 3, 2010, the Debtors filed their 44th Objection seeking to disallow the Proof of Claim on the grounds that Mubea is a defendant in an avoidance action arising under 11 U.S.C. § 547 and that the Proof of Claim is potentially subject to disallowance pursuant to 11 U.S.C. § 502(d).

   4. Mubea requests that the Court deny the relief requested in the 44th Objection because (a) the objection is premature and because (b) $425,192.03 of the Proof of Claim is an administrative expense claim under 11 U.S.C. § 503(b) and cannot be disallowed under 11 U.S.C. § 502(d).

**44th Objection is Premature**

   5. Upon information and belief, a Complaint seeking to recover alleged pre-petition preferential transfers made by Debtors to Mubea (the "**Complaint**") was filed under seal with this Court during 2007.

   6. However, to date, Mubea has not been served with a copy of the Complaint and has not been provided with a courtesy copy or summary of the allegations. It follows that there has not been a judicial determination regarding Mubea's preference liability.

   7. The Proof of Claim cannot be disallowed or allowed, in whole or in part, until there has been a determination of liability and an opportunity for compliance.

   8. The relief requested in the 44th Objection is, therefore, premature.

   9. To the extent Debtors argue that a judicial determination can be made through the claims objection process, Mubea states that the transfers cannot be avoided because (1) any

payment received by Mubea during the preference period was for payment of a debt incurred in the ordinary course of the Debtors' business and was made in the ordinary course of the Debtors' business or made according to ordinary business terms, and/or (2) the transfer was in exchange for new value. See 11 U.S.C. § 547(c)(2) and (c)(4).

**Administrative Expense Claim Not Subject to Disallowance Under 11 U.S.C. § 502(d)**

10. Pursuant to this Court's 22nd Objection Order, attached hereto as **Exhibit 1,** $448,877.94 of the Proof of Claim is an administrative expense claim under 11 U.S.C. § 503(b). This amount cannot be disallowed under 11 U.S.C. § 502(d).

11. According to the Second Circuit Court of Appeals in *ASM Capital, LP v. Ames Department Stores, Inc.,* 582 F.3d 422, 432 (2nd Cir. 2009), "section 502(d) does not apply to administrative expenses under 503(b)."

12. The *Ames* court held that "to construe § 502(d)'s disallowance as applicable to expenses allowable under § 503 – a section within its own scope, purpose and conditions – is to expand the scope of § 502(d)'s disallowance beyond its plain meaning." *Id.* at 430, *citing Beasley Forest Products, Inc. v. Durango Ga. Paper Co. (In re Durango Ga. Paper Co),* 297 B.R. 326, 330 (Bankr. S.D. Ga. 2003).

13. Therefore, because $448,877.94 of the Proof of Claim is an administrative expense claim under section 503, it cannot be disallowed under 11 U.S.C. § 502(d) and Debtors' request for relief must be denied.

WHEREFORE, based on the foregoing, Mubea respectfully requests that this Court enter an Order denying the relief requested in the 44th Objection and grant such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                WARNER NORCROSS & JUDD LLP

Date:  March 10, 2010        BY:   /s/Michael G. Cruse
                                           MICHAEL G. CRUSE (P38837)
                                           Attorneys for Mubea, Inc.
                                           2000 Town Center, Suite 2700
                                           Southfield, MI  48075
                                           Telephone:  248-784-5131
                                           Fax:  248-603-9731
                                           Email:  mcruse@wnj.com

1765224