HONIGMAN MILLER SCHWARTZ AND COHN LLP
E. Todd Sable (admitted pro hac)
Seth A. Drucker (admitted pro hac)
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506

Attorneys for Valeo Switches and Detection Systems, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
    In re                                             :    Case No.: 05-44481 (RDD)
                                                        :
DPH HOLDINGS CORP., et al.,                             :    Chapter 11
                                                        :
        Reorganized Debtors.                    :    (Jointly Administered)
------------------------------------------------------- x

**RESPONSE OF VALEO SWITCHES AND DETECTION SYSTEMS, INC. TO REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 502(b) AND (d) AND FED. R. BANKR. P. 3007 TO (I) MODIFY AND ALLOW (A) CERTAIN MODIFIED AND ALLOWED CLAIMS, (B) A PARTIALLY SATISFIED CLAIM, AND (C) CERTAIN PARTIALLY SATISFIED SCHEDULED LIABILITIES, (II) DISALLOW AND EXPUNGE (A) CERTAIN FULLY SATISFIED SCHEDULED LIABILITIES, (B) CERTAIN MDL-RELATED CLAIMS, (C) CERTAIN UNION CLAIMS, (D) CERTAIN PERSONAL INJURY CLAIMS, AND (E) A DUPLICATE CLAIM, (III) OBJECT TO CERTAIN (A) PREFERENCE-RELATED CLAIMS AND (B) PREFERENCE-RELATED SCHEDULED LIABILITIES, AND (IV) MODIFY CERTAIN SERP-RELATED SCHEDULED LIABILITIES**

Valeo Switches and Detection Systems, Inc. ("Claimant") submits this response in

Opposition to Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant to 11

U.S.C. § 502(b) and (d) and Fed. R. Bankr. P. 3007 to (I) Modify and Allow (A) Certain

Modified and Allowed Claims, (B) a Partially Satisfied Claim, and (C) Certain Partially

Satisfied Scheduled Liabilities, (II) Disallow and Expunge (A) Certain Fully Satisfied

Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D)

Certain Personal Injury Claims, and (E) a Duplicate Claim, (III) Object to Certain (A)

Preference-Related Claims and (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities, (the "Objection") [D.I. 19395], in which Reorganized Debtors object to Claimant's proof of claim number 11465 (the "Claim"), and states as follows:

## Background

1. On February 3, 2010, the Reorganized Debtors filed the Objection and objected to the Claim under the section of the Objection entitled "Preference Related Claims." Objection at § I, ¶¶ 43-45.

2. The Objection states that the Reorganized Debtors "determined that certain proofs of claim are asserted by Avoidance Defendants in Avoidance Actions brought by the Debtors and or Reorganized Debtors…." Objection at ¶ 43. The Reorganized Debtors further state that such claims "are potentially subject to disallowance pursuant to section [11 U.S.C. § 502(d)]."

3. Neither the Debtors nor the Reorganized Debtors have, as of the date of this Response, notified Claimant that it is an Avoidance Defendant. Accordingly, Claimant is without knowledge or information as to whether its claim is, or may be, subject to disallowance as requested in the Objection.

## Objection

4. While Claimant does not object to the Court holding the Reorganized Debtors' objection in abeyance until the conclusion of the Avoidance Action, if there is such an action, Claimant's agreement to holding the Objection in abeyance is in no way a waiver of any of Claimant's defenses to the Objection, or otherwise in the Avoidance Action.

5. Unless and until it is determined that Claimant received an avoidable transfer, neither Debtors nor the Reorganized Debtors are entitled to an order disallowing the Claim. A properly filed proof of claim is deemed allowed until objected to, and "such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case." In re Castaldo, No. 05-36349, 2006 Bankr. LEXIS 4522, at *9 (Bankr. S.D.N.Y 2006). The Reorganized Debtors have not produced any evidence that Claimant received an avoidable transfer or that Claimant is subject to an Avoidance Action and, until such time, the Claim cannot be disallowed.

6. Further, Claimant objects to the extent the Reorganized Debtors' request that "once such avoidance action is concluded, the Reorganized Debtors would have the option to (a) set off, in whole or in part, the amount of any judgment against distributions under the Modified Plan, if any, on account of the allowed amount of such Claim…." Objection at § 24. The Reorganized Debtors may not take any such action until an order is entered disallowing the Claim.

7. In support of this Response, Claimant relies on its proof of claim and the attachments and addendum thereto. Replies to this response should be served upon:

> Honigman Miller Schwartz and Cohn LLP
> Attn: E. Todd Sable and Seth A. Drucker
> Counsel for Valeo Switches and Detection Systems, Inc.
> 2290 First National Building
> 660 Woodward Avenue
> Detroit, MI 48226

ACCORDINGLY, Claimant requests that the Court enter an order (i) denying the Objection to the extent it purports to disallow the Claim, (ii) preserving Claimant's defenses to and right to respond to the Objection upon the conclusion of the Avoidance Action, and (iii) granting such other further relief as the Court deems just and proper.

        HONIGMAN MILLER SCHWARTZ AND
COHN LLP


By:   /s/ Seth A. Drucker
E. Todd Sable (admitted pro hac)
Seth A. Drucker (admitted pro hac)
    2290 First National Building
    660 Woodward Ave., Suite 2290
    Detroit, MI 48226
    Telephone: (313) 465-7000
    Facsimile: (313) 465-7627
    Email: tsable@honigman.com
          sdrucker@honigman.com

Attorneys for Valeo Switches and Detection Systems, Inc.

Dated: March 11, 2010

DETROIT.4095566.1