Hearing Date: March 18, 2010
Response Date: March 11, 2010

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9489
Facsimile: (212) 715-8000
Jordan D. Kaye

*Counsel to Hewlett Packard Co.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
In re:                                                     :   Chapter 11 Case No.:
                                                           :
DPH HOLDINGS CORP *et al.*,                                :   Case No. 05-44481 (RDD)
                                                           :
                                   Debtors.                :   (Jointly Administered)
                                                           :
---------------------------------------------------------- X

## RESPONSE OF HEWLETT PACKARD COMPANY TO THE REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

Hewlett Packard Company ("HP") by its undersigned counsel, makes the following response to the "Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, and (IV)

KL2 2641974.3

Modify Certain SERP-Related Scheduled Liabilities (the "Forty-Fourth Omnibus Claims Objection"):

1. On July 11, 2006, HP filed proof of claim number 9352 ("Claim No. 9352") asserting a general unsecured claim in the amount of $4,948,005.65 against Delphi Corp. in case number 05-44481.

2. Pursuant to the Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject to Modification, and (C) Claims to be Expunged, as Identified in the Thirty-Second Omnibus Claims Objection (the "Thirty-Second Claims Objection Order"), Claim No. 9352 was modified "to assert a properly classified, fully liquidated claim" in the amount of $4,921,104 against Delphi Automotive Systems, LLC in case number 05-44640.

3. In the Forty-Fourth Omnibus Claims Objection, the Reorganized Debtors objected to Claim No. 9352 on the grounds that it is asserted by a claimant who is a defendant "in [an] avoidance action arising under sections 542- 545, 547-550, or 553 of the Bankruptcy Code (the 'Avoidance Actions') and [is] potentially subject to disallowance pursuant to section 502(d) of the Bankruptcy Code." The Forty-Fourth Omnibus Claims Objection, however, did not reflect the modifications in claim amount and debtor to Claim No. 9352 that were set forth in the Thirty-Second Claims Objection Order.

4. Other than the general allegation and reference to § 502(d) set forth above, the Debtors provide no specific allegations to support the Forty-Fourth Claims Objection or as a basis for denial of Claim No. 9352.

5. HP has not been served as defendant in any avoidance action under 11 U.S.C. §§ 542-545, 547550, or 553 and any applicable time limits for filing or serving such an action have passed. Claim No. 9352 cannot be dismissed or disallowed, in whole or in part, until there has been a determination of liability on the part of HP for a preference claim and an opportunity for compliance. Claim No. 9352 is not a claim subject to disallowance under § 502(d).

6. To the extent that HP is a defendant in an avoidance action that was filed under seal and has not yet been served upon HP pursuant to the order, dated August 16, 2007, (i) authorizing the Debtors to enter into stipulations tolling the statute of limitations with respect to certain claims, (ii) authorizing procedures for the Debtors to identify causes of action that should be preserved and granting authority to abandon certain causes of action, and (iii) establishing procedures for certain adversary proceedings, including those commenced by the Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553 (the "<u>Adversary Proceedings Procedure Order</u>") [Docket No. 9105], the relief that the Debtors are now seeking – to render Claim No. 9352 subject to objection "pending the conclusion of" the purported avoidance action – is inappropriate.

7. The purpose of sealing the Avoidance Actions (as defined in the Adversary Proceedings Procedure Order) was never to allow Debtors the unfettered ability to retain those actions as a way to avoid satisfying any claims held by the defendants in those actions – a level of control over the litigation process that contradicts basic principals of statutory limitations. Nowhere in their motion seeking entry of the Adversary Proceedings Procedure Order (the "<u>Adversary Proceedings Procedure Motion</u>") [Docket No. 8905], did the Debtors suggest that they would pursue the

KL2 2641974.3

- 3 -

Avoidance Actions (and allow the pendency of the actions to disallow claims) following a successful reorganization. To the contrary, the Debtors clearly stated that they "do not intend to pursue avoidance actions in light of their anticipated reorganization and are seeking to preserve them "as a precautionary measure." See Adversary Proceedings Procedure Motion at 9. The Debtors moreover assured the Court that:

> Once these actions have been commenced, the Debtors will proceed no further and will not use them for any purpose while they focus on confirming a reorganization plan. The procedures proposed in this Motion are designed to permit the Debtors to preserve these claims while otherwise maintaining the status quo among all parties in interest. The causes of action would remain dormant and become relevant again *only* in the unlikely event that the Debtors do not timely emerge from chapter 11.

Id. at 10 (emphasis added). The Debtors appear to be acting in contradiction to this stated position if HP is a defendant in a sealed avoidance action that the Debtors intend on pursuing, despite substantial consummation of their plan of reorganization.

8.      Alternatively, to the extent that HP may yet be served in a timely avoidance action, section 502(d) of the Bankruptcy Code does not apply because the transferor of the contested transfer is a different entity than the debtor of Claim No. 9352 (as modified pursuant to the Thirty-Second Claims Objection Order).

9.      Moreover, Claim No. 9352 cannot be disallowed or allowed, in whole or in part, until there has been a determination of preference liability and an opportunity for compliance. The relief requested in the Forty-Fourth Omnibus Claims Objection is, therefore, premature.

10.     To the extent that the Debtors argue that a judicial determination can be made through the claims objection process, the transfers cannot be avoided

KL2 2641974.3

- 4 -

because (1) any payment received by HP during the preference period was for payment of a debt incurred in the ordinary course of the Debtors' business and was made in the ordinary course of the Debtors' business or made according to ordinary business terms, and/or (2) the transfer was in exchange for new value. See 11 U.S.C. § 547(c)(2) and (c)(4).

11. Moreover, any payment that may have been received by HP during the preference period was a payment that was authorized and/or ratified pursuant to HP's status as an essential supplier, critical vendor, and/or sole source supplier, under terms of an agreement between HP and the Debtors.

12. Alternatively, any payment that may have been received by HP during the preference period was a payment in the ordinary course of the Debtors' business as it was, upon information and belief, a payment made as part of the Debtors' Vendor Rescue Program.

13. Pursuant to the Thirty-Second Claims Objection Order, Claim No. 9352 has already been properly classified and fully liquidated and is not subject to further objection.

14. The Debtors' unsubstantiated and general allegations are insufficient to provide any basis for a determination that Claim No. 9352 is subject to disallowance as alleged by the Debtors.

WHEREFORE, HP requests that the Court overrule the Forty-Fourth Omnibus Claims Objection with respect to Claim No. 9352, allow Claim No. 9352 in its entirety and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 11, 2009

By: /s/ Jordan Kaye
Jordan D. Kaye
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9489
Fax: (212) 715-8000
E-mail: jkaye@kramerlevin.com

*Counsel to Hewlett Packard Co.*

KL2 2641974.3

- 6 -