## **EXHIBIT A**

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF ROBERT J. ROSENBERG IN SUPPORT OF THE RESPONSE OF LATHAM & WATKINS LLP TO THE OBJECTION OF THE UNITED STATES TRUSTEE TO ITS FINAL FEE APPLICATION**

I, Robert J. Rosenberg, hereby declare that, to the best of my knowledge and belief, after reasonable inquiry, the following is true and correct:

1. I am an attorney at law admitted to practice before this Court and a partner at the law firm of Latham & Watkins LLP ("Latham"). I am submitting this declaration (the "Declaration") in support of the Response of Latham and Watkins LLP to the Objection of the United States Trustee to its Final Fee Application (the "Response").

2. On December 18, 2009, Latham filed its final fee application (the "Fee Application") with this Court, in which it sought allowance, on a final basis, of (a) $19,817,103.75 of fees incurred by Latham in its representation of the Official Committee of Unsecured Creditors (the "Committee") from October 8, 2005 (the "Petition Date") through and including January 25, 2008 (the "Confirmation Date") and (b) $1,113,098.00 in reimbursements for actual and necessary expenses incurred during that time period. Because of certain discrepancies in the calculation of amounts sought in the Fee Application, and pursuant to an agreement reached with the fee review committee that was appointed in these cases, Latham has agreed to reduce its request for compensation in the Fee Application to $19,711,731.85 and

reduce its request for reimbursement of expenses in the Fee Application to $1,103,522.00. As a result of these agreed-upon reductions, the fee review committee determined not to object to the Fee Application.

3.  On March 1, 2010, the Office of the United States Trustee ("UST") filed an objection to the final fee applications of Latham and certain other retained professionals in these cases (the "Objection"). In the Objection, the UST stated that Latham "charged excessive fees for the work of unadmitted personnel." The UST thus requested that this Court reduce the total fees awarded to Latham by $132,330.77 (the "Reduction"). The UST calculated the amount of the Reduction by applying Latham's blended hourly rate for paraprofessionals to the 742.5 hours billed between October 1, 2007 and the Confirmation Date (the "Seventh Fee Period") by Latham associates who, for a portion of the time at which they worked on the Delphi cases, had not yet been admitted to the bar (the "Unadmitted Attorneys") and subtracting that amount ($156,199.73) from the amount of fees requested by Latham in the Fee Application on account of work done by the Unadmitted Attorneys during the Seventh Fee Period ($288,530.50).

4.  In the Fee Application, Latham requested hourly rates for the Unadmitted Attorneys of $345 for work done between October 1, 2007 and December 31, 2007, and of $425 for work done between January 1, 2008 and January 25, 2008. Those hourly rates reflected Latham's normal hourly rates at the time. Furthermore, I believe that those hourly rates were consistent with the generally prevailing billing rates of New York law firms which have the resources to handle a case of this magnitude.

5.  Latham sets its hourly rates to take into account the prevailing market rates at comparable law firms and the experience of the attorneys and paralegals in question. Latham's hourly rates for unadmitted associates reflect the fact that those associates have only been

2

practicing for a short time and have not yet completed their character and fitness review. Furthermore, the hourly rates for unadmitted associates are consistent with the market rates for comparable firms. Latham's hourly rates for the Unadmitted Attorneys during the Seventh Fee Period were calculated in accordance with Latham's standard methods.

6. A review of fee applications from a sampling of chapter 11 cases filed by comparable law firms in recent cases in this district reveals that Latham's 2007 and 2008 hourly rates for the Unadmitted Attorneys were generally consistent with the prevailing billing rates of other New York law firms with the resources to handle a case of this magnitude. Attached as Exhibit 1 to this Declaration is a chart that sets forth the rates charged by certain of these comparable law firms for work performed by attorneys comparable to the Unadmitted Attorneys in recent cases in this district.

7. Based on the foregoing, Latham submits that the hourly rates requested for the Unadmitted Attorneys during the Seventh Fee Period were reasonable, as they were Latham's normal hourly rates and were consistent with the rates of comparable law firms at the time.

Dated: March 11, 2010
New York, New York

/s/ Robert J. Rosenberg
Robert J. Rosenberg

3

# EXHIBIT 1

4

| | **In re Delphi Corporation,** *et al.* **United States Bankruptcy Court, Southern District of New York Case No. 05-44481 (RDD)** | | | | |
|---|---|---|---|---|---|
| **Law Firm/Attorney** | **Unadmitted Associates' Hourly Rate** | **Case Name** | **Case No.** | **Petition Date; Compensation Period** | **District/ Judge** |
| Davis Polk & Wardwell | $145-$385 | In re Delta Air Lines, Inc. | 05-17923 (ASH) | 09/14/2005; 09/14/2005-03/31/2007 | SDNY/ Hardin |
| Kirkland & Ellis LLP | $260-$385 | In re Calpine Corp. | 05-60200 (BRL) | 12/20/2005; 12/20/2005-01/31/2008 | SDNY/ Lifland |
| Fried, Frank, Harris, Shriver & Jacobson LLP | $340-$360 | In re Calpine Corp. | 05-60200 (BRL) | 12/20/2005; 05/11/2006-02/25/2008 | SDNY/ Lifland |
| Simpson Thatcher & Bartlett LLP | $260-$360 | In re Northwest Airlines, Corp. | 05-17930 (ALG) | 09/14/2005; 09/14/2005-05/31/2007 | SDNY/ Gropper |
| Weil, Gotshal & Manges | $310-$440 | In re Silicon Graphics, Inc. | 06-10977 (BRL) | 05/08/2006; 05/08/2006-09/19/2006 | SDNY/ Lifland |
| Schulte Roth & Zabel LLP | $375-$485 | In re Old Carco LLC (F/K/A/ Chrysler LLC) | 09-50002 (AJG) | 04/30/2009; 04/30/2009-08/31/2008 | SDNY/ Gonzalez |
| Kramer Levin Naftalis & Frankel LLP | $295-$385 | In re Dana Corp. | 06-10354 (BRL) | 03/03/2006; 03/10/2006-01/31/2008 | SDNY/ Lifland |
| Skadden, Arps, Slate, Meagher & Flom LLP | $295-$355 | In re Refco, Inc. | 05-60006 (RDD) | 10/17/2005; 10/18/2005-12/26/2006 | SDNY/ Drain |
| Skadden, Arps, Slate, Meagher & Flom LLP | $375 | In re Delphi Corporation, Inc. | 05-44481 (RDD) | 10/8/2005; 10/1/2007-1/25/2008 | SDNY/ Drain |

| Shearman & Sterling LLP | $270-$490.63[1] | In re Delphi Corporation, Inc. | 05-44481 (RDD) | 10/8/2005; 10/1/2007-1/25/2008 | SDNY/ Drain |
|---|---|---|---|---|---|

---

[1] The UST states in the Objection that it has no objection to the fees requested by Shearman & Sterling LLP.  See, Objection, at page 29, Exhibit B.