**Hearing Date and Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

MONTGOMERY, ELSNER & PARDIECK, LLP
308 West 2nd Street
Seymour, IN 47274
Telephone: (812) 522-4109
Facsimile: (812) 522-6473
wbraman@meplegal.com

William M. Braman
(Admitted *Pro Hac Vice*)

Attorneys for Universal Tool and Engineering Company, Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al*., | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

_____

**UNIVERSAL TOOL AND ENGINEERING COMPANY, INC.'S RESPONSE TO REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION**

Universal Tool and Engineering Company, Inc. ("UTE"), by and through its counsel, Montgomery, Elsner & Pardieck, LLP, files its Response to Reorganized Debtors' Forty-Fourth Omnibus Objection (the "44th Objection"), and would show the Court as follows:

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems, LLC ("DAS") (affiliates, DAS and Delphi are collectively referred to herein as "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Bankruptcy Code.

**Claim 2174**

2. On March 3, 2006, UTE filed proof of claim number 2174 ("Claim 2174") against DAS.

3. Claim 2174 asserts an unsecured non-priority claim in the amount of $234,500.00 for rent under a lease for property at 8700 North Hague Road, Indianapolis, Indiana and certain unliquidated amounts.

4. On December 21, 2007, the Debtors objected to Claim 2174 pursuant to the Debtors' Twenty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (A) Duplicate or Amended Claims, (B) Claims not Reflected on Debtors' Books and Records, (C) Untimely Claims, and (D) Claims Subject to Modification, Modified Claims Asserting Reclamation, and Claim Subject to Modification that is Subject to Prior Order (Docket No. 11588) (the "Twenty-Fourth Objection").

5. On March 13, 2008, to resolve the Twenty-Fourth Objection with respect to Claim 2174, DAS and UTE entered into a Settlement Agreement in which DAS acknowledged and agreed that Claim 2174 shall be allowed in the amount of $234,500.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS. This Court entered a Joint Stipulation and Agreed Order Compromising and Allowing Proofs of Claim Numbers 2174 and 2175 on April 2, 2008 (Docket No. 13305).

**Claim 2175**

6. On March 3, 2006, UTE filed proof of claim number 2175 ("Claim 2175") against DAS.

7. Claim 2175 asserts an unsecured non-priority claim in the amount of $1,525,236.87 for (i) rent from February 1, 2006 to January 31, 2007 in the amount of $585,803.11 under a lease for property at 8750 North Hague Road, Indianapolis, Indiana, and (ii) unpaid additional improvements to said real estate in the amount of $939,433.76 and certain unliquidated amounts.

8. On October 31, 2006, the Debtors objected to Claim 2175 pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Claims with Insufficient Documentation, (B) Claims Unsubstantiated Books and Records, and (C) Claims Subject to Modification and (II) Motion to

Estimate Contingent and Unliquidated Claims Pursuant to 11 U.S.C. §502(c) (Docket No. 5452) (the "Third Objection").

9. On March 13, 2008, to resolve the Third Objection with respect to Claim 2175, DAS and UTE entered into a Settlement Agreement in which DAS acknowledged and agreed that Claim 2175 shall be allowed in the amount of $1,016,065.83 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS. This Court entered a Joint Stipulation and Agreed Order Compromising and Allowing Proofs of Claim Numbers 2174 and 2175 on April 2, 2008 (Docket No. 13305).

### Claim 6878

10. On May 25, 2006, UTE filed proof of claim number 6878 ("Claim 6878") against DAS.

11. Claim 6878 asserts an unsecured non-priority claim in the amount of $85,400.00 for rent under a lease for property at 7601 East 88th Place, Indianapolis, Indiana and certain unliquidated amounts.

12. On October 31, 2006, the Debtors objected to Claim 6878 pursuant to the Debtors' Third Objection.

### Claim 11114

13. On July 26, 2006, UTE filed proof of claim number 11114 ("Claim 11114") against DAS.

14. Claim 11114 asserts an unsecured non-priority claim in the amount of $120,077.19 stemming from unpaid invoices for, among other things, the development of batteries.

15. On October 31, 2006, the Debtors objected to Claim 11114 pursuant to the Debtors' Third Objection.

16. On April 30, 2007, UTE assigned all rights, title and interest in and to Claim 11114 to Longacre Master Fund, Ltd. ("Longacre"), pursuant to a Notice of Transfer (Docket No. 7828).

3

17. On August 10, 2007, to resolve the Third Objection with respect to Claim 11114, DAS, Longacre and UTE entered into a Settlement Agreement in which DAS acknowledged and agreed that Claim 11114 shall be allowed in the amount of $96,713.00 and shall be treated as an allowed general unsecured non-priority claim against the estate of DAS. This Court entered a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 11114 on October 9, 2007 (Docket No. 10508).

