Hearing Date and Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)
Response Date and Time: March 12, 2010 at 4:00 p.m. (prevailing Eastern time)[1]

Susan F. Balaschak (SB 1901)
Keith N. Costa (KC 1213)
Kathlyn M. Schwartz (KS 0517)
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, NY 10017-4636
Telephone: 212.880.3800
Facsimile 212.880.8965
*Attorneys for Itautec America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                              :    Chapter 11 Case
                                                   :    05-44481-RDD
DPH HOLDINGS CORP., et al.,                        :
            Reorganized Debtors.                   :    (Jointly Administered)
                                                   :
------------------------------------------------------------ x

## ITAUTEC AMERICA, INC.'S RESPONSE TO
## REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS CLAIMS OBJECTION

ITAUTEC AMERICA, INC., ("Itautec"), a creditor, files this Response in Opposition ("Response") to the Debtor's Forty-Fourth Omnibus Claims Objection ("Objection to Claim") (Docket No. # 19395) made pursuant to 11 U.S.C. §502(b) and (d) and Fed. R. Bankr. P. 3007 and would show:

1. Itautec was a prepetition vendor to the debtor, Delphi Automotive Systems LLC ("Debtor").

---

[1] Debtors agreed to a 24 hour extension of time to file the Response.

{NY095909;1}

2. On October 8 and 14, 2005, Delphi Corporation and certain of its U.S. subsidiaries and affiliates (collectively the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code.

3. Itautec timely filed its proof of claim in the total amount of $233,753.69, now designated as Claim No. 10811 in the Debtor's case (the "Itautec Claim"). The Itautec Claim is comprised of two parts as reflected on Exhibit A thereto: The amount of $118,136.73 for goods already purchased and delivered to Delphi (as reflected on Delphi's Schedule F) and $115,616.96 for cancellation claims (the "Cancellation Claim") pursuant to the Debtor's purchase orders (Purchase Orders).

4. The proof of claim constitutes *prima facie* evidence of the validity, amount and legal basis of the claim against the Debtor. See Fed. R. Bankr. Proc. 3001(f); Gardner v. N.J., 329 U.S. 565, 573, 67 S.Ct. 467, 471 (1947) ("A proof of claim is, of course, *prima facie* evidence of its validity"); In re Kahn, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) ("[A] properly filed proof of claim is deemed allowed unless a party in interest objects. This provision is a codification of the well-settled practice, as expressed by Mr. Justice Holmes of 'treating a sworn proof of claim as some evidence, even when it is denied'") (quoting Whitney v. Dresser, 200 U.S. 532, 536 26 S. Ct. 316, 317 (1906)).

5. On February 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' Ninth Omnibus Objection (Docket No. 6968). On March 14, 2007, Itautec filed its Response to the Debtors' Ninth Omnibus Claims Objection (Docket No. 7241).

6. On December 18, 2007, Debtors and Itautec entered into a Settlement Agreement ("Stipulation"). In short, the Debtors withdrew their objections, allowing Itautec to claim the

{NY095909;1}

amount designated in the proof of claim ("Allowed Claim").  In return, Itautec waived its rights to assert any other claim against Debtors.

7. The Stipulation was approved by the Court on January 11, 2008 (Docket No. 12067) ("Order").

8. In their Forty-Fourth Omnibus Objection, Debtors are now, *again*, objecting to the same claim belonging to Itautec, in contravention to the Stipulation where they expressly allowed the claim.

9. The Debtor's objection to the Claim should be overruled and the claim should be allowed in its entirety, *inter alia,* for the following reasons:  *i)* The Debtors are estopped from objecting to Itautec's claim as the Debtors already agreed to the Allowed Claim pursuant to the "So Ordered" Stipulation and Itautec changed its position in reliance thereon;  *ii)* The doctrines of law of the case and res judicata preclude the Debtors from challenging Itautec's previously Allowed Claim; *iii)*  Itautec is not liable to the Debtors under any preference theory; *iv)* the doctrines of laches and accord and satisfaction preclude the Objection; *vi)* the Debtors waived the Objection to the claim; and *vii)*  equitable considerations and fairness support overruling the objection and allowing the claim in full.[2]

10. The Itautec Claim is allowable in the full, noncontingent, liquidated amount claimed of $233,753.69.

11. The Debtors may return any reply to Itautec to the attention of Joanne Gelfand, Esq., Akerman Senterfitt, 350 East Las Olas Boulevard Suite 1600, Fort Lauderdale, FL 33301, with a copy to Itautec America, Inc. Attn: Eduardo Archer de Castilho General Manager, 1935 NW 87th Ave., Doral, FL 33172.

---

[2]  Itautec reserves the right to amend this response and to assert additional defenses if this matter proceeds.  Pursuant to the Debtors' instructions, Itautec is filing a cursory response to adjourn the hearing on the objection pending a determination of Itautec's alleged preference liability.

{NY095909;1}

WHEREFORE, Itautec respectfully requests that the Court enter an Order overruling the Debtors' Objection to Claim, with prejudice, or alternatively granting a hearing on the Objection to Claim, together with such other and further relief as is equitable and just.

Dated: New York, New York
March 12, 2009

Respectfully submitted,

By:   /s/  Kathlyn M. Schwartz
          Kathlyn M. Schwartz

Susan F. Balaschak (SB 1901)
Keith N. Costa (KC 1213)
Kathlyn M. Schwartz (KS 0517)
AKERMAN SENTERFITT
335 Madison Avenue, Suite 2600
New York, NY 10017-4636
Telephone: 212.880.3800
Facsimile: 212.880.8965
*Attorneys for Itautec America, Inc.*

{NY095909;1}