# EXHIBIT 1

[EXECUTION COPY]
[DELPHI: PBR TO MERRILL]

### TRANSFER OF CLAIM AGREEMENT

SELLER:        PBR Knoxville LLC (f/k/a PBR Automotive USA LLC)

ADDRESS:       10215 Caneel Drive
               Knoxville, TN 37931
               United States
               Attention: Pres Lawhon
               Telephone: 865-670-1313
               Facsimile: 865-670-3272
               Email: pres_lawhon@pbr.com.au


BUYER:         Merrill Lynch Credit Products, LLC

ADDRESS:       4 World Financial Center, 7th Floor
               New York, New York 10080
               United States
               Attention: Christopher Moon
               Telephone: 212-449-4969
               Facsimile: 646-736-5217
               Email: chris_moon@ml.com


DATE OF THIS AGREEMENT:        July 14, 2006

DEBTOR:        Delphi Automotive Systems LLC

BANKRUPTCY CASE:    Delphi Automotive Systems LLC (Case No. 05-44640), filed in the
                    United States Bankruptcy Court for the Southern District of New York
                    (the "**Court**") and Jointly Administered with other affiliates under *In re*
                    Delphi Corporation (Case No. 05-44481 ) (the "**Case**").

PETITION DATE:      October 8, 2005

BANKRUPTCY COURT:   United States Bankruptcy Court for the Southern District of New York

TRANSFERRED CLAIM
AMOUNT:             $9,157,458.38 (the "**Transferred Claim Amount**") of valid, allowable,
                    enforceable, non-contingent, and unsubordinated unsecured pre-petition
                    claims in the Case against the Debtor in connection with and arising
                    under the Claim Documents (as defined below), compared to

- 1 -

$10,463,201.43[1], which is scheduled by the Debtor on its Amended and Restated Schedule F (the "**Scheduled Claim Amount**").

PROOFS OF CLAIM:    SELLER hereby represents and warrants that:

(i) amended proofs of claim (the "**Proofs of Claim**") have been duly and timely filed by SELLER against the Debtor and any affiliates of Debtor, including, but not limited to, Delphi Corporation (Case No. 05-44481) in the aggregate amount of $9,225,767.18, of which the general unsecured portion is $9,157,458.38, and (ii) a true and complete copy of such Proofs of Claim is attached to this Agreement as Exhibit A (such claim excluding the "Retained Claims" (as defined below) is hereinafter referred to as, the "**Claim**"), which Proofs of Claim have not been revoked, withdrawn, amended or modified and no right thereunder has been waived, and all statements in the Proofs of Claim are true and correct as of the date hereof and which Proofs of Claim were filed prior to any bar date which may have been established by the Bankruptcy Court for filing such proofs of claim.

1.    SELLER, for good and valuable consideration, does hereby irrevocably sell, convey, transfer and assign unto BUYER all of SELLER'S rights, title and interest in, to and under:

(a)    the above-referenced pre-petition Claim of SELLER against the Debtor in the above-referenced Case, including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code, as amended, any and all right to receive principal, interest and other amounts in respect of the Claim (in each case whether accruing prior to, on or after the date of this Agreement), and, to the extent relating to the Claim, all accounts, accounts receivable and other rights and interest of SELLER against the Debtor, including, without limitation, all of SELLER'S rights, title and interest in, to and under

(i) the Proofs of Claim, other than in respect of the Retained Claims (as defined below); and

(ii) all exhibits, attachments and/or supporting documentation relating thereto, filed by SELLER in the Bankruptcy Court;

(iii) all rights to receive any cash, interest, fees, expenses, damages, penalties and/or other amounts in respect of or in connection with the Claim or each of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Claim (such documents, agreements, bills and/or other documents are hereinafter referred to as the "**Claim Documents**"), including without limitation,

---

[1]    Reconciling the Transferred Claim Amount to the Scheduled Claim Amount can be done by taking the Transferred Claim Amount ($9,157,458.38) and adding the total recoupments taken by Seller ($1,285,921.47) plus certain secured/setoff claims held by Seller ($68,308.80), less certain recoupments taken by Seller in the amount of $46,411.28 for accelerated payments and cost recovery, less a disputed credit in the amount of $2,075.94 claimed by Debtor for a material escalation, yielding the Scheduled Claim Amount of $10,463,201.43.

-2-

any securities and/or other distributions made by the Debtor in respect of the Claim under or pursuant to any plan of reorganization or liquidation in the Bankruptcy Case or otherwise;

(b)  any and all claims, causes of action and/or voting rights and other rights and benefits arising under or relating to any of the foregoing; and

(c)  any and all proceeds of any of the foregoing, including, without limitation, all cash, securities or other property ("**Claim Distributions**") distributed or payable on account of, or exchanged in return for, any of the foregoing;

all of the foregoing, whether against the Debtor, or any affiliate of the Debtor, any other guarantor or other third party liable in respect thereof, being collectively referred to herein as the "**Assigned Rights**".

For the avoidance of doubt, the Claim and the Assigned Rights shall not include the following claims which are being retained by SELLER (the "**Retained Claims**"): (i) any post-petition claims of SELLER against the Debtor including, without limitation, rights, accounts, proceeds or causes of action, whether or not arising under agreements, purchase orders or contracts which give rise to the Claim; (ii) all claims or rights to (a) set off under 11 U.S.C. § 553 or applicable state law including those set forth in the amended proofs of claim dated May 11, 2006 filed by SELLER in the amount of $68,308.80 and (b) recoupment, as set forth on the face of the amended proofs of claim dated May 11, 2006 filed by SELLER in the amount of $1,285,921.47 (the "**Set Off Claims**"); (iii) all claims arising from any restructuring, repudiation, rejection, or termination of any lease, contract, or other agreement, to the extent not otherwise included in the Claim (the "**Rejection Claims**"); and (iv) all post-petition claims entitled to priority under 11 U.S.C. § 503(b) except for Reclamation Claims and Cure Claims (as defined below) (the "**Administrative Claims**").

2.  The consideration paid by BUYER to SELLER for the Assigned Rights, the sufficiency of which is hereby acknowledged by SELLER, is the purchase price (the "**Purchase Price**") set forth as Item C. on Schedule I hereto. For the avoidance of doubt, the Purchase Price is not a "cure" as set forth in 11 U.S.C. §365(b)(1) for any lease, contract, or other agreement which form the basis for the Claim. Upon receipt by BUYER of the Evidence of Transfer of Claim in the form attached hereto executed by SELLER and the execution and delivery of this Agreement by BUYER and SELLER, BUYER shall immediately, but not later than July 14, 2006, pay the Purchase Price to SELLER by wire transfer in immediately available funds to SELLER'S account on Schedule I hereto (the date of such payment, the "**Closing Date**").

3.  BUYER shall file the Evidence of Transfer of Claim in the Case promptly after the Closing Date.

4.  SELLER represents, warrants and covenants that:  (a) SELLER is duly authorized and empowered to execute, deliver and perform this Agreement and the Evidence of Transfer of Claim relating hereto; each of this Agreement and the Evidence of Transfer of Claim constitute the valid, legal and binding agreement of SELLER, enforceable against SELLER in accordance with its terms;  (b) SELLER owns and has good and marketable title to its portion of the Assigned Rights, free and clear of (i) any legal, regulatory or contractual restriction on transfer or resale, (ii) any lien, claim, charge, security interest, participation, factoring arrangement or encumbrance, or any similar claim of any nature and (iii) any and all taxes, imposts and duties of any kind; (c) neither the execution, delivery or performance of this Agreement or the Evidence of Transfer of Claim, nor consummation of the

- 3 -

NY359206.5/1124-00099

transactions contemplated hereby and thereby, will violate or contravene any law, rule, regulation or agreement affecting the SELLER or the Assigned Rights; (d) the basis for the Claim is amounts due and owing by the Debtor to SELLER in respect of certain agreements, purchase orders or contracts (in connection with goods or services provided pre-petition by SELLER to the Debtor) and the related rights under the other Claim Documents; (e) to the best of Seller's knowledge and belief, SELLER has fulfilled all of its obligations to Debtor under, and did not breach any terms or provisions of, any of the Claim Documents in a manner that would materially and adversely affect the Assigned Rights, and BUYER shall assume no obligations or liabilities in respect of the Claim or any of the Claim Documents; (f) the Claim is a valid, allowable, enforceable, non-contingent, unsubordinated pre-petition unsecured claim against the Debtor; (g) to the best of Seller's knowledge and belief and with the exception that Debtor scheduled its liability to SELLER as "Disputed" and "Unliquidated", the Claim and the Assigned Rights are not subject to any counterclaim, defense or claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, subordination or equitable subordination in a manner that would materially and adversely affect the Assigned Rights; (h) with respect to the Claim, no payment has been received by or on behalf of SELLER in full or partial satisfaction of the Claim; (i) with respect to the Claim, to the best of Seller's knowledge and belief, SELLER did not receive any payments, security interests or other transfers from Debtor during the 91 days prior to the Petition Date except payments made in the ordinary course of business of the SELLER and Debtor, on ordinary business terms, and in respect of indebtedness incurred in the ordinary course of business of the SELLER and Debtor; (j) with respect to the Claim, SELLER does not, and did not on the Petition Date, hold any funds or property of or owe any amounts or property to Debtor and has not effected or received, and shall not effect or receive, the benefit of any setoff against Debtor other than the Set Off Claims; (k) notwithstanding that Delphi Automotive Systems Tennessee, Inc. holds an interest in SELLER, to the best of SELLER'S knowledge and belief, SELLER is not, and has never been, an insider of the Debtor within the meaning of 11 U.S.C. Section 101(31) and is not, and has not been, a member of any creditors' committee appointed in the Case; (l) a true and complete list of all Claim Documents is annexed hereto as Exhibit B; to the best of SELLER'S knowledge and belief, other than the Claim Documents listed on Exhibit B, there are no other contracts, documents, stipulations or orders that could materially and adversely affect the Assigned Rights or BUYER's rights hereunder and if any additional documents are discovered, Seller will deliver them to Buyer; (m) SELLER has agreed to the Purchase Price based on its own independent investigation and credit determination and has consulted with such advisors as it believes appropriate and has not relied on any representations made by BUYER; (n) SELLER is aware that information which may be pertinent to SELLER'S decision to transfer the Assigned Rights is available to SELLER and can be obtained from the Bankruptcy Court's files or other publicly available sources; (o) SELLER is aware that the consideration received herein for the sale of the Assigned Rights may differ both in kind and amount from any distributions made pursuant to any plan of reorganization confirmed by the Bankruptcy Court in the Case and (p) notwithstanding that Delphi Automotive Systems Tennessee, Inc. holds an interest in SELLER, to the best of SELLER's knowledge and belief, SELLER has not engaged in any act, conduct or omission, or had any relationship with the Debtor, that could result in BUYER receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Rights than is received by other creditors holding unsecured claims against the Debtor generally and (q) that in the event any liens with respect to the Claim appear on the most recent UCC search of SELLER, SELLER agrees to timely obtain such releases from the parties listed on such report.

