**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
DPH HOLDINGS CORP., et al.,                                  :   Case No. 05-44481 (RDD)
                                                             :
              Reorganized Debtors.                           :   Jointly Administered
                                                             :
------------------------------------------------------------ x
```

# SUPPLEMENT TO THE FINAL APPLICATION OF ROTHSCHILD INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Rothschild Inc. ("Rothschild"), financial advisor and investment banker to Delphi Corporation ("Delphi"), together with its affiliated debtors and debtors-in-possession (collectively, the "Debtors" or the "Company"), submits this supplement in support of its December 30, 2009 *Final Application for Compensation and Reimbursement of Expenses* (the "Final Application") [docket no. 19255].

1. On March 1, 2010, the United States Trustee filed the *Objection of the United States Trustee to the Final Fee Application of the Retained Professionals* (the "Objection") [docket no. 19579] in which it raised a number of questions concerning Rothschild's Final Application. Subsequent to the filing of the Objection, counsel to Rothschild spoke with representatives of the United States Trustee and provided additional information concerning the issues raised in the Objection. Rothschild provides this further description following up on these discussions and at the suggestion of the United States Trustee. The further description herein supplements Rothschild's Final Application by describing the transactions triggering Rothschild's Completion

Fee[1] and explaining more fully the application of a credit arising from M&A Fees earned by Rothschild.

## The Completion Fee

2. Section 4(c) of Rothschild's Engagement Letter provides that a Completion Fee of $15 million is "due and payable upon the earlier of (i) the effective date of a Plan that provides for, pursuant to the terms of a binding written agreement, the consummation of a Transaction or (ii) the closing of another Transaction." (Engagement Letter, dated as of Oct. 8, 2005, attached to the Final Application as Exhibit B.)

3. Rothschild's Engagement Letter defines a Transaction, in relevant part, as,

> collectively, (a) any transaction or series of related transactions that effects material amendments to or other material changes in the Company's outstanding indebtedness, trade claims, leases (both on and off balance sheet) or other liabilities, taken as a whole, pursuant to a plan of reorganization (a 'Plan') confirmed in connection with the Chapter 11 cases...; ...(b) whether pursuant to a Plan or Section 363 ... any acquisition, directly or indirectly, by an Acquirer...of...a majority of the assets or operations of the Company...or (d) any transaction similar to any of the foregoing; <u>provided</u>, that in the case of (a)...and (d), such Transaction shall immediately effect, or will effect over time (as evidenced by a binding agreement), a material reduction of the Legacy Liabilities, taken as a whole."

Engagement Letter, dated as of Oct. 8, 2005, § 1.

4. The Engagement Letter further defines "Legacy Liabilities", collectively, as the "legacy liabilities, including without limitation the Company's current labor costs, liabilities for pension and other post-employment benefits." (Engagement Letter, dated as of Oct. 8, 2005, § 1(c).)

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given them in the Final Application.

2

5. Rothschild's Completion Fee was triggered by at least two post-confirmation events in these chapter 11 cases, each of which independently constituted a Transaction:

6. First, the effectiveness of the Amended and Restated Global Settlement Agreement and Amended Master Restructuring Agreement (the "GRA/MSA") on September 29, 2008 immediately transferred an unfunded net pension liability of approximately $2.1 billion from the Debtors to General Motors and committed General Motors to provide substantial additional support to the Debtors with respect to labor costs and other post-employment benefits commitments, which the Debtors valued at approximately $10.6 billion. (*See* Debtors' "Supplement to First Amended Disclosure Statement with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (as Modified)," dated June 16, 2009 (the "Modified Plan Disclosure Supplement") [docket no. 17031], p. S-xxii; *see also* Debtors' September 12, 2008 "GSA and MRA Amendment Motion" [docket no. 14164], ¶¶ 37-38, 63–65.) Consequently, the GRA/MSA materially reduced the Debtor's Legacy Liabilities.

7. That this transaction constituted a Transaction under the Engagement Letter entitling Rothschild to its Completion Fee was expressly acknowledged by the Debtors in an October 27, 2008 letter attached to the Final Application as part of Exhibit B (the "October 27, 2008 Side Letter"), which states that the GRA/MSA "constitutes a Transaction as defined in the Engagement Letter which entitles Rothschild to payment of the Completion Fee."

8. The October 27, 2008 Side Letter, in addition to acknowledging that a Transaction had occurred, formalized an accommodation by Rothschild of the Debtors, in view of the circumstances of their reorganization and their liquidity position, by which the Debtors would

3

pay half ($7.5 million) of the Completion Fee on January 15, 2009, with the remaining half deferred until the closing or consummation of another Transaction. The Debtors made payment of the first half of the Completion Fee at that time, consistent with the October 27, 2008 Side Letter.

9. Second, on October 6, 2009, the Debtors' Plan became effective (the "Effective Date"), and, in connection therewith, Delphi Holdings LLP consummated the acquisition of most of the Debtors' assets and operations. (*See* Debtors' October 6, 2009 "Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date" [docket no. 18958]; *cf.* Modified Plan Disclosure Supplement, Appx. B-1, p. 64.) As an acquisition of "a majority of the assets or operations of the Company," the consummation of the Plan also constituted a Transaction within the meaning of the Engagement Letter. The Debtors made payment to Rothschild of the second half of the Completion Fee upon the Effective Date of the Plan, consistent with the October 27, 2008 Side Letter.

**Credits**

10. Rothschild's Engagement Letter provides for payment of M&A Fees and certain resulting credits against the Completion Fee. All credits have been fully and correctly reflected in the Debtors' payments to Rothschild.

