Hearing Date and Time: March 18, 2010 at 10:00 a.m.<br>
Reply Deadline: March 12, 2010 at 4:00 p.m.

WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Philip D. Anker (PA-7833)
Knute Salhus
Michelle A. Goldis (MG-0530)

Special Regulatory Counsel for the Audit
Committee of Delphi Corporation;
Special Counsel to Delphi Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE FINAL FEE
APPLICATION OF WILMER CUTLER PICKERING HALE AND DORR LLP**

      Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), which acted as special

regulatory counsel for the Audit Committee (the "Audit Committee") of the Board of Directors

(the "Board") of Delphi Corporation ("Delphi" and, together with the other debtors in the above-

captioned proceedings, the "Debtors"), and special counsel to Delphi, respectfully submits this

reply (the "Reply") to the objection filed March 1, 2010 (the "Objection") by the United States

Trustee for the Southern District of New York (the "United States Trustee") to the Seventh

Interim and Final Application of WilmerHale for the Allowance of Compensation for Services

Rendered and Expenses Incurred from October 25, 2008 through January 25, 2008:

US1DOCS 7474392v3

**Background**

1.  In 2004, as previously disclosed by Delphi, the Securities and Exchange Commission (the "SEC") and other authorities began investigating Delphi's accounting and adequacy of disclosures for a number of transactions (the "SEC Investigation"). The transactions investigated included ones in which Delphi received rebates or other lump-sum payments from suppliers, off-balance sheet financings of indirect materials and inventory, the payment in 2000 of $237 million in cash, and the subsequent receipt in 2001 of $85 million in credits, as a result of settlement agreements entered into between Delphi and General Motors Corporation.

2.  The Audit Committee undertook to examine the circumstances giving rise to the SEC Investigation and to take appropriate actions with respect thereto, including disciplinary actions and communicating with the SEC and other authorities. In 2004, Delphi retained WilmerHale to represent the Audit Committee for these purposes. In connection with the SEC Investigation, WilmerHale reviewed documents, interviewed relevant personnel, advised the Audit Committee and the Board, communicated with the SEC and other authorities, and performed related tasks.

3.  On October 8, 2005 (the "Petition Date"), Delphi and certain other of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code since the Petition Date.

4.  On November 9, 2005, the Debtors filed an application (the "November 2005 WilmerHale Application") seeking authority under Section 327(e) of the Bankruptcy Code to continue to employ WilmerHale as special regulatory counsel to the Audit Committee with respect to the SEC Investigation, effective as of the Petition Date, in accordance with the terms

2

set forth in the Declaration and Disclosure Statement of Charles Davidow, a partner of WilmerHale, and an engagement letter between WilmerHale and Delphi, submitted in support of the WilmerHale Application. On December 2, 2005, the Court entered an order granting that November 2005 WilmerHale Application.

5. On June 5, 2006, the Debtors submitted a Retention Application (the "PwC Retention Application") for an order under 11 Sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the employment and retention of PricewaterhouseCoopers ("PwC") to provide certain Sarbanes-Oxley compliance, tax and financial planning, and other general tax consulting services to the Debtors.[1] As described below, the PwC Retention Application sought authority for PwC both to provide Sarbanes-Oxley and other advice to the Debtors and to assist WilmerHale in its representation of the Audit Committee. On June 21, 2006, the Court entered an order granting the PwC Retention Application (the "PwC Retention Order") *nunc pro tunc* to January 1, 2006.[2]

6. On December 26, 2006, the Debtors submitted a supplemental Retention Application for authorization to employ and retain WilmerHale to provide Delphi with legal advice in connection with the preparation and filing of Delphi's annual report, executive compensation, and related disclosure matters. On January 18, 2007, the Court entered an order granting that Application.

7. Finally, on July 31, 2007, the Debtors submitted another Retention Application for authorization to employ and retain WilmerHale, this time to provide Delphi with legal advice in connection with the securities law-related allegations made by Robert Mothershead in the Creditor's Request To Hold Matter In Abeyance, In Response to Debtors' Eleventh Omnibus

---

[1] A copy of the PwC Retention Application is attached hereto as Exhibit A.
[2] A copy of the PwC Retention Order is attached hereto as Exhibit B.

3

Claims Objection, filed on April 13, 2007.  On August 15, 2007, the Court entered an order granting that Application *nunc pro tunc* to March 29, 2007.

8.  On January 25, 2008, the Amended Joint Plan of Reorganization became effective in the above-captioned cases and Delphi Corporation and the other Debtors emerged from bankruptcy.

