# **EXHIBIT D**

US1DOCS 7474392v3

# WILMERHALE

**Philip D. Anker**

+1 212 230 8890(t)
+1 212 230 8888(f)
philip.anker@wilmerhale.com

March 9, 2010

**BY EMAIL AND FACSIMILE**
Alicia.M.Leonhard@usdoj.gov
Fax: (718) 422-4990

Alicia M. Leonhard
Assistant United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201

Re:    DPH Holdings Corp., et al. – Chapter 11 Case No. 05-44481 (RDD)

Dear Ms. Leonhard:

I am writing to you with respect to the U.S. Trustee's Objection to the Final Fee Application filed by my firm, Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"). As you may recall, WilmerHale acted as Special Counsel for the Audit Committee of Debtors in connection with an investigation of the Debtors conducted by the Securities and Exchange Commission. Price Waterhouse assisted WilmerHale in that engagement, providing necessary accounting advice and services. In the Objection, the U.S. Trustee notes that the expenses WilmerHale seeks include $174,340.95 for fees of Price Waterhouse incurred in this matter in 2006. The U.S. Trustee asserts that this amount should be disallowed because "Wilmer Hale did not disclose the arrangement with PriceWaterhouse except when it sought reimbursement of the fees." Objection at 23.

In fact, the arrangement with Price Waterhouse was disclosed from the outset. In the Debtors' Application to Retain Price Waterhouse, filed in June 2006 [Docket No. 4028], the Debtors noted that Price Waterhouse would perform various accounting services for the Debtors, for which Price Waterhouse would file fee applications, and would, in addition, do work for WilmerHale in connection with WilmerHale's work for the Audit Committee. As to the latter category of work, the Application stated as follows:

> "In addition to services provided to the Debtors, PwC provides continued assistance to the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ('WilmerHale'), the special regulatory counsel to the Audit Committee of the Debtors' Board of Directors (the 'Audit Committee'), in the representation of the Audit Committee in an SEC investigation into certain accounting transactions and contracts entered into by the Debtors. <u>PwC will continue to be compensated for its assistance to Wilmer Hale in accordance with the fee statements and fee applications submitted by Wilmer Hale in these chapter 11 cases.</u>"

Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

Alicia M. Leonhard
March 9, 2010
Page 2

Application for Order Under 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014 Authorizing Employment and Retention of PriceWaterhouseCoopers LLP to Provide Certain Sarbanes-Oxley Compliance, Tax and Financial Planning, and Other General Tax Consulting Services to the Debtors Nunc Pro Tunc to January 1, 2006 [Docket No. 4028], at ¶32, p. 14 (emphasis added). The Bankruptcy Court granted the Application by Order, dated June 21, 2006 [Docket No. 4310]. For your convenience, copies of the Application and Order are enclosed herewith.

Thereafter, on September 29, 2006, in accordance with the procedures approved by the Bankruptcy Court for reimbursement of professionals, WilmerHale submitted an interim fee statement to the Debtors, with a copy to various parties including the Office of the U.S. Trustee. That statement disclosed that the requested expenses to be reimbursed included "costs in the amount of $174,049.57 for services rendered and costs incurred by PricewaterhouseCoopers ('PwC') during the period of February 1 through May 31, 2006." It explained that PwC had "assisted [WilmerHale] in this matter as referenced in the Debtors' application to retain PwC under 11 U.S.C. §§ 327(a) and 328, which was approved by an order of the court dated June 21, 2006." The statement attached PwC's invoices. No objections were filed, and the Debtors paid this amount. For your convenience, a copy of the Statement is also enclosed.

We hope that this letter clarifies any confusion that may have existed. We would ask that your Office withdraw its Objection to Wilmer Hale's Final Fee Application. Of course, if you have any questions, please let us know. We would hope to resolve this matter before March 12, 2009, when we understand responses to any objections are due.

Sincerely,

Philip D. Anker

Enclosures

US1DOCS 7472732v1