**Hearing Date And Time: March 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

DELPHI JOINT FEE REVIEW COMMITTEE
David M. Sherbin, Esq.
Chairman of the Delphi Joint Fee Review Committee
5725 Delphi Drive
Troy, Michigan 48098

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
  In re  : Chapter 11
:
DPH HOLDINGS CORP., et al., : Case No. 05-44481 (RDD)
:
: (Jointly Administered)
  Reorganized Debtors. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATEMENT OF THE DELPHI JOINT FEE REVIEW COMMITTEE WITH
<u>RESPECT TO RETAINED PROFESSIONALS' FINAL FEE APPLICATIONS</u>

("FEE REVIEW COMMITTEE'S STATEMENT REGARDING FINAL FEE
APPLICATIONS")

The Delphi Joint Fee Review Committee (the "Fee Review Committee") hereby submits the Statement Of The Delphi Joint Fee Review Committee With Respect To Retained Professionals' Final Fee Applications (the "Statement"), and respectfully represents as follows:

<u>Preliminary Statement</u>

1.    On November 4, 2005, this Court entered its Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of

Professionals (Docket No. 869) (the "Initial Interim Compensation Order"). This order was subsequently amended on March 8, 2006 (Docket No. 2747), March 28, 2006 (Docket No. 2986), May 5, 2006 (Docket No. 3630), July 12, 2006 (Docket No. 4545), October 13, 2006 (Docket No. 5310), December 11, 2006 (Docket No. 6145), and January 28, 2008 (Docket No. 12367) (collectively and together with the Initial Interim Compensation Order, the "Interim Compensation Order").

2. To monitor costs to the estates of Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession (the "Debtors") and to avoid duplicative efforts in the review of fee applications filed in the above referenced chapter 11 cases, the Debtors, the official committee of unsecured creditors, and the United States Trustee negotiated the formation of the Fee Review Committee to review, comment on, and, if necessary, object to the various fee applications filed in these cases. On May 5, 2006, this Court authorized the establishment of the Fee Review Committee and approved a fee review protocol. In addition, on August 17, 2006, this Court entered an order authorizing the Fee Review Committee to retain Legal Cost Control, Inc. ("LCC") as a fee analyst to assist the Fee Review Committee (Docket No. 4959). The Fee Review Committee, with the assistance of LCC, reviewed the interim fee applications for the first six interim fee periods covering the period from October 8, 2005 through September 30, 2007.

3. As part of the interim fee application review process, LCC reviewed the fee applications filed by the various professionals, issued reports regarding certain professionals' fee applications, and recommended to the Fee Review Committee certain reductions for each professional. Each professional was then provided with an opportunity to respond to the Fee Review Committee and then meet with the Fee Review Committee to review and negotiate

further reductions, if any, on the professionals' requested fees. The Fee Review Committee then made a recommendation to the Court regarding approval of the interim fee applications.

        4.      Pursuant to this Court's orders[1] approving fee applications for the sixth interim fee period (the "Sixth Interim Fee Applications Orders"), professionals were not required to file interim fee applications for the seventh interim fee period from and including October 1, 2007 to and including January 25, 2008 (the "Seventh Interim Fee Period"). Rather, the fee applications for the Seventh Interim Fee Period were to be included in and filed with the final fee applications.[2] In November 2008, the Fee Review Committee informed LCC that their services would no longer be needed, and accordingly, LCC has not reviewed or issued reports regarding the Final Fee Applications.

        5.      On July 30, 2009, this Court entered an order (Docket No. 18707) (the "Modification Approval Order") approving the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (which was attached as an exhibit to Docket No. 18707) (the "Modified Plan"). On October 6, 2009 ("the Effective Date"), the Debtors substantially consummated the Modified Plan and the transactions under the Master Disposition Agreement and related agreements closed.

        6.      Article 10.3(a) of the Modified Plan provides that "[a]ll final requests for payment of Professional Claims and requests for reimbursement of expenses of members of the Statutory Committees must be filed no later than [December 31, 2009]." On January 26, 2010, this Court entered its Order Under 11 U.S.C. § 105 Enlarging Time For Professionals To File Final Request For Payment Of Professional Claims (Docket No. 19370), enlarging the time for

---

[1]    See Docket Nos. 12882, 1883, 12884, 1885, 12886, 12890, 12908, and 12909.

[2]    See paragraph 3 of each of the Sixth Interim Fee Application Orders.

professionals to submit Final Fee Applications to on or prior to February 1, 2010. On January 28, 2010, this Court entered its Order Scheduling Hearing On Final Fee Applications For March 18, 2010 (Docket No. 19383), which, among other things, established March 18, 2010 as the hearing date on applications of various Professionals[3] for final requests for payment of Professional Claims ("Final Fee Applications"). On February 3, 2010, DPH Holdings Corp. and its affiliated reorganized debtors filed a Notice Of Hearing On Applications Of Professionals Seeking Final Allowance And Payment Of Compensation And Reimbursement Of Expenses For The Period From October 8, 2005 Through January 25, 2008 (Docket No. 19394) (the "Final Fee Application Notice").

