**Hearing Date: March 18, 2010**
                                     **Hearing Time: 10:00 a.m.**

Kristi A. Katsma  (MI – P53545)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Phone:  313.223.3500
Facsimile: 313.223.3598
kkatsma@dickinsonwright.com


UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
    In re                                                    :          Case No. 05-44481 (RDD)
                                                        :
DPH HOLDINGS CORP, <u>et</u> <u>al.,</u>          :          Chapter 11
                                                        :
               Reorganized Debtors.      :          (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**<u>DICKINSON WRIGHT PLLC'S RESPONSE TO OBJECTION OF THE UNITED STATES TRUSTEE TO THE FINAL FEE APPLICATIONS OF THE RETAINED PROFESSIONALS AND STIPULATION TO ALLOW THE SIXTH INTERIM APPLICATION OF DICKINSON WRIGHT PLLC FOR ORDER AUTHORIZING AND APPROVING COMPENSATION FOR SERVICES RENDERED TO BE DEEMED ITS FINAL APPLICATION</u>**

      Dickinson Wright PLLC ("Dickinson Wright") submits this Response to Objection of the United States Trustee to the Final Fee Applications of The Retained Professionals And Stipulation To Allow The Sixth Interim Application of Dickinson Wright PLLC For Order Authorizing And Approving Compensation For Services Rendered To Be Deemed Its Final Application, seeking an Order, attached as <u>Exhibit A</u> approving the stipulation between Dickinson Wright, the Debtors and the United States Trustee to allow Dickinson Wright PLLC's Sixth Interim Fee Application, attached as <u>Exhibit B</u> as the final fee application approving all

1

previously approved fee applications and payment of professional fees and costs to Dickinson Wright as a key ordinary course counsel for the Debtors.

## I.    PRELIMINARY STATEMENT

For a period of time during the Debtors' case, Dickinson Wright was a key ordinary course professional for the Debtors' in matters primarily related to patent prosecution. The Debtors' *Notice of Hearing On Applications Of Professionals Seeking Final Allowance And Payment Of Compensation And Reimbursement Of Expenses For The Period From October 8, 2005 Through January 25, 2008* (Doc No. 19394) lists Dickinson Wright as seeking final approval of fees and costs for services rendered to the Debtors. The United States Trustee correctly noted at Footnote 1 of its *Objection Of The United States Trustee To The Final Fee Applications Of The Retained Professionals* (Doc. No 19579) that it did not appear that Dickinson Wright had filed a final fee application. Dickinson Wright believes that its failure to file a final fee application constitutes excusable neglect and that there is no prejudice to the Debtors estate in allowing its Sixth Interim Application attached as Exhibit B (the "Sixth Interim Application") filed at Doc. No. 10929) to be deemed its final application. Dickinson Wright is not seeking payment of any fees or costs other than as previously approved and paid by the Debtors pursuant to the interim fee application process. The Debtors and the United States Trustee have stipulated to allow the Sixth Interim Application to constitute the final application for Dickinson Wright.

## II.    BACKGROUND AND ANALYSIS

By order of the Bankruptcy Court dated March 9, 2006 (the "Dickinson Wright Order") (docket no. 2772), the Bankruptcy Court approved the retention of Dickinson Wright to perform intellectual property services, litigation and corporate and commercial transactional work for the Debtors, effective as of January 13, 2006. During the period that Dickinson Wright was a key

2

ordinary course professional for the Debtor, it submitted interim fee applications for approval of fees and expenses pursuant to the Order of the Bankruptcy Court dated November 4, 2005 setting forth procedures for interim compensation (including supplemental orders, the "Interim Compensation Order") (docket no. 869), the Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 and to the Amended Guidelines for Fees and Disbursements, promulgated by this Court (collectively, the "Guidelines").  Dickinson Wright submitted the fee applications to Legal Cost Control, Inc. (the "Fee Committee") established by the Court's *Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals* entered on  May 5, 2006 (Docket No. 3630).  The fee applications were allowed by Order of this Court after voluntary reductions by Dickinson Wright pursuant to the recommendation of the Fee Committee.

