Hearing Date:  March 18, 2010 at 10:00 a.m. (ET)

ORRICK, HERRINGTON & SUTCLIFFE LLP
Jonathan P. Guy (Bar No. JG2634)
Alyssa D. Englund
666 Fifth Avenue
New York, NY 10103-0001
Telephone: (212) 506-5000

   - and -

ORRICK, HERRINGTON & SUTCLIFFE LLP
Richard H. Wyron
Columbia Center
1152 15th Street, N.W.
Washington, DC  20005-1706
Telephone: (202) 339-8400

*Counsel for Westwood Associates, Inc.*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :  **Chapter 11**
                                                                   :
**DPH HOLDINGS CORP., et al.,**                                    :  **Case No. 05-44481 (RDD)**
                                                                   :
            **Reorganized Debtors.**                               :  **Jointly Administered**
                                                                   :
------------------------------------------------------------------ x

**WESTWOOD ASSOCIATES, INC.'S RESPONSE TO THE**
**REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION**

Westwood Associates, Inc. ("Westwood"), by and through its undersigned counsel, hereby responds to the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and (d) and Fed. R. Bankr. P. 3007 to (I) Modify and Allow (A) Certain Modified and Allowed Claims, (B) a Partially Satisfied Claim, and (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow and Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, and (E) a Duplicate Claim, (III) Object to Certain (A) Preference-Related Claims

and (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities (the "Objection").[1]  In support of this response, Westwood respectfully represents as follows:

## BACKGROUND

**A.    Claim Number 7371**

1.    On October 8, 2005, and October 14, 2005, Delphi Automotive Systems LLC ("DAS") and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.    On January 20, 2006, DAS filed its schedules of assets and liabilities [Case No. 05-44640, Dkt. No. 5].  DAS later amended its schedules on February 1, 2006, and April 18, 2006 [Case No. 05-44640, Dkt. Nos. 8, 10].

3.    Schedule F, as amended, listed Westwood as a holder of a general unsecured claim for $612,366.84.

4.    On May 5, 2006, Westwood sold all right, title and interest in and to the claim listed on Schedule F to Contrarian Funds, LLC ("Contrarian").  See Notice of Transfer of Claim Pursuant to F.R.B.P. Rule 3001(e)(1) [Dkt. No. 3771].

5.    Two weeks later, on June 2, 2006, Contrarian timely filed proof of claim number 7371 against DAS in the amount of $694,417.04 ("Claim Number 7371").

**B.    Claim Number 14918**

6.    On July 31, 2006, Westwood timely filed proof of claim number 14918 against DAS in the amount of $66,399.42 ("Claim Number 14918").

---

[1]    The Objection listed March 11, 2010 at 4:00 p.m. (ET) as the deadline for responses.  The Reorganized Debtors subsequently agreed to extend the deadline for Westwood's response to March 15, 2010 at 5:00 p.m. (ET).

2

7. The Debtors filed an omnibus claims objection to Claim Number 14918 and other claims and requested that Claim Number 14918 be allowed in full as a "Claim Allowed Pursuant to Settlement" [Dkt. No. 17182]. On July 24, 2009, this Court entered an order allowing Claim Number 14918 in the amount of $66,399.42 (the "Prior Order") [Dkt. No. 18637]. The Court entered the Prior Order "without prejudice to the Debtors' right . . . to further object to [c]laims that [w]ere the subject of the [omnibus claims objection] except as such claims may have been settled and allowed." Prior Order, ¶ 9 (emphasis added).

**C.    The Objection**

8. On February 3, 2010, the above-captioned Reorganized Debtors, successors to the Debtors, filed the Objection [Dkt. No. 19395].

9. In the Objection, the Reorganized Debtors objected to Claim Number 7371 and Claim Number 14918 on the grounds that the claims are "asserted by Avoidance Defendants in Avoidance Actions brought by the Debtors and/or the Reorganized Debtors" and are "potentially subject to disallowance pursuant to section 502(d) of the Bankruptcy Code." Objection, ¶ 43. The Reorganized Debtors asked this Court to permit their objections to "remain pending until the conclusion of the Avoidance Action" against each alleged defendant. Objection, ¶ 45.

10. There has been no determination by this Court or any other that Westwood is liable to the Reorganized Debtors for any avoidable transfer.

**RESPONSE**

11. By the Objection, the Reorganized Debtors seek to indefinitely hold up distribution on account of Claim Number 7371 and Claim Number 14918 based solely on general and unsubstantiated allegations that the claims may, at some future date, become subject

3

to disallowance under section 502(d) of the Bankruptcy Code if Westwood is determined to be liable in an unspecified avoidance action.

12. Westwood disputes that it is liable to the Reorganized Debtors for any avoidable transfers and reserves all of its rights and defenses. Even if Westwood were ultimately found liable to the Reorganized Debtors, however, Claim Number 7371 still would not be subject to disallowance under section 502(d) because Westwood previously sold the claim to Contrarian. Claim Number 14918 likewise would not be subject to disallowance under section 502(d) because this Court previously entered a final judgment allowing the claim.

