Hearing Date and Time:  March 18, 2010 at 10:00 a.m.

RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, New York 10281
Telephone:   (212) 530-1800
Facsimile:    (212) 530-1801
Joon P. Hong

Attorneys for Goldman Sachs Credit Partners, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                        :
                                                                                  :    Chapter 11
DPH HOLDINGS CORP., et al.,                              :
                                                                                  :    Case No. 05-44481 (RDD)
                                                                                  :
                    Reorganized Debtors.                       :    (Jointly Administered)
------------------------------------------------------------x

# RESPONSE OF GOLDMAN SACHS CREDIT PARTNERS, L.P. TO REORGANIZED DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

Goldman Sachs Credit Partners, L.P. ("Goldman Sachs"), by its undersigned attorneys, hereby submits this response to the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and (d) and Fed. R. Bankr. P. 3007 to (I) Modify and Allow (A) Certain Modified and Allowed Claims, (B) a Partially Satisfied Claim, and (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow and Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, and (E) a Duplicate Claim, (III) Object to Certain (A) Preference-Related Claims and (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related

582505.3/153-05553

Scheduled Liabilities (Docket No. 19395) (the "Omnibus Objection"), and in support thereof respectfully represents as follows:[1]

### Background

1.   Pursuant to the Omnibus Objection, the Reorganized Debtors[2] object to the "Preference-Related Claims" listed on <u>Exhibit I</u> to the Omnibus Objection. The Reorganized Debtors assert that these Preference-Related Claims are held by claimants who are defendants in avoidance actions and that, as such, the claims are potentially subject to disallowance under section 502(d) of the Bankruptcy Code.

2.   Goldman Sachs is the holder of the following three claims (collectively, the "Goldman Claims") which are listed on <u>Exhibit I</u> to the Omnibus Objection:

   a.   Claim No. 2558, filed on April 4, 2006 in the amount of $9,000,000;

   b.   Claim No. 7547,[3] filed on June 6, 2006 in the amount of $653,828.81; and

   c.   Claim No. 9940, filed on July 19, 2006 in the amount of $6,678,072.11.

The Goldman Claims are based on goods sold and/or serviced provided to the Debtors by the prior holders of the claims.

---

[1] Counsel for the Reorganized Debtors consented to extend the deadline for Goldman Sachs to file a response to the Omnibus Objection, from March 11 to March 15, 2010, and stated that as per the procedures governing objection to claims, the hearing on the claims held by Goldman Sachs would be adjourned to a future hearing, which would provide Goldman Sachs an opportunity to supplement its response, if needed.

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Omnibus Objection.

[3] M&Q Plastic Products L.P., the predecessor in interest to Claim No. 7547, filed its own separate response to the Omnibus Objection on March 10, 2010 with respect to Claim No. 7547 - Response of M&Q Plastic Products L.P. to Forty-Fourth Omnibus Claims Objection of DPH Holdings Corp. (Docket No. 19613).

582505.3/153-05553

3. Goldman Sachs purchased the Goldman Claims pursuant to various assignment documents and filed corresponding notices of transfer of claim with the Court with respect to each claim that was purchased.

4. Each of the Goldman Claims were previously settled and allowed against Delphi Automotive Systems LLC pursuant to following stipulations and Court orders (the "Allowance Orders"):

    a. Joint Stipulation Compromising and Allowing Proof of Claim 2258 [sic] (Docket No. 7048), entered on February 26, 2007, in the amount of $7.5 million as an allowed general unsecured non-priority claim;

    b. Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 7547 (Docket No. 13555), entered on May 8, 2008, in the amount of $627,270.51 as an allowed general unsecured non-priority claim; and

    c. Joint Stipulation and Agreed Order Allowing Proof of Claim Number 9940 and Expunging Proof of Claim Number 16490 (Docket No. 12413), entered on January 31, 2008, in the amount of $6,678,072 as an allowed general unsecured non-priority claim.

**Goldman Claims Are Allowed Claims and Cannot be Challenged**

5. As seen above, pursuant to the Allowance Orders, which were the result of a claims objection and settlement process, the Goldman Claims have already been allowed and constitute "Allowed Claims" that must be satisfied in accordance with the terms of the First

Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan").

6.     The claims resolution process under the Modified Plan permits the Reorganized Debtors to determine and liquidate claims and to withhold distributions to Disputed Claims pending their final determination. The claims resolution process in the Modified Plan, however, does not permit the Reorganized Debtors to object to claims that have already been settled and allowed. Under the Modified Plan, holders of general unsecured claims that are allowed are to receive their pro rata share of distributions of the General Unsecured MDA Distribution (as defined in the Modified Plan).

7.     Once an unsecured claim becomes an Allowed Claim (as defined in the Modified Plan), it is due and payable in accordance with the terms of the Modified Plan. See In re Envirodyne Indus., Inc., 183 B.R. 812 (Bankr. N.D. Ill. 1995) (the allowed amount of a claim is not subject to objection and debtor is obligated to pay that amount in accordance with the terms of the plan). The Reorganized Debtors are estopped by the Allowance Orders and prohibited by the Modified Plan from objecting to Allowed Claims, including the Goldman Claims.

