ANDREWS KURTH LLP
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929
Jonathan I. Levine (JL 9674)

- and -

SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona  85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Steven D. Jerome (AZ Bar #018420)
A. Evans O'Brien (AZ Bar #026521)

Counsel to Microchip Technology Incorporated


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :        Chapter 11
                                                             :
DELPHI CORPORATION, *et al.*,                                :        Case No. 05-44481 (RDD)
                                                             :        Jointly Administered
-------------------------------------------------------------x
DELPHI CORPORATION                                           :
                                                             :        Adv. Pro. No. 07-02436 (RDD)
                         Plaintiffs,                         :
                                                             :
              -against-                                      :
                                                             :
MICROCHIP,                                                   :
                                                             :
                         Defendant.                          :
-------------------------------------------------------------x

**MOTION BY MICROCHIP TECHNOLOGY INCORPORATED SEEKING AN
ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024,
VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE
DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE
TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II)
PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING
THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE
ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING
ON THE GROUND OF JUDICIAL ESTOPPEL**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT....................................................................................................................... 10

      I.      EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES
      ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS
      AGAINST MICROCHIP ON THE GROUNDS THAT EACH IS VOID BY
      VIRTUE OF THE PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE
      MICROCHIP WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF
      AND THAT SUCH ORDERS WERE IMPROVIDENTLY ENTERED. ...................... 10

      A.      The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of the
      Bankruptcy Code. .......................................................................................................... 10

      B.      Microchip Was Not Served with Notice of the Motions in Support of the
      Preservation of Estate Claims Procedures Order and Each of the Extension Orders......13

      II.      THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS
      AND SHOULD BE DISMISSED. ................................................................................ 15

      III.      IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL
      ESTOPPEL AND SHOULD BE DISMISSED............................................................. 18

CONCLUSION.................................................................................................................... 20

MEMORANDUM OF LAW................................................................................................ 21

# TABLE OF AUTHORITIES

## Cases

Ahern v. Neve, 285 F.Supp.2d 317 (E.D.N.Y. 2003)........................................................ 16

Bank of Cape Verde v. Bronson, 167 F.R.D. 370 (S.D.N.Y. 1996)................................. 16

Barcia v. Sitkin, 367 F.3d 87 (2d Cir. 2004).................................................................... 13

Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co., 1991 WL 35953
    (S.D.N.Y. Mar. 8, 1991). .............................................................................................. 17

Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.),
    288 B.R. 701 (Bankr. S.D.N.Y. 2003).......................................................................... 19

Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.), 375 F.3d 51 (1st Cir. 2004).... 14

Galerie DesMonnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re
    Galerie DesMonnaies of Geneva, Ltd.), 55 B.R. 253 (Bankr. S.D.N.Y. 1985)............ 19

Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1 (1st
    Cir. 2005). .................................................................................................................... 11

Grannis v. Ordean, 234 U.S. 385 (1914). ........................................................................ 13

In re Cornwall, 9 Blatchf. 114, 6 F.Cas. 586 (C.C.D. Conn. Sept. Term 1871)............... 16

In re Food Management Group, LLC, 359 B.R. 543 (Bankr. S.D.N.Y. 2007)............ 10-12

In re Hamilton, 179 B.R. 749 (Bankr. S.D. Ga. 1995). .................................................... 14

In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Feb. 27,
    2001). ............................................................................................................................ 13

In re Venture Mortgage Fund, L.P., 245 B.R. 460 (2000)................................................. 18

Morse v. Perrotta (In re Perrotta), 406 B.R. 1 (Bankr. D. N.H. 2009). ........................... 16

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). ............................ 14

Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv., 169 F.R.D. 28 (W.D.N.Y.
    1996). ............................................................................................................................ 17

New Hampshire v. Maine, 532 U.S. 742 (2001). .............................................................. 18

Rosenshein v. Kleban, 918 F.Supp. 98 (S.D.N.Y. 1996)................................................... 18

Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),
    21 F.3d 24 (2d Cir. 1994). ...................................................................................... 11, 12

Weigner v. City of New York, 852 F.2d 646 (2d Cir. 1988)........................................... 13

**Statutes**

11 U.S.C. § 107(a). ....................................................................................................... 11

11 U.S.C. § 107(b). ....................................................................................................... 11

11 U.S.C. § 546(a). ....................................................................................................... 15

28 U.S.C. § 2075............................................................................................................ 16

