**Hearing Date and Time:**
**March 18, 2010 at 10:30 a.m.**

Eugene J. Leff, Esq.
Acting Bureau Chief (NYC Office)
Environmental Protection Bureau
New York State Attorney General's Office
120 Broadway, 26th Floor
New York, NY 10271
(212) 416-8465 (tel)
(212) 416-6007 (fax)
eleff@ag.ny.gov

Counsel for Claimant New York State
Department of Environmental Conservation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| **In re** | **Chapter 11** |
| **DPH HOLDINGS CORP., et al.,** | **Case No. 05-44481(RDD)** |
| Debtors. | (Jointly Administered) |

_____

**SUPPLEMENTAL RESPONSE OF THE NEW YORK**
**STATE DEPARTMENT OF ENVIRONMENTAL**
**CONSERVATION IN OPPOSITION TO REORGANIZED**
**DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES**
**OF CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS**
**TO PROOFS OF CLAIM NOS. 13776 AND 13881**

Claimant New York State Department of Environmental Conservation ("NYSDEC") hereby submits this Supplemental Response in opposition to Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proofs of Claim Nos. 13776 and 13881 filed by the New York State Department of Environmental Conservation dated March 8, 2010 ("Supplemental Reply regarding the New York Claims"), and respectfully represent as follows:

1. In the Supplemental Reply regarding the New York Claims, the Reorganized Debtors request entry of an order disallowing and expunging proofs of claim filed by NYSDEC to the extent they seek payment of future costs that are alleged to be contingent and to have not been incurred by NYSDEC in response to alleged environmental contamination at properties formerly owned by the Reorganized Debtors (para. 7).

2. Proof of claim number 13881 filed by NYSDEC asserts liability for environmental contamination at a property located at 200 Upper Mountain, Lockport, New York (the "Lockport Site").  Proof of claim number 13776 filed by NYSDEC asserts liability for environmental contamination at a property located at 1000 Lexington Avenue, Rochester, New York (the " Rochester Site").

3. Under the Confirmation Order dated July 30, 2009 approving the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified (the "Confirmation Order"), GM Components Holdings, LLC ("GM") assumed responsibility for addressing the contamination at the sites that are the subject of NYSDEC's claims (para. 63(ii)(2)).

4. Reorganized Debtors contend that NYSDEC's claims are contingent because "NYDEC would only have a valid claim against the Reorganized Debtors for future costs cleanup costs [sic] at the New York Sites if GM were to default on the obligations it expressly assumed in the Confirmation Order. To the Reorganized Debtors' knowledge, there has been no such default on GM's part, and nothing in NYDEC's Proofs of Claim or the Response indicates that such a contingency is likely to happen." (Supplemental Reply regarding the New York Claims, para. 20).

5. GM, however, has in fact refused to accept its full obligation to clean up the Lockport Site under the Confirmation Order and, therefore, is or will in the near future be in default under the Confirmation Order.

6. On January 14, 2010, GM submitted applications under the Brownfield Cleanup Program of the State of New York (the "BCP"), see New York Environmental Conservation Law ("ECL") Article 27 Title 14, for three areas within the Lockport Site, i.e., Delphi Lockport Building 7 C932138, Delphi Lockport Building 8 C932139, and Delphi Lockport Building 10 C932140. (The applications of William J. McFarland on behalf of GM, excluding their attachments, are appended to the Declaration of Eugene J. Leff dated March 16, 2010 ("Leff Declaration") as Exhibits A-C, respectively.) On the first page of each application, GM stated that it sought the status of a "Volunteer" as defined in ECL 27-1405(1)(b), rather than a "Participant" as defined in ECL 27-1405(1)(a).

7. Under New York law, a Volunteer's responsibility for cleanup is more restricted than a Participant's. A Participant is required to implement a remedial program for contamination that has emanated from a site within the BCP, as well as for contamination on the site. (ECL 27-1411(2)). A Volunteer is only required to do so for contamination within the boundaries of the site. (Id.) Consequently, if GM is treated as a Volunteer at the Lockport Site, the cleanup of any off-site contamination will be the responsibility of NYSDEC.

8. The Lockport Site was initially operated for several decades by the original General Motors. It was sold to Delphi Corporation in 1998. Prior to the filing of a Petition in this proceeding, Delphi Corporation had applied to NYSDEC to enter the

BCP for the Lockport Site as a Participant.  GM Components Holdings, LLC acquired the Site in October 2009.

9.      On March 11, 2010, James Walle, an attorney employed by GM, informed me that under no circumstances would GM accept the obligation to clean up off-site contamination at the Lockport Site.  (Leff Declaration, para. 9).  He stated that in GM's view, its obligation to perform any cleanup there arises solely from the fact that it currently owns the Site, not from the Confirmation Order.  Moreover, he stated that if NYSDEC rejects its application to enter the BCP as a Volunteer, GM will challenge the determination in court.  (Id.).

10.     Accordingly, the claim of NYSDEC against the Reorganized Debtors with respect to the Lockport Site is not contingent.

11.     At the Rochester Site, Delphi Automotive Systems LLC entered into an Order on Consent with NYSDEC in January 2002 2002 (attached to the Leff Declaration as Exhibit D, without the Order's attachments) to conduct a Remedial Investigation ("RI") and Feasibility Study ("FS").  The RI was completed, and the FS is under review.  NYSDEC will soon propose a remedy for the site and request GM to enter into a new Order on Consent to perform the remedial action.  NYSDEC has no commitment from GM to do the work that will be required, either on-site or off-site, at this time.

12.     The application by Reorganized Debtors for an order disallowing and expunging proofs of claim filed by NYSDEC should be denied.

Dated:  New York, New York
        March 16, 2010

                              Respectfully submitted,

                              ANDREW M. CUOMO
                              Attorney General of the
                               State of New York
                              Attorney for Claimant New York State
                               Department of Environmental Conservation


                                  /s/  Eugene J. Leff
                              _____
                              EUGENE J. LEFF
                              Acting Bureau Chief (NYC Office)
                              Environmental Protection Bureau
                              Office of the Attorney General
                              120 Broadway
                              New York, New York 10271
                              (212) 416-8465