February 23, 2010

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the
        Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Dear Judge Drain,

The following is my Supplemental Response to DPH Holdings Corp., et al.'s Supplemental Reply, Case No. 05-44481, Proof of Administrative Expense #17863 (Robert E. Dettinger).

Preliminary Statement:

1. While this response does not meet the "30 days prior" criteria, I just received Skadden, Arps, Slate, Meagher, & Flom LLP's Reply yesterday, February 22, 2010 and this is my earliest chance to respond.
2. Having been granted a telephonic appearance on March 18, 2010 at 10:00 am, and disputing some of the Reply's claims, I felt a written summary for your review is in order so that the March 18 hearing can move smoothly.

Argument:

1. Delphi Corp. had the right to terminate SERP under their conditions. Agreed.
2. October 8 & 14, 2005 is the "Petition Date". Agreed.
3. In 2007, AFTER the Petition Date, Delphi Corp. stated their intent to terminate SERP and pay me in cash (larger %) and stock (new DPH Holdings, smaller %) "approximately" $292,000. On January 1, 2008, I filed a "Proof of Claim" disputing the calculation and asked for $506,253.43 for the full value of SERP, based upon standard mortality tables and life expectancy.
4. When informed that the payment was to be a "present worth" calculation, I agreed verbally and in writing to Skadden, et al. to the lower number of $289, 538.39, which was confirmed by this Court on January 9, 2008 and sent to me on January 17, 2008. Subsequent conversations with Debra Alexander of Delphi indicated that Delphi would pay this amount upon exiting bankruptcy.
5. Things remained "status quo" and my "Claim Amount" was confirmed as "Allowed" in the amount of $289,538.39 as a "General Unsecured Claim" on February 4, 2009 by Skadden, et al.
6. On February 5, 2009, Delphi sent me a letter (previously submitted to the Court) stating their intention to terminate SERP on April 1, 2009 (which they did), but also stating that **"Delphi's decision to stop the SERP payments will not affect your settlement."**
7. Per the February 5, 2009 letter's instructions, I contacted Delphi (Debra Alexander) and was informed that the settlement payment in cash/stock would probably be paid upon exit from bankruptcy, so I did nothing until June 28, 2009.

8. I heard rumors that Delphi would get all "General Unsecured Claims" dumped as worthless upon exiting bankruptcy, so I filed an Administrative Claim #17863 (the only recourse allowed to me) for $289,538.39 on June 28, 2009 and received by the Court on July 6, 2009.

9. On October 6, 2009 Delphi emerged from bankruptcy and on October 15, 2009 my claim was expunged and disallowed, I infer, because it was deemed "prepetition" and "pension" related.

10. On November 2, 2009 I filed an objection to the expungement, thus resulting in the March 18, 2010 hearing.

11. Skadden says that I have not provided "sufficient" and a "preponderance" of evidence to support my claim. I feel that the Delphi letter of February 5, 2009 meets the legal definitions of:

    a. "Sufficient" – The letter is clear in intent and promise.

    b. "Preponderance" – While not meeting a lawyerly definition of "to be superior in amount", the February 5, 2009 Delphi letter meets the legal definition of "to be superior in power". The letter is a powerful statement of commitment and clear in its meaning. It is by definition a contract. Delphi only executed the termination of SERP conditions in this contract. They did not fulfill the payment of the settlement.

12. I contend that the Delphi letter of February 5, 2009 (again submitted as an attachment herein) is a "contract" and the primary basis for my claim. I contend that this letter is an implied-in-fact, unilateral contract, or at least a memorandum-of-understanding contract.

13. I ask that the Court find the February 5, 2009 letter to be a contract. Clearly it is "post petition". No mention of a settlement claim was ever made "pre-petition". The earliest mention of a settlement was in 2007. Therefore the assertion that my claim should be expunged because it is "pre-petition" is baseless. If the letter is a contract, Delphi or DPH Holdings must honor the whole contract, and pay the settlement.

14. I further contend that Delphi knew on February 4, 2009 (day BEFORE the LETTER), that all "General Unsecured Claims" would be rendered worthless upon "the Plan" being accepted and Delphi emerging from bankruptcy. Therefore, at the very least, if the February 5, 2009 letter is deemed "not a contract", it would be a deception and a "misrepresentation".

15. For all the reasons discussed above, the Debtors are liable to Robert E. Dettinger for the settlement/claim amount of $289,538.39.

16. I respectfully request that this Court enter an order a) to pay the settlement/claim in question , and grant Mr. Robert E. Dettinger such other and further relief as is just.

Sincerely,

*Robert Dettinger*

Robert E. Dettinger

Cc:

| | |
|---|---|
| (Att'n: President) | (Att'n: Messrs. Butler Jr., Lyons, & Wharton) |
| DPH Holdings Corp. | Skadden, Arps, Slate, Meagher & Flom LLP |
| 5725 Delphi Drive | 155 North Wacker Dr. |
| Troy, MI 48098 | Chicago, IL 60606 |

# DELPHI

February 5, 2009

ROBERT E DETTINGER
4255 SAINT CLOUD WAY
CLEVES, OH  45002-2323

Dear Robert:

When Delphi filed for bankruptcy protection in October 2005, it asked for and was granted an order from the
Bankruptcy Court allowing it to continue making payment to retirees under the Supplemental Executive
Retirement Program (the "SERP").  Although Delphi has always retained the unilateral authority to modify or
terminate these discretionary payments, Delphi has continued these payments for the past three-and-a-half
years.  The economic climate during that time and the total enterprise value associated with Delphi's business
plan provided a reasonable basis for that business decision.

As a company that is in bankruptcy, however, Delphi has a fiduciary duty to preserve the value of its assets
and maximize recovery for all creditors.  During the fourth quarter of 2008, the outlook for the global
automotive industry took a dramatic turn for the worse, with volumes plummeting to the lowest levels in recent
history.  Given the changing and uncertain economic climate, Delphi's reasonable business judgment no
longer supports the continued payment of discretionary benefit programs such as the SERP.

Accordingly, Delphi will terminate all SERP payments as of April 1, 2009.  The SERP payment to be sent to
you on March 14, 2009 will be the final payment made to you under the SERP.  We know that this action will
impose real hardship on you.  However, our very recognition of such hardships, which motivated us to
continue these discretionary payments in a more robust economic environment, regrettably provides no
business justification or legal basis for Delphi to continue these payments in the current economic climate.

You have previously signed a settlement agreement and stipulation with Delphi settling the amount of your
claim against Delphi for its obligations to you under the SERP.  In addition, last month Delphi asked for and
received an order from the Bankruptcy Court finalizing the settlement and allowing it for purposes of
distribution under a plan of reorganization.  Delphi's decision to stop the SERP payments will not affect your
settlement.

Please feel free to call Debra Alexander at 248-813-2524, Steve Gebbia at 248-813-2493 or John DeMarco at
248-813-3016, if you have questions about this letter.

We will communicate any additional information regarding the SERP program as it becomes available.

Sincerely,

David M. Sherbin
Vice President, General Counsel &
Chief Compliance Officer

John D. Sheehan
Vice President and
Chief Financial Officer