**Hearing Date: March 18, 2010**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                                    :
        In re                                       :     Chapter 11
                                                    :
DPH HOLDINGS CORP., <u>et al.</u>,                  :     Case No. 05-44481 (RDD)
                                                    :
                                                    :     (Jointly Administered)
                Reorganized Debtors.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' OMNIBUS REPLY IN SUPPORT OF FORTY-FIFTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (I)
EXPUNGE CERTAIN  ADMINISTRATIVE EXPENSE (A) SEVERANCE CLAIMS, (B) BOOKS
AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D) PENSION AND BENEFIT CLAIMS,
AND (E) TRANSFERRED WORKERS' COMPENSATION CLAIMS, (II) MODIFY AND
ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOW
<u>CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS</u>

("REORGANIZED DEBTORS' OMNIBUS REPLY IN SUPPORT OF
FORTY-FIFTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Omnibus Reply in support of the Reorganized Debtors' Forty-Fifth Omnibus

Objection to various administrative expense claims (the "Forty-Fifth Omnibus Claims Objection"

or the "Objection"),[1] and respectfully represent as follows:

1.      The Reorganized Debtors filed the Forty-Fifth Omnibus Claims Objection

on February 12, 2010, seeking entry of an order an order pursuant to section 503(b) of the

Bankruptcy Code and Bankruptcy Rule 3007 (a) disallowing and expunging certain

Administrative Claims because (i) they were filed by claimants asserting liabilities for severance

payments for which the Reorganized Debtors are not liable, (ii) they assert liabilities and dollar

amounts that are not reflected on the Reorganized Debtors' books and records,[2] (iii) they are

duplicative of other Administrative Claims, (iv) they assert liabilities owing in connection with

the Debtors' employee benefit programs, pension plans, and other post-employment benefits

programs for which the Reorganized Debtors are not liable, and (v) they were asserted by

individual current or former employees of the Debtors for workers' compensation claims that

were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to

the Master Disposition Agreement, (b) modifying and allowing certain Administrative Claims,

and (c) allowing certain Administrative Claims.

2.      The Reorganized Debtors sent to each claimant whose proof of

administrative expense is subject to an objection pursuant to the Forty-Fifth Omnibus Claims

Objection a personalized Notice Of Objection To Claim, which specifically identified such

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Forty-Fifth
       Omnibus Claims Objection.

[2]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.

claimant's proof of administrative expense that is subject to an objection and the basis for such

objection.  Responses to the Forty-Fifth Omnibus Claims Objection were due by 4:00 p.m.

(prevailing Eastern time) on March 11, 2010.

        3.      As of March 15, 2010 at 6:00 p.m. (prevailing Eastern time), the Debtors

had received six responses (the "Responses") to the Forty-Fifth Omnibus Claims Objection.  In

the aggregate, the six Responses cover seven Administrative Claims.  Attached hereto as Exhibit

A is a chart summarizing the Response and listing the seven Administrative Claims for which the

Responses were filed.  Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr.

P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections

to Claims (Docket No. 6089) entered on December 6, 2006 (the "Claims Objection Procedures

Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To

Apply Claims Objection Procedures To Address Contested Administrative Expense Claims

entered on October 22, 2009 (Docket No. 18998) (the "Administrative Claims Objection

Procedures Order"), the hearing with respect to each Administrative Claim covered by a

Response will be adjourned to a sufficiency hearing or claims objection hearing, as appropriate,

to determine the disposition of each such Administrative Claim.

        4.      In addition, the Reorganized Debtors are withdrawing the Forty-Fifth

Omnibus Claims Objection with respect to proofs of claim numbers 18925, 18926, 18929, 18930,

and 18933 filed on behalf of certain of the Debtors' retirement plans by Fiduciary Counselors,

Inc.

5.       Attached hereto as <u>Exhibit B</u> is a revised proposed order (the "Revised Proposed Order")[3] in respect of the Forty-Fifth Omnibus Claims Objection which reflects the adjournment of the hearing regarding each Administrative Claim for which a Response was filed. Such adjournment is without prejudice to the Reorganized Debtors' right to assert that a Response was untimely or otherwise deficient under the Claims Objection Procedures Order or the Administrative Claims Objection Procedures Order.

6.       In addition to the Responses, the Reorganized Debtors also received informal letters, e-mails, and telephone calls from various parties questioning the relief requested in the Forty-Fifth Omnibus Claims Objection and seeking to reserve certain of their rights with respect thereto (the "Informal Responses").  The Reorganized Debtors believe that all the concerns expressed by the Informal Responses have been adequately resolved.

7.       Except for those Administrative Claims with respect to which the hearing has been adjourned to a future date, the Reorganized Debtors believe that the Revised Proposed Order adequately addresses the issues raised by the respondent.  Thus, the Reorganized Debtors request that this Court grant the relief requested by the Reorganized Debtors and enter the Revised Proposed Order.

---

[3]       Attached hereto as <u>Exhibit C</u> is a copy of the Revised Proposed Order marked to show revisions to the form of proposed order that was submitted with the Forty-Fifth Omnibus Claims Objection.

