# WEIL, GOTSHAL & MANGES LLP

1300 I STREET, N.W.
SUITE 900
WASHINGTON, D.C. 20005
(202) 682-7000
FAX: (202) 857-0940

BEIJING
BOSTON
BUDAPEST
DALLAS
DUBAI
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW

DIRECT LINE 202-682-7190
david.berz@weil.com

March 17, 2010

**VIA EMAIL**

Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

RE:  **In re: DPH Holdings Corp., case no. 05-44481, hearing scheduled for March 18, 2010 at 10:30 a.m.**

Dear Judge Drain:

On behalf of our client GM LLC ("GM"), we respectfully request that the hearing on the Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proofs of Claim Nos. 13776 and 13881 filed by the New York State Department of Environmental Conservation (the "Claim Objection"), pursuant to which DPH Holdings Corp. ("DPH") objects to a claim asserted by the New York State Department of Environmental Conservation (the "NYSDEC") in DPH's chapter 11 case, scheduled for March 18, 2010 at 10:30 a.m. be adjourned until the next omnibus hearing date in this case.

GM is not a party to the Claim Objection, was not served with pleadings, and only became aware of this matter when a copy of one of the pleadings was forwarded to GM's outside environmental counsel by counsel for NYSDEC. Although GM has not had sufficient time to analyze the Claim Objection and related pleadings to ascertain their potential impact on GM, GM is concerned that contents of the pleadings raise issues

US_ACTIVE:\43338211\01\72240.0639

WEIL, GOTSHAL & MANGES LLP

Honorable Robert D. Drain
March 17, 2010
Page 2

relating to GM's rights and obligations. The Claim Objection filed by DPH on March 8, 2010 and the Supplemental Response to the Reorganized Debtor's Supplemental Reply filed by the NYSDEC on March 16, 2010 incorrectly characterize legal and factual matters with respect to real property and related improvements in Lockport, New York and Rochester, New York that were purchased by GM from DPH under DPH's chapter 11 plan. The pleadings raise complicated issues that require a thorough analysis of New York State environmental laws and prior orders of this Court impacting GM's rights and responsibilities as the purchaser. This Court's disposition of the Claim Objection may ultimately prejudice GM's future rights regarding its obligations and rights as an owner of the properties in a manner that is inconsistent with the documentation of the sale of the sites from DPH to GM and related earlier orders of this Court. Parties, including third parties not participating in these proceedings, may attempt to use the Court's disposition of the Claim Objection in other proceedings (either in front of this Court or other tribunals) involving the Lockport facility or other DPH site sites acquired by GM. Any disposition of the Claim Objection that would impact GM would be unfair and would deprive GM of its due process rights by depriving GM of notice of the proceedings and a reasonable opportunity to be heard.

GM is unaware of any exigencies that require immediate disposition of the Claim Objection. GM sought an adjournment of the hearing from both DPH and the NYSDEC to allow GM time to ascertain the impact of the Claim Objection on its rights and determine how best to protect its interests. NYSDEC agreed to a reasonable adjournment; however, counsel to DPH refused without providing any reason.

Consequently, GM is forced to seek an adjournment from the Court to allow GM sufficient time to determine how best to protect its interests in light of the issues raised by DPH and the NYSDEC.

Respectfully,

David R. Berz (NY Bar. No. 4517)

cc:   Eugene Leff
      John Wm. Butler, Jr.
      Kenneth Berlin
      James Walle
      Robert Lemons

US_ACTIVE:\43338211\01\72240.0639