**Hearing Date:  May 20, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------- x
                                    :
   In re                            :   Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,         :   Case No. 05-44481 (RDD)
                                    :
         Reorganized Debtors.       :   (Jointly Administered)
                                    :
----------------------------------- X

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 11631
(NEW JERSEY SELF-INSURERS' GUARANTY ASSOCIATION)

("STATEMENT OF DISPUTED ISSUES – NEW JERSEY SELF-
INSURERS' GUARANTY ASSOCIATION")

        DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 11631 (the "Statement Of Disputed Issues") filed by the New Jersey Self-Insurers Guaranty Association (the "Association") and respectfully represent as follows:

Background

        1.     On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

        2.     On July 27, 2006, the Association filed proof of claim number 11631 (the "Proof of Claim") against Delphi.  The Proof of Claim asserts an unliquidated priority claim for workers' compensation program-related payments (the "Claim").

        3.     On June 22, 2009, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant to 11. U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182), seeking to

modify the amount and classification of the Proof of Claim to a general unsecured non-priority claim in the amount of $0.00 against the estate of Delphi.

   4. On July 15, 2009, the Association filed the Response of New Jersey Self-Insurers Guaranty Association (Claim No. 11631) To Debtors' Thirty-Fourth Omnibus Claims Objection To Claims (Docket No. 18304) (the "Response"), asserting the necessity of an actuarial adjustment to determine the projected liability for prepetition workers' compensation liabilities.

   5. On March 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 11631 (New Jersey Self-Insurers' Guaranty Association) (Docket No. 19686), scheduling an evidentiary hearing on the merits of the Proof of Claim for May 20, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

Disputed Issues

A. <u>The Proof Of Claim Asserts Liabilities Already Satisfied By The Association's Retention Of Collateral</u>

   6. The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute that they owe any amount for the workers' compensation liabilities asserted in the Proof of Claim.

   7. The Reorganized Debtors have retained Sedgwick Claims Management Services, Inc. ("Sedgwick"), a renowned provider of workers' compensation related services including claims adjustment and administration. Upon review of all pending workers' compensation claims against the Debtors in state of New Jersey, Sedgwick has determined that the Debtors' projected liability for the obligations set forth in the Proof of Claim is $1,687,417.00 (the "Prepetition Projection"). In addition, Sedgwick has determined that the Debtors' projected

liability for New Jersey postpetition workers' compensation liabilities is $371,028.00 (the "Postpetition Projection").

8.     Prior to the Petition Date, as part of its efforts to satisfy certain requirements in order to self-insure for liabilities associated with work related accidents or occupational diseases, the Debtors provided the Association with a letter of credit in the amount of $5,500,000.00 (the "Collateral") as security for the Debtors' obligations relating to workers' compensation benefits.  As of March 17, 2010, CNA Surety Corporation, a third-party surety company, had withdrawn the entirety of the Collateral on the Association's behalf.  The amount of this Collateral is not only sufficient to satisfy both the Prepetition Projection and the Postpetition Projection, but substantially exceeds the amount of such liabilities.  The Proof of Claim should, therefore, be disallowed and expunged in its entirety.

## Reservation Of Rights

9.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

4

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
March 23, 2010

                SKADDEN, ARPS, SLATE, MEAGHER
                      & FLOM LLP


By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606

- and -


By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors