**Hearing Date:  May 20, 2010**
                                                          **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|                 Reorganized Debtors. | : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

            REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
       WITH RESPECT TO PROOFS OF CLAIM NUMBERS 1294 AND 1301
               (OHIO BUREAU OF WORKERS' COMPENSATION)

        ("STATEMENT OF DISPUTED ISSUES – OHIO BUREAU OF
                     WORKERS' COMPENSATION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Claim Numbers 1294 And 1301 (the "Statement Of Disputed Issues") filed by the Ohio Bureau of Workers' Compensation (the "Bureau") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On December 27, 2005, the Bureau filed proofs of claim number 1294 ("Claim 1294") and 1301 ("Claim 1301," and together with Claim 1294, the "Proofs of Claim") against Delphi. Claim 1294 asserts an unsecured priority claim in the amount of $24,732,628.02 stemming from amounts allegedly owed in connection with workers' compensation premiums and Claim 1301 asserts an unsecured priority claim in the amount of $39,610,402.53 stemming from amounts allegedly owed in connection with certain workers' compensation claims (together, the "Claim").

3. On June 22, 2009, the Debtors objected to the Proofs of Claim pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant to 11. U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A)

2

Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182), seeking to modify the classification of the Proofs of Claim to a general unsecured non-priority claim against the estate of Delphi.

        4.        On July 16, 2009, the Bureau filed the Ohio Bureau Of Workers' Compensation's Response To Debtors' Thirty-Fourth Omnibus Objection To Claims (Docket No. 18346) (the "Response"), asserting that the Proofs of Claim should be classified as priority claims.

        5.        On March 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 1294 And 1301 (Ohio Bureau Of Workers' Compensation) (Docket No. 19687), scheduling an evidentiary hearing on the merits of the Proof of Claim for May 20, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

Disputed Issues

A.      <u>The Proofs of Claim Asserts Liabilities Already Satisfied By The Bureau's Retention Of Collateral</u>

        6.        The Reorganized Debtors have reviewed the information attached to the Proofs of Claim and the Response and dispute that they owe any amount for the workers' compensation liabilities asserted in the Proofs of Claim.

        7.        The Reorganized Debtors have retained Sedgwick Claims Management Services, Inc. ("Sedgwick"), a renowned provider of workers' compensation related services including claims adjustment and administration. Upon review of all pending workers' compensation claims against the Debtors in state of Ohio, Sedgwick has determined that the

3

Debtors' projected liability for the obligations set forth in the Proofs of Claim is $5,485,096.00 (the "Prepetition Projection").

8.  Prior to the Petition Date, as part of its efforts to satisfy certain requirements in order to self-insure for liabilities associated with work related accidents or occupational diseases, the Debtors provided the Bureau with a letter of credit in the amount of $7,496,000.00 (the "Collateral") as security for the Debtors' obligations relating to workers' compensation benefits.  As of November 25, 2009, the Bureau had withdrawn the entirety of the Collateral.  The amount of this Collateral substantially exceeds the amount of the Prepetition Projection.  Moreover, to the extent that the Bureau has any valid administrative expense claims against the Debtors on account of workers' compensation obligations arising after the Petition Date that exceed the amount of the Collateral, such claims, if allowed, shall be paid pursuant to the terms of the Ohio workers' compensation statutes and regulations and as set forth in the Modified Plan and other applicable agreements.  The Proofs of Claim should, therefore, be disallowed and expunged in their entirety.

## Reservation Of Rights

9.  This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify

additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

        WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proofs of Claim in their entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
       March 23, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                              By: /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                           155 North Wacker Drive
                           Chicago, Illinois  60606

                           - and -

                           By: Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti
                           Four Times Square
                           New York, New York  10036

                           Attorneys for DPH Holdings Corp., et al.,
                             Reorganized Debtors