SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
                                        :
     In re                              :       Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,        :       Case No. 05–44481 (RDD)
                                          :
                     Debtors.     :       (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER (I) RESOLVING OBJECTIONS OF
CONNECTICUT GENERAL LIFE INSURANCE COMPANY TO NOTICES OF
ASSUMPTION AND ASSIGNMENT AND FIRST AMENDED JOINT PLAN OF
REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES,
DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED) AND (II)
DISALLOWING AND EXPUNGING PROOFS OF ADMINISTRATIVE
EXPENSE NUMBERS 18659, 18660, 19919, AND 19920

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC") and Connecticut General Life Insurance Company ("CGLIC") respectfully submit this Stipulation And Agreed Order (I) Resolving Objections Of Connecticut General Life Insurance Company To Notices Of Assumption And Assignment And First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) And (II) Disallowing And Expunging Proofs Of Administrative Expense Numbers 18659 And 18660 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

WHEREAS, on June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (as Modified) (Docket No. 17030) (the "Modified Plan").

WHEREAS, on June 16, 2009, this Court entered an Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket

No. 17032) (the "Modification Procedures Order"), which, among other things, approved certain notices relating to the assumption and assignment of executory contracts.

WHEREAS, CGLIC filed proof of administrative expense number 18659 ("Claim No. 18659") dated July 13, 2009 against Delphi Corporation, asserting an administrative expense claim in the amount of $10,929,442.74 plus any amounts accruing after June 30, 2009.

WHEREAS, CGLIC filed proof of administrative expense number 18660 ("Claim No. 18660") dated July 13, 2009 against DAS LLC, asserting an administrative expense claim in the amount of $47,153.91 plus any amounts accruing after June 30, 2009.

WHEREAS, on July 15, 2009, CGLIC filed the Objection of Connecticut General Life Insurance Company to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (as Modified) (Docket No. 18234) (the "Plan Objection").

WHEREAS, on July 15, 2009, the Debtors served CGLIC with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization, listing Contract Nos. 450842012, 45084226, and 450876729 as contracts to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC and listing a cure amount of $0.00.

WHEREAS, as of July 15, 2009, CGLIC provided healthcare claims processing and insurance services to Debtors and certain of its domestic and expatriate employees in connection with Debtors' employee healthcare benefits plan under the following agreements: (i) Administrative Services Only Agreement, effective Jan. 1, 2001, (ii) Transaction Agreement, effective Jan. 1, 2009, (iii) Group Medical Expense, Dental and Vision Care Insurance Policy,

effective Jan. 1, 2003, and (iv) Retrospective Premium Arrangement Letter Agreement, effective Jan. 1, 2009 ("collectively, the "Contracts").

WHEREAS, on July 27, 2009, CGLIC filed the Objection of Connecticut General Life Insurance Company to Notice of Assumption and Assignment with Respect to Certain Executory Contracts and Unexpired Leases to be Assumed and Assigned to Parnassus Holdings II, LLC Under Modified Plan of Reorganization (Docket No. 18652) (the "First Parnassus Objection").

WHEREAS, on July 27, 2009, the Debtors served CGLIC with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization, stating that the contracts that were previously to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC would be assumed by the Debtors and assigned to DIP Holdco 3, LLC.

WHEREAS, on July 30, 2009, CGLIC filed the Objection Of Connecticut General Life Insurance Company To Second Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization (Docket No. 18705) (the "Second Parnassus Objection").

WHEREAS, on July 30, 2009, this Court entered its Order Approving Modifications Under 11 U.S.C. § 1127 To (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 12359), approving the Debtors' Modified Plan (Docket

4

No. 18707) (the "Modification Approval Order"); the Modification Approval Order became a final, nonappealable order on August 10, 2009.

WHEREAS, on August 3, 2009, CGLIC filed the Objection Of Connecticut General Life Insurance Company To Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization (Docket No. 18720) (the "DIP Holdco 3 Objection," and together with the Plan Objection, the First Parnassus Objection and the Second Parnassus Objection, the "Objections").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the Modified Plan, the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the Master Disposition Agreement (as defined in the Modified Plan) and related agreements were closed.

