UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                         :    Chapter 11
: 
DPH HOLDINGS CORP., et al.,         :    Case No. 05-44481 (RDD)
: 
        Reorganized Debtors.         :    (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING ADMINISTRATIVE EXPENSE CLAIMS
FILED BY PHILIP J. CARSON, DEBORAH CHAPMAN, AND SAUNDRA HAMLIN
(ADMINISTRATIVE EXPENSE CLAIM NUMBERS 19551, 19284, AND 19370)

("UNTIMELY ADMINISTRATIVE EXPENSE CLAIM ORDER")

Upon the Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims (the "Thirty-Seventh Omnibus Claims Objection") (Docket No. 18984) of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") successors to Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors"); and upon the responses and other documents filed by Philip J. Carson, Deborah Chapman, and Saundra Hamlin (together, the "Claimants"); and this Court having considered the responses and other documents filed by the Claimants and by the Reorganized Debtors; and after due deliberation thereon; and good and sufficient cause appearing for the reasons stated by this Court at the hearing on these matters concluded on February 25, 2010,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        A.     Philip J. Carson, Deborah Chapman, and Sandra Hamlin were properly served with the Thirty-Seventh Omnibus Claims Objection.[2]

        B.     The Claimants were properly served with the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the "Administrative Claim Bar Date Notice") describing the July 15, 2009 bar date (the "Administrative Claim Bar Date") established pursuant to paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032).[3]

        C.     Philip J. Carson was properly served with the Notice Of Deadline To File Motion For Leave To File Late Administrative Expense Claim With Respect To Late Administrative Expense Claim Filed By Philip J. Carson (Administrative Expense Claim Number 19551) (Docket No. 19316).

        D.     Deborah Chapman was properly served with the Notice Of Deadline To File Motion For Leave To File Late Administrative Expense Claim With Respect To Late

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

[2] See Affidavit of Service of Evan Gershbein re: 1) Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(B) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims ("Thirty-Seventh Omnibus Claims Objection") [Docket No. 18984]; 2) Order Pursuant To 11 U.S.C. Section 502(B) And Fed. R. Bankr. P. 2002(M), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims ("Claim Objection Procedures Order") [Docket No. 6089]; And 3) Personalized Notice Of Objection To Claim (Docket No. 18997).

[3] See Affidavit Of Service Of Evan Gershbein For Solicitation Materials Served On Or Before June 20, 2009 (Docket No. 17267).

2

Administrative Expense Claim Filed By Deborah Chapman (Administrative Expense Claim Number 19284) (Docket No. 19319).

   E. Saundra Hamlin was properly served with Notice Of Deadline To File Motion For Leave To File Late Administrative Expense Claim With Respect To Late Administrative Expense Claim Filed By Saundra Hamlin (Administrative Expense Claim Number 19370) (Docket No. 19320).

   F. This Court has jurisdiction of the Thirty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirty-Seventh Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirty-Seventh Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   G. The Claimants have failed to seek leave to justify their failure to timely file administrative expense claim numbers 19551, 19284, and 19370 pursuant to the Administrative Claim Bar Date and the Administrative Claim Bar Date Notice.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. Administrative expense claim number 19551 filed by Philip J. Carson is hereby disallowed and expunged in its entirety with prejudice and no distribution shall be made on account of such claim from the Debtors' estate or by the Reorganized Debtors.

   2. Administrative expense claim number 19284 filed by Deborah Chapman is hereby disallowed and expunged in its entirety with prejudice and no distribution shall be made on account of such claim from the Debtors' estate or by the Reorganized Debtors.

       3.      Administrative expense claim number 19370 filed by Saundra Hamlin is hereby disallowed and expunged in its entirety with prejudice and no distribution shall be made on account of such claim from the Debtors' estate or by the Reorganized Debtors.

       4.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998).

       5.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: White Plains, New York  
       March 25, 2010

                        /s/Robert D. Drain  
                        UNITED STATES BANKRUPTCY JUDGE