**Hearing Date:  April 22, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| | : |
| In re | :   Chapter 11 |
| | : |
| DPH HOLDINGS CORP., et al., | :   Case No. 05-44481 (RDD) |
| | : |
| | :   (Jointly Administered) |
|    Reorganized Debtors. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 16127
(U.S. CUSTOMS AND BORDER PROTECTION)

("SUPPLEMENTAL REPLY – U.S. CUSTOMS AND BORDER PROTECTION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 16127 (the "Supplemental Reply") filed by U.S. Customs and Border Protection ("CBP") and respectfully represent as follows:

Preliminary Statement

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      On August 9, 2006, CBP filed proof of claim number 16127 (the "Proof of Claim") against Delphi.  The Proof of Claim asserts (a) a secured contingent claim in the amount of $82,643.04, (b) an unliquidated and/or contingent unsecured claim, and (c) an unliquidated and/or contingent priority claim for certain duties and warehouse entries (the "Claim").

3.      On May 22, 2007, the Debtors objected to the Proof of Claim pursuant to Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999).

4.      On June 21, 2007, the United States of America filed the United States Of America's Response To Debtor's Objection To The Claims Of U.S. Customs And Border Protection (Docket No. 8381) (the "Response").

2

5.      On February 4, 2008, this Court entered the Joint Stipulation And Agreed

Order Capping Proof Of Claim No. 16127 (U.S. Customs And Border Protection) (Docket No.

12499), setting a maximum liability for the Proof of Claim in the amount of $68,259.00.

6.      On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.  Article 9.6(a) of the Modified Plan provides that "[t]he

Reorganized Debtors shall retain responsibility for administering, disputing, objecting to,

compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

7.      On February 16, 2010, the Reorganized Debtors filed the Notice Of

Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 16127

(U.S. Customs And Border Patrol) (Docket No. 19443), scheduling an evidentiary hearing on the

merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this

Court.  On February 23, 2010, the Reorganized Debtors filed the Reorganized Debtors'

Statement Of Disputed Issues With Respect To Proof Of Claim No. 16127 (U.S. Customs and

Border Protection) (Docket No. 19564).

8.      CBP has failed to adequately support its claim and establish that the

Debtors owe an outstanding liability to CBP in the amount asserted in the Proof of Claim.

<u>Argument</u>

A.    <u>Delphi Corporation Does Not Owe CBP The Amount Asserted In The Proof Of Claim</u>

        9.        CBP has failed to provide sufficient evidence to support its claims.  The

burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim

does not include sufficient factual support, the proof of claim is not entitled to a presumption of

<u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f) .  <u>In re WorldCom, Inc.</u>, No. 02-13533,

2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts

sufficient to support legal liability to claimant satisfies claimant's initial obligation to file

substantiated proof of claim); <u>see also</u> <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992)

(in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re</u>

<u>Chiro Plus, Inc.</u> 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of

sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong</u>

<u>Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001)

(only when claimant alleges facts sufficient to support its proof of claim is it entitled to have

claim considered <u>prima</u> <u>facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D.

Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim

make <u>prima</u> <u>facie</u> case).  Even if the allegations in the Proof of Claim were sufficient to make a

<u>prima</u> <u>facie</u> claim, the Debtors have rebutted that claim by providing specific evidence refuting

the validity of the Claim.  To shift the burden of production back to a claimant, a debtor must

"refute at least one of the allegations that is essential to the claim's legal sufficiency." <u>In re</u>

<u>WorldCom, Inc.</u>,  No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (citing  <u>In re</u>

<u>Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir.1992)).  Here, the Debtors have refuted the

allegations that are essential to the Claim. The burden therefore "reverts to the claimant to prove

4

the validity of the claim by a preponderance of the evidence . . . . The burden of persuasion is always on the claimant." Id. Here, CBP has not met that burden.

10.    CBP asserts in the Proof of Claim that Delphi owes CBP (a) a secured contingent claim in the amount of $82,643.04, (b) an unliquidated and/or contingent unsecured claim, and (c) an unliquidated and/or contingent priority claim for certain customs duties and warehouse entries.  By contrast, as reflected in the declaration of Dean Unrue, the Reorganized Debtors' believe that the amounts asserted in the Proof of Claim are not owing.  (See Decl. Of Dean Unrue In Supp. Of Debtors' Supplemental Reply (the "Unrue Decl."), attached as Ex. A.)[1]

11.    CBP regulates foreign trade and commerce by collecting duties levied upon merchandise that is imported into the United States.  CBP determines an importer's duty obligations for its imported goods through the entry review and liquidation process.  Liquidation in the Customs context is defined as "the final computation or ascertainment of the duties . . . accruing on an entry."  19 C.F.R. § 159.1.  In the Proof of Claim, CBP asserts that the Debtors did not properly transmit and pay entry summaries in the Port of Laredo, Texas under Case Numbers 2005-2304-201868-01, 2005-2304-201869-01, and 2006-2304-200009-01 in the amount of $69,259.00.  Unrue Decl. ¶ 6.  Accordingly, CBP initiated Case Numbers 2005-2304-201868-01 and 2005-2304-201869-01 against Delphi for liquidated damages for customs entries that CBP alleges were untimely filed by the Debtors.  However, the customs entries giving rise to these liquidated damages claims were timely filed, the entries have been liquidated, and no amounts are owed by the Debtors.  Id.

