**Hearing Date:  April 22, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
       In re                              :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
               Reorganized Debtors.       :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
PROOF OF CLAIM NUMBER 6670 (EMHART TEKNOLOGIES LLC)

("SUPPLEMENTAL REPLY – EMHART TEKNOLOGIES LLC ")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 6670 (Emhart Teknologies LLC) (the "Supplemental Reply") and respectfully represent as follows:

Preliminary Statement

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronics Systems, Inc. ("Mechatronics") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.      On May 23, 2006, Emhart Teknologies LLC ("Emhart") filed proof of claim number 6670 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured non-priority claim in the amount of $293,357.43 for the sale of goods (the "Claim").

3.      On July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) (the "Nineteenth Omnibus Claims Objection").

4.      On September 4, 2007, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently

Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims Identified In Nineteenth Omnibus Claims Objection (Docket No. 9225) (the "Nineteenth Omnibus Claims Objection Order"), modifying the Claim to an aggregate amount of $188,345.08 (a) as an unsecured non-priority claim against DAS LLC in the amount of $150,416.31, (b) as an unsecured non-priority claim against Mechatronics in the amount of $10,800.00, and (c) as a priority claim against DAS LLC in the amount of $27,128.77 on account of Emhart's reclamation claim against the Debtors, subject to the Debtors' right to assert certain reserved defenses against such reclamation claim.[1]

       5.       On March 27, 2008, the Debtors objected to the Proof of Claim pursuant to the Debtors' Twenty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Disallow And Expunge Claims Due To Cure Payments And (B) Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 13270) (the "Twenty-Ninth Omnibus Claims Objection").

       6.       On April 23, 2008, Emhart filed the Response Of Emhart Teknologies, Inc. To The Debtors' Twentieth-Ninth Omnibus Claims Objection (Docket No. 13450) (the "Response").[2]

---

[1] On July 15, 2009, this Court entered the Order Under 11 U.S.C. § 546(c) And Amended Reclamation Procedures Order Classifying Reclamation Claims As General Unsecured Nonpriority Claims For All Purposes (Docket No. 18312) (the "Reclamation Order"), pursuant to which Emhart's priority claim in the amount of $27,128.77 against DAS LLC was reclassified as a general unsecured non-priority claim in the amount of $27,128.77 against DAS LLC.

[2] The Debtors note that Emhart has not filed a supplemental response to the Twenty-Ninth Omnibus Claims Objection. Pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims

*(cont'd)*

3

7. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered by this Court on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Pursuant to the Modified Plan, the certificate of formation of DAS LLC was amended and restated as DPH-DAS LLC and Mechatronics was converted into DPH Mechatronics Systems, LLC ("DPH Mechatronics"). Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

8. On February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 6670 (Emhart Teknologies LLC) (Docket No. 19439), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

9. On February 23, 2010, the Reorganized Debtors filed their Statement Of Disputed Issues With Respect To Proof Of Claim Number 6670 (Emhart Teknologies LLC) (Docket No. 19563) (the "Statement of Disputed Issues").[3]

---

*(cont'd from previous page)*
And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089), the deadline for Emhart to file a supplemental response was March 11, 2010.

[3] The Debtors also expressly incorporate the entire Statement of Disputed Issues into this Supplemental Reply.

4

Argument

10. Emhart has failed to provide sufficient evidence to support its claim and establish that the Debtors owe the liability asserted in the Proof of Claim or the Response.  The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) . In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) ("[C]laimant bears the initial burden of sufficiently alleging the claim and establishing facts to support a legal liability."); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

11. Even if the allegations in the Proof of Claim were sufficient to make a prima facie claim, the Reorganized Debtors have rebutted that claim by providing specific evidence refuting the validity of the Claim.  To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the claim's legal sufficiency." In re WorldCom, Inc.,  No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (citing  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-174 (3d Cir.1992)).  Here, the Debtors have refuted the allegations that are essential to the Claim. The burden therefore "reverts

5

to the claimant to prove the validity of the claim by a preponderance of the evidence.... The burden of persuasion is always on the claimant." <u>Id.</u>  Here, Emhart has not met that burden.

12.  Pursuant to the Nineteenth Omnibus Claims Objection Order and the Reclamation Order, the Claim has already been modified and reduced to an unsecured non-priority claim in the aggregate amount of $188,345.08.  Through the Twenty-Ninth Omnibus Claims Objection, the Debtors' seek further modifications that would reduce the allowed amount of the claim by an additional $11,329.95.  The bulk of this additional amount is attributable to payment of a portion of the amounts reflected in the Proof of Claim in connection with cure payments in the amount of $9,870.92 made pursuant to section 365 of the Bankruptcy Code (the "Cure Payments").  (<u>See</u> Decl. Of Dean Unrue In Supp. Of Debtors' Supplemental Reply, attached as <u>Exhibit A</u> hereto, at ¶ 5.)  Emhart admits receiving the Cure Payments.  (Response at ¶ 2.)  The remaining $1,459.03 relates to amounts that were already paid to Emhart pursuant to a $103,063.91 prepetition wire transfer on October 7, 2005, but which were inadvertently omitted from the Nineteenth Omnibus Claims Objection.  (Unrue Decl. at ¶ 6.)

