Roger L. Tarbutton (RT-9000)
Assistant Johnson County Counselor
Johnson County Legal Department
111 S. Cherry, Suite 3200
Olathe, KS 66061-3441
(913) 715-1900
Fax (913) 715-1873
Counsel for the Board of County Commissioners
Johnson County, Kansas

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| DPH HOLDINGS, CORP., | ) | Case No. 05-44481 (RDD) |
| et al. | ) | |
| | ) | |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors | ) | |

**RESPONSE OF JOHNSON COUNTY, KANSAS, TO REORGANIZED DEBTOR'S**
**FORTY-SIXTH OMNIBUS OBJECTION**

Comes now the Board of County Commissioners of Johnson County, Kansas (the

"Board") by and through counsel, and files its response to the Reorganized Debtor's Forty-

Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 to (I)

Disallow and Expunge Certain Administrative Expense (A) Books and Records Claims, (B)

Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State

Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred

Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, and (I)

Severance Claims, (II) Disallow and Expunge (A) A Certain Duplicate Workers'

Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers Compensation Claims And (B) Workers' Compensation Claims' And (IV) Allow Certain Administrative Expense Severance Claims (the "Objection").  In support of its Response, the Board states as follows:

1.)    The Board is the governing body of Johnson County, Kansas, a political subdivision of the state of Kansas pursuant to K.S.A. § 19-101.

2.)    On October 8 and 14, 2005, (the "Petition Date") Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 and title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

3.)    On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order") on January 25, 2008, and the order became final on February 4, 2008.

4.)    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) ("Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (Docket No. 16646) (the "Motion Supplement"). that sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"),

DPHRESP.DOC                                        2

(ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. The Court entered an order approving the Modified Plan (Docket No. 18707) (the "Modification Approval Order") on July 30, 2009.

5.)    On October 6, 2009, (the "Effective Date"), the Debtors substantially consummated the Modified Plan and closed the transaction under the Master Disposition Agreement, dated as of July 30, 2009, by and among Delphi, GM Component Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto.  The reorganized Debtors have emerged from reorganization as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration of these Chapter 11 cases.

6.)    Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Order entered June 16, 2009 (Docket No. 17032), the Court established July 15, 2009, as the administrative claim bar date for the filing claims for administrative expenses incurred from the period of commencement through June 1, 2009.

7.)    Delphi Automotive Systems LLC (one of Debtor's bankrupt entities) owned two real estate parcels (Parcel Nos. DF231335-4001 and DF231335-4057) in Johnson County, Kansas (hereinafter referred to as the "Property"), both of which were assessed ad valorem real estate taxes for tax year 2009.  In Kansas, real estate tax obligations are assessed and incurred as of January 1 of the applicable tax year although the taxes are not due and payable until November 1. See, In re Prairie Mining, Inc., 194 B.R. 255 (Bankr. Dist.

Kansas 1996). Pursuant to K.S.A. 79-1804 a statutory tax lien securing payment of the 2009 taxes attached to the Property on November 1, 2009. A copy of K.S.A. §79-1804 is attached hereto as Exhibit "A". Pursuant to K.S.A. §79-1804 and K.S.A. §79-419, Johnson County's tax lien primes all other liens against the Property. Although the lien did not attach until after the Petition Date, 11 U.S.C. §362(b)(18) allows for post petition attachment and perfection of a statutory tax lien that secures payment of an ad valorem tax or special assessment.

8.)     On June 25, 2009, Johnson County filed a secured administrative expense claim (Claim No. 16910) in the estimated amount of $43,174.88 for Debtors 2009 ad valorem real estate taxes. A copy of Claim No. 16910 is attached hereto as Exhibit "B". Johnson County estimated the amount of the claim (based upon prior year tax liability) because the actual amount of the 2009 taxes had not been determined prior to the bar date and the 2009 tax bills were not issued until after the bar date.

9.)     The Debtor's 2009 real estate tax obligations for parcels DF231335-4057 and DF231335-4001 became due and payable in the amounts of $9,289.05 and $33,845.58 respectively on November 1, 2009. According to the County Treasurer, the Debtor paid the first half of these 2009 ad valorem tax obligations on December 22, 2009. See copies of tax receipts issued by the Johnson County Treasurers Office attached hereto as Exhibit "C". Taking these payments into account, the current outstanding balances due and owing on the parcels are $4,644.52 and $16,922.79 respectively for a total of $21,567.31. See attached copies of current 2009 real estate tax statements attached hereto as Exhibit "D".

Pursuant to Kansas law, although these amounts are currently due and payable they are

DPHRESP.DOC                                    4

not yet delinquent provided they are paid on or before May 10, 2010.

10.)    Paragraph 12 of Debtor's Objection states that, "...the Administrative Claims set forth on Exhibit H hereto because they were asserted by certain taxing authorities for tax liabilities not reflected on the Reorganized Debtor's books and records,...." Claim No. 16910 was included on Exhibit H attached to the Objection.

11.)    However, as indicated in Paragraph 9, the Debtor was well aware of the amount of the 2009 ad valorem tax obligation that was due and owing to Johnson County because it paid the first half of these taxes in December of 2009.

WHEREFORE PREMISES STATED, the Board prays that its administrative expense claim be allowed in the secured amount of $21,567.31 plus any interest accruing thereon at the statutory rate provided under Kansas law and for such further and additional relief as the Court determines equitable.


Respectfully submitted,


 /s/ Roger L. Tarbutton
Roger L. Tarbutton  (RT 9000)
Assistant Johnson County Counselor
Johnson County Legal Dept.
111 S. Cherry St., Suite 3200
Olathe, KS 66061-3441
(913) 715-1900
Fax (913) 715-1873
ATTORNEY FOR JOHNSON COUNTY
BOARD OF COUNTY COMMISSIONERS


DPHRESP.DOC

## CERTIFICATE OF SERVICE

I, Roger L. Tarbutton, hereby certify that the above and foregoing **RESPONSE OF JOHNSON COUNTY, KANSAS, TO REORGANIZED DEBTOR'S FORTY-SIXTH OMNIBUS OBJECTION** was served electronically through the electronic Court filing system (ECF) and hardcopies were deposited postage prepaid in the United States mail on April 1, 2010, to the following addresses:

          DPH Holdings Corp.
          Attn: President
          5725 Delphi Dr.
          Troy, MI 48098

          Skadden, Arps, Slate, Meagher & Flom LLP
          Attn: John Wm. Butler, Jr., John K. Lyons,
          Michael W. Perl
          155 North Wacker Dr., Suite 2100
          Chicago, IL  60606

          Honorable Robert D. Drain
          United States Bankruptcy Judge
          United States Bankruptcy Court for the
          Southern District of New York
          Hon. Charles L. Brieant Jr. Federal Building and Courthouse
          300 Quarropas St. Courtroom 118
          White Plains, New York 10601-4140

                        /s/ Roger L. Tarbutton
                        Roger L. Tarbutton (RT9000)

DPHRESP.DOC
6