UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
     In re                                 :         Chapter 11
:
DPH HOLDINGS CORP., et al.,      :         Case No. 05-44481 (RDD)
:
            Reorganized Debtors.    :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
EXPUNGING CERTAIN ADMINISTRATIVE EXPENSE (A) SEVERANCE
CLAIMS, (B) BOOKS AND RECORDS CLAIMS, (C) DUPLICATE CLAIMS,
(D) PENSION AND BENEFIT CLAIMS, AND (E) TRANSFERRED WORKERS'
COMPENSATION CLAIMS, (II) MODIFYING AND ALLOWING CERTAIN
ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS, AND (III) ALLOWING
<u>CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS</u>

("FORTY-FIFTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims,

(B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E)

Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative

Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims

(the "Forty-Fifth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and

certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the

"Reorganized Debtors"); and upon the record of the hearing held on the Forty-Fifth Omnibus

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Fifth Omnibus Claims Objection.

Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.   Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C, D, E, F, and G hereto was properly and timely served with a copy of the Forty-Fifth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Forty-Fifth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Fifth Omnibus Claims Objection.  No other or further notice of the Forty-Fifth Omnibus Claims Objection is necessary.

B.   This Court has jurisdiction over the Forty-Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Fifth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Fifth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.   The Administrative Claims listed on Exhibit A are Administrative Claims filed by claimants asserting liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid (the "Severance Claims").

D.   The Administrative Claims listed on Exhibit B assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records (the "Books And Records Claims").

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

    E. The Administrative Claims listed on <u>Exhibit C</u> are duplicative of other Administrative Claims (the "Duplicative Claims").

    F. The Administrative Claims listed on <u>Exhibit D</u> assert Claims for liabilities in connection with the Debtors' pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Debtors are not liable (the "Pension And Benefit Claims").

    G. The Administrative Claims listed on <u>Exhibit E</u> were filed by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims").

    H. The Administrative Claims listed on <u>Exhibit F</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors in which the amounts asserted in such Administrative Claims are overstated (the "Modified And Allowed Severance Claims").  Each such Modified And Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

    I. The Administrative Claims listed on <u>Exhibit G</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors that assert liabilities or dollar amounts that match the Reorganized Debtors' books and records (the "Allowed Severance Claims").  Each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed

3

Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

    J.  Exhibit I hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits F and G hereto.  Exhibit J hereto sets forth each of the Administrative Claims referenced on Exhibits A, B, C, D, E, F, and G in alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of administrative expense number and (ii) basis of objection.

    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Each Severance Claim listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

    2.  Each Books And Records Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

    3.  Each Duplicate Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

    4.  Each Pension And Benefit Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

    5.  Each Transferred Workers' Compensation Claim listed on Exhibit E hereto is hereby disallowed and expunged in its entirety.

    6.  Each Modified And Allowed Severance Claim listed on Exhibit F hereto is hereby modified to reflect the amount, classification, and Debtor listed in the "Claim As Modified" column of Exhibit F.  The allowed amount of each such Modified And Allowed

4

Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Modified And Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Modified And Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

7. Each Allowed Severance Claim listed on Exhibit G hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column on Exhibit G. The allowed amount of each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Allowed Severance Claims are to be paid by and/or are the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

8. With respect to each Administrative Claim for which a Response to the Forty-Fifth Claims Objection has been filed and served listed on Exhibits H-1, H-2, and H-3, and which Response has not been resolved by the parties, the hearing regarding the objection to such Administrative Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

9. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further

5

object to Administrative Claims that are the subject of the Forty-Fifth Omnibus Claims Objection, except as such claims may have been settled and allowed.

        10.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Fifth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

        11.      Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Fifth Omnibus Claims Objection and attached hereto as <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, and <u>G</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Fifth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

12. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.

Dated: White Plains, New York
April 5, 2010

_/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE