UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
       In re                                  :     Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,          :     Case No. 05-44481 (RDD)
                                            :
                Reorganized Debtors. :     (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOFS OF CLAIM NOS. 10959 AND
<u>10960 FILED BY HERAEUS AMERSIL, INC. A/K/A HERAEUS TENEVO</u>

("ORDER REGARDING CLAIMS FILED BY HERAEUS AMERSIL, INC.
A/K/A HERAEUS TENEVO")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"[1]), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") objected to proofs of

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings subscribed to them in the Reorganized Debtors' Supplemental Reply to Response of Certain Claimants to Debtors' Objections to (A) Proofs of Claim Nos. 10959 and 10960 Filed by Heraeus Amersil, Inc. a/k/a Heraeus Tenevo and (B) Proofs of Claim Nos. 11643 and 11644 Filed by Milliken & Company (Docket No. 19604).

claim numbers 10959 and 10960 filed by Heraeus Amersil, Inc. a/ka/ Heraeus Tenevo ("Heraeus"); and upon Heraeus's Response To The Debtors' Second Omnibus Objection To Claims And Third Omnibus Objection To Claims (Docket No. 5652) (the "Heraeus Response"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proofs Of Claim Nos. 10959 And 10960 Filed By Heraeus Amersil, Inc. a/k/a Heraeus Tenevo And (B) Proofs Of Claim Nos. 11643 And 11644 Filed By Milliken & Company (Docket No. 19604) (the "Supplemental Reply," and together with the Third Omnibus Claims Objection and the Heraeus Response, the "Pleadings"); and upon the record of the March 18, 2010 sufficiency hearing held on the Third Omnibus Claims Objection to the proofs of claim numbers 10959 and 10960; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

B.    Heraeus, the holder of proofs of claim numbers 10959 and 10960, was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Claims Objection Procedures Order, the proposed

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

2

order with respect to the Third Omnibus Claims Objection, the notice of the deadline for responding to the Third Omnibus Claims Objection, the Sufficiency Hearing Notice, and the Supplemental Reply.

        C.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        D.      For the reasons stated by this Court at the March 18, 2010 hearing, Heraues has failed to sufficiently plead a <u>prima facie</u> claim; therefore, proofs of claim numbers 10959 and 10960 should be disallowed and expunged in their entirety.

        E.      The relief requested in the Third Omnibus Claims Objection and the Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.      Proofs of claim numbers 10959 and 10960 are hereby disallowed and expunged in their entirety.

        2.      Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in these chapter 11 cases, or to further object to Claims that are the subject of the Third Omnibus Claims Objection, on any grounds whatsoever.

      3.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

      4.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       April 5, 2010

                                       _/s/ Robert D. Drain_____
                                       UNITED STATES BANKRUPTCY JUDGE

4