UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                       :    Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :    Case No. 05-44481 (RDD)
                                        :
        Reorganized Debtors.   :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 3007 DISALLOWING AND EXPUNGING PROOF OF
CLAIM NUMBER 9221 FILED BY AUDREY AMORT CARBRERA

("CLAIMS OBJECTION ORDER REGARDING PROOF OF CLAIM
NO. 9221 FILED BY AUDREY AMORT CARBRERA")

Upon the Reorganized Debtors' Twenty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification And Modified Claim Asserting Reclamation (Docket No. 12686) (the "Twenty-Sixth Omnibus Claims Objection" or the "Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of claim number 9221 filed by Audrey Amort Carbrera (the "Claimant"); and upon Audrey Amort Carbrera's response to the Twenty-Sixth Omnibus Claims Objection (Docket No. 13131) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors'

Objections To Proof Of Claim No. 7054 Filed By Joyce L. Skillman, Proof Of Claim No. 9221 Filed By Audrey Amort Carbrera, Proof Of Claim No. 10830 Filed By Saundra L. Hamlin, Proof Of Claim No. 11375 Filed By Jeffrey A. Miller, Administrative Expense Claim No. 16967 Filed By Dwight L. Goodin, Administrative Expense Claim No. 18614 Filed By William E. Cross, And Administrative Expense Claim No. 19162 Filed By Scott A. McBain (Docket No. 19605) (the "Supplemental Reply"); and upon the record of the March 18, 2010 sufficiency hearing held on the Objection to proof of claim number 9221; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Audrey Amort Carbrera, the holder of proof of claim number 9221, was properly and timely served with a copy of the Twenty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Twenty-Sixth Omnibus Claims Objection, and notice of the deadline for responding to the Twenty-Sixth Omnibus Claims Objection.

    B.    The Claimant submitted the Response.

    C.    On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989,

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

      D.    The Claimant was properly and timely served with a copy of the Supplemental Reply.

      E.    This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      F.    The Claimant has failed to sufficiently plead a _prima facie_ claim; therefore, proof of claim number 9221 should be disallowed and expunged in its entirety.

      G.    The relief requested in the Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.    Proof of claim number 9221 is hereby disallowed and expunged in its entirety.

      2.    Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in these chapter 11 cases, or to further object to claims that are the subject of the Objection on any grounds whatsoever.

      3.    Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

4. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Objection to hear and determine all matters arising from the implementation of this order.

5. Each Claim and the objections by the Debtors to each Claim addressed in the Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to the Claim addressed hereby. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered by the Objection.

6. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
April 5, 2010

_/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE