UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
   In re                               :   Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :   Case No. 05-44481 (RDD)
                                        :
        Reorganized Debtors.        :   (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 6991
FILED BY FHBC AMERICA, INC. AND SUBSEQUENTLY
TRANSFERRED TO CONTRARIAN FUNDS, LLC AND
<u>IDENTIFIED IN EIGHTH OMNIBUS CLAIMS OBJECTION</u>\


("CLAIMS OBJECTION ORDER REGARDING
A CERTAIN DUPLICATE CLAIM")

Upon the Debtors' Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims (Docket No. 6962) (the "Eighth Omnibus Claims Objection" or the "Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), objected to proof of claim number 6991 (the "Duplicate Claim") filed by FHBC America, Inc. ("FHBC America") and subsequently transferred to Contrarian Funds, LLC ("Contrarian" and together with FHBC America, the "Claimants"); and upon the Response Of Contrarian Funds, LLC To Debtors'

Eighth And Ninth Omnibus Claims Objections (Docket No. 7276); and upon the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proof Of Claim No. 6991 Filed By FHBC America, Inc. And Subsequently Transferred To Contrarian Funds LLC (Docket No. 19606) (the "Supplemental Reply"); and upon the record of the March 18, 2010 sufficiency hearing held on the Objection to the Duplicate Claim; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A. Contrarian, the holder of proof of claim number 6991, was properly and timely served with a copy of the Eighth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Eighth Omnibus Claims Objection.

B. Contrarian submitted the Response to the Objection .

C. On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the

"Sufficiency Hearing Notice").

      D.      The Claimants were properly and timely served with a copy of the

Supplemental Reply.

      E.      This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§

157 and 1334.  The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these

cases and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      F.      The Duplicate Claim is in fact a duplicate of, and superseded by, claim

number 16386; therefore, the Duplicate Claim should be disallowed and expunged in its entirety.

      G.      The relief requested in the Eighth Omnibus Claims Objection is in the best

interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

      1.      Proof of claim number 6991 is hereby disallowed and expunged in its

entirety as duplicative of proof of claim number 16386.  Any rights between Contrarian and

FHBC America with respect to proof of claim number 16386 are preserved as between those

parties.

      2.      Entry of this order is without prejudice to the Reorganized Debtors' right

to object to any claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in these

chapter 11 cases, or to further object to claims that are the subject of the Eighth Omnibus Claims

Objection, on any grounds whatsoever.

      3.      Nothing contained herein shall constitute, nor shall it be deemed to

constitute, the allowance of any claim asserted against any of the Debtors.

4. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Eighth Omnibus Claims Objection, as the case may be, to hear and determine all matters arising from the implementation of this order.

5. Each Claim and the objections by the Debtors to each Claim addressed in the Eighth Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to the Claim addressed hereby. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

6. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
April 5, 2010

_/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE