UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
            In re                             :    Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                                              :    (Jointly Administered)
                                              :
            Reorganized Debtors.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND (d) AND FED. R. BANKR. P. 3007
TO (I) MODIFY AND ALLOW (A) CERTAIN MODIFIED AND ALLOWED CLAIMS,
(B) A PARTIALLY SATISFIED CLAIM, AND (C) CERTAIN PARTIALLY SATISFIED
SCHEDULED LIABILITIES, (II) DISALLOW AND EXPUNGE (A) CERTAIN FULLY
SATISFIED SCHEDULED LIABILITIES, (B) CERTAIN MDL-RELATED CLAIMS,
(C) CERTAIN PERSONAL INJURY CLAIMS, AND (D) A DUPLICATE CLAIM,
(III) PRESERVE REORGANIZED DEBTORS' OBJECTION TO CERTAIN
(A) PREFERENCE-RELATED CLAIMS AND (B) PREFERENCE-RELATED
SCHEDULED LIABILITIES, AND (IV) MODIFY CERTAIN SERP-RELATED
SCHEDULED LIABILITIES

("FORTY-FOURTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And

(d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed

Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities,

(II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-

Related Claims, (C) Certain Personal Injury Claims, And (D) A Duplicate Claim, (III) Object To

Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And

(IV) Modify Certain SERP-Related Scheduled Liabilities (the "Forty-Fourth Omnibus Claims

Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), dated February 3, 2010; and upon the record of the hearing held on the Forty-Fourth Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.   Each holder of a claim, as such term is defined in 11 U.S.C. § 101(5) (as to each, a "Claim"), listed on Exhibits A, B, C, D, E, F, G, H, I, J, K-1, K-2, K-3, K-4, K-5, and K-6 hereto was properly and timely served with a copy of the Forty-Fourth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order granting the Forty-Fourth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Fourth Omnibus Claims Objection.  No other or further notice of the Forty-Fourth Omnibus Claims Objection is necessary.

B.   This Court has jurisdiction over the Forty-Fourth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Fourth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Fourth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Fourth Omnibus Claims Objection.

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

C.      The Claims listed on <u>Exhibit A</u> assert liabilities or dollar amounts that the Reorganized Debtors propose to modify and allow so that the amount, class, and the Debtor against which each such Claim is proposed to be allowed matches the Reorganized Debtors' books and records (the "Modified And Allowed Claims").

D.      The Claim listed on <u>Exhibit B</u> asserts dollar amounts that have been previously modified by a prior order and have been partially satisfied by Cure Payments made by the Reorganized Debtors (the "Partially Satisfied Claim"). The Reorganized Debtors propose to further modify and allow this Claim so that the amount and the Debtor against which such Claim is proposed to be allowed matches the Reorganized Debtors' books and records.

E.      The Scheduled Liabilities listed on <u>Exhibit C</u> have been partially satisfied by Cure Payments made by the Reorganized Debtors (the "Partially Satisfied Scheduled Liabilities"). The Reorganized Debtors propose to modify and allow these Scheduled Liabilities so that the amount in which such Scheduled Liabilities are proposed to be allowed match the Reorganized Debtors' books and records.

F.      The Scheduled Liabilities listed on <u>Exhibit D</u> are those Scheduled Liabilities that have been fully satisfied by Cure Payments made by the Reorganized Debtors and therefore are not owing pursuant to the Reorganized Debtors' books and records (the "Fully Satisfied Scheduled Liabilities").

G.      The Claims listed on <u>Exhibit E</u> assert dollar amounts or liabilities that relate to claims of loss, damage, reimbursement, contribution, or indemnification arising out of or relating to that certain multidistrict litigation resolved pursuant to the MDL Settlement and (i) are deemed waived and withdrawn pursuant to the MDL Settlement and (ii) to the extent each such Claim is not deemed withdrawn pursuant to the MDL Settlement or this Court's orders

705851.07-Chicago Server 1A      MSW - Draft March 29, 2010 - 12:14 AM

approving the MDL Settlement, asserts liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "MDL-Related Claims").

   H.  The Claims listed on <u>Exhibit F</u> are Claims that assert dollar amounts or liabilities arising from certain personal injury claims that (i) do not have a legal basis to support the Claim and/or (ii) are not owing pursuant to the Reorganized Debtors' books and records (the "Personal Injury Claims").

   I.  The Claim listed on <u>Exhibit G</u> (the "Duplicate Claim") is a Claim that is duplicative of another Proof of Claim (the "Surviving Claim").  The Surviving Claim is listed on <u>Exhibit A</u> as a Modified And Allowed Claim and asserts dollar amounts that the Reorganized Debtors propose to modify and allow so that the amount, class, and the Debtor against which the Surviving Claim is proposed to be allowed matches the Reorganized Debtors' books and records.

