UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
    In re                          :    Chapter 11
                              :
DPH HOLDINGS CORP., et al.,    :    Case No. 05-44481 (RDD)
                              :
        Reorganized Debtors. :    (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
MODIFYING AND ALLOWING PROOF OF CLAIM NUMBER 16805
<u>IDENTIFIED IN THIRTIETH OMNIBUS CLAIMS OBJECTIONS</u>

("CLAIMS OBJECTION ORDER REGARDING A CERTAIN
SERP CLAIM FILED BY CHARLES K. VEENSTRA")

Upon the Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13823) (the "Thirtieth Omnibus Claims Objection" or the "Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") objected to proof of claim number 16805 filed by Charles K. Veenstra (the "Claimant"); and upon the Veenstra Response To Debtors' Thirtieth Omnibus Claims Objection (Docket No. 13948) (the "Response"); and upon the record of the March 18, 2010 hearing held on the

Objection to proof of claim number 16805 (the "Claim"); and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.  Charles K. Veenstra, the holder of proof of claim number 16805, was properly and timely served with a copy of the Thirtieth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirtieth Omnibus Claims Objection, and notice of the deadline for responding to the Thirtieth Omnibus Claims Objection.

B.  On January 12, 2010, the Reorganized Debtors filed the Notice Of Hearing With Respect To Debtors' Objection To Proof Of Claim No. 16805 (Charles K. Veenstra) (Docket No. 19305) (the "Claims Objection Hearing Notice").

C.  On January 20, 2010, the Reorganized Debtors filed their Statement Of Disputed Issues With Respect To Proof Of Claim Number 16805 (Charles K. Veenstra) (Docket No. 19345) (the "Statement Of Disputed Issues").

D.  The Claimant was properly and timely served with a copy of the Supplemental Reply.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

    E. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    F. The Claim referenced herein should be modified and allowed in the amount of $167,939.67 as a general unsecured non-priority claim against Delphi Corporation.

    G. The relief requested in the Thirtieth Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. Proof of claim number 16805 is hereby modified and allowed in the amount of $167,939.67 as a general unsecured non-priority claim against Delphi Corporation.

    2. Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5), in these chapter 11 cases, or to further object to claims that are the subject of the Thirtieth Omnibus Claims Objection, on any grounds whatsoever.

    3. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

    4. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirtieth Omnibus Claims Objection, as the case may be, to hear and determine all matters arising from the implementation of this order.

    5. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

3

Dated: White Plains, New York
      April 5, 2010

                                    /s/ Robert D. Drain_____
                                    UNITED STATES BANKRUPTCY JUDGE