UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                           :    Chapter 11
                                    :
DPH HOLDINGS CORP., <u>et al.</u>,        :    Case No. 05-44481 (RDD)
                                    :
        Reorganized Debtors.    :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 11911
FILED BY MICHAEL POTTER

("CLAIMS OBJECTION ORDER REGARDING CLAIM FILED BY MICHAEL POTTER")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection" or the "Objection") of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), by which the Debtors objected to proof of claim number 11911 filed by Michael Potter (the "Claimant"); and upon Michael Potter's response to the Third Omnibus Claims Objection (Docket No. 5927); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof Of Claim No. 11911 Filed by Michael Potter And Administrative

1

Expense Claim No. 18603 Filed By Lance W. Weber (Docket No. 19607) (the "Supplemental Reply"); and upon the record of the March 18, 2010 sufficiency hearing held on the Objection to proof of claim number 11911; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.   Michael Potter, the holder of proof of claim number 11911, was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and notice of the deadline for responding to the Third Omnibus Claims Objection.

B.   Michael Potter submitted a response to the Third Omnibus Claims Objection (Docket No. 5927).

C.   On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

D.  On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

E.  The Claimant was properly and timely served with a copy of the Supplemental Reply.

F.  This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

G.  Proof of claim no. 11911 referenced herein is not entitled to a distribution under the Modified Plan because either (i) it should be disallowed and expunged in its entirety to the extent it asserts an equity interest or (ii) it is premised upon a claim based upon the purchase or sale of stock in any of the Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code.

H.  The relief requested in the Third Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  Proof of claim number 11911 is hereby not entitled to a distribution under the Modified Plan because either (i) it is disallowed and expunged in its entirety to the extent it

asserts an equity interest or (ii) it is premised upon a claim based upon the purchase or sale of stock in any of the Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code.

2. Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5)(each, a "Claim"), in these chapter 11 cases, or to further object to claims that are the subject of the Third Omnibus Claims Objection on any grounds whatsoever.

3. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

4. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

5. Each Claim and the objections by the Debtors to each Claim addressed in the Third Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to the Claim addressed hereby. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered by the Third Omnibus Claims Objection.

6. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
April 5, 2010

_/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE