Hearing Date:    April 22, 2010 @ 10:00 A.M. ET
Objection Deadline: April 9, 2010 @ 4:00 P.M. ET

**TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.**
425 Park Avenue, 5th Floor
New York, New York 10022
Phone:    (212) 754-9400
Facsimile:  (212) 754-6262
jgrubin@tnsj-law.com
Janice B. Grubin
Roger K. Marion
Sarah J. Greenberg

*Counsel for Auramet Trading, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>　　　　　　　Debtors, | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |
| DELPHI CORPORATION, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　- against -<br><br>AURAMET TRADING, LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 07-02130 (RDD) |

**OBJECTION OF AURAMET TRADING LLC REGARDING REORGANIZED
DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER ESTABLISHING
PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

Auramet Trading, LLC ("Auramet"), the defendant in the above-captioned adversary proceeding (the "Action"), by and through its undersigned counsel, Todtman, Nachamie, Spizz & Johns, P.C., submits this objection to Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings (the "Case Management Motion") and respectfully states as follows:

### Preliminary Statement

1. The Case Management Motion is strikingly similar in many respects to the four motions concerning avoidance actions previously filed under seal by Delphi Corporation and certain of its affiliated debtors (collectively, the "Debtors") in 2007, 2008 and 2009, requesting, among other things, extensions to serve process in this Action and other avoidance adversary proceedings (the "Avoidance Actions").[1] The similarities arise because the Debtors' supporting allegations are self-serving and repugnant, and fail to address the substantial prejudice that will continue to be foisted upon Auramet if this Court were to grant the requested discovery limitations.

2. While Auramet concurs that a case management order is appropriate for properly commenced Avoidance Actions, Auramet objects to the nature and degree of the limitations set forth by Debtors in their proposed case management order (the "Proposed Order"). These severe limitations would prevent Auramet from adequately defending the Action – consisting of causes of action to avoid and recover twelve purported transfers (the "Purported Transfers") in the aggregate amount of $10,584,940.74 pursuant to sections 547 and 550 of Title 11 (the "Bankruptcy Code") – assuming the Action goes forward.[2]

3. Prior to and after filing their Chapter 11 petitions, Debtors and Auramet

---

[1] Auramet was not served until March 19, 2010, more than two years after the February 5, 2008 expiration of the original 120 day period for service.

[2] Auramet plans to file a motion to dismiss.

255129                                                             2

purchased from and sold to each other commodities to accommodate the Debtors' need for precious metals used in their catalytic converter operations. Thus, as a threshold matter, the Purported Transfers are protected by the safe harbor of Bankruptcy Code § 546(e) and may not be avoided. Additionally, the Purported Transfers are overstated and, in some cases, erroneously listed due to a complete misunderstanding of the relationship between Auramet and the Debtors.

4. In primarily seeking to limit the scope of discovery, the Case Management Motion should not be approved in its current form as to Auramet because of the large monetary amount at issue and the number of challenged transfers in the Action.

## Background

5. On October 8, 2005 and October 14, 2005, the Debtors each filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code, and their cases were subsequently jointly administered.

6. By Order entered on August 16, 2007, the Court granted the Debtors' motion, filed under seal, to commence the Avoidance Actions under seal and extend the time by which the Debtors were to serve process (the "Service of Process Deadline") for almost sixty (60) days beyond the 120-day statutory deadline, or March 31, 2008.

7. Prior to the expiration of the avoidance statute of limitations deadline in October, 2007, the Debtors filed 742 Avoidance Actions, including the Action.

8. By Orders entered on March 28, 2008, April 30, 2008 and October 22, 2009, the Court granted the Debtors' three motions, filed under seal, for an open-ended extension of the Service of Process Deadline until 180 days after substantial consummation of a modified plan of reorganization.

9. On March 19, 2010, the Debtors served the Action by mailing copies of the

Summons, dated March 12, 2010, and the complaint, dated September 26, 2007 (the "Complaint"), to Auramet and its registered agent for service. Auramet received the Complaint on March 22, 2010 and again, on March 26, 2010, from its registered agent.

10. The Complaint seeks the avoidance and recovery of the Purported Transfers -- twelve transfers totaling $10,584,940.74 -- pursuant to sections 547 and 550 of the Bankruptcy Code.

11. On March 17, 2010, prior to serving the Complaint upon Auramet, Debtors filed the Case Management Motion.

12. By letter dated March 31, 2010, Auramet explained to the Debtors that the Complaint was barred by section 546(e) of the Bankruptcy Code, pointed out errors in the Purported Transfers and requested a meeting. To date, there has been no response.

### Objection

13. Auramet has grave concerns regarding the procedures incorporated into the Debtors' Proposed Order as it strongly prejudices its ability to adequately defend the Action, assuming the Action goes forward. By restricting Auramet's access to information through limited disclosure, Auramet cannot properly rebut the Debtors' claims. For these reasons, Auramet respectfully submits that the Proposed Order should not be approved by the Court in its current form and should be modified with respect to Auramet, as set forth below.

14. Paragraph 2 of the Proposed Order dispenses with discovery plans; however, discovery plans are essential to the orderly administration of party discovery. Therefore, a discovery plan should be agreed between Debtors and Auramet, at minimum, and exchanged by a date certain.

15. Paragraph 3 of the Proposed Order seeks to omit initial disclosures: these

disclosures are essential to identify the witnesses and the electronic information and other documents at issue. Thus, omitting initial disclosures is highly and unduly prejudicial to Auramet because it effectively secrets the identification and location of such witnesses and discoverable materials and compromises Auramet's ability to defend itself.

16. Paragraph 6 of the Proposed Order, seeking to limit requests for the production of documents to twenty, is highly inappropriate. Parties are generally not limited in such requests. *See*, Fed. R. Bankr. P. 7034. In the Action, over $10,500,000 is alleged to be recoverable from twelve Purported Transfers. The inequity of so large a claim being allotted only twenty requests, which is less than a typical document request in the most miniscule action, is clear. Such a limitation would be highly and unduly prejudicial to Auramet. Although streamlining may be deemed appropriate in single-transaction or low-value actions, it is inappropriate in this Action, with multiple challenged transactions bearing a high aggregate value. If a uniform limitation is needed for streamlining procedures, it should be akin to twenty-five document requests, plus five for each additional alleged transaction above ten to a maximum of thirty-five document requests. That way, a uniform Order can account for the wide variety of Avoidance Actions to which it would be applied.

17. Paragraph 8 of the Proposed Order, seeking to bar requests for admissions until the end of fact discovery, is highly inappropriate to the Action, and highly prejudicial to the its orderly and efficient administration. Requests for admissions, pursuant to Fed. R. Bankr. P. 7036, are perhaps the most cost and time effective means to determine which issues are contested, and which issues are agreed to, between the parties. Thus, it focuses otherwise broad discovery onto the real issues in an efficient manner. Such a tool is clearly best employed at the outset of discovery. Paragraph 8 of the Proposed Order, however, seeks to bar

requests for admission until *after* fact discovery, rendering it useless, and requiring discovery on many issues that are uncontested. Therefore, paragraph 8 will enlarge discovery, *un*-streamline the discovery process, and will increase both the volume and the costs of discovery to both the Debtors and the defendants.

18. Paragraph 9 of the Proposed Order, seeking to limit each party to only ten interrogatories, is also extremely inappropriate. Parties are generally permitted twenty-five interrogatories, even for the smallest and insignificant of claims. *See*, Fed. R. Bankr. P. 7033. In the Action, over $10,500,000 is alleged to be recoverable from twelve Purported Transfers. The inequity of so large a claim being allotted *less than* a single question per alleged transaction, let alone any questions to identify discoverable evidence or establish the safe harbor exception or any defenses, is palpable. If a uniform limitation is needed for streamlining procedures, it should be akin to ten interrogatories for the first transaction in issue, plus five for each additional alleged transaction over ten, to a maximum of twenty-five interrogatories. That way, a uniform Order can account for the wide variety of Avoidance Actions adversary to which it would be applied.

19. Likewise, paragraph 10 of the Proposed Order, seeking to limit the number of requests for admission to thirty, is highly and unduly prejudicial. It is appropriate, pursuant to Fed. R. Bankr. P. 7036(a)(1)(B), to authenticate all documents regarding each transaction alleged. Even if there are only two documents per transaction, such authentication would swallow twenty-four of the thirty proposed admissions before any other facts are alleged. It is also appropriate, pursuant to Fed. R. Bankr. P. 7036(a)(1)(A), to inquire about the facts at issue, but only six questions would remain, which is only one for every-other transaction. As with the issues of interrogatories and requests for production of documents, whereas the

limitation may be deemed appropriate in single-transaction or low-value actions, it is inappropriate here in the Action with multiple transactions and a high aggregate value. There is no limit to the number of requests for admission in Rule 7036, but if a limitation is needed for streamlining, it should akin to thirty *plus* five per transaction in issue. That way a uniform Order can equitably account for the wide variety of Avoidance Actions to which it would be applied while permitting the requests for admission to narrow the issues in discovery as they were designed to do.

20.  Auramet expressly reserves all of its rights to supplement this Objection o;r assert any objection at the Case Management Motion hearing. Nothing contained herein shall be deemed or construed as a waiver or admission against interest against Auramet with respect to the Case Management Motion, the Action, or otherwise, all of which are hereby expressly reserved in all respects and in their entirety.

**WHEREFORE**, Auramet respectfully requests that the Court deny the relief requested in the Case Management Motion unless modified as set forth herein and grant such other and further relief that the Court deems just and proper.

Dated: New York, New York
April 9, 2010

    Respectfully submitted,

    TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.

    By: _s/ Janice B. Grubin_
        Janice B. Grubin

    425 Park Avenue, 5th Floor
    New York, New York 10022
    Phone: (212) 745-9400
    Facsimile: (212) 754-6262
    jgrubin@tnsj-law.com

    Counsel for Auramet Trading, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing *Objection Auramet Trading, LLC Regarding Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings* was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via ECF and Facsimile to the party identified below:

Butzel Long
380 Madison Avenue, 22nd Floor
New York, New York 10017
**Attention:** Eric B. Fisher, Esq.

Dated: New York, New York
April 9, 2010

/s/ Janice B. Grubin
Janice B. Grubin

255129                                                    8