ANDREWS KURTH LLP
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

      - and -

SNELL & WILMER L.L.P.
Steven D. Jerome (AZ Bar #018420)
A. Evans O'Brien (AZ Bar #026521)
One Arizona Center
400 E. Van Buren
Phoenix, Arizona  85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

Counsel to Microchip Technology Incorporated


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re:                                                         :      Chapter 11
                                                               :
DELPHI CORPORATION, *et al*.,                                  :      Case No. 05-44481 (RDD)
                                                               :      Jointly Administered
---------------------------------------------------------------x
DELPHI CORPORATION                                             :
                                                               :      Adv. Pro. No. 07-02436 (RDD)
                                        Plaintiffs,            :
                                                               :
                          -against-                            :
                                                               :
MICROCHIP,                                                     :
                                                               :
                                        Defendant.             :
---------------------------------------------------------------x

**LIMITED OBJECTION OF MICROCHIP TECHNOLOGY INCORPORATED TO
REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER
ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**

Microchip Technology Incorporated ("Microchip"), by and through its undersigned

counsel, respectfully submits the following limited objection ("Objection") to the Reorganized

NYC:210565.2
NYC:210565.2  11394937

Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary

Proceedings ("Case Management Motion") and respectfully states as follows.

## PRELIMINARY STATEMENT

1.      Microchip is not opposed to the entry of a case management order that will

streamline procedures to facilitate the efficient resolution of this matter.  However, Microchip

objects to Paragraphs 3, 4, 8, and 9 of the proposed Case Management Order because they

(a) unduly limit the discovery available to Microchip, (b) impose unnecessary procedural hurdles

that threaten the parties' due process and appellate rights, and (c) could prolong discovery in this

adversary proceeding because of delays in other, unrelated Retained Adversary Proceedings.

2.      Consequently, Microchip respectfully requests that the Court deny the Plaintiffs'

Case Management Motion.

## BACKGROUND

3.      On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary

petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary

petitions for relief under Chapter 11 of the Bankruptcy Code.

4.      On September 28, 2007, Plaintiffs commenced the instant adversary proceeding

by filing the Complaint under seal with the Clerk. The Complaint seeks to recover, pursuant to

Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Microchip in the

aggregate amount of $1,527,621.87.

5.      Microchip was served with the Complaint on or about February 18, 2010, over

four years after the commencement of the underlying bankruptcy cases.

6.      On March 15, 2010, Microchip filed that certain Motion by Microchip

Technology Incorporated Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr.

P. 9024 Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings,

Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or

549, and Extending the Time to Serve Process for Such Adversary Proceedings, (II) Pursuant to

Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with

Prejudice, or (III) in the Alternative, Dismissing the Adversary on the Ground of Judicial

Estoppel ("Motion to Dismiss") in this adversary proceeding, as well as in the underlying jointly-

administered bankruptcy case.

7.       Plaintiffs filed the Case Management Motion on March 18, 2010.

8.       Pursuant to that certain First Notice of Adjournment of Hearing of Motion by

Microchip Technology Incorporated Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed.

R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures for Certain Adversary

Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545,

547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings,

(II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary

Proceeding with Prejudice, or (III) in the Alternative, Dismissing the Adversary on the Ground

of Judicial Estoppel dated March 22, 2010, Plaintiffs' deadline to respond to the Motion to

Dismiss is April 6, 2010.   On or about March 23, 2010, Microchip agreed to extend the

Plaintiffs' deadline for filing its response to the Motion to Dismiss to April 26, 2010.

## ARGUMENT

### I.   THE CASE MANAGEMENT MOTION UNDULY SEEKS TO LIMIT THE AMOUNT AND TYPE OF DISCOVERY AVAILABLE TO MICROCHIP

9.       As an initial matter, Microchip objects to Paragraph 3 of the proposed Case

Management Order, which would exempt all parties from the initial disclosure requirements of

Fed. R. Bankr. P. ("Bankruptcy Rule") 7026(a)(1).  Plaintiffs have known about this Complaint

for over two years and have had ample time to prepare and compile the disclosures required by

Rule 26(a)(1).  As a result, it is unclear how they would be prejudiced in any way by being

required to provide initial disclosures to Microchip.  After all, Plaintiffs will eventually have to

provide the discovery required by Fed. R. Civ. P. ("Rule") 26(a)(1) whether as initial disclosures

or through some other discovery mechanism.  Accordingly, there is no justification for

exempting Plaintiffs from the initial disclosure requirements of Rule 26(a)(1).

10.    Paragraph 3 of the proposed Case Management Order is even more objectionable

and overreaching when read in conjunction with Paragraph 9 of the proposed order, which

proposes a limit of ten (10) interrogatories.  Not only is this less than half of the presumptive

limit allowed pursuant to Rule 33, the practical effect of this limitation would be highly

prejudicial to Microchip.  Specifically, Paragraph 9, coupled with Paragraph 3, would require

Microchip to utilize many, if not all, of its allotted interrogatories to discover information that

the Plaintiffs would otherwise be required to provide as part of their Rule 26(a)(1) initial

disclosures.  Thus, if the Case Management Motion is granted, Microchip will effectively be

stripped of the ability to obtain discovery through the use of Rule 33 interrogatories.

11.    Plaintiffs cite Rule 16(a) as the source of authority for the Case Management

Motion.  The *full* text of Rule 16(a) states:

> In any action, the court may order the attorneys and any
> unrepresented parties to appear for one or more pretrial
> conferences for such purposes as:
>
> > (1) expediting disposition of the action;
> > (2) establishing early and continuing control so that the
> > case will not be protracted because of lack of management;
> > (3) discouraging wasteful pretrial activities;
> > (4) **improving the quality of the trial through more
> > thorough preparation**; and

(5) facilitating settlement.

(emphasis added). Notably, Plaintiffs have deleted any reference to Rule 16(a)(4) in their citation of Rule 16(a). The reason for this is apparent. Nothing in the proposed Case Management Order would have the effect of "improving the quality of the trial through more thorough preparation." Instead, Plaintiffs' only concern appears to be reducing their discovery burden at the expense of Microchip's thorough preparation. However, Microchip's ability to engage in discovery and to develop its defenses should not be limited simply because Plaintiffs have elected to prosecute all 177 of the Retained Adversary Proceedings within a condensed timeframe.

12.     Read in conjunction with one another, Paragraphs 3 and 9 would effectively require Microchip to burn all of its allotted interrogatories to obtain the information it should receive automatically by virtue of Rule 26(a)(1), thereby depriving Microchip of a valuable discovery device. Plaintiffs have provided no justification for effectively stripping Microchip of the ability to use interrogatories in this matter. Consequently, the Court should deny Plaintiffs' Case Management Order.

**II.    PARAGRAPH 4 OF THE PROPOSED CASE MANAGEMENT ORDER SEEKS TO IMPOSE AN UNNECESSARY PROCEDURAL HURDLE AND JEOPARDIZES THE PARTIES' DUE PROCESS AND APPELLATE RIGHTS**

13.     Paragraph 4 of the proposed Case Management Order would require all parties to all of the Retained Adversary Proceedings to seek Court approval before filing any motion. It is unclear what justification, if any, Plaintiffs have for proposing this rule and what interest, if any, would be furthered by its inclusion in these proceedings. Instead, this provision would induce delay and consume the parties' (and the Court's) time with unnecessary telephonic conferences. For example, there are 177 Retained Adversary Proceedings. Assuming that a motion for

210565.2

11394937

- 5 -

summary judgment is filed in each case, the Court will have to hear a minimum of 177 telephone conferences. Certainly any provision that would require 177 unnecessary conferences is not a one that will "establish streamlined procedures to facilitate the efficient resolution" of the Retained Adversary Procedures.

14.    Furthermore, Paragraph 4 jeopardizes the parties' due process and appellate rights. In essence, this paragraph would require the parties to make an oral motion with the Court before filing any written motion. If the oral motion is then denied, the moving party would be left with no written record on which to base a potential appeal. Accordingly, because Paragraph 4 is cumbersome, inherently inefficient, and threatens to deprive the parties of due process and appellate rights, the Court should deny the Case Management Motion.

## III. DELAYING THE PARTIES' ABILITY TO SERVE REQUESTS FOR ADMISSIONS UNTIL ALL OTHER FACT DISCOVERY IN EACH RETAINED ADVERSARY PROCEEDING IS COMPLETE SERVES NO PURPOSE AND WILL UNNECESSARILY PROLONG LITIGATION

15.    Without providing any justification for doing so, Plaintiffs seek to place service of requests for admissions pursuant to Bankruptcy Rule 7034 on a timeline separate from all other discovery mechanisms. Specifically, Paragraph 8 of the proposed Case Management Order would prevent parties from serving requests for admission until "thirty (30) days after the close of all other fact discovery in each Retained Adversary Proceeding … ." In other words, no party to *any* of the 177 Retained Adversary Proceedings may serve a request for admission until "all other fact discovery" has closed in *all* 177 Retained Adversary Proceedings. Put another way, the speed of discovery in each of the 177 Retained Adversary Proceedings will ultimately be limited by the speed of discovery in the slowest of all 177 Retained Adversary Proceedings. This provision is unnecessary and directly contradicts the stated purpose of the Case Management Motion.

16.     Plaintiffs contend that the goal of the Case Management Motion is "to establish streamlined procedures to facilitate the efficient resolution of the adversary proceedings … ."  In particular, Plaintiffs rely on Rule 16(a)(1) for the proposition that the Court may enter the proposed Case Management Order for the purpose of "expediting disposition of the action." However, Paragraph 8 of the proposed Case Management Order would clearly have the effect of delaying the close of discovery in all but the slowest of the 177 Retained Adversary Proceedings. In other words, the effect of Paragraph 8's proposal to link the service of requests for admissions in this case with all of the other Retained Adversary Proceedings is antithetical to the stated purpose of the Case Management Motion and Rule 16(a)(1).

17.     Moreover, as a practical matter, the Plaintiffs fail to explain how Microchip would be notified that "all other fact discovery" has closed in all 177 of the Retained Adversary Proceedings.  And what happens if the close of "all other fact discovery" in all 177 of the Retained Adversary Proceedings does not take place until within 30 days of December 1, 2011, the proposed close of discovery for all matters?  Does that mean that Microchip can never serve Plaintiffs with a request for admissions?  Neither the Case Management Motion nor the proposed Case Management Order answers these questions.

18.     For these reasons, Microchip objects to Paragraph 8 of the proposed Case Management Order and requests that the Court deny the Case Management Motion.

## CONCLUSION

19.     Although Microchip is not opposed to the entry of an order setting forth certain discovery procedures and deadlines, the Case Management Order as proposed cannot be approved.  Specifically, Microchip objects to Paragraphs 3, 4, 8, and 9 of the proposed Case Management Order.  These provisions (a) unduly limit the discovery available to Microchip,

(b) impose unnecessary procedural hurdles that threaten the parties' due process and appeallate

rights, and (c) could prolong discovery in this adversary proceeding because of delays in other,

unrelated Retained Adversary Proceedings.    Accordingly, the Court should deny the Case

Management Motion.

**WHEREFORE**, Microchip respectfully requests that the Court deny approval of the

Case Management Motion and grant such other and further relief as it deems appropriate.

Dated:  April 9, 2010

<div style="margin-left:30%;">

ANDREWS KURTH LLP

By:     /s/ Jonathan I. Levine
        Jonathan I. Levine (JL 9674)
        450 Lexington Avenue, 15th Floor
        New York, New York 10017
        Telephone: (212) 850-2800
        Facsimile: (212) 850-2929

        -and -

        SNELL & WILMER L.L.P.
        Steven D. Jerome (AZ Bar #018420)
        A. Evans O'Brien (AZ Bar #026521)
        One Arizona Center
        400 E. Van Buren
        Phoenix, Arizona  85004
        Telephone: (602) 382-6000
        Facsimile: (602) 382-6070
        Counsel to Microchip Technology Incorporated

</div>

:210565.2

11394937