BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DELPHI CORPORATION, *et al.* | ) | No. 05-44481 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | |
| | ) | Adv. Pro. No. 07-02135-rdd |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTO CAMM, | ) | |
| | ) | |
| Defendant. | ) | |

**AUTOCAM CORPORATION'S OBJECTION TO DEBTORS'
CASE MANAGEMENT MOTION AND JOINDER IN (A) LIMITED
OBJECTION OF MICROCHIP TECHNOLOGY INCORPORATED
TO REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT
ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS; AND (B) OBJECTION OF AURAMET TRADING LLC
REGARDING DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER
<u>ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS</u>**

Autocam Corporation ("Autocam"), by and through its undersigned counsel, hereby

objects to the Debtors' Motion for a Case Management Order dated March 17, 2010, and joins in

the Objections of Microchip Technology Incorporated ("Microship") and Auramet Trading LLC

("Auramet") to the Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings (the "Case Management Motion"). In support of this Objection and Joinder, Autocam states as follows:

1. Autocam Corporation is a business corporation organized and existing under the laws of the State of Michigan and maintains its corporate headquarters in Kentwood, Michigan and is a "Tier II" automotive supplier. "Autocam Corporation" is its true and correct corporate name.

2. On October 8, 2005, Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. Autocam was a party with the Debtors to purchase orders and long term agreements (collectively, the "Supply Agreements") for the manufacture and sale of automotive components and systems. After confirmation of the Debtor's modified plan of reorganization, the Supply Agreements were subsequently assigned to GM Components LLC after such Agreements were assumed by the Debtors.

4. During the course of the Debtors' Chapter 11 cases, Autocam performed its obligations under the Supply Agreements.

5. On August 6, 2007, the Debtors filed a motion seeking to establish certain procedures for adversary proceedings (the "Procedures Motion") which requested, among other things, that (i) the time to serve summonses and complaints be extended, (ii) the adversary proceedings subject to the motion be stayed until service of process was effectuated, and (iii) the Debtors be permitted to file adversary complaints under seal. This Court entered an order approving the Procedures Motion (the "Procedures Order") on August 16, 2007.

2

6. Upon information and belief, on or about September 26, 2007, the Debtors filed with this Court under seal a Complaint against an entity identified only as "Auto Camm" seeking, among other things, to avoid and recover alleged preferential transfers pursuant to section 547 and 550 of the Bankruptcy Code (the "Complaint").  The Complaint does not contain any other information concerning "Auto Camm", *e.g.*, its state or country of organization, its mailing address and the like.  The Clerk of this Court has assigned number 07-02135-rdd to this adversary proceeding (the "Auto Camm Adversary Proceeding").

7. On February 28, 2008, the Debtors filed a motion to extend (the "First Motion to Extend") the time for service of the summonses and complaints subject to the Procedures Order. In the Motion to Extend, the Debtors expressly identified certain parties subject to the extension. Autocam, however, was not one of the parties identified.  The relief requested in the First Motion to Extend was granted pursuant to this Court's Order dated March 28, 2008.

8. The Debtors thereafter filed additional, similar motions with this Court seeking extensions of the time for service of the summonses and complaints subject to the Procedures Order (the "Additional Motions to Extend").  Autocam was not identified in the Additional Motions to Extend.  The relief requested in these Additional Motions was thereafter granted pursuant to separate orders subsequently entered by this Court.

9. Upon information and belief, this Court issued its Summons identifying "Auto Camm" as the defendant in the Auto Camm Adversary Proceeding on March 25, 2010.  On Friday, April 2, 2010, Autocam received by mail the Summons and Complaint seeking recovery of $3,602,058.74 in alleged preferences.

10. Autocam had no prior notice of this suit until April 2, 2010, despite the filing of the Complaint on September 26, 2007.

3

11. Despite having not served Autocam with the Complaint, Debtors filed the Case Management Motion applicable to the Auto Camm Adversary Proceeding. Debtors did not serve Autocam with a copy of this motion (and still have not). Nor was Autocam given the opportunity to meet and confer with opposing counsel to establish a reasonable case management plan for the parties, as contemplated by rule. *See* Fed. R. Bankr. P. 7026(f).

12. A number of parties including Microchip and Auramet, have filed additional objections to the Case Management Motion.

13. Upon review of the objections filed by Microchip and Auramet, Autocam also joins in all arguments made therein and incorporates such arguments by reference in this Objection and Joinder.

14. Autocam reserves all of its rights related to and defenses to the claims asserted in the Complaint including, but not limited to, those based upon statutes of limitations, judicial estoppel, other principles of estoppel, laches, waiver and release.

## **WAIVER OF MEMORANDUM**

15. Autocam respectfully requests that this Court waive the requirement contained in Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted because the issues raised in this Joinder are not novel. To the extent that this Court determines that a memorandum of law is required, Autocam requests that it be allowed to submit one at a date to be determined by the Court.

4

5

WHEREFORE, Autocam respectfully requests that this Court enter an order (i) denying all the relief requested in the Case Management Motion; and (ii) granting such other and further relief as may be just and proper under the circumstances.

| | |
|---|---|
| Dated:  April 12, 2010<br>        Grand Rapids, Michigan | BARNES & THORNBURG LLP<br>Counsel to Autocam Corporation<br><br>By:    /s/Patrick E. Mears<br>        Patrick E. Mears (PM-6473)<br>Business Address:<br>171 Monroe Avenue, NW<br>Suite 1000<br>Grand Rapids, Michigan  49503<br>Telephone:  (616) 742-3936<br>Facsimile:  (616) 742-3999<br>Email:  pmears@btlaw.com |

GRDS01 398893v2