**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
|   | : | (Jointly Administered) |
|       Reorganized Debtors. | : |   |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOFS OF CLAIM
NUMBERS 15584, 15585, 15586, 15587, 15588, AND 15595 FILED BY HYUNDAI
MOTOR COMPANY AND (B) PROOFS OF CLAIM NUMBERS 15589, 15590, 15591,
15592, 15593, AND 15594 FILED BY HYUNDAI MOTOR AMERICA

("SUPPLEMENTAL REPLY REGARDING
CERTAIN CONTINGENT CUSTOMER WARRANTY CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proofs Of Claim Numbers 15584, 15585, 15586, 15587, 15588, And 15595 Filed by Hyundai Motor Company And (B) Proofs of Claim Numbers 15589, 15590, 15591, 15592, 15593, And 15594 Filed By Hyundai Motor America (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1.  On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.  On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, And 15595 (Docket No. 19726) (the "First Sufficiency Hearing Notice").

4.  On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017,

2

And 20054 (Docket No. 19735) (the "Second Sufficiency Hearing Notice" and collectively with the First Sufficiency Hearing Notice, the "Sufficiency Hearing Notice").

5.      The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

6.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

---

[1] Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

3

7. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**</u>

B.  <u>Relief Requested</u>

8. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed by Hyundai Motor Company ("HMC") or Hyundai Motor America ("HMA," and together with HMC, "Hyundai") asserting contingent claims for potential breaches of contracts with the Debtors.

C.  <u>Contingent Breach Of Contract Claims</u>

9. During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim numbers 15584, 15585, 15586, 15587, 15588, and 15595 that were filed by Hyundai Motor Company (the "HMC Claims") and proofs of claim numbers 15589, 15590, 15591, 15592, 15593, and 15594 filed by Hyundai Motor America (the "HMA Claims," and together with the HMC Claims, the "Contingent Breach of Contract Claims" or the "Claims") assert a breach of contract claim that is not owing pursuant to the Reorganized Debtors' books and records.  The Reorganized Debtors believe that Hyundai is not a creditor of the Debtors.  Accordingly, this Court should enter an order disallowing and expunging each such proof of claim in its entirety.

10. <u>The Contingent Breach of Contract Claims Asserted Against The Debtors</u>.
On July 31, 2006, HMC filed proof of claim number 15584 against Delphi Automotive Systems Korea, Inc. ("DAS Korea"), a Debtor in these cases, in an unliquidated amount based on (a) an existing or future breach of an agreement between Hyundai and DAS Korea (the document is

4

written in Korean and is attached to proof of claim) and (b) certain indemnity, contribution, common law, commercial, or other rights as related to (i) that action in the United States District Court, Eastern District of Michigan, Southern Division titled <u>Automotive Technologies International, Plaintiff, V. BMW Of North America, Inc et. al, Defendants</u>, Case No. 01-CV-71700-DT (the "Michigan Action"), and the appeals arising from such action, and/or (ii) that action in the United States District Court, District of Delaware, titled <u>Automotive Technologies International, Plaintiff, V. Hyundai Motor America, et. al, Defendants</u>, Case No. 06-391 (the "Delaware Action," and together with the Michigan Action, the "Actions").

11.     On July 31, 2006, HMC filed proof of claim number 15585 against Delphi Corporation ("Delphi"), a Debtor in these cases, in an unliquidated amount based on existing or future breach of certain agreements[2] and asserted that the contractual relationship may give rise to certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

12.     On July 31, 2006, HMC filed proof of claim number 15586 against Delphi Electronics (Holding) LLC ("Delphi Electronics"), a Debtor in these cases, in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco

---

[2] According to Hyundai's response to the Thirty-Eighth Omnibus Claims Objection, the certain agreements include without limitation (i) Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993, (ii) that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004, (iii) Basic Agreement Regarding Business Transactions between Hyundai Motor Company, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003, (iv) Basic Agreement, Quality Assurance Agreement and Claim Compensation Agreement each concluded on January 1, 2002 between Delphi and Hyundai Motor Company, and (v) that certain Product Liability Agreement between Hyundai Motor Company and its affiliates and Delphi Automotive Systems LLC and its affiliates dated October 15, 2007 (as supplemented from time to time, and along with any other agreements between the parties, the "Agreements").

Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

13. On July 31, 2006, HMC filed proof of claim number 15587 against Delphi Automotive Systems LLC ("DAS LLC"), a Debtor in these cases, in an unliquidated amount based on (a) existing or future breach of that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

14. On July 31, 2006, HMC filed proof of claim number 15588 against Delco Electronics Overseas Corporation ("DEOC"), a Debtor in these cases, in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions Between Hyundai Motor Company and Delco Electronics LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

15. On July 31, 2006, HMC filed proof of claim number 15595 against Delphi Diesel Systems Corp. ("Delphi Diesel") in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

16. On July 31, 2006, HMA filed proof of claim number 15589 against Delphi in an unliquidated amount based on existing or future breach of the Agreements and asserted that the contractual relationship may give rise to certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

17.     On July 31, 2006, HMA filed proof of claim number 15590 against DAS Korea an unliquidated amount based on (a) an existing or future breach of an agreement between Hyundai and DAS Korea (the document is written in Korean and is attached to proof of claim) and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

18.     On July 31, 2006, HMA filed proof of claim number 15591 against Delphi Electronics in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

19.     On July 31, 2006, HMA filed proof of claim number 15592 against DAS LLC in an unliquidated amount based on (a) existing or future breach of that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

20.     On July 31, 2006, HMA filed proof of claim number 15593 against DEOC in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

21.     On July 31, 2006, HMA filed proof of claim number 15594 against Delphi Diesel in an unliquidated amount based on (a) existing or future breach of a Basic

7

Agreement Regarding Business Transactions between Hyundai Motor Company, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

22.  <u>The Debtors' Objections To the Contingent Breach of Contract Claims</u>. On February 15, 2007, the Debtors filed the Debtors' Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims  (Docket No. 6962) ("Eighth Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, and 15595 on the grounds that those proofs of claim were duplicative of proofs of claim numbers 15585 and 15589 and sought an order disallowing and expunging the duplicative proofs of claim.

23.  On March 16, 2007, the Debtors filed the Debtors' Tenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims And (B) Equity Claims  (Docket No. 7300) ("Tenth Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 15587 and 15592 on the grounds that those proofs of claim were duplicative of proofs of claim numbers 15585 and 15589 and sought an order disallowing and expunging the duplicative proofs of claim.

24.  On November 6, 2009, the Reorganized Debtors filed the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (Docket No. 19044) ("Thirty-Eighth

8

Omnibus Claims Objection"), by which the Reorganized Debtors objected to proofs of claim numbers 15585 and 15589 on the grounds that those proofs of claim were not reflected on the Reorganized Debtors' books and records and sought an order disallowing and expunging those proofs of claim.

25.    Hyundai's Responses To The Debtors' Objections.  On March 14, 2007, HMC filed its response to the Eighth Omnibus Claims Objection (Docket No. 7217), in which it asserts that the proofs of claim numbers 15584, 15586, 15588, and 15595 assert different obligations against different Debtors than proof of claim number 15585 and should not be expunged.

26.    On March 14, 2007, HMA filed its response to the Eighth Omnibus Claims Objection (Docket No. 7214), in which it asserts that the proofs of claim numbers 15590, 15591, 15593, and 15594 assert different obligations against different Debtors than proof of claim number 15589 and should not be expunged.

27.    On April 12, 2007, HMC filed its response to the Tenth Omnibus Claims Objection (Docket No. 7651), in which it asserts that the proof of claim number 15587 asserts different obligations against different Debtors than proof of claim number 15585 and should not be expunged.

28.    On April 12, 2007, HMA filed its response to the Tenth Omnibus Claims Objection (Docket No. 7652), in which it asserts that the proof of claim number 15592 asserts different obligations against different Debtors than proof of claim number 15589 and should not be expunged.

29.    On December 7, 2009, Hyundai filed its response to the Thirty-Eighth Omnibus Claims Objection (Docket No. 19151), in which it asserts that Hyundai may have

9

contingent, unknown claims against Delphi and proofs of claim numbers 15585 and 15589 should not be expunged.

        30.     <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Contingent Breach of Contract Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Contingent Breach of Contract Claims, among other proofs of claim, scheduling the Sufficiency Hearing.

D.     <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

        31.     The Reorganized Debtors respectfully submit that the each Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Hyundai has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each Contingent Breach of Contract Claim should be sustained with respect to each such proof of claim and each Contingent Breach of Contract Claim should be disallowed and expunged in its entirety, subject to any rights the Claimant may have under to section 502(j) of the Bankruptcy Code.

        32.     The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In</u>

re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

33.     For purposes of sufficiency, this Court has determined that the standard of whether a Claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

34.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

11

3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). <u>See</u> January 12, 2007 Transcript at 52:17-22.

E. <u>Argument Regarding The Contingent Breach of Contract Claims.</u>

   35. To the Reorganized Debtors' knowledge, no breach of contract has occurred that would trigger a claim under the contracts upon which the Contingent Breach of Contract Claims are based. Hyundai, in its proofs of claim and its responses to the Debtors' objections to the Contingent Breach of Contract Claims, has not proved any set of facts that support a right to payment from the Reorganized Debtors. Accordingly, the Reorganized Debtors assert that (a) Hyundai has not met its burden of proof to establish a claim against the Debtors, (b) the Contingent Breach of Contract Claims are not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the Contingent Breach of Contract Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because Hyundai cannot provide facts or law supporting its claims, the Eighth Omnibus Claims Objection, the Tenth Omnibus Claims Objection, and the Thirty-Eighth Omnibus Claims Objection should be sustained as to the Contingent Breach of Contract Claims and each such claim should be disallowed and expunged in its entirety.

   36. In addition, the Debtors request that this Court enter an order disallowing and expunging the Contingent Breach of Contract Claims pursuant to section 502(e)(1)(B) of the Bankruptcy Code to the extent that such claims assert contingent liabilities for indemnification from the Debtors for amounts owed to third parties. Section 502(e)(1)(B) of the Bankruptcy Code provides that a bankruptcy court is to disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that "such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution." 11 U.S.C. § 502(e)(1)(B); <u>see</u>

12

also <u>Aetna Cas. & Sur. Co. v. Georgia Tubing Corp.</u>, 93 F.3d 56 (2d Cir. 1996) (disallowing surety bond issuer's contingent prospective subrogation claims as to bonds issued on behalf of debtor); <u>In re Agway, Inc.</u>, 2008 WL 2827439, at *3 (Bankr. N.D.N.Y. July 18, 2008) (section 502(e)(1)(B) directs that the court "shall disallow" any claim for reimbursement or contribution to the extent that such claim is contingent at the time of disallowance).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Contingent Breach of Contract Claims, (b) disallowing and expunging each Contingent Breach of Contract Claim in its entirety subject to any right claimant may have under section 502(j) of the Bankruptcy Code, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         April 13, 2010

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                        John Wm. Butler, Jr.
                                        John K. Lyons
                                        Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                        - and -

                                    By:   /s/ Kayalyn A. Marafioti
                                        Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                        Reorganized Debtors