**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO
RESPONSE OF CLAIMANT TO DEBTORS' OBJECTION TO PROOFS
OF CLAIM NUMBERS 5268, 13270, 13838, AND 13880 FILED BY THE UAW

("SUPPLEMENTAL REPLY REGARDING CERTAIN UAW CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proofs Of Claim Numbers 5268, 13270, 13838, And 13880 Filed By The UAW (the "Supplemental Reply"), and respectfully represent as follows:

A.  <u>Preliminary Statement</u>

1.  On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Plan Modification Order"), and emerged from chapter 11 as the Reorganized Debtors.

3.  On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) (the "Sufficiency Hearing Notice").

4.  The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

2

making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

6. 5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**</u>

---

[1] Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

3

B.  Relief Requested

7.  By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging four proofs of claim filed by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its applicable local unions (collectively, the "UAW") which were waived and released pursuant to orders of this Court.

C.  UAW Claims

8.  During their review of the proofs of claim filed in these cases, the Reorganized Debtors determined that proofs of claim numbers 5268, 13270, 13838, and 13880 filed by the UAW and/or on behalf of employees and former employees of the Debtors represented or formerly represented by the UAW, and/or on behalf of persons or entities with claims derived from or related to any relationship with such employees or former employees of the Debtors (the "UAW Claims") were, among other things, waived and released pursuant to the settlement agreement between the Debtors and the UAW (the "UAW Settlement Agreement")[2] and the order of this Court approving the UAW Settlement Agreement (the "UAW Settlement Agreement Approval Order") (Docket No. 8693).[3]

9.  Pursuant to the UAW Settlement Agreement and the UAW Settlement Agreement Approval Order, the UAW agreed that the UAW Claims are waived and released because the UAW received an allowed prepetition general unsecured claim (the "UAW Allowed

---

[2] A copy of the UAW Settlement Agreement is attached to the UAW Settlement Agreement Approval Order.

[3] Although the releases in the UAW Settlement Agreement and UAW Settlement Agreement Order function to waive and withdraw the UAW Claims, other orders of this Court may also do the same. For instance, those releases were incorporated into the Modified Plan (see Modified Plan, Article XI, Section 11.6) as approved by Plan Modification Order. Further, the Plan Modification Order also contains additional bars to certain UAW Claims, such as those related to the Delphi-PBGC Settlement Agreement (as defined in the Plan Modification Order, see Paragraph 60(b)).

4

Claim").[4] Accordingly, this Court should enter an order disallowing and expunging the UAW Claims in their entirety.

10. <u>The Reorganized Debtors' Objection To The UAW Claims</u>. On February 3, 2010, the Reorganized Debtors objected to the UAW Claims on the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities (the "Forty-Fourth Omnibus Claims Objection") (Docket No. 19395).

11. <u>Response To The Debtors' Objection</u>. On March 15, 2010, the UAW filed a response to the Forty-Fourth Omnibus Claims Objection (the "UAW Response") (Docket No. 19669). In the UAW Response, the UAW agreed that, pursuant to the UAW Settlement Agreement and UAW Settlement Agreement Approval Order, the UAW Claims should be withdrawn because the UAW Allowed Claim survives. However, the UAW refused to consent to the withdrawal of the UAW Claims until the amount of the UAW Allowed Claim has been adjusted according to the UAW Settlement Agreement and UAW Settlement Agreement Approval Order.

12. <u>The Sufficiency Hearing Notice</u>. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the UAW Claims was adjourned to a

---

[4] The UAW Allowed Claim in proof of claim number 16644 and is not subject to the Sufficiency Hearing.

future date. On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the UAW Claims, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.

D.     Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

14.    The Reorganized Debtors respectfully submit that the UAW Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The UAW has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Reorganized Debtors' objections to the UAW Claims should be sustained and such claims should be disallowed and expunged in their entirety.

14.    The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

6

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

15. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

16. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E. Argument Regarding The UAW Claims

17. As set forth above and in the Forty-Fourth Omnibus Claims Objection, the UAW Claims should be disallowed and expunged because they were waived and released pursuant to the UAW Settlement Agreement and UAW Settlement Agreement Approval Order, which provided that the UAW Allowed Claim is the sole surviving claim.

18.  In relevant part, the UAW Settlement Agreement Approval Order provides:

> On the effective date of the Delphi Reorganization Plan, the UAW, all employees and former employees of Delphi represented or formerly represented by the UAW, and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates . . . and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the UAW [collective bargaining agreements]. . . .

19.  In full satisfaction of all claims released by the UAW under the UAW Settlement Agreement Approval Order, including the UAW Claims, the UAW was granted an allowed prepetition general unsecured claim in the amount of $140 million, subject to adjustment pursuant to the terms of the UAW Settlement Agreement Approval Order. This resulting claim, the UAW Allowed Claim, is proof of claim number 16644. The Reorganized Debtors and the UAW are in the process of resolving this claim.

20.  The UAW Allowed Claim is therefore the UAW's sole surviving claim. All other UAW claims, including the UAW Claims, are waived and released pursuant to the terms of the UAW Settlement Agreement Approval Order as of the effective date of the Modified Plan, which occurred on October 6, 2009.

21.  In the UAW Response, the UAW does not dispute – and indeed even admits – that the UAW Claims are waived and released and should be withdrawn.

22.  Accordingly, the Reorganized Debtors assert that (a) the UAW has not met its burden of proof to establish a claim against the Debtors, (b) the UAW Claims are not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the UAW Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.

Because the UAW cannot provide facts or law supporting their claims, the Forty-Fourth Omnibus Claims Objection should be sustained as to the UAW Claims and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to the UAW Claims, (b) disallowing and expunging each UAW Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         April 13, 2010

                                               SKADDEN, ARPS, SLATE, MEAGHER
                                                  &FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

9