**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Reorganized Debtors. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO DEBTORS' OBJECTION TO ADMINISTRATIVE EXPENSE
CLAIM NUMBERS 17094 AND 17773 FILED BY SHARYL Y. CARTER

("SUPPLEMENTAL REPLY REGARDING CERTAIN
CLAIMS OF SHARYL Y. CARTER")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimant To Debtors' Objection To Administrative Expense Claim Numbers 17094 And 17773 Filed By Sharyl Y. Carter (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) (the "Sufficiency Hearing Notice").

4. The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

2

making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

      5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(A) And 503(B) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim or administrative expense claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

      6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

---

[1]    Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010. Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

3

<u>Supplemental Reply</u>, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

B.    <u>Relief Requested</u>

       7.    By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain administrative expense claims as non-administrative claims that reassert the same liabilities as previously expunged proofs of claim filed against the Debtors in these cases.

C.    <u>Administrative Expense Claims Filed Against The Debtors</u>

       8.    During their review of the proofs of claim filed in these cases, the Reorganized Debtors determined that certain administrative expense claims were not reflected on the Reorganized Debtors' books and records.  Accordingly, this Court should enter an order disallowing and expunging the administrative expense claims in their entirety.  Moreover, the administrative claims assert the same prepetition claims that were previously disallowed by this Court.

      9.    On July 1, 2009, Sharyl Y. Carter (the "Claimant") filed administrative expense claim number 17094 asserting a $50 million plus interest administrative expense claim against Delphi Corporation ("Delphi").[2]

      10.   On July 7, 2009, Sharyl Y. Carter filed administrative expense claim number 17773 asserting the same $50 million plus interest administrative expense claim against Delphi (together administrative expense claim number 17094, the "Claims").

---

[2]    Although administrative expense claim number 17094 was not included on the Sufficiency Hearing Notice, it asserts the same claim as administrative expense claim number 17773 and of the two prepetition claims previously disallowed.  Accordingly, the Reorganized Debtors request that administrative expense claim number 17094 be disallowed as well.

4

11.     The Reorganized Debtors' Objection To The Claims.  On February 12, 2010, the Reorganized Debtors objected to the Claims on the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19423) (the "Forty-Fifth Omnibus Claims Objection"), by which the Reorganized Debtors objected to that the Claims on the grounds that such claims are not reflected on the Reorganized Debtors' books and records.

12.     Response To The Debtors' Objection.  On March 4, 2010, Ms. Carter filed a response to the Forty-Fifth Omnibus Claims Objection (Docket No. 19599), in which she objects to "All the Debtors and their affiliates, Debtors Plans, and their objection to all my claims."

13.     The Sufficiency Hearing Notice.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Claims were adjourned to a future date.  On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to administrative expense claim number 17773, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.[3]

---

[3] As previously discussed, although administrative expense claim number 17094 was not listed on the Sufficiency Hearing Notice, for the sake of judicial efficiency, the Reorganized Debtors also seek to disallow and expunge administrative expense claim number 17094, which asserts the exact claim asserted in administrative expense claim number 17773.

5

D.   Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

15. 14.   The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  This Court has previously ruled on the merits underlying each Claim, when disallowing proofs of claim numbers 16849 and 16850 filed by Ms. Carter (the "Expunged Claims").  The Claimant has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objection to administrative expense claim number 17094 and administrative expense claim number 17773 should be sustained and each such claim should be disallowed and expunged in its entirety.

15.   The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

6

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

16.  For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

17.  This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

18.  <u>Disallowance Of The Expunged Claims On The Merits</u>.  On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation

7

Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 16849 and 16850 (the "Expunged Claims") on the grounds that such claims asserted dollar amounts and liabilities not reflected on the Debtors' books and records and sought an order disallowing and expunging the Expunged Claims.  Administrative expense claim number 17094 and 17773 assert the same liabilities as the Expunged Claims.

    19.  On July 20 2009,[4] Ms. Carter filed a letter response to the Thirty-Fourth Omnibus Claims Objection (Docket No. 18457). In her response, Ms. Carter asserted that she has been told that she does "not have any claims, due to untimely filing for years."  Nothing in Ms. Carter's response provided any rational explanation, documentation, evidence, or support for any of the claims asserted in the Expunged Claims.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Expunged Claims was adjourned to December 18, 2009.

    20.  On December 31, 2009, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing And Expunging Proof Of Claim Number 16849 Filed By Sharyl Yvette Carter Identified In The Thirty-Fourth Omnibus Claims Objection (Docket No. 19272), by which proof of claim number 16849 was expunged.

---

[4]  The deadline to file a response to the Thirty-Fourth Omnibus Claims Objection was July 16, 2009 at 4:00 p.m. (prevailing Eastern time). See Thirty-Fourth Omnibus Claims Objection, ¶ 60.

8

21. On January 25, 2010, this Court, after requesting additional briefing by the Reorganized Debtors,[5] entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Proof of Claim Number 16850 Filed by Sharyl Yvette Carter Identified In The Thirty-Fourth Omnibus Claims Objection ("Claim Objection Order Expunging Sharyl Carter's Proof of Claim No. 16850") (Docket No. 19359), by which proof of claim number 16850 was expunged. In its ruling, this Court sifted through all of Ms. Carter's submissions[6] and the rulings of the United States District Court for the Southern District of Ohio (the "District Court").[7] This Court determined that Ms. Carter did not state a legally sufficient claim against the Debtors. In the Claims, Ms. Carter raises the very same issues that have already been adjudicated by this Court in the Court's January 25, 2010 ruling.

22. Accordingly, the Reorganized Debtors respectfully submit that (a) Sharyl Y. Carter has not met her burden of proof to establish a claim against the Debtors, (b) administrative expense claim numbers 17094 and 17773 are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) administrative expense claim numbers 17094 and 17773 fail to state a claim against the Reorganized Debtors under

---

[5] See the Reorganized Debtors' Second Supplemental Reply To Response Of Sharyl Y. Carter To Debtors' Objection To Proof Of Claim Number 16850 Filed By Sharyl Y. Carter (Docket No. 19303).

[6] See Docket Nos. 17951, 17323, 14678, 14339, 14608, 13666, 13491, 9352, 9351, and 18457.

[7] On August 15, 2002, Ms. Carter filed a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), claiming that Delphi discriminated against her on the basis of her race and that it retaliated against her in violation of Title VII of the Civil Rights Act. Ms. Carter later asked to withdraw her charge, and on March 11, 2003, the EEOC issued to her a Notice of Right to Sue. On June 6, 2003, Ms. Carter filed a complaint against DAS LLC with the District Court, alleging that DAS LLC discriminated against her on the basis of her race, sex, disability, and age, and also seeking damages under an intentional tort theory for her alleged workplace injury. Sharyl Y. Carter v. Delphi Automotive Systems LLC, et al., Case No. C3-CV-205 (S.D. Ohio) (the "District Court Action"). After full discovery, DAS LLC moved for summary judgment and on March 28, 2005, the District Court issued an opinion and judgment granting DAS LLC's summary judgment motion in its entirety (District Court Action, Docket No. 56). On April 24, 2005, Ms. Carter filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit (District Court Action, Docket No. 58).

Bankruptcy Rule 7012. Because Claimant cannot provide facts or law supporting their claims, the Forty-Fifth Omnibus Claims Objection should be sustained as to administrative expense claim numbers 17094 and 17773 and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to administrative expense claim numbers 17094 and 17773, (b) disallowing and expunging administrative claim numbers 17094 and 17773 in their entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         April 13, 2010

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                           & FLOM LLP

                                        By:  /s/ John Wm. Butler, Jr.
                                             John Wm. Butler, Jr.
                                             John K. Lyons
                                             Ron E. Meisler
                                        155 North Wacker Drive
                                        Chicago, Illinois 60606

                                            - and -

                                        By:  /s/ Kayalyn A. Marafioti
                                             Kayalyn A. Marafioti
                                        Four Times Square
                                        New York, New York 10036

                                        Attorneys for DPH Holdings Corp., et al.,
                                           Reorganized Debtors