**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case Number 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF A
CERTAIN CLAIMANT TO DEBTORS' OBJECTION TO PROOF OF CLAIM
NUMBER 11892 FILED BY RONALD E. JORGENSEN

("SUPPLEMENTAL REPLY REGARDING A CERTAIN EQUITY CLAIM")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of A Certain Claimant To Debtors' Objections To Proof Of Claim Number 11892 Filed By Ronald E. Jorgensen (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1.  On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors.

3.  On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 11892, 12147, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, And 19543 (Docket No. 19725) (the "Sufficiency Hearing Notice").

4.  The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

2

5.  By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.  This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **April 21, 2010.**

B.  <u>Relief Requested</u>

7.  By this Supplemental Reply, the Reorganized Debtors request entry of an order determining that a certain proof of claim is not entitled to a distribution under the Modified Plan because it is premised upon a claim based upon the purchase or sale of stock in any of the

---

[1] Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

3

Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code.

C.     Equity Claim Filed Against The Debtors

8. During their review of the proofs of claim filed in these cases, the Reorganized Debtors determined that a certain proof of claim asserts liabilities or dollar amounts in connection with the claimant's alleged ownership of equity in the Debtors and the purported loss of value of that equity. Because the amounts asserted by the claimant is, at best, a claim that is subordinated under section 510(b) of the Bankruptcy Code and thus not entitled to a distribution under the Modified Plan. Accordingly, this Court should enter an order determining that the claim is not entitled to a distribution under the Modified Plan because it is premised upon a claim based upon the purchase or sale of stock in any of the Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code.

9. On July 28, 2006, Ronald E. Jorgensen (the "Claimant") filed proof of claim number 11892 (the "Equity Claim") against Delphi Corporation ("Delphi"), asserting $82,299.00 based on the alleged loss in value of stock in Delphi owned by Mr. Jorgensen.

10.    The Debtors' Objections To The Equity Claim. On November 2, 2006, the Debtors objected to Mr. Jorgensen's proof of claim number 11892 on the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification, And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No.

4

5452) (the "Third Omnibus Claims Objection") as an unsubstantiated claim and sought entry of an order disallowing and expunging such claim.

11. <u>Response To The Debtors' Objections</u>.  On November 17, 2006, Mr. Jorgensen filed a response to the Third Omnibus Claims Objection (Docket No. 5672), in which he asserted, among other things, that the Debtors "totally misled investors."

12. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Equity Claim was adjourned to a future date.  On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Equity Claim, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.

D. <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

13. The Reorganized Debtors respectfully submit that the Equity Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Claimant has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objection to the Equity Claim should be sustained and the Claimant should be not be entitled to a distribution on account of the Equity Claim.

14. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

5

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Int'l., Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case).

15.    For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" <u>In re Lopes</u>, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

16.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with <u>these Rules</u> shall constitute <u>prima facie</u> evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

6

3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.    Argument Regarding The Equity Claim

17.    Prior to confirmation of the Modified Plan, this Court denied the Debtors' request to grant the relief sought in the Third Omnibus Claims Objection disallowing and expunging the Equity Claim in its entirety on a sufficiency basis. See Transcript of January 12, 2007 Transcript at 59:3-6. However, pursuant to the Modified Plan, even if the Equity Claim is valid, it is not entitled to a distribution under section 510(b) of the Bankruptcy Code because it is premised upon a claim based upon the purchase or sale of stock in any of the Debtors. The Claimant has not proved any set of facts that support a distribution under the Modified Plan, a right to payment from the Reorganized Debtors, or address the Debtors' request for this Court to enter an order finding that the Claim is not entitled to a distribution under section 510(b) of the Bankruptcy Code because the claim is a Class 1G-2 Section 510(b) Equity Claim pursuant to the Modified Plan.

18.    On or prior to April 20, 2006, the Debtors caused Kurtzman Carson Consultants, the claims and noticing agent in these cases, to serve notice of the Bar Date (the "Bar Date Notice"), together with a proof of claim form, on, among others, holders of Delphi common stock to ensure that holders of stock who wished to assert claims against any of the Debtors that were not based solely upon their ownership of Delphi common stock would be afforded the opportunity to file such claims in these cases. The ownership of Delphi common stock constitutes an equity interest in Delphi, but does not constitute a "claim" against the Debtors as such term is defined in section 101(5) of the Bankruptcy Code. Furthermore, as set forth in the Bar Date Notice that was approved by this Court, creditors and equity holders were

7

notified that they were not required to file proofs of claim based exclusively on ownership interests in Delphi common stock.[2]

19.    In addition, pursuant to section 1141(d) of the Bankruptcy Code, the distributions and rights that are provided in the Modified Plan are in complete satisfaction, discharge, and release of, among other things, interests in Delphi whether or not a proof of claim based upon such interest is filed. Finally, the Modification Approval Order is a judicial determination of the discharge of all interests in the Debtors.

F.    <u>Argument Regarding The Purported Loss Of Value</u>

20.    The Claimant's claim arising from the purported loss of value of his equity interests is also without merit. The Claimant must allege some legal theory to support his claim for the loss of value of stock that he owned. Those claims, however, are unsubstantiated and therefore should be disallowed.

21.    The Claimant appears to attempt to assert claims based on alleged securities fraud or some other cognizable common law fraud. However, the Claimant failed to identify any particular claim or establish a sufficient legal or factual basis to support such a

---

[2]    The Bar Date Order provides, in relevant part:

> Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:
>
> * * *
>
> (h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; <u>provided</u>, <u>however</u>, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5.

claim.[3] The Claimant has not invoked Section 10(b) of the Exchange Act, Rule 10b-5, or any other legal basis for their purported claims. To establish such a claim, the Claimant would need to show, inter alia, that he was involved in the purchase or sale of a security and that the Debtors made an untrue statement of material fact. See 17 C.F.R. § 240.10b-5. The Claimant has not, however, alleged facts in his claim that, even when viewed in the light most favorable to the Claimant, would support a claim for securities fraud or any other cognizable common law fraud claim.

22. To the extent that the Equity Claim is premised upon a claim based upon the purchase or sale of stock in any of the Debtors, the claim is subordinated under section 510(b) of the Bankruptcy Code and is not entitled to a distribution. Because the Claimant cannot provide facts or law supporting his claim, the Third Omnibus Claims Objection should be sustained as to proofs of claim numbers 11892 and the claim should be subordinated under section 510(b) of the Bankruptcy Code and are relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code to the extent based upon the purchase or sale of stock in any of the Debtors.

---

[3] Section 10(b) of the Exchange Act makes it unlawful for a person "[t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). Rule 10b-5 implements Section 10(b) by making it unlawful for any person, in connection with the purchase or sale of a security, "to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements . . . not misleading." 17 C.F.R. § 240.10b-5. The Supreme Court has identified the basic elements of a securities fraud case:

    (1) a material misrepresentation or omission,
    (2) scienter, or a wrongful state of mind,
    (3) a connection with the purchase or sale of a security,
    (4) reliance,
    (5) economic loss, and
    (6) loss causation, i.e., a causal connection between the material misrepresentation and the loss.

Dura Pharm. v. Broudo, 544 U.S. 336, 341 (2005).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order determining that the Equity Claim is not entitled to a distribution under the Modified Plan because it is premised upon a claim based upon the purchase or sale of stock in any of the Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code, and (c) granting such further and other relief this Court deems just and proper.

Dated:  New York, New York
        April 13, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

By:  /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors