SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018 FOR
ORDER AUTHORIZING REORGANIZED DEBTORS TO FILE (I) A REDACTED VERSION
OF REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM NUMBERS 14019,
14020, 14022, 14023, 14024, 14025, AND 14026 FILED BY ATUL PASRICHA AND PROOF
OF CLAIM NUMBER 12147 FILED BY PAMELA GELLER AND (II) UNREDACTED
VERSIONS OF (A) THE SUPPLEMENTAL REPLY AND (B) A CERTAIN AGREEMENT
BETWEEN DEBTORS AND ATUL PASRICHA UNDER SEAL

("DPH HOLDINGS – PASRICHA SEALING APPLICATION")

DPH Holdings Corp. ("DPH Holdings") and certain affiliated reorganized debtors (the "Reorganized Debtors") respectfully submit this <u>Ex Parte</u> Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing Reorganized Debtors To File (I) A Redacted Version Of Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147 Filed By Pamela Geller And (II) Unredacted Versions Of (A) The Supplemental Reply And (B) A Certain Agreement Between Debtors And Atul Pasricha Under Seal (the "Application"), and respectfully represent as follows:

<u>Background</u>

1.   On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates (together with Delphi, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.   On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). On January 25, 2008, the Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the Confirmation Order became final on February 4, 2008.

3.   On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a supplement

2

to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  After holding a final plan modification hearing, the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

4.      On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified Plan and closed the transactions under the Master Disposition Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively.  The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.

5.      Between the Petition Date and the Effective Date, the Debtors remained as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper

3

pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

<u>Relief Requested</u>

7. By this Application, the Reorganized Debtors seek entry of an order under 11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Reorganized Debtors to file (I) a redacted version of the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147 Filed By Pamela Geller and (II) unredacted versions of (A) the Supplemental Reply (defined below) and (B) a certain agreement between the Debtors and Atul Pasricha (the "Agreement") under seal.

<u>Basis For Relief</u>

8. On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 11892, 12147, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, And 19543 (Docket No. 19725) (the "Sufficiency Hearing Notice"). By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii)

4

Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of proofs of claim 14019, 14020, 14022, 14023, 14024, 14025, 14026 (the "Pasricha Claims"), among others, filed by Atul Pasricha and whether each of the Pasricha Claims states a colorable claim against the asserted Debtor.

9.  Pursuant to the Claims Objection Procedures Order, the Debtors are prepared to file the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147 Filed By Pamela Geller (the "Supplemental Reply") to request that this Court enter an order disallowing and expunging the Pasricha Claims. The Supplemental Reply references the Agreement and attaches the Agreement as an exhibit. The Agreement contains explicit confidentiality provisions which require the Reorganized Debtors and Mr. Pasricha to maintain the confidentiality of the terms of the Agreement. Accordingly, the Reorganized Debtors request permission to (i) file a redacted version of the Supplemental Reply and (ii) file under seal an unredacted version of the Supplemental Reply and the Agreement.

10. The reorganized Debtors request that the unredacted Supplemental Reply and the Agreement (and any information derived therefrom) remain confidential, be filed under seal, and shall be served on and made available only to (a) Atul Pasricha and his counsel and (b) such other parties as may be ordered by this Court after imposition of appropriate confidentiality

---

[1] Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010. The Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time) by direction of the Court.

restrictions or as may be agreed to in writing by the Reorganized Debtors and Mr. Pasricha.

<u>Applicable Authority</u>

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 defines the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

13. Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." <u>Video Software Dealers Assoc. v. Orion Pictures Corp.</u> (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause." <u>Id.</u> at 28. The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)." <u>In re Global Crossing Ltd.</u>, 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003) (citing <u>In re Orion Pictures Corp.</u>, 21 F.3d at 27)).

6

14.     Here, there is good cause for the relief requested.  The Agreement to be submitted under seal contains confidential information.  Such information qualifies as "confidential . . . commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the Reorganized Debtors to submit the Agreement with the Court pursuant to General Order M-242 and require the United States Bankruptcy Clerk for the Southern District of New York to file the Agreement under seal.

15.     No prior application for the relief requested herein has been made to this or any other Court.

Notice Of Application

16.     Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Reorganized Debtors will serve a copy of this Application in accordance with the  Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Eighteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered April 5, 2010 (Docket No. 19774).  The Reorganized Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1) so that the Reorganized Debtors may promptly submit under seal the Agreement and the unredacted Supplemental Reply to the court.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an order (a) authorizing the Reorganized Debtors to file (i) a redacted version of the Supplemental Reply and (ii) an unredacted version of the Supplemental Reply and the Agreement under seal and (b) granting them such other and further relief as is just.

Dated:  New York, New York
        April 13, 2009

                         SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                         By: /s/ John Wm. Butler, Jr.
                             John Wm. Butler, Jr.
                             John K. Lyons
                             Ron E. Meisler
                         155 North Wacker Drive
                         Chicago, Illinois 60606

                            - and -

                         By: /s/ Kayalyn A. Marafioti
                             Kayalyn A. Marafioti
                         Four Times Square
                         New York, New York 10036

                         Attorneys for DPH Holdings Corp., et al.,
                           Reorganized Debtors