**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
      In re                                    :        Chapter 11
                                                 :
DPH HOLDINGS CORP., et al.,         :        Case Number 05-44481 (RDD)
                                                 :
                                               :        (Jointly Administered)
                                               :
            Reorganized Debtors.            :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
          CLAIMANT TO DEBTORS' OBJECTIONS TO ADMINISTRATIVE
    EXPENSE CLAIM NUMBERS 16898 AND 18740 FILED BY GARY L. COOK

                    ("SUPPLEMENTAL REPLY REGARDING CERTAIN
                         CLAIMS FILED BY GARY L. COOK")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimant To Debtors' Objections To Administrative Expense Claim Numbers 16898 And 18740 Filed By Gary L. Cook (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735)  (the "Sufficiency Hearing Notice").

4. The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

2

making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

    5.  By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(A) And 503(B) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

    6.  This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

---

[1] Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010. Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

<u>Supplemental Reply</u>, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

B.      <u>Relief Requested</u>

       7.      By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain administrative expense claims filed against the Debtors in these cases that assert prepetition liabilities.

C.      <u>The Claims Filed Against The Debtors</u>

       8.      During the Reorganized Debtors' review of the administrative expense claims, the Reorganized Debtors determined that certain claims filed against the Reorganized Debtors assert liabilities or dollar amounts in connection with claims arising prior to October 8, 2005 that are not properly classified as administrative expenses for the purposes of section 503(b)(1) of the Bankruptcy Code. Accordingly, this Court should enter an order disallowing and expunging these administrative expense claims in their entirety.

       9.      On July 10, 2009, Gary L. Cook (the "Claimant"), a former employee of the Debtors, filed administrative expense claim number 18740 against Delphi Corporation ("Delphi"), asserting a claim in the amount of $311,800.00 for worker's compensation benefits.

      10.     On June 26, 2009, Mr. Cook filed administrative expense claim number 16898 (together with administrative expense number 18740, the "Claims") asserting the same unsecured priority claim for $644.00 dollars a week against Delphi Automotive Systems LLC ("DAS LLC").[2]

---

[2]   Although administrative expense claim number 16898 was objected to on the Forty-Sixth Omnibus Claims Objection (as defined below) and Mr. Cook filed a response to the Forty-Sixth Omnibus Claims Objection (Docket No. 19753), this Court has not adjudicated the claim into the claims procedures because the Forty-Sixth Omnibus Objection has not yet been before the Court. Nevertheless, the claim attaches the same documents

*(cont'd)*

4

11.     <u>The Debtors' Objections To The Claim</u>. On, November 6, 2009, the Reorganized Debtors objected to the Claim on the Debtors' Thirty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain Administrative Expense (I) Workers' Compensation Claims, (II) Workers' Compensation Claims Transferred To GM Buyers, And (III) Severance Claims (Docket No. 19045) ("Thirty-Ninth Omnibus Claims Objection"), on the grounds that the workers' compensation benefits are not reflected on the Reorganized Debtors' books and records.

12.     On August 21, 2009, the Debtors' objected to administrative expense claim number 16898 on the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge Certain Administrative Expense (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, and (I) Severance Claims, (II) Disallow and Expunge (A) a Certain Duplicate Workers' Compensation Claim, (B) a Certain Duplicate Tax Claim, and (C) a Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims and (B) Workers' Compensation Claims, and (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) ("Forty-Sixth Omnibus Claims Objection"), on the grounds that the workers' compensation benefits are not reflected on the Reorganized Debtors' books and records.

---

*(cont''d from previous page)*
    attached to administrative expense claim number 18740. For the sake of judicial efficiency, the Reorganized Debtors seek to disallow administrative expense number 16898 as well.

13. <u>Response To The Debtors' Objection</u>. On December 4, 2009, Mr. Cook filed a response to the Thirty-Ninth Omnibus Claims Objection (Docket No. 19148), in which he requests that this Court view his administrative claim as being the same as his prepetition claim.

14. On April 1, 2010, Mr. Cook filed a response to the Forty-Sixth Omnibus Claims Objection, in which he refers the Reorganized Debtors to administrative expense claim number 18740 (Docket No. 19753).

15. <u>The Sufficiency Hearing Notice</u>. Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the administrative expense claim number 18740 was adjourned to a future date. On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to administrative expense number 18740, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.[3]

D. <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

16. The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Claimant has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Reorganized Debtors' objections to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

17. The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim

---

[3] As stated above, although administrative expense claim number 16898 was objected to on the Forty-Sixth Omnibus Claims Objection and technically not adjourned into the claims procedures, the claim attaches the same documents attached to administrative expense claim number 18740. For the sake of judicial efficiency, the Reorganized Debtors seek to disallow administrative expense number 16898 as well.

6

is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

    18.  For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

19. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with <u>these Rules</u> shall constitute <u>prima</u> <u>facie</u> evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). <u>See</u> January 12, 2007 Transcript at 52:17-22.

E.    <u>Argument Regarding The Claim</u>

20.    <u>The Claim Is Not Entitled To Administrative Priority.</u> On June 26, 2009 and July 10, 2009, Mr. Cook filed the Claims asserting an unsecured non-priority claim in the amount of $311,800.00 against Delphi and $644.00 per week against DAS LLC on account of alleged workers' compensation benefits. In each of his administrative expense claims, Mr. Cook attaches a Michigan Department of Consumer & Industry Services, Bureau of Workers' Disability Compensation Order, number 100803012, dated September 19, 2003 (the "Michigan Order"). The Michigan Order states that Mr. Cook was first injured March 4, 2001.

21.    Courts have held that claims for workers' compensation claims arise on the date of injury. <u>In re Olga Coal Co.</u>, 194 B.R. 741, 746 (Bankr. S.D.N.Y. 1996); <u>See</u> <u>also</u> <u>In re Johns-Manville Corp.</u>, 57 Bankr. 680, 690 (Bankr. S.D.N.Y. 1986) (stating that the existence of a claim depends upon "when the acts giving rise to the alleged liability were performed . . ."); <u>Leahy v. Collora (In re Leahy)</u>, 170 B.R. 10, 16 (Bankr. D. Me. 1994) (finding that "an employee's right to workers' compensation benefits . . . arises at the time of the compensable injury"); <u>In re Lull Corp.</u>, 162 Bankr. 234, 241 (Bankr. D. Minn. 1993) (holding that an "employee's right to payment [of benefits], the Debtor's obligation to pay, and [the Fund's] obligation to pay when debtor does not all arise when the employee is injured pre-petition").

8

According to Mr. Cook's own administrative expense claims, the date of injury occurred prepetition. Therefore, the Claims are not properly classified as administrative expenses under section 503(b)(1) of the Bankruptcy Code.

22. Accordingly, the Reorganized Debtors assert that (a) Mr. Cook has not met his burden of proof to establish a claim against or interest in the Debtors, (b) administrative expense claim numbers 16898 and 18740 are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because Mr. Cook cannot provide facts or law supporting the Claims, the Thirty-Ninth Omnibus Claims Objection should be sustained as to administrative expense claim number 18740, the Forty-Sixth Omnibus Claims Objection should be sustained as to administrative expense claim number 16898, and the Claims should be disallowed and expunged in their entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to the Claims, (b) disallowing and expunging the Claims in their entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
April 13, 2010

                       SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP

                       By:  /s/ John Wm. Butler, Jr.
                           John Wm. Butler, Jr.
                           John K. Lyons
                           Ron E. Meisler
                       155 North Wacker Drive
                     Chicago, Illinois 60606

                           - and -

                     By:  /s/ Kayalyn A. Marafioti
                           Kayalyn A. Marafioti
                   Four Times Square
                   New York, New York 10036

                   Attorneys for DPH Holdings Corp., et al.,
                       Reorganized Debtors