Dennis J. Raterink
Michigan Assistant Attorneys General
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-1176

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| DPH Holdings Corp., <u>et al.</u>, | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

**RESPONSE TO DEBTORS' FORTY-SIXTH OMNIBUS CLAIMS OBJECTION ON BEHALF OF MICHIGAN FUNDS ADMINISTRATION**

Background

On July 14, 2009, the Michigan Funds Administration filed a Request for Payment of Administrative Expense. The claim was based on Michigan workers' compensation assessments incurred by Delphi Corporation, as a self-insured employer, during the post-petition period. The claim amount is $1,130,191.92. This request was received by Debtors and characterized as claim #19168.

On March 19, 2010, Reorganized Debtors filed their "Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge Certain Administrative Expense (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, and (I) Severance Claims, (II) Disallow and Expunge (A) A Certain Duplicate Tax Claim, and (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims and (B) Workers'

1

Compensation Claims, and (IV) Allow Certain Administrative Expense Severance Claims." [Docket No. 19711]

Within this Omnibus Objection, Reorganized Debtors specifically objected to the Michigan Funds Administration claim for unpaid assessments. The stated reason for Reorganized Debtors' objection is that the Michigan Funds Administration claim is a "Books and Record Claim." Reorganized Debtors list the Michigan Funds Administration claim in their "Exhibit C – State Workers' Compensation Claims."

Response

The Michigan Funds Administration claim should not be disallowed or expunged, for two primary reasons. First, the claim reflects a valid administrative expense. Pursuant to Michigan's Workers' Disability Compensation Act (WDCA), MCL 418.551, all employers (either directly, if self-insured, or through the premium costs, if insured) who pay indemnity for wage loss to injured workers are obligated to pay assessments into the various funds that provide benefits under the WDCA to injured workers. There are three funds to which employers contribute: (1) The Second Injury Fund, (2) the Silicosis Dust Disease and Logging Fund and (3) the Self-Insurers' Security Fund (to which only self-insured employers contribute). In the case of self-insured employers, assessments are based on the amount of indemnity paid in the preceding year.

The Michigan Funds Administration claim demonstrated that Delphi Corporation paid indemnity of 24,703,648.45 in 2008. This lead to 2009 assessments in the aggregate amount of $1,130,191.92.

These assessments should be treated as administrative expenses because Delphi was allowed to remain self-insured and it continued to make compensation payments prior to the confirmation of the Plan. These assessments are based on payments of indemnity after the petition/commencement date. Hence, the obligation to pay assessments arose after the petition/commencement date even though some of the underlying obligations arose prior to the petition/commencement date. Furthermore, Debtor's estate was greatly enhanced by its ability to remain self-insured during the pendency of the bankruptcy proceedings. By remaining self-

2

insured, Debtor was able to avoid paying policy premiums to a private insurer to cover its substantial Michigan workers' compensation obligations.

As such, these assessments qualify as "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case," pursuant to 11 U.S.C. §503(b)(1)(A).

Furthermore, these assessments should be treated as administrative expenses because the debtor is required to continue to make payments even after it has stopped being a self-insured entity. MCL 418.551(7) requires that:

> An employer who has stopped being a self-insurer shall continue to be liable for a second injury fund; silicosis, dust disease, and logging industry compensation fund ; or self-insurers' security fund assessment on account of any compensation benefits . . . paid by the employer during the previous calendar year.

Second, the Debtors stated objection "certain Administrative Claims . . . assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records," is not a legitimate basis of objection. Rule 3007 clearly establishes the allowable bases for claims objections:[1]

> (d) Omnibus objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
>     (1) they duplicate other claims;
>     (2) they have been filed in the wrong case;
>     (3) they have been amended by subsequently filed proofs of claim;
>     (4) they were not timely filed;
>     (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
>     (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
>     (7) they are interests, rather than claims; or
>     (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

---

[1] Fed. R. Bankr. P. 3007

Debtors' asserted rationale, that the claim is not consistent with its "books and records" simply is not an allowable basis for objection under Rule 3007. The reason for this is clear. The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim.[2] The burden then shifts to the debtor to object to the claim.[3] The debtor <u>must introduce evidence to rebut the claim's presumptive validity</u>.[4] If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.[5]

A recent case explained the shifting burdens of proof and the minimum requirements for objections:[6]

> Because a proof of claim that meets the minimum requirements of Bankruptcy Rule 3001 and the instructions for the official form enjoys a presumption of validity as to liability and amount, an objecting party must produce probative evidence of equal weight in order to shift the burden of production of evidence back to the creditor. Such evidence might consist of a recital from an officer, employee or financial professional for the debtor asserting a specific defense to liability, countervailing accounting summaries reflecting payments or other credits not acknowledged by the creditor, and similar evidence. Certainly, at minimum, more than mere recital of the ultimate fact, notice of disagreement or the restatement of some conclusion of law is required.

Here, the Michigan Funds Administration has met its burden, in submitting documentation of the basis of the assessments due and owing, broken down by the separate funds, as well as an affidavit from the Assistant Funds Administrator attesting to the validity of the amounts owed.

---

[2] 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f)
[3] 11 U.S.C. § 502 (b)
[4] Fed R. Bankr. P. 9017; Fed. R. Evid. 301; 4 Collier at P 501.02[3][d]
[5] 4 Collier at P 502.02[3][f]
[6] In re Protected Vehicles Inc., 2009 LEXIS 1689 (2009)

4

Debtor, in response, has not presented any evidence, of any kind, to rebut the claim of the Michigan Funds Administration. Debtors cite several cases for the proposition that the burden is on the claimant to prove by a preponderance of evidence that the allowance is justified. They fail to state that that is true only if the debtor has submitted sufficient evidence to rebut the claim's presumptive validity. Debtor has not presented <u>any</u> evidence to rebut the claim of the Michigan Funds Administration.

Request for Relief

Reorganized Debtors' have failed to assert a legitimate basis for its objection. There has been no evidence or documentation presented to rebut the Michigan Funds Administration claim. The Michigan Funds Administration respectfully requests that its Administrative Claim, #19168 be allowed in full and that Debtors' request for disallowance be denied.

                                              Respectfully submitted,

                                              MICHAEL A. COX
                                              Attorney General

Dated: April 14, 2010                    ___/S/_____
                                              Dennis J. Raterink (P52678)
                                              Michigan Assistant Attorney General
                                              Attorneys for Michigan Funds Administration
                                              P.O. Box 30736
                                              Lansing, Michigan 48909
                                              Telephone: (517) 373-1176

**CERTIFICATE OF SERVICE (efile)**

I hereby certify that on April 14, 2010, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

A courtesy copy of the aforementioned document was placed in UPS receiving box labeled for overnight delivery to:

| | |
|---|---|
| Judge Robert D. Drain<br>U.S. Bankruptcy Court,<br>Southern District of New York<br>300 Quarropas Street<br>White Plains, NY 10601-4140 | DPH Holdings Corp.<br>ATTN: President<br>5725 Delphi Dr<br>Troy, MI 48098 |
| Hon. Charles Brieant<br>Federal Building & Courthouse<br>300 Quarropas Street<br>White Plains, NY 10601-4140 | John Wm. Butler, Jr.<br>John K. Lyons<br>Skadden, Arps, Slate,<br>   Meagher & Flom, LLP<br>155 North Wacker Drive<br>Chicago, Illinois 60606 |

/s/ Dennis J. Raterink
Assistant Attorney General

Attorney for Fund Administration

Labor Division
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 373-1176
raterinkd@michigan.gov
(P52678)

1