Dennis J. Raterink
Michigan Assistant Attorney General
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-1176

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| DPH Holdings Corp., <u>et al.</u>, | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

**RESPONSE TO DEBTORS' FORTY-SIXTH OMNIBUS CLAIMS OBJECTION ON BEHALF OF MICHIGAN SELF-INSURERS' SECURITY FUND**

Background

On July 14, 2009, the Michigan Self-Insurers' Security Fund (MSISF) filed a Request for Payment of Administrative Expense. The claim was based on outstanding workers' compensation obligations owed by Delphi Corporation, as a self-insured employer, for injuries incurred during the post-petition period. The claim amount is $5,557,750.00. This request was received by Debtors and characterized as claim #19281.

On March 19, 2010, Reorganized Debtors filed their "Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge Certain Administrative Expense (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, and (I) Severance Claims, (II) Disallow and Expunge (A) A Certain Duplicate Tax Claim, and (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims and (B) Workers'

1

Compensation Claims, and (IV) Allow Certain Administrative Expense Severance Claims." [Docket No. 19711]

Within this Omnibus Objection, Reorganized Debtors specifically objected to the MSISF's claim for workers' compensation obligations that may become the responsibility of the MSISF. The stated reason for Reorganized Debtors' objection is that the MSISF claim is a "Books and Record Claim." Reorganized Debtors list the MSISF claim in their "Exhibit C – State Workers' Compensation Claims."

<u>Response</u>

The MSISF claim should not be disallowed or expunged, for two primary reasons. <u>First</u>, the claim reflects a valid administrative expense. The basis for the claim stems from the status of Delphi Corporation and its subsidiaries and affiliates, (Delphi), as a self-insured employer for purposes of workers' compensation claims in the state of Michigan. Delphi was first granted self-insurer status by the Michigan Workers' Compensation Agency on May 28, 1999 and continued to operate as a self-insured employer until October 6, 2009. On that date, the MSISF became potentially responsible for these payments to Delphi's injured workers, if no other source of payment is available. At this time, the payments in question are being made by Reorganized Debtors, pursuant to the Plan. However, should these payments stop, the MSISF will remain responsible for payment.

The MSISF was established to provide payment of workers' compensation obligations of a self-insured employer that becomes insolvent and unable to continue to make payments to its injured workers. MCL 418.501. The MSISF is funded by assessments against all self-insured employers in Michigan. MCL 418.551(3). Pursuant to MCL 418.537(1), the MSISF is authorized to make payments to a disabled employee of a private self-insurer if that employer is insolvent and is unable to continue to make the payments. Once payment is commenced by the MSISF, the MSISF is subrogated to the rights of the employee to collect benefits from the employer.

The MSISF has reviewed the reserve amounts established by Delphi's Third-Party Administrator, Sedgwick, and determined the amount of benefits to which the claimants are entitled or potentially entitled. Compensation benefits are payable to an injured worker so long as s/he is disabled pursuant to the Act, MCL 418.301, *et seq*. Based on the indemnity and medical exposure, the total reserves for these cases are set at **$3,969,593.00.** See **Exhibit 1**.

In addition, representatives of the MSISF have provided an estimate, based on years of claims experience and practice, as to the amount of future claims that have been incurred, but not reported. This insurance industry term is referred to as "IBNR." The MSISF estimates that a multiplier of 40% is necessary to cover unreported future obligations. This will require additional reserves of **$1,587,957.00**. See **Exhibit 1**. When the IBNR estimation is combined with the known reserves, it creates a total administrative expense of **$5,557,750.00.**

Delphi's injured workers are entitled to receive workers' compensation benefits for the duration of the disability, *White v Chrysler Corp.*, 421 Mich 192, 196 (1985); *Johnson v Harnischfeger Corp.*, 414 Mich 102, 108 (1982), and benefits may continue for life. *Workers' Compensation in Michigan: Law and Practice* 4th Ed. *§15.1*. The duration of the disability in each case is the expected lifetime of each claimant, given the age of each and the number of years since the date of injury.

These obligations should be treated as administrative expenses because Delphi was allowed to remain self-insured during the entire bankruptcy and it has continued to make compensation payments during the bankruptcy. The obligations listed in this Administrative Claim are limited to those based on injuries incurred <u>after</u> the petition/commencement date. Hence, the obligation to pay these obligations arose after the petition/commencement date. Furthermore, Debtor's estate has been greatly enhanced by its ability to remain self-insured during the pendency of the bankruptcy proceedings. By remaining self-insured, Debtor has been able to avoid paying policy premiums to a private insurer to cover its substantial Michigan workers' compensation obligations.

3

As such, the payment of these obligations qualify as "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case," pursuant to 11 U.S.C. §503(b)(1)(A).

Upon Delphi's cessation of payments, the SISF has potential liability for these obligations, if no other source of payment is available. The SISF filed this claim for the ongoing liability to these claimants.

Second, the Debtors stated objection "certain Administrative Claims . . . assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records," is not a legitimate basis of objection. Rule 3007 clearly establishes the allowable bases for claims objections:[1]

> (d) Omnibus objection. Subject to subdivision (e), objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
> (1) they duplicate other claims;
> (2) they have been filed in the wrong case;
> (3) they have been amended by subsequently filed proofs of claim;
> (4) they were not timely filed;
> (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
> (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
> (7) they are interests, rather than claims; or
> (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

Debtors' asserted rationale, that the claim is not consistent with its "books and records" simply is not an allowable basis for objection under Rule 3007. The reason for this is clear. The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount

---

[1] Fed. R. Bankr. P. 3007

and validity of the claim.[2]  The burden then shifts to the debtor to object to the claim.[3]  The debtor <u>must introduce evidence to rebut the claim's presumptive validity</u>.[4] If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.[5]

A recent case explained the shifting burdens of proof and the minimum requirements for objections:[6]

> Because a proof of claim that meets the minimum requirements of Bankruptcy Rule 3001 and the instructions for the official form enjoys a presumption of validity as to liability and amount, an objecting party must produce probative evidence of equal weight in order to shift the burden of production of evidence back to the creditor. Such evidence might consist of a recital from an officer, employee or financial professional for the debtor asserting a specific defense to liability, countervailing accounting summaries reflecting payments or other credits not acknowledged by the creditor, and similar evidence. Certainly, at minimum, more than mere recital of the ultimate fact, notice of disagreement or the restatement of some conclusion of law is required.

Here, the MSISF has met its burden, in submitting documentation of the workers' compensation obligations that it may be required to pay, as well as an affidavit from the Assistant Funds Administrator attesting to the validity of the amounts owed.

Debtor, in response, has not presented any evidence, of any kind, to rebut the claim of the MSISF.  Debtors cite several cases for the proposition that the burden is on the claimant to prove by a preponderance of evidence that the allowance is justified.  They fail to state that that is true only if the debtor has submitted sufficient evidence to rebut the claim's presumptive validity.  Debtor has not presented <u>any</u> evidence to rebut the claim of the MSISF.

---

[2] 11 U.S.C. § 502(a);  Fed. R. Bankr. P. 3001(f)
[3] 11 U.S.C. § 502 (b)
[4] Fed R. Bankr. P. 9017; Fed. R. Evid. 301; 4 Collier at P 501.02[3][d]
[5] 4 Collier at P 502.02[3][f]
[6] In re Protected Vehicles Inc., 2009 LEXIS 1689 (2009)

### Request for Relief

Reorganized Debtors' have failed to assert a legitimate basis for its objection. There has been no evidence or documentation presented to rebut the MSISF claim. The Michigan Self-Insurers' Security Fund respectfully requests that its Administrative Claim, #19281 be allowed in full and that Debtors' request for disallowance be denied.

                            Respectfully submitted,

                            MICHAEL A. COX
                            Attorney General

Dated: April 14, 2010            ___/S/_____
                                        Dennis J. Raterink (P52678)
                                        Michigan Assistant Attorney General
                                        Attorney for Michigan Self-Insurers' Security Fund
                                        Labor Division
                                        P.O. Box 30736
                                        Lansing, Michigan 48909
                                        Telephone: (517) 373-1176

**CERTIFICATE OF SERVICE (efile)**

I hereby certify that on April 14, 2010, I electronically filed the above document(s) and its exhibit(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

A courtesy copy of the aforementioned document was placed in UPS receiving box labeled for overnight delivery to:

| | |
|---|---|
| Judge Robert D. Drain<br>U.S. Bankruptcy Court,<br>Southern District of New York<br>300 Quarropas Street<br>White Plains, NY 10601-4140 | DPH Holdings Corp.<br>ATTN: President<br>5725 Delphi Dr<br>Troy, MI 48098 |
| Hon. Charles Brieant<br>Federal Building & Courthouse<br>300 Quarropas Street<br>White Plains, NY 10601-4140 | John Wm. Butler, Jr.<br>John K. Lyons<br>Skadden, Arps, Slate,<br>   Meagher & Flom, LLP<br>155 North Wacker Drive<br>Chicago, Illinois 60606 |

/s/ Dennis J. Raterink
Assistant Attorney General

Attorney for Self-Insurers' Security Fund

Labor Division
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 373-1176
raterinkd@michigan.gov
(P52678)

1