BRYAN CAVE LLP
Michelle McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans
Christopher J. Lawhorn
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*, | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |
| DELPHI CORPORATION, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>SPARTECH POLYCOM,<br><br>                    Defendant. | Adv. Pro. No. 07-02639 (RDD) |

**RESPONSE AND OBJECTION OF DEFENDANT, SPARTECH POLYCOM, TO REORGANIZED DEBTORS' MOTION FOR CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**

COMES NOW Spartech Polycom ("Spartech"), Defendant in Adversary Proceeding

Number 07-02639 (the "Action"), by and through its undersigned counsel, and for its Response

<u>and Objection to Reorganized Debtors' Motion For Case Management Order Establishing Procedures Governing Adversary Proceedings</u> (the "Motion"), respectfully states as follows:

### Introduction

1. The Motion seeks to establish procedures to govern 177 separate preference actions in a "manner that minimizes the burdens upon the parties and the Court." (Motion ¶ 2). At an appropriate time, Spartech looks forward to the opportunity to address all "burdens" the Debtors have "minimized" since secretly filing the Action under seal 2½ years ago without notice to Spartech nor any other defendants. But that's a matter for another day. For now, the relief requested in the Motion should be denied, modified or deferred for at least two reasons.

2. *First*, the Motion asserts that each preference action "requires separate adjudication with all that is entailed…" (Motion ¶ 21). Yet, for interests of judicial economy, there are common issues in each adversary case to be addressed collectively in a bifurcated manner. Specifically, the Debtors' past conduct filing 177 lawsuits under seal, without notice to defendants while continuing to seek favorable trade terms with Spartech and other defendants knowing full well that multi-million dollar lawsuits were filed, sealed, and service of summons withheld for 2½ years, provides a common defense for all defendants. This same conduct may also give rise to a number of counterclaims against the Debtors and others arising from these actions. Any case management order should serve to bifurcate these issues, allow all parties to coordinate resources, and avoid inconsistent outcomes.

3. *Second*, the Motion improperly seeks to limit the order and scope of discovery as well as motion practice before the Court. The proposed limitations upon discovery contemplated in the Motion would be inadequate in the simplest of cases, much less the Action at bar which involves 40 alleged preferential transfers seeking disgorgement of amounts in excess of

1576205.1                                        2

$8.6 million. Similarly, there is no justification to bar access to the Court from Spartech or others for purposes of motion practice. Accordingly, the Motion should be denied.

## Background

4. On October 8, 2005 and October 14, 2005, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code, and their cases were subsequently jointly administered.

5. By Order entered August 16, 2007 [Dkt #9105], the Court granted the Debtors' motion to commence a series of preference actions (under seal) and extend time by which the Debtors would serve process (the "Service of Process Deadline") for almost sixty (60) days beyond the 120-day statutory deadline, or March 31, 2008. Spartech did not receive notice of the motion nor entry of the Order.

6. Prior to expiration of the statute of limitations in October, 2007, the Debtors filed 742 preference actions (under seal), including the Action.

7. By Orders entered on March 28, 2008 [Dkt #13277], April 30, 2008 [Dkt #13484] and October 22, 2009 [Dkt #18999], the Court granted three additional motions of the Debtors for open-ended extensions of the Service of Process Deadline until 180 days after substantial consummation of a modified plan of reorganization. Spartech did not receive notice of any motion nor entry of any Order.

8. Of the 742 preference actions filed, the Debtors now choose to pursue 177 separate adversary proceedings.

9. The Debtors served the Action by mailing copies of a Summons, dated March 25, 2010, and a Complaint, dated September 26, 2007 (the "Complaint") to Spartech.

10. The Complaint seeks the avoidance and recovery of 40 alleged transfers totaling $8,637,901.23 pursuant to sections 547 and 550 of the Bankruptcy Code.

**Argument**

A.   **Any Case Management Order Should Bifurcate And Coordinate Discovery And Motion Practice Relating To The Debtors' Conduct In Filing All Preference Actions And Maintaining Them Under Seal.**

11.   Spartech concurs with Debtors' assertion that "this Court has broad discretion to adopt and implement guidelines, such as the uniform and streamlined procedures, which will aid in the administration of these proceedings." (Motion ¶ 26). Spartech also concurs that under Local Rules the Court may establish a case management order to address administration of the cases. However, the Motion fails to take account how best to streamline and handle a central issue that must be addressed in the administration of each of the 177 preference actions – *i.e.*, the Debtors' actions in filing and concealing these cases from 177 defendants for the past 2½ years to unilaterally preserve time-barred actions under a statute of limitations that expired in October, 2007.

12.   More specifically, a defense in each of these preference actions is the Debtors' conduct in connection with filing the preference actions and their efforts to keep complaints under seal without notice to the defendants. This not only impacts the Court's jurisdiction to hear the actions, but also fundamental Due Process, the litigants' reliance upon a statute of limitation which time-barred this ambush, and implicates other legal issues that require that the preference actions be dismissed. At least six defendants have filed motions to dismiss based on this conduct. Spartech intends to do the same. Presumably, a large number of other defendants, who may or may not already be served, will also file motions to dismiss. In addition, the Debtors' conduct may give rise to counterclaims to be asserted in each of the preference actions. Discovery relevant to the defenses and counterclaims would in most instances be common to all defendants. Briefing schedules, appropriate discovery, and necessary hearings should be coordinated in a manner to allow all defendants an opportunity to be heard.

13. In considering how to deal with such common issues now confronted by each defendant on account of the Debtors' conduct, this Court has the power and authority to bifurcate the preference actions to allow coordinated efforts with regard to discovery, motion practice, and trial of claims and defenses arising from the Debtors' conduct. See Gordon & Hiller v. McMasters (In re McMasters), 269 B.R. 86, 89 (Bankr.D.Conn. 2001), ("Fed. R. Civ. P. 42(b), made applicable by Fed. R. Bankr. P. 7042, provides, in pertinent part: 'The court, in furtherance of convenience or ... when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue...."). See also Colon ex rel. Molina v. BIC USA, Inc. 199 F. Supp. 2d 53, 97-98 (S.D.N.Y. 2001); Vichare v. AMBAC, 106 F.3d 457, 466 (2d. Cir. 1996) (the interests served by bifurcation are convenience, negation of prejudice, and judicial efficiency).

14. Indeed, depending on how bifurcation is structured, a dispositive ruling on the various motions to dismiss may obviate the need to address the merits of any of the preference actions. This is another factor supporting the requested bifurcation. See Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d. Cir. 1999) (bifurcation appropriate where the litigation of the first issue might eliminate the need to litigate the second issue); see also Gordon & Hiller v. McMasters (In re McMasters), 269 B.R. 86, 89 (Bankr.D.Conn. 2001) (citing Vichare v. AMBAC, 106 F.3d 457, 466 (2d Cir. 1996) ("'Bifurcation may therefore be appropriate … where litigation of one issue may obviate the need to try another issue.'")). As a result, issues relating to the Debtors' conduct with regard to the preference actions should be bifurcated and coordinated.

**B.      Several Provisions In The Proposed Case Management Order Unfairly Restrict The Scope, Order, And Amount Of Discovery As Well As Spartech's Right To File Motions.**

15.     Several of the provisions of the proposed Order attached to the Motion unduly limit the scope, order, and amount of discovery. In addition, the proposed Order inhibits access to the Court by restricting Spartech's right to file motions. As a result, each of the following provisions sought by the Motion, and embedded in the proposed Case Management Order, compel this Court to deny the Motion.

16.     <u>Paragraph 3</u>: The Debtors seek to avoid making any initial disclosures required by Bankruptcy Rule 7026(a)(1). There is no justifiable reason as to why the Debtors should not be required to make initial disclosures.

17.     <u>Paragraph 4</u>: If the Motion were granted, Spartech is prohibited from filing any motion without a prior telephonic conference with the Court. This makes no sense. The only justification offered by the Debtors is the possibility that they might face numerous motions. But why should Spartech's access to the Court be limited simply because the Debtors filed 177 preference actions? In addition, if a telephonic request to file a motion is denied, Spartech may be left with an inability to act (or even appeal the denial).

18.     <u>Paragraphs 6, 9 and 10:</u> Debtors seek to limit Spartech to 20 requests for production, 10 interrogatories, and 30 requests to admit in an Action involving 40 alleged transfers totaling over $8.6 million. This too makes no sense. And it is no response for the Debtors to assert that the proposed Order states that a party for "good cause" and where "circumstances warrant" may seek modification of the terms of the Order. There is no way the Debtors can justify this with respect to most, if not all, of the preference actions – and certainly not as to Spartech.

19. Paragraph 8: The Debtors seek to constrain the substance, scope and order of discovery by prohibiting requests for admissions until after all other discovery is completed. But, requests to admit are very useful in helping define discovery that must be taken. If efficiency is the professed goal of the Motion, prohibiting requests for admission until completion of discovery is at odds with that goal.

## Conclusion

Spartech is not opposed to the idea of a Case Management Order. Spartech is opposed to this proposed Case Management Order because it: (i) ignores important issues common to all defendants and the opportunity to bifurcate these issues, and (ii) seeks to unduly limit the substance, scope, and amount of discovery necessary for Spartech to defend itself as well as Spartech's ability to access the Court through appropriate motion practice.

WHEREFORE, Spartech respectfully requests (i) that the Motion and requested Order be denied, or in the alternative, (ii) that hearing on the Motion be continued and reset for not less than sixty (60) days to permit the parties to meet and confer in an effort to reach an agreed case management order that addresses the concerns of the parties, and (iii) for such other and further relief as the Court deems appropriate.

Dated: April 14, 2010 Respectfully submitted,

/s/ Michelle McMahon
Michelle McMahon (MM-8130)
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans
Christopher J. Lawhorn
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

## CERTIFICATE OF SERVICE

      I, Michelle McMahon, hereby certify that on April 14, 2010, a true and correct copy of the foregoing Response And Objection Of Defendant, Spartech Polycom, To Reorganized Debtors' Motion For Case Management Order Establishing Procedures Governing Adversary Proceedings was served upon the following counsel by first class U.S. Mail.

Butzel Long
380 Madison Avenue, 22nd Floor
New York, NY 10017
Attention:  Eric B. Fisher, Esq.

                                                      /s/ Michelle McMahon
                                                      Michelle McMahon (MM 8130)