Hearing Date: April 22, 2010 at 10:00 a.m.

**FOX ROTHSCHILD LLP**

75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
973-992-4800
- and -
100 Park Avenue, 15th Floor
New York, NY 10017
rmeth@foxrothschild.com
RICHARD M. METH, ESQ. (RM7791)(admitted *pro hac vice*)

and

**GREENEBAUM DOLL & MCDONALD PLLC**

3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
502-589-4200
C. R. BOWLES, ESQ. (*pro hac vice* pending)

Attorneys For Defendants DSSI (improperly identified)
and DSSI, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ x | | |
| | : | |
| In re: | : | |
| | : | |
| DELPHI CORPORATION, *et al.*, | : | Chapter 11 |
| | : | Case No. 05-44481 (RDD) |
| Debtors. | : | |
| | : | (Jointly Administered) |
| _____ x | : | |
| | : | |
| DELPHI CORPORATION, *et al.,* | : | Adv. Pro. No. 07-02236 (RDD) |
| | : | |
| Plaintiffs | : | |
| | : | |
| - against - | : | |
| | : | |
| DSSI and DSSI, LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ x | | |

**OBJECTION OF THE DSSI DEFENDANTS TO REORGANIZED
DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER
<u>ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS</u>**

The defendants, DSSI (improperly identified) and DSSI, LLC (each a "**Defendant**" and collectively, the "**Defendants**") as and for their Objection to the Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings (the "**Objection**"), state:

## Introduction

1.       The plaintiffs in these Adversary Proceedings (collectively, the "**Plaintiffs**") have filed 177 complaints which seek to avoid and recover transfers pursuant to 11 U.S.C. §§ 547 and 550.  Plaintiffs, through the Reorganized Debtors as successors to Delphi Corporation, *et als*. (collectively, "**Delphi**"), now seek the entry of a single, uniform Case Management Order that would apply to all 177 actions,[1] contending that such an order will allow the Court to "establish streamlined procedures to facilitate the efficient resolution of the adversary proceedings . . ."

2.       While Defendants have no objection to Plaintiffs' claimed goal, Defendants believe that entry of any Case Management Order at this juncture is premature.  Furthermore, to the extent the Court believes that an order should be entered at this time, Defendants, for the reasons stated below, object to several portions of the proposed Case Management Order (the "**Proposed Order**") because the Proposed Order will prejudice Defendants and will make Defendants' defense and/or settlement of this Adversary Proceeding even more burdensome and difficult than it already has been made by virtue of the multi-year delay between the filing and service of the particular Complaint upon Defendants.

---

[1] Except that, pursuant to the Court's April 1, 2010 ruling, the Case Management Order would not apply to certain unserved foreign defendants.

3.    In fact, Defendants submit that Delphi's hurried request for entry of the Proposed

Order - restricting discovery after having provided **no notice** of the sealed proceedings for almost

two and a half years - is entirely consistent with Delphi's strategy of litigating these avoidance

claims by intentionally depriving the Defendants of their due process rights while, at the same

time, undermining the Defendants' ability to effectively defend the actions by limiting the

information that Delphi will have to produce (after keeping the actions a secret for two and a half

years).

**Background**

4.    Delphi commenced this Adversary Proceeding against the Defendants by filing a

complaint (*i.e.*, the "**Complaint**") under seal with the Clerk on September 26, 2007.    The

Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential

transfers made to the Defendants in the aggregate amount of $7,070,216.76.    The Complaint is

attached hereto as <u>Exhibit A</u>.

5.    The Complaint is bare-bones, providing no information other than the alleged

"transfer date," "transfer amount" and "transfer type" for the numerous transfers that it now,

almost five years later, seeks to avoid.    For example, the Complaint does not identify which of

the **numerous Delphi debtors** involved in this bankruptcy proceeding, actually owed the money

that was allegedly transferred, or to which Defendant entity the money was allegedly owed.    The

Complaint also does not identify which Delphi debtor actually made the alleged payments (and

out of which Delphi debtor's bank account) or to which Defendant entity the payment was

allegedly made.    Compounding these problems, Delphi has named as a defendant a partial entity

name or name of an entity which does not exist.    In fact, the Complaint fails to even set forth the

identity of the actual plaintiffs making the avoidance claims (*i.e.*, which Delphi entities are suing

Defendants); instead, the Complaint simply states that "the term 'Plaintiffs' shall mean all of the

Debtors in the above-captioned chapter 11 cases." *See* <u>Ex. A</u>. Upon information and belief, Plaintiffs were in possession of this missing information at the time that the Complaint was filed but elected to exclude it.

6.      Because Delphi has provided almost no information in its Complaint, Defendants will now be required to conduct extensive discovery to evaluate the merits of the avoidance claims (whomever they are brought on behalf of) and to formulate defenses and/or settlement positions. This discovery will seek, among other things, information and documents necessary to evaluate basic facts -- which should have been pleaded in the Complaint -- including: (a) whether the property transferred was an interest in property of the debtor entities which are plaintiffs; (b) which debtor entity made each of the transfers; (c) to whom the transfers were made; (d) the purpose of each transfer; and (e) who was the initial transferee of each transfer.

7.      The necessity for robust discovery has been compounded by the fact that Delphi provided absolutely no notice to Defendants of its "sealed" actions. As a result, any attempt by Delphi to limit discovery after keeping these actions a secret for over two years will severely prejudice Defendants. Significantly, because the Defendants had no notice prior to the filing of this Adversary Proceeding or at anytime thereafter until the Complaint was unsealed and served upon them, they took no special steps to organize and preserve their records with respect to Delphi.

8.      Additionally, Defendants are planning on filing motions to dismiss this Adversary Proceeding which will argue among other things (and similar to various arguments already made by other defendants) that (a) Plaintiffs' violations of Defendants fundamental due process rights warrant dismissal, and (b) Delphi's avoidance claims are barred by the applicable statute of limitations and by the doctrines of laches, judicial estoppel and abandonment.

9.      Accordingly, Defendants object to Delphi's Motion and respectfully submit that no discovery should take place at this juncture.

**Argument**

10.      The Defendants object to the entry of any case management order at this time.  In the event, however, that this Court feels that a case management order is necessary, Defendants object to several of the specific terms proposed by Plaintiffs.  In the interest of judicial economy, the Defendants hereby adopt, as if fully set forth herein, all relevant factual assertions and legal arguments set forth in *Defendants' Objections to Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings* filed by the defendants in Adversary Proceeding No. 07-02198 (the "**Related Objection**") on April 8, 2010. A copy of the Related Objection, without exhibits, is attached hereto and incorporated herein as Exhibit B.

11.      With respect to Paragraph 12 of the Related Objection, under the heading **"In Any Event, Defendants Object to Several Discovery Limitations in the Proposed Case Management Order,"** the Defendants hereby clarify that the objection set forth in Paragraph 12 is intended to apply to all motions, and is not solely limited to discovery motions.

[Balance of page intentionally left blank.]

5

**Conclusion**

12.    For all of the foregoing reasons, as well as the reasons contained in the Related

Objection, the Defendants respectfully submit that entry of the Proposed Order should be denied.

In the alternative, Defendants submit that (a) the Proposed Order be denied as premature, and (b)

if any order is to be entered, the Proposed Order should be modified as set forth in, and

consistent with, the Related Objection.    Finally, the Defendants request that the Court grant to

them such further relief as is just and proper.


Dated: April 14, 2010
       Roseland, NJ


                          FOX ROTHSCHILD LLP


                          By:    /s/ Richard M. Meth
                                 RICHARD M. METH (RM7791)
                                 75 Eisenhower Parkway, Suite 200
                                 Roseland, New Jersey 07068
                                 973-992-4800
                                 - and -
                                 100 Park Avenue, 15th Floor
                                 New York, NY  10017
                                 rmeth@foxrothschild.com

                                 and
                                 GREENEBAUM DOLL & MCDONALD PLLC
                                 C. R. Bowles (*pro hac vice* pending)
                                 crb@gdm.com
                                 3500 National City Tower
                                 101 South Fifth Street
                                 Louisville, KY 40202
                                 (502) 589-4200  (T)
                                 (502) 540-2274  (F)

                                 Attorneys    for    Defendants    DSSI    (improperly
                                 identified) and DSSI, LLC

**<u>EXHIBIT A</u>**

(Complaint)

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P.
7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii)
Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary
Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :    Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*,                   :
                                                :    Jointly Administered
------------------------------------------------x
                                                :
DELPHI CORPORATION, *et al.*,                   :    Adv. Pro. No. 07-_____ [RDD]
                                                :
                      Plaintiffs,               :
                                                :
        - against -                             :
                                                :
DSSI and DSSI LLC,                              :
                                                :
                      Defendants.               :
                                                :
------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendants (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1.      On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3.      Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against DSSI and DSSI LLC (together, "Defendants") to direct the return of certain avoidable transfers (the "Transfers") that were made by Plaintiffs to Defendants as more fully and particularly identified in Exhibit "1" annexed hereto.

---

[1]      The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

2

4.      This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

5.      Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

6.      Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7.      Upon information and belief, Defendants were creditors of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

8.      Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9.      Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10.     On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendants.

11.     The Transfers constitute transfers of interests in Plaintiffs' property.

12.     Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendants.

13.     Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made (the "Debt").

14.    Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15.    The Transfers enabled Defendants to receive more than they would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

16.    Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a.    On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendants to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

4

   b.  Granting such other and further relief as this Court may deem just

and proper.

DATED: New York, New York
    September 26, 2007

        DELPHI CORPORATION, *et al.*,
        Debtors, Debtors in Possession and Plaintiffs,
        By their Conflicts Counsel,
        TOGUT, SEGAL & SEGAL, LLP
        By:

        */s/* Neil Berger
        NEIL BERGER (NB-3599)
        SCOTT E. RATNER (SER-0015)
        Members of the Firm
        One Penn Plaza, Suite 3335
        New York, New York  10119
        (212) 594-5000

5

## EXHIBIT "1"

### DELPHI CORPORATION, *et al.*
v.
### DSSI, *et al.*

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 8/15/2005 | $656,200.24 | WIRE |
| 9/19/2005 | $2,616,187.32 | WIRE |
| 9/28/2005 | $1,300,235.92 | WIRE |
| 9/30/2005 | $220,538.25 | WIRE |
| 10/4/2005 | $512,885.58 | WIRE |
| 10/6/2005 | $1,217,178.75 | WIRE |
| 10/7/2005 | $546,990.70 | WIRE |
| **TOTAL:** | **$7,070,216.76** | |

**<u>EXHIBIT B</u>**

(Related Objection)

Hearing Date: April 22, 2010 at 10:a.m.

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (P38733)
Douglas Salzenstein (P59288)
E. Todd Sable (P54956)
Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendants Affinia Group Holdings, Inc.,
Brake Parts, Inc., Valeo Climate Control Corp.,
Valeo Electrical Systems, Inc. and Valeo, Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

_____/

DELPHI CORPORATION, et al.                    Chapter 11
                                              Case No. 05-44481 (RDD)
                                              Jointly Administered

_____/

DELPHI CORPORATION, et al.,

      Plaintiffs,                          Adv. Pro. No. 07-02198(RDD)


Against

AFFINIA GROUP HOLDINGS, INC.,
AFFINIA, AFFINIA CANADA CORP.,
AFFINIA GROUP, AFFINIA CANADA, BRAKE
PARTS, INC., ITAPSA S.A. DE C.V.
AND WIX FILTRATION
PRODUCTS EUROPE

      Defendants.

_____/

DELPHI CORPORATION, et al.,

      Plaintiffs,                                                    Adv. Pro. No. 07-02534(RDD)

Against

VALEO, VALEO AIRFLOW DIVISION, VALEO
CLIMATE CONTROL USA, VALEO ELECTRICAL
SYSTEMS, VALEO ELECTRONICS NA, VALEO
INC., VALEO SCHALTER AND SENSOREN AND
VALEO WIPER SYSTEMS & ELECTRIC MOTORS
NORTH AMERICA,

      Defendants.
_____/

### DEFENDANTS' OBJECTIONS TO REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS

The Defendants Affinia Group Holdings, Inc., Brake Parts, Inc., Valeo Climate Control Corp., Valeo Electrical Systems, Inc. and Valeo, Inc. (each a **"Defendant"** and collectively, the **"Defendants"**) for Defendants' Objections To Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings, state:

**Introduction**

1.    The Plaintiffs in these Adversary Proceedings have filed 177 complaints which seek to avoid and recover transfers pursuant to 11 U.S.C. §§ 547 and 550. Plaintiffs, through the Reorganized Debtors as successor to Delphi Corporation, et al (collectively, **"Delphi"**), now seek the entry of a single, uniform Case Management Order that would apply to all 177 actions,[1] contending that establishment of such an order will allow the Court to "establish streamlined procedures to facilitate the efficient resolution of the adversary proceedings . . ." While

_____

[1] Except that, pursuant to the Court's April 1, 2010 ruling the Case Management Order would not apply to certain unserved foreign defendants.

Defendants have no objection to this laudable goal, Defendants believe that entry of any Case
Management Order at this juncture is premature. Furthermore, to the extent the Court believes
that an order should be entered at this time, Defendants, for the reasons stated below, object to
several portions of the Proposed Case Management Order because the order will prejudice
Defendants and will make Defendants' defense and/or settlement of this Adversary Proceeding
more burdensome and difficult.

2.     In fact, Defendants submit that Delphi's hurried request for entry of a uniform
Case Management Order - restricting discovery after having provided *no notice* of the sealed
proceedings for well over two years - is entirely consistent with Delphi's transparent strategy of
litigating these avoidance claims by intentionally depriving the Defendants of their due process
rights while, at the same time, undermining the Defendants' ability to effectively defend the
actions by limiting the information that Delphi will have to produce (after keeping the actions a
secret for over two years).

**Background**

3.     On September 27, 2007, Delphi opened the court file which allegedly contained a
sealed complaint against Affinia Group Holdings, Inc. and several affiliated entities (the "**Affinia
Defendants**") seeking to recover over $17 million in alleged preferences. On September 28,
2007, Delphi opened a court file which allegedly contained a sealed complaint against Valeo,
Inc. and several affiliated (or otherwise improperly identified or nonexistent, and unserved)
entities (the "**Valeo Defendants**") seeking to recover over $19.5 million in alleged preferences.
Delphi's complaints are bare-bones, providing no information other than the alleged "transfer
date," "transfer amount" and "transfer type" for the numerous transfers that it now, over two
years later, seeks to avoid. *See* Exhibit 1 (Compl. Against Affinia Defendants). For example,
the Complaint does not identify which of the *numerous Delphi debtors* involved in this

3

bankruptcy proceeding, actually owed the money that was allegedly transferred, or to which Defendant entity the money was allegedly owed. The Complaint also does not identify which Delphi debtor actually made the alleged payments (and out of which Delphi debtor's bank account) or to which Defendant entity the payment was allegedly made. Compounding these problems, Delphi has named as defendants partial entity names and names of entities which do not exist. *See* Exhibit 2 (Declaration of Thomas F. Miller) at ¶3. In fact, the Complaints fail to even set forth the identity of the actual plaintiffs making the avoidance claims (i.e., which Delphi entities are suing Defendants); instead, the Complaints simply state that they are brought on behalf of "Delphi Corporation ('Delphi') and other [unnamed] above-captioned debtors and debtors in possession." *See* Ex. 1. Plaintiffs have been in possession of this missing information for over two and a half years, but have elected to exclude it from their Complaints.

4.      Because Delphi has provided almost no information in its Complaints, Defendants will be required to conduct extensive discovery to evaluate the merits of the avoidance claims (whomever they are brought on behalf of) and to formulate defenses and/or settlement positions. This discovery will comprise, among other things, information and documents necessary to evaluate basic facts—which should have been pleaded in the Complaints—including: (a) whether the property transferred was an interest in property of the debtor entities which are plaintiffs; (b) which debtor entity made each of the transfers; (c) to whom the transfers were made; (d) the purpose of each transfer; and (e) who was the initial transferee of each transfer.

5.      The necessity for robust discovery in this proceeding has been compounded by the fact that Delphi provided absolutely no notice to Defendants of its "sealed" actions. Any attempt by Delphi to limit discovery after keeping these actions a secret for over two years will severally prejudice Defendants given that, for example, Affinia closed virtually every one of its facilities which conducted business with Delphi, and Valeo sold a business unit which

4

manufactured and sold parts to one or more of the Delphi debtors. Because Affinia and Valeo had no notice of these Adversary Proceedings, they took no special steps to organize and preserve their records with respect to Delphi, to hold exit interviews with former employees who were knowledgeable about the Delphi business relationships, or to make arrangements to keep in touch with those former employees to provide litigation information or serve as witnesses. *See* Exhibit 3 (Declaration of Patrick Manning) ¶¶ 5-6; Exhibit 2, ¶ 7.

6.      Additionally, Defendants are planning on filing motions to dismiss these Adversary Proceedings which will argue (similar to the arguments already made) that fundamental due process violations warrant dismissal and that Delphi's avoidance claims are barred by the statute of limitations, the doctrine of laches, judicial estoppel and abandonment (among other arguments).

7.      Accordingly, Defendants object to Delphi's Motion because no discovery should take place at this juncture.

**Entry of a Case Management Order Is Premature**

8.      First, discovery should be held in abeyance pending resolution of the Defendants' (and any other defendants') motions to dismiss which will, if granted, negate the need for discovery and the consequent burden to Delphi's estates and the Defendants. Indeed, to the extent that Defendants' motions to dismiss are denied, Defendants (and, upon information and belief, other defendants) may seek leave to file interlocutory appeals in order to defend their fundamental due process rights. Defendants respectfully submit that no discovery should take place until the Court has had a chance to rule on the Defendants' various motions to dismiss and until any interlocutory appeals have been exhausted.

9.      Further, logically no Case Management Order should be entered until discovery is ready to be commenced. At that point, the parties and the Court will know much more about the

5

scope of the issues going forward in the Adversary Proceedings and what discovery is likely to be required. This information will assist in better shaping a Case Management Order.

**In Any Event, Defendants Object To Several Discovery Limitations in the Proposed Case Management Order**

10.     To the extent the Court is inclined to enter a Case Management Order at this time, Defendants object to several portions of the proposed order which is attached as Exhibit A to Delphi's Motion (the **"Proposed Order"**).

11.     Defendants object to the proposal in Paragraph 3 of the Proposed Order which states that all parties are exempt from the initial disclosure requirements of Bankruptcy Rule 7026(a)(l).  To the extent that discovery is limited as requested by Delphi in the Proposed Order (limiting the number of interrogatories, requests for admission, and document production requests) information provided in the parties' initial disclosures will be critical, particularly in light of the lack of requisite detail contained in the Complaint.  However, if the discovery limitations set forth in paragraphs 6, 8, 9 and 10 of the Proposed Order are removed or relaxed, Defendants would be amenable to the elimination of the initial disclosure requirements of Bankruptcy Rule 7026(a)(l).

12.     Defendants object to Paragraph 4 of the Proposed Order which would require approval of the Court before *any* motion can be filed.  Instead, the Court's local rules, which already require that a telephone conference be held before certain motions are filed, should control.  See Rules 7007-1(a), 7056-1(a).  As explained in the Comment to Rule 7056-1, "[t]he rule does not limit a party's right to file a motion . . . after the pre-motion conference."  There is no need to expand the limitations contained in the Court's local rules to apply to "any" motion filed in this matter or to permit the barring of filing motions.

13.     Defendants object to Paragraph 6 of the Proposed Order which limits the number of document requests to twenty (20), including subparts and subsets.  Any limitation to the

number of document production requests that may be propounded (a limitation which appears nowhere in the Bankruptcy Rules) is unwarranted given the lack of detail contained in the complaints and Delphi's delay in unsealing its Complaints. Indeed, as discussed above, robust discovery should be permitted given the substantial prejudice and loss of critical information that has been caused by Delphi's sealed filing of the avoidance actions years ago. See Exhibits 2 (Thomas F. Miller Declaration) and 3 (Patrick Manning Declaration).

14.    Defendants object to Paragraphs 8 and 10 of the Proposed Order which: (a) limits the timing of requests for admission to "no sooner than thirty (30) days *after* the close of all other fact discovery . . ."; and (b) limits the number of admission requests to thirty (30), including subsets and subparts. There is no reason to limit the timing of admission requests to "after" the close of other fact discovery and nothing in the Bankruptcy Rules supports such a limitation. To the contrary, admission requests are often useful early in discovery to limit the issues in dispute or otherwise focus the parties' discovery efforts. The Bankruptcy Rules, moreover, do not limit the number of admission requests that a party can propound (to 30 or otherwise) and no limit should be set in this case, particularly given the lack of detail contained in the complaints and Delphi's delay in prosecuting its claims. And, in any event, there should be no limit on the number of requests for admission which seek to authenticate documents.

15.    Defendants object to Paragraph 9 of the Proposed Order which limits the number of interrogatories to ten (10), including subsets and subparts. The Bankruptcy Rules permit twenty-five (25) interrogatories, including discrete subparts, subject to the right to seek leave to serve additional interrogatories. See Federal Rule of Civil Procedure 33(a)(l). Twenty-five (25) interrogatories (the very number provided for in the Rules) is probably insufficient in these Adversary Proceedings given the lack of detail contained in Delphi's Complaints, Delphi's delay in prosecuting its claims, and the number of transactions and high dollar amounts at issue.

7

Indeed, this number of interrogatories should be expanded if good cause is shown by any defendant.

16.    Defendants object to Paragraph 11 of the Proposed Order which provides that fact and expert discovery will be closed on or before December 1, 2011. For the reasons discussed above, setting a discovery deadline is premature at this time. To the extent a case management order is entered, Defendants submit that no discovery should be taken until Defendants' (and other defendants') initial motions to dismiss and all interlocutory appeals related to all motions to dismiss are exhausted, so that all fact and expert discovery should be completed eighteen (18) months after the resolution of all interlocutory appeals, as opposed to by a fixed date.

**Omnibus Hearing Procedures**

18.    Any Case Management Order should include procedures for omnibus hearing dates in the Delphi preference adversary proceedings, with Delphi being required to file an agenda in each of the adversary proceedings at least three business days before each hearing date.

WHEREFORE, Defendants request that entry of the Proposed Order be denied as premature or, in the alternative, the Proposed Order be modified consistent with the above; and that the Court grant to Defendants such further relief as is proper and just.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

Attorneys for Affinia Group Holdings, Inc. Brake Parts, Inc., Valeo Climate Control Corp., Valeo Electrical, Systems, Inc. and Valeo, Inc.

By: /s/ Judy B. Calton
    Judy B. Calton (P38733)
    Douglas Salzenstein (P59288)
    E. Todd Sable (P54956)
    Marcia Bennet Boyce (P67584)

2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
e-mail: jcalton@honigman.com

Dated: April 8, 2010

DETROIT.4132483.3