Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                                                                  :
             In re                                                           :       Chapter 11
                                                                                  :
DPH HOLDINGS CORP., et al.,                         :       Case Number 05-44481 (RDD)
                                                                                  :
                                                                                  :       (Jointly Administered)
             Reorganized Debtors.                           :
                                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

SUPPLEMENT TO THE REORGANIZED DEBTORS' SECOND SUPPLEMENTAL REPLY
TO RESPONSE OF JEFFREY A. MILLER TO DEBTORS' OBJECTIONS TO
PROOF OF CLAIM NUMBER 11375 FILED BY JEFFREY A. MILLER

("SUPPLEMENT TO  SUPPLEMENTAL REPLY REGARDING
JEFFREY A. MILLER'S CLAIM NUMBER 11375")

DPH Holdings Corp. ("DPH Holdings")[1] and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit the Supplement To The Reorganized Debtors' Supplemental Reply To Response Of Jeffrey A. Miller To Debtors' Objection To Proof Of Claim Number 11375 Filed By Jeffrey A. Miller (the "Second Supplemental Reply"), and respectfully represent as follows:

1. On April 13, 2010, the Reorganized Debtors filed the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof of Claim Number 11375 Filed By Jeffrey A. Miller, Administrative Expense Claim Number 16925 Filed By Stanley D. Smith, Administrative Expense Claim Numbers 17081 And 18049 Filed By James A. Luecke, Administrative Expense Claim Number 18087 Filed By Frank X. Budelewski, Administrative Expense Claim Number 18604 Filed By Walter A. Kunka, Administrative Expense Claim Number 20017 Filed By Andrew C. Gregos, And Administrative Expense Claim Number 20054 Filed By Robyn R. Budd (Docket No. 19809) (the "Supplemental Reply").

B.  Supplemental To Argument Regarding Proof Of Claim Number 11375

2. Correction Regarding The Supplemental Reply.  In the Supplemental Reply, the Reorganized Debtors erroneously stated that Mr. Miller ended work before the annual calendar year performance period under the Annual Incentive Plan.  Supplemental Reply ¶ 37. However, pursuant to the Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Debtors To Implement A Short-Term Annual Incentive Program (Docket No. 2241) ("AIP Order"), the

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Supplemental Reply.

"Performance Period" was from January 1, 2006 through June 30, 2006, rather than the end of the annual calendar year performance period.

        3.      Nevertheless, Mr. Miller is still not entitled to an award under the Annual Incentive Plan.  Pursuant to the AIP Order, "A Covered Employee who quits or is terminated for cause will not be eligible for any incentive compensation payment."  AIP Order ¶ 4.  Because Mr. Miller quit on July 22, 2006, he is not entitled to an award and proof of claim number 11375 should be disallowed.

        4.      Accordingly, for the reasons stated herein and in the Supplemental Reply, the Reorganized Debtors assert that (a) Mr. Miller has not met his burden of proof to establish a claim against or interest in the Debtors, (b) proof of claim number 11375 is not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the Pension and Benefit Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because Mr. Miller cannot provide facts or law supporting proof of claim number 11375, the Thirty-Sixth Omnibus Claims Objection should be sustained as to proof of claim number 11375 and the claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to proof of claim number 11375, (b) disallowing and expunging proof of claim number 11375 in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         April 14, 2010

                    SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                    By:   /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr.
                        John K. Lyons
                        Ron E. Meisler
                    155 North Wacker Drive
                    Chicago, Illinois 60606

                      - and -

                  By:   /s/ Kayalyn A. Marafioti
                        Kayalyn A. Marafioti
                    Four Times Square
                    New York, New York 10036

                    Attorneys for DPH Holdings Corp., et al.,
                        Reorganized Debtors