UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Reorganized Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOFS OF CLAIM FILED BY THE
IAM, THE IBEW, AND THE IUOE

("CLAIMS OBJECTION ORDER REGARDING
CERTAIN IAM, IBEW, AND IUOE CLAIMS")

Upon the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C.

§ 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims,

(B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended

Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers'

Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely

Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation

Claims, And (C) Individual Workers' Compensation Claims Asserting Priority,

(III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled

Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), filed by Delphi

Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"); and upon the joint response of the

International Union of Operating Engineers (the "IUOE") Locals 18-S, 101-S, and 832-S, to the

Thirty-Fourth Omnibus Claims Objection (Docket No. 18332); and upon the joint response of

the International Association of Machinists and Aerospace Workers and its District 10 and Tool

and Die Makers Lodge 78 (collectively, the "IAM") and the International Brotherhood of

Electrical Workers and its Local 663 (collectively, the "IBEW") to the Thirty-Fourth Omnibus

Claims Objection (Docket No. 18334); and upon the Reorganized Debtors' Supplemental Reply

Regarding Certain Union Claims (Docket No. 19157); and upon the Unions' Supplemental

Response To Supplemental Reply Regarding Certain Union Claims (Docket No. 19190); and

upon the Reorganized Debtors' Second Supplemental Reply To Unions' Supplemental Response

Regarding Certain Union Claims (Docket No. 19203); and upon the December 18, 2009

sufficiency hearing; and upon the Reorganized Debtors' Brief Requesting Entry Of An Order

Disallowing And Expunging Proofs Of Claim Filed By The IAM, The IBEW, And The IUOE

(Docket No. 19402); and upon the Unions' Brief In Opposition To Debtors' Motion To Disallow

And Expunge Proofs Of Claim Filed By The IAM, The IBEW And The IUOE (Docket No.

19595); and upon the Reorganized Debtors' Reply To Unions' Brief In Opposition To Debtors'

Motion To Disallow And Expunge Proofs Of Claim Filed By The IAM, The IBEW, And The

IUOE (Docket No. 19668); and upon the letter of the IAM and IBEW dated March 17, 2010

(Docket No. 19697) (collectively, with Docket Nos. 17182, 18332, 18334, 19157, 19190, 19203,

19402, 19595, 19668 and 19697, the "Pleadings"); and upon the record of the March 18, 2010

sufficiency hearing held on the Thirty-Fourth Omnibus Claims Objection to the Union Claims;[1]

and after due deliberation thereon; and good and sufficient cause appearing for the reasons stated

in the Court's Modified Bench Ruling attached as Exhibit A hereto (the "Modified Bench

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings subscribed to them in the IAM,
      IBEW, And IUOE Proofs Of Claim Brief.

Ruling"), which modifies and supersedes the Court's bench ruling set forth on the transcript of the March 18, 2010 hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      On November 18, 2009, DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") filed the Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Nos. 1374, 1375, 1376, 1377, 1378, 1379, 1380, 1381, 1382, 1383, 1384, 1385, 1386, 1387, 2539, 3175, 5408, 6468, 6668, 7269, 9396, 10570, 10571, 10835, 10836, 10964, 10965, 10966, 10967, 10968, 12251, 13464, 13663, 13699, 13730, 13734, 13863, 13875, 14334, 14350, 14751, 15071, 15075, 15513, 15515, 15519, 15520, 15521, 15524, 15525, 15532, 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, 15595, 16175, 16591, 16849, And 16850 (Docket No. 19108) (the "Sufficiency Hearing Notice").

B.      The IUOE Local 101-S, the holder of proofs of claim numbers 13663 and 13730, was properly and timely served with a copy of the Thirty-Fourth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Fourth Omnibus Claims Objection, the notice of the deadline for responding to the Thirty-Fourth Omnibus Claims Objection, the Sufficiency Hearing Notice, and the Pleadings filed by the Reorganized Debtors.

---

[2]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

C.      The IUOE Local 18-S, the holder of proofs of claim numbers 13734 and

15071, was properly and timely served with a copy of the Thirty-Fourth Omnibus Claims

Objection, a personalized Notice Of Objection To Claim, a copy of the Claims Objection

Procedures Order, the proposed order with respect to the Thirty-Fourth Omnibus Claims

Objection, the notice of the deadline for responding to the Thirty-Fourth Omnibus Claims

Objection, the Sufficiency Hearing Notice, and the Pleadings filed by the Reorganized Debtors.

D.      The IUOE Local 832-S, the holder of proofs of claim numbers 13699 and

15075, was properly and timely served with a copy of the Thirty-Fourth Omnibus Claims

Objection, a personalized Notice Of Objection To Claim, a copy of the Claims Objection

Procedures Order, the proposed order with respect to the Thirty-Fourth Omnibus Claims

Objection, the notice of the deadline for responding to the Thirty-Fourth Omnibus Claims

Objection, the Sufficiency Hearing Notice, and the Pleadings filed by the Reorganized Debtors.

E.      The IAM, the holder of proofs of claim numbers 13863 and 14334, was

properly and timely served with a copy of the Thirty-Fourth Omnibus Claims Objection, a

personalized Notice Of Objection To Claim, a copy of the Claims Objection Procedures Order,

the proposed order with respect to the Thirty-Fourth Omnibus Claims Objection, the notice of

the deadline for responding to the Thirty-Fourth Omnibus Claims Objection, the Sufficiency

Hearing Notice, and the Pleadings filed by the Reorganized Debtors.

F.      The IBEW, the holder of proofs of claim numbers 13875 and 14350, was

properly and timely served with a copy of the Thirty-Fourth Omnibus Claims Objection, a

personalized Notice Of Objection To Claim, a copy of the Claims Objection Procedures Order,

the proposed order with respect to the Thirty-Fourth Omnibus Claims Objection, the notice of

MSW - Draft April 1, 2010 - 1:46 PM

the deadline for responding to the Thirty-Fourth Omnibus Claims Objection, the Sufficiency

Hearing Notice, and the Pleadings filed by the Reorganized Debtors.

       G.      This Court has jurisdiction over the contested matters set forth in the

Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28

U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28

U.S.C. §§ 1408 and 1409.

       H.      Each of the Union Claims referenced herein should be disallowed and

expunged in its entirety.  For the reasons stated by this Court in the Modified Bench Ruling, the

Unions have failed to sufficiently plead a <u>prima</u> <u>facie</u> claim; therefore the Union Claims should

be disallowed and expunged.

       I.      The relief requested in the Thirty-Fourth Omnibus Claims Objection and

the Pleadings filed by the Reorganized Debtors, with respect to the Union Claims, is in the best

interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

       NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

       1.      Each of proofs of claim numbers 13663, 13699, 13730, 13734, 13863,

13875, 14334, 14350, 15071, and 15075 is hereby disallowed and expunged in its entirety.

       2.      Entry of this order is without prejudice to the Reorganized Debtors' right

to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in

these chapter 11 cases, or to further object to Claims that are the subject of the Thirty-Fourth

Omnibus Claims Objection, on any grounds whatsoever.

802920.05-Chicago Server 2A          MSW - Draft April 1, 2010 - 1:46 PM

3.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Fourth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

4.      The disallowance of each Union Claim hereunder constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each such Union Claim.  Any stay of this order shall apply only to the contested matter which involves such Union Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

5.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated:  White Plains, New York
        April 14, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE