DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
Michael C. Hammer (P41705 - MI) (pro hac vice pending)
James A. Plemmons (P42892 – MI) (pro hac vice pending)
Dawn R. Copley (P53343 – MI) (pro hac vice pending)

Attorneys for Ambrake Corporation and
Sumitomo Wiring Systems (USA), Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                        :
      In re:                                       :          Chapter 11
                                               :
DPH HOLDINGS CORP., *et al*,    :          Case No. 05-44481 (RDD)
                                               :
        Reorganized Debtors.        :          (Jointly Administered)
                                               :
-------------------------------------------------------- x

**JOINT OBJECTION TO REORGANIZED DEBTORS' MOTION FOR A CASE
MANAGEMENT ORDER ESTABLISHING PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS**

      Ambrake Corporation ("Ambrake") and Sumitomo Wiring Systems (USA), Inc. ("SWS"), by their attorneys, Dickinson Wright PLLC, submit this joint objection to the Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings dated March 17, 2010 (the "Case Management Motion")[1] as follows:

**PRELIMINARY STATEMENT**

      1.      Ambrake is a named defendant in an adversary proceeding filed by Plaintiffs; *Delphi Corporation et al. v. Ambrake Corporation and Ambrake Corp.*, Adv.Pro.No. 07-02201.

---

[1] The Case Management Motion was filed on March 17, 2010 but was not properly served on all defendants, including Ambrake and Sumitomo. Although the deadline to file objections to the Case Management Motion was April 9, 2010, Ambrake and Sumitomo requests that the Court consider their joint objection even though it is filed after the deadline. In the case of Sumitomo in particular, Sumitomo was not served with the Complaint until after April 9, 2010 and had no notice of the Case Management Motion in time to file an objection prior to the deadline.

2. SWS is a named defendant in an adversary proceeding filed by Plaintiffs; *Delphi Corporation et al. v. Sumitomo, Sumitomo Corp. of America, Sumitomo Corporation, Sumitomo Electric Wiring, Sumitomo Plastics America, Sumitomo Plastics America Inc., Sumitomo Sitix Silcan Inc. and Sumitomo Wiring Systems Inc.*, Adv.Pro.No. 07-02659.

3. Ambrake and SWS object to Paragraphs 3, 4, 8, and 9 of the proposed Case Management Order because they (a) unduly limit the discovery available to defendants in the adversary proceedings, (b) impose unnecessary procedural hurdles that threaten the parties' due process and appellate rights, and (c) could prolong discovery in these adversary proceeding because of delays in other, unrelated "Retained Adversary Proceedings" (as defined in the Case Management Motion).

4. Ambrake and SWS further object to the proposed Case Management Order because neither Ambrake nor SWS were given the opportunity to meet and confer with opposing counsel to jointly establish a reasonable case management plan for the parties, as contemplated by Federal Rule of Civil Procedure 26 (incorporated by Federal Rule of Bankruptcy Procedure 7026).

5. Consequently, Ambrake and SWS respectfully request that the Court deny the Plaintiffs' Case Management Motion.

**ARGUMENT**

**I.    THE CASE MANAGEMENT MOTION UNDULY SEEKS TO LIMIT THE AMOUNT AND TYPE OF DISCOVERY AVAILABLE TO PARTIES**

6. Ambrake and SWS object to Paragraph 3 of the proposed Case Management Order, which would exempt all parties from the initial disclosure requirements of Rule 26(a)(1). Plaintiffs have known about these adversary proceedings for over two years and have had ample time to prepare and compile the disclosures required by Rule 26(a)(1). As a result, it is unclear

2

how they would be prejudiced in any way by being required to provide initial disclosures. After all, Plaintiffs will eventually have to provide the discovery required by Rule 26(a)(1) whether as initial disclosures or through some other discovery mechanism. Accordingly, there is no justification for exempting Plaintiffs from the initial disclosure requirements of Rule 26(a)(1).

7.  Paragraph 3 of the proposed Case Management Order is even more objectionable and overreaching when read in conjunction with Paragraph 9 of the proposed order, which proposes a limit of ten (10) interrogatories. Not only is this less than half of the presumptive limit allowed pursuant to Rule 33, the practical effect of this limitation would be highly prejudicial to Ambrake and SWS. Specifically, Paragraph 9, coupled with Paragraph 3, would require defendants to utilize many, if not all, of their allotted interrogatories to discover information that the Plaintiffs would otherwise be required to provide as part of their Rule 26(a)(1) initial disclosures. Thus, if the Case Management Motion is granted, Ambrake and SWS will effectively be stripped of the ability to obtain discovery through the use of Rule 33 interrogatories.

8.  Read in conjunction with one another, Paragraphs 3 and 9 would effectively require the defendants to burn all of their allotted interrogatories to obtain the information they should receive automatically by virtue of Rule 26(a)(1), thereby depriving the defendants of a valuable discovery device. Plaintiffs have provided no justification for effectively stripping the defendants of their ability to use interrogatories in this matter. Consequently, the Court should deny Plaintiffs' Case Management Order.

## II. PARAGRAPH 4 OF THE PROPOSED CASE MANAGEMENT ORDER SEEKS TO IMPOSE AN UNNECESSARY PROCEDURAL HURDLE AND JEOPARDIZES THE PARTIES' DUE PROCESS AND APPELLATE RIGHTS

9.      Paragraph 4 of the proposed Case Management Order would require all parties to all of the Retained Adversary Proceedings to seek Court approval before filing any motion.  It is unclear what justification, if any, Plaintiffs have for proposing this rule and what interest, if any, would be furthered by its inclusion in these proceedings.  Instead, this provision would induce delay and consume the parties' (and the Court's) time with unnecessary telephonic conferences.

10.     Furthermore, Paragraph 4 jeopardizes the parties' due process and appellate rights. In essence, this paragraph would require the parties to make an oral motion with the Court before filing any written motion.  If the oral motion is then denied, the moving party would be left with no written record on which to base a potential appeal.  Accordingly, because Paragraph 4 is cumbersome, inherently inefficient, and threatens to deprive the parties of due process and appellate rights, the Court should deny the Case Management Motion.

## III. DELAYING THE PARTIES' ABILITY TO SERVE REQUESTS FOR ADMISSIONS UNTIL ALL OTHER FACT DISCOVERY IN EACH RETAINED ADVERSARY PROCEEDING IS COMPLETE SERVES NO PURPOSE AND WILL UNNECESSARILY PROLONG LITIGATION

11.     Without providing any justification for doing so, Plaintiffs seek to place service of requests for admissions pursuant to Rule 34 on a timeline separate from all other discovery mechanisms.  Specifically, Paragraph 8 of the proposed Case Management Order would prevent parties from serving requests for admission until "thirty (30) days after the close of all other fact discovery in each Retained Adversary Proceeding … ." In other words, no party to *any* of the 177 Retained Adversary Proceedings may serve a request for admission until "all other fact discovery" has closed in *all* 177 Retained Adversary Proceedings.  Put another way, the speed of discovery in each of the 177 Retained Adversary Proceedings will ultimately be limited by the

4

speed of discovery in the slowest of all 177 Retained Adversary Proceedings. This provision is unnecessary and directly contradicts the stated purpose of the Case Management Motion.

12.    Plaintiffs contend that the goal of the Case Management Motion is "to establish streamlined procedures to facilitate the efficient resolution of the adversary proceedings … ." In particular, Plaintiffs rely on Rule 16(a)(1) for the proposition that the Court may enter the proposed Case Management Order for the purpose of "expediting disposition of the action." However, Paragraph 8 of the proposed Case Management Order would clearly have the effect of delaying the close of discovery in all but the slowest of the 177 Retained Adversary Proceedings. In other words, the effect of Paragraph 8's proposal to link the service of requests for admissions in this case with all of the other Retained Adversary Proceedings is antithetical to the stated purpose of the Case Management Motion and Rule 16(a)(1).

13.    Moreover, as a practical matter, the Plaintiffs fail to explain how the defendants would be notified that "all other fact discovery" has closed in all 177 of the Retained Adversary Proceedings. And what happens if the close of "all other fact discovery" in all 177 of the Retained Adversary Proceedings does not take place until within 30 days of December 1, 2011, the proposed close of discovery for all matters? Does that mean that the defendants can never serve Plaintiffs with requests for admission? Neither the Case Management Motion nor the proposed Case Management Order answer these questions.

14.    For these reasons, Ambrake and SWS objects to Paragraph 8 of the proposed Case Management Order and requests that the Court deny the Case Management Motion.

## WAIVER OF MEMORANDUM

15.    Ambrake and SWS respectfully requests that this Court waive the requirement contained in Rule 9013-1 of the Local Bankruptcy Rules of the Southern District of New York

5

that a separate memorandum of law be submitted because the issues raised in this Objection are not novel and the arguments themselves are contained within this Objection. To the extent that this Court determines that a memorandum of law is required, Ambrake and SWS request that they be allowed to submit one at a date to be determined by the Court.

**WHEREFORE**, Ambrake and SWS respectfully request that the Court deny the Case Management Motion and grant such further relief as the Court deems just and equitable.

    Respectfully submitted,

    DICKINSON WRIGHT PLLC

    /s/ Michael C. Hammer
    Michael C. Hammer (P41705 – MI)
    (pro hac vice pending)
    James A. Plemmons (P42892 – MI)
    (pro hac vice pending)
    Dawn R. Copley (P53343 – MI)
    (pro hac vice pending)
    301 East Liberty, Suite 500
    Ann Arbor, Michigan 48104-2266
    Telephone: (734) 623-7075
    Facsimile: (734) 623-1625
    mhammer@dickinsonwright.com
    dcopley@dickinsonwright.com

    *Attorneys for Ambrake Corporation and Sumitomo Wiring Systems (USA), Inc.*

Dated: April 14, 2010
ANNARBOR 22441-59 115168v2