# **EXHIBIT A**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
                              :
          In re               :   Chapter 11
                              :
DELPHI CORPORATION, et al.,   :   Case No. 05–44481 (RDD)
                              :
                   Debtors.   :   (Jointly Administered)
                              :
------------------------------x

STIPULATION AND ORDER RESOLVING LIMITED OBJECTION OF THE ACE
COMPANIES TO APPROVAL AND/OR CONFIRMATION OF FIRST AMENDED
JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND
CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION
(AS MODIFIED) AND PRESERVING LIMITED OBJECTION OF THE
<u>ACE COMPANIES TO ASSIGNMENT OF AGREEMENTS TO BUYERS</u>

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and ACE American Insurance Company, Pacific Employers Insurance Company, and Illinois Union Insurance Company and each of their affiliates (collectively, the "ACE Companies") respectfully submit this Stipulation And Order Resolving Limited Objection Of The Ace Companies To Approval And/Or Confirmation Of First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) And Preserving Limited Objection Of The ACE Companies To Assignment Of Agreements to Buyers (the "Stipulation") and agree and state as follows:

WHEREAS, prior to October 8, 2005 (the "Petition Date"), the ACE Companies and the Debtors entered into certain insurance policies and related agreements (the "Prepetition Agreements").

WHEREAS, on the Petition Date, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on January 6, 2006, this Court entered the Order Under 11 U.S.C. §§ 362, 363, 365, 1107 And 1108 Authorizing Renewal Of Insurance Coverage And Certain Related Relief (Docket No. 1779) (the "Insurance Agreement Order"), which, among other things, (i) authorizes the Debtors to assume the Prepetition Agreements pursuant to section 365(a) of the Bankruptcy Code and (ii) provides that the assumption of the Prepetition Agreements shall be evidenced by written notice from the Debtors to the ACE Companies.

WHEREAS, the Insurance Agreement Order also provides that, conditioned on the Debtors' assumption of the Prepetition Agreements, (i) all payment and reimbursement obligations owing to the ACE Companies from the Debtors under the Prepetition Agreements, to the extent that such Prepetition Agreements are assumed, are accorded administrative priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code and (ii) the Debtors are authorized to pay the ACE Companies' claims with respect to the Prepetition Agreements, to the extent such Prepetition Agreements are assumed, in the ordinary course of business.

WHEREAS, pursuant to the Insurance Agreement Order, the Debtors assumed certain Prepetition Agreements pursuant to a written notice dated January 18, 2006 (the "Assumed Agreements"), as described in the Claims Stipulation (hereinafter defined).

WHEREAS, after the Petition Date, the ACE Companies also issued certain insurance policies (collectively, the "Postpetition Agreements" and together with the Assumed Agreements, the "Agreements") to certain Debtors as named insureds.

WHEREAS, on October 2, 2007, this Court entered that certain Joint Stipulation And Agreed Order Resolving The Debtors' Thirteenth Omnibus Claims Objection And Claims Estimation Motion With Respect To Proofs Of Claim Filed By ACE American Insurance Company, Pacific Employers Insurance Company, Illinois Union Insurance Company, Esis, Inc. And Their Affiliates And Consolidating Such Proofs Of Claim entered October 2, 2007 (Docket No. 10520) (the "Claims Stipulation"), which provides in part: "Pursuant to the Insurance Agreement Order, (i) all payment and reimbursement obligations owing to the ACE Companies from the Debtors under the Assumed Agreements shall be accorded administrative priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code and (ii) the Debtors are authorized to

pay the ACE Companies' claims with respect to the Assumed Agreements in the ordinary course of business." Claims Stipulation at ¶ 8.

WHEREAS, on June 16, 2009, the Debtors filed the First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession (As Modified) (as further modified and filed with this Court with the same or substantially the same title, the "Modified Plan").[1]

WHEREAS, on July 14, 2009, the ACE Companies filed their Limited Objection Of The ACE Companies To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (as Modified) (the "Limited Plan Objection") (Docket No. 18216), objecting to (i) the assignment of the Agreements to the Buyers pursuant to the Modified Plan (the "Contract Objection") and (ii) the Modified Plan to the extent that it does not provide that the Reorganized Debtors or the Buyers are liable to pay the ACE Companies' claims arising under the Agreements in the ordinary course and to the definition of Allowed Claim (the "Modified Plan Objection").

WHEREAS, the ACE Companies have filed administrative expense claims against the Debtors for all payment and reimbursement obligations owing to the ACE Companies from the Debtors under the Agreements.

WHEREAS, the Debtors and the ACE Companies have reached an agreement to settle and resolve the Modified Plan Objection.

THEREFORE, in consideration of the foregoing Recitals and the provisions herein, the parties hereto stipulate and agree as follows:

---

[1] All capitalized terms used, without being defined in this Stipulation, shall have the meanings given to such terms in the Modified Plan.

4

1.  This Stipulation shall become effective upon entry of an order (the "Order") of the Bankruptcy Court approving the terms set forth herein.

2.  The provisions set forth herein shall be binding upon the Debtors and the ACE Companies (and the Buyers provided that the Agreements are ultimately assigned to the Buyers pursuant to the Modified Plan). Except as expressly set forth herein, nothing contained herein constitutes an admission or waiver of any right, claim or defense in favor of the Debtors or the ACE Companies pursuant to the Modified Plan or the Agreements.

3.  Notwithstanding any provision in the Modified Plan, the Confirmation Order, the Modification Approval Order, or the Master Disposition Agreement to the contrary, the ACE Companies shall have Allowed Administrative Claims for all liabilities of the Debtors to the ACE Companies under the Agreements, subject to the Debtors' and the ACE Companies' respective rights, claims and defenses under the Agreements; and such liabilities shall be paid by the Debtors or the Reorganized Debtors, as applicable (and after the date of the Closing (as defined in the Master Disposition Agreement), by the Buyers, if the Agreements have been assigned to the Buyers pursuant to an order of the Court), in the ordinary course of their businesses in accordance with the terms and conditions of the Agreements.

4.  Notwithstanding any provision in the Modified Plan, the Confirmation Order, the Modification Approval Order, or the Master Disposition Agreement to the contrary, the portions of the Allowed Administrative Claims of the ACE Companies, which are due and payable and have not been paid as of the date of the date of the Closing (as defined in the Master Disposition Agreement), will be paid on the first Periodic Distribution Date pursuant to section 2.1 of the Modified Plan.

5.  Nothing in this Stipulation and Order is intended to or shall amend,

modify or waive any provision of the Insurance Agreement Order or the Claims Stipulation.

6. Upon execution of this Stipulation by the ACE Companies and the Debtors and entry of the Order by the Court, the ACE Companies' Modified Plan Objection shall be deemed withdrawn; and the ACE Companies reserve all rights with respect to the Contract Objection.

7. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation and the Order.

So Ordered in New York, New York, this <u>14th</u> day of August, 2009

                       <u>/s/Robert D. Drain</u>
                       UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John Wm. Butler, Jr. | /s/ Margery N. Reed |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>   & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois 60606-1285<br>(312) 407-0700 | Wendy M. Simkulak<br>DUANE MORRIS LLP<br>1540 Broadway, 14th Floor<br>New York, New York 10036-4086<br>(212) 692-1000 |
| – and – | – and – |
| Kayalyn A. Marafioti<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000 | Margery N. Reed<br>30 South 17th Street<br>Philadelphia, Pennsylvania 19103-4196<br>(215) 979-10000 |
| Attorneys for Delphi Corporation, et al.,<br>   Debtors and Debtors-in-Possession | Attorneys for the ACE Companies |