Hearing Date and Time: April 22, 2010 at 10:00 am
Response Date and Time: April 15, 2010 at 4:00 pm

BUCHANAN INGERSOLL & ROONEY PC
620 Eighth Avenue, 23rd floor
New York, New York 10018
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: peter.russ@bipc.com
Peter S. Russ, Esquire

*Attorneys for ATEL Leasing Corporation,
as agent for Eireann II, CAI-UBK Equipment,
CAI-ALJ Equipment, II BU de Mexico
S.A. de C.V .and Eireann* III

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :    Chapter 11
In re:                                                       :
                                                             :    Case No. -05-44481 (RDD)
DELPHI CORPORATION, et al.,                                  :
                                                             :    (Jointly Administered)
                              Debtors.                       :
------------------------------------------------------------ X

**RESPONSE OF ATEL LEASING CORPORATION
TO DEBTORS' (I) FORTY-SIXTH OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 503(b) and FED. R. BANKR. P. 3007 TO
(I) DISALLOW AND EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A) BOOKS
AND RECORDS CLAIMS, (B) METHODE ELECTRONICS CLAIMS, (C) STATE
WORKERS' COMPENSATION CLAIMS, (D) DUPLICATE WORKERS
COMPENSATION CLAIMS, (E) WORKERS COMPENSATION CLAIMS, (F)
TRANSFERRED WORKERS' COMPENSATION CLAIMS, (G) TAX CLAIMS, (H)
DUPLICATE INSURANCE CLAIMS, AND (I) SEVERANCE CLAIMS, (II) DISALLOW
AND EXPUNGE (A) A CERTAIN DUPLICATE WORKERS' COMPENSATION CLAIM
(B) A CERTAIN DUPLICATE TAX CLAIM, AND (C) A CERTAIN DUPLICATE
SEVERANCE CLAIM, (III) MODIFY CERTAIN ADMINISTRATIVE EXPENSE (A)
STATE WORKERS' COMPENSATION CLAIMS AND (B) WORKERS
COMPENSATION CLAIMS, AND (IV) ALLOW CERTAIN ADMINISTRATIVE
EXPENSE SEVERANCE CLAIMS (THE "FORTY-SIXTH OMNIBUS CLAIMS
OBJECTION")**

ATEL Leasing Corporation ("ATEL") as agent for: (i) Eireann II, a division of ATEL Transatlantic Investors, Inc. ("ATI"), (ii) CAI-UBK Equipment, a division of ATI, (iii) CAI-ALJ Equipment , a division of ATI, (iv) II Bu de Mexico S.A. de C.V., and (v) Eireann III, a division of ATEL Transatlantic Investors II, Inc. (collectively, the "Claimants"), by and through its counsel, Buchanan Ingersoll & Rooney PC, as and for its Response (the "Response") to the Debtors' Forty-Sixth Omnibus Claims Objection (the "Objection"), hereby respectfully submits this Response and, states as follows:

## BACKGROUND

1.   On July 13, 2009, ATEL timely filed administrative expense claim No. 18427 (the "Administrative Claim") against Delphi Corporation, *et al.* (the "Debtors") in the amount of $146,990.96 due and owing to Claimants on a post-petition basis under certain master lease agreements and ancillary leases (collectively, the "Leases"). A copy of the Administrative Claim is attached as Exhibit A  to the Response.

2.   Specifically, the Administrative Claim arises in connection with two Master Lease Agreements. The first Master Lease Agreement ("MLA-American Finance") is dated as of August 19, 1997 and is between Debtor's former owner, General Motors Corporation ("GMC") and  with American Finance Group, Inc. ("American Finance").

3.   The second Master Lease Agreement  ("MLA-First American") is dated as of May 1, 1995 and is between GMC and First American Capital Management Group, Inc. ("First American").

4.   Pursuant to the MLA-American Finance and MLA-First American master lease agreements, GMC entered into numerous Equipment Schedules (the Equipment Schedules, as they incorporate by reference all of the terms and conditions of the two Master Lease Agreements described herein, are hereinafter known as the "Leases"), regarding certain equipment, all with related equipment, attachments and accessories as set forth in the Leases (the "Equipment').

5. Pursuant to one or more assignments, the Debtors were assigned GMC's interests as Lessee under the Leases. Pursuant to various other assignments, the interests of American Finance and First American, as Lessors under their respective Leases, were assigned to one of the Claimants, with ATEL acting as agent for each Claimant.

6. Despite benefiting from the Leases and Equipment, the Debtors failed to pay the post-petition amounts due and owing in the amount of, at least, $146,990.96 in connection with the Leases as specifically set forth in detail in the Administrative Claims.

7. Despite their non-payment of the Leases which have been subject to prior litigation in this case, the Debtors now object to the Administrative Claim and seek to disallow and expunge the Administrative Claim by alleging that the Administrative Claim asserts liabilities and dollar amounts that are not recognized on the Debtor's books and records and are, therefore, not due and owing to Claimants. *See* Objection at page 7.

## THE RESPONSE

**A.    The Objection must be Overruled because the Record Shows that the Administrative Claim is Valid and Justified.**

8. The Administrative Claim should not be disallowed or expunged because, among other reasons, (i) the Administrative Claim and the documentary record in these bankruptcy cases, including the Claimants' Proof of Claim and the Leases, establish that the Administrative Claim is valid and justified, and (ii) the Debtors have failed to produce any evidence to show that the Administrative Claim is not valid or justified.

9. Copies of the Leases were previously filed with this Court in connection with Proof of Claim 12195 (the "Proof of Claim") filed by ATEL on July 28, 2006. The Proof of Claim is incorporated herein by reference. The Leases are not included in the Administrative Claim due to

their voluminous nature and the fact that the Leases are of record in this matter. Instead, the Administrative Claim includes a detailed schedule setting for the amounts due with respect to each of the Leases including identification of the specific Lease number, invoice number, invoice due date, invoice amount, due amount and transaction code.

10. As a result, it is apparent that the Claimants are entitled to recover the amounts set forth in the Administrative Claim and the Objection should be overruled.

**B.    The Omnibus Objection is not the Correct Procedural Mechanism for the Specific Objections Asserted by the Debtors.**

11. An omnibus objection is not the correct procedural vehicle for the "books and records" objection asserted by the Debtors.

12. Specifically, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure provides the authorization for omnibus objections to claims on certain enumerated basis.

13. However, none of the enumerated basis for an omnibus objection as set forth in Rule 3007(d) authorizes the filing of an omnibus objection based upon an allegation that the Debtors' books and records fail to recognize the claim.

14. Although Rule 3007(d)(6) permits an omnibus objection if the objector is unable to determine the validity of the claim because of the claimant's failure to comply with applicable rules, there is no allegation in the Objection that Debtors are unable to determine the validity of the Administrative Claim because Claimants failed to comply with applicable rules.

15. As a result, the basis for the omnibus Objection falls outside the scope of Rule 3007(d) and the Objection must be overruled.

## NOTICE OF REPLY AND RESERVATION OF RIGHTS

16. Any reply with respect to the Administrative Claim or this Response shall be delivered to the address for the Claimants provided on the Administrative Claim, with a copy to the

4

undersigned counsel at the address provided below.  Subject to the consent of ATEL's Investment Committee, the name, address, and telephone number of the person possessing ultimate authority to reconcile, settle or otherwise resolve the Administrative Claim on behalf of ATEL is:

> Vasco H. Morais, Jr.
> Senior Vice President,
> General Counsel and Secretary
> ATEL Capital Group
> 600 California Street, 6th Floor
> San Francisco California 94108
> Direct Dial (415) 616-3410

17. ATEL expressly reserves the right to amend, modify or supplement this Response (and the Administrative Claim) from time to time hereafter as ATEL may deem necessary and proper, including, without limitation, the right to file additional responses and/or to present additional evidence in support of the Administrative Claim.

WHEREFORE, ATEL respectfully requests entry of an order (i) overruling the Objection and denying the relief sought in the Objection with respect to the Administrative Claim, (ii) allowing the Administrative Claim in its entirety, and (ii) granting such other relief as is just and proper.

Dated: New York, New York
April 15, 2010

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
*Attorneys for ATEL Leasing Corporation as agent*
*for Eireann II, CAI-UBK Equipment,*
*CAI-ALJ Equipment, II BU de Mexico*
*S.A. de C.V .and Eireann* III

By:    /s/Peter S. Russ

Peter S. Russ, Esq.

620 Eighth Avenue, 23rd Floor
New York, New York 10018
Telephone:  (212) 440-4400
Facsimile:  (212) 440-4401
E-mail: peter.russ@bipc.com