Hearing Date And Time: April 22, 2010 at 10:00 a.m. (prevailing Eastern Time)
Response Date And Time: April 15, 2010 at 4:00 p.m. (prevailing Eastern Time)

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Jeffrey Bernstein Esq.
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711

- and -

88 Pine Street, 24th Floor
New York, New York 10005
(212) 483-9490

*Attorneys for New Jersey Self-Insurers Guaranty
Association*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al. | Chapter 11 |
| Debtors. | (Jointly Administered) |

### RESPONSE OF NEW JERSEY SELF-INSURERS GUARANTY ASSOCIATION (CLAIM NOS. 18602 and 19712) TO DEBTORS' FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS

New Jersey Self-Insurers Guaranty Association (the "Association"), by and through its

attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, respectfully submits this response to the

Debtors' Forty-Sixth Omnibus Objection ("Objection") to claims:

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and

affiliates (collectively the "Debtor or Debtors"), filed voluntary petitions for reorganization under

Chapter 11 of the United States Bankruptcy Code ("Code") and continued to operate their business

and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Code.

2.    On March 19, 2010 the Debtors filed this Objection to various claims.

3.    In the Objection, the Debtor seeks to disallow and expunge the administrative claims of

the Association (Claim nos. 18602 and 19712, Objection Exhibit C) (the "Claims") because Debtor

asserts that the Claims are not owing based upon the Reorganized Debtor's books and records.

### Background

4.    The Association was formed pursuant to N.J.S.A. 34:15-120.16, as a non-profit entity

created to pay workers compensation claims of employees of bankrupt employers who are self-

insured in the State of New Jersey, or were previously self-insured, like Debtor, and have remaining

liability.

5.    To qualify as self-insured in the State of New Jersey, Debtor obtained a bond to satisfy

workers' compensation claims.  The Association is a "secondary" payer in connection with Debtors'

self-insured workers compensation obligations behind payment of those obligations from the bond

established by the Debtor.

6.    At the outset of Debtor's bankruptcy proceeding, on or about October 13, 2005, the

Bankruptcy Court entered an order granting the Debtor authority to pay, among other things,

workers' compensation obligations.  Accordingly, the Association filed a proof of claim No. 11631

in this proceeding asserting pre-petition claims against the Debtor.  Claim No. 11631 has been

objected to by the Debtor through Debtor's Thirty Fourth Omnibus Objection to Claims (the "Thirty-

Fourth Omnibus Objection") and is not the subject of Debtor's objection herein. The Association

filed a response to the Thirty-Fourth Omnibus Objection and the parties are currently engaged in negotiations to resolve this claim.

7.    The Debtor established an administrative claims bar date of July 15, 2009 for administrative claims from the commencement of the case through June 1, 2009 (which Debtor states was subsequently modified to May 31, 2009).    Accordingly, the Association timely filed administrative claim No. 18602 on July 14, 2009, a copy of which is attached hereto for convenient reference as Exhibit A.

8.    Thereafter, the Debtor established an administrative claims bar date of November 5, 2009 for administrative claims for the period of June 1, 2009 through October 6, 2009, the Effective Date of the Modified Plan.    Accordingly, the Association timely filed administrative claim No. 19712 on November 4, 2009, a copy of which is attached hereto for convenient reference as Exhibit B.

9.    In November of 2009, the Debtor distributed a letter regarding workers compensation claims in which it stated that DPH Holdings Corp. would "continue to make payments in the ordinary course for valid individual workers' compensation claims for injuries arising on or after October 8, 2005 but on or before October 6, 2009." A copy of the aforementioned letter is attached hereto as Exhibit C.

10.    The Association has been in negotiations with the Debtor regarding resolution of the Claims.

**WHEREFORE**, the New Jersey Self-Insurers Guaranty Association respectfully requests that the Court deny the relief sought by the Debtor at this time to allow the Debtor and the Association to continue their discussions towards a resolution of the Claims.

1422256-1                                            3

Dated:  April 15, 2010                    Respectfully submitted,

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
*Attorneys for New Jersey Self-Insurers Guaranty Association*

By:*/s/Jeffrey Bernstein*
    Jeffrey Bernstein, Esq.
    Three Gateway Center
    100 Mulberry Street
    Newark, New Jersey  07102-4079
    Telephone: (973) 622-7711
    Fax: (973) 622.5314

               - and -

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
88 Pine St., 24th Floor
New York, NY 10005
Telephone: (212) 483.9490
Fax: (212) 483.9129