# EXHIBIT A

# United States Bankruptcy Court
## Southern District of New York

Delphi Corporation et al. Claims Processing
c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue
El Segundo, California 90245

# Administrative Expense Claim Form

**Debtor against which claim is asserted:**
Delphi Corporation, et al. 05-44481

**Case Name and Number**
In re Delphi Corporation., et al. 05-44481
Chapter 11, Jointly Administered

**COPY**

NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

**Name of Creditor**
*(The person or other entity to whom the debtor owes money or property)*

New Jersey Self-Insurers Guaranty Association

**Name and Address Where Notices Should be Sent**
c/o Jeffrey Bernstein, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP,
Three Gateway Center, 100 Mulberry St., Newark, NJ 07102
Telephone No.
973.622.7711

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**

Check here if this claim ☐ replaces
☐ amends a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (Describe briefly) Workers Compensation, see Exhibit A

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
     (date)              (date)

**2. DATE DEBT WAS INCURRED**   See Exhibit A

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM:** $ $1,400,000.00    * See Exhibit A
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Brief Description of Claim (attach any additional information):**

See Exhibit A

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

**8. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**
**JUL 1 4 2009**
KURTZMAN CARSON CONSULTANT

**Date**
July 13, 2009

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

*[signature]* Richard W. Meyer, Executive Director
New Jersey Self-Insurers Guaranty Association

## EXHIBIT A

New Jersey Self-Insurers Guaranty Association ("Association"), formed pursuant to N.J.S.A. 34:15-120.16, is a non-profit entity created to pay workers' compensation claims of employees of insolvent employers who were self-insured in New Jersey. At the time of the bankruptcy filing, Delphi Corporation or its subsidiaries or affiliates (hereafter "Debtor") was self-insured in the State of New Jersey.

By way of background, on or about October 13, 2005, the Bankruptcy Court entered an Order granting the Debtor authority to continue paying, among other things, workers' compensation obligations. It appears, to date, that there is no indication of any default by Delphi regarding these obligations.

However, pursuant to the Debtor's First Amended Joint Plan of Reorganization ("Plan") (as modified), which Plan is subject to a hearing on July 23, 2009, the Debtor appears to have substantially changed its proposed treatment of pre-petition workers' compensation claims from flow-through claims, to be paid in the ordinary course of Debtor's business, to claims that will be paid in accordance with Debtor's understanding of applicable bankruptcy law. The Association's proof of claim for pre-petition workers' compensation payments, which was previously filed on July 26, 2006, is presently the subject of an omnibus objection by the Debtor and not addressed herein.

This proof of claim addresses the payment of post-petition workers' compensation claims as administrative expense claims. The Plan appears to commit to the payment of these post-petition workers' compensation claims. The Association asserts an administrative expense claim to the extent that the Association becomes liable for payments on behalf of the Debtor because the Debtor fails to meet its workers' compensation obligations for cases arising during the period when the Debtor was a self-insured member. As indicated above, at present the Association has not made any payments on behalf of the Debtor, and is not aware of any pending claim against the Debtor by the Association for reimbursement of payments pertaining to workers' compensation claims.

The Association is a potential payer in connection with the Debtor's self-insured workers' compensation obligations if a bond established by the Debtor to satisfy such claims and any other layer of insurance coverage is insufficient. To assure that the Association has filed for such administrative expense claims for the period set forth in the Debtor's Notice of Bar Date For Filing Proofs Of Administrative Expense dated June 16, 2009, for which it may become responsible or for any other administrative expense claim in the event that any acts or omissions of the Debtor occurred prior to the Debtor's filing of its petition, or occur subsequent thereto, or should the bond coverage prove insufficient, giving rise to a claim against the Debtor, the Association files this administrative expense proof of claim to preserve its right to assert its claim against the Debtor, without prejudice to any rights or claims it may have against any other parties.

1299729-1

The Association has been in consultation with Debtor's counsel and the parties have agreed to further consult concerning quantification of the Association's claim in this bankruptcy proceeding. However, based on the Debtor's Supplementary Statement of Outstanding Debt or Disability Claims submitted to the New Jersey Department of Banking and Insurance for the period through December 31, 2008, which report contains details of the Debtor's pending workers' compensation claims, and subsequent information provided to the Association, it would appear that the Association's potential liability for administrative expense claims in this bankruptcy proceeding, in the event of a default by Debtor, before deduction of the bond, could total $1,400,000.00.

1299729-1