A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi  39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123

*Counsel to Mississippi Workers' Compensation*
*Individual Self-insurer Guaranty Association*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------- x
:
In re                             :     Chapter 11
:
DPH HOLDINGS CORP., et al.,       :     Case No. 05-44481 (RDD)
:
Reorganized Debtors               :     (Jointly Administered)
:
:
---------------------------------- x

**RESPONSE OF MISSISSIPPI WORKERS' COMPENSATION INDIVIDUAL**
**SELF-INSURER GUARANTY ASSOCIATION TO THE REORGANIZED DEBTOR'S**
**FORTY-SIXTH OMNIBUS CLAIMS OBJECTION**

**Claim No. 19571 (Joe N. Swan)**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("Miss. ISGA") respectfully submits this response to the Debtor's Forty-Sixth Omnibus Claims Objection (Docket No. 19711) with respect to the above numbered claim ("This Claim").

1.      Since 1999, Debtor has been a self-insurer of its workers' compensation liabilities in Mississippi.

2. Under Mississippi law, Miss. ISGA is responsible for the workers' compensation obligations of a self-insurer who defaults or fails to pay or perform its obligations under the Mississippi Workers' Compensation Law.

3. On the Effective Date of the plan in this case, the Debtor defaulted on its pre-petition workers' compensation claims, and it now claims that it intends to default on its post-petition workers' compensation claims.

4. Pursuant to § 509 of the Bankruptcy Code and Rule 3005, Rules of Bankruptcy Procedure, Miss. ISGA timely filed administrative expense proofs of claim for the known employees of Debtor who had employment-related injuries with post-petition dates of injury. A list of all nine post-petition claims, including This Claim, with the name of the employees and respective claim numbers, is attached as Exhibit 1.

5. Attached hereto as Exhibit 2 is a copy of the Supplement to Proof of Claim For Administrative Expense, which was attached to each proof of claim, including This Claim, and which states the basis for Miss. ISGA's claim on behalf of the Debtor's employee.

6. In July, 2009, Debtor provided Miss. ISGA with a copy of a loss run dated July 16, 2009, which included a list of Debtor's Mississippi post-petition workers' compensation claimants and its then estimate of the future liability with respect to each claim.

7. For purposes of estimation and settlement, Miss. ISGA has requested that Debtor provide for each claim a current medical cost projection by an independent third-party company and/or a copy of the complete records on the claim so that Miss. ISGA can make a reasonable and informed judgment about estimated future liability.

8. Debtor has so far provided no information on the post-petition claims to Miss. ISGA since the July 16, 2009, loss run.

9. Debtor's objection (a) requests that certain claims be expunged because they are allegedly "not owing pursuant to the Reorganized Debtor's books and records," (46th Objection, ¶ 27 and <u>Exhibit C</u>) or (b) requests that certain claims be modified so that the allowable amount "matches the Reorganized Debtor's books and records" (46th Objection, ¶ 37 and <u>Exhibit M</u>).

10. The claims that Debtor now requests be expunged are shown on its books and records to have existed as of July 16, 2009, and no reason or explanation is given or is known to Miss. ISGA as to why they do not currently exist.

11. The alleged modified amounts of certain claims, claimed to "match" Debtor's books and records, are, in the aggregate, materially and inexplicably less than the amounts shown on its books and records on July 16, 2009.

12. This Claim is an unliquidated claim. A "books and records objection" is not appropriate with respect to an unliquidated claim. Rather, This Claim should be estimated and allowed pursuant to § 502 (c) of the Bankruptcy Code.

13. This Claim is also a matter of litigation or controversy between the employee-claimant and the Debtor and/or Miss. ISGA. Under these circumstances, it would not be appropriate or in the interest of either the Debtor or Miss. ISGA for estimates of value of the claim to be public record. Therefore, Miss. ISGA declines to file information relating to the value of This Claim, which is and should remain confidential. However, Miss. ISGA will provide the Debtor with all relevant information pertaining to value of This Claim within a

reasonable time after Debtor provides information on which Miss. ISGA can reasonably make an estimate of value.

WHEREFORE, Miss. ISGA respectfully requests (a) that Debtor's Forty-Sixth Omnibus Claims Objection be dismissed with prejudice with respect to This Claim; (b) that This Claim be estimated pursuant to § 502 (c) of the Bankruptcy Code and to the Claims Objection Procedure Order (Docket No. 6089); (c) that This Claim be allowed and paid in full in the estimated amount as an administrative expense of the estate; and (d) that the Court grant Miss. ISGA such other and further relief to which it may be entitled.

Respectfully submitted,

s/ A. Spencer Gilbert III
A. Spencer Gilbert III
Mississippi Bar No. 4828
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi 39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123
sgilbert@asgilbert.com

*Attorney for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association*

April 15, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2010, I electronically filed with the Clerk of the Court and served on the attorneys for the Reorganized Debtor the foregoing document using the CM/ECF system and deposited a copy with Federal Express for overnight delivery to:

      Skadden, Arps, Slate, Meagher & Flom LLP
      155 North Wacker Drive
      Chicago, Illinois  60606
      Att'n:  John William Butler, Jr., John. K. Lyons, and Michael W. Perl.

I further certify that on April 15, 2010, I deposited a copy with Federal Express for overnight delivery to:

      DPH Holdings Corp.
      5725 Delphi Drive
      Troy, Michigan 48098
      Att'n: President

      and

      The Honorable Robert D. Drain,
      United States Bankruptcy Judge
      United States Bankruptcy Court, Southern District of New York
      The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
      300 Quarropas Street, Courtroom 118
      White Plains, New York 10601

                      s/ A. Spencer Gilbert III
                      A. Spencer Gilbert III

April 15, 2010

April 15, 2010

Delphi Corporation (DPH Holdings Corp.)
Mississippi ISGA's Administrative Expense Proofs of Claims

List of Mississippi Workers' Compensation Claims Included in
46th Omnibus Claims Objection Filed March 19, 2010 (Docket No. 19711)

| Claimant Name | Claim No. | Objection Exhibit |
|---|---|---|
| Delorise Hooker | 19565 | C |
| Kendrick D. Holmes | 19566 | M |
| Cathy L. Anderson | 19567 | M |
| Paullion Roby | 19568 | C |
| Emma C. Kyles | 19570 | M |
| Joe N. Swan | 19571 | M |
| Kaaren D. Washington | 19572 | M |
| Eashonda D. Williams | 19573 | C |
| Lee H. Young, Jr. | 19574 | M |

# EXHIBIT 1

A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi 39236
(601) 982-2122
*Counsel to Mississippi Workers' Compensation
   Individual Self-insurer Guaranty Association*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
      In re                                  :    Chapter 11
                                                                  :
DELPHI CORPORATION, et al.,                                       :    Case No. 05-44481 (RDD)
      Debtors,                               :    (Jointly Administered)
                                                                  :
      -and-                                  :
                                                                  :
DELPHI AUTOMOTIVE SYSTEMS, LLC,  :    Case No. 05-44640 (RDD)
      Debtor.                                :
                                                                  :
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **SUPPLEMENT TO PROOF OF CLAIM FOR ADMINISTRATIVE EXPENSE**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("the Association") executes and files the attached proof of claim for administrative expense and this supplement in the name of the creditor stated therein ("the Creditor") pursuant to Rule 3005, Rules of Bankruptcy Procedure.

## **EXHIBIT 2**

**Introduction and Summary of Claim**

1.  The Creditor, a Mississippi employee of debtor Delphi Automotive Systems, LLC, ("Delphi Automotive"), suffered a post-petition work-related injury and has a workers' compensation claim against Delphi Automotive. The Creditor did not file a proof of claim for administrative expense prior to the administrative expense claim Bar Date of July 15, 2009. The Association is an entity that is liable to the Creditor for the obligations of Delphi Automotive under the Mississippi Workers' Compensation Law. Therefore, pursuant to Rule 3005, Rules of Bankruptcy Procedure, the Association is entitled to execute and file this proof of claim in the name of the Creditor within 30 days after the expiration of the Bar Date.

**Basis for Administrative Expense Claim**

2.  The Creditor is, or was at the time of injury, an employee of Delphi Automotive, one of the debtors in the captioned jointly administered case.

3.  The Creditor has an unliquidated claim or an unliquidated and contingent claim for medical expenses or compensation payments or both under the Mississippi Workers' Compensation Law for work-related injury which occurred after October 8, 2005, the date of filing of the petitions in these cases, and during the time that Delphi Automotive was continuing to operate its business in Mississippi as debtor in possession under Chapter 11.

4.  The Creditor's claim is an expense of administration under § 503(b) of the Bankruptcy Code.

5.  Since October 8, 2005, Delphi Automotive has generally continued to pay its liabilities to employees with workers' compensation claims -- both those with pre-petition dates of injury and those, like the Creditor, with post-petition dates of injury.

Supplement to Proof of Claim--Admin Exp 004-Exh. 2.wpd
August 12, 2009                                    -2-                  Delphi Corporation, et al., Case No 05-44481 (RDD)
                                                                        Delphi Automotive Systems, LLC, Case No. 05-44640 (RDD)

6.  Pursuant to the Modified Plan approved by the Court on July 30, 2009, the purchaser of the Mississippi business of Delphi Automotive did not assume any Mississippi workers' compensation liabilities. After the Effective Date of the Purchase Agreement, there is no provision for payment of the pending workers' compensation claims, including the post-petition claim of Creditor. Delphi Automotive has thereby repudiated its obligation to pay Creditor's claim and has defaulted on its obligations under the Mississippi Workers' Compensation Law.

### Basis for The Association Filing Claim on Behalf of Creditor

7.  Creditor has a claim for a work-related injury occurring post-petition in the ordinary course of operating and preserving the business of debtor in possession, Delphi Automotive.

8.  The Association is a nonprofit unincorporated legal entity created by the Mississippi Workers' Compensation Self-insurer Guaranty Association Law ("the Act") § 71-3-151, et seq., MISS. CODE ANN. (1972).

9.  Among the purposes of the Association are "to provide a mechanism for the payment of the covered claims under the Workers' Compensation Law, to avoid excessive delay in payment and to avoid financial loss to claimants because of the insolvency of a self-insurer." § 71-3-153.

10. The Act defines "covered claim" as "an unpaid claim upon which compensation or medical is payable by the self-insurer under the Workers' Compensation Law if such self-insurer becomes insolvent." § 71-3-157(d).

Supplement to Proof of Claim--Admin Exp 004-Exh. 2.wpd
August 12, 2009                                    -3-                    Delphi Corporation, et al., Case No 05-44481 (RDD)
                                                                          Delphi Automotive Systems, LLC, Case No. 05-44640 (RDD)

11. The petition commencing this case was filed on October 8, 2005. Delphi Automotive was qualified as a self-insurer by the Mississippi Workers' Compensation Commission ("the Commission") under the Workers' Compensation Law, and it is a member self-insurer of the Association.

12. The Act provides in § 71-3-163(1) that the Association shall:

(a) Be obligated to the extent of its covered claims existing prior to the date of default and arising within thirty (30) days after the date of default. In no event shall an association be obligated to a claimant in an amount in excess of the obligation of the insolvent self-insurer.

(b) Be deemed the self-insurer to the extent of obligation on its covered claims and to such extent shall have all rights, duties and obligations of the individual self-insurer in default . . . as if the self-insurer were not in default.

\* \* \*

(d) Investigate claims brought against the association; adjust, compromise, settle and pay covered claims to the extent of the association's obligations; deny all other claims; and may review settlements, releases and judgments to which the member self-insurer in default were parties to determine the extent to which such settlements, releases and judgments may be properly contested.

\* \* \*

13. As a result of the insolvency of Delphi Automotive and the repudiation of its workers' compensation obligations, the Association is obligated to investigate, adjust, compromise, settle, deny and defend all pending workers' compensation claims against Delphi Automotive,.

Supplement to Proof of Claim--Admin Exp 004-Exh. 2.wpd
August 12, 2009                                    -4-                    Delphi Corporation, et al., Case No 05-44481 (RDD)
                                                                           Delphi Automotive Systems, LLC, Case No. 05-44640 (RDD)

14.     The Act further provides in § 71-3-169 that "[a]ny person recovering under Sections 71-3-151 through 71-3-181 shall be deemed to have assigned his rights under the Workers' Compensation Law to the association to the extent of his recovery from the association."  Therefore, the Association is or will be subrogated to the rights of the Creditor against Delphi Automotive to the extent of actual payments made to the Creditor.  Payments of the Association's obligations for covered claims are paid out of the Guaranty Fund established and maintained under the Act and out of the proceeds of any security posted by the member self-insurer as required by the Commission.

15.     As a condition of its qualification as a self-insurer in Mississippi, Delphi Automotive has posted security with the Commission for the benefit of the Association in the total amount of $500,000 in the form of a bond and a letter of credit.  As estimated by Delphi Automotive's third-party administrator on July 16, 2009, the total amount reserved or estimated for the cost of current pre-petition workers' compensation claims is $416,435; and the total amount reserved or estimated for the current post-petition administrative expense workers' compensation claims is $245,682.  Based on these estimates, after the pre-petition liabilities are paid, there will not be sufficient proceeds of the security to pay all of the administrative expense workers' compensation claims, including the claim of the Creditor.

16.     The Association is an entity that is liable to the Creditor for the obligations of Delphi Automotive under the Workers' Compensation Law.  Pursuant to § 509 of the Bankruptcy Code, the Association is subrogated to the rights of the Creditor to the extent of payment of the claim by the Association.  The Creditor did not file a proof of claim by the Administrative Claim

Supplement to Proof of Claim--Admin Exp 004-Exh. 2.wpd
August 12, 2009                                                      -5-                     Delphi Corporation, et al., Case No 05-44481 (RDD)
                                                                                                          Delphi Automotive Systems, LLC, Case No. 05-44640 (RDD)

Bar Date. Therefore, the Association is entitled to execute and file this proof of claim in the name of the Creditor pursuant to Rule 3005.

## Conclusion

17. Creditor's workers' compensation claim is an administrative expense of this estate. The Association has properly and timely filed the proof of claim on behalf of the Creditor. The Creditor's claim should , if necessary, be estimated, and should be allowed and paid in full after applying any excess proceeds of the security remaining after payment of the pre-petition claims. Payment should be made to the Creditor or, to the extent paid by the Association, to the Association.

/s/ A. Spencer Gilbert III
A. Spencer Gilbert III
Miss. Bar No. 4828
GILBERT PLLC
Post Office Box 13187
Jackson, Mississippi 39236
(601) 982-2122
sgilbert@asgilbert.com
*Counsel to Mississippi Workers' Compensation Individual Self-insurer Guaranty Association*

August 12, 2009

Supplement to Proof of Claim--Admin Exp 004-Exh. 2.wpd
August 12, 2009                -6-                Delphi Corporation, et al., Case No 05-44481 (RDD)
Delphi Automotive Systems, LLC, Case No. 05-44640 (RDD)