Hearing Date: May 20, 2010, at 10:00 a.m.

STITES & HARBISON PLLC
Robert C. Goodrich Jr. (TN 10454)
Madison L. Martin (TN 24027)
401 Commerce Street, Suite 800
Nashville, TN 37219
Tel: (615) 244-5200    Fax: (615) 782-2371
Email: robert.goodrich@stites.com
       madison.martin@stites.com

-and-

John A. Bicks (JB 3496)
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel:  (212) 768-6700   Fax:  (212) 768-6800
*Attorneys for Setech, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, *et al.*, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------x

| | | |
|---|---|---|
| DELPHI CORPORATION, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Adv. Pro. No. 07-02619 (RDD) |
| Against | : | |
| | : | |
| SETECH INC. and SETECH, | : | |
| | : | |
| . Defendants. | : | |

-----------------------------------------------------------x

**DEFENDANT'S OBJECTION TO REORGANIZED DEBTORS' MOTION
FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS**

Defendant SETECH, INC. ("Setech"), by and through counsel, hereby objects to *Reorganized Debtor's Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings* (APN Docket No. 8) (the "Motion") filed by the

above-captioned Plaintiffs, DHP Holdings Corporation and certain of its affiliated reorganized debtors (collectively, the "Plaintiffs"), and states as follows:

1.    First, though not surprising given the Plaintiffs' tactical maneuvers in the avoidance litigation to date as summarized below, it does not appear that Setech or other interested parties including have received effective notice of the Motion. The docket does not reflect *any* certificate of service for this Motion, and Setech received actual notice of the Motion only as a result of undersigned counsel's review of the docket after being retained just yesterday. Therefore, to the extent necessary or appropriate, Setech requests that the Court either deem this Objection timely filed or excuse the late filing as a result of excusable neglect.

2.    On information and belief, Plaintiffs have filed 177 preference avoidance complaints pursuant to 11 U.S.C. §§ 547 and 550. Plaintiffs seek the entry of a single, uniform Case Management Order that would apply to all 177 actions, contending that establishment of such an order will allow the Court to "establish streamlined procedures to facilitate the efficient resolution of the adversary proceedings . . ." Entry of any Case Management Order at this juncture is premature, much less one that would treat all 177 cases in a "one size fits all" fashion without any input from the defendants.

3.    Plaintiffs' hurried request for entry of a uniform Case Management Order that would restrict discovery after having provided *no notice* of this sealed proceeding for over two and a half years is entirely consistent with Plaintiffs' apparent strategy of litigating these claims, which is to deprive Setech of its due process rights while, at the same time, undermining Setech's ability to defend the action. Plaintiffs would now have the Court limit the information that Plaintiffs will have to produce, after keeping the action a secret for over two and a half years, which virtually ensures that Setech, due to customary records retention policies, will have impaired access to the documents needed to defend this action. Setech submits that *no order* should be entered which eliminates the Fed. R. Bankr. P. Rule 7026(f) conference or otherwise alters the traditional rules of discovery at this stage of the case. The 7000-series of the Federal

Rules of Bankruptcy Procedure are designed to facilitate the parties' *mutual and consensual* evaluation of the discovery needs of the case, and those rules should not be disregarded, essentially ex parte, in favor Plaintiffs' one-sided game plan designed to cripple the open development of the facts of the case and thwart any chance for fairness.

4.  On September 29, 2007, Plaintiffs opened the court file which allegedly contained a sealed complaint against Setech (the "<u>Complaint</u>") seeking to recover over $22.5 million in alleged preferential transfers. The Complaint is bare-bones, simply parroting the 11 U.S.C. § 547(b) elements without any apparent prior due diligence and without providing any factual information other than the alleged "transfer date," "transfer amount" and "transfer type" for the numerous transfers that it now, over two and a half years later, seeks to avoid. *See* Exhibit 1 to (Cornpl. Against Setech).

5.  For example, the Complaint does not identify which of the *numerous debtors* involved in this bankruptcy proceeding actually owed the money that was allegedly transferred, which of the Debtors actually made the alleged payments, or out of which Debtor's bank account(s) such alleged payments were drawn. The Complaint fails to set forth the identity of the actual Plaintiff(s) making the avoidance claims; instead, the Complaint simply states that it is brought on behalf of "Delphi Corporation ('Delphi') and other [unnamed] above-captioned debtors and debtors in possession." *See* Ex. 1. Plaintiffs have been in possession of this missing information for over two and a half years, but have elected to exclude it from their Complaints.

6.  Because Plaintiffs have provided almost no information in its Complaint, Setech will be required to conduct extensive discovery to evaluate the merits of the avoidance claims and to formulate defenses and/or settlement positions. This discovery will comprise, among other things, information and documents (now over 5 years old) necessary to evaluate basic facts- which should have been pleaded in the Complaint, including: (a) whether the property transferred was an interest in property of the debtor entities which are Plaintiffs; (b) which debtor entity made each of the transfers; (c) to whom and for whose benefit the transfers were made;

(d) the purpose of each transfer, including to what "antecedent debt" such transfers allegedly relate, if any; and (e) who was the initial transferee of each transfer.

7. The necessity for robust discovery in this proceeding has been compounded by Plaintiffs' tactical choice to provide absolutely no notice to Setech or other defendants of its "sealed" actions or of the relief requested by the Motion. Any attempt by Plaintiffs to limit discovery after keeping these actions a secret for over two and a half years will prejudice Setech and other defendants given that, for example, many of Reorganized Debtors' relevant facilities or business units have since been closed or sold. Therefore, either all parties to this action should have unfettered access to all discovery channels equally, or discovery should be stayed altogether pending resolution of the substantial and potentially dispositive due process issues in this case.

8. At a minimum, no Case Management Order should be entered until the Court has evaluated and determined the Plaintiffs' right, if any, to prosecute these preference actions despite the running of the statute of limitations and the improper use of this Court to subvert the letter and intent of Federal Rule of Bankruptcy Procedure Rules 7004(m) and 9006. Setech intends to file a Motion to Dismiss this proceeding in due time for several reasons, including but not limited to lack of due process, insufficient process and insufficient service of process, improper use of Rule 7004(m) and Rule 9006, failure to state a claim, laches, judicial estoppel and abandonment (among other arguments). Defendant respectfully submits that no discovery should take place until the Court has had a chance to rule on Setech's and other Defendants' various motions to dismiss and until any interlocutory appeals have been exhausted.

9. To the extent the Court is inclined to enter a Case Management Order at this time, Setech objects to several portions of the proposed order which is attached as Exhibit A to the Motion (the "<u>Proposed Order</u>").

10. Consistent with paragraph 3 above, Setech objects to the proposal in Paragraph 3 of the Proposed Order which states that all parties are exempt from the initial disclosure requirements of Bankruptcy Rule 7026(a)(l). To the extent that discovery is limited as requested by Plaintiffs in the Proposed Order (limiting the number of interrogatories, requests for admission, and document production requests), information provided in the parties' initial disclosures will be critical, particularly in light of the dearth of detail contained in the Complaint.

11. Setech objects to Paragraph 4 of the Proposed Order which would require approval of the Court before *any* motion can be filed. Instead, the Court's local rules, which already require that a telephone conference be held before certain motions are filed, should control. *See* Rules 7007-1(a), 7056-1(a). As explained in the Comment to Rule 7056-1, "[t]he rule does not limit a party's right to file a motion ... after the pre-motion conference." There is no need to expand the limitations contained in the Court's local rules to apply to "any" motion filed in this matter or to permit the barring of filing motions.

12. Setech objects to Paragraph 6 of the Proposed Order which limits the number of document requests to twenty (20), including subparts and subsets. Any limitation to the number of document production requests that may be propounded (a limitation which appears nowhere in the Bankruptcy Rules) is unwarranted given the lack of detail contained in the Complaint and Plaintiffs' delay in unsealing their skeletal Complaint. Indeed, as discussed above, robust discovery should be permitted given the substantial prejudice and loss of critical information that has been caused by Plaintiffs' sealed filing of the avoidance actions years ago.

13. Setech objects to Paragraphs 8 and 10 of the Proposed Order which: (a) limit the timing of requests for admission to "no sooner than thirty (30) days *after* the close of all other fact discovery ... "; and (b) limit the number of admission requests to thirty (30), including subsets and subparts. There is no reason to limit the number or timing of admission requests and nothing in the Bankruptcy Rules supports such a limitation. To the contrary, admission requests are often useful early in discovery to limit the issues in dispute or otherwise focus the parties'

efforts. The Bankruptcy Rules, moreover, do not limit the number of admission requests that a party can propound and no limit should be set in this case, particularly given the lack of detail contained in the Complaint and Plaintiffs' extraordinary delay in prosecuting their claims. In any event, there should be no limit on the number of requests for admission which seek to authenticate documents.

14. Setech objects to Paragraph 9 of the Proposed Order which limits the number of interrogatories to ten (10), including subsets and subparts. The Bankruptcy Rules permit twenty-five (25) interrogatories, including discrete subparts, subject to the right to seek leave to serve additional interrogatories. *See* Federal Rule of Civil Procedure 33(a)(l). Given the lack of detail contained in the Complaint and Plaintiffs' dilatory gamesmanship herein, not to mention the number of transactions and high dollar amounts at issue, any case management order entered in this proceeding should increase rather than decrease the traditional number of interrogatories.

15. Setech objects to Paragraph 11 of the Proposed Order which provides that fact and expert discovery will be closed on or before December 1, 2011. For the reasons discussed above, setting a discovery deadline is premature at this time. To the extent a case management order is entered, Setech submits that no discovery should be taken until its (and other defendants') initial motions to dismiss and all interlocutory appeals related to all motions to dismiss are exhausted, so that all fact and expert discovery should be completed eighteen (18) months after the resolution of all interlocutory appeals, as opposed to by a fixed date.

16. Setech reserves the right to make other objections to the Proposed Order; the purpose of the Rule 26(f) procedures is to allow Setech and the Plaintiffs time to work out these procedural issues, and Setech has not had any such opportunity.

17. Undersigned counsel files this Objection and proceeds herein pursuant to special appearance only, and hereby reserves its right to argue that Plaintiffs have not commenced this action through proper process and therefore Plaintiffs lack standing to request any relief herein. To the extent the Court is inclined to entertain a global procedures order now, Setech, for the

reasons stated above, objects to several portions of the Proposed Case Management Order because the order will prejudice its rights and make its defense and/or settlement of this Adversary Proceeding more burdensome and difficult.

WHEREFORE, Setech requests that entry of the Proposed Order be denied as premature or, in the alternative, the Proposed Order be modified consistent with the above; and that the Court grant to Setech such further relief as is proper and just.

Date:  April 15, 2010

Respectfully submitted,

/s/ Madison L. Martin
Robert C. Goodrich Jr. (TN ID No. 10454)
Madison L. Martin (TN ID No. 24027)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
(615) 244-5200      Fax: (615) 782-2371
Email:  robert.goodrich@stites.com
        madison.martin@stites.com

-and-

SONNENSCHEIN NATH & ROSENTHAL LLP
John A. Bicks (JB 3496)
1221 Avenue of the Americas
New York, New York 10020
212) 768-6700      Fax:  (212) 768-6800

*Attorneys for Setech, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2010, the foregoing *Defendant's Objection to Reorganized Debtors' Motion for Case Management Order Establishing Procedures Governing Adversary Proceedings* was electronically filed through the Court's CM/ECF system and served upon all Filing Users accepting Notice of Electronic Filing.

/s/Madison L. Martin