PREET BHARARA  HEARING DATE: April 22, 2010
United States Attorney for the  TIME:  10:00 AM
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2745
Fax: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE:                                          Chapter 11

    DPH HOLDINGS CORP., *et al.*,            Case No. 05-44481 (RDD)

        Reorganized Debtors.              (Jointly Administered)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF THE UNITED STATES OF AMERICA**
**TO REORGANIZED DEBTORS' OBJECTION TO THE**
**ADMINISTRATIVE EXPENSE CLAIMS OF**
**UNITED STATES CUSTOMS AND BORDER PROTECTION**
**(CLAIM NOS. 19275 and 19276)**

      The United States of America, by its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this response to Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, and (I) Severance Claims, (II) Disallow and Expunge (A) a Certain Duplicate Workers' Compensation Claim, (B) a Certain

Duplicate Tax Claim, and (C) a Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims and (B) Workers' Compensation Claims, and (IV) Allow Certain Administrative Expense Severance Claims, dated March 19, 2010 (the "Objection"), to the extent that the Reorganized Debtors ("Debtors") object to the administrative claims of United States Customs and Border Protection ("Customs"), listed on Exhibit A to the Objection as claim numbers 19275 and 19276 (collectively, the "Customs Claims").

Debtors object to the Customs Claims by stating only that the liability is not reflected on their books and records. But as the claim documentation provided by Customs sets forth, the Customs Claims are based on five categories of liquidated and unliquidated entries and penalties owed by Debtors relating to the importing of merchandise. Accordingly, Debtors' objection should be denied. In the alternative, the Court should not rule upon Debtors' unsubstantiated books-and-records objection without, at the very least, discovery concerning the Customs Claims and a hearing pursuant to 11 U.S.C. § 503(b).

## BACKGROUND

1.  On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq.*, as amended (the "Bankruptcy Code").

2.  On January 25, 2008, the Court issued an order confirming Debtors' first amended joint plan of reorganization (as modified). On October 3, 2008, Debtors filed a motion under 11 U.S.C. § 1127 for an order, *inter alia,* approving

2

certain modifications to the confirmed plan.  On June 1, 2009, Debtors filed a supplement to their previous motion for approval of, *inter alia*, certain modifications to the confirmed plan (the "Modified Plan").  On July 30, 2009, the Court entered an order approving the Modified Plan, which Debtors substantially consummated on October 6, 2009 (the "Effective Date").

3. Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of this Court's order entered June 16, 2009 [Docket No. 17032], the bar date for asserting a claim for administrative expense under 11 U.S.C. § 503(b)(1) was established as July 15, 2009.

4. On July 15, 2009, Customs timely filed claims for administrative expense for the period from the Petition Date to June 1, 2009, with respect to debtors Delphi Corporation (the "Delphi Claim") and Delphi Mechatronic Systems, Inc. (the "DMS Claim").  These claims were subsequently designated claim numbers 19275 and 19276, respectively.  *See* Objection, Ex. A at 30.  A copy of the Delphi Claim is attached as Exhibit A.  A copy of the DMS Claim is attached as Exhibit B.

5. The document attached to the Delphi Claim evidences in detail Debtors' post-petition liability in the amount of $5,897,837.63 plus unliquidated entries.  This liability arises in the context of (i) four liquidated damages cases resulting from Delphi's failure to file reconciliation entries ($5,000,000.00), (ii) a penalty for violation of 19 U.S.C. § 1592 arising out of a protest by Delphi for refund of duties based on misclassification of imported merchandise on entry summaries, where Customs already had been paid the refund ($55,068.64), (iii) thirteen

unliquidated accelerated drawback entries ($830,380.22),[1] (iv) five interest-reconciliation entries ($12,389.37), and (v) at least 37,000 unliquidated post-petition entries which may liquidate with duty, fees or other charges due Customs. *See* Ex. A.

6.   Similarly, the document attached to the DMS Claim evidences in detail Debtors' post-petition liability in the amount of $201,239.95 plus unliquidated entries. This liability arises in the context of (i) one liquidated damages cases resulting from Delphi's failure to file reconciliation entries ($200,000.00), (ii) four interest-reconciliation entries ($1,239.95), and (iii) 791 unliquidated post-petition entries which may liquidate with duty, fees, or other charges due Customs. *See* Ex. B.

7.   On March 19, 2010, Debtors filed their Objection seeking, among other things, to disallow the Customs Claims. In relevant part, Debtors' objection states only that Debtors have determined that "certain Administrative Claims filed against the Debtors or the Reorganized Debtors, as the case may be, assert liabilities or dollar amounts that are not owing pursuant to the Reorganized

---

[1] A drawback claim by an importer is a request that Customs refund duties paid upon the importation of merchandise when the merchandise is later exported or substitute merchandise is exported. In the case of an accelerated drawback claim, the importer posts a bond and receives payment of the claim before Customs determines whether the importer is entitled to payment. As of the filing of the Delphi Claim, Customs had not reviewed the thirteen accelerated drawback claims at issue to determine whether the claims were correct — a process known as "liquidation." Accordingly, Customs asserted a contingent claim for the underlying drawback payments made to Delphi and, as dictated by the eventual liquidation of the claims, will amend its administrative claim. *See* Ex. A at Attachment 1.

Debtors' books and records." Debtors continue that they "believe that the parties asserting Books And Records Claims" — *e.g.,* the United States of America — "are not a creditor of the Debtors." Objection ¶ 15.

## ARGUMENT

### THE COURT SHOULD REJECT DEBTORS' OBJECTION TO THE CUSTOMS CLAIMS

12.    The Debtors' Objection to the Customs Claims should be rejected.

13.    The Bankruptcy Code provides in relevant part that "[a]n entity may timely file a request for payment of an administrative expense," 11 U.S.C. § 503(a), and "[a]fter notice and a hearing, there shall be allowed administrative expenses, . . ., including— . . . the actual, necessary costs of and expenses of preserving the estate, *id.* §§ 503(b), 503(b)(1)(A).

14.    In this case, Customs filed both the Delphi Claim and the DMS Claim in a timely manner. *See* Objection, Ex. A at 30 (indicating filing date of July 15, 2009, for both claims). As discussed *supra,* paragraphs 5-6, the two claims specify the source and nature of Customs' claims for administrative expenses. *See* Ex. A, Ex. B. Debtors have not come forward with any factual or legal support for their application to expunge these properly filed claims. *See In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (Debtors "'may not rebut the *prima facie* case merely by stating that the amount . . . claimed . . . is not correct; the [Debtors] must produce some evidence to support that statement.'" (citation omitted)). Accordingly, Debtors' objection to the claims should be overruled. In the alternative, the Court should

permit discovery regarding these claims and schedule a hearing on their allowance pursuant to 11 U.S.C. § 503(b).  *See ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.),* 582 F.3d 422, 430 (2d Cir. 2009) ("[S]ection 503(b) requires notice and a hearing on all requests for administrative expenses, regardless of whether any objection has been made.").

## CONCLUSION

For the foregoing reasons, the Court should overrule Debtors' objection to the Customs Claims, or, in the alternative, permit discovery on the claims and schedule a hearing pursuant to 11 U.S.C. § 503; and award Customs such other and further relief as is just and proper.

Dated:   New York, New York
         April 16, 2010

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for the United States of America*

                                By:     s/ Joseph N. Cordaro
                                        JOSEPH N. CORDARO
                                        Assistant United States Attorney
                                        86 Chambers Street
                                        New York, New York 10007
                                        Telephone: (212) 637-2745
                                        Facsimile:  (212) 637-2686
                                        E-mail: joseph.cordaro@usdoj.gov