PREET BHARARA  
United States Attorney for the  
Southern District of New York  
By: JOSEPH N. CORDARO  
Assistant United States Attorney  
86 Chambers Street  
New York, New York 10007  
Tel.: (212) 637-2745  
Fax: (212) 637-2686  
E-mail: joseph.cordaro@usdoj.gov

HEARING DATE: April 22, 2010  
TIME:  10:00 AM

**UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:

    DPH HOLDINGS CORP., *et al.*,

           Reorganized Debtors.

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF THE UNITED STATES OF AMERICA  
TO REORGANIZED DEBTORS' OBJECTION TO THE  
ADMINISTRATIVE EXPENSE CLAIMS OF THE  
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY  
(CLAIM NOS. 18956, 19539, and 19786)**

The United States of America, by its attorney Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this response to Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, and (I) Severance Claims, (II) Disallow and Expunge (A) a Certain Duplicate Workers' Compensation Claim, (B) a Certain

Duplicate Tax Claim, and (C) a Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims and (B) Workers' Compensation Claims, and (IV) Allow Certain Administrative Expense Severance Claims, dated March 19, 2010 (the "Objection"), to the extent that the Reorganized Debtors ("Debtors") object to the administrative claims of the United States Environmental Protection Agency ("EPA"), listed on Exhibit A to the Objection as claim numbers 18956, 19539, and 19786 (the "EPA Claims").

Debtors object to the EPA Claims by stating only that the liability is not reflected on their books and records.  As the claims submitted by the EPA sets forth in detail, however, these administrative expenses are based upon post-petition environmental and response and oversight costs associated with properties currently owned or previously owned by Debtors or their subsidiaries.  Accordingly, Debtors' objection should be denied.  In the alternative, the Court should not rule upon Debtors' unsubstantiated books-and-records objection without, at the very least, discovery concerning the EPA Claims and a hearing pursuant to 11 U.S.C. § 503(b).

## BACKGROUND

1.   On October 8 and 14, 2005 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. § 1101 *et seq.*, as amended (the "Bankruptcy Code").

2.   On January 25, 2008, the Court issued an order confirming Debtors' first amended joint plan of reorganization (as modified).  On October 3, 2008,

Debtors filed a motion under 11 U.S.C. § 1127 for an order, *inter alia,* approving certain modifications to the confirmed plan.  On June 1, 2009, Debtors filed a supplement to their previous motion for approval of, *inter alia*, certain modifications to the confirmed plan (the "Modified Plan").  On July 30, 2009, the Court entered an order approving the Modified Plan, which Debtors substantially consummated on October 6, 2009 (the "Effective Date").

A.     **EPA's July 15, 2009 Claim for Administrative Expenses**

3.     Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of this Court's order entered June 16, 2009 [Docket No. 17032], the bar date for asserting a claim for administrative expense under 11 U.S.C. § 503(b)(1) was established as July 15, 2009.

4.     On July 15, 2009, the EPA timely filed a claim for administrative expense for the period from the Petition Date to June 1, 2009 (the "July 15 EPA Claim"), which was subsequently designated claim numbers 18956 and 19539.  *See* Objection, Ex. A at 30.  A copy of the July 15 EPA Claim is attached as Exhibit A.

5.     As the document attached to the July 15 EPA Claim evidences, Debtors' liability arises in the context of post-petition environmental response and oversight costs incurred or to be incurred at the properties (collectively, the "Facilities") listed on page S-xviii of Debtors' *Supplement to First Amended Disclosure Statement with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (As*

*Modified)* ("First Amended Disclosure Statement") [Docket No. 17031] under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601, *et seq*. A copy of page S-xviii of the Debtors' First Amended Disclosure Statement is attached as Exhibit B. These costs include, but are not limited to, approximately $220,000 incurred in connection with the Delphi VOC Site in Dayton, Ohio. *See* Ex. A at ¶ 3.

6. The July 15 EPA Claim also contains a protective contingent claim and reservation of rights with respect to Debtors' work obligations imposed by environmental statutes, regulations, court orders, administrative orders, or permits that are not claims within the meaning of the Bankruptcy Code, including with respect to compliance and work obligations under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq*. *See* Ex. A at ¶¶ 6-7.

7. The July 15 EPA Claim also indicates that Debtors have or may have environmental liabilities for properties that are part of the bankruptcy estate and/or for the migration of hazardous substances from the property of the bankruptcy estates, and that Debtors have voluntary corrective action agreements for ongoing investigations pursuant to schedules approved by the EPA for certain facilities. Pursuant to 28 U.S.C. § 959(b), Debtors are required to manage and operate estate property in accordance with non-bankruptcy law—including, of course, environmental law—and the cost of compliance with environmental law is an administrative expense obligation of the estate. *See* Ex. A at ¶ 8.

**B.      The November 5, 2009 EPA Administrative Claim**

8.      Pursuant to Articles 1.5 and 10.5 of the Modified Plan, the bar date for asserting an administrative claim for the period between June 1, 2009, and the Effective Date of October 6, 2009, was November 5, 2009.

9.      On November 5, 2009, the EPA timely filed an amended claim for administrative expense (the "November 5 EPA Claim"), which was subsequently designated claim number 19786.  *See* Objection, Ex. A at 30.  A copy of the November 5 EPA Claim is attached as Exhibit C.

10.     The claims in the attachment to the November 5 EPA Claim are substantially similar to those in the attachment to the July 15 EPA Claim, *see supra,* ¶¶ 5-7, but for the more recent time period of June 1, 2009, through the Effective Date of October 6, 2009.  The attachment to the November 5 EPA Claim indicates that the United States has incurred an additional $8,003.01 in expenses in connection with the Delphi VOC Site in Dayton, Ohio, between June 1, 2009, and October 6, 2009.  *See* Ex. C at ¶ 3.

**C.      Debtors' Objection**

11.     On March 19, 2010, Debtors filed their Objection seeking, among other things, to disallow the EPA Claims.  In relevant part, Debtors' objection states only that Debtors have determined that "certain Administrative Claims filed against the Debtors or the Reorganized Debtors, as the case may be, assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records."  Debtors continue that they "believe that the parties asserting Books And

5

Records Claims" — *e.g.,* the United States of America — "are not a creditor of the Debtors." Objection ¶ 15.

## ARGUMENT

### THE COURT SHOULD REJECT DEBTORS' OBJECTION TO THE EPA CLAIMS

12.   The Debtors' Objection to the EPA Claims should be rejected.

13.   The Bankruptcy Code provides in relevant part that "[a]n entity may timely file a request for payment of an administrative expense," 11 U.S.C. § 503(a), and "[a]fter notice and a hearing, there shall be allowed administrative expenses, . . ., including— . . . the actual, necessary costs of and expenses of preserving the estate, *id.* §§ 503(b), 503(b)(1)(A). "[R]esponse costs for post-petition remedial action [to remedy a pre-petition release or threatened release of hazardous waste]" are "necessary to preserve the estate" and "qualify as administrative expenses" pursuant to section 503(b)(1)(A). *United States v. LTV Corp. (In re Chateaugay Corp.),* 944 F.2d 997, 1010 (2d Cir. 1991); *see* Ex. A at ¶ 9, Ex. C at ¶ 9 (citing *Chateaugay*, among other authority).

14.   In this case, both the July 15 EPA Claim and the November 5 EPA Claim were filed in a timely manner. *See* Objection, Ex. A at 30 (indicating filing dates of July 15, 2009, and November 5, 2009, for the EPA claims). As discussed *supra,* paragraphs 5-7, 10, the filings specify the source (including CERCLA and RCRA) and nature of the EPA Claims. *See* Ex. A, Ex. C. Debtors have not come forward with any factual or legal support for their application to expunge these

properly filed claims.  *See In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (Debtors "'may not rebut the *prima facie* case merely by stating that the amount . . . claimed . . . is not correct; the [Debtors] must produce some evidence to support that statement.'" (citation omitted)).  Accordingly, Debtors' objection to the claims should be overruled.  In the alternative, the Court should permit discovery regarding these claims and schedule a hearing on their allowance pursuant to 11 U.S.C. § 503(b).  *See ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.),* 582 F.3d 422, 430 (2d Cir. 2009) ("[S]ection 503(b) requires notice and a hearing on all requests for administrative expenses, regardless of whether any objection has been made.").

## CONCLUSION

For the foregoing reasons, the Court should overrule Debtors' objection to the EPA Claims, or, in the alternative, permit discovery on the claims and schedule a hearing pursuant to 11 U.S.C. § 503; and award the EPA such other and further relief as is just and proper.

Dated:   New York, New York
         April 16, 2010

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By:   s/ Joseph N. Cordaro
      JOSEPH N. CORDARO
      Assistant United States Attorney
      86 Chambers Street
      New York, New York 10007
      Telephone: (212) 637-2745
      Facsimile:  (212) 637-2686
      E-mail: joseph.cordaro@usdoj.gov