| United States Bankruptcy Court<br>Southern District of New York<br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | Administrative Expense Claim Form | |
|---|---|---|
| **Debtor against which claim is asserted:**<br>Delphi Corporation, et al. 05-44481 | **Case Name and Number**<br>In re Delphi Corporation., et al. 05-44481<br>Chapter 11, Jointly Administered | |

NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

| Name of Creditor<br>*(The person or other entity to whom the debtor owes money or property)*<br>U.S. Environmental Protection Agency<br><br>Name and Address Where Notices Should be Sent<br>United States Attorney's Office<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Telephone No.<br>212-637-2700 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | COPY<br><br>THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim ☐ replaces<br>☐ amends a previously filed claim, dated: _____ |
|---|---|

1. BASIS FOR CLAIM
   - Goods sold
   - Services performed
   - Money loaned
   - Personal injury/wrongful death
   - Taxes
   - XX Other (Describe briefly)
     Recovery of environmental response costs under CERCLA, 42 U.S.C. 9601-75.

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (Fill out below)
   Your social security number _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)           (date)

2. DATE DEBT WAS INCURRED
   October 8, 2005 to June 1, 2009

3. IF COURT JUDGMENT, DATE OBTAINED:

4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $ See attachment
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

5. Brief Description of Claim (attach any additional information):
   See attachment.

6. **CREDITS AND SETOFFS**: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. **SUPPORTING DOCUMENTS**: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

8. **DATE-STAMPED COPY**: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date
July 14, 2009

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
*[signature]*
Joseph N. Cordaro, Assistant U.S. Attorney, S.D.N.Y.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
JUL 15 2009
KURTZMAN CARSON CONSULTANTS

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
By:   MATTHEW L. SCHWARTZ
      JOSEPH N. CORDARO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel. No.: (212) 637-1945
Fax No.: (212) 637-2750
E-mail:   matthew.schwartz@usdoj.gov
          joseph.cordaro@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In re:

DELPHI CORPORATION, et al.,

Debtors.

------------------------------------x

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## ADMINISTRATIVE EXPENSE APPLICATION OF THE UNITED STATES OF AMERICA ON BEHALF OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

A.   Preliminary Statement

1.   This Administrative Expense Application ("Application") is filed by the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), by its attorney Lev L. Dassin, Acting United States Attorney for the Southern District of New York (the "Government"). This Application relates to recovery of environmental response costs incurred or obligated, or that will be incurred or obligated, by EPA under the Comprehensive Environmental Response,

Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9601-75.

2. Delphi Corporation and certain of its subsidiaries (collectively the "Debtors") are the owners and/or operators of properties (collectively, the "Facilities") listed on page S-xviii of Debtors' *Supplement to First Amended Disclosure Statement with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (As Modified)* [Docket No. 17031]. There have been releases or threats of releases of hazardous substances at some, if not all, of the Facilities. Response costs have been or may be incurred by EPA at the Facilities not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and set forth at 40 C.F.R. Part 300, as amended.

3. The United States files this Application seeking administrative expense priority under 11 U.S.C. §§ 503(b) and 507(a)(1) for post-petition response costs that have been incurred by the United States with respect to the Facilities, including but not necessarily limited to approximately $220,000.00 incurred in connection with the Delphi VOC Site in Dayton, Ohio.

4. In addition, the Application is filed in a protective fashion with respect to future response costs incurred by the United States in connection with the Facilities and the cost of Debtors' obligations to comply with environmental law. This Application does not constitute an election of remedies with respect to the Debtors' obligation to comply with environmental law, and EPA reserves all of its rights with

respect to the Facilities. The United States' investigation is ongoing with respect to conditions at the Facilities and the amounts needed to comply with applicable law.

B.  Protective Filing for Work Obligations

5.  The United States, through EPA, is charged with the police and regulatory responsibility to protect public health and the environment under several environmental statutes, including the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq., Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., Clean Air Act ("CAA"), 42 U.S.C. § 7401 et seq., Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601 et seq., and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. All of these statutes are designed, inter alia, to ensure that persons that own or operate facilities in the United States take necessary steps to protect the public from serious environmental dangers.

6.  The United States is not required to file a claim with respect to Debtors' injunctive obligation to comply with work requirements imposed by environmental statutes, regulations, court orders, administrative orders, or permits, because such obligations are not claims under 11 U.S.C. § 101(5). Debtors and any reorganized debtor must comply with such mandatory requirements. The United States reserves the right to take future actions to enforce any such injunctive obligations of Debtors. While the United States believes that its position will be upheld by the Court, the United States has included the aforementioned obligations and requirements in this Application in a protective fashion, to safeguard against

3

the possibility that Debtors will contend that they do not need to comply with such obligations and requirements, and the Court finds that they are not required to do so. Therefore, a protective contingent claim is filed in the alternative for such obligations and requirements, but only in the event that the Court finds that such obligations and requirements are dischargeable claims under 11 U.S.C. § 101(5), rather than obligations and requirements that any reorganized debtor must comply with. Nothing in this Application constitutes a waiver of any rights of the United States or an election of remedies with respect to such rights and obligations.

7.   Consistent with the foregoing, this Application is filed in a protective manner with respect to Debtors' compliance and work obligations under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-6992k. RCRA establishes a comprehensive regulatory program for generators of hazardous waste and for owners and operators of facilities that treat, store, or dispose of hazardous waste. Debtor is the owner and/or operator of one or more RCRA-regulated facilities. Pursuant to RCRA, EPA has promulgated regulations applicable to generators and owners and operators of hazardous waste management facilities. The federal RCRA implementing regulations are set forth at 40 C.F.R. Part 260 *et seq.* Pursuant to RCRA Section 3006, 42 U.S.C. § 6926, EPA has authorized certain states to administer various aspects of the hazardous waste management program in such states. Pursuant to RCRA Section 3008(a), 42 U.S.C. § 6928(a), these authorized state hazardous waste management programs are enforceable by EPA. Under RCRA, regulated entities are required, *inter alia*, to operate in compliance with

4

RCRA regulatory requirements, implement closure and post-closure work and corrective action work, and perform any necessary action with respect to any imminent and substantial endangerment to health or the environment, as required by RCRA and/or RCRA permits, consent decrees, or administrative orders. *See, e.g.,* 42 U.S.C. §§ 6924, 6928, 6973. Debtors are liable for any and all injunctive and compliance obligations that they are required to perform under RCRA, RCRA permits, and RCRA administrative orders. It is the United States' position that an administrative expense application is not required to be filed for injunctive, compliance, and regulatory obligations and requirements under RCRA.

C.    Debtors' Compliance with Non-Bankruptcy Law

8.    Debtors have or may in the future have environmental liabilities for properties that are part of the bankruptcy estate and/or for the migration of hazardous substances from property of the bankruptcy estate. For example, Debtors have voluntary corrective action agreements for ongoing investigations pursuant to schedules approved by EPA for certain facilities. Pursuant to 28 U.S.C. § 959(b), Debtors are required to manage and operate estate property in accordance with non-bankruptcy law, including all applicable environmental statutes and regulations. The cost of Debtors' compliance with environmental law is an administrative expense obligation of the estate. Further, any reorganized debtor or any other party will be subject to liability under environmental law with respect to any property it owns or operates.

D.   Administrative Priority

9.   The United States is entitled to administrative priority with respect to post-petition response costs relating to the Facilities to ensure compliance with the law to protect public health and the environment. See 11 U.S.C. §§ 503(b) and 507(a)(1); *In re Wall Tube & Metal Products Co.*, 831 F.2d 118 (6th Cir. 1987); *Pennsylvania v. Conroy*, 24 F.3d 568 (3d Cir. 1994); *In re Chateaugay Corp.*, 944 F.2d 997 (2d Cir. 1991).

E.   Miscellaneous Provisions

10.   The United States reserves the right to amend this Administrative Expense Application to assert subsequently discovered liabilities and/or to provide further information, including but not necessarily limited to additional amounts of the United States' post-petition response costs and estimates as to future costs of compliance.

11.   No judgments have been rendered on these claims.

12.   No payments to the United States have been made by the Debtors on these claims.

13.   This Administrative Expense Application is without prejudice to any right under 11 U.S.C. § 553 to set off, against this claim, debts owed (if any) to the Debtors by these or any other federal agencies.

14.   This Administrative Expense Application is also filed in protective fashion with respect to any contaminated property of the estate for which Debtors do

not provide for future compliance with applicable law by a viable, operating entity with adequate resources to comply with the law.

15. No perfected security interests in property of the Debtors are held for these claims.

Dated: New York, New York
July 14, 2009

                        LEV L. DASSIN
                        Acting United States Attorney for the
                        Southern District of New York
                        Attorney for the United States of America

By:    /s/ Joseph N. Cordaro
       MATTHEW L. SCHWARTZ
       JOSEPH N. CORDARO
       Assistant United States Attorneys
       86 Chambers Street, Third Floor
       New York, New York  10007
       Tel. No. (212) 637-1945
       Fax No. (212) 637-2750
       E-mail: matthew.schwartz@usdoj.gov
               joseph.cordaro@usdoj.gov


/s W. Benjamin Fisherow
W. BENJAMIN FISHEROW
Deputy Section Chief
Environment and Natural Resources Division

/s Robert W. Darnell
ROBERT W. DARNELL
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 514-4162

OF COUNSEL:

Diana L. Embil
Associate Regional Counsel
US Environmental Protection Agency – Region V
77 West Jackson Blvd.
Chicago, Illinois 60604-3594