**Hearing Date And Time:  May 20, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time:  May 13, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

In re                             :     Chapter 11
                                              :

DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                                              :

                                              :     (Jointly Administered)

                   Reorganized Debtors.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C.
§ 503(b) AND FED. R. BANKR. P. 3007 TO (I) DISALLOW AND EXPUNGE (A) CERTAIN
ADMINISTRATIVE EXPENSE BOOKS AND RECORDS CLAIMS, (B) A CERTAIN
ADMINISTRATIVE EXPENSE DUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE
EXPENSE DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS, AND (II) MODIFY CERTAIN
<u>ADMINISTRATIVE EXPENSE CLAIMS</u>

("FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed.

R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And

Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain

Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain

Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection" or the

"Objection"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

    1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

    2.    On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the

"Confirmation Order") on January 25, 2008, and the order became final on February 4, 2008.

    3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127

for an order approving (i) certain modifications to the Confirmed Plan and related disclosure

statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified

(Docket No.14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a

supplement to the Plan Modification Motion (Docket No. 16646) (the "Motion Supplement"),

which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"),

2

(ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. This Court entered an order approving the Modified Plan (Docket No. 18707) (the "Modification Approval Order") on July 30, 2009.

4.     On October 6, 2009 (the "Effective Date")[1], the Debtors substantially consummated the Modified Plan and closed the transactions under the Master Disposition Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively.  The Reorganized Debtors have emerged from reorganization as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.

5.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1]     Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified Plan.

3

6.      The statutory predicates for the relief requested herein are sections 503(b)

of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

B.      Administrative Claims Bar Dates

7.      Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the

Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As

Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date

To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B)

Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date

entered June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court

established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an

administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an

"Administrative Claim") for the period from the commencement of these cases through June 1,

2009.[2]  On or before June 20, 2009, in accordance with the Modification Procedures Order, the

Debtors caused Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing

agent, and Financial Balloting Group LLC, the Debtors' noticing and voting agent, or their agents

to transmit with the resolicitation materials in connection with the Modified Plan a Notice Of Bar

Date For Filing Proofs Of Administrative Expense describing the procedures for asserting an

Administrative Claim.

8.      In addition, Articles 1.5 and 10.5 of the Modified Plan established 30 days

after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the

---

[2]      On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of
Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require
parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of
these cases through May 31, 2009 rather than through June 1, 2009.

bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

Effective Date, unless otherwise ordered by this Court.[3]  Because the Effective Date was October

6, 2009, the Post-Emergence Bar Date was November 5, 2009.  On or before October 6, 2009, in

accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all

parties identifying themselves as creditors of the Reorganized Debtors, as well as those holding

equity interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To

First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates,

Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date.  The notice

described, among other things, the procedures for asserting an Administrative Claim arising

between June 1, 2009 and the Effective Date.

　　　　　9.　　　On or before June 22, 2009, the Debtors published the notice of the July

15 Bar Date in the Detroit News & Free Press, the New York Times (National Edition), the Wall

Street Journal (National, Europe, and Asian Editions), and USA Today (Worldwide Edition) and

electronically through posting on the then-current Delphi Legal Information Website.  After

notices of the July 15 Bar Date and Post-Emergence Bar Date were given, 3,216 proofs of

administrative expense (the "Proofs of Administrative Expense") were filed against the Debtors

and the Reorganized Debtors.

　　　　　10.　　On July 31, 2009, the Debtors filed a Motion Pursuant To 11 U.S.C. §§

105(a) And 503(b) For Order Authorizing Debtors To Apply Claims Objection Procedures To

Administrative Expense Claims (the "Administrative Claims Procedures Motion"), in which the

Debtors requested that certain claims objection procedures set forth in the Order Pursuant To 11

---

[3]    Professional Claims were not subject to the Post-Emergence Bar Date and were instead subject to the provisions
of Article 10.3 of the Modified Plan.

U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") be applied to the adjudication of

Administrative Claims.  On October 22, 2009, this Court entered an order granting the

Administrative Claims Procedures Motion (Docket No. 18998) (the "Administrative Claims

Objection Procedures Order").

      11.    The Reorganized Debtors have filed six omnibus objections to

Administrative Claims, five of which have been heard by the court.[4]  After hearing these five

omnibus objections,[5] this Court disallowed and expunged approximately 2,170 Administrative

Claims.  In addition, the hearings with respect to approximately 165 Administrative Claims were

adjourned pursuant to the Claims Objection Procedures Order and the Administrative Claims

Objection Procedures Order.

Relief Requested

      12.    By this Objection, the Reorganized Debtors object to 88 Proofs of

Administrative Expense[6] and seek entry of an order pursuant to section 503(b) of the Bankruptcy

Code and Bankruptcy Rule 3007(a) disallowing and expunging (a) the Administrative Claims set

forth on Exhibit A hereto because such Administrative Claims assert liabilities and dollar

---

[4]   Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ."  Modified Plan, art. 9.6.

[5]   The fifth of these omnibus objections was heard by this Court on March 18, 2010.  The sixth will be heard on April 22, 2010.

[6]   All Proofs of Administrative Expense are set forth by claimant in alphabetical order on Exhibit F hereto and cross-referenced by Proof of Administrative Expense number and basis of objection.  Exhibit E hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibit D hereto.

amounts that are not reflected on the Reorganized Debtors' books and records,[7] (b) the

Administrative Claim set forth on <u>Exhibit B</u> hereto because such claim is duplicative of another

Administrative Claim filed by the claimant, and (c) the Administrative Claims set forth on

<u>Exhibit C</u> hereto because such claims are duplicative of applications for compensation filed by

the claimant pursuant to section 503(b)(3) and (4) of the Bankruptcy Code.

13.     In addition, the Reorganized Debtors seek entry of an order pursuant to

section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 modifying the Administrative

Claims set forth on <u>Exhibit D</u> hereto.  The Reorganized Debtors propose to modify each such

Administrative Claim so that the proposed modified amount, classification, and Debtor against

which each such Administrative Claim is asserted matches the Reorganized Debtors' books and

records.

Objections To Claims

C.     <u>Books And Records Claims</u>

14.     During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed against the Debtors or

the Reorganized Debtors, as the case may be, assert liabilities or dollar amounts that are not

owing pursuant to the Reorganized Debtors' books and records (the "Books And Records

Claims").  Accordingly, the Reorganized Debtors believe that the parties asserting Books And

Records Claims are not creditors of the Debtors.

15.     The burden is on the claimant asserting an Administrative Claim to prove

by a preponderance of evidence that the allowance of the Administrative Claim is justified.  <u>See</u>

---

[7]     Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and
        records.

In re United States Lines, Inc., 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989); In re Nat'l Steel Corp.

et al., 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004); Solow v. Am. Airlines (In re Midway Airlines),

221 B.R. 411, 446 (Bankr. N.D. Ill. 1998); In re Alumni Hotel Corp., 203 B.R. 624, 630 (Bankr.

E.D. Mich. 1996).  Because the holders of Books And Records Claims have failed to do this,

their Books And Records Claims should be disallowed and expunged.

        16.    Set forth on Exhibit A are the Books And Records Claims that the

Reorganized Debtors have identified as Administrative Claims for which the Debtors are not

liable.  These Books And Records Claims should be disallowed and expunged.  If this Court does

not disallow and expunge any Books And Records Claim in its entirety, the Reorganized Debtors

expressly reserve all of their rights to further object to such Books And Records Claim at a later

date on any basis whatsoever.

        17.    Accordingly, the Reorganized Debtors (a) object to the Books And

Records Claims and (b) seek entry of an order disallowing and expunging the Books And

Records Claims in their entirety.

D.      Duplicate Claim

        18.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that a certain Proof of Administrative Expense asserts a

duplicate claim for a single liability.

        19.    Accordingly, the Reorganized Debtors (a) object to the duplicate claim

listed on Exhibit B (the "Duplicate Claim") and (b) seek entry of an order disallowing and

expunging the Duplicate Claim in its entirety.  If this Court does not disallow and expunge the

Duplicate Claim in its entirety, the Reorganized Debtors expressly reserve all of their rights to

further object to such Duplicate Claim at a later date on any basis whatsoever.

E.    Duplicate Substantial Contribution Claims

20.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims filed by certain parties on

account of an alleged substantial contribution to the Debtors' estates (the "Duplicate Substantial

Contribution Claims") are duplicative of applications for compensation filed by such parties

pursuant to section 503(b)(3) and (4) of the Bankruptcy Code (the "Substantial Contribution

Applications").  Pursuant to the Notice Of Adjournment Of Hearings On (I) Substantial

Contribution Applications, (II) Reorganized Debtors' Case Management Motion, And (III) Delphi

Salaried Retirees' Motion (Docket No. 19830), all Substantial Contribution Applications, except

the application filed by Highland Capital Management, L.P., are scheduled to be heard on May 20,

2010, and the application filed by Highland Capital Management, L.P. will be heard on June 30,

2010.

21.    Accordingly, the Reorganized Debtors (a) object to the Duplicate

Substantial Contribution Claims listed on Exhibit C  and (b) seek entry of an order disallowing

and expunging the Duplicate Substantial Contribution Claims in their entirety without prejudice to

the claims asserted in the Substantial Contribution Applications.  If this Court does not disallow

and expunge any Duplicate Substantial Contribution Claim in its entirety, the Reorganized

Debtors expressly reserve all of their rights to further object to such Duplicate Substantial

Contributions Claim at a later date on any basis whatsoever.

F.    Modified Claims

22.    During their review of the Proofs of Administrative Expense, the

Reorganized Debtors determined that certain Administrative Claims should be modified so that

the amount, classification, and the Debtor against which each such Administrative Claim is

proposed to be allowed matches the Reorganized Debtors' books and records (the "Modified

Claims"). Such amount, classification, and Debtor are set forth on Exhibit D hereto.

23.    For each Modified Claim, Exhibit D reflects the amount, classification,

and Debtor asserted in the claimant's Proof of Administrative Expense in a column titled "Claim

As Docketed" and the proposed modified amount, classification, and Debtor for the Claim in a

column titled "Claim As Modified."

24.    Accordingly, the Reorganized Debtors seek entry of an order modifying

the Modified Claims and request that such Administrative Claims be revised to reflect the

amount, classification, and Debtor listed in the "Claim As Modified" column of Exhibit D.  Thus,

no Claimant listed on Exhibit D would be entitled to recover for any Administrative Claim in an

amount exceeding the dollar amount listed as the "Modified Amount" for such Administrative

Claim on Exhibit D.[8]

Separate Contested Matters

25.    Pursuant to the Claims Objection Procedures Order and the Administrative

Claims Procedures Order, (a) if a response to this Forty-Seventh Omnibus Claims Objection is

filed, the objection to each Administrative Claim covered by such response will be deemed to

constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and (b) any

order entered by this Court with respect to an Administrative Claim addressed by this Objection

will be deemed a separate order with respect to each such Administrative Claim.

---

[8]    For clarity, Exhibit D refers to the Debtor entities by case number and Exhibit F displays the formal name of the
Debtor entities and their associated bankruptcy case numbers referenced in Exhibit D.

<u>Reservation Of Rights</u>

26.        The Reorganized Debtors expressly reserve the right to amend, modify, or
supplement this Forty-Seventh Omnibus Claims Objection and to file additional objections to
any other Claims (filed or not) which may be asserted against the Reorganized Debtors,
including without limitation the right to object to any Claim not subject to this Objection on the
basis that it was asserted against the wrong Debtor entity.  Should one or more of the grounds
stated in this Objection be dismissed, the Reorganized Debtors reserve their rights to object on
other stated grounds or on any other grounds that the Reorganized Debtors may discover.  In
addition, the Reorganized Debtors reserve the right to seek further reduction of any
Administrative Claim to the extent that such Administrative Claim has already been paid.

<u>Responses To Objections</u>

27.        Responses to this Forty-Seventh Omnibus Claims Objection are governed
by the provisions of the Claims Objection Procedures Order and the Administrative Claims
Objection Procedures Order.  The following summarizes the provisions of the Claims Objection
Procedures Order, but is qualified in all respects by the express terms thereof.

G.        <u>Filing And Service Of Responses</u>

28.        To contest an objection, responses (each, a "Response"), if any, to this
Forty-Seventh Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal
Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New
York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.
2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case
Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the
"Supplemental Case Management Order"), and the Eighteenth Supplemental Order Under 11
U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing

11

Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures,

entered April 5, 2010 (Docket No. 19774) (together with the Supplemental Case Management

Order, the "Case Management Orders"), (c) be filed with this Court in accordance with General

Order M-242 (as amended) – registered users of the Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format),

(d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain,

United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of

New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas

Street, Courtroom 116, White Plains, New York 10601-4140, and (e) be served upon (i) DPH

Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to

the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive,

Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl), in

each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on May 13,**

**2010**.

H.      Contents Of Responses

        29.     Every Response to this Forty-Seventh Omnibus Claims Objection must

contain at a minimum the following:

        (a)     the title of the claims objection to which the Response is directed;

        (b)     the name of the claimant and a brief description of the basis for the
              amount of the Administrative Claim;

        (c)     a concise statement setting forth the reasons why the
              Administrative Claim should not be disallowed and expunged,
              modified and allowed, or allowed, as the case may be, including,
              but not limited to, the specific factual and legal bases upon which
              the claimant will rely in opposing the claims objection;

(d)     unless already set forth in the Proof of Administrative Expense previously filed with this Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the claimant must disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Administrative Claim, subject to appropriate confidentiality constraints;

(e)     to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that the claimant believes would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

I.      Timely Response Required

30.     If a Response is properly and timely filed and served in accordance with the foregoing procedures, the hearing on the relevant Administrative Claims covered by the Response will be adjourned to a future hearing, the date of which will be determined by the Reorganized Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order. With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on May 20, 2010, at 10:00 a.m. (prevailing Eastern time). The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Forty-Seventh Omnibus Claims Objection.

31.     Pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court. If a claimant whose Proof of Administrative Expense is subject to the Forty-Seventh Omnibus Claims Objection and who is served with this Forty-Seventh

13

Omnibus Claims Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Administrative Claim consistent with the relief sought in this Forty-Seventh Omnibus Claims Objection without further notice to the claimant, other than notice of the entry of such order; provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.

### Further Information

32.     Questions about this Forty-Seventh Omnibus Claims Objection or requests for additional information about the proposed disposition of Administrative Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).  Questions regarding the amount of a Claim or the filing of a Administrative Claim should be directed to KCC at 1-888-249-2691 or www.dphholdingsdocket.com.  Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Administrative Claims.

### Notice

33.     Notice of this Objection has been provided in accordance with the Case Management Orders.  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

34.     The Reorganized Debtors will provide each claimant whose Proof of Administrative Expense is subject to an objection pursuant to this Forty-Seventh Omnibus

Claims Objection with a personalized Notice Of Objection To Claim which specifically identifies the claimant's Proof of Administrative Expense that is subject to an objection and the basis for such objection as well as a copy of the Claims Objection Procedures Order.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibits A and B is attached hereto as Exhibit G.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibit C is attached hereto as Exhibit H.  A form of the Notice Of Objection To Claim to be sent to the Claimants listed on Exhibit D is attached hereto as Exhibit I. Claimants will receive a copy of this Forty-Seventh Omnibus Claims Objection without Exhibits A through I hereto.  Claimants will nonetheless be able to review Exhibits A through I hereto free of charge by accessing the Reorganized Debtors' Legal Information Website (www.dphholdingsdocket.com).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          April 16, 2010

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

      - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

In re                             :       Chapter 11
                                                         :

DPH HOLDINGS CORP., et al.,      :       Case No. 05-44481 (RDD)
                                                         :

          Reorganized Debtors.     :       (Jointly Administered)
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 (I)
DISALLOWING AND EXPUNGING (A) CERTAIN ADMINISTRATIVE EXPENSE
BOOKS AND RECORDS CLAIMS, (B) A CERTAIN ADMINISTRATIVE EXPENSE
DUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE EXPENSE DUPLICATE
SUBSTANTIAL CONTRIBUTION CLAIMS, AND (II) MODIFYING CERTAIN
ADMINISTRATIVE EXPENSE CLAIMS

("FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER")

          Upon the Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books

And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain

Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain

Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection" or the

"Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the

above-captioned cases (collectively, the "Reorganized Debtors"), dated April 16, 2010; and upon

the record of the hearing held on the Forty-Seventh Omnibus Claims Objection; and after due

deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-
Seventh Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      Each holder of a claim for an administrative expense under section

503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C,

and D hereto was properly and timely served with a copy of the Forty-Seventh Omnibus Claims

Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Forty-

Seventh Omnibus Claims Objection, and notice of the deadline for responding to the Forty-

Seventh Omnibus Claims Objection.  No other or further notice of the Forty-Seventh Omnibus

Claims Objection is necessary.

B.      This Court has jurisdiction over the Forty-Seventh Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Seventh Omnibus Claims

Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-

Seventh Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Administrative Claims listed on Exhibit A assert liabilities and dollar

amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books

And Records Claims").

D.      The Administrative Claim listed on Exhibit B  is duplicative of another

Administrative Claim (the "Duplicate Claim").

E.      The Administrative Claims listed on Exhibit C (the "Duplicate Substantial

Contribution Claims") are duplicative of applications for compensation filed by such parties

pursuant to section 503(b)(3) and (4) of the Bankruptcy Code (the "Substantial Contribution

Applications").

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

F.      The Administrative Claims listed on Exhibit D assert amounts that are

overstated (the "Modified Claims").

G.      Exhibit E hereto sets forth the formal name of the Debtor entity and its

associated bankruptcy case number referenced on Exhibits D hereto.  Exhibit F hereto sets forth

each of the Administrative Claims referenced on Exhibits A, B, C, and D in alphabetical order by

claimant and cross-references each such Administrative Claim by (i) proof of administrative

expense number and (ii) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      Each Books And Records Claim listed on Exhibit A hereto is hereby

disallowed and expunged in its entirety.

2.      The Duplicate Claim listed on Exhibit B hereto is hereby disallowed and

expunged in its entirety.

3.      Each Duplicate Substantial Contribution Claim listed on Exhibit C hereto

is hereby disallowed and expunged in its entirety without prejudice to the claims asserted in the

Substantial Contribution Applications.

4.      Each Modified Claim listed on Exhibit D hereto is hereby modified to

reflect the amount, classification, and Debtor listed in the "Claim As Modified" column of

Exhibit D.

5.      Entry of this order is without prejudice to the Reorganized Debtors' rights

to object, on any grounds whatsoever, to any other administrative expense claims in these

chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-

Seventh Omnibus Claims Objection, except as such claims may have been settled and allowed.

3

6.    This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Seventh Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

7.    Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Seventh Omnibus Claims Objection and attached hereto as <u>Exhibits A</u>, <u>B</u>, <u>C</u>, and <u>D</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Seventh Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

8.    Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Supplemental Case Management Order.


Dated: New York, New York
          May ___, 2010


_____
    UNITED STATES BANKRUPTCY JUDGE

4

**In re DPH Holdings Corp., et al.**　　　　　　　　　Forty-Seventh Omnibus Claims Objection
**Case No. 05-44481 (RDD)**

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AIG ENTERTAINMENT RISKS, AIG EXCESS LIABILITY INSURANCE INTERNATIONAL LTD, AIU INSURANCE COMPANY ET AL MICHELLE A LEVITT AUTHORIZED REPRESENTATIVE CHARTIS US BANKRUPTCY COLLECTIONS 175 WATER ST 18TH FL NEW YORK, NY 10038 | 19756 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| AIG ENTERTAINMENT RISKS, AIG EXCESS LIABILITY INSURANCE INTERNATIONAL LTD, AIU INSURANCE COMPANY ET AL MICHELLE A LEVITT AUTHORIZED REPRESENTATIVE COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS 175 WATER ST 18TH FL NEW YORK, NY 10038 | 19019 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| ALLA AVERBUKH THE KUHLMAN LAW FIRM LLC 1100 MAIN ST STE 2550 KANSAS CITY, MO 64105 | 19597 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $1,500,000.00<br><br>$1,500,000.00 | 09/10/2009 | DELPHI CORPORATION (05-44481) |
| AMERICAN AIKOKU ALPHA INC ATTN GARY VIST ESQ C/O MASUDA FUNAI EIFERT & MITCHELL LTD 203 N LASALLE ST STE 2500 CHICAGO, IL 60601-1262 | 17953 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $413,908.96<br><br>$413,908.96 | 07/08/2009 | DELPHI CORPORATION (05-44481) |
| APPLE INC, APPLE COMPUTER INTERNATIONAL, AND HON HAI PRECISION INDUSTRY COMPANY LTD EVELYN SHIMAZAKI SENIOR COUNSEL APPLE INC 1 INFINITE LOOP CUPERTINO, CA 95014 | 18902 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $9,487,891.95<br><br>$9,487,891.95 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| AT&T SOLUTIONS INC AND ITS AFFILIATED ENTITIES ATTN JAMES GRUDUS AT&T SERVICES INC ONE AT&T WAY RM 3A218 BEDMINSTER, NJ 07921 | 19164 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $2,973,848.25<br><br>$2,973,848.25 | 07/15/2009 | DELPHI CORPORATION (05-44481) |

\*　　The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*　　"UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S  NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| AUDIO MPEG INC AND SISV EL SPA MARY JOANNE DOWD ESQ ARENT FOX LLP 1050 CONNECTICUT AVE NW WASHINGTON, DC 20036-5339 | 19077 | Secured: Priority: Administrative: Unsecured: Total: | UNL ———— UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| AUTOLIV ASP INC C O MARC N SWANSON MILLER CANFIELD PADDOCK & STONE PLC 150 W JEFFERSON AVE STE 2500 DETROIT, MI 48226 | 19151 | Secured: Priority: Administrative: Unsecured: Total: | $1,069,444.00 ———— $1,069,444.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| BANK OF AMERICA NA BARNES & THORNBURG PATRICK E MEARS 171 MONROE AVE NW STE 1000 GRAND RAPIDS, MI 49503 | 19069 | Secured: Priority: Administrative: Unsecured: Total: | UNL ———— UNL | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| BANK OF AMERICA NA BARNES & THORNBURG PATRICK E MEARS 171 MONROE AVE NW STE 1000 GRAND RAPIDS, MI 49503 | 19124 | Secured: Priority: Administrative: Unsecured: Total: | UNL ———— UNL | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC (05-44639) |
| BANK OF AMERICA NA PATRICK E MEARS BARNES & THOMBURG 171 MONROE AVE NW STE 1000 GRAND RAPIDS, MI 49503 | 19125 | Secured: Priority: Administrative: Unsecured: Total: | $8,691,000.00 ———— $8,691,000.00 | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| BANK OF AMERICA NA PATRICK E MEARS BARNES & THOMBURG 171 MONROE AVE NW STE 1000 GRAND RAPIDS, MI 49503 | 19123 | Secured: Priority: Administrative: Unsecured: Total: | $8,691,000.00 ———— $8,691,000.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| BANK OF AMERICA NA PATRICK E MEARS BARNES & THORNBURG 171 MONROE AVE NW STE 1000 GRAND RAPIDS, MI 49503 | 19087 | Secured: Priority: Administrative: Unsecured: Total: | $8,691,000.00 ———— $8,691,000.00 | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC (05-44639) |
| BANK OF AMERICA NA PATRICK E MEARS ESQ BARNES & THOMBURG LLP 171 MONROE AVE NW STE 1000 GRAND RAPIDS, MI 49503-2694 | 19603 | Secured: Priority: Administrative: Unsecured: Total: | $10,352,500.00 ———— $10,352,500.00 | 09/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*   "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                  Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 19604 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $10,352,500.00<br><br>$10,352,500.00 | 09/15/2009 | DELPHI CORPORATION (05-44481) |
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 19602 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $10,352,500.00<br><br>$10,352,500.00 | 09/15/2009 | DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC (05-44639) |
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 19815 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $10,633,035.00<br><br>$10,633,035.00 | 11/02/2009 | DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC (05-44639) |
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 20008 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 11/03/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 20006 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 11/03/2009 | DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC (05-44639) |
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 20007 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br><br>UNL | 11/03/2009 | DELPHI CORPORATION (05-44481) |
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 19817 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $10,633,035.00<br><br>$10,633,035.00 | 11/02/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| BANK OF AMERICA NA<br>PATRICK E MEARS ESQ<br>BARNES & THORNBURG LLP<br>171 MONROE AVE NW STE 1000<br>GRAND RAPIDS, MI 49503-2694 | 19816 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $10,633,035.00<br><br>$10,633,035.00 | 11/02/2009 | DELPHI CORPORATION (05-44481) |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*   "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT C O SEANN TZOUVELEKAS TS 6 1400 HIGHWAY 101 S GREER, SC 29651 | 19129 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/15/2009 | DELPHI MECHATRONIC SYSTEMS, INC. (05-44567) |
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT C O SEANN TZOUVELEKAS TS 6 1400 HIGHWAY 101 S GREER, SC 29651 | 19130 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT C O SEANN TZOUVELEKAS TS 6 1400 HIGHWAY 101 S GREER, SC 29651 | 19131 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| BOSCH AUTOMOTIVE PRODUCTS SUZ HOU CO LTD C O ROBERT BOSCH LLC ATTN J ADLER 38000 HILLS TECH DR FARMINGTON HILLS, MI 48331 | 18689 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $2,469,996.00<br>$2,469,996.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| BOSCH CORPORATION ATTN JUDITH ADLER C O ROBERT BOSCH LLC 38000 HILLS TECH DR FARMINGTON HILLS, MI 48331 | 18694 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $1,173,427.00<br>$1,173,427.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| CADENCE INNOVATION LLC 17085 MASONIC FRASER, MI 48026-3927 | 20055 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $270,378.59<br>$270,378.59 | 10/30/2009 | DELPHI CORPORATION (05-44481) |
| CENTERLINE INC ATTN RENE BICKLE CONTROLLER 2110 N ASH ST PONCA CITY, OK 74601 | 18244 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $4,449.00<br>$4,449.00 | 07/10/2009 | DELPHI CORPORATION (05-44481) |
| CHARLENE JACKSON | 17821 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $30,000.00<br>$30,000.00 | 07/06/2009 | DELPHI CORPORATION (05-44481) |

*     The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

**    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| CITY OF DAYTON OHIO ATTN REVENUE ADMINISTRATION CITY OF DAYTON FINANCE DEPARTMENT 101 W THIRD ST DAYTON, OH 45402 | 18716 | Secured: Priority: Administrative: Unsecured: Total: | $36,140.17 $36,140.17 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| CITY OF OAK CREEK LAWRENCE J HASKIN CITY ATTORNEY 7300 S 13TH ST STE 104 OAK CREEK, WI 53154 | 18394 | Secured: Priority: Administrative: Unsecured: Total: | $4,054.87 $4,054.87 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| CITY OF OLATHE KANSAS PAUL SINCLAIR POLSINELLI SHUGHART PC 120 W 12TH ST KANSAS CITY, MO 64105 | 18541 | Secured: Priority: Administrative: Unsecured: Total: | $835,000.00 $835,000.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| CLARION CORPORATION OF AMERICA ATTN JOSEPH MUTO 6200 GATEWAY DR CYPRESS, CA 90630 | 19074 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS MICHELLE A LEVITT AUTHORIZED REPRESENTATIVE 175 WATER ST 18TH FL NEW YORK, NY 10038 | 18981 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI DIESEL SYSTEMS CORP (05-44612) |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS MICHELLE A LEVITT AUTHORIZED REPRESENTATIVE 175 WATER ST 18TH FL NEW YORK, NY 10038 | 18982 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI LLC (05-44615) |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS MICHELLE A LEVITT AUTHORIZED REPRESENTATIVE 175 WATER ST 18TH FL NEW YORK, NY 10038 | 18984 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC (05-44632) |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS MICHELLE A LEVITT AUTHORIZED REPRESENTATIVE 175 WATER ST 18TH FL NEW YORK, NY 10038 | 18983 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI SERVICES HOLDING CORPORATION (05-44633) |

\*       The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*      "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| DCH HEALTH SYSTEM C O ANNE D LACOSTE ESQ DISHUCK LACOSTE & SMITH PC PO BOX 20677 TUSCALOOSA, AL 35402-0677 | 18062 | Secured: Priority: Administrative: Unsecured: Total: | $654.50 $654.50 | 07/09/2009 | DELPHI CORPORATION (05-44481) |
| DCH HEALTH SYSTEM C O ANNE D LACOSTE ESQ DISHUCK LACOSTE & SMITH PC PO BOX 20677 TUSCALOOSA, AL 35402-0677 | 18061 | Secured: Priority: Administrative: Unsecured: Total: | $4,302.50 $4,302.50 | 07/09/2009 | DELPHI CORPORATION (05-44481) |
| DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE INTERNAL REVENUE SERVICE 290 BROADWAY 5TH FL NEW YORK, NY 10007 | 16613 | Secured: Priority: Administrative: Unsecured: Total: | $10,031.91 $10,031.91 | 06/12/2007 | DELPHI MECHATRONIC SYSTEMS, INC. (05-44567) |
| DIANE YOUNG | 18811 | Secured: Priority: Administrative: Unsecured: Total: | $400,000.00 $400,000.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| FLEXTRONICS INTERNATIONAL LTD ATTN LAWRENCE SCHWAB THOMAS GAA BIALSON BERGEN & SCHWAB 2600 EL CAMINO REAL STE 300 PALO ALTO, CA 94306 | 18940 | Secured: Priority: Administrative: Unsecured: Total: | $18,524,591.75 $18,524,591.75 | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| FORD MOTOR COMPANY JONATHAN S GREEN MILLER CANFIELD PADDOCK & STONE PLC 150 W JEFFERSON AVE STE 2500 DETROIT, MI 38226 | 19146 | Secured: Priority: Administrative: Unsecured: Total: | $646,814.00 $646,814.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| FORD MOTOR COMPANY JONATHAN S GREEN MILLER CANFIELD PADDOCK & STONE PLC 150 W JEFFERSON AVE STE 2500 DETROIT, MI 38226 | 19145 | Secured: Priority: Administrative: Unsecured: Total: | $1,500,000.00 $1,500,000.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| FURUKAWA ELECTRIC COMPANY LTD DENNIS J CONNOLLY AND DAVID A WENDER ALSTON & BIRD LLP ONE ATLANTIC CTR 1201 W PEACHTREE ST ATLANTA, GA 30309-3424 | 19505 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/30/2009 | DELPHI CORPORATION (05-44481) |

\*      The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.
\*\*     "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| GEORGE A KRALOVICH | 18782 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $561,185.08<br>$561,185.08 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| GREYWOLF CAPITAL MANAGEMENT LP ON BEHALF OF CERTAIN FUNDS AND MANAGED ACCOUNTS MARC ABRAMS WILLKIE FARR & GALLAGHER LLP 787 SEVENTH AVE NEW YORK, NY 10019 | 19001 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $289,909.03<br>$289,909.03 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| HALEY JENKINS THE KUHLMAN LAW FIRM LLC 1100 MAIN ST STE 2550 KANSAS CITY, MO 64105 | 19599 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $1,500,000.00<br>$1,500,000.00 | 09/10/2009 | DELPHI CORPORATION (05-44481) |
| HE SERVICES CO VICTOR J MASTROMARCO JR ESQ 1024 N MICHIGAN AVE SAGINAW, MI 48602 | 18702 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $300,000.00<br>$300,000.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| HEALTHCARE AUTHORITY OF MORGAN COUNTY DBA DECATUR GENERAL HOSPITAL ATTN ALICE 1201 7TH ST SE DECATUR, AL 35601 | 18673 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | UNL<br>UNL | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| HSBC BANK USA NATIONAL ASSOCIATION ATTN WILLIAM J BROWN C O PHILLIPS LYTLE LLP 3400 HSBC CTR BUFFALO, NY 14203 | 18617 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $4,780,988.00<br>$4,780,988.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| HYUNDAI MOTOR AMERICA AND HYUNDAI MOTOR AMERICA ATTN JASON R ERD ESQ HYUNDAI MOTOR AMERICA 10550 TALBERT AVE FOUNTAIN VALLEY, CA 92708-6031 | 18934 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $10,891,383.00<br>$10,891,383.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |

\*       The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*      "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| INTERNATIONAL UNION UNITED AUTOMOBILE AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA UAW DANIEL W SHERRICK GENERAL COUNSEL 8000 E JEFFERSON AVE DETROIT, MI 48214 | 19810 | Secured: Priority: Administrative: Unsecured: Total: | $6,000,000.00 $6,000,000.00 | 11/05/2009 | DELPHI CORPORATION (05-44481) |
| INTEVA PRODUCTS LLC DEREK L WRIGHT ESQ FOLEY & LARDNER LLP 321 N CLARK ST STE 2800 CHICAGO, IL 60654 | 19135 | Secured: Priority: Administrative: Unsecured: Total: | $170,000.00 $170,000.00 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| INTEVA PRODUCTS LLC DEREK L WRIGHT ESQ FOLEY & LARDNER LLP 321 N CLARK ST STE 2800 CHICAGO, IL 60654 | 19136 | Secured: Priority: Administrative: Unsecured: Total: | $16,701.76 $16,701.76 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| INTEVA PRODUCTS LLC DEREK L WRIGHT ESQ FOLEY & LARDNER LLP 321 N CLARK ST STE 2800 CHICAGO, IL 60654 | 19134 | Secured: Priority: Administrative: Unsecured: Total: | $10,377.60 $10,377.60 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| JESSICA JENKINS THE KUHLMAN LAW FIRM LLC 1100 MAIN ST STE 2550 KANSAS CITY, MO 64105 | 19598 | Secured: Priority: Administrative: Unsecured: Total: | $1,500,000.00 $1,500,000.00 | 09/10/2009 | DELPHI CORPORATION (05-44481) |
| JOHNSON CONTROLS INC, AUTOMOTIVE EXPERIENCE DIVISION C O STEPHEN T BOBO REED SMITH LLP 10 S WACKER DR 40TH FLR CHICAGO, IL 60606 | 19626 | Secured: Priority: Administrative: Unsecured: Total: | $11,077.57 $11,077.57 | 11/04/2009 | DELPHI CORPORATION (05-44481) |
| JOHNSON CONTROLS INC, BUILDING EFFICIENCY C O STEVEN T BOBO REED SMITH LLP 10 S WACKER DR 40TH FLR CHICAGO, IL 60606 | 19625 | Secured: Priority: Administrative: Unsecured: Total: | $5,711.82 $5,711.82 | 11/04/2009 | DELPHI CORPORATION (05-44481) |
| KURTZMAN CARSON CONSULTANTS LLC 2335 ALASKA AVE EL SEGUNDO, CA 90245 | 19627 | Secured: Priority: Administrative: Unsecured: Total: | $12,820.77 $12,820.77 | 11/04/2009 | DELPHI CORPORATION (05-44481) |

\*     The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.
\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| KYKLOS BEARING INTERNATIONAL LLC JON ANDERSON KBI 2509 HAYES AVE SANDUSKY, OH 44870 | 18425 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| LEAR CORPORATION EEDS AND INTERIORS C O RALPH E MCDOWELL BODMAN LLP 1901 ST ANTOINE 6TH FL AT FORD FIELD DETROIT, MI 48226 | 19033 | Secured: Priority: Administrative: Unsecured: Total: | $13,615.54 $13,615.54 | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| LEAR CORPORATION GMBH C O RALPH E MCDOWELL BODMAN LLP 1901 ST ANTOINE 6TH FL AT FORD FIELD DETROIT, MI 48226 | 19032 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| LEAR CORPORATION GMBH C O RALPH E MCDOWELL BODMAN LLP 1901 ST ANTOINE 6TH FL AT FORD FIELD DETROIT, MI 48226 | 19971 | Secured: Priority: Administrative: Unsecured: Total: | $3,715,630.26 $3,715,630.26 | 11/05/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| LEAR CORPORATION GMBH C O RALPH E MCDOWELL BODMAN LLP 1901 ST ANTOINE 6TH FL AT FORD FIELD DETROIT, MI 48226 | 18677 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/14/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| LEAR CORPORATION ON BEHALF OF ITSELF AND ITS SUBSIDIARIES C O RALPH E MCDOWELL BODMAN LLP 1901 ST ANTOINE ST 6TH FL AT FORD FIELD DETROIT, MI 48226 | 19972 | Secured: Priority: Administrative: Unsecured: Total: | $206,739.06 $206,739.06 | 11/05/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| MICHAEL BRUEWER | 17650 | Secured: Priority: Administrative: Unsecured: Total: | $240,000.00 $240,000.00 | 07/03/2009 | DELPHI CORPORATION (05-44481) |
| NISSAN NORTH AMERICA INC ATTN DAN NUGENT ONE NISSAN WAY FRANKLIN, TN 37067 | 18975 | Secured: Priority: Administrative: Unsecured: Total: | $249,138.70 $249,138.70 | 07/15/2009 | DELPHI CORPORATION (05-44481) |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| OGURA CLUTCH COMPANY ROBERT A PEURACH ESQ DAKMAK PEURACH PC 615 GRISWOLD STE 600 DETROIT, MI 48226 | 18971 | Secured: Priority: Administrative: Unsecured: Total: | $37,257.60 $37,257.60 | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| ROBERT L BACKIE VICTOR J MASTROMARCO JR ESQ 1024 N MICHIGAN AVE SAGINAW, MI 48602 | 18701 | Secured: Priority: Administrative: Unsecured: Total: | $300,000.00 $300,000.00 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| SPCP GROUP LLC MARC ABRAMS WILLKIE FARR & GALLAGHER LLP 787 SEVENTH AVE NEW YORK, NY 10019 | 19116 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/15/2009 | DELPHI CORPORATION (05-44481) |
| STEPHEN P GALE | 17837 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/08/2009 | DELPHI CORPORATION (05-44481) |
| TECHNOLOGY PROPERTIES LTD WENDY W SMITH BINDER & MALTER LLP 2775 PARK AVE SANTA CLARA, CA 95050 | 18488 | Secured: Priority: Administrative: Unsecured: Total: | UNL UNL | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS FALENCIK 2500 MINNEKAHTA AVE HOT SPRINGS, SD 57747-1129 | 18301 | Secured: Priority: Administrative: Unsecured: Total: | $10,000.00 $10,000.00 | 07/13/2009 | DELPHI CORPORATION (05-44481) |
| THOMAS P BINASIO | 17982 | Secured: Priority: Administrative: Unsecured: Total: | $75,000.00 $75,000.00 | 07/09/2009 | DELPHI CORPORATION (05-44481) |
| UNITED PARCEL SERVICE ATTN LAWRENCE SCHWAB & KENNETH T LAW BIALSON BERGEN & SCHWAB 2600 EL CAMINO REAL STE 300 PALO ALTO, CA 94306 | 19082 | Secured: Priority: Administrative: Unsecured: Total: | $81,418.34 $81,418.34 | 07/15/2009 | DELPHI CORPORATION (05-44481) |

\*    The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re DPH Holdings Corp., et al.                    Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A - BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME AND ADDRESS* | CLAIM NUMBER | ASSERTED CLAIM AMOUNT** | | DATE FILED | DOCKETED DEBTOR |
|---|---|---|---|---|---|
| VANGUARD DISTRIBUTIONS INC<br>PO BOX 608<br>SAVANNAH, GA 31402 | 16908 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $1,645,315.51<br>$1,645,315.51 | 06/25/2009 | DELPHI CORPORATION (05-44481) |
| WILMINGTON TRUST COMPANY<br>AS INDENTURE TRUSTEE<br>C O EDWARD M FOX ESQ<br>K&L GATES LLP<br>599 LEXINGTON AVE<br>NEW YORK, NY 10022 | 18628 | Secured:<br>Priority:<br>Administrative:<br>Unsecured:<br>Total: | $3,194,962.74<br>$3,194,962.74 | 07/14/2009 | DELPHI CORPORATION (05-44481) |
| Total: | 79 | $166,203,770.83 | | | |

\*      The addresses of certain creditors on this exhibit have been intentionally omitted for privacy reasons.

\*\*    "UNL" denotes an unliquidated claim.

In re Delphi Corporation, et al.                                                                    **Forty-Seventh Omnibus Claims Objection**
Case No. 05-44481 (RDD)

## EXHIBIT B - DUPLICATE CLAIM

| CLAIM TO BE EXPUNGED | SURVIVING CLAIM |
|---|---|

| | | | | |
|---|---|---|---|---|
| Claim: 18653 | Debtor: DELPHI CORPORATION (05-44481) | Claim: 18654 | Debtor: DELPHI CORPORATION (05-44481) |
| Date Filed: 07/14/2009 | | Date Filed: 07/14/2009 | |
| Creditor's Name: | Secured: | Creditor's Name: | Secured: |
| | Priority: | | Priority: |
| JPMORGAN CHASE BANK NA AS ADMINISTRATIVE AGENT C O SUSAN E ATKINS MANAGING DIRECTOR 277 PARK AVE 8TH FL NEW YORK, NY 10172 | Administrative: UNL* Unsecured: _____ Total: UNL* | JP MORGAN CHASE BANK NA ATTN SUSAN E ATKINS MANAGING DIRECTOR 277 PARK AVENUE 8TH FL NEW YORK, NY 10172 | Administrative: UNL* Unsecured: _____ Total: UNL** |

|  |  |
|---|---|
| **Total Claims To Be Expunged:** | **1** |
| **Total Asserted Amount To Be Expunged:** | **UNL** |

\*    "UNL" denotes an unliquidated claim.

Page 1 of 1

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

## EXHIBIT C - DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS

| CLAIM TO BE EXPUNGED | | | SURVIVING APPLICATION | | |
|---|---|---|---|---|---|
| Claim: 18713 | Debtor: | DELPHI CORPORATION (05-44481) | Docket No. 19115 | Debtor: | DELPHI CORPORATION (05-44481) |
| Date Filed: 07/14/2009 | | | Date Filed: 11/20/2009 | | |
| Creditor's Name: | Secured: | | Applicant: | | |
| CR INTRINSIC INVESTORS LLC, HIGHLAND CAPITAL MANAGEMENT LP, ELLIOTT ASSOCIATES LP AND/OR CERTAIN FUNDS MANAGED THEREBY ERIC D GOLDBERG ESQ STUTMAN TREISTER & GLATT 1901 AVE OF THE STARS 12TH FL LOS ANGELES, CA 90067 | Priority: | | C.R. INTRINSIC INVESTORS AND ELLIOTT ASSOCIATES, L.P. | | |
| | Administrative: | $492,981.39 | | | |
| | Unsecured: | | | | |
| | Total: | $492,981.39 | | Total Asserted: | $284,325.40 |
| Claim: 18723 | Debtor: | DELPHI CORPORATION (05-44481) | Docket No. 19091 | Debtor: | DELPHI CORPORATION (05-44481) |
| Date Filed: 07/14/2009 | | | Date Filed: 11/16/2009 | | |
| Creditor's Name: | Secured: | | Applicant: | | |
| DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC, ELLIOT ASSOCIATED LP, NOMURA CORPORATE RESEARCH AND ASSET MANAGEMENT INC, NORTHEAST INVESTORS TRUST, SPCP GROUP, LLC, AND WHITEBOX ADVISORS, LLC ALLAN S BRILLIANT THE NEW YORK TIMES BLDG 620 8TH AVE NEW YORK, NY 10018 | Priority: | | DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH AND ASSET MANAGEMENT, INC.; NORTHEAST INVESTORS TRUST; SPCP GROUP, LLC; AND WHITEBOX ADVISORS, LLC, ON BEHALF OF THEMSELVES AND SENIOR NOTEHOLDERS PREVIOUSLY REPRESENTED | | |
| | Administrative: | $3,970,283.61 | | | |
| | Unsecured: | | | | |
| | Total: | $3,970,283.61 | | Total Asserted: | $3,970,283.61 |
| Claim: 18761 | Debtor: | DELPHI CORPORATION (05-44481) | Docket No. 19112 | Debtor: | DELPHI CORPORATION (05-44481) |
| Date Filed: 07/15/2009 | | | Date Filed: 11/20/2009 | | |
| Creditor's Name: | Secured: | | Applicant: | | |
| HIGHLAND CAPITAL MANAGEMENT LP ATTN GREG STUECHELI 13455 NOEL RD STE 800 DALLAS, TX 75240 | Priority: | | HIGHLAND CAPITAL MANAGEMENT, L.P. | | |
| | Administrative: | $447,999.67 | | | |
| | Unsecured: | | | | |
| | Total: | $447,999.67 | | Total Asserted: | $2,529,793.59 |

**In re DPH Holdings Corp., et al.**                                              **Forty-Seventh Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

## EXHIBIT C - DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS

| CLAIM TO BE EXPUNGED | | | SURVIVING APPLICATION | | |
|---|---|---|---|---|---|
| Claim: 18946 | Debtor: | DELPHI CORPORATION (05-44481) | Docket No.: 19114 | Debtor: | DELPHI CORPORATION (05-44481) |
| Date Filed: 07/15/2009 | | | Date Filed: 11/20/2009 | | |
| Creditor's Name: | | | Applicant: | | |
| IUE CWA | Secured: | | IUE-CWA | | |
| ATTN JIM CLARK PRESIDENT | Priority: | | | | |
| IUE CWA DAYTON | Administrative: | $1,751,000.00 | | | |
| 2701 DRYDEN RD | Unsecured: | | | | |
| DAYTON, OH 45439 | Total: | $1,751,000.00 | | Total Asserted: | $1,238,304.85 |

|  |  |
|---|---|
| **Total Claims To Be Expunged:** | **4** |
| **Total Asserted Amount To Be Expunged:** | **$6,662,264.67** |
| **Total Asserted Application Amount Surviving:** | **$8,022,707.45** |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

**Forty-Seventh Omnibus Claims Objection**

**EXHIBIT D - MODIFIED CLAIMS**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 19592<br>Date Filed:09/01/2009<br>Docketed Total:$ 1,000,000.00<br>Filing Creditor Name:<br>AIMEE BANDEN<br>1851 W COLONIAL DR<br>ORLANDO, FL 32804 | Claim Holder Name<br><br>AIMEE BANDEN<br>1851 W COLONIAL DR<br>ORLANDO, FL 32804 | | Docketed Total: | **$1,000,000.00** | | | Modified Total: | **$450,000.00** |
| | Case Number*<br>05-44481 | Secured | Priority<br>$1,000,000.00 | Unsecured | Case Number*<br>05-44481 | Secured | Priority<br>$450,000.00 | Unsecured |
| | | | **$1,000,000.00** | | | | **$450,000.00** | |
| Claim: 17152<br>Date Filed:07/01/2009<br>Docketed Total:$ 35,867.53<br>Filing Creditor Name:<br>CITY OF VANDALIA, OHIO<br>2700 KETTERING TOWER<br>DAYTON, OH 45423 | Claim Holder Name<br><br>CITY OF VANDALIA, OHIO<br>2700 KETTERING TOWER<br>DAYTON, OH 45423 | | Docketed Total: | **$35,867.53** | | | Modified Total: | **$9,207.94** |
| | Case Number*<br>05-44481 | Secured | Priority<br>$35,867.53 | Unsecured | Case Number*<br>05-44481 | Secured | Priority<br>$9,207.94 | Unsecured |
| | | | **$35,867.53** | | | | **$9,207.94** | |
| Claim: 18700<br>Date Filed:07/14/2009<br>Docketed Total:$ 103,986.16<br>Filing Creditor Name:<br>CSX CORPORATION<br>500 WALTER ST 8TH FL J220<br>JACKSONVILLE, FL 32202 | Claim Holder Name<br><br>CSX CORPORATION<br>500 WALTER ST 8TH FL J220<br>JACKSONVILLE, FL 32202 | | Docketed Total: | **$103,986.16** | | | Modified Total: | **$6,025.42** |
| | Case Number*<br>05-44481 | Secured | Priority<br>$103,986.16 | Unsecured | Case Number*<br>05-44481 | Secured | Priority<br>$6,025.42 | Unsecured |
| | | | **$103,986.16** | | | | **$6,025.42** | |

\*      See Exhibit E for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Forty-Seventh Omnibus Claims Objection

**EXHIBIT D - MODIFIED CLAIMS**

| CLAIM TO BE MODIFIED | CLAIM AS DOCKETED | | | | CLAIM AS MODFIED | | | |
|---|---|---|---|---|---|---|---|---|
| Claim: 18939<br>Date Filed:07/15/2009<br>Docketed Total:$ 9,664,668.94<br>Filing Creditor Name:<br>  PANALPINA MANAGEMENT<br>  LTD AND PANALPINA INC<br>  BIALSON BERGEN & SCHWAB<br>  2600 EL CAMINO REAL STE 300<br>  PALO ALTO, CA 94306 | Claim Holder Name<br><br>PANALPINA MANAGEMENT LTD<br>AND PANALPINA INC<br>BIALSON BERGEN & SCHWAB<br>2600 EL CAMINO REAL STE 300<br>PALO ALTO, CA 94306 | Docketed Total: | **$9,664,668.94** | | | Modified Total: | **$18,839.98** | |
| | Case Number*<br>05-44640 | Secured | Priority<br>$9,664,668.94 | Unsecured | Case Number*<br>05-44481 | Secured | Priority<br>$18,839.98 | Unsecured |
| | | | **$9,664,668.94** | | | | **$18,839.98** | |

| | |
|---|---|
| Total Claims To Be Modifed: | **4** |
| Total Amount As Docketed: | **$10,804,522.63** |
| Total Amount As Modified: | **$484,073.34** |

\*      See Exhibit E for a listing of debtor entities by case number.

In re DPH Holdings Corp., et al.                                      Forty-Seventh Omnibus Claims Objection
Case No. 05-44481 (RDD)

Exhibit E - Debtor Entity Reference

| CASE NUMBER | DEBTOR ENTITY |
|---|---|
| 05-44481 | DELPHI CORPORATION |
| 05-44640 | DELPHI AUTOMOTIVE SYSTEMS LLC |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 19873    Filed 04/16/10    Entered 04/16/10 16:09:34    Main Document

Forty-Seventh Omnibus Claims Objection

Pg 38 of 55

Exhibit F - Claimants And Related Claims Subject To Forty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| AIG ENTERTAINMENT RISKS, AIG EXCESS LIABILITY INSURANCE INTERNATIONAL LTD, AIU INSURANCE COMPANY ET AL | 19019 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| AIG ENTERTAINMENT RISKS, AIG EXCESS LIABILITY INSURANCE INTERNATIONAL LTD, AIU INSURANCE COMPANY ET AL | 19756 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| AIMEE BANDEN | 19592 | EXHIBIT D - MODIFIED CLAIMS |
| ALLA AVERBUKH | 19597 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| AMERICAN AIKOKU ALPHA INC | 17953 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| APPLE INC, APPLE COMPUTER INTERNATIONAL, AND HON HAI PRECISION INDUSTRY COMPANY LTD | 18902 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| AT&T SOLUTIONS INC AND ITS AFFILIATED ENTITIES | 19164 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| AUDIO MPEG INC AND SISV EL SPA | 19077 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| AUTOLIV ASP INC | 19151 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19069 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19087 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19123 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19124 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19125 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19602 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19603 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19604 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19815 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19816 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 19817 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 20006 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 20007 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BANK OF AMERICA NA | 20008 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT | 19129 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT | 19130 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT | 19131 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BOSCH AUTOMOTIVE PRODUCTS SUZ HOU CO LTD | 18689 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| BOSCH CORPORATION | 18694 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CADENCE INNOVATION LLC | 20055 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CENTERLINE INC | 18244 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CHARLENE JACKSON | 17821 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CITY OF DAYTON OHIO | 18716 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CITY OF OAK CREEK | 18394 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CITY OF OLATHE KANSAS | 18541 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CITY OF VANDALIA, OHIO | 17152 | EXHIBIT D - MODIFIED CLAIMS |
| CLARION CORPORATION OF AMERICA | 19074 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS | 18981 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS | 18982 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS | 18983 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS | 18984 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CR INTRINSIC INVESTORS LLC, HIGHLAND CAPITAL MANAGEMENT LP, ELLIOTT ASSOCIATES LP AND/OR CERTAIN FUNDS MANAGED THEREBY | 18713 | EXHIBIT C - DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS |
| CSX CORPORATION | 18700 | EXHIBIT D - MODIFIED CLAIMS |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 19873    Filed 04/16/10    Entered 04/16/10 16:09:34    Main Document
Pg 39 of 55

Forty-Seventh Omnibus Claims Objection

Exhibit F - Claimants And Related Claims Subject To Forty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC, ELLIOT ASSOCIATED LP, NOMURA CORPORATE RESEARCH AND ASSET MANAGEMENT INC, NORTHEAST INVESTORS TRUST, SPCP GROUP, LLC, AND WHITEBOX ADVISORS, LLC | 18723 | EXHIBIT C - DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS |
| DCH HEALTH SYSTEM | 18061 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| DCH HEALTH SYSTEM | 18062 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE | 16613 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| DIANE YOUNG | 18811 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| FLEXTRONICS INTERNATIONAL LTD | 18940 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| FORD MOTOR COMPANY | 19145 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| FORD MOTOR COMPANY | 19146 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| FURUKAWA ELECTRIC COMPANY LTD | 19505 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| GEORGE A KRALOVICH | 18782 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| GREYWOLF CAPITAL MANAGEMENT LP ON BEHALF OF CERTAIN FUNDS AND MANAGED ACCOUNTS | 19001 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| HALEY JENKINS | 19599 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| HE SERVICES CO | 18702 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| HEALTHCARE AUTHORITY OF MORGAN COUNTY DBA DECATUR GENERAL HOSPITAL | 18673 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| HIGHLAND CAPITAL MANAGEMENT LP | 18761 | EXHIBIT C - DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS |
| HSBC BANK USA NATIONAL ASSOCIATION | 18617 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| HYUNDAI MOTOR AMERICA AND HYUNDAI MOTOR AMERICA | 18934 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| INTERNATIONAL UNION UNITED AUTOMOBILE AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA UAW | 19810 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| INTEVA PRODUCTS LLC | 19134 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| INTEVA PRODUCTS LLC | 19135 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| INTEVA PRODUCTS LLC | 19136 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| IUE CWA | 18946 | EXHIBIT C - DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS |
| JESSICA JENKINS | 19598 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| JOHNSON CONTROLS INC, AUTOMOTIVE EXPERIENCE DIVISION | 19626 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| JOHNSON CONTROLS INC, BUILDING EFFICIENCY | 19625 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| JPMORGAN CHASE BANK NA AS ADMINISTRATIVE AGENT | 18653 | EXHIBIT B - DUPLICATE CLAIM |
| KURTZMAN CARSON CONSULTANTS LLC | 19627 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| KYKLOS BEARING INTERNATIONAL LLC | 18425 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| LEAR CORPORATION EEDS AND INTERIORS | 19033 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| LEAR CORPORATION GMBH | 18677 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| LEAR CORPORATION GMBH | 19032 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| LEAR CORPORATION GMBH | 19971 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| LEAR CORPORATION ON BEHALF OF ITSELF AND ITS SUBSIDIARIES | 19972 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| MICHAEL BRUEWER | 17650 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| NISSAN NORTH AMERICA INC | 18975 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| OGURA CLUTCH COMPANY | 18971 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| PANALPINA MANAGEMENT LTD AND PANALPINA INC | 18939 | EXHIBIT D - MODIFIED CLAIMS |
| ROBERT L BACKIE | 18701 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| SPCP GROUP LLC | 19116 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| STEPHEN P GALE | 17837 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| TECHNOLOGY PROPERTIES LTD | 18488 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| THOMAS FALENCIK | 18301 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| THOMAS P BINASIO | 17982 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| UNITED PARCEL SERVICE | 19082 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 19873    Filed 04/16/10    Entered 04/16/10 16:09:34    Main Document
Pg 40 of 55

Forty-Seventh Omnibus Claims Objection

Exhibit F - Claimants And Related Claims Subject To Forty-Seventh Omnibus Claims Objection

| Claim Holder | Claim | Exhibit |
|---|---|---|
| VANGUARD DISTRIBUTIONS INC | 16908 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE | 18628 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |

# Exhibit G

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :        Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :        Case No. 05-44481 (RDD)
                                          :
                Reorganized Debtors.      :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases
(collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates,
debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the
Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors'
reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of
administrative expense, the Reorganized Debtors have determined that one or more of your claims for an
administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the
table below should be (a) disallowed and expunged or (b) modified, as the case may be, as summarized in
the table below and described in more detail in the Reorganized Debtors' Forty-Seventh Omnibus
Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A)
Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense
Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims,
And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims
Objection"), dated April 16, 2010, a copy of which is enclosed (without exhibits). The Reorganized
Debtors' Forty-Seventh Omnibus Claims Objection is set for hearing on May 20, 2010 at 10:00 a.m.
(prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White
Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-SEVENTH
OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO
THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00
P.M. (PREVAILING EASTERN TIME) ON MAY 13, 2010. IF YOU DO NOT RESPOND TIMELY IN
THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY
BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY
OF AN ORDER.

        The enclosed Forty-Seventh Omnibus Claims Objection identifies four different categories of
objections. The category of administrative claim objection applicable to you is identified in the table
below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Books And Records
Claims" assert liabilities and dollar amounts that are not owing pursuant to the
Reorganized Debtors' books and records.

The Administrative Claim identified as having a Basis For Objection of "Duplicate
Claim" is duplicative of another Administrative Claim filed by the claimant.

Administrative Claims identified as having a Basis For Objection of "Duplicate
Substantial Contribution Claims" assert Administrative Claims on account of an alleged
substantial contribution to the Debtors' estates that are duplicative of applications for
compensation filed by such parties pursuant to section 503(b)(3) and (4) of the
Bankruptcy Code.

Administrative Claims identified as having a Basis For Objection of "Modified Claims"
assert dollar amounts that are not owing pursuant to the debtors books and records.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

If you wish to view the complete exhibits to the Forty-Seventh Omnibus Claims Objection, you
can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-
Seventh Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized
Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing
at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n:
John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl). Questions regarding the amount of an
Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC,
the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com.
CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO
DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND
FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES
FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND
PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE
"CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§
105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES
TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22,
2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS
OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS'
OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION
PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS

---

[1]     Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is
unliquidated.

INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE
ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Seventh Omnibus Claims Objection, you must file a response (the
"Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time)
on May 13, 2010. Your Response, if any, to the Forty-Seventh Omnibus Claims Objection should (i) be in
writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for
the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the
Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the
Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on
a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-
based word processing format), (iv) be submitted in hard copy form directly to the chambers of the
Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the
Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300
Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH
Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the
Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago,
Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims
objection to which the Response is directed, (ii) the name of the claimant and a brief description of the
basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why
the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may
be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing
the Forty-Seventh Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative
expense previously filed with the Court, documentation sufficient to establish a prima facie right to
payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected
information in the Response; provided further, however, that you must disclose to the Reorganized
Debtors all information and provide copies of all documents that you believe to be confidential,
proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative
Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the
amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of
the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to
which the Reorganized Debtors must return any reply to the Response, if different from the address(es)
presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described
above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on
any such Response will automatically be adjourned from the May 20, 2010 hearing date to a future date to
be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures
Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court
conduct a final hearing on May 20, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS
CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY
THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS
OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE
WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON

3

LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE
CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

      The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-
SEVENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN
ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS
OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER
SUSTAINING THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER
NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE
CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you
from sustaining an Administrative Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
      April 16, 2010

# Exhibit H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
      In re                       :     Chapter 11
                            :
DPH HOLDINGS CORP., et al.,    :     Case No. 05-44481 (RDD)
                            :
           Reorganized Debtors.    :     (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


<u>NOTICE OF OBJECTION TO CLAIM</u>

[Claimant Name]:


      DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates, debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors' reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of administrative expense, the Reorganized Debtors have determined that one or more of your claims for an administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the table below should be (a) disallowed and expunged or (b) modified, as the case may be, as summarized in the table below and described in more detail in the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection"), dated April 16, 2010, a copy of which is enclosed (without exhibits). The Reorganized Debtors' Forty-Seventh Omnibus Claims Objection is set for hearing on May 20, 2010 at 10:00 a.m. (prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 13, 2010. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY OF AN ORDER.

      The enclosed Forty-Seventh Omnibus Claims Objection identifies four different categories of objections. The category of administrative claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records.

The Administrative Claim identified as having a Basis For Objection of "Duplicate Claim" is duplicative of another Administrative Claim filed by the claimant.

Administrative Claims identified as having a Basis For Objection of "Duplicate Substantial Contribution Claims" assert Administrative Claims on account of an alleged substantial contribution to the Debtors' estates that are duplicative of applications for compensation filed by such parties pursuant to section 503(b)(3) and (4) of the Bankruptcy Code.

Administrative Claims identified as having a Basis For Objection of "Modified Claims" assert dollar amounts that are not owing pursuant to the debtors books and records.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Application Docket Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

If you wish to view the complete exhibits to the Forty-Seventh Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com.  If you have any questions about this notice or the Forty-Seventh Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).  Questions regarding the amount of an Administrative Claim or the filing of a Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE.  A COPY OF BOTH THE CLAIMS OBJECTION

---

1    Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH.  THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Seventh Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on May 13, 2010. Your Response, if any, to the Forty-Seventh Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Seventh Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the May 20, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order.  With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on May 20, 2010 at 10:00 a.m. (prevailing Eastern time).

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE

WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON
LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE
CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

       The Bankruptcy Court will consider only those Responses made as set forth herein and in
accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-
SEVENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN
ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS
OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER
SUSTAINING THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER
NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE
CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you
from sustaining an Administrative Claim against the Reorganized Debtors.


[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
      April 16, 2010

4

# Exhibit I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
        In re                               :        Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :        Case No. 05-44481 (RDD)
                                            :
                Reorganized Debtors.        :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF OBJECTION TO CLAIM

[Claimant Name]:


        DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases
(collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates,
debtors and debtors-in-possession (the "Debtors"), are sending you this notice. According to the
Reorganized Debtors' records, you filed one or more proofs of administrative expense in the Debtors'
reorganization cases. Based upon the Reorganized Debtors' review of your proof or proofs of
administrative expense, the Reorganized Debtors have determined that one or more of your claims for an
administrative expense under 11 U.S.C. § 503(b)(1) (each, an "Administrative Claim") identified in the
table below should be (a) disallowed and expunged or (b) modified, as the case may be, as summarized in
the table below and described in more detail in the Reorganized Debtors' Forty-Seventh Omnibus
Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A)
Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense
Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims,
And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims
Objection"), dated April 16, 2010, a copy of which is enclosed (without exhibits). The Reorganized
Debtors' Forty-Seventh Omnibus Claims Objection is set for hearing on May 20, 2010 at 10:00 a.m.
(prevailing Eastern time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court"), 300 Quarropas Street, Courtroom 118, White
Plains, New York 10601-4140. AS FURTHER DESCRIBED IN THE ENCLOSED FORTY-SEVENTH
OMNIBUS CLAIMS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO
THE REORGANIZED DEBTORS' OBJECTION TO YOUR ADMINISTRATIVE CLAIM(S) IS 4:00
P.M. (PREVAILING EASTERN TIME) ON MAY 13, 2010. IF YOU DO NOT RESPOND TIMELY IN
THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY
BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU OTHER THAN NOTICE OF ENTRY
OF AN ORDER.

        The enclosed Forty-Seventh Omnibus Claims Objection identifies four different categories of
objections. The category of administrative claim objection applicable to you is identified in the table
below in the column entitled "Basis For Objection":

Administrative Claims identified as having a Basis For Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records.

The Administrative Claim identified as having a Basis For Objection of "Duplicate Claims" is duplicative of another Administrative Claim filed by the claimant.

Administrative Claims identified as having a Basis For Objection of "Duplicate Substantial Contribution Claims" assert Administrative Claims on account of an alleged substantial contribution to the Debtors' estates that are duplicative of applications for compensation filed by such parties pursuant to section 503(b)(3) and (4) of the Bankruptcy Code.

Administrative Claims identified as having a Basis For Objection of "Modified Claims" assert dollar amounts that are not owing pursuant to the debtors books and records.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | | |
|---|---|---|---|---|---|---|
| | | | | Correct Debtor | Modified Amount | Modified Nature |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you wish to view the complete exhibits to the Forty-Seventh Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Forty-Seventh Omnibus Claims Objection to your Administrative Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl). Questions regarding the amount of an Administrative Claim or the filing of an Administrative Claim should be directed to Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), AND THE ORDER PURSUANT TO 11 U.S.C. §§

---

[1]    Asserted Claim Amounts listed as $0.00 generally reflect that the Administrative Claim amount asserted is unliquidated.

105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS, ENTERED OCTOBER 22, 2009 (THE "ADMINISTRATIVE CLAIMS PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF ADMINISTRATIVE EXPENSE THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A COPY OF BOTH THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER IS INCLUDED HEREWITH. THE FOLLOWING SUMMARIZES THE PROVISIONS OF THOSE ORDERS BUT IS QUALIFIED IN ALL RESPECTS BY THE TERMS OF THAT ORDER.

If you disagree with the Forty-Seventh Omnibus Claims Objection, you must file a response (the "Response") and serve it so that it is actually received by no later than 4:00 p.m. (prevailing Eastern time) on May 13, 2010. Your Response, if any, to the Forty-Seventh Omnibus Claims Objection should (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and the Claims Objection Procedures Order, (iii) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (iv) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).

Your Response, if any, must also contain at a minimum the following: (i) the title of the claims objection to which the Response is directed, (ii) the name of the claimant and a brief description of the basis for the amount of the Administrative Claim, (iii) a concise statement setting forth the reasons why the Administrative Claim should not be disallowed and expunged, modified, or allowed, as the case may be, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Forty-Seventh Omnibus Claims Objection, (iv) unless already set forth in the proof of administrative expense previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that you need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that you must disclose to the Reorganized Debtors all information and provide copies of all documents that you believe to be confidential, proprietary, or otherwise protected and upon which you intend to rely in support of the Administrative Claim, (v) to the extent that the Administrative Claim is contingent or fully or partially unliquidated, the amount that you believe would be the allowable amount of such Administrative Claim upon liquidation of the Administrative Claim or occurrence of the contingency, as appropriate, and (vi) the address(es) to which the Reorganized Debtors must return any reply to the Response, if different from the address(es) presented in the Administrative Claim.

If you properly and timely file and serve a Response in accordance with the procedures described above, and the Reorganized Debtors are unable to reach a consensual resolution with you, the hearing on any such Response will automatically be adjourned from the May 20, 2010 hearing date to a future date to be set pursuant to the Claims Objection Procedures Order and the Administrative Claims Procedures Order. With respect to all uncontested objections, the Reorganized Debtors have requested that the Court conduct a final hearing on May 20, 2010 at 10:00 a.m. (prevailing Eastern time).

3

IF YOUR PROOF OF ADMNISTRATIVE EXPENSE LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED ADMINISTRATIVE CLAIMS, YOU ARE REQUIRED BY THE CLAIMS OBJECTION PROCEDURES ORDER AND THE ADMINISTRATIVE CLAIMS OBJECTION PROCEDURES ORDER TO INCLUDE THE AMOUNT THAT YOU BELIEVE WOULD BE THE ALLOWABLE AMOUNT OF SUCH ADMINISTRATIVE CLAIM UPON LIQUIDATION OF THE ADMINISTRATIVE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, IN ANY RESPONSE TO THE OBJECTION.

The Bankruptcy Court will consider only those Responses made as set forth herein and in accordance with the Claims Objection Procedures Order.  IF NO RESPONSES TO THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THE PROCEDURES SET FORTH HEREIN AND IN THE CLAIMS OBJECTION PROCEDURES ORDER, THE BANKRUPTCY COURT MAY ENTER AN ORDER SUSTAINING THE FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION WITHOUT FURTHER NOTICE OTHER THAN NOTICE OF THE ENTRY OF SUCH AN ORDER AS PROVIDED IN THE CLAIMS OBJECTION PROCEDURES ORDER.  Thus, your failure to respond may forever bar you from sustaining an Administrative Claim against the Reorganized Debtors.

[Claimant Name]
[Address 1]
[Address 2] [Address 3]
[City], [State] [Zip]
[Country]

Dated:  New York, New York
        April 16, 2010

4