IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

In re                             :    Chapter 11

                                      :

DPH HOLDINGS CORP., et al.,    :    Case No. 05-44481 (RDD)

                                      :

            Reorganized Debtors.    :    (Jointly Administered)

                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

      On April 13, 2010, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via overnight mail, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the parties listed on Exhibit C hereto via postage pre-paid U.S. mail:

1) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proof of Claim Number 11375 Filed by Jeffrey A. Miller, Administrative Expense Claim Number 16925 Filed by Stanley D. Smith, Administrative Expense Claim Numbers 17081 and 18049 Filed by James A. Luecke, Administrative Expense Claim Number 18087 Filed by Frank X. Budelewski, Administrative Expense Claim Number 18604 Filed by Walter A. Kunka, Administrative Expense Claim Number 20017 Filed by Andrew C. Gregos, and Administrative Expense Claim Number 20054 Filed by Robyn R. Budd ("Supplemental Reply Regarding Certain Pension and Benefit Claims") (Docket No. 19809) [a copy of which is attached hereto as Exhibit D]

2) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proofs of Claim Numbers 15584, 15585, 15586, 15587, 15588, and 15595 Filed by Hyundai Motor Company and (B) Proofs of Claim Numbers 15589, 15590, 15591, 15592, 15593, and 15594 Filed by Hyundai Motor America ("Supplemental Reply Regarding Certain Contingent Customer Warranty Claims") (Docket No. 19810) [a copy of which is attached hereto as Exhibit E]

3) Reorganized Debtors' Supplemental Reply to Response of Claimant to Debtors' Objection to Proofs of Claim Numbers 5268, 13270, 13838, and 13880 Filed by the UAW ("Supplemental Reply Regarding Certain UAW Claims") (Docket No. 19811) [a copy of which is attached hereto as Exhibit F]

4) Reorganized Debtors' Supplemental Reply to Response of Claimant to Debtors' Objection to Administrative Expense Claim Numbers 17094 and 17773 Filed by Sharyl Y. Carter ("Supplemental Reply Regarding Certain Claims of Sharyl Y. Carter") (Docket No. 19812) [a copy of which is attached hereto as Exhibit G]

5) Reorganized Debtors' Supplemental Reply to Response of a Certain Claimant to Debtors' Objection to Proof of Claim Number 11892 Filed by Ronald E. Jorgensen ("Supplemental Reply Regarding a Certain Equity Claim") (Docket No. 19813) [a copy of which is attached hereto as Exhibit H]

6) Ex Parte Application Under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 for Order Authorizing Reorganized Debtors to File (I) a Redacted Version of Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proofs of Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025, and 14026 Filed by Atul Pasricha and Proof of Claim Number 12147 Filed by Pamela Geller and (II) Unredacted Versions of (A) the Supplemental Reply and (B) a Certain Agreement Between Debtors and Atul Pasricha Under Seal ("DPH Holdings - Pasricha Sealing Application") (Docket No. 19814) [a copy of which is attached hereto as Exhibit I]

7) Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to (A) Proof of Claim No. 16591 Filed by Bradley A. Bennett and Barbara R. Bennett ("Notice of Adjournment of Sufficiency Hearing as to Bennett Claim") (Docket No. 19815) [a copy of which is attached hereto as Exhibit J]

8) Reorganized Debtors' Supplemental Reply to Response of Claimant to Debtors' Objections to Administrative Expense Claim Numbers 16898 and 18740 Filed by Gary L. Cook ("Supplemental Reply Regarding Certain Claims Filed by Gary L. Cook") (Docket No. 19816) [a copy of which is attached hereto as Exhibit K]

9) Notice of Rescheduling of Thirty-Second Claims Hearing (Docket No. 19817) [a copy of which is attached hereto as Exhibit L]

On April 13, 2010, I caused to be served the document listed below upon the parties listed on Exhibit M hereto via overnight mail:

10) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proof of Claim Number 11375 Filed by Jeffrey A. Miller, Administrative Expense Claim Number 16925 Filed by Stanley D. Smith, Administrative Expense Claim Numbers 17081 and 18049 Filed by James A. Luecke, Administrative Expense Claim Number 18087 Filed by Frank X. Budelewski, Administrative Expense Claim Number 18604 Filed by Walter A. Kunka, Administrative Expense Claim Number 20017 Filed by Andrew C. Gregos, and Administrative Expense Claim Number 20054 Filed by Robyn R. Budd

("Supplemental Reply Regarding Certain Pension and Benefit Claims") (Docket No. 19809) [a copy of which is attached hereto as Exhibit D]

On April 13, 2010, I caused to be served the document listed below upon the parties listed on <u>Exhibit N</u> hereto via overnight mail:

11) Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to (A) Proofs of Claim Numbers 15584, 15585, 15586, 15587, 15588, and 15595 Filed by Hyundai Motor Company and (B) Proofs of Claim Numbers 15589, 15590, 15591, 15592, 15593, and 15594 Filed by Hyundai Motor America ("Supplemental Reply Regarding Certain Contingent Customer Warranty Claims") (Docket No. 19810) [a copy of which is attached hereto as Exhibit E]

On April 13, 2010, I caused to be served the document listed below upon the parties listed on <u>Exhibit O</u> hereto via overnight mail:

12) Reorganized Debtors' Supplemental Reply to Response of Claimant to Debtors' Objection to Proofs of Claim Numbers 5268, 13270, 13838, and 13880 Filed by the UAW ("Supplemental Reply Regarding Certain UAW Claims") (Docket No. 19811) [a copy of which is attached hereto as Exhibit F]

On April 13, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit P</u> hereto via overnight mail:

13) Reorganized Debtors' Supplemental Reply to Response of Claimant to Debtors' Objection to Administrative Expense Claim Numbers 17094 and 17773 Filed by Sharyl Y. Carter ("Supplemental Reply Regarding Certain Claims of Sharyl Y. Carter") (Docket No. 19812) [a copy of which is attached hereto as Exhibit G]

On April 13, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit Q</u> hereto via overnight mail:

14) Reorganized Debtors' Supplemental Reply to Response of a Certain Claimant to Debtors' Objection to Proof of Claim Number 11892 Filed by Ronald E. Jorgensen ("Supplemental Reply Regarding a Certain Equity Claim") (Docket No. 19813) [a copy of which is attached hereto as Exhibit H]

On April 13, 2010, I caused to be served the document listed below upon the parties listed on <u>Exhibit R</u> hereto via overnight mail:

15) Ex Parte Application Under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 for Order Authorizing Reorganized Debtors to File (I) a Redacted Version of Reorganized Debtors' Supplemental Reply to Responses of Certain Claimants to Debtors' Objections to Proofs of Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025, and 14026 Filed by Atul Pasricha and Proof of Claim Number 12147 Filed by Pamela Geller and (II) Unredacted Versions of (A) the Supplemental Reply and (B) a Certain Agreement Between Debtors and Atul Pasricha Under Seal ("DPH Holdings - Pasricha Sealing Application") (Docket No. 19814) [a copy of which is attached hereto as Exhibit I]

On April 13, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit S</u> hereto via overnight mail:

16) Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to (A) Proof of Claim No. 16591 Filed by Bradley A. Bennett and Barbara R. Bennett ("Notice of Adjournment of Sufficiency Hearing as to Bennett Claim") (Docket No. 19815) [a copy of which is attached hereto as Exhibit J]

On April 13, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit T</u> hereto via overnight mail:

17) Reorganized Debtors' Supplemental Reply to Response of Claimant to Debtors' Objections to Administrative Expense Claim Numbers 16898 and 18740 Filed by Gary L. Cook ("Supplemental Reply Regarding Certain Claims Filed by Gary L. Cook") (Docket No. 19816) [a copy of which is attached hereto as Exhibit K]

On April 13, 2010, I caused to be served the document listed below upon the parties listed on <u>Exhibit U</u>, and on April 14, 2010 upon the parties listed on <u>Exhibit V</u> hereto via overnight mail:

18) Notice of Rescheduling of Thirty-Second Claims Hearing (Docket No. 19817) [a copy of which is attached hereto as Exhibit L]

Dated: April 16, 2010

_____*/s/ Darlene Calderon*_____
Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 16th day of April, 2010, by
Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature: __*/s/ Vanessa R. Quiñones*_____

Commission Expires:_*3/20/11*_____

# EXHIBIT A

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | 312-759-5646 | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | 212-2094801 | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | 212-695-5436 | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | 2126971559 | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | 212-450-3092 212-450-3213 | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Automotive LLP | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | 248-813-2491 | |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | | Reorganized Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | 303-652-4716 | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | | Counsel to Flextronics International USA, Inc. |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | 212-859-4000 | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | 212-841-9350 | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | 202-659-4503 | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | 212-972-1677 | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | 313-465-8000 | Counsel to General Motors Corporation |
| Internal Revenue Service | Attn: Insolvency Department | 477 Michigan Ave | Mail Stop 15 | Detroit | MI | 48226 | 313-628-3648 | 313-628-3602 | Michigan IRS |
| Internal Revenue Service | Attn: Insolvency Department, Maria Valerio | 290 Broadway | 5th Floor | New York | NY | 10007 | 212-436-1038 | 212-436-1931 | IRS |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | 212-284-2470 | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | 212-270-4016 | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | 212-270-0430 | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | 212-715-8000 | Counsel Data Systems Corporation; EDS Information Services, LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/14/2010 9:31 PM
Master Service List 100413.xlsx Overnight

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | 310-823-9133 | Noticing and Claims Agent |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | 212-750-1361 | Indenture Trustee |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | 312-984-7700 | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | 202-364-9960 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | 212-682-5015 | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | 213-629-5063 | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | 212-416-6007 | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | 212-336-1323 | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | 212-416-6075 | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | 213-430-6407 | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | 202-383-5414 | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | 212-757-3990 | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Israel Goldowitz | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005-4026 | 2023264020 | 2023264112 | Chief Counsel to the Pension Benefit Guaranty Corporation |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | 202-326-4112 | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | 212-262-5152 | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | 212-403-5454 | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | 212-218-5526 | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | 212-848-7179 | Local Counsel to the Reorganized Debtors |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/14/2010 9:31 PM
Master Service List 100413.xlsx Overnight

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | 312-407-0411 | Counsel to the Reorganized Debtor |
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | 212-735-2000 | Counsel to the Reorganized Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | 314-862-4656 | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | 312-641-6959 | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | 2123198505 | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | 212-967-4258 | Conflicts Counsel to the Reorganized Debtors |
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | 212-668-2255 does not take service via fax | Counsel to United States Trustee |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | 212-310-8077 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | 212-310-8007 | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | 302-636-4143 | Creditor Committee Member/Indenture Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/14/2010 9:31 PM
Master Service List 100413.xlsx Overnight

# EXHIBIT B

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|-------|-------|------------------|
| Barnes & Thornburg LLP | Peter A. Clark | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606-2833 | 312-214-5668 | pclark@btlaw.com | Counsel to Recticel Interiors; Motorola; Temic Automotive |
| Brown Rudnick Berlack Israels LLP | Robert J. Stark | Seven Times Square | | New York | NY | 10036 | 212-209-4800 | rstark@brownrudnick.com | Indenture Trustee |
| Cohen, Weiss & Simon | Bruce Simon | 330 W. 42nd Street | | New York | NY | 10036 | 212-356-0231 | bsimon@cwsny.com | |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Steven J. Reisman | 101 Park Avenue | | New York | NY | 10178-0061 | 2126966000 | sreisman@cm-p.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Davis, Polk & Wardwell LLP | Donald Bernstein Brian Resnick | 450 Lexington Avenue | | New York | NY | 10017 | 212-450-4092 212-450-4213 | donald.bernstein@dpw.com brian.resnick@dpw.com | Counsel to Debtor's Postpetition Administrative Agent; Counsel to JPMorgan Chase Bank, N.A. |
| Delphi Automotive LLP | Sean Corcoran, Karen Craft | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com | |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | john.brooks@delphi.com | Reorganized Debtors |
| Flextronics International | Carrie L. Schiff | 305 Interlocken Parkway | | Broomfield | CO | 80021 | 303-927-4853 | cschiff@flextronics.com | Counsel to Flextronics International |
| Flextronics International USA, Inc. | Paul W. Anderson | 2090 Fortune Drive | | San Jose | CA | 95131 | 408-428-1308 | paul.anderson@flextronics.com | Counsel to Flextronics International USA, Inc. |
| Fried, Frank, Harris, Shriver & Jacobson | Brad Eric Sheler Bonnie Steingart Jennifer L Rodburg Richard J Slivinski | One New York Plaza | | New York | NY | 10004 | 212-859-8000 | rodbuje@ffhsj.com sliviri@ffhsj.com | Counsel to Equity Security Holders Committee |
| FTI Consulting, Inc. | Randall S. Eisenberg | 3 Times Square | 11th Floor | New York | NY | 10036 | 212-2471010 | randall.eisenberg@fticonsulting.com | Financial Advisors to Debtors |
| Groom Law Group | Lonie A. Hassel | 1701 Pennsylvania Avenue, NW | | Washington | DC | 20006 | 202-857-0620 | lhassel@groom.com | Counsel to Employee Benefits |
| Hodgson Russ LLP | Garry M. Graber | 60 East 42nd St | 37th Floor | New York | NY | 10165-0150 | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com | Counsel to General Motors Corporation |
| Honigman Miller Schwartz and Cohn LLP | Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | rweiss@honigman.com | Counsel to General Motors Corporation |
| Jefferies & Company, Inc, | William Q. Derrough | 520 Madison Avenue | 12th Floor | New York | NY | 10022 | 212-284-2521 | bderrough@jefferies.com | UCC Professional |
| JPMorgan Chase Bank, N.A. | Richard Duker | 270 Park Avenue | | New York | NY | 10017 | 212-270-5484 | richard.duker@jpmorgan.com | Prepetition Administrative Agent |
| JPMorgan Chase Bank, N.A. | Susan Atkins, Gianni Russello | 277 Park Ave 8th Fl | | New York | NY | 10172 | 212-270-0426 | susan.atkins@jpmorgan.com | Postpetition Administrative Agent |
| Kramer Levin Naftalis & Frankel LLP | Gordon Z. Novod | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | gnovod@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kramer Levin Naftalis & Frankel LLP | Thomas Moers Mayer | 1177 Avenue of the Americas | | New York | NY | 10036 | 212-715-9100 | tmayer@kramerlevin.com | Counsel Data Systems Corporation; EDS Information Services, LLC |
| Kurtzman Carson Consultants | Sheryl Betance | 2335 Alaska Ave | | El Segundo | CA | 90245 | 310-823-9000 | sbetance@kccllc.com | Noticing and Claims Agent |
| Law Debenture Trust of New York | Daniel R. Fisher | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | daniel.fisher@lawdeb.com | Indenture Trustee |
| Law Debenture Trust of New York | Patrick J. Healy | 400 Madison Ave | Fourth Floor | New York | NY | 10017 | 212-750-6474 | patrick.healy@lawdeb.com | Indenture Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/14/2010 9:32 PM
Master Service List 100413.xlsx Email

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | 312-372-2000 | jdejonker@mwe.com | Counsel to Recticel North America, Inc. |
| McTigue Law Firm | Cornish F. Hitchcock | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | conh@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| McTigue Law Firm | J. Brian McTigue | 5301 Wisconsin Ave. N.W. | Suite 350 | Washington | DC | 20015 | 202-364-6900 | bmctigue@mctiguelaw.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Mesirow Financial | Leon Szlezinger | 666 Third Ave | 21st Floor | New York | NY | 10017 | 212-808-8366 | lszlezinger@mesirowfinancial.com | UCC Professional |
| Milbank Tweed Hadley & McCloy LLP | Gregory A Bray Esq Thomas R Kreller Esq James E Till Esq | 601 South Figueroa Street | 30th Floor | Los Angeles | CA | 90017 | 213-892-4000 | gbray@milbank.com tkreller@milbank.com jtill@milbank.com | Counsel to Cerberus Capital Management LP and Dolce Investments LLC |
| New York State Office of Attorney General | Eugene J. Leff | Assistant Attorney General & Deputy Bureau Chief | 120 Broadway, 26th Floor | New York | NY | 10271 | 212-416-8465 | eugene.leff@oag.state.ny.us | State of New York; New York State Department of Environmental Consevation |
| Northeast Regional Office | Mark Schonfeld, Regional Director | 3 World Financial Center | Room 4300 | New York | NY | 10281 | 212-336-1100 | newyork@sec.gov secbankruptcy@sec.gov | Securities and Exchange Commission |
| Office of New York State | Attorney General Eliot Spitzer | 120 Broadway | | New York City | NY | 10271 | 212-416-8000 | william.dornbos@oag.state.ny.us | New York Attorney General's Office |
| O'Melveny & Myers LLP | Robert Siegel | 400 South Hope Street | | Los Angeles | CA | 90071 | 213-430-6000 | rsiegel@omm.com | Special Labor Counsel |
| O'Melveny & Myers LLP | Tom A. Jerman, Rachel Janger | 1625 Eye Street, NW | | Washington | DC | 20006 | 202-383-5300 | tjerman@omm.com | Special Labor Counsel |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Stephen J. Shimshak Philip A Weintraub | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | 212-373-3000 | sshimshak@paulweiss.com pweintraub@paulweiss.com | Counsel to Ryder Integrated Logistics, Inc. |
| Pension Benefit Guaranty Corporation | Karen L. Morris, John Menke, Ralph L. Landy, Beth A. Bangert | 1200 K Street, N.W. | Suite 340 | Washington | DC | 20005 | 202-326-4020 | landy.ralph@pbgc.gov morris.karen@pbgc.gov menke.john@pbfgc.gov bangert.beth@pbgc.gov efile@pbgc.gov | Counsel to Pension Benefit Guaranty Corporation |
| Phillips Nizer LLP | Sandra A. Riemer | 666 Fifth Avenue | | New York | NY | 10103 | 212-841-0589 | sriemer@phillipsnizer.com | Counsel to Freescale Semiconductor, Inc., f/k/a Motorola Semiconductor Systems |
| Rothchild Inc. | David L. Resnick | 1251 Avenue of the Americas | | New York | NY | 10020 | 212-403-3500 | david.resnick@us.rothschild.com | Financial Advisor |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Shearman & Sterling LLP | Douglas Bartner, Jill Frizzley | 599 Lexington Avenue | | New York | NY | 10022 | 212-8484000 | dbartner@shearman.com jfrizzley@shearman.com | Local Counsel to the Reorganized Debtors |
| Skadden, Arps, Slate, Meagher & Flom LLP | John Wm. Butler, John K. Lyons, Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | jbutler@skadden.com jlyonsch@skadden.com rmeisler@skadden.com | Counsel to the Reorganized Debtor |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/14/2010 9:32 PM
Master Service List 100413.xlsx Email

DPH Holdings Corp.
Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | Kayalyn A. Marafioti | 4 Times Square | P.O. Box 300 | New York | NY | 10036 | 212-735-3000 | kmarafio@skadden.com | Counsel to the Reorganized Debtor |
| Spencer Fane Britt & Browne LLP | Daniel D. Doyle | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | ddoyle@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Spencer Fane Britt & Browne LLP | Nicholas Franke | 1 North Brentwood Boulevard | Tenth Floor | St. Louis | MO | 63105 | 314-863-7733 | nfranke@spencerfane.com | Counsel to Movant Retirees and Proposed Counsel to The Official Committee of Retirees |
| Stahl Cowen Crowley Addis LLC | Jon D. Cohen, Trent P. Cornell | 55 West Monroe Street | Suite 1200 | Chicago | IL | 60603 | 312-641-0060 | jcohen@stahlcowen.com tcornell@stahlcowen.com | Counsel to the Delphi Retiree Committee |
| Stevens & Lee, P.C. | Chester B. Salomon, Constantine D. Pourakis | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | 2123198500 | cp@stevenslee.com cs@stevenslee.com | Counsel to Wamco, Inc. |
| Togut, Segal & Segal LLP | Albert Togut | One Penn Plaza | Suite 3335 | New York | NY | 10119 | 212-594-5000 | altogut@teamtogut.com | Conflicts Counsel to the Reorganized Debtors |
| Weil, Gotshal & Manges LLP | Harvey R. Miller | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Jeffrey L. Tanenbaum, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | jeff.tanenbaum@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Martin J. Bienenstock, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | martin.bienenstock@weil.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Michael P. Kessler, Esq. | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8000 | michael.kessler@weil.com | Counsel to General Motors Corporation |
| Wilmington Trust Company | Steven M. Cimalore | Rodney Square North | 1100 North Market Street | Wilmington | DE | 19890 | 302-636-6058 | scimalore@wilmingtontrust.com | Creditor Committee Member/Indenture Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/14/2010 9:32 PM
Master Service List 100413.xlsx Email

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Brake Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Peter J. Gurfein | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-552-6696 | pgurfein@akingump.com | Counsel to Wamco, Inc. |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | David M. Powlen | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | david.powlen@btlaw.com | Counsel to Howard county, Indiana |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Barnes & Thornburg LLP | Deborah L. Thorne | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | deborah.thorne@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | jgregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America; Continental AG and Affiliates |
| Barnes & Thornburg LLP | Kathleen L. Matsoukas | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | kathleen.matsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bendinelli Law Office PC | Jerry Sumner | 11184 Huron Street | Suite 10 | Denver | CO | 80234 | | 303-940-9900 | js@colawfirm.com michelle@colawfirm.com | Counsel to Jose C Alfaro |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississipp; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | jmurph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | Peter S. Russ | 620 Eighth Ave | 23rd Floor | New York | NY | 10018 | | 212-440-4400 | peter.russ@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Burr & Forman LLP | Michael Leo Hall | 420 North Twentieth Street | Suite 3100 | Birmingham | AL | 35203 | | (205) 458-5367 | mhall@burr.com | Counsel to Mercedes-Benz U.S. International, Inc |
| Butzel Long | Cynthia J. Haffey | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-983-7434 | haffey@butzel.com | Counsel to Delphi Corporation |
| Butzel Long | Donald V. Orlandoni | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-225-7063 | orlandoni@butzel.com | Counsel to Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Inc., Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Autmoblie, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Conlin, McKenney & Philbrick, P.C. | Bruce N. Elliott | 350 South Main Street | Suite 400 | Ann Arbor | MI | 48104 | | 734-971-9000 | Elliott@cmplaw.com | Counsel to Brazeway, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Contrarian Capital Management, L.L.C. | Mark Lee, Janice Stanton, Bill Raine, Seth Lax | 411 West Putnam Avenue | Suite 225 | Greenwich | CT | 06830 | | 203-862-8200 (230) 862-8231 | mlee@contrariancapital.com jstanton@contrariancapital.com wraine@contrariancapital.com solax@contrariancapital.com | Counsel to Contrarian Capital Management, L.L.C. |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennsylvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtin & Heefner, LLP | Robert  Szwajkos | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | rsz@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 5 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com | Counsel to ACE American Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Sharon A. Salinas | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-2199 | ssalinas@dykema.com | Counsel to Tremont City Barrel Fill PRP Group |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 6 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Ann Marie Uetz | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | auetz@foley.com | Counsel to PBR Tennessee |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | John R. Trentacosta Katherine R. Catanese | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jtrentacosta@foley.com kcatanese@foley.com | Counsel to Kautex Inc. |
| Fox Rothschild LLP | Fred Stevens | 100 Park Avenue | 15th Floor | New York | NY | 10017 | | 212-878-7900 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Fox Rothschild LLP | Michael J. Viscount, Jr. | 1301 Atlantic Avenue | Suite 400 | Atlantic City | NJ | 08401-7212 | | 609-348-4515 | mviscount@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Internet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haskell Slaughter Young & Rediker LLC | Robert H. Adams | 2001 Park Place North | Suite 1400 | Birmingham | AL | 35203 | | 205-251-1000 | rha@hsy.com | Counsel to Simco Construction, Inc. |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 8 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Williams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 9 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 10 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Larry Magarik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | lmagarik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| King & Spalding, LLP | Daniel Egan | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | degan@kslaw.com | Counsel to KPMG LLP |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Kramer Levin Naftalis & Frankel LLP | Jordan D Kaye | 1177 Avenue of the Americas | | New York | NY | 10036 | | 212-715-9489 | jkaye@kramerlevin.com | Counsel to HP Enterprise Services, LLC; Vishay Americas Inc. |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthrup@kutchinrufo.com | Counsel to Parlex Corporation |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | jlevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 12 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen KapitalanIage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuirewoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuirewoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller; JAE Electronics, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | piricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | l.moore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| National Renewable Energy Laboratory | Marty Noland Principal Attorney | 1617 Golden Blvd | Legal Office, Mail Stop 1734 | Golden | CO | 80401 | | 303-384-7550 | marty_noland@nrel.gov | Counsel for National Renewable Energy Laboratory |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Jonathan P. Guy | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | jguy@orrick.com | Counsel to Westwood Associates, Inc. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 666 Fifth Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Orrick, Herrington & Sutcliffe LLP | Richard H. Wyron | Columbia Center | 1152 15th St NW | Washington | DC | 20005-1706 | | 202-339-8400 | rwyron@orrick.com | Counsel to Westwood Associates, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison | Stephen J. Shimshak | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3133 | sshimshak@paulweiss.com | Counsel to Ambrake Corporation |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Penachio Malara LLP | Anne Penachio | 235 Main Street | Suite 600A | White Plains | NY | 10601 | | 914-946-2889 | apenachio@pmlawllp.com | Counsel to UVA Machine Company and its successors by acquisition |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA Inc. |
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 17 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | John A. Harris | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | jharris@quarles.com | Counsel to Semiconductor Components Industries, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.l. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com shellie@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to le Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Chester B. Salomon, Esq. Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cs@stevenslee.com cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com egoldberg@stutman.com ipachulski@stutman.com jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Elliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Counsel to The Furukawa Electric Co., Ltd. |
| The Timken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@tcfhlaw.com | Counsel to Aluminum International, Inc. |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 40th Fl | | Chicago | IL | 60603 | | 312-580-2215 | dquaid@tcfhlaw.com efiledocketgroup@fagelhaber.com | Counsel for Penn Aluminum International Inc |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Todtman Nachamie Spizz & Johns PC | Janice B. Grubin | 425 Park Avenue | 5th Floor | New York | NY | 10022 | | 212-754-9400 | jgrubin@tnsj-law.com | Counsel to Vanguard Distributors, Inc. |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers Street 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 21 of 22

4/14/2010 9:14 PM
Email (391)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 22 of 22

4/14/2010 9:14 PM
Email (391)

# EXHIBIT C

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Andrews Kurth LLP | Gogi Malik | 1717 Main Street | Suite 3700 | Dallas | TX | 75201 | | 214-659-4400 | 214-659-4401 | Counsel to ITW Mortgage Investments IV, Inc. |
| Andrews Kurth LLP | Jonathan I Levine, Esq. | 450 Lexington Avenue | 15th Floor | New York | NY | 10017 | | 212-850-2800 | 212-850-2929 | Counsel to Microchip Technology, Inc. |
| Angelo, Gordon & Co. | Leigh Walzer | 245 Park Avenue | 26th Floor | New York | NY | 10167 | | 212-692-8251 | 212-867-6395 | |
| APS Clearing, Inc. | Andy Leinhoff Matthew Hamilton | 1301 S. Capital of Texas Highway | Suite B-220 | Austin | TX | 78746 | | 512-314-4416 | 512-314-4462 | Counsel to APS Clearing, Inc. |
| Arent Fox PLLC | Mitchell D. Cohen | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | 212-484-3990 | Counsel to Pullman Bank and Trust Company |
| Bingham McHale LLP | John E Taylor Michael J Alerding | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | 317-236-9907 | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| DaimlerChrysler Corporation | Kim Kolb | CIMS 485-13-32 | 1000 Chrysler Drive | Auburn Hills | MI | 48326-2766 | | 248-576-5741 | | Counsel to DaimlerChrysler Corporation; DaimlerChrylser Motors Company, LLC; DaimlerChrylser Canada, Inc. |
| Dykema Gossett PLLC | Morgan Smith | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-5679 | 312-627-2302 | Attorneys for Tremont City Barrel Fill PRP Group |
| Goodwin Proctor LLP | Allan S. Brilliant Craig P. Druehl | 599 Lexington Avenue | | New York | NY | 10022 | | 212-813-8800 | 212-355-3333 | Counsel to UGS Corp. |
| Harris D. Leinwand | Harris D. Leinwand | 235 Weaver Street | Unit 6H | Greenwich | CT | 06831 | | | | Counsel to Ahaus Tool & Engineering |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | | Counsel to Ahaus Tool & Engineering |
| Hodgson Russ LLP | Stephen H. Gross, Esq. | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | 212-972-1677 | Co-Counsel for Yazaki North America, Inc. |
| InPlay Technologies Inc | Heather Beshears | 234 South Extension Road | | Mesa | AZ | 85201 | | | | Creditor |
| Jaffe, Raitt, Heuer & Weiss, P.C. | Paige E. Barr | 27777 Franklin Road | Suite 2500 | Southfield | MI | 48034 | | 248-351-3000 | 248-351-3082 | Counsel to Trutron Corporation |
| Jason, Inc. | Beth Klimczak, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | | | General Counsel to Jason Incorporated |
| McCarthy Tetrault LLP | John J. Salmas | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | Canada | 416-362-1812 | 416-868-0673 | Counsel to Themselves (McCarthy Tetrault LLP) |
| Meyer, Suozzi, English & Klein, P.C. | Lowell Peterson, Esq. | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | 212-239-1311 | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Michigan Heritage Bank | Janice M. Donahue | 28300 Orchard Lake Rd | Ste 200 | Farmington Hills | MI | 48334 | | 248-538-2529 | 248-786-3596 | Counsel to Michigan Heritage Bank; MHB Leasing, Inc. |
| Miller & Chevalier Chartered | Anthony F Shelley Timothy P O'Toole | 655 Fifteenth Street NW Suite 900 | | Washington | DC | 20005 | | 202-626-5800 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 3

4/14/2010 9:16 PM
US Mail (50)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-----|------------------|
| Morrison Cohen LLP | Joseph T. Moldovan Michael R Dal Lago | 909 Third Ave | | New York | NY | 10022 | | 212-735-8600 | | Counsel to Dennis Black, Charles Cunningham, and the Delphi Salaried Retiree Association |
| Norris, McLaughlin & Marcus | Elizabeth L. Abdelmasieh, Esq | 721 Route 202-206 | P.O. Box 1018 | Somerville | NJ | 08876 | | 908-722-0700 | 908-722-0755 | Counsel to Rotor Clip Company, Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Curtis J. Weidler | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3157 | 212-373-2053 | Counsel to Ambrake Corporation; Akebono Corporation |
| Paul, Weiss, Rifkind, Wharton & Garrison | Justin G. Brass | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | 212-757-3990 | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Pepper, Hamilton LLP | Linda J. Casey | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | 215-981-4750 | Counsel to SKF USA, Inc. |
| Plunkett Cooney | Charles W Browning Robert G Kamenec Elaine M Pohl | 38505 Woodward Avenue | Suite 2000 | Bloomfield Hills | MI | 48304 | | 248-901-4000 | 248-901-4040 | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Professional Technologies Services | John V. Gorman | P.O. Box #304 | | Frankenmuth | MI | 48734 | | 989-385-3230 | 989-754-7690 | Corporate Secretary for Professional Technologies Services |
| Quarles & Brady LLP | John J. Dawson | Renaissance One | Two North Central Avenue | Phoenix | AZ | 85004-2391 | | 602-229-5200 | 602-229-5690 | Counsel to Semiconductor Components Industries, Inc. |
| Quinn Emanuel Urquhart Oliver & Hedges LLP | Susheel Kirpalani James C Tecce Scott C Shelley | 51 Madison Ave 22nd Fl | | New York | NY | 10010 | | 212-849-7199 | 212-849-7100 | Counsel For Collective Of Tranche C DIP Lenders |
| Reed Smith | Elena Lazarou | 599 Lexington Avenue | 29th Floor | New York | NY | 10022 | | 212-521-5400 | 212-521-5450 | Counsel to General Electric Capital Corporation, Stategic Asset Finance. |
| Republic Engineered Products, Inc. | Joseph Lapinsky | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3004 | 330-670-3020 | Counsel to Republic Engineered Products, Inc. |
| Riverside Claims LLC | Holly Rogers | 2109 Broadway | Suite 206 | New York | NY | 10023 | | 212-501-0990 | 212-501-7088 | Riverside Claims LLC |
| Robinson, McFadden & Moore, P.C. | Annemarie B. Mathews | P.O. Box 944 | | Columbia | SC | 29202 | | 803-779-8900 | 803-771-9411 | Counsel to Blue Cross Blue Shield of South Carolina |
| Ropers, Majeski, Kohn & Bentley | Christopher Norgaard | 515 South Flower Street | Suite 1100 | Los Angeles | CA | 90071 | | 213-312-2000 | 213-312-2001 | Counsel to Brembo S.p.A; Bibielle S.p.A.; AP Racing |
| Ropes & Gray LLP | Gregory O. Kaden | One International Place | | Boston | MA | 02110-2624 | | 617-951-7000 | 617-951-7050 | Attorneys for D-J, Inc. |
| Sachnoff & Weaver, Ltd | Arlene Gelman Charles S. Schulman | 10 South Wacker Drive | 40th Floor | Chicago | IL | 60606 | | 312-207-1000 | 312-207-6400 | Counsel to Infineon Technologies North America Corporation |
| Schafer and Weiner PLLC | Max Newman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | | Counsel to Dott Industries, Inc. |
| Schiffrin & Barroway, LLP | Michael Yarnoff Sean M. Handler | 280 King of Prussia Road | | Radnor | PA | 19087 | | 610-667-7706 | 610-667-7056 | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Shipman & Goodwin LLP | Jennifer L. Adamy | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5811 | 860-251-5218 | Counsel to Fortune Plastics Company of Illinois, Inc.; Universal Metal Hose Co., |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 3

4/14/2010 9:16 PM
US Mail (50)

DPH Holdings Corp.
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Snell & Wilmer LLP | Steven D. Jerome, Esq. A. Evans O'Brien, Esq. | One Arizona Center | 400 East Van Buren | Phoenix | AZ | 85004 | | 602-382-6000 | 602-382-6070 | Counsel to Microchip Technology, Inc. |
| Sony Electronics Inc. | Lloyd B. Sarakin - Chief Counsel, Finance and Credit | 1 Sony Drive | MD #1 E-4 | Park Ridge | NJ | 07656 | | 201-930-7483 | | Counsel to Sony Electronics, Inc. |
| Squire, Sanders & Dempsey L.L.P. | Eric Marcks | One Maritime Plaza | Suite 300 | San Francisco | CA | 94111-3492 | | | 415-393-9887 | Counsel to Furukawa Electric Co., Ltd. And Furukawa Electric North America, APD Inc. |
| Stein, Rudser, Cohen & Magid LLP | Robert F. Kidd | 825 Washington Street | Suite 200 | Oakland | CA | 94607 | | 510-287-2365 | 510-987-8333 | Counsel to Excel Global Logistics, Inc. |
| Steinberg Shapiro & Clark | Mark H. Shapiro | 24901 Northwestern Highway | Suite 611 | Southfield | MI | 48075 | | 248-352-4700 | 248-352-4488 | Counsel to Bing Metals Group, Inc.; Gentral Transport International, Inc.; Crown Enerprises, Inc.; Economy Transport, Inc.; Logistics Insight Corp (LINC); Universal Am-Can, Ltd.; Universal Truckload Services, Inc. |
| Thelen Reid Brown Raysman & Steiner LLP | Marcus O. Colabianchi | 101 Second St Ste 1800 | | San Francisco | CA | 94105-3606 | | 415-369-7301 | 415-369-8764 | Counsel to Oki Semiconductor Company |
| Togut, Segal & Segal LLP | Albert Togut, Esq. | One Penn Plaza | Suite 3335 | New York | NY | 10119 | | 212-594-5000 | 212-967-4258 | Conflicts counsel to Debtors |
| Tyler, Cooper & Alcorn, LLP | W. Joe Wilson | 185 Asylum Street | CityPlace I 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | 860-278-3802 | Counsel to Barnes Group, Inc. |
| Waller Lansden Dortch & Davis, PLLC | Robert J. Welhoelter, Esq. | 511 Union Street | Suite 2700 | Nashville | TN | 37219 | | 615-244-6380 | 615-244-6804 | Counsel to Nissan North America, Inc. |
| Warner Stevens, L.L.P. | Michael D. Warner | 301 Commerce Street | Suite 1700 | Fort Worth | TX | 76102 | | 817-810-5250 | 817-810-5255 | Counsel to Electronic Data Systems Corp. and EDS Information Services, L.L.C. |
| Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP | Lei Lei Wang Ekvall | 650 Town Center Drive | Suite 950 | Costa Mesa | CA | 92626 | | 714-966-1000 | 714-966-1002 | Counsel to Toshiba America Electronic Components, Inc. |
| WL Ross & Co., LLC | Stephen Toy | 1166 Avenue of the Americas | | New York | NY | 10036-2708 | | 212-826-1100 | 212-317-4893 | Counsel to WL. Ross & Co., LLC |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 3

4/14/2010 9:16 PM
US Mail (50)

# EXHIBIT D

**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
      Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                                               :
       In re                                           :      Chapter 11
                                                               :
DPH HOLDINGS CORP., et al.,                                    :      Case Number 05-44481 (RDD)
                                                               :
                                                               :      (Jointly Administered)
                                                               :
           Reorganized Debtors.                 :
                                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOF OF CLAIM NUMBER 11375 FILED
BY JEFFREY A. MILLER, ADMINISTRATIVE EXPENSE CLAIM NUMBER 16925 FILED
BY STANLEY D. SMITH, ADMINISTRATIVE EXPENSE CLAIM NUMBERS 17081 AND
18049 FILED BY JAMES A. LUECKE, ADMINISTRATIVE EXPENSE CLAIM NUMBER
18087 FILED BY FRANK X. BUDELEWSKI, ADMINISTRATIVE EXPENSE CLAIM
NUMBER 18604 FILED BY WALTER A. KUNKA, ADMINISTRATIVE EXPENSE
CLAIM NUMBER 20017 FILED BY ANDREW C. GREGOS, AND ADMINISTRATIVE
EXPENSE CLAIM NUMBER 20054 FILED BY ROBYN R. BUDD

("SUPPLEMENTAL REPLY REGARDING CERTAIN PENSION AND BENEFIT CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof of Claim Number 11375 Filed By Jeffrey A. Miller, Administrative Expense Claim Number 16925 Filed By Stanley D. Smith, Administrative Expense Claim Numbers 17081 And 18049 Filed By James A. Luecke, Administrative Expense Claim Number 18087 Filed By Frank X. Budelewski, Administrative Expense Claim Number 18604 Filed By Walter A. Kunka, Administrative Expense Claim Number 20017 Filed By Andrew C. Gregos, And Administrative Expense Claim Number 20054 Filed By Robyn R. Budd (the "Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268,

13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) (the "Sufficiency Hearing Notice").[1]

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6(a).

5.    By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[2] at 10:00 a.m. (prevailing Eastern time) in this Court to address the

---

[1]    Under the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Proof of Claim Number 11375 Filed By Jeffrey A. Miller, entered April 5, 2010 (Docket No. 19779), the Sufficiency Hearing with respect to Jeffrey A. Miller's proof of claim number 11375 was adjourned to April 22, 2010.

[2]    Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

3

legal sufficiency of each proof of claim or administrative expense claim filed by the claimants

listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim

states a colorable claim against the asserted Debtor.

6.    This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the

Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection

Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

Supplemental Reply, the Claimant shall file and serve its response no later than two business

days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

B.    Relief Requested

7.    By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging certain administrative expense claims filed by employees of the

Debtors asserting pension, employment benefit, and other post-employment benefit ("OPEB")

claims.

C.    Pension And Benefit Claims

8.    During their review of the proofs of claim and administrative expense

claims filed in these cases, the Reorganized Debtors determined that certain claims assert

liabilities or dollar amounts in connection with pension plans, employee benefit programs, and/or

OPEB that are not owing pursuant to the Reorganized Debtors' books and records.  Because the

amounts asserted by these claimants are not owing by the Debtors, the Reorganized Debtors

believe that the parties asserting these proofs of claim and administrative expense claims are not

creditors of the Debtors.  Accordingly, this Court should enter an order disallowing and

expunging each of these proofs of claim in their entirety.

D.      Pension And Benefit Claims Filed Against The Debtors

9.      On July 27, 2006, Jeffrey A. Miller, a former employee of the Debtors,

filed proof of claim number 11375 against Delphi Corporation ("Delphi"), asserting an

unsecured claim for stock options and a priority claim for a $37,000 award under the Delphi Key

Executive Compensation Program ("KECP"). On April 5, 2010, this Court entered an order

disallowing the claim to the extent that it asserted an equity interest (Docket No. 19779).

10.      On June 29, 2009, Stanley D. Smith, a former salaried employee of the

Debtors, filed administrative expense claim number 16925 against Delphi Corporation

("Delphi"), asserting a priority claim in the amount $4,278.00 for retiree health benefits allegedly

owed by Delphi and General Motors Corporation.

11.      On June 30, 2009, James A. Luecke, a former employee of the Debtors,

filed administrative expense claim number 17081, asserting a priority claim in the amount of

$159,000.00 for wages, overtime pay, and a buyout payment allegedly owed by Delphi for its

failure to grant Mr. Luecke a job transfer.

12.      On June 29, 2009, James A. Luecke filed administrative expense claim

number 18049 against Delphi, appearing to be a duplicate of administrative expense claim

number 17081, asserting a priority claim in the amount of $159,000.00 for wages, overtime pay,

and a buyout payment allegedly owed by Delphi for its failure to grant Mr. Luecke a job transfer.

13.      On July 9, 2009, Frank X. Budelewski, a former employee of the Debtors,

filed administrative expense claim number 18087 against Delphi, asserting a priority claim for

$796.33 per month since April 1, 2009, for disability benefits allegedly owed by Delphi.

14.      On July 14, 2009, Walter A. Kunka, a former salaried employee of the

Debtors, filed administrative expense claim number 18604 against Delphi in the amount of

5

$5,380.77, asserting a priority claim for payment for unused vacation days allegedly owed by Delphi.

15.    On November 5, 2009, Andrew C. Gregos, a former employee of the Debtors, filed administrative expense claim number 20017 against Delphi, asserting a priority claim in the amount of $528,443.24 for disability benefits allegedly owed by Delphi.

16.    On October 30, 2009, Robyn R. Budd (together with Mr. Miller, Mr. Smith, Mr. Lueke, Mr. Budelewski, Mr. Kunka, and Mr. Gregos the "Claimants") filed administrative expense claim number 20054 (together with administrative expense claim numbers 16925, 17081, 18049 18087, 18604, and 20017, and proof of claim number 11375, the "Pension and Benefit Claims") against Delphi, asserting a priority claim for severance benefits allegedly owed by Delphi.

17.    The Debtors' Objections To The Pension And Benefit Claims.  On October 15, 2009, the Reorganized Debtors filed the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (Docket No. 18983) ("Thirty-Sixth Omnibus Claims Objection"), by which the Debtors objected to proof of claim number 11375 filed by Mr. Miller on the grounds that such claim asserts liabilities in connection with pension plans, employee benefit programs, and post-retirement health and life insurance benefit programs for which the Reorganized Debtors are not liable

18.    On October 15, 2009, the Reorganized Debtors filed the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And

Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And

OPEB Claims, And (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Omnibus

Claims Objection"), by which the Debtors objected to administrative expense claim numbers

16925, 17081, 18087, 18604 filed by Mr. Smith, Mr. Luecke, Mr. Budelewski, and Mr. Kunka,

respectively, on the grounds that such claims assert pension and/or benefit obligations not

reflected on the Debtors' books and records and for which the Debtors are not liable and,

accordingly, sought an order disallowing and expunging those administrative expense claims.

   19. On January 22, 2010, the Reorganized Debtors filed the Reorganized

Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P.

3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And

Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F)

Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers'

Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And

Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain

Administrative Expense Severance Claims (Docket No. 19356) ("Forty-Third Omnibus Claims

Objection"), by which the Debtors objected to administrative expense claim numbers 20017 and

20054 filed by Mr. Gregos and Ms. Budd, respectively, on the grounds that the administrative

expense claims asserted liabilities for severance payments that have already been satisfied in full.

   20. On February 12, 2010, the Reorganized Debtors filed the Reorganized

Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P.

3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And

Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred

Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense

Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket
No. 19423) ("Forty-Fifth Omnibus Claims Objection"), by which the Debtors objected to
administrative expense claim number 18049 filed by Mr. Luecke on the grounds that such
administrative expense claim asserts a claim for liabilities in connection with the Debtors'
pension plans, employee benefit programs, and post-retirement health and life insurance benefit
programs for which the Debtors are not liable.

21.    <u>Responses To The Reorganized Debtors' Objections</u>.  On October 26,
2009,  Mr. Smith filed a response to the Thirty-Seventh Omnibus Claims Objection (Docket No.
19006), in which he requests that this Court reconsider its decision with respect to the health and
life insurance benefits of salaried retirees.

22.    On October 26, 2009,  Mr. Luecke filed a response to the Thirty-Seventh
Omnibus Claims Objection (Docket No. 19007), in which he asserts that his claim does not
relate to pension, employee benefit, or other post-employment benefits, but that it relates to
overtime, wages, and severance payments.

23.    On October 29, 2009, Mr. Budelewski filed a response to the Thirty-
Seventh Omnibus Claims Objection (Docket No. 19026), in which he requests that this Court
reconsider its decision with respect to the pensions of salaried retirees.

24.    On November 10, 2009, Mr. Kunka served an undocketed response to the
Thirty-Seventh Omnibus Claims Objection, in which he asserts that his uncompensated vacation
time warrants administrative priority. A copy of Mr. Kunka's response is attached hereto as
<u>Exhibit A</u>.

25.    On November 12, 2009, Mr. Miller served an undocketed response to the
Thirty-Sixth Omnibus Claims Objection, in which he asserts that he has a right to his KECP

award and his stock options because verbal and written commitments were made in other legal proceedings. A copy of Mr. Miller's response is attached hereto as <u>Exhibit B</u>.

26.    On February 17, 2010,  Ms. Budd filed a response to the Forty-Third Omnibus Claims Objection (Docket No. 19514), in which she objected to her claim being disallowed, although the Reorganized Debtors actually sought to allow her claim pursuant to the Forty-Third Omnibus Objection.

27.    On February 18, 2010,  Mr. Gregos filed a response to the Forty-Third Omnibus Claims Objection (Docket No. 19523), in which he asserts that his claim is not a severance claim, but that the claim is for loss of extended disability benefits and medical retirement.

28.    On March 15, 2010, Mr. Luecke filed a response to the Forty-Fifth Omnibus Claims Objection (Docket No. 19707), in which he asserts that his claim does not relate to pension, employee benefits, or other post-employment benefits, but instead relates to the Debtors' failure to grant him a job transfer.

29.    <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Pension and Benefit Claims was adjourned to a future date.  On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Pension and Benefit Claims, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.

E.    <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

30.    The Reorganized Debtors respectfully submit that the Pension and Benefit Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly,

9

the Debtors' objections to each Pension and Benefit Claim should be sustained and each such claim should be disallowed and expunged in its entirety.

31.    The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

32.    For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it

plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

33.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

F.    Argument Regarding The Pension And Benefit Claims

34.    In their administrative expense claims and responses to the Debtors' objection to those claims, the Claimants have not proved any set of facts that support a right to payment from the Reorganized Debtors or address the Debtors' arguments as set forth in the Thirty-Sixth Omnibus Claims Objection, the Thirty-Seventh Omnibus Claims Objection, the Forty-Third Omnibus Claims Objection, and the Forty-Fifth Omnibus Claims Objection supporting the Debtors' request for this Court to enter an order disallowing and expunging the Pension and Benefit Claims.

35.    The Pension and Benefit Claims should be disallowed and expunged to the extent they assert liabilities or dollar amounts on account of salaried OPEB. As this Court has previously determined, the Debtors' Salaried OPEB was not vested and was provided on an at will basis. See Final Order Under 11 U.S.C. §§ 105, 363(b)(1), 1108, And 1114(d)(I) Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care

11

Benefits And Employer-Paid Post-Retirement Life Insurance Benefits For Certain (a) Salaried

Employees And (b) Retirees And Their Surviving Spouses And (II) Amending Scope And

Establishing Deadline For Completion Of Retirees' Committee's Responsibilities, dated March

11, 2009 (Docket No. 16448).

   36. The cancellation of a benefit provided on an at will basis does not give rise

to a "claim" as defined in section 101(5) of the Bankruptcy Code because the retiree has no

"right to payment." See, e.g., In re Wellman, Inc., No. 08-10595, 2009 WL 465776, slip op. at

*3 (Bankr. S.D.N.Y. Jan. 23, 2009) (sustaining debtors' objection to disallow portion of claims

for modified severance benefits that exceeded amounts owed under amended severance plan,

reasoning that because old severance plan was terminable at will, claims under old severance

plan were not enforceable); In re Ionosphere Clubs, Inc., 134 B.R. 515, 519 n. 4 (Bankr. S.D.N.Y.

1991) (noting that terminating plans which are terminable at will gave rise to no claims

whatsoever).

G. Arguments Regarding Specific Claims

   37. Jeffery Miller (Proof of Claim Number 11375). The assertions of Mr.

Miller that he is entitled to receive a "KECIP", otherwise known as the Delphi Corporation

Annual Incentive Plan, payment of $37,000 is without merit.  In support of his claim, Mr. Miller

states that he "worked the 6 month period and it was never stated that an employee had to work

until August 15th.  I worked until July 21, 2006."  Contrary to his assertions, under section 5(b)

of the Delphi Corporation Annual Incentive Plan (attached hereto as Exhibit C), Mr. Miller was

required to "continue to render services as an employee" to receive any award.  Furthermore,

under section 6(a) of the Delphi Corporation Annual Incentive Plan, "[i]f an employee . . .quits at

any time . . . the award will terminate on the date of termination of employment."  Mr. Miller

admits that he only worked until July 22, 2006 well before end of the annual calendar year

12

performance period under the Annual Incentive Plan.  See Exhibit C, section 4(b).  Accordingly, Mr. Miller is not entitled to an award and Mr. Miller's claim should be disallowed.

38.    Stanley D. Smith (Administrative Expense Claim No. 16925), Frank X. Budelewski (Administrative Expense Claim No. 18087), And Andrew C. Gregos (Administrative Expense Claim No. 20017).  The assertions of Mr. Smith, Mr. Budelewski, and Mr. Gregos that they are entitled to continue receiving pension, benefit, and OPEB payments are without merit.  As stated above, those pension and benefit plans were terminated with respect to all employees.

39.    James A. Luecke (Administrative Expense Claim Number 17081 and 18049).  The assertion of Mr. Luecke that he is entitled to receive payment for lost wages, overtime, and severance is without merit.  Mr. Luecke bases his argument on an alleged promise of a job transfer.  Because of Mr. Luecke's failure to provide sufficient documentation to permit an understanding of the basis for his claims, such claims do not make out a prima facie case against the Debtors.

40.    Walter A. Kunka (Administrative Expense Claim Number 18604).  In his claim, Mr. Kunka asserts that he was unfairly discriminated against for not receiving a lump sum payment for unused vacation days calculated on an annual basis for 2009.  In making this argument, Mr. Kunka erroneously relies on the Delphi Separation Allowance Plan that was in effect for 2008.[3]  The 2008 plan, however, was replaced by a new plan in 2009.  By the letter dated February 5, 2009 and effective January 1, 2009, separation pay for unused vacation days was to be calculated on a month-to-month basis, and not on an annual basis previously used in

---

[3]    Under the 2008 Delphi Separation Allowance Plan, retirement-eligible employees were to receive 100% of their annual vacation entitlement, if such employee retired on or after March 1, 2009.

the 2008 plan.  Under the 2009 Delphi Separation Allowance Plan, employees who retired or

separated from service were eligible to receive a separation payment only for prorated unused

vacation days prior to their last day of work.  Because the Debtors reserved the right to modify or

amend their benefit plans "at any time" (see Exhibits 2 and 3 to Mr. Kunka's proof of claim), the

Debtors were free to change the calculation of separation pay for unused vacation in February

2009.  Contrary to Mr. Kunka's assertions, under the clear terms of the 2008 and 2009 plans, he

did not suffer legally cognizable "discrimination" just because certain employees who retired

before the modification received more in separation pay.[4]

41.    Accordingly, Mr. Kunka, has failed to make out a prima facie case against

the Debtors for additional amounts owed and Mr. Kunka's claim should be disallowed.

42.    <u>Robyn R. Budd (Administrative Expense Claim No. 20054)</u>.  The assertion

of Ms. Budd that her severance claim not be disallowed no longer applies.  Ms. Budd originally

responded to the Forty-Third Omnibus Claims Objection despite language that would allow her

severance claim.  Ms. Budd has confirmed in an e-mail to the Reorganized Debtors, dated April

12, 2010, that she has received all of her severance payments and no longer has any claims

against the Debtors.  A copy of this e-mail is attached hereto as <u>Exhibit D</u>.  Therefore, the

Reorganized Debtors seek to disallow and expunge administrative expense claim number 20054

in its entirety.

43.    Accordingly, the Reorganized Debtors assert that (a) the Claimants have

not met their burden of proof to establish a claim against or interest in the Debtors, (b) the

Pension and Benefit Claims are not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to

Bankruptcy Rule 3001(f), and (c) the Pension and Benefit Claims fail to state a claim against the

---

[4]    Mr. Kunka does not contest the amount he was actually paid comported with the 2009 plan.

14

Reorganized Debtors under Bankruptcy Rule 7012. Because the Claimants cannot provide facts or law supporting their claims, the Thirty-Sixth Omnibus Claims Objection should be sustained as to proof of claim number 11375, the Thirty-Seventh Omnibus Claims Objection should be sustained as to administrative expense claim numbers 16925, 17081, 18087, and 18604, the Forty-Third Omnibus Claims Objection should be sustained as to administrative expense claim numbers 20017 and 20054, the Forty-Fifth Omnibus Claims Objection should be sustained as to administrative expense claim number 18049, and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections with respect to the Pension and Benefit Claims, (b) disallowing and expunging each Pension and Benefit Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          April 13, 2010

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
      155 North Wacker Drive
      Chicago, Illinois 60606

          - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
      Four Times Square
      New York, New York 10036

      Attorneys for DPH Holdings Corp., et al.,
          Reorganized Debtors

15

**EXHIBIT A**

HONORABLE ROBERT D. DRAIN
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
Room 632
New York, New York 10004

-and-

DPH HOLDINGS CORPORATION
5725 Delphi drive
Troy, Michigan  48098
(Attn: President)

-and-

SKADDEN, ARPS, SLATE, MEAGER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois  60606
(Attn: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X
                                    :
          In re                     :          Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :          Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :          (Jointly Administered)
                                    :
----------------------------------------------------X

NOTICE OF OBJECTION TO EXPUNGEMENT OF ADMINISTRATIVE CLAIM
NUMBER 18604 BY THE
"THIRTY-SEVENTY OMNIBUS CLAIMS OBJECTION"

I, Walter A. Kunka, hereby object and contest the expungement of Administrative Claim
#18604 which I originated.  The claim is for 16.67 days of uncompensated vacation.  The
total amount of the claim is 16.67 days x $322.77/day = $5,380.77 as detailed in the
original claim filed on July 14, 2009.

The legal reason on which I content this claim should not be disallowed and expunged is based on the fact that it appears individuals under similar circumstances were treated with preference as outlined below;

- Delphi letter dated February 5, 2009 stated that effective January 1, 2009, all vacations will vest on a month to month basis. The letter goes on to state that employees who either retire or separate from service will be eligible only for prorated vacation day compensation. (Exhibit #1)
- Employees who retired or separated from service January 1st through February 28th, 2009 received compensation for their entire vacation allotment. There was no vesting and no prorating of vacation compensation.
- Employees who retired or separated from service on or after March 1, 2009 received only vested vacation compensation that was prorated.

Therefore based upon the above facts that allude to treatment with preference I, Walter A. Kunka, respectfully request that the Court enter an order negating the expungement of my claim and grant the relief requested herein for the total original amount of the claim.

Walter A. Kunka
220 Old Oak drive
Cortland, Ohio  44410-1122
United States of America

Dated: Cortland, Ohio
       November 5, 2009

Exhibit 1 (with original claim)

# DELPHI

February 5, 2009

**To Delphi U.S. Salaried Employees:**

As referenced in the letter distributed today to Delphi's global salaried workforce, Delphi, like others in the automotive sector, continues to face serious challenges created by a weakened global economy and its effect on the automotive industry. U.S. light vehicle sales for 2009 are down roughly 22% from an already slower 2008, and down nearly 40% from volumes experienced at the beginning of this decade. At current forecasts, 2009 U.S. light vehicle sales will reach their lowest level since 1982.

Delphi must respond to these market and economic realities by taking a series of difficult but necessary actions, applicable to U.S. salaried employees.

- The U.S. 2009 merit plan and annual incentive payments (AIP) for eligible executives and U.S. non-executive salaried employees will be suspended in 2009. Suspending these programs in the U.S. and other locations will assist in generating cash flow in 2009.

- Additionally, effective April 1, 2009, Delphi will cease to provide health care and life insurance in retirement to salaried employees and retirees.

  In these extraordinary economic times, it is necessary for Delphi to discontinue these benefits in order to work towards further modifications to its plan of reorganization that will enable the company to emerge from chapter 11 reorganization as soon as practicable. Delphi acknowledges these actions will impose a real hardship on former beneficiaries of these programs. However, the company's recognition of this hardship, which allowed Delphi to continue these benefits in a more robust economic environment, regretfully does not support continuing these programs in the current economic environment.

  On February 4, 2009, Delphi filed a motion with the U.S. Bankruptcy court regarding the aforementioned benefits in retirement. The benefits are generally referred to as Other Post Employment Benefits (OPEB). You will receive a copy of the motion in the mail at your home address. A copy of the motion can also be found on www.delphidocket.com. Any responses to the motion will need to be filed with the Bankruptcy Court no later than February 17, 2009.

  The change does not impact active employees hired prior to January 1, 1993 until they retire. Active employees who were hired after January 1, 1993 but prior to January 1, 2001 will no longer receive the 1% Corporate contribution made into their 401(k) account in lieu of health and life coverage in retirement. Employees hired on or after January 1, 2001 are not affected by this change because they did not have any health or life coverage in retirement based upon their date of hire. Effective April 1, 2009, current and future retirees will have access to Delphi coverages but will be required to pay the full cost of coverages continued. Impacted retirees will be notified of these changes in a separate communication and will be provided the information about continuing their coverages at their own expense. Questions about this change and/or the ability to purchase alternative coverage may be directed to the National Benefits Center at 1-866-335-7444.

World Headquarters and Customer Center   5725 Delphi Drive   Troy, MI  48098-2815   USA

Exhibit # 1

Page 2

- In December 2008, Delphi advised U.S. salaried employees that the Separation Allowance Plan severance schedule would be changed to cap at 6 months based upon length of service. The March 1, 2009 implementation date accommodated previously approved commitments to employees (e.g. specific wind down situations). Additionally, the date was based upon our projected customer volumes and workforce reduction plans at that time. However, rapidly deteriorating business conditions make it necessary to apply the new schedule to all classified salaried employees who were provided release of claims agreements after January 5, 2009.

- Effective January 1, 2009, all vacations will vest on a month-to-month basis. Employees who retire or separate from service will be eligible only for prorated vacation days prior to their last day of work based upon their date of separation in the calendar year. This change will be reflected in all Separation Allowance Plan documents presented to employees beginning today.    ← Exhibit #

- Service Awards will be suspended until further notice. At the point in time Delphi is able to reinstate this program, missed anniversary dates during the suspended period will be recognized.

- Cash payments ($50) to be made in May 2009 to employees who completed Health Risk Assessment Questionnaires will be suspended until further notice. This suspension includes employees who have already completed forms.

Delphi is among many companies throughout the world examining all policies, compensation and benefits in response to a weakened global economy. This week, Delphi employees in all regions of the world are being advised of similar changes affecting their site, country or region.

In this dynamic environment, it is possible that additional cost cutting measures will be necessary in response to changing business conditions; in that event, we will do our best to notify you as early as we can if and when further measures are needed. Except as otherwise directed, should you have questions about this letter or the information provided, please contact your local HR department.

We regret that these changes are necessary, but please understand the changes are only implemented after careful consideration of many factors, including the impact on Delphi people. We believe these changes are necessary to exit bankruptcy and maintain a viable global business.

Sincerely,

John D. Sheehan
Vice President and CFO
Delphi

Kevin M. Butler
Vice President Human Resources
Delphi

World Headquarters and Customer Center    5725 Delphi Drive    Troy, MI  48098-2815   USA

# EXHIBIT B

The Claim identified as having a Basis for Objection of "Modified And Allowed Claim" is a claim that overstates the dollar amount owed.

Claims identified as having a Basis for Objection of "Duplicate SERP Claims" are duplicates of other claims.

Claims identified as having a Basis for Objection of "Books And Records Claims" assert liabilities and dollar amounts that are not owing pursuant the Reorganized Debtors' books and records.

Claims identified as having a Basis for Objection of "Untimely Claims" are Claims that were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206).

Claims identified as having a Basis for Objection of "Pension, Benefit, And OPEB Claims" are those Claims for which the Reorganized Debtors are not liable.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
| 07/27/06 | 11375 | $74,000.00 | Pension, Benefit, And OPEB Claims | Disallow And Expunge | |

If you wish to view the complete exhibits to the Thirty-Sixth Omnibus Claims Objection, you can do so at www.dphholdingsdocket.com. If you have any questions about this notice or the Thirty-Sixth Omnibus Claims Objection to your Claim, please contact the Reorganized Debtors' counsel by e-mail at dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing at Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-249-2691 or www.dphholdingsdocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

THE PROCEDURES SET FORTH IN THE ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m), 3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS, ENTERED DECEMBER 7, 2006 (THE "CLAIMS OBJECTION PROCEDURES ORDER"), APPLY TO YOUR PROOFS OF CLAIM THAT ARE SUBJECT TO THE REORGANIZED DEBTORS' OBJECTION AS SET FORTH ABOVE. A

---

1        Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

RECEIVED
■ BY MAIL    ☐ BY HAND

NOV 1 2 2009

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM

To: Honorable Robert Drain, United States Bankruptcy Judge

Claimant: Jeffrey Allen Miller

Claim Description:
1. Loss of stock grants 8,915 with a stock price of $5 at time of filing
2. Jan-June 2006 KECP bonus of $37,000 not paid
3. Stock options 17,546 never exercised

Reason claim should not be disallowed:

I was asked to go to Delphi's worst performing plant (Dayton, Ohio Moraine) in 2004 that was losing ($180M) a year.  In one year that I provided operational leadership the losses in the plant were cut in half.  The incentive and long term compensation that were promised were never paid.
However, believing that my employer would make good on its financial promises to me, I was severely disadvantaged during divorce proceedings in the same time period.
As part of the divorce the stock grants and stock options were used in the settlement, causing me to have full obligation for college tuition for the three children.

Additionally, I was an executive with the AHG (Automotive Holdings Group) which was tasked to sell or close all North American operations.  As an executive member I was told:
- Bonuses would be paid during chapter 11 process for retention
- A letter signed by Sr. VP Mark Webber stating that I had a job in the new Delphi

Therefore, I believe verbal and written commitments were made and used in other legal proceedings.  Thus, I am entitled to stock in the new company equal to the value of what was not paid to me.  A cash settlement is equally acceptable in the amount of $81,575.00.

I ask that you please give this serious consideration.

Jeffrey A. Miller

11/08/09

| Name of Creditor (The person or other entity to whom the debtor owes money or property): | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Jeffrey A. Miller | ☐ Check box if you have never received any notices from the bankruptcy court in this case. |
| Name and address where notices should be sent: | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Jeffrey A. Miller
19145 Mill Grove Dr
Noblesville, IN 46062 | |
| Telephone number: | THIS SPACE IS FOR COURT USE ONLY |

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces a previously filed claim, dated:_____ if this claim ☐ amends |
|---|---|

**1. Basis for Claim**

☐ Goods Sold / Services Performed
☐ Customer Claim
☐ Taxes
☐ Money Loaned
☐ Personal Injury
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☑ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: 0241
Unpaid compensation for services performed
from 1/12/1998 to 7/21/2006
(date)         (date)

**2. Date debt was incurred:** January 12, 1998 Through July 21, 2006

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ STOCK _____ $37,000 $37,000 + STOCK
(unsecured)     (secured)     (priority)     (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ New Stock 28,061 Shares ISSUANCE OF

☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 37,000
Specify the priority of the claim:
☑ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 7-21-06 | Jeffrey A. Miller |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Jeff:

Per our conversation, here are your current RSU balances – please note that dividedns will continue to accrue on the balance

The 2003 grant:
Current balance is 1,561
Will vest equally in 2006 and 2008

The 2004 grant:
Current balance is 3,722
Will vest equally in 2007, 2008, 2009

The 2005 grant:
Current balance is 3,632
Will vest equally in 2008, 2009, 2010

If you need anything else, please feel free to call

Regards,
Michelle

Michelle Swastek
Manager, Executive Compensation
Ph: 248-813-6065
Fax: 248-813-2523
e-mail: michelle.swastek@delphi.com

TOTAL 8,915 RSU's

STOCK PRICE @ Time of filing #5

$44,575

Delphi Document MAY 02, 2003 RSU Stock price assumed at $10.00/share

$89,150.

8,182    8,915

1

**Band:**
**Currency:**  **US$**

| CASH COMPENSATION | |
|---|---|
| **Base Compensation** | |
| **Current Salary:** | $143,808 |
| **January - June 2006 Incentive Plan Award** | |
| **Corporate Target:** | $9,250 |
| **Division Target:** | $9,250 |
| **Total 6-month AIP Target:** | $18,500 |

*Targets are shown at current band level; year-end targets are adjusted for promotions and transfers*

Incentive award targets represent the average award (consistent with competitive market practice by pay band) that an executive who substantially achieves individual performance objectives could expect to earn if the performance measurements were at 100% of targeted levels. Actual payouts vary based on actual results.

By participating in the Key Executive Compensation Program (KECP), the executive waives any and all of the executive claims arising from the 2005 Recognition and Retention Grant program.

This award is subject to the KECP Safe Harbor provision approved by the Court on February 10, 2006.  The full provision is attached.

Acknowledged and agreed:

Date: _3 - 9 - 06_

AHG - Division 200% 18,500
corp              200% 18,500
                            _____
                            37,000

Corporate EBITDAR Matrix

Target EBITDAR:   Maximum EBITDAR:
($81 M)              $340 M

AHG OIBITDAR Matrix

Target OIBITDAR:   Maximum OIBITDAR:
($583.9 M)            ($555.6 M)

# Stock Option

## View Your Options Account                                    JEFFREY MILLER

| Grant Listing | Transaction History | Order Summary | Tax Summary | Account Information | Your Portfolio |

View Options: [ Option Summary ▼ ] [ Go! ]     Sort By: [ Grant Date ▼ ] [ Go! ]

| Grant Date (mm/dd/yyyy) | Grant Type | Shares Granted | Grant Price | Shares Outstanding | Shares Exercisable | Expiration Date (mm/dd/yyyy) | |
|---|---|---|---|---|---|---|---|
| 01/12/1998 | NQ | 416 | $13.4500 | 416 | 416 | 01/14/2008 | Details |
| 01/11/1999 | NQ | 416 | $20.6400 | 416 | 416 | 01/13/2009 | Details |
| 02/05/1999 | NQ | 100 | $18.6600 | 100 | 100 | 02/06/2009 | Details |
| 01/07/2000 | NQ | 1,030 | $17.1300 | 1,030 | 1,030 | 01/08/2010 | Details |
| 01/02/2001 | NQ | 1,031 | $11.8800 | 1,031 | 1,031 | 01/03/2011 | Details |
| 01/02/2001 | ISO | 3,294 | $11.8800 | 3,294 | 3,294 | 01/01/2011 | Details |
| 01/02/2002 | ISO | 8,059 | $13.6000 | 8,059 | 8,059 | 01/01/2012 | Details |
| 04/24/2003 | ISO | 4,800 | $8.4300 | 4,800 | 3,200 | 04/23/2013 | Details |
| **Total** | | 19,146 | | 19,146 | 17,546 | | |

---

View Your Account Documents

Click here to view your account documents online. Please note that documents are only available online if your company has elected to use this feature. Therefore, if you participate in multiple companies' plans, you will only have access to the documents of the companies that have elected this feature.

---

The expiration date noted above is the date your Company has provided SB as the last day in which you may exercise your stock options. In order to exercise your stock options prior to expiration, SB must enter your order prior to the close of the U.S. market ("Market") on which your Company's stock trades (The NASDAQ, NYSE and AMEX hours are currently 9:30 am to 4:00 pm ET). Therefore, please leave enough time for (i) you to contact SB, (ii) you to provide SB with appropriate instructions and (iii) SB to process the trade. If your expiration date falls on a day the Market is closed, you must exercise before the expiration day and on a day in which the Market is open.

Please note: Your order (whether a market order or limit order) will be filled in accordance with the priority rules of the appropriate market. Therefore, there is no guarantee that your order will be filled. Please reference the specifics of market and limit orders to determine which is appropriate for you.

**Option Summary View**

The grant listing option summary is a concise report that displays the date, type, grant price and number of stock options that have been granted to you as well as the portion of your stock options that are exercisable and outstanding. This quantity of shares outstanding may include unvested shares plus vested shares that have not been exercised as well as the date these shares expire if they are not exercised. The quantity of shares exercisable displays the number of vested stock options currently available to be exercised. These values will increase every time a grant becomes vested or an open order is cancelled. The values are decreased when an order is placed and option is exercised. You have the ability to customize the

**EXHIBIT C**

# DELPHI CORPORATION ANNUAL INCENTIVE PLAN

## 1.  PURPOSE OF THE PLAN

The purposes of the Delphi Corporation Annual Incentive Plan ("the Plan") are to reward performance and provide future incentives to employees who contribute to the success of the business.

## 2.  EFFECTIVE DATE AND DURATION OF THE PLAN

This Plan becomes effective on the earlier of the first business day following receipt of shareholder approval and June 1, 2004. Awards may be made under this Plan until May 31, 2009.

## 3.  PLAN ADMINISTRATION AND ELIGIBILITY

(a)  The Compensation and Executive Development Committee of the Delphi Corporation Board of Directors (the "Committee"), as from time to time constituted pursuant to the By-Laws of Delphi Corporation ("Delphi," or the "Corporation"), may, prior to June 1, 2009, authorize annual target award grants to employees. The Committee, in its sole discretion, determines the performance levels at which different percentages of such awards will be earned, the collective amount for all awards to be granted at any one time, and the individual annual grants with respect to employees who are members of the Delphi Strategy Board (the "Strategy Board") and any officer of the Corporation who is not on the Strategy Board but is subject to the requirements of Section 16 of the Securities Exchange Act of 1934, as amended (a "Section 16 Officer"). The Committee may delegate to the Strategy Board responsibility for determining, within the limits established by the Committee, individual award grants for employees who are not Strategy Board members and who are not Section 16 Officers. All such awards will be denominated and paid in cash (U.S. dollars or local currency equivalent).

(b)  Full power and authority to construe and interpret the Plan are vested in the Committee. The Committee determines the selection of employees for participation in the plan and also decides any questions and settles any disputes or controversies that may arise. Any person who accepts any award hereunder agrees to accept as final, conclusive, and binding all determinations of the Committee and the Strategy Board. The Committee has the right, in the case of participants not employed in the United States, to vary from the provisions of the Plan in order to preserve its incentive features.

(c)  Only persons who are employees of the Corporation are eligible to receive an award under the Plan. Subject to such additional limitations or restrictions as the Committee may impose, the term "employees" means persons (i) who are employed by the Corporation, or any subsidiary (as defined below), including employees who are also directors of the Corporation or any such subsidiary, or (ii) who accept (or previously have accepted) employment, at the request of the Corporation, with any entity that is not a subsidiary but in which the Corporation has, directly or indirectly, a substantial ownership interest. For purposes of this Plan, the term "subsidiary" means (i) a corporation of which the Corporation owns, directly or indirectly, capital stock having ordinary voting power to elect a majority of the board of directors of such corporation, or (ii) any unincorporated entity of which the Corporation can exercise, directly or indirectly, comparable control. The Committee will determine when and to what extent individuals otherwise eligible for consideration become employees and when any individual will be deemed to have terminated employment for purposes of the Plan. To the extent determined by the Committee, the term employees will include former employees and any executor(s), administrator(s), or other legal representatives of an employee's estate.

## 4.  DETERMINATION OF ANNUAL INCENTIVE AWARD

(a)  Prior to the grant of any target award, the Committee will establish performance levels for each such award related to the enterprise (as defined below) at which 100% of the award will be earned and a range (which need not be the same for all awards) within which greater and lesser percentages will be earned. The term "enterprise" means the Corporation, or any unit or portion thereof, and any entities in which the

1

Corporation has, directly or indirectly, a substantial ownership interest. The establishment of performance levels by the Committee will occur no later than 90 days into the performance period. The "performance period" is a calendar year.

(b)    With respect to the performance levels to be established, the Committee will establish the specific measures for each grant at the time of such grant. In creating these measures, the Committee may establish the specific goals based upon or relating to one or more of the following business criteria: return on assets, return on net assets, asset turnover, return on equity, return on capital, market price appreciation of Delphi common stock, economic value added, total stockholder return, net income, pre-tax income, earnings per share, operating profit margin, net income margin, sales margin, cash flow, market share, inventory turnover, sales growth, capacity utilization, increase in customer base, environmental health and safety, diversity, and/or quality. The business criteria may be expressed in absolute terms or relative to the performance of other companies or to an index. When establishing performance goals for a performance period, the Committee may exclude any or all "extraordinary items" as determined under U.S. generally accepted accounting principles including, without limitation, the charges or costs associated with restructurings of the Corporation, discontinued operations, other unusual or non-recurring items, and the cumulative effects of accounting changes.

(c)    No target award will be granted to any director of the Corporation who is not an employee at the date of grant.

(d)    The Committee may adjust the performance levels and goals for any performance period as it deems equitable in recognition of unusual or non-recurring events affecting the Corporation, changes in applicable tax laws or accounting principles, or such other factors as the Committee may determine to preserve the incentive features of the this Plan (including, without limitation, any adjustments that would result in the Company paying non-deductible compensation to a Participant). If any event occurs during a performance period that requires changes to preserve the incentive features of the Plan, the Committee may make appropriate adjustments.

## 5.    DETERMINATION OF FINAL AWARD

(a)    Except as otherwise provided in the Plan, the percentage of each target award to be distributed to an employee will be determined by the Committee on the basis of the performance levels established for such award and the performance of the applicable enterprise or specified portion thereof, as the case may be, during the performance period. Following determination of the final payout percentage, the Committee may, upon the recommendation of the Chief Executive Officer, make adjustments to awards for Strategy Board members and to Section 16 Officers to reflect individual performance during such period, which for covered officers will involve only negative discretion. The term "covered officer" means any individual whose compensation in the year of the expected payment of an award will be subject to the provision of Section 162(m) of the Internal Revenue Code of 1986, as amended (the "Code"). Adjustments to awards to reflect individual performance for employees who are not Strategy Board members and who are not Section 16 Officers may be made by the Strategy Board. Any target award, as determined and adjusted, is herein referred to as a "final award." No award will be paid to a "covered officer" unless the Committee certifies the performance in writing. The total award paid to any employee for any year will not exceed $7.5 million.

(b)    Payment of any final award (or portion thereof) to an employee is subject to the satisfaction of the conditions precedent that such employee: (i) continue to render services as an employee (unless this condition is waived by the Committee), (ii) refrain from engaging in any activity which, in the opinion of the Committee, is competitive with any activity of the Corporation or any subsidiary (except that employment at the request of the Corporation with an entity in which the Corporation has, directly or indirectly, a substantial ownership interest, or other employment specifically approved by the Committee, may not be considered to be an activity which is competitive with any activity of the Corporation or any subsidiary) and from otherwise acting, either prior to or after termination of employment, in any manner inimical or in any way contrary to the best interests of the Corporation, and (iii) furnish to the Corporation such information with respect to the satisfaction of the foregoing conditions precedent as the Committee may reasonably request.

2

**6.  TREATMENT OF AWARDS UPON EMPLOYEE'S DEATH OR TERMINATION OF EMPLOYMENT**

(a)  If an employee is dismissed for cause or quits employment at any time, without the prior written consent of the Corporation, except as otherwise determined by the Committee, the award will terminate on the date of termination of employment.

(b)  If, upon death or a qualified termination of an employee's employment prior to the end of any performance period the Committee will determine whether to waive the condition precedent of continuing to render services as provided in paragraph 3(c) and the target award granted to such employee with respect to such performance period will be reduced pro rata based on the number of months remaining in the performance period after the month of death or termination. The final award for such employee will be determined by the Committee (i) on the basis of the performance levels established for such award (including the minimum performance level) and the performance level achieved through the end of the performance period and (ii) in the discretion of the Committee, on the basis of individual performance during the period prior to death or termination.

A qualified termination will include a retirement, permanent medical disability or any other termination, as approved by the Committee, albeit not described herein.

A qualifying leave of absence, determined in accordance with procedures established by the Committee, will not be deemed to be a termination of employment but, except as otherwise determined by the Committee, the employee's target award will be reduced pro rata based on the number of months during which such person was on such leave of absence during the performance period. A target award will not vest during a leave of absence granted an employee for government service.

**7.  CHANGE IN CONTROL**

Upon the effective date of any Change in Control of the Corporation all outstanding unvested awards granted under this Plan will vest and be paid on a pro rata basis based on the greater of target award or actual performance. A "Change in Control" will mean the occurrence of one or more of the following events unless a majority of the "Continuing Directors" has specifically approved such event in advance of its occurrence: (a) any "person" or "group" as those terms are used in the Securities Exchange Act of 1934, as amended, other than any employee benefit plan of the Corporation or Delphi or a trustee or other administrator or fiduciary holding securities under an employee benefit plan of the Corporation, is or becomes the current beneficial owner of Delphi voting securities representing 25% or more of the combined voting power of Delphi's then outstanding securities; (b) during any two-year period, individuals who at the beginning of such period constitute the Board and any new directors whose election to the Board or nomination for election by the Corporation's stockholders was approved by at least two-thirds of the directors still in office who either were directors at the beginning of the period or whose election was previously so approved (the "Continuing Directors"), cease for any reason to constitute a majority thereof; (c) Delphi merges or consolidates with any other corporation or other entity, other than a merger or consolidation (i) that would result in all or a portion of the voting securities of Delphi outstanding immediately prior thereto continuing to represent (either by remaining outstanding or by being converted into voting securities of the surviving entity) more than 50% of the combined voting securities of Delphi and such surviving entity outstanding immediately after such merger or consolidation or (ii) by which the corporate existence of Delphi is not affected and following which Delphi's chief executive officer would retain his or her position with Delphi and the Delphi directors would remain on the Board of the Corporation and constitute a majority thereof; (d) Delphi sells or otherwise disposes of all or substantially all of its assets; or (e) the stockholders of the Corporation approve a plan of complete liquidation of Delphi.

**8.  PLAN AMENDMENT, MODIFICATION, SUSPENSION OR TERMINATION**

The Committee may, in its sole discretion, at any time, amend, modify, suspend, or terminate this Plan provided that no such action (i) adversely affects the rights of an employee with respect to previous target awards or final awards under the Plan (except as otherwise permitted), and the Plan, as constituted prior to such action,

3

continues to apply with respect to target awards previously granted and final awards which have not been paid or (ii) without the approval of the stockholders, if such approval is required to preserve the exemption of awards granted under the plan from the limitations of deductibility of Section 162(m), (a) increases the limit on the maximum amount of final awards for covered officers, (b) renders any director of the Corporation who is not an employee at the date of grant or any member of the Committee or the Audit Committee of the Delphi Corporation Board of Directors, eligible to be granted a target award, or (c) permits any target award to be granted under this Plan after May 31, 2009.

## 9.  STATUTE OF LIMITATIONS AND CONFLICT OF LAWS

Every right of action by, or on behalf of, the Corporation or by any stockholder against any past, present, or future member of the Board of Directors, officer, or employee of the Corporation or its subsidiaries arising out of or in connection with this Plan will, irrespective of the place where action may be brought and irrespective of the place of residence of any such director, officer, or employee, cease and be barred by the expiration of three years from the date of the act or omission in respect of which such right of action arises. Any and all right of action by any employee (past, present, or future) against the Corporation arising out of or in connection with this Plan will, irrespective of the place where an action may be brought, cease and be barred by the expiration of three years from the date of the act or omission in respect of which such right of action arises. This Plan and all determinations made and actions taken pursuant hereto will be governed by the laws of the State of Delaware, without giving effect to principles of conflict of laws, and construed accordingly.

## 10.  MISCELLANEOUS

(a)  All final awards which have been awarded in accordance with the provisions of the Plan will be paid as soon as practicable following the end of the related performance period. If the Corporation has any unpaid claim against an employee arising out of or in connection with the employee's employment with the Corporation, such claim may be offset against awards under the Plan. Such claim may include, but is not limited to, unpaid taxes, the obligation to repay gains received under the Delphi Long Term Incentive Plan, or Corporate business credit card charges.

(b)  To the extent that any employee, former employee, or any other person acquires a right to receive payments or distributions under this Plan, such right will be no greater than the right of a general unsecured creditor of the Corporation. All payments and distributions will be paid from the general assets of the Corporation. Nothing contained in the Plan, and no action taken pursuant to its provisions, will create or be construed to create a trust of any kind or a fiduciary relationship between the Corporation and any employee, former employee, or any other person.

(c)  If an employee is promoted during the award period, a target award may be increased to reflect such employee's new responsibilities.

(d)  The expenses of administering this Plan will be borne by the Corporation.

(e)  Except as otherwise determined by the Committee, with the exception of transfer by will or the laws of descent and distribution, no target or final award is assignable or transferable and, during the lifetime of the employee, any payment of any final award will only be made to the employee.

(f)  In the event of death, the executor(s) or administrator(s) of the employee's estate, or such other person(s) as determined by a court of competent jurisdiction, may receive payment, in accordance with and subject to the provisions of this Plan, provided the executor(s), administrator(s), or other person supplies documentation satisfactory to the Corporation to so act. Upon making such determination, the Corporation is relieved of any further liability regarding any award to the deceased employee.

4

# EXHIBIT D

## Kennedy, Tom (CHI - Associate)

**From:** brucerobyn07@aol.com

**Sent:** Monday, April 12, 2010 5:30 AM

**To:** Kennedy, Tom (CHI - Associate)

**Subject:** Re: Claim 20054

WHen I filed the claim I still had months of severance coming to me.  I have received all my severence from Delphi.  THe claim was to collect that money.  I do not have any more claim as long as this is the premise of the stipulation.

Robyn Budd


-----Original Message-----
From: Kennedy, Tom J <ThomasJason.Kennedy@skadden.com>
To: 'brucerobyn07@aol.com' <brucerobyn07@aol.com>
Sent: Fri, Apr 9, 2010 6:16 pm
Subject: FW: Claim 20054

Ms. Budd,

I did not have time to put the stipulation together today. I will try to get it completed sometime early next week. However, since the deadline for us to adjourn the hearing regarding your claim 20054 is approaching, I was hoping to get email confirmation from you stating that you agree with my characterization of the situation below. A quick email stating that you agree will suffice.

Thanks,

**Thomas J. Kennedy**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0937 | F: 312.827.9320
thomasjason.kennedy@skadden.com

---

**From:** Kennedy, Tom (CHI - Associate)
**Sent:** Thursday, April 08, 2010 8:33 PM
**To:** 'brucerobyn07@aol.com'
**Subject:** Claim 20054

Ms. Budd,

Just to confirm what we discussed over the phone tonight, I understand that you have been paid in full for the severance pay in the amount of $23,962.50 asserted on claim number 20054 and that you have agreed to withdraw the claim. I will draft a stipulation tomorrow stating as much and will forward it to you for signature.

Thanks,

**Thomas J. Kennedy**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0937 | F: 312.827.9320
thomasjason.kennedy@skadden.com

---------------------------------------------------------------------  ****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly

indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
************************************************** **********************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*****************************************************
=============================================================================

4/13/2010

# EXHIBIT E

**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

　　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
　　Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
　　　　　　　　　　　　　　　　　　　　　　:
　　　　In re　　　　　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　:
DPH HOLDINGS CORP., et al.,　　　　　　　　:　　Case Number 05-44481 (RDD)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:　　(Jointly Administered)
　　　　　　　　Reorganized Debtors.　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO (A) PROOFS OF CLAIM
NUMBERS 15584, 15585, 15586, 15587, 15588, AND 15595 FILED BY HYUNDAI
MOTOR COMPANY AND (B) PROOFS OF CLAIM NUMBERS 15589, 15590, 15591,
15592, 15593, AND 15594 FILED BY HYUNDAI MOTOR AMERICA

("SUPPLEMENTAL REPLY REGARDING
CERTAIN CONTINGENT CUSTOMER WARRANTY CLAIMS")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Certain

Claimants To Debtors' Objections To (A) Proofs Of Claim Numbers 15584, 15585, 15586,

15587, 15588, And 15595 Filed by Hyundai Motor Company And (B) Proofs of Claim Numbers

15589, 15590, 15591, 15592, 15593, And 15594 Filed By Hyundai Motor America (the

"Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates

(the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

3.    On March 25, 2010, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 15584,

15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, And 15595 (Docket No. 19726) (the

"First Sufficiency Hearing Notice").

4.    On March 25, 2010, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268,

13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017,

2

And 20054 (Docket No. 19735) (the "Second Sufficiency Hearing Notice" and collectively with

the First Sufficiency Hearing Notice, the "Sufficiency Hearing Notice").

   5.  The Reorganized Debtors filed the Sufficiency Hearing Notice and are

filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting

to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art.

9.6(a).

   6.  By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)

(the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776),

the Reorganized Debtors scheduled a sufficiency hearing (the "Sufficiency Hearing") on April 23,

2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of

each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice

and whether each such proof of claim states a colorable claim against the asserted Debtor.

---

[1] Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

7.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

B.      Relief Requested

8.      By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed by Hyundai Motor Company ("HMC") or Hyundai Motor America ("HMA," and together with HMC, "Hyundai") asserting contingent claims for potential breaches of contracts with the Debtors.

C.      Contingent Breach Of Contract Claims

9.      During their review of the proofs of claim filed in these cases, the Debtors determined that certain proofs of claim numbers 15584, 15585, 15586, 15587, 15588, and 15595 that were filed by Hyundai Motor Company (the "HMC Claims") and proofs of claim numbers 15589, 15590, 15591, 15592, 15593, and 15594 filed by Hyundai Motor America (the "HMA Claims," and together with the HMC Claims, the "Contingent Breach of Contract Claims" or the "Claims") assert a breach of contract claim that is not owing pursuant to the Reorganized Debtors' books and records.  The Reorganized Debtors believe that Hyundai is not a creditor of the Debtors.  Accordingly, this Court should enter an order disallowing and expunging each such proof of claim in its entirety.

10.      The Contingent Breach of Contract Claims Asserted Against The Debtors.
On July 31, 2006, HMC filed proof of claim number 15584 against Delphi Automotive Systems Korea, Inc. ("DAS Korea"), a Debtor in these cases, in an unliquidated amount based on (a) an existing or future breach of an agreement between Hyundai and DAS Korea (the document is

written in Korean and is attached to proof of claim) and (b) certain indemnity, contribution,

common law, commercial, or other rights as related to (i) that action in the United States District

Court, Eastern District of Michigan, Southern Division titled Automotive Technologies

International, Plaintiff, V. BMW Of North America, Inc et. al, Defendants, Case No. 01-CV-

71700-DT (the "Michigan Action"), and the appeals arising from such action, and/or (ii) that

action in the United States District Court, District of Delaware, titled Automotive Technologies

International, Plaintiff, V. Hyundai Motor America, et. al, Defendants, Case No. 06-391 (the

"Delaware Action," and together with the Michigan Action, the "Actions").

      11.     On July 31, 2006, HMC filed proof of claim number 15585 against Delphi

Corporation  ("Delphi"), a Debtor in these cases, in an unliquidated amount based on existing or

future breach of certain agreements[2] and asserted that the contractual relationship may give rise

to certain indemnity, contribution, common law, commercial, or other rights as related to the

Actions.

      12.     On July 31, 2006, HMC filed proof of claim number 15586 against Delphi

Electronics (Holding) LLC ("Delphi Electronics"), a Debtor in these cases, in an unliquidated

amount based on (a) existing or future breach of a Basic Agreement Regarding Business

Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco

---

[2]    According to Hyundai's response to the Thirty-Eighth Omnibus Claims Objection, the certain agreements
include without limitation (i) Basic Agreement Regarding Business Transactions between Hyundai Motor
Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993, (ii)
that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi
Automotive Systems, LLC, dated as of December 7, 2004, (iii) Basic Agreement Regarding Business
Transactions between Hyundai Motor Company, Kia Motor Company and Delphi Diesel Systems France SAS,
dated as of October 20, 2003, (iv) Basic Agreement, Quality Assurance Agreement and Claim Compensation
Agreement each concluded on January 1, 2002 between Delphi and Hyundai Motor Company, and (v) that
certain Product Liability Agreement between Hyundai Motor Company and its affiliates and Delphi Automotive
Systems LLC and its affiliates dated October 15, 2007 (as supplemented from time to time, and along with any
other agreements between the parties, the "Agreements").

Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

13.    On July 31, 2006, HMC filed proof of claim number 15587 against Delphi Automotive Systems LLC ("DAS LLC"), a Debtor in these cases, in an unliquidated amount based on (a) existing or future breach of that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

14.    On July 31, 2006, HMC filed proof of claim number 15588 against Delco Electronics Overseas Corporation ("DEOC"), a Debtor in these cases, in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions Between Hyundai Motor Company and Delco Electronics LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

15.    On July 31, 2006, HMC filed proof of claim number 15595 against Delphi Diesel Systems Corp. ("Delphi Diesel") in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

16.    On July 31, 2006, HMA filed proof of claim number 15589 against Delphi in an unliquidated amount based on existing or future breach of the Agreements and asserted that the contractual relationship may give rise to certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

6

17.    On July 31, 2006, HMA filed proof of claim number 15590 against DAS Korea an unliquidated amount based on (a) an existing or future breach of an agreement between Hyundai and DAS Korea (the document is written in Korean and is attached to proof of claim) and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

18.    On July 31, 2006, HMA filed proof of claim number 15591 against Delphi Electronics in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

19.    On July 31, 2006, HMA filed proof of claim number 15592 against DAS LLC in an unliquidated amount based on (a) existing or future breach of that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

20.    On July 31, 2006, HMA filed proof of claim number 15593 against DEOC in an unliquidated amount based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

21.    On July 31, 2006, HMA filed proof of claim number 15594  against Delphi Diesel in an unliquidated amount based on (a) existing or future breach of a Basic

Agreement Regarding Business Transactions between Hyundai Motor Company, Kia Motor

Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003 and (b) certain

indemnity, contribution, common law, commercial, or other rights as related to the Actions.

    22.  The Debtors' Objections To the Contingent Breach of Contract Claims.

On February 15, 2007, the Debtors filed the Debtors' Eighth Omnibus Objection (Procedural)

Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And

Amended Claims, (B) Claims Duplicative Of Consolidated Trustee Claim, (C) Equity Claims,

And (D) Protective Claims  (Docket No. 6962) ("Eighth Omnibus Claims Objection"), by which

the Debtors objected to proofs of claim numbers 15584, 15586, 15587, 15588, 15590, 15591,

15592, 15593, 15594, and 15595 on the grounds that those proofs of claim were duplicative of

proofs of claim numbers 15585 and 15589 and sought an order disallowing and expunging the

duplicative proofs of claim.

    23.  On March 16, 2007, the Debtors filed the Debtors' Tenth Omnibus

Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain

(A) Duplicate And Amended Claims And (B) Equity Claims  (Docket No. 7300) ("Tenth

Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 15587

and 15592 on the grounds that those proofs of claim were duplicative of proofs of claim numbers

15585 and 15589 and sought an order disallowing and expunging the duplicative proofs of claim.

    24.  On November 6, 2009, the Reorganized Debtors filed the Reorganized

Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr.

P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C)

Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation

Claims And (II) Modify And Allow Certain Claims (Docket No. 19044) ("Thirty-Eighth

8

Omnibus Claims Objection"), by which the Reorganized Debtors objected to proofs of claim

numbers 15585 and 15589 on the grounds that those proofs of claim were not reflected on the

Reorganized Debtors' books and records and sought an order disallowing and expunging those

proofs of claim.

25.     Hyundai's Responses To The Debtors' Objections.  On March 14, 2007,

HMC filed its response to the Eighth Omnibus Claims Objection (Docket No. 7217), in which it

asserts that the proofs of claim numbers  15584, 15586, 15588, and 15595 assert different

obligations against different Debtors than proof of claim number 15585 and should not be

expunged.

26.     On March 14, 2007, HMA filed its response to the Eighth Omnibus

Claims Objection (Docket No. 7214), in which it asserts that the proofs of claim numbers 15590,

15591, 15593, and 15594 assert different obligations against different Debtors than proof of

claim number 15589 and should not be expunged.

27.     On April 12, 2007, HMC filed its response to the Tenth Omnibus Claims

Objection (Docket No. 7651), in which it asserts that the proof of claim number 15587 asserts

different obligations against different Debtors than proof of claim number 15585 and should not

be expunged.

28.     On April 12, 2007, HMA filed its response to the Tenth Omnibus Claims

Objection (Docket No. 7652), in which it asserts that the proof of claim number 15592 asserts

different obligations against different Debtors than proof of claim number 15589 and should not

be expunged.

29.     On December 7, 2009, Hyundai filed its response to the Thirty-Eighth

Omnibus Claims Objection (Docket No. 19151), in which it asserts that Hyundai may have

contingent, unknown claims against Delphi and proofs of claim numbers 15585 and 15589

should not be expunged.

30.    The Sufficiency Hearing Notice.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Contingent Breach of Contract

Claims was adjourned to a future date.  On November 18, 2009, the Reorganized Debtors filed

the Sufficiency Hearing Notice with respect to the Contingent Breach of Contract Claims, among

other proofs of claim, scheduling the Sufficiency Hearing.

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

31.    The Reorganized Debtors respectfully submit that the each Claim fails to

state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").  Hyundai has not proved any facts to support a right to payment by the

Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors' objections to each

Contingent Breach of Contract Claim should be sustained with respect to each such proof of

claim and each Contingent Breach of Contract Claim should be disallowed and expunged in its

entirety, subject to any rights the Claimant may have under to section 502(j) of the Bankruptcy

Code.

32.    The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim does not include sufficient factual support, such proof of claim

is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In

re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007)

(the claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

10

re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc. 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered prima facie valid); In re United

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient

to support legal basis for its claim to have claim make prima facie case).

> 33.    For purposes of sufficiency, this Court has determined that the standard of

whether a Claimant has met its initial burden of proof to establish a claim should be similar to

the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012

and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12,

2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be

granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim

which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006)

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide

facts that sufficiently support a legal liability against the Debtors.

> 34.    This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount

of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a)

requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P.

3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.       Argument Regarding The Contingent Breach of Contract Claims.

            35.       To the Reorganized Debtors' knowledge, no breach of contract has

occurred that would trigger a claim under the contracts upon which the Contingent Breach of

Contract Claims are based.  Hyundai, in its proofs of claim and its responses to the Debtors'

objections to the Contingent Breach of Contract Claims, has not proved any set of facts that

support a right to payment from the Reorganized Debtors.  Accordingly, the Reorganized

Debtors assert that (a) Hyundai has not met its burden of proof to establish a claim against the

Debtors, (b) the Contingent Breach of Contract Claims are not entitled to a presumption of prima

facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Contingent Breach of Contract

Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.

Because Hyundai cannot provide facts or law supporting its claims, the Eighth Omnibus Claims

Objection, the Tenth Omnibus Claims Objection, and the Thirty-Eighth Omnibus Claims

Objection should be sustained as to the Contingent Breach of Contract Claims and each such

claim should be disallowed and expunged in its entirety.

            36.       In addition, the Debtors request that this Court enter an order disallowing

and expunging the Contingent Breach of Contract Claims pursuant to section 502(e)(1)(B) of the

Bankruptcy Code to the extent that such claims assert contingent liabilities for indemnification

from the Debtors for amounts owed to third parties.  Section 502(e)(1)(B) of the Bankruptcy

Code provides that a bankruptcy court is to disallow any claim for reimbursement or contribution

of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent

that "such claim for reimbursement or contribution is contingent as of the time of allowance or

disallowance of such claim for reimbursement or contribution."  11 U.S.C. § 502(e)(1)(B); see

also Aetna Cas. & Sur. Co. v. Georgia Tubing Corp., 93 F.3d 56 (2d Cir. 1996) (disallowing

surety bond issuer's contingent prospective subrogation claims as to bonds issued on behalf of

debtor); In re Agway, Inc., 2008 WL 2827439, at *3 (Bankr. N.D.N.Y. July 18, 2008) (section

502(e)(1)(B) directs that the court "shall disallow" any claim for reimbursement or contribution

to the extent that such claim is contingent at the time of disallowance).

        WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objections with respect to the Contingent Breach of Contract Claims, (b)

disallowing and expunging each Contingent Breach of Contract Claim in its entirety subject to

any right claimant may have under section 502(j) of the Bankruptcy Code, and (c) granting such

further and other relief this Court deems just and proper.


Dated:     New York, New York
           April 13, 2010

                                SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                          By:   /s/ John Wm. Butler, Jr.
                               John Wm. Butler, Jr.
                               John K. Lyons
                               Ron E. Meisler
                          155 North Wacker Drive
                          Chicago, Illinois 60606

                               - and -

                          By:   /s/ Kayalyn A. Marafioti
                               Kayalyn A. Marafioti
                          Four Times Square
                          New York, New York 10036

                          Attorneys for DPH Holdings Corp., et al.,
                           Reorganized Debtors

# EXHIBIT F

**Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
        In re                                           :       Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :       Case Number 05-44481 (RDD)
                                                        :
                                                        :       (Jointly Administered)
            Reorganized Debtors.                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO
RESPONSE OF CLAIMANT TO DEBTORS' OBJECTION TO PROOFS
OF CLAIM NUMBERS 5268, 13270, 13838, AND 13880 FILED BY THE UAW

("SUPPLEMENTAL REPLY REGARDING CERTAIN UAW CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proofs Of Claim Numbers 5268, 13270, 13838, And 13880 Filed By The UAW (the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Plan Modification Order"), and emerged from chapter 11 as the Reorganized Debtors.

3.    On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

2

making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art.

9.6(a).

5.        By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)

(the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776),

the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at

10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof

of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether

each such proof of claim states a colorable claim against the asserted Debtor.

6.        This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the

Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection

Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

Supplemental Reply, the Claimant shall file and serve its response no later than two business

days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

---

[1]    Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for
April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010
at 10:00 a.m. (prevailing Eastern time).

B.      Relief Requested

7.      By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging four proofs of claim filed by the International Union, United

Automobile, Aerospace and Agricultural Implement Workers of America and its applicable local

unions (collectively, the "UAW") which were waived and released pursuant to orders of this

Court.

C.      UAW Claims

8.      During their review of the proofs of claim filed in these cases, the

Reorganized Debtors determined that proofs of claim numbers 5268, 13270, 13838, and 13880

filed by the UAW and/or on behalf of employees and former employees of the Debtors

represented or formerly represented by the UAW, and/or on behalf of persons or entities with

claims derived from or related to any relationship with such employees or former employees of

the Debtors (the "UAW Claims") were, among other things, waived and released pursuant to the

settlement agreement between the Debtors and the UAW (the "UAW Settlement Agreement")[2]

and the order of this Court approving the UAW Settlement Agreement (the "UAW Settlement

Agreement Approval Order") (Docket No. 8693).[3]

9.      Pursuant to the UAW Settlement Agreement and the UAW Settlement

Agreement Approval Order, the UAW agreed that the UAW Claims are waived and released

because the UAW received an allowed prepetition general unsecured claim (the "UAW Allowed

---

[2]    A copy of the UAW Settlement Agreement is attached to the UAW Settlement Agreement Approval Order.

[3]    Although the releases in the UAW Settlement Agreement and UAW Settlement Agreement Order function to
       waive and withdraw the UAW Claims, other orders of this Court may also do the same.  For instance, those
       releases were incorporated into the Modified Plan (see Modified Plan, Article XI, Section 11.6) as approved by
       Plan Modification Order.  Further, the Plan Modification Order also contains additional bars to certain UAW
       Claims, such as those related to the Delphi-PBGC Settlement Agreement (as defined in the Plan Modification
       Order, see Paragraph 60(b)).

4

Claim").[4]  Accordingly, this Court should enter an order disallowing and expunging the UAW

Claims in their entirety.

10.    The Reorganized Debtors' Objection To The UAW Claims.  On February

3, 2010, the Reorganized Debtors objected to the UAW Claims on the Reorganized Debtors'

Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P.

3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially

Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And

Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C)

Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III)

Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled

Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities (the "Forty-Fourth

Omnibus Claims Objection") (Docket No. 19395).

11.    Response To The Debtors' Objection.  On March 15, 2010, the UAW filed

a response to the Forty-Fourth Omnibus Claims Objection (the "UAW Response") (Docket No.

19669).  In the UAW Response, the UAW agreed that, pursuant to the UAW Settlement

Agreement and UAW Settlement Agreement Approval Order, the UAW Claims should be

withdrawn because the UAW Allowed Claim survives.  However, the UAW refused to consent

to the withdrawal of the UAW Claims until the amount of the UAW Allowed Claim has been

adjusted according to the UAW Settlement Agreement and UAW Settlement Agreement

Approval Order.

12.    The Sufficiency Hearing Notice.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the UAW Claims was adjourned to a

---

[4]    The UAW Allowed Claim in proof of claim number 16644 and is not subject to the Sufficiency Hearing.

future date.  On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice

with respect to the UAW Claims, among other proofs of claim and administrative expense claims,

scheduling the Sufficiency Hearing.

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

13.    The Reorganized Debtors respectfully submit that the UAW Claims fail to

state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules").  The UAW has not proved any facts to support a right to payment by

the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors'

objections to the UAW Claims should be sustained and such claims should be disallowed and

expunged in their entirety.

14.    The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim does not include sufficient factual support, such proof of claim

is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In

re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007)

(the claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In

re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing,

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113

(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing

facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to

support its proof of claim is it entitled to have claim considered prima facie valid); In re United

6

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

15.    For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

16.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.    Argument Regarding The UAW Claims

17.    As set forth above and in the Forty-Fourth Omnibus Claims Objection, the UAW Claims should be disallowed and expunged because they were waived and released pursuant to the UAW Settlement Agreement and UAW Settlement Agreement Approval Order, which provided that the UAW Allowed Claim is the sole surviving claim.

7

18.     In relevant part, the UAW Settlement Agreement Approval Order provides:

> On the effective date of the Delphi Reorganization Plan, the UAW,
> all employees and former employees of Delphi represented or
> formerly represented by the UAW, and all persons or entities with
> claims derived from or related to any relationship with such
> employees or former employees of Delphi, shall waive and release
> and be deemed to have waived and released any and all claims of
> any nature, whether liquidated or unliquidated, contingent or non-
> contingent, asserted or unasserted, existing and/or arising in the
> future against Delphi, its subsidiaries, or affiliates . . . and the
> officers, directors, employees, fiduciaries, and agents of each,
> arising directly or indirectly from or in any way related to any
> obligations under the UAW [collective bargaining agreements]. . . .

19.     In full satisfaction of all claims released by the UAW under the UAW

Settlement Agreement Approval Order, including the UAW Claims, the UAW was granted an

allowed prepetition general unsecured claim in the amount of $140 million, subject to adjustment

pursuant to the terms of the UAW Settlement Agreement Approval Order.  This resulting claim,

the UAW Allowed Claim, is proof of claim number 16644.  The Reorganized Debtors and the

UAW are in the process of resolving this claim.

20.     The UAW Allowed Claim is therefore the UAW's sole surviving claim.

All other UAW claims, including the UAW Claims, are waived and released pursuant to the

terms of the UAW Settlement Agreement Approval Order as of the effective date of the

Modified Plan, which occurred on October 6, 2009.

21.     In the UAW Response, the UAW does not dispute – and indeed even

admits – that the UAW Claims are waived and released and should be withdrawn.

22.     Accordingly, the Reorganized Debtors assert that (a) the UAW has not

met its burden of proof to establish a claim against the Debtors, (b) the UAW Claims are not

entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the

UAW Claims fail to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.

8

Because the UAW cannot provide facts or law supporting their claims, the Forty-Fourth

Omnibus Claims Objection should be sustained as to the UAW Claims and each such claim

should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objection with respect to the UAW Claims, (b) disallowing and

expunging each UAW Claim in its entirety, and (c) granting such further and other relief this

Court deems just and proper.

Dated:    New York, New York
          April 13, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                    - and -

                              By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

9

# EXHIBIT G

Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
        In re                                             :    Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :    Case Number 05-44481 (RDD)
                                                          :
                                                          :    (Jointly Administered)
        Reorganized Debtors.                              :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO DEBTORS' OBJECTION TO ADMINISTRATIVE EXPENSE
CLAIM NUMBERS 17094 AND 17773 FILED BY SHARYL Y. CARTER

("SUPPLEMENTAL REPLY REGARDING CERTAIN
CLAIMS OF SHARYL Y. CARTER")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimant To Debtors' Objection To Administrative Expense Claim Numbers 17094 And 17773 Filed By Sharyl Y. Carter (the "Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

2

making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

      5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(A) And 503(B) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim or administrative expense claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

      6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

---

[1]    Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

B.    Relief Requested

7.    By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain administrative expense claims as non-administrative claims that reassert the same liabilities as previously expunged proofs of claim filed against the Debtors in these cases.

C.    Administrative Expense Claims Filed Against The Debtors

8.    During their review of the proofs of claim filed in these cases, the Reorganized Debtors determined that certain administrative expense claims were not reflected on the Reorganized Debtors' books and records.  Accordingly, this Court should enter an order disallowing and expunging the administrative expense claims in their entirety.  Moreover, the administrative claims assert the same prepetition claims that were previously disallowed by this Court.

9.    On July 1, 2009, Sharyl Y. Carter (the "Claimant") filed administrative expense claim number 17094 asserting a $50 million plus interest administrative expense claim against Delphi Corporation ("Delphi").[2]

10.    On July 7, 2009, Sharyl Y. Carter filed administrative expense claim number 17773 asserting the same $50 million plus interest administrative expense claim against Delphi (together administrative expense claim number 17094, the "Claims").

---

[2]    Although administrative expense claim number 17094 was not included on the Sufficiency Hearing Notice, it asserts the same claim as administrative expense claim number 17773 and of the two prepetition claims previously disallowed.  Accordingly, the Reorganized Debtors request that administrative expense claim number 17094 be disallowed as well.

4

11.    <u>The Reorganized Debtors' Objection To The Claims</u>.  On February 12,

2010, the Reorganized Debtors objected to the Claims on the Reorganized Debtors' Forty-Fifth

Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge

Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C)

Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers'

Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance

Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19423)

(the "Forty-Fifth Omnibus Claims Objection"), by which the Reorganized Debtors objected to

that the Claims on the grounds that such claims are not reflected on the Reorganized Debtors'

books and records.

12.    <u>Response To The Debtors' Objection</u>.  On March 4, 2010, Ms. Carter filed

a response to the Forty-Fifth Omnibus Claims Objection (Docket No. 19599), in which she

objects to "<u>All</u> the Debtors and their affiliates, Debtors Plans, and their objection to all my

claims."

13.    <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Claims were adjourned to a future

date.  On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with

respect to administrative expense claim number 17773, among other proofs of claim and

administrative expense claims, scheduling the Sufficiency Hearing.[3]

---

[3]    As previously discussed, although administrative expense claim number 17094 was not listed on the Sufficiency
Hearing Notice, for the sake of judicial efficiency, the Reorganized Debtors also seek to disallow and expunge
administrative expense claim number 17094, which asserts the exact claim asserted in administrative expense
claim number 17773.

D.      Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

14.     The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  This Court has previously ruled on the merits underlying each Claim, when disallowing proofs of claim numbers 16849 and 16850 filed by Ms. Carter (the "Expunged Claims").  The Claimant has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objection to administrative expense claim number 17094 and administrative expense claim number 17773 should be sustained and each such claim should be disallowed and expunged in its entirety.

15.     The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

6

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

16.      For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

17.      This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

18.      Disallowance Of The Expunged Claims On The Merits.  On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation

7

Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II)

Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And

(C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow

Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182)

(the "Thirty-Fourth Omnibus Claims Objection"), by which the Debtors objected to proofs of

claim numbers 16849 and 16850 (the "Expunged Claims") on the grounds that such claims

asserted dollar amounts and liabilities not reflected on the Debtors' books and records and sought

an order disallowing and expunging the Expunged Claims.  Administrative expense claim

number 17094 and 17773 assert the same liabilities as the Expunged Claims.

19.    On July 20 2009,[4] Ms. Carter filed a letter response to the Thirty-Fourth

Omnibus Claims Objection (Docket No. 18457). In her response, Ms. Carter asserted that she has

been told that she does "not have any claims, due to untimely filing for years."  Nothing in Ms.

Carter's response provided any rational explanation, documentation, evidence, or support for any

of the claims asserted in the Expunged Claims.  Pursuant to the Claims Objection Procedures

Order, the hearing on the Debtors' objection to the Expunged Claims was adjourned to December

18, 2009.

20.    On December 31, 2009, this Court entered the Order Pursuant To 11

U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing And Expunging Proof Of Claim

Number 16849 Filed By Sharyl Yvette Carter Identified In The Thirty-Fourth Omnibus Claims

Objection (Docket No. 19272), by which proof of claim number 16849 was expunged.

---

[4]    The deadline to file a response to the Thirty-Fourth Omnibus Claims Objection was July 16, 2009 at 4:00 p.m.
(prevailing Eastern time).  See Thirty-Fourth Omnibus Claims Objection, ¶ 60.

21.     On January 25, 2010, this Court, after requesting additional briefing by the

Reorganized Debtors,[5] entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

3007 Disallowing And Expunging Proof of Claim Number 16850 Filed by Sharyl Yvette Carter

Identified In The Thirty-Fourth Omnibus Claims Objection ("Claim Objection Order Expunging

Sharyl Carter's Proof of Claim No. 16850") (Docket No. 19359), by which proof of claim

number 16850 was expunged.  In its ruling, this Court sifted through all of Ms. Carter's

submissions[6] and the rulings of the United States District Court for the Southern District of Ohio

(the "District Court").[7]  This Court determined that Ms. Carter did not state a legally sufficient

claim against the Debtors.  In the Claims, Ms. Carter raises the very same issues that have

already been adjudicated by this Court in the Court's January 25, 2010 ruling.

22.     Accordingly, the Reorganized Debtors respectfully submit that (a) Sharyl

Y. Carter has not met her burden of proof to establish a claim against the Debtors, (b)

administrative expense claim numbers 17094 and 17773 are not entitled to a presumption of

prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) administrative expense claim

numbers 17094 and 17773 fail to state a claim against the Reorganized Debtors under

---

[5]    See the Reorganized Debtors' Second Supplemental Reply To Response Of Sharyl Y. Carter To Debtors'
Objection To Proof Of Claim Number 16850 Filed By Sharyl Y. Carter (Docket No. 19303).

[6]    See Docket Nos. 17951, 17323, 14678, 14339, 14608, 13666, 13491, 9352, 9351, and 18457.

[7]    On August 15, 2002, Ms. Carter  filed a charge of discrimination with the United States Equal Employment
Opportunity Commission (the "EEOC"), claiming that Delphi discriminated against her on the basis of her race
and that it retaliated against her in violation of Title VII of the Civil Rights Act.  Ms. Carter later asked to
withdraw her charge, and on March 11, 2003, the EEOC issued to her a Notice of Right to Sue.  On June 6,
2003, Ms. Carter filed a complaint against DAS LLC with the District Court, alleging that DAS LLC
discriminated against her on the basis of her race, sex, disability, and age, and also seeking damages under an
intentional tort theory for her alleged workplace injury.  Sharyl Y. Carter v. Delphi Automotive Systems LLC,
et al., Case No. C3-CV-205 (S.D. Ohio) (the "District Court Action").  After full discovery, DAS LLC moved
for summary judgment and on March 28, 2005, the District Court issued an opinion and judgment granting
DAS LLC's summary judgment motion in its entirety (District Court Action, Docket No. 56).  On April 24,
2005, Ms. Carter filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit (District
Court Action, Docket No. 58).

Bankruptcy Rule 7012.  Because Claimant cannot provide facts or law supporting their claims, the Forty-Fifth Omnibus Claims Objection should be sustained as to administrative expense claim numbers 17094 and 17773 and each such claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to administrative expense claim numbers 17094 and 17773, (b) disallowing and expunging administrative claim numbers 17094 and 17773 in their entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:     New York, New York
           April 13, 2010

                                   SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                   By:   /s/ John Wm. Butler, Jr.
                                         John Wm. Butler, Jr.
                                         John K. Lyons
                                         Ron E. Meisler
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606

                                         - and -

                                   By:   /s/ Kayalyn A. Marafioti
                                         Kayalyn A. Marafioti
                                   Four Times Square
                                   New York, New York 10036

                                   Attorneys for DPH Holdings Corp., et al.,
                                      Reorganized Debtors

# EXHIBIT H

Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
        In re                                             :    Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :    Case Number 05-44481 (RDD)
                                                          :
                                                          :    (Jointly Administered)
        Reorganized Debtors.                              :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF A
CERTAIN CLAIMANT TO DEBTORS' OBJECTION TO PROOF OF CLAIM
NUMBER 11892 FILED BY RONALD E. JORGENSEN

("SUPPLEMENTAL REPLY REGARDING A CERTAIN EQUITY CLAIM")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of A Certain Claimant To Debtors' Objections To Proof Of Claim Number 11892 Filed By Ronald E. Jorgensen (the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors.

3.    On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 11892, 12147, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, And 19543 (Docket No. 19725) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6(a).

2

5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

B.     Relief Requested

7.     By this Supplemental Reply, the Reorganized Debtors request entry of an order determining that a certain proof of claim is not entitled to a distribution under the Modified Plan because it is premised upon a claim based upon the purchase or sale of stock in any of the

---

[1]     Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

3

Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is relegated to

treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy

Code.

C.    Equity Claim Filed Against The Debtors

8.    During their review of the proofs of claim filed in these cases, the

Reorganized Debtors determined that a certain proof of claim asserts liabilities or dollar amounts

in connection with the claimant's alleged ownership of equity in the Debtors and the purported

loss of value of that equity.  Because the amounts asserted by the claimant is, at best, a claim that

is subordinated under section 510(b) of the Bankruptcy Code and thus not entitled to a

distribution under the Modified Plan.  Accordingly, this Court should enter an order determining

that the claim is not entitled to a distribution under the Modified Plan because it is premised

upon a claim based upon the purchase or sale of stock in any of the Debtors and is subordinated

under section 510(b) of the Bankruptcy Code and is relegated to treatment of such claims under

the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code.

9.    On July 28, 2006, Ronald E. Jorgensen (the "Claimant") filed proof of

claim number 11892 (the "Equity Claim") against Delphi Corporation ("Delphi"), asserting

$82,299.00 based on the alleged loss in value of stock in Delphi owned by Mr. Jorgensen.

10.    The Debtors' Objections To The Equity Claim.  On November 2, 2006, the

Debtors objected to Mr. Jorgensen's proof of claim number 11892 on the Debtors' (I) Third

Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007

To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By

Debtors' Books And Records, And (C) Claims Subject To Modification, And (II) Motion To

Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No.

4

5452) (the "Third Omnibus Claims Objection") as an unsubstantiated claim and sought entry of

an order disallowing and expunging such claim.

    11. <u>Response To The Debtors' Objections</u>.  On November 17, 2006, Mr.

Jorgensen filed a response to the Third Omnibus Claims Objection (Docket No. 5672), in which

he asserted, among other things, that the Debtors "totally misled investors."

    12. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Equity Claim was adjourned to a

future date.  On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice

with respect to the Equity Claim, among other proofs of claim and administrative expense claims,

scheduling the Sufficiency Hearing.

D. <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

    13. The Reorganized Debtors respectfully submit that the Equity Claim fails

to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  The Claimant has not proved any facts to support a right to

payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Debtors'

objection to the Equity Claim should be sustained and the Claimant should be not be entitled to a

distribution on account of the Equity Claim.

    14. The burden of proof to establish a claim against the Debtors rests on the

claimants and, if a proof of claim does not include sufficient factual support, such proof of claim

is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In</u>

<u>re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007)

(the claimant always bears the burden of persuasion and must initially allege facts sufficient to

support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal

liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Int'l., Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima</u> <u>facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima</u> <u>facie</u> case).

15.     For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>In re Lopes</u>, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

16.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with <u>these Rules</u> shall constitute <u>prima</u> <u>facie</u> evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule

6

3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P.

3001(a), (c).  <u>See</u> January 12, 2007 Transcript at 52:17-22.

E.      <u>Argument Regarding The Equity Claim</u>

17.      Prior to confirmation of the Modified Plan, this Court denied the Debtors'

request to grant the relief sought in the Third Omnibus Claims Objection disallowing and

expunging the Equity Claim in its entirety on a sufficiency basis. <u>See</u> Transcript of January 12,

2007 Transcript at 59:3-6.  However, pursuant to the Modified Plan, even if the Equity Claim is

valid, it is not entitled to a distribution under section 510(b) of the Bankruptcy Code because it is

premised upon a claim based upon the purchase or sale of stock in any of the Debtors.  The

Claimant has not proved any set of facts that support a distribution under the Modified Plan, a

right to payment from the Reorganized Debtors, or address the Debtors' request for this Court to

enter an order finding that the Claim is not entitled to a distribution under section 510(b) of the

Bankruptcy Code because the claim is a Class 1G-2 Section 510(b) Equity Claim pursuant to the

Modified Plan.

18.      On or prior to April 20, 2006, the Debtors caused Kurtzman Carson

Consultants, the claims and noticing agent in these cases, to serve notice of the Bar Date (the

"Bar Date Notice"), together with a proof of claim form, on, among others, holders of Delphi

common stock to ensure that holders of stock who wished to assert claims against any of the

Debtors that were not based solely upon their ownership of Delphi common stock would be

afforded the opportunity to file such claims in these cases.  The ownership of Delphi common

stock constitutes an equity interest in Delphi, but does not constitute a "claim" against the

Debtors as such term is defined in section 101(5) of the Bankruptcy Code.  Furthermore, as set

forth in the Bar Date Notice that was approved by this Court, creditors and equity holders were

7

notified that they were not required to file proofs of claim based exclusively on ownership interests in Delphi common stock.[2]

19.    In addition, pursuant to section 1141(d) of the Bankruptcy Code, the distributions and rights that are provided in the Modified Plan are in complete satisfaction, discharge, and release of, among other things, interests in Delphi whether or not a proof of claim based upon such interest is filed.  Finally, the Modification Approval Order is a judicial determination of the discharge of all interests in the Debtors.

F.    Argument Regarding The Purported Loss Of Value

20.    The Claimant's claim arising from the purported loss of value of his equity interests is also without merit.  The Claimant must allege some legal theory to support his claim for the loss of value of stock that he owned.  Those claims, however, are unsubstantiated and therefore should be disallowed.

21.    The Claimant appears to attempt to assert claims based on alleged securities fraud or some other cognizable common law fraud.  However, the Claimant failed to identify any particular claim or establish a sufficient legal or factual basis to support such a

---

[2]    The Bar Date Order provides, in relevant part:

Proofs of Claim are not required, at this time, to be filed by any Person or Entity asserting a Claim of any of the types set forth below:

* * *

(h) Any holder of equity securities of, or other interests in, the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, or other interest; provided, however, that any such holder which wishes to assert a Claim against any of the Debtors that is not based solely upon its ownership of the Debtors' securities, including, but not limited to, Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Bar Date in respect of such Claim.

Bar Date Order ¶5.

claim.[3]  The Claimant has not invoked Section 10(b) of the Exchange Act, Rule 10b-5, or any

other legal basis for their purported claims. To establish such a claim, the Claimant would need

to show, inter alia, that he was involved in the purchase or sale of a security and that the Debtors

made an untrue statement of material fact.  See 17 C.F.R. § 240.10b-5.  The Claimant has not,

however, alleged facts in his claim that, even when viewed in the light most favorable to the

Claimant, would support a claim for securities fraud or any other cognizable common law fraud

claim.

         22.     To the extent that the Equity Claim is premised upon a claim based upon

the purchase or sale of stock in any of the Debtors, the claim is subordinated under section 510(b)

of the Bankruptcy Code and is not entitled to a distribution.  Because the Claimant cannot

provide facts or law supporting his claim, the Third Omnibus Claims Objection should be

sustained as to proofs of claim numbers 11892 and the claim should be subordinated under

section 510(b) of the Bankruptcy Code and are relegated to treatment of such claims under the

Modified Plan pursuant to section 1141(d) of the Bankruptcy Code to the extent based upon the

purchase or sale of stock in any of the Debtors.

---

[3]    Section 10(b) of the Exchange Act makes it unlawful for a person "[t]o use or employ, in connection with the
purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of
such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or
for the protection of investors." 15 U.S.C. § 78j(b).  Rule 10b-5 implements Section 10(b) by making it
unlawful for any person, in connection with the purchase or sale of a security, "to make any untrue statement of
a material fact or to omit to state a material fact necessary in order to make the statements . . . not misleading."
17 C.F.R. § 240.10b-5. The Supreme Court has identified the basic elements of a securities fraud case:

    (1) a material misrepresentation or omission,
    (2) scienter, or a wrongful state of mind,
    (3) a connection with the purchase or sale of a security,
    (4) reliance,
    (5) economic loss, and
    (6) loss causation, i.e., a causal connection between the material misrepresentation and the loss.

Dura Pharm. v. Broudo, 544 U.S. 336, 341 (2005).

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order determining that the Equity Claim is not entitled to a distribution under the Modified Plan because it is premised upon a claim based upon the purchase or sale of stock in any of the Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          April 13, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                    - and -

                              By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                  Reorganized Debtors

10

# EXHIBIT I

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
     In re                          :     Chapter 11
                                :
DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                                :
                                :     (Jointly Administered)
             Reorganized Debtors.     :
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

EX PARTE APPLICATION UNDER 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018 FOR
ORDER AUTHORIZING REORGANIZED DEBTORS TO FILE (I) A REDACTED VERSION
OF REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF CERTAIN
CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM NUMBERS 14019,
14020, 14022, 14023, 14024, 14025, AND 14026 FILED BY ATUL PASRICHA AND PROOF
OF CLAIM NUMBER 12147 FILED BY PAMELA GELLER AND (II) UNREDACTED
VERSIONS OF (A) THE SUPPLEMENTAL REPLY AND (B) A CERTAIN AGREEMENT
BETWEEN DEBTORS AND ATUL PASRICHA UNDER SEAL

("DPH HOLDINGS – PASRICHA SEALING APPLICATION")

DPH Holdings Corp. ("DPH Holdings") and certain affiliated reorganized debtors (the "Reorganized Debtors") respectfully submit this Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R. Bankr. P. 9018 For Order Authorizing Reorganized Debtors To File (I) A Redacted Version Of Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147 Filed By Pamela Geller And (II) Unredacted Versions Of (A) The Supplemental Reply And (B) A Certain Agreement Between Debtors And Atul Pasricha Under Seal (the "Application"), and respectfully represent as follows:

## Background

1.      On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates (together with Delphi, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.      On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388).  On January 25, 2008, the Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the Confirmation Order became final on February 4, 2008.

3.      On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement

2

to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.  After holding a final plan modification hearing, the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

4.    On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified Plan and closed the transactions under the Master Disposition Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively.  The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.

5.    Between the Petition Date and the Effective Date, the Debtors remained as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper

3

pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).

6.    The statutory predicates for the relief requested herein are section 107(b)

of the Bankruptcy Code and rule 9018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

## Relief Requested

7.    By this Application, the Reorganized Debtors seek entry of an order under

11 U.S.C. § 107(b) and Bankruptcy Rule 9018 authorizing the Reorganized Debtors to file (I) a

redacted version of the Reorganized Debtors' Supplemental Reply To Responses Of Certain

Claimants To Debtors' Objections To Proofs Of Claim Numbers 14019, 14020, 14022, 14023,

14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147 Filed By

Pamela Geller and (II) unredacted versions of (A) the Supplemental Reply (defined below) and

(B) a certain agreement between the Debtors and Atul Pasricha (the "Agreement") under seal.

## Basis For Relief

8.    On March 25, 2010, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 11892,

12147, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, And 19543 (Docket No.

19725) (the "Sufficiency Hearing Notice").  By the Sufficiency Hearing Notice and pursuant to

the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026,

9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And

(ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") and the Eleventh Supplemental

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii)

4

Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of proofs of claim 14019, 14020, 14022, 14023, 14024, 14025, 14026 (the "Pasricha Claims"), among others, filed by Atul Pasricha and whether each of the Pasricha Claims states a colorable claim against the asserted Debtor.

9.    Pursuant to the Claims Objection Procedures Order, the Debtors are prepared to file the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147 Filed By Pamela Geller (the "Supplemental Reply") to request that this Court enter an order disallowing and expunging the Pasricha Claims.  The Supplemental Reply references the Agreement and attaches the Agreement as an exhibit.  The Agreement contains explicit confidentiality provisions which require the Reorganized Debtors and Mr. Pasricha to maintain the confidentiality of the terms of the Agreement.  Accordingly, the Reorganized Debtors request permission to (i) file a redacted version of the Supplemental Reply and (ii) file under seal an unredacted version of the Supplemental Reply and the Agreement.

10.    The reorganized Debtors request that the unredacted Supplemental Reply and the Agreement (and any information derived therefrom) remain confidential, be filed under seal, and shall be served on and made available only to (a) Atul Pasricha and his counsel and (b) such other parties as may be ordered by this Court after imposition of appropriate confidentiality

---

[1]    Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  The Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time) by direction of the Court.

restrictions or as may be agreed to in writing by the Reorganized Debtors and Mr. Pasricha.

Applicable Authority

11.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . . –
>
>    (1)      protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12.      Bankruptcy Rule 9018 defines the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.

13.      Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information."  Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994).  A party seeking the sealing of information is required to show only that the information is confidential and commercial, and need not show "good cause."  Id. at 28.  The Bankruptcy Court "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b)."  In re Global Crossing Ltd., 295 B.R. 720, 723 n.7  (Bankr. S.D.N.Y. 2003) (citing In re Orion Pictures Corp., 21 F.3d at 27)).

6

14.     Here, there is good cause for the relief requested.  The Agreement to be submitted under seal contains confidential information.  Such information qualifies as "confidential . . . commercial information" worthy of protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Accordingly, this Court is authorized to permit the Reorganized Debtors to submit the Agreement with the Court pursuant to General Order M-242 and require the United States Bankruptcy Clerk for the Southern District of New York to file the Agreement under seal.

15.     No prior application for the relief requested herein has been made to this or any other Court.

Notice Of Application

16.     Pursuant to Bankruptcy Rule 9018, no notice of this Application is required, and in light of the nature of the relief requested in this Application no other or further notice is necessary.  Nevertheless, the Reorganized Debtors will serve a copy of this Application in accordance with the  Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Eighteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered April 5, 2010 (Docket No. 19774).  The Reorganized Debtors request that the Court grant the relief requested herein without the need for a hearing under 11 U.S.C. § 102(1) so that the Reorganized Debtors may promptly submit under seal the Agreement and the unredacted Supplemental Reply to the court.

7

WHEREFORE the Reorganized Debtors respectfully request that the Court enter

an order (a) authorizing the Reorganized Debtors to file (i) a redacted version of the

Supplemental Reply and (ii) an unredacted version of the Supplemental Reply and the

Agreement under seal and (b) granting them such other and further relief as is just.

Dated:    New York, New York
          April 13, 2009

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP


                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606


                                    - and -


                              By:   /s/ Kayalyn A. Marafioti
                                    Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036


                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

In re                          :     Chapter 11
                              :

DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                              :

                              :     (Jointly Administered)

          Reorganized Debtors.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER AUTHORIZING REORGANIZED DEBTORS TO FILE (I) A REDACTED
VERSION OF REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF
CERTAIN CLAIMANTS TO DEBTORS' OBJECTIONS TO PROOFS OF CLAIM NUMBERS
14019, 14020, 14022, 14023, 14024, 14025, AND 14026 FILED BY ATUL PASRICHA AND
PROOF OF CLAIM NUMBER 12147 FILED BY PAMELA GELLER AND
(II) UNREDACTED VERISONS OF (A) THE SUPPLEMENTAL REPLY AND (B) A CERTAIN
<u>AGREEMENT BETWEEN DEBTORS AND ATUL PASRICHA UNDER SEAL</u>

("DPH HOLDINGS – PASRICHA SEALING ORDER")

          Upon the <u>ex parte</u> application, dated April 13, 2010 (the "Application"), of DPH

Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors") for

an order under 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018 authorizing Reorganized Debtors

to file (I) a redacted version of Reorganized Debtors' Supplemental Reply To Responses Of

Certain Claimants To Debtors' Objections To Proofs Of Claim Numbers 14019, 14020, 14022,

14023, 14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147

Filed By Pamela Geller (the "Supplemental Reply") and (II) unredacted versions of the (A)

Supplemental Reply and (B) a certain agreement between Debtors and Atul Pasricha (the

"Agreement") under seal; and it appearing that pursuant to Fed. R. Bankr. P. 9018 no notice of

the relief requested in the Application need be provided other than as set forth in the Application;

and this Court having determined that the relief requested in the Application is in the best

interests of the Reorganized Debtors, their estates, their creditors, and other parties-in-interest;

and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Application is GRANTED.

2.       Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018, the

Reorganized Debtors are authorized to file (I) a redacted version of the Supplemental Reply and

(II) unredacted versions of the (A) Supplemental Reply and (B) the Agreement under seal.

3.       The unredacted Supplement Reply and the Agreement (and any

information derived therefrom) shall remain confidential, be filed under seal, and shall be served

on and made available only to (a) Atul Pasricha and his counsel and (b) such other parties as may

be ordered by this Court after imposition of appropriate confidentiality restrictions or as may be

agreed to in writing by the Reorganized Debtors and Mr. Pasricha.

4.       This Court retains jurisdiction to enforce this order and the confidentiality

of the Agreements, and the sensitive information contained therein, including the authority to

impose sanctions on any person or entity which violates this order.

Dated:    White Plains, New York
          April [●], 2009


_____
  UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT J

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
        In re                                          :    Chapter 11
                                                       :
DPH HOLDINGS CORP., et al.,                            :    Case No. 05-44481 (RDD)
                                                       :
                                                       :    (Jointly Administered)
        Reorganized Debtors.                           :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING WITH RESPECT
TO DEBTORS' OBJECTION TO (A) PROOF OF CLAIM NO. 16591 FILED
BY BRADLEY A. BENNETT AND BARBARA R. BENNETT

("NOTICE OF ADJOURNMENT OF SUFFICIENCY
HEARING AS TO BENNETT CLAIM")

PLEASE TAKE NOTICE that Delphi Corporation and certain of its subsidiaries and affiliates, debtor and debtors-in-possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors") objected to proof of claim 16591 (the " Claim") filed by Bradley A. Bennett and Barbara R. Bennett (the "Claimants").

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors").

PLEASE TAKE FURTHER NOTICE that Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

PLEASE TAKE FURTHER NOTICE that on March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, And 15595[1] (Docket No. 19726) (the "Sufficiency Hearing Notice") scheduling a sufficiency hearing (the

---

[1]     Although proof of claim number 16591 was not listed on the title of the Second Sufficiency Notice, proof of claim number 16591 was listed on the exhibit and the holders of the claim received proper notice. See Amended Affidavit Of Service Of Stefanie C. Gardella re: Documents Served On March 25, 2010 [Docket Nos. 19725, 19726, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734, 19735, 19736, and 19737] (Docket No. 19790).

2

"Sufficiency Hearing") for April 23, 2010,[2] at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room

118, White Plains, New York 10601-4140 to address the legal sufficiency of each of the Claims

and whether each Claim states a colorable claim against the asserted Debtor.

PLEASE TAKE FURTHER NOTICE that pursuant to paragraph 9(a)(ii) of the

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii)

Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11

U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To

Address Contested Administrative Expense Claims entered October 22, 2009 (Docket No.

18998) (the "Administrative Claims Objection Procedures Order"), the Sufficiency Hearing, with

respect to proof of claim number 16591, is hereby adjourned without date, subject to the

Reorganized Debtors' right to re-notice the claimant and/or assignee, as applicable, in accordance

with the procedures set forth in the Claims Objection Procedures Order and the Administrative

Claims Objection Procedures Order.

---

[2]     Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled
for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April
23, 2010 at 10:00 a.m. (prevailing Eastern time).

Dated:    New York, New York
          April 13, 2010

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

      - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

# EXHIBIT K

Hearing Date and Time:  April 23, 2010 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  April 21, 2010 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
          In re                                         :    Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :    Case Number 05-44481 (RDD)
                                                        :
                                                        :    (Jointly Administered)
          Reorganized Debtors.                          :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO DEBTORS' OBJECTIONS TO ADMINISTRATIVE
EXPENSE CLAIM NUMBERS 16898 AND 18740 FILED BY GARY L. COOK

("SUPPLEMENTAL REPLY REGARDING CERTAIN
CLAIMS FILED BY GARY L. COOK")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimant To Debtors' Objections To Administrative Expense Claim Numbers 16898 And 18740 Filed By Gary L. Cook (the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735)  (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

2

making distributions (if any) with respect to all Claims and Interests …."  Modified Plan, art. 9.6(a).

5.        By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(A) And 503(B) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.        This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

---

[1]    Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for April 22, 2010.  Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

3

Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **April 21, 2010.**

B.      Relief Requested

7.      By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain administrative expense claims filed against the Debtors in these cases that assert prepetition liabilities.

C.      The Claims Filed Against The Debtors

8.      During the Reorganized Debtors' review of the administrative expense claims, the Reorganized Debtors determined that certain claims filed against the Reorganized Debtors assert liabilities or dollar amounts in connection with claims arising prior to October 8, 2005 that are not properly classified as administrative expenses for the purposes of section 503(b)(1) of the Bankruptcy Code. Accordingly, this Court should enter an order disallowing and expunging these administrative expense claims in their entirety.

9.      On July 10, 2009, Gary L. Cook (the "Claimant"), a former employee of the Debtors, filed administrative expense claim number 18740 against Delphi Corporation ("Delphi"), asserting a claim in the amount of $311,800.00 for worker's compensation benefits.

10.     On June 26, 2009, Mr. Cook filed administrative expense claim number 16898 (together with administrative expense number 18740, the "Claims") asserting the same unsecured priority claim for $644.00 dollars a week against Delphi Automotive Systems LLC ("DAS LLC").[2]

---

[2]     Although administrative expense claim number 16898 was objected to on the Forty-Sixth Omnibus Claims Objection (as defined below) and Mr. Cook filed a response to the Forty-Sixth Omnibus Claims Objection (Docket No. 19753), this Court has not adjudicated the claim into the claims procedures because the Forty-Sixth Omnibus Objection has not yet been before the Court. Nevertheless, the claim attaches the same documents
*(cont'd)*

4

11.    <u>The Debtors' Objections To The Claim</u>. On, November 6, 2009, the

Reorganized Debtors objected to the Claim on the Debtors' Thirty-Ninth Omnibus Objection

Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain Administrative

Expense (I) Workers' Compensation Claims, (II) Workers' Compensation Claims Transferred To

GM Buyers, And (III) Severance Claims (Docket No. 19045) ("Thirty-Ninth Omnibus Claims

Objection"), on the grounds that the workers' compensation benefits are not reflected on the

Reorganized Debtors' books and records.

12.    On August 21, 2009, the Debtors' objected to administrative expense

claim number 16898 on the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant to 11

U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge Certain Administrative

Expense (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers'

Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers'

Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H)

Duplicate Insurance Claims, and (I) Severance Claims, (II) Disallow and Expunge (A) a Certain

Duplicate Workers' Compensation Claim, (B) a Certain Duplicate Tax Claim, and (C) a Certain

Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers'

Compensation Claims and (B) Workers' Compensation Claims, and (IV) Allow Certain

Administrative Expense Severance Claims (Docket No. 19711) ("Forty-Sixth Omnibus Claims

Objection"), on the grounds that the workers' compensation benefits are not reflected on the

Reorganized Debtors' books and records.

_____

(cont''d from previous page)
    attached to administrative expense claim number 18740. For the sake of judicial efficiency, the Reorganized
    Debtors seek to disallow administrative expense number 16898 as well.

13.    <u>Response To The Debtors' Objection</u>.  On December 4, 2009, Mr. Cook filed a response to the Thirty-Ninth Omnibus Claims Objection (Docket No. 19148), in which he requests that this Court view his administrative claim as being the same as his prepetition claim.

14.    On April 1, 2010, Mr. Cook filed a response to the Forty-Sixth Omnibus Claims Objection, in which he refers the Reorganized Debtors to administrative expense claim number 18740 (Docket No. 19753).

15.    <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the administrative expense claim number 18740 was adjourned to a future date.  On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to administrative expense number 18740, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.[3]

D.    <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

16.    The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Claimant has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objections to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

17.    The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim

---

[3]    As stated above, although administrative expense claim number 16898 was objected to on the Forty-Sixth Omnibus Claims Objection and technically not adjourned into the claims procedures, the claim attaches the same documents attached to administrative expense claim number 18740. For the sake of judicial efficiency, the Reorganized Debtors seek to disallow administrative expense number 16898 as well.

is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In
re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007)
(the claimant always bears the burden of persuasion and must initially allege facts sufficient to
support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4
(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal
liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In
re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing,
claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113
(Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing
facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL
1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to
support its proof of claim is it entitled to have claim considered prima facie valid); In re United
Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient
to support legal basis for its claim to have claim make prima facie case).

    18.    For purposes of sufficiency, this Court has determined that the standard of
whether a claimant has met its initial burden of proof to establish a claim should be similar to the
standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and
9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007
Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted "if it
plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would
entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)).  Essentially, the claimant must provide facts that sufficiently
support a legal liability against the Debtors.

7

19.      This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.       Argument Regarding The Claim

20.      The Claim Is Not Entitled To Administrative Priority. On June 26, 2009 and July 10, 2009, Mr. Cook filed the Claims asserting an unsecured non-priority claim in the amount of $311,800.00 against Delphi and $644.00 per week against DAS LLC on account of alleged workers' compensation benefits. In each of his administrative expense claims, Mr. Cook attaches a Michigan Department of Consumer & Industry Services, Bureau of Workers' Disability Compensation Order, number 100803012, dated September 19, 2003 (the "Michigan Order"). The Michigan Order states that Mr. Cook was first injured March 4, 2001.

21.      Courts have held that claims for workers' compensation claims arise on the date of injury. In re Olga Coal Co., 194 B.R. 741, 746 (Bankr. S.D.N.Y. 1996); See also In re Johns-Manville Corp., 57 Bankr. 680, 690 (Bankr. S.D.N.Y. 1986) (stating that the existence of a claim depends upon "when the acts giving rise to the alleged liability were performed . . ."); Leahy v. Collora (In re Leahy), 170 B.R. 10, 16 (Bankr. D. Me. 1994) (finding that "an employee's right to workers' compensation benefits . . . arises at the time of the compensable injury"); In re Lull Corp., 162 Bankr. 234, 241 (Bankr. D. Minn. 1993) (holding that an "employee's right to payment [of benefits], the Debtor's obligation to pay, and [the Fund's] obligation to pay when debtor does not all arise when the employee is injured pre-petition").

8

According to Mr. Cook's own administrative expense claims, the date of injury occurred prepetition.  Therefore, the Claims are not properly classified as administrative expenses under section 503(b)(1) of the Bankruptcy Code.

      22.     Accordingly, the Reorganized Debtors assert that (a) Mr. Cook has not met his burden of proof to establish a claim against or interest in the Debtors, (b) administrative expense claim numbers 16898 and 18740 are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012.  Because Mr. Cook cannot provide facts or law supporting the Claims, the Thirty-Ninth Omnibus Claims Objection should be sustained as to administrative expense claim number 18740, the Forty-Sixth Omnibus Claims Objection should be sustained as to administrative expense claim number 16898, and the Claims should be disallowed and expunged in their entirety.

      WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to the Claims, (b) disallowing and expunging the Claims in their entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          April 13, 2010

                                   SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP


                                   By:   /s/ John Wm. Butler, Jr.
                                         John Wm. Butler, Jr.
                                         John K. Lyons
                                         Ron E. Meisler
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606


                                         - and -


                                   By:   /s/ Kayalyn A. Marafioti
                                         Kayalyn A. Marafioti
                                   Four Times Square
                                   New York, New York 10036


                                   Attorneys for DPH Holdings Corp., et al.,
                                      Reorganized Debtors

# EXHIBIT L

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler


    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|                              | :  |                          |
| In re                        | :  | Chapter 11               |
|                              | :  |                          |
| DPH HOLDINGS CORP., et al.,  | :  | Case No. 05-44481 (RDD)  |
|                              | :  |                          |
|                              | :  | (Jointly Administered)   |
| Reorganized Debtors.         | :  |                          |
|                              | :  |                          |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF RESCHEDULING OF
THIRTY-SECOND CLAIMS HEARING

PLEASE TAKE NOTICE that the Thirty-Second Claims Hearing in the above-

captioned cases, which is scheduled to occur on Thursday, April 22, 2010 at 10:00 a.m. (prevailing

Eastern time) at the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas

Street, Courtroom 118, White Plains, New York 10601-4140,[1] has been rescheduled for Friday, April 23, 2010 at 10:00 a.m. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that all corresponding deadlines shall shift in accordance with (a) the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) or (b) the Administrative Claims Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), as applicable.

Dated:     New York, New York
           April 13, 2010

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                    By:   /s/  John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Albert L. Hogan III
                                          Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                          - and -

                                    By:   /s/  Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                      Reorganized Debtors

---

[1]    See  Tenth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered January 25, 2010 (Docket No. 19358).

2

# EXHIBIT M

Delphi Corporation
Special Parties

| Company | Address1 | Address2 | City | State | Zip |
|---------|----------|----------|------|-------|-----|
| Frank X Budelewski | 221 Red Oak Dr | | Williamsville | NY | 14221 |
| Frank X Budelewski | c o Moriarty & Grocott | 1109 Delaware Ave | Buffalo | NY | 14209 |
| James A Luecke | 3845 W College Ave | | Milwaukee | WI | 53221 |
| Miller Jeffrey A | 4040 Solitude Ct | | Noblesville | IN | 46062 |
| Robyn R Budd | 8082 Kenyon Dr | | Warren | OH | 44484 |
| Stanley D Smith | 608 N 13th St | | Middletown | IN | 47356-1273 |
| Walter A Kunka | 220 Old Oak Dr | | Cortland | OH | 44410-1122 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:54 PM
Various Replies Special Parties.xls
Pension & Benefits Special Parties

# EXHIBIT N

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---------|---------|----------|----------|------|-------|-----|
| Hyundai Motor America | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | Fountain Valley | CA | 92708-6031 |
| Hyundai Motor America | Pillsbury Winthrop Shaw Pittman LLP | Mark D Houle | 650 Town Ctr Dr 7th Fl | Costa Mesa | CA | 92626-7122 |
| Hyundai Motor Company | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | Fountain Valley | CA | 92708-6031 |
| Hyundai Motor Company | Pillsbury Winthrop Shaw Pittman LLP | Mark D Houle | 650 Town Ctr Dr 7th Fl | Costa Mesa | CA | 92626-7122 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:41 PM
Various Replies Special Parties.xls
Hyundai Special Parties

# EXHIBIT O

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| International Union UAW | Niraj Ganatra Esq | Legal Department | 8000 E Jefferson Ave | Detroit | MI | 48214 |
| International Union UAW and Local 155 on Behalf of its Bargaining Unit Members | William J Karges Esq | 400 Galleria Officentre Ste 117 | | Southfield | MI | 48034 |
| UAW and its Local 286 | Niraj Ganatra Esq | International Union UAW Legal Dept | 8000 E Jefferson Ave | Detroit | MI | 48214 |
| Uaw Local 2083 | | PO Box 70264 | | Tuscaloosa | AL | 35407 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:44 PM
Various Replies Special Parties.xls
UAW Special Parties

# EXHIBIT P

Delphi Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Sharyl Yvette Carter | 1541 La Salle Ave No 1 | Niagra Falls | NY | 14301 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:46 PM
Various Replies Special Parties.xls
Carter Special Parties

# EXHIBIT Q

Delphi Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Jorgensen Ronald E | 1130 Deer Path Trail | Oxford | MI | 48371-6604 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:50 PM
Various Replies Special Parties.xls
Equity Claim Special Parties

# EXHIBIT R

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Geller Pamela | Meyer Suozzi English & Klein PC | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 PO Box 9194 | Garden City | NY | 11530-9194 |
| Geller Pamela | | 1715 Carrington Way | | Bloomfield | MI | 48302 |
| Pasricha Atul | Foley & Lardner LLP | Daljit S Doogal | 500 Woodward Ave Ste 2700 | Detroit | MI | 48226-3489 |
| Pasricha Atul | | 2394 Heronwood Dr | | Bloomfield Hills | MI | 48302 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:33 PM
Pasricha & Geller Special Parties 100413.xls

# EXHIBIT S

Delphi Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Bradley A Bennett Barbara R Bennett | 211 E 53rd St Apt 6d | New York | NY | 10022-4805 |

# EXHIBIT T

Delphi Corporation
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Gary L Cook | 5249 Field Rd | Clio | MI | 48420 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:53 PM
Various Replies Special Parties.xls
Cook Special Parties

# EXHIBIT U

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | City | State | Zip |
|---|---|---|---|---|---|
| Duane Morris LLP | Lewis R Olshin | 30 S 17th St | Philadelphia | PA | 19103-4196 |
| Duane Morris LLP | Margery N Reed Esq | 30 S 17th St | Philadelphia | PA | 19103-4196 |
| Duane Morris LLP | Wendy M Simkulak Esq | 1540 Broadway 14th Fl | New York | NY | 10036-4086 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/14/2010 9:18 PM
Ace Special Parties.xlsx

# EXHIBIT V

Delphi Corporation
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Andrew C Gregos | | 3076 Crescent Dr NE | | Warren | OH | 44483 |
| Bradley A Bennett Barbara R Bennett | | 211 E 53rd St Apt 6d | | New York | NY | 10022-4805 |
| CSX | McGuirewoods LLP | John H Maddock Daniel F Blanks | One James Ctr 901 E Cary St | Richmond | VA | 23219 |
| Emhart Teknologies Llc | Calinoff & Katz LLP | Dorothy H Marinis Riggio | 140 E 45th St 17th Fl | New York | NY | 10017 |
| Emhart Teknologies Llc | Miles & Stockbridge PC | Thomas D Renda Kerry Hopkins | 10 Light St | Baltimore | MD | 21202 |
| Emhart Teknologies Llc | Patricia A Borenstein | Miles & Stockbridge PC | 10 Light Street | Baltimore | MD | 21202 |
| Emhart Teknologies Llc | Ryan Masterson Credit Supervisor | Emhart Teknologies Inc | 49201 Gratiot Avenue | Chesterfield | MI | 48051 |
| Emhart Teknologies Llc | | 49201 Gratiot Ave | | Chesterfield | MI | 48051 |
| Frank X Budelewski | c o Moriarty & Grocott | 1109 Delaware Ave | | Buffalo | NY | 14209 |
| Frank X Budelewski | | 221 Red Oak Dr | | Williamsville | NY | 14221 |
| Gary L Cook | | 5249 Field Rd | | Clio | MI | 48420 |
| Geller Pamela | Meyer Suozzi English & Klein PC | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 PO Box 9194 | Garden City | NY | 11530-9194 |
| Geller Pamela | | 1715 Carrington Way | | Bloomfield | MI | 48302 |
| Hyundai Motor America | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | Fountain Valley | CA | 92708-6031 |
| Hyundai Motor America | Pillsbury Winthrop Shaw Pittman LLP | Mark D Houle | 650 Town Ctr Dr 7th Fl | Costa Mesa | CA | 92626-7122 |
| Hyundai Motor Company | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | Fountain Valley | CA | 92708-6031 |
| Hyundai Motor Company | Pillsbury Winthrop Shaw Pittman LLP | Mark D Houle | 650 Town Ctr Dr 7th Fl | Costa Mesa | CA | 92626-7122 |
| Illinois Tool Works Inc | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | Southport | CT | 06890-0000 |
| International Union UAW | Niraj Ganatra Esq | Legal Department | 8000 E Jefferson Ave | Detroit | MI | 48214 |
| International Union UAW and Local 155 on Behalf of its Bargaining Unit Members | William J Karges Esq | 400 Galleria Officentre Ste 117 | | Southfield | MI | 48034 |
| ITW Food Equipment Group LLC | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | Southport | CT | 06890-0000 |
| James A Luecke | | 3845 W College Ave | | Milwaukee | WI | 53221 |
| Jorgensen Ronald E | | 1130 Deer Path Trail | | Oxford | MI | 48371-6604 |
| Jose C Alfaro and Martha Alfaro | c o Don C Staab Attorney at Law | 899 Logan St Ste 200 | | Denver | CO | 80209 |
| Jose C Alfaro and Martha Alfaro | Jose C and Martha Alfaro | | 304 W 5th St | Goodland | KS | 67735 |
| Miller Jeffrey A | | 4040 Solitude Ct | | Noblesville | IN | 46062 |
| New York State Dept of Environmental Conservation | William E Dornbos | New York Attorney Generals Office | 120 Broadway 26th Floor | New York | NY | 10271 |
| Pasricha Atul | Foley & Lardner LLP | Daljit S Doogal | 500 Woodward Ave Ste 2700 | Detroit | MI | 48226 |
| Pasricha Atul | | 2394 Heronwood Dr | | Bloomfield Hills | MI | 48302 |
| Robyn R Budd | | 8082 Kenyon Dr | | Warren | OH | 44484 |
| Sharyl Yvette Carter | | 1541 La Salle Ave No 1 | | Niagra Falls | NY | 14301 |
| Stanley D Smith | | 608 N 13th St | | Middletown | IN | 47356-1273 |
| U S Customs and Border Protection | | 6650 Telecom Dr | STE 100 | Indianapolis | IN | 46278-2010 |
| UAW and its Local 286 | Niraj Ganatra Esq | International Union UAW Legal Dept | 8000 E Jefferson Ave | Detroit | MI | 48214 |
| Uaw Local 2083 | | PO Box 70264 | | Tuscaloosa | AL | 35407 |
| Walter A Kunka | | 220 Old Oak Dr | | Cortland | OH | 44410-1122 |
| William P Downey | | 3456 Fishinger Rd | | Columbus | OH | 43221-4722 |

In re. Delphi Corporation, et al.
Case No. 05-44481 (RDD)                Page 1 of 1                4/14/2010 10:33 PM
Rescheduling of Claims Hearing Special Parties 100414.xls