**Hearing Date and Time: April 22, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date and Time: April 20, 2010 at 4:00 p.m. (prevailing Eastern time)**

BARNES & THORNBURG LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
David M. Powlen
Telephone:  (302) 888-4536

- and -

BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Kathleen L. Matsoukas
Telephone:  (312) 357-1313

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DPH HOLDINGS CORP., *et al.*, | ) | No. 05-44481 (RDD) |
|  | ) |  |
| Reorganized Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**RESPONSE OF HOWARD COUNTY, INDIANA (HOLDER OF ADMINISTRATIVE
CLAIM NO. 18629) TO REORGANIZED DEBTORS' FORTY-SIXTH OMNIBUS
OBJECTION PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (I)
DISALLOW AND EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE (A) BOOKS
AND RECORDS CLAIMS, (B) METHODE ELECTRONICS CLAIMS, (C) STATE
WORKERS' COMPENSATION CLAIMS, (F) TRANSFERRED WORKERS'
COMPENSATION CLAIMS, (G) TAX CLAIMS, (H) DUPLICATE INSURANCE
CLAIMS, AND (I) SEVERANCE CLAIMS, (II) DISALLOW AND EXPUNGE (A) A
CERTAIN DUPLICATE WORKERS' COMPENSATION CLAIM, (B) A CERTAIN
DUPLICATE TAX CLAIM, AND (C) A CERTAIN DUPLICATE SEVERANCE CLAIM,
(III) MODIFY CERTAIN ADMINISTRATIVE EXPENSE (A) STATE WORKERS'
COMPENSATION CLAIMS AND (B) WORKERS' COMPENSATION CLAIMS, AND
(IV) ALLOW CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS**

Howard County, Indiana ("HCI" or the "County"), hereby responds to the Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge Certain Administrative Expense (A) Books and Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, and (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims and (B) Workers' Compensation Claims, and (IV) Allow Certain Administrative Expense Severance Claims (the "Objection") of DPH Holdings Corp. and certain of its affiliated reorganized debtors (collectively, the "Reorganized Debtors"), as such Objection specifically relates to administrative expense claims of the County.[1]   For its Response, HCI respectfully states as follows (all capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection or the Administrative Claims Objection Procedures Order):

<u>Background</u>

1.      In accordance with the requirements of paragraphs 38-41 of the Modification Procedures Order and a related Notice of Bar Date for Filing Proofs of Administrative Expense dated June 16, 2009, the County filed an Administrative Expense Claim Form on July 14, 2009 [Claim no. 18629] (the "Claim Form"), evidencing administrative claims for certain tax obligations incurred by the Debtors after the commencement of their respective Chapter 11 cases and prior to June 1, 2009.

---

[1] By informal agreement between counsel for the Reorganized Debtors and counsel for HCI, the time for HCI to submit this Response was enlarged from April 15, 2010 at 4:00 p.m. to April 20, 2010, at 4:00 p.m. (prevailing Eastern time).

2.      As more particularly set forth in the County's Claim Form and exhibits thereto, assessments occurred or were made on or as of March 1, 2009 (the "2009 Assessment"), and as a result the Debtors incurred obligations to pay taxes with respect to certain real property and personal property located in Howard County, Indiana (commonly known as and collectively hereinafter referred to as the "Kokomo Facilities").

3.      Under applicable state law (Ind. Code § 6-1.1-22-8.1 for real property and Ind. Code § 6-1.1-22-9 for personal property), the tax obligations incurred by the Debtors as a result of the 2009 Assessment associated with the Kokomo Facilities shall be due and payable in two, virtually equal, semi-annual installments on May 10, 2010 ("Spring Installment") and November 10, 2010 ("Fall Installment") (the Spring Installment and the Fall Installment are together hereinafter referred to as the "2010 Taxes").

4.      In the Claim Form filed by the County on July 14, 2009, the total amount of the 2010 Taxes were estimated, based upon similar taxes that became due and payable in 2009. Pursuant to standard procedures undertaken by the County as a taxing authority that commenced in the last portion of 2009 and continued in the first portion of 2010, the 2010 Taxes have now been determined and fixed, and statements evidencing the amounts due and payable with respect to various individual parcels of property included within the Kokomo Facilities were recently issued by the Treasurer of HCI, copies of which statements are attached hereto as <u>Exhibit A</u>.

5.      As is evidenced in the summary of tax amounts for individual parcel numbers prepared by the Treasurer of HCI which is attached hereto as <u>Exhibit B</u> (the "Summary"), the aggregate amount of the Spring Installment (due on May 10, 2010) is $3,531,565.03, and the aggregate amount of the Fall Installment (due on November 10, 2010) is $3,531,529.71. The total fixed and liquidated sum of $7,063,094.74 for the 2010 Taxes reflected in the Summary

supersedes, and may and shall hereby replace, the estimated figure of $7,600,000.00 that was included in the County's Claim Form.

Basis for Response

6.    The sole ground stated for the Objection by the Reorganized Debtors, in which they seek to have the entire amount of the 2010 Taxes disallowed, is that the taxes "are not owing pursuant to the Reorganized Debtors' books and records."

7.    Clearly, at the time of the 2009 Assessment on March 1, 2009, the obligation to pay the 2010 Taxes was incurred by the Debtors as an administrative expense in their Chapter 11 cases.

8.    The County is aware that, pursuant to provisions in and various transactions that were contemplated by the Master Disposition Agreement (the "MDA") and the Modified Plan, a sale and transfer of at least some of the Kokomo Facilities from the Debtors to GM Components (collectively with any affiliates or successors, "GM"), and possibly also to DIP Holdco 3 (collectively with any affiliates or successors, "Delphi Automotive"), has occurred.[2]

9.    However, despite efforts by the Treasurer and other HCI officials to do so in various communications with representatives of GM, Delphi Automotive, and the Reorganized Debtors, the County has been unable to confirm or verify which portions of the 2010 Taxes have been assumed by and may actually be the primary obligation of GM or Delphi Automotive (for either, a "Buyer Obligation") instead of the Reorganized Debtors.[3]

---

[2] According to paragraph 4 of the Objection, (a) GM Components acquired "certain U.S. manufacturing plants," and (b) DIP Holdco 3 LLC assigned its rights as purchaser under the MDA to DIP Holdco LLP, which "through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses," and DIP Holdco LLP was "subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership."

[3] Assumed Administrative Liabilities were defined in Section 1.1 on page 4 of the MDA to include "the Administrative Claims … with respect to the categories set forth in Schedule 1.1.A" of the MDA. That Schedule was filed under seal as requested by the Debtors in an Application filed on August 7, 2009 [docket no. 18761], and pursuant to an Order dated August 10, 2009 [docket no. 18765]).

10.     Accordingly, the County has filed this Response as a protective measure, to ensure that any and all portions of the 2010 Taxes that have not become or are not now a Buyer Obligation shall continue and remain as an administrative expense claim in these Chapter 11 cases and be treated as an Allowed Administrative Claim under the Modified Plan, and will not be disallowed as a result of the Objection.

## Reservation of Rights

11.     HCI hereby incorporates, as if fully set forth herein, the reservation of rights and defenses set forth in Section 2 of the Attachment to its Claim Form.  Without limiting the generality of the foregoing, HCI hereby does not waive and specifically reserves the right to assess penalties and other charges provided under Indiana law if any amounts included in either the Spring Installment or the Fall Installment are not timely paid by the respective dates that they become due.

## Addresses of County Representatives

12.     Following are the addresses to which the Reorganized Debtors are requested to send any reply to this Response, and any other notices, pleadings or orders related to the County's Claim Form or the administrative claims described therein:

    a.   David M. Powlen
         BARNES & THORNBURG
         1000 N. West Street, Suite 1200
         Wilmington, Delaware  19801
         Telephone:  (302) 888-4536
         Email:  david.powlen@btlaw.com

    b.   Kathleen L. Matsoukas
         BARNES & THORNBURG
         One North Wacker Drive, Suite 4400
         Chicago, Illinois 60606
         Telephone:  (312) 357-1313
         Email:  kathleen.matsoukas@btlaw.com

    c.   Lawrence R. Murrell
        Howard County Attorney
        220 N. Main Street
        County Administration Center
        Kokomo, Indiana  46901
        Telephone:  (765) 456-1418
        Email:  lawrence.murrell@co.howard.in.us

WHEREFORE, Howard County, Indiana, by counsel, respectfully requests that (I) its administrative claim for 2010 Taxes as described hereinabove be preserved and allowed as may be appropriate, and (II) the County be provided such other and further relief as may be just and proper.

Dated:  April 19, 2010                BARNES & THORNBURG LLP

                                By:  /s/ Kathleen L. Matsoukas
                                    David M. Powlen
                                    1000 N. West Street, Suite 1200
                                    Wilmington, Delaware  19801
                                    Telephone:  (302) 888-4536
                                    Email:  david.powlen@btlaw.com

                                          - and -

                                    Kathleen L. Matsoukas (KL-1821)
                                    One North Wacker Drive, Suite 4400
                                    Chicago, Illinois 60606
                                    Telephone:  (312) 357-1313
                                    Email:  kathleen.matsoukas@btlaw.com

                                  Attorneys for Howard County, Indiana