# EXHIBIT S

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| METHODE ELECTRONICS, INC., | : |
| | : Civil Action No. 2:09-cv-14303 |
| Plaintiff, | : Civil Action No. 2:09-cv-13078 |
| | : |
| v. | : *Jury Trial Demanded* |
| | : |
| DPH-DAS, LLC, | : |
| | : |
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | : Hon. Paul Borman |
| | : Magistrate Judge Morgan |
| and | : |
| | : |
| MARIAN, INC., | : |
| | : |
| Defendants. | : |

## METHODE ELECTRONICS, INC.'S ANSWER TO
## DELPHI AUTOMOTIVE SYSTEMS, LLC'S COMPLAINT

Methode Electronics, Inc. ("Methode"), by and through its counsel, hereby answers

Delphi Automotive Systems, LLC's ("Delphi's") Complaint as follows:

### PARTIES

**Paragraph 1 of Delphi's Complaint:**

1.    Delphi is a limited liability company formed under the laws of the State of

Delaware and has a principal place of business at 5725 Delphi Drive, Troy, Michigan 48098-

2815. Delphi was incorporated on August 21, 2009.

**Methode's Response:**

Methode is without information sufficient to enable Methode to admit or deny the

allegations of paragraph 1 of Delphi's Complaint. On that basis, the allegations of paragraph 1

are denied.

**Paragraph 2 of Delphi's Complaint:**

2.      Upon information and belief, Methode is a Delaware corporation with its principal place of business at 7401 West Wilson Avenue, Chicago, Illinois.

**Methode's Response:**

Methode admits the allegations of paragraph 2 of Delphi's Complaint.

## JURISDICTION AND VENUE

**Paragraph 3 of Delphi's Complaint:**

3.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 United States Code, as well as under the common law of the State of Indiana.

**Methode's Response:**

Methode admits that Delphi purports to bring this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 United States Code.  Methode denies the remaining allegations of paragraph 3 of Delphi's Complaint.

**Paragraph 4 of Delphi's Complaint:**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

**Methode's Response:**

Methode admits that this Court has subject matter jurisdiction over this action.  All other allegations of paragraph 4 are denied.

**Paragraph 5 of Delphi's Complaint:**

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**Methode's Response:**

Methode admits that venue is proper in this judicial district.

## ACTUAL CONTROVERSY

**Paragraph 6 of Delphi's Complaint:**

6.      In 2001, DPH-DAS LLC ("DPH"), formerly known as Delphi Automotive Systems LLC, and the Defendant here, Methode, entered into a Long Term Contract such that Methode became the sole supplier of bladders used in DPH's airbag actuation system called the Passive Occupant Detection System ("PODS"). PODS is a seat-occupant sensing technology that detects a child and/or small adult in vehicle front passenger seats and supplies information to a computer to permit the inflation of the airbag to be suppressed when suppression is needed for safety. For many years, Methode enjoyed this sole-supplier arrangement, selling over 30 million PODS bladders to DPH. In early to mid-2008, however, Methode began taking advantage of its sole-supplier arrangement, by demanding, *inter alia*, that DPH pay drastically higher prices for the PODS bladders and in January 2009 by refusing, *inter alia*, to provide prototype bladders for new vehicle launches. Many of these prototypes were for launches for which DPH had already been awarded PODS contracts.

**Methode's Response:**

Methode admits that it entered into the first in a series of long term contracts with an entity then known as "Delphi Automotive Systems, LLC by and through its wholly owned subsidiary Delco Electronics Corporation" in 2001, and that the 2001 contract resulted in Methode being the sole supplier of Methode's patented weight sensing pads to Delphi. Methode is without information sufficient to admit or deny any allegation regarding the corporate history of Delphi, and, therefore, denies those allegations. Methode is also without information sufficient to admit or deny that "[m]any of these prototypes were for launches for which DPH had already been awarded PODS contracts," and, therefore, denies this allegation. The remaining allegations of paragraph 6 are denied.

**Paragraph 7 of Delphi's Complaint:**

7.　　Unreasonable positions by Methode left DPH and its customers at risk.  The customers depended exclusively on DPH for the PODS product and DPH bought the PODS bladder solely from Methode.  By refusing to make prototype bladders for new vehicle launches, Methode put at risk the manufacture and sale of new vehicle models slated to lift vehicle sales in the depressed global automotive market.  Because Methode's practices carried significant negative consequences for DPH, DPH's customers, and the vehicle buying public, DPH was left with no option but to seek out other sources of the prototype bladders that Methode had wrongfully refused to manufacture.  DPH consulted with and provided information to an Indiana company, Marian, Inc., so that Marian, Inc. could provide limited prototypes of DPH's PODS bladders.

**Methode's Response:**

Methode is without information sufficient to enable it to admit or deny that Delphi or its related companies consulted with and provided information to an Indiana company, Marian, Inc., so that Marian, Inc. could provide limited prototypes of PODS bladders, and, therefore, Methode denies this allegation.  Methode denies the remaining allegations of paragraph 7 of Delphi's Complaint.

**Paragraph 8 of Delphi's Complaint:**

8.　　Based on Methode's bad faith actions, in October 2008, DPH was forced to bring suit against Methode in Michigan State Court in the 6th Judicial Circuit of Michigan, Oakland County Circuit Court (captioned *Delphi Automotive Systems LLC v. Methode Electronics, Inc.*, Case No. 08-095518-CK) (Ex. 1, Michigan State Court Action Complaint (without exhibits)), seeking, *inter alia*, return of drawings for the DPH owned tooling related to the PODS.  This Michigan State Court Action is currently pending.

4

**Methode's Response:**

Methode admits that Delphi Automotive Systems, LLC sued Methode in Michigan state court (*Delphi Automotive Systems, LLC v. Methode Electronics, Inc.*, Case No. 08-095518-CK) and that the Michigan state court case is still pending. Methode denies the remaining allegations of paragraph 8 of Delphi's Complaint.

**Paragraph 9 of Delphi's Complaint:**

9.     Thereafter, on April 9, 2009, Methode filed suit against DPH and Marian, Inc. in the United States District Court for the Northern District of Illinois ("Methode Patent Infringement Action"), alleging two counts of patent infringement based on U.S. Patent No. 5,975,568 ("'568 Patent") (Ex. 2).  Count I of Methode's Complaint in the Methode Patent Infringement Action alleges:

> 24.     The claims of the ['568 Patent] are directed, *inter alia*, to a [weight sensing bladder] for an automobile.
> 25.     Methode is the owner by assignment of the ['568 Patent], its subject matter, and the rights of recovery flowing therefrom.
> 26.     On information and belief, [DPH] has manufactured and used, and continues to have manufactured and continues to use, [PODS bladder]s in the United States without authorization from Methode.
> 27.     On information and belief, [DPH] has offered for sale, or intends to offer for sale and sell, [PODS bladder]s throughout the United States without authorization from Methode.
> 28.     On information and belief, [DPH]'s [PODS bladder]s infringe, literally or by equivalents, one or more valid and enforceable claims of the ['568 Patent].
> 29.     [DPH] has infringed, and continues to infringe, directly or indirectly, the ['568 Patent] by, *inter alia*, practicing or inducing or contributing to others practicing one or more valid and enforceable claims of the ['568 Patent].
> 30.     As a direct and proximate result of [DPH]'s acts of infringement of the ['568 Patent], Methode has suffered injury and damages for which it is entitled to relief, including, but not limited to, monetary damages.
> 31.     On information and belief, [DPH] has knowingly, willfully, and deliberately infringed the ['568 Patent] in conscious disregard of Methode's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

> 32.    On information and belief, [DPH] will continue to infringe the ['568 Patent], causing immediate and irreparable harm unless this Court enjoins and restrains its activities.
>
> 33.    On information and belief, the infringement by [DPH] has deprived, and will further deprive, Methode of revenue which Methode would have made or would enjoy in the future; has injured Methode in other respects; and will cause Methode added injury and damage in the future unless [DPH] is enjoined from infringing the ['568 Patent].

(*See* Ex. 3, Methode's Complaint from the Methode Patent Infringement Action (without exhibits), ¶¶ 24-33).

**Methode's Response:**

Methode admits that it sued Delphi Automotive Systems, LLC and Marian, Inc. in the United States District Court for the Northern District of Illinois, alleging two counts of patent infringement based on U.S. Patent No. 5,975,568 ("the Speckhart Patent"). Methode further admits that it made the allegations set forth in paragraph 9 against Delphi Automotive Systems, LLC. Methode denies the remaining allegations of paragraph 9 of Delphi's Complaint.

**Paragraph 10 of Delphi's Complaint:**

10.    In its Complaint in the Methode Patent Infringement Action, Methode seeks "a permanent injunction restraining [DPH], its directors, officers, agents, employees, successors, subsidiaries, assigns, and affiliates, and all persons acting in privy or in concert or participation with any of them from" infringing the '568 Patent. (*See id.* ¶ G).

**Methode's Response:**

Methode admits that it seeks the relief set forth in paragraph 10 against Delphi Automotive Systems, LLC. Methode denies the remaining allegations of paragraph 10 of Delphi's Complaint.

6

**Paragraph 11 of Delphi's Complaint:**

11.    On July 13, 2009, Judge Coar of the United States District Court for Northern District of Illinois Ordered the Methode Patent Infringement Action transferred to the United States District Court for the Eastern District of Michigan.

**Methode's Response:**

Methode admits the allegations of paragraph 11 of Delphi's Complaint.

**Paragraph 12 of Delphi's Complaint:**

12.    The Methode Patent Infringement Action is currently pending in the United States District Court for the Eastern District of Michigan as Case No. 2:09-cv-13078-PDB-VMM.

**Methode's Response:**

Methode admits the allegations of paragraph 12 of Delphi's Complaint.

**Paragraph 13 of Delphi's Complaint:**

13.    On August 26, 2009, DPH provided Methode notice that effective September 10, 2009, DPH was terminating the parties' supply agreement for PODS bladders based on at least the breach of contract and termination for convenience provisions of the Terms and Conditions included in the parties' Supply Agreement.

**Methode's Response:**

Methode admits that Delphi Automotive Systems, LLC terminated the parties' 2008 supply agreement in a notice dated August 26, 2009. Methode denies the remaining allegations of paragraph 13 of Delphi's Complaint.

**Paragraph 14 of Delphi's Complaint:**

14.    On September 2, 2009, Methode filed a motion for preliminary injunction in the Michigan State Court Action seeking to effectively enjoin DPH from producing PODS bladders in-house. On September 10, 2009, citing Methode's failure to adequately show either a

7

likelihood of success on the merits or irreparable harm, the Michigan State Court denied Methode's motion for a preliminary injunction.

**Methode's Response:**

Methode admits that it filed a motion for preliminary injunction on September 2, 2009 in the state court action and that Methode's motion was denied on September 10, 2009. Methode denies the remaining allegations of paragraph 14.

**Paragraph 15 of Delphi's Complaint:**

15.    On October 6, 2009, DPH emerged from bankruptcy.

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 15 of Delphi's Complaint. On that basis, the allegations of paragraph 15 are denied.

**Paragraph 16 of Delphi's Complaint:**

16.    In connection with DPH's bankruptcy, Delphi purchased assets of DPH. The DPH assets purchased by Delphi include, *inter alia*, DPH's production capabilities, parts, and products for manufacturing PODS and PODS bladders—the device Methode, in the ongoing Methode Patent Infringement Action, alleges infringes the '568 Patent.

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 16 of Delphi's Complaint. On that basis, the allegations of paragraph 16 are denied.

**Paragraph 17 of Delphi's Complaint:**

17.    As a result of its purchase of DPH assets, Delphi now owns all or substantially all of the PODS bladders that were previously in DPH's possession, as well as all or substantially all of DPH's production capabilities, parts, and products for manufacturing PODS bladders.

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 17 of Delphi's Complaint. On that basis, the allegations of paragraph 17 are denied.

**Paragraph 18 of Delphi's Complaint:**

18. Delphi is currently manufacturing PODS bladders using the production capabilities, parts, and products Delphi acquired from its purchase of assets from DPH.

**Methode's Response:**

Methode is without information sufficient to enable it to admit or deny the allegations of paragraph 18 of Delphi's Complaint. On that basis, the allegations of paragraph 18 are denied.

**Paragraph 19 of Delphi's Complaint:**

19. Upon information and belief, Methode no longer supplies PODS bladders to any entity, including DPH.

**Methode's Response:**

Methode admits that, because Delphi Automotive Systems, LLC wrongfully terminated the parties' supply contract, it no longer supplies PODS bladders. All other allegations of paragraph 19 are denied.

**Paragraph 20 of Delphi's Complaint:**

20. Based on Methode's ongoing litigation in the Methode Patent Infringement Action against DPH; Methode's request in that Action for a permanent injunction "restraining [DPH], its directors, officers, agents, employees, successors, subsidiaries, assigns, and affiliates, and all persons acting in privy or in concert or participation with any of them from" infringing the '568 Patent; Methode's efforts to obtain a preliminary injunction in the Michigan State Court Action to enjoin DPH from producing PODS bladders in-house; the fact that Delphi now owns DPH's assets related to the PODS bladders; and the fact that Delphi is currently producing

9

PODS bladders in-house—the same PODS bladders that are a subject of the Methode Patent Infringement Action and a subject of the Michigan State Court Action—an actual case or controversy exists between Delphi and Methode as to whether the manufacture, use, sale, or offer for sale of the PODS bladders by Delphi by use of its acquired assets infringes any valid and enforceable claim of the '568 Patent.

**Methode's Response:**

Methode admits that an actual case or controversy exists between Methode and Delphi. Methode is without sufficient information to deny the remaining allegations of paragraph 20 of Delphi's Complaint. On that basis, the allegations of paragraph 20 are denied.

<u>**COUNT I – BREACH OF CONTRACT**</u>

**Paragraph 21 of Delphi's Complaint:**

21.     Paragraphs 1-20 of Delphi's Complaint are re-alleged and reincorporated by reference as if fully set forth herein.

**Methode's Response:**

Methode incorporates its answers to paragraphs 1-20 as though fully set forth herein.

**Paragraph 22 of Delphi's Complaint:**

22.     DPH's predecessor, Delco Electronics Corporation ("DPH/Delco"), a pioneer in automotive safety technologies, developed the PODS bladders used in PODS now manufactured by Delphi. In late 1996 and through 1997, employees at DPH/Delco, including Duane Fortune, Robert Myers, Morgan Murphy and Pamela Roe, began working on a PODS bladder for use in PODS.

**Methode's Response:**

Methode denies that DPH/Delco developed the PODS bladders used in PODS. Methode is without sufficient information to admit or deny the remaining allegations of paragraph 22 of Delphi's Complaint. On that basis, the allegations of paragraph 22 are denied.

**Paragraph 23 of Delphi's Complaint:**

23.     After months of testing, researching, and designing bladders, DPH/Delco approached Methode's predecessor, Automotive Components, Incorporated ("Methode/ACI"), to determine whether Methode/ACI could serve as a potential manufacturer for the PODS bladder. To that end, on or about May 23, 1997, Methode/ACI signed a General Nondisclosure Agreement with DPH/Delco, which became effective on or about May 28, 1997. Through the General Nondisclosure Agreement, Methode/ACI agreed to take certain measures to avoid dissemination of DPH/Delco's proprietary information relating to PODS bladder technology ("Proprietary Information") to any third party, and to use such Proprietary Information only for the benefit of DPH/Delco and only for the purpose of Developing and/or Quoting.

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 23 of Delphi's Complaint, and, therefore, denies those allegations.

**Paragraph 24 of Delphi's Complaint:**

24.     Thereafter, and pursuant to this General Nondisclosure Agreement, DPH/Delco began providing to Methode/ACI significant details of DPH/Delco's inventions and development work, including the Proprietary Information, so that Methode/ACI could evaluate and provide appropriate manufacturing prototypes and tooling to produce the bladders to be used in PODS products.

11

**Methode's Response:**

Methode denies the allegations of paragraph 24 of Delphi's Complaint.

**Paragraph 25 of Delphi's Complaint:**

25.    During the course of this development, Mr. Duane Fortune, Mr. Morgan Murphy, among others at DPH/Delco—but not Dr. Speckhart, Mr. Baker or anyone else at Methode/ACI—developed a PODS bladder with an array of circular cells.    DPH/Delco subsequently shared these concepts and designs with Methode/ACI.

**Methode's Response:**

Methode denies the allegations of paragraph 25 of Delphi's Complaint.

**Paragraph 26 of Delphi's Complaint:**

26.    Around January 1998, DPH/Delco spun-off from General Motors Corporation and later became a wholly-owned subsidiary of DPH.  On December 31, 2003, DPH/Delco converted and changed its name to Delco Electronics LLC.  On September 30, 2005, Delco Electronics LLC merged by operation of law into DPH-DAS LLC.  Accordingly, DPH/Delco's rights under the General Nondisclosure Agreement were assigned to DPH.

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 26 of Delphi's Complaint.  On that basis, the allegations of paragraph 26 are denied.

**Paragraph 27 of Delphi's Complaint:**

27.    On February 18, 1998, DPH/Delco filed a patent application directed to a weight-sensing bladder that encompasses the bladder used in DPH's PODS.  This patent application ultimately issued as U.S. Patent No. 6,101,436 ("'436 Patent") on August 8, 2000.

**Methode's Response:**

Methode admits that DPH/Delco filed a patent application on February 18, 1998. Methode further admits that U.S. Patent No. 6,101,436 ("the '436 patent") appears on its face to have issued on August 8, 2000. Methode denies the remaining allegations of paragraph 27 of Delphi's Complaint.

**Paragraph 28 of Delphi's Complaint:**

28. Unbeknownst to DPH/Delco and months after DPH/Delco filed its patent application, Methode/ACI disclosed and utilized—and Methode continues to utilize—the Proprietary Information in violation of Methode/ACI's contractual obligations, including the obligations set forth in the General Nondisclosure Agreement.

**Methode's Response:**

Methode denies the allegations of paragraph 28 of Delphi's Complaint.

**Paragraph 29 of Delphi's Complaint:**

29. Methode/ACI disclosed DPH/Delco's Proprietary Information at least in United States Patent Application Serial No. 29/085,897 ("the '897 application"), United States Patent Application Serial No. 09/072,833 ("the '833 application"), and United States Application Serial No. 09/146,677 ("the '677 application")—the application that eventually became the '568 Patent—in violation of Methode/ACI's contractual obligations, including the obligations set forth in the General Nondisclosure Agreement.

**Methode's Response:**

Methode denies the allegations of paragraph 29 of Delphi's Complaint.

**Paragraph 30 of Delphi's Complaint:**

30. Upon information and belief, Methode/ACI used the Proprietary Information to prepare the '897 application, the '833 application, and the '677 application. Upon information

13

and belief, these activities commenced before September 3, 1998, and continued thereafter.

**Methode's Response:**

Methode denies the allegations of paragraph 30 of Delphi's Complaint.

**Paragraph 31 of Delphi's Complaint:**

31.　　By using the Proprietary Information to prepare the '897 application, the '833 application, and the '677 application, Methode/ACI used the Proprietary Information for purposes other than Developing and/or Quoting and for purposes other than the benefit of DPH/Delco in violation of Methode/ACI's contractual obligations.

**Methode's Response:**

Methode denies the allegations of paragraph 31 of Delphi's Complaint.

**Paragraph 32 of Delphi's Complaint:**

32.　　Upon information and belief, on or about 2001, Methode/ACI sold substantially all of its assets to Methode including, but not limited to, equipment, technology/know-how, and intellectual property.

**Methode's Response:**

Methode denies the allegations of paragraph 32 of Delphi's Complaint.

**Paragraph 33 of Delphi's Complaint:**

33.　　Upon information and belief, Methode/ACI no longer exists.

**Methode's Response:**

Methode is without information sufficient to admit or deny the allegations of paragraph 33 of Delphi's Complaint. On that basis, the allegations of paragraph 33 are denied.

**Paragraph 34 of Delphi's Complaint:**

34.　　Upon information and belief, after having acquired Methode/ACI, Methode filed patent applications including, but not limited to, United States Application Serial No. 09/998,206

14

("the '206 application") that contained the Proprietary Information. Methode used the Proprietary Information for purposes other than Developing and/or Quoting and for purposes other than the benefit of DPH/Delco.

**Methode's Response:**

Methode denies the allegations of paragraph 34 of Delphi's Complaint.

**Paragraph 35 of Delphi's Complaint:**

35.     Methode is liable as a successor to Methode/ACI for Methode/ACI's contractual obligations and any breach thereof, including Methode/ACI's contractual obligations set forth in the General Nondisclosure Agreement. Methode purchased substantially all of Methode/ACI's assets which resulted in a *de facto* merger and/or Methode becoming a mere continuation of Methode/ACI because, on information and belief, Methode has, among other things, maintained continuity of Methode/ACI's corporate entity based on, among other things and on information and belief, Methode's hiring of Methode/ACI management and personnel, and Methode's use of Methode/ACI's physical operations.

**Methode's Response:**

Methode denies the allegations of paragraph 35 of Delphi's Complaint.

**Paragraph 36 of Delphi's Complaint:**

36.     In connection with the consummation of DPH's Modified Plan of Reorganization and under a Master Disposition Agreement, Delphi purchased the vast majority of DPH's assets which included an assignment of the General Nondisclosure Agreement. This transaction was effective October 6, 2009.

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 36 of Delphi's Complaint. On that basis, the allegations of paragraph 36 are denied.

**Paragraph 37 of Delphi's Complaint:**

37. By reason of the foregoing acts and conduct of Methode/ACI and Methode, Delphi has suffered and will continue to suffer great harm and damage.

**Methode's Response:**

Methode denies the allegations of paragraph 37 of Delphi's Complaint.

**Paragraph 38 of Delphi's Complaint:**

38. Delphi is entitled to recover from Methode the gains, profits, advantages, and unjust enrichment Methode and Methode/ACI obtained as a result of Methode/ACI's and Methode's wrongful acts as hereinabove alleged. Delphi is further entitled to recover from Methode the damages sustained by it as a result of Methode/ACI's and Methode's wrongful acts as hereinabove alleged.

**Methode's Response:**

Methode denies the allegations of paragraph 38 of Delphi's Complaint.

**Paragraph 39 of Delphi's Complaint:**

39. Delphi is entitled to an injunction restraining Methode from reaping any additional commercial advantage from Methode/ACI's and Methode's violation of their contractual obligations set forth herein.

**Methode's Response:**

Paragraph 39 is a conclusion of law to which no response is required. To the extent a response is required, Methode denies the allegations of paragraph 39 of Delphi's Complaint.

**COUNT II – DECLARATION OF
INVALIDITY OF THE '568 PATENT**

**Paragraph 40 of Delphi's Complaint:**

40. Paragraphs 1-39 of Delphi's Complaint are re-alleged and reincorporated by reference as if fully set forth herein.

**Methode's Response:**

Methode incorporates its answers to paragraphs 1-39 as though fully set forth herein.

**Paragraph 41 of Delphi's Complaint:**

41.     The '568 Patent was issued by the U.S. Patent and Trademark Office ("USPTO") on November 2, 1999. Methode, in paragraphs 11 and 25 of its Complaint in the Methode Patent Infringement Action, claims to own all rights in and to the '568 Patent.

**Methode's Response:**

Methode admits the allegations of paragraph 41 of Delphi's Complaint.

**Paragraph 42 of Delphi's Complaint:**

42.     In the Methode Patent Infringement Action, Methode claims that certain acts of DPH infringed the '568 Patent.

**Methode's Response:**

Methode admits that it claims that certain acts of Delphi Automotive Systems, LLC or its related companies infringed the Speckhart Patent.

**Paragraph 43 of Delphi's Complaint:**

43.     Delphi has purchased assets of DPH including DPH's production capabilities, parts, and products for manufacturing PODS and PODS bladders.

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 43 of Delphi's Complaint. On that basis, the allegations of paragraph 43 are denied.

**Paragraph 44 of Delphi's Complaint:**

44.     Delphi is currently manufacturing PODS bladders using the production capabilities, parts, and products Delphi acquired from DPH.

17

**Methode's Response:**

Methode is without sufficient information to admit or deny the allegations of paragraph 44 of Delphi's Complaint.  On that basis, the allegations of paragraph 44 are denied.

**Paragraph 45 of Delphi's Complaint:**

45.   The '568 Patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103 and 112, and/or for being in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code, and/or for being anticipated by prior art patent '436 Patent, and/or prior invention by DPH/Delco personnel.

**Methode's Response:**

Paragraph 45 is a conclusion of law to which no response is required.  To the extent a response is required, Methode denies the allegations of paragraph 45 of Delphi's Complaint.

**Paragraph 46 of Delphi's Complaint:**

46.   By reason of the foregoing, there is an actual and justiciable controversy between Delphi on the one hand, and Methode on the other, and Delphi is entitled to a decree that the '568 Patent is invalid.

**Methode's Response:**

Methode admits that there is an actual and justiciable controversy between Delphi and Methode.  Methode denies the remaining allegations of paragraph 46 of Delphi's Complaint.

**COUNT III – DECLARATION OF
UNENFORCEABILITY OF THE '568 PATENT**

**Paragraph 47 of Delphi's Complaint:**

47.   Paragraphs 1-46 of Delphi's Complaint are re-alleged and reincorporated by reference as if fully set forth herein.

**Methode's Response:**

Methode incorporates its answers to paragraphs 1-46 as though fully set forth herein.

**Paragraph 48 of Delphi's Complaint:**

48.    For the reasons set forth below, the '568 Patent is unenforceable.

**Methode's Response:**

Paragraph 48 is conclusion of law to which no response is required.  To the extent a response is required, Methode denies the allegations of paragraph 48 of Delphi's Complaint.

**Paragraph 49 of Delphi's Complaint:**

49.    Upon information and belief, during prosecution of the '568 Patent, Methode/ACI and others substantively involved in the prosecution of the '568 Patent deliberately engaged in a pattern of inequitable conduct that was misleading and calculated to mislead the USPTO into granting the '568 Patent coverage to which Methode/ACI was not and is not entitled.

**Methode's Response:**

Methode denies the allegations of paragraph 49 of Delphi's Complaint.

**Paragraph 50 of Delphi's Complaint:**

50.    Upon information and belief, those involved in this scheme included at least the following individuals at Methode/ACI, all of whom were believed to be substantively involved in the prosecution of the '568 Patent:  Frank Speckhart and Scott Baker.

**Methode's Response:**

Methode denies the allegations of paragraph 50 of Delphi's Complaint.

**Paragraph 51 of Delphi's Complaint:**

51.    Upon information and belief, Methode/ACI and others substantively involved in the prosecution of the '568 Patent filed the underlying application for the '568 Patent directed to

19

subject matter that the named inventors either did not invent or which was not patentable over the prior art known to those substantively involved in the prosecution of the '568 Patent.

**Methode's Response:**

Methode denies the allegations of paragraph 51 of Delphi's Complaint.

**Paragraph 52 of Delphi's Complaint:**

52.    In addition, upon information and belief, Methode/ACI and those substantively involved in the prosecution of the '568 Patent deliberately concealed from the USPTO material prior art and other material information, including the inventions, designs, offers for sales, and other information regarding the design and development of Delphi's PODS products, including the bladder with circular cells invention as well as other occupant sensing designs and technologies, disclosed by DPH/Delco to Frank Speckhart, Scott Baker and others at Methode/ACI in an effort by Methode/ACI to mislead the USPTO.

**Methode's Response:**

Methode denies the allegations of paragraph 52 of Delphi's Complaint.

**Paragraph 53 of Delphi's Complaint:**

53.    In addition, upon information and belief, Methode/ACI and those substantively involved in the prosecution of the '568 Patent, deliberately and with deceptive intent concealed from the USPTO the true inventors of the subject matter claimed in the '568 Patent, namely Messrs. Duane Fortune and/or Morgan Murphy, concealed the inventive contribution attributable to Messrs. Fortune and/or Murphy to the subject matter claimed in the '568 Patent, and/or incorrectly named inventors, in an unlawful effort to disenfranchise Messrs. Fortune and/or Murphy from their rights to the subject matter claimed in the '568 Patent and to mislead the USPTO.

**Methode's Response:**

Methode denies the allegations of paragraph 53 of Delphi's Complaint.

**Paragraph 54 of Delphi's Complaint:**

54.    The foregoing activities were material and intended by Methode/ACI and others substantively involved in the prosecution of the '568 Patent to mislead the USPTO. As a result, the '568 Patent is unenforceable by reason of inequitable conduct.

**Methode's Response:**

Paragraph 54 is a conclusion of law to which no response is required. To the extent a response is required, Methode denies the allegations of paragraph 54 of Delphi's Complaint.

**Paragraph 55 of Delphi's Complaint:**

55.    By reason of the foregoing, there is an actual and justiciable controversy between Delphi on the one hand, and Methode on the other, and Delphi is entitled to a decree that the '568 Patent is unenforceable.

**Methode's Response:**

Methode admits that there is an actual and justiciable controversy between Delphi and Methode. Methode denies the remaining allegations of paragraph 55 of Delphi's Complaint.

## COUNT IV – DECLARATION OF
## NON-INFRINGEMENT OF THE '568 PATENT

**Paragraph 56 of Delphi's Complaint:**

56.    Paragraphs 1-55 of Delphi's Complaint are re-alleged and reincorporated by reference as if fully set forth herein.

**Methode's Response:**

Methode incorporates its answers to paragraphs 1-55 as though fully set forth herein.

**Paragraph 57 of Delphi's Complaint:**

57.    Delphi has not infringed, and does not infringe any valid, enforceable claim of the '568 Patent, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '568 Patent.

**Methode's Response:**

Paragraph 57 is a legal conclusion to which no response is required.  To the extent a response is required, the allegations of paragraph 57 of Delphi's Complaint are denied.

**Paragraph 58 of Delphi's Complaint:**

58.    By reason of the foregoing, there is an actual and justiciable controversy between Delphi on the one hand, and Methode on the other, and Delphi is entitled to a decree that Delphi does not infringe the '568 Patent.

**Methode's Response:**

Methode admits that there is an actual and justiciable controversy between Delphi and Methode.  Methode denies the remaining allegations of paragraph 58 of Delphi's Complaint.

## PRAYER FOR RELIEF

Methode denies that Delphi is entitled to either the requested relief or any other or further relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Failure to State a Claim

Delphi has failed to state a claim for which relief can be granted.

### Second Affirmative Defense – Laches

One or more of Delphi's claims are barred by the doctrine of laches.

### Third Affirmative Defense – Equitable Estoppel

One or more of Delphi's claims are barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense – Waiver

One or more of Delphi's claims are barred by waiver.

## METHODE ELECTRONICS, INC.'S COUNTERCLAIM

For its counterclaim against Delphi Automotive Systems, LLC ("Delphi"), Methode Electronics, Inc. ("Methode") alleges as follows:

### THE PARTIES

1.    Methode is a Delaware Corporation having a principal place of business at 7401 West Wilson Ave., Chicago, Illinois 60706.  Methode is the assignee and owner of U.S. Patent No. 5,975,568, entitled "Sensor Pad for Controlling Airbag Deployment and Associated Support" ("the Speckhart Patent").

2.    Upon information and belief, Delphi is a Delaware limited liability company with a principal place of business at 5725 Delphi Drive, Troy, Michigan 48908-2815.

### JURISDICTION AND VENUE

3.    Methode brings this claim for patent infringement under the laws of the United States, 35 U.S.C. § 271 et seq.  This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

4.    This Court has personal jurisdiction over Delphi and venue is proper in this judicial district by virtue of Delphi's consent to both.

### THE FACTS

5.    Methode realleges paragraphs 1-4 as though fully set forth herein.

6.    In 1997, Delphi's predecessor, Delco Electronics Corporation ("Delco") approached Methode's predecessor, American Components, Inc. ("ACI"), and requested that ACI develop a weight sensing pad suitable for use in a vehicle restraint system.  Despite its attempts, Delco had been unable to develop a suitable weight sensing pad.

7.     In response to Delco's request, ACI engaged Dr. Frank Speckhart, a professor at the University of Tennessee, to work with Mr. Scott Baker, Vice President of ACI, on the weight sensing pad.

8.     To meet Delco's requirements, Dr. Speckhart and Mr. Baker, working together, invented a weight sensing pad with hexagonal cells formed by spot welding. Their invention is described and claimed in the Speckhart Patent.

9.     The success of the Speckhart-Baker invention led Delco to enter into a multi-year agreement with ACI, whereby ACI was the exclusive supplier of the weight sensing pads to Delco.

10.     Subsequently, Methode acquired assets of ACI, including the Speckhart Patent and assets related to the weight sensing pads.

11.     After Methode acquired the Speckhart Patent and assets related to the weight sensing pads in 2001, Delphi or its related companies continued to purchase weight sensing pads from Methode on an exclusive basis through a second successive multi-year agreement with Methode.  In this agreement, Methode provided Delphi or its related companies with year over year price decreases, which applied over the term of the agreement even though material costs increased dramatically.

12.     Methode's weight sensing pad is a critical component of Delphi's PODS system for complying with federal safety mandates.  Methode produced and shipped in excess of 30 million weight sensing pads to Delphi or its related companies.

13.     In 2008, the term of the second agreement ended.  Rather than negotiating in good faith with Methode, Delphi or its related companies instead threatened to find a new source for

25

the weight sensing pads. After many years of price decreases, economic factors, including material price increases and unanticipated and dramatic volume reductions, caused Methode to increase the price of the weight sensing pads.

14.     In September 2008, Delphi or its related companies and Methode entered a new, three year supply agreement.

15.     In September 2009, long before the end of the 2008 agreement's three year term, Delphi or its related companies wrongfully terminated the 2008 supply contract.

16.     Delphi has admitted that it purchased DPH's production capabilities, parts, and products for manufacturing PODS and PODS bladders (e.g., the weight sensing pads).

17.     Delphi has further admitted that it is currently manufacturing weight sensing pads for use in PODS.

## COUNT I – PATENT INFRINGEMENT

18.     Methode incorporates by reference the allegations of paragraphs 1-17 as though fully set forth herein.

19.     On November 29, 1999, the Speckhart Patent was duly and legally issued. A true and correct copy of the Speckhart Patent is attached hereto as Exhibit A.

20.     The claims of the Speckhart Patent are directed, *inter alia*, to a weight sensing pad for an automobile.

21.     Methode is the owner by assignment of the Speckhart Patent, its subject matter, and the rights of recovery flowing therefrom.

22.     Delphi has manufactured and used, and continues to manufacture and use, weight sensing pads in the United States without authorization from Methode.

26

23.     On information and belief, Delphi has offered for sale and/or intends to offer for sale and sell, weight sensing pads throughout the United States without authorization from Methode.

24.     On information and belief, Delphi's weight sensing pads infringe, literally or by equivalents, one or more valid and enforceable claims of the Speckhart Patent.

25.     Delphi has infringed, and continues to infringe, directly or indirectly, the Speckhart Patent by, *inter alia*, practicing or inducing or contributing to others practicing one or more valid and enforceable claims of the Speckhart Patent.

26.     As a direct and proximate result of Delphi's acts of infringement of the Speckhart Patent, Methode has suffered injury and damages for which it is entitled to relief, including, but not limited to, monetary damages.

27.     On information and belief, Delphi has knowingly, willfully, and deliberately infringed the Speckhart Patent in conscious disregard of Methode's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

28.     Delphi's infringement of the Speckhart Patent, which has caused Methode irreparable harm, will continue, thereby causing Methode further harm, unless the Court enjoins and restrains its activities.

29.     The infringement by Delphi has deprived, and will further deprive, Methode of revenue which Methode would have made or would enjoy in the future; has injured Methode in other respects, and will cause Methode added injury and damage in the future unless Delphi is enjoined from infringing the Speckhart Patent.

**WHEREFORE,** Methode prays that judgment be entered in its favor and against Delphi as follows:

A.      Enter judgment for Methode that the Speckhart Patent was duly and legally issued, is valid and enforceable, and has been infringed by Delphi;

B.      Enter judgment for Methode that Delphi has willfully infringed, and is willfully infringing, one or more claims of the Speckhart Patent;

C.      Issue a permanent injunction retraining Delphi, its directors, officers, agents, employees, successors, subsidiaries, assigns, and affiliates, and all persons acting in privy or in concert or participation with any of them from the continued infringement, direct or contributory, or active inducement of infringement by others of the Speckhart Patent;

D.      Direct Delphi to file with the Court and to serve on Methode a written report under oath setting forth in detail the manner and form in which Delphi has complied with the injunction;

E.      Order Delphi to account for in written form and to pay to Methode actual damages suffered by reason of Delphi's infringement of the Speckhart Patent, including, but not limited to, monetary damages, and further order that such damages be trebled due to Delphi's deliberate, willful, and knowing conduct;

F.      Order Delphi to pay Methode its costs, expenses, and fees, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and pre-judgment and post-judgment interest at the maximum rate allowed by law;

G.      Grant Methode such other and further relief as the Court may deem just and proper.

28

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Methode demands a jury trial on all issues to triable.

Dated: February 5, 2010

By: /s/ Charles R. Wolfe, Jr.

Thomas Cranmer
Todd Holleman
Marcy Rosen
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
313.496.7668
cranmer@millercanfield.com
holleman@millercanfield.com
rosen@millercanfield.com

Charles R. Wolfe, Jr.
Katherine Barecchia
BLANK ROME LLP
600 New Hampshire Ave. NW
Washington, DC 20037
202.772.5841
Wolfe@BlankRome.com
Barecchia@BlankRome.com

*Attorneys for Methode Electronics, Inc.*

## CERTIFICATE OF SERVICE

     1.    I hereby certify that on February 5, 2010, I electronically submitted the foregoing paper with the Clerk of the Court using the ECF system and the Court will send notification of such filing to the following parties:

| | |
|---|---|
| Binal Patel | bpatel@bannerwitcoff.com |
| Charles R. Wolfe, Jr | wolfe@blankrome.com |
| Charles W. Shifley | cshifley@bannerwitcoff.com |
| Joseph E. Papelian | joseph.e.papelian@delphi.com |
| Katherine P. Barecchia | barecchia@blankrome.com |
| Marcy L. Rosen | rosen@millercanfield.com |
| Thomas W. Cranmer | cranmer@millercanfield.com, |
| Timothy J. Rechtien | trechtien@bannerwitcoff.com |
| Todd A. Holleman | holleman@millercanfield.com, |
| William Cosnowski, Jr. | william.cosnowski.jr@delphi.com |

     2.    Also, on February 5, 2010, I served the following party by U.S. First Class Mail:

Matthew P. Becker, Esq.
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, IL 60606

     3.    Said services were made by enclosing the aforementioned documents in a postage paid, correctly addressed, sealed wrapper and deposited in an official receptacle of the U.S. Post Office, in the County of Wayne, Michigan.

By:    s/ Charles R. Wolfe, Jr.
        Charles R. Wolfe, Jr.
        BLANK ROME LLP
        600 New Hampshire Ave. NW
        Washington, DC 20037
        202.772.5841
        Wolfe@BlankRome.com