# EXHIBIT V

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware limited liability company,

        Plaintiff/Counter-Defendant,

vs.

METHODE ELECTRONICS, INC.,

        Defendant/Counter-Plaintiff.

Civil Action No. 08-095518-CK

Hon. Nanci J. Grant

| | |
|---|---|
| Thomas S. Bishoff (P53753)<br>Dante A. Stella (P60443)<br>Stephen W. King (P56456)<br>Attorneys for Plaintiff/Counter-Defendant<br>DPH-DAS LLC<br>Dykema Gossett PLLC<br>400 Renaissance Center, 35th Floor<br>Detroit, Michigan 48243<br>(313) 568-5341 | John R. Trentacosta (P31856)<br>Jeffrey S. Kopp (P59485)<br>Gary E. Steinbauer (P69789)<br>Attorneys for Defendant/Counter-Plaintiff<br>Methode<br>Foley & Lardner LLP<br>500 Woodward Avenue, Suite 2700<br>Detroit, Michigan 48226-3489<br>(313) 234-7100 |
| Joseph E. Papelian (P26582)<br>Co-Counsel for Plaintiff/Counter Defendant<br>DPH-DAS LLC<br>Delphi Automotive Systems, LLC<br>M/C 483-400-603<br>Troy, Michigan 48098-2815<br>(248) 813-2535 | Ann Marie Walsh<br>Admitted *pro hac vice*<br>Co-Counsel for Defendant/Counter-Plaintiff<br>Methode<br>Locke Lord Bissell & Liddell LLP<br>111 South Wacker Drive<br>Chicago, Illinois<br>(312) 443-0654 |

## NOTICE OF HEARING

To:    Clerk of the Court; and
        Counsel of Record

      PLEASE TAKE NOTICE that Plaintiff/Counter-Defendant DAS-DPH LLC's

Motion to Dismiss Pursuant to MCR 2.116(C)(4) or, in the alternative, To Enjoin

Proceedings will be brought on for hearing before Honorable Nanci J. Grant, in her

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

courtroom, on Wednesday, December 30, 2009 at 8:30 a.m. or as soon thereafter as

counsel may be heard.


DYKEMA GOSSETT PLLC

By: /s/ Thomas S. Bishoff
    Thomas S. Bishoff (P53753)
    Attorneys for Plaintiff/Counter-
    Defendant DPH-DAS LLC
    400 Renaissance Center, 35th Floor
    Detroit, Michigan 48243
    (313) 568-5341
    tbishoff@dykema.com

Dated:  December 4, 2009

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware limited liability company,

       Plaintiff/Counter-Defendant,

vs.

METHODE ELECTRONICS, INC.,

       Defendant/Counter-Plaintiff.

Civil Action No. 08-095518-CK

Hon. Nanci J. Grant

| | |
|---|---|
| Thomas S. Bishoff (P53753)<br>Dante A. Stella (P60443)<br>Stephen W. King (P56456)<br>Attorneys for Plaintiff/Counter-Defendant<br>DPH-DAS LLC<br>Dykema Gossett PLLC<br>400 Renaissance Center, 35th Floor<br>Detroit, Michigan 48243<br>(313) 568-5341 | John R. Trentacosta (P31856)<br>Jeffrey S. Kopp (P59485)<br>Gary E. Steinbauer (P69789)<br>Attorneys for Defendant/Counter-Plaintiff<br>Methode<br>Foley & Lardner LLP<br>500 Woodward Avenue, Suite 2700<br>Detroit, Michigan  48226-3489<br>(313) 234-7100 |
| Joseph E. Papelian (P26582)<br>Co-Counsel for Plaintiff/Counter Defendant<br>DPH-DAS LLC<br>Delphi Automotive Systems, LLC<br>M/C 483-400-603<br>Troy, Michigan  48098-2815<br>(248) 813-2535 | Ann Marie Walsh<br>Admitted *pro hac vice*<br>Co-Counsel for Defendant/Counter-Plaintiff<br>Methode<br>Locke Lord Bissell & Liddell LLP<br>111 South Wacker Drive<br>Chicago, Illinois<br>(312) 443-0654 |

## DPH-DAS LLC'S MOTION TO DISMISS PURSUANT TO MCR 2.116(C)(4) OR, IN THE ALTERNATIVE, TO ENJOIN PROCEEDINGS

Plaintiff/Counter-Defendant DAS-DPH LLC, formerly known as Delphi

Automotive Systems LLC ("DPH")[1], brings this Motion to dismiss or alternatively to

---

[1] On October 6, 2009, the reorganized company Delphi Automotive Systems LLC filed the relevant documents in the state of Delaware to change its corporate name to DPH-

FEE

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

enjoin the instant action and effectively transfer the case to the bankruptcy proceeding concerning DPH pending in the Federal Bankruptcy Court in the Southern District of New York. As addressed in the Brief and supporting exhibits that accompanies this Motion, Defendant/Counter-Plaintiff Methode Electronic, Inc's. ("Methode") counterclaim here is subject to an injunction that became effective on October 6, 2009 (the date the Delphi bankruptcy plan was consummated). Methode, on November 5, 2009, filed administrative claims in the Bankruptcy Court that oversees claims involving DPH. Methode's administrative claim subsumes its counterclaim here. The Bankruptcy Court's orders and injunction cover Methode's counterclaim and require all claims against DPH that arose based on events before October 6, 2009 to be heard only in the Bankruptcy Court.

Bankruptcy actions are the exclusive function of the federal government and its courts. *See, e.g.,* U.S. CONST. art. I, cl. 8. The Bankruptcy Court's orders governing the resolution of administrative claims applies with full force and effect to Methode counterclaim pursuant to the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2 and the doctrine of federal preemption. Accordingly, this Court can longer hear the counterclaim as a matter of law and must dismiss, or alternatively enjoin, Methode's counterclaim because it lacks subject-matter jurisdiction under MCR 2.116(C)(4).

As an accommodation premised on the dismissal of the counterclaim here, and to promote judicial economy and consistent results, DPH also moves to dismiss its own primary claims here and re-file them against Methode in the Bankruptcy Court.

---

DAS LLC; a Notice of Name Change of Delphi Automotive Systems LLC to DPH-DAS

Concurrence in the relief requested in this Motion was sought from Methode but denied.

For the reasons set forth above and in the accompanying Brief and supporting exhibits, the action in this Court should be dismissed in its entirety so that the claims and the counterclaim may be heard in the Bankruptcy Court.

DYKEMA GOSSETT PLLC

By: /s/ Thomas S. Bishoff
Thomas S. Bishoff (P53753)
Attorneys for Plaintiff/Counter-
Defendant DPH-DAS LLC
400 Renaissance Center, 35th Floor
Detroit, Michigan 48243
(313) 568-5341
tbishoff@dykema.com

Dated:  December 4, 2009

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

---

LCC has been filed contemporaneously with this Motion.

3

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

DELPHI AUTOMOTIVE SYSTEMS LLC,
a Delaware limited liability company,

        Plaintiff/Counter-Defendant,

vs.

METHODE ELECTRONICS, INC.,

        Defendant/Counter-Plaintiff.

Civil Action No. 08-095518-CK

Hon. Nanci J. Grant

| | |
|---|---|
| Thomas S. Bishoff (P53753)<br>Dante A. Stella (P60443)<br>Stephen W. King (P56456)<br>Attorneys for Plaintiff/Counter-Defendant<br>DPH-DAS LLC<br>Dykema Gossett PLLC<br>400 Renaissance Center, 35th Floor<br>Detroit, Michigan 48243<br>(313) 568-5341 | John R. Trentacosta (P31856)<br>Jeffrey S. Kopp (P59485)<br>Gary E. Steinbauer (P69789)<br>Attorneys for Defendant/Counter-Plaintiff<br>Methode<br>Foley & Lardner LLP<br>500 Woodward Avenue, Suite 2700<br>Detroit, Michigan 48226-3489<br>(313) 234-7100 |
| Joseph E. Papelian (P26582)<br>Co-Counsel for Plaintiff/Counter Defendant<br>DPH-DAS LLC<br>Delphi Automotive Systems, LLC<br>M/C 483-400-603<br>Troy, Michigan 48098-2815<br>(248) 813-2535 | Ann Marie Walsh<br>Admitted *pro hac vice*<br>Co-Counsel for Defendant/Counter-Plaintiff<br>Methode<br>Locke Lord Bissell & Liddell LLP<br>111 South Wacker Drive<br>Chicago, Illinois<br>(312) 443-0654 |

**DPH-DAS LLC'S BRIEF IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO MCR 2.116(C)(4) OR, IN THE
ALTERNATIVE, TO ENJOIN PROCEEDINGS**

**INTRODUCTION**

    This Motion is brought to dismiss the instant action and effectively transfer the

case to the bankruptcy proceeding pending in the Federal Bankruptcy Court in the

Southern District of New York. In short, Methode's counterclaim here is subject to an

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

injunction that became effective on October 6, 2009 (the date the Delphi bankruptcy plan was consummated). That injunction prevents parties (including Methode) from pursuing claims like the one here based on events arising before October 6, 2009 (as here) in any arena other than in the Bankruptcy Proceedings.

Apparently understanding that it was subject to this injunction, Methode, on November 5, 2009, filed an administrative claim in the Bankruptcy Court that oversees claims involving DPH-DAS LLC ("DPH"), formerly Delphi Automotive Systems LLC. Methode's administrative claim subsumes its counterclaim here. Accordingly, the counterclaim – which this Court cannot now hear as a matter of law – should be dismissed for lack of subject-matter jurisdiction under MCR 2.116(C)(4), effectively transferring the claim to the Bankruptcy Court. As an accommodation premised on the dismissal of the counterclaim here, and to promote judicial economy and consistent results, DPH would be willing to dismiss its own primary claims here and re-file them against Methode in the Bankruptcy Court.

## STATEMENT OF FACTS

**A.     The Delphi Bankruptcy Commenced in 2005, It was Consummated on October 6, 2009, and An Injunction Now Applies to These Proceedings.**

On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its domestic affiliates (including without limitation, Delphi Automotive Systems LLC ("DAS LLC") and collectively referred to herein as the "Debtors,") filed petitions for reorganization relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

---

[1]    A list of the entities that comprise the Debtors is set forth on **Ex. 1.**

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

On December 10, 2007, in the Chapter 11 case *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.) (n/k/a *In re DPH Holdings Corp., et al.*), the Debtors filed their first amended joint plan of reorganization (Bankr. Ct. Docket No. 11386)[2] (the "Plan") and related disclosure statement (the "Disclosure Statement") (Bankr. Ct. Docket No. 11388) and on January 25, 2008, the Bankruptcy Court entered an order (Bankr. Ct. Docket No. 12359) (the "Confirmation Order") confirming the Plan, as modified (the "Confirmed Plan"). The Confirmation Order became final on February 4, 2008.

On June 16, 2009, in the Chapter 11 case *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.) (n/k/a *In re DPH Holdings Corp., et al.*), the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Bankr. Ct. Docket No. 17030) (the "Modified Plan").[3] The Modified Plan made certain modifications to the terms of the Confirmed Plan. Additionally, on June 16, 2009, the Bankruptcy Court entered the Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (As Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims

---

[2]   A copy of all bankruptcy docket entries can be obtained in their entirety at the website www.dphholdingsdocket.com.

[3]   Relevant sections of the Modified Plan cited in this Motion are attached as **Ex. 2**.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Bar Date and Alternative Transaction Hearing Date. (Bankr. Ct. Docket No.17032 ) (the "Modification Procedures Order").[4]

Paragraph 38 (Ex. 3) of the Modification Procedures Order provides:

> Establishment Of Bar Date For Administrative Expense Claims. Any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "Administrative Expense Bar Date") for the period from the commencement of these cases through June 1, 2009.

Accordingly, the bar date for filing Administrative Claims (as defined in the Modification Procedures Order) for claims arising on or before June 1, 2009 was established as July 15, 2009.

On or before June 20, 2009, Debtors served on Methode notice of the July 15, 2009 administrative claim bar date.[5]   On July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Bankr. Ct. Docket No. 12359) (the "Plan Modification Order") (Bankr. Ct. Docket No. 18707), which modified

---

[4]   Relevant sections of the Modification Procedures Order are attached hereto as **Ex. 3**.

[5]   Relevant sections of the Affidavit of Service executed by Evan Gershbein and filed in the Chapter 11 cases (Bankr. Ct. Docket No. 17267), due and proper notice of the Notice of Bar Date for Filing Proofs of Administrative Expense  was provided to Methode on or before June 20, 2009 is attached as **Ex. 4**.

4

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

and approved the Modified Plan.[6]

On October 6, 2009, the "Effective Date" of the Modified Plan occurred and the Modified Plan was substantially consummated. On that date, the Debtors emerged from Chapter 11 as reorganized entities (the "Reorganized Debtors") and many of the corporate entities changed their corporate names.[7]

Paragraph 47 of the Plan Modification Order provides in part:

> ...requests for payment of an Administrative Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases....

**Ex. 5, ¶47.**

In compliance with paragraph 47 of the Plan Modification Order, the notice of Effective Date was filed on October 6, 2009 with the Bankruptcy Court in the Chapter 11 cases (Bankr. Ct. Docket No. 18958) (the "Effective Date Notice"), copy attached, **Ex. 6.** Upon the occurrence of the Effective Date on October 6, 2009, the bar date for filing Administrative Claims (as defined in the Plan Modification Order – **Ex. 5.**) for claims arising on or after June 1, 2009 was established as November 5, 2009 – thirty days after the Effective Date (the "Final Administrative Expense Bar Date"). In addition, as noted in the affidavit of service executed by Evan Gershbein and filed in the Chapter 11 cases

---

[6]  Relevant portions of the Plan Modification Order are attached as **Ex. 5.**

[7]  On the Effective Date, the reorganized company Delphi Automotive Systems LLC filed the relevant documents in the state of Delaware to change its corporate name to DPH-DAS LLC; a Notice of Name Change of Delphi Automotive Systems LLC to DPH-DAS LCC has been filed contemporaneously with this Motion.

(Bankr. Ct. Docket No. 18978), due and proper notice of the Final Administrative Expense Bar Date was provided to Methode on or before October 9, 2009 through service of the Effective Date Notice.[8]

### B.   Methode's Counterclaim Falls Within the Purview of the Bankruptcy Court's Orders and Injunction and Must Be Heard in Bankruptcy.

On January 9, 2009, Methode filed its First Amended Verified Answer to Plaintiff's First Amended Verified Complaint, Affirmative Defenses, and Counterclaim. The counterclaim asserts a claim for anticipatory repudiation of the parties' August/September 2008 supply agreement. Generally, the counterclaim alleges:

(i)    Delphi induced Methode to enter and continue discussions for a three-year agreement based on the false pretense that Delphi intended to perform its obligations under the agreement in good faith. *Methode Counterclaim, ¶42;*

(ii)   Prior to obtaining Methode's agreement to a three-year supply contract, Delphi intended to in-source or re-source the subject parts. *Id., ¶43;*

(iii)  Delphi concealed this intention. *Id., ¶44;* and

(iv)   Methode would not have entered into the supply agreement if Methode had expected or contemplated that Delphi would otherwise attempt to in-source or re-source Methode within the duration of the supply agreement. *Id., ¶45.*

Because these allegations relate to events claimed to have occurred before Methode filed its counterclaim on January 9, 2009, they are on their face claims arising before DPH emerged from bankruptcy protection on October 6, 2009.

On August 26, 2009, Delphi provided Methode notice that it was terminating the parties' supply agreement effective September 10, 2009 under the agreement's termination for convenience provision and termination for breach provision.   On

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

---

[8]    A copy of the relevant portions of the Affidavit of Service is attached as **Ex. 7.**

6

September 2, 2009, Methode moved this Court to enjoin Delphi from terminating the supply agreement. On September 10, 2009, this Court entered its order denying Methode's request for injunctive relief. Since September 10, 2009, DPH has ceased buying bladders from Methode under the parties' previous supply agreements.

### C.    After the Consummation and Consistent with the Injunction, Methode Filed Its Counterclaim Here As an Administrative Claim in the Bankruptcy Case.

Very recently, on or about November 5, 2009, Defendant filed two proofs of claims in the Bankruptcy Court asserting administrative claims against the Debtors, copies of which are attached hereto as **Ex. 8**. As a basis for its adminstrative claims, Methode identifies its counterclaim pending here and states:

### II.    Claims Arising From Three Year Supply Agreement

Effective September 30, 2008, Methode and Delphi Automotive Systems LLC entered into a three year agreement (the "Supply Agreement") pursuant to which Methode agreed to supply Delphi with certain parts for a three year term. On October 23, 2008, Delphi initiated a legal action against Methode in the Circuit Court for the County of Oakland, Michigan, Case No. 08-095518-CK and filed an "emergency motion" for a TRO, Preliminary Injunction, and Immediate Possession Pending Final Judgment seeking copies of certain tooling drawings in Methode's possession. On August 27, 2009, the Debtors delivered a notice to Methode purporting to terminate the Supply Agreement effective September 10, 2009 (the "Termination Date"), only ten months into the three year term. Methode asserts that Delphi negotiated the three-year contract in bad faith and has counterclaimed against Delphi for damages for Delphi's premature and improper termination of the parties' three year contract.

**Ex. 8**, pp. 3, 7. Undeniably, Methode's administrative claims are duplicative of the counterclaim being pursued in this Court. Moreover, the Bankruptcy Court has established specific procedures to resolve such claims expeditiously. Specifically, on October 22, 2009, the Bankruptcy Court entered an order (Bankr. Ct. Docket No. 18998) (a) authorizing and directing the Reorganized Debtors to apply certain claims objection

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

procedures (the "Claims Objection Procedures") to any dispute with respect to Administrative Claims, and (b) stating that all Administrative Claims shall be subject to the Claims Objection Procedures.[9] These Claims Objection Procedures are set forth in an order entered by the Bankruptcy Court on December 6, 2006 (Docket No. 6089) and have been used by the Bankruptcy Court, the Debtors, and claimants in the Chapter 11 cases to resolve individual claims in as few as 65 days. The use of the Claims Objection Procedures to resolve Administrative Claims is meant specifically to expedite the processing and resolution of the Administrative Claims that have been asserted against the Debtors.

## ARGUMENT

I. **MCR 2.116(C)(4) PROVIDES FOR SUMMARY DISPOSITION WHERE THE COURT LACKS SUBJECT MATTER JURISDICTION.**

MCR 2.116(C)(4) provides that summary disposition is appropriate where the circuit court lacks jurisdiction over the subject matter of an action. Such a motion may be brought at any time in the proceedings. *See* MCR 2.116(D)(3). The Michigan subject-matter jurisdiction statute specifically provides that:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

MCL § 600.605. The portion of the statute governing grants of exclusive jurisdiction is not limited to state law – and as set forth below, federal law grants exclusive jurisdiction over claims in bankruptcy to the federal bankruptcy courts.

---

[9] A copy of this Order is attached as attached as **Ex. 9**. *See* specifically, **Ex. 9, ¶¶ 2, 3.**

II. **THE BANKRUPTCY COURT'S ASSERTION OF CONTROL OVER CLAIMS AGAINST THE DEBTORS DEPRIVES THIS COURT OF SUBJECT-MATTER JURISDICTION OVER METHODE'S COUNTERCLAIM.**

As set forth below, the Bankruptcy Court's assertion of jurisdiction overrides the jurisdiction of this Court. The Bankruptcy Court, through the Modified Plan and the Modification Approval Order and under the United States Bankruptcy Code, has enjoined Methode's pursuit of a counterclaim here. Accordingly, this Court must dismiss the counterclaim.

A. **The United States Constitution Vests Exclusive Control Over Bankruptcy Actions in the Federal Bankruptcy Courts, and the Orders of Those Courts Control Proceedings Before This Court.**

The conduct of bankruptcy actions is an exclusive function of the federal government and its courts. *See, e.g.,* U.S. CONST. art. I, cl. 8. The Bankruptcy Court's order governing the resolution of administrative claims applies with full force and effect to this action pursuant to the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2 and the doctrine of federal preemption. *Ryan v Brunswick Corp*, 454 Mich 20, 27-28 (1997) (holding that the Supremacy Clause provides that federal laws take precedence over state laws by express preemption, conflict preemption, or field preemption); *Doe v Henke*, 2008 WL 4927256, at *4 (Mich App Nov. 18, 2008) (**Ex. 10**) (holding that state court "does not have jurisdiction to review an order of the federal bankruptcy court" pursuant to the federal Supremacy Clause).

B. **By Its Orders and Injunctions, the United States Bankruptcy Court for the Southern District of New York Has Assumed Jurisdiction Over Methode's Counterclaim Here.**

Methode' counterclaim in the instant lawsuit is equivalent to the administrative

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

claims recently filed on November 5, 2009 in the Delphi bankruptcy. *See* **Ex. 8.** pp. 3 and 7. By filing its administrative claims Methode acknowledged the claims arose at least before October 6, 2009.[10] Also, by submitting the administrative claims, Methode consented to addressing its claims, including this counterclaim, within the jurisdiction of Bankruptcy Court. To enforce this consent, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover against any claim against the Debtors that arose on or before October 6, 2009. Article 11.14 of the Modified Plan provides that:

> the satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] **shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under [the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code** . . . (Emphasis added.)

**Ex. 2**, Art. 11.14.

Similarly, paragraph 22 of the Plan Modification Order provides that:

> [T]he Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any

---

[10]  Methode did not file any administrative claim in the Delphi Bankruptcy for claims that arose on or before June 1, 2009 as required by the Modification Procedures Order. It is Delphi's position that Methode's filing of it recent administrative claims on November 5, 2009 seeking damages for its counterclaim here is untimely and should be barred for failing to meet the deadlines for claims arising on or before June 1, 2009, which its counterclaim surely must be for it was filed nearly six months before this date. This is another issue requiring resolution by the Bankruptcy Court.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

> manner or means of any judgment, award, decree, order, or
> otherwise with respect to any Claim, Interest, Cause of Action, or
> any other right or Claim against the Reorganized Debtors, which
> they possessed or may possess prior to the Effective Date, (c)
> creating, perfecting, or enforcing any encumbrance of any kind
> with respect to any Claim, Interest, Cause of Action, or any other
> right or Claim against the Reorganized Debtors, which they
> possessed or may possess prior to the Effective Date, and
> (d) asserting any Claims, Interests, or Causes of Action that are
> satisfied, discharged, released, or subject to exculpation hereby or
> by the Modified Plan.

Ex. 5, ¶22.

Accordingly, Defendant is enjoined from proceeding with litigation to address any claim (including its counterclaim here) against any of the Debtors, including the debtor formerly known as DAS LLC (Delphi Automotive Systems LLC), in this Court or elsewhere without first seeking recourse in the Bankruptcy Court. Instead, pursuant to the various orders of the Bankruptcy Court, the underlying dispute should be resolved by the Bankruptcy Court using the Claims Objection Procedures.

## III. DPH-DAS LLC SEEKS, IN CONNECTION WITH DISMISSAL OF METHODE'S COUNTERCLAIM, DISMISSAL OF THE CLAIMS DESCRIBED IN ITS OWN COMPLAINT.

To the extent that the Court dismisses Methode's counterclaim so that it may be heard in the bankruptcy proceedings, DPH-DAS LLC requests that its own claims here be dismissed. DPH-DAS LLC will then pursue those claims in the bankruptcy proceedings. This will reduce the burden on this Court, prevent inconsistent rulings, and preserve judicial resources.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, the action in this Court should be dismissed in its

entirety so that the claims and the counterclaim may be heard in the Bankruptcy Court.

DYKEMA GOSSETT PLLC

By: /s/ Thomas S. Bishoff
Thomas S. Bishoff (P53753)
Attorneys for Plaintiff/Counter-Defendant
DPH-DAS LLC
400 Renaissance Center, 35th Floor
Detroit, Michigan 48243
(313) 568-5341
tbishoff@dykema.com

Dated:  December 4, 2009

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2009, I electronically filed the foregoing

paper with the Clerk of the Court using the Wiznet system, and that this document was

served on the following individuals through the Wiznet E-file & Serve System:

John R. Trentacosta
Ann Marie Walsh

I declare under penalty of perjury that the foregoing is true and correct.

DYKEMA GOSSETT PLLC

By: /s/Thomas S. Bishoff
    Thomas S. Bishoff (P53753)
    Attorneys for Plaintiff/Counter-Defendant
    DPH-DAS LLC
    400 Renaissance Center
    Detroit, Michigan 48243
    (313) 568-5341

Dated:  December 4, 2009     tbishoff@dykema.com

DET01\737707.1
ID\TSB - 019956/0999

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

# EXHIBIT 1

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

## Debtor Entities and Applicable Case Numbers

ASEC Manufacturing General Partnership, Case No. 05-44482
ASEC Sales General Partnership, Case No. 05-44484
Aspire, Inc, Case No. 05-44618
Delco Electronics Overseas Corporation, Case No. 05-44610
Delphi Automotive Systems (Holding), Inc., Case No. 05-44596
Delphi Automotive Systems Global (Holding), Inc., Case No. 05-44636
Delphi Automotive Systems Human Resources LLC, Case No. 05-44639
Delphi Automotive Systems International, Inc., Case No. 05-44589
Delphi Automotive Systems Korea, Inc., Case No. 05-44580
Delphi Automotive Systems LLC, Case No. 05-44640
Delphi Automotive Systems Overseas Corporation, Case No. 05-44593
Delphi Automotive Systems Risk Management Corp., Case No. 05-44570
Delphi Automotive Systems Services LLC, Case No. 05-44632
Delphi Automotive Systems Tennessee, Inc., Case No. 05-44558
Delphi Automotive Systems Thailand, Inc., Case No. 05-44586
Delphi China LLC, Case No. 05-44577
Delphi Connection Systems, Case No. 05-44624
Delphi Corporation, Case No. 05-44481
Delphi Diesel Systems Corp., Case No. 05-44612
Delphi Electronics (Holding) LLC, Case No. 05-44547
Delphi Foreign Sales Corporation, Case No. 05-44638
Delphi Furukawa Wiring Systems LLC, Case No. 05-47452
Delphi Integrated Service Solutions, Inc., Case No. 05-44623
Delphi International Holdings Corp., Case No. 05-44591
Delphi International Services, Inc., Case No. 05-44583
Delphi Liquidation Holding Company, Case No. 05-44542
Delphi LLC, Case No. 05-44615
Delphi Mechatronic Systems, Inc., Case No. 05-44567
Delphi Medical Systems Colorado Corporation, Case No. 05-44507
Delphi Medical Systems Corporation, Case No. 05-44529
Delphi Medical Systems Texas Corporation, Case No. 05-44511
Delphi NY Holding Corporation, Case No. 05-44480
Delphi Receivables LLC, Case No. 05-47459
Delphi Services Holding Corporation, Case No. 05-44633
Delphi Technologies, Inc., Case No. 05-44554
DREAL, Inc., Case No. 05-44627
Environmental Catalysts, LLC, Case No. 05-44503
Exhaust Systems Corporation, Case No. 05-44573
MobileAria, Inc., Case No. 05-47474
Packard Hughes Interconnect Company, Case No. 05-44626
Specialty Electronics International Ltd., Case No. 05-44536
Specialty Electronics, Inc., Case No. 05-44539

# EXHIBIT 2

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
       In re                       :      Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :      Case No. 05-44481 (RDD)
                                    :
                    Debtors.   :      (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - -x

## FIRST AMENDED JOINT PLAN OF REORGANIZATION OF
## DELPHI CORPORATION AND CERTAIN AFFILIATES,
## DEBTORS AND DEBTORS-IN-POSSESSION
## (AS MODIFIED)

SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Toll Free: (800) 718-5305
International: (248) 813-2698
John Wm. Butler, Jr.
Ron E. Meisler
Nathan L. Stuart
Allison K. Verderber Herriott

SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Debtors and Debtors-in-Possession

                                     Of Counsel
                     DELPHI CORPORATION
                         5725 Delphi Drive
                   Troy, Michigan 48098
                     (248) 813-2000
                    David M. Sherbin
                    Sean P. Corcoran
                     Karen J. Craft

Dated:       December 10, 2007

As Modified: January 25, 2008
             June 16, 2009
             New York, New York

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11



Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

## INTRODUCTION

Delphi Corporation and certain of its direct and indirect subsidiaries, debtors and debtors-in-possession in the above-captioned jointly administered Chapter 11 Cases, hereby propose this joint plan of reorganization for the resolution of the outstanding Claims against and Interests in the Debtors. Capitalized terms used herein shall have the meanings ascribed to them in Article I.B. of this Plan.

The subsidiaries of Delphi incorporated outside of the United States are not the subject of the Chapter 11 Cases.

These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to an order of the Bankruptcy Court. The Debtors are the proponents of this Plan within the meaning of section 1129 of the Bankruptcy Code. The distributions to be made to holders of Claims and Interests are set forth herein.

The Debtors' reorganization plan was confirmed, with certain modifications, by the Bankruptcy Court on January 25, 2008, and the confirmation order became final on February 4, 2008. The Debtors met the conditions required to consummate the plan, including obtaining $6.1 billion of exit financing, but on April 4, 2008, the Plan Investors delivered to Delphi a letter stating that such letter "constitutes a notice of immediate termination" of the Investment Agreement. The financing the Debtors were to receive under the Investment Agreement was an integral element to the consummation of the Plan. Appaloosa Management L.P.'s ("Appaloosa") April 4 letter alleged that Delphi had breached certain provisions of the Investment Agreement and that Appaloosa was entitled to terminate the Investment Agreement. On May 16, 2008, Delphi filed complaints for damages and specific performance against the Plan Investors and related parties who refused to honor their contractual obligations. Nevertheless, the termination of the Investment Agreement resulted in the Debtors' inability to consummate the Plan without additional modifications. The Debtors are now seeking approval of modifications to the Plan pursuant to section 1127 of the Bankruptcy Code.

This Plan provides for the substantive consolidation of certain of the Estates, but only for the purposes of voting and making distributions to holders of Claims under this Plan. Under section 1127 of the Bankruptcy Code, as it incorporates section 1125(b) of the Bankruptcy Code, a vote to accept or reject this Plan cannot be solicited from a holder of a Claim or Interest until a disclosure statement has been approved by the Bankruptcy Court and distributed to holders of Claims and Interests. The Disclosure Statement Supplement (the "Supplement") relating to this Plan was approved by the Bankruptcy Court on June 16, 2009, and has been distributed simultaneously with this Plan to all parties whose votes are being solicited. The Supplement contains, among other things, a discussion of the Debtors' history, business, properties and operations, risk factors associated with the business and Plan, a summary and analysis of this Plan, and certain related matters.

1

ALL HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE ARE ENCOURAGED TO READ THIS PLAN AND THE SUPPLEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN.

**PLEASE TAKE NOTICE THAT YOUR PREVIOUS ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED. CONSEQUENTLY, YOUR VOTE ON THE MODIFICATIONS TO THE PLAN IS IMPORTANT.**

Subject to the restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in Article XIV of this Plan, each of the Debtors expressly reserves its respective rights to alter, amend, modify, revoke, or withdraw this Plan with respect to such Debtor, one or more times, prior to this Plan's substantial consummation.

A complete list of the Debtors is set forth below. The list identifies each Debtor by its case number in these Chapter 11 Cases.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

2

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

retention amount that may be payable in connection with any claim covered under either the foregoing Insurance Coverage or any prior similar policy. Notwithstanding subclause (a) above, pursuant to the Stipulation and Agreement of Insurance Settlement (the "Insurance Stipulation") the Delphi Officers' and Directors' (as defined in the Insurance Stipulation) indemnification claims related to the MDL Actions and related government investigations and proceedings have been estimated at $0 for all purposes in these cases, and the Delphi Officers and Directors have released all such indemnification claims against Delphi, subject to the Delphi Officers' and Directors' right to assert an indemnification claim against Delphi for legal fees and expenses incurred in the defense of unsuccessful claims asserted as a defense or set-off by Delphi against the Delphi Officers and Directors related to the MDL Actions or related government investigations and proceedings, all as more particularly set forth in the Insurance Stipulation.

**11.13  Exclusions And Limitations On Exculpation, Indemnification, And Releases.** Notwithstanding anything in this Plan to the contrary, no provision of this Plan, the Confirmation Order, or the Modification Approval Order, including, without limitation, any exculpation, indemnification, or release provision, shall modify, release, or otherwise limit the liability of any Person not specifically released hereunder, including, without limitation, any Person who is a co-obligor or joint tortfeasor of a Released Party or who is otherwise liable under theories of vicarious or other derivative liability.

**11.14  Injunction. Subject to Article 11.13 of this Plan, and except as required and to the limited extent necessary to transfer the Transferred Assets to the DIP Lenders as provided in Article 7.8 of this Plan, the satisfaction, release, and discharge pursuant to this Article XI shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.**

## ARTICLE XII

## CONDITIONS PRECEDENT

**12.1  Confirmation.** The Confirmation Order was entered on January 25, 2008, and became a final order on February 4, 2008.

**12.2  Conditions To The Effective Date Of The Plan.** The following are conditions precedent to the occurrence of the Effective Date, each of which may be satisfied or waived in accordance with Article 12.3 of this Plan:

**(a)**  The Bankruptcy Court shall have entered one or more orders, in form and substance acceptable to the Debtors, granting relief under section 1127 of the Bankruptcy Code with respect to modifications of the Plan.

**(b)**  The Debtors or the Reorganized Debtors, as the case may be, shall have entered into the Master Disposition Agreement, and all conditions precedent to the

# EXHIBIT 3

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
          In re                         :       Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :       Case No. 05-44481 (RDD)
                                        :
                    Debtors.            :       (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER (A)(I) APPROVING MODIFICATIONS TO DEBTORS' FIRST AMENDED PLAN
OF REORGANIZATION (AS MODIFIED) AND RELATED DISCLOSURES AND VOTING
PROCEDURES AND (II) SETTING FINAL HEARING DATE TO CONSIDER
MODIFICATIONS TO CONFIRMED FIRST AMENDED PLAN OF REORGANIZATION
AND (B) SETTING ADMINISTRATIVE EXPENSE CLAIMS BAR DATE AND
ALTERNATIVE TRANSACTION HEARING DATE

("MODIFICATION PROCEDURES ORDER")

Upon the motion dated October 3, 2008 (Docket No. 14310) (the "Motion"),[1] and

the supplement to the Motion dated June 1, 2009 (Docket No. 16646) (the "Motion Supplement")

of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (each, a "Debtor"), for entry of an order (i)

approving (a) certain modifications to the confirmed First Amended Joint Plan of Reorganization

of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as amended on

January 25, 2008 (the "Confirmed Plan"), (b) certain supplements to the First Amended

Disclosure Statement with respect to the Confirmed Plan (Docket No. 11388) (the "December 10

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Order Approving (I)
Disclosure Statement, (II) Record Date, Voting Deadline, and Procedures for Temporary Allowance of Certain
Claims, (III) Hearing Date to Consider Confirmation of Plan, (IV) Procedures for Filing Objections to Plan, (V)
Solicitation Procedures for Voting on Plan, (VI) Cure Claim Procedures, (VII) Procedures for Resolving
Disputes Relating to Postpetition Interest, and (VIII) Reclamation Claim Procedures, entered on December 10,
2007 (Docket No. 11389) (the "December 10 Solicitation Procedures Order"), a copy of which is attached
hereto as Exhibit A without exhibits.



Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Disclosure Statement"), and (c) related modifications to those voting procedures set forth in the

December 10 Solicitation Procedures Order, (ii) setting a final hearing date for approval of the

Debtors' proposed plan modifications, (iii) setting of a bar date for filing proofs claim for

administrative expenses for postpetition claims arising before June 1, 2009, and (iv) setting an

alternative sale hearing (the "Alternative Sale Hearing") date of July 23, 2009, to be used, only if

necessary, to consider the sale of substantially all the Debtors' assets if the Court does not

approve the Debtors' proposed plan modifications on that date; and upon the objections of Robert

Ward (Docket No. 14338), Sheryl Carter (Docket No. 14339), Liquidity Solutions, Inc. (Docket

No. 14340), Pension Benefit Guaranty Corporation (Docket No. 16893), Kensington

International Limited, Manchester Securities Corp, and Springfield Associates LLC (Docket No.

16895), Autocam Corporation (Docket No. 16896), JP Morgan Chase Bank, NA (Docket No.

16897), Appaloosa Management LP, A-D Acquisition Holdings, LLC, Harbinger Del-Auto

Investment Company Ltd., Harbinger Capital Partners Master Fund I, Ltd., Merrill, Lynch,

Pierce, Fenner & Smith, Incorporated, Pardus Special Opportunities Master Fund L.P., and

Pardus DPH Holdings (Docket No. 16898), Official Committee of Unsecured Creditors (Docket

No. 16900), Collective of DIP Lenders (Docket No. 16903), UBS Securities LLC (Docket No.

16904), Wilmington Trust Company (Docket No. 16907), and various individual letter

objections; and the Court having reviewed the Motion and the supplements to the December 10

Disclosure Statement (as modified, the "Supplement"); and a hearing having been held on June

10, 2009 (the "Preliminary Modification Hearing"); and upon the representations of the Debtors,

GM and Parnassus/Platinum on the record of the Preliminary Modification Hearing regarding

section 9.40 of the MDA, and the subsequent modification of that provision; and the Court

having reviewed and considered (i) the Supplement, (ii) the Motion, (iii) the Motion Supplement,

2

36.    Any unresolved objection to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice would be scheduled to be heard at a claims hearing following 20 days' notice thereof provided by the Debtors or the Reorganized Debtors, as applicable, to the applicable counterparty, or such other date as may be agreed upon by the parties. If an objection to an MDA Assumption and Assignment Notice or to the Successful Bidder Notice cannot be resolved consensually among the parties, the Debtors propose that notwithstanding anything to the contrary herein or in the Confirmation Order, the Debtors or the Reorganized Debtors, as the case may be, would have the right to reject (and shall if directed by a Buyer pursuant to the terms of the Master Disposition Agreement or the agreement with the Successful Bidder, as applicable) the contract or lease for a period of five days after entry of a final order establishing adequate assurance on terms not reasonably acceptable to the Debtors or the Reorganized Debtors, as the case may be, and the assignee.

37.    <u>Elimination Of Notice For Reclamation Claims</u>. The Debtors shall not be required to send out any additional notices to holders of reclamation claims asserted by sellers of goods with a statutory or common law right to reclamation or holders of such claims (the "Reclamation Claims") in connection with the solicitation of votes on the Modified Plan. The Debtors shall provide each holder of a Reclamation Claim with a Class C-1 (General Unsecured Claims) ballot including the amount of the Reclamation Claim as a general unsecured nonpriority claim.

38.    <u>Establishment Of Bar Date For Administrative Expense Claims</u>. Any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

administrative expense request, including any substantial contribution claims (each, an

"Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00

p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense

Claims (the "Administrative Expense Bar Date") for the period from the commencement of these

cases through June 1, 2009.

        39.     Notwithstanding anything in the preceding paragraph, creditors holding or

wishing to assert the following types of claims against the Debtors need not file an

Administrative Expense Claim Form:

- Any claim for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet due and payable pursuant to the applicable contract terms;

- Employee claims arising prior to June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that are not yet due and payable;

- Any claim for which the party has already properly filed an Administrative Expense Claim Form or a proof of claim form with the Court which has not been expunged by order of the Court and provided that such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority;

- Any claim for fees and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing through January 25, 2008, to the extent that such claim is subject to this Court's Interim Compensation Orders (defined below);[4] or

---

[4]    See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth

(cont'd)

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

potential purchaser, financing source or other interested party) (A) all exhibits, schedules and agreements under the Master Disposition Agreement and any other related agreements between GM and Parnassus or their respective affiliates and (B) information related to the Transferred Assets and Liabilities (as defined in the Supplemental Procedures) and the transactions contemplated by the Master Disposition Agreement or by agreements between GM and Parnassus or their respective affiliates, (ii) participate in discussions or negotiations with any such individual or entity or (iii) enter into and perform under any agreement (whether as purchaser, equity participant, financing source, customer or otherwise) with any such individual or entity related to any alternative transaction. Neither Parnassus nor any of its affiliates shall have any claims, including, without limitation, for breach of the Master Disposition Agreement, any other agreement contemplated thereby or any other agreement between GM and Parnassus or their respective affiliates, against GM, its affiliates, or its representatives arising from or relating to any action permitted by this paragraph.

47.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
       June 16, 2009

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

28

# EXHIBIT 4

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                    :
In re                   :    Chapter 11
                    :
DELPHI CORPORATION, et al.,  :    Case No. 05-44481 (RDD)
                    :
            Debtors.  :    (Jointly Administered)
                    :
- - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases. I submit this Affidavit in connection with the service of the solicitation materials for the **First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified)** [Docket No. 17030] ("the Plan").

On December 1, 2005, the Court signed and entered an Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims, Noticing and Balloting Agent for Clerk of Bankruptcy Court [Docket No. 1374] designating KCC as the official Balloting Agent.

KCC is charged with the duty of printing and distributing Solicitation Packages to creditors and other interested parties pursuant to the instructions set forth in the **Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order")** [Docket No. 17032] ("Modification Procedures Order") as entered by the Court on June 16, 2009.

The various solicitation materials consist of the following documents:

1) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class A Secured Claims) ("Class A Ballot") (attached hereto as Exhibit A);

2) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-1 General Unsecured Claims) ("Class C-1 Ballot") (attached hereto as Exhibit B);

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

3) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-2 Pension Benefit Guaranty Corporation Claims) ("Class C-2 Ballot") (attached hereto as <u>Exhibit C</u>);

4) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class D General Motors Corporation Claim) ("Class D Ballot") (attached hereto as <u>Exhibit D</u>);

5) Notice of (1) Approval of Supplement; (2) Hearing on Modifications to Plan; (3) Deadline and Procedures for Filing Objections to Modifications of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Noticing, Voting, and Distribution Purposes; (6) Record Date; (7) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases, Exculpation, and Injunction in Modified Plan ("Final Modification Hearing Notice") (attached hereto as <u>Exhibit E</u>);

6) a letter from the Delphi Corporation Official Committee of Unsecured Creditors ("Creditors' Committee Letter") (attached hereto as <u>Exhibit F</u>);

7) First Amended Disclosure Statement Supplement with Respect to First Amended Plan of Reorganization (As Modified), Modification Procedures Order and December 10, 2007 Solicitation Procedures Order, in CD-ROM format ("CD-ROM")

8) Notice of Non-Voting Status with Respect to Certain Claims and Interests ("Notice of Non-Voting Status") (attached hereto as <u>Exhibit G</u>);

9) Notice to Unimpaired Creditors of (I) Filing of Proposed Modified Plan of Reorganization, (II) Treatment of Claims Under Modified Plan, (III) Hearing on Approval of Modified Plan, and (IV) Deadline and Procedures for Filing Objections Thereto ("Unimpaired Notice") (attached hereto as <u>Exhibit H</u>);

10) a memorandum from Kurtzman Carson Consultants to additional notice parties of ballot recipients ("Ballot Notice Party Memo") (attached hereto as <u>Exhibit I</u>);

11) Notice of Bar Date for Filing Proofs of Administrative Expense ("Administrative Bar Date Notice") (attached hereto as <u>Exhibit J</u>); and

12) Administrative Expense Claim Form ("Administrative Expense Claim Form") (attached hereto as <u>Exhibit K</u>).

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

On or before June 20, 2009, I caused to be served a personalized Class A Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on Exhibit L via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-1 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on Exhibit M via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-2 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on Exhibit N via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class D Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on Exhibit O via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit P via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit Q via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Unimpaired Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit R via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit S via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Ballot Notice Party Memo, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit T via postage pre-paid U.S. mail.

3

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit U</u> via postage pre-paid U.S. mail.

Dated: June 23, 2009

Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 23rd day of June, 2009, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature

Commission Expires: _10-1-09_

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

4

# EXHIBIT A

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Pending Objection to Disallow and Expunge Claim
Service List

| Name | Creditor/NoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Hyundai Motor Company | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | | Fountain Valley | CA | 92708-6031 | |
| Illinois Environmental Protection Agency | James L Morgan AAG | Environmental Bureau | 500 S 2nd St | | Springfield | IL | 62706 | |
| Illinois Environmental Protection Agency | James L Morgan AAG | Environmental Bureau | 500 S 2nd St | | Springfield | IL | 62706 | |
| Illinois Tool Works Inc | Attn Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Tool Works Inc | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Tool Works Inc for Hobart Brothers Company | Attn Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Tool Works Inc for Hobart Brothers Company | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Union Insurance Company | Margery N Reed Esq | Duane Morris LLP | 30 S 17th St | | Philadelphia | PA | 19103-4196 | |
| Indiana Department of Environmental Management | Timothy J Junk Deputy Attorney General Environmental Sec | 302 W Washington St IGCS 5th Fl | | | Indianapolis | IN | 46204 | |
| Indiana Department of Environmental Management | Timothy J Junk Deputy Attorney General Environmental Sec | 302 W Washington St IGCS 5th Fl | | | Indianapolis | IN | 46204 | |
| Indiana Department of Environmental Management | Timothy J Junk Deputy Attorney General Environmental Sec | 302 W Washington St IGCS 5th Fl | | | Indianapolis | IN | 46204 | |
| ITW Food Equipment Group LLC | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| ITW Food Equipment Group LLC | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Jane M Duffy | | 44 Southwood Rd | | | Newington | CT | 06111-3154 | |
| Johnson Control Inc Battery Group | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Battery Group Inc | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Battery Group Inc | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Battery Group Inc | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Inc Automotive Group | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Inc Automotive Group | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Technology Company | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Technology Company | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Technology Company | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Jorgensen Ronald E | Stephen Bobo | 1130 Deer Path Trail | | | Oxford | MI | 48371-9804 | |
| Kansas Dept of Health and Environment | Erika Bessey | 1000 SW Jackson Ste 580 | | | Topeka | KS | 66612-1388 | |
| Liquidity Solutions Inc | Dba Revenue Management | One University Plaza Ste 312 | | | Hackensack | NJ | 07601 | |
| LTC Roll & Engineering Co | c/o Gary H Cunningham Esq | Strobl Cunningham & Sharp PC | 300 E Long Lake Rd Ste 200 | | Bloomfield Hills | MI | 48304 | |
| Mad River Transportation Inc | Christopher J Aiotto | Rendigs Fry Kiely & Dennis | One W Fourth St Ste 900 | | Cincinnati | OH | 45202-3688 | |
| Methode Electronics Inc | c/o Timothy S McFadden Esq | Lord Bissell & Brook LLP | 111 S Wacker Dr | | Chicago | IL | 60606 | |
| Milliken & Company | | 1045 Sixth Ave | | | New York | NY | 10018 | |
| Milliken & Company | | 1045 Sixth Ave | | | New York | NY | 10018 | |
| New York State Dept of Environmental Conservation | William E Dornbos | New York Attorney Generals Office | 120 Broadway 26th Floor | | New York | NY | 10271 | |
| New York State Dept of Environmental Conservation | William E Dornbos | New York Attorney Generals Office | 120 Broadway 26th Floor | | New York | NY | 10271 | |
| Nissan North America Inc | c/o Michael R Pealsy Esq | Weller Lansden Dortch & Davis LLP | 511 Union St Ste 2700 | | Nashville | TN | 37219 | |

# EXHIBIT J

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- - x
                      :

In re                   :    Chapter 11
                      :

DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                      :

              Debtors.  :    (Jointly Administered)
                      :

------------------------------- - x

## NOTICE OF BAR DATE FOR FILING PROOFS OF ADMINISTRATIVE EXPENSE

        PLEASE TAKE NOTICE that on June 16, 2009, the United States Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the
"Modification Procedures Order") (Docket No. 17032), which among other things, established
**July 15, 2009** (the "Administrative Expense Bar Date") as the last date to file proof of
administrative expense (each, an "Administrative Expense Claim Form") for the purpose of
asserting administrative expense claims ("Administrative Expense Claims" or "Claims"), against
Delphi Corporation ("Delphi") and its affiliated debtors and debtors-in-possession (the "Debtors"
or "Company"). The Administrative Expense Bar Date and the procedure set out below for filing
proofs of administrative expense with respect to Claims apply to all alleged postpetition Claims
against the Debtors that arose, accrued, or that were incurred on or before **June 1, 2009**.

        PLEASE TAKE FURTHER NOTICE that the Modification Procedures Order
requires all parties to file an Administrative Expense Claim Form with Kurtzman Carson
Consultants LLC ("KCC"), the claims, noticing, and solicitation agent in these cases, **so that
such Administrative Expense Claim Form is received on or before 5:00 p.m., prevailing
Eastern time, on the Administrative Expense Bar Date.**

### WHO SHOULD FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM

        You must file an Administrative Expense Claim Form if you believe that you are
entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided
below.

        You do not need to file an Administrative Expense Claim Form for (i) any claim
for postpetition goods and services delivered to the Debtors prior to June 1, 2009 that are not yet
due and payable pursuant to the applicable contract terms, (ii) employee claims arising prior to
June 1, 2009 for wages, salary, and other benefits arising in the ordinary course of business that
are not yet due and payable; (iii) any claim for which the party has already properly filed an
Administrative Expense Claim Form or a proof of claim form with the Court which has not been
expunged by order of the Court and provided that such proof of claim clearly and unequivocally
sets forth that such claim is made for an administrative expense priority; (iv) any claim for fees
and/or reimbursement of expenses by a professional employed in these chapter 11 cases accruing
through January 25, 2008, to the extent that such claim is subject to this Court's Interim

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Compensation Orders;[1] or (v) any claim asserted by any Debtor or any direct or indirect subsidiary of any of the Debtors in which the Debtors in the aggregate directly or indirectly own, control or hold with power to vote, 50% or more of the outstanding voting securities of such subsidiary.

### TIME AND PLACE FOR FILING ADMINISTRATIVE EXPENSE CLAIMS

**A signed original of any Administrative Expense Claim Form, together with accompanying documentation, must be delivered to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so as to be received no later than 5:00 p.m., prevailing Eastern time, on the Administrative Expense Bar Date.** Claims may be submitted in person or by courier service, hand delivery or mail addressed to KCC at the foregoing address. Any Claim submitted by facsimile, e-mail, or by other electronic means will not be accepted and will not be deemed filed until such Claim is submitted by one of the methods described in the preceding sentence. Claims will be deemed filed only when actually received by KCC. If you wish to receive acknowledgment of KCC's receipt of your Claim, you must also submit a copy of your original Claim and a self-addressed, stamped envelope.

### CONSEQUENCES OF FAILURE TO TIMELY SUBMIT ADMINISTRATIVE EXPENSE CLAIM FORM

**ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.**

---

[1]  See Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 4, 2005 (Docket No. 869) (the "Interim Compensation Order"); Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 8, 2006 (Docket No. 2747) (the "Supplemental Compensation Order"); Second Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 28, 2006 (Docket No. 2986) (the "Second Supplemental Interim Compensation Order"); and Third Supplemental Order Under 11 U.S.C. § 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals, dated May 5, 2006 (Docket No. 3630) (the "Third Supplemental Interim Compensation Order"); Fourth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 13, 2006 (Docket No. 4545) (the "Fourth Supplemental Interim Compensation Order"); Fifth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses, dated October 13, 2006 (Docket No. 5310) (the "Fifth Supplemental Interim Compensation Order"); Sixth Supplemental Order Under 11 U.S.C. Section 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated December 12, 2006 (Docket No. 6145) (the "Sixth Supplemental Interim Compensation Order"); and the Seventh Supplemental Order Under 11 U.S.C. §331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated January 28, 2008 (Docket No. 12367) (together with the Interim Compensation Order, the Supplemental Compensation Order, the Second Supplemental Interim Compensation Order, the Third Supplemental Interim Compensation Order, the Fourth Supplemental Interim Compensation Order, the Fifth Supplemental Interim Compensation Order, and the Sixth Interim Compensation Order, the "Interim Compensation Orders").

PLEASE TAKE FURTHER NOTICE that all pleadings and orders of the Bankruptcy Court are publicly available along with the docket and other case information by accessing the Delphi Legal Information Website at www.delphidocket.com and may also be obtained, upon reasonable written request, from the Creditor Voting Agent, Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Att'n: Delphi Corporation, et al.

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

Dated: New York, New York
        June 16, 2009

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

John Wm. Butler, Jr.
Ron E. Meisler
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

Kayalyn A. Marafioti
Thomas J. Matz
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al., Debtors and Debtors-in-Possession

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

3

# EXHIBIT S

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

23

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Pending Objection to Disallow and Expunge Claim
Service List

| Name | Creditor Notice Name | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Hyundai Motor Company | Attn Jason R Erb Esq Senior Counsel | 10550 Talbert Ave | | | Fountain Valley | CA | 92708-6031 | |
| Illinois Environmental Protection Agency | James L Morgan AAG | Environmental Bureau | 500 S 2nd St | | Springfield | IL | 62706 | |
| Illinois Environmental Protection Agency | James L Morgan AAG | Environmental Bureau | 500 S 2nd St | | Springfield | IL | 62706 | |
| Illinois Tool Works Inc | Attn Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Tool Works Inc | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Tool Works Inc for Hobart Brothers Company | Attn Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Tool Works Inc for Hobart Brothers Company | Attn Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Illinois Union Insurance Company | Margary N Reed Esq | Duane Morris LLP | 30 S 17th St | | Philadelphia | PA | 19103-4196 | |
| Indiana Department of Environmental Management | Timothy J Junk Deputy Attorney General Environmental Sec | 302 W Washington St IGCS 5th Fl | | | Indianapolis | IN | 46204 | |
| Indiana Department of Environmental Management | Timothy J Junk Deputy Attorney General Environmental Sec | 302 W Washington St IGCS 5th Fl | | | Indianapolis | IN | 46204 | |
| Indiana Department of Environmental Management | Timothy J Junk Deputy Attorney General Environmental Sec | 302 W Washington St IGCS 5th Fl | | | Indianapolis | IN | 46204 | |
| ITW Food Equipment Group LLC | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| ITW Food Equipment Group LLC | Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | | Southport | CT | 06890 | |
| Jane M Duffy | | 44 Southwood Rd | | | Newington | CT | 06111-3154 | |
| Johnson Control Inc Battery Group | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Battery Group Inc | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Battery Group Inc | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Battery Group Inc | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Inc Automotive Group | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Inc Automotive Group | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Technology Company | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Technology Company | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Johnson Controls Technology Company | Stephen Bobo | Sachnoff & Weaver Ltd | 10 S Wacker Dr Ste 4000 | | Chicago | IL | 60606 | |
| Jorgensen Ronald E | | 1130 Deer Path Trail | | | Oxford | MI | 48371-6604 | |
| Kansas Dept of Health and Environment | Erika Bessey | 1000 SW Jackson Ste 560 | | | Topeka | KS | 66612-1368 | |
| Liquidity Solutions Inc | Dba Revenue Management | One University Plaza Ste 312 | | | Hackensack | NJ | 07601 | |
| LTC Roll & Engineering Co | c/o Gary H Cunningham Esq | Strobl Cunningham & Sharp PC | 300 E Long Lake Rd Ste 200 | | Bloomfield Hills | MI | 48304 | |
| Mad River Transportation Inc | Christopher J Aluotto | Rendigs Fry Kiely & Dennis | One W Fourth St Ste 900 | | Cincinnati | OH | 45202-3688 | |
| Methode Electronics Inc | c/o Timothy S McFadden Esq | Lord Bissell & Brook LLP | 111 S Wacker Dr | | Chicago | IL | 60606 | |
| Milliken & Company | | 1045 Sixth Ave | | | New York | NY | 10018 | |
| Milliken & Company | | 1045 Sixth Ave | | | New York | NY | 10018 | |
| New York State Dept of Environmental Conservation | William E Dornbos | New York Attorney Generals Office | 120 Broadway 28th Floor | | New York | NY | 10271 | |
| New York State Dept of Environmental Conservation | William E Dornbos | New York Attorney Generals Office | 120 Broadway 28th Floor | | New York | NY | 10271 | |
| Nissan North America Inc | c/o Michael R Paslay Esq | Waller Lansden Dortch & Davis LLP | 511 Union St Ste 2700 | | Nashville | TN | 37219 | |

Page 3 of 6

# EXHIBIT U

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Disallowed Claims Service List

| Name | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Atlantic Automotive Components LLC | Attn Michael Skarnas | Visteon Corporation | One Village Dr | | Van Buren Township | MI | 48111 | |
| Atlantic Automotive Components LLC | Attn Michael Skarnas | Visteon Corporation | One Village Dr | | Van Buren Township | MI | 48111 | |
| Atlantic Automotive Components LLC | Attn Michael Skarnas | Visteon Corporation | One Village Dr | | Van Buren Township | MI | 48111 | |
| Atmos Energy Mississippi Division a Division of Atmos Energy Corporation | Attn Bankruptcy Group | PO Box 15488 | | | Amarillo | TX | 79105-5488 | |
| ATS Automation Tooling Systems Inc | Carl Galloway VP and Treasurer | 250 Royal Oak Rd | | | Cambridge | ON | N3H 4R6 | Canada |
| Auburn Armature Inc | Auburn Armature Inc | PO Box 870 | 70 Wright Cir | | Auburn | NY | 13021 | |
| Auburn Armature Inc | Auburn Armature Inc | PO Box 870 | 70 Wright Cir | | Auburn | NY | 13021 | |
| Audrey B Gilcreast | | 60 Success Dr | | | Bolton | MS | 39041-9441 | |
| Audrey J Mendozza | | 220 15 Kingsbury Ave | | | Bayside | NY | 11364-3536 | |
| Audrey Josephine Alvarado and | | Clark Delavado Jt Ten | 1433 Sebastian Circle | | Norman | OK | 73071 | |
| Audrey L Hoaten | c/o Cooper & Elliott LLC | Rex Elliott | 2175 Riverside Dr | | Columbus | OH | 43221 | |
| Audrey Le Sage | | 13416 Grand River Dr | | | Lowell | MI | 49331-9311 | |
| Audrey Pool Oneal | | 1619 N Mertel Ave 210 | | | Los Angeles | CA | 90046-3688 | |
| Audrey R Hardin | | 836 Farley | | | Lansing | MI | 48911 | |
| Audrey Waldstreicher and | Elke Waldstreicher Jt Ten | | | | Rockaway Pk | NY | 11694-1718 | |
| August Rudolph Nemec Jr and | Catherine June Nemec Tr | Nemec Living Trust | 157 Beach 126th St | | Rockaway Pk | NY | 11694-1718 | |
| Augusta F Beebe and Lucille B | | Farrer Jt Ten | Ua 122899 | 4222 Medallion Rd | Nottingham | MD | 21236-2919 | |
| Augusta F Beebe and Sue B | | Daniel Jt Ten | Box 1895 | | Daytona Beach | FL | 32115-1895 | |
| Aurea Marshall | | Box 131 | Box 1895 | | Daytona Beach | FL | 32115-1895 | |
| Austin L Jarvis Cust Katherine | Katherine T Jarvis Unif Gift | Min Act Ny | Apt 5 M | | Bellrow | NY | 13120 | |
| Austin L Jarvis Cust Kenneth | | T Jarvis Unif Gift Min Act | Apt 5 M | 1834 Caton Ave | Brooklyn | NY | 11226-2815 | |
| Austin L Jarvis Cust Raymond | | S Jarvis Unif Gift Min Act | Apt 5 M | 1834 Caton Ave | Brooklyn | NY | 11226-2815 | |
| Austin R Sandel | | 266 Southern Ln | | 1834 Caton Ave | Brooklyn | NY | 11226-2815 | |
| Australia Chipolais Youth | Scholarship Fund | PO Box 772 | | | Tazewell | TN | 37879-6224 | |
| Auto Know Inc | Ronald L Brown | 248 Slater Crescent | Armidale Nsw | 2350 | Oakville | ONT | L6K 2C8 | Australia |
| Autocam Corporation | Stuart F Cheney | 4436 Broadmoor SE | | | Kenwood | MI | 49512 | Canada |
| Autocam Corporation | Stuart F Cheney | 4436 Broadmoor SE | | | Kenwood | MI | 49512 | |
| Autocam do Brasil Usinagem Ltda | Attn Stuart F Cheney | 4436 Broadmoor SE | | | Kenwood | MI | 49512 | |
| Autoliv ASP Inc | Anthony J Neilis Associate General Counsel | 1320 Pacific Dr | | | Auburn Hills | MI | 48326 | |
| Autoliv ASP Inc | Anthony J Neilis Associate General Counsel | 1320 Pacific Dr | | | Auburn Hills | MI | 48326 | |
| Autoliv ASP Inc | Anthony J Neilis Associate General Counsel | 1320 Pacific Dr | | | Auburn Hills | MI | 48326 | |
| Autoliv ASP Inc | Anthony J Neilis Associate General Counsel | 1320 Pacific Dr | | | Auburn Hills | MI | 48326 | |
| Automated Industrial Systems | | 4228 W 12th St | | | Erie | PA | 16505-300 | |
| Automotive Consultants Inc | | 4491 Foskuhl Rd | | | Floyds Knobs | IN | 47119 | |
| Automotive Technologies International Inc | Attn Christopher J Battaglia Esq Julie D Dyas Esq | c/o Timothy S McFadden Esq | Lord Bissell & Brook LLP | 111 S Wacker Dr | Chicago | IL | 60606 | |
| Automodular Assemblies Inc | Attn Christopher J Battaglia Esq Julie D Dyas Esq | Halperin Battaglia Raicht LLP | 555 Madison Ave 9th Floor | | New York | NY | 10019 | |
| Automotive Safety Technologies Inc a wholly owned subsidiary of Methode Electronics Inc | Attn Brian F Moore Esq | McCarter & English LLP | 245 Park Ave 27th Fl | | New York | NY | 10167 | |
| Automotive Technologies International Inc | Methode Electronics Inc | Halperin Battaglia Raicht LLP | 555 Madison Ave 9th Fl | | New York | NY | 10019 | |
| Automotive Technologies International Inc | Attn Christopher J Battaglia Esq Julie D Dyas Esq | Halperin Battaglia Raicht LLP | 555 Madison Ave 9th Fl | | New York | NY | 10019 | |
| Automotive Technologies International Inc | Attn Christopher J Battaglia Esq & Julie D Dyas Esq | Halperin Battaglia Raicht LLP | 555 Madison Ave 9th Fl | | New York | NY | 10019 | |

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorContactName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| AUTOMOTIVE DIESEL | MR LE HUNRICK | 23574 E DATE AVE | | | | FRESNO | CA | 91025 | |
| AUTOMOTIVE DISTRIBUTION NETWORK | | NETWORK | 5050 POPLAR AVE 2000 | | | MEMPHIS | TN | 38157 | |
| AUTOMOTIVE ELECTRIC DISTRIBUTORS | | 4980 N BASIN AVE | | | | PORTLAND | OR | 97217-3547 | |
| AUTOMOTIVE ELECTRIC DISTRIBUTORS | | PO BOX 12377 | | | | PORTLAND | OR | 97217-0377 | |
| AUTOMOTIVE ELECTRONIC CONTROLS | TIMOTHY S MCFADDEN | LORD BISSELL & BROOK LLP | 111 S WACKER DR | | | CHICAGO | IL | 60606 | |
| AUTOMOTIVE ELECTRONIC CONTROLS DIVISION A DIVISION OF METHODE ELECTRONICS INC | METHODE ELECTRONICS INC | C/O TIMOTHY S MCFADDEN ESQ | LORD BISSELL & BROOK LLP | 111 S WACKER DR | | CHICAGO | IL | 60606 | |
| AUTOMOTIVE ENGINEERING MANAGEMENT SERVICES INC | | MANAGEMENT SERVICES INC AEMS | 12819 E GRAND RIVER | ASSIGNEE CHG 6 04 02 CP | | BRIGHTON | MI | 48116-8578 | |
| AUTOMOTIVE ENGINEERING MANAGEMENT SERVICES INC | | ATTN G WITT | 12819 E GRAND RIVER | | | BRIGHTON | MI | 48116 | |
| AUTOMOTIVE ENGRG MGMT SVC INC | | AEMS | 12819 E GRAND RIVER | | | BRIGHTON | MI | 48116-8578 | |
| AUTOMOTIVE ENTERPRISES | | 3110 IKMAN RD | | | | WARREN | OH | 44485 | |
| AUTOMOTIVE ENVIRO TESTING | | PO BOX 458 | | | | BAUDETTE | MN | 56623 | |
| AUTOMOTIVE ENVIRONMENTAL TEST | | 1420 COUNTY RD 1 SW | | | | BAUDETTE | MN | 56623-0458 | |
| AUTOMOTIVE EQUIPMENT SPECIALIST | LARRY WHYTE | 3528 SE FIRST PL | | | | CAPE CORAL | FL | 33904 | |
| AUTOMOTIVE FRICTION MATERIAL | | CO INC | 1512 7TH AVE NO | | | BIRMINGHAM | AL | 35203 | |
| AUTOMOTIVE FRICTION MATERIALS | | 1512 7TH AVEN | | | | BIRMINGHAM | AL | 35203 | |
| AUTOMOTIVE HALL OF FAME | | 21400 OAKWOOD BLVD | | | | DEARBORN | MI | 48124 | |
| AUTOMOTIVE HALL OF FAME INC | | 21400 OAKWOOD BLVD | | | | DEARBORN | MI | 48124-4078 | |
| AUTOMOTIVE HIGH TECH | | 905 ALLAN RD | | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE HIGH TECH ASS | | 905 ALLAN RD | | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE HIGH TECH ASSOC EFT | | 905 ALLAN RD | | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE HIGH TECH ASSOC EFT | | 905 ALLAN RD | | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE IMPORTS INC | GERRY MILLER | 808 ALLAN RD | | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE INC OF WARREN | | 116 W&S 114 MILE RD | | | | CLAWSON | MI | 48017 | |
| AUTOMOTIVE INC OF WARREN | | 147 PINE AVE STE | | | | WARREN | OH | 44481-1233 | |
| AUTOMOTIVE INC OF WARREN | | 147 PINE ST STE | | | | WARREN | OH | 44481-1233 | |
| AUTOMOTIVE INDUST ACTION GRP | | 26200 LAHSER RD | | | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INDUSTRIAL MARKETIN | | AIMCO | 10000 SE PINE ST | | | PORTLAND | OR | 97216 | |
| AUTOMOTIVE INDUSTRIES ASSOCIAT | | 1272 WELLINGTON ST | | | | OTTAWA | ON | K1Y3A7 | CANADA |
| AUTOMOTIVE INDUSTRIES INC | | AUTOMOTIVE INDSTRS SHEBOYGAN M | 2907 N 21ST ST | | | SHEBOYGAN | WI | 53083 | |
| AUTOMOTIVE INDUSTRIES SALES IN | | 2998 WATERVIEW | | | | ROCHESTER HILLS | MI | 48309 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | 26200 LAHSER | | | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | AAIG | 26200 LAHSER RD STE 200 | | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | AIAG | PO BOX 77000 DEPT 77859 | | | DETROIT | MI | 48277 | |
| AUTOMOTIVE INDUSTRY ACTION GROUP | | DEPT 77859 | PO BOX 77000 | | | DETROIT | MI | 48277-0859 | |
| AUTOMOTIVE INDUSTRY ACTION GROUP | | PO BOX 633719 | | | | CINCINNATI | OH | 45263-3719 | |
| AUTOMOTIVE INDUSTRY ACTION GROUP | | 26200 LAHSER RD STE 200 | | | | SOUTHFIELD | MI | 48033-7100 | |
| AUTOMOTIVE INDUSTRY ACTION GROUP | | NO PHYSICAL ADDRESS | | | | CINCINNATI | OH | 45263 | |
| AUTOMOTIVE INDUSTRY ACTION GRP | | ADD CHG 11 96 | 26200 LAHSER RD STE 200 | HOLD J MILLER 4 2651 | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INDUSTRY ACTN GRP | | PO BOX 633719 | | | | CINCINNATI | OH | 45263-3719 | |
| AUTOMOTIVE INNOVATIONS INC | | 26200 LAHSER RD STE 200 | | | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INNOVATIONS INC | | 4236 ELMIRE AVE | | | | DAVENPORT | IA | 52807 | |
| AUTOMOTIVE INNOVATIONS INC | | PO BOX 2766 | | | | DAVENPORT | IA | 52809-2766 | |
| AUTOMOTIVE LIGHTING ALMA | | STRASSE 2 | 7141 SCHWIEBERDINGEN | | | SCHWIEBERDINGEN | | | GERMANY |
| AUTOMOTIVE LIGHTING NORTH AMERICA | ACCOUNTS PAYABLE | 37484 INTERCHANGE DR | | | | FARMINGTON HILLS | MI | 48335 | |

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| CONNECTICUT WATER CO | | 93 WEST MAIN | | | | CLINTON | CT | 06413 | |
| CONNECTICUT WATER CO | | 93 WEST MAIN | | | | CLINTON | CT | 06413 | |
| CONNECTICUT WATER CO | | 93 WEST MAIN | | | | CLINTON | CT | 06413 | |
| CONNECTION DEVICES | | 2400 GRAND AVE | PO BOX 92619 | | | LONG BEACH | CA | 90815-1762 | |
| CONNECTION CO | | 1535 GEORGESVILLE RD | | | | COLUMBUS | OH | 43228 | |
| CONNECTION CO EFT | | 741 S VANDEMARK RD | | | | SIDNEY | OH | 45365 | |
| CONNECTION CO THE | | PO BOX 28429 | | | | CINCINNATI | OH | 45228 | |
| CONNECTION CO THE | | PO BOX 641065 | | | | CINCINNATI | OH | 45264-1065 | |
| CONNECTION COMPANY | | 741 S VANDEMARK RD | | | | SIDNEY | OH | 45365 | |
| CONNECTION COMPANY | | 741 S VANDEMARK RD | | | | SIDNEY | OH | 45365 | |
| CONNECTION COMPANY EFT | | 741 S VANDEMARK RD | | | | SIDNEY | OH | 45365 | |
| CONNECTION COMPANY THE | | 1535 GEORGESVILLE RD | | | | COLUMBUS | OH | 43228 | |
| CONNECTION COMPANY THE | | 741 S VANDEMARK RD | | | | SIDNEY | OH | 45365 | |
| CONNECTOR CONCEPTS | ACCOUNTS PAYABLE | 1609 BARCLAY BLVD | | | | BUFFALO GROVE | IL | 60089 | |
| CONNECTOR DIST CORPORATION | | 2985 E HARCOURT ST | | | | RANCHO DOMINGUEZ | CA | 90221 | |
| CONNECTOR PRODUCTS DIVISION A DIVISION OF METHODE ELECTRONICS INC | METHODE ELECTRONICS INC | C/O TIMOTHY S MCFADDEN ESQ | LORD BISSELL & BROOK LLP | 111 S WACKER DR | | CHICAGO | IL | 60606 | |
| CONNECTOR SPECIALIST | RICK PRINDLE | 1947 AVE K | STE A 100 | | | PLANO | TX | 75074 | |
| CONNECTOR SPECIALIST INC | | 175 JAMES DR E | JAMES BUSINESS PK | | | SAINT ROSE | LA | 70087 | |
| CONNECTOR SPECIALISTS | | PO BOX 860568 | | | | PLANO | TX | 75086 | |
| CONNECTOR SPECIALISTS INC | | 175 JAMES DR E | | | | SAINT ROSE | LA | 70087 | |
| CONNECTOR SPECIALISTS INC | | PO BOX 86107 | | | | NEW ORLEANS | LA | 70182 | |
| CONNECTOR TECHNOLOGY INC | | CTI | 9 VERONICA AVE | | | SOMERSET | NJ | 08873 | |
| CONNECTOR TEST  EFT INTERNATIONAL | | 408 S ROSEMEAD BLVD STE 7 | | | | PASADENA | CA | 91107 | |
| CONNECTOR TEST INTERNATIONAL | | 408 S ROSEMEAD BLVD STE 7 | | | | PASADENA | CA | 91107 | |
| CONNECTORS CINCH | | 2 BLVD DU GAL MARTIAL VALIN | | | | PARIS | | 75015 | FRANCE |
| CONNECTRONICS CORPORATION | VAL C ROBINSON | 2745 AVONDALE AVE | | | | TOLEDO | OH | 43607 | |
| CONNECTRONICS CORPORATION | VAL C ROBINSON | | | | | | | | |
| CONNELL CHRISTINE M | | 4372 NEWTON FALLS BAILEY RD | | | | NEWTON FALLS | OH | 44444-8723 | |
| CONNELL DAVID | | 5 TEDBURY CLOSE | | | | SOUTHDENE | | L32 3X4 | UNITED KINGDOM |
| CONNELL JASON | | 1060 BEAR CUB DR | | | | CICERO | IN | 46034 | |
| CONNELL LIMITED PARTNERSHIP | | DANLEY DIE SET DIV | PO BOX 73816 N | | | CLEVELAND | OH | 44193-0001 | |
| CONNELL LIMITED PARTNERSHIP | | DANLY DIE SET DANLY PUNCHRITE | 11400 BROOKPARK RD | | | CLEVELAND | OH | 44130-1131 | |
| CONNELL LIMITED PARTNERSHIP | | DANLY DIE SET DIV | 11169 AIRCRAFT RD | | | CLOVIS BRANCH | OH | 39054 | |
| CONNELL LIMITED PARTNERSHIP | | DANLY DIE SET DIV | 16996 W VICTOR RD | | | NEW BERLIN | WI | 53151 | |
| CONNELL LIMITED PARTNERSHIP | JOHN CURTIN | ONE INTERNATIONAL PL | FORT HILL SQUARE | | | BOSTON | MA | 02110 | |
| CONNELL LIMITED PARTNERSHIP | JOHN CURTIN | ONE INTERNATIONAL PL | FORT HILL SQUARE | | | BOSTON | MA | 02110 | |
| CONNELL LIMITED PARTNERSHIP | JOHN CURTIN | ONE INTERNATIONAL PL | FORT HILL SQUARE | | | BOSTON | MA | 02110 | |
| CONNELL LIMITED PARTNERSHIP DANLY DIE SET DANLY PUNCHRITE | | PO BOX 95897 | | | | CHICAGO | IL | 60694-7897 | |
| CONNELL LP | | 1 INTERNATIONAL PL 31ST FL | | | | BOSTON | MA | 02110 | |
| CONNELL LP | | DANLY DIE SET | 255 INDUSTRIAL PKY | | | ITHACA | MI | 48847 | |
| CONNELL LP | | DANLY DIE SET DIV | 16065 INDUSTRIAL LN SW | | | CLEVELAND | OH | 44135 | |
| CONNELL LP | | DANLY DIE SET DIV | 11400 BROOKPARK RD | | | CLEVELAND | OH | 44130-1131 | |
| CONNELL LP | | DANLY DIE | 5601 W IRVING PK | | | CHICAGO | IL | 60634 | |
| CONNELL LP | | DANLY PUNCHRITE | 11400 BROOKPARK RD | | | CLEVELAND | OH | 44130-1131 | |
| CONNELL LP | | WABASH ALLOYS | 4525 W OLD 24 | | | WABASH | IN | 46992 | |
| CONNELL ROY | | 2788 S STATE RD 29 | | | | FRANKTON | IN | 46044-9701 | |
| CONNELL JASON E | | 1060 BEAR CUB DR | | | | CICERO | IN | 46034 | |
| CONNELLY CRYSTAL | | 10408 MELINDA DR | | | | CLIO | MI | 48420-9407 | |
| CONNELLY III WILLIAM J | | 1227 GRAND CNY | | | | BREA | CA | 92821-2623 | |
| CONNELLY LARRY | | 4703 489TH W AVE | | | | JENNINGS | OK | 74038 | |
| CONNELLY LARRY | | 4703 489TH W AVE | | | | JENNINGS | OK | 74038 | |
| CONNELLY LARRY | | 4703 489TH W AVE | | | | JENNINGS | OK | 74038 | |
| CONNELLY LARRY | | 4703 489TH W AVE | | | | JENNINGS | OK | 74038 | |
| CONNELLY LARRY L | | 4703 S 489TH W AVE | | | | JENNINGS | OK | 74038 | |
| CONNELLY PATRICK | | 906 E 27TH ST | | | | ANDERSON | IN | 46016 | |
| CONNELLY THOMAS | | 10408 MELINDA DR | | | | CLIO | MI | 48420-9407 | |
| CONNELLY THOMAS | | 4830 PINE TRACE ST | | | | YOUNGSTOWN | OH | 44515-4816 | |
| CONNELLY THOMAS | | 10408 MELINDA DR | | | | CLIO | MI | 48420-9407 | |
| CONNELLY WILLIAM | | 9243 HOWLAND SPRINGS RD SE | | | | WARREN | OH | 44484 | |
| CONNELLY WILLIAM | | 9243 HOWLAND SPRINGS RD SE | | | | WARREN | OH | 44484 | |
| CONNELY MARIA | | 4870 LAKEVIEW BLVD | | | | INDEPENDENCE | MI | 48348 | |
| CONNELY MARIA B | | 4870 LAKEVIEW BLVD | | | | INDEPENDENCE | MI | 48348 | |
| CONNER ALAN | | 1731 PINETREE LN | | | | KOKOMO | IN | 46902 | |
| CONNER ALAN | | HIRESTAND RD | | | | COLUMBUS | OH | 43232-5726 | |
| CONNERN CHRISTINA | | PO BOX 105 | | | | VANDALIA | OH | 45377 | |

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| METECH INC | ACCOUNTS PAYABLE | METECH POLYMERS | 1 MAIN ST | | | CARSON CITY | NV | 89706 | |
| METECH INTERNATIONAL | | | | 2200 CHALLENGER WAY | | MAPLEVILLE | RI | 02839 | |
| METECH TECHNICAL SERVICES EFT | | 2200 CHALLENGER WAY | | 2200 CHALLENGER WAY | | CARSON CITY | NV | 89706 | |
| METECH TECHNICAL SERVICES EFT | | FINLY METECH POLYMERS CORP | | | | CARSON CITY | NV | 89706 | |
| METEER & ASSOCIATES | | 4399 CHERRY LN | | | | TRAVERSE CITY | MI | 49684 | |
| METEER AND ASSOCIATES, EFT | | 4399 CHERRY LN | | | | TRAVERSE CITY | MI | 49684 | |
| METEOR AG | | SEESTRASSE 295 | | CH 8804 AU | | AU | | 08804 | SWITZERLAND |
| METEOR AG   EFT | | SEESTRASSE 295 | | | | | | | SWITZERLAND |
| METEOR EXPRESS | | 5011 METEOR AVE | | | | TOLEDO | OH | 43623 | |
| METEOR INC | | 200 E SUNSET RD STE B | | | | EL PASO | TX | 79922 | |
| METEOR INC | | 8398 LA POSTA | | ADD CHG 2-02 TB | | EL PASO | TX | 79912 | |
| METEOR INC   EFT | | 8398 LA POSTA | | | | EL PASO | TX | 79912 | |
| METEOR PHOTO & IMAGING | | PO BOX 83015 | | | | ATLANTA | GA | 30318 | |
| METEOR PHOTO AND IMAGING | | 1990 CHICAGO RD | | PO BOX 3301 | | TROY | MI | 48007-3301 | |
| METER MIX SYSTEMS LTD | | RUSHDEN BUSINES PK | | BRINCKLEY CLOSE | | RUSHDEN NH | | NN106EN | UNITED KINGDOM |
| METER MIX SYSTEMS LTD | | UNIT 1 BRINCKLEY CLOSE | | | | RUSHDEN NH | | NN106EN | UNITED KINGDOM |
| METER MIX SYSTEMS LTD | | RUSHDEN BUSINES PARK | | | | NORTHAMPTONSHI RE | | DNN10-6EN | GB |
| METERHO HOBBY | | 2751 E WARNER RD STE C | | | | PORT CLINTON | NH | 43452 | |
| METERS & CONTROL CO INC | | 9244 COMPTON SQUARE DR | | | | CINCINNATI | OH | 45231-3636 | |
| METERS & CONTROLS CO INC | | 9244 COMPTON SQ DR | | | | CINCINNATI | OH | 45231 | |
| METERS & CONTROLS CO INC | ATTN RAYMOND A DIETZ | 9244 COMPTON SQUARE DR | | | | CINCINNATI | OH | 45231 | |
| METERS & CONTROLS COMPANY INC | | 9244 COMPTON SQUARE DR | | | | CINCINNATI | OH | 45231 | |
| METERS AND CONTROLS COMPA | RAY DIETZ | 9244 COMPTON SQUARE DR | | | | CINCINNATI | OH | 45231 | |
| METEVA JAMES | | 1900 MORGAN ST | | | | SAGINAW | MI | 48602 | |
| METEVIA MICHAEL F | | 311 BOUTELL RD | | | | KAWKAWLIN | MI | 48631-9717 | |
| METEVIA, MARILO | | 5377 FORT RD | | | | SAGINAW | MI | 48601 | |
| METEVIER PAUL | | 4101 S SHERIDAN RD LOT 568 | | | | LENNON | MI | 48449-9431 | |
| METEX 761 | | 5377 FORT RD | | | | BUDAPEST | | 01061 | HUNGARY |
| METEX CORP | | TECHNICAL PRODUCTS DIV | | 870 NEW DURHAM RD | | EDISON | NJ | 08817-227 | |
| METLEX CORPORATION | | PO BOX R000 DEPT 111 | | | | BUFFALO | NY | 14267 | |
| METLOX CORPORATION EFT | | 4010 SAN ARMANDO PO | | | | EDISON | NJ | 08818 | |
| METEX INTERNATIONAL CORP | | 4810 SAN BERNARDO AVE | | | | LAREDO | TX | 78041-5720 | |
| METEX051 KFI | | CSALOGANY UTCA 5 | | | | SZOMBATHLY | | 09700 | |
| METFOILS AB | | PO BOX 5000 | | | | PERPSTORP | | S-28400 | SWEDEN |
| METORA CORP | | 2551 WACKER RD | | 2551 WACKER RD | | SAVANNA | IL | 61074-2828 | |
| METORA CORP | | 2551 WACKER RD | | | | SAVANNA | IL | 61074 | |
| METORM CORP EFT | | 2551 WACKER RD | | 2551 WACKER RD | | SAVANNA | IL | 61074-2828 | |
| METORM CORPORATION | | MAC LEAN FOGG CO | | | | SAVANNA | IL | 61074 | |
| METORMING INC | SKIP | 467 VINELAND DR | | 413 WARDS CORNER RD | | LOVELAND | OH | 45140 | |
| METRORM INC EFT | | 413 WARDS CORNER RD | | 413 WARDS CORNER RD | | LOVELAND | OH | 45140 | |
| METRO VEHICLE SYSTEMS | | REMOVE EFT MAIL CK 114 | | 2848 WATERVIEW DR | | ROCHESTER HILLS | MI | 48309 | |
| METGLAS INC | ACCOUNTS PAYABLE | 440 ALLIED DR | | | | CONWAY | SC | 29526 | |
| METGLAS INC | | 440 ALLIED DR | | | | CONWAY | SC | 29526 | |
| METGLAS INC AMORPOUS METALS | | 3924 NORTH PARK AVE EXT | | | | WARREN | OH | 44481 | |
| METHERY, CHARLES | | | | | | MONTGOMERY VILLE | PA | 19944 | |
| METHESON TRI GAS INC | | 166 KEYSTONE DR | | | | CLEARWATER | FL | 33766-3755 | |
| METHOD PARK AMERICA INC | | 13575 58TH ST N STE 124 | | | | AURORA | CO | 60014 | |
| METHODE CORPORATION EFT | DIANA GRIFFIN | 3131 SOUTH VAUGHN WAY | | | | CARTHAGE | IL | 62321-40130 | |
| METHODE ELECTRONICS INC | | 111 W BODAWAY | | | | | | | |
| METHODE ELECTRONICS INC | | 1700 HICKS RD | | | | ROLLING MEADOWS | IL | 60008 | |
| METHODE ELECTRONICS INC | | 7401 W WILSON | | | | HARWOOD HEIGHTS | IL | 60706-4548 | |
| METHODE ELECTRONICS INC | | 7444 W WILSON AVE | | | | CHICAGO | IL | 60656 | |
| METHODE ELECTRONICS INC | | 7447 W WILSON | | | | CHICAGO | IL | 60656 | |
| METHODE ELECTRONICS INC | | CO ELECTRO REPS INC | | 12315 HANCOCK ST STE 29 | | CARMEL | IN | 46032 | |
| METHODE ELECTRONICS INC | | CO KILL & ASSOCIATES INC | | 24585 EVERGREEN RD | | SOUTHFIELD | MI | 48075 | |
| METHODE ELECTRONICS INC | | C/O KILL & BOLTON ASSOCIATES | | 24585 EVERGREEN RD | | SOUTHFIELD | MI | 48075 | |
| METHODE ELECTRONICS INC | | CO ELECTRO REPS INC | | 12315 HANCOCK ST STE 29 | | CARMEL | IN | 46032 | |
| METHODE ELECTRONICS INC | | CO KILL & BOLTON ASSOCIATES INC | | 24585 EVERGREEN RD | | SOUTHFIELD | MI | 48075 | |
| METHODE ELECTRONICS INC | | CO KILL & BOLTON ASSOCIATES | | 24585 EVERGREEN RD | | SOUTHFIELD | MI | 48075 | |
| METHODE ELECTRONICS INC | | DATA MATE | | PO BOX 91271 | | CHICAGO | IL | 60693 | |
| METHODE ELECTRONICS INC | | ELECTRICAL PRODUCTS DI 7444 W | | WILSON AVE | | CHICAGO | IL | 60656 | |
| METHODE ELECTRONICS INC | | ELECTRICAL PRODUCTS DIV | | 7444 W WILSON | | CHICAGO | IL | 60656 | |
| METHODE ELECTRONICS INC | | ELECTRONIC CONTROLS DIVISION | | 1015 COUNTRY RD | | GOLDEN | IL | 62339 | |

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorContactName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | County |
|---|---|---|---|---|---|---|---|---|---|
| METHODE ELECTRONICS INC | | INTERCONNECT PRODUCTS GROUP | 7444 W WILSON AVE | | | CHICAGO | IL | 60656 | |
| METHODE ELECTRONICS INC | | KBA AUTOMOTIVE GROUP | 24585 EVERGREEN RD | | | SOUTHFIELD | MI | 48075 | |
| METHODE ELECTRONICS INC | | METHODE ELECTRICAL PARTS DIV | 111 W BUCHANAN | | | CARTHAGE | IL | 62321 | |
| METHODE ELECTRONICS INC | | NETWORK BUS PRODUCTS | 4001 INDUSTRIAL AVE | | | ROLLING MEADOWS | IL | 60008 | |
| METHODE ELECTRONICS INC | | PO BOX 130 | | | | CARTHAGE | IL | 62321-0130 | |
| METHODE ELECTRONICS INC | | PO BOX 91271 | | | | CHICAGO | IL | 60693-1271 | |
| METHODE ELECTRONICS INC | | POWER BUSS DIV | 4001 INDUSTRIAL AVE | | | ROLLING MEADOWS | IL | 60008 | |
| METHODE ELECTRONICS INC | | TBD | | | | CHICAGO | IL | 60693 | |
| METHODE ELECTRONICS INC | | TRACE LABORATORIES | S N PK DR | | | HUNT VALLEY | MD | 21030 | |
| METHODE ELECTRONICS INC | | 7401 W WILSON AVE | | | | HARWOOD HEIGHTS | IL | 60706-4548 | |
| METHODE ELECTRONICS INC | | 111 W BUCHANAN ST | | | | CARTHAGE | IL | 62321-1250 | |
| METHODE ELECTRONICS INC | | 24585 EVERGREEN RD | | | | SOUTHFIELD | MI | 48075 | |
| METHODE ELECTRONICS INC | AR | ELECTRICAL PRODUCTS DIV | 7444 W WILSON AVE | | | CHICAGO | IL | 60656 | |
| METHODE ELECTRONICS INC | ANGIE NEWMAN/MIKE PERRY | 111 WEST BUCHANAN | | | | CARTHAGE | IL | 62321 | |
| METHODE ELECTRONICS INC | DON OUDA | 7401 W WILSON | | | | CHICAGO | IL | 60706 | |
| METHODE ELECTRONICS INC | JOHN THOMPSON | PO BOX 95961 | | | | CARTHAGE | IL | 62321 | |
| METHODE ELECTRONICS INC | NANCY MADONIA | PO BOX 91271 | | | | CHICAGO | IL | 60693 | |
| METHODE ELECTRONICS INC EAST | | IN INDUSTRIAL DR | | | | WILLINGBORO | NJ | 08046 | |
| METHODE ELECTRONICS INC EFT | | INTERCONNECT PRODUCTS GROUP | 7444 W WILSON AVE | | | CHICAGO | IL | 60656 | |
| METHODE ELECTRONICS INC EFT | | TBD | | | | CHICAGO | IL | 60693 | |
| METHODE ELECTRONICS INC EFT ATTN AR | | 7401 W WILSON | | | | HARWOOD HEIGHTS | IL | 60706 | |
| METHODE ELECTRONICS MALTA LTD | | MRIEHEL INDUSTRIAL ESTATE | | | | QORMI | | CRM09 | MALTA |
| METHODE ELECTRONICS MALTA LTD | | METHODE ELECTRONICS INDUSTRIAL EST | | | | BIRKIRKARA | MT | 03000 | MT |
| METHODE ELECTRONICS MALTA LTD A WHOLLY OWNED SUBSIDIARY OF METHODE ELECTRONICS INC FKA MERIT MALTA METHODE LTD | METHODE ELECTRONICS INC | C/O TIMOTHY S MCFADDEN ESQ | LORD BISSELL & BROOK LLP COLONIA PARQUE INDUSTRIAL FIRMS | 111 S WACKER DR | | CHICAGO | IL | 60606 | |
| METHODE MEXICO SA DE CV | | CALLE SPECTRUM 200 STE D | | | | APODACA | | | MEXICO |
| METHODE MEXICO USA INC | | 7401 WEST WILSON AVE | | | | CHICAGO | IL | 60606 | |
| METHODE MEXICO USA INC EFT | | RMV HLD PER K DOMANICO DELPHI | 7401 WEST WILSON AVE | | | CHICAGO | IL | 60706-4548 | |
| METHODE OF CALIFORNIA INC | | TRACE LABORATORIES | 1150 W EUCLID AVE | | | PALATINE | IL | 60067 | |
| METHODE OF CALIFORNIA INC | | 1150 W EUCLID AVE | | | | PALATINE | IL | 60067 | |
| METHODIST COLLEGE | | 5400 RAMSEY ST | | | | FAYETTEVILLE | NC | 28311-1420 | |
| METHODIST OCCUPATIONAL HEALTH | | CENTERS INC | PO BOX 66461 | | | INDIANAPOLIS | IN | 46266 | |
| METHODS & EQUIPMENT ASSOC EFT | | AD CHG PER LTR 1 13 05 AM | 31731 GLENDALE AVE | | | LIVONIA | MI | 48150 | |
| METHODS EQUIPMENT ASSOCIATES | | 31731 GLENDALE AVE | | | | LIVONIA | MI | 48150 | |
| METHODS AND EQUIPMENT ASSOC EFT | | 31731 GLENDALE AVE | | | | LIVONIA | MI | 48150 | |
| METHODS MACHINE TOOLS INC | | 5051 VARSITY CT | | | | WIXOM | MI | 48393 | |
| METHODS MACHINE TOOLS INC | | 65 UNION AVE | | | | SUDBURY | MA | 01776 | |
| METHODS MACHINE TOOLS WEST DIV | | METHODS MACHINE TOOLS WEST DIV | 65 UNION AVE | | | SUDBURY | MA | 01776 | |
| METHODS RESEARCH CORP | | 5012 ASBURY AVE | PO BOX 888 | | | FARMINGDALE | NJ | 07727-0888 | |
| METIKOSH JOHN P | | 13 LAKEVIEW DR | | | | GREENTOWN | IN | 46936-1042 | |
| METI | JOHN URBAN | 6500 FRUITVILLE RD | | | | SARASOTA | FL | 34232 | |
| METI 3 COMMUNICATIONS | JOHN URBAN | 6000 FRUITVILLE RD | | | | SARASOTA | FL | 34232-8499 | |
| METIVA CATHERINE | | 1221 HASS D4 | | | | FRANKENMUTH | MI | 48734 | |
| METIVA DONALD | | 517 DEPAS | | | | SAGINAW | MI | 48604 | |
| METIVA LANCE | | 4464 M STEEL RD | | | | HEMLOCK | MI | 48626 | |
| METIVA MARSHA | | 8624 HOSPITAL | | | | FREELAND | MI | 48623 | |
| METIVA MICHAEL W | | 415 TITTABAWASSEE RD | | | | SAGINAW | MI | 48604-1296 | |
| METIVA THOMAS | | 1631 W REESE RD | | | | REESE | MI | 48757-9607 | |
| METIVA THOMAS | | 508 SHEPARD ST | | | | SAGINAW | MI | 48604-1231 | |
| METIVA THOMAS N | | 7727 RIVER RD | | | | FREELAND | MI | 48623-8446 | |
| METIVA THOMAS | | 6624 MAPLE RD | | | | FREELAND | MI | 48623 | |
| METIVA, THOMAS | | 508 SHEPARD ST | | | | SAGINAW | MI | 48604 | |
| METIVIER RICHARD | | 48 GABRIEL ST 2A | | | | VANDALIA | OH | 45377 | |
| METIVIER RICHARD | | 48 GABRIEL ST 2A | | | | VANDALIA | OH | 45377 | |
| METIVIER RICHARD | | 48 GABRIEL ST 2A | | | | VANDALIA | OH | 45377 | |
| METL SPAN LTD | | 1497 N KEALY AVE | | | | LEWISVILLE | TX | 75057 | |
| METL SPAN LTD | | 1497 N KEALY | | | | LEWISVILLE | TX | 75057 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNameMore | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| TOYOTA TSUSHO AMERICA INC EFT | | 4000 TOWN CENTER STE 1200 | | | | SOUTHFIELD | MI | 48075-1211 | |
| TOYOTA TSUSHO AMERICA INC | | | | | | | | | |
| GEORGETOWN SERVICE CENTER | | 702 TRIPORT HO | | | | GEORGETOWN | KY | 40324 | |
| TOYOTA TSUSHO CANADA INC | | 1060 FOUNTAIN ST NORTH UNIT 2 | | | | CAMBRIDGE | | N3E 1A3 | CANADA |
| TOYOTA TSUSHO CORP | | 4 9 8 MEIEKI NAKAMURA KU | | | | NAGOYA AICHI | | 0450-4575 | JAPAN |
| TOYOTA TSUSHO CORP | | 4 9 8 MEIEKI NAKAMURA KU | | | | NAGOYA AICHI | | 450 8575 | JPN |
| TOYOTA TSUSHO CORP | | CENTURY TOYOTA BLDG | | | | NAGOYA | 23 | 4500002 | JP |
| TOYOTA TSUSHO MEXICO SA DE CV | | CALLE SEPTIMA NO 300 STE 1020 | | | | APODACA | NL | 66603 | MX |
| TOYOTA TSUSHO MEXICO SA DE CV | | PARQUE INDUSTRIAL MONTERREY | | | | APODACA | | 66603 | MX |
| TOYOTA TSUSHO OF AMERICA | | 2001 GATEWAY PL STE 710 W | | | | SAN JOSE | CA | 95110 | |
| TOYS FOR TOTS | SHERYL, C SVC | FRED BLOODWORTH | | | | COOPERSVILLE | MI | 49404 | |
| TOYS FOR TOTS FOUNDATION | | 410 N GETTYSBURG AVE | 999 RANDALL RD | | | DAYTON | OH | 45417 | |
| TOYZAN BONNIE | | 3063 S HEMLOCK | | | | HEMLOCK | MI | 48626 | |
| TOYZAN, BONNIE | | 3082 S FORDNEY | | | | HEMLOCK | MI | 48626 | |
| TP WOODSIDE INC | | 60 LAWRENCE BELL DR | | | | WILLIAMSVILLE | NY | 14221 | |
| TP WOODSIDE INC | | 60 LAWRENCE BELL DR | | | | WILLIAMSVILLE | NY | 14221-7074 | |
| TPC WIRE & CABLE CO | | 7061 E PLEASANT VALLEY RD | | | | INDEPENDENCE | OH | 44131 | |
| TPC WIRE AND CABLE CO | | 7061 E PLEASANT VALLEY RD | | | | INDEPENDENCE | OH | 44131 | |
| TPC WIRE AND CABLE CO EFT | | 4070 PAYSPHERE CIRCLE | | | | CHICAGO | IL | 60674 | |
| TPF INC | | 315 SOUTH WAYNE AVE | | | | CINCINNATI | OH | 45215 | |
| TPG ASIA ADVISORS II INC | | 301 COMMERCE ST STE 3300 | | | | FORT WORTH | TX | 76102 | |
| TPG CREDIT OPPORTUNITIES | ATTN MARK WHITE | C/O TPG CREDIT MANAGEMENT LP | 4600 WELLS FARGO CTR | 90 S SEVENTH ST | | MINNEAPOLIS | MN | 55402 | |
| MASTER FUND LP | | 301 COMMERCE ST STE 3300 | | | | FORT WORTH | TX | 76102-4133 | |
| TPG PARTNERS IV LP | | 155 FIRST ST NORTH | PO BOX 69 | | | WINTHROP | IA | 50682 | |
| TPI | ACCOUNTS PAYABLE | 4221 OTTER LAKE RD | | | | ST PAUL | MN | 55110 | |
| TPI ARCADE INC | | TALY TRACTOR PO HUMAN INC | 7868 ROUTE 98 | ADD CHG 07 16 04 AH | | ARCADE | NY | 14009 | |
| TPK ARCADE INC | | PO BOX 11407 | | | | BIRMINGHAM | AL | 35246-1095 | |
| TPR DIV OF TOTAL PLASTIC | ANNA | 17851 ENGLEWOOD DR | | | | MIDDLEBURG HTS | OH | 44130 | |
| TPR POWDER METALLURGY INC | | 12030 BEAVER RD | | | | SAINT CHARLES | MI | 48655-9681 | |
| TPR POWDER METALLURGY INC | | 12030 BEAVER RD | | | | ST CHARLES | MI | 48655 | |
| TPR POWDER METALLURGY INC | | PO BOX 69 | | | | SAINT CHARLES | MI | 48655-0098 | |
| TPR POWDER METALLURGY INC EFT | | 12030 BEAVER RD | | | | ST CHARLES | MI | 48655 | |
| TPI SOLUTIONS INC | | 1903 WITH STREET | | | | ERIE | PA | 16509-4696 | |
| TPI TECH | ACCOUNTS PAYABLE | 1900 LANGEWOOD ST | | | | BUNNELL | FL | 32110 | |
| TPI TECHNOLOGIES | | 1521 E AVIS RD | 1521 E AVIS RD | | | MADISON HEIGHTS | MI | 48071 | |
| TPI TECHNOLOGIES | | 1521 E AVIS ROOM | | | | MADISON HEIGHTS | MI | 48071 | |
| TPM | | POST OFFICE BOX 680304 | | | | WARREN | MI | 48068 | |
| TPO DISPLAYS CORP | | 12 KE JUNG RD | | | | CHUNAN CHEN MIAOLI HSIEN | TW | 35063 | TW |
| TPO DISPLAYS CORP | | | | | | CHUNAN CHEN | TW | 35063 | TW |
| TPO DISPLAYS GERMANY GMBH | | SCIENCE BASED INDUSTRIAL PARK | | | | MIAOLI HSIEN | MH | 22099 | DE |
| | | LIEBKCHERT ORDAMM 5 | | | | HAMBURG | | | |
| TPO DISPLAYS SHANGHAI LIMITED | | WANGYAO ROAD FREE TRADE ZONE | | | | SHANGHAI | 20 | 200131 | CN |
| TPS AVIATION INC | | PUDONG | | | | HAYWARD | CA | 94544-7038 | |
| TPS INTERNATIONAL | | 1515 CROCKER AVE | | | | SUSSEX | WI | 53089 | |
| TPS INTL | | W61 W23043 SILVER SPRING RD | 1201 N CLARK ST STE 500 | | | SUSSEX | WI | 53089-3918 | |
| | | W61 W23043 SILVER SPRING DR | | | | | | | |
| TPS TOOLING & PRODUCTION SYSTE | | PO BOX 143 | | | | SUSSEX | WI | 53089 | |
| TPS TOOLING AND PRODUCTION | | PO BOX 143 | | | | SUSSEX | WI | 53089 | |
| SYSTE | | | | | | | | | |
| TQS DE MEXICO SC | | CAMINO AL CERRITO NO 1 LOCAL 11 | | | | CORREGIDORA | QRO | 76900 | MX |
| TQS DE MEXICO SC | | COL EL PUEBLITO | | | | CORREGIDORA | QRO | 76800 | MX |
| TR BUTTERFIELD CAPITAL CORP | | C/O CARLIN CAPITAL ADVISORS LLC | 1201 N CLARK ST STE 500 | | | CHICAGO | IL | 60610 | |
| TR CONTROLS INC | | TR ELECTRONIC | 1890 CROOKS RD STE 200 | | | TROY | MI | 48084 | |
| TR ENTERPRISES INC | | 8479 CEDAR ISLAND RD | | | | WHITE LAKE | MI | 48386 | |
| TR LANCERS INC | | 484 PROVINCE RD | | | | LACONIA | NH | 3246 | |
| TR LANCERS INC | | COMPONENTS FOR MANUFACTURING | 484 PROVINCE RD | | | LACONIA | NH | 03246 | |
| TRA CON INC | | 45 WIGGINS AVE | 55 H ST | | | BEDFORD | MA | 01730 | |
| TRA CON INC | | PO BOX 4750 | | | | BOSTON | MA | 02212 | |
| TRA CON INC | NORMA | 45 WIGGINS AVE | | | | BEDFORD | MA | 01730 | |
| TRA CON INC | NORMA | PO BOX 4750 | | | | BOSTON | MA | 02212-4750 | |
| TRACE DIE CAST INC | ACCOUNTS PAYABLE | 140 NORTH GRAHAM AVE | | | | BOWLING GREEN | KY | 42101 | |
| TRACE LABORATORIES CENTRAL | | METHODE ELECTRONICS INC | 1150 W EUCLID AVE | | | PALATINE | IL | 60067-7388 | |
| TRACE LABORATORIES EFT | | 1150 W EUCLID AVE | | | | PALATINE | IL | 60067-7388 | |
| TRACE TRUCKING INC | | 140 NORTH GRAHAM AVE | | | | BOWLING GREEN | KY | 42101 | |
| TRACER TECHNOLOGIES | | 26800 FARGO AVE | STE B | | | CLEVELAND | OH | 441146-1341 | |

# EXHIBIT 5

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                      :         Chapter 11

DELPHI CORPORATION, et al.,    :         Case No. 05-44481 (RDD)

            Debtors.    :         (Jointly Administered)

                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO
(I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI
CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND
DEBTORS-IN-POSSESSION, AS MODIFIED AND
(II) CONFIRMATION ORDER (DOCKET NO. 12359)

("PLAN MODIFICATION ORDER")

Upon the Court's Findings of Fact, Conclusions of Law, And Order Under

11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended

Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates,

Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed

Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

Upon the Debtors' Motion for Order (I) Approving Modifications to

Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures

and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to

Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3,

2008, (the "Plan Modification Approval Motion"); and

Upon the Debtors' (A) Supplement to Motion for Order (I) Approving

Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and



Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to

Consider Modifications to Confirmed First Amended Plan of Reorganization and (B)

Request to Set Administrative Expense Claims Bar Date and Alternative Sale Hearing

Date (Docket No. 16646) , dated, June 1, 2009 (the "Supplemental Plan Modification

Approval Motion"); and

        Upon the Court's Order (A)(I) Approving Modifications to Debtors' First

Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting

Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed

First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims

Bar Date and Alternative Transaction Hearing Date (Docket No. 17032), dated June 16,

2009 (the "Modification Procedures Order"), setting a final hearing date on approval of

the Debtors' proposed plan modifications, setting a bar date for filing proofs of

administrative expense for postpetition claims arising before June 1, 2009, and approving

Supplemental Procedures For Evaluating Non-Solicited Alternative Transactions (the

"Supplemental Procedures"); and

        Upon the Court's Order Amending and Supplementing (i) Order (A)(I)

Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified)

and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to

Consider Modifications to Confirmed First Amended Plan of Reorganization and (B)

Setting Administrative Expenses Claims Bar Date and Alternative Transaction Hearing

Date (Docket No. 17032) and (ii) the Protective Order Governing Production and Use of

Confidential and Highly Confidential Information in Connection with (A) Supplement to

Plan Modification Approval Motion and (B) Supplement to GM Arrangement Fourth and

1

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

22.     Injunction. Except as otherwise specifically provided in the Modified Plan, the MDA Documents, or this order and except as may be necessary to enforce or remedy a breach of the Modified Plan, the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

23.     Automatic Stay. The stay in effect in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunction set forth in the preceding paragraph and/or sections 524 and 1141 of the Bankruptcy Code and Article 11.14 of the Modified Plan; provided, however, that nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

reasonably satisfactory to the applicable Indenture Trustee. Such notice shall be effective only as to distributions due at least 60 days after such notice is accepted as satisfactory by the applicable Indenture Trustee. Nothing in this paragraph shall be applicable with respect to any claims held by the DIP Lenders or the DIP Agent.

46.    Substantial Contribution Compensation And Expenses Bar Date. Any Person (including the Indenture Trustees) who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the Court on or before the 45th day after notice of the Effective Date is filed on the docket of the Chapter 11 Cases (the "503 Deadline"), and serve such application on counsel for the Debtors, the Creditors' Committee, the United States Trustee for the Southern District of New York, and such other parties as may be directed by the Court and the Bankruptcy Code on or before the 503 Deadline, or be forever barred from seeking such compensation or expense reimbursement.

47.    Other Administrative Claims. All other requests for payment of an Administrative Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any

75

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Administrative Claims Bar Date (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

48.      Substantive Consolidation. For the reasons described in IV.C. of the Supplemental Disclosure Statement and the evidence and arguments made, proffered, or adduced at the Confirmation Hearing, certain of the Debtors' estates shall be substantively consolidated as set forth in Article III of the Modified Plan, solely for the purposes of voting on the Modified Plan and making distributions to holders of Claims and Interests under the Modified Plan.

49.      Restructuring Transactions. The Restructuring Transactions contemplated by Article 7.3 of the Modified Plan and described in Exhibit 7.3 to the Modified Plan are approved. The Debtors and Reorganized Debtors and their officers are authorized to take, on and after the Modification Approval Date, such actions as may be necessary and appropriate to effectuate the relevant Restructuring Transactions, including, without limitation, executing such documents as may be reasonably required in order to effectuate the Restructuring Transactions. Each and every federal, state, and local governmental agency or department is hereby directed to accept for filing and recording

76

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

65.   <u>Modifications To The Modified Plan</u>.  At the request of the

Debtors, the Modified Plan is hereby modified pursuant to section 1127 of the

Bankruptcy Code and as modified herein and as set forth on <u>Exhibit A</u> hereto.

Dated: New York, New York
       July 30, 2009

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 6

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF (A) ORDER APPROVING MODIFICATIONS TO FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION AND (B) OCCURRENCE OF EFFECTIVE DATE

    1.    **Confirmation Of The Plan.** On January 25, 2008 (the "Confirmation Date"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order confirming the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, dated January 25, 2008 (the "Confirmed Plan"), in the Chapter 11 Cases of Delphi Corporation and certain of its subsidiaries and affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors").

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11



0544481091006000000000004

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

2.      **Approval Of Modifications To The Confirmed Plan.** On July 30, 2009 (the "Modification Approval Date"), the Bankruptcy Court entered an order (the "Modification Approval Order") approving certain modifications to the Confirmed Plan embodied in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"), attached as Exhibit A to the Modification Approval Order. Unless otherwise defined in this Notice Of (A) Order Approving Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date, capitalized terms and phrases used herein have the meaning(s) given to them in the Modified Plan and the Modification Approval Order.

3.      **Effective Date.** On October 6, 2009, the Effective Date of the Modified Plan occurred. The Modified Plan was substantially consummated at a closing that occurred at the offices of Skadden, Arps, Slate, Meagher & Flom LLP in New York City, New York; provided however, that all of the transactions contemplated by the Master Disposition Agreement and related agreements to occur at the closing are effective for tax and accounting purposes as of 11:58 p.m., local time, on the Closing Date as defined in the Master Disposition Agreement.

4.      **Discharge Of Claims And Termination Of Interests.** Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Modified Plan, Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in the Modified Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Modified Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted the Modified Plan. Due to the occurrence of the Effective Date, the Modification Approval Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors.

5.      **Injunctions.**

(a)      Subject to Article 11.13 of the Modified Plan, the satisfaction, release, and discharge pursuant to Article XI of the Modified Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under the Modified Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

(b)      By accepting distributions pursuant to the Modified Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in Article XI of the Modified Plan.

6.      **Release By Debtors Of Certain Parties.** Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of the Modified Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action

2

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Modified Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date, shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in the Modified Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.

7.    **Release By Holders Of Claims And Interests.**  On the Effective Date, (a) each Person who votes to accept the Modified Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Modified Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Modified Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transaction or event giving rise to, the claim of such Release Obligor, the business or contractual arrangements between any Debtor and Release Obligor or any Released Party, the restructuring of the claim prior to the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction, obligation, restructuring, or the Chapter 11 Cases, including, but not limited to, any claim relating to, or arising out of the Debtors' Chapter 11 Cases, the negotiation and filing of the Modified Plan, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of the Modified Plan, the Disclosure Statement, the Plan Exhibits, the Delphi-PBGC Settlement Agreement, the Credit Bid, the Master Disposition Agreement, the Union Settlement Agreements, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with either the Modified Plan or any other agreement with the Unions, including but not limited to the Union Settlement Agreements, or any other act taken or not taken consistent with the Union Settlement Agreements in connection with the Chapter 11 Cases; provided, however, that (A) Article 11.5 of the Modified Plan is subject to and limited by Article 11.13 of the Modified Plan and (B) 11.5 of the Modified Plan shall not release any Released Party from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Exchange Act, the Securities Act, or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security.  Notwithstanding the foregoing, all releases given by GM to (i) the Debtors and the Debtors' Affiliates shall be as set forth in the Delphi-GM Global Settlement Agreement and (ii) the Unions shall be as set forth in the Union Settlement Agreements.

3

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

8.       **Assumption And Assignment Of Executory Contracts And Unexpired Leases.**
Subject to the terms of the Modified Plan, Modification Approval Order, and any related Bankruptcy
Court orders, upon the occurrence of the Effective Date, each executory contract or unexpired lease
assumed, or assumed and assigned, as applicable, pursuant to Article VIII of the Modified Plan, shall vest
in and be fully enforceable by the applicable Reorganized Debtor or its assignee in accordance with its
terms. On the Effective Date, all executory contracts and unexpired leases as to which any Debtor is a
party are deemed automatically assumed by the applicable Reorganized Debtor in accordance with the
provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date,
unless such executory contracts or unexpired leases (a) have been previously rejected by the Debtors by
Final Order of the Bankruptcy Court, (b) are the subject of a motion to reject, or that otherwise authorizes
rejection, filed on or before the Modification Approval Date, (c) have been rejected or assumed pursuant
to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date, (d) have
expired or terminated on or prior to the Effective Date (and were not otherwise extended) pursuant to
their own terms, (e) are listed on the schedule of rejected contracts on Exhibit 8.1(a) to the Modified Plan,
or (f) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either
Buyer pursuant to the Master Disposition Agreement. Subject to the foregoing sentences, entry of the
Modification Approval Order by the Bankruptcy Court approved the rejections, assumptions, and
assumptions and assignments contemplated by the Modified Plan, the Modification Approval Order, the
Master Disposition Agreement, and related documents pursuant to sections 365 and 1123 of the
Bankruptcy Code as of the Effective Date.

9.       **Bar Dates**

(a)       **Administrative Bar Date.** Requests for payment of an Administrative Claim
(other than as set forth in Article X of the Modified Plan), must be filed with the Claims Agent and served
on counsel for the Debtors and the Creditors' Committee no later than November 5, 2009 or shall be
disallowed automatically without the need for any objection from the Debtors or Reorganized Debtors.
Unless the Debtors or the Reorganized Debtors object to an Administrative Claim on or prior to May 4,
2010 (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim
shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized
Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of
such Administrative Claim.

(b)       **Professional Claims And Final Fee Applications.** All final requests for
payment of Professional Claims and requests for reimbursement of expenses of members of the Statutory
Committees must be filed no later than December 31, 2009. After notice and a hearing in accordance
with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the
allowed amounts of such Professional Claims and expenses shall be determined by the Bankruptcy Court.
Pursuant to the Bankruptcy Court's prior orders, any requirement that Professionals comply with sections
327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered
terminated on the Confirmation Date, and the Reorganized Debtors have employed and paid Professionals
in the ordinary course of business thereafter.

(c)       **Substantial Contribution Bar Date.** Except as otherwise provided in the
Modification Approval Order, any Person who requests compensation or expense reimbursement for
making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of
the Bankruptcy Code shall file an application with the clerk of the Bankruptcy Court on or before
November 20, 2009, and serve such application on counsel for the Debtors, the Creditors' Committee, the
United States Trustee for the Southern District of New York, and such other parties as may be decided by
the Bankruptcy Court and the Bankruptcy Code on or before November 20, 2009, or be forever barred
from seeking such compensation or expense reimbursement.

4

Dated:  New York, New York
       October 6, 2009

                        SKADDEN, ARPS, SLATE, MEAGHER &
                        FLOM LLP

                        By: /s/ John Wm. Butler,
                            John Wm. Butler, Jr.
                            John K. Lyons
                            Ron E. Meisler
                        155 North Wacker Drive
                        Chicago, Illinois  60606
                        (312) 407-0700

                        By:  /s/ Kayalyn A. Marafioti
                            Kayalyn A. Marafioti
                        Four Times Square
                        New York, New York 10036
                        (212) 735-3000

                        Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

5

# EXHIBIT 7

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :
In re                  :   Chapter 11
                     :
DELPHI CORPORATION, et al.,   :   Case No. 05-44481 (RDD)
                     :
             Debtors.   :   (Jointly Administered)
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

On or before October 9, 2009, I caused to be served the document listed below upon the parties listed on Exhibit A hereto via postage pre-paid U.S. mail:

Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)

On or before October 13, 2009, I caused to be served the appropriate number of copies of the document listed below (i) upon the service list attached hereto as Exhibit B, for subsequent distribution to beneficial holders of Common Stock, CUSIP 172737 10 8; 6 ½% Notes due 2009, CUSIP 247126 AB 1; 7 1/8% Notes due 2029, CUSIP 247126 AC 9; 6.55% Notes due 2006, CUSIP 247126 AD 7; 6.50% Notes due 2013, CUSIP 247126 AE 5; 8 ¼% Adjustable Rate Subordinated Note due 2033, CUSIP 247126 AF 2; and 6.197% Junior Subordinated Note due 2033, CUSIP 247126 AG 0, via Overnight mail and hand delivery; (ii) upon the parties set forth on Exhibit C via postage pre-paid U.S. Mail; (iii) upon the registered holders of Common Stock listed on Exhibit D, provided by Computershare as transfer agent, via postage pre-paid U.S. Mail; and (iv) upon the service list attached hereto as Exhibit E via Electronic mail.

Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11



05444810910150000000001

Dated: October 14, 2009

_/s/ Evan Gershbein_
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th day of October, 2009, by
Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature: _/s/ Shannon J. Spencer_

Commission Expires: _6/20/10_

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

# EXHIBIT A

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | 212-812-8364 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | 312-443-0336 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 65 Livingston Avenue | | Roseland | NJ | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lynn, Lieberman & Chappell, Ltd. | Erik G. Chappell | 5555 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lyderlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq. | 28400 Northwestern Hwy. | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | | axs@maddinhauser.com | Attorney for Dance Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-501-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromarco@aol.com | Counsel to H.E. Services Company and Robert Beckle and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; Amoritsan Alloko Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 22

10/13/2009 3:43 PM
Combined (430)

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Creditor Matrix

| Creditor Name | Care of/Contact Name | Address 1 | Address 2 | Address 3 | City | State | Zip | County |
|---|---|---|---|---|---|---|---|---|
| AUTOMOTIVE COMPONENT'S SYSTEMS OF CANAD | TOM MARKLAND | 155 DIVISION ST | | | OSHAWA | ON | L1G 7T6 | CANADA |
| AUTOMOTIVE CONSULTANTS | | ATTN TOM | 11 FLAHERTY RD | | STORRS MANSFIELD | CT | 92 | |
| AUTOMOTIVE CONTAINMENT & | | CONSULTING INC | 801 W NORTH ST | | KENDALLVILLE | IN | 46755 | |
| AUTOMOTIVE CONTAINMENT & CONSU | | 801 W NORTH ST | | | KENDALLVILLE | IN | 46755 | |
| AUTOMOTIVE CONTAINMENT & CONSU | | 801 TIMBERLANE DR | | | KENDALLVILLE | IN | 46755 | |
| AUTOMOTIVE CONTAINMENT AND CONSULTING INC | | PO BOX 544 | | | KENDALLVILLE | IN | 46755 | |
| AUTOMOTIVE CONTROLS CORP | | ACC ELECTRONICS | 1500 W OAK ST | | INDEPENDENCE | KS | 67301-234 | |
| AUTOMOTIVE CONTROLS CORP | | ECHLIN ENGINE SYSTEMS | 3718 NORTHERN BLVD | | LONG BEACH | NY | 11101-3705 | |
| AUTOMOTIVE COOLING PRODUCTS INC | | 600 KASOTA AVE | | | MINNEAPOLIS | MN | 55414-2912 | |
| AUTOMOTIVE CORPORATION | | 4335 FEDERAL DR | | | BATAVIA | NY | 14020-4104 | |
| AUTOMOTIVE CORPORATION RAKING | | 3223 W BEAVER RD STE 110 | | | BATAVIA | NY | 48906-9010 | |
| AUTOMOTIVE CORPORATION INC | | 4339 FEDERAL DR | | | BATAVIA | NY | 14020-410 | |
| AUTOMOTIVE CORPORATION INC EFT | | 1981 E VAIN RD | | | LEROY | NY | 14482 | |
| AUTOMOTIVE CREDIT CORP | | PO BOX 2296 | | | SOUTHFIELD | MI | 48037 | |
| AUTOMOTIVE DIAGNOSTIC SOLUTIONS | GARY SCHMIDT | 23 A OWL HILL RD | | | LITITZ | PA | 17543 | |
| AUTOMOTIVE DIESEL | MR LE HUMRICK | 2374 E DAYE AVE | | | FRESNO | CA | 93725 | |
| AUTOMOTIVE DISTRIBUTION | | NEW STREET | | | TIMBER | TN | 38019 | |
| AUTOMOTIVE ELECTRIC DISTRIBUTORS | | 4994 N BASIN AVE | | | PORTLAND | OR | 97217-3541 | |
| AUTOMOTIVE ELECTRIC DISTRIBUTORS | | PO BOX 10277 | | | PORTLAND | OR | 97296-0277 | |
| AUTOMOTIVE ELECTRONIC CONTROLS | TIMOTHY S MCFADDEN | LORD RUSSELL | 111 S WACKER DR | | CHICAGO | IL | 60606 | |
| AUTOMOTIVE ELECTRONIC CONTROLS DIVISION A | | LORD RUSSELL & BROOK LLP | 111 S WACKER DR | | CHICAGO | IL | 60606 | |
| DIVISION OF METHODE ELECTRONICS INC | METHODE ELECTRONICS INC | CO TIMITHY S MCFADDEN ESQ | LORD RUSSELL & BROOK LLP | ASSIGNEE CHG 01 04 02 CP | BRIGATION | ME | 481 16-8578 | |
| AUTOMOTIVE ENGINEERING | | MANAGEMENT SERVICES INC AEMS | 12613 E GRAND RIVER | | BRIGATION | ME | 48116 | |
| AUTOMOTIVE MANAGEMENT ENGINEERING MANAGEMENT SERVICES INC | | ATTN G WITT | | | BRIGHTON | MI | 48116-8576 | |
| AUTOMOTIVE ENVIRO MGMT SVC INC | | AEMS | 12613 E GRAND RIVER | | BRIGHTON | MI | 44420 | |
| AUTOMOTIVE ENVIRO MGMT SVC INC | | 1513 N MAIN RD | | | WARREN | OH | 44420 | |
| AUTOMOTIVE ENVIRO TESTING | | PO BOX 438 | | | GAUDETTE | WI | 54923 | |
| AUTOMOTIVE EQUIPMENT OF ALBES T | | 1403 COUNTY RD 1 SW | | | BAILEYTON | AL | 35019-5408 | |
| AUTOMOTIVE FINANCIAL OFFICIALES T | | 1305 PIERCE ST | | | GARY CORP | FL | 33504 | |
| AUTOMOTIVE FRACTION MATERIAL | | 1512 7TH AVE NO | | | BIRMINGHAM | AL | 35203 | |
| AUTOMOTIVE FRICTION MATERIALS | | CO INC | | | BIRMINGHAM | AL | 35203 | |
| AUTOMOTIVE HALL OF FAME | | 21400 OAKWOOD BLVD | | | DEARBORN | MI | 48124 | |
| AUTOMOTIVE HALL OF FAME | | 21400 OAKWOOD BLVD | | | DEARBORN | MI | 48124-4078 | |
| AUTOMOTIVE HALL OF FAME INC | | 21400 OAKWOOD BLVD | | | DEARBORN | MI | 48124-4078 | |
| AUTOMOTIVE HIGH TECH ASS | | 205 ALLAN RD | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE HIGH TECH CLASS | | 205 ALLAN RD | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE HIGH TECH ASSOC EFT | | 119 W E MILE RD | | | ROCKVILLE | MD | 20850 | |
| AUTOMOTIVE IMPORTS INC | | 747 PINE AVE SE | | | WARREN | OH | 44483 | |
| AUTOMOTIVE INC OF WARREN | | 747 PINE AVE SE | | | WARREN | OH | 44481-1233 | |
| AUTOMOTIVE INC OF WARREN | | 747 PINE ST SE | | | WARREN | OH | 44481-1233 | |
| AUTOMOTIVE INDUSTRY ACTION GRP | | 26200 LASHER RD | | | SOUTHFIELD | MI | 49034 | |
| AUTOMOTIVE INDUSTRIAL MARKETN | | AIMCO | 15000 SE PINE ST | | PORTLAND | OR | 97256 | |
| AUTOMOTIVE INDUSTRIAL MARKETN | | 1277 ELLINGTON ST | | | OSHAWA | ON | | CANADA |
| AUTOMOTIVE INDUSTRIES INC | | AUTOMOTIVE INDSTRS SHEBOYGAN M | 2907 N 21ST ST | | SHEBOYGAN | WI | 53083 | |
| AUTOMOTIVE INDUSTRIES SALES IN | | 2998 WATERVIEW | | | ROCHESTER HILLS | MI | 48309 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | 26200 LASHER | | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | AIAG | 26200 LASHER RD STE 200 | | SOUTHFIELD | MI | 48033 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | 26200 LASHER RD STE 200 | | | DETROIT | MI | 48277-0100 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | DEPT 77830 | | | DETROIT | MI | 48277-0830 | |
| AUTOMOTIVE INDUSTRY ACTION GRO | | PO BOX 77000 | | | DETROIT | MI | 48277 | |
| AUTOMOTIVE INDUSTRY ACTION GROUP | | NO RETURN ADDRESS | | | CINCINNATI | OH | 45263-3710 | |
| AUTOMOTIVE INDUSTRY ACTION GROUP | | PO BOX 67000 | | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INDUSTRY ACTION GROUP | | AIAG | 26200 LASHER RD STE 200 | | CINCINNATI | OH | 45263-3710 | |
| AUTOMOTIVE INDUSTRY ACTION GRP | | ADD CHG 11 96 | | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INDUSTRY ACTN GRP | | PO BOX 830710 | | | DAVENPORT | IA | 52807 | |
| AUTOMOTIVE INDUSTRY ACTN GRP | | 26200 LASHER RD STE 200 | HOLD J MILLER X 2851 | | SOUTHFIELD | MI | 48034 | |
| AUTOMOTIVE INNOVATIONS INC | | 4756 ELMORE AVE | | | DAVENPORT | IA | 52807 | |
| AUTOMOTIVE INNOVATIONS INC | | PO BOX 830710 | | | DAVENPORT | IA | 52807-0482 | |
| AUTOMOTIVE LIGHTING ALLIAN | | STRASSE 2 | 7141 SCHWEBERDINGEN | | SCHWIEBERDINGEN | | | GERMANY |
| AUTOMOTIVE LIGHTING NORTH AMERICA | ACCOUNTS PAYABLE | 37404 INTERCHANGE DR | | | FARMINGTON HILLS | MI | 48335 | |
| AUTOMOTIVE LIGHTING NORTH AME | | STE 1200 | | | DETROIT | MI | 20814 | |
| AUTOMOTIVE MAINTENANCE & | | REPAIR ASSOCIATION | 7101 WISCONSIN AVE STE 1200 | | BETHESDA | MD | 20814 | |
| AUTOMOTIVE MAINTENANCE AND REPAIR ASSOCIATION | | 7101 WISCONSIN AVE STE 1200 | | | BETHESDA | MD | 20814 | |
| AUTOMOTIVE MAINTENANCE & REPAIR | | 7101 WISCONSIN AVE STE 1200 | | | BETHESDA | MD | 20814 | |
| AUTOMOTIVE MARKET RESEARCH | | NANCY WANG AMRC VODINE MFG CO | 1500 DE KOVEN AVE | | RACINE | WI | 53103-2562 | |
| AUTOMOTIVE NEWS | | COUNCIL | DEPARTMENT 77940 | | DETROIT | MI | 48277-0940 | |
| AUTOMOTIVE NEWS | | DEPT 77940 | | | DETROIT | MI | 48277-0940 | |
| AUTOMOTIVE NEWS | | SUBSCRIBER SERVICES | STE 1200 | | DETROIT | MI | 20814 | |
| AUTOMOTIVE NEWS | | SUBSCRIBER SERVICES | 7101 WISCONSIN AVE STE 1200 | | BETHESDA | MD | 20814 | |
| AUTOMOTIVE NEWS CIRCULATION | | DEPARTMENT | SPECIAL SVCS & TELEPHONE SALES | 19813 ENTERPRISE DR | FOUNTAIN HILLS | AZ | 85269-1480 | |
| AUTOMOTIVE NEWS CIRCULATION DEPARTMENT | | SPECIAL SVCS AND TELEPHONE SALES | PO BOX 17490 | | FOUNTAIN HILLS | AZ | 85269-1480 | |
| AUTOMOTIVE NEWS EUROPE | | 1199 GRATIOT AVE | | | DETROIT | MI | 48207-2912 | |
| AUTOMOTIVE NEWS EUROPE | | SUBSCRIBER SERVICES | DEPT 77940 | NW CHG AS PER EDI 09 07 19 03 AM | DETROIT | MI | 48277-0940 | |
| AUTOMOTIVE NEWS EUROPE SUBSCRIBER SERVICES | | DEPT 77940 | | | DETROIT | MI | 48277-0940 | |
| AUTOMOTIVE NEWS PAGE AWARDS | | 500 WOODWARD AVE STE 1620 | | | DETROIT | MI | 48226 | |
| AUTOMOTIVE OCCUPANT RESTRAINTS | | 1055 STEVENSON CT STE 102 | | | ROSELLE | IL | 60172-3999 | |
| AUTOMOTIVE OCCUPANT RESTRAINTS | | 3307 FAYES CREEK RD STE 4A | XO CHG P&P QO 05 18 05 GJ | | LEXINGTON | KY | 40502 | |
| AUTOMOTIVE OCCUPANT RESTRAINTS | | COUNCIL | POST OFFICE BOX 865 | | LEXINGTON | KY | 40566-0865 | |

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Creditor Matrix

| CreditorName | AttentionName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | County |
|---|---|---|---|---|---|---|---|---|---|
| AUTOMOTIVE TECH/PART RESTRAINTS COUNCIL | | PO BOX 435/PO BOX 695 | | | | LEXINGTON | KY | 40588-0695 | |
| AUTOMOTIVE OIL CHANGE ASSOC | | 12916 HILLCREST STE 221 | | | | DALLAS | TX | 75230 | |
| AUTOMOTIVE PARTS ASSOCIATION | | 16631 LACKMAN RD | | | | LENEXA | KS | 66219 | |
| AUTOMOTIVE PARTS HEADQUARTERS INC | | 122 28TH AVE S | | | | SANT CLOUD | MN | 56301-3641 | |
| AUTOMOTIVE PRECISION EFT COMPONENTS LTD | | 2 8 MORLEY RD TONBRIDGE | | KENT TN9 1QZ | | ENGLAND | | | UNITED KINGDOM |
| AUTOMOTIVE PRECISION COMPONENT | | 2 8 MORLEY RD | | | | TONBRIDGE KENT | | TN9 1QZ | UNITED KINGDOM |
| AUTOMOTIVE PRECISION COMPONENT | | 3000 TOWN CENTER STE 407 | | | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE PRECISION EFT | | COMPONENTS LTD INACTIVE PER LG | 2 8 MORLEY RD TONBRIDGE | KENT TN9 1QZ | | | | | |
| AUTOMOTIVE PRESS ASSOCIATION | | 106 RENAISSANCE CTR STE 1360 | | | | DETROIT | MI | | |
| AUTOMOTIVE PRODUCTS | | 11700 E GRANDVIEW | | | | PORTLAND | OR | 97233-2908 | |
| AUTOMOTIVE PRODUCTS INC | | 11700 SE GRAND AVE | | | | PORTLAND | OR | 97214-3833 | |
| AUTOMOTIVE PRODUCTS INC | | PO BOX 14888 | | | | PORTLAND | OR | 97293-0468 | |
| AUTOMOTIVE PRODUCTS LLC | | PO BOX 361 | | | | | | | |
| AUTOMOTIVE PUBLIC RELATIONS | | COUNCIL | ATTN JOHN DOYD | | | OLD HESTBURY | NY | 11568-0113 | |
| AUTOMOTIVE PRECISION COMPONENT | | PO BOX 13968 | | | | RESEARCH TRIANGLE PK | NC | 27709-3968 | |
| AUTOMOTIVE RESEARCH CORP | | | | | | RESEARCH TRIANGLE PK | NC | 27709-3966 | |
| AUTOMOTIVE RESEARCH CTR | BRUCE | 3000 INDEPENDENCE | | | | CORE STATION | NC | 27514-5691 | |
| AUTOMOTIVE SAFETY COMPONENTS | BRUCE GINTHER | 347 FERN AVE | | | | READING | PA | 19607 | |
| AUTOMOTIVE SAFETY COMPONENTS | | 30 EMERY ST | | | | GREENVILLE | SC | 29605 | |
| AUTOMOTIVE SAFETY TECHNOLOGIES INC | | 2155 PASEO DE LAS AMERICAS STE | | | | SAN DIEGO | CA | 92154 | |
| AUTOMOTIVE SAFETY TECHNOLOGIES INC | | 3601 W MILITARY HWY NO G | | | | MCALLEN | TX | 78503-8910 | |
| AUTOMOTIVE SAFETY TECHNOLOGIES INC | | 7401 WEST WILSON AVE | | | | CHICAGO | IL | 60706-2548 | |
| AUTOMOTIVE SAFETY TECHNOLOGIES INC A WHOLLY OWNED SUBSIDIARY OF METHODE ELECTRONICS INC | METHODE ELECTRONICS INC | C/O TIMOTHY S MCFADDEN ESQ | LORD BISSELL & BROOK LLP | 115 WACKER DR | | CHICAGO | IL | 60606 | |
| AUTOMOTIVE SALES COUNCIL | JOHN COLLINS | | 17830 BRIDGEWAY CIRCLE DR | | | CHESTERFIELD | MO | 63005 | |
| AUTOMOTIVE SERVICE ASSOCIATION | OR OHIO | | 1047 E KEMPER RD STE 1 | | | CINCINNATI | OH | 45246-1288 | |
| AUTOMOTIVE SERVICE ASSOCIATION | ACCOUNTING | PO BOX 929 | | | | BEDFORD | TX | 76095-0929 | |
| AUTOMOTIVE SERVICE ASSOCIATION | ACCOUNTING | PO BOX 929 | | | | BEDFORD | TX | 76095-0929 | |
| AUTOMOTIVE SERVICE EXCELLENCE | DON DAY | 101 BLUE SEAL DR SE | STE 101 | | | LEESBURG | VA | 20175 | |
| AUTOMOTIVE SERVICES OF LAUREL | | HOLD HELD WOLKER | PO BOX 2994 | | | LAUREL | MS | 39442-2994 | |
| AUTOMOTIVE SERVICES OF LAUREL | | PO BOX 2994 | | | | LAUREL | MS | 39442-2994 | |
| AUTOMOTIVE SUPPLIERS | SERGIO | 36111 W SIX MILE RD | C/O ROB MERRITT | 245 PKWY E | | DEARBORN | MI | 48124 | |
| AUTOMOTIVE SYSTEM INTEGRATORS | J TYSON LLS | 36111 W SIX MILE RD | | | | LIVONIA | MI | 48152 | |
| AUTOMOTIVE SYSTEMS INTEGRATORS | | 3611 W MILE RD NO STE 115 | | | | JERSEY CITY | NJ | 07304-1952 | |
| AUTOMOTIVE SYSTEMS LABORATORY INC | | 27200 HAGGERTY RD | STE B 17 | | | FARMINGTON HILLS | MI | 48331 | |
| AUTOMOTIVE TEAM REBEL | MARY M | 3333 SOUTH MOUNTAIN RD | | | | AUBURN HILLS | MI | 48326-2408 | |
| AUTOMOTIVE TECHNICAL SR | DENNY HERSEY | 4025 PLEASANT DR | | | | SANT CHARLES | MO | 63304 | |
| AUTOMOTIVE TECHNOLOGIES INC | C/O BRIAN HOPPE | 78 WOOD LN | | | | WOODMERE | NY | 11598-2222 | |
| AUTOMOTIVE TECHNOLOGIES INC | C/O SOMMERS SCHWARTZ SILVER & SCHWARTZ | ANDREW KOCHANOWSKI | 2000 TOWN CENTER | STE 900 | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INC | ACCOUNTS PAYABLE | 11601 K 1 TEXAS DR | | | | EL PASO | TX | 79936 | |
| AUTOMOTIVE TECHNOLOGIES INC | ANDREW KOCHANOWSKI ESQ | SOMMERS SCHWARTZ SILVER & | SCHWARTZ PC 2000 TOWN CTR | DRIVE STE 900 | | SOUTHFIELD | MI | 48075-1100 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL ATI | MICHAEL H BANIAK ESQ | BANIAK PINE & GANNON | 150 NORTH WACKER DR | STE 1200 | | CHICAGO | IL | 60606 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ANDREW KOCHANOWSKI ESQ | SOMMERS SCHWARTZ PC | 2000 TOWN CENTER SUITE 900 | | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ATTN ANDREW KOCHANOWSKI ESQ | C/O SOMMERS SCHWARTZ PC | 2000 TOWN CTR STE 900 | | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ATTN ANDREW KOCHANOWSKI ESQ | ATTN ANDREW KOCHANOWSKI ESQ | 2000 TOWN CTR STE 900 | | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ATTN CHRISTOPHER J BATTAGLIA ESQ & JULIE D DYAS ESQ | HALPERIN BATTAGLIA RAICHT LLP | 555 MADISON AVE 9TH FL | | | NEW YORK | NY | 10019 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ATTN CHRISTOPHER J BATTAGLIA ESQ JULIE D DYAS ESQ | HALPERIN BATTAGLIA RAICHT LLP | 555 MADISON AVE 9TH FL | | | NEW YORK | NY | 10019 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ATTN ANDREW KOCHANOWSKI ESQ | ANDREW KOCHANOWSKI ESQ | 2000 TOWN CENTER 900 | 2000 TOWN CENTER SUITE 900 | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ATTN ANDREW KOCHANOWSKI ESQ | ATTN ANDREW KOCHANOWSKI ESQ | 2000 TOWN CTR STE 900 | | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | ATTN ANDREW KOCHANOWSKI ESQ | C/O SOMMERS SCHWARTZ PC | ATTN ANDREW KOCHANOWSKI ESQ | 2000 TOWN CENTER STE 900 | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | C/O SOMMERS SCHWARTZ SILVER & SCHWARTZ PC | ANDREW KOCHANOWSKI P55117 | 2000 TOWN CENTER | 9TH FL | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | C/O SOMMERS SCHWARTZ PC | ATTN ANDREW KOCHANOWSKI ESQ | 2000 TOWN CENTER 2000 TOWN CENTER STE 900 | 2000 TOWN CENTER SUITE 900 | | NEW YORK | NY | 10019 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | C/O SOMMERS SCHWARTZ PC | CO SOMMERS SCHWARTZ PC | 150 NORTH WACKER DR | | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | DO BANIAK PINE & QUINN INTERNATIONAL INC | MICHAEL H BANIAK ESQ | 150 NORTH WACKER DR | | | CHICAGO | IL | 60606 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | CO SOMMERS SCHWARTZ SILVER & SCHWARTZ PC | ANDREW KOCHANOWSKI P55117 | 2000 TOWN CENTER STE 900 | 9TH FL | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | C/O SOMMERS SCHWARTZ PC | ATTN ANDREW KOCHANOWSKI ESQ | 2000 TOWN CENTER 2000 TOWN CENTER STE 900 | STE 1200 | | SOUTHFIELD | MI | 48075 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL INC | CO SOMMERS SCHWARTZ PC | CO SOMMERS SCHWARTZ PC | 150 NORTH WACKER DR | STE 1200 | | CHICAGO | IL | 60606 | |
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL SENSOR | MICHAEL H BANIAK ESQ | BANIAK PINE & GANNON | 4190 TELEGRAPH RD STE 3100 | STE 1200 | | BLOOMFIELD HILLS | MI | 48302-2061 | |
| AUTOMOTIVE TESTING | | OPERATIONS LLC | 6000 WILLIAM NORTHERN BLVD | | | TULLAHOMA | TN | 37388 | |

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNameAddtl | Address | Address2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| CONNECTION CO THE | | PO BOX 26029 | | CINCINNATI | OH | 43226 | |
| CONNECTION CO THE | | PO BOX 641002 | | CINCINNATI | OH | 45264-1005 | |
| CONNECTION COMPANY | | 7415 VANDELAKE RD | | SIDNEY | OH | 45365 | |
| CONNECTION COMPANY  EFT | | 7415 VANDEMARK RD | | SIDNEY | OH | 45365 | |
| CONNECTION COMPANY THE | | 1535 CORINGSVILLE RD | | COLUMBUS | OH | 45365 | |
| CONNECTION COMPANY THE | | 7415 VANDEMARK RD | | SIDNEY | OH | 45365 | |
| CONNECTOR CONCEPTS | ACCOUNTS PAYABLE | 1920 JAY ELL BLVD | | BUFFALO GROVE | IL | 60089 | |
| CONNECTOR CONCEPTS | | 2961 E FARDCOURT ST | | GARDEN TOWN | GA | 90021 | |
| CONNECTOR DIST CORPORATION | | | | | | | |
| CONNECTOR PRODUCTS DIVISION A DIVISION OF | | | | | | | |
| METHODE ELECTRONICS INC | RICK PRINKLE | C/O TIMOTHY S MCFADDEN ESQ | LORD BISSELL & BROOK LLP | CHICAGO | IL | | |
| CONNECTOR SPECIALIST | | 1847 AVE E | STE A 300 | | TX | | |
| CONNECTOR SPECIALIST INC | | 170 JAMES DR E | JAMES BUSINESS PK | SAINT ROSE | LA | 70087 | |
| CONNECTOR SPECIALISTS | | PO BOX 64644 | | PLANO | LA | 70086 | |
| CONNECTOR SPECIALISTS INC | | 170 JAMES DR E | | SAINT ROSE | LA | 70182 | |
| CONNECTOR SPECIALISTS INC | | PO BOX 62637 | | NEW ORLEANS | LA | 70162 | |
| CONNECT CORPORATE SYSTEMS INC | | CTI | S VERNON CLAVE | | CA | | |
| CONNECTOR TECHNOLOGY INC | | 488 S ROSEMEAD BLVD STE 7 | | PASADENA | CA | 91107 | |
| CONNECTION TEST  EFT INTERNATIONAL | | 488 S ROSEMEAD BLVD STE 7 | | PASADENA | CA | 91107 | |
| CONNECTORS CHURCH | | 2 BLVD DE GAL MARTIAL VALIN | | PARIS | | 75015 | |
| CONNECTORS CHURCH | ATTN GAIL CHURCH | 2758 AVONDALE | | TOLEDO | OH | 43607 | |
| CONNECTORS CORPORATION | VAL CROBINSON | 2758 AVONDALE AVE | | TOLEDO | OH | 43607 | 91604CE |
| CONNECTORS CORPORATION | | 4372 NEWTON FALLS BAILEY RD | | NEWTON FALLS | OH | 44444-9725 | |
| CONNELL CHRISTINE M | | 6 TERRIBAY CLOSE | | SOUTHBOURNE | | LN13341 | UNITED KINGDOM |
| CONNELL DAVID | | 1060 BEAR COB DR | | BOSTON | IN | 46058 | |
| CONNELL JASON | JOHN CURTIN | DAILY DIE SET DIV | PO BOX 75814 N | CLEVELAND | OH | 44193-0001 | |
| CONNELL LIMITED PARTNERSHIP | | DAILY DIE SET DIV | 11400 BROOKPARK RD | CLEVELAND | OH | 44135-3151 | |
| CONNELL LIMITED PARTNERSHIP | | DANLY DIE SET DIV  PUNCHRITE | 11400 BROOKPARK RD | OLIVE BRANCH | OH | 38654 | |
| CONNELL LIMITED PARTNERSHIP | | DANLY DIE SET DIV | 11165 AIRPORT RD | NEW BERLIN | WI | 53151 | |
| CONNELL LIMITED PARTNERSHIP | | DANLY DIE SET DIV | 16996 W VICTORY RD | BOSTON | MA | 02110 | |
| CONNELL LIMITED PARTNERSHIP DANLY DIE SET | | ONE INTERNATIONAL PL | FORT HILL SQUARE | | | | |
| DANLY PUNCHRITE | | PO BOX 69697 | | | | | |
| CONNELL P | | 1 INTERNATIONAL PL  31ST FL | | BOSTON | MA | 60966-7697 | |
| CONNELL P | | DANLY DIE SET | | BOSTON | MA | 02110 | |
| CONNELL P | | DANLY DIE SET DIV | 255 INDUSTRIAL PKY | ITHACA | WI | 48647 | |
| CONNELL L P | | DANLY DIE SET DIV | 3293 PHILOTHELLA SW | CANTON | OH | 44706 | |
| CONNELL L P | | DANLY DIE SET DIV | 978 S EAGLE RD STE F | MIDDLEBURG HEIGHTS | OH | 44130 | |
| CONNELL L P | | DANLY DIE SET DIV | 11400 BROOKPARK RD | CLEVELAND | OH | 44135-1531 | |
| CONNELL L P | | DANLY PUNCHRITE | WEBSTER ST | INDEPENDENCE | OH | 44456 | |
| CONNELL L P | | DANLY PUNCHRITE | 11400 BROOKPARK RD | CLEVELAND | OH | 44130-1531 | |
| CONNELL ROY | | 2188 S STATE RD | | WARREN | IN | 46992 | |
| CONNELL L ROY M | | 1960 BEAR COB DR | | DAYTON | IN | 46201 | |
| CONNELLY CHRISTINA | | 700 PEAK MORNING DR | | CLEARD | IN | 46204 | |
| CONNELLY P WILLIAM | | 1297 GRAND CYN | | EULO | LA | 4444-0407 | |
| CONNELLY PATRICK | | 4703 48TH M W AVE | | BRENDA | CA | 62207-2225 | |
| CONNELLY LARRY L | | 301 E KIRBY W AVE | | JEEPINESS | OK | 74030 | |
| CONNELLY PATRICK | | 906 E 27TH ST | | AWHINSS | OK | 74058 | |
| CONNELLY ROSS | | 10508 MILTON DR | | ANDERSON | IN | 46013 | |
| CONNELLY THOMAS | | 4430 PINE VALLEY DR | | CLIO | MI | 48420-9407 | |
| CONNELLY WILLIAM | | 9243 HOWLAND SPRINGS RD SE | | YOUNGSTOWN | OH | 44514-2816 | |
| CONNELLY WILLIAM | | 4470 LAKEVIEW BLVD | | WARREN | OH | 44484 | |
| CONNELY MARIA B | | 4470 LAKEVIEW BLVD NO | | INDEPENDENCE | MI | 48348 | |
| CONNER ALAN | | 1717 PARTNER LH | | KOKOMO | IN | 46902 | |
| CONNER ALAN | | PO BOX 305 | | KOKOMO | IN | 46902 | |
| CONNER CHRISTINA | | PO BOX 165 | | COLUMBUS | OH | 43222-2298 | |
| CONNER CHRISTOPHER | | 84 YALE AVE S | | GROVA | CA | 40423 | |
| CONNER CARY G | | 14 GLEN DR | | DAYTON | OH | 45406 | |
| CONNER DAVID | | 1300 PINE ADELPHIA DR | | ATHENS | MI | 38471-7098 | |
| CONNER DAVID | | 3719 CRILLY CT | | DAYTON | OH | 45416 | |
| CONNER DONNELL | | 6515 LAUGHERTY WY | | KOKOMO | IN | 46902 | |
| CONNER HAROLD | | 2742 BRANT PL | | YOUNGSTOWN | OH | 44444-2443 | |
| CONNER JM ENTERPRISES INC | | 919 S 2 S MILE | | DAYTON | OH | 45406-1060 | |
| CONNER JM ENTERPRISES INC | | PO BOX 305 | | BENTON | IL | 62812 | |
| CONNER JOHN | | 1921 ST RT 60 HW | | BENTON | IL | 62812 | |
| CONNER LEWIS | | 15000 COUNTY RD | | NEWTON FALLS | OH | 44444 | |
| CONNER KAREN S | | 816 BRINE LU AVE | | DAYTON | IN | 45405-0342 | |
| CONNER RANDALL D | | 501 S VALLE AVE | | MUNCISON | IN | 46013-3944 | |
| CONNER RANDALL D | | 4839 PAIGE CT | | KOKOMO | IN | 46901-3555 | |
| CONNER ROBERT | | 4837 N GREGORY | | ANDERSON | IN | 46013-2853 | |
| CONNER STEVEN | | | | SACRISON | IN | 46001 | |
| CONNER STEVEN | | 8590 W 90 NO | | KOKOMO | IN | 46801 | |
| CONNER TINA | | 5568 INVENTORS PKY | | PROVINCHOOD | OH | 48206 | |
| CONNER BRIDGETT | | 4600 EASTERN AVE SE APT NO 103 | | GRAND RAPIDS | MI | 49508 | |
| CONNER CLARIDO | | 3743 BRIARPL | | DAYTON | OH | 45405 | |
| CONNER CLARICE | | 3711 RANCHO VIEW DR | | NEWBURGS | MI | 45406 | |
| CONNER SILVER A | | 8550 W 90 N S | | KOKOMO | IN | 46901 | |
| CONNER SILVER A | | 910 LA MI WAY | | THE VILLAGES | FL | 32162-3247 | |
| CONNERS RENO | | 904 MARK ST | | PUSHING | MI | 48342 | |
| CONNERTON MICHAEL P | | 8 CRIDGE KNOLL LH | | CARMEL | IN | 46033-1062 | |
| CONNESTY P | | 38 SWALDON RD | | LIVERPOOL | | L32 8RT | UNITED KINGDOM |
| CONNOR SAFETY PRODUCTS | | 2302 LATHAM DR | | MADISON | WI | 53744-4190 | |
| CONNOR SAFETY PRODUCTS | | 2502 LATHAM DR | | MADISON | WI | 53741 | |
| CONNOR SAFETY PRODUCTS ESTSIC | | 2302 LATHAM DR | | MADISON | WI | 53741 | |
| CONNICK FJ | | 8 ASTBURY CLOSE | | WIDNES | | WA8 4DF | UNITED KINGDOM |

# EXHIBIT 8

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

| United States Bankruptcy Court<br>Southern District of New York<br><br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | Administrative<br>Expense Claim<br>Request | |
|---|---|---|
| **Debtor against which claim is asserted:**<br>Delphi Automotive Systems LLC | **Case Name and Number**<br>Io re Delphi Automotive Systems LLC, Case No. 05-44640 | |

**NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Request form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case pursuant to 11 U.S.C. § 503.**

| Name of Creditor<br><br>Methode Electronics, Inc.<br><br>Name and Address Where Notices Should be Sent<br>Locke Lord Bissell & Liddell LLP<br>111 South Wacker Drive<br>Chicago, IL 060606<br>ATTN: Timothy S. McFadden<br><br>Telephone No. (312) 443-0700 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐<br>Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim ☐ replaces<br>☐ amends a previously filed claim, dated: _____ | |

**1. BASIS FOR CLAIM**

| | | |
|---|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) | |
| ☐ Services performed | ☐ Wages, salaries, and compensation (Fill out below) | |
| ☐ Money loaned | Your social security number _____ | |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed | |
| ☐ Taxes | from _____ to _____ | |
| ☒ Other (Describe briefly) **SEE ATTACHED ADDENDUM** | (date) | (date) |

| 2. DATE DEBT WAS INCURRED **SEE ATTACHED ADDENDUM** | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $** Contingent and Unliquidated

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Brief Description of Claim (attach any additional information): SEE ATTACHED ADDENDUM**

| 6. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.<br><br>7. **SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".<br><br>8. **DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>**RECEIVED**<br><br>NOV 05 2009<br><br>**KURTZMAN CARSON CONSULTANTS** |
|---|---|
| Date    November 5, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>C. Geoffrey Jones, One of Its Attorneys | |

**ORIGINAL**

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

# LLB&L

## Locke Lord Bissell & Liddell LLP

**Attorneys & Counselors**

300 S. Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Fax: 213-485-1200
www.lockelord.com
Direct Telephone: (213) 687-6719
Direct Fax: (213) 341-6719
gcollins@lockelord.com

November 5, 2009

**BY MESSENGER:**
Delphi Corporation, et al.
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, Calfiornia  90245

Re:   *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD)
      U.S. Bankruptcy Court for the Southern District of New York

Dear Ladies and Gentlemen:

Enclosed herewith for filing please find an original plus one copy of two Administrative Expense Claim Forms on behalf of Methode Electronics Inc.  Kindly return a file-stamped copy to me in the enclosed self-addressed, stamped envelope.  If you have any questions, please contact me.

Very truly yours,

LOCKE LORD BISSELL & LIDDELL LLP

C. Guerry Collins

Enclosure

cc:   **BY MESSENGER:**
      Kayalyn A Marafioti
      Thomas J. Matz
      Skadden, Arps, Slate, Meagher & Flom LLP
      Four Times Square
      New York, New York  10036

      **BY MESSENGER:**
      John Wm. Butler, Jr.
      Ron E. Meisler
      Skadden, Arps, Slate, Meagher & Flom LLP
      333 West Wacker Drive, Suite 2100
      Chicago, Illinois  60606

CHI1 1637375v.1

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

## ADDENDUM TO ADMINISTRATIVE EXPENSE CLAIM OF
## METHODE ELECTRONICS, INC.

This administrative expense claim of Methode Electronics, Inc. and its affiliates ("Methode") is a protective filing and arises out of various patent and contractual business relationships between Methode and certain of the Debtors which are currently the subject of the lawsuits described herein. This administrative expense claim is protective in nature as such litigation is proceeding in non-bankruptcy jurisdictions and venues selected by such Debtors. Methode is filing this claim, among other things, to preserve any and all rights and entitlements Methode may have as herein asserted, and nothing set forth herein should be construed as an admission that any claims or causes of action exist against Methode. Since both of the lawsuits forming the basis of this administrative expense claim are contingent on the results of such litigation, Methode files its claim in an unliquidated amount. Although a significant portion of the damages which Methode would be entitled if judgments are granted in Methode's favor will be incurred subsequent to October 8, 2009 (the "Effective Date"), the effective date of the Debtors' First Amended Joint Plan of Reorganization (As Modified), Methode files this administrative expense claim for all amounts which are now, or will become due to it, for the periods prior to the Effective Date.

### I.    Claims Arising From Patent Infringement

Methode also has asserted causes of against Delphi Automotive Systems LLC Inc. (collectively, the "Defendant") for various causes of action related to patent infringement, which case is pending in the U.S. District Court for the Eastern District of Michigan (the "Michigan District Court"), Case No. 09-CV-13078. The case was originally filed in the U.S. District Court for the Northern District of Illinois on April 9, 2009 and transferred to the U.S. District Court for the Eastern District of Michigan on July 20, 2009. Methode is asserting a claim for patent infringement against the Defendant and Marian, Inc. The Defendant is asserting that Methode's patent is not infringed and is invalid and unenforceable. Counter-plaintiff Delphi Technologies is asserting that Methode's patent is invalid based on a patent it owns. The case is in the early discovery phase and nothing substantive has yet occurred. Methode is claiming damages resulting from the Defendant's infringement of its patent in the form of lost profits but, in no event, less than a reasonable royalty. Methode is also seeking an award of triple damages and attorneys fees. It is impossible to give a current damages figure since the volume of infringing sales is not yet known. Damages will accrue as long as Defendant makes, uses or sells infringing products over the life of the patent or until Delphi is enjoined. Methode files this contingent and unliquidated administrative expense claim for all damages which are proven to have occurred prior to the Effective Date.

On October 30, 2009, Delphi Automotive Systems, LLC filed a Complaint against Methode in the Michigan District Court for breach of contract and declaratory injunction relief regarding certain patents. Methode reserves all rights to judgments and damages for claims it may allege in this action which were incurred or arose prior to the Effective Date.

### II.    Claims Arising From Three Year Supply Agreement

Effective September 30, 2008, Methode and Delphi Automotive Systems LLC entered into a three year agreement (the "Supply Agreement") pursuant to which Methode agreed to supply Delphi with certain parts for a three year term. On October 23, 2008, Delphi initiated a legal action against Methode in the Circuit Court for the County of Oakland, Michigan, Case No. 08-095518-CK and filed an "emergency motion" for a TRO, Preliminary Injunction, and Immediate Possession Pending Final Judgment seeking copies of certain tooling drawings in Methode's possession. On August 27, 2009, the Debtors delivered a notice to Methode purporting to terminate the Supply Agreement effective September 10, 2009 (the "Termination Date"), only ten months into the three year term. Methode asserts that Delphi negotiated the three-year contract in bad faith and has counterclaimed against Delphi for damages for Delphi's premature and improper termination of the parties' three year contract.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Methode has sustained damages under the breach of the Supply Agreement in an amount not less than $40,500,000, which is comprised of the following: lost profits, goodwill writeoffs, fixed asset writeoffs, inventory obsolescence, tear down costs, unpaid invoices, and employee severance costs.

### III.    Reservation of Rights

Methode expressly reserves the right to amend or supplement this administrative expense claim at any time for whatever reason, including without limitation, for the purpose of filing additional claims or to specify the amount of Methode's unmatured and/or unliquidated claims as they become matured and/or liquidated.  By virtue of the filing of this administrative expense claim, Methode does not waive, and hereby expressly reserves, its rights to pursue claims, including, but not limited to, the claims described herein, against the Debtors based upon alternative legal theories.

Due to the voluminous nature of the claims and litigation set forth herein and related documents, such documents are not attached to this Administrative Expense Claim.  Methode will provide these documents upon request.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

| United States Bankruptcy Court<br>Southern District of New York<br><br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | Administrative<br>Expense Claim<br>Request | |
|---|---|---|
| Debtor against which claim is asserted:<br>Delphi Corporation, 05-44481 | Case Name and Number<br>In re Delphi Corporation., *et al.* 05-44481<br>Chapter 11, Jointly Administered | |

**NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Request form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case pursuant to 11 U.S.C. § 503.**

| Name of Creditor<br><br>Methode Electronics, Inc.<br><br>Name and Address Where Notices Should be Sent<br>Locke Lord Bissell & Liddell LLP<br>111 South Wacker Drive<br>Chicago, IL 060606<br>ATTN: Timothy S. McFadden<br><br>Telephone No. (312) 443-0700 | ☐  Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐  Check box if you have never received any notice from the bankruptcy court in this case.<br><br>☐<br><br>Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR<br>COURT USE ONLY |
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this claim ☐ replaces<br><br>☐ amends a previously filed claim, dated: _____ | |

**1. BASIS FOR CLAIM**

| | | | |
|---|---|---|---|
| ☐ Goods sold | | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) | |
| ☐ Services performed | | ☐ Wages, salaries, and compensation (Fill out below) | |
| ☐ Money loaned | | Your social security number | _____ |
| ☐ Personal injury/wrongful death | | Unpaid compensation for services performed | |
| ☐ Taxes | | from _____ to _____ | |
| X Other (Describe briefly) **SEE ATTACHED ADDENDUM** | | (date)             (date) | |

| 2. DATE DEBT WAS INCURRED **SEE ATTACHED ADDENDUM** | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $ Contingent and Unliquidated**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Brief Description of Claim** (attach any additional information): **SEE ATTACHED ADDENDUM**

| 6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.<br><br>7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".<br><br>8. DATE-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR<br>COURT USE ONLY<br><br>**RECEIVED**<br><br>**NOV 05 2009**<br><br>KURTZMAN CARSON CONSULTANTS |
|---|---|
| Date    November 5, 2009 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>C. Greg ... Collins, One of Its Attorneys)<br><br>*[signature]* |



**ORIGINAL**



# LLB&L

## Locke Lord Bissell & Liddell LLP

**Attorneys & Counselors**

300 S. Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Fax: 213-485-1200
www.lockelord.com
Direct Telephone: (213) 687-6719
Direct Fax: (213) 341-6719
gcollins@lockelord.com

November 5, 2009

**BY MESSENGER:**
Delphi Corporation, et al.
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, Calfiornia 90245

Re:  *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD)
     U.S. Bankruptcy Court for the Southern District of New York

Dear Ladies and Gentlemen:

Enclosed herewith for filing please find an original plus one copy of two Administrative Expense Claim Forms on behalf of Methode Electronics Inc. Kindly return a file-stamped copy to me in the enclosed self-addressed, stamped envelope. If you have any questions, please contact me.

Very truly yours,

LOCKE LORD BISSELL & LIDDELL LLP

C. Guerry Collins

Enclosure

cc:    **BY MESSENGER:**
       Kayalyn A Marafioti
       Thomas J. Matz
       Skadden, Arps, Slate, Meagher & Flom LLP
       Four Times Square
       New York, New York  10036

       **BY MESSENGER:**
       John Wm. Butler, Jr.
       Ron E. Meisler
       Skadden, Arps, Slate, Meagher & Flom LLP
       333 West Wacker Drive, Suite 2100
       Chicago, Illinois  60606

CHI1 1637375v.1

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

### ADDENDUM TO ADMINISTRATIVE EXPENSE CLAIM OF
### METHODE ELECTRONICS, INC.

This administrative expense claim of Methode Electronics, Inc. and its affiliates ("Methode") is a protective filing and arises out of various patent and contractual business relationships between Methode and certain of the Debtors which are currently the subject of the lawsuits described herein. This administrative expense claim is protective in nature as such litigation is proceeding in non-bankruptcy jurisdictions and venues selected by such Debtors. Methode is filing this claim, among other things, to preserve any and all rights and entitlements Methode may have as herein asserted, and nothing set forth herein should be construed as an admission that any claims or causes of action exist against Methode. Since both of the lawsuits forming the basis of this administrative expense claim are contingent on the results of such litigation, Methode files its claim in an unliquidated amount. Although a significant portion of the damages which Methode would be entitled if judgments are granted in Methode's favor will be incurred subsequent to October 8, 2009 (the "Effective Date"), the effective date of the Debtors' First Amended Joint Plan of Reorganization (As Modified), Methode files this administrative expense claim for all amounts which are now, or will become due to it, for the periods prior to the Effective Date.

### I.    Claims Arising From Patent Infringement

Methode also has asserted causes of against Delphi Automotive Systems LLC Inc. (collectively, the "Defendant") for various causes of action related to patent infringement, which case is pending in the U.S. District Court for the Eastern District of Michigan (the "Michigan District Court"), Case No. 09-CV-13078. The case was originally filed in the U.S. District Court for the Northern District of Illinois on April 9, 2009 and transferred to the U.S. District Court for the Eastern District of Michigan on July 20, 2009. Methode is asserting a claim for patent infringement against the Defendant and Marian, Inc. The Defendant is asserting that Methode's patent is not infringed and is invalid and unenforceable. Counter-plaintiff Delphi Technologies is asserting that Methode's patent is invalid based on a patent it owns. The case is in the early discovery phase and nothing substantive has yet occurred. Methode is claiming damages resulting from the Defendant's infringement of its patent in the form of lost profits but, in no event, less than a reasonable royalty. Methode is also seeking an award of triple damages and attorneys fees. It is impossible to give a current damages figure since the volume of infringing sales is not yet known. Damages will accrue as long as Defendant makes, uses or sells infringing products over the life of the patent or until Delphi is enjoined. Methode files this contingent and unliquidated administrative expense claim for all damages which are proven to have occurred prior to the Effective Date.

On October 30, 2009, Delphi Automotive Systems, LLC filed a Complaint against Methode in the Michigan District Court for breach of contract and declaratory injunction relief regarding certain patents. Methode reserves all rights to judgments and damages for claims it may allege in this action which were incurred or arose prior to the Effective Date.

### II.   Claims Arising From Three Year Supply Agreement

Effective September 30, 2008, Methode and Delphi Automotive Systems LLC entered into a three year agreement (the "Supply Agreement") pursuant to which Methode agreed to supply Delphi with certain parts for a three year term. On October 23, 2008, Delphi initiated a legal action against Methode in the Circuit Court for the County of Oakland, Michigan, Case No. 08-095518-CK and filed an "emergency motion" for a TRO, Preliminary Injunction, and Immediate Possession Pending Final Judgment seeking copies of certain tooling drawings in Methode's possession. On August 27, 2009, the Debtors delivered a notice to Methode purporting to terminate the Supply Agreement effective September 10, 2009 (the "Termination Date"), only ten months into the three year term. Methode asserts that Delphi negotiated the three-year contract in bad faith and has counterclaimed against Delphi for damages for Delphi's premature and improper termination of the parties' three year contract.

Methode has sustained damages under the breach of the Supply Agreement in an amount not less than $40,500,000, which is comprised of the following: lost profits, goodwill writeoffs, fixed asset writeoffs, inventory obsolescence, tear down costs, unpaid invoices, and employee severance costs.

## III.    Reservation of Rights

Methode expressly reserves the right to amend or supplement this administrative expense claim at any time for whatever reason, including without limitation, for the purpose of filing additional claims or to specify the amount of Methode's unmatured and/or unliquidated claims as they become matured and/or liquidated. By virtue of the filing of this administrative expense claim, Methode does not waive, and hereby expressly reserves, its rights to pursue claims, including, but not limited to, the claims described herein, against the Debtors based upon alternative legal theories.

Due to the voluminous nature of the claims and litigation set forth herein and related documents, such documents are not attached to this Administrative Expense Claim. Methode will provide these documents upon request.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

# EXHIBIT 9

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

In re                     :     Chapter 11

                     :

DELPHI CORPORATION, et al.,   :     Case No. 05-44481 (RDD)

                     :

           Debtors.   :     (Jointly Administered)

                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS

("ORDER AUTHORIZING USE OF ADMINISTRATIVE CLAIM OBJECTION PROCEDURES")

        Upon the motion (the "Motion"), dated July 31, 2009, of Delphi Corporation (now

known as DPH Holdings Corp.) and certain of its subsidiaries and affiliates, former debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Reorganized Debtors"), for

entry of an order authorizing the Reorganized Debtors to apply the claims objection procedures

set forth in the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures

Governing Hearings Regarding Disallowance Or Estimation Of Claims on December 6, 2006

(the "Claim Objection Procedures Order") (Docket No. 6089) to contested administrative

expense claims; and upon the record of the August 20, 2009 hearing held on the Motion; and

counsel for the Reorganized Debtors having represented that GM Components[1] and DIP Holdco

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.



0544481091022000000000001

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

3 have agreed to the terms of this order; and after due deliberation thereon; and good and sufficient cause appearing therefor,

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED as provided herein.

2.    The Reorganized Debtors are authorized and directed to apply the claims objection procedures set forth in the Claims Objection Procedures Order to any dispute with respect to Administrative Claims.

3.    All Administrative Claims shall be subject to the Claims Objection Procedures.

4.    With respect to any Administrative Claim that is to be paid by and/or is the responsibility of either GM Components or DIP Holdco 3 pursuant to the DIP Lender-GM Master Disposition Agreement (the "MDA"), DPH Holdings Corp. will (a) provide to GM Components or DIP Holdco 3, as applicable, (i) written notice identifying the Administrative Claim and (ii) reasonably requested documentation relating to the Administrative Claim, and (b) work with GM Components or DIP Holdco 3, as applicable, to develop an appropriate strategy to liquidate or seek disallowance of the Administrative Claim.

5.    DPH Holdings Corp. shall not enter into a settlement agreement or make a payment on account of any Administrative Claim for which either GM Components or DIP Holdco 3 is responsible without the express written consent of GM Components or DIP Holdco 3, as applicable. Additionally, to the extent GM Components or DIP Holdco 3 directs DPH Holdings Corp. to resolve an Administrative Claim (for which GM Components or DIP Holdco 3 is responsible) in a particular manner, including the settlement or litigation of such claim, DPH

2

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Holdings Corp. shall resolve the Administrative Claim in accordance with such direction at no further cost, liability, or expense to DPH Holdings Corp.

6.    If (a) GM Components or DIP Holdco 3, as applicable, requires DPH Holdings Corp. to liquidate or seek disallowance of an Administrative Claim or (b) after DPH Holdings Corp. applies the Claims Objection Procedures to liquidate or seek disallowance of an Administrative Claim and either GM Components or DIP Holdco 3 is subsequently determined to be responsible for such Administrative Claim pursuant to the MDA, the reasonable costs incurred by DPH Holdings Corp. of liquidating or seeking disallowance of such Administrative Claim, only to the extent incurred after DPH Holdings Corp. has given notice in accordance with paragraph 4(a), above, shall be reimbursed by whichever of GM Components or DIP Holdco 3 is responsible for such Administrative Claim pursuant to the MDA. GM Components or DIP Holdco 3, as applicable, may elect at any time to assume responsibility for liquidating or seeking disallowance of any such Administrative Claim at its own expense.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
          October 22, 2009

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT 10

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11

Westlaw.

Not Reported in N.W.2d, 2008 WL 4927256 (Mich.App.)
**(Cite as: 2008 WL 4927256 (Mich.App.))**

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

UNPUBLISHED

Court of Appeals of Michigan.
Michael T. DOE and Patsy R. Doe, Plaintiffs-Ap-
pellees,
v.
John HENKE, MD, and Ann Arbor Orthopedic Sur-
gery, Defendants-Appellants,
and
Trinity Health, d/b/a St. Joseph Mercy Health Sys-
tem, d/b/a St. Joseph Mercy Hospital, Defendant.
Docket No. 278763.

Nov. 18, 2008.

West KeySummary
Bankruptcy 51 ⬥⟳2154.1

51 Bankruptcy
   51II Courts; Proceedings in General
      51II(B) Actions and Proceedings in General
         51k2154 Rights of Action by or on Behalf
of Trustee or Debtor
            51k2154.1 k. In General. Most Cited
Cases
Debtors had standing to pursue a claim of medical
malpractice against a surgeon despite the fact that
they had filed for bankruptcy before sending him a
notice of intent regarding the malpractice claim and
had not disclosed the possible malpractice settle-
ment as a potential asset in the bankruptcy filing.
The debtors legitimately believed at the time of the
bankruptcy filing that they did not have a valid
claim to disclose based on their reliance on the ad-
vice of the attorneys who initially investigated the
matter. 11 U.S.C.A. §§ 541(a), 541.

Washtenaw Circuit Court; LC No. 02-000141-NH.

Before: FITZGERALD, P.J., and BANDSTRA and
SCHUETTE, JJ.

PER CURIAM.

*1 Defendants appeal the trial court's order denying
defendant John Henke, M.D.'s ("defendant
Henke") motion for summary disposition by order of our Su-
preme Court, which remanded this case as on leave
granted for consideration in light of *Miller v. Chap-
man Contracting,* 477 Mich. 102, 730 N.W.2d 462
(2007). The trial court held, before the publication
of *Miller,* that plaintiffs had standing to pursue a
claim of medical malpractice against defendant
Henke despite the fact that they had filed for bank-
ruptcy before sending him a notice of intent regard-
ing the malpractice claim, and had not disclosed the
possible malpractice settlement as a potential asset
in the bankruptcy filing. We affirm.

I. FACTS

In June 2000, plaintiffs sought legal counsel to ad-
vise them whether they should pursue a medical
malpractice claim against defendant Henke regard-
ing Michael Doe's hip-replacement surgery on Au-
gust 24, 1999. After a nine-month investigation,
plaintiffs' legal counsel determined that there was
no cause of action arising from the surgery.

On April 26, 2001, plaintiffs filed a petition for
Chapter 7 bankruptcy protection in the Bankruptcy
Court for the Eastern District of Michigan. A cred-
itor's meeting was held on June 19, 2001, at which
time, plaintiffs made no disclosure regarding the
malpractice investigation. On June 20, 2001, the
bankruptcy trustee issued a "NO ASSET" Report,
stating that there was no property available for dis-
tribution to the creditors.

In July 2001, plaintiffs sought new legal counsel re-
garding the potential medical malpractice claim. On
July 24, 2001, plaintiffs' new legal counsel filed a

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11
Received for Filing Oakland County Clerk 2009 SEP 24 AM 08:00

Not Reported in N.W.2d, 2008 WL 4927256 (Mich.App.)
(Cite as: 2008 WL 4927256 (Mich.App.))

notice of intent and served notice on defendant Henke. Plaintiffs received bankruptcy discharge on August 23, 2001. The final decree was issued September 26, 2001.

In October 2001, plaintiffs' legal counsel notified plaintiffs of a conflict of interest and discontinued representation. Plaintiffs sought new legal representation, retaining current legal counsel in December 2001. Plaintiffs filed suit on February 8, 2002.

On April 27, 2005, defendant Henke filed a motion to strike/for summary disposition, alleging that the plaintiffs were not the real parties in interest and that their claim was barred by judicial estoppel. On May 6, 2005, plaintiffs filed an ex parte motion to reopen their bankruptcy case to amend schedules to add an undisclosed asset, i.e., the malpractice claim against defendants. On June 8, 2006, defendant Henke's motion for summary disposition was denied.

On July 27, 2006, defendants filed an application for leave to appeal to this Court, which was denied. On May 7, 2007, defendants filed an application for leave to appeal to the Michigan Supreme Court, and after *Miller, supra*, filed a motion for peremptory reversal. On May 25, 2007, the bankruptcy court ordered *nunc pro tunc* that plaintiffs' bankruptcy trustee was authorized to abandon property of plaintiffs' estate. On June 20, 2007, the Michigan Supreme Court remanded this case to this Court as if on leave granted. *Doe v. Henke*, 478 Mich. 909, 732 N.W.2d 542 (2007).

## II. STANDARD OF REVIEW

*2 We review decisions on summary disposition de novo. *CAM Constr. v. Lake Edgewood Condo. Ass'n*, 465 Mich. 549, 553, 640 N.W.2d 256 (2002). We must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the party opposing the motion, granting the benefit of any reasonable doubt to the opposing party. *Radtke v. Everett*, 442 Mich. 368, 374, 501 N.W.2d

155 (1993). Our review is limited to the evidence that was presented to the trial court at the time the motion was decided. *Peña v. Ingham Co. Rd. Comm.*, 255 Mich.App. 299, 310, 660 N.W.2d 351 (2003).

## III. ANALYSIS

### A. Standing

On appeal, defendants first argue that under 11 USC § 541(a), a debtor loses all rights to his property when he declares bankruptcy and that omitting an asset from a bankruptcy schedule does not exempt the asset from this rule. The trial court rejected this argument because it found that plaintiffs had not intentionally omitted an asset from their bankruptcy filings; rather, plaintiffs were unaware that they had a valid claim until after their bankruptcy case had been discharged. We agree.

11 USC § 541 provides, in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is –

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so li-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11
Received for Filing Oakland County Clerk 2009 SEP 24 AM 08:00

Not Reported in N.W.2d, 2008 WL 4927256 (Mich.App.)
(Cite as: 2008 WL 4927256 (Mich.App.))

able. ··

* * *

(7) Any interest in property that the estate acquires after the commencement of the case.

Defendants note that potential causes of action have been determined to be an interest of the estate by the Sixth Circuit. However, defendants do not cite any published cases in Michigan that address this issue.

Defendants cite *Kuriakuz v. Community Nat'l Bank of Pontiac*, 107 Mich.App. 72, 308 N.W.2d 658 (1981), in support of their position that plaintiffs lack standing to pursue their malpractice claim against them. In *Kuriakuz*, the plaintiff filed for bankruptcy in November 1978. *Id.* at 74, 308 N.W.2d 658. Before filing for bankruptcy, a right of action accrued against the defendant, which the plaintiff did not disclose on the asset schedules he had filed with the bankruptcy court. *Id.* This Court held that when the plaintiff had filed his petition for bankruptcy, all of his assets became vested in the trustee in bankruptcy, including the right of action against the defendant. *Id.* Further, the Court held that "the only way that a bankrupt may bring suit on that right of action, at least during the pendency of the bankruptcy proceedings, is by showing abandonment or by receiving permission from the bankruptcy court." *Id.* at 75, 308 N.W.2d 658. The Court ultimately found that because the plaintiff had deliberately omitted to disclose his claim on his bankruptcy filings, he " 'could not, by withholding knowledge of its existence, obtain a release from his debts, and still assert title to the property.' " *Id.* at 75-76, 308 N.W.2d 658, quoting *First Nat'l Bank v. Lasater*, 196 U.S. 115, 119, 25 S.Ct. 206, 49 L.Ed. 408 (1905).

*3 In the instant case, although defendants argued before the trial court that plaintiffs knew that they had a possible claim for malpractice at the time of their bankruptcy filing, the court's finding to the contrary was not error. As the court noted, plaintiffs

sought the advice of an attorney who conducted a nine-month long investigation and advised plaintiffs that their claim would not be successful based on the information the attorney had received from an orthopedic surgeon. The court's finding that plaintiffs legitimately believed at the time of their bankruptcy filing that they did not have a valid claim to disclose was based on plaintiffs' reliance on the advice of the attorneys who initially investigated the matter. Although Michigan courts have not apparently addressed this issue in the context of bankruptcy, the courts have held that when an individual relies on his attorney's counsel in order to interpret a court order, she cannot be held liable for contempt of court if the attorney's advice is at odds with the court's order. *In re Contempt of Rapanos*, 143 Mich.App. 483, 495, 372 N.W.2d 598 (1985). Similarly, plaintiffs in the instant case should not be held liable for failing to disclose a claim when, based on the advice of counsel, plaintiffs did not understand that they had a valid claim to be disclosed in bankruptcy.

## B. *Miller v. Chapman Contracting*

Next, defendants argue that the trial court should have granted defendant Henke's motion for summary disposition based on our Supreme Court's holding in *Miller*. Again, we disagree.

In *Miller*, the plaintiff was injured in an automobile accident on December 28, 2000, and filed for bankruptcy on March 6, 2002. *Miller, supra* at 104, 730 N.W.2d 462. The defendants filed a motion for summary disposition, contending that the plaintiff lacked standing to sue because he was not the real party in interest due to his status as a bankrupt. *Id.* The plaintiff filed a motion to amend his complaint in order to correct what he termed a misidentification of the plaintiff; however, the trial court denied the motion, stating that it was futile, and granted the defendants' motion for summary disposition. *Id.* at 105, 730 N.W.2d 462. In denying the plaintiff's appeal, this Court stated that a motion to add a party was not the same as a motion to correct a mis-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2008 WL 4927256 (Mich.App.)
(Cite as: 2008 WL 4927256 (Mich.App.))

nomer and that MCR 2.118(D) did not extend the relation-back doctrine to new parties. *Id.*

The instant case is distinguishable from *Miller.* First, the plaintiff in *Miller* was apparently aware that he had a cause of action arising from the accident after he filed for bankruptcy. The plaintiff filed for bankruptcy in March 2002 and filed the negligence action in October 2003, while the bankruptcy was ongoing. *Miller, supra* at 109, 730 N.W.2d 462 (Kelly, J., dissenting). The plaintiff's trustee hired an attorney to pursue the negligence action, but apparently the attorney did not name the proper party as the plaintiff. *Id.* at 109-110, 730 N.W.2d 462. By contrast, plaintiffs in the instant case did not file their complaint in this action until the bankruptcy had been discharged. Further, plaintiffs did not file a motion to amend their complaint in this case, so the language in *Miller* regarding the relation-back doctrine is not relevant to this case.

## C. Bankruptcy Court's Order

*4 Defendants also ask this Court to review an order of the bankruptcy court in plaintiffs' bankruptcy case, granting plaintiffs' motion asking that the trustee be permitted to abandon this lawsuit as an asset, and ordering that the order be given retroactive, or *nunc pro tunc,* effect.

Although the trial court could not have considered this argument because the bankruptcy court's order was not issued until after the trial court's decision, the trial court lacked any jurisdiction to review the order of the bankruptcy court. Similarly, this Court does not have jurisdiction to review an order of the federal bankruptcy court. Under the Supremacy Clause, U.S. Const, art VI, cl 2, "federal laws take precedence over state laws by express preemption, conflict preemption, or field preemption." *X v. Peterson,* 240 Mich.App. 287, 289, 611 N.W.2d 566 (2000). 11 USC § 105(a) gives the bankruptcy court the power to "issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title." Thus, the bankruptcy court has authority under the statute to administer the Bankruptcy Act; and under the Supremacy Clause, field preemption prohibits the state courts from administering the Act. Thus, we are without jurisdiction to review defendants' claim with respect to this issue.

## D. Judicial Estoppel

Finally, defendants argue that judicial estoppel bars plaintiffs from asserting their malpractice claim. Again, we disagree.

Before the lower court, defendants argued that the doctrine was applicable because

plaintiffs in this matter made a representation and in fact the schedules specifically state, under knowledge of perjury. They made a decision not to disclose this.... No matter what presumption they may have been under when the case was filed, they go ahead and get another lawyer for a second opinion and file an NOI before their discharge is ever issued. Under the doctrine of judicial estoppel they have made a statement under oath to the court that's a finding on the merits and should be estopped from asserting otherwise in a subsequent suit.

The trial court did not address this issue; plaintiffs contend on appeal that the doctrine is not applicable to this case.

In *Paschke v. Retool Industries,* 445 Mich. 502, 509, 519 N.W.2d 441 (1994), our Supreme Court held that under the doctrine of judicial estoppel, "a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding" (emphasis in original; internal quotation marks and citations omitted). The Court stated further that "the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's posi-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11
Oakland County Clerk 2009 SEP 24 AM 08:00

Not Reported in N.W.2d, 2008 WL 4927256 (Mich.App.)
(Cite as: 2008 WL 4927256 (Mich.App.))

tion as true. Further, ... the claims must be wholly inconsistent." *Id.* at 509-510, 519 N.W.2d 441.

Defendants have not presented any evidence that the claims presented by plaintiffs in this litigation are contrary or inconsistent to the claims raised during their bankruptcy proceedings. Plaintiffs did not claim to be unaware of their malpractice claim; rather, they pursued it but were told by the attorneys investigating the claim that it was not viable based on the advice of an orthopedic surgery expert. Plaintiffs sought a second opinion from a different attorney before the discharge of their bankruptcy case who did not review the claim, but did file a notice of intent in order to preserve the running of the statute of limitations. It was only after their bankruptcy was discharged that plaintiffs received a positive review on their malpractice claim. Thus, to argue that plaintiffs deliberately asserted a contrary position before the bankruptcy court to the one they raised before the trial court is not accurate. The court's finding that plaintiffs did not deliberately omit information concerning the malpractice claim from their bankruptcy schedules was reasonable, and thus, defendants' claim that judicial estoppel is applicable lacks merit.

*5 Affirmed.
BANDSTRA, J. (concurring).
I concur with the decision of the majority that plaintiffs should not be disallowed from bringing their lawsuit because of the bankruptcy proceedings. The arguments defendants make to the contrary are premised on the notion that the interests of the bankruptcy court, the bankruptcy trustee and the bankruptcy estate must be protected from any adverse consequences that might result from allowing this cause of action to be prosecuted and resolved in state court. However, those very entities have clearly disavowed any interest in such protection. The bankruptcy court entered an order that compelled the trustee to abandon plaintiffs' claims against defendants *nunc pro tunc* to the date plaintiffs originally filed their petition for bankruptcy. That order further specifies that, should

plaintiffs succeed, they must turn over any proceeds of their lawsuit against defendants to the trustee for the benefit of the bankruptcy estate. Quite apart from the reasoning of the majority, there is thus ample reason to reject defendants' arguments.

Mich.App.,2008.
Doe v. Henke
Not Reported in N.W.2d, 2008 WL 4927256 (Mich.App.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Received for Filing Oakland County Clerk 2009 DEC 04 PM 03:11 2009 SEP 24 AM 08:00