# EXHIBIT X

Received for Filing Oakland County Clerk 2010 FEB 24 PM 01:16

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

DELPHI AUTOMOTIVE SYSTEMS, LLC,
a Delaware limited liability company,

    Plaintiff,

-v-                                                  Case Number 2008-095518-CK
                                                    Honorable Nanci J. Grant

METHODE ELECTRONICS, INC.,

    Defendant.
_____/

THOMAS S BISHOFF (P53753)
STEPHEN W KING (P56456)
ATTORNEYS FOR DELPHI
400 RENAISSANCE CENTER 35TH FLOOR
DETROIT MI 48243

CHARLES E BROWN (P46400)
CO-COUNSEL FOR PLAINTIFF
5825 DELPHI DR
TROY MI 48098

ANN MARIE WALSH (*PRO HAC VICE*)
ATTORNEY FOR DEFENDANT
111 SOUTH WACKER DRIVE
CHICAGO IL 60606

JOHN R TRENTACOSTA (P31856)
GARY E. STEINBAUER (P69789)
CO-COUNSEL FOR DEFENDANT
500 WOODWARD AVENUE SUITE 2700
DETROIT MI 48226-3489

---

## ORDER AND OPINION

At a session of said Court, held in the Courthouse in
the City of Pontiac, County of Oakland, State of
Michigan on the 24th$^h$ day of February, 2010.

    PRESENT:    <u>THE HONORABLE NANCI J. GRANT, CIRCUIT JUDGE</u>

1

Received for Filing Oakland County Clerk 2010 FEB 24 PM 01:16

This matter comes before the Court on Plaintiff's motion to dismiss or, in the alternative, enjoin proceedings. For the following reasons, the motion is GRANTED.

In October 2005, Delphi Automotive Systems filed for bankruptcy protection. In October 2008, Delphi filed the current action against Methode, seeking possession of certain tooling drawings used to manufacture the parts. In January 2009, Methode filed a counter claim, asserting that the parties were in the midst of a 3-year requirements contract, and that Delphi had breached the agreement in various ways, entitling Methode to damages.

Neither Delphi's complaint nor Methode's counter complaint prevented the parties from continuing to do business together, and Delphi continued to purchase parts from Methode. This lasted until September 2009, when Delphi stopped accepting parts manufactured by Methode and formally terminated the contract. Methode responded by seeking injunctive relief, requiring Delphi to continue to purchase parts from Methode while the dispute was litigated. The Court denied this motion.

Delphi officially emerged from bankruptcy in October 2009. As part of this process, the bankruptcy court issued an "Approval Order," which contained an injunction barring "all persons" from "commencing or continuing" any action against Delphi that the person "possessed or may possess prior to [November 5, 2009]." The approval order and related documents also contained a November 5, 2009 deadline by which claimants must file in order to assert a claim against the assets in bankruptcy. Methode responded by filing such a claim in bankruptcy court. Methode's claim is essentially identical to the claim it asserts in the present case.

In the current motion, Delphi argues that the injunction in the approval order bars Methode's claim in the current case. Delphi also volunteers to dismiss its claim in the current case and have that dispute resolved in the bankruptcy proceedings as well.

In considering this motion, the Court first notes that Delphi does not seek dismissal pursuant to the automatic stay provisions of 11 USC 362(a)(1), as there is no dispute that Methode's counter claim was not and could not have been commenced before Delphi petitioned for bankruptcy protection in October 2005. At the same time, however, a bankruptcy court's authority to enjoin a state law action is not limited to the automatic stay provisions of section 362. Rather, section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 USC § 105. This includes the authority to "enjoin proceedings in other

2

courts" so long as the Court is satisfied that the other proceeding "would defeat or impair its jurisdiction with respect to the case before it." *In re Johns-Manville Corp*, 91 B.R.. 225, 228 (Bankr.S.D.N.Y.1988).

In the present case, the Bankruptcy Court has issued an order barring "all persons" from "commencing or continuing" of any action against Delphi that the person "possessed or may possess prior to [November 5, 2009]." The Bankruptcy Court's order does not address the current claim, much less explain how its continuation would defeat or impair the Court's jurisdiction with respect to the Delphi petition. Nevertheless, this Court does not see how the Bankruptcy Court's injunction could be construed as anything but an order enjoining proceedings in other courts, including this one. Moreover, pursuant to the Constitution's Supremacy Clause, this Court lacks authority to question the Bankruptcy Court's implied determination that this post-petition claim would defeat or impair the Bankruptcy Court's jurisdiction with respect to the Delphi petition. Thus, this Court must honor the order, at least until it is modified by the Bankruptcy Court.

Delphi's motion is granted.

/s/ **NANCI J. GRANT**
_____
NANCI J. GRANT, Circuit Judge

**PROOF OF SERVICE**

I certify that a copy of the above instrument was served upon the attorneys of record in the above case via Wiznet e-file and serve to the attorneys of record on 2/24/10.

/s/ *Kathleen M. Morton*
Judicial Assistant to the Hon. Nanci J. Grant