UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
|  | Chapter 11 |
| In re | Case No. 05-44481 (RDD) |
| DPH HOLDINGS CORP., et al., | (Jointly Administered) |
| Debtors. | **AFFIDAVIT** |

_____

AFFIDAVIT

Glenn M. May, being duly sworn, deposes and says:

1.      I am employed as an Engineering Geologist II with the New York State Department of Environmental Conservation (hereinafter the "Department") at its Region 9 office located in Buffalo, New York.  I have been so employed since April 1989. The geographical area in which I have primary responsibilities includes the counties of Niagara and northern Erie.

2.      I am familiar with all of the facts and circumstances hereinafter set forth.  I base this affidavit on my personal knowledge and on the official reports and records of the Department.  I submit this affidavit in support of the Department's claims in this proceeding.

3.      I am assigned to the DEC Region 9 Division of Environmental Remediation ("DER").  DER implements the Inactive Hazardous Waste Site Remedial Program, also known as the State Superfund Program, as well as the Brownfield Cleanup Program and the Oil Spill Response and Remediation Program.  As an Engineering Geologist II my duties include remedial project management, oversight and field sampling.  Working for the Department, I have investigated numerous suspected and known inactive hazardous waste disposal sites and several

spill sites. I have a working knowledge of Department technical guidance, CERCLA, State Superfund and various other air, water and solid waste regulatory requirements.

    4.    As part of my duties for the Department, since 1995 I have been assigned responsibility for oversight of the ongoing environmental remediation at the site known as the Delphi Thermal Systems Site located at 200 Upper Mountain Road, Lockport, New York. This Site is listed in the State of New York Registry of Inactive Hazardous Waste Disposal Sites as Site No. 932113. I have also been assigned responsibility for the three proposed Brownfield Cleanup Program Sites located at 200 Upper Mountain Road, Lockport, New York and known as GM Components Holdings, LLC Building 7 Site No. C932138, GM Components Holdings, LLC Building 8 Site No. C932139, and GM Components Holdings, LLC Building 10 Site No. C932140, as well as NYSDEC Spill Incidents Database Site Nos. 0651261 and 0890721. Due to my involvement with these Sites I am fully familiar with the facts and circumstances relating to the Sites and make this Affidavit on the basis of my personal knowledge of the Sites as well as familiarity with the relevant files and documents.

    5.    During an ongoing environmental investigation at the inactive hazardous waste disposal site known as the Old Upper Mountain Road Site No. 932112 ("OUMR"), which is located adjacent to the former Delphi property that is now owned by GM Components, LLC, chlorinated volatile organic compounds ("VOCs") were detected in both the sanitary and storm sewers. The sanitary sewer sends water to the City of Lockport wastewater treatment plant, while the storm sewer discharges to a tributary of Gulf Creek. Contaminant concentrations of VOCs in surface water at the discharge point of the sewer and further downstream in the tributary exceed surface water standards. Dye testing of the sewers suggests that they originate at or near the Delphi/GM facility. The results of this sampling are described in a report entitled

"Final Field Investigation Report, Old Upper Mountain Road Site, Niagara County, Lockport, New York" dated March 2010.

6. During the environmental investigation at the OUMR Site two monitoring wells were installed at the western portion of the OUMR Site. These wells are located downgradient of the former Delphi property that is now owned by GM Components Holdings, LLC. These wells also contain chlorinated VOCs. Since VOCs have not been detected at the OUMR Site, the presence of chlorinated VOCs in the wells likely originates from an upgradient source. The former Delphi and current GM facility is the only known upgradient source of chlorinated VOCs in the area.

7. Further investigation is required to determine conclusively the source, nature and extent of the chlorinated VOC contamination detected in the sanitary and storm sewers, and in off-site groundwater. Determining the source of this contamination is important as it could influence the remedy for the GM Components Holdings Brownfield Cleanup Program Sites.

8. The goals of remedial investigations at inactive hazardous waste disposal sites including Brownfield Sites in Department regulations and guidance include at a minimum the requirement to delineate the areal and vertical extent of contamination at, and emanating from all media at the site and the nature of that contamination, to identify the sources of contamination, the migration pathways and actual or potential receptors of contaminants, and to evaluate the actual and potential threats to public health and the environment (6 N.Y.C.R.R. §375-1.8(e)). It is the Department's policy to require such investigations to be carried out without regard to property boundaries.

9. The assignment of site codes to particular properties only identifies the area that contains the source of contamination, not the full geographic extent of cleanup responsibilities

for the site; the statute and regulations define the extent of cleanup responsibilities.

*Glenn M. May*

Glenn M. May

Sworn to before me this
21st day of April, 2010

*Karen J. Draves*
Notary Public

KAREN J. DRAVES
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES APR. 24, 2011