1 of 4

April 12, 2010

United States Bankruptcy Court
Southern District of New York

IN RE

Chapter 11
Case No 05-44481(R)
(Jointly Administered)

BPH Holding Corp, et al

Reorganized Debtors.

I Sharyl Yvette Carter Reside at 1541 Eagle Ave
Niagara Falls, New York, 14301. My Numbers are
(716) 282-3624 and (937) 302-8072.
Enclosed are copies of the FEDEX Envelope,
and notice, documents that were mailed to me.
I did not notice any response, Reply deadline
in the upper right hand corner, like other docu-
ments mailed to me previously when I Sharyl
Y. Carter have to response, Reply by. I will
object, and disagree to any, all of BPH
Holding Corp - Reorganized Debtors and their
affiliates debtors Plans, also their objection

to my Claim No 17773 and any other
claim no, also in Exhibit A as enclosed. My
claim, or claims should not be expunde, or dis-
allowed as the Debtors would like, and request.
I think my claim no 17773 and any other
claims should be allowed. All of my documents
and evidence, notes, proof, the Debtors have in
their files, records, books, with their Attorneys
who represented them previously that should
have been pass on to present attorneys.
    I respectfully ask the courts to
allow my claim, or claims against the
Debtors and their affiliated debtors.

Sincerely
Mary J. Carter

PRF 27163-1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :       Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :       Case No. 05-44481 (RDD)
                                          :
              Reorganized Debtors.  :       (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF SUFFICIENCY HEARING WITH RESPECT TO DEBTORS'
OBJECTIONS TO PROOFS OF CLAIM NUMBERS 5268, 13270, 13838, 13880, 15585,
15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, AND 20054

Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections

To Claims, entered January 25, 2010 (Docket No. 19358), a sufficiency hearing (the "Sufficiency

Hearing") to address the legal sufficiency of each Proof of Claim and whether each Proof of

Claim states a colorable claim against the asserted Debtor is hereby scheduled for April 22,

2010, at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the

Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York

10601-4140.

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof. Please review the Order carefully because failure to

comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of your Proof of Claim. A copy of the Order

is attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may

further adjourn the Sufficiency Hearing at any time at least five business days prior to the

scheduled hearing upon notice to the Court and the Claimant and/or Assignee, as applicable.

3

**EXHIBIT A**

| A Proof Of Claim Number | B Date Filed | C Party Filing Proof Of Claim | D Owner Of Claim | E Asserted Amount | F Omnibus Claims Objection | G Date Of Omnibus Claims Objection | G Debtor Named On Proof Of Claim |
|---|---|---|---|---|---|---|---|
| 5268 | 5/8/2006 | UAW LOCAL 2083 | UAW LOCAL 2083 | $3,191.00 | Forty-Fourth Omnibus Claims Objection | 2/3/2010 | DELPHI CORPORATION |
| 13270 | 7/31/2006 | INTERNATIONAL UNION, UAW, AND LOCAL 155 ON BEHALF OF ITS BARGAINING UNIT MEMBERS | INTERNATIONAL UNION, UAW, AND LOCAL 155 ON BEHALF OF ITS BARGAINING UNIT MEMBERS | $992,869.85 | Forty-Fourth Omnibus Claims Objection | 2/3/2010 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 13638 | 7/31/2006 | UAW AND ITS LOCAL 286 | UAW AND ITS LOCAL 286 | $0.00 | Forty-Fourth Omnibus Claims Objection | 2/3/2010 | ASEC MANUFACTURING GENERAL PARTNERSHIP |
| 13880 | 7/31/2006 | INTERNATIONAL UNION UAW | INTERNATIONAL UNION UAW | $11,000,000,000.00 | Forty-Fourth Omnibus Claims Objection | 2/3/2010 | DELPHI CORPORATION |
| 15585 | 7/31/2006 | HYUNDAI MOTOR COMPANY | HYUNDAI MOTOR COMPANY | $0.00 | Thirty-Eighth Omnibus Claims Objection | 11/6/2009 | DELPHI CORPORATION |
| 15589 | 7/31/2006 | HYUNDAI MOTOR AMERICA | HYUNDAI MOTOR AMERICA | $0.00 | Thirty-Eighth Omnibus Claims Objection | 11/6/2009 | DELPHI CORPORATION |
| 16925 | 6/29/2009 | STANLEY D. SMITH | STANLEY D. SMITH | $0.00 | Thirty-Seventh Omnibus Claims Objection | 10/15/2009 | DELPHI CORPORATION |
| 17081 | 6/30/2009 | JAMES A LUECKE | JAMES A LUECKE | $159,000.00 | Thirty-Seventh Omnibus Claims Objection | 10/15/2009 | DELPHI CORPORATION |
| 17773 | 7/7/2009 | SHARYL VETTE CARTER | SHARYL VETTE CARTER | $0.00 | Forty-Fifth Omnibus Claims Objection | 2/12/2010 | DELPHI CORPORATION |
| 18049 | 6/29/2009 | JAMES A LUECKE | JAMES A LUECKE | $159,000.00 | Forty-Fifth Omnibus Claims Objection | 2/12/2010 | DELPHI CORPORATION |
| 18087 | 7/9/2009 | FRANK X. BUDELEWSKI | FRANK X. BUDELEWSKI | $4,932.11 | Thirty-Seventh Omnibus Claims Objection | 10/15/2009 | DELPHI CORPORATION |
| 18604 | 7/14/2009 | WALTER A KUNKA | WALTER A KUNKA | $5,380.77 | Thirty-Seventh Omnibus Claims Objection | 10/15/2009 | DELPHI CORPORATION |
| 18740 | 7/10/2009 | GARY L COOK | GARY L COOK | $311,800.00 | Thirty-Ninth Omnibus Claims Objection | 11/6/2009 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 20017 | 11/5/2009 | ANDREW C GREGOS | ANDREW C GREGOS | $528,443.24 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI CORPORATION |
| 20054 | 10/30/2009 | ROBYN R BUDD | ROBYN R BUDD | $23,962.50 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI CORPORATION |

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _Skadden, Arps, Slate, Meagher & Flom LLP_
Attn: John Butler/John Lyons/Randall Rios
Street, Apt. No.; or PO Box No. _333 West Wacker Dr.-# 2100_
City, State, ZIP+4 _Chicago, Illinois 60606_

PS Form 3800, August 2006    See Reverse for Instructions

7008 3230 0000 5105 1601

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Dr.-# 2100
Attn: John Butler/John Lyons/Randall
Chicago, Illinois 60606

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

2010 APR 19 P 1: 10
S.D. OF N.Y.
U.S. BANKRUPTCY COURT
FILED

---

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _Delphi Corporation_
Attn: Financial [illegible]
Street, Apt. No.; or PO Box No. _5725 Delphi Drive_
City, State, ZIP+4 _Troy, Michigan 48098_

PS Form 3800, August 2006    See Reverse for Instructions

7008 3230 0000 5110 0316

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Delphi Corporation
Attn: General Counsel
5725 Delphi Drive
Troy Michigan 48098

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

7008 3230 0000 5105 1595

**CERTIFIED MAIL**
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7005 1595
7005 1595

7105 5105

0000 0000

3230 3230

7008 7008

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To _Skadden, Arps, Slate, Meagher + Flom_
_Attn: Kayalyn A. Marafioti_
Street, Apt. No.; or PO Box No. _Four Times Square_
City, State, ZIP+4 _New York, New York 10036_

PS Form 3800, August 2006     See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Skadden, Arps, Slate, Meagher Flom LLP
Attn: Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7008 3230 0000 5105 1588

Sent To *Honorable Robert D. Drain*
Street, Apt. No.; *United States Bankruptcy Ct Southern District*
or PO Box No. *One Bowling Green - Room 610*
City, State, ZIP+4 *New York, New York 10004*

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Honorable Robert D. Drain*
*United States Bankruptcy Ct-Southern District*
*One Bowling Green, Room 610*
*New York, New York 10004*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7008 3230 0000 5110 0002

Sent To *United States Bankruptcy Court*
Street, Apt. No.; *Alexander Custom House*
or PO Box No. *One Bowling Green, Room 610*
City, State, ZIP+4 *New York, New York 10004*

PS Form 3800, August 2006          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Bankruptcy Court
Alexander Custom House
One Bowling Green, Rm 610
New York, New York 10004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7008 3230 0000 5109 9993

Sent To  Hon Charles L. Bricant Dstrct of New York
Street, Apt. No.; United States Bankrupt Ct Sorthern
or PO Box No. 300 Quarropas St-Rm 118
City, State, ZIP+4 White Plains, New York 10601

PS Form 3800, August 2006        See Reverse for Instructions

CERTIFIED MAIL™

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Charles L. Bricant
United States Bankruptcy Ct Sorthern District of New York
300 Quarropas St-Rm 118
White Plains, New York
10601-4148

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



Express

The Wo

Envelope

*[handwritten signature]* Rae 4/15/2010

FILED
U.S. BANKRUPTCY COURT
1541 LA SALLE AVE NO 1
2010 APR 19 P 1:10 NIAGRA FALLS, NY 14301
S.D. OF N.Y.

RT 356 6 D 04.151316
F4

ORIGIN ID: OLVA
SHIPPING DEPT
KURTZMAN CARSON CONSULTANTS
2335 ALASKA AVE

EL SEGUNDO, CA 90245
UNITED STATES US

TO  SHARYL YVETTE CARTER
    1541 LA SALLE AVE NO 1

    NIAGRA FALLS, NY 14301-1

Ref: DELPHI MM MEMPHIS 27939-1
Dept: Delphi Corporation

ActWgt: 1 0 LB/MAN
System#: 5S8842/CMFE2361
Account#: S 345812520

(310) 823-3000
FedEx
Express

STANDARD OVERNIGHT
TRK#  4468 4675 1316
14301    -NY-US    XX DKKA

Form
0201
BUF
A4

THU
Deliver By:
15APR10

Delivery Address
Barcode

BILL SENDER

E

CLS05010772723

PRF 27939-1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

    In re                        :    Chapter 11

DPH HOLDINGS CORP., et al.,      :    Case No. 05-44481 (RDD)
                              :
                              :    (Jointly Administered)
        Reorganized Debtors.    :
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF RESCHEDULING OF
## THIRTY-SECOND CLAIMS HEARING

        PLEASE TAKE NOTICE that the Thirty-Second Claims Hearing in the above-

captioned cases, which is scheduled to occur on Thursday, April 22, 2010 at 10:00 a.m. (prevailing

Eastern time) at the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas

Street, Courtroom 118, White Plains, New York 10601-4140,[1] has been rescheduled for Friday, April

23, 2010 at 10:00 a.m. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that all corresponding deadlines shall shift in

accordance with (a) the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007,

7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To

Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered December

7, 2006 (Docket No. 6089) or (b) the Administrative Claims Order Pursuant To 11 U.S.C. §§ 105(a)

And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested

Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), as applicable.

Dated:    New York, New York
          April 13, 2010

                            SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                            By:   /s/  John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Albert L. Hogan III
                                  Ron E. Meisler
                            155 North Wacker Drive
                            Chicago, Illinois 60606

                                  - and -

                            By:   /s/  Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti
                            Four Times Square
                            New York, New York 10036

                            Attorneys for DPH Holdings Corp., et al.,
                            Reorganized Debtors

---

[1]  See Tenth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016,
     7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II)
     Certain Notices And Procedures Governing Objections To Claims, entered January 25, 2010 (Docket No.
     19358).



FedEx Express



The World

Envelope

FILED
U.S. BANKRUPTCY COURT
2010 APR 19 P 1:10
S.D. OF N.Y.

Shipping from: 13APR10
ORIGIN ID: QLVA
SHIPPING DEPT
KURTZMAN CARSON CONSULTANTS
2335 ALASKA AVE

EL SEGUNDO, CA 90245
UNITED STATES US

10

SHARYL YVETTE CARTER
1541 LA SALLE AVE NO 1

NIAGRA FALLS, NY 14301

Ref: DELPHI MM MEMPHIS 27887-6
Dept: Delphi Corporation

STANDARD OVERNIGHT
TRK#   4468 4674 9533

14301   —NY—US   XX DKK

Form
0201

BUF

BILL SEND

PRF 27887-4

**Hearing Date and Time: April 23, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: April 21, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case Number 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF CLAIMANT TO DEBTORS' OBJECTION TO ADMINISTRATIVE EXPENSE CLAIM NUMBERS 17094 AND 17773 FILED BY SHARYL Y. CARTER

### ("SUPPLEMENTAL REPLY REGARDING CERTAIN CLAIMS OF SHARYL Y. CARTER")

making distributions (if any) with respect to all Claims and Interests ...." Modified Plan, art.
9.6(a).

5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To
11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089)
(the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(A) And
503(B) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested
Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh
Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016,
7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To
Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April
5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency
Hearing") on April 23, 2010[1] at 10:00 a.m. (prevailing Eastern time) in this Court to address the
legal sufficiency of each proof of claim or administrative expense claim filed by the claimants
listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim
states a colorable claim against the asserted Debtor.

6.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the
Claims Objection Procedures Order. Pursuant to paragraph 9(b)(ii) of the Claims Objection
Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this

---

[1]     Pursuant to the Sufficiency Hearing Notice, filed March 25, 2010, the Sufficiency Hearing was scheduled for
April 22, 2010. Pursuant to direction of this Court, the Sufficiency Hearing was rescheduled for April 23, 2010
at 10:00 a.m. (prevailing Eastern time).

3

11.     The Reorganized Debtors' Objection To The Claims. On February 12,

2010, the Reorganized Debtors objected to the Claims on the Reorganized Debtors' Forty-Fifth

Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge

Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C)

Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers'

Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance

Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19423)

(the "Forty-Fifth Omnibus Claims Objection"), by which the Reorganized Debtors objected to

that the Claims on the grounds that such claims are not reflected on the Reorganized Debtors'

books and records.

12.     Response To The Debtors' Objection. On March 4, 2010, Ms. Carter filed

a response to the Forty-Fifth Omnibus Claims Objection (Docket No. 19599), in which she

objects to "All the Debtors and their affiliates, Debtors Plans, and their objection to all my

claims."

13.     The Sufficiency Hearing Notice. Pursuant to the Claims Objection

Procedures Order, the hearing on the Debtors' objection to the Claims were adjourned to a future

date. On March 25, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with

respect to administrative expense claim number 17773, among other proofs of claim and

administrative expense claims, scheduling the Sufficiency Hearing.[3]

---

[3]     As previously discussed, although administrative expense claim number 17094 was not listed on the Sufficiency
Hearing Notice, for the sake of judicial efficiency, the Reorganized Debtors also seek to disallow and expunge
administrative expense claim number 17094, which asserts the exact claim asserted in administrative expense
claim number 17773.

5

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

16.    For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

17.    This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

18.    Disallowance Of The Expunged Claims On The Merits. On June 22, 2009, the Debtors filed the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation

7

21.    On January 25, 2010, this Court, after requesting additional briefing by the

Reorganized Debtors,[5] entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

3007 Disallowing And Expunging Proof of Claim Number 16850 Filed by Sharyl Yvette Carter

Identified In The Thirty-Fourth Omnibus Claims Objection ("Claim Objection Order Expunging

Sharyl Carter's Proof of Claim No. 16850") (Docket No. 19359), by which proof of claim

number 16850 was expunged. In its ruling, this Court sifted through all of Ms. Carter's

submissions[6] and the rulings of the United States District Court for the Southern District of Ohio

(the "District Court").[7] This Court determined that Ms. Carter did not state a legally sufficient

claim against the Debtors. In the Claims, Ms. Carter raises the very same issues that have

already been adjudicated by this Court in the Court's January 25, 2010 ruling.

22.    Accordingly, the Reorganized Debtors respectfully submit that (a) Sharyl

Y. Carter has not met her burden of proof to establish a claim against the Debtors, (b)

administrative expense claim numbers 17094 and 17773 are not entitled to a presumption of

prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) administrative expense claim

numbers 17094 and 17773 fail to state a claim against the Reorganized Debtors under

---

[5]    See the Reorganized Debtors' Second Supplemental Reply To Response Of Sharyl Y. Carter To Debtors'
Objection To Proof Of Claim Number 16850 Filed By Sharyl Y. Carter (Docket No. 19303).

[6]    See Docket Nos. 17951, 17323, 14678, 14339, 14608, 13666, 13491, 9352, 9351, and 18457.

[7]    On August 15, 2002, Ms. Carter filed a charge of discrimination with the United States Equal Employment
Opportunity Commission (the "EEOC"), claiming that Delphi discriminated against her on the basis of her race
and that it retaliated against her in violation of Title VII of the Civil Rights Act. Ms. Carter later asked to
withdraw her charge, and on March 11, 2003, the EEOC issued to her a Notice of Right to Sue. On June 6,
2003, Ms. Carter filed a complaint against DAS LLC with the District Court, alleging that DAS LLC
discriminated against her on the basis of her race, sex, disability, and age, and also seeking damages under an
intentional tort theory for her alleged workplace injury. Sharyl Y. Carter v. Delphi Automotive Systems LLC,
et al., Case No. C3-CV-205 (S.D. Ohio) (the "District Court Action"). After full discovery, DAS LLC moved
for summary judgment and on March 28, 2005, the District Court issued an opinion and judgment granting
DAS LLC's summary judgment motion in its entirety (District Court Action, Docket No. 56). On April 24,
2005, Ms. Carter filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit (District
Court Action, Docket No. 58).

April 14, 2010

United States Bankruptcy Court
Southern District of New York

IN RE                              Chapter 11

BPH Holding Corp, et al.           Case No# 05-44481 (RDD)
                                   (Jointly Administered)
      Reorganized Debtors

Supplemental Reply, Response Regarding
Certain Claims No's 17894, and 17773

I Sharyl Yvette Carter Reside at 1541
LaSalle Ave #1, Niagara Falls, New York
14301. My numbers are (716) 282-3624
and (347) 302-8D72.

Enclosed are copies of the fed/ex envelope,
and paper work that was mailed me to,
Sharyl Y. Carter on April 14, 2010 by the
Debtors Consultants, (KCC) Kurtzman

Carson Consultants, 2335 Alaska Ave, El
Segundo, CA 90245. At the Above Right
Corner is the Hearing Date and Time of
April 23, 2010 at 10:00 am, and Supplemental
Response Date and Time: April 21, 2010 at
4:00pm.

I Sharyl Y. Carter Object, and disagree to
the Debtors and their affiliated Debtors of my
claims Nos 17094 and 17773. I ask the
Courts to allow all my claims against the
Debtors and their affiliated Debtors.

As the Debtors states that they the Reorganized
Debtors shall retain Responsibility the ad-
ministering, disputing, objecting to compromising
be otherwise Resolving all Claims against,
and Interests in, the Debtors making

distributions with respect to all Claims and
Interest. Therefore all my claims should
be respectful allowed by the Courts.
The Debtors continue to state that certain
administrative expense claims were not re-
flected on the Reorganized Debtors books
and records. Then whos books and records
are my Shary y Carter claims are on, also
how did we, I get to this points if all
or some of my claims are not true? I
Continue to Ask the Courts to have the
Debtors and their affiliated Debtors
produce, give up all Records, books,
Notes, gricianes, evidence, information
that the Debtors have on ms. My claims
should not be disallow: and expunge as
the Debtors requesting. Also if my

Claims continue to be the same claims as
previously, stated by the Debtors. Who's fault
Is that, who do that Responsibility Relies
on? As I previously stated and gave
my responses, reply to all the Debtors
and their affiliated Debtors on all my
Claims I have against the Debtors.
Even to several different Courts, claims
NO's, the Debtors Attorneys to have
this matter corrected. Would this be
or Rely on the Debtors fault for all
the delays, continue Hearing adjournment,
etc that the Debtors and their affiliated
Request from the Courts.
    I continue, and place an amount of
$50 million for each of my claims, also

for interests. That does not mean that my Claims No's against the Debtors are the same duplicate Claims. As stated by the Debtors that the administrative expense Claim number 17094 was not listed on the Sufficiency Hearing Notice, for the sake of judicial efficiency. I ask again who's fault is that, and my claims or Claim should not be disallowed or expunge for someone else mistakes.

The Debtors stated I have no merits and facts that supported my Shary Y Carter Other two Claims No's 16849 and 16850. When all the facts, merits, proof was given to the Debtors and their affiliated Debtors and previously Attorneys, my, and the Debtors

Attorneys. I believe since I already gave all information, Evidence, notes, greivance, to support all my claims against the Debtors, my claims should be allowed. How many times do the Debtors need the same information, and other information thats in their books, and Records as well. when, If the courts allow all my claims against the Debtors and their affiliated Debtors, I Sharyl Hcarter should be granted a right to payments. I Respectfully ask the courts to allow All my claims, and to not sustain. them. If the amount that I Requested for my claims against the Debtors are to high for the Debtors, that do not

mean that they are the same claims, I
would then ask the courts to decide
truthfully an high in the millions it
amounts to be allow for payment to me,
Sharyl Ycarter for all that I have been,
and continue to go through with the Debtors
and their affiliated Debtors.

As stated by the Debtors, when I stated
I was told for years by the Debtors that I
Sharyl Ycarter did not have any claims
against the Debtors and their affiliated
Debtors, and did not timely file my claims
The Debtors stated nothing in my Mrs Carter
Response provided any rational explanation,
documentation, evidence, or support for any

any of the claims asserted in the Expunged
Claims. Why would I make that up? That
was told me to several times, and to my
previously Attorneys Mr. Bronson, Mr. Katchner,
also by the Debtors Attorney when I called
their office for information. That was to
delay, distract me from filing the proof
of Claims against the Debtors, and any
other Reasons.

With all the Dockets Nos listed in the enclosed
Copies, and my Sharyl Ly Carter Claims Nos
against the Debtors in previously, past courts
until present and continue on. I Respectfully
ask the courts to allow all my claims
against the Debtors and their Affiliated Debtors.
After my previously Attorneys mislead,

and misguided, misrepresentation, other tactics and also from the Debtors and their affiliated Debtors. I'm handling this Proof the best I Sharyl Y. Carter can handle my claims against the Debtors. If I do not provide facts of law to supports my claims, thats because I am not a Legal Lawyer, Attorney who can just mention, or state other cases that would support the same case as my case against the Debtors, I am doing the best I can do, I think that is good going against the Debtors and their affiliated Debtors to have last this long, when the Debtors have massive

amounts of Attorneys who can mention
their cases comparing to my claims against
the Debtors, My share of Carter Nos
17094 and 17773 should be allowed
I ask Respectful by the Courts.

Sincerely

[signature]



# Express

FILED
U.S. BANKRUPTCY COURT

2010 APR 19 PM 1:10

420.0
0300
D 9

956

The Wo

Envelope



Rec'd
3/29/10
11:20

ORIGIN ID: OLVA (310) 823-9000
SHIPPING DEPT
KURTZMAN CARSON CONSULTANTS
2335 ALASKA AVE

EL SEGUNDO, CA 90245
UNITED STATES US

TO
SHARYL YVETTE CARTER
1541 LA SALLE AVE NO 1

NIAGRA FALLS, NY 14301

Ref: DELPHI JOP MEMPHIS 27163-1
Dept: Delphi Corporation

Ship Date: 26MAR10
ActWgt: 0 LB MAN
System#: 8196151/CAREE2361
Account#: S 345812520

(310) 823-9000
FedEx
Express

E

CL5050107722923

STANDARD OVERNIGHT          Form
TRK#  4403 4453 4200        0201
                                                   MON
14301   -NY-US   XX DKKA   Deliver By:
                                        29MAR10
                          BUF
                          A4

BILL SENDER

Delivery Address
Barcode

April 12, 2010

United States Bankruptcy Court
Southern District of New York

In re                                              Chapter 11
                                                   Case No 05-44481 (k.
Delphi Corporation, et al.                         (Jointly Administered)

Debtors

I Sharyl Zvette Carter Reside at 1511 LaBelle Ave #1, Niagara Falls, New York 14301, My numbers are (716) 282-3624 and (937) 302-8072

Enclosed are copies of the envelope, documents that were mailed to me by the Debtors Consultants (KCC) Kurtzman Carson Consultants, 2335 Alaska Ave, El Segundo, CA 90245.

I object, and disagree with the Delphi Corp, and their affiliated Debtors on all, and plans they have with Case no 05-44481 (RDD) and on any and all of my claims that I have against the Debtors.

I Sharyl Z. Carter Respectfully, respectfully ask the Courts to allow all my claims

against the Debters and their affiliated Debters.
My Claims were timely filed with the courts,
when the Debters allowed me Sharyl J. Carter to
do so. Throughout this chapter 11 case No 05-4481,
the Debters have not always mailed documents,
information to me in a timely manner, some were
after the fact, date of deadlines, court dates,
responses, reply. As the Debters stated this order
any other order, plans motions, etc are in the
best interest of the Debters and their affiliated Deb
The amount of my claims, and claim are the
Same amount of $50 million. Unless order by the
courts of a lesser amount, but continue to be in
the million each claim, or claims to I Sharyl J.
Carter continue to mention, there is no price
high enough on what I have been through
and continue to go through with this company.
It is all in the notes, grievances, books, and
records, with the courts thats involve and
the Debter's and their affiliated Debter

Attorneys, past, and present, also noted in my
Responses, reply, etc. My claims, or claim should
not be disallowed, or expunge as the Debtors request
they should be allowed by the courts, I ask.
The Debtors stated they may send notices to
each Claimant when they deem it appropriate to
do so, subject to the Requirements of the Bankruptcy
Code, Rules. If that is the case all claims
should be allowed into the courts as timely filed.
The Debtors and their affiliated Debtors continue
to adjourned hearing schedules, dates, etc. My question
is why the claimants have to continue to respond
reply, Repeatly for the same Plan, Objection, Motions
etc. This is not fair to me, Claimants who is
Unemployed and have a family to support, when
the Debtors and affiliated Debtors are Responsible
for all this, and claims in all courts. I

Respectfully, and continue to ask the courts to allow all my claims against the Debtors and their affiliated Debtors. Another question, what happen when a claimant can not answer these Responses, Reply, motion, etc anymore, due to money problems, health problems? Especially when I Sharyl Y. Carter have been Responding Replying for years while this case No 05-4448 been in the Courts - United States Bankruptcy Court. This would be unfair to me, claimants, but in the best interest of the Debtors.

I have no problems with trying to settle these, all my claims against the Debtors and their affiliated Debtors, when settle I ask the Courts to have the Debtors show proof of payments, and any amount that was already paid out to whomever, as stated in previously Responses Reply.

by the Debtors.

I Sharyl Yf. Carter have no problems with a telephonic meeting on the phone, or mediations. especially if I can, due to medical problems, etc. As I continued to Response, and Reply to the Debtors and their affiliates Debtors. I ask the courts again Respectfully to allow all my claims against the Debtors. If and when I allowed payment, the payments should be directly to me, Not the Debtors and their affiliated Debtors. Again the Debtors have all informations, documents, notes, evidence and grievance books, and records to support my claims.

Sincerely
Sharyl Yf. Carter

PRF 27163-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                              :
    In re                           :    Chapter 11
                              :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                              :
               Debtors.    :    (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

        Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.    Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)     to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.     Only those Responses made in writing and timely filed and received will be considered by the Court. If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, provided that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; provided, however, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.     To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.     The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

5

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)    for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as Exhibit B (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)    for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as Exhibit C (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; provided, however, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)    Sufficiency Hearing Procedures.

(i)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)    To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)    Mandatory Meet And Confer.

(i)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

7

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e)    Claimant's Supplemental Response. The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i)    The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing. The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints. The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii)    The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; provided, however, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person. If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken. The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony. No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Response shall be subject to the page limitations set forth above.

9

"Mediation") in an effort to consensually resolve the Contested Claim. The Mediation shall be governed by General Order M-143 except as follows. The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

        (i)      Each Mediation shall be assigned to one of the mediators listed by the Debtors on <u>Exhibit D</u> hereto (each, a "Mediator"). The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; <u>provided</u> that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

        (ii)    The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

        (iii)   If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

        (iv)   If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; <u>provided</u> that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

        (v)    If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors or the Claimant's request.

        (vi)   A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; <u>provided, however,</u> that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

        (vii)   Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(iv)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply. Each deposition shall not exceed three hours.

(v)    Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)    Conduct Of The Claims Objection Hearing. The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court. The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)    Estimation Based Upon Claimant's Asserted Estimated Amount. To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code. The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as Exhibit E. The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)    Ability To Modify Procedures By Agreement Or Order Of Court. At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim. Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications. No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix

Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix

Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated

pursuant to its terms.

          13.    Nothing in this Order shall preclude any right to seek estimation of a claim

under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay

under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to

seek protection of information under section 107(b) of the Bankruptcy Code or any right not

specifically addressed in this Order.

          14.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

          15.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      December 6, 2006

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding

exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which

you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the

subject of the Order and was listed on Exhibit ___ to the Order and was accordingly disallowed

and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
    In re                               :    Chapter 11
                                        :
DELPHI CORPORATION, et al.,             :    Case No. 05-44481 (RDD)
                                        :
                         Debtors.       :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.

Dated:  New York, New York
_____ \_, 200\_

<div style="margin-left:40%">

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By:_____
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

By:_____
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

</div>

3

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")
filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims
Objection] (the "Objection").

       PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11
U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a
claims objection hearing (the "Claims Objection Hearing") for purposes of holding an
evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,
at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern
District of New York (the "Court").

       PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will
proceed in accordance with the procedures provided in the Order, unless such procedures are
modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure
to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))
could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is
attached hereto for your convenience.

2

<u>EXHIBIT D</u>

## LIST OF MEDIATORS

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

2