4-14-10

United States Bankruptcy Court
Southern District of New York
CASE No. 05-44481 (RDD)  Claim # 11892
RONALD E. JORGENSEN

Pursuant to correspondence received
via FedEx on 4-14-10, I am submitting
the following information relative to
my Claim.

I have again provided a copy of my
Summary letter that was originally
Submitted in Sept, 2007. Also enclosed
is correspondence (Part I Submitted in
July, 2006) + (Part II Submitted in
Nov 2006). These documents continue
to represent my position in requesting
full recovery for my documented
loss of $82,299.00.

I am again requesting that the
Court rule favorably on my request
for full recovery of the amount
noted above. Thank you for your
Consideration.

RONALD E. JORGENSEN
1130 Deer Path trail
Oxford, Michigan 48371
ph 248-814-8106

Ronald E. Jorgensen

CC

- Skadden, Arps, Slate, Meagher & Flom LLP
  155 North Wacker Drive
  Chicago, Illinois 60606
  John Wm. Butler, Jr.
  John K. Lyons
  Ron E. Meisler

- Skadden, Arps, Slate, Meagher & Flom LLP
  Four Times Square
  New York, New York 10036
  Kayalyn A. Marafioti

- United States Bankruptcy Court
  Southern District of New York
  1 Bowling Green   Room 610
  New York, New York 10004
  Judge Robert Drain

9-17-07

United States Bankruptcy Court
Southern District of New York
CASE No. 5-44481 (RDD) CLAIM # 11892
RONALD E. JORGENSEN

Pursuant to correspondance received in
early Sept. 2007, I am submitting the
following information relative to the Settlement
of my claim.

The enclosed document (Labeled Part I)
contains the original documentation that
I provided to the court to support my
claim. It provides documentation from
my Merrill Lynch Account to support
my claim for $82,299. It also describes
how CEO J.T. Battenberg III and CFO Alan
Dawes regularly presented information that
was misleading regarding the financial
situation of Delphi.

Enclosed document (Labeled Part II)
Includes information requested by the
court in Nov, 2006.

- 2 -

## Summary Comments

I believe that the documentations
and explanations contained in this reply —
all of which has already been submitted
to the court — clearly states my position
for the court to grant my claim.
It boils down to the fact that
CEO Battenberg, CFO Dawes, and other
Delphi executives continued to provide
misleading and inaccurate information
about Delphi's financial situation
and the strength of the company.
This information was presented by
word and in chart format at
Delphi Quarterly Business updates
meetings which I attended at Delphi
Headquarters in Troy, Michigan
during the years 1999, 2000, 2001 & 2002
before my retirement in March
2002.

I believe that the civil actions
against Battenberg, Dawes and other
Delphi executives' validates my
position for reimbursement of

— 3 —

The losses & experienced. The action
of The SECURITY Exchange Commission
(SEC) highlighted The inappropriate
actions of These executives. A
further Validation of Wrong doing was
revealed when a member of The Delphi
Legal Staff indicated That "mini-hearings"
were performed by The Legal Staff and
The Board of Directors Audit Committee.
These hearings were looking into possible
Wrong doings as a part of an internal
investigation into accounting fraud.
This information was apparently used
by The SEC & Justice Dept in The
Delphi probe. The existence of The
"Mini-hearings" was reported in The
business section of The Detroit News
on Sept 12, 2007.

It has also been reported in The
Media That Several Delphi executives
Charged by The SEC have made
Settlements to resolve The matters
for Which They were charged.
This, along with Delphi internal
"mini-hearings" causes me to believe
That There was Wrongdoing & That

— 4 —

inaccurate and misleading information
was presented to mislead investors.
The information which was presented
and provided put Delphi in a much
more favorable financial situation
than was the fact.

Due to previous commitments I will
not be able to be present at the
October 3, 2007 hearing. I really
do not feel my presence would
add anything more than I have
presented. My position has been
clear & consistent since the inception
of this process. I am requesting
that the court look favorably on
my position and award me the
full amount of my requested loss of
$82,299. Thank you for your
consideration.

RONALD E. JORGENSEN
1130 Deer Path Trail
Oxford, Mich 48371
ph: 248-814-8106

Ronald E. Jorgensen

Information provided to all parties noted in (e) 8
attached letter

PART I

MAILING OF 7-28-06

Enclosed are Exhibits A, B, C, & D which
summarize the Delphi stock sales and associated
losses. The summary page consolidates the total
long term and short term losses as well as
the total loss of $82,299.

I worked at Delphi from Nov. 1998 to February
2002. Prior to that I worked at General motors
since Sept. 1964. In 1998 I voluntarily moved
to Delphi, as Director of Security.
I made this move since it appeared to be a
great opportunity for me from a career and
financial standpoint. During my employment
at Delphi, quarterly business updates were
presented by CEO J.T. Battenberg III, CFO Alan
Dawes, and other members of the company's
Strategy Board. These updates were always
positive and upbeat regarding the company's
financial position. Based on that consistent
information, I continued to purchase Delphi
stock through the Employee Stock Savings Plan
and one outside purchase. A significant portion
of my Delphi stock came as a result of
the Delphi spinoff from General Motors.
That was based on the amount of GM stock
that I owned. Although Delphi stock values
began to weaken, the long term value of the
stock continued to be touted by Delphi top
management during my employment there and
after I retired. I continued to hold my
stock and had dividends reinvested. Then, in
early 2005 it was revealed that the Securities
Exchange Commission (SEC) was investigating

— 2 —

Delphi for accounting irregularities. This
situation resulted in the CFO resigning, The
CEO retiring, and several top officers leaving
the company or being demoted. During this
time, the stock began to fall dramatically
in value. There were strong rumors That
Chapter 11 bankruptcy would filed. There was
also much speculation that a new CEO
(Steve miller) would be named. Mr. miller
had the reputation of a turn around expert
using Chapter 11 bankruptcy in order to
quickly restructure companies. It is at
This point, I began to sell Delphi stock and
get what I could from the stock before it
could become worthless as a result of The
bankruptcy process. Sales of The stock are
summarized in Exhibits A, B, C, & D.

In conclusion, I held my Delphi stock like
many employees and retirees largely based upon
favorable financial reports provided by CEO
J.T. Battenberg III, CFO Alan Dawes and other
top Delphi corporate officers. As it turned out
accounting irregularities had inflated Delphi's
real financial performance. By The time all
The accounting irregularities were exposed, The
stock value had declined significantly, Thereby
resulting in the steep losses I experienced
upon The sale of my Delphi stock. I believe
That as a result of inaccurate financial data
which was presented, I held Delphi stock
until it had little value resulting in The
losses That I have reported. I feel That
I should be compensated for my losses

Since I held The stock based up
good faith and The integrity of information
provided on a regular basis by Delphi top
Management. I hope That my request
is favorably reviewed and fair compensation
made for my losses.

Although I have written This letter as
if I (RONALD JORGENSEN) owned The Delphi
Stock, The stock was owned by my
trust account and The trust account of
my Wife Mary.

RONALD E. JORGENSEN
MARY J. JORGENSEN

Also, I received two (2) "PROOF OF CLAIM" forms.
I completed both, but am only requesting
consideration for $82,299. Both forms are
excluded in This mailing.

| UNITED STATES BANKRUPTCY COURT   Southern  DISTRICT OF   New York | | PROOF OF CLAIM |
|---|---|---|
| **Name of Debtor**<br>Delphi Corporation | **Case Number**<br>05-44481 | The Debtor has listed your claim as Contingent and Unliquidated on Schedule F as a General Unsecured claim in an Unknown amount. If you believe that you have a claim against the Debtor, you are required to complete and return this form. |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Jorgensen Ronald E<br>Name and address where notices should be sent:<br><br>Jorgensen Ronald E.<br>1130 Deer Path Trail<br>Oxford MI 48371-6604<br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **Master Code: 10003047**<br><br>THIS SPACE IS FOR COURT USE ONLY |

Account or other number by which creditor identifies debtor:

Check here ☐ replaces ☐ amends if this claim    a previously filed claim, dated:_____

**1.  Basis for Claim**
- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☒ Other    Delphi Stock Losses

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
        (date)              (date)

**2.  Date debt was incurred:**
1-25-99  to  5-3-05

**3.  If court judgment, date obtained:**

**4.  Total Amount of Claim at Time Case Filed:  $**  _____ (unsecured)   _____ (secured)   _____ (priority)   $82,259 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other_____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6.  Unsecured Nonpriority Claim  $**_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority  $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $10,000),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 180-day limits apply to cases filed on or after 4/20/05.  Pub. L. 109-8.

**8.  Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.  Supporting Documents:**  *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:**   To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT __Southern__ DISTRICT OF __New York__        **PROOF OF CLAIM**

| Name of Debtor<br>Delphi Corporation | Case Number<br>05-44481 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case.   A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Jorgensen Ronald E<br><br>Name and address where notices should be sent:<br><br>Jorgensen Ronald E<br>1130 Deer Path Trail<br>Oxford MI 48371-6604<br><br>Telephone number: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court.       THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces     a previously filed claim, dated: _____<br>if this claim ☐ amends |
|---|---|

**1.  Basis for Claim**

- ☐ Goods Sold / Services Performed
- ☐ Customer Claim
- ☐ Taxes
- ☐ Money Loaned
- ☐ Personal Injury
- ☒ Other   _Delphi Stock Losses_

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
      (date)       (date)

| 2.  Date debt was incurred:<br>_1-25-99  to  5-3-05_ | 3.  If court judgment, date obtained: |
|---|---|

**4.  Total Amount of Claim at Time Case Filed:** $ _____ (unsecured)  _____ (secured)  _____ (priority)  _# 82,299_ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☐ Real Estate     ☐ Motor Vehicle
☐ Other_____

Value of Collateral:     $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

**6.  Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7.  Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim

Amount entitled to priority  $_____

Specify the priority of the claim:

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units–11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/0.5. Pub. L. 109-8.

**8.  Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.  Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
|  |  |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# DELPHI PG 13 of 36 STOCK LOSSES

## SUMMARY PAGE

- Exhibit A       5938 Shares

  Long term Losses  $2,223       (Merrill Lynch
  Short term Losses  $756         Statement  pg 46
                     $2,979                   pg 49  )

- Exhibit B      5150 Shares

  Long term Losses   $56,990     (Merrill Lynch
  Short term Losses   $653        Statment  pg 7
                     $57,643                pg 6  )

- Exhibit C     938 Shares

  Long term Losses  $14,528      (Merrill Lynch
  Short term Losses    $37        Statement  pg 23
                     $19,565                 pg 24  )

- Exhibit D    2054 Shares

  Long term Losses   — 0 —       (Merrill Lynch
  Short term Losses  $7,112       Statement pg 23
                     $7112                   pg 22  )

  Summary

  Total Long term Losses    $73,741
  Total Short term Losses    $8,558

  Total Losses  $82,299

# Merrill Lynch

**RETIREMENT ACCOUNT**

**UNLIMITED ADVANTAGE**

EXHIBIT A

5,938 shares

## Equity Weighting by Economic Sector *

| | | | |
|---|---|---|---|
| A - Health Care | 5% | D - Consumer Discretionary | 69% | G - Financials | 3% | J - Energy | 3% |
| B - Consumer Staples | 4% | E - Industrials | 0% | H - Telecommunications Services | 0% | K - Unassigned | 0% |
| C - Information Technology | 3% | F - Materials | 3% | I - Utilities | 3% | | 7% |

* Economic sectors conform to the Global Industry Classification Standard. See statement backer.

## Current Portfolio

| Quantity | Security Description | Symbol | Sector | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Equities** | | | | | | | | | | | |
| 200 | ** AMERICAN AXLE MFG HLDGS | AXL | (D) | 04/02/02 | 29.03 | 5,806 | 19.96 | 3,992 | (1,814) | 120 | 3.% |
| 125 | ** AMERICAN AXLE MFG HLDGS | | | 11/13/03 | 38.00 | 4,750 | 19.96 | 2,495 | (2,255) | 75 | 3.% |
| 325 | Security Sub-Total | | | | | 10,556 | | 6,487 | (4,069) | 195 | |
| 300 | ** BHP BILLITON LTD | ADR BHP | (F) | 11/01/04 | 20.81 | 6,243 | 25.28 | 7,584 | 1,341 | 132 | 3.% |
| 300 | ** COACH INC | COH | (D) | 11/13/03 | 18.97 | 5,691 | 26.80 | 8,040 | 2,349 | | 3.% |
| 140 | ** CHEVRONTEXACO CORP | CVX | (J) | 06/02/03 | 35.75 | 5,005 | 52.00 | 7,280 | 2,275 | 252 | 3.% |
| 300 | ↑ CISCO SYSTEMS INC | CON CSCO | (C) | 06/02/03 | 17.02 | 5,108 | 17.27 | 5,181 | 72 | | 3.% |
| 4,271 | ** DELPHI CORPORATION | DPH | (D) | N/A | N/A | N/A | 3.30 | 14,094 | N/A | 512 | 3.% |
| 18 | ** DELPHI CORPORATION | | | 04/23/02 | 15.90 | 286 | 3.30 | 59 | (226) | 2 | 3.% |
| 1,161 | ** DELPHI CORPORATION | | | N/A | N/A | N/A | 3.30 | 3,831 | N/A | 139 | 3.% |
| 44 | ** DELPHI CORPORATION | | | 08/06/02 | 8.78 | 386 | 3.30 | 145 | (241) | 5 | 3.% |
| 49 | ** DELPHI CORPORATION | | | 10/16/02 | 7.84 | 384 | 3.30 | 161 | (222) | 5 | 3.% |
| 43 | ** DELPHI CORPORATION | | | 01/15/03 | 8.99 | 386 | 3.30 | 141 | (244) | 5 | 3.% |
| 46 | ** DELPHI CORPORATION | | | 05/06/03 | 8.56 | 386 | 3.30 | 151 | (241) | 5 | 3.% |
| 47 | ** DELPHI CORPORATION | | | 07/30/03 | 8.40 | 392 | 3.30 | 155 | (237) | 5 | 3.% |
| 42 | ** DELPHI CORPORATION | | | 10/15/03 | 9.35 | 392 | 3.30 | 138 | (254) | 5 | 3.% |
| 34 | ** DELPHI CORPORATION | | | 01/15/04 | 11.77 | 400 | 3.30 | 112 | (287) | 4 | 3.% |
| 39 | ** DELPHI CORPORATION | | | 04/13/04 | 10.25 | 399 | 3.30 | 128 | (271) | 4 | 3.% |
| 43 | ** DELPHI CORPORATION | | | 08/04/04 | 9.48 | 407 | 3.30 | 141 | (265) | 5 | 3.% |
| 49 | ** DELPHI CORPORATION | | | 10/20/04 | 8.33 | 408 | 3.30 | 161 | | 5 | 3.% |
| 52 | ** DELPHI CORPORATION | | | 01/19/05 | 7.98 | 414 | 3.30 | 171 | | 6 | 3.% |
| | (.4359 FRACTIONAL SHARE) | | | N/A | N/A | N/A | 3.30 | | N/A | | 3.% |
| 5,938 | Security Sub-Total | | | | | 4,655 | | 19,596 | (2,979) | 712 | |
| 6,253 | ** DIRECTV GROUP INC | DTV | (D) | N/A | N/A | N/A | 14.12 | 88,292 | H | | 3.% |
| 175 | ** FIFTH THIRD BANCORP | FITB | (G) | 06/02/03 | 57.02 | 9,978 | 43.50 | 7,612 | (2,366) | 245 | 3. |

FBO RONALD E JORGENSEN

Account No.
669-78P97

Statement Period
04/01/05 TO 04/29/05

005015  9385

72111988000628026

0034691

RETIREMENT ACCOUNT    UNLIMITED ADVANTAGE

## Cash Flow Summary

| Activity Summary | This Statement | Year-to-Date |
|---|---|---|
| Opening Balance Cash & Money Accounts | 29,565.19 | |
| Net Credits & Debits | 6,334.67 | 8,142.94 |
| Closing Balance Cash & Money Accounts | 35,899.86 | |

| | This Statement | Year-to-Date | | This Statement | Year-to-Date |
|---|---|---|---|---|---|
| Credits | | | Debits | | |
| Sales | 161,158.47 | 187,698.41 | Purchases | (1,768.69) | (1,768.69) |
| Income | 601.10 | 3,416.52 | Withdrawals | (26,765.89) | (36,596.38) |
| Funds Received | | | Electronic Trfs | | |
| Electronic Trfs | | | Other | | |
| Other | | | | | |
| Total Credits | 161,759.57 | 191,114.93 | Total Debits | | |

## Realized Capital Gain and Loss Summary*

| | This Statement | Year-to-Date |
|---|---|---|
| Short-Term | (1,768.69) | |
| Long-Term | (26,765.89) | |

*Excludes transactions for which we have insufficient data.

## Realized Capital Gains and Losses

| Quantity | Security Description | Date of Acquisition | Date of Liquidation | Sales Price | Cost Basis | Gain or (Loss) | |
|---|---|---|---|---|---|---|---|
| 200 | AMERICAN AXLE&MFG HLDGS | 04/02/02 | 05/02/05 | 3,975.82 | 5,806.00 | (1,830.18) | LT |
| 125 | AMERICAN AXLE&MFG HLDGS | 11/13/03 | 05/02/05 | 2,484.90 | 4,750.00 | (2,265.10) | LT |
| 3700 | DELPHI CORPORATION | N/A | 05/02/05 | 12,246.48 | N/A | N/A | LT |
| 571 | DELPHI CORPORATION | N/A | 05/02/05 | 1,895.63 | N/A | N/A | LT |
| 18 | DELPHI CORPORATION | 04/23/02 | 05/02/05 | 59.75 | 286.20 | (226.45) | LT |
| 1161 | DELPHI CORPORATION | N/A | 05/02/05 | 3,854.36 | N/A | N/A | LT |
| 44 | DELPHI CORPORATION | 08/06/02 | 05/02/05 | 146.07 | 386.32 | (240.25) | LT |
| 49 | DELPHI CORPORATION | 10/16/02 | 05/02/05 | 162.67 | 384.16 | (221.49) | LT |
| 43 | DELPHI CORPORATION | 01/16/03 | 05/02/05 | 142.75 | 386.57 | (243.82) | LT |
| 46 | DELPHI CORPORATION | 05/06/03 | 05/02/05 | 152.71 | 393.76 | (241.05) | LT |
| 47 | DELPHI CORPORATION | 07/30/03 | 05/02/05 | 156.03 | 394.80 | (238.77) | LT |
| 42 | DELPHI CORPORATION | 10/15/03 | 05/02/05 | 139.43 | 392.70 | (253.27) | LT |
| 34 | DELPHI CORPORATION | 01/15/04 | 05/02/05 | 112.88 | 400.18 | (287.30) | LT |
| 39 | DELPHI CORPORATION | 04/13/04 | 05/02/05 | 129.47 | 399.75 | (270.28) | LT |
| 43 | DELPHI CORPORATION | 08/04/04 | 05/02/05 | 142.76 | 407.64 | (264.88) | ST |
| 49 | DELPHI CORPORATION | 10/20/04 | 05/02/05 | 162.68 | 408.17 | (245.49) | ST |
| 52 | DELPHI CORPORATION | 01/19/05 | 05/02/05 | 172.65 | 414.96 | (242.31) | ST |

FBO RONALD E JORGENSEN

005015   9385

J01122

## Merrill Lynch

EXHIBIT B

CMA® ACCOUNT

UNLIMITED ADVANTAGE

### Equity Weighting by Economic Sector *

| | | | | |
|---|---|---|---|---|
| A - Health Care | 32% | D - Consumer Discretionary | G - Financials | 68% | J - Energy | 0% |
| B - Consumer Staples | 0% | E - Industrials | H - Telecommunications Services | 0% | K - Unassigned | 0% |
| C - Information Technology | 0% | F - Materials | I - Utilities | 0% | |

* Economic sectors conform to the Global Industry Classification Standard. See statement backer.

### Current Portfolio

| Quantity | Security Description | Symbol | Sector | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Equities** | | | | | | | | | | | |
| 1,000 | ** DELPHI CORPORATION | DPH | (D) | 01/25/99 | 17.00 | 17,000 | 3.30 | 3,300 | (13,700) | 120 | 3.63 |
| 544 | ** DELPHI CORPORATION | | | 05/28/99 | 19.96 | 10,858 | 3.30 | 1,795 | (9,063) | 65 | 3.66 |
| 70 | ** DELPHI CORPORATION | | | 05/28/99 | 19.96 | 1,397 | 3.30 | 231 | (1,166) | 8 | 3.66 |
| 8 | ** DELPHI CORPORATION | | | 05/28/99 | 19.96 | 159 | 3.30 | 26 | (133) | | 3.66 |
| 7 | ** DELPHI CORPORATION | | | 05/28/99 | 19.96 | 139 | 3.30 | 23 | (116) | | 3.66 |
| 506 | ** DELPHI CORPORATION | | | 05/28/99 | 20.18 | 10,214 | 3.30 | 1,669 | (8,545) | 60 | 3.66 |
| 7 | ** DELPHI CORPORATION | | | 10/19/99 | 15.75 | 110 | 3.30 | 23 | (87) | | 3.66 |
| 1,111 | ** DELPHI CORPORATION | | | 11/10/99 | 15.75 | 17,498 | 3.30 | 3,666 | (13,831) | 133 | 3.66 |
| 12 | ** DELPHI CORPORATION | | | 01/14/00 | 18.56 | 222 | 3.30 | 39 | (183) | 1 | 3.66 |
| 12 | ** DELPHI CORPORATION | | | 04/25/00 | 20.18 | 242 | 3.30 | 39 | (202) | 1 | 3.66 |
| 15 | ** DELPHI CORPORATION | | | 07/26/00 | 15.25 | 228 | 3.30 | 49 | (179) | 1 | 3.66 |
| 15 | ** DELPHI CORPORATION | | | 10/17/00 | 14.87 | 223 | 3.30 | 49 | (173) | 1 | 3.66 |
| 16 | ** DELPHI CORPORATION | | | 01/19/01 | 14.31 | 228 | 3.30 | 52 | (176) | 1 | 3.66 |
| 18 | ** DELPHI CORPORATION | | | 04/17/01 | 13.08 | 235 | 3.30 | 59 | (176) | 2 | 3.66 |
| 15 | ** DELPHI CORPORATION | | | 08/07/01 | 16.06 | 240 | 3.30 | 49 | (191) | 2 | 3.66 |
| 18 | ** DELPHI CORPORATION | | | 10/17/01 | 13.12 | 236 | 3.30 | 59 | (176) | 2 | 3.66 |
| 18 | ** DELPHI CORPORATION | | | 01/17/02 | 13.15 | 236 | 3.30 | 59 | (177) | 2 | 3.66 |
| 15 | ** DELPHI CORPORATION | | | 04/23/02 | 15.90 | 238 | 3.30 | 49 | (189) | 1 | 3.66 |
| 27 | ** DELPHI CORPORATION | | | 08/06/02 | 8.78 | 237 | 3.30 | 89 | (147) | 3 | 3.66 |
| 30 | ** DELPHI CORPORATION | | | 10/16/02 | 7.84 | 235 | 3.30 | 99 | (136) | 3 | 3.66 |
| 27 | ** DELPHI CORPORATION | | | 01/16/03 | 8.99 | 242 | 3.30 | 89 | (153) | 3 | 3.66 |
| 1,353 | ** DELPHI CORPORATION | | | 04/01/03 | 8.45 | 11,432 | 3.30 | 4,464 | (6,967) | 162 | 3.66 |
| 40 | ** DELPHI CORPORATION | | | 05/06/03 | 8.56 | 342 | 3.30 | 132 | (210) | 4 | 3.66 |
| 41 | ** DELPHI CORPORATION | | | 07/30/03 | 8.40 | 344 | 3.30 | 135 | (209) | 4 | 3.66 |
| 37 | ** DELPHI CORPORATION | | | 10/15/03 | 9.35 | 345 | 3.30 | 122 | (223) | 4 | 3.66 |
| 29 | ** DELPHI CORPORATION | | | 01/15/04 | 11.77 | 341 | 3.30 | 95 | (245) | 3 | 3.66 |
| 34 | ** DELPHI CORPORATION | | | 04/13/04 | 10.25 | 348 | 3.30 | 112 | (236) | 4 | 3.66 |
| 37 | ** DELPHI CORPORATION | | | 08/04/04 | 9.48 | 350 | 3.30 | 122 | (228) | 4 | 3.66 |
| 43 | ** DELPHI CORPORATION | | | 10/20/04 | 8.33 | 358 | 3.30 | 141 | (216) | 5 | 3.66 |
| 45 | ** DELPHI CORPORATION | | | 01/19/05 | 7.98 | 359 | 3.30 | 148 | (210) | 5 | 3.66 |
| (.1191 | DELPHI CORPORATION FRACTIONAL SHARE) | | | N/A | N/A | N/A | | | N/A | | |

RONALD E JORGENSEN TTEE

Statement Period 04/01/05 TO 04/29/05

Account No. 689-31C31

005015 9385

7211198800462E00004

0034647

# Merrill Lynch

CMA® ACCOUNT

UNLIMITED ADVANTAGE

*EXHIBIT B*

## Realized Capital Gains and Losses

| Quantity | Security Description | Date of Acquisition | Date of Liquidation | Sales Price | Cost Basis | Gain or (Loss) | |
|---|---|---|---|---|---|---|---|
| 15 | DELPHI CORPORATION | 08/07/01 | 05/02/05 | 49.79 | 240.90 | (191.11) | LT |
| 18 | DELPHI CORPORATION | 10/17/01 | 05/02/05 | 59.75 | 236.16 | (176.41) | LT |
| 18 | DELPHI CORPORATION | 01/17/02 | 05/02/05 | 59.75 | 236.70 | (176.95) | LT |
| 15 | DELPHI CORPORATION | 04/23/02 | 05/02/05 | 49.79 | 238.50 | (188.71) | LT |
| 27 | DELPHI CORPORATION | 08/06/02 | 05/02/05 | 89.63 | 237.06 | (147.43) | LT |
| 30 | DELPHI CORPORATION | 10/16/02 | 05/02/05 | 99.59 | 235.20 | (135.61) | LT |
| 27 | DELPHI CORPORATION | 01/16/03 | 05/02/05 | 89.59 | 242.23 | (153.10) | LT |
| 1353 | DELPHI CORPORATION | 04/01/03 | 05/02/05 | 4,491.87 | 11,432.85 | (6,940.98) | LT |
| 40 | DELPHI CORPORATION | 05/06/03 | 05/02/05 | 132.79 | 342.40 | (209.61) | LT |
| 41 | DELPHI CORPORATION | 07/30/03 | 05/02/05 | 136.11 | 344.40 | (208.29) | LT |
| 37 | DELPHI CORPORATION | 10/30/03 | 05/02/05 | 122.83 | 345.95 | (223.12) | LT |
| 29 | DELPHI CORPORATION | 01/15/04 | 05/02/05 | 96.28 | 341.33 | (245.05) | LT |
| 34 | DELPHI CORPORATION | 04/13/04 | 05/02/05 | 122.88 | 348.50 | (225.62) | LT |
| 37 | DELPHI CORPORATION | 08/04/04 | 05/02/05 | 142.84 | 350.76 | (227.92) | LT |
| 43 | DELPHI CORPORATION | 10/20/04 | 05/02/05 | 142.76 | 358.19 | (215.43) | LT |
| 45 | DELPHI CORPORATION | 01/19/05 | 05/02/05 | 149.41 | 359.10 | (209.69) | LT |
| 1000 | DELPHI CORPORATION | 01/25/99 | 05/02/05 | 3,319.86 | 17,000.00 | (13,680.14) | ST |
| 544 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 1,806.00 | 10,858.24 | (9,052.24) | ST |
| 70 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 232.39 | 1,397.20 | (1,164.81) | ST |
| 8 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 26.55 | 159.68 | (133.13) | LT |
| 7 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 23.23 | 139.72 | (116.49) | LT |
| 506 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 1,679.85 | 10,214.88 | (8,535.03) | LT |
| 7 | DELPHI CORPORATION | 10/19/99 | 05/02/05 | 23.23 | 110.25 | (87.02) | LT |
| 1111 | DELPHI CORPORATION | 11/19/99 | 05/02/05 | 3,688.37 | 17,498.25 | (13,809.88) | LT |

The Cost Basis for eligible Tax Lots purchased in the current year has not been adjusted by a portion of the current year Unlimited Advantage fee.
If the account is enrolled in the Cost Basis Allocation Service, adjustments to Tax Lots will systematically occur at year-end.

## Current Portfolio

| Quantity | Security Description | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Accrued Interest | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|
| **Cash and Money Accounts** | | | | | | | | | | |
| | CASH | | | 1 | | 1 | | | | |
| 16,112 | ML Bank Deposit Program | | 1.00 | 16,112 | 1.00 | 16,112 | | | 339 | 2.11 |
| **Total Cash and Money Accounts** | | | | 16,113 | | 16,113 | | | 339 | 2.11 |



6992677300021 0004
005015  9985

## Merrill Lynch

*EXHIBIT B*

### Current Portfolio

| Quantity | Security Description | Symbol | Sector | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Equities** | | | | | | | | | | | |
| 5,150 | Security Sub-Total | | | | | 74,650 | | 16,995 | (57,643) | 618 | 3.63 |
| ** 100 | ZIMMER HOLDINGS INC | COM ZMH | (A) | 02/18/05 | 85.95 | 8,595 | 81.42 | 8,142 | (453) | | |
| **Total Equities** | | | | | | 83,245 | | 25,137 | (58,096) | 618 | 2.46 |

**UNLIMITED ADVANTAGE**

### Research Ratings

| Security | ML Symbol Rating | | Independent Research Provider | Independent Research Provider | Jaywalk Consensus Rating |
|---|---|---|---|---|---|
| DELPHI CORPORATION | DPH | C-3-8 Sell | Morningstar | Hold – Channel Trend Inc. | SELL |
| ZIMMER HOLDINGS INC | COM ZMH | B-1-9 Hold | Morningstar | Buy – Argus Fundamental Research | HOLD BUY |

#### Merrill Lynch Rating

**Volatility Risk Ratings**
Indicators of potential price fluctuation are:
A - Low
B - Medium
C - High

**Investment Ratings**
Indicators of expected total return (price appreciation plus yield) within the 12-month period from the date of the initial rating, are:
1 - Buy (10% or more for Low and Medium Volatility Risk securities - 20% or more for High Volatility Risk securities)
2 - Neutral (0 - 10% for Low and Medium Volatility Risk securities - 0 - 20% for High Volatility Risk securities)
3 - Sell (negative return)
6 - No Rating

**Income Ratings**
Indicators of potential cash dividends are:
7 - same/higher (dividend considered to be secure)
8 - same/lower (dividend not considered to be secure)
9 - pays no cash dividend

#### Independent, Third-Party Research

Independent, third-party research on certain companies covered by the firm's research is available to clients at no cost. Clients can access this research at www.mlol.ml.com or can call 1-800-MERRILL to request that a copy of this research be sent to them. For an explanation of independent, third-party research ratings key, ask your Financial Advisor or FAC representative or go to www.mlol.ml.com. Please note that the independent, third-party research rating shown above is not necessarily equivalent to, or derived using the same methodology as, ML Research ratings or the ratings of other independent, third-party research providers.

#### Jaywalk Consensus Rating

Jaywalk Consensus Rating represents the average of the ratings of available independent, third-party research providers. For additional information about Jaywalk Consensus Rating, ask your Financial Advisor or FAC representative or go to www.ml.com/independentresearch.

RONALD E JORGENSEN TTEE

Statement Period
04/01/05 TO 04/29/05

Account No.
689-31C31

005015 9385



**Merrill Lynch**

**CMA ® ACCOUNT**

UNLIMITED ADVANTAGE

Exh 13-1 C

## Current Portfolio

| Quantity | Security Description | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Accrued Interest | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|
| **Cash and Money Accounts** | | | | | | | | | | |
| | CASH | | | 1 | | 1 | | | | |
| 41,675 | ML Bank Deposit Program | | 1.00 | 41,675 | 1.00 | 41,675 | | | 837 | 2.01 |
| **Total Cash and Money Accounts** | | | | 41,676 | | 41,676 | | | 837 | 2.01 |
| **Corporate Bonds** | | | | | | | | | | |
| 2,000 | USB CAPITAL V DEF INT TR PFD SEC 07.250% DEC 15 2031 CUM | 11/29/01 | 25.00 | 50,000 | 25.99 | 51,980 | 1,980 | | 3,623 | 6.97 |
| 1,000 | CONVERIUM FINANCE CUM GTD SUB NOTES 8.25% DEC 23 2032 | 12/18/02 | 25.00 | 25,000 | 24.95 | 24,950 | (50) | | 2,061 | 8.26 |
| **Total Corporate Bonds** | | | | 75,000 | | 76,930 | 1,930 | | 5,685 | 7.39 |

## Equity Weighting by Economic Sector *

| A - Health Care | 0% | D - Consumer Discretionary | 82% | G - Financials | 0% | J - Energy | 0% |
| B - Consumer Staples | 0% | E - Industrials | 0% | H - Telecommunications Services | 0% | K - Unassigned | 0% |
| C - Information Technology | 18% | F - Materials | 0% | I - Utilities | 0% | | |

\* Economic sectors conform to the Global Industry Classification Standard. See statement backer.

## Current Portfolio

| Quantity | Security Description | Symbol | Sector | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Equities** | | | | | | | | | | | |
| 250 | ** AMPHENOL CORP CL A NEW | APH | (C) | 02/18/05 | 40.51 | 10,127 | 39.44 | 9,860 | (267) | 30 | .30 |
| 800 | ** DELPHI CORPORATION | DPH | (D) | 05/28/99 | 19.96 | 15,968 | 3.30 | 2,640 | (13,328) | 96 | 3.63 |
| 10 | ** DELPHI CORPORATION | | | 05/28/99 | 19.96 | 199 | 3.30 | 33 | (166) | 1 | 3.63 |
| 9 | ** DELPHI CORPORATION | | | 05/28/99 | 19.96 | 179 | 3.30 | 29 | (149) | 1 | 3.63 |
| 3 | ** DELPHI CORPORATION | | | 10/19/99 | 15.75 | 47 | 3.30 | 9 | (37) | | 3.63 |

MARY J JORGENSEN TTEE

Statement Period 04/01/05 TO 04/29/05

Account No. 689-30X60

005015 9385

0034465

72111988006280013

Merrill Lynch

**CMA® ACCOUNT** EXHIBIT

UNLIMITED ADVANTAGE

## Current Portfolio

### Equities

| Quantity | | Security Description | Symbol | Sector | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | ** | DELPHI CORPORATION | | | 01/14/00 | 18.56 | 55 | 3.30 | 9 | (45) | | 3.18 |
| 3 | ** | DELPHI CORPORATION | | | 04/25/00 | 20.18 | 60 | 3.30 | 9 | (50) | | 3.63 |
| 4 | ** | DELPHI CORPORATION | | | 07/26/00 | 15.25 | 61 | 3.30 | 13 | (47) | | 3.63 |
| 4 | ** | DELPHI CORPORATION | | | 10/17/00 | 14.87 | 59 | 3.30 | 13 | (46) | | 3.63 |
| 4 | ** | DELPHI CORPORATION | | | 01/19/01 | 14.31 | 57 | 3.30 | 13 | (44) | | 3.63 |
| 5 | ** | DELPHI CORPORATION | | | 04/17/01 | 13.08 | 65 | 3.30 | 16 | (48) | | 3.63 |
| 5 | ** | DELPHI CORPORATION | | | 08/07/01 | 16.06 | 48 | 3.30 | 9 | (38) | | 3.63 |
| 5 | ** | DELPHI CORPORATION | | | 10/17/01 | 13.12 | 65 | 3.30 | 16 | (49) | | 3.63 |
| 4 | ** | DELPHI CORPORATION | | | 01/17/02 | 13.15 | 52 | 3.30 | 13 | (39) | | 3.69 |
| 4 | ** | DELPHI CORPORATION | | | 04/23/02 | 15.90 | 63 | 3.30 | 13 | (50) | | 3.63 |
| 8 | ** | DELPHI CORPORATION | | | 08/06/02 | 8.78 | 61 | 3.30 | 23 | (38) | | 3.63 |
| 7 | ** | DELPHI CORPORATION | | | 10/16/02 | 7.84 | 62 | 3.30 | 23 | (39) | | 3.63 |
| 7 | ** | DELPHI CORPORATION | | | 01/16/03 | 8.99 | 62 | 3.30 | 23 | (39) | | 3.63 |
| 7 | ** | DELPHI CORPORATION | | | 05/06/03 | 8.56 | 59 | 3.30 | 23 | (36) | | 3.63 |
| 7 | ** | DELPHI CORPORATION | | | 07/30/03 | 8.40 | 58 | 3.30 | 23 | (35) | | 3.63 |
| 5 | ** | DELPHI CORPORATION | | | 10/15/03 | 9.35 | 65 | 3.30 | 16 | (42) | | 3.63 |
| 6 | ** | DELPHI CORPORATION | | | 01/15/04 | 11.77 | 58 | 3.30 | 19 | (41) | | 3.63 |
| 6 | ** | DELPHI CORPORATION | | | 04/13/04 | 10.25 | 61 | 3.30 | 23 | (43) | | 3.60 |
| 8 | ** | DELPHI CORPORATION | | | 08/04/04 | 9.48 | 66 | 3.30 | 26 | (40) | | 3.63 |
| 8 | ** | DELPHI CORPORATION | | | 10/20/04 | 8.33 | 66 | 3.30 | 26 | (37) | | 3.63 |
| 8 | ** | DELPHI CORPORATION | | | 01/19/05 | 7.98 | 63 | 3.30 | 26 | (37) | | 3.63 |
| | ** | DELPHI CORPORATION | | | N/A | N/A | N/A | 3.30 | | | | |
| (.6519 | | FRACTIONAL SHARE) | | | | | | | | | | |
| 938 | | Security Sub-Total | | | | | 17,672 | | 3,097 | (14,565) | 112 | |
| 375 | ** | DIRECTV GROUP INC | DTV | (D) | 09/01/94 | 12.51 | 4,692 | 14.12 | 5,295 | 602 | | |
| 407 | ** | DIRECTV GROUP INC | | | 09/01/94 | 12.49 | 5,086 | 14.12 | 5,746 | 660 | | |
| 3 | ** | DIRECTV GROUP INC | | | 06/11/97 | 15.36 | 46 | 14.12 | 42 | (3) | | |
| 2 | ** | DIRECTV GROUP INC | | | 09/11/97 | 26.85 | 53 | 14.12 | 28 | (25) | | |
| 237 | ** | DIRECTV GROUP INC | | | 12/18/97 | 19.92 | 4,721 | 14.12 | 3,346 | (1,375) | | |
| 801 | ** | DIRECTV GROUP INC | | | 12/18/97 | 19.89 | 15,936 | 14.12 | 11,310 | (4,626) | | |
| 1 | ** | DIRECTV GROUP INC | | | 01/20/00 | 46.92 | 46 | 14.12 | 14 | (32) | | |
| 1 | ** | DIRECTV GROUP INC | | | N/A | N/A | N/A | 14.12 | 14 | N/A | | |
| 1,827 | | Security Sub-Total | | | | | 36,584 | | 25,797 | (4,799) | | |
| 1 | → | HARLEY DAVIDSON INC W/S | HDI | (D) | 10/21/97 | 14.88 | 55 | 47.02 | 47 | 32 | | 1.06 |
| 1 | → | HARLEY DAVIDSON INC W/S | | | 06/28/99 | 53.50 | 53 | 47.02 | 47 | (6) | | 1.06 |
| 1 | → | HARLEY DAVIDSON INC W/S | | | 04/07/00 | 42.75 | 43 | 47.02 | 47 | 4 | | 1.06 |
| 1 | → | HARLEY DAVIDSON INC W/S | | | 03/26/01 | 37.95 | 37 | 47.02 | 47 | 9 | | 1.06 |
| 200 | → | HARLEY DAVIDSON INC W/S | | | 01/14/02 | 53.04 | 10,608 | 47.02 | 9,404 | (1,204) | 100 | 1.06 |
| 1 | → | HARLEY DAVIDSON INC W/S | | | 03/25/03 | 54.51 | 54 | 47.02 | 47 | (7) | | 1.06 |
| 1 | → | HARLEY DAVIDSON INC W/S | | | 06/23/03 | 41.55 | 41 | 47.02 | 47 | 5 | | 1.06 |
| 1 | → | HARLEY DAVIDSON INC W/S | | | 12/30/03 | 47.73 | 47 | 47.02 | 47 | | | 1.06 |
| 1 | → | HARLEY DAVIDSON INC W/S | | | 03/26/04 | 51.20 | 51 | 47.02 | 47 | (4) | | 1.06 |

MARY J JORGENSEN TTEE

Page ___    Statement Period    Account No.

# Merrill Lynch

## CMA ACCOUNT — UNLIMITED ADVANTAGE

### Cash Flow Summary

| Activity Summary | This Statement | Year-to-Date | Credits | This Statement | Year-to-Date |
|---|---|---|---|---|---|
| Opening Balance Cash & Money Accounts | 41,676.15 | | Sales | 36,598.36 | 46,109.96 |
| | | | Income | 576.10 | 3,834.51 |
| Credits Debits | 1,989.01 | 62,333.74DR | Funds Received | | |
| | | | Electronic Tfrs | | |
| | | | Other | | |
| Closing Balance Cash & Money Accounts | 43,665.16 | | Total Credits | 37,174.46 | 49,944.47 |

| Debits | This Statement | Year-to-Date |
|---|---|---|
| Purchases | 4,686.00 | 14,813.50 |
| Withdrawals | | 50,000.00 |
| Electronic Tfrs | | |
| CMA Checks | | 15,000.00 |
| Other | 30,499.45 | 32,464.71 |
| Total Debits | 35,185.45 | 112,278.21 |

### Bank Deposit Interest Summary

| Money Account Description | Opening Balance | Average Deposit Balance | Interest on Deposits | Current Yield % | Closing Balance |
|---|---|---|---|---|---|
| Merrill Lynch Bank USA | 35,036 | 34,807 | 64.39 | 2.11 | 37,013 |
| Merrill Lynch Bank & Trust | 6,639 | 6,639 | 12.26 | 2.11 | 6,651 |
| Total ML Bank Deposit Program | 41,675 | | 76.65 | | 43,664 |

### Realized Capital Gain and Loss Summary*

| | This Statement | Year-to-Date |
|---|---|---|
| Short-Term | (120.70) | (120.70) |
| Long-Term | (17,153.92) | (10,917.73) |

*Excludes transactions for which we have insufficient data.

### Realized Capital Gains and Losses

| Quantity | Security Description | Date of Acquisition | Date of Liquidation | Sales Price | Cost Basis | Gain or (Loss) | |
|---|---|---|---|---|---|---|---|
| 3 | DELPHI CORPORATION | 01/14/00 | 05/02/05 | 9.93 | 55.68 | (45.75) | LT |
| 3 | DELPHI CORPORATION | 04/25/00 | 05/02/05 | 9.93 | 60.56 | (50.63) | LT |
| 4 | DELPHI CORPORATION | 07/26/00 | 05/02/05 | 13.24 | 61.00 | (47.76) | LT |
| 4 | DELPHI CORPORATION | 10/17/00 | 05/02/05 | 13.24 | 59.50 | (46.26) | LT |
| 4 | DELPHI CORPORATION | 01/19/01 | 05/02/05 | 13.24 | 57.24 | (44.00) | LT |
| 5 | DELPHI CORPORATION | 04/17/01 | 05/02/05 | 16.55 | 65.40 | (48.85) | LT |

MARY J JORGENSEN TTEE

Page 23 of 68

Statement Period 04/30/05 TO 05/31/05

Account No. 689-30X60

005015   9385

EXHIBIT C

# Merrill Lynch

## CMA® ACCOUNT

EXHIBIT C

UNLIMITED ADVANTAGE

## Realized Capital Gains and Losses

| Quantity | Security Description | Date of Acquisition | Date of Liquidation | Sales Price | Cost Basis | Gain or (Loss) | |
|---|---|---|---|---|---|---|---|
| 3 | DELPHI CORPORATION | 08/07/01 | 05/02/05 | 9.93 | 48.18 | (38.25) | LT |
| 5 | DELPHI CORPORATION | 10/17/01 | 05/02/05 | 16.55 | 65.60 | (49.05) | LT |
| 5 | DELPHI CORPORATION | 01/17/02 | 05/02/05 | 13.24 | 52.60 | (39.36) | LT |
| 4 | DELPHI CORPORATION | 04/23/02 | 05/02/05 | 13.24 | 63.60 | (50.36) | LT |
| 7 | DELPHI CORPORATION | 08/06/02 | 05/02/05 | 23.17 | 61.46 | (38.29) | LT |
| 8 | DELPHI CORPORATION | 10/16/02 | 05/02/05 | 26.48 | 62.72 | (36.24) | LT |
| 7 | DELPHI CORPORATION | 01/16/03 | 05/02/05 | 23.17 | 62.93 | (39.76) | LT |
| 7 | DELPHI CORPORATION | 05/06/03 | 05/02/05 | 23.17 | 59.92 | (36.75) | LT |
| 7 | DELPHI CORPORATION | 07/30/03 | 05/02/05 | 23.17 | 58.80 | (35.63) | LT |
| 5 | DELPHI CORPORATION | 10/15/03 | 05/02/05 | 23.17 | 65.45 | (42.28) | LT |
| 5 | DELPHI CORPORATION | 01/15/04 | 05/02/05 | 16.55 | 58.85 | (42.30) | LT |
| 6 | DELPHI CORPORATION | 04/13/04 | 05/02/05 | 19.86 | 61.50 | (41.64) | LT |
| 5 | DELPHI CORPORATION | 08/04/04 | 05/02/05 | 23.17 | 66.36 | (43.19) | LT |
| 8 | DELPHI CORPORATION | 10/20/04 | 05/02/05 | 26.48 | 66.64 | (40.16) | ST |
| 8 | DELPHI CORPORATION | 01/19/05 | 05/02/05 | 26.49 | 63.84 | (37.35) | ST |
| 800 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 2,647.88 | 15,968.00 | (13,320.12) | LT |
| 10 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 33.09 | 199.60 | (166.51) | |
| 10 | DELPHI CORPORATION | 05/28/99 | 05/02/05 | 29.79 | 179.64 | (149.85) | |
| 3 | DELPHI CORPORATION | 10/19/99 | 05/02/05 | 9.92 | 47.25 | (37.33) | |
| | DIRECTV GROUP INC | 07/03/00 | 05/02/05 | 14.90 | 46.92 | (32.02) | |
| 1 | DIRECTV GROUP INC | N/A | 05/02/05 | N/A | N/A | N/A | |
| 375 | DIRECTV GROUP INC | 09/01/94 | 05/02/05 | 5,587.26 | 4,692.56 | 894.70 | LT |
| 407 | DIRECTV GROUP INC | 09/01/94 | 05/02/05 | 6,064.04 | 5,086.34 | 977.70 | LT |
| 3 | DIRECTV GROUP INC | 06/11/97 | 05/02/05 | 44.69 | 46.10 | (1.41) | LT |
| 2 | DIRECTV GROUP INC | 09/11/97 | 05/02/05 | 29.79 | 53.71 | (23.92) | LT |
| 237 | DIRECTV GROUP INC | 12/18/97 | 05/02/05 | 3,531.15 | 4,721.96 | (1,190.81) | LT |
| 801 | DIRECTV GROUP INC | 12/18/97 | 05/02/05 | 11,994.43 | 15,996.63 | (4,002.20) | LT |
| 408 | DIRECTV GROUP INC | 12/24/03 | 05/02/05 | 6,246.61 | 5,897.60 | 371.01 | LT |

NEWS CORP    CL A

N/A - Results which cannot be calculated because of insufficient data are reflected by an N/A entry in the capital
gain or (loss) column and are not included in the realized capital gain and loss summary.
The Cost Basis for eligible Tax Lots purchased in the current year has not been adjusted by a portion of the current year Unlimited Advantage fee.
If the account is enrolled in the Cost Basis Allocation Service, adjustments to Tax Lots will systematically occur at year-end.

## Current Portfolio

| Quantity | Security Description | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|
| | **Cash and Money Accounts** | | | | | | | | |
| | CASH | | | | | | | | |
| 43,664 | ML Bank Deposit Program | | 1.00 | 43,664 | 1.00 | 43,664 | | 921 | 2.11 |

MARY J JORGENSEN TTEE

Statement Period
04/30/05 TO 05/31/05

Account No.
689-30X60

005015 9985

95

**TOTAL MERRILL**

## YOUR RETIREMENT ACCOUNT ASSETS

July 30, 2005 - August 31, 2005

(Exhibit D)

2,059 Shares

| EQUITIES (continued) Description | Initial Purchase | Quantity | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain/(Loss) | Estimated Annual Income | Current Yield% |
|---|---|---|---|---|---|---|---|---|
| ** CHEVRON CORP SYMBOL: CVX | 06/02/03 | 240 | 10,205 | 61.4000 | 14,736.00 | 4,531 | 432 | 2.93 |
| ** CISCO SYSTEMS INC   COM SYMBOL: CSCO | 06/02/03 | 300 | 5,108 | 17.6200 | 5,286.00 | 177 | | |
| ** COACH INC SYMBOL: COH | 11/13/03 | 300 | 5,691 | 33.1900 | 9,957.00 | 4,266 | | |
| ** DELPHI CORPORATION (2,395 FRAC SHR) SYMBOL: DPH | 05/03/05 | 2,054 | 11,876 | 5.5500 | 11,399.70 | (477) | 123 | 1.08 |
| | N/A | | N/A | 5.5500 | 4.10 | N/A | 123 | 1.06 |
| Subtotal | | 2,054 | 11,876 | | 11,403.80 | (477) | 245 | 3.3% |
| ↓ FIFTH THIRD BANCORP SYMBOL: FITB | 06/02/03 | 175 | 9,978 | 41.4100 | 7,246.75 | (2,731) | | |
| ** GENERAL ELECTRIC SYMBOL: GE | 05/02/05 | 300 | 10,860 | 33.6100 | 10,083.00 | (777) | 264 | 2.66 |
| ** HERSHEY COMPANY SYMBOL: HSY | 05/02/05 | 100 | 6,354 | 59.0900 | 5,909.00 | (445) | 98 | 1.65 |
| ISHARES S&P GLB TELECOM- MUNICATIONS SECTOR INDEX SYMBOL: IXP | 11/11/04 | 200 | 10,048 | 51.9000 | 10,380.00 | 332 | 133 | 1.28 |
| ISHARES TRUST DOW JONES US UTILS SECTOR INDEX FD SYMBOL: IDU | 11/11/04 | 250 | 16,725 | 79.6500 | 19,912.50 | 3,187 | 541 | 2.71 |
| ** JOHNSON CONTROLS INC SYMBOL: JCI | 01/06/04 | 200 | 11,790 | 59.9800 | 11,996.00 | 206 | 200 | 1.66 |
| ** NEWFIELD EXPL CO   COM SYMBOL: NFX | 05/02/05 | 250 | 8,793 | 47.2200 | 11,805.00 | 3,011 | | |
| ** PROCTER GAMBLE SYMBOL: PG | 06/02/03 | 300 | 14,582 | 55.4800 | 16,644.00 | 2,062 | 335 | 2.01 |
| ** RF MICRO DEVICES INC SYMBOL: RFMD | 11/13/03 | 500 | 5,829 | 6.5500 | 3,275.00 | (2,554) | | |
| STARBUCKS CORP SYMBOL: SBUX | 01/19/05 | 200 | 11,640 | 49.0300 | 9,806.00 | (1,834) | | |

01

(EXHIBIT D)

TOTAL MERRILL

# YOUR RETIREMENT ACCOUNT TRANSACTIONS

October 01, 2005 - October 31, 2005

## REALIZED GAINS/(LOSSES)

|  |  |  |  |  |  | Gains/(Losses) * |  |
|---|---|---|---|---|---|---|---|
| Description |  | Quantity | Acquired Date | Liquidation Date | Sales Price | Cost Basis | This Statement | Year to Date |
| Subtotal (Long-Term) |  |  |  |  |  |  |  | (36,596.38) |
| DELPHI CORPORATION |  | 54 | 05/03/05 | 10/06/05 | 125.27 | 177.66 | (52.39) |  |
|  |  | 1900 | 08/18/05 | 10/06/05 | 4,407.81 | 11,115.00 | (6,707.19) |  |
|  |  | 100 | 08/18/05 | 10/06/05 | 232.00 | 584.00 | (352.00) |  |
| Subtotal (Short-Term) |  | 2054 |  |  |  |  | (7,111.58) | (8,880.27) |
| **TOTAL** |  |  |  |  |  |  | **(7,111.58)** | **(45,476.65)** |

Prior to 10/8, 2005

* - Excludes transactions for which we have insufficient data
The Cost Basis for eligible Tax Lots purchased in the current year has not been adjusted by a portion of the current year Unlimited Advantage fee if the accounts enrolled in the Cost Basis Allocation Service, adjustments to Tax Lots will systematically occur at year-end.

## DIVIDENDS/INTEREST INCOME TRANSACTIONS

| Date | Transaction Type | Quantity | Description | Debit | Credit | Year To Date |
|---|---|---|---|---|---|---|
| 10/18 | *Dividend |  | FIFTH THIRD BANCORP |  | 66.50 |  |
|  |  |  | HOLDING 175.0000 |  |  |  |
|  |  |  | QUAL DIV $66.50 |  |  |  |
|  |  |  | PAY DATE 10/18/2005 |  |  |  |
| 10/25 | *Dividend |  | GENERAL ELECTRIC |  | 66.00 |  |
|  |  |  | HOLDING 300.0000 |  |  |  |
|  |  |  | QUAL DIV $66.00 |  |  |  |
|  |  |  | PAY DATE 10/25/2005 |  |  |  |
| 10/31 | *Dividend |  | CORPORATE HI YIELD FD V |  | 245.66 |  |
|  |  |  | HOLDING 2047.1694 |  |  |  |
|  |  |  | PAY DATE 10/31/2005 |  |  |  |
|  |  |  | ML BANK USA RASP |  | 69.33 |  |
|  |  |  | ML B&T RASP |  | .88 |  |
| Income Total |  |  |  |  | 448.37 | 6,038.28 |
| Income Total |  |  |  |  |  |  |
| Subtotal (Non-Reportable Dividends) |  |  |  |  | 448.37 |  |
| **NET TOTAL** |  |  |  |  | **448.37** | **6,038.28** |

9385   0018529 000318

33 of 69

005

PART II → SEND 11-8-06

United States Bankruptcy Court
Southern District of New York

Pursuant to correspondence received
"Notice of objection to claim", I am Submitting
The following information as called for in the
mailing. The mailing indicated That The
response must include at a minimum The
following:

(i) <u>Name of Bankruptcy Court</u>
    United States Bankruptcy Court
    Southern District of New York

    <u>Name of Debtor</u>
    Delphi Corporation, <u>et al.</u>,

    <u>Case Number</u>
    05-44481 (RDD)

    <u>Title of The Third ominibus Objection</u>
    unsubstantiated Claim (Claim # 11892)

(ii) <u>Name of Claimant and Description of basis
    for amount of Claim</u>

RONALD E. JORGENSEN and basis for claim
is "other" (Delphi stock Losses). Complete
documentation Was submitted with
original mailing filed with the
court on 7-28-06. Original mailing
claim amount Was $82,299.00

(iii) Reasons Why claim should not be
disallowed or modified

I feel That The financial loss from
investment in Delphi stock has been clearly
substantiated in Thes Merrill Lynch
statements provided in The original
claims mailing filed with The court
on 7-28-06. In addition, and more
importantly, The former CEO, J.T.
Battenberg III; former CFO, Alan Dawes;
former chief Accounting Officer, Paul
Free and about 10 Others have been
charged by Tho SEC in civil suits
for Their actions in manipulating
financial data and reports so as to
put a positive light on Delphis
financial situation When, in fact,
The financial position of the

Company was deteriorating badly. This information totally misled investors. The inaccurate positive information provided by these executives was primarily why I and others had confidence in the company to invest substantial amounts of money in Delphi stock. Also, it is possible that some or all of these executives may be charged criminally.

(iv) I have no further documentation or evidence to submit at this time. All applicable information was filed in claims information received by the court on 7-26-06.

(v) I feel that the entire claim ($62,299.00) should be granted. I believe that complete and proper documentation has been provided. In addition, the civil charges that have been filed by the SEC is further evidence that there was manipulation of financial information for a significant period of time misleading investors. This

inaccurate financial information was
reflected in Delphi's quarterly earnings
statements and in its annual Reports.
It should also be noted That CFO,
Alan Dawes, presented This information
at employee quarterly meetings held
at The Company's Headquarters in Troy,
Michigan. He would report That
Delphi either met or exceeded
The expectations of Wall street at
These regularly scheduled employee
meetings.

(vi)  There is no change in address
      to which The Debtor must deliver
      any reply.

(viii) Ultimate authority to reconcile,
       Settle, or Otherwise resolve This
       Claim is  myself

            Ronald E. Jorgensen
            1130 Deer Path Trail
            Oxford, Michigan  48371-6604
            telephone 248-814-8106

NOTE:

As a point of reference, I am enclosing Exhibit I which is The original Notice of Objection to Claim. Please note The claim Number is 15027 as opposed to The current claim Number 11892. Also, note The basis for objection was noted "Equity" in The original Notice of objection to Claim as opposed to "Unsubstantiated Claim" in The current mailing.

Thank you

Ronald E. Jorgensen

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
   In re                                  :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
              Debtors.               :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF OBJECTION TO CLAIM

Jorgensen Ronald E:

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of your claims identified in the table below should be disallowed and expunged or modified as summarized in that table and described in more detail in the Debtors' Third Omnibus Objection to Certain Claims (the "Third Omnibus Objection"), a copy of which is enclosed (without exhibits). The Debtors' Third Omnibus Objection is set for hearing on November 30, 2006 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS FURTHER DESCRIBED IN THE ENCLOSED THIRD OMNIBUS OBJECTION AND BELOW, THE DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 24, 2006. IF YOU DO NOT RESPOND TIMELY IN THE MANNER DESCRIBED BELOW, THE ORDER GRANTING THE RELIEF REQUESTED MAY BE ENTERED WITHOUT ANY FURTHER NOTICE TO YOU.

The enclosed Third Omnibus Objection identifies several different categories of objections. The category of claim objection applicable to you is identified in the table below in the column entitled "Basis For Objection":

Claims identified as having a Basis For Objection of "Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted, making it impossible for the Debtors to meaningfully review the asserted Claim.

Claims identified as having a Basis For Objection of "Untimely Insufficient Documentation" are those Claims that did not contain sufficient documentation in support of the Claim asserted making it impossible for the Debtors to meaningfully review the asserted Claim and also were not timely filed pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And

Manner Of Notice Thereof, dated April 12, 2006 (Docket No. 3206) (the "Bar Date Order").

 Claims identified as having a Basis For Objection of "Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records.

Claims identified as having a Basis For Objection of "Untimely Unsubstantiated Claim" are those Claims that assert liabilities or dollar amounts that the Debtors have determined are not owing pursuant to the Debtors' books and records and were also not timely filed pursuant to the Bar Date Order.

Claims identified as having a Basis For Objection of 'Claims Subject to Modification" are those Claims that were overstated or were denominated in foreign currencies and which the Debtors seek to modify to a fully liquidated, U.S.-denominated amount in line with the Debtors' books and records and/or the liquidated amounts requested by the Claimants, as appropriate, and to appropriately classify the total amount of such remaining Claims as general unsecured claims.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim |
|---|---|---|---|---|
| 7/28/2006 | 11892 | $82,299.00 | Unsubstantiated Claim | Disallow and Expunge |

If you wish to view the complete exhibits to the Third Omnibus Objection, you can do so on www.delphidocket.com. If you have any questions about this notice or the Third Omnibus Objection to your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese). Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at 1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this Third Omnibus Objection, you must file a response and serve it so that it is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on November 24, 2006. Your response, if any, to the Third Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered by this Court on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated or is denominated in a foreign currency.



(preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number, and the title of the Third Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed or modified for the reasons set forth in the Third Omnibus Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Third Omnibus Objection; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Third Omnibus Objection to the extent not included with the proof of claim previously filed with the Bankruptcy Court; (v) to the extent that the Claim is fully or partially unliquidated, the amount that you believe would be the allowable amount of such Claim upon liquidation of the Claim or occurrence of the contingency, as appropriate; (vi) the address(es) to which the Debtors must deliver any reply to your response, if different from that presented in the proof of claim; and (vii) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

If you properly and timely file and serve a Response in accordance with the above procedures, and the Debtors are unable to reach a consensual resolution with you, the Debtors have requested that the Court conduct a status hearing on November 30, 2006 at 10:00 a.m. regarding the Third Omnibus Claims Objection and any Response and set further hearings pursuant to the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims (the "Claims Objection and Estimation Procedures Motion") being filed contemporaneously with the Third Omnibus Objection. With respect to all uncontested objections, the Debtors have requested that this Court conduct a final hearing on November 30, 2006 at 10:00 a.m. or as soon thereafter as counsel may be heard. The procedures set forth in the Claims Objection and Estimation Procedures Motion will apply to all Responses and hearings arising from this Third Omnibus Claims Objection.

TO THE EXTENT ANY PROOF OF CLAIM LISTED ABOVE ASSERTS CONTINGENT OR UNLIQUIDATED CLAIMS, IF YOU FILE A RESPONSE IN ACCORDANCE WITH THE ABOVE

PROCEDURES, PURSUANT TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES
MOTION THE DEBTORS HAVE REQUESTED THE AUTHORITY TO ELECT, IN THEIR SOLE
DISCRETION, TO PROVISIONALLY ACCEPT THE AMOUNT THAT YOU HAVE ASSERTED
WOULD BE THE ALLOWABLE AMOUNT OF SUCH PROOF OF CLAIM UPON LIQUIDATION
OF THE CLAIM OR OCCURRENCE OF THE CONTINGENCY, AS APPROPRIATE, AS THE
ESTIMATED AMOUNT OF SUCH CLAIM PURSUANT TO SECTION 502(c) OF THE
BANKRUPTCY CODE FOR ALL PURPOSES.  YOUR PROOF OF CLAIM WOULD REMAIN
SUBJECT TO FURTHER OBJECTION AND REDUCTION AS APPROPRIATE.  THE DEBTORS'
ELECTION WOULD BE MADE BY SERVING YOU WITH A NOTICE IN THE FORM ATTACHED
TO THE CLAIMS OBJECTION AND ESTIMATION PROCEDURES MOTION.

        The Bankruptcy Court will consider only those responses made as set forth herein and in
accordance with the Amended Eighth Supplemental Case Management Order.  If no responses to the
Third Omnibus Objection are timely filed and served in accordance with the procedures set forth herein
and in the Amended Eighth Supplemental Case Management Order, the Bankruptcy Court may enter an
order sustaining the Third Omnibus Objection without further notice.  Thus, your failure to respond may
forever bar you from sustaining a Claim against the Debtors.

JORGENSEN RONALD E
1130 DEER PATH TRAIL
OXFORD MI 48371-6604

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re                                               :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
                            Debtors.                :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF OBJECTION TO CLAIM

Jorgensen Ronald E:

        Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession
in the above-captioned cases (collectively, the "Debtors"), are sending you this notice. According to the
Debtors' records, you filed one or more proofs of claim in the Debtors' reorganization cases. Based upon
the Debtors' review of your proof or proofs of claim, the Debtors have determined that one or more of
your claims identified in the table below should be disallowed as indicated in the table and in the First
Omnibus Objection to Certain Claims (the "First Omnibus Objection"), a copy of which is enclosed
(without exhibits). The Debtors' First Omnibus Objection is set for hearing on October 19, 2006 at 10:00
a.m. (Prevailing Eastern Time) before the Honorable Robert D. Drain, United States Bankruptcy Court for
the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004. AS
FURTHER DESCRIBED IN THE ENCLOSED FIRST OMNIBUS OBJECTION AND BELOW, THE
DEADLINE FOR YOU TO RESPOND TO THE DEBTORS' OBJECTION TO YOUR CLAIM(S) IS
4:00 P.M. (PREVAILING EASTERN TIME) ON OCTOBER 12, 2006.

        The enclosed First Omnibus Objection identifies several different categories of objections. The
category of claim objection applicable to you is identified in the table below in the column entitled "Basis
For Objection." Objections identified as "Duplicate And Amended" claims are those that are either
duplicates of other claims or have been amended or superseded by other claims. Objections identified as
"Equity" claims are those that relate to the ownership of Delphi Corporation common stock rather than
liabilities of one of the Debtors.

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number |
|------------|--------------|--------------------------|---------------------|--------------------|-----------------------|
| 7/28/2006  | 15027        | $82,299.00               | Equity              | Disallow and Expunge | None                |

        If you wish to view the complete exhibits to the First Omnibus Objection, you can do so on
www.delphidocket.com. If you have any questions about this notice or the First Omnibus Objection to
your claim, please contact Debtors' counsel by e-mail at delphi@skadden.com, by telephone at 1-800-
718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese).
Questions regarding the amount of a Claim or the filing of a Claim should be directed to Claims Agent at
1-888-259-2691 or www.delphidocket.com. CLAIMANTS SHOULD NOT CONTACT THE CLERK
OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

If you disagree with this First Omnibus Objection, you must file a response and serve it so that it
is actually received by no later than 4:00 p.m. (Prevailing Eastern Time) on October 12, 2006. Your
response, if any, to the First Omnibus Claims Objection must (a) be in writing, (b) conform to the Federal
Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and
the Seventh Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),
9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And
Administrative Procedures, entered by this Court on May 19, 2006 (the "Seventh Supplemental Case
Management Order") (Docket No. 3824), (c) be filed with the Bankruptcy Court in accordance with
General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must
file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable
Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be
submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States
Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan
48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP,
333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.), (iii) counsel to
the agent under the Debtors' prepetition credit facility, Simpson Thacher & Bartlett LLP, 425 Lexington
Avenue, New York, New York 10017 (Att'n: Kenneth S. Ziman), (iv) counsel to the agent under the
postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017
(Att'n: Donald Bernstein and Brian Resnick), (v) counsel to the Official Committee of Unsecured
Creditors, Latham & Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J.
Rosenberg and Mark A. Broude), (vi) counsel to the Official Committee of Equity Security Holders,
Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n:
Bonnie Steingart), and (vii) the Office of the United States Trustee for the Southern District of New York,
33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Alicia M. Leonhard).

Your response, if any, must also contain at a minimum the following: (i) a caption setting forth the
name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the First
Omnibus Objection to which the response is directed; (ii) the name of the claimant and description of the
basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should
not be disallowed or modified for the reasons set forth in the First Omnibus Objection, including, but not
limited to, the specific factual and legal bases upon which you will rely in opposing the First Omnibus
Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof
of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the First
Omnibus Objection; (v) the address(es) to which the Debtors must return any reply to your response, if
different from that presented in the proof of claim; and (vi) the name, address, and telephone number of
the person (which may be you or your legal representative) possessing ultimate authority to reconcile,
settle, or otherwise resolve the claim on your behalf.

Only those responses made as set forth herein and in accordance with the Seventh Supplemental
Case Management Order will be considered by the Bankruptcy Court. If no responses to the First
Omnibus Objection are timely filed and served in accordance with the procedures set forth herein and in
the Seventh Supplemental Case Management Order, the Bankruptcy Court may enter an order sustaining
the First Omnibus Objection without further notice.

Jorgensen Ronald E
1130 Deer Path Trail
Oxford MI 48371-6604