SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp.  Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND TWIN CORPORATION COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 8523

(TWIN CORPORATION)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Twin Corporation ("Twin" or the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Twin Corporation Compromising And Allowing Proof Of Claim Number 8523 (Twin Corporation) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronics Systems, Inc. ("Mechatronics"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on June 26, 2006, the Claimant filed proof of claim number 8523 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $56,537.23 for the sale of goods (the "Claim").

WHEREAS, on July 13, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617).

WHEREAS, on September 4, 2007, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A)

2

Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims Identified In Nineteenth Omnibus Claims Objection (Docket No. 9225) (the "Nineteenth Omnibus Claims Objection Order"), which, among other things, modified the Claim to an unsecured non-priority claim in the amount of $26,092.08 against DAS LLC and to an unsecured non-priority claim against Mechatronics in the amount of $462.59.

WHEREAS, On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi, DAS LLC, and Mechatronics emerged from chapter 11 as DPH Holdings Corp., DPH-DAS LLC, and DPH Mechatronics Systems, LLC ("DPH-Mechatronics"), respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on December 21, 2009, the Reorganized Debtors objected to the Proof of Claim pursuant to Reorganized Debtors' Fortieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Books And Records Claims, (B) Fully Satisfied Claims, And (C) Objected-To Claims To Be Disallowed, (II) Modify

And Allow Certain (A) Partially Satisfied Claims, (B) Claims To Be Further Modified, (C) Objected-To Claims To Be Modified And Allowed, And (III) Allow Certain Claims (Docket No. 19222) (the "Fortieth Omnibus Claims Objection").

WHEREAS, on January 14, 2010, the Claimant filed Creditor Twin Corporation's Response To Debtors' Notice Of Objection To Claim (Docket No. 19318) ("the Response").

WHEREAS, on February 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 8523 (Twin Corporation) (Docket No. 19437), scheduling an evidentiary hearing on the merits of the Proof of Claim for April 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

WHEREAS, to resolve the Fortieth Omnibus Claims Objection, the Reorganized Debtors and Twin have entered into this Stipulation, pursuant to which the Reorganized Debtors and Twin agree that the Claim should be reduced to and allowed as (a) a general unsecured non-priority claim against DPH-DAS LLC in the amount of $25,186.67 and (b) a general unsecured non-priority claim against DPH-Mechatronics in the amount of $462.59.

NOW, THEREFORE, the Reorganized Debtors and Twin stipulate and agree as follows:

1.      The Claim shall be reduced to and allowed as (a) a general unsecured non-priority claim against DPH-DAS LLC in the amount of $25,186.67 and (b) a general unsecured non-priority claim against DPH-Mechatronics in the amount of $462.59.

2.      The Response is hereby deemed withdrawn with prejudice.

3.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in New York, New York, this 22nd day of April, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John Wm. Butler, Jr. | /s/ Maynard F. Newman |
|---|---|
| John Wm. Butler, Jr. | Dennis M. Haley |
| John K. Lyons | Maynard F. Newman |
| Ron E. Meisler | WINEGARDEN, HALEY, LINDHOLM & |
| SKADDEN, ARPS, SLATE, MEAGHER |   ROBERTSON, P.L.C. |
|   & FLOM LLP | G-9460 S. Saginaw St, Suite A |
| 155 North Wacker Drive | Grand Blanc, Michigan 48439 |
| Chicago, Illinois 60606 | (810) 579-3600 |

Attorneys for Twin Corporation

      - and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors