UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
    In re                             :    Chapter 11
                                                  :
DPH HOLDINGS CORP., et al.,      :    Case No. 05-44481 (RDD)
                                                  :
        Reorganized Debtors.     :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 (I)
DISALLOWING AND EXPUNGING CERTAIN ADMINISTRATIVE EXPENSE (A)
BOOKS AND RECORDS CLAIMS, (B) STATE WORKERS' COMPENSATION CLAIMS,
(C) DUPLICATE STATE WORKERS' COMPENSATION CLAIMS, (D) WORKERS'
COMPENSATION CLAIMS, (E) TRANSFERRED WORKERS' COMPENSATION
CLAIMS, (F) TAX CLAIMS, (G) DUPLICATE INSURANCE CLAIMS, AND (H)
SEVERANCE CLAIMS, (II) DISALLOWING AND EXPUNGING (A) A CERTAIN
DUPLICATE WORKERS' COMPENSATION CLAIM, (B) A CERTAIN DUPLICATE
TAX CLAIM, AND (C) A CERTAIN DUPLICATE SEVERANCE CLAIM,
(III) MODIFYING AND ALLOWING CERTAIN ADMINISTRATIVE EXPENSE
WORKERS' COMPENSATION CLAIMS, AND (IV) ALLOWING
<u>CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS</u>

("FORTY-SIXTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books

And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims,

(D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F)

Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims,

And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers'

Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate

Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers'

Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (the "Forty-Sixth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"); and upon the record of the hearing held on the Forty-Sixth Omnibus Claims Objection; and there being no opposition to the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.  Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N-1, N-2, N-3, N-4, N-5, and N-6 hereto was properly and timely served with a copy of the Forty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Forty-Sixth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Sixth Omnibus Claims Objection. No other or further notice of the Forty-Sixth Omnibus Claims Objection is necessary.

B.  This Court has jurisdiction over the Forty-Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Forty-Sixth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Forty-Sixth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Sixth Omnibus Claims Objection.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

    C.  The Administrative Claims listed on <u>Exhibit A</u> assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").

    D.  The Administrative Claims listed on <u>Exhibit B</u> were filed by certain states for workers' compensation program-related payouts and assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "State Workers' Compensation Claims").

    E.  The Administrative Claims listed on <u>Exhibit C</u> were filed by certain states for workers' compensation program-related payouts and are duplicative of other Administrative Claims (the "Duplicate State Workers' Compensation Claims").

    F.  The Administrative Claims listed on <u>Exhibit D</u> were filed by individual employees of the Debtors for workers' compensation benefits and assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Workers' Compensation Claims").

    G.  The Administrative Claim listed on <u>Exhibit E</u> was filed by a claimant for workers' compensation benefits and is duplicative of another Administrative Claim (the "Duplicate Workers' Compensation Claim").

    H.  The Administrative Claims listed on <u>Exhibit F</u> were filed by individual current or former employees of the Debtors for workers' compensation claims that were transferred to the GM Buyers (as defined in the Master Disposition Agreement) pursuant to the Master Disposition Agreement (the "Transferred Workers' Compensation Claims").

I. The Administrative Claims listed on <u>Exhibit G</u> were filed by certain taxing authorities for tax liabilities and assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Tax Claims").

J. The Administrative Claim listed on <u>Exhibit H</u> was filed by an individual former employee of the Debtors for income tax reimbursements and is duplicative of other Administrative Claims (the "Duplicate Tax Claim").

K. The Administrative Claims listed on <u>Exhibit I</u> were filed by certain insurance companies and are duplicative of other Administrative Claims (the "Duplicate Insurance Claims").

L. The Administrative Claims listed on <u>Exhibit J</u> were filed by claimants asserting liabilities for severance benefits arising from agreements with the Debtors for which the Reorganized Debtors are not liable because those severance benefits have been paid (the "Severance Claims").

M. The Administrative Claim listed on <u>Exhibit K</u> was filed by a claimant asserting liabilities for severance benefits and is duplicative of another Administrative Claim (the "Duplicate Severance Claim").

N. The Administrative Claims listed on <u>Exhibit L</u> were filed by individual employees of the Debtors for workers' compensation benefits and the amounts asserted in such Administrative Claims are overstated (the "Modified Workers' Compensation Claims").

O. The Administrative Claims listed on <u>Exhibit M</u> were filed by former employees of the Debtors asserting liabilities for severance benefits arising from agreements with the Debtors that assert liabilities or dollar amounts that match the Reorganized Debtors' books and records (the "Allowed Severance Claims").

P.  Exhibit O hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on Exhibits L and M hereto.  Exhibit P hereto sets forth each of the Administrative Claims referenced on Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N-1, N-2, N-3, N-4, N-5, and N-6 in alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of administrative expense number and (ii) basis of objection.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Each Books And Records Claim listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

2. Each State Workers' Compensation Claim listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

3. Each Duplicate State Workers' Compensation Claim listed on Exhibit C hereto is hereby disallowed and expunged in its entirety.

4. Each Workers' Compensation Claim listed on Exhibit D hereto is hereby disallowed and expunged in its entirety.

5. The Duplicate Workers' Compensation Claim listed on Exhibit E hereto is hereby disallowed and expunged in its entirety.

6. Each Transferred Workers' Compensation Claim listed on Exhibit F hereto is hereby disallowed and expunged in its entirety.

7. Each Tax Claim listed on Exhibit G hereto is hereby disallowed and expunged in its entirety.

8. The Duplicate Tax Claim listed on <u>Exhibit H</u> hereto is hereby disallowed and expunged in its entirety.

9. Each Duplicate Insurance Claim listed on <u>Exhibit I</u> hereto is hereby disallowed and expunged in its entirety.

10. Each Severance Claim listed on <u>Exhibit J</u> hereto is hereby disallowed and expunged in its entirety.

11. The Duplicate Severance Claim listed on <u>Exhibit K</u> hereto is hereby disallowed and expunged in its entirety.

12. Each Modified Workers' Compensation Claim listed on <u>Exhibit L</u> hereto is hereby modified and allowed to reflect the amount, classification, and Debtor listed in the "Claim As Modified" column of <u>Exhibit L</u>.  The allowed amounts of each such Modified Workers' Compensation Claim shall be distributed in the ordinary course pursuant to the terms of the workers' compensation statute and regulations in the state in which such Administrative Claims arise and all applicable agreements, including without limitation the Master Disposition Agreement.

13. Each Allowed Severance Claim listed on <u>Exhibit M</u> hereto is hereby allowed to reflect the amount, classification, and Debtor listed in the "Claim As Allowed" column on <u>Exhibit M</u>.  The allowed amount of each such Allowed Severance Claim shall be distributed pursuant to (a) the terms of the agreement giving rise to such Allowed Severance Claim and (b) the provisions of the Master Disposition Agreement that provide that such Allowed Severance Claim is to be paid by and/or is the responsibility of a Company Buyer (as defined in the Master Disposition Agreement).

14. With respect to each Administrative Claim for which a Response to the Forty-Sixth Claims Objection has been filed and served listed on Exhibits N-1, N-2, N-3, N-4, N-5, and N-6 and which Response has not been resolved by the parties, the hearing regarding the objection to such Administrative Claim shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedure Order and the Administrative Claims Objection Procedures Order. Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other administrative expense claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-Sixth Omnibus Claims Objection, except as such claims may have been settled and allowed. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Sixth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

15. Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Sixth Omnibus Claims Objection and identified in Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N-1, N-2, N-3, N-4, N-5, and N-6 attached hereto constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Sixth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

7

16. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
April 27, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE