SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|     Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, HYUNDAI MOTOR COMPANY, AND HYUNDAI MOTOR AMERICA
DISALLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS 15584,
15585, 15586, 15587, 15588, 15589, 15590, 15591, 15592, 15593, 15594, AND 15595

(HYUNDAI MOTOR COMPANY AND HYUNDAI MOTOR AMERICA)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Hyundai Motor Company ("HMC"), and Hyundai Motor America ("HMA" together with HMC, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Hyundai Motor Company, And Hyundai Motor America Disallowing And Expunging Proofs Of Claim Numbers 15584, 15585, 15586, 15587, 15588, 15589, 15590, 15591, 15592, 15593, 15594, and 15595 (Hyundai Motor Company and Hyundai Motor America) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems ("DAS LLC"), Delphi Electronics (Holding) LLC ("Delphi Electronics"), Delco Electronics Overseas Corporation ("DEOC"), Delphi Diesel Systems Corp. ("Delphi Diesel"), and Delphi Automotive Systems Korea, Inc. ("DAS Korea"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, HMC filed proof of claim number 15584 against DAS Korea, in an unliquidated amount ("Claim 15584") based on (a) an existing or future breach of an agreement between HMC and DAS Korea (the document is written in Korean and is attached to proof of claim) and (b) certain indemnity, contribution, common law, commercial, or other rights as related to (i) that action in the United States District Court, Eastern District of Michigan, Southern Division titled <u>Automotive Technologies International, Plaintiff, V. BMW Of North America, Inc. et. al, Defendants</u>, Case No. 01-CV-71700-DT (the "Michigan Action"),

2

and the appeals arising from such action, and/or (ii) that action in the United States District Court, District of Delaware, titled <u>Automotive Technologies International, Plaintiff, V. Hyundai Motor America, et. al, Defendants</u>, Case No. 06-391 (the "Delaware Action," and together with the Michigan Action, the "Actions").

WHEREAS, on July 31, 2006, HMC filed proof of claim number 15585 against Delphi, in an unliquidated amount ("Claim 15585") based on existing or future breach of certain agreements and asserted that the contractual relationship may give rise to certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMC filed proof of claim number 15586 against Delphi Electronics, in an unliquidated amount ("Claim 15586") based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMC filed proof of claim number 15587 against DAS LLC, in an unliquidated amount ("Claim 15587") based on (a) existing or future breach of that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMC filed proof of claim number 15588 against DEOC, in an unliquidated amount ("Claim 15588") based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions Between Hyundai Motor Company and Delco Electronics LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and

3

(b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMC filed proof of claim number 15595 against Delphi Diesel in an unliquidated amount ("Claim 15595") based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMA filed proof of claim number 15589 against Delphi in an unliquidated amount ("Claim 15589") based on existing or future breach of the Agreements and asserted that the contractual relationship may give rise to certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMA filed proof of claim number 15590 against DAS Korea an unliquidated amount ("Claim 15590") based on (a) an existing or future breach of an agreement between Hyundai and DAS Korea (the document is written in Korean and is attached to proof of claim) and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMA filed proof of claim number 15591 against Delphi Electronics in an unliquidated amount ("Claim 15591") based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMA filed proof of claim number 15592 against DAS LLC in an unliquidated amount ("Claim 15592") based on (a) existing or future breach of that certain Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delphi Automotive Systems, LLC, dated as of December 7, 2004 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMA filed proof of claim number 15593 against DEOC in an unliquidated amount ("Claim 15593") based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company and Delco Electronics, LLC, formerly Delco Electronics Corporation, dated as of June 29, 1993 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on July 31, 2006, HMA filed proof of claim number 15594 against Delphi Diesel in an unliquidated amount ("Claim 15594" together with Claim 15584, Claim 15585, Claim 15586, Claim 15587, Claim 15588, Claim 15589, Claim 15590, Claim 15591, Claim 15592, Claim 15593, and Claim 15595, the "Claims") based on (a) existing or future breach of a Basic Agreement Regarding Business Transactions between Hyundai Motor Company, Kia Motor Company and Delphi Diesel Systems France SAS, dated as of October 20, 2003 and (b) certain indemnity, contribution, common law, commercial, or other rights as related to the Actions.

WHEREAS, on February 15, 2007, the Debtors filed the Debtors' Eighth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Claims Duplicative Of Consolidated Trustee Claim, (C) Equity Claims, And (D) Protective Claims  (Docket No. 6962) (the "Eighth Omnibus

Claims Objection"), by which the Debtors objected to proofs of claim numbers 15584, 15586, 15588, 15590, 15591, 15593, 15594, and 15595 on the grounds that those proofs of claim were duplicative of proofs of claim numbers 15585 and 15589 and sought an order disallowing and expunging the duplicative proofs of claim.

      WHEREAS, on March 14, 2007, HMC filed Hyundai Motor Company's Response To The Ninth Omnibus Claims Objection (Docket No. 7217), in which it asserts that the proofs of claim numbers 15584, 15586, 15588, and 15595 assert different obligations against different Debtors than proof of claim number 15585 and should not be expunged (the "First Response").

      WHEREAS, on March 14, 2007, HMA filed Hyundai Motor America's Response To The Ninth Omnibus Claims Objection (Docket No. 7214), in which it asserts that the proofs of claim numbers 15590, 15591, 15593, and 15594 assert different obligations against different Debtors than proof of claim number 15589 and should not be expunged (the "Second Response").

      WHEREAS, on March 16, 2007, the Debtors filed the Debtors' Tenth Omnibus Objection (Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims And (B) Equity Claims  (Docket No. 7300) (the "Tenth Omnibus Claims Objection"), by which the Debtors objected to proofs of claim numbers 15587 and 15592 on the grounds that those proofs of claim were duplicative of proofs of claim numbers 15585 and 15589 and sought an order disallowing and expunging the duplicative proofs of claim.

      WHEREAS, on April 12, 2007, HMC filed Hyundai Motor Company's Response To Tenth Omnibus Claims Objection (Docket No. 7651), in which it asserts that the proof of

6

claim number 15587 asserts different obligations against different Debtors than proof of claim number 15585 and should not be expunged (the "Third Response").

WHEREAS, on April 12, 2007, HMA filed Hyundai Motor America's Response To Tenth Omnibus Claims Objection (Docket No. 7652), in which it asserts that the proof of claim number 15592 asserts different obligations against different Debtors than proof of claim number 15589 and should not be expunged (the "Fourth Response").

WHEREAS, on November 6, 2009, the Reorganized Debtors filed the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (Docket No. 19044) (the "Thirty-Eighth Omnibus Claims Objection"), by which the Reorganized Debtors objected to proofs of claim numbers 15585 and 15589 on the grounds that those proofs of claim were not reflected on the Reorganized Debtors' books and records and sought an order disallowing and expunging those proofs of claim.

WHEREAS, on December 7, 2009, the Claimants filed the Response Of Hyundai Motor Company and Hyundai Motor America To The Thirty-Eighth Omnibus Claims Objection (Docket No. 19151), in which they assert that Hyundai may have contingent, unknown claims against Delphi and proofs of claim numbers 15585 and 15589 should not be expunged (the "Fifth Response" together with the First Response, Second Response, Third Response and Fourth Response, the "Responses").

WHEREAS, On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates,

7

Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi, DAS LLC, Delphi Electronics, DEOC, Delphi Diesel, and DAS Korea emerged from chapter 11 as DPH Holdings Corp., DPH-DAS LLC, DPH Electronics (Holding) LLC, Delco Electronics Overseas LLC, DPH Diesel Systems LLC, and DPH-DAS Korea, LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 15584, 15586, 15587, 15588, 15590, 15591, 15592, 15593, 15594, And 15595 (Docket No. 19726) and the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) scheduling a sufficiency hearing on the Claims.

WHEREAS, on April 13, 2010, the Reorganized Debtors filed the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To (A) Proofs Of Claim Numbers 15584, 15585, 15586, 15587, 15588, And 15595 Filed By Hyundai Motor Company And (B) Proofs Of Claim Numbers 15589, 15590, 15591, 15592, 15593, And 15594 Filed By Hyundai Motor America (Docket No. 19810) (the "Supplemental Reply")

8

asserting that the Claims were contingent and should be disallowed because, among other things, (i) the Claimants have not proved any set of facts that support a right to payment by the Reorganized Debtors and (ii) the contingent indemnification claims should be disallowed under 11 U.S.C. § 502(e)(1)(B).

WHEREAS, in light of the contingent nature of the Claims and other arguments asserted in the Supplemental Reply and to resolve the Eighth Omnibus Claims Objection, Tenth Omnibus Claims Objection, and Thirty-Eighth Omnibus Claims Objection with respect to the proofs of claim 15584, 15585, 15586, 15587, 15588, 15589, 15590, 15591, 15592, 15593, 15594, and 15595 (the "Proofs of Claim"), the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimants agreed that the Proofs of Claim should be disallowed and expunged in their entirety, with the Claimants reserving all of their rights to seek reconsideration of the Claims under 11 U.S.C. § 502(j) of the Bankruptcy Code and the Reorganized Debtors reserving all of their rights to contest any such request for reconsideration.

NOW, THEREFORE, the Reorganized Debtors and the Claimants stipulate and agree as follows:

1. Each of the Claims shall be disallowed and expunged in its entirety.

2. The Responses are hereby deemed withdrawn.

3. Nothing herein shall affect the rights of the Claimants to seek reconsideration of any of the Proofs of Claim under 11 U.S.C. § 502(j), and the Reorganized Debtors reserve any and all of their rights to challenge any such request for reconsideration on any basis whatsoever.

4.  This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 27th day of April, 2010

     /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Mark D. Houle |
| John Wm. Butler, Jr. | Mark D. Houle |
| John K. Lyons | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| Ron E. Meisler | |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 650 Town Center Drive, 7th Floor |
| 155 North Wacker Drive | Costa Mesa, CA 92626 |
| Chicago, Illinois 60606 | Attorneys for Hyundai Motor Company and Hyundai Motor America |

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

10