SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DPH HOLDINGS CORP., et al., : Case No. 05-44481 (RDD)
:
        Reorganized Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS, CONTRARIAN FUNDS, LLC,
AND OMRON DUALTEC AUTOMOTIVE ELECTRONICS, INC.
COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 12669

(CONTRARIAN FUNDS, LLC AS ASSIGNEE OF OMRON DUALTEC
ELECTRONICS, INC.)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Contrarian Funds, LLC ("Contrarian"), and Omron Dualtec Automotive Electronics, Inc. ("Omron") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Contrarian Funds, LLC, And Omron Dualtec Automotive Electronics, Inc. Compromising And Allowing Proof Of Claim Number 12669 (Contrarian Funds, LLC as Assignee for Omron Dualtec Automotive Electronics, Inc.) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 28, 2006, Contrarian filed proof of claim number 12669 (the "Proofs of Claim") against DAS LLC, which asserts an unsecured non-priority claim in the amount of $1,001,772.49 and a priority reclamation claim in the amount of $85,411.74 (together, the "Claim") stemming from goods sold to DAS LLC.

WHEREAS, on April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims

Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May, 23, 2007, Contrarian filed the Omnibus Response Of Contrarian Funds, LLC To Debtors' Twelfth And Thirteenth Omnibus Claims Objections (Docket No. 8001) (the "First Response").

WHEREAS, on June 22, 2009, the Debtors objected to the Claim pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection").

WHEREAS, on July 16, 2009, Omron filed the Response Of Omron Dualtec Automotive Electronics Inc. To Debtors' Thirty-Fourth Omnibus Claims Objection (Docket No. 18336) (together with the First Response, the "Responses").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified

Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, to resolve the Thirteenth Omnibus Claims Objection and the Thirty-Fourth Omnibus Claims Objections with respect to the Proof of Claim, the Reorganized Debtors Contrarian, and Omron entered into this Stipulation, pursuant to which the Debtors Contrarian and Omron agreed that the Proof of Claim should be allowed as a general unsecured non-priority claim in the amount of $919,526.70 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors, Contrarian, and Omron stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $919,526.70 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2. The Responses are hereby deemed withdrawn with prejudice.

3. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 27th day of April, 2010

        /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Janice M. Stanton |
| John Wm. Butler, Jr. | CONTRARIAN FUNDS, LLC |
| John K. Lyons | Contrarian Capital Management, L.L.C., |
| Ron E. Meisler |   as manager |
| SKADDEN, ARPS, SLATE, MEAGHER | By: |
|   & FLOM LLP | Name: Janice M. Stanton |
| 155 North Wacker Drive | Title: Member |
| Chicago, Illinois 60606 | 411 West Putnam Avenue, Suite 425 |
| | Greenwich, CT 06830 |
| - and – | |
| | /s/ Danielle Wildern Juhle, Esq. |
| Kayalyn A. Marafioti | Erin M. Casey, Esq. |
| Four Times Square | Jeremy M. Downs, Esq. |
| New York, New York 10036 | Danielle Wildern Juhle, Esq. |
| | GOLDBERG KOHN BELL BLACK |
| Attorneys for DPH Holdings Corp., et al., | ROSENBLOOM & MORTIZ, LTD. |
|   Reorganized Debtors | 55 East Monroe Street, Suite 3300 |
| | Chicago, Illinois 60603 |
| | |
| | Attorneys for Omron Dualtec Automotive |
| |   Electronics Inc. |