1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481-rdd

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DPH HOLDINGS CORP., et al.


            Debtors.


- - - - - - - - - - - - - - - - - - - - -x


            U.S. Bankruptcy Court

            300 Quarropas Street

            White Plains, New York


            April 22, 2010

            10:06 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

1    Proposed Fifty-forth Omnibus Hearing Agenda

25    Transcribed By:  Maya Spinner

```
                                                                3
 1    A P P E A R A N C E S :
 2    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
 3         Attorneys for Debtors
 4         155 North Wacker Drive
 5         Chicago, IL 60606-1720
 6
 7    BY:  LOUIS S. CHIAPPETTA, ESQ.
 8         JOHN K. LYONS, ESQ. (TELEPHONICALLY)
 9         MICHAEL W. PERL, ESQ. (TELEPHONICALLY)
10
11
12    DUANE MORRIS, LLP
13         Attorneys for ACE American Insurance
14         30 South 17th Street
15         Philadelphia, PA 19103-4196
16
17    BY:  WENDY M. SIMKULAK, ESQ. (TELEPHONICALLY)
18
19
20    FOX ROTHSCHILD LLP
21         Attorneys for M & Q Plastics
22         1301 Atlantic Avenue
23         Atlantic City, NJ 08401-7212
24
25    BY:  MICHAEL J. VISCOUNT, JR., ESQ. (TELEPHONICALLY)
```

4

1        P R O C E E D I N G S

2        THE COURT:  Good morning.

3        MR. CHIAPPETTA:  Good morning.

4        THE COURT:  Okay, this is In re:  DPH Holdings?

5        MR. CHIAPPETTA:  Yes.

6        THE COURT:  And this is the omnibus claims hearing?

7        MR. CHIAPPETTA:  Yes.

8        THE COURT:  Okay, so you ready to proceed?

9        MR. CHIAPPETTA:  Your Honor, I have a pending motion

10   to be admitted pro hac vice --

11        THE COURT:  Oh.

12        MR. CHIAPPETTA:  -- my colleague -- my partner John

13   Lyons is on the line.

14        THE COURT:  Oh, okay, well I think I granted those.  I

15   granted them this morning so you can -- you can appear.

16        MR. CHIAPPETTA:  Thank you.  Good morning, Your Honor,

17   Louis Chiappetta of Skadden Arps on behalf of the reorganized

18   debtors.  On the phone with me are my colleagues, Mike Perl,

19   and my partner, John Lyons.

20        Your Honor, with your permission I would like to

21   proceed through the fifty-fourth omnibus hearing agenda?

22        THE COURT:  Okay, that's fine.

23        MR. CHIAPPETTA:  There are seven matters that have

24   been adjourned pursuant to the notice of adjournment on

25   hearings of substantial contribution applications, the

1   reorganized debtors' case management motion and the Delphi
2   salaried retirees' motion, that can be found at docket number
3   19830.  Therefore, the only contested matter on today's agenda
4   is the reorganized debtor's forty-sixth omnibus claims
5   objection.
6           THE COURT:  Okay, before we turn to that, two things.
7   On the substantial contribution motions I did want to alert you
8   and you should feel free to alert the other parties that I did,
9   last week, issue an opinion on substantial contribution under
10  503 in the Bayou case and maybe worth their looking at.
11  Obviously the law's pretty clear in this district, but I had
12  not written on it in quite a while, so you may be interested in
13  that.
14          Secondly, on the retiree issue, I know they were
15  looking for a declaration if the stay didn't apply.  Are they
16  just hanging fire on their action in the meantime given that
17  this has been adjourned, or does anybody on the phone know
18  about that?
19          No?
20          MR. CHIAPPETTA:  I believe, Your Honor that they're
21  waiting.
22          THE COURT:  Okay, all right fine.  And before we
23  proceed to the omnibus claim motion, I understand that there
24  are a couple of lawyers on the phone for creditors in adversary
25  proceedings, is that correct?

1    MR. VISCOUNT:  Yes, Your Honor, that is correct,

2    THE COURT:  Okay, I don't believe that the -- there's

3  anything on today's calendar relating to any of the adversary

4  proceedings.

5    MR. VISCOUNT:  Yes, Your Honor, we're aware of that.

6  I'm actually get off now.

7    THE COURT:  Okay.

8    MR. VISCOUNT:  This is Michael Viscount at Fox

9  Rothschild.  I just wanted to see whether there were any

10  comments about the case management motion.

11    THE COURT:  No, I think that's been adjourned so that

12  the parties can continue to focus on it.

13    MR. VISCOUNT:  Yes, I understand that.

14    THE COURT:  Okay, very well.

15    MR. VISCOUNT:  Thank you.

16    THE COURT:  Sure.  Okay, so why don't we turn to

17  the -- what is it, the -- we're up to forty-six?

18    MR. CHIAPPETTA:  Forty-six, Your Honor.

19    THE COURT:  All right.

20    MR. CHIAPPETTA:  The forty-sixth omnibus objection was

21  filed on March 19th, 2010, and it was served in accordance with

22  the claims procedures order including individual particularized

23  notice that went to all claimants.  There were 580

24  administrative claims originally listed on this objection.  Two

25  claims, however, filed by Pardus DPH Holdings, LLC and UBS

1  Securities LLC have been withdrawn from the claims register.
2  Accordingly, Your Honor, the reorganized debtors are
3  withdrawing the objection as to these claims because it is no
4  longer necessary.
5            THE COURT:  Okay.
6            MR. CHIAPPETTA:  Of the 578 remaining claims, 248
7  administrative expense claims were covered by 29 responses
8  which have been adjourned in accordance with the claims
9  procedures approved by Your Honor.
10           This results in a total of 330 claims on the proposed
11 order which was submitted yesterday to Your Honor.  The 330
12 administrative claims subject to the objection total in the
13 aggregate 219 million.  Of this 219, approximately 215 million
14 is being disallowed accord -- by 299 -- 298 claims that are
15 being expunged.  And there is approximately four million in
16 claims that are being modified or allowed.
17           The bulk of the claims subject to this objection are
18 workers' compensation claims that are either not owing
19 according to the reorganized debtors' books and records, had
20 been transferred to GM or New Delphi.  There are some tax
21 claims, severance claims, duplicate claims, and then there are
22 certain claims that are being modified or allowed.
23           I believe this is the level of detail that Your Honor
24 has requested with respect to omnibus claims objections, I can
25 go into more details if you'd like.  Otherwise we respectfully

8

1   ask that Your Honor enter the revised proposed form of order
2   that was provided to chambers yesterday sustaining the
3   reorganized debtors' objection to the claims subject to the
4   forty-sixth claim objection.
5           THE COURT:  Okay, the one -- the one category that I
6   think I need to hear a little bit more about is the group of
7   workers' compensation claims that aren't -- that don't appear
8   on the debtors' book and records.
9           Are these people who left when the debtor did -- was
10  responsible for workers' comp and didn't actually make the
11  payments or --
12          MR. CHIAPPETTA:  Some of the claims were prepetition
13  claims, Your Honor, some of the claims are not valid or simply
14  filed by claimants who don't have a workers' compensation
15  claim.  And then again --
16          THE COURT:  Okay.
17          MR. CHIAPPETTA:  -- some of them were transferred.
18          THE COURT:  All right, well the transfers I
19  understand.  I mean there was a -- there was a lengthy period
20  when the debtors' simply paid workers' comp claims.  Which --
21  is what you're telling that some of these claims are claims
22  that don't qualify as workers' comp?
23          MR. CHIAPPETTA:  Correct.
24          THE COURT:  Some of them are ones where you did pay
25  them?

1           MR. CHIAPPETTA:  Correct.

2           THE COURT:  And, I guess, a few that they're the wrong

3   amount but you acknowledge that they're --

4           MR. CHIAPPETTA:  Correct, and those have been

5   modified.

6           THE COURT:  Okay, is there any other group that I'm

7   missing?

8           MR. CHIAPPETTA:  Other than the duplicate claims,

9   severance claims, I believe that's it.

10          THE COURT:  Okay, all right.  Well, given the

11  individualized notice to each of the claimants and the verbage

12  of the motion and the fact that the motion's unopposed, as was

13  the clarification on the record, I'll grant the relief that

14  you're seeking today.

15          MR. CHIAPPETTA:  Thank you, Your Honor.

16          THE COURT:  Okay, and there were no changes to the

17  order that was e-mailed?

18          MR. CHIAPPETTA:  No, Your Honor.

19          THE COURT:  Okay, so that'll get entered.

20          MR. CHIAPPETTA:  Thank you,

21          THE COURT:  Thanks.

22          MR. LYONS:  Your Honor, this is John Lyons.  Just a

23  quick housekeeping matter with your permission?

24          THE COURT:  Sure.

25          MR. LYONS:  For tomorrow, just so the Court doesn't

1  unnecessarily prepare for certain matters, I'd like to very
2  quickly go through the matters that are currently going to go
3  forward on a contested basis tomorrow?
4          THE COURT:  Oh, good.
5          MR. LYONS:  First of all -- and I'll reference the
6  agenda item number and the name of the claimant.
7          THE COURT:  Okay.
8          MR. LYONS:  First of all item number 10, Jargonson
9  (ph.), item number 26, New York Department of Environmental
10 Conservation, item 27, Atul Pasricha (ph.), item 28, Jeffrey
11 Miller, item 29. Stanley Smith, item 30, James Loukey (ph.),
12 item 31, Frank Boudalouski (ph.), item 32, Walter Conka (ph.),
13 item 33, Gary Cook (ph.), item 34, Sheryl Carter (ph.)
14         Now, as Your Honor recollects, a number of claimants
15 are grouped together and have similar issues, so we believe
16 we're within the Court's admonition to keep to two or three
17 contested matters --
18         THE COURT:  Okay.
19         MR. LYONS:  -- because there are common issues. We
20 have reached out to Illinois Tool to adjourn that claim. We
21 believe that claim can benefit further briefing and also we
22 believe, you know, that again may be beyond the two or three
23 claim limit that Your Honor informed us of at the last hearing.
24         THE COURT:  Okay, so that -- you haven't heard from
25 them but you expect that will be adjourned?

1           MR. LYONS:  Yes, we're reaching out to them and if
2  they, you know, do not agree to it we still would like to
3  adjourn it in any event.  I'm hopeful that they will agree to
4  an adjournment.  We believe there are additional new issues
5  that have been raised in their response that could benefit from
6  further briefing and examination.
7           THE COURT:  Okay, well if there's not an agreement, I
8  guess you can reach my chambers on the phone with them and we
9  can talk about it later today.
10          MR. LYONS:  Very good.
11          THE COURT:  Okay, thanks very much.
12          MR. LYONS:  Thank you.
13          THE COURT:  Okay, good.  Thank you.
14          MR. CHIAPPETTA:  Thank you, Your Honor.
15     (Proceedings concluded at 10:14 AM)

12

```
 1
 2                           I N D E X
 3
 4                           RULINGS
 5                      Page      Line
 6   Relief Related to    10        14
 7   Forty-sixth Omnibus
 8   Objection Granted
 9
10
...
25
```

```
                                                                  13
 1
 2                        C E R T I F I C A T I O N
 3
 4     I, Maya Spinner, certify that the foregoing transcript is a
 5     true and accurate record of the proceedings.
 6
 7     _____
 8     MAYA SPINNER
 9
10     Veritext
11     200 Old Country Road
12     Suite 580
13     Mineola, New York 11501
14
15     Date:  April 26, 2010
16
17
18
19
20
21
22
23
24
25
```