| | |
|---|---|
| BOSE MCKINNEY & EVANS LLP<br>David J. Jurkiewicz<br>Attorney No. 18018-53<br>111 Monument Circle, Suite 2700<br>Indianapolis, IN 46204<br>(317) 684-5000 / (317) 684-5173 (FAX) | Hearing Date: May 17, 2010 at 9:30 a.m.<br>Objection/Response Deadline: April 6, 2010 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DELPHI CORPORATION, et al., | ) | Case No. 05-44481 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| DELPHI CORPORATION, et al., | ) | |
| | ) | Adversary Case No.: 07-02098 (RDD) |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DECATUR PLASTIC PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINDER OF DECATUR PLASTIC PRODUCTS, INC. TO PENDING MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL**

Decatur Plastic Products, Inc. ("Decatur"), by counsel, hereby joins and adopts the arguments set forth in the following motions (the "Motions") filed by Wagner Smith Company and Microchip Technology Incorporated (the "Complaining Preference Defendants"):

(1) *MOTION BY WAGNER-SMITH COMPANY SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b),*

1648245 (12212-4)                                        1

*DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL*, dated February 5, 2010 (Docket No. 19401); and,

(2) *MOTION BY MICROCHIP TECHNOLOGY INCORPORATED SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL*, dated March 15, 2010 (Docket No. 19677).

The facts set out in the respective Motions of the Complaining Preference Defendants are substantially the same with respect to Decatur, except as more specifically stated and amended herein, such that any relief granted for the benefit of one or the other of the Complaining Preference Defendants should be granted for all and others who are similarly situated, including but not limited to Decatur.

Decatur supplements and/or amends the facts set out in the respective Motions of the Complaining Preference Defendants as follows:

1. On October 8, 2005, Delphi and certain of its subsidiaries (the "Initial Filers" each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. Prior to the commencement of the Debtors' cases, Decatur provided goods and services to Delphi.

3.      By motion dated August 6, 2007 (the "Preservation of Estate Claims Procedures Motion"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553. As pertinent here, the procedures sought included (i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to serve certain adversary summonses and complaints, (ii) a stay of the applicable adversary proceedings until service of process was effected, and (iii) permitting the Plaintiffs to file the complaints under seal.

4.      By motion dated February 28, 2008 (the "Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.

5.      By motion dated April 10, 2008 (the "Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order, so as to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.

6.      By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance

Action Service Deadline Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.

7. Decatur was served with the Preservation of Estate Claims Procedures Motion, the Extension of Avoidance Action Service Deadline Motion, the Postconfirmation Extension of Avoidance Action Service Deadline Motion, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, but was not afforded due process and a meaningful opportunity to object to any of these motion because Delphi intentionally deprived Decatur of any means by which to ascertain whether Decatur was an anticipated defendant in the adversary proceedings to be filed under the seal, or was in fact a defendant in the sealed adversary proceedings later filed and accordingly, whether Decatur even possessed the requisite standing to object to any of the motions.

8. While Plaintiffs commenced the Adversary Proceeding against Decatur on September 28, 2007, by filing the Complaint under seal with the Clerk — which Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Decatur in excess of $1,127,684.35.00 — Decatur was not served with the Complaint until on or about February 24, 2010, well over two years after the limitations period provided by Bankruptcy Code § 546(a) expired.

WHEREFORE, Decatur Plastic Products, Inc., by counsel, joins and adopts the arguments set forth in the foregoing motions filed by Wagner Smith Company and Microchip Technology Incorporated, and respectfully requests that any relief granted for the benefit of one or the other of the Complaining Preference Defendants be granted for all and others who are similarly situated, including but not limited to Decatur.

Dated: April 28, 2010

Respectfully submitted,

/s/  David J. Jurkiewicz
David J. Jurkiewicz
Attorney No. 18018-53
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
(317) 684-5000
(317) 684-5173 (FAX)
djurkiewicz@boselaw.com

Attorneys for Decatur Plastic Products, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2010, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

**Eric Fisher**
Butzel Long, a professional corporation
fishere@butzel.com

I further certify that on the 28th day of April, 2010, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

**Togut Segal & Segal LLP**
One Penn Plaza
Suite 3335
New York, NY 10119

/s/  David J. Jurkiewicz
David J. Jurkiewicz

1648245 (12212-4)    5