# EXHIBIT G

```
                                                              1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 05-44481
Adv. Case No. 07-01435
- - - - - - - - - - - - - - - - - - - - -x
In the Matter of:

DELPHI CORPORATION, ET AL.,

        Debtor.

- - - - - - - - - - - - - - - - - - - - -x

              U.S. Bankruptcy Court
              One Bowling Green
              New York, New York

              August 16, 2007
              10:05 a.m.

B E F O R E:
HON. ROBERT D. DRAIN
U.S. BANKRUPTCY JUDGE
```



Page 2:
1   MOTION for an Order Authorizing the Official Committee of
2   Unsecured Creditors to Prosecute the Debtors' Claim and
3   Defenses Against General Motors Corporation and Certain Former
4   Officers of the Debtors
5
6   DEBTORS' Eighteenth Omnibus Objection (Procedural) to Claims
7
8   DEBTORS' Nineteenth Omnibus Objection (Substantive) to Claims
9
10  EX PARTE MOTION for Order Authorizing the Official Committee of
11  Equity Security Holders to File Under Seal a Supplemental
12  Objection in Further Support of the Equity Committee's
13  Objection to the Motion for an Order Authorizing the Official C
14
15  MOTION for Order Further Extending Deadline to Assume or Reject
16  Leases of Nonresidential Real Property
17
18  MOTION to Further Extend Time Period Within Which Debtors May
19  Remove Actions
20
21  MOTION Approving Bidding Procedures, Granting Certain Bid
22  Protections, Approving Form and Manner of Sale Notices, And
23  Setting Sale Hearing Date, and Authorizing and Approving Sale
24  of Certain of Debtors' Assets
25

Page 3:
1   DEBTORS' Seventeenth Omnibus Objection
2
3   MOTION to Authorize Authorizing Debtors to Enter into
4   Stipulations Tolling Statute of Limitations with Respect to
5   Certain Claims Authorizing Procedures to Identify Causes of
6   Action that Should be Preserved and Establishing Procedures
7
8   MOTION to Approve Memoranda of Understanding Among IUOE, IBEW,
9   IAM, Delphi and General Motors Corporation Including
10  Modification of IUOE, IBEW and IAM Collective Bargaining
11  Agreements and Retiree Welfare Benefits for Certain IUOE, IBEW
12
13  MOTION to Approve Memorandum of Understanding Among IUE-CWA,
14  Delphi and General Motors Corporation
15
16  PRE TRIAL CONFERENCE in Delphi Corporation v. National Union
17  Fire Insurance Company of Pittsburg

Page 4:
APPEARANCES:
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
  Attorneys for Debtor
  333 West Wacker Drive
  Chicago, Illinois 60606

BY:  JOHN WM. BUTLER, JR., ESQ.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
  Attorneys for Delphi Corporation
  Four Times Square
  New York, New York 10036

BY:  KAYALYN A. MARAFIOTI, ESQ.

TOGUT SEGAL & SEGAL, LLP
  Attorneys for Debtor
  One Penn Plaza
  New York, New York 10119

BY:  NEIL BERGER, ESQ.

Page 5:
GOODWIN PROCTER
  Attorneys for Umicore
  901 New York Avenue, N.W.
  Washington, D.C. 20001

BY:  EMANUEL C. GRILLO, ESQ.
     JOSHUA N. KLATZKIN, ESQ.
     BRIAN W. HARVEY, ESQ.

LATHAM & WATKINS, LLP
  Attorneys for Official Committee
  Of Unsecured Creditors
  685 Third Avenue
  New York, New York 10022

BY:  MITCHELL A. SEIDER, ESQ.

PREVIANT GOLDBERG UELMEN GRATZ MILLER & BRUEGGEMAN, S.C.
  Attorneys for IAM, IBEW
  1555 North River Center Drive
  Milwaukee, Wisconsin 53212

BY:  MARIANNE GOLDSTEIN ROBBINS, ESQ.

```
 1   KENNEDY JENNIK & MURRAY, P.C.
 2        Attorneys for IUE-CWA
 3        113 University Place
 4        New York, New York 10003
 5
 6   BY:  THOMAS M. KENNEDY, ESQ.
 7        SUSAN M. JENNIK, ESQ.
 8
 9
10   GORLICK KRAVITZ & LISTHAUS, P.C.
11        Attorneys for IUOE
12        17 State Street
13        New York, New York 10004
14
15   BY:  BARBARA S. MEHLSACK, ESQ.
16
17
18   FRIED FRANK HARRIS SHRIVER & JACOBSON, LLP
19        Attorneys for Equity Committee
20        One New York Plaza
21        New York, New York 10004
22
23   BY:  BONNIE STEINGART, ESQ.
24
25
                                          6
```

```
 1              PROCEEDINGS
 2        THE COURT: Delphi Corporation.
 3        MR. BUTLER: Your Honor, Jack Butler and Kayalyn
 4   Marafioti from Skadden here on behalf of Delphi Corporation for
 5   it's 21st omnibus hearing for August 2007. Good morning. Your
 6   Honor, we would propose to take the agenda items in the order
 7   that was listed on the agenda filed with the Court.
 8        THE COURT: That's fine.
 9        MR. BUTLER: Your Honor, the first two matters on the
10   agenda, matters 1 and 2, relate to the STN litigation motions
11   filed by the creditors and equity committee. The creditors'
12   committee motions at docket number 4718, the equity committee
13   motion is at docket number 5229. Your Honor should note that
14   by agreement these matters are being adjourned to the October
15   25th omnibus hearing. I would also note that there's another
16   matter on the agenda, matter number 5, the preservation of
17   estate claims procedures motion which, if that relief is
18   granted, contemplates that there will be an order developed
19   between the committees, the company and General Motors over the
20   next thirty days which would -- if that resolves these matters
21   take these matters off the agenda.
22        THE COURT: Okay.
23        MR. BUTLER: Thanks. Your Honor, the next matters on
24   the agenda which I'd like to take together are the -- two of
25   the procedural motions, agenda item number 3 is the third
                                          7
```

```
 1   365(d)(4) deadline extension motion at docket number 8760. And
 2   number 4 on the agenda is the fourth removal deadline extension
 3   motion at docket number 8761. Both of these motions, Your
 4   Honor, have been filed to parallel the exclusivity extension
 5   that was granted. In each case it would extend the procedural
 6   deadline to the later of February 29, 2008. And in the case of
 7   the 365(d)(4) motion it would also be that or the earlier
 8   confirmation. And in the case of the removal motion it would
 9   be the later of that date or thirty days after or terminating
10   the stay is entered. Your Honor, no objections have been filed
11   to either of these motions. We've reviewed them both for their
12   statutory committees and we would rest on the papers.
13        THE COURT: Okay. I'll grant both motions, the
14   debtors established cause for each.
15        MR. BUTLER: Thank you, Your Honor. Your Honor, the
16   next matter on the agenda, matter number 5, is the preservation
17   of estate claims procedures motion. This is filed at docket
18   number 8905. This matter has been reviewed with both of our
19   statutory committees and other stake holders in the case and is
20   intended to address the Section 108 deadline that will occur on
21   either October 8th and/or October 14th of this year, having to
22   do with the second anniversary of the filing of the cases and
23   establishes procedures that would authorize the debtors to
24   enter into stipulations, the toll of the statute of limitations
25   with respect to certain claims, it would authorize procedures
                                          8
```

```
 1   for the debtors to identify causes of action should be
 2   preserved and otherwise abandon other kinds of action and other
 3   identified actions. It would establish procedures for certain
 4   adversary proceedings. We have also reviewed the form of order
 5   with the clerk of the bankruptcy court who indicates that the
 6   form of order is acceptable to the clerk's office.
 7        Your Honor, this particular motion was the subject
 8   matter of a chambers conference in which the debtors, the plan
 9   investors, the statutory committees and actually certain of the
10   union representatives participated in. I'm happy to present it
11   on the record and answering questions, Your Honor, but in the
12   absence of objection I think I'd rely on the motion and the
13   form of order.
14        THE COURT: Okay. Does anyone have anything to say
15   on this motion? All right. I went over the order and I had a
16   couple of questions that I'll just raise with you. One is
17   approval of the tolling agreements and the form of the tolling
18   agreement is fine with one change which is that I put in
19   that -- in paragraph 13 I said "pursuant to the order of the
20   bankruptcy court in those cases dated today and then with the
21   docket number, this stipulation is deemed so ordered upon its
22   execution." So there's actually -- something I signed that
23   actually is referenced here. Because otherwise there's nothing
24   really signed by me, so I put that in.
25        And then if you look at the paragraph dealing with
                                          9
```

**Page 10**

```
 1   tolling agreements it provides that each debtor is deemed to
 2   have entered into such a stipulation with the other debtors,
 3   which is fine. And then it says and "affiliate non-debtor
 4   entities." And I added there "either controlled by the debtors
 5   or that had actual notice of the motion." I guess it's
 6   conceivable that you have an affiliate that you don't control,
 7   it didn't get noticed and I don't think they would be bound by
 8   this. And then there's a bit of ambiguity in paragraph 5. As
 9   I understand it there are two categories of actions that you're
10   allowed to abandon here without any further notice to anyone.
11   And they're described in the motion papers. Then there's
12   another group that also falls into certain categories where you
13   have to give notice to the two committees. And I just made it
14   a little -- I think that's what's contemplated here.
15           MR. BUTLER: Yes, Your Honor.
16           THE COURT: I just made that a little clearer. And
17   then the last point is -- and I'm assuming you've discussed
18   this with the clerk, I thought the phrase "indicate is subject
19   to these procedures" was a little vague or squishy so I
20   actually -- you have some mechanism where you're going to tell
21   the clerk of this.
22           MR. BUTLER: Yes.
23           THE COURT: So I want to make that a little clearer.
24           MR. BUTLER: Do you want to designate or --
25           THE COURT: I put that in. Anyway I'll -- I know
```

**Page 11**

```
 1   this order's been fairly carefully worked out with the parties.
 2   So what I'm going to do is give you my mark-up, I tried to
 3   write neatly and you can share it with them. But I don't think
 4   it changes the motion. But let me say for the record, the
 5   motion in addition to being unopposed sets forth good cause and
 6   to the extent you needed good business reasons for all the
 7   relief that you're seeking here, and that includes the ceiling
 8   portion of it and consequently I'll approve it in full.
 9           MR. BUTLER: Thank you, Your Honor.
10           THE COURT: And as you know, I said this at the
11   chambers conference, I'm a firm believer in the majority of
12   cases that say that you can toll the period under 546 and also
13   that the abandonment to the extent you're not tolling it does
14   not waive rights under 502(d) and I actually put in the order
15   that you're not waiving and you're preserving your rights under
16   502(d). So that will get entered.
17           MR. BUTLER: Thank you, Your Honor. Your Honor, the
18   next matter on the agenda is matter number 6. Matter number 6
19   and 7 are actually motions that approve memorandums of
20   understanding with four of our six U.S. unions, labor unions.
21   I'm going to present them separately.
22           The first one, matter number 6, is the IUOE, the IBEW
23   and the IAM, 1113, 1114 supplementary retirement benefit
24   approval motions is filed at docket number 8906 and it is
25   unopposed. Your Honor, as you know, this motion which deals
```

**Page 12**

```
 1   with three of our six U.S. unions is one of a series of
 2   settlement agreements that are being entered into between the
 3   company and its U.S. labor unions in settlement of the Section
 4   1113 and 1114 cases that were filed in 2006. If Your Honor
 5   approves the relief being requested today that motion will be
 6   withdrawn without prejudice subject to the terms of the
 7   settlement order and the memoranda of understanding.
 8           With respect to this motion the unions whose
 9   settlement agreements are covered by this motion are Local 832S
10   of the International Union of Operating Engineers, Local 18S of
11   the IUOE, Local 101S of the IUOE, the IBEW and it's Local 663,
12   that's the International Brotherhood of Electrical Workers,
13   with respect to Delphi Electronics and Safety. The IBEW and
14   its Locals 663 with respect to Delphi Power Train and finally
15   the IAM, which is the International Association of Machinists
16   and Aerospace workers, and it's District 10 of Tool and Die
17   Makers Lodge 78. Your Honor, these memorandum of understanding
18   are all before the Court. The were filed with the motion. And
19   for the record, it's an evidentiary matter, I would like to
20   move that each of the MOU's that were filed into evidence.
21           THE COURT: Okay. Does anyone have an objection to
22   that? All right, I'll admit them as Exhibit 1 collectively.
23           (MOU's were hereby received as Debtor's Exhibit 1 for
24   identification, as of this date.)
25           THE COURT: Thank you, Your Honor. Your Honor, we
```

**Page 13**

```
 1   also have provided to the Court declaration filed by, prepared
 2   by and signed by Kevin M. Butler and John D. Sheehan, both
 3   officers of Delphi Corporation. As you know, Mr. Butler is the
 4   vice-president of Human Resource Management at Delphi
 5   Corporation and is the company's lead bargainer with respect to
 6   these union negotiations. And Mr. Sheehan is the vice
 7   president, chief restructuring officer of Delphi Corporation.
 8           Your Honor, I'd like to -- Mr. Sheehan by the way is
 9   present in Court today. We actually had overnight negotiations
10   that have been a continuing negotiation with our final union,
11   the USW, the steelworkers. And when we had to make a choice
12   to whether to have Mr. Butler appear in support of his
13   declaration, which is unopposed or continue with those
14   negotiations about 4 o'clock this morning we chose to have him
15   say at the table.
16           THE COURT: All right.
17           MR. BUTLER: So while he's not present in Court
18   today --
19           THE COURT: And he's kind of sleepy.
20           MR. BUTLER: While he is not present in the Court
21   today I will represent to the Court that the declaration we
22   provided to Your Honor, signed by him does represent his
23   testimony in connection this. And I'd ask to move the
24   admissions of these declarations into evidence as Exhibit's 2
25   and 3 respectively.
```