SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
|---|---|
| In re : | Chapter 11 |
| DPH HOLDINGS CORP., et al., : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, RIVERSIDE CLAIMS, LLC, HURLEY PACKAGING
OF TEXAS, INC. AND GREAK & BUSBY, P.C. (I) DISALLOWING
AND EXPUNGING PROOF OF CLAIM NUMBER 8502 AND
(II) COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 8519

(RIVERSIDE CLAIMS, LLC, HURLEY PACKAGING
OF TEXAS, INC., AND GREAK & BUSBY, P.C.)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Riverside Claims, LLC ("Riverside Claims"), Hurley Packaging Of Texas, Inc. ("Hurley Packaging"),and Greak & Busby, P.C. ("Greak & Busby" together with Riverside Claims and Hurley Packaging, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Riverside Claims, LLC, Hurley Packaging Of Texas, Inc. And Greak & Busby, P.C. Disallowing And Expunging Proof Of Claim Number 8502 And Compromising And Allowing Proof Of Claim Number 8519 (Riverside Claims, LLC, Hurley Packaging Of Texas, Inc., And Greak & Busby, P.C.) (the "Stipulation") and agree and state as follows:

WHEREAS on October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on June 26, 2006, Hurley Packaging, a supplier of chipboard partitions to the Debtors, filed proof of claim number 8519 (the "Hurley Proof of Claim") against Delphi.  The Hurley Proof of Claim asserts an unsecured non-priority claim in the amount of $40,000.00 for a cancellation claim (the "Hurley Claim") that Hurley Packaging asserted against Delphi on August 5, 2005, arising from Delphi's cancellation of an order for chipboard partitions.

WHEREAS, on June 26, 2006, Greak & Busby, a law firm in Lubbock, Texas that represented Hurley Packaging with respect to the Hurley Claim, filed proof of claim number 8502 (the "Greak & Busby Proof of Claim," together with the Hurley Proof of Claim, the "Proofs of Claim") against Delphi.  The Greak & Busby Proof of Claim asserts an unsecured non-priority

2

claim in the amount of $20,000.00 for attorney's fees incurred as a result of the Hurley Claim asserted by Hurley Packaging (the "Greak & Busby Claim," together with the Hurley Claim, the "Claims").

WHEREAS, on May 22, 2007, the Debtors objected to the Proofs of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999).

WHEREAS, on June 19, 2007, Hurley Packaging transferred the Hurley Proof of Claim to Riverside Claims pursuant to the Notice Of Transfer Of Claim No. 8519 Pursuant To F.R.B.P. 3001(e)(2) Or (4) (Docket No. 8308) and Greak & Busby transferred the Greak & Busby Proof of Claim to Riverside Claims pursuant to the Notice Of Transfer Of Claim No. 8502 Pursuant To F.R.B.P. 3001(e)(2) Or (4) (Docket No. 8310).

WHEREAS, on June 19, 2007, Riverside Claims filed Riverside Claims, LLC's Response To Debtors' Fifteenth Omnibus Claims Objection (Docket No. 8326) (the "Response").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, to resolve the Fifteenth Omnibus Claims Objection with respect to the Proofs of Claim, the Reorganized Debtors and the Claimants entered into this Stipulation, pursuant to which the Debtors and the Claimants agreed that the Hurley Proof of Claim should be allowed as a general unsecured non-priority claim in the amount of $40,000.00 against DPH-DAS LLC and the Greak & Busby Proof of Claim should be disallowed and expunged in its entirety.

NOW, THEREFORE, the Reorganized Debtors and the Claimants stipulate and agree as follows:

1. The Hurley Claim shall be allowed in the amount of $40,000.00 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2. Nothing herein shall be construed as an admission of liability with respect to claims asserted by any supplier for orders that were cancelled by the Debtors.

3. The Greak & Busby Claim shall be disallowed and expunged in its entirety.

4. The Response is hereby deemed withdrawn with prejudice.

5. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 30th day of April, 2010

        /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Nolan Greak |
|---|---|
| John Wm. Butler, Jr. | Nolan Greak |
| John K. Lyons | GREAK & BUSBY P.C |
| Ron E. Meisler | 8008 Slide Road, Suite 30 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Lubbock, Texas  79424 |
| 155 North Wacker Drive | On behalf of Greak & Busby, P.C. |
| Chicago, Illinois  60606 | |

       - and –

| | /s/ Nolan Greak |
|---|---|
| Kayalyn A. Marafioti | Nolan Greak |
| Four Times Square | GREAK & BUSBY P.C |
| New York, New York  10036 | 8008 Slide Road, Suite 30 |
| | Lubbock, Texas  79424 |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | Attorneys for Hurley Packaging of Texas, Inc. |

        /s/ Elliot H. Herskowitz
        Elliot H. Herskowitz
        ReGen Capital
        2109 Broadway, 2nd Floor
        New York, NY 10023

        Authorized signatory for Riverside Claims, LLC