**Hearing Date And Time:  May 20, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: May 13, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
|    In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
|    Reorganized Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' MOTION FOR ORDER UNDER FED. R. BANKR. P. 2002(m)
AND 9007 SUPPLEMENTING CASE MANAGEMENT ORDERS BY
(A) LIMITING SERVICE OF ALL FUTURE FILINGS AND (B) AUTHORIZING
SERVICE BY ELECTRONIC MAIL FOR ALL FUTURE FILINGS

("MOTION TO LIMIT SERVICE")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized

debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors")

hereby submit this Motion For Order Under Fed. R. Bankr. P. 2002(m) And 9007 Supplementing

Case Management Orders By (A) Limiting Service Of All Future Filings And (B) Authorizing

Service By Electronic Mail For All Future Filings (the "Motion"), and respectfully represent as

follows:

<u>Background</u>

1.     On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi")

and certain of its affiliates (together with Delphi, the "Debtors"), predecessors of the

Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the

"Bankruptcy Code").

2.     On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  On January 25, 2008, the Court entered an order (Docket No. 12359) (the

"Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the

Confirmation Order became final on February 4, 2008.

3.     On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an

order approving (i) certain modifications to the Confirmed Plan and related disclosure statement

and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket

No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement

to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain

modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii)

procedures for re-soliciting votes on the Modified Plan.  After holding a final plan modification

hearing, the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30,

2009.

4.      On October 6, 2009 (the "Effective Date"), the Debtors substantially

consummated the Modified Plan and closed the transactions under the Master Disposition

Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC,

General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation),

DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi

Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and

buyers party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries

and affiliates, acquired substantially all of the Debtors' global core businesses, and GM

Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S.

manufacturing plants and the Debtors' non-core steering business, respectively.  The

Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain

responsible for the post-Effective Date administration of these chapter 11 cases, including the

disposition of certain retained assets, the payment of certain retained liabilities as provided for

under the Modified Plan, and the eventual closing of the cases.

5.      Between the Petition Date and the Effective Date, the Debtors remained as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).

6.      The statutory predicates for the relief requested herein are Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure.

Relief Requested

7.      By this Motion the Reorganized Debtors seek entry of an order pursuant to Fed. R. Bankr. P. 2002(m) and 9007 supplementing the Case Management Orders (as defined below) by (a) limiting the parties upon whom all future notices, motions, applications, and all briefs, memoranda, affidavits, declarations, or other documents filed in these cases (collectively, the "Filings") must be served and (b) authorizing service by electronic mail ("e-mail") for all future Filings.

Basis For Relief

8.      Since the Petition Dates, and except as otherwise ordered by this Court, the Debtors and the Reorganized Debtors, as applicable, have served all Filings in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order" as supplemented and amended from time to time, collectively, the "Case Management Orders").[1]

9.      Pursuant to the Case Management Orders, all Filings must be served via overnight mail upon all parties with a particularized interest in the subject of the Filing, with a hard copy to chambers, as well as upon the "Master Service List," which is comprised of the following persons and/or entities: (a) the Reorganized Debtors and their counsel; (b) the Office of the

---

[1]    Additional supplemental orders have been entered at docket nos. 2995, 3293, 3589, 3629, 3730, 3824, 5418, 10661, 12487, 13920, 13965, 14534, 16589, 18839, 19178, 19360, and 19774.

United States Trustee; (c) counsel for the agent under the Debtors' postpetition credit facility, and

(d) any party that has made a written request to the Reorganized Debtors to be placed upon the

Master Service List or as otherwise ordered by the Court for good and sufficient cause pursuant

to the local rules for the bankruptcy court for the Southern District of New York.  Currently, the

Master Service List is comprised of 57 parties.

10.    In addition, pursuant to the Case Management Orders, all Filings must be served

via electronic transmission or fax upon each party (unless electronic service is not practicable, in

which case the filing party effects service by U.S. Mail) on the "2002 Service List," which

consists of those parties that filed a notice of appearance or request for notice in these cases.   Of

the approximately 435 parties on the 2002 Service List, approximately 49 parties have not

provided a valid e-mail address and when service by fax is not practicable (e.g., due to length of

the document or documents), service by U.S. mail is used.  Due to these service requirements,

the Reorganized Debtors since their emergence from chapter 11 have incurred an average

monthly cost of $75,000.00 for service of pleadings upon the Master Service List and service

upon the 2002 Service List including costs associated with photocopying, assembling, and

mailing the Filings.

11.    Because the Modified Plan became effective more than six months ago and the

majority of pleadings that have recently been filed relate to very specific disputes,[2] continued

---

[2]    To the extent applicable, service pertaining to claims matters will continue to be governed by the Order
       Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
       Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures
       Governing Objections To Claims, entered on December 7, 2006 (Docket No. 6089) (the "Claims Procedures
       Order") and the Order Pursuant to 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims
       Objection Procedures To Address Contested Administrative Expense Claims, entered on October 22, 2009
       (Docket No. 18998) (the "Administrative Claims Procedures Order").

service of Filings on the Master Service List and 2002 Service List in this manner is costly and

no longer appropriate at this stage. Indeed, the Reorganized Debtors believe that many of the

parties on the Master Service List and the 2002 Service List are no longer even interested in

receiving each and every pleading filed in these cases. Therefore, the Reorganized Debtors

propose to reconstitute these lists. Moreover, the Reorganized Debtors believe that continued

service upon the Master Service List via overnight mail is not necessary, especially when e-mail

will accomplish the same objective for a fraction of the cost and on a more expedited basis.

Accordingly, the Reorganized Debtors seek to limit the notice lists and to provide notice via e-

mail. Specifically, the Reorganized Debtors propose to effect service of all Filings upon the

following parties in the following manner:

        (a)    by e-mail on the reconstituted Master Service List (the "Post-

Emergence Master Service List" consisting of the contacts and addresses set forth on <u>Exhibit A</u>),

which would be comprised of:

        (i)    the Office of the United States Trustee;[3]

        (ii)    the Reorganized Debtors and their counsel;

        (iii)    General Motors Corporation and its counsel;

        (iv)    Delphi Automotive LLP and its counsel; and

        (v)    each party that makes a written request to the
Reorganized Debtors, in the form attached hereto as
<u>Exhibit B</u>, either (a) consenting to receive all
Filings by e-mail and providing an appropriate e-
mail address to effectuate such service or (b) setting
forth with specificity the reason(s) why such party

---

[3]    Service upon the United States Trustee would continue to be effected by U.S. mail.

6

cannot accept service by e-mail and must receive service by U.S. mail;

(b)    by e-mail on the reconstituted 2002 Service List (the "Post-Emergence 2002 Service List" and together with the Post-Emergence Master Service List, the "Post-Emergence Service Lists"), which would be comprised of:

(i)    each party currently listed on the 2002 Service List that currently receives service by e-mail;

(ii)    each party currently listed on the 2002 Service List that currently does not receive service by e-mail and makes a written request of the Reorganized Debtors in the form attached hereto as Exhibit C, either (a) consenting to receive all Filings by e-mail and providing an appropriate e-mail address to effectuate such service or (b) setting forth with specificity the reason(s) why such party cannot accept service by e-mail and must receive service by U.S. mail; and

(iii)    all counsel who file a notice of appearance in these cases on or after April 30, 2010 provided that in each such case, only one copy of the Filings would be served regardless of how many creditors or parties-in-interest such counsel represents.[4]

(c)    by overnight mail upon all parties with a particularized interest in the subject of Filing.

12.    The Reorganized Debtors believe that effecting service of Filings to the parties on the Post-Emergence Service Lists in the manner described above will benefit the Reorganized

---

[4]    Upon filing a notice of appearance, the Reorganized Debtors request that absent the submission of a written request in the form attached hereto as Exhibit C, this Court order that each counsel filing a notice of appearance be deemed to have consented to service by e-mail. This is equitable because according to paragraph 15(b) of the Supplemental Case Management Order each party who files a notice of appearance or request for documents in accordance of with Rule 2002 of the Federal Rules of Bankruptcy Procedure shall receive Filings by electronic transmission or fax.

Debtors by saving costs without prejudicing the rights of any party.  To ensure that everyone on the current Master Service List is afforded an opportunity to be placed on the Post-Emergence Master Service List, the Reorganized Debtors propose to serve a form of notice (the "Notice"), a copy of which is attached hereto as Exhibit D, upon all parties on the current Master Service List. In addition, to ensure that all parties on the current 2002 Service List affected by the Motion (i.e. those parties not currently receiving service by e-mail) are afforded an opportunity to be placed on the Post-Emergence 2002 Service List, the Reorganized Debtors propose to serve the Notice upon all parties on the current 2002 Service List that are not receiving service by e-mail. This Notice offers such parties the right to request inclusion on either the Post-Emergence Master Service List or the Post-Emergence 2002 Service List, as applicable.

13.    Moreover, the Reorganized Debtors request that any party be permitted to serve all future Filings via e-mail and that they not be required to serve paper copies on any party-in-interest other than the United States Trustee or any party that has provided justification why service by e-mail is not acceptable.  The Reorganized Debtors also request that service by e-mail be deemed to satisfy the Court's rules for service and shall be effective as of the date Filings are electronically transmitted to the e-mail addresses listed on the Post-Emergence Master Service List and the Post-Emergence 2002 Service List.  Notwithstanding the foregoing, the Reorganized Debtors request that if a particular document cannot be sent by e-mail (because of the Filing's size, technical difficulties, or other concerns), the Reorganized Debtors, in their sole discretion, be permitted to (i) serve the entire Filing, including the portions that cannot be sent by electronic transmission, by first class U.S. mail, as appropriate, including any proposed form of order, exhibits, attachments, and other relevant materials or (ii) include a notation in the electronic transmission that the Filing cannot be annexed because of the Filing's size, technical difficulties,

or other concerns and that the paper copies of the Filing will be (a) sent by regular mail if requested by the recipient of the electronic transmission or (b) posted on any website maintained in connection with these chapter 11 cases. Notwithstanding Fed. R. Bankr. P. 9006(f), which states "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2) (D), (E), or (F) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)," the Reorganized Debtors request that in light of their efforts to effectuate service by e-mail, any Filings ultimately sent by U.S. mail because of the failure of the recipient's e-mail account to receive such electronic transmission, nonetheless be deemed effective service as of the date that (i) the Filings are mailed or (ii) notification that the Filings cannot be annexed is electronically transmitted to the e-mail addresses listed on the Post-Emergence Service Lists.

14.    The Reorganized Debtors request that except as specifically set forth herein, the Case Management Orders continue in full force and effect. The Reorganized Debtors also request that the rules with respect to adversary proceedings including, but not limited to, the requirement that all initial Filings, complaints, and other pleadings filed in any adversary proceeding commenced in these cases shall be served by overnight mail, courier, or hand delivery remain unchanged. In addition, the Reorganized Debtors request that the deadlines to object or otherwise respond to any Filing remain unchanged.

15.    Finally, the Reorganized Debtors request that they be authorized but not directed to serve via e-mail upon the Post-Emergence Service Lists and via U.S. mail upon parties with a

particularized interest in the subject of the order, any order entered by this Court that contains a material change from the proposed order submitted with the initial filing.[5]

Applicable Authority

16.    Fed. R. Bankr. P. 9007 grants to the Court the authority to regulate notices, specifically with respect to "time within which, the entities to whom, and the form and manner in which the notice shall be given."  Moreover, under Fed. R. Bankr. P. 2002(m), the Court has the discretion to "from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent. . . ."  Furthermore, Courts in this district and other districts have authorized service of various filings by e-mail.  See, e.g., In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al., Case No. 09-50026 (Bankr. S.D.N.Y. Aug. 3, 2009) (ordered that "[i]f service is effected by the Debtors or the Committee via electronic transmission, the Debtors or the Committee, as applicable, shall not be required to serve paper copies on interested parties; service by electronic transmission shall satisfy the Court's rules for service and shall be effective as of the date the paper is electronically transmitted to the e-mail addresses listed on the Master Service List"); In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 22, 2008) (ordered that "if service is done by e-mail, the Debtors and the Committee shall not be required to serve a paper copy of Documents on interested parties by any other method and e-mail service shall satisfy the Court's rules for service"); In re Steve & Barry's Manhattan LLC, et al., Case No. 08-12579 (Bankr. S.D.N.Y. July 10, 2008) (ordered that "if service is done by e-mail, the Debtors shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail and

---

[5]    To the extent applicable, service pertaining to claims matters will continue to be governed by the Claims Procedures Order and the Administrative Claims Procedures Order.

e-mail service shall satisfy the Court's rules for services"); <u>In re Delta Air Lines, Inc., et al.</u>, Case No. 05-17923 (Bankr. S.D.N.Y. Oct. 6, 2005) (ordered that any party that does not provide an e-mail address must submit "an explanation setting forth the reason(s) for not including an e-mail address").

17.    In addition, at least one court from another district has authorized the reconstitution of service lists post-emergence.  <u>See, e.g.</u>, <u>In re Eagle Food Centers Inc., et al.</u>, Case No. 03-15299 (Bankr. N.D. Ill. June 30, 2005) (reconstituting master service list and 2002 service list post emergence).  Additionally, as stated above, any party that wishes to continue to receive all Filings may do so by submitting a written request to the Reorganized Debtors in accordance with the procedures set forth in this Motion.  The relief requested in this Motion is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest and granting such relief will not prejudice any creditor in these cases.  The Reorganized Debtors believe this is equitable because service by e-mail will not shorten a recipient's time to review and respond; to the contrary, parties will receive Filings one day sooner.  Finally, the parties affected by this Motion have access to all pleadings in these cases free of charge at www.dphholdingsdocket.com.

Notice

18.    Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Eighteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered April 5, 2010 (Docket No. 19774).  In light of the nature

of the relief requested, the Reorganized Debtors submit that no other or further notice is

necessary.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter

an order supplementing the Case Management Orders by (i) limiting service of future Filings in

these cases to only those parties listed on (a) the Post-Emergence Master Service List and (b) on

the Post-Emergence 2002 Service List, (ii) determining that service by e-mail shall satisfy the

Court's rules for service and shall be effective as of the date the Filing is electronically

transmitted to the e-mail addresses listed on the Post-Emergence Service Lists, and (iii) granting

such other and further relief as is just and proper.

Dated:    New York, New York
          April 30, 2010

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                          - and -

                                    By:   /s/ Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors

Exhibit A

DPH Holdings Corp.
Post-Emergence Master Service List

| Company | Contact | Address1 | Address2 | City | State | Zip | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | N/A | Counsel to United States Trustee |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | john.brooks@delphi.com | Reorganized Debtors |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq., Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | fgorman@honigman.com; rweiss@honigman.com | Counsel to General Motors Corporation |
| Weil, Gotshal & Manges LLP | Harvey R. Miller, Robert J. Lemons | 767 Fifth Avenue | | New York | NY | 10153 | harvey.miller@weil.com, robert.lemons@weil.com | Counsel to General Motors Corporation |
| Delphi Automotive Systems LLP | Sean Corcoran, Karen Craft, David M. Sherbin | 5725 Delphi Drive | | Troy | MI | 48098 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com david.sherbin@delphi.com | Delphi Automotive Systems LLP |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/30/2010 5:52 PM
f#1_01!.XLS

Exhibit B

| | |
|---|---|
| **United States Bankruptcy Court**<br>**Southern District of New York**<br>In re DPH Holdings Corp., et al.<br>Chapter 11<br>Case No. 05-44481 (RDD)<br>Jointly Administered | **Post-Emergence Master Service List**<br>**Request Form** |

**Name Of Party Requesting Inclusion On The Post-Emergence Master Service List:**


**Name Of Client, If Applicable,  Requesting Inclusion On The Post-Emergence Master Service List:**


**Name And Address Where Notices Should Be Sent:**


**Telephone No.:**

**Facsimile Number:**


**E-mail Address:**

**Reason(s) Service Must Be Received By U.S. Mail:**
**[Please use additional sheets of paper as needed.]**

| | |
|---|---|
| Date: | **By signing below the undersigned consents that electronic service shall constitute**<br>**acceptable service and hereby waives any objection to electronic service.**<br>Sign and print the name and title of party requesting inclusion on the Post-Emergence<br>Master Service List: |
| Date: | **By signing below the undersigned has set forth with specificity the reason(s) for not**<br>**accepting service by e-mail and will receive service by U.S. mail.**<br>Sign and print the name and title of party requesting inclusion on the Post-Emergence<br>Master Service List that has provided an explanation for exemption from service by E-mail: |

**Completed forms should be submitted to:**  (a) counsel to DPH Holdings Corp., Skadden, Arps, Slate, Meagher &
Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n:  Ron E. Meisler) and (b) Kurtzman Carson
Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

Exhibit C

| United States Bankruptcy Court<br>Southern District of New York<br>In re DPH Holdings Corp., et al.<br>Chapter 11<br>Case No. 05-44481 (RDD)<br>Jointly Administered | Post-Emergence 2002 Service List<br>Request Form |
|---|---|

**Name Of Party Requesting Inclusion On The Post-Emergence 2002 Service List:**

**Name Of Client, If Applicable,  Requesting Inclusion On The Post-Emergence 2002 Service List:**

**Name And Address Where Notices Should Be Sent:**

**Telephone No.:**

**Facsimile Number:**

**E-mail Address:**

**Reason(s) Service Must Be Received By U.S. Mail:**
**[Please use additional sheets of paper as needed.]**

| Date: | **By signing below the undersigned consents that electronic service shall constitute acceptable service and hereby waives any objection to electronic service.**<br>Sign and print the name and title of party requesting inclusion on the Post-Emergence 2002 Service List: |
|---|---|
| Date: | **By signing below the undersigned has set forth with specificity the reason(s) for not accepting service by e-mail and will receive service by U.S. mail.**<br>Sign and print the name and title of party requesting inclusion on the Post-Emergence 2002 Service List that has provided an explanation for exemption from service by E-mail: |

**Completed forms should be submitted to:**  (a) counsel to DPH Holdings Corp., Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n:  Ron E. Meisler) and (b) Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
          In re                                             :        Chapter 11
                                                            :
DPH HOLDINGS CORP., et al.,                                 :        Case No. 05-44481 (RDD)
                                                            :
                    Reorganized Debtors.                    :        (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CHANGES TO SERVICE LISTS AND
METHOD BY WHICH SERVICE MAY BE EFFECTUATED

PLEASE TAKE NOTICE that on October 6, 2009, Delphi Corporation ("Delphi")
and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the
above-captioned cases (collectively, the "Debtors"), substantially consummated the First
Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors
And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by
this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from
chapter 11 as DPH Holdings Corp. and certain affiliated reorganized debtors in the above-
captioned cases (collectively, the "Reorganized Debtors").

PLEASE TAKE FURTHER NOTICE that under the case management
procedures previously approved by this Court, the Reorganized Debtors are required to serve
notices, motions, applications, and all briefs, memorandum, affidavits, declarations, or other
documents filed in these cases (collectively, the "Filings") via (a) overnight delivery on certain
parties, as set forth more specifically in the Supplemental Order Under 11 U.S.C. §§ 102(1) And
105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates
And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006
(Docket No. 2883) (the "Supplemental Case Management Order" as supplemented and amended
from time to time, collectively, the "Case Management Orders") (the "Master Service List") and
(b) electronic transmission or fax upon each party (unless electronic service is not practicable, in
which case the filing party effects service by U.S. Mail) on parties that submitted a notice of
appearance in accordance with the Case Management Orders (the "2002 Service List").

PLEASE TAKE FURTHER NOTICE that because continued service of Filings
on the Master Service List and 2002 Service List in the manner previously approved by the Court
is costly and no longer appropriate in light of the fact the Modified Plan became effective more
than six months ago and because the majority of recently filed pleadings relate to very specific
disputes, the Reorganized Debtors have filed the Reorganized Debtors' Motion For Order Under
Fed. R. Bankr. P. 2002(m) And 9007 To Supplement The Case Management Orders By (a)
Limiting Service of All Future Filings And (b) Authorizing Service By Electronic Mail For All

Future Filings (the "Motion").  Pursuant to the Motion, the Reorganized Debtors seek authority to maintain a reconstituted Master Service List going forward (the "Post-Emergence Master Service List"), maintain a reconstituted 2002 Service List going forward (the "Post-Emergence 2002 Service List"), and allow all parties to serve all future Filings by electronic mail ("e-mail").

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors propose that the Post-Emergence Master Service List be limited to include only (i) the Reorganized Debtors and their counsel, (ii) the Office of the United States Trustee, (iii) General Motors Corporation and its counsel, (iv) Delphi Automotive LLP and its counsel, (v) each party currently listed on the Master Service List that makes a written request of the Reorganized Debtors in the form of the attached Post-Emergence Master Service List Request Form and either (a) consents to receive all Filings by e-mail or (b) sets forth with specificity the reason(s) for not accepting service by e-mail and will receive service by U.S. mail.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors propose that the Post-Emergence 2002 Service List be limited to include only (i) each party currently listed on the 2002 Service List that already receives all Filings by e-mail, (ii) each party currently listed on the 2002 Service List that receives all filings by U.S. mail that makes a written request of the Reorganized Debtors in the form of the attached Post-Emergence 2002 Service List Request Form and either (a) consents to receive all Filings by e-mail or (b) sets forth with specificity the reason(s) for not accepting service by e-mail and will receive service by U.S. mail, and (iii) all counsel having filed a notice of appearance in these cases on or after April 30, 2010, provided that only one copy of the Filings regardless of how many creditors or parties-in-interest such counsel represents, and provided further that such counsel shall be deemed to consent to e-mail service.

PLEASE TAKE FURTHER NOTICE that any party in interest that desires to be included on the Post-Emergence Master Service List shall submit the attached Post-Emergence Master Service List Request Form to (a) counsel to DPH Holdings Corp., Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n:  Ron E. Meisler) and (b) Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, the claims and noticing agent to the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that any party in interest that desires to be included on the Post-Emergence 2002 Service List shall submit the attached Post-Emergence 2002 Service List Request Form to (a) counsel to DPH Holdings Corp., Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n:  Ron E. Meisler) and (b) Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, the claims and noticing agent to the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that on May 20, 2010 at 10:00 a.m. (prevailing Eastern time) the Reorganized Debtors shall appear before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140 (the "Bankruptcy Court"), and then and there present the Motion.  Objections, if any, to the Motion must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Eighteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered April 5, 2010 (Docket No. 19774), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (e) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Room 116, White Plains, New York 10601-4140, and (f) be served in hard-copy form so that it is actually **received no later than 4:00 p.m. (prevailing Eastern time) on May 13, 2010** by (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President), (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: Ron E. Meisler), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n: Brian Masumoto), and (iv) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick).

Dated:    New York, New York
          April 30, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                      - and -
                                  Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                  Reorganized Debtors