**Hearing Date:  June 30, 2010**
          **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|       Reorganized Debtors. | : | (Jointly Administered) |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE
CLAIM NUMBER 17330 (RANDY D. AUSTIN)

("STATEMENT OF DISPUTED ISSUES – RANDY D. AUSTIN")

      DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-

captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of

Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 17330 filed by Randy D. Austin (the "Statement Of Disputed Issues") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On July 6, 2009, Randy D. Austin (the "Claimant"), a retired employee of the Debtors, filed proof of administrative expense claim number 17330 (the "Administrative Claim") against Delphi Corporation. The Administrative Claim asserts an administrative expense claim in the amount of (i) $35,260.00 for benefits arising under a severance agreement plus (ii) outplacement services (the "Claim").

3. On November 6, 2009, the Reorganized Debtors objected to the Administrative Claim pursuant to the Reorganized Debtors' Thirty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain Administrative Expense (I) Workers' Compensation Claims, (II) Workers' Compensation Claims Transferred To GM Buyers, And (III) Severance Claims (Docket No. 19045) (the "Thirty-Ninth Omnibus Claims Objection"), seeking entry of an order disallowing and expunging the Administrative Claim because it was not owing by the Reorganized Debtors pursuant to their books and records.

4. Mr. Austin submitted an undocketed letter in response to the Thirty-Ninth Omnibus Claims Objection (the "First Response").

5. On February 12, 2010, the Reorganized Debtors objected to the Administrative Claim pursuant to the Reorganized Debtors' Forty-Fifth Omnibus Objection

2

Pursuant To 11 U.S.C. § 503(B) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19423) (the "Forty-Fifth Omnibus Claims Objection").

6.  On March 8, 2010, Mr. Austin submitted a letter in response to the Forty-Fifth Omnibus Claims Objection (Docket No. 19651) (the "Second Response," and together with the First Response, the "Responses"), asserting that the Debtors have satisfied the $35,260.00 asserted in the Administrative Claim, but requests an arbitrary amount of $5,000.00 for the denial of outplacement services.

## Disputed Issues

A.  <u>Delphi Corporation Does Not Owe Mr. Austin The Amount Asserted In The Administrative Claim</u>

7.  The Reorganized Debtors have reviewed the information attached to the Administrative Claim and the Responses and dispute that they owe the amount asserted in the Administrative Claim for outplacement services.

8.  First, the Delphi Separation Allowance Plan Employee Policy, Benefit and Outplacement Services Information (the "Separation Plan") was reviewed both in writing and verbally with Mr. Austin during his separation meeting on March 2, 2009 (the "Separation Meeting"). During the Separation Meeting, each page of the Separation Plan was reviewed with Mr. Austin, including page three of the Separation Plan, which states that "[t]he local HR Representative will assist on scheduling outplacement service. Use of the outplacement service should commence within sixty days of separation and will be generally limited to six months in

3

duration." Mr. Austin signed his separation and release agreement on April 17, 2009 and was told that he must initiate contact with his human resources representative between his separation date (May 1, 2009) and sixty days thereafter. Mr. Austin did not contact anyone regarding outplacement services until July 17, 2009, nearly three weeks after his deadline.

9. In addition, Mr. Austin does not deny having the Separation Plan in his possession or being informed of the deadline to contact his human resources representative. Rather, Mr. Austin rests his entire argument on the fact that the language included on page three of the Separation Plan uses the word "should" as opposed to "must" when describing the process for an employee to initiate contact with sixty days of separation. Although the policy said "should," Mr. Austin was informed that he needed to initiate contact with human resources within 60 days and in practice that is how the policy was applied. Mr. Austin was not the only separated employee who tried to utilize outplacement services after the expiration of the 60 days. According to the Debtors' contract with the outplacement services provider, outplacement services were only provided to those employees that initiated contact within 60 days of separation. No exceptions were made after the expiration of the 60 days. Mr. Austin has not shown that he should be an exception now.

10. Second, Mr. Austin provides no basis for choosing an arbitrary cash remedy for the denial of outplacement services. Because Mr. Austin failed to initiate contact with his human resources representative within 60 days of his separation, he was not entitled to outplacement services. Moreover, as Mr. Austin asserts in his Second Response, he has received full satisfaction of the cash aspect of his claim. He was denied outplacement services and arbitrarily assigns a value of $5,000.00 for the denied outplacement services. The Debtors did

not provide any employees with monetary benefits in lieu of outplacement services. Accordingly, the Claim should be disallowed.

### Reservation Of Rights

11.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), as applicable under the Order Pursuant To 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Administrative Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
May 3, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP

                              By: /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois  60606

                              - and -

                              By: /s/ Kayalyn A. Marafioti
                                  Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York  10036

                              Attorneys for DPH Holdings Corp., et al.,
                                Reorganized Debtors