**Hearing Date:  June 30, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|     Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

### REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 20017 (ANDREW C. GREGOS)

("STATEMENT OF DISPUTED ISSUES – ANDREW C. GREGOS")

       DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of

Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 20017 filed by Andrew C. Gregos (the "Statement Of Disputed Issues") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On November 5, 2009, Andrew C. Gregos (the "Claimant"), a former employee of the Debtors, filed proof of administrative expense claim number 20017 (the "Administrative Claim") against Delphi Corporation. The Administrative Claim asserts an administrative expense claim in the amount of $528,443.24 for benefits arising under extended disability benefits and medical retirement (the "Claim").

3. On January 22, 2010, the Reorganized Debtors objected to the Administrative Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) ("Forty-Third Omnibus Claims Objection"), seeking entry of an order disallowing and expunging the Administrative Claim because it was not owing by the Reorganized Debtors pursuant to their books and records.

2

4.      On February 18, 2010, Mr. Gregos submitted a letter in response to the Forty-Third Omnibus Claims Objection (the "Response") asserting that he is appealing the Employee Benefit Plans Committee's (the "EBPC") decision to deny his medical retirement request.

Disputed Issues

A.  Delphi Corporation Does Not Owe Mr. Gregos The Amount Asserted In The Administrative Claim

5.      The Reorganized Debtors have reviewed the information attached to the Administrative Claim and the Response and dispute that they owe the amount asserted in the Administrative Claim for the denial of extended disability benefits ("EDB") or medical retirement.

6.      Mr. Gregos has not performed work for the Debtors since September 15, 2006 and had received EDB from that time through August 13, 2009.  During his leave, the Debtors were informed by Dr. Thomas Jones, the doctor who had performed a knee surgery on Mr. Gregos, that Mr. Gregos had been approved to return to work.  On August 14, 2009, Mr. Gregos returned to the Debtors' medical department for an evaluation of his fitness to return to work.  Dr. Tochtenhagen, the Debtors' approved doctor, determined that Mr. Gregos was able to return to work by sitting for a half hour and standing for an hour.  The Debtors' EDB plan language provided that to receive EDB benefits, an employee must be "found to be wholly prevented from engaging in regular employment or occupation with the Corporation at the location where the Employee last worked for remuneration or profit."  Because Mr. Gregos was rendered fit to work at his facility, the Debtors' EDB administrator reasonably determined that he was no longer entitled to EDB.  Furthermore, although Mr. Gregos was declared medically able to return to work, his job had been eliminated as part of the Debtors' ongoing restructuring

efforts while he had been on EDB leave.  Accordingly, because he had been rendered fit to return to work, Mr. Gregos was no longer entitled to EDB, regardless of the fact that his job was no longer available; therefore, the Administrative Claim should be disallowed.

7. Mr. Gregos noted in his response that any finding of the EBPC is "final and binding," but he may pursue a civil action under Section 502(a) of the Employee Retiree Income Security Act of 1974, as amended ("ERISA").  At best, Mr. Gregos has a contingent claim that rests on pending ERISA litigation, which may be subject to the injunction set forth in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan") and the order approving the Modified Plan entered on July 30, 2009 (Docket No. 18707).  Accordingly, the Administrative Claim should be disallowed subject to any rights that Mr. Gregos may have under 11 U.S.C. § 502(j).

## Reservation Of Rights

8. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") as applicable under the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or

4

reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Administrative Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
       May 3, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM LLP


                              By: /s/ John Wm. Butler, Jr.
                                     John Wm. Butler, Jr.
                                     John K. Lyons
                                     Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois  60606

                              - and -


                              By: /s/ Kayalyn A. Marafioti
                                     Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York  10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors