Amy M. Tonti Esq.
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
Tel:  412-288-3274
Fax:  412-288-3063

Attorneys for Defendants

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DPH HOLDINGS CORP., *et al.*, | ) | Bankruptcy Case No. 05-44481 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Case No. 07-02433 |
| | ) | |
| v. | ) | |
| | ) | |
| NORILSK NICKEL USA INC. | ) | |
| NORILSK NICKEL USA, | ) | |
| | ) | |
| Defendants. | ) | |

**NORILSK NICKEL USA, INC.'S OBJECTION TO DEBTORS'
CASE MANAGEMENT MOTION AND JOINDER IN (A) LIMITED
OBJECTION OF MICROCHIP TECHNOLOGY INCORPORATED
TO REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT
ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY
PROCEEDINGS; AND (B) OBJECTION OF AURAMET TRADING LLC
REGARDING DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER
ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS**

NORILSK NICKEL USA, INC. ("Norilsk"), by and through its undersigned counsel,

hereby objects to the Debtors' Motion for a Case Management Order dated March 17, 2010, and

joins in the Objections of Microchip Technology Incorporated ("Microship") [Docket No.

US_ACTIVE-103626731.2

19794] and Auramet Trading LLC ("Auramet") [Docket No. 19793] to the Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings (the "Case Management Motion"). In support of this Objection and Joinder, Norilsk states as follows:

1.  Norilsk Nickel USA, Inc. is a business corporation organized and existing under the laws of the State of Pennsylvania and maintains its corporate headquarters in Pittsburgh, Pennsylvania and is a supplier of precious and semi-precious metals. "Norilsk Nickel USA, Inc." is its true and correct corporate name and *not* Norilsk Nickel USA.

2.  On October 8, 2005, ("Petition Date") Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3.  Prior to the Petition Date, Norilsk was a party with the Debtors to purchase orders and long term agreements (collectively, the "Supply Agreements") for the purchase and sale of metals.

4.  On August 6, 2007, the Debtors filed a motion seeking to establish certain procedures for adversary proceedings (the "Procedures Motion") which requested, among other things, that (i) the time to serve summonses and complaints be extended, (ii) the adversary proceedings subject to the motion be stayed until service of process was effectuated, and (iii) the Debtors be permitted to file adversary complaints under seal. This Court entered an order approving the Procedures Motion (the "Procedures Order") on August 16, 2007. The Affidavit of Service filed at Docket No. 9037 does not indicate that Norilsk was served with the Procedures Motion. Similarly, the Affidavit of Service with respect to the Order approving the

Procedures Motion, filed at Docket No. 9141, does not indicate that Norilsk was served with the Order Approving the Procedures Motion.

5. Upon information and belief, on or about September 28, 2007, the Debtors filed with this Court under seal a Complaint against the above-captioned Defendants seeking, among other things, to avoid and recover alleged preferential transfers pursuant to section 547 and 550 of the Bankruptcy Code (the "Complaint"). The Clerk of this Court has assigned number 07-02433-rdd to this adversary proceeding (the "Adversary Proceeding").

6. On February 28, 2008, the Debtors filed a motion to extend (the "First Motion to Extend") the time for service of the summonses and complaints subject to the Procedures Order. In the Motion to Extend, the Debtors expressly identified certain parties subject to the extension. Norilsk, however, was not one of the parties identified. The relief requested in the First Motion to Extend was granted pursuant to this Court's Order dated March 28, 2008. Norilsk was not named in the First Motion to Extend, nor was Norilsk served with the First Motion to Extend when it was filed.

7. The Debtors thereafter filed additional, similar motions with this Court seeking extensions of the time for service of the summonses and complaints subject to the Procedures Order (the "Additional Motions to Extend"). Norilsk was not identified in the Additional Motions to Extend, nor was Norilsk served with the Additional Motions to Extend when it was filed. The relief requested in these Additional Motions was thereafter granted pursuant to separate orders subsequently entered by this Court.

8. On March 24, 2010, Norilsk received by mail the Summons and Complaint seeking recovery of $6,367,078.50 in alleged preferences. By letter dated April 1, 2010, and after receiving the Complaint, Norilsk supplied Debtor's counsel with the invoices, shipping

receipts, bank statements and other contract documents relating to the preference period and the transactions listed in the Complaint which clearly indicate that (a) the amounts are double stated in the Complaint and (b) no preference exists. Norilsk's counsel asked that the Complaint be dismissed. The Plaintiff's counsel and Norilsk's counsel agreed to an extension of time to answer or otherwise respond to the Complaint until May 21, 2010, with the pretrial conference to be held on June 30, 2010, which was confirmed in writing by Plaintiff's counsel.

9. Norilsk had no prior notice of this suit until March 24, 2010, despite the filing of the Complaint on or about September 28, 2007.

10. On or about April 21, 2010, Norilsk's counsel received the orders approving the First Motion to Extend and the Additional Motions to Extend.

11. Despite having not served Norilsk with the Complaint until March 24, 2010, the Debtors filed the Case Management Motion allegedly applicable to the Adversary Proceeding.

12. The Debtors did not serve Norilsk with a copy of the Motion for a Case Management Order dated March 17, 2010; what was served on April 21, 2010 was an Affidavit of Service that referred to the rescheduling of the hearing on the Motion for a Case Management Order dated March 17, 2010. Upon receipt of the Affidavit of Service, Norilsk's counsel obtained the Motion for a Case Management Order dated March 17, 2010 and proposed order.

13. Nor was Norilsk given the opportunity to meet and confer with opposing counsel to establish a reasonable case management plan for the parties, as contemplated by rule. *See* Fed. R. Bankr. P. 7026(f).

14. A number of parties including Microchip and Auramet, have filed additional objections to the Case Management Motion.

- 4 -

15. Upon review of the objections filed by Microchip and Auramet, Norilsk also joins in all arguments made therein and incorporates such arguments by reference in this Objection and Joinder.

16. Norilsk reserves all of its rights related to and defenses to the claims asserted in the Complaint including, but not limited to, those based upon statutes of limitations, judicial estoppel, other principles of estoppel, laches, waiver and release.

### **WAIVER OF MEMORANDUM**

17. Norilsk respectfully requests that this Court waive the requirement contained in Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted because the issues raised in this Joinder are not novel. To the extent that this Court determines that a memorandum of law is required, Norilsk requests that it be allowed to submit one at a date to be determined by the Court.

WHEREFORE, Norilsk Nickel USA, Inc. respectfully requests that this Court enter an order (i) denying all the relief requested in the Case Management Motion; and (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated: May 4, 2010         **REED SMITH LLP**
Pittsburgh, PA

By: /s/ *Amy M. Tonti*
Amy M. Tonti, Esq.
Reed Smith Center
225 Fifth Avenue
Pittsburgh, PA  15222
Tel:  412-288-3274
Fax:  412-288-3063
atonti@reedsmith.com