**Hearing Date And Time: June 30, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: June 23, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
|  | : | (Jointly Administered) |
| Reorganized Debtors. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO
DISALLOW AND EXPUNGE (A) CERTAIN BOOKS AND RECORDS
CLAIMS AND (B) CERTAIN DUPLICATE CLAIMS ASSERTED IN
MOTIONS OR REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE

("FORTY-EIGHTH OMNIBUS CLAIMS OBJECTION ")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit this Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And (B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative Expense (the "Forty-Eighth Omnibus Claims Objection" or the "Objection"), and respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388).  The Court entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation Order") on January 25, 2008, and the order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (Docket No. 16646) (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.

This Court entered an order approving the Modified Plan (Docket No. 18707) (the "Modification

Approval Order") on July 30, 2009.

       4.      On October 6, 2009 (the "Effective Date")[1], the Debtors substantially

consummated the Modified Plan and closed the transactions under the Master Disposition

Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC,

General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation),

DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi

Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and

buyers party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries

and affiliates, acquired substantially all of the Debtors' global core businesses, and GM

Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S.

manufacturing plants and the Debtors' non-core steering business, respectively.  The

Reorganized Debtors have emerged from reorganization as DPH Holdings and affiliates and

remain responsible for the post-Effective Date administration of these chapter 11 cases,

including the disposition of certain retained assets, the payment of certain retained liabilities as

provided for under the Modified Plan, and the eventual closing of the cases.

       5.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§

157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

---

[1]    Capitalized terms used but not defined in this Objection have the meanings ascribed to them in the Modified Plan.

6.     The statutory predicates for the relief requested herein are sections 503(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.     Administrative Claims Bar Dates

7.     Pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date entered June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"), this Court established July 15, 2009 (the "July 15 Bar Date") as the bar date for asserting a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") for the period from the commencement of these cases through June 1, 2009.[2]  On or before June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, and Financial Balloting Group LLC, the Debtors' noticing and voting agent or their agents, to transmit with the resolicitation materials in connection with the Modified Plan a Notice Of Bar Date For Filing Proofs Of Administrative Expense describing the procedures for asserting an Administrative Claim.

8.     In addition, Articles 1.5 and 10.5 of the Modified Plan established 30 days after the Effective Date (as defined in the Modified Plan) (the "Post-Emergence Bar Date") as the

---

[2]     On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

bar date for asserting an Administrative Claim for the period between June 1, 2009 and the

Effective Date, unless otherwise ordered by this Court.[3]  Because the Effective Date was October

6, 2009, the Post-Emergence Bar Date was November 5, 2009.  On or before October 6, 2009, in

accordance with the Modified Plan, the Reorganized Debtors caused KCC to transmit to all

parties identifying themselves as creditors of the Reorganized Debtors, as well as those holding

equity interests in the Reorganized Debtors, a Notice Of (A) Order Approving Modifications To

First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates,

Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date.  The notice

described, among other things, the procedures for asserting an Administrative Claim arising

between June 1, 2009 and the Effective Date.

>9.     On or before June 22, 2009, the Debtors published the notice of the July

15 Bar Date in the <u>Detroit News & Free Press</u>, the <u>New York Times</u> (National Edition), the <u>Wall

Street Journal</u> (National, Europe, and Asian Editions), and <u>USA Today</u> (Worldwide Edition) and

electronically through posting on the then-current Delphi Legal Information Website.  After

notices of the July 15 Bar Date and Post-Emergence Bar Date were given, 3,222 proofs of

administrative expense were filed against the Debtors and the Reorganized Debtors.

>10.     On July 31, 2009, the Debtors filed a Motion For Order Pursuant To 11

U.S.C. §§ 105(a) And 503(b) For Order Authorizing Debtors To Apply Claims Objection

Procedures To Administrative Expense Claims (Docket No. 18715) (the "Administrative Claims

Procedures Motion"), in which the Debtors requested that certain claims objection procedures set

forth in the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016,

---

[3]     Professional Claims were not subject to the Post-Emergence Bar Date and were instead subject to the provisions
of Article 10.3 of the Modified Plan.

7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To

Claims And (II) Certain Notices And Procedures Governing Objections To Claims entered by

this Court on December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order")

be applied to the adjudication of Administrative Claims.  On October 22, 2009, this Court

entered an order granting the Administrative Claims Procedures Motion (Docket No. 18998) (the

"Administrative Claims Objection Procedures Order").

       11.     The Reorganized Debtors have filed seven omnibus objections to

Administrative Claims, six of which have been heard by the court.[4]  After hearing six of these

omnibus objections,[5] this Court disallowed and expunged approximately 2,480 Administrative

Claims.  In addition, the hearings with respect to approximately 400 Administrative Claims were

adjourned pursuant to the Claims Objection Procedures Order and the Administrative Claims

Objection Procedures Order.

       12.     Pursuant to Article 10.5 of the Modified Plan, the deadline for the

Reorganized Debtors to object to Administrative Claims is 180 days after the Post-Emergence

Bar Date.  At this time, the Reorganized Debtors' have resolved or objected to all proofs of

administrative expense filed in these cases.  However, throughout these cases, various parties

have filed either motions or requests for payment of administrative expense asserting

Administrative Claims (the "Motions").  Many of these Motions have previously been withdrawn

or are otherwise resolved.  For those that remain unresolved, the Reorganized Debtors believe

---

[4]    Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . .."  Modified Plan, art. 9.6.

[5]    The sixth of these omnibus objections was heard by this Court on April 22, 2010.  The seventh will be heard on May 20, 2010.

that the Administrative Claims asserted in these Motions should be handled pursuant to the

claims procedures set forth in the Claims Objection Procedures Order and Administrative Claims

Objection Procedures Order.  For those motions that have corresponding proofs of administrative

expense, the Reorganized Debtors believe that the Administrative Claims asserted in such

Motions are already subject to the procedures set forth in the Claims Objection Procedures Order

and the Administrative Claims Objection Procedures Order, but out of an abundance of caution

the Reorganized Debtors hereby object to such motions as well.  In addition, the Reorganized

Debtors have identified additional Motions, including, without limitation, certain requests to

supplement previously filed Motions, for which no corresponding claim was filed. Out of an

abundance of caution, the Reorganized Debtors object to the claims asserted in such Motions and,

to the extent they are not denied by this Objection, request that they be subject to the Claims

Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Relief Requested

13.    By this Objection, the Reorganized Debtors object to nine motions or

requests for payment of administrative expense[6] (the "Motions") and seek entry of an order

pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a) disallowing

and expunging (a) the Motions set forth on Exhibit A hereto because such Motions assert

liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and

records and (b) the Motions set forth on Exhibit B hereto because such Motions assert liabilities

---

[6]    All Motions are set forth by movant in alphabetical order on Exhibit C hereto and cross-referenced by docket
number of the motion.

and dollar amounts that in certain instances are duplicative of certain proofs of administrative

expense.[7]

Objections To Claims

C.       Books And Records Claims

14.       During their review of the Motions, the Reorganized Debtors determined

that certain Motions filed against the Debtors or the Reorganized Debtors, as the case may be,

assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books

and records (the "Books And Records Claims").  Accordingly, the Reorganized Debtors believe

that the parties asserting Books And Records Claims are not creditors of the Debtors.

15.       The burden is on the claimant asserting an Administrative Claim to prove

by a preponderance of evidence that the allowance of the Administrative Claim is justified.  See

In re United States Lines, Inc., 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989); In re Nat'l Steel Corp.

et al., 316 B.R. 287, 300 (Bankr. N.D. Ill. 2004); Solow v. Am. Airlines (In re Midway Airlines),

221 B.R. 411, 446 (Bankr. N.D. Ill. 1998); In re Alumni Hotel Corp., 203 B.R. 624, 630 (Bankr.

E.D. Mich. 1996).  Because the holders of Books And Records Claims have failed to do this,

their Books And Records Claims should be disallowed and expunged.

16.       Set forth on Exhibit A are the Books And Records Claims that the

Reorganized Debtors have identified as Administrative Claims for which the Debtors are not

liable.  These Books And Records Claims should be disallowed and expunged and the

corresponding Motions should be denied.  If this Court does not disallow and expunge any

---

[7]    Pursuant to Article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and
records.

Books And Records Claim in its entirety, the Reorganized Debtors expressly reserve all of their

rights to further object to such Books And Records Claim at a later date on any basis whatsoever.

17.    Accordingly, the Reorganized Debtors (a) object to the Books And

Records Claims and (b) seek entry of an order disallowing and expunging the Books And

Records Claims in their entirety.

D.    Duplicate Claims

18.    During their review of the Motions, the Reorganized Debtors determined

that certain Motions assert Administrative Claims that in certain instances are duplicative (the

"Duplicate Claims") of proofs of administrative expense filed by such parties (the "Proofs of

Administrative Expense") or seek to supplement those claims. Because these Motions assert or

seek to supplement previously asserted Administrative Claims, such claims and requests to

supplement should be handled according to the claims process set forth by the terms of the Claims

Objection Procedures Order and the Administrative Claims Objection Procedures Order.   The fact

that particular claimants have filed Motions provides no reason to treat them differently from or

better than other parties that have filed Administrative Claims or to vary from this Court's

established procedures.

19.    Accordingly, the Reorganized Debtors (a) object to the Duplicate Claims

on Exhibit B and (b) seek entry of an order disallowing and expunging the Duplicate Claims in

their entirety without prejudice to the Proofs of Administrative Expense listed on Exhibit B, which

are already subject to the procedures set forth in the Claims Procedures Objection Order and

Administrative Claims Objection Procedures Order, and denying the corresponding Motions.  If

this Court does not disallow and expunge any Duplicate Claim in its entirety, the Reorganized

Debtors expressly reserve all of their rights to further object to such Duplicate Claim at a later date

on any basis whatsoever.

## Separate Contested Matters

20.     Pursuant to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, (a) if a response to this Objection is filed, the objection to each Administrative Claim covered by such response will be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014 and (b) any order entered by this Court with respect to an Administrative Claim addressed by this Objection will be deemed a separate order with respect to each such Administrative Claim.

## Reservation Of Rights

21.     The Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Objection and to file additional objections to any other Claims (filed or not) which may be asserted against the Reorganized Debtors, including, without limitation, the right to object to any Claim not subject to this Objection on the basis that it was asserted against the wrong Debtor entity or was untimely filed.  Should one or more of the grounds stated in this Objection be dismissed, the Reorganized Debtors reserve their rights to object on other stated grounds or on any other grounds that the Reorganized Debtors may discover.  In addition, the Reorganized Debtors reserve the right to seek further reduction of any Administrative Claim to the extent that such Administrative Claim has already been paid.

## Responses To Objections

22.     Because the Motions assert Administrative Claims, the Reorganized Debtors request that responses to this Objection be governed by the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.  The following summarizes the provisions of the Claims Objection Procedures Order, but is qualified in all respects by the express terms thereof.

E.      Filing And Service Of Responses

23.      The Reorganized Debtors propose that, to contest an objection, responses (each, a "Response"), if any, to this Objection must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Eighteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered April 5, 2010 (Docket No. 19774) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with this Court in accordance with General Order M-242 (as amended) – registered users of the Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, Room 116, White Plains, New York 10601-4140, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: President) and (ii) counsel to the Reorganized Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl), in each case so as to be **received no later than 4:00 p.m. (prevailing Eastern time) on June 23, 2010**.

F.       Contents Of Responses

24.      The Reorganized Debtors further propose that every Response to this

Objection must contain at a minimum the following:

      (a)      the title of the claims objection to which the Response is directed;

      (b)      the name of the claimant and a brief description of the basis for the
amount of the Administrative Claim;

      (c)      a concise statement setting forth the reasons why the
Administrative Claim should not be disallowed and expunged,
including, but not limited to, the specific factual and legal bases
upon which the claimant will rely in opposing the claims objection;

      (d)      unless already set forth in the Motion previously filed with this
Court, documentation sufficient to establish a prima facie right to
payment; provided, however, that the claimant need not disclose
confidential, proprietary, or otherwise protected information in the
Response; provided further, however, that the claimant must
disclose to the Reorganized Debtors all information and provide
copies of all documents that the claimant believes to be
confidential, proprietary, or otherwise protected and upon which
the claimant intends to rely in support of its Administrative Claim,
subject to appropriate confidentiality constraints;

      (e)      to the extent that the Administrative Claim is contingent or fully or
partially unliquidated, the amount that the claimant believes would
be the allowable amount of such Administrative Claim upon
liquidation of the Administrative Claim or occurrence of the
contingency, as appropriate; and

      (f)      the address(es) to which the Reorganized Debtors must return any
reply to the Response, if different from the address(es) presented in
the Administrative Claim.

G.       Timely Response Required

25.      If a Response is properly and timely filed and served in accordance with

the foregoing procedures, the Debtors propose that, in accordance with the Claims Objection

Procedures Order, the hearing on the relevant Administrative Claims covered by the Response

will be adjourned to a future hearing, the date of which will be determined by the Reorganized

Debtors, by serving notice to the Claimant as provided in the Claims Objection Procedures Order.

With respect to all uncontested objections, the Reorganized Debtors request that this Court conduct a final hearing on June 30, 2010, at 10:00 a.m. (prevailing Eastern time).  The procedures set forth in the Claims Objection Procedures Order will apply to all Responses and hearings arising from this Objection.

26.    <u>Pursuant to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, only those Responses made in writing and timely filed and received will be considered by this Court.  If a claimant whose Motion is subject to the Objection and who is served with this Objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors may present to this Court an appropriate order seeking relief with respect to such Administrative Claim consistent with the relief sought in this Objection without further notice to the claimant.  Provided further, however, that if the claimant files a timely Response which does not include the required minimum information required by the foregoing procedures, the Reorganized Debtors may seek disallowance and expungement of the relevant Administrative Claim or Claims.</u>

Further Information

27.    Questions about this Forty-Eighth Omnibus Claims Objection or requests for additional information about the proposed disposition of Administrative Claims hereunder should be directed to the Reorganized Debtors' counsel by e-mail to dphholdings@skadden.com, by telephone at 1-800-718-5305, or in writing to Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Michael W. Perl).  Questions regarding the amount of a Claim or the filing of a Administrative Claim should be directed to KCC at 1-888-249-2691 or

www.dphholdingsdocket.com.  Claimants should not contact the Clerk of the Bankruptcy Court to discuss the merits of their Administrative Claims.

Notice

28.     Notice of this Objection has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Eighteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered April 5, 2010 (Docket No. 19774).  The Reorganized Debtors will provide each claimant whose Motion is subject to an objection pursuant to this Objection with a copy of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) granting the relief requested herein and (b) granting the Reorganized Debtors such

other and further relief as is just.

Dated:   New York, New York
         May 4, 2010

                                SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM LLP


                                By:   /s/ John Wm. Butler, Jr.
                                      John Wm. Butler, Jr.
                                      John K. Lyons
                                      Ron E. Meisler
                                155 North Wacker Drive
                                Chicago, Illinois 60606

                                      - and -


                                By:   /s/ Kayalyn A. Marafioti
                                      Kayalyn A. Marafioti
                                Four Times Square
                                New York, New York 10036

                                Attorneys for DPH Holdings Corp., et al.,
                                   Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

            In re                         :        Chapter 11

                                            :

DPH HOLDINGS CORP., et al.,           :        Case No. 05-44481 (RDD)

                                            :

                     Reorganized Debtors.     :        (Jointly Administered)

                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (A) CERTAIN BOOKS AND
RECORDS CLAIMS AND (B) CERTAIN DUPLICATE CLAIMS ASSERTED IN
MOTIONS OR REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE

("FORTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

           Upon the Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And

(B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative

Expense (the "Forty-Eighth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings

Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively,

the "Reorganized Debtors"), dated May 4, 2010; and upon the record of the hearing held on the

Forty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-
Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.      Each holder of a claim for an administrative expense under section

503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A and B

hereto was properly and timely served with a copy of the Forty-Eighth Omnibus Claims

Objection, the proposed order granting the Forty-Eighth Omnibus Claims Objection, and notice

of the deadline for responding to the Forty-Eighth Omnibus Claims Objection.  No other or

further notice of the Forty-Eighth Omnibus Claims Objection is necessary.

      B.      This Court has jurisdiction over the Forty-Eighth Omnibus Claims

Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Eighth Omnibus Claims Objection

is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Eighth

Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.      The Administrative Claims asserted in the Motions listed on Exhibit A

assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors'

books and records (the "Books And Records Claims").

      D.      The Administrative Claims asserted in the Motions listed on Exhibit B are

duplicative of, or seek to supplement, other Administrative Claims (the "Duplicate Claims").

      E.      Exhibit C hereto sets forth each of the Motions referenced on Exhibits A

and B in alphabetical order by movant and cross-references each Administrative Claim asserted

in the Motions by (i) docket number of the Motion and (ii) basis of objection.

      F.      Good cause exists to apply the procedures set for in the Order Pursuant To

11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11

U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To

Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative

Claims Objection Procedures Order") to the motions or requests for payment of administrative

expense (the "Motions").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      The Claims Objection Procedures Order and the Administrative Claims

Objection Procedures Order shall apply to all Administrative Claims and requests to supplement

Administrative Claims asserted in the Motions that are subject to the Objection.

2.      Each Books And Records Claim asserted in the Motions listed on <u>Exhibit</u>

<u>A</u> hereto is hereby disallowed and expunged in its entirety.

3.      Each Duplicate Claim asserted in the Motions listed on <u>Exhibit B</u> hereto is

hereby disallowed and expunged in its entirety.

4.      Entry of this order is without prejudice to the Reorganized Debtors' rights

to object, on any grounds whatsoever, to any other administrative expense claims in these

chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-

Eighth Omnibus Claims Objection, except as such claims may have been settled and allowed.

5.      This Court shall retain jurisdiction over the Reorganized Debtors and the

holders of Administrative Claims subject to the Forty-Eighth Omnibus Claims Objection to hear

and determine all matters arising from the implementation of this order.

3

6.      Each of the objections by the Reorganized Debtors to each Administrative

Claim addressed in the Forty-Eighth Omnibus Claims Objection and attached hereto as <u>Exhibits</u>

<u>A</u> and <u>B</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This

order shall be deemed a separate order with respect to each Administrative Claim that is the

subject of the Forty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only

to the contested matter which involves such Administrative Claim and shall not act to stay the

applicability or finality of this order with respect to the other contested matters covered hereby.

7.      Kurtzman Carson Consultants LLC is hereby directed to serve this order,

including exhibits, in accordance with the Claims Objection Procedures Order and the

Administrative Claims Objection Procedures Order.


Dated:  White Plains, New York
         June ___, 2010


_____
     UNITED STATES BANKRUPTCY JUDGE

In re DPH Holdings Corp., et al.                    Forty-Eighth Omnibus Claims Objection
Case No. 05-44481 (RDD)

## EXHIBIT A – BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME | DOCKET NUMBER | ASSERTED ADMINISTRATIVE CLAIM AMOUNT | DATE FILED | DOCKETED DEBTOR(S) |
|---|---|---|---|---|
| ATEL LEASING CORPORATION ATTN V MORAIS OR R WILDER 600 CALIFORNIA ST 6TH FL SAN FRANCISCO, CA 94108 | 6990 | UNLIQUIDATED | 07/28/2006 | DELPHI CORPORATION (05-44481) |
| COMPUTER SCIENCES CORPORATION RAYMOND J URBANIK ESQ MUNSCH HARDT KOPF & HARR PC 3800 LINCOLN PLAZA 500 N AKARD ST DALLAS, TX 75201 | 16601 | $28,823,485.00 | 05/06/2009 | DELPHI CORPORATION (05-44481) |
| KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY 11553-3622 | 4869 | UNLIQUIDATED | 08/07/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) AND PACKARD HUGHES INTERCONNECT COMPANY (05-44626) |
| OKALOOSA COUNTY TAX COLLECTOR PO BOX 1390 NICEVILLE, FL 32588-1390 | 7588 | UNLIQUIDATED | 04/06/2007 | DELPHI CORPORATION (05-44481) |
| POLK COUNTY PO BOX 1189 LAKELAND, FL 33831 | 7259 | $1,530.33 | 03/13/2007 | DELPHI CORPORATION (05-44481) |

**In re DPH Holdings Corp., et al.**

**Case No. 05-44481 (RDD)**

**Forty-Eighth Omnibus Claims Objection**

### EXHIBIT B – DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED / MOTION TO BE DENIED | SURVIVING CLAIM |
|---|---|
| Docket No.    16655 — Debtor: DELPHI CORPORATION (05-44481)<br><br>Date Filed:    06/04/2009<br><br>Movant:<br><br>CENTRAL TRANSPORT INTERNATIONAL, INC.<br>GEOFFREY T PAVLIC ESQ<br>STEINBERG SHAPIRO & CLARK<br>24901 NORTHWESTERN HWY STE 611<br>SOUTHFIELD, MI  48075<br><br>Total Asserted:    $89,972.35 | Claim:    18667 — Debtor: DELPHI CORPORATION (05-44481)<br><br>Date Filed:    07/14/2009<br><br>Creditor's Name:<br><br>CENTRAL TRANSPORT INTERNATIONAL, INC.<br>GEOFFREY T PAVLIC ESQ<br>STEINBERG SHAPIRO & CLARK<br>24901 NORTHWESTERN HWY STE 611<br>SOUTHFIELD, MI  48075<br><br>Secured:<br>Priority:<br>Administrative:    $89,972.35<br>Unsecured:<br>_____<br>Total:    $89,972.35 |
| Docket: No    16601 — Debtor: DELPHI CORPORATION (05-44481)<br><br>Date Filed:    05/06/2009<br><br>Movant :<br><br>COMPUTER SCIENCES CORPORATION<br>RAYMOND J URBANIK ESQ<br>MUNSCH HARDT KOPF & HARR PC<br>3800 LINCOLN PLAZA<br>500 N AKARD ST<br>DALLAS, TX 75201-6659<br><br>Total Asserted:    $28,823,485.00 | Claim:    19166 — Debtor: DELPHI CORPORATION (05-44481)<br><br>Date Filed:    07/15/2009<br><br>Creditor's Name:<br><br>COMPUTER SCIENCES CORPORATION<br>RAYMOND J URBANIK ESQ<br>MUNSCH HARDT KOPF & HARR PC<br>3800 LINCOLN PLAZA<br>500 N AKARD ST<br>DALLAS, TX 75201-6659<br><br>Secured:<br>Priority:<br>Administrative:    $31,391,478.00<br>Unsecured:<br>_____<br>Total:    $31,391,478.00 |
| Docket: No.    16548 — Debtor: DELPHI CORPORATION (05-44481)<br><br>Date Filed:    04/03/2009<br><br>Movant:<br><br>CSX TRANSPORT, INC.<br>DANIEL F BLANKS ESQ<br>MCGUIREWOODS LLP<br>9000 WORLD TRADE CENTER<br>101 W MAIN ST<br>NORFOLK, VA  23510<br><br>Total Asserted:    $259,590.00 | Claim:    18700 — Debtor: DELPHI CORPORATION (05-44481)<br><br>Date Filed:    07/14/2009<br><br>Creditor's Name:<br><br>CSX TRANSPORT, INC.<br>DANIEL F BLANKS ESQ<br>MCGUIREWOODS LLP<br>9000 WORLD TRADE CENTER<br>101 W MAIN ST<br>NORFOLK, VA  23510<br><br>Secured:<br>Priority:<br>Administrative:    $103,986.16<br>Unsecured:<br>_____<br>Total:    $103,986.16 |

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

**Forty-Eighth Omnibus Claims Objection**

## EXHIBIT B – DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED / MOTION TO BE DENIED | | SURVIVING CLAIM | |
|---|---|---|---|
| Docket. No.    18706 | Debtor:    DELPHI CORPORATION (05-44481) | Claim:    19505 | Debtor:    DELPHI CORPORATION (05-44481) |
| Date Filed:    07/30/2009 | | Date Filed:    07/30/2009 | |
| Movant: | | Creditor's Name: | |
| FURUKAWA ELECTRIC COMPANY, LTD. DENNIS J CONNOLLY ALSTON & BIRD LLP ONE ATLANTIC CTR 1201 W PEACHTREE ST ATLANTA, GA  30309-3424 | | FURUKAWA ELECTRIC COMPANY, LTD. DENNIS J CONNOLLY ALSTON & BIRD LLP ONE ATLANTIC CTR 1201 W PEACHTREE ST ATLANTA, GA 30309-3424 | Secured: Priority: Administrative:    UNLIQUIDATED Unsecured: _____ |
| | Total Asserted:    $1,172,119.97 | | Total:    UNLIQUIDATED |
| Docket. No.    19783 | Debtor:    DELPHI CORPORATION (05-44481) | Claim:    19505 | Debtor:    DELPHI CORPORATION (05-44481) |
| Date Filed:    04/06/2010 | | Date Filed:    07/30/2009 | |
| Movant: | | Creditor's Name: | |
| FURUKAWA ELECTRIC COMPANY, LTD. DENNIS J CONNOLLY ALSTON & BIRD LLP ONE ATLANTIC CTR 1201 W PEACHTREE ST ATLANTA, GA  30309-3424 | | FURUKAWA ELECTRIC COMPANY, LTD. DENNIS J CONNOLLY ALSTON & BIRD LLP ONE ATLANTIC CTR 1201 W PEACHTREE ST ATLANTA, GA 30309-3424 | Secured: Priority: Administrative:    UNLIQUIDATED Unsecured: _____ |
| | Total Asserted:    $1,548,770.97 | | Total:    UNLIQUIDATED |
| Docket. No.    4869 | Debtor:    DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) AND PACKARD HUGHES INTERCONNECT COMPANY (05-44626) | Claim:    13268 | Debtor:    DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| Date Filed:    08/07/2006 | | Date Filed:    07/31/2006 | |
| Movant: | | Creditor's Name: | |
| KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY  11553-3622 | | KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY  11553-3622 | Secured: Priority: Administrative: Unsecured:    $2,186,444.67 _____ |
| | Total Asserted:    UNLIQUIDATED | | Total:    $2,186,444.67 |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 19976    Filed 05/04/10    Entered 05/04/10 18:23:15    Main Document
Pg 23 of 23

Forty-Eighth Omnibus Claims Objection

Exhibit C - Movants And Related Motions Subject To Forty-Eighth Omnibus Claims Objection

| Movant | Docket Number | Exhibit |
|---|---|---|
| ATEL LEASING CORPORATION ATTN V MORAIS OR R WILDER 600 CALIFORNIA ST 6TH FL SAN FRANCISCO, CA  94108 | 6990 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| CENTRAL TRANSPORT INTERNATIONAL, INC. GEOFFREY T PAVLIC ESQ STEINBERG SHAPIRO & CLARK 24901 NORTHWESTERN HWY STE 611 SOUTHFIELD, MI  48075 | 16655 | EXHIBIT B - DUPLICATE CLAIMS |
| COMPUTER SCIENCES CORPORATION RAYMOND J URBANIK ESQ MUNSCH HARDT KOPF & HARR PC 3800 LINCOLN PLAZA 500 N AKARD ST DALLAS, TX 75201-6659 | 16601 | EXHIBIT A - BOOKS AND RECORDS CLAIMS EXHIBIT B - DUPLICATE CLAIMS |
| CSX TRANSPORT, INC. DANIEL F BLANKS ESQ MCGUIREWOODS LLP 9000 WORLD TRADE CENTER 101 W MAIN ST NORFOLK, VA  23510 | 16548 | EXHIBIT B - DUPLICATE CLAIMS |
| FURUKAWA ELECTRIC COMPANY, LTD. DENNIS J CONNOLLY  ALSTON & BIRD LLP ONE ATLANTIC CTR 1201 W PEACHTREE ST ATLANTA, GA  30309-3424 | 18706 | EXHIBIT B - DUPLICATE CLAIMS |
| FURUKAWA ELECTRIC COMPANY, LTD. DENNIS J CONNOLLY  ALSTON & BIRD LLP ONE ATLANTIC CTR 1201 W PEACHTREE ST ATLANTA, GA  30309-3424 | 19783 | EXHIBIT B - DUPLICATE CLAIMS |
| KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY  11553-3622 | 4869 | EXHIBIT A - BOOKS AND RECORDS CLAIMS EXHIBIT B - DUPLICATE CLAIMS |
| OKALOOSA COUNTY TAX COLLECTOR PO BOX 1390 NICEVILLE, FL  32588-1390 | 7588 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |
| POLK COUNTY PO BOX 1189 LAKELAND, FL  33831 | 7259 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |