**ICE MILLER LLP**
One American Square
Suite 2900
Indianapolis, IN 46282-0200
Tel: 317-236-2100
Fax: 317-236-2219
Henry A. Efroymson, Esq.
Henry.efroymson@icemiller.com

**HODGSON RUSS LLP**
60 East 42nd Street
New York, New York 10165
Tel: 212-661-3535
Fax: 212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Fin Machine Co. Ltd.*

**Hearing Date and Time:** July 22, 2010 at 10:00 a.m.
**Objection Deadline and Time:** June 7, 2010 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

.................................................................x

In re:                                          :       Chapter 11
                                                :       Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                     :       Joint Administered
                                                :
                         Debtors.               :

.................................................................x

                                                :
DELPHI CORPORATION, et al.,                     :       Adv. Pro. No. 07-02274 (RDD)
                                                :
                         Plaintiffs,            :
                                                :
     - against -                                :
                                                :
FIN MACHINE CO. LTD.                            :
                                                :
                         Defendant.             :

.................................................................x

**NOTICE OF MOTION BY FIN MACHINE CO., LTD SEEKING AN ORDER (I)
PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING
PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE
DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND
EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY
PROCEEDINGS, (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R.
BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH
PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS
BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS, (III) PURSUANT
TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE
ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A
CAUSE OF ACTION BECAUSE IT IS INSUFFICIENTLY PLEAD, (IV)
DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF
JUDICIAL ESTOPPEL, (V) DISMISSING THE ADVERSARY PROCEEDING
ON THE GROUND OF LACHES, OR (VI) IN THE ALTERNATIVE, PURSUANT
TO FED. R. CIV. P. 12(E) AND FED. R. BANKR. P. 7012(E), DIRECTING A
MORE DEFINITE STATEMENT OF THE PLEADINGS**

**PLEASE TAKE NOTICE** that upon the accompanying motion (the "Motion")
and all other pleadings and proceedings herein, Fin Machine Co. Ltd. ("Fin"), by its
undersigned counsel, shall move this Court before the Honorable Robert D. Drain, United States
Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New
York 10601, on July 22, 2010 at 10:00 a.m. or such other date and time as soon thereafter as the
Court may direct, for an Order (i) pursuant to Fed. R. of Civ. P. 60 and Fed. R. Bankr. P. 9024,
vacating prior orders establishing procedures for certain adversary proceedings, including those
commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 553, and extending the
time to serve process for such adversary proceedings, and (ii) pursuant to Fed. R. Civ. P. 12(b)
and Fed. R. Bankr. P. 7012(b), dismissing the adversary proceeding with prejudice for failure
to state a cause of action because it is barred by the two year statute of limitations, (iii) pursuant
to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), dismissing the adversary proceeding with
prejudice for failure to state a cause of action because it is insufficiently plead, (iv) dismissing
the adversary proceeding on the ground of judicial

estoppel, (v) dismissing the adversary proceeding on the ground of laches, (vi) or, in the alternative, pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), directing a more definite statement of the pleadings, and (vii) granting Fin the costs and expenses, including attorneys fees, of filing the motion, and (viii) for such other and further relief as the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, in opposition to the relief requested shall be filed with the Court and served upon the undersigned counsel for Fin no later than June 7, 2010 at 4:00 p.m. (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion and the relief requested therein must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System which can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on one 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format and shall be served in accordance with General Order M-242, with a courtesy copy delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, and served on attorneys for Defendant, Ice Miller LLP, One American Square, Suite 2900, Indianapolis, IN 46282-0200, attn: Henry A. Efroymson; and Hodgson Russ LLP, 60 East 42nd Street, New York, New York 10165, attn: Deborah J. Piazza, Esq.; in accordance with General Order M-182, so as to be received no later than the Objection Deadline.

Dated:   New York, New York
         May 5, 2010

                              **ICE MILLER LLP**
                              *Attorneys for Fin Machine*
                              *Co. Ltd.*


                              By:/s/ Henry A. Efroymson ___
                              Henry A. Efroymson, Esq.
                              One American Square
                              Suite 2900
                              Indianapolis, IN  46282-0200
                              Tel: 317- 236-2100
                              Fax: 317-236-2219
                              henry.efroymson@icemiller.com

                              **HODGSON RUSS LLP**

                              By:  /s/ Deborah J. Piazza
                              Deborah J. Piazza, Esq.
                              60 East 42nd Street
                              New York, New York  10165
                              Tel:  212-661-3535
                              Fax:  212-972-1677
                              Deborah J. Piazza, Esq.
                              dpiazza@hodgsonruss.com


TO:      Butzel Long, A Professional Corporation
         380 Madison Avenue – 22nd Floor
         New York, New York 10017
         Attn: Eric B. Fisher, Esq.
         Barry N. Seidel, Esq.

         Butzel Long, A Professional Corporation
         150 West Jefferson – Suite 100
         Detroit, Michigan 48226
         Attn: Cynthia J. Haffey, Esq.

         Togut, Segal & Segal LLP
         One Penn Plaza – Suite 3335
         New York, New York 10119
         Attn: Albert Togut, Esq.

**ICE MILLER LLP**
One American Square
Suite 2900
Indianapolis, IN  46282-0200
Tel:  317 - 236-2100
Fax:  317 - 236-2219
Henry A. Efroymson, Esq.
Henry.efroymson@icemiller.com

Hearing Date and Time: July 22, 2010 at 10:00 a.m.
Objection Deadline and Time: June 7, 2010 at 4:00 p.m.

**HODGSON RUSS LLP**
60 East 42nd Street
New York, New York  10165
Tel:  212-661-3535
Fax:  212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Fin Machine Co. Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

................................................................x
In re:                                                    :       Chapter 11
                                                          :       Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                               :       Jointly Administered
                                                          :
                    Debtors.                              :
................................................................x
                                                          :
                                                          :
DELPHI CORPORATION, et al.,                               :       Adv. Pro. No. 07-02274 (RDD)
                                                          :
                    Plaintiffs,                           :
                                                          :
        - against -                                       :
                                                          :
FIN MACHINE CO. LTD.                                      :
                                                          :
                    Defendant.                            :
................................................................x

**MOTION BY FIN MACHINE CO. LTD. SEEKING AN ORDER:**

(I)    PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND

(II)    PURSUANT TO FED. R. CIV. P. 12(B) AND FED. R. BANKR. P. 7012(B), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS, AND

(III)    PURSUANT TO FED. R. CIV. P. 12(B) AND FED. R. BANKR. P. 7012(B), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS INSUFFICIENTLY PLEAD, AND

(IV)    DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, AND

(V)    DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF LACHES, OR

(VI)    IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(E) AND FED. R. BANKR. P. 7012(E), DIRECTING A MORE DEFINITE STATEMENT OF THE PLEADINGS

Fin Machine Co. Ltd. ("Fin"), by and through its counsel, Ice Miller LLP and Hodgson Russ, LLP, respectfully alleges:

## PRELIMINARY STATEMENT

1.     On or about April 2, 2010, Fin first learned that it had been sued over 2½ years earlier in this preference action seeking to avoid $1,132,271.50 allegedly preferential transfers.

2.     The Debtors/Plaintiffs in this preference action have deprived Fin and other preference defendants of due process and have perverted the administration of justice in this Court by first secretly filing the adversary proceeding under seal, and then extending -- again and again -- the time to serve the complaint.  At no time during this process was Fin provided with notice that it had been sued or that the Plaintiffs were essentially creating an "end run" around the statute of limitations of Section 546(a) of the U.S. Bankruptcy Code.

3.     Fin adopts and joins the motion made by Wagner-Smith Company, dated February 5, 2010 [Bankruptcy Docket No. 19401] (filed by Morgan, Lewis & Bockius LLP, Andrew D. Gottfried, Esq. and Karen Gartenberg, Esq.).  As stated by Wagner-Smith, the Plaintiffs' actions in these preference complaints violate two fundamental tenets of American jurisprudence:  (1) that court proceedings should be open to the public, and (2) parties are entitled to notice that they are being sued.

> A fundamental tenet in American jurisprudence is that all court proceedings should be open to the public at large, because the public has a right, rooted in the First Amendment, to know about the administration of justice.  Another core tenet in American jurisprudence is that a party is entitled to notice that it is being sued.  Neither of these principles was followed here.  Instead, Delphi Corporation ("Delphi") and the other Debtors ... , the plaintiffs herein (collectively, the "Plaintiffs") have, through the two-step combination of (i) filing of complaints under seal and (ii) filing a series of motions without notice to the parties who had an interest in opposing them, perverted the Federal Rules of Civil Procedure in an attempt to surreptitiously and indefinitely extend the two-year statute of

limitations imposed pursuant to 11 U.S.C. § 546(a), which absolutely bars the prosecution of the above-captioned adversary proceeding....[1]

Similar to Wagner-Smith, an adversary proceeding against Fin was also commenced under seal on September 28, 2007, and subsequently served on or about April 2, 2010 -- a complete surprise to Fin -- approximately four and a half years after the petition date of the above captioned bankruptcy cases, and two and a half years after the secret filing of the adversary proceeding.

4.      There was no sound basis for filing the preference adversary proceeding complaint under seal in the first place, and although the first extension of the time to serve the secret complaint may have seemed innocuous enough, the Plaintiffs sought multiple and open-ended extensions of the time to serve.  Thus, although the Plaintiff's initial request to the Court was perhaps not unreasonable, the Plaintiffs then started down a path that the Court would not have allowed, had it been known where the path would lead.  The Plaintiff's manipulations ultimately deprived Fin and the other preference defendants of due process.  Indeed, the Plaintiffs' machinations have prejudiced Fin and the other defendants.  They have duped the Court.  The result is unfair procedural circumstances -- circumstances not contemplated by the U.S. Bankruptcy Code, the Federal Rules of Procedure, or the Court itself.

5.      Consequently, Fin seeks an order of this Court, (1) vacating the procedures orders obtained by the Debtors to file preference complaints under seal and to repeatedly extend the time to serve the preference complaints; and (2) dismissing this adversary proceeding, with prejudice, because it is barred by the two year statute of limitations imposed by Section 546(a) of the Code; and (3) dismissing this adversary proceeding, with prejudice, because it is insufficiently plead; and (4) dismissing this adversary proceeding, with prejudice, because it is barred by judicial estoppel; and (5) dismissing this adversary proceeding with prejudice on the

---

[1] Wagner-Smith Motion at ¶1.

- 2 -

I/2469068.1

ground that it is barred by laches.  In the alternative, given the pleading defects of the complaint,

Fin seeks (6) an order directing Plaintiffs to submit an amended pleading containing sufficient

detail regarding the alleged preferential transfers to allow Fin to prepare a responsive pleading.

Finally, Fin seeks an order (7) granting it the costs and expenses, including attorneys fees, of

filing this motion.

    6.      More specifically, Fin seeks an order of this Court:

        (i)      vacating, with respect to Fin, pursuant to Fed. R. Civ. P. 60 and Fed. R.

Bankr. P. 9024, the orders of this Court, dated August 16, 2007 (the **"Preservation of**

**Estate Claims Procedures Order"**) [Bankruptcy Docket no. 9105]; March 28, 2008 (the

**"Extension of Avoidance Action Service Deadline Order"**) [Bankruptcy Docket No.

13277]; April 30, 2008 (the **"Postconfirmation Extension of Avoidance Action Service**

**Deadline Order"**) [Bankruptcy Docket No. 13484]; and October 22, 2009 (the

**"Supplemental Postconfirmation Extension of Avoidance Action Service Deadline**

**Order"** [Bankruptcy Docket No. 18999] (the Extension of Avoidance Action Service

Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline

Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service

Deadline Order are collectively referred to as the **"Extension Orders"**), all of which are

herein incorporated by reference, on the grounds that such orders are void against Fin by

virtue of the Debtors' and Plaintiffs' intentional failure to provide Fin with notice of the

motions and that the Extension Orders were improvidently made; and

        (ii)      dismissing, with prejudice, this adversary proceeding against Fin, pursuant

to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b) on the ground that it is barred by

- 3 -

I/2469068.1

the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a claim upon which relief may be granted; and

(iii)    dismissing, with prejudice, this adversary proceeding against Fin, pursuant to Fed. R. Civ. P. 8(a) and 12(b) and Fed. R. Bankr. P. 7008(a) and 7012(b) on the ground that it is insufficiently plead and, therefore, fails to state a claim upon which relief may be granted; and

(iv)    dismissing, with prejudice, this adversary proceeding against Fin on the ground that it is barred by judicial estoppel; and

(v)    dismissing, with prejudice, this adversary proceeding against Fin on the ground that it is barred by laches; or

(vi)    in the alternative, ordering the Plaintiffs to submit an amended pleading containing sufficient detail regarding the alleged preferential transfers to allow Fin to prepare a responsive pleading; and

(vii)    granting Fin the costs and expenses of responding to this adversary proceeding, including, without limitation, attorneys' fees.

## STATEMENT OF FACTS

7.    On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief.  On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

8.    Prior to the commencement of the Debtors' cases, Fin provided certain equipment to Delphi pursuant to Purchase Orders.

*(i)*    ***Preservation of Estate Claims Procedures Motion and Order***

- 4 -

9.      By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[2] Among other things, the procedures sought included (i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to serve certain adversary summonses and complaints, (ii) a stay of the applicable adversary proceedings until service of process was effected, and (iii) permitting the Plaintiffs to file the complaints under seal.[3]

10.     The aforementioned procedures were purportedly intended to permit the Debtors to "preserve the status quo," and to preserve "potentially valuable assets without disrupting the plan process or existing business relationships prematurely or prejudicing the rights of any defendants," as well as to "avoid having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact, most of them likely will be resolved by a reorganization plan and never pursued."[4]

11.     In addition, with respect to the request to file the complaints under seal, the Debtors also sought to so act in order to "avoid unnecessarily alarming potential defendants," and because the "Debtors have worked to preserve and repair their business relationship with many of the potential defendants during these cases and have negotiated or regained favorable credit terms with many suppliers and are continuing to do so."[5]

---

[2] Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[3] Id. at ¶¶ 33-38.

[4] Id. at ¶¶ 33-34.

[5] Id. at ¶ 37.

- 5 -

12.    Fin was not provided with notice of the Preservation of Estate Claims Procedures Motion.[6]

13.    On August 16, 2007, this Court entered the Preservation of Estate Claims Procedures Order, which (i) allowed the Debtors to file adversary proceeding complaints under seal, (ii) directed the Clerk of the Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of their intent to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors effectuated service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).[7]

14.    The March 31, 2008 date to serve process was six months after the commencement of this adversary proceeding, and was only a two month extension of the time to serve process, beyond the 120 days already provided for under the Rules of Civil Procedure.

15.    Paragraph 11 of the Preservation of Estate Claims Procedures Order provided that "[t]he Debtors must serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable."

*(ii)*    ***Commencement of Adversary Proceeding Against Fin and the Other Defendants***

16.    On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

---

[6] Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

[7] Preservation of Estate Claims Procedures Order, Bankruptcy Docket No. 9105, at ¶¶ 7-10.

1/2469068.1

17.    The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the aggregate amount of $1,132,271.50 made to Fin.

18.    The only alleged information within the Complaint that is specific to the defendant is the list of allegedly avoidable transfers attached to the Complaint as Exhibit 1. This list consists solely of transfer dates, amounts, and transfer types (i.e. check or electronic funds transfer), but it does not identify the recipients of the transfers. There are no other factual allegations within the Complaint that can be construed as specific to the defendant. Therefore, among other defects, from the face of the Complaint, it is impossible to determine which transfers Fin is alleged to have received.

19.    The statute of limitations for commencing avoidance actions pursuant to Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553 expired on October 8, 2007.[8]

(iii    *Confirmation of the Debtors' Plan of Reorganization*

20.    On January 25, 2008, the Court entered an order confirming the Debtors' first amended joint plan of reorganization (the "Plan").[9]

(iv)    *Extension of Avoidance Action Service Deadline Motion and Order*

21.    By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>second</u> time the deadline under Fed. R.

---

[8] 11 U.S.C. § 546(a).

[9] Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, dated January 25, 2008 (the "Confirmation Order"), Bankruptcy Docket No. 12359, herein incorporated by reference.

- 7 -

Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[10]

22.    The stated purpose for this extension was to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the [adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants."[11]

23.    In the Extension of Avoidance Action Service Deadline Motion, the Debtors also stated that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."[12] In fact, the Debtors stated that of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.[13]

24.    Fin was not provided with notice of the Preservation of Estate Claims Procedures Motion.[14]

---

[10] Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.

[11] Id. at ¶ 21.

[12] Id. at ¶ 17. Exhibit 7.24 to the Plan, herein incorporated by reference, is included as Attachment K to the Notice of Hearing December 28, 2007 Notice of Filing of Exhibits with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, dated December 28, 2007, Bankruptcy Docket No. 11608.

[13] Id. at ¶ 17, n.4.

[14] Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.

- 8 -

25.     On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended to May 31, 2008.[15]

26.     Consistent with language in the Debtors' motion, Paragraph 2 of the Extension of Avoidance Action Service Deadline Order provided that the "Debtors shall serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable."[16]

*(v)*     ***Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order***

27.     By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[17]

28.     The stated purpose for this extension was identical to the purpose set forth in support of the Extension of Avoidance Action Service Deadline Motion, namely, to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as

---

[15] Extension of Avoidance Action Service Deadline Order, Bankruptcy Docket No. 13277, herein incorporated by reference, at ¶ 2.

[16] Id. at ¶ 2.

[17] Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference, at ¶ 19.

I/2469068.1

well as "reduce the administrative and economic burdens of the [adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants."[18]

29.    The Postconfirmation Extension of Avoidance Action Service Deadline Motion once again stated that (i) the Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan;" and (ii) of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.[19] Unlike the other defendants, these three entities were provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[20]

30.    Fin was not provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[21]

31.    On April 30, 2008, the Court entered the Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11 plan for the Debtors and December 31, 2008.[22]

---

[18] Id. at ¶ 22.

[19] Id. at ¶ 18, n.4.

[20] Id. at ¶ 18, n.4.

[21] Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.

[22] Post confirmation Extension of Avoidance Action Service Deadline Order, Bankruptcy Docket No. 13484, herein incorporated by reference, at ¶ 2.

1/2469068.1

32.    As before, the Postconfirmation Extension of Avoidance Action Service Deadline

Order directed that the "Debtors shall serve a copy of this order upon each defendant in any

[adversary proceeding] either when the Debtors serve a summons and complaint on such

defendant or as soon thereafter as practicable."[23]

*(vi)    Entry of Modification Approval Order and Effective Date*

33.    On July 30, 2009, the Court entered an order (the "Modification Approval Order")

approving certain modifications to the Plan (the "Modified Plan").[24]

34.    The effective date of the Modified Plan occurred on October 6, 2009.[25]

*(vii    Supplemental Postconfirmation Extension of Avoidance Action Service Deadline
Motion and Order*

35.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension

of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify

Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>fourth</u>

time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve

process until 180 days after substantial consummation of the Modified Plan.[26]

36.    The Debtors stated that this further extension was necessary in light of the fact

that the Debtors now anticipated that they would retain 177 of the adversary proceedings filed

under seal.  The Debtors asserted that 30 days after substantial consummation of the Modified

Plan was not sufficient time to "assess the ongoing relationship with certain defendants and

whether events since initiating the [adversary proceedings] have impacted the Debtors' estimated

---

[23] Id. at ¶ 2.

[24] Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date, dated October 6, 2009, Bankruptcy Docket No. 18707, herein incorporated by reference, at ¶ 2.

[25] Id. at ¶ 3.

[26] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.

recoveries," and determine whether to pursue such retained adversary proceedings. The Debtors thus fell back to their rote justification and stated that an extension "would reduce the administrative and economic burdens of the [retained adversary proceedings] on the Debtors and the potential defendants."[27]

37.    Fin was not provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.[28]

38.    On October 22, 2009, the Court entered the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve a defendant in the adversary proceedings with a summons and complaint was further extended until 180 days after substantial consummation of the Modified Plan.[29]

39.    As before, the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order directed that the "Debtors shall serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable."[30]

*(viii)*    ***Service of Process on Fin***

40.    Fin was served with the Complaint on or about April 2, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

---

[27] Id. at ¶¶ 17, 19.

[28] Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

[29] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Bankruptcy Docket No. 18999, herein incorporated by reference, at ¶ 2.

[30] Id. at ¶ 2.

1/2469068.1

41.     Upon information and belief, although Fin received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Fin was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

## ARGUMENT

**I.     EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST FIN ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE FIN WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF AND THAT SUCH ORDERS WERE IMPROVIDENTLY ENTERED.**

42.     Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024, provides that the Court may relieve a party from a final judgment, order or proceeding for any reason that justifies relief.

43.     Fin respectfully submits that the combination of permitting the Plaintiffs to file the Complaint under seal -- thereby preventing Fin from discovering that it had been sued -- while continually extending the Plaintiffs' time to serve process in excess of two years past the expiration of the statute of limitations set forth in Bankruptcy Code §546(a) -- also without notice to Fin -- has resulted in a proceeding completely devoid of procedural due process.  Accordingly, and for the reasons set forth below, the Preservation of Estate Claims Procedures Order and each of the Extension Orders must be vacated as against Fin.

**A.     The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of the Bankruptcy Code.**

44.     There "is a strong presumption and public policy in favor of public access to court records," which is "rooted in the public's First Amendment right to know about the

- 13 -

administration of justice."[31]  In fact, the "public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved."[32]  "This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."[33]

45.    Section 107(a) of the Bankruptcy Code codified the common law right of public access in the bankruptcy setting and provides, in relevant part, that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."[34]  The "plain meaning of § 107(a) mandates that *all* papers filed with the bankruptcy court are 'public records' unless the bankruptcy court 'decides to protect the information pursuant to the standards set forth in [§] 107(b).'"[35]

46.    Section 107(b) of the Bankruptcy Code establishes two narrow exceptions to the general right of access where under "compelling or extraordinary circumstances" an exception is necessary.[36]  The exceptions only apply to (1) trade secrets or confidential research, development or commercial information, or (2) scandalous or defamatory matter.  In particular, Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may –

---

[31] In re Food Management Group, LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007) (internal citations and quotations omitted).

[32] Id.

[33] Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 7 (1st Cir. 2005).

[34] 11 U.S.C. § 107(a); In re Food Management Group, LLC, 359 B.R. at 553.

[35] In re Food Management Group, LLC, 359 B.R. at 553 (quoting Air Line Pilots Ass'n Int'l v. Am. Nat'l Bank and Trust Co. (In re Ionosphere Clubs), 156 B.R. 414, 433 n.7 (S.D.N.Y. 1993)).

[36] Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).

1/2469068.1

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.[37]

However, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to keep the material private.[38]

47.    However, preference actions are hardly "trade secrets," "confidential commercial information," or "scandalous matter" worthy of being filed under seal.

48.    The Debtors invoked Section 107(b)(1) when requesting that the Court permit the filing of the complaints commencing the avoidance action adversary proceedings under seal.  As mentioned above, in the Preservation of Estate Claims Procedures Motion, the Debtors sought to characterize preservation of the *status quo* and existing business relationships as "commercial information" in need of protection.  In connection therewith, the Debtors alleged that they "have worked to preserve and repair their business relationship with many of the potential defendants during these cases and have negotiated or regained favorable credit terms with many suppliers and are continuing to do so."[39]

49.    Commercial information, however, has never been defined by the Courts so broadly as to protect information that would be prejudicial to the Debtors vis-à-vis their own creditors.  Rather, commercial information has been defined "as information which would cause an *unfair advantage to competitors* by providing them information as to the commercial

---

[37] 11 U.S.C. § 107(b).

[38] In re Food Management Group, LLC, 359 B.R. at 554 (internal citation and quotation omitted).

[39] In support of their proposition that maintenance of ongoing business relationships was "commercial information" entitled to protection, the Debtors cited to In re Service Merchandise, et al., Case No. 39902649 (Bankr. M.D. Tenn. Feb. 27, 2001) where the court granted the debtors authority to file under seal certain adversary proceedings so that they could continue negotiations with the defendants, who were also the debtors' business partners. Even if the ruling were correct as a matter of law, which Fin disputes, the case is inapposite to the situation here, as Fin is not a business partner of the Debtors nor was it engaged in ongoing negotiations with the Debtors.

- 15 -

operations of the debtor."[40]  Information pertaining to the Debtors' intent to initiate preference

litigation against Fin certainly does not fall within the above definition of confidential

commercial information, as it neither provides information as to the commercial operations of

the Debtors nor bestows an unfair advantage upon competitors.

50.    Rather, it seems that the Debtors wanted to "have their cake and eat it too" by

secretly preserving preference claims, while at the same time cultivating creditor support for the

plan of reorganization and maximizing favorable credit terms from suppliers, all while keeping

the creditors and suppliers in the dark.  The Debtors did not want to "alarm" or "burden" the

creditors with preference actions seeking to avoid millions of dollars, while the Debtors sought

favorable credit terms and plan confirmation.  However, this hardly justifies filing under seal.

51.    Accordingly, the Preservation of Estate Claims Procedures Order which granted

the authority to file the Complaint under seal should be vacated as to Fin.

**A.    Fin Was Not Served with Notice of the Motions in Support of the
Preservation of Estate Claims Procedures Order and Each of the Extension
Orders.**

52.    It has long been held that the "fundamental requisite of due process of law is the

opportunity to be heard."[41]  This right to be heard, however, "has little reality or worth unless one

is informed that the matter is pending and can choose for himself whether to appear or default,

acquiesce or contest."[42]  Thus, an "elementary and fundamental requirement of due process in

any proceeding which is to be accorded finality is notice reasonably calculated, under all the

---

[40] In re Orion Pictures Corp., 21 F.3d at 27 (emphasis added).  See also In re 1031 Tax group, LLC 2007 WL
1836525, *2 (Bankr. S.D.N.Y. 2007).

[41] Grannis v. Ordean, 234 U.S. 385, 394 (1914).

[42] Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

I/2469068.1

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[43]

53.     Fin was not given any notice of the motions for the Preservation of Estate Claims Procedures Order and each of the Extension Orders.   None of the motions identified Fin as a potential defendant.  Fin was completely unaware that it was a defendant or that it had an interest in the various motions to seal and extend made by the Debtors.  Fin was therefore deprived of due process.  Fin, if provided with notice that it was being sued, would have had the ability to oppose the motions seeking the Preservation of Estate Claims Procedures Order and the Extension Orders.

54.     The lack of due process pursued by the Debtors had the additional negative effect of disenfranchising Fin and other defendants from fully participating in these cases and fully voting on the Plan and Modified Plan.   Indeed, under Section 502(d), it is implicit that "a transferee of an avoidable transfer has an allowable claim once it turns over such property for which it is liable," and that it may file a proof of claim on account of same.[44]   That, in turn, allows it to "[participate] in the voting and distribution from the estate."[45] The Debtors knew that if Fin repaid an allegedly preferential transfer, it would have been entitled to file a claim, and vote on the Plan and the Modified Plan with a potentially much larger claim that it otherwise had.   The justification for depriving Fin of its right to engage in the bankruptcy cases to the fullest extent merely so the Debtors could avoid looking bad to Fin or cultivate better credit terms is patently improper and not justifiable under the Bankruptcy Code.

---

[43] Id. at 314; Barcia v. Sitkin, 367 F.3d 87, 107 (2d Cir. 2004); Weigner v. City of New York, 852 F.2d 646, 654 (2d Cir. 1988).

[44] Fleet Nat'l Bank v. Gray (In re Bankwest Capital Corp.), 375 F.3d 51, 57 n.4 (1st Cir. 2004).

[45] In re Hamilton, 179 B.R. 749, 752 (Bankr. S.D. Ga. 1995) (quoting In re Kolstad, 928 F.2d 171, 174 (5th Cir. 1991), reh'g denied, 936 F.2d 571 (5th Cir. 1991), cert. denied, 502 U.S. 958 (1991)).

55.     Obviously, there is a risk that initiating avoidance actions would disrupt relations with defendants who are still doing business with the Debtor while also bringing additional creditors back into the bankruptcy process on the basis of their avoidance claims.  This risk is a factor in the cost-benefit analysis involved with such a decision – do the benefits of the avoidance suit outweigh the potential costs to the bankruptcy process? In the current situation, the Debtors were allowed the benefits of such a decision while delaying or circumventing the potential costs.  The burden of this delay and circumvention has been directly borne by Fin and the other defendants.

56.     Simply put, the Debtors had an option - sue the defendants or do not sue the defendants.  The attempt to justify this lack of procedural due process on the grounds that it "avoid[ed] unnecessarily alarming potential defendants" and "having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact, most of them likely will be resolved by a reorganization plan and never pursued" is meritless.[46]

57.     At what point in the bankruptcy process should a potential defendant be justifiably alarmed, retain counsel and seek to protect its interests? Utilizing the Debtors' logic, it is not when the cause of action is initiated.  It is not when the defendant can meaningfully participate in the bankruptcy proceedings.  It is not prior to the expiration of the statute of limitations period.  It is not prior to the *ex parte* extension of the statute of limitations by two and a half years.  According to the Debtors' logic, it is only when the defendant has been fully manipulated into extending favorable credit terms.  It is only when the defendant has already voted in favor a plan without knowing the full extent of its stake in the bankruptcy process.  It is only when the defendant's rights have been unilaterally altered, its capacity to defend the lawsuit

---

[46] Preservation of Estate Claims Procedures Motion, at ¶¶ 34, 37.

has been severely diminished. It is only when the defendant's ability to meaningfully participate in, and thus negotiate within, the bankruptcy process has been foreclosed. It is only when the defendant has been deprived of procedural due process rights, and only when the defendant has been served with the Complaint two and a half years later than reasonably expected (and statutorily required). _Now_, the defendant _is_ justifiably alarmed.

58.    For all of the foregoing reasons, each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order should be vacated on the ground that each is improvidently entered and void against Fin.

## II.    THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED.

59.    Section 546(a) of the Bankruptcy Code, which sets forth the statute of limitations on avoiding powers, provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of - (1) the later of - (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed.[47]

The deadline for commencing an adversary proceeding against Fin on account of an allegedly avoidable preference expired on October 8, 2007. The Plaintiffs filed the Complaint under seal on September 28, 2007, but did not serve Fin with such Complaint until on or about April 2,

---

[47] 11 U.S.C. § 546(a).

2010, approximately two year and a half years after the statute of limitations contained in Section 546(a) expired.

60.      To bridge the gap between the time that Fin should have been served with the Complaint and the date on which it was actually served with the Complaint, the Plaintiffs rely on the Extension Orders sought and entered, pursuant to Fed. R. Civ. P. 4(m), ex parte from the one entity that had an adverse interest, namely, Fin.

61.      Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004(a), provides, in relevant part:

> *Time Limit for Service.*  If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

62.      The Extension Orders should not have been entered, as good cause did not exist to extend the time to serve process as a matter of law.  Good cause generally exists under Fed. R. Civ. P. 4(m) when service is not completed on a named defendant within the required 120-day period, such as when a defendant cannot be found.[48] It does not exist, however, in situations where the Plaintiffs know and can serve the named defendants, but simply chooses not to do so, and where the sole purpose in seeking the extension of time is to prevent defendants from learning that they had been sued.[49]  The use of procedural rules to obtain a result not contemplated by the accompanying substantive law is simply not permitted.[50]

---

[48] Ahern v. Neve, 285 F.Supp.2d 317, 320 (E.D.N.Y. 2003).

[49] As support for extending the time to serve process on defendants, the Debtors cited Bank of Cape Verde v. Bronson, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) for the proposition that good cause existed where future events would have likely "obviated the need to serve the [] complaint" and when the plaintiff requested the extension before the deadline expired. This case is inapplicable to the facts here. In Bank of Cape Verde, the third-party plaintiff was pursuing good-faith settlement negotiations with the plaintiff and third-party defendants, and had

- 20 -

63.     Moreover, while it is true that courts have the discretion to extend the time for

service of process, such extensions were not warranted here.  Courts have held that statutes of

limitation are statutes of repose, and they "are enacted upon the presumption, that one having a

well-founded claim will not delay enforcing it beyond a reasonable time, if he has the power to

sue."[51]  Indeed, the purpose of statutes of repose is primarily to give notice to plaintiffs of the

time within which to bring suit and to potential defendants of the time beyond which exposure to

liability ceases.[52]

64.     Statutes of repose are only to be outweighed where "the interests of justice require

vindication of the plaintiff's rights."[53]  Such circumstances only occur where the plaintiff has not

slept on its rights, has commenced a timely action in a court of competent jurisdiction, the

particular defect in the complaint is waivable and frequently waived, and the defendant "*could

not have relied upon the policy of repose embodied in the limitation statute, for it was aware that

[the plaintiff] was actively pursuing his . . . remedy.*"[54]

65.     Here, Fin was entitled to rely, had no reason not to rely, and indeed relied, upon

the policy of repose embedded within Section 546(a) of the Bankruptcy Code, having received

no notice for more than two years after the statute of limitations had expired that it had been sued

---

already served all or most of the parties to the action prior to the expiration of the 120-day deadline. That is a far cry
from the situation here, where Fin was not, and could not have been, in settlement negotiations with the Plaintiffs, as
it did not even know that it had been sued.

[50] See 28 U.S.C. § 2075 (rules prescribed by the United States Supreme Court "shall not abridge, enlarge, or modify
any substantive right"); see also Morse v. Perrotta (In re Perrotta), 406 B.R. 1, 8 (Bankr. D. N.H. 2009) ("Therefore,
to the extent that the Bankruptcy Rules and the Bankruptcy Code are inconsistent, the statute controls.").

[51] In re Cornwall, 9 Blatchf. 114, 6 F.Cas. 586, 591 (C.C.D. Conn. Sept. Term 1871).

[52] See Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co., 1991 WL 35953, at *5 (S.D.N.Y. Mar. 8,
1991).

[53] Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.), 288 B.R 701, 705 (Bankr.
S.D.N.Y. 2003).

[54] Id. (quoting Burnett v. N.Y. Cent. RR Co., 380 U.S. 424, 428-29 (1965)) (emphasis added).

- 21 -

by the Plaintiffs. Fin was not aware that it had been sued and could not have discovered on its own that it had been sued in light of the Complaint being filed under seal.

66.    Thus, while it is generally the policy of the courts to decide cases on the merits where possible,

> if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if it means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits.[55]

By not giving notice to Fin that it had been sued and by denying Fin the right to be heard and object to the motions supporting the Preservation of Estate Claims Procedures Order and each of the Extension Orders, the Plaintiffs maneuvered themselves into this corner where the Complaint should be dismissed on procedural, and not substantive, grounds.

67.    In other words, having devised and unilaterally imposed this scheme on Fin, the Debtors cannot now argue that they are prejudiced by dismissal of the Complaint. The Debtors created this due process mess and they cannot now cry foul to the effects of their own machinations.

68.    Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

## III.    THE COMPLAINT IS INSUFFICIENTLY PLEAD AND SHOULD BE DISMISSED.

69.    Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court, elaborating upon its holding in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), recently stated that the necessary showing is "sufficient factual matter, accepted as true, to state a

---

[55] Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv., 169 F.R.D. 28, 35 (W.D.N.Y. 1996).

- 22 -

claim to relief that is plausible on its face."[56]  "A claim has factual plausibility when the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[57]

70.    The two principles underlying the Supreme Court's analysis in <u>Twombly</u>, are: (i) "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements" and (ii) "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and commons sense."[58]

71.    "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[59]

72.    The Bankruptcy Court for the Southern District of New York has applied the more stringent pleading standards described above to adversary proceedings.[60] This Court has held as insufficient pleadings which allege fraudulent retention of loan proceeds by debtors, but did not "differentiate as to how [the loans] were retained, whether [the loans] were retained jointly, or by one or the other of [the debtors]."[61]  Similarly, in the current situation there is an allegation of preferential transfers made, but no differentiation as to which Debtor initiated the

---

[56] <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1940 (2009).

[57] <u>Id</u>.

[58] <u>Id</u>.

[59] <u>Id</u>. at 1949 (internal quotations omitted).

[60] <u>See</u> <u>In re Howard</u>, 2009 WL 4544392 (Bankr. S.D.N.Y. 2009) (unpublished decision); <u>In re Lehman Brothers Holdings Inc.</u>, 416 B.R. 392 (Bankr. S.D.N.Y. 2009).

[61] <u>Id</u>. at *3.

- 23 -

transfers or what the antecedent debts were giving rise to such alleged preferential transfers. Such a lack of detail is sufficient to establish grounds for dismissal.[62]

73.    With the exception of the list of unallocated transactions, the Complaint consists solely of a recitation of the elements of the cause of action and legal conclusions tracking the language of the statute, which are insufficient to state a claim for relief and establish that Fin is liable for the alleged preferential transfers.[63]    It is proper to dismiss this Complaint which contains only "formulaic recitations" of the elements of the claim, unsupported by factual allegations.[64]

74.    Section 547(b)(1) requires the Defendant to establish that a transfer was made "to or for the benefit of a creditor."    The list of the transfer dates, amounts, and types, absent information as to the transferee/creditors, is insufficient to plausibly assert that funds were transferred to or for the benefit of the Defendants as required by § 547.

75.    Under § 547(b)(2), it must also be shown that the Defendant was a creditor of the Debtors, with "each transferee's identity as a creditor [] contingent on the existence of an antecedent debt."[65]    Therefore, "the Trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief."[66]    A conclusory assertion in the Complaint that an alleged preferential transfer was "made, or caused to be made...on account of, antecedent

---

[62] See In re Caremerica, Inc., 409 B.R. 737, 750-51 (Bankr. E.D.N.C. 2009) (Within the context of § 547, Defendant's Complaint was insufficient, in that "Exhibit B provide[d] a list of the transferees, amounts, and dates of each transfer, but fail[ed] to indicate what entity initiated each transfer.").

[63] See, e.g., Inst. for the Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 2009 WL 2850230, *3-4 (S.D.N.Y. 2009) (dismissing cause of action that contained only "conclusory assertions[, but] ... no factual allegations," and rather "simply restated the [statutory] language").

[64] Willey v. J.P. Morgan Chase, N.A., 2009 WL 1938987, *4 (S.D.N.Y. 2009) (dismissing complaint that contained only "formulaic recitations" of the elements of the claim, unsupported by factual allegations; "*ipse dixit* pleading is insufficient" under Iqbal); Kregler v. City of New York, 2009 WL 2524628, *5 (S.D.N.Y. 2009) (dismissing amended complaint under Iqbal because its allegations amounted to only "conclusory pleadings").

[65] In re Caremerica, 409 B.R. at 751.

[66] Id.

- 24 -

debt(s) owed to Defendant prior to the dates on which the Transfers were made" absent facts supporting the existence of such an antecedent debt is insufficient to "render plausible the assertion that a transfer was made for or on account of such antecedent debt" as required by Iqbal.[67]

76.    Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

## IV.    THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.

77.    The equitable principle of judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding."[68]    The purpose of judicial estoppel is to "protect the integrity of the judicial process. . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment."[69]    Judicial estoppel prevents a party from playing "fast and loose" with the courts.[70]

78.    In the Second Circuit, the following two factors must be satisfied to invoke the doctrine of judicial estoppel:  (i) the party against whom estoppel is asserted took an inconsistent position in a prior proceeding, and (ii) the first tribunal adopted the inconsistent position in some manner, such as by rendering a favorable judgment.[71]    The doctrine, however, does not depend upon prejudice to the party invoking it.[72]

---

[67] Id.

[68] In re Venture Mortgage Fund, L.P., 245 B.R. 460, 471 (2000), aff'd, 282 F.3d 185 (2d Cir. 2002).

[69] New Hampshire v. Maine, 532 U.S. 742, 749 (2001); see also Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y. 1996)

[70] Id.

[71] In re Venture Mortgage Fund, L.P., 245 B.R. at 472.

[72] Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, AG., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.), 55 B.R. 253, 260 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224 (S.D.N.Y. 1986).

79.     Both factors are satisfied here.  First, in their Extension of Avoidance Action

Service Deadline Motion, the Debtors asserted that they would "not retain any of the causes of

action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to

the Plan."[73]  In fact, the Debtors stated that of the 742 adversary proceedings commenced under

seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association,

Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the

Preservation of Estate Claims Procedures Order.[74]  The Debtors reiterated this assertion in their

Postconfirmation Extension of Avoidance Action Service Deadline Motion.[75]  Second, the Court,

in entering the orders upon the representations set forth in the Extension of Avoidance Action

Service Deadline Motion and the Postconfirmation Extension of Avoidance Action Service

Deadline Motion, adopted this position.

80.     Thus, by serving the Complaint on Fin -- which is not Laneko Engineering or

Wachovia Bank or an affiliate -- the Debtors are now attempting to reverse a legal position

previously asserted in their own pleadings and adopted by the Court.    Such action is

impermissible and, accordingly, the Complaint should be dismissed.[76]

## V.    THE COMPLAINT IS BARRED BY LACHES AND SHOULD BE DISMISSED.

81.     Laches is an equitable defense that requires the party asserting it to establish that:

"(1) plaintiffs knew of defendants' misconduct; (2) plaintiffs inexcusably delayed in taking

action; and (3) defendants were prejudiced by the delay."[77]  "The equitable nature of laches

---

[73] Extension of Avoidance Action Service Deadline Motion, at ¶ 17.

[74] Id. at ¶ 17, n.4.

[75] Postconfirmation Extension of Avoidance Action Service Deadline Motion, at ¶ 18 and n.4.

[76] See Galerie Des Monnaies of Geneva, Ltd., 55 B.R. at 260 (granting defendant's motion to dismiss where debtor who stated in its disclosure statement that it has no preference actions "may not thereafter reverse its field and commence a preference action for its own benefit.").

[77] Ikelionwu v. United States, 150 F.3d 233, 237 (2d Cir. 1998).

necessarily requires that the resolution be based on the circumstances peculiar to each case."[78]
"The determination of whether laches bars a plaintiff from equitable relief is entirely within the
discretion of the trial court."[79]

82.    Laches can be considered on a motion to dismiss.[80]

83.    In assessing a laches defense, the combined pre-complaint and post-filing time
period are taken into account. The court should consider the delay both pre- and post-filing and
the resulting prejudice to the defendant.[81]

84.    The Debtors' Complaint alleges preferential transfers made in July and
September, 2005, a period of time that is almost four and a half years ago. Although the Debtors
filed the Complaint in September 2007, the effect of the filing under seal and the failure to either
serve Fin with the Complaint or at the very least notice of the Motions extending the time to
serve such Complaint effectively extended the prosecution of the lawsuit to a period of time four
a half years past the alleged wrongdoing.

85.    The first element of a laches defense requires that the "plaintiffs knew of
defendant's misconduct."[82]   The Plaintiffs have been aware of the existence of the alleged
preferential transfers since the filing of the bankruptcy petition, in that the allegedly preferential
transfers, upon information and belief, derive from the Plaintiffs' own business records. Further,
the Plaintiffs have been guided through the bankruptcy process by sophisticated bankruptcy
counsel. Finally, the Plaintiffs acknowledged their awareness of the existence of over 1,000

---

[78] Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V., 17 F.3d 38, 44 (2d Cir. 1994).

[79] Id.

[80] In re Chenault, 2010 WL 797015 at *2 (Bankr. C.D. Ill. 2010). See also Ikelionwu, 150 F.3d at 237 (Court states
that it has not yet settled the appropriate standard to review the grant of a motion to dismiss based on laches).

[81] See Allens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera, 2 Fed.Appx. 162, 165 (2d Cir. 2001) (In
affirming a dismissal for laches, the Court considered the combined delay pre and post-filing of the Complaint and
the prejudice resulting therefrom).

[82] Ikelionwu, 150 F.3d at 237.

possible preferential transfer actions by motion dated August 6, 2007.  Therefore, the Plaintiffs

were aware of, or should have been aware of, the potential avoidance action from the Petition

Date onward.

86.    The second element of a laches defense requires that "plaintiffs inexcusably

delayed in taking action."[83]  "When a plaintiff has not slept on his rights, but has been prevented

from asserting them based, for example, on justified ignorance of the facts constituting a cause of

action, personal disability, or because of ongoing settlement negotiations, the delay is reasonable

and the equitable defense of laches will not bar an action."[84]  The Plaintiffs filed the Complaint

on September 28, 2007, approximately two years after the allegedly preferential transfers.  The

Plaintiffs then waited two and a half years to serve the Defendants with the Complaint.  Further,

the statute of limitations for such an action is two years from the date of the filing of the petition.

Such a delay is unreasonable and inexcusable, while the rationale for it as stated above has no

merit as to the action against Fin.

87.    The third element of a laches defense requires that "defendant was prejudiced by

the delay."[85]  Fin has been severely prejudiced by the Debtors' delay in filing and prosecuting the

Complaint.  As stated above, Fin has been robbed of the opportunity to meaningfully participate

in the bankruptcy cases to the fullest extent and also to negotiate within the context of the

bankruptcy, as the Debtors have waited until after substantial confirmation of their plan of

reorganization to prosecute the lawsuit.  The passage of four a half years since the allegedly

preferential transfers is also prejudicial to Fin.  During that period, memories have faded,

documents have been destroyed in accordance with normal document disposal procedures and

---

[83] Ikelionwu, 150 F.3d at 237.

[84] Allens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera, 88 F.Supp.2d 77, 85 (W.D.N.Y. 2001).

[85] Ikelionwu, 150 F.3d at 237.

I/2469068.1

the overall ability of the defendants to vindicate their rights has been diminished. Thus, Fin is prejudiced.

88.    Accordingly, the Complaint should be dismissed on the grounds of laches.

## VI.    IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT OF THE PLEADINGS IS REQUIRED IN ORDER FOR THE DEFENDANT TO PREPARE A RESPONSIVE PLEADING.

89.    Federal Rule of Civil Procedures 12(e) and Bankruptcy Rule 7012(b) allow a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

90.    In the current situation, the only factual allegation asserted regarding the alleged preferential transfers is the list of transfer dates, transfer amounts, and transfer types. Given the lack of further information as to which of the Debtors initiated these transfers. Fin cannot reasonably prepare a response to the allegations contained within the Complaint.

91.    Accordingly, Fin respectfully requests, should the Court not dismiss the Complaint, that the Court order the Debtors to elaborate upon their pleadings and amend their Complaint with a more definite statement as to which Debtors initiated each transaction pursuant to Fed. R Civ. P. 12(e) and Fed. R. Bankr. P. 7012(b).

## CONCLUSION

92.    Plaintiffs have concealed for almost two and a half years the fact that Fin is a defendant in a lawsuit. Such secretive, evasive and one-sided machinations are contrary to the policies underlying the Bankruptcy Code and the American judicial system as a whole. Plaintiffs' failure to serve notices of the motions for the Preservation of Estate Claims Procedures Order and each of the Extension Orders was a blatant violation of Fin's due process rights and

- 29 -

thus, as a matter of law, such orders are void as against Fin. In all events, the subject orders were improvidently entered without notice. Consequently, the Complaint served on Fin over two and a half years after the statute of limitation had expired should be dismissed on the grounds of either expiration of the statute of limitation or the doctrine of laches.

93.    The Debtors' statements in their own pleadings that these preference claims would not be pursued against Fin should now bar the assertion of such claims as a matter of judicial estoppel.

94.    Also, the lack of specificity within the Plaintiff's Complaint is also grounds for dismissal for failure to state a claim upon which relief can be granted.

95.    Finally, in the alternative, if the above relief is not granted, a more definite statement is necessary for Fin to reasonably prepare a response to the Complaint.


## MEMORANDUM OF LAW

96.    The legal points and authorities upon which this motion relies are incorporated herein. Fin therefore respectfully requests that the requirement of filing a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

WHEREFORE, for all of the foregoing reasons, Fin respectfully requests that (i) each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order be vacated as against it; (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted on the grounds of the expiration of the statute of limitations; (iii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted on the grounds of insufficient pleadings; (iv) the Complaint

- 30 -

I/2469068.1

against it be dismissed with prejudice as being barred by laches; and (v) the Complaint against it be dismissed with prejudice as being barred by judicial estoppel; or (vi) in the alternative, the Court order the Debtors to elaborate upon their pleadings and amend their Complaint with a more definite statement as to which Debtors initiated each transaction; and (vii) the Court order the Debtors to pay the costs and expenses of responding to the Adversary Proceeding, including, without limitation, attorneys' fees; and (viii) for such other and further relief as this Court may deem appropriate.

I/2469068.1

Dated:      New York, New York
              May 5, 2010

**ICE MILLER LLP**

By:  /s/ Henry A. Efroymson
Henry A. Efroymson, Esq.

One American Square
Suite 2900
Indianapolis, IN  46282-0200
Tel:  317 - 236-2100
Fax:  317 - 236-2219
Henry A. Efroymson, Esq.
Henry.efroymson@icemiller.com


**HODGSON RUSS LLP**

By:  /s/ Deborah J. Piazza
Deborah J. Piazza, Esq.

60 East 42nd Street
New York, New York  10165
Tel:  212-661-3535
Fax:  212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

Attorneys for Fin Machine Co. Ltd.

- 32 -

# EXHIBIT A

**ICE MILLER LLP**
One American Square
Suite 2900
Indianapolis, IN 46282-0200
Tel: 317-236-2100
Fax: 317-236-2219
Henry A. Efroymson, Esq.
Henry.efroymson@icemiller.com

**HODGSON RUSS LLP**
60 East 42nd Street
New York, New York 10165
Tel: 212-661-3535
Fax: 212-972-1677
Deborah J. Piazza, Esq.
dpiazza@hodgsonruss.com

*Attorneys for Fin Machine Co. Ltd., Defendant herein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, <u>et al.</u>, | : | Joint Administered |
|  | : |  |
| Debtors, | : |  |

...............................................................x

|  |  |  |
|---|---|---|
| DELPHI CORPORATION, <u>et al.</u>, | : | Adv. Pro. No. 07-02274 (RDD) |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| - against - | : |  |
|  | : |  |
| FIN MACHINE CO. LTD. | : |  |
|  | : |  |
| Defendant. | : |  |

...............................................................x

## <u>DECLARATION IN SUPPORT OF MOTION TO DISMISS</u>

I, <u>CRAIG BILLINGHAM</u>, declare, pursuant to 28 U.S.C. §1746 and under penalty of

perjury, that the following is true and correct:

1/2468899.1

1.      I am the _MANAGING DIRECTOR_ for Fin Machine Co. Ltd. ("Fin"), one of the

Defendants in the above captioned adversary proceeding ("Adversary Proceeding"). I make this

declaration ("Declaration") in support of the Motion by Fin Seeking an Order (i) Pursuant to Fed.

R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for

Certain Adversary Proceedings, Including those Commenced by the Debtors Under

11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such

Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b),

Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action

because it is Barred by the Two Year Statute of Limitations, (iii) Pursuant to

Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with

Prejudice for Failure to State a Cause of Action because it is Insufficiently Plead, (iv) Dismissing

the Adversary Proceeding on the Ground of Judicial Estoppel, (v) Dismissing the Adversary

Proceeding on the Ground of Laches, or (vi) in the Alternative, Pursuant to Fed. R. Civ. P. 12(e)

and Fed. R. Bankr. P. 7012(e), Directing a More Definite Statement of the Pleadings (the

"Motion").[1]

2.      On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary

petitions for Chapter 11 relief. On October 14, 2005, three additional U.S. subsidiaries of Delphi

also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively

referred to as the "Petition Date").

3.      Prior to the commencement of the Debtors' cases, Fin provided machinery to

Delphi pursuant to Purchase Orders.

---

[1] Capitalized terms that are not otherwise defined within the Declaration are assigned the same meaning as that
assigned within the Motion.

4.    By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[2]

5.    Fin was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[3]

6.    On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

7.    The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the aggregate amount of $1,132,271.50 made to Fin.

8.    The only alleged information within the Complaint that is specific to the defendants is the list of allegedly avoidable transfers attached to the Complaint as Exhibit 1. This list consists solely of transfer dates, amounts, and transfer types (i.e. check or electronic funds transfer), but it does not identify the recipients of the transfers. There are no other factual allegations within the Complaint that can be construed as specific to the defendant.

9.    By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>second</u> time the deadline under

---

[2] Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.
[3] Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[4]

10.    Fin was not provided with notice of the Preservation of Estate Claims Procedures Motion.[5]

11.    By motion dated April 10, 2008 (the **"Postconfirmation Extension of Avoidance Action Service Deadline Motion"**), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[6]

12.    Fin was not provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[7]

13.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.[8]

14.    Fin was not provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.[9]

---

[4] Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.
[5] Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.
[6] Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference, at ¶ 19.
[7] Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.
[8] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.
[9] Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

15.     Fin was served with the Complaint on or about April 2, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

16.     Upon information and belief, although Fin received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Fin was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

Dated:  April 12, 2010

- 5 -