**NORRIS, McLAUGHLIN & MARCUS, PA**
875 Third Avenue, 8th Floor
New York, New York 10022
(212) 808-0700
Melissa A. Peña (MP-3320)
Local Counsel for Defendant, Dove Equipment Co., Inc.

-and-

**MILLER, HALL & TRIGGS**
416 Main Street, Suite 1125
Peoria, IL 61602-1161
(309) 671-9600
William R. Kohlhase*
*Admitted to Practice Law in the State of Illinois and
Before the United States Bankruptcy Court,
Central District of Illinois
Co-Counsel for Defendant, Dove Equipment Co., Inc.

Hearing Date: May 20, 2010 at 10:00 am EST
Objection Deadline: May 7, 2010 at 5:00 pm EST

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………………..X
In the Matter of:

Delphi Corporation, *et al.*,

       Debtor.

……………………………………………………...X

Delphi Corporation, *et al.*,

       Plaintiffs,
v.

Dove Equipment Co., Inc.,

       Defendant.
……………………………………………………..X

Chapter 11

Case No. 05-44481 [RDD]
(Jointly Administered)

Adv. Pro. No. 07 -02214 [RDD]

**LIMITED OBJECTION OF DOVE EQUIPMENT CO., INC. TO DEBTORS' MOTION
FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING
<u>ADVERSAY PROCEEDINGS</u>**

Dove Equipment Co., Inc. ("Dove"), by and through its undersigned counsel, respectfully submits the following limited objection to the Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings filed by plaintiffs, DPH Holdings Corporation and certain of its affiliated reorganized debtors (collectively, the "Debtors") and respectfully states as follows:

## PRELIMINARY STATEMENT

1. While Dove is not opposed to the entry of a case management order that will streamline procedures and facilitate a resolution of the above-captioned adversary proceeding, Dove objects to the Debtors' proposed Case Management Order (hereinafter the "Proposed Case Management Order") to the extent it attempts to unduly limit the discovery which Dove is clearly entitled to under the Federal Rules of Bankruptcy Procedure. The limitations proposed by the Debtors would severely prejudice Dove in defending against this action whereby the Debtors seeks to recover three transfers to Dove aggregating $854,118.53 pursuant to sections 547 and 550 of the Bankruptcy Code. Although this amount may be mere peanuts to the Debtors who seek to collect millions by way of avoidance actions, the amount at issue is significant to Dove, a small company engaged in the business of manufacturing equipment related to industrial painting operations who is experiencing the daily pressures associated with the downturn in the economy.

## BACKGROUND

2. On October 8, 2005 and October 14, 2005, the Debtors each filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code.

3. On September 27, 2007, the Debtors commenced the instant adversary proceeding against Dove by filing a Complaint with the Court under seal. The Complaint seeks to recover the sum of $854,118.53 as alleged preferential transfers.

4.   In excess of two years from the filing of the Complaint, on December 16, 2009, the Debtors served a copy of the Complaint on Dove.

5.   On March 17, 2010, the Debtors filed its Motion seeking the entry of a Case Management Order Establishing Procedures Governing Adversary Proceedings (the "Motion"). The Motion provided that a hearing would take place on April 22, 2010 at 10:00 am.

6.   On or about April 19, 2010, the Debtors adjourned the Motion until May 20, 2010 and the deadline to object to the Proposed Case Management Order until May 7, 2010.

**OBJECTION**

7.   Dove has significant concerns that the Proposed Case Management Order strongly prejudices its ability to defend against the instant action. Specifically, the Proposed Case Management Order restricts Dove's access to information in direct contravention of the Federal Rules of Bankruptcy Procedure.

8.   Dove objects to the following paragraphs contained in the Proposed Case Management Order:

   a. Paragraph 3 – Paragraph 3 of the Proposed Case Management Order seeks to exempt the parties from the initial disclosure requirements of Federal Rule of Bankruptcy Procedure 7026(a)(1). It is imperative that Dove obtain the initial disclosures in order to identify witnesses and the universe of documents relevant to this dispute. With such information, Dove will be able to streamline its future discovery requests to either reach a resolution of this matter or expedite an adjudication of the matters in dispute. It must also be emphasized that Dove has already produced its initial disclosures to the Debtors. To exempt the Debtors from the initial disclosure requirements after they have received the

3

    benefit of this information from Dove would result in an uneven playing filed between the parties.

b. Paragraph 6 – Paragraph 6 of the Proposed Case Management Order seeks to limit the requests for production of documents that may be served by each party to twenty (20) requests. Dove objects to this provision as Federal Rule of Bankruptcy Procedure 7034 contains no limit on the amount of document requests that a party may serve and the Debtors have not set forth any valid basis to deviate from the rule.

c. Paragraph 9 - Similarly, paragraph 9 of the Proposed Case Management Order limits the amount of interrogatories that may be served by each party to ten (10) interrogatories. Federal Rule of Bankruptcy Procedure 7036 already imposes a limit on the number of interrogatories that can be served to twenty-five interrogatories. Other than the Debtors' own convenience, the Debtors have again failed to set forth any compelling basis to deviate from this rule.

d. Paragraphs 8 and 11 - Paragraphs 8 and ll address service of Request for Admissions. By way of both paragraphs, Debtors seek to bar Dove from serving any Requests for Admissions "until after the close of <u>all</u> other factual discovery in <u>each</u> Retained Adversary Proceeding . . ." and to limit the number of Request for Admissions to be served to thirty (30) requests. Although the Debtors contend that the goal of the Proposed Case Management Order is "to establish streamlined procedures to facilitate the efficient resolution of the adversary proceeding . . ." paragraphs 8 and 11 would accomplish just the opposite. First and foremost, Dove's ability to serve Requests for Admissions

4

05-44481-rdd    Doc 19988    Filed 05/06/10    Entered 05/06/10 17:27:51    Main Document

will turn on how quickly the other adversary proceedings are being handled, the timing of which is completely beyond Dove's control. Furthermore, by serving a sufficient number of Requests for Admissions necessary to address the relevant issues in this case during the discovery phase in accordance with Federal Rule of Civil Procedure 7036, the parties can narrow the exact factual issues in dispute and, thereby, decrease the time, costs and expense associated with further paper discovery and depositions.

9.  Based on the foregoing, Dove respectfully requests that any Case Management Order entered by the Court delete the proposed provisions contained in paragraphs 3, 6, 8, 9 and 11. Dove further reserves the right to supplement the within Objection at the hearing for the Debtors' motion seeking the approval of the Proposed Case Management Order.

**WHEREFORE,** Dove respectfully requests that the Court deny approval of the Proposed Case Management Order unless modified as requested herein and grant such other relief as is just and proper.

NORRIS, McLAUGHLIN & MARCUS, PA

Dated: New York, New York
May 6, 2010

/s/ Melissa A. Peña
Melissa A. Peña, Esq. (MP-3320)
Local Counsel for Defendant,
Dove Equipment Co., Inc.
875 Third Avenue, 8th Floor
New York, NY 10022
Telephone: (212) 808-0700

Co-Counsel
MILLER, HALL & TRIGGS
416 Main Street, Suite 1125
Peoria, IL 61602-1161
(309) 671-9600
William R. Kohlhase*
*Admitted to Practice Law in the State of Illinois
and Before the United States Bankruptcy Court,
Central District of Illinois
Co-Counsel for Defendant, Dove Equipment Co., Inc.