# EXHIBIT D

ORIGINAL

```
 1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------------X
       In Re:                                05-44481 (RDD)
 3
          DELPHI CORPORATION, et al.,        One Bowling Green
 4                                           New York, New York
                 Debtors.                    April 30, 2008
 5     ------------------------------------X

 6
                         TRANSCRIPT OF MOTIONS
 7              BEFORE THE HONORABLE ROBERT D. DRAIN
                    UNITED STATES BANKRUPTCY JUDGE
 8

 9     APPEARANCES:

10     For the Debtors:        JOHN WM. BUTLER, JR., ESQ.
                               KAYALYN A. MARAFIOTI, ESQ.
11                             THOMAS J. MATZ, ESQ.
                               Skadden, Arps, Slate, Meagher
12                               & Flom, LLP
                               Four Times Square
13                             New York, New York  10036

14     For Creditors Com.:     ROBERT J. ROSENBERG, ESQ.
                               MICHAEL RIELA, ESQ.
15                             Latham & Watkins
                               885 Third Avenue
16                             New York, New York  10022

17     For Equity Com.:        BONNIE STEINGART, ESQ.
                               Fried, Frank, Harris, Shriver
18                               & Jacobson, LLP
                               One New York Plaza
19                             New York, New York  10004

20     For ADAH:               THOMAS E. LAURIA, ESQ.
                               White & Case, LLP
21                             200 South Biscayne Boulevard
                               Miami, Florida  33131
22                             (Appearances continued on next page)

23              REGENCY REPORTING, INC.
          Certified Court Reporters & Videographers
24        425 Eagle Rock Avenue    575 Madison Avenue
          Roseland, NJ 07068       New York, NY 10022
25        www.regencyreporting.net    1-866-268-7866
```

1   revised blacklined order and I'll grant the motion. It appears to
2   me the debtors have been acting in good faith. They obviously
3   still have remaining issues in respect of the plan and/or a
4   modification thereof and, consequently, this extension which,
5   again, is consensual on this basis is warranted. So I'll enter
6   that order.
7            MR. BUTLER: Thank you, Your Honor.
8            Your Honor, you also touched briefly on the 4(m) motion.
9   That's actually the next one, Item 5. This is the post-
10  confirmation extension of avoidance action service deadlines motion
11  at docket No. 13361 and, Your Honor, this deals with the debtor's
12  seeking an entry of an order extending the deadline to serve
13  process pursuant to Bankruptcy Rule 7004(a) and Federal Rules of
14  Civil Procedure 4(m) that's made applicable by Bankruptcy Rule
15  7004(a) for avoidance actions filed in connection with the
16  preservation of estate claims procedures order earlier entered by
17  this Court at docket No. 12471.
18           We did give some specific notice in connection with
19  this, Your Honor. We gave notice of the motion to Lenico
20  Engineering Company, Wachovia Bank National Association and the
21  master service list and the 2002 list. The reason that we gave
22  specific notice to Lenico and Wachovia was because those were the
23  only two parties that had been identified under Exhibit 7.24 of the
24  plan as having the avoidance actions preserved under the plan and,
25  therefore, we gave particularized notice to them of the relief

1  sought by the debtors.  We have not given notice to the 742 other
2  defendants therein which are under seal and it was not served on
3  those defendants except to the extent those defendants already had
4  placed themselves on either the master service list or the 2002
5  list.
6        There were no objections to the motion.  At the moment,
7  Your Honor, prior to Your Honor's order, we believe that it's
8  appropriate to get a further extension.  Right now, the extension
9  is through May 31, 2008, that's Your Honor's -- a prior order
10 entered on March 28th at docket No. 13277 and, again, the process
11 that we're looking for here is essentially the same formulation we
12 did in the 365(d)(4) motion and I presume with a similar
13 modification from Your Honor, the idea here is to not have to deal
14 with these complaints so long as we have the plan process that
15 we're moving forward with.
16       THE COURT:  Okay.  Well, first, I continue to believe
17 that there is good cause for the relief sought here.  Except for
18 the notice you did give I don't think any further notice is
19 necessary under the plain terms of 9006 and the cause is obviously
20 that the analysis so far that's represented in the motion is the
21 same as it was when the motion was originally granted which is that
22 these causes of action are being preserved in light of the
23 limitations period, however, it's not presently contemplated that
24 they will be pursued, although obviously the preservation of them
25 means that they may be pursued but given that there's no reason for