**Hearing Date and Time: July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)**
**Objection Date and Time: June 7, 2010 at 4:00 p.m. (Eastern Daylight Time)**

HONIGMAN MILLER SCHWARTZ AND COHN LLP
I. W. Winsten (P30528)
Judy B. Calton (P38733)
Douglas C. Salzenstein (P59288)
Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendant MSX International, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

DELPHI CORPORATION, et al.                              Chapter 11
                                                         Case No. 05-44481 (RDD)
                                                         Jointly Administered
_____/              Honorable Robert D. Drain

DELPHI CORPORATION, et al.,

    Plaintiffs,                                         Adv. Pro. No. 07-02484(RDD)

Against

MSX, MSX INTERNATIONAL AND MSX
INTERNATIONAL INC.,

    Defendants.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MSX INTERNATIONAL, INC. TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; (C) DISMISS THE CLAIMS AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT; AND (D) DISMISS CLAIMS BASED ON ASSUMED CONTRACTS; OR (E) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

    A.    Delphi Files An Avoidance Complaint Against MSX..........................................2

    B.    MSX Did Not Receive Constitutionally Sufficient Notice..................................2

    C.    MSX Suffers Prejudice During The Time It Had No Notice Of The Complaint ...............4

    D.    Delphi Assumed MSX's Contracts......................................................................5

    E.    The Avoidance Complaint Provides Little To No Information ...........................5

ARGUMENT...................................................................................................................................6

    A.    The Extension Orders Are Void Due to Lack of Due Process ............................6

    B.    Prepetition Payments on Assumed Contracts Cannot Be Avoided as Preferential ............7

    C.    The Complaint Should Be Dismissed As To Entities Which Do Not Exist........8

CONCLUSION.................................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) .................................................................................................. 9

*Development Specialists, Inc. v. 1114 6th Avenue Co., LLC*, bench ruling, No. 08-1418
   (RDD) (March 5, 2009), *aff'd*, 09-Civ-5047(DLC)(S.D.N.Y. September 4, 2009) .................. 8

*In re Johns-Manville Corp.*,
   __ F.3d __, 2010 WL 1007832 (2d Cir. 2010) ....................................................... 6-7

*In re Kiwi International Air Lines, Inc.*,
   344 F.3d 311 (3d Cir. 2003) ........................................................................................ 8

**STATUTES**

11 U.S.C. §107 ................................................................................................................ 8

11 U.S.C. §§547 and 558 .............................................................................................. 2

11 U.S.C. §547(b)(5) ...................................................................................................... 8

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7012(b) ............................................................................................. 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 8

Defendant MSX International, Inc. ("**MSX**"), by its undersigned counsel, respectfully states:

## PRELIMINARY STATEMENT

The Reorganized Debtors, as successor to Delphi Corporation, *et al.* (collectively, "**Delphi**"), have purportedly filed 177 separate avoidance actions, including: (i) this action against MSX; and (ii) a separate action filed against Affinia Group Holdings, Inc., Affinia Canada Corp., and Brake Parts, Inc. (among others) (collectively, "**Affinia**"). MSX and Affinia are represented by the same counsel, Honigman Miller Schwartz and Cohn LLP.

On April 29, 2010, Affinia filed a motion seeking to: (a) vacate certain prior orders of this Court; (b) dismiss Delphi's avoidance complaint with prejudice; and (c) dismiss Delphi's claims against certain defendants; or (d) in the alternative, require Delphi to file a more definite statement (the "**Affinia Motion**") (D. I. 41 in Adversary Proceeding No. 07-02198 (the "**Affinia Proceeding**"), supported by a comprehensive memorandum of law. (D. I. No. 42 in the Affinia Proceeding (the "**Affinia Memorandum of Law**"). Because the arguments raised by Affinia in the Affinia Memorandum of Law apply with equal force to MSX (and to avoid submitting multiple, nearly identical briefs to the Court), MSX incorporates the facts and arguments (and defined terms) set forth in the Affinia Memorandum of Law.[1]

However, MSX also has the following *additional facts and arguments, which are unique to MSX*, to present in support of the dismissal of the Complaint.

---

[1] Numerous other motions have been filed by the defendants in other of the various avoidance actions. Those motions also seek the dismissal of the avoidance complaints on various legal grounds. Because the facts surrounding those actions are, in many respects, similar to those found here, MSX also incorporates all applicable arguments raised by the other defendants in their dismissal motions.

1

## STATEMENT OF FACTS

**A.    Delphi Files An Avoidance Complaint Against MSX**

On or about September 28, 2007, Delphi opened a file for an adversary proceeding against MSX, seeking to recover over $4.4 million in alleged preferential transfers. *See* the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 558 (Exhibit to D.I. 7 in Adv. Pro. No. 07-02484, attached to MSX's Motion as Exhibit A). Delphi purported to serve this Complaint on March 31, 2010, 2½ years after the statute of limitations expired and 4½ years after the alleged preferential transfers were purportedly made.[2]

**B.    MSX Did Not Receive Constitutionally Sufficient Notice**

Prior to late March 2010, when Delphi finally unsealed the Complaint against MSX and served MSX with a motion seeking yet another extension of time to serve MSX, MSX did not know the Debtors had previously filed, under seal, the instant avoidance Complaint or that the Debtors were seeking to avoid over $4.4 million in alleged preferential transfers that the Debtors purportedly made to MSX nearly 4 ½ years ago. Prior to unsealing the Complaint, *each and every* representation made by the Debtors, whether in their pleadings or during oral argument, suggested that no preference action would be prosecuted against MSX.

For example, in the Debtors' Preservation of Estate Claims Procedure Motion (the "**First Extension Motion**"), filed on August 6, 2007 (D.I. 8905), the Debtors abandoned numerous causes of action, including avoidance actions for transfers to a party of less than $250,000 in the aggregate and those on account of "payments to foreign suppliers." *See* First Extension Motion, ¶¶ 25, 26. The Debtors also stated their intention to abandon claims where "valid defenses

---

[2] Delphi has also named as defendants "MSX" and "MSX International", which are not separate legal entities and do not exist. Declaration of R. Michael Muraske, ¶ 3, attached to MSX's Motion as Exhibit B. MSX, therefore, moves to have "MSX" and "MSX International" struck from the Complaint and the case dismissed as against them.

2

exist." *Id.* ¶ 30. The Court granted the First Extension Motion in the Preservation of Estate Claims Procedures Order (D.I. 9105) (the "**Procedures Order**").

Shortly thereafter, on or about December 10, 2007, the Debtors filed their First Amended Joint Plan of Reorganization (D.I. 11386) (the "**Confirmed Plan**"), which was confirmed by order of the Court dated January 25, 2008. (D.I. 12359) (the "**Confirmation Order**"). Exhibit 7.24 to the Confirmed Plan, which set forth the actions the Debtors sought to retain under the Confirmed Plan, notably did not contain any reference to MSX or the $4.4 million avoidance Complaint. Thus, the Confirmed Plan implicitly represented that no avoidance action was being retained with respect to MSX.

The Debtors' Second Extension Motion, filed on February 8, 2008, reaffirmed this very fact. *See* Extension of Avoidance Action Service Deadline Motion (D.I. 12922) ("**Second Extension Motion**"). There, the Debtors represented that they would "not retain any causes of action asserted in the [adversary proceedings] except those specifically listed in Exhibit 7.24 of the Plan." *Id.* ¶ 17. In fact, the Debtors expressly stated that of the 742 adversary proceedings that were purportedly commenced under seal, only the claims related to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co, Inc., and their affiliates and subsidiaries (the "**Laneko Defendants**"), were subject to the Court's initial Procedures Order. *Id.* ¶ 17 n.4. And, during oral argument on their extension motion, counsel for the Debtors represented that: "[t]he plan [only] reserve[d] or retain[ed] the ability to pursue a very small number of avoidance actions." See March 19, 2008 Tr. p. 22, attached to MSX's Motion as Exhibit C.

The Debtors' Third Extension Motion, filed on April 10, 2008, continued along this same path, lulling MSX into believing no avoidance action had or would be filed. *See*

3

Postconfirmation Extension of Avoidance Action Service Deadline Motion (D.I. 13361) (the "**Third Extension Motion**"). For example, the Third Extension Motion expressly provided, once again, that only the claims related to the Laneko Defendants were subject to the initial Procedures Order. *Id.* ¶ 18 n.4. Indeed, during oral argument, counsel for the Debtors specifically represented and admitted that the:

> reasons we gave specific notice to Lenico (sic) and Wachovia was because *those were the only two parties that had been identified under Exhibit 7.24 of the plan as having the avoidance actions preserved under the plan* and, therefore, we gave particularized notice to them of the relief sought by the debtors.

(April 30, 2008 Tr. pp. 11-12, attached to MSX's Motion as Exhibit D) (emphasis supplied).

Thus, during this entire time period, the Debtors not only kept their Complaint a secret, but specifically represented, time and again, that they had abandoned all avoidance actions other than those filed against the Laneko Defendants. Accordingly, based on the Debtors' own representations, MSX could not have anticipated, and had no notice, prior to March 2010, that a preference action had or would be filed against it.

### C.     MSX Suffers Prejudice During The Time It Had No Notice Of The Complaint

During the time Delphi intentionally concealed the avoidance actions, the MSX employee in charge of MSX's relationship with Delphi left MSX's employ. Declaration of R. Michael Muraske, ¶ 5, Exhibit B to MSX's Motion. Because MSX received no notice of the Complaint, it took no special steps to preserve his papers and electronic documentation, and believes that documentation critical to MSX's defense of this adversary proceeding has been lost. *Id.* ¶ 6. If MSX had known that Delphi commenced an action it could have taken special steps to organize and preserve its records with respect to Delphi. As a result, MSX has suffered prejudice, and

4

will be harmed in its ability to defend this action because it did not know between 2007 and 2010 that this action had been filed.

### D. Delphi Assumed MSX's Contracts

During the time after Delphi had commenced its adversary proceeding against MSX but kept it concealed from MSX, Delphi assumed contracts with MSX. On or about November 16, 2007, Delphi assumed and assigned Delphi Purchase Order Numbers 460006093 and 460006298 to MSX (the "**Assumed MSX Contracts**") in connection with the sale of its interiors and closures business. See Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection with Sale of Interiors and Closures Businesses (the "**Assumption Notice**"). (D.I. No. 10963, excerpted pages of which are attached to MSX's Motion as Exhibit E). Not knowing of the pendency of the Complaint against it, MSX did not object to the assumption or the cure cost.

### E. The Avoidance Complaint Provides Little To No Information

Finally, like the Complaint filed in the Affinia Proceeding, the MSX Complaint is bare-bones, providing no information other than the alleged "transfer date," "transfer amount" and "transfer type" for the numerous transfers that Delphi seeks to avoid. For example, the Complaint does not identify which of the numerous Debtors actually owed the money allegedly transferred. The Complaint also does not identify which Debtor actually made the alleged payments (or out of which Debtor's bank account) or under which MSX contract payment was allegedly made, such as payment under the Assumed MSX Contracts. Indeed, the Complaint does not even allege that: (i) it was the Debtors who, in fact, made the transfers at issue; (ii) the transfers were made to MSX; or (iii) that the payments were under unassumed executory contracts. Instead, the Complaint only states, in the most general terms, that the Debtors "made, or caused to be made, the Transfers" and that they were made "to, or for the benefit of [MSX]."

5

*Id.* ¶¶ 10-13. In fact, the Complaint even fails to set forth the identity of the actual plaintiffs (*i.e.*, which Delphi entities are suing MSX); instead, the Complaint merely states that it is brought on behalf of "Delphi Corporation ('Delphi') and other [unnamed] above-captioned debtors and debtors in possession." *Id.* (Introductory Paragraph & n.1).

## ARGUMENT

### A.  The Extension Orders Are Void Due to Lack of Due Process

In addition to the due process arguments set forth in the Affinia Motion, MSX submits that the Procedures Orders and the orders approving the Debtors' various motions prior to March 25, 2010 to extend the time to serve defendants (the "**Extension Orders**") are void as to MSX because MSX did not receive constitutionally sufficient notice.

This conclusion is dictated by the Second Circuit's recent decision in *In re Johns-Manville Corp.*, ___ F.3d ___, 2010 WL 1007832 (2d Cir. 2010). In *Johns-Manville*, the Court held that Chubb Indemnity Insurance Company's ("Chubb's") due process rights were violated notwithstanding the fact that Chubb had received publication notice of the hearing that ultimately led to the orders at issue. In so doing, the Second Circuit explained that even if a third-party receives notice of a hearing, due process prohibits binding the third-party where the party does not have sufficient information that would allow it to intelligently understand that its rights were going to be permanently affected (necessitating a need to appear and defend). *Id.* at *16-20. Indeed, the court concluded that, based on the information provided, Chubb could not anticipate that its rights were being foreclosed. The court explained:

> In order to comprehend that the contemplated channeling injunction would bar Chubb's *in personam,* non-derivative claims against Travelers, the recipient of this Notice would have to predict that the bankruptcy court would exceed its *in rem* jurisdiction in entering the 1986 Orders. Such a recipient would also have to be presumed to know-or to be able to discern from the 1984 Notice document-the factual extent of Travelers' relationship with

6

> Manville, which ultimately served as the lynchpin of the bankruptcy court's 2004 interpretation of the 1986 Orders. The bankruptcy court's fact findings are presently uncontested, and Chubb was undoubtedly a "sophisticated insurer" in the early 1980s. But we cannot attribute to Chubb the sort of prescience that these predictions would have required, and the August 2, 1984 Notice was insufficient to communicate these issues.

*Id.* at *19 (internal citations omitted).

That exact sort of prescience would have been required of MSX here. Until March, 2010, MSX had absolutely no idea that a sealed avoidance complaint had been filed 2 ½ years earlier. The Debtors abandoned numerous causes of action in their First Extension Motion and Exhibit 7.24 to the Confirmed Plan – which identified the actions the Debtors sought to retain under the plan – made no reference to MSX or the Complaint. The Debtors also repeatedly represented, both in their written pleadings and during oral argument, that they were not retaining any avoidance actions other than claims related to the Laneko Defendants. Thus, prior to March 2010, the representations made by the Debtors suggested that the Debtors would not pursue an avoidance action against MSX, and MSX certainly had the right to take the Debtors' express representations at face value. As in *Johns-Manville*, based on the information provided, MSX could not predict, from the way the proceedings were unfolding and the notice provided, that an avoidance action was pending against it and that its rights would be permanently compromised unless it appeared and objected to the various Extension Motions. As such, under *Johns-Manville*, it would violate MSX's due process rights if it were bound by the Extension Orders.

### B. Prepetition Payments on Assumed Contracts Cannot Be Avoided as Preferential

Delphi assumed and assigned the Assumed MSX Contracts in connection with the sale of their interiors and closures businesses. Because a preference action is precluded by a debtor's assumption of its agreement with the creditor, Delphi's assumption of the Assumed MSX

7

Contracts precludes Plaintiffs from establishing their *prima facie* case under 11 U.S.C. §547(b)(5). *In re Kiwi International Air Lines, Inc.*, 344 F.3d 311, 313-319 (3d Cir. 2003); *Development Specialists, Inc. v. 1114 6th Avenue Co., LLC*, bench ruling at page 16, No. 08-1418 (RDD) (March 5, 2009) ("Given the requirement under Section 365 to cure all defaults, including pre-petition defaults, under an executory contract before such contract can be assumed, the logic of the preference cases relied upon by the landlord was crystal clear to me."), *aff'd on other grounds*, 09-Civ-5047(DLC)(S.D.N.Y. September 4, 2009). (A copy of excerpted pages of the bench ruling is attached to MSX's Motion as Exhibit F.) Thus the Complaint against MSX should be dismissed because Delphi is precluded from avoiding payments under the Assumed MSX Contracts.

### C.     The Complaint Should Be Dismissed As To Entities Which Do Not Exist

Delphi has named two defendants that are not separate legal entities, "MSX" and "MSX International." See Declaration of R. Michael Mirashe, Exhibit B to MSX's Motion. MSX therefore, moves to have "MSX" and "MSX International" struck from the Complaint and the case dismissed as against them.

### CONCLUSION

Accordingly, for the reasons stated above and the reasons set forth in the Affinia Motion (which, along with the motions of the other avoidance defendants, has been incorporated herein), MSX respectfully seeks an order from the Court:

- Vacating the Extension Orders pursuant to the Court's discretionary authority because: (a) enforcement of the orders against MSX would violate its due process rights; (b) cause did not exist to extend the time for service of the Complaint; and/or (c) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

- Dismissing with prejudice the Complaint against MSX, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b), on the ground that it:

(a) is barred by the 2-year statute of limitations; and/or (b) does not comply with the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009);

- Dismissing defendants "MSX" and "MSX International" because they are not persons or corporations, do not exist and, therefore, cannot be sued;

- Dismissing the Complaint because Plaintiffs assumed the Assumed MSX Contracts;

- In the alternative, dismissing the Complaint with prejudice on the ground that it is barred by laches, judicial estoppel or res judicata; and

- In the alternative, if the Complaint is not dismissed, the Court should order Delphi to file a more definite statement with respect to its Complaint.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

Attorneys for MSX International, Inc.,

By: /s/ Judy B. Calton
    I. W. Winsten (P30528)
    Judy B. Calton (P38733)
    Douglas Salzenstein (P59288)
    Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
e-mail: jcalton@honigman.com

Dated: May 7, 2010

DETROIT: 4159821.2