KELLEY DRYE & WARREN LLP
Talat Ansari
Jordan A. Bergman
Kristin S. Elliott
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

Attorneys for Defendant, Tata America International
Corporation d/b/a TCS America

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                        )
In re:                                  )    Chapter 11
                                        )
DELPHI CORPORATION, *et al.*,           )    Case No. 05-44481 (RDD)
                                        )
             Debtors.                   )    (Jointly Administered)
_____)
                                        )
                                        )
DELPHI CORPORATION, *et al.*,           )    Adv Pro. No. 07-02668 (RDD)
                                        )
             Plaintiffs,                )
                                        )
      v.                                )
                                        )
TATA AMERICA INTERNATIONAL              )
CORP.,                                  )
                                        )
             Defendant.                 )
_____)

**JOINDER OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A TCS AMERICA TO PENDING MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL**

Tata America International Corporation d/b/a TCS America ("Tata"), by its undersigned attorneys, Kelley Drye & Warren LLP, hereby joins (the "Joinder") and adopts the arguments set forth in the following motions (the "Motions") filed by Wagner-Smith Company and Microchip Technology Incorporated (collectively, the "Preference Defendants"):

(1) MOTION BY WAGNER-SMITH COMPANY SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, dated February 5, 2010 [Docket No. 19401]; and,

(2) MOTION BY MICROCHIP TECHNOLOGY INCORPORATED SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, dated March 15, 2010 [Docket No. 19677].

The facts set out in the Motions are substantially the same with respect to Tata, except as more specifically stated and amended herein, such that any relief granted for the benefit of one or more of the Preference Defendants should be granted for Tata.

Tata supplements and/or amends the facts set forth in the Motions as follows:

1.    On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On October 14, 2005,

three additional U.S. subsidiaries of Delphi filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, Tata provided certain information technology services to the Debtors pursuant to a certain agreement entitled, General Terms and Conditions For Information Systems and Services, dated as of December 10, 2003.

3. By motion dated August 6, 2007, the Debtors filed the Preservation of Estate Claims Procedures Motion.[1]  [Docket No. 8905].  Tata was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.

4. By motion dated February 28, 2008, the Debtors filed the Extension of Avoidance Action Service Deadline Motion.  [Docket No. 12922].  Tata was <u>not</u> provided with notice of the Extension of Avoidance Action Service Deadline Motion.

5. By motion dated April 10, 2008, the Debtors filed the Postconfirmation Extension of Avoidance Action Service Deadline Motion.  [Docket No. 13361].  Tata was <u>not</u> provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.

6. By motion dated October 2, 2009, the Debtors filed the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.  [Docket No. 18952].  Tata was <u>not</u> provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.

7. Tata has not been afforded due process and a meaningful opportunity to object to any of these motions because the Debtors/Plaintiffs have deprived Tata of any means by which to ascertain whether Tata was an anticipated defendant in the adversary proceedings to be filed under the seal, or was in fact a defendant in the sealed adversary proceedings later filed.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motions.

3

8. While the Debtors/Plaintiffs commenced this adversary proceeding against Tata on September 26, 2007 by filing the Complaint under seal with the Clerk (seeking to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Tata of $4,602,230.76), Tata was not served with the Complaint until on or about April 5, 2010, approximately two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

WHEREFORE, Tata, by its undersigned attorneys, joins and adopts the arguments set forth in the Motions, and respectfully requests that any relief granted for the benefit of one or more of the Preference Defendants be granted for Tata.

Dated: New York, New York
      May 7, 2010

KELLEY DRYE & WARREN LLP

By: */s/ Kristin S. Elliott*
Kristin S. Elliott
Jordan A. Bergman
Talat Ansari
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7897

Attorneys for Defendant, Tata America International Corporation d/b/a TCS America

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of May 2010, I caused the foregoing ***JOINDER OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A TCS AMERICA TO PENDING MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL***, to be filed via this Court's CM/ECF System and served upon the parties listed below via United States First Class Mail.

| | |
|---|---|
| Butzel Long, A Professional Corporation<br>380 Madison Avenue – 22nd Floor<br>New York, New York 10017<br>Attn: Eric B. Fisher, Esq.<br>Barry N. Seidel, Esq. | Butzel Long, A Professional Corporation<br>150 West Jefferson – Suite 100<br>Detroit, Michigan 48226<br>Attn: Cynthia J. Haffey, Esq |
| Togut, Segal & Segal LLP<br>One Penn Plaza – Suite 3335<br>New York, New York 10119<br>Attn: Albert Togut, Esq. | U.S. Trustee<br>United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, New York 10601 |

           */s/ Jordan A. Bergman*
           Jordan A. Bergman