SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re : Chapter 11
:
DPH HOLDINGS CORP., et al., : Case No. 05-44481 (RDD)
:
        Reorganized Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND HYUNDAI MOTOR AMERICA DISALLOWING AND
EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18934

(HYUNDAI MOTOR AMERICA)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Hyundai Motor America ("HMA" or the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Hyundai Motor America Disallowing And Expunging Proof Of Claim Number 18934 (Hyundai Motor America) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems ("DAS LLC") former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 15, 2009, HMA filed proof of administrative expense claim number 18934 against Delphi which asserts an administrative expense claim in the amount of $10,891,383.00 (the "Claim") stemming from payments due under a product liability agreement.

WHEREAS, On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, on April 16, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. §

503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, to resolve the Forty-Seventh Omnibus Claims Objection with respect to the Claim, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Debtors and the Claimant agreed that the Claim should be disallowed and expunged in its entirety, with HMA reserving all of its rights to seek reconsideration of the Claim under 11 U.S.C. § 502(j) of the Bankruptcy Code and the Reorganized Debtors reserving all of their rights to contest any such request for reconsideration.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. The Claim shall be disallowed and expunged in its entirety.

2. Nothing herein shall affect the right of the Claimant to seek reconsideration of the Claim under 11 U.S.C. § 502(j), and the Reorganized Debtors reserve any and all of their rights to challenge any such request for reconsideration on any basis whatsoever.

3. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 10th day of May, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Mark D. Houle |
|---|---|
| John Wm. Butler, Jr. | Mark D. Houle |
| John K. Lyons | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| Ron E. Meisler | |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 650 Town Center Drive, 7th Floor |
| 155 North Wacker Drive | Costa Mesa, CA 92626 |
| Chicago, Illinois 60606 | Attorneys for Hyundai Motor America |

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors