**Hearing Date and Time: May 20, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: May 18, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                : Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               : Case Number 05-44481 (RDD)
                                          :
                                          : (Jointly Administered)
        Reorganized Debtors.              :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER
19543 FILED BY JOSE C. ALFARO AND MARTHA ALFARO

("SUPPLEMENTAL REPLY REGARDING CERTAIN CLAIMS
FILED BY JOSE C. ALFARO AND MARTHA ALFARO")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proof of Claim Number 19543 Filed By Jose C. Alfaro And Martha Alfaro (the "Supplemental Reply"), and respectfully represent as follows:

A.      Preliminary Statement

1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.      On April 22, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Claim Nos. 16898, 17094, 18027, And 19543 (Docket No. 19928) (the "Sufficiency Hearing Notice").

4.      The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and

2

making distributions (if any) with respect to all Claims and Interests …." Modified Plan, art. 9.6(a).

       5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on May 20, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

       6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **May 18, 2010.**</u>

B.  <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging a proof of claim because (i) the actions underlying the proof of claim have been denied by summary judgment, (ii) the proof of claim has already been asserted by the Claimants, and (iii) the proof of claim was untimely filed.

C.  <u>The Claims Filed Against The Debtors</u>

8. On August 10, 2009, Jose C. Alfaro and Martha Alfaro (the "Alfaros" or the "Claimants") filed proof of claim number 19543 (the "Claim") asserting an unsecured non-priority claim in the amount of $1,500,000.00 against Delphi Corporation ("Delphi").

9. <u>The Reorganized Debtors' Objection To The Claim</u>. On October 15, 2009, the Reorganized Debtors objected to the Claim on the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (Docket No. 18983) (the "Thirty-Sixth Omnibus Claims Objection") on the grounds that such claim was untimely filed.

10. <u>Response To The Reorganized Debtors' Objection</u>.  On November 12, 2009, Mr. and Mrs. Alfaro filed a response to the Thirty-Sixth Omnibus Claims Objection (Docket No. 19076), in which they assert that their previous attorney fraudulently replaced their timely filed proof of claim with an untimely second proof of claim, both of which have since been disallowed by this Court.

11. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Claim was adjourned to a future date. On April 22, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with

respect to the Claim, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.

D.  Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

12. The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Reorganized Debtors' objection to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

13. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United

5

Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

14. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

15. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.     Argument Regarding The Claim

16. The Alfaros assert that Delphi owes them $1.5 million based on a personal injury claim. Delphi does not owe any amounts to the Alfaros because (i) a federal district court has already resolved an issue against the Alfaros that is essential to the Claim, and the Alfaros are precluded from relitigating the issue under the doctrine of issue preclusion , (ii) the

6

underlying claim has already been expunged by this Court, and (iii) the proof of claim was untimely filed.

17. <u>Summary Judgment Order Terminating Action Underlying Proof Of Claim Shows That The Alfaros Fail To State A Claim.</u> On April 7, 2005, the Alfaros filed a complaint against General Motors Corporation ("GM"), Delco Electronics Corporation, Delco Electronics Corporation, Delphi Automotive Systems (f/k/a Inland Fisher Guide), John Doe, and John Doe, Inc. (collectively, the "Defendants") in the United States District Court for the District of Colorado (the "District Court"), alleging that Defendants were liable for the personal injury claim asserted by the Alfaros. <u>Jose C. Alfaro and Martha Alfaro v. General Motors Corporation, Delco Electronics Corporation, Delphi Automotive Systems (f/k/a Inland Fisher Guide), John Doe, and John Doe, Inc.</u>, Civil Action No. 05-cv-00645 (D. Col.) (the "District Court Action").[1] The District Court Action against the Debtors was stayed pursuant to the automatic stay.

18. In the Alfaros' complaint (District Court Action, Docket No. 1) (the "Complaint"), which is attached hereto as <u>Exhibit A</u>, the Alfaros list three claims for relief against the Defendants: (i) strict liability in tort under C.R.S. §13-21-401; (ii) negligent design, manufacture, installation, testing, and inspection; and (iii) breach of implied warranty of merchantability. Complaint ¶¶ 30 -45. As the Alfaros describe in their Complaint, the 2000 Chevrolet Silverado 1500, 4X4, Ltd., VIN 1GCEK19T1YE143024 (the "Silverado"), was the subject of the Complaint ¶ 9.

19. <u>Strict Liability In Tort Under C.R.S. §13-21-401.</u> To prove strict liability in tort under C.R.S. §13-21-401 the Alfaros must establish by a preponderance of the evidence:

---

[1] Proof of claim number 19543 is based on this litigation. For example, the Alfaros attached the complaint filed in the District Court Action to the Response as well as to the previously disallowed duplicative proofs of claim numbers 15613 and 16471.

7

(1) the Defendants were the manufacturer of the Silverado; (2) the Defendants were engaged in the business of selling such products; (3) the Defendants sold the Silverado; (4) the Silverado was defective and, because of the defect, the Silverado was unreasonably dangerous to a person who might reasonably be expected to use, consume, or be affected by the Silverado; (5) the Silverado was defective at the time it was sold by the Defendants or left their control; (6) the Silverado was expected to reach the user or consumer without substantial change or condition in which it was sold; (7) the Silverado did reach the user or consumer without substantial change in the condition in which it was sold; (8) the Claimants were persons who would reasonably be expected to use, consume or be affected by the Silverado; (9) the Claimants had injuries; and (10) the defect in the Silverado was a cause of the Claimants' injuries. Simon v. Cappola, 876 P.2d 10, 15 (Colo Ct. App. 1993).

20.     *Negligent Design, Manufacture, Installation, Testing, And Inspection.*  To prove the claim for relief based on manufacturer's negligence, the Alfaros must establish by a preponderance of the evidence that: (1) the Defendants manufactured the Silverado; (2) the Defendants were negligent by failing to exercise reasonable care to prevent the Silverado from creating an unreasonable risk of harm to the person or property of one who might reasonably be expected to use, consume or be affected by the Silverado while it was being used in the manner the Defendants might have reasonably expected; (3) the Claimants were persons the Defendants should reasonably have expected to use, consume or be affected by the Silverado; and (4) the Claimants had injuries that were caused by the Defendants' negligence, while the Silverado was being used in a manner the Defendants should reasonably have expected. Lyons v. Nesby, 770 P.2d 1250, 1254 (Colo. 1989).

21. <u>Breach Of Implied Warranty Of Merchantability.</u>  To prove the claim for relief based on breach of implied warranty of merchantability, the Alfaros must establish by a preponderance of the evidence that: (1) the Defendants sold the Silverado; (2)  the Claimants are persons who were reasonably expected to use, consume or be affected by the product; (3)  the Defendants were merchants with respect to the type of product involved herein; (4) the Silverado was not of merchantable quality at the time of sale; (5) this breach of warranty caused the Plaintiffs' injuries; and (6) within a reasonable time after the Claimants discovered or should have discovered the alleged breach of warranty, the Claimants notified the Defendants of such breach. <u>Prutch v. Ford Motor Co.</u>, 618 P.2d 657, 660 (Colo. 1980).

22. All three of the causes of action against Delphi, strict liability, negligence, and implied breach of warranty, require that the Alfaros demonstrate that same issues be proved – that the Silverado was defective.

23. On July 21, 2006, after full discovery, GM moved for summary judgment (District Court Action, Docket No. 59) (the "Summary Judgment Motion") and concurrently filed its brief in support of the Summary Judgment Motion (District Court Action, Docket No. 60) (the "Summary Judgment Motion Brief").  For this Court's reference, a copy of the Summary Judgment Motion is attached hereto as <u>Exhibit B</u> and a copy of the Summary Judgment Motion Brief is attached hereto as <u>Exhibit C</u>.  The evidence presented to the District Court in connection with the Summary Judgment Motion included, among other things an expert report prepared by the Alfaros' expert that addressed whether the Silverado was defective. Summary Judgment Motion Exhibit A-3.

24. On August 21, 2006, GM filed a motion to expedite consideration for summary judgment (District Court Action, Docket No. 63) (the "Motion to Expedite"), a copy of which is attached hereto as <u>Exhibit D</u>.

25. On August 23, 2006, the Alfaros filed their opposition to Motion to Expedite (District Court Action, Docket No. 65) (the "Alfaro Opposition") and on September 11, 2006, GM filed its reply to the Alfaro Opposition (District Court Action, Docket No. 66).  A copy of the Alfaro Opposition is attached hereto as <u>Exhibit E</u> and GM's reply is attached hereto as <u>Exhibit F</u>.

26. On October 17, 2006, the District Court issued an opinion and judgment granting the Summary Judgment Motion in its entirety and terminating the District Court Action (District Court Action, Docket No. 67) (the "Summary Judgment Order"), a copy of the Summary Judgment Order is attached hereto as <u>Exhibit G</u>.  In the Summary Judgment Order, the District Court held that Alfaro Opposition would be treated as a response to the Summary Judgment Motion.

27. In the Summary Judgment Order , the District Court granted summary judgment in favor of GM and against the Alfaros on the grounds that the Alfaros failed to come forward with sufficient evidence that the Silverado was defective, as required under each of the three claims for relief asserted.

28. On October 30, 2006, the Alfaros filed a motion to reconsider the Summary Judgment Order (District Court Action, Docket No. 68) (the "Motion to Reconsider"), GM filed its response to the Motion to Reconsider (District Court Action, Docket No. 81), and the District Court denied the motion on December 11, 2006 (District Court Action, Docket No.

86). For this Court's reference, a copies of the Motion to Reconsider, GM's response, the order denying the Motion to Reconsider are attached hereto as Exhibits H, I, and J respectively.

29. On January 2, 2007, the District Court entered a final judgment against the Alfaros (District Court Action, Docket No. 88), a copy of which is attached hereto as Exhibit K.

30. As with their claims against GM, to sustain their proof of claim against Delphi the Alfaros would need to prove that the Silverado was defective. Indeed the claims against Delphi are based on the same theories and facts and circumstances as the claims against GM in the District Court Action. The Alfaros cannot relitigate the question whether the Silverado was defective, however, because the District Court's judgment prohibits them from doing so under the doctrine of issue preclusion.

31. When, as here, a federal court in a diversity action issues a judgment with respect to state law, the preclusive effect of the judgment is governed by the applicable state law – in this case, Colorado. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508-10 (U.S. 2001) (holding that when determining which law to apply with respect to issue preclusion, it is "a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits"); see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195 (2d Cir. 2010) (citing Semtek and affirming that the law governing the doctrine of res judicata in a diversity action is the law that would be applied by state courts in the State in which the federal diversity court sits). Under Colorado law, issue preclusion bars re-litigation of an issue if: (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against

11

whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. Huffman v. Westmoreland Coal Co., 205 P.3d 501, 506 (Colo. Ct. App. 2009); see also In re Tonko, 154 P.3d 397, 405 (Colo. 2007).

        32.      As discussed above, all three causes of action against Delphi rest on the same issue: whether the Silverado was defective. The Alfaros are the party against whom estoppel is sought and were not able to prove this issue. The Alfaros had a final judgment rendered against them on the merits (District Court Action Docket No. 88). Finally, the Alfaros had a full and fair opportunity to litigate the issue in the District Court Action in connection with the Summary Judgment Motion. (District Court Action, Docket Nos. 1, 65, and 68). In addition there was a second round of litigation triggered by the Afaros' Motion to Reconsider the Summary Judgment Order (District Court Action Docket No. 68), which was later denied after full briefing (District Court Action Docket No. 86). All four elements for issue preclusion under Colorado law are easily satisfied. Having failed to establish that the Silverado was defective, the Alfaros should not be given a second bite at the apple in the form of an opportunity to litigate that same issue here. The District Court summary judgment bars the Alfaros from doing so and for that reason they cannot succeed on the Claim against Delphi Accordingly, proof of claim number 19543 should be disallowed and expunged in its entirety.

        33.      <u>The Underlying Claim Has Already Been Expunged By This Court.</u> On August 10, 2009, the Claimants filed proof of claim number 19543 asserting an unsecured non-priority claim in the amount of $1,500,000.00 against Delphi. The Claim is an attempt to resurrect proofs of claim numbers 15613[2] and 16471, which were expunged on April 23, 2007

---

[2] On July 31, 2006, the Claimants filed proof of claim number 15613 in the amount of $1,500,00.00 on account of a prepetition lawsuit, which was disallowed and expunged pursuant to this Court's Order Pursuant To 11

*(cont'd)*

12

and September 28, 2007[3] respectively. Moreover, proof of claim number 19543 is an exact photocopy of the previously disallowed proof of claim number 15613. In fact, proof of claim number 19543 is even dated July 25, 2006 despite being filed on August 10, 2009. By filing the Claim, the Claimants seek to unilaterally circumvent Fed. R. Bankr. P. 3008.

    34. <u>Proof Of Claim Number 19543 Is Untimely.</u> Moreover, proof of claim number 19543 should be disallowed and expunged because it was not timely filed. On April 12, 2006, this Court entered its Bar Date Order[4] setting a bar date of July 31, 2006 (the "Bar Date"), for creditors to file proofs of claim in the Debtors' chapter 11 cases and approved the Notice Of Bar Date For Filing Proofs Of Claim (the "Bar Date Notice") to be used to notify parties of the Bar Date, and included a form to be used to submit a proof of claim (the "Proof of Claim Form"). On or before April 20, 2006, in accordance with the Bar Date Order, the Debtors caused Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent in these chapter 11 cases, to transmit to the Alfaros the Bar Date Notice, which set forth certain procedures for asserting a proof of claim, and a copy of the Proof of Claim Form. KCC served the Bar Date Notice by first class mail on the Aflaros. <u>See</u> Affidavit Of Service Of Evan Gershbein, dated April 28, 2006 (Docket No. 3501), the relevant portions of which, including the Bar Date Notice, are attached hereto as <u>Exhibit L</u>.

---

*(cont'd from previous page)*
 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (A) Duplicate And Amended Claims And (B) Equity Claims Identified In Tenth Omnibus Claims Objection (Docket No. 7772) and proof of claim number 16471 in the amount of $500,000.00 was deemed to be the Claimants' surviving claim.

[3] Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification Identified In Twentieth Omnibus Claims Objection (Docket No. 9692).

[4] Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

35. Even though proof of claim number 19543 was filed on August 10, 2009 – more than three years after the Bar Date –the Alfaros have not yet filed a motion or made any attempt in their proof of claim or responses to the Debtors' objection to their proof of claim to establish excusable neglect under the test outlined by the U.S. Supreme Court in Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). In Pioneer, the Supreme Court held that excusable neglect is the failure to comply with a filing deadline because of negligence. Id. at 394. In examining whether a creditor's failure to file a claim by the bar date constituted excusable neglect, the Supreme Court found that the factors include "[a] the danger of prejudice to the debtor, [b] the length of the delay and its potential impact on judicial proceedings, [c] the reason for the delay, including whether it was within the reasonable control of the movant, and [d] whether the movant acted in good faith." Id. at 395. The Second Circuit has held the most important factor is the reason for the delay, including whether it was within the reasonable control of the movant. Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 122-24 (2d Cir. 2005).

36. As this Court has consistently ruled on motions under Fed. R. Bankr. P. 9006(b)(1) seeking leave to file an untimely proof of claim, a movant must first show that its failure to file a timely claim constituted "neglect," as opposed to willfulness or a knowing omission. Then, a movant must show by a preponderance of the evidence that the neglect was "excusable." See, e.g., Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Denying United States Of America's Motion For Leave To File Late Claim And (II) Disallowing And Expunging Proof Of Claim Number 16727, entered March 25, 2009 (Docket No. 16515) at Exh. A p. 2 (citing Pioneer and Midland Cogeneration cases).

37. The Alfaros have made no attempt to prove any set of facts showing that their neglect in timely filing the Claim was "excusable." In their Response, the Alfaros assert that their previous attorney fraudulently replaced their timely filed proof of claim with an untimely second proof of claim, both of which have since been disallowed by this Court. Any claim that the Alfaros may have against their former attorney is outside the scope of the claims procedures and is not the responsibility of the Reorganized Debtors. Proof of claim number 19543 should, therefore, be disallowed and expunged with prejudice as untimely.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to proof of claim number 19543, (b) disallowing and expunging proof of claim number 19543 in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         May 10, 2010

                                                SKADDEN, ARPS, SLATE, MEAGHER
                                                   & FLOM LLP

                                                By:   /s/ John Wm. Butler, Jr.
                                                      John Wm. Butler, Jr.
                                                      John K. Lyons
                                                      Ron E. Meisler
                                                155 North Wacker Drive
                                                Chicago, Illinois 60606

                                                      - and -

                                                By:   /s/ Kayalyn A. Marafioti
                                                      Kayalyn A. Marafioti
                                                Four Times Square
                                                New York, New York 10036

                                                Attorneys for DPH Holdings Corp., et al.,
                                                   Reorganized Debtors