**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-MK-645 (BNB)

JOSÉ C. ALFARO, and
MARTHA ALFARO,
Plaintiffs,

v.

GENERAL MOTORS CORPORATION,
HONEYWELL, INC. f/k/a ALLIEDSIGNAL, INC.
DELCO ELECTRONICS CORPORATION,
DELPHI AUTO SYSTEMS, f/k/a/ INLAND FISHER GUIDE
JOHN DOE, and JOHN DOE, INC.
Defendants.

---

## COMPLAINT

---

Come now Plaintiffs, José C. Alfaro and Martha Alfaro, by their lawyer, Stanley J. Walter, for their Complaint against General Motors Corporation, Honeywell, Inc. f/k/a AlliedSignal, Inc., Delco Electronics Corporation and Delphi Auto Systems f/k/a Inland Fisher Guide, John Doe, and John Doe Inc. allege as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction relative to Plaintiffs' claims against Defendants by virtue of 28 U.S.C. § 1332, in that, there exists complete diversity of citizenship

between all parties plaintiff and defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this district under 28 U.S.C § 1391 (a) because jurisdiction is founded only on diversity of citizenship and a substantial part of events or omissions giving rise to this claim occurred in this district and all Defendants were subject to personal jurisdiction in this district at the time this action was commenced.

## PARTIES

3. Plaintiffs, José Alfaro and Martha Alfaro, are now, and at all times mentioned were, citizens of the United States of America, and are citizens of the State of Kansas and reside at 304 West 5th St. in Goodland, Kansas.

4. Defendant General Motors Corporation (hereinafter "GMC") is a foreign corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the State of Michigan.

5. Defendant Delco Electronics Corporation (hereinafter Delco) is a foreign corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in the State of Indiana.

6. Defendant Delphi Automotive Systems, LLC (hereinafter Delphi) is a foreign corporation organized and existing pursuant to the laws of the State of Delaware

2

with its principal of business in the state of Michigan, and was formerly known as Inland Fisher Guide.

7.  Defendant Honeywell, Inc. (hereinafter Honeywell) is a foreign corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the state of New Jersey, and was formerly known as AlliedSignals, Inc.

## GENERAL ALLEGATIONS

8.  At all times material hereto, Defendant GMC was registered to do business in this state, and was doing business in this state, and at all times material hereto, on information and belief, Defendants Delco and Delphi were and are subsidiaries of Defendant GMC, and upon information and belief, GMC is the sole distributor of GMC Silverado trucks in America, selling this product to General Motors dealers who, in turn, sell them to the American public.

9.  Defendant GMC designed, manufactured, marketed, warranted and sold in interstate commerce a 2000 Chevrolet Silverado 1500, 4X4, LTD, the vehicle which is the subject of this complaint, VIN 1GCEK19T1YE143024.

10. On information and belief, the automobile in question, and/or its relevant component parts, were designed, manufactured, assembled, constructed, fabricated, inspected, distributed, sold, and/or otherwise produced or prepared, and introduced into the stream of commerce by each of the defendants named in this lawsuit.

3

11.  Defendants John Doe and John Doe, Inc., on information and belief, are other individuals or entities involved in the manufacture of this unreasonably dangerous automobile and/or its component parts including, but not limited to, seats, seatbelts, restraint systems, airbags, airbag sensors and related parts  Their identities, on information and belief, are known by defendants in this suit; however, they are unknown at the present time to plaintiffs.  Plaintiffs will supplement and amend pleadings as necessary when the identity of these defendants becomes known.

12.  The condition of the Silverado at the time of the crash complained of herein, was substantively the same as when it entered the stream of commerce, and the defects in the vehicle existed when it left the control of the Defendant GMC.

13.  Defendants reasonably expected, or had reason to expect, that the plaintiff or others could have been injured in this state by reason of its' unreasonably dangerous and defective product, and they derive substantial revenue from interstate and international commerce.

14.  The Silverado in question was manufactured by Defendant GMC and the other Defendants with a safety system that included seat belts and airbags.

15.  At approximately 11:00 p.m. on the 21st day of May, 2003, the Silverado was traveling, in the right (slow) lane, eastbound on 1-70 at approximately mile post 435 at Burlington, Colorado.

4

16. Gorgonio Diaz was driving and the Plaintiff, José Alfaro, was riding in the front passenger seat. ( An infant passenger was riding in the back seat in a properly secured infant chair. After the crash she was examined and released.)

17. The airbag system has a switch on the dash for the passenger-side airbag, and this switch was in the on position.

18. Both Mr. Diaz and the Plaintiff, José Alfaro were properly wearing their respective seatbelts.

19. The interstate at this point is a 4-lane divided highway with a posted speed limit of 75 miles per hour.

20. For unknown reasons, the Silverado veered sharply to the left, crossed over the center line of the eastbound lane, left the paved portion of the highway, traveled in the median, struck a crossover with great force, became airborne, landed in the median, crossed over the west bound lane and came to rest on the north side of the west bound lanes.

21. At the time the Silverado left the highway it was traveling at approximately 70 miles per hour.

22. At the time of impact, the seat belts failed to restrain both front seat passengers, and the both front seat airbags failed to deploy.

23. As a direct and proximate result of the product failure, and failure of the safety systems, the Plaintiff, José Alfaro, was violently thrown about inside the cab of the pickup and severely injured.

24. The Silverado struck with such force that it became a total loss and not economically feasible to repair.

25. As a direct and proximate result of the unreasonably dangerous and defective condition of the Silverado, the Plaintiff, José Alfaro, has incurred medical expense in an amount exceeding $400,000.00, and medical expense is ongoing, sustained severe and permanent injuries, including, but not limited to, remaining comatose for a period of 63 days, loss of sight in one eye, lost of the use of an arm, suffered several painful surgeries, injury to both shoulders, other disabilities, disfigurements and scarring, and has endured substantial and unbearable pain, discomfort, mental anguish, mental suffering, extreme emotional distress and loss of enjoyment of life.

26. As a direct and proximate result of the unreasonably dangerous and defective condition of the Silverado in question Plaintiff, José Alfaro, has and will continue to incur substantial medical expense, has lost income in an amount exceeding $150,000.00, and has suffered impairment of earning ability.

27. Martha Alfaro is the wife of Plaintiff José Alfaro.

6

28. As a direct and proximate result of the unreasonably dangerous and defective condition of the Silverado, Plaintiff, Martha Alfaro, has had to care for her husband, and act as nurse, and to assist him in dressing, and almost all ordinary household tasks, and has suffered the loss of his services, friendship and society, and has endured extreme mental suffering in helping her husband deal with his pain, and mental and physical suffering, all to her damage in an amount exceeding $75,000.00.

29. The doctrine of *res ipsa loquitor* applies to this case.

### FIRST CLAIM FOR RELIEF
### Strict Liability In Tort C.R.S. §13-21-401

30. Plaintiffs incorporate by reference as if fully set forth herein all statements and allegations contained in the proceeding paragraphs.

31. Defendants are the "manufacturers" of the Silverado within the meaning of the Colorado Products Liability Statute, C.R.S. § 13-31-401.

32. At the time of the crash, the Silverado was defective and unreasonably dangerous to persons who might reasonably expect to use, consume or be affected by it, in at least the following respects, among others;

    A. The safety system airbag did not deploy.

    B. The safety system seatbelt did not restrain the passengers.

C.  The vehicle was not accompanied with adequate warnings of its defective nature.

33.  Had either system worked properly, Plaintiff José Alfaro's injuries, if any, would have been minimal.

34.  Plaintiffs are persons who would reasonably be expected to use, consume, or be affected by the Silverado.

35.  As a direct and proximate result of the defective and unreasonably dangerous condition of the Silverado at the time of the crash, the Plaintiffs suffered damages as set out in paragraphs 25, 26 and 28 above.

## SECOND CLAIM FOR RELIEF
### Negligent Design, Manufacture, Installation, Testing and Inspection

36.  Plaintiffs incorporate by reference as if fully set forth herein all statements and allegations contained in the preceding paragraphs.

37.  Defendants each owed a duty to Plaintiffs to design, test, manufacture and install and inspect the Silverado and component parts in a reasonably safe manner.

38.  Defendants breached this duty by designing, testing, manufacturing, installing and/or inspecting the Silverado and /or its component parts in a negligent and unreasonable manner.

8

39. All defendants acting jointly were negligent, grossly negligent and/or reckless in preparing, designing, manufacturing, fabricating, inspecting, producing the component parts, and selling and distributing the final product of the G.M.C. Silverado such that joint liability may be imposed within the meaning of C.R.S. §13-21-111.

40. Plaintiffs injuries, losses and damages, as set out in paragraphs 25, 26 and 28, were a direct and proximate result of Defendants' negligence.

### THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability

41. Plaintiff incorporates by reference as if fully set forth herein all statements and allegations contained in the preceding paragraphs.

42. Defendants were merchants with respect to the Silverado and component parts at issue.

43. The Silverado was not of merchantable quality at the time of sale, use or consumption by reason of the defectiveness discussed *infra*, which made this product unreasonably dangerous.

44 This breach of warranty was the proximate cause of Plaintiffs injuries, damages and losses as set out in paragraphs 25, 26 and 28.

45. Within a reasonable time after Plaintiffs discovered the breach of implied warranty they notified Defendants.

## PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, Plaintiffs pray that this Court enter judgment in their favor against the Defendants, and each of them, jointly and severally, for special and compensatory damages in an amount to be proven at trial which fully and fairly compensate them for their injuries, damages and losses, for pre- and post-judgment interest from May 21, 2003 until satisfaction of judgment and for their costs, expert witness fees, attorney fees, and for such other and further relief as this Court deems just and proper.

Dated this 7th day of April, 2005.

_____
Stanley J. Walter
Lawyer
1017 S. Gaylord Street
Denver, CO 80209
(303) 698-1957

Address of Plaintiffs:
304 West 5th Street,
Goodland, Kansas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Instructions Regarding
Notice of Availability of a United States Magistrate Judge
to Exercise Jurisdiction Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73,
and D.C.COLO.LCivR 72.2

Attached please find a copy of the United States District Court for the District of Colorado Local Rules of Practice 72.2 (D.C.COLO.LCivR 72.2), a Notice of Availability of a Magistrate Judge to Exercise Jurisdiction and Consent to the Exercise of Jurisdiction by a United States Magistrate Judge, and a proposed Order of Reference.

Pursuant to D.C.COLO.LCivR 72.2, it is the responsibility of the filing party to serve a copy of these instructions, D.C.COLO.LCivR 72.2, and the attached forms on the opposing party or parties and to file proof of such service with the court. The filing party is the plaintiff when an action is commenced by the filing of a complaint, the defendant when an action is commenced by the filing of a notice of removal, the third-party plaintiff when a third-party complaint is filed, or any party that adds an additional party to the civil action.

If ALL parties have consented to this exercise of jurisdiction please file an original and two copies of the Notice and Consent and proposed Order of Reference. In accordance with D.C.COLO.LCivR 72.2D, the Notice and Consent must be filed no later than ten days after the discovery cut-off. In cases not requiring discovery, the parties shall have 40 days from the filing of the last responsive pleading to file their unanimous consent.

If any additional parties are added after the entry of an Order of Reference to the magistrate judge under 28 U.S.C. § 636(c), the party adding an additional party or parties MUST file with the clerk a document titled "Notice," which informs the clerk that an additional party has or parties have been added. The notice MUST provide the added party's address, or parties' addresses, so that the clerk can serve a copy of these instructions, D.C.COLO.LCivR 72.2, and attached forms upon the newly added party or parties in accordance with D.C.COLO.LCivR 72.2F. This mailing will be completed promptly.

You are encouraged to serve the summons and complaint promptly so that the added party or parties will understand the reason for being sent the attached forms from the Clerk's Office.

(06/21/02)

### D.C.COLO.LCivR 72.2
### CONSENT JURISDICTION OF MAGISTRATE JUDGES

A. Designation. Pursuant to 28 U.S.C. § 636(c)(1) and subject to the provisions of this rule, all full-time magistrate judges in the District of Colorado are specially designated to conduct any or all proceedings in any jury or nonjury civil matter and order the entry of judgment in the case. This rule, implementing 28 U.S.C. § 636(c) consent jurisdiction in the District of Colorado, does not affect assignments to magistrate judges under other court rules and orders of reference.

B. Prohibition. No judicial officer, court official, or court employee may attempt to influence the granting or withholding of consent to the reference of any civil matter to a magistrate judge under this rule. The form of notice of right to consent to disposition by a magistrate judge shall make reference to the prohibition and shall identify the rights being waived.

C. Notice. Upon the filing of any civil case, the clerk shall deliver to the plaintiff(s) written notice of the right of the parties to consent to disposition of the case by a magistrate judge pursuant to 28 U.S.C. § 636(c) and the provisions of this rule. The written notice shall be in such form as the district judges shall direct. The clerk shall also provide copies of such notice to be attached to the summons and thereafter served upon the defendant(s) in the manner provided by Fed. R. Civ. P. 4. A failure to serve a copy of such notice upon any defendant shall not affect the validity of the service of process or personal jurisdiction over the defendant(s).

D. Unanimous Consent; Determination. Written consent to proceed before a magistrate judge must be filed no later than ten days after the discovery cut-off date. In cases not requiring discovery, the parties shall have 40 days from the filing of the last responsive pleading to file their unanimous consent. When there is such consent, the magistrate judge shall forthwith notify the assigned district judge, who will then determine whether to enter an order of reference pursuant to 28 U.S.C. § 636(c).

E. Reassignment. Upon entry of an order of reference pursuant to 28 U.S.C. § 636(c), the civil action will be reassigned to a magistrate judge by random draw, excluding the magistrate judge previously assigned.

F.  Additional Parties. Any party added to the action or served after reference to a magistrate judge under this rule shall be notified by the clerk of the right to consent to the exercise of jurisdiction by the magistrate judge pursuant to 28 U.S.C. § 636(c). If any added party does not file a consent to proceed before a magistrate judge within 20 days from the date of mailing of the notice, the action shall be returned to the assigned district judge for further proceedings.

G.  Vacating Reference. The district judge, for good cause shown on the district judge's own initiative or under extraordinary circumstances shown by a party, may vacate a reference of a civil matter to a magistrate judge under this rule.

H.  Appeal. Upon entry of a judgment in any civil action on consent of the parties under 28 U.S.C. § 636(c) authority, an appeal shall be directly to the United States Court of Appeals for the Tenth Circuit in the same manner as an appeal from any other judgment of this court.

(06/21/02)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

                Plaintiff(s),

v.

                Defendant(s).

---

NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

---

      In accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C.COLO.LCivR 72.2, you are hereby notified that a United States magistrate judge of this district court is available to handle all dispositive matters in this civil action, including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge, however, is permitted only if all parties voluntarily consent and the district judge orders the reference to a magistrate judge under 28 U.S.C. § 636(c).

      You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

      Pursuant to D.C.COLO.LCivR 72.2, no district judge or magistrate judge, court official, or court employee may attempt to influence the granting or withholding of consent to the reference of any civil matter to a magistrate judge under this rule.

      An appeal from a judgment entered by a magistrate judge shall be taken directly to the appropriate United States Court of Appeals in the same manner as an appeal from any other judgment of a district court.

      If this civil action has been referred to a magistrate judge to handle certain nondispositive matters, that reference shall remain in effect. Upon entry of an order of reference pursuant to 28 U.S.C. § 636(c), the civil action will be drawn randomly to a magistrate judge, excluding the magistrate judge previously assigned.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

      In accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C.COLO.LCivR 72.2, the parties in this civil action hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

| Signatures | Party Represented | Date |
|---|---|---|
| Print _____ | _____ | _____ |
| Print _____ | _____ | _____ |
| Print _____ | _____ | _____ |
| Print _____ | _____ | _____ |

NOTE: Return the original and a copy of this form to the clerk of the court ONLY IF all parties have consented ON THIS FORM to the exercise of jurisdiction by a United States magistrate judge. Also attach a captioned proposed order. (See attached).

06/21/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

                  Plaintiff(s),

v.

                  Defendant(s).

---

### ORDER OF REFERENCE PURSUANT TO 28 U.S.C. § 636 (c)

---

Pursuant to D.C.COLO.LCivR 72.2 on the _____ day of _____, _____, Magistrate Judge _____ notified the court of the parties' unanimous consent to disposition of the above action by a United States Magistrate Judge. Now, therefore, being sufficiently advised,

IT IS ORDERED as follows:

1. The above action is referred for disposition to a magistrate judge pursuant to 28 U.S.C. § 636 (c);

2. The above action will be randomly assigned to a magistrate judge selected by random draw, excluding Magistrate Judge _____; and

3. Upon such reassignment, the above case number will be amended to reflect the magistrate judge to whom the case is reassigned.

BY THE COURT:

DATED: _____

_____
Judge, United States District Court

### NOTICE OF REASSIGNMENT

Pursuant to the above order, this civil action is reassigned to United States Magistrate Judge _____.

Gregory C. Langham, Clerk

By _____ Deputy Clerk