**EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-645-MSK-BNB

JOSÉ C. ALFARO and
MARTHA ALFARO

      Plaintiff,

      v.

GENERAL MOTORS CORPORATION,
DELCO ELECTRONICS CORPORATION,
DELPHI AUTO SYSTEMS, f/k/a INLAND FISHER GUIDE
JOHN DOE, and JOHN DOE, INC.

      Defendants.

## GENERAL MOTORS CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO ADJUDICATE SUMMARY JUDGMENT MOTION

Defendant General Motors Corporation (GM) replies as follows in support of its Motion to Adjudicate Summary Judgment Motion (DKT No. 63) (GM's Motion) and to Plaintiffs' Response to Defendant General Motors Corporation's Motion to Adjudicate Summary Judgment Motion and for Expedited Consideration (DKT No. 65) (Plaintiffs' Response):

In GM's Motion GM requested that this Court adjudicate its motion for summary judgment and brief in support (DKT Nos. 59 and 60) filed July 21, 2006. Plaintiffs' Response contends they have until September 11, 2006,[1] to respond to dispositive motions pursuant to the Scheduling Order. This contention, however, is without support. Indeed, the Scheduling Order (DKT No. 23) filed by this Court on July 15, 2005, set a deadline of April 5, 2006, for filing dispositive motions. That deadline was extended pursuant to this Court's April 5, 2006, Minute

---

[1] As of the filing of this reply, counsel for GM had not been served with a response by Plaintiffs to GM's motion for summary judgment.

Order (DKT No. 49) to July 21, 2006. Both the Scheduling Order and the Minute Order are silent as to the timing of responses to dispositive motions. Instead, D.C.COLO.LCivR 56.1(A), provides that a response to a motion for summary judgment "shall be filed within 20 days after the date of filing the motion ... or such other time as the court may order." Further, Plaintiffs never requested additional time to respond to GM's motion for summary judgment; this Court did not order a different time within which Plaintiffs were to respond to GM's summary judgment motion. Therefore, Plaintiffs' response to GM's motion for summary judgment was due on or before August 10, 2006. As of the filing of this reply, Plaintiffs had not served a response which is now a month overdue; GM's undisputed facts have gone uncontested.

In their Response, Plaintiffs also summarily argue that GM failed to properly support the motion for summary judgment claiming that expert reports are not competent evidence.[2] However, Plaintiffs misunderstand GM's motion. GM did not attach Plaintiffs' expert report to establish a fact to support GM's affirmative defenses. Rather, it was simply to demonstrate that Plaintiffs' expert fails to identify a specific defect. Thus, as briefed in GM's Opening Brief, without expert proof of a specific defect, Plaintiffs cannot establish a *prima facie* case of strict liability, negligence or breach of implied warranties under either Colorado or Kansas law. *See* Defendant General Motors Corporation's Opening Brief in Support of Its Motion for Summary Judgment (DKT No. 60) filed July 21, 2006.

---

[2] The report by Plaintiffs' expert William G. Broadhead attached to GM's motion for summary judgment was served upon GM as part of Plaintiffs' Disclosure of Expert Witnesses. The report and Plaintiffs' expert disclosures were mandated pursuant to FED. R. CIV. P. 26(a)(2). GM deposed Plaintiffs' expert, William G. Broadhead, on August 25 (more than one month after filing the motion for summary judgment). GM will supplement its motion for summary judgment and opening brief upon receipt of the official transcript of his deposition. GM will show that, as in his report, Broadhead's sworn testimony does not identify a specific defect in the subject vehicle that would warrant submitting Plaintiffs' claims to a jury.

2

In other words, even if Plaintiffs' expert opinion is taken as true, that opinion would be insufficient as a matter of law to take Plaintiffs' defect allegations to a jury. Again, Plaintiffs have the burden of proving a specific defect which caused Plaintiffs' injuries. GM does not have the burden of proving that the subject vehicle is not defective. *See, e.g., Armentrout v. FMC Corp.*, 842 P.2d 175, 182-85 (Colo. 1992) (affirming trial court's rejection of proposed jury instructions which placed the burden of proof on the manufacturer). To meet their burden, Plaintiffs must offer expert witness proof of a specific defect to proceed to trial. Plaintiffs' expert opinion is insufficient to carry that burden. GM demonstrated this failure in its summary judgment motion and opening brief. At that point, Plaintiffs had the burden of coming forward with expert opinion evidence identifying a specific defect so as to establish a *prima facie* claim of strict liability, negligence or breach of implied warranties under Colorado or Kansas law. Plaintiffs have not met this burden. Without required evidence, Plaintiffs cannot take their defect allegations to trial.

Plaintiffs have chosen to ignore the briefing response date. Plaintiffs have no evidence to support their defect allegations. In light of Plaintiffs' complete absence of a response to GM's motion for summary judgment and opening brief, and the absence of pivotal, specific defect evidence, this Court should grant GM's motion for summary judgment.

3

DATED: September 11, 2006

        Respectfully submitted,

        s/Charles L. Casteel
        CHARLES L. CASTEEL
        DAVIS GRAHAM & STUBBS LLP
        SUITE 500, 1550 SEVENTEENTH STREET
        DENVER, CO  80202
        Charles.Casteel@dgslaw.com
        (303) 892-9400 telephone
        (303) 893-1379 facsimile

        ELDRIDGE COOPER STEICHEN
            & LEACH, PLLC
        MARY QUINN-COOPER (#11966)
        mcooper@ecslok.com
        MICHAEL F. SMITH (#14815)
        msmith@ecslok.com
        HAROLD C. ZUCKERMAN (#11189)
        hzuckerman@ecslok.com
        P. O. BOX 3566
        110 W. 7th Street, Ste 200
        TULSA, OKLAHOMA 74101-3566
        (918) 388-5555  FAX (918) 388-5654
        *Attorneys for General Motors Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th of September, 2006, I electronically filed the foregoing General Motors Corporation's Reply Brief in Support of its Motion to Adjudicate Summary Judgment Motion with the Clerk of Court using CM/ECF for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF registrants:

Stanley Walter
518 Seventeenth Street, Suite 1044
Denver, Colorado  80202-4119
stan@stanwalterlaw.com
Attorney for Plaintiffs

Mary A. Wells
David G. Mayhan
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, Colorado  80290
mwells@warllc.com
dmayham@warllc.com
Attorneys for Defendant Delco Electronics and Delphi Automotive Systems, LLC

and I certify that I have mailed the documents to the following non CM/ECF participants:

Mr. Don C. Staab
1301 Oak Street
Hays, Kansas  67601

Attorney for Plaintiff Martha Alfaro

s/Charles L. Casteel
CHARLES L. CASTEEL
DAVIS GRAHAM & STUBBS LLP
SUITE 500, 1550 SEVENTEENTH STREET
DENVER, CO  80202
Charles.Casteel@dgslaw.com
(303) 892-9400 telephone
(303) 893-1379 facsimile