**EXHIBIT I**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-645-MSK-BNB

JOSÉ C. ALFARO and
MARTHA ALFARO

     Plaintiff,

     v.

GENERAL MOTORS CORPORATION,
DELCO ELECTRONICS CORPORATION,
DELPHI AUTO SYSTEMS, f/k/a INLAND FISHER GUIDE
JOHN DOE, and JOHN DOE, INC.

     Defendants.

## GENERAL MOTORS CORPORATION'S RESPONSE
## AND OBJECTION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT

Defendant General Motors Corporation (GM) responds and objects as follows to Plaintiffs' Motion to Alter or Amend the Judgment and Plaintiff's [sic] Memorandum of Law in Support Thereof (DKT No. 68) (Plaintiffs' Motion).

### INTRODUCTION AND BACKGROUND

On October 17, 2006, this Court granted GM's motion for summary judgment. *See* Order Granting Motion for Summary Judgment and Dismissing the Plaintiffs' Claims Against General Motors Corporation (DKT No. 67) (Order).[1]  Plaintiffs have now, pursuant to FED. R. CIV. P. 59(e), moved this Court to alter or amend the Order.  Plaintiffs argue the Order should be

---

[1] GM moved this Court for summary judgment demonstrating that Plaintiffs' experts' failure to identify a specific defect in the 2000 Chevrolet Silverado 1500 extended cab pickup truck was fatal to Plaintiffs' claims of strict liability in tort, negligence, and implied warranty of merchantability. *See* Defendant General Motors Corporation's Motion for Summary Judgment (DKT No. 59) and Defendant General Motors Corporation's Opening Brief in Support of its Motion for Summary Judgment (DKT No. 60) (GM's Opening Brief).

amended because of alleged "evidence previously unavailable" and to "prevent manifest injustice."

As detailed below, Plaintiffs' Motion should be denied. First, the previously unavailable evidence is reports of crash testing conducted in 2003[2] available on the website for the National Highway Traffic Safety Administration (NHTSA) which is available to the public and which Plaintiffs' experts admitted downloading August 21, 2006, nearly two months before this Court entered the Order granting summary judgment in GM's favor. *See* Plaintiffs' Motion at p. 6. Second, Plaintiffs merely rehash the arguments they made before this Court entered the Order; Plaintiffs have, therefore, failed to demonstrate any justification requiring the Order be altered or amended to prevent manifest injustice. For these reasons, this Court should deny Plaintiffs' Motion.

### STANDARDS GOVERNING PLAINTIFFS' MOTION TO ALTER OR AMEND A JUDGMENT UNDER RULE 59(e)

"A court may grant a rule 59(e) motion only under limited circumstances." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 287 (D. Colo. 1997). Grounds warranting a motion to alter or amend a judgment include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). It is not appropriate, however, in a motion to alter or amend a judgment to revisit issues already addressed or advanced arguments that could have been raised prior the Court's ruling. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (reconsideration not intended for revisiting issues already addressed or advancing evidence which was otherwise available).

---

[2] *See* Exhibit A. Exhibit A is the first page of one of the reports which Plaintiffs conventionally filed with this Court as Exhibit B-3 to Plaintiffs' Motion to Alter or Amend the Judgment and Plaintiff's [sic] Memorandum of Law in Support Thereof (DKT No. 68).

"[A] party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend." *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89-1412-C, 1989 U.S. Dist. LEXIS 15684, at *1 (D. Kan. Dec. 15, 1989) (citing *United States v. Carolina E. Chem. Co., Inc.*, 639 F. Supp. 1420, 1423 (D. S.C. 1986)) (copy attached as Exhibit B). A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court. *National Metal Finishing Co., Inc. v. Barclays Am./Comm., Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). A party cannot wait until a motion for reconsideration to advance new legal theories or supporting facts that were available during the original briefing process. *Van Skiver v. United States*, 751 F. Supp. 1522, 1523 (D. Kan. 1990) (inappropriate for movant to advance new arguments or supporting facts that were available when original summary judgment motion was briefed), *aff'd*, 952 F.2d 1241 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

## ARGUMENT AND AUTHORITIES

### PROPOSITION I

### THE EVIDENCE UPON WHICH PLAINTFFS RELY IS PUBLICLY AVAILABLE CRASH TESTS WHICH PLAINTIFFS ADMITTED HAVING NEARLY TWO MONTHS BEFORE SUMMARY JUDGMENT WAS ENTERED IN GM'S FAVOR

There is no previously unavailable evidence which would warrant this Court altering or amending the summary judgment in favor of GM. A motion to alter or amend based on new evidence cannot rely on evidence which, with due diligence, could have been presented to the Court before summary judgment was entered. *Buell v. Security Gen. Life Ins. Co.*, 987 F.2d 1467, 1472 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993) ("When supplementing a Rule 59(e)

motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence").

The evidence upon which Plaintiffs rely is crash testing reports from the NHTSA website—not from GM—regarding vehicle crash testing conducted June 6, 2003. The NHTSA website and the crash test reports and videos are available to the public. Plaintiffs' expert admitted downloading this information on August 21, 2006, nearly two months before this Court entered the Order granting summary judgment in GM's favor. *See* Plaintiffs' Motion at p. 6. The report of William G. Broadhead (Broadhead), Plaintiffs' expert, never suggested that additional materials were needed before offering his opinions. *See* Exhibit A-3 to GM's motion for summary judgment (DKT No. 59). This evidence does not constitute previously unavailable evidence which would warrant altering or amending the judgment under Rule 59(e).

Plaintiffs also attach excerpts from the depositions of their experts, Broadhead and Dennis Shanahan, taken on August 25 and 29 respectively. Plaintiffs fail to provide, however, any justification for not submitting this evidence during briefing on GM's motion for summary judgment. This Court granted summary judgment on October 17, 2006, about seven weeks after those depositions. Plaintiffs also fail to provide any explanation for not submitting affidavits from their experts to support their claims at any time before this Court ruled on the motion for summary judgment.

A district court acts properly in denying a motion to reconsider "in the absence of a showing that the movant had exercised due diligence in attempting to produce the evidence offered in support of its motion where all of that evidence was in existence prior to the time of the original summary judgment." *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D.

Kan. 1990) (denying motion to reconsider).  Plaintiffs cannot show due diligence under these circumstances.

The evidence upon which Plaintiffs rely in support of their Rule 59(e) motion reports on crash testing conducted in 2003.  The information was available to the public on the Internet.  Plaintiffs' expert witness admitted to having downloaded this publicly available information nearly two months before this Court granted GM's motion for summary judgment.  At no time, however, did Plaintiffs attempt to supplement the summary judgment record with either the evidence of the test results, the deposition testimony of their experts,[3] nor an affidavit by their experts.  Plaintiffs cannot show due diligence in attempting to produce evidence under these circumstances.

The authority Plaintiffs cite recognizes that reconsideration based on previously unavailable evidence is not appropriate where that evidence could have been introduced before summary judgment was entered.  *ICEE Dist., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847-48 (5th Cir. 2006) ("an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration"— plaintiff relied on "facts that were plainly available or easily discovered before summary judgment" and "no reason is offered that knowledge of these events was beyond [plaintiff's] reach before [summary judgment]"); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251-52 (7th Cir. 1987) (party seeking relief under Rule 59(e) cannot "introduce new evidence that could have been adduced during pendency of the summary judgment motion"—plaintiff "failed to make a

---

[3] The deposition transcripts of Plaintiffs' experts, attached to Plaintiffs' Motion, are not newly discovered evidence.  First, those depositions were taken August 25 and 29.  Additionally, to the extent Plaintiffs want to rely on testimony by their experts, Plaintiffs could have submitted any testimony they desired from their experts via affidavit.

showing that [they] had exercised due diligence in attempting to produce the evidence or argument while the motion for summary judgment was pending.").

Plaintiffs' alleged previously unavailable evidence was available and discoverable before and during the pendency of GM's motion for summary judgment. Plaintiffs offer no reason that knowledge of the evidence upon which they rely was beyond Plaintiffs' reach before or during summary judgment briefing. *Id.* at 847. Plaintiffs' motion should be denied.

## PROPOSITION II

### PLAINTIFFS HAVE NOT PRESENTED ANY JUSTIFICATION FOR ALTERING OR AMENDING THIS COURT'S JUDGMENT TO PREVENT AN ALLEGED MANIFEST INJUSTICE

Seeking reconsideration based on manifest injustice, Plaintiffs contend this Court "did not, as required, assess whether the Defendant General Motors Corporation had met their [sic] burden to demonstrate that summary judgment was appropriate." Plaintiffs' Motion at p. 7. This is the same argument Plaintiffs previously made before this Court and lost. Rule 59 cannot be used to relitigate the same arguments. Furthermore, even if relitigation were appropriate, Plaintiffs have not directed this Court to any authority mandating reconsideration or a different result.

**A.     Plaintiffs' attempt to relitigate arguments already made to and rejected by this Court is improper under Rule 59(e).**

Plaintiffs' argument that GM failed to carry its burden with competent evidence has already been considered and rejected by this Court. Rule 59(e) cannot be used to relitigate previously made and lost arguments.

GM demonstrated that for Plaintiffs to establish a *prima facie* case of strict liability, negligence, or breach of implied warranty under either Colorado or Kansas law, Plaintiffs were required to prove the existence of a specific design or manufacturing defect. *See* GM's Opening

Brief (DKT No. 60) at p. 6-7. Plaintiffs failed to carry this burden because Plaintiffs' expert failed to identify a specific defect in the subject vehicle. *Id.* at pp. 13-15.

After not receiving a timely response[4] from Plaintiffs, one month after filing the motion for summary judgment GM filed General Motors Corporation's Motion to Adjudicate Summary Judgment Motion, with Request for Expedited Consideration (DKT No. 63) (GM's Motion to Adjudicate). Two days later on August 23, 2006, Plaintiffs responded to GM's Motion to Adjudicate. *See* Response to Defendant General Motors Corporation's Motion to Adjudicate Summary Judgment and for Expedited Consideration (DKT No. 65) (Plaintiffs' Response). Plaintiffs argued summary judgment should be denied because GM failed to support its motion with competent evidence. *See* Plaintiffs' Response at pp. 2-4.

This is the same argument Plaintiffs advance here in support of the motion to alter or amend. Rule 59 should not be used to re-urge arguments previously made and rejected. *Zang v. Hewlett-Packard Co.,* No. 04-CV-01910-LTB-CBS, 2006 U.S. Dist. LEXIS 25836, at *3 (D. Colo. May 2, 2006) (citing *Lyons v. Jefferson Bank & Trust,* 793 F. Supp. 989, 991 (D. Colo. 1992), and 9 Wright & Miller, *Federal Practice and Procedure,* § 2582 (1971) (copy attached as Exhibit C).

Plaintiffs' Motion simply re-urges arguments already made to and rejected by this Court. Plaintiffs "may not relitigate a motion [Plaintiffs] already had a chance to contest, and lost." *Rothwell Cotton Co.,* 827 F.2d at 252. Plaintiffs' Motion should be denied for that reason alone.

---

[4] Pursuant to D.C.COLO.LCivR 56.1(A), Plaintiffs' response was due "within 20 days after the date of filing of the motion and opening brief, or such other time as the court may order." Plaintiffs never asked for additional time. Plaintiffs also never requested additional time pursuant to FED. R. CIV. P. 56(f) ("Should it appear ... the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions....").

**B.** **Even if this Court were inclined to allow Plaintiffs to relitigate arguments this Court already rejected, the record before this Court does not warrant reconsideration or a different result.**

GM demonstrated that for Plaintiffs to establish a *prima facie* case of strict liability, negligence, or breach of implied warranty because Plaintiffs' expert failed to identify a specific defect in the subject vehicle. *See* GM's Opening Brief (DKT No. 60). Plaintiffs ultimately argued the merits of GM's motion for summary judgment. *See* Plaintiffs' Response.[5]

Reviewing Plaintiffs' Response and the summary judgment record, this Court ruled that GM, as the party who does not have the burden of proof at trial, may point to an absence of sufficient evidence to establish Plaintiffs' claims. Order at p. 3. GM carried this burden by demonstrating Plaintiffs could not establish a *prima facie* case of strict liability, negligence, or breach of implied warranty under either Colorado or Kansas law, without expert testimony identifying a specific design or manufacturing defect. *See* GM's Opening Brief (DKT No. 60) at p. 6-7. Upon GM's showing that Plaintiffs' experts failed to identify a specific defect, Plaintiffs had the burden of coming forward with sufficient, competent evidence to create a triable issue of fact. Order at p.4 (citing *Thomas v. IBM*, 48 F.3d 478, 484-85 (10th Cir. 1995)).

Plaintiffs must meet this burden of proof with expert opinion testimony. GM's Opening Brief at pp. 7-13. Based on the undisputed evidence, however, Plaintiffs' expert failed to identify a specific design or manufacturing defect in the subject vehicle. *Id.* at pp. 13-15. Instead, Plaintiffs' expert merely opined that the subject vehicle's seat belt system or air bag system failed to restrain Mr. Alfaro and therefore either the seat belt or the air bag system has a defect or malfunctioned. *Id.* at p. 14. This circular reasoning, there was an injury so there must be a defect, by Plaintiffs' expert is insufficient to take a case to the jury. *Id.* at pp. 13-15.

---

[5] This Court properly treated Plaintiffs' Response as a response to GM's motion for summary judgment because Plaintiffs' Response argued the merits of summary judgment.

In opposition to GM's motion for summary judgment, Plaintiffs had the obligation to come forward with evidence demonstrating a triable question of fact. Plaintiffs failed to make such a showing at any time during the nearly three months between the time GM filed its motion for summary judgment and the date this Court granted GM's motion for summary judgment.

Plaintiffs do not cite any authority from Kansas, Colorado, or the Tenth Circuit demonstrating that Plaintiffs' claims should be permitted to proceed without expert testimony identifying a specific defect. Plaintiffs' reliance on *Silvestri v. General Motors Corp.*, 210 F.3d 240 (4th Cir. 2000), is misplaced. There, the Fourth Circuit Court of Appeals ruled that under New York law a plaintiff may proceed in a products liability case upon presenting circumstantial evidence showing that the product did not perform as intended and must exclude all causes of his enhanced injuries not attributable to the defendant. *Id.* at 244. *Silvestri* is not consistent with opinions by the Tenth Circuit and the courts in Colorado and Kansas. *See* GM's Opening Brief at pp. 11-13. *See, e.g., Montag v. Honda Motor Co., Ltd.*, 75 F.3d 1414, 1420-21 (10th Cir.), *cert. denied*, 519 U.S. 814 (1996) (only an expert could provide evidence that a seat belt was "defective" in a products liability case).

The other cases Plaintiffs cite relate to Plaintiffs' argument that GM failed to present competent evidence demonstrating its entitlement to summary judgment. Plaintiffs argue that their expert reports were not sufficient to support summary judgment in GM's favor.

Contrary to Plaintiffs' argument, GM did not attach Plaintiffs' expert report to establish a fact to support GM's affirmative defenses. Rather, that report demonstrates that Plaintiffs' expert failed to identify a specific defect. In other words, even if Plaintiffs' expert opinion is taken as true, that opinion would be insufficient as a matter of law to take Plaintiffs' defect

allegations to a jury.   Without expert proof of a specific defect, Plaintiffs cannot establish a *prima facie* case.

Plaintiffs' argument would require GM to present evidence that the subject vehicle was not defective.   This argument would shift to the manufacturer the burden of proving that a product is not defective merely an allegation that a plaintiff was injured in an accident.   Such burden shifting is not supported by the law.   *See, e.g., Armentrout v. FMC Corp.*, 842 P.2d 175, 182-85 (Colo. 1992) (affirming trial court's rejection of proposed jury instructions which placed the burden of proof on the manufacturer).

Instead, in summary judgment proceedings, once the party who does not bear the burden of proof at trial points to the failure of the proof of the party who has the burden at trial, the party with the burden at trial must then come forward with evidence sufficient to show a triable question of fact.   To meet their burden in this case, Plaintiffs were required to come forward with expert witness testimony identifying a specific defect.   Plaintiffs failed to meet this burden.

## CONCLUSION

WHEREFORE, based on the foregoing, GM requests this Court deny Plaintiffs' Motion to Alter or Amend Judgment.

Respectfully submitted,

/s/ MICHAEL F. SMITH
ELDRIDGE COOPER STEICHEN
     & LEACH, PLLC
MARY QUINN-COOPER (#11966)
mcooper@ecslok.com
MICHAEL F. SMITH (#14815)
msmith@ecslok.com
HAROLD C. ZUCKERMAN (#11189)
hzuckerman@ecslok.com
P. O. BOX 3566
110 W. 7th Street, Ste 200
TULSA, OKLAHOMA 74101-3566
(918) 388-5555  FAX (918) 388-5654

CHARLES L. CASTEEL
DAVIS GRAHAM & STUBBS LLP
SUITE 500, 1550 SEVENTEENTH STREET
DENVER, CO  80202
Charles.Casteel@dgslaw.com
(303) 892-9400 telephone
(303) 893-1379 facsimile

*Attorneys for General Motors Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2006, I electronically filed GMC's Response and Objection to Plaintiffs' Motion to Alter or Amend Judgment with the Clerk of Court using CM/ECF for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF registrants:

Stanley Walter
518 Seventeenth Street, Suite 1044
Denver, Colorado  80202-4119
stan@stanwalterlaw.com
Attorney for Plaintiffs

Mary A. Wells
David G. Mayhan
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, Colorado  80290
mwells@warllc.com
dmayham@warllc.com
Attorneys for Defendant Delco Electronics
and Delphi Automotive Systems, LLC

and I certify that I have mailed the documents to the following non CM/ECF participants:

Mr. Don C. Staab
1301 Oak Street
Hays, Kansas  67601

Attorney for Plaintiff Martha Alfaro

/s/ Michael F. Smith



PMG
Technologies

| | |
|---|---|
| **Nom du client**<br>**Client Name** | **TRANSPORT CANADA** |
| **Type de véhicule**<br>**Type of Vehicle** | **SILVERADO 2000** |
| **Numéro de TC**<br>**Tc Number** | **TC00-223** |
| **Numéro de contrat**<br>**Contract No** | **04-5001** |
| **Acquisition de données selon**<br>**Data Acquisition according to** | **SAE J211/1 MAR 95** |
| **Date de l'essai**<br>**Test date** | **2003-06-09** |
| **Titre du projet** | **COLLISIONS DE RECHERCHE**<br>**FRONTALE DÉCALÉE 30 KM/H - 40% GAUCHE** |
| **Project Title** | **RESEARCH COLLISION TESTS**<br>**OFFSET FRONTAL 30 KM/H - 40% LEFT** |

**MANNEQUIN / DUMMY**

| | |
|---|---|
| **Chauffeur**<br>**Driver** | **HYBRID III 5% F IR** |
| **Passager**<br>**Passenger** | **HYBRID III 5% F IR** |
| **Passager 1 (arrière gauche)**<br>**Passenger 1 (rear left)** | **HYBRID III 6Y** |

EXHIBIT

tabbies®

A

Case 1:05-cv-00645-MSK-BNB   Document 81-2   Filed 11/22/06   USDC Colorado   Page 1 of 5
05-44481-rdd   Doc 20004-9   Filed 05/10/10   Entered 05/10/10 20:01:32   Exhibit I
Get a Document - by Citation - 1989 U.S. Dist. LEXIS 15684                Page 1 of 6
Pg 15 of 23

Service: Get by LEXSEE®
Citation: 1989 U.S. Dist. lexis 15684

*1989 U.S. Dist. LEXIS 15684, \**

PARAMOUNT PICTURES CORPORATION, Plaintiff v. VIDEO BROADCASTING SYSTEMS, INC.,
VIDEO BROADCASTING SYSTEM OF ST. LOUIS; TIM MEAD; DOMINO'S PIZZA, INC.;
LAKODUK BROADCASTING CORPORATION d/b/a KICT-95 RADIO; and VARIOUS JOHN DOES,
JANE DOES, and ABC COMPANIES, Defendants

No. 89-1412-C

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

1989 U.S. Dist. LEXIS 15684

December 15, 1989, Decided and Filed

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff corporation filed a motion to amend an order of the
United States District Court for the District of Kansas, which denied a preliminary
injunction against defendant advertisers. The corporation's motion was based on Fed. R.
Civ. P. 52(b) and alleged newly discovered evidence.

**OVERVIEW:** The corporation sought to have the trial court amend its order that denied a
preliminary injunction against advertisers that were allegedly confusing consumers. The
court denied the motion to amend. Fed. R. Civ. P. 52(b) provided that the court could
amend its findings or make additional findings and could amend the judgment accordingly
upon motion of a party. The granting of a motion to amend was committed to the sound
discretion of the trial court. A party's failure to present his strongest case in the first
instance did not entitle him to a second chance in the form of a motion to amend. The
court held that the corporation failed to present any recognized ground for sustaining a
motion to amend. The corporation alleged that it was conducting a public survey to
support consumer confusion. The court held that the corporation had sufficient time to
conduct a survey prior to the first hearing and that it could not reargue the same claims
decided in the prior hearing.

**OUTCOME:** The court denied the corporation's motion to amend an order that denied a
preliminary injunction against advertisers. The court held that the corporation had
sufficient time to conduct a consumer survey and that it could not relitigate claims of
consumer confusion based on newly discovered evidence.

**CORE TERMS:** motion to amend, preliminary injunction, diligence, videocassette, consumer,
Lanham Act, advertisements, amend, finality, public opinion, trademark, analogy, viewer,
newly discovered evidence, interlocutory order, failed to exercise, interlocutory, advertising,
relitigate, evolution, strongest, sponsorship, depositions, discerning, isolating, connected,
believing

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview 🖫

Civil Procedure > Trials > Bench Trials 🖫



EXHIBIT

B

Case 1:05-cv-00645-MSK-BNB   Document 81-2   Filed 11/22/06   USDC Colorado   Page 2 of 5
05-44481-rdd   Doc 20004-9   Filed 05/10/10   Entered 05/10/10 20:01:32   Exhibit I
Get a Document - by Citation - 1989 U.S. Dist. LEXIS 13684      Page 2 of 6
Pg 16 of 23

Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend 📖

*HN1* ⬇ Fed. R. Civ. P. 52(b) provides that the court may amend its findings or make
additional findings and may amend the judgment accordingly upon the motion of a
party. Fed. R. Civ. P. 52(b). Such a motion is not intended merely to relitigate the
same issues, to present the case under new theories, to introduce evidence available
at trial but was not proffered, or to rehear the merits. Recognized grounds for such a
motion include: (1) that the trial court has made a manifest error of fact or law, (2)
that there is newly discovered evidence, or (3) that there has been a change in the
law. A party's failure to present his strongest case in the first instance does not
entitle him to a second chance in the form of a motion to amend. The granting of a
motion to amend is committed to the sound discretion of the trial
court.   More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview 📖

Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend 📖

Governments > Courts > Authority to Adjudicate 📖

*HN2* ⬇ Evidence is generally considered "newly discovered" if it is only discovered after the
trial or hearing, notwithstanding the earlier exercise of due diligence in obtaining
evidence in preparation of the hearing. The standards governing a motion to amend
exist to protect a compelling interest in the finality of litigation. Since an order on a
motion for preliminary injunction is interlocutory and a court has continuing plenary
power over it, a motion to amend an interlocutory order does not raise the same
overriding interest in finality. Nevertheless, courts have considered the earlier
diligence of parties and have discouraged attempts to relitigate on a fuller record
preliminary injunction issues already decided.   More Like This Headnote

**COUNSEL:** [*1]

Mounte Vines, Adams, Jones, Robinson and Malone, Wichita, Kansas, and Jeffrey L. Laytin,
William M. Ried, Steven E. Seidenberg, Lewin & Laytin, New York, New York, and Robert W.
McKinley, Linda J. Salfran, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City,
Missouri for Plaintiff.

William L. Fry, Wichita, Kansas, and Steven D. Gough, Kahrs, Nelson, Fanning, Hite &
Kellogg, Wichita, Kansas, and Thomas D. Kitch, William P. Tretbar, Fleeson, Gooing, Coulson
& Kitch, Wichita, Kansas, and John H. Gibson, Boyer, Donaldson & Stewart, Wichita, Kansas,
for Defendants.

**OPINION BY:** CROW

**OPINION:** MEMORANDUM AND ORDER

SAM A. CROW, UNITED STATES DISTRICT JUDGE

The case comes before the court on the motion of plaintiff, Paramount Pictures Corporation
(Paramount), to amend the court's order filed October 11, 1989, in which the plaintiff's
motion for preliminary injunction was denied. Video Broadcasting Systems, Inc. and Tim
Mead (collectively referred to hereinafter as VBS) respond in opposition to plaintiff's motion.

Case 1:05-cv-00645-MSK-BNB   Document 81-2   Filed 11/22/06   USDC Colorado   Page 3 of 5
05-44481-rdd   Doc 20004-9   Filed 05/10/10   Entered 05/10/10 20:01:32   Exhibit I
Get a Document - by Citation - 1989 U.S. Dist. LEXIS 13684                              Page 3 of 6
Pg 17 of 23

Paramount contends the court is empowered to amend its findings pursuant to <sup>HN1</sup>Fed. R. Civ. P. 52(b). Under this provision, the court may "amend its findings or make additional findings and may amend **[*2]** the judgment accordingly" upon motion of a party. Fed. R. Civ. P. 52(b). Such a motion is not intended merely to relitigate the same issues, to present the case under new theories, to introduce evidence available at trial but was not proffered, or to rehear the merits. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). Recognized grounds for such a motion include: "(1) that the trial court has made a manifest error of fact or law, (2) that there is newly discovered evidence, or (3) that there has been a change in the law." Dow Chemical Pacific Ltd. v. Rascator Maritime S.A., 609 F. Supp. 451, 452-53 (D.N.Y. 1984), modified on other grounds, 782 F.2d 329 (2nd Cir. 1986), (citing J. Moore & J. Lucas, 6A Moore's Federal Practice paras. 59.05, .07, .12 (2d ed. 1981)). A party's failure to present his strongest case in the first instance does not entitle him to a second chance in the form of a motion to amend. U.S. v. Carolina Eastern Chemical Co., Inc., 639 F. Supp. 1420, 1423 (D.S.C. 1986). The granting of a motion to amend is committed to the sound discretion of the trial court. Solmitz v. United States, 640 F.2d 1089, 1091 n.1 (9th Cir.), cert. **[*3]** denied, 454 U.S. 867 (1981).

As argued by defendant VBS, plaintiff has not presented any of the recognized grounds for sustaining a motion to amend. Plaintiff identifies several factual issues from the October 11th order upon which the court found plaintiff's evidence lacking. Plaintiff states that it anticipates to offer the necessary evidence upon completion of a public opinion survey being conducted by a research organization which it has since hired. Plaintiff also asserts that this survey evidence was not introduced at the initial hearing because of expense and "the generally brief period following filing an order to show cause before a hearing is held. . . ." (Dk. 73 at 9 n.5). Plaintiff similarly states its intention to take the depositions of certain defendants and submit portions in support of its motion to amend.

<sup>HN2</sup>Evidence is generally considered "newly discovered" if it was only discovered after the trial or hearing, notwithstanding the earlier exercise of due diligence in obtaining evidence in preparation of the hearing. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984). The standards governing a motion **[*4]** to amend exist to protect a compelling interest in the finality of litigation. See Fontenot, 791 F.2d at 1219. Since an order on a motion for preliminary injunction is interlocutory and a court has continuing plenary power over it, Huk-A-Poo Sportswear, Inc. v. Little Lisa, Ltd., 74 F.R.D. 621, 624 (S.D.N.Y. 1977), a motion to amend an interlocutory order does not raise the same overriding interest in finality. Nevertheless, courts have considered the earlier diligence of parties and have discouraged attempts "'to relitigate on a fuller record preliminary injunction issues already decided.'" Id. at 624 (quoting American Optical Company v. Rayex Corp., 394 F.2d 155 (2d Cir.), cert. denied, 393 U.S. 835 (1968)); see also Semmes Motors, Inc. v. Ford Motor Company, 429 F.2d 1197, 1207 (2d Cir. 1970). In Semmes, the Second Circuit affirmed the district court's denial of the motion to vacate the preliminary injunction noting that the trial judge was "amply justified in finding that Ford [movant] had failed to exercise due diligence in not presenting this [evidence] earlier." 429 F.2d at 1207. The Tenth Circuit has also embraced the notion that an interlocutory **[*5]** order must be accorded a measure of finality in order to prevent continued reargument and that this can be best achieved by allowing amendment of the law of the case only under certain circumstances, such as "substantially different, new evidence." Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981) (citation omitted). "When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal." Id.

Plaintiff has not shown the survey evidence or depositions to be in the nature of newly discovered evidence as in not being obtainable for and submissible in the injunction hearing upon the exercise of due diligence. Since plaintiff was willing to incur the cost of a public opinion survey after the October 11th order, this expense is not a factor going to due diligence as much as it could be part of a litigation strategy to await the incurring of that cost

Case 1:05-cv-00645-MSK-BNB   Document 81-2   Filed 11/22/06   USDC Colorado   Page 4 of 5
05-44481-rdd   Doc 20004-9   Filed 05/10/10   Entered 05/10/10 20:01:32   Exhibit I
Get a Document - by Citation - 1989 U.S. Dist. LEXIS 13584
Pg 18 of 23
Page 4 of 6

for any second attempt at proving plaintiff's motion. Plaintiff also had sufficient time to conduct such a survey prior to the first hearing. The court has already summarized in the October 11th order the plaintiff's inordinate **[*6]** delay in bringing suit. In addition, plaintiff filed its complaint in this case on August 3, 1989, and its motion for preliminary injunction on the following day. The hearing on this motion was not held until September 28, 1989, almost two months later. Furthermore, plaintiff is not confined in a preliminary injunction hearing to showing actual confusion as a factor on its Lanham Act claim by a public opinion survey. See, e.g., <u>Amoco Oil Co. v. Rainbow Snow, Inc., 809 F.2d 656, 659-60, 662 (10th Cir. 1987);</u> <u>Paramount Pictures v. Dorney Park Coaster Co., 698 F. Supp. 1274, 1280 (E.D.Pa. 1988);</u> <u>Jackson v. MPI Home Video, 694 F. Supp. 483, 492 (N.D.Ill 1988).</u> Plaintiff failed to exercise due diligence in coming forth at the hearing with evidence of actual confusion or relevant public perceptions regarding videocassettes and advertising contained on them which would support its Lanham Act claims. Plaintiff is not entitled to a second opportunity to now present its strongest case in support of its motion for preliminary injunction.

Plaintiff contends it should be allowed to reply to points made in the October 11th order which it believes were not advanced by defendants. **[*7]** Plaintiff does not delineate which points in the order were not basic elements to their claims, were not argued by the defendants, or were a surprise to it. The mere fact that the court did not see it necessary to address some of defendants' tangential issues on antitrust laws, First Amendment or unclean hands did not prejudice the plaintiff. The court must follow the law as understood by it whether or not the parties have emphasized to the same extent the legal concepts which the court found compelling. The court also believes, however, the record will show that each of the points made in the October 11th order were argued or presented in some fashion in one or more of the parties' memoranda. Plaintiff is not entitled to another opportunity to reargue its same claims and issues discussed and decided in the October 11th order.

The court will briefly address some of the arguments reasserted by plaintiff in its motion to amend. Plaintiff declares now it is not alleging any Lanham Act claim on the basis of a likelihood that the public would be confused into believing that defendants' advertisements were produced at Paramount's studios. While the court did characterize the likelihood of confusion **[*8]** element to include this possible factual scenario, the court also discussed what it termed, "sponsorship confusion," which it defined as a consumer believing that Paramount is connected with or has sponsored the advertisements. (Dk. 70 at 11-12, 15-16; 17, 18-20). At page seventeen, this court observed: "the quality of a defendant's product seems a very appropriate consideration when the alleged confusion is primarily one of affiliation or sponsorship, rather than source." (Dk. 70). The court believes it accurately characterized plaintiff's Lanham Act claims.

Nowhere in the October 11th order is it implicitly accepted that defendants intended to sell their goods or advertisements on the strength or recognition of Paramount's name or trademark. The audience is not captive because of plaintiff's trademark, but because the consumer chose to be entertained in their homes by watching a movie prerecorded on a videocassette. Plaintiff's argument again blends together several factually distinct perceptions of a viewer or purchaser in hopes of creating an inference of confusion. The court deems its October 11th order to be an adequate explanation of why it considers the evidence to be lacking **[*9]** for such an inference.

The Tenth Circuit has clearly recognized the quality of defendant's product to be a factor in the likelihood of consumer confusion test. <u>Jordache Enterprises, Inc. v. Hogg Wyld, Ltd., 828 F.2d 1482, 1488 (10th Cir. 1987).</u> This consideration does not run counter to the duty of a trademark owner to control the nature and quality of goods associated with its marks, since the quality difference may preclude any association of goods from the outset.

Concerning the factor of degree of care likely to be exercised by consumers, the plaintiff draws the court's attention to the general rule that a consumer is considered to be less

Case 1:05-cv-00645-MSK-BNB    Document 81-2    Filed 11/22/06    USDC Colorado    Page 5 of 5
05-44481-rdd    Doc 20004-9    Filed 05/10/10    Entered 05/10/10 20:01:32    Exhibit I
Pg 19 of 23

Get a Document - by Citation - 1989 U.S. Dist. Lexis 15684                Page 5 of 6

discerning when the product is relatively inexpensive. The court's reluctance to speculate on this factor is more attributable to the nature of videocassettes rather than their price and also due to the difficulty of isolating the effect of price. In other words, is the viewer of a videocassette any more or less discerning because of the purchase price or rental fee of the videocassette than the typical viewer of a commercial television program and is, therefore, any more or less likely to believe that the producer of the motion picture **[*10]** or program is connected or affiliated with the advertisements preceding the program. Such evidence was not presented for this court's consideration.

Plaintiff alternatively argues that it is likely to succeed on its copyright claims. The court believes these claims as presented by plaintiff were sufficiently presented and analyzed in the October 11th order. Plaintiff contends the court's rulings are shortsighted. After isolating the basic facts of the three governing decisions in the area of moral rights, plaintiff perceives an evolution of copyright law under which its claim might be sustained: "What started as a protection against the 'substantial alteration' evolved into protection against the insertion of advertising without altering the work and then to protection against additions not even seen by the eye." (Dk. 73 at 13). See Gilliam v. American Broadcasting Companies, Inc., 538 F.2d 14 (2d Cir. 1976); National Bank of Commerce v. Shaklee Corp., 503 F. Supp. 533 (W.D.Tex. 1980); and WGN Continental Broadcasting Co. v. United Video, 693 F.2d 622 (7th Cir. 1982). Although these decisions may have occurred over a period of time, this court does not appreciate the **[*11]** evolution observed by the plaintiff. This court attaches little significance to the fact that the courts in Shaklee and WGN decided to overlook in their cursory discussion of this law that the moral right protected in Gilliam was the author's right to prevent his work from being distorted or truncated. Furthermore, the court in Shaklee did consider to some extent whether the changes to the copyrighted work were material or "non-innocuous." 503 F. Supp. at 544-45.

Resort to analogy may be necessary in certain copyright cases involving new and unique technology. Rather than simply dismiss all possible analogies, this court found that plaintiff had not shown defendant's conduct to violate any moral right of plaintiff's nor constitute a derivative work. Plaintiff's reassertion of its arguments by analogy do not persuade the court to depart from its prior ruling.

IT IS THEREFORE ORDERED that plaintiff's motion to amend is denied.

Dated this 15th day of December, 1989, at Wichita, Kansas.

Service: **Get by LEXSEE®**
Citation: **1989 U.S. Dist. lexis 15684**
View: **Full**
Date/Time: Wednesday, November 22, 2006 - 4:34 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
A - Citing Refs. With Analysis Available
i - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms & Conditions
 LexisNexis® Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Case 1:05-cv-00645-MSK-BNB   Document 81-3   Filed 11/22/06   USDC Colorado   Page 1 of 4
05-44481-rdd   Doc 20004-9   Filed 05/10/10   Entered 05/10/10 20:01:32   Exhibit I
Pg 20 of 23

Page 1

LEXSEE 2006 U.S. DIST. LEXIS 25836

## BAOLIANG "RICHARD" ZENG, Plaintiff, v. HEWLETT-PACKARD COMPANY, a Delaware corporation, Defendant.

### Civil Case No. 04-cv-01910-LTB-CBS

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

*2006 U.S. Dist. LEXIS 25836*

**May 2, 2006, Decided**
**May 2, 2006, Filed**

**PRIOR HISTORY:** *Zeng v. Hewlett-Packard Co., 2006 U.S. Dist. LEXIS 23561 (D. Colo., Mar. 21, 2006)*

**COUNSEL:** [*1] Baoliang Richard Zeng, Plaintiff, Pro se, Sunnyvale, CA.

For Hewlett-Packard Company, a Delaware corporation, Defendant: Kathleen E. Craigmile, Tami L. Sapp, Bennington, Johnson, Biermann & Craigmile, LLC, Denver, CO.

**JUDGES:** Lewis T. Babcock, Chief Judge.

**OPINION BY:** Lewis T. Babcock

**OPINION:**

ORDER

LEWIS T. BABCOCK, CHIEF JUDGE

This matter is before me on the following post-judgment motions filed by Plaintiff, Boaliang "Richard" Zeng: 1) Plaintiff's Motion to Amend or Make Additional Findings of Fact, Motion to Alter or Amend Court Order and Judgment, Motion for Relief from Court Order and Judgment Re: Court Order Entered on

March 20, 2006 and Judgment Awarding Fees and Costs Entered on March 21, 2006 **[Doc. No. 153, filed on March 30, 2006]**; and 2) Plaintiff's Motion to Amend or Make Additional Findings of Fact, Motion to Alter or Amend Court Order and Judgment, Motion for Relief from Court Order and Judgment Re: Court Order Entered on March 21, 2006 and Judgment Entered on March 22, 2006 **[Doc. No. 154, filed on April 5, 2006]**. In these motions, Plaintiff seeks reconsideration of: 1) my March 20, 2006 order in which I granted Defendant, Hewlett-Packard Company's, Motion [*2] for Entry of Judgment Re: Fee and Cost Award and, as such, awarded Defendant its attorney fees and costs, in the amount of $ 4,566.12, for Plaintiff's failure to appear at the Final Pretrial Conference and his failure to participate in the preparation of the final pretrial order (the "Sanctions Order"); and 2) my order dated March 21, 2006, in which I granted Defendant's Motion to Dismiss for Failure to Prosecute and, as such, dismissed Plaintiff's case with prejudice (the "Dismissal Order"). After consideration of Plaintiffs motions for reconsideration, as well as his Declaration and Brief filed in support thereof, and Defendant's Response to Plaintiff's Post-Judgment Motions,



EXHIBIT

C

Case 1:05-cv-00645-MSK-BNB   Document 81-3   Filed 11/22/06   USDC Colorado   Page 2 of 4
05-44481-rdd   Doc 20004-9   Filed 05/10/10   Entered 05/10/10 20:01:32   Exhibit I
Pg 21 of 23

Page 2

2006 U.S. Dist. LEXIS 25836, *

I DENY Plaintiff's motions for the following reasons.

## I. Relevant Rules of Reconsideration

I first note that Plaintiff seeks reconsideration of my orders pursuant to *Fed. R. Civ. P. 52(b), 59(e), 60(a),* and *60(b)*. In response, Defendant argues that none of these rules support reconsideration or amendment of either the Sanctions Order or the Dismissal [*3] Order. I agree with Defendant that Plaintiff's motions do not satisfy the requirements under the federal rules to warrant post-judgment relief.

*Fed. R. Civ. P. 52(b)* and *59(e)* allow for amendment of a judgment, within ten day, when the court has made "manifest errors of fact or law" or, under limited circumstances, to present newly discovered evidence. Plaintiff is not presented newly discovered evidence, nor has he argues a manifest error of law or fact. Rather, Plaintiff's motions attempt to improperly reargue positions already addressed and rejected. *See Lyons v. Jefferson Bank & Trust, 793 F. Supp. 989, 991 (D.Colo. 1992)*(a *Fed. R. Civ. P. 52(b)* motion cannot advance new theories or secure a rehearing on the merits); *see also* 9 Wright & Miller, *Federal Practice and Procedure*, § 2582 (1971)("[a] party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact or conclusion of law"). As such, Plaintiff's reliance on *Fed. R. Civ. P. 52(b)* and [*4] *59(e)* for relief is misplaced.

In addition, I reject Plaintiffs attempt to seek relief pursuant to *Fed. R. Civ. P. 60(a)*, which applies solely to the correction of clerical mistakes in judgments and orders. *See In re Boyer, 305 B.R. 42, 48 (Bkrtcy.D. Kan. 2004)*("*Rule 60(a)* deals with errors, oversights, omissions and unintended acts or failures that result in a record that does not properly reflect the intention of the parties or the court . . . [it] exists not to alter a judgment, but rather to make it state accurately what the judgment is").

Finally, *Fed. R. Civ. P. 60(b)* permits a court to relive a party from final judgments "upon such terms as are just" for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, . . .; or (6) any other reason justifying relief from the operation of the judgment." Relief under *Rule 60(b)* is extraordinary and [*5] may only be granted in exceptional circumstances. *Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006)*. However, *Fed. R. Civ. P. 60(b)* relief is not available to allow a party merely to reargue issues previously addressed to the court, as is the case here. *See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)*. A motion to reconsider under *Fed. R. Civ. P. 60(b)* is not a motion "to reargue those issues already considered when a party does not like the way the original motion was resolved." *Bartholic v. Scripto-Tokai Corp., 140 F. Supp. 2d 1098, 1124 (D.Colo. 2000)*(quoting *In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y.1996)).* Nonetheless, I briefly address and reject Plaintiff's substantive arguments as follows.

## II. Reconsideration of the Sanctions Order

Plaintiff makes numerous arguments challenging the amount, fairness and reasonableness of the Sanctions Order. He specifically requests that I amend the amount of the judgment against him from $ 4,566.12, to $ 500.00 or less.

However, as I [*6] have previously ruled, Plaintiff's challenge to the reasonableness of the amount ordered was untimely as set forth in *Fed. R. Civ. P. 72(a)*(providing, in pertinent part, that "within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order"). I note that Plaintiffs contention that his response was timely based on when he alleg-

Case 1:05-cv-00645-MSK-BNB   Document 81-3   Filed 11/22/06   USDC Colorado   Page 3 of 4
05-44481-rdd   Doc 20004-9   Filed 05/10/10   Entered 05/10/10 20:01:32   Exhibit I
Pg 22 of 23

Page 3

2006 U.S. Dist. LEXIS 25836, *

edly *received* the relevant order is untenable as "service by mail is complete on mailing" pursuant to *Fed. R. Civ. P. 5(b)(2)(B)*.

Furthermore, to the extent that Plaintiff seeks a lesser sanctions award, I note that *Fed. R. Civ. P. 16(f)* allows for sanctions for a party who fails to appear at a pretrial conference with both the reasonable expenses and the attorney fees incurred by the opposing party. *See Fed. R. Civ. P. 16(f)*("in lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this [*7] rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust"). The Court also has "very broad" discretion in fashioning appropriate sanctions under *Fed. R. Civ. P. 16(f)*. *Royalty Petroleum Co. v. Arkla, Inc, 129 F.R.D. 674, 680 (W.D.Okl. 1990)*.

Finally, even accepting as true Plaintiff's assertion that my Sanctions Order -- and, more specifically, the underlying Order Re: January 5, 2206 Order to Show Cause by Magistrate Judge Craig B. Shaffer -- contain inaccuracies related to the procedural record in this matter, I conclude that such errors, if any, were not material to my decision to deny Plaintiff's challenge to the Magistrate's order.

### III. Reconsideration of Dismissal Order

In Plaintiff's motion seeking reconsideration of my Dismissal Order, Plaintiff argues, in addition to the reiterated arguments made in his motion seeking reconsideration of my Sanctions Order, that the Court did not warn him that his failure to prosecute this case could result in *both* a monetary sanction and a sanction of dismissal. [*8] However, Plaintiff has failed to refer me to case law in support of his argument, and my research does not reveal any such authority. The Sanctions Award was predicated on Plaintiff's failure to appear and

prepare for the final pretrial conference and, as such, was intended to compensate Defendant for its related expenses and fees under *Fed. R. Civ. P. 16(f)*. In contrast, my Dismissal Order was based on Plaintiff's continued failure to properly advance his case under *Fed. R. Civ. P. 41(b)*.

Again, even accepting as true Plaintiff's assertion that my Dismissal Order contains inaccuracies related to the procedural record in this matter -- such as his assertion that the discovery cutoff date was actually extended to November 15, 2005, as opposed to November 11, 2005-I conclude that any such errors were not material to my decision to grant Defendant's Motion to Dismiss pursuant to *Fed. R. Civ. P. 41 (b)*. As I have found previously, Plaintiff was given notice that he must comply with the Federal Rules of Civil Procedure, which include numerous rules providing the imposition [*9] of monetary sanctions, and he was also on specific notice that his failure to prosecute this matter could result in dismissal with prejudice pursuant to *Fed. R. Civ. P. 41(b)*.

Accordingly, it is ORDERED as follows:

1) Plaintiff's Motion to Amend or Make Additional Findings of Fact, Motion to Alter or Amend Court Order and Judgment, Motion for Relief from Court Order and Judgment Re: Court Order Entered on March 20, 2006 and Judgment Awarding Fees and Costs Entered on March 21, 2006 **[Doc. No. 153]** is DENIED; and

2) Plaintiff's Motion to Amend or Make Additional Findings of Fact, Motion to Alter or Amend Court Order and Judgment, Motion for Relief from Court Order and Judgment Re: Court Order Entered on March 21, 2006 and Judgment Entered on March 22, 2006 **[Doc. No. 154]** is DENIED.

Dated: May 2, 2006, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock

2006 U.S. Dist. LEXIS 25836, *

Lewis T. Babcock, Chief Judge