# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00645-MSK-BNB

JOSE C. ALFARO, and
MARTHA ALFARO,

      Plaintiffs,

v.

DELCO ELECTRONICS CORPORATION,
DELPHI AUTO SYSTEMS, f/k/a INLAND FISHER GUIDE,
JOHN DOE, and
JOHN DOE, INC.

      Defendants.

## ORDER DENYING THE PLAINTIFF'S MOTIONS

THIS MATTER comes before the Court on two motions filed by the Plaintiffs. The first is a Motion to Alter or Amend the Judgment **(#68)** which seeks reconsideration of the Court's Order **(#67)** granting a Motion for Summary Judgment **(#59)** filed by Defendant General Motors Corporation ("GMC"). Defendant GMC has responded **(#81)**.[1] The second is a Motion to Stay Entry of an Order of Costs **(#76)**, to which Defendant GMC has also responded **(#77)**.[2] Having considered both motions, the Court

**FINDS** and **CONCLUDES** that:

On October 17, 2006, the Court granted Defendant GMC's Motion for Summary

---

[1] Pursuant to that Order, Defendant GMC is no longer listed in the caption.

[2] At this juncture, the Court does not rule upon Defendant GMC's Motion for Entry of Final Judgment **(#85)** pursuant to Fed. R. Civ. P. 54(b), filed December 5, 2006, because the Plaintiffs have not yet had an opportunity to respond to it.

Judgment after the Plaintiffs failed to respond to it or produce any evidence to support their claims. The Plaintiffs now ask the Court to reconsider its ruling because: (1) they have newly discovered evidence (crash test information and a video) to support their claims, which they discovered prior to the depositions of their own experts during the middle of September 2006, but which was in their experts' possession in August 2006; and (2) they were not required to file a response to Defendant GMC's motion for summary judgment because Defendant GMC had not sustained its initial burden of production in the motion. Defendant GMC opposes the Motion to Alter or Amend the Judgment, and avers that the new evidence referenced in the Plaintiffs' motion consists of material available to the public on the National Highway Traffic Safety Administration's website.

The purpose of a motion to reconsider is not to reassert arguments that were previously raised or to raise new arguments which could have been raised in the first instance. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). There are three possible grounds which warrant reconsideration: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

The evidence which the Plaintiffs characterize as "newly discovered" was in their possession at the time the Court ruled on the Motion for Summary Judgment. Indeed, it had been in their experts' possession for almost two months. Thus, such evidence was not "newly discovered" and does not warrant reconsideration of the Court's ruling. Furthermore, the Plaintiffs' perception that the burden of production was on Defendant GMC with regard to the Plaintiffs' claims for relief is erroneous, for the reasons previously stated in the Order granting the

Motion for Summary Judgment.  Therefore, the Court denies the Plaintiffs' request for reconsideration.

The Plaintiffs have also filed a motion asking the Court to stay any award of costs to Defendant GMC, pending a ruling on their Motion to Alter or Amend the Judgment.  The motion was apparently filed in response to the bill of costs **(#71)** filed by Defendant GMC.  The Clerk of Court declined to tax any costs because no judgment has entered against Defendant GMC **(#80)**.  Because costs are not taxed until a judgment has entered and none has as of this date, the motion to stay is denied, as moot.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Alter or Amend the Judgment **(#68)** is **DENIED**.  The Plaintiffs' Motion to Stay Entry of an Order of Costs **(#76)** is **DENIED**, as moot.

Dated this 8th day of December, 2006

                **BY THE COURT:**

                Marcia S. Krieger
                United States District Judge