Hearing Date and Time: July 22, 2010 at 10:00 a.m. (EDT)<br>
Objection Deadline: June 7, 2010 at 4:00 p.m. (EDT)

HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
Detroit, MI 48226-3506
(313) 465-7000
I. W. Winsten (P30528)
Judy B. Calton (P38733)
E. Todd Sable (P54956)
Marcia Bennett Boyce (P67584)
Attorneys for Valeo Climate Control Corp.,
Valeo Electrical Systems, Inc., Valeo, Inc. and
Valeo Schalter und Sensoren GmbH

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____/

DPH HOLDINGS CORP., et al.,

    Reorganized Debtors.

_____/

DELPHI CORPORATION, et al.,

    Plaintiffs,

v.

VALEO, VALEO AIRFLOW DIVISION, VALEO
CLIMATE CONTROL USA, VALEO ELECTRICAL
SYSTEMS, VALEO ELECTRONICS NA, VALEO
INC., VALEO SCHALTER UND SENSOREN AND
VALEO WIPER SYSTEMS & ELECTRIC MOTORS
NORTH AMERICA,

    Defendants.
_____/

In re:  Case No. 05-44481 (RDD)
Chapter 11
Jointly Administered

Adversary Proceeding No. 07-02534 (RDD)

**NOTICE OF MOTION OF VALEO CLIMATE CONTROL CORP., VALEO
ELECTRICAL SYSTEMS, INC., VALEO, INC. AND VALEO SCHALTER UND
SENSOREN GmbH TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT;
(B) DISMISS THE COMPLAINT WITH PREJUDICE; (C) DISMISS THE CLAIMS
AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT; AND (D)
DISMISS CLAIMS BASED ON ASSUMPTION OF CONTRACTS;
OR (E) IN THE ALTERNATIVE, TO REQUIRE
PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

**PLEASE TAKE NOTICE THAT:**

Upon the annexed motion, dated May 11, 2010, Defendants Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Valeo, Inc. and Valeo Schalter Und Sensoren GmbH, through their attorneys, Honigman Miller Schwartz & Cohn LLP, filed their Motion To (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss The Complaint With Prejudice; (C) Dismiss The Claims Against Certain Defendants Named In The Complaint; And (D) Dismiss Claims Based On Assumption Of Contracts; Or (E) In The Alternative, To Require Plaintiffs To File A More Definite Statement (the "**Motion**"). The Motion seeks entry of an order to (A) vacate certain prior orders of the court; (B) dismiss the complaint with prejudice; (C) dismiss the complaint against certain defendants named in the complaint; (D) dismiss claims based on assumption of contracts; or (E) in the alternative, require plaintiffs to file a more definite statement. A hearing, with respect to the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard.

A copy of the Motion may be obtained by (a) contacting the attorneys for the Defendants, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, Michigan 48226 (Attn. I.W. Winsten, Esq., Judy B. Calton, Esq., E. Todd Sable, Esq. and Marcia Bennett Boyce, Esq.), Telephone: (313) 465-7000; (b) accessing the Court's website at http://www.nysb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (c) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One

Bowling Green, New York, New York 10004; or (d) accessing the public website maintained by the Debtors' court-appointed claims and noticing agent in these cases at: <u>www.kccllc.net</u>

The deadline to file any objections and responses to the Motion is **June 7, 2010 at 4:00 p.m. (Eastern Daylight Time)** (the "**Objection Deadline**").

Objections and responses, if any, to the Motion must be in writing and must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at <u>www.nysb.uscourts.gov</u>) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at <u>www.nysb.uscourts.gov</u>), and served in accordance with General Order M-242, and on (i) Honigman Miller Schwartz and Cohn LLP, Attn. I.W. Winsten, Esq., Judy B. Calton, Esq., E. Todd Sable, Esq. and Marcia Bennett Boyce, Esq., 660 Woodward Avenue, 2290 First National Building, Detroit Michigan 48226; (ii) the Debtors, DPH Holdings Corp. (f/k/a Delphi Corporation, et al.), Attn: John Brooks, 5725 Delphi Drive, Troy, Michigan 48098; (iii) Butzel Long, Attn: Cynthia J. Haffey, Esq., 150 W. Jefferson Avenue, Suite 100, Detroit, Michigan 48226; (iv) Butzel Long, Attn: Eric Fisher, Esq., 380 Madison Avenue, 22nd Floor, New York, New York 10017; (v) Latham & Watkins, attorneys for The Official Committee of

3

Unsecured Creditors, Attn: Mark A. Broude, Esq. and Robert J. Rosenberg, Esq., 885 Third Avenue, New York, New York 10022 and Warner Stevens, L.L.P., Attn: Michael D. Warner, Esq., 301 Commerce Street, Suite 1700, Fort Worth, Texas 76102; (vi) the Office of the United States Trustee for the Southern District of New York, Attn: Alicia M. Leonhard, Esq., Tracy Hope Davis, Esq. and Brian Masumoto, Esq., 33 Whitehall Street, 21st Floor, New York, New York 10004, so as to be received no later than the **Objection Deadline.**

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing. Failure to appear at the Hearing may result in relief being granted or denied upon default.

        HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Valeo, Inc. and Valeo Schalter und Sensoren GmbH,

Dated: May 11, 2010

By: /s/ Judy B. Calton
    I. W. Winsten (Michigan Bar No. P30528)
    Judy B. Calton (Michigan Bar No. P38733)
    E. Todd Sable (Michigan Bar No. P54956)
    Marcia Bennett Boyce (Michigan Bar No. P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

DETROIT.4182068.1

**Hearing Date and Time: July 22, 2010 at 10:00 a.m. (EDT)**
**Objection Deadline: June 7, 2010 at 4:00 p.m. (EDT)**

HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
Detroit, MI 48226-3506
(313) 465-7000
I. W. Winsten (P30528)
Judy B. Calton (P38733)
E. Todd Sable (P54956)
Marcia Bennett Boyce (P67584)
Attorneys for Valeo Climate Control Corp.,
Valeo Electrical Systems, Inc., Valeo, Inc. and
Valeo Schalter und Sensoren GmbH

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

DPH HOLDINGS CORP., et al.,                In re: Case No. 05-44481 (RDD)
                                                                  Chapter 11
     Reorganized Debtors.                 Jointly Administered
_____/

DELPHI CORPORATION, et al.,

     Plaintiffs,                            Adversary Proceeding No. 07-02534 (RDD)
v.

VALEO, VALEO AIRFLOW DIVISION, VALEO
CLIMATE CONTROL USA, VALEO ELECTRICAL
SYSTEMS, VALEO ELECTRONICS NA, VALEO
INC., VALEO SCHALTER UND SENSOREN AND
VALEO WIPER SYSTEMS & ELECTRIC MOTORS
NORTH AMERICA,

     Defendants.
_____/

**MOTION OF VALEO CLIMATE CONTROL CORP., VALEO ELECTRICAL
SYSTEMS, INC., VALEO, INC. AND VALEO SCHALTER UND SENSOREN GmbH
TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE
COMPLAINT WITH PREJUDICE; (C) DISMISS THE CLAIMS AGAINST CERTAIN
DEFENDANTS NAMED IN THE COMPLAINT; AND (D) DISMISS CLAIMS BASED
ON ASSUMPTION OF CONTRACTS; OR (E) IN THE ALTERNATIVE, TO REQUIRE
<u>PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT</u>**

1

Defendants Valeo Climate Control Corp., Valeo Electric Systems, Inc., Valeo Inc. and Valeo Schalter und Sensoren GmbH[1] (each a "**Defendant**," collectively "**Valeo**"), through their attorneys, Honigman Miller Schwartz and Cohn LLP, for their Motion To (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Complaint Against Certain Defendants; (D) Dismiss Claims Based on Assumed Contracts; or (E) in the Alternative, Require Plaintiffs to File a More Definite Statement, rely on their Memorandum of Law in Support of Motion of Valeo Climate Control Corp., Valeo Electric Systems, Inc. and Valeo Inc. to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumed Contracts; or (E) in the Alternative Require Plaintiffs to File a More Definite Statement (the "**Memorandum of Law**") filed contemporaneously herewith and the following exhibits hereto:

- A. Excerpted pages 21-24 of the Transcript of the March 19, 2008 Hearing;
- B. Excerpted pages 11-12 of the Transcript of the April 30, 2008 Hearing;
- C. Excerpted page 6 of the Transcript of the October 22, 2009 Hearing;
- D. Declaration of Thomas F. Miller dated March 30, 2010;
- E. Excerpted pages from the Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Purchasers in Connection with Sale of Interiors and Closures Businesses (D.I. 10963); Notice of Assumption and/or Assignment of Executory Contract or Unexpired Lease to Buyer in Connection with Sale of Steering and Halfshaft Business (D.I. 12323); July 10, 2009 Notice of Filing Parnassus Assumption and Assignment Notices (D.I. 18076) and July 10, 2009 Notice of Filing GM Assumption and Assignment of Notices (D.I. 18077).

---

[1] Valeo Schalter und Sensoren GmbH makes a special appearance in this adversary proceeding as a movant in this motion. Plaintiffs have not served Valeo Schalter und Sensoren GmbH with a summons and complaint in accordance with the Hague Convention or other protocols and reserves all rights based on the lack of proper service. "The need to file a special appearance in order to object to jurisdiction or venue has vanished. A party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer." *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972).

F.  Excerpted pages 12-13 of the Transcript of the April 1, 2010 Hearing.

G.  Excerpted pages 1-11 of the Transcript of the August 16, 2007 Hearing;

H.  Excerpted pages 15-16 of the Bench Ruling in *Development Specialists, Inc. v. 1114 6th Avenue Co.*, No. 08-1418 (RDD) (March 5, 2009), *aff'd on other grounds;* 09-civ-5047 (DLC) (S.D. N.Y. September 4, 2009).

I.  Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 550 (Exhibit to D.I. 7 in Adv. Pro. No. 07-02534 (RDD).

WHEREFORE, Valeo seeks an order:

A.  Vacating the interlocutory Extension Orders[2] pursuant to the Court's discretionary authority because: (i) Plaintiffs' intentional failure to provide Valeo with sufficient notice of the motions seeking entry of the Extension Orders violates due process and renders the Extension Orders void and unenforceable against Valeo; (ii) cause did not exist to extend the time for service of the complaint; and/or (iii) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

B.  Dismissing with prejudice the Complaint against Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b), on the ground that it: (a) is barred by the 2-year statute of limitations; and/or (b) does not comply with the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009);

C.  Dismissing "Valeo," "Valeo Airflow Division," "Valeo Climate Control USA," "Valeo Electronics NA" and "Electronics Motors North America" because they are not persons or corporations, do not exist and therefore cannot be sued;

D.  Dismissing the Complaint because Delphi assumed the Assumed Valeo Contracts;

E.  Dismissing the Complaint with prejudice on the ground that it is barred by laches, judicial estoppel or res judicata;

F.  Dismissing the claims against those of the Defendants which received less than $250,000 in aggregate transfers and Valeo Schalter and Sensoren GmbH with prejudice because Debtor abandoned avoidance actions against parties receiving less than $250,000 in aggregate transfers and actions arising from "payments to foreign suppliers";

G.  In the alternative, as to any Defendants which are not dismissed, ordering Plaintiffs to file a more definite statement with respect to its Complaint; and

H.  For such other and further relief as is proper and just.

---

[2] Capitalized terms not defined herein have the meaning as defined in the Memorandum of Law.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendants Valeo Climate Control Corp,
Valeo Electrical Systems, Inc., Valeo Inc. and
Valeo Schalter und Sensoren GmbH


By: /s/ Judy B. Calton
    I. W. Winsten (Michigan Bar No. P30528)
    Judy B. Calton (Michigan Bar No. P38733)
    E. Todd Sable (Michigan Bar No. P54956)
    Marcia Bennett Boyce (Michigan Bar No. P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
email: jcalton@honigman.com

Dated: May 11, 2010

DETROIT 4174526.3