# EXHIBIT A

1

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 05-44481
 5   - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   DELPHI CORPORATION,
 9
10           Debtor.
11
12   - - - - - - - - - - - - - - - - - - - -x
13
14             United States Bankruptcy Court
15             One Bowling Green
16             New York, New York
17
18             March 19, 2008
19             10:09 AM
20
21   B E F O R E:
22   HON. ROBERT D. DRAIN
23   U.S. BANKRUPTCY JUDGE
24
25
```

1   prudent to file this motion.  As I indicated, it's been
2   reviewed with our statutory committees and with other
3   stakeholders.  No objections have been filed.
4           THE COURT:  Okay.  Does anyone want to say anything
5   on this motion?  All right.  I've reviewed it and the motion
6   clearly sets forth cause for, as you said, a precautionary
7   extension of exclusivity so I'll grant that.
8           MR. BUTLER:  Thank you, Your Honor.  Your Honor,
9   matter number 3 on the agenda is our motion to extend the Rule
10  4(m) time for services of summonses relating to avoidance
11  actions that were filed under the preservation of the estate
12  claims procedures order.  This motion is filed at docket number
13  12922 and this motion is also unopposed.
14          Essentially, Your Honor, what we're asking you to do
15  is to extend the time for an additional sixty days for
16  summonses to be served in connection to serve a complete
17  process in connection with all of the individual adversary
18  complaints that were filed under the estate claims procedures
19  order.  And you previously had granted us an extension through
20  March 31, 2008 and that was slightly less than sixty days
21  beyond the 120-day deadline set forth in Federal Civil
22  Procedure 4(m).  And that rule does provide -- in the case law
23  interpreting it, it does provide the opportunity for the
24  plaintiffs to come in and establish cause with the Court as to
25  an appropriate extension of those summonses.

22

1          Under case law here in the Southern District, this
2  Court has discretion to extend the 120-day service period and
3  it is a discretionary matter. And it is particularly seen as
4  good cause when there is a reasonable belief that future events
5  would likely obviate the need to serve the complaint and
6  prosecute the actions. That can be -- is obviously, Your
7  Honor, in this case, I think, self-evident. Upon the
8  confirmation of a plan, I believe all but one, possibly two of
9  those matters, would end up not being pursued. They would end
10 up being dismissed as of the effective date and would not be
11 pursued. Similar relief of this nature has been granted in
12 other cases -- Chapter 11 cases in this district, including in
13 the Ames Department Store case in 2004 where a further
14 extension was granted at docket number 2524 in that case.
15         Your Honor, we believe that there is no reason to
16 move forward with the service of summons with respect to the
17 742 adversary proceedings that are under seal. We would ask
18 Your Honor to give us an additional sixty days through May 31st
19 to address that issue.
20         THE COURT: Okay. Does anyone have anything to say
21 on this motion? All right. I had one question and you alluded
22 to this. The plan did reserve or retain the ability to pursue
23 a very small number of avoidance actions. And my question is
24 with regard to that small group, have the debtors determined,
25 assuming the plan goes effective, that those will definitely be

1   pursued or is that still something they're analyzing in light
2   of the cost of pursuing it versus the net gain of a victory --
3           MR. BUTLER:  I think, Your Honor --
4           THE COURT:  -- or potential victory?
5           MR. BUTLER:  -- those are still under analysis.  They
6   were retained because of the unique circumstances that were
7   pled in those particular proceedings.  And I don't think a
8   final decision has been made as to whether those would actually
9   be pursued.  But obviously, we did make -- we did do enough
10  analysis to decide that as opposed to the other 740 odd actions
11  that these should be retained for that purpose.
12          THE COURT:  Did those defendants get notice of the
13  motion?
14          MR. BUTLER:  Everyone received notice of the 4(m)
15  motion, I believe.  Let me make sure.  Is that -- I want to
16  just double check with my folks.  It went to the 2002 services,
17  I know for sure.  Just give us one second, Your Honor.
18          THE COURT:  Okay.
19          MR. BUTLER:  Your Honor, I'm almost certain that they
20  would have not gotten individualized notice unless they were on
21  the 2002 list.
22          THE COURT:  Okay.
23          MR. BUTLER:  And the reason for that is I'm not sure
24  they know about the existence of the pleadings.
25          THE COURT:  All right.  Well, I debated whether to

```
 1   have you settle the order on those -- that handful of people.
 2   I mean, normally, no one wants to have litigation be activated
 3   but I think the rationale potentially for them is a little
 4   different than the others.  So I think I'll -- particularly, if
 5   we're not sure whether they got the notice.
 6             MR. BUTLER:  Your Honor, I think -- let me just --
 7             THE COURT:  If they're on the 2002 list, you don't
 8   need to settle it.  If they weren't -- they weren't served with
 9   it, I'd like you to settle it as to the handful of people that
10   the plan at least contemplates would be pursued.
11             MR. BUTLER:  Right.
12             THE COURT:  With regard to the vast majority, all the
13   others, clearly there's a good basis for not activating that
14   litigation.  It would be moot upon consummation of the plan.
15             MR. BUTLER:  We'll do that, Your Honor.  And the
16   existence of those folks is obviously that that exhibit to the
17   plan is public.  So everyone knows what that retention is.
18   So --
19             THE COURT:  Right.
20             MR. BUTLER:  -- we will deal with that and we will
21   settle the order.  If they're not --
22             THE COURT:  You can do it five days notice.
23             MR. BUTLER:  Okay.  Thank you, Your Honor.
24             THE COURT:  Okay.  If they're not on the 2002 list.
25             MR. BUTLER:  Thanks -- thank you, Your Honor.  Your
```