# EXHIBIT D

HONIGMAN MILLER SCHWARTZ AND COHN LLP
I. W. Winsten (P30528)
Judy B. Calton (P38733)
E. Todd Sable (P54956)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7000
Facsimile: (313) 465-7345
Email: jcalton@honigman.com
Attorneys for Defendants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                           :
                                                                 :
DELPHI CORPORATION, *et al.*,                                    :   Chapter 11
                                                                 :   Case No. 05-44481 (RDD)
        Debtors.                                                 :   (Jointly Administered)
---------------------------------------------------------------- x
                                                                 :
DELPHI CORPORATION, *et. al.*                                    :   Adv. Proc. No. 07-02534 (RDD)
                                                                 :
        Plaintifs,                                               :
                                                                 :
    — against —                                                  :
                                                                 :
VALEO, VALEO AIRFLOW DIVISION, VALEO                             :
CLIMATE CONTROL USA, VALEO ELECTRICAL                            :
SYSTEMS, VALEO ELECTRONICS NA, VALEO,                            :
INC., VALEO SCHALTER UND SENSOREN and                            :
VALEO WIPER SYSTEMS & ELECTRIC MOTORS                            :
NORTH AMERICA,                                                   :
                                                                 :
        Defendants.                                              :
---------------------------------------------------------------- x

**Declaration of Thomas F. Miller**

2.

Thomas F. Miller declares as follows:

1. I make this Declaration on personal knowledge and, if called as a witness, would testify to the facts contained herein.

2. I am the corporate Secretary of Valeo, Inc., Valeo Climate Control Corp., and Valeo Electrical Systems, Inc. (collectively referred to herein as "Valeo"). I am also an officer of other Valeo entities which are direct and indirect subsidiaries and affiliates of Valeo S.A., a company organized in France. Valeo S.A., Valeo Schalter and Sensoren GmbH, and their affiliates are part of the "Valeo Group", an independent industrial group focused on the design, production and sale of components and integrated systems for cars and trucks.

3. To the best of my knowledge, information and belief, the following named defendants in this adversary proceeding do not exist: "Valeo," "Valeo Airflow Division," "Valeo Climate Control USA," "Valeo Electronics NA," and "Valeo Wiper Systems & Electric Motors North America." While "Valeo Wiper Systems" is not a legal entity, Valeo Electrical Systems, Inc. has used "Valeo Wiper Systems" as a trade name. Valeo Schalter and Sensoren GmbH ("Valeo Schalter"), a company organized under the laws of Germany, is also an affiliate of Valeo S.A. and a member of the Valeo Group. Valeo Schalter has its principal place of business in Germany.

4. Until March 2010, Valeo did not know, that almost two and half years ago, Delphi Corporation and its affiliates or successors (collectively, "Delphi") commenced a lawsuit under seal against Valeo and other as of yet unidentified and unserved entities (apparently members of the Valeo Group), seeking to avoid and recover more than $19.5 million in transfers made by Delphi.

5. In the almost two and half years since Delphi commenced this adversary

proceeding under seal, the Valeo Group has engaged in a global restructuring plan under a newly-appointed Chief Executive Officer to streamline its business model and align: (i) itself with the unprecedented changes in the automotive supplier market; and (ii) its capacity to meet the needs of its customers. This restructuring has included, among other things: (i) the closure or sale of facilities in Rochester New York, Jamestown, New York, Arcola, Illinois, Decatur, Georgia and Dallas/Fort Worth, Texas; (ii) the sale of its motors and actuators and heavy truck business units; and (iii) workforce downsizing by more than 2,400 employees in the United States alone, and many more worldwide. Many of these facilities, business units and employees were involved in Valeo's business with Delphi.

6. Since Delphi filed its lawsuit under seal, electronic data of Valeo has become inaccessible due to records retention policy implementation and system malfunctions.

7. Because Valeo did not know that it had been sued by Delphi, Valeo took no special steps to organize and preserve its records with respect to Delphi, to hold exit interviews with terminated employees who were knowledgeable about the Delphi business relationship, or to make arrangements to maintain contact with terminated employees in case Valeo would need them to provide litigation information or serve as witnesses.

8. If Valeo had known that Delphi commenced an action it could have and would have taken special steps to organize and preserve its records with respect to Delphi, hold exit interviews with the terminated employees who were knowledgeable about the Delphi business relationship and make arrangements to maintain contact with those terminated employees in case Valeo would need them to provide litigation information or serve as witnesses.

9. Valeo has been substantially prejudiced in its ability to defend this adversary proceeding by the delay in receiving notice and service of the complaint against it.

3

10. I make this Declaration under penalty of perjury.

_____
Thomas F. Miller

Executed in Troy, Michigan
on March 30, 2010

DETROIT.4121795.1

4