# EXHIBIT H

05-44481-rdd    Doc 20009-8    Filed 05/11/10    Entered 05/11/10 14:54:00    Exhibit H.
Excerpts from Development Specialists    Pg 2 of 6

- 1 -

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Adv. Case No. 08-01421-rdd, Lead Case No. 06-12226-rdd
 5   - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7   COUDERT BROTHERS, LLP,
 8            Debtor.
 9   - - - - - - - - - - - - - - - - - - - -x
10   DEVELOPMENT SPECIALISTS, INC.,
11                    Plaintiff,
12          -against-
13   WEISER REALTY ADVISORS LLC, ET AL.,
14                    Defendants.
15   - - - - - - - - - - - - - - - - - - - -x
16              U.S. Bankruptcy Court
17              One Bowling Green
18              New York, New York
19
20              March 5, 2009
21              10:11 a.m.
22
23   B E F O R E:
24   HON. ROBERT D. DRAIN
25   U.S. BANKRUPTCY JUDGE
```

05-44481-rdd    Doc 20009-8    Filed 05/11/10    Entered 05/11/10 14:54:00    Exhibit H.
Excerpts from Development Specialists    Pg 3 of 6

- 2 -

```
 1
 2    MOTION to Dismiss Adversary Proceeding 08-01421
 3
 4    MOTION to Dismiss Adversary Proceeding 08-01418
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25    Transcribed by: Sharona Shapiro
```

05-44481-rdd    Doc 20009-8    Filed 05/11/10    Entered 05/11/10 14:54:00    Exhibit H.
Excerpts from Development Specialists    Pg 4 of 6

- 3 -

```
 1
 2    A P P E A R A N C E S :
 3    SMITH, GAMBRELL & RUSSELL, LLP
 4         Attorneys for Plaintiff
 5         250 Park Avenue
 6         New York, NY 10177
 7
 8    BY:  J. JOSEPH BAINTON, ESQ.
 9
10    WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
11         Attorney for Defendants
12         3 Gannett Drive
13         White Plains, NY 10604
14
15    BY:  WILLIAM J. KELLY, ESQ.
16         THOMAS R. MANISERO, ESQ.
17
18
19
20
21
22
23
24
25
```

- 15 -

Development Specialists, Inc. v. Weiser Realty Advisors, LLC

1   complaint, which seeks to avoid as a fraudulent transfer the

2   debtor's entry into an amendment of its New York lease as of

3   September 23, 2005 which provided for, among other things, a

4   partial surrender of its premises to the landlord in the Grace

5   Building as well as a modification of rent going forward; a

6   return or termination of the debtor's interest in subleases

7   that went hand in hand with the surrender of space; certain

8   other modifications of the lease; a return of a portion of the

9   security deposit; and payments in connection with the entry by

10  Coudert into an agreement with Baker & Mckenzie with respect to

11  the transfer of the fourth floor and the forty-second through

12  forty-fourth floors of the building (The payment resolved an

13  interest of the landlord in such payments under the original

14  lease and related disputes); and, finally, a modification of

15  the term of the remaining lease so that it would expire in 2008

16  -- on June 30, 2008 -- as opposed to in 2013.

17          The motion to dismiss contends that because the

18  debtor in possession assumed the lease as modified during the

19  course of its Chapter 11 case, that the plaintiff is now

20  estopped, primarily under a theory of judicial estoppel, from

21  avoiding the transfers pursuant to the lease modification that

22  I've just summarized.

23          The movant relied upon numerous cases that have

24  granted motions to dismiss preference actions after the

25  underlying contract, pursuant to which the preferential

05-44481-rdd    Doc 20009-8    Filed 05/11/10    Entered 05/11/10 14:54:00    Exhibit H.
Excerpts from Development Specialists    Pg 6 of 6

- 16 -

Development Specialists, Inc. v. Weiser Realty Advisors, LLC

1   transfer was allegedly made, had been assumed.  In addition,
2   the movant relied upon three cases in which that fact pattern
3   was extended from preference avoidance actions to actions to
4   avoid fraudulent transfers.  See Official Committee of
5   Unsecured Creditors v. Aust, (In re Network Access Solutions
6   Corp.), 330 B.R. 67 (Bankr. D. Del. 2005); Vision Metals Inc.
7   v. SMS Demag, Inc. (In re Vision Metals Inc.), 325 B.R. 138,
8   141 (Bankr. D. Del. 2005), reh'g granted, 327 B.R. 719 (Bankr.
9   D. Del. 2005)(both of those decisions are by Judge Walrath), as
10  well as Schnelling v. Crawford (In re James River Coal Co.),
11  360 B.R. 139 (Bankr. E.D. Va. 2007).
12              Given the requirement under Section 365 to cure all
13  defaults, including pre-petition defaults, under an executory
14  contract before such contract can be assumed, the logic of the
15  preference cases relied upon by the landlord was crystal clear
16  to me.  It was less clear to me that judicial estoppel, as a
17  result of assumption of an executory contract or lease, would
18  extend to the fraudulent transfer cause of action where the
19  contract or lease had been amended pre-petition and that
20  amendment was sought to be avoided as a fraudulent transfer.
21              That concern on my part was enhanced by the fact that
22  in each of the three cases that I have cited, all of which I
23  agree with completely, the parties had specifically agreed to a
24  release of claims or it was clear that such a release had been
25  contemplated at the time of the action in question, which might