**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
900 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 752-8000
Fax: (212) 752-8393
Greg A. Friedman (GF – 4506)

    - and –

500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Norman L. Pernick (DE No. 2290)
Patrick J. Reilley (DE No. 4451)

Counsel to Cadence Innovation LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DPH HOLDINGS CORP., et al.,<br><br>               Reorganized Debtors. | Case No. 05-44481 (RDD)<br><br>Chapter 11<br><br>(Jointly Administered)<br>**Related to Docket No. 19873** |

**CADENCE INNOVATION LLC'S RESPONSE TO REORGANIZED DEBTORS'**
**FORTY-SEVENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**

     Cadence Innovation LLC ("Cadence"), by and through its undersigned counsel, hereby responds to the above-captioned reorganized debtors' (the "Reorganized Debtors") Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge (A) Certain Administrative Expense Books and Records Claims, (B) a Certain Administrative Expense Duplicate Claim, and (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, and (II) Modify Certain Administrative Expense

46102/0001-6482948v3

Claims (the "Objection") as it relates to Claim Number 20055 (the "Cadence Claim"), as follows:

## BACKGROUND

1. On October 8 and 14, 2005 (collectively, the "DPH Petition Date"), Delphi Corporation and certain of its affiliates, predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. After the DPH Petition Date, Cadence purchased various electrical and air bag components (the "Components") from the Reorganized Debtors for use in instrument panels.

3. On August 26, 2008 (the "Cadence Petition Date"), Cadence filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4. On or within ninety (90) days prior to the Cadence Petition Date, Cadence made one or more transfers (the "Transfers") of an interest of Cadence in property to or for the benefit of the Reorganized Debtors. The Transfers are in the amount of $270,378.59.

5. Cadence alleges that Transfers can be avoided as preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code. The Cadence Claim seeks an administrative claim in the amount of $270,378.59 for the recovery of the Transfers.

6. By the Objection, the Reorganized Debtors seek to disallow and expunge the Cadence Claim because it "asserts liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and records." Objection at ¶ 12.

## APPLICABLE LAW

7.  In the Objection, the Reorganized Debtors only offer the statement that the liabilities asserted in the Cadence Claim are not reflected on the Reorganized Debtors' books and records.  The Reorganized Debtors' statements are insufficient to support the Objection and to overcome the validity of the Cadence Claim.  Cadence has set forth sufficient proof to establish a claim under section 547 of the Bankruptcy Code.  The Cadence Claim is comprised of the Transfers made to the Reorganized Debtors during the 90-day period prior to the Cadence Petition Date.  At the time each of the Transfers was made, the Reorganized Debtors were a creditor of Cadence and each of the Transfers to the Reorganized Debtor was on account of an antecedent debt owed by Cadence.  See 11 U.S.C. §547(b).  Cadence was insolvent at the time it made each of the Transfers and the Transfers enabled the Reorganized Debtors to receive more than it would have received if Cadence's Bankruptcy Case were a case under Chapter 7 of the Bankruptcy Code.  See id.  In short, Cadence has alleged sufficient facts to support a legal liability of the Reorganize Debtors to Cadence.  It is the Reorganized Debtors' burden to "establish by a preponderance of the evidence that one of the enumerated exceptions in 11 U.S.C. § 547(c) applies."  In re Corporate Food Management, Inc., 223 B.R. 635, 647 (E.D.N.Y. 1998).

8.  The burden is upon the Reorganized Debtors to rebut the validity of the Cadence Claim.  In response, as indicated above, the Reorganized Debtors only note that the Cadence Claim is not reflected in its books and records.  Without more, the Reorganized Debtors' statements are insufficient to support the Omnibus Objection.

9.  Cadence is willing to work cooperatively with the Reorganized Debtors to better understand the basis of the Debtors' Objection and to further resolve the Cadence Claim.

However, based on the sparse record before the Court, and given the Reorganized Debtors' failure to rebut the validity of the Cadence Claim, the Objection must be denied.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Cadence requests that this Court enter an order denying the Omnibus Objection as to the Cadence Claim and that the Court grant Cadence such additional relief as is just and proper.

DATED:    May 11, 2010

                                          COLE, SCHOTZ, MEISEL,
                                        FORMAN & LEONARD, P.A.

                                        By:___/s/_*Greg A. Friedman*_____
                                              Greg A. Friedman (GF – 4506)
                                        900 Third Avenue, 16th Floor
                                        New York, NY  10022
                                        Telephone: (212) 752-8000
                                        Fax: (212) 752-8393

                                        - and -

                                        Norman L. Pernick (DE No. 2290)
                                        Patrick J. Reilley (DE No. 4451)
                                        500 Delaware Avenue, Suite 1410
                                        Wilmington, DE 19801
                                        Telephone:  (302) 652-3131

                                        Counsel to Cadence Innovation LLC