BARNES & THORNBURG LLP
Attorneys for Bank of America, N.A.
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI  49503
Telephone:  (616) 742-3930
Facsimile:  (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

John T. Gregg, Admitted Pro Hac Vice
Telephone: (616) 742-3945
Email: jgregg@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| DELPHI CORPORATION, *et al*. | ) | No. 05-44481 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**RESPONSE OF BANK OF AMERICA, N.A. TO FORTY-SEVENTH
OMNIBUS CLAIMS OBJECTION OF REORGANIZED DEBTORS
(Claim No. 20006 filed in Delphi Automotive Systems Human Resources, LLC Case)**

Bank of America, N.A. (the "Bank" or "Claimant"), by and through its undersigned counsel, for its Response to the "Books and Records" Objection to the Bank's administrative claim evidenced by Claim No. 20006, and which Objection was filed by DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors").  The Reorganized Debtors' objection to this claim is set forth in their Forty-Seventh Omnibus Objection to Claims dated April 16, 2010 (the "Claim Objection").  As a Response to the Claim Objection, the Bank states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates including Delphi Automotive Systems, LLC ("DASLLC") and Delphi Automotive Systems Human Resources, LLC (collectively, the "Debtors"), who are the predecessors of the Reorganized Debtors, filed voluntary petitions with this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101-1330, as then amended (the "Bankruptcy Code").

2. Prior to the commencement of these Chapter 11 cases, Fleet National Bank, the predecessor-in-interest to Claimant, leased two aircraft, engines and related avionics (collectively, the "Aircraft"), to SM5105 LLC, a Delaware limited liability company and predecessor-in-interest to Delphi Automotive Systems Human Resources, LLC ("Delphi HR"). One of the Aircraft was a Learjet 60 aircraft (the "Learjet") and the other Aircraft was a Bombardier Challenger 604 aircraft (the "Challenger"). The specifics of these two Aircraft leases (hereinafter referred to as the "Aircraft Leases") are described in detail in Schedule A to Bank's Proof of Claim No. 20006 dated October 27, 2009, and filed with the claims agent appointed in these Chapter 11 cases on November 2, 2009 (the "Bank Claim No. 20006"). Copies of the Aircraft Leases and other documents relevant to them are attached as exhibits to the Bank Claim No. 20006 and are specifically described in Schedule A to that claim.

3. Pursuant to the terms of the Aircraft Leases, Delphi HR granted to the Bank, as security for the performance of Delphi HR of its obligations under those leases, security interests and liens in the tangible and intangible property of Delphi HR including the following:

    a. all subleases, management agreements, interchange agreements, charter agreements, purchase orders or agreements, aircraft leases and/or other agreements of any kind whatsoever relating to any of the foregoing or to

2

                any other goods, documents, things or items described in financing statements filed in the State of Delaware and the proceeds thereof;

    b.    all security deposits in connection with the Aircraft Leases;

    c.    all present and future goods, accounts, chattel paper, documents, instruments, general intangibles, investment property, deposit accounts, letter of credit rights and supporting obligations relating to the Aircraft Leases and the personal property relating to these leases;

    d.    all proceeds of any of the foregoing property; and

    e.    all documents, books and records, and other information no matter where stored relating to the Aircraft Leases.

The foregoing property serving as collateral is hereinafter described as the "Ancillary Personal Property."

4.    Payment and performance of the obligations of Delphi HR under the Aircraft Leases were guaranteed in writing by DASLLC and Delphi Corporation (collectively, the "Guarantors") pursuant to the terms of certain written guaranties executed by them for the benefit of the Bank.

5.    As of the dates on which these Chapter 11 cases were commenced, the Aircraft Leases were in full force and effect and Delphi HR was in possession of the two Aircraft and Ancillary Personal Property. During the terms of the Aircraft Leases prior to October 8, 2005, Delphi HR was party to charter agreements concerning the two Aircraft pursuant to which the two Aircraft were chartered from time to time to third parties in return for rents and/or other charges payable to Delphi HR. These payments and the underlying obligations to make these payments by third parties falls within the category of "Ancillary Personal Property" and served as collateral for the Bank under the terms of the Aircraft Leases.

6.    On November 11, 2005, Bank filed with this Court its "Motion (I) to Provide Adequate Protection of Security Interest in Collateral; and (ii) to Terminate the Automatic Stay

3

With Respect to Cash Collateral," which motion was assigned number 1022 on this Court's docket (the "Adequate Protection Motion"). The Adequate Protection Motion addressed the Aircraft and the stream of revenues generated by Delphi HR's leasing/chartering of the Aircraft to third parties as described above. Delphi HR and the Guarantors thereafter objected to the Adequate Protection Motion (Docket No. 1269). Ultimately, this contested matter was resolved pursuant to the terms of a certain "Consent Order Resolving Motion by Bank of America, N.A. for Adequate Protection Replacement Liens" entered by this Court on January 12, 2006 and listed on this Court's docket as Docket Number 1805 (the "Adequate Protection Order"). A copy of the Adequate Protection Order is attached hereto as Exhibit A. This order required Delphi HR to deposit into a segregated account all of the "Aircraft Cash Collateral" (as that term is defined in the order) minus the "agreed upon monthly expenses." The Adequate Protection Order confirmed Bank's first priority security interest in these cash deposits contained in this account (the "Cash Collateral Account").

7. On or about July 27, 2006, Bank properly and timely filed three proofs of claim in these Chapter 11 cases which were assigned claim numbers 11317, 11470 and 11457 the ("Pre-Confirmation Proofs of Claim"). These claims filed in the cases of Delphi HR, DASLLC and Delphi Corporation. The proof of claim filed in the Delphi HR case asserted a security interest and lien in the monies then on deposit and to be deposited in the future in the Cash Collateral Account.

8. On May 22, 2007, the Debtors objected to allowance of the Pre-Confirmation Proofs of Claim in their "Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. Section 502(b) and Fed. R. Bankr. P. 3007 to Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected on Debtors' Books and Records, (C) Untimely Claims and Untimely Tax

4

Claim, and (D) Claims Subject to Modification, Tax Claims Subject to Modification, and Modified Claims Asserting Reclamation" which objection, hereinafter referred to as the "Fifteenth Omnibus Claims Objection," was assigned Docket Number 7999 by this Court.

9. On June 19, 2007, Bank timely filed and served its Response to the Fifteenth Omnibus Claims Objection (Docket Number 8309) (the "Response to Fifteenth Omnibus Claims Objection"). As of that date, the Debtors had neither assumed nor rejected the Aircraft Leases.

10. The Fifteenth Omnibus Claims Objection and the Response to Fifteenth Omnibus Claims Objection was resolved pursuant to the terms of a certain "Joint Stipulation and Agreed Order to Withdraw Without Prejudice Proofs of Claim 1137, 11470 and 11457 (Bank of America, N.A.)," (the "Joint Stipulation"). A copy of the Joint Stipulation is attached hereto as Exhibit B.

11. Paragraph 1 of the Joint Stipulation provides that the Pre-Confirmation Proofs of Claim were withdrawn by Bank of America "without prejudice." Paragraph 2 of the Joint stipulation states that, in the event that the one or both of the Aircraft Leases were rejected by Debtors, then the Pre-Confirmation Proofs of Claim would be "automatically reinstated as timely filed claims without further notice or action required by [the Bank], subject to objection other than as to timeliness and/or prejudice arising from the withdrawal and/or reinstatement of the [Pre-Confirmation Proofs of Claim] pursuant to this Stipulation, and [the Bank] shall not have been prejudiced by the withdrawal and/or reinstatement" of the Pre-Confirmation Proofs of Claim.

12. On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). The Court entered an order confirming the Plan (as modified) (Docket No. 12359) the

5

("Confirmation Order") on January 25, 2008. The Plan at that time contemplated that the Aircraft Leases would be assumed by the Debtors.

13. On October 3, 2008, the Debtors filed a motion under 1127 for the entry of an order approving (i) certain modifications to the confirmed Plan and related disclosure statement; and (ii) related procedures for re-soliciting votes on the confirmed plan, as modified (Docket No. 14310)(the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (Docket No. 16646), which sought approval of (i) certain modifications to the confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure; and (iii) procedures for re-soliciting votes on the Modified Plan. The Modified Plan now contemplated and provided for rejection of the two Aircraft Leases.

14. On July 30, 2009, this Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009. On October 6, 2009, the Effective Date of the Modified Plan occurred and, as of that date, the Aircraft Leases were rejected and the Pre-Confirmation Proofs of Claim were reinstated pursuant to the express terms of the Joint Stipulation.

15. Section 5.1 of the Modified Plan provides that the partially secured claim of the Bank against Delphi HR, which collateral includes the funds in the Cash Collateral Account, will be treated as such under the terms of the Modified Plan and that the security interest in these funds continues unabated after the Effective Date of the Modified Plan.

16. Sometime after the Effective Date of the Modified Plan, the Debtors returned the Aircraft to the Bank but still retain the funds on deposit in the Cash Collateral Account subject to the Bank's valid, perfected and first priority security interests therein. Upon information and belief, the amount on deposit in the Cash Collateral Account is a sum not less than $1,211,000.

6

This amount on deposit was confirmed by the Reorganized Debtors to the Bank after the Modified Plan's Effective Date.

17. Between the date on which these Chapter 11 cases were commenced until the date(s) on which the Aircraft were returned to the Bank, the Debtors used the Aircraft for their own benefit and leased/chartered the Aircraft to third parties.

### BASES FOR ALLOWANCE OF BANK CLAIM NO. 20006

18. Bank repeats and realleges each and every allegation contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Bank filed Bank Proof of Claim No. 20006 primarily in order to amend its prior proof of secured claim number 11457 previously filed in the Chapter 11 case of Delphi HR, which proof of claim was automatically reinstated pursuant to the Joint Stipulation as previously described herein.

20. In Schedule A to Bank Proof of Claim No. 20006, the Bank asserted that there would likely be some overlap between Claim No. 20006 and the various administrative expense claims filed by the Bank in these Chapter 11 cases.

21. In the Debtors' Objection to Bank Proof of Claim No. 20006, it appears that the Debtors are objecting only to what they characterize as the "unliquidated" and administrative portion of Bank Claim No. 20006. There is no objection to the partially secured claim of $1,211,000.00 or the partially unsecured claim of $33,279,017.61 specified in Bank Claim No. 20006.

22. Bank Proof of Claim No. 20006 is not designated as a request for payment of administrative claims. The Bank concedes that Bank Proof of Claim No. 20006 should not be considered as a request for payment of administrative expense claims. Debtors' Objection to

7

Bank Proof of Claim No. 20006 should be withdrawn. The Bank's administrative claims are the subject of other requests for payment filed by the Bank in these Chapter 11 cases. Those claims are subject to pending objections by the Debtors.

23. The Bank agrees that, to the extent the Bank is paid as administrative claims amounts that are part of the overlap described in Paragraph 20 above, Bank Claim No. 20006 should be reduced. Moreover, to the extent Debtors' Objection to Bank Proof of Claim No. 20006 is a proper context for an objection to the non-administrative claim portion of Bank Proof of Claim No. 20006, the Bank agrees that the unsecured portion of Bank Proof of Claim No. 20006 should be reduced by $15,957,675.30. This amount represents proceeds the Bank has received since the Petition Date concerning disposition of the Aircraft after the Aircraft were returned to the Bank by the Debtors. Such $15,957,675.30 amount was computed as follows: (a) $4,157,329.78 with respect to the Learjet, computed as $4,272,500 of gross sale proceeds minus $115,170.22 of expenses of disposition; plus (b) $11,800,345.52 with respect to the Challenger, computed as $12,967,000 gross value of lease disposition minus $675,000 in improvements to the Challenger minus $499,654.48 in expenses of disposition.

24. To the extent that the Claim Objection seeks to challenge other elements of Bank Claim No. 20006, the bases of such challenge have not been stated or otherwise articulated in the Claim Objection and, therefore, the Bank is presently unable to respond to any such challenge. Consequently, the Bank reserves all of its rights, interests and defenses in the event that the Claim Objection is thereafter amended or supplemented by the Debtors to assert additional grounds for objection.

25. The Debtors are hereby directed to serve upon the undersigned any reply to this Response and/or any other related pleadings/documents at the following address:

8

Patrick E. Mears, Esq.
Barnes & Thornburg LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan 49503

WHEREFORE, Bank of America, N.A., respectfully requests that this Court enter an Order

(i) denying the Claim Objection of the Reorganized Debtors to Bank Claim No. 20006; and

(ii) granting such other and further relief as may be just and proper under the circumstances of this case.

Dated: May 11, 2010                                 BARNES & THORNBURG LLP
                                                    Attorneys for Bank of America, N.A.


                                                    By:    /s/Patrick E. Mears
                                                          Patrick E. Mears (PM-6473)
                                                    Business Address:
                                                    171 Monroe Avenue, NW
                                                    Suite 1000
                                                    Grand Rapids, MI  49503
                                                    Telephone:  (616) 742-3936
                                                    Facsimile:  (616) 742-3999
                                                    pmears@btlaw.com

9