# **EXHIBIT B**

(Joint Stipulation)

TOGUT, SEGAL & SEGAL, LLP
One Penn Plaza
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Tally Wiener (TW-6519)

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
                                              :
     In re                                    :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05–44481 (RDD)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER TO WITHDRAW
WITHOUT PREJUDICE OF PROOFS OF CLAIM 11317, 11470, AND 11457
(BANK OF AMERICA, N.A.)

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and

Bank of America, N.A. ("Bank of America") respectfully submit this Joint Stipulation And

Agreed Order To Withdraw Without Prejudice Of Proofs Of Claim 11317, 11470, And 11457

(Bank Of America, N.A.) (the "Stipulation") and agree and state as follows:

WHEREAS on March 30, 2001, Bank of America's predecessor-in-interest, Fleet

1



National Bank ("Fleet") entered into two different aircraft leases (the "Learjet Lease" and the "Challenger Lease", collectively the "Leases") with SM 5105 LLC ("SMLLC").

WHEREAS on March 30, 2001, pursuant to guarantees (the "Guarantees") Delphi and Delphi Automotive Systems LLC ("DAS LLC") guaranteed SM 5105 LLC's obligations under the Leases.

WHEREAS on December 16, 2003, SMLLC assigned its rights and obligations under the Leases to Delphi Automotive Systems Human Resources LLC's ("DAS HR LLC").

WHEREAS on December 16, 2003, pursuant to amendments to the Guarantees Delphi and DAS LLC guaranteed DAS HR LLC's obligations under the Leases.

WHEREAS on October 8, 2005 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS on October 20, 2005, the Official Committee of Unsecured Creditors (the "Committee") was appointed.

WHEREAS Bank of America filed proofs of claim numbers 11317, 11470, and 11457 (each a "Proof of Claim," and collectively the "Proofs of Claim") on July 27, 2006.  Proof of Claim 11317 asserts a priority claim in the amount of $38,127,592.68 and other amounts against Delphi.  Proof of Claim 11470 asserts a priority claim in the amount of $38,127,592.68 and other amounts against DAS LLC.   Proof of Claim 11457 asserts a priority claim in the amount of $38,127,592.68 and other amounts against DAS HR LLC.

WHEREAS the Proofs of Claim arise out of the Leases and the Guarantees.

WHEREAS the Debtors objected to the Proofs of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R.

Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection"), which was filed on May 22, 2007.

WHEREAS on June 19, 2007, Bank of America filed its Response To Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8309) (the "Response").

WHEREAS the Debtors have neither assumed nor rejected the Leases.

WHEREAS Bank of America and the Debtors acknowledge and agree that pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order"), Bank of America would have 30 calendar days after the effective date of a rejection of an executory contract or an unexpired lease to file a proof of claim asserting damages.[1]

---

[1] The Bar Date Order provides:

Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code shall be required to file a Proof of Claim on account of such Claim against the Debtors on or before the later of (a) the General Bar Date or (b) 30 calendar days after the effective date of such rejection or such other date as fixed by the Court in an order authorizing such rejection (the "Rejection Bar Date," and together with the General Bar Date and the Amended Schedule Bar Date, the "Bar Dates").

Bar Date Order ¶ 8.

3

WHEREAS in the event the Debtors reject the Learjet Lease or the Challenger Lease, the Debtors acknowledge and agree that all of the Proofs of Claim will be deemed to be timely filed and automatically reinstated without further action or notice from Bank of America, subject to objection by the Debtors, the Committee or other parties-in-interest.

THEREFORE, the Debtors and Bank of America stipulate and agree and the Court orders as follows:

1. The Proofs of Claim are hereby withdrawn by Bank of America without prejudice.

2. In the event that the Debtors reject the Learjet Lease or the Challenger Lease, all of the Proofs of Claim shall be automatically reinstated as timely filed claims without further notice or action required by Bank of America, subject to objection other than as to timeliness and/or prejudice arising from the withdrawal and/or reinstatement of the Proofs of Claim pursuant to this Stipulation, and Bank of America shall not have been prejudiced by the withdrawal and/or reinstatement of the Proofs of Claim.

3. In the event that the Debtors decide to assume one or both Leases, nothing contained herein shall prejudice the rights of Bank of America with respect to its cure claims.

4. In the event that the Debtors determine to assume or reject the Learjet Lease or the Challenger Lease, the Debtors shall provide Bank of America with ten (10) days' prior notice of that election. The Debtors shall send notice of such decision via overnight courier to the attention of: (i) Patrick E. Mears, Esq., Barnes & Thornburg LLP, 300 Ottawa Avenue, NW, Suite 500, Grand Rapids, Michigan 49503, and (ii) Stuart R. Schwartz, Banc of America Leasing, Mail Stop: IL1-231-07-19, 231 S. LaSalle Street, Chicago, Illinois 60604.

5. Bank of America's Response to the Fifteenth Omnibus Claims Objection

is hereby withdrawn.

So Ordered in New York, New York, this 7th day of September, 2007

             /s/Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE


AGREED TO AND
APPROVED FOR ENTRY:

| /s/ Neil Berger | /s/ John T. Gregg |
|---|---|
| Neil Berger (NB-3599) | Patrick E. Mears (PM-6473) |
| Tally Wiener (TW-6519) | John T. Gregg (Admitted Pro Hac Vice) |
| Togut, Segal & Segal, LLP | Barnes & Thornburg LLP |
| One Penn Plaza | 300 Ottawa Avenue, NW, Suite 500 |
| New York, New York 10119 | Grand Rapids, MI 49503 |
| (212) 594-5000 | Telephone: (616) 742-3930 |
| | |
| | Attorneys for Bank of America, N.A. |

5