# EXHIBIT A

(Adequate Protection Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
                                             :

In re                               :       Chapter 11
                                     :       Case No. 05-44481 (RDD)

DELPHI CORPORATION, *et al*.      :
                                     :       Jointly Administered

                     Debtors.     :
                                     :

---------------------------------------------------------------x

## CONSENT ORDER RESOLVING MOTION BY BANK OF AMERICA, N.A. FOR ADEQUATE PROTECTION REPLACEMENT LIENS

        Bank of America, N.A. ("Bank of America") having filed and served a motion dated as of

November 11, 2005 (the "Motion")[1] seeking entry of an Order of the Court: (i) granting adequate

protection of Bank of America's interests in collateral relating to two aircraft (collectively, the

"Aircraft") leased by Bank of America to Delphi Automotive Systems Human Resources, LLC

("Delphi HR"), one of the above-captioned debtors and debtors-in-possession (the "Debtors"),

including the grant of replacement liens in favor of Bank of America in any similar, after-

acquired collateral, including cash collateral (the "Replacement Liens"); and (ii) terminating the

automatic stay and directing the immediate turnover of such cash collateral by the Debtors to

Bank of America immediately upon receipt; and the Debtors having filed an Objection to the

Motion dated as of November 25, 2005 (the "Objection") in which they offered various forms of

adequate protection to Bank of America (the "Adequate Protection Offer"); and a Limited

Objection to the Motion having been filed by Pentastar Aviation, LLC ("Pentastar") dated as of

November 25, 2005 (the "Limited Objection"); and Bank of America having filed Responses to

the foregoing objections, both Responses being dated as of November 28, 2005 (collectively, the

---

[1]      Unless otherwise stated herein, the defined terms used in this Consent Order shall have the same
meaning as those same terms used in the Motion.


0544481060112000000000006

"Responses"); and as part of the Adequate Protection Offer, the Debtors having agreed to deposit

into a segregated account all of the charter revenue and lease proceeds of the Aircraft (the

"Aircraft Cash Collateral") that they have received and continue to receive from and after

October 8, 2005 (the "Filing Date") subject to Bank of America's asserted perfected and first

priority prepetition liens and security interests therein, and to account monthly to Bank of

America concerning the Aircraft Cash Collateral; and the Court having considered the Motion,

the Objection (including the Adequate Protection Offer contained therein), the Limited

Objection, the Responses and statements by the parties' counsel at a hearing conducted on

November 29, 2005; and good and sufficient cause appearing therefore; and all of the prior

pleadings and proceedings had herein, it is hereby

     ORDERED, ADJUDGED, AND DECREED THAT:

     1.    Subject to further Order of the Court, the Debtors be, and they hereby are,

authorized and directed to deposit into an interest-bearing segregated account (the "Segregated

Account") established and maintained at a financial institution acceptable to Bank of America

and which will acknowledge in writing that it will not assert any lien or other interest in the

Segregated Account or any of the monies therein (the "Depository Bank") all of the Aircraft

Cash Collateral (less agreed upon monthly expenses) that Debtors have received and continue to

receive from and after the Filing Date, promptly after their receipt of same, such Aircraft Cash

Collateral being subject to Bank of America's asserted prepetition liens and security interests,

and subject to Paragraph "2" below, the liens and security interests asserted by Bank of America

in the Segregated Account and all monies deposited therein shall continue without any additional

action, including filing in the public records or otherwise, or any need to notify any entity, and

such liens and security interest shall have the same validity, priority, perfected status and extent

as Bank of America's asserted prepetition liens and security interests in the Aircraft Cash

Collateral.  Debtors shall transmit to Bank of America the number assigned to the Segregated

Account by the Depository Bank and shall cause the Depository Bank to identify the account as

the "Segregated Aircraft Cash Collateral Account."

2.      The Debtors and the Official Creditors Committee appointed in this Chapter 11

case are granted thirty (30) calendar days from the date on which this Consent Order is entered to

file a complaint, and the Official Creditors Committee is hereby granted standing (to the extent

the Committee does not have standing) to file such Complaint and to pursue such action,

objecting to the extent, priority, validity, enforceability and perfected status of the prepetition

and postpetition liens and security interests asserted by Bank of America in the Aircraft Cash

Collateral (the "Bank of America Liens"), unless such time period is extended by mutual written

agreement by the parties hereto or by an Order of the Court upon prior written notice to the

parties hereto.  In the absence of the timely filing of such a complaint, the Bank of America

Liens in the Aircraft Cash Collateral shall be deemed valid, perfected and of first priority.

3.      The Debtors shall not use the Aircraft Cash Collateral absent either (a) prior

Bankruptcy Court approval upon twenty (20) days prior notice to Bank of America and a hearing

held thereon; or (b) Debtor's receipt of affirmative written consent from an authorized officer of

Bank of America.

4.      No later than the tenth (10th) day of each month, Delphi HR will provide Bank of

America with monthly reports, in the form attached hereto as Exhibit A, which reports shall

specifically describe, among other things, all Aircraft Cash Collateral that is deposited into the

Segregated Account, expenses incurred in connection therewith, and any cash activity in the

Segregated Account.

5.      The Debtors shall not amend in any respect, cancel or otherwise terminate the Learjet Charter Agreement, the Challenger Charter Agreement, the Management Agreement or any subleases of the Learjet or Challenger without giving at least ten (10) days prior written notice to Bank of America of such intended action to permit Bank of America to file with this Court (i) an objection to any such proposed action, and/or (ii) a request for additional adequate protection.

6.      The Debtors shall pay, or cause to be paid, the sum of $323,296.27, which sum represents the amount of "Basic Rent" due under the Learjet Lease and the Challenger Lease for the period from October 8, 2005 through December 6, 2005 which has not previously been paid. The foregoing sum shall be paid in four (4) installments as follows, time being of the essence with respect to each such installment:  (i) the sum of $80,824.07 is payable on December 23, 2005; (ii) the sum of $80,824.07 is payable on March 31, 2006; (iii) the sum of $80,824.07 is payable on June 30, 2006; and (iv) the sum of $80,824.06 is payable on September 30, 2006 provided that Bank of America does not, during this nine-month period, (y) interfere with the Debtors' quiet enjoyment of the Learjet and the Challenger; or (z) file a motion with this Court in these Chapter 11 cases requesting that the Court fix a deadline by which Delphi HR must assume or reject the Learjet Lease or the Challenger Lease and provided further that all remaining portions of such sum shall be paid immediately if Delphi HR (a) breaches any provision of this Consent Order, (b) files a motion to reject the Challenger Lease, the Learjet Lease, or any charter or management agreement related to either the Challenger Aircraft or the Learjet Aircraft, (c) assumes either the Challenger Lease or the Learjet Lease, or (d) confirms a plan of reorganization.

7.      The Learjet Lease and the Challenger Lease are unexpired leases of personal property governed by the provisions of 11 U.S.C. §365 including 11 U.S.C. § 365(d)(10) and are not subject to the provisions of 11 U.S.C. § 1110.

8.      In the event that the Debtors determine to assume or reject the Learjet Lease or the Challenger Lease, the Debtors shall provide Bank of America with ten (10) days' prior notice of that election.

9.      The provisions of this Consent Order are without prejudice to the competing claims and asserted interests of Debtors, Bank of America and Pentastar to and in the approximate sum of $253,000 presently being retained by Pentastar under claim of recoupment (the "Withheld Funds") including, but not limited to, (i) the claims of the Debtors and Bank of America that the Withheld Funds constitute Aircraft Cash Collateral subject to turnover and deposit into the Segregated Account; and (ii) the claim of Debtors and Bank of America that the Withheld Funds and any sums due and to become due under the Learjet Charter Agreement and the Challenger Charter Agreement are not subject to setoff or recoupment by Pentastar.

10.     Nothing in this Consent Order shall impair, modify, expand, alter the character of, or affect any obligations of Delphi Corporation or Delphi Automotive Systems, LLC under any guaranty executed by them concerning the obligations of Delphi HR to Bank of America.

11.     On account of the foregoing adequate protection being provided to Bank of America, Bank of America's request for the Replacement Liens contained in the Motion be, and it hereby is, denied.

12.     This Court shall retain jurisdiction to hear and determine all matters arising under or relating to this Consent Order.

Dated:  New York, New York
      January 12, 2006

                                  /s/ Robert D. Drain
                                  Robert D. Drain
                                  United States Bankruptcy Judge

Consent to the foregoing:
December 23, 2005

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

BANK OF AMERICA, N.A.
By its attorneys,
BARNES & THORNBURG LLP
By:

/s/ Patrick E. Mears
PATRICK E. MEARS (PM-6473)
A Member of the Firm
300 Ottawa Avenue, NW, Suite 500
Grand Rapids, Michigan 49503
(616) 742-3936

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
By its attorneys,
WARNERSTEVENS LLP
By:

/s/ Jeffrey A. Resler
JEFFREY A. RESLER
301 Commerce Street, Suite 1700
Fort Worth, Texas  76102
(817) 810-5250

GRDS01 PMEARS 325472v8