BODMAN LLP
Ralph E. McDowell (P39235) (Admitted Pro Hac Vice)
*rmcdowell@bodmanllp.com*
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7592

Attorneys for Lear Corporation EEDS and Interiors,
Lear Corporation GMBH, and Lear Corporation on
behalf of itself and its subsidiaries

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————/

In re

DPH HOLDINGS CORP., et al

      Reorganized Debtors.

——————————————————————/

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

**RESPONSE OF LEAR CORPORATION EEDS AND INTERIORS, LEAR
CORPORATION GMBH AND LEAR CORPORATION ON BEHALF OF ITSELF
AND ITS SUBSIDIARIES TO REORGANIZED DEBTORS' FORTY-SEVENTH
OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(B) AND FED. R. BANKR. P.
3007 TO (I) DISALLOW AND EXPUNGE (A) CERTAIN ADMINISTRATIVE EXPENSE
BOOKS AND RECORDS CLAIMS, (B) A CERTAIN ADMINISTRATIVE
EXPENSEDUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE EXPENSE
DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS, AND (II) MODIFY
CERTAIN ADMINISTRATIVE EXPENSE SEVERANCE CLAIMS**

      Lear Corporation EEDS and Interiors, Lear Corporation GMBH, and Lear Corporation

(on behalf of itself and its subsidiaries) (collectively, "Lear") states the following in support of

its response to (Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. §

503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge a Certain Administrative

Expense, (A) Certain Administrative Expense Books and Records Claims, (C) Certain

Administrative Expense Duplicate Substantial Contribution Claims, and (II) Modify Certain

Administrative Expense Severance Claims ("Forty-Seventh Omnibus Objection"):

**<u>INTRODUCTION</u>**

1.      On October 8, 2005, Delphi Corporation and various affiliates and/or subsidiaries

(collectively "<u>Debtors</u>") filed a petition for relief under chapter 11 of the United States

Bankruptcy Code.

2.      On July 14, 2009, Lear timely filed the proofs of claim attached as Exhibit A in

the amounts of U.S. $13,615.54 and EUR 98,001 ("First Administrative Expense Claims").  The

First Administrative Expense Claims consist of amounts owing to Lear for goods sold by Lear to

Debtors postpetition through June 1, 2009.  Part of the First Administrative Expense Claim has

been paid by Debtors or Reorganized Debtors.

3.      On November 4, 2009, Lear timely filed the proofs of claim attached as Exhibit B

in the amounts of U.S. $206,739.06 and EUR 3,715,630.26 ("Second Administrative Expense

Claims," and collectively with First Administrative Expense Claims, "Claims").  The Second

Administrative Expense Claims consist of amounts owing for goods sold by Lear to Debtors

postpetition after June 1, 2009 but before October 6, 2009.  Part of the Second Administrative

Expense Claim has been paid by Debtors or Reorganized Debtors.

4.      As of the date of this response, contrary to Reorganized Debtors' contentions that

Reorganized Debtors are not liable for the amounts asserted in the Claims.   Without limitation,

Lear is owed at least $895.50 under the invoice number 13437404 dated March 7, 2007.  Lear

may be owed additional amounts other than those specified above and is working to confirm the

Detroit_1004159_1

total of any additional amounts.    Additionally, attached as Exhibit C, is a listing of certain invoices for which Lear was underpaid by Debtors in the total amount of $2,161.04.  Business representatives from Lear and Debtors have been working to reconcile this discrepancy but have not yet resolved it as of the date of this response.

5.        In the Forty-Seventh Omnibus Objection, Reorganized Debtors seek to disallow the Claims.  Reorganized Debtors assert that either the Claims have been satisfied in the ordinary course of business or because Lear has not proved the allowance of the Claims by a preponderance of evidence.

### RESPONSE TO OBJECTION

6.        In the Forty-Seventh Omnibus Objection, Debtors are asking the Court to disallow the Claims.  The Court should deny this relief because there is no authority allowing it.

7.        Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  As the District Court for the Southern District of New York has stated "'[a] properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim.  To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.'"  *Carey v. Ernst*, 333 B.R. 666, 672 (S.D.N.Y. 2005) *quoting In re Reilly*, 245 BR 768, 773 (2nd Cir. BAP 2000).  *See also In re White*, 168 BR 825, 828-829 (Bankr. D. Conn. 1994) (objecting party may not rebut a claim's prima facie validity by merely stating the amount of the claim is incorrect but must produce evidence to support such argument).

-3-

8.      In the Forty-Seventh Omnibus Objection, Reorganized Debtors do not provide any evidence whatsoever to support their proposed disallowance of the Claims, let alone any evidence sufficient to refute the prima facie validity of the Claims.  Rather, Reorganized Debtors attempt to claim that the Lear must meet initial burden of proving the allowance of the Claims by a preponderance of the evidence.  However, as shown above, the proper standard provides that Reorganized Debtors need to rebut the prima facie validity of the Claims.  Because Reorganized Debtors have not rebutted the prima facie validity of the Claims, the Forty-Seventh Omnibus Objection should be denied with respect to the Claims.

9.      Lear reserves all of its rights and remedies.

## **RELIEF REQUESTED**

THEREFORE, Lear respectfully requests that the Court deny the relief requested under the Forty-Seventh Omnibus Objection as to the Claims.

BODMAN LLP


By:_____/s/_____Ralph E. McDowell_____
          Ralph E. McDowell (P39235)
Attorneys for Lear Corporation EEDS and Interiors,
Lear Corporation GMBH and Lear Corporation on
behalf of itself and its subsidiaries
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
(313) 393-7592

May 12, 2010

Detroit_1004159_1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ***Response of Lear Corporation EEDS and Interiors, Lear Corporation GMBH, and Lear Corporation (on behalf of itself and its subsidiaries) to Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(B) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge a Certain Administrative Expense, (A) Certain Administrative Expense Books and Records Claims, (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, and (II) Modify Certain Administrative Expense Severance Claims*** was electronically filed using the Court's CM/ECF filing system, and that a true and correct copy of the same was served via Federal Express to the parties identified below:

DPH Holdings Corp.
5725 Delphi Drive
(Attn: President)
Troy, Michigan 48098

Skadden Arps Slate Meagher & Flom LLP
155 North Wacker Drive
(Attn: John Wm. Butler, Jr.; John K. Lyons, Michael W. Paul)
Chicago, Illinois 60606

and

The Honorable Robert D. Drain
United States Bankruptcy Judge
The Hon. Chalres L. Brieant Jr.
Federal Buidling and Courthouse
300 Quarropas Street
Courtroom 116
White Plains, New York  10601-4140


                                                 /s/  Ralph E. McDowell
Dated:  May 12, 2010                                     Ralph E. McDowell

Detroit_1004159_1