Hearing Date: May 20, 2010 at 10:00 a.m. (EST)
Objection Deadline:  May 13, 2010

Jason A. Nagi (JN 6891)
POLSINELLI SHUGHART PC
7 Penn Plaza, Suite 600
New York, New York 10001
Tel: (212) 644-2092
Fax: (212) 684-0197

-and-

Paul D. Sinclair
Andrew J. Nazar
POLSINELLI SHUGHART PC
120 West 12th Street
Kansas City, Missouri  64105
(816) 421-3355
Fax: (816) 374-0509

*Attorneys for City of Olathe, Kansas*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**DPH HOLDINGS CORP., et al.,**<br><br>           **Reorganized Debtors.** | **Chapter 11**<br><br>**Case No. 05-44481 (RDD)**<br><br>**(Jointly Administered)** |

**CITY OF OLATHE, KANSAS'S RESPONSE AND OBJECTION TO REORGANIZED
DEBTORS FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION**

COMES NOW, City of Olathe, Kansas ("City of Olathe") an administrative and post-petition creditor of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), debtors and debtors-in-possession in the above-captioned cases (collectively, the "Reorganized Debtors"), who oppose Reorganized Debtors Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bank. P. 3007 to (I) Disallow and Expunge Certain (A) Administrative Expense Books and Records

1

Claims, (B) A Certain Administrative Expense Duplicate Claim, And, (C) Certain Administrative Expense, Duplicate Substantial Contribution Claims, and (II) Modify Certain Expense Duplicate Substantial Contribution Claims and (II) Modify Certain Administrative Expense Claims ("47th Claims Objection") (Docket # 19873) and in support of their opposition state as follows:

## Procedural History of Debtors and Claims

1. On October 8, 2005, (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, Olathe timely and properly filed proofs of claim numbers 14825 and 14826 against DAS LLC and Delphi respectively, which each assert administrative claims in the amount of $835,000 (the "Original Claims") stemming from an environmental clean up and a Corrective Action Plan/Corrective Action agreement.

3. On July 13, 2009, Olathe timely and properly filed an administrative proof of claim as claim number 18541 also in the amount of $835,000 (the "Administrative Claim" and together with the Original Claims, as the "Claims") stemming from the continued environmental clean up and a Corrective Action Plan/Corrective Action agreement.

4. On November 6, 2009, the Reorganized Debtors filed their Thirty-Eighth Omnibus Claim Objection (Docket # 19044) against numerous parties, including the City of Olathe Original Claims (Claim Numbers 14825 and 14826) on the basis that they did not match the Books and Records of the Debtors ("38th Claims Objection"). The 38th Claims Objection seeks to disallow and expunge the Original Claims.

2

5.  On December 7, 2009, the City of Olathe timely and properly filed a response to the 38th Claims Objection, asserting that the CAP and Amendment (as defined below), bound the debtor and the reorganized debtor and that pursuant to their terms a stipulation must be entered between the Debtor and the City of Olathe.

6.  On March 8, 2010, the Reorganized Debtors filed a supplemental response to the City of Olathe's response. (Docket # 19602).

7.  The 38th Omnibus Objection, as it regards the City of Olathe's Original Claims, has been indefinitely adjourned while the Reorganized Debtor and the City of Olathe work on an agreeable stipulation between the parties. (See Agenda Docket # 19693 filed on March 17, 2010 and Notice of Adjournment Docket # 19648).

8.  On April 16, 2010, the Reorganized Debtors filed their 47th Claims Objection objecting to the Administrative Claim of the City of Olathe (Claim 18541) on the basis that it did not match the books and records of the Debtor and seeks to disallow and expunge the Administrative Claim. A response to the Reorganized Debtor's 47th Claims Objection is due May 13th at 4:00 pm Eastern Time.

**Factual History and Basis for Claims**

9.  As described in great detail in the attachments and exhibits to the Claims, the City of Olathe owns property encompassed in what is called the Mill Creek Site ("Mill Creek") located approximately one mile north of downtown Olathe in Johnson County, Kansas. The Kansas Department of Health and Environment ("KDHE"), pursuant to its police power to protect public health and safety, identified the site in 1999 when suspected battery debris was discovered there. Delphi had operated a battery plant in Olathe, which had previously closed. KDHE determined that Delphi and DAS LLC had transported and disposed of battery plant wastes at the city-owned property where at least a portion of which was operated as a landfill for

3

some period of time ending in the mid to late 1950's. In 2000, Olathe and DAS LLC entered into a Consent Order with KDHE to undertake all actions required by the Consent Order, a copy of which is attached to the Claims. The proposed remedy currently required under the Consent Order generally includes the duty to prepare a Comprehensive Investigation Work Plan, a Corrective Action Study ("CI/CAS"), removal of visible battery debris, surface grading, installation of soil/vegetative cover, construction of erosion control structures, installation of perimeter fences, routine maintenance of existing parking areas, long-term environmental monitoring, annual site inspections, and connection of two nearby residences to City water.

10. On May 31, 2000, Olathe and DAS LLC signed the CI/CAS Agreement as defined in the Claims, which is attached to the Claims as Exhibit 2. The agreement provided for sharing of costs between Delphi and Olathe for the CI/CAS. There are numerous exhibits attached to the Claims explaining and documenting the progress and status of the Claims at the time of filing of the Claims. Since the filing the Debtors and Reorganized Debtors have continued to perform under these agreements and have also agreed to amendments to these agreements as documented below.

11. Olathe and DAS LLC entered into a Corrective Action Plan/Corrective Action Funding Agreement: Mill Creek Site, Olathe, Kansas, dated May 6, 2008 ("CAP"), whereby Olathe and DAS LLC agreed to certain procedures and cost sharing arrangements which are stated in the CAP, a copy of which attached hereto as Exhibit A and incorporated herein by this reference.

12. Olathe, DAS LLC, and the Kansas Department of Health and Environment entered into an Amendment to Consent Order on June 9, 2008 ("Amendment") whereby Olathe and DAS LLC agreed to certain remedial actions with the Kansas Department of Health and

4

2680266.01

Environment, which are stated in the Amendment, a copy of which is attached hereto as <u>Exhibit B</u> and incorporated herein by this reference.

13. Delphi and DAS LLC were authorized to enter into the CAP and Amendment, without court approval, pursuant to various Court orders, including, but not limited to the Amended and Restated Order Under 11 U.S.C. §§ 363, 502, and 503 and Fed R. Bankr. P. 9019(b) Authorizing Debtors to Compromise or Settle Certain Classes of Controversy and Allow Claims Without Further Court Approval (Docket # 8401), various other Court orders, and the Bankruptcy Code.

14. Thus Debtor and the Reorganized Debtors have continued to operate under the Consent Order, CI/CAS, CAP, and Amendment and have continued to agree to their terms in the post-petition period as well as demonstrated by the CAP and the Amendment.

**The City of Olathe's Claims Are Adequately Supported, Documented and Viable Claims and the Reorganized Debtors Objection Does Not Present Substantial Evidence to Rebut the Presumption of Validity of the Claims**

15. A properly filed proof of claim is prima facie evidence of the validity and amount of the claim.[1] The party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity.[2] Such evidence must be sufficient to demonstrate a true dispute and must have probative force that is least equal to the contents of the claim.[3] Upon the introduction of sufficient evidence by the objecting party, the burden of proof will fall on whichever party would bear that burden outside of bankruptcy.[4]

16. Under the Bankruptcy Code, a "claim" means among other things:

---

[1] Fed. R. Bankr. P. 3001(f).

[2] *In re Babcock & Wilcox Co.*, 2002 U.S. Dist. LEXIS 15742, at *6 (E.D.La. 2002). *See also, In re Pan*, 209 B.R. 152, 155-56 (D. Mass. 1997).

[3] *In re Wells*, 51 B.R. 563 (D. Colo. 1985) and *Matter of Unimet Corp.*, 74 B.R. 156 (Bankr. N.D. Ohio 1987).

[4] *Raleigh v Illinois Dept. of Revenue*, 530 U.S. 15 (2000).

5

"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured;[5] …"

17. Most payment obligations concerning environmental clean up, even if contingent, are claims.[6] If the claims can be contingent, there is obviously no requirement that these claims appear in the books and records of the debtor to be valid. Particularly, as work on the project is ongoing and subject to change, as reflected by the post-petition amendments and ongoing work, the claims amount is changing as work is completed.

18. The Claims submitted by the City of Olathe contain numerous supporting documents, including an agreed court order, which are now supplemented by the CAP and Amendment which were executed post-petition and are attached hereto, which further strengthen and support the City of Olathe's Claims.

19. Reorganized Debtors' Objection is not a true dispute and, on information and belief, the Reorganized Debtors are seeking to preserve their rights to object and at this time do not have a true objection to the underlying Claims. The Objection does not have the probative force that is equal to the content of the Claims and their supporting documentation, thus it is not substantial evidence in opposition.[7] The Reorganized Debtors' assertion does not overcome the presumption of the validity of City of Olathe's Claims.

20. Any reply to, hearing regarding or any other action taken in regard to the Claims should be mailed and emailed to the following:

---

[5] 11 U.S.C. § 101(5).

[6] *See, In re Chateaugay Corp.*, 944 F.2d 997 (2nd Cir. 1991) and, *Ohio v. Kovacs*, 469 U.S. 274 (1985).

[7] *In re Allegheny International, Inc., et al. v. Daniel Snyder*, 954 F.2d 167, 173-174 (3rd Cir. 1992); *In re Long*, 353 B.R. 1 (Bankr. D. Mass. 2006).

6

        Paul D. Sinclair, Esq.
Andrew J. Nazar, Esq.
Polsinelli, Shughart PC
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, MO 64105
psinclair@polsinelli.com
anazar@polsinelli.com

-and-

Joel R. Mosher, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613
jmosher@shb.com

21.    The City of Olathe reserves the right to amend this response and present other bases for supporting its Claims.

WHEREFORE, the City of Olathe asks this Court to deny the Reorganized Debtors 47th Claims Objection as it regarding the City of Olathe's Claims numbers 18541 and for such other relief as the Court deems just and proper.

Dated:  New York, New York
       May 12, 2010

        Respectfully submitted,

        POLSINELLI SHUGHART P.C.

        By:  */s/  Jason A. Nagi*
            JASON A. NAGI (JN 6891)
            7 Penn Plaza, Suite 600
            New York, New York 10001
            Tel: (212) 644-2092
            Fax No. (212) 684-0197
            jnagi@polsinelli.com

        -and-

2680266.01

    PAUL D. SINCLAIR  (MO #26732)
    ANDREW J. NAZAR  (MO #57928)
    120 West 12th Street
    Kansas City, Missouri 64105
    (816) 421-3355
    Fax (816) 374-0509
    psinclair@polsinelli.com
    anazar@polsinelli.com

-and-

SHOOK, HARDY & BACON, LLP

    Joel R. Mosher
    2555 Grand Blvd.
    Kansas City, Missouri 64108-2613
    (816) 474-6550
    Fax (816) 421-5547
    jmosher@shb.com

ATTORNEYS FOR CITY OF OLATHE, KANSAS

## CERTIFICATE OF SERVICE

I, Jason A. Nagi, hereby certify that on the 12th day of May, 2010, a true and correct copy of the *City of Olathe, Kansas's Response and Objection to Reorganized Debtors Forty-Seventh Omnibus Claims Objection* was served electronically to the interested parties registered to receive ECF notification from the Court, and served overnight by Federal Express to:

| | |
|---|---|
| John Wm. Butler Jr.<br>John K. Lyons<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive, Suite 2700<br>Chicago, IL  60606 | Robert J. Rosenberg<br>Latham & Watkins LLP<br>885 Third Avenue, Suite 1000<br>New York, NY  10022-4834 |
| Kayalyn A. Marafioti<br>Thomas J. Matz<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY  10036 | Brian S. Masumoto<br>Office of the United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, NY  10004-2111 |

    */s/  Jason A. Nagi*