

## CORRECTIVE ACTION PLAN/CORRECTIVE ACTION FUNDING AGREEMENT: MILL CREEK SITE, OLATHE, KANSAS

THIS AGREEMENT is entered into this 6th day of May, 2008, by and between the City of Olathe, Kansas ("City") and Delphi Automotive Systems LLC ("Delphi"). In this Agreement, City and Delphi may be individually referred to as "Party" and collectively as "Parties."

WHEREAS, the Kansas Department of Health and Environment ("KDHE") has requested that the City and Delphi implement a Corrective Action Plan/Corrective Action ("CAP/CA") as defined by the Amendment to Consent Order and its attachments to be executed by the KDHE and the Parties concerning the presence of waste at the Mill Creek Site in Olathe, Kansas (the "Site"); and

WHEREAS, the City currently owns and operates its City Service Center on at least a portion of the Site; and

WHEREAS, the City formerly operated a municipal landfill on at least a portion of the Site; and

WHEREAS, Delphi or its predecessors in interest may be the source of some contamination at the Site; and

WHEREAS, Delphi and City have agreed to work together to address KDHE's request and have selected Delphi to lead the project; and

WHEREAS, the Amendment to Consent Order is expected to bind City and Delphi to the terms and conditions of the Amendment to Consent Order; and

WHEREAS, on October 8, 2005, Delphi and Delphi Corporation filed voluntary petitions 05-44640 under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the Unites States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court"), and

WHEREAS, City has filed Proofs of Claim Nos. 14825 and 14826 against Delphi and Delphi Corporation asserting liability for costs of responding to environmental conditions at the Site addressed by the CAP/CA; and

WHEREAS, Delphi warrants and responds that it is authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, pursuant to that certain Amended and Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

NOW, THEREFORE, in consideration of the foregoing recitals which should be deemed to be a part of this agreement and the following promises and mutual covenants and agreements, the Parties hereby agree as follows:

1. Pursuant to City's and Delphi's responsibilities under the anticipated Amendment to Consent Order, Delphi has engaged and is working with Burns & McDonnell Waste Consultants, Inc., to perform the CAP/CA. Delphi will share with City all relevant information regarding Burns & McDonnell's work. In addition, prior to the submission of Site-related documents to the KDHE, Delphi will give City a reasonable opportunity to review and comment upon such documents.

2. Delphi will act as its own project manager for the CAP/CA at this Site. City will be consulted concerning all such work and must approve all contractors used by the Delphi to accomplish such CAP/CA, it being agreed that such approval will not be unreasonably withheld.

3. City may, at its sole discretion, obtain split samples of any and all samples taken by Delphi and/or its contractors during the course of implementing the CAP/CA.

4. In exchange for the above consideration, City will pay 50% of the cost of (1) the CAP/CA, and (2) KDHE's oversight costs paid pursuant to the Consent Order; Delphi will pay

50% of such costs. City's payments to Delphi for such costs shall be due 45 days after city receives an invoice from Delphi.

5. City's obligations set forth in paragraph 4 shall be subject to the following conditions:

a. City's share of KDHE's oversight costs shall not exceed $25,000.00 ("City Oversight Costs Cap") without City's written approval; and

b. City's share of the cost of the CAP/CA activities, including preparation of the work plans and reports, shall not exceed $375,000.00 ("City CAP/CA Costs Cap") without City's written approval.

6. The Parties acknowledge that KDHE reserves the right to request of City and Delphi that additional tasks be added to the Scope of Work required for the CAP/CA. The costs of such additional tasks shall be allocated between the Parties as set forth in paragraph 4 of this Agreement. No such additional work will be performed without written consensus and approval of City and Delphi.

7. If Delphi or City anticipate that without City's written approval (1) City's share of KDHE's oversight costs will exceed the City Oversight Costs Cap; or (2) City's share of the cost of the work comprising the CAP/CA will exceed the City CAP/CA Costs Cap, Delphi and City shall jointly evaluate the situation, and shall use their best efforts to reach written consensus before performing any such work causing the City Oversight Costs Cap or the City CAP/CA Costs Cap to be exceeded.

8. If one or both Parties are successful in establishing liability on, and collecting funds based on such liability with respect to this Site from a person not a party to this Agreement, any such recovery of funds shall be allocated between the Parties as is set forth in paragraph 4 of this Agreement, unless the Parties agree otherwise in writing, in which case the allocation of such recovery of funds shall be allocated according to such other written agreement.

9. Notwithstanding any provision herein, the Parties recognize and agree that City's obligations shall be subject to the Kansas cash basis law (K.S.A. 10-1101 *et. seq.*) and budget law (K.S.A. 79-2925 *et. seq.*).

10. The Parties agree that this Agreement is made in the spirit of compromise. Nothing in this Agreement shall be considered an admission of any fact or acknowledgment of any liability by any Party; and, nothing herein shall be binding or have any effect on the position of the Parties on any matter other than the Amendment to Consent Order that may be included in any other consent order. This Agreement relates solely to the matters covered under the Amendment to Consent Order, and does not obligate either Party to participate in any other activity relating to the Site.

11. If a court of competent jurisdiction adjudges any portion of this Agreement invalid, the remaining portions of this Agreement will remain valid.

12. This Agreement constitutes the entire agreement between the Parties, and supersedes any previous agreements. Any modification of this Agreement is not valid unless it is in writing and signed by both Parties.

13. Each Party certifies that its signatory to this Agreement can validly bind that signatory's respective Party to all the terms and conditions of this Agreement.

14. City acknowledges that Delphi's obligations under this Settlement Agreement, which shall survive the bankruptcy proceedings and bind the reorganized Delphi, constitute complete satisfaction of Proofs of Claims Nos. 14825 and 14826, which shall be disallowed and expunged pursuant to a joint stipulation and agreed order providing notice of this Settlement Agreement to be filed by the Parties with the Delphi Bankruptcy Court, which satisfaction, disallowance, and expungement shall be effective when said agreed order is final and non-appealable.

WHEREFORE, the Parties enter into this Agreement effective the date set forth in the initial paragraph of this Agreement.

Agreed to for and on behalf of
The City of Olathe, Kansas

By: _____

Title: _____Mayor_____

Date: _____5/6/08_____

Agreed to for an on behalf of
Delphi Automotive Systems LLC

By: _____

Title: DIRECTOR, ENVIRONMENTAL SERVICES

Date: 9 APRIL 2008