Norman D. Orr, Esq.
Kemp Klein Law Firm
201 West Big Beaver Road, Suite 600
Troy, MI 48084-4161
Phone: 248.740.5693
Fax: 248.528.5129
norman.orr@kkue.com

Halperin Battaglia Raicht, LLP
555 Madison Avenue, 9th Floor
New York, NY 10022
Phone: 212.765.9100
Fax: 212.765.0964
ahalperin@halperinlaw.net
Alan D. Halperin, Esq.

Co-Counsel for SHUERT INDUSTRIES, INC.

Hearing Date: July 22, 2010 at 10:00 a.m.
Objection Date: June 7, 2010 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br>**DELPHI CORPORATION, et al.,**<br>　　Debtor. | Chapter 11<br>Case No.: 05-44481 (RDD)<br>(Jointly Administered) |
| **DELPHI CORPORATION, et al.,**<br>　　Plaintiffs,<br>-against-<br>**SHUERT INDUSTRIES, INC.,**<br>　　Defendant. | Adv. Pro.<br>No. 07-02623 (RDD) |

**JOINDER OF SHUERT INDUSTRIES, INC. IN MOTIONS TO: (I)
VACATE CERTAIN PRIOR ORDERS OF THE COURT ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, AND (II)
<u>DISMISS THE COMPLAINT WITH PREJUDICE</u>**

{00127927.5 \ 0785-001}

Defendant, Shuert Industries, Inc. ("Shuert") through its counsel, Kemp Klein Law Firm and Halperin Battaglia Raicht, LLP, hereby joins and adopts with respect to the above captioned adversary proceeding (the "Adversary Proceeding"), the arguments set forth in the following motions (together with the supporting memorandum, the "Motions"):

(a) Motion by Affinia Group Holdings, Inc., Affinia Canada Corp., and Break Parts, Inc. to (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss the Complaint With Prejudice; or (C) In The Alternative, to Dismiss the Claims Against Certain Defendants Named in the Complaint and to Require Plaintiffs to File a More Definite Statement dated April 29, 2010 (Docket No. 19959) ("Affinia Motion")[1], and

(b) Other motions and arguments of other defendants in preference proceedings that seek to set aside the Extension Orders and to dismiss their respective adversary proceedings, including without limitation, the motions listed in Exhibit A.

As such, Shuert seeks entry of an order of this Court vacating, with respect to Shuert, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the following orders of this Court (collectively, the "Orders"):

a. Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548, Or 553 dated August 16, 2007 (the "Preservation of Estate Claims Procedures Order"), and

b. Orders Pursuant to Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order dated March 28, 2008, April 30, 2008, and October 22, 2009 (collectively, the "Extension Orders")

---

[1] Shuert adopts the arguments applicable to its circumstances including, without limitation, the arguments made in Parts IA, I B, II, V, VI, VIIA, VIIB and XI of the Memorandum of Law filed in support of the Affinia Motion (docket no. 19961 in case no. 05-44481 and docket no. 20402 in adversary proceeding 07-02148).

{00127927.5 \ 0785-001}    2

And in connection therewith, Shuert seeks entry of an order of this Court (a) dismissing the Adversary Proceeding with prejudice, pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, or in the alternative, (b) dismissing the Adversary Proceeding with prejudice on the ground that it is barred by judicial estoppel.

2. The Debtors commenced the Adversary Proceeding against Shuert by filing the complaint under seal on September 29, 2007 (the "Complaint"). Thereafter, at various points in time the Debtors filed the Extension Motions[2] to obtain entry of the Extension Orders, without any notice to Shuert, who had an interest in opposing them, to extend the time by which the summons and Complaint must be served for more than two (2) years after the Complaint was filed. Indeed, the summons was not issued until December 8, 2009 and the summons and Complaint were not served upon Shuert until December 17, 2009. Shuert has filed an answer to the Complaint (docket no.13) in which the defenses asserted in this request to dismiss the Adversary Proceeding were plead as affirmative defenses.

3. The Debtors represented to the Court in each of the Extension Motions[3] that:

> Notice of this Motion has been provided in accordance with Supplemental Order Under 11 U.S.C. §§102(1) And 105 And Fed.R.Bankr.P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management And Administrative Procedures Entered March 20, 2006 (docket no. 2883)…

That Order will be referred to as the "Procedures Order". The Procedures Order established, among other requirements, who was to receive notice of motions in the Debtors' Chapter 11 proceedings. The Procedures Order required in Sec. 15 that:

---

[2] Any capitalized terms not defined herein shall have the same meaning as in the Affinia Motion and supporting Memorandum of Law.
[3] See First Extension Motion paragraph 55, Second Extension Motion paragraph 26, Third Extension Motion paragraph 27 and Fourth Extension Motion paragraph 24.

{00127927.5 \ 0785-001}    3

>Every filing shall be subject to the filing and notice procedures described herein (the "Notice Procedures"). All filings shall be served (a) via overnight mail upon all parties with a **particularized interest in the subject of the Filing**… (emphasis added).

4. Despite the Debtors' representations that notice of the Extension Motions was provided in accordance with the Procedures Order, as evidenced by the affidavits of service of the Extension Motions dated August 10, 2007 (Docket 9039), March 4, 2008 (Docket 12,970), April 16, 2008 (Docket 13,415) and October 7, 2009 (Docket 18,967), Shuert never received any such notice of the Extension Motions. As the defendant in the Adversary Proceeding, whose rights were clearly to be affected by the relief sought in the Extension Motions, Shuert had a "particularized interest"[4] in the subject matter of each of the Extension Motions, especially once the Complaint had been filed, which was *before* all except the first of the Extension Motions were filed. Nevertheless, despite its obvious particularized interest, Shuert, like many other Defendants in the various adversary proceedings who were directly affected by the Extension Orders, did not receive any notice of any of the Extension Motions or the Extension Orders and had no opportunity to be heard with respect thereto.[5]

WHEREFORE, Shuert respectfully requests that the Court enter an Order:

a. Vacating the interlocutory Extension Orders pursuant to the Court's discretionary authority because (i) Shuert was denied due process as a result of the Debtors' intentional and repeated failure to provide to Shuert with notice of the Extension Motions, (ii) the Debtors failed to comply with the notice requirement established in the Procedures Order, notwithstanding their repeated representations to this

---

[4] Fed.R.Bankr.P. 7004 and Fed.R.Civ.P. 4(m) established the time within which a defendant must be served with a summons and complaint. It is difficult to conceive how a defendant would not have a "particularized interest" in whether that deadline was to be extended and whether the two year period of limitations contained in 11 USC 546(a) would effectively be circumvented.

[5] At the time the Second Extension Motion had been filed, 742 adversary proceedings had actually been commenced. By the time the Third and Fourth Extension Motions were filed, the number of affected adversary proceedings had been reduced to approximately 174. Serving the defendants in the adversary proceedings, especially once the numbers were reduced to 174, would not have imposed a significant burden upon the Debtors.

{00127927.5 \ 0785-001}    4

Court to the contrary, (iii) cause did not exist to extend the time for service of the Complaint, and/or (iv) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107,

b.  Dismissing the Complaint against Shuert with prejudice pursuant to Fed.R.Civ.P. 56 made applicable to Fed.R.Bankr.P. 7056 on the ground that the Complaint is barred by the applicable two year statute of limitation,

c.  Dismissing the Complaint against Shuert with prejudice on the grounds that it is barred by laches, judicial estoppel and/or res judicata, and

d.  Granting to Shuert such other and further relief as is proper and just.

Dated: May 12, 2010

Respectfully submitted,

SHUERT INDUSTRIES, INC.
By its Counsel,

KEMP KLEIN LAW FIRM

By: /s/ Norman D. Orr
Norman D. Orr (P25310)
201 West Big Beaver Road, Suite 600
Troy, MI 48084-4161
norman.orr@kkue.com
248.740.5693

and

HALPERIN BATTAGLIA RAICHT, LLP

By: /s/ Alan D. Halperin
Alan D. Halperin
555 Madison Avenue, 9th Floor
New York, NY 10022
ahalperin@halperinlaw.net
212.765.9100

{00127927.5 \ 0785-001}    5

# **EXHIBIT A**

1.     Motion by Wagner-Smith Company Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel.

2.     Motion by Microchip Technology Incorporated Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (III) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel.