ALSTON & BIRD LLP
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re: DPH HOLDINGS CORP.,** *et. al.***,**          :    **Chapter 11**
                                                            :
                    **Reorganized Debtors.**          :    **Case No. 05-44481 (RDD)**
                                                            :
                                                            :    **(Jointly Administered)**
------------------------------------------------------------x

**RESPONSE OF FURUKAWA ELECTRIC COMPANY, LTD. TO THE
REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION
PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 TO (I)
DISALLOW AND EXPUNGE (A) CERTAIN ADMINISTRATIVE EXPENSE
BOOKS AND RECORDS CLAIMS, (B) A CERTAIN ADMINISTRATIVE
EXPENSE DUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE
EXPENSE DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS, AND
MODIFY CERTAIN ADMINISTRATIVE EXPENSE CLAIMS**

Furukawa Electric Company, Ltd. ("Furukawa") hereby responds in opposition to

the *Reorganized Debtors' Forty-Seventh Objection Pursuant to 11 U.S.C. § 503(b) and*

*Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge (A) Certain Administrative Expense*

*Books and Records Claims, and (B) Certain Administrative Expense Duplicate Claim,*

*and (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, and*

*(III) Modify Certain Administrative Expense Claims* (the "Claim Objection") [Docket No.

19873].  As to Furukawa, the Claim Objection should be overruled based on the following.

## FACTUAL BACKGROUND

1.      Furukawa is party to various agreements with certain of the above-captioned debtors (the "Debtors").  These agreements include:

a.  "Tacoma License and Technical Support Agreement" ("Technical Consulting Agreement") between Delphi Automotive Systems, LLC ("DAS") and Furukawa;

b.  "Tacoma-Corolla Consulting and Technical Support Agreement" (the "Personnel Consulting Agreement") between DAS and Furukawa; and

c.  "Intellectual Property License, Restricted Use and Technical Assistance Agreement" (the "Joint Venture License Agreement," together with the Technical Consulting Agreement and Personal Consulting Agreement, the "Agreements") between Delphi Technologies, Inc., DAS, Delphi Furukawa Wiring Systems, LLC ("DFWS") and Furukawa.

2.      On July 30, 2009, Furukawa filed the *Motion of Furukawa Electric Company, Ltd. for Allowance of an Administrative Expense Claim, Pursuant to 11 U.S.C. § 503(b)(1)(A) and, in the Alternative, for Leave to File a Late Administrative Expense Claim Pursuant to Bankruptcy Rule 9006(B)* (the "Administrative Expense Motion") [Docket No. 18706], attached hereto as Exhibit A.  In the Administrative Expense Motion, Furukawa asserted among other things, an administrative expense claim of $1,172,119.97 (the "Original Claim") for accrued royalties owed by the Debtors under the Agreements.

3.      Under the Agreements, the Debtors (DAS and DFWS) are required to make royalty payments to Furukawa based on sales generated from use of Furukawa's intellectual property and personnel.   These royalties are calculated by the Debtors, provided to Furukawa and then invoiced by Furukawa for payment.

4.      On April 6, 2010, Furukawa filed the *Supplement to the Motion of Furukawa Electric Company, Ltd. for Allowance of an Administrative Expense Claim, Pursuant to 11 U.S.C. § 503(b)(1)(A) and, in the Alternative, for Leave to File a Late Administrative Expense Claim Pursuant to Bankruptcy Rule 9006(B)* (the " Supplement") [Docket No. 19783], attached hereto as Exhibit B.

5.      Through the Supplement, Furukawa revised the amount of its administrative expense claim to include supplemental amounts, totaling $380,860.00, for royalties that had accrued under the Agreements since the filing of the Administrative Expense Motion.   The amounts included in the Supplement bring Furukawa's total administrative claim to $1,548,770.97 (the "Administrative Claim").   The supplemental amounts are primarily based on a balance sheet provided to Furukawa by the Debtors that showed additional royalties owing to Furukawa under the Joint Venture License Agreement by DFWS.   *See* Exhibit 2 to the Supplement.   Because the Debtors have not provided Furukawa with the amount of additional royalties accrued under the Personnel Consulting Agreement and Technical Consulting Agreement, some of the supplemental amounts are estimated, as noted in the Supplement.   *See* Footnote 5 of the Supplement.

6.      On April 16, 2010, the Debtors filed the Claim Objection and objected to the Administrative Claim on the basis that the amounts asserted therein are not reflected in the Debtors' books and records.

## RESPONSE

7.        The Claim Objection, with respect to Furukawa, is without merit and should be overruled.   The Administrative Expense Motion and Supplement, attached hereto as Exhibits A and B, are incorporated by reference in support of the Administrative Claim.   Furukawa submits that these pleadings, along with the documents attached thereto, satisfy its burden of showing a postpetition transaction that benefited the Debtors.   *See In re Adelphia Bus. Solutions, Inc.,* 296 B.R. 656, 662 (Bankr. S.D.N.Y. 2003) (continuing contractual relationship in the postpetition period satisfies requirement for a postpetition transaction); *Bethlehem Steel Corp. v. BP Energy Co. and Conoco Inc. (In re Bethlehem Steel Corp.)*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003) ("There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate.").

8.        Moreover, Furukawa is confused as to how the Debtors assert that the Administrative Claim is not reflected in their books and records when it is based on records provided *by the Debtors (DFWS in particular).*   The Administrative Expense Motion and Supplement include several items of documentation provided by the Debtors that confirm (i) the Debtors' liability for the royalty payments and (ii) the amounts owing.     This includes an e-mail communication, dated January 21, 2010, from representatives of the Debtors to Furukawa that states an outside payable of $1,464,396.00 is owing to Furukawa under the Joint Venture License Agreement.   *See* Exhibit C attached hereto and Exhibit 2 to the Supplement.

9.      Attached hereto as <u>Exhibit C</u> are additional documents showing royalty calculations provided to Furukawa by the Debtors relating to the Personnel Consulting Agreement and Technical Consulting Agreement.

10.     Additionally, Furukawa notes that the Claim Objection scheduled the Administrative Claim against Delphi Corporation.   This is also confusing.    The Administrative Expense Motion clearly stated that the Administrative Claim was against the debtors that are party to the Agreements - DAS and DFWS.    *See* Section 3.1 of Exhibit 1 to the Administrative Expense Motion (obligating DAS to pay royalties to Furukawa pursuant to the Technical Consulting Agreement); Section 11.1 of Exhibit 3 to the Administrative Expense Motion (obligating DAS to pay royalties to Furukawa pursuant to the Personnel Consulting Agreement); Section 6.1 of Exhibit 5 to the Administrative Expense Motion (obligating DFWS to pay royalties to Furukawa pursuant to the Joint Venture License Agreement).

11.     To the extent that the Debtors' assert that the Administrative Claim should be disallowed because it is not reflected in the books and records of Delphi Corporation, this basis for objection is without merit.  Furukawa agreed to adjourn the original August 20, 2009 hearing date on the Administrative Expense Motion at the Debtors' request in hopes of consensually resolving the Administrative Claim and other related issues. During this time, Furukawa engaged in discussions with representatives of DAS and DFWS regarding the Administrative Claim.  The Debtors, and their counsel, are fully aware that the Administrative Claim was not filed against Delphi Corporation.

## RESERVATION

12.     Finally, based on the parties nine-month discussions and the records provided by the Debtors, Furukawa believes that the established procedures for claim objections are not appropriate here and should not be applied to the resolution of the Administrative Claim.   Accordingly, Furukawa reserves its right to seek relief from the Court with respect to those procedures.

WHEREFORE, for the reasons stated above, Furukawa respectfully requests that this Court deny the Claim Objection as to the Administrative Claim and grant such other relief as the Court deems appropriate.

Respectfully submitted, this 12th day of May 2010.

ALSTON & BIRD LLP

/s/ Dennis J. Connolly
Dennis J. Connolly (DC-9932)
David A. Wender (admitted *pro hac vice*)

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone (404) 881-7000
Facsimile (404) 881-7777

*Counsel for Furukawa Electric Company, Ltd.*