Hearing Date And Time: May 20, 2010 at 10:00 a.m. (prevailing Eastern time)
Response Date And Time: May 13, 2010 at 4:00 p.m. (prevailing Eastern time)

WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.
and
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth Law, Esq. (Calif. Bar No. 111779)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)

*Attorneys for Creditor United Parcel Service, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>DPH HOLDINGS CORP. *et. al.*,<br><br>Reorganized Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**DECLARATION OF WADE WITT IN SUPPORT OF UNITED PARCEL SERVICE, INC.'S RESPONSE TO REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION (CLAIM NO. 19082)**

I, Wade Witt, declare:

1.  I am the Collections Manager of UPS Ground Freight, Inc., d/b/a UPS Freight ("UPS Freight"), and I am the most knowledgeable person regarding the claim of Creditor United Parcel Service, Inc. ("UPS"). I am authorized to execute this Declaration by UPS in the capacity of the most knowledgeable person regarding these facts, events, and/or transactions. If called upon as a witness herein, I could and would competently testify to the facts, events, and transactions based on my own personal knowledge of those facts, events and transactions.

2. UPS is the owner of the subject claim objected to by the Debtor. UPS Freight is a wholly owned subsidiary of Overnite Corporation, which is a wholly owned subsidiary of United Parcel Service of America, Inc., which is a subsidiary of UPS.

3. In my official capacity as Collections Manager for UPS Freight, I have access to, and I am familiar with, the documents which are attached to this Declaration as Exhibits "A" and "B", respectively. To the best of my knowledge, these documents were received, generated, recorded, and/or compiled in the ordinary course of business of UPS. Further, the documents appear to have been prepared at the time of, or near the time, that the information was received or the event or transactions actually took place. It is my standard operating practice to preserve these documents in a place of safekeeping under my office's control. I have personal access to the documents and their continued safekeeping is maintained under my supervision and direction.

4. On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates, predecessors of the Reorganized Debtors, filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code, [11 U.S.C. §§101-1330], as amended.

5. UPS and its subsidiaries provided shipping services to the Reorganized Debtors following the Petition date. UPS' records show open Invoices due by the Reorganized Debtors in the amount no less than $74,758.98 for services provided from the Petition date through the date of this Declaration.

6. Attached hereto as Exhibit "A" is a summary of open Invoices (the "Schedule") due to UPS by the Reorganized Debtors. The Schedule is a summary of the actual Invoices containing the information set forth in the schedule and completely, truthfully and accurately describes the amount due to UPS by the Reorganized Debtors as of the date of this Declaration.

7. Attached hereto as Exhibit "B" are true and correct copies of the Invoices referenced in the Schedule. The Invoices set forth the amount due to UPS by the Reorganized Debtor as of the date of this Declaration

8. For the reasons set forth above, UPS requests that its Administrative Claim be allowed in an amount of no less than $74,758.98.

This Declaration was executed May /2, 2010 in RICHMOND, Virginia. I declare under penalty of perjury that the foregoing is true and correct.

_Wade W. Witt_
Wade Witt