**FOLEY & LARDNER LLP**
JUDY A. O'NEILL (admitted *pro hac vice*)
DEREK L. WRIGHT
321 N. Clark Street, Suite 2800
Chicago, IL  60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  joneill@foley.com
Email:  dlwright@foley.com

Attorneys for Inteva Products, LLC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DPH HOLDINGS CORP., et al., ) | Case No. 05-44481 (RDD) |
| ) | |
| Reorganized Debtors. ) | (Jointly Administered) |
| ) | |

**INTEVA PRODUCTS, LLC'S RESPONSE TO REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(B) AND FED. R. BANKR. P. 3007 TO (I) DISALLOW AND EXPUNGE (A) CERTAIN ADMINISTRATIVE EXPENSE BOOKS AND RECORDS CLAIMS, (B) A CERTAIN ADMINISTRATIVE EXPENSE DUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE EXPENSE DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS, AND (II) MODIFY CERTAIN ADMINISTRATIVE EXPENSE CLAIMS**

Inteva Products, LLC ("Inteva"), by and through its attorneys, Foley & Lardner LLP, files this Response (the "Response") to the above-captioned Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow and Expunge (A) Certain Administrative Expense Books and Records Claims, (B) a Certain Administrative Expense Duplicate Claim, and (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, and (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Objection").  In support of this Response, and in support of Inteva's July 13, 2009 proof of administrative expense claim, Inteva respectfully states as follows:

I.  **BACKGROUND**

   A.  **Inteva's Business Relationship with the Debtors**

   1.  On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). On June 1, 2009, the Debtors sought approval of certain modifications to a plan of reorganization that was confirmed on January 25, 2009 (the "Modified Plan"). This Court entered an order approving the Modified Plan on July 30, 2009.

   2.  On October 6, 2009, the Debtors substantially consummated the Modified Plan and the Effective Date occurred.

   3.  On April 16, 2010, the Reorganized Debtors filed their Forty-Seventh Omnibus Objection.

   4.  The Debtors were in the business of, among other things, manufacturing certain automobile parts. Inteva supplied automotive parts to the Debtors and continued to supply the Debtors up and until the Debtors sold their Interiors and Closures Business (the "Business") to Inteva pursuant to a Master Sale and Purchase Agreement dated as of October 15, 2007 (the "MSPA"). The MSPA closed on March 1, 2008 (the "Closing"). Upon the Debtors' sale of the Business, Inteva no longer supplied parts to the Debtors.

   B.  **Inteva's Claim Against the Debtors**

   5.  On July 13, 2009, Inteva filed a timely administrative expense claim against the Debtors, claim number 19136, in the amount of $16,701.76 (the "Claim").[1] The Claim is based

---

[1] Inteva also filed claim numbers 19134 in the amount of $10,377.60 and 19135 in the amount of $170,000.00 to which the Reorganized Debtors have also objected through the Forty-Seventh Omnibus Objection. Since filing claim numbers 19134 and 19135, such claims have been resolved by the parties.

CHIC_4788462.2                                    2

on amounts owed to International Truck and Engine Company ("ITEC") due to overpayments ITEC made to the Debtors (the "ITEC Overpayments") pursuant to its supply contract with the Debtors (the "ITEC Contract"). Specifically, on or around March 17, 2008, ITEC paid the Debtors for certain outstanding invoices issued by the Debtors prior to the Closing pursuant to the ITEC Contract. On or about May 12, 2008, ITEC inadvertently paid the Debtors for those same invoices a second time. The total amount of the overpayments is $16,693.76.[2] Attached as Exhibit A are ITEC's accounting records showing the duplicate ITEC Overpayments and the May 12, 2008 check from ITEC to the Debtors that included the ITEC Overpayments.

6.   Once ITEC became aware of the ITEC Overpayments, it attempted to deduct the amount of the Overpayments from payments to the Debtors but could not because the ITEC Contract had already been assumed by Inteva pursuant to the MSPA (See ITEC's (f/k/a Navistar, Inc.) Letter to the Debtors attached hereto as Exhibit B). As a result, ITEC has now given Inteva notice that it will deduct the amount of the ITEC Overpayments from payments ITEC will make to Inteva under the assumed ITEC Contract.

7.   The Debtors are liable for the ITEC Overpayments under the MSPA. Specifically, Section 11.3.2 of the MSPA provides that the Debtors must indemnify Inteva for all losses arising out of a Retained Liability including "any Liabilities associated with Excluded Assets." (emphasis added). Under Section 2.1.3 C. of the MSPA, Excluded Assets include all "Accounts Receivable of the Business as of Closing." The ITEC Overpayments made to the Debtors are liabilities associated with accounts receivable of the Business as of Closing and

---

[2] The Claim filed in the amount of $16,701.76 is overstated by $8.00 and Inteva hereby agrees that the proper amount should be $16,993.76 which is the total amount of the ITEC Overpayments.

therefore, Inteva has a valid claim against the Debtors for any liability based on the ITEC Overpayments.

### C. The Objection to the Claim

8. On April 16, 2010, the Reorganized Debtors, filed the Forty-Seventh Omnibus Objection, objecting to the Claim. The Reorganized Debtors did not provide any evidence in support of their objection to the Claim. Rather, the Reorganized Debtors' sole basis for objecting to the Claim is that the Claim "assert[s] liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' book and records." *See* Forty-Seventh Omnibus Objection at ¶ 14.

## II. ARGUMENT

9. A timely-filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Oneida Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion."). To prevail on an objection to a proof of claim, any party objecting to the claim "has the burden of putting forth evidence sufficient to negate the prima facie validity of the claim by refuting one or more of the facts in the filed claim." *In re St. Johnsbury Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997); *see also Oneida*, 400 B.R. at 389 (finding that the burden only shifts to the claimant if the objector produces "evidence equal in force to the prima facie case…which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency) (quoting, *In re Allegheny Intern., Inc.,* 954 F.2d 167, 173-174 (3d Cir. 1992)).

10. Here, the Claim is prima facie valid as it was timely filed and along with the documents attached hereto and the MSPA to which the Debtors are a party, contains supporting

documentation for the amounts included in the proof of claim.  In contrast, the only evidence that the Reorganized Debtors have submitted in support of their objection to the Claim is the conclusory assertion that the Claim is not owed based on the Reorganized Debtors' books and records.  The Reorganized Debtors' mere assertion that the Claim is subject to disallowance does not rebut the prima facie validity of the Claim.  The Reorganized Debtors' objection to the Claim therefore should be disallowed with prejudice.[3]

WHEREFORE, Inteva respectfully requests that this Court enter an Order: (i) allowing the Claim as an administrative expense against the Debtors in the amount of $16,993.76 (ii) overruling the Reorganized Debtors' objection to the Claim and (iii) granting Inteva such other relief as this Court deems just and proper.

Dated:  May 12, 2010                                  Respectfully submitted,

                                                      INTEVA PRODUCTS, LLC

                                                      By:   /s/ *Judy A. O'Neill*
                                                            One of Its Attorneys

FOLEY & LARDNER LLP
Judy A. O'Neill (admitted *pro hac vice*)
Derek L. Wright
321 North Clark Street
Suite 2800
Chicago, Illinois 60654
Telephone: (312) 832-4500
Facsimile:  (312) 832-4700

---

[3] Inteva reserves the right to submit additional evidence in support of the Inteva Claim in the event that this matter proceeds to a contested hearing.

# EXHIBIT A

| Monthly In | 12294 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Unit | Voucher | Acctg Date | Invoice | Date | Vendor | Gross Amt | Amount | Reference | Date | Pay Status | Close Status |
| 01100 | 00062737 | 1/25/2008 | 00143 | 1/16/2008 | 35552 | 919.040 | 919.040 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00077305 | 5/9/2008 | 00143A | 1/16/2008 | 35552 | 919.040 | 919.040 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00079025 | 5/20/2008 | 00143A_A2R | 1/15/2008 | 35552 | -919.040 | -919.040 | | | | Open |
| 01100 | 00063003 | 1/25/2008 | CS800054 | 1/15/2008 | 35552 | 130.800 | 130.800 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00077612 | 5/9/2008 | CS800054A | 1/15/2008 | 35552 | 130.800 | 130.800 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00079153 | 5/21/2008 | CS800054A_A2R | 1/15/2008 | 35552 | -130.800 | -130.800 | | | | Open |
| 01100 | 00062736 | 1/25/2008 | 00137 | 1/16/2008 | 35552 | 211.200 | 211.200 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00077304 | 5/9/2008 | 00137A | 1/16/2008 | 35552 | 211.200 | 211.200 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00079024 | 5/20/2008 | 00137A_A2R | 1/16/2008 | 35552 | -211.200 | -211.200 | | | | Open |
| 01100 | 00062928 | 1/25/2008 | 52102945 | 1/16/2008 | 35552 | 4479.120 | 1046.880 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00062928 | 1/25/2008 | 52102945 | 1/16/2008 | 35552 | 4479.120 | 815.040 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00062928 | 1/25/2008 | 52102945 | 1/16/2008 | 35552 | 4479.120 | 2617.200 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00077533 | 5/9/2008 | 52102945A | 1/16/2008 | 35552 | 4479.120 | 1046.880 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00077533 | 5/9/2008 | 52102945A | 1/16/2008 | 35552 | 4479.120 | 815.040 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00077533 | 5/9/2008 | 52102945A | 1/16/2008 | 35552 | 4479.120 | 2617.200 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00078828 | 5/19/2008 | 52102945A_A2R | 1/16/2008 | 35552 | -4479.120 | -1046.880 | | | | Open |
| 01100 | 00078828 | 5/19/2008 | 52102945A_A2R | 1/16/2008 | 35552 | -4479.120 | -815.040 | | | | Open |
| 01100 | 00078828 | 5/19/2008 | 52102945A_A2R | 1/16/2008 | 35552 | -4479.120 | -2617.200 | | | | Open |
| 01100 | 00062739 | 1/25/2008 | 00398293 | 1/16/2008 | 35552 | 10953.600 | 369.600 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00062739 | 1/25/2008 | 00398293 | 1/16/2008 | 35552 | 10953.600 | 10584.000 | 04015040 | 3/17/2008 | Paid | Open |
| 01100 | 00077307 | 5/9/2008 | 00398293A | 1/16/2008 | 35552 | 10953.600 | 369.600 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00077307 | 5/9/2008 | 00398293A | 1/16/2008 | 35552 | 10953.600 | 10584.000 | 04017106 | 5/12/2008 | Paid | Open |
| 01100 | 00079019 | 5/20/2008 | 00398293A_A2R | 1/16/2008 | 35552 | -10953.600 | -369.600 | | | | Open |
| 01100 | 00079019 | 5/20/2008 | 00398293A_A2R | 1/16/2008 | 35552 | -10953.600 | -10584.000 | | | | Open |

Vendor Invoices Waiting to Pay

| Vendo | Pym | Add | Vendor Name | Bus Unit | Voucher | Invoice No | Inv Date | Date Entered | Due Date | Inv Amt | Inv Curr |
|---|---|---|---|---|---|---|---|---|---|---|
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00103202 | LD01108091502 | 6/17/2008 | 11/22/2008 | 11/24/2008 | -97.000 | USD |
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00103201 | LD01108080878 | 1/2/2008 | 11/22/2008 | 11/24/2008 | -250.000 | USD |
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00079279 | BR2008007237 | 5/16/2008 | 5/21/2008 | 7/15/2008 | -648.200 | USD |
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00079153 | CS800054A_A2R | 1/15/2008 | 5/21/2008 | 5/21/2008 | -130.800 | USD |
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00079019 | 00398293A_A2R | 1/16/2008 | 5/20/2008 | 5/20/2008 | -10953.600 | USD |
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00079024 | 00137A_A2R | 1/16/2008 | 5/20/2008 | 5/20/2008 | -211.200 | USD |
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00079025 | 00143A_A2R | 1/16/2008 | 5/20/2008 | 5/20/2008 | -919.040 | USD |
| 35552 | AX | 1 | DELPHI AUTOMOTIVE SYSTEMS | 01100 | 00078828 | 52102945A_A2R | 1/16/2008 | 5/19/2008 | 5/19/2008 | -4479.120 | USD |

-17688.960

{ Duplicate payments.

Per Rachel -
start w/
dup payments.

JD debits & BR debit
to collect.



| Location | Acct # | Original Acct # | Check # | Original Check # | Amount | Original Amount | Issue Date |
|---|---|---|---|---|---|---|---|
| CD | 913210 | 913210 | 4017106 | 4017106 | $20,481.28 | $20,481.28 | 5/12/2008 |

| Paid Date | Original Paid Date | Sequence | | Customer Data | R/T Number | Original R/T Number | |
|---|---|---|---|---|---|---|---|
| 5/16/2008 | 5/16/2008 | 520450300 | | | 999999999 | 999999999 | |

| GL Category | CD VoiID/CIMS Key | | CD Label | Process Control | | | |
|---|---|---|---|---|---|---|---|
| | 08060410974501 | | 08060410974501 | 000000 | | | |

# EXHIBIT B

9/10/2008

Delphi Safety & Interior Systems   35552AX
PO BOX 1042
DAYTON, OH  45401
US

SUBJECT:  Outstanding Debit Balance on Account

Dear Sir and/or Madame

We show an outstanding debit balance on your account. Enclosed please find copies of the documentation to support this claim. We have been unable to deduct this amount from a payment to you. We are requesting that you remit to us a check in the amount of $17,691.69. This would cover your negative balance.

**To insure proper credit, please send your check to my attention at the address that appears in our letterhead.**

If you have any questions or comments, please contact me by email at deana.lake@navistar.com, fax to 865-450-4050, or by phone 865-558-1979.

Thank you in advance for your prompt attention to this matter.

Sincerely,


Deana Lake
AP Specialist
Navistar, Inc.