MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 496-7591
Stephen LaPlante
Timothy Engling
Marc Swanson
Email: swansonm@millercanfield.com

Attorneys for Autoliv ASP, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
    In re:                                                :         Chapter 11
                                                      :
DPH HOLDINGS CORP, et. al.,                :         Case No. 05-44481-RDD
                                                      :
                Reorganized Debtors.    :
------------------------------------------------------------------------X

**AUTOLIV ASP, INC'S RESPONSE TO THE REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. §503(b) AND FED R. BANK. P. 3007 TO (I) DISALLOW AND EXPUNGE CERTAIN ADMINISTRATIVE EXPENSE BOOKS AND RECORDS CLAIMS, (B) A CERTAIN ADMINISTRATIVE EXPENSE DUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE EXPENSE DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS, AND (II) MODIFY CERTAIN ADMINISTRATIVE EXPENSE CLAIMS ("FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION")**

       Autoliv ASP, Inc. ("Autoliv"), by and through its undersigned counsel, Miller, Canfield,

Paddock and Stone, P.L.C, states as follows in support of its Response to the Debtors' Forty-

Seventh Omnibus Claims Objection:

**INTRODUCTION**

       1.      Autoliv is a developer, manufacturer, and supplier of automotive safety products

including frontal airbags, knee airbags, anti-sliding airbags, and side impact inflatable curtain

airbags. Autoliv's patented safety devices include side impact inflatable curtain airbags covering

the upper part of an automobile's side, cushioning the heads of passengers seated next to that

side. Autoliv's administrative claim stems from the Debtors' post-petition infringement upon certain patents Autoliv developed that are related to its safety devices, such as its side impact inflatable curtain airbags.

## BACKGROUND

2.   On July 15, 2009, Autoliv filed an administrative claim in the Debtors' bankruptcy cases in the amount of $1,069,444 ("Administrative Claim").  The Administrative Claim is attached as Exhibit A and has been assigned Claim Number 19151.  Autoliv hereby amends the amount of its Administrative Claim to $1,083,611 because the Debtors' infringement continued through October 6, 2009 ("Effective Date") and the deadline to file administrative claims occurred several months prior to the Effective Date.

3.   By notice dated April 16, 2010, the Debtors objected to the Administrative Claim asserting that the Administrative Claim was not contained on the Debtors' books and records ("Objection").

## ARGUMENT

**The Debtors Do Not Provide Sufficient Support for their Books and Records Objection**

4.   Pursuant to the procedures proposed by the Debtors and approved by this Court, administrative claims were filed through a process that is similar to that used for prepetition proofs of claim. Given that the Debtors have requested that an administrative claim be filed and objected to pursuant to procedures used for proofs of claims, it is important to note that "the objecting party must then produce evidence rebutting the claimant or else the claimant will prevail." *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988). *See also In re Rockefeller Center Properties,* 241 B.R. 804 (Bankr. S.D.N.Y. 1999); *Riverbank, Inc. v. Make Meat Corp.*

*(In re Make Meat Corp.)*, No. 98 Civ. 4990, 1999 U.S. Dist. LEXIS 3974 (S.D.N.Y. Mar. 31, 1999)(stating that "[a] mere objection by the debtor, therefore, does not end the inquiry. Once the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim."); *In re Lehning,* No. 05-16245, 2007 Bankr. LEXIS 1462 *9 (Bankr. N.D.N.Y. Apr. 20, 2007)(explaining that "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency")(internal quotations omitted).

5. Specifically, a debtor must rely on more than the mere assertion that its books and records reflect a different amount for the claim in order to rebut the presumption of validity to the claim. *In re Protected Vehicles, Inc.*, No. 08-00783-dd, 2009 Bankr. LEXIS 1689, *4 (Bankr. D.S.C. Jan. 29, 2009)(noting that the debtor must assert a specific defense to liability, such as accounting summaries reflecting payments or other credits not acknowledged by the creditor); *see also In re Enron Creditors' Recovery Corp.*, No. 01-16034, 2007 Bankr. LEXIS 2969 (Bankr. S.D.N.Y. Aug. 28, 2007)(unpublished opinion)(holding that the debtor's statement that its books and records did not reveal a debt due and owing to the creditor was not "substantial evidence" sufficient to rebut the prima facie validity of the claim); *Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005)(a court will disallow a claim only if the debtor provides some substance to its objection).

6. The Objection merely states that the Administrative Claim "assert liabilities and dollar amounts that are not reflected on the [Debtors'] books and records."

7. As stated by the court in *In re Enron Creditors Recovery Corp.*, 2007 Bankr. LEXIS 29269, the Debtors' statement that their books and records do not reveal a debt due and

owing is not sufficient to rebut the prima facie validity of the Administrative Claim. Accordingly, the Debtors' unsupported assertion is not sufficient to sustain the Objection.

**<u>The Administrative Claim is Valid</u>[1]**

8.    To the extent that the Objection is not overruled on the grounds of insufficient evidence, the Administrative Claim is a valid claim based upon the Debtors' post-petition infringement of certain Autoliv's patents. Claims arising from patent infringement are treated as administrative claims to the extent that the infringement occurs post-petition. *Caradon Doors & Windows, Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 447 F.3d 461, 464 (6th Cir. 2006) (citing *Carter-Wallace, Inc. v. Davis-Edwards Phamacal Corp.*, 442 F.2d 867, 874 (2d Cir. 1971)); *see also In re Spansion*, 418 B.R. 84, 92 (Bankr. D. Del. 2009) (noting that a victim of patent infringement may "seek an administrative claim for post-petition damages").

9.    From the date of Debtors' bankruptcy filing through the Effective Date, the Debtors infringed upon at least five separate Autoliv patents (collectively, the "<u>Patents</u>"): (1) US Patent 5,788,270; (2) US Patent 6,623,031; (3) US Patent 6,494,480; (4) US Patent 6,099,029; and (5) US Patent 6,402,192, by making, offering, selling and using safety devices, airbags and inflatable curtains that embody the patent inventions. Copies of each of the Patents are attached as Exhibits B-F.

10.    The Patents were legally issued to Autoliv Development AB, an affiliate of, and licensor to, Autoliv ASP, Inc., for inventions relating to safety devices, air bags and inflatable

---

[1] This is offered as the concise statement required pursuant to the Claims Objection Procedure Order.

curtains. Autoliv owned the Patents throughout the period of the Debtors' infringing acts and still owns the Patents.

11. On December 11, 2009, Autoliv purchased the Delphi division that was infringing on the Patents.

12. The Patents relate to Autoliv's safety devices, including side impact inflatable curtain airbags. Two types of inflatable curtains are used in the side impact inflatable curtain airbags. One type is designed to absorb the energy of a direct side impact. The other type of curtain is used to provide energy absorption for up to six seconds in roll-over crashes.

13. The inflatable curtains are stored in the headliner above the automobile's doors. When deployed, the cells of the inflatable curtain are inflated in less than 25 milliseconds. The inflation makes the curtain deploy in the passenger compartment, providing protection between the occupant's head and any hard objects.

14. The core feature to the side impact inflatable curtain airbags is their contour. There are two layers of fabric that are connected with the periphery of the fabric. The contour forms an inflatable space within the two fabric layers. Within the periphery there are also connection points that form the contour of the side impact inflatable curtain airbags.

15. The following products manufactured by the Debtors infringe upon one or more of the Patents:

    (a)    Model Code: GMT 265; Car Brand and Name: Cadillac SRX

    (b)    Model Code: GMT 360; Car and Brand Name: Chevrolet Trailblazer, GMC Envoy, Oldsmobile Bravada, Isuzu Ascender, Saab

    (c)    Model Code: GMT 370; Car and Brand Name: Chevrolet Trailblazer XL, GMC Envoy XL

        (d)        Model Code: GMX 295; Car and Brand Name: Cadillac STS

        (e)        Model Code: GMT 191; Car and Brand Name: Chevrolet Equinox

        (f)        Model Code: GMT 192; Car and Brand Name: Pontiac Torrent

        (g)        Model Code: GMT 193; Car and Brand Name: Suzuki XL-7

        (h)        Model Code: GMT 345; Car and Brand Name: Hummer H3

16. The Affidavit of Dana Wold filed in support of this Response and attached as Exhibit G provides several examples of the Debtors' infringement.

17. Autoliv is entitled to an administrative claim in the amount of $1,083,611 due to the Debtors' infringement of the Patents.

18. Autoliv reserves its right to supplement this response and/or to provide certain confidential, proprietary or otherwise protected information to the Debtors subject to appropriate confidentiality restraints.

## CONCLUSION

WHEREFORE, Autoliv respectfully requests that this court deny the Objection and at the conclusion of the claims resolution process enter an order granting Autoliv an allowed administrative claim in the amount $1,083,611.

Dated: May 12, 2010

Respectfully Submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By: /s/    Marc N. Swanson
    Stephen LaPlante (P48063)
    Timothy Engling ( IL No. 6229213)
    Marc Swanson (P71149)
    Attorneys for Autoliv ASP, Inc.
    150 West Jefferson Avenue, Suite 2500
    Detroit, MI 48226
    Telephone: (313) 496-7591
    Fax: (313 )496-8452
    Email: swansonm@millercanfield.com