Courtney E. Barr, *admitted pro hac vice* (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 443-0700
Fax: (312) 443-0336

-and-

Shalom Jacob
Casey B. Howard
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel:  (212) 415-8600
Fax: (212) 303-2754

*Counsel for Methode Electronics, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 [RDD] |
| Debtors, | (Jointly Administered) |

-------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 07-02432 [RDD] |
| METHODE ELECTRONICS INC., | |
| Defendant. | |

-------------------------------------------------x

## METHODE ELECTRONICS, INC.'S OBJECTION TO THE
## REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER

Methode Electronics, Inc. ("Methode"), the defendant in the above-captioned

adversary proceeding, by and through its attorneys, Locke Lord Bissell & Liddell LLP, submits

this objection to the Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings (the "Case Management Motion") and respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Methode is not opposed to the entry of a case management order that will streamline procedures to facilitate the efficient resolution of the Reorganized Debtors' adversary proceedings.  However, Methode objects to the Case Management Motion insofar as it seeks approval of Paragraphs 3, 4, 6, 8, 9, and 10 of the proposed Case Management Order submitted with that Motion (the "Proposed Order").  Those provisions of the Proposed Order unduly limit the discovery available to Methode and impose unnecessary procedural hurdles that threaten Methode's use of, and access to, the discovery process.  Accordingly, Methode requests that the Court deny the Case Management Motion to the extent it seeks approval of Paragraphs 3, 4, 6, 8, 9 and 10 of the Proposed Order.

## BACKGROUND

2.      On October 8, 2005 and October 14, 2005, the Plaintiffs filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Plaintiffs' chapter 11 cases were subsequently jointly administered.

3.      By Order entered August 16, 2007 [Docket #9105], the Court granted the Debtors' motion to commence a series of preference actions (under seal) and extend time by which the Debtors would serve process (the "Service of Process Deadline") for almost sixty (60) days beyond the 120-day statutory deadline, or March 31, 2008.

4.      Prior to the expiration of the statute of limitations in October 2007, the Debtors filed 742 preference actions under seal.  Among those actions was the above-referenced adversary proceeding against Methode, which was instituted on September 28, 2007 by the

Debtors' filing of the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547

and 550 (the "Complaint") against Methode.  The Complaint seeks the avoidance and recovery

of twenty alleged preferential transfers made to Methode totaling $19,725,590.06 pursuant to

sections 547 and 550 of the Bankruptcy Code.

5.      By Orders entered on March 28, 2008 [Docket #13277], April 30, 2008 [Docket

#13484] and October 22, 2009 [Docket #18999], the Court granted three additional motions of

the Debtors for open-ended extensions of the Service of Process Deadline until 180 days after

substantial consummation of a modified plan of reorganization.

6.      Of the 742 preference actions filed, Methode understands that the Debtors have

chosen to serve complaints on and pursue approximately 177 adversary proceedings.

7.      The Debtors served the Complaint on Methode in March 2010, nearly 2.5 years

after the commencement of the underlying adversary proceedings.

8.      On March 17, 2010, the Case Management Motion was filed.

## **ARGUMENT**

9.      Methode objects to Paragraph 3 of the Proposed Order, which would exempt all

parties from the initial disclosure requirements of Bankruptcy Rule 7026(a)(1).  Initial

disclosures are essential to helping the parties identify witnesses and discoverable information.

The Debtors filed this Complaint over two and one-half years ago and have had ample time to

prepare the disclosures required by Federal Rule of Civil Procedure 26(a)(1), as incorporated by

Rule 7026 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").  Moreover,

the Debtors will eventually have to provide the discovery required by Federal Rule of Civil

Procedure 26(a)(1) whether as initial disclosures or through some other discovery mechanism.

Quite simply, the Debtors have not provided adequate justification for exempting Debtors from

the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1).

10.     Methode objects to Paragraph 4 of the Proposed Order, which would require all parties to seek the Court's approval, by telephone conference, before filing *any* motion.  The Court's Local Bankruptcy Rules already require pre-motion conferences for certain types of motions.  <u>See</u> Local Bankruptcy Rules 7007-1 and 7056-1.  There is no need to expand the local rules to all motions, as that would only cause unnecessary delay.

11.     Methode objects to Paragraph 6 of the Proposed Order, which would limit each party to twenty (20) Requests for Production of Documents, including subsets and subparts.  The Bankruptcy Rules provide no limit on the number of document requests that may be propounded, and no such limit should apply in this case, especially considering the lack of detail in the Complaint, the Debtors' delay in prosecuting their claims, the number of alleged preferential transfers involved in this case, and the high dollar amounts at issue.

12.     Methode objects to Paragraphs 8 and 10 of the Proposed Order, which would limit the timing of requests for admission to "no sooner than thirty (30) days after the close of all other fact discovery" and limit the number of admission requests to thirty (30), including subsets and subparts.  There is no reason to limit the timing of admission requests to the close of other fact discovery, and to the contrary, admission requests are often useful during the early stages of discovery to reduce the issues in dispute and focus the parties' discovery efforts.  Further, the applicable Bankruptcy Rules do not limit the number of admission requests to thirty or otherwise, and no limit should be set in this case, particularly given the lack of detail in the Complaint, the Debtors' delay in prosecuting their claims, the number of alleged preferential transfers involved in this case, and the high dollar amounts at issue.

13.     Methode objects to Paragraph 9 of the Proposed Order, which would limit each party to ten interrogatories, including subsets and subparts.  Not only is this less than half of the

limit allowed by Fed. R. Civ. P. 33, the practical effect of this limitation would be highly
prejudicial to Methode.  Specifically, Paragraph 9, coupled with the lack of initial disclosures
proposed by Paragraph 3, would require Methode to utilize many if not all of its allotted
interrogatories to discover information that the Debtors would otherwise be required to provide
as part of their Rule 26(a)(1) initial disclosures.  Thus, if the Proposed Order is granted, Methode
would be wholly deprived of effectively utilizing the interrogatory device.  Even if this Court
requires the parties to submit Rule 26(a)(1) initial disclosures, the proposed ten interrogatories
would be inadequate in the simplest of cases, much less in this case where twenty alleged
preferential transfers exceed $19.7 million in aggregate value.

## RESERVATION OF RIGHTS

14.    Methode expressly reserves all of its rights to supplement this Objection or assert
any other objections at a hearing on the Case Management Motion.  Nothing contained herein
shall be deemed or construed as a waiver by, or admission against, Methode with respect to the
Case Management Motion, the above-referenced adversary proceeding or otherwise, and all
rights and interests of Methode are expressly reserved in all respects and in their entirety.

WHEREFORE, Methode requests that the Court: (i) deny the Case Management Motion to the extent it seeks approval of Paragraphs 3, 4, 6, 8, 9 and 10 of the Proposed Order; and (ii) grant such proper and further relief as it deems appropriate.

Dated: May 12, 2010
Chicago, Illinois

  /s/ Courtney Engelbrecht Barr
Courtney Engelbrecht. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Dr.
Chicago, IL  60606
Tel: (312) 443-0700
Fax: (312) 443-0336

- and -

Shalom Jacob
Casey B. Howard
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel:  (212) 415-8600
Fax: (212) 303-2754

*Counsel for Defendant Methode Electronics, Inc.*