Hearing Date and Time:  July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)
Objection Date and Time:  June 7, 2010

Nantz, Litowich, Smith, Girard & Hamilton
Harold E. Nelson  (P-27974)
2025 E. Beltline, S.E., Suite 600
Grand Rapids, MI  49546
Telephone:  (616) 977-0077
Facsimile:  (616) 954-0529
E-Mail:  hal@nlsg.com

*Attorneys for Lankfer Diversified Industries Incorporated
d/b/a LDI Incorporated*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **DELPHI CORPORATION**, et al., | Case No. 05-44481(RDD) |
| | Chapter 11 |
| Debtor. | Hon. Robert D. Drain |

---

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiff, | Adversary Proceeding |
| | No. 07-02723(RDD) |
| -vs- | |
| LDI INCORPORATED, | |
| Defendant. | |

---

**JOINDER OF LDI INCORPORATED TO CERTAIN
MOTIONS TO (A) VACATE CERTAIN PRIOR ORDERS OF
THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE;
(C) DISMISS CLAIMS BASED ON ASSUMED CONTRACTS; OR
(D) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE
A MORE DEFINITE STATEMENT**

-1-

LDI INCORPORATED[1] ("**LDI**"), by its attorneys, Nantz, Litowich, Smith, Girard & Hamilton, P.C., hereby joins and adopts the arguments set forth in the Motions (the "**Motions**") filed by Affina Group Holdings, Inc., et al., Valeo, et al. and MSX, et al. (the "**Complaining Preference Defendants**") and supplements and/or amends the facts set forth in the Motions as follows:

1. Delphi Corporation and its affiliates (the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 8 and 14, 2005 (the "**Petition Dates**").

2. The Debtors filed the Preservation of Estate Claims Procedural Motion on August 6, 2007 (Base Case Docket No. 8905).

3. On August 16, 2007, this Court entered an Order providing, among other things, for an extension of time to March 31, 2008, to serve adversary proceeding complaints, as well as permission to file the complaints under seal (the "**Procedures Order**").

4. On September 30, 2007, the Debtors filed an adversary proceeding against LDI seeking the recovery of over $4 Million in alleged preferential transfers. The Adversary Proceeding Complaint was filed under seal, therefore, LDI had no notice of the filing of the complaint against it.

5. On February 8, 2008, the Debtors filed a Motion seeking a second extension of time until May 31, 2008 to serve its sealed Complaints. The Court granted the second extension on March 28, 2008 (the "**Second Extension Order**").

---

[1] "LDI Incorporated" is a registered assumed name of Lankfer Diversified Industries Incorporated, a Michigan corporation.

-2-

6. On April 10, 2008, the Debtors filed another Motion seeking to extend the service deadline until thirty (30) days after the substantial consummation of the Debtors' Plan. The Court entered the Debtors' request for third extension on April 30, 2008 (the "**Third Extension Order**").

7. On October 2, 2009, four years after the bankruptcy petition was filed and two years after the expiration of the statute of limitations, the Debtor filed a fourth motion for extension of the deadline for service of process. The Court granted the fourth extension on October 22, 2009 (the "**Fourth Extension Order**"). (The Procedures Order and the Second, Third and Fourth Extension Orders are referred to as the "**Extension Orders**").

8. The Fourth Extension Order granted an extension until 180 days after substantial consummation of the Debtors' Plan. Substantial consummation of the Debtors' Plan occurred on October 6, 2009, therefore, the deadline for service of complaints was extended until April 5, 2010.

9. The lack of notice of the filing of the Adversary Proceeding Complaint against LDI is established in the Declaration of Sandren Schollaart, the controller of LDI (Schollaart Declaration, ¶3), which is attached to this Motion as **Exhibit A**.

10. LDI was prejudiced as a result of being deprived of notice of the filing of the Complaint for the reason that key personnel of LDI that were intimately involved with its business relations with the Debtors, including, without limitation, its CEO and CFO, left the employment of LDI. Had LDI been aware that it would be required to answer and defend a claim for preferential transfers, it would have been able to identify and sequester relevant information and conduct exit interviews with respect to the relevant issues with the key employees prior to the end of their employment. (Schollaart Declaration, ¶¶3-6).

11. Based on all the foregoing, LDI hereby joins and adopts the arguments set forth in:

- Motion by Affina Group Holdings, Inc., Affina Canada Corp. and Break Parts, Inc. to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with prejudice; or (C) In the Alternative, to Dismiss the Claims against Certain Defendants named in the Complaint and to Require Plaintiffs to file a More Definite Statement filed with respect to Adversary Proceeding No. 07-02198(RDD) (Docket No. in Base Case 19959; Docket No. in Adversary Proceeding 41).

- Motion by MSX International, Inc. to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumed Contracts; or (E) In the Alternative, Require Plaintiffs to file a More Definite Statement in Adversary Proceeding No. 07-02484-(RDD) (Base Case Docket No. 19995; Adversary Proceeding Docket No. 30).

- Motion by Valero Climate Control, et al., to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumed Contracts; or (E) In the Alternative, Require Plaintiffs to file a More Definite Statement in Adversary Proceeding No. 07-02534(RDD) (Base Case Docket No. 20009; Adversary Proceeding Docket No. 28).

The Motions of the Complaining Preference Defendants with which LDI joins, raise the following issues:

**I.    THE PROCEDURES ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS VOID BECAUSE THEY WERE ENTERED IN VIOLATION OF DUE PROCESS RIGHTS.**

LDI defers to the Joined Motions with respect to Issue I.

**II.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS FOR AVOIDANCE ACTIONS.**

LDI defers to the Joined Motions with respect to Issue II.

**III.  THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL.**

LDI defers to the Joined Motions with respect to Issue III.

**IV.    THE COMPLAINT IS BARRED BY *RES JUDICATA*.**

LDI defers to the Joined Motions with respect to Issue IV.

**V.    THE COMPLAINT IS BARRED BY LACHES.**

LDI defers to the Joined Motions with respect to Issue V.

**VI.    THE EXTENSION ORDERS SHOULD BE VACATED BECAUSE THERE WAS NO CAUSE TO EXTEND TIME FOR SERVICE , THE FACT DID NOT WARRANT A DISCRETIONARY EXTENSION AND THE COMPLAINTS WERE IMPROPERLY SEALED.**

LDI defers to the Joined Motions with respect to Issue VI.

**VII.    THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AND SHOULD THEREFORE BE DISMISSED OR, IN THE ALTERNATIVE, THE DEBTORS SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT.**

LDI defers to the Joined Motions with respect to Issue VII.

**LDI INCORPORATES ALL APPLICABLE ARGUMENTS RAISED BY OTHER DEFENDANTS IN THEIR DISMISSAL MOTIONS.**

Numerous other Motions have been filed by the Defendants in avoidance actions brought by the Debtors. Those other avoidance actions are, in most or all respects, similar to those asserted against LDI. Therefore, LDI incorporates all applicable arguments raised by other Defendants in their Dismissal Motions.

**VIII.    THE COMPLAINT AGAINST LDI SHOULD BE DISMISSED FOR THE REASON THAT IT WAS NOT SERVED ON LDI WITHIN THE TIME FRAME ALLOWED BY THE FOURTH EXTENSION ORDER.**

The Fourth Extension Order entered by this Court extended the service of process deadline under Fed. R. Bankr. P. 7004(a)(1), Fed. R. Civ. Proc. 4(m). The time for service of the Complaint was extended to April 5, 2010.

By letter dated March 19, 2010, Debtors' counsel sent a copy of the Summons and Complaint to "LDI Incorporated", 54 Monument Circle, Suite 800, Indianapolis, Indiana (the "**Wrong LDI**"). See attached **Exhibit B**. Actually, the Wrong LDI is "LDI Limited", a

limited partnership (**Exhibit C**), not "LDI Incorporated". Moreover, the Wrong LDI has no affiliation whatsoever with LDI. LDI is located at 4311 Patterson, S.E., Grand Rapids, Michigan, as it has been for the many years in which it has done business with the Debtors. LDI has no facilities, offices or agents in the State of Indiana.

By letter dated April 19, 2010 (**Exhibit D**), Debtors' counsel acknowledged its mistake and forwarded a copy of the Summons and Complaint to LDI. That service, however, occurred <u>after</u> the April 5, 2010 service deadline.[2]

The error committed by Debtors' counsel in serving the LDI Summons and Complaint is, simply put, inexcusable. LDI has a Proof of Claim on file (Claim No. 9832 dated July 18, 2006), which contains its proper Grand Rapids, Michigan address. Moreover, both prepetition and postpetition, LDI and Delphi conducted business and exchanged invoices, purchase orders and other documents that clearly set forth LDI's proper address. (Schollaart Declaration ¶¶7&8). How the Debtors' determined that service should be made on LDI Limited in Indiana is a mystery. Had the Debtors or their counsel conducted any reasonable diligence whatsoever, they would not have erroneously served the Wrong LDI.

At a hearing held before this Court on April 1, 2010, Debtors' counsel, Mr. Fisher, represented to this Court that in locating adversary proceeding defendants, his office checked the Claims Register to identify addresses. (**Exhibit E**). Had that, in fact, occurred, the Debtors easily would have been able to determine that the LDI it wished to serve was located in Grand Rapids, Michigan, <u>not</u> Indianapolis, Indiana.

---

[2] The Debtors filed a Motion dated March 25, 2010 entitled "Reorganized Debtors' Emergency Motion for Order Under §105(a) of the Bankruptcy Code, Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. Proc. 4(m), Extending Deadline to Serve Process for Certain Avoidance Actions". That Motion sought an additional 30 day extension <u>solely</u> with respect to 62 specifically identified adversary proceedings. The adversary proceeding against LDI was not included within that Motion.

For the reason that LDI was not served with the Summons and Complaint within the time provided by this Court, this adversary proceeding must be dismissed.

### CONCLUSION

Accordingly, for the reasons stated above and the reasons set forth in the Motions of the Complaining Preference Defendants (and the memoranda in support thereof) in which LDI joins, LDI respectfully seeks from this Court an Order:

(i) Vacating the Extension Orders pursuant to the Court's discretionary authority because: (a) enforcement of the Orders against LDI would violate its due process rights; (b) cause did not exist to extend the time for service of the Complaint; and/or (c) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

(ii) Dismissing, with prejudice, the Complaint against LDI pursuant to Fed. R. Civ. Proc. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b) on the grounds that it: (a) is barred by the statute of limitations; and/or (b) does not comply with the pleading requirements of *Ashcroft v Iqbal*, 129 S.Ct. 1937 (2009);

(iii) In the alternative, dismissing the Complaint with prejudice on the grounds that it is barred by laches, judicial estoppels or *res judicata*;

(iv) Dismissing the Complaint on the grounds that it was not timely served pursuant to Fed. R. Bankr. P. 7004(a) and Fed. R. Civ. Proc. 4(m);

(v) In the alternative, if the Complaint is not dismissed, ordering the Plaintiff to file a more definite statement with respect to its Complaint; and

    (vi)    For such further relief as is just and proper.

        Respectfully submitted,

**NANTZ, LITOWICH, SMITH, GIRARD & HAMILTON**
Attorneys for Lankfer Diversified Industries, Inc.
d/b/a LDI Incorporated

Dated: May 13, 2010    By: */s/ **Harold E. Nelson***
    Harold E. Nelson  (P-27974)
Business Address:
    2025 E. Beltline, S.E., Suite 600
    Grand Rapids, MI  49546
    (616) 977-0077

f:\data\ldi\delphi\ap\joinder 5-13-10.doc