Courtney Engelbrecht Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 443-0700
Fax: (312) 443-0336

-and-

Casey B. Howard
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel:  (212) 415-8600
Fax: (212) 303-2754

*Counsel for D&R Technology, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 [RDD] |
| Debtors. | (Jointly Administered) |

---------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| vs. | Adv. Pro. No. 07-02212 [RDD] |
| D & R TECHNOLOGY LLC, AND D AND R TECHNOLOGY LLC | |
| Defendants. | |

---------------------------------------------------x

**D&R TECHNOLOGY, LLC'S OBJECTION TO THE REORGANIZED DEBTORS'
MOTION FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES
<u>GOVERNING ADVERSARY PROCEEDINGS</u>**

D&R Technology, LLC ("D&R"), the defendant in the above-captioned

adversary proceeding, by and through its attorneys, Locke Lord Bissell & Liddell LLP, submits

1

this objection to the Reorganized Debtors' Motion for a Case Management Order Establishing Procedures Governing Adversary Proceedings (the "Case Management Motion") and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. D&R is not opposed to the entry of a case management order that will streamline procedures to facilitate the efficient resolution of the Reorganized Debtors' adversary proceedings. However, D&R objects to the Case Management Motion insofar as it seeks approval of Paragraphs 3, 4, 6, 8, 9, and 10 of the proposed Case Management Order submitted with that Motion (the "Proposed Order"). Those provisions of the Proposed Order unduly limit the discovery available to D&R and impose unnecessary procedural hurdles that threaten D&R's use of, and access to, the discovery process. Accordingly, D&R requests that the Court deny the Case Management Motion to the extent it seeks approval of Paragraphs 3, 4, 6, 8, 9 and 10 of the Proposed Order.

**BACKGROUND**

2. On October 8, 2005 and October 14, 2005, each of the Plaintiffs filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Plaintiffs' chapter 11 cases were subsequently jointly administered.

3. By Order entered August 16, 2007 [Docket #9105], the Court granted the Debtors' motion to commence a series of preference actions (under seal) and extend time by which the Debtors would serve process (the "Service of Process Deadline") for almost sixty (60) days beyond the 120-day statutory deadline, or March 31, 2008.

4. Prior to the expiration of the statute of limitations in October 2007, the Debtors filed 742 preference actions under seal. Among those actions was the above-referenced adversary proceeding against D&R, which was instituted on September 28, 2007 by the Debtors'

2

filing of the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") against D&R. The Complaint seeks the avoidance and recovery of twenty-two alleged preferential transfers made to D&R totaling $15,722,048.63 pursuant to sections 547 and 550 of the Bankruptcy Code.

5.By Orders entered on March 28, 2008 [Docket #13277], April 30, 2008 [Docket #13484] and October 22, 2009 [Docket #18999], the Court granted three additional motions of the Debtors for open-ended extensions of the Service of Process Deadline until 180 days after substantial consummation of a modified plan of reorganization.

6.Of the 742 preference actions filed, D&R understands that the Debtors have chosen to serve complaints on and pursue approximately 177 adversary proceedings.

7.The Debtors served the Complaint on D&R on March 30, 2010, nearly 2.5 years after the commencement of the underlying adversary proceedings.

8.On March 17, 2010, the Case Management Motion was filed.

## ARGUMENT

9.D&R objects to Paragraph 3 of the Proposed Order, which would exempt all parties from the initial disclosure requirements of Bankruptcy Rule 7026(a)(1). Initial disclosures are essential to helping the parties identify witnesses and discoverable information. The Debtors filed this Complaint over two and one-half years ago and have had ample time to prepare the disclosures required by Federal Rule of Civil Procedure 26(a)(1), as incorporated by Rule 7026 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"). Moreover, the Debtors will eventually have to provide the discovery required by Federal Rule of Civil Procedure 26(a)(1) whether as initial disclosures or through some other discovery mechanism. Quite simply, the Debtors have not provided adequate justification for exempting Debtors from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1).

3

10.     D&R objects to Paragraph 4 of the Proposed Order, which would require all parties to seek the Court's approval, by telephone conference, before filing *any* motion. The Court's Local Bankruptcy Rules already require pre-motion conferences for certain types of motions. See Local Bankruptcy Rules 7007-1 and 7056-1. There is no need to expand the local rules to all motions, as that would only cause unnecessary delay.

11.     D&R objects to Paragraph 6 of the Proposed Order, which would limit each party to twenty (20) Requests for Production of Documents, including subsets and subparts. The Bankruptcy Rules provide no limit on the number of document requests that may be propounded, and no such limit should apply in this case, especially considering the lack of detail in the Complaint, the Debtors' delay in prosecuting their claims, the number of alleged preferential transfers involved in this case, and the high dollar amounts at issue.

12.     D&R objects to Paragraphs 8 and 10 of the Proposed Order, which would limit the timing of requests for admission to "no sooner than thirty (30) days after the close of all other fact discovery" and limit the number of admission requests to thirty (30), including subsets and subparts. There is no reason to limit the timing of admission requests to the close of other fact discovery, and to the contrary, admission requests are often useful during the early stages of discovery to reduce the issues in dispute and focus the parties' discovery efforts. Further, the applicable Bankruptcy Rules do not limit the number of admission requests to thirty or otherwise, and no limit should be set in this case, particularly given the lack of detail in the Complaint, the Debtors' delay in prosecuting their claims, the number of alleged preferential transfers involved in this case, and the high dollar amounts at issue.

13.     D&R objects to Paragraph 9 of the Proposed Order, which would limit each party to ten interrogatories, including subsets and subparts. Not only is this less than half of the limit

4

allowed by Fed. R. Civ. P. 33, the practical effect of this limitation would be highly prejudicial to D&R. Specifically, Paragraph 9, coupled with the lack of initial disclosures proposed by Paragraph 3, would require D&R to utilize many if not all of its allotted interrogatories to discover information that the Debtors would otherwise be required to provide as part of their Rule 26(a)(1) initial disclosures. Thus, if the Proposed Order is granted, D&R would be wholly deprived of effectively utilizing the interrogatory device. Even if this Court requires the parties to submit Rule 26(a)(1) initial disclosures, the proposed ten interrogatories would be inadequate in the simplest of cases, much less in this case where twenty-two alleged preferential transfers exceed $15.7 million in aggregate value.

WHEREFORE, D&R requests that the Court: (i) deny the Case Management Motion to the extent it seeks approval of Paragraphs 3, 4, 6, 8, 9 and 10 of the Proposed Order; and (ii) grant such proper and further relief as it deems appropriate.

|  |  |
|---|---|
| Dated: May 13, 2010<br>Chicago, Illinois | /s/ Courtney Engelbrecht Barr<br>Courtney Engelbrecht. Barr (CE 7768)<br>LOCKE LORD BISSELL & LIDDELL LLP<br>111 S. Wacker Dr.<br>Chicago, IL  60606<br>Tel: (312) 443-0700<br>Fax: (312) 443-0336<br><br>- and -<br><br>Casey B. Howard<br>LOCKE LORD BISSELL & LIDDELL LLP<br>Three World Financial Center<br>New York, New York 10281-2101<br>Tel:  (212) 415-8600<br>Fax: (212) 303-2754<br><br>*Counsel for D&R Technology, LLC* |

5