| | |
|---|---|
| MONTGOMERY, ELSNER & PARDIECK, LLP<br>308 West 2nd Street<br>Seymour, IN 47274<br>Telephone:  (812) 522-4109<br>Facsimile:  (812) 522-6473<br>wbraman@meplegal.com | **Objection Deadline:  June 7, 2010**<br>**Reply Deadline:  July 2, 2010**<br>**Hearing Date:  July 22, 2010** |

William M. Braman
(Admitted *Pro Hac Vice*)

Attorneys for Universal Tool and Engineering Company, Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al*., | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

_____

DELPHI CORPORATION, *et al*.

        Plaintiffs

  -  against  –                                                            Adversary Proceeding No. 07-02505-rdd

UNIVERSAL TOOL & ENGINEERING,
UNIVERSAL TOOL & ENGINEERING COMPANY, and
UNIVERSAL TOOL & ENGR CO,

        Defendants
_____

***JOINDER OF UNIVERSAL TOOL & ENGINEERING COMPANY, INC. TO MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548 AND 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, AND (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUNDS OF JUDICIAL ESTOPPEL***

    Defendant, Universal Tool & Engineering Company, Inc., an Indiana corporation, incorrectly designated as Universal Tool & Engineering, Universal Tool & Engineering C and

Universal Tool & Engr. Co., in the above-referenced caption ("Universal Tool"), hereby joins and adopts the arguments in the motions set forth below, and supplements and/or amends the facts set forth in the motions as follows:

1. Delphi Corporation and certain affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on October 8 and 14, 2005 (the "Petition Dates").

2. The Debtors filed the Preservation of Estate Claims Procedural Motion on August 6, 2007 (Docket No. 8905).

3. The Debtors commenced the above-captioned adversary proceeding (the "Avoidance Action") against Universal Tool, under seal, on September 28, 2007 (Adversary Proceeding Docket No. 1).

4. The Debtors filed the Extension of Avoidance Action Service Deadline Motion on February 28, 2008 (Docket No. 12922). Such Motion was filed in the Avoidance Action, without notice to Universal Tool, on February 29, 2008 (Adversary Proceeding Docket No. 2).

5. On April 10, 2008, the Debtors filed the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion (Docket No. 13361). Such motion was filed in the Avoidance Action, without notice to Universal Tool, on April 11, 2008 (Adversary Proceeding Docket No. 4).

6. Universal Tool was not served with the summons and complaint (the "Complaint") relative to the Avoidance Action until on or about February 26, 2010 (Adversary Proceeding Docket No. 9), which is over four (4) years after the Petition Dates and approximately two and one-half (2 ½) years after the expiration of the applicable statute of limitations. 11 U.S.C. § 546(a).

7. Universal Tool filed an Answer to the Complaint on March 22, 2010, which asserted, among other affirmative defenses, the expiration of the actual statute of limitation, judicial estoppel and laches (Adversary Proceeding Docket No. 15).

8. Based on all of the foregoing, Universal Tool hereby joins and adopts the arguments set forth in the:

    a. Motion by Wagner-Smith Company Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Order Establishing Procedure for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated February 5, 2010 (Docket No. 19401).

  b. Motion by Microchip Technology Incorporated Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Vacating Prior Order Establishing Procedure for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated March 15, 2010 (Docket No. 19677).

  c. Motion by Affina Group Holdings, Inc., Affina Canada Corp., and Brake Parts, Inc. to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; or (C) in the Alternative, to Dismiss the Claims Against Certain Defendants named in the Complaint and to Require Plaintiffs to File a More Definite Statement, dated April 29, 2010 (Docket No. 19959).

  d. Motion by Fin Machine Co. Ltd. Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Order Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action Because it is Barred by the Two Year Statute of Limitations, (iii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action Because it is Insufficiently Plead, (iv) Dismssing the Adversary Proceeding on the Ground of Judicial Estoppel, (v) Dismissing the Adversary Proceeding on the Ground of Laches, or (vi) in the Alternative, Pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e) Directing a More Definite Statement on the Pleadings, dated May 5, 2010 (Docket No. 19982).

  e. Motion of MSX International, Inc to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based upon Assumed Contracts; or (E) in the Alternative, Require Plaintiffs to File a More Definite Statement, dated May 7, 2010 (Docket No. 19994).

  f. Motion of Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Valeo, Inc. and Valeo Schalter Und Sensoren GmbH to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumption of Contracts; or (E) in the Alternative, to Require Plaintiffs to File a More Definite Statement, dated May 11, 2010 (Docket No. 20009).

9. The facts set out in the above-referenced motions are substantially the same, if not identical, with respect to Universal Tool so that any relief granted for the benefit of one or more of the above-referenced complaining preference defendants should be granted for all others who are similarly situated.

Respectfully submitted,

/s/  William M. Braman
William M. Braman
Montgomery, Elsner & Pardieck, LLP
308 West 2nd Street
Seymour, IN 47274
(812) 522-4109


Attorney for Universal Tool and
Engineering Company, Inc.