Hearing Date And Time: May 20, 2010 at 10:00 a.m. (prevailing Eastern time)
Response Date And Time: May 13, 2010 at 4:00 p.m. (prevailing Eastern time)

WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.
and
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth Law, Esq. (Calif. Bar No. 111779)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)

*Attorneys for* Flextronics International Ltd. *et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>DPH HOLDINGS CORP. *et. al.,*<br><br>Reorganized Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**FLEXTRONICS' RESPONSE TO REORGANIZED DEBTORS'**
**FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION**
**(ADMINISTRATIVE EXPENSE CLAIM NO. 18940)**

Flextronics International USA, Inc., a subsidiary of Flextronics International Ltd., Flextronics International Ltd., and their subsidiaries and affiliates, including, without limitation, Flextronics International Latin America Ltd., Flextronics Manufacturing Europe BV, and Flextronics Corporation, successor in interest to Solectron Corporation, (collectively, "Flextronics"), hereby responds (the "Response") to the *Reorganized Debtors' Forty-Seventh*

*Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims* (the "Forty-Seventh Omnibus Claims Objection" or the "Objection") filed by DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors").

The Response is based on the grounds set forth herein, the Flextronics Administrative Claim (as identified hereinafter), the *Declaration Of Dana Coin In Support Of Flextronics' Response To Reorganized Debtors' Forty-Seventh Omnibus Claims Objection (Claim No. 18940)* (the "Coin Declaration"), the documents and pleadings on file in this case and such other and further evidence as may be adduced at the trial in support of the Response. All capitalized terms have the defined meaning set forth in this Response and, in the advent any capitalized is not defined herein it shall have the meaning set forth in the Objection.

## SUMMARY OF RELIEF SOUGHT BY DEBTORS

The Objection seeks entry of an order disallowing the Flextronics Administrative Claim in its entirety. The Objection is brought on the grounds that the books and records of Delphi Corporation and certain of its affiliates (the "Debtors") do not disclose any liability for the Flextronics Administrative Claim. *See* Objection at ¶10 and Exhibit "A" attached thereto at page 6. The Reorganized Debtors have not filed any declaration in support of their Objection.

## SUMMARY OF RELIEF SOUGHT BY FLEXTRONICS

Pursuant to 11 U.S.C. §502(a), 11 U.S.C. §503(b), Rule 3001(f) and Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3007-1, Flextronics seeks entry of an

order denying the Objection as it pertains the Flextronics Administrative Claim. Flextronics asserts that the Objection must be denied because the Reorganized Debtors have filed no evidence in support of the Objection and, accordingly, they have failed to carry their burden to rebut the *prima facie* evidence of the validity and amount of the Flextronics Administrative Claim as set forth by the proof of claim filed by Flextronics. Moreover, with regard to the Flextronics Administrative Claim being entitled to priority status as an administrative expense, the proof of claim itself and the documents attached thereto, as well as the Coin Declaration and attached documents, constitute competent evidence that establishes the (i) existence of the claim, (ii) its validity and enforceability, and (iii) the amounts of the claim pursuant to 11 U.S.C. §503(b).

The evidence adduced by the Flextronics Administrative Claim and in support of the Response clearly demonstrates that Flextronics entered into the Flextronics Contracts (as hereinafter identified) with the Debtors related to the provision of certain goods and services, Flextronics provided such goods and services both prior to – and after – the Petition Date (as hereinafter identified), the Debtors knowingly and purposefully availed themselves of such goods and services both before and after the Petition Date, and substantial benefit was realized by the Debtors both the Petition Date, and by their respective estates after the commencement of their respective bankruptcy cases. The value of such goods and services is established by the terms of the Flextronics Contracts and as evidenced by the Flextronics Administrative Claim filed in this case.

## BACKGROUND

1. Prior to the Petition Date (as identified hereinafter), Flextronics and the Debtors entered into certain contracts and purchase orders (collectively, the "Flextronics

Contracts"), including without limitation Purchase Order No. SAG90I5682 ("P.O. SAG90I5682"), pursuant to which Flextronics provided certain goods and/or services to the Debtors. *See* Coin Declaration at ¶4 and the P.O. SAG90I568, which is attached thereto as Exhibit "A" and such document is incorporated by reference therein as if fully set forth.

2. On October 8 and 14, 2005, the Debtors (who are the predecessors of the Reorganized Debtors) filed voluntary petitions in this Court for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), and that the above-referenced Court entered its order directing the above-referenced bankruptcy cases be jointly administered, for procedural purposes only.

3. On July 15, 2009, Flextronics filed its *Administrative Expense Claim* (the "Flextronics Administrative Claim") against Delphi Automotive Systems LLC asserting thereby that the aggregate amount of $18,524,591.75 remains due and owing. *See* Coin Declaration at ¶6 and the Flextronics Administrative Claim, which is attached thereto as Exhibit "B" and such document is incorporated by reference therein as if fully set forth. The Flextronics Administrative Claim and its supporting exhibits constitute evidence establishing the existence, enforceability and amount of the following claims in favor of Flextronics: (a) $1,522,427.75 owed to Flextronics International Latin America Ltd pursuant to the Statement of Account (6/1/2009), *see* Exhibit A attached thereto; (b) $1,392,847.00 owed to Flextronics International Latin America Ltd., *see* Exhibit "B" attached thereto; (c) $7,543.82 owed to Flextronics Manufacturing Europe BV, *see* Exhibit "C" attached thereto; (d) $15,179,242.18 owed on account of the ARPD Claim, *see* Exhibit D attached thereto; and (e) $422,531.00 on account of various other claims, *see* Exhibit "E" attached thereto. *Id.* The Flextronics Administrative

Claim includes, without limitation, (i) a claim for $410,000 due and owing pursuant to a purchase order issued post-petition, but which the Debtors did not pay because they contend they inadvertently paid after the Petition Date an unrelated, pre-petition claim in (the "Debit Claim") and (b) a claim for $1,700,000 due and owing for excess and obsolete inventory acquired in furtherance of the Flextronics Contract (the "E&O Claim"). *Id.*

4.   On July 10, 2009, the Debtors filed their *Notice Of Filing Of Notices Of Assumption And Assignment To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Services, Corp., As Applicable, Under Modified Plan Of Reorganization* and, on July 13, 2009, the Debtors filed their *Notice Of Filing of Certain Corrected Notices Of Assumption And Assignment Of Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned to Parnassus Holdings II, LLC Under Modified Plan Of Reorganization*. On July 20, 2009, Flextronics filed its *Limited Objection Relating to Assumption and Assignment of Executory Contracts (as corrected)* (the "Flextronics Objection") [Docket No. 18545] objecting to assumption and assignment of any of the Flextronics Contracts, including, without limitation, P.O. SAG90I568.

5.   On September 22, 2009, the Court entered its order approving the *Stipulation and Order Resolving Objections By Flextronics International Ltd. To Approval And/Or Confirmation Of The Debtor's First Amended Joint Plan Of Reorganization* (the "Assumption Order"). *See* Coin Declaration at ¶6 and the Assumption Order, which is attached thereto as Exhibit "C" and incorporated by reference therein as if fully set forth. The Assumption Order provides, in pertinent part, that (a) P.O. SAG90I5682 is assumed and assigned pursuant to the confirmed plan of reorganization, (b) the E & O Claim is allowed as an

administrative expense priority claim (although each party reserved its rights regarding the amount of the claim), (c) the Parties would use their best efforts to resolve the Debit Claim and (d) "[t]o the extent the Debit Claim is not allowed as an administrative expense priority claim, and it is determined that the Debit Claim is a prepetition obligation arising out of the Flextronics Contract, any amounts owing will be paid as part of the cure amount. However, if it is determined that amounts owing under the Debit Claim do not arise out of the Flextronics Contract that amount will not constitute a cure obligation." *See* Assumption Order at §§3, 4, 5 and 6, respectively.

6. Since September, 2009 and continuing through the date of this declaration, Flextronics has worked with the Reorganized Debtors to reconcile the Flextronics Administrative Claim and resolve various issues related thereto, including (a) whether the Debit Claim is entitled to administrative expense priority treatment, and the amount of such claim, and (b) the amount of the E&O Claim. *See* Coin Declaration at ¶9. Although the Parties have made significant progress in resolving the Debit Claim and the E&O Claim, as of this date, the Parties require additional time to resolve all issues. *Id.*

7. On April 16, 2010, the Reorganized Debtors filed the Objection. The Objection seeks, in pertinent part, to disallow the Administrative Expense Claim asserted by Flextronics on the grounds that "assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims") . . . [and, a]ccordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not creditors of the Debtors." *See* Objection at ¶13. The Reorganized Debtors seek entry of an order disallowing and expunging the Flextronics Administrative Expense Claim in its

entirety. *Id.* at ¶17. No declarations or other evidence has been submitted in support of the Objection.

8.  The Flextronics Administrative Claims includes documentation attesting to its existence, validity and the amounts shown as due and owing. As of this date, Flextronics contends that (a) $410,000 remains due and owing with regard to the Debit Claim and (b) not less than $647,326.92 remains due and owing with regard to the E&O Claim. Nonetheless, Flextronics reserves all rights with regard to final resolution of all issues pertaining to the amount of the Flextronics Administrative Expense Claim. *See* Coin Declaration at ¶11.

## **LEGAL ARGUMENT**

<u>The Claims Should Be Allowed Because The Reorganized Debtors Have Failed To Rebut The *Prima Facie* Validity and Amount of the Claims As Evidenced By The Proof of Claim</u>

The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity. *In re Planet Hollywood International*, 274 B.R. 391 394 (D. Del. 2001) *citing In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *see* Fed. R. Bankr. P. 3001(f). Pursuant to the express language of Rule 3001(f), "[a] party objecting to a claim has the initial burden of presenting a <u>substantial factual basis</u> to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkely*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608 (S.D. Tex. 1988), *aff'd* 879 F.2d 859 (5th Cir. 1989) (emphasis added).[1] In order "to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. 768, 773 (2rd Cir. B.A.P. 2000), *aff'd* 242 F.3d 362 (2rd Cir. 2000). Where a debtor simply makes a *pro forma*

---

[1] *Accord, Brown v. IRS (In re Brown)*, 82 F.3d 801 (8th Cir. 1996); *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2rd 635 (3rd Cir. 1991); *In re Allegheny Int'l, Inc., supra*; *In re Lewis*, 80 B.R. 39, 40 (E.D. Pa. 1987).

objection without any evidentiary support, a court may summarily overrule such objections. *See e.g., Garner v. Shier (In re Garner)*, 246 B.R. 617, 620, 623 (B.A.P. 9th Cir. 2000) (Held: debtor did not overcome the *prima* facie presumption of validity afforded a proof of claim and its objection to allowance of the claim denied where it merely asserted that "there is no obligation to pay . . ." but failed to offer any evidence in support). *Id.* Simply put: the *prima facie* validity of a proof of claim is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003). Therefore, "[u]nless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of the amount, the claimant need offer no further proof of the merits of the claim." *In re Brown*, 82 F.3d 801 (8th Cir. 1996) *cited in 4 Collier on Bankruptcy*, 15th Edition Revised (2006), §502.02[3][f] at pg. 502-18 n. 38.

    Here, the Reorganized Debtors have not submitted any evidence in support of the Objection. Simply put, the Reorganized Debtors *have failed to submit any factual evidence whatsoever* satisfying their burden to overcome the *prima facie* presumption of validity of the existence of the claims or their respective amount as set forth in Flextronics Administrative Claim. As in *Garner*, the Reorganized Debtors in this case have merely asserted that "there is no obligation to pay . . . " and their bare conclusionary statements certainly cannot "overcome th[e] *prima facie* evidence . . . [set forth in the Flextronics Administrative Claim because they do not constitute] evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. at 773. In this case, the Court should summarily deny the Objection because the Reorganized Debtors' *pro forma* Objection is devoid of any competent evidentiary support. *Cf. Garner*, 246 B.R. at 623. Under these circumstances, the *prima facie*

validity of a Flextronics Administrative Claim is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. at 395.

> The Goods And Services Provided Post-Petition Are Entitled To Treatment As Administrative Expense Claims.

Section 503(b) (1) (A) of the Code provides for priority treatment of "actual, necessary costs and expenses of preserving the estate." *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bkrtcy.D.Del. 2001.) *citing* 11 U.S.C. § 503(b). In general, post-petition business expenses are granted administrative-expense priority so that third parties will risk providing the goods and services that are necessary for a struggling debtor to reorganize. *In re Kadjevich*, 220 F.3d 1016, 1020 (9th Cir. 2000) *citing Microsoft Corp. v. DAK Indus., Inc.* (In re DAK Indus., Inc.), 66 F.3d 1091, 1097 (9th Cir.1995).[2] Where a debtor continues to receive the benefits from the other party to an executory contract or unexpired lease, "the debtor-in-possession is obligated to pay for the reasonable value of the services." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984). "Determining whether a creditor has an administrative claim is a two- prong test: the expense must have arisen from a post-petition transaction between the creditor and the trustee (or debtor-in-possession), and the transaction must have substantially benefited the estate." *In re Pinnacle Brands, Inc.*, 259 B.R. at 50.[3]

After the Petition Date Flextronics provided goods and services whose value was not less than $18,524,591.75. *See* Coin Declaration at ¶6. Here, the two prong test clearly is

---

[2] A*ccord, Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir.1999); *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir.1976); *In re Valley Media, Inc.*, 2002 WL 999311 (Bkrtcy.D.Del. 2002.) at p. 21 (Section 503(b) contemplates some *quid-pro-quo* wherein the estate accrues debt in exchange for some consideration necessary to the operation of the estate).

[3] *Accord, Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.*), 66 F.3d 1091, 1094 (9th Cir.1995); *General Am. Transp. Corp. v. Martin (In re Mid Region Petroleum, Inc.)*, 1 F.3d 1130, 1133 (10th Cir.1993); *In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984); *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir.1976)*. Accord, In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bkrtcy.D.Del.,2001), *In re Valley Media, Inc.*, 2002 WL 999311 (Bkrtcy.D.Del.,2002.) at p. 21.

satisfied. First, there is no doubt that the goods and services were provided after the Petition Date to the Debtors in their capacities as debtors-in-possession. Their bankruptcy estates' assent to the Flextronics Contracts clearly is demonstrated by their receipt and utilization of these goods and services. *See* the Flextronics Administrative Claim and exhibits attached thereto. Second, by the very nature of the goods and services provided pursuant to the Flextronics Contracts, the Debtors' bankruptcy estates received substantial benefit from these goods and services after the Petition Date. The goods and services utilized by the Debtors not only helped them operate their businesses, but they also were important in maintaining the value of their business and assets. Therefore, the second prong of Section 503(b) also is satisfied in this instance.

Flextronics submits that all of these goods and services constitute "actual, necessary costs and expenses of preserving" the Debtors' bankruptcy estates and, accordingly, they should be allowed as administrative expenses entitled to full payment. To date, the Parties have worked diligently to reconcile the amounts remaining due and owing for these Administrative Expenses, and to resolve issues related to (a) the validity, priority status and amount of the Debit Claim and (b) the amount of the E&O Claim. *See* Coin Declaration at ¶¶ 9 and 11.

WHEREFORE, Flextronics seeks entry of an order (i) denying the Objection to the extent that it seeks disallowance of Flextronics Administrative Claim, (ii) requiring the Reorganized Debtors to resume efforts to reconcile the amount due and owing pursuant to the

Flextronics Administrative Expense and continuing any hearing on the Objection, without date, pending conclusion of such resumed reconciliation efforts, and (iii) granting such other and further relief as may be permitted by law or equity in this instance.   Alternatively, based on the record before the Court, Flextronics seeks entry of an order allowing the Flextronics Administrative Claim in its entirety,

Dated:  May 12, 2010                             BIALSON, BERGEN & SCHWAB

ATTORNEYS FOR FLEXTRONICS INTERNATIONAL LTD. *et al.*

/s/ Thomas M. Gaa

Thomas M. Gaa
2600 El Camino Real, Suite 300
Palo Alto, California  94306
(650)  857-9500

and

Dated:  May 13, 2010                             WHITE AND WILLIAMS, LLP

ATTORNEYS FOR FLEXTRONICS INTERNATIONAL LTD. *et al.*

/s/ Karel S. Karpe

Karel S. Karpe
4421 One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421