Hearing Date And Time: May 20, 2010 at 10:00 a.m. (prevailing Eastern time)
Response Date And Time: May 13, 2010 at 4:00 p.m. (prevailing Eastern time)

WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.
and
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth Law, Esq. (Calif. Bar No. 111779)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)

*Attorneys for* Flextronics International Ltd. *et al*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE:<br><br>DPH HOLDINGS CORP. *et. al.*,<br><br>Reorganized Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |
|---|---|

**DECLARATION OF DANA COIN IN SUPPORT OF FLEXTRONICS' RESPONSE TO REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION (CLAIM NO. 18940)**

  I, Dana Coin, declare:

  1. I am the Global Account Manager for Flextronics International USA, Inc., a subsidiary of Flextronics International Ltd., Flextronics International Ltd., and their subsidiaries and affiliates, including, without limitation, Flextronics International Latin America Ltd., Flextronics Manufacturing Europe BV, and Flextronics Corporation, successor in interest to

Solectron Corporation, (collectively, "Flextronics"), with regard to the business relationship with Delphi Corporation, its subsidiaries and affiliates, and I am authorized to execute this Declaration in that capacity.  If called upon as a witness herein, I could and would competently testify to the facts, events, and transactions set forth herein based on my own personal knowledge of those facts, events and transactions

2. At all times pertinent hereto, I was the responsible for managing the Delphi account for Flextronics and, in that capacity, I am familiar with its provision of goods and services to the Debtors identified in the above-caption cases and the business relationship between the Parties regarding the manner in which these goods and services were provided by Flextronics.  I have personal knowledge of the contracts and agreements by and between the parties and their understandings related to the claims at issue herein.

3. As part of my job, I have access to, and I am familiar with, the various documents that are attached to this Declaration.  To the best of my knowledge, these documents were received, generated, recorded, and/or compiled in the ordinary course of Flextronics's business practice, which provided that such documents be prepared at the time of, or near the time, that the information was received or the event or transactions actually took place.

4. Prior to the commencement of the above-captioned cases, Flextronics and the Debtors entered into certain contracts and purchase orders (collectively, the "Flextronics Contracts"), including without limitation Purchase Order No. SAG90I5682 ("P.O. SAG90I5682"), pursuant to which Flextronics supplies certain Debtors with certain goods and/or services.  A true and accurate copy of P.O. SAG90I568 is attached hereto as Exhibit "A" and such document is incorporated by reference herein as if fully set forth.

5. I am informed and thereupon state that, on October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), and that the above-referenced Court entered its order directing the above-referenced bankruptcy cases be jointly administered, for procedural purposes only.

6. I am informed and thereupon state that, on or about July 15, 2009, Flextronics filed its Administrative Expense Claim (the "Flextronics Administrative Claim") against Delphi Automotive Systems LLC asserting that the aggregate amount of $18,524,591.75 remains due and owing. A true and accurate copy of the Administrative Expense Claim is attached hereto as "Exhibit "B" and is incorporated by reference as if fully set forth. As of that date, the following amounts were due and owing to Flextronics (as set forth on the Administrative Expense Claim): (a) $1,522,427.75 owed to Flextronics International Latin America Ltd pursuant to the Statement of Account (6/1/2009); (b) $1,392,847.00 owed to Flextronics International Latin America Ltd; (c) $7,543.82 owed to Flextronics Manufacturing Europe BV; (d) $15,179,242.18 owed on account of the ARPDClaim; and (e) $422,531.00 on account of various other claims. More specifically, the Flextronics Administrative Claim asserts that the Debtors (a) failed to pay $410,000 due and owing with regard to post petition goods and services provided by Flextronics pursuant to the Flextronics Contract because the Debtors unilaterally determined that , after the Petition Date, $410,000 was mistakenly paid to Flextronics on account of a prepetition claim (the "Debit Claim"), and (b) owed $1,700,000 for excess and obsolete inventory acquired in furtherance of the Flextronics Contract (the "E&O Claim").

7. I am informed and thereupon state that, on July 20, 2009, Flextronics filed its *Limited Objection Relating to Assumption and Assignment of Executory Contracts (as*

*corrected)* (the "Flextronics Objection") [Docket No. 18545] objecting to assumption and assignment of any of the Flextronics Contracts, including, without limitation, P.O. SAG90I568.

8. I am informed and thereupon state that, on or about September 22, 2009, the Court entered its order approving the *Stipulation and Order Resolving Objections By Flextronics International Ltd. To Approval And/Or Confirmation Of The Debtor's First Amended Joint Plan Of Reorganization* (the "Assumption Order"). A true and accurate copy of the Assumption Order is attached hereto as Exhibit "C" and incorporated by reference as if fully set forth. The Assumption Order provided, in pertinent part, that (a) P.O. SAG90I568 is assumed and assigned pursuant to the confirmed plan of reorganization, (b) the E & O Claim is allowed as an administrative expense priority claim (although each party reserved its rights regarding the amount of the claim), (c) the Parties would use their best efforts to resolve the Debit Claim and (d) "[t]o the extent the Debit Claim is not allowed as an administrative expense priority claim, and it is determined that the Debit Claim is a prepetition obligation arising out of the Flextronics Contract, any amounts owing will be paid as part of the cure amount. However, if it is determined that amounts owing under the Debit Claim do not arise out of the Flextronics Contract that amount will not constitute a cure obligation." *See* Assumption Order at §§3, 4, 5 and 6, respectively.

9. Since September, 2009 and continuing through the date of this declaration, I have worked on the reconciliation efforts with DPH Holdings Corp. ("DPH Holdings") to reconcile the Flextronics Administrative Claim and resolve various issues related thereto, including (a) whether the Debit Claim is entitled to administrative expense priority treatment, and the amount of such claim, and (b) the amount of the E&O Claim. Based on those

discussions, I state that the Parties have made significant progress in resolving the Debit Claim and the E&) Claim but, as of this date, the Parties require additional time to resolve all issues.

   10. I am informed and thereupon state that, on April 16, 2010, DPH Holdings and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors") filed the *Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims* (the "Objection"). The Objection seeks, in pertinent part, to disallow the Flextronics Administrative Claim on the grounds that "assert liabilities or dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims") [and, a]ccordingly, the Reorganized Debtors believe that the parties asserting Books And Records Claims are not creditors of the Debtors." *See* Objection at ¶13. The Reorganized Debtors seek entry of an order disallowing and expunging the Flextronics Administrative Expense Claim in its entirety. *Id.* at ¶17.

   11. This declaration is filed in support of the *Flextronics' Response To Reorganized Debtors' Forty-Seventh Omnibus Claims Objection (Claim No. 18940)* (the "Response") filed in response to the Objection. The Flextronics Administrative Claims includes documentation attesting to its existence, validity and the amounts shown as due and owing. As of this date, Flextronics contends that (a) $410,000 remains due and owing with regard to the Debit Claim and (b) not less than $647,326.92 remains due and owing with regard to the E&O

///

///

Claim.  Nonetheless, Flextronics reserves all rights with regard to final resolution of all issues pertaining to the amount of the Flextronics Administrative Expense Claim.

This Declaration was executed May 13, 2010 in Palm Harbor, Florida.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dana Coin_____
Dana Coin