TOGUT, SEGAL & SEGAL LLP
Co-Counsel for Delphi Corporation, *et al.*
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*                                   :
                                                               :
                                          Debtors.             :
                                                               :
---------------------------------------------------------------x

**STIPULATION AND ORDER RESOLVING OBJECTIONS BY FLEXTRONICS INTERNATIONAL LTD. TO APPROVAL AND/OR CONFIRMATION OF THE DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") and Flextronics International Ltd. (on behalf of itself and its affiliates and subsidiaries, "Flextronics"), by their counsel, stipulate and agree:

0544481090925000000000004

## Recitals

**WHEREAS,** on June 16, 2009, the Debtors filed their First Amended Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors in Possession (As Modified) (the "Plan") (Docket No. 17030); and

**WHEREAS,** Flextronics is party to purchase order SAG90I5682 with certain of the Debtors under which Flextronics supplies certain Debtors with certain goods and/or services (the "Flextronics Contract"); and

**WHEREAS,** on July 10, 2009, the Debtors filed their Notice Of Filing Of Notices Of Assumption And Assignment To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Services, Corp., As Applicable, Under Modified Plan Of Reorganization (the July 10 Notice"); and

**WHEREAS,** on July 13, 2009, the Debtors filed their Notice Of Filing of Certain Corrected Notices Of Assumption And Assignment Of Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned to Parnassus Holdings II, LLC Under Modified Plan Of Reorganization (the "July 13 Notice"); and

**WHEREAS,** on July 20, 2009, Flextronics filed its Limited Objection Relating to Assumption and Assignment of Executory Contracts (as corrected) (the "Flextronics Objection") (Docket No. 18545); and

**WHEREAS,** Flextronics asserts that it is owed monies for goods and/or services provided by Flextronics to the Debtors after the commencement of these cases under the Flextronics Contract (the "Flextronics Administrative Claim"); and

2

**WHEREAS,** Flextronics asserts as part of the Flextronics Administrative Claim that the Debtors improperly debited approximately $410,000 from postpetition amounts due to Flextronics ("Debit Claim"); and

**WHEREAS,** Flextronics asserts as part of the Flextronics Administrative Claim that the Debtors owe certain postpetition amounts relating to excess and obsolete inventory ("E&O Claim"); and

**WHEREAS,** the E&O Claim does not arise out of the Flextronics Contract and does not constitute a cure obligation; and

**WHEREAS,** the Debtors acknowledge that the E&O Claim is a claim entitled to administrative expense priority, but have not yet concluded their diligence as to the amount thereof, and reserve all of their rights with regard thereto; and

**WHEREAS,** the Debtors agree to use their best efforts to promptly reconcile and resolve the Debit Claim and E&O Claim, and the parties have agreed that absent a consensual reconciliation of the Debit Claim and E&O Claim, such Claim will be subject to the provisions of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, and 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (the "Claim Objection Procedures Order") (Docket No. 6088), as amended, and as the Claim Objection Procedures Order pertains to administrative expense claims; and

**WHEREAS,** on July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) To (i) First Amended Joint Plan Of

3

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession As Modified and (ii) Confirmation Order (Docket No. 18707); and

**WHEREAS,** the Debtors and Flextronics have reached an agreement to settle and resolve the Flextronics Objection; and

**THEREFORE**, in consideration of the foregoing Recitals and the provisions herein, the parties hereto stipulate and agree as follows:

1. This Stipulation shall become effective upon entry of an Order of the Bankruptcy Court approving the terms set forth herein (the "Effective Date").

2. The provisions set forth herein are for the benefit of the parties hereto and no other party. Except as expressly set forth herein, nothing contained herein constitutes an admission or waiver of any right, claim or defense in favor of the Debtors or Flextronics.

3. The Flextronics Contract is assumed and assigned in accordance with and pursuant to the Plan.

4. The E&O Claim is an administrative expense priority claim, and each of the parties hereto reserve their respective rights and claims regarding the amount of the E&O Claim.

5. Notwithstanding any provision in the Plan to the contrary, the Debtors will use their best efforts to conclude their reconciliation and payment of the Debit Claim asserted by Flextronics not later than 45 days after the Effective Date of the Plan (as defined in the Plan).

6. To the extent the Debit Claim is not allowed as an administrative expense priority claim, and it is determined that the Debit Claim is a prepetition obligation arising out of the Flextronics Contract, any amounts owing will be paid as part of the cure amount. However, if it is determined that amounts owing under the Debit Claim do not arise out of the Flextronics Contract that amount will not constitute a cure obligation.

7. If the parties are unable to conclude the reconciliation of the Flextronics Administrative Claim, within 45 days after the Effective Date, the Flextronics Administrative Claim will become subject to the Claims Objections Procedures.

8. Notwithstanding any provision in the Plan to the contrary, from and after June 1, 2009 through the date of Closing with any Buyer to which the Flextronics Contracts is assigned, the Debtors shall pay as Administrative Claims (as defined in the Plan), in the ordinary course of their business as and when such amounts became due, all agreed and allowed amounts due and owing under the Flextronics Contract from June 1, 2009 through the date of Closing with any Buyer to which the Flextronics Contract is assigned.

9. Notwithstanding any provision in the Plan to the contrary, and provided the Flextronics Contract is assumed under Article 8 of the Plan, the Flextronics Contract assignee that are or may be designated in the Plan shall assume liability with respect to any unpaid Administrative Claims in favor of Flextronics that become due on or after the date of Closing with the Buyers.

        10.       Except as provided in this Stipulation, the terms set forth herein are subject to Article 8 of the Plan.

        11.       Upon approval of this Stipulation by the Court, Flextronics shall file on the ECF docket of this case a Notice of Withdrawal of the Flextronics Objection, without prejudice to renew as it pertains to the amount of the Debit Claim.

        12.       The Bankruptcy Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation and Order.

| | |
|---|---|
| DELPHI CORPORATION, *et al.* | FLEXTRONICS INTERNATIONAL LTD., *et al.* |
| By their attorneys, | By their attorneys, |
| TOGUT, SEGAL & SEGAL LLP | Bialson, Bergen & Schwab |
| By: | By: |
| | |
| /s/ Neil Berger | /s/ Thomas M. Gaa |
| NEIL BERGER | Thomas M. Gaa |
| One Penn Plaza, Suite 3335 | 2600 El Camino Road, Suite 300 |
| New York, New York 10119 | Palo Alto, CA 94306 |
| (212) 594-5000 | (650) 857-9500 |
| | |
| Dated: New York, New York | Dated: Palo Alto, California |
| September 22, 2009 | September 22, 2009 |

The foregoing is So Ordered on the
<u>24th</u> day of September, 2009

/s/Robert D. Drain
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE