KELLEY DRYE & WARREN LLP
Talat Ansari
Jordan A. Bergman
Kristin S. Elliott
101 Park Avenue
New York, NY 10178
Tel:  (212) 808-7800
Fax: (212) 808-7897

Attorneys for Defendant, Tata America International
Corporation d/b/a TCS America

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 (RDD) |
| Debtors. | ) | (Jointly Administered) |
| DELPHI CORPORATION, *et al.*, | ) | Adv Pro. No. 07-02668 (RDD) |
| Plaintiffs, | ) | |
| v. | ) | |
| TATA AMERICA INTERNATIONAL CORP., | ) | |
| Defendant. | ) | |

**JOINDER OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A
TCS AMERICA TO (A) LIMITED OBJECTION OF MICROCHIP TECHNOLOGY
INCORPORATED TO REORGANIZED DEBTORS' MOTION FOR A
CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING
ADVERSARY PROCEEDINGS; AND (B) OBJECTION OF AURAMET
TRADING LLC REGARDING REORGANIZED DEBTORS' MOTION
FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS**

Tata America International Corporation d/b/a TCS America ( "Tata"), by its undersigned attorneys, Kelley Drye & Warren LLP, hereby joins (the "Joinder") and adopts the arguments set forth in the following objections (the "Objections") filed by Microchip Technology Incorporated and Auramet Trading LLC (collectively, the "Objectors") to the *Reorganized Debtors' Motion For a Case Management Order Establishing Procedures Governing Adversary Proceedings*, dated March 17, 2010 [Adv Pro. No. 07-02668, Docket No. 8] (the "Case Management Motion"):

> (1) LIMITED OBJECTION OF MICROCHIP TECHNOLOGY INCORPORATED TO REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS, dated April 9, 2010 [Case No. 05-44481, Docket No. 19794]; and,
>
> (2) OBJECTION OF AURAMET TRADING LLC REGARDING REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS, dated April 9, 2010 [Adv Pro. No. 07-02130, Docket No. 12].

The facts set out in the Objections are substantially the same with respect to Tata, except as more specifically stated herein, such that any relief granted for the benefit of one or more of the Objectors should be granted for Tata.

Tata supplements the facts set forth in the Objections as follows:

1.     On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.     Prior to the Petition Dates, Tata provided certain information technology services to the Debtors pursuant to a certain agreement entitled, General Terms and Conditions For Information Systems and Services, dated as of December 10, 2003.

2

3. The Debtors/Plaintiffs commenced this adversary proceeding against Tata on September 26, 2007 by filing the complaint (the "Complaint") under seal with the Clerk (seeking to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Tata of $4,602,230.76). However, Tata was not served with the Complaint until on or about April 5, 2010.

4. On March 17, 2010, prior to serving the Complaint upon Tata, the Debtors filed the Case Management Motion.

5. Upon review of the Objections, Tata joins in all arguments made therein and incorporates such arguments by reference in this Joinder.

## WAIVER OF MEMORANDUM

6. Tata respectfully requests that this Court waive the requirement contained in Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted because the issues raised in this Joinder are not novel. To the extent this Court determines that a memorandum of law is required, Tata requests that it be allowed to submit one at a date to be determined by the Court.

WHEREFORE, Tata, by its undersigned attorneys, joins and adopts the arguments set forth in the Objections, and respectfully requests that this Court enter an order (i) denying all the relief requested in the Case Management Motion unless it is modified in accordance with the proposed modifications in the Objections; and (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated: New York, New York
      May 13, 2010

KELLEY DRYE & WARREN LLP

By: */s/ Kristin S. Elliott*
Kristin S. Elliott
Jordan A. Bergman
Talat Ansari
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Attorneys for Defendant, Tata America
International Corporation d/b/a TCS America

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2010, I caused the foregoing ***JOINDER OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A TCS AMERICA TO (A) LIMITED OBJECTION OF MICROCHIP TECHNOLOGY INCORPORATED TO REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS; AND (B) OBJECTION OF AURAMET TRADING LLC REGARDING REORGANIZED DEBTORS' MOTION FOR A CASE MANAGEMENT ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS***, to be filed via this Court's CM/ECF System and served upon the parties listed below via United States First Class Mail.

| | |
|---|---|
| Butzel Long, A Professional Corporation<br>380 Madison Avenue – 22nd Floor<br>New York, New York 10017<br>Attn: Eric B. Fisher, Esq.<br>Barry N. Seidel, Esq. | Butzel Long, A Professional Corporation<br>150 West Jefferson – Suite 100<br>Detroit, Michigan 48226<br>Attn: Cynthia J. Haffey, Esq |
| Togut, Segal & Segal LLP<br>One Penn Plaza – Suite 3335<br>New York, New York 10119<br>Attn: Albert Togut, Esq. | U.S. Trustee<br>United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, New York 10601 |

*/s/ Jordan A. Bergman*
Jordan A. Bergman