Hearing Date and Time: July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)
Objection Date and Time: June 7, 2010 at 4:00 p.m. (Eastern Daylight Time)

HONIGMAN MILLER SCHWARTZ AND COHN LLP
I. W. Winsten (P30528)
Judy B. Calton (P38733)
Douglas Salzenstein (P59288)
Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendant GKN Sinter Metals LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____/

DELPHI CORPORATION, et al.                    Chapter 11
                                              Case No. 05-44481 (RDD)
                                              Jointly Administered
_____/

DELPHI CORPORATION, et al.,

    Plaintiffs,                               Adv. Pro. No. 07-02328 (RDD)

v

GKNS INTERMETALS,

    Defendant.
_____/

**NOTICE OF GKN SINTER METALS LLC TO: (A) VACATE CERTAIN PRIOR
ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; (C)
REFORM THE COMPLAINT TO NAME THE CORRECT DEFENDANT AND
DISMISS THE CLAIMS AGAINST THE NAMED DEFENDANT; AND (D) DISMISS
CLAIMS BASED ON ASSUMED CONTRACTS; OR (E) IN THE ALTERNATIVE,
REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

**PLEASE TAKE NOTICE THAT:**

1

Upon the annexed motion, dated May 14, 2010, Defendant GKN Sinter Metals LLC, through its attorneys, Honigman Miller Schwartz & Cohn LLP, filed its Motion To (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss The Complaint With Prejudice; (C) Reform The Complaint To Name The Correct Defendant And Dismiss The Claims Against The Named Defendant; And (D) Dismiss Claims Based On Assumed Contracts; Or (E) In The Alternative, Require Plaintiffs To File A More Definite Statement (the "**Motion**"). The Motion seeks entry of an order to (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss The Complaint With Prejudice; (C) Reform The Complaint To Name The Correct Defendant And Dismiss The Claims Against The Named Defendant; And (D) Dismiss Claims Based On Assumed Contracts; Or (E) In The Alternative, Require Plaintiffs To File A More Definite Statement. A hearing, with respect to the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard.

A copy of the Motion may be obtained by (a) contacting the attorneys for the Defendants, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, Michigan 48226 (Attn. I.W. Winsten, Esq., Judy B. Calton, Esq., Douglas Salzenstein, Esq. and Marcia Bennett Boyce, Esq.), Telephone: (313) 465-7000; (b) accessing the Court's website at http://www.nysb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (c) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; or (d) accessing the public website maintained by the Debtors' court-appointed claims and noticing agent in these cases at: **www.kccllc.net**

The deadline to file any objections and responses to the Motion is **June 7, 2010** at **4:00 p.m. (Eastern Daylight Time)** (the "**Objection Deadline**").

Objections and responses, if any, to the Motion must be in writing and must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Honigman Miller Schwartz and Cohn LLP, Attn. I.W. Winsten, Esq., Judy B. Calton, Esq., Douglas Salzenstein, Esq. and Marcia Bennett Boyce, Esq., 660 Woodward Avenue, 2290 First National Building, Detroit Michigan 48226; (ii) the Debtors, DPH Holdings Corp. (f/k/a Delphi Corporation, et al.), Attn: John Brooks, 5725 Delphi Drive, Troy, Michigan 48098; (iii) Butzel Long, Attn: Cynthia J. Haffey, Esq., 150 W. Jefferson Avenue, Suite 100, Detroit, Michigan 48226; (iv) Butzel Long, Attn: Eric Fisher, Esq., 380 Madison Avenue, 22nd Floor, New York, New York 10017; (v) Latham & Watkins, attorneys for The Official Committee of Unsecured Creditors, Attn: Mark A. Broude, Esq. and Robert J. Rosenberg, Esq., 885 Third Avenue, New York, New York 10022 and Warner Stevens, L.L.P., Attn: Michael D. Warner, Esq., 301

3

Commerce Street, Suite 1700, Fort Worth, Texas 76102; (vi) the Office of the United States Trustee for the Southern District of New York, Attn: Alicia M. Leonhard, Esq., Tracy Hope Davis, Esq. and Brian Masumoto, Esq., 33 Whitehall Street, 21st Floor, New York, New York 10004, so as to be received no later than the **Objection Deadline.**

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing. Failure to appear at the Hearing may result in relief being granted or denied upon default.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant GKN Sinter Metals LLC

By: /s/ Judy B. Calton
    I. W. Winsten (Michigan Bar No. P30528)
    Judy B. Calton (Michigan Bar No. P38733)
    Douglas Salzenstein (Michigan Bar No. P59288)
    Marcia Bennett Boyce (Michigan Bar No. P67584)
2290 First National Building
6660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
email: jcalton@honigman.com

Dated: May 14, 2010

DETROIT.4185544.1

Hearing Date and Time: July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)
Objection Date and Time: June 7, 2010 at 4:00 p.m. (Eastern Daylight Time)

HONIGMAN MILLER SCHWARTZ AND COHN LLP
I. W. Winsten (P30528)
Judy B. Calton (P38733)
Douglas Salzenstein (P59288)
Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendant GKN Sinter Metals LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

| | |
|---|---|
| DELPHI CORPORATION, et al. | Chapter 11<br>Case No. 05-44481 (RDD)<br>Jointly Administered |
| _____/ | |
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | Adv. Pro. No. 07-02328 (RDD) |
| v | |
| GKNS INTERMETALS, | |
| Defendant. | |
| _____/ | |

**MOTION OF GKN SINTER METALS LLC TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; (C) REFORM THE COMPLAINT TO NAME THE CORRECT DEFENDANT AND DISMISS THE CLAIMS AGAINST THE NAMED DEFENDANT; AND (D) DISMISS CLAIMS BASED ON ASSUMED CONTRACTS; OR (E) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

Defendant GKN Sinter Metals LLC ("**GKN**"), by its attorneys, Honigman Miller Schwartz and Cohn LLP, for its Motion To (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss The Complaint With Prejudice; (C) Reform the Complaint to Name the Correct Defendant and Dismiss The Complaint Against the Named Defendant; (D) Dismiss Claims Based On Assumed Contracts; Or (E) In The Alternative, Require Plaintiffs To File A More Definite Statement, relies on its Memorandum of Law in Support of Motion of GKN Sinter Metals Inc. to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumed Contracts; or (E) In the Alternative Require Plaintiffs to File a More Definite Statement (the "**Memorandum of Law**") filed contemporaneously herewith and the following exhibits hereto:

- A. Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 550 (Exhibit to D.I. 7 in Adv. Pro. No. 07-02328);
- B. Declaration of Craig Connop;
- C. Excerpted pages 21-24 of the Transcript of the March 19, 2008 Hearing;
- D. Excerpted pages 11-12 of the Transcript of the April 30, 2008 Hearing;
- E. Declaration of Jim Shaul;
- F. Excerpted pages of Notice of Assumption And/or Assignment of Executory Contracts or Unexpired Leases to Buyer in Connection with Sale of Steering and Halfshaft Business (D.I. 12323) and July 10, 2009 Notice of Filing Parnassus Assumption and Assignment Notices (D.I. 18076);
- G. Excerpted pages 15-16 of Bench Ruling in *Development Specialists, Inc. v. 1114 6th Avenue Co.*, No. 08-1418 (RDD) (March 5, 2009), *aff'd on other grounds*; 09-civ-5047(DLC) (S.D. N. Y. September 4, 2009).

1

Accordingly, for the reasons stated above and the reasons set forth in the Affinia Motion,[1] (which, along with the motions of the other avoidance defendants, has been incorporated hereto), GKN respectfully seeks an order from the Court:

(1) Vacating the Extension Orders pursuant to the Court's discretionary authority because: (a) enforcement of the orders against GKN would violate its due process rights; (b) cause did not exist to extend the time for service of the Complaint; and/or (c) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

(2) Dismissing with prejudice the Complaint against GKN, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b), on the ground that it: (a) is barred by the 2-year statute of limitations; and/or (b) does not comply with the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009);

(3) Reforming the Complaint to name GKN as the Defendant and dismissing the Complaint as to GKNS Intermetals Inc.;

(4) Dismissing the Complaint because Plaintiffs assumed the Assumed GKN Contracts;

(5) In the alternative, dismissing the Complaint with prejudice on the ground that it is barred by laches, judicial estoppel or res judicata;

(6) In the alternative, if the Complaint is not dismissed, the Court should order Delphi to file a more definite statement with respect to its Complaint; and

(7) For such further relief as is proper and just.

---

[1] Capitalized terms not defined herein have the meaning as defined in the Memorandum of Law.

2

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant GKN Sinter Metals LLC


By: /s/ Judy B. Calton
    I. W. Winsten (Michigan Bar No. P30528)
    Judy B. Calton (Michigan Bar No. P38733)
    Douglas Salzenstein (Michigan Bar No. P59288)
    Marcia Bennett Boyce (Michigan Bar No. P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
email: jcalton@honigman.com

Dated: May 14, 2010

DETROIT.4180876.1

3