# EXHIBIT B

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (P38733)
Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendant GKN Sinter Metals, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

DELPHI CORPORATION, et al.                        Chapter 11
                                                  Case No. 05-44481 (RDD)
                                                  Jointly Administered
_____/     Honorable Robert D. Drain
DELPHI CORPORATION, et al.,

    Plaintiffs,                                   Adv. Pro. No. 07-02328 (RDD)

v

GKNS INTERMETALS,

    Defendant.
_____/

## DECLARATION OF CRAIG CONNOP

Craig Connop declares as follows:

1. I am the Vice President - Finance with responsibility including IT and Purchasing of GKN Sinter Metals, LLC ("**GKN**").

2. I make this Declaration upon personal knowledge and, if called as a witness, would testify to the facts contained herein.

3. The caption names "GKNS Internmetals ("GKNS") as the Defendant. To the best of my knowledge, information and belief, no such entity as "GKNS" exists, and the Plaintiffs intended to name GKN as the Defendant.

4. Until March 2010, GKN did not know that in late September 2007 or early October 2007, Delphi Corporation and its affiliates or successors (collectively, "**Delphi**") commenced a lawsuit under seal against GKN (or against "GKNS") seeking to avoid and recover $1.2 million in transfers made by Delphi.

5. Since October 2007, the GKN personnel who had the direct contact on behalf of GKN with Delphi and were most knowledgeable about GKN's relationship and business dealings with Delphi ("**Former Key Employees**") have left. It is likely that other potential GKN personnel with knowledge about the Delphi relationship and potential witnesses have also left GKN's employ.

6. Because GKN did not know it had been sued by Delphi, GKN followed its normal procedures of, after preserving certain limited information, cleaning the hard drives of the computers of its terminated employees, including the Former Key Employees, without taking steps to preserve information necessary or helpful to its defense of Delphi's lawsuit.

7. Similarly, because GKN did not know it had been sued by Delphi, GKN made no arrangements with its Former Key Employees to obtain information about the issues in the lawsuit or to keep in touch with them. To the best of my knowledge, at least one Former Key Employee no longer resides in the United States.

8. Because GKN did not know it had been sued by Delphi, GKN took no special steps to organize and preserve its records with respect to Delphi.

9. If GKN had known that Delphi had sued it, GKN could have and would have taken special steps to organize and preserve its records with respect to Delphi, hold exit interviews with Former Key Employees and make arrangements to maintain contact with the Former Key Employees in case GKN would need them to provide litigation information or serve as witnesses.

10. GKN has been substantially prejudiced in its ability to defend this adversary proceeding by the delay in receiving notice of the complaint against GKN.

11. I make this Declaration under penalty of perjury.

_____
Craig Connop

Executed in Auburn Hills, Michigan
on May 07, 2010

DETROIT.4160098.1