# EXHIBIT E

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (P38733)
Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendant GKN Sinter Metals, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

DELPHI CORPORATION, et al.                    Chapter 11
                                              Case No. 05-44481 (RDD)
                                              Jointly Administered
_____/

DELPHI CORPORATION, et al.,

    Plaintiffs,                               Adv. Pro. No. 07-02328 (RDD)

v

GKNS INTERMETALS,

    Defendant.
_____/

### DECLARATION OF JIM SHAUL

Jim Shaul declares as follows:

1. I am the Executive Director Sales and Marketing of GKN Sinter Metals, LLC ("**GKN**").

2. I make this Declaration upon personal knowledge and, if called as a witness, would testify to the facts contained herein.

3.  Although apparently Delphi Corporation and its affiliates or successors (collectively "**Delphi**") sued GKN in October 2007 to recover over $1.2 million in transfers, GKN did not know of the lawsuit until March 2010.

4.  During the two and a half years between Delphi filing the lawsuit and GKN learning about it, Delphi and GKN had numerous business discussions and reached agreement on several significant business arrangements, including the following:

   a.  GKN was awarded and accepted additional volume on ongoing parts it had been supplying to Delphi prior to October 2007;

   b.  GKN and Delphi negotiated and agreed to surcharges and raw material adjustments on ongoing business;

   c.  When prepetition contracts would have expired by their own terms, GKN and Delphi agreed to new contracts for GKN to continue supplying Delphi with the same parts; and

   d.  GKN was awarded new business on new programs.

5.  If GKN had known about the lawsuit Delphi had filed against it, it would have negotiated differently with Delphi. In particular, GKN had significant negotiating power with respect to the new contracts to continue supplying Delphi with the same parts it had been supplying under expiring contracts, because it would have been difficult, time consuming and expensive for Delphi to resource the production to an alternative supplier. If GKN had known of the lawsuit, GKN would have refused to accept the new contracts to replace expiring contracts unless Delphi dismissed the lawsuit.

6. GKN has been substantially prejudiced by Delphi concealing from GKN for two and half years that it was suing GKN because GKN agreed on business terms with Delphi to which it never would have agreed if it had known Delphi was suing it.

7. I make this Declaration under penalty of perjury.

_____  5-7-2010
Jim Shaul

Executed in Auburn Hills, Michigan
on May 7, 2010

DETROIT.4169060.1