# EXHIBIT G

```
 1

 2    UNITED STATES BANKRUPTCY COURT

 3    SOUTHERN DISTRICT OF NEW YORK

 4    Adv. Case No. 08-01421-rdd, Lead Case No. 06-12226-rdd

 5    - - - - - - - - - - - - - - - - - - - -x

 6    In the Matter of:

 7    COUDERT BROTHERS, LLP,

 8           Debtor.

 9    - - - - - - - - - - - - - - - - - - - -x

10    DEVELOPMENT SPECIALISTS, INC.,

11                    Plaintiff,

12          -against-

13    WEISER REALTY ADVISORS LLC, ET AL.,

14                    Defendants.

15    - - - - - - - - - - - - - - - - - - - -x

16             U.S. Bankruptcy Court

17             One Bowling Green

18             New York, New York

19

20             March 5, 2009

21             10:11 a.m.

22

23    B E F O R E:

24    HON. ROBERT D. DRAIN

25    U.S. BANKRUPTCY JUDGE
```

1

2    MOTION to Dismiss Adversary Proceeding 08-01421

3

4    MOTION to Dismiss Adversary Proceeding 08-01418

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by: Sharona Shapiro

```
 1

 2    A P P E A R A N C E S :

 3    SMITH, GAMBRELL & RUSSELL, LLP

 4         Attorneys for Plaintiff

 5         250 Park Avenue

 6         New York, NY 10177

 7

 8    BY:  J. JOSEPH BAINTON, ESQ.

 9

10    WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

11         Attorney for Defendants

12         3 Gannett Drive

13         White Plains, NY 10604

14

15    BY:  WILLIAM J. KELLY, ESQ.

16         THOMAS R. MANISERO, ESQ.

17

18

19

20

21

22

23

24

25
```

Development Specialists, Inc. v. Weiser Realty Advisors, LLC

1   complaint, which seeks to avoid as a fraudulent transfer the
2   debtor's entry into an amendment of its New York lease as of
3   September 23, 2005 which provided for, among other things, a
4   partial surrender of its premises to the landlord in the Grace
5   Building as well as a modification of rent going forward; a
6   return or termination of the debtor's interest in subleases
7   that went hand in hand with the surrender of space; certain
8   other modifications of the lease; a return of a portion of the
9   security deposit; and payments in connection with the entry by
10  Coudert into an agreement with Baker & Mckenzie with respect to
11  the transfer of the fourth floor and the forty-second through
12  forty-fourth floors of the building (The payment resolved an
13  interest of the landlord in such payments under the original
14  lease and related disputes); and, finally, a modification of
15  the term of the remaining lease so that it would expire in 2008
16  -- on June 30, 2008 -- as opposed to in 2013.
17          The motion to dismiss contends that because the
18  debtor in possession assumed the lease as modified during the
19  course of its Chapter 11 case, that the plaintiff is now
20  estopped, primarily under a theory of judicial estoppel, from
21  avoiding the transfers pursuant to the lease modification that
22  I've just summarized.
23          The movant relied upon numerous cases that have
24  granted motions to dismiss preference actions after the
25  underlying contract, pursuant to which the preferential

Development Specialists, Inc. v. Weiser Realty Advisors, LLC

1   transfer was allegedly made, had been assumed.  In addition,

2   the movant relied upon three cases in which that fact pattern

3   was extended from preference avoidance actions to actions to

4   avoid fraudulent transfers.  See Official Committee of

5   Unsecured Creditors v. Aust, (In re Network Access Solutions

6   Corp.), 330 B.R. 67 (Bankr. D. Del. 2005); Vision Metals Inc.

7   v. SMS Demag, Inc. (In re Vision Metals Inc.), 325 B.R. 138,

8   141 (Bankr. D. Del. 2005), reh'g granted, 327 B.R. 719 (Bankr.

9   D. Del. 2005)(both of those decisions are by Judge Walrath), as

10  well as Schnelling v. Crawford (In re James River Coal Co.),

11  360 B.R. 139 (Bankr. E.D. Va. 2007).

12          Given the requirement under Section 365 to cure all

13  defaults, including pre-petition defaults, under an executory

14  contract before such contract can be assumed, the logic of the

15  preference cases relied upon by the landlord was crystal clear

16  to me.  It was less clear to me that judicial estoppel, as a

17  result of assumption of an executory contract or lease, would

18  extend to the fraudulent transfer cause of action where the

19  contract or lease had been amended pre-petition and that

20  amendment was sought to be avoided as a fraudulent transfer.

21          That concern on my part was enhanced by the fact that

22  in each of the three cases that I have cited, all of which I

23  agree with completely, the parties had specifically agreed to a

24  release of claims or it was clear that such a release had been

25  contemplated at the time of the action in question, which might