Hearing Date and Time: July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)
Objection Date and Time: June 7, 2010 at 4:00 p.m. (Eastern Daylight Time)

HONIGMAN MILLER SCHWARTZ AND COHN LLP
I. W. Winsten (P30528)
Judy B. Calton (P38733)
Douglas Salzenstein (P59288)
Marcia Bennett Boyce (P67584)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendant GKN Sinter Metals LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

DELPHI CORPORATION, et al.                        Chapter 11
                                                  Case No. 05-44481 (RDD)
                                                  Jointly Administered
_____/

DELPHI CORPORATION, et al.,

    Plaintiffs,                                   Adv. Pro. No. 07-02328 (RDD)

v

GKNS INTERMETALS,

    Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GKN SINTER METALS
LLC TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS
THE COMPLAINT WITH PREJUDICE; (C) REFORM THE COMPLAINT TO NAME
THE CORRECT DEFENDANT AND DISMISS THE CLAIMS AGAINST THE NAMED
DEFENDANT; AND (D) DISMISS CLAIMS BASED ON ASSUMED CONTRACTS; OR
(E) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE
<u>STATEMENT</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

    A.    Delphi Files An Avoidance Complaint Against GKN................................................2

    B.    GKN Did Not Receive Constitutionally Sufficient Notice..............................................2

    C.    GKN Suffers Prejudice During The Time It Had No Notice Of The Complaint ................4

    D.    Delphi Assumed GKN's Contracts..................................................................................5

    E.    The Avoidance Complaint Provides Little To No Information .........................................6

ARGUMENT...................................................................................................................................6

    A.    The Extension Orders Are Void Due to Lack of Due Process .........................................6

    B.    Prepetition Payments on Assumed Contracts Cannot Be Avoided as Preferential .............8

    C.    The Complaint Should Be Reformed to Name the Proper Defendant................................9

CONCLUSION................................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ............................................................................................................9

*Development Specialists, Inc. v. 1114 6th Avenue Co.*, LLC, No. 08-1418 (RDD) (March
   5, 2009), *aff'd*, 09-Civ-5047 (DLC) (S.D.N.Y. September 4, 2009) ....................................8

*In re Johns-Manville Corp.*,
   __ F.3d __, 2010 WL 1007832 (2d Cir. 2010) ................................................................ 7-8

*In re Kiwi International Air Lines, Inc.*,
   344 F.3d 311 (3d Cir. 2003) ...................................................................................................8

**STATUTES**

11 U.S.C. §107 ...............................................................................................................................9

11 U.S.C. §547(b)(5) .....................................................................................................................8

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7012(b) ..............................................................................................................9

Fed. R. Civ. P. 12(b)(6) .................................................................................................................9

Defendant GKN Sinter Metals LLC ("**GKN**"), by its undersigned counsel, respectfully states:

## PRELIMINARY STATEMENT

The Reorganized Debtors, as successor to Delphi Corporation, et al. (collectively, "**Delphi**"), have purportedly filed 177 separate avoidance actions, including: (i) this action against GKN; and (ii) a separate action filed against Affinia Group Holdings, Inc., Affinia Canada Corp., and Brake Parts, Inc. (among others) (collectively, "**Affinia**"). GKN and Affinia are represented by the same counsel, Honigman Miller Schwartz and Cohn LLP.

On April 29, 2010, Affinia filed a motion seeking to: (a) vacate certain prior orders of this Court; (b) dismiss Delphi's avoidance complaint with prejudice; and (c) dismiss Delphi's claims against certain defendants; or (d) in the alternative, require Delphi to file a more definite statement (the "**Affinia Motion**") (D. I. 41 in Adversary Proceeding No. 07-02198 (the "**Affinia Proceeding**"), supported by a comprehensive memorandum of law. (D. I. No. 42 in the Affinia Proceeding (the "**Affinia Memorandum of Law**"). Because the arguments raised by Affinia in the Affinia Memorandum of Law apply with equal force to GKN (and to avoid submitting multiple, nearly identical briefs to the Court), GKN incorporates the facts and arguments (and defined terms) set forth in the Affinia Memorandum of Law.[1]

However, GKN also has the following *additional facts and arguments* to present in support of the dismissal of the Complaint.

---

[1] Numerous other motions have been filed by the defendants in other of the various avoidance actions. Those motions also seek the dismissal of the avoidance complaints on various legal grounds. Because the facts surrounding those actions are, in many respects, similar to those found here, GKN also incorporates all applicable arguments raised by the other defendants in their dismissal motions.

1

## STATEMENT OF FACTS

### A.  Delphi Files An Avoidance Complaint Against GKN

On or about September 28, 2007, Delphi opened a file for an adversary proceeding against GKN, seeking to recover $1.2 million in alleged preferential transfers. *See* the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 550 (Exhibit to D.I. 7 in Adv. Pro. No. 07-02328, attached to GKN's Motion as Exhibit A) (the "**Complaint**"). Delphi served this Complaint on March 24, 2010, 2½ years after the statute of limitations expired and 4½ years after the alleged preferential transfers were purportedly made.[2]

### B.  GKN Did Not Receive Constitutionally Sufficient Notice

Prior to late March 2010, when Delphi finally unsealed the Complaint against GKN and served GKN with a motion seeking yet another extension of time to serve GKN, GKN did not know the Debtors had previously filed, under seal, the instant avoidance Complaint or that the Debtors were seeking to avoid over $1.2 million in alleged preferential transfers that the Debtors purportedly made to GKN nearly 4½ years ago. Prior to unsealing the Complaint, *each and every* representation made by the Debtors, whether in their pleadings or during oral argument, suggested no preference action would be prosecuted against GKN.

For example, in the Debtors' Preservation of Estate Claims Procedure Motion (the "**First Extension Motion**"), filed on August 6, 2007 (D.I. 8905), the Debtors abandoned numerous causes of action, including avoidance actions for transfers to a party of less than $250,000 in the aggregate and those on account of "payments to foreign suppliers." *See* First Extension Motion, ¶¶ 25, 26. The Debtors also stated their intention to abandon claims where "valid defenses

---

[2] Delphi has named as the defendant "GKNS Intermetals Inc." ("**GKNS**"). No such entity as "GKNS" exists. Declaration of Craig Connop ¶ 3, attached to GKN's Motion as Exhibit B. Upon information and belief, Plaintiffs intended to name GKN as the Defendant. GKN asks that the Complaint be reformed to name GKN as the defendant and that GKNS be dismissed.

exist." *Id.* ¶ 30. The Court granted the First Extension Motion in the Preservation of Estate Claims Procedures Order (D.I. 9105) (the "**Procedures Order**").

Shortly thereafter, on or about December 10, 2007, the Debtors filed their First Amended Joint Plan of Reorganization (D.I. 11386) (the "**Confirmed Plan**"), which was confirmed by order of the Court dated January 25, 2008. (D.I. 12359) (the "**Confirmation Order**"). Exhibit 7.24 to the Confirmed Plan, which set forth the actions the Debtors sought to retain under the Confirmed Plan, notably did not contain any reference to GKN or the $1.2 million avoidance Complaint. Thus, the Confirmed Plan implicitly represented that no avoidance action was being retained with respect to GKN.

The Debtors' Second Extension Motion, filed on February 8, 2008, reaffirmed this very representation. See Extension of Avoidance Action Service Deadline Motion (D.I. 12922) ("**Second Extension Motion**"). There, the Debtors represented that they would "not retain any causes of action asserted in the [adversary proceedings] except those specifically listed in Exhibit 7.24 of the Plan." *Id.* ¶ 17. In fact, the Debtors expressly stated that of the 742 adversary proceedings that were purportedly commenced under seal, <u>only</u> the claims related to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co, Inc., and their affiliates and subsidiaries (the "**Laneko Defendants**"), were subject to the Court's initial Procedures Order. *Id.* ¶ 17 n.4. During oral argument on their extension motion, counsel for the Debtors represented that: "[t]he plan [only] reserve[d] or retain[ed] the ability to pursue a very small number of avoidance actions." See March 19, 2008 Tr. p. 22, attached to GKN's Motion as Exhibit C.

The Debtors' Third Extension Motion, filed on April 10, 2008, continued along this same path, lulling GKN into believing no avoidance action had or would be filed. *See*

3

Postconfirmation Extension of Avoidance Action Service Deadline Motion (D.I. 13361) (the "**Third Extension Motion**"). For example, the Third Extension Motion expressly provided, once again, that only the claims related to the Laneko Defendants were subject to the initial Procedures Order. *Id.* ¶ 18 n.4. Indeed, during oral argument, counsel for the Debtors specifically represented and admitted that the:

> reasons we gave specific notice to Lenico (sic) and Wachovia was because ***those were the only two parties that had been identified under Exhibit 7.24 of the plan as having the avoidance actions preserved under the plan*** and, therefore, we gave particularized notice to them of the relief sought by the debtors.

(April 30, 2008 Tr. pp. 11-12, attached to GKN's Motion as Exhibit D) (emphasis supplied).

Thus, during this entire time period, the Debtors not only kept their Complaint a secret, but specifically represented, time and again, that they had abandoned all avoidance actions other than those filed against the Laneko Defendants. Accordingly, based on the Debtors' own representations, GKN could not have anticipated, and had no notice, prior to March 2010, that a preference action had or would be filed against it.

### C. GKN Suffers Prejudice During The Time It Had No Notice Of The Complaint

During the time Delphi intentionally concealed the avoidance actions, the GKN personnel who had the direct contact on behalf of GKN and were most knowledgeable about GKN's relationship with Delphi left GKN. Declaration of Craig Connop, ¶ 5, Exhibit B to GKN's Motion. In fact, one key GKN former employee has left the country. *Id.* ¶ 7. Because GKN received no notice of the Complaint, it took no special steps to preserve its former employees' papers and electronic documentation, and believes that documentation critical to GKN's defense of this adversary proceeding has been lost. *Id.* ¶¶ 6-7. If GKN had known that Delphi commenced an action it could have taken special steps to organize and preserve its records with

4

respect to Delphi and its ability to keep in contact with former employees. *Id.* ¶¶ 8-9. As a result, GKN has suffered prejudice, and will be harmed in its ability to defend this action because it did not know between 2007 and 2010 that this action had been filed.

Moreover, during the time Delphi kept its sealed complaint against GKN a secret from GKN, Delphi and GKN had numerous business discussions and reached agreement on several significant business arrangements. Declaration of Jim Shaul, attached as Exhibit E to GKN's Motion. If GKN had known about the lawsuit Delphi had filed against it, it would have negotiated differently with Delphi. In particular, GKN had significant negotiating power with respect to new contracts to continue supplying Delphi with the same parts it had been supplying under expiring contracts, because it would have been difficult, time consuming and expensive for Delphi to resource the production to an alternative supplier. If GKN had known of the lawsuit, GKN would have refused to accept the new contracts to replace expiring contracts unless Delphi dismissed the lawsuit. *Id.* ¶5

GKN has been substantially prejudiced by Delphi concealing from GKN for two and half years that it was suing GKN because GKN agreed on business terms with Delphi to which it never would have agreed if it had known Delphi was suing it. *Id.* ¶6.

### D. <u>Delphi Assumed GKN's Contracts</u>

During the period after Delphi had commenced its adversary proceeding against GKN but kept it concealed from GKN, Delphi assumed and assigned nine contracts with GKN (the "**Assumed GKN Contracts**"). These assumptions were in connection with the sale of Delphi's steering and halfshaft business to Steering Solutions Corporation and its assumption and assignment of executory contracts to Parnassus. *See* the Notice of Assumption and/or Assignment of Executory Contracts or Unexpired Leases to Buyers In Connection with Sale of Steering and Halfshaft Business (D.I. 12323) and July 10, 2009 Notice of Filing Parnassus

5

Assumption and Assignment Notices (D.I. 18076) (excerpted pages of these Notices are attached to GKN's Motion as collective Exhibit F). Not knowing of the pendency of the Complaint against it, GKN did not object to the assumption or the cure costs.

### E. The Avoidance Complaint Provides Little To No Information

Finally, like the Complaint filed in the Affinia Proceeding, the Complaint against GKN is bare-bones, providing no information other than the alleged "transfer date," "transfer amount" and "transfer type" for the numerous transfers that Delphi seeks to avoid. For example, the Complaint does not identify which of the numerous Debtors actually owed the money allegedly transferred. The Complaint also does not identify which Debtor actually made the alleged payments (or out of which Debtor's bank account) or under which GKN contract payment was allegedly made, such as payment under the Assumed GKN Contracts. Indeed, the Complaint does not even allege that: (i) it was the Debtors who, in fact, made the transfers at issue; (ii) the transfers were made to GKN; or (iii) that the payments were under unassumed executory contracts. Instead, the Complaint only states, in the most general terms, that the Debtors "made, or caused to be made, the Transfers" and that they were made "to, or for the benefit of [GKN]." *Id.* ¶¶ 10-13. (emphasis added). In fact, the Complaint even fails to set forth the identity of the actual plaintiffs (*i.e.*, which Delphi entities are suing GKN); instead, the Complaint merely states that it is brought on behalf of "Delphi Corporation ('Delphi') and other [unnamed] above-captioned debtors and debtors in possession." *Id.* (Introductory Paragraph & n.1).

## ARGUMENT

### A. The Extension Orders Are Void Due to Lack of Due Process

In addition to the due process arguments set forth in the Affinia Motion, GKN submits that the Procedures Order and the orders approving the Debtors' various motions prior to March

6

25, 2010 to extend the time to serve defendants (the "**Extension Orders**") are void as to GKN because GKN did not receive constitutionally sufficient notice.

This conclusion is dictated by the Second Circuit's recent decision in *In re Johns-Manville Corp.*, __ F.3d __, 2010 WL 1007832 (2d Cir. 2010). In *Johns-Manville*, the Court held that Chubb Indemnity Insurance Company's ("Chubb's") due process rights were violated notwithstanding the fact that Chubb had received publication notice of the hearing that ultimately led to the orders at issue. In so doing, the Second Circuit explained that even if a third-party receives notice of a hearing, due process prohibits binding the third-party where the party does not have sufficient information that would allow it to intelligently understand that its rights were going to be permanently affected (necessitating a need to appear and defend). Id. at *16-20. Indeed, the court concluded that, based on the information provided, Chubb could not anticipate that its rights were being foreclosed. The court explained:

> In order to comprehend that the contemplated channeling injunction would bar Chubb's *in personam*, non-derivative claims against Travelers, the recipient of this Notice would have to predict that the bankruptcy court would exceed its *in rem* jurisdiction in entering the 1986 Orders. Such a recipient would also have to be presumed to know-or to be able to discern from the 1984 Notice document-the factual extent of Travelers' relationship with Manville, which ultimately served as the lynchpin of the bankruptcy court's 2004 interpretation of the 1986 Orders. The bankruptcy court's fact findings are presently uncontested, and Chubb was undoubtedly a "sophisticated insurer" in the early 1980s. But we cannot attribute to Chubb the sort of prescience that these predictions would have required, and the August 2, 1984 Notice was insufficient to communicate these issues.

*Id.* at *19 (internal citations omitted).

That exact sort of prescience would have been required of GKN here. Until March, 2010, GKN had absolutely no idea that a sealed avoidance complaint had been filed 2 ½ years earlier. The Debtors abandoned numerous causes of action in their First Extension Motion and Exhibit

7.24 to the Confirmed Plan – which identified the actions the Debtors sought to retain under the plan – made no reference to GKN or the Complaint. The Debtors also repeatedly represented, both in their written pleadings and during oral argument, that they were not retaining any avoidance actions other than claims related to the Laneko Defendants. Thus, prior to March 2010, the representations made by the Debtors suggested that the Debtors would not pursue an avoidance action against GKN, and GKN certainly had the right to take the Debtors' express representations at face value. As in *Johns-Manville*, based on the information provided, GKN could not predict, from the way the proceedings were unfolding and the notice provided, that an avoidance action was pending against it and that its rights would be permanently compromised unless it appeared and objected to the various Extension Motions. As such, under *Johns-Manville*, it would violate GKN's due process rights if it were bound by the Extension Orders.

### B. Prepetition Payments on Assumed Contracts Cannot Be Avoided as Preferential

Delphi assumed and assigned the Assumed GKN Contracts in connection with the sale of their steering and halfshaft business and the assumption and assignment of contracts to Parnassus. Because a preference action is precluded by a debtor's assumption of its agreement with the creditor, Delphi's assumption of the Assumed GKN Contracts precludes Plaintiffs from establishing their *prima facie* case under 11 U.S.C. §547(b)(5). *In re Kiwi International Air Lines, Inc.*, 344 F.3d 311, 313-319 (3d Cir. 2003); *Development Specialists, Inc. v. 1114 6th Avenue Co., LLC*, Bench Ruling at page 16, No. 08-1418 (RDD) (March 5, 2009) ("Given the requirement under Section 365 to cure all defaults, including pre-petition defaults, under an executory contract before such contract can be assumed, the logic of the preference cases relied upon by the landlord was crystal clear to me."), *aff'd on other grounds*, 09-Civ-5047(DLC)(S.D.N.Y. September 4, 2009). (A copy of excerpted pages of the Bench Ruling is

8

attached to GKN's Motion as Exhibit G.) Thus the Complaint against GKN should be dismissed because Delphi is precluded from avoiding payments under the Assumed GKN Contracts.

### C. The Complaint Should Be Reformed to Name the Proper Defendant

Delphi named "GKNS Intermetals Inc." ("GKNS") as the Defendant in this adversary proceeding. To the best of GKN's knowledge, no such entity as GKNS exists, and Plaintiffs intended to name GKN Sinter Metals Inc. as the Defendant. See Declaration of Craig Connop, ¶3, Exhibit B to GKN's Motion. The Complaint should be reformed to name GKN Sinter Metals LLC ("GKN") as the Defendant and dismissed as to GKNS.

## CONCLUSION

Accordingly, for the reasons stated above and the reasons set forth in the Affinia Motion (which, along with the motions of the other avoidance defendants, has been incorporated herein), GKN respectfully seeks an order from the Court:

- Vacating the Extension Orders pursuant to the Court's discretionary authority because: (a) enforcement of the orders against GKN would violate its due process rights; (b) cause did not exist to extend the time for service of the Complaint; and/or (c) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

- Dismissing with prejudice the Complaint against GKN, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b), on the ground that it: (a) is barred by the 2-year statute of limitations; and/or (b) does not comply with the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009);

- Dismissing the Complaint because Plaintiffs assumed the Assumed GKN Contracts;

- Reforming the Complaint to name GKN as the defendant and dismissing the complaint against GKNS.

- Dismissing the Complaint with prejudice on the ground that it is barred by laches, judicial estoppel or res judicata; and

- In the alternative, if the Complaint is not dismissed, the Court should order Delphi to file a more definite statement with respect to its Complaint.

9

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant GKN Sinter Metals LLC


By: /s/ Judy B. Calton
    I. W. Winsten (Michigan Bar No. P30528)
    Judy B. Calton (Michigan Bar No. P38733)
    Douglas Salzenstein (Michigan Bar No. P59288)
    Marcia Bennett Boyce (Michigan Bar No. P67584)
2290 First National Building
6660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
email: jcalton@honigman.com

Dated: May 14, 2010

DETROIT.4180877.1

10