| | |
|---|---|
| Lisa Piece Reisz (*pro hac vice* pending)<br>Tiffany Strelow Cobb (admitted *pro hac vice*)<br>Jesse Cook-Dubin (admitted *pro hac vice*)<br>**VORYS, SATER, SEYMOUR AND PEASE LLP**<br>52 E. Gay Street / P.O. Box 1008<br>Columbus, Ohio 43216-1008<br>Telephone:  (614) 464-8322<br>Facsimile:   (614) 719-4663<br>E-mail:  tscobb@vorys.com | Hearing Date:  July 22, 2010 @ 10:00 am<br>Objection Deadline:  June 7, 2010<br>Reply Due:  July 2, 2010 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 05-44481-rdd |
| DPH Holdings Corp., et al. | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| Delphi Corporation, et al., | : | Adv. Case No. 07-02291 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Carlisle, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF CARLISLE COMPANIES INCORPORATED FOR JUDGMENT ON THE PLEADINGS AND JOINDER TO MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548 OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL**

Carlisle Companies Incorporated ("Carlisle"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(c) as incorporated in the above-captioned adversary proceeding ("Adversary Proceeding) by Federal Rule of Bankruptcy Procedure 7012(b), hereby files its Motion for Judgment on the Pleadings and Joinder to Motions (i)

Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including those Commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for such Adversary Proceedings, (ii) Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel (the "Motion").

In support of its Motion, Carlisle joins and adopts the arguments set forth in the following dismissal motions and any subsequently filed dismissal motions consistent therewith (collectively, the "Dismissal Motions"), and incorporates by reference the exhibits to the Dismissal Motions:

- Motion by Wagner-Smith Company Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Order Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding With Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated February 5, 2010 (Docket No. 19401);

- Motion by Microchip Technology Incorporated Seeking an Order (i) Pursuant to Fed R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) In the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated March 15, 2010 (Docket No. 19677); and

- Motion of Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Valeo, Inc. and Valeo Schalter Und Sensoren GmbH to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumption of Contracts; or (E) in the Alternative, to Require Plaintiffs to File a More Definite Statement and Memorandum of Law in support thereof (Docket Nos. 20009 and 20010).

In further support of its Motion, Carlisle states as follows:

Debtors filed a motion on August 6, 2007, which in pertinent part, sought authority to file numerous avoidance complaints under seal and to extend the period within which to serve such complaints and the related summonses (the "Preservation of Estate Claims Procedures Motion"). On February 28, 2008, Debtors filed their motion seeking to extend the service deadline relative to certain avoidance complaints and summonses (the "Extension of Avoidance Action Service Deadline Motion"). Thereafter, on April 10, 2008, Debtors filed a postconfirmation motion again seeking to extend the deadline within which to serve these avoidance complaints and summonses (the "Postconfirmation Extension of Avoidance Action Service Deadline Motion"). Yet again, on October 2, 2009, Debtors filed their "supplemental" postconfirmation motion seeking to extend the service deadlines a third time (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"). (The Preservation of Estate Claims Procedures Motion, the Extension of Avoidance Action Service Deadline Motion, the Postconfirmation Extension of Avoidance Action Service Deadline Motion and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion are collectively referred to herein as "Debtors' Motions").

Carlisle did not receive notice or service of the Debtors' Motions prior to the hearings or decisions on such motions. Carlisle did not receive notice or service of the orders entered in connection with Debtors' Motions until March 2010. Indeed, Carlisle is not listed on any applicable Master Service List or Rule 2002 List in connection with the Debtors' Motions.[1]

---

[1] The law firm of Vorys, Sater, Seymour and Pease LLP ("Vorys") is listed on the Rule 2002 List; however, prior to March 2010, Vorys had not been retained by and did not represent Carlisle and was only listed on the Rule 2002 list as counsel to other entities unrelated to Carlisle. See Verified Rule 2019 Statement filed on October 26, 2005 (Docket No. 681); see also Amended Verified Rule 2019 Statement filed on December 21, 2005 (Docket No. 1584) (each identifying other clients unrelated to Carlisle). Carlisle first retained Vorys in March 2010 in connection with this Adversary Proceeding.

3

Carlisle learned of the Adversary Proceeding for the first time in March 2010 – over two and a half years after the applicable two-year statute of limitations pursuant to 11 U.S.C. § 546(a) expired – when it received settlement correspondence and a copy of the Adversary Proceeding Complaint. Only after reviewing the Complaint and downloading the bankruptcy case and adversary proceeding dockets from PACER did Carlisle become aware of the Debtors' Motions and the orders granting them.

Pursuant to Federal Rule of Civil Procedure 12(c), which applies to this Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b), "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c); Fed. R. Bankr. P. 7012(b). Carlisle incorporates herein by reference its Answer filed in the Adversary Proceeding. Here, for the reasons set forth above and for the reasons set forth more fully in the Dismissal Motions, judgment on the pleadings is warranted in this Adversary Proceeding.

WHEREFORE, for the foregoing reasons and for the reasons set forth more fully in the Dismissal Motions, Carlisle respectfully requests that the Court grant the following relief:

1) Enter an order pursuant to Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024 vacating as to Carlisle the orders of this Court dated August 16, 2007, March 28, 2008, April 30, 2008, and October 22, 2009 on the grounds that the Debtors failed to provide Carlisle with notice of the underlying motions pursuant to which the Orders were entered and Carlisle did not receive timely notice of the Orders;

2) Enter an order in the Adversary Proceeding granting judgment on the pleadings in favor of Carlisle on the grounds that a) the Court must dismiss the Adversary

Proceeding with prejudice pursuant to Federal Rule of Civil Procedure 4(m), and b) the claims in the Complaint are barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and in turn fails to state a claim upon which relief may be granted;

3) in the alternative, Enter an order in the Adversary Proceeding granting judgment on the pleadings in favor of Carlisle on the ground that the claims in the Complaint are barred by judicial estoppel; and

4) Enter an order granting such further relief as is just and proper.

Dated: May 14, 2010                              Respectfully submitted,


/s/ Tiffany Strelow Cobb_____
Lisa Piece Reisz (*pro hac vice* pending)
Tiffany Strelow Cobb (admitted *pro hac vice*)
Jesse Cook-Dubin Cobb (admitted *pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone:  (614) 464-8322
Facsimile:   (614) 719-4663
E-mail:  tscobb@vorys.com

Attorneys for Defendant
Carlisle Companies Incorporated