**Hearing Date: July 22, 2010 at 10:00 a.m. ET**
**Objection Deadline: June 7, 2010 at 4:00 p.m. ET**

SCOTT A. WOLFSON  (admitted *Pro Hac Vice*)
ANTHONY J. KOCHIS (admitted *Pro Hac Vice*)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7103
Facsimile:  (248) 247-7099
E-Mail:  swolfson@wolfsonbolton.com

*Attorneys for Access One Technology Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————/

In re:

DELPHI CORPORATION, *et al*.,                    Chapter 11
                                                 Case No. 05-44481-RDD
                    Debtor.                       Jointly Administered

——————————————————————/


DELPHI CORPORATION, *et al*.,

                                                 Adversary Proceeding No. 07-02142
                    Plaintiffs,

     v.

ACCESS ONE TECHNOLOGY,

                    Defendant.

——————————————————————/

**NOTICE OF MOTION BY ACCESS ONE TECHNOLOGY GROUP, LLC SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024 VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS; (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012 DISMISSING THIS ADVERSARY PROCEEDING WITH PREJUDICE; (III) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL; (IV) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUND OF RES JUDICATA; AND (V) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUNDS THAT IT FAILS TO PLEAD FACTS <u>SUFFICIENT TO STATE A CLAIM FOR RELIEF</u>**

**PLEASE TAKE NOTICE** that upon the accompanying motion and all other pleadings and proceedings herein, Access One Technology Group, LLC ("Access One"), by its undersigned counsel, Wolfson Bolton PLLC, moves this Court before the Honorable Robert  D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on July 22, 2010 at 10:00 a.m. or such other date and time as soon thereafter as the Court may direct, for an Order (i) pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 vacating prior orders establishing procedures for certain adversary proceedings, including those commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and extending the time to serve process for such adversary proceedings; (ii) pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012 dismissing this adversary proceeding with prejudice; (iii) in the alternative, dismissing this adversary proceeding on the ground of judicial estoppel; (iv) in the alternative, dismissing this adversary proceeding on the ground of res judicata; and (v) in the alternative, dismissing this adversary proceeding on the grounds that it fails to plead facts sufficient to state a claim for relief; and (vi) for such other and further relief as the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, in opposition to the relief requested must be filed with the Court and served upon the undersigned counsel for Access One no later than June 7, 2010 at 4:00 p.m. ET ("Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion and the relief requested therein must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System which can be found at

2

www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of

the Bankruptcy Court's case filing system and, by all other parties in interest, on 1 3.5 inch disk,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format and must be served in accordance with General Order M-242, with a courtesy

copy delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy

Judge, and served on Wolfson Bolton PLLC, 3150 Livernois, Suite 275 Troy, MI 48082, in

accordance with General Order M-182, so as to be received no later than the Objection Deadline.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Attorneys for Access One*

Dated: May 14, 2010                    By:___/s/ Anthony J. Kochis_____
                                                   Scott A. Wolfson (P53194)
                                                   Anthony J. Kochis (P72020)
                   3150 Livernois, Suite 275
                   Troy, MI  48083
                   Telephone:  (248) 247-7105
                   Facsimile:  (248) 247-7099
                   E-Mail:  akochis@wolfsonbolton.com

**Hearing Date: July 22, 2010 at 10:00 a.m. ET**
**Objection Deadline: June 7, 2010 at 4:00 p.m. ET**

SCOTT A. WOLFSON  (admitted *Pro Hac Vice*)
ANTHONY J. KOCHIS (admitted *Pro Hac Vice*)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7103
Facsimile:  (248) 247-7099
E-Mail:  swolfson@wolfsonbolton.com

*Attorneys for Access One Technology Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————/

In re:

DELPHI CORPORATION, *et al*.,                      Chapter 11
                                                   Case No. 05-44481-RDD
                  Debtor.      Jointly Administered

———————————————————————/


DELPHI CORPORATION, *et al*.,

                  Plaintiffs,      Adversary Proceeding No. 07-02142

   v.

ACCESS ONE TECHNOLOGY,

                  Defendant.

———————————————————————/

**MOTION BY ACCESS ONE TECHNOLOGY GROUP, LLC SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024 VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS; (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012 DISMISSING THIS ADVERSARY PROCEEDING WITH PREJUDICE; (III) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL; (IV) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUND OF RES JUDICATA; AND (V) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUNDS THAT IT FAILS TO PLEAD <u>FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF</u>**

4

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................7

STATEMENT OF FACTS ....................................................................................10

ARGUMENT...........................................................................................................16

I. THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST ACCESS ONE ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE DELPHI'S INTENTIONAL FAILURE TO PROVIDE ACCESS ONE WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF AND THAT SUCH FAILURE TO PROVIDE NOTICE IS A VIOLATION OF DUE PROCESS…………………………………………15

A. The Complaint Was Improperly Filed under Seal Pursuant to § 107 of the Bankruptcy Code........................................................................................................17

B. Access One Was Not Served with Notice of the Motions in Support of the Preservation of Estate Claims Procedures Order and Each of the Extension Orders……………………………………………………...…………..……19

II. THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED. .........................................................................................20

III. IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED...............................................................23

IV.  IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY RES JUDICATA AND SHOULD BE DISMISSED……………………………………….…………………………25

V.  IN THE ALTERNATIVE, THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED………………………………………………………………………… 26

MEMORANDUM OF LAW ........................................................................................30

CONCLUSION............................................................................................................30

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Air Line Pilots Ass'n Int'l v. Am.Nat'l Bank & Trust Co.(In re Ionosphere Clubs)*,156 B.R.414 (S.D.N.Y. 1993)…….................................................................................................................. 17, 18

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) ........................................................................... 27, 28

*Angell v. Haveri* (*In re Careamerica*), 409 B.R. 346 (Bankr. E.D.N.C. 2009) ..................... 28, 29

*Bank of Cape Verde v. Bronson*, 167 F.R.D. 370 (S.D.N.Y.1996)…………………………………………..21

*Barcia v. Sitkin*, 367 F.3d 87 (2d Cir. 2004)......................................................................... 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 27

*Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965) ................................................................ 22

*Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co*., 1991 U.S. Dist. LEXIS 2761 (S.D.N.Y. Mar. 8, 1991).......................................................................................................... 22

*Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503 (S.D.N.Y. 1999) ................... 21

*Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 288 B.R. 701 (Bankr. S.D.N.Y. 2003) ........................................................................................................ 22

*Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.)*, 55 B.R. 253 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224 (S.D.N.Y. 1986) ............................................................................................................................ 24, 25

*Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1 (1st Cir. 2005) ..... 17

*Grannis v. Ordean*, 234 U.S. 385 (1914)................................................................................ 19

*In re Cornwall*, 9 Blatchf. 114; 6 F.Cas. 586 (C.C.D. Conn. Sept. Term 1871)........................................ 22

*In re Food Management Group, LLC*, 359 B.R. 543 (Bankr. S.D.N.Y. 2007).................................... 17, 18

*In re I. Appel Corp.,* 300 B.R. 564 (Bankr. S.D.N.Y. 2003)......................................................... 25

*In re Venture Mortgage Fund, L.P.,* 245 B.R. 460 (2000), *aff'd,* 282 F.3d 185 (2d Cir. 2002)............ 23, 24

*Int'l Asset Recovery Corp. v. Thomsom McKinnon Sec. Inc.,* 335 B.R. 520 (S.D.N.Y. 2005) .................. 25

*Morse v. Perrotta (In re Perrotta)*, 406 B.R. 1 (Bankr. D. N.H. 2009)......................................... 22

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ....................................... 19

*Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv*., 169 F.R.D. 28 (W.D.N.Y. 1996) .............. 23

*New Hampshire v. Maine*, 532 U.S. 742 (2001) ....................................................................... 23, 24

*Rosenshein v. Kleban*, 918 F.Supp. 98 (S.D.N.Y. 1996) ....................................................... 23, 24

*Video Software Dealers Ass'n v. Orion Pictures Corp.(In re Orion Pictures),* 21 F.3d 24 (2d Cir. 1994). ............................................................................................................................ 18, 19

*Weigner v. City of New York*, 852 F.2d 646 (2d Cir. 1988) ....................................................... 19

**Statutes**

11 U.S.C. § 546(a) .................................................................................................................... 20

11 U.S.C. § 107.......................................................................................................................... 17, 18

28 U.S.C. § 2075 .................................................................................................................... 21, 22

**Rules**

Fed. R. Bankr. P. 7012 ............................................................................................................ 23

Fed. R. Civ. P. 4(m)................................................................................................................. 21

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 23

Fed. R. Civ. P. 60(b) ................................................................................................................................. 16

**Other Authorities**

Hon. William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice § 109:16 (3d.
ed. 2009) ................................................................................................................................................. 25

Defendant Access One, through its attorneys, Wolfson Bolton PLLC, and for its Motion Seeking An Order (I) Pursuant To Fed. R. Civ. P. 60 And Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures For Certain Adversary Proceedings, Including Those Commenced By The Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, Or 549, And Extending The Time To Serve Process For Such Adversary Proceedings; (II) Pursuant To Fed. R. Civ. P. 12(b) And Fed. R. Bankr. P. 7012 Dismissing This Adversary Proceeding With Prejudice; (III) In The Alternative, Dismissing This Adversary Proceeding On The Ground Of Judicial Estoppel; (IV) In The Alternative, Dismissing This Adversary Proceeding On The Ground Of Res Judicata; And (V) In The Alternative, Dismissing This Adversary Proceeding On The Grounds That It Fails To Plead Facts Sufficient To State A Claim For Relief ("Motion") states:

## PRELIMINARY STATEMENT

1.      Delphi Corporation, *et al.* (collectively, "Debtors" or "Delphi") filed this adversary proceeding against Defendant Access One under seal on September 28, 2007.  A fundamental tenet in American jurisprudence is that all court proceedings should be open to the public, because the public has a right, rooted in the First Amendment, to know about the administration of justice.  Another core tenet in American jurisprudence is that a party is entitled to notice that it is being sued.  Neither of these principles were followed in this case. Through a series of motions without notice to Access One, Debtors have twisted the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure by filing complaints under seal and indefinitely extending the two-year statute of limitations under 11 U.S.C. § 546(a).  Access One was not provided with notice of any of the motions extending the time by which Delphi could serve the complaints in the underlying adversary proceedings, and such failure to give notice

constitutes a deprivation of due process under the circumstances of this case.  Further, Delphi's

skeletal Complaint (defined below) against Access One fails to plead facts sufficient to state a

claim for relief.  Accordingly, Access One seeks an order of the Court:

    i.   vacating, with respect to Access One, pursuant to Fed. R. Civ. P. 60 and

Fed. R. Bankr. P. 9024, the orders of this Court, dated August 16, 2007 the

"Preservation of Estate Claims Procedures Order"  [Docket No. 9105];

March 28, 2008 the "Extension of Avoidance Action Service Deadline

Order" [Docket No. 13277]; April 30, 2008 the "Postconfirmation

Extension of Avoidance Action Service Deadline Order" [Docket No.

13484]; and October 22, 2009 the "Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Order" [Docket No.

18999] (together with the Extension of Avoidance Action Service

Deadline Order and Postconfirmation Extension of Avoidance Action

Service Deadline Order, the "Extension Orders"), on the grounds that each

is void against Access One by virtue of Debtors' intentional failure to

provide Access One with notice of the motions;

    ii.   dismissing, with prejudice, the Complaint to Avoid and Recover Transfers

Pursuant to 11 U.S.C. §§ 547 and 550 ("Complaint") against Access One,

pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012 on the ground

that it is barred by the two-year statute of limitations imposed by 11

U.S.C. § 546(a) and, therefore, fails to state a claim upon which relief may

be granted; or

iii.  in the alternative, dismissing the Complaint on the ground that it is barred by judicial estoppel; or

iv.  in the alternative, dismissing the Complaint on the ground that it is barred by res judicata;

v.  in the alternative, dismissing, the Complaint on the ground that it fails to plead facts sufficient to state a claim for relief and therefore does not comply with the pleading requirements of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

## STATEMENT OF FACTS

2.      On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

*3.*      Prior to the commencement of Debtors' cases, Access One provided computer and information technology services and goods to Debtors.

*(i) Preservation of the Estate Claims Procedure Motion and Order*

4.      On August 6, 2007, Debtors filed the Preservation of Estate Claims Procedures Motion [Docket No. 8905] seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.  Specifically, the  Preservation of Estate Claims Procedures Motion requested the following relief: (i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to serve certain adversary summonses and complaints; (ii) a stay of the applicable adversary proceedings until service of process was

10

effected; and (iii) permitting the Plaintiffs to file complaints under seal.  *Id.*, ¶¶ 33-38.

5.      The relief sought in the Preservation of Estate Claims Procedures Motion, was, according to Debtors, meant to "preserve the status quo," and "potentially valuable assets without disrupting the plan process or existing business relationships prematurely or prejudicing the rights of any defendants," as well as to "avoid having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact, most of them likely will be resolved by a reorganization plan and never pursued."  *Id.,* ¶¶ 33-34.

6.      In addition, as it relates to the request to file the complaints under seal, the Debtors also sought to so act in order to "avoid unnecessarily alarming potential defendants," and because "Debtors have worked to preserve and repair their business relationship with many of the potential defendants during these cases and have negotiated or regained favorable credit terms with many suppliers and are continuing to do so."  *Id.,* ¶ 37.

7.      Access One was not provided with notice of the Preservation of Estate Claims Procedures Motion.  *See* Affidavit of Service [Docket No. 9039].

8.      On August 16, 2007, the Court entered the Preservation of Estate Claims Procedures Order, granting the relief requested in the Preservation of Estate Claims Procedures Motion by (i) allowing Debtors to file adversary proceeding complaints under seal; (ii) directing the Clerk of the Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of their intent to prosecute such actions; (iii) staying each adversary action unless and until the Debtors effectuated service of process on the respective defendants; and (iv) extending the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  *See* Preservation of Estate Claims Procedures Order, ¶¶ 7-10 [Docket No.

9105].

*(ii) Commencement of Adversary Proceeding Against Access One and Plan Confirmation*

9.      On September 28. 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint under seal with the Clerk.  The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Access One in the aggregate amount of  $1,456,934.70.  (Adversary Proceeding 07-02142, Complaint attached as Exhibit 1).

10.      The statute of limitations for commencing avoidance actions pursuant to Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553 expired on October 8, 2007.  *See* 11 U.S.C. § 546(a).

11.      On January 25, 2008, the Court entered an order confirming the Debtors' first amended joint plan of reorganization ("Plan").  *See* Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, dated January 25, 2008 ("Confirmation Order") [Docket No. 12359].

*(iii) Extension of Avoidance Action Service Deadline Motion and Order*

12.      On February 8, 2008, Debtors filed the Extension of Avoidance Action Service Deadline Motion, seeking to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend, for a second time, the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.  *See* Extension of Avoidance Action Service Deadline Motion, ¶ 18 [Docket No. 12922]

13.      The stated purpose for this extension was to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not

unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants." *Id.*, ¶ 21.

14.    In the Extension of Avoidance Action Service Deadline Motion, Debtors also stated that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."[1] *Id*., ¶ 17. In fact, Debtors stated that only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order. *Id.*, ¶ 17, n.4.

15.    Access One was not provided with notice of the Extension of Avoidance Action Service Deadline Motion.  *See* Affidavit of Service [Docket No. 12970].

16.    On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended to May 31, 2008. *See* Extension of Avoidance Action Service Deadline Order, ¶ 2 [Docket No. 13277].

*(iv) Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order*

17.    On April 10, 2008, Debtors filed the Postconfirmation Extension of Avoidance

---

[1] Exhibit 7.24 to the Plan apparently was never filed with the Court.  Section 14.3 of the Confirmed Plan and Modified Plan (defined below) provide that the Debtors "may alter, amend, or modify any Exhibits to this Plan under Section 1127(a) of the Bankruptcy Code **at any time prior to the Confirmation Date**." (Emphasis added). The Confirmation Date was January 25, 2008. Thus, after January 25, 2008, the Debtors did not have the right under the Modified Plan to amend or add to Exhibit 7.24 (renumbered as Exhibit 7.19 in the Modified Plan).

Action Service Deadline Motion, seeking to extend, for a third time, the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.  *See* Postconfirmation Extension of Avoidance Action Service Deadline Motion, ¶ 19 [Docket No. 13361].

18.    The stated purpose for this extension was identical to the purpose set forth in support of the Extension of Avoidance Action Service Deadline Motion, namely, to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants." *Id.,* ¶ 22.

19.    The Postconfirmation Extension of Avoidance Action Service Deadline Motion once again stated that (i) Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 of the Plan;" and (ii) that only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.  *Id.,* ¶ 18 and n.4. Unlike Access One, these three entities were provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.  *Id.*, ¶ 18, n.4.

20.    Access One was not provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.  *See* Affidavit of Service [Docket No. 13415].

21.    On April 30, 2008, the Court entered the Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate

14

Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service

Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a

defendant in the adversary proceedings with a summons and complaint was further extended

until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11

plan for the Debtors and December 31, 2008.  *See* Postconfirmation Extension of Avoidance

Action Service Deadline Order, ¶ 2 [Docket No. 13484].

> *(v) Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order*

22.    On October 2, 2009, Debtors filed the Supplemental Postconfirmation Extension

of Avoidance Action Service Deadline Motion, seeking to further modify Paragraph 8 of the

Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance

Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service

Deadline Order, so as to extend, for a fourth time, the deadline under Fed. R. Civ. P. 4(m) by

which the Debtors were required to serve process until 180 days after substantial confirmation of

the Modified Plan.  *See* Supplemental Postconfirmation Extension of Avoidance Action Service

Deadline Motion, ¶ 16 [Docket No. 18952].

23.    Debtors stated that this further extension was necessary in light of the fact that

Debtors now anticipated that they would retain 177 of the adversary proceedings filed under seal.

Debtors asserted that 30 days after substantial consummation of the Modified Plan was not

sufficient time to "assess the ongoing relationship with certain defendants and whether events

since initiating the [adversary proceedings] have impacted the Debtors' estimated recoveries,"

and determine whether to pursue such retained adversary proceedings.  Debtors also asserted that

an extension "would reduce the administrative and economic burdens of the [retained adversary

proceedings] on the Debtors and the potential defendants." *Id.,* ¶¶ 17, 19.

24.     Access One was not provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.  *See* Affidavit of Service [Docket No. 18967].

25.     On October 22, 2009, the Court entered the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve a defendant in the adversary proceedings with a summons and complaint was further extended until 180 days after substantial confirmation of the Modified Plan.  *See* Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, ¶ 2 [Docket No. 18999].

*(vi) Service on Access One*

26.     Access One was served with the Complaint on or about February 23, 2010, <u>over two years after the limitations period provided by Bankruptcy Code § 546(a) expired</u>.

## ARGUMENT

**I. THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST ACCESS ONE ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE DELPHI'S INTENTIONAL FAILURE TO PROVIDE ACCESS ONE WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF AND THAT SUCH FAILURE TO PROVIDE NOTICE IS A VIOLATION OF DUE PROCESS.**

27.     Federal Rule of Civil Procedure 60(b), as made applicable by Fed. R. Bankr. P. 9024, provides, in relevant part: "On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . . (6) any other reason that justifies relief."

16

28.     Access One respectfully submits that the combination of permitting Delphi to file
the Complaint under seal -- thereby preventing Access One from discovering that it had been
sued -- while continually extending the time to serve process in excess of two years past the
expiration of the statute of limitations set forth in Bankruptcy Code §546(a) -- also without
notice to Access One -- has resulted in a proceeding devoid of procedural due process.

29.     Accordingly, and for the reasons set forth below, the Preservation of Estate
Claims Procedures Order and each of the Extension Orders must be vacated as against Access
One.

**A. The Complaint Was Improperly Filed under Seal Pursuant to § 107 of the
Bankruptcy Code.**

30.     There "is a strong presumption and public policy in favor of public access to court
records," which is "rooted in the public's First Amendment right to know about the
administration of justice."  *In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr.
S.D.N.Y. 2007) (internal citations and quotations omitted).  In fact, the "public interest in
openness of court proceedings is at its zenith when issues concerning the integrity and
transparency of bankruptcy court proceedings are involved."  *Id.*; *see also Gitto v. Worcester
Telegram & Gazette Corp. (In re Gitto Global Corp.),* 422 F.3d 1, 7 (1st Cir. 2005) ("This
governmental interest is of special importance in the bankruptcy arena, as unrestricted access to
judicial records fosters confidence among creditors regarding the fairness of the bankruptcy
system.").

31.     Section 107(a) of the Bankruptcy Code codifies the common law right of public
access in the bankruptcy setting and provides, in relevant part, that "a paper filed in a case under
this title and the dockets of a bankruptcy court are public records and open to examination by an
entity at reasonable times without charge."  11 U.S.C. § 107(a).  The "plain meaning of § 107(a)

17

mandates that all papers filed with the bankruptcy court are 'public records' unless the

bankruptcy court 'decides to protect the information pursuant to the standards set forth in [§]

107(b).'" *In re Food Management Group, LLC*, 359 B.R. at 553 (quoting *Air Line Pilots Ass'n

Int'l v. Am. Nat'l Bank and Trust Co.* (*In re Ionosphere Clubs*), 156 B.R. 414, 433 n.7 (S.D.N.Y.

1993)).

32.    Section 107(b) of the Bankruptcy Code establishes two exceptions to the general

right of access, where, under "compelling or extraordinary circumstances" an exception is

necessary. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),*

21 F.3d 24, 27 (2d Cir. 1994).  Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may – (1)
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information; or (2) protect a
> person with respect to scandalous or defamatory matter contained
> in a paper filed in a case under this title.

11 U.S.C. § 107(b).  However, "a judge must carefully and skeptically review sealing requests to

insure that there really is an extraordinary circumstance or compelling need" to keep the material

private.  *In re Food Management Group, LLC*, 359 B.R. at 554 (internal citation and quotation

omitted).

33.    Debtors invoked § 107(b)(1) when requesting that the Court permit the filing of

the avoidance action complaints under seal.  As mentioned above, in the Preservation of Estate

Claims Procedures Motion, the Debtors sought to characterize preservation of the status quo and

existing business relationships as "commercial information" in need of protection.  Debtors

further alleged that they "have worked to preserve and repair their business relationship with

many of the potential defendants during these cases and have negotiated or regained favorable

credit terms with many suppliers and are continuing to do so." Preservation of Estate Claims

18

Procedures Motion, ¶ 37.

34.    Commercial information, however, has never been defined so broadly as to protect information that would be prejudicial to Debtors *vis-à-vis* their own creditors.  Rather, commercial information has been defined "as information which would cause an *unfair advantage to competitors* by providing them information as to the commercial operations of the debtor."  *In re Orion Pictures Corp.,* 21 F.3d at 27 (emphasis added).  Access One is not a competitor of the Debtors.  The fact that the Debtors were seeking to avoid allegedly preferential payments to Access One was, therefore, not "commercial information" that needed to be kept, or should have been kept, confidential.

35.    Accordingly, the Preservation of Estate Claims Procedures Order, as it relates to the authority to file the Complaint under seal, should be vacated as to Access One.

### B. Access One Was Not Served with Notice of the Motions in Support of the Preservation of Estate Claims Procedures Order and Each of the Extension Orders.

36.    It has long been held that the "fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). This right to be heard, however, "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Thus, an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314; *Barcia v. Sitkin*, 367 F.3d 87, 107 (2d Cir. 2004); *Weigner v. City of New York*, 852 F.2d 646, 654 (2d Cir. 1988).

37.    Under the circumstances of this case, Access One has been deprived of due

process due to the failure of Debtors to provide Access One with notice of the Preservation of

Estate Claims Procedures Order and Extension Orders and Debtors' intentional actions to keep

Access One in the dark as to its status as a defendant.

38.    Debtors attempted to justify this lack of procedural due process on the grounds

that it "avoid[ed] unnecessarily alarming potential defendants" and "having to force all potential

defendants to retain counsel to defend against adversary proceedings when, in fact, most of them

likely will be resolved by a reorganization plan and never pursued." *See* Preservation of Estate

Claims Procedures Motion, ¶¶ 34, 37.  These justifications have no merit. Debtors had an option

- either sue the defendants or not sue the defendants.

39.    For all of the foregoing reasons, the Preservation of Estate Claims Procedures

Order and the Extension Orders should be vacated as against Access One.

## II.  THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED.

40.    Section 546(a) of the Bankruptcy Code provides:

> An action or proceeding under section 544, 545, 547, 548, or 553
> of this title may not be commenced after the earlier of – (1) the
> later of – (A) 2 years after the entry of the order for relief; or (B) 1
> year after the appointment or election of the first trustee under
> section 702, 1104, 1163, 1202, or 1302 of this title if such
> appointment or such election occurs before the expiration of the
> period specified in subparagraph (A); or (2) the time the case is
> closed or dismissed.

11 U.S.C. § 546(a).

41.    Accordingly, the deadline for commencing an adversary proceeding against

Access One on account of an allegedly avoidable transfer expired on October 8, 2007.

42.    Delphi filed the Complaint under seal on September 28, 2007, but did not serve

Access One with the Complaint until on or around February 23, 2010 - over two years after the

statute of limitations expired.

43.     To bridge the gap between the time that Access One should have been served with the Complaint and the date on which it was actually served with the Complaint, Delphi relies on the Extension Orders, which were entered without notice to the one entity that had an adverse interest, namely, Access One.  Rule 4(m) of the Federal Rules of Civil Procedure, made applicable by Fed. R. Bankr. P. 7004(a), provides, in relevant part:

> *Time Limit for Service*. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

44.     The Extension Orders should not have been entered, as good cause did not exist to extend the time to serve process as a matter of law.

45.     Good cause generally exists under Fed. R. Civ. P. 4(m) where the failure to serve process in a timely manner is the result of circumstances beyond the plaintiff's control.  *Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y. 1999).  It does not exist, however, in situations like the one at hand - where Delphi knew and was able to serve Access One, but simply choose not to do so.[2]

46.     The use of procedural rules to obtain a result not contemplated by the

---

[2] As support for extending the time to serve process on defendants, Debtors cited *Bank of Cape Verde v. Bronson*, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) for the proposition that good cause existed where future events would have likely "obviated the need to serve the . . . complaint" and when the plaintiff requested the extension before the deadline expired.  This case is inapplicable to the facts here.  In *Bank of Cape Verde*, the third-party plaintiff was pursuing good-faith settlement negotiations with the plaintiff and third-party defendants, and had already served all or most of the parties to the action before the expiration of the 120-day deadline.  Access One was not, and could not have been, in settlement negotiations with Delphi, as it did not even know that it had been sued.

accompanying substantive law is simply not permitted. *See* 28 U.S.C. § 2075 (rules prescribed

by the United States Supreme Court "shall not abridge, enlarge, or modify any substantive

right"); *see also Morse v. Perrotta (In re Perrotta),* 406 B.R. 1, 8 (Bankr. D. N.H. 2009)

("Therefore, to the extent that the Bankruptcy Rules and the Bankruptcy Code are inconsistent,

the statute controls.").  Moreover, while it is true that courts have the discretion to extend the

time for service of process, such extensions were not warranted here.  Courts have held that

statutes of limitation are statutes of repose, and they "are enacted upon the presumption, that one

having a well-founded claim will not delay enforcing it beyond a reasonable time, if he has the

power to sue." *In re Cornwall*, 9 Blatchf. 114, 6 F.Cas. 586, 591 (C.C.D. Conn. Sept. Term

1871).  Indeed, the purpose of statutes of repose is primarily to give notice to plaintiffs of the

time within which to bring suit and to potential defendants of the time beyond which exposure to

liability ceases. *Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co.*, 1991 U.S. Dist.

LEXIS 2761 (S.D.N.Y. Mar. 8, 1991).

47.     Statutes of repose, which are designed to protect defendants, are only to be

outweighed where "the interests of justice require vindication of the plaintiff's rights." *Family*

*Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 288 B.R. 701,

705 (Bankr. S.D.N.Y. 2003).  Such circumstances occur where the plaintiff has not slept on its

rights, has commenced a timely state court action in a court of competent jurisdiction, the

particular defect in the complaint is waivable and frequently waived, and where the defendant

"*could not have relied upon the policy of repose embodied in the limitation statute, for it was*

*aware that [the plaintiff] was actively pursuing his . . . remedy.*" *Id.* (quoting *Burnett v. N.Y.*

*Cent. R.R. Co.*, 380 U.S. 424, 428-29 (1965)) (emphasis added).

48.     Here, Access One was entitled to rely, had no reason not to rely, and indeed

22

relied, upon the policy of repose embedded within § 546(a) of the Bankruptcy Code, having

received no notice for more than two years after the statute of limitations had expired that it had

been sued by Delphi.  Further, Access One could not have discovered that it had been sued

because the Complaint had been filed under seal.

49.    Thus, while it is generally the policy of the courts to decide cases on the merits

where possible -

> if the Rules are to mean anything, parties must diligently try to
> follow them and courts must enforce them, even if it means that
> cases must sometimes be finally determined on procedural grounds
> rather than on their substantive merits.

*Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv*., 169 F.R.D. 28, 35 (W.D.N.Y.

1996).

50.    By not giving notice to Access One that it had been sued and denying Access One

the right to be heard and object to the motions supporting the Preservation of Estate Claims

Procedures Order and each of the Extension Orders, Delphi has maneuvered itself into a corner

where the Complaint should be dismissed on procedural and not substantive grounds.

51.    Accordingly, the Complaint should be dismissed for failure to state a claim upon

which relief can be granted.  Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

## III. IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.

52.    The equitable principle of judicial estoppel "prevents a party from asserting a

factual position in a legal proceeding that is contrary to a position previously taken by [that

party] in a prior legal proceeding."  *In re Venture Mortgage Fund, L.P.,* 245 B.R. 460, 471

(2000), *aff'd*, 282 F.3d 185 (2d Cir. 2002). The purpose of judicial estoppel is to "protect the

integrity of the judicial process . . . by prohibiting parties from deliberately changing positions

according to the exigencies of the moment."  *New Hampshire v. Maine*, 532 U.S. 742, 749

(2001); *see also Rosenshein v. Kleban*, 918 F.Supp. 98, 104 (S.D.N.Y. 1996) ("Judicial estoppel

is invoked . . . to prevent the party from playing fast and loose with the courts, and to protect the

essential integrity of the judicial process.").  Put simply, one cannot blow hot and cold.

53.     In the Second Circuit, the following two factors must be satisfied to invoke the

doctrine of judicial estoppel: (i) the party against whom estoppel is asserted took an inconsistent

position in a prior proceeding, and (ii) the first tribunal adopted the inconsistent position in some

manner, such as by rendering a favorable judgment.  *In re Venture Mortgage Fund, L.P.,* 245

B.R. at 472. The doctrine, however, does not depend upon prejudice to the party invoking it.

*Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie*

*Des Monnaies of Geneva, Ltd.)*, 55 B.R. 253, 260 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224

(S.D.N.Y. 1986).

54.     Both factors are satisfied here.  First, the Extension of Avoidance Action Service

Deadline Motion states that Debtors would "not retain any of the causes of action asserted in the

[adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan." Extension

of Avoidance Action Service Deadline Motion, ¶ 17.  In fact, Debtors stated that, of the 742

adversary proceedings commenced under seal, only the claims relating to Laneko Engineering

Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and

subsidiaries were subject to the Preservation of Estate Claims Procedures Order.  *Id.* ¶ 17, n.4.

Debtors reiterated this assertion in their Postconfirmation Extension of Avoidance Action

Service Deadline Motion.  Postconfirmation Extension of Avoidance Action Service Deadline

Motion, ¶ 18 and n.4.  Second, the Court, in entering the orders upon the representations set forth

in the Extension of Avoidance Action Service Deadline Motion and the Postconfirmation

24

Extension of Avoidance Action Service Deadline Motion, adopted the inconsistent position asserted by Debtors.

55.     Debtors have now reversed course.  By serving the Complaint on Access One, Debtors are taking a position directly contrary to the legal position they previously asserted in two of their motions – which original position was adopted by the Court in its entry of the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order.  Such action is impermissible and, accordingly, the Complaint should be dismissed.  *See Galerie Des Monnaies of Geneva, Ltd.*, 55 B.R. at 260 (granting defendant's motion to dismiss where debtor who stated in its disclosure statement that it has no preference actions "may not thereafter reverse its field and commence a preference action for its own benefit.").

## IV. IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY RES JUDICATA AND SHOULD BE DISMISSED.

56.     Delphi lacks standing to pursue the Complaint because Debtors did not retain a cause of action against Access One.

57.      "The confirmation of a bankruptcy plan of reorganization must be accorded res judicata effect . . . [and] prevents the subsequent assertion of any claim not preserved in the plan as required by § 1123(b)(3)." *In re I. Appel Corp.,* 300 B.R. 564, 567 (Bankr. S.D.N.Y. 2003). "[T]he general rule is that, absent an express plan provision to the contrary, the debtor loses the right to bring bankruptcy causes of action, such as to recover a preference or for turnover, after the confirmed plan's effective date." Hon. William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice § 109:16 (3d. ed. 2009) (citing *Int'l Asset Recovery Corp. v. Thomsom McKinnon Sec. Inc.,* 335 B.R. 520, 525 (S.D.N.Y. 2005)).

25

58.      As discussed above, on December 27, 2007, the Debtors listed the causes of action they intended to preserve in Exhibit 7.19/7.24 to the Confirmed Plan – which list did not include a cause of action against Access One.  Article 7.24 of the Confirmed Plan and Article 7.19 Modified Plan [Docket No. 18707] state that "Causes of Action against Persons arising under section 544, 545, 547, 548, or 553 of the Bankruptcy Code or similar state laws shall not be retained by the reorganized Debtors unless specifically listed on Exhibit 7.24 [7.19 in the Modified Plan]." Upon entry of the Confirmation Order, the Debtors lost the ability to amend Exhibit 7.19/7.24.

59.      Accordingly, Debtors are barred by application of res judicata from pursuing any causes of action other than those specifically preserved in Exhibit 7.19/7.24.

60.      Additionally, even if the Court finds that Debtors had the right to amend Schedule 7.19/7.24, the Debtors have not adequately described the avoidance actions in order to preserve them under the Modified Plan.  Exhibit 7.19/7.24 provided no information as to the identity of the defendants or, more importantly, the value of the claims. Moreover, neither the Amended Disclosure Statement [Docket No. 17071] nor the Modified Plan included any discussion indicating that Debtors were reversing their position with respect to pursuing claims only against Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc.

61.      Accordingly, the Complaint should be dismissed on the grounds of res judicata because of Debtors' failure to retain any cause of action against Access One.

**V.  IN THE ALTERNATIVE, THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AND SHOULD BE DISMISSED**

26

62.     Delphi's complaint fails to comply with the pleading requirements of *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and, therefore, should be dismissed for failure to state a claim upon which can be granted.

63.     In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established the standard by which federal courts are to determine motions to dismiss under Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." 550 U.S. at 570.

64.     A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. 550 U.S. at 555.

65.     The Supreme Court recently elaborated on its holding in *Twombly*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, **only a complaint that states a plausible claim for relief survives a motion to dismiss.** Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (emphasis added; internal

citations to *Twombly* and corresponding quotation marks omitted).

66.    In *Angell v. Haveri* (*In re Careamerica*), 409 B.R. 346 (Bankr. E.D.N.C. 2009),

the bankruptcy court applied the Supreme Court's holding in *Twombly* to dismiss a preference

action. The defendant filed a motion to dismiss the trustee's claims to avoid alleged preferential

and fraudulent transfers. The bankruptcy court concluded that, based on the Supreme Court's

holdings in *Twombly*, the trustee's complaint must plead sufficient factual allegations to establish

that a preference cause of action is plausible. *Id*. at 350. The bankruptcy court then analyzed each

element of the preference statute to determine if sufficient factual allegations were sufficiently

plead.

67.    The bankruptcy court held that the trustee's complaint did not contain sufficient

factual allegations to show it was plausible that a transfer of an interest of the debtor in property

had occurred because the complaint failed to identify which of the debtors made the alleged

transfers. *Id*. Moreover, the bankruptcy court held that the trustee's complaint did not contain

sufficient factual allegations to show it was plausible that the alleged transfers were made on

account of an antecedent debt. The bankruptcy court explained that "the trustee must assert the

nature and amount of the antecedent debt in order to allege a plausible claim for relief." *Id*. at

351. The trustee's complaint merely recited the statutory element that the transfer was made "for,

or on account of, an antecedent debt owed by the Debtors to the Defendant before the transfers

were made." *Id*. The complaint lacked any facts showing the existence of an antecedent debt.

The bankruptcy court explained that in order to satisfy the pleading requirements under *Twombly*

"the trustee must allege facts regarding the nature and amount of the antecedent debt which, if

28

true, would render plausible the assertion that a transfer was made for or on account of such antecedent debt." *Id*.

68.     Like the complaint at issue in *Careamerica*, the Complaint in this adversary proceeding case does not contain sufficient factual matter to state a claim for relief under § 547 that is plausible on its face.

69.     The Complaint contains nothing more than a formulaic recitation of the elements of a claim for relief under § 547.

70.     The Complaint contains no factual allegations other than a list of alleged transfers contained in Exhibit "1" to the Complaint.  Debtors do not allege that they actually made the alleged transfers listed on Exhibit "1." Instead, Debtors allege that they "made, or caused to be made," the alleged transfers. Complaint, ¶¶ 12 and 13.

71.     Similar to the complaint dismissed by the court in *Careamerica*, the Complaint in this adversary proceeding does not identify the Debtor or Debtors that are alleged to have made the transfers listed on Exhibit "1." Instead, the Complaint alleges that the alleged transfers were made by "Plaintiffs," which are defined to include "all of the Debtors in the above-captioned case." Complaint, ¶ 3.

72.     Lastly, like the trustee's complaint in *Careamerica*, the Complaint in this case does not allege any facts regarding the nature or amount of the antecedent debt.

73.     Accordingly, the Complaint fails to state a claim for relief under 11 U.S.C. § 547, and, therefore, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

## MEMORANDUM OF LAW

74.    Because the legal points and authorities upon which Access One relies are incorporated herein, Access One respectfully requests that the requirements of Local Rule 9013-1(a) be deemed satisfied.

## CONCLUSION

75.    Accordingly, for the reasons stated above, Access One seeks an order from the Court: (I) vacating the Preservation of Estate Claims Procedures Order, Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order against it; (II) dismissing the Complaint with prejudice for failure to state a claim upon which relief can be granted because it is barred by the 2-year statute of limitations; (III) in the alternative, dismissing the Complaint as being barred by judicial estoppel; (IV) in the alternative, dismissing the Complaint as being barred by res judicata; (V) in the alternative, dismissing the Complaint for failure to state a claim upon which relief can be granted because it fails to comply with the pleading requirements of *Ashcroft v. Iqbal*.

WHEREFORE, Access One respectfully requests that this Court (I) vacate the

Preservation of Estate Claims Procedures Order, Extension of Avoidance Action Service

Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order,

and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order

Court as against Access One ; (II) dismiss the Complaint with prejudice; (III) and grant such

other relief as the Court deems just and proper.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Attorneys for Access One*

Dated:  May 14, 2010

By:      /s/ Anthony J. Kochis
        Scott A. Wolfson (P53194)
        Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI  48083
Telephone:  (248) 247-7105
Facsimile:  (248) 247-7099
E-Mail:  akochis@wolfsonbolton.com