BINGHAM McCUTCHEN LLP
Kate K. Simon
One State Street
Hartford, CT  06103
Tel:  860.240.2700
Fax:  860.240.2800

*Counsel to Sumitomo Corporation and*
*Sumitomo Corp. of America*

**Hearing Date: July 22, 2010 at 10:00 a.m.**
**Objection Due: June 7, 2010**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **DPH HOLDINGS CORP.**, *et al.*, | **Case No. 05-44481 (RDD)** |
| Debtors. | **(Jointly Administered)** |
| **DELPHI CORPORATION**, *et al.*, | **Adv. Pro. No. 07-02659 (RDD)** |
| Plaintiffs, | |
| Against | |
| **SUMITOMO**, *et al.* | |
| Defendants. | |

**JOINDER OF SUMITOMO CORPORATION AND SUMITOMO CORP. OF AMERICA TO MOTIONS FILED BY VARIOUS PREFERENCE DEFENDANTS TO (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; OR (C) IN THE ALTERNATIVE, TO DISMISS THE CLAIMS AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT AND TO REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

Sumitomo Corporation ("Sumitomo")[1] and Sumitomo Corp. of America ("SCOA")

hereby join and adopt the arguments and authorities set forth in the motions filed by preference

---

[1] Sumitomo is specially appearing without having been served or served properly, while preserving all defenses, including lack of or improper service and jurisdictional defenses.  *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (defendants do not waive any defects in

defendants including Affinia Group Holdings, Inc., et al. (Adv. Pro. No. 07-02198, Doc. Nos. 41

and 42), HP Enterprise Services, LLC (Adv. Pro. 07-02262, Doc. No. 16), Hewlett-Packard

Company (Adv. Pro. No. 07-02449, Doc. No. 16), Auramet Trading, LLC (07-02130, Doc. Nos.

13 and 16) and others to (a) vacate certain prior orders of the Court; (b) dismiss the adversary

complaint filed against them with prejudice; or (c) in the alternative, to dismiss the claims

against certain defendants named in the adversary complaint and to require Plaintiffs to file a

more definite statement (the "Motions").

In the interest of promoting judicial economy by avoiding repetition of substantially the

same arguments and authorities that have already been cited to the Court in the many other briefs

that have been filed in the 177 pending preference actions associated with the Delphi bankruptcy

case, Sumitomo joins in the arguments set forth in those Motions.  For the avoidance of doubt,

Sumitomo Corporation and SCOA join in the arguments set forth in the Motions, including the

following:

A.    The Claims Preservation Order[2] and Extension Orders[3] should be vacated as to

Sumitomo and SCOA as void because they were entered without sufficient notice and an

opportunity to respond in violation of Sumitomo and SCOA's fundamental due process rights.

B.    The Complaint is barred by the two-year statute of limitations imposed by 11

U.S.C. § 546(a).

C.    Claims against "foreign suppliers" and claims totaling less than $250,000 should

be dismissed because they were abandoned pursuant to Court Order.[4]

---

service or jurisdictional defenses in appearing to object to jurisdiction or venue or by seeking an
extension).

[2] Main Case Doc. No. 9105.

[3] Main Case Doc. Nos. 13277, 13484, and 18999; Adv. Pro. Doc. No. 23.

[4] Sumitomo is a Japanese corporation.  If any transfers were made by any of the debtors in the
above-captioned bankruptcy case to Sumitomo during the applicable preference period in this case, those

D.      The Complaint is barred by judicial estoppel.

E.      The Complaint is barred by res judicata.

F.      The Complaint is barred by the doctrine of laches.

G.      The Claims Preservation Order should be vacated because there was no cause to extend time for service and the Complaint was improperly sealed.

H.      The Complaint fails to plead facts sufficient to state a claim for relief and should be dismissed.

I.      In the alternative, the Plaintiffs should be required to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and Federal Rule of Bankruptcy Procedure 7012(b).

In addition, Sumitomo and SCOA join and incorporate herein all additional applicable arguments that may be raised by other preference defendants in their Motions.

WHEREFORE, for all the reasons stated above and in the Motions (and memoranda of law in support thereof), Sumitomo and SCOA respectfully request that: (i) each of the Claims Preservation Order and Extension Orders be vacated as against them; (ii) the Complaint initiating the above-captioned adversary proceeding be dismissed with prejudice as against Sumitomo and SCOA; or (iii) in the alternative, the Plaintiffs be required to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and Federal Rule of Bankruptcy Procedure 7012(b); and (iv) this Court grant such other and further relief as it may deem appropriate.

---

transfers would have been on account of shipments made to the debtor(s) from a foreign supplier.  Upon information and belief, any possible transfers made by the debtor(s) to SCOA during the applicable preference period would total less than $250,000.  Sumitomo and SCOA reserve their rights to assert any and all defenses relating to the claims asserted in this adversary proceeding.

Dated:  Hartford, Connecticut
      May 14, 2010

By:  /s/Kate K. Simon_____
      Kate K. Simon
      BINGHAM McCUTCHEN LLP
      One State Street
      Hartford, CT  06103
      Tel:  860.240.2700
      Fax:  860.240.2800

*Counsel to Sumitomo Corporation and*
*Sumitomo Corp. of America*