# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

Adv. Case No. 07-01435

- - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

DELPHI CORPORATION, ET AL.,

Debtor.

- - - - - - - - - - - - - - - - - - - - - -x

U.S. Bankruptcy Court

One Bowling Green

New York, New York

August 16, 2007

10:05 a.m.

B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

                                                                365(d)(4) deadline extension motion at docket number 8760. And number 4 on the agenda is the fourth removal deadline extension motion at docket number 8761. Both of these motions, Your Honor, have been filed to parallel the exclusivity extension that was granted. In each case it would extend the procedural deadline to the later of February 29, 2008. And in the case of the 365(d)(4) motion it would also be that or the earlier confirmation. And in the case of the removal motion it would be the later of that date or thirty days after or terminating the stay is entered. Your Honor, no objections have been filed to either of these motions. We've reviewed them both for their statutory committees and we would rest on the papers.

THE COURT: Okay. I'll grant both motions, the debtors established cause for each.

MR. BUTLER: Thank you, Your Honor. Your Honor, the next matter on the agenda, matter number 5, is the preservation of estate claims procedures motion. This is filed at docket number 8905. This matter has been reviewed with both of our statutory committees and other stake holders in the case and is intended to address the Section 108 deadline that will occur on either October 8th and/or October 14th of this year, having to do with the second anniversary of the filing of the cases and establishes procedures that would authorize the debtors to enter into stipulations, the toll of the statute of limitations with respect to certain claims, it would authorize procedures

for the debtors to identify causes of action should be preserved and otherwise abandon other kinds of action and other identified actions. It would establish procedures for certain adversary proceedings. We have also reviewed the form of order with the clerk of the bankruptcy court who indicates that the form of order is acceptable to the clerk's office.

Your Honor, this particular motion was the subject matter of a chambers conference in which the debtors, the plan investors, the statutory committees and actually certain of the union representatives participated in. I'm happy to present it on the record and answering questions, Your Honor, but in the absence of objection I think I'd rely on the motion and the form of order.

THE COURT: Okay. Does anyone have anything to say on this motion? All right. I went over the order and I had a couple of questions that I'll just raise with you. One is approval of the tolling agreements and the form of the tolling agreement is fine with one change which is that I put in that -- in paragraph 13 I said "pursuant to the order of the bankruptcy court in these cases dated today and then with the docket number, this stipulation is deemed so ordered upon its execution." So there's actually -- something I signed that actually is referenced here. Because otherwise there's nothing really signed by me, so I put that in.

And then if you look at the paragraph dealing with

tolling agreements it provides that each debtor is deemed to have entered into such a stipulation with the other debtors, which is fine. And then it says and "affiliate non-debtor entities." And I added there "either controlled by the debtors or that had actual notice of the motion." I guess it's conceivable that you have an affiliate that you don't control, it didn't get noticed and I don't think they would be bound by this. And then there's a bit of ambiguity in paragraph 5. As I understand it there are two categories of actions that you're allowed to abandon here without any further notice to anyone. And they're described in the motion papers. Then there's another group that also falls into certain categories where you have to give notice to the two committees. And I just made it a little -- I think that's what's contemplated here.

MR. BUTLER: Yes, Your Honor.

THE COURT: I just made that a little clearer. And then the last point is -- and I'm assuming you've discussed this with the clerk, I thought the phrase "indicate is subject to these procedures" was a little vague or squishy so I actually -- you have some mechanism where you're going to tell the clerk of this.

MR. BUTLER: Yes.

THE COURT: So I want to make that a little clearer.

MR. BUTLER: Do you want to designate or --

THE COURT: I put that in. Anyway I'll -- I know

this order's been fairly carefully worked out with the parties. So what I'm going to do is give you my mark-up, I tried to write neatly and you can share it with them. But I don't think it changes the motion. But let me say for the record, the motion in addition to being unopposed sets forth good cause and to the extent you needed good business reasons for all the relief that you're seeking here, and that includes the ceiling portion of it and consequently I'll approve it in full.

MR. BUTLER: Thank you, Your Honor.

THE COURT: And as you know, I said this at the chambers conference, I'm a firm believer in the majority of cases that say that you can toll the period under 546 and also that the abandonment to the extent you're not tolling it does not waive rights under 502(d) and I actually put in the order that you're not waiving and you're preserving your rights under 502(d). So that will get entered.

MR. BUTLER: Thank you, Your Honor. Your Honor, the next matter on the agenda is matter number 6. Matter number 6 and 7 are actually motions that approve memorandums of understanding with four of our six U.S. unions, labor unions. I'm going to present them separately.

The first one, matter number 6, is the IUOE, the IBEW and the IAM, 1113, 1114 supplementary retirement benefit approval motions is filed at docket number 8906 and it is unopposed. Your Honor, as you know, this motion which deals