# EXHIBIT B

CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Christopher M. Cahill
*pro hac vice* admission pending
ccahill@clarkhill.com
(248) 988-5878

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, ) | Case No. 05-44481 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____/ ) | Honorable Robert D. Drain |
| | |
| DELPHI CORPORATION, et al., | Adv. Pro. No. 07-02125 |
| Plaintiffs, | |
| v. | |
| ATS AUTOMATION TOOLING SYSTEMS INC., ATS AUTOMATION TOOLING SYS., ATS AUTOMATION TOOLING SYSTEMS and AUTOMATION TOOLING SYSTEMS | |
| Defendants. | |
| _____/ | |

## DECLARATION OF CARL H. GALLOWAY

I, Carl H. Galloway, declare as follows:

1. I am Vice President and Treasurer of ATS Automation Tooling Systems, Inc. ("ATS").

2. To my knowledge, three of the named defendants in the above-captioned adversary proceeding (the "Adversary Proceeding") do not exist. ATS is not aware of any separate business

6373701.1 30885/135676

entities named ATS Automation Tooling Sys., ATS Automation Tooling Systems, or Automation Tooling Systems. No such separate business entities are affiliated with ATS.

3. Until it was served with the complaint (the "Complaint") and other papers associated with the Adversary Proceeding in March 2010, ATS had no notice that or knowledge that Plaintiffs had sued ATS to recover $17,312,532.75 in alleged preference payments. Further, ATS had no notice at any time prior to March 2010 that on several occasions Plaintiffs had sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable limitations period.

4. ATS continued to supply one or more of the Plaintiffs after January, 2008.

5. The amount sought in the Complaint in the Adversary Proceeding is substantial to ATS.

6. Had ATS known of the Adversary Proceeding, ATS would have taken steps to identify, locate, preserve, organize, and review its records pertinent to Plaintiffs, and to interview all employees (current and departing) knowledgeable about the relationship between ATS and Plaintiffs in order to obtain information and to identify and maintain contact with potential witnesses. ATS did not take these steps because it did not know about the Adversary Proceeding until March 2010.

7. ATS has been prejudiced in its ability to defend this adversary proceeding by the long delay in receiving knowledge of and service of the Complaint.

8. ATS has been prejudiced in its business and financial operations by the long delay in receiving knowledge of and service of the Complaint

6373701.1 30885/135676

9. I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

10. I make this Declaration under penalty of perjury under the laws of the United States of America.

_____
Carl H. Galloway

Executed on:

May 13, 2010