# EXHIBIT C

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION,


      Debtor.



- - - - - - - - - - - - - - - - - - - -x


      United States Bankruptcy Court

      One Bowling Green

      New York, New York


      March 19, 2008

      10:09 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

21

1    prudent to file this motion. As I indicated, it's been

2    reviewed with our statutory committees and with other

3    stakeholders. No objections have been filed.

4         THE COURT: Okay. Does anyone want to say anything

5    on this motion? All right. I've reviewed it and the motion

6    clearly sets forth cause for, as you said, a precautionary

7    extension of exclusivity so I'll grant that.

8         MR. BUTLER: Thank you, Your Honor. Your Honor,

9    matter number 3 on the agenda is our motion to extend the Rule

10   4(m) time for services of summonses relating to avoidance

11   actions that were filed under the preservation of the estate

12   claims procedures order. This motion is filed at docket number

13   12922 and this motion is also unopposed.

14        Essentially, Your Honor, what we're asking you to do

15   is to extend the time for an additional sixty days for

16   summonses to be served in connection to serve a complete

17   process in connection with all of the individual adversary

18   complaints that were filed under the estate claims procedures

19   order. And you previously had granted us an extension through

20   March 31, 2008 and that was slightly less than sixty days

21   beyond the 120-day deadline set forth in Federal Civil

22   Procedure 4(m). And that rule does provide -- in the case law

23   interpreting it, it does provide the opportunity for the

24   plaintiffs to come in and establish cause with the Court as to

25   an appropriate extension of those summonses.

                                                                    22

1          Under case law here in the Southern District, this
2     Court has discretion to extend the 120-day service period and
3     it is a discretionary matter.  And it is particularly seen as
4     good cause when there is a reasonable belief that future events
5     would likely obviate the need to serve the complaint and
6     prosecute the actions.  That can be -- is obviously, Your
7     Honor, in this case, I think, self-evident.  Upon the
8     confirmation of a plan, I believe all but one, possibly two of
9     those matters, would end up not being pursued.  They would end
10    up being dismissed as of the effective date and would not be
11    pursued.  Similar relief of this nature has been granted in
12    other cases -- Chapter 11 cases in this district, including in
13    the Ames Department Store case in 2004 where a further
14    extension was granted at docket number 2524 in that case.
15         Your Honor, we believe that there is no reason to
16    move forward with the service of summons with respect to the
17    742 adversary proceedings that are under seal.  We would ask
18    Your Honor to give us an additional sixty days through May 31st
19    to address that issue.
20         THE COURT:  Okay.  Does anyone have anything to say
21    on this motion?  All right.  I had one question and you alluded
22    to this.  The plan did reserve or retain the ability to pursue
23    a very small number of avoidance actions.  And my question is
24    with regard to that small group, have the debtors determined,
25    assuming the plan goes effective, that those will definitely be

23

1  pursued or is that still something they're analyzing in light

2  of the cost of pursuing it versus the net gain of a victory --

3           MR. BUTLER:  I think, Your Honor --

4           THE COURT:  -- or potential victory?

5           MR. BUTLER:  -- those are still under analysis.  They

6  were retained because of the unique circumstances that were

7  pled in those particular proceedings.  And I don't think a

8  final decision has been made as to whether those would actually

9  be pursued.  But obviously, we did make -- we did do enough

10 analysis to decide that as opposed to the other 740 odd actions

11 that these should be retained for that purpose.

12          THE COURT:  Did those defendants get notice of the

13 motion?

14          MR. BUTLER:  Everyone received notice of the 4(m)

15 motion, I believe.  Let me make sure.  Is that -- I want to

16 just double check with my folks.  It went to the 2002 services,

17 I know for sure.  Just give us one second, Your Honor.

18          THE COURT:  Okay.

19          MR. BUTLER:  Your Honor, I'm almost certain that they

20 would have not gotten individualized notice unless they were on

21 the 2002 list.

22          THE COURT:  Okay.

23          MR. BUTLER:  And the reason for that is I'm not sure

24 they know about the existence of the pleadings.

25          THE COURT:  All right.  Well, I debated whether to

```
                                                              24
 1   have you settle the order on those -- that handful of people.
 2   I mean, normally, no one wants to have litigation be activated
 3   but I think the rationale potentially for them is a little
 4   different than the others. So I think I'll -- particularly, if
 5   we're not sure whether they got the notice.
 6           MR. BUTLER: Your Honor, I think -- let me just --
 7           THE COURT: If they're on the 2002 list, you don't
 8   need to settle it. If they weren't -- they weren't served with
 9   it, I'd like you to settle it as to the handful of people that
10   the plan at least contemplates would be pursued.
11           MR. BUTLER: Right.
12           THE COURT: With regard to the vast majority, all the
13   others, clearly there's a good basis for not activating that
14   litigation. It would be moot upon consummation of the plan.
15           MR. BUTLER: We'll do that, Your Honor. And the
16   existence of those folks is obviously that that exhibit to the
17   plan is public. So everyone knows what that retention is.
18   So --
19           THE COURT: Right.
20           MR. BUTLER: -- we will deal with that and we will
21   settle the order. If they're not --
22           THE COURT: You can do it five days notice.
23           MR. BUTLER: Okay. Thank you, Your Honor.
24           THE COURT: Okay. If they're not on the 2002 list.
25           MR. BUTLER: Thanks -- thank you, Your Honor. Your
```

```
                                                              25
 1   Honor, the next matter on the agenda -- and I -- one of the
 2   things just so the record is straight and I want to go back
 3   briefly to item number 1 because I do want to have a record
 4   supporting these things, we had previously made it known to the
 5   Court and I believe the Court has considered the exhibits that
 6   were part of that matter, 1 through 20.  I don't think I
 7   actually moved them formally into the record.  So, as to item
 8   number 1, the KECP motion , I would like to move the twenty
 9   exhibits, which include various of the Court documents, the AIP
10   documents, the adjustment protocol and the other plans
11   including the plan Your Honor referred to in connection with
12   the confirmation hearing that were the basis of the KECP.
13            THE COURT:  Okay.
14            MR. BUTLER:  So I'd like to move Exhibits 1 to 20 in
15   for that matter.
16            THE COURT:  Those will be admitted.
17            MR. BUTLER:  Thank you, Your Honor.  Similarly, with
18   respect to item number 4, item number 4 on the agenda is our
19   omitted contracts assumption procedures motion.  This is at
20   docket number 13029.  And, Your Honor, this deals with -- there
21   are no objections, by the way, filed with respect to this
22   matter.
23            This is with respe -- this arises with respect to
24   approximately seventy-five contracts that were identified very
25   late in the process by the company that had not been previously
```