# EXHIBIT D

ORIGINAL

1
2
3
4
5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In Re:

   DELPHI CORPORATION, et al.,

              Debtors.
----------------------------------------X

05-44481 (RDD)

One Bowling Green
New York, New York
April 30, 2008

6

7

8

TRANSCRIPT OF MOTIONS
BEFORE THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

9   APPEARANCES:

10  For the Debtors:

11

12

13

JOHN WM. BUTLER, JR., ESQ.
KAYALYN A. MARAFIOTI, ESQ.
THOMAS J. MATZ, ESQ.
Skadden, Arps, Slate, Meagher
 & Flom, LLP
Four Times Square
New York, New York  10036

14  For Creditors Com.:

15

16

ROBERT J. ROSENBERG, ESQ.
MICHAEL RIELA, ESQ.
Latham & Watkins
885 Third Avenue
New York, New York  10022

17  For Equity Com.:

18

19

BONNIE STEINGART, ESQ.
Fried, Frank, Harris, Shriver
 & Jacobson, LLP
One New York Plaza
New York, New York  10004

20  For ADAH:

21

22

THOMAS E. LAURIA, ESQ.
White & Case, LLP
200 South Biscayne Boulevard
Miami, Florida  33131
(Appearances continued on next page)

23

24

25

REGENCY REPORTING, INC.
Certified Court Reporters & Videographers
425 Eagle Rock Avenue      575 Madison Avenue
Roseland, NJ 07068       New York, NY 10022
 www.regencyreporting.net    1-866-268-7866

11

1   revised blacklined order and I'll grant the motion.  It appears to
2   me the debtors have been acting in good faith.  They obviously
3   still have remaining issues in respect of the plan and/or a
4   modification thereof and, consequently, this extension which,
5   again, is consensual on this basis is warranted.  So I'll enter
6   that order.

7        MR. BUTLER:  Thank you, Your Honor.

8        Your Honor, you also touched briefly on the 4(m) motion.
9   That's actually the next one, Item 5.  This is the post-
10  confirmation extension of avoidance action service deadlines motion
11  at docket No. 13361 and, Your Honor, this deals with the debtor's
12  seeking an entry of an order extending the deadline to serve
13  process pursuant to Bankruptcy Rule 7004(a) and Federal Rules of
14  Civil Procedure 4(m) that's made applicable by Bankruptcy Rule
15  7004(a) for avoidance actions filed in connection with the
16  preservation of estate claims procedures order earlier entered by
17  this Court at docket No. 12471.

18       We did give some specific notice in connection with
19  this, Your Honor.  We gave notice of the motion to Lenico
20  Engineering Company, Wachovia Bank National Association and the
21  master service list and the 2002 list.  The reason that we gave
22  specific notice to Lenico and Wachovia was because those were the
23  only two parties that had been identified under Exhibit 7.24 of the
24  plan as having the avoidance actions preserved under the plan and,
25  therefore, we gave particularized notice to them of the relief

1    sought by the debtors.  We have not given notice to the 742 other

2    defendants therein which are under seal and it was not served on

3    those defendants except to the extent those defendants already had

4    placed themselves on either the master service list or the 2002

5    list.

6          There were no objections to the motion.  At the moment,

7    Your Honor, prior to Your Honor's order, we believe that it's

8    appropriate to get a further extension.  Right now, the extension

9    is through May 31, 2008, that's Your Honor's -- a prior order

10   entered on March 28th at docket No. 13277 and, again, the process

11   that we're looking for here is essentially the same formulation we

12   did in the 365(d)(4) motion and I presume with a similar

13   modification from Your Honor, the idea here is to not have to deal

14   with these complaints so long as we have the plan process that

15   we're moving forward with.

16          THE COURT:  Okay.  Well, first, I continue to believe

17   that there is good cause for the relief sought here.  Except for

18   the notice you did give I don't think any further notice is

19   necessary under the plain terms of 9006 and the cause is obviously

20   that the analysis so far that's represented in the motion is the

21   same as it was when the motion was originally granted which is that

22   these causes of action are being preserved in light of the

23   limitations period, however, it's not presently contemplated that

24   they will be pursued, although obviously the preservation of them

25   means that they may be pursued but given that there's no reason for

1   either the debtors or the potential defendants to start to have to

2   incur any costs in connection with the litigation so cause is shown

3   under Rule 4(m) and 9006.

4        The issue that I addressed earlier on the lease

5   extension motion is slightly different here, I think, because it's

6   conceivable, I guess, that a plan that I would permit someone else

7   to submit might have a different position on avoidance actions and

8   at which point they should be pursued.  So the way I phrased it

9   here and you're all free to chime in on this if it doesn't sound

10  right to you is that the deadline or the extension would be until

11  thirty days after the later of substantial consummation of the plan

12  or any modified Chapter 11 plan and December 31, 2008.  That seems

13  to me -- that was the date you had in for another matter, it will

14  come up later and it seems far enough off so that that would be

15  sufficient.

16       MR. BUTLER:  Thank you, Your Honor.

17       THE COURT:  Okay.  So I'll grant it on that basis.

18       MR. BUTLER:  Your Honor, the next item on the agenda,

19  Item No. 6, is the debtor's second DIP extension motion filed at

20  docket No. 13409.

21       Your Honor, in this motion the debtors have sought

22  authority to supplement the January 5, 2007 DIP order entered at

23  docket No. 6461, the November 16, 2007 DIP extension order at

24  docket No. 10854 and to authorize the debtors to extend the

25  maturity date of the DIP facility to enter into related documents