| | |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>156 West 56th Street<br>New York, New York 10019<br>(212) 237-1000<br>Howard Simon (hsimon@windelsmarx.com)<br>Leslie S. Barr (lbarr@windelsmarx.com) | Hearing: July 22, 2010 @ 9:30 a.m.<br>Objections: June 7, 2010<br>Reply: July 2, 2010 |

    - and -

NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2390
Peter Nils Baylor (pbaylor@nutter.com)

*Attorneys for Tyco Adhesives LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 05-44481 [RDD] |
| DELPHI CORPORATION, *et al.*, | : | |
| | : | Jointly Administered |

------------------------------------------------------------x

| | | |
|---|---|---|
| DELPHI CORPORATION, *et al.*, | : | Adv. Pro. No. 07-02790 [RDD] |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| TYCO, TYCO ADHESIVES, TYCO<br>ELECTRONICS – RAYCHEM, TYCO<br>ELECTRONICS CORP., TYCO<br>ELECTRONICS CORPORATION, TYCO<br>ELECTRONICS IDENTIFICATION TYCO<br>ELECTRONICS LOGISTICS AG, and<br>TYCO/ELECTRONICS, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------x

**MOTION OF TYCO ADHESIVES LP, AND JOINDER WITH MOTIONS OF FIN MACHINE CO. LTD. AND WAGNER-SMITH COMPANY, FOR AN ORDER:**

{10565897:4}

**(I)** **PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024 VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND**

**(II)** **PURSUANT TO FED. R. CIV. P. 12(c) AND FED. R. BANKR. P. 7012(c), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS, AND**

**(III)** **PURSUANT TO FED. R. CIV. P. 12(c) AND FED. R. BANKR. P. 7012(c), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS INSUFFICIENTLY PLED, AND**

**(IV)** **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, AND**

**(V)** **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF LACHES, OR**

**(VI)** **IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(e) AND FED. R. BANKR. P. 7012(e), DIRECTING A MORE DEFINITE STATEMENT OF THE PLEADINGS.**

---

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Defendant Tyco Adhesives LP ("**TA**"), by its undersigned attorneys, hereby represents:

### Introduction

1. More than 2 ½ years ago, Debtors/Plaintiffs commenced the above-captioned adversary proceeding ("**Adversary Proceeding**") against TA without providing any notice whatsoever. Now, after the Debtors have confirmed their chapter 11 plan, they have decided that the time is ripe to surprise TA with a stale complaint seeking to avoid alleged preferential transfers totaling $35,534,453.62. Too much time has passed and too many rights have been prejudiced in the interim by the acts and omissions of Debtors/Plaintiffs to permit this action to proceed.

Accordingly, TA moves to vacate the orders that permitted Debtors/Plaintiffs to engineer this litigation by surprise and to dismiss this Adversary Proceeding with prejudice.

2. For this motion, TA joins in and adopts, with respect to this Adversary Proceeding, the arguments set forth in (a) the *Motion by Wagner-Smith Company Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Order Establishing Procedures for Certain Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding With Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel*, dated February 5, 2010 (Doc. No. 19401) (the "**Wagner-Smith Motion**"); and (b) the *Motion By Fin Machine Co. Ltd. Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding With Prejudice for Failure to State a Cause of Action Because it is Barred by the Two Year Statute Of Limitations, and (III) Pursuant To Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding With Prejudice for Failure to State a Cause of Action Because it is Insufficiently Plead, and (IV) Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, and (V) Dismissing the Adversary Proceeding on the Ground of Laches, or (VI) in the Alternative, Pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), Directing a More Definite Statement of the Pleadings*, dated May 5, 2010 (Doc. No. 19982) (the "**Fin Machine Motion**", and together with the Wagner-Smith Motion, the "**Motions**").

3. Based on the arguments set forth in the Motions, as well as the slight factual variations in this Adversary Proceeding, which are set forth below, TA seeks an Order of this Court:

(i) vacating, with respect to TA, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the orders of this Court (collectively, the "**Extension Orders**"), dated August 16, 2007 (Doc. No. 9105); March 28, 2008 (Doc. No. 13277); April 30, 2008 (Doc. No. 13484); and October 22, 2009 (Doc. No. 18999), on the grounds that each such order is void against TA by virtue of the Debtors' and Plaintiffs' intentional failure to provide TA with notice of the Motions upon which they were granted and that the Extension Orders were improvidently made; and

(ii) dismissing, with prejudice, the Adversary Proceeding against TA, pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Bankr. P. 7012(c) on the ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a claim upon which relief may be granted; and

(iii) pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Bankr. P. 7012(c), dismissing the Adversary Proceeding against TA with prejudice for failure to state a cause of action because it is insufficiently pled; and

(iv) in the alternative, dismissing, with prejudice, the Adversary Proceeding against TA on the ground that it is barred by judicial estoppel; and

(v) in the alternative, dismissing, with prejudice, the Adversary Proceeding against TA on the ground of laches; or,

(vi) in the alternative, pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), directing a more definite statement of the pleadings; and

(vii) granting TA the costs and expenses of responding to this Adversary Proceeding, including, without limitation, attorneys' fees.

**Statement of Facts**

4. TA adopts the statements of facts made in the Motions, except for the following

slight variations specific to TA:

(i) None of the affidavits of service of any of the motions seeking approval of the Extension Orders reflect that TA was served (Doc. Nos. 9039, 12970, 13415 and 18967).

(ii) TA has no present knowledge of any tolling agreement with Debtors/Plaintiffs, as approved by the first Extension Order dated August 16, 2007 (Doc. No. 9105).

(iii) The docket for the Adversary Proceeding reflects that the Complaint initiating the Adversary Proceeding (the "**Complaint**") was filed under seal, and thus without notice to or knowledge of TA, on October 3, 2007.

(iv) TA first learned of the Adversary Proceeding after it was served with the Complaint on or about April 2, 2010, almost 2 ½ years after the limitations period provided by Bankruptcy Code § 546(a) expired.

(v) In addition to the deficiencies of the Complaint against TA that may be common to the Motions, the Complaint here is also deficient because the Plaintiffs lumped together multiple defendants without delineating which of them received the alleged transfers, or even which of the Debtors made any of those alleged transfers.

## Argument

5. TA adopts and joins the arguments made by Wagner-Smith and Fin Machine in their Motions.

6. No previous request for the relief sought herein has been made to this or to any other court, except that on May 14, 2010, TA filed with the Court in the Adversary Proceeding its *Amended Answer of Tyco Adhesives LP to Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, which asserts affirmative defenses that substantially duplicate the relief requested above.

**WHEREFORE**, for all the reasons set forth in the Motions, TA respectfully requests that: (i) each of the Extension Orders be vacated as against it; (ii) the Complaint be dismissed with prejudice on the ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a claim upon which relief may be granted; (iii) the Complaint be dismissed with prejudice for failing to state a claim upon which relief can be granted; or (iv) in the alternative, the Complaint be dismissed with prejudice as being barred by judicial estoppel; or (v) in the alternative, dismissing, with prejudice, the Adversary Proceeding against TA on the ground of laches; or (vi) in the alternative, directing a more definite statement of the pleadings; and (vii) that the Court grant such other and further relief as is just.

Dated: New York, New York  
       May 14, 2010

WINDELS MARX LANE & MITTENDORF, LLP

By:  /s/ Leslie S. Barr  
     Howard L. Simon (hsimon@windelsmarx.com)  
     Leslie S. Barr (lbarr@windelsmarx.com)  
     156 West 56th Street  
     New York, New York 10019  
     Telephone (212) 237-1034  
     Facsimile (212) 262-1215

- and -

Dated:  Boston, Massachusetts  
       May 14, 2010

NUTTER MCCLENNEN & FISH LLP  
Seaport West  
155 Seaport Boulevard  
Boston, Massachusetts 02210  
Telephone (617) 439-2390  
Facsimile (617) 310-9390  
Peter Nils Baylor (pbaylor@nutter.com)

*Attorneys for Tyco Adhesives LP*