# EXHIBIT A

Pg 2 of 6

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

Adv. Case No. 07-01435

- - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET AL.,


      Debtor.


- - - - - - - - - - - - - - - - - - -x


      U.S. Bankruptcy Court

      One Bowling Green

      New York, New York


      August 16, 2007

      10:05 a.m.


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

212-267-6868                                                        516-608-2400

                                                                  8

1   365(d)(4) deadline extension motion at docket number 8760. And
2   number 4 on the agenda is the fourth removal deadline extension
3   motion at docket number 8761. Both of these motions, Your
4   Honor, have been filed to parallel the exclusivity extension
5   that was granted. In each case it would extend the procedural
6   deadline to the later of February 29, 2008. And in the case of
7   the 365(d)(4) motion it would also be that or the earlier
8   confirmation. And in the case of the removal motion it would
9   be the later of that date or thirty days after or terminating
10  the stay is entered. Your Honor, no objections have been filed
11  to either of these motions. We've reviewed them both for their
12  statutory committees and we would rest on the papers.
13          THE COURT: Okay. I'll grant both motions, the
14  debtors established cause for each.
15          MR. BUTLER: Thank you, Your Honor. Your Honor, the
16  next matter on the agenda, matter number 5, is the preservation
17  of estate claims procedures motion. This is filed at docket
18  number 8905. This matter has been reviewed with both of our
19  statutory committees and other stake holders in the case and is
20  intended to address the Section 108 deadline that will occur on
21  either October 8th and/or October 14th of this year, having to
22  do with the second anniversary of the filing of the cases and
23  establishes procedures that would authorize the debtors to
24  enter into stipulations, the toll of the statute of limitations
25  with respect to certain claims, it would authorize procedures

9

1    for the debtors to identify causes of action should be
2    preserved and otherwise abandon other kinds of action and other
3    identified actions.  It would establish procedures for certain
4    adversary proceedings.  We have also reviewed the form of order
5    with the clerk of the bankruptcy court who indicates that the
6    form of order is acceptable to the clerk's office.
7           Your Honor, this particular motion was the subject
8    matter of a chambers conference in which the debtors, the plan
9    investors, the statutory committees and actually certain of the
10   union representatives participated in.  I'm happy to present it
11   on the record and answering questions, Your Honor, but in the
12   absence of objection I think I'd rely on the motion and the
13   form of order.
14          THE COURT:  Okay.  Does anyone have anything to say
15   on this motion?  All right.  I went over the order and I had a
16   couple of questions that I'll just raise with you.  One is
17   approval of the tolling agreements and the form of the tolling
18   agreement is fine with one change which is that I put in
19   that -- in paragraph 13 I said "pursuant to the order of the
20   bankruptcy court in these cases dated today and then with the
21   docket number, this stipulation is deemed so ordered upon its
22   execution."  So there's actually -- something I signed that
23   actually is referenced here.  Because otherwise there's nothing
24   really signed by me, so I put that in.
25          And then if you look at the paragraph dealing with

```
                                                                10
 1   tolling agreements it provides that each debtor is deemed to
 2   have entered into such a stipulation with the other debtors,
 3   which is fine.  And then it says and "affiliate non-debtor
 4   entities."  And I added there "either controlled by the debtors
 5   or that had actual notice of the motion."  I guess it's
 6   conceivable that you have an affiliate that you don't control,
 7   it didn't get noticed and I don't think they would be bound by
 8   this.  And then there's a bit of ambiguity in paragraph 5.  As
 9   I understand it there are two categories of actions that you're
10   allowed to abandon here without any further notice to anyone.
11   And they're described in the motion papers.  Then there's
12   another group that also falls into certain categories where you
13   have to give notice to the two committees.  And I just made it
14   a little -- I think that's what's contemplated here.
15             MR. BUTLER:  Yes, Your Honor.
16             THE COURT:  I just made that a little clearer.  And
17   then the last point is -- and I'm assuming you've discussed
18   this with the clerk, I thought the phrase "indicate is subject
19   to these procedures" was a little vague or squishy so I
20   actually -- you have some mechanism where you're going to tell
21   the clerk of this.
22             MR. BUTLER:  Yes.
23             THE COURT:  So I want to make that a little clearer.
24             MR. BUTLER:  Do you want to designate or --
25             THE COURT:  I put that in.  Anyway I'll -- I know
```

05-44481-rdd   Doc 20093-1   Filed 05/14/10   Entered 05/14/10 15:11:24   Exhibit A
Pg 6 of 6

11

1  this order's been fairly carefully worked out with the parties.

2  So what I'm going to do is give you my mark-up, I tried to

3  write neatly and you can share it with them. But I don't think

4  it changes the motion. But let me say for the record, the

5  motion in addition to being unopposed sets forth good cause and

6  to the extent you needed good business reasons for all the

7  relief that you're seeking here, and that includes the ceiling

8  portion of it and consequently I'll approve it in full.

9            MR. BUTLER: Thank you, Your Honor.

10           THE COURT: And as you know, I said this at the

11 chambers conference, I'm a firm believer in the majority of

12 cases that say that you can toll the period under 546 and also

13 that the abandonment to the extent you're not tolling it does

14 not waive rights under 502(d) and I actually put in the order

15 that you're not waiving and you're preserving your rights under

16 502(d). So that will get entered.

17           MR. BUTLER: Thank you, Your Honor. Your Honor, the

18 next matter on the agenda is matter number 6. Matter number 6

19 and 7 are actually motions that approve memorandums of

20 understanding with four of our six U.S. unions, labor unions.

21 I'm going to present them separately.

22           The first one, matter number 6, is the IUOE, the IBEW

23 and the IAM, 1113, 1114 supplementary retirement benefit

24 approval motions is filed at docket number 8906 and it is

25 unopposed. Your Honor, as you know, this motion which deals

VERITEXT/NEW YORK REPORTING COMPANY
212-267-6868                                                516-608-2400