# EXHIBIT B

CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Christopher M. Cahill
*pro hac vice* admission pending
ccahill@clarkhill.com
(248) 988-5878

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, ) | Case No. 05-44481 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____ / ) | Honorable Robert D. Drain |
| | |
| Delphi Corporation, et al., | Adv. Pro. No. 07-02211 |
| | |
| v. | |
| | |
| Doshi Prettl International, | |
| | |
| _____ / | |

### DECLARATION OF PETER SCHRENNEN

I, Peter Schrennen, declare as follows:

1. I am a Vice President of Prettl International, Inc. ("PII").

2. On May 2, 2008, PII purchased all of the membership interest of Defendant Doshi Prettl International, LLC (now known as Detroit Products International, LLC, hereafter referred to as "DPI") from its then partner in DPI, Doshi Family, LLC ("Doshi"). As of the May 2, 2008 purchase (the "Transaction"), PII was the sole member of DPI.

3. In anticipation of the transaction, PII performed certain due diligence. Prior to the Transaction, at the time of the Transaction, and until March 2010, PII had no notice that Delphi

Corporation and its affiliates or successors (collectively "Delphi") had already sued DPI for alleged preference payments made by Delphi to DPI in 2005 (the "Adversary Proceeding"). Moreover, given the manner in which the Adversary Proceeding was filed (i.e., under seal), no amount of due diligence could have discovered its existence.

4. Until it was served with the complaint and other papers associated with the Adversary Proceeding in March 2010, DPI and PII had no notice that Delphi Corporation and its affiliates or successors (collectively "Delphi") had sued DPI to recover $8,710,942.20 in alleged preference payments. Further, DPI and PII had no notice at any time prior to March 2010 that on several occasions Delphi sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints long past the running of the statute of limitations. Even when DPI was served, the package served did not include the Order Pursuant to Fed.R.Bankr.P. 7004(a) and Fed.R.Civ.P. 4(m) to Extend Deadline to Service Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedures Order dated October 22, 2009 (Docket 18999).

5. Had PII known of the Adversary Proceeding (which seeks recovery from DPI in an amount approximately two times the value of the Transaction), PII's decisions with respect to negotiating, and even entering into the Transaction would have been affected. Additionally, PII would have taken special and additional steps to locate, identify, review, organize and preserve its records with respect to Delphi, to hold specific interviews with the seller relative to the alleged preferential payments (as it was the seller who was knowledgeable about the Delphi business relationship at this time), and to make arrangements to obtain the cooperation of the seller and its employees (several of whom have departed the seller's employ) to provide information relative to this litigation, or serve as witnesses.

6373701.1 30885/135676

6. DPI has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge and service of the complaint against it.

7. I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

8. I make this Declaration under penalty of perjury under the laws of the United States of America.

_____
Peter Schrennen

Executed on:

April 8, 2010

-3-

6373701.1 30885/135676