# EXHIBIT D

ORIGINAL

```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK
  -------------------------------------X
  In Re:                                    05-44481 (RDD)

          DELPHI CORPORATION, et al.,       One Bowling Green
                                            New York, New York
                      Debtors.              April 30, 2008
  -------------------------------------X

                      TRANSCRIPT OF MOTIONS
          BEFORE THE HONORABLE ROBERT D. DRAIN
              UNITED STATES BANKRUPTCY JUDGE


  APPEARANCES:

  For the Debtors:           JOHN WM. BUTLER, JR., ESQ.
                             KAYALYN A. MARAFIOTI, ESQ.
                             THOMAS J. MATZ, ESQ.
                             Skadden, Arps, Slate, Meagher
                               & Flom, LLP
                             Four Times Square
                             New York, New York  10036

  For Creditors Com.:        ROBERT J. ROSENBERG, ESQ.
                             MICHAEL RIELA, ESQ.
                             Latham & Watkins
                             885 Third Avenue
                             New York, New York  10022

  For Equity Com.:           BONNIE STEINGART, ESQ.
                             Fried, Frank, Harris, Shriver
                               & Jacobson, LLP
                             One New York Plaza
                             New York, New York  10004

  For ADAH:                  THOMAS E. LAURIA, ESQ.
                             White & Case, LLP
                             200 South Biscayne Boulevard
                             Miami, Florida  33131
                             (Appearances continued on next page)

              REGENCY REPORTING, INC.
        Certified Court Reporters & Videographers
      425 Eagle Rock Avenue        575 Madison Avenue
      Roseland, NJ 07068           New York, NY 10022
      www.regencyreporting.net     1-866-268-7866
```

1  revised blacklined order and I'll grant the motion. It appears to
2  me the debtors have been acting in good faith. They obviously
3  still have remaining issues in respect of the plan and/or a
4  modification thereof and, consequently, this extension which,
5  again, is consensual on this basis is warranted. So I'll enter
6  that order.
7          MR. BUTLER: Thank you, Your Honor.
8          Your Honor, you also touched briefly on the 4(m) motion.
9  That's actually the next one, Item 5. This is the post-
10 confirmation extension of avoidance action service deadlines motion
11 at docket No. 13361 and, Your Honor, this deals with the debtor's
12 seeking an entry of an order extending the deadline to serve
13 process pursuant to Bankruptcy Rule 7004(a) and Federal Rules of
14 Civil Procedure 4(m) that's made applicable by Bankruptcy Rule
15 7004(a) for avoidance actions filed in connection with the
16 preservation of estate claims procedures order earlier entered by
17 this Court at docket No. 12471.
18         We did give some specific notice in connection with
19 this, Your Honor. We gave notice of the motion to Lenico
20 Engineering Company, Wachovia Bank National Association and the
21 master service list and the 2002 list. The reason that we gave
22 specific notice to Lenico and Wachovia was because those were the
23 only two parties that had been identified under Exhibit 7.24 of the
24 plan as having the avoidance actions preserved under the plan and,
25 therefore, we gave particularized notice to them of the relief

12

1  sought by the debtors. We have not given notice to the 742 other
2  defendants therein which are under seal and it was not served on
3  those defendants except to the extent those defendants already had
4  placed themselves on either the master service list or the 2002
5  list.
6      There were no objections to the motion. At the moment,
7  Your Honor, prior to Your Honor's order, we believe that it's
8  appropriate to get a further extension. Right now, the extension
9  is through May 31, 2008, that's Your Honor's -- a prior order
10 entered on March 28th at docket No. 13277 and, again, the process
11 that we're looking for here is essentially the same formulation we
12 did in the 365(d)(4) motion and I presume with a similar
13 modification from Your Honor, the idea here is to not have to deal
14 with these complaints so long as we have the plan process that
15 we're moving forward with.
16     THE COURT: Okay. Well, first, I continue to believe
17 that there is good cause for the relief sought here. Except for
18 the notice you did give I don't think any further notice is
19 necessary under the plain terms of 9006 and the cause is obviously
20 that the analysis so far that's represented in the motion is the
21 same as it was when the motion was originally granted which is that
22 these causes of action are being preserved in light of the
23 limitations period, however, it's not presently contemplated that
24 they will be pursued, although obviously the preservation of them
25 means that they may be pursued but given that there's no reason for

1  either the debtors or the potential defendants to start to have to
2  incur any costs in connection with the litigation so cause is shown
3  under Rule 4(m) and 9006.
4      The issue that I addressed earlier on the lease
5  extension motion is slightly different here, I think, because it's
6  conceivable, I guess, that a plan that I would permit someone else
7  to submit might have a different position on avoidance actions and
8  at which point they should be pursued. So the way I phrased it
9  here and you're all free to chime in on this if it doesn't sound
10 right to you is that the deadline or the extension would be until
11 thirty days after the later of substantial consummation of the plan
12 or any modified Chapter 11 plan and December 31, 2008. That seems
13 to me -- that was the date you had in for another matter, it will
14 come up later and it seems far enough off so that that would be
15 sufficient.
16     MR. BUTLER: Thank you, Your Honor.
17     THE COURT: Okay. So I'll grant it on that basis.
18     MR. BUTLER: Your Honor, the next item on the agenda,
19 Item No. 6, is the debtor's second DIP extension motion filed at
20 docket No. 13409.
21     Your Honor, in this motion the debtors have sought
22 authority to supplement the January 5, 2007 DIP order entered at
23 docket No. 6461, the November 16, 2007 DIP extension order at
24 docket No. 10854 and to authorize the debtors to extend the
25 maturity date of the DIP facility to enter into related documents