Robert D. Nachman
Dykema Gossett PLLC
10 S. Wacker Drive – Suite 2300
Chicago, IL 60606
Phone: 312-876-1700
Fax: 312-627-2302
rnachman@dykema.com

Hearing Date: July 22, 2010 at 10:00 a.m.
Objection Date: June 7, 2010 at 4:00 p.m.

Attorneys for M.J. Celco, Inc.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | (Jointly Administered) |
| Debtor. ) | |
| ) | |
| DELPHI CORPORATION, et al., ) | Adv. Pro. |
| ) | No. 07-02466 (RDD) |
| Plaintiffs, ) | |
| ) | |
| -against- ) | |
| ) | |
| MJ CELCO, MJ CELCO, INC. ) | |
| ) | |
| Defendant. ) | |

**MOTION OF MJ CELCO, INC. A/K/A MJ CELCO TO (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS; AND (B) DISMISS THE <u>COMPLAINT WITH PREJUDICE</u>**

Defendant, MJ Celco, Inc. a/k/a MJ Celco ("MJ Celco"), through its counsel, Dykema

Gossett PLLC, moves to dismiss the above-captioned adversary proceeding (the "Adversary

Proceeding"). In support of its motion, MJ Celco adopts the arguments set forth in the following

motions (together with the supporting memorandum, the "Motions"):

        a.    Motion by Affinia Group Holdings, Inc., Affinia Canada Corp., and Break Parts, Inc. to (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss the Complaint With Prejudice; or (C) In the Alternative, to Dismiss the Claims

>Against Certain Defendants Named in the Complaint and to Require Plaintiffs to File a More Definite Statement dated April 29, 2010 (Docket No. 19959) ("Affinia Motion")[1], and
>
>b.      Other motions and arguments of other defendants in preference proceedings that seek to set aside prior orders and to dismiss their respective adversary proceedings, including without limitation, the motions listed in Exhibit A.

As such, MJ Celco seeks entry of an order of this Court vacating, with respect to MJ Celco, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the following orders of this Court (collectively, the "Orders"):

>a.      Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9066(c), and 9018 (i) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims; (ii) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, and (iii) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548, or 553 dated August 16, 2007 (the "Preservation of Estate Claims Procedures Order"), and
>
>b.      Orders pursuant to Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Filed in Connection with Preservation of Estate Claims Procedures Order dated March 28, 2008, April 30, 2008 and October 22, 209 (collectively, the "Extension Orders").

In connection therewith, MJ Celco seeks entry of an order of this Court (a) dismissing the Adversary Proceeding with prejudice, pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, or in the alternative, (b) dismissing the Adversary Proceeding with prejudice on the ground that it is barred by judicial estoppel.

2.      The Debtors commenced the Adversary Proceeding against MJ Celco by filing the complaint under seal on or about September 28, 2007 (the "Complaint"). Thereafter, at

---

[1] MJ Celco adopts the arguments applicable to its circumstances including, without limitation, the arguments made in Parts IA, IB, II, IV, V, VI, VIIA, VIIB, VIII, IX and XI of the Memorandum of Law filed in support of the Affinia Motion (docket no. 19961 in case no. 05-44481).

2

various points in time the Debtors filed the Extension Motions to obtain entry of the Extension Orders, without notice to MJ Celco which had an interest in opposing them, to extend the time by which the summons and Complaint must be served for more than two (2) years after the Complaint was filed. Indeed, the summons was not issued until March 12, 2010 and the summons and Complaint were not served upon MJ Celco until March 22, 2010.

WHEREAS, MJ Celco respectfully requests that the Court enter an Order:

a. Vacating the interlocutory Extension Orders pursuant to the Court's discretionary authority because (i) MJ Celco was denied due process as a result of the Debtors' intentional and repeated failure to provide to MJ Celco with notice of the Extension Motions, (ii) the Debtors failed to comply with the notice requirement established in the Procedures Order, notwithstanding their repeated representations to this Court to the contrary, (iii) cause did not exist to extend the time for service of the Complaint, and/or (iv) the Complaint was improperly filed under seal pursuant to 11 U.S.C.§ 107;

b. Dismissing the Complaint against MJ Celco with prejudice pursuant to Fed. R. Civ. P. 56 made applicable to Fed. R. Bankr. P. 7056 on the ground that the Complaint is barred by the applicable two year statute of limitations;

c. Dismissing the Complaint against MJ Celco with prejudice on the grounds that it is barred by laches, judicial estoppel and/or res judicata; and

d. Granting to MJ Celco such other and further relief as is proper and just.

Dated: May 14 , 2010

Respectfully submitted,

MJ CELCO, INC.
By its Counsel,

DYKEMA GOSSETT PLLC

By: /s/ Robert D. Nachman
Robert D. Nachman
10 S. Wacker Drive – Suite 2300
Chicago, IL 60606
Phone: 312-876-1700
Fax: 312-627-2302
rnachman@dykema.com

CHICAGO\2945312.1
ID\RDN - 103062/0999

## EXHIBIT A

1.      Motion by Wagner-Smith Company seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, including those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) In the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel. (Docket #19401)

2.      Motion by Microchip Technology Incorporated seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, including those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) In the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel. (Docket #19677)

CHICAGO\2945312.1
ID\RDN - 103062/0999