**Hearing Date: 07/22/10**

REICH, REICH & REICH, P.C.
Attorneys for Critech Research Inc.
235 Main Street, Suite 450
White Plains, New York 10601
(914) 949-2126
reichlaw@aol.com
Lawrence R. Reich

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481-RDD |
| Debtors. | |

----------------------------------------------------------x
DELPHI CORPORATION, *et al.*,

                          Plaintiffs,                  Adv. Pro. No. 07-02188-RDD

      -against-

CRITECH RESEARCH, INC.,

                          Defendant.
----------------------------------------------------------x

**JOINDER OF CRITECH RESEARCH INC. TO MOTIONS (I) TO VACATE
PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED
BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548,
OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR
SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE
ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN
THE ALTERNATIVE, DISMISSING THE ADVERSARY
<u>PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL</u>**

Defendant, Critech Research Inc. ("**Critech**"), by its undersigned attorneys,

Reich, Reich & Reich, P.C., hereby joins and adopts the arguments in the Motion by Wagner-

Smith Company Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024,

Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding With Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated February 5, 2010 (Docket No. 19401); and the Motion by Microchip Technology Incorporated Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) In the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated March 15, 2010 (Docket No. 19677) (collectively, the "**Motions**"), and as such, seeks an order of this Court: (i) vacating, with respect to Critech, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the Preservation of Estate Claims Procedure Order[1] and the Extension Orders on the grounds that each such order is void against Critech by virtue of the Debtors' and Plaintiffs' intentional failure to provide Critech with notice of the motions with respect to the Preservation of Estate Claims Procedure Order and the Extension Orders, and that the Extension Orders were improvidently made; and (ii) dismissing, with prejudice, the above captioned adversary proceeding (the "**Adversary Proceeding**") against Critech, pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b) on the ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a claim upon

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motions.

2

which relief may be granted; or (iii) in the alternative, dismissing, with prejudice, the Adversary Proceeding against Critech on the ground that it is barred by judicial estoppel.

The Debtors commenced this Adversary Proceeding against Critech, under seal, on September 28, 2007.

Critech was never provided with notice of the motions seeking the Preservation of Estate Claims Procedure Order or any of the Extension Orders.

The summons with respect to this Adversary Proceeding was not issued until December 8, 2009 (Adversary Proceeding Docket No. 8), and, according to the Affidavit of Service filed with the Court, Critech was not served with the summons and complaint in this Adversary Proceeding (the "**Complaint**") until December 17, 2009 (Adversary Proceeding Docket No. 9), over four (4) years after the Plaintiffs filed their chapter 11 petitions and more than two (2) years after the expiration of the applicable statute of limitations. 11 U.S.C. § 546(a).

Critech filed an answer to the Complaint on April 1, 2010, in which it asserted, among other affirmative defenses, that the Adversary Proceeding is time-barred, and that the claims against it are barred by the doctrines of laches, waiver and estoppel (Adversary Proceeding Docket No. 14).

WHEREFORE, Critech respectfully requests that (i) the Preservation of Estate Claims Procedure Order and each one of the Extension Orders be vacated as against it; (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can

3

be granted; or (iii) in the alternative, the Complaint against it be dismissed with prejudice as being barred by judicial estoppel; and that it be granted such other and further relief as this Court may deem appropriate.

Dated:  White Plains, New York
        May 13, 2010

> REICH, REICH & REICH, P.C.
> Attorneys for Critech Research Inc.
>
> By: /s/ Lawrence R. Reich
>     Lawrence R. Reich
>
> 235 Main Street
> Suite 450
> White Plains, New York 10601
> (914) 949-2126
> reichlaw@aol.com