**Hearing Date: July 22, 2010 at 10:00 a.m. ET**
**Objection Deadline: June 7, 2010 at 4:00 p.m. ET**

SCOTT A. WOLFSON  (*Pro Hac Vice* pending)
ANTHONY J. KOCHIS (*Pro Hac Vice* pending)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7103
Facsimile:  (248) 247-7099
E-Mail:  swolfson@wolfsonbolton.com

*Attorneys for Ex-Cell-O Machine Tools, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————/

In re:

DELPHI CORPORATION, *et al*.,                    Chapter 11
                                                 Case No. 05-44481-RDD
                        Debtor.                   Jointly Administered

———————————————————/


DELPHI CORPORATION, *et al*.,

                                                 Adversary Proceeding No. 07-02337
                        Plaintiffs,

    v.

EX CELL O MACHINE TOOLS INC.,

                        Defendant.

———————————————————/

**NOTICE OF MOTION BY EX-CELL-O MACHINE TOOLS, INC. SEEKING AN
ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024
VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR
CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED
BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND
EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY
PROCEEDINGS; (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR.
P. 7012 DISMISSING THIS ADVERSARY PROCEEDING WITH PREJUDICE;
(III) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING
ON THE GROUND OF JUDICIAL ESTOPPEL; (IV) IN THE ALTERNATIVE,
DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUND OF RES
JUDICATA; AND (V) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY
PROCEEDING ON THE GROUNDS THAT IT FAILS TO PLEAD FACTS
<u>SUFFICIENT TO STATE A CLAIM FOR RELIEF</u>**

1

**PLEASE TAKE NOTICE** that upon the accompanying motion and all other pleadings and proceedings herein, Ex-Cell-O Machine Tools, Inc. ("Ex-Cell-O"), by its undersigned counsel, Wolfson Bolton PLLC, moves this Court before the Honorable Robert  D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on July 22, 2010 at 10:00 a.m. or such other date and time as soon thereafter as the Court may direct, for an Order (i) pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 vacating prior orders establishing procedures for certain adversary proceedings, including those commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and extending the time to serve process for such adversary proceedings; (ii) pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012 dismissing this adversary proceeding with prejudice; (iii) in the alternative, dismissing this adversary proceeding on the ground of judicial estoppel; (iv) in the alternative, dismissing this adversary proceeding on the ground of res judicata; and (v) in the alternative, dismissing this adversary proceeding on the grounds that it fails to plead facts sufficient to state a claim for relief; and (vi) for such other and further relief as the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, in opposition to the relief requested must be filed with the Court and served upon the undersigned counsel for Ex-Cell-O no later than June 7, 2010 at 4:00 p.m. ET ("Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion and the relief requested therein must be made in writing, conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System which can be found at

www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of

the Bankruptcy Court's case filing system and, by all other parties in interest, on 1 3.5 inch disk,

preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word

processing format and must be served in accordance with General Order M-242, with a courtesy

copy delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy

Judge, and served on Wolfson Bolton PLLC, 3150 Livernois, Suite 275 Troy, MI 48082, in

accordance with General Order M-182, so as to be received no later than the Objection Deadline.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Attorneys for Ex-Cell-O*

Dated:  May 14, 2010                    By:_____
                                             Scott A. Wolfson (P53194)
                                             Anthony J. Kochis (P72020)
                              3150 Livernois, Suite 275
                              Troy, MI  48083
                              Telephone:  (248) 247-7105
                              Facsimile:  (248) 247-7099
                              E-Mail:  akochis@wolfsonbolton.com

**Hearing Date: July 22, 2010 at 10:00 a.m. ET**
**Objection Deadline: June 7, 2010 at 4:00 p.m. ET**

SCOTT A. WOLFSON  (*Pro Hac Vice* pending)
ANTHONY J. KOCHIS (*Pro Hac Vice* pending)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7103
Facsimile:  (248) 247-7099
E-Mail:  swolfson@wolfsonbolton.com

*Attorneys for Ex-Cell-O Machine Tools, Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

—————————————————————/

In re:

DELPHI CORPORATION, *et al*.,                    Chapter 11
                                                 Case No. 05-44481-RDD
                        Debtor.                  Jointly Administered

—————————————————————/


DELPHI CORPORATION, *et al*.,

                                                 Adversary Proceeding No. 07-02337
                        Plaintiffs,

   v.

EX CELL O MACHINE TOOLS INC.,

                        Defendant.

—————————————————————/

**MOTION BY EX-CELL-O MACHINE TOOLS, INC. SEEKING AN ORDER (I)
PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024 VACATING PRIOR
ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY
PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11
U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE
PROCESS FOR SUCH ADVERSARY PROCEEDINGS; (II) PURSUANT TO FED. R.
CIV. P. 12(b) AND FED. R. BANKR. P. 7012 DISMISSING THIS ADVERSARY
PROCEEDING WITH PREJUDICE; (III) IN THE ALTERNATIVE, DISMISSING THIS
ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL; (IV) IN
THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING ON THE
GROUND OF RES JUDICATA; AND (V) IN THE ALTERNATIVE, DISMISSING THIS
ADVERSARY PROCEEDING ON THE GROUNDS THAT IT FAILS TO PLEAD
<u>FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................8

STATEMENT OF FACTS ....................................................................................................10

ARGUMENT......................................................................................................................16

    I. THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND THE
    EXTENSION ORDERS SHOULD BE VACATED AS AGAINST EX-CELL-O ON
    THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE DELPHI'S
    INTENTIONAL FAILURE TO PROVIDE EX-CELL-O WITH NOTICE OF THE
    MOTIONS IN SUPPORT THEREOF AND THAT SUCH FAILURE TO PROVIDE
    NOTICE IS A VIOLATION OF DUE PROCESS……………………………………16

        A. The Complaint Was Improperly Filed under Seal Pursuant to § 107 of the
        Bankruptcy Code......................................................................................................17

        B. Ex-Cell-O Was Not Served with Notice of the Motions in Support of the
        Preservation of Estate Claims Procedures Order and Each of the Extension
        Orders…………………………………………………………………………19

    II. THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND
    SHOULD BE DISMISSED. ............................................................................................20

    III. IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL
    ESTOPPEL AND SHOULD BE DISMISSED..................................................................23

    IV.  IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY RES JUDICATA
    AND SHOULD BE DISMISSED…………………………………………………25

    V.  IN THE ALTERNATIVE, THE COMPLAINT FAILS TO PLEAD FACTS
    SUFFICIENT TO STATE A CLAIM FOR RELIEF AND SHOULD BE
    DISMISSED…………………………………………………………………..26

MEMORANDUM OF LAW ................................................................................................30

CONCLUSION..................................................................................................................30

## TABLE OF AUTHORITIES

**Cases**

*Air Line Pilots Ass'n Int'l v. Am.Nat'l Bank & Trust Co.(In re Ionosphere Clubs)*,156 B.R.414 (S.D.N.Y. 1993)… ................................................................................................................... 17, 18

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ....................................................................... 27, 28

*Angell v. Haveri (In re Careamerica*), 409 B.R. 346 (Bankr. E.D.N.C. 2009) ................... 28, 29

*Bank of Cape Verde v. Bronson*, 167 F.R.D. 370 (S.D.N.Y.1996)…………………………………….21

*Barcia v. Sitkin*, 367 F.3d 87 (2d Cir. 2004) ................................................................... 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 27

*Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965) ....................................................... 22

*Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co.*, 1991 U.S. Dist. LEXIS 2761 (S.D.N.Y. Mar. 8, 1991) ................................................................................................................ 22

*Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503 (S.D.N.Y. 1999) .................. 21

*Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 288 B.R. 701 (Bankr. S.D.N.Y. 2003) ............................................................................................ 22

*Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.)*, 55 B.R. 253 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224 (S.D.N.Y. 1986) ................................................................................................................ 24, 25

*Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1 (1st Cir. 2005) ..... 17

*Grannis v. Ordean*, 234 U.S. 385 (1914) .......................................................................... 19

*In re Cornwall*, 9 Blatchf. 114; 6 F.Cas. 586 (C.C.D. Conn. Sept. Term 1871) ...................... 22

*In re Food Management Group, LLC*, 359 B.R. 543 (Bankr. S.D.N.Y. 2007) .................... 17, 18

*In re I. Appel Corp.,* 300 B.R. 564 (Bankr. S.D.N.Y. 2003) ................................................ 25

*In re Venture Mortgage Fund, L.P.,* 245 B.R. 460 (2000), *aff'd*, 282 F.3d 185 (2d Cir. 2002) ............ 23, 24

*Int'l Asset Recovery Corp. v. Thomsom McKinnon Sec. Inc.,* 335 B.R. 520 (S.D.N.Y. 2005) .................. 25

*Morse v. Perrotta (In re Perrotta)*, 406 B.R. 1 (Bankr. D. N.H. 2009) ................................ 22

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ................................... 19

*Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv*., 169 F.R.D. 28 (W.D.N.Y. 1996) ............. 23

*New Hampshire v. Maine*, 532 U.S. 742 (2001) ........................................................... 23, 24

*Rosenshein v. Kleban*, 918 F.Supp. 98 (S.D.N.Y. 1996) ................................................. 23, 24

*Video Software Dealers Ass'n v. Orion Pictures Corp.(In re Orion Pictures)*, 21 F.3d 24 (2d Cir. 1994). ................................................................................................................ 18, 19

*Weigner v. City of New York*, 852 F.2d 646 (2d Cir. 1988) ............................................. 19

**Statutes**

11 U.S.C. § 546(a) .......................................................................................................... 20

11 U.S.C. § 107 ......................................................................................................... 17, 18

28 U.S.C. § 2075 ....................................................................................................... 21, 22

**Rules**

Fed. R. Bankr. P. 7012 ................................................................................................... 23

Fed. R. Civ. P. 4(m) ....................................................................................................... 21

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 23

Fed. R. Civ. P. 60(b) ................................................................................................................................ 16


**Other Authorities**

Hon. William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice § 109:16 (3d.
    ed. 2009) ............................................................................................................................................. 25

Defendant Ex-Cell-O, through its attorneys, Wolfson Bolton PLLC, and for its Motion Seeking An Order (I) Pursuant To Fed. R. Civ. P. 60 And Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures For Certain Adversary Proceedings, Including Those Commenced By The Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, Or 549, And Extending The Time To Serve Process For Such Adversary Proceedings; (II) Pursuant To Fed. R. Civ. P. 12(b) And Fed. R. Bankr. P. 7012 Dismissing This Adversary Proceeding With Prejudice; (III) In The Alternative, Dismissing This Adversary Proceeding On The Ground Of Judicial Estoppel; (IV) In The Alternative, Dismissing This Adversary Proceeding On The Ground Of Res Judicata; And (V) In The Alternative, Dismissing This Adversary Proceeding On The Grounds That It Fails To Plead Facts Sufficient To State A Claim For Relief ("Motion") states:

## PRELIMINARY STATEMENT

1.      Delphi Corporation, *et al.* (collectively, "Debtors" or "Delphi") filed this adversary proceeding against Defendant Ex-Cell-O under seal on September 28, 2007.  A fundamental tenet in American jurisprudence is that all court proceedings should be open to the public, because the public has a right, rooted in the First Amendment, to know about the administration of justice.  Another core tenet in American jurisprudence is that a party is entitled to notice that it is being sued.  Neither of these principles were followed in this case. Through a series of motions without notice to Ex-Cell-O, Debtors have twisted the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure by filing complaints under seal and indefinitely extending the two-year statute of limitations under 11 U.S.C. § 546(a).  Ex-Cell-O was not provided with notice of any of the motions extending the time by which Delphi could serve the complaints in the underlying adversary proceedings, and such failure to give notice

8

constitutes a deprivation of due process under the circumstances of this case.  Further, Delphi's skeletal Complaint (defined below) against Ex-Cell-O fails to plead facts sufficient to state a claim for relief.  Accordingly, Ex-Cell-O seeks an order of the Court:

    i.    vacating, with respect to Ex-Cell-O, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the orders of this Court, dated August 16, 2007 the "Preservation of Estate Claims Procedures Order"  [Docket No. 9105]; March 28, 2008 the "Extension of Avoidance Action Service Deadline Order" [Docket No. 13277]; April 30, 2008 the "Postconfirmation Extension of Avoidance Action Service Deadline Order" [Docket No. 13484]; and October 22, 2009 the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order" [Docket No. 18999] (together with the Extension of Avoidance Action Service Deadline Order and Postconfirmation Extension of Avoidance Action Service Deadline Order, the "Extension Orders"), on the grounds that each is void against Ex-Cell-O by virtue of Debtors' intentional failure to provide Ex-Cell-O with notice of the motions;

    ii.    dismissing, with prejudice, the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 ("Complaint") against Ex-Cell-O, pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012 on the ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a claim upon which relief may be granted; or

    iii.  in the alternative, dismissing the Complaint on the ground that it is barred

by judicial estoppel; or

    iv.  in the alternative, dismissing the Complaint on the ground that it is barred

by res judicata;

    v.  in the alternative, dismissing, the Complaint on the ground that it fails to

plead facts sufficient to state a claim for relief and therefore does not

comply with the pleading requirements of *Ashcroft v. Iqbal*, 129 S. Ct.

1937 (2009).

## STATEMENT OF FACTS

2.      On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary

petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

On October 14, 2005, three additional U.S. subsidiaries of Delphi filed voluntary petitions for

relief under Chapter 11 of the Bankruptcy Code.

3.      Prior to the commencement of Debtors' cases, Ex-Cell-O supplied CNC

equipment and related repair and replacement machine parts to Delphi.

*(i) Preservation of the Estate Claims Procedure Motion and Order*

4.      On August 6, 2007, Debtors filed the Preservation of Estate Claims Procedures

Motion [Docket No. 8905] seeking, among other things, the establishment of procedures for

certain adversary proceedings, including those commenced by the Debtors under Bankruptcy

Code §§ 541, 544, 545, 547, 548 or 553.  Specifically, the  Preservation of Estate Claims

Procedures Motion requested the following relief: (i) pursuant to Fed. R. Civ. P. 4(m), an

extension of time beyond the initial 120-day period to serve certain adversary summonses and

complaints; (ii) a stay of the applicable adversary proceedings until service of process was

effected; and (iii) permitting the Plaintiffs to file complaints under seal.  *Id.*, ¶¶ 33-38.

5.      The relief sought in the Preservation of Estate Claims Procedures Motion, was, according to Debtors, meant to "preserve the status quo," and "potentially valuable assets without disrupting the plan process or existing business relationships prematurely or prejudicing the rights of any defendants," as well as to "avoid having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact, most of them likely will be resolved by a reorganization plan and never pursued."  *Id.,* ¶¶ 33-34.

6.      In addition, as it relates to the request to file the complaints under seal, the Debtors also sought to so act in order to "avoid unnecessarily alarming potential defendants," and because "Debtors have worked to preserve and repair their business relationship with many of the potential defendants during these cases and have negotiated or regained favorable credit terms with many suppliers and are continuing to do so."  *Id.,* ¶ 37.

7.      Ex-Cell-O was not provided with notice of the Preservation of Estate Claims Procedures Motion.  *See* Affidavit of Service [Docket No. 9039].

8.      On August 16, 2007, the Court entered the Preservation of Estate Claims Procedures Order, granting the relief requested in the Preservation of Estate Claims Procedures Motion by (i) allowing Debtors to file adversary proceeding complaints under seal; (ii) directing the Clerk of the Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of their intent to prosecute such actions; (iii) staying each adversary action unless and until the Debtors effectuated service of process on the respective defendants; and (iv) extending the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  *See* Preservation of Estate Claims Procedures Order, ¶¶ 7-10 [Docket No.

9105].

*(ii) Commencement of Adversary Proceeding Against Ex-Cell-O and Plan Confirmation*

9.      On September 28. 2007, Plaintiffs commenced this adversary proceeding by filing

the Complaint under seal with the Clerk.  The Complaint seeks to recover, pursuant to

Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Ex-Cell-O in the

aggregate amount of  $611,528.10.  (Adversary Proceeding 07-02337, Complaint attached as

Exhibit 1).

10.     The statute of limitations for commencing avoidance actions pursuant to

Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553 expired on October 8, 2007.  *See* 11 U.S.C.

§ 546(a).

11.     On January 25, 2008, the Court entered an order confirming the Debtors' first

amended joint plan of reorganization ("Plan").  *See* Findings of Fact, Conclusions of Law, and

Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 confirming First Amended

Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-

in-Possession, as Modified, dated January 25, 2008 ("Confirmation Order") [Docket No. 12359].

*(iii) Extension of Avoidance Action Service Deadline Motion and Order*

12.     On February 8, 2008, Debtors filed the Extension of Avoidance Action Service

Deadline Motion, seeking to modify Paragraph 8 of the Preservation of Estate Claims Procedures

Order, so as to extend, for a second time, the deadline under Fed. R. Civ. P. 4(m) by which the

Debtors would be required to serve process by an additional two months to May 31, 2008.  *See*

Extension of Avoidance Action Service Deadline Motion, ¶ 18 [Docket No. 12922]

13.     The stated purpose for this extension was to "enable the Debtors to fulfill their

fiduciary responsibility to preserve valuable estate assets in a manner that would not

unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants." *Id.*, ¶ 21.

14.    In the Extension of Avoidance Action Service Deadline Motion, Debtors also stated that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."[1] *Id.*, ¶ 17. In fact, Debtors stated that only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order. *Id.*, ¶ 17, n.4.

15.    Ex-Cell-O was not provided with notice of the Extension of Avoidance Action Service Deadline Motion.  *See* Affidavit of Service [Docket No. 12970].

16.    On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended to May 31, 2008. *See* Extension of Avoidance Action Service Deadline Order, ¶ 2 [Docket No. 13277].

    *(iv) Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order*

17.    On April 10, 2008, Debtors filed the Postconfirmation Extension of Avoidance

---

[1] Exhibit 7.24 to the Plan apparently was never filed with the Court.  Section 14.3 of the Confirmed Plan and Modified Plan (defined below) provide that the Debtors "may alter, amend, or modify any Exhibits to this Plan under Section 1127(a) of the Bankruptcy Code **at any time prior to the Confirmation Date**." (Emphasis added). The Confirmation Date was January 25, 2008. Thus, after January 25, 2008, the Debtors did not have the right under the Modified Plan to amend or add to Exhibit 7.24 (renumbered as Exhibit 7.19 in the Modified Plan).

Action Service Deadline Motion, seeking to extend, for a third time, the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan. *See* Postconfirmation Extension of Avoidance Action Service Deadline Motion, ¶ 19 [Docket No. 13361].

18.    The stated purpose for this extension was identical to the purpose set forth in support of the Extension of Avoidance Action Service Deadline Motion, namely, to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants." *Id.,* ¶ 22.

19.    The Postconfirmation Extension of Avoidance Action Service Deadline Motion once again stated that (i) Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 of the Plan;" and (ii) that only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order. *Id.,* ¶ 18 and n.4. Unlike Ex-Cell-O, these three entities were provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion. *Id.*, ¶ 18, n.4.

20.    Ex-Cell-O was not provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion. *See* Affidavit of Service [Docket No. 13415].

21.    On April 30, 2008, the Court entered the Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate

14

Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service

Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a

defendant in the adversary proceedings with a summons and complaint was further extended

until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11

plan for the Debtors and December 31, 2008.  *See* Postconfirmation Extension of Avoidance

Action Service Deadline Order, ¶ 2 [Docket No. 13484].

> *(v) Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order*

22.      On October 2, 2009, Debtors filed the Supplemental Postconfirmation Extension

of Avoidance Action Service Deadline Motion, seeking to further modify Paragraph 8 of the

Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance

Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service

Deadline Order, so as to extend, for a fourth time, the deadline under Fed. R. Civ. P. 4(m) by

which the Debtors were required to serve process until 180 days after substantial confirmation of

the Modified Plan.  *See* Supplemental Postconfirmation Extension of Avoidance Action Service

Deadline Motion, ¶ 16 [Docket No. 18952].

23.      Debtors stated that this further extension was necessary in light of the fact that

Debtors now anticipated that they would retain 177 of the adversary proceedings filed under seal.

Debtors asserted that 30 days after substantial consummation of the Modified Plan was not

sufficient time to "assess the ongoing relationship with certain defendants and whether events

since initiating the [adversary proceedings] have impacted the Debtors' estimated recoveries,"

and determine whether to pursue such retained adversary proceedings.  Debtors also asserted that

an extension "would reduce the administrative and economic burdens of the [retained adversary

proceedings] on the Debtors and the potential defendants." *Id.,* ¶¶ 17, 19.

15

24.     Ex-Cell-O was not provided with notice of the Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Motion.  *See* Affidavit of Service [Docket No.

18967].

25.     On October 22, 2009, the Court entered the Supplemental Postconfirmation

Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the

Preservation of Estate Claims Procedures Order, as previously modified by the Extension of

Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance

Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors

were required to serve a defendant in the adversary proceedings with a summons and complaint

was further extended until 180 days after substantial confirmation of the Modified Plan.  *See*

Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, ¶ 2

[Docket No. 18999].

*(vi) Service on Ex-Cell-O*

26.     Ex-Cell-O was served with the Complaint on or about March 24, 2010, <u>over two</u>

<u>years after the limitations period provided by Bankruptcy Code § 546(a) expired</u>.

<u>**ARGUMENT**</u>

**I. THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND
THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST EX-CELL-
O ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE DELPHI'S
INTENTIONAL FAILURE TO PROVIDE EX-CELL-O WITH NOTICE OF THE
MOTIONS IN SUPPORT THEREOF AND THAT SUCH FAILURE TO
PROVIDE NOTICE IS A VIOLATION OF DUE PROCESS.**

27.     Federal Rule of Civil Procedure 60(b), as made applicable by Fed. R. Bankr. P.

9024, provides, in relevant part: "On motion and just terms, the Court may relieve a party or its

legal representative from a final judgment, order or proceeding for the following reasons: . . . (6)

any other reason that justifies relief."

16

28.    Ex-Cell-O  respectfully submits that the combination of permitting Delphi to file the Complaint under seal -- thereby preventing Ex-Cell-O from discovering that it had been sued -- while continually extending the time to serve process in excess of two years past the expiration of the statute of limitations set forth in Bankruptcy Code §546(a) -- also without notice to Ex-Cell-O -- has resulted in a proceeding devoid of procedural due process.

29.    Accordingly, and for the reasons set forth below, the Preservation of Estate Claims Procedures Order and each of the Extension Orders must be vacated as against Ex-Cell-O.

**A. The Complaint Was Improperly Filed under Seal Pursuant to § 107 of the Bankruptcy Code.**

30.    There "is a strong presumption and public policy in favor of public access to court records," which is "rooted in the public's First Amendment right to know about the administration of justice."  *In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007) (internal citations and quotations omitted).  In fact, the "public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved."  *Id.*; *see also Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.),* 422 F.3d 1, 7 (1st Cir. 2005) ("This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system.").

31.    Section 107(a) of the Bankruptcy Code codifies the common law right of public access in the bankruptcy setting and provides, in relevant part, that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).  The "plain meaning of § 107(a)

17

mandates that all papers filed with the bankruptcy court are 'public records' unless the

bankruptcy court 'decides to protect the information pursuant to the standards set forth in [§]

107(b).'" *In re Food Management Group, LLC*, 359 B.R. at 553 (quoting *Air Line Pilots Ass'n*

*Int'l v. Am. Nat'l Bank and Trust Co.* (*In re Ionosphere Clubs*), 156 B.R. 414, 433 n.7 (S.D.N.Y.

1993)).

32.    Section 107(b) of the Bankruptcy Code establishes two exceptions to the general

right of access, where, under "compelling or extraordinary circumstances" an exception is

necessary. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),*

21 F.3d 24, 27 (2d Cir. 1994).  Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may – (1)
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information; or (2) protect a
> person with respect to scandalous or defamatory matter contained
> in a paper filed in a case under this title.

11 U.S.C. § 107(b).  However, "a judge must carefully and skeptically review sealing requests to

insure that there really is an extraordinary circumstance or compelling need" to keep the material

private.  *In re Food Management Group, LLC*, 359 B.R. at 554 (internal citation and quotation

omitted).

33.    Debtors invoked § 107(b)(1) when requesting that the Court permit the filing of

the avoidance action complaints under seal.  As mentioned above, in the Preservation of Estate

Claims Procedures Motion, the Debtors sought to characterize preservation of the status quo and

existing business relationships as "commercial information" in need of protection.  Debtors

further alleged that they "have worked to preserve and repair their business relationship with

many of the potential defendants during these cases and have negotiated or regained favorable

credit terms with many suppliers and are continuing to do so." Preservation of Estate Claims

18

Procedures Motion, ¶ 37.

34.     Commercial information, however, has never been defined so broadly as to
protect information that would be prejudicial to Debtors *vis-à-vis* their own creditors.  Rather,
commercial information has been defined "as information which would cause an *unfair
advantage to competitors* by providing them information as to the commercial operations of the
debtor."  *In re Orion Pictures Corp.,* 21 F.3d at 27 (emphasis added).  Ex-Cell-O is not a
competitor of the Debtors.  The fact that the Debtors were seeking to avoid allegedly preferential
payments to Ex-Cell-O was, therefore, not "commercial information" that needed to be kept, or
should have been kept, confidential.

35.     Accordingly, the Preservation of Estate Claims Procedures Order, as it relates to
the authority to file the Complaint under seal, should be vacated as to Ex-Cell-O.

**B. Ex-Cell-O Was Not Served with Notice of the Motions in Support of the
Preservation of Estate Claims Procedures Order and Each of the Extension Orders.**

36.     It has long been held that the "fundamental requisite of due process of law is the
opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). This right to be heard,
however, "has little reality or worth unless one is informed that the matter is pending and can
choose for himself whether to appear or default, acquiesce or contest."  *Mullane v. Central
Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Thus, an "elementary and fundamental
requirement of due process in any proceeding which is to be accorded finality is notice
reasonably calculated, under all the circumstances, to apprise interested parties of the pendency
of the action and afford them an opportunity to present their objections." *Id.* at 314; *Barcia v.
Sitkin*, 367 F.3d 87, 107 (2d Cir. 2004); *Weigner v. City of New York*, 852 F.2d 646, 654 (2d Cir.
1988).

37.     Under the circumstances of this case, Ex-Cell-O has been deprived of due process

due to the failure of Debtors to provide Ex-Cell-O with notice of the Preservation of Estate

Claims Procedures Order and Extension Orders and Debtors' intentional actions to keep Ex-Cell-

O in the dark as to its status as a defendant.

38.    Debtors attempted to justify this lack of procedural due process on the grounds

that it "avoid[ed] unnecessarily alarming potential defendants" and "having to force all potential

defendants to retain counsel to defend against adversary proceedings when, in fact, most of them

likely will be resolved by a reorganization plan and never pursued." *See* Preservation of Estate

Claims Procedures Motion, ¶¶ 34, 37.  These justifications have no merit. Debtors had an option

- either sue the defendants or not sue the defendants.

39.    For all of the foregoing reasons, the Preservation of Estate Claims Procedures

Order and the Extension Orders should be vacated as against Ex-Cell-O.

## II.  THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED.

40.    Section 546(a) of the Bankruptcy Code provides:

> An action or proceeding under section 544, 545, 547, 548, or 553
> of this title may not be commenced after the earlier of – (1) the
> later of – (A) 2 years after the entry of the order for relief; or (B) 1
> year after the appointment or election of the first trustee under
> section 702, 1104, 1163, 1202, or 1302 of this title if such
> appointment or such election occurs before the expiration of the
> period specified in subparagraph (A); or (2) the time the case is
> closed or dismissed.

11 U.S.C. § 546(a).

41.    Accordingly, the deadline for commencing an adversary proceeding against Ex-

Cell-O on account of an allegedly avoidable transfer expired on October 8, 2007.

42.    Delphi filed the Complaint under seal on September 28, 2007, but did not serve

Ex-Cell-O with the Complaint until on or around March 24, 2010 - over two years after the

statute of limitations expired.

43.      To bridge the gap between the time that Ex-Cell-O should have been served with the Complaint and the date on which it was actually served with the Complaint, Delphi relies on the Extension Orders, which were entered without notice to the one entity that had an adverse interest, namely, Ex-Cell-O.  Rule 4(m) of the Federal Rules of Civil Procedure, made applicable by Fed. R. Bankr. P. 7004(a), provides, in relevant part:

> *Time Limit for Service*. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

44.      The Extension Orders should not have been entered, as good cause did not exist to extend the time to serve process as a matter of law.

45.      Good cause generally exists under Fed. R. Civ. P. 4(m) where the failure to serve process in a timely manner is the result of circumstances beyond the plaintiff's control.  *Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y. 1999).  It does not exist, however, in situations like the one at hand - where Delphi knew and was able to serve Ex-Cell-O, but simply choose not to do so.[2]

46.      The use of procedural rules to obtain a result not contemplated by the

---

[2] As support for extending the time to serve process on defendants, Debtors cited *Bank of Cape Verde v. Bronson*, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) for the proposition that good cause existed where future events would have likely "obviated the need to serve the . . . complaint" and when the plaintiff requested the extension before the deadline expired.  This case is inapplicable to the facts here.  In *Bank of Cape Verde*, the third-party plaintiff was pursuing good-faith settlement negotiations with the plaintiff and third-party defendants, and had already served all or most of the parties to the action before the expiration of the 120-day deadline.  Ex-Cell-O was not, and could not have been, in settlement negotiations with Delphi, as it did not even know that it had been sued.

accompanying substantive law is simply not permitted.  *See* 28 U.S.C. § 2075 (rules prescribed by the United States Supreme Court "shall not abridge, enlarge, or modify any substantive right"); *see also Morse v. Perrotta (In re Perrotta),* 406 B.R. 1, 8 (Bankr. D. N.H. 2009) ("Therefore, to the extent that the Bankruptcy Rules and the Bankruptcy Code are inconsistent, the statute controls.").  Moreover, while it is true that courts have the discretion to extend the time for service of process, such extensions were not warranted here.  Courts have held that statutes of limitation are statutes of repose, and they "are enacted upon the presumption, that one having a well-founded claim will not delay enforcing it beyond a reasonable time, if he has the power to sue."  *In re Cornwall*, 9 Blatchf. 114, 6 F.Cas. 586, 591 (C.C.D. Conn. Sept. Term 1871).  Indeed, the purpose of statutes of repose is primarily to give notice to plaintiffs of the time within which to bring suit and to potential defendants of the time beyond which exposure to liability ceases.  *Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co*., 1991 U.S. Dist. LEXIS 2761 (S.D.N.Y. Mar. 8, 1991).

47.    Statutes of repose, which are designed to protect defendants, are only to be outweighed where "the interests of justice require vindication of the plaintiff's rights."  *Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 288 B.R. 701, 705 (Bankr. S.D.N.Y. 2003).  Such circumstances occur where the plaintiff has not slept on its rights, has commenced a timely state court action in a court of competent jurisdiction, the particular defect in the complaint is waivable and frequently waived, and where the defendant "*could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that [the plaintiff] was actively pursuing his . . . remedy.*" *Id.* (quoting *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428-29 (1965)) (emphasis added).

48.    Here, Ex-Cell-O was entitled to rely, had no reason not to rely, and indeed relied,

22

upon the policy of repose embedded within § 546(a) of the Bankruptcy Code, having received no

notice for more than two years after the statute of limitations had expired that it had been sued by

Delphi.  Further, Ex-Cell-O could not have discovered that it had been sued because the

Complaint had been filed under seal.

49.    Thus, while it is generally the policy of the courts to decide cases on the merits

where possible -

> if the Rules are to mean anything, parties must diligently try to
> follow them and courts must enforce them, even if it means that
> cases must sometimes be finally determined on procedural grounds
> rather than on their substantive merits.

*Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv*., 169 F.R.D. 28, 35 (W.D.N.Y.

1996).

50.    By not giving notice to Ex-Cell-O that it had been sued and denying Ex-Cell-O

the right to be heard and object to the motions supporting the Preservation of Estate Claims

Procedures Order and each of the Extension Orders, Delphi has maneuvered itself into a corner

where the Complaint should be dismissed on procedural and not substantive grounds.

51.    Accordingly, the Complaint should be dismissed for failure to state a claim upon

which relief can be granted.  Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012.

### III. IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.

52.    The equitable principle of judicial estoppel "prevents a party from asserting a

factual position in a legal proceeding that is contrary to a position previously taken by [that

party] in a prior legal proceeding."  *In re Venture Mortgage Fund, L.P.,* 245 B.R. 460, 471

(2000), *aff'd*, 282 F.3d 185 (2d Cir. 2002). The purpose of judicial estoppel is to "protect the

integrity of the judicial process . . . by prohibiting parties from deliberately changing positions

23

according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749

(2001); *see also Rosenshein v. Kleban*, 918 F.Supp. 98, 104 (S.D.N.Y. 1996) ("Judicial estoppel

is invoked . . . to prevent the party from playing fast and loose with the courts, and to protect the

essential integrity of the judicial process.").  Put simply, one cannot blow hot and cold.

53.      In the Second Circuit, the following two factors must be satisfied to invoke the

doctrine of judicial estoppel:  (i) the party against whom estoppel is asserted took an inconsistent

position in a prior proceeding, and (ii) the first tribunal adopted the inconsistent position in some

manner, such as by rendering a favorable judgment.  *In re Venture Mortgage Fund, L.P.,* 245

B.R. at 472. The doctrine, however, does not depend upon prejudice to the party invoking it.

*Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie*

*Des Monnaies of Geneva, Ltd.)*, 55 B.R. 253, 260 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224

(S.D.N.Y. 1986).

54.      Both factors are satisfied here.  First, the Extension of Avoidance Action Service

Deadline Motion states that Debtors would "not retain any of the causes of action asserted in the

[adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan." Extension

of Avoidance Action Service Deadline Motion, ¶ 17.  In fact, Debtors stated that, of the 742

adversary proceedings commenced under seal, only the claims relating to Laneko Engineering

Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and

subsidiaries were subject to the Preservation of Estate Claims Procedures Order.  *Id.* ¶ 17, n.4.

Debtors reiterated this assertion in their Postconfirmation Extension of Avoidance Action

Service Deadline Motion.  Postconfirmation Extension of Avoidance Action Service Deadline

Motion, ¶ 18 and n.4.  Second, the Court, in entering the orders upon the representations set forth

in the Extension of Avoidance Action Service Deadline Motion and the Postconfirmation

Extension of Avoidance Action Service Deadline Motion, adopted the inconsistent position

asserted by Debtors.

55.      Debtors have now reversed course.  By serving the Complaint on Ex-Cell-O,

Debtors are taking a position directly contrary to the legal position they previously asserted in

two of their motions – which original position was adopted by the Court in its entry of the

Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of

Avoidance Action Service Deadline Order.  Such action is impermissible and, accordingly, the

Complaint should be dismissed.  *See Galerie Des Monnaies of Geneva, Ltd*., 55 B.R. at 260

(granting defendant's motion to dismiss where debtor who stated in its disclosure statement that

it has no preference actions "may not thereafter reverse its field and commence a preference

action for its own benefit.").

### IV. IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY RES JUDICATA AND SHOULD BE DISMISSED.

56.      Delphi lacks standing to pursue the Complaint because Debtors did not retain a

cause of action against Ex-Cell-O.

57.       "The confirmation of a bankruptcy plan of reorganization must be accorded res

judicata effect . . . [and] prevents the subsequent assertion of any claim not preserved in the plan

as required by § 1123(b)(3)." *In re I. Appel Corp.,* 300 B.R. 564, 567 (Bankr. S.D.N.Y. 2003).

"[T]he general rule is that, absent an express plan provision to the contrary, the debtor loses the

right to bring bankruptcy causes of action, such as to recover a preference or for turnover, after

the confirmed plan's effective date." Hon. William L. Norton, Jr. & William L. Norton III,

Norton Bankruptcy Law and Practice § 109:16 (3d. ed. 2009) (citing *Int'l Asset Recovery Corp.*

*v. Thomsom McKinnon Sec. Inc.,* 335 B.R. 520, 525 (S.D.N.Y. 2005)).

25

58.     As discussed above, on December 27, 2007, the Debtors listed the causes of

action they intended to preserve in Exhibit 7.19/7.24 to the Confirmed Plan – which list did not

include a cause of action against Ex-Cell-O.   Article 7.24 of the Confirmed Plan and Article 7.19

Modified Plan [Docket No. 18707] state that "Causes of Action against Persons arising under

section 544, 545, 547, 548, or 553 of the Bankruptcy Code or similar state laws shall not be

retained by the reorganized Debtors unless specifically listed on Exhibit 7.24 [7.19 in the

Modified Plan]." Upon entry of the Confirmation Order, the Debtors lost the ability to amend

Exhibit 7.19/7.24.

59.     Accordingly, Debtors are barred by application of res judicata from pursuing any

causes of action other than those specifically preserved in Exhibit 7.19/7.24.

60.     Additionally, even if the Court finds that Debtors had the right to amend Schedule

7.19/7.24, the Debtors have not adequately described the avoidance actions in order to preserve

them under the Modified Plan.   Exhibit 7.19/7.24 provided no information as to the identity of

the defendants or, more importantly, the value of the claims. Moreover, neither the Amended

Disclosure Statement [Docket No. 17071] nor the Modified Plan included any discussion

indicating that Debtors were reversing their position with respect to pursuing claims only against

Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc.

61.     Accordingly, the Complaint should be dismissed on the grounds of res judicata

because of Debtors' failure to retain any cause of action against Ex-Cell-O.

**V.  IN THE ALTERNATIVE, THE COMPLAINT FAILS TO PLEAD FACTS
SUFFICIENT TO STATE A CLAIM FOR RELIEF AND SHOULD BE
DISMISSED**

26

62.    Delphi's complaint fails to comply with the pleading requirements of *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and, therefore, should be dismissed for failure to state a claim upon which can be granted.

63.    In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established the standard by which federal courts are to determine motions to dismiss under Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." 550 U.S. at 570.

64.    A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. 550 U.S. at 555.

65.    The Supreme Court recently elaborated on its holding in *Twombly*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, **only a complaint that states a plausible claim for relief survives a motion to dismiss.** Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether

they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (emphasis added; internal

citations to *Twombly* and corresponding quotation marks omitted).

66.    In *Angell v. Haveri* (*In re Careamerica*), 409 B.R. 346 (Bankr. E.D.N.C. 2009),

the bankruptcy court applied the Supreme Court's holding in *Twombly* to dismiss a preference

action. The defendant filed a motion to dismiss the trustee's claims to avoid alleged preferential

and fraudulent transfers. The bankruptcy court concluded that, based on the Supreme Court's

holdings in *Twombly*, the trustee's complaint must plead sufficient factual allegations to establish

that a preference cause of action is plausible. *Id*. at 350. The bankruptcy court then analyzed each

element of the preference statute to determine if sufficient factual allegations were sufficiently

plead.

67.    The bankruptcy court held that the trustee's complaint did not contain sufficient

factual allegations to show it was plausible that a transfer of an interest of the debtor in property

had occurred because the complaint failed to identify which of the debtors made the alleged

transfers. *Id*. Moreover, the bankruptcy court held that the trustee's complaint did not contain

sufficient factual allegations to show it was plausible that the alleged transfers were made on

account of an antecedent debt. The bankruptcy court explained that "the trustee must assert the

nature and amount of the antecedent debt in order to allege a plausible claim for relief." *Id*. at

351. The trustee's complaint merely recited the statutory element that the transfer was made "for,

or on account of, an antecedent debt owed by the Debtors to the Defendant before the transfers

were made." *Id*. The complaint lacked any facts showing the existence of an antecedent debt.

The bankruptcy court explained that in order to satisfy the pleading requirements under *Twombly*

"the trustee must allege facts regarding the nature and amount of the antecedent debt which, if

true, would render plausible the assertion that a transfer was made for or on account of such

antecedent debt." *Id*.

68.    Like the complaint at issue in *Careamerica*, the Complaint in this adversary

proceeding case does not contain sufficient factual matter to state a claim for relief under § 547

that is plausible on its face.

69.    The Complaint contains nothing more than a formulaic recitation of the elements

of a claim for relief under § 547.

70.    The Complaint contains no factual allegations other than a list of alleged transfers

contained in Exhibit "1" to the Complaint.  Debtors do not allege that they actually made the

alleged transfers listed on Exhibit "1." Instead, Debtors allege that they "made, or caused to be

made," the alleged transfers. Complaint, ¶¶ 12 and 13.

71.    Similar to the complaint dismissed by the court in *Careamerica*, the Complaint in

this adversary proceeding does not identify the Debtor or Debtors that are alleged to have made

the transfers listed on Exhibit "1." Instead, the Complaint alleges that the alleged transfers were

made by "Plaintiffs," which are defined to include "all of the Debtors in the above-captioned

case." Complaint, ¶ 3.

72.    Lastly, like the trustee's complaint in *Careamerica*, the Complaint in this case

does not allege any facts regarding the nature or amount of the antecedent debt.

73.    Accordingly, the Complaint fails to state a claim for relief under 11 U.S.C. § 547,

and, therefore, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P.

7012.

## MEMORANDUM OF LAW

74.     Because the legal points and authorities upon which Ex-Cell-O relies are
incorporated herein, Ex-Cell-O respectfully requests that the requirements of Local Rule 9013-
1(a) be deemed satisfied.

## CONCLUSION

75.     Accordingly, for the reasons stated above, Ex-Cell-O seeks an order from the
Court: (I) vacating the Preservation of Estate Claims Procedures Order, Extension of Avoidance
Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service
Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service
Deadline Order against it; (II) dismissing the Complaint with prejudice for failure to state a claim
upon which relief can be granted because it is barred by the 2-year statute of limitations; (III) in
the alternative, dismissing the Complaint as being barred by judicial estoppel; (IV) in the
alternative, dismissing the Complaint as being barred by res judicata; (V) in the alternative,
dismissing the Complaint for failure to state a claim upon which relief can be granted because it
fails to comply with the pleading requirements of *Ashcroft v. Iqbal*.

WHEREFORE, Ex-Cell-O respectfully requests that this Court (I) vacate the Preservation of Estate Claims Procedures Order, Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order Court as against Ex-Cell-O; (II) dismiss the Complaint with prejudice; (III) and grant such other relief as the Court deems just and proper.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Attorneys for Ex-Cell-O*

Dated:  May 14, 2010

By:____/s/ Anthony J. Kochis_____
      Scott A. Wolfson (P53194)
      Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI  48083
Telephone:  (248) 247-7105
Facsimile:  (248) 247-7099
E-Mail:  akochis@wolfsonbolton.com