# EXHIBIT "E"

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-60001
Andrew D. Gottfried, Esq.
Karen Gartenberg, Esq.

Hearing Date: April 6, 2010
Hearing Time: 10:00 a.m.
Objection Deadline: March 16, 2010

Attorneys for Defendant Wagner-Smith Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re:                                                  :
                                                        :  Chapter 11
DELPHI CORPORATION, et al.,                             :  Case No. 05-44481 (RDD)
                                                        :  Jointly Administered
                              Debtors,                  :
-------------------------------------------------------x
                                                        :
DELPHI CORPORATION, et al.,                             :  Adv. Pro. No. 07-02581 (RDD)
                                                        :
                              Plaintiffs,               :
                                                        :
      - against -                                       :
                                                        :
                                                        :
WAGNER SMITH COMPANY                                     :
                                                        :
                              Defendant.                :
-------------------------------------------------------x

## NOTICE OF MOTION BY WAGNER-SMITH COMPANY SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL

PLEASE TAKE NOTICE that upon the accompanying motion (the "Motion")

and all other pleadings and proceedings herein, Wagner-Smith Company ("Wagner-

Smith"), by its undersigned counsel, shall move this Court before the Honorable Robert

D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300

Quarropas Street, White Plains, New York 10601, on April 6, 2010 at 10:00 a.m. or such

other date and time as soon thereafter as the Court may direct, for an Order (i) pursuant to

Fed. R. of Civ. P. 60 and Fed. R. Bankr. P. 9024, vacating prior orders establishing

procedures for certain adversary proceedings, including those commenced by the Debtors

under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 553, and extending the time to serve

process for such adversary proceedings, and (ii) pursuant to Fed. R. Civ. P. 12(b) and

Fed. R. Bankr. P. 7012(b), dismissing the adversary proceeding with prejudice, or (iii) in

the alternative, dismissing the adversary proceeding on the ground of judicial estoppel,

and (iv) for such other and further relief as the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, in

opposition to the relief requested shall be filed with the Court and served upon the

undersigned counsel for Wagner-Smith no later than March 16, 2010 at 5:00 p.m. (the

"Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to

the Motion and the relief requested therein must be made in writing, conform to the

Bankruptcy Rules and the Local Bankruptcy Rules for the Bankruptcy Court, and be filed

with the Bankruptcy Court electronically in accordance with General Order M-242

(General Order M-242 and the User's Manual for the Electronic Case Filing System

which can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy

Court), by registered users of the Bankruptcy Court's case filing system and, by all other

parties in interest, on 1 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect or any other Windows-based word processing format and shall be served in

accordance with General Order M-242, with a courtesy copy delivered to the Chambers

of the Honorable Robert D. Drain, United States Bankruptcy Judge, and served on

Morgan, Lewis & Bockius LLP, attorneys for Defendant Wagner-Smith, 101 Park

Avenue, New York, New York 10178, attn: Andrew D. Gottfried, Esq., in accordance

with General Order M-182, so as to be received no later than the Objection Deadline.

Dated: New York, New York
      February 5, 2010

                              **MORGAN, LEWIS & BOCKIUS LLP**
                              Attorneys for Defendant Wagner-Smith Company

                              By:/s/ Andrew D. Gottfried_____
                                  Andrew D. Gottfried
                                  Karen Gartenberg

                              101 Park Avenue
                              New York, New York 10178
                              Telephone: (212) 309-6000

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-60001
Andrew D. Gottfried, Esq.
Karen Gartenberg, Esq.

Hearing Date: April 6, 2010
Hearing Time: 10:00 a.m.
Objection Deadline: March 16, 2010

Attorneys for Defendant Wagner-Smith Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:                                                    :

                                                          :    Chapter 11
DELPHI CORPORATION, et al.,                               :    Case No. 05-44481 (RDD)
                                                          :    Jointly Administered
                              Debtors,                    :

---------------------------------------------------------x

                                                          :
DELPHI CORPORATION, et al.,                               :    Adv. Pro. No. 07-02581 (RDD)
                                                          :
                              Plaintiffs,                 :
                                                          :
        - against -                                       :
                                                          :
                                                          :
                                                          :
WAGNER SMITH COMPANY                                      :
                                                          :
                              Defendant.                  :

---------------------------------------------------------x

**MOTION BY WAGNER-SMITH COMPANY SEEKING AN ORDER (I)
PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING
PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY
PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS
UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE
TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND (II)
PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b),
DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN
THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING
ON THE GROUND OF JUDICIAL ESTOPPEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT ................................................................................................................ 11

    I.   EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES
ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS
AGAINST WAGNER-SMITH ON THE GROUNDS THAT EACH IS VOID BY
VIRTUE OF THE PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE
WAGNER-SMITH WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF
AND THAT SUCH ORDERS WERE IMPROVIDENTLY ENTERED. ................... 11

        A.   The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of the
Bankruptcy Code. .......................................................................................... 12

        B.   Wagner-Smith Was Not Served with Notice of the Motions in Support of the
Preservation of Estate Claims Procedures Order and Each of the Extension Orders. 14

    II.   THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS
AND SHOULD BE DISMISSED. ............................................................................ 17

    III.   IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL
ESTOPPEL AND SHOULD BE DISMISSED. ........................................................ 20

CONCLUSION ............................................................................................................. 22

MEMORANDUM OF LAW ............................................................................................ 23

# TABLE OF AUTHORITIES

## Cases

Ahern v. Neve, 285 F.Supp.2d 317 (E.D.N.Y. 2003)......................................................18

Bank of Cape Verde v. Bronson, 167 F.R.D. 370 (S.D.N.Y. 1996)..................................18

Barcia v. Sitkin, 367 F.3d 87 (2d Cir. 2004)..................................................................15

Diversified Hospitality Group, Inc. v. Carson Pirie Scott & Co., 1991 WL 35953
    (S.D.N.Y. Mar. 8, 1991). ......................................................................................19

Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.),
    288 B.R. 701 (Bankr. S.D.N.Y. 2003). ..................................................................19

Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.), 375 F.3d 51 (1st Cir. 2004)....16

Galerie DesMonnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re
    Galerie DesMonnaies of Geneva, Ltd.), 55 B.R. 253 (Bankr. S.D.N.Y. 1985)......21, 22

Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1 (1st
    Cir. 2005)..............................................................................................................12

Grannis v. Ordean, 234 U.S. 385 (1914). ....................................................................14

In re Cornwall, 9 Blatchf. 114, 6 F.Cas. 586 (C.C.D. Conn. Sept. Term 1871)...............18

In re Food Management Group, LLC, 359 B.R. 543 (Bankr. S.D.N.Y. 2007)...........12, 13

In re Hamilton, 179 B.R. 749 (Bankr. S.D. Ga. 1995). .................................................16

In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Feb. 27,
    2001). ..................................................................................................................14

In re Venture Mortgage Fund, L.P., 245 B.R. 460 (2000).........................................20, 21

Morse v. Perrotta (In re Perrotta), 406 B.R. 1 (Bankr. D. N.H. 2009). ...........................18

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). .....................14, 15

Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv., 169 F.R.D. 28 (W.D.N.Y.
    1996). ..............................................................................................................19, 20

New Hampshire v. Maine, 532 U.S. 742 (2001). ...........................................................20

Rosenshein v. Kleban, 918 F.Supp. 98 (S.D.N.Y. 1996).................................................20

<u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21
    F.3d 24 (2d Cir. 1994). ........................................................................................ 13, 14

<u>Weigner v. City of New York</u>, 852 F.2d 646 (2d Cir. 1988). .......................................... 15

**Statutes**

11 U.S.C. § 107(a). .......................................................................................................... 12

11 U.S.C. § 107(b). .......................................................................................................... 13

11 U.S.C. § 546(a). .......................................................................................................... 17

28 U.S.C. § 2075............................................................................................................... 18

Fed. R. Bankr. P. 7004(a). ............................................................................................... 17

Fed. R. Bankr. P. 7012(b). ............................................................................................... 20

Fed. R. Bankr. P. 9024...................................................................................................... 11

Fed. R. Civ. P. 12(b)(6)..................................................................................................... 20

Fed. R. Civ. P. 4(m). ........................................................................................................ 17

Fed. R. Civ. P. 60(b). ....................................................................................................... 11

Wagner-Smith Company ("Wagner-Smith"), by its undersigned attorneys, respectfully alleges:

## PRELIMINARY STATEMENT

1.        A fundamental tenet in American jurisprudence is that all court proceedings should be open to the public at large, because the public has a right, rooted in the First Amendment, to know about the administration of justice.  Another core tenet in American jurisprudence is that a party is entitled to notice that it is being sued.  Neither of these principles was followed here.  Instead, Delphi Corporation ("Delphi") and the other Debtors (defined below), the plaintiffs herein (collectively, the "Plaintiffs") have, through the two-step combination of (i) filing of complaints under seal and (ii) filing a series of motions without notice to the parties who had an interest in opposing them, perverted the Federal Rules of Civil Procedure in an attempt to surreptitiously and indefinitely extend the two-year statute of limitations imposed pursuant to 11 U.S.C. § 546(a), which absolutely bars the prosecution of the above-captioned adversary proceeding, commenced under seal on September 29, 2007, and served on or about December 21, 2009 on Wagner-Smith (the "Adversary Proceeding").

2.        Consequently, Wagner-Smith seeks an order of this Court:

(i)        vacating, with respect to Wagner-Smith, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the orders of this Court, dated August 16, 2007 (the "Preservation of Estate Claims Procedures Order"); March 28, 2008 (the "Extension of Avoidance Action Service Deadline Order"); April 30, 2008 (the "Postconfirmation Extension of Avoidance Action Service Deadline Order"); and October 22, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline

1

Order" and, together with the Extension of Avoidance Action Service Deadline Order

and the Postconfirmation Extension of Avoidance Action Service Deadline Order, the

"Extension Orders"), on the grounds that each such order is void against Wagner-Smith

by virtue of the Debtors' and Plaintiffs' intentional failure to provide Wagner-Smith with

notice of the motions and that the Extension Orders were improvidently made; and

   (ii) dismissing, with prejudice, the Adversary Proceeding against

Wagner-Smith, pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b) on the

ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. §

546(a) and, therefore, fails to state a claim upon which relief may be granted; or

   (iii) in the alternative, dismissing, with prejudice, the Adversary

Proceeding against Wagner-Smith on the ground that it is barred by judicial estoppel.

## STATEMENT OF FACTS

   3. On October 8, 2005, Delphi and certain of its subsidiaries (the "Initial

Filers") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United

States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S.

subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary

petitions for relief under Chapter 11 of the Bankruptcy Code. (Complaint, dated

September 26, 2007, annexed hereto as Exhibit A (the "Complaint"), at ¶ 1).

   4. Prior to the commencement of the Debtors' cases, Wagner-Smith provided

electrical contractor services to Delphi that would entitle it to a mechanics lien under

state law. Wagner-Smith was not a creditor of the Debtors and, accordingly, had no basis

for participating in the Chapter 11 cases.

*(i)*    *Preservation of Estate Claims Procedures Motion and Order*

5.    By motion dated August 6, 2007 (the "Preservation of Estate Claims

Procedures Motion"), the Debtors sought entry of an order seeking, among other things,

the establishment of procedures for certain adversary proceedings, including those

commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.

(Preservation of Estate Claims Procedures Motion, annexed hereto as Exhibit B, at ¶ 17).

As pertinent here, the procedures sought included (i) pursuant to Fed. R. Civ. P. 4(m), an

extension of time beyond the initial 120-day period to serve certain adversary summonses

and complaints, (ii) a stay of the applicable adversary proceedings until service of process

was effected, and (iii) permitting the Plaintiffs to file the complaints under seal. (Id. at ¶¶

33-38).

6.    The aforementioned procedures were purportedly intended to permit the

Debtors to "preserve the status quo," and "potentially valuable assets without disrupting

the plan process or existing business relationships prematurely or prejudicing the rights of

any defendants," as well as to "avoid having to force all potential defendants to retain

counsel to defend against adversary proceedings when, in fact, most of them likely will

be resolved by a reorganization plan and never pursued." (Id. at ¶¶ 33-34).

7.    In addition, as relates to the request to file the complaints under seal, the

Debtors also sought to so act in order to "avoid unnecessarily alarming potential

defendants," and because the "Debtors have worked to preserve and repair their business

relationship with many of the potential defendants during these cases and have negotiated

or regained favorable credit terms with many suppliers and are continuing to do so." (Id.

at ¶ 37).

8.    No notice of the Preservation of Estate Claims Procedures Motion was

given to Wagner-Smith. (Affidavit of Service, dated August 10, 2007, annexed hereto as

Exhibit C).

9.    On August 16, 2007, this Court entered the Preservation of Estate Claims

Procedures Order, granting the aforementioned relief requested in the Preservation of

Estate Claims Procedures Motion by (i) allowing the Debtors to file adversary proceeding

complaints under seal, (ii) directing the Clerk of the Court to delay issuing summonses

for complaints unless and until the Debtors notified the Clerk of their intent to prosecute

such actions, (iii) staying each adversary action unless and until the Debtors effectuated

service of process on the respective defendants, and (iv) extending the deadline under

Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31,

2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).

(Preservation of Estate Claims Procedures Order, annexed hereto as Exhibit D, at ¶¶ 7-

10).

10.    Paragraph 11 of the Preservation of Estate Claims Procedures Order

provides that "[t]he Debtors must serve a copy of this order upon each defendant in any

[adversary proceeding] either when the Debtors serve a summons and complaint on the

defendant or as soon thereafter as practicable." (Id. at ¶ 11).

(ii)    *Commencement of Adversary Proceeding Against Wagner-Smith and Plan*
*Confirmation*

11.    On September 29, 2007, Plaintiffs commenced the Adversary Proceeding

by filing the Complaint under seal with the Clerk.  The Complaint seeks to recover,

pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to

Wagner-Smith in the aggregate amount of $617,284.00.  (Complaint; Docket for

Adversary Proceeding 07-02581, annexed hereto as Exhibit E, at entry no. 1).

12.    The statute of limitations for commencing avoidance actions pursuant to

Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553 expired on October 8, 2007.  (11

U.S.C. § 546(a)).

13.    On January 25, 2008, the Court entered an order confirming the Debtors'

first amended joint plan of reorganization (the "Plan").  (Findings of Fact, Conclusions of

Law, and Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020

confirming First Amended Joint Plan of Reorganization of Delphi Corporation and

Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, dated January 25,

2008 (the "Confirmation Order"), annexed hereto as Exhibit F).

(iii)    *Extension of Avoidance Action Service Deadline Motion and Order*

14.    By motion dated February 28, 2008 (the "Extension of Avoidance Action

Service Deadline Motion"), the Debtors sought to modify Paragraph 8 of the Preservation

of Estate Claims Procedures Order, so as to extend for a second time the deadline under

Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an

additional two months to May 31, 2008. (Extension of Avoidance Action Service Deadline Motion, annexed hereto as Exhibit G, at ¶ 18).

15.    The stated purpose for this extension was to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants." (Id. at ¶ 21).

16.    In the Extension of Avoidance Action Service Deadline Motion, the Debtors also stated that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."[1] (Id. at ¶ 17). In fact, the Debtors stated that of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order. (Id. at ¶ 17, n.4).

17.    No notice of the Preservation of Estate Claims Procedures Motion was given to Wagner-Smith. (Affidavit of Service, dated March 4, 2008, annexed hereto as Exhibit H).

---

[1] Exhibit 7.24 to the Plan apparently was never filed with the Court.

18.     On March 28, 2008, the Court entered the Extension of Avoidance Action

Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims

Procedures Order so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must

serve a defendant in the adversary proceedings with a summons and complaint was

further extended to May 31, 2008.  (Extension of Avoidance Action Service Deadline

Order, annexed hereto as Exhibit I, at ¶ 2).

19.     Consistent with Paragraph 11 of the Preservation of Estate Claims

Procedures Order, Paragraph 2 of the Extension of Avoidance Action Service Deadline

Order provided that the "Debtors shall serve a copy of this order upon each defendant in

any [adversary proceeding] either when the Debtors serve a summons and complaint on

such defendant or as soon thereafter as practicable."  (Id. at ¶ 2).

*(iv)     Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order*

20.     By motion dated April 10, 2008 (the "Postconfirmation Extension of

Avoidance Action Service Deadline Motion"), the Debtors sought to further modify

Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the

Extension of Avoidance Action Service Deadline Order, so as to extend for a third time

the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve

process until 30 days after substantial consummation of the Plan or any modified plan.

(Postconfirmation Extension of Avoidance Action Service Deadline Motion, annexed

hereto as Exhibit J, at ¶ 19).

21.     The stated purpose for this extension was identical to the purpose set forth

in support of the Extension of Avoidance Action Service Deadline Motion, namely, to

"enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate

assets in a manner that would not unnecessarily disrupt the emergence process or the

Debtors' current business relationships with potential defendants that are necessary to the

Debtors' ongoing operations," as well as "reduce the administrative and economic

burdens of the adversary proceedings] on the Debtors, the Court, the Clerk of Court, and

the potential defendants." (Id. at ¶ 22).

22.      The Postconfirmation Extension of Avoidance Action Service Deadline

Motion once again stated that (i) the Debtors would "not retain any of the causes of

action asserted in the [adversary proceedings] except those specifically listed on Exhibit

7.24 to the Plan;" and (ii) of the 742 adversary proceedings commenced under seal, only

the claims relating to Laneko Engineering Co., Wachovia Bank, National Association,

Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the

Preservation of Estate Claims Procedures Order. (Id. at ¶ 18 and n.4). Unlike the other

defendants, these three entities were provided with notice of the Postconfirmation

Extension of Avoidance Action Service Deadline Motion. (Id. at ¶ 18, n.4).

23.      No notice of the Postconfirmation Extension of Avoidance Action

Service Deadline Motion was given to Wagner-Smith. (Affidavit of Service, dated April

16, 2008, annexed hereto as Exhibit K).

24.      On April 30, 2008, the Court entered the Postconfirmation Extension of

Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of

Estate Claims Procedures Order, as previously modified by the Extension of Avoidance

Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the

Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11 plan for the Debtors and December 31, 2008. (Postconfirmation Extension of Avoidance Action Service Deadline Order, annexed hereto as Exhibit L, at ¶ 2).

25.     The Postconfirmation Extension of Avoidance Action Service Deadline Order contained the same decretal paragraph set forth in Paragraph 19 above. (Id. at ¶ 2).

*(v)     Entry of Modification Approval Order and Effective Date*

26.     On July 30, 2009, the Court entered an order (the "Modification Approval Order") approving certain modifications to the Plan (the "Modified Plan"). (Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date, dated October 6, 2009, annexed hereto as Exhibit M, at ¶ 2). The effective date of the Modified Plan occurred on October 6, 2009. (Id. at ¶ 3).

*(vi)     Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order*

27.     By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve

process until 180 days after substantial consummation of the Modified Plan.

(Supplemental Postconfirmation Extension of Avoidance Action Service Deadline

Motion, annexed hereto as Exhibit N, at ¶ 16).

28.    The Debtors stated that this further extension was necessary in light of the

fact that the Debtors now anticipated that they would retain 177 of the adversary

proceedings filed under seal.  The Debtors asserted that 30 days after substantial

consummation of the Modified Plan was not sufficient time to "assess the ongoing

relationship with certain defendants and whether events since initiating the [adversary

proceedings] have impacted the Debtors' estimated recoveries," and determine whether

to pursue such retained adversary proceedings.  The Debtors thus fell back to their rote

justification and stated that an extension "would reduce the administrative and economic

burdens of the [retained adversary proceedings] on the Debtors and the potential

defendants." (Id. at ¶¶ 17, 19).

29.    No notice of the Supplemental Postconfirmation Extension of Avoidance

Action Service Deadline Motion was given to Wagner-Smith.  (Affidavit of Service,

dated October 7, 2009, annexed hereto as Exhibit O).

30.    On October 22, 2009, the Court entered the Supplemental

Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying

Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously

modified by the Extension of Avoidance Action Service Deadline Order and the

Postconfirmation Extension of Avoidance Action Service Deadline Order, so that the

time under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve a defendant

in the adversary proceedings with a summons and complaint was further extended until

180 days after substantial consummation of the Modified Plan.  (Supplemental

Postconfirmation Extension of Avoidance Action Service Deadline Order, annexed

hereto as Exhibit P, at ¶ 2).

31.    The Supplemental Postconfirmation Extension of Avoidance Action

Service Deadline Order contained the same decretal paragraph set forth in Paragraph 19

above. (Id. at ¶ 2).

*(vii)    Service of Process on Wagner-Smith*

32.    Wagner-Smith was served with the Complaint on or about December 21,

2009, over two years after the limitations period provided by Bankruptcy Code § 546(a)

expired.

## ARGUMENT

**I.    EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES
ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS
AGAINST WAGNER-SMITH ON THE GROUNDS THAT EACH IS VOID BY
VIRTUE OF THE PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE
WAGNER-SMITH WITH NOTICE OF THE MOTIONS IN SUPPORT
THEREOF AND THAT SUCH ORDERS WERE IMPROVIDENTLY ENTERED.**

33.    Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024,

provides, in relevant part:

> On motion and just terms, the Court may relieve a party or its legal
> representative from a final judgment, order or proceeding for the
> following reasons: . . . (6) any other reason that justifies relief.

34.    Wagner-Smith respectfully submits that the combination of permitting the

Plaintiffs to file the Complaint under seal -- thereby preventing Wagner-Smith from

discovering that it had been sued -- while continually extending the Plaintiffs' time to

serve process in excess of two years past the expiration of the statute of limitations set

forth in Bankruptcy Code §546(a) -- also without notice to Wagner-Smith -- has resulted

in a proceeding completely devoid of procedural due process. Accordingly, and for the

reasons set forth below, the Preservation of Estate Claims Procedures Order and each of

the Extension Orders must be vacated as against Wagner Smith.

> **A.    The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of the Bankruptcy Code.**

35.    There "is a strong presumption and public policy in favor of public access

to court records," which is "rooted in the public's First Amendment right to know about

the administration of justice." In re Food Management Group, LLC, 359 B.R. 543, 553

(Bankr. S.D.N.Y. 2007) (internal citations and quotations omitted). In fact, the "public

interest in openness of court proceedings is at its zenith when issues concerning the

integrity and transparency of bankruptcy court proceedings are involved." Id.; see also

Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 7

(1st Cir. 2005) ("This governmental interest is of special importance in the bankruptcy

arena, as unrestricted access to judicial records fosters confidence among creditors

regarding the fairness of the bankruptcy system.").

36.    Section 107(a) of the Bankruptcy Code codified the common law right of

public access in the bankruptcy setting and provides, in relevant part, that "a paper filed

in a case under this title and the dockets of a bankruptcy court are public records and

open to examination by an entity at reasonable times without charge." 11 U.S.C. §

107(a); In re Food Management Group, LLC, 359 B.R. at 553. The "plain meaning of §

107(a) mandates that *all* papers filed with the bankruptcy court are 'public records' unless the bankruptcy court 'decides to protect the information pursuant to the standards set forth in [§] 107(b).'" In re Food Management Group, LLC, 359 B.R. at 553 (quoting Air Line Pilots Ass'n Int'l v. Am. Nat'l Bank and Trust Co. (In re Ionosphere Clubs), 156 B.R. 414, 433 n.7 (S.D.N.Y. 1993)).

37.     Section 107(b) of the Bankruptcy Code establishes two exceptions to the general right of access where under "compelling or extraordinary circumstances" an exception is necessary. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994). Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). However, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to keep the material private. In re Food Management Group, LLC, 359 B.R. at 554 (internal citation and quotation omitted).

38.     The Debtors invoked Section 107(b)(1) when requesting that the Court permit the filing of the complaints commencing the avoidance action adversary proceedings under seal. As mentioned above, in the Preservation of Estate Claims Procedures Motion, the Debtors sought to characterize preservation of the status quo and existing business relationships as "commercial information" in need of protection. In connection therewith, the Debtors alleged that they "have worked to preserve and repair

their business relationship with many of the potential defendants during these cases and

have negotiated or regained favorable credit terms with many suppliers and are

continuing to do so."[2]

39.    Commercial information, however, has never been defined by the Courts

so broadly as to protect information that would be prejudicial to the Debtors vis-à-vis

their own creditors. Rather, commercial information has been defined "as information

which would cause an *unfair advantage to competitors* by providing them information as

to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27

(emphasis added). Wagner-Smith is not a competitor of the Debtors, nor is it a "supplier"

of the Debtors that continued to engage in business with them. The fact that the Debtors

are seeking to avoid allegedly preferential payments to Wagner-Smith was, therefore, not

"commercial information" that needed to be kept or should have been kept confidential.

Accordingly, the Preservation of Estate Claims Procedures Order as relates to the

authority to file the Complaint under seal should be vacated as to Wagner-Smith.

**B.      Wagner-Smith Was Not Served with Notice of the Motions in Support
of the Preservation of Estate Claims Procedures Order and Each of the
Extension Orders.**

40.    It has long been held that the "fundamental requisite of due process of law

is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394 (1914). This right

to be heard, however, "has little reality or worth unless one is informed that the matter is

---

[2] In support of the their proposition that maintenance of ongoing business relationships was "commercial
information" entitled to protection, the Debtors cited to In re Service Merchandise, et al., Case No. 399-
02649 (Bankr. M.D. Tenn. Feb. 27, 2001) where the court granted the debtors authority to file under seal
certain adversary proceedings so that they could continue negotiations with the defendants, who were also
the debtors' business partners. Even if the ruling were correct as a matter of law, which Wagner-Smith
disputes, the case is inapposite to the situation here, as Wagner-Smith is not a business partner of the
Debtors nor was it engaged in ongoing business with the Debtors.

pending and can choose for himself whether to appear or default, acquiesce or contest."

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Thus, an

"elementary and fundamental requirement of due process in any proceeding which is to

be accorded finality is notice reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to

present their objections." Id. at 314; Barcia v. Sitkin, 367 F.3d 87, 107 (2d Cir. 2004)

(same); Weigner v. City of New York, 852 F.2d 646, 654 (2d Cir. 1988) (same).

    41.    Wagner-Smith was not given any notice of the motions for the

Preservation of Estate Claims Procedures Order and each of the Extension Orders and

none of the motions identified Wagner-Smith as a potential defendant. To the contrary,

the motions, with the added component of authority to file the complaints under seal,

devised a procedural Star Chamber where Wagner-Smith was intentionally kept in the

dark as to its status as a defendant, which information was continually suppressed against

the only party with an adverse interest in the matter. Such a deprivation of due process is

wrong.

    42.    The Debtors attempted to justify this lack of procedural due process on the

grounds that it "avoid[ed] unnecessarily alarming potential defendants" and "having to

force all potential defendants to retain counsel to defend against adversary proceedings

when, in fact, most of them likely will be resolved by a reorganization plan and never

pursued." (Preservation of Estate Claims Procedures Motion, at ¶¶ 34, 37). These

justifications have no merit. The Debtors had an option – sue the defendants or do not

sue the defendants. Importantly, Wagner-Smith would have had notice that it was being

sued, and it would have had the ability to oppose the motions seeking the Preservation of

Estate Claims Procedures Order and the Extension Orders.

43.     In addition, the lack of due process pursued by the Debtors had the bonus

effect of disenfranchising Wagner-Smith and other defendants from participating in the

case and voting on the Plan and Modified Plan. Indeed, under Section 502(d), it is

implicit that "a transferee of an avoidable transfer has an allowable claim once it turns

over such property for which it is liable," and that it may file a proof of claim on account

of same. Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.), 375 F.3d 51, 57 n.4

(1st Cir. 2004). That, in turn, allows it to "[participate] in the voting and distribution

from the estate." In re Hamilton, 179 B.R. 749, 752 (Bankr. S.D. Ga. 1995) (quoting In

re Kolstad, 928 F.2d 171, 174 (5th Cir. 1991), reh'g denied, 936 F.2d 571 (5th Cir. 1991),

cert. denied, 502 U.S. 958 (1991)). The Debtors knew that if Wagner-Smith repaid an

allegedly preferential transfer, it would have been entitled to file a claim, participate in

the case and vote on the Plan and the Modified Plan. The justification for depriving

Wagner-Smith of its right to engage in the bankruptcy cases merely so the Debtors could

avoid looking bad to Wagner-Smith is patently improper and not justifiable under the

Bankruptcy Code.

44.     For all of the foregoing reasons, each of the Preservation of Estate Claims

Procedures Order, the Extension of Avoidance Action Service Deadline Order, the

Postconfirmation Extension of Avoidance Action Service Deadline Order, and the

Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order

should be vacated on the ground that each is improvidently entered and void against

Wagner-Smith.

## II.     THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED.

45.     Section 546(a) of the Bankruptcy Code, which sets forth the statute of

limitations on avoiding powers, provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of – (1) the later of – (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).  The deadline for commencing an adversary proceeding against

Wagner-Smith on account of an allegedly avoidable preference expired on October 8,

2007.  The Plaintiffs filed the Complaint under seal on September 29, 2007, but did not

serve Wagner-Smith with such Complaint until December 21, 2009, over two years after

the statute of limitations contained in Section 546(a) expired.

46.     To bridge the gap between the time that Wagner-Smith should have been

served with the Complaint and the date on which it was actually served with the

Complaint, the Plaintiffs rely on the Extension Orders sought and entered, pursuant to

Fed. R. Civ. P. 4(m), *ex parte* from the one entity that had an adverse interest, namely,

Wagner-Smith.  Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004(a),

provides, in relevant part:

> *Time Limit for Service*.  If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

47.    The Extension Orders should not have been entered, as good cause did not exist to extend the time to serve process as a matter of law. Good cause generally exists under Fed. R. Civ. P. 4(m) when service is not completed on a named defendant within the required 120-day period. Ahern v. Neve, 285 F.Supp.2d 317, 320 (E.D.N.Y. 2003). It does not exist, however, in situations where the Plaintiffs know and can serve the named defendants, but simply choose not to do so, and where the sole purpose in seeking the extension of time is to prevent defendants from learning that they had been sued.[3] The use of procedural rules to obtain a result not contemplated by the accompanying substantive law is simply not permitted. See 28 U.S.C. § 2075 (rules prescribed by the United States Supreme Court "shall not abridge, enlarge, or modify any substantive right"); see also Morse v. Perrotta (In re Perrotta), 406 B.R. 1, 8 (Bankr. D. N.H. 2009) ("Therefore, to the extent that the Bankruptcy Rules and the Bankruptcy Code are inconsistent, the statute controls.").

48.    Moreover, while it is true that courts have the discretion to extend the time for service of process, such extensions were not warranted here. Courts have held that statutes of limitation are statutes of repose, and they "are enacted upon the presumption, that one having a well-founded claim will not delay enforcing it beyond a reasonable time, if he has the power to sue." In re Cornwall, 9 Blatchf. 114, 6 F.Cas. 586, 591 (C.C.D. Conn. Sept. Term 1871). Indeed, the purpose of statutes of repose is primarily to

---

[3] As support for extending the time to serve process on defendants, the Debtors cited Bank of Cape Verde v. Bronson, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) for the proposition that good cause existed where future events would have likely "obviated the need to serve the [] complaint" and when the plaintiff requested the extension before the deadline expired. This case is inapplicable to the facts here. In Bank of Cape Verde, the third-party plaintiff was pursuing good-faith settlement negotiations with the plaintiff and third-party defendants, and had already served all or most of the parties to the action prior to the expiration of the 120-day deadline. That is a far cry from the situation here, where Wagner-Smith was not, and could not have been, in settlement negotiations with the Plaintiffs, as it did not even know that it had been sued.

give notice to plaintiffs of the time within which to bring suit and to potential defendants

of the time beyond which exposure to liability ceases. See Diversified Hospitality Group,

Inc. v. Carson Pirie Scott & Co., 1991 WL 35953, at *5 (S.D.N.Y. Mar. 8, 1991).

49.     Statutes of repose are only to be outweighed where "the interests of justice

require vindication of the plaintiff's rights." Family Golf Ctrs., Inc. v. Acushnet Co. (In

re Randall's Island Family Golf Ctrs., Inc.), 288 B.R. 701, 705 (Bankr. S.D.N.Y. 2003).

Such circumstances occur where the plaintiff has not slept on its rights, has commenced a

timely state court action in a court of competent jurisdiction, the particular defect in the

complaint is waivable and frequently waived, and the defendant "*could not have relied*

*upon the policy of repose embodied in the limitation statute, for it was aware that [the*

*plaintiff] was actively pursuing his . . . remedy.*" Id. (quoting Burnett v. N.Y. Cent. R.R.

Co., 380 U.S. 424, 428-29 (1965)) (emphasis added).

50.     Here, Wagner-Smith was entitled to rely, had no reason not to rely, and

indeed relied, upon the policy of repose embedded within Section 546(a) of the

Bankruptcy Code, having received no notice for more than two years after the statute of

limitations had expired that it had been sued by the Plaintiffs.[4]

51.     Thus, while it is generally the policy of the courts to decide cases on the

merits where possible,

> if the Rules are to mean anything, parties must diligently try to follow
> them and courts must enforce them, even if it means that cases must
> sometimes be finally determined on procedural grounds rather than on
> their substantive merits.

---

[4] Wagner-Smith also could not have discovered on its own that it had been sued in light of the Complaint
being filed under seal.

Mused v. U.S. Dep't of Agriculture Food and Nutrition Serv., 169 F.R.D. 28, 35

(W.D.N.Y. 1996). By not giving notice to Wagner-Smith that it had been sued and

denying Wagner-Smith the right to be heard and object to the motions supporting the

Preservation of Estate Claims Procedures Order and each of the Extension Orders, the

Plaintiffs maneuvered themselves into this corner where the Complaint should be

dismissed on procedural, and not substantive, grounds. Having devised and imposed this

scheme on Wagner-Smith, however, the Debtors cannot now cry foul to the effects of

their machinations.

52.    Accordingly, the Complaint should be dismissed for failure to state a

claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P.

7012(b).

## III.    IN THE ALTERNATIVE, THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.

53.    The equitable principle of judicial estoppel "prevents a party from

asserting a factual position in a legal proceeding that is contrary to a position previously

taken by [that party] in a prior legal proceeding." In re Venture Mortgage Fund, L.P.,

245 B.R. 460, 471 (2000), aff'd, 282 F.3d 185 (2d Cir. 2002). The purpose of judicial

estoppel is to "protect the integrity of the judicial process . . . by prohibiting parties from

deliberately changing positions according to the exigencies of the moment." New

Hampshire v. Maine, 532 U.S. 742, 749 (2001); see also Rosenshein v. Kleban, 918

F.Supp. 98, 104 (S.D.N.Y. 1996) ("Judicial estoppel is invoked . . . to prevent the party

from playing fast and loose with the courts, and to protect the essential integrity of the

judicial process.").

54.    In the Second Circuit, the following two factors must be satisfied to invoke the doctrine of judicial estoppel:  (i) the party against whom estoppel is asserted took an inconsistent position in a prior proceeding, and (ii) the first tribunal adopted the inconsistent position in some manner, such as by rendering a favorable judgment.  In re Venture Mortgage Fund, L.P., 245 B.R. at 472.  The doctrine, however, does not depend upon prejudice to the party invoking it.  Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.), 55 B.R. 253, 260 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224 (S.D.N.Y. 1986).

55.    Both factors are satisfied here.  First, in their Extension of Avoidance Action Service Deadline Motion, the Debtors asserted that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."  (Extension of Avoidance Action Service Deadline Motion, at ¶ 17).  In fact, the Debtors stated that of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.  (Id. at ¶ 17, n.4).  The Debtors reiterated this assertion in their Postconfirmation Extension of Avoidance Action Service Deadline Motion.  (Postconfirmation Extension of Avoidance Action Service Deadline Motion, at ¶ 18 and n.4).  Second, the Court, in entering the orders upon the representations set forth in the Extension of Avoidance Action Service Deadline Motion and the Postconfirmation Extension of Avoidance Action Service Deadline Motion, adopted the inconsistent position.

56.    Thus, by serving the Complaint on Wagner-Smith, the Debtors are now

attempting to reverse a legal position previously asserted in two of their motions and

adopted by the Court in its entry of the Extension of Avoidance Action Service Deadline

Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order.

Such action is impermissible and, accordingly, the Complaint should be dismissed. See

Galerie Des Monnaies of Geneva, Ltd., 55 B.R. at 260 (granting defendant's motion to

dismiss where debtor who stated in its disclosure statement that it has no preference

actions "may not thereafter reverse its field and commence a preference action for its own

benefit.").

## CONCLUSION

57.    Plaintiffs have engaged in conduct that violates core tenets of American

jurisprudence in seeking to conceal from Wagner-Smith that it had been sued for over a

two years period of time.  Plaintiffs' failure to serve notices of the motions for the

Preservation of Estate Claims Procedures Order and each of the Extension Orders was a

blatant violation of Wagner-Smith's due process rights and thus, as a matter of law, such

orders are void as against Wagner-Smith.  In all events, the subject orders were

improvidently entered without notice.  Consequently, the Complaint served on Wagner-

Smith over two years after the statute of limitation had expired should be dismissed.  In

the alternative, the Debtors' statements in two of their motions that claims would not be

pursued against Wagner-Smith should now bar the assertion of such claims as a matter of

judicial estoppel.

## **MEMORANDUM OF LAW**

58.    The legal points and authorities upon which this motion relies are incorporated herein, Wagner-Smith therefore respectfully requests that the requirement of filing a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

For all of the foregoing reasons, Wagner-Smith respectfully requests that (i) each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order be vacated as against it; (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted; or (iii) in the alternative, the Complaint against it be dismissed with prejudice as being barred by judicial estoppel; and (iv) for such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       February 5, 2010

                    **MORGAN, LEWIS & BOCKIUS LLP**
                    Attorneys for Defendant Wagner-Smith Company

                    By:   /s/ Andrew D. Gottfried___
                         Andrew D. Gottfried
                         Karen Gartenberg

                    101 Park Avenue
                    New York, New York  10178
                    Telephone: (212) 309-6000