UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re                                                      :
                                                           :      Chapter 11
DELPHI CORPORATION, *et al.*,                              :
                                                           :      Case No. 05-44481 (RDD)
                Debtors.               :      (Jointly Administered)
                                                           :
---------------------------------------------------------- x
DELPHI CORPORATION, *et al.*,                              :
                                                           :      Adv. Pro. No. 07-02688 (RDD)
                Plaintiffs,            :
                                                           :
                -against-             :
                                                           :
TIMKEN, TIMKEN COMPANY, TIMKEN                             :
CORPORATION, TIMKEN FRANCE SAS,                            :
and TIMKEN SUPER PRECISION,                                :
                                                           :
                Defendants.            :
---------------------------------------------------------- x

**DECLARATION OF MICHAEL HART IN SUPPORT OF MOTION BY THE TIMKEN COMPANY, THE TIMKEN CORPORATION, AND MPB CORPORATION D/B/A TIMKEN SUPER PRECISION SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON GROUND OF JUDICIAL ESTOPPEL) OR (IV) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON GROUND OF LACHES**

Michael Hart, pursuant to 28 U.S.C. § 1746, declares as follows:

      1.     I am the Assistant Manager - Credit & Accounts Receivable of the Timken Corporation.

      2.     I submit this declaration in support of the Motion by The Timken Company, The Timken Corporation and MPB Corporation d/b/a Timken Super Precision (collectively "Timken") seeking an order dismissing the Adversary Proceeding filed against it by Delphi

- 1 -

Corporation ("Delphi") and vacating prior orders establishing procedures for certain adversary proceedings and extending the time to serve process for such proceedings.

3. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4. Prior to the commencement of the Debtors' cases, Timken provided goods and services to Delphi.

5. Timken is not a competitor of the Debtors.

6. After October 2009, when the Debtors had sold substantially all of their business, the Debtors were no longer doing business with Timken.

7. On August 6, 2007, Delphi sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file the avoidance actions under deal, an extension of time beyond the 120-period provided for in Fed. R. Civ. P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

8. No notice was given to Timken that the Preservation of Estate Claims Procedures Motion included claims against Timken.

9. Upon information and belief, on September 30, 2007, Delphi filed an adversary proceeding against Timken under seal.

10. Timken was not aware of the adversary proceeding until served with it on or about April 8, 2010.

11. Between the time when the adversary proceeding was filed and sealed, and the time it was served, Timken sold a division, rendering certain witnesses and documents potentially relevant to the adversary proceeding outside of Timken's access or control.

- 3 -

12. During that time, Timken also upgraded computer systems which will likely make older files very costly to retrieve or entirely unavailable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of May, 2010 at Canton, Ohio.

*/s/ Michael Hart*
Michael Hart