BRYAN CAVE LLP
Michelle K. McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (pro hac vice pending)
Christopher J. Lawhorn (pro hac pending)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for GBC Metals, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11: |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| -----------------------------------------------------------x | |
| DELPHI CORPORATION | |
| | Adv. Pro. No. 07-02436 (RDD) |
| Plaintiff, | |
| -against- | |
| OLIN CORPORATION and, | |
| GBC METALS, LLC, | |
| Defendants. | |
| -----------------------------------------------------------x | |

### **DECLARATION OF JOHN WALKER**

John Walker, first being duly sworn and under oath, states:

I am John Walker and I am over 18 years old. I am the Chief Executive Officer of Global

Brass & Copper, Inc. and GBC Metals, LLC (collectively "GBC"). I was involved in the

acquisition of Olin Corporation's ("Olin") metals business on behalf of GBC, and have personal knowledge of the facts stated in this declaration. If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

1. GBC purchased the metals business of Olin on November 19, 2007 pursuant to a Purchase Agreement dated October 15, 2007 (the "Purchase Agreement").

2. At the time GBC purchased Olin's metal business:

    (i) GBC had no information or knowledge that any $24.5 million lawsuit (the "Complaint") against Olin had been filed by Delphi Corporation under seal and/or was pending against Olin;

    (ii) GBC had no information or knowledge that this $24.5 million contingent loss exposure risk was looming against its newly purchased business,

    (iii) GBC had no knowledge or opportunity to adjust the purchase price of the Purchase Agreement to account for this $24.5 million contingent loss exposure risk;

    (iv) GBC had no knowledge or opportunity to escrow any portion of the purchase price pending resolution of the Complaint; and

    (v) GBC had no knowledge or opportunity to obtain express indemnification protections from Olin for this contingent loss exposure risk which Olin now maintains that GBC must indemnify and defend Olin pursuant to the Purchase Agreement.

3. On March 24, 2010, Olin transmitted a copy of the Complaint to GBC and asserts and maintains that GBC must defend and indemnify Olin pursuant to the Purchase Agreement, which GBC disputes.

I declare under penalty of perjury that the foregoing is true and correct.

_____
John Walker