# EXHIBIT A

1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  - - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  DELPHI CORPORATION,

9

10          Debtor.

11

12  - - - - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              March 19, 2008

19              10:09 AM

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

21

1   prudent to file this motion. As I indicated, it's been

2   reviewed with our statutory committees and with other

3   stakeholders. No objections have been filed.

4           THE COURT: Okay. Does anyone want to say anything

5   on this motion? All right. I've reviewed it and the motion

6   clearly sets forth cause for, as you said, a precautionary

7   extension of exclusivity so I'll grant that.

8           MR. BUTLER: Thank you, Your Honor. Your Honor,

9   matter number 3 on the agenda is our motion to extend the Rule

10  4(m) time for services of summonses relating to avoidance

11  actions that were filed under the preservation of the estate

12  claims procedures order. This motion is filed at docket number

13  12922 and this motion is also unopposed.

14          Essentially, Your Honor, what we're asking you to do

15  is to extend the time for an additional sixty days for

16  summonses to be served in connection to serve a complete

17  process in connection with all of the individual adversary

18  complaints that were filed under the estate claims procedures

19  order. And you previously had granted us an extension through

20  March 31, 2008 and that was slightly less than sixty days

21  beyond the 120-day deadline set forth in Federal Civil

22  Procedure 4(m). And that rule does provide -- in the case law

23  interpreting it, it does provide the opportunity for the

24  plaintiffs to come in and establish cause with the Court as to

25  an appropriate extension of those summonses.

1          Under case law here in the Southern District, this

2   Court has discretion to extend the 120-day service period and

3   it is a discretionary matter.  And it is particularly seen as

4   good cause when there is a reasonable belief that future events

5   would likely obviate the need to serve the complaint and

6   prosecute the actions.  That can be -- is obviously, Your

7   Honor, in this case, I think, self-evident.  Upon the

8   confirmation of a plan, I believe all but one, possibly two of

9   those matters, would end up not being pursued.  They would end

10  up being dismissed as of the effective date and would not be

11  pursued.  Similar relief of this nature has been granted in

12  other cases -- Chapter 11 cases in this district, including in

13  the Ames Department Store case in 2004 where a further

14  extension was granted at docket number 2524 in that case.

15         Your Honor, we believe that there is no reason to

16  move forward with the service of summons with respect to the

17  742 adversary proceedings that are under seal.  We would ask

18  Your Honor to give us an additional sixty days through May 31st

19  to address that issue.

20         THE COURT:  Okay.  Does anyone have anything to say

21  on this motion?  All right.  I had one question and you alluded

22  to this.  The plan did reserve or retain the ability to pursue

23  a very small number of avoidance actions.  And my question is

24  with regard to that small group, have the debtors determined,

25  assuming the plan goes effective, that those will definitely be

1   pursued or is that still something they're analyzing in light

2   of the cost of pursuing it versus the net gain of a victory --

3            MR. BUTLER:   I think, Your Honor --

4            THE COURT:   -- or potential victory?

5            MR. BUTLER:   -- those are still under analysis.   They

6   were retained because of the unique circumstances that were

7   pled in those particular proceedings.   And I don't think a

8   final decision has been made as to whether those would actually

9   be pursued.   But obviously, we did make -- we did do enough

10  analysis to decide that as opposed to the other 740 odd actions

11  that these should be retained for that purpose.

12           THE COURT:   Did those defendants get notice of the

13  motion?

14           MR. BUTLER:   Everyone received notice of the 4(m)

15  motion, I believe.   Let me make sure.   Is that -- I want to

16  just double check with my folks.   It went to the 2002 services,

17  I know for sure.   Just give us one second, Your Honor.

18           THE COURT:   Okay.

19           MR. BUTLER:   Your Honor, I'm almost certain that they

20  would have not gotten individualized notice unless they were on

21  the 2002 list.

22           THE COURT:   Okay.

23           MR. BUTLER:   And the reason for that is I'm not sure

24  they know about the existence of the pleadings.

25           THE COURT:   All right.   Well, I debated whether to

24

1    have you settle the order on those -- that handful of people.

2    I mean, normally, no one wants to have litigation be activated

3    but I think the rationale potentially for them is a little

4    different than the others.  So I think I'll -- particularly, if

5    we're not sure whether they got the notice.

6              MR. BUTLER:  Your Honor, I think -- let me just --

7              THE COURT:  If they're on the 2002 list, you don't

8    need to settle it.  If they weren't -- they weren't served with

9    it, I'd like you to settle it as to the handful of people that

10   the plan at least contemplates would be pursued.

11             MR. BUTLER:  Right.

12             THE COURT:  With regard to the vast majority, all the

13   others, clearly there's a good basis for not activating that

14   litigation.  It would be moot upon consummation of the plan.

15             MR. BUTLER:  We'll do that, Your Honor.  And the

16   existence of those folks is obviously that that exhibit to the

17   plan is public.  So everyone knows what that retention is.

18   So --

19             THE COURT:  Right.

20             MR. BUTLER:  -- we will deal with that and we will

21   settle the order.  If they're not --

22             THE COURT:  You can do it five days notice.

23             MR. BUTLER:  Okay.  Thank you, Your Honor.

24             THE COURT:  Okay.  If they're not on the 2002 list.

25             MR. BUTLER:  Thanks -- thank you, Your Honor.  Your