**REED SMITH LLP**
Reed Smith Centre
Suite 1200
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: 412-288-3274
Fax: 412-288-3063
Amy M. Tonti, Esq.
atonti@reedsmith.com

**Hearing Date and Time**: July 22, 2010 at 10:00 a.m.
**Objection Deadline and Time:** June 7, 2010 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| DPH HOLDINGS CORP., *et al*., | ) Bankruptcy Case No. 05-44481 |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| DELPHI CORPORATION, *et al*., | ) |
| | ) |
| Plaintiffs, | ) Adversary Case No. 07-02433 |
| | ) |
| v. | ) |
| | ) |
| NORILSK NICKEL USA INC. | ) |
| NORILSK NICKEL USA, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF MOTION BY NORILSK NICKEL USA, INC. SEEKING AN ORDER:**

**(I)     PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS; AND**

**(II)    PURSUANT TO SECTION 546(A) OF THE BANKRUPTCY CODE AND FED. R. CIV. P. 12(B)(6) AND FED. R. BANKR. P. 7012(B), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS, AND**

(III)   **PURSUANT TO FED. R. CIV. P. 12(B)(4) AND 12(B)(5) AND FED. R. BANKR. P. 7012(B) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS; AND**

(IV)    **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, AND**

(V)     **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF LACHES, AND**

(VI)    **PURSUANT TO FED. R. CIV. P. 12(B)(6) AND FED. R. BANKR. P. 7012(B) DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; AND**

(VII)   **PURSUANT TO FED. R. CIV. P. 12(B)(6) AND FED. R. BANKR. P. 7012(B) DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE COMPLAINT IS INSUFFICIENTLY PLEAD; IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(E) AND FED. R. BANKR. P. 7012(E), DIRECTING A MORE DEFINITE STATEMENT OF THE PLEADINGS; AND**

(VIII)  **FOR COUNSEL FEES AND EXPENSES INCURRED IN DEFENDING THIS ADVERSARY PROCEEDING.**

**PLEASE TAKE NOTICE** that upon the accompanying motion (the "Motion") and all other pleadings and proceedings herein, Norilsk Nickel USA, Inc. ("Norilsk"), by its undersigned counsel, shall move this Court before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on July 22, 2010 at 10: 00 a.m. or such other date and time as soon thereafter as the Court may direct, for an Order:

(i) pursuant to Fed. R. of Civ. P. 60 and Fed. R. Bankr. P. 9024, vacating prior orders establishing procedures for certain adversary proceedings, including those commenced by the

US_ACTIVE-103681562.6

Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 553, and extending the time to serve

process for such adversary proceedings; alternatively, and

(ii) dismissing the adversary proceeding with prejudice because it is barred by the two

year statute of limitation; pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012 (b) and 11

U.S.C. §546(a); and

(iii) dismissing the adversary proceeding with prejudice based on insufficient process and

insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and (5) and Fed. R. Bankr. P.

7012 (b); and

(iv) dismissing the adversary proceeding on the ground of judicial estoppel; and

(v) dismissing the adversary proceeding on the ground of laches; and

(vi) dismissing the adversary proceeding with prejudice for failure to state a cause of

action pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b); and

(vii) dismissing the adversary proceeding with prejudice for failure to state a cause of

action because it is insufficiently plead pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P.

7012(b), or in the alternative, pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e),

directing a more definite statement of the pleadings, and

(viii) granting Norilsk the costs and expenses, including attorneys fees, of filing the

motion, and

(ix) for such other and further relief as the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE** that answering papers, if any, in opposition to

the relief requested shall be filed with the Court and served upon the undersigned counsel for

Norilsk no later than June 7, 2010 at 4:00 p.m. (the "Objection Deadline").

- 3 -

US_ACTIVE-103681562.6

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the

Motion and the relief requested therein must be made in writing, conform to the Bankruptcy

Rules and the Local Bankruptcy Rules for the Bankruptcy Court, and be filed with the

Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242

and the User's Manual for the Electronic Case Filing System which can be found at

www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of

the Bankruptcy Court's case filing system and, by all other parties in interest, on one 3.5 inch

disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based

word processing format and shall be served in accordance with General Order M-242, with a

courtesy copy delivered to the Chambers of the Honorable Robert D.  Drain, United States

Bankruptcy Judge, and served on attorneys for Defendant, Reed Smith LLP, Reed Smith Centre,

225 Fifth Avenue, Suite 1200, Pittsburgh, PA 15222 in accordance with General Order M-182,

so as to be received no later than the Objection Deadline.


Dated: May 13, 2010
Pittsburgh, PA

                    **REED SMITH LLP**

                    By:   */s/ Amy M. Tonti*              
                          Amy M. Tonti, Esq.
                          Reed Smith Center
                          225 Fifth Avenue
                          Pittsburgh, PA  15222
                          Tel:  412-288-3274
                          Fax:  412-288-3063
                          atonti@reedsmith.com


TO:          Butzel Long, A Professional Corporation
              380 Madison Avenue - 22nd Floor
              New York, New York 10017
              Attn:  Eric B. Fisher, Esq.

US_ACTIVE-103681562.6

Barry N. Seidel, Esq.
Butzel Long, A Professional Corporation
150 West Jefferson - Suite 100
Detroit, Michigan 48226
Attn:  Cynthia J. Haffey, Esq.

Togut, Segal & Segal LLP
One Penn Plaza - Suite 3335
New York, New York 10119
Attn:   Albert Togut, Esq.

US_ACTIVE-103681562.6

**REED SMITH LLP**
Reed Smith Centre
Suite 1200
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: 412-288-3274
Fax: 412-288-3063
Amy M. Tonti, Esq.
atonti@reedsmith.com

**Hearing Date and Time**: July 22, 2010 at 10:00 a.m.
**Objection Deadline and Time**: June 7, 2010 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DPH HOLDINGS CORP., *et al.*, | ) | Bankruptcy Case No. 05-44481-rdd |
| | ) | |
| Debtors. | ) | |
| ———————————— | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Case No. 07-02433-rdd |
| | ) | |
| v. | ) | |
| | ) | |
| NORILSK NICKEL USA INC. | ) | |
| NORILSK NICKEL USA, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS, INCLUDING LEGAL AUTHORITY, BY NORILSK NICKEL
USA, INC. SEEKING AN ORDER:**

**(I)**    **PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING
PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE
DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND
EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY
PROCEEDINGS; AND**

**(II)**    **PURSUANT TO FED. R. CIV. P. 12(B)(6) AND FED. R. BANKR. P. 7012(B),
DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR
FAILURE TO STATE A CAUSE OF ACTION BECAUSE IT IS BARRED BY
THE TWO YEAR STATUTE OF LIMITATIONS, AND**

**(III)**   **PURSUANT TO FED. R. CIV. P. 12(B)(4) AND 12(B)(5) AND FED. R. BANKR. P. 7012(B)DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS; AND**

**(IV)**   **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, AND**

**(V)**   **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF LACHES, AND**

**(VI)**   **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; AND**

**(VII)**   **DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE COMPLAINT IS INSUFFICIENTLY PLEAD; IN THE ALTERNATIVE, PURSUANT TO FED. R. CIV. P. 12(E) AND FED. R. BANKR. P. 7012(E), DIRECTING A MORE DEFINITE STATEMENT OF THE PLEADINGS; AND**

**(VIII)**   **FOR COUNSEL FEES AND EXPENSES INCURRED IN DEFENDING THIS ADVERSARY PROCEEDING.**

NORILSK NICKEL USA, INC. ("Norilsk"), by and through its undersigned counsel, hereby moves to dismiss the above-captioned adversary proceeding ("**Motion to Dismiss**") and in support of its Motion to Dismiss, Norilsk states as follows:

## PRELIMINARY STATEMENT

1.      Norilsk Nickel USA, Inc. is a business corporation organized and existing under the laws of the State of Pennsylvania and maintains its corporate headquarters in Pittsburgh, Pennsylvania and is a supplier of precious and semi-precious metals.  "Norilsk Nickel USA, Inc." is its true and correct corporate name and *not* Norilsk Nickel USA, hence there is only one defendant in this proceeding.

2.      On October 8, 2005, ("Petition Date") Delphi Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of

US_ACTIVE-103681562.6

the Bankruptcy Code.  On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

3.    Prior to the Petition Date, Norilsk was a party with the Debtors to purchase orders and long term agreements (collectively, the "Supply Agreements") for the purchase and sale of metals.

4.    On August 6, 2007, the Debtors filed a motion seeking to establish certain procedures for adversary proceedings (the "**Preservation of Estate Claims Procedures Motion"**) [Docket No. 8905] requested, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[1]  Among other things, the procedures sought included (i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to serve certain adversary summonses and complaints, (ii) a stay of the applicable adversary proceedings until service of process was effected, and (iii) permitting the Plaintiffs to file the complaints under seal.[2]

5.    The Affidavit of Service filed at Docket No. 9037 does not indicate that Norilsk was served with the Preservation of Estate Claims Procedures Motion.

6.    This Court entered an order approving the Procedures Motion ("**Preservation of Estate Claims Procedures Order**") [Docket No. 9105] on August 16, 2007. which (i) allowed the Debtors to file adversary proceeding complaints under seal, (ii) directed the Clerk of the Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of their intent to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors effectuated service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, so that the complaints would not be subject to dismissal under Fed.

---

[1] Preservation of Estate Claims Procedures Motion, Docket No. 8905, herein incorporated by reference, at ¶ 17.

[2] Id. at ¶¶ 33-38.

US_ACTIVE-103681562.6

R. Civ. P. 4(m).[3]    The March 31, 2008 date to serve process was six months after the commencement of this adversary proceeding, and was only a two month extension of the time to serve process, beyond the 120 days already provided for under the Rules of Civil Procedure.

7.    Paragraph 11 of the Preservation of Estate Claims Procedures Order provided that "[t]he Debtors must serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable."  The Affidavit of Service with respect to the Preservation of Estate Claims Procedures Order, filed at Docket No. 9141, evidences that Norilsk was not served with the Order.  Norilsk did receive a copy of the Order with the Complaint on March 24, 2010, more than two and one half years after its entry.

8.    Upon information and belief, on or about September 28, 2007, the Debtors filed with this Court under seal a Complaint against the above-captioned Defendants seeking, among other things, to avoid and recover alleged preferential transfers pursuant to section 547 and 550 of the Bankruptcy Code (the "**Complaint**").  The Clerk of this Court has assigned number 07-02433-rdd to this adversary proceeding (the "**Adversary Proceeding**").

9.    On February 28, 2008, the Debtors filed a motion to extend (the "**First Motion to Extend**") [Docket No. 12922] the time for service of the summonses and complaints subject to the Procedures Order.  In the Motion to Extend, the Debtors expressly identified certain parties subject to the extension. Norilsk, however, was not one of the parties identified. The relief requested in the First Motion to Extend was granted pursuant to this Court's Order dated March 28, 2008 ("**Extension of Avoidance Action Service Deadline Order**") [Docket No. 13277].  Norilsk was not named in the First Motion to Extend, nor was Norilsk served with the First Motion to Extend when it was filed.  The Affidavit of Service filed at Docket No. 12970 does not indicate that Norilsk was served with the First Motion to Extend.  Similarly, the Affidavit of Service with respect to the Extension of Avoidance Action Service Deadline Order, filed at Docket No.13315, does not indicate that Norilsk was served with the Order.

---

[3] Preservation of Estate Claims Procedures Order, Docket No.  9105, at ¶¶ 7-10.

US_ACTIVE-103681562.6

10.       The Debtors thereafter filed additional, similar motions with this Court ("**Additional Motions**") [Docket Nos.13190, 13361, 18952] seeking extensions of the time for service of the summonses and complaints subject to the Preservation of Estate Claims Procedures Orders ("**Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Orders**")[Docket Nos. 13277, 13484 and 18999]; Norilsk was not identified in the Additional Motions to Extend, nor was Norilsk served with the Additional Motions to Extend when they were filed.  The Affidavits of Service filed at Docket Nos. 13199, 13415, and 18967 do not indicate that Norilsk was served with the Additional Motions.  Similarly, the Affidavit of Service with respect to the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Orders, filed at Docket Nos. 13315 and 13540, do not indicate that Norilsk was served with the Orders.[4]

11.       On March 24, 2010, Norilsk received by mail the Summons and Complaint seeking recovery of $6,367,078.50 in alleged preferences.

12.       Norilsk had no prior notice of this suit until March 24, 2010, despite the filing of the Complaint on or about September 28, 2007.

13.       On or about April 21, 2010, Norilsk's counsel received the Extension Orders (as hereafter defined).

14.       Despite having not served Norilsk with the Complaint until March 24, 2010, on or about March 17, 2010, the Debtors filed the a motion to, *inter alia*, deprive Norilsk of full discovery, and to otherwise again alter the standard procedure, allegedly applicable to the Adversary Proceeding ("**Case Management Motion**")[Adv. Docket. No. 9].

15.       The Debtors did not serve Norilsk with a copy of the Case Management Motion; what was served on April 21, 2010 was an Affidavit of Service that referred to the rescheduling of the hearing on the Case Management Motion dated March 17, 2010, but nothing more.   Upon receipt of the Affidavit of Service, Norilsk's counsel obtained the Case Management Motion and proposed order.  Nor was Norilsk given the opportunity to meet and

---

[4]  The undersigned was not able to locate an Affidavit of Service filed with respect to the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Docket No.  18999.

US_ACTIVE-103681562.6

confer with opposing counsel to establish a reasonable case management plan for the parties, as contemplated by rule.  *See* Fed. R. Bankr. P. 7026(f).

16.    By letter dated April 16, 2010, Debtors' counsel mailed to the undersigned counsel a copy of the above-referenced Extension Orders dated in 2008 and 2009.

17.    On May 4, 2010, Norilsk filed an Objection to the Case Management Motion [Docket No. 19972 and Adv. Docket No. 19] which raises objections to, inter alia, the Case Management Motion, which Objection is incorporated herein by reference.

18.    As summarized above, the Plaintiffs in this preference action have deprived Norilsk of due process by deliberately choosing not to serve Norilsk with any of the above-referenced pleadings that had the effect of denying Norilsk of due process, and which resulted in the substantial modification of substantive legal rights of Norilsk without its knowledge.  At no time prior to March 24, 2010 was Norilsk provided with notice that it had been sued or that the Plaintiffs were obtaining court orders that eviscerated the statute of limitations of Section 546(a) of the United States Bankruptcy Code.

19.    Norilsk adopts and joins the motion made by Wagner-Smith Company, dated February 5, 2010 [Docket No. 19401] (filed by Morgan, Lewis & Bockius LLP, Andrew D. Gottfried, Esq. and Karen Gartenberg, Esq.). As stated by Wagner-Smith, the Plaintiffs' actions in these preference complaints violate two fundamental tenets of American jurisprudence:  (1) that court proceedings should be open to the public, and (2) parties are entitled to notice that they are being sued.

> A fundamental tenet in American jurisprudence is that all court proceedings should be open to the public at large, because the public has a right, rooted in the First Amendment, to know about the administration of justice.  Another core tenet in American jurisprudence is that a party is entitled to notice that it is being sued.  Neither of these principles was followed here.  Instead, Delphi Corporation ("Delphi") and the other Debtors ..., the plaintiffs herein (collectively, the "Plaintiffs") have, through the two-step combination of (i) filing of complaints under seal and (ii) filing a series of motions without notice to the parties who had an interest in opposing them, perverted the Federal Rules of Civil Procedure in an attempt to surreptitiously and indefinitely extend the two-year statute

- 11 -

US_ACTIVE-103681562.6

of limitations imposed pursuant to 11 U.S.C. § 546(a), which absolutely bars the prosecution of the above-captioned adversary proceeding....[5]

20.        Plaintiffs actions sought to substantially prejudice Norilsk's rights and ultimately deprive Norilsk of due process.

21.        Additionally, to bless the actions herein complained would result in further tortured bankruptcy proceeding, whereby parties would be secretly filing documents, or asking the court to prohibit the filing of secret documents, or other convoluted and otherwise impermissible processes to be sought or precluded.   The rules are the rules and should be followed so all can, with fairness and due process, participate in the proceedings before the Court should they so choose.

22.        Norilsk seeks an order of this Court:

(i)        vacating, with respect to Norilsk, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, the orders of this Court, dated August 16, 2007 (the "**Preservation of Estate Claims Procedures Order**") [Docket No. 9105]; March 28, 2008 (the "**Extension of Avoidance Action Service Deadline Order**") [Docket No. 13277]; April 30, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Order**") [Docket No. 13484]; and October 22, 2009 (the "**Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order**" [Docket No. 18999] (the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order are collectively referred to as the "**Extension Orders**"), all of which are herein incorporated by reference, on the grounds that such orders are void against Norilsk by virtue of the Debtors' and Plaintiffs' intentional failure to provide Norilsk with notice of the motions and that the Extension Orders were improvidently made[6], alternatively,

---

[5] Wagner-Smith Motion at ¶1 .

[6] On May 4, 2010, Norilsk filed an Objection to the Case Management Motion [Docket No. 19972 and Adv. Docket No. 19] which raises objections to, inter alia, the Case Management Motion

US_ACTIVE-103681562.6

(ii)    dismissing, with prejudice, this adversary proceeding against Norilsk, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b) on the ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and, therefore, fails to state a claim upon which relief may be granted; and

(iii)    dismissing, with prejudice, this adversary proceeding against Norilsk pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5) and Fed. R. Bankr. P. 7012(b) on the ground of insufficient process and insufficient service of process; and

(iv)    dismissing, with prejudice, this adversary proceeding against Norilsk on the ground that it is barred by judicial estoppel; and

(v)    dismissing, with prejudice, this adversary proceeding against Norilsk on the ground that it is barred by laches; or

(vi)    dismissing, with prejudice, this adversary proceeding against Norilsk, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b) based on the facts no preference exists, and therefore, fails to state a claim upon which relief may be granted; and

(vii)    dismissing, with prejudice, this adversary proceeding against Norilsk, pursuant to Fed. R. Civ. P. 8(a) and 12(b) and Fed. R. Bankr. P. 7008(a) and 7012(b) on the ground that it is insufficiently plead and, therefore, fails to state a claim upon which relief may be granted; in the alternative, ordering the Plaintiffs to submit an amended pleading containing sufficient detail regarding the alleged preferential transfers to allow Norilsk to prepare a responsive pleading; and

(viii)    granting Norilsk the costs and expenses of responding to this adversary proceeding, including, without limitation, attorneys' fees.

23.    Numerous other motions to vacate the Extension Orders and to dismiss the adversary proceedings that were subject to the Extension Orders without providing due process to the respective defendants have been filed and are expected to be filed.  Because the facts and law surrounding the motions of the other similarly situated defendants are correspondingly related to the facts and law in this adversary proceeding, Norilsk incorporates all applicable arguments raised by the other defendants in their dismissal motions.  Norilsk has, with permission, has adopted and joins the Motion to Vacate Prior Orders Establishing Procedures for

- 13 -

US_ACTIVE-103681562.6

Certain Adversary Proceedings and for an Order Dismissing the Adversary Proceeding, [Docket No. 19982] (filed by Deborah J. Piazza on behalf of Fin Machine Co. Ltd.), and has incorporated many of the arguments herein.

24.     The Declaration of E. Gregory Foltz Treasurer of Norilsk, attached hereto as **Exhibit A**, is submitted in support of this Motion to Dismiss.

### ADDITIONAL STATEMENT OF FACTS

**Preservation of Estate Claims Procedures Motion and Order**

25.     On August 16, 2007, this Court entered the Preservation of Estate Claims Procedures Order, which (i) allowed the Debtors to file adversary proceeding complaints under seal, (ii) directed the Clerk of the Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of their intent to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors effectuated service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).[7]  The March 31, 2008 date to serve process was six months after the commencement of this adversary proceeding - a two month extension of the time to serve process, beyond the 120 days already provided for under the Rules of Civil Procedure.

26.     Paragraph 11 of the Preservation of Estate Claims Procedures Order provided that "[t]he Debtors must serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable."  The Affidavit of Service with respect to the Preservation of Estate Claims Procedures Order, filed at Docket No. 9141, confirms that Norilsk was not served with this Order.  Norilsk did receive a copy of this Order with the service of the Complaint on March 24, 2010, more than two and one half years after the entry of the Order.

**Commencement of Adversary Proceeding Against Norilsk Nickel USA, Inc.**

---

[7] Preservation of Estate Claims Procedures Order, Docket No. 9105, at ¶¶ 7-10.

US_ACTIVE-103681562.6

27.     On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

28.     The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the aggregate amount of $6,367,078.50.

29.     The statute of limitations for commencing avoidance actions pursuant to Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553 expired on October 8, 2007.[8]

### Confirmation of the Debtors' Plan of Reorganization

30.     On January 25, 2008, the Court entered an order confirming the Debtors' first amended joint plan of reorganization (the "Plan").[9]

### Extension of Avoidance Action Service Deadline Motion and Order

31.     On February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors filed an additional motion seeking to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[10]

32.     As stated above, Norilsk was not provided with notice of the Extension of Avoidance Action Service Deadline Motion.[11]

---

[8] 11 U.S.C. § 546(a).

[9] Findings of Fact, Conclusions of Law, and Order under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified, dated January 25, 2008 (the "**Confirmation Order**"), Docket No. 12359, herein incorporated by reference.

[10] Extension of Avoidance Action Service Deadline Motion, Docket No. 12922, herein incorporated by reference, at ¶ 18.

[11] Affidavit of Service, dated March 4, 2008, Docket No. 12970, herein incorporated by reference.

US_ACTIVE-103681562.6

33.     On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended to May 31, 2008.[12]

34.     Paragraph 2 of the Extension of Avoidance Action Service Deadline Order provided that the "Debtors shall serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable."[13]    Norilsk was not provided with notice of the Extension of Avoidance Action Service Deadline Order until after the Complaint was served in March, 2010– and more than two years after it was entered.[14]

35.     The Extension of Avoidance Action Service Deadline Motion states that the Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan."[15]    Exhibit 7.24 to the Plan does not identify Norilsk.[16]

36.     The Extension of Avoidance Action Service Deadline Motion states:  "Of the five categories of claims listed by the Debtors on Exhibit 7.24 to the Plan, *only the claims relating to* Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries *are subject to the Preservation of Estate Claims Procedures Order*." (*emphasis added*)[17]

---

[12] Extension of Avoidance Action Service Deadline Order, Docket No.  13277, herein incorporated by reference, at ¶ 2.

[13] Id.  at ¶ 2.

[14]  Affidavit of Service, dated April 2, 2008, Docket No. 13315, herein incorporated by reference.

[15] Id.  at ¶ 17.  Exhibit 7.24 to the Plan, herein incorporated by reference, is included as Attachment K to the Notice of Hearing December 28, 2007 Notice of Filing of Exhibits with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, dated December 28, 2007, Docket No. 11608.

[16] Id.  at ¶ 17, n.4.

[17] Id.

US_ACTIVE-103681562.6

**Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order**

37.     By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Motion**") [Docket No. 13361], the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[18]

38.     The stated purpose for this extension was identical to the purpose set forth in support of the Extension of Avoidance Action Service Deadline Motion, namely, to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the [adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants."[19]

39.     The Postconfirmation Extension of Avoidance Action Service Deadline Motion once again stated that (i) the Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those listed on Exhibit 7.24 to the Plan;" and (ii) of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.[20]

40.     The Postconfirmation Extension of Avoidance Action Service Deadline Motion further states:  "Notice of this Motion has been provided to [Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries]."[21]

---

[18]  Postconfirmation Extension of Avoidance Action Service Deadline Motion, Docket No.  13361, herein incorporated by reference, at ¶ 19.

[19]  Id. at ¶ 22.

[20]  Id. at ¶ 18, n.4.

[21]  Id.

US_ACTIVE-103681562.6

41.    On April 30, 2008, the Court entered the Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors must serve a defendant in the adversary proceedings with a summons and complaint was further extended until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11 plan for the Debtors and December 31, 2008.[22]

42.    The Postconfirmation Extension of Avoidance Action Service Deadline Order directed that the "Debtors shall serve a copy of this order upon each defendant in any [adversary proceeding] either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable."[23]    Norilsk was not provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion[24] or the Postconfirmation Extension of Avoidance Action Service Deadline Order[25] until late April, 2010.

43.    On July 30, 2009, the Court entered an order (the "Modification Approval Order") approving certain modifications to the Plan (the "Modified Plan").[26]    The effective date of the Modified Plan occurred on October 6, 2009.[27]

**Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order**

44.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify

---

[22] Post confirmation Extension of Avoidance Action Service Deadline Order, Docket No. 13484, herein incorporated by reference, at ¶ 2.

[23] Id. at ¶ 2.

[24] Affidavit of Service, dated April 16, 2008, Docket No. 13415, herein incorporated by reference.

[25] Affidavit of Service, dated May 6, 2008, 2008, Docket No. 13540, herein incorporated by reference.

[26] Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date, dated October 6, 2009, Docket No. 18707, herein incorporated by reference, at ¶ 2.

[27] Id. at ¶ 3.

US_ACTIVE-103681562.6

Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.[28]

45.    The Debtors stated that this further extension was necessary in light of the fact that the Debtors now anticipated that they would retain 177 of the adversary proceedings filed under seal, a significant increase from the Debtors prior representations to the Court:

> The Debtors anticipate that, in the months following effectiveness of the Modified Plan, a significant amount of time and resources will be devoted to supporting the transition of operations among these three entities and implementing the Modified Plan. Moreover, ***Exhibit 7.19 of the Modified Plan lists <u>significantly more</u> causes of action that will be retained by DHP Holdings <u>than originally retained</u> under the Confirmed Plan, including the 177 of the Adversary Proceedings filed under seal*** (the "Retained Adversary Proceedings"). [29]

(*emphasis added*).

46.    As stated above, as early as March 8, 2008, the Debtors had advised the Court Extension of Avoidance Action Service Deadline Motion states that the Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan.[30], which was repeated in the Postconfirmation Extension of Avoidance Action Service Deadline Motion which once again stated that (i) the Debtors would "not retain any of the causes of action asserted in the [adversary proceedings] except those specifically listed on Exhibit 7.24 to the Plan;" and (ii) of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and

---

[28] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Docket No. 18952, herein incorporated by reference, at ¶ 16.

[29] Id., at 17.

[30] Id. at ¶ 17. Exhibit 7.24 to the Plan, herein incorporated by reference, is included as Attachment K to the Notice of Hearing December 28, 2007 Notice of Filing of Exhibits with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, dated December 28, 2007, Docket No. 11608.

US_ACTIVE-103681562.6

subsidiaries were subject to the Preservation of Estate Claims Procedures Order.[31]  Exhibit 7.24

to the Plan does not include Norilsk or this Adversary Proceeding.

47.    On October 22, 2009, the Court entered the Supplemental

Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph

8 of the Preservation of Estate Claims Procedures Order, so that the time under Fed. R. Civ. P.

4(m) by which the Debtors were required to serve a defendant in the adversary proceedings with

a summons and complaint was further extended until 180 days after substantial consummation of

the Modified Plan.[32]

48.    As before, the Supplemental Postconfirmation Extension of Avoidance

Action Service Deadline Order directed that the "Debtors shall serve a copy of this order upon

each defendant in any [adversary proceeding] either when the Debtors serve a summons and

complaint on such defendant or as soon thereafter as practicable."[33]

49.    Norilsk was not provided with notice of the Supplemental

Postconfirmation Extension of Avoidance Action Service Deadline Motion[34] or the

Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order[35], until

April 2010.

### Service of Process of the Complaint on Norilsk

50.    Norilsk was served with the Complaint on or about March 24, 2010,

almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a)

expired.

---

[31] Id. at ¶ 18, n.4.

[32] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Docket No.  18999, herein incorporated by reference, at ¶ 2.

[33] Id.  at If 2.

[34] Affidavit of Service, dated October 7, 2009, Docket No. 18967, herein incorporated by reference.

[35] The undersigned was unable to find an Affidavit of Service with respect to the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Docket No. 18999.

US_ACTIVE-103681562.6

51.    By letter dated April 1, 2010, and after receiving the Complaint, Norilsk supplied Plaintiffs' counsel with the invoices, shipping receipts, bank statements and other contract documents relating to the preference period and the transactions listed in the Complaint which clearly indicate that (a) the amounts are double stated in Exhibit 1 to the Complaint and (b) no preference exists as each identified payment was made in accordance with invoice and contract terms.  Norilsk's counsel asked for support for the alleged preferential nature of the payments listed in Exhibit 1 to the Complaint be supplied to Norilsk, alternatively, that the Complaint be dismissed.  The Plaintiffs' counsel and Norilsk's counsel agreed to an extension of time to answer or otherwise respond to the Complaint until May 21, 2010, with the pretrial conference to be held on June 30, 2010, which was confirmed in writing by Plaintiffs' counsel.

52.    No support for the allegation that the payments were preferential is stated in the Complaint, and no support was supplied by the Plaintiffs' counsel after service of the Complaint and after receipt of the detailed information supplied by Norilsk's counsel which clearly evidences that (a) the transfers were double-tallied on the Exhibit 1 to the Complaint and (b) no preferential transfer exists.

53.    Upon information and belief, Norilsk did not received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, and the Postconfirmation Extension of Avoidance Action Service Deadline Order, until after April 20, 2010.

54.    By telephone call on Monday, May 10, 2010, Plaintiffs' counsel confirmed that the Complaint included "double-counting" of alleged preferential transfers.

## ARGUMENT

**A.    EACH OF THE PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER AND THE EXTENSION ORDERS SHOULD BE VACATED AS AGAINST NORILSK ON THE GROUNDS THAT EACH IS VOID BY VIRTUE OF THE PLAINTIFFS' INTENTIONAL FAILURE TO PROVIDE NORILSK WITH NOTICE OF THE MOTIONS IN SUPPORT THEREOF AND THAT SUCH ORDERS WERE IMPROVIDENTLY ENTERED.**

US_ACTIVE-103681562.6

55.     Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024, provides that the Court may relieve a party from a final judgment, order or proceeding for any reason that justifies relief.

56.     Norilsk respectfully submits that the combination of permitting the Plaintiffs to file the Complaint under seal -- thereby preventing Norilsk from discovering that it had been sued -- while continually extending the Plaintiffs' time to serve process in excess of two years past the expiration of the statute of limitations set forth in Bankruptcy Code §546(a) -- also without notice to Norilsk -- has resulted in a proceeding completely devoid of procedural due process.  Accordingly, and for the reasons set forth below, the Preservation of Estate Claims Procedures Order and each of the Extension Orders must be vacated as against Norilsk.

**The Complaint Was Improperly Filed under Seal Pursuant to Section 107 of the Bankruptcy Code**

57.     Section 107(a) of the Bankruptcy Code codified the common law right of public access in the bankruptcy setting and provides, in relevant part, that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."[36] The "plain meaning of § 107(a) mandates that all papers filed with the bankruptcy court are 'public records' unless the bankruptcy court 'decides to protect the information pursuant to the standards set forth in [§] 107(b).'"[37]

58.     Section 107(b) of the Bankruptcy Code establishes two narrow exceptions to the general right of access where under "compelling or extraordinary circumstances" an exception is necessary.[38]  The exceptions only apply to (1) trade secrets or confidential research, development or commercial information, or (2) scandalous or defamatory matter.[39]  However, "a

---

[36] 11 U.S.C.  § 107(a); In re Food Management Group, LLC, 359 B.R.  at 553.

[37] In re Food Management Group, LLC, 359 B.R. at 553 (quoting Air Line Pilots Ass'n v. Am. Nat'l Bank and Trust Co.  (In re Ionosphere Clubs), 156 B.R. 414, 433 n.7 (S.D.N.Y. 1993)).

[38] Video Software Dealers Ass'n v. Orion Pictures Corp.  (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).

[39] 11 U.S.C.  § 107(b).

US_ACTIVE-103681562.6

judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need" to keep the material private.[40]

59.     Being advised that you have been sued is clearly not included in Section 107(b).  Further, a standard preference action is not a "trade secret," "confidential commercial information," or "scandalous matter" worthy of being filed under seal.

60.     The Debtors invoked Section 107(b)(l) when requesting that the Court permit the filing of the complaints commencing the avoidance action adversary proceedings under seal.  In the Preservation of Estate Claims Procedures Motion, the Debtors sought to characterize preservation of the status quo and existing business relationships as "commercial information" in need of protection.  In connection therewith, the Debtors alleged that they "have worked to preserve and repair their business relationship with many of the potential defendants during these cases and have negotiated or regained favorable credit terms with many suppliers and are continuing to do so."[41]

61.     The Debtors' above stated reasoning is flawed and generally unsupportable.  It is even more absurd when applied to Norilsk, which was not a creditor of the Debtors' Estates:  Norilsk did not file a proof of claim nor was it listed as a creditor in the Debtors' Estates.

62.     Accordingly, the Preservation of Estate Claims Procedures Order which granted the authority to file the Complaint under seal should be vacated as to Norilsk.

**Norilsk Was Not Served with Notice of the Motions in Support of the Preservation of Estate Claims Procedures Order and Each of the Extension Orders.[42]**

---

[40] In re Food Management Group, LLC, 359 B.R.  at 554 (internal citation and quotation omitted).

[41] In support of their proposition that maintenance of ongoing business relationships was "commercial information" entitled to protection, the Debtors cited to In re Service Merchandise, et al., Case No. 39902649 (Bankr. M.D. Tenn. Feb. 27, 2001) where the court granted the debtors authority to file under seal certain adversary proceedings so that they could continue negotiations with the defendants, who were also the debtors' business partners.  Even if the ruling were correct as a matter of law, which Norilsk disputes, the case is inapposite to the situation here, as Norilsk is not a business partner of the Debtors nor was it engaged in ongoing negotiations with the Debtors.

[42] Norilsk adopts and joins the Motion to Vacate Prior Orders Establishing Procedures for Certain Adversary Proceedings and for an Order Dismissing the Adversary Proceeding, [Docket No. 19982] (filed by Deborah J. Piazza on behalf of Fin Machine Co. Ltd. ).

US_ACTIVE-103681562.6

63.    Norilsk adopts and joins in the argument as stated by Fin Machine Co., in its Motion to Vacate Prior Orders Establishing Procedures for Certain Adversary Proceedings and for an Order Dismissing the Adversary Proceeding, [Docket No. 19982] (filed by Deborah J. Piazza on behalf of Fin Machine Co. Ltd.: "It has long been held that the 'fundamental requisite of due process of law is the opportunity to be heard.[43]'  This right to be heard, however, 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'[44]  Thus, an 'elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'"[45]

64.    Norilsk was not given any notice of the motions for the Preservation of Estate Claims Procedures Order and each of the Extension Orders.  None of the motions identified Norilsk as a potential defendant.  Norilsk was completely unaware that it was a defendant or that it had an interest in the various motions to seal and extend made by the Debtors.  Norilsk was therefore deprived of due process.  Norilsk, if provided with notice that it was being sued, would have had the ability to oppose the motions seeking the Preservation of Estate Claims Procedures Order and the Extension Orders.

65.    The lack of due process pursued by the Debtors had the additional negative effect of disenfranchising Norilsk and other defendants from fully participating in these cases and fully voting on the Plan and Modified Plan.  Indeed, under Section 502(d), it is implicit that 'a transferee of an avoidable transfer has an allowable claim once it turns over such property for which it is liable," and that it may file a proof of claim on account of same.[46]  That, in turn, allows it to "[participate] in the voting and distribution from the estate.'[47]  The Debtors knew that

---

[43] Grannis v.  Ordean, 234 U.S.  385, 394 (1914).

[44] Mullane v.  Central Hanover Bank & Trust Co., 339 U.S.  306, 314 (1950).

[45] Id. at 314; Barcia v.  Sitkin, 367 F.3d 87, 107 (2d Cir. 2004); Weigner v. City of New York, 852 F.2d 646, 654 (2d Cir. 1988).

[46] Fleet Nat'l Bank v.  Gray (In re Bankwest Capital Corp.), 375 F.3d 51, 57 n.4 (1st Cir.  2004).

[47] In re Hamilton, 179 B.R. 749, 752 (Bankr. S.D. Ga. 1995) (quoting In re Kolstad, 928 F.2d 171, 174 (5th Cir. 1991), reh'g denied, 936 F.2d 571 (5th Cir. 1991), cert. denied, 502 U.S. 958 (1991)).

US_ACTIVE-103681562.6

if Norilsk repaid an allegedly preferential transfer, it would have been entitled to file a claim, and vote on the Plan and the Modified Plan with a potentially much larger claim that it otherwise had.

66.     The stated purpose for this extension was identical to the purpose set forth in support of the Extension of Avoidance Action Service Deadline Motion, namely, to "enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations," as well as "reduce the administrative and economic burdens of the [adversary proceedings] on the Debtors, the Court, the Clerk of Court, and the potential defendants."[48]

67.     The justification for depriving Norilsk of its right to engage in the bankruptcy cases to the fullest extent merely so the Debtors could avoid looking bad to Norilsk or cultivate better credit terms is patently improper and not justifiable under the Bankruptcy Code.  They are further absurd when Norilsk did not do business with the Debtors post-petition.

68.     The cost to the Debtors' Estates, no matter how large, cannot be used to legitimize the denial of due process to Norilsk – the secret filing of lawsuits against defendants – and sealing them for years – makes a mockery of the judicial system.

69.     For all of the foregoing reasons, each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order should be vacated on the ground that each is improvidently entered and void against Norilsk.

**B.     THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED**.

70.     Section 546(a) of the Bankruptcy Code, which sets forth the statute of limitations on avoiding powers, provides:

---

[48] Id. at ¶ 22.

US_ACTIVE-103681562.6

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of - (1) the later of - (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or (2) the time the case is closed or dismissed.[49]

71.    The deadline for commencing an adversary proceeding against Norilsk on account of an allegedly avoidable preference expired on October 8, 2007.  The Plaintiffs filed the Complaint under seal on September 28, 2007, but did not serve Norilsk with such Complaint until on or about March 24, 2010, approximately two year and a half years after the statute of limitations contained in Section 546(a) expired.

72.    The Extension Orders upon which the Plaintiffs' rely as authorizing the "elimination of the statute of limitations," sought and entered, pursuant to Fed. R. Civ. P. 4(m), ex parte from the one entity that had an adverse interest, namely, Norilsk.

73.    Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004(a), provides, in relevant part:

*Time Limit for Service*.  If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

74.    The Extension Orders should not have been entered, as good cause did not exist to extend the time to serve process as a matter of law.  Good cause generally exists under Fed. R. Civ. P. 4(m) when service is not completed on a named defendant within the required 120-day period, such as when a defendant cannot be found.[50]  It does not exist, however, in situations where the Plaintiffs know and can serve the named defendants, but simply chooses not to do so, and where the sole purpose in seeking the extension of time is to prevent defendants

---

[49] 11 U.S.C.  § 546(a).

[50] Ahern v. Neve, 285 F.Supp.2d 317, 320 (E.D.N.Y.  2003).

US_ACTIVE-103681562.6

from learning that they had been sued.[51] The use of procedural rules to obtain a result not contemplated by the accompanying substantive law is simply not permitted.[52]

75.    Accordingly, the Complaint should be dismissed because the action is barred by the statute of limitations, pursuant to Fed. R Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

## C.    ALTERNATIVELY THE COMPLAINT MUST BE DISMISSED FOR INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS

76.    Alternatively, and for all the foregoing reasons stated in Part A and Part B above, the Complaint must be dismissed because the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order failed to provide sufficient process, in the alternative, failed to provide sufficient process and failed to provide sufficient service of process pursuant to Fed. R Civ. P. 12(b)(4) and (b)(5) and Fed. R. Bankr. P. 7012(b).

## D.    THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL AND SHOULD BE DISMISSED.

77.    The equitable principle of judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by [that party] in a prior legal proceeding."[53]  The purpose of judicial estoppel is to "protect the integrity of the judicial process. . . by prohibiting parties from deliberately changing positions

---

[51]  As support for extending the time to serve process on defendants, the Debtors cited <u>Bank of Cape Verde v. Bronson</u>, 167 F.R.D.  370, 371-72 (S.D.N.Y.  1996) for the proposition that good cause existed where future events would have likely "obviated the need to serve the [] complaint" and when the plaintiff requested the extension before the deadline expired.  This case is inapplicable to the facts here.  In <u>Bank of Cape Verde</u>, the third-party plaintiff was pursuing good-faith settlement negotiations with the plaintiff and third-party defendants, and had already served all or most of the parties to the action prior to the expiration of the 120-day deadline.  That is a far cry from the situation here, where Norilsk was not, and could not have been, in settlement negotiations with the Plaintiffs, as it did not even know that it had been sued.

[52]  See 28 U.S.C. § 2075 (rules prescribed by the United States Supreme Court "shall not abridge, enlarge, or modify any substantive right"); <u>see also</u> <u>Morse v. Perrotta</u> (<u>In re Perrotta</u>), 406 B.R. 1, 8 (Bankr. D. N.H. 2009) ("Therefore, to the extent that the Bankruptcy Rules and the Bankruptcy Code are inconsistent, the statute controls.").

[53]  <u>In re Venture Mortgage Fund, L.P.</u>, 245 B.R.  460, 471 (2000), <u>affd</u>, 282 F.3d 185 (2d Cir. 2002).

US_ACTIVE-103681562.6

according to the exigencies of the moment."[54]  Judicial estoppel prevents a party from playing "fast and loose" with the courts.[55]

78.      In the Second Circuit, the following two factors must be satisfied to invoke the doctrine of judicial estoppel:  (i) the party against whom estoppel is asserted took an inconsistent position in a prior proceeding, and (ii) the first tribunal adopted the inconsistent position in some manner, such as by rendering a favorable judgment.[56]  The doctrine, however, does not depend upon prejudice to the party invoking it.[57]

79.      Both factors are satisfied here.  First, in their Extension of Avoidance Action Service Deadline Motion, the Debtors asserted that they would "not retain any of the causes of action asserted in the [adversary proceedings] except those listed on Exhibit 7.24 to the Plan.[58]  In fact, the Debtors stated that of the 742 adversary proceedings commenced under seal, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries were subject to the Preservation of Estate Claims Procedures Order.[59]  The Debtors reiterated this assertion in their Postconfirmation Extension of Avoidance Action Service Deadline Motion.[60]  Second, the Court, in entering the orders upon the representations set forth in the Extension of Avoidance Action Service Deadline Motion and the Postconfirmation Extension of Avoidance Action Service Deadline Motion, adopted this position.

80.      Thus, by serving the Complaint on Norilsk -- which is not Laneko Engineering or Wachovia Bank or an affiliate -- the Debtors are now attempting to reverse a

---

[54] New Hampshire v. Maine, 532 U.S. 742, 749 (2001); see also Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y. 1996)

[55] Id.

[56] In re Venture Mortgage Fund, L.P., 245 B.R. at 472.

[57] Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, AG., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.), 55 B.R. 253, 260 (Bankr. S.D.N.Y. 1985), affd, 62 B.R. 224 (S.D.N.Y. 1986).

[58] Extension of Avoidance Action Service Deadline Motion, at ¶ 17.

[59] Id. at ¶ 17, n.4.

[60] Postconfirmation Extension of Avoidance Action Service Deadline Motion, at ¶ 18 and n.4.

US_ACTIVE-103681562.6

legal position previously asserted in their own pleadings and adopted by the Court. Such action is impermissible and, accordingly, the Complaint should be dismissed.[61]

### E.    THE COMPLAINT IS BARRED BY LACHES AND SHOULD BE DISMISSED.

81.    Laches is an equitable defense that requires the party asserting it to establish that: "(1) plaintiffs knew of defendants' misconduct; (2) plaintiffs inexcusably delayed in taking action; and (3) defendants were prejudiced by the delay."[62] "The equitable nature of laches necessarily requires that the resolution be based on the circumstances peculiar to each case."[63] "The determination of whether laches bars a plaintiff from equitable relief is entirely within the discretion of the trial court."[64]

82.    Laches can be considered on a motion to dismiss.[65]

83.    In assessing a laches defense, the combined pre-complaint and post-filing time period are taken into account. The court should consider the delay both pre- and post-filing and the resulting prejudice to the defendant.[66]

84.    The Debtors' Complaint alleges preferential transfers made in July, August and September, 2005, a period of time that is almost five years ago. Although the Debtors filed the Complaint in September 2007, the effect of the filing under seal and the failure to either serve Norilsk with the Complaint or at the very least notice of the Motions extending the time to serve such Complaint effectively extended the prosecution of the lawsuit to a period of time of almost five years past the alleged wrongdoing.

---

[61] See Galerie Des Monnaies of Geneva, Ltd., 55 B.R. at 260 (granting defendant's motion to dismiss where debtor who stated in its disclosure statement that it has no preference actions "may not thereafter reverse its field and commence a preference action for its own benefit.").

[62] Ikelionwu v. United States,, 150 F.3d 233, 237 (2d Cir. 1998).

[63] Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V., 17 F.3d 38, 44 (2d Cir. 1994).

[64] Id.

[65] In re Chenault, 2010 WL 797015 at *2 (Bankr. C.D. III. 2010). See also Ikelionwu, 150 F.3d at 237 (Court states that it has not yet settled the appropriate standard to review the grant of a motion to dismiss based on laches).

[66] See Aliens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera, 2 Fed.Appx. 162, 165 (2d Cir. 2001) (In affirming a dismissal for laches, the Court considered the combined delay pre and post-filing of the Complaint and the prejudice resulting therefrom).

US_ACTIVE-103681562.6

85.     The first element of a laches defense requires that the "plaintiffs knew of defendant's misconduct."[67]   The Plaintiffs have been aware of the existence of the alleged preferential transfers since the filing of the bankruptcy petition, in that the allegedly preferential transfers, upon information and belief, derive from the Plaintiffs' own business records.  Further, the Plaintiffs have been guided through the bankruptcy process by sophisticated bankruptcy counsel.  Finally, the Plaintiffs acknowledged their awareness of the existence of over 1,000 possible preferential transfer actions by motion dated August 6, 2007.  Therefore, the Plaintiffs were aware of, or should have been aware of, the potential avoidance action from the Petition Date onward.

86.     The second element of a laches defense requires that "plaintiffs inexcusably delayed in taking action.[68]   "When a plaintiff has not slept on his rights, but has been prevented from asserting them based, for example, on justified ignorance of the facts constituting a cause of action, personal disability, or because of ongoing settlement negotiations, the delay is reasonable and the equitable defense of laches will not bar an action.[69]   The Plaintiffs filed the Complaint on September 28, 2007, approximately two years after the allegedly preferential transfers.  The Plaintiffs then waited two and a half years to serve Norilsk with the Complaint.  Further, the statute of limitations for such an action is two years from the date of the filing of the petition.  Such a delay is unreasonable and inexcusable, while the rationale for it as stated above has no merit as to the action against Norilsk.

87.     The third element of a laches defense requires that "defendant was prejudiced by the delay.[70]   Norilsk has been severely prejudiced by the Debtors' delay in filing and prosecuting the Complaint.  As stated above, Norilsk has been robbed of the opportunity to meaningfully participate in the bankruptcy cases to the fullest extent and also to negotiate within the context of the bankruptcy, as the Debtors have waited until after substantial confirmation of their plan of reorganization to prosecute the lawsuit.  The passage of almost five years since the

---

[67] Ikelionwu, 150 F.3d at 237.

[68] Ikelionwu,, 150 F.3d at 237.

[69] Aliens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera, 88 F.Supp. 2d 77, 85 (W.D.N.Y.  2001).

[70] Ikelionwu, 150 F.3d at 237.

US_ACTIVE-103681562.6

allegedly preferential transfers is also prejudicial to Norilsk.  During that period, memories have faded, relevant documents may have been destroyed in accordance with normal document disposal procedures and the overall ability of the defendants to vindicate their rights has been diminished.  Thus, Norilsk is prejudiced.

88.    Accordingly, the Complaint should be dismissed on the grounds of laches.

## F.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.

89.    The Complaint consists solely of a recitation of the elements of the cause of action and legal conclusions tracking the language of the statute, which are insufficient to state a claim for relief and establish that Norilsk is liable for the alleged preferential transfers.[71]  It is proper to dismiss this Complaint which contains only "formulaic recitations" of the elements of the claim, unsupported by factual allegations.[72]

90.    A conclusory assertion in the Complaint that an alleged preferential transfer was "made, or caused to be made... on account of, antecedent debt(s) owed to Defendant prior to the dates on which the Transfers were made" absent facts supporting the existence of such an antecedent debt is insufficient to "render plausible the assertion that a transfer was made for or on account of such antecedent debt" as required by Iqbal.[73]

91.    The Supreme Court held:  (i) "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements" and  (ii) "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its

---

[71] See, e.g., Inst. for the Dev. of Earth Awareness v. People for Ethical Treatment of Animals, 2009 WL 2850230, *3-4 (S.D.N.Y. 2009) (dismissing cause of action that contained only "conclusory assertions[, but] ... no factual allegations," and rather "simply restated the [statutory] language").

[72] Willey v. J.P. Morgan Chase, N.A., 2009 WL 1938987, *4 (S.D.N.Y. 2009) (dismissing complaint that contained only "formulaic recitations" of the elements of the claim, unsupported by factual allegations; "ipse dixit pleading is insufficient" under Iqbal); Kregler v. City of New York, 2009 WL 2524628, *5 (S.D.N.Y. 2009) (dismissing amended complaint under Iqbal because its allegations amounted to only "conclusory pleadings").

[73]  Id.  Under § 547(b)(2), it must also be shown that the Defendant was a creditor of the Debtors, with "each transferee's identity as a creditor contingent on the existence of an antecedent debt."[73]  Therefore, "the Trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief."[73]

US_ACTIVE-103681562.6

experience and commons sense.[74]  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."[75]

92.    This Court has applied the more stringent pleading standards described above to adversary proceedings.[76]  In the Complaint, there is no factual allegation made to support a preferential transfer other than payments were made within the preference period. Such a lack of detail is sufficient to establish grounds for dismissal.

93.    By letter dated April 1, 2010, and after receiving the Complaint, Norilsk supplied Debtor's counsel with the invoices, shipping receipts, bank statements and other contract documents relating to the preference period and the transactions listed in the Complaint which clearly indicate that (a) the amounts are double stated in Exhibit 1 to the Complaint and (b) no preference exists as each identified payment was made in accordance with invoice and contract terms.  Norilsk's counsel asked that the Complaint be dismissed, or for support for the alleged preferential nature of the payments be supplied to Norilsk.  No support for the allegation that the payments were preferential is stated in the Complaint, and no support was supplied by the Plaintiffs' counsel after service of the Complaint and after receipt of the detailed information supplied by Norilsk's counsel which clearly evidences that (a) the transfers were double-tallied on the Exhibit 1 to the Complaint and (b) no preferential transfer exists.

94.    As a condition to filing the Complaint, the Plaintiffs' were certifying to the Court that "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

(1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[74] Id.

[75] Id. at 1949 (internal quotations omitted).

[76] See In re Howard, 2009 WL 4544392 (Bankr. S.D.N.Y.  009) (unpublished decision); In re Lehman Brothers Holdings Inc., 416 B.R. 392 (Bankr. S.D.N.Y. 2009).

US_ACTIVE-103681562.6

(2)   the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)   the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;…"[77]

95.     No support for the allegation that the payments were preferential is stated in the Complaint, and no support was supplied by the Plaintiffs' counsel after service of the Complaint and after receipt of the detailed information supplied by Norilsk's counsel which clearly evidences that (a) the transfers were double-tallied on the Exhibit 1 to the Complaint and (b) no preferential transfer exists.

96.     While the Plaintiffs' counsel now admits that the transfers were double-tallied on the Exhibit 1 to the Complaint, more than two years have elapsed from the filing of the Complaint and almost 5 years since the alleged preferential transfers were made, and the Plaintiffs' cannot support the simplest of the allegations set forth in the Complaint – that Norilsk received a preferential transfer.

97.     Furthermore, "Norilsk Nickel USA, Inc." is its true and correct corporate name and *not* Norilsk Nickel USA, hence there is only one defendant in this proceeding. Therefore "Norilsk Nickel USA" should be struck from the Complaint, alternatively, the case dismissed as to "Norilsk Nickel USA" as no such entity exists.

98.     Accordingly, the Complaint should be dismissed against Norilsk Nickel USA, Inc. and Norilsk Nickel USA for failure to state a claim upon which relief can be granted pursuant to Fed. R Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

---

[77] Fed. R. Bankr. P. 9011(b).

US_ACTIVE-103681562.6

**G.    IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT OF THE PLEADINGS IS REQUIRED IN ORDER FOR THE DEFENDANT TO PREPARE A RESPONSIVE PLEADING.**

99.    Federal Rule of Civil Procedures 12(e) and Bankruptcy Rule 7012(b) allow a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

100.    Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

101.    For the reasons stated in part F, above, Norilsk respectfully requests, should the Court not dismiss the Complaint, that the Court order the Debtors to elaborate upon their pleadings and amend their Complaint with a more definite statement as to why the Plaintiffs believe that the transactions listed in Exhibit 1 to the Complaint are preferential, pursuant to Fed. R Civ. P. 12(e) and Fed. R. Bankr. P. 7012(b).

## MEMORANDUM OF LAW

102.    The legal points and authorities upon which this motion relies are incorporated herein.  Norilsk therefore respectfully requests that the requirement of filing a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Norilsk respectfully requests the Court

(i) pursuant to Fed. R. of Civ. P. 60 and Fed. R. Bankr. P. 9024, vacate each of the prior orders establishing procedures for certain adversary proceedings, including those commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 553, and extending the time to serve process for such adversary proceedings, alternatively, and

US_ACTIVE-103681562.6

(ii) pursuant to 11 U.S.C. §546(a) and pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), dismiss the adversary proceeding with prejudice because it is barred by the two year statute of limitations; and

(iii) pursuant to Fed. R. Civ. P. 12(b)(4)and 12(b)(5) and Fed. R. Bankr. P. 7012(b), dismiss the adversary proceeding with prejudice based on insufficient process and insufficient service of process; and

(vi) dismiss the adversary proceeding on the ground of judicial estoppel; and

(v) dismiss the adversary proceeding on the ground of laches; and

(vi) pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), dismiss the adversary proceeding with prejudice for failure to state a cause of action; and

(vii) pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), dismiss the adversary proceeding with prejudice for failure to state a cause of action because it is insufficiently plead, or in the alternative, pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), directing a more definite statement of the pleadings; and

(viii) grant Norilsk the costs and expenses, including attorneys' fees, of filing the motion; and

(ix) for such other and further relief as the Court deems appropriate.

Dated: May 13, 2010
Pittsburgh, PA

**REED SMITH LLP**

By:   /s/ *Amy M. Tonti*
      Amy M. Tonti, Esq.
      Reed Smith Center
      225 Fifth Avenue
      Pittsburgh, PA  15222
      Tel:  412-288-3274
      Fax:  412-288-3063
      atonti@reedsmith.com
      Attorneys for Norilsk Nickel USA, Inc.

US_ACTIVE-103681562.6