# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DPH HOLDINGS CORP., *et al.*, | ) | Bankruptcy Case No. 05-44481 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| DELPHI CORPORATION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Case No. 07-02433 |
| | ) | |
| v. | ) | |
| | ) | |
| NORILSK NICKEL USA INC. | ) | |
| NORILSK NICKEL USA, | ) | |
| | ) | |
| Defendants. | ) | |

### DECLARATION IN SUPPORT OF MOTION TO DISMISS FILED BY NORILSK NICKEL USA, INC.

I, E. GREGORY FOLTZ, declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1. I am the Treasurer for Norilsk Nickel USA, Inc. ("Norilsk"), one of the Defendants in the above captioned adversary proceeding ("Adversary Proceeding"). I make this declaration ("Declaration") in support of the Motion to Vacate Orders and Dismiss the Adversary Proceeding as above-captioned (the "Motion").[1]

2. To the best of my knowledge there is not a separate legal entity named Norilsk Nickel USA.

3. Reed Smith LLP has been retained by Norilsk to represent it in the above-captioned matter, and is herein referred to as "Norilsk's Counsel."

4. On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief. On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

5. Prior to the Petition Date, Norilsk was a party with the Debtors to purchase orders and long term agreements (collectively, the "Supply Agreements") for the purchase and sale of metals.

6. I am informed by Norilsk's Counsel that on September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("**Complaint**"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

7. On March 24, 2010, Norilsk received by mail the Summons and Complaint seeking recovery of $6,367,078.50 in alleged preferences.

---

[1] Capitalized terms that are not otherwise defined within the Declaration are assigned the same meaning as that assigned within the Motion.

- 2 -

8. Norilsk had no prior notice of this suit until March 24, 2010, despite the filing of the Complaint on or about September 28, 2007.

9. On or about April 21, 2010, Norilsk's Counsel received the Extension Orders (as defined in the Motion), which were then sent to Norilsk by Norilsk's Counsel. To the best of my knowledge, Norilsk had not received the Extension Orders or any of the motions pursuant to which the Extension Orders were entered before April, 2010, other than the August 16, 2007 Order which was served with the Complaint.

10. The only alleged information within the Complaint that is specific to the defendants is the list of allegedly avoidable transfers attached to the Complaint as Exhibit 1. This list consists solely of transfer dates, amounts, and transfer types (i.e. wire or electronic funds transfer), but it does not identify the recipients of the transfers.

11. After receiving the Complaint, Norilsk supplied Debtor's counsel, by letter dated April 1, 2010, with copies of the invoices, shipping receipts, bank statements and other contract documents relating to the preference period and the transactions listed in the Complaint which clearly indicate that (a) the amounts are double stated in Exhibit 1 to the Complaint and (b) no preference exists as each identified payment was made in accordance with Supply Agreement ("Norilsk Information").

12. Upon sending the Norilsk Information to Debtors' Counsel, Norilsk's Counsel asked that the Debtors either (a) dismiss the Complaint, or (b) provide support for the alleged preferential nature of the payments that the Plaintiffs' allege are preferential transfers in the Complaint.

13. Although more than two years have passed since the filing of the Complaint, two months have passed since the issuance of the summons on the Complaint, and six weeks have

passed since the Norilsk Information has been supplied to the Plaintiff's Counsel, the Plaintiffs' Counsel has not revealed why they believe that the alleged preferential transfers are "preferential" other than they were made within 90 days of the Petition Date.

14.    Although more than two years have passed since the filing of the Complaint, two months have passed since the issuance of the summons on the Complaint, and six weeks have passed since the Norilsk Information has been supplied to the Plaintiff's Counsel, the Plaintiffs' Counsel has not refuted that the Norilsk Information clearly establishes that (a) the amounts of the alleged preferential transfers are double stated in Exhibit 1 to the Complaint, and (b) each identified payment was made in accordance with Supply Agreement.

Dated:      May 13, 2010

Norilsk Nickel USA, Inc.

By: _____

E. Gregory Foltz

Title: Treasurer

Address: Norilsk Nickel USA, Inc.

Penn Center West

Building Two, Suite 330

Pittsburgh, PA 15276

- 4 -