Hearing Date And Time: May 20, 2010 at 10:00 a.m. (prevailing Eastern time)
Response Date And Time: May 13, 2010 at 4:00 p.m. (prevailing Eastern time)

WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.
and
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth Law, Esq. (Calif. Bar No. 111779)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)

*Attorneys for Panalpina Management, Ltd.*
*and Panalpina, Inc. et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>    DPH HOLDINGS CORP. *et. al.,*<br><br>        Reorganized Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

**PANALPINA' RESPONSE TO REORGANIZED DEBTORS'**
**FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION**
**(ADMINISTRATIVE EXPENSE CLAIM NO. 18939)**

Panalpina Management, Ltd. and Panalpina, Inc., and their subsidiaries and

affiliates (collectively, "Panalpina"), hereby responds (the "Response") to the *Reorganized*

*Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr.*

*P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records*

*Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims* (the "Forty-Seventh Omnibus Claims Objection" or the "Objection") filed by DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors").

The Response is based on the grounds set forth herein, the Panalpina Administrative Claim (as identified hereinafter), the *Declaration Of Karl-Heinz Reuter In Support Of Panalpina's Response To Reorganized Debtors' Forty-Seventh Omnibus Claims Objection (Claim No. 18939)* (the "Reuter Declaration"), the documents and pleadings on file in this case and such other and further evidence as may be adduced at the trial in support of the Response. All capitalized terms have the defined meaning set forth in this Response and, in the advent any capitalized is not defined herein it shall have the meaning set forth in the Objection.

## SUMMARY OF RELIEF SOUGHT BY DEBTORS

The Objection seeks entry of an order (a) allowing the Panalpina Administrative Claim as a priority claim in the amount of $18,839.98 (a so-called "Modified Claim") and (b) providing that Panalpina would not be "entitled to recover for any Administrative Claim in an amount exceeding [$18,839.98] . . . ." *See* Objection at ¶24 and Exhibit "A" attached thereto at page 2. The Objection is brought on the grounds that allowance of this Modified Claim in the amount specified would be consistent with amounts shown as due and owing on the Reorganized Debtors' books and records. *Id*. The Reorganized Debtors have not filed any declaration in support of their Objection.

## SUMMARY OF RELIEF SOUGHT BY PANALPINA

Pursuant to 11 U.S.C. §502(a), 11 U.S.C. §503(b), Rule 3001(f) and Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3007-1, Panalpina seeks entry of an order (i) denying the Objection to the extent that it seeks disallowance of the full amount of the Panalpina Administrative Claim (<u>except</u> to the extent Panalpina agrees to allowance of a lesser amount after the Parties' reconciliation efforts are completed), (ii) allowing the Panalpina Administrative Claim as a priority claim pursuant to 11 U.S.C. §503(b) (subject only to the Parties' agreement, or Court adjudication, of its amount), and (iii) requiring the Reorganized Debtors to resume efforts to reconcile the amount due and owing pursuant to the Panalpina Administrative Expense and continuing all hearings on the Objection, without date, pending conclusion of such reconciliation efforts.

Alternatively, if the Court declines -- at this time -- to deny the Objection and to allow the Panalpina Administrative Claim as a priority claim pursuant to 11 U.S.C. §503(b) (subject to Parties' agreement, or Court adjudication, of its amount), Panalpina seeks entry of an order (i) continuing the May 20, 2010 hearing without date, (ii) requiring the Reorganized Debtors to resume active reconciliation efforts without delay and, thereafter, (iii) setting a hearing on this matter only upon a representation by the Reorganized Debtor that further reconciliation efforts are unlikely to resolve the outstanding issues between the Parties, and (iv) for such other and further relief as the Court deems just and proper in this matter.

The evidence adduced by the Panalpina Administrative Claim and in support of the Response, as well as the Reorganized Debtors' admission (*see* Objection at ¶24), clearly demonstrate that Panalpina entered into the Post-Petition Contracts (as hereinafter identified) with the Debtors related to the provision of certain services, Panalpina provided such services

after the Petition Date (as hereinafter identified), the Debtors knowingly and purposefully

availed themselves of such services after the Petition Date, and substantial benefit was realized

by the Debtors' respective bankruptcy cases.   The value of such services is established by the

terms of the Post-Petition Contracts and is evidenced by the Panalpina Administrative Claim

filed in this case.

## **BACKGROUND**

1.      On October 8 and 14, 2005, the Debtors (who are the predecessors of the

Reorganized Debtors) filed voluntary petitions in this Court for reorganization relief under

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the

"Bankruptcy Code"), and that the above-referenced Court entered its order directing the above-

referenced bankruptcy cases be jointly administered, for procedural purposes only.

2.      Subsequent to the Petition Date, Panalpina and the Debtors entered in

various executory contracts (the "Post-Petition Contracts") pursuant to which Panalpina agreed

to provide various services to Debtors, including but not limited to customer brokerage services,

transportation services, and other logistics services (collectively, the "Services"), and the Debtors

agreed to pay for such services.   Thereafter, Panalpina provided Services to Debtor pursuant to

the Post-Petition Contracts but Debtors did not pay the full amount due and owing on account of

such Services.  *See* Reuter Declaration at ¶6.

3.      On July 15, 2009, Panalpina filed its Administrative Expense Claim (the

"Panalpina Administrative Claim") against Delphi Automotive Systems LLC asserting that the

aggregate amount of $9,664,668.945 remains due and owing pursuant to the Post-Petition Contracts.

*See* Reuter Declaration at ¶7, and the Administrative Expense Claim attached thereto as "Exhibit

"A" (including therewith (a) a list of the Post-Petition Contracts, attached thereto as Exhibit "A", and (b) a list of the outstanding invoices that remain due and owing, attached thereto as Exhibit "B.

      4.    On April 16, 2010, the Reorganized Debtors filed the Objection, which seeks, in pertinent part, entry of an order (a) allowing the Panalpina Administrative Claim as a priority claim in the amount of $18,839.98 (a so-called "Modified Claim") and (b) providing that Panalpina would not be "entitled to recover for any Administrative Claim in an amount exceeding [$18,839.98] . . . ." *See* Objection at ¶24 and Exhibit "A" attached thereto at page 2. The Objection is brought on the grounds that allowance of this Modified Claim in the amount specified would be consistent with amounts shown as due and owing on the Reorganized Debtors' books and records. *Id.*

      5.    Since September, 2009 and continuing through May 10, 2010, Panalpina has worked on the reconciliation efforts with DPH Holdings to resolve various issues related the Panalpina Administrative Claim including, without limitation, reconciliation of the amounts the Debtors contend were paid after the Petition Date and the amounts that remain due and owing on account of the Post-Petition Contracts and the Services provided by Panalpina after the Petition Date. *See* Reuter Declaration at ¶9. Panalpina has submitted a reconciliation (the "Panalpina Reconciliation") to DPH Holdings indicating that, as of May 10, 2010, not less than US$ 28,383.66 remains due and owing on account of the Panalpina Administrative Claim. *Id.* (the Panalpina Reconciliation is attached thereto as Exhibit "B.") On May 10, 2010, DPH Holding informed Panalpina that its reconciliation team would review the Panalpina Reconciliation and hopes to advise Panalpina of its position with regard to this reconciliation on May 14, 2010, or as soon thereafter as feasible. *Id.*

6.    Panalpina contends that there is a reasonable probability that the Parties will resolve the Panalpina Administrative Expense through their on-going discussions. Nonetheless, until the Parties' reconciliation is complete, Panalpina reserves all rights with regard to final resolution of all issues pertaining to the amount of the Panalpina Administrative Claim.  *See* Reuter Declaration at ¶10.

## **LEGAL ARGUMENT**

### The Claims Should Be Allowed Because The Reorganized Debtors Have Failed To Rebut The *Prima Facie* Validity and Amount of the Claims As Evidenced By The Proof of Claim

The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity.  *In re Planet Hollywood International*, 274 B.R. 391 394 (D. Del. 2001) *citing In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *see* Fed. R. Bankr. P. 3001(f).  Pursuant to the express language of Rule 3001(f), "[a] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim." *In re Hinkely*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608 (S.D. Tex. 1988), *aff'd* 879 F.2d 859 (5th Cir. 1989) (emphasis added).   In order "to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."  *In re Reilly,* 245 B.R. 768, 773 (2rd Cir. B.A.P. 2000), *aff'd* 242 F.3d 362 (2rd Cir. 2000).   Where a debtor simply makes a *pro forma* objection without any evidentiary support, a court may summarily overrule such objections.  *See e.g.*, *Garner v. Shier (In re Garner)*, 246 B.R. 617, 620, 623 (B.A.P. 9th Cir. 2000) (Held: debtor did not overcome the *prima* facie presumption of validity afforded a proof of claim where it merely asserted that "there is no obligation to pay . . .' but failed to offer any evidence in support

of its ).   Simply put: the *prima facie* validity of a proof of claim is "strong enough to carry over a mere formal objection without more."  *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003). Therefore, "[u]nless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of the amount, the claimant need offer no further proof of the merits of the claim." *In re Brown*, 82 F.3d 801 (8th Cir. 1996) *cited in 4 Collier on Bankruptcy*, 15th Edition Revised (2006), §502.02[3][f] at pg. 502-18 n. 38.

Simply put, the Reorganized Debtors *have failed to submit any factual evidence whatsoever* satisfying their burden to overcome the *prima facie* presumption of validity of the existence of the claim or its amount as set forth in Panalpina Administrative Claim.  As in *Garner*, the Reorganized Debtors in this case have asserted merely that its books and records indicate that the amount of the Panalpina Administrative Claim should be $18,839.98 <u>without any evidence adduced in support of their assertion</u>.  The Reorganized Debtors' bare conclusionary statements certainly cannot "overcome th[e] *prima facie* evidence . . . [set forth in the Panalpina Administrative Claim because their unsupported assertions do not constitute] evidence which, if believed, would refute at least one of the allegations essential to the claim."  *In re Reilly,* 245 B.R. at 773.  Panalpina submits that  the Court should deny summarily the Objection because the Reorganized Debtors' *pro forma* Objection is utterly devoid of any competent evidentiary support.  *Cf. Garner*, 246 B.R. at 623.   Under these circumstances, the *prima facie* validity of the Panalpina Administrative Claim is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. at 395.

///

///

///

<u>The Goods And Services Provided Post-Petition Are Entitled To Treatment
As Administrative Expense Claims</u>.

Section 503(b) (1) (A) of the Code provides for priority treatment of "actual, necessary costs and expenses of preserving the estate." *In re Pinnacle Brands, Inc*., 259 B.R. 46, 50 (Bkrtcy.D.Del. 2001.) *citing* 11 U.S.C. § 503(b).  In general, post-petition business expenses are granted administrative-expense priority so that third parties will risk providing the goods and services that are necessary for a struggling debtor to reorganize.  *In re Kadjevich*, 220 F.3d 1016, 1020 (9th Cir. 2000) *citing Microsoft Corp. v. DAK Indus., Inc.* (In re DAK Indus., Inc.), 66 F.3d 1091, 1097 (9th Cir.1995).   Where a debtor continues to receive the benefits from the other party to an executory contract or unexpired lease, "the debtor-in-possession is obligated to pay for the reasonable value of the services." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984).  "Determining whether a creditor has an administrative claim is a two- prong test:  the expense must have arisen from a post-petition transaction between the creditor and the trustee (or debtor-in-possession), and the transaction must have substantially benefited the estate." *In re Pinnacle Brands, Inc*., 259 B.R. at 50.

Here, the two prong test clearly is satisfied.   First, there is no doubt that the Services (whose value was not less than $9,664,668.45) were provided to the Debtors -- in their capacities as debtors-in-possession -- after the Petition Date and pursuant to the Post-Petition Contracts.  *See* Reuter Declaration at ¶¶6 and 7.   The Debtors' assent to the Post-Petition Contracts clearly is demonstrated by their receipt and utilization of these Services.  *See* the Panalpina Administrative Claim and exhibits attached thereto.  Moreover, the Reorganized Debtor in its Objection concedes that the Panalpina Administrative Claim is entitled to treatment as a priority claim.  *See* Objection at ¶24.

Second, by the very nature of the Services provided pursuant to the Post-Petition Contracts, the Debtors' bankruptcy estates received substantial benefit from these Services. Again, the Reorganized Debtors concede that their estates received substantial benefit by their concession that the Panalpina Administrative Claim is entitled to treatment as a priority claim. The only dispute – from the Reorganized Debtors' perspective – if whether the amount remaining due and owing is less than the face amount of the Panalpina Administrative Claim. *See* Objection at ¶24.  Similarly, there is no contention that the Services do not constitute "actual, necessary costs and expenses of preserving" the Debtors' bankruptcy estates.

Accordingly, the Panalpina Administrative Claim should be allowed as administrative expense entitled to full payment in the amount that remains due and owing.  And, according to the Panalpina Reconciliation, as of May 10, 2010, not less than US$ 28,383.66 remains due and owing on account of the Panalpina Administrative Claim.  *See* Reuter Declaration at ¶ 9.

WHEREFORE, Panalpina seeks entry of an order (i) denying the Objection to the extent that it seeks disallowance of the full amount of the Panalpina Administrative Claim (except to the extent Panalpina agrees to allowance of a lesser amount after the Parties' reconciliation efforts are completed), (ii) allowing the Panalpina Administrative Claim as a priority claim pursuant to 11 U.S.C. §503(b) (subject only to agreement by the Parties, or Court adjudication, of its amount), and (iii) requiring the Reorganized Debtors to resume efforts to reconcile the amount due and owing pursuant to the Panalpina Administrative Expense and continuing all hearing on the Objection, without date, pending conclusion of such reconciliation efforts.

Alternatively, if the Court declines -- at this time -- to deny the Objection and to

allow the Panalpina Administrative Claim as a priority claim pursuant to 11 U.S.C. §503(b)

(subject to Parties' agreement, or Court adjudication, of its amount), Panalpina requests that the

Court enter an order (i) continuing the May 20, 2010 hearing without date, (ii) requiring the

Reorganized Debtors to resume active reconciliation efforts without delay, (iii) setting a hearing

on this matter only upon a representation by the Reorganized Debtor that further reconciliation

efforts are unlikely to resolve the outstanding issues between the Parties, and (iv) for such other

and further relief as it deems just and proper in this matter.

Dated:  May 13, 2010                    BIALSON, BERGEN & SCHWAB

                                        ATTORNEYS FOR PANALPINA
                                        MANAGEMENT, LTD. AND PANALPINA,
                                        INC.,. *et al.*


                                        /s/ Thomas M. Gaa

                                        Thomas M. Gaa
                                        2600 El Camino Real, Suite 300
                                        Palo Alto, California  94306
                                        (650)  857-9500


Dated:  May 17, 2010                    WHITE AND WILLIAMS, LLP
                                        ATTORNEYS FOR PANALPINA
                                        MANAGEMENT, LTD. AND PANALPINA, INC.
                                        *et al.*


                                        /s/ Karel S. Karpe

                                        Karel S. Karpe
                                        4421 One Penn Plaza, Suite 4110
                                        New York, NY 10119
                                        Telephone: (212) 631-4421Karel S. Karpe, Esq