Hearing Date And Time: May 20, 2010 at 10:00 a.m. (prevailing Eastern time)
Response Date And Time: May 13, 2010 at 4:00 p.m. (prevailing Eastern time)

WHITE AND WILLIAMS, LLP
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4421
Karel S. Karpe, Esq.
and
BIALSON, BERGEN & SCHWAB
2600 El Camino Real, Suite 300
Palo Alto, CA 94306
Telephone: (650) 857-9500
Lawrence M. Schwab, Esq. (Calif. Bar No. 085600)
Kenneth Law, Esq. (Calif. Bar No. 111779)
Thomas M. Gaa, Esq., (Calif. Bar No. 130720)

*Attorneys for Panalpina Management, Ltd.*
*and Panalpina, Inc. et al.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>DPH HOLDINGS CORP. *et. al.*,<br><br>Reorganized Debtors. | Chapter 11<br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |

### DECLARATION OF KARL HEINZ REUTER IN SUPPORT OF PANALPINAS' RESPONSE TO REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION (CLAIM NO. 18939)

I, Karl-Heinz Reuter, declare:

1.  I am the Global Key Account Manager - Vice President for Panalpina Management, Ltd. and Panalpina, Inc., and their subsidiaries and affiliates (collectively, "Panalpina"), responsible for the business relationship with Delphi Corporation, its subsidiaries



and affiliates (collectively, the "Debtors"), and I am authorized to execute this Declaration in that capacity. If called upon as a witness herein, I could and would competently testify to the facts, events, and transactions set forth herein based on my own personal knowledge of those facts, events and transactions.

2. At all times pertinent hereto, I have been responsible for managing the Delphi account for Panalpina and, in that capacity, I am familiar with executory contracts between the Debtors and Panalpina (collectively, the "Parties"), the services provided by Panalpina to the Debtors and the business relationship between the Parties both before and after the commencement of the above-captioned bankruptcy cases. I have personal knowledge of the contracts and agreements by and between the Parties and their understandings related to the claims at issue herein.

3. As part of my job, I have access to, and I am familiar with, the various documents that are attached to this Declaration. To the best of my knowledge, these documents were received, generated, recorded, and/or compiled in the ordinary course of Panalpina's business practice, which provides that such documents be prepared at the time of, or near the time, that the information was received or the event or transactions actually took place, or represent compilations of information received contemporaneously with such events and/or transactions.

4. This declaration is filed in support of the *Panalpina's Response To Reorganized Debtors' Forty-Seventh Omnibus Claims Objection (Claim No. 18939)* (the "Response") filed in response to the *Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative*



*Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims* (the "Objection") filed by DPH Holdings and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors").

5.  I am informed and thereupon state that, on October 8 and 14, 2005 (collectively, the "Petition Date"), the Debtors (who are the predecessors of the Reorganized Debtors) filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, and that the above-referenced Court entered its order directing the above-referenced bankruptcy cases be jointly administered, for procedural purposes only.

6.  Subsequent to the Petition Date, Panalpina and the Debtors entered in various executory contracts (the "Post-Petition Contracts") pursuant to which Panalpina agreed to provide various services to Debtors, including but not limited to custom brokerage services, transportation services, and other logistics services (collectively, the "Services"), and the Debtors agreed to pay for such Services. Thereafter, Panalpina provided Services to the Debtors pursuant to the Post-Petition Contracts but the Debtors failed to pay the full amount due and owing on account of such Services.

7.  On July 15, 2009, Panalpina filed its Administrative Expense Claim (the "Panalpina Administrative Claim") against Delphi Automotive Systems LLC asserting that the aggregate amount of $9,664,668.94 remains due and owing pursuant to the Post-Petition Contracts. A true and accurate copy of the Administrative Expense Claim is attached hereto as "Exhibit "A" (including therewith (a) a list of the Post-Petition Contracts, attached thereto as Exhibit "A", and (b) a list of the outstanding invoices that remain due and owing, attached thereto as Exhibit "B") and this proof of claim is incorporated by reference as if fully set forth.

8. On April 16, 2010, the Reorganized Debtors filed the Objection, which seeks, in pertinent part, entry of an order (a) allowing the Panalpina Administrative Claim as a priority claim in the amount of $18,839.98 (a so-called "Modified Claim") and (b) providing that Panalpina would not be "entitled to recover for any Administrative Claim in an amount exceeding [$18,839.98] . . . ." *See* Objection at ¶24 and Exhibit "A" attached thereto at page 2. The Objection is brought on the grounds that allowance of this Modified Claim in the amount specified would be consistent with amounts shown as due and owing on the Reorganized Debtors' books and records. *Id*.

9. Since September, 2009 and continuing through May 10, 2010, I have worked on the reconciliation efforts with Dean Unrue of DPH Holdings Corp. ("DPH Holdings") to resolve various issues related the Panalpina Administrative Claim including, without limitation, reconciliation of the amounts the Debtors contend were paid after the Petition Date and the amounts that remain due and owing on account of the Post-Petition Contracts and the Services provided by Panalpina after the Petition Date. Panalpina has submitted a reconciliation (the "Panalpina Reconciliation") to DPH Holdings indicating that, as of May 10, 2010, not less than US$ 28,383.66 remains due and owing on account of the Panalpina Administrative Claim. A true and accurate copy of the Panalpina Reconciliation is attached hereto as Exhibit "B" and incorporated by reference herein as if fully set forth. On May 10, 2010, I was informed by Dean Unrue of DPH Holding that its reconciliation team would review the Panalpina Reconciliation and DPH Holding will advise Panalpina of its position with regard to this reconciliation on May 14, 2010, or as soon thereafter as feasible.

10. Based on my involvement in the above-described reconciliation process, I think that there is a reasonable probability that the Parties will resolve the Panalpina



Administrative Expense through their on-going discussions. Nonetheless, until the Parties' reconciliation is complete, Panalpina reserves all rights with regard to final resolution of all issues pertaining to the amount of the Panalpina Administrative Claim.

This Declaration was executed May 14, 2010 in  MÖRFELDEN/GERMANY.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Karl Heinz Reuter