UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :
    In re                          :     Chapter 11
                            :
DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                            :
          Reorganized Debtors. :     (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING CLAIM NUMBER 14370 FILED BY
<u>WILLIAM P. DOWNEY IDENTIFIED IN THE THIRD OMNIBUS CLAIMS OBJECTION</u>

("CLAIM OBJECTION ORDER REGARDING
WILLIAM P. DOWNEY'S EQUITY INTEREST")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c), dated October 31, 2006 (Docket No. 5452) (the "Third Omnibus Claims Objection" or the "Objection") with respect to proof of claim number 14370 of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the record of the January 22, 2007 sufficiency hearing held on the Objection to proof of claim number 14370; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        A.    William P. Downey (the "Claimant"), the holder of proof of claim number 14370, was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and notice of the deadline for responding to the Third Omnibus Claims Objection.

        B.    On November 22, 2006, the Claimant submitted a response to the Third Omnibus Claims Objection (Docket No. 5830).

        C.    On December 11, 2006, Delphi Corporation ("Delphi") and certain of its affiliated reorganized debtors in the above-captioned cases (together with Delphi, the " Debtors") filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Nos. 12129 And 14370 (Docket No. 6111) (the "Sufficiency Hearing Notice").

        D.    The Claimant was properly and timely served with a copy of the Debtors' Omnibus Supplemental Reply To Responses To Debtors' (I) Third Omnibus Objection Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) With Respect To Proof

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

Of Claim Numbers 3886, 7075, 9674, 11829, 12129, And 13411 (Docket No. 6382) (the "Supplemental Reply").

   E. On January 10, 2007, the Claimant filed the Response To Debtor's Omnibus Supplemental Reply To Responses to Debtor's Third Omnibus Objection (Docket No. 6544).

   F. This Court has jurisdiction over the Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Third Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   G. Proof of claim number 14370 should be disallowed and expunged in its entirety.  For the reasons stated at the January 12, 2007 sufficiency hearing, the Claimant has failed to sufficiently plead a <u>prima</u> <u>facie</u> claim; therefore, proof of claim number 14370 should be disallowed and expunged.

   H. The relief requested in the Third Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

 NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. Proof of claim number 14370 is hereby disallowed and expunged in its entirety.

   2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors.

        3.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection and determine all matters arising from the implementation of this order.

        4.      Each Claim and each objection by the Debtors to each Claim addressed in the Third Omnibus Claims Objection, and set forth herein, constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each such Claim.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

        5.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York  
       May 17, 2010

                                        /s/Robert D. Drain  
                                        UNITED STATES BANKRUPTCY JUDGE