```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
      In re                       :    Chapter 11
                                  :
DPH HOLDINGS CORP., et al.,       :    Case No. 05-44481 (RDD)
                                  :
              Reorganized Debtors.:    (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING ADMINISTRATIVE EXPENSE CLAIM
NUMBER 16925 FILED BY STANLEY D. SMITH

("CLAIMS OBJECTION ORDER REGARDING CLAIM
FILED BY STANLEY D. SMITH")

Upon the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Omnibus Claims Objection" or the "Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to administrative expense claim number 16925 filed by Stanley D. Smith (the "Claimant"); and upon Claimant's response to the Thirty-Seventh Omnibus Claims Objection (Docket No. 19006) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors'

Objections To Proof Of Claim Number 11375 Filed By Jeffrey A. Miller, Administrative Expense Claim Number 16925 Filed By Stanley D. Smith, Administrative Expense Claim Numbers 17081 And 18049 Filed By James A. Luecke, Administrative Expense Claim Number 18087 Filed By Frank X. Budelewski, Administrative Expense Claim Number 18604 Filed By Walter A. Kunka, Administrative Expense Claim Number 20017 Filed By Andrew C. Gregos, And Administrative Expense Claim Number 20054 Filed By Robyn R. Budd (Docket No. 19809) (the "Supplemental Reply"); and upon the record of the April 23, 2010 sufficiency hearing held on the Objection to administrative expense claim number 16925; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Stanley D. Smith, the holder of administrative expense claim number 16925, was properly and timely served with a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Seventh Omnibus Claims Objection, and notice of the deadline for responding to the Thirty-Seventh Omnibus Claims Objection.

    B.    The Claimant submitted the Response to the Thirty-Seventh Omnibus Claims Objection.

    C.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

      D.      On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) (the "Sufficiency Hearing Notice").

      E.      The Claimant was properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

      F.      This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      G.      For the reasons stated by this Court at the April 23, 2010 hearing, the Claimant has failed to sufficiently plead a <u>prima facie</u> claim; therefore, administrative expense claim number 16925 should be disallowed and expunged in its entirety.

      H.      The relief requested in the Thirty-Seventh Omnibus Claims Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.      Administrative expense claim number 16925 is hereby disallowed and expunged in its entirety.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Seventh Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

4. Each Claim and the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Seventh Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to the Claim addressed hereby. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered by the Thirty-Seventh Omnibus Claims Objection.

5. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       May 17, 2010

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE