UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :
    In re                          :      Chapter 11
                              :
DPH HOLDINGS CORP., et al.,     :      Case No. 05-44481 (RDD)
                              :
             Reorganized Debtors.  :      (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM NO. 11375
<u>FILED BY JEFFREY A. MILLER</u>


("CLAIMS OBJECTION ORDER REGARDING
JEFFREY A. MILLER CLAIM")

       Upon the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (Docket No. 18983) (the "Thirty-Sixth Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of claim number 11375 filed by Jeffrey A. Miller; and upon the undocketed response of Jeffrey A. Miller to the Thirty-Sixth Omnibus Claims Objection (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof Of Claim Number 11375 Filed By Jeffrey A. Miller,

Administrative Expense Claim Number 16925 Filed By Stanley D. Smith, Administrative Expense Claim Numbers 17081 And 18049 Filed By James A. Luecke, Administrative Expense Claim Number 18087 Filed By Frank X. Budelewski, Administrative Expense Claim Number 18604 Filed By Walter A. Kunka, Administrative Expense Claim Number 20017 Filed By Andrew C. Gregos, And Administrative Expense Claim Number 20054 Filed By Robyn R. Budd (Docket No. 19809) (the "Supplemental Reply"); and upon the Supplement To The Reorganized Debtors' Second Supplemental Reply To Response Of Jeffrey A. Miller To Debtors' Objections To Proof Of Claim Number 11375 Filed By Jeffrey A. Miller (Docket No. 19828) ("Supplement to the Supplemental Reply" and together with the Third Omnibus Claims Objection, the Response, and the Supplemental Reply, the "Pleadings"); and upon the record of the April 23, 2010 sufficiency hearing held on the Thirty-Sixth Omnibus Claims Objection to the proof of claim number 11375; and after due deliberation thereon; and good and sufficient cause appearing therefor,

   IT IS HEREBY FOUND AND DETERMINED THAT:[1]

   A. Jeffrey A. Miller, the holder of proof of claim number 11375, was properly and timely served with a copy of the Thirty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims  (Docket No. 6089) (the "Claims Objection Procedures Order"),

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

the proposed order with respect to the Thirty-Sixth Omnibus Claims Objection, and the notice of the deadline for responding to the Thirty-Sixth Omnibus Claims Objection.

   B. The Claimant submitted the Response to the Thirty-Sixth Omnibus Claims Objection.

   C. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

   D. On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

   E. The Claimant was properly served with the Sufficiency Hearing Notice, the Supplemental Reply, and the Supplement to the Supplemental Reply.

   F. On April 5, 2010, this Court entered its Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Proof Of Claim Number 11375 Filed By Jeffrey A. Miller (Docket No. 19779) disallowing and expunging proof of claim number 11375 to the extent it asserted an equity interest in the Debtors and adjourning the sufficiency hearing with respect to proof of claim number 11375 to the extent that it asserts liabilities relating to the Debtors' Key Employee Compensation Program.

G. This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

H. For the reasons stated by this Court at the April 23, 2010 hearing, Jeffrey A. Miller has failed to sufficiently plead an allowable prima facie claim; therefore, any remaining portion of proof of claim number 11375 should be disallowed and expunged in its entirety.

I. The relief requested in the Thirty-Sixth Omnibus Claims Objection, the Supplemental Reply, and the Supplement to the Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. To the extent not previously disallowed or expunged, proof of claim number 11375 is hereby disallowed and expunged in its entirety.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Sixth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4. Each Claim and the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Sixth Omnibus Claims Objection constitutes a separate contested matter

4

as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to the Claim addressed hereby.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered by the Thirty-Sixth Omnibus Claims Objection.

        5.    Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
      May 17, 2010

                        <u>/s/Robert D. Drain</u>
                        UNITED STATES BANKRUPTCY JUDGE