UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                             :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
        Reorganized Debtors.           :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM
NUMBER 12147 FILED BY PAMELA GELLER


("CLAIMS OBJECTION ORDER REGARDING
PAMELA GELLER CLAIM")

Upon the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") objected to proof of claim number 12147 filed by Pamela Geller (the "Claimant"); and upon Ms. Geller's response to the Twenty-First Omnibus Claims Objection (Docket No. 10712) (the "Geller Response"); and upon the Reorganized Debtors' Supplemental

Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 14019, 14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul Pasricha And Proof Of Claim Number 12147 Filed By Pamela Geller (Docket No. 19829) (the "Supplemental Reply" and together with the Twenty-First Omnibus Claims Objection, and the Geller Response, the "Pleadings"); and upon the record of the April 23, 2010 sufficiency hearing held on the Twenty-First Omnibus Claims Objection to the proof of claim number 12147; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Pamela Geller, the holder of proof of claim number 12147, was properly and timely served with a copy of the Twenty-First Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Twenty-First Omnibus Claims Objection, and the notice of the deadline for responding to the Twenty-First Omnibus Claims Objection.

    B.    The Claimant submitted the Response to the Twenty-First Omnibus Claims Objection.

    C.    On December 22, 2006, the Court entered its Order Under 11 U.S.C. § 105(a) And Fed. R. Bankr. P. 2016(a) Authorizing Advancement Of Defense Costs Under Debtors' Insurance Policies (Docket No. 6264) (the "Insurance Proceeds Defense Costs Order").

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

D.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

E.  On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 11892, 12147, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, and 19543 (Docket No. 19725) (the "Sufficiency Hearing Notice").

F.  The Claimant was properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

G.  This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

H.  For the reasons stated by this Court at the April 23, 2010 hearing, Claimant has failed to sufficiently plead a _prima facie_ claim; therefore, proof of claim number 12147 should be disallowed and expunged in its entirety, _provided_, _however_, that the expungement of proof of claim 12147 does not affect whatever rights that Claimant may have with respect to the Insurance Proceeds Defense Costs Order.

I.  The relief requested in the Twenty-First Omnibus Claims Objection and the Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proof of claim number 12147 is hereby disallowed and expunged in its entirety, <u>provided</u>, <u>however</u>, that the expungement of proof of claim 12147 does not affect whatever rights that Claimant may have with respect to the Insurance Proceeds Defense Costs Order.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Twenty-First Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4. Each Claim and each objection by the Debtors to each Claim addressed in the Twenty-First Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to the Claim addressed hereby. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered by the Twenty-First Omnibus Claims Objection.

5. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
      May 17, 2010

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

5