UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :

    In re                                       :        Chapter 11
                                                     :
DPH HOLDINGS CORP., <u>et al.</u>,        :        Case No. 05-44481 (RDD)
                                                     :
                 Reorganized Debtors. :        (Jointly Administered)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. §§ 510b) AND FED. R. BANKR.
P. 3007 SUBORDINATING PROOF OF CLAIM
NO. 11892 FILED BY RONALD E. JORGENSEN


("CLAIMS OBJECTION ORDER REGARDING
RONALD E JORGENSEN CLAIM")

      Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") objected to proof of claim number 11892 filed by Ronald E. Jorgensen (the "Claimant"); and upon Claimant's response to the Third Omnibus Claims Objection (Docket No. 5672) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Response Of A Certain Claimant To Debtors'

Objection To Proof Of Claim No. 11892 Filed By Ronald E. Jorgensen (Docket No. 19813) (the "Supplemental Reply"); and upon the Claimant's supplemental response (Docket No. 19923) (the "Supplemental Response" and together with the Third Omnibus Claims Objection, the Response, and the Supplemental Reply, the "Pleadings"); and upon the record of the April 23, 2010 sufficiency hearing held on the Third Omnibus Claims Objection to the proof of claim number 11892; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A. Ronald E. Jorgensen, the holder of proof of claim number 11892, was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and the notice of the deadline for responding to the Third Omnibus Claims Objection.

B. The Claimant submitted the Response to the Third Omnibus Claims Objection.

C. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

      D.      On March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 11892, 12147, 14019, 14020, 14022, 14024, 14025, 14026, 14370, And 19543 (Docket No. 19725) (the "Sufficiency Hearing Notice").

      E.      The Claimant was properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

      F.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      G.      For the reasons stated by this Court at the April 23, 2010 hearing, Ronald E. Jorgensen has failed to sufficiently plead a _prima facie_ claim entitled to a distribution under the Modified Plan.

      H.      The relief requested in the Third Omnibus Claims Objection and the Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

      1.      Proof of claim number 11892 is hereby not entitled to a distribution under the Modified Plan because it is premised upon a claim based upon the purchase or sale of stock in any of the Debtors and is subordinated under section 510(b) of the Bankruptcy Code and is

3

relegated to treatment of such claims under the Modified Plan pursuant to section 1141(d) of the Bankruptcy Code.

2. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

3. Each Claim and each objection by the Debtors to each Claim addressed in the Third Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to the Claim addressed hereby. Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered by the Third Omnibus Claims Objection.

4. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       May 17, 2010

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE