Marc Abrams
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000

*Counsel to Greywolf Capital Management LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**RESPONSE OF GREYWOLF CAPITAL MANAGEMENT LP TO REORGANIZED DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(B) AND FED. R. BANKR. P. 3007 TO (I) DISALLOW AND EXPUNGE (A) CERTAIN ADMINISTRATIVE EXPENSE BOOKS AND RECORDS CLAIMS, (B) A CERTAIN ADMINISTRATIVE EXPENSE DUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE EXPENSE DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS, AND (II) MODIFY CERTAIN ADMINISTRATIVE EXPENSE CLAIMS**

Greywolf Capital Management LP ("**Greywolf**"), by and through its undersigned counsel, hereby submits this Response (the "**Response**") to Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (the "**Objection**"), dated April 16, 2010 (Docket No. 19873), and in support thereof, respectfully represents as follows:

**RELEVANT BACKGROUND**

1. On October 8 and 14, 2005 (the "**Petition Dates**"), Delphi Corporation ("**Delphi**") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. Greywolf was a member of a collective of lenders (the "**Collective**") that were parties to the DIP Credit Agreement[1] with the Debtors.

3. On July 29, 2009, this Court approved the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "**Modified Plan**") and the transactions contemplated under the Master Disposition Agreement dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC[2] (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto.

4. On October 6, 2009 (the "**Effective Date**"), the Debtors substantially consummated the Modified Plan and closed the transactions under the Master Disposition Agreement. In connection with the consummation of the Modified Plan, Delphi emerged from

---

[1] The Amended and Restated Revolving Credit, Term Loan and Guaranty Agreement, dated as of May 9, 2008 with JPMorgan Chase Bank N.A., as Administrative Agent.

[2] DIP Holdco 3, LLC was an entity formed by the lenders under the DIP Credit Agreement.

5622706.3

chapter 11 as DPH Holdings Corp (collectively with its affiliates in the above-captioned cases, the "**Reorganized Debtors**").

5. The Reorganized Debtors remain responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.

6. On April 16, 2010, the Reorganized Debtors filed the Objection, which asserts that the Greywolf Claim (as defined herein) asserts liabilities that are not owing pursuant to the Reorganized Debtors' books and records.

## RESPONSE

7. On September 17, 2010, this Court approved the Third Amendment to Expense Letter from Delphi to SPCP Group, LLC (the "**Expense Letter**"), pursuant to which Delphi agreed to reimburse members of the Collective for certain out-of-pocket expenses. To date, Greywolf has not been reimbursed for certain expenses covered by the Expense Letter. A portion of the amounts due to Greywolf under the Expense Letter are included in Greywolf's timely filed proof of administrative expense claim number 19001 against Delphi, which asserts an administrative expense claim in the amount of $289,909.03 (the "**Greywolf Claim**") stemming from professional fees and expenses owed in connection with postpetition financing provided to the Debtors under the DIP Credit Agreement and related transactions.

8. The Greywolf Claim should not be disallowed, as there are amounts outstanding under such claim that remain liabilities of the Reorganized Debtors. Accordingly, the Reorganized Debtors are still liable to Greywolf for certain amounts under the Greywolf Claim.

5622706.3

## **CONCLUSION**

WHEREFORE, Greywolf respectfully requests that this Court overrule the Objection with respect to the Greywolf Claim.

Dated:  May 17, 2010
       New York, New York

                              Respectfully submitted,

                              WILLKIE FARR & GALLAGHER LLP

                              By: /s/ Marc Abrams
                                    Marc Abrams

                              787 Seventh Avenue
                              New York, NY 10019-6099
                              (212) 728-8000

                              *Counsel to Greywolf*