JEFFREY A. WURST                                Hearing Date: July 22, 2010
RUSKIN MOSCOU FALTISCHEK, P.C.                  Hearing Time: 10:00 a.m.
East Tower, 15th Floor                          Objection Deadline: June 7, 2010
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In re:                                          Chapter 11

DPH HOLDINGS CORP., et al.,                     Case No. 05-44481 (RDD)

                        Debtors.

------------------------------------------------------------------------X

DELPHI CORPORATION et al.,

                        Plaintiff,              Adv. Pro. 07-02597 (RDD)

        -against-

WELLS FARGO BUSINESS AND WELLS
FARGO MINNESOTA,

                        Defendants.

------------------------------------------------------------------------X


**MOTION BY WELLS FARGO BANK, N.A.[1]
FOR AN ORDER  PURSUANT TO FRBP 7012(b)(6)
DISMISSING COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

---

[1] Incorrectly named herein as Wells Fargo Business and Wells Fargo Minnesota

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .......................................................................ii, iii, iv, v

JOINDER IN PRIOR MOTION.............................................................................1

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS .....................................................................................3

STANDARD FOR MOTION TO DISMISS ...........................................................5

ARGUMENT.........................................................................................................7

CONCLUSION....................................................................................................17

## TABLE OF AUTHORITIES

**CASES**                                                                           **PAGE**


*Alexander v. Forest City Pierrepont Assoc.,*
1995 WL 406135, (E.D.N.Y. June 26, 1995) .................................................10, 13

*Astarita v. Urgo Butts & Co.,*
1997 WL 317028 (S.D.N.Y. June 10, 1997). .......................................................11

*2 Broadway L.L.C. v. Credit Suisse*
*First Boston Mortg. Capital L.L.C.,*
2001 WL 410074 (S.D.N.Y. April 23, 2001), ......................................................5, 6

*Bank of Cape Verde v. Bronson,*
167 F.R.D. 370 (S.D.N.Y. 1996). ......................................................................12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955 (2007)...................................................................5

*Board of Regents of the Univ. of the State of N.Y. v. Tomanio,*
446 U.S. 478 (1980)..............................................................................................14

*Brass v. American Film Techs., Inc.,*
987 F.2d 142 (2d Cir. 1993)...................................................................................6

*Conley v. Gibson,*
355 U.S. 41 (1957)..............................................................................................6, 7

*De Tie v. Orange County,*
152 F.3d 1109 (9th Cir. 1998) ..............................................................................11

*Eastern Refractories Co. v. Forty Eight Insulations, Inc.,*
187 F.R.D. 503 (S.D.N.Y. 1999) .........................................................9, 10, 13, 15

*Fuentes v. Shevin,*
407 U.S. 67 (1972)..................................................................................................7

*Frasca v. United States,*
921 F.2d 450 (2d Cir.1990)...................................................................................11

*Grannis v. Ordean,*
234 U.S. 385 (1914)..............................................................................................10

*In re Drexel Burnham Lambert Group, Inc.,*
151 B.R. 674 (Bankr. S.D.N.Y. 1993). ..................................................................7

*In re Food Management Group, LLC,*
359 B.R. 543 (Bankr. S.D.N.Y. 2007)....................................................9

*In re Gardenhire,*
220 B.R. 376 (9th Cir. 1998),
*rev'd on other grounds*, 209 F.3d 1145 (9th Cir. 2000) .........................14

*In re Luria Steel & Trading Corp. v.*
*Denbo Iron & Metal Co., Inc.,*
189 B.R. 418 (N.D. Ill. 1995). ..............................................................14

*In re XO Communications, Inc.,*
301 B.R. 782 (Bankr. S.D.N.Y. 2003),
*aff'd,* 2004 WL 2414815 S.D.N.Y. June 14, 2004) .................................8

*Johns v. Town of East Hampton,*
942 F. Supp. 99 (E.D.N.Y. 1996) ...........................................................6

*Laurence v. Wall,*
551 F.3d 92 (1st Cir. 2008) ...................................................................12

*LeMaster v. City of Winnemucca,*
113 F.R.D. 37 (D. Nev. 1986)................................................................12

*Martin v. Brown,*
63 F.3d 1252 (3d Cir. 1995)....................................................................7

*McCrae v. KLLM Inc.,*
89 Fed. Appx. 361 (3d Cir. 2004)..........................................................15

*McCuskey v. Central Trailer Servs., Ltd.,*
37 F.3d 1329 (8th Cir.1994) .................................................................14

*McKibben v. Credit Lyonnais,*
1999 WL 604883 (S.D.N.Y. Aug. 10, 1999)..........................................15

*Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany,*
2007 WL 2822214 (S.D.N.Y. Sept. 27, 2007)..........................................5

*Mullane v. Central Hanover Bank & Trust Co.,*
339 U.S. 306 (1950). ...............................................................................7

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun,*
1994 WL 463009 (S.D.N.Y. Aug. 25, 1994).........................................10

*Nolan v. Yonkers,*
168 F.R.D. 140 (S.D.N.Y. 1996) ........................................................................13

*Order of Railroad Telegraphers v.*
*Railway Express Agency,* 321 U.S. 342 (1944) .....................................15

*Rapoport v. Asia Elecs. Holding Co.,*
88 F. Supp.2d 179 (S.D.N.Y. 2000) ...................................................................5

*Scheuer v. Rhodes,*
416 U.S. 232 (1974)...............................................................................6, 7

*Spinale v. United States,*
2005 WL 659150 (S.D.N.Y. Mar. 16, 2005)
*aff'd,* 2007 W: 4115903 (S.D.N.Y. Nov. 19, 2007)..............................................10

*Tremper v. Air-Shields Inc.,*
2001 WL 1000686 (S.D. Ind. Aug. 27, 2001) ......................................................12

*United States v. Gordon,*
78 F.3d 781, 787 (2d Cir. 1996)......................................................................14

*U.S. v. Kubrick,* 444 U.S.111 (1979). ..................................................................14

*United States v. Richardson,*
889 F.2d 37 (3d Cir. 1989)...........................................................................14

*U.S. v. Tobins,*
483 F. Supp. 2d 68 (D. Mass. 2007) ................................................................11

*Velez v. City of New London,*
903 F. Supp. 286 (D. Conn. 1995)....................................................................7

*Villager Pond, Inc. v. Town of Darien,*
56 F.3d 375, 378 (2d Cir. 1995), *cert. den.,*
519 U.S. 808 (1996)...................................................................................6

*Webber v. Hammack,*
973 F. Supp. 116 (N.D.N.Y. 1997) ...................................................................12

## STATUTES

11 U.S.C. § 102(1)(A)....................................................................................2

11 U.S.C. § 105(a) .......................................................................................2

11 U.S.C. § 107...........................................................................................2

11 U.S.C. § 108(a)(2) ............................................................................2

11 U.S.C. § 541 ..............................................................................1, 2

11 U.S.C. § 544 ...........................................................................1, 2, 5

11 U.S.C. § 545 ..............................................................................1, 2

11 U.S.C. § 546(a) ....................................................................2, 8, 9, 14

11 U.S.C. § 547 ..............................................................................1, 2

11 U.S.C. § 548 ..............................................................................1, 2

11 U.S.C. §549 ..................................................................................1

11 U.S.C. § 550 .................................................................................1

11 U.S.C. § 553 .................................................................................2

Fed. R. Bankr. P. 7004 ...................................................................2, 9, 16

Fed. R. Bankr. P. 7004(a) ......................................................................2

Fed. R. Bankr. P. 7012 .........................................................................6

Fed. R. Bankr. P. 7012(b) ......................................................................1

Fed. R. Bankr. P. 7012(B)(6) ...................................................................1

Fed. R. Bankr. P. 9006 .........................................................................2

Fed. R. Bankr. P. 9006 (b)(1) ..................................................................2

Fed. R. Bankr. P. 9006 (c) .....................................................................2

Fed. R. Bankr. P. 9018(i) ......................................................................2

Fed. R. Bankr. P. 9024 .........................................................................1

Fed. R. Civ. P. 4(m) .................................................................... *passim*

Fed. R. Civ. P. 10(c) ...........................................................................6

Fed. R. Civ. P. 12(b) .........................................................................1, 6

Fed. R. Civ. P. 12(b)(6) ...................................................................5, 6, 9

Fed. R. Civ. P. 60...................................................................................................1

Wells Fargo Bank, N.A. (incorrectly named herein as Wells Fargo Business and Wells Fargo Minnesota, "Wells Fargo" or "Defendant"), by its attorney, Ruskin Moscou Faltischek, P.C., as and for its motion (the "Motion") for an order pursuant To F.R.B.P. 7012(B)(6) dismissing the Complaint To Avoid And Recover Transfers Pursuant To 11 U.S.C. §§ 547 And 550 (the "Complaint," a copy of which is annexed hereto as Exhibit "A") respectfully states as follows:

## JOINDER IN PRIOR MOTION

Wells Fargo joins, adopts and incorporates the Statement of Facts and Arguments presented in the *Motion of Wagner-Smith Company Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel* (the "Wagner Motion") filed in Case No. 05-44481 on February 5, 2010 (Docket no. 19401). In deference to the burdens placed upon this Court, Wells Fargo shall not restate the facts or arguments contained in the Wagner Motion but, instead, hereby incorporates by reference the eloquently articulated Statement of Facts and Arguments presented in the Wagner Motion and sets forth additional facts and arguments for the Court's consideration.

## PRELIMINARY STATEMENT

This is an action brought by Delphi Corporation (the "Debtors" or "Delphi"), to recover property alleged to be of the estate of DPH Holdings Corp in the possession of Wells Fargo. As

set forth more fully below and in the accompanying affidavit of Melody Stallings, a Senior Vice President and Division Manger of Wells Fargo, duly sworn to on May 13, 2010 (the "Stallings Affidavit"), Delphi fails to state a cause of action upon which relief may be granted. Accordingly, this Court should grant Wells Fargo's instant Motion for an Order dismissing the Complaint.

Wells Fargo was never served with any of: (1) the *Expedited Motion for Order Under 11 U.S.C. §§ 102(1)(A), 105(a) 107, 108(a)(2), and 546(a) and Fed. R. Bankr. 7004, 9006(c), and 9018(i) authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Cause of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553* (the "Preservation of Estate Claims Procedures Motion"); (2) the *Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (the "First Extension Motion"); (3) the *Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (the "Second Extension Motion"); or (4) the *Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (the "Third Extension Motion," the Preservation of Estate Claims Procedures Motion, the First Extension Motion, the Second Extension Motion and the Third Extension Motion collectively referred to as the "Tolling

Motions" and each of the orders resulting from the Tolling Motions, collectively referred to as the "Tolling Orders").

The Preservation of Estate Claims Procedures Order envisioned that the defendants in the actions to be covered would enter into stipulations in the form annexed to such order. A copy of the Preservation of Estate Claims Procedures Order (together with the form stipulation (the "Form Stipulation") annexed thereto) is annexed hereto as Exhibit "B".

Wells Fargo was never asked to enter into the Form Stipulation, nor did it ever agree or consent to any extension of time in which the Debtors could commence or serve Wells Fargo with the Complaint in this action. Accordingly, the Debtors never complied with the Tolling Orders and service requirements, thus, the Complaint must be dismissed.

Wells Fargo was served with the Complaint on March 25, 2010, nearly two and a half years after the applicable statute of limitations had expired on October 8, 2007. Moreover, Delphi secretly sought to extend the statute of limitations by denying Wells Fargo notice of the four separate motions which effectively extended the statute of limitations. In so doing, Delphi unjustifiably denied Wells Fargo of its due process rights existing under the Fifth Amendment of the United States Constitution. Accordingly, this denial of Wells Fargo's due process rights and the Debtors failure to establish good cause to extend the service requirements require this Court to grant Wells Fargo's Motion and dismiss the Complaint in its entirety.

## STATEMENT OF ADDITIONAL FACTS

Prior to the commencement of the Debtors' cases, Wells Fargo provided certain credit accommodations to and for the benefit of the Debtors by factoring accounts receivable arising from sales of goods to the Debtors by PTC Alliance Corp. and Manufacturer's Transport, Inc., factored clients of Wells Fargo.

On or about September 26, 2007, Plaintiff commenced the Adversary Proceeding by filing the Complaint under seal with the Clerk of the Court. On or about March 25, 2010 (the "Service Date"), Wells Fargo was served with the Summons and Complaint. (A copy of the Summons and Complaint is annexed hereto as Exhibit "A").

The Preservation of Estate Claims Procedures Motion was filed on August 6, 2008, however no notice of it was given to Wells Fargo. A copy of the Affidavit of Service dated August 10, 2007 and the Preservation of Estate Claims Procedures Motion is annexed hereto as Exhibit "C".

Exhibit "B" to the Preservation of Estate Claims Procedures Motion was the proposed Form Stipulation. By the terms of the Preservation of Estate Claims Procedures Motion, the Debtors sought court approval of the Form Stipulation "which would, without further order of this Court, **toll the applicable statute of limitations** on claims against parties **with whom the Debtors seek to enter into such stipulations**." The Debtors stated that approval of the Form Stipulation "would be the most efficient and cost-effective means of preventing unnecessary motion practice and litigation" and to avoid "the burdensome administrative expenses such as the time and cost of drafting" sought "authority to enter into stipulations tolling the statute of limitations with respect to the claims without seeking further Court approval." *See* Exhibit "C" at ¶¶ 17, 21, 22 (emphasis added).

Although Wells Fargo did not receive notice, on August 16, 2007, the Court entered the Preservation of Estate Claims Procedures Order. Exhibit "B".

Pursuant to paragraph 4 of the Preservation of Estate Claims Procedures Order, the Debtors were authorized to enter into the Form Stipulation. Wells Fargo, however, was never invited to enter into the Form Stipulation and, in fact, never did enter into the Form Stipulation.

Although filed on February 28, 2008, no notice of the First Extension Motion was given to Wells Fargo. A copy of the Affidavit of Service dated March 4, 2008 accompanying the First Extension Motion is annexed hereto and incorporated herein as Exhibit "D".

Although filed on April 10, 2008, no notice of the Second Extension Motion was given to Wells Fargo. A copy of the Affidavit of Service dated April 16, 2008 accompanying the Second Extension Motion is annexed hereto and incorporated herein as Exhibit "E".

Although filed on October 2, 2009, no notice of the Third Extension Motion was given to Wells Fargo. A copy of the Affidavit of Service dated October 7, 2009 accompanying the Third Extension Motion is annexed hereto and incorporated herein as Exhibit "F".

But for the effect, if any, of the Tolling Orders, the statute of limitations for commencing avoidance actions pursuant to Bankruptcy Code § 546 expired on or before October 14, 2007.

## STANDARD FOR MOTION TO DISMISS

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Although a court is generally required to accept the factual allegations in the complaint as true for purposes of deciding a motion to dismiss, "general, conclusory allegations need not be credited." *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, 2007 WL 2822214, at *7 (S.D.N.Y. Sept. 27, 2007). Similarly, where the allegations in the complaint are contradicted by documentary evidence, they are insufficient to defeat a motion to dismiss. 2 *Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.*, 2001 WL 410074, at *9 (S.D.N.Y. April 23, 2001), *citing Rapoport v. Asia Elecs. Holding Co., Inc.*, 88 F. Supp.2d 179, 182 (S.D.N.Y. 2000) (where "documents contradict Plaintiff's allegations . . . this Court must grant Defendants' motion to dismiss"). In ruling on a

12(b)(6) motion, a court may consider the complaint as well as any additional documents incorporated into or appended to the complaint. *2 Broadway L.L.C.*, 2001 WL 410074, at *5. "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), *citing* Fed. R. Civ. P. 10(c).

Here, although plaintiff does not attach the Tolling Orders to its Complaint, the plaintiff's right to prosecute the action is dependent upon the extension of the periods provided for in the Tolling Orders. Therefore, the Tolling Orders may be considered on this motion to dismiss. "It is well established that when a 'plaintiff fails to introduce a pertinent document as part of his pleading, [a] defendant may introduce that exhibit as part of his motion attacking the pleading." *Johns v. Town of East Hampton*, 942 F. Supp. 99, 104 (E.D.N.Y. 1996), *quoting* 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure*: Civil 2d § 1327, at 762-63 (2d Ed. 1990).

Fed. R. Civ. P. 12(b)(6), incorporated under Bankruptcy Rule 7012, provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal will not be granted under Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *accord Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. den.*, 519 U.S. 808 (1996).

A court may dismiss a complaint at this stage only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974). The issue at this juncture is not whether the Plaintiff will prevail, but whether they should have the opportunity to prove their claim. *See Conley v. Gibson,* 355 U.S. 41, 45 (1957).

Finally, "[a]lthough the statute of limitations defense is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Velez v. City of New London,* 903 F. Supp. 286, 289 (D. Conn. 1995).

## ARGUMENT

### A. Failure to Provide Notice of Motions Affecting Wells Fargo's Pecuniary Interests is a Clear Violation of the Due Process Clause of the Fifth Amendment

The Fifth Amendment of the United States Constitution provides, in part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." *U.S. Const.Amend. V.* The fundamental requirements of due process are notice and an opportunity to respond. *Grannis v. Ordean,* 234 U.S. 385, 394 (1914); *Martin v. Brown,* 63 F.3d 1252, 1262 (3d Cir. 1995). In *Mullane v. Central Hanover Bank & Trust Co.* the Supreme Court stated that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . ." 339 U.S. 306, 314 (1950).

Procedural due process requires notice and a meaningful opportunity to be heard. *Fuentes v. Shevin,* 407 U.S. 67, 80 (1972). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. at 314. It must reasonably convey all required information and permit a reasonable amount of time for response. *Id.*

Proceedings within the ambit of the Bankruptcy Code are no less susceptible to the requirements of due process than in any other realm. Due process rights of creditors arise out of the Fifth Amendment of the United States Constitution. *In re XO Communications, Inc.,* 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003), *aff'd,* 2004 WL 2414815 (S.D.N.Y. June 14, 2004) (*citing In re Drexel Burnham Lambert Group, Inc.,* 151 B.R. 674, 679 (Bankr. S.D.N.Y. 1993).

Wells Fargo was not provided with notice of any of the Tolling Motions nor notice of the entry of any of the Tolling Orders. None of the Tolling Motions identified Wells Fargo as a potential defendant. To the contrary, the Debtors intentionally deprived Wells Fargo of notice of the Adversary Proceeding to "avoid unnecessarily alarming potential defendants" and "having to force all potential defendants to retain counsel to defend against adversary proceedings when, in fact, most of them likely will be resolved by a reorganization plan and never pursued." Exhibit "C" ¶ 33. While novel, such justification clearly does not outweigh the fundamental tenet of American jurisprudence that each and every defendant is entitled to due process under the law. By its actions, the Debtors improperly denied Wells Fargo of its due process rights under the Fifth Amendment. Such actions are undoubtedly improper and cannot be justified under the Bankruptcy Code.

Moreover, this deprivation of due process not only effectively inappropriately extended the statute of limitations under 11 U.S.C. § 546(a), but it also prevented Wells Fargo from having notice that it was a party to a lawsuit, and therefore denied Wells Fargo the ability to oppose the Preservation of Estate Claims Procedures Order or the Tolling Motions. Wells Fargo was denied a meaningful opportunity to object to any of these motions because the Debtors knowingly and intentionally deprived Wells Fargo of any means by which to know that it was a proposed defendant in an adversary proceedings to be filed under the seal. Exhibit "B" ¶¶ 4, 7.

These motions were unopposed not because Wells Fargo agreed with the terms provided for in the orders, but rather because the motions were brought in a *sub rosa* manner. Such actions are clearly at odds with the "public interest in openness of court proceedings" (*In re Food Management Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007)) and the Debtors' failure to provide notice to Wells Fargo was an express violation of the Fifth Amendment.

Accordingly, a review of the Complaint in its most favorable light, can only lead to the conclusion that it fails to meet the standard required to state a claim under Rule 12(b)(6) of the Fed. R. Civ. P. Plaintiff failed to enter into a Form Stipulation with Wells Fargo and the Debtors' failure to provide proper notice denied Wells Fargo its due process rights under the Fifth Amendment. The relief sought in the Complaint fails to allege a timely cause of action as it is time barred by the statute of limitations imposed by § 546(a) and therefore, should be dismissed in its entirety.

## B. Plaintiff Failed to Demonstrate Cause to Extend the Time For Service of the Complaint

In addition to the Debtors' due process violations, which alone justify dismissal of the Complaint, there exists further grounds which require dismissal of the Complaint: (i) cause simply did not exist for the repeated extension requests made by the Debtors; and (ii) this Court could not possibly have intended to provide the Debtors with four separate extensions of the service period without notice to the affected creditors. The Debtors failed to provide adequate justification for extending the service period and Wells Fargo submits that the Debtors have abused their position with this Court.

Pursuant to Fed. R. Civ. P. 4(m), made applicable by Fed. R. Bankr. P. 7004, courts can only extend a plaintiff's time for service upon: (i) a showing of "good cause;" or (ii) where the court finds that a discretionary extension of service is appropriate. *Eastern Refractories Co., Inc.*

*v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505-06 (S.D.N.Y. 1999). Under either test, it is the Debtor's burden to establish entitlement to an extension. And, where, as here, the delay in service is substantial,[2] this burden is a heavy one to overcome. *Spinale v. United States*, 2005 WL 659150, at \*3 ,\*4 (S.D.N.Y. Mar. 16, 2005), *aff'd,* 2007 WL 4115903 (S.D.N.Y. Nov. 19, 2007).

Federal courts have generally held that when a plaintiff has failed to complete service within 120 days and has not shown good cause for such failure, the court should dismiss the action rather than grant an extension of time to complete service. *National Union Fire Ins. Co. of Pittsburg, Pa. v. Sun,* 1994 WL 463009, at \*3 (S.D.N.Y. Aug. 25, 1994). "[T]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *Id.* at \*4. Further, "creating exceptions to procedural rules will not enhance the ability of the courts to dispense justice, but rather will have the reverse effect." *Alexander v. Forest City Pierrepont Assoc.,* No. 1995 WL 406135, at \*3 (E.D.N.Y. June 26, 1995).

Under the first test, "good cause" exists only in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Eastern Refractories*, 187 F.R.D. at 505. That is not the case here. The Debtors could have easily served the Complaint at any time; but instead, the Debtors made the conscious decision to seal the complaints and made no effort to serve them. In fact, Paragraph 7 of the Preservation of Estate Claims Order expressly grants the Debtors the right "in their sole discretion" to "mak[e] a copy of a complaint or amended complaint available to [defendants]"

---

[2] Wells Fargo was served with the Complaint in this Action nearly two and a half years after the running of the statute of limitations.

yet the Debtors never provided Wells Fargo with a copy of the Complaint until the Service Date.

Where a plaintiff fails to demonstrate good cause, "dismissal is proper even if it occurs after the

expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's

claim." *Frasca v. United States,* 921 F.2d 450 (2d Cir. 1990); *see also Astarita v. Urgo Butts &*

*Co.,* 1997 WL 317028, *4-5 (S.D.N.Y. June 10, 1997).

Further, good cause cannot exist where, as here, the Debtors' failure to serve the

Complaint was part of an admitted strategy to obtain a tactical advantage over the defendants

when renegotiating the parties' ongoing and/or future business relationships. In the Preservation

of Estate Claims Motion, the Debtors described this as fulfilling their fiduciary responsibility "to

preserve valuable estate assets **in a manner that would not unnecessarily disrupt** the plan

process or **the Debtors' existing business relationships with potential defendants.**" Exhibit

"C" ¶ 18 (emphasis added). In addition, the Debtors attempted to justify this failure of service to

"avoid unnecessarily alarming potential defendants" and having to force all potential defendants

to retain counsel to defend against adversary proceedings when, in fact, most of them likely will

be resolved by a reorganization plan and never pursued." Exhibit "C" ¶¶ 34, 37. Wells Fargo

has been unable to locate any caselaw that permits a party to extend the 120-day service period

for the reason of furthering business with its clients.

Typically courts have found good cause, which allows an extension of the 120-day

service period when: (1) defendants have tried to evade service, *U.S. v. Tobins,* 483 F. Supp.2d

68, 71 (D. Mass. 2007); (2) the defendant was in bankruptcy and protected by the automatic stay,

*De Tie v. Orange County,* 152 F.3d 1109, 1112, (9th Cir. 1998); (3) despite good faith attempts

to serve, an emergency at plaintiff's counsel's office impeded service, *In re Ferguson,* 204 B.R.

202, 210, (Bankr. N.D. Ill. 1997); (4) the district court or United States Marshals Service failed

to meet its obligation to help effectuate service for a party proceeding in forma pauperis, *Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008); or (5) plaintiff's counsel became seriously ill or injured, *LeMaster v. City of Winnemucca*, 113 F.R.D. 37, 38-39 (D. Nev. 1986) (collecting cases). None of these situations exist here.

Where there exists a long delay in service, it may transform what once may have been good cause for an extension into an unacceptable excuse for either a mandatory or discretionary extension of time to serve. *Tremper v. Air-Shields Inc.*, 2001 WL 1000686 at *3 (S.D. Ind. Aug. 27, 2001), (denying extension partly because of year-long delay between filing of complaint and service); *Webber v. Hammack*, 973 F. Supp. 116, 120 (N.D.N.Y. 1997) (court granted dismissal where plaintiff was represented by counsel and there was a seven-year delay after return of unexecuted service). Wells Fargo submits that a delay of two and a half years beyond the running of statute of limitations is unacceptable.

In support of their Tolling Motions, the Debtors claimed that good cause existed because: (i) future events would have likely "obviated the need to serve the [] complaint;" and (ii) it had requested the extension before the deadline expired, citing *Bank of Cape Verde v. Bronson*, 167 F.R.D. 370 (S.D.N.Y. 1996). *Bank of Cape Verde* is, however, inapplicable. In *Bank of Cape Verde*, the third-party plaintiff was pursuing good faith settlement negotiations with the plaintiff and the third-party defendants knew of the plaintiff's complaint (the plaintiff having already served all or most of the parties to the action prior to the expiration of the 120-day deadline). This is a far cry from the situation here, where Wells Fargo was not, and could not have been in settlement negotiations with the Debtors because it did not know it had been sued (and, thus, could not take action to preserve evidence or protect itself).

Notwithstanding the lack of good cause, a court may still conclude that a discretionary extension is appropriate. Four factors are to be considered in this regard: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision. *Eastern Refractories*, 187 F.R.D. at 506.

Here, Wells Fargo was not provided with any notice of the claims asserted in the Complaint (factor 2) and, of course, never attempted to conceal that it had not been served (factor 3). Moreover, there can be no doubt that Wells Fargo has been prejudiced by the multiple extensions (factor 4). The alleged preferential payments occurred over four and a half years ago and the statute of limitations expired two and a half years ago. During this time, because it had no notice (which the Debtors unquestionably withheld), Wells Fargo took no special steps to preserve its records or to make arrangements to assure that it retained access to those individuals who could provide litigation information, necessitating obtaining pertinent documents from Delphi instead of its own records. Wells Fargo's ability to defend itself has been substantially impaired. Moreover, Wells Fargo has been severely prejudiced in its expenditure of time and money to litigate a stale lawsuit and would be further prejudiced if the court were to ignore a fundamental procedural default. *See Alexander v. Forest City Pierrepont Associates*, 1995 WL 406135, at *2 (E.D.N.Y. June 26, 1995) ("Creating exceptions to procedural rules will not enhance the ability of the courts to dispense justice, but rather will have the reverse effect."); *Nolan v. Yonkers*, 168 F.R.D. 140, 144 (S.D.N.Y. 1996).

The deadline for commencing an adversary proceeding against Wells Fargo on account of an allegedly avoidable preference expired on October 8, 2007. The Plaintiff filed the Complaint

under seal on September 26, 2007, but did not serve Wells Fargo with such Complaint until March 25, 2010, over two and a half years after the statute of limitations contained in Section 546(a) expired. Indeed, by keeping this action a secret for over two and a half years **after** the statute of limitations expired, the Debtors intentionally choose a course of action that would ensure that the evils the statute of limitations were designed to prevent would actually occur.

The very purpose of a statute of limitation is to prevent overly stale claims and to provide defendants with certainty that after a set period of time, they will not be have to come to court to defend time-barred claims. *McCuskey v. Central Trailer Servs., Ltd.*, 37 F.3d 1329, 1332 (8th Cir. 1994); *In re Luria Steel and Trading Corp. v. Denbro Iron & Metal Co., Inc.*, 189 B.R. 418, 424 (N.D. Ill. 1995). A statute of limitations ensures that at some ascertainable point, there will be an end to litigation. *See United States v. Gordon*, 78 F.3d 781, 787 (2d Cir. 1996). This is done to afford an accused party a fair opportunity to find and retain evidence necessary to defend itself. *See In re Gardenhire*, 220 B.R. 376 (9th Cir. 1998), *rev'd on other grounds*, 209 F.3d 1145 (9th Cir. 2000) (recognizing that the essential purpose of a statute of limitations is to "minimize deterioration of evidence"). Here, Wells Fargo's ability to defend itself has been substantially impaired as it will be forced to locate evidence concerning transactions that occurred not just two and a half years after the statute of limitations expired in 2007, but over four and a half years passed since the actual transactions complained of occurred.

The United States Supreme Court has recognized that statutes of limitations are not "simply technicalities," but rather, "fundamental to a well-ordered judicial system." *United States v. Richardson*, 889 F.2d 37, 40 (3d Cir. 1989) (*citing Board of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980)). Simply stated, the purposes of the statute of limitations will be eviscerated if cause is found to have existed to extend the Debtor's time to

serve the Complaint. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980); *U.S. v. Kubrick*, 444 U.S. 111, 117 (1979).

While it is clear that dismissal of all or some of the Complaint will result in the Debtors' claims being barred by the statute of limitations (factor 1), this fact, standing alone, does not warrant the granting of an extension. Courts have repeatedly recognized that "[t]he fact that plaintiff's claims may be time-barred does not require us to exercise our discretion in favor of plaintiff." *Eastern Refractories*, 187 F.R.D. at 506; *McKibben v. Credit Lyonnais*, 1999 WL 604883, at *4 (S.D.N.Y. Aug. 10, 1999) (denial of an extension "is still proper if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claims"). As the Supreme Court explained: "[E]ven if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and the right to be free from stale claims in time comes to prevail over the right to prosecute them." *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349 (1944). Federal courts of appeals have, in fact, concluded that trial courts may revoke a previously granted Rule 4(m) extension if the court later determines that the extension was inappropriate (particularly where, as here, the defendant was not given notice or an opportunity to be heard in the first instance):

> [Rule 4(m)] does not address the authority of a district court that has granted [] an extension to revoke it if it subsequently determines that good cause had not been shown. We discern no reason why a district court should not be able to do so, especially were (as here) the party to be served was initially not given notice of the motions to extend or given a formal opportunity to respond to them. . . . If a district court concludes that good cause had not been shown, it is within its discretion to vacate its prior extension of time for effecting service that was based upon that erroneous foundation.

*McCrae v. KLLM Inc.*, 89 Fed. Appx. 361, 363 (3d Cir. 2004).

The Debtors, nevertheless, made a conscious decision to seek an indefinite extension of the time to serve the complaints and to keep the complaints a secret (in order to continue to obtain a tactical advantage in their negotiations with various defendants). The Debtors must now live with the consequences of their actions. The Debtors' decision to conceal the avoidance actions in order to secure a better negotiating position was not good cause to allow the Debtors (at the expense of Wells Fargo) to avoid service of the Complaint and indefinitely extend the statute of limitations.

Although this Court granted the Tolling Orders, Wells Fargo submits that it could not have been the intent of this Court to provide an extension of the service date without the Debtors entering into the Form Stipulations with the defendants. The Debtors expressly sought the Court's permission to enter into Form Stipulations, and even titled the Preservation of Estate Claims Motion, as an expedited motion "Authorizing Debtors to Enter Into Stipulations Tolling Statute of Limitations With Respect to Certain Claims". On its face this is what the motion **appeared** to authorize, and we submit that this Court was duped into believing that the Debtors would actually seek to enter into the Form Stipulation with the defendants, when in fact, the Debtors never did. It appears that the Debtors intentionally mislead this Court into granting the Preservation of Estate Claims Order.

This case is perhaps a textbook example of why the Federal Rules of Bankruptcy Procedure exist, why parties must diligently attempt to follow them, and why the courts must enforce them. The rules clearly require the Debtors to serve Wells Fargo within 120 days of the filing of the complaint. F.R.B.P. 7004. This requirement is not onerous, burdensome or unreasonable, and the procedure for accomplishing this requirement is specifically outlined in F.R.B.P. 7004. The Debtors were simply required to mail or deliver a copy of the Summons and

Complaint to Wells Fargo. Instead, the Debtors determined to ignore the Rules and without notice to Wells Fargo, adopted their own procedures established in the Tolling Motions for effecting service; a procedure not recognized by the Rules or any other statute or regulation.

As a result, Wells Fargo was not: (1) timely served in accordance with the rules, (2) was not given notice that it had been sued, and (3) was denied a meaningful opportunity to hear and object to the Tolling Motions and Tolling Orders. Accordingly, Wells Fargo's Motion to Dismiss the Complaint should be granted in its entirety.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in the Wagner Motion as well as those set forth

above, the Complaint as against Wells Fargo must be dismissed, together with the costs and

disbursement of this action and such other and further relief as the Court deems just and

appropriate.

Dated: Uniondale, New York
      May 14, 2010

<div style="margin-left: 50%;">

Respectfully submitted,

RUSKIN MOSCOU FALTISCHEK, P.C.
Attorneys for Wells Fargo


By:    */s/ Jeffrey A. Wurst*
        Jeffrey A. Wurst
        *Attorneys for Wells Fargo*
        East Tower, 15th Floor
        1425 RXR Plaza
        Uniondale, New York 11556-1425
        (516) 663-6600

</div>