UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>DPH HOLDINGS CORP., et al.,<br><br>Debtors.<br>-----------------------------------------------------------------X<br><br>DELPHI CORPORATION et al.,<br><br>Plaintiff,<br><br>-against-<br><br>WELLS FARGO BUSINESS AND WELLS FARGO MINNESOTA,<br><br>Defendants.<br>-----------------------------------------------------------------X | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br><br><br>**AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS**<br><br><br>Adv. Pro. 07-02597 (RDD) |

STATE OF COLORADO    )
                                        ss.:
COUNTY OF DENVER   )

Melody Stallings, being duly sworn, deposes and says:

1. I am a Senior Vice President and Division Manager of Wells Fargo Bank, N.A. ("Wells Fargo," incorrectly named herein as Wells Fargo Business and Wells Fargo Minnesota), and am fully familiar with the facts set forth and circumstances described herein, based upon my supervision of this matter on behalf of Wells Fargo.

2. I submit this affidavit in support of Defendants' instant motion (the "Motion") for an order pursuant to Rule 7012 of the Federal Bankruptcy Rules and Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint").

## PROCEDURAL BACKGROUND

3. On October 8, 2005 (the "Petition Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors" or "Plaintiff") filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy

4. On or about March 25, 2010 (the "Service Date"), Wells Fargo was served with the Summons and Complaint. A copy of the Summons and Complaint is annexed to the Motion as Exhibit "A".

## FACTUAL BACKGROUND

5. I am advised that prior to the time when Wells Fargo was served with the Summons and Complaint in this action, the Debtor brought on a number of motions for orders purporting to extend the time periods in which it would be required to serve the Summons and Complaint upon Wells Fargo. I never received service of any of these motions.

6. After due inquiry at Well Fargo, I have confirmed that Wells Fargo was never served with any of: (1) the *Expedited Motion for Order Under 11 U.S.C. §§ 102(1)(A), 105(a) 107, 108(a)(2), and 546(a) and Fed. R. Bankr. 7004, 9006(c), and 9018(i) authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Cause of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553* (the "Preservation of Estate Claims Procedures Motion"); (2) the *Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in*

2

*Connection with Preservation of Estate Claims Procedures Order* (the "First Extension Motion"); (3) the *Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (the "Second Extension Motion"); or (4) the *Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (the "Third Extension Motion," the Preservation of Estate Claims Procedures Motion, the First Extension Motion, the Second Extension Motion and the Third Extension Motion collectively referred to as the "Tolling Motions").

7. I am advised by my attorney that he has reviewed the affidavits of service filed for each of the Tolling Motions and, based upon such affidavits of service, it does not appear that service of any of the Tolling Motions was attempted upon Wells Fargo.

8. Thus, Wells Fargo was never provided with notice of any of the Tolling Motions affecting its rights and liabilities.

9. In addition, I am advised that the order resulting from the Preservation of Estate Claims Procedures Motion (the "Preservation of Estate Claims Procedures Order") envisioned that the defendants in the actions covered by such order would enter into stipulations in the form annexed to the Preservation of Estate Claims Procedures Order. A copy of the Preservation of Estate Claims Procedures Order (together with the form stipulation (the "Form Stipulation") annexed thereto) is annexed to the Motion as Exhibit "B".

10. Wells Fargo was never asked to enter into the Form Stipulation, nor did it ever agree or consent to any extension of time in which the Debtor could commence or serve Wells Fargo with this action.

11. Based upon the reasons set forth above and as more fully discussed in Wells Fargo's Motion to Dismiss, this Adversary Proceeding must be dismissed.

**WHEREFORE**, Wells Fargo respectfully requests that Defendant's instant motion for an order dismissing this action be granted and the Defendant be awarded such other and further relief as is just proper and equitable, together with costs and disbursements.

_____
MELODY STALLINGS

Sworn to before me this
13th day of May, 2010.

_____
Notary Public

