# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: DPH Holdings Corp., et al.                                    Bankruptcy Case No.: 05-44481-rdd

Delphi Corporation, et al.

                                                  Plaintiff(s),

–against–                                                                                    Adversary Proceeding No. 07-02597-rdd

Wells Fargo Business
Wells Fargo Minnesota

                                                 Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: |
|---|
| Clerk of the Court<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| Togut Segal & Segal LLP<br>One Penn Plaza<br>Suite 3335<br>New York, NY 10119 |

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 | Room: Courtroom 118, White Plains Office,<br>300 Quarropas Street, White Plains, NY<br>10601<br><br>Date and Time: 6/30/10 at 10:00 AM |
|---|---|

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 3/25/10

                                                            Vito Genna

                                                            *Clerk of the Court*

                                                            By: /s/   Tiffany Campbell

                                                            *Deputy Clerk*

# BUTZEL LONG
ATTORNEYS AND COUNSELORS

*a professional corporation*

Eric B. Fisher
212 374 5359
fishere@butzel.com

22nd Floor  380 Madison Avenue
New York, New York 10017
T: 212 818 1110  F: 212 818 0494
butzel.com

April 6, 2010

### FEDERAL RULE OF EVIDENCE 408 SETTLEMENT COMMUNICATION

Wells Fargo Business Credit Inc
PO Box 5606
Denver, CO 80217-5605

Wells Fargo Business Credit Inc.
Dept 1494
Denver, CO 80291-1494

Re:   Delphi Corporation, et al, v. Wells Fargo Business, et al
      Case No. 07-02597

Dear Wells Fargo Business:

We represent DPH Holdings Corp. and certain of its affiliated reorganized debtors (collectively, the "Reorganized Debtors"), formerly known as Delphi Corporation and its affiliates (collectively, the "Debtors"), in connection with the above-referenced adversary proceeding, seeking recovery of amounts paid by the Debtors during the ninety-day preference period preceding their Chapter 11 filing[1]. Please read the information below carefully. As explained below, we are interested in the expeditious resolution of this matter.

### Procedural History

On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed for relief under chapter 11 of the Bankruptcy Code. On or about September 26, 2007, the Debtors commenced this action against you by filing the enclosed Complaint under seal with the Bankruptcy Court, in accordance with procedures approved by the Court in an August 16, 2007 order, a copy of which is enclosed. On October 6, 2009, the Debtors substantially consummated their plan of reorganization, at which point the Reorganized Debtors were vested with authority to prosecute the claims asserted against you in this action. At the request of the Reorganized Debtors, the Bankruptcy Court has now issued the enclosed Summons in this action, and your court-ordered time to answer, move or otherwise respond to the Complaint is as specified in the Summons. In addition, you are required to appear in Court on the initial pretrial conference date specified in the Summons.

---

[1] Please note that the law firm of Togut Segal and Segal, LLP, identified as Plaintiff's counsel on the face of the summons, is no longer counsel of record. Butzel Long has replaced the Togut firm in this action and all correspondence and inquiries should be made to Butzel Long.

Ann Arbor   Bloomfield Hills   Boca Raton   Detroit   Lansing   New York   Palm Beach   Washington D.C.
Alliance Offices   Beijing   Shanghai   Mexico City   Monterrey   Member Lex Mundi   www.butzel.com

April 6, 2010

<u>Response Required to this Letter</u>

1.     <u>Payment of Settlement Amount.</u> According to the Reorganized Debtors' records, and as set forth in the enclosed Complaint, payments totaling $2,741,531.56 (the "<u>Preference Amount</u>") were made to you during the ninety-day preference period. These payments appear to be preferences recoverable by the Reorganized Debtors. To resolve this action expeditiously and avoid the costs of litigation, the Reorganized Debtors are currently willing to compromise this action and accept a settlement payment equivalent to a 7.5% reduction of the Preference Amount up to a maximum discount of $50,000 (the "<u>Settlement Amount</u>"), provided that a check for the Settlement Amount is sent so as to be received within 20 calendar days from the date of this letter. Please make your check for the Settlement Amount payable to "Butzel Long, as attorneys for DPH Holdings Corp.," and send it to Cynthia Haffey, Esq., Butzel Long, 150 West Jefferson, Suite 100, Detroit, MI 48226. Ms. Haffey can be reached at 313-983-7434. We will agree to discontinue this action with prejudice and without costs upon receipt and clearance of your payment.

2.     <u>Answer to Complaint.</u> If you do not wish to settle this matter on the terms discussed above, then you must answer, move or otherwise respond to the Complaint in accordance with the deadline that appears on the enclosed Summons. Except under the terms set forth above, we are not willing to consent to any extensions of this deadline for service of a responsive pleading.

Thank you in advance for your prompt attention to this matter.

Very truly yours,

*Eric B. Fisher*

Eric B. Fisher
Cynthia J. Haffey

BUTZEL LONG

page 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
         In re                            :   Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :   Case No. 05-44481 (RDD)
                                          :
                      Debtors.            :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2),
AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c), AND 9018
(i) AUTHORIZING DEBTORS TO ENTER INTO STIPULATIONS
TOLLING STATUTE OF LIMITATIONS WITH RESPECT TO CERTAIN
CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY CAUSES OF
ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING THOSE
COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553

("PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER")

Upon the motion, dated August 6, 2007 (the "Motion"), of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Federal Rule of Bankruptcy Procedure 7004, 7016(b), 9006, and 9018 (i) authorizing the Debtors to enter into stipulations tolling the statute of limitations with respect to certain claims, (ii) authorizing procedures to identify causes of action that should be preserved, and

(iii) establishing procedures for certain Adversary Proceedings[1] commenced by the Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553; and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.

2. The filing and service procedures set forth under the Bankruptcy Rules, the Local Rules, and any orders of this Court in these chapter 11 cases are modified or waived, as the case may be, as provided herein with respect to the Adversary Proceedings.

3. <u>Scope Of The Procedures</u>. The procedures established by this Order apply to each Adversary Proceeding that the Debtors identify to the Clerk of the Court as being subject to these procedures.

4. <u>Approval Of Tolling Agreements</u>. The Debtors are hereby authorized to enter into stipulations, substantially in the form attached hereto as <u>Exhibit 1</u>, tolling the statute of limitations with respect to claims described in the Motion for the tolling period described in the Motion. Each Debtor is deemed to have entered into such a

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

stipulation with other Debtors and affiliated non-Debtor entities either controlled by the Debtors or that had actual notice of this Motion.

    5. <u>Procedures To Identify Causes Of Action And Abandonment Authority</u>. The procedures set forth in the Motion to identify causes of action that should be preserved are approved. The Debtors are authorized, without the need for any further order or any further notice under Bankruptcy Rule 6007(a), to abandon those causes of action or categories of causes of action that the Debtors propose in the Motion to abandon. Subject to the procedures set forth in the Motion, the Debtors are further authorized to abandon without further notice causes of action falling within the additional categories of causes of action identified in the Motion and which they determine should not be pursued, without the need for any further order or any further notice under Bankruptcy Rule 6007(a) with the exception of the notice and opportunity for a hearing provided in the next sentence. The Debtors may abandon such additional causes of action after giving 10 days' notice thereof to the Statutory Committees; if a Statutory Committee objects within 10 days after service of the notice, the Debtors may bring the matter before this Court for a ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy Code. Notwithstanding any such abandonment, the Debtors fully reserve and preserve all of their rights under section 502(d) of the Bankruptcy Code.

    6. <u>Scope Of Fraudulent Transfer Review</u>. For purposes of identifying and preserving potential fraudulent transfer claims, the Debtors need only review the following categories of transactions: merger and acquisition deals at or exceeding $20 million, transfers to Delphi's board of directors or strategy board members other than

for compensation or ordinary-course expense reimbursement (if any), unusual securities transactions (if any), dividend distributions to 5% shareholders, and Delphi's "financially troubled supplier" program.

       7.      <u>Filing Of Complaints Under Seal</u>. The Clerk of Court is directed to accept for filing, under seal, paper copies of the complaint in each Adversary Proceeding that the Debtors inform the Clerk is subject to these procedures. The Debtors may also file under seal any amended complaint in the Adversary Proceeding for so long as the Adversary Proceeding remains stayed in accordance with paragraph 9 below. Absent further order of the Court or termination of the stay in accordance with paragraph 9 below, the case docket for any such Adversary Proceeding shall not disclose the identity of any defendant in the Adversary Proceeding and shall not disclose the complaint or any amended complaint in the Adversary Proceeding. The Debtors shall coordinate with the Clerk of Court to accomplish an efficient and cost-effective filing of the complaints and amended complaints contemplated by this order. The Debtors shall submit to the Clerk, under seal, appropriate electronic media containing PDF copies of the complaints and amended complaints. This order shall not preclude the Debtors, in their sole discretion, from making a copy of a complaint or amended complaint available to parties; <u>provided</u> that the Debtors maintain an internal record that they, and not the Clerk, made the complaint or amended complaint available. The Debtors and GM shall have leave to file, under seal, a stipulation acceptable to the Statutory Committees that contains tolling provisions, consistent with this order, and other agreements of the parties with respect to the sealed complaint involving GM, which stipulation shall be deemed "so ordered" and

shall be sealed in accordance with the terms of this order. The complaint and any amended complaint filed in an Adversary Proceeding shall remain under seal until the stay terminates in accordance with paragraph 9 below.

8. Extension of the Time for Service Under Federal Rule of Civil Procedure 4(m). The Debtors shall have until March 31, 2008 to serve each defendant in the Adversary Proceedings with summons and complaint, without prejudice to seek further extensions.

9. Stay Of Adversary Proceedings. All activity in the Adversary Proceedings denominated by the Debtors as subject to these procedures shall be stayed until the earlier of (i) the Debtors' service of a summons and complaint on the defendant in any Adversary Proceeding and (ii) further order of this Court after application therefor. Notwithstanding the stay, the Debtors may amend their complaint during the stay. Also, during the stay, the Debtors may dismiss any Adversary Proceeding after 10 days' notice to counsel to the Statutory Committees. If a Statutory Committee objects within 10 days after service of the notice of dismissal, the Debtors may bring the matter before this Court for a ruling on whether the proposed dismissal satisfies section 554(a) of the Bankruptcy Code.

10. Deferral Of Issuance Of Summons. The Clerk of Court is directed not to issue summons in any Adversary Proceeding denominated by the Debtors as subject to these procedures until either the stay is lifted with respect to such Adversary Proceeding or the Debtors request the Clerk of Court to issue a summons.

11. <u>Service Of Order With Summons And Complaint</u>. The Debtors must serve a copy of this order upon each defendant in any Adversary Proceeding either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable.

12. <u>Additional Procedures</u>. This Order is without prejudice to the Debtors' seeking additional procedures to govern the Adversary Proceedings.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

14. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: August 16, 2007
New York, New York

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, et al.,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                         :
In re:                                                   :   Chapter 11
                                                         :   Case No. 05-44481 [RDD]
DELPHI CORPORATION, et al.,                              :
                                                         :   Jointly Administered
---------------------------------------------------------x
                                                         :
DELPHI CORPORATION, et al.,                              :   Adv. Pro. No. 07-____ [RDD]
                                                         :
                            Plaintiffs,                  :
                                                         :
        - against -                                      :
                                                         :
WELLS FARGO BUSINESS and WELLS                           :
FARGO MINNESOTA,                                         :
                                                         :
                            Defendants.                  :
---------------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendants (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1.  On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3.  Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against Wells Fargo Business and Wells Fargo Minnesota ("Defendants") to direct the return of certain avoidable transfers (the "Transfers") that were made by Plaintiffs to Defendants, as more fully and particularly identified in Exhibit "1" annexed hereto.

---

[1] The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

4. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

5. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

6. Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. Upon information and belief, Defendants were creditors of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

8. Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9. Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10. On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendants.

11. The Transfers constitute transfers of interests in Plaintiffs' property.

12. Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendants.

13. Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made (the "Debt").

14. Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15. The Transfers enabled Defendants to receive more than they would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

16. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

WHEREFORE, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a. On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendants to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

4

      b.      Granting such other and further relief as this Court may deem just and proper.

DATED:   New York, New York
               September 26, 2007

                        DELPHI CORPORATION, *et al.*,
                        Debtors, Debtors in Possession and Plaintiffs,
                        By their Conflicts Counsel,
                        TOGUT, SEGAL & SEGAL, LLP
                        By:

                        /s/ Neil Berger
                        NEIL BERGER (NB-3599)
                        SCOTT E. RATNER (SER-0015)
                        Members of the Firm
                        One Penn Plaza, Suite 3335
                        New York, New York 10119
                        (212) 594-5000

## EXHIBIT "1"

### DELPHI CORPORATION, *et al.*
### v.
### WELLS FARGO BUSINESS, *et al.*

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 10/3/2005 | $114,505.98 ✓ | EFT |
| 10/4/2005 | $991,428.73 ✓ | EFT |
| 10/5/2005 | $27,271.00 ✓ | EFT |
| 10/6/2005 | $188,715.00 ✓ | EFT |
| 10/7/2005 | $47,659.40 | EFT |
| 7/29/2005 | $21,265.81 | EFT |
| 8/11/2005 | $2,500.00 | CHECK |
| 8/2/2005 | $878,882.26 | EFT |
| 8/24/2005 | $1,708.39 | CHECK |
| 9/2/2005 | $467,594.99 | EFT |
| TOTAL: | $2,741,531.56 | |