**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 05-44481 (RDD) |
|     DELPHI CORPORATION, et al ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | Chapter: 11 |
| Debtors. | |

**SUPPLEMENTAL RESPONSE TO THE REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF CLAIMANT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 19543**
**Claimants: Jose C. Alfaro and Martha Alfaro**

Three claims have been filed on behalf of Jose C. Alfaro and Martha Alfaro. The first claim was filed on 7/31/2006 (claim no. 15613) by Attorney Don C. Staab, attached hereto as EXHIBIT 1. Mr. Staab, Esq. was representing the Alfaros in a personal injury action against Delphi.

A second claim was then fraudulently filed by Mr. Staab on 1/4/2007 (claim no. 16471), attachd hereto as EXHIBIT 2. This second claim was fraudulently filed by Mr. Staab; the Alfaro's expressly directed Mr. Staab not file a second claim..

Without the benefit of counsel, the Alfaros then file a third proof of claim on 8/10/2009 (claim no. 19543) attached hereto as EXHIBIT 3. The Alfaros were attempting to undo the damage done by Mr. Staab. Fraudulent conduct.

The Reply filed by the Debtors raises two arguments: Whether Claimant's have met the Burden of Proof and Standard for the Sufficiency of a Claim, and whether the Underlying Claim was Timely.

The debtor's assert '… (i)a federal district court has already resolved an issue against the Alfaro's that is essential to the Claim, and the Alfaros are precluded from relitigating the issue under the doctrine of issue preclusion, (ii) the underlying claim has already been expunged by this Court, and (iii) the proof of claim was untimely filed." *See* Debtor's Supplemental Pleading on file herein at ¶ 16.

Debtor's argument is without merit as the claim to which they refer as being already decided which was filed in Federal District Court was not "litigated," nor did it resolve an issue against the Alfaros essential to the claim. Their attorney handling that civil case in Federal Disctict Court, Mr. Staab, was dismissed on Summary Judgment for failing to timely respond – that failure led to the malpractice claim against him. Again, this is the same attorney who fraudulently filed the proof of claim in the instant case. The Debtor's representation in their Supplemental response fails to present the dismissal of that claim in a manner that communicates the dismissal was based in inaction by Staab. As the instant Court is a court of equity, reinstatement of the original claim will serve to prevent a serious injustice and harm to the Alfaros. *In re Emmerling*, 223 B.R. 860 (2nd Cir. BAP (N.Y.) 1997).

Colorado law also clearly holds that that the automatic stay operates to stay the entire action, even if the action is detrimental to the debtor's interests. Any action would be void and of no effect. *McGuire v. Champion Fence & Constr.*, 104 P.3d 327 (Colo.App. 2004)

Further, the underlying claim was wrongly expunged as the by this Court and was it timely filed.

Claim No. 15613 was expunged by the Court's Order on April 23, 2007. The Claim was expunged because it was determined to be a Duplicate or Amended Claim.

The Duplicate or Amended Claim that is referenced is the Fraudulent Claim filed by Mr. Alfaro's attorney is Claim No. 16471. This second claim was determined to be the surviving claim.

The Second Claim No. 16471 was expunged by the Court on September 28, 2007 because it was characterized as an Untimely Books and Records claim. The Fraudulent Claim was expunged at least in part because it was a "late filed claim."

Respondents argue that the Alfaros are attempting to circumvent Fed. R. Bankr. P. 3008 because their initial claim (Claim No. 15613) has been expunged. However, that argument must fail. The fraudulent act of their attorney caused a second claim to be filed and the first claim was expunged only because the Court believed that it was a Duplicate and Amended Claim. (Docket No. 7772) The fraudulent claim was deemed to be the surviving claim.

Debtors state that the Bar Date for creditors to file proofs of claim in this matter was April 20, 2006. They assert that Proof of Claim No. 19543 is untimely, however they can make no such

claim regarding Proof of Claim No. 15613. The only reason that the third Proof of Claim was filed was because the first Proof of Claim was expunged as a result of a fraudulent act.

There is more than a preponderance of evidence to show that the Alfaro's Third Claim was not timely filed because of excusable neglect. This Court is a court of equity and in the absence of some showing of meaningful prejudice the Third Proof of Claim, No. 19543, should be allowed to stand. See e.g. *In re Emmerling*, 223 B.R. 860 (2nd Cir. BAP (N.Y.) 1997).

WHEREFORE, Claimants, Jose C. Alfaro and Martha Alfaro, request the Court find that the Proof of Claim form filed August 10, 2009 (claim no. 19543) is valid and the Thirty-Sixth Omnibus Claims Objection is denied. In the alternative Claimants request the Court to reinstate the original Proof of Claim filed 7/31/2006 (claim no. 15613) and determine it to be a valid claim.

DATED: May 18, 2010

By: *s/ Bobby Gerald Sumner*
Marc F. Bendinelli
Bobby Gerald Sumner
Bendinelli Law Office, P.C.
Attorney for Debtors
9035 Wadsworth Parkway, Suite 4000
Westminster, CO 80021
Phone: (303) 940-9900
Fax: (303) 940-9933

## CERTIFICATE OF SERVICE

There undersigned hereby certifies that a true and correct copy of the above-captioned **RESPONSE TO THE THIRTY-SIXTH OMNIBUS CLAIMS OBJECTION TO CLAIM NO. 19543 Claimants: Jose C. Alfaro and Martha Alfaro** was mailed (X) or hand-delivered ( ) or sent via facsimile transmission( ) [check which box applies] by depositing the same in the United States Postal Service mail, postage prepaid, addressed to the below-named parties.

DATED:  May 18, 2010            Signature    *s/ Rebekah L. Berry-Chaney*  
                                             Rebekah L. Berry-Chaney, Paralegal

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Suite 2700
Chicago, IL 60606

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Brian S. Masumoto, Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004-2111

Robert J. Rosenberg, Partner
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834

Delphi Corporation Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

DATED:  May 18, 2010            Signature    *s/ Rebekah L. Berry-Chaney*  
                                             Rebekah L. Berry-Chaney, Paralegal

DPH Holdings Corp
Attn:  President
5725 Delphi Drive
Troy MI 48098