Hearing Date and Time: 10:00a.m., June 30, 2010

HAYNES AND BOONE, LLP
1221 Avenue of the Americas, 26th Floor
New York, New York 10020
Telephone: (212) 659-7300
Facsimile:  212) 884-8211
Lenard M. Parkins (NY Bar# 4579124)

*Attorneys for Highland Capital Management, L.P.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH Holdings Corp., *et al.*, | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |

---------------------------------------------------------x

**SUPPLEMENT TO THE APPLICATION OF HIGHLAND CAPITAL MANAGEMENT, L.P. PURSUANT TO 11 U.S.C. §§ 503(b)(3) AND 503(b)(4) FOR ALLOWANCE AND REIMBURSEMENT OF REASONABLE PROFESSIONAL FEES AND ACTUAL, NECESSARY EXPENSES IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE <u>CHAPTER 11 CASES</u>**

Highland Capital Management, L.P. ("Highland"), a creditor of the above-captioned Reorganized Debtors (collectively, the "Reorganized Debtors") and a party-in-interest in the above-captioned Chapter 11 cases (the "Cases"), by and through its undersigned counsel, hereby files this supplement (the "Supplement") to its application pursuant to 11 U.S.C. §§ 503(b)(3) and 503(b)(4) for allowance and reimbursement of reasonable professional fees and actual, necessary expenses in making a substantial contribution in the Cases (the "Application"),[1] and in support thereof, hereby states as follows:

---

[1] Docket No. 19112.

**SUPPLEMENT**

1. On November 20, 2009, Highland filed its Application.

2. On March 15, 2010, the United States Trustee for Region 2 (the "U.S. Trustee") filed an objection to, among other applications, the Application (the "UST Objection").[2]

3. On May 13, 2010, the Reorganized Debtors filed an omnibus objection to, among other applications, the Application (the "Reorganized Debtors' Objection,"[3] and together with the UST Objection, the "Objections").

4. In response to issues raised by the Objections, Highland files this Supplement and hereby amends its request for allowance and reimbursement of reasonable professional fees and actual, necessary expenses incurred by Haynes and Boone to $1,699,774.65 for fees and $50,614.59 for expenses (the "Amended Amounts"). The time expense records reflecting the Amended Amounts are voluminous and will be made available upon request to any party served with this Supplement.

5. The Reorganized Debtors' primary objection is that "[a] review of the record, however, confirms that Highland served only its own interests and did not contribute to the administration of the Debtors' chapter 11 cases."[4] To the contrary, when the stakes were the highest, those who best understood the value Highland brought to the process fully supported the substantial contribution claim. They did so in unequivocal terms.

6. Attached as **Exhibit "A"** are e-mail communications from March 19, 2008 through March 27, 2008 between Mr. Patrick Daugherty from Highland and Mr. John Sheehan, the then acting Chief Restructuring Officer of the Debtors advising that Delphi, itself, through Mr. Sheehan and Mr. David Sherbin, then Delphi's General Counsel and Chief Compliance

---

[2] Docket No. 19860.
[3] Docket No. 20064.
[4] *Reorganized Debtors' Objection*, page 9, ¶ 13.

Officer, would support a substantial contribution application made by Highland in the Cases. The objection filed by the Reorganized Debtors violates the commitment made by Mr. Sheehan, then CRO of the company, and should be stricken or not considered. In real time during the Delphi case, Highland specifically wanted to know if Delphi would support a substantial contribution claim in the Cases for all the valuable work done to benefit the estate during the Chapter 11, and the answer from Delphi was an unequivocal "yes." Whatever other objections there may be, Delphi cannot be heard to object. Highland relied on these repeated promises and commitments from Delphi when it prepared and filed its Application.[5]

## NOTICE

7.   In accordance with the Modification Order, this Supplement has been served on (i) counsel for the Debtors, (ii) counsel for the Creditors' Committee, and (iii) the U.S. Trustee. In light of the nature of the relief requested herein, Highland submits that no other notice is necessary.

WHERFORE, Highland respectfully requests that this Court grant the Application as amended in this Supplement.

Dated:  May 19, 2010
          New York, New York

                                                            /s/ Lenard M. Parkins
                                                        **HAYNES AND BOONE, LLP**
                                                        1221 Avenue of the Americas, 26th Floor
                                                        New York, New York 10020
                                                        Telephone:  (212) 659-7300
                                                        Facsimile:  (212) 884-8211

---

[5] As can be seen in Exhibit A, Mr. Sherbin was copied on the e-mail string between Mr. Daugherty and Mr. Sheehan and never communicated to Highland a dispute or disagreement with the promise made by Delphi through Mr. Sheehan that Delphi would support a Highland substantial contribution application. Apparently, no committee was formed to review substantial contribution claims as then contemplated in Mr. Sheehan's e-mails to Mr. Daugherty, but nevertheless, Delphi itself promised through its CRO and General Counsel to support the application and cannot now be heard to the contrary.

Lenard M. Parkins (NY Bar# 4579124)
Jonathan Hook (NY Bar# 4187449)

**ATTORNEYS FOR HIGHLAND
CAPITAL MANAGEMENT, L.P.**