**Hearing Date and Time: June 20, 2010 at 10:00 a.m. (prevailing Eastern time)**

GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
Emanuel C. Grillo (EC 1538)
Egrillo@goodwinprocter.com
K. Brent Tomer (KT 2438)
Ktomer@goodwinprocter.com

*Attorneys for Davidson Kempner*
*Capital Management LLC; Elliott*
*Associates, L.P.; Nomura Corporate*
*Research & Asset Management, Inc; Northeast*
*Investors Trust; SPCP Group, LLC;*
*and Whitebox Advisors, LLC,*
*all in their capacity as Senior Noteholders*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------x

**LIMITED REPLY IN SUPPORT OF APPLICATION BY DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC; ELLIOTT ASSOCIATES, L.P.; NOMURA CORPORATE RESEARCH & ASSET MANAGEMENT, INC.; NORTHEAST INVESTORS TRUST; SPCP GROUP, LLC; AND WHITEBOX ADVISORS, LLC, ON BEHALF OF THEMSELVES AND SENIOR NOTEHOLDERS PREVIOUSLY REPRESENTED, FOR PAYMENT OF FEES AND EXPENSES PURSUANT TO 11 U.S.C. § 1129(a)(4) AND BANKRUPTCY RULE 9019**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Davidson Kempner Capital Management LLC; Elliott Associates, L.P.; Nomura Corporate Research & Asset Management, Inc; Northeast Investors Trust; SPCP Group, LLC; and Whitebox Advisors, LLC, or any respective affiliates thereof or funds and accounts directly managed by each of the foregoing, (the "Applicants"), on behalf of themselves and parties previously represented by their professionals in these Cases[1] (the "Formerly Represented Parties" and, together with the Applicants, "Senior Noteholders"), file this limited reply (the "Reply") in support of the application (the "Application") for payment of the Senior Noteholders' fees and expenses in accordance with paragraph 62 of the Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified (the "Confirmation Order"), approving the settlement (the "Settlement") of the Applicants' objections to confirmation pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") and in opposition to the Reorganized Debtors' Objection to Substantial Contribution and Certain Other Applications Pursuant to 11 U.S.C. §§ 503(b)(3)-(4) and 1129(a)(4) for Reimbursement of Actual and Necessary Expenses and Professional Fees [Dkt. No. 20064] (the "Objection").[2] In support thereof, the Senior Noteholders respectfully represent as follows:

---

[1] Formerly Represented Parties include Caspian Capital Advisors, LLC; Castlerigg Master Investments Ltd.; CR Intrinsic Investors, LLC; Everest Capital Limited; Gradient Partners, L.P.; and Sailfish Capital Partners, LLC.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Plan.

**ARGUMENT**

*The Reorganized Debtors' Objection Violates the Settlement and Should be Stricken in the Public Interest*

1.  Over two years ago, just prior to the commencement of the hearing (the "Confirmation Hearing") to confirm the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Debtors and Debtors-in-Possession (the "First Amended Plan"), the Debtors entered into a settlement with the Senior Noteholders pursuant to which the Senior Noteholders agreed to withdraw their objections to confirmation of the First Amended Plan. In consideration for the withdrawal of the objections, the Debtors agreed to pay the fees and expenses incurred by Goodwin Procter LLP, Klestadt & Winters and Maryann Keller & Associates (collectively, the "Senior Noteholders' Professionals"), up to $5 million, in connection with their representation of the Senior Noteholders from September 1, 2007, through January 17, 2008, subject only to Court review for reasonableness under the totality of the circumstances. Additionally, the Debtors expressly agreed to "use their reasonable best efforts to obtain Court approval of the payment of [the Senior Noteholders'] fees and expenses, including, without limitation, preparing and filing supporting pleadings and, if necessary, propounding testimony in support of the fee applications and Senior Noteholders Settlement." Confirmation Order at ¶ 62(c)(iii). It was in reliance on these representations by the Debtors and the express provisions of the Confirmation Order that the Senior Noteholders withdrew all of their objections to confirmation and related matters, including their objections as to the feasibility of the Debtors' First Amended Plan.

2.  This Court approved the Settlement pursuant to Bankruptcy Rule 9019 on the record at the Confirmation Hearing, finding, among other things, that "the settlement is fair and in the best interest of the estate." Confirmation Hearing Tr., Jan. 17, 2008 at p. 31. This Court

also included its approval of the Settlement in the Confirmation Order.  (*See* Confirmation Order ¶ 62 (determining that notice of the Settlement "was adequate" and terms of the Settlement, as described on the record, were "appropriate and in the best interests of the Debtors and their estates")).

3. Although the Debtors modified the First Amended Plan (as modified, the "Plan") subsequent to the entry of the Confirmation Order, the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation And Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (the "Modification Order")  [Dkt. No. 18707] directed that the "Confirmation Order has not been revoked, withdrawn, or vacated and remains in full force and effect, except as may be modified by [the Modification] Order."  Nothing in the Modification Order or Plan purported to alter or amend paragraph 62 of the Confirmation Order or the Settlement with the Senior Noteholders.

4. Despite the continuing effectiveness of the Settlement, the Reorganized Debtors have now filed the Objection including language that breaches the Settlement.  Specifically, in footnote two of the Objection and the accompanying text, the Reorganized Debtors request that this Court treat the Objection as an objection to the Application as well as those substantial contribution applications expressly discussed in the Objection.  The Reorganized Debtors ask that the Court apply a backward-looking standard and view the Application in the context of the Plan as actually consummated to the extent "the Court determines that DPH Holdings would be acting consistently with its prior agreements in objecting on this basis to the reasonableness of the application[] of the Senior Noteholders."  Objection at fn.2.

5. The Reorganized Debtors' request is contrary to the representations made by the Reorganized Debtors' counsel at the time of the Confirmation Hearing, and a direct breach of the

4

terms of Settlement given that the Settlement obligates the Reorganized Debtors to use their reasonable best efforts to obtain Court approval of the Application, including, if necessary, preparing and filing supporting pleadings. *See* Confirmation Hearing Tr., Jan. 17, 2008 at p. 21, remarks of Mr. Butler ("The debtors have also agreed to use their reasonable best efforts to obtain Court approval of the consummation of this settlement, including the payment of the fees and expenses that are reasonable. And that would include preparing and filing supporting pleadings and, if necessary, propounding testimony in support of the fee application . . . .").

6. The Reorganized Debtors' breach of the Settlement entitles the Senior Noteholders to seek specific performance of the contract or, in the alternative to, assert an administrative claim for breach of contract. *See, e.g.*, *Village of Kaktovik v. Watt*, 689 F.2d 222, 230 (D.C. Cir. 1982) ("An agreement to settle a legal dispute is a contract . . . . The enforceability of settlement agreements is governed by familiar principles of contract law. A settlement contract may not be unilaterally rescinded. Upon breach by one party, the other party may obtain damages or specific performance as appropriate."); *see also Buy-N-Save, Cash & Carry, Inc. v. Underwriters Ins. Co.*, 56 B.R. 644, 646 (Bankr. S.D.N.Y. 1986) (noting that a Debtor could seek specific performance on a breach of a bankruptcy settlement or sue to collect damages). Accordingly, the Senior Noteholders respectfully request that the Court enforce the terms of the Settlement by striking any objection or deemed objection by the Reorganized Debtors to the Application and requiring the Debtors to submit papers in support thereof.

7. Allowing the Reorganized Debtors' Objection would also be contrary to the public interest. As this Court has repeatedly noted, "'the law favors compromise.'" *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (*quoting In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)). The Reorganized Debtors' continuing objection to the

5

Application in direct breach of their agreement with the Senior Noteholders would frustrate future efforts to compromise debtor-creditor controversies and could cause a substantial drain on estate and court resources. For that reason alone, the Court should strike the Objection to the extent it pertains to the Senior Noteholders' Application.

*This Court Should Not Apply a Backward-Looking Standard to the Application*

8. In addition to the Reorganized Debtors' breach of the Settlement, the Objection also seeks to apply an improper "backward-looking standard" to the Court's review of the Application. That standard only applies to substantial contribution applications under section 503(b)(3)(D) of the Bankruptcy Code. *See In re Granite Partners, L.P.*, 213 B.R. 440, 447 (Bankr. S.D.N.Y. 1997) (determining that a substantial contribution award, being the exception rather than the rule, must be "applied in hindsight . . . scrutiniz[ing] the actual benefit to the case").

9. Here, in contrast, the Confirmation Order provides that the Application is to be reviewed for reasonableness under the totality of the circumstances. Although this standard is not precisely defined, it is more akin to reasonableness under section 330 of the Bankruptcy Code than the test applied for substantial contribution applications. The section 330 test, unlike the substantial contribution test, "looks forward, and considers 'what services a reasonable lawyer or legal firm would have performed in the same circumstances.'" *Id.* (*quoting In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996)). This standard, as modified to reflect the totality of the circumstances *at the time the services were rendered*, is more appropriate here than a backward-looking standard. Indeed, the Applicants would not have agreed to any settlement which would have required their actions, and those of the Senior Noteholders' Professionals, to be viewed in light of whether the First Amended Plan was actually consummated because the

6

Senior Noteholders, as shown in their objections to confirmation, believed that the First Amended Plan would ultimately fail for precisely the same reasons as it did.[3]

10.     Accordingly, the Debtors submit that this Court should apply a section 330 standard as set forth in *Granite Partners*, modified to reflect the totality of the circumstances at the time the services described in the Application were rendered.  For the reasons set forth in the Application, and as evidenced by the exhibits and affidavit submitted in connection with the Application, the Senior Noteholders submit that the request for fees and expenses in the amount of $3,970,283.61 is reasonable under the totality of the circumstances.

[*Remainder of Page Intentionally Left Blank*]

---

[3]     Under the Reorganized Debtors' distorted understanding of reasonableness, their own professionals' fees, and that of the official committees, should not be paid for any efforts expended in confirming the First Amended Plan as that plan was never consummated.

**Conclusion**

WHEREFORE, the Applicants respectfully request that this Court approve the payment of those fees and expenses requested by the Application.

Dated: New York, New York
May 19, 2010

                GOODWIN PROCTER LLP

                By: */s/ Emanuel C. Grillo*
                Emanuel C. Grillo (EC 1538)
                Egrillo@goodwinprocter.com
                K. Brent Tomer (KT 2438)
                Ktomer@goodwinprocter.com
                The New York Times Building
                620 Eighth Avenue
                New York, NY 10018
                (212) 813-8800

*Attorneys for Davidson Kempner*
*Capital Management LLC; Elliott*
*Associates, L.P.; Nomura Corporate*
*Research & Asset Management, Inc; Northeast*
*Investors Trust; SPCP Group, LLC;*
*and Whitebox Advisors, LLC,*
*all in their capacity as Senior Noteholders*