## U.S. Postal Service
### CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Honorable Charles L. Brickat
Street, Apt. No.; United States Bankruptcy Ct Southern District NY
or PO Box No. 300 Quarropas Street Room 118
City, State, ZIP+4 White Plains, New York 10601-4140

7008 3230 0000 5111 3262

PS Form 3800, August 2006          See Reverse for Instructions

---



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Charles L. Brickat
United States Bankruptcy Ct Southern District New York
300 Quarropas Street-Rm 118
White Plains, New York
10601-4140

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2010 MAY 17 P 1:2

---

## U.S. Postal Service
### CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Honorable Robert D. Drain
Street, Apt. No.; United States Bankruptcy Ct Southern District NY
or PO Box No. ONE Bowling Green-Room 610
City, State, ZIP+4 Plains, New York 10004

7008 3230 0000 5111 3217

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Robert D. Drain
United States Bankruptcy Ct. Southern District of New York
One Bowling Green - Room 610
New York, New York 10004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL US

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Delphi Corporation
Street, Apt. No.; Attn General Counsel
or PO Box No. 5725 Delphi Drive
City, State, ZIP+4 Troy, Michigan 48098

PS Form 3800, August 2006    See Reverse for Instructions

7008 3230 0000 5111 3200

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Delphi Corporation
Attn General Counsel
5725 Delphi Drive
Troy, Michigan 48098

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

**CERTIFIED MAIL**
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7006 0230 0000 1111 7494
7006 0230 0000 1111 7494

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt No.; or PO Box No.

City, State, ZIP+4

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**CERTIFIED MAIL**

7008 3230 0000 5111 3224

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shearson Lehm State, Morgha
AHN. Kathum A. Makkel+H
Four Times Square
New York, New York 10036

PS Form 3811, February 2004          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent / ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

7008 3230 0000 5111 3224

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Postmark
Here

Sent To _____
Street, Apt. No.;
or PO Box No. _____
City, State, ZIP+4 _____



Express

RT 356 6 D
FZ
9373
04.23

FILED
U.S. BANKRUPTCY COURT
2010 MAY 17 P 1:24
S.D. OF N.Y.

The World
Envelop

TO

SHARYL YVETTE CARTER
1541 LA SALLE AVE NO 1

NIAGRA FALLS NY 14301
(910) 828-9000          REF: DELPHI MM MEMPHIS 28244-7
DEPT. DELPHI CORPORATION

TRK#
0201   4468 4676 9373    STANDARD OVER

XX DKKA

FRI – 23APR

Align bottom of Peel and Stick Airbill or Pouc

PRF 28244-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :
                In re                      :        Chapter 11
                                           :
DELPHI CORPORATION, et al.,                :        Case No. 05-44481 (RDD)
                                           :
                         Debtors.          :        (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.      Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

(e)     to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

(f)     the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

4.     Only those Responses made in writing and timely filed and received will be considered by the Court. If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, provided that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; provided, however, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

5.     To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6.     The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

5

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

(A)     for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as Exhibit B (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

(B)     for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as Exhibit C (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

(ii)     The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; provided, however, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

(b)     Sufficiency Hearing Procedures.

(i)     To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

(ii)     To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

(iii)     To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

(c)     Mandatory Meet And Confer.

(i)     If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

7

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e) <u>Claimant's Supplemental Response</u>. The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i) The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing. The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii) If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; <u>provided further</u>, <u>however</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints. The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii) The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; <u>provided</u>, <u>however</u>, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person. If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken. The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony. No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv) No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; <u>provided</u> that the amended Supplemental Response shall be subject to the page limitations set forth above.

9

"Mediation") in an effort to consensually resolve the Contested Claim. The Mediation shall be governed by General Order M-143 except as follows. The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)     Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator"). The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)     The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)     If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)     If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)     If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)     A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)     Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(iv)     No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply.  Each deposition shall not exceed three hours.

(v)     Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)     Conduct Of The Claims Objection Hearing.  The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court.  The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)     Estimation Based Upon Claimant's Asserted Estimated Amount.  To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code.  The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as Exhibit E.  The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)     Ability To Modify Procedures By Agreement Or Order Of Court.  At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim.  Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications.  No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

13

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated pursuant to its terms.

13.    Nothing in this Order shall preclude any right to seek estimation of a claim under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to seek protection of information under section 107(b) of the Bankruptcy Code or any right not specifically addressed in this Order.

14.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

15.    The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        December 6, 2006


                        /s/Robert D. Drain
                        UNITED STATES BANKRUPTCY JUDGE


15

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [ _____ ]

    PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.

Dated: New York, New York
      _____ \_, 200\_

                                           SKADDEN, ARPS, SLATE, MEAGHER &
                                             FLOM LLP

                         By:_____
                            John Wm. Butler, Jr. (JB 4711)
                            John K. Lyons (JL 4951)
                            Ron E. Meisler (RM 3026)
                         333 West Wacker Drive, Suite 2100
                         Chicago, Illinois  60606
                         (312) 407-0700

                         By:_____
                            Kayalyn A. Marafioti (KM 9632)
                            Thomas J. Matz (TM 5986)
                         Four Times Square
                         New York, New York 10036
                         (212) 735-3000

                         Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession

3

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

   PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December ___, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

   PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof. Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim. A copy of the Order is

attached hereto for your convenience.

2

## LIST OF MEDIATORS

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")
filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims
Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed
its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts
claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant
believes that the allowable amount of the Proof of Claim upon liquidation of the Contested
Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted
Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11
U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014
Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices
And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the
Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated
Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the
Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the
Order is hereby cancelled.

PRF 28244-2

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                             :

     In re                        :     Chapter 11
                             :

DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                             :

          Reorganized Debtors. :     (Jointly Administered)
                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## NOTICE OF SUFFICIENCY HEARING WITH RESPECT TO REORGANIZED DEBTORS'
## OBJECTION TO PROOFS OF CLAIM NOS. 16898, 17094, 18027, AND 19543

503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested

Administrative Expense Claims ("Administrative Claims Objection Procedures Order" together

with the Claims Objection Procedures Order, the "Orders") (Docket No. 18998), and the

Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m),

3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To

Claims, entered April 5, 2010 (Docket No. 19776), a sufficiency hearing (the "Sufficiency

Hearing") to address the legal sufficiency of each of the Proofs of Claim and whether each Proof

of Claim states a colorable claim against the asserted Debtor is hereby scheduled for May 20,

2010, at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the

Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York

10601-4140.

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Orders, unless such procedures are modified

in accordance with Paragraph 9(k) thereof. Please review the Orders carefully because failure to

comply with the procedures provided in the Orders (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of your Proof of Claim. A copy of the Orders

are attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may further

adjourn the Sufficiency Hearing at any time at least five business days prior to the scheduled

hearing upon notice to the Court and the Claimant.

3

**EXHIBIT A**

| A | B | C | D | E | F | G | G |
|---|---|---|---|---|---|---|---|
| Proof Of Claim Number | Date Filed | Party Filing Proof Of Claim | Owner Of Claim | Asserted Amount | Omnibus Claims Objection | Date Of Omnibus Claims Objection | Debtor Named On Proof Of Claim |
| 16898 | 6/26/2009 | GARY L COOK | GARY L COOK | $0.00 | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 17094 | 7/1/2009 | SHARYL YVETTE CARTER | SHARYL YVETTE CARTER | $0.00 | Forty-Fifth Omnibus Claims Objection | 2/12/2010 | DELPHI CORPORATION |
| 18027 | 7/9/2009 | MARC A EGLIN | MARC A EGLIN | $2,000.00 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI CORPORATION |
| 19543 | 8/10/2009 | JOSE C ALFARO AND MARTHA ALFARO | JOSE C ALFARO AND MARTHA ALFARO | $1,500,000.00 | Thirty-Sixth Omnibus Claims Objection | 10/15/2009 | DELPHI CORPORATION |

PRF 28244-4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING
DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO
ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS

("ORDER AUTHORIZING USE OF ADMINISTRATIVE CLAIM OBJECTION PROCEDURES")

        Upon the motion (the "Motion"), dated July 31, 2009, of Delphi Corporation (now

known as DPH Holdings Corp.) and certain of its subsidiaries and affiliates, former debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Reorganized Debtors"), for

entry of an order authorizing the Reorganized Debtors to apply the claims objection procedures

set forth in the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures

Governing Hearings Regarding Disallowance Or Estimation Of Claims on December 6, 2006

(the "Claim Objection Procedures Order") (Docket No. 6089) to contested administrative

expense claims; and upon the record of the August 20, 2009 hearing held on the Motion; and

counsel for the Reorganized Debtors having represented that GM Components[1] and DIP Holdco

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Holdings Corp. shall resolve the Administrative Claim in accordance with such direction at no

further cost, liability, or expense to DPH Holdings Corp.

      6.     If (a) GM Components or DIP Holdco 3, as applicable, requires DPH

Holdings Corp. to liquidate or seek disallowance of an Administrative Claim or (b) after DPH

Holdings Corp. applies the Claims Objection Procedures to liquidate or seek disallowance of an

Administrative Claim and either GM Components or DIP Holdco 3 is subsequently determined

to be responsible for such Administrative Claim pursuant to the MDA, the reasonable costs

incurred by DPH Holdings Corp. of liquidating or seeking disallowance of such Administrative

Claim, only to the extent incurred after DPH Holdings Corp. has given notice in accordance with

paragraph 4(a), above, shall be reimbursed by whichever of GM Components or DIP Holdco 3 is

responsible for such Administrative Claim pursuant to the MDA. GM Components or DIP

Holdco 3, as applicable, may elect at any time to assume responsibility for liquidating or seeking

disallowance of any such Administrative Claim at its own expense.

      7.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
      October 22, 2009

                         /s/Robert D. Drain
                         UNITED STATES BANKRUPTCY JUDGE

3

United States Bankruptcy Court
Southern District of New York

In Re

DPH Holdings Corp., et al.,

        Reorganized Debtors

And
Delphi Corporation, et, al., Debtors

Chapter 11

Case No 05-44481 (RDD)

(Jointly Administered)

<u>Notice of Sufficiency Hearing with Respect
To Reorganized Debtors Objection To Proof
of Claims No 17094 of Sharyl Yrette Carter.
And Sharyl Yrette Carter - Responses/Reply</u>

I Sharyl Yrette Carter reside at 1541 Laselle
Ave #1, Niagara Falls, New York 14301. My numbers
Are (716) 282-3624, And (937) 302-8072.
I object and disagree to DPH Holding Corp-
Reorganized Debtors and their Affiliated Debtors
On their plans, objections to my claim, or claims

that I Shreyl if Exeter have against their
company, Claim No 17094.

This Claim No 17094 on documents enclosed does
not show An Amount, I do believe I WAS, OR AN
Asking for An Amount in the high millions for each
of my claims that I have against the Debtors
and their Affiliated Debtors. As I Shreyl if. Exeter
Continue to Answer All the Responses And Reply in
A timely manner, Also I have continue to state
my reasons of my Amount I continue to
Ask the Courts to Agree to, or come close to
An Amount in the millions.

I Shreyl if. Exeter Respectfully Ask the Courts
to Allow All my Claim, or Claims against the
Debtors And their Affiliated Debtors. As I continue
to State All evidences, informations, documents,
Notes, etc Are with the Debtors Attorney that
I gave to start my claims Against the

Debtors and their Affiliated Debtors, and through
my Attorneys who was Representing it that
time, Also the information, documents, evidences, Notes
Ale in the debtors and their Affiliates debtors
books and Records.

I Sharyl Y. Carter ask the courts to allow
All my claim, or claims, no 17094 Against the
Debtors and their Affiliated debtors. Also as far
the, Any Amount Awarded to me, Sharyl Y. Carter
I ask the courts not to place the Amount
Awarded if so, into Any Account, (PSD) Personal
Storage Plan - with the debtors and their Affi-
liated debtors. I would like for Amounts to
be given directly to me.
   If for some Reason I cannot Attend the
Meet and Confere in Troy, michigan, I ask

Courts to Allow me A telephonic conversation on the phone, or A much closer place to my location at Niagara Falls, New York. As I Shabyl 2/. Custee have problems with traveling, due to my severe medical problems, and money problems, As I do not have any income coming in, medical insurance from the Debtors and their Affiliated Debtors, As I am an active employee with the Debtors.

As for if there is a witness, or witness I shall, have to call to the Hearings, I would rely on my previously witness list in my deposition with my previously, ex-Attorney, or Attorneys included. I Shabyl 2/. Custee handling my claims, or claim 17094 against the Debtors and their Affilinted Debtors Please Allow, As I am doing the best I can, that this would be the

Reason I did not file an Affidavit or declaration.
Also I provided all information, documents, evidence
Notes, to my attorneys, and to the Debtors
And their Affiliated Debtors attorneys personale.
I was misled, misrepresented, misguided, not
given my information, documents back, etc. There
was no other deposition Allowed for more information
If this is directed for this claim or claims,
of Sheryl J. Lietter Ask the Courts to Request
All documents, Evidence, information, notes, books
Records that the Debtors And their Affiliated
Debtors have on me.

In those enclosed copies that Are listed
As Late filed, Claim Number, Asserted Claim Amount,
Basic For Objection, Treatment of Claim, Surviving
Claim Number (if Any) Are blank, Also dates,

times, exhbts letter, etc by the Debtors and their Affilited Debtors. I Shreyl Y. Cuter do not Know if Sim to fill that out or not, Is the Debtors leave out important informations, thats I Shreyl Y. Curter Respectfully Ask the Courts to Allow my Claim, Claims Number 17094 against the Debtors and their Affilited Debtors. that I have against the Debtors All of my Responces, and Reply should Apply to my Claims against the Debtors. As for All the Debtors and their Affilited Debtors, Also Am Components, DIP Holdeo 3, DIP Lender Am master Disposition Agreement, and other Debtors enoles All Are Responsible for All Claims against the Debtors, while the Debtors Are placing the blame on their other

Debtors to be Responsible, Also directing or
their Attorney's Are mentioning more then
the claim or claims they Are speaking
on. I Again Ask the Court, or courts to
make the decisions on my behalf, As to
the Amounts of my claim, or claims,
And what claims belong in what courts
also Any other decisions that need to
be made. I Shargl Y. Carter do NOT
want the Debtors and their affiliated
Debtors to make NO decisions for me, that
is why we Are in court in the first
place, because these claims, And matters
could not be handle within the company.

This is another Reason why I would like for my claims Award money, Amount, if I Sheryl Y. Carter is Awarded my claims for the amounts to be given directly to me. If this includes the Administrative Claim or Any other claim, or claims I have Against the Debtors And their Affiliated Debtors.

I Sheryl Y. Carter would Respectfully Ask the, this court to have jurisdiction to hear And determine All matters, And claims in this court. I Also Ask for my Claims to Not get mixed up and be Allowed As duplicate claims As state the Debtors.

Sincerely
Sheryl Y. Carter



**FedEx**

FZ RT **356** 6 D 9752 04.23

**xpress**

FILED
U.S. BANKRUPTCY COURT
2010 MAY 17 P 1:2∎
S.D. OF N.Y.

The Worl

Envelop

1541 LA SALLE AVE NO 1

**NIAGRA FALLS NY 14301**
(910) 823—9900    REF: DELPHI MM MEMPHIS 28344—6
DEPT: DELPHI CORPORATION

TRK# 0201  **4468 4676 9752**    **STANDARD OVE**

**FRI — 23AP**

**XX DKKA**

Align bottom of **Peel and Stick Airbill or Pou**

PRF 28244-1

**Hearing Date: April 23, 2010**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
  In re                             :    Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,         :    Case No. 05-44481 (RDD)
                                    :
              Reorganized Debtors.  :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## PROPOSED THIRTY-SECOND CLAIMS HEARING AGENDA

Location Of Hearing:    United States Bankruptcy Court for the Southern District of New York,
                        300 Quarropas Street, Room 118, White Plains, New York 10601-4140

*Pension, Benefit, And OPEB Claims, And (VII) Duplicate
Claims (Docket No. 19100)*

*Related filings:*    *Notice Of Sufficiency Hearing With Respect To Debtors'
Objections To Proofs Of Claim Nos. 11892, 12147, 14019,
14020, 14022, 14023, 14024, 14025, 14026, 14370, And
19543 (Docket No. 19725)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing
(Docket No. 19817)*

*Administrative Expense Claim Number 19543*

*Status:*    *This matter has been adjourned without date pursuant to the
Notice Of Adjournment Of Claims Objection Hearing With
Respect To Debtors' Objection To Proof Of Claim Number
19543 Filed By Jose C. Alfaro And Martha Alfaro (Docket No.
19859).*

3.    **"Sufficiency Hearing Regarding Claims of Bradley A. Bennett and Barbara R.
Bennett"** - Sufficiency Hearing Regarding Claims Of Bradley A. Bennett and
Barbara R. Bennett As Objected To On Debtors' Twelfth Omnibus Objection
(Procedural) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain
(A) Duplicate And Amended Claims And (B) Equity Claims (Docket No. 7824)

*Responses filed:*    *Bradley A. Bennett's Response To The Debtors' Objection To
Claim (Docket No. 8087)*

*Replies filed:*    *Debtors' Omnibus Reply In Support Of Debtors' Twelfth
Omnibus Objection (Procedural) Pursuant To 11 U.S.C.
Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate And Amended Claims And (B) Equity Claims
(Docket No. 8099)*

*Related filings:*    *Notice of Sufficiency Hearing with Respect to Debtors'
Objections to Proofs of Claim Nos. 15584, 15586, 15587,
15588, 15590, 15591, 15592, 15593, 15594, and 15595
(Docket No. 19726)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing
(Docket No. 19817)*

*Proof Of Claim Number 16591*

*Status:*    *This matter has been adjourned without date pursuant to the
Notice Of Adjournment Of Claims Objection Hearing With
Respect To Debtors' Objection To (A) Proof Of Claim No.*

3

*Debtors' Omnibus Reply In Support Of Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claim, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 18569)*

*Debtors' Omnibus Reply in Support of Thirty-Fifth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18927)*

*Related filings:*     *Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 12669 (Contrarian Funds LLC As Assignee Of Omron Dualtec Automotive Electronics, Inc.) (Docket No. 19434)*

*Reorganized Debtors' Statement Of Disputed Issues with Respect To Proof Of Claim No. 12669 (Contrarian Funds LLC As Assignee Of Omron Dualtec Automotive Electronics, Inc.) (Docket No. 19562)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing (Docket No. 19817)*

*Proof Of Claim Number 12669*

*Status:*     *This matter has been adjourned without date pursuant to the Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proof of Claim Number 12669 Filed by Contrarian Funds LLC as Assignee of Omron Dualtec Automotive Electronics, Inc. (Docket No. 19727).*

5.   **"Claims Objection Hearing Regarding Claims of Emhart Teknologies LLC"** - Claims Objection Hearing Regarding Claims Of Emhart Teknologies LLC As Objected To On Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently

5

> *Notice of Claims Objection Hearing with Respect to Debtors'
> Objection to Proof of Claim No. 6670 (Emhart Teknologies
> LLC) (Docket No. 19439)*
>
> *Reorganized Debtors' Statement Of Disputed Issues with
> Respect To Proof Of Claim No. 6670 (Emhart Teknologies
> LLC) (Docket No. 19563)*
>
> *Notice Of Rescheduling Of Thirty-Second Claims Hearing
> (Docket No. 19817)*
>
> *Proof Of Claim Number 6670*

Status:          *This matter has been adjourned without date pursuant to the
                 Notice Of Adjournment Of Claims Objection Hearing With
                 Respect To Debtors' Objection To Proof Of Claim Number
                 6670 Filed By Emhart Teknologies LLC (Docket No. 19858).*

6.    **"Sufficiency Hearing Regarding Claims of Andrew C. Gregos"** - Sufficiency
      Hearing Regarding Claims Of Andrew C. Gregos As Objected To On Reorganized
      Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed.
      R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance
      Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests,
      (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit,
      And OPEB Claims, (H) Workers' Compensation Claims, (II) Modify And Allow
      Certain Administrative Expense Severance Claims, And (III) Allow Certain
      Administrative Expense Severance Claims (Docket No. 19356)

         *Responses filed:      Anthony M. Gregos' Response To Forty-Third Omnibus
                                Claims Objection (Docket No. 19523)*

         *Replies filed:        Reorganized Debtors' Omnibus Reply In Support Of
                                Forty-Third Omnibus Objection Pursuant To 11 U.S.C. §
                                503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain
                                Administrative Expense (A) Severance Claims, (B) Books And
                                Records Claims, (C) Duplicate Claims, (D) Equity Interests,
                                (E) Prepetition Claims, (F) Insufficiently Documented Claims,
                                (G) Pension, Benefit, And OPEB Claims, (H) Workers'
                                Compensation Claims, And (I) Transferred Workers'
                                Compensation Claims, (II) Modify And Allow Certain
                                Administrative Expense Severance Claims, And (III) Allow
                                Certain Administrative Expense Severance Claims (Docket
                                No. 19574)*

                                *Reorganized Debtors' Supplemental Reply To Responses Of
                                Certain Claimants To Debtors' Objections To Proof Of Claim
                                Number 11375 Filed By Jeffrey A. Miller, Administrative*

7

*Hyundai Motor Company's Response To Debtors' Tenth
Omnibus Claims Objection (Docket No. 7651)*

*Hyundai's Response To Debtors' Thirty-Eighth Omnibus
Claims Objection (Docket No. 19151)*

*Replies filed:*          *Debtors' Omnibus Reply In Support Of Debtors' Eighth
Omnibus Objection (Procedural) Pursuant To 11 U.S.C.
Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate And Amended Claims, (B) Claims Duplicative Of
Consolidated Trustee Claim, (C) Equity Claims, And (D)
Protective Claims (Docket No. 7369)*

*Debtors' Omnibus Reply In Support Of Debtors' Tenth
Omnibus Objection (Procedural) Pursuant To 11 U.S.C.
Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)
Duplicate And Amended Claims And (B) Equity Claims
(Docket No. 7749)*

*Reorganized Debtors' Omnibus Reply In Support Of
Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. §
502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A)
Equity Interests, (B) Books And Records Claims, (C)
Untimely Claims, (D) Pension, Benefit, And OPEB Claims,
And (E) Workers' Compensation Claims And (II) Modify And
Allow Certain Claims (Docket No. 19167)*

*Reorganized Debtors' Supplemental Reply To Responses Of
Certain Claimants To Debtors' Objections To (A) Proofs Of
Claim Numbers 15584, 15585, 15586, 15587, 15588, And
15595 Filed By Hyundai Motor Company And (B) Proofs Of
Claim Numbers 15589, 15590, 15591, 15592, 15593, And
15594 Filed By Hyundai Motor America (Docket No. 19810)*

*Related filings:*        *Notice Of Sufficiency Hearing With Respect To Debtors'
Objections To Proofs Of Claim Nos. 15584, 15586, 15587,
15588, 15590, 15591, 15592, 15593, 15594, And 15595
(Docket No. 19726)*

*Notice Of Sufficiency Hearing With Respect To Debtors'
Objections To Proofs Of Claim Numbers 5268, 13270, 13838,
13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087,
18604, 18740, 20017, And 20054 (Docket No. 19735)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing
(Docket No. 19817)*

9

> *15588, 15590, 15591, 15592, 15593, 15594, And 15595*
> *(Docket No. 19726)*
>
> *Notice of Sufficiency Hearing with Respect to Debtors'*
> *Objections to Proofs of Claim Numbers 5268, 13270, 13838,*
> *13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087,*
> *18604, 18740, 20017, And 20054 (Docket No. 19735)*
>
> *Notice Of Rescheduling Of Thirty-Second Claims Hearing*
> *(Docket No. 19817)*
>
> *Proofs Of Claim Numbers 15589, 15590, 15591, 15592,*
> *15593, And 15594*

    *Status:*          *This matter has been adjourned to the claims hearing*
> *scheduled for May 20, 2010 pursuant to an agreement*
> *between the parties.*

9.    **"Claims Objection Hearing Regarding Claims of LTC Roll & Engineering
Co."** - Claims Objection Hearing Regarding Claims of LTC Roll & Engineering Co.
as Objected to on Debtors' Eleventh Omnibus Objection (Substantive) Pursuant to 11
U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently
Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C)
Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301)

    *Objections filed:*    *LTC Roll & Engineering Co.'s Response To Debtors' Eleventh*
> *Omnibus Objection (Substantive) Pursuant To 11 U.S.C.*
> *Section 502(B) And Fed. R. Bankr. P. 3007 To Certain (A)*
> *Insufficiently Documented Claims (B) Claims Not Reflected*
> *On Debtors' Books And Records, (C) Untimely Claims, And*
> *(D) Claims Subject To Modification (Docket No. 7612)*

    *Replies filed:*    *Debtors' Omnibus Reply In Support Of Debtors' Eleventh*
> *Omnibus Objection (Substantive) Pursuant To 11 U.S.C.*
> *Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A)*
> *Insufficiently Documented Claims, (B) Claims Not Reflected*
> *On Debtors' Books And Records, (C) Untimely Claims, And*
> *(D) Claims Subject To Modification (Docket No. 7755)*

    *Related filings:*    *Notice Of Claims Objection Hearing With Respect To*
> *Debtors' Objection To Proof Of Claim No. 5 (LTC Roll &*
> *Engineering Co.) (Docket No. 19435)*
>
> *Reorganized Debtors' Statement Of Disputed Issues With*
> *Respect To Proof Of Claim No. 5 (LTC Roll & Engineering*
> *Co.) (Docket No. 19567)*

*Status:*            *This matter has been adjourned without date pursuant to the*
                     *Notice Of Adjournment Of Claims Objection Hearing With*
                     *Respect To Debtors' Objection To Proof Of Claim Number*
                     *8502 Filed By Greak & Busby, P.C. And Subsequently*
                     *Transferred To Riverside Claims, LLC (Docket No. 19731).*

11.    **"Claims Objection Hearing Regarding Claims of Riverside Claims LLC and
       Hurley Packaging of Texas Inc."** - Claims Objection Hearing Regarding Claims
       Of Riverside Claims LLC And Hurley Packaging Of Texas Inc. As Objected To On
       Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section
       502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented
       Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely
       Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax
       Claims Subject To Modification, And Modified Claims Asserting Reclamation
       (Docket No. 7999)

       *Objections filed:*     *Riverside Claims, LLC's Response To Debtors' Fifteenth*
                               *Omnibus Claims Objection (Docket No. 8326)*

       *Replies filed:*        *Debtors' Omnibus Reply In Support Of Debtors' Fifteenth*
                               *Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §*
                               *503(b) And Fed. R. Bankr. P. 3007 To Certain (A)*
                               *Insufficiently Documented Claims, (B) Claims Not Reflected*
                               *On Debtors' Books And Records, (C) Untimely Claims And*
                               *Untimely Tax Claim, And (D) Claims Subject To Modification,*
                               *Tax Claims Subject To Modification, And Modified Claims*
                               *Asserting Reclamation (Docket No. 8396)*

       *Related filings:*      *Notice Of Transfer Of Claim No. 8519 Pursuant To F.R.B.P.*
                               *3001(e)(2) Or (4) (Docket No. 8308)*

                               *Notice Of Claims Objection Hearing With Respect To*
                               *Debtors' Objection To Proof of Claim No. 8519 (Riverside*
                               *Claims LLC And Hurley Packaging Of Texas Inc.) (Docket*
                               *No. 19441)*

                               *Reorganized Debtors' Statement Of Disputed Issues With*
                               *Respect To Proof Of Claim No. 8519 (Riverside Claims, LLC*
                               *And Hurley Packaging of Texas, Inc.) (Docket No. 19559)*

                               *Notice Of Rescheduling Of Thirty-Second Claims Hearing*
                               *(Docket No. 19817)*

                               *Proof Of Claim Number 8519*

       *Status:*              *This matter has been adjourned without date pursuant to the*
                              *Notice Of Adjournment Of Claims Objection Hearing With*
                              *Respect To Debtors' Objection To Proof Of Claim Number*

                                        13

| | |
|---|---|
| *Related filings:* | *Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 6610 (Special Situations Investing Group, Inc. And PBR Columbia LLC) (Docket No. 19436)* |
| | *Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Claim No. 6610 (Special Situations Investing Group, Inc. And PBR Columbia LLC) (Docket No. 19565)* |
| | *Notice Of Rescheduling Of Thirty-Second Claims Hearing (Docket No. 19817)* |
| | *Proof Of Claim Number 6610* |
| *Status:* | *This matter has been adjourned without date pursuant to the Notice of Adjournment of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim Number 6610 Filed By PBR Columbia LLC And Subsequently Transferred To Special Situations Investing Group, Inc. (Docket No. 19733).* |

13. **"Claims Objection Hearing Regarding Claims of TGI Direct Inc."** - Claims Objection Hearing Regarding Claims Of TGI Direct Inc. As Objected To On Debtors' Twenty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification And Modified Claim Asserting Reclamation (Docket No. 12686)

| | |
|---|---|
| *Objections filed:* | *TGI Direct Inc.'s Response To Debtors' Twenty-Sixth Omnibus Notice Of Objection To Claim (Docket No. 13084)* |
| *Replies filed:* | *Debtors' Omnibus Reply In Support Of Twenty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification And Modified Claim Asserting Reclamation (Docket No. 13153)* |
| *Related filings:* | *Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (A) Duplicate Or Amended Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification, Modified Claims Asserting Reclamation, And Claim Subject To Modification That Is Subject To Prior Order* |

15

> *Notice Of Claims Objection Hearing With Respect To*
> *Debtors' Objection To Proof Of Claim No. 16127 (Us*
> *Customs And Border Protection) (Docket No. 19443)*
>
> *Reorganized Debtors' Statement Of Disputed Issues With*
> *Respect To Proof Of Claim No. 16127 (U.S. Customs And*
> *Border Protection) (Docket No. 19564)*
>
> *Notice Of Rescheduling Of Thirty-Second Claims Hearing*
> *(Docket No. 19817)*
>
> *Proof Of Claim Number 16127*

*Status:*          *This matter has been adjourned without date pursuant to the*
                   *Notice Of Adjournment Of Claims Objection Hearing With*
                   *Respect To Debtors' Objection To Proof Of Claim Number*
                   *16127 Filed By U.S. Customs And Border Protection (Docket*
                   *No. 19872)*

15.    **"Sufficiency Hearing Regarding Claims of UAW Local 2083"** - Sufficiency
       Hearing Regarding Claims Of UAW Local 2083 As Objected To On Reorganized
       Debtors' Forty-Fourth Omnibus Objection Pursuant 11 U.S.C. § 502(b) And (d) And
       Fed. R. Bankr. P. 3007 to (I) Modify And Allow (A) Certain Modified And Allowed
       Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied
       Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied
       Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims,
       (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To
       Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled
       Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket
       No. 19395)

       *Responses filed:*     *UAW's Response To Forty-Fourth Omnibus Claims Objection*
                              *(Docket No. 19669)*

       *Replies filed:*       *Reorganized Debtors' Omnibus Reply In Support Of*
                              *Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. §*
                              *502(b) And (D) And Fed. R. Bankr. P. 3007 To (I) Modify And*
                              *Allow (A) Certain Modified And Allowed Claims, (B) A*
                              *Partially Satisfied Claim, And (C) Certain Partially Satisfied*
                              *Scheduled Liabilities, (II) Disallow And Expunge (A) Certain*
                              *Fully Satisfied Scheduled Liabilities, (B) Certain*
                              *MDL-Related Claims, (C) Certain Union Claims, (D) Certain*
                              *Personal Injury Claims, And (E) A Duplicate Claim, (III)*
                              *Object To Certain (A) Preference-Related Claims And (B)*
                              *Preference-Related Scheduled Liabilities, And (IV) Modify*
                              *Certain SERP-Related Scheduled Liabilities (Docket No.*
                              *19700)*

17

*Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19700)*

*Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proofs Of Claim Numbers 5268, 13270, 13838, And 13880 Filed By The UAW (Docket No. 19811)*

*Related filings:*   *UAW Settlement Agreement Approval Order (Docket No. 8693)*

*Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing (Docket No. 19817)*

*Proof Of Claim Number 13838*

*Status:*   *This matter has been adjourned to the claims hearing scheduled for May 20, 2010 pursuant to an agreement between the parties.*

17.   **"Sufficiency Hearing Regarding Claims of International Union, UAW, and Local 155 on Behalf of Its Bargaining Unit Members"** - Sufficiency Hearing Regarding Claims Of International Union, UAW, and Local 155 on Behalf of Its Bargaining Unit Members As Objected To On Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 to (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19395)

*Responses filed:*   *UAW's Response To Forty-Fourth Omnibus Claims Objection (Docket No. 19669)*

*Replies filed:*   *Reorganized Debtors' Omnibus Reply In Support Of Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (D) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain*

19

*Allow (A) Certain Modified and Allowed Claims, (B) a Partially Satisfied Claim, and (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow and Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, and (E) a Duplicate Claim, (III) Object to Certain (A) Preference-Related Claims and (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19700)*

*Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proofs Of Claim Numbers 5268, 13270, 13838, And 13880 Filed By The UAW (Docket No. 19811)*

*Related filings:*     *UAW Settlement Agreement Approval Order (Docket No. 8693)*

*Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing (Docket No. 19817)*

*Proof Of Claim Number 13880*

*Status:*     *This matter has been adjourned to the claims hearing scheduled for May 20, 2010 pursuant to an agreement between the parties.*

## C.    Uncontested, Agreed, Or Settled Matters

19.     **"Ace Companies' Contract Objection"** – Ace Companies filed their Limited Objection Of The Ace Companies To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (as Modified) (the "Limited Plan Objection") (Docket No. 18216)

*Responses filed:*     *None.*

*Replies filed:*     *None.*

*Related filings:*     *Notice Of Adjournment Of Hearing On Objections To Notices Of Nonassumption, Cure Amounts, And Assumption And Assignment Of Executory Contracts And Unexpired Leases To August 17, 2009 (Docket No. 18649)*

21

*Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 4769 (2088343 Ontario Limited And 1599963 Ontario Limited) (Docket No. 19442)*

*Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Claim Number 4769 (1599963 Ontario Limited) (Docket No. 19560)*

*Notice Of Adjournment Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim Number 4769 Filed By 1599963 Ontario Limited And Subsequently Transferred To 2088343 Ontario Limited (Docket No. 19729)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing (Docket No. 19817)*

*Proof Of Claim Number 4769*

Status:                *This matter has been resolved pursuant to a stipulation between the parties.*

21.   **"Claims Objection Hearing Regarding Claims of Twin Corporation"** - Claims Objection Hearing Regarding Claims Of Twin Corporation as Objected To On Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And Consensually Modified And Reduced Claims (Docket No. 8617) And  Reorganized Debtors' Fortieth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Books And Records Claims, (B) Fully Satisfied Claims, And (C) Objected- To Claims To Be Disallowed, (II) Modify And Allow Certain (A) Partially Satisfied Claims, (B) Claims To Be Further Modified, (C) Objected-To Claims To Be Modified and Allowed, And (III) Allow Certain Claims (Docket No. 19222)

Objections filed:      *Creditor Twin Corporation's Response To Debtors' Notice Of Objection To Claim (Docket No. 19318)*

Replies filed:         *Debtors' Omnibus Reply In Support Of Debtors' Nineteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books and Records, (C) Untimely Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, And*

23

And OPEB Claims, (H) Workers' Compensation Claims, (II) Modify And Allow
Certain Administrative Expense Severance Claims, And (III) Allow Certain
Administrative Expense Severance Claims (Docket No. 19356)

*Responses filed:*      *Robin R. Budd's Response To Forty-Third Omnibus Claims
Objection (Docket No. 19514)*

*Replies filed:*        *Reorganized Debtors' Omnibus Reply In Support Of
Forty-Third Omnibus Objection Pursuant To 11 U.S.C. §
503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain
Administrative Expense (A) Severance Claims, (B) Books And
Records Claims, (C) Duplicate Claims, (D) Equity Interests,
(E) Prepetition Claims, (F) Insufficiently Documented Claims,
(G) Pension, Benefit, And OPEB Claims, (H) Workers'
Compensation Claims, And (I) Transferred Workers'
Compensation Claims, (II) Modify And Allow Certain
Administrative Expense Severance Claims, And (III) Allow
Certain Administrative Expense Severance Claims (Docket
No. 19574)*

*Reorganized Debtors' Supplemental Reply To Responses Of
Certain Claimants To Debtors' Objections To Proof Of Claim
Number 11375 Filed By Jeffrey A. Miller, Administrative
Expense Claim Number 16925 Filed By Stanley D. Smith,
Administrative Expense Claim Numbers 17081 And 18049
Filed By James A. Luecke, Administrative Expense Claim
Number 18087 Filed By Frank X. Budelewski, Administrative
Expense Claim Number 18604 Filed By Walter A. Kunka,
Administrative Expense Claim Number 20017 Filed By
Andrew C. Gregos, And Administrative Expense Claim
Number 20054 Filed By Robyn R. Budd (Docket No. 19809)*

*Related filings:*     *Final Order Under 11 U.S.C. §§ 105, 363(b)(1), 1108, And
1114(d)(I) Confirming Debtors' Authority To Terminate
Employer-Paid Post-Retirement Health Care Benefits And
Employer-Paid Post-Retirement Life Insurance Benefits For
Certain (a) Salaried Employees And (b) Retirees And Their
Surviving Spouses And (II) Amending Scope And Establishing
Deadline For Completion Of Retirees' Committee's
Responsibilities, dated March 11, 2009 (Docket No. 16448)*

*Notice Of Sufficiency Hearing With Respect To Debtors'
Objections To Proofs Of Claim Numbers 5268, 13270, 13838,
13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087,
18604, 18740, 20017, And 20054 (Docket No. 19735)*

25

*14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul
Pasricha And Proof Of Claim Number 12147 Filed By
Pamela Geller And (II) Unredacted Versions Of (A) The
Supplemental Reply And (B) A Certain Agreement Between
Debtors And Atul Pasricha Under Seal (Docket No. 19814)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing
(Docket No. 19817)*

*Order Authorizing Reorganized Debtors To File (I) A
Redacted Version Of Reorganized Debtors' Supplemental
Reply To Responses Of Certain Claimants To Debtors'
Objections To Proofs Of Claim Numbers 14019, 14020,
14022, 14023, 14024, 14025, And 14026 Filed By Atul
Pasricha And Proof Of Claim Number 12147 Filed By
Pamela Geller And (II), Under Seal, Unredacted Versions Of
(A) The Supplemental Reply And (B) A Certain Agreement
Between Debtors And Atul Pasricha (Docket No. 19823)*

*Confidential – Subject To Bankruptcy Court Order Re:
Reorganized Debtors' Supplemental Reply To Responses Of
Certain Claimants To Debtors' Objections To Proofs Of
Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025,
And 14026 Filed By Atul Pasricha And Proof Of Claim
Number 12147 Filed By Pamela Geller; And Exhibit A
(Docket No. 19865)*

*Proof Of Claim Number 12147*

*Status:*          *This hearing with respect to this matter will be proceeding.*

## D.  Contested Matters

24.  **"Sufficiency Hearing Regarding Claims of the New York State Department of
Environmental Conservation"** - Sufficiency Hearing Regarding Claims Of The
New York State Department of Environmental Conservation As Objected To On
The Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. §
502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient
Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And
(C) Claims Subject To Modification And (II) Motion To Estimate Contingent And
Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452)

*Responses filed:*     *The New York State Department of Environmental
Conservation's Response To Debtors' Third Omnibus
Objection To Proofs of Claim Nos. 13776 And 13881 (Docket
No. 5734)*

27

*10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911,
11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881,
14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370,
14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162,
19543, And 19545 (Docket No. 19504)*

*Letter By David R. Berz Re: DPH Holdings Corp., Case No.
05-44481, Hearing Scheduled For March 18, 2010 At 10:30
A.M (Docket No. 19699)*

*Statement Of GM Components Holdings LLC Regarding
Claims Objection Between Reorganized Debtors And The
New York State Department Of Environmental Conservation
(Docket No. 19806)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing
(Docket No. 19817)*

*Proofs Of Claim Numbers 13776 And 13881*

*Status:*          *This hearing with respect to this matter will be proceeding.*

25.    **"Sufficiency Hearing Regarding Claims of Illinois Tool Works Inc. and ITW
Food Equipment Group LLC"** - Sufficiency Hearing Regarding Claims Of
Illinois Tool Works Inc. And ITW Food Equipment Group LLC As Objected To On
The Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C.§
502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient
Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And
(C) Claims Subject To Modification And (II) Motion To Estimate Contingent And
Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452)

*Responses filed:*     *Response Of Creditors: (I) Illinois Tool Works Inc.; (II)
Illinois Tool Works For Hobart Brothers Co.; (III) Hobart
Brothers Company, (IV) ITW Food Equipment Group LLC;
And (V) Tri-Mark, Inc. In Opposition To Debtors' Third
Omnibus Objection To Certain Claims (Docket No. 5617)*

*Supplemental Brief Of Illinois Tool Works Inc. And ITW Food
Equipment Group LLC In Support of Claim Nos. 11983,
11985, 11988 And 11989 (Docket No. 19893)*

*Replies filed:*      *Debtors' Omnibus Reply In Support Of Debtors' (I) Third
Omnibus Objection (Substantive) Pursuant To 11 U.S.C.
Section 502(b) and Fed. R. Bankr. P. 3007 To Certain (A)
Claims With Insufficient Documentation, (B) Claims
Unsubstantiated By Debtors' Books And Records, And (C)
Claims Subject To Modification And (II) Motion To Estimate*

29

26.     **"Sufficiency Hearing Regarding Claims of Atul Pasricha"** - Sufficiency Hearing
        Regarding Claims Of Pasricha Atul As Objected To On The Debtors' Twenty-First
        Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To
        Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C)
        Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books
        And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax
        Claim Subject To Modification, And Modified Claims Asserting Reclamation
        (Docket No. 9535)

        *Responses filed:*       *Response Of Atul Pasricha To Debtors' Twenty-First
                                 Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed.
                                 R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended
                                 Claims, (B) Untimely Equity Claim, (C) Insufficiently
                                 Documented Claims, (D) Claims Not Reflected On Debtors'
                                 Books And Records, (E) Untimely Claims, And (F) Claims
                                 Subject To Modification, Tax Claim Subject To Modification,
                                 And Modified Claims Asserting Reclamation (Docket No.
                                 10699)*

        *Replies filed:*         *Debtors' Omnibus Reply In Support Of Twenty-First Omnibus
                                 Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr.
                                 P. 3007 To Certain (A) Duplicate Or Amended Claims, (B)
                                 Untimely Equity Claim, (C) Insufficiently Documented
                                 Claims, (D) Claims Not Reflected On Debtors' Books And
                                 Records, (E) Untimely Claims, And (F) Claims Subject To
                                 Modification, Tax Claim Subject To Modification, And
                                 Modified Claims Asserting Reclamation (Docket No. 10713)*

                                 *Reorganized Debtors' Supplemental Reply To Responses Of
                                 Certain Claimants To Debtors' Objections To Proofs Of
                                 Claim Numbers 14019, 14020, 14022, 14023, 14024, 14025,
                                 And 14026 Filed By Atul Pasricha And Proof Of Claim
                                 Number 12147 Filed By Pamela Gelle (Docket No. 19829)*

        *Related filings:*       *Notice Of Sufficiency Hearing With Respect To Debtors'
                                 Objections To Proofs Of Claim Nos. 11892, 12147, 14019,
                                 14020, 14022, 14023, 14024, 14025, 14026, 14370, And
                                 19543 (Docket No. 19725)*

                                 *Ex Parte Application Under 11 U.S.C. § 107(b) And Fed. R.
                                 Bankr. P. 9018 For Order Authorizing Reorganized Debtors
                                 To File (I) A Redacted Version Of Reorganized Debtors'
                                 Supplemental Reply To Responses Of Certain Claimants To
                                 Debtors' Objections To Proofs Of Claim Numbers 14019,
                                 14020, 14022, 14023, 14024, 14025, And 14026 Filed By Atul
                                 Pasricha And Proof Of Claim Number 12147 Filed By
                                 Pamela Geller And (II) Unredacted Versions Of (A) The*

31

*Contingent And Unliquidated Claims Pursuant To 11 U.S.C. Section 502(c) (Docket No. 5944)*

*Debtors' Omnibus Supplemental Reply To Responses To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) [Docket No. 5452] With Respect To Proof Of Claim Numbers 3886, 7075, 9674, 11829, 12129, And 13411 (Docket No. 6382)*

*Reorganized Debtors' Supplemental Reply To Response Of A Certain Claimant To Debtors' Objection To Proof Of Claim Number 11892 Filed By Ronald E. Jorgensen (Docket No. 19813)*

*Related filings:* *Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 11892, 12147, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, And 19543 (Docket No. 19725)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing (Docket No. 19817)*

*Proof Of Claim Number 11892*

*Status:* *The hearing with respect to this matter will be proceeding.*

28. **"Sufficiency Hearing Regarding Claims of Jeffrey A. Miller"** - Sufficiency Hearing Regarding Claims Of Jeffrey A. Miller As Objected To On The Reorganized Debtors' Thirty- Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (Docket No. 18983)

*Responses filed:* *Jeffrey A. Miller's Response To The Thirty-Sixth Omnibus Claims Objection (Undocketed)*

*Replies filed:* *Debtors' Omnibus Reply In Support Of Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (Docket No. 19099)*

33

*Order Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 Disallowing and Expunging Proof of Claim Number 11375 Filed by Jeffrey A. Miller (Docket No. 19779)*

*Notice Of Rescheduling Of Thirty-Second Claims Hearing (Docket No. 19817)*

*Proof Of Claim Number 11375*

*Status:*            *The hearing with respect to this matter will be proceeding.*

29.   **"Sufficiency Hearing Regarding Claims of Stanley D. Smith"** - Sufficiency Hearing Regarding Claims Of Stanley D. Smith As Objected To On Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims,(VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (Docket No. 18984)

*Responses filed:*       *Response Of Stanley D. Smith To Thirty-Seventh Omnibus Claims Objection (Docket No. 19006)*

*Letter by Stanley D. Smith Re: Objection To Dismissal of Claim No. 16925 (Docket No. 19781)*

*Replies filed:*         *Debtors' Omnibus Reply In Support Of Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Pre-Petition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (Docket No. 19100)*

*Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proof Of Claim Number 11375 Filed By Jeffrey A. Miller, Administrative Expense Claim Number 16925 Filed By Stanley D. Smith, Administrative Expense Claim Numbers 17081 And 18049 Filed By James A. Luecke, Administrative Expense Claim Number 18087 Filed By Frank X. Budelewski, Administrative Expense Claim Number 18604 Filed By Walter A. Kunka, Administrative Expense Claim Number 20017 Filed By Andrew C. Gregos, And Administrative Expense Claim Number 20054 Filed By Robyn R. Budd (Docket No. 19809)*

*Related filings:*       *Final Order Under 11 U.S.C. §§ 105, 363(b)(1), 1108, And 1114(d)(I) Confirming Debtors' Authority To Terminate Employer-Paid Post-Retirement Health Care Benefits And*

35

503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain
Administrative Expense (A) Severance Claims, (B) Books And
Records Claims, (C) Duplicate Claims, (D) Pension And
Benefit Claims, And (E) Transferred Workers' Compensation
Claims, (II) Modify And Allow Certain Administrative
Expense Severance Claims, And (III) Allow Certain
Administrative Expense Severance Claims (Docket No.
19698)

Reorganized Debtors' Supplemental Reply To Responses Of
Certain Claimants To Debtors' Objections To Proof Of Claim
Number 11375 Filed By Jeffrey A. Miller, Administrative
Expense Claim Number 16925 Filed By Stanley D. Smith,
Administrative Expense Claim Numbers 17081 And 18049
Filed By James A. Luecke, Administrative Expense Claim
Number 18087 Filed By Frank X. Budelewski, Administrative
Expense Claim Number 18604 Filed By Walter A. Kunka,
Administrative Expense Claim Number 20017 Filed By
Andrew C. Gregos, And Administrative Expense Claim
Number 20054 Filed By Robyn R. Budd (Docket No. 19809)

Related filings:      Final Order Under 11 U.S.C. §§ 105, 363(b)(1), 1108, And
1114(d)(I) Confirming Debtors' Authority To Terminate
Employer-Paid Post-Retirement Health Care Benefits And
Employer-Paid Post-Retirement Life Insurance Benefits For
Certain (a) Salaried Employees And (b) Retirees And Their
Surviving Spouses And (II) Amending Scope And Establishing
Deadline For Completion Of Retirees' Committee's
Responsibilities, dated March 11, 2009 (Docket No. 16448)

Notice of Sufficiency Hearing with Respect to Debtors'
Objections to Proofs of Claim Numbers 5268, 13270, 13838,
13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087,
18604, 18740, 20017, and 20054 (Docket No. 19735)

Notice Of Rescheduling Of Thirty-Second Claims Hearing
(Docket No. 19817)

Administrative Expense Claim Numbers 17081 And 18049

Status:               This hearing with respect to this matter will be proceeding.

31.   **"Sufficiency Hearing Regarding Claims of Frank X. Budelewski"** - Sufficiency
Hearing Regarding Claims Of Frank X. Budelewski As Objected To On Debtors'
Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R.
Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III)
Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims,(VI)

37

32.    **"Sufficiency Hearing Regarding Claims of Walter A. Kunka"** - Sufficiency
       Hearing Regarding Claims Of Walter A. Kunka As Objected To On Debtors'
       Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R.
       Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III)
       Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims,(VI)
       Pension, Benefit, And OPEB Claims, And (VII) Duplicate Claims (Docket No.
       18984)

     *Responses filed:*     *Walter A. Kunka's Response To Thirty-Seventh Omnibus*
                             *Claims Objection (Undocketed)*

     *Replies filed:*       *Debtors' Omnibus Reply In Support Of Thirty-Seventh*
                             *Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed.*
                             *R. Bankr. P. 3007 To Expunge Certain (I) Pre-Petition*
                             *Claims, (II) Equity Interests, (III) Books And Records Claims,*
                             *(IV) Untimely Claims, (V) Paid Severance Claims, (VI)*
                             *Pension, Benefit, And OPEB Claims, And (VII) Duplicate*
                             *Claims (Docket No. 19100)*

                             *Reorganized Debtors' Supplemental Reply To Responses Of*
                             *Certain Claimants To Debtors' Objections To Proof Of Claim*
                             *Number 11375 Filed By Jeffrey A. Miller, Administrative*
                             *Expense Claim Number 16925 Filed By Stanley D. Smith,*
                             *Administrative Expense Claim Numbers 17081 And 18049*
                             *Filed By James A. Luecke, Administrative Expense Claim*
                             *Number 18087 Filed By Frank X. Budelewski, Administrative*
                             *Expense Claim Number 18604 Filed By Walter A. Kunka,*
                             *Administrative Expense Claim Number 20017 Filed By*
                             *Andrew C. Gregos, And Administrative Expense Claim*
                             *Number 20054 Filed By Robyn R. Budd (Docket No. 19809)*

     *Related filings:*      *Final Order Under 11 U.S.C. §§ 105, 363(b)(1), 1108, And*
                             *1114(d)(l) Confirming Debtors' Authority To Terminate*
                             *Employer-Paid Post-Retirement Health Care Benefits And*
                             *Employer-Paid Post-Retirement Life Insurance Benefits For*
                             *Certain (a) Salaried Employees And (b) Retirees And Their*
                             *Surviving Spouses And (II) Amending Scope And Establishing*
                             *Deadline For Completion Of Retirees' Committee's*
                             *Responsibilities, dated March 11, 2009 (Docket No. 16448)*

                             *Notice of Sufficiency Hearing with Respect to Debtors'*
                             *Objections to Proofs of Claim Numbers 5268, 13270, 13838,*
                             *13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087,*
                             *18604, 18740, 20017, and 20054 (Docket No. 19735)*

                             *Notice Of Rescheduling Of Thirty-Second Claims Hearing*
                             *(Docket No. 19817)*

*Administrative Expense Claim Numbers 16898 And 18740*

Status:          *This hearing with respect to this matter will be proceeding.*

34.     **"Sufficiency Hearing Regarding Claims of Sharyl Y. Carter"** - Sufficiency
        Hearing Regarding Claims Of Sharyl Y. Carter As Objected To On Reorganized
        Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R.
        Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance
        Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And
        Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify
        And Allow Certain Administrative Expense Severance Claims, And (III) Allow
        Certain Administrative Expense Claims (Docket No. 19423)

        *Responses filed:*       *Sharyl Y. Carters Response To The Forty-Fifth Omnibus*
                                 *Claims Objection (Docket No. 19599)*

                                 *Letter By Sharyl Yvette Carter Re: Federal Express Receipts*
                                 *& Copies Of Documents Regarding Objections (Docket No.*
                                 *19886)*

        *Replies filed:*         *Reorganized Debtors' Omnibus Reply In Support Of*
                                 *Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. §*
                                 *503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain*
                                 *Administrative Expense (A) Severance Claims, (B) Books And*
                                 *Records Claims, (C) Duplicate Claims, (D) Pension And*
                                 *Benefit Claims, And (E) Transferred Workers' Compensation*
                                 *Claims, (II) Modify And Allow Certain Administrative*
                                 *Expense Severance Claims, And (III) Allow Certain*
                                 *Administrative Expense Severance Claims (Docket No.*
                                 *19698)*

                                 *Reorganized Debtors' Supplemental Reply To Response Of*
                                 *Claimant To Debtors' Objection To Administrative Expense*
                                 *Claim Numbers 17094 And 17773 Filed By Sharyl Y. Carter*
                                 *(Docket No. 19812)*

        *Related filings:*       *Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11*
                                 *U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A)*
                                 *Certain Pension And OPEB Claims, (B) Certain Individual*
                                 *Workers' Compensation Claims, (C) Certain Duplicate*
                                 *And/Or Amended Individual Workers' Compensation Claims,*
                                 *(D) Certain Untimely Individual Workers' Compensation*
                                 *Claims, (E) A Secured Books And Records Claim, And (F)*
                                 *Certain Untimely Claims, (II) Modify Certain (A) Wage And*
                                 *Benefit Claims, (B) State Workers' Compensation Claims,*
                                 *And (C) Individual Workers' Compensation Claims Asserting*
                                 *Priority, (III) Provisionally Disallow Certain Union Claims,*

41

Dated: New York, New York
April 22, 2010

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Albert L. Hogan III
    Ron E. Meisler

155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

43