SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|        Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND HENKEL CORPORATION COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 10656, 10681, 13249, AND 13441

(HENKEL CORPORATION)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Henkel Corporation (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Henkel Corporation Compromising And Allowing Proofs Of Claim Numbers 10656, 10681, 13249, and 13441 (Henkel Corporation) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 25, 2006, the Claimant filed proof of claim number 10656 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $781,205.06 ("Claim 10656") stemming from the sale of goods.

WHEREAS, on July 25, 2006, the Claimant filed proof of claim number 10681 against Delphi Mechatronic, which asserts an unsecured non-priority claim in the amount of $781,205.06 ("Claim 10681") stemming from the sale of goods.

WHEREAS, on July 31, 2006, the Claimant filed proof of claim number 13249 against Delphi, which asserts an unsecured non-priority claim in the amount of $14,112.30 ("Claim 13249") stemming from the sale of goods.

WHEREAS, on July 31, 2006, the Claimant filed proof of claim number 13441 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $115,694.05

("Claim 13441," together with Claim 10656, Claim 10681, and Claim 13249, the "Claims") stemming from the sale of goods.

WHEREAS, on September 21, 2007, the Debtors objected to Claim 10656, Claim 10681, Claim 13249, and Claim 13441 pursuant to the Debtors' Twenty-First Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Equity Claim, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claim Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 9535) (the "Twenty-First Omnibus Claims Objection").

WHEREAS, on October 12, 2007, the Claimant filed the Response Of Henkel Corporation To Debtors' Twenty-First Omnibus Objection To Claims And/Or Any Pending Claims Objection Related To Claims Of Henkel Corporation (Docket No. 10560) (the "First Response").

WHEREAS, on August 21, 2009, the Debtors objected to Claim 10681, Claim 13249, and Claim 13441 pursuant to the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth Omnibus Claims Objection").

WHEREAS, on September 23, 2009, the Debtors filed the Debtors' Omnibus Reply In Support Of Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers'

Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18927) whereby the Debtors agreed to withdraw the Thirty-Fifth Omnibus Claims Objection with respect to Claim 10681, Claim 13249, and Claim 13441.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi, DAS LLC, and Delphi Mechatronic emerged from chapter 11 as DPH Holdings Corp., DPH-DAS LLC, and DPH Mechatronic Systems, LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on December 21, 2009, the Debtors objected to Claim 10656 and Claim 10681 pursuant to the Reorganized Debtors' Fortieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Books And Records Claims, (B) Fully Satisfied Claims, And (C) Objected-To Claims To Be Disallowed, (II) Modify And Allow Certain (A) Partially Satisfied Claims, (B) Claims To Be Further Modified, (C) Objected-To Claims To Be Modified And Allowed, And (III) Allow Certain Claims (Docket No. 19222) (the "Fortieth Omnibus Claims Objection").

WHEREAS, on January 20, 2010, the Claimant filed the Precautionary Response Of Henkel Corporation To Debtors' Fortieth Omnibus Claim Objection (Docket No. 19332) (the

4

"Second Response," together with the First Response, the "Responses").

WHEREAS, to resolve the Twenty-First Omnibus Claims Objection and the Fortieth Omnibus Claims Objection with respect to the Claims, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that Claim 10656 should be allowed as a general unsecured non-priority claim in the amount of $314,506.62 against DPH-DAS LLC, Claim 10681 should be allowed as a general unsecured non-priority claim in the amount of $2,602.35 against DPH Mechatronic Systems, LLC, Claim 13249 should be allowed as a general unsecured non-priority claim in the amount of $10,358.10 against DPH-DAS LLC, and Claim 13441 should be allowed as a general unsecured non-priority claim in the amount of $258,780.54 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1.  Claim 10656 shall be allowed in the amount of $314,506.62 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2.  Claim 10681 shall be allowed in the amount of $2,602.35 and shall be treated as an allowed general unsecured non-priority claim against DPH Mechatronic Systems, LLC in accordance with the terms of the Modified Plan.

3.  Claim 13249 shall be allowed in the amount of $10,358.10 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

4.  Claim 13441 shall be allowed in the amount of $258,780.54 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in

accordance with the terms of the Modified Plan.

     5.    The Responses are hereby deemed withdrawn with prejudice.

     6.    This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 21st day of May, 2010

                            /s/Robert D. Drain
                            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ David B. Aaronson |
|---|---|
| John Wm. Butler, Jr. | David B. Aaronson |
| John K. Lyons | DRINKER BIDDLE & REATH LLP |
| Ron E. Meisler | One Logan Square |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 18th & Cherry Streets |
|  | Philadelphia, PA 19103 |
| 155 North Wacker Drive |  |
| Chicago, Illinois 60606 | Attorneys for Henkel Corporation |

            - and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors