**Hearing Date:  July 22, 2010**
                                     **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|         Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE
CLAIM NUMBERS 18602 AND 19712
<u>(NEW JERSEY SELF-INSURERS' GUARANTY ASSOCIATION)</u>

("STATEMENT OF DISPUTED ISSUES – NEW JERSEY SELF-
INSURERS' GUARANTY ASSOCIATION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Numbers 18602 And 19712 (the "Statement Of Disputed Issues") filed by the New Jersey Self-Insurers' Guaranty Association (the "Association") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On July 14, 2009, the Association filed proof of claim number 18602 ("Claim 18602") against Delphi. Claim 18602 asserts an administrative expense claim for workers' compensation program-related payments in the amount of $1,400,000.00.

3. On November 4, 2009, the Association filed proof of claim number 19712 ("Claim 19712") against Delphi. The Proof of Claim asserts an unliquidated administrative expense claim for workers' compensation program-related payments (together with Claim 18602, the "Claims").

4. On March 19, 2010, the Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims,

And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711), seeking to disallow and expunge the Claims.

5. On April 15, 2010, the Association filed the Response Of New Jersey Self-Insurers Guaranty Association (Claim Nos. 18602 And 19712) To Debtors' Forty-Sixth Omnibus Claims Objection To Claims (Docket No. 19842) (the "Response").

6. On May 17, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Administrative Expense Claim Nos. 18602 And 19712 (New Jersey Self-Insurers' Guaranty Association) (Docket No. 20130), scheduling an evidentiary hearing on the merits of the Proof of Claim for July 22, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

## Disputed Issues

A. <u>The Claims Assert Liabilities Satisfied By The Association's Retention Of Collateral</u>

7. The Reorganized Debtors have reviewed the Claims and the Response and dispute that they owe the Association any amount for the workers' compensation liabilities asserted in the Claims.

8. Prior to the Petition Dates, as part of its efforts to satisfy certain requirements in order to self-insure for liabilities associated with work related accidents or occupational diseases, the Debtors provided the Association with a letter of credit in the amount of $5,500,000.00 (the "Collateral") as security for the Debtors' obligations relating to workers'

3

compensation benefits.  On or before March 17, 2010, CNA Surety Corporation, a third-party surety company, had withdrawn the entirety of the Collateral.

         9.      The Reorganized Debtors have retained the Oliver Wyman Group ("Oliver Wyman"), an independent, third-party actuarial firm.  On March 26, 2010, Oliver Wyman issued a report (the "Oliver Wyman Report") estimating the net unpaid obligations on account of employee workers' compensation claims in an amount that is well covered by the Collateral, such that the Association's guaranty of the Claim would not be triggered.  The Claims should, therefore, be disallowed and expunged in their entirety.

<u>Reservation Of Rights</u>

         10.      This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging Claim 18602 and Claim 19712 in their entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
      May 24, 2010

                    SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP


By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606

- and -


By: /s/ Kayalyn A. Marafioti
     Kayalyn A. Marafioti
Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

5