UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                              :         Chapter 11
:
DPH HOLDINGS CORP., et al.,        :         Case No. 05-44481 (RDD)
:
         Reorganized Debtors.     :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING (A) CERTAIN ADMINISTRATIVE EXPENSE
CLAIMS ON BOOKS AND RECORDS GROUNDS, (B) A CERTAIN ADMINISTRATIVE
EXPENSE DUPLICATE CLAIM, AND (C) CERTAIN ADMINISTRATIVE EXPENSE
DUPLICATE SUBSTANTIAL CONTRIBUTION CLAIMS, AND (II) MODIFYING A
<u>CERTAIN ADMINISTRATIVE EXPENSE CLAIM</u>

("FORTY-SEVENTH OMNIBUS CLAIMS OBJECTION ORDER")

       Upon the Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), dated April 16, 2010; and upon the record of the hearing held on the Forty-Seventh Omnibus Claims Objection; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Seventh Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, and <u>D</u>, <u>E-1</u>, and <u>E-2</u> hereto was properly and timely served with a copy of the Forty-Seventh Omnibus Claims Objection, a personalized Notice Of Objection To Claim, the proposed order granting the Forty-Seventh Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Seventh Omnibus Claims Objection. No other or further notice of the Forty-Seventh Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Forty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Forty-Seventh Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Forty-Seventh Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Administrative Claims listed on <u>Exhibit A</u> assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").

D. The Administrative Claim listed on <u>Exhibit B</u> is duplicative of another Administrative Claim (the "Duplicate Claim").

E. The Administrative Claims listed on <u>Exhibit C</u> (the "Duplicate Substantial Contribution Claims") are duplicative of applications for compensation filed by such parties pursuant to section 503(b)(3) and (4) of the Bankruptcy Code (the "Substantial Contribution Applications").

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

    F.  The Administrative Claim listed on <u>Exhibit D</u> asserts an amount that is overstated (the "Modified Claim").

    G.  <u>Exhibit F</u> hereto sets forth the formal name of the Debtor entity and its associated bankruptcy case number referenced on <u>Exhibits</u> <u>D</u> and <u>E-2</u> hereto.  <u>Exhibit G</u> hereto sets forth each of the Administrative Claims referenced on <u>Exhibits</u> <u>A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E-1</u>, and <u>E-2</u> in alphabetical order by claimant and cross-references each such Administrative Claim by (i) proof of administrative expense number and (ii) basis of objection.

  NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Each Books And Records Claim listed on <u>Exhibit A</u> hereto is hereby disallowed and expunged in its entirety.

    2.  The Duplicate Claim listed on <u>Exhibit B</u> hereto is hereby disallowed and expunged in its entirety.

    3.  Each Duplicate Substantial Contribution Claim listed on <u>Exhibit C</u> hereto is hereby disallowed and expunged in its entirety without prejudice to the claims asserted in the Substantial Contribution Applications.

    4.  The Modified Claim listed on <u>Exhibit D</u> hereto is hereby modified to reflect the amount, classification, and Debtor listed in the "Claim As Modified" column of <u>Exhibit D</u>.

    5.  With respect to each Administrative Claim for which a Response to the Forty-Seventh Omnibus Claims Objection has been filed and served listed on Exhibits <u>E-1</u> and <u>E-2</u> and which Response has not been resolved by the parties, the hearing regarding the objection to such Administrative Claims shall be adjourned to a future date to be noticed by the

Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient under the Claims Objection Procedure Order and the Administrative Claims Objection Procedures Order.  Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other administrative expense claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-Seventh Omnibus Claims Objection, except as such claims may have been settled and allowed. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Seventh Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

      6. Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Seventh Omnibus Claims Objection and attached hereto as <u>Exhibits A</u>, <u>B</u>, <u>C</u>, <u>D</u>, <u>E-1</u>, and <u>E-2</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Seventh Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

7. Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
    May 25, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE