UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
    In re                                       :         Chapter 11
                                                :
DPH HOLDINGS CORP., et al.,      :         Case No. 05-44481 (RDD)
                                                :
           Reorganized Debtors.     :         (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NINETEENTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

("NINETEENTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the Reorganized Debtors' Motion For Order Under Fed. R. Bankr. P. 2002(m) And 9007 Supplementing Case Management Orders By (A) Limiting Service Of All Future Filings And (B) Authorizing Service By Electronic Mail For All Future Filings, dated April 30, 2010 (the "Motion")[1] filed by DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its affiliates (collectively, the "Debtors"); and there being due and sufficient notice of the Motion; and upon the record of the May 20, 2010 hearing held on the Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

        A.        This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

---

[1] Unless otherwise defined, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

1

and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    B. The relief requested in the Motion is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. The Motion is GRANTED and the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order" as supplemented and amended from time to time, collectively, the "Case Management Orders")[3] is hereby supplemented as follows.

    2. Notwithstanding anything to the contrary in the Case Management Orders, the service of all future notices, motions, applications, and all briefs, memoranda, affidavits, declarations, or other documents filed in these cases (collectively, the "Filings") shall be effected in the following manner:

     (a) by e-mail on the reconstituted Master Service List (the "Post-Emergence Master Service List" consisting of the contacts and addresses set forth on <u>Exhibit A</u>), which would be comprised of:

---

[3] Additional supplemental orders have been entered at docket nos. 2995, 3293, 3589, 3629, 3730, 3824, 5418, 10661, 12487, 13920, 13965, 14534, 16589, 18839, 19178, 19360, and 19774.

      (i)    the Office of the United States Trustee;[4]

      (ii)    the Reorganized Debtors and their counsel;

      (iii)    General Motors Corporation and its counsel;

      (iv)    Delphi Automotive LLP and its counsel; and

      (v)    each party that makes a written request to the Reorganized Debtors, in the form attached hereto as Exhibit B, either (a) consenting to receive all Filings by e-mail and providing an appropriate e-mail address to effectuate such service or (b) setting forth with specificity the reason(s) why such party cannot accept service by e-mail and must receive service by U.S. mail;

(b)    by e-mail on the reconstituted 2002 Service List (the "Post-Emergence 2002 Service List" and together with the Post-Emergence Master Service List, the "Post-Emergence Service Lists"), which would be comprised of:

      (i)    each party currently listed on the 2002 Service List that currently receives service by e-mail;

      (ii)    each party currently listed on the 2002 Service List that currently does not receive service by e-mail and makes a written request of the Reorganized Debtors in the form attached hereto as Exhibit C, either (a) consenting to receive all Filings by e-mail and providing an appropriate e-mail address to effectuate such service or (b) setting forth with specificity the reason(s) why such party cannot accept service by e-mail and must receive service by U.S. mail;

      (iii)    all counsel who filed a notice of appearance in these cases on or after April 30, 2010 provided that in each such case, only one copy of the Filings would

---

[4] Service upon the United States Trustee would continue to be effected by U.S. mail.

be served regardless of how many creditors or parties-in-interest such counsel represents.

(c) by overnight mail upon all parties with a particularized interest in the subject of Filing.

3. Upon filing a notice of appearance, the Reorganized Debtors shall cause a copy of this order to be served on counsel by e-mail. Absent submission of a written request in the form attached hereto as <u>Exhibit C</u>, each counsel filing a notice of appearance shall be deemed to have consented to service by e-mail.

4. The Reorganized Debtors are permitted to effect service of all future Filings via e-mail and are not required to serve paper copies on any party-in-interest other than the United States Trustee or any party providing adequate justification why service by e-mail is not acceptable. Parties with a particularized interest in the subject of the Filing shall continue to be served with all Filings by overnight mail.

5. Service by e-mail shall be deemed to satisfy the Court's rules for service and shall be effective as of the date Filings are electronically transmitted to the e-mail addresses listed on the Post-Emergence Master Service List and the Post-Emergence 2002 Service List. The Reorganized Debtors, in their sole discretion, shall be permitted to (i) serve an entire Filing, including the portions of any such filing that cannot be sent by electronic transmission, by first class U.S. mail, as appropriate, including any proposed form of order, exhibits, attachments, and other relevant materials or (ii) include a notation in the electronic transmission that the Filing cannot be annexed because of the Filing's size, technical difficulties, or other concerns and that the paper copies of the Filing will be (a) sent by regular mail if requested by the recipient of the electronic transmission or (b) posted on any website maintained in connection with these chapter 11 cases.

6. Notwithstanding Fed. R. Bankr. P. 9006(f), which states "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2) (D), (E), or (F) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)," service of any Filings ultimately sent by U.S. mail because of the failure of the recipient's e-mail account to receive such electronic transmission, shall be effective as of the date that (i) the Filings are mailed or (ii) notification that the Filings cannot be annexed is electronically transmitted to the e-mail addresses listed on the Post-Emergence Service Lists.

7. The Reorganized Debtors are hereby authorized but not directed to serve via e-mail upon the Post-Emergence Service Lists and via U.S. mail upon parties with a particularized interest in the subject of the order, any order entered by this Court that contains a material change from the proposed order submitted with the initial filing.[5]

---

[5] To the extent applicable, service pertaining to claims matters will continue to be governed by the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered on December 7, 2006 (Docket No. 6089) (the "Claims Procedures Order") and the Order Pursuant to 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered on October 22, 2009 (Docket No. 18998) (the "Administrative Claims Procedures Order").

8.     Except as set forth herein, the Case Management Orders shall continue in full force and effect.  For the avoidance of doubt, the rules with respect to adversary proceedings including, but not limited to, the requirement that all initial Filings, complaints, and other pleadings filed in any adversary proceeding commenced in these cases be served by overnight mail, courier, or hand delivery shall remain unchanged.  In addition, the deadlines to object or otherwise respond to any Filing shall also remain unchanged.

Dated: White Plains, New York
       May 25, 2010

                /s/Robert D. Drain
              UNITED STATES BANKRUPTCY JUDGE