SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :
     In re                      :       Chapter 11
                               :
DPH HOLDINGS CORP., et al.,    :       Case Number 05-44481 (RDD)
                               :
          Reorganized Debtors.    :       (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REORGANIZED DEBTORS' SECOND SUPPLEMENTAL REPLY TO RESPONSE OF CLAIMANTS TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 19543 FILED BY JOSE C. ALFARO AND MARTHA ALFARO**

**("SECOND SUPPLEMENTAL REPLY REGARDING CERTAIN CLAIMS FILED BY JOSE C. ALFARO AND MARTHA ALFARO")**

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Second Supplemental Reply To Response Of Claimants To Debtors' Objection To Proof of Claim Number 19543 Filed By Jose C. Alfaro And Martha Alfaro (the "Second Supplemental Reply"),[1] and respectfully represent as follows:

<u>Preliminary Statement</u>

1.      During the sufficiency hearing on May 20, 2010, this Court directed Jose C. Alfaro and Martha Alfaro to submit a supplemental brief concerning certain issues raised at the hearing.  The Reorganized Debtors received a copy of the Alfaros' supplemental brief – titled Supplemental Authority Showing That Plaintiff Is Not Collaterally Estopped From Bringing Claim And Authority Supporting Motion To Set Adise Judgment (the "Supplemental Brief") – via e-mail on May 22, 2010.  It does not appear, however, that the Alfaros filed the Supplemental Brief.  For this reason, a copy of the Supplemental Brief is attached to this memorandum as <u>Exhibit A</u>.

2.      In the Supplemental Brief, the Alfaros raise two arguments regarding issue preclusion and one argument regarding fraud on the court under Fed. R. Civ. P. 60(d)(3).  With respect to issue preclusion, the Alfaros assert that the judgment entered against them by the Colorado federal court does not preclude them from litigating in this Court whether the Silverado involved in their accident was defective because (i) that issue is not identical to an issue actually litigated and necessarily adjudicated in the Colorado action and (ii) the Alfaros did not have a full and fair opportunity to litigate the issues in the Colorado action.  With respect to Rule

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proof of Claim Number 19543 Filed By Jose C. Alfaro And Martha Alfaro (Docket No. 20004), dated May 10, 2010 (the "First Supplemental Reply").

60(d)(3), the Alfaros ask this Court to set aside its decisions disallowing the Alfaros' earlier

proofs of claim on the grounds that the Alfaros' prior counsel committed a fraud on the court

through his unauthorized submission of proof of claim 16471.

> 3.    The Alfaros' issue preclusion arguments are unconvincing.  Contrary to

the Alfaros' characterizations of the proceedings in the Colorado action, the question whether the

Silverado was defective was, in fact, actually litigated in connection with GM's summary

judgment motion, and the Colorado court's ruling on that issue was a necessary step in the

decision granting GM's motion.  In addition, the Alfaros had a full and fair opportunity to litigate

the issue in the Colorado action, including producing their own expert's report and two briefs in

opposition to the summary judgment motion.  As the plaintiffs in that action faced with a

summary judgment motion designed to eliminate their claims, the Alfaros had more than

sufficient incentive to vigorously defend their position that the Silverado was defective, and the

close relation between the issues in the Colorado action and those presented by the proof of

claim at issue here provide further support for that conclusion.  The Alfaros' belated attempt to

set aside this Court's prior orders under Rule 60(d)(3) also fails because the Aflaros have not

carried their heavy burden of showing a fraud on the court that was an unconscionable plan or

scheme designed to improperly influence the court in its decision.

Argument

A.    <u>The Alfaros' Claim Is Barred Under The Doctrine Of Issue Preclusion</u>

> 4.    At the hearing on May 20, 2010, this Court suggested that the preclusive

effect of the Colorado judgment is governed by New York law.  The Reorganized Debtors

continue to believe that Colorado law applies based on <u>Semtek International Inc. v. Lockheed</u>

<u>Martin Corp.</u>, 531 U.S. 497 (2001), in which the Supreme Court addressed the choice of law

rules with respect to preclusion issues.  In that case, a California federal court entered a judgment

3

dismissing a plaintiff's diversity action under California law, and the plaintiff brought a subsequent action in Maryland. Id. at 499-500. The Court held that the preclusive effect of the California judgment on the subsequent Maryland action was controlled by California law. Id. at 509. In this case, the Colorado federal court entered a judgment in the Alfaros' diversity action under Colorado law, and the preclusive effect of the judgment on this subsequent bankruptcy matter should be determined under Colorado law.[2]

       5.       Under Colorado law, issue preclusion bars re-litigation of an issue if (i) "the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding"; (ii) "the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding"; (iii) "there was a final judgment on the merits in the prior proceeding"; and (iv) "the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding." Stanton v. Schultz, 222 P.3d 303, 307 (Colo. 2010); accord In re Tonko, 154 P.3d 397, 405 (Colo. 2007). In their Supplemental Brief, the Alfaros acknowledge that the Reorganized Debtors have established the second and third elements. (Supplemental Brief at 2.) The Alfaros' arguments as to the first and fourth elements are refuted below.

     (1)     <u>The Defective Silverado Issue Was Actually Litigated And Necessarily Adjudicated In The Colorado Action</u>

---

[2]  There is no apparent conflict between Colorado and New York law in any event, as Colorado and New York law are substantially the same with respect to the two elements challenged by the Alfaros. See Tydings v. Greenfield, Stein & Senior, LLP, 897 N.E.2d 1044, 1046 (N.Y. 2008) ("Collateral estoppel bars relitigation of an issue which has necessarily been decided in [a] prior action and is decisive of the present action if there has been a full and fair opportunity to contest the decision now said to be controlling.") (internal quotation marks omitted); see also City of N.Y. v. Welsbach Elec. Corp., 878 N.E.2d 966 (N.Y. 2007) (explaining that issue preclusion applies when "the issue in the second action is identical to an issue which was raised, necessarily decided, and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action") (internal quotation marks omitted).

4

6.    The Alfaros' first argument relates to the first element of issue preclusion, which asks whether the issue "is identical to an issue actually litigated and necessarily determined in a prior proceeding." Tonko, 154 P.3d at 405. "For an issue to be actually litigated, the parties must have raised the issue in a prior action." In re Water Rights of Elk Dance Colo, LLC, 139 P.3d 660, 667 (Colo. 2006) (citing Bebo Constr. Co. v. Mattox & O'Brien, P.C., 990 P.2d 78, 85 (Colo. 1999)). An issue is "necessarily adjudicated" when a determination on that issue was necessary to the judgment. Bebo, 990 P.2d at 86.

7.    On April 7, 2005, the Alfaros filed a complaint against General Motors Corporation ("GM"), Delco Electronics Corporation, Delco Electronics Corporation, Delphi Automotive Systems (f/k/a Inland Fisher Guide), John Doe, and John Doe, Inc. (collectively, the "Defendants") in the United States District Court for the District of Colorado (the "District Court"), alleging that Defendants were liable for the personal injury claim asserted by the Alfaros. Alfaro v. General Motors Corp., Civil Action No. 05-cv-00645 (D. Col.) (the "District Court Action").[3] The District Court Action against the Debtors was stayed pursuant to the automatic stay.

8.    In the Alfaros' complaint (District Court Action, Docket No. 1) (the "Complaint"), which was attached to the First Supplemental Reply as Exhibit A, the Alfaros list three claims for relief against the Defendants: (i) strict liability in tort under C.R.S. §13-21-401; (ii) negligent design, manufacture, installation, testing, and inspection; and (iii) breach of implied warranty of merchantability. Complaint ¶¶ 30-45. As the Alfaros describe in their Complaint,

---

[3]    Proof of claim number 19543 is based on this litigation. For example, the Alfaros attached the complaint filed in the District Court Action to the Response as well as to the previously disallowed duplicative proofs of claim numbers 15613 and 16471.

the 2000 Chevrolet Silverado 1500, 4X4, Ltd., VIN 1GCEK19T1YE143024 (the "Silverado"),
was the subject of the Complaint ¶ 9.

9.      For an issue to be actually litigated, the issue must have been pled in the
prior claim and a determination on that issue must have been necessary to the prior judgment.
Tonko, 154 P.3d at 405; Bebo, 990 P.2d at 78.  As discussed in the First Supplemental Reply, all
three of the causes of action pled against Delphi, strict liability, negligence, and implied breach
of warranty, require that the Alfaros demonstrate that the same issue be proved – that the
Silverado was defective.  The Alfaros appear to claim that the issue of negligence was never
litigated and therefore issue preclusion should not apply.  (Supplemental Brief at 5).  As with
their claims against GM, to sustain their proof of claim against Delphi the Alfaros would need to
prove that the Silverado was defective.  Indeed the claims against Delphi are based on the same
theories and facts and circumstances as the claims against GM in the District Court Action. The
Alfaros cannot relitigate the question whether the Silverado was defective, however, because the
District Court's judgment prohibits them from doing so under the doctrine of issue preclusion.

10.      On July 21, 2006, after full discovery, GM moved for summary judgment
(District Court Action, Docket No. 59) (the "Summary Judgment Motion") and concurrently
filed its brief in support of the Summary Judgment Motion (District Court Action, Docket No.
60) (the "Summary Judgment Motion Brief").  For this Court's reference, a copy of the Summary
Judgment Motion was attached to the First Supplemental Reply as Exhibit B and a copy of the
Summary Judgment Motion Brief was attached to the First Supplemental Reply as Exhibit C.

11.      The evidence presented to the District Court in connection with the
Summary Judgment Motion included, among other things an expert report prepared by the
Alfaros' expert (the "Alfaro Expert Report") that addressed whether the Silverado was defective.

Summary Judgment Motion Exhibit A-3. In the Alfaro Expert Report, the Alfaros' expert specifically addressed whether there was a defect in either the Silverado's air bag system or the right front passenger seat belt system. Summary Judgment Motion Exhibit A-3 at 10. GM argued that the Alfaro Expert Report did not create a genuine issue of fact as to the existence of a defect because it failed to identify with sufficient particularity the alleged defect. Summary Judgment Motion at 4. This history undermines the Alfaros' unsupported assertions that the District Court's ruling involved "no meaningful assessment of the facts" and that the District Court "did not meaningfully weigh the evidence." (Supplemental Brief at 5.)

12.    On August 21, 2006, GM filed a motion to expedite consideration for summary judgment (District Court Action, Docket No. 63) (the "Motion to Expedite"), a copy of which was attached to the First Supplemental Reply as Exhibit D.

13.    On August 23, 2006, the Alfaros filed their opposition to Motion to Expedite (District Court Action, Docket No. 65) (the "Alfaro Opposition") and on September 11, 2006, GM filed its reply to the Alfaro Opposition (District Court Action, Docket No. 66). A copy of the Alfaro Opposition was attached to the First Supplemental Reply as Exhibit E and GM's reply was attached to the First Supplemental Reply as Exhibit F.

14.    On October 17, 2006, the District Court issued an opinion and judgment granting the Summary Judgment Motion in its entirety and terminating the District Court Action (District Court Action, Docket No. 67) (the "Summary Judgment Order"), and a copy of the Summary Judgment Order was attached to the First Supplemental Reply as Exhibit G. In the Summary Judgment Order, the District Court held that the Alfaro Opposition would be treated as a response to the Summary Judgment Motion. Summary Judgment Order at 4. Furthermore, the District Court did not enter a default judgment, rather in the Summary Judgment Order the

District Court granted summary judgment in favor of GM and against the Alfaros on the grounds

that the Alfaros failed to come forward with sufficient evidence that the Silverado was defective

as required under each of the three claims for relief asserted.

15.    On October 30, 2006, the Alfaros filed a motion to reconsider the

Summary Judgment Order (District Court Action, Docket No. 68) (the "Motion to Reconsider"),

GM filed its response to the Motion to Reconsider (District Court Action, Docket No. 81), and

the District Court denied the motion on December 11, 2006 (District Court Action, Docket No.

86).  For this Court's reference, copies of the Motion to Reconsider, GM's response, the order

denying the Motion to Reconsider were attached to the First Supplemental Reply as Exhibits H,

I, and J, respectively.

16.    On January 2, 2007, the District Court entered a final judgment against the

Alfaros (District Court Action, Docket No. 88), a copy of which was attached to the First

Supplemental Reply as Exhibit K.

17.    The Alfaros appear to argue that a default judgment was entered against

them due to their previous attorney's alleged fraud.  (Supplemental Brief at 3-4.)  Even when

default judgments are entered against a party, courts have held that "when a party defaults by

failure to answer . . . the defaulting litigant may not further contest the liability issues."  Kelleran

v. Andrijevic, 825 F.2d 692, 694 (2d Cir. 1987).  In Kelleran, after the defendant failed to answer

counterclaims and the state court entered a default judgment, the defendant commenced a

bankruptcy proceeding and attempted to relitigate the issue of liability.  Id. at 694.  The court

held that the "bankruptcy court, therefore,  was bound to the liability determinations in the state

[default] judgment unless an exception existed," such as "where the judgment was procured by

collusion or fraud, or where the rendering court lacked jurisdiction." Id. (internal citation

omitted).  "Bankruptcy proceedings may not be used to relitigate issues already resolved in a court of competent jurisdiction."  Id. at 695.

18.    Furthermore, under Colorado law, where the party seeking to apply collateral estoppel presents evidence that the prior court rendered findings based on actual evidence or that the parties engaged in a meaningful assessment of the facts and then the defendant made a conscious choice not to contest the entry of judgment, a court may appropriately find the issue was actually litigated.  In re Sukut, 357 B.R. 834, 839 (Bankr. D. Colo. 2006).

19.    The Alfaros assert that the District Court dismissed the District Court Action based on their prior attorney's failure to file a response to the Summary Judgment Motion.  (Supplemental Brief at 5.)  Contrary to this assertion, however, the District Court held that "[t]he Plaintiffs have failed to produce any evidence in support of their claims."  Summary Judgment Order at 4.  Furthermore, the District Court treated the Alfaro Opposition as a response to the Summary Judgment Motion.  Summary Judgment Order at 4.  Accordingly, the Alfaros are (i) incorrect that a default judgment was entered against them and (ii) incorrect that a judgment was entered against them because the Alfaros' attorney failed to file a response to the Summary Judgment Motion.

20.    In addition, there was a second round of litigation triggered by the Alfaros' Motion to Reconsider the Summary Judgment Order (District Court Action Docket No. 68), which was later denied after full briefing (District Court Action Docket No. 86).  All of the elements for issue preclusion under either Colorado or New York issue preclusion law are satisfied.  Having failed to establish that the Silverado was defective, the Alfaros should not be given a second bite at the apple in the form of an opportunity to litigate that same issue here.

(2)    The Alfaros Had A Full And Fair Opportunity To Litigate The Defective
Silverado Issue In The Colorado Action

21.    The Alfaros' next argument relates to the fourth element of issue

preclusion, which asks whether "the party against whom the doctrine is asserted had a full and

fair opportunity to litigate the issues in the prior proceeding." Stanton, 222 P.3d at 307; Tonko,

154 P.3d at 405.  The "determinative" factors with respect to this element are (i) "whether the

remedies and procedures in the first proceeding are substantially different from the proceeding in

which collateral estoppel is asserted," (ii) "whether the party in privity in the first proceeding

ha[d] sufficient incentive to vigorously assert or defend the position of the party against which

collateral estoppel is asserted," and (iii) "the extent to which the issues [in the first and second

proceedings] are identical." Elk Dance, 139 P.3d at 669; accord Tonko, 154 P.3d at 406.

22.    The Alfaros' concede that the first of these factors weighs in favor of the

Reorganized Debtors.  (Supplemental Brief at 6.)  And although the Alfaros maintain that the

second and third factors tip the balance in their direction, they do not present a convincing

argument as to either factor.  With respect to the second factor, the Alfaros themselves – rather

than someone who was in privity with the Alfaros – were the plaintiffs in the Colorado action.

GM moved for summary judgment on the Alfaros' claim, arguing that, among other things, the

Silverado involved in the accident was not defective, a factual predicate for each of the Alfaros'

claims.  It would be absurd to conclude that a plaintiff in a federal action lacks sufficient

incentive to vigorously oppose a summary judgment motion that, if granted, would eliminate the

plaintiff's claims.

23.    In asking this Court to reach that conclusion, the Alfaros rely on the

inapposite case of Elletson v. Riggle (In re Riggle), 389 B.R. 167 (D. Colo. 2007).  In Riggle, the

court determined that a party did not have a full and fair opportunity to litigate when the party

10

"could not afford an attorney to represent him" in connection with a summary judgment motion

in the first proceeding, the party mistakenly "believed he did not need to defend the summary

judgment motion," and the party was "unable to mount an effective defense due to the

distractions of [his] pending bankruptcy proceeding."  Id. at 178.  None of these features is

present here.  First, it is undisputed that the Alfaros were represented by counsel in the Colorado

action.  Second, the Alfaros do not allege that they were unaware of the need to oppose GM's

motion, and in fact they did oppose the motion, as described in Part A.1 above.  And third, in

contrast with the party against whom collateral estoppel was asserted in Riggle, there is no

indication that the Alfaros were dealing with a distracting bankruptcy of their own when the GM

motion was litigated.

24.    As for the third factor, as discussed in Part A.1 above, the critical factual

point decided in the Colorado action – i.e., that the Silverado was not defective – is identical to

the factual point that the Alfaros would have to prove to sustain their claims against the

Reorganized Debtors here.  Accordingly, this factor likewise supports a determination that the

Alfaros had a full and fair opportunity to litigate.

25.    In sum, the Alfaros acknowledge that the first factor cuts against them,

and the facts and circumstances demonstrate that the second and third factors point in the same

direction.  It follows that the Alfaros did have a full and fair opportunity to litigate the issues

presented by GM's summary judgment motion in the Colorado action, and that the fourth

element of issue preclusion is satisfied.

B.    There Is No Basis For Setting Aside This Court's Prior Orders Under Rule
60(d)(3)

26.    On August 10, 2009, the Claimants filed proof of claim number 19543

asserting an unsecured non-priority claim in the amount of  $1,500,000.00 against Delphi.  The

Claim is an attempt to resurrect proofs of claim numbers 15613[4] and 16471, which were

expunged on April 23, 2007 and September 28, 2007[5] respectively. Moreover, proof of claim

number 19543 is an exact photocopy of the previously disallowed proof of claim number 15613.

In fact, proof of claim number 19543 is even dated July 25, 2006 and continues to list Don C.

Staab in the return address.

27.    In the Alfaro Brief, the Alfaros ask this Court to set aside its prior orders

under Rule 60(d)(3) where a court may "set aside a judgment for fraud on the court." Fed. R.

Civ. P. 60(d)(3). First, the Reorganized Debtors assert that any motion under Fed. R. Civ. P.

60(d)(3) is moot because the claim is barred under the doctrine of issue preclusion. Second, the

Reorganized Debtors assert that the Alfaros have not met their burden under Fed. R. Civ. P.

60(d)(3) showing that a type of fraud was committed with the intention to defile the court itself,

or was perpetrated by officers of the court so that the judicial machinery cannot perform in the

usual manner its impartial task of adjudging cases that are presented for adjudication.

28.    The boundaries of the concept of "fraud upon the court" are strict. In re

Old Carco LLC, 423 B.R. 40, 52 (Bankr. S.D.N.Y. 2010). As Justice Gonzalez described, "fraud

on the court encompasses only that type of fraud which attempts to 'defile the court itself, or is a

fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the

---

[4]    On July 31, 2006, the Claimants filed proof of claim number 15613 in the amount of $1,500,000.00 on account of a prepetition lawsuit, which was disallowed and expunged pursuant to this Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (A) Duplicate And Amended Claims And (B) Equity Claims Identified In Tenth Omnibus Claims Objection (Docket No. 7772) and proof of claim number 16471 in the amount of $500,000.00 was deemed to be the Claimants' surviving claim.

[5]    Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification Identified In Twentieth Omnibus Claims Objection (Docket No. 9692).

usual manner its impartial task of adjudging cases that are presented for adjudication.'" In re Old

Carco LLC, 423 B.R. at 52 (quoting Kupferman v. Consolidated Research & Mfg. Corp., 459

F.2d 1072, 1078 (2d Cir. 1972)).

   29. In the Supplemental Brief, the Alfaros reference Justice Gonzalez's

discussion in In re Old Carco LLC that a lawyer must deal with the court with honesty and

integrity. Id. at 52. If a lawyer betrays this duty of loyalty to the court, the lawyer is deemed to

have "perpetrate[d] a fraud upon the court." Id. The fraud, misrepresentation or conduct at issue

must have been employed in an effort "to secure action of the court on the basis of [the

fraudulent conduct]." Id. (citing Hawkins v. Lindsley, 327 F.2d 356, 359 (2d Cir. 1964)).

Justice Gonzalez continued, stating that "the allegations show only fraud upon another party but

not upon the court, it is not considered fraud upon the court within the 'strict construction' that

has been applied to that phrase." Id. Furthermore, fraud on the court is "narrowly defined" as

"directed to the judicial machinery itself;" it is not fraud that takes place between the parties. Id.

The fraud, misrepresentation or conduct "'must involve an unconscionable plan or scheme which

is designed to improperly influence the court in its decision.'" Id. The Alfaros assert that the

filing of proof of claim number 16471 was tantamount to "fraud on the court." As described in

the Supplemental Brief, when filing proof of claim number 16471, "Mr. Staab, reduced the

amount of the claim to $500,000.00 in an attempt to induce a quicker settlement."

(Supplemental Brief at 11.) This action was a strategy decision made by Mr. Staab, not an

unconscionable plan or scheme designed to improperly influence the court in its decision.

Accordingly, the Alfaros have not met their burden to warrant reconsideration under Fed. R. Civ.

P. 60(d)(3).

### Conclusion

13

Accordingly, the Reorganized Debtors assert that (a) the Alfaros have not met their burden of proof to establish a claim against or interest in the Debtors, (b) proof of claim number 19513 is not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f), (c) the Claim fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012, (d) the Claim is barred under the doctrine of issue preclusion, and (e) the request for reconsideration under Fed. R. Civ. P. 60(d)(3) is without merit.  Because the Alfaros cannot provide facts or law supporting their claim, the Thirty-Sixth Omnibus Claims Objection should be sustained as to proof of claim number 19543 and the Claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order in the form of order attached hereto as <u>Exhibit B</u> (a) sustaining the objection with respect to proof of claim number 19543, (b) disallowing and expunging proof of claim number 19543 in its entirety, (c) denying the Alfaros' request to reconsider the disallowance of proof of claim number 15613 under Fed. R. Civ. P. 60(d)(3), and (d) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          May 24, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP


                              By:   /s/ John Wm. Butler, Jr.
                                   John Wm. Butler, Jr.
                                   John K. Lyons
                                   Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606


                                   - and -


                              By:   /s/ Kayalyn A. Marafioti
                                   Kayalyn A. Marafioti
                              Four Times Square
                              New York, New York 10036


                              Attorneys for DPH Holdings Corp., <u>et al.</u>,
                                 Reorganized Debtors

15

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter:  11 |
| Respondents. | | |

---

## SUPPLEMENTAL AUTHORITY SHOWING THAT PLAINTIFF IS NOT COLLATERALLY ESTOPPED FROM BRINGING CLAIM AND AUTHORITY SUPPORTING MOTION TO SET ADISE JUDGMENT
### Claimants:  Jose C. Alfaro and Martha Alfaro

---

The facts of this case present a situation where claimants have suffered a great injustice due to the wholesale fraud, misconduct and gross incompetence of their prior attorney, Mr. Staab, an officer of the Court. Without intervention of this Court, claimants will suffer an injustice the likes of which law and equity cannot sustain.

Respondent argues that (1) claimants are barred from pursuing their claim against Respondent pursuant to operation of issue preclusion, otherwise known as doctrine of collateral estoppel; and (2) because this Court has already expunged the claim at issue.

With regard to their first argument, Colorado case law clearly shows that issue preclusion is inappropriate in this case. Moreover, Respondent relies on case law that is easily distinguished from the facts presented here. With regard to their second argument, Respondent overlooks that the dismissal of the Alfaros' claim in bankruptcy was the result of fraud perpetrated on this Court by claimant's prior attorney.

A.    **THE ALFARO'S CLAIM IN BANKRUPTCY IS NOT PRECLUDED BY COLLATERAL ESTOPPEL BECAUSE RESPONDENT HAS FAILED TO PROVE THAT THE ISSUE WAS 'ACTUALLY LITIGATED' AND THAT CLAIMANT'S HAD A FULL AND FAIR OPPORTUNITY TO LITIGATE THE**

**ISSUES**

Collateral estoppel bars relitigation of issues that were "raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suites are based on the same cause of action." *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989). In giving effect to the doctrine of collateral estoppel, New York courts "look to the law of the state in which the decision or judgment was rendered." *Evans v. Ottima*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Marrese v. Am. Acad. Of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985).

Here, the judgment on which Respondent relies was decided in the United States District Court for the District of Colorado in October 2006. As such, this Court must look to Colorado law to determine if the collateral estoppel doctrine precludes claimants from bringing their claims against Respondent.

In Colorado, collateral estoppel bars relitigation of an issue if:

(1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Bebo Construction Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999). The burden establishing that all four elements are met rests with the party seeking preclusion. *Id.* at 85.[1]

Plaintiff does not dispute that the second and third elements listed above is satisfied in this case. However, Respondent has failed to prove that the case was '***actually litigated***' and that

---

[1] To the extent this Court thinks that New York law is applicable, Plaintiff notes that New York law states that collateral estoppel bars relitigation where: (1) the identical issue necessarily was decided and is decisive of the present action; and (2) the party to be precluded had a full and fair opportunity to litigate the issue in the prior action. *See In re Stewart Adler*, 395 B.R. 827 (Bankr. S.D.N.Y 2008).

the Alfaros had a ***full and fair opportunity*** to litigate in the prior proceeding.

1.   **Claimants' Case in Colorado was not Actually Litigated Because the Granting of Respondent's Motion for Summary Judgment Was Due to Attorney Incompetence, Not a Meaningful Assessment and Determination of the Claims.**

In *Bebo*, the Court engaged in a lengthy discussion of what is meant by 'actually litigated.' In so doing, the *Bebo* Court stated that the Supreme Court of Colorado has long recognized that the collateral estoppel doctrine only applies to issues necessarily adjudicated in the previous action. 990 P.2d at 86. The Court then stated that an issue is necessarily adjudicated "when a determination on that issue was necessary to a judgment." *Id.* Taking this notion one step further, the Court also cited to comment h of the Restatement (Second ) of Judgments which maintains that "[i]f issue are determined but the judgment is not dependant upon the determinations, relitigation of those issues…is not precluded." *Id*; *see also* Restatement (Second) of Judgments § 27 (1982).

In *Bebo*, Bebo Construction had filed a legal malpractice action against its attorneys, Mattox and O'Brien, P.C., for failing to comply with the statute of limitations. 990 P.2d at 80-81. The Court of Appeals determined that Mattox's failure did not cause harm to Bebo because the doctrine of collateral estoppel would have barred examination of the original defendant's ("BRW") conduct in the original negligence action. The Court of Appeals reasoned that because the underlying claim would have been unsustainable, Bebo could not prevail on the legal malpractice claim against Mattox. *Id.* Bebo Construction argued that that the Court of Appeals improperly applied to the doctrine of collateral estoppel in evaluating the underlying negligence claim. The Colorado Supreme Court agreed with Bebo Construction and overruled the Court of Appeals. In doing so, the Supreme Court of Colorado maintained that "… no final determination was made regarding BRW's misconduct. That issue, therefore, was neither actually litigated nor

3

actually determined." *Id.* at 87.

In *In re David Brian Riggle*, the United States District Court reviewed a decision by the Bankruptcy Court to grant a motion for summary judgment based on the doctrine of collateral estoppel. *In re David Brian Riggle*, 389 B.R. 167 (D. Colo. 2007). The Bankruptcy Court had found that a default judgment against the appellant satisfied all four elements of the doctrine of collateral source. The District Court reversed the decision, finding that the underlying judgment did not satisfy the requirement that the issue was not "actually litigated" and that the party opposing issue preclusion had not been given a full and fair opportunity to litigate the issue. *Id.* at 179.

The Court in *Riggle,* also undertook an extensive examination of what is meant by actually litigated. The Court maintained "the court can deny preclusive effect to the state judgment if the findings were conclusory or the records, pleadings, and affidavits do not enable the bankruptcy court to discern the basis of the facts." *Id.* at 175. By way of contrast, the court also noted that where a party seeking to apply issue preclusion presents evidence that the prior court rendered findings ***based on actual evidence*** or that the parties engaged in a ***meaningful assessment of the facts***… a court may appropriately find the issue actually litigated. *Id.* (citing *In re Gottheiner*, 703 F.3d 1136, 1138-40 (9th Cir. 1983) (emphasis added).

In reviewing the facts of that case, the Court in *Riggle* held that the party seeking preclusion have the burden of bringing forth an adequate state-court record. *Id.* at 176. After reviewing the record, the *Riggle* Court held that despite the judgment on record, the state court had not undertaken a meaningful assessment of the facts and had not weighed the evidence. *Id.* The Court then noted that the judgment had been based on a ***failure to respond to a motion for summary judgment***, and as such, had acted as an admission of fact. *Id.* The Court even noted

that while the judgment itself had contained a more detailed assessment of the facts, the initial

Order granting summary judgment had not. *Id.* The Court therefore found that the issue subject

to preclusion had not actually been litigated. *Id.* at 179. In doing so the Court highlighted

comment e of the Restatement (Second) of Judgments that states "In the case of a judgment

entered by confession, consent, or default, none of these issues is actually litigated." Restatement

(Second) of Judgments § 27 (1982).

The issue central to the Alfaros' claims in their 2006 case was whether or not Respondent

(and other parties) were negligent, and hence, liable for the Alfaros' substantial damages. Here,

the judgment on which Respondent relies involved no determination of Respondent's negligence

whatsoever. Rather, the Alfaros' case was dismissed due to the fact that their attorney at the time

failed to respond to a motion for summary judgment.[2] The very nature of the dismissal (for

failure to respond) implies that there was no meaningful assessment of the facts and that the

Court did not meaningfully weigh the evidence. Instead, the Granting of Respondents Motion for

Summary Judgment worked as a default judgment. Moreover, here, like the situation in *Riggle*,

the judgment was conclusory and the Order dismissing the Alfaro's action does not enable the

bankruptcy court to discern the basis of the facts. Related to this is the fact that Respondent has

failed to bear its burden of bringing forth an adequate state-court record on which this Court can

rely.

The collateral source doctrine is a judicial recognition that relitigating an issue is a waste

of judicial resources, prevents inconsistent decisions, and encourages reliance on adjudication.

*See id.* at 84. Such policy objectives make sense where a court has already examined an issue

---

[2] It is worthy to note that Claimants filed a malpractice suit against their attorney for his failure to respond to the motion for summary judgment. Because their previous attorney was underinsured, the Alfaros' claim was settled out of Court for an amount substantially less that the claim was worth.

and determined that it fails legal muster. However, where the prior proceeding does not issue a

verdict based on a meaningful assessment of the facts as well as a determination of the

potentially duplicative issue (i.e Respondent's negligence), none of these policy considerations

are disturbed. Again, the Alfaros' case was dismissed because their attorney failed to respond to

a motion for summary judgment, not because their claims lacked merit.

2.     **Because the Alfaros' Claims were Dismissed As a Result of Mr. Staab's
       Incompetence, They Were Not Afforded a Full and Fair Opportunity to Litigate
       the Issue.**

In Colorado, "[t]he Bankruptcy court will not give collateral estoppel effect to a state

court judgment if the respondent was denied a full and fair opportunity to litigate the issues in

the prior proceeding." *Riggle*, 389 B.R. at 178. As an initial matter, Claimants submits that the

situation before this Court presents perhaps the clearest example of where a claimant is denied a

full and fair opportunity to litigate a claim.

Under Colorado law, determining whether a party had a full and fair opportunity to

litigate requires an analysis of (1) whether the relevant proceedings are substantially different;

(2) whether the party in the first proceeding had sufficient incentive to vigorously assert or

defend his position; and (3) the extent to which the issues are identical. *Bebo*, 990 P.2d at 87;

*Riggle*, 389 B.R. at 178.

Plaintiff concedes that the first factor is met in this case. However, Respondent has failed

to meet the burden of proof with regards to the second and third factor. First, with regard to the

second factor, the court in *Riggle* held that because the defendant was preoccupied with plans to

file for bankruptcy, the defendant had not had vigorously represented himself in the ongoing

state court action. The Court therefore held that the defendant had not had sufficient incentive to

defend his position.

Here, the Alfaros did not even have a choice. If a court can determine that one does not have a full and fair opportunity even where one makes the ***conscious*** decision to defend an action, how can this court find otherwise where a party is not even given a choice.

With regard to the third fact - the extent to which the issues are identical – claimants submit that the issue was never decided in the prior action and, by implication, differs completely from what will be decided should the Alfaros' claim survive. More specifically, the Alfaros were never provided an opportunity to present evidence of Respondent's negligence because their case was dismissed based on their attorneys incompetence. Respondent maintains that the issue has already been decided, but neither this Court nor the District Court of Colorado has ever assessed the Alfaros' claims. No evidence has ever been assessed, and no determination of Respondent's liability (one way or another) has ever been made. How then, can the issues be identical?

3.    **The Cases Cited By Defendant Are Not Only Misplaced, but Are Actually Favorable to the Alfaros' Case.**

In attempting to argue issue preclusion, Respondent has cited to *Huffman v. Westmoreland Coal Company*. In *Huffman*, the Plaintiff attempted to bring claims in state court that had already been dismissed in federal district court. *Huffman v. Westmoreland Coal Company,* 205 P.3d 501, 504-06 (Colo. App. 2009). The plaintiff brought the state action because the federal district court had granted summary judgment to the defendant on all the claims that plaintiff later brought in state court. *Id.* However, in state court, the plaintiff brought additional claims of fraud under the Colorado Securities Act (the elements of which were identical to plaintiff's common law fraud claims that had been dismissed in federal court). The

Colorado Court of Appeals was tasked with determining whether the state court had appropriately dismissed the case based on the doctrine of collateral estoppel.

While the Court of Appeals upheld the state court's decision, the facts of that case are distinguishable from the case at hand. First, in *Huffman* the Court of Appeals placed significant emphasis on the fact that the plaintiff in *Huffman* had confessed defendant's motion for summary judgment – a confession that formed the basis for dismissal. The defendants in *Huffman* therefore argued that because the plaintiff had confessed summary judgment on the common law claim of fraud that this in effect precluded bring the same claim under the Colorado Securities Act. The Court of Appeals noted that in essence the claim of fraud under the Colorado Securities Act had been actually litigated because the elements were identical to that same cause of action under common law.

Here, unlike the plaintiff in *Huffman*, the Alfaros never consciously confessed Respondent's motion for summary judgment. Instead, Mr. Staab failed to respond. Moreover, unlike *Huffman*, the federal district court in this case did not make any decision on the merits of the case and undertook no meaningful analysis of the evidence. The Court in *Huffman*, on the other hand, had the benefit of pointing out that plaintiff's claims had been decided on the merits because the elements of both fraud claims were identical. The Court in *Huffman* noted that "[a]n issue is necessarily adjudicated when a party properly raised the issue and a determination on the issue was necessary to the court's judgment." *Id.* at 507 (citing *Bebo*, 990 P.2d at 86) (providing a much more thorough analysis of what is meant by actually litigated). The Court further stated: "Under Colorado Law, summary judgment on an issue ***may*** be preclusive and prevent relitigation of that issue…." *Id.* at 507 (emphasis added). The Court further noted that in *Huffman*, the plaintiff had enjoyed significant discovery and had *chosen* not to challenge summary judgment.

Unlike the Court in *Huffman*, the Alfaros did not even have a choice. Instead, their claims were dismissed because of the incompetence of Mr. Staab. The fact that the Alfaro's have continued to fight for their rights all these years illustrated that they have always wanted to litigate this matter, but have never been provided an opportunity to do so. Moreover, Colorado law does not establish that an issue **must** be precluded where dismissed pursuant to summary judgment, rather that it **may** be dismissed. In light of the injustice that they have suffered through no fault of their own, the Alfaros submit that pursuant to Colorado law, this Court has discretion under this 'may' standard.

### B. BECAUSE THE ALFARO'S CLAIM IN BANKRUPTCY WAS DISMISSED DUE TO A FRAUDULENT DOCUMENT FILED BY MR STAAB, THIS COURT SHOULD SET ASIDE ITS DISMISSAL OF THEIR CLAIM.

As an initial matter, Plaintiff notes while a Fed. R. Civ. Pro 60 Motion is a more appropriate avenue to ask this court to set aside its dismissal of the claim at issue, claimants include this section as it may promote judicial economy and because under Fed. R. Civ. Pro. 60 a judge may set aside a judgment on its own.

Fed. R. Civ. Pro. 60(d)(3) establishes that on motion or on its own, the court may relieve a party from a final judgment where the court determines there has been a fraud on the court. Fed. R. Civ. Pro. 60(d)(3)(West 2009). As opposed to other grounds on which a verdict may be set aside, the majority of which are limited to within a year, Rule 60 specifically does not limit the time within which a verdict may be set aside because of fraud on the court.

In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, the United States Supreme Court held that where a Court determines that such fraud has been perpetrated on a court, the court may set aside the verdict. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) (departed

from on other grounds). In *Hazel-Atlas*, in an effort to help along a patent application, the

attorneys for the patent applicant fabricated a journal article praising the device as

'revolutionary.' *Id.* The attorneys then bribed an industry official to claim it as his writing. Upon

discovery that the article had been fabricated and subsequently entered into evidence to support

the patent application, the United States Supreme Court found that the attorneys had

"deliberately planned and carefully executed [the] scheme to defraud not only the Patent Office

but the Circuit Court of Appeals." *Id.* at 246. The Court also maintained that "tampering with the

administration of justice in the manner indisputably shown here involves far more than an injury

to a single litigant. It is wrong against the institutions set up to protect and safeguard the public,

institutions in which fraud cannot complacently be tolerated…." *Id.*

In *Weldon v. United States*, the Second Circuit Court of Appeals held that "fraud upon

the court will lie only where a party has **submitted false or forged documents**." *Weldon v. United

States,* 225 F.3d 647 (2nd Cir. 2000) (citing *Hazel-Atlas*). In *In re Old Cargo LLC*, the United

States Bankruptcy Court, Judge Gonzales extensively examined the implications of Rule 60. In

so doing, he found that "[a]s an officer of the court, a lawyer must deal with the court with

honesty and integrity. If a lawyer betrays this duty of loyalty to the court, the lawyer is deemed

to have 'perpetrated a fraud upon the court.'" *In re Old Cargo LLC,* 423 B.R. 40, 52 (Bankr. S.D.

N.Y.). Judge Gonzales further highlighted that the fraud at issue in that case had been conducted

to **secure action** of the court on the basis of the fraudulent conduct. *Id.* Last, Judge Gonzales

maintained that the fraud must necessarily have deceived the court for it to be perceived as a

fraud on the court. *Id.*

Here, a showing of fraud on the court is clear and convincing. First, Mr. Staab, the

Alfaros' prior attorney (the same attorney who had failed to respond to summary judgment),

filed a fraudulent document in this bankruptcy proceeding. More specifically, the second claim

(claim no. 16471) was fraudulently filed by Mr. Staab in direct contravention of the Alfaros'

instructions. Whereas the Alfaros' had wished for their claim to remain in the amount of

$1,500,000, Mr. Staab, reduced the amount of the claim to $500,000 in an attempt to induce a

quicker settlement.

Second, the fraudulent filing then expunged the Alfaros' first claim (claim no. 15613) – a

claim that had been *timely filed*. The court expunged the first (and correct) claim because it

determined the second claim was duplicative and operated to amend the first claim. Only once

the first claim had been expunged did the Court then determine that the second filing was

untimely. As a result, the Court dismissed the Alfaros' claim. As such, the fraud perpetrated by

Mr. Staab was clearly conducted to *secure action* of the court on the basis of the fraudulent

conduct. Not only was the fraud intended to induce action, but the court in fact *did* take action in

reliance of the fraud. Moreover, as required by Judge Gonzales, it *did* deceive the Court because

the Court took action in reliance of the second filing. In this regard, the second claim was

deemed to be the surviving claim by the Court. When the Alfaros discovered the submission of

the fraudulent notice of claim, they then attempted to file a third notice (claim no. 19543)

correcting the amount at issue to reflect the original sum of $1,500,000. As an officer of the

Court, not only did Mr. Staab fraudulently deceive the Alfaro's, but he perpetuated a fraud on the

court – an action that now requires correction.

## CONCLUSION

Since Mr. Alfaro suffered extensive injury in the car collision that gave rise to his claims

against Respondent, he has suffered a great deal of injustice at the hands of his prior attorney.

Because of Mr. Staab's failure to respond to a motion for summary judgment, Mr. Alfaro's

claims were dismissed. Then due to the submission of a fraudulent claim in this bankruptcy proceeding, Mr. Alfaro's claim was dismissed in bankruptcy too. At no point has Mr. Alfaro been able to present *any* evidence against Respondent. Dismissing this case from bankruptcy would be the last and final injustice that would preclude Mr. Alfaro from ever having the chance to seek compensation from respondent for his injuries.

In sum, Mr. Alfaro's claim is not precluded under the doctrine of collateral estoppel because he never actually litigated the case in federal district court, nor was he ever provided an opportunity to fully and fairly litigate his case. In addition, the dismissal of the Alfaro's claim in bankruptcy should be set aside it because it was procured by fraud on the court. Mr. Alfaro deserves his day in Court, and notions of law and equity cannot sustain any other result.


WHEREFORE, Claimants, Jose C. Alfaro and Martha Alfaro, request the Court find that the claimants claims are not barred by the doctrine of collateral estoppel. Moreover, claimants request that this court find that Proof of Claim form filed August 10, 2009 (claim no. 19543) is valid and the Thirty-Sixth Omnibus Claims Objection is denied.  In the alternative Claimants request the Court to reinstate the original Proof of Claim filed 7/31/2006 (claim no. 15613) and determine it to be a valid claim.

DATED:  May 21, 2010

By:    *s/ Bobby Gerald Sumner*
        Marc F. Bendinelli
        Bobby Gerald Sumner
        Bendinelli Law Office, P.C.
        Attorney for Respondents
        9035 Wadsworth Parkway, Suite 4000
        Westminster, CO 80021
        Phone: (303) 940-9900
        Fax:  (303) 940-9933

## CERTIFICATE OF SERVICE

There undersigned hereby certifies that a true and correct copy of the above-captioned **SUPPLEMENTAL AUTHORITY SHOWING THAT PLAINTIFF IS NOT COLLATERALLY ESTOPPED FROM BRINGING CLAIM AND AUTHORITY SUPPORTING MOTION TO SET ADISE JUDGMENT NO. 19543 Claimants: Jose C. Alfaro and Martha Alfaro** was mailed (X ) or hand-delivered ( ) or sent via facsimile transmission( ) [check which box applies] by depositing the same in the United States Postal Service mail, postage prepaid, addressed to the below-named parties.

DATED:  May 21, 2010                     Signature        *s/ Rebekah L. Berry-Chaney*_____
                                                             Rebekah L. Berry-Chaney, Paralegal


Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive
Suite 2700
Chicago, IL 60606


Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036


Brian S. Masumoto, Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004-2111


Robert J. Rosenberg, Partner
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834


Delphi Corporation Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245


DPH Holdings Corp
Attn:  President
5725 Delphi Drive
Troy MI 48098

13

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                            :     Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :     Case No. 05-44481 (RDD)
                                          :
             Reorganized Debtors. :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING PROOF OF CLAIM NO. 19543 FILED
BY JOSE C. ALFARO AND MARTHA ALFARO AND (II) DENYING
REQUEST FOR RECONSIDERATION UNDER FED. R. CIV. P. 60(d)(3)

("CLAIMS OBJECTION ORDER REGARDING
JOSE C. ALFARO AND MARTHA ALFARO CLAIM")

           Upon the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge

Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And

(D) Pension, Benefit, And OPEB Claims (Docket No. 18983) (the "Thirty-Sixth Omnibus

Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its

affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors") successors of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), objected to proof of claim number 19543 filed by Jose C. Alfaro and Martha Alfaro

(the "Alfaros" or the "Claimants"), and upon the response of the Alfaros to the Thirty-Sixth

Omnibus Claims Objection (Docket No. 19076) (the "Response"); and upon the Reorganized

Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proof Of

Claim Number 19543 Filed By Jose C. Alfaro And Martha Alfaro (Docket No. 20004) (the

"Supplemental Reply"); and upon the Supplemental Response To The Reorganized Debtors'

Supplemental Reply To Response of Claimant To Debtors' Objection To Proof Of Claim No.

19543 Claimants: Jose C. Alfaro And Martha Alfaro (Docket No. 20157) ("Supplement to the

Supplemental Reply"); and upon the Alfaros' undocketed brief submitted to the Reorganized

Debtors on May 22, 2010 titled -- Supplemental Authority Showing That Plaintiff Is Not

Collaterally Estopped From Bringing Claim And Authority Supporting Motion To Set Adise

Judgment (the "Supplemental Brief"); and upon the Reorganized Debtors' Second Supplemental

Reply To Response Of Claimant To Debtors' Objection To Proof Of Claim Number 19543 Filed

By Jose C. Alfaro And Martha Alfaro (Docket No. _) (the "Second Supplemental Reply" and

together with the Thirty-Sixth Omnibus Claims Objection, the Response, the Supplemental

Reply, the Supplement to the Supplemental Reply, the Supplemental Brief, and the Second

Supplemental Reply,  the "Pleadings"); and upon the record of the May 20, 2010 sufficiency

hearing held on the Thirty-Sixth Omnibus Claims Objection to the proof of claim number 19543;

and after due deliberation thereon; and good and sufficient cause appearing therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      Jose C. Alfaro and Martha Alfaro, the holders of proof of claim number

19543, were properly and timely served with a copy of the Thirty-Sixth Omnibus Claims

Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims  (Docket No. 6089) (the "Claims Objection

Procedures Order"), the proposed order with respect to the Thirty-Sixth Omnibus Claims

Objection, and the notice of the deadline for responding to the Thirty-Sixth Omnibus Claims

Objection.

    B.  The Claimant submitted the Response to the Thirty-Sixth Omnibus Claims

Objection.

    C.  On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

    D.  On April 22, 2010, the Reorganized Debtors filed the Notice Of

Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Claim Nos.

16898, 17094, 18027, And 19543 (Docket No. 19928) (the "Sufficiency Hearing Notice").

    E.  The Claimant was properly served with the Sufficiency Hearing Notice,

the Supplemental Reply, and the Second Supplemental Reply.

    F.  This Court has jurisdiction over the contested matters set forth in the

Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28

U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28

U.S.C. §§ 1408 and 1409.

    G.  For the reasons stated by this Court at the May 20, 2010 hearing, the

Supplemental Reply, and the Second Supplemental Reply, proof of claim number 19543 is

3

barred by the doctrine of issue preclusion and the Alfaros have failed to sufficiently plead an allowable prima facie claim; therefore, proof of claim number 19543 should be disallowed and expunged in its entirety.

> H.    The request to reconsider disallowance of proof of claim number 15613 under Fed. R. Civ. P. 60(d)(3) should be denied.

> I.    The relief requested in the Thirty-Sixth Omnibus Claims Objection, the Supplemental Reply, and the Second Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

> 1.    Proof of claim number 19543 is hereby disallowed and expunged in its entirety.

> 2.    The claim underlying proof of claim number 19543 is barred by the doctrine of issue preclusion.

> 3.    The request to reconsider disallowance of proof of claim number 15613 under Fed. R. Civ. P. 60(d)(3) is hereby denied.

> 4.    Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

> 5.    This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Sixth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

6.       Each Claim and the objections by the Reorganized Debtors to each Claim addressed in the Thirty-Sixth Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014.  This order shall be deemed a separate order with respect to the Claim addressed hereby.  Any stay of this order shall apply only to the contested matter which involves such Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered by the Thirty-Sixth Omnibus Claims Objection.

7.       Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.


Dated:  White Plains, New York
         May ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE