UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                         :    Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,         :    Case No. 05-44481 (RDD)
                                    :
                    Reorganized Debtors.    :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) AND FED. R. BANKR. P. 3007
RESOLVING PROOFS OF CLAIM NOS. 13776 AND 13881 FILED BY THE
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION

("CLAIMS OBJECTION ORDER REGARDING
NYSDEC CLAIMS")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), filed by Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"); and upon the New York State Department of Environmental Conservation's ("NYSDEC") Response To Debtors' Third Omnibus Claims Objection To Proofs Of Claim Nos. 13776 And 13881 (Docket No. 5734) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 13776 And 13881 Filed By The New York State Department Of Environmental Conservation (Docket No. 19600) (the

"Supplemental Reply"); and upon the Supplemental Response Of The New York State Department Of Environmental Conservation In Opposition To Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 13776 And 13881 (Docket No. 19683); and upon the Statement Of GM Components Holdings LLC Regarding Claims Objection Between Reorganized Debtors And The New York Department Of Environmental Conservation (Docket No. 19806 ); and upon the Reorganized Debtors' Response To The Statement Of GM Components Holding LLC Regarding Claims Objection Between Reorganized Debtors And The New York State Department Of Environmental Conservation (the "Response to Components Statement") (Docket No. 19887); and upon the Response Of The New York State Department Of Environmental Conservation To The Statement Of GM Components Holding LLC Regarding Claims Objection Between Reorganized Debtors And The New York State Department Of Environmental Conservation (Docket No. 19905); and upon the Reply Statement of GM Components Holdings LLC Regarding Claims Objection Between Reorganized Debtors and the New York Statement Department of Environmental Conservation (Docket No. 19924) (together with the above pleadings, the "Pleadings"); and upon the record of the April 23, 2010 sufficiency hearing held on the Third Omnibus Claims Objection with respect to proofs of claim numbers 13776 and 13881; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Proof of claim number 13776 seeks the recovery of past and future investigation and remediation costs associated with the property located at 1000 Lexington Ave.,

---

[1]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.   See Fed. R. Bankr. P. 7052.

2

Rochester, New York (the "Rochester Facility").  Specifically, the claim asserts an administrative expense claim in the amount of $9,955,768 for future investigation and remediation costs (the "Future Costs Portion of Claim No. 13776").  It also seeks recovery of $6,906.47 in oversight costs incurred by NYSDEC in connection with the Rochester Facility (the "Past Costs Portion of Claim No. 13776").  The Past Costs Portion of Claim No. 13776 asserts that NYSDEC incurred $2,459.20 prior to the commencement of the Reorganized Debtors' bankruptcy proceedings and $4,447.27 after the filing of the Debtors' bankruptcy petition and before the effective date of the Modified Plan.[2]

    B. Proof of claim number 13881 seeks the recovery of past and future investigation and remediation costs associated with the property located at 200 Upper Mountain, Lockport, New York (the "Lockport Facility").  Specifically, the claim asserts an administrative expense claim in the amount of $405,000 for future investigation and remediation costs at the Lockport Facility (the "Future Costs Portion of Claim No. 13881" and, collectively with the Future Costs Portion of Claim No. 13776, the "Future Cost Portions of the New York Claims").  It also seeks recovery of    $2,031.39 in oversight costs incurred by NYSDEC in connection with the Lockport Facility (the "Past Costs Portion of Claim No. 13881" and collectively with the Past Costs Portion of Claim No. 13776, the "Past Cost Portions of the New York Claims").  The Past Costs Portion of Claim No. 13881 asserts that NYSDEC incurred $1,585.39 prior to the commencement of the Reorganized Debtors' bankruptcy proceedings and $446 after the filing of the Debtors' bankruptcy petition and before the effective date of the Modified Plan.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings subscribed to them in the Response to Components Statement (Docket No. 19887).

3

      C.      The Third Omnibus Claims Objection and Supplemental Reply sought the disallowance and expungement of the Future Cost Portions of the New York Claims.

      D.      NYSDEC, the holder of proofs of claim numbers 13776 and 13881, was properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and    the notice of the deadline for responding to the Third Omnibus Claims Objection.

      E.      NYSDEC timely filed the Response to the Third Omnibus Claims Objection.

      F.      On February 18, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, And 19545 (Docket No. 19504) (the "Sufficiency Hearing Notice").

      G.      Upon the request of GM Components Holdings, LLC ("Components"), the sufficiency hearing with respect to proofs of claims numbers 13776 and 13881 was adjourned so that Components could be heard on the matter.

      H.      Components was properly and timely served with the pleadings filed by the Reorganized Debtors and NYSDEC regarding the objection to proofs of claim numbers

4

13776 and 13881.    Components filed two pleadings seeking relief from this Court in the form of a clarification of Components' environmental obligations under the Court's Modification Order.

    I.  NYSDEC was properly and timely served with the Sufficiency Hearing Notice, the Supplemental Reply, and the Response to Components Statement.

    J.  This Court has jurisdiction over the contested matters set forth in the Pleadings and over the interpretation of the Modification Order pursuant to 28 U.S.C. §§ 157 and 1334.    The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).    Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    K.  Pursuant to this Court's Modification Order and consistent with the ruling on the record from the April 23, 2010 hearing, Components is responsible for conducting the future investigation and remediation activities required with respect to the Rochester and Lockport Facilities in accordance with applicable environmental laws to the same extent as Debtors were responsible prior to the transfer of the Facilities under the Modified Plan. Accordingly, the costs that NYSDEC seeks to recover in the Future Cost Portions of the New York Claims shall be the responsibility of Components going forward, and NYSDEC does not, at this time, have a valid claim to recover such costs against the Debtors or Reorganized Debtors. Accordingly, the Future Cost Portions of the New York Claims shall be disallowed and expunged in their entirety subject to NYSDEC's right to seek reconsideration of these portions of proofs of claim numbers 13776 and 13881 under 11 U.S.C.§ 502(j) and the Reorganized Debtors' right to challenge any such request for reconsideration on any basis whatsoever.

    L.  The Reorganized Debtors do not contest the Past Cost Portions of the New York Claims.

M. The relief requested in the Third Omnibus Claims Objection and the Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Future Cost Portions of the New York Claims are hereby disallowed and expunged in their entirety, subject to NYSDEC's right to seek reconsideration under 11 U.S.C.§ 502(j) in the event that Components either refuses (under color of a court order or otherwise) or is unable to perform its obligations to conduct investigation and remediation activities as set forth in the Modification Order, this Order and the Court's April 23, 2010 bench ruling; *provided*, *however*, that the Reorganized Debtors shall have the right to challenge any such request for reconsideration on any basis whatsoever and that such right to seek reconsideration shall not apply in the event of a dispute between NYSDEC and Components with respect to required cleanup levels or timing.

2. The Past Cost Portions of the New York Claims shall be allowed as followed:

   (a) On proof of claim 13776, NYSDEC shall have an allowed administrative expense claim in the amount of $4,447.27 for oversight costs incurred by NYSDEC at the Rochester Facility after the filing of the Debtors' bankruptcy petitions and before the effective date of the Modified Plan;

   (b) On proof of claim 13776, NYSDEC shall have a general unsecured, non-priority unsecured claim in the amount of $2,459.20 for oversight costs incurred by NYSDEC at the Rochester Facility prior to the filing of the Debtor's bankruptcy petitions.

   (c) On proof of claim 13881, NYSDEC shall have an allowed administrative expense claim in the amount of $446 for oversight costs incurred by NYSDEC at the Lockport Facility after the filing of the Debtors' bankruptcy petitions and before the effective date of the Modified Plan;

    (d)    On proof of claim 13881, NYSDEC shall have a general unsecured, non-priority unsecured claim in the amount of $1,585.39 for oversight costs incurred by NYSDEC at the Lockport Facility prior to the filing of the Debtor's bankruptcy petitions.

3.    Under the Modification Order and consistent with the ruling on the record at the conclusion of the April 23, 2010 hearing, Components is responsible for the investigation and remediation of environmental contamination that is present at, on, or under, or that is migrating or has previously migrated from the Rochester and Lockport Facilities in accordance with applicable environmental laws (in addition to any liability therefore that it may have as the new owner) to the same extent as and coextensive with Debtors' responsibilities to NYSDEC prior to the transfer of the Facilities under the Modified Plan and in the continuum of the existing investigations and remediation that were owed to the NYSDEC by the Debtors or Reorganized Debtors as applicable.

4.    Entry of this order is without prejudice to the Reorganized Debtors' right to object to any other claims, as such term is defined in 11 U.S.C. § 101(5) (each, a "Claim"), in these chapter 11 cases, or to further object to Claims that are the subject of the Third Omnibus Claims Objection, on any grounds whatsoever.

5.    This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

6.    Kurtzman Carson Consultants LLC is hereby directed to serve this order

in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       June 1, 2010

                                             /s/Robert D. Drain
                                             UNITED STATES BANKRUPTCY JUDGE