| | |
|---|---|
| Shalom Jacob<br>LOCKE LORD BISSELL & LIDDELL LLP<br>Three World Financial Center<br>New York, New York 10281-2101<br>Tel:  (212) 415-8600<br>Fax: (212) 303-2754 | Hearing Date: July 22, 2010 at 10:00 a.m.<br>Response Deadline: June 7, 2010 |

-and-

Courtney E. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 [RDD] |
| Debtors | (Jointly Administered) |

-------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 07-02432 [RDD] |
| METHODE ELECTRONICS INC., | |
| Defendant. | |

-------------------------------------------------x

**JOINDER OF METHODE ELECTRONICS, INC. TO MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND (II) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDINGS ON THE GROUNDS OF BEING BARRED BY THE STATUTE OF LIMITATIONS AND/OR <u>JUDICIAL ESTOPPEL</u>**

Methode Electronics, Inc. ("Methode"), by and through its attorneys, Locke Lord Bissell & Liddell LLP, hereby joins in and adopts, with respect to the above-captioned case adversary proceeding, the arguments set forth in the following motions (collectively, the "Motions"):

1) Motion by Wagner-Smith Company Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Vacating Prior Order Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated February 5, 2010 (Docket No. 19401); and

2) Motion by Microchip Technology Incorporated Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the time to Serve Process for Such Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, dated March 15, 2010 (Docket No. 19677).

The facts and arguments set out in the respective Motions are substantially the same with respect to Methode, except as more specifically stated and amended herein, such that any relief granted for the benefit of one of the other preference defendants filing the Motions (or other similar motions) should be granted for all and others who are similarly situated, including but not limited to Methode. Methode supplements and/or amends the facts and arguments set out in the respective as follows:

1. On October 8, 2005, Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi

(together with the Initial Filers, the "<u>Debtors</u>" or the "<u>Plaintiffs</u>") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. By motion dated August 6, 2007 (the "<u>Preservation of Estate Claims Procedures Motion</u>"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.  As pertinent here, the procedures sought in that motion and granted by the Court (the "<u>Preservation of Estate Claims Procedure Order</u>") included (i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to serve certain adversary summonses and complaints, (ii) a stay of the applicable adversary proceedings until service of process was effected, and (iii) a provision permitting the Plaintiffs to file the complaints under seal.

3. By motion dated February 28, 2008 (the "<u>Extension of Avoidance Action Service Deadline Motion</u>"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.  The Court entered an order granting that motion (the "<u>Extension of Avoidance Action Service Deadline Order</u>").

4. By motion dated April 10, 2008 (the "<u>Postconfirmation Extension of Avoidance Action Service Deadline Motion</u>"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order, so as to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial

consummation of the Plan or any modified plan. The Court entered an order granting that motion (the "Postconfirmation Extension of Avoidance Action Service Deadline Order").

5. By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion", and together with the other motions referenced in paragraphs 3 through 5, collectively, the "Extension Motions"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan. The Court entered an order granting that motion (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order", and together with the other orders referenced in paragraphs 3 through 5, collectively, the "Prior Orders").

6. Methode was not afforded due process and a meaningful opportunity to object to any of these Motions because the Debtors intentionally deprived Methode of any means by which Methode could ascertain whether it was an anticipated defendant in the adversary proceedings to be filed under seal, or was in fact a defendant in the sealed Adversary Proceeding later filed. By withholding this information from Methode, Methode had no notice of the Extension Motions.

7. While Plaintiffs commenced the above-referenced adversary proceeding (the "Adversary Proceeding") against Methode on September 28, 2007 by filing the Complaint under seal with the Clerk, which Complaint seeks to recover, pursuant to Bankruptcy Code sections 547 and 550, alleged preferential transfers made to Methode in excess of $19,725,590.06.

Subsequent to filing the Complaint, the Plaintiffs sat on the Complaint and intentionally withheld notice of the Complaint to Methode for years. Methode received no notice of the Complaint until on or about March 19, 2010, which was well over two and a half years after the limitations period provided by Bankruptcy Code section 546(a) expired.

**I.
METHODE'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE DEBTORS FILED THE COMPLAINT AFTER THE STATUTE OF LIMITATIONS EXPIRED AND WITHOUT NOTICE TO METHODE**

8.   It is a fundamental tenet in American jurisprudence that all court proceedings should be open because the public and parties in interest have a right, rooted in the First Amendment and codified by Congress in section 107(a) of the Bankruptcy Code, to know about the administration of bankruptcy proceedings. Another basic concept of constitutional law, under fundamental notions of due process, is that a party must be given notice that it is being sued or that other legal actions are being taken against it, in order for that action to be binding on that party. See In re Johns Manville Corporation, 600 F. 3d 135, 138 (2nd Cir. 2010) ("Manville IV"). Significantly, neither of these principles was abided by the Debtors in this matter.

9.   Instead, the Debtors have, through the two-step combination of (i) filing complaints under seal without notice to Methode or any of the other defendants sued by the Plaintiffs for preference claims, and (ii) filing a series of motions both in the "main" Delphi case (Case No. 05-44481) and in individual adversary proceedings, without notice to the parties who had an interest in opposing them (including the defendants in the individual adversary proceedings), abused the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. The Debtors have, furthermore, attempted to secretly and indefinitely extend the two-year statute of limitations imposed by 11 U.S.C. § 546(a), which absolutely bars the prosecution of the above-captioned Adversary Proceeding and other adversary proceedings. The

5

Debtors' stated reason for not giving the numerous defendants their constitutionally required notice of these motions and complaints, as candidly set forth in numerous pleadings filed by the Debtors and discussed in the Motions, was to be able to retain advantageous business relationships with the potential defendants and to obtain confirmation of the Debtors' plan of reorganization without having to disclose the fact that they had filed significant lawsuits against the potential defendants. To permit the Debtors to artificially extend the statute of limitations for bringing the Complaint, a statutory deadline, through the use of number of procedural orders is an abuse of the system and violated Methode's due process rights, particularly when the Debtors could easily have provided notice to Methode – a party that the Debtors' were in regular contact with prior to, and throughout, their chapter 11 cases.

10.    "It is universally agreed that adequate notice lies at the heart of due process. Unless a person is adequately informed of the reasons for the denial of a legal interest, a hearing serves no purpose – and resembles more a scene from Kafka than a constitutional process." Chicago Cable Commc'ns v. Chicago Cable Comm'n, 879 F.2d 1540, 1546 (7th Cir. 1989) (internal quotation markers and citation omitted). Courts have further held that "the notice must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'. . .The notice should describe the action and the [absent parties'] rights in it." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811 (1985) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 at 314-315 (1950)). To meet the requirements of due process, the notice must be "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Jones v. Flowers, 547 U.S. 220, 229 (2006) (quoting Mullane, 339 U.S. at 315)). "Notice is the cornerstone underpinning Bankruptcy Code procedure." In re Kewanee Boiler Corp., 198

6

B.R. 519, 529 (Bankr. N.D. Ill. 1996) (citing Western Auto Supply v. Savage Arms, Inc., 43 F.3d 714, 719 (1st Cir. 1994)).

11.     In this matter, it is undisputed that, rather than giving Methode notice "reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action" required by our Constitution, the Plaintiffs deliberately chose to conceal any notice of the Adversary Proceeding and Complaint in order to avoid Methode changing their business relationship with the Debtors or disrupting the Debtors' plan confirmation process.  Recently, the Second Circuit, in its Manville IV decision (cited supra), held that a party that was not given constitutionality sufficient notice of motions and related orders in violation of its due process rights could not be bound by the terms of those orders in subsequent proceedings.  Manville IV, at 138, 158.

12.     In this case, the Debtors knowingly chose not to give notice to certain parties in interest and creditors in order to continue being able to deal with important business partners and vendors without these parties having the knowledge the Debtors had filed suit against them.  Indeed, the Debtors continued to fail to give any notice of the Adversary Proceeding and the Prior Orders to Methode even after the "Plan Investors" failed to invest under the Debtors' original Plan of Reorganization and the Debtors had actual knowledge that a Plan distributing 100% to unsecured creditors was highly unlikely.

13.     Moreover, the Debtors should not be permitted to extend the statute of limitations for bringing the Complaint, a statutory deadline, through the use of the procedural Prior Orders.  Quite simply, the Debtors took no action to serve the Complaint upon Methode until 2.5 years after the section 546(a) limitations period for bringing a preference action expired.  Statutes of limitation cannot be extended particularly where, as here, the Debtors took no effort to serve the

7

Complaint for two years after its filing. Here, the Debtors' use of a procedural rule to repeatedly and artificially extend the limitations period for bringing the Complaint against Methode is manifestly improper, particularly when the Debtors could easily have provided notice to Methode.

14. Under the binding authority of the Second Circuit's decision in Manville IV and the other decisions and provisions relating to notice, the Prior Orders should either be vacated or held not to be binding against Methode due to the Debtors' deliberate violation of Methode's due process rights and the expiration of the limitations period. The Adversary Proceeding and Complaint against Methode should therefore be dismissed with prejudice.

## II.
## DUE PROCESS VIOLATIONS AND THE EXPIRATION OF THE STATUTE OF LIMITATION JUSTIFY THE COURT'S VACATING THE PRIOR ORDERS

15. Certain of the preference defendants, including those filing the Motions, rely solely upon Fed. R. Civ. P. 60 as grounds to vacate the Prior Orders. Methode submits that the Court has the authority, pursuant to the due process rights afforded under the U.S. Constitution, the binding precedent of the Manville IV decision and its equitable powers under section 105(a) of the Bankruptcy Code, to vacate or otherwise nullify the applicability of the Prior Orders upon Methode and the other preference defendants without the need to conduct a Federal Rule 60 analysis. Section 105(a) provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). The relief requested herein is both necessary and appropriate to protect the constitutional rights of Methode and the other preference defendants and to prevent a dangerous precedent from being formed in the Bankruptcy Courts as to the filing of secret complaints and the prosecution of claims after the statute of limitations expires.

8

16.     As qualified by the facts and legal arguments specific to Methode, the claims against Methode suffer from the same factual and legal infirmities as the claims asserted by the Debtors/Plaintiffs against the preference defendants filing the above Motions (the "Defendants"), and accordingly, any relief granted for the benefit of one or more of the Defendants should be granted for Methode.

### III.
### METHODE RESERVES ALL OF ITS RIGHTS TO PURSUE ANY CLAIMS AND DEFENSES AGAINST THE DEBTORS OR ANY OTHER PARTIES

17.     Methode expressly reserves all of its rights, remedies, arguments and claims, and nothing in this Joinder shall be deemed to be an election of remedies or a waiver of any of Methode's rights, remedies, arguments and interests to pursue, amend or modify any claims or defenses against the Debtors or any other party relating to these chapter 11 cases, the Adversary Proceeding or any other legal or administrative proceeding.[1]

WHEREFORE, in the interest of judicial economy, Methode joins the Motions and for the reasons set forth in the Motions as qualified herein, Methode seeks an order of this Court:

(a)     Vacating the Prior Orders on the grounds that each such order is void as to Methode by virtue of the Debtors' and Plaintiffs' intentional failure to provide Methode with notice of the motions in support of such orders, and because the Prior Orders were improvidently entered;

(b)     Dismissing, with prejudice, the Adversary Proceeding against Methode on the ground that it is barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a); and

---

[1] The rights that Methode reserves includes, but is not limited to, all of its rights under 28 U.S.C. §157(d) and the right to challenge any findings of fact entered by the Bankruptcy Court.

    (c)  Dismissing, with prejudice, the Adversary Proceeding and Complaint against Methode on the ground that it is barred by judicial estoppel.

| | |
|---|---|
| Dated:  June 1, 2010<br>Chicago, Illinois | Shalom Jacob<br>LOCKE LORD BISSELL & LIDDELL LLP<br>Three World Financial Center<br>New York, New York 10281-2101<br>Tel:  (212) 415-8600<br>Fax: (212) 303-2754<br><br>-and-<br><br>/s/ Courtney Engelbrecht Barr<br>Courtney Engelbrecht. Barr (CE 7768)<br>LOCKE LORD BISSELL & LIDDELL LLP<br>111 S. Wacker Dr.<br>Chicago, IL  60606<br>Tel: (312) 443-0700<br>Fax: (312) 443-0336<br><br>*Counsel for Methode Electronics, Inc.* |

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on June 1, 2010, she electronically filed ***Joinder of Methode Electronics, Inc. to Motions (I) to Vacate Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (II) in the Alternative, Dismissing the Adversary Proceedings on the Grounds of Being Barred by the Statute of Limitations and/or Judicial Estoppel*** (the "Joinder"), which will send ECF notification of the filing of the same to the parties who have filed an appearance in this case.

The undersigned attorney further certifies that she caused the Joinder to be served by the method so indicated on June 1, 2010 upon the following:

| | |
|---|---|
| Eric B. Fisher<br>BUTZEL LONG, P.C.<br>380 Madison Avenue, 22nd Floor<br>New York, NY  10017<br>Fax: (212) 818-0494<br>**BY FACSIMILE** | U.S. Trustee<br>United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, NY  10601<br>**BY U.S. MAIL** |

/s/ Courtney Engelbrecht Barr
Courtney Engelbrecht. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Dr.
Chicago, IL  60606
Tel: (312) 443-0700
Fax: (312) 443-0336