SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, AND
STANLEY STRAUGHTER RESOLVING PROOFS OF ADMINISTRATIVE
EXPENSE CLAIM NUMBERS 16728, 16753, AND 16754

(EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
AND STANLEY STRAUGHTER)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), the Equal Employment Opportunity Commission (the "EEOC"), and Stanley Straughter ("Straughter" together with the Reorganized Debtors and the EEOC, the "Parties"), respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Equal Employment Opportunity Commission, and Stanley Straughter Resolving Proofs Of Administrative Expense Claim Numbers 16728, 16753, and 16754 (Equal Employment Opportunity Commission and Stanley Straughter) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on or about October 18, 2007, the EEOC filed proof of administrative expense claim number 16728 against Delphi, which asserts an unliquidated administrative expense claim stemming from alleged violations of the Americans with Disabilities Act.

WHEREAS, on October 26, 2007, the Debtors objected to proof of administrative expense claim number 16728 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected on Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject to Modification, Modified Claims Asserting Reclamation,

2

Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject to Prior Orders (Docket No. 10738) ("Twenty-Second Omnibus Claims Objection").

WHEREAS, on November 26, 2007, the EEOC filed the United States Of America's Response To Debtor's Objection To The Claim Of The Equal Employment Opportunity Commission (Docket No. 11072) (the "Twenty-Second Omnibus Response").

WHEREAS, the claims register reflects the filing on or about December 18, 2007 of proof of administrative expense claim number 16753, which appears to be a duplicate of proof of administrative expense claim number 16728 (proofs of administrative expense claim numbers 16728 and 16753 are collectively referred to herein as the "EEOC Claims").

WHEREAS, on or about December 18, 2007, Straughter filed proof of administrative expense claim number 16754 (and together with proofs of administrative expense claim numbers 16728 and 16753, the "Proofs of Claim") against Delphi, which asserts an unliquidated administrative expense claim (the "Straughter Claim" and together with the EEOC Claims, the "Claims") stemming from alleged violations of the Americans with Disabilities Act.

WHEREAS, on February 15, 2008, the Debtors objected to the Straughter Claim and proof of administrative expense claim 16753 pursuant to the Debtors' Twenty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Untimely Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification And Modified Claim Asserting Reclamation (Docket No. 12686) (the "Twenty-Sixth Omnibus Claims Objection").

WHEREAS, on March 14, 2008, the EEOC filed the United States Of America's Response To Debtors' Objection To The Claim Of The Equal Employment Opportunity

Commission (16753) And The Claim Of Stanley N. Straughter (16754) (Docket No. 13121) (the "Twenty-Sixth Omnibus Response" and together with the Twenty-Second Omnibus Response, the "Responses").

WHEREAS, in the Twenty-Sixth Omnibus Response, the EEOC stated that although it does not represent Straughter, it filed a response to the Debtors' objection to the Straughter Claim to protect the EEOC's interests.

WHEREAS, the Reorganized Debtors satisfied the Claims pursuant to an agreement among the Parties; specifically, a consent decree entered into by Delphi and the EEOC in the matter of *Equal Employment Opportunity Commission v. Delphi Corp.*, No. 07-cv-6470 (MAT) (MWP) (W.D.N.Y.).

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, to resolve the Twenty-Second Omnibus Claims Objection and the Twenty-Sixth Omnibus Claims Objection with respect to the Claims, the Parties entered into this Stipulation, pursuant to which they agreed that the Claims will be deemed withdrawn with

4

prejudice because the Claims have been satisfied in full.

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. The Claims are hereby deemed withdrawn with prejudice.

2. The Responses are hereby deemed withdrawn with prejudice.

3. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 1st day of June, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| AGREED TO AND<br>APPROVED FOR ENTRY: | PREET BHARARA<br>United States Attorney for the<br>Southern District of New York |
| /s/ John K. Lyons<br>John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois 60606 | /s/ Joseph N. Cordaro<br>BY: Joseph N. Cordaro<br>Assistant United States Attorney<br>86 Chambers Street<br>New York, New York 10007<br><br>Attorney for Equal Employment Opportunity Commission |
| - and – | |
| Kayalyn A. Marafioti<br>Four Times Square<br>New York, New York 10036<br><br>Attorneys for DPH Holdings Corp., et al.,<br>  Reorganized Debtors | /s/ Stanley N. Straughter<br>Stanley N. Straughter<br>PO Box 19391<br>Rochester, NY 14610 |

5