18. On or about February 3, 2010, the Debtors filed the 44th Objection seeking to disallow Claim 2174, Claim 2175, Claim 6878 and Claim 11114 (the "UTE Claims") on the ground that UTE is a defendant in an avoidance action arising under 11 U.S.C. § 547 and that the UTE Claims are potentially subject to disallowance pursuant to 11 U.S.C. § 502(d).

19. A Complaint seeking to recover alleged pre-petition preferential transfers made by Debtors to UTE (the "Complaint") was filed under seal with this Court on September 26, 2007. The Complaint was not served upon UTE until March 1, 2010.

20. UTE objects to the Debtors' 44th Objection on the following grounds with respect to each of the UTE Claims:

  a. The alleged transfers cannot be avoided under 11 U.S.C. § 547 because (i) any payment received by UTE during the preference period was for payment of a debt incurred in the ordinary course of Debtors' business and was made in the ordinary course of Debtors' business, and was made according to ordinary business terms, and/or (ii) the transfer was in exchange for new value. See 11 U.S.C. §547(c)(2) and (c)(4).

  b. The UTE Claims cannot be dismissed or allowed, in whole or in part, until there has been a determination of liability and an opportunity for compliance. The relief requested in the 44th Objection is, therefore, premature.

  c. Other than the general allegation and reference to §502(d) set forth above, the Debtors provide no specific allegations to support the 44th Objection or as a basis for denial of the UTE claims. The Debtors' unsubstantiated and general allegations are insufficient to provide any basis for a determination that the UTE Claims are subject to

disallowance as alleged by the Debtors.

21. UTE further objects to the Debtors' 44th Objection on the following grounds with respect to Claim 2174, Claim 2175 and Claim 11114:

    a. The Debtors are party to the Settlement Agreements and the Agreed Order from 2007 settling Claim 11114 and from 2008 settling Claim 2174 and Claim 2175. These documents speak for themselves, and state clearly and unambiguously that Claim 2174, Claim 2175 and Claim 11114 are allowed in a fixed amount with no reservation for set offs.

    b. The Debtors apparently believe that they can object to the UTE Claims notwithstanding the fact that they stipulated to the allowance of Claim 2174, Claim 2175 and Claim 11114. The Debtors stipulated to the allowance of Claim 11114 in October 2007 and to the allowance of Claim 2174 and Claim 2175 in March, 2008, both of which dates are after the Debtors filed their preference action against UTE. To the extent that the Debtors have any basis for a section 502(d) objection, that objection was waived when the Debtors stipulated to the allowance of Claim 2174, Claim 2175 and Claim 11114.

    c. The Debtors have already had their bite at the apple with respect to the UTE Claims. The fact that there might be a later opportunity to assert a disallowance set off under Bankruptcy Code section 502(d) is not justification for further objection to Claim 2174, Claim 2175 and Claim 11114 after they have already been settled.

    d. Non-debtor parties must be entitled to some degree of finality in this case. It is bad enough that for well over two (2) years non-debtor parties like UTE have had to sustain the burden of not knowing whether there will someday be a preference case to defend with all of the uncertainty and business disruption such an action will bring in a case of this type. Having once gone through the claims objection and settlement process, the Debtors should not be permitted to do it again.

   e. It would be an abuse of the bankruptcy process to allow these Debtors to bring further objections to the subject Claims having already placed the issues into controversy in contested matters that were resolved two (2) years ago.

 22. UTE further objects to the Debtors 44th Objection on the following grounds with respect to Claim 11114:

   a. Claim 11114 was sold to Longacre, and is therefore not subject to disallowance under 11 U.S.C. §502(d).

   b. The Southern District of New York has held that "the plain language of section 502(d) focuses on the claimant as opposed to the claim and leads to the inevitable conclusion that disallowance is a personal liability of claimant, and not an attribute of the claim." *In re Enron Corp.*, 379 B.R. 425, 443 (S.D.N.Y. 2007).

   c. The *In re Enron Corp.* court stated that "[t]his result comports with one of the main purposes of section 502(d), namely to coerce the return of assets obtained by preferential transfer. That purpose would not be served if a claim in the hands of a claimant could be disallowed even when that claimant never received the preference to begin with, and as a result, could not be coerced to return it." *Id*.

   d. Here, Claim 11114 was sold to Longacre and it is undisputed that Longacre did not receive any preference payments. Therefore, Claim 11114 cannot be disallowed under 11 U.S.C. § 502(d).

 WHEREFORE, based on the foregoing, UTE respectfully requests that this Court enter an Order denying the relief requested in the 44th Objection with respect to the UTE Claims, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

    /s/  William M. Braman
William M. Braman
Montgomery, Elsner & Pardieck, LLP
308 West 2nd Street
Seymour, IN 47274
(812) 522-4109

Attorney for Universal Tool and
Engineering Company, Inc.

7