5.      BUYER represents, warrants and covenants that: (a) BUYER is duly authorized and empowered to execute, deliver and perform this Agreement and the Evidence of Transfer of Claim relating hereto; each of this Agreement and the Evidence of Transfer of Claim constitute the valid, legal and binding agreement of BUYER, enforceable against BUYER in accordance with its terms; (b) neither

- 4 -

the execution, delivery or performance of this Agreement or the Evidence of Transfer of Claim, nor consummation of the transactions contemplated hereby and thereby, will violate or contravene any law, rule, regulation or agreement affecting the BUYER or the Assigned Rights; (c) to the best of BUYER'S knowledge and belief, BUYER is not, and has never been, an insider of the Debtor within the meaning of 11 U.S.C. Section 101(31) and is not, and has not been, a member of any creditors' committee appointed in the Case; (d) BUYER has agreed to the Purchase Price based on its own independent investigation and credit determination and has consulted with such advisors as its believes appropriate and has not relied on any representations made by SELLER; (e) BUYER is aware that information which may be pertinent to Buyer's decision to purchase the Assigned Rights is available to BUYER and can be obtained from the Bankruptcy Court's files or other publicly available sources; and (f) BUYER is aware that the consideration received herein for the sale of the Assigned Rights may differ both in kind and amount from any distributions made pursuant to any plan or reorganization confirmed by the Bankruptcy Court in the Case.

6.    BUYER and SELLER each acknowledge that the other may possess material non-public information concerning the Assigned Rights and/or the Debtor. Each further acknowledges that it has not requested to receive such information and has nevertheless determined to proceed with the transaction contemplated herein, and neither shall have any liability to the other party, and each waives and releases any claims that it might have against the other (whether under applicable securities laws or otherwise), arising out of the non-disclosure of such information; provided, however, that nothing in this paragraph shall limit, contradict or render untrue any representation or warranty made by SELLER or Buyer in Paragraphs 4 and 5.

7.    Subsequent to the Closing Date, upon the occurrence of any of the following events:

(i) the allowance of all or any portion of the Claim by a Final Order (as defined below) as reclamation claims arising pursuant to 11 U.S.C. § 546 and section 2-702 of the Uniform Commercial Code (the "**Reclamation Claims**"); or

(ii) the Debtor (or any affiliate thereof) making a determination to cure the pre-petition defaults under the agreements, leases or contracts giving rise to the Claim and the Debtor thereafter obtaining an order (through a plan of reorganization or otherwise) entered by the Court authorizing the Debtor to assume or assume and assign such agreements, leases or contracts (the "**Cure Claims**");

then SELLER shall promptly, upon actual receipt of any funds relating to Reclamation Claims or Cure Claims (but no later than five business days thereafter), pay to BUYER an amount equal to that portion of the Claim subject to such allowance or cure described in clauses (i) and (ii) above (the "**RC Claims**") multiplied by the Purchase Rate (as set forth on Schedule I hereto) (such product being, the "**RC Amount**"). Upon BUYER's receipt of the RC Amount (and subject to the Residual Payment as described below), BUYER shall automatically be deemed to have assigned the RC Claims back to SELLER.

In addition to the payment of the RC Amount, SELLER shall, either (i) with respect to cash Distributions (as defined below), within five business days of the later of (A) the Distribution Date (as defined below) and (B) the date upon which BUYER delivers notice to SELLER of the Distribution, or (ii) with respect to Non-Cash Distributions, within the time periods set forth below, pay to BUYER an amount (the "**Residual Payment**") equal to the RC Claims multiplied by the difference (if positive) between (i) the distribution received by holders of Unsecured Claims (expressed as a percentage of claim amount) (such

- 5 -

percentage being the "**Standard Distribution**") and (ii) the Purchase Rate (as defined on Schedule I hereto).

The "**Distribution Date**" shall mean the date upon which a distribution has been made (a "**Distribution**"), under any plan of reorganization or liquidation of the Debtor in respect of valid, allowed, unsubordinated, unsecured pre-petition claims excluding reclamation claims, cure claims or any other claims entitled to priority under 11 U.S.C. §503(b) ("**Unsecured Claims**").

To the extent the Debtor does not make a Distribution on or before the Distribution Date, on account of any portion of the Claim as to which SELLER asserts it has a Reclamation Claim, then BUYER shall reassign to SELLER such portion and SELLER shall pay to BUYER an amount equal to such portion multiplied by the Standard Distribution.

Notwithstanding the foregoing, to the extent all or any portion of such distributions in respect of Unsecured Claims are not in the form of cash ("**Non-Cash Distributions**"), and to the extent the Non-Cash Distributions are securities that are traded on a nationally recognized exchange or over-the-counter, the parties will use the volume weighted average price at the close of business for the first 10 days of trading for the purpose of determining the Standard Distribution and, therefore, the Residual Payment. SELLER shall pay to BUYER within five business days after the 10th day of trading of said securities, the amount of the Residual Payment attributable to said securities. To the extent any portion of the distributions are neither cash nor securities, or are securities that are not traded on a nationally recognized exchange or over-the-counter, the parties will use the three-day average price of the average quoted prices from three nationally recognized market makers for such securities for the purpose of determining the Standard Distribution and, therefore, the Residual Payment. SELLER shall pay to BUYER within 5 business days after the third day of trading of said securities, the amount of the Residual Payment attributable to said securities.

The BUYER and SELLER agree that the Residual Payment shall under no circumstances exceed the amount equal to the difference between the Transferred Claim Amount and the RC Amount. The BUYER and SELLER further agree that the sum of the RC Amount and the Residual Payment shall not exceed the amount of funds actually received by SELLER on account of any Reclamation Claims or Cure Claims.

If funds or Non-Cash Distributions are distributed by Debtor to BUYER with respect to Reclamation Claims or Cure Claims, BUYER shall deliver said funds or Non-Cash Distributions (with the necessary securities transfer documentation) to SELLER within five business days of receipt and SELLER shall remit to BUYER within the time set forth in this Agreement, such amounts, if any, as required by this Agreement.

A "Final Order" shall be an order of the Bankruptcy Court which has not been reversed, stayed, modified, or amended and as to which (a) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed has been finally determined or dismissed or (b) the time to appeal (including any extensions thereof), seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed.

        8.     Except for Distributions made on account of the Retained Claims and Distributions made on account of the RC Claims, (as described in Section 7 herein), SELLER further agrees that if SELLER shall hereafter receive any Claim Distributions or any notices or other documents on account or in respect of the Assigned Rights, SELLER shall accept and hold the same on behalf of and

- 6 -

in trust for BUYER, and shall use their best efforts to deliver same forthwith to BUYER in the same form received, with the endorsement of SELLER (without recourse) where necessary or appropriate, within six (6) Business Days. SELLER acknowledges and agrees that all Claim Distributions are the property of BUYER. SELLER agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents (including but not limited to copies of any Claim Documents), and to take all such action as BUYER may reasonably request, promptly upon the request of BUYER, in order to effectuate the intent and purpose of, and to carry out the terms of, this Agreement, and to cause BUYER to become the legal and beneficial owner and holder of the Assigned Rights.

9.    SUBJECT TO SECTION 7 HEREIN, IF:

(1)    A MOTION, COMPLAINT, APPLICATION, PLAN OF REORGANIZATION OR OTHER PLEADING IS FILED (COLLECTIVELY, AN "**OBJECTION**") SEEKING TO (i) DISALLOW, REDUCE OR SUBORDINATE ALL OR ANY PORTION OF THE CLAIM TO AN AMOUNT THAT IS LESS THAN THE TRANSFERRED CLAIM AMOUNT AFTER APPLICATION BY THE PARTIES OF THE AMOUNT REPRESENTED BY SUCH DISALLOWANCE, REDUCTION OR SUBORDINATION TO THE RETAINED CLAIMS AS PROVIDED HEREIN OR (ii) PROVIDE DISTRIBUTIONS ON THE CLAIM WHICH ARE, PER DOLLAR OF CLAIM, LESS IN AMOUNT OR DIFFERENT IN NATURE OR TIMING THAN DISTRIBUTIONS ON UNSECURED CLAIMS GENERALLY, AND SUCH OBJECTION IS NOT RESOLVED AND, SUBJECT TO SECTION 10 BELOW, THE CLAIM IS NOT SETTLED WITHIN TWO-HUNDRED TEN (210) DAYS OF THE DATE OF SUCH OBJECTION;

(2)    THE COURT ENTERS A FINAL ORDER DISALLOWING, REDUCING OR SUBORDINATING ALL OR ANY PORTION OF THE CLAIM TO AN AMOUNT THAT IS LESS THAN THE TRANSFERRED CLAIM AMOUNT AFTER APPLICATION BY THE PARTIES OF THE AMOUNT REPRESENTED BY SUCH DISALLOWANCE, REDUCTION OR SUBORDINATION TO THE RETAINED CLAIMS AS PROVIDED HEREIN OR TO PROVIDE DISTRIBUTIONS ON THE CLAIM WHICH ARE, PER DOLLAR OF CLAIM, LESS IN AMOUNT OR DIFFERENT IN NATURE OR TIMING THAN DISTRIBUTIONS ON UNSECURED CLAIMS GENERALLY;

(3)    ANY PORTION OF THE CLAIM IS THEREAFTER SCHEDULED BY THE DEBTOR AS CONTINGENT, OR IS SCHEDULED BY THE DEBTOR IN AN AMOUNT LESS THAN THE TRANSFERRED CLAIM AMOUNT;

(4) IF BUYER IS NOT SUBSTITUTED FOR SELLER TO THE EXTENT OF THE CLAIM; OR

(5) A FINAL ORDER IS NOT ENTERED BY THE BANKRUPTCY COURT ALLOWING THE CLAIM AS A VALID, ALLOWABLE, ENFORCEABLE, NON-CONTINGENT, LIQUIDATED, UNSUBORDINATED AND NON-DISPUTED UNSECURED CLAIM IN THE CASE OR THE CLAIM IS NOT OTHERWISE ALLOWED BY THE EFFECTIVE DATE OF A PLAN OF REORGANIZATION OF THE DEBTOR (ANY OF THE FOREGOING EVENTS IS REFERRED TO HEREIN AS AN "**IMPAIRMENT**" WITH RESPECT TO THE PORTION SO AFFECTED);

SELLER SHALL REPURCHASE SUCH PORTION (THE "**DISALLOWED CLAIM**") BY PAYING WITHIN 6 BUSINESS DAYS OF RECEIPT OF WRITTEN DEMAND FROM BUYER, CASH IN AN AMOUNT EQUAL TO THE SUM OF ALL AMOUNTS PAID BY BUYER HEREUNDER LESS THE RC AMOUNT, IF ANY, MULTIPLIED BY A FRACTION, THE

- 7 -

NUMERATOR OF WHICH SHALL BE THE PORTION OF THE CLAIM THAT IS SUBJECT TO THE IMPAIRMENT, AND THE DENOMINATOR OF WHICH SHALL BE THE TRANSFERRED CLAIM AMOUNT LESS THE AMOUNT OF THE RC CLAIMS, IF ANY, TOGETHER WITH INTEREST THEREON FROM THE DATE HEREOF TO THE DATE OF SUCH REPAYMENT AT THE RATE OF SIX AND ONE-HALF PERCENT (6.5%) PER ANNUM FOR THE APPLICABLE PERIOD. BUYER'S DEMAND FOR SUCH PAYMENT SHALL NOT BE DEEMED AN ELECTION OF REMEDIES OR A LIMITATION ON ANY OTHER RIGHTS THAT BUYER MAY HAVE HEREUNDER OR UNDER APPLICABLE LAW. IN THE EVENT THAT SELLER REPURCHASES ALL OR ANY PORTION OF THE CLAIM FROM BUYER, THEN BUYER SHALL EXECUTE AND DELIVER ALL DOCUMENTS REASONABLY REQUESTED BY SELLER TO EFFECTUATE SUCH REPURCHASE. SELLER FURTHER AGREES TO REIMBURSE BUYER FOR ALL REASONABLE COSTS AND EXPENSES, INCLUDING REASONABLE LEGAL FEES AND COSTS, INCURRED BY BUYER AS A RESULT OF SUCH IMPAIRMENT.

FOR THE AVOIDANCE OF DOUBT, AS BETWEEN SELLER AND BUYER, ANY DISALLOWANCE, IMPAIRMENT OR SUBORDINATION OF SELLER'S CLAIMS AGAINST THE DEBTOR SHALL BE APPLIED TO THE RETAINED CLAIMS BEFORE BEING APPLIED TO THE CLAIM.

10.    In the event a third party (including, without limitation, the Debtor) commences any proceeding (including, without limitation, a proceeding initiated by the filing of a motion, objection, demand, letter, pleading, or other proceeding), the result of which will, if successful, result in an Impairment (an "**Impairment Proceeding**"), SELLER shall have the sole right to defend such Impairment Proceeding; provided that, neither SELLER's defense of such Impairment Proceeding, nor any settlement or judicial resolution thereof, shall in any way limit SELLER's obligations to BUYER under this Agreement. SELLER shall not make any settlement or adjustment in any Impairment Proceeding without the BUYER's prior written consent, which consent shall in all cases be promptly provided unless such settlement, adjustment or other resolution would (i) require BUYER to undertake the performance of any obligations not otherwise required under the terms of this Agreement; or (ii) result in BUYER incurring liability for which it is not indemnified under this Agreement. For the avoidance of doubt, SELLER acknowledges and agrees that any consent given by BUYER under this Section shall not affect in any way BUYER's rights and remedies under any provision of this Agreement or otherwise.

11.    Notwithstanding anything in this Agreement to the contrary, each of the BUYER and SELLER acknowledge and agree that BUYER shall have no right to repayment from SELLER for any Impairment of the Claim and any related rights (including but not limited to voting rights in the Case) arising out of or in connection with BUYER'S breach of any obligations BUYER may have under that certain Final Order Under 11 U.S.C. §§ 105, 362, and 541 and Fed. R. Bankr. P. 3001 (A) Establishing Notification Procedures Applicable to Substantial Holders of Claims and Equity Securities and (B) Establishing Notification and Hearing Procedures for Trading in Claims and Equity Securities ("**Final Trading Order**") dated January 6, 2006. SELLER shall have no obligation to help BUYER perform any of BUYER'S obligations under the Final Trading Order or have any obligation to assist BUYER in defense of any actions or claim arising against BUYER in connection with the Final Trading Order.

12.    SELLER hereby irrevocably appoints BUYER as its true and lawful attorney-in-fact with respect to the Claim and authorizes BUYER to act in SELLER'S name, place and stead, to demand, sue for, compromise and recover all such sums of money which are, or may hereafter become due and payable for, or on account of the Claim herein assigned, to vote the Claim, to file proofs of claim with respect thereto or to otherwise effectuate the intent of this Agreement. Except as provided above in

- 8 -

paragraph 10, SELLER hereby grants unto BUYER full authority to do all things necessary to enforce the Claim and SELLER'S rights thereunder. SELLER agrees that the powers granted in this paragraph are discretionary in nature and exercisable at the sole option of BUYER. BUYER shall have no obligation to, prove, defend, or take any affirmative action with respect to proving the validity of the Claim. BUYER agrees to consult with SELLER with respect to any action contemplated under this paragraph and to promptly notify SELLER of any actions taken hereunder. Notwithstanding anything herein to the contrary, such appointment and the rights conveyed herein shall terminate upon and with respect to any reassignment of any portion of the Claim pursuant to this Agreement.

13. SELLER agrees to indemnify and hold BUYER and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from (i) any act or omission by SELLER in connection with or in any way related to the Claim that constitutes an Impairment of the Claim, (ii) SELLER'S breach of any of SELLER'S representations, warranties, covenants or agreements set forth herein or (iii) any obligation of SELLER or BUYER to disgorge, in whole or in part, or otherwise reimburse (by setoff or otherwise) the Debtor or any other person or entity for any payments, distributions, property, setoffs or recoupments received, applied or effected by or for the account of SELLER under or in connection with the Claim.

14. BUYER agrees to indemnify and hold SELLER and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from BUYER'S breach of any of BUYER'S representations, warranties, covenants or agreements set forth in this Agreement.

15. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and shall inure to the benefit of the successors and assigns of any party hereto; provided, however, that the obligations of SELLER and BUYER contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied. This Agreement shall be governed by the laws of the State of New York. Each party submits to the jurisdiction of the federal or state courts located in the City of New York, State of New York and agrees that any litigation relating to this Agreement shall be brought only in such courts. Each party hereto consents to service of process by certified mail at its address listed above. This Agreement may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but all of which, together constitute one and the same instrument.

16. SELLER HEREBY WAIVES ANY NOTICE REQUIREMENT IMPOSED BY BANKRUPTCY RULE 3001(e), AND CONSENTS TO THE SUBSTITUTION OF BUYER FOR SELLER FOR ALL PURPOSES WITH RESPECT TO THE CLAIM, INCLUDING, WITHOUT LIMITATION, FOR VOTING AND DISTRIBUTION PURPOSES WITH RESPECT TO THE CLAIM. SELLER AND BUYER AGREE THAT BUYER MAY FILE THIS AGREEMENT, THE EVIDENCE OF TRANSFER OF CLAIM OR OTHER APPROPRIATE NOTICE WITH THE BANKRUPTCY COURT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e).

- 9 -

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the date first written above.

SELLER:

**PBR KNOXVILLE LLC**

By: _____
Name: Fred Lawton
Title: General Manager

BUYER:

**MERRILL LYNCH CREDIT PRODUCTS, LLC**

By: _____
Name:
Title:

Buyer's Wire Instructions:

JPMorgan Chase Bank
ABA #: 021-000-021
Account Name: Merrill Lynch Credit Products, LLC
A/C Number: 066-622271
Attn: B. Buttenmuller
Ref: Delphi Automotive Systems LLC Trade Claim from PBR Knoxville LLC

- 10 -

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives as of the date first written above.

SELLER:

**PBR KNOXVILLE LLC**

By:_____
Name:
Title:

BUYER:

**MERRILL LYNCH CREDIT PRODUCTS, LLC**

By:_____
Name:  Thom Torok
Title:  Vice President

Buyer's Wire Instructions:

JPMorgan Chase Bank
ABA #: 021-000-021
Account Name: Merrill Lynch Credit Products, LLC
A/C Number: 066-622271
Attn: B. Buttenmuller
Ref: Delphi Automotive Systems LLC Trade Claim from PBR Knoxville LLC

- 10 -

NY359206.5/1124-00099

## EVIDENCE OF TRANSFER OF CLAIM

TO:  Clerk, United States Bankruptcy Court, Southern District of New York

AND TO: MERRILL LYNCH CREDIT PRODUCTS, LLC

    PBR KNOXVILLE LLC, a corporation organized under the laws of Delaware, with offices located at 10215 Caneel Drive, Knoxville, TN 37931 ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of a Transfer of Claim Agreement dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to MERRILL LYNCH CREDIT PRODUCTS, LLC, its successors and assigns, with offices located at 4 World Financial Center, 7th Floor, New York, NY 10080 ("Buyer"), all right, title and interest in and to the unsecured claims in the amount of $9,157,458.38 of Seller against Delphi Automotive Systems LLC, and its affiliates, docketed as Claim No. 5980 (the "Claims") in the United States Bankruptcy Court, Southern District of New York, Case No. 44640 (Jointly Administered under Case No. 05-44481 *in re* Delphi Corporation); provided, however, that SELLER does not assign and expressly reserves all right, title and interest in and to the secured claims/setoff in the amount of $68,308.60 and any recoupment claims, against Delphi Automotive Systems LLC, and its affiliates, as part of Claim No. 5980.

    Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other

communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the 14th day of July, 2006.

WITNESS:

_Tim Ball_

_(Signature)_

Name: Tim Ball
Title: Financial Controller
(Print name and title of witness)


WITNESS:

_____

(Signature)

Name:
Title:
(Print name and title of witness)

**PBR KNOXVILLE LLC**

By: _____
(Signature of authorized corporate officer)

Name: Pres Lawhon
Title: General Manager
Tel.: (865) 670-3206


**MERRILL LYNCH CREDIT PRODUCTS, LLC**

By: _____
(Signature of authorized corporate officer)

Name:
Title:
Tel.:


- 12 -

communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated as of the _____ day of July, 2006.

**PBR KNOXVILLE LLC**

WITNESS:

_____          By:_____
(Signature)                                 (Signature of authorized corporate officer)

Name:                                       Name:
Title:                                      Title:
(Print name and title of witness)           Tel.:


**MERRILL LYNCH CREDIT PRODUCTS, LLC**

WITNESS:

_____          By:_____
(Signature)                                 (Signature of authorized corporate officer)

Name: *Christopher Moon*                    Name: *Ron Torok*
Title:                                      Title: *Vice President*
(Print name and title of witness)           Tel.: *212 449-4969*

- 12 -

## SCHEDULE I

### PURCHASE PRICE CALCULATION

A.  Transferred Claim Amount:                          $9,157,458.38

B.  Purchase Rate:                                     · 66.50%

C.  Purchase Price (A x B):                            $6,089,709.82

Seller's Wire Instructions:

First Tennessee Bank
Memphis, TN

| | |
|---|---|
| ABA: | 084000026 |
| Account # | 100079418 |
| Account Name: | PBR Knoxville LLC |

- 13 -

NY359206.5/1124-00099

EXHIBIT A


**[PROOFS OF CLAIM]**

- 14 -

FORM B10 (Official Form 10) (10/05)

**AMENDED**

| UNITED STATES BANKRUPTCY COURT    Southern | DISTRICT OF    New York | PROOF OF CLAIM |
|---|---|---|

Name of Debtor
Delphi Automotive Systems LLC

Case Number
05-44640

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
PBR Knoxville LLC

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
PBR Knoxville LLC
Attn. Pres Lawhon
13315 Daniel Dr
Knoxville, TN 37931
Telephone number: (865) 670-1513

☐ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☒ amends a previously filed claim, dated: 5/2/06

**1. Basis for Claim**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #:
  Unpaid compensation for services performed
  from _____ to _____
       (date)      (date)

**2. Date debt was incurred:**
Date goods shipped.

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 9,157,458.38*
*($150,511,688 65 less recoupments of $1,285,991.47**)
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. **less secured claim/setoff of $68,308.80

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority

Amount entitled to priority $ _____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000,)* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☒ Other Setoff
Value of Collateral: $ 68,308.80

Amount of arrearage and other charges at time case filed included in secured claim, if any: $

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**

| $9,157,458.38 | $68,308.80 | 0 | $9,225,767.18 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date
11 May 2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

Pres Lawhon
General Manager

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## APPENDIX TO PBR KNOXVILLE LLC PROOF OF CLAIM

PBR Knoxville LLC ("PBR Knoxville") holds pre-petition claims against Delphi Automotive Systems LLC ("Delphi Automotive" or the "Debtor")[1] as set forth in the attached Proof of Claim (the "Claim").

Upon information and belief, documents supporting the Claim are in the possession of Delphi Automotive. The numerous invoices, purchase orders, contracts and other supporting documents are too voluminous to attach to the Claim. However, PBR Knoxville has attached hereto a summary of its Claim.

PBR Knoxville is a party to various pre-petition agreements and arrangements with Delphi Automotive, pursuant to which PBR Knoxville could be deemed to hold a prepetition claim on account of claims that are not currently liquidated, or which remain contingent. A summary of all potential unliquidated contingent claims would be unduly burdensome, if not impossible. PBR Knoxville reserves all of its rights with respect to claims under its agreements or arrangements with Delphi Automotive or any of the Debtors.

PBR Knoxville further reserves its rights to amend, modify or supplement this proof of claim at any time, including, without limitation, to assert claims on account of: (i) other obligations arising under agreements or arrangements or otherwise that may be deemed to be prepetition in nature; (ii) indemnification, setoff, recoupment or other rights; (iii) any consequential or other contractual damages; and (iv) any other causes of action sounding in contract, tort or otherwise, under statute or other applicable law, including counterclaims, relating to PBR Knoxville's agreements, arrangements and dealings with Delphi Automotive. PBR Knoxville further reserves the right to assert any administrative claims against the Debtor arising under agreements, arrangements or otherwise, including without limitation any right to assert that some or all of the amounts due are not prepetition claims.

---

[1] The contracts, purchase orders and other documents that form the basis for the claims are between PBR Knoxville and Delphi Energy & Chassis Systems. While Delphi Automotive's Schedule F lists PBR Knoxville as a creditor and its Schedule G lists executory contracts with PBR Knoxville, PBR Knoxville is uncertain if Delphi Energy & Chassis Systems is a division of Delphi Automotive or Delphi Corporation. Therefore, out of an abundance of caution, PBR Knoxville is filing identical claims in both cases.

PBR Knoxville LLC
Delphi Prepetition Debt

| OUTSTANDING DEBT DUE TO PBR | PBR | |
|---|---|---|
| **1. Product Delivered & Debt Due** | | |
| Product | 10,511,688.65 | Note 1 |
| Tooling | | |
| Obsolete inventory claims | | |
| Other claims | | |
| Other claims | | |
| SUB TOTAL | 10,511,688.65 | |
| **TOTAL DEBT DUE FROM DELPHI TO PBR** | 10,511,688.65 | |
| **2. Deduct PBR debt due to Delphi** | | |
| Discounts for Accelerated Payments | (37,367.28) | |
| Pad Pass Thru - 1/1/05 - 6/30/05 | (982,150.51) | Note 2 |
| Pad Pass Thru - 1/1/05-10/07/05 | (156,984.00) | Note 3 |
| Pad Pass Thru - 10/08/05 - 12/31/05 | (41,664.00) | Note 3 |
| Other claims - Accepted Cost Recovery | (9,044.00) | |
| Overpayments- productivity credits not taken | (58,711.68) | |
| **TOTAL DEBT DUE FROM PBR TO DELPHI** | (1,285,921.47) | |
| | | |
| **NET DEBT DUE FROM DELPHI TO PBR before set** | 9,225,767.18 | |

Note 1: See attached detail for invoice number, ship date and amount.

| | Contract Number | Part Number | Amount |
|---|---|---|---|
| Note 2: $982,150.51 Pad pass thru | 550003173 | 18041703/4 | $ 208,165.10 |
| | 550000694 | 18041703/4 | $ - |
| | 550038367 | 18049691/2 | $ 157,157.55 |
| | 550004966 | 18044786/7 | $ 16,994.21 |
| | 550053219 | 18064568/70 | $ - |
| | 550050403 | 18064568/70 | $ 456,560.52 |
| | 550006253 | 18048556/7 | $ 143,273.13 |
| | | Total | $ 982,150.51 |

| | | | |
|---|---|---|---|
| Note 3: $156,984 and $41,664 pad pass thru | 550004966 | 18044786/7 | $ 198,648.00 |

Set Off / Secured Claim: Overpayments - invoice paid by Bosch          $  68,308.80

Total Unsecured Claim          $9,157,458.38

Grand Total          $9,225,767.18

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---|---|---|
| 24561 | 7/29/2005 | 8,961.66 |
| 24975 | 8/30/2005 | 40,175.10 |
| 24981 | 8/30/2005 | 40,175.10 |
| 24988 | 8/31/2005 | 17,745.99 |
| 24989 | 8/31/2005 | 418.34 |
| 24993 | 9/1/2005 | 99,389.70 |
| 24996 | 8/31/2005 | 44,577.92 |
| 24998 | 8/31/2005 | 44,634.74 |
| 25001 | 8/31/2005 | 44,577.92 |
| 25002 | 8/31/2005 | 67,038.88 |
| 25003 | 8/31/2005 | 67,082.08 |
| 25011 | 9/1/2005 | 49,093.58 |
| 25016 | 9/1/2005 | 49,093.58 |
| 25017 | 9/1/2005 | 67,038.88 |
| 25018 | 9/1/2005 | 43,146.00 |
| 25019 | 9/1/2005 | 67,038.88 |
| 25020 | 9/1/2005 | 27,089.28 |
| 25022 | 9/1/2005 | 107,865.00 |
| 25023 | 9/2/2005 | 49,093.58 |
| 25026 | 9/2/2005 | 49,115.56 |
| 25029 | 9/2/2005 | 49,093.58 |
| 25030 | 9/2/2005 | 67,038.88 |
| 25031 | 9/2/2005 | 75,465.72 |
| 25032 | 9/2/2005 | 67,082.08 |
| 25034 | 9/2/2005 | 32,381.46 |
| 25036 | 9/2/2005 | 74,495.52 |
| 25037 | 9/2/2005 | 129,438.00 |
| 25039 | 9/6/2005 | 44,655.94 |
| 25041 | 9/6/2005 | 44,655.94 |
| 25043 | 9/6/2005 | 129,438.00 |
| 25045 | 9/6/2005 | 44,655.94 |
| 25047 | 9/6/2005 | 44,655.94 |
| 25049 | 9/6/2005 | 44,577.92 |
| 25051 | 9/6/2005 | 44,699.82 |
| 25053 | 9/6/2005 | 54,178.56 |
| 25054 | 9/7/2005 | 72,160.00 |
| 25055 | 9/7/2005 | 77,697.40 |
| 25057 | 9/7/2005 | 53,617.60 |
| 25059 | 9/7/2005 | 53,617.60 |
| 25062 | 9/7/2005 | 53,617.60 |
| 25064 | 9/7/2005 | 53,617.60 |
| 25065 | 9/7/2005 | 75,465.72 |
| 25067 | 9/7/2005 | 53,617.60 |
| 25068 | 9/7/2005 | 86,292.00 |
| 25070 | 9/7/2005 | 40,833.92 |
| 25071 | 9/8/2005 | 49,156.76 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---|---|---|
| 25074 | 9/8/2005 | 53,617.60 |
| 25075 | 9/8/2005 | 49,158.76 |
| 25077 | 9/8/2005 | 4,119.53 |
| 25078 | 9/8/2005 | 15,936.46 |
| 25079 | 9/8/2005 | 2,503.21 |
| 25080 | 9/8/2005 | 20.59 |
| 25081 | 9/8/2005 | 1,486.43 |
| 25082 | 9/8/2005 | 57,213.51 |
| 25083 | 9/8/2005 | 43,428.09 |
| 25084 | 9/8/2005 | 53,617.60 |
| 25086 | 9/8/2005 | 61,744.68 |
| 25087 | 9/8/2005 | 49,158.76 |
| 25089 | 9/8/2005 | 74,495.52 |
| 25090 | 9/8/2005 | 54,710.52 |
| 25091 | 9/9/2005 | 53,617.60 |
| 25093 | 9/9/2005 | 53,617.60 |
| 25095 | 9/9/2005 | 49,136.76 |
| 25096 | 9/9/2005 | 53,617.60 |
| 25099 | 9/9/2005 | 75,465.72 |
| 25101 | 9/9/2005 | 53,617.60 |
| 25103 | 9/9/2005 | 132,550.08 |
| 25104 | 9/9/2005 | 74,495.52 |
| 25106 | 9/9/2005 | 129,438.00 |
| 25114 | 9/12/2005 | 75,465.72 |
| 25120 | 9/12/2005 | 110,204.55 |
| 25121 | 9/12/2005 | 74,495.52 |
| 25124 | 9/12/2005 | 129,438.00 |
| 25191 | 9/19/2005 | 49,136.76 |
| 25193 | 9/19/2005 | 49,136.76 |
| 25195 | 9/19/2005 | 49,136.76 |
| 25196 | 9/19/2005 | 49,136.76 |
| 25203 | 9/19/2005 | 49,136.76 |
| 25207 | 9/20/2005 | 49,114.78 |
| 25209 | 9/20/2005 | 49,114.78 |
| 25211 | 9/20/2005 | 49,114.78 |
| 25214 | 9/20/2005 | 49,114.78 |
| 25216 | 9/20/2005 | 49,114.78 |
| 25218 | 9/20/2005 | 74,495.52 |
| 25221 | 9/20/2005 | 49,051.16 |
| 25223 | 9/21/2005 | 53,638.82 |
| 25225 | 9/21/2005 | 53,638.82 |
| 25227 | 9/21/2005 | 53,617.60 |
| 25229 | 9/21/2005 | 1,433.98 |
| 25230 | 9/21/2005 | 17,041.34 |
| 25231 | 9/21/2005 | 17,041.34 |
| 25232 | 9/21/2005 | 672.52 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---|---|---|
| 25233 | 9/21/2005 | 92,455.34 |
| 25234 | 9/21/2005 | 58,678.32 |
| 25235 | 9/21/2005 | 2,705.98 |
| 25237 | 9/21/2005 | 90,200.00 |
| 25238 | 9/21/2005 | 75,465.72 |
| 25240 | 9/21/2005 | 53,617.60 |
| 25242 | 9/21/2005 | 53,617.60 |
| 25244 | 9/21/2005 | 74,495.52 |
| 25245 | 9/21/2005 | 111,482.46 |
| 25247 | 9/21/2005 | 26,884.98 |
| 25249 | 9/21/2005 | 26,798.58 |
| 25252 | 9/21/2005 | 129,438.00 |
| 25254 | 9/21/2005 | 49,136.76 |
| 25256 | 9/21/2005 | 53,617.60 |
| 25258 | 9/21/2005 | 49,136.76 |
| 25260 | 9/21/2005 | 43,148.00 |
| 25264 | 9/21/2005 | 40,153.90 |
| 25266 | 9/21/2005 | 74,495.52 |
| 25269 | 9/21/2005 | 40,153.12 |
| 25272 | 9/23/2005 | 44,677.92 |
| 25274 | 9/23/2005 | 49,136.76 |
| 25276 | 9/23/2005 | 44,677.92 |
| 25278 | 9/23/2005 | 75,465.72 |
| 25281 | 9/23/2005 | 44,677.92 |
| 25283 | 9/23/2005 | 49,136.76 |
| 25285 | 9/23/2005 | 43,148.00 |
| 25288 | 9/23/2005 | 74,495.52 |
| 25290 | 9/23/2005 | 129,438.00 |
| 25291 | 9/23/2005 | 31,365.82 |
| 25294 | 9/26/2005 | 49,136.76 |
| 25296 | 9/26/2005 | 49,136.76 |
| 25298 | 9/26/2005 | 49,136.76 |
| 25301 | 9/26/2005 | 75,465.72 |
| 25302 | 9/26/2005 | 49,136.76 |
| 25304 | 9/26/2005 | 49,136.76 |
| 25306 | 9/26/2005 | 39,555.90 |
| 25309 | 9/26/2005 | 74,495.52 |
| 25311 | 9/26/2005 | 40,197.88 |
| 25313 | 9/27/2005 | 49,136.76 |
| 25315 | 9/27/2005 | 49,136.76 |
| 25317 | 9/27/2005 | 49,136.76 |
| 25319 | 9/27/2005 | 49,136.76 |
| 25322 | 9/27/2005 | 49,136.76 |
| 25324 | 9/27/2005 | 67,723.20 |
| 25325 | 9/28/2005 | 2,935.96 |
| 25326 | 9/28/2005 | 49,929.30 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---|---|---|
| 25329 | 9/29/2005 | 2,806.21 |
| 25339 | 9/28/2005 | 61,744.68 |
| 25342 | 9/28/2005 | 111,465.99 |
| 25345 | 9/28/2005 | 54,178.56 |
| 25369 | 9/30/2005 | 53,617.80 |
| 25371 | 9/30/2005 | 53,574.40 |
| 25373 | 9/30/2005 | 53,574.40 |
| 25378 | 9/30/2005 | 40,131.92 |
| 25385 | 10/3/2005 | 49,136.76 |
| 25387 | 10/3/2005 | 49,136.76 |
| 25389 | 10/3/2005 | 49,136.76 |
| 25390 | 10/3/2005 | 75,465.72 |
| 25392 | 10/3/2005 | 49,136.76 |
| 25393 | 10/3/2005 | 50,593.68 |
| 25394 | 10/3/2005 | 74,495.52 |
| 25397 | 10/3/2005 | 49,136.76 |
| 25399 | 10/3/2005 | 31,235.44 |
| 25402 | 10/4/2005 | 49,136.76 |
| 25404 | 10/4/2005 | 44,677.92 |
| 25406 | 10/4/2005 | 49,136.76 |
| 25407 | 10/4/2005 | 75,465.72 |
| 25409 | 10/4/2005 | 49,158.76 |
| 25410 | 10/4/2005 | 74,495.52 |
| 25412 | 10/4/2005 | 35,694.28 |
| 25415 | 10/4/2005 | 44,677.92 |
| 25417 | 10/4/2005 | 35,802.66 |
| 25420 | 10/4/2005 | 49,136.76 |
| 25422 | 10/4/2005 | 49,136.76 |
| 25424 | 10/4/2005 | 49,136.76 |
| 25425 | 10/5/2005 | 548.86 |
| 25426 | 10/5/2005 | 18,860.97 |
| 25427 | 10/5/2005 | 28,984.00 |
| 25428 | 10/5/2005 | 43,298.00 |
| 25429 | 10/5/2005 | 1,754.68 |
| 25432 | 10/4/2005 | 49,136.76 |
| 25433 | 10/4/2005 | 75,465.72 |
| 25434 | 10/4/2005 | 133,688.34 |
| 25435 | 10/4/2005 | 74,495.52 |
| 25436 | 10/4/2005 | 49,136.76 |
| 25441 | 10/4/2005 | 31,235.44 |
| 25442 | 10/4/2005 | 130,069.80 |
| 25444 | 10/5/2005 | 49,136.76 |
| 25446 | 10/5/2005 | 49,136.76 |
| 25448 | 10/5/2005 | 49,136.76 |
| 25452 | 10/5/2005 | 22,317.76 |
| 25454 | 10/5/2005 | 49,136.76 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---------|-----------|--------|
| 25455 | 10/6/2005 | 74,495.52 |
| 25456 | 10/6/2005 | 75,879.54 |
| 25458 | 10/6/2005 | 49,136.76 |
| 25459 | 10/6/2005 | 130,069.80 |
| 25469 | 10/7/2005 | 75,465.72 |
| 25473 | 10/7/2005 | 74,495.52 |
| 25474 | 10/7/2005 | 90,326.25 |
| 25105 | 9/9/2005 | 687.00 |
| Total | | 10,511,688.85 |

FORM B10 (Official Form 10) (10/05)                                    **AMENDED**

| UNITED STATES BANKRUPTCY COURT   Southern   DISTRICT OF   New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
  Delphi Corporation

Case Number:
  05-44481

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

  PBR Knoxville LLC

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
  PBR Knoxville LLC
  Attn: Fred Lawhon
  10215 Tuneel Dr
  Knoxville, TN 37931
  Telephone number  (865) 679-1119

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☒ amends   a previously filed claim, dated: 5/2/06

| 1.   Basis for Claim | |
|---|---|
| ☒ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Last four digits of your SS #: |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other _____ | (date)           (date) |

2.   Date debt was incurred:
  Date goods shipped

3.   If court judgment, date obtained:

4.   **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $ 9,157,458.38*

☒ *($10.5)1,689 to less receoupments of $1.235,921.474*) Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. **relief of this and at**

Secured Claim

☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other setoff
Value of Collateral: $ 68,308.80

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

Unsecured Priority Claim

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ _____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5.   Total Amount of Claim at Time Case Filed:

$9,157,458.38  $68,308.80   0   $9,225,767.18
(unsecured)   (secured)   (priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6.   **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

7.   **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8.   **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date
  11 May 2006

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

  Fred Lawhon
  General Manager

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## APPENDIX TO PBR KNOXVILLE LLC PROOF OF CLAIM

PBR Knoxville LLC ("PBR Knoxville") holds pre-petition claims against Delphi Corporation ("Delphi Corporation" or the "Debtor")[1] as set forth in the attached Proof of Claim (the "Claim").

Upon information and belief, documents supporting the Claim are in the possession of Delphi Corporation. The numerous invoices, purchase orders, contracts, and other supporting documents are too voluminous to attach to the Claim. However, PBR Knoxville has attached hereto a summary of its Claim.

PBR Knoxville is a party to various pre-petition agreements and arrangements with Delphi Corporation, pursuant to which PBR Knoxville could be deemed to hold a prepetition claim on account of claims that are not currently liquidated, or which remain contingent. A summary of all potential unliquidated contingent claims would be unduly burdensome, if not impossible. PBR Knoxville reserves all of its rights with respect to claims under its agreements or arrangements with Delphi Corporation or any of the Debtors.

PBR Knoxville further reserves its rights to amend, modify or supplement this proof of claim at any time, including, without limitation, to assert claims on account of: (i) other obligations arising under agreements or arrangements or otherwise that may be deemed to be prepetition in nature; (ii) indemnification, setoff, recoupment or other rights; (iii) any consequential or other contractual damages; and (iv) any other causes of action sounding in contract, tort or otherwise, under statute or other applicable law, including counterclaims, relating to PBR Knoxville's agreements, arrangements and dealings with Delphi Corporation. PBR Knoxville further reserves the right to assert any administrative claims against the Debtor arising under agreements, arrangements or otherwise, including without limitation any right to assert that some or all of the amounts due are not prepetition claims.

---

[1] The contracts, purchase orders and other documents that form the basis for the claims are between PBR Knoxville and Delphi Energy & Chassis Systems. While Delphi Automotive's Schedule F lists PBR Knoxville as a creditor and its Schedule G lists executory contracts with PBR Knoxville, PBR Knoxville is uncertain if Delphi Energy & Chassis Systems is a division of Delphi Automotive or Delphi Corporation. Therefore, out of an abundance of caution, PBR Knoxville is filing identical claims in both cases.

DETR_117767.1

PBR Knoxville LLC
Delphi Prepetition Debt

| OUTSTANDING DEBT DUE TO PBR | PBR | |
|---|---|---|
| **1. Product Delivered & Debt Due** | | |
| Product | 10,511,688.65 | Note 1 |
| Tooling | | |
| Obsolete inventory claims | | |
| Other claims | | |
| Other claims | | |
| SUB TOTAL | 10,511,688.65 | |
| TOTAL DEBT DUE FROM DELPHI TO PBR | 10,511,688.65 | |
| **2. Deduct PBR debt due to Delphi** | | |
| Discounts for Accelerated Payments | (37,367.28) | |
| Pad Pass Thru - 1/1/05 - 6/30/05 | (982,150.51) | Note 2 |
| Pad Pass Thru - 1/1/05-10/07/05 | (156,984.00) | Note 3 |
| Pad Pass Thru - 10/08/05 - 12/31/05 | (41,664.00) | Note 3 |
| Other claims - Accepted Cost Recovery | (9,044.00) | |
| Overpayments- productivity credits not taken | (58,711.88) | |
| TOTAL DEBT DUE FROM PBR TO DELPHI | (1,285,921.47) | |
| | | |
| NET DEBT DUE FROM DELPHI TO PBR before set | 9,225,767.18 | |

Note 1: See attached detail for invoice number, ship date and amount.

| | | Contract Number | Part Number | Amount |
|---|---|---|---|---|
| Note 2: $982,150.51 Pad pass thru | | 550003173 | 18041703/4 | $ 206,165.10 |
| | | 550000694 | 18041703/4 | $ - |
| | | 550038357 | 18049691/2 | $ 157,157.55 |
| | | 550004986 | 18044786/7 | $ 16,994.21 |
| | | 550053219 | 18084569/70 | $ - |
| | | 550050403 | 18084569/70 | $ 458,560.52 |
| | | 550006253 | 18048556/7 | $ 143,273.13 |
| | | | Total | $ 982,150.51 |
| | | | | |
| Note 3: $156,984 and $41,664 pad pass thru | | 550004986 | 18044786/7 | $ 198,648.00 |
| | | | | |
| Set Off / Secured Claim: Overpayments - invoice paid by Bosch | | | | $ 68,308.80 |
| | | | | |
| Total Unsecured Claim | | | | $9,157,458.38 |
| | | | | |
| Grand Total | | | | $9,225,767.18 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---------|-----------|--------|
| 24561 | 7/29/2005 | 8,961.65 |
| 24975 | 8/30/2005 | 40,175.10 |
| 24981 | 8/30/2005 | 40,175.10 |
| 24988 | 8/31/2005 | 17,745.99 |
| 24989 | 8/31/2005 | 418.34 |
| 24993 | 9/1/2005 | 99,389.70 |
| 24996 | 8/31/2005 | 44,877.92 |
| 24998 | 8/31/2005 | 44,634.74 |
| 25001 | 8/31/2005 | 44,877.92 |
| 25002 | 8/31/2005 | 67,038.88 |
| 25003 | 8/31/2005 | 67,082.08 |
| 25011 | 9/1/2005 | 49,093.58 |
| 25016 | 9/1/2005 | 49,093.58 |
| 25017 | 9/1/2005 | 67,038.88 |
| 25018 | 9/1/2005 | 43,146.00 |
| 25019 | 9/1/2005 | 67,038.88 |
| 25020 | 9/1/2005 | 27,089.28 |
| 25022 | 9/1/2005 | 107,865.00 |
| 25023 | 9/2/2005 | 49,093.58 |
| 25026 | 9/2/2005 | 49,115.56 |
| 25029 | 9/2/2005 | 49,093.58 |
| 25030 | 9/2/2005 | 67,038.88 |
| 25031 | 9/2/2005 | 75,465.72 |
| 25032 | 9/2/2005 | 67,082.08 |
| 25034 | 9/2/2005 | 32,381.48 |
| 25035 | 9/2/2005 | 74,495.52 |
| 25037 | 9/2/2005 | 129,438.00 |
| 25039 | 9/6/2005 | 44,655.94 |
| 25041 | 9/6/2005 | 44,655.94 |
| 25043 | 9/6/2005 | 129,438.00 |
| 25045 | 9/6/2005 | 44,655.94 |
| 25047 | 9/6/2005 | 44,655.94 |
| 25049 | 9/6/2005 | 44,877.92 |
| 25051 | 9/6/2005 | 44,699.92 |
| 25053 | 9/6/2005 | 54,178.55 |
| 25054 | 9/7/2005 | 72,160.00 |
| 25055 | 9/7/2005 | 77,697.40 |
| 25057 | 9/7/2005 | 53,617.60 |
| 25059 | 9/7/2005 | 53,617.60 |
| 25062 | 9/7/2005 | 53,617.60 |
| 25064 | 9/7/2005 | 53,617.60 |
| 25065 | 9/7/2005 | 75,465.72 |
| 25067 | 9/7/2005 | 53,617.60 |
| 25068 | 9/7/2005 | 86,292.00 |
| 25070 | 9/7/2005 | 40,833.92 |
| 25071 | 9/8/2005 | 49,158.76 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---------|-----------|--------|
| 25074 | 9/8/2005 | 53,617.60 |
| 25075 | 9/8/2005 | 49,158.76 |
| 25077 | 9/8/2005 | 4,119.33 |
| 25078 | 9/8/2005 | 15,938.48 |
| 25079 | 9/8/2005 | 2,503.21 |
| 25080 | 9/8/2005 | 20.59 |
| 25081 | 9/8/2005 | 1,486.43 |
| 25082 | 9/8/2005 | 57,213.51 |
| 25083 | 9/8/2005 | 43,428.09 |
| 25084 | 9/8/2005 | 53,617.60 |
| 25086 | 9/8/2005 | 61,744.68 |
| 25087 | 9/8/2005 | 49,158.76 |
| 25089 | 9/8/2005 | 74,495.52 |
| 25090 | 9/8/2005 | 54,710.52 |
| 25091 | 9/9/2005 | 53,617.60 |
| 25093 | 9/9/2005 | 53,617.60 |
| 25095 | 9/9/2005 | 49,138.76 |
| 25096 | 9/9/2005 | 53,617.60 |
| 25099 | 9/9/2005 | 75,465.72 |
| 25101 | 9/9/2005 | 53,617.60 |
| 25103 | 9/9/2005 | 132,550.08 |
| 25104 | 9/9/2005 | 74,495.52 |
| 25106 | 9/9/2005 | 129,438.00 |
| 25114 | 9/12/2005 | 75,465.72 |
| 25120 | 9/12/2005 | 110,204.55 |
| 25121 | 9/12/2005 | 74,495.52 |
| 25124 | 9/12/2005 | 129,438.00 |
| 25191 | 9/19/2005 | 49,138.76 |
| 25193 | 9/19/2005 | 49,138.76 |
| 25195 | 9/19/2005 | 49,138.76 |
| 25198 | 9/19/2005 | 49,138.76 |
| 25203 | 9/19/2005 | 49,138.76 |
| 25207 | 9/20/2005 | 49,114.78 |
| 25209 | 9/20/2005 | 49,114.78 |
| 25211 | 9/20/2005 | 49,114.78 |
| 25214 | 9/20/2005 | 49,114.78 |
| 25216 | 9/20/2005 | 49,114.78 |
| 25218 | 9/20/2005 | 74,495.52 |
| 25221 | 9/20/2005 | 49,051.15 |
| 25223 | 9/21/2005 | 53,638.82 |
| 25225 | 9/21/2005 | 53,638.82 |
| 25227 | 9/21/2005 | 53,617.60 |
| 25229 | 9/21/2005 | 1,433.95 |
| 25230 | 9/21/2005 | 17,041.34 |
| 25231 | 9/21/2005 | 17,041.34 |
| 25232 | 9/21/2005 | 672.52 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---------|-----------|-----------|
| 25233 | 9/21/2005 | 92,455.34 |
| 25234 | 9/21/2005 | 58,676.32 |
| 25235 | 9/21/2005 | 2,705.98 |
| 25237 | 9/21/2005 | 90,200.00 |
| 25238 | 9/21/2005 | 75,465.72 |
| 25240 | 9/21/2005 | 53,617.60 |
| 25242 | 9/21/2005 | 53,617.60 |
| 25244 | 9/21/2005 | 74,495.52 |
| 25245 | 9/21/2005 | 111,482.46 |
| 25247 | 9/21/2005 | 26,884.96 |
| 25249 | 9/21/2005 | 26,798.56 |
| 25252 | 9/21/2005 | 129,438.00 |
| 25254 | 9/21/2005 | 49,136.76 |
| 25256 | 9/21/2005 | 53,617.60 |
| 25258 | 9/21/2005 | 49,136.76 |
| 25260 | 9/21/2005 | 43,146.00 |
| 25284 | 9/21/2005 | 40,153.90 |
| 25265 | 9/21/2005 | 74,495.52 |
| 25269 | 9/21/2005 | 40,153.12 |
| 25272 | 9/23/2005 | 44,677.92 |
| 25274 | 9/23/2005 | 49,136.76 |
| 25276 | 9/23/2005 | 44,677.92 |
| 25278 | 9/23/2005 | 75,465.72 |
| 25281 | 9/23/2005 | 44,677.92 |
| 25283 | 9/23/2005 | 49,136.76 |
| 25285 | 9/23/2005 | 43,146.00 |
| 25288 | 9/23/2005 | 74,495.52 |
| 25290 | 9/23/2005 | 129,438.00 |
| 25291 | 9/23/2005 | 31,365.82 |
| 25294 | 9/26/2005 | 49,136.76 |
| 25296 | 9/26/2005 | 49,136.76 |
| 25298 | 9/26/2005 | 49,136.76 |
| 25301 | 9/26/2005 | 75,465.72 |
| 25302 | 9/26/2005 | 49,136.76 |
| 25304 | 9/26/2005 | 49,136.76 |
| 25306 | 9/26/2005 | 39,555.99 |
| 25309 | 9/26/2005 | 74,495.52 |
| 25311 | 9/26/2005 | 40,197.88 |
| 25313 | 9/27/2005 | 49,136.76 |
| 25315 | 9/27/2005 | 49,136.76 |
| 25317 | 9/27/2005 | 49,136.76 |
| 25319 | 9/27/2005 | 49,136.76 |
| 25322 | 9/27/2005 | 49,136.76 |
| 25324 | 9/27/2005 | 67,723.20 |
| 25325 | 9/28/2005 | 2,935.96 |
| 25326 | 9/28/2005 | 49,929.30 |

PBR Knoxville LLC
Delphi Outstanding Amounts
Detail Listing

| Invoice | Ship Date | Amount |
|---|---|---|
| 25329 | 9/29/2005 | 2,808.21 |
| 25339 | 9/28/2005 | 81,744.68 |
| 25342 | 9/28/2005 | 111,468.99 |
| 25345 | 9/28/2005 | 54,178.56 |
| 25369 | 9/30/2005 | 53,617.60 |
| 25371 | 9/30/2005 | 53,574.40 |
| 25373 | 9/30/2005 | 53,574.40 |
| 25378 | 9/30/2005 | 40,131.92 |
| 25385 | 10/3/2005 | 49,136.76 |
| 25387 | 10/3/2005 | 49,136.76 |
| 25389 | 10/3/2005 | 49,136.76 |
| 25390 | 10/3/2005 | 75,465.72 |
| 25392 | 10/3/2005 | 49,136.76 |
| 25393 | 10/3/2005 | 50,593.66 |
| 25394 | 10/3/2005 | 74,495.52 |
| 25397 | 10/3/2005 | 49,136.76 |
| 25399 | 10/3/2005 | 31,235.44 |
| 25402 | 10/4/2005 | 49,136.76 |
| 25404 | 10/4/2005 | 44,677.92 |
| 25406 | 10/4/2005 | 49,136.76 |
| 25407 | 10/4/2005 | 75,465.72 |
| 25409 | 10/4/2005 | 49,156.76 |
| 25410 | 10/4/2005 | 74,495.52 |
| 25412 | 10/4/2005 | 35,894.28 |
| 25415 | 10/4/2005 | 44,677.92 |
| 25417 | 10/4/2005 | 35,802.66 |
| 25420 | 10/4/2005 | 49,136.76 |
| 25422 | 10/4/2005 | 49,136.76 |
| 25424 | 10/4/2005 | 49,136.76 |
| 25425 | 10/5/2005 | 548.86 |
| 25426 | 10/5/2005 | 18,860.97 |
| 25427 | 10/5/2005 | 28,864.00 |
| 25428 | 10/5/2005 | 43,296.00 |
| 25429 | 10/5/2005 | 1,754.68 |
| 25432 | 10/4/2005 | 49,136.76 |
| 25433 | 10/4/2005 | 75,465.72 |
| 25434 | 10/4/2005 | 133,688.34 |
| 25435 | 10/4/2005 | 74,495.52 |
| 25438 | 10/4/2005 | 49,136.76 |
| 25441 | 10/4/2005 | 31,235.44 |
| 25442 | 10/4/2005 | 130,069.80 |
| 25444 | 10/6/2005 | 49,136.76 |
| 25446 | 10/6/2005 | 49,136.76 |
| 25448 | 10/6/2005 | 49,136.76 |
| 25452 | 10/6/2005 | 22,317.76 |
| 25454 | 10/6/2005 | 49,136.76 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---------|-----------|--------|
| 25455 | 10/6/2005 | 74,495.52 |
| 25456 | 10/6/2005 | 75,879.54 |
| 25458 | 10/6/2005 | 49,136.76 |
| 25459 | 10/6/2005 | 130,069.80 |
| 25459 | 10/7/2005 | 75,465.72 |
| 25473 | 10/7/2005 | 74,495.52 |
| 25474 | 10/7/2005 | 90,326.25 |
| 25105 | 9/9/2005 | 687.00 |
| Total | | 10,511,688.66 |

EXHIBIT B

[LIST OF CLAIM DOCUMENTS]

**PBR Knoxville**

CH01/ 12478674.13

PBR Knoxville LLC
Delphi Prepetition Debt

| OUTSTANDING DEBT DUE TO PBR | PBR | |
|---|---|---|
| **1. Product Delivered & Debt Due** | | |
| Product | 10,511,688.65 | Note 1 |
| Tooling | | |
| Obsolete inventory claims | | |
| Other claims | | |
| Other claims | | |
| **SUB TOTAL** | 10,511,688.65 | |
| **TOTAL DEBT DUE FROM DELPHI TO PBR** | 10,511,688.65 | |
| **2. Deduct PBR debt due to Delphi** | | |
| Discounts for Accelerated Payments | (37,367.28) | |
| Pad Pass Thru - 1/1/05 - 6/30/05 | (982,150.51) | Note 2 |
| Pad Pass Thru - 1/1/05-10/07/05 | (156,984.00) | Note 3 |
| Pad Pass Thru - 10/08/05 - 12/31/05 | (41,664.00) | Note 3 |
| Other claims - Accepted Cost Recovery | (9,044.00) | |
| Overpayments- productivity credits not taken | (58,711.68) | |
| **TOTAL DEBT DUE FROM PBR TO DELPHI** | (1,285,921.47) | |
| | | |
| **NET DEBT DUE FROM DELPHI TO PBR before set off** | 9,225,767.18 | |

Note 1: See attached detail for invoice number, ship date and amount.

| | | Contract Number | Part Number | | Amount |
|---|---|---|---|---|---|
| Note 2: $982,150.51 Pad pass thru | | 550003173 | 18041703/4 | $ | 208,165.10 |
| | | 550000694 | 18041703/4 | $ | - |
| | | 550038367 | 18049691/2 | $ | 157,157.55 |
| | | 550004986 | 18044786/7 | $ | 16,994.21 |
| | | 550053219 | 18084569/70 | $ | - |
| | | 550050403 | 18084569/70 | $ | 456,560.52 |
| | | 550006253 | 18048556/7 | $ | 143,273.13 |
| | | | Total | $ | 982,150.51 |
| Note 3: $156,984 and $41,664 pad pass thru | | 550004986 | 18044786/7 | $ | 198,648.00 |
| Set Off / Secured Claim: Overpayments - Invoice paid by Bosch | | | | $ | 68,308.80 |
| **Total Unsecured Claim** | | | | $ | **9,157,458.38** |
| Grand Total | | | | $ | 9,225,767.18 |

PBR Knoxville LLC
Summary of Delphi Claim
By Contract Number
As of 5/1/06

| | Invoice Listing | 982K Credit | 156K Credit | 41K Credit | Other | Total |
|---|---|---|---|---|---|---|
| 421538/DCB06642 | 687.00 | | | | | 687.00 |
| 0550002912 | 158,270.72 | | | | | 158,270.72 |
| 0550003173 | 1,286,740.80 | (208,165.10) | | | | 1,078,575.70 |
| 0550004986 | 1,259,768.52 | (16,994.21) | (156,984.00) | (41,664.00) | | 1,044,126.31 |
| 0550006253 | 985,153.92 | (143,273.13) | | | | 841,880.79 |
| 0550015872 | 77,697.40 | | | | | 77,697.40 |
| 0550024649 | 1,605.38 | | | | | 1,605.38 |
| 0550026029 | 90,200.00 | | | | | 90,200.00 |
| 0550035920 | 300,764.39 | | | | | 300,764.39 |
| 0550038367 | 953,612.28 | (157,157.55) | | | | 796,454.73 |
| 0550050403 | 2,899,097.32 | (456,560.52) | | | | 2,442,536.80 |
| 0550053219 | (49.79) | | | | | (49.79) |
| 0550055350 | 192,805.47 | | | | | 192,805.47 |
| 0550070574 | 102.97 | | | | | 102.97 |
| 0550073930 | 34,988.16 | | | | | 34,988.16 |
| 0550074004 | 2,268,213.30 | | | | | 2,268,213.30 |
| Pricing | 2,030.81 | | | | | 2,030.81 |
| Cost Recovery | 0.00 | | | | (9,044.00) | (9,044.00) |
| Discounts | 0.00 | | | | (37,367.28) | (37,367.28) |
| Overpayment | 0.00 | | | | (68,308.80) | (68,308.80) |
| Productivity | 0.00 | | | | (58,711.68) | (58,711.68) |
| Total | 10,511,688.65 | (982,150.51) | (156,984.00) | (41,664.00) | (173,431.76) | 9,157,458.38 |

Delphi PO Summary

| Delphi Purchase Order Number | Delphi division on PO | Seller | |
|---|---|---|---|
| 550073930 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550074004 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550053239 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 460005373 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550006253 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| ~~550003173~~ | ~~Delphi E&CS, Troy, MI~~ | ~~PBR-Knoxville~~ | Obsolete |
| ~~550000694~~ | ~~Delphi E&CS, Troy, MI~~ | ~~PBR-Knoxville~~ | Obsolete |
| 550001278 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550004986 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| ~~550005106~~ | ~~Delphi E&CS, Troy, MI~~ | ~~PBR-Knoxville~~ | Obsolete |
| 550015966 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550038367 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550050403 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550053219 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550002912 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550015329 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550015872 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550024649 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550024651 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550026029 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550035920 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550055350 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550065786 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550066123 | Delphi E&CS, Troy, MI | PBR-Knoxville | |
| 550070574 | Delphi E&CS, Troy, MI | PBR-Knoxville | |

PBR Knoxville LLC
Delphi Outstanding Amounts
Detail Listing

| Invoice | Ship Date | Amount |
|---------|-----------|--------|
| 24561 | 7/29/2005 | 8,961.66 |
| 24975 | 8/30/2005 | 40,175.10 |
| 24981 | 8/30/2005 | 40,175.10 |
| 24988 | 8/31/2005 | 17,745.99 |
| 24989 | 8/31/2005 | 418.34 |
| 24993 | 9/1/2005 | 99,389.70 |
| 24996 | 8/31/2005 | 44,677.92 |
| 24998 | 8/31/2005 | 44,634.74 |
| 25001 | 8/31/2005 | 44,677.92 |
| 25002 | 8/31/2005 | 67,038.88 |
| 25003 | 8/31/2005 | 67,082.08 |
| 25011 | 9/1/2005 | 49,093.58 |
| 25016 | 9/1/2005 | 49,093.58 |
| 25017 | 9/1/2005 | 67,038.88 |
| 25018 | 9/1/2005 | 43,146.00 |
| 25019 | 9/1/2005 | 67,038.88 |
| 25020 | 9/1/2005 | 27,089.28 |
| 25022 | 9/1/2005 | 107,865.00 |
| 25023 | 9/2/2005 | 49,093.58 |
| 25026 | 9/2/2005 | 49,115.56 |
| 25029 | 9/2/2005 | 49,093.58 |
| 25030 | 9/2/2005 | 67,038.88 |
| 25031 | 9/2/2005 | 75,465.72 |
| 25032 | 9/2/2005 | 67,082.08 |
| 25034 | 9/2/2005 | 32,381.46 |
| 25035 | 9/2/2005 | 74,495.52 |
| 25037 | 9/2/2005 | 129,438.00 |
| 25039 | 9/6/2005 | 44,655.94 |
| 25041 | 9/6/2005 | 44,655.94 |
| 25043 | 9/6/2005 | 129,438.00 |
| 25045 | 9/6/2005 | 44,655.94 |
| 25047 | 9/6/2005 | 44,655.94 |
| 25049 | 9/6/2005 | 44,677.92 |
| 25051 | 9/6/2005 | 44,699.92 |
| 25053 | 9/6/2005 | 54,178.56 |
| 25054 | 9/7/2005 | 72,160.00 |
| 25055 | 9/7/2005 | 77,697.40 |
| 25057 | 9/7/2005 | 53,617.60 |
| 25059 | 9/7/2005 | 53,617.60 |
| 25062 | 9/7/2005 | 53,617.60 |
| 25064 | 9/7/2005 | 53,617.60 |
| 25065 | 9/7/2005 | 75,465.72 |
| 25067 | 9/7/2005 | 53,617.60 |
| 25068 | 9/7/2005 | 86,292.00 |
| 25070 | 9/7/2005 | 40,633.92 |
| 25071 | 9/8/2005 | 49,158.76 |

PBR Knoxville LLC
Delphi Outstanding Amounts
Detail Listing

| Invoice | Ship Date | Amount |
|---|---|---|
| 25074 | 9/8/2005 | 53,617.60 |
| 25075 | 9/8/2005 | 49,158.76 |
| 25077 | 9/8/2005 | 4,119.33 |
| 25078 | 9/8/2005 | 15,938.48 |
| 25079 | 9/8/2005 | 2,503.21 |
| 25080 | 9/8/2005 | 20.59 |
| 25081 | 9/8/2005 | 1,486.43 |
| 25082 | 9/8/2005 | 57,213.51 |
| 25083 | 9/8/2005 | 43,428.09 |
| 25084 | 9/8/2005 | 53,617.60 |
| 25086 | 9/8/2005 | 61,744.88 |
| 25087 | 9/8/2005 | 49,158.76 |
| 25089 | 9/8/2005 | 74,495.52 |
| 25090 | 9/8/2005 | 54,710.52 |
| 25091 | 9/9/2005 | 53,617.60 |
| 25093 | 9/9/2005 | 53,617.60 |
| 25095 | 9/9/2005 | 49,136.76 |
| 25098 | 9/9/2005 | 53,617.60 |
| 25099 | 9/9/2005 | 75,465.72 |
| 25101 | 9/9/2005 | 53,617.60 |
| 25103 | 9/9/2005 | 132,550.08 |
| 25104 | 9/9/2005 | 74,495.52 |
| 25106 | 9/9/2005 | 129,438.00 |
| 25114 | 9/12/2005 | 75,465.72 |
| 25120 | 9/12/2005 | 110,204.55 |
| 25121 | 9/12/2005 | 74,495.52 |
| 25124 | 9/12/2005 | 129,438.00 |
| 25191 | 9/19/2005 | 49,136.76 |
| 25193 | 9/19/2005 | 49,136.76 |
| 25195 | 9/19/2005 | 49,136.76 |
| 25198 | 9/19/2005 | 49,136.76 |
| 25203 | 9/19/2005 | 49,136.76 |
| 25207 | 9/20/2005 | 49,114.78 |
| 25209 | 9/20/2005 | 49,114.78 |
| 25211 | 9/20/2005 | 49,114.78 |
| 25214 | 9/20/2005 | 49,114.78 |
| 25216 | 9/20/2005 | 49,114.78 |
| 25218 | 9/20/2005 | 74,495.52 |
| 25221 | 9/20/2005 | 49,051.16 |
| 25223 | 9/21/2005 | 53,638.82 |
| 25225 | 9/21/2005 | 53,638.82 |
| 25227 | 9/21/2005 | 53,617.60 |
| 25229 | 9/21/2005 | 1,433.98 |
| 25230 | 9/21/2005 | 17,041.34 |
| 25231 | 9/21/2005 | 17,041.34 |
| 25232 | 9/21/2005 | 672.52 |

PBR Knoxville LLC
Delphi Outstanding Amounts
Detail Listing

| Invoice | Ship Date | Amount |
|---------|-----------|--------|
| 25233 | 9/21/2005 | 92,455.34 |
| 25234 | 9/21/2005 | 58,676.32 |
| 25235 | 9/21/2005 | 2,705.98 |
| 25237 | 9/21/2005 | 90,200.00 |
| 25238 | 9/21/2005 | 75,465.72 |
| 25240 | 9/21/2005 | 53,617.60 |
| 25242 | 9/21/2005 | 53,617.60 |
| 25244 | 9/21/2005 | 74,495.52 |
| 25245 | 9/21/2005 | 111,482.46 |
| 25247 | 9/21/2005 | 26,884.98 |
| 25249 | 9/21/2005 | 26,798.58 |
| 25252 | 9/21/2005 | 129,438.00 |
| 25254 | 9/21/2005 | 49,136.76 |
| 25256 | 9/21/2005 | 53,617.60 |
| 25258 | 9/21/2005 | 49,136.76 |
| 25260 | 9/21/2005 | 43,146.00 |
| 25264 | 9/21/2005 | 40,153.90 |
| 25266 | 9/21/2005 | 74,495.52 |
| 25269 | 9/21/2005 | 40,153.12 |
| 25272 | 9/23/2005 | 44,677.92 |
| 25274 | 9/23/2005 | 49,136.76 |
| 25276 | 9/23/2005 | 44,677.92 |
| 25278 | 9/23/2005 | 75,465.72 |
| 25281 | 9/23/2005 | 44,677.92 |
| 25283 | 9/23/2005 | 49,136.76 |
| 25285 | 9/23/2005 | 43,146.00 |
| 25288 | 9/23/2005 | 74,495.52 |
| 25290 | 9/23/2005 | 129,438.00 |
| 25291 | 9/23/2005 | 31,365.82 |
| 25294 | 9/26/2005 | 49,136.76 |
| 25296 | 9/26/2005 | 49,136.76 |
| 25298 | 9/26/2005 | 49,136.76 |
| 25301 | 9/26/2005 | 75,465.72 |
| 25302 | 9/26/2005 | 49,136.76 |
| 25304 | 9/26/2005 | 49,136.76 |
| 25306 | 9/26/2005 | 39,555.99 |
| 25309 | 9/26/2005 | 74,495.52 |
| 25311 | 9/26/2005 | 40,197.88 |
| 25313 | 9/27/2005 | 49,136.76 |
| 25315 | 9/27/2005 | 49,136.76 |
| 25317 | 9/27/2005 | 49,136.76 |
| 25319 | 9/27/2005 | 49,136.76 |
| 25322 | 9/27/2005 | 49,136.76 |
| 25324 | 9/27/2005 | 67,723.20 |
| 25325 | 9/28/2005 | 2,935.96 |
| 25326 | 9/28/2005 | 49,929.30 |

PBR Knoxville LLC
Delphi Outstanding Amounts
Detail Listing

| Invoice | Ship Date | Amount |
|---|---|---|
| 25329 | 9/29/2005 | 2,806.21 |
| 25339 | 9/28/2005 | 61,744.68 |
| 25342 | 9/28/2005 | 111,465.99 |
| 25345 | 9/28/2005 | 54,178.56 |
| 25369 | 9/30/2005 | 53,617.60 |
| 25371 | 9/30/2005 | 53,574.40 |
| 25373 | 9/30/2005 | 53,574.40 |
| 25378 | 9/30/2005 | 40,131.92 |
| 25385 | 10/3/2005 | 49,136.76 |
| 25387 | 10/3/2005 | 49,136.76 |
| 25389 | 10/3/2005 | 49,136.76 |
| 25390 | 10/3/2005 | 75,465.72 |
| 25392 | 10/3/2005 | 49,136.76 |
| 25393 | 10/3/2005 | 50,593.68 |
| 25394 | 10/3/2005 | 74,495.52 |
| 25397 | 10/3/2005 | 49,136.76 |
| 25399 | 10/3/2005 | 31,235.44 |
| 25402 | 10/4/2005 | 49,136.76 |
| 25404 | 10/4/2005 | 44,677.92 |
| 25406 | 10/4/2005 | 49,136.76 |
| 25407 | 10/4/2005 | 75,465.72 |
| 25409 | 10/4/2005 | 49,158.76 |
| 25410 | 10/4/2005 | 74,495.52 |
| 25412 | 10/4/2005 | 35,694.28 |
| 25415 | 10/4/2005 | 44,677.92 |
| 25417 | 10/4/2005 | 35,802.66 |
| 25420 | 10/4/2005 | 49,136.76 |
| 25422 | 10/4/2005 | 49,136.76 |
| 25424 | 10/4/2005 | 49,136.76 |
| 25425 | 10/5/2005 | 548.86 |
| 25426 | 10/5/2005 | 18,860.97 |
| 25427 | 10/5/2005 | 28,864.00 |
| 25428 | 10/5/2005 | 43,296.00 |
| 25429 | 10/5/2005 | 1,754.68 |
| 25432 | 10/4/2005 | 49,136.76 |
| 25433 | 10/4/2005 | 75,465.72 |
| 25434 | 10/4/2005 | 133,688.34 |
| 25435 | 10/4/2005 | 74,495.52 |
| 25438 | 10/4/2005 | 49,136.76 |
| 25441 | 10/4/2005 | 31,235.44 |
| 25442 | 10/4/2005 | 130,069.80 |
| 25444 | 10/6/2005 | 49,136.76 |
| 25446 | 10/6/2005 | 49,136.76 |
| 25448 | 10/6/2005 | 49,136.76 |
| 25452 | 10/6/2005 | 22,317.76 |
| 25454 | 10/6/2005 | 49,136.76 |

**PBR Knoxville LLC**
**Delphi Outstanding Amounts**
**Detail Listing**

| Invoice | Ship Date | Amount |
|---------|-----------|--------|
| 25455 | 10/6/2005 | 74,495.52 |
| 25456 | 10/6/2005 | 75,879.54 |
| 25458 | 10/6/2005 | 49,136.76 |
| 25459 | 10/6/2005 | 130,069.80 |
| 25469 | 10/7/2005 | 75,465.72 |
| 25473 | 10/7/2005 | 74,495.52 |
| 25474 | 10/7/2005 | 90,326.25 |
| 25105 | 9/9/2005 | 687.00 |
| Total | | 10,511,688.65 |