11. In order to provide an appropriate fee structure for M&A Transactions involving the Debtors' Steering Division and Interior Division, Rothschild and the Debtors sought and obtained approval of the Supplemental Engagement Letter, dated July 19, 2006, which provided that the M&A Fee with respect to a sale of the Steering Systems and Halfshafts businesses in a

4

single transaction would be $5 million; and that the M&A Fee with respect to a sale of all four of the Company's Interior Division business lines would be $4 million. (Supplemental Engagement Letter, July 19, 2006, § 4(d), attached to the Final Application as Exhibit B.) The crediting provisions of the Engagement Letter provide for a credit of 50% of the M&A Fee for the Steering Division, to be applied to the Completion Fee. (Engagement Letter, dated as of Oct. 8, 2005, § 5; Amendment to Engagement Letter, dated April 14, 2008, attached to the Final Application as Exhibit B.) Pursuant to an Amendment to Engagement Letter, dated April 14, 2008, there is no credit with respect to the M&A Fee for the Interior Division.

12. On October 6, 2009, the Effective Date, the Debtors' Steering and Halfshafts businesses were acquired by General Motors Company, rendering the $5 million M&A Fee for Steering payable. Rothschild, in view of the liquidity position of the Debtors and the progress of the restructuring, voluntarily reduced the M&A Fee for Steering by $1 million to $4 million.

13. On March 10, 2008 (Post-Confirmation), all four business lines of the Debtors' Interior Division were acquired by The Renco Group, Inc. (Interiors and Closures Business Sale Approval Order [Docket no. 11579]), rendering the $4 million M&A Fee for Interiors payable. Consistent with crediting provisions of the Engagement Letter, as amended, no credit resulted from the M&A Fee for the Interior Division.

14. As the Completion Fee had already been paid, Rothschild reflected the direct application of the M&A Fee credit arising from the M&A Fee for Steering in its Final Application by listing the M&A Fee for Steering as $2 million ($5 million voluntarily reduced to $4 million, then halved to $2 million to reflect the 50% credit therefor with respect to the Completion Fee).

(*See* Final Application, table following ¶ 9.) Thus, all credits have been fully applied to Rothschild's fee requests of the Debtor, and fully reflected in the Final Application.

## **Conclusion**

15. Rothschild respectfully submits, as in the Final Application it hereby supplements, that the services it has rendered to the Debtors have been necessary and in the best interest of the Debtors and their estates and have furthered the goals of all parties in interest. The services summarized by the Final Application were substantial, professional and instrumental to the Debtors in furtherance of their restructuring efforts. Rothschild further submits that the compensation requested for the Retention Period for services rendered by Rothschild to the Debtors is fully justified and reasonable based on the following: (a) the degree of activity during the Retention Period and the high level of services rendered by Rothschild to the Debtors; (b) the complexity of the issues presented; (c) the skills necessary to perform the investment banking services properly; (d) the preclusion of other employment; (e) customary fees charged in non-bankruptcy situations for similar services rendered; (f) time constraints required by the exigencies of the cases; and (g) the experience, reputation and ability of the professionals rendering services.

WHEREFORE, Rothschild respectfully requests, as in its Final Application, that this Court enter an Order (i) granting final allowance and approval of (A) compensation for services rendered during the Retention Period as investment banker and financial advisor to the Debtors in the amount of $27,895,161.29 and (B) reimbursement of reasonable and necessary expenses incurred by Rothschild during the Retention Period in the amount of $857,653.84, (ii) ratifying and confirming any amounts previously received by Rothschild pursuant to the fee procedures approved by this Court, (iii) authorizing and directing the Reorganized Debtors to pay to Rothschild $2,190,322.58, representing the portion of the Final Fee Amount not yet received by

Rothschild in respect of the Retention Period, and (iv) granting such other and further relief as this Court deems just and proper.

\* \* \*

Dated: New York, New York
March 12, 2010

                  ROTHSCHILD INC.

                  By: /s/ William R. Shaw
                      William R. Shaw
                      Managing Director

**CERTIFICATION**

WILLIAM R. SHAW, under penalty of perjury, certifies and says:

1. I am a Managing Director with the applicant firm, Rothschild Inc. ("Rothschild"), which firm maintains offices for providing financial advisory and investment banking services at 1251 Avenue of the Americas, New York, NY 10020. Rothschild has acted as financial advisor and investment banker to and rendered professional services on behalf of Delphi Corporation and its affiliated debtors and debtors in possession (the "Debtors").

2. This certification is submitted in support of Rothschild's Supplement to the Final Application, pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and Administrative Order M-150, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Amended Guidelines").

3. I hereby certify that:

    (a) I have read the Supplement to the Final Application and the Final Application.

    (b) To the best of my knowledge, information and belief formed after a reasonable inquiry, and except as specifically noted in this Certification and in the Application, the fees and disbursements sought in the Application fall within the Amended Guidelines and the guidelines promulgated by the Office of the United States Trustee applicable to the Application (the "UST Guidelines"), as modified by the order authorizing the retention of Rothschild in these cases and any other applicable administrative orders entered herein.

    (c) The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Rothschild and generally accepted by Rothschild's clients.

    (d) In providing a reimbursable service, Rothschild does not make a profit on that service, whether the service is performed by Rothschild in-house or through a third-party.

4. Subject to the terms of applicable procedural orders of this Court, this Application is being served upon, among others, this Court, the U.S. Trustee, the Reorganized Debtors, counsel to the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases, and counsel to agents under the Debtors' former prepetition and postpetition credit facilities.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 12, 2010

/s/ William R. Shaw
William R. Shaw
Managing Director