9.  On December 23, 2009, WilmerHale filed its Seventh Interim and Final Application for the Allowance of Compensation for Services Rendered and Expenses Incurred from October 25, 2008 through January 25, 2008 (the "WilmerHale Final Fee Application").[3]

10.  On March 1, 2010, the United States Trustee filed its Objection to the WilmerHale Final Fee Application.  No other party has filed an objection.

11.  On March 9, 2010, Philip Anker, a WilmerHale partner, sent a letter with respect to the Objection to Ms. Alicia Leonhard, the Assistant United States Trustee.[4]  WilmerHale has not been able to date to resolve the issues with the United States Trustee.  Accordingly, WilmerHale is submitting this Reply as a prophylactic measure.

### The Objection

12.  In the Objection, the United States Trustee notes that the expenses WilmerHale seeks include $174,340.95 for fees of PwC incurred in this matter in 2006.  The United States Trustee asserts that this amount should be disallowed because "Wilmer Hale did not disclose the arrangement with PriceWaterhouse except when it sought reimbursement of the fees."  Objection at 23.

13.  In fact, the arrangement was disclosed from the outset.  In the PwC Retention Application, the Debtors noted that PwC would perform various accounting services for the

---

[3] A copy of the WilmerHale Final Fee Application is attached hereto as Exhibit C.  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the WilmerHale Final Fee Application.
[4] A copy of the March 9, 2010 Letter is attached hereto as Exhibit D.

4

US1DOCS 7474392v3

Debtors, for which PwC would file fee applications, and would, in addition, do work for WilmerHale in connection with WilmerHale's work for the Audit Committee. As to the latter category of work, the Application stated as follows:

> In addition to services provided to the Debtors, PwC provides continued assistance to the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), the special regulatory counsel to the Audit Committee of the Debtors' Board of Directors (the "Audit Committee"), in the representation of the Audit Committee in an SEC investigation into certain accounting transactions and contracts entered into by the Debtors. *PwC will continue to be compensated for its assistance to WilmerHale in accordance with the fee statements and fee applications submitted by WilmerHale in these chapter 11 cases.*

PwC Retention Application, at ¶ 32, p. 14 (emphasis added). As noted, this Court granted the Application by Order, dated June 21, 2006.[5]

14. Thereafter, on September 29, 2006, in accordance with the procedures approved by the Bankruptcy Court for reimbursement of professionals, WilmerHale submitted an interim fee statement to the Debtors, with a copy to various parties in interest including the Office of the United States Trustee.[6] That Statement disclosed that the requested expenses to be reimbursed included "costs in the amount of $174,049.57 for services rendered and costs incurred by PricewaterhouseCoopers ('PwC') during the period of February 1 through May 31, 2006." WilmerHale Interim Fee Statement at 1. It explained that PwC had "assisted [WilmerHale] in this matter as referenced in the Debtors' application to retain PwC under 11 U.S.C. §§ 327(a) and 328, which was approved by an order of the court dated June 21, 2006." *Id*. The Statement attached PwC's invoices. No objections were filed, and the Debtors paid the requested amount.

## The Requested Compensation Should Be Allowed

15. Section 330 provides that a court may award a professional employed under

---

[5] See PwC Retention Order, Exhibit B.
[6] A copy of the WilmerHale Interim Fee Statement is attached hereto as Exhibit E.

5

section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(3).

16.     In the instant case, WilmerHale respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors' reorganization efforts and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  WilmerHale's arrangement with PwC was properly disclosed and authorized by the Bankruptcy Court.

17.     WilmerHale further submits that the compensation requested in its December 23, 2009 Application is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.  Approval of the compensation sought in the WilmerHale Final Fee Application is warranted.

**Conclusion**

WHEREFORE, WilmerHale respectfully requests that this Court enter an order:

(i) overruling the Objection;

(ii) approving the allowance of **$999,898.75** for compensation for professional services rendered as special regulatory counsel for the Audit Committee and as special counsel to Delphi in connection with Securities and Disclosure Advice and Mothershead during the period from October 8, 2005 through January 25, 2008;

(iii) approving the allowance of WilmerHale's out-of-pocket expenses incurred in connection with the rendering of such services during the period from October 8, 2005 through January 25, 2008 in the amount of **$199,335.52**;

(iv) authorizing and directing the Debtors to pay the fees and expenses without holdback; and

(v) granting to WilmerHale such other and further relief as this Court may deem just and proper.

Dated: New York, NY
       March 12, 2010

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
Philip D. Anker (PA-7833)
Knute Salhus
Michelle A. Goldis (MG-0530)

*Special Regulatory Counsel for the Audit Committee of Delphi Corporation; Special Counsel to Delphi Corporation*

/s/ Michelle A. Goldis_____
Michelle A. Goldis (MG-0530)