Statement

A.  Professional Fees Were Reconciled In Connection With Debtors' Emergence From Chapter 11

7.  In connection with the Debtors' emergence from chapter 11, professionals were required to submit estimates for unbilled amounts and statements for unpaid amounts, including outstanding holdback amounts. See Modified Plan art. 10.3(b), 10.3(c). To ensure that the proper amounts were paid for outstanding fees and that an adequate professional fee escrow was established as required by the Modified Plan, the Debtors reconciled the amounts claimed to be due and owing to professionals. Therefore, much of the professional fee reconciliation was completed in advance of the Effective Date.

B.  Fee Review Committee's Reconciliation Of Final Fee Applications

8.  Although professional fees were reviewed and reconciled by the Debtors in advance of the Effective Date, the Fee Review Committee, acting through the Debtors'

---

[3] Capitalized terms used but not defined in this order shall have the meanings ascribed to them in the Modified Plan.

4

representatives on the Fee Review Committee, reviewed the Final Fee Applications. During this review, the Fee Review Committee identified discrepancies in certain professionals' Final Fee Applications. Specifically, this Court previously approved, on an interim basis, fees, charges, and disbursements for the first six interim fee periods. In addition, professionals had already submitted to the Debtors monthly invoices for the Seventh Interim Fee Period. Accordingly, the Fee Review Committee expected that the final amounts requested in each Final Fee Application to be no more than the sum of the amounts previously awarded by this Court for the first six interim fee periods and the amounts submitted to the Debtors on each professional's monthly invoices for the Seventh Interim Fee Period (together, the "Expected Amounts"). Certain professionals' Final Fee Applications, however, requested fees or charges and disbursements in excess of the Expected Amounts.[4] The Debtors' representatives on the Fee Review Committee contacted each of these professionals in an effort to reconcile the discrepancies. Attached hereto as Exhibit A is a summary of the resolutions reached between the Fee Review Committee and various professionals where the professionals agreed to amounts different than what was asserted in their Final Fee Applications. As reflected on Exhibit A, this reconciliation of the Fee Review Committee resulted in professionals agreeing to reduce the fees or charges and disbursements in the aggregate amount of approximately $215,000.

        9.     The Fee Review Committee also reconciled the Expected Amounts in connection with the amounts in the professional fee escrow because certain professionals are requesting in the Final Fee Applications less than the Expected Amounts. After certain reconciliations by the Reorganized Debtors, the Fee Review Committee believes that no professional is seeking payment from the professional fee escrow for an amount greater than

---

[4] For certain professionals, fees, charges, and disbursements in the aggregate did not exceed the Expected Amounts.

5

what was escrowed for that professional.  In fact, several professionals, including, KPMG LLP (Docket No. 19261), Mesirow Financial Consulting, LCC (Docket No. 19262), and Skadden, Arps, Slate, Meagher & Flom LLP (Docket No. 19256) are seeking payment from the professional fee escrow for amounts less than what was escrowed for such professionals.  These reduced payment amounts are the result of, among other things, certain professionals having voluntarily extended fee accommodations to the Reorganized Debtors in addition the accommodations previously provided by such professionals.

           10.      Finally, the Debtors' representatives on the Fee Review Committee are aware of the Objection Of The United States Trustee To The Final Fee Applications Of The Retained Professionals, filed on March 1, 2010 (Docket No. 19579).  The Fee Review Committee will not address the merits of that objection in this Statement.  However, the Fee Review Committee, acting through the Debtors' representatives on the Fee Review Committee, believes that the amounts requested in the Final Fee Applications, as reconciled in this Statement, should be approved because (a) the Fee Review Committee previously reviewed and recommended approval of the interim fee applications for the first six interim fee periods, (b) the Debtors reconciled the professional fees and charges and disbursements for the Seventh Interim Fee Period, which were already submitted on a monthly basis, and which were reviewed and considered in connection with the planned disbursements released on the Effective Date, which were necessary to implement the Debtors' Modified Plan and emergence from chapter 11 on October 6, 2009, and (c) the Fee Review Committee reconciled the Final Fee Applications to ensure that no professional sought amounts in excess of the professional fee escrow.

C.   Amendments To Reorganized Debtors' Notice Of Hearing

11.   During its review of the Final Fee Applications, the Fee Review Committee determined that the amount requested by Buck Consultants, LLC ("Buck") was incorrectly listed on the Final Fee Application Notice. Buck's Final Fee Application (Docket No. 19211) requested final approval of $248,074.00 for fees and $0.00 for charges and disbursements. After further review, the Fee Review Committee has determined that the $248,074.00 requested by Buck actually includes $94,568.00 of fees incurred after January 25, 2008, which are not part of the final fee application process. See Modified Plan art. 10.3(d); Findings Of Fact, Conclusions Of Law, And Order Under 11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified, entered January 25, 2008 (Docket No. 12359) ¶ 33.[5] Accordingly, at the Final Fee Application Hearing, Buck should only be seeking final approval of $153,506.00 for fees and $0.00 for charges and disbursements.[6]

12.   Furthermore, although Dickinson Wright PLLC's ("Dickinson Wright") withdrew its Final Fee Application on November 14, 2007, the Fee Review Committee does not object to this Court granting final approval of the fees previously awarded to Dickinson Wright on an interim basis. Specifically, the Final Fee Application Notice identified the Final Interim Application of Dickinson Wright PLLC For Order Authorizing And Approving Compensation For Services Rendered From June 1, 2007 Through August 15, 2007, filed on November 7, 2007

---

[5]   For the avoidance of doubt, except as set forth herein, the Final Fee Application Notice did not include amounts asserted for periods after January 25, 2008 because such amounts are not part of the final fee application process.

[6]   Buck subsequently informed the Fee Review Committee that the amount requested for the period from October 8, 2005 through January 25, 2008 was $153,763.00, which is the amount previously awarded by the Court for the first six interim fee periods and $2,080.00 for the Seventh Interim Fee Period.

7

(Docket No. 10855)[7] as Dickinson Wright's Final Fee Application. On November 14, 2007, however, Dickenson Wright filed its (a) Withdrawal Of Final Interim Application Of Dickinson Wright PLLC For Order Authorizing And Approving Compensation For Services Rendered From June 1, 2007 Through August 15, 2007 (Docket No. 10928) and (b) Sixth Interim Application Of Dickinson Wright PLLC For Order Authorizing And Approving Compensation For Services Rendered From June 1, 2007 Through August 15, 2007 (Docket No. 10929). Thus, the document that appeared to be Dickinson Wright's Final Fee Application was technically withdrawn. The Fee Review Committee has contacted Dickinson Wright regarding this issue and to the extent that Dickinson Wright is seeking final approval of amounts previously awarded to them on an interim basis, the Fee Review Committee does not object to this Court granting final approval of such amounts.[8]

---

[7] Dickinson Wright was retained as an ordinary course professional as of August 15, 2007 pursuant to the Supplemental Order Under 11 U.S.C. §§ 327, 330, And 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business (Docket No. 9101).

[8] During its review of the Final Fee Applications, the Fee Review Committee also determined that the amount requested by Dickinson Wright was incorrectly listed on the Final Fee Application Notice. The Final Fee Application Notice listed Dickinson Wright as requesting final approval of fees in the amount of $511,132.00 and charges and disbursements in the amount of $26,797.60. The Final Fee Application Notice should have listed $455,642.49 for fees and $21,976.71 for charges and disbursements.

WHEREFORE, for the foregoing reasons the Fee Review Committee (i) requests that the Court approve the Final Fee Applications as submitted, subject to the adjustments set forth on <u>Exhibit A</u> attached here and (ii) respectfully requests that this Court grant the Fee Review Committee such other and further relief as is just.

Dated:   New York, New York
         March 12, 2010

DELPHI JOINT FEE REVIEW COMMITTEE

By:   /s/ David M. Sherbin
      David M. Sherbin, Esq.

Chairman of the Delphi Joint Fee Review Committee

Exhibit A

Reconciled Fees And Expenses

Fees

| Professionals | 1st, 2nd, 3rd, 4th, 5th, and 6th Period Fees Awarded | 7th Period Fees Billed On Monthly Statements (10/1/07-1/25/08) | 1st - 6th Period Fees Awarded Plus 7th Period Monthly Statements (Expected Total Fees) | Total Fees Requested On Final Fee Application[1] | Difference Between Requested and Expected Fees | Revised Total Fees Requested On Final Fee Application |
|---|---|---|---|---|---|---|
| Butzel, Long | $ 2,012,829.25 | $ 294,581.47 | $ 2,307,410.72 | $ 2,311,910.72 | $ 4,500.00 | $ 2,307,410.72 |
| Cantor Colburn, LLP[2] | $ 1,446,707.50 | $ 114,795.50 | $ 1,561,503.00 | $ 1,566,547.51 | $ 5,044.51 | $ 1,561,503.00 |
| Covington & Burling LLP[3] | $ 1,790,167.54 | $ 33,122.00 | $ 1,823,289.54 | $ 1,883,390.41 | $ 60,100.87 | $ 1,823,049.54 |
| Ivins, Phillips & Barker Chartered[4] | $ 727,127.25 | $ 463,387.50 | $ 1,190,514.75 | $ 1,201,943.75 | $ 11,429.00 | $ 1,190,514.75 |
| **Debtors' Professionals Total** | **$ 5,976,831.54** | **$ 905,886.47** | **$ 6,882,718.01** | **$ 6,963,792.39** | **$ 81,074.38** | **$ 6,882,478.01** |
| Latham & Watkins LLP | $ 17,605,807.10 | $ 2,105,924.75 | $ 19,711,731.85 | $ 19,817,103.75 | $ 105,371.90 | $ 19,711,731.85 |
| **Unsecured Creditors' Committee Professionals Total** | **$ 17,605,807.10** | **$ 2,105,924.75** | **$ 19,711,731.85** | **$ 19,817,103.75** | **$ 105,371.90** | **$ 19,711,731.85** |
| **Total for All Professionals Greater Than Expected** | **$ 23,582,638.64** | **$ 3,011,811.22** | **$ 26,594,449.86** | **$ 26,780,896.14** | **$ 186,446.28** | **$ 26,594,209.86** |

1  All amounts reflect requested fees net of (i) voluntary reductions as stated in each Professional's fee application and (ii) each Professional's voluntary compliance with the Fee Procedures Protocol established by the Joint Fee Review Committee as disclosed in each Professional's fee application.

2  Cantor Colburn, LLP filed its Final Fee Application after December 31, 2009 and is subject to the Order Enlarging Time To File Final Fee Applications, and has revised its total fees as expected.
3  On its Final Fee Application, Covington & Burling LLP wrote off $240.00 for the Seventh Interim Fee Period.  The Professional Fee Escrow contains 20% of the amounts billed on Covington's monthly statements.  Accordingly, it appears that $240.00 of the Professional Fee Escrow will be returned to the estates.
4  Ivins, Phillips & Barker Chartered filed its Final Fee Application after December 31, 2009 and is subject to the Order Enlarging Time To File Final Fee Applications, and has revised its total fees as expected.

Expenses

| Professionals | 1st, 2nd, 3rd, 4th, 5th, and 6th Period Expenses Awarded | 7th Period Expenses Billed On Monthly Statements (10/1/07-1/25/08) | 1st - 6th Period Expenses Awarded Plus 7th Period Expenses Requested (Expected Total Expenses) | Total Expenses Requested On Final Fee Application[1] | Difference Between Requested and Expected Expenses | Revised Total Expenses Requested On Final Fee Application |
|---|---|---|---|---|---|---|
| Cantor Colburn, LLP[2] | $ 315,845.10 | $ 28,207.19 | $ 344,052.29 | $ 344,262.29 | $ 210.00 | $ 344,052.29 |
| Ivins, Phillips & Barker Chartered[3] | $ 8,256.98 | $ 10,202.64 | $ 18,459.62 | $ 19,669.62 | $ 1,210.00 | $ 18,459.62 |
| **Debtors' Professionals Total** | **$ 324,102.08** | **$ 38,409.83** | **$ 362,511.91** | **$ 363,931.91** | **$ 1,420.00** | **$ 362,511.91** |
| Latham & Watkins LLP | $ 1,016,071.95 | $ 87,480.05 | $ 1,103,552.00 | $ 1,113,068.00 | $ 9,516.00 | $ 1,103,552.00 |
| **Unsecured Creditors' Committee Professionals Total** | **$ 1,016,071.95** | **$ 87,480.05** | **$ 1,103,552.00** | **$ 1,113,068.00** | **$ 9,516.00** | **$ 1,103,552.00** |
| Houlihan Lokey Howard & Zukin Capital, Inc. | $ 81,499.83 | $ 10,500.73 | $ 92,000.56 | $ 109,900.56 | $ 17,900.00 | $ 92,000.56 |
| **Equity Committee Professionals Total** | **$ 81,499.83** | **$ 10,500.73** | **$ 92,000.56** | **$ 109,900.56** | **$ 17,900.00** | **$ 92,000.56** |
| **Total Expenses for All Professionals Greater Than Expected** | **$ 1,421,673.86** | **$ 136,390.61** | **$ 1,558,064.47** | **$ 1,586,900.47** | **$ 28,836.00** | **$ 1,558,064.47** |

1  All amounts reflect requested expenses net of (i) voluntary reductions as stated in each Professional's fee application and (ii) each Professional's voluntary compliance with the Fee Procedures Protocol established by the Joint Fee Review Committee as disclosed in each Professional's fee application.

2  Cantor Colburn, LLP filed its Final Fee Application after December 31, 2009 and is subject to the Order Enlarging Time To File Final Fee Applications, and has revised its total expenses as expected.
3  Ivins, Phillips & Barker Chartered filed its Final Fee Application after December 31, 2009 and is subject to the Order Enlarging Time To File Final Fee Applications, and has revised its total expenses as expected.