A summary of Dickinson Wright's fee applications is as follows:

| Date/Document No. of Fee Application | Total Professional Fees Awarded by Court | Total Charges and Disbursements Awarded by Court | Total Voluntary Reductions by Applicant |
|---|---:|---:|---:|
| 4/26/06 – Doc #3442 | $8,786.83 | $0 | $186.67 |
| 7/31/06 – Doc. #4790 | $171,946.83 | $8,835.21 | $186.67 |
| 11/30/06 – Doc #5997 | $81,980.83 | $3,154.89 | $186.67 |
| 3/30/07 – Doc #7506 | $61,489.00 | $2,275.81 | $2,000.00 |
| 7/31/07 – Doc #8827 | $77,134.50 | $3,204.91 | $1,140.00 |
| 11/14/07 – Doc#10929 | $54,304.50 | $4,505.89 | $1,500.00 |

On August 16, 2007, this Court entered its *Supplemental Order Under 11 U.S.C. §§ 327, 330, And 331 Authorizing Retention Of Professionals Utilized By Debtors In Ordinary Course Of Business* (the "Ordinary Course Professional Order").  Dickinson Wright met the qualifications of an Ordinary Course Professional and pursuant to the Ordinary Course Professional Order, on

3

and after August 16, 2007, Dickinson Wright was not required to file fee applications with this Court.

As Dickinson Wright would thereafter not be submitted fee applications to the Court, Dickinson Wright filed its *Sixth Interim and Final Application Of Dickinson Wright PLLC For Order Authorizing And Approving Compensation For Services Rendered* (the "Final Application", Doc No. 10855). Even though Dickinson Wright sought final approval and payment of its costs and fees, pursuant to the request of the Debtors, Dickinson Wright withdrew the Final Application and refiled the fee application as its Sixth Interim Application.

The Debtors included Dickinson Wright within its Notice of Hearing for the final fee applications, specifically referencing Dickinson Wright's Final Application. Debtors' counsel, acting on behalf of the Fee Committee, contacted the undersigned to discuss the final amount sought for approval by Dickinson Wright. It was agreed that the Debtors had made a mathematical error on its Notice of Hearing, and that the final amount of fees and costs were not $511,132 and $26,797.60, respectively as indicated by the Debtors, but the $455,642.49 and $21,976.71 previously approved pursuant to the interim fee application process. Debtor's counsel also contacted the undersigned when it was realized that the Final Application had been withdrawn by Dickinson Wright, which did not thereafter have a formal final application for fees filed by to the deadline established pursuant to the Plan of Reorganization.

At the end of its term as a retained ordinary course professional, Dickinson Wright filed a final application for authorization of payment of fees and costs. At Debtors' request, this application was withdrawn and instead prosecuted as an interim application.

Dickinson Wright was not otherwise involved in the Debtors' Bankruptcy case and did not monitor the pleadings filed by the Debtors. Dickinson Wright admits that it received

4

electronic notice of the numerous pleadings filed in the bankruptcy case, however it was unaware that it was required to file an additional fee application with the Court.

Dickinson Wright, which had not been involved in the Debtors' bankruptcy case after August 15, 2007, believes that its failure to refile a final fee application constitutes excusable neglect. There is no prejudice to the Debtors' estate as Dickinson Wright is not seeking payment of additional fees and costs or allowance of any fees or costs which were not already approved pursuant to prior orders of this Court.

Upon learning that Dickinson Wright did not have a current final fee application filed with this Court, the undersigned spoke with Debtors' counsel and the United States Trustee. Both parties have stipulated to allow Dickinson Wright's Sixth Interim Application as a final application for approval of professional fees and costs incurred pursuant to 11 U.S.C. § § 330 and 331.

### III. CONCLUSION

**WHEREFORE**, Dickinson Wright respectively requests that this Court enter an Order, substantially in the form attached hereto as Exhibit A authorizing and approving the prior fee applications filed by Dickinson Wright in the aggregate amount of $445,642.49 in professional fees and $21,976.21 in costs incurred pursuant to 11 U.S.C. § § 330 and 331.

Dated: March 12, 2009                                DICKINSON WRIGHT PLLC

                                                     By:   /s/Kristi A. Katsma
                                                         Kristi A. Katsma (MI – P53545)
                                                     500 Woodward Avenue, Suite 4000
                                                     Detroit, MI 48226
                                                     313.223.3500
                                                     kkatsma@dickinsonwright.com