13. Moreover, the possibility that Westwood could be found liable to the Reorganized Debtors at a later date would not render the Objection timely now. Neither Claim Number 7371 nor Claim Number 14918 is subject to disallowance under section 502(d) at this time because no court has determined that Westwood is liable to the Reorganized Debtors for an avoidable transfer.

14. Westwood therefore requests that the Court deny the Objection as to Claim Number 7371 and Claim Number 14918.

**A.    The Objection to Claim Number 7371 Is Foreclosed By Westwood's Sale of the Claim to Contrarian.**

15. The sole predicate for the Reorganized Debtors' objection to Claim Number 7371 is section 502(d). Section 502(d) provides for the disallowance of "any claim of any entity from which property is recoverable . . . or that is a transferee of a transfer avoidable . . . unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable."

16. By its terms, section 502(d) does not apply to claims that an alleged avoidance defendant sold to a good faith purchaser. As the United States District Court for the Southern

4

District of New York held in Enron Corp. v. Springfield Associates (In re Enron Corp.), 379 B.R. 425, 443 (S.D.N.Y. 2007), "[t]he language and structure of the statute is plain, and requires the entity that is asserting the claim be the same entity . . . that is liable for the receipt of and failure to return property."

17.    Disallowing claims that an alleged avoidance defendant sold to a good faith purchaser also would be inconsistent with one of the main purposes of section 502(d) – coercing the alleged defendant to return assets obtained by an avoidable transfer.  Id.  Indeed, "[a]pplying section 502(d) to purchasers of claims would be punitive because they have no option to surrender something they do not have, which means they have not personally obtained any advantage that they could surrender."  Id.

18.    In this case, Westwood sold the scheduled claim that was later replaced by Claim Number 7371 to Contrarian more than three and half years before the Reorganized Debtors filed the Objection.  Contrarian purchased the scheduled claim in good faith.  Claim Number 7371, therefore, cannot be disallowed under section 502(d).

B.    **The Objection to Claim Number 14918 Is Foreclosed By This Court's Prior Order Allowing the Claim.**

19.    Section 502(d) also is not a valid basis for disallowing Claim Number 14918, as that claim has been settled and allowed under the Prior Order, which bars the Debtors from further objecting to that claim.

20.    The Prior Order constitutes a final judgment for res judicata purposes. EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 625 (2d Cir. 2007) (holding that a bankruptcy court order allowing a proof of claim is a final judgment and thus a predicate for res judicata, even when the claim is uncontested); see also In re Allvend Indus. Snacks by Toms,

5

Inc., 29 B.R. 900, 903 (Bankr. S.D.N.Y. 1983) (applying res judicata to a stipulation agreement under which the parties deemed a claim allowed).

21.     The Reorganized Debtors are therefore barred from objecting to Claim Number 14918 based on section 502(d).  EDP Med. Computer Sys., 480 F.3d at 624 (explaining that res judicata precludes parties from litigating issues that could have been raised previously).

C.     **The Objection is Untimely as to Both Claims.**

22.     Even if the Reorganized Debtors' objections to Claim Number 7371 and Claim Number 14918 were not foreclosed on other grounds, the Objection still would be untimely.

23.     To prevent abuse of section 502(d), bankruptcy courts cannot disallow claims under that section unless there has been a judicial determination of liability in the underlying avoidance action.  In re Red Dot Scenic, Inc., 313 B.R. 181, 186 (Bankr. S.D.N.Y. 2004) (citing 4 Collier on Bankruptcy ¶ 502.05[2][a] (15th ed. 2004)); see also Seta Corp. of Boca, Inc. v. Atl. Computer Sys. (In re Atl. Computer Sys.), 173 B.R. 858, 862 (S.D.N.Y. 1994) (recognizing the need for "some sort of determination of the claimant's liability before its claims are disallowed") (citing 3 Collier on Bankruptcy ¶ 502.04 (15th ed. 1993)); In re Jensen, Case No. 09-14830, 2010 WL 424693, at *2 (Bankr. S.D.N.Y. Feb. 3, 2010) ("Merely having a possible judgment . . . is not sufficient to disallow a claim under section 502(d).").

24.     Here, there has been no judicial determination of any liability of Westwood to the Reorganized Debtors for any avoidable transfer.  The Objection, moreover, lacks any information from which this Court could make such a finding, and fails to account for any potential defenses that Westwood has and would assert in any avoidance action.  Accordingly, neither Claim Number 7371 nor Claim Number 14918 can be disallowed under section 502(d) at this time.

6

**CONCLUSION**

WHEREFORE, Westwood respectfully requests that the Court enter an Order denying the Objection as to Claim Number 7371 and Claim Number 14918 and providing for such other and further relief as the Court deems just and proper.

Dated:　　March 15, 2010
　　　　　　New York, New York　　　　**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Jonathan P. Guy*
　　　Jonathan P. Guy (Bar No. JG2634)
　　　Alyssa D. Englund
　　　666 Fifth Avenue
　　　New York, NY 10103-0001
　　　Telephone: (212) 506-5000

　　　- and -

　　　Richard H. Wyron
　　　Columbia Center
　　　1152 15th Street, N.W.
　　　Washington, DC  20005-1706
　　　Telephone: (202) 339-8400

　　　*Counsel for Westwood Associates, Inc.*