### Section 502(d) of the Bankruptcy Code is Not Applicable to Goldman Sachs and Precludes the Objections

8.     Section 502(d) of the Bankruptcy Code is not applicable to Goldman Sachs and the Goldman Claims. The disallowance provision in section 502(d) is operable only when (i) there has been an order entered against a claimant for turnover of property of the estate under section 542 or 543 of the Bankruptcy Code, (ii) there has been a successful avoidance of a transfer under the avoidance provisions of the Bankruptcy Code, resulting in a right to proceed under section 550 of the Bankruptcy Code to recover the avoided transfer, or (iii) a setoff has

been found to be improper and avoidable under section 553 of the Bankruptcy Code. None of these situations apply to Goldman Sachs or the Goldman Claims.

9. Goldman Sachs does not hold property of the Reorganized Debtors that is subject to recovery or turnover under sections 542 or 543 of the Bankruptcy Code. Goldman Sachs is also not a defendant in any avoidance actions and there have been no successful avoidance judgments entered against Goldman Sachs. Lastly, Goldman Sachs has taken no setoff against the Reorganized Debtors, and thus there has been no avoidable improper setoff under section 553 of the Bankruptcy Code.

10. Reorganized Debtors argue that because they are asserting avoidance claims against holders of the claims listed in Exhibit I of the Omnibus Objection, they have a right to seek disallowance of the claims pursuant to section 502(d).

11. Goldman Sachs, however, is not aware of any pending avoidance claims brought by the Reorganized Debtors against Goldman Sachs. The alleged preferential transfers cannot be recovered against Goldman Sachs inasmuch as Goldman Sachs never received the allegedly preferential transfers and is not the transferee of any such transfers.

12. Even if Goldman Sachs were a defendant in a pending avoidance action, the Goldman Claims cannot be subject to disallowance under section 502(d) unless and until there has been a determination of liability on the part of Goldman Sachs for a preference claim. In re Atlantic Computers Sys.. 173 B.R. 858, 862 (S.D.N.Y. 1994) ([section 502(d)] "clearly envisions some sort of determination of the claimant's liability before its claims are disallowed"). There has been no successful avoidance judgment or any determination of liability against Goldman Sachs. Mere allegations regarding potentially avoidable transfers are insufficient to disallow a claim under section 502(d).

13. Furthermore, because objections to Goldman Claims were previously resolved and the Goldman Claims have now been allowed pursuant to the Court's prior Allowance Orders, the Reorganized Debtors are precluded from commencing or continuing adversary proceedings to recover the alleged avoidable transfers. LaRoche Indus., Inc. v. General American Transp. Corp., 284 B.R. 406, 408-09 (Bankr. D. Del. 2002) ("§ 502(d) stands for the proposition that if a claim is allowed there is no longer a voidable transfer due from that claimant"); In re Cambridge Indus. Holdings, Inc., 2003 WL 21697190 (Bankr. D. Del. 2003) (the presence of a court order allowing a claim precludes the commencement or continuance of litigation seeking to recover avoidable transfer from the creditor and noting that if creditors are to be subjected to new or continuing preference litigation after their claims have been allowed, § 502(d) would have no substance).

**Setoff Is Not Permissible**

14. Finally, Reorganized Debtors state that if they are successful in prosecuting their avoidance actions and obtain judgments, they intend to setoff the amount of any judgment against any distribution under the Modified Plan on account of the claims held by the holders of the claims listed in Exhibit I to the Omnibus Objection. Goldman Sachs believes that even if the Reorganized Debtors are ultimately successful in their avoidance actions they would not be able to setoff any such judgments against the Goldman Claims for various reasons, including the lack of mutuality of debts and mutuality of parties. Goldman Sachs reserves its right to challenge any setoff that the Reorganized Debtors may seek against the Goldman Claims in these proceedings.[4]

---

[4] Goldman Sachs reserves its right to submit supplemental responses in connection with the Omnibus Objection and the Goldman Claims, including in response to any setoff rights that the Reorganized Debtors may assert.

15. Goldman Sachs' claims against the Reorganized Debtors cannot be disallowed inasmuch as they have already been allowed pursuant to Court order and the Modified Plan. In addition, section 502(d) is inapplicable to Goldman Sachs and the claims it holds because there has been no determination of liability against Goldman Sachs.

WHEREFORE, Goldman Sachs respectfully requests that the Court enter an order overruling the Omnibus Objection in all respects with respect to the Goldman Claims and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 15, 2010

                                                      __/s/_Joon P. Hong_____
                                                     Joon P. Hong
                                                     RICHARDS KIBBE & ORBE LLP
                                                     One World Financial Center
                                                     New York, NY 10281
                                                     Telephone: (212) 530-1800
                                                     Facsimile: (212) 530-1801

                                                     Attorneys for Goldman Sachs Credit Partners, L.P.

582505.3/153-05553