Fed. R. Bankr. P. 7004(a). ..................................................................................... 15-16

Fed. R. Bankr. P. 7012(b). ........................................................................................... 18

Fed. R. Bankr. P. 9024.................................................................................................. 10

Fed. R. Civ. P. 12(b)(6).................................................................................................. 18

Fed. R. Civ. P. 4(m) ...............................................................................................15-16

Fed. R. Civ. P. 60(b) ..................................................................................................... 10

Microchip Technology Incorporated ("Microchip"), by and through its undersigned counsel, respectfully alleges:

**PRELIMINARY STATEMENT**

1.      A fundamental tenet in American jurisprudence is that all court proceedings should be open to the public at large, because the public has a right, rooted in the First Amendment and codified by Congress in § 107(a) of the Bankruptcy Code, to know about the administration of bankruptcy proceedings. Another core tenet in American jurisprudence is that a party is entitled to notice that it is being sued. Neither of these principles was followed here. Instead, Delphi Corporation ("Delphi") and the other Debtors (defined below), the plaintiffs herein (collectively, the "Plaintiffs") have, through the two-step combination of (i) filing of complaints under seal and (ii) filing a series of motions without notice to the parties who had an interest in opposing them, perverted the Federal Rules of Civil Procedure in an attempt to surreptitiously and indefinitely extend the two-year statute of limitations imposed pursuant to 11 U.S.C. § 546(a), which absolutely bars the prosecution of the above-captioned adversary proceeding, commenced under seal on September 28, 2007, and served on or about February 18, 2010 on Microchip (the "Adversary Proceeding").

2.      Consequently, Microchip seeks an order of this Court:

(i)      vacating, with respect to Microchip, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the orders of this Court, dated August 16, 2007 (the "Preservation of Estate Claims Procedures Order"); March 28, 2008 (the "Extension of Avoidance Action Service Deadline Order"); April 30, 2008 (the "Postconfirmation Extension of Avoidance Action Service Deadline Order"); and October 22, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order" and, together

with the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, the "Extension Orders"), on the grounds that each such order is void against Microchip by virtue of the Debtors' and Plaintiffs' intentional failure to provide Microchip with notice of the motions and that the Extension Orders were improvidently made; and

(ii)     dismissing, with prejudice, the Adversary Proceeding against Microchip, pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b) on the ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a claim upon which relief may be granted; or

(iii)     in the alternative, dismissing, with prejudice, the Adversary Proceeding against Microchip on the ground that it is barred by judicial estoppel.

## STATEMENT OF FACTS

3.     On October 8, 2005, Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. (Complaint, dated September 26, 2007, annexed hereto as Exhibit A (the "Complaint"), at ¶ 1).

4.     Prior to the commencement of the Debtors' cases, Microchip provided goods and services to Delphi.

### (i) Preservation of Estate Claims Procedures Motion and Order

5.     By motion dated August 6, 2007 (the "Preservation of Estate Claims Procedures Motion"), the Debtors sought entry of an order seeking, among other things, the establishment of

NYC:209145.2
NYC:209145.2

procedures for certain adversary proceedings, including those commenced by the Debtors under

Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553. (Preservation of Estate Claims Procedures

Motion, annexed hereto as <u>Exhibit B</u>, at ¶ 17).  As pertinent here, the procedures sought included

(i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to

serve certain adversary summonses and complaints, (ii) a stay of the applicable adversary

proceedings until service of process was effected, and (iii) permitting the Plaintiffs to file the

complaints under seal. (<u>Id.</u> at ¶¶ 33-38).

6.      The aforementioned procedures were purportedly intended to permit the Debtors

to "preserve the status quo," and "potentially valuable assets without disrupting the plan process

or existing business relationships prematurely or prejudicing the rights of any defendants," as

well as to "avoid having to force all potential defendants to retain counsel to defend against

adversary proceedings when, in fact, most of them likely will be resolved by a reorganization

plan and never pursued." (<u>Id.</u> at ¶¶ 33-34).

7.      In addition, as relates to the request to file the complaints under seal, the Debtors

also sought to so act in order to "avoid unnecessarily alarming potential defendants," and

because the "Debtors have worked to preserve and repair their business relationship with many

of the potential defendants during these cases and have negotiated or regained favorable credit

terms with many suppliers and are continuing to do so." (<u>Id.</u> at ¶ 37).

8.      No notice of the Preservation of Estate Claims Procedures Motion was given to

Microchip. (Affidavit of Service, dated August 10, 2007, annexed hereto as <u>Exhibit C</u>).

9.      On August 16, 2007, this Court entered the Preservation of Estate Claims

Procedures Order, granting the aforementioned relief requested in the Preservation of Estate

Claims Procedures Motion by (i) allowing the Debtors to file adversary proceeding complaints

NYC:209145.2
NYC:209145.2

- 3 -

under seal, (ii) directing the Clerk of the Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of their intent to prosecute such actions, (iii) staying each adversary action unless and until the Debtors effectuated service of process on the respective defendants, and (iv) extending the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m). (Preservation of Estate Claims Procedures Order, annexed hereto as Exhibit D, at ¶¶ 7-10).

10.    Paragraph 11 of the Preservation of Estate Claims Procedures Order provides that "[t]he Debtors must serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable." (Id. at ¶ 11).

### (ii) Commencement of Adversary Proceeding Against Microchip and Plan Confirmation

11.    On September 28, 2007, Plaintiffs commenced the Adversary Proceeding by filing the Complaint under seal with the Clerk. The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Microchip in the aggregate amount of $1,527,621.87. (Complaint; Docket for Adversary Proceeding 07-02436, annexed hereto as Exhibit E, [Docket No. 1]).

12.    The statute of limitations for commencing avoidance actions pursuant to Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553 expired on or before October 14, 2007. (11 U.S.C. § 546(a)).

13.    On January 25, 2008, the Court entered an order confirming the Debtors' first amended joint plan of reorganization (the "Plan"). (Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 confirming First Amended

NYC:209145.2
NYC:209145.2

- 4 -

Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, dated January 25, 2008 (the "Confirmation Order"), annexed hereto as <u>Exhibit F</u>).

### (iii) Extension of Avoidance Action Service Deadline Motion and Order

14.      By motion dated February 28, 2008 (the "Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008. (Extension of Avoidance Action Service Deadline Motion, annexed hereto as <u>Exhibit G</u>, at ¶ 18).

15.      The stated purpose for this extension was to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants." (<u>Id.</u> at ¶ 21).

16.      In the Extension of Avoidance Action Service Deadline Motion, the Debtors also stated that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."[1] (<u>Id.</u> at ¶ 17). In fact, the Debtors explicitly stated that of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order. (<u>Id.</u> at ¶ 17, n.4).

17.     No notice of the Preservation of Estate Claims Procedures Motion was given to Microchip. (Affidavit of Service, dated March 4, 2008, annexed hereto as <u>Exhibit H</u>).

18.     On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended to May 31, 2008. (Extension of Avoidance Action Service Deadline Order, annexed hereto as <u>Exhibit I</u>, at ¶ 2).

19.     Consistent with Paragraph 11 of the Preservation of Estate Claims Procedures Order, Paragraph 2 of the Extension of Avoidance Action Service Deadline Order provided that the "Debtors shall serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable." (<u>Id.</u> at ¶ 2).

### (iv) Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order

20.     By motion dated April 10, 2008 (the "Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order, so as to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan. (Postconfirmation Extension of Avoidance Action Service Deadline Motion, annexed hereto as <u>Exhibit J</u>, at ¶ 19).

21.     The stated purpose for this extension was identical to the purpose set forth in support of the Extension of Avoidance Action Service Deadline Motion, namely, to "enable the

---

[1] Exhibit 7.24 to the Plan apparently was never filed with the Court.

NYC:209145.2
NYC:209145.2

Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants." (Id. at ¶ 22).

22.    The Postconfirmation Extension of Avoidance Action Service Deadline Motion once again stated that (i) the Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan;" and (ii) of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order. (Id. at ¶ 18 and n.4). Unlike the other defendants, these three entities were provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion. (Id. at ¶ 18, n.4).

23.    No notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion was given to Microchip. (Affidavit of Service, dated April 16, 2008, annexed hereto as Exhibit K).

24.    On April 30, 2008, the Court entered the Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11

plan for the Debtors and December 31, 2008. (Postconfirmation Extension of Avoidance Action Service Deadline Order, annexed hereto as Exhibit L, at ¶ 2).

25.    The Postconfirmation Extension of Avoidance Action Service Deadline Order contained the same decretal paragraph set forth in Paragraph 19 above. (Id. at ¶ 2).

### (v) Entry of Modification Approval Order and Effective Date

26.    On July 30, 2009, the Court entered an order (the "Modification Approval Order") approving certain modifications to the Plan (the "Modified Plan"). (Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date, dated October 6, 2009, annexed hereto as Exhibit M, at ¶ 2). The effective date of the Modified Plan occurred on October 6, 2009. (Id. at ¶ 3).

### (vi) Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order

27.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan. (Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, annexed hereto as Exhibit N, at ¶ 16).

28.    The Debtors stated that this further extension was necessary in light of the fact that the Debtors now anticipated that they would retain 177 of the adversary proceedings filed under seal. The Debtors asserted that 30 days after substantial consummation of the Modified

Plan was not sufficient time to "assess the ongoing relationship with certain defendants and whether events since initiating the [adversary proceedings] have impacted the Debtors' estimated recoveries," and determine whether to pursue such retained adversary proceedings. The Debtors thus fell back to their rote justification and stated that an extension "would reduce the administrative and economic burdens of the [retained adversary proceedings] on the Debtors and the potential defendants." (Id. at ¶¶ 17, 19).

29.     No notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion was given to Microchip. (Affidavit of Service, dated October 7, 2009, annexed hereto as Exhibit O).

30.     On October 22, 2009, the Court entered the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve a defendant in the adversary proceedings with a summons and complaint was further extended until 180 days after substantial consummation of the Modified Plan. (Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, annexed hereto as Exhibit P, at ¶ 2).

31.     The Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order contained the same decretal paragraph set forth in Paragraph 19 above. (Id. at ¶ 2).

### (vii) Service of Process on Microchip

32.     Microchip was served with the Complaint on or about February 18, 2010, well

over two years after the limitations period provided by Bankruptcy Code § 546(a) expired.

## ARGUMENT

**I.      EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES
ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST
MICROCHIP ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE
PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE MICROCHIP WITH NOTICE
OF THE MOTIONS IN SUPPORT THEREOF AND THAT SUCH ORDERS WERE
IMPROVIDENTLY ENTERED.**

33.     Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024, provides, in

relevant part:

> On motion and just terms, the Court may relieve a party or its legal
> representative from a final judgment, order or proceeding for the
> following reasons: . . . (6) any other reason that justifies relief.

34.     Microchip respectfully submits that the combination of permitting the Plaintiffs to

file the Complaint under seal -- thereby preventing Microchip from  discovering that it had been

sued -- while continually extending the Plaintiffs' time to serve process in excess of two years

past the expiration of the statute of limitations set forth in Bankruptcy Code §546(a) -- also

without notice to Microchip -- has resulted in a proceeding completely devoid of procedural due

process. Accordingly, and for the reasons set forth below, the Preservation of Estate Claims

Procedures Order and each of the Extension Orders must be vacated as against Microchip.

**A.      The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of
the Bankruptcy Code.**

35.     There "is a strong presumption and public policy in favor of public access to court

records," which is "rooted in the public's First Amendment right to know about the

administration of justice." In re Food Management Group, LLC, 359 B.R. 543, 553 (Bankr.

S.D.N.Y. 2007) (internal citations and quotations omitted). In fact, the "public interest in

openness of court proceedings is at its zenith when issues concerning the integrity and

transparency of bankruptcy court proceedings are involved." Id.; see also Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 7 (1st Cir. 2005) ("This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system.").

36.    Section 107(a) of the Bankruptcy Code codified the common law right of public access in the bankruptcy setting and provides, in relevant part, that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a); In re Food Management Group, LLC, 359 B.R. at 553. The "plain meaning of § 107(a) mandates that all papers filed with the bankruptcy court are 'public records' unless the bankruptcy court 'decides to protect the information pursuant to the standards set forth in [§] 107(b).'" In re Food Management Group, LLC, 359 B.R. at 553 (quoting Air Line Pilots Ass'n Int'l v. Am. Nat'l Bank and Trust Co. (In re Ionosphere Clubs), 156 B.R. 414, 433 n.7 (S.D.N.Y. 1993)).

37.    Section 107(b) of the Bankruptcy Code establishes two exceptions to the general right of access where under "compelling or extraordinary circumstances" an exception is necessary. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994). Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). However, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to keep the material

private. In re Food Management Group, LLC, 359 B.R. at 554 (internal citation and quotation

omitted).

38.     The Debtors invoked Section 107(b)(1) when requesting that the Court permit the

filing of the complaints commencing the avoidance action adversary proceedings under seal. As

mentioned above, in the Preservation of Estate Claims Procedures Motion, the Debtors sought to

characterize preservation of the status quo and existing business relationships as "commercial

information" in need of protection. In connection therewith, the Debtors alleged that they "have

worked to preserve and repair their business relationship with many of the potential defendants

during these cases and have negotiated or regained favorable credit terms with many suppliers

and are continuing to do so."[2]  In essence, the Debtors sought to conceal material facts from the

Defendants, including Microchip, to induce favorable business terms from them.  At a minimum,

the concealment of material facts is an indication of a lack of good faith and may rise to the level

of fraud.

39.     Commercial information, however, has never been defined by the Courts so

broadly as to protect information that would be prejudicial to the Debtors vis-à-vis their own

creditors. Rather, commercial information has been defined "as information which would cause

an *unfair advantage to competitors* by providing them information as to the commercial

operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27 (emphasis added). Microchip

is not a competitor of the Debtors.  Therefore, the fact that the Debtors are seeking to avoid

allegedly preferential payments to Microchip was not "commercial information" that needed to

---

[2] In support of the their proposition that maintenance of ongoing business relationships was "commercial information" entitled to protection, the Debtors cited In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Feb. 27, 2001).  There, the court granted the debtors authority to file under seal certain adversary proceedings so that they could continue negotiations with the defendants, who were also the debtors' business partners. Even if the ruling were correct as a matter of law, which Microchip disputes, the case is inapposite to the situation here, as Microchip is not a business partner of the Debtors.

be kept or should have been kept confidential. Accordingly, the Preservation of Estate Claims Procedures Order as relates to the authority to file the Complaint under seal should be vacated as to Microchip.

**B.    Microchip Was Not Served with Notice of the Motions in Support of the Preservation of Estate Claims Procedures Order and Each of the Extension Orders.**

40.    It has long been held that the "fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394 (1914). This right to be heard, however, "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Thus, an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314; Barcia v. Sitkin, 367 F.3d 87, 107 (2d Cir. 2004) (same); Weigner v. City of New York, 852 F.2d 646, 654 (2d Cir. 1988) (same).

41.    Microchip was not given any notice of the motions for the Preservation of Estate Claims Procedures Order and each of the Extension Orders and none of the motions identified Microchip as a potential defendant. To the contrary, the motions, with the added component of authority to file the complaints under seal, devised a procedural "Star Chamber" where Microchip was intentionally kept in the dark as to its status as a defendant. Such a deprivation of due process is wrong.

42.    The Debtors attempted to justify this lack of procedural due process on the grounds that it "avoid[ed] unnecessarily alarming potential defendants" and "having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact,

most of them likely will be resolved by a reorganization plan and never pursued." (Preservation of Estate Claims Procedures Motion, at ¶¶ 34, 37). These justifications have absolutely no merit. The Debtors had an option - - sue the defendants or do not sue the defendants. Importantly, Microchip would have had notice that it was being sued, and it would have had the ability to oppose the motions seeking the Preservation of Estate Claims Procedures Order and the Extension Orders.

43.    In addition, the lack of due process pursued by the Debtors had the bonus effect of disenfranchising Microchip and other defendants from participating in the case and voting on the Plan and Modified Plan. Indeed, under Section 502(h), it is implicit that "a transferee of an avoidable transfer has an allowable claim once it turns over such property for which it is liable," and that it may file a proof of claim on account of same. Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.), 375 F.3d 51, 57 n.4 (1st Cir. 2004). That, in turn, allows it to "[participate] in the voting and distribution from the estate." In re Hamilton, 179 B.R. 749, 752 (Bankr. S.D. Ga. 1995) (quoting In re Kolstad, 928 F.2d 171, 174 (5th Cir. 1991), reh'g denied, 936 F.2d 571 (5th Cir. 1991), cert. denied, 502 U.S. 958 (1991)). The Debtors knew that if Microchip repaid an alleged preferential transfer, it would have been entitled to file a claim, participate in the case and vote on the Plan and the Modified Plan. The justification for depriving Microchip of its right to engage in the bankruptcy cases merely so the Debtors could avoid looking bad to Microchip is patently improper and not justifiable under the Bankruptcy Code.

44.    For all of the foregoing reasons, each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order should be vacated on

the ground that each is improvidently entered and void against Microchip.

## II.    THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED.

45.    Section 546(a) of the Bankruptcy Code, which sets forth the statute of limitations on avoiding powers, provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of – (1) the later of – (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). The deadline for commencing an adversary proceeding against Microchip on account of an allegedly avoidable preference expired on or before October 14, 2007. The Plaintiffs filed the Complaint under seal on September 28, 2007, but did not serve Microchip with such Complaint until February 18, 2010, well over two years after the statute of limitations contained in Section 546(a) expired.

46.    To bridge the gap between the time that Microchip should have been served with the Complaint and the date on which it was actually served with the Complaint, the Plaintiffs rely on the Extension Orders sought and entered, pursuant to Fed. R. Civ. P. 4(m), ex parte from the one entity that had an adverse interest, namely, Microchip. Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004(a), provides, in relevant part:

> *Time Limit for Service*. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

47.    The Extension Orders should not have been entered, as good cause did not exist to

extend the time to serve process as a matter of law. Good cause generally exists under Fed. R.

Civ. P. 4(m) when service is attempted, but is not completed, on a named defendant within the

required 120-day period. Ahern v. Neve, 285 F.Supp.2d 317, 320 (E.D.N.Y. 2003). It does not

exist, however, in situations where the Plaintiffs know and can serve the named defendants, but

simply choose not to do so, and where the sole purpose in seeking the extension of time is to

prevent defendants from learning that they had been sued.[3] The use of procedural rules to obtain

a result not contemplated by the accompanying substantive law is simply not permitted. See 28

U.S.C. § 2075 (rules prescribed by the United States Supreme Court "shall not abridge, enlarge,

or modify any substantive right"); see also Morse v. Perrotta (In re Perrotta), 406 B.R. 1, 8

(Bankr. D. N.H. 2009) ("Therefore, to the extent that the Bankruptcy Rules and the Bankruptcy

Code are inconsistent, the statute controls.").

48.    Moreover, while it is true that courts have the discretion to extend the time for

service of process, such extensions were not warranted here. Courts have held that statutes of

limitation are statutes of repose, and they "are enacted upon the presumption, that one having a

well-founded claim will not delay enforcing it beyond a reasonable time, if he has the power to

sue." In re Cornwall, 9 Blatchf. 114, 6 F.Cas. 586, 591 (C.C.D. Conn. Sept. Term 1871). Indeed,

the purpose of statutes of repose is primarily to give notice to plaintiffs of the time within which

to bring suit and to potential defendants of the time beyond which exposure to liability ceases.

See Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co., 1991 WL 35953, at *5

---

[3] As support for extending the time to serve process on defendants, the Debtors cited Bank of
Cape Verde v. Bronson, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) for the proposition that good
cause existed where future events would have likely "obviated the need to serve the []
complaint" and when the plaintiff requested the extension before the deadline expired. This case
is inapplicable to the facts here. In Bank of Cape Verde, the third-party plaintiff was pursuing
good-faith settlement negotiations with the plaintiff and third-party defendants, and had already
served all or most of the parties to the action prior to the expiration of the 120-day deadline. That
is a far cry from the situation here, where Microchip was not, and could not have been, in
settlement negotiations with the Plaintiffs, as it did not even know that it had been sued.

(S.D.N.Y. Mar. 8, 1991).

49.     Statutes of repose are only to be outweighed where "the interests of justice require vindication of the plaintiff's rights." <u>Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)</u>, 288 B.R. 701, 705 (Bankr. S.D.N.Y. 2003). Such circumstances occur where the plaintiff has not slept on its rights, has commenced a timely state court action in a court of competent jurisdiction, the particular defect in the complaint is waivable and frequently waived, and the defendant "*could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that [the plaintiff] was actively pursuing his . . . remedy.*" <u>Id.</u> (quoting <u>Burnett v. N.Y. Cent. R.R. Co.</u>, 380 U.S. 424, 428-29 (1965)) (emphasis added).

50.     Here, Microchip was entitled to rely, had no reason not to rely, and indeed relied, upon the policy of repose embedded within Section 546(a) of the Bankruptcy Code, having received no notice for more than two years after the statute of limitations had expired that it had been sued by the Plaintiffs.[4]

51.     Thus, while it is generally the policy of the courts to decide cases on the merits where possible,

> if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if it means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits.

<u>Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv.</u>, 169 F.R.D. 28, 35 (W.D.N.Y. 1996). By not giving notice to Microchip that it had been sued and denying Microchip the right to be heard and object to the motions supporting the Preservation of Estate Claims Procedures Order and each of the Extension Orders, the Plaintiffs maneuvered themselves into this corner

---

[4] Microchip also could not have discovered on its own that it had been sued in light of the

where the Complaint should be dismissed on procedural, and not substantive, grounds. Having devised and imposed this scheme on Microchip, however, the Debtors cannot now cry foul to the effects of their machinations.

52.    Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

## III.    IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.

53.    The equitable principle of judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding." In re Venture Mortgage Fund, L.P., 245 B.R. 460, 471 (2000), aff'd, 282 F.3d 185 (2d Cir. 2002). The purpose of judicial estoppel is to "protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 749 (2001); see also Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y. 1996) ("Judicial estoppel is invoked . . . to prevent the party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process.").

54.    In the Second Circuit, the following two factors must be satisfied to invoke the doctrine of judicial estoppel: (i) the party against whom estoppel is asserted took an inconsistent position in a prior proceeding, and (ii) the first tribunal adopted the inconsistent position in some manner, such as by rendering a favorable judgment. In re Venture Mortgage Fund, L.P., 245 B.R. at 472. The doctrine, however, does not depend upon prejudice to the party invoking it. Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.), 55 B.R. 253, 260 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224

---

Complaint having been filed under seal.

(S.D.N.Y. 1986).

55.    Both factors are satisfied here. First, in their Extension of Avoidance Action Service Deadline Motion, the Debtors asserted that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan." (Extension of Avoidance Action Service Deadline Motion, at ¶ 17). In fact, the Debtors stated that of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order. (Id. at ¶ 17, n.4). The Debtors reiterated this assertion in their Postconfirmation Extension of Avoidance Action Service Deadline Motion. (Postconfirmation Extension of Avoidance Action Service Deadline Motion, at ¶ 18 and n.4). Second, the Court, in entering the orders upon the representations set forth in the Extension of Avoidance Action Service Deadline Motion and the Postconfirmation Extension of Avoidance Action Service Deadline Motion, adopted the inconsistent position.

56.    Thus, by serving the Complaint on Microchip, the Debtors are now attempting to reverse a legal position previously asserted in two of their motions and adopted by the Court in its entry of the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order. Such action is impermissible and, accordingly, the Complaint should be dismissed. See Galerie Des Monnaies of Geneva, Ltd., 55 B.R. at 260 (granting defendant's motion to dismiss where debtor who stated in its disclosure statement that it has no preference actions "may not thereafter reverse its field and commence a preference action for its own benefit.").

## CONCLUSION

57.     Plaintiffs have engaged in conduct that violates several core tenets of American jurisprudence in seeking to conceal from Microchip that it had been sued for over a two years period of time. Plaintiffs' failure to serve notices of the motions for the Preservation of Estate Claims Procedures Order and each of the Extension Orders was a blatant violation of Microchip's due process rights and thus, as a matter of law, such orders are void as against Microchip. In all events, the subject orders were improvidently entered without notice. Consequently, the Complaint served on Microchip well over two years after the statute of limitation had expired should be dismissed. In the alternative, the Debtors' statements in two of their motions that claims would not be pursued against Microchip should now bar the assertion of such claims as a matter of judicial estoppel.

## MEMORANDUM OF LAW

The legal points and authorities upon which this motion relies are incorporated herein. Microchip, therefore, respectfully requests that the requirement of filing a separate memorandum of law under Local Rule 9013-2(b) be deemed satisfied.

NYC:209145.2
NYC:209145.2

**WHEREFORE**, Microchip respectfully requests that: (i) each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order be vacated as against it; (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted; or (iii) in the alternative, the Complaint against it be dismissed with prejudice as being barred by judicial estoppel; and (iv) for such other and further relief as this Court may deem appropriate.

Dated:  March 15, 2010

ANDREWS KURTH LLP

By:    /s/ Jonathan I. Levine
       Jonathan I. Levine (JL 9674)
       450 Lexington Avenue, 15th Floor
       New York, New York 10017
       Telephone: (212) 850-2800
       Facsimile: (212) 850-2929

                -and -

       SNELL & WILMER L.L.P.
       One Arizona Center
       400 E. Van Buren
       Phoenix, Arizona  85004
       Telephone: (602) 382-6000
       Facsimile: (602) 382-6070
       Steven D. Jerome (AZ Bar #018420)
       A. Evans O'Brien (AZ Bar #026521)

       Counsel to Microchip Technology Incorporated