WHEREFORE the Reorganized Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to each Administrative Claim for which a Response was filed pursuant to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, and (c) grant the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        March 17, 2010

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                                By:  John Wm. Butler, Jr.
                                     John Wm. Butler, Jr.
                                     John K. Lyons
                                     Ron E. Meisler
                                155 North Wacker Drive
                                Chicago, Illinois 60606

                                     - and -

                                By:  Kayalyn A. Marafioti
                                     Kayalyn A. Marafioti
                                Four Times Square
                                New York, New York 10036

                                Attorneys for DPH Holdings Corp., et al.,
                                  Reorganized Debtors

**Exhibit A**

**In re DPH Holdings Corp., et al., Case No. 05-44481 (RDD)**

*Responses To The Reorganized Debtors' Forty-Fifth Omnibus Claims Objection (the "Objection")*
*Organized By Respondent[1]*

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | Scott M. Leach (Docket No. 19577) | 17165 | Scott M. Leach disagrees with the Reorganized Debtors' Objection to allow proof of administrative expense claim no. 17165 and files his response out of an abundance of caution. | Allowed Severance Claims | Adjourn |
| 2. | Sharyl Y. Carter (Docket No. 19599) | 17094, 17773 | Sharyl Y. Carter disagrees with the Reorganized Debtors' Objection to disallow and expunge proofs of administrative expense claim nos. 17094 and 17773. | Books and Records Claims | Adjourn |
| 3. | Shanghai Inteva Automotive Door Systems Company, Ltd. (Docket No. 19627) | 19994 | Shanghai Inteva Automotive Door Systems Company, Ltd., f/k/a Shanghai Delphi Automotive Door Systems ("SDADS") disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of administrative expense no. 19994. SDADS asserts that its timely filed claim serves as prima facie evidence of the validity and amount of the claim. | Books And Records Claims | Adjourn |
| 4. | Randy D. Austin (Docket No. 19651) | 17330 | Randy D. Austin disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of administrative expense claim no. 17330. | Severance Claims | Adjourn |
| 5. | JPMorgan Chase Bank, N.A. (Docket | 18616 | JPMorgan Chase Bank, N.A. ("JPMorgan") disagrees with the Reorganized Debtors' | Books And Records Claims | Adjourn |

[1]    This chart reflects all Responses received by the Reorganized Debtors as of March 16, 2010 at 5:00 p.m. (prevailing Eastern time).

[2]    This chart reflects all resolutions or proposals as of March 16, 2010 at 5:00 p.m. (prevailing Eastern time).

| | RESPONSE | PROOF OF CLAIM NOS. | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| | No. 19671) | | Objection to disallow and expunge proof of administrative expense no. 18616. JPMorgan asserts that its claim should be reduced rather than expunged. | | |
| 6. | James A. Luecke (Docket No. __) | 18049 | James A. Luecke disagrees with the Reorganized Debtors' Objection to disallow and expunge proof of administrative expense claim no. 18049 and asserts that his claim does not arise from pension and benefit obligations. | Pension And Benefit Claims | Adjourn |

**EXHIBIT B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                          :          Chapter 11
:
DPH HOLDINGS CORP., et al.,                    :          Case No. 05-44481 (RDD)
:
Reorganized Debtors.              :          (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
EXPUNGING CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE
CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS,
(D) PENSION AND BENEFIT OPEB CLAIMS, AND (E) TRANSFERRED
WORKERS' COMPENSATION CLAIMS, (II) MODIFYING AND ALLOWING
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III)
ALLOWING CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS

("FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b)

And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance

Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims,

And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain

Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense

Severance Claims (the "Forty-Fifth Omnibus Claims Objection" or the "Objection")[1] of DPH

Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases

(collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Forty-

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-
Fifth Omnibus Claims Objection.

Fifth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C, D, E, F, and G hereto was properly and timely served with a copy of the Forty-Fifth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Forty-Fifth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Fifth Omnibus Claims Objection.  No other or further notice of the Forty-Fifth Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Forty-Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Fifth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Fifth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Administrative Claims listed on Exhibit A are Administrative Claims filed by claimants asserting liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid (the "Severance Claims").

D.    The Administrative Claims listed on Exhibit B assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books And Records Claims").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

E.    The Administrative Claims listed on <u>Exhibit C</u> are duplicative of other Administrative Claims (the "Duplicative Claims").

F.    The Administrative Claims listed on <u>Exhibit D</u> assert Claims for liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Debtors are not liable (the "Pension And Benefit Claims").

G.    The Administrative Claims listed on <u>Exhibit E</u> were filed by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims").

H.    The Administrative Claims listed on <u>Exhibit F</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors in which the amounts asserted in such Administrative Claims are overstated (the "Modified And Allowed Severance Claims").  Each such Modified And Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

I.    The Administrative Claims listed on <u>Exhibit G</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors that assert liabilities or dollar amounts that match the Reorganized Debtors' books and records (the "Allowed Severance Claims").  Each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed

Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

J.        Exhibit I hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits F and G hereto.  Exhibit J hereto sets forth each of the Administrative Claims referenced on Exhibits A, B, C, D, E, F, and G in alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of administrative expense number and (ii) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.        Each Severance Claim listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

2.        Each Books And Records Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

3.        Each Duplicate Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

4.        Each Pension And Benefit Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

5.        Each Transferred Workers' Compensation Claim listed on Exhibit E hereto is hereby disallowed and expunged in its entirety.

6.        Each Modified And Allowed Severance Claim listed on Exhibit F hereto is hereby modified to reflect the amount, classification, and Debtor listed in the "Claim As Modified" column of Exhibit F.  The allowed amount of each such Modified And Allowed

4

Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

7.      Each Allowed Severance Claim listed on <u>Exhibit G</u> hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column on <u>Exhibit G</u>.  The allowed amount of each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

8.      With respect to each Administrative Claim for which a Response to the Forty-Fourth Claims Objection has been filed and served listed on Exhibits H-1, H-2, H-3, and H-4, and which Response has not been resolved by the parties, the hearing regarding the objection to such Administrative Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedure Order and the Administrative Claims Objection Procedures Order.

9.      Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further

5

object to Administrative Claims that are the subject of the Forty-Fifth Omnibus Claims

Objection, except as such claims may have been settled and allowed.

10.    This Court shall retain jurisdiction over the Reorganized Debtors and the

holders of Administrative Claims subject to the Forty-Fifth Omnibus Claims Objection to hear

and determine all matters arising from the implementation of this order.

11.    Each of the objections by the Reorganized Debtors to each Administrative

Claim addressed in the Forty-Fifth Omnibus Claims Objection and attached hereto as <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>,

<u>E</u>, <u>F</u>, and <u>G</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.

This order shall be deemed a separate order with respect to each Administrative Claim that is the

subject of the Forty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to

the contested matter which involves such Administrative Claim and shall not act to stay the

applicability or finality of this order with respect to the other contested matters covered hereby.

12.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.

Dated: New York, New York
         March ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

**In re DPH Holdings Corp., et al.**              **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT A - SEVERANCE CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BLANCHE MARIE WILSON NOACK | 17197 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $105,380.00<br><br>$105,380.00 | 07/02/2009 | DELPHI CORPORATION (05-44481) |
| JAMES T PYTLIK | 17020 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| ROHIAL ANDREW PERVEZ | 20083 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $17,785.00<br><br>$17,785.00 | 12/07/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **3** | | **$123,165.00** | | |

\* The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\* "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                        Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DAVID W FERCANA | 17208 | Secured: Priority: Administrative: Unsecured: Total: | $776.95 $776.95 | 07/02/2009 | DELPHI CORPORATION (05-44481) |
| GOLDMAN SACHS & CO ATTN MICHAEL KEATS 1 NEW YORK PLAZA NEW YORK, NY 10004 | 19061 | Secured: Priority: Administrative: Unsecured: Total: | $888,409.88 $888,409.88 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| HARBINGER DEL AUTO INVESTMENT COMPANY LTD C O BENJAMIN MINTZ KAYE SCHOLER LLP 425 PARK AVE NEW YORK, NY 10022 | 18963 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| JP MORGAN CHASE BANK NA ATTN SUSAN E ATKINS MANAGING DIRECTOR 277 PARK AVENUE 8TH FL NEW YORK, NY 10172 | 18654 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED C O MARC FALCONE PAUL WEISS RIFKIND WHARTON & GARRISON LLP 1285 AVE OF THE AMERICAS NEW YORK, NY 10019-6064 | 18883 | Secured: Priority: Administrative: Unsecured: Total: | $7,157,818.25 $7,157,818.25 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED C O MARC FALCONE PAUL WEISS RIFKIND WHARTON & GARRISON LLP 1285 AVENUE OF THE AMERICAS NEW YORK, NY 10019-6064 | 19110 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| OHIO DEPT OF JOB & FAMILY SERVICES OP REPAYMENT LOCKBOX PO BOX 182059 COLUMBUS, OH 43218 | 17048 | Secured: Priority: Administrative: Unsecured: Total: | $7,488.00 $7,488.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| WALTER A KUNKA | 19808 | Secured: Priority: Administrative: Unsecured: Total: | $2,706.91 $2,706.91 | 11/05/2009 | DELPHI CORPORATION (05-44481) |

\*      The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                    **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT B - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| WASHINGTON STATE SUPPORT REGISTRY<br>PO BOX 11520<br>TACOMA, WA 98411-5520 | 19612 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $40,639.09<br><br><br><br>$40,639.09 | 07/01/2009 | DELPHI CORPORATION (05-44481) |

|  | Total: | 9 |  | $8,097,839.08 |  |  |

*       The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

**      "UNL" denotes an unliquidated claim.                    Page 2 of 2

**In re Delphi Corporation, et al.**
Case No. 05-44481 (RDD)

EXHIBIT C - DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED * | SURVIVING CLAIM * |
|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Claim: 20084 | Debtor: DELPHI CORPORATION (05-44481) | | Claim: 18437 | Debtor: DELPHI CORPORATION (05-44481) | |
| Date Filed: 12/07/2009 | | | Date Filed: 07/13/2009 | | |
| Creditor's Name: | Secured: | | Creditor's Name: | Secured: | |
| | Priority: | | | Priority: | |
| BRADFORD S WAGNER | Administrative: $95,180.00 | | BRADFORD S WAGNER | Administrative: UNL** | |
| | Unsecured: | | | Unsecured: | |
| | Total: $95,180.00 | | | Total: UNL** | |
| Claim: 20019 | Debtor: DELPHI CORPORATION (05-44481) | | Claim: 18414 | Debtor: DELPHI CORPORATION (05-44481) | |
| Date Filed: 11/03/2009 | | | Date Filed: 07/13/2009 | | |
| Creditor's Name: | Secured: | | Creditor's Name: | Secured: | |
| | Priority: | | | Priority: | |
| DENISE C OLBRECHT | Administrative: $69,541.90 | | DENISE C OLBRECHT | Administrative: $125,175.42 | |
| | Unsecured: | | | Unsecured: | |
| | Total: $69,541.90 | | | Total: $125,175.42 | |
| Claim: 19899 | Debtor: DELPHI CORPORATION (05-44481) | | Claim: 17060 | Debtor: DELPHI CORPORATION (05-44481) | |
| Date Filed: 11/03/2009 | | | Date Filed: 06/30/2009 | | |
| Creditor's Name: | Secured: | | Creditor's Name: | Secured: | |
| | Priority: | | | Priority: | |
| GAYLE INSCHO | Administrative: $95,000.00 | | GAYLE INSCHO | Administrative: $93,000.00 | |
| | Unsecured: | | | Unsecured: | |
| | Total: $95,000.00 | | | Total: $93,000.00 | |
| Claim: 19818 | Debtor: DELPHI CORPORATION (05-44481) | | Claim: 17918 | Debtor: DELPHI CORPORATION (05-44481) | |
| Date Filed: 11/02/2009 | | | Date Filed: 07/06/2009 | | |
| Creditor's Name: | Secured: | | Creditor's Name: | Secured: | |
| | Priority: | | | Priority: | |
| JAMES R THOMPSON | Administrative: $73,145.00 | | JIM THOMPSON | Administrative: $99,860.00 | |
| | Unsecured: | | | Unsecured: | |
| | Total: $73,145.00 | | | Total: $99,860.00 | |

\*      The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*     "UNL" denotes an unliquidated claim.

In re Delphi Corporation, et al.                                                                    Forty-Fifth Omnibus Claims Objection
Case No. 05-44481 (RDD)

### EXHIBIT C - DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED * | SURVIVING CLAIM * |
|---|---|
| **Claim:** 19882    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 11/03/2009<br>**Creditor's Name:**<br><br>JIMMY MUELLER<br><br>Secured:<br>Priority:<br>Administrative: $101,720.00<br>Unsecured:<br><br>Total: $101,720.00 | **Claim:** 17628    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 07/03/2009<br>**Creditor's Name:**<br><br>JIMMY MUELLLER<br><br>Secured:<br>Priority:<br>Administrative: $101,720.00<br>Unsecured:<br><br>Total: $101,720.00 |
| **Claim:** 20010    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 11/04/2009<br>**Creditor's Name:**<br><br>MARCIA JONES<br><br>Secured:<br>Priority:<br>Administrative: $84,740.00<br>Unsecured:<br><br>Total: $84,740.00 | **Claim:** 18584    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 07/14/2009<br>**Creditor's Name:**<br><br>MARCIA JONES<br><br>Secured:<br>Priority:<br>Administrative: $96,560.00<br>Unsecured:<br><br>Total: $96,560.00 |
| **Claim:** 20044    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 10/30/2009<br>**Creditor's Name:**<br><br>NATHANIEL WINSTON<br><br>Secured:<br>Priority:<br>Administrative: $86,480.00<br>Unsecured:<br><br>Total: $86,480.00 | **Claim:** 18613    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 07/14/2009<br>**Creditor's Name:**<br><br>NATHANIEL WINTON<br><br>Secured:<br>Priority:<br>Administrative: $92,240.00<br>Unsecured:<br><br>Total: $92,240.00 |
| **Claim:** 20011    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 11/04/2009<br>**Creditor's Name:**<br><br>WILLIAM H BRINKMAN<br><br>Secured:<br>Priority:<br>Administrative: $85,445.00<br>Unsecured:<br><br>Total: $85,445.00 | **Claim:** 17213    **Debtor:** DELPHI CORPORATION (05-44481)<br>**Date Filed:** 07/02/2009<br>**Creditor's Name:**<br><br>WILLIAM H BRINKMAN<br><br>Secured:<br>Priority:<br>Administrative: $89,160.00<br>Unsecured:<br><br>Total: $89,160.00 |

\*    The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

**In re Delphi Corporation, et al.**
Case No. 05-44481 (RDD)

### EXHIBIT C - DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED * | | | SURVIVING CLAIM * | | |
|---|---|---|---|---|---|
| Claim: | 19881 | Debtor: DELPHI CORPORATION (05-44481) | Claim: | 17033 | Debtor: DELPHI CORPORATION (05-44481) |
| Date Filed: | 11/03/2009 | | Date Filed: | 06/29/2009 | |
| Creditor's Name: | | Secured: | Creditor's Name: | | Secured: |
| | | Priority: | | | Priority: |
| WILLIAM H JOHNSON | | Administrative: $104,480.00 | WILLIAM H JOHNSON | | Administrative: $102,480.00 |
| | | Unsecured: | | | Unsecured: |
| | | Total: $104,480.00 | | | Total: $102,480.00 |

| | |
|---|---|
| **Total Claims To Be Expunged:** | **9** |
| **Total Asserted Amount To Be Expunged:** | **$795,731.90** |

\*      The addresses of creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*      "UNL" denotes an unliquidated claim.

**In re DPH Holdings Corp., et al.**                    **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT D - PENSION AND BENEFIT CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DONALD L KIDD | 18370 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| HORACE CURRY | 17043 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$476,000.00<br><br>$476,000.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| MARY REHBEIN | 19105 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$64,572.00<br><br>$64,572.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| SHIRLEY J MURRY | 19183 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>UNL<br><br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS L KNOLL | 18493 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$1,912,000.00<br><br>$1,912,000.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **5** | | **$2,452,572.00** | | |

*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

**    "UNL" denotes an unliquidated claim.                    Page 1 of 1

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

Forty-Fifth Omnibus Claims Objection

## EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DAVID L VINTON | 17100 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/01/2009 | DELPHI CORPORATION (05-44481) |
| DORIS FRAZIER | 18463 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS ROY RILEY | 16870 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 06/26/2009 | DELPHI CORPORATION (05-44481) |
| Total: | 3 | | UNL | | |

---

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS

| CLAIM TO BE MODIFIED* | CLAIM AS DOCKETED | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 17217<br>Date Filed: 07/02/2009<br>Docketed Total: $96,300.00<br>Filing Creditor Name:<br>DON MONTGOMERY | Claim Holder Name<br><br>DON MONTGOMERY | | Docketed Total: | **$96,300.00** | | | Modified And Allowed Total: | **$80,185.00** |
| | Case Number**<br>05-44481 | Secured | Priority<br>$96,300.00 | Unsecured | Case Number**<br>05-44481 | Secured | Priority<br>$80,185.00 | Unsecured |
| | | | **$96,300.00** | | | | **$80,185.00** | |
| Claim: 17918<br>Date Filed: 07/06/2009<br>Docketed Total: $99,860.00<br>Filing Creditor Name:<br>JIM THOMPSON | Claim Holder Name<br><br>JIM THOMPSON | | Docketed Total: | **$99,860.00** | | | Modified And Allowed Total: | **$73,395.00** |
| | Case Number**<br>05-44481 | Secured | Priority<br>$99,860.00 | Unsecured | Case Number**<br>05-44481 | Secured | Priority<br>$73,395.00 | Unsecured |
| | | | **$99,860.00** | | | | **$73,395.00** | |
| Claim: 18584<br>Date Filed: 07/14/2009<br>Docketed Total: $96,560.00<br>Filing Creditor Name:<br>MARCIA JONES | Claim Holder Name<br><br>MARCIA JONES | | Docketed Total: | **$96,560.00** | | | Modified And Allowed Total: | **$84,740.00** |
| | Case Number**<br>05-44481 | Secured | Priority<br>$96,560.00 | Unsecured | Case Number**<br>05-44481 | Secured | Priority<br>$84,740.00 | Unsecured |
| | | | **$96,560.00** | | | | **$84,740.00** | |
| Claim: 17063<br>Date Filed: 06/30/2009<br>Docketed Total: $105,140.00<br>Filing Creditor Name:<br>MICHAEL K UPTIGROVE | Claim Holder Name<br><br>MICHAEL K UPTIGROVE | | Docketed Total: | **$105,140.00** | | | Modified And Allowed Total: | **$92,217.50** |
| | Case Number**<br>05-44481 | Secured | Priority<br>$105,140.00 | Unsecured | Case Number**<br>05-44481 | Secured | Priority<br>$92,217.50 | Unsecured |
| | | | **$105,140.00** | | | | **$92,217.50** | |
| | | | | | **Total Claims To Be Modifed and Allowed:** 4<br><br>**Total Amount As Docketed:** $397,860.00<br><br>**Total Amount As Allowed:** $330,537.50 | | | |

\*      The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*     See Exhibit I for a listing of debtor entities by case number.          Page 1 of 1

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

EXHIBIT G - ALLOWED SEVERANCE CLAIMS

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | CLAIM AS ALLOWED |
|---|---|---|

**Claim: 18437**
Date Filed: 07/13/2009
Docketed Total: $0.00
Filing Creditor Name:
  BRADFORD S WAGNER

Claim Holder Name
  BRADFORD S WAGNER
Docketed Total: UNL

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | UNL |
| | | | **UNL** |

Allowed Total: $95,180.00

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $95,180.00 | |
| | | **$95,180.00** | |

---

**Claim: 17670**
Date Filed: 07/03/2009
Docketed Total: $0.00
Filing Creditor Name:
  DIANE L HOPWOOD

Claim Holder Name
  DIANE L HOPWOOD
Docketed Total: UNL

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | | UNL |
| | | | **UNL** |

Allowed Total: $71,940.00

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $71,940.00 | |
| | | **$71,940.00** | |

---

**Claim: 17073**
Date Filed: 06/30/2009
Docketed Total: $87,200.00
Filing Creditor Name:
  LAURA E MILLER

Claim Holder Name
  LAURA E MILLER
Docketed Total: $87,200.00

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $87,200.00 | |
| | | **$87,200.00** | |

Allowed Total: $87,200.00

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $87,200.00 | |
| | | **$87,200.00** | |

---

**Claim: 19926**
Date Filed: 11/04/2009
Docketed Total: $18,800.00
Filing Creditor Name:
  MARA L HENDRESS

Claim Holder Name
  MARA L HENDRESS
Docketed Total: $18,800.00

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $18,800.00 | |
| | | **$18,800.00** | |

Allowed Total: $18,800.00

| Case Number*** | Secured | Priority | Unsecured |
|---|---|---|---|
| 05-44481 | | $18,800.00 | |
| | | **$18,800.00** | |

---

*       The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

**      "UNL" denotes an unliquidated claim.                                    Page 1 of 3

***     See Exhibit I for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

EXHIBIT G - ALLOWED SEVERANCE CLAIMS

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 17768<br>Date Filed: 07/06/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>RALPH E YOUNG | Claim Holder Name<br>RALPH E YOUNG | | Docketed Total: | UNL | | | Allowed Total: | $45,900.00 |
| | Case Number***<br>05-44481 | Secured | Priority<br>UNL | Unsecured | Case Number***<br>05-44481 | Secured | Priority<br>$45,900.00 | Unsecured |
| | | | UNL | | | | $45,900.00 | |
| Claim: 17428<br>Date Filed: 07/06/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>ROGER K MATHIS | Claim Holder Name<br>ROGER K MATHIS | | Docketed Total: | UNL | | | Allowed Total: | $95,540.00 |
| | Case Number***<br>05-44481 | Secured | Priority<br>UNL | Unsecured | Case Number***<br>05-44481 | Secured | Priority<br>$95,540.00 | Unsecured |
| | | | UNL | | | | $95,540.00 | |
| Claim: 18225<br>Date Filed: 07/10/2009<br>Docketed Total: $98,540.00<br>Filing Creditor Name:<br>SAMUEL C BLANKENSHIP | Claim Holder Name<br>SAMUEL C BLANKENSHIP | | Docketed Total: | $98,540.00 | | | Allowed Total: | $98,540.00 |
| | Case Number***<br>05-44481 | Secured | Priority<br>$98,540.00 | Unsecured | Case Number***<br>05-44481 | Secured | Priority<br>$98,540.00 | Unsecured |
| | | | $98,540.00 | | | | $98,540.00 | |
| Claim: 20078<br>Date Filed: 11/12/2009<br>Docketed Total: $0.00<br>Filing Creditor Name:<br>TIMOTHY A ELDON | Claim Holder Name<br>TIMOTHY A ELDON | | Docketed Total: | UNL | | | Allowed Total: | $39,520.00 |
| | Case Number***<br>05-44481 | Secured | Priority | Unsecured<br>UNL | Case Number***<br>05-44481 | Secured | Priority<br>$39,520.00 | Unsecured |
| | | | | UNL | | | $39,520.00 | |

\*    The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

\*\*\*    See Exhibit I for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

**EXHIBIT G - ALLOWED SEVERANCE CLAIMS**

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 18204 | Claim Holder Name | | | | | | | |
| Date Filed: 07/10/2009 | WILLIAM L MACNAUGHTON | Docketed Total: | | UNL | | Allowed Total: | | $58,550.00 |
| Docketed Total: $0.00 | | | | | | | | |
| Filing Creditor Name: | Case Number*** | Secured | Priority | Unsecured | Case Number*** | Secured | Priority | Unsecured |
| WILLIAM L MACNAUGHTON | 05-44481 | | | UNL | 05-44481 | | $58,550.00 | |
| | | | | **UNL** | | | **$58,550.00** | |

**Total Claims To Be Allowed: 9**

**Total Amount As Docketed:**     $204,540.00

**Total Amount As Allowed:**     $611,170.00

\*     The addresses of the creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.                    Page 3 of 3

\*\*\*   See Exhibit I for a listing of debtor entities by case number.

**In re DPH Holdings Corp., et al.**  **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT H-1 - ADJOURNED SEVERENCE CLAIM

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| RANDY D AUSTIN | 17330 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/06/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | | **UNL** | | |

\*  The address of the creditor on this exhibit has been intentionally omitted for privacy reasons.

\*\*  "UNL" denotes an unliquidated claim.

Page 1 of 1

In re DPH Holdings Corp., et al.                                    Forty-Fifth Omnibus Claims Objection

Case No. 05-44481 (RDD)

## EXHIBIT H-2 - ADJOURNED BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS | CLAIM NUMBER | ASSERTED CLAIM AMOUNT* | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| JPMORGAN CHASE BANK NA<br>C O SUSAN E ATKINS MANAGING<br>DIRECTOR<br>277 PARK AVE 8TH FL<br>NEW YORK, NY 10172 | 18616 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $60,062,043.77<br>$60,062,043.77 | 07/14/2009 | DELPHI CORPORATION<br>(05-44481) |
| SDADS SHANGHAI INTEVA<br>AUTOMOTIVE DOOR SYSTEMS<br>COMPANY LTD<br>DEREK L WRIGHT ESQ<br>FOLEY & LARDNER LLP<br>321 N CLARK ST STE 2800<br>CHICAGO, IL 60654 | 19994 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $238,274.80<br>$238,274.80 | 11/05/2009 | DELPHI CORPORATION<br>(05-44481) |
| SHARYL YVETTE CARTER<br>1541 LA SALLE AVE NO 1<br>NIAGRA FALLS, NY 14301 | 17773 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/07/2009 | DELPHI CORPORATION<br>(05-44481) |
| SHARYL YVETTE CARTER<br>1541 LA SALLE AVE NO 1<br>NIAGRA FALLS, NY 14301 | 17094 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $50,000,000.00<br>$50,000,000.00 | 07/01/2009 | DELPHI CORPORATION<br>(05-44481) |

Total:          4                    $110,300,318.57

**In re DPH Holdings Corp., et al.**    **Forty-Fifth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT H-3 - ADJOURNED PENSION AND BENEFIT CLAIM

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| JAMES A LUECKE | 18049 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | <br><br>$159,000.00<br><br>$159,000.00 | 06/29/2009 | DELPHI CORPORATION (05-44481) |
| **Total:** | **1** | | **$159,000.00** | | |

\*      The address of the creditor on this exhibit has been intentionally omitted for privacy reasons.

\*\*     "UNL" denotes an unliquidated claim.                         Page 1 of 1

In re DPH Holdings Corp., et al.

Case No. 05-44481 (RDD)

Forty-Fifth Omnibus Claims Objection

**EXHIBIT H-4 - ADJOURNED ALLOWED SEVERANCE CLAIM**

| CLAIM TO BE ALLOWED* | CLAIM AS DOCKETED** | | | | CLAIM AS ALLOWED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 17165<br>Date Filed:   07/01/2009<br>Docketed Total:     $92,100.00<br>Filing Creditor Name:<br>  SCOTT M LEACH | Claim Holder Name<br><br>SCOTT M LEACH | | Docketed Total: | $92,100.00 | | | Allowed Total: | $92,100.00 |
| | Case Number*** | Secured | Priority | Unsecured | Case Number*** | Secured | Priority | Unsecured |
| | 05-44481 | | $92,100.00 | | 05-44481 | | $92,100.00 | |
| | | | $92,100.00 | | | | $92,100.00 | |

**Total Claims To Be Allowed: 1**

**Total Amount As Docketed:**     $92,100.00

**Total Amount As Allowed:**     $92,100.00

*       The address of the creditor on this exhibit has been intentionally omitted for privacy reasons.

**      "UNL" denotes an unliquidated claim.                          Page 1 of 1

***     See Exhibit I for a listing of debtor entities by case number.

In re DPH Holdings Corp., <u>et al.</u>                                    Forty-Fifth Omnibus Claims Objection

**Case No. 05-44481 (RDD)**

Exhibit I - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |

| Claim Holder | Claim | Exhibit |
|---|---|---|
| BLANCHE MARIE WILSON NOACK | 17197 | EXHIBIT A - SEVERANCE CLAIMS |
| BRADFORD S WAGNER | 20084 | EXHIBIT C - DUPLICATE CLAIMS |
| BRADFORD S WAGNER | 18437 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| DAVID L VINTON | 17100 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| DAVID W FERCANA | 17208 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| DENISE C OLBRECHT | 20019 | EXHIBIT C - DUPLICATE CLAIMS |
| DIANE L HOPWOOD | 17670 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| DON MONTGOMERY | 17217 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| DONALD L KIDD | 18370 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| DORIS FRAZIER | 18463 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |
| GAYLE INSCHO | 19899 | EXHIBIT C - DUPLICATE CLAIMS |
| GOLDMAN SACHS & CO | 19061 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| HARBINGER DEL AUTO INVESTMENT COMPANY LTD | 18963 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| HORACE CURRY | 17043 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| JAMES A LUECKE | 18049 | EXHIBIT H-3 - ADJOURNED PENSION AND BENEFIT CLAIM |
| JAMES R THOMPSON | 19818 | EXHIBIT C - DUPLICATE CLAIMS |
| JAMES T PYTLIK | 17020 | EXHIBIT A - SEVERANCE CLAIMS |
| JIM THOMPSON | 17918 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| JIMMY MUELLER | 19882 | EXHIBIT C - DUPLICATE CLAIMS |
| JP MORGAN CHASE BANK NA | 18654 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| JPMORGAN CHASE BANK NA | 18616 | EXHIBIT H-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| LAURA E MILLER | 17073 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| MARA L HENDRESS | 19926 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| MARCIA JONES | 18584 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| MARCIA JONES | 20010 | EXHIBIT C - DUPLICATE CLAIMS |
| MARY REHBEIN | 19105 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 18883 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED | 19110 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| MICHAEL K UPTIGROVE | 17063 | EXHIBIT F - MODIFIED AND ALLOWED SEVERANCE CLAIMS |
| NATHANIEL WINSTON | 20044 | EXHIBIT C - DUPLICATE CLAIMS |
| OHIO DEPT OF JOB & FAMILY SERVICES | 17048 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| RALPH E YOUNG | 17768 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| RANDY D AUSTIN | 17330 | EXHIBIT H-1 - ADJOURNED SEVERENCE CLAIM |
| ROGER K MATHIS | 17428 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| ROHIAL ANDREW PERVEZ | 20083 | EXHIBIT A - SEVERANCE CLAIMS |
| SAMUEL C BLANKENSHIP | 18225 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| SCOTT M LEACH | 17165 | EXHIBIT H-4 - ADJOURNED ALLOWED SEVERANCE CLAIM |
| SDADS SHANGHAI INTEVA AUTOMOTIVE DOOR SYSTEMS COMPANY LTD | 19994 | EXHIBIT H-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| SHARYL YVETTE CARTER | 17094 | EXHIBIT H-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| SHARYL YVETTE CARTER | 17773 | EXHIBIT H-2 - ADJOURNED BOOKS AND RECORDS CLAIMS |
| SHIRLEY J MURRY | 19183 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| THOMAS L KNOLL | 18493 | EXHIBIT D - PENSION AND BENEFIT CLAIMS |
| THOMAS ROY RILEY | 16870 | EXHIBIT E - TRANSFERRED WORKERS' COMPENSATION CLAIMS |

Exhibit J - Claimants And Related Claims Subject To Forty-Fifth Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| TIMOTHY A ELDON | 20078 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |
| WALTER A KUNKA | 19808 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WASHINGTON STATE SUPPORT REGISTRY | 19612 | EXHIBIT B - BOOKS AND RECORDS CLAIMS |
| WILLIAM H BRINKMAN | 20011 | EXHIBIT C - DUPLICATE CLAIMS |
| WILLIAM H JOHNSON | 19881 | EXHIBIT C - DUPLICATE CLAIMS |
| WILLIAM L MACNAUGHTON | 18204 | EXHIBIT G - ALLOWED SEVERANCE CLAIMS |

**EXHIBIT C**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

In re                       :    Chapter 11
                                        :

DPH HOLDINGS CORP., et al.,     :    Case No. 05-44481 (RDD)
                                        :

          Reorganized Debtors.     :    (Jointly Administered)
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
EXPUNGING CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE
CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS, (D)
PENSION, AND BENEFIT, AND OPEB CLAIMS, AND (E) TRANSFERRED
WORKERS' COMPENSATION CLAIMS, (II) MODIFYING AND ALLOWING
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III)
ALLOWING CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS

("FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b)

And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance

Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims,

And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain

Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense

Severance Claims (the "Forty-Fifth Omnibus Claims Objection" or the "Objection"),[1] of DPH

Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases

(collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Forty-Fifth Omnibus Claims Objection.

Forty-Fifth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim for an administrative expense under section 503(b)(1)

of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C, D, E, F, and

G hereto was properly and timely served with a copy of the Forty-Fifth Omnibus Claims Objection,

a personalized Notice Of Objection To Claim, the proposed order granting the Forty-Fifth

Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Fifth Omnibus

Claims Objection.  No other or further notice of the Forty-Fifth Omnibus Claims Objection is

necessary.

B.      This Court has jurisdiction over the Forty-Fifth Omnibus Claims Objection

pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Fifth Omnibus Claims Objection is a core

proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Fifth Omnibus

Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Administrative Claims listed on Exhibit A are Administrative Claims

filed by claimants asserting liabilities for severance benefits arising from agreements with the

Debtors for which the Reorganized Debtors are not liable because those severance benefits have

been paid (the "Severance Claims").

D.      The Administrative Claims listed on Exhibit B assert liabilities and dollar

amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books And

Records Claims").

---

[2]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of
fact when appropriate.  See Fed. R. Bankr. P. 7052.

E.    The Administrative Claims listed on <u>Exhibit C</u> are duplicative of other Administrative Claims (the "Duplicative Claims").

F.    The Administrative Claims listed on <u>Exhibit D</u> assert Claims for liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Debtors are not liable (the "Pension And Benefit Claims").

G.    The Administrative Claims listed on <u>Exhibit E</u> were filed by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims").

H.    The Administrative Claims listed on <u>Exhibit F</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors in which the amounts asserted in such Administrative Claims are overstated (the "Modified And Allowed Severance Claims").  Each such Modified And Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

I.    The Administrative Claims listed on <u>Exhibit G</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors that assert liabilities or dollar amounts that match the Reorganized Debtors' books and records (the "Allowed Severance Claims").  Each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim

and (b) the provisions of the Master Disposition Agreement that provide that such Allowed

Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined

in the Master Disposition Agreement).

          J.        Exhibit ~~H~~I hereto sets forth the formal name of the Debtor entity and its

associated bankruptcy case number referenced on Exhibits F and G hereto.  Exhibit ~~I~~J hereto sets

forth each of the Administrative Claims referenced on Exhibits A, B, C, D, E, F, and G in

alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of

administrative expense number and (ii) basis of objection.

       NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

        1.        Each Severance Claim listed on Exhibit A hereto is hereby disallowed and

expunged in its entirety.

        2.        Each Books And Records Claim listed on Exhibit B hereto is hereby

disallowed and expunged in its entirety.

        3.        Each Duplicate Claim listed on Exhibit C hereto is hereby disallowed and

expunged in its entirety.

        4.        Each Pension ~~a~~And Benefit Claim listed on Exhibit D hereto is hereby

disallowed and expunged in its entirety.

        5.        Each Transferred Workers' Compensation Claim listed on Exhibit E hereto

is hereby disallowed and expunged in its entirety.

        6.        Each Modified And Allowed Severance Claim listed on Exhibit F hereto is

hereby modified to reflect the amount, classification, and Debtor listed in the "Claim As Modified"

column of Exhibit F.  The allowed amount~~s~~ of each such Modified And Allowed Severance Claim

shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And

Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that

provide that such Modified And Allowed Severance Claims are to be paid by and/or are the

responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

7.      Each Allowed Severance Claim listed on <u>Exhibit G</u> hereto is hereby

allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column

on <u>Exhibit G</u>.  The allowed amounts of each such Allowed Severance Claim shall be distributed

pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the

provisions of the Master Disposition Agreement that provide that such Allowed Severance Claims

are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master

Disposition Agreement).

8.      <u>With respect to each Administrative Claim for which a Response to the</u>

<u>Forty-Fourth Claims Objection has been filed and served listed on Exhibits H-1, H-2, H-3, and H-4,</u>

<u>and which Response has not been resolved by the parties, the hearing regarding the objection to</u>

<u>such Administrative Claims shall be adjourned to a future date to be noticed by the Reorganized</u>

<u>Debtors consistent with and subject to the Claims Objection Procedures Order and the</u>

<u>Administrative Claims Objection Procedures Order; provided, however, that such adjournment</u>

<u>shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was</u>

<u>untimely or otherwise deficient under the Claims Objection Procedure Order and the</u>

<u>Administrative Claims Objection Procedures Order.</u>

9.      8. Entry of this order is without prejudice to the Reorganized Debtors' rights

to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further

5

object to Administrative Claims that are the subject of the Forty-Fifth Omnibus Claims Objection, except as such claims may have been settled and allowed.

10.    9. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

11.    10. Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Fifth Omnibus Claims Objection and attached hereto as A, B, C, D, E, F, and G constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12.   11. Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Supplemental Case Management Order.


Dated: New York, New York
       March ___, 2010


                         _____
                         UNITED STATES BANKRUPTCY JUDGE

Document comparison done by DeltaView on Wednesday, March 17, 2010 1:00:15 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://chisr01a/708227/5 |
| Document 2 | pcdocs://chisr01a/708227/6 |
| Rendering set | Option 3a strikethrough double score no moves |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| <Moved from > | |
| >Moved to < | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 12 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 6 |
| Total changes | 25 |

8