WHEREAS, on October 15, 2009, the Reorganized Debtors objected to Claim No. 18659 and Claim No. 18660 pursuant to the Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Omnibus Claims Objection").

WHEREAS, CGLIC filed proof of administrative expense number 19919 ("Claim No. 19919") dated November 3, 2009 against Delphi Corporation, asserting an administrative expense claim in the amount of $855,968.75 and proof of administrative expense number 19920 ("Claim No. 19920") dated November 3, 2009 against DAS LLC, asserting an administrative expense claim in the amount of $24,885.43, amending Claim No. 18659 and Claim No. 18660.

5

WHEREAS, on November 9, 2009, CGLIC filed its Connecticut General Life Insurance Company's Response to Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books and Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, and OPEB Claims, and (VII) Duplicate Claims (Docket No. 19047) (the "Response").

WHEREAS, the Debtors and CGLIC have reached an agreement to settle and resolve the Objections and the Thirty-Seventh Omnibus Claims Objection to Claim No. 18659 and Claim No. 18660.

THEREFORE, the Debtors and CGLIC stipulate and agree as follows:

1.  Pursuant to 11 U.S.C. § 365, Contracts that were entered into prior to the Petition Date shall be assumed by the Debtors and assigned to New DAS LLC as of the Effective Date.

2.  The Contracts that were entered into on or after the Petition Date shall be assigned by the Debtors to New DAS LLC as of the Effective Date, pursuant to the terms of those Contracts.

3.  The total cure amount for the Contracts listed on the notices of assumption and assignment is $0.00.

4.  The Objections are hereby withdrawn with prejudice.

5.  Claim No. 18659, Claim No. 18660, Claim No. 19919, and Claim No. 19920 are each hereby disallowed and expunged with prejudice.

6.  The Response is hereby deemed withdrawn with prejudice.

7.  Except to the extent inconsistent with this Stipulation and Order, CGLIC

shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.

        8.     CGLIC hereby acknowledges and stipulates that the terms and conditions set forth in this Stipulation are in full satisfaction of all cure amounts asserted in the Objections. CGLIC, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "Releasing Parties"), hereby waives any and all rights to assert, against any and all of the Reorganized Debtors, that the claims asserted in the Objections are entitled to any treatment other than that set forth herein.  As of the Effective Date and subject to the terms of the Contracts, New DAS LLC shall be responsible for the payment to CGLIC of all retroactive premium adjustments and all amounts necessary to process and pay eligible healthcare claims (as determined by the Contracts) incurred by eligible employees of the Debtors (as determined by the Contracts) and/or such employees' eligible dependents, whether arising before or after the Effective Date; _provided_, _however_, that as of the Effective Date and subject to the terms of the Contracts, CGLIC shall be responsible for the payment to New DAS LLC of all amounts for which the insured party under the Contracts would be entitled, including without limitation retroactive premiums, whether arising before or after the Effective Date; _provided further, however_, that the rights of New DAS LLC with respect to third parties in connection with the Contracts (including, without limitation, any rights New DAS LLC has or may have to pursue claims against third parties), are preserved, and nothing in this Stipulation constitutes or should be construed as a waiver by New DAS LLC as to

7

such rights.

9. Any claims arising after the Effective Date in connection with the Contracts shall be paid in the ordinary course by New DAS LLC.

10. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in New York, New York, this 25th day of March, 2010

_/s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

*/s/ John K. Lyons*
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
155 North Wacker Drive
Chicago, Illinois  60606-1720
(312) 407-0700

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

*/s/ Jeffrey C. Wisler*
Jeffrey C. Wisler
Kelly M. Conlan
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware  19801
(302) 658-9141

Attorneys for Connecticut General Life Insurance Company

*/s/ Karen J. Craft*
Karen J. Craft
Managing Restructuring Counsel
Delphi Automotive Systems, LLC
Legal Staff
5825 Delphi Drive
M/C 480-410-268
Troy, Michigan  48098

Attorney for Delphi Automotive Systems, LLC

8