---

[1]    The Reorganized Debtors also expressly incorporate their entire Statement of Disputed Issues With Respect to Proof of Claim No. 16127 (U.S. Customs And Border Protection) (Docket No. 19564) into this Supplemental Reply.

12.      In response to CBP's claims for liquidated damages, Fed Ex Trade Networks, the Debtors' customs broker, filed petitions on behalf of the Debtors in October 2005 to challenge CBP's claims for liquidated damages. Unrue Decl. ¶ 7. Because no response to the petitions was received, the petitions were then re-filed in September 2006. Id. The Debtors also requested assistance from the Debtors' U.S. Customs' account manager, who informed the Debtors that these customs entries were reflected in U.S. Customs' system as timely filed. CBP has not responded to Debtors' petitions. Id.

13.      CBP also asserted liquidated damages for Case Number 2006-2304-200009-01. The case was mitigated by CBP and the Debtors paid the mitigated amount of $217.00 to resolve this case. CBP accepted the payment and has confirmed in writing that this case was closed. Unrue Decl. ¶ 8.

14.      On September 9, 2008, Delphi's internal customs counsel sent a letter to CBP requesting that CBP withdraw the Proof of Claim based on the fact that the entries covered under cases 2005-2304-201868-01, 2005-2304-201869-01, and 2005-2304-200009-01 had been resolved. Unrue Decl. ¶ 9. The Debtors have not received a written response from CBP in response to this request. Id.

15.      The Proof of Claim also asserts a secured claim in the amount of $13,283.04 on account of unpaid estimated duties and fees relating to warehouse entries. The Reorganized Debtors believe that these entries have been closed out and liquidated by CBP because CBP's Automated Broker Interface systems indicate that the entries liquidated in 2007 and 2008; therefore no amounts are owing by the Reorganized Debtors. Unrue Decl. ¶ 10.

16.      In addition, the Proof of Claim asserts an unliquidated claim for certain unliquidated customs entries. As described above, the Proof of Claim was previously capped at

6

$68,259.00 and therefore no unliquidated amounts should be allowed.  Moreover, the Proof of Claim referenced more than 33,000 customs entries[2] and the Reorganized Debtors believe that all of these entries have now been liquidated and no amounts are due and owing.  Unrue Decl. ¶ 11. In the event any of these customs entries were not liquidated, the Reorganized Debtors believe that they have already paid all lawfully owed duties and fees with respect to the customs entries. Id.  Accordingly, the Reorganized Debtors believe that no amounts are due for any unliquidated entries.

17.    For all the reasons discussed above, the Reorganized Debtors are not liable to CBP for the amount asserted in the Proof of Claim and the Claim should be disallowed and expunged in its entirety.  The Reorganized Debtors reserve all of the their rights to (a) supplement this Supplemental Reply in the event that CBP files any additional pleading in connection with this matter and (b) assert that CBP has not followed the claim objection procedures approved by this Court.

---

[2]    In July 2007, CBP informed the Debtors that approximately 95 entries remained unliquidated at that time, and the Reorganized Debtors believe that these remaining entries have now been liquidated as well.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          March 25, 2010

                                SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM LLP

                                By:   /s/ John Wm. Butler, Jr.
                                      John Wm. Butler, Jr.
                                      John K. Lyons
                                      Ron E. Meisler
                                155 North Wacker Drive
                                Chicago, Illinois 60606

                                      - and -

                                By:   /s/ Kayalyn A. Marafioti
                                      Kayalyn A. Marafioti
                                Four Times Square
                                New York, New York 10036

                                Attorneys for DPH Holdings Corp., et al.,
                                   Reorganized Debtors

# Exhibit A

**Hearing Date:  April 22, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Reorganized Debtors. | : |  |
|  | : |  |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF DEAN UNRUE IN SUPPORT OF SUPPLEMENTAL
REPLY WITH RESPECT TO PROOF OF CLAIM NO. 16127
(U.S. CUSTOMS AND BORDER PROTECTION)

("UNRUE DECLARATION – U.S. CUSTOMS AND BORDER PROTECTION")

Dean Unrue declares as follows:

1.       DPH Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors"), are the successors to Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), debtors and debtors-in-possession in these Chapter 11 cases.  I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Number 16127 (the "Supplemental Reply") filed by U.S. Customs and Border Protection ("CBP").  Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply and the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Claim No. 16127 (U.S. Customs and Border Protection) (Docket No. 19564).

2.       Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, knowledge obtained from Delphi employees reporting to me and upon which and whom I rely in the regular course of performing our respective duties on behalf of the Reorganized Debtors, and my experience with and knowledge of Delphi's relationship with CBP.  If I were called upon to testify, I could and would testify to the facts set forth herein.

3.       Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against Delphi in these Chapter 11 cases.  I am responsible for, among other things, overseeing the investigation into and reconciliation of CBP's proof of claim number 16127 (the "Proof of Claim").  Based on the information provided to me, I have drawn the following conclusions relevant to the Proof of Claim:

4.      My staff routinely begins the investigation into a claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

5.      CBP asserts in the Proof of Claim that Delphi owes CBP (a) a secured contingent claim in the amount of $82,643.04, (b) an unliquidated and/or contingent unsecured claim, and (c) an unliquidated and/or contingent priority claim for certain customs duties and warehouse entries.  I believe that the amount asserted in the Proof of Claim are not owing.

6.      In the Proof of Claim, CBP asserts that the Debtors did not properly transmit and pay entry summaries in the Port of Laredo, Texas under Case Numbers 2005-2304-201868-01, 2005-2304-201869-01, and 2006-2304-200009-01 in the amount of $69,259.00. Accordingly, CBP initiated Case Numbers 2005-2304-201868-01 and 2005-2304-201869-01 against Delphi for liquidated damages for customs entries that CBP alleges were untimely filed by the Debtors.  However, the customs entries giving rise to these liquidated damages claims were timely filed, the entries have been liquidated, and no amounts are owed by the Debtors.

7.      In response to CBP's claims for liquidated damages, Fed Ex Trade Networks, the Debtors' customs broker, filed petitions on behalf of the Debtors in October 2005 to challenge CBP's claims for liquidated damages.  Copies of the liquidated damages request and the petitions in response to such requests for Case Numbers 2005-2304-201868-01 and 2005-2304-201869-01 are attached hereto as Exhibit 1 and Exhibit 2.  Because no response to the petitions was received, the petitions were then re-filed in September 2006.  See Exhibit 1 and Exhibit 2.  The Debtors also requested assistance from the Debtors' U.S. Customs' account manager, who informed the Debtors that these customs entries were reflected in U.S. Customs' system as timely filed.  CBP has not responded to Debtors' petitions.

3

8.    CBP also asserted liquidated damages for Case Number 2006-2304-200009-01.  The case was mitigated by CBP and the Debtors paid the mitigated amount of $217.00 to resolve this case.  CBP accepted the payment and has confirmed in writing that this case was closed.  A copy of the written confirmation that the payment was accepted and the case was closed is attached hereto as <u>Exhibit 3</u>.

9.    On September 9, 2008, Delphi's internal customs counsel sent a letter to CBP requesting that CBP withdraw the Proof of Claim based on the fact that the entries covered under cases 2005-2304-201868-01, 2005-2304-201869-01, and 2006-2304-200009-01 had been resolved.  The Debtors have not received a written response from CBP in response to this request.

10.    The Reorganized Debtors believe that these entries have been closed out and liquidated by CBP because CBP's Automated Broker Interface systems indicate that the entries liquidated in 2007 and 2008; therefore no amounts are owing by the Reorganized Debtors.

11.    In addition, the Proof of Claim asserts an unliquidated claim for certain unliquidated customs entries.  The Proof of Claim referenced more than 33,000 customs entries[1] and the Reorganized Debtors believe that all of these entries have now been liquidated and no amounts are due and owing.  In the event any of these custom entries were not liquidated, the Reorganized Debtors believe that they have already paid all lawfully owed duties and fees with respect to the custom entries.  Accordingly, the Reorganized Debtors believe that no amounts are due for any unliquidated entries.

---

[1]    In July 2007, CBP informed the Debtors that approximately 95 entries remained unliquidated at that time, and the Reorganized Debtors believe that these remaining entries have now been liquidated as well.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the

foregoing statements are true and correct.

Executed on March 25, 2010 in Troy, Michigan.

_____ */s/ Dean Unrue* _____
Dean Unrue

# Exhibit 1

| DEPARTMENT OF HOMELAND SECURITY U.S. OF CUSTOMS AND BORDER PROTECTION | CASE NUMBER                    F02 2005230420186801 |
|---|---|
| NOTICE OF PENALTY OR LIQUIDATED DAMAGES INCURRED AND DEMAND FOR PAYMENT | PORT CODE AND NAME 2304 LAREDO, TX |
|  | INVESTIGATION FILE NO. |
| 19 USC 1618, 19 USC 1623 |  |
| DELPHI CORPORATION PO BOX 5091 TROY              MI   480075091 ID: 38343047300 |  |

DEMAND IS HEREBY MADE FOR PAYMENT OF      $3,417.00, REPRESENTING
LIQUIDATED DAMAGES ASSESSED AGAINST YOU FOR VIOLATION OF LAW OR
REGULATION, OR BREACH OF BOND, AS SET FORTH BELOW:
ENTRY NUMBER: GN395292628   ENTRY DATE: 04/27/2005
SUMMARY DUE: 05/11/2005 BUT HAS NOT BEEN FILED.  NBR DAYS LATE: 0000
 AMOUNT DUE: $.00 (DUTY + ADD/CVD + TAXES + FEES)
FAILURE TO FILE ENTRY SUMMARY AND FAILURE TO PAY ESTIMATED DUTIES,
FEES, TAXES AND CHARGES.
MITIGATION WILL NOT BE CONSIDERED UNTIL THE ENTRY SUMMARY HAS BEEN
ACCEPTED WITH ESTIMATED DUTIES, FEES, TAXES AND CHARGES ATTACHED.

**RECEIVED**

Delphi Tax/Customs

| LAW OR REGULATION VIOLATED | BOND BREACHED |
|---|---|
| 19CFR142.12 19CFR113.62(B) | BOND TYPE:  1 BOND#: 460313452 |

| DESCRIPTION OF BOND: | FORM NUMBER: | AMOUNT: | DATE: |
|---|---|---|---|
| IMPORTER BROKER | 460313452 | $5,000,000.00 | 12/09/2003 |

NAME AND ADDRESS OF PRINCIPAL ON BOND DELPHI CORPORATION
  PO BOX 5091, CUSTOMS/TAXES MC 480-410-228, TROY, MI 480075091

| NAME AND ADDRESS OF SURETY ON BOND  RLI INSURANCE COMPANY | SURETY NO. |
|---|---|
| C/O C.A. SHEA, 720 PALISADE AVENUE, ENGLEWOOD CLIFFS, NJ 076| 732 |

IF YOU FEEL THERE ARE EXTENUATING CIRCUMSTANCES, YOU HAVE THE RIGHT TO OBJECT
TO THE ABOVE ACTION.  YOUR PETITION SHOULD EXPLAIN WHY YOU SHOULD NOT BE
PENALIZED FOR THE CITED VIOLATION.  WRITE THE PETITION AS A LETTER OR IN
LEGAL FORM; SUBMIT IN (DUPLICATE ) ADDRESSED TO THE COMMISSIONER OF CUSTOMS
AND BORDER PROTECTION, AND FORWARD TO THE FP&F OFFICER AT:
  U.S. CUSTOMS SERVICE/ATTN:FPF, P.O. BOX 3130, LAREDO, TX 780443130
UNLESS THE AMOUNT HEREIN DEMANDED IS PAID OR A PETITION FOR RELIEF IS FILED
WITH THE FP&F OFFICER WITHIN THE INDICATED TIME LIMIT, FURTHER ACTION WILL
BE TAKEN IN CONNECTION WITH YOUR BOND OR THE MATTER WILL BE REFERRED TO THE
UNITED STATES ATTORNEY.
TIME LIMIT FOR PAYMENT OR FILING PETITION FOR RELIEF:
  60 DAYS FROM THE DATE OF THIS NOTICE

| SIGNATURE: | TITLE | DATE |
|---|---|---|
| ADRIANA GUARDIOLA BY | FPF OFFICER 956-523-7300 | 09/06/2005 (09/06/2005) |

Jennifer L. Cope
Delphi Group Lead
Classification Operations

FedEx Trade Networks
6730 Middlebelt Rd.
Romulus, MI 48174

Phone: 734-229-4224
Fax: 734-229-4040
Email:
jennifer_cope@ftn.fedex.com



### Trade Networks

October 7, 2005

U.S. Customs and Border Protection
Lincoln/Juarez Bridge, Admin Bldg. #2
Laredo, TX 78040

Attn: Adriana Guardiola, Fines, Penalties & Forfeitures

Subject: GN3-9529262-8
Case: 2005230420186801
RE: Petition for relief

Per the subject liquidated damages case, dated 09/06/05, I have reviewed the entry summary for filing information and have attached copies from our file for your review.

GN3-9529262-8 was the subject of a denied alt cancellation request and received a delayed release date update from CBP on 04/27/05. We processed and successfully transmitted entry summary on 03/03/05 and paid the entry via statement 02305063150.

Based on the facts presented and the documents attached, we respectfully request the cancellation of the liquidated damages case (2005230420186801) in full.

Please do not hesitate to contact me directly if you have any questions or require further assistance. I can be reached at (734) 229-4224.

Thank you,

FedEx Trade Networks

Jennifer L. Cope

Jennifer L. Cope
Delphi Group Lead
Classification Operations

FedEx Trade Networks
6730 Middlebelt Rd.
Romulus, MI 48174

Phone: 734-229-4224
Fax: 734-229-4040
Email:
jennifer_cope@ftn.fedex.com





**FedEx** Trade Networks

October 7, 2005

U.S. Customs and Border Protection
Lincoln/Juarez Bridge, Admin Bldg. #2
Laredo, TX 78040

Attn: Adriana Guardiola, Fines, Penalties & Forfeitures

Subject: GN3-9529262-8
Case: 2005230420186801
RE: Petition for relief

Per the subject liquidated damages case, dated 09/06/05, I have reviewed the entry summary for filing information and have attached copies from our file for your review.

GN3-9529262-8 was the subject of a denied alt cancellation request and received a delayed release date update from CBP on 04/27/05. We processed and successfully transmitted entry summary on 03/03/05 and paid the entry via statement 02305063150.

Based on the facts presented and the documents attached, we respectfully request the cancellation of the liquidated damages case (2005230420186801) in full.

Please do not hesitate to contact me directly if you have any questions or require further assistance. I can be reached at (734) 229-4224.

Thank you,

FedEx Trade Networks

Jennifer L. Cope

FMC OTI Lic. No. 0738N/F

RECEIVED
CBP
FP&F OFFICE
2006 SEP 25  PM 2: 50

**Redacted**

## DEPARTMENT OF THE TREASURY   ENTRY SUMMARY less
### UNITED STATES CUSTOMS SERVICE

| | | 1 Entry No<br>9529262-8 | 2 Entry Type Code<br>01 ABI/S   01 | 3 Entry Summary Date<br>04/2005   604 |
|---|---|---|---|---|
| GN3 | | | | |

Delphi Corporation
c/o FedEx Trade Networks (TRQC
13701 Atlanta Dr
Laredo TX 78045

| 4 Entry Date<br>02/21/2005 | 5 Port Code<br>2304 | |
|---|---|---|
| 6 Bond No<br>732 | 7 Bond Type Code<br>8   0031 | 8 Broker / Importer File No<br>5231002378 DEL |

| 9 Ultimate Consignee Name and Address | 10 Consignee No<br>609623566   38-343047300 | 11 Importer of Record Name and Address<br>151265238 | 12 Importer No<br>38-343047300 |
|---|---|---|---|

DELPHI CORPORATION - HQ
C/O DELPHI PACKARD ELECTRIC SYSTEMS
13701 MINES RD
LAREDO TX 78045

DELPHI CORPORATION - HQ
5725 DELPHI DRIVE
TROY MI 48098

TX

| 13 Exporting Country<br>MX | 14 Export Date<br>02/21/2005 |
|---|---|
| 15 Country of Origin<br>MX | 16 Missing Documents |
| 17 IT. No | 18 IT Date |

| 19 B/L or AWB No.<br>ATEGGN395292628 | 20 Mode of Transportation<br>30 | 21 Manufacturer I.D.<br>MXDELSISRAM | 22 Reference No. |
|---|---|---|---|
| 23 Importing Carrier | 24 Foreign Port of Lading<br>ATEG | 25 Location of Goods/G.O. No | |
| 26 US Port of Unlading<br>2304 | 27 Import Date<br>02/21/2005 | | |

| 28<br>Line No | 30 A. TS USA No.<br>B. ADA/CVD Case | 29 Description of Merchandise<br>31 A. Gross Weight<br>No. B. Manifest Qty | 32 Net Quantity in<br>TS USA Units | 33 A. Entered Value<br>B. CHGS<br>C. Relationship | 34 A. TS USA Rate<br>B. ADA/CVD Rate<br>C. IRC Rate<br>D. Visa No | 35 Duty and I R Tax<br>Dollars | Cents |
|---|---|---|---|---|---|---|---|
| 001<br>MX | M ATEGGN395292628<br>Auto Parts<br>Invoice Number - PTL9000198 02/21/05<br>BRAKE DRUM: DTH 8701-8705<br>8708.39.5020        9012<br>Value Reconciliation Flagged<br>P/N:18085238<br>I.V<br>E.V. | PCS<br><br><br><br><br>USD @   1.000000<br>As | NO | RELATED | FREE | 0.00 |

**Redacted**

Total Entered Value

TOJPORTH

| 36 Declaration of Importer of Record (Owner or Purchaser) or Authorized Agent | U.S. CUSTOMS USE | | TOTALS | |
|---|---|---|---|---|
| I declare that I am the<br>[X] importer of record and that the actual<br>owner, purchaser, or consignee for<br>customs purposes is as shown above.   OR [ ] owner or purchaser or<br>agent thereof.<br>I further declare that the merchandise<br>[ ] was obtained pursuant to a purchase or<br>agreement to purchase and that the<br>prices set forth in the invoice are true.   OR [ ] was not obtained pursuant to a<br>purchase or agreement to purchase<br>and the statements in the invoice<br>as to value or price are true to the<br>best of my knowledge and belief<br>[ ] I also include the Declaration for Returned<br>American Products on the back of this entry summary. | A. Liq Code | B. Ascertained Duty | 37 Duty | 0 00 |
| | C. Ascertained Tax | 38 Tax | 0 00 |
| | D. Ascertained Other | 39 Other | 0 00 |
| | E. Ascertained Total | 40 Total | 0 00 |
| I also declare that the statements in the documents herein   filed fully disclose to the best<br>of my knowledge and belief that the true prices, values,   quantities, rebates, drawbacks, fees,<br>commissions and royalties are true and correct, and that all  goods or services provided to the<br>seller of the merchandise either free or at a reduced cost are  fully disclosed. I will immediately<br>furnish to the appropriate customs officer any  information showing a different state of facts.<br><br>Notice Required by Paperwork Reduction Act of 1980: This   information is needed to insure that<br>importers / exporters are complying with U.S.Customs laws   to allow us to collect<br>the right amount of money, to enforce other agency   requirements, and to collect<br>accurate statistical information on imports. Your response is   mandatory. | 41 Signature of Declarant, Title and Date   Attorney-In-Fact<br>Marco Delicato, Delphi Corporatio 03/08/2005 | | | |

** Last Page **

Form 7501 (08/2002)

# Exhibit 2

| DEPARTMENT OF HOMELAND SECURITY<br>U.S. OF CUSTOMS AND BORDER PROTECTION | CASE NUMBER              F02<br>2005230420186901 |
|---|---|
| NOTICE OF PENALTY OR<br>LIQUIDATED DAMAGES INCURRED<br>AND DEMAND FOR PAYMENT | PORT CODE AND NAME<br>2304 LAREDO, TX<br><br>INVESTIGATION FILE NO. |
| 19 USC 1618, 19 USC 1623 | |
| DELPHI CORPORATION<br>PO BOX 5091<br>TROY                    MI    480075091<br><br>ID:  38343047300 | |

DEMAND IS HEREBY MADE FOR PAYMENT OF    $64,842.00, REPRESENTING
LIQUIDATED DAMAGES ASSESSED AGAINST YOU FOR VIOLATION OF LAW OR
REGULATION, OR BREACH OF BOND, AS SET FORTH BELOW:
ENTRY NUMBER: GN395360698   ENTRY DATE: 06/16/2005
SUMMARY DUE: 06/30/2005 BUT HAS NOT BEEN FILED.   NBR DAYS LATE: 0000
 AMOUNT DUE: $.00 (DUTY + ADD/CVD + TAXES + FEES)
FAILURE TO FILE ENTRY SUMMARY AND FAILURE TO PAY ESTIMATED DUTIES,
FEES, TAXES AND CHARGES.
MITIGATION WILL NOT BE CONSIDERED UNTIL THE ENTRY SUMMARY HAS BEEN
ACCEPTED WITH ESTIMATED DUTIES, FEES, TAXES AND CHARGES ATTACHED.

RECEIVED

Tax/Customs

| LAW OR REGULATION VIOLATED | BOND BREACHED |
|---|---|
| 19CFR142.12<br>19CFR113.62(B) | BOND TYPE:  1<br><br>BOND#: 990595071 |

| DESCRIPTION OF BOND: | FORM NUMBER: | AMOUNT: | DATE: |
|---|---|---|---|
| IMPORTER BROKER | 990595071 | $3,000,000.00 | 04/30/2005 |

NAME AND ADDRESS OF PRINCIPAL ON BOND DELPHI CORPORATION
 5725 DELPHI DRIVE, CUSTOMS/TAXES MC 480-410-228, TROY, MI 48098

| NAME AND ADDRESS OF SURETY ON BOND  RLI INSURANCE COMPANY | SURETY NO. |
|---|---|
| C/O C.A. SHEA, 720 PALISADE AVENUE, ENGLEWOOD CLIFFS, NJ 076| | 732 |

IF YOU FEEL THERE ARE EXTENUATING CIRCUMSTANCES, YOU HAVE THE RIGHT TO OBJECT
TO THE ABOVE ACTION.   YOUR PETITION SHOULD EXPLAIN WHY YOU SHOULD NOT BE
PENALIZED FOR THE CITED VIOLATION.   WRITE THE PETITION AS A LETTER OR IN
LEGAL FORM; SUBMIT IN (DUPLICATE ) ADDRESSED TO THE COMMISSIONER OF CUSTOMS
AND BORDER PROTECTION, AND FORWARD TO THE FP&F OFFICER AT:
 U.S. CUSTOMS SERVICE/ATTN:FPF, P.O. BOX 3130, LAREDO, TX 780443130
UNLESS THE AMOUNT HEREIN DEMANDED IS PAID OR A PETITION FOR RELIEF IS FILED
WITH THE FP&F OFFICER WITHIN THE INDICATED TIME LIMIT, FURTHER ACTION WILL
BE TAKEN IN CONNECTION WITH YOUR BOND OR THE MATTER WILL BE REFERRED TO THE
UNITED STATES ATTORNEY.

TIME LIMIT FOR PAYMENT OR FILING PETITION FOR RELIEF:
 60 DAYS FROM THE DATE OF THIS NOTICE

| SIGNATURE: | TITLE | DATE |
|---|---|---|
| ADRIANA GUARDIOLA<br>BY | FPF OFFICER 956-523-7300 | 09/06/2005<br>(09/06/2005) |

NOV. 1. 2005 10:10AM   FED EX

Jennifer L. Cope
Delphi Group Lead
Classification Operations

FedEx Trade Networks
6730 Middlebelt Rd.
Romulus, MI 48174

Phone: 734-229-4224
Fax: 734-229-4040
Email:
jennifer_cope@ftn.fedex.com


Trade Networks

October 7, 2005

U.S. Customs and Border Protection
Lincoln/Juarez Bridge, Admin Bldg. #2
Laredo, TX 78040

Attn: Adriana Guardiola, Fines, Penalties & Forfeitures

Subject: GN3-9536069-8
Case: 2005230420186901
RE: Petition for relief

Per the subject liquidated damages case, dated 09/06/05, I have reviewed the entry summary for filing information and have attached copies from our file for your review.

GN3-99536069-8 was released on 06/16/05. FTN successfully transmitted entry summary on 06/29/05 and presented the duty free entry summary to CBP on the 10th day 06/30/05.

| | |
|---|---|
| Release: | 06/16/05 -1st day |
| Entry Summary: | 06/29/05 - 9th day |
| Presentation: | 06/30/05 -10th day |

Based on the facts presented and the documents attached, we respectfully request the cancellation of the liquidated damages case (2005230420186901) in full.

Please do not hesitate to contact me directly if you have any questions or require further assistance. I can be reached at (734) 229-4224.

Thank you,

FedEx Trade Networks

Jennifer L. Cope

FMC OTI Lic. No. 0738N/F

Jennifer L. Cope
Delphi Group Lead
Classification Operations

FedEx Trade Networks
6730 Middlebelt Rd.
Romulus, MI 48174

Phone: 734-229-4224
Fax: 734-229-4040
Email:
jennifer_cope@ftn.fedex.com




Trade Networks

October 7, 2005

U.S. Customs and Border Protection
Lincoln/Juarez Bridge, Admin Bldg. #2
Laredo, TX 78040

Attn: Adriana Guardiola, Fines, Penalties & Forfeitures

Subject: GN3-9536069-8
Case: 2005230420186901
RE: Petition for relief

Per the subject liquidated damages case, dated 09/06/05, I have reviewed the entry summary for filing information and have attached copies from our file for your review.

GN3-99536069-8 was released on 06/16/05. FTN successfully transmitted entry summary on 06/29/05 and presented the duty free entry summary to CBP on the 10th day 06/30/05.

Release:            06/16/05 -1st day
Entry Summary:      06/29/05 - 9th day
Presentation:       06/30/05 -10th day

Based on the facts presented and the documents attached, we respectfully request the cancellation of the liquidated damages case (2005230420186901) in full.

Please do not hesitate to contact me directly if you have any questions or require further assistance. I can be reached at (734) 229-4224.

Thank you,

FedEx Trade Networks

Jennifer L. Cope

RECEIVED
CBP FP&F OFFICE
2005 SEP 25 PM 3:50

FMC OTI Lic. No. 0738N/F

**Redacted**

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

**ENTRY SUMMARY**

| | | |
|---|---|---|
| GN3 | ① Entry No. **9536069-8** | ② Entry Type Code **01 ABI/N** | 3. Entry Summary Date **06/16/2005**    604 |

Delphi Corporation
c/o FedEx Trade Networks (TRUC
13701 Atlanta Dr
Laredo TX 78045

| ④ Entry Date **06/16/2005** | ⑤ Port Code **2304** |
| ⑥ Bond No. **732** | ⑦ Bond Type Code **8** | 8. Broker/Importer File No. **0031    5231007650 DEL** |

9. Ultimate Consignee Name and Address    **609623566**
DELPHI CORPORATION - HQ
C/O DELPHI PACKARD ELECTRIC SYSTEMS
13701 MINES RD
LAREDO TX 78045

10. Consignee No. **38-343047300**

⑪ Importer of Record Name and Address    **151265238**
DELPHI CORPORATION - HQ
5725 DELPHI DRIVE
TROY MI 48098

⑫ Importer No. **38-343047300**

| ⑬ Exporting Country **MX** | 14. Export Date **06/16/2005** |
| ⑮ Country of Origin **Multi** | 16. Missing Documents |
| ⑰ I.T. No. | ⑱ I.T. Date |

**TX**
State

| ⑲ B L or AWB No. **ATEGGN395360698** | 20. Mode of Transportation **30** | 21. Manufacturer I.D. **MXENSDE200ANA** | 22. Reference No. |
| ㉓ Importing Carrier **ATEG** | 24. Foreign Port of Lading | 25. Location of Goods/G.O. No. |
| 26. U.S. Port of Unlading **2304** | ㉗ Import Date **06/16/2005** | |

| ㉘ Line No. | ㉙ Description of Merchandise | | | 33. A. Entered Value B. CHGS C. Relationship | 34. A. T.S.U.S.A. Rate B. ADA/CVD Rate C. I.R.C. Rate D. Visa No. | ㉟ Duty and I.R. Tax | |
|---|---|---|---|---|---|---|---|
| | 30. A. T.S.U.S.A. No. B. ADA CVD Case No. | 31. A. Gross Weight B. Manifest Qty. | 32. Net Quantity in T.S.U.S.A. Units | | | Dollars | Cents |
| | M ATEGGN395360698 Auto Parts | PCS | PCS | | | | |
| | Invoice Number - PTL2002486 06/16/05 | | | | | | |
| 001 MX O MX | IGNITION WIRE: VEHICLE,SHIP 8544.30.0000 | | | RELATED | FREE | | 0.00 |
| | Value Reconciliation Flagged P/N:13504379 | | | | | | |
| 002 MX O MX | IGNITION WIRE: VEHICLE,SHIP 8544.30.0000 | | | RELATED | FREE | | 0.00 |
| | Value Reconciliation Flagged P/N:13504422 | | | | | | |
| 003 MX O MX | IGNITION WIRE: VEHICLE,SHIP 8544.30.0000 | | | RELATED | FREE | | 0.00 |
| | Value Reconciliation Flagged | | | | | | |

**Redacted**

**RECEIPTED COPY**

Total Entered Value

㉟. Declaration of Importer of Record (Owner or Purchaser) or Authorized Agent

TOAPERRY

I declare that I am the
[X] Importer of record and that the actual owner, purchaser, or consignee for customs purposes is as shown above. OR
[ ] owner or purchaser or agent thereof.

I further declare that the merchandise
[X] was obtained pursuant to a purchase or agreement to purchase and that the prices set forth in the invoice are true. OR
[ ] was not obtained pursuant to a purchase or agreement to purchase and the statements in the invoice as to value or price are true to the best of my knowledge and belief.

I also declare that the statements in the documents herein filed fully disclose to the best of my knowledge and belief the true prices, values, quantities, rebates, drawbacks, fees, commissions, and royalties and are true and correct, and that all goods or services provided to the seller of the merchandise either free or at reduced cost are fully disclosed. I will immediately furnish to the appropriate customs officer any information showing a different state of facts.

| U.S. CUSTOMS USE | | TOTALS |
|---|---|---|
| A. Liq. Code | B. Ascertained Duty | ㊲ Duty 0.00 |
| | C. Ascertained Tax | ㊳ Tax 0.00 |
| | D. Ascertained Other | ㊴ Other 0.00 |
| | E. Ascertained Total | ㊵ Total 0.00 |

Notice required by Paperwork Reduction Act of 1980. This information is needed to ensure that importers / exporters are complying with U.S. Customs laws, to allow us to compute and collect the right amount of money, to enforce other agency requirements, and to collect accurate statistical information on imports. Your response is mandatory.

㊶ Signature of Declarant, Title, and Date    **Attorney-In-Fact**
**Marco Delicato, Delphi Corporatio 06/29/2005**

Customs Form 7501 (030984)

# GN3 ABI/N'S

RELEASE DATE 6/16/05
7TH DAY /    /
10TH DAY 6/30/05

| | FILE # | ENTRY # | TOTAL DUE | CHECK # | DATE SENT |
|---|---|---|---|---|---|
| 1 | 523/007650 | 95360 69-8 | 0 | — | 6-29-05 |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |

RECEIPTED COPY

TOTAL: $_____

## Exhibit 3

| DEPARTMENT OF HOMELAND SECURITY | CASE NUMBER F02 |
|---|---|
| U.S. OF CUSTOMS AND BORDER PROTECTION | 2006230420000901 |
| NOTICE OF PENALTY OR | PORT CODE AND NAME |
| LIQUIDATED DAMAGES INCURRED | 2304 LAREDO, TX |
| AND DEMAND FOR PAYMENT | |
| | INVESTIGATION FILE NO. |
| 19 USC 1618, 19 USC 1623 | |

| | |
|---|---|
| DELPHI CORPORATION PO BOX 5091 TROY          MI    480075091 | |
| ID:  38343047300 | NOTICE ONLY. NOT A DEMAND. SEND NO PAYMENT. |

DEMAND IS HEREBY MADE FOR PAYMENT OF      $1,000.00, REPRESENTING
LIQUIDATED DAMAGES ASSESSED AGAINST YOU FOR VIOLATION OF LAW OR
REGULATION, OR BREACH OF BOND, AS SET FORTH BELOW:
ENTRY NUMBER: GN395295464   ENTRY DATE: 03/14/2005
SUMMARY DUE: 03/28/2005   (E/ES) FILED: 02/06/2007   NBR DAYS LATE: 0680
AMOUNT DUE: $.00 (DUTY + ADD/CVD + TAXES + FEES)
ENTRY SUMMARY FILED; ESTIMATED DUTIES, FEES, TAXES AND CHARGES
PAID LATE.

| LAW OR REGULATION VIOLATED | BOND BREACHED |
|---|---|
| 19CFR113.62(L)(4 19CFR113.62(A)(1 | BOND TYPE:  1 BOND#: 460313452 |

| DESCRIPTION OF BOND: | FORM NUMBER: | AMOUNT: | DATE: |
|---|---|---|---|
| IMPORTER BROKER | 460313452 | $5,000,000.00 | 12/09/2003 |

NAME AND ADDRESS OF PRINCIPAL ON BOND DELPHI CORPORATION
PO BOX 5091, CUSTOMS/TAXES MC 480-410-228, TROY, MI 480075091

| NAME AND ADDRESS OF SURETY ON BOND   RLI INSURANCE COMPANY | SURETY NO. |
|---|---|
| C/O C.A. SHEA, 720 PALISADE AVENUE, ENGLEWOOD CLIFFS, NJ 076 | 732 |

IF YOU FEEL THERE ARE EXTENUATING CIRCUMSTANCES, YOU HAVE THE RIGHT TO OBJECT
TO THE ABOVE ACTION.   YOUR PETITION SHOULD EXPLAIN WHY YOU SHOULD NOT BE
PENALIZED FOR THE CITED VIOLATION.   WRITE THE PETITION AS A LETTER OR IN
LEGAL FORM; SUBMIT IN (DUPLICATE ) ADDRESSED TO THE COMMISSIONER OF CUSTOMS
AND BORDER PROTECTION, AND FORWARD TO THE FP&F OFFICER AT:
U.S. CUSTOMS SERVICE/ATTN:FPF, P.O. BOX 3130, LAREDO, TX 780443130
UNLESS THE AMOUNT HEREIN DEMANDED IS PAID OR A PETITION FOR RELIEF IS FILED
WITH THE FP&F OFFICER WITHIN THE INDICATED TIME LIMIT, FURTHER ACTION WILL
BE TAKEN IN CONNECTION WITH YOUR BOND OR THE MATTER WILL BE REFERRED TO THE
UNITED STATES ATTORNEY.

TIME LIMIT FOR PAYMENT OR FILING PETITION FOR RELIEF:
60 DAYS FROM THE DATE OF THIS NOTICE

| SIGNATURE: | TITLE | DATE |
|---|---|---|
| MARK A PACHECO BY *acoia Gharia* | ACTING FPF OFC 956-523-7300 | 03/12/2007 (03/07/2007) |

PO Box 3130
Laredo, TX 78044-3130

 **U.S. Customs and Border Protection**

ENF-4-L: F DEH
CN: 200623042000001
Collection Code: 326

Delphi Corporation
Attn: Chet K. Wilson
M/C 480-410-228
5825 Delphi Dr.
Troy, MI. 48098

Dear Mr. Wilson:

This will acknowledge your letter dated January 30, 2007, addressing the issues involving the case cited above.  The claim was assessed under the provisions of 19 C.F.R. 142.12, for failure to file the entry summary and pay the estimated duties, fees, taxes, and charges.

The facts and circumstances cited in your petition have been taken into consideration, and the documentation submitted has been reviewed.  A review of the facts involving the referenced case indicates that the entry summary has been file and the related fees paid.  The entry was converted to a late file and the option one amount of $217.00 issued and paid. In view thereof, the claim for liquidated damages is hereby considered closed.  This action is taken under the authority conferred in 19 C.F.R. 172.11.

Sincerely,

Mark A. Pacheco

Mark A. Pacheco
Fines, Penalties and
Forfeitures Officer

cc: RLI Insurance Co. c/o C.A. Shea, 720 Palisade Avenue, Englewood Cliffs, NJ