13.  Other than the Proof of Claim, the only support that Emhart has provided for the Claim is the Response, which maintains that Emhart is entitled to the full amount of $293,357.43 asserted in the Proof of Claim.  The Response, however, does not provide any additional evidence of the amounts asserted in the Proof of Claim.  Instead, the Response indicates Emhart's belief that there are grounds for modifying the Nineteenth Omnibus Objection Order pursuant to Federal Rule of Bankruptcy Procedure 9024.  The Reorganized Debtors, however, find such allegations spurious and vehemently deny that any basis exists for modifying the Nineteenth Omnibus Claims Objection Order as it pertains to the Claim.  It has been more than thirty months since the Court entered the Nineteenth Omnibus Claims Objection Order and

6

almost two years since Emhart filed the Response, yet Emhart has so far determined not to pursue any relief with respect to the Nineteenth Omnibus Claims Objection Order. Should Emhart request modification of the Nineteenth Omnibus Claims Objection Order, the Reorganized Debtors reserve their rights to challenge such relief.

14. For all the reasons discussed above, the Debtors are not liable to Emhart for anything greater than general unsecured non-priority claims in the amounts of $166,215.13 and $10,800.00 against DPH-DAS LLC and DPH Mechatronics, respectively.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) reducing the Proof of Claim to a general unsecured non-priority claim against DPH-DAS LLC in an amount not to exceed $166,215.13 and a general unsecured non-priority claim against DPH Mechatronics in an amount not to exceed $10,800.00 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        March 25, 2010

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

                By:  /s/ John Wm. Butler, Jr.
                    John Wm. Butler, Jr.
                    John K. Lyons
                    Ron E. Meisler
                155 North Wacker Drive
                Chicago, Illinois 60606

                   - and -

                By:  /s/ Kayalyn A. Marafioti
                    Kayalyn A. Marafioti
                Four Times Square
                New York, New York 10036

                Attorneys for DPH Holdings Corp., et al.,
                    Reorganized Debtors

# Exhibit A

                     **Hearing Date:  April 22, 2010**
                 **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                 :
  In re             :   Chapter 11
                 :
DPH HOLDINGS CORP., et al.,   :   Case No. 05-44481 (RDD)
                :
      Reorganized Debtors. :   (Jointly Administered)
                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

    DECLARATION OF DEAN UNRUE IN SUPPORT OF REORGANIZED DEBTORS'
  SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF CLAIM NUMBER 6670
           <u>(EMHART TEKNOLOGIES LLC)</u>

      ("UNRUE DECLARATION – EMHART TEKNOLOGIES LLC")

Dean Unrue declares as follows:

1. DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors"), are the successors to Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), debtors and debtors-in-possession in these Chapter 11 cases. I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Number 6670 (Emhart Teknologies LLC) (the "Supplemental Reply"). Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, and my experience with and knowledge of Delphi's relationship with Emhart Teknologies LLC ("Emhart"). If I were called upon to testify, I could and would testify to the facts set forth herein.

3. Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against the Debtors in these Chapter 11 cases. I am responsible for, among other things, overseeing the investigation into and reconciliation of Emhart's proof of claim number 6670 (the "Claim"). I have drawn the following conclusions relevant to the Claim:

Review Of The Claim

4. My staff routinely begins the investigation into a proof of claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

5. After reconciling the Emhart claim, Delphi objected to the claim on the Nineteenth Omnibus Claims Objection seeking to reduce the claim by $101,604.88 for a wire

2

transfer paid to Emhart on October 7, 2005 and by $3,407.47 for invoices claimed for which no proofs of delivery were provided. As a result of the Omnibus Objection, the claim was Ordered Modified to $188,345.08.

   6. On March 7, 2008, we issued payments, as required under section 365 of the Bankruptcy Code, to non-Debtor contract counterparties, including Emhart, to cure the undisputed defaults on the contracts (the "Cure Payment"). In the course of my team's claims-reconciliation effort, we determined that the Cure Payment that Emhart received in the amount of $9,870.92 corresponds to amounts asserted in the Proof of Claim.

   7. As a result of the Cure Payment, my team determined that the Claim should be further reduced by the amount of the Cure Payment, and Delphi objected to the claim again on the Twenty-Ninth Omnibus Claims Objection seeking to modify the amount of the Claim to $178,474.16. After Emhart filed the Response, the Twenty-Ninth Omnibus Claims Objection was adjourned with respect to the Claim.

   8. In addition, as part of further reconciliation of the claim, my team determined that amounts relating to the October 7, 2005, wire transfer were inadvertently omitted from the Nineteenth Omnibus Claims Objection. Delphi's records indicate that the correct amount of the wire transfer was $103,063.91. Accordingly, the Reorganized Debtors now seek to correct this oversight by reducing the Claim by an additional $1,459.03 to $177,015.13.

3

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on March 25, 2010 in Troy, Michigan.

*/s/ Dean Unrue*
Dean Unrue