   J.  The Claims listed on <u>Exhibit H</u> are Claims asserted by Avoidance Defendants in Avoidance Actions brought by the Debtors and/or the Reorganized Debtors and are subject to potential disallowance pursuant to section 502(d) of the Bankruptcy Code (the "Preference-Related Claims").

   K.  The Claims listed on <u>Exhibit I</u> are those Scheduled Liabilities held by Avoidance Defendants in Avoidance Actions brought by the Debtors and/or the Reorganized Debtors and are subject to potential disallowance pursuant to section 502(d) of the Bankruptcy Code (the "Preference-Related Scheduled Liabilities").

   L.  The Scheduled Liabilities listed on <u>Exhibit J</u> are Scheduled Liabilities owed in connection with the SERP that the Reorganized Debtors propose to modify so that the amount in which each such Scheduled Liability is proposed to be modified matches the Reorganized Debtors' books and records (the "SERP-Related Scheduled Liabilities").

4

M. <u>Exhibit M</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, and <u>J</u>. <u>Exhibit M</u> sets forth each of the Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E</u>, <u>F</u>, <u>G</u>, <u>H</u>, <u>I</u>, <u>J</u>, <u>K-1</u>, <u>K-2</u>, <u>K-3</u>, <u>K-4</u>, <u>K-5</u>, and <u>K-6</u> in alphabetical order by Claimant and cross-references each such Claim by (i) proof of claim number and (ii) basis of objection.

N. The Objection with respect to proof of claim number 6610 filed by PBR Columbia LLC and held in part by PBR Columbia LLC and Special Situations Investing Group, Inc. was withdrawn by the Reorganized Debtors.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each Modified And Allowed Claim listed on <u>Exhibit A</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit A</u>.

2. The Partially Satisfied Claim listed on <u>Exhibit B</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit B</u>.

3. Each Partially Satisfied Scheduled Liability listed on <u>Exhibit C</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column of <u>Exhibit C</u>.

4. Each Fully Satisfied Claim listed on <u>Exhibit D</u> hereto is hereby disallowed and expunged in its entirety.

5

5. Each MDL-Related Claim listed on <u>Exhibit E</u> hereto is hereby disallowed and expunged to the extent such Claim was not deemed withdrawn pursuant to the MDL Settlement or this Court's orders approving the MDL Settlement.

6. Each Personal Injury Claim listed on <u>Exhibit F</u> hereto is hereby disallowed and expunged in its entirety.

7. The Duplicate Claim listed on <u>Exhibit G</u> hereto is hereby disallowed and expunged in its entirety.

8. The Reorganized Debtors' objection to each Preference-Related Claim listed on <u>Exhibit H</u> hereto pursuant to section 502(d) of the Bankruptcy Code is hereby deemed preserved pending the conclusion of the Avoidance Action related to such Preference-Related Claim, subject to the rights of each holder of a Preference-Related Claim listed on <u>Exhibit H</u> hereto pursuant to section 502(j) of the Bankruptcy Code.

9. The Reorganized Debtors' objection to each Preference-Related Scheduled Liability listed on <u>Exhibit I</u> hereto pursuant to section 502(d) of the Bankruptcy Code is hereby deemed preserved pending the conclusion of the Avoidance Action related to such Preference-Related Scheduled Liability, subject to the rights of each holder of a Preference-Related Scheduled Liability listed on <u>Exhibit I</u> hereto pursuant to section 502(j) of the Bankruptcy Code.

10. Each SERP-Related Scheduled Liability listed on <u>Exhibit J</u> hereto is hereby modified to reflect the amount listed in the "Claim As Modified" column of <u>Exhibit J</u>.

11. With respect to each Claim for which a Response to the Forty-Fourth Claims Objection has been filed and served listed on <u>Exhibits K-1</u>, <u>K-2</u>, <u>K-3</u>, <u>K-4</u>, <u>K-5</u>, and <u>K-6</u> and which Response has not been resolved by the parties, the hearing regarding the objection to such Claim shall be adjourned to a future date to be noticed by the Reorganized Debtors

consistent with and subject to the Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedures Order.

12. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other claims in these chapter 11 cases or to further object to Claims that are the subject of the Forty-Fourth Omnibus Claims Objection except as such claims may have been settled and allowed.

13. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Forty-Fourth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

14. Each of the objections by the Reorganized Debtors to each Claim addressed in the Forty-Fourth Omnibus Claims Objection and attached hereto as Exhibits A, B, C, D, E, F, G, H, I, and J constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Claim that is the subject of the Forty-Fourth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

15. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
April 5, 2010

                                          /s/ Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE