# **Exhibit A-1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

LEIGH OCHOA,

      Plaintiff,                       File No. 09-14383

vs.                                Honorable Thomas L. Ludington

DELPHI CORPORATION,

      Defendant.

_____/

THE MASTROMARCO FIRM
BY:  VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. WESTERVELT (P62597)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
_____/

There is no other pending or resolved civil action arising
out of same transaction or occurrence in the Complaint,
either previously filed or dismissed.

## COMPLAINT, DEMAND FOR JURY TRIAL AND FOR PRETRIAL

## CONFERENCE

NOW COMES Plaintiff, Leigh Ochoa, by and through his attorneys, THE
MASTROMARCO FIRM, and for her Complaint for Declaratory and Injunctive Relief
states the following:

## COMMON ALLEGATIONS

Case 1:09-cv-14083-TLL-CEB  Document 1  Filed 1/06/09  Page 2 of 7

1.

That at all times material hereto, Plaintiff, Leigh Ochoa, is a resident of the County of Saginaw, State of Michigan, and a citizen of the United States of America.

2.

That at all times material hereto, Defendant, Delphi Corporation (hereinafter referred to as Delphi) is a foreign corporation, doing business in the County of Saginaw, State of Michigan.

3.

That at all times relevant herein, Defendant, Delphi, through their Benefits Division, also known as "Delphi Benefits" (also referred to collectively as "Delphi") is the Plan Administrator and Fiduciary of certain employee disability benefit plans at issue herein as defined by the Employment Retirement Benefits Rights Act (hereinafter referred to as ERISA) otherwise found at 29 USC 1001 *et Seq.*

4.

That this cause of action is brought pursuant to 20 USC § 1140 otherwise known as § 510 of ERISA.

5.

That Plaintiff has a viable section § 510 claim which makes it unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a plan participant or beneficiary for exercising any right to which she is entitled under the provisions of an employee benefit plan, ERISA, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

such participant may become entitled under the plan, ERISA, or the Welfare and Pension Plans Disclosure Act. See 29 USC § 1140.

<div align="center">6.</div>

That Federal Common Law Equitable Estoppel Principals also apply in this matter.  See **Armistead v Vernitron Corp, 944 F2d 1287 (C.A. 6, 1991)**.

<div align="center">7.</div>

That Leigh Ochoa, was a vested employee Delphi, who was diagnosed with degenerative disc disease on October 9, 2008.

<div align="center">8.</div>

That Plaintiff was terminated on August 31, 2009, while on approved medical leave, and Delphi terminated her employment so as to interfere with her entitlement to long term disability benefits to which Plaintiff would become entitled under the Delphi LTD Plan and ERISA.

<div align="center">9.</div>

That as a point of fact, just prior to Plaintiff's termination, she was contacted by her supervisor who asked questions specifically directed toward her anticipated return from medical leave versus the necessity of obtaining long term disability benefits.

<div align="center">10.</div>

That on that date, Plaintiff informed her supervisor that she believed her disability to be permanent and that she anticipated going on long term disability.

<div align="center">11.</div>

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

That due to Plaintiff's termination, all of her benefits, including health benefits and LTD were discontinued effective October 9, 2009.

12.

That Plaintiff's base salary at the time of discharge was $108,480 per year and thus the Delphi LTD payment (60% of base) would have been $65,088 per year.

13.

That Plaintiff lost this LTD benefit due to Defendant's unlawful acts.

14.

That Plaintiff further lost all employee benefits, including health coverage (value $5,500) due to Defendant's unlawful acts.

15.

That as such, the Plaintiff seeks economic and non economic damages, in excess of this Court's jurisdictional limits to compensate her for violations of 29 USC § 1140.

16.

That the amount in controversy exceeds this Court's jurisdictional limits of seventy five thousand dollars ($75,000.00).

17.

That based upon Defendants' actions, Plaintiff would request also that a declaratory judgment be entered by this Court requiring the Defendant to reinstate the Plaintiff and pay her all benefits due.

18.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

That the Plaintiff also prays for recovery of his attorney fees and costs in this matter.

<div align="center">19.</div>

That this Court has subject matter jurisdiction pursuant to 28 USC § 1331.

WHEREFORE, Plaintiff requests economic, non economic, declaratory and equitable relief from this Court, and an Order commanding the Defendants to pay the amounts due and owing pursuant to their Benefit Disability Policies.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: November 6, 2009    By:    *s/Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR.
1024 N. Michigan
Saginaw, MI 48602
989.752.1414
E-Mail: vmastromar@aol.com
[P34564]

## <u>DEMAND FOR PRE-TRIAL CONFERENCE</u>

NOW COMES the Plaintiff, LEIGH OCHOA, by and through her attorneys, THE

MASTROMARCO FIRM, and hereby demands a Pre-Trial Conference.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: November 6, 2009    By:    *s/Victor J. Mastromarco, Jr.*
                                  VICTOR J. MASTROMARCO, JR.
                                  1024 N. Michigan
                                  Saginaw, MI 48602
                                  989.752.1414
                                  E-Mail:  vmastromar@aol.com
                                  [P34564]

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 8 of 243
Case 1:09-cv-14065-TLL-CEB   Document 1   Filed 11/06/09   Page 7 of 7

## **DEMAND FOR TRIAL BY JURY**

NOW COMES the Plaintiff, LEIGH OCHOA, by and through her attorneys, THE

MASTROMARCO FIRM, and hereby demands a trial by jury of all issues in this cause

of action unless expressly waived.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: November 6, 2009   By:   *s/Victor J. Mastromarco, Jr.*
                                 VICTOR J. MASTROMARCO, JR.
                                 1024 N. Michigan
                                 Saginaw, MI 48602
                                 989.752.1414
                                 E-Mail: vmastromar@aol.com
                                 [P34564]

# **Exhibit A-2**

# THE MASTROMARCO FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1024 N. MICHIGAN AVENUE
SAGINAW, MI 48602

VICTOR J. MASTROMARCO, JR.**
RUSSELL C. BABCOCK
MANDA L. WESTERVELT
KIMBERLY M. KRAFT

TELEPHONE (989) 752-1414

FACSIMILE (989) 752-6202

E-MAIL: VMASTROMAR@AOL.COM
**ALSO ADMITTED IN IOWA

December 17, 2009

***Via Facsimile-248.593.2603***
***and U.S. First Class Mail***
Debra A. Colby
Ogletree Deakins
33 Bloomfield Hills Pkwy., Ste. 120
Bloomfield Hills, MI 48304

     Re:   Ochoa v Delphi Corporation
            Case No. 09-14383

Dear Ms. Colby:

Enclosed please find Plaintiff's Amended Complaint, Reliance on Prior Demand for Jury Trial and for Pretrial Conference which was filed with the United States District Court for the Eastern District of Michigan, Northern Division.

Should you have any questions or concerns regarding this correspondence, please do not hesitate to call my office.

        Sincerely,

        MANDA L. WESTERVELT

MLW/mmr
Enclosure

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

     Plaintiff,

vs.

DELPHI CORPORATION d/b/a
DPH, HOLDINGS Co.

     Defendants.

_____/

File No. 09-14383

Honorable Thomas L. Ludington

THE MASTROMARCO FIRM
BY: VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. WESTERVELT (P62597)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

_____/

## AMENDED COMPLAINT, RELIANCE ON PRIOR DEMAND FOR JURY TRIAL AND FOR PRETRIAL CONFERENCE

NOW COMES Plaintiff, Leigh Ochoa, by and through her attorneys, THE MASTROMARCO FIRM, and for her Complaint against Defendants states the following:

## COMMON ALLEGATIONS

1.

That at all times material hereto, Plaintiff, Leigh Ochoa, is a resident of the County of Saginaw, State of Michigan, and a citizen of the United States of America.

2.

That at all times material hereto, Defendant, Delphi Corporation and DPH Holdings Co. (hereinafter referred to as "Delphi") are foreign corporations, doing business in the County of Saginaw, State of Michigan.

3.

That at all times relevant herein, Defendant, Delphi, through their Benefits Division, also known as "Delphi Benefits" (also referred to collectively as "Delphi") is the Plan Administrator and Fiduciary of certain employee disability benefit plans at issue herein as defined by the Employment Retirement Benefits Rights Act (hereinafter referred to as ERISA) otherwise found at 29 USC 1001 *et Seq*.

4.

That this cause of action is brought pursuant to 20 USC § 1140 otherwise known as § 510 of ERISA.

5.

That Plaintiff has a viable section § 510 claim which makes it unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a plan participant or beneficiary for exercising any right to which she is entitled under the provisions of an employee benefit plan, ERISA, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, ERISA, or the Welfare and Pension Plans Disclosure Act. See 29 USC § 1140.

6.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

That Federal Common Law Equitable Estoppel Principals also apply in this matter. See <u>Armistead v Vernitron Corp</u>, 944 F2d 1287 (C.A. 6, 1991).

7.

That Leigh Ochoa, was a vested employee Delphi, who was diagnosed with degenerative disc disease on October 9, 2008.

8.

That Plaintiff was terminated on August 31, 2009, while on approved medical leave, and Delphi terminated her employment so as to interfere with her entitlement to long term disability benefits to which Plaintiff would become entitled under the Delphi LTD Plan and ERISA.

9.

That as a point of fact, just prior to Plaintiff's termination, she was contacted by her supervisor who asked questions specifically directed toward her anticipated return from medical leave versus the necessity of obtaining long term disability benefits.

10.

That on that date, Plaintiff informed her supervisor that she believed her disability to be permanent and that she anticipated going on long term disability.

11.

That due to Plaintiff's termination, all of her benefits, including health benefits and LTD were discontinued effective October 9, 2009.

12.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

That Plaintiff's base salary at the time of discharge was $108.480 per year and thus the Delphi LTD payment (60% of base) would have been $65.088 per year.

13.

That Plaintiff lost this LTD benefit due to Defendant's unlawful acts.

14.

That Plaintiff further lost all employee benefits. including health coverage (value $5,500) due to Defendant's unlawful acts.

15.

That as such, the Plaintiff seeks economic and non economic damages. in excess of this Court's jurisdictional limits to compensate her for violations of 29 USC § 1140.

16.

That the amount in controversy exceeds this Court's jurisdictional limits of seventy five thousand dollars ($75,000.00).

17.

That based upon Defendants' actions, Plaintiff would request also that a declaratory judgment be entered by this Court requiring the Defendant to reinstate the Plaintiff and pay her all benefits due.

18.

That the Plaintiff also prays for recovery of his attorney fees and costs in this matter.

19.

That this Court has subject matter jurisdiction pursuant to 28 USC § 1331.

4

WHEREFORE, Plaintiff requests economic, non economic, declaratory and equitable relief from this Court, and an Order commanding the Defendants to pay the amounts due and owing pursuant to their Benefit Disability Policies.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: November 19, 2009    By:    *s/Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR.
1024 N. Michigan
Saginaw, MI 48602
989.752.1414
E-Mail: vmastromar@aol.com
[P34564]

## DEMAND FOR PRE-TRIAL CONFERENCE

NOW COMES the Plaintiff, LEIGH OCHOA, by and through her attorneys, THE

MASTROMARCO FIRM, and hereby demands a Pre-Trial Conference.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: November 19, 2009        By:    *s/Victor J. Mastromarco, Jr.*
                                       VICTOR J. MASTROMARCO, JR.
                                       1024 N. Michigan
                                       Saginaw, MI 48602
                                       989.752.1414
                                       E-Mail: vmastromar@aol.com
                                       [P34564]

## DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff. LEIGH OCHOA. by and through her attorneys. THE

MASTROMARCO FIRM. and hereby demands a trial by jury of all issues in this cause

of action unless expressly waived.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: November 19, 2009        By:    *s/Victor J. Mastromarco. Jr.*
                                       VICTOR J. MASTROMARCO, JR.
                                       1024 N. Michigan
                                       Saginaw, MI 48602
                                       989.752.1414
                                       E-Mail: vmastromar@aol.com
                                       [P34564]

# **Exhibit B-1**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

In re                             :       Chapter 11

                                 :

DELPHI CORPORATION, et al.,     :       Case No. 05-44481 (RDD)

                                 :

                  Debtors.    :       (Jointly Administered)

                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases. I submit this Affidavit in connection with the service of the solicitation materials for the **First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified)** [Docket No. 17030] ("the Plan").

On December 1, 2005, the Court signed and entered an Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims, Noticing and Balloting Agent for Clerk of Bankruptcy Court [Docket No. 1374] designating KCC as the official Balloting Agent.

KCC is charged with the duty of printing and distributing Solicitation Packages to creditors and other interested parties pursuant to the instructions set forth in the **Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order")** [Docket No. 17032] ("Modification Procedures Order") as entered by the Court on June 16, 2009.

The various solicitation materials consist of the following documents:

1) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class A Secured Claims) ("Class A Ballot") (attached hereto as Exhibit A);

2) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-1 General Unsecured Claims) ("Class C-1 Ballot") (attached hereto as Exhibit B);



3) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-2 Pension Benefit Guaranty Corporation Claims) ("Class C-2 Ballot") (attached hereto as Exhibit C);

4) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class D General Motors Corporation Claim) ("Class D Ballot") (attached hereto as Exhibit D);

5) Notice of (1) Approval of Supplement; (2) Hearing on Modifications to Plan; (3) Deadline and Procedures for Filing Objections to Modifications of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Noticing, Voting, and Distribution Purposes; (6) Record Date; (7) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases, Exculpation, and Injunction in Modified Plan ("Final Modification Hearing Notice") (attached hereto as Exhibit E);

6) a letter from the Delphi Corporation Official Committee of Unsecured Creditors ("Creditors' Committee Letter") (attached hereto as Exhibit F);

7) First Amended Disclosure Statement Supplement with Respect to First Amended Plan of Reorganization (As Modified), Modification Procedures Order and December 10, 2007 Solicitation Procedures Order, in CD-ROM format ("CD-ROM")

8) Notice of Non-Voting Status with Respect to Certain Claims and Interests ("Notice of Non-Voting Status") (attached hereto as Exhibit G);

9) Notice to Unimpaired Creditors of (I) Filing of Proposed Modified Plan of Reorganization, (II) Treatment of Claims Under Modified Plan, (III) Hearing on Approval of Modified Plan, and (IV) Deadline and Procedures for Filing Objections Thereto ("Unimpaired Notice") (attached hereto as Exhibit H);

10) a memorandum from Kurtzman Carson Consultants to additional notice parties of ballot recipients ("Ballot Notice Party Memo") (attached hereto as Exhibit I);

11) Notice of Bar Date for Filing Proofs of Administrative Expense ("Administrative Bar Date Notice") (attached hereto as Exhibit J); and

12) Administrative Expense Claim Form ("Administrative Expense Claim Form") (attached hereto as Exhibit K).

On or before June 20, 2009, I caused to be served a personalized Class A Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on <u>Exhibit L</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-1 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on <u>Exhibit M</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-2 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on <u>Exhibit N</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class D Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on <u>Exhibit O</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit P</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit Q</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Unimpaired Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit R</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit S</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Ballot Notice Party Memo, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit T</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit U via postage pre-paid U.S. mail.


Dated: June 23, 2009

Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 23rd day of June, 2009, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature

Commission Expires: _10-1-09_

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

# EXHIBIT M

Delphi Corporation
Class 1C-1 Ballots

| Name | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Hansen Inc | | PO Box 814 | | | Warren | MI | 48090 | |
| Hansen Balk Steel Treating Co | | 1220 Monroe Ave NW | | | Grand Rapids | MI | 49505-4690 | |
| Harada Industry Of America Inc | | PO Box 77000 Dept 771219 | | | Detroit | MI | 48277-1219 | |
| Harback Jr Almeron L | | 9061 Reese Rd | | | Birch Run | MI | 48415-9204 | |
| Harback Jr Almeron L | | 9061 Reese Rd | | | Birch Run | MI | 48415-9204 | |
| Harbison Bros Inc | | 32 Appenheimer Ave | | | Buffalo | NY | 14214-2902 | |
| Harco Brake Systems Inc | | PO Box 326 | | | Englewood | OH | 45322 | |
| Harco Industries Inc | | PO Box 335 | | | Englewood | OH | 45322 | |
| Harcros Chemicals Inc | | 5200 Speaker Road | | | Kansas City | KS | 66106 | |
| Hardchrome Co | | 510 Dresden | | | Evansville | IN | 47710 | |
| Harden Ellis | | 5713 Horrell Rd | | | Trotwood | OH | 45426 | |
| Hardinge Inc | | PO Box 1212 | | | Elmira | NY | 14902-1212 | |
| Hare Kathleen A | | 2349 Timberline Dr | | | Macedon | NY | 14502-9120 | |
| Harlan Bernard M | | 6757 W Manufacturing St | | | Niles | MI | 60074-4276 | |
| Harman Toshiba Lighting Usa | | PO Box 515251 | | | Los Angeles | CA | 90051-6551 | |
| Harman Becker Automotive Syste | | Harman Kardon | 1201 S Ohio St | | Martinsville | IN | 46151-12914 | |
| Harman Corporation Debtor In Possession | | PO Box 60655 | | | Rochester | MI | 48308 | |
| Harman Douglas W | | 935 Thornapple Grv | | | Galloway | OH | 43119-9812 | |
| Harold Woodson | | 4190 Telegraph Rd Ste 3500 | | | Bloomfield Hills | MI | 48302 | |
| Harper Stella | Leonard Kruse PC | 8487 Bray Rd | | | Mt Morris | MI | 48458-8887 | |
| Harper Stella | | 8487 Bray Rd | | | Mt Morris | MI | 48458-8887 | |
| Harrel Inc | | 16 Fitch St | | | Norwalk | CT | 06855 | |
| Harrington Industrial Pla | Jeff | 3440 FN Davis Cir | | | Indianapolis | IN | 46236 | |
| Harrington Industrial Plastics | | PO Box 5128 | | | Ontario | CA | 91761-5766 | |
| Harrington Tool and Die Inc | Theodore Zaharia President | 2555 Matte Blvd | | | Brossard | QC | J4Y 2H1 | Canada |
| Harris Healthtronix Elt Corp | | 6929 W Central Ave | | | Toledo | OH | 43617-1401 | |
| Harris Thermal Trans Inc | Bruce T Emsey Controller | 4290 Market Rd | | | Sterling Hts | MI | 48314-3238 | |
| Hart Roger F | | 5171 Pleasant Dr | | | Beaverton | MI | 48612-8543 | |
| Hart Scientific | | 799 East Utah Valley Dr | | | American Fork | UT | 84003 | |
| Hartley Barbara Sue | | 1209 Romine Rd | | | Anderson | IN | 46011 | |
| Hartman & Hartman PC | Domenica N S Hartman | 552 E 700 N | | | Valparaiso | IN | 46383 | |
| Hartman & Hartman PC | Domenica N S Hartman | 552 E 700 N | | | Valparaiso | IN | 46383 | |
| Hartman John C | | 1507 East Cleveland Rd Apt 415 | | | Huron | OH | 44839-9503 | |
| Hartzel Fan Inc | | PO Box 1523 | | | Piqua | OH | 45356 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harvill Industries Ltd | | 421 E Pioneer Dr | | | Irving | TX | 75061 | |
| Harwick Standard Dist Corp | | c/o E E Pruitu | | | Akron | OH | 44305 | |
| Hasco Mold Bases Asheville Inc | | 1460 Velva Blvd | | | Arden | NC | 28704 | |
| Hasselbeck Electric Inc | | 4460 North Portsmouth Rd | | | Saginaw | MI | 48601 | |
| Hasler Inc | | PO Box 895 | 60 S Seebering St | | Shelton | CT | 06484-0895 | |
| Haugan Clyde M | | 516 Eleuthera Ln | Added W9 Info 3 19 04 Cp | | Indian Harbour Beach | FL | 32937 | |
| Haugan Clyde M | | 516 Eleuthera Ln | | | Indian Harbour Beach | FL | 32937 | |
| Haupel Bridget | Bridget Haupel | 1107 Blue Jay Dr | | | Greentown | IN | 46936 | |
| Haupel Eric | Eric Haupel | 1107 Blue Jay Dr | | | Greentown | IN | 46936 | |
| Haven Manufacturing Corp | Dave Ericson | 370 Demeter Industrial Pk | | | Brunswick | GA | 31525 | |
| Hawkins Co T N | | 110 E Main St | Room 203 | | Rogersville | TN | 37857 | |
| Hayes Lemmerz International Wabash | David J Nowaczewski | Bodman LLP | 1901 St Antoine St | | Detroit | MI | 48226 | |
| Hayes David M | | 11604 N County Line Rd | 6th Fl at Ford Field | | Wheeler | MI | 48662-9717 | |
| Hayner David M | | 11604 N County Line Rd | | | Wheeler | MI | 48662-9717 | |
| Haynes Bobby N | | 1800 Modgin St | | | Saginaw | MI | 48602-5234 | |
| Haynes International Inc | | 1020 West Pk Ave | | | Kokomo | IN | 46904-9013 | |
| Hayward Woodrow | | 1733 Brandywine Dr | | | Bloomfield | MI | 48304-1111 | |
| Hazmat Environmental Group Inc | | 465 Main St Ste 800 | | | Buffalo | NY | 14203 | |
| HD Gaebler Co Inc | | 1482 Stanley Ave | | | Dayton | OH | 45404 | |
| HE Services and Robert Backie | Victor J Mastromarco Jr P34564 | 1024 N Michigan Ave | | | Saginaw | MI | 48605-3197 | |
| Headrick Lynette | | 4146 Hackbarry St | | | Bridgeport | MI | 48722 | |
| Headrick Lynette | | 4146 Hackbarry St | | | Bridgeport | MI | 48722 | |
| Healthcare Authority Of Athens | | Wellness Ctr Of Athens Lime | 209 Fitness Way Ste A | | Athens | AL | 35611 | |
| Healthtrax Inc Work Fit | Healthtrax Inc | 2345 Main St | | | Glastonbury | CT | 06033 | |
| Heafton Robert L | | 1814 Frieda Ave | | | Johnstown | PA | 15902 | |
| Heally Karen L | c/o Robert S Hertzberg Esq | Pepper Hamilton LLP | 100 Renaissance Ctr | Ste 3600 | Detroit | MI | 48243-1157 | |
| Heany Industries Inc | Heany Industries Inc | PO Box 38 | | | Scottsville | NY | 14546 | |
| Heard Dennis | | 2115 Montgomery St | | | Saginaw | MI | 48601-4176 | |
| Heartland Express Inc Of Iowa | | 901 N Kansas Ave | | | North Liberty | IA | 52317 | |

# EXHIBIT P

Delphi Corporation
Master Service List, 2002 List and Governmental Entities Service List

| Company | Contact | Address1 | Address2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | |
| Lowndes C Ms | | 65 Livingston Avenue | | Columbus | MS | 39703 | |
| Lubbock Central Appraisal District | Laura J Monroe | Perdue Brandon Fielder Collins & Mo | PO Box 817 | Lubbock | TX | 79408-0817 | |
| Lubbock Co Tx | Lubbock Co Tax Assessor /collector | PO Box 10568 | | Lubbock | TX | 79408 | |
| Lucas County Treasurer | | One Government Ctr 500 | | Toledo | OH | 43604 | |
| Lula Lunsford Huff Muscogee County Tax Commissioner | Tax Commissioner | PO Box 1441 | | Columbus | GA | 31902-1441 | |
| Lumpkin Co Ga | Lumpkin Bd Of Collector | 99 Courthouse Hill | | Dahlonega | GA | 30533 | |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | |
| Lynda Hall Tax Collector Madison County Courthouse | | 100 Northside Sq | | Huntsville | AL | 95808 | |
| Lynda Hall Tax Collector Madison County Courthouse | | 100 Northside Sq | | Huntsville | AL | 35801 | |
| Macon Co Nc | Macon Co Tax Collector | 5 West St | | Franklin | NC | 28734 | |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stolland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | |
| Madison Co Ky | Madison County Sheriff | 101 West Main St | | Richmond | KY | 40475 | |
| Madison Co Ms | Madison Co Tax Collector | PO Box 113 | | Canton | MS | 39046 | |
| Madison Co Tn | Madison County Trustee | 100 E Main | Rm 107 | Jackson | TN | 38301 | |
| Madison County Al | Madison County Collector | 100 Northside Square | | Huntsville | AL | 35801 | |
| Madison County In | Madison County Treasurer | 16 E 9th St | County Courthouse | Anderson | IN | 46016 | |
| Madison County Indiana Treasurer | C O Thomas M Beeman | 33 W 10th Ste 200 | | Anderson | IN | 46016 | |
| Madison Heights City Of Oakland | | 300 W 13 Mile Rd | | Madison Heights | MI | 48071 | |
| Madison Twp Lenawee | Lenawee County Treasurer | 301 N Main St Old Courthouse | | Adrian | MI | 49221 | |
| Manager Of Finance | Jackson County Manager Of Finance | Bankruptcy 415 E 12th St | | Kansas City | MO | 64106 | |
| Manatee Tax County Collector | | PO Box 25300 | | Sarasota | FL | 25300 | |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | |
| Maricopa Co Az | Maricopa County Treasurer | PO Box 78574 | | Phoenix | AZ | 85062 | |
| Maricopa County Treasurers Office | Barbara Lee Caldwell | Herbert Schenk Pc | 4742 N 24th St Ste 100 | Phoenix | AZ | 85016 | |
| Marion Co Ky | Marion County Sheriff | 102 W Main St | Courthouse | Lebanon | KY | 40033 | |
| Marion Co Ms | Marion Co Tax Collector | 250 Board St | Ste 3 | Columbia | MS | 39429 | |
| Marion Co Sc | Marion Co Tax Treasurer | PO Box 275 | | Marion | SC | 29571 | |
| Marion Co Treasurer | | PO Box 275 | | Marion | SC | 29571 | |
| Marion County In | Marion County Treasurer | 200 E Washington St Rm 1001 | | Indianapolis | IN | 46204 | |
| Marion County Tax Collector | | PO Box 970 | | Ocala | FL | 34478-0970 | |
| Marshall County Al | Marshall County Revenue Commissioner | Marshall County Courthouse | 424 Blount Ave Ste 124 | Guntersville | AL | 35976 | |
| Marshall County In | Marshall County Treasurer | 112 W Jefferson St | Room 206 | Plymouth | IN | 46563 | |
| Massachusetts Department Of Revenue | | PO Box 7025 | | Boston | MA | 02204 | |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | |
| Mathews Local School District | | 4434 B Warren Sharon Rd | | Vienna | OH | 44473 | |
| Maury Co Tn | Maury County Trustee | One Public Square | | Columbia | TN | 38401 | |
| Maury County Trustee | | One Public Square | | Columbia | TN | 38401 | |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | |
| McCarthy Tetrault LLP | John J. Salmas / Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | |
| McDermott Will & Emery LLP | David D. Cleary | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | |
| McDermott Will & Emery LLP | Jason J. DeJonker | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | |
| McDermott Will & Emery LLP | Mohsin N. Khambati | 227 West Monroe Street | Suite 5400 | Chicago | IL | 60606 | |

Page 14 of 26

# EXHIBIT U

Delphi Corporation
Disallowed Claims Service List

| Name | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Cheryl J Allard | Cheryl J Allard | 6573 Whitnall Edge Rd | | | Franklin | WI | 53132 | |
| Cheryl J Allard | Cheryl J Allard | 6573 Whitnall Edge Rd | | | Franklin | WI | 53132 | |
| Cheryl L Weaver | | 2901 Locklear Court | | | Plano | TX | 75093-3129 | |
| Chester A Felty | | 5441 County Rd 52 | | | Big Prairie | OH | 44611-9649 | |
| Chester F Finkley Jr | | 8376 Grove Rd | | | Fort Myers | FL | 33967 | |
| Chester Inc | Chester Inc | PO Box 2237 | | | Valparaiso | IN | 46384-2237 | |
| Chester M Firman Jr | | 738 N Clinton Trail | | | Charlotte | MI | 48913-8782 | |
| Chi Hau Chen and Wanda W | | Chen Jt Ten | | | North Dartmouth | MA | 02747-3819 | |
| Childs Charles E | | 647 South 850 East | 415 Bradford Pl | | Greentown | IN | 46936 | |
| Chris Hughes Okaloosa County Tax Collector | Chris Hughes Okaloosa County Tax Collector | 151 C Eglin Pkwy NE | | | Ft Walton Beach | FL | 32548 | |
| Chris Hughes Okaloosa County Tax Collector | Philip A Bates PA | PO Box 1390 | | | Pensacola | FL | 32591-1390 | |
| Chris Hughes Okaloosa County Tax Collector | Philip A Bates PA | PO Box 1390 | | | Pensacola | FL | 32591-1390 | |
| Chris Hughes Okaloosa County Tax Collector | Chris Hughes Okaloosa County Tax Collector | 151 C Eglin Pkwy NE | | | Ft Walton Beach | FL | 32548 | |
| Christopher McKessy | | 1 Mill Creek Rd | | | New City | NY | 10956 | |
| Ciesinski Chester | | 419 Washington St | | | Adams Basin | NY | 14410 | |
| Cincinnati Abrasive Supply Co | Cincinnati Abrasive Supply Co | 5700 Hillside Ave | | | Cincinnati | OH | 45233 | |
| Cincinnati Freezer Corp | Accounts Receivable | 2199 Victory Pkwy | | | Cincinnati | OH | 45206 | |
| Cincinnati Freezer Corp | Accounts Receivable | 2199 Victory Pkwy | | | Cincinnati | OH | 45206 | |
| Cindy Palmer as PR of the Estate of Michael Palmer Deceased | Mastromarco & Jahn PC | 1024 N Michigan Ave | | | Saginaw | MI | 48605 | |
| Cinergy PSI | Mary Taylor | PO Box 960 EF 367 | | | Cincinnati | OH | 45273-9568 | |
| Citi Communications Finance Corporation dba Avaya Financial Services fka AT&T Credit Corporation | Attn Bankruptcy Department | CIT Communications Finance Corporation | CIT Drive | Suite 410AA | Livingston | NJ | 07039 | |
| CIT Communications Finance Corporation dba Avaya Financial Services fka AT&T Credit Corporation | CIT Communications Finance Corp | Attn Bankruptcy Dept | 1 CIT Dr Ste 410AA | | Livingston | NJ | 07039 | |
| CIT Technologies Corporation | | 2285 Franklin Rd | | | Bloomfield Hills | MI | 48302 | |
| CIT Technologies Corporation | | 2285 Franklin Rd | | | Bloomfield Hills | MI | 48302 | |
| Citibank USA N A | Conoco Payment Ctr | 4300 Westown Pkwy | | | W Des Moines | IA | 50266 | |
| Citicorp Vendor Finance Inc | Citicorp Vendor Finance Inc | c/o Foster & Wolkind PC | 80 Fifth Avenue Suite 1401 | | New York | NY | 10011 | |
| Citizens Gas & Coke Utility | | 2020 N Meridian St | | | Indianapolis | IN | 46202-1393 | |
| City and County of Denver Treasury | Attn Karen Katros Bankruptcy Analyst | McNichols Civic Bldg | 144 W Colfax Room 384 | | Denver | CO | 80202-5391 | |
| City and County of Denver Treasury | Attn Karen Katros Bankruptcy Analyst | McNichols Civic Bldg | 144 W Colfax Room 384 | | Denver | CO | 80202-5391 | |
| City and County of Denver Treasury | Attn Karen Katros Bankruptcy Analyst | McNichols Civic Ctr Bldg | 144 W Colfax Ave Room 384 | | Denver | CO | 80202-5391 | |
| City of Adrian | Donna Stewart Treasurer | 100 E Church St | | | Adrian | MI | 49221 | |
| City of Bowling Green KY | Treasury Division | PO Box 430 | | | Bowling Green | KY | 42102-0430 | |
| City of Brookhaven | c/o Jeffrey R Barber Esq | Watkins Ludlam Winter & Stennis PA | PO Box 427 | | Jackson | MS | 39205-0427 | |
| City of Cincinnati | | 801 Plum St | | | Cincinnati | OH | 45202 | |
| City of Columbia | City of Columbia | 707 N Main | | | Columbia | TN | 38401 | |
| City of Coopersville | Law Weathers & Richardson PC | 333 Bridge St Ste 800 | | | Grand Rapids | MI | 49504 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |
| City of Dayton | Attn Water Collections | City of Dayton Finance Department | 101 W Third St | | Dayton | OH | 45402 | |

Delphi Corporation
Disallowed Claims Service List

| Name | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| GW Plastics Inc | J Eric Charlton | Hiscock & Barclay LLP | Financial Plaza | 221 S Warren St | Syracuse | NY | 13202 | |
| GW Plastics Inc | J Eric Charlton | Hiscock & Barclay LLP | Financial Plaza | 221 S Warren St | Syracuse | NY | 13202 | |
| GW Plastics Inc | J Eric Charlton | Hiscock & Barclay LLP | Financial Plaza | 221 S Warren St | Syracuse | NY | 13202 | |
| Gwinn & Roby | | 4100 Renaissance Twr | 1201 Elm St | | Dallas | TX | 75270 | |
| H Austin Olmstead and | | Koren A Olmstead Jt Ten | PO Box 717 | | Charlevoix | MI | 49720-0717 | |
| H G Starck Inc | | 45 Industrial Pl | | | Newton | MA | 02461 | |
| H E Services Company | Victor J Mastromarco Jr P34564 | 1024 N Michigan Ave | PO Box 3197 | | Saginaw | MI | 48605-3197 | |
| H E Services Company | Victor J Mastromarco Jr P34564 | 1024 N Michigan Ave | PO Box 3197 | | Saginaw | MI | 48605-3197 | |
| H Jean Glassock and | | Thomas C Glassock Jt Ten | 1412 Academy | | Poncacity | OK | 74604 | |
| H Olwen Bishop Tr | | H Olwen Bishop Trust | Ua 111599 | 5650 N Camelback Canyon Dr | Phoenix | AZ | 85018-1282 | |
| H Paul Obaugh | | 404 Rainbow Dr | | | Staunton | VA | 24401-2137 | |
| H Square Corporation | H Square Corporation | 1033 N Fair Oaks Ave | | | Sunnyvale | CA | 94089 | |
| Haartz Corporation | | 87 Hayward Rd | | | Acton | MA | 01720-0286 | |
| Hadden Mark J | | 44 Devonshire Dr | | | Penfield | NY | 14526 | |
| Hedding Julie | | 7973 Hickory Ridge Rd | | | Holly | MI | 48442 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | Attn Ganna Liberchuk | 301 Rte 17 6th Fl | | | Rutherford | NJ | 07070 | |
| Han Capital Holdings LLC | | 809 Darby Ave | | | Kinston | NC | 28504 | |
| Halstel & Hoggan Inc | | 935 Santa Fe Ave | | | Los Angeles | CA | 90021 | |
| Hamemiller Janet K | | 7326 State Route 19 Unit 2101 | | | Mount Gilead | OH | 43338-9329 | |
| Hamilton Jack M | Attorney Harold D Block | 710 North Plankinton Avenue Ste 801 | | | Milwaukee | WI | 53203 | |
| Hamlin Tool & Machine Co Inc | | Inc | 1671 E Hamlin Rd | | Rochester | MI | 48307-3624 | |
| Handley Ralph | | 13375 Haddon St | | | Fenton | MI | 48430 | |
| Handley Ralph E | | 13375 Haddon St | | | Fenton | MI | 48430-1103 | |
| Handley Ralph E | | 13375 Haddon St | | | Fenton | MI | 48430 | |
| Handley Ralph E | | 13375 Haddon St | | | Fenton | MI | 48430 | |
| Handy & Harman Electronic Materials Corporation | c/o Ice Miller | Attn Ben T Caughey | One American Sq Ste 3100 | | Indianapolis | IN | 46282-0200 | |
| Haney Christine M | Haney Christine M | 508 Westage At The Harbor | | | Rochester | NY | 14617 | |
| Hans J Kaiser | | 246 Pk Ln | | | Hendersonville | NC | 28791-8614 | |
| Hans J Kaiser and Edith L | | Kaiser Jt Ten | 246 Pk Ln | | Hendersonville | NC | 28791-8614 | |
| Hansen Balk Steel Treating Co | | 1230 Monroe Ave NW | | | Grand Rapids | MI | 49505-4690 | |
| Hansen Jean Marie | | Atty Pc | PO Box 33005 | | Bloomfield Hills | MI | 48303 | |
| Hansen Jean Marie Atty Pc | | PO Box 33005 | | | Bloomfield Hills | MI | 48303 | |
| Hansen Jean Marie Atty Pc | | PO Box 33005 | | | Bloomfield Hills | MI | 48303 | |
| Harada Industry of America | | 22925 Venture Dr | | | Novi | MI | 48375 | |
| Harco Industries | Harada Industry of America | PO Box 335 | | | Englewood | OH | 45322 | |
| Harding University | | Business Office | Box 10770 | | Searcy | AR | 72149 | |
| Hardware Specialty Co Inc | | 48 75 36th St | | | Long Island City | NY | 11101 | |
| Hare Cynthia | | 3904 Deerpath Dr | | | Sandusky | OH | 44870 | |
| Harlacos T Sakellarides and | | Lucy H Sakellarides Jt Ten | 3 Hawthorn Pl | | Boston | MA | 02114-2334 | |
| Harlan D Hubka | | 508 Court St 101 | | | Beatrice | NE | 68310-3922 | |
| Harlan F Ware | | 586 Pkwy Ave | | | Antioch | IL | 60002-1354 | |
| Harlingen CISD | Diane W Sanders | Linebarger Goggan Blair & Sampson LLP | 1949 S H 35 78741 | PO Box 17428 | Austin | TX | 78760-7428 | |
| Harold A Ross | | 131 Nw 4th St 280 | | | Corvallis | OR | 97330 | |
| Harold E Fritz Tr | | Harold E Fritz Revocable Living | Trust Ua Dtd 102000 15558 W | Camino Real Way | Surprise | AZ | 85374-6399 | |
| Harold E Hatfield | | 2608 North 300 East | | | Anderson | IN | 46012-9405 | |

Delphi Corporation
Disallowed Claims Service List

| Name | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| HE Services Company | Victor J Mastromarco Jr P34564 | 1024 N Michigan Ave | PO Box 3197 | | Saginaw | MI | 48605-3197 | |
| Health Care Authority of Athens and Limestone County dba Athens Limestone Hospital | | Wilmer & Lee PA | Attorneys at Law | PO Box 710 | Athens | AL | 35612 | |
| Healthcare Technologies of Mid MI Inc | P Michael Cole Attorney for Creditor Healthcare Technologies of Mid MI Inc | PO Box 315 | | | Swartz Creek | MI | 48473 | |
| HealthPlus of Michigan Inc | Attn Dan Champney Esq | 2050 S Linden Rd | | | Flint | MI | 48532 | |
| Heather K Johnson | Heather K Johnson | 915 Iowa Ave | | | Lynn Haven | FL | 32444 | |
| Hebert Roy Ernest III | | 368 Longbush Ln | | | Webster | NY | 14580 | |
| Hedwig L Hall | | 63 66 77th Pl | | | Middle Village | NY | 11379-1306 | |
| Heidel Gmbh & Co Kg | Firmo Lotte Gmbh | Hansaring 1 | | | Lotte | | D 49504 | Germany |
| Heilman David R | Jacob & Weingarten P C | Attn Howard S Sher | | | Troy | MI | 48084 | |
| Heilman Mary Ann | Attn Howard S Sher | Jacob & Weingarten P C | 2301 W Big Beaver Rd  Ste 777 | | Troy | MI | 48084 | |
| Heilman Mary Ann | Attn Howard S Sher | Jacob & Weingarten P C | 2301 W Big Beaver Rd  Ste 777 | | Troy | MI | 48084 | |
| Heinz R Brueckner Tr | | Heinz R Brueckner and Nancy J Brueckner Trust Ua 12290 | 2301 W Big Beaver Rd  Ste 777 | | Troy | MI | 48084 | |
| Heisey Duane L | | 105 W Falcon Run | | 6344 N 87th St | Scottsdale | AZ | 85250-5712 | |
| Helen A Arnold | | 13956 San Pablo Av | | | Pendleton | IN | 46064-9141 | |
| Helen Arlene Nelson and | Rudolph S Nelson Tr | Helen Arlen Nelson Revocable Trust Ua 032999 | Apt 335 | | San Pablo | CA | 94806-5304 | |
| Helen Bouchard | | 2254 Willow Ave | | 19720 460th St | Lake Mills | IA | 50450-7458 | |
| Helen C Mayer | | 5747 Kirkrige | | | Niagra Falls | NY | 14305-3052 | |
| Helen Chiang Tr | | Helen Chiang Living Trust | Ua 060195 | | Rochester Hills | MI | 48306-2262 | |
| Helen D Thomas and | | Dennis G Thomas Jt Ten | 2619 Chateau Ln | | Davis | CA | 95616-6414 | |
| Helen E David Tr | | Helen E David Rev Liv Trust | 15 Aberfield Ln | | Miamisburg | OH | 45342-6615 | |
| Helen E Oberstar | | 512 Belden Hill Rd | Ua 060800 | 165 Navajo Dr | Pontiac | MI | 48341-2028 | |
| Helen Elizabeth Kurtz Tr | Helen Elizabeth Kurtz | Revocable Living Trust | Ua 041197 | 1022 Main St | Wilton | CT | 06897-4221 | |
| Helen J Walsh Cust | | Elizabeth Helen Walsh | Unif Trans Min Act Wy | | Lafayette | IN | 47901-1541 | |
| Helen Jane Blackman | | J B Lessing | 3924 Baltimore St | Box 4044 | Cheyenne | WY | 82003-4044 | |
| Helen Jarmakowicz and | | Tod Warren Jarmakowicz and Trust Ua Dtd 082091 | Karen Jarmakowicz Jt Ten | 201 Browertown Rd | Kensington | MD | 20895-3906 | |
| Helen Kriz Tr Helen Kriz | | 27 Pearl St W | 2033 Se Allamanda Dr | | West Paterson | NJ | 07424-2609 | |
| Helen Kuebler | | 200 Saunders Ferry Rd No 1111 | | | Port St Lucie | FL | 34952-5803 | |
| Helen Louise Gregory | | 12954 Appleton St | | | Sidney | NY | 13838-1427 | |
| Helen M Clark | | Royal Stewart Arms Clydebank 216 | | | Hendersonville | TN | 37075 | |
| Helen M Conneen | | Box 376 | | | Detroit | MI | 48223-3028 | |
| Helen M Getty | | Dtd 022691 Helen M Kurncz | Trust | | Dunedin Beach | FL | 34698 | |
| Helen M Kurncz Trustee Ua | | | | 6616 10th Ave W | Gordon | PA | 17936 | |
| Helen Mcnaughton In Trust | | For Tyler McNaughton Darcy | McNaughton and Morgan McNaughton | 26 Cramar Crescent | Bradenton | FL | 34209-4015 | |
| Helen N Boskovich and Edward C | | Boskovich Jt Ten | 49707 Jefferson Court | | Chatham | ON | N7M 6G3 | Canada |
| Helen Neidell | | 1369 Finn Terrace | | | Shelby Township | MI | 48315-3951 | |
| Helen S Entrikin | | 908 Canoe Ln | | | Fairlawn | NJ | 17410 | |
| Helen S Pleve | | 702 Castle Dr | | | Manahawkin | NJ | 08050-2120 | |
| Helen S Stahley | | 8510 Mohr Ln | | | Chattanooga | TN | 37411-3303 | |
| Helen T Brisendine | | 995 Green St | | | Fogelsville | PA | 18051-1923 | |
| Helen V Applegate | Heine V Applegate Estate Mary H Hill Ind Executor | Box 35 | | | Conyers | GA | 30012 | |
| Helen Welzie | | 150 Broadway | Apt 1004 | | Atlanta | IL | 61723-0035 | |
| Helena Levine and | Stuart H Levine Tr | Helene Levine and Stuart Levine Fam Trust Ua 070196 | 36 Salem Rd | | New Orleans | LA | 70116-7609 | |
| Helga R Von Transehe | | St Ohmar Strasse 10 | 94501 Kriestorf | | Roslyn Heights | NY | 11577-1500 | |
| Helicor Inc | | 19 Fulton St Rm 407 | | | New York | NY | 10038-2125 | |
| Hella Fahrzeugkomponenten GmbH | Mr Gerd Guenther | Dortmunder Str 5 | | | Bremen | | 28199 | Germany |
| Helm Innenleuchten Systeme GmbH | Mrs Melanie Renner Mrs Sonia Wiekenberg | Maienbuehlstrasse 7 | | | Wembach | | 79677 | Germany |
| Helm Instrument Co Inc | | 361 W Dussel Dr | | | Maumee | OH | 43537-166 | |
| Helmut A Koehler | | 1485 Fairview Ave | | | Brentwood | CA | 94513-5344 | |

Delphi Corporation
Disallowed Claims Service List

| Name | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| RLI Insurance Company | Michael P O'Connor Esq | 10 Esquire Rd Ste 14 | | | New City | NY | 10956 | |
| Robert A Denton Inc | attn Ann Orner | 2967 Waterview Dr | | | Rochester Hills | MI | 48309 | |
| Robert A Green and Maurine A | | Green Jt Ten | | | | | | |
| Robert A Marsh Tr | | Marsh Family Trust Ua Dtd 81788 | 26 Clara Barton Ln | | Galveston | TX | 77551-1104 | |
| Robert A Mazzola | | 2477 Susquehanna Rd | 2618 Veteran Ave | | Los Angeles | CA | 90064 | |
| Robert B Bruyn | | 22440 Sherman Rd | | | Abington | PA | 19001-4208 | |
| Robert B Mc Webb | | 617 Choo Choo Ln | | | Steger | IL | 60475-5540 | |
| Robert B Peabody | | 201 North Woodland Rd | | | Bairico | FL | 33594 | |
| Robert Backie | Victor J Mastromarco Jr P34564 | 1024 N Michigan Ave | PO Box 3197 | | Pittsburgh | PA | 15232-2852 | |
| Robert Backie | Victor J Mastromarco Jr P34564 | 1024 N Michigan Ave | PO Box 3197 | | Saginaw | MI | 48605-3197 | |
| Robert Backie | Victor J Mastromarco Jr P34564 | 1024 N Michigan Ave | PO Box 3197 | | Saginaw | MI | 48605-3197 | |
| Robert Ballesteros | | 10109 Gaynor | | | Saginaw | MI | 48605-3197 | |
| Robert Bosch Corporation | Judith Lowitz Adler | 38000 Hills Tech Dr | | | North Hills | CA | 91343-1406 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | c/o Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |
| Robert Bosch GmbH | Attn Judith Lowitz Adler | Robert Bosch Corporation | 38000 Hills Tech Dr | | Farmington Hills | MI | 48331 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | County |
|---|---|---|---|---|---|---|---|---|---|
| BACH & CO | | 50 SEAVIEW BLVD | | | | PORT WASHINGTON | NY | 11050 | |
| BACH AND CO | | PO BOX 7000 | | | | PORT WASHINGTON | NY | 11050 | |
| BACH DOUGLAS | | 9857 MEADOW WOODS LN | | | | CENTERVILLE | OH | 45458 | |
| BACH JAMES | | 14825 SENATOR WAY | | | | CARMEL | IN | 46032 | |
| BACH LINDA J | | 4676 W COUNTY RD 200 N | | | | KOKOMO | IN | 46901-8386 | |
| BACH ROGER N | | 1476 HINEY RD | | | | WILMINGTON | OH | 45177-8943 | |
| BACH SUE | | 4801 ROUND LAKE RD | | | | LAINGSBURG | MI | 48848 | |
| BACH WILLIAM E | | 2228 N AMERICAN BLVD | | | | VANDALIA | OH | 45377-7231 | |
| BACH JAMES CARTER | | 14825 SENATOR WAY | | | | CARMEL | IN | 46032 | |
| BACHA RICHARD A | | 1292 DONALD R | | | | FLINT | MI | 48532-2637 | |
| BACHANI JOSEPH | | 1244 MEADOW LN | | | | POLAND | OH | 44514 | |
| BACHARACH INC | | 5151 MITCHELLDALE STE 84 | | | | HOUSTON | TX | 77092 | |
| BACHARACH INC | | 621 HUNT VALLEY CIRCLE | | | | NEW KENSINGTN | PA | 15068-7074 | |
| BACHARACH INC | | 621 HUNT VALLEY CIR | | | | NEW KENSINGTN | PA | 15068-7074 | |
| BACHARACH INC | | 621 HUNT VALLEY CIR | | | | NEW KENSINGTON | PA | 15068 | |
| BACHARACH INC | | BACHARACH INSTRUMENTS | 621 HUNT VALLEY CIR | | | NEW KENSINGTON | PA | 15068-7074 | |
| BACHARACH INC | | BACHARACH SERVICE CTR | 625 ALPHA DR | | | PITTSBURGH | PA | 15238-2878 | |
| BACHARACH INC | | PO BOX 106008 | | | | PITTSBURGH | PA | 15230-6008 | |
| BACHARACH INSTRUMENT COMPANY | | 625 ALPHA DR | | | | PITTSBURG | PA | 15238 | |
| BACHARACH SERVICE CENTER | | 621 HUNT VALLEY DR | | | | NEW KENSINGTN | PA | 15068-7074 | |
| BACHE KATHLEEN | | 5100 CRANBERRY DR | | | | MINERAL RIDGE | OH | 44440 | |
| BACHELDER PATRICK | | 1500 WAVERLY DR | | | | TROY | MI | 48098 | |
| BACHELDER PATRICK L | | 1500 WAVERLY DR | | | | TROY | MI | 48098 | |
| BACHER RAYMOND | | 5446 W ALKALINE SPRINGS RD | | | | VANDALIA | OH | 45377-9469 | |
| BACHI LIMITED PARTNERSHIP | | 1201 ARDMORE | | | | ITASCA | IL | 60143-1103 | |
| BACHKES WITTLEFF GERALDYNE | | 1622 BAYVIEW DR | | | | MUSKEGON | MI | 49441 | |
| BACHMAN BRIAN | | 5268 SMITH STEWART RD | | | | GIRARD | OH | 44420 | |
| BACHMAN LISA | | 980 BRISTOL CHAMPION | TOWNLINE RD | | | WARREN | OH | 44481 | |
| BACHMAN LYNDA | | 5268 SMITH STEWART RD SE | | | | GIRARD | OH | 44420 | |
| BACHMAN PAUL | | 115 CARVER RD | | | | CLEVELAND HEIGHTS | OH | 44112 | |
| BACHMAN ROBERT | | 980 BRISTOL CHAMPION TOW | NLINE | | | WARREN | OH | 44481 | |
| BACHMAN TOOL & DIE | | 1114 4TH AVE NE | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN TOOL & DIE | | PO BOX 189 | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN TOOL & DIE CO | | PO BOX 189 | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN TOOL AND DIE CO | | PO BOX 189 | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN BRIAN L | | 5268 SMITH STEWART RD | | | | GIRARD | OH | 44420 | |
| BACHMAN LISA | | 980 BRISTOL CHAMPION | TOWNLINE RD | | | WARREN | OH | 44481 | |
| BACHMAN ROBERT S | | 980 BRISTOL CHAMPION TOW | NLINE | | | WARREN | OH | 44481 | |
| BACHMAN EDWARD | | 3119 GRETCHEN DR NE | | | | WARREN | OH | 44483 | |
| BACHOCHIN JOHN | | 15731 S 4210 RD | | | | CLAREMORE | OK | 74017 | |
| BACHOLZKY JEFF | | 7857 RAMBLEWOOD | | | | YPSILANTI | MI | 48197 | |
| BACHULA RICKY | | 2865 WILLIAMSON RD | | | | SAGINAW | MI | 48601-5249 | |
| BACHULA ROBERT J | | 5680 GREINDA | | | | HARRISON | MI | 48625-9389 | |
| BACHULA ROBERT J | | 5680 GREINDA | | | | HARRISON | MI | 48625-9389 | |
| BACHUS BENJAMIN | | 189 1 PALMDALE DR | | | | WILLIAMSVILLE | NY | 14221 | |
| BACIGAL ROBERT | | 15743 HIX | | | | LIVONIA | MI | 48154 | |
| BACK COUNTRY ACCESS | ERIC MOORE | 2820 WILDERNESS PL UNIT H | | | | BOULDER | CO | 80301 | |
| BACK DENNIS | | 842 CONTINENTAL CT APT 1 | | | | VANDALIA | OH | 45377-1241 | |
| BACK DENNIS | | 842 CONTINENTAL CT APT 1 | | | | VANDALIA | OH | 45377-1241 | |
| BACK JAMES | | 1816 ATKINSON | | | | XENIA | OH | 45385 | |
| BACK LARRY | | 10 S RIVER ST | | | | FRANKLIN | OH | 45005 | |
| BACK PATRICK | | 487 CHAPARRAL DR | | | | RUSSIAVILLE | IN | 46979 | |
| BACK R G | | | | | | SOUTHPORT | | PR8 3TT | UNITED KINGDOM |
| BACKCOUNTRY ACCESS INC | ERIC MOORE | 85 EASEDALE DR | | | | BOULDER | CO | 80303 | |
| BACKE ERIN | | 2820 WILDERNESS PL UNIT H | | | | BOULDER | CO | 80301 | |
| BACKES KENNETH | | 803 SHEFFIELD | | | | DYER | IN | 46311 | |
| BACKES RUSSELL | | 1960 SHERIDAN DR APT 10 | | | | KENMORE | NY | 14223 | |
| BACKES KENNETH | | 1645 MONROE AVE | | | | SO MILWAUKEE | WI | 53172-1726 | |
| BACKFLOW CONTROL | | 285 CRESTMOUNT AVE 248 | | | | TONAWANDA | NY | 14150 | |
| BACKFLOW PREVENTION SERVICES | | 262 BOATNER RD | | | | POTTS CAMP | MS | 38659 | |
| BACKFLOW TECH | DONNA MARYE | THE L P B CO INC | 379 SHOTWELL COURT | | | WHITE LAKE | MI | 48386 | |
| BACKFLOW TECH | TAMRA KREBS | 608 GARRISON ST | UNIT L | | | LAKEWOOD | CO | 80215 | |
| BACKHAUS HERBERT | | 468 SOUTH DUDLEY ST | | | | LAKEWOOD | CO | 80226 | |
| BACKIE ROBERT | C/O MASTROMARCO & JAHN PC | 4614 DENTON RD | | | | CANTON | MI | 48188 | |
| BACKIE ROBERT | | VICTOR J MASTROMARCO JR | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48605-3197 | |
| BACKIS INTERNATIONAL | | 751 LAUREL ST 330 | | | | SAN CARLOS | CA | 94070 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| CADILLAC RUBBER & PLASTICS DE | | AVON AUTOMOTIVE | ORIENTE 12 NO 1151 COL CENTRO | | | ORIZABA | | 94300 | MEXICO |
| CADILLAC RUBBER & PLASTICS DE | | ORIENTE 12 NO 1151 COL CENTRO | | | | ORIZABA | | 94300 | MEXICO |
| CADILLAC RUBBER & PLASTICS DE | | COL CENTRO | | | | ORIZABA | VER | 94300 | MX |
| CADILLAC RUBBER & PLASTICS INC | | 1401 PULLMAN BLDG 3 | | | | EL PASO | TX | 79936 | |
| CADILLAC RUBBER & PLASTICS INC | | AVON AUTOMOTIVE | 805 W 13TH ST | | | CADILLAC | MI | 49601-9282 | |
| CADILLAC RUBBER & PLASTICS INC | | COL CENTRO | | | | ORIZABA | VER | 94300 | MX |
| CADILLAC RUBBER & PLASTICS INC | | 39205 COUNTRY CLUB DR STE C16 | | | | FARMINGTON HILLS | MI | 48331 | |
| CADILLAC RUBBER & PLASTICS INC | | NO PHYSICAL ADDRESS | | | | DETROIT | MI | 48267 | |
| CADILLAC RUBBER & PLASTICS INC | | 39205 COUNTRY CLUB DR STE C16 | | | | FARMINGTON HILLS | MI | 48331 | |
| CADILLAC RUBBER & PLASTICS INC | | 1401 PULLMAN DR BLDG 3 | | | | EL PASO | TX | 79936 | |
| CADILLAC TRAVEL GROUP | | 3000 TOWN CTR STE 22 | | | | SOUTHFIELD | MI | 48075 | |
| CADIMENSIONS INC | | 6310 FLY RD | | | | EAST SYRACUSE | NY | 13057 | |
| CADIMENSIONS INC | | ADDR CHG 8 4 99 | 6310 FLY RD | | | EAST SYRACUSE | NY | 13057 | |
| CADMEX SA DE CV | | AV HENEQUEN 1289 FRACC SALVARCAR | | | | CD JUAREZ | | 32690 | MEX |
| CADMEX SA DE CV | | AV HENEQUEN 1289 FRACC SALVARCAR | | | | CD JUAREZ | | 32690 | MEXICO |
| CADLEROCK JOINT VENTURE II LLP | | 100 NORTH CTR ST | | | | NEWTON FALLS | OH | 44444 | |
| CADMAN QUANTOK S EDGE DR NE | | 7463 WOODS EDGE DR NE | | | | BELMONT | MI | 49306-9433 | |
| CADON PLATING & COATINGS LLC | | 3715 11TH ST | | | | WYANDOTTE | MI | 48192-6243 | |
| CADON PLATING CO | | 3715 11TH ST | | | | WYANDOTTE | MI | 48192 | |
| CADON PLATING CO | | 3715 11TH ST | | | | WYANDOTTE | MI | 48192-6243 | |
| CADON INC | DAVID FIEDLER | 1490 W 121ST AVE | STE 201 | | | GR BLANC | CO | 80234 | |
| CADSTAR INTERNATIONAL LTD | | PO BOX 11515 | | | | BOSTON | MA | 02211 | |
| CADSTAR INTERNATIONAL LTD EFT | | PO BOX 11515 | | | | BOSTON | MA | 02211 | |
| CADVENTURE INC | | 3860 BEN HUR AVE NO 1 | | | | WILLOUGHBY | MI | 44094-6370 | |
| CADWALADER WICKERSHAM & TAFT | | LLP | 1201 F ST NW | ADD CHG 10 05 04 CP | | WASHINGTON | DC | 20004 | |
| CADWALADER WICKERSHAM & TAFT LLP | | GENERAL POST OFFICE | PO BOX 5929 | | | NEW YORK | NY | 10087-5929 | |
| CADWALADER WICKERSHAM & TAFT LLP | CADWALADER WICKERSHAM & TAFT LLP | ONE WORLD FINANCIAL CENTER | ONE WORLD FINANCIAL CENTER | | | NEW YORK | NY | 10281 | |
| CADY KIM E | | 1100 BOARDMAN CANFIELD RD APT 95 | | | | NEW YORK | NY | 10281 | |
| CADWALADER CYNTHIA | | 6115 COREY HUNT RD | | | | YOUNGSTOWN | OH | 44512-3051 | |
| CADWALADER DAVID A | | 1100 BOARDMAN CANFIELD RD APT 95 | | | | BRISTOLVILLE | OH | 44402-9845 | |
| CADWALADER JOSEPH | | 5057 TERRITORIAL WEST | | | | YOUNGSTOWN | OH | 44512-8051 | |
| CADY KIM E | | 1 FREEMONT ST | | | | GR BLANC | MI | 48439-2046 | |
| CADY LITTERER INC | | PO BOX 3197 | | | | TONAWANDA | NY | 14150 | |
| CADY VASTROMARCO & JAHN PC | | PO BOX 3197 | | | | SAGINAW | MI | 48605 | |
| CADY MASTROMARCO AND JAHN PC | | PO BOX 3197 | | | | SAGINAW | MI | 48605 | |
| CADY ROBERT | | 4813 CLAREMONT ST 1 | | | | MIDLAND | MI | 48642-3072 | |
| CAE RANSOHOFF | AMY OR DANA | 4933 PROVIDENT DR | | | | CINCINNATI | OH | 45246 | |
| CAE RANSOHOFF INC | | 4933 PROVIDENT DR | 4933 PROVIDENT DR | | | CINCINNATI | OH | 45246 | |
| CAE RANSOHOFF INC EFT | | FMRLY RANSOHOFF INC | | | | CINCINNATI | OH | 45246 | |
| CAE SERVICES CORP | | 208 BELLEVIEW LN | 280 BELLEVIEW LN | | | BATAVIA | IL | 60510 | |
| CAE SERVICES CORP | | PLASTICS TECHNOLOGY CTR | | | | BATAVIA | IL | 60510 | |
| CAE US HOLDINGS INC | | 36199 MOUND RD | | | | STERLING HEIGHTS | MI | 48310-4736 | |
| CAER OF METRO HUNTSVILLE | | PO BOX 868 | | | | HUNTSVILLE | AL | 35804 | |
| CAESAR CHARLES S | | 726 LA SALLE DR | | | | DAYTON | OH | 45408-1523 | |
| CAESAR SANDRA M | | 615 ENKHOE DR | | | | DAYTON | OH | 45406-1505 | |
| CAFFEE CARRIE M | | PO BOX 145 | | | | NIAGARA FALLS | NY | 14305-0145 | |
| CAFFEE DIANNA | | 661 BRUMBAUGH | | | | NEW CARLISLE | OH | 45344 | |
| CAFFERTY DANIEL | | 930 BRIDGE PK | | | | TROY | MI | 48098 | |
| CAFFERTY FRANCIS E | | 4557 PAYSIDE BLVD | | | | ALLEN PK | MI | 48101-3203 | |
| CAFFEY SHERMAN | | 4203 WINDHAM PLS | | | | SANDUSKY | OH | 44870 | |
| CAFFIE EDWIN | | 259 MUMFORD DR | | | | YOUNGSTOWN | OH | 44505 | |
| CAFFIE JUNE C | | 1622 DODGE DR NW | | | | WARREN | OH | 44485-1821 | |
| CAFFREY M | | 35 ELM RD | KIRKBY | | | LIVERPOOL | | L32 0RY | UNITED KINGDOM |
| CAFRITZ COMPANY | | 1825 K ST NW | | | | WASHINGTON | DC | 20006 | |
| CAGAS JEAN | | 330 W 1ST ST APT 403 | | | | DAYTON | OH | 45402-3044 | |
| CAGAS JEAN Q | | 330 W 1ST ST APT 403 | | | | DAYTON | OH | 45402 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| ESSROC | | 3251 BATH PIKE | | | | NAZARETH | PA | 18064 | |
| ESSROC | | 3251 BATH PIKE | | | | NAZARETH | PA | 18064 | |
| ESSROC | | 3251 BATH PIKE | | | | NAZARETH | PA | 18064 | |
| ESSY JR GEORGE | | 6079 N VASSAR RD | | | | FLINT | MI | 48506 | |
| EST TESTING SOLUTIONS | STEPHEN B GROW | WARNER NORCROSS & JUDD LLP | 111 LYON ST NW STE 900 | | | GRAND RAPIDS | MI | 49503 | |
| ESTABROOK CORP | | 700 W BAGLEY RD | | | | BEREA | OH | 44017 | |
| ESTABROOK CORP | GARY FLANAGAN | 700 WEST BAGLEY RD | | | | BEREA | OH | 44017 | |
| ESTABROOK CORPORATION | | GOULD PUMPS INC | 6600 FRONT ST | | | BEREA | OH | 44017 | |
| ESTABROOK CORPORATION | | PO BOX 804 | | | | BEREA | OH | 44017 | |
| ESTALLA LA LOURDES | | 1806 ALBURTIS AVE | | | | ARTESIA | CA | 90701 | |
| ESTAMPACIONES DURANGO SA | | B LA PLASTRA | | | | YURRETA VIZCAYA | ES | 48215 | ES |
| ESTAMPACIONES DURANGO SA | | PGO IND ARRIANDI UAI 4 NO 2 | | | | IURRETA VIZCAYA | ES | 48215 | ESP |
| ESTAMPACIONES DURANGO SA | | PGO IND ARRIANDI UAI 4 NO 2 | | | | IURRETA VIZCAYA | | 48215 | SPAIN |
| ESTAMPACIONES DURANGO SA | | PGO IND ARRIANDI UAI 4 NO 2 | O INDUSTRIAL ARRIANDI UAI 4 | | | IURRETA VIZCAYA | | 48215 | SPAIN |
| ESTAMPACIONES DURANGO SA | | POLIGONO INDUSTRIAL ARRIANDI B LA PLASTRA | SN 48215 JURRETA VIZCAYA | | | YURRETA VIZCAYA | | 48215 | SPAIN |
| ESTAMPACIONES FERVI SAL | | | | | | MUTILVA ALTA | | | SPAIN |
| ESTAMPACIONES MAYO SA | | CO LABIANO S N | 31192 MUTILVA ALTA NAVARRA | | | NAVARR | | 31192 | SPAIN |
| ESTAMPACIONES MAYO SA EFT | | CAMINO DE LABIANO 13 | | | | ZAPOPAN | JAL | 45019 | SPAIN |
| ESTAPACK SA DE CV | | COL SAN JUAN DE OCOTAN | | | | WALWORTH | NY | 14568 | MX |
| ESTATE OF ALBERT FORD | ESTATE OF ALBERT FORD | CO KAREN J FISHER EXECUTOR | 5061 FOSDICK RD | 5061 FOSDICK RD | | WALWORTH | OH | 14568 | |
| ESTATE OF ALBERT FORD | | EVANS MARY | CO KAREN J FISHER EXECUTOR | | | WARREN | OH | 44483 | |
| ESTATE OF CARL T EVANS | | 10591 ENGLE RD | 1984 BONNIE BRAE NE | | | BUTLER TOWNSHIP | OH | | |
| ESTATE OF CLARENCE HUSTON | | 10591 ENGLE RD | | | | BUTLER TOWNSHIP | OH | | |
| ESTATE OF CLARENCE HUSTON | | 10591 ENGLE RD | | | | BUTLER TOWNSHIP | OH | | |
| ESTATE OF CLARENCE HUSTON | | 10591 ENGLE RD | | | | BUTLER TOWNSHIP | OH | | |
| ESTATE OF CLARENCE HUSTON | CO CHAPIN LAW OFFICES | DONALD H CHAPIN | 5960 WILCOX PL | STE B | | DUBLIN | OH | 43016 | |
| ESTATE OF CLARENCE HUSTON | CO CHAPIN LAW OFFICES | DONALD H CHAPIN | 5960 WILCOX PL | STE B | | DUBLIN | OH | 43016 | |
| ESTATE OF DOROTHY W HALL | DOROTHY W HALL | 185 HIGH ST NE | 16 BELLAMY ST | | | BRIGHTON | MA | 02135-1543 | |
| ESTATE OF EVELYN H FREEMAN | JAMES E SANDERS | 185 HIGH ST NE | | | | WARREN | OH | 44481 | |
| ESTATE OF JOSE MATA CHIQUITO | | APARTO RUIZ C 39 | COL VICERATI H MATAMOROS | | | TARNAULIPAS | | 99999 | MEXICO |
| ESTATE OF JOSE MATA CHIQUITO | CARLOS HERNANDEZ | C/O LAW OFFICE OF CARLOS HERNANDEZ | 101 NORTH 10TH ST | | | EDINBURG | TX | 78539 | |
| ESTATE OF LANNON | C/O GARY LINKOUS | 101 EVERGREEN PARK PLAZA | PO BOX 636 | | | WELCHES | OR | 97067 | |
| ESTATE OF LANNON | C/O GARY LINKOUS | 101 EVERGREEN PARK PLAZA | PO BOX 636 | | | WELCHES | OR | 97067 | |
| ESTATE OF LANNON | GARY LINKOUS | 101 EVERGREEN PK PLAZA | POST OFFICE BOX 636 | | | WELCHES | OR | 97067 | |
| ESTATE OF MICHAEL PALMER FOR | | 2119 S VAN BUREN | | | | REESE | MI | 48757 | |
| ESTATE OF MICHAEL PALMER FOR | VICTOR J MASTROMARCO JR | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48605 | |
| ESTATE OF MICHELLE M FRANKLIN | | MACOMB COUNTY | | | | CLINTON TOWNSHIP | MI | 48035 | |
| ESTATE OF STELLA DEMENIUK | ROBERT F GARVEY | HARRY G BEYVOGLIDES JR ADMINIST | 345 W 2ND ST STE 400 | | | DAYTON | MI | 45402 | |
| ESTATE OF STELLA DEMENIUK | | 1661 11TH AVE | AND SCIOTTI | 24825 LITTLE MACK | | ST CLAIR SHORES | MI | 48080 | |
| ESTATE OF THOMAS FITZGERALD | | 1916 DELWOOD AVE SW | | | | WYOMING | MI | 49509 | |
| ESTATE OF THOMAS FITZGERALD | | 1916 DELWOOD AVE SW | | | | WYOMING | MI | 11215-6049 | |
| ESTATE OF THOMAS FITZGERALD | CO BOS & GLAZIER | CAROLLE D BOS BRADLEY K GLAZIER | 990 MONROE AVE NW | | | GRAND RAPIDS | MI | 49503-1423 | |
| ESTATE OF WESLEY PRITCHARD | | 1661 11TH AVE | | | | BROOKLYN | NY | 13126-4465 | |
| ESTATE OF WESLEY PRITCHARD | | 904 SMOKERISE CIRCLE | | | | DENTON | TX | 76205 | |
| ESTCO ENTERPRISES, INC | E TODD TRACY | C/O TRACY & CARBOY | 5473 BLAIR RD STE 200 | | | DALLAS | TX | 75231 | |
| | JOANN STEPHENSON | 1549 SIMPSON WAY | | | | ESCONDIDO | CA | 92029 | |
| ESTEBAN ENRIQUE GONZALEZ | | RUBIO | SOR JUANA INES DE LA CRUZ | 3107 CHIHUAHUA CHIH 31320 | | | | | MEXICO |
| ESTEBAN ENRIQUE GONZALEZ EFT RUBIO | | RUBIO | SOR JUANA INES DE LA CRUZ | 3107 CHIHUAHUA CHIH 31320 | | | | | MEXICO |
| ESTEBAN ENRIQUE GONZALEZ | | 3107 SOR JUANA INES DE LA CRUZ | | 31320 | | CHIHUAHUA | CH | 31320 | MX |
| ESTEE MOLD & DIE INC | | 1467 STANLEY AVE | | | | DAYTON | OH | 45404-111 | |
| ESTEE MOLD AND DIE INC EFT | | 1467 STANLEY AVE | | | | DAYTON | OH | 45404-1110 | |
| ESTELL DANIELLE | | 8495 CHIL LANCASTER RD | | | | AMANDA | OH | 43102 | |
| ESTELL JR LIVISTON | | 68 FALMOUTH WAY | | | | BLUFFTON | SC | 29909-5005 | |
| ESTELL VIVIAN | | 1206 RANDOLPH | | | | DAYTON | OH | 45408 | |
| ESTELLE EBLESE | | 89 BRUNSWICK BLVD | | | | BUFFALO | NY | 14208 | |
| ESTELLE DAWN | | 2617 WINDLOW DR | | | | DAYTON | OH | 45406 | |
| ESTELLE DELEON | | 4984 WALNUT GROVE DR | | | | POPLAR GROVE | IL | 61065-8804 | |
| ESTELLE KATHERINE I | | 1709 DELWOOD AVE SW | | | | WYOMING | MI | 49509 | |
| ESTELLE KATHERINE I | | 1709 DELWOOD AVE SW | | | | WYOMING | MI | 49509 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| HDK AMERICA INC | | 400 OYSTER PT STE B | 200 N NORTHWEST HWY | | | NATIONAL CITY | CA | 93950 | |
| HDK AMERICA INC | | FULY KAIRKIRIKU LS LTD 1 98 | | | | BARRINGTON | IL | 92108-1660 | |
| HDK AMERICA INC | | 8885 RIO SAN DIEGO DR NO 257 | | | | SAN DIEGO | CA | 35824 | |
| HDK AMERICA INC | | 2995B WALL TRIANA HWY | | | | HUNTSVILLE | AL | 35824 | |
| HDK AMERICA INC | | 2995 B WALL TRIANA HWY | | | | HUNTSVILLE | AL | 92108-1660 | |
| HDK AMERICA INC EFT | SCOTT WILHELM | 8885 RIO SAN DIEGO DR NO 257 | | | | SAN DIEGO | CA | 92108 | |
| HDK AMERICA INC EFT | | 8885 RIO SAN DIEGO DR STE 257 | | | | SAN DIEGO | CA | | |
| HDR ENGINEERING INC | | PO BOX 3480 | | | | OMAHA | NE | 68103-0480 | |
| HE ANDERSON COMPANY | | 2100 ANDERSON DR | | | | MUSKOGEE | OK | 74402 | |
| HE ANDERSON COMPANY | | PO BOX 1006 | | | | MUSKOGEE | OK | 74402-1006 | |
| HE DAVID | | 1443 PLYMOUTH ROCK DR | | | | CARMEL | IN | 46033 | |
| HE LENNON INC | | 23920 FREEWAY PK DR | | | | FARMINGTON HILLS | MI | 48335 | |
| HE LENNON INC | | 23920 FREEWAY PK DR | | | | FARMINGTON HILLS | MI | 48335 | |
| HE LENNON INC | NANCY | 23920 FREEWAY PK DR | | | | FARMINGTON | MI | 48335 | |
| HE MICROWAVE | DAVE STOCKERO | 2900 EAST ELVIRA RD | | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | 2900 EAST ELVIRA RD | STE 100 | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | 2900 EAST ELVIRA RD STE 100 | | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | 2900 E ELVIRA RD STE 100 | | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | 2900 E ELVIRA RD | | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | C/O DELCO ELECTRONICS CORPORATION | ONE CORPORATE CENT | | | KOKOMO | IN | 46904-9005 | |
| HE SERVICES AND ROBERT BACKIE | H E SERVICES CO | | 3800 PERRYVILLE RD | | | ORTONVILLE | MI | 48462 | |
| HE SERVICES CO | | 1900 N SAGINAW ST | | | | FLINT | MI | 48505 | |
| HE SERVICES CO | | 201 OAKWOOD RD | | | | OXFORD | MI | 48371 | |
| HE SERVICES CO | | 5117 S DORT HWY | | | | FLINT | MI | 48507 | |
| HE SERVICES CO | | ANCON PROTOTYPE MACHINE | 1755 W/CCO | | | SAGINAW | MI | 48601 | |
| HE SERVICES CO | | ANCON TOOL DIV | 225 E MORLEY DR | | | SAGINAW | MI | 48601-9623 | |
| HE SERVICES CO | | ANCON TOOL DIV | 5117 S DORT HWY | | | FLINT | MI | 48507 | |
| HE SERVICES CO | | ENGINEERING DIV | 225 E MORLEY DR | | | SAGINAW | MI | 48601-9482 | |
| HE SERVICES CO | | HE TECHNOLOGIES INC | 30 A1 SPUR DR | | | EL PASO | TX | 79906 | |
| HE SERVICES CO | | UNIVERSAL INSPECTION DIV | 3870 E WASHINGTON RD | | | SAGINAW | MI | 48601 | |
| HE SERVICES CO | | UNIVERSAL MANUFACTURING DIV | 3860 E WASHINGTON RD | | | SAGINAW | MI | 48601 | |
| HE SERVICES CO  EFT | | 1900 N SAGINAW ST | | | | FLINT | MI | 48505-4768 | |
| HE SERVICES CO 38244 3865 | | 1900 N SAGINAW ST | | | | FLINT | MI | 48505-4768 | |
| HE SERVICES CO EFT | | HOLD PER LEGAL 07 07 05 CP | 5117 S DORT HWY | | | FLINT | MI | 48507 | |
| HE SERVICES COMPANY | C/O MASTROMARCO & JAHN PC | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602 | |
| HE SERVICES COMPANY | | RALPH E MCDOWELL | BODMAN LONGLEY & DAHLING LLP | 100 RENAISSANCE CTR FL 34 | | DETROIT | MI | 48243 | |
| HE SERVICES COMPANY | VICTOR MASTROMARCO JR | MASTROMARCO & JAHN PC | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48602 | |
| HE TECHNOLOGIES INC | | 30 A1 SPUR DR | | PO BOX 3197 | | EL PASO | TX | 79906 | |
| HE WEI HUA | | 446 RICHMOND PK E | APT 629A | | | RICHMOND HTS | OH | 44143 | |
| HE XINHUA | | 2947 RIVER VALLEY DR | | | | TROY | MI | 48098 | |
| HE DAVID Q | | 1443 PLYMOUTH ROCK DR | | | | CARMEL | IN | 46033 | |
| HE XINHUA | | 11464 MEARS DR | | | | CARMEL | IN | 46077 | |
| HEABERLIN FRED J | | RR 1 BOX 318 | | | | ADRIAN | PA | 16210-9609 | |
| HEACOCK METAL & MACHINE CO INC | | 400 W 1ST | | | | SYLACAUGA | AL | 35150 | |
| HEACOCK METAL & MACHINE CO INC | | ADDR CHG S 26 99 | 400 W 1ST | | | SYLACAUGA | AL | 35150 | |
| HEACOCK METAL AND MACHINE CO INC | | PO BOX 778 | | | | SYLACAUGA | AL | 35150 | |
| HEACOX GARY | | 6479 COLONIAL DR | | | | LOCKPORT | NY | 14094-6122 | |
| HEACOX MARK | | 895 CIMARRON OVAL | | | | AURORA | OH | 44202 | |
| HEACOX MARK | | 895 CIMARRON OVAL | | | | AURORA | OH | 44202 | |
| HEACOX MARK J | | 895 CIMARRON OVAL | | | | AURORA | OH | 44202 | |
| HEAD ACOUSTICS GMBH KOPFBEZOGENE AU | | EBERTSTR 30 A | | | | HERZOGENRATH | | 52134 | DE |
| HEAD ACOUSTICS INC | | 6964 KENSINGTON RD | | | | BRIGHTON | MI | 48116 | |
| HEAD ACOUSTICS INC EFT | | 6964 KENSINGTON RD | FMLY SONIC PERCEPTIONS INC | 6964 KENSINGTON RD | | BRIGHTON | MI | 48116 | |
| HEAD CHARLES | | ADDRESS CHG S 4 | | | | BRINGTON | MI | 48116 | |
| HEAD DAVID | | PO BOX 408 | | | | GALVESTON | IN | 46932 | |
| HEAD DAVID | | 1901 S GOYER | | | | KOKOMO | IN | 46902 | |
| HEAD DAVID | | 249 E CHURCH | APT 158 | | | MORRICE | MI | 48857 | |
| HEAD ROBERT | | 5926 CULZEAN DR APT 619 | | | | DAYTON | OH | 45426 | |
| HEAD, CHARLES KENDEL | | PO BOX 408 | | | | GALVESTON | IN | 46932 | |
| HEADCO INDUSTRIES INC | | BEARING HEADQUARTERS CO DIV | 3199 N SHADELAND AV | | | INDIANAPOLIS | IN | 46226-6233 | |
| HEADD PHYLLIS | | 20114 WEST GALENA | | | | MILWAUKEE | WI | 53222 | |
| HEADING JR HOWARD L | | 121 MARSAC ST | | | | BAY CITY | MI | 48708-7054 | |
| HEADLAND ENGINEERING DEVELOP | | UNIT 58 NAVIGATION DR | HURST BUSINESS PK | | | BRIERLEY HILL | | DY5 1YF | UNITED KINGDOM |
| HEADLEE R M CO INC | | 3596 CALIFORNIA RD | | | | ORCHARD PK | NY | 14127-1716 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| MASTERLINE DESIGN & MFG INC | | 41580 PRODUCTION DR | | | | MT CLEMENS | MI | 48045 | |
| MASTERLINE DESIGN & MFG INC | | MANUFACTURING INC | 41580 PRODUCTION DR | | | HARRISON TOWNSHIP | MI | 48045 | |
| MASTERLINE DESIGN AND MFG | JENNY | 41580 PRODUCTION DR | | | | HARRISON TWP | MI | 48045 | |
| MASTERPIECE ENGINEERING, INC | | 3001 TECUMSEH RD | | | | CORINTH | MS | 38834 | |
| | | | | | | | | | |
| MASTERS ARCHITECTURAL GRAPHIC | | ASI SIGN SYSTEMS | 2017 W 18TH ST | | | INDIANAPOLIS | IN | 46202-1018 | |
| MASTERS BARBARA A | | 6620 RITA DR | | | | ENON | OH | 45323-1237 | |
| MASTERS CAR STEREO | | 1414 E WASHINGTON ST | | | | GREENVILLE | SC | 29607-1864 | |
| MASTERS CATHERINE | | 3803 STONEGATE DR | | | | WICHITA FALLS | TX | 76310 | |
| MASTERS CHARLES | | 3921 W SHEFFIELD AVE | | | | CHANDLER | AZ | 85226-1343 | |
| MASTERS COLLEGE | | ADDR CHG 4 22 98 | | | | SANTA CLARITA | CA | 91321-1200 | |
| MASTERS COLLEGE | | 21726 PLRITA CANYON RD | | | | SANTA CLARITA | CA | 91321-1200 | |
| MASTERS CONSTANCE | | 415 PORTER ST | | | | SAGINAW | MI | 48602 | |
| MASTERS DALE | | 1010 BALDWIN ST | | | | JENISON | MI | 49428-9716 | |
| MASTERS INTERNATIONAL | | 2401 E PIONEER PKWY | | | | ARLINGTON | TX | 76010-6363 | |
| MASTERS JACK | | 4601 GOLFCREST DR | | | | ANDERSON | IN | 46011 | |
| MASTERS JAMES | | 85 NEIL RD | | | | ELLISVILLE | MS | 39437 | |
| MASTERS LINDA S | | 7549 SADDLER KROHLER RD | | | | FARMDALE | OH | 44417-9757 | |
| MASTERS MARK | | 1634 WEST SHEPHERD RD | | | | BRECKENRIDGE | MI | 48615 | |
| MASTERS PRECISION, INC | BILL | 15W700 N FRONTAGE RD | | | | BURR RIDGE | IL | 60527-7544 | |
| MASTERS RALPH | | 7549 SADDLER KROHLER RD | | | | FARMDALE | OH | 44417 | |
| MASTERS REBECCA | | 3214 WESTON DR | | | | KOKOMO | IN | 46902 | |
| | | | | | | | | | |
| MASTERS RICHARD | | 17 ARIES CLOSE | | | | KNOTTY | | L148LW | UNITED KINGDOM |
| MASTERS RICHARD A | | 2705 S JEFFERSON ST | | | | BAY CITY | MI | 48708-3700 | |
| MASTERS ROBERT | | 6059 IVY COURT | | | | KOKOMO | IN | 46902-5637 | |
| MASTERS THOMAS | | 342 S 700 E | | | | ELWOOD | IN | 46036 | |
| MASTERS TIMOTHY | | 3573 E 150 S BOX 514 | | | | HOBBS | IN | 46047 | |
| MASTERS TOOL & DIE INC | | 4485 MARLEA AVE | | | | SAGINAW | MI | 48601 | |
| MASTERS TOOL & DIE INC | | 4485 MARLEA DR | | | | SAGINAW | MI | 48601-7230 | |
| MASTERS TOOL & DIE INC | | 4485 MARLEA LN | | | | SAGINAW | MI | 48601-7230 | |
| MASTERS, ROBERT | | 5604 IVY CT | | | | KOKOMO | IN | 46902 | |
| MASTERSON CHADWICK | | 3039 CO RD 136 | | | | TOWN CREEK | AL | 35672 | |
| MASTERSON CHARLES | | 3303 COUNTY RD 136 | | | | TOWN CREEK | AL | 35672 | |
| MASTERSON CHARLES E | | 6060 SIPES LN | | | | FLINT | MI | 48532-5319 | |
| MASTERSON LEWIS | | 2063 CO RD 129 | | | | RUSSELLVILLE | AL | 35654 | |
| MASTERSON RODNEY L | | 223 N 20TH | | | | COLLINSVILLE | OK | 74021 | |
| MASTERSON ROGER | | 3390 COUNTY RD 136 | | | | TOWN CREEK | AL | 35672 | |
| MASTERSON RONNIE | | PO BOX 176 | | | | COURTLAND | AL | 35618 | |
| MASTERYWORKS INC | | 6724 OLD MCLEAN VILLAGE DR | STE B3 | | | MCLEAN | VA | 22101 | |
| MASTERYWORKS INC | | 6724 OLD MCLEAN VILL DR STE B3 | | | | MCLEAN | VA | 22101 | |
| MASTEX INDUSTRIES INC | | 21 3 BIGELOW ST | | | | HOLYOKE | MA | 01041-1160 | |
| MASTEX INDUSTRIES INC | | 2 BIGELOW ST | | | | HOLYOKE | MA | 01040 | |
| MASTEX INDUSTRIES INC | | 2 BIGELOW ST | | | | HOLYOKE | MA | 1040 | |
| MASTEX INDUSTRIES INC | | PO BOX 1160 | | | | HOLYOKE | MA | 01041-1160 | |
| MASTEX INDUSTRIES INC | ATTN JEFFREY STREAM TREASURER | PO BOX 1160 | | | | HOLYOKE | MA | 01041 | |
| MASTIN MINNIE E | | 3510 BROWNELL | | | | FLINT | MI | 48504-3716 | |
| MASTIN MINNIE E | | 3510 BROWNELL | | | | FLINT | MI | 48504-3716 | |
| MASTIN RONNIE | | 4017 BROWNELL BLVD | | | | FLINT | MI | 48504 | |
| MASTRI NORREEN | | 4330 CANAL RD | | | | SPENCERPORT | NY | 14559 | |
| MASTRI, NOREEN L | | 4339 CANAL RD | | | | SPENCERPORT | NY | 14559 | |
| MASTRODONATO FRANK | | 77 MAIDA DR | | | | ROCHESTER | NY | 14559 | |
| MASTRODONATO FRANK | | 1553 MANTOU RD | | | | ROCHESTER | NY | 14626 | |
| MASTRODONATO LINDA | | 40 ANNMARIE DR | | | | ROCHESTER | NY | 14606 | |
| MASTROENI GENO | | 5734 MASTROENI TIR | | | | GRAYLING | MI | 49738 | |
| MASTROLONARDO ANTHONY | | 39 HOMES PK AVE | | | | ISELIN | NJ | 08830 | |
| MASTROMARCO & JAHN PC | | 1024 N MICHIGAN | | | | SAGINAW | MI | 48605 | |
| MASTROMARCO & JAHN PC | | CHG PER WW 3 15 04 CP | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48602 | |
| MASTROMARCO & JAHN PC | VICTOR J MASTROMARCO JR | ATTORNEYS FOR PLAINTIFF APPELLANT | 1024 N MICHIGAN AVE | PO BOX 3197 | | SAGINAW | MI | 48605-3197 | |
| MASTROMARCO & JAHN PC | VICTOR J MASTROMARCO JR | 1024 N MICHIGAN AVE | PO BOX 3197 | | | SAGINAW | MI | 48605-3197 | |
| MASTROMARCO AND JAHN PC | | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602 | |
| MASTROMARCO AND JAHN PC | | 1024 N MICHIGAN | | | | SAGINAW | MI | 48605 | |
| MASTROVITO, MICHAEL | | 13900 CLEAR CREEK | | | | LOWELL | MI | 49331 | |
| MASUDA FUNAI EIFERT & MITCHELL LTD | | 203 N LASALLE ST STE 2500 | | | | CHICAGO | IL | 60601-1262 | |
| MASUR TRUCKING INC | GARY VIST | 2821 CREXCENTVILLE RD | | | | WEST CHESTER | OH | 45069-3859 | |
| MASWERKS | | 835 RICHMOND RD | | | | PAINESVILLE | OH | 44077 | |
| MATA DALE | | 354 HORSESHOE CT | | | | GRAND BLANC | MI | 48439 | |

Delphi Corporation
Creditor Matrix

| CreditorNoticeName | CreditorName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| OCE USA INC | OCE ENGINEERING | 5450 NORTH CUMBERLAND | | | | CHICAGO | IL | 60656 | |
| OCE USA INC | OCE ENGINEERING | 5450 NORTH CUMBERLAND | | | | CHICAGO | IL | 60656 | |
| OCE USA INC | OCE ENGINEERING | 5450 NORTH CUMBERLAND | | | | CHICAGO | IL | 60656 | |
| OCE USA INC | OCE ENGINEERING | 5450 NORTH CUMBERLAND | | | | CHICAGO | IL | 60656 | |
| OCE USA INC OCE BRUNING DIV | | 2 PK PLAZA | | | | IRVINE | CA | 92714 | |
| OCE VAN DER GRINTEN NV | | OCE BRUNING | 385 LONG HILL RD | | | GUILDFORD | CT | 06437 | |
| OCEAN AIR TRANSPORTATION INC | | 135 AMERICAN LEGION HWY | | | | REVERE | MA | 02151 | |
| OCEAN COUNTY COLLEGE | | PO BOX 2001 | | | | TOMS RIVER | NJ | 087542001 | |
| OCEAN COUNTY PROBATION DEPT | | ACCT OF LEONARD A KUMINSKI | CASE CS609426S6A | 119 HOOPER AVE CN 2011 | | TOMS RIVER | NJ | 10934-4246 | |
| OCEAN COUNTY PROBATION DEPT | | | | | | | | | |
| ACCT OF LEONARD A KUMINSKI | | CASE CS609426S6A | 119 HOOPER AVE CN 2011 | | | TOMS RIVER | NJ | 087544-2011 | |
| OCEAN OPTICS INC | | 380 MAIN ST | | | | DUNEDIN | FL | 34698 | |
| OCEAN OPTICS INC | | PO BOX 2249 | | | | DUNEDIN | FL | 34697-2249 | |
| OCEAN REEF CLUB | ERIN ADAIR | CONFERENCE SALES | 35 OCEAN REEF DR | | | KEY LARGO | FL | 33037 | |
| OCEANEERING THERMAL SYSTEM | | 16685 SPACE CTR BLVD | | | | HOUSTON | TX | 77058 | |
| OCESTOLO STEVEN | | 161 GENESEE ST APT 3 | | | | LOCKPORT | NY | 14094 | |
| OCESTOLO STEVEN | | 161 GENESEE ST APT 3 | | | | LOCKPORT | NY | 14094 | |
| OCESTOLO STEVEN | | 161 GENESEE ST APT 3 | | | | LOCKPORT | NY | 14094 | |
| OCESTOLO STEVEN | | 161 GENESEE ST APT 3 | | | | LOCKPORT | NY | 14094 | |
| OCESTOLO STEVEN | | 161 GENESEE ST APT 3 | | | | LOCKPORT | NY | 14094 | |
| OCHOA ANTONIO | | 3271 FLEETWOOD DR | | | | PORTAGE | MI | 49024-4520 | |
| OCHOA DAVID | | 3390 WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOA LUIS | | 3390 WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOA RICHARD | | 6271 FOX GLEN 358 | | | | SAGINAW | MI | 48603 | |
| OCHOA LEIGH A | | 3390 W WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOA LUIS A | | 3390 WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOLIK SCOTT | | 17400 BUNKER HILL | | | | TOWNSHIP | MI | 48044 | |
| OCHS HARRY J | | 2716 ALEXANDRIA PIKE | | | | ANDERSON | IN | 46012-9863 | |
| OCHS INDUSTRIES INC | | 4501 SCHULZ DR | | | | VANDALIA | OH | 45377-3121 | |
| OCHS KENDRA | | 3200 COUNTY RD 254 | | | | VICKERY | OH | 43464 | |
| OCILLA CIVIC CLUB | | PO BOX 203 | | | | OCILLA | GA | 31774 | |
| OCKENFELS ANDREA | | 2292 YOUNGSTOWN KINGSVILLE | | | | VIENNA | OH | 44473 | |
| OCKER KEITH | | 10474 BEERS RD | | | | SWARTZ CREEK | MI | 48473 | |
| OCKER KEITH   EFT | | 10474 BEERS ST | | | | SWARTZ CREEK | MI | 48473 | |
| OCKER COLLEEN | | 4152 FLAMINGO AVE SW | | | | WYOMING | MI | 49509 | |
| OCKER KEITH E | | 10474 BEERS RD | | | | SWARTZ CREEK | MI | 48473 | |
| OCKERMAN PHILIP | | 2398 STOCKBRIDGE ST | | | | BURTON | MI | 48509-1150 | |
| OCKERMAN BRAD | | 215 BRADY ST | | | | CHESANING | MI | 48616 | |
| OCLOO SENANU | | 1044 W BRISTOL RD | 23 | | | FLINT | MI | 48507 | |
| OCO INDUSTRIAL | | 1202 HOUST STE 201 | | | | LAREDO | TX | 78041 | |
| OCO INDUSTRIAL | | PO BOX 2054 | | | | LAREDO | TX | 78044 | |
| OCO INDUSTRIAL | | 215 SUN RAY LOOP | | | | LAREDO | TX | 78041-6414 | |
| OCONEE CO SC | | OCONEE CO TAX TREASURER | PO BOX 429 | | | WALHALLA | SC | 29691 | |
| OCONEE CO SC | | OCONEE CO TAX TREASURER | PO BOX 429 | | | WALHALLA | SC | 29691 | |
| OCONEE COUNTY TREASURER | | PO BOX 429 | | | | WALHALLA | SC | 29691-0429 | |
| OCONNELL & VAN SHELLENBECK | | 10313 LAKE CREEK PKWY STE 200 | | | | AUSTIN | TX | 78750-1807 | |
| OCONNELL ALBERT | | 552 S RACCOON RD APT 22 | | | | AUSTINTOWN | OH | 44515 | |
| OCONNELL AND VAN SHELLENBECK | | 10313 LAKE CREEK PKWY STE 200 | | | | AUSTIN | TX | 78750-1807 | |
| OCONNELL DAVID | | 2792 STURBRIDGE DR SE | | | | ADA | MI | 49301-9368 | |
| OCONNELL DONNA | | 345 AUBURN AVE | | | | ROCHESTER | NY | 14606 | |
| OCONNELL ELECTRIC CO | | 830 PHILLIPS RD | | | | VICTOR | NY | 14564 | |
| OCONNELL ELECTRIC CO | | 830 PHILLIPS RD | | | | VICTOR | NY | 14564-9747 | |
| OCONNELL ELECTRIC CO | | PO BOX 8000 DEPT 342 | | | | BUFFALO | NY | 14267-0342 | |
| OCONNELL JOSEPH | | 8060 HIDDEN SHORES | | | | FENTON | MI | 48430 | |
| OCONNELL LITTERAL MARY | | 0139 S 400 E | | | | KOKOMO | IN | 46902 | |
| OCONNELL LITTERAL MARY | | 0139 S 400 E | | | | KOKOMO | IN | 46902 | |
| OCONNELL ROBERT | | 6284 LOS BANCOS DR | | | | EL PASO | TX | 79912-1885 | |
| OCONNELL THOMAS | | 35 COLLEEN WAY | | | | PITTSFORD | NY | 14534 | |
| OCONNELL THOMAS | | ONE MAKEFIELD RD E171 | | | | MORRISVILLE | PA | 19067 | |
| OCONNELL THOMAS | | 35 COLLEEN WAY | | | | PITTSFORD | NY | 14534 | |
| OCONNELL THOMAS | | 35 COLLEEN WAY | | | | PITTSFORD | NY | 14534 | |
| OCONNELL DANIEL | | 5870 REIMER | | | | BRIDGEPORT | MI | 48722 | |
| OCONNELL ROBERT W | | 6284 LOS BANCOS DR | | | | EL PASO | TX | 79912-1885 | |
| OCONNELL THOMAS | | 35 COLLEEN WAY | | | | PITTSFORD | NY | 14534 | |
| OCONNER DEMILLE | | 35 COLLEEN WAY | | | | PITTSFORD | NY | 14534 | |
| OCONNER JEREMIAH | | 1093 BRIGHTON DR | | | | GRAND BLANC | MI | 48439 | |
| OCONNOR & HANNAN | | ADD CHG 9 98 | 510 GROVELAND AVE | | | CAROL STREAM | IL | 60188 | |
| OCONNOR ALLISON | | 79 WHITE CEDAR DR | | | | MINNEAPOLIS | MN | 55403 | |
| OCONNOR AND HANNAN | | 510 GROVELAND AVE | | | | E AMHERST | NY | 14051 | |
| | | | | | | MINNEAPOLIS | MN | 55403 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| PALMER AND LAWRENCE INC | | PO BOX 10424 | | | | BIRMINGHAM | AL | 35202 | |
| PALMER ANGELO | | 4779 ALFREY LN | | | | WILLINGBORO | NJ | 08046 | |
| PALMER ANTHONY | | PO BOX 490615 | | | | WEST CARROLLTON | OH | 45449 | |
| PALMER BENNETT E | | 630 DEVILS LAKE HWY | | | | MANITOU BEACH | MI | 49253-9660 | |
| PALMER BUILDING SYSTEMS CORP | | 16582 GOTHARD ST STE | | | | HUNTINGTON BEACH | CA | 92647 | |
| PALMER CHARLES | | 4732 BOKAY DR | | | | KETTERING | OH | 45440 | |
| PALMER CHELSEA | | 207 LARADO DR | | | | CLINTON | MS | 39056 | |
| PALMER CHESTER | | 4572 HOWELL FARMS RD | | | | ACWORTH | GA | 30101 | |
| PALMER CINDIE L | DAVID CARBAJAL JOHN J DANIELELSKI | PO BOX 1966 | | | | | | | |
| PALMER CINDIE L | VICTOR J MASTROMARCO JR ESQ | CADY MASTROMARCO & JAHN PC | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48605-1966 | |
| PALMER CINDIE L ESTATE OF MICHAEL W PALMER | C/O MASTROMARCO & JAHN PC | VICTOR J MASTROMARCO JR P34564 | 1024 N MICHIGAN AVE | PO BOX 3197 | | SAGINAW | MI | 48605-3197 | |
| PALMER CLINTON M | | 3912 LEWISTON RD | | PO BOX 3197 | | SAGINAW | MI | 48605-3197 | |
| PALMER CO INC | | 1970 CHEMICAL DIV | 1201 SENTRY DR | | | NIAGARA FALLS | NY | 14305-1530 | |
| PALMER COMPANY INC | | LAVO CHEMICAL DIV | 1201 SENTRY DR | | | WAUKESHA | WI | 53186 | |
| PALMER CONNIE | | 435 JAMESON ST | | | | WAUKESHA | WI | 53186-596 | |
| PALMER CORA L | | 318 WILSON AVE | | | | SAGINAW | MI | 48602-3237 | |
| PALMER CORTNEY | | 6310 FARRAND RD | | | | MT MORRIS | MI | 48458-1444 | |
| PALMER DALE | | 6321 E PIERSON RD | | | | CLIO | MI | 48420 | |
| PALMER DANIEL | | 9034 SUMMIT VIEW CT | | | | FLINT | MI | 48506-2255 | |
| PALMER DANIEL O | | 6738 VISTA DEL LAGO AVE | | | | SPRINGBORO | OH | 45066 | |
| PALMER DAVID | | 8614 GATEWOOD DR | | | | LAND O LAKES | FL | 34639-3293 | |
| PALMER DEBORAH | | PO BOX 2422 | | | | HOWARD CITY | MI | 49329 | |
| PALMER DENNIS | | 527 COVENTRY WAY | | | | TRENTON | NJ | 08607 | |
| PALMER DIANNA | | 650 REX BLVD NW | | | | NOBLESVILLE | IN | 46060 | |
| PALMER DORA | | 1316 ANTHONY CT | | | | WARREN | OH | 44483 | |
| PALMER DWIGHT O | | 1219 CARRIAGE DR | | | | ADRIAN | MI | 49221 | |
| PALMER ENGINEERING INC | | 3525 CAPITAL CITY BLVD | | | | AIKEN | SC | 29803-5561 | |
| PALMER ENGINEERING INC | | 3525 CAPITAL CITY BLVD | | | | LANSING | MI | 48901 | |
| PALMER ENGINEERING INC EFT | | PO BOX 12030 | | | | LANSING | MI | 48906-2101 | |
| PALMER FREDERICK K | | 15406 CORUNNA RD | | | | LANSING | MI | 48901 | |
| PALMER GREGORY | | 8335 HYANNIS PORT DR 1B | | | | CHESANING | MI | 48616-9494 | |
| PALMER HARRY L | | 1894 MORGANTON DR | | | | CENTERVILLE | OH | 45458 | |
| PALMER HOLLAND INC | | PO BOX 951983 | | | | HENDERSON | NV | 89052-6957 | |
| PALMER HOLLAND INC | | 25000 COUNTRY CLUB BLVD | STE 400 | | | CLEVELAND | OH | 44193 | |
| PALMER HOLLAND INC | | 25000 COUNTRY CLUB BLVD STE 40 | | | | NORTH OLMSTED | OH | 44070 | |
| PALMER HOLLAND INC | | 25000 COUNTRY CLUB BLVD | | | | NORTH OLMSTED | OH | 44070-5533 | |
| PALMER HOLLAND INC | | 24950 COUNTRY CLUB BLVD | | | | NORTH OLMSTED | OH | 44070-5342 | |
| PALMER HOLLAND INC | | PO BOX 951983 | | | | CLEVELAND | OH | 44193 | |
| PALMER INTERNATIONAL INC | | 3206 BEAGLE BLVD | | | | COLUMBUS | OH | 43232 | |
| PALMER INTERNATIONAL INC | | 2036 LUCON RD | | | | SKIPPACK | PA | 19474 | |
| PALMER INTERNATIONAL INC | | 2036 LUCON RD | | | | SKIPPACK | PA | 19494 | |
| PALMER INTERNATIONAL INC | | 2036 LUCON RD | | | | VALLEY FORGE | PA | 19494 | |
| PALMER JAMES | | 2031 S HADLEY RD | | | | SPRINGFIELD | OH | 45505 | |
| PALMER JAMES | | 2981 LANSING DR | | | | DAYTON | OH | 45420-1717 | |
| PALMER JAMIE | | PO BOX 7609 | | | | NO BRUNSWICK | NJ | 08902 | |
| PALMER JEANNE Y | | 5316 BARRETT RD | | | | SANDUSKY | OH | 44870-1565 | |
| PALMER JERRY J | | PO BOX 25 | | | | NORTH BEND | OH | 45052-0025 | |
| PALMER JOAN | | 2667 LACOTA DR | | | | WATERFORD | MI | 48328 | |
| PALMER JOHN | | 2140 GARDENLAND AVE | | | | NILES | OH | 44446-4522 | |
| PALMER JOHN | | 2140 GARDENLAND AVE | | | | NILES | OH | 44446-4522 | |
| PALMER JOHN | | 2140 GARDENLAND AVE | | | | NILES | OH | 44446-4522 | |
| PALMER JOSHUA | | 3175 PINHILL PL | | | | FLUSHING | MI | 48433 | |
| PALMER JR KEITH | | 3475 CHURCH ST | | | | SAGINAW | MI | 48604 | |
| PALMER KATHLEEN | | 1517 SHAFTESBURY RD | | | | DAYTON | OH | 45406 | |
| PALMER KATHLEEN | | 1517 SHAFTESBURY RD | | | | DAYTON | OH | 45406 | |
| PALMER KEVIN | | 1909 PALISADES | | | | DAYTON | OH | 45414 | |
| PALMER KIM | | 6901 RIDGE RD | | | | LOCKPORT | NY | 14094 | |
| PALMER KIM | | 6901 RIDGE RD | | | | LOCKPORT | NY | 14094-9436 | |
| PALMER LEASING GROUP | | 7740 CTR POINT 70 BLVD | | | | DAYTON | OH | 45424 | |
| PALMER MARSHALL D | | 5205 MACMILLAN DR | | | | TROTWOOD | OH | 45426-2747 | |
| PALMER MICHAEL | | PO BOX 49723 | | | | DAYTON | OH | 45449 | |
| PALMER MOVING & STORAGE | | 24660 DEQUINDRE RD | RMT ADD CHG 11 00 TBK | | | WARREN | MI | 48091-3332 | |
| PALMER MOVING & STORAGE CO | | 21000 TROLLEY DR | | | | TAYLOR | MI | 48180 | |
| PALMER MOVING & STORAGE CO | | 3751 ENTERPRISE DR | | | | LIVONIA | MI | 48151 | |
| PALMER NATHAN | | 1612 SOUTH AVE | | | | NIAGARA FALLS | NY | 14305 | |
| PALMER NICOLE | | 224 STEVENS ST | | | | NO BRUNSWICK | NJ | 08902 | |
| PALMER NORMAN | | 6930 NORTHVIEW DR | | | | LOCKPORT | NY | 14094 | |
| PALMER ODELIA M | | 316 FOX RD | | | | SANDUSKY | OH | 44870-9706 | |

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| VICKIE GUADAGNOLI | | S LUDLOW COURT APT F | | | | BALTIMORE | MD | 21224 | |
| VICKIE GERSLER | | 3450 LAKE RD | | | | WILSON | NY | 14172 | |
| VICKIE LYNN TOMINTZ | | RT 1 BOX 138 23 | | | | WARRENTON | MO | 63383 | |
| VICKIE WARE | | PO BOX 3932 | | | | HIGHLAND PARK | MI | 48203-0932 | |
| VICKREY CHESTER | | 1174 SANCOR AVE APT D | | | | W MILTON | OH | 45383 | |
| VICKREY SHEILA | | 329 W HAYES ST | | | | WEST MILTON | OH | 45383 | |
| VICKY L DOLLY | | 8516 CHESTNUT RIDGE RD | | | | GASPORT | NY | 14067 | |
| VICKY TANG | | 511 HEMLOCK LN | | | | MILPITAS | CA | 95035 | |
| VICOL EDWARD | | 920 BREVER RD | | | | SEDONA | AZ | 86336-6229 | |
| VICOMA TOOL & DIE CO INC | | 331 53RD ST | | | | WEST NEW YORK | NJ | 07093 | |
| VICOMA TOOL & DIE INC | | | 331 53RD ST | | | WEST NEW YORK | NJ | 07093 | |
| VICOMA TOOL AND DIE CO INC | | VICOMA TOOL & DYE | | | | WEST NEW YORK | NJ | 07093 | |
| VICOR CORP | | 23 FRONTAGE RD | | | | ANDOVER | MA | 01810 | |
| VICOR CORP | | 25 FRONTAGE RD | | | | ANDOVER | MA | 01810 | |
| VICOR CORP | | PO BOX 4028 | | | | BOSTON | MA | 02212-4628 | |
| VICOUNT INDUSTRIES EFT | | 24704 HATHAWAY | | | | FARMINGTON HILLS | MI | 48018 | |
| VICOUNT INDUSTRIES INC | | 24704 HATHAWAY | | | | FARMINGTON HILLS | MI | 48335-1543 | |
| VICTOR A FERGUSON | | 1686 COUNTRYSIDE DR | | | | BEAVERCREEK | OH | 45432 | |
| VICTOR D KRUPPA | | 2300 W INA RD 8102 | | | | TUCSON | AZ | 85741 | |
| VICTOR GARY | | 7168 MARIGOLD DR | | | | WHEATFIELD | NY | 14120 | |
| VICTOR GRIDER | | 204 N ROBINSON STE 1235 | | | | OKLAHOMA CTY | OK | 73102 | |
| VICTOR J MASTROMARCO JR | | ATTORNEY FOR PLAINTIFF | 1024 N MICHIGAN | PO BOX 3197 | | SAGINAW | MI | 48605-3197 | |
| VICTOR MANUEL REYES URIAS EFT | | MAQUINADOS Y AUTOMATIZACION | CMV | | | EL PASO | TX | 79925 | |
| VICTOR METALS | ACCOUNTS PAYABLE | 23919 CLAYTON AVE | | | | WICKLIFFE | OH | 44092 | |
| VICTOR REINZ VALVE SEALS LLC | | 301 PROGRESS WAY | | | | AVILLA | IN | 46710 | |
| VICTOR SOFIA | | 2626 BURLY AVE | | | | ORANGE | CA | 92869 | |
| VICTOR USA INC | ACCOUNTS PAYABLE | 14701 CUMBERLAND DR A 103 | | | | DELRAY BEACH | FL | 33446 | |
| VICTOR USA INC | | PO BOX 480462 | | | | DELRAY BEACH | FL | 33448 | |
| VICTOR VALLEY COLLEGE | | 18422 BEAR VALLEY RD | | | | VICTORVILLE | CA | 92392 | |
| VICTOR VARGAS | | 404 E 9TH AVE | | | | SAN MATEO | CA | 94403 | |
| VICTOR WENDY | | 1010 BENT OAK | | | | ADRIAN | MI | 49221 | |
| VICTOR, GARY C | | 7168 MARIGOLD DR | | | | WHEATFIELD | NY | 14120 | |
| VICTORIA JORDAN | | 865 AHERN COURT | | | | SUWANEE | GA | 30024 | |
| VICTORIA J BRADEN | | ACCT OF SCOTT KARASEK | CASE 93-A-06472.5 | | | | | | |
| VICTORIA J BRADEN ACCT OF SCOTT KARASEK | | CASE 93 A 06472 5 | | | | NORCROSS | GA | 33248-2340 | |
| VICTORIA JANE BRADEN | | 5726 FAIRLEY HALL COURT | 5726 FAIRLEY HALL COURT | 5726 FAIRLEY HALL COURT | | NORCROSS | GA | 30092 | |
| VICTORIA L GLASS | | PO BOX 176 | | | | PLEASANT LK | MI | 49272 | |
| VICTORIA LEFAN C O DISTRICT CLK CS | | PO BOX 340 | | | | WEATHERFORD | TX | 76086 | |
| VICTORIA RUSSEY | | 1900 OAK HILL RD | | | | FORT WORTH | TX | 76112 | |
| VICTORIA V KREMSKI | | PO BOX 187 | | | | OWOSSO | MI | 48867 | |
| VICTORIA VARGA | | 1005 COYNE PL | | | | WILMINGTON | DE | 19805 | |
| VICTORY EXPRESS INC | | 55 VICTORY SAFETY LN | | | | MEDWAY | OH | 45341 | |
| VICTORY EXPRESS INC | | BOX 859075 | | | | WESTLAND | MI | 48185 | |
| VICTORY PACKAGING | | 2111 HESTER ST | | | | DONNA | TX | 78537 | |
| VICTORY PACKAGING | | 4949 SW 20TH | | | | OKLAHOMA CITY | OK | 73128 | |
| VICTORY PACKAGING | | PO BOX 844138 | | | | DALLAS | TX | 75284-4138 | |
| VICTORY PACKAGING | | PROLONG AV UNIONES NO 94 | FRACC IND DEL NORTE | | | MATAMOROS | TAM | 87316 | MX |
| VICTORY PACKAGING | | PO BOX 844150 | | | | DALLAS | TX | 75284-4150 | |
| VICTORY PACKAGING | | PO BOX 844138 | | | | DALLAS | TX | 75284-4138 | |
| VICTORY PACKAGING | BENJAMIN SAMUELS | 3555 TIMMONS LN 1440 | | | | HOUSTON | TX | 77027 | |
| VICTORY PACKAGING | BILL POLYNIAK | 2111 HESTER AVE | | | | DONNA | TX | 78537 | |
| VICTORY PACKAGING | DAVID MALLY | PO BOX 844138 | | | | DALLAS | TX | 75284-4138 | |
| VICTORY PACKAGING | GARY ZIMMERMAN | 6250 BROOK HOLLOW PKWY | | | | NORCROSS | GA | 30071 | |
| VICTORY PACKAGING | REX WESTERFIELD | 9010 W LITTLE YORK | | | | HOUSTON | TX | 77040 | |
| VICTORY PACKAGING | ROBERT EGAN | 3555 TIMMONS LN STE 1440 | | | | HOUSTON | TX | 77027 | |
| VICTORY PACKAGING | TERRY SELLS | 2111 HESTER AVE | PO BOX 579 | | | DONNA | TX | 78537 | |
| VICTORY PACKAGING | WILLIAM BERRY | CARRETERA REYNOSA | RIO BRAVO BR ECHA 102 | | | REYNOSA | | M88500 | MEXICO |
| VICTORY PACKAGING EFT | | PO BOX 844138 | | | | DALLAS | TX | 75284-4138 | |
| VICTORY PACKAGING DE MEXICO S | | BRECHA 102 CARRETERA A MATAMOR | | | | REYNOSA | | 88760 | MEXICO |
| VICTORY PACKAGING DE MEXICO S | | CRISTOBAL COLON 11360 | | | | CHIHUAHUA | | 31109 | MEXICO |
| VICTORY PACKAGING DE MEXICO S | | JAPETO NO 802 | | | | GUADALUPE | | 67197 | MEXICO |
| VICTORY PACKAGING DE MEXICO S | | NEPTUNO 1917 INT 3 B Y 4 B | | | | CD JUAREZ | | 32540 | MEXICO |
| VICTORY PACKAGING DE MEXICO S DE RL | | PARQUE INDUSTRIAL EL SAUCITO | | | | CHIHUAHUA | CHI | 31125 | MX |

# **Exhibit B-2**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
     In re                      :    Chapter 11
                                                        :
DELPHI CORPORATION, <u>et al.</u>,                      :    Case No. 05-44481 (RDD)
                                                        :
         Debtors.    :    (Jointly Administered)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

     I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases.

     On or before October 9, 2009, I caused to be served the document listed below upon the parties listed on <u>Exhibit A</u> hereto via postage pre-paid U.S. mail:

     Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affilicates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)

     On or before October 13, 2009, I caused to be served the appropriate number of copies of the document listed below (i) upon the service list attached hereto as <u>Exhibit B</u>, for subsequent distribution to beneficial holders of Common Stock, CUSIP 172737 10 8; 6 ½% Notes due 2009, CUSIP 247126 AB 1; 7 1/8% Notes due 2029, CUSIP 247126 AC 9; 6.55% Notes due 2006, CUSIP 247126 AD 7; 6.50% Notes due 2013, CUSIP 247126 AE 5; 8 ¼% Adjustable Rate Subordinated Note due 2033, CUSIP 247126 AF 2; and 6.197% Junior Subordinated Note due 2033, CUSIP 247126 AG 0, via Overnight mail and hand delivery; (ii) upon the parties set forth on <u>Exhibit C</u> via postage pre-paid U.S. Mail; (iii) upon the registered holders of Common Stock listed on <u>Exhibit D</u>, provided by Computershare as transfer agent, via postage pre-paid U.S. Mail; and (iv) upon the service list attached hereto as <u>Exhibit E</u> via Electronic mail.

     Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affilicates, Debtors and Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)

Dated: October 14, 2009

_____ */s/ Evan Gershbein* _____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th day of October, 2009, by
Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature:  */s/ Shannon J. Spencer* _____

Commission Expires: *6/20/10* _____

# EXHIBIT A

Delphi Corporation
2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | FAX | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | 212-812-8364 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | 312-443-0336 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | 212-407-4990 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | 212-262-7402 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | 973-597-2400 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | 419-867-8909 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | 303-957-2098 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | 216-514-4936 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | 312-245-7467 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | 212-609-6921 | dadler@mccarter.com | Counsel to Ward Products, LLC |

In re: Delphi Corporation, et al.
Case No. 05-44481 (RDD)

Page 12 of 22

10/13/2009 3:43 PM
Combined (430)

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| BACCUS DAUNTE | | 1103 MEADOWSTREET DR | | | | CLAYTON | OH | 45315-7731 | |
| BACCUS MONICA | | 50 MILTON ST | | | | ROCHESTER | NY | 14619-1304 | |
| BACH & CO | | 50 SEAVIEW BLVD | | | | PORT WASHINGTON | NY | 11050 | |
| BACH AND CO | | PO BOX 7000 | | | | PORT WASHINGTON | NY | 11050 | |
| BACH DOUGLAS | | 9657 MEADOW WOODS LN | | | | CENTERVILLE | OH | 45458 | |
| BACH JAMES | | 14825 SENATOR WAY | | | | CARMEL | IN | 46032 | |
| BACH LINDA J | | 4676 W COUNTY RD 200 N | | | | KOKOMO | IN | 46901-8386 | |
| BACH ROGER N | | 1476 HINEY RD | | | | WILMINGTON | OH | 45177-8943 | |
| BACH SUE | | 4801 ROUND LAKE RD | | | | LAINGSBURG | MI | 48848 | |
| BACH WILLIAM E | | 228 N AMERICAN BLVD | | | | VANDALIA | OH | 45377-2231 | |
| BACH, JAMES CARTER | | 14825 SENATOR WAY | | | | CARMEL | IN | 46032 | |
| BACHA RICHARD A | | 1292 DONAL DR | | | | FLINT | MI | 48532-2637 | |
| BACHANI JOSEPH | | 1244 MEADOW LN | | | | POLAND | OH | 44514 | |
| BACHARACH INC | | 5151 MITCHELLDALE STE B4 | | | | HOUSTON | TX | 77092 | |
| BACHARACH INC | | 621 HUNT VALLEY CIRCLE | | | | NEW KENSINGTON | PA | 15068-7074 | |
| BACHARACH INC | | 621 HUNT VALLEY CIR | | | | NEW KENSINGTN | PA | 15068-7074 | |
| BACHARACH INC | | 621 HUNT VALLEY CIR | | | | NEW KENSINGTON | PA | 15068 | |
| BACHARACH INC | | BACHARACH INSTRUMENTS | 621 HUNT VALLEY CIR | | | NEW KENSINGTON | PA | 15068-7074 | |
| BACHARACH INC | | BACHARACH SERVICE CTR | 625 ALPHA DR | | | PITTSBURGH | PA | 15238-2878 | |
| BACHARACH INC | | PO BOX 106008 | | | | PITTSBURGH | PA | 15230-6008 | |
| BACHARACH INSTRUMENT COMPANY | | 625 ALPHA DR | | | | PITTSBURG | PA | 15238 | |
| BACHARACH SERVICE CENTER | | 621 HUNT VALLEY CIR | | | | NEW KENSINGTON | PA | 15068-7074 | |
| BACHE, KATHLEEN | | 5100 CRANBERRY DR | | | | MINERAL RIDGE | OH | 44440 | |
| BACHELDER PATRICK | | 1500 WAVERLY DR | | | | TROY | MI | 48098 | |
| BACHELDER, PATRICK L | | 1500 WAVERLY DR | | | | TROY | MI | 48098 | |
| BACHER MICHAEL | | 946 W ALKALINE SPRINGS RD | | | | VANDALIA | OH | 45377 | |
| BACHI LIMITED PARTNERSHIP | | 1201 ARDMORE | | | | ITASCA | IL | 60143-1103 | |
| BACHMAN WITTLIEFF GERALDYNE | | 1622 BAYVIEW DR | | | | MUSKEGON | MI | 49441 | |
| BACHMAN BRIAN | | 5266 SMITH STEWART RD | | | | GIRARD | OH | 44420 | |
| BACHMAN LISA | | 980 BRISTOL CHAMPION | TOWNLINE RD | | | WARREN | OH | 44481 | |
| BACHMAN LYNDA | | 5266 SMITH STEWART RD SE | | | | GIRARD | OH | 44420 | |
| BACHMAN PAUL | | 1151 CARVER RD | | | | CLEVELAND HEIGHTS | OH | 44112 | |
| BACHMAN ROBERT | | 980 BRISTOL CHAMPION TOW | NLINE | | | WARREN | OH | 44481 | |
| BACHMAN TOOL & DIE | | 1111 4TH AVE NE | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN TOOL & DIE | | PO BOX 189 | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN TOOL & DIE CO | | PO BOX 189 | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN TOOL AND DIE CO | | PO BOX 189 | | | | INDEPENDENCE | IA | 50644 | |
| BACHMAN, BRIAN L | | 5266 SMITH STEWART RD | | | | GIRARD | OH | 44420 | |
| BACHMAN, ROBERT S | | 980 BRISTOL CHAMPION TOW | NLINE | | | WARREN | OH | 44481 | |
| BACHMANN EDWARD | | 3119 GRETCHEN DR NE | | | | WARREN | OH | 44483 | |
| BACHOCHIN JOHN | | 15731 S 4210 RD | | | | CLAREMORE | OK | 74017 | |
| BACHOLZKY JEFF | | 7857 RAMBLEWOOD | | | | YPSILANTI | MI | 48197 | |
| BACHULA RICKY | | 2865 WILLIAMSON RD | | | | SAGINAW | MI | 48601-5249 | |
| BACHULA ROBERT J | | 5680 GRONDA | | | | HARRISON | MI | 48625-9389 | |
| BACHUS BENJAMIN | | 189 1 PALMDALE DR | | | | WILLIAMSVILLE | NY | 14221 | |
| BACIGAL ROBERT | | 15743 HIX | | | | LIVONIA | MI | 48154 | |
| BACK COUNTRY ACCESS | ERIC MOORE | 2820 WILDERNESS PL UNIT H | | | | BOULDER | CO | 80301 | |
| BACK DENNIS | | 842 CONTINENTAL CT APT 1 | | | | VANDALIA | OH | 45377-1241 | |
| BACK JAMES | | 1816 ATKINSON | | | | XENIA | OH | 45385 | |
| BACK JR LARRY | | 10 S RIVER ST | | | | FRANKLIN | OH | 45005 | |
| BACK PATRICK | | 487 CHAPARRAL DR | | | | RUSSIAVILLE | IN | 46979 | |
| BACK R G | | 85 EASEDALE DR | | | | SOUTHPORT | | PR8 3TT | UNITED KINGDOM |
| BACKCOUNTRY ACCESS INC | ERIC MOORE | 2820 WILDERNESS PL UNIT H | | | | BOULDER | CO | 80301 | |
| BACKE ERIN | | 8633 SHEFFIELD | | | | DYER | IN | 46311 | |
| BACKES KENNETH | | 1960 SHERIDAN DR APT 10 | | | | KENMORE | NY | 14223 | |
| BACKES RUSSELL | | 1645 MONROE AVE | | | | SO MILWAUKEE | WI | 53172-1726 | |
| BACKES, KENNETH | | 285 CRESTMOUNT AVE 248 | | | | TONAWANDA | NY | 14150 | |
| BACKFLOW CONTROL | | 262 BOATNER RD | | | | POTTS CAMP | MS | 38659 | |
| BACKFLOW PREVENTION SERVICES | | THE L P B CO INC | 379 SHOTWELL COURT | | | WHITE LAKE | MI | 48386 | |
| BACKFLOW TECH | DONNA MARYE | 608 GARRISON ST | UNIT L | | | LAKEWOOD | CO | 80215 | |
| BACKFLOW TECH | TAMRA KREBS | 468 SOUTH DUDLEY ST | | | | LAKEWOOD | CO | 80226 | |
| BACKHAUS HERBERT | | 4614 DENTON RD | | | | CANTON | MI | 48188 | |
| BACKIE ROBERT | C/O MASTROMARCO & JAHN PC | VICTOR J MASTROMARCO JR | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48605-3197 | |
| BACKIS INTERNATIONAL | | 751 LAUREL ST 330 | | | | SAN CARLOS | CA | 94070 | |
| BACKMAN MIKE | | DBA BETTER CONCRETE CONSTRUCTI | 9800 SUNFLOWER RD | | | DESOTO | KS | 66018 | |
| BACKO SAMUEL | | 3333 LAMOR RD | | | | HERMITAGE | PA | 16148 | |
| BACKOWSKI SUZANNE | | 4996 DRMERE RD | | | | HILLIARD | OH | 43026-1515 | |
| BACKOWSKI, SUZANNE | | 4996 DRIVEMERE RD | | | | HILLIARD | OH | 43026 | |
| BACKS GARY | | 21312 N OAKVIEW DR | | | | NOBLESVILLE | IN | 46060 | |
| BACKS, GARY L | | 21312 N OAKVIEW DR | | | | NOBLESVILLE | IN | 46060 | |
| BACKSTAGE CREATIONS INC | | 1522 CLOVERFIELD BLVD STE F | AD CHG PER GOI 7 29 04 AM | | | SANTA MONICA | CA | 90404 | |
| BACKSTAGE CREATIONS INC | | 1522 CLOVERFIELD BLVD STE F | | | | SANTA MONICA | CA | 90404 | |
| BACKUS MEYER SOLOMON ROOD & | | BRANCH ATTORNEYS AT LAW | 116 LOWELL ST | CHG PER DC 2 02 CP | | MANCHESTER | NH | 031050516 | |
| BACKUS MEYER SOLOMON ROOD AND BRANCH ATTORNEYS AT LAW | | PO BOX 516 | | | | MANCHESTER | NH | 03105-0516 | |
| BACKUS TIMOTHY | | 5377 N WALDO RD | | | | MIDLAND | MI | 48642 | |
| BACKUS, NIKKI | | 363 E 6TH ST | | | | PERU | IN | 46970 | |
| BACON CHRIS | | 10326 SEYMOUR RD | | | | MONTROSE | MI | 48457 | |
| BACON FRANK MACHINERY SALES C | | 4433 E 6 MILE RD | | | | WARREN | MI | 48091 | |
| BACON HAROLYN | | 15036 E 35TH PL | | | | TULSA | OK | 74134 | |
| BACON IND INC OF CALIFORNIA | | 16731 HALE AVE | | | | IRVINE | CA | 92714 | |
| BACON IND INC OF CALIFORNIA | | 194 PLEASANT ST | | | | WATERTOWN | MA | 02472-2399 | |
| BACON KATHI | | 3685 BOSTON AVE SE | | | | WARREN | OH | 44484 | |
| BACON KRISTY | | PO BOX 235 | | | | GRABILL | IN | 46741 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| CADILLAC PRODUCTS INC | | 5800 CROOKS RD | | | | TROY | MI | 48098 | |
| CADILLAC PRODUCTS INC | | 7000 E 15 MILE RD | | | | STERLING HEIGHTS | MI | 48312 | |
| CADILLAC PRODUCTS INC | | PRO PLASTICS | 1217 COMBERMERE | | | TROY | MI | 48083 | |
| CADILLAC PRODUCTS INC | | TROY TRIM DIV | 1250 ALLEN DR | | | TROY | MI | 48083 | |
| CADILLAC PRODUCTS INC EFT | | 5800 CROOKS RD | | | | TROY | MI | 48098 | |
| CADILLAC RUBBER | | OTE 12 NO 1151 COL CENTRO | ORIZABA VERACRUZ | | | | | | MEXICO |
| CADILLAC RUBBER & PLASTIC LTD | | DE MEXICO | OTE 12 NO 1151 COL CENTRO | ORIZABA VERACRUZ | | | | | MEXICO |
| CADILLAC RUBBER & PLASTICS DE | | AVON AUTOMOTIVE | ORIENTE 12 NO 1151 COL CENTRO | | | ORIZABA | | 94300 | MEXICO |
| CADILLAC RUBBER & PLASTICS DE | | ORIENTE 12 NO 1151 COL CENTRO | | | | ORIZABA | | 94300 | MEXICO |
| CADILLAC RUBBER & PLASTICS DE | | COL CENTRO | | | | ORIZABA | VER | 94300 | MX |
| CADILLAC RUBBER & PLASTICS INC | | 39205 COUNTRY CLUB DR STE C16 | | | | FARMINGTON HILLS | MI | 48331 | MX |
| CADILLAC RUBBER & PLASTICS INC | | COL CENTRO | | | | ORIZABA | VER | 94300 | MX |
| CADILLAC RUBBER & PLASTICS INC | | 1401 PULLMAN BLDG 3 | | | | EL PASO | TX | 79936 | |
| CADILLAC RUBBER & PLASTICS INC | | 1401 PULLMAN DR BLDG 3 | | | | EL PASO | TX | 79936 | |
| CADILLAC RUBBER & PLASTICS INC | | 39205 COUNTRY CLUB DR STE C16 | | | | FARMINGTON HILLS | MI | 48331 | |
| CADILLAC RUBBER & PLASTICS INC | | AVON AUTOMOTIVE | 805 W 13TH ST | | | CADILLAC | MI | 49601-9282 | |
| CADILLAC RUBBER & PLASTICS INC | | NO PHYSICAL ADDRESS | | | | DETROIT | MI | 48267 | |
| CADILLAC TRAVEL GROUP | | 3000 TOWN CTR STE 22 | | | | SOUTHFIELD | MI | 48075 | |
| CADIMENSIONS INC | | 6310 FLY RD | | | | EAST SYRACUSE | NY | 13057 | |
| CADIMENSIONS INC | | ADDR CHG 8 4 99 | 6310 FLY RD | | | EAST SYRACUSE | NY | 13057 | |
| CADIMEX SA DE CV | | AV HENEQUEN 1269 FRACC SALVARCAR | | | | CD JUAREZ | | 32690 | MEX |
| CADIMEX SA DE CV | | AV HENEQUEN 1269 FRACC SALVARCAR | | | | CD JUAREZ | | 32690 | MEXICO |
| CADLEROCK JOINT VENTURE II LP | | 100 NORTH CTR ST | | | | NEWTON FALLS | OH | 44444 | |
| CADMAN JUANITA | | 7465 WOODS EDGE DR NE | | | | BELMONT | MI | 49306-9433 | |
| CADON PLATING & COATINGS LLC | | 3715 11TH ST | | | | WYANDOTTE | MI | 48192-643 | |
| CADON PLATING CO | | 3715 11TH ST | | | | WYANDOTTE | MI | 48192 | |
| CADON PLATING CO | | 3715 11TH ST | | | | WYANDOTTE | MI | 48192-643 | |
| CADPO INC | DAVID FEDLER | 1490 W 121ST AVE | STE 201 | | | WESTMINSTER | CO | 80234 | |
| CADSTAR INTERNATIONAL LTD | | PO BOX 11515 | | | | BOSTON | MA | 02211 | |
| CADSTAR INTERNATIONAL LTD EFT | | PO BOX 11515 | | | | BOSTON | MA | 02211 | |
| CADTRAIN INC | | 5251 CALIFORNIA AVE STE 220 | | | | IRVINE | CA | 92612 | |
| CADVENTURE INC | | 3860 BEN HUR AVE NO 1 | | | | WILLOUGHBY | OH | 44094-6370 | |
| CADWALADER WICKERSHAM & TAFT | | LLP | 1201 F ST NW | ADD CHG 10 05 04 CP | | WASHINGTON | DC | 20004 | |
| CADWALADER WICKERSHAM & TAFT LLP | | GENERAL POST OFFICE | PO BOX 5929 | | | NEW YORK | NY | 10087-5929 | |
| CADWALADER WICKERSHAM & TAFT LLP | | ONE WORLD FINANCIAL CENTER | | | | NEW YORK | NY | 10281 | |
| CADWALADER WICKERSHAM & TAFT LLP | CADWALADER WICKERSHAM & TAFT LLP | ONE WORLD FINANCIAL CENTER | | | | NEW YORK | NY | 10281 | |
| CADWALADER WICKERSHAM & TAFT LLP | JAMES K ROBINSON ESQ | 1201 F STREET NW | | | | WASHINGTON | DC | 20004 | |
| CADWALLADER CYNTHIA | | 1100 BOARDMAN CANFIELD RD APT 95 | | | | YOUNGSTOWN | OH | 44512-8051 | |
| CADWALLADER DAVID A | | 6115 COREY HUNT RD | | | | BRISTOLVILLE | OH | 44402-9645 | |
| CADWALLADER JOSEPH | | 1100 BOARDMAN CANFIELD RD APT 95 | | | | YOUNGSTOWN | OH | 44512-8051 | |
| CADY KIM E | | 5057 TERRITORIAL WEST | | | | GR BLANC | MI | 48439-2046 | |
| CADY LIFTERS INC | | 1 FREEMONT ST | | | | TONAWANDA | NY | 14150 | |
| CADY MASTROMARCO & JAHN PC | | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602-4325 | |
| CADY MASTROMARCO AND JAHN PC | | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602-4325 | |
| CADY ROBERT | | 4813 CLAREMONT ST 1 | | | | MIDLAND | MI | 48642-3072 | |
| CAE RANSOHOFF | | 4933 PROVIDENT DR | | | | CINCINNATI | OH | 45246 | |
| CAE RANSOHOFF INC | AMY OR DANA | 4933 PROVIDENT DR | | | | CINCINNATI | OH | 45246 | |
| CAE RANSOHOFF INC EFT | | FRMLY RANSOHOFF INC | 4933 PROVIDENT DR | | | CINCINNATI | OH | 45246 | |
| CAE SERVICES CORP | | 208 BELLEVIEW LN | | | | BATAVIA | IL | 60510 | |
| CAE SERVICES CORP | | PLASTICS TECHNOLOGY CTR | 280 BELLEVIEW LN | | | BATAVIA | IL | 60510 | |
| CAE US HOLDINGS INC | | 36199 MOUND RD | | | | STERLING HEIGHTS | MI | 48310-4736 | |
| CAER OF METRO HUNTSVILLE | | PO BOX 868 | | | | HUNTSVILLE | AL | 35804 | |
| CAESAR CHARLES S | | 726 LA SALLE DR | | | | DAYTON | OH | 45408-1523 | |
| CAESAR SANDRA M | | 615 ERNROE DR | | | | DAYTON | OH | 45408-1505 | |
| CAFFEE CARRIE M | | PO BOX 145 | | | | NIAGARA FALLS | NY | 14305-0145 | |
| CAFFEE DIANNA | | 661 BRUMBAUGH | | | | NEW CARLISLE | OH | 45344 | |
| CAFFERTY DANIEL | | 930 BRIDGE PK | | | | TROY | MI | 48098 | |
| CAFFERTY FRANCIS E | | 4557 PKSIDE BLVD | | | | ALLEN PK | MI | 48101-3203 | |
| CAFFEY SHERMAN | | 4203 WINDHAM PL S | | | | SANDUSKY | OH | 44870 | |
| CAFFIE EDWIN | | 259 MUMFORD DR | | | | YOUNGSTOWN | OH | 44505 | |
| CAFFIE JUNE C | | 1622 DODGE DR NW | | | | WARREN | OH | 44485-1821 | |
| CAFFREY M | | 35 ELM RD | KIRKBY | | | LIVERPOOL | | L32 0RY | UNITED KINGDOM |
| CAFRITZ COMPANY | | 1825 K ST NW | | | | WASHINGTON | DC | 20006 | |
| CAGAS JEAN | | 330 W 1ST ST APT 403 | | | | DAYTON | OH | 45402-3044 | |
| CAGAS, JEAN Q | | 330 W 1ST ST APT 403 | | | | DAYTON | OH | 45402 | |
| CAGD FOUNDATION | | PO BOX 1343 | | | | TROY | MI | 48099 | |
| CAGE BRUCE | | 5839 NORTH 100 EAST | | | | ALEXANDRIA | IN | 46001 | |
| CAGE C | | 9 HUNTLEY CT | | | | SAGINAW | MI | 48601 | |
| CAGE CARLENE D | | 1354 CTR ST W | | | | WARREN | OH | 44481-9456 | |
| CAGE CONNIE | | 1258 W 500 N | | | | SHARPSVILLE | IN | 46068 | |
| CAGE JR G B | | 41697 JUNIPER CIR | | | | NOVI | MI | 48377-1571 | |
| CAGE MISTY | | 1500 KINGSTON RD | | | | KOKOMO | IN | 46901 | |
| CAGE TAROL | | 123 A HWY 80 E NO 150 | | | | CLINTON | MS | 39056-4738 | |
| CAGE TERRY L | | 2329 N DELPHOS ST | | | | KOKOMO | IN | 46901-1627 | |
| CAGE, JO | | 1117 N KORBY ST | | | | KOKOMO | IN | 46901 | |
| CAGLE CARRON | | 80 PINE ST | | | | DECATUR | AL | 35603 | |
| CAGLE JAMES A | | 7261 S4180 RD | | | | CLAREMORE | OK | 74017 | |
| CAGLE JR LEMUEL | | 80 PINE ST | | | | DECATUR | AL | 35603 | |
| CAGLE KENNETH | | 3901 10TH AVE SW | | | | HUNTSVILLE | AL | 35805-3903 | |
| CAGLE ROBERT W | | 1718 WOODS DR | | | | BEAVERCREEK | OH | 45432-2237 | |
| CAGLE SABRINA | | 919 E ALTO RD | | | | KOKOMO | IN | 46902 | |
| CAGLE, SABRINA Y | | 919 E ALTO RD | | | | KOKOMO | IN | 46902 | |
| CAHELA WAYNE | | 330 RED APPLE RD | | | | BOAZ | AL | 35956 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| CINCINNATI INCOME TAX DIVISION | | 805 CENTRAL AVE | STE 600 | | | CINCINNATI | OH | 45202-5756 | |
| CINCINNATI INDUSTRIAL MACH | | FMLY EAGLE PITCHER INDUSTRIES | 3280 HAGEMAN ST | | | CINCINNATI | OH | 45241 | |
| CINCINNATI INDUSTRIAL MACH EFT ARMOR METAL GROUP | | 3280 HAGEMAN ST | | | | CINCINNATI | OH | 45241 | |
| CINCINNATI INTERFACE INC | | 2144 SCHAPPELLE LN | | | | CINCINNATI | OH | 45240 | |
| CINCINNATI LAMB | SHERRY DAVIS | SERVICE PARTS DIVISION | 2200 LITTON LN | | | HEBRON | KY | 41048 | |
| CINCINNATI LAMB PLUS | SHERRY DAVIS | A MAG IAS COMPANY | 2200 LITTON LN | | | HEBRON | KY | 41048 | |
| CINCINNATI MACHINE LLC | ATTN TIM LEHAN | 2200 LITTON LN | | | | HEBRON | KY | 41048-8435 | |
| CINCINNATI MACHINES INC | | 2629 SPRING GROVE AVE | | | | CINCINNATI | OH | 45214 | |
| CINCINNATI MILACRON COMMERCIAL | | 4701 MARBURG AVE | | | | CINCINNATI | OH | 45209 | |
| CINCINNATI MILACRON HEALD CORP | | 10 20 NEW BOND ST | | | | WORCESTER | MA | 01606 | |
| CINCINNATI MILACRON INC | | CINCINNATI MILACRON CO | 10420 1 PIONEER BLVD | | | SANTA FE SPRINGS | CA | 90670 | |
| CINCINNATI MILACRON INC | | MILACRON DR | | | | FOUNTAIN INN | SC | 29644 | |
| CINCINNATI MILACRON INC | | PO BOX 371268M | | | | PITTSBURGH | PA | 15251 | |
| CINCINNATI MILACRON INC | | SERVICE PARTS DIV | 4701 MARBURG AVE | | | CINCINNATI | OH | 45209 | |
| CINCINNATI MILACRON MFG INC | DONNA DANBURY FX 513 536 2641 | PO BOX 740440 | | | | ATLANTA | GA | 30374-0440 | |
| CINCINNATI MILACRON MKTG EFT | | 4165 HALF ACRE RD | | | | BATAVIA | OH | 45103 | |
| CINCINNATI MILACRON MKTG EFT | | PO BOX 77199 | | | | DETROIT | MI | 48277-0199 | |
| CINCINNATI PRECISION | | INSTRUMENTS INC | 253 CIRCLE FREEWAY DR | | | CINCINNATI | OH | 45246 | |
| CINCINNATI PRECISION INC | DON THOKEY | 253 CIRCLE FREEWAY DR | | | | CINCINNATI | OH | 45246 | |
| CINCINNATI PRECISION INST | ROBERT SCHWAB | 253 CIRCLE FREEWAY | | | | CINCINNATI | OH | 45246 | |
| CINCINNATI PRECISION INSTRUMEN | | C P I | 253 CIRCLE FWY DR | | | CINCINNATI | OH | 45246-1205 | |
| CINCINNATI PRECISION INSTRUMENTS | | 253 CIR FWY DR | | | | CINCINNATI | OH | 45240 | |
| CINCINNATI PROTECTIVE | | PACKAGING SYSTEMS | 235 ELM ST | | | LUDLOW | KY | 41016 | |
| CINCINNATI RPT | TOM STEFANI | 1636 JOHN PAPALAS DR | | | | LINCOLN PK | MI | 48146 | |
| CINCINNATI RPT INC | | 1636 JOHN A PAPALAS DR | | | | LINCOLN PARK | MI | 48146-1462 | |
| CINCINNATI RPT INC | | CINCINNATI RPT SALES | 1636 JOHN PAPALAS DR | | | LINCOLN PK | MI | 48146 | |
| CINCINNATI RPT SALES | KARAAN | 1636 JOHN PAPALAS DR | | | | LINCOLN PK | MI | 48146 | |
| CINCINNATI RPT SALES & SERVICE | | FRMLY RPT SALES & SERVICE | 1636 JOHN PAPALAS DR | NAME CHG LTR 8 01 CSP | | LINCOLN PK | MI | 48146 | |
| CINCINNATI RPT SALES AND SERVICE | | 1636 JOHN PAPALAS DR | | | | LINCOLN PK | MI | 48146 | |
| CINCINNATI SERVICE & REBUILDER | | 10843 MILLINGTON CT | | | | CINCINNATI | OH | 45242 | |
| CINCINNATI SERVICE AND | | REBUILDERS INC | 627 COLFAX AVE | | | BELLEVUE | KY | 41073 | |
| CINCINNATI STATE TECHNICAL AND | | COMMUNITY COLLEGE | 3520 CENTRAL PKWY | | | CINCINNATI | OH | 45223-2690 | |
| CINCINNATI SUB ZERO PRODUCTS | | INC | 12011 MOSTELLER RD | PO BOX 641258 | | CINCINNATI | OH | 45241-1528 | |
| CINCINNATI SUB ZERO PRODUCTS I | | 12011 MOSTELLER RD | | | | CINCINNATI | OH | 45241-152 | |
| CINCINNATI SUB ZERO PRODUCTS INC | | 12011 MOSTELLER RD | | | | CINCINNATI | OH | 45241-1528 | |
| CINCINNATI SUB ZERO PRODUCTS INC | | PO BOX 641258 | | | | CINCIATTI | OH | 45264-1258 | |
| CINCINNATI SUB ZERO PRODUCTS INC | CINCINNATI SUB ZERO PRODUCTS INC | PO BOX 641258 | | | | CINCINATTI | OH | 45264-1258 | |
| CINCINNATI TEST | | SYSTEMS INC | 5555 DRY FORK RD | | | CLEVES | OH | 45002 | |
| CINCINNATI TEST SYSTEMS | LAURA WOJCIK | 5555 DRY FORK RD | | | | CLEVES | OH | 45002 | |
| CINCINNATI TEST SYSTEMS I | JEFF MCBEE | 5555 DRY FORK RD | | | | CLEVES | OH | 45002-9733 | |
| CINCINNATI TEST SYSTEMS INC | | 5555 DRY FORK RD | | | | CLEVES | OH | 45002-973 | |
| CINCINNATI TOOL STEEL CO | | 36110 EAGLE WAY | | | | CHICAGO | IL | 60678-1361 | |
| CINCINNATI TOOL STEEL CO | | 5190 28TH AVE | | | | ROCKFORD | IL | 61109-1721 | |
| CINCINNATI TOOL STEEL CO | JOY HEASLIP ACCTG MGR | 5190 28TH AVE | | | | ROCKFORD | IL | 61109 | |
| CINCINNATI TOOL STEEL CO EFT | | 5190 28TH AVE | PO BOX 5664 | | | ROCKFORD | IL | 61125 | |
| CINCINNATI VALVE | BETH OR PAT | AND FITTING CO | 11633 DEERFIELD RD | | | CINCINNATI | OH | 45242 | |
| CINCINNATI VALVE & FITTING CO | | 11633 DEERFIELD RD | | | | CINCINNATI | OH | 45242 | |
| CINCINNATI VALVE & FITTING COMPANY DBA RADEMACHER INC | CINCINNATI VALVE & FITTING COMPANY | 11633 DEERFIELD RD | | | | CINCINNATI | OH | 45242 | |
| CINCINNATI VALVE & FITTING EFT | | CO | 11633 DEERFIELD RD | | | CINCINNATI | OH | 45242 | |
| CINCINNATI VALVE AND FITTIN | SALES | 11633 DEERFIELD RD | | | | CINCINNATI | OH | 45242 | |
| CINCINNATI VALVE AND FITTING EFT CO | | 11633 DEERFIELD RD | | | | CINCINNATI | OH | 45242 | |
| CINCOM SYSTEMS INC | | 55 MERCHANT ST | | | | CINCINNATI | OH | 45246-3771 | |
| CINCOTTA TOMAS | | 601 DORCHESTER RD | | | | FALLS CHURCH | VA | 22046 | |
| CINDAC EMPREENDIMENTOS E PARTICIPAC | | AV FARRAPOS 1 811 FLORESTA | | | | PORTO ALEGRE | RS | 90220--005 | BR |
| CINDRIC JAMES | | 2974 NIAGARA FALLS BLVD | | | | N TONAWANDA | NY | 14120-1140 | |
| CINDRICH RODNEY | | 6921 WITMER RD APT 3 | | | | N TONAWANDA | NY | 14120 | |
| CINDY ENSMINGER | | 130 ELMVIEW DR | | | | TONAWANDA | NY | 14150 | |
| CINDY JO BAKLEY | | PO BOX 162 | | | | HUNTLEY | IL | 60142 | |
| CINDY LEE SCHLICHER NKA CINDY LEE BERTHOLD | | HYSLOP & HYSLOP CO LPA | 3955 BROWN PK DR | STE B | | HILLIARD | OH | 46026 | |
| CINDY LYNN DUNSON | | ACCT OF EDDY DUNSON | CASE 5256 91 | JOHNSON COUNTY COURTHOUSE | | CLEBURNE | TX | 45962-6988 | |
| CINDY LYNN DUNSON ACCT OF EDDY DUNSON | | CASE 5256 91 | JOHNSON COUNTY COURTHOUSE | | | CLEBURNE | TX | 76031 | |
| CINDY MANNON | | 229 N PINE ST STE 2 | | | | LANSING | MI | 48933 | |
| CINDY PALMER AS PR OF THE ESTATE OF MICHAEL PALMER DECEASED | MASTROMARCO & JAHN PC | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48605 | |
| CINDY WILDERSPIN | | ACCOUNT OF LONNY R WILDERSPIN | CAUSE 5301 90 | C O JOHNSON CTY COURTHOUSE | | CLEBURNE | TX | 45068-2482 | |
| CINDY WILDERSPIN ACCOUNT OF LONNY R WILDERSPIN | | CAUSE 5301 90 | C O JOHNSON CTY COURTHOUSE | | | CLEBURNE | TX | 76031 | |
| CINDY WILLIAMS | | 6290 ORIOLE DR | | | | FLINT | MI | 48506 | |
| CINDY WILLIAMS | | PO BOX 90 | | | | COLUMBIA | TN | 38402 | |
| CINE SERVICES INC | | 221 WEST GERMANTOWN PIKE | | | | PLYMOUTH MEETING | PA | 19462 | |
| CINELLI ANITA | | 5766 SUSANNE DR | | | | LOCKPORT | NY | 14094 | |
| CINERGY CORP | | 139 E 4TH ST 2604 | | | | CINCINNATI | OH | 45202 | |
| CINERGY CORP | | 139 EAST FOURTH ST | 1146 MAIN | | | CINCINNATI | OH | 45202 | |
| CINERGY CORP | | ATTN DEBBIE PLUMMER | 139 E 4TH ST RM 2604AT | | | CINCINNATI | OH | 45202 | |
| CINERGY CORP | DEBBIE PLUMMER | 139 E 4TH ST RM 2604AT | | | | CINCINNATI | OH | 45202 | |
| CINERGY CORP | DEBBIE PLUMMER | 139 E FORTH ST | ROOM 2604AT | | | CINCINNATI | OH | 45202 | |
| CINERGY CORP INC | | STE 1030 | ROOM 2604AT | | | WASHINGTON | DC | 20004 | |
| CINERGY CORPORATION INC | BLANKENSHIP JULIA | 1301 PENNSYLVANIA NW STE 1030 | 1301 PENNSYLVANIA AVE NW | | | WASHINGTON | DC | 20004 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| ESSEX GROUP INC | | 1601 WALL ST | | | | FORT WAYNE | IN | 46802-4352 | |
| ESSEX GROUP INC | | 7001 S 33RD ST BLDG V | | | | MCALLEN | TX | 78503 | |
| ESSEX GROUP INC | | 800 W MITCHELL | | | | KENDALLVILLE | IN | 46755 | |
| ESSEX GROUP INC | | 933 A LAKESIDE DR | | | | MOBILE | AL | 36693 | |
| ESSEX GROUP INC | | ESSEX BROWNELL | 4400 S MENDENHALL RD STE 10 | | | MEMPHIS | TN | 38141-6717 | |
| ESSEX GROUP INC | | ESSEX BROWNELL | 84 EXECUTIVE AVE | | | EDISON | NJ | 08817 | |
| ESSEX GROUP INC | | ESSEX BROWNELLC | 4400 S MENDENHALL RD STE 10 | | | MEMPHIS | TN | 38141-6717 | |
| ESSEX GROUP INC | | ESSEX BROWNELL | PO BOX 13228 | | | NEWARK | NJ | 071013228 | |
| ESSEX GROUP INC | | MAGNET WIRE & INSULATION DIV | PO BOX 71010 | | | CHICAGO | IL | 60694 | |
| ESSEX GROUP INC | | MAGNET WIRE DIV | 1299 E ESSEX RD | | | VINCENNES | IN | 47591 | |
| ESSEX GROUP INC | | MAGNET WIRE DIV | 1610 WALL ST | | | FORT WAYNE | IN | 46802-435 | |
| ESSEX GROUP INC | | OEM PRODUCTS | 1610 WALL ST | | | FORT WAYNE | IN | 46802 | |
| ESSEX GROUP INC | | PO BOX 1510 | | | | FORT WAYNE | IN | 46801-1510 | |
| ESSEX GROUP INC | | PO BOX 90419 | | | | CHICAGO | IL | 60690-0419 | |
| ESSEX GROUP INC | MICHAEL FRAZIER | SUPERIOR ESSEX INDUSTRIAL GROU | 1601 WALL ST | | | FORT WAYNE | IN | 46802 | |
| ESSEX GROUP INC | RICHARD FRADETTE | 1601 WALL ST | PO BOX 1601 | | | FORT WAYNE | IN | 46801-1601 | |
| ESSEX GROUP INC | RICHARD FRADETTE | 1601 WALL ST | | | | FORT WAYNE | IN | 46802 | |
| ESSEX GROUP INC  EFT | | 1601 WALL ST | | | | FORT WAYNE | IN | 46801-1601 | |
| ESSEX GROUP INC  EFT | | PO BOX 13281 | | | | NEWARK | NJ | 07101-3281 | |
| ESSEX GROUP INC  EFT | | 1601 WALL ST | | | | FORT WAYNE | IN | 46801 | |
| ESSEX GROUP INC  EFT | | PO BOX 90419 | | | | CHICAGO | IL | 60690-0419 | |
| ESSEX GROUP INC A MICHIGAN CO | | SUPERIOR ESSEX | 1601 WALL ST | | | FORT WAYNE | IN | 46802 | |
| ESSEX GROUP INC, A MICHIGAN CORP | | 1601 WALL ST | | | | FORT WAYNE | IN | 46802-4352 | |
| ESSEX GROUP INCO INC | | ESSEX BROWNELL ELECTRO | 2330 BRICKVALE DR | | | ELK GROVE VILLAGE | IL | 60007 | |
| ESSEX JOSEPH | | 22247 ATLANTIC POINTE | | | | FARMINGTON HLS | MI | 48336 | |
| ESSEX PATRICK | | ROUTE L BOX 101 | | | | SPROTT | AL | 36779 | |
| ESSEX SPECIALTY PRODUCTS INC | | 1250 HARMON RD | | | | AUBURN HILLS | MI | 48326 | |
| ESSEX SPECIALTY PRODUCTS INC | | 1 CROSSMAN RD S | | | | SAYREVILLE | NJ | 08872 | |
| ESSEX SPECIALTY PRODUCTS INC | | 2030 DOW CENTER | | | | MIDLAND | MI | 48674 | |
| ESSEX SPECIALTY PRODUCTS INC | | ESSEX SPECIALTY CORP | 1250 HARMON RD | | | AUBURN HILLS | MI | 48326 | |
| ESSEX THOMAS | | 4277 W ARBOR TER | | | | WEST CHESTER | OH | 45069-8548 | |
| ESSEX, THOMAS | | 4277 WEST ARBOR TERRACE | | | | WEST CHESTER | OH | 45069 | |
| ESSEXVILLE CITY OF BAY | | | | | | ESSEXVILLE | MI | | |
| ESSEXVILLE HAMPTON COMMUNITY | | EDUCATION | 213 PINE ST | | | ESSEXVILLE | MI | 48732 | |
| ESSIC AIR PRODUCTS | | 5800 MURRAY ST | | | | LITTLE ROCK | AR | 72209 | |
| ESSICK CAMILLE | | 1301E MAIN ST PO C184 | | | | MURFREESBORO | TN | 37132 | |
| ESSROC | | 3251 BATH PIKE | | | | NAZARETH | PA | 18064 | |
| ESSY JR GEORGE | | 6079 N VASSAR RD | | | | FLINT | MI | 48506 | |
| EST TESTING SOLUTIONS | STEPHEN B GROW | WARNER NORCROSS & JUDD LLP | 111 LYON ST NW STE 900 | | | GRAND RAPIDS | MI | 49503 | |
| EST TESTING SOLUTIONS ENVIRONMENTAL SCREENING TECH | STEPHEN B GROW | WARNER NORCROSS & JUDD LLP | 111 LYON ST NW STE 900 | | | GRAND RAPIDS | MI | 49503 | |
| ESTABROOK CORP | | 700 W BAGLEY RD | | | | BEREA | OH | 44017 | |
| ESTABROOK CORP | GARY FLANAGAN | 700 WEST BAGLEY RD | PO BOX 804 | | | BEREA | OH | 44017 | |
| ESTABROOK CORPORATION | | GOULD PUMPS INC | 6600 FRONT ST | | | BEREA | OH | 44017 | |
| ESTABROOK CORPORATION | | PO BOX 804 | | | | BEREA | OH | 44017 | |
| ESTALILLA LOURDES | | 18806 ALBURTIS AVE | | | | ARTESIA | CA | 90701 | |
| ESTAMPACIONES DURANGO SA | | B LA PILASTRA | | | | YURRETA VIZCAYA | ES | 48215 | ES |
| ESTAMPACIONES DURANGO SA | | PGO IND ARRIANDI UAI 4 NO 2 | | | | IURRETA VIZCAYA | | 48215 | ESP |
| ESTAMPACIONES DURANGO SA | | PGO IND ARRIANDI UAI 4 NO 2 | | | | IURRETA VIZCAYA | | 48215 | SPAIN |
| ESTAMPACIONES DURANGO SA | | PGO IND ARRIANDI UAI 4 NO 2 | O INDUSTRIAL ARRIANDI UAI 4 | | | IURRETA VIZCAYA | | 48215 | SPAIN |
| ESTAMPACIONES DURANGO SA | | POLIGONO INDUSTRIAL ARRIANDI | SN 48215 JURRETA VIZCAYA | | | | | | SPAIN |
| ESTAMPACIONES FERVI SAL | | B LA PILASTRA | | | | YURRETA VIZCAYA | | 48215 | SPAIN |
| ESTAMPACIONES MAYO SA | | CO LABIANO S N | | | | MUTILVA ALTA NAVARR | | 31192 | SPAIN |
| ESTAMPACIONES MAYO SA EFT | | CAMINO DE LABIANO 13 | 31192 MUTILVA ALTA NAVARRA | | | | | | SPAIN |
| ESTAPACK SA DE CV | | COL SAN JUAN DE OCOTAN | | | | ZAPOPAN | JAL | 45019 | MX |
| ESTATE OF ALBERT FORD | | CO KAREN J FISHER EXECUTOR | 5061 FOSDICK RD | | | WALWORTH | NY | 14568 | |
| ESTATE OF ALBERT FORD | ESTATE OF ALBERT FORD | CO KAREN J FISHER EXECUTOR | 5061 FOSDICK RD | | | WALWORTH | NY | 14568 | |
| ESTATE OF CARL T EVANS | | EVANS MARY | 1984 BONNIE BRAE NE | | | WARREN | OH | 44483 | |
| ESTATE OF CHARLES KELLEY ET AL | HANK ANDERSON ESQ | ANDERSON LAW FIRM | 4600 BELAIR | | | WICHITA FALLS | TX | 76310 | |
| ESTATE OF CLARENCE HUSTON | | 10591 ENGLE RD | | | | BUTLER TOWNSHIP | OH | | |
| ESTATE OF CLARENCE HUSTON | C/O CHAPIN LAW OFFICES | DONALD H CHAPIN | 5960 WILCOX PL | STE B | | DUBLIN | OH | 43016 | |
| ESTATE OF CLARENCE HUSTON | C/O COOPER & ELLIOTT LLC | REX ELLIOTT | 2175 RIVERSIDE DR | | | COLUMBUS | OH | 43221 | |
| ESTATE OF DOROTHY W HALL | DOROTHY W HALL | 16 BELLAMY ST | | | | BRIGHTON | MA | 02135-1543 | |
| ESTATE OF ELEANOR D HILLMAN | DOUGLAS C SPLETTER | GAW VAN MALE SMITH MYERS & MIROGLIO PLC | 1261 TRAVIS BLVD STE 350 | | | FAIRFIELD | CA | 94533-4825 | |
| ESTATE OF EVELYN H FREEMAN | JAMES E SANDERS | 185 HIGH ST NE | | | | WARREN | OH | 44481 | |
| ESTATE OF JOSE MATA CHIQUITO | | APARTO RUIZ C 39 | COL VICERATI H MATAMOROS | | | TARNAULIPAS | | 99999 | MEXICO |
| ESTATE OF JOSE MATA CHIQUITO | CARLOS HERNANDEZ | C/O LAW OFFICE OF CARLOS HERNANDEZ | 101 NORTH 10TH ST | | | EDINBURG | TX | 78539 | |
| ESTATE OF LANNON | C/O GARY LINKOUS | 101 EVERGREEN PARK PLAZA | PO BOX 636 | | | WELCHES | OR | 97067 | |
| ESTATE OF LANNON | GARY LINKOUS | 101 EVERGREEN PK PLAZA | POST OFFICE BOX 636 | | | WELCHES | OR | 97067 | |
| ESTATE OF MICHAEL PALMER FOR | | 2119 S VAN BUREN | | | | REESE | MI | 48757 | |
| ESTATE OF MICHAEL PALMER FOR | VICTOR J MASTROMARCO JR | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48605 | |
| ESTATE OF MICHELLE M FRANKLIN | | HARRY G BEYOGLIDES JR ADMINIST | 345 W 2ND ST STE 400 | | | DAYTON | OH | 45402 | |
| ESTATE OF ROBERT M FLUHART | | 1916 DELWOOD AVE SW | | | | WYOMING | MI | 49509 | |
| ESTATE OF ROBERT M FLUHART | C/O BOS & GLAZIER | CAROLE D BOS BRADLEY K GLAZIER | 990 MONROE AVE NW | | | GRAND RAPIDS | MI | 49503-1423 | |
| ESTATE OF STELLA DEMENIUK | | MACOMB COUNTY | | | | CLINTON TOWNSHIP | MI | 48035 | |
| ESTATE OF STELLA DEMENIUK | ROBERT F GARVEY | C/O THOMAS GARVEY GARVEY | AND SCIOTTI | 24825 LITTLE MACK | | ST CLAIR SHORES | MI | 48080 | |
| ESTATE OF THOMAS FITZGERALD | | 1661 11TH AVE | | | | BROOKLYN | NY | 11215-6049 | |
| ESTATE OF THOMAS FITZGERALD | | 1661 11TH AVE | | | | BROOKLYN | NY | 13126-4465 | |
| ESTATE OF VIRGINIA TOMLINSON | | 11811 HIGH NOON CT | | | | CYPRESS | TX | 77433-2805 | |
| ESTATE OF WESLEY PRITCHARD | | 904 SMOKERISE CIRCLE | | | | DENTON | TX | 76205 | |
| ESTATE OF WESLEY PRITCHARD | E TODD TRACY | C/O TRACY & CARBOY | 5473 BLAIR RD STE 200 | | | DALLAS | TX | 75231 | |
| ESTCO ENTERPRISES INC | | 1549 SIMPSON WAY | | | | ESCONDIDO | CA | 92029-1203 | |
| ESTCO ENTERPRISES, INC | JOANN STEPHENSON | 1549 SIMPSON WAY | | | | ESCONDIDO | CA | 92029 | |
| ESTEBAN ENRIQUE GONZALEZ | | RUBIO | SOR JUANA INES DE LA CRUZ | 3107 CHIHUAHUA CHIH 31320 | | | | | MEXICO |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| H AND H TRANSPORTATION INC | | 726 W MORSE AVE | | | | SCHAUMBURG | IL | 60193 | |
| H AND H TUBE AND MFG CO | | 2525 COLLECTION CTR DR | | | | CHICAGO | IL | 60693 | |
| H AND J INDUSTRIAL INC | | PO BOX 22345 | | | | INDIANAPOLIS | IN | 46222 | |
| H AND K EQUIPMENT CO INC | | 4200 CASTEEL DR | | | | CORAOPOLIS | PA | 15108 | |
| H AND M MASONRY LLC | | 857 PERKINS JONES RD | | | | WARREN | OH | 44483 | |
| H AND O DIE SUPPLY INC | | 2821 RUDER ST | | | | DALLAS | TX | 75212 | |
| H AND P TECHNOLOGIES INC | | 21251 RYAN RD | | | | WARREN | MI | 48091 | |
| H AND P TECHNOLOGIES INC | | THE ALLAR COMPANY DIV. | 21251 RYAN RD | | | WARREN | MI | 48091 | |
| H AND S MACHINE TOOL SERVICE INC | CAROL | PO BOX 750 | | | | CLARK | NJ | 07066 | |
| H AND S MACHINERY CORP | | 1941 INDUSTRIAL BLVD | | | | HARVEY | LA | 70058 | |
| H AND S MOLD INC | | 1640 O ROURKE BLVD | | | | GAYLORD | MI | 49735 | |
| H AND S SALES COMPANY INC | | 471 CONNECTICUT ST | | | | BUFFALO | NY | 14213 | |
| H AND T INDUSTRIES INC | | DBA GRAPHIC MEDIA CO | 10914 S LA CIENEGA BLVD | | | INGLEWOOD | CA | 90304 | |
| H AND W MOTOR EXPRESS CO | | GENERAL OFFICE BOX 837 | | | | DUBUQUE | IA | 52004-0837 | |
| H B INDUSTRIES INC | | SMITH ED MACHINERY SALES | 501 E WHITCOMB AVE | | | MADISON HEIGHTS | MI | 48071 | |
| H B INDUSTRIES INCORPORATED | | 501 EAST WHITCOMB | | | | MADISON HEIGHTS | MI | 48071 | |
| H B INSTRUMENT CO | | 102 WEST SEVENTH AVE | | | | COLLEGEVILLE | PA | 19426 | |
| H B L EXPRESS INC | | 503 PORTAGE LAKES DR STE 1 | | | | AKRON | OH | 44319-2269 | |
| H B S C BANK | | FOR DEPOSIT TO THE ACCOUNT OF | KENNETH SWAN 8488149190 | 150 S MAIN | | LOCKPORT | NY | 14094 | |
| H B S C BANK FOR DEPOSIT TO THE ACCOUNT OF | | KENNETH SWAN | 150 S MAIN | | | LOCKPORT | NY | 14094 | |
| H B STUBBS CO | | 27027 MOUND RD | | | | WARREN | MI | 48092-2699 | |
| H B STUBBS COMPANY | | 27027 MOUND RD | | | | WARREN | MI | 48092-2615 | |
| H BROWN PRP GROUP | | JOHN FERROLI DYKEMA GOSSETT | 248 LOUIS ST NW STE 200 | | | GRAND RAPIDS | MI | 49503-2688 | |
| H C CROSS | | 4901 W COUNTY RD 500S | | | | MUNCIE | IN | 30744-5624 | |
| H C CROSS | | 4901 W COUNTY RD 500S | | | | MUNCIE | IN | 47302 | |
| H C I | | 203 SPROWL RD | | | | HURON | OH | 44839-0532 | |
| H C I | | PO BOX 532 | | | | HURON | OH | 44839-0532 | |
| H C STARCK INC | | 45 INDUSTRIAL PLACE | | | | NEWTON | MA | 02461 | |
| H C STARCK INC | | 45 INDUSTRIAL PL | | | | NEWTON | MA | 02461 | |
| H C STARCK INC | | BOX 223143 | | | | PITTSBURGH | PA | 15251-2143 | |
| H D GEISLER CO INC | PETE SNYDER | 1482 STANLEY AVE | PO BOX 203 | | | DAYTON | OH | 45404-0203 | |
| H E BAHER INC | | COLLETON RIVER PLANTATION | 12 MAGNOLIA BLOSSOM DR | | | BLUFFTON | SC | 29910 | |
| H E LENNON INC | | 23920 FREEWAY PK DR | | | | FARMINGTON HILL | MI | 48335 | |
| H E LENNON INC | | 23920 FWY PARK DR | | | | FARMINGTON HILL | MI | 48335 | |
| H E LENNON INC | | FMLY TOLEDO VALVE & FITTING CO | 23920 FREEWAY PK DR | CHG PER LTRHD 3 19 03 AT | | FARMINGTON HILLS | MI | 48335 | |
| H E LENNON INC | | PO BOX 288 | | | | FARMINGTON | MI | 48332 | |
| H E LENNON INC | NANCY | 23920 FWY PARK DR | | | | FARMINGTON | MI | 48335 | |
| H E LENNON INC  EFT | | PO BOX 288 | | | | FARMINGTON | MI | 48332 | |
| H E MARTIN AND SONS INC | | 448 S PRINCE ST | | | | LANCASTER | PA | 17603-5602 | |
| H E MCGONIGAL INC | | 1220 EAST BLVD | | | | KOKOMO | IN | 46902 | |
| H E MCGONIGAL INC EFT | | PO BOX 3066 | | | | KOKOMO | IN | 46902-3066 | |
| H E MICROWAVE | | 2900 E ELVIRA RD | | | | TUCSON | AZ | 85706 | |
| H E MICROWAVE | | PO BOX 23340 | | | | TUCSON | AZ | 85734 | |
| H E MICROWAVE CORPORATION | ACCOUNTS PAYABLE | 2900 EAST ELVIRA RD STE 100 | PO BOX 23340 | | | TUCSON | AZ | 85706 | |
| H E SERVICES CO | | 225 E MORLEY DR | | | | SAGINAW | MI | 48601 | |
| H E SERVICES CO | | 3800 PERRYVILLE RD | | | | ORTONVILLE | MI | 48462 | |
| H E SERVICES CO | | ANCON PROTOTYPE MACHINE | 1755 WICCO RD | | | SAGINAW | MI | 48601 | |
| H E SERVICES CO | | ANCON TOOL DIV | 1755 WICCO RD | | | SAGINAW | MI | 48601 | |
| H E SERVICES CO | VICTOR J MASTROMARCO JR ESQ | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602 | |
| H E SERVICES COMPANY | VICTOR J MASTROMARCO JR P34564 | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602 | |
| H FRED CIMILDORA | | 28 W ALLEGHENY AVE STE 606 | | | | TOWSON | MD | 21204 | |
| H G FLAKE COMPANY INC | ATTN GORDON L FLAKE | 14113 E APACHE | | | | TULSA | OK | 74116 | |
| H G MAKELIM & CO | MR CHUCK HESS | 219 SHAW RD | PO BOX 2827 | | | S SAN FRANCISCO | CA | 94083-2827 | |
| H G MAKELIM & CO | MR CHUCK HESS | 219 SHAW RD | PO BOX 863212 | | | S SAN FRANCISCO | CA | 94083-2827 | |
| H G MAKELIM CO | | A D P USA INC D B A BECS | 537 S CORALRIDGE PL | | | CITY OF INDUSTRY | CA | 91746 | |
| H G MAKELIM CO | | A D P USA INC D B A BECS | PO BOX 2827 | | | S SAN FRANCISCO | CA | 94083 | |
| H GALOW | | 15 MAPLE ST | | | | NORWOOD | NJ | 07648 | |
| H GALOW | MIKE GALOW / NANCY | 15 MAPLE ST | | | | NORWOOD | NJ | 07648 | |
| H GALOW CO INC | | 15 MAPLE ST | | | | NORWOOD | NJ | 07648 | |
| H GALOW COMPANY INC | JOANNE | 15 MAPLE ST | | | | NORWOOD | NJ | 07648 | |
| H GARY APOIAN | | PO BOX 23860 | | | | BELLEVILLE | IL | 62223 | |
| H H BARNUM | | 7915 LOCHLIN | | | | BRIGHTON | MI | 48116 | |
| H H BARNUM EFT | | 7915 LOCHLIN DR | | | | BRIGHTON | MI | 48116 | |
| H HARSHBARGER CLK OF THE CT | | ACCT OF FREDERICK SCHLOTTMAN | CASE A 86 D 00991 FEE BILL | 14 W JEFFERSON ST | | JOLIET | IL | 35538-6177 | |
| H HARSHBARGER CLK OF THE CT ACCT OF FREDERICK SCHLOTTMAN | | CASE A 86 D 00991 FEE BILL | 14 W JEFFERSON ST | | | JOLIET | IL | 60431 | |
| H I G CAPITAL MANAGEMENT INC | | 1001 BRICKELL BAY 2708 | | | | MIAMI | FL | 33131-4940 | |
| H I G CAPITAL PARTNERS LLC | | 1001 BRICKELL BAY DR 27TH FLR | | | | MIAMI | FL | 33131 | |
| H I P NETWORK OF FLORIDA INC | | 1895 W COML BLVD 120 | | | | FORT LAUDERDALE | FL | 33309-3065 | |
| H J HEINZ CO | | 600 GRANT ST | | | | PITTSBURGH | PA | 15219-2702 | |
| H JAMES SLINKMAN | | 10600 WEST 143RD ST | | | | ORLAND PK | IL | 60462 | |
| H JANE B LOSSING | | 3924 BALTIMORE ST | | | | KENSINGTON | MD | 20895 | |
| H KENT HOLLINS LAW OFFICE | | PO BOX 4586 | | | | TOPEKA | KS | 66614 | |
| H KIRBY ALBRIGHT | | 1000 MICHIGAN NATIONAL TOWER | | | | LANSING | MI | 48933 | |
| H L BOSCA SCHOOL | | 24151 MIDDLE BRIDGE DR | | | | CLINTON TOWNSHIP | MI | 48035 | |
| H L GAGE SALES INC | | 121 WASHINGTON AVE | | | | ALBANY | NY | 12210-2202 | |
| H M CROSS & SONS INC | | PO BOX 20700 | | | | ROCHESTER | NY | 14602-0700 | |
| H M CROSS & SONS INC EFT | | 50 RIDGELAND RD | | | | ROCHESTER | NY | 14602 | |
| H M FELTY SALES SERVICES INC | | 163 PLEASANT VALLEY RD | | | | PINE GROVE | PA | 17963-9566 | |
| H M H CO INC | | FRMLY H M H CO INC | PO BOX 170228 | ADD UPTD 01 00 | | MILWAUKEE | WI | 53217-8021 | |
| H M H CO INC | | HASSEL MATERIAL HANDLING CO | 2450 W SILVER SPRING DR | | | MILWAUKEE | WI | 53209 | |
| H M PARTS CO INC | | DBA TEMCO H M PARTS CO | 2632 CHANNEL AVE | | | MEMPHIS | TN | 38113 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| HDK AMERICA INC EFT | | 8885 RIO SAN DIEGO DR STE 257 | | | | SAN DIEGO | CA | 92108 | |
| HDR ENGINEERING INC | | PO BOX 3480 | | | | OMAHA | NE | 68103-0480 | |
| HE ANDERSON COMPANY | | 2100 ANDERSON DR | | | | MUSKOGEE | OK | 74402 | |
| HE ANDERSON COMPANY | | PO BOX 1006 | | | | MUSKOGEE | OK | 74402-1006 | |
| HE DAVID | | 14430 PLYMOUTH ROCK DR | | | | CARMEL | IN | 46033 | |
| HE LENNON INC | NANCY | 23920 FREEWAY PK DR | | | | FARMINGTON | MI | 48335 | |
| HE MICROWAVE | DAVE STOCKERO | 2900 EAST ELVIRA RD | STE 100 | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | 2900 EAST ELVIRA STE 100 | | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | 2900 E ELVIRA RD STE 100 | | | | TUCSON | AZ | 85706 | |
| HE MICROWAVE LLC | | 2900 E ELVIRA RD | | | | TUCSON | AZ | 85706 | |
| HE SERVICES AND ROBERT BACKIE | | C/O DELCO ELECTRONICS CORPORATION | ONE CORPORATE CENT | | | KOKOMO | IN | 46904-9005 | |
| HE SERVICES AND ROBERT BACKIE | H E SERVICES CO | 3800 PERRYVILLE RD | | | | ORTONVILLE | MI | 48462 | |
| HE SERVICES AND ROBERT BACKIE | VICTOR J MASTROMARCO JR P34564 | 1024 N MICHIGAN AVE | PO BOX 3197 | | | SAGINAW | MI | 48605-3197 | |
| HE SERVICES CO | | 1900 N SAGINAW ST | | | | FLINT | MI | 48505 | |
| HE SERVICES CO | | 201 OAKWOOD RD | | | | OXFORD | MI | 48371 | |
| HE SERVICES CO | | 5117 S DORT HWY | | | | FLINT | MI | 48507 | |
| HE SERVICES CO | | ANCON PROTOTYPE MACHINE | 1755 WICCO | | | SAGINAW | MI | 48601 | |
| HE SERVICES CO | | ANCON TOOL DIV | 225 E MORLEY DR | | | SAGINAW | MI | 48601-9623 | |
| HE SERVICES CO | | ANCON TOOL DIV | 5117 S DORT HWY | | | FLINT | MI | 48507 | |
| HE SERVICES CO | | ENGINEERING DIV | 225 E MORLEY DR | | | SAGINAW | MI | 48601-9482 | |
| HE SERVICES CO | | HE TECHNOLOGIES INC | 30 A1 SPUR DR | | | EL PASO | TX | 79906 | |
| HE SERVICES CO | | UNIVERSAL INSPECTION DIV | 3870 E WASHINGTON RD | | | SAGINAW | MI | 48601 | |
| HE SERVICES CO | | UNIVERSAL MANUFACTURING DIV | 3860 E WASHINGTON RD | | | SAGINAW | MI | 48601 | |
| HE SERVICES CO  EFT | | 1900 N SAGINAW ST | | | | FLINT | MI | 48505-4768 | |
| HE SERVICES CO 382443655 | | 1900 N SAGINAW ST | | | | FLINT | MI | 48505-4768 | |
| HE SERVICES CO EFT | | HOLD PER LEGAL 07 07 05 CP | 5117 S DORT HWY | | | FLINT | MI | 48507 | |
| HE SERVICES COMPANY | C/O MASTROMARCO & JAHN PC | 1024 N MICHIGAN AVE | PO BOX 3197 | | | SAGINAW | MI | 48602 | |
| HE SERVICES COMPANY | COMERCIA BANK | RALPH E MCDOWELL | BODMAN LONGLEY & DAHLING LLP | 100 RENAISSANCE CTR FL 34 | | DETROIT | MI | 48243 | |
| HE SERVICES COMPANY | VICTOR J MASTROMARCO JR P34564 | 1024 N MICHIGAN AVE | PO BOX 3197 | | | SAGINAW | MI | 48605-3197 | |
| HE SERVICES COMPANY | VICTOR MASTROMARCO JR | MASTROMARCO & JAHN PC | 1024 N MICHIGAN AVE | PO BOX 3197 | | SAGINAW | MI | 48602 | |
| HE TECHNOLOGIES INC | | 30 A1 SPUR DR | | | | EL PASO | TX | 79906 | |
| HE WEI HUA | | 446 RICHMOND PK E | APT 629A | | | RICHMOND HTS | OH | 44143 | |
| HE XINHUA | | 2947 RIVER VALLEY DR | | | | TROY | MI | 48098 | |
| HE, DAVID Q | | 14430 PLYMOUTH ROCK DR | | | | CARMEL | IN | 46033 | |
| HE, XINHUA | | 11464 MEARS DR | | | | CARMEL | IN | 46077 | |
| HEABERLIN FRED J | | RR 1 BOX 318 | | | | ADRIAN | PA | 16210-9609 | |
| HEACOCK METAL & MACHINE CO INC | | 400 W 1ST | | | | SYLACAUGA | AL | 35150 | |
| HEACOCK METAL & MACHINE CO INC | | ADDR CHG 5 26 99 | 400 W 1ST | | | SYLACAUGA | AL | 35150 | |
| HEACOCK METAL AND MACHINE CO INC | | PO BOX 778 | | | | SYLACAUGA | AL | 35150 | |
| HEACOX GARY | | 6479 COLONIAL DR | | | | LOCKPORT | NY | 14094-6122 | |
| HEACOX MARK | | 895 CIMARRON OVAL | | | | AURORA | OH | 44202 | |
| HEACOX, MARK J | | 895 CIMARRON OVAL | | | | AURORA | OH | 44202 | |
| HEAD ACOUSTICS GMBH KOPFBEZOGENE AU | | EBERTSTR 30 A | | | | HERZOGENRATH | NW | 52134 | DE |
| HEAD ACOUSTICS INC | | 6964 KENSINGTON RD | | | | BRIGHTON | MI | 48116 | |
| HEAD ACOUSTICS INC EFT | | ADDRESS CHG 5 4 | FMLY SONIC PERCEPTIONS INC | 6964 KENSINGTON RD | | BRINGTON | MI | 48116 | |
| HEAD CHARLES | | PO BOX 408 | | | | GALVESTON | IN | 46932 | |
| HEAD DAVID | | 1901 S GOYER | APT 158 | | | KOKOMO | IN | 46902 | |
| HEAD DAVID | | 249 E CHURCH | | | | MORRICE | MI | 48857 | |
| HEAD ROBERT | | 5926 CULZEAN DR APT 619 | | | | DAYTON | OH | 45426 | |
| HEAD, CHARLES KENDEL | | PO BOX 408 | | | | GALVESTON | IN | 46932 | |
| HEADCO INDUSTRIES INC | | BEARING HEADQUARTERS CO DIV | 3199 N SHADELAND AV | | | INDIANAPOLIS | IN | 46226-6233 | |
| HEADD PHYLLIS | | 2624A WEST GALENA | | | | MILWAUKEE | WI | 53205 | |
| HEADING JR HOWARD L | | 121 MARSAC ST | | | | BAY CITY | MI | 48708-7054 | |
| HEADLAND ENGINEERING DEVELOP | | UNIT 5B NAVIGATION DR | HURST BUSINESS PK | | | BRIERLEY HILL | | DY5 1YF | UNITED KINGDOM |
| HEADLEE R M CO INC | | 3596 CALIFORNIA RD | | | | ORCHARD PK | NY | 14127-1716 | |
| HEADLEE R M CO INC | | 6493 RIDINGS RD STE 11 | | | | SYRACUSE | NY | 13206 | |
| HEADLEY ISABELLA | | 2471 W RIVER RD | | | | NEWTON FALLS | OH | 44444-8402 | |
| HEADLEY JEFFERY | | 1173B NAVAHO DR | | | | LEBANON | OH | 45036-8746 | |
| HEADLEY W | | 6193 PARKDALE DR | | | | COLUMBUS | OH | 43229 | |
| HEADQUARTERS US MARINE CORPS | | PERSONAL & FAMILY READINESS DIVISIC | PO BOX 1834 | | | QUANTICO | VA | 22134-0834 | |
| HEADRICK LYNETTE | | 4146 HACKBERRY ST | | | | BRIDGEPORT | MI | 48722 | |
| HEADRICK TANYA M | | PO BOX 372 | | | | ADAIR | OK | 74330 | |
| HEADY ELMER | | 906 KLEIN RD | | | | WILLIAMSVILLE | NY | 14221 | |
| HEADY, TAMMY | | 1030 S PURDUM ST | | | | KOKOMO | IN | 46902 | |
| HEAGY TIMOTHY | | 1613 HILL ST | | | | ANDERSON | IN | 46012 | |
| HEAKIN SUZANNE | | 4115 LEAVITT DR NW | | | | WARREN | OH | 44485-1104 | |
| HEAL WILLIAM | | 2381 CR 292 | | | | BELLEVUE | OH | 44811 | |
| HEALD VICKI | | 1057 SUNCOVE DR | | | | TUCSON | AZ | 85748 | |
| HEALE MFG CO INC | ACCOUNTS PAYABLE | PO BOX 1444 | | | | WAUKESHA | WI | 53187 | |
| HEALEY FIRE PROTECTION INC | | 134 NORTHPOINTE DR | | | | ORION | MI | 48359 | |
| HEALEY FIRE PROTECTION INC | | FMLY HEALEY W E ASSOC | 134 NORTHPOINTE DR | | | ORION | MI | 48359 | |
| HEALEY JAMES | | 6 LARCH RD | | | | HUYTON | | L36 9TZ | UNITED KINGDOM |
| HEALTH & SAFETY LABORATORY | | KAREN WILKINSON | HARPUR HILL | | | UNITED KINGDOM | | | UNITED KINGDOM |
| HEALTH ALLIANCE MEDICAL EFT PLANS INC ATTN MARSHA EVERSOLE | | 102 E MAIN ST STE 200 | PO BOX 6003 | BUXTON DERBYSHIRE SK179JN | | URBANA | IL | 61801 | |
| HEALTH ALLIANCE MEDICAL PLANS | | INC 121B | 102 E MAIN ST STE 200 | PO BOX 6003 | | URBANA | IL | 61801 | |
| HEALTH ALLIANCE PLAN EFT | | 210C | 2850 W GRAND BLVD | | | DETROIT | MI | 48202 | |
| HEALTH ALLIANCE PLAN EFT | RECEIVABLES DEPT | 2850 W GRAND BLVD | | | | DETROIT | MI | 48202 | |
| HEALTH AMERICA PENNSYLVANIA | | INC 363P | FIVE GATEWAY CTR | | | PITTSBURGH | PA | 15222 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| MASTERS ARCHITECTURAL GRAPHIC | | ASI SIGN SYSTEMS | 2017 W 18TH ST | | | INDIANAPOLIS | IN | 46202-1018 | |
| MASTERS BARBARA A | | 6920 RITA DR | | | | ENON | OH | 45323-1237 | |
| MASTERS CAR STEREO | | 1414 E WASHINGTON ST | | | | GREENVILLE | SC | 29607-1864 | |
| MASTERS CATHERINE | | 3808 STONEGATE DR | | | | WICHITA FALLS | TX | 76310 | |
| MASTERS CHARLES | | 3921 W SHEFFIELD AVE | | | | CHANDLER | AZ | 85226-1343 | |
| MASTERS COLLEGE | | 21726 PLRITA CANYON RD | | | | SANTA CLARITA | CA | 91321-1200 | |
| MASTERS COLLEGE | | ADDR CHG 4 22 98 | 21726 PLRITA CANYON RD | | | SANTA CLARITA | CA | 91321-1200 | |
| MASTERS CONSTANCE | | 411 S PORTER ST | | | | SAGINAW | MI | 48602 | |
| MASTERS DALE | | 1010 BALDWIN ST | | | | JENISON | MI | 49428-9716 | |
| MASTERS INTERNATIONAL | | 2401 E PIONEER PKWY | | | | ARLINGTON | TX | 76010-8363 | |
| MASTERS JACK | | 4601 GOLFCREST DR | | | | ANDERSON | IN | 46011 | |
| MASTERS JAMES | | 85 NEIL RD | | | | ELLISVILLE | MS | 39437 | |
| MASTERS LINDA S | | 7549 SADDLER KROHLER RD | | | | FARMDALE | OH | 44417-9757 | |
| MASTERS MARK | | 1634 WEST SHEPHERD RD | | | | BRECKENRIDGE | MI | 48615 | |
| MASTERS PRECISION, INC | BILL | 15W700 N FRONTAGE RD | | | | BURR RIDGE | IL | 60527-7544 | |
| MASTERS RALPH | | 7549 SADDLER KROHLER RD | | | | FARMDALE | OH | 44417 | |
| MASTERS REBECCA | | 310 W MONROE ST | | | | KOKOMO | IN | 46901-3370 | |
| MASTERS RICHARD | | 17 ARIES CLOSE | | | | KNOTTY | | L149LW | UNITED KINGDOM |
| MASTERS RICHARD A | | 2706 S JEFFERSON ST | | | | BAY CITY | MI | 48708-3700 | |
| MASTERS ROBERT | | 5604 IVY COURT | | | | KOKOMO | IN | 46902-5237 | |
| MASTERS THOMAS | | 342 S 700 E | | | | ELWOOD | IN | 46036 | |
| MASTERS TIMOTHY | | 3573 E 150 S BOX 514 | | | | HOBBS | IN | 46047 | |
| MASTERS TOOL & DIE INC | | 4485 MARLEA AVE | | | | SAGINAW | MI | 48601 | |
| MASTERS TOOL & DIE INC | | 4485 MARLEA DR | | | | SAGINAW | MI | 48601-7230 | |
| MASTERS TOOL & DIE INC | | 4485 MARLEA LN | | | | SAGINAW | MI | 48601-7230 | |
| MASTERS, ROBERT | | 5604 IVY CT | | | | KOKOMO | IN | 46902 | |
| MASTERSON CHADWICK | | 3039 CO RD 136 | | | | TOWN CREEK | AL | 35672 | |
| MASTERSON CHARLES | | 3003 COUNTY RD 136 | | | | TOWN CREEK | AL | 35672 | |
| MASTERSON CHARLES | | 6060 SIPES | | | | FLINT | MI | 48532 | |
| MASTERSON CHARLES E | | 6060 SIPES LN | | | | FLINT | MI | 48532-5319 | |
| MASTERSON LEWIS | | 2063 CO RD 129 | | | | RUSSELLVILLE | AL | 35654 | |
| MASTERSON RODNEY L | | 223 N 20TH | | | | COLLINSVILLE | OK | 74021 | |
| MASTERSON ROGER | | 3390 COUNTY RD 136 | | | | TOWN CREEK | AL | 35672 | |
| MASTERSON RONNIE | | PO BOX 176 | | | | COURTLAND | AL | 35618 | |
| MASTERYWORKS INC | | 6724 OLD MCLEAN VILLAGE DR | STE B3 | | | MCLEAN | VA | 22101 | |
| MASTERYWORKS INC | | 6724 OLD MCLEAN VILL DR STE B3 | | | | MCLEAN | VA | 22101 | |
| MASTEX INDUSTRIES INC | | 2 3 BIGELOW ST | | | | HOLYOKE | MA | 010411160 | |
| MASTEX INDUSTRIES INC | | 2 BIGELOW ST | | | | HOLYOKE | MA | 01040 | |
| MASTEX INDUSTRIES INC | | 2 BIGELOW ST | | | | HOLYOKE | MA | 1040 | |
| MASTEX INDUSTRIES INC | | PO BOX 1160 | | | | HOLYOKE | MA | 01041-1160 | |
| MASTEX INDUSTRIES INC | ATTN JEFFREY STREAM TREASURER | PO BOX 1160 | | | | HOLYOKE | MA | 01041 | |
| MASTIN MINNIE E | | 3510 BROWNELL | | | | FLINT | MI | 48504-3716 | |
| MASTIN RONNIE | | 4017 BROWNELL BLVD | | | | FLINT | MI | 48504 | |
| MASTRO NOREEN | | 4339 CANAL RD | | | | SPENCERPORT | NY | 14559 | |
| MASTRO, NOREEN L | | 4339 CANAL RD | | | | SPENCERPORT | NY | 14559 | |
| MASTRODONATO FRANK | | 77 MAIDA DR | | | | SPENCERPORT | NY | 14559 | |
| MASTRODONATO, FRANK | | 1553 MANITOU RD | | | | ROCHESTER | NY | 14626 | |
| MASTRODONATO, LINDA | | 40 ANN MARIE DR | | | | ROCHESTER | NY | 14606 | |
| MASTROENI GENO | | 5734 MASTROENI TR | | | | GRAYLING | MI | 49738 | |
| MASTROLONARDO ANTHONY | | 39 HOMES PK AVE | | | | ISELIN | NJ | 08830 | |
| MASTROMARCO & JAHN PC | | 1024 N MICHIGAN | | | | SAGINAW | MI | 48605 | |
| MASTROMARCO & JAHN PC | | CHG PER W9 3 15 04 CP | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48605 | |
| MASTROMARCO & JAHN PC | VICTOR J MASTROMARC JR | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602-4325 | |
| MASTROMARCO & JAHN PC | VICTOR J MASTROMARCO JR | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602-4325 | |
| MASTROMARCO AND JAHN PC | | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602 | |
| MASTROMARCO AND JAHN PC | | 1024 N MICHIGAN | | | | SAGINAW | MI | 48605 | |
| MASTROVITO, MICHAEL | | 13900 CLEAR CREEK | | | | LOWELL | MI | 49331 | |
| MASUDA FUNAI EIFERT & MITCHELL LTD | GARY VIST | 203 N LASALLE ST STE 2500 | | | | CHICAGO | IL | 60601-1262 | |
| MASUR TRUCKING INC | | 2821 CREXCENTVILLE RD | | | | WEST CHESTER | OH | 45069-3859 | |
| MASWERKS | | 835 RICHMOND RD | | | | PAINESVILLE | OH | 44077 | |
| MATA DALE | | 354 HORSESHOE CT | | | | GRAND BLANC | MI | 48439 | |
| MATA KARINA | | 2233 HAZELNUT LN | | | | KOKOMO | IN | 46902 | |
| MATA SONJA | | 1020 PHILLIPS AVE | | | | DAYTON | OH | 45410 | |
| MATA STEPHEN | | 7144 RICHFIELD RD | | | | DAVISON | MI | 48423 | |
| MATANDY STEEL & METAL PRODUCTS | | 1200 CENTRAL AVE | | | | HAMILTON | OH | 45011 | |
| MATANDY STEEL & METAL PRODUCTS | | LLC | PO BOX 1186 | | | HAMILTON | OH | 45012 | |
| MATANDY STEEL AND METAL PRODUCTS LLC | | PO BOX 1186 | | | | HAMILTON | OH | 45012 | |
| MATARAZZO EDWARD | | 137 LEGION CIR | | | | ROCHESTER | NY | 14616-3111 | |
| MATAS CAROL J | | 4527 NUTWOOD AVE NW | | | | WARREN | OH | 44483-1616 | |
| MATAS PATRICIA | | 2380 ROBINWOOD BLVD | | | | NEWTON FALLS | OH | 44444 | |
| MATASIC JAMES | | 1056 NORTH OAKLAND BLVD | APT 1 | | | WATERFORD | MI | 48327 | |
| MATC | | 700 W STATE ST | | | | MILWAUKEE | WI | 53233 | |
| MATC | | MILWAUKEE AREA TECHNICAL | COLLEGE | 700 W STATE ST | | MILWAUKEE | WI | 53233 | |
| MATCHETTE, REGINA | | 116 MADISON ST | | | | CAMPBELL | OH | 44405 | |
| MATCO | | 2775 N.32ND. ST | | | | MILWAUKEE | WI | 53210 | |
| MATCO ASSOCIATES INC | JERRY KRACHT | 4640 CAMPBELLS RUN RD | | | | PITTSBURGH | PA | 15205 | |
| MATCO ASSOCIATES INC | | 4640 CAMPBELLS RUN RD | | | | PITTSBURGH | PA | 15205-134 | |
| MATCO DISTRIBUTORS INC | | CART MART | 2775 N 32ND ST | | | MILWAUKEE | WI | 53210-2507 | |
| MATCO DISTRIBUTORS INC | | PO BOX 100020 | | | | MILWAUKEE | WI | 53210-0020 | |
| MATCO TOOLS | ACCTS PAYABLE DEPT | PO BOX 1429 | | | | STOW | OH | 44224-1429 | |
| MATCO TOOLS VENDOR RETURNS A C RECEIVABLE | | FREEPORT CTR BLDG A13 | | | | CLEARFIELD | UT | 84016 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| OCCUPATIONAL HEALTH PHYSICIAN OF NEW YORK | | DBA OCCUPATIONAL HEALTH CONNEC | PO BOX 32056 | | | HARTFORD | CT | 06150-2056 | |
| OCCUPATIONAL HEALTH REHABILITA | | OCCUPATIONAL HEALTH CONNECTION | 687 LEE RD STE 208 | | | ROCHESTER | NY | 14606 | |
| OCCUPATIONAL HEALTH SOLUTIONS | | 301 CUSHING PK RD | | | | DELAFIELD | WI | 53018 | |
| OCCUPATIONAL HEALTH SOLUTIONS | | PO BOX 311 | | | | DELAFIELD | WI | 53018 | |
| OCCUPATIONAL MARKETING INC | | 1235 N LOOP W | STE 217 | | | HOUSTON | TX | 77008-4701 | |
| OCCUPATIONAL MARKETING INC | | 1235 NORTHLOOP WEST | STE 217 | | | HOUSTON | TX | 77008 | |
| OCCUPATIONAL SAFETY & HEALTH | | ADMINISTRATION | CINCINNATI AREA OFFICE | 36 TRIANGLE PK DR | | CINCINNATI | OH | 45246 | |
| OCCUPATIONAL SAFETY & HEALTH | | ADMINISTRATION LABOR | US DEPT OF LABOR OSHA | 450 MALL BLVD STE S | | SAVANNAH | GA | 31406-4864 | |
| OCCUPATIONAL SAFETY & HEALTH | | ADMIN LABOR | 450 MALL BLVD STE S | | | SAVANNAH | GA | 31406-4864 | |
| OCCUPATIONAL SAFETY & HEALTH A | | OCCUPATIONAL HEALTH GROUP | 1963 MEMORIAL PKY 24 | | | HUNTSVILLE | AL | 35801 | |
| OCCUPATIONAL SAFETY AND HEALTH ADMIN LABOR | | 450 MALL BLVD STE S | | | | SAVANNAH | GA | 31406-4864 | |
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION | | CINCINNATI AREA OFFICE | 36 TRIANGLE PK DR | | | CINCINNATI | OH | 45246 | |
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION LABOR | | US DEPT OF LABOR OSHA | 450 MALL BLVD STE S | | | SAVANNAH | GA | 31406-4864 | |
| OCE | | 12379 COLLECTIONS CTR DR | | | | CHICAGO | IL | 60693 | |
| OCE | | FMLY OCE BRUNING INC | 5450 N CUMBERLAND AVE | CHG PER LTR 3 31 03 AT | | CHICAGO | IL | 60656 | |
| OCE BRUNING | | PO BOX 92601 | | | | CHICAGO | IL | 60675-2601 | |
| OCE BRUNING INC | | 1800 BRUNING DR W | | | | ITASCA | IL | 60143 | |
| OCE BRUNING INC | | 3699 CORPORATE DR | | | | COLUMBUS | OH | 43231 | |
| OCE BRUNING INC | | AM BRUNING DIV | 7172 ZIONSVILLE RD | | | INDIANAPOLIS | IN | 46268 | |
| OCE BRUNING INC | | AN BRUNING | 2100 NORCROSS HWY STE 130 | | | NORCROSS | GA | 30071 | |
| OCE BRUNING INC | | BRUNING DIV | 2525 E ROYALTON RD | | | CLEVELAND | OH | 44147 | |
| OCE BRUNING INC | | FMLY OCE BRUNING INC | 5450 N CUMBERLAND AVE | CHG PER LTR 3 31 03 AT | | CHICAGO | IL | 60656 | |
| OCE BRUNNING INC | | OCE USA | 1800 BRUNNING DR W | | | ITASCA | IL | 60143 | |
| OCE COPIERS UK LTD | | STYAL RD WYTHENSHAWE | INTERNATIONAL OFFICE CENTRE | | | MANCHESTER GM | | M225WL | UNITED KINGDOM |
| OCE FINANCIAL SERVICES INC | | 5600 BROKEN SOUND BLVD | | | | BOCA RATON | FL | 33487 | |
| OCE FINANCIAL SERVICES INC | | DEPARTMENT AT 40302 | | | | ATLANTA | GA | 31192-0302 | |
| OCE FINANCIAL SERVICES INC OCE NORTH AMERICA INC | | 5600 BROKEN SOUND BLVD | | | | BOCA RATON | FL | 33487 | |
| OCE NORTH AMERICA | | 12379 COLLECTIONS CTR DR | | | | CHICAGO | IL | 60693 | |
| OCE NORTH AMERICA EFT | | FMLY OCE USA INC | 5450 N CUMBERLAND AVE | CHG PER LTR 3 31 03 AT | | CHICAGO | IL | 60656 | |
| OCE NORTH AMERICA INC | | 12379 COLLECTION CTR DR | | | | CHICAGO | IL | 60693-0123 | |
| OCE NORTH AMERICA INC | | 5450 N CUMBERLAND AVE | | | | CHICAGO | IL | 60656-1469 | |
| OCE NORTH AMERICA INC | ATTN LEGAL DEPT | 5600 BROKEN SOUND BLVD | | | | BOCA RATON | FL | 33487 | |
| OCE NORTH AMERICA, INC | | 100 OAKVIEW DR | | | | TRUMBULL | CT | 06611 | |
| OCE NORTH AMERICA, INC | | 1346 RANKIN DR | | | | TROY | MI | 48083-2826 | |
| OCE NORTH AMERICA, INC | | 750 STEPHENSON HWY STE 100 | | | | TROY | MI | 48083 | |
| OCE NV | | SINT URBANUSWEG 43 | | | | VENLO | NL | 5914 CA | NL |
| OCE OFFICE SYSTEMS INC | | 5215 N OCONNOR BLVD STE 600 | | | | IRVING | TX | 75039 | |
| OCE OFFICE SYSTEMS INC | | OCE BRUNING | 1800 BRUNING DR W | | | ITASCA | IL | 60143 | |
| OCE USA INC | | 38695 7 MILE RD STE 100 | | | | LIVONIA | MI | 48152 | |
| OCE USA INC | | 38695 7 MILE RD STE 210 | | | | LIVONIA | MI | 48152-7097 | |
| OCE USA INC | | 5450 N CUMBERLAND AVE | | | | CHICAGO | IL | 60656 | |
| OCE USA INC | | 5450 NORTH CUMBERLAND AVE | | | | CHICAGO | IL | 60656 | |
| OCE USA INC | | OCE BRUNING DIV | 2 PK PLAZA | PO BOX 200 | | IRVINE | CA | 92714 | |
| OCE USA INC | | OCE BRUNING | PENN CTR W BLDG 3 STE 211 | | | PITTSBURGH | PA | 15202 | |
| OCE USA INC | | OCE ENGINEERING | 8335 MELROSE | | | SHAWNEE MISSION | KS | 66214 | |
| OCE USA INC | | OCE ENGINEERING SYSTEMS | 33 BARBER CT STE 109 | | | BIRMINGHAM | AL | 35209-6435 | |
| OCE USA INC | | OCE ENGINEERING SYSTEMS DIV | 280 N HIGH ST STE 1000 | | | COLUMBUS | OH | 43215-2413 | |
| OCE USA INC | OCE ENGINEERING | 5450 NORTH CUMBERLAND | | | | CHICAGO | IL | 60656 | |
| OCE USA INC OCE BRUNING DIV | | 2 PK PLAZA | | | | IRVINE | CA | 92714 | |
| OCE VAN DER GRITEN NV | | OCE BRUNING | 385 LONG HILL RD | | | GUILFORD | CT | 06437 | |
| OCEAN AIR TRANSPORTATION INC | | 135 AMERICAN LEGION HWY | | | | REVERE | MA | 02151 | |
| OCEAN COUNTY COLLEGE | | PO BOX 2001 | | | | TOMS RIVER | NJ | 087542001 | |
| OCEAN COUNTY PROBATION DEPT | | ACCT OF LEONARD A KUMINSKI | CASE CS60942656A | 119 HOOPER AVE CN 2011 | | TOMS RIVER | NJ | 10934-4246 | |
| OCEAN COUNTY PROBATION DEPT ACCT OF LEONARD A KUMINSKI | | CASE CS60942656A | 119 HOOPER AVE CN 2011 | | | TOMS RIVER | NJ | 08754-2011 | |
| OCEAN OPTICS INC | | 380 MAIN ST | | | | DUNEDIN | FL | 34698 | |
| OCEAN OPTICS INC | | PO BOX 2249 | | | | DUNEDIN | FL | 34697-2249 | |
| OCEAN REEF CLUB | ERIN ADAIR | CONFERENCE SALES | 35 OCEAN REEF DR | | | KEY LARGO | FL | 33037 | |
| OCEANA PUBLICATIONS INC | | 75 MAIN ST | | | | DOBBS FERRY | NY | 10522 | |
| OCEANEERING THERMAL SYSTEM | | 16665 SPACE CTR BLVD | | | | HOUSTON | TX | 77058 | |
| OCESTOLO STEVEN | | 161 GENESEE ST APT 3 | | | | LOCKPORT | NY | 14094 | |
| OCHOA ANTONIO | | 3771 FLEETWOOD DR | | | | PORTAGE | MI | 49024-5520 | |
| OCHOA LEIGH | | 3390 W WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOA LUIS | | 3390 WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOA RICHARD | | 6271 FOX GLEN 358 | | | | SAGINAW | MI | 48603 | |
| OCHOA, LEIGH A | | 3390 W WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOA, LUIS A | | 3390 WILLARD RD | | | | BIRCH RUN | MI | 48415 | |
| OCHOLIK SCOTT | | 17400 BUNKER HILL | | | | MACOMB TOWNSHIP | MI | 48044 | |
| OCHS HARRY J | | 2716 ALEXANDRIA PIKE | | | | ANDERSON | IN | 46012-9653 | |
| OCHS INDUSTRIES INC | | 849 SCHOLZ DR | | | | VANDALIA | OH | 45377-3121 | |
| OCHS KENDRA | | 3200 COUNTY RD 254 | | | | VICKERY | OH | 43464 | |
| OCILLA CIVIC CLUB | | PO BOX 203 | | | | OCILLA | GA | 31774 | |
| OCKENFELS ANDREA | | 2292 YOUNGSTOWN KINGSVILLE | | | | VIENNA | OH | 44473 | |
| OCKER KEITH | | 10474 BEERS RD | | | | SWARTZ CREEK | MI | 48479 | |
| OCKER KEITH   EFT | | 10474 BEERS ST | | | | SWARTZ CREEK | MI | 48473 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| PALMER ANGELO | | 47 PALFREY LN | | | | WILLINGBORO | NJ | 08046 | |
| PALMER ANTHONY | | PO BOX 490615 | | | | WEST CARROLLTON | OH | 45449 | |
| PALMER BENNETT E | | 630 DEVILS LAKE HWY | | | | MANITOU BEACH | MI | 49253-9660 | |
| PALMER BUILDING SYSTEMS CORF | | 16582 GOTHARD ST STE | | | | HUNTINGTON BEACH | CA | 92647 | |
| PALMER CHARLES | | 4732 BOKAY DR | | | | KETTERING | OH | 45440 | |
| PALMER CHELSEA | | 207 LARADO DR | | | | CLINTON | MS | 39056 | |
| PALMER CHESTER | | 4572 HOWELL FARMS RD | | | | ACWORTH | GA | 30101 | |
| PALMER CINDIE L | DAVID CARBAJAL JOHN J DANIELESKI | ONEILL WALLACE & DOYLE PC | PO BOX 1966 | | | SAGINAW | MI | 48605-1966 | |
| PALMER CINDIE L | VICTOR J MASTROMARCO JR ESQ | CADY MASTROMARCO & JAHN PC | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48602-4325 | |
| PALMER CINDIE L ESTATE OF MICHAEL W PALMER | C/O MASTROMARCO & JAHN PC | VICTOR J MASTROMARCO JR P34564 | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48602-4325 | |
| PALMER CLINTON M | | 3912 LEWISTON RD | | | | NIAGARA FALLS | NY | 14305-1530 | |
| PALMER CO INC | | LAVO CHEMICAL DIV | | | | WAUKESHA | WI | 53186 | |
| PALMER COMPANY INC | | LAVO CHEMICAL DIV | 1201 SENTRY DR | | | WAUKESHA | WI | 53186-596 | |
| PALMER CONNIE | | 6837 NE CUBITIS AVE NO 605 | 1201 SENTRY DR | | | ARCADIA | FL | 34266-5675 | |
| PALMER CORA L | | 318 WILSON AVE | | | | MT MORRIS | MI | 48458-1444 | |
| PALMER CORTNEY | | 6310 W FARRAND RD | | | | CLIO | MI | 48420 | |
| PALMER DALE | | 6321 E PIERSON RD | | | | FLINT | MI | 48506-2255 | |
| PALMER DANIEL | | 9034 SUMMIT VIEW CT | | | | SPRINGBORO | OH | 45066 | |
| PALMER DANIEL O | | 6738 VISTA DEL LAGO AVE | | | | LAND O LAKES | FL | 34639-3293 | |
| PALMER DAVID | | 8614 GATEWOOD DR | | | | HOWARD CITY | MI | 49329 | |
| PALMER DEBORAH | | PO BOX 2422 | | | | TRENTON | NJ | 08607 | |
| PALMER DENNIS | | 527 COVENTRY WAY | | | | NOBLESVILLE | IN | 46060 | |
| PALMER DIANNA | | 650 REX BLVD NW | | | | WARREN | OH | 44483 | |
| PALMER DORA | | 1316 ANTHONY CT | | | | ADRIAN | MI | 49221 | |
| PALMER DWIGHT O | | 1218 CARRIAGE DR | | | | AIKEN | SC | 29803-5561 | |
| PALMER ENGINEERING INC | | 3525 CAPITAL CITY BLVD | | | | LANSING | MI | 48901 | |
| PALMER ENGINEERING INC | | 3525 CAPITAL CITY BLVD | | | | LANSING | MI | 48906-2101 | |
| PALMER ENGINEERING INC EFT | | PO BOX 12030 | | | | LANSING | MI | 48901 | |
| PALMER FREDERICK K | | 15405 CORUNNA RD | | | | CHESANING | MI | 48616-9494 | |
| PALMER GREGORY | | 8335 HYANNIS PORT DR 1B | | | | CENTERVILLE | OH | 45458 | |
| PALMER HARRY L | | 1894 MORGANTON DR | | | | HENDERSON | NV | 89052-6957 | |
| PALMER HOLLAND INC | | 24950 COUNTRY CLUB BLVD | | | | NORTH OLMSTED | OH | 44070-5342 | |
| PALMER HOLLAND INC | | 25000 COUNTRY CLUB BLVD | | | | NORTH OLMSTED | OH | 44070 | |
| PALMER HOLLAND INC | | 25000 COUNTRY CLUB BLVD | STE 400 | | | NORTH OLMSTED | OH | 44070-533 | |
| PALMER HOLLAND INC | | PO BOX 951883 | | | | CLEVELAND | OH | 44193 | |
| PALMER III GEORGE | | 3266 BEAGLE BLVD | | | | COLUMBUS | OH | 43232 | |
| PALMER INTERNATIONAL INC | | 2036 LUCON RD | | | | SKIPPACK | PA | 19474 | |
| PALMER INTERNATIONAL INC | | 2036 LUCON RD | | | | SKIPPACK | PA | 19494 | |
| PALMER INTERNATIONAL INC | | 2036 LUCON RD | | | | VALLEY FORGE | PA | 19494 | |
| PALMER INTERNATIONAL INC EFT | | PO BOX 315 | | | | SKIPPACK | PA | 19474 | |
| PALMER JAMES | | 2033 S HADLEY RD | | | | SPRINGFIELD | OH | 45505 | |
| PALMER JAMES | | 2861 LANSING DR | | | | DAYTON | OH | 45420-1717 | |
| PALMER JAMIE | | 62 MUSTANG TRL | | | | SOMERSET | NJ | 08873-5346 | |
| PALMER JEANNE Y | | 5316 BARRETT RD | | | | SANDUSKY | OH | 44870-1565 | |
| PALMER JERRY J | | PO BOX 25 | | | | NORTH BEND | OH | 45052-0025 | |
| PALMER JIN | | 2667 LACOTA DR | | | | WATERFORD | MI | 48328 | |
| PALMER JOHN | | 2140 GARDENLAND AVE | | | | NILES | OH | 44446-4522 | |
| PALMER JOSHUA | | 3175 PINEHILL PL | | | | FLUSHING | MI | 48433 | |
| PALMER JR KEITH | | 3475 CHURCH ST | | | | SAGINAW | MI | 48604 | |
| PALMER KATHLEEN | | 1517 SHAFTESBURY RD | | | | DAYTON | OH | 45406 | |
| PALMER KERN | | 121 N HARRISON AVE | | | | LAFAYETTE | CO | 80026 | |
| PALMER KEVIN | | 1960 PALISADES | | | | DAYTON | OH | 45414 | |
| PALMER KIM | | 6901 RIDGE RD | | | | LOCKPORT | NY | 14094 | |
| PALMER KIM | | 6901 RIDGE RD | | | | LOCKPORT | NY | 14094-9436 | |
| PALMER LEASING GROUP | | 7740 CTR POINT 70 BLVD | | | | DAYTON | OH | 45424 | |
| PALMER MARSHA D | | 800 MACMILLAN DR | | | | TROTWOOD | OH | 45426-2747 | |
| PALMER MICHAEL | | PO BOX 49723 | | | | DAYTON | OH | 45449 | |
| PALMER MICHAEL A | | 1973 HOME PATH CT | | | | CENTERVILLE | OH | 45459-6971 | |
| PALMER MOVING & STORAGE | | 24660 DEQUINDRE RD | RMT ADD CHG 11 00 TBK | | | WARREN | MI | 48091-3332 | |
| PALMER MOVING & STORAGE | | 24660 DEQUINDRE RD | | | | WARREN | MI | 48091-3332 | |
| PALMER MOVING & STORAGE | | 24660 DEQUINDRE | | | | WARREN | MI | 48091 | |
| PALMER MOVING & STORAGE CO | | 21000 TROLLEY DR | | | | TAYLOR | MI | 48180 | |
| PALMER MOVING & STORAGE CO | | 31751 ENTERPRISE DR | | | | LIVONIA | MI | 48151 | |
| PALMER NATHAN | | 1612 SOUTH AVE | | | | NIAGARA FALLS | NY | 14305 | |
| PALMER NICOLE | | 224 STEVENS ST | | | | NO BRUNSWICK | NJ | 08902 | |
| PALMER NORMAN | | 6930 NORTHVIEW DR | | | | LOCKPORT | NY | 14094 | |
| PALMER ODELIA M | | 316 FOX RD | | | | SANDUSKY | OH | 44870-9706 | |
| PALMER PATRICIA | | 7547 FAIRVIEW DR | | | | LOCKPORT | NY | 14094-1609 | |
| PALMER PAULINE | | 620 W WESTCHESTER PKWY APT 720 | | | | GRAND PRAIRIE | TX | 75052-3287 | |
| PALMER PLASTICS INC | | GOSHEN RUBBER THERMOPLASTICS D | 85 HARRISBURG AVE | | | ENGLEWOOD | OH | 45322-283 | |
| PALMER PLUMBING HTG & A C COINC | | PO BOX 27068 | | | | TULSA | OK | 74149-0068 | |
| PALMER RALPH | | 7555 22ND AVE | | | | JENISON | MI | 49428-7759 | |
| PALMER RANDY | | 1573 S 700 E | | | | ELWOOD | IN | 46036 | |
| PALMER RICHARD | | 73 WESTOVER DR | | | | WEBSTER | NY | 14580-3809 | |
| PALMER RICHARD | | PO BOX 1681 | | | | MIAMISBURG | OH | 45343 | |
| PALMER ROSCHELLE | | 3731 LAKEBEND DR APT A1 | | | | DAYTON | OH | 45404-2938 | |
| PALMER SHANE | | 1237 GUNTLE RD | | | | NEW LEBANON | OH | 45345 | |
| PALMER SHAUN | | 11345 W CLEMENTS CIRCLE | | | | LIVONIA | MI | 48150 | |
| PALMER SUPPLY COMPANY | | PO BOX 50306 | | | | TULSA | OK | 74150 | |
| PALMER SUZANNE | | 5489 WARNER RD | | | | KINSMAN | OH | 44428 | |
| PALMER THERESE | | 5228 ALVA NW | | | | WARREN | OH | 44483 | |
| PALMER THOMAS | | 1719 MAPLEWOOD STNE | | | | WARREN | OH | 44483 | |
| PALMER TODD | | 2164 OAK TREE DR | | | | KETTERING | OH | 45440 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| ROBERT A BROTHERS | | ACCT OF KENNETH L MILLER | CASE IP93-00265-RWV-13 | 151 N DELAWARE ST 1940 | | INDIANAPOLIS | IN | 30348-7805 | |
| ROBERT A BROTHERS ACCT OF KENNETH L MILLER | | CASE IP93 00265 RWV 13 | 151 N DELAWARE ST 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS CH13 TRUSTEE | | ACCOUNT OF ALLEN A HICKS JR | CASE IP89-9232 | 151 N DELAWARE ST 1940 | | INDIANAPOLIS | IN | 24488-8712 | |
| ROBERT A BROTHERS CH13 TRUSTEE ACCOUNT OF ALLEN A HICKS JR | | CASE IP89 9232 | 151 N DELAWARE ST 1940 | | | INDIANAPOLIS | IN | 46204-2505 | |
| ROBERT A BROTHERS CHP 13 TRUSTEE | | PO BOX 2405 | | | | MEMPHIS | TN | 38101 | |
| ROBERT A BROTHERS TRUSTEE | | 151 N DELAWARE ST STE 1940 | | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE | | ACCOUNT OF DAVID E WHITE | CASE 90-08828 RLB-13 | 151 N DELAWARE ST 1940 | | INDIANAPOLIS | IN | 29266-9159 | |
| ROBERT A BROTHERS TRUSTEE | | ACCOUNT OF JAMES E ADAMS | CASE IP 89-3500 WP J | 151 N DELAWARE ST 1940 | | INDIANAPOLIS | IN | 30878-5417 | |
| ROBERT A BROTHERS TRUSTEE | | ACCOUNT OF WILLIAM MANSFIELD | CASE 90-9847 RLB-13 | 151 N DELAWARE ST 1940 | | INDIANAPOLIS | IN | 31356-6300 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF DAVID B KYLE | CASE 91-7030-RLB-13 | 151 N DELAWARE ST STE 1940 | | INDIANAPOLIS | IN | 31350-2528 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF DOROTHY THOMPSON | CASE 92-1256 FJO-13 | 151 N DELAWARE STE 1940 | | INDIANAPOLIS | IN | 31656-3995 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF ELLISE DIXON | CASE 90-10358-RLB-13 | 151 N DELAWARE ST 1940 | | INDIANAPOLIS | IN | 30754-2183 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF ERIQ S BRYE | CASE 94-00780-RWV-13 | 151 N DELAWARE ST STE 1940 | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF FRANCES E BOYD | CASE 92-4934-RLB-13 | 151 NORTH DELAWARE STE 1940 | | INDIANAPOLIS | IN | 30642-0345 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF GERALD D FETHERSON | CASE 93-02069-RWV-13 | 151 N DELAWAREST STE 1940 | | INDIANAPOLIS | IN | 24286-4786 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF PAMELA JO YOUNGBLOOD | CAUSE 91-2136-FJO-13 | 151 N DELAWARE STE 1940 | | INDIANAPOLIS | IN | 31350-3739 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF ROBERT JW CRAWFORD | CASE 93-4288-RWV-13 | 151 N DELAWARE STE 1940 | | INDIANAPOLIS | IN | 043609650 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF SANDRA JACKSON | CASE 93-08129 | 151 N DELAWARE 1940 | | INDIANAPOLIS | IN | 30652-0051 | |
| ROBERT A BROTHERS TRUSTEE | | ACCT OF TREVOR L MURRAY | CASE 94-3100 | 151 N DELAWARE 1940 | | INDIANAPOLIS | IN | 30988-6909 | |
| ROBERT A BROTHERS TRUSTEE ACCOUNT OF DAVID E WHITE | | CASE 90 08828 RLB 13 | 151 N DELAWARE ST 1940 | | | INDIANAPOLIS | IN | 46204-2505 | |
| ROBERT A BROTHERS TRUSTEE ACCOUNT OF JAMES E ADAMS | | CASE IP 89 3500 WP J | 151 N DELAWARE ST 1940 | | | INDIANAPOLIS | IN | 46204-2505 | |
| ROBERT A BROTHERS TRUSTEE ACCOUNT OF WILLIAM MANSFIELD | | CASE 90 9847 RLB 13 | 151 N DELAWARE ST 1940 | | | INDIANAPOLIS | IN | 46204-2505 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF DAVID B KYLE | | CASE 91 7030 RLB 13 | 151 N DELAWARE ST STE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF DOROTHY THOMPSON | | CASE 92 1256 FJO 13 | 151 N DELAWARE STE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF ELLISE DIXON | | CASE 90 10358 RLB 13 | 151 N DELAWARE STE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF FRANCES E BOYD | | CASE 92 4934 RLB 13 | 151 NORTH DELAWARE STE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF GERALD D FETHERSON | | CASE 93 02069 RWV 13 | 151 N DELAWAREST STE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF PAMELA JO YOUNGBLOOD | | CAUSE 91 2136 FJO 13 | 151 N DELAWARE ST STE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF ROBERT JW CRAWFORD | | CASE 93 4288 RWV 13 | 151 N DELAWARE ST STE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF SANDRA JACKSON | | CASE 93 08129 | 151 N DELAWARE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A BROTHERS TRUSTEE ACCT OF TREVOR L MURRAY | | CASE 94 3100 | 151 N DELAWARE 1940 | | | INDIANAPOLIS | IN | 46204 | |
| ROBERT A DAVIDOFF | | 133 W CEDAR | | | | KALAMAZOO | MI | 49007 | |
| ROBERT A DENTON INC | ATTN ANN CIRNER | 2967 WATERVIEW DR | | | | ROCHESTER HILLS | MI | 48309 | |
| ROBERT A DENTON INC  EFT | | PO BOX 712287 | | | | CINCINNATI | OH | 45271-2287 | |
| ROBERT A DENTON INC EFT | | ADDR 10 05 04 CS | 2967 WATERVIEW DR | | | ROCHESTER HILLS | MI | 48309 | |
| ROBERT A FOLEN | | 714 BEACH ST | | | | FLINT | MI | 48502 | |
| ROBERT A KEASBEY COMPANY | C/O LAFBBATE BALKAN COLAVITA & CONTINI LLP | ANNA DILONARDO ESQ | 1001 FRANKLIN AVE RM 300 | | | GARDEN CITY | NY | 11530-2901 | |
| ROBERT A KELLY | | 8493 SHORESIDE LN | | | | HELENA | AL | 35022 | |
| ROBERT A LEAYM | | 1100 S MILLER RD | | | | SAGINAW | MI | 48609-9585 | |
| ROBERT A MYERS | | 8647 US ROUTE 127 N | | | | WEST MANCHESTER | OH | 45382 | |
| ROBERT A NOVAK | | ONE TOWNE SQ STE 1913 | | | | SOUTHFIELD | MI | 48076 | |
| ROBERT A PAJAK PATENT SERVICES | | 14234 NAPLES ST NE | | | | MINNEAPOLIS | MN | 55304 | |
| ROBERT A POLLICE | | 44670 ANN ARBOR RD STE 140 | | | | PLYMOUTH | MI | 48170 | |
| ROBERT A RAAB | | 2924 ABBOTT RD | | | | MIDLAND | MI | 48642 | |
| ROBERT A SNEED & ASSOCIATES PC | | PO DRAWER 719 | | | | LITHONIA | GA | 30058 | |
| ROBERT A SNEED AND ASSOCIATES PC | | PO DRAWER 719 | | | | LITHONIA | GA | 30058 | |
| ROBERT A SOLTIS | | ACCT OF KAREN HINTON | CASE 92-6420-GC-D | 2700 OLD CENTRE | | PORTAGE | MI | 37258-1742 | |
| ROBERT A SOLTIS ACCT OF KAREN HINTON | | CASE 92 6420 GC D | 2700 OLD CENTRE | | | PORTAGE | MI | 49002 | |
| ROBERT ALLEN TASIOR | | 3290 DIXIE CT | | | | SAGINAW | MI | 48601 | |
| ROBERT B DRUAR | | 16 CRESCENT AVE | | | | BUFFALO | NY | 14214 | |
| ROBERT B SABO | | 20311 M 60 | | | | THREE RIVERS | MI | 49093 | |
| ROBERT BACKIE | VICTOR J MASTROMARCO JR P34564 | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602 | |
| ROBERT BARLOW | | PO BOX 180 | | | | FRDRCKSBRG | VA | 22404 | |
| ROBERT BEARDEN INC | | PO BOX 870 | | | | CAIRO | GA | 39828-0870 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| ROBERT J PHILLIPS | | | | | | | | 37744-4855 | |
| ROBERT J SPAGNOLETTI | | OFFICE OF THE ATNY GEN | 441 4TH ST NW | | | WASHINGTON | DC | 20001 | |
| ROBERT J THOMAS | | 3082 SHATTUCK ARMS NO 11 | | | | SAGINAW | MI | 48603 | |
| ROBERT J THOMASON | | 25736 CLOIE DR | | | | WARREN | MI | 48089 | |
| ROBERT J TIDSWELL | | 2045 DIXIE HWY | | | | WATERFORD | MI | 48328 | |
| ROBERT JAMES MACHINE COMPANY | | 928 ANDERSON RD | | | | LITCHFIELD | MI | 49252-0476 | |
| ROBERT JAMES MACHINE COMPANY | | PO BOX 476 | | | | LITCHFIELD | MI | 49252-0476 | |
| ROBERT JAMES SALES INC | | 2585 WALDEN AVE | | | | BUFFALO | NY | 14225 | |
| ROBERT JAMES SALES INC | | PO BOX 7999 | | | | BUFFALO | NY | 14225-7999 | |
| ROBERT JOSEPH JAEGGI | | 1665 LONGBOW LN APT A | | | | WEST CARROLLTON | OH | 45449 | |
| ROBERT KARST GMBH & COKG | | GNEISENAUSTRASSE 27 | PO BOX H 610460 | | | BERLIN | | 10961 | GERMANY |
| ROBERT KARST GMBH AND CO KG | | GNEISENAUSTRASSE 27 | | | | BERLIN | | 10961 | GERMANY |
| ROBERT KELLER | | PO BOX 456 | | | | CALEDONIA | MI | 49316 | |
| ROBERT KELLER | | PO BOX 8042 | | | | KENTWOOD | MI | 49518 | |
| ROBERT KERNS | | 2800 SEXTON | | | | NORMAN | OK | 73071 | |
| ROBERT L BACKIE | VICTOR J MASTROMARCO JR ESQ | 1024 N MICHIGAN AVE | | | | SAGINAW | MI | 48602 | |
| ROBERT L BARTLETT | | 1464 N M 51 APT 38 | | | | OWOSSO | MI | 48867 | |
| ROBERT L BEARDSLEE | | 950 S OLD WOODWARD 210 | | | | BIRMINGHAM | MI | 48009 | |
| ROBERT L GODENBOGEN PC | | 511 FORT ST. | STE 505 | | | PORT HURON | MI | 48060 | |
| ROBERT L JOHNSON | | 1800 N STANTON ST NO 304 | | | | EL PASO | TX | 79902 | |
| ROBERT L JONES | | 3225 FOREST HILL AVE | | | | FLINT | MI | 48504 | |
| ROBERT L KISTLER SERVICE CORP | | 300 BUELL RD | | | | ROCHESTER | NY | 14624 | |
| ROBERT L MCNABB | | 7092 GLEN OAK DR | | | | GRAND BLANC | MI | 48439 | |
| ROBERT L MORRIS & ASSOCIATES | | PC ADD CHG 2 98 | 6059 S QUEBEC ST STE 630 | NEED W9 | | ENGLEWOOD | CO | 80111 | |
| ROBERT L RANSBURG JR | | 9908 E 84TH ST | | | | RAYTOWN | MO | 64138 | |
| ROBERT L RICE | | 1 LIBBY COURT | | | | FRANKLIN | OH | 45005 | |
| ROBERT L SCHWARB | | 233 S GRATIOT | | | | MT CLEMENS | MI | 48043 | |
| ROBERT L SWARTWOOD | | 11190 N LINDEN RD | | | | CLIO | MI | 48420-8504 | |
| ROBERT L WILSON | | 2703 SHADOW LAKE DR | | | | LAKE ORION | MI | 48360 | |
| ROBERT LANE ENTERPRISES | | 1306 N JEFFERSON ST | | | | ALBANY | GA | 31701-2059 | |
| ROBERT LEE LYON | | 2384 WILLOW VIEW DR | | | | INDIANAPOLIS | IN | 46239 | |
| ROBERT LYNN MIMS | | 334 HOOVER CIR | | | | TONEY | AL | 35773-9771 | |
| ROBERT M CRAIG | | 20800 SOUTHFIELD | | | | SOUTHFIELD | MI | 48075 | |
| ROBERT M CRITES | | 1030 S GRAND TRAVERSE | | | | FLINT | MI | 48502 | |
| ROBERT M JUNCOSA | | 882 WEST BRIDGE ST | | | | MORRISVILLE | PA | 19067 | |
| ROBERT M KRAWCZYK | | 3159 ELTON RD | | | | DELEVAN | NY | 14042 | |
| ROBERT M PALUSZAK II | | 909 TAREY DR | | | | ESSEXVILLE | MI | 48732 | |
| ROBERT M PURDY | | 2294 E DODGE RD | | | | CLIO | MI | 48420 | |
| ROBERT M SLIFE & ASSOCIATES | | INC | 2754 WOODHILL RD | | | CLEVELAND | OH | 44104 | |
| ROBERT M STELICK | | 7629 WILLITS RD | | | | FOSTORIA | MI | 48435 | |
| ROBERT M WEISS | | 280 N WOODWARD STE 406 | | | | BIRMINGHAM | MI | 48009 | |
| ROBERT M WOOD | | PO BOX 678 | | | | MANASQUAN | NJ | 08736 | |
| ROBERT MACLEOD | | PMB 725 | 1930 VILLAGE CENTER CIR STE 3 | | | LAS VEGAS | CA | 89134-6245 | |
| ROBERT MCKEOWN COMPANY | | 111 CHAMBERS BROOK RD | | | | BRANCHBURG | NJ | 08876 | |
| ROBERT MCKEOWN COMPANY INC | | 111 CHAMBERS BROOK RD | | | | BRANCHBURG | NJ | 08876 | |
| ROBERT MONREAN | | 1694 LUCRETIA DR | | | | GIRARD | OH | 44420 | |
| ROBERT MORRIS COLLEGE | | CONTINUING EDUCATION | 600 FIFTH AVE | | | PITTSBURG | PA | 15219 | |
| ROBERT MORRIS COLLEGE | | STUDENT ACCOUNTS OFFICE | NARROWS RUN RD | | | CORAOPOLIS | PA | 15108 | |
| ROBERT MUDDIMAN LTD | | ROMATEC | 6535 HENRI BOURASSA O | | | MONTREAL | PQ | H4R 1C9 | CANADA |
| ROBERT N KILBERG ESQ | | 30 E PADONIA RD | PADONIA CENTRE STES 400 401 | | | TIMONIUM | MD | 21093 | |
| ROBERT N KILBERG ESQ | | 30E PADONIA RD STE400 401 | | | | TIMONIUM | MD | 21093 | |
| ROBERT NOONAN CO THE | | 1151 CHURCHILL CIRCLE | | | | ROCHESTER | MI | 48307 | |
| ROBERT O BIGELOW | STEVE DAVIES | MELLON PRIVATE WEALTH MGMT | THREE MELLON CENTER STE 1215 | | | PITTSBURGH | PA | 15259 | |
| ROBERT OR BRENDA ENOS | | 211 E RIVER RD | | | | FLUSHING | MI | 48433 | |
| ROBERT P FARRAN | | 108 MAC LYNN | | | | TROY | MI | 48089 | |
| ROBERT P RICKETSON | | 17074 BLACKFOOT TR | | | | HOWARD CITY | MI | 49329 | |
| ROBERT P SCHULHOF & ASSOC | | 1317 WEST MAIN | | | | CARBONDALE | IL | 62901 | |
| ROBERT P SCHULHOF AND ASSOC | | 1317 WEST MAIN | | | | CARBONDALE | IL | 62901 | |
| ROBERT P THIBEAUX | | SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC | 909 POYDRAS ST STE 2800 | | | NEW ORLEANS | LA | 70122 | |
| ROBERT PLUMMER PHD | | 5444 STATE ST | | | | SAGINAW | MI | 48603 | |
| ROBERT POTRZEBOWSKI JR | | 312 E WISCONSIN AVE STE 501 | | | | MILWAUKEE | WI | 53202 | |
| ROBERT PYRCIAK | | 3047 LIVINGSTON AVE | | | | NIAGARA FLS | NY | 14303 | |
| ROBERT Q ROMANELLI | | 10TH FL COLUMBIA CTR | 101 WEST BIG BEAVER RD | | | TROY | MI | 48084-4160 | |
| ROBERT R ANDREAS & SONS | | 3701 SOUTH 61ST AVE | | | | CICERO | IL | 60804 | |
| ROBERT R CAMPBELL INC | | 901 RIVER ST | PO BOX 11147 | | | LANSING | MI | 48901 | |
| ROBERT R MCCORMICK SCHOOL OF | | ENGINEERING & APPLIED SCIENCES | NORTHWESTERN UNIVERSITY | 2145 SHERIDAN RD | | EVANSTON | IL | 60208-3119 | |
| ROBERT R SAVIERS | | PO BOX 49095 | | | | DAYTON | OH | 45449 | |
| ROBERT RICKETSON | | 7032 MAPLELAWN | | | | HUDSONVILLE | MI | 49426 | |
| ROBERT ROCHA | | 20312 NORTH 106TH LN | | | | PEORIA | AZ | 85382 | |
| ROBERT ROCHELLE | | DELINQUENT TAX ATTY | 109 CASTLE HEIGHTS AVE N | | | LEBANON | TN | 37087 | |
| ROBERT ROMANELLI | | 101 W BIG BEAVER RD | | | | TROY | MI | 48084 | |
| ROBERT S ANDERSON | | 29301 GRAND RIVER AVE | | | | FARMINGTN HLS | MI | 48336 | |
| ROBERT S BATTIPAGLIA & | | 17621 PRINCESS ANNE DR | 17621 PRINCESS ANNE DR | | | OLNEY | MD | 20832 | |
| ROBERT S BATTIPAGLIA AND ASSOCIATES | | 17621 PRINCESS ANNE DR | | | | OLNEY | MD | 20832 | |
| ROBERT S GRABEMANN | | 321 SOUTH PLYMOUTH CT | 10TH FL | | | CHICAGO | IL | 60604 | |
| ROBERT S KOOR | | PO BOX 428 | | | | MUNCIE | IN | 47308 | |
| ROBERT S MILLER | | 2966 S ADDISON CIR | | | | OAKLAND TWP | MI | 48306 | |
| ROBERT S OSTASH | | 2436 W GERMAN RD | | | | BAY CITY | MI | 48708 | |
| ROBERT S SCHARNOWSKE | | 251 E 600 N | | | | ALEXANDRIA | IN | 46001 | |
| ROBERT S SCOTT AND JOAN L SCOTT JT TEN | | 42 BAYSIDE DR | | | | PALM COAST | FL | 32137 | |
| ROBERT S STEFKO | | 2951 AUTUMNWOOD TRL | | | | POLAND | OH | 44514 | |
| ROBERT SCHAICH | | 1155 APT 1 MEADOW LAKE DR | | | | VISTA | CA | 92084 | |
| ROBERT SCHAICH | | 430 STONEY POINT WAY 128 | | | | OCEANSIDE | CA | 92054 | |
| ROBERT SCOTT | | 2527 FOREST SPRINGS DR | | | | WARREN | OH | 44484 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| VICKI DRAVES MYERS | | 1181 N STEEL RD | | | | MERRILL | MI | 48637 | |
| VICKI E STOFFEL CLERK | | C/O CHILD SUPPORT | PO BOX 228 | | | HUNTINGTON | IN | 46750 | |
| VICKI E STOFFEL CLERK | | PO BOX 228 | | | | HUNTINGTON | IN | 46750 | |
| VICKI L FEITH | | 11289 ROOSEVELT RD | | | | SAGINAW | MI | 48609 | |
| VICKI L MCGRATH | | 5959 TOURNAMENT DR | | | | WATERVILLE | OH | 43566 | |
| VICKI L VAN NORMAN | | 2244 LAUREL AVE | | | | ADRIAN | MI | 49221 | |
| VICKI L VAN NORMAN | LAW OFFICES OF ROY R WINN | ROY R WINN | 28 N SAGINAW | THE OAKLAND TOWNE CENTER STE 915 | | PONTIAC | MI | 48342 | |
| VICKI LYNN KOCUR | | 12067 SWAN CREEK RD | | | | SAGINAW | MI | 48609 | |
| VICKI PRESTON | | 75 WINTON RD S | | | | ROCHESTER | NY | 14610 | |
| VICKI STANLEY | | 2510 N MAPLE GROVE HWY | | | | HUDSON | MI | 49247 | |
| VICKIE GUADANOLI | | 5 LUDDY COURT APT F | | | | BALTIMORE | MD | 21234 | |
| VICKIE L GENSLER | | 3450 LAKE RD | | | | WILSON | NY | 14172 | |
| VICKIE LYNN TOMNITZ | | RT 1 BOX 138 23 | | | | WARRENTON | MO | 63383 | |
| VICKIE WARE | | 607 WOODLAKE LN | | | | PONTIAC | MI | 48340-1190 | |
| VICKREY CHESTER | | 1174 SANLOR AVE APT D | | | | W MILTON | OH | 45383 | |
| VICKREY, SHELIA | | 329 W HAYES ST | | | | WEST MILTON | OH | 45383 | |
| VICKY L DOLLY | | 8516 CHESTNUT RIDGE RD | | | | GASPORT | NY | 14067 | |
| VICKY TANG | | 51 HEMLOCK LN | | | | MILPITAS | CA | 95035 | |
| VICOL EDWARD | | 920 BREWER RD | | | | SEDONA | AZ | 86336-6229 | |
| VICOMA TOOL & DIE CO INC | | 331 53RD ST | | | | WEST NEW YORK | NJ | 07093 | |
| VICOMA TOOL & DIE INC | | VICOMA TOOL & DYE | 331 53RD ST | | | WEST NEW YORK | NJ | 07093 | |
| VICOMA TOOL AND DIE CO INC | | 331 53RD ST | | | | WEST NEW YORK | NJ | 07093 | |
| VICOR CORP | | 23 FRONTAGE RD | | | | ANDOVER | MA | 01810 | |
| VICOR CORP | | 25 FRONTAGE RD | | | | ANDOVER | MA | 01810 | |
| VICOR CORP | | PO BOX 4628 | | | | BOSTON | MA | 02212-4628 | |
| VICOUNT INDUSTRIES EFT | | 24704 HATHAWAY | | | | FARMINGTON HILLS | MI | 48018 | |
| VICOUNT INDUSTRIES INC | | 24704 HATHAWAY | | | | FARMINGTON HILLS | MI | 48335-1543 | |
| VICTOR A FERGUSON | | 1696 COUNTRYSIDE DR | | | | BEAVERCREEK | OH | 45432 | |
| VICTOR B SHOUSHA AND SUSAN S SHOUSHA | | 265 ALPINE DR | | | | PARAMUS | NJ | 07652-1316 | |
| VICTOR D KRUPPA | | 2300 W INA RD 8102 | | | | TUCSON | AZ | 85741 | |
| VICTOR GARY | | 7168 MARIGOLD DR | | | | WHEATFIELD | NY | 14120 | |
| VICTOR GRIDER | | 204 N ROBINSON STE 1235 | | | | OKLAHOMA CTY | OK | 73102 | |
| VICTOR J MASTROMARCO JR | | ATTORNEY FOR PLAINTIFF | 1024 N MICHIGAN AVE | | | SAGINAW | MI | 48602-4325 | |
| VICTOR JAMES VERDEV | | 5646 RUSH RD | | | | CONOVER | WI | 54519 | |
| VICTOR MANUEL REYES URIAS EFT | | MAQUINADOS Y AUTOMATIZACION | CMV | 6001 GATEWAY WEST 606 | | EL PASO | TX | 79925 | |
| VICTOR METALS | ACCOUNTS PAYABLE | 29319 CLAYTON AVE | | | | WICKLIFFE | OH | 44092 | |
| VICTOR REINZ VALVE SEALS LLC | | 301 PROGRESS WAY | | | | AVILLA | IN | 46710 | |
| VICTOR TAPIA | | 2623 BURLY AVE | | | | ORANGE | CA | 92869 | |
| VICTOR USA INC | | 14701 CUMBERLAND DR A 103 | | | | DELRAY BEACH | FL | 33446 | |
| VICTOR USA INC | ACCOUNTS PAYABLE | PO BOX 480462 | | | | DELRAY BEACH | FL | 33448 | |
| VICTOR VALLEY COLLEGE | | 18422 BEAR VALLEY RD | | | | VICTORVILLE | CA | 92392 | |
| VICTOR VARGAS | | 404 E 19TH AVE | | | | SAN MATEO | CA | 94403 | |
| VICTOR WENDY | | 1010 BENT OAK | | | | ADRIAN | MI | 49221 | |
| VICTOR, GARY C | | 7168 MARIGOLD DR | | | | WHEATFIELD | NY | 14120 | |
| VICTORIA IORDAN | | 865 AHERN COURT | | | | SUWANEE | GA | 30024 | |
| VICTORIA J BRADEN | | ACCT OF SCOTT KARASEK | CASE 93-A-06472-5 | 5726 FAIRLEY HALL COURT | | NORCROSS | GA | 33248-2340 | |
| VICTORIA J BRADEN ACCT OF SCOTT KARASEK | | CASE 93 A 06472 5 | 5726 FAIRLEY HALL COURT | | | NORCROSS | GA | 30092 | |
| VICTORIA JANE BRADEN | | 5726 FAIRLEY HALL COURT | | | | NORCROSS | GA | 30092 | |
| VICTORIA L GLASS | | PO BOX 176 | | | | PLEASANT LK | MI | 49272 | |
| VICTORIA LEFAN C O DISTRICT CLK CS | | PO BOX 340 | | | | WEATHERFORD | TX | 76086 | |
| VICTORIA RUSSEY | | 1905 OAK HILL RD | | | | FORT WORTH | TX | 76112 | |
| VICTORIA V KREMSKI | | PO BOX 187 | | | | OWOSSO | MI | 48867 | |
| VICTORIA VARGA | | 1005 COYNE PL | | | | WILMINGTON | DE | 19805 | |
| VICTORY EXPRESS INC | | 55 VICTORY SAFETY LN | | | | MEDWAY | OH | 45341 | |
| VICTORY EXPRESS INC | | BOX 858075 | | | | WESTLAND | MI | 48185 | |
| VICTORY PACKAGING | | PROLONG AV UNIONES NO 94 | FRACC IND DEL NORTE | | | MATAMOROS | TAM | 87316 | MX |
| VICTORY PACKAGING | | 2111 HESTER ST | | | | DONNA | TX | 78537 | |
| VICTORY PACKAGING | | 4949 SW 20TH | | | | OKLAHOMA CITY | OK | 73128 | |
| VICTORY PACKAGING | | PO BOX 844138 | | | | DALLAS | TX | 75284-4138 | |
| VICTORY PACKAGING | | PO BOX 844150 | | | | DALLAS | TX | 75284-4150 | |
| VICTORY PACKAGING | BENJAMIN SAMUELS | 3555 TIMMONS LN 1440 | | | | HOUSTON | TX | 77027 | |
| VICTORY PACKAGING | BILL POLYNIAK | 2111 HESTER AVE | | | | DONNA | TX | 78537 | |
| VICTORY PACKAGING | DAVID MALLY | PO BOX 844138 | | | | DALLAS | TX | 75284-1438 | |
| VICTORY PACKAGING | GARY ZIMMERMAN | 6250 BROOK HOLLOW PKWY | | | | NORCROSS | GA | 30071 | |
| VICTORY PACKAGING | REX WESTERFIELD | 9010 W LITTLE YORK | | | | HOUSTON | TX | 77040 | |
| VICTORY PACKAGING | ROBERT EGAN | 3555 TIMMONS LN STE 1440 | | | | HOUSTON | TX | 77027 | |
| VICTORY PACKAGING | TERRY SELLS | 2111 HESTER AVE | PO BOX 579 | | | DONNA | TX | 78533 | |
| VICTORY PACKAGING | WILLIAM BERRY | CARRETERA REYNOSA | RIO BRAVO BR ECHA 102 | | | REYNOSA | | M88500 | MEXICO |
| VICTORY PACKAGING  EFT | | PO BOX 844138 | | | | DALLAS | TX | 75284-4138 | |
| VICTORY PACKAGING DE MEXICO S | | BRECHA 102 CARRETERA A MATAMOR | | | | REYNOSA | | 88780 | MEXICO |
| VICTORY PACKAGING DE MEXICO S | | CRISTOBAL COLON 11360 | | | | CHIHUAHUA | | 31109 | MEXICO |
| VICTORY PACKAGING DE MEXICO S | | JAPETO NO 802 | | | | GUADALUPE | | 67197 | MEXICO |
| VICTORY PACKAGING DE MEXICO S | | NEPTUNO 1917 INT 3 B Y 4 B | | | | CD JUAREZ | | 32540 | MEXICO |
| VICTORY PACKAGING DE MEXICO S DE RL | | COL SATELITE | | | | CD JUAREZ | CHI | 32540 | MX |
| VICTORY PACKAGING DE MEXICO S DE RL | | PARQUE INDUSTRIAL EL SAUCITO | | | | CHIHUAHUA | CHI | 31125 | MX |
| VICTORY PACKAGING DE MEXICO S DE RL | | PARQUE INDUSTRIAL FINSA | | | | MATAMOROS | TMS | 87316 | MX |
| VICTORY PACKAGING EFT | | 1585 WESTBELT DR | | | | COLUMBUS | OH | 43228-3839 | |
| VICTORY PACKAGING EFT | | 2111 HESTER ST | | | | DONNA | TX | 78537 | |
| VICTORY PACKAGING EFT | | 6938 KINNE ST | | | | EAST SYRACUSE | NY | 13057-1028 | |
| VICTORY PACKAGING EFT | | PO BOX 840727 | | | | DALLAS | TX | 75284-0727 | |
| VICTORY PACKAGING EFT 1 | | 2111 HESTER ST | | | | DONNA | TX | 78537 | |

# **Exhibit C**

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC**

*Attorneys at Law*

Governor's Place
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, MI 48304
Telephone:  248.593.6400
Facsimile:  248.593.2603
www.ogletreedeakins.com

Richard M. Tuyn
richard.tuyn@ogletreedeakins.com

April 12, 2010

Manda L. Westervelt, Esq.
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan  48602

RE:    *Leigh Ochoa v. DPH Holdings Co.*
          Case No 09-14383

Dear Ms. Westervelt:

I write regarding *Leigh Ochoa v. DPH Holdings Co.* (the "Proceeding").  Please be aware that Plaintiff is precluded from proceeding by virtue of the Plan Modification Order entered by the United States Bankruptcy Court for the Southern District of New York on July 30, 2009. Specifically, your client is permanently enjoined from taking action in the Proceeding pursuant to Article 11.14 of the Defendant's plan of reorganization and paragraph 22 of the Bankruptcy Court's order approving the plan of reorganization.  Moreover, because your client failed to file an administrative expense claim form in accordance with the procedures approved by the Bankruptcy Court evidencing the liabilities asserted in the Proceeding, your client's claim is barred.  (*See* paragraph 47 of the Bankruptcy Court's order approving the Defendant's plan of reorganization; *see also*, paragraph 9, Notice of Effective Date.)  Accordingly, we hereby have attached for your review and execution the enclosed joint stipulation agreeing to dismiss the Proceeding.

If, by April 20, 2010, we have not heard from you in response to this letter, or if you indicate that you will not agree to voluntarily dismiss this case, the Defendant will be forced to exercise its legal alternatives including, but not limited to, instituting proceedings in the Bankruptcy Court to enforce the plan of reorganization approved by the Bankruptcy Court and stay the Proceeding.  As a courtesy, I have enclosed a summary of the relevant procedural history and applicable provisions from the plan of reorganization and the Bankruptcy Court's orders. For a copy of relevant orders, as well the Notice of Effective Date, please go to http://www.dphholdingsdocket.com.

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

Manda L. Westervelt, Esq.
April 12, 2010
Page 2


      Thank you for your immediate attention to this matter.

                Very truly yours,

                OGLETREE, DEAKINS, NASH,
                SMOAK & STEWART, PLLC

                Richard M. Tuyn

RMT/kv
Enclosures


8478598.1 (OGLETREE)

## SUMMARY OF PROCEDURAL HISTORY AND APPLICABLE PROVISIONS

In connection with the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan"),[1] the Debtors sought an order from the Bankruptcy Court, among other things, establishing a bar date for the submission of claims asserting administrative expense priority under 11 U.S.C. § 503(b) and approving the Modified Plan.  In connection therewith, and after notice and a hearing, on June 16, 2009, the Bankruptcy Court entered that certain Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date  (Docket No. 17032) (the "Modification Procedures Order").  Pursuant to paragraphs 38 and 41 of the Modification Procedures Order:

> [A]ny party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "[Initial] Administrative Expense Bar Date") for the period from the commencement of these cases through June 1, 2009.

Modification Procedures Order ¶38.

> [A]ny party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

Modification Procedures Order ¶41.

On July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order"), which confirmed the Modified Plan.  On October 6, 2009, the Modified Plan was substantially consummated and became effective.  On that date, the Debtors emerged from chapter 11 as reorganized entities (the "Reorganized Debtors") and many of the corporate entities changed their corporate names.

---

[1]  All references herein to the Bankruptcy Court Docket can be found at www.dphholdingsdocket.com.

Paragraph 47 of the Modification Approval Order provides in part (emphasis added):

> [R]equests for payment of an Administrative [Expense] Claim (other than as set
> forth in the Modified Plan or otherwise contemplated by the Master Disposition
> Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in
> substantially the form of the Administrative Claim Request Form attached as
> Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel
> for the Debtors and the Creditors' Committee no later than 30 days notice of after
> the Effective Date is filed on the docket of the Chapter 11 Cases [November 5,
> 2009].[2]  **Any request for payment of an Administrative Claim pursuant to
> this paragraph that is not timely filed and served shall be disallowed
> automatically** without the need for any objection from the Debtors or the
> Reorganized Debtors.

Modification Approval Order ¶ 47 (emphasis added).

In addition, the Modified Plan provides that:

> [T]he distributions and rights that are provided in [the Modified] Plan shall be in
> complete satisfaction, discharge, and release, effective as of the Effective Date, of
> Claims and Causes of Action, whether known or unknown, against, liabilities of,
> liens on, obligations of, rights against, and Interests in the Debtors or any of their
> assets or properties, regardless of whether any property shall have been
> distributed or retained pursuant to [the Modified] Plan on account of such Claims,
> rights, and Interests, including, but not limited to, Claims and Interests that arose
> before the Effective Date . . . .

Modified Plan Art. 11.2.

> [T]he satisfaction, release, and discharge pursuant to [Article XI of the Modified
> Plan] **shall act as an injunction against any Person commencing or continuing
> any action, employment of process, or act to collect, offset, or recover any
> Claim, Interest, or Cause of Action satisfied, released, or discharged under
> [the Modified] Plan to the fullest extent authorized or provided by the
> Bankruptcy Code** . . . .

Modified Plan Art. 11.14 (emphasis added).  Similarly, paragraph 22 of the Modification
Approval Order provides that:

> [T]he Debtors and all Persons shall be precluded and permanently enjoined on
> and after the Effective Date from (a) commencing or continuing in any manner
> any Claim, action, employment of process, or other proceeding of any kind with
> respect to any Claim, Interest, Cause of Action, or any other right or Claim
> against the Reorganized Debtors, which they possessed or may possess prior to

---

[2]  The Effective Date of the Plan was October 6, 2009, which means Bar Date for Admin Claims that arose after
June 1, 2009, was November 5, 2009.

the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶ 22.

8478598.1 (OGLETREE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

        Plaintiff,

v.

DPH HOLDINGS CORPORATION,

        Defendant.

Case No. 09-14383
Hon. Thomas L. Ludington
Mag. Judge Charles E. Binder

---

VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. WESTERVELT (P62597)
The Mastromarco Firm
Attorneys for Plaintiff
1024 N. Michigan Ave.
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com
westervm@gmail.com

RICHARD M. TUYN (P29091)
DEBRA A. COLBY (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
richard.tuyn@ogletreedeakins.com
debra.colby@ogletreedeakins.com

---

**STIPULATION FOR ORDER OF DISMISSAL
WITH PREJUDICE AND WITHOUT COSTS**

    IT IS HEREBY STIPULATED by and between the parties hereto, through their undersigned counsel, that the above-entitled matter shall be dismissed with prejudice and without costs to any party.

_____
VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. WESTERVELT (P62597)
The Mastromarco Firm
Attorneys for Plaintiff
1024 N. Michigan Ave.
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com
westervm@gmail.com

_____
RICHARD M. TUYN (P29091)
DEBRA A. COLBY (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
richard.tuyn@ogletreedeakins.com
debra.colby@ogletreedeakins.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

        Plaintiff,

                                    Case No. 09-14383

v.                                 Hon. Thomas L. Ludington

                                    Mag. Judge Charles E. Binder

DPH HOLDINGS CORPORATION,

        Defendant.

---

| VICTOR J. MASTROMARCO, JR. (P34564) | RICHARD M. TUYN (P29091) |
|---|---|
| MANDA L. WESTERVELT (P62597) | DEBRA A. COLBY (P60438) |
| The Mastromarco Firm | Ogletree, Deakins, Nash, Smoak & Stewart, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1024 N. Michigan Ave. | 33 Bloomfield Hills Parkway, Suite 120 |
| Saginaw, Michigan 48602 | Bloomfield Hills, Michigan 48304 |
| (989) 752-1414 | (248) 593-6400 |
| vmastromar@aol.com | richard.tuyn@ogletreedeakins.com |
| westervm@gmail.com | debra.colby@ogletreedeakins.com |

---

**ORDER OF DISMISSAL**
**WITH PREJUDICE AND WITHOUT COSTS**

       Upon reading and filing the foregoing stipulation, and the Court being otherwise fully advised in the premises;

       IT IS HEREBY ORDERED that the above-entitled case is dismissed with prejudice and without costs to any party.

       THIS IS A FINAL ORDER WHICH DISPOSES OF ALL CLAIMS IN THE CASE.


Dated: April _____, 2010              _____

                                U.S. District Court Judge

8478672.1 (OGLETREE)

# Exhibit D

# THE MASTROMARCO FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
1024 N. MICHIGAN AVENUE
SAGINAW, MI 48602

VICTOR J. MASTROMARCO, JR.**
RUSSELL C. BABCOCK
MANDA L. WESTERVELT
CHRISTINA M. VENTIMIGLIA

TELEPHONE (989) 752-1414

FACSIMILE (989) 752-6202

E-MAIL: VMASTROMAR@AOL.COM
**ALSO ADMITTED IN IOWA

April 20, 2010

Mr. Richard M. Tuyn
Ms. Debra A. Colby
Ogletree, Deakins, Nash, Smoak
 & Stewart, PLLC
33 Bloomfield Hills Pkwy., Ste. 120
Bloomfield Hills, MI 48304

Re:    Ochoa v DPH Holdings Corp.
        Case No. 09-14383

Dear Mr. Tuyn:

I am in receipt of a letter from you dated April 12, 2010. In that letter you suggest that Plaintiff's claim is barred by the Delphi Bankruptcy proceedings. In support of your position you cite to several provisions in the Delphi's Modified Restructuring Plan and an Order issued by the Bankruptcy Court approving of the plan for reorganization. However, these documents, and the Delphi Bankruptcy proceedings do not bar Plaintiff's cause of action against DPH Holdings Co.. The Bankruptcy Court's order specifically states the following:

> [A]ny party that wishes to assert an administrative claim under 11 U.S.C. 503(b) for the period from the commencement of these cases through **June 1, 2009** shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. **July 15, 2009 at 5 p.m.** prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "[Initial] Administrative Expense Bar Date") **for the period from the commencement of these cases through June 1, 2009.**

Modification Procedures Order ¶38.

Plaintiff Leigh Ochoa's claim does not arise until after the deadline's mentioned above. The Plaintiff was terminated in August of 2009, and therefore is not barred by the modified restructuring plan in the Delphi Bankruptcy Proceedings. It would have been impossible for Plaintiff to comply with the above requirements and as such, Plaintiff will not agree to stipulate to a dismissal of her action.

Thank you.

Sincerely,

*Manda L Westervelt*

MANDA L. WESTERVELT

2

# **Exhibit E**

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC**

*Attorneys at Law*

Governor's Place
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, MI 48304
Telephone: 248.593.6400
Facsimile: 248.593.2603
www.ogletreedeakins.com

Richard M. Tuyn
richard.tuyn@ogletreedeakins.com

April 27, 2010

**VIA FACSIMILE and U.S. Mail**
Manda L. Westervelt, Esq.
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan  48602

      RE:    *Leigh Ochoa v. DPH Holdings Co.*
              Case No 09-14383

Dear Ms. Westervelt:

     We received your letter indicating that you believe Plaintiff's claims are not barred by the bankruptcy proceedings.  While we agree with your assessment of the language you cited, we would refer you to additional language which does bar your client's claims. By way of background, there were actually three bar dates in total.  The first was for pre-petition (Pre-10/8/2005) claims which had to be filed by July 31, 2006.  The second, usually referred to as the "Initial Administrative Claims Bar Date" was for claims arising from October 8, 2005 to June 1, 2009.  The third, referred to as the "Final Administrative Claims Bar Date" was for claims arising after June 1, 2009 but before the Effective Date of the plan of reorganization (October 6, 2009).  As you point out, Leigh Ochoa's claims fall into the latter category.

     In the Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession and (B) Occurrence of Effective Date (Docket No. 18958)(attached hereto as Exhibit A), it specifically states that the Effective Date of the Modified Plan is October 6, 2009.  Under the Bankruptcy Court's Orders, all claims which accrued prior to the Effective Date (i.e., prior to October 6, 2009) had to be filed no later than November 5, 2009.  Indeed, under the Administrative Bar Date section of the Notice of Effective Date, it specifically states that:

        Requests for payment of an Administrative Claim (other than as set forth in Article X of the Modified Plan), must be filed with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee *no later than November 5, 2009 or shall be disallowed automatically* without the need for any objection from the Debtors or Reorganized Debtors. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim on or prior to May 4, 2010 (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the

---

Manda L. Westervelt, Esq.
April 27, 2010
Page 2

> Debtors or the Reorganized Debtors object to an Administrative Claim, the
> Bankruptcy Court shall determine the allowed amount of such Administrative
> Claim.

This language is consistent with the Order Approving Modifications under 11 U.S.C. §
1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain
Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket
No. 12359)).  Specifically, in Paragraph 47 of that Order it states:

> [R]equests for payment of an Administrative [Expense] Claim (other than as set
> forth in the Modified Plan or otherwise contemplated by the Master Disposition
> Agreement, i.e., for such claims ***arising on or after June 1, 2009***) must be filed,
> in substantially the form of the Administrative Claim Request Form attached as
> Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel
> for the Debtors and the Creditors' Committee no later than 30 days notice of after
> the Effective Date is filed on the docket of the Chapter 11 Cases [November 5,
> 2009].[1]  **Any request for payment of an Administrative Claim pursuant to
> this paragraph that is not timely filed and served shall be disallowed
> automatically** without the need for any objection from the Debtors or the
> Reorganized Debtors.

Exhibit B, Modified Plan, Paragraph 47 (emphasis added).   In addition, the Modified Plan
provides that:

> [T]he distributions and rights that are provided in [the Modified] Plan shall be in
> complete satisfaction, discharge, and release, effective as of the Effective Date, of
> Claims and Causes of Action, whether known or unknown, against, liabilities of,
> liens on, obligations of, rights against, and Interests in the Debtors or any of their
> assets or properties, regardless of whether any property shall have been
> distributed or retained pursuant to [the Modified] Plan on account of such Claims,
> rights, and Interests, *including, but not limited to, Claims and Interests that arose*
> *before the Effective Date* . . . .

Modified Plan Art. 11.2(emphasis added).

> [T]he satisfaction, release, and discharge pursuant to [Article XI of the Modified
> Plan] **shall act as an injunction against any Person commencing or continuing
> any action, employment of process, or act to collect, offset, or recover any
> Claim, Interest, or Cause of Action satisfied, released, or discharged under**

---

[1]  The Effective Date of the Plan was October 6, 2009, which means Bar Date for Admin Claims that arose after
June 1, 2009, was November 5, 2009.

Manda L. Westervelt, Esq.
April 27, 2010
Page 3

> **[the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code** . . . .

Modified Plan Art. 11.14 (emphasis added).   Similarly, paragraph 22 of the Modification Approval Order provides that:

> [T]he Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, _which they possessed or may possess prior to the Effective Date_, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, _which they possessed or may possess prior to the Effective Date_, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, _which they possessed or may possess prior to the Effective Date_, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶ 22(emphasis added).

    Based on these Orders, any claim that Leigh Ochoa had against Delphi had to be filed no later than November 5, 2009, and her current claims are untimely and improper.   We are attaching the relevant provisions of the Orders/notices for your ease of reference.   Complete copies of these documents are available at http/dphholdingsdocket.com.   After you have had an opportunity to review these documents, please advise whether you are willing to dismiss this action or whether a motion is necessary.   If we do no hear from you by May 3, 2010, we will be forced to file a motion to dismiss.

    Thank you for your immediate attention to this matter.

                    Very truly yours,

                    OGLETREE, DEAKINS, NASH,
                    SMOAK & STEWART, PLLC

                    Richard M. Tuyn

RMT/kv
Enclosures

# EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
        In re                                 :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                        Debtors.              :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF (A) ORDER APPROVING MODIFICATIONS TO FIRST
AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION
AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION
AND (B) OCCURRENCE OF EFFECTIVE DATE

        1.        **Confirmation Of The Plan.**  On January 25, 2008 (the "Confirmation Date"), the United
States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order
confirming the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain
Affiliates, Debtors And Debtors-In-Possession, dated January 25, 2008 (the "Confirmed Plan"), in the
Chapter 11 Cases of Delphi Corporation and certain of its subsidiaries and affiliates, the debtors and
debtors-in-possession in the above-captioned cases (collectively, the "Debtors").



0544481091006000000000004

2.    **Approval Of Modifications To The Confirmed Plan.**  On July 30, 2009 (the "Modification Approval Date"), the Bankruptcy Court entered an order (the "Modification Approval Order") approving certain modifications to the Confirmed Plan embodied in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"), attached as Exhibit A to the Modification Approval Order.  Unless otherwise defined in this Notice Of (A) Order Approving Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date, capitalized terms and phrases used herein have the meaning(s) given to them in the Modified Plan and the Modification Approval Order.

3.    **Effective Date.**  On October 6, 2009, the Effective Date of the Modified Plan occurred. The Modified Plan was substantially consummated at a closing that occurred at the offices of Skadden, Arps, Slate, Meagher & Flom LLP in New York City, New York; provided however, that all of the transactions contemplated by the Master Disposition Agreement and related agreements to occur at the closing are effective for tax and accounting purposes as of 11:58 p.m., local time, on the Closing Date as defined in the Master Disposition Agreement.

4.    **Discharge Of Claims And Termination Of Interests.**  Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Modified Plan, Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in the Modified Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Modified Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted the Modified Plan.  Due to the occurrence of the Effective Date, the Modification Approval Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors.

5.    **Injunctions.**

(a)    Subject to Article 11.13 of the Modified Plan, the satisfaction, release, and discharge pursuant to Article XI of the Modified Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under the Modified Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

(b)    By accepting distributions pursuant to the Modified Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in Article XI of the Modified Plan.

6.    **Release By Debtors Of Certain Parties.**  Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of the Modified Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action

2

existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Modified Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date, shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in the Modified Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.

7. **Release By Holders Of Claims And Interests.** On the Effective Date, (a) each Person who votes to accept the Modified Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Modified Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Modified Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transaction or event giving rise to, the claim of such Release Obligor, the business or contractual arrangements between any Debtor and Release Obligor or any Released Party, the restructuring of the claim prior to the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction, obligation, restructuring, or the Chapter 11 Cases, including, but not limited to, any claim relating to, or arising out of the Debtors' Chapter 11 Cases, the negotiation and filing of the Modified Plan, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of the Modified Plan, the Disclosure Statement, the Plan Exhibits, the Delphi-PBGC Settlement Agreement, the Credit Bid, the Master Disposition Agreement, the Union Settlement Agreements, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with either the Modified Plan or any other agreement with the Unions, including but not limited to the Union Settlement Agreements, or any other act taken or not taken consistent with the Union Settlement Agreements in connection with the Chapter 11 Cases; provided, however, that (A) Article 11.5 of the Modified Plan is subject to and limited by Article 11.13 of the Modified Plan and (B) 11.5 of the Modified Plan shall not release any Released Party from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Exchange Act, the Securities Act, or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding the foregoing, all releases given by GM to (i) the Debtors and the Debtors' Affiliates shall be as set forth in the Delphi-GM Global Settlement Agreement and (ii) the Unions shall be as set forth in the Union Settlement Agreements.

8.    **Assumption And Assignment Of Executory Contracts And Unexpired Leases.**
Subject to the terms of the Modified Plan, Modification Approval Order, and any related Bankruptcy
Court orders, upon the occurrence of the Effective Date, each executory contract or unexpired lease
assumed, or assumed and assigned, as applicable, pursuant to Article VIII of the Modified Plan, shall vest
in and be fully enforceable by the applicable Reorganized Debtor or its assignee in accordance with its
terms. On the Effective Date, all executory contracts and unexpired leases as to which any Debtor is a
party are deemed automatically assumed by the applicable Reorganized Debtor in accordance with the
provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date,
unless such executory contracts or unexpired leases (a) have been previously rejected by the Debtors by
Final Order of the Bankruptcy Court, (b) are the subject of a motion to reject, or that otherwise authorizes
rejection, filed on or before the Modification Approval Date, (c) have been rejected or assumed pursuant
to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date, (d) have
expired or terminated on or prior to the Effective Date (and were not otherwise extended) pursuant to
their own terms, (e) are listed on the schedule of rejected contracts on Exhibit 8.1(a) to the Modified Plan,
or (f) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either
Buyer pursuant to the Master Disposition Agreement. Subject to the foregoing sentences, entry of the
Modification Approval Order by the Bankruptcy Court approved the rejections, assumptions, and
assumptions and assignments contemplated by the Modified Plan, the Modification Approval Order, the
Master Disposition Agreement, and related documents pursuant to sections 365 and 1123 of the
Bankruptcy Code as of the Effective Date.

9.    **Bar Dates**

(a)    **Administrative Bar Date.** Requests for payment of an Administrative Claim
(other than as set forth in Article X of the Modified Plan), must be filed with the Claims Agent and served
on counsel for the Debtors and the Creditors' Committee no later than November 5, 2009 or shall be
disallowed automatically without the need for any objection from the Debtors or Reorganized Debtors.
Unless the Debtors or the Reorganized Debtors object to an Administrative Claim on or prior to May 4,
2010 (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim
shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized
Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of
such Administrative Claim.

(b)    **Professional Claims And Final Fee Applications.** All final requests for
payment of Professional Claims and requests for reimbursement of expenses of members of the Statutory
Committees must be filed no later than December 31, 2009. After notice and a hearing in accordance
with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the
allowed amounts of such Professional Claims and expenses shall be determined by the Bankruptcy Court.
Pursuant to the Bankruptcy Court's prior orders, any requirement that Professionals comply with sections
327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered
terminated on the Confirmation Date, and the Reorganized Debtors have employed and paid Professionals
in the ordinary course of business thereafter.

(c)    **Substantial Contribution Bar Date.** Except as otherwise provided in the
Modification Approval Order, any Person who requests compensation or expense reimbursement for
making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of
the Bankruptcy Code shall file an application with the clerk of the Bankruptcy Court on or before
November 20, 2009, and serve such application on counsel for the Debtors, the Creditors' Committee, the
United States Trustee for the Southern District of New York, and such other parties as may be decided by
the Bankruptcy Court and the Bankruptcy Code on or before November 20, 2009, or be forever barred
from seeking such compensation or expense reimbursement.

Dated:  New York, New York
       October 6, 2009

                           SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM LLP

                       By: /s/ John Wm. Butler,
                           John Wm. Butler, Jr.
                           John K. Lyons
                           Ron E. Meisler
                       155 North Wacker Drive
                       Chicago, Illinois  60606
                       (312) 407-0700

                       By:  /s/ Kayalyn A. Marafioti
                           Kayalyn A. Marafioti
                       Four Times Square
                       New York, New York 10036
                       (212) 735-3000

                       Attorneys for Delphi Corporation, et al.,
                         Debtors and Debtors-in-Possession

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                     :

In re                      :     Chapter 11
                     :

DELPHI CORPORATION, <u>et al.</u>,   :     Case No. 05-44481 (RDD)
                     :

          Debtors.     :     (Jointly Administered)
                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO
(I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI
CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND
DEBTORS-IN-POSSESSION, AS MODIFIED AND
<u>(II) CONFIRMATION ORDER (DOCKET NO. 12359)</u>

("PLAN MODIFICATION ORDER")

Upon the Court's Findings of Fact, Conclusions of Law, And Order Under

11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended

Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates,

Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed

Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

Upon the Debtors' Motion for Order (I) Approving Modifications to

Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures

and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to

Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3,

2008, (the "Plan Modification Approval Motion"); and

Upon the Debtors' (A) Supplement to Motion for Order (I) Approving

Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and



subject the Reorganized Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

20.    <u>Discharge, Releases, Limitations Of Liability, And Indemnification</u>.  Pursuant to applicable law, including sections 105(a) and 1123(b)(3) and (6) of the Bankruptcy Code, the discharge of the Debtors and any of their assets or properties provided in Article 11.2 of the Modified Plan, as approved herein, the releases set forth in Articles 11.4, 11.5, 11.6, and 11.7 of the Modified Plan, and the exculpation and limitation of liability provisions set forth in Article 11.11 of the Modified Plan, are deemed incorporated in this order as if set forth in full herein and are hereby approved as an integral part of the Modified Plan and are fair, equitable, reasonable and in the best interests of the Debtors, their estates, and holders of Claims and Interests; <u>provided, however</u>, notwithstanding anything in this order, the exculpation provisions or releases provided pursuant to Article 11 of the Modified Plan shall have no effect on the liability of any entity that otherwise would result from any action or omission to the extent that such action or omission is determined in a final order to have constituted intentional fraud or willful misconduct.

21.    <u>Limitation on Releases</u>.  None of the releases provided in the Modified Plan, as modified herein, shall be applicable with respect to any of the Plan Investors or their affiliates with respect to their obligations under the Investment Agreement, the transactions contemplated thereby, or any litigation related thereto, including any and all defendants to such actions.

22.    Injunction.  Except as otherwise specifically provided in the

Modified Plan, the MDA Documents, or this order and except as may be necessary to

enforce or remedy a breach of the Modified Plan, the Debtors and all Persons shall be

precluded and permanently enjoined on and after the Effective Date from (a)

commencing or continuing in any manner any Claim, action, employment of process, or

other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any

other right or Claim against the Reorganized Debtors, which they possessed or may

possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset,

recoupment, or recovery by any manner or means of any judgment, award, decree, order,

or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or

Claim against the Reorganized Debtors, which they possessed or may possess prior to the

Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with

respect to any Claim, Interest, Cause of Action, or any other right or Claim against the

Reorganized Debtors, which they possessed or may possess prior to the Effective Date,

and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged,

released, or subject to exculpation hereby or by the Modified Plan.

23.    Automatic Stay.  The stay in effect in the Chapter 11 Cases

pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the

Effective Date, and at that time shall be dissolved and of no further force or effect,

subject to the injunction set forth in the preceding paragraph and/or sections 524 and

1141 of the Bankruptcy Code and Article 11.14 of the Modified Plan; provided, however,

that nothing herein shall bar the filing of financing documents (including Uniform

Commercial Code financing statements, security agreements, leases, mortgages, trust

asserting against the Debtors or the Purchasing Entities, or the property of any of them,

any default, counterclaim, defense, setoff, or any other Claim asserted or assertable

against the Debtors (a) arising prior to or existing as of the Effective Date with respect to

any prepetition periods, except for Cure, (b) arising after the commencement of the

chapter 11 cases but on or prior to June 1, 2009, except for such defaults as were asserted

in an administrative expense claim filed against the Debtors on or prior to July 15, 2009

in accordance with the administrative claims procedures set forth in the Modification

Procedures Order, and (c) arising after June 1, 2009 but on or prior to the Effective Date,

except for such defaults as are asserted in an administrative claim filed in accordance

with Article 10.5 of the Modified Plan.  The failure of the Debtors or the Purchasing

Entities to enforce at any time one or more terms or conditions of any Acquired Contract

shall not be a waiver of such terms or conditions or of the Debtors' and the Purchasing

Entities' rights to enforce every term and condition of the Acquired Contracts.

44.    Bar Date For Rejection Damage Claims And Related Procedures.

If the rejection by the Debtors, pursuant to the Modified Plan or otherwise, of an

executory contract or unexpired lease results in a Claim, then such Claim shall be forever

barred and shall not be enforceable against either the Debtors, the Reorganized Debtors,

or such entities' properties unless a proof of claim is filed with the Claims Agent and

served upon counsel to the Debtors and the Creditors' Committee within 30 days after the

later of (a) entry of this order or (b) notice that the executory contract or unexpired lease

has been rejected, unless otherwise ordered by the Court.

45.    Record Date For Claims Distributions.  The Reorganized Debtors,

the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section

9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after June 8, 2009 (the "Claims Record Date"), and shall be entitled for all purposes herein to recognize and distribute only to those holders of Allowed Claims who are holders of such Claims, or participants therein, as of the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall instead be entitled to recognize and deal for all purposes under the Modified Plan with only those record holders stated on the official claims register or the transfer ledger, as the case may be, as of the Claims Record Date. On the Claims Record Date, the transfer ledgers of the Indenture Trustees or other agents or Servicers shall be closed, and there shall be no further changes in the record holders of securities. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize any transfer of the Senior Notes, the TOPrS, or the Subordinated Notes occurring after the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and Servicers shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the Claims Record Date, provided, however, that with respect to deceased record holders, the Indenture Trustee (as agent or Servicer as described in Section 9.5 of the Modified Plan) shall be authorized, but not directed, to recognize transfers to the appropriate heir, executor, or otherwise, following provision of notice together with such evidence of the transfer to the appropriate Indenture Trustee as is

74

reasonably satisfactory to the applicable Indenture Trustee.  Such notice shall be effective

only as to distributions due at least 60 days after such notice is accepted as satisfactory by

the applicable Indenture Trustee.  Nothing in this paragraph shall be applicable with

respect to any claims held by the DIP Lenders or the DIP Agent.

    46. <u>Substantial Contribution Compensation And Expenses Bar Date</u>.

Any Person (including the Indenture Trustees) who requests compensation or expense

reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to

sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the

Court on or before the 45th day after notice of the Effective Date is filed on the docket of

the Chapter 11 Cases (the "503 Deadline"), and serve such application on counsel for the

Debtors, the Creditors' Committee, the United States Trustee for the Southern District of

New York, and such other parties as may be directed by the Court and the Bankruptcy

Code on or before the 503 Deadline, or be forever barred from seeking such

compensation or expense reimbursement.

    47. <u>Other Administrative Claims</u>.  All other requests for payment of an

Administrative Claim (other than as set forth in the Modified Plan or otherwise

contemplated by the Master Disposition Agreement, i.e., for such claims arising on or

after June 1, 2009) must be filed, in substantially the form of the Administrative Claim

Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and

served on counsel for the Debtors and the Creditors' Committee no later than 30 days

notice of after the Effective Date is filed on the docket of the Chapter 11 Cases.  Any

request for payment of an Administrative Claim pursuant to this paragraph that is not

timely filed and served shall be disallowed automatically without the need for any

objection from the Debtors or the Reorganized Debtors.  The Debtors or the Reorganized

Debtors may settle an Administrative Claim without further Bankruptcy Court approval.

Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within

180 days after the Administrative Claims Bar Date (unless such objection period is

extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed

in the amount requested.  In the event that the Debtors or the Reorganized Debtors object

to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of

such Administrative Claim.

48.    Substantive Consolidation.  For the reasons described in IV.C. of

the Supplemental Disclosure Statement and the evidence and arguments made, proffered,

or adduced at the Confirmation Hearing, certain of the Debtors' estates shall be

substantively consolidated as set forth in Article III of the Modified Plan, solely for the

purposes of voting on the Modified Plan and making distributions to holders of Claims

and Interests under the Modified Plan.

49.    Restructuring Transactions.  The Restructuring Transactions

contemplated by Article 7.3 of the Modified Plan and described in Exhibit 7.3 to the

Modified Plan are approved. The Debtors and Reorganized Debtors and their officers are

authorized to take, on and after the Modification Approval Date, such actions as may be

necessary and appropriate to effectuate the relevant Restructuring Transactions, including,

without limitation, executing such documents as may be reasonably required in order to

effectuate the Restructuring Transactions.  Each and every federal, state, and local

governmental agency or department is hereby directed to accept for filing and recording

      65.    <u>Modifications To The Modified Plan</u>.  At the request of the

Debtors, the Modified Plan is hereby modified pursuant to section 1127 of the

Bankruptcy Code and as modified herein and as set forth on <u>Exhibit A</u> hereto.

Dated: New York, New York
      July 30, 2009

<u>/s/ Robert D. Drain</u>                
UNITED STATES BANKRUPTCY JUDGE

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :
          In re                     :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                    Debtors.        :    (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - -x

## FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

SKADDEN, ARPS, SLATE, MEAGHER &
          FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Toll Free: (800) 718-5305
International: (248) 813-2698
John Wm. Butler, Jr.
Ron E. Meisler
Nathan L. Stuart
Allison K. Verderber Herriott

SKADDEN, ARPS, SLATE, MEAGHER &
          FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Debtors and Debtors-in-Possession

                                        Of Counsel
                                    DELPHI CORPORATION
                                      5725 Delphi Drive
                                    Troy, Michigan 48098
                                       (248) 813-2000
                                       David M. Sherbin
                                       Sean P. Corcoran
                                       Karen J. Craft

Dated:        December 10, 2007

As Modified:  January 25, 2008
              June 16, 2009
              July 30, 2009
              New York, New York

^ 1.82 **"Distribution Date"** means the date, selected by the Reorganized Debtors, upon which distributions to holders of Allowed Claims entitled to receive distributions under this Plan shall commence; provided, however, that the Distribution Date shall occur as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date.

^ 1.83 **"Distribution Reserve"** means, as applicable, one or more reserves of property for distribution to holders of Allowed Claims in the Chapter 11 Cases to be reserved pending allowance of Disputed Claims in accordance with Article 9.8 of this Plan.

^ 1.84 **"Effective Date"** means the Business Day determined by the Debtors on which all conditions to the consummation of this Plan set forth in Article 12.2 of this Plan have been either satisfied or waived as provided in Article 12.3 of this Plan and the day upon which this Plan is substantially consummated.

^ 1.85 **"Emergence Capital"** means that certain amount to be provided to the Reorganized Debtors by ^ GMCo. and DIP Holdco 3, LLC pursuant to Sections 3.1.1, 3.^ 2.1, and 3.2.3 of the Master Disposition Agreement (as each are applicable) related to the post-Effective Date operations of Reorganized DPH Holdings and the Reorganized Debtors.

^ 1.86 **"Employee-Related Obligation"** means a Claim of a salaried employee of one or more of the Debtors, in his or her capacity as an employee of such Debtor or Debtors, for (i) severance, provided, however, that such employee was in his or her capacity as an employee of a Debtor on or after June 1, 2009, and (ii) indemnification, provided, however, that such employee was in his or her capacity as an employee of a Debtor as of the date of the commencement of the hearing on the Disclosure Statement.

^ 1.87 **"Equity Committee"** means the official committee of equity security holders that was appointed pursuant to section 1102(a) of the Bankruptcy Code in the Chapter 11 Cases on April 28, 2006 and disbanded on April 24, 2009.

^ 1.88 **"ERISA"** means Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 and 26 U.S.C. §§ 401-420, as amended.

^ 1.89 **"ERISA Plaintiffs"** means, collectively, Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr on behalf of participants in the Debtors and their subsidiaries' defined contribution employee benefit pension plans that invested in Delphi common stock, as styled in the MDL Actions.

^ 1.90 **"ERISA Settlement"** means that certain settlement of the ERISA-related MDL Actions, as it may be amended or modified.

^ 1.91 **"Estates"** means the bankruptcy estates of the Debtors created pursuant to section 541 of the Bankruptcy Code.

^ 1.92 **"Exchange Act"** means the Securities Exchange Act of 1934, as now in effect or hereafter amended.

**10.5    Other Administrative Claims.**  All other requests for payment of an Administrative Claim (other than claims under the DIP Facility or as set forth in Article 10.1, Article 10.2, Article 10.3, or Article 10.4 of this Plan) must be filed, in substantially the form of the Administrative Claim Request Form attached hereto as Exhibit 10.5, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days after the Effective Date. Any request for payment of an Administrative Claim pursuant to this Article 10.5 that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Administrative Claims Bar Date (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

## ARTICLE XI

## EFFECT OF THE PLAN ON CLAIMS AND INTERESTS

**11.1    Revesting Of Assets.**  Except as otherwise explicitly provided in this Plan, on the Effective Date, all property comprising the Estates (including Retained Actions and Retained Assets, but excluding property that has been abandoned pursuant to an order of the Bankruptcy Court or are the subject of any of the Disposition Transactions) shall revest in each of the Reorganized Debtors which, as Debtors, owned such property or interest in property as of the Effective Date, free and clear of all Claims, liens, charges, encumbrances, rights, and Interests of creditors and equity security holders. As of and following the Effective Date, the Reorganized Debtors may operate their businesses and use, acquire, and dispose of property and settle and compromise Claims or Interests without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by this Plan, the Confirmation Order, and the Modification Approval Order.

**11.2    Discharge Of The Debtors.**  Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this Plan ^ , Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the

holder of such a Claim, right, or Interest accepted this Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the occurrence of the Effective Date.

**11.3    Compromises And Settlements.** In accordance with Article 9.6 of this Plan, pursuant to Bankruptcy Rule 9019(a), the Debtors may compromise and settle various (a) Claims against, or Interests in, the Debtors and (b) Causes of Action that the Debtors have against other Persons up to and including the Effective Date. After the Effective Date, any such right shall pass to the Reorganized Debtors as contemplated in Article 11.1 of this Plan, without the need for further approval of the Bankruptcy Court.

**11.4    Release By Debtors Of Certain Parties. Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of this Plan, effective as of the Effective Date (and with respect to the DIP Lenders, the DIP Agent, and the members of the DIP Steering Committee, upon the consummation of the DIP ^ Transfer, which shall be deemed to occur on the Effective Date), each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in this Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.**

**11.5    Release By Holders Of Claims And Interests . On the Effective Date, (a) each Person who votes to accept this Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under this Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with this Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of,**

or the transaction or event giving rise to, the claim of such Release Obligor, the business or contractual arrangements between any Debtor and Release Obligor or any Released Party, the restructuring of the claim prior to the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction, obligation, restructuring, or the Chapter 11 Cases, including, but not limited to, any claim relating to, or arising out of the Debtors' Chapter 11 Cases, the negotiation and filing of this Plan, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of this Plan, the Disclosure Statement, the Plan Exhibits, the Delphi-PBGC Settlement Agreement, the Credit Bid, the Master Disposition Agreement, the ^ Union Settlement Agreements, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with either this Plan or any other agreement with the Unions, including but not limited to the Union Settlement Agreements, or any other act taken or not taken consistent with the Union Settlement Agreements in connection with the Chapter 11 cases; provided, however, that (A) this Article 11.5 is subject to and limited by Article 11.13 of this Plan and (B) this Article 11.5 shall not release any Released Party from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Exchange Act, the Securities Act, or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding the foregoing, all releases given by GM to (i) the Debtors and the Debtors' Affiliates shall be as set forth in the Delphi-GM Global Settlement Agreement and (ii) the Unions shall be as set forth in the Union Settlement Agreements.

11.6    Release By Unions. The releases provided for in (i) Section K.3 of the UAW-Delphi-GM Memorandum of Understanding, (ii) Section H.3 of the IUE-CWA-Delphi-GM Memorandum of Understanding, (iii) Section G.3 of the USW Memoranda of Understanding, (iv) Section F.3 of the IUOE Local 18S Memorandum of Understanding and IUOE Local 832S Memorandum of Understanding and Section E.3 of the IUOE Local 101S Memorandum of Understanding, (v) Section F.3 of the IBEW E&S Memorandum of Understanding and the IBEW Powertrain Memorandum of Understanding, and (vi) Section F.3 of the IAM Memorandum of Understanding are incorporated by reference herein in their entirety.

11.7    Release Of GM By Debtors And Third Parties. On the Effective Date, GM and the other GM-Related Parties (as defined in the Delphi-GM Global Settlement Agreement) shall receive all releases provided for in Section 4.01 of the Delphi-GM Global Settlement Agreement, which provisions are incorporated by reference herein in their entirety.

11.8    ^ Release of GMCo. By Debtors And Third Parties. On the Effective Date, GMCo. shall receive the same releases provided for GM-Related Parties (as defined in the Delphi-GM Global Settlement Agreement) in Section 4.01 of the Delphi-GM Global Settlement Agreement as though it were a party thereto, which provisions are incorporated

otherwise affected in any way by the Chapter 11 Cases); (b) the Debtors or the Reorganized Debtors, as the case may be, shall maintain directors' and officers' insurance providing coverage for those Indemnitees currently covered by such policies for the remaining term of such policy and shall maintain tail coverage under policies in existence as of the Effective Date for a period of six years after the Effective Date, to the fullest extent permitted by such provisions, in each case insuring such parties in respect of any claims, demands, suits, Causes of Action, or proceedings against such Persons based upon any act or omission related to such Person's service with, for, or on behalf of the Debtors in at least the scope and amount as currently maintained by the Debtors (the "Insurance Coverage") and hereby further indemnify such Indemnitees without Continuing Indemnification Rights solely to pay for any deductible or retention amount that may be payable in connection with any claim covered under either the foregoing Insurance Coverage or any prior similar policy in an aggregate amount not to exceed $10 million; (c) the insurers who issue the Insurance Coverage shall be authorized to pay any professional fees and expenses incurred in connection with any action relating to any Indemnification Rights and Continuing Indemnification Rights; and (d) the Debtors or the Reorganized Debtors, as the case may be, shall indemnify Indemnitees with Continuing Indemnification Rights and agree to pay for any deductible or retention amount that may be payable in connection with any claim covered under either the foregoing Insurance Coverage or any prior similar policy. Notwithstanding subclause (a) above, pursuant to the Stipulation and Agreement of Insurance Settlement (the "Insurance Stipulation") the Delphi Officers' and Directors' (as defined in the Insurance Stipulation) indemnification claims related to the MDL Actions and related government investigations and proceedings have been estimated at $0 for all purposes in these cases, and the Delphi Officers and Directors have released all such indemnification claims against Delphi, subject to the Delphi Officers' and Directors' right to assert an indemnification claim against Delphi for legal fees and expenses incurred in the defense of unsuccessful claims asserted as a defense or set-off by Delphi against the Delphi Officers and Directors related to the MDL Actions or related government investigations and proceedings, all as more particularly set forth in the Insurance Stipulation.

**11.13    Exclusions And Limitations On Exculpation, Indemnification, And Releases.**  Notwithstanding anything in this Plan to the contrary, no provision of this Plan, the Confirmation Order, or the Modification Approval Order, including, without limitation, any exculpation, indemnification, or release provision, shall modify, release, or otherwise limit the liability of any Person not specifically released hereunder, including, without limitation, any Person who is a co-obligor or joint tortfeasor of a Released Party or who is otherwise liable under theories of vicarious or other derivative liability.

**11.14    Injunction. Subject to Article 11.13 of this Plan, ^ the satisfaction, release, and discharge pursuant to this Article XI shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.**

## ARTICLE XII

## CONDITIONS PRECEDENT

Ogletree
Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys at Law*

Governor's Place
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, MI 48304
Telephone: 248.593.6400
Facsimile: 248.593.2603
www.ogletreedeakins.com

# FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **DATE:** April 27, 2010 | | **CLIENT/MATTER NO.:** . | |
| **TO:** | | **PHONE** | **FAX** |
| Manda Westervelt | | | (989) 752-6202 |
| **FROM:** | | **PHONE** | **FAX** |
| Debra A. Colby | | 248.723.6140 | 248.593.2603 |

**PAGES:** 26 (includes cover page)

Original Will Be Sent VIA U.S. Mail

If problems arise with receipt of this transmission, please contact: Debra A. Konieczko at 248.723.6147.

**MESSAGE:**

Atlanta • Austin • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Denver • Greensboro
Greenville • Houston • Indianapolis • Jackson • Kansas City • Las Vegas • Los Angeles • Memphis • Miami • Minneapolis • Morristown • Nashville • New Orleans
Orange County • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

*CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

P. 1

* * * Communication Result Report ( Apr.27. 2010 2:54PM ) * * *

1) Ogletree Deakins 248-593-2603
2) 248-593-2604

Date/Time: Apr.27. 2010 2:50PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 1067 | Memory TX | 19897526202 | P. 26 | OK | |

Reason for error
E.1) Hang up or line fail
E.2) Busy
E.3) No answer
E.4) No facsimile connection
E.5) Exceeded max. E-mail size

# **Exhibit F**

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
Case 1:09-cv-14383-TLL-CEB   Document 16   Filed 06/02/10   Page 1 of 15
A-1 to H    Pg 96 of 243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

          Plaintiff,

                                   Case No. 09-14383
v.                                  Hon. Thomas L. Ludington
                                   Mag. Judge Charles E. Binder

DPH HOLDINGS CORPORATION,

          Defendant.

---

VICTOR J. MASTROMARCO, JR. (P34564)    RICHARD M. TUYN (P29091)
MANDA L. WESTERVELT (P62597)         DEBRA A. COLBY (P60438)
The Mastromarco Firm                   Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Plaintiff                 Attorneys for Defendant
1024 N. Michigan Ave.                33 Bloomfield Hills Parkway, Suite 120
Saginaw, Michigan 48602             Bloomfield Hills, Michigan 48304
(989) 752-1414                        (248) 593-6400
vmastromar@aol.com                  richard.tuyn@ogletreedeakins.com
westervm@gmail.com                  debra.colby@ogletreedeakins.com

---

## DEFENDANT DPH HOLDINGS CORPORATION'S
## MOTION TO STAY DISCOVERY AND ALL PRE-TRIAL PROCEEDINGS

    Defendant DPH Holdings Corporation, through its undersigned attorneys, states as follows in support of its Motion to Stay Discovery and All Pre-Trial Proceedings:

    1.    Federal Rule of Civil Procedure 26(c) provides that the Court may limit discovery upon good cause to avoid undue burden or expense.

    2.    Plaintiff filed this action seeking damages following termination of her employment with Defendant on August 31, 2009, and subsequent termination of her Long Term Disability Benefits.

05-44481-rdd    Doc 20320-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
Case 4:09-cv-43003-LL-CEB Document 16    Filed 06/01/10    Page 2 of 16
A-1 to H    Pg 97 of 243

3.      Claims against Defendant such as the one raised by Plaintiff were previously discharged in bankruptcy.  Further, the bankruptcy court issued an order enjoining litigation of any discharged claims.

4.      Defendant will be filing a motion in bankruptcy court seeking appropriate relief from this lawsuit.

5.      Discovery is not necessary to determine whether Plaintiff's lawsuit is barred by the Bankruptcy Court's prior Orders.

6.      Any discovery in this lawsuit would be an undue burden and a waste of resources given the likelihood that Plaintiff's lawsuit should be dismissed and enjoined from proceeding.

7.      Defendant's counsel in good faith conferred with Plaintiff's counsel and provided various documentation showing that this matter should be dismissed in an effort to resolve the dispute without court action.  Concurrence was not forthcoming to either dismiss this matter in its entirety or for a stay in proceedings.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an Order Staying all Discovery and pre-trial proceedings until the Bankruptcy Court enters an order determining whether Plaintiff's lawsuit is barred.

Respectfully submitted,

s/Richard M. Tuyn
Richard M. Tuyn (P29091)
Debra A. Colby (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart,, PLLC
Attorneys for Defendant
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
richard.tuyn@ogletreedeakins.com
Dated:  May 12, 2010                                          debra.colby@ogletreedeakins.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on May 12, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Victor J. Mastromarco, Esq. and Manda L. Westervelt, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

                                 s/Richard M. Tuyn
                                 Richard M. Tuyn (P29091)
                                 Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
                                 Attorneys for Defendant
                                 33 Bloomfield Hills Parkway, Ste. 120
                                 Bloomfield Hills, Michigan 48304
                                 (248) 593-6400
                                 richard.tuyn@ogletreedeakins.com

8625330.1 (OGLETREE)

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 99 of 243
Case 1:09-cv-14383-TLL-CEB   Document 16   Filed 06/05/10   Page 4 of 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

        Plaintiff,

                                  Case No. 09-14383

v.                                Hon. Thomas L. Ludington

                                  Mag. Judge Charles E. Binder

DPH HOLDINGS CORPORATION,

        Defendant.

---

VICTOR J. MASTROMARCO, JR. (P34564)    RICHARD M. TUYN (P29091)
MANDA L. WESTERVELT (P62597)         DEBRA A. COLBY (P60438)
The Mastromarco Firm                       Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Plaintiff                  Attorneys for Defendant
1024 N. Michigan Ave.                   33 Bloomfield Hills Parkway, Suite 120
Saginaw, Michigan 48602              Bloomfield Hills, Michigan 48304
(989) 752-1414                         (248) 593-6400
vmastromar@aol.com                 richard.tuyn@ogletreedeakins.com
westervm@gmail.com                  debra.colby@ogletreedeakins.com

---

**DEFENDANT DPH HOLDINGS CORPORATION'S
BRIEF IN SUPPORT OF MOTION TO
STAY DISCOVERY AND ALL PRE-TRIAL PROCEEDINGS**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES..................................................................................................ii

ISSUE PRESENTED........................................................................................................iii

CONTROLLING AUTHORITY .........................................................................................iv

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL AND LEGAL BACKGROUND...................................................... 1

III.  ANALYSIS ..................................................................................................... 4

IV.   CONCLUSION ............................................................................................... 6

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Chavous v. District of Columbia Fin. Responsibility &*
*Mgmt. Assistance Auth.*, 201 F.R.D. 1 (D.D.C.2001) ................................................5

*Cromer v. Bramen,*
No. 1:07-CV-9, 2007 WL 3346675 (W.D. Mich. Nov. 7, 2007) ........................................5, 6

*Fleming v. Commerce Bank, N.A.,*
No. 08-2226, 2008 WL 4758606 (D. Kan. Oct. 27, 2008) ........................................5

*Nichols v. Baptist Mem'l Hosp.,*
No. 02-2561, 2004 WL 2905406 (W.D. Tenn. April 2, 2004) ................................................5

*Petrus v. Bowen,*
833 F.2d 581 (5th Cir.1987) ........................................5

*Sobczak v. Correctional Medical Servs., Inc.,*
No. 1:09-CV-57, 2010 WL 597239 (W.D. Mich. Feb. 17, 2010) ...........................................5

*Stewart v. Geostar Corp.,*
No. 08-13675-BC, 2008 WL 1882698 (E.D. Mich. April 24, 2008)........................................5

*Williams v. Scottrade, Inc.,*
No. 06-10677, 2006 WL 1722224 (E.D. Mich. June 19, 2006) ................................................4

**STATUTES**

11 U.S.C. § 1127(b) ................................................................................................2

11 U.S.C. § 1141(d) ................................................................................................3

**RULES**

Federal Rule of Civil Procedure 26(c) ................................................................4, 5

## **ISSUE PRESENTED**

Should discovery and all pre-trial proceedings in this matter be stayed pending an order from the bankruptcy determining whether this matter is barred?

Defendant Answers:   Yes

## CONTROLLING AUTHORITY

<u>Williams v. Scottrade, Inc.</u>, No. 06-10677, 2006 WL 1722224 (E.D. Mich. June 19, 2006)

<u>Nichols v. Baptist Mem'l Hosp.</u>, No. 02-2561, 2004 WL 2905406 (W.D. Tenn. April 2, 2004)

<u>Sobczak v. Correctional Medical Servs., Inc.</u>, No. 1:09-CV-57, 2010 WL 597239 (W.D. Mich. Feb. 17, 2010)

<u>Stewart v. Geostar Corp.</u>, No. 08-13675-BC, 2008 WL 1882698 (E.D. Mich. April 24, 2008)

<u>Cromer v. Bramen</u>, No. 1:07-CV-9, 2007 WL 3346675 (W.D. Mich. Nov. 7, 2007)

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 104 of 243
Case 1:09-cv-43082-LL-CEB   Document 16   Filed 06/5/10   Page 9 of 16

## I.   INTRODUCTION

Any claim or potential claim raised by this Plaintiff, which claims accrued prior to October 6, 2009, and for which no administrative claim was filed, were discharged in bankruptcy.  Further, an injunction issued enjoining claimants from litigating such claims.  Nevertheless, Plaintiff filed this matter seeking to litigate claims arising from her termination from Defendant on August 31, 2009.  This claim was clearly discharged, Plaintiff should be enjoined from pursuing this matter, and Defendant will seek the appropriate relief in Bankruptcy Court.  In the interim, Defendant respectfully requests that this Honorable Court stay discovery and all other pre-trial proceedings pending an Order from the Bankruptcy Court determining whether this matter is barred.

## II.   FACTUAL AND LEGAL BACKGROUND

Plaintiff, Leigh Ochoa was employed by Delphi Corporation (old Delphi) until her termination on approximately August 31, 2009.  *See* Complaint ¶ 8.  Old Delphi initially filed for bankruptcy in 2005.  *See* Bankruptcy Docket, www.dphholdingsdocket.com.  On October 6, 2009, subsequent to Plaintiff's termination, old Delphi emerged from bankruptcy with a new name, DPH Holdings Corporation.[1]  Pursuant to the Bankruptcy Court's orders, Plaintiff was provided notice that she had until November 5, 2009 to file an administrative claim, or her action would be barred.  Specifically, Paragraph 47 of the Modification Approval Order provides in part (emphasis added):

> requests for payment of an Administrative [Expense] Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) **must be filed**, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, **with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days**

---

[1] Plaintiff named Delphi Corporation d/b/a DPH, Holdings Co. as the Defendant in this matter.  Pursuant to a Stipulation and Order, the name of the Defendant was changed to the proper Defendant, DPH Holdings Corporation.

1

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 105 of 243
Case 1:09-cv-04383-TLL-CEB   Document 15   Filed 06/12/10   Page 10 of 15

**notice of after the Effective Date[2] is filed on the docket of the Chapter 11 Cases** [November 5, 2009].   **Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors**.

*See* Exhibit 1, July 30, 2009 Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (the "Modification Approval Order"), pg. 75, ¶ 47 (Docket No. 18707).[3]

Based on the occurrence of the Effective Date on October 6, 2009, the bar date for filing Administrative Expense Claims for claims arising on or after June 1, 2009 was established as November 5, 2009 (the "Final Administrative Expense Bar Date").   Due and proper notice of the Final Administrative Expense Bar Date was provided to Plaintiff on or prior to October 9, 2009 through service of the Effective Date Notice.   *See* Exhibit 2, Affidavit of Evan Gershbeim, Docket No. 18978.[4]

Plaintiff filed the instant action alleging that her employment was terminated on August 31, 2009 so as to deny her long term disability benefits.   Assertion of this type of claim falls squarely into the types of claims that were required to be filed by the Final Administrative Expense Bar Date as set forth in paragraph 47 of the Modification Approval Order.   Plaintiff failed to timely file an Administrative Expense Claim on or prior to the Final Administrative Expense Bar Date and **thus is barred from asserting any claim that arose on or after June 1,**

---

[2] The Effective Date occurred on October 6, 2009.
[3] Defendant is attaching relevant portion of documents from the Bankruptcy filings to this Brief.  Complete copies of all documents, as well as the entire docket history, is available at www.dphholdingsdocket.com.
[4] Plaintiff was also provided notice of the Initial Administrative Expense Bar Date prior to June 20, 2009.  See Exhibit 3, Affidavit of Evan Gershbein (Docket No. 17267).  Defendant concedes however, that since Plaintiff was not terminated until approximately August 31, 2009, she had until November 5, 2009 to file her claim.

2009 against any of the Debtors, including without limitation, Delphi Corporation, n/k/a DPH Holdings Corporation.

Because Plaintiff failed to file an Administrative Expense Claim before the applicable bar dates, pursuant to the Bankruptcy Court's order, any administrative expense claim that may have been assertable by Plaintiff shall be disallowed automatically. Moreover, pursuant to the discharge of the Debtors contained in Article 11.2 of the Modified Plan, Plaintiff may only receive a distribution on its claim as provided by the Modified Plan. Specifically, under 11 U.S.C. § 1141(d) and pursuant to the terms of the Modification Approval Order and the Modified Plan, upon the Effective Date, all claims against the Debtors that arose on or prior to the Effective Date were discharged. Specifically, Article 11.2 of the Modified Plan provides that:

> the distributions and rights that are provided in [the Modified] Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to [the Modified] Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date

Exhibit 1, July 30, 2009 Order, Exhibit A, Modified Plan, pg. 60, Art. 11.2 (Docket No. 18707).

In addition, upon the effectiveness of the Modified Plan, an injunction was imposed. Specifically, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover against any claim against the Debtors that arose on or prior to October 6, 2009. Article 11.14 of the Modified Plan provides that (emphasis added):

> the satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] **shall act as an injunction against any Person commencing or continuing any action**, employment of process, or act **to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged** under

[the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code . . .

Exhibit 1, July 30, 2009 Order, Exhibit A, Modified Plan, pg. 65, Art. 11.14 (emphasis added).

Similarly, paragraph 22 of the Modification Approval Order provides that:

> the Debtors and all Persons **shall be precluded and permanently enjoined** on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Exhibit 1, July 30, 2009 Order, pg. 54, ¶ 22. Accordingly, the permanent injunction in the Modified Plan and Modification Approval Order prohibits the commencement or continuation of any action to recover any claim against the Debtors that arose on or prior to October 6, 2009, including this action.

Based on the Bankruptcy Court's orders, this case is improper and Defendant is preparing to file a motion with the Bankruptcy Court to enforce is orders and enjoin this lawsuit. In the interim, Defendant respectfully requests that this Honorable Stay Discovery and other proceedings pending the Bankruptcy Court's decision.

### III.   ANALYSIS

The Court has discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the disposition of dispositive motion. *See, e.g.*, <u>Williams v. Scottrade, Inc.</u>, No. 06-10677, 2006 WL 1722224, at * 1 (E.D. Mich. June 19, 2006). Specifically, a court may,

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 108 of 243
Case 1:09-cv-04383-TLL-CEB    Document 15    Filed 06/12/10    Page 43 of 45

upon good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c). "[S]taying discovery pending determination of a dispositive motion is an appropriate exercise of he court's discretion." Nichols v. Baptist Mem'l Hosp., No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004)(internal citations omitted).

Courts in this circuit have repeatedly held that staying discovery is proper pending a decision on a dispositive motion. *See, e.g.*, Sobczak v. Correctional Medical Servs., Inc., No. 1:09-CV-57, 2010 WL 597239 (W.D. Mich. Feb. 17, 2010); Stewart v. Geostar Corp., No. 08-13675-BC, 2008 WL 1882698, at *6 (E.D. Mich. April 24, 2008)(J. Ludington); Cromer v. Bramen, No. 1:07-CV-9 (2007 WL 3346675 (W.D. Mich. Nov. 7, 2007). There is no reason for the parties to engage in discovery until the court has resolved the preliminary issues raised in the pending dispositive motion. *See* Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir.1987)("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C.2001)("[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources") (internal quotation marks and citations omitted); *see also*, Fleming v. Commerce Bank, N.A., No. 08-2226, 2008 WL 4758606, at *1 (D. Kan. Oct. 27, 2008)(a decision to stay discovery and all pretrial proceedings is firmly vested in the sound discretion of the trial court, especially where the case is likely to be resolved by a dispositive motion, facts sought through discovery will not impact the dispositive motion, or where discovery would be wasteful and burdensome).

Here, based on the Bankruptcy Court's prior orders, Plaintiff's lawsuit is untimely and her claims have already been discharged.  Further, the Bankruptcy Court issued an injunction precluding a plaintiff from litigating discharged claims such as the claims raised in this lawsuit. Stated simply, this lawsuit is improper, no discovery is necessary for the Bankruptcy Court to decide whether Plaintiff's claims are barred, and any further discovery in this matter would be a waste of resources.  Defendant's counsel provided various materials to Plaintiff's counsel outlining the reasons that Plaintiff's claims were barred, *see* Exhibit 4, but Plaintiff is unwilling to voluntarily dismiss this action at this time.

Accordingly, Defendant anticipates filing a motion in Bankruptcy Court in the near future to enforce its prior orders and obtain a ruling specifically finding Plaintiff's claims are barred. Under these circumstances, good cause exists and a stay of discovery is appropriate and "an eminently logical means to prevent wasting the time and effort of all concerned."  *See, e.g.*, Cromer v. Bramen, No. 1:07-CV-9, 2007 WL 3346675 (W.D. Mich. Nov. 7, 2007).

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court entering an Order Staying Discovery as well as all other pre-trial matters until the Bankruptcy Court issues an Order determining whether Plaintiff's action is barred.

Respectfully submitted,

s/Richard M. Tuyn
Richard M. Tuyn (P29091)
Debra A. Colby (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart,, PLLC
Attorneys for Defendant
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
richard.tuyn@ogletreedeakins.com
Dated:  May 12, 2010          debra.colby@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Victor J. Mastromarco, Esq. and Manda L. Westervelt, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

s/Richard M. Tuyn
Richard M. Tuyn (P29091)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
richard.tuyn@ogletreedeakins.com

8622781.2 (OGLETREE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

                Plaintiff,

                                          Case No. 09-14383

v.                                     Hon. Thomas L. Ludington

                                          Mag. Judge Charles E. Binder

DPH HOLDINGS CORPORATION,

                Defendant.

---

| | |
|---|---|
| VICTOR J. MASTROMARCO, JR. (P34564) | RICHARD M. TUYN (P29091) |
| MANDA L. WESTERVELT (P62597) | DEBRA A. COLBY (P60438) |
| The Mastromarco Firm | Ogletree, Deakins, Nash, Smoak & Stewart, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1024 N. Michigan Ave. | 33 Bloomfield Hills Parkway, Suite 120 |
| Saginaw, Michigan 48602 | Bloomfield Hills, Michigan 48304 |
| (989) 752-1414 | (248) 593-6400 |
| vmastromar@aol.com | richard.tuyn@ogletreedeakins.com |
| westervm@gmail.com | debra.colby@ogletreedeakins.com |

---

## INDEX OF EXHIBITS

**EXH**    **DESCRIPTION**

1    Order Approving Modifications

2    Affidavit of Evan Gershbein, Docket No. 18978

3    Affidavit of Evan Gershbein, Docket No. 17267

4    Information provided to Plaintiff's counsel

5    Unpublished cases

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                        :

In re                      :      Chapter 11
                        :

DELPHI CORPORATION, et al.,      :      Case No. 05-44481 (RDD)
                        :

            Debtors.      :      (Jointly Administered)
                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO (I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION, AS MODIFIED AND (II) CONFIRMATION ORDER (DOCKET NO. 12359)

#### ("PLAN MODIFICATION ORDER")

Upon the Court's Findings of Fact, Conclusions of Law, And Order Under

11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended

Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates,

Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed

Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

Upon the Debtors' Motion for Order (I) Approving Modifications to

Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures

and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to

Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3,

2008, (the "Plan Modification Approval Motion"); and

Upon the Debtors' (A) Supplement to Motion for Order (I) Approving

Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and



subject the Reorganized Debtors to any liability by reason of such transfer under the
Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation,
any laws affecting successor or transferee liability.

      20.    <u>Discharge, Releases, Limitations Of Liability, And
Indemnification</u>.  Pursuant to applicable law, including sections 105(a) and 1123(b)(3)
and (6) of the Bankruptcy Code, the discharge of the Debtors and any of their assets or
properties provided in Article 11.2 of the Modified Plan, as approved herein, the releases
set forth in Articles 11.4, 11.5, 11.6, and 11.7 of the Modified Plan, and the exculpation
and limitation of liability provisions set forth in Article 11.11 of the Modified Plan, are
deemed incorporated in this order as if set forth in full herein and are hereby approved as
an integral part of the Modified Plan and are fair, equitable, reasonable and in the best
interests of the Debtors, their estates, and holders of Claims and Interests; <u>provided,
however</u>, notwithstanding anything in this order, the exculpation provisions or releases
provided pursuant to Article 11 of the Modified Plan shall have no effect on the liability
of any entity that otherwise would result from any action or omission to the extent that
such action or omission is determined in a final order to have constituted intentional fraud
or willful misconduct.

      21.    <u>Limitation on Releases</u>.  None of the releases provided in the
Modified Plan, as modified herein, shall be applicable with respect to any of the Plan
Investors or their affiliates with respect to their obligations under the Investment
Agreement, the transactions contemplated thereby, or any litigation related thereto,
including any and all defendants to such actions.

22.    <u>Injunction</u>.  Except as otherwise specifically provided in the
Modified Plan, the MDA Documents, or this order and except as may be necessary to
enforce or remedy a breach of the Modified Plan, the Debtors and all Persons shall be
precluded and permanently enjoined on and after the Effective Date from (a)
commencing or continuing in any manner any Claim, action, employment of process, or
other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any
other right or Claim against the Reorganized Debtors, which they possessed or may
possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset,
recoupment, or recovery by any manner or means of any judgment, award, decree, order,
or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or
Claim against the Reorganized Debtors, which they possessed or may possess prior to the
Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with
respect to any Claim, Interest, Cause of Action, or any other right or Claim against the
Reorganized Debtors, which they possessed or may possess prior to the Effective Date,
and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged,
released, or subject to exculpation hereby or by the Modified Plan.

23.    <u>Automatic Stay</u>.  The stay in effect in the Chapter 11 Cases
pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the
Effective Date, and at that time shall be dissolved and of no further force or effect,
subject to the injunction set forth in the preceding paragraph and/or sections 524 and
1141 of the Bankruptcy Code and Article 11.14 of the Modified Plan; <u>provided</u>, <u>however</u>,
that nothing herein shall bar the filing of financing documents (including Uniform
Commercial Code financing statements, security agreements, leases, mortgages, trust

asserting against the Debtors or the Purchasing Entities, or the property of any of them, any default, counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors (a) arising prior to or existing as of the Effective Date with respect to any prepetition periods, except for Cure, (b) arising after the commencement of the chapter 11 cases but on or prior to June 1, 2009, except for such defaults as were asserted in an administrative expense claim filed against the Debtors on or prior to July 15, 2009 in accordance with the administrative claims procedures set forth in the Modification Procedures Order, and (c) arising after June 1, 2009 but on or prior to the Effective Date, except for such defaults as are asserted in an administrative claim filed in accordance with Article 10.5 of the Modified Plan. The failure of the Debtors or the Purchasing Entities to enforce at any time one or more terms or conditions of any Acquired Contract shall not be a waiver of such terms or conditions or of the Debtors' and the Purchasing Entities' rights to enforce every term and condition of the Acquired Contracts.

44. Bar Date For Rejection Damage Claims And Related Procedures. If the rejection by the Debtors, pursuant to the Modified Plan or otherwise, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against either the Debtors, the Reorganized Debtors, or such entities' properties unless a proof of claim is filed with the Claims Agent and served upon counsel to the Debtors and the Creditors' Committee within 30 days after the later of (a) entry of this order or (b) notice that the executory contract or unexpired lease has been rejected, unless otherwise ordered by the Court.

45. Record Date For Claims Distributions. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section

9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after June 8, 2009 (the "Claims Record Date"), and shall be entitled for all purposes herein to recognize and distribute only to those holders of Allowed Claims who are holders of such Claims, or participants therein, as of the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall instead be entitled to recognize and deal for all purposes under the Modified Plan with only those record holders stated on the official claims register or the transfer ledger, as the case may be, as of the Claims Record Date. On the Claims Record Date, the transfer ledgers of the Indenture Trustees or other agents or Servicers shall be closed, and there shall be no further changes in the record holders of securities. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize any transfer of the Senior Notes, the TOPrS, or the Subordinated Notes occurring after the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and Servicers shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the Claims Record Date, provided, however, that with respect to deceased record holders, the Indenture Trustee (as agent or Servicer as described in Section 9.5 of the Modified Plan) shall be authorized, but not directed, to recognize transfers to the appropriate heir, executor, or otherwise, following provision of notice together with such evidence of the transfer to the appropriate Indenture Trustee as is

reasonably satisfactory to the applicable Indenture Trustee. Such notice shall be effective only as to distributions due at least 60 days after such notice is accepted as satisfactory by the applicable Indenture Trustee. Nothing in this paragraph shall be applicable with respect to any claims held by the DIP Lenders or the DIP Agent.

46.     Substantial Contribution Compensation And Expenses Bar Date. Any Person (including the Indenture Trustees) who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the Court on or before the 45th day after notice of the Effective Date is filed on the docket of the Chapter 11 Cases (the "503 Deadline"), and serve such application on counsel for the Debtors, the Creditors' Committee, the United States Trustee for the Southern District of New York, and such other parties as may be directed by the Court and the Bankruptcy Code on or before the 503 Deadline, or be forever barred from seeking such compensation or expense reimbursement.

47.     Other Administrative Claims. All other requests for payment of an Administrative Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any

objection from the Debtors or the Reorganized Debtors.  The Debtors or the Reorganized

Debtors may settle an Administrative Claim without further Bankruptcy Court approval.

Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within

180 days after the Administrative Claims Bar Date (unless such objection period is

extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed

in the amount requested.  In the event that the Debtors or the Reorganized Debtors object

to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of

such Administrative Claim.

      48.    <u>Substantive Consolidation</u>.  For the reasons described in IV.C. of

the Supplemental Disclosure Statement and the evidence and arguments made, proffered,

or adduced at the Confirmation Hearing, certain of the Debtors' estates shall be

substantively consolidated as set forth in Article III of the Modified Plan, solely for the

purposes of voting on the Modified Plan and making distributions to holders of Claims

and Interests under the Modified Plan.

      49.    <u>Restructuring Transactions</u>.  The Restructuring Transactions

contemplated by Article 7.3 of the Modified Plan and described in Exhibit 7.3 to the

Modified Plan are approved. The Debtors and Reorganized Debtors and their officers are

authorized to take, on and after the Modification Approval Date, such actions as may be

necessary and appropriate to effectuate the relevant Restructuring Transactions, including,

without limitation, executing such documents as may be reasonably required in order to

effectuate the Restructuring Transactions. Each and every federal, state, and local

governmental agency or department is hereby directed to accept for filing and recording

65.   <u>Modifications To The Modified Plan</u>.  At the request of the

Debtors, the Modified Plan is hereby modified pursuant to section 1127 of the

Bankruptcy Code and as modified herein and as set forth on <u>Exhibit A</u> hereto.

Dated: New York, New York
     July 30, 2009

                          /s/ Robert D. Drain_____
                          UNITED STATES BANKRUPTCY JUDGE

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 120 of 243
Case 1:09-cv-04383-TCL CM   Document 16-2   Filed 05/12/10   Page 9 of 21   Exh. 1-A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - -x
                                 :

In re                        :     Chapter 11

                              :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)

                              :

                 Debtors.   :     (Jointly Administered)

                              :

- - - - - - - - - - - - - - - - - - - - - - - - -x

## FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Toll Free: (800) 718-5305
International: (248) 813-2698
John Wm. Butler, Jr.
Ron E. Meisler
Nathan L. Stuart
Allison K. Verderber Herriott

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Debtors and Debtors-in-Possession

Of Counsel
DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan 48098
(248) 813-2000
David M. Sherbin
Sean P. Corcoran
Karen J. Craft

Dated:       December 10, 2007

As Modified: January 25, 2008
             June 16, 2009
             July 30, 2009
             New York, New York

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 121 of 243
Case 1-05-cv-14389-ZLC-CEF Document 16   Filed 09/5/10   Page 4 of 21   Exh. 1-A

# TABLE OF CONTENTS

**Page**

ARTICLE I DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION
OF TIME .................................................................................................................4
   A.    Scope Of Definitions.........................................................................................4
   B.    Definitions.........................................................................................................4
       1.1    "503 Deadline".................................................................................4
      ^ 1.2   "Acquired Assets".............................................................................4
      ^ 1.3   "Acquired Contracts".......................................................................4
      ^ 1.4   "Administrative Claim".....................................................................4
      ^ 1.5   "Administrative Claims Bar Date".....................................................4
      1.6    "^ ADR Procedures" ........................................................................4
      ^ 1.7   "Affiliate Debtors"...........................................................................5
      1.8    "Affiliates".......................................................................................5
      1.^ 9  "Allowed ^ Claim"^ ........................................................................5
      1.^ 10 "Allowed Class . . . Claim" or "Allowed Class . . . Interest" .................5^ 6
      ^ 1.11 "Allowed Interest"............................................................................5
      ^ 1.12 "Assumed Liabilities".......................................................................6
      1.13  "^ Avoidance Claims" ......................................................................6
      1.14  "Ballot".............................................................................................6
      1.^ 15 "Bankruptcy Code"..........................................................................6
      1.^ 16 "Bankruptcy Court"..........................................................................6
      1.^ 17 "Bankruptcy Rules"...........................................................................6^ 6
      1.18  "Bar Date^ " ....................................................................................6
      1.19  "^ Bar Date Order".............................................................................6
      1.20  "^ Beneficiaries" ..............................................................................6
      1.21  "^ Business Day" ..............................................................................6
      1.22  "^ Buyers"........................................................................................7
      1.23  "Cash^ " ...........................................................................................7^ 7
      ^ 1.24 "Cash Reserve".................................................................................7
      1.25  "Causes of Action"...........................................................................7
      1.26  "Certificate^ " ..................................................................................7
      ^ 1.27 "Certificate of Incorporation and Bylaws" .......................................7
      1.28  "^ Chapter 11 Cases" .......................................................................7^ 7
      ^ 1.29 "Claim"..............................................................................................7
      1.30  "Claims Agent".................................................................................7
      1.31  "^ Claims/Interests Objection Deadline" .........................................7
      1.32  "^ Class"...........................................................................................7
      ^ 1.33 "Company Acquired Assets" .............................................................7^ 8
      ^ 1.34 "Company Assumed Contracts" ........................................................8
      ^ 1.35 "Company Assumed Liabilities"........................................................8
      ^ 1.36 "Company Buyer"..............................................................................8
      1.37  "Company Sales Securities" ..............................................................8
      ^ 1.38 "Confirmation Date" .........................................................................8^ 9
      1.^ 39 "Confirmation Hearing".....................................................................8
      ^ 1.40 "Confirmation Order" ........................................................................8
      ^ 1.41 "Connection Systems Debtors".........................................................8

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 122 of 243
Case 1-05-cv-14389-AL-CEB   Document 16   Filed 09/5/10   Page 11 of 2
Exhibits   Exh. 1-A

1.42   "Contingent PBGC Secured Claim" .......................................................8
1.43   "^ Continuing Indemnification Rights" ...............................................8
1.44   "^ Controlled Affiliate" .......................................................................8
1.45   "^ Credit Bid" ......................................................................................9
1.46   "^ Creditors' Committee" .....................................................................9
1.47   "^ Cure" ...............................................................................................9
^ 1.48   "Cure Amount Notice" .......................................................................9
^ 1.49   "Cure Amount Proposal" ....................................................................9
1.50   "^ DASHI Debtors" ..............................................................................9
1.51   "^ Debtor" ............................................................................................9
1.52   "^ Debtors" ...........................................................................................9
1.53   "Delphi^ " ............................................................................................9
^ 1.54   "Delphi-DAS Debtors" ........................................................................9
1.55   "Delphi-GM Arrangement" ................................................................10
^ 1.56   "Delphi-GM Definitive Documents" .................................................10
^ 1.57   "Delphi-GM Global Settlement Agreement" ...................................10
^ 1.58   "Delphi-GM Master Restructuring Agreement" ...............................10
^ 1.59   "Delphi HRP" .....................................................................................10
^ 1.60   "Delphi-PBGC Settlement Agreement" ......................................10^ 11
1.61   "DIP ^ Accommodation Agreement" ................................................10
1.62   "DIP Accommodation Agreement Order" .........................................10
1.^ 63   "DIP ^ Agent" ...................................................................................10
1.^ 64   "DIP ^ Claims" ..................................................................................10
1.65   "DIP Credit Agreement" ....................................................................11
1.^ 66   "DIP ^ Facility" .................................................................................11
^ 1.67   "DIP Facility First Priority Term Claim" .........................................11
1.^ 68   "DIP ^ Facility Order" ......................................................................11
^ 1.69   "DIP Facility Revolver Claim" ..........................................................11
1.^ 70   "DIP ^ Facility Second Priority Term Claim" ..................................11
1.^ 71   "DIP Lenders" ....................................................................................11
^ 1.72   "DIP Lenders Steering Committee" ..................................................11
^ 1.73   "DIP Loan Documents" ......................................................................11
1.74   "DIP Priority Payment Amount" ......................................................11
1.75   "DIP Transfer" ...................................................................................12
^ 1.76   "Disallowed Claim" ...........................................................................12
^ 1.77   "Disallowed Interest" .........................................................................12
^ 1.78   "Disbursing Agent" ...........................................................................12
^ 1.79   "Disclosure Statement" ......................................................................12
^ 1.80   "Disposition Transactions" ...............................................................12
^ 1.81   "Disputed Claim" or "Disputed Interest" ..........................................12
^ 1.82   "Distribution Date" .....................................................13^ 13^ 13^ 13^ 13
^ 1.83   "Distribution Reserve" ......................................................................13
1.84   "^ Effective Date" ..............................................................................13
1.85   "^ Emergence Capital" .......................................................................13
1.86   "^ Employee-Related Obligation" ....................................................13
^ 1.87   "Equity Committee" ...........................................................................13
1.88   "^ ERISA" ..........................................................................................13
^ 1.89   "ERISA Plaintiffs" .............................................................................13

1.90 "^ ERISA Settlement" .................................................................................13
1.91 "^ Estates" ..........................................................................................................13
1.92 "^ Exchange Act" ................................................................................................13
1.93 "^ Exhibit" ...........................................................................................................14
^ 1.94 "Exhibit Filing Date" .......................................................................................14
^ 1.95 "Existing Common Stock" ................................................................................14
1.96 "^ Existing Securities" ........................................................................................14
1.97 "^ Face Amount" ................................................................................................14
^ 1.98 "Final Modification Hearing" ..........................................................................14
1.99 "Final Order" .......................................................................................................14
1.^ 100 "Flow-Through Claim" ...................................................................................14
^ 1.101 "General Unsecured Claim" ...........................................................................14
^ 1.102 "General Unsecured MDA Distribution" .......................................................14
1.^ 103 "GM^ " ..........................................................................................................15
1.^ 104 "GM ^ Acquired Assets" ...............................................................................15
1.^ 105 "GM ^ 414(l) Administrative Claim" ..........................................15^ 15^ 16^ 16
^ 1.106 "GM Administrative Claim" ...........................................................................15
^ 1.107 "GM Arrangement Administrative Claim" ....................................................15
^ 1.108 "GM Assumed Contracts" ..............................................................................15
^ 1.109 "GM Assumed Liabilities" .............................................................................15
^ 1.110 "GM Buyer(s)" ................................................................................................15
^ 1.111 "GMCo." .........................................................................................................15
1.112 "GM-PBGC Agreement" ...................................................................................15
1.113 "GM Sales Securities" .......................................................................................15
1.114 "^ GM Unsecured Claim" .................................................................................15
1.115 "^ Holdback Amount" ......................................................................................15
1.116 "Holdback Escrow Account" .............................................................................16
1.^ 117 "IAM" ............................................................................................................16
^ 1.118 "IAM Memorandum of Understanding" .........................................................16
^ 1.119 "IBEW" ...........................................................................................................16
^ 1.120 "IBEW E&S Memorandum of Understanding" ..............................................16
^ 1.121 "IBEW Powertrain Memorandum of Understanding" ...................................16
^ 1.122 "Impaired" .......................................................................................................16
^ 1.123 "Indemnification Rights" ................................................................................16
^ 1.124 "Indemnitee" ...................................................................................................16
1.^ 125 "Indenture Trustees" .....................................................................................16
^ 1.126 "Indentures" ....................................................................................................17
^ 1.127 "Insurance Coverage" .....................................................................................17
1.^ 128 "Insurance Settlement^ " ..............................................................................17
^ 1.129 "Intercompany Claim" ....................................................................................17
^ 1.130 "Intercompany Executory Contract" ..............................................................17
^ 1.131 "Intercompany Unexpired Lease" ..................................................................17
^ 1.132 "Interest" .........................................................................................................17
^ 1.133 "Investment Agreement" .................................................................................17
1.^ 134 "IRC" ..............................................................................................................17
^ 1.135 "IRC Section 414(l) Transfer" ..............................................................17^ 18
1.136 "^ IUE-CWA" .....................................................................................................17
1.137 "IUE-CWA 1113/114 Settlement Approval Order" ..........................................17

1.138   "IUE-CWA Benefit Guarantee" ........................................................17
1.139   "IUE-CWA Benefit Guarantee Term Sheet" .................................18
^ 1.140 "IUE-CWA-Delphi-GM Memorandum of Understanding" ............18
^ 1.141 "IUOE" ..........................................................................................18
^ 1.142 "IUOE Local 18S Memorandum of Understanding" .....................18
^ 1.143 "IUOE Local 101S Memorandum of Understanding" ...................18
^ 1.144 "IUOE Local 832S Memorandum of Understanding" ...................18
^ 1.145 "IUOE-IBEW-IAM OPEB Term Sheet" .......................................18
^ 1.146 "IUOE, IBEW, And IAM 1113/1114 Settlement Approval Order" 19^ 19^ 20
1.147   "^ Lead Plaintiffs" .........................................................................19
^ 1.148 "Management Compensation Plan" .................................................19
^ 1.149 "Master Disposition Agreement" ....................................................19
1.150   "^ Material Supply Agreement^ " ................................................19
1.151   "^ MDA Assumption And Assignment Notice" ............................19
1.152   "^ MDL Actions" ..........................................................................19
1.153   "^ MDL Court" .............................................................................19
1.154   "^ MDL Settlements" ....................................................................19
^ 1.155 "Modification Approval Date" .......................................................19
^ 1.156 "Modification Approval Order" .....................................................20
^ 1.157 "Modification Procedures Order" ...................................................20
1.158   "^ New Common Stock" ..............................................................20
^ 1.159 "Non-Represented Term Sheet" .....................................................20
^ 1.160 "Omitted Material Supply Agreement Objection Deadline" ...........20
1.161   "^ OPEB" ......................................................................................20
^ 1.162 "Ordinary Course Professionals Order" .........................................20
1.163   "^ Other Executory Contract" ......................................................20
1.164   "^ Other Interests" ......................................................................20
^ 1.165 "Other MDA Assumed Contracts" .................................................20
1.166   "^ Other Priority Claim" ..............................................................20
^ 1.167 "Other Unexpired Lease" ...............................................................20
1.168   "^ PBGC" ......................................................................................20
1.169   "^ PBGC Claims" .........................................................................20
1.170   "^ PBGC General Unsecured Claim" ...........................................20
1.171   "Pension Plans" ...............................................................................21
^ 1.172 "Periodic Distribution Date" ..........................................................21
^ 1.173 "Person" ..........................................................................................21
^ 1.174 "Petition Date" ...............................................................................21
^ 1.175 "Plan" ..............................................................................................21
^ 1.176 "Plan Investors" ..............................................................................21
^ 1.177 "Plan Objection Deadline" ..............................................................21
^ 1.178 "Post-Confirmation Reorganized DPH Holdings Share Trust" .......21
^ 1.179 "Post-Confirmation Trust Agreement" ...........................................21
^ 1.180 "Post-Confirmation Trust Plan Administrator" ........................22^ 22
1.181   "^ Prepetition Employee-Related Obligation" ...........................22
^ 1.182 "Prepetition Employee-Related Obligations Bar Date" ..................22
^ 1.183 "Priority Tax Claim" .......................................................................22
1.184   "^ Pro Rata" .................................................................................22
1.185   "^ Professional" ............................................................................22

iv

1.186 "Professional Claim" ........................................................................22
1.187 "Professional Fee Order" ..................................................................22
1.188 "Reinstated" or "Reinstatement" .......................................................22
1.189 "Released Parties" ............................................................................23
1.190 "Reorganized . . ." ...........................................................................23
1.191 "Reorganized Debtor" or "Reorganized Debtors" ...............................23
1.192 "Reorganized DPH Holdings" ...........................................................23
1.193 "Required Lenders" ..........................................................................23
1.194 "Restructuring Debtors" ...................................................................23
1.195 "Restructuring Transaction(s)" .........................................................23
1.196 "Restructuring Transaction Notice" ..........................24 24 24 24
1.197 "Retained Actions" ...........................................................................24
1.198 "Retained Assets" .............................................................................24
1.199 "Scheduled" ......................................................................................24
1.200 "Schedules" ......................................................................................24
1.201 "Section 510(b) Equity Claim" ..........................................................24
1.202 "Section 510(b) ERISA Claim" ...........................................................24
1.203 "Section 510(b) Note Claim" .............................................................24
1.204 "Section 510(b) Opt Out Claim" ........................................................25
1.205 "Section 510(b) Opt Out Equity Claim" .............................................25
1.206 "Section 510(b) Opt Out Note Claim" ................................................25
1.207 "Secured Claim" ................................................................................25
1.208 "Securities Act" .................................................................................25
1.209 "Securities Settlement" .....................................................................25
1.210 "Security" ..........................................................................................25
1.211 "Security And Pledge Agreement" .....................................................25
1.212 "Senior Notes" ..................................................................................25
1.213 "Senior Notes Claim" ........................................................................25
1.214 "Senior Notes Indenture" ..................................................................25
1.215 "Senior Notes Indenture Trustee" ......................................................25
1.216 "SERP" ..............................................................................................26
1.217 "SERP Claim" ....................................................................................26
1.218 "Servicer" ..........................................................................................26
1.219 "Solicitation Procedures Order" .........................................................26
1.220 "Specialty Electronics Debtors" .........................................................26
1.221 "Statutory Committees" ...........................................26 26 26
1.222 "Subordinated Notes" ........................................................................26
1.223 "Subordinated Notes Holder" ............................................................26
1.224 "Subordinated Notes Indenture" ........................................................26
1.225 "Subordinated Notes Indenture Trustee" ...........................................26
1.226 "Supplemental Distribution Account" .................................................26
1.227 "TOPrS" ............................................................................................26
1.228 "TOPrS Claim" ..................................................................................26
1.229 "UAW" ...............................................................................................26
1.230 "UAW 1113/1114 Settlement Approval Order" ..................................27
1.231 "UAW Benefit Guarantee" .................................................................27
1.232 "UAW Benefit Guarantee Term Sheet" ...............................................27
1.233 "UAW-Delphi-GM Memorandum of Understanding" ...........................27

v

^ 1.234 "Unimpaired" ........................................................27
1.^ 235 "Union Settlement Agreements" ............................27
^ 1.236 "Unions" ..............................................................27
1.^ 237 "USW^ " ..............................................................27
^ 1.238 "USW 1113/1114 Settlement Approval Order" ...........27
^ 1.239 "USW Benefit Guarantee" ....................................27
^ 1.240 "USW Benefit Guarantee Term Sheet" ....................28
1.^ 241 "USW-^ Delphi-GM Memoranda of Understanding" .............28
^ 1.242 "USW-Home Avenue Memorandum of Understanding" .............28
^ 1.243 "USW-Vandalia Memorandum of Understanding" .............28
^ 1.244 "Voting Deadline" ...............................................28
^ C.    Rules Of Interpretation ...........................................28
^ D.    Computation Of Time .............................................29
^ E.    References To Monetary Figures ..............................29
F.    Exhibits ...............................................................29
^ 29 ARTICLE II ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS ............29
2.^ 1    Administrative Claims .........................................29^ 30^ 30
^ 2.2    Priority Tax Claims ............................................30
^ 2.3    GM Administrative Claim ....................................30
ARTICLE ^ III CLASSIFICATION OF CLAIMS AND INTERESTS^ ..................30
^ 3.1    The Debtors .....................................................30
^ 3.2    ^ Classification Of Claims And Interests ...................31
ARTICLE IV IDENTIFICATION OF CLASSES OF CLAIMS AND INTERESTS
IMPAIRED AND UNIMPAIRED BY THE PLAN ....................................32
^ 4.1    Classes Of Claims That Are Unimpaired .....................32
^ 4.2    Impaired Classes Of Claims And Interests ...................32
^ ARTICLE V PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS ..................33
5.1    Class 1A-1, Class 3A-1, and Class 4A-1 (Secured Claims) ......................33
5.2    Class 1B through Class 12B (Flow-Through Claims) .................33
5.3    Class 1C-1 through Class 12C-1 (General Unsecured Claims) ................33
5.4    Class 1C-2 through Class 12C-2 (PBGC Claims) ..................34
5.5    Class 1D through Class 12D (GM Unsecured Claim) ................34^ 34^ 34
^ 5.6    Class 1E (Section 510(b) Note Claims) ..........................34
5.^ 7    Class ^ 1F through Class 13F (Intercompany Claims) ...............34
^ 5.8    Class 1G-1 (Existing Common Stock) ..........................34
^ 5.9    Class 1G-2 (Section 510(b) Equity Claims) .....................34
^ 5.10    Class 1H and Class 8H (Section 510(b) ERISA Claims) ......................34
5.^ 11    Class ^ 1I (Other ^ Interests) ..................................35
^ 5.12    Class 1J through Class 12J (Interests In Affiliate Debtors) ...................35
^ 5.13    Class 1K through Class 12K (Other Priority Claims) ...................35
^ ARTICLE VI ACCEPTANCE OR REJECTION OF THE PLAN; EFFECT OF
REJECTION BY ONE OR MORE IMPAIRED CLASSES OF CLAIMS OR INTERESTS
........................35
6.^ 1    Impaired Classes Of Claims Entitled To Vote ...........................35
6.^ 2    Classes Deemed To ^ Accept The Plan .............................35
^ 6.3    Acceptance By Impaired Classes .................................35
^ 6.4    Classes Deemed To Reject The Plan .............................35
^ ^ 6.5    Prior Acceptances Or Rejections Of The Plan .........................36

^ 6.6    Approval of Modifications Subject To Sections 1127 And 1129(b) Of The Bankruptcy Code ....................................................36^ 36
^ ARTICLE VII MEANS FOR IMPLEMENTATION OF THE PLAN ...................36
    ^ 7.1    Continued Corporate Existence .................................................36
    ^ 7.2    Substantive Consolidation ........................................................36
    7.^ 3    Restructuring Transactions........................................................38
    ^ 7.4    Certificate Of Incorporation And Bylaws..................................38
    ^ 7.5    Directors And Officers Of Reorganized DPH Holdings And Affiliate Debtors. .........................................................................38
    ^ 7.6    Consummation Of Disposition Transactions To Occur On Effective Date...........................................................................................38
    ^ 7.7    Master Disposition Agreement..................................................39
    ^ 7.8    DIP Lender Credit Bid...............................................................39
    ^ 7.9    Post-Confirmation Reorganized DPH Holdings Share Trust ...................40
    ^ 7.10   Emergence Capital.....................................................................40
    ^ 7.11   Management Compensation Plan. ............................................40
    ^ 7.12   Procedures For Asserting Certain Claims..................................41
    ^ 7.13   Cancellation Of Existing Securities And Agreements.................41
    ^ 7.14   Sources of Cash For Plan Distributions .....................................42
    ^ 7.15   Establishment Of A General Unsecured Distribution Account. ................42
    ^ 7.16   Collective Bargaining Agreements.............................................42
    ^ 7.17   Pension Matters And PBGC Settlement. ...................................44
    ^ 7.18   Salaried OPEB Settlement ........................................................44
    ^ 7.19   Preservation Of Causes Of Action............................................45
    ^ 7.20   Reservation Of Rights................................................................45
    ^ 7.21   Exclusivity Period......................................................................45
    ^ 7.22   Dismissal Of Complaints. ..........................................................45
    ^ 7.23   Corporate Action........................................................................45
    ^ 7.24   Effectuating Documents; Further Transactions .........................45
    ^ 7.25   Consummation Of Divestiture Transactions...............................46
    ^ 7.26   Exemption From Certain Transfer Taxes And Recording Fees................46
^ ARTICLE VIII UNEXPIRED LEASES AND EXECUTORY CONTRACTS ..................46
    ^ 8.1    Assumed And Rejected Contracts And Leases............................46
    8.^ 2    Cure Procedures and ^ Payments Related To Assumption Of Executory Contracts ^ And Unexpired Leases^ ......................47
    ^ 8.3    Assignment Pursuant To Restructuring Transaction...................52
    8.4    Rejection Damages Bar Date ......................................................52
    8.5    Assumption and Assignment of Divestiture-Related Executory Contracts and Unexpired Leases..............................................52
ARTICLE IX PROVISIONS GOVERNING DISTRIBUTIONS ...................................53
    9.1    Time Of Distributions................................................................53
    9.2    No Interest On Disputed Claims....................................53^ 53^ 53^ 54
    ^ 9.3    Disbursing Agent........................................................................53
    ^ 9.4    Surrender Of Securities Or Instruments.....................................53
    ^ 9.5    Services Of Indenture Trustees, Agents, And Servicers...............54
    ^ 9.6    Claims Administration Responsibility.........................................54
    9.^ 7    Delivery Of ^ Distributions^ .................................................55

^ 9.8   Procedures For Treating And Resolving Disputed And Contingent
Claims ................................................................................................56
^ 9.9   Section 510(b) Opt Out Claims .......................................................57
^ 9.10 Allocation Of Plan Distributions Between Principal And Interest. ..........58
^ ARTICLE X ALLOWANCE AND PAYMENT OF CERTAIN ADMINISTRATIVE
CLAIMS      58
^ 10.1 DIP Facility Claims .........................................................................58
10.^ 2 Pre-Confirmation Administrative ^ Claim Procedures .......................58
^ 10.3 Professional Claims ........................................................................58
^ 10.4 Substantial Contribution Compensation And Expenses Bar Date ..........59
^ 10.5 Other Administrative Claims ...........................................................60
^ ARTICLE XI EFFECT OF THE PLAN ON CLAIMS AND INTERESTS .................60
^ 11.1 Revesting Of Assets .......................................................................60
^ 11.2 Discharge Of The Debtors ..............................................................60
^ 11.3 Compromises And Settlements ........................................................61
11.4   Release By Debtors Of Certain Parties ............................................61
11.5   Release By Holders Of Claims And Interests .....................................61
11.6   Release By Unions ..........................................................................62
11.7   Release Of GM By Debtors And Third Parties. ..................................62
11.8   ^ Release of GMCo. By Debtors And Third Parties ............. 62^ 63^ 63 63
^ 11.9 Setoffs ...........................................................................................63
^ 11.10 Subordination Rights .....................................................................63
11.11 Exculpation And Limitation Of Liability ...........................................63
11.12 Indemnification Obligations ............................................................64
11.13 Exclusions And Limitations On Exculpation, Indemnification, And
Releases ..............................................................................................65
11.14 Injunction .......................................................................................65
ARTICLE XII CONDITIONS PRECEDENT ................................65^ 66^ 66^ 66
^ 12.1 Confirmation ..................................................................................66
^ 12.2 Conditions To The Effective Date Of The Plan ..................................66
12.3   Waiver Of Conditions Precedent .....................................................66
ARTICLE XIII RETENTION OF JURISDICTION ...............................................67
ARTICLE XIV MISCELLANEOUS PROVISIONS ..............................................69
14.1   Binding Effect .................................................................................69
14.2   Payment Of Statutory Fees .............................................................69
14.3   Modification And Amendments ........................................................69
14.4   Reserved .............................................................69^ 69^ 70^ 70
^ 14.5 Withholding And Reporting Requirements ........................................69
^ 14.6 Committees .....................................................................................70
14.7   Revocation, Withdrawal, Or Non-Consummation ...............................70
14.8   Notices ...........................................................................................70
14.9   Term Of Injunctions Or Stays .........................................................72
14.10 Governing Law ...............................................................................72
14.11 No Waiver Or Estoppel ...................................................................73
14.12 Conflicts .........................................................................................73

# EXHIBITS

| | |
|---|---|
| Exhibit 7.3 | Restructuring Transactions Notice |
| Exhibit 7.4(a) | Certificate Of Incorporation For Reorganized DPH Holdings |
| Exhibit 7.4(b) | Bylaws Of Reorganized DPH Holdings |
| Exhibit 7.7 | Master Disposition Agreement |
| Exhibit 7.9 | Post-Confirmation Reorganized DPH Holdings Share Trust Agreement |
| Exhibit 7.11 | Management Compensation Plan |
| Exhibit 7.17 | Delphi-PBGC Settlement Agreement |
| Exhibit 7.19 | Retained Causes Of Action |
| Exhibit 8.1(a) | Executory Contracts And Unexpired Leases To Be Rejected |
| Exhibit 10.5 | Administrative Claim Request Form |

**10.5   Other Administrative Claims.**  All other requests for payment of an Administrative Claim (other than claims under the DIP Facility or as set forth in Article 10.1, Article 10.2, Article 10.3, or Article 10.4 of this Plan) must be filed, in substantially the form of the Administrative Claim Request Form attached hereto as Exhibit 10.5, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days after the Effective Date. Any request for payment of an Administrative Claim pursuant to this Article 10.5 that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval.  Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Administrative Claims Bar Date (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

## ARTICLE XI

## EFFECT OF THE PLAN ON CLAIMS AND INTERESTS

**11.1   Revesting Of Assets.**  Except as otherwise explicitly provided in this Plan, on the Effective Date, all property comprising the Estates (including Retained Actions and Retained Assets, but excluding property that has been abandoned pursuant to an order of the Bankruptcy Court or are the subject of any of the Disposition Transactions) shall revest in each of the Reorganized Debtors which, as Debtors, owned such property or interest in property as of the Effective Date, free and clear of all Claims, liens, charges, encumbrances, rights, and Interests of creditors and equity security holders.  As of and following the Effective Date, the Reorganized Debtors may operate their businesses and use, acquire, and dispose of property and settle and compromise Claims or Interests without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by this Plan, the Confirmation Order, and the Modification Approval Order.

**11.2   Discharge Of The Debtors.**  Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this Plan ^ , Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the

holder of such a Claim, right, or Interest accepted this Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the occurrence of the Effective Date.

**11.3    Compromises And Settlements.**  In accordance with Article 9.6 of this Plan, pursuant to Bankruptcy Rule 9019(a), the Debtors may compromise and settle various (a) Claims against, or Interests in, the Debtors and (b) Causes of Action that the Debtors have against other Persons up to and including the Effective Date.  After the Effective Date, any such right shall pass to the Reorganized Debtors as contemplated in Article 11.1 of this Plan, without the need for further approval of the Bankruptcy Court.

**11.4    Release By Debtors Of Certain Parties.  Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of this Plan, effective as of the Effective Date (and with respect to the DIP Lenders, the DIP Agent, and the members of the DIP Steering Committee, upon the consummation of the DIP ^ Transfer, which shall be deemed to occur on the Effective Date), each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in this Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.**

**11.5    Release By Holders Of Claims And Interests .  On the Effective Date, (a) each Person who votes to accept this Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under this Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with this Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of,**

otherwise affected in any way by the Chapter 11 Cases); (b) the Debtors or the Reorganized
Debtors, as the case may be, shall maintain directors' and officers' insurance providing coverage
for those Indemnitees currently covered by such policies for the remaining term of such policy and
shall maintain tail coverage under policies in existence as of the Effective Date for a period of six
years after the Effective Date, to the fullest extent permitted by such provisions, in each case
insuring such parties in respect of any claims, demands, suits, Causes of Action, or proceedings
against such Persons based upon any act or omission related to such Person's service with, for, or
on behalf of the Debtors in at least the scope and amount as currently maintained by the Debtors
(the "Insurance Coverage") and hereby further indemnify such Indemnitees without Continuing
Indemnification Rights solely to pay for any deductible or retention amount that may be payable in
connection with any claim covered under either the foregoing Insurance Coverage or any prior
similar policy in an aggregate amount not to exceed $10 million; (c) the insurers who issue the
Insurance Coverage shall be authorized to pay any professional fees and expenses incurred in
connection with any action relating to any Indemnification Rights and Continuing Indemnification
Rights; and (d) the Debtors or the Reorganized Debtors, as the case may be, shall indemnify
Indemnitees with Continuing Indemnification Rights and agree to pay for any deductible or
retention amount that may be payable in connection with any claim covered under either the
foregoing Insurance Coverage or any prior similar policy.  Notwithstanding subclause (a) above,
pursuant to the Stipulation and Agreement of Insurance Settlement (the "Insurance Stipulation")
the Delphi Officers' and Directors' (as defined in the Insurance Stipulation) indemnification claims
related to the MDL Actions and related government investigations and proceedings have been
estimated at $0 for all purposes in these cases, and the Delphi Officers and Directors have released
all such indemnification claims against Delphi, subject to the Delphi Officers' and Directors' right
to assert an indemnification claim against Delphi for legal fees and expenses incurred in the
defense of unsuccessful claims asserted as a defense or set-off by Delphi against the Delphi
Officers and Directors related to the MDL Actions or related government investigations and
proceedings, all as more particularly set forth in the Insurance Stipulation.

>    **11.13   Exclusions And Limitations On Exculpation, Indemnification, And
Releases.**  Notwithstanding anything in this Plan to the contrary, no provision of this Plan, the
Confirmation Order, or the Modification Approval Order, including, without limitation, any
exculpation, indemnification, or release provision, shall modify, release, or otherwise limit the
liability of any Person not specifically released hereunder, including, without limitation, any
Person who is a co-obligor or joint tortfeasor of a Released Party or who is otherwise liable under
theories of vicarious or other derivative liability.

>    **11.14   Injunction.  Subject to <u>Article 11.13</u> of this Plan, ^ the satisfaction,
release, and discharge pursuant to this <u>Article XI</u> shall act as an injunction against any
Person commencing or continuing any action, employment of process, or act to collect, offset,
or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under
this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including,
without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.**

<p style="text-align:center"><strong>ARTICLE XII</strong></p>

<p style="text-align:center"><strong><u>CONDITIONS PRECEDENT</u></strong></p>

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
            In re                                   :       Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :       Case No. 05-44481 (RDD)
                                                    :
                        Debtors.                    :       (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am
employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing
agent for the Debtors in the above-captioned cases.

On or before October 9, 2009, I caused to be served the document listed below
upon the parties listed on Exhibit A hereto via postage pre-paid U.S. mail:

Notice of (A) Order Approving Modifications to First Amended Joint Plan of
Reorganization of Delphi Corporation and Certain Affiliates, Debtors and
Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)

On or before October 13, 2009, I caused to be served the appropriate number of
copies of the document listed below (i) upon the service list attached hereto as Exhibit B,
for subsequent distribution to beneficial holders of Common Stock, CUSIP 172737 10 8; 6
½% Notes due 2009, CUSIP 247126 AB 1; 7 1/8% Notes due 2029, CUSIP 247126 AC 9;
6.55% Notes due 2006, CUSIP 247126 AD 7; 6.50% Notes due 2013, CUSIP 247126 AE
5; 8 ¼% Adjustable Rate Subordinated Note due 2033, CUSIP 247126 AF 2; and 6.197%
Junior Subordinated Note due 2033, CUSIP 247126 AG 0, via Overnight mail and hand
delivery; (ii) upon the parties set forth on Exhibit C via postage pre-paid U.S. Mail; (iii)
upon the registered holders of Common Stock listed on Exhibit D, provided by
Computershare as transfer agent, via postage pre-paid U.S. Mail; and (iv) upon the service
list attached hereto as Exhibit E via Electronic mail.

Notice of (A) Order Approving Modifications to First Amended Joint Plan of
Reorganization of Delphi Corporation and Certain Affiliates, Debtors and
Debtors-in-Possession and (B) Occurrence of Effective Date (Docket No. 18958)



0544481091015000000000001

Dated: October 14, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Evan Gershbein
　　　　　　　　　　　　　　　　　　　　　　　　　　　Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th day of October, 2009, by
Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who
appeared before me.

Signature: _/s/ Shannon J. Spencer_

Commission Expires: _6/20/10_

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

In re                       :      Chapter 11
                      :

DELPHI CORPORATION, et al.,    :      Case No. 05-44481 (RDD)
                      :

              Debtors.    :      (Jointly Administered)
                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases. I submit this Affidavit in connection with the service of the solicitation materials for the **First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified)** [Docket No. 17030] ("the Plan").

On December 1, 2005, the Court signed and entered an Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims, Noticing and Balloting Agent for Clerk of Bankruptcy Court [Docket No. 1374] designating KCC as the official Balloting Agent.

KCC is charged with the duty of printing and distributing Solicitation Packages to creditors and other interested parties pursuant to the instructions set forth in the **Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order")** [Docket No. 17032] ("Modification Procedures Order") as entered by the Court on June 16, 2009.

The various solicitation materials consist of the following documents:

1) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class A Secured Claims) ("Class A Ballot") (attached hereto as Exhibit A);

2) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-1 General Unsecured Claims) ("Class C-1 Ballot") (attached hereto as Exhibit B);



05-44481-rdd   Doc 20320-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exh. 3

3) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-2 Pension Benefit Guaranty Corporation Claims) ("Class C-2 Ballot") (attached hereto as <u>Exhibit C</u>);

4) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class D General Motors Corporation Claim) ("Class D Ballot") (attached hereto as <u>Exhibit D</u>);

5) Notice of (1) Approval of Supplement; (2) Hearing on Modifications to Plan; (3) Deadline and Procedures for Filing Objections to Modifications of Plan; (4) Deadline and Procedures for Temporary Allowance of Certain Claims for Voting Purposes; (5) Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Noticing, Voting, and Distribution Purposes; (6) Record Date; (7) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases, Exculpation, and Injunction in Modified Plan ("Final Modification Hearing Notice") (attached hereto as <u>Exhibit E</u>);

6) a letter from the Delphi Corporation Official Committee of Unsecured Creditors ("Creditors' Committee Letter") (attached hereto as <u>Exhibit F</u>);

7) First Amended Disclosure Statement Supplement with Respect to First Amended Plan of Reorganization (As Modified), Modification Procedures Order and December 10, 2007 Solicitation Procedures Order, in CD-ROM format ("CD-ROM")

8) Notice of Non-Voting Status with Respect to Certain Claims and Interests ("Notice of Non-Voting Status") (attached hereto as <u>Exhibit G</u>);

9) Notice to Unimpaired Creditors of (I) Filing of Proposed Modified Plan of Reorganization, (II) Treatment of Claims Under Modified Plan, (III) Hearing on Approval of Modified Plan, and (IV) Deadline and Procedures for Filing Objections Thereto ("Unimpaired Notice") (attached hereto as <u>Exhibit H</u>);

10) a memorandum from Kurtzman Carson Consultants to additional notice parties of ballot recipients ("Ballot Notice Party Memo") (attached hereto as <u>Exhibit I</u>);

11) Notice of Bar Date for Filing Proofs of Administrative Expense ("Administrative Bar Date Notice") (attached hereto as <u>Exhibit J</u>); and

12) Administrative Expense Claim Form ("Administrative Expense Claim Form") (attached hereto as <u>Exhibit K</u>).

On or before June 20, 2009, I caused to be served a personalized Class A Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on Exhibit L via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-1 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on Exhibit M via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-2 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on Exhibit N via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class D Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on Exhibit O via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit P via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit Q via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Unimpaired Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit R via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit S via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Ballot Notice Party Memo, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit T via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit U</u> via postage pre-paid U.S. mail.

Dated: June 23, 2009

_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 23rd day of June, 2009, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature _____

Commission Expires: _10-1-09_

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

Delphi Corporation
Creditor Matrix

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| OCHOA LEIGH | | | | | | BIRCH RUN | MI | 48415 | |

**Ogletree
Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

*Attorneys at Law*

Governor's Place
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, MI 48304
Telephone: 248.593.6400
Facsimile: 248.593.2603
www.ogletreedeakins.com

Richard M. Tuyn
richard.tuyn@ogletreedeakins.com

April 12, 2010

Manda L. Westervelt, Esq.
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan 48602

     RE:   *Leigh Ochoa v. DPH Holdings Co.*
           Case No 09-14383

Dear Ms. Westervelt:

    I write regarding *Leigh Ochoa v. DPH Holdings Co.* (the "Proceeding"). Please be aware that Plaintiff is precluded from proceeding by virtue of the Plan Modification Order entered by the United States Bankruptcy Court for the Southern District of New York on July 30, 2009. Specifically, your client is permanently enjoined from taking action in the Proceeding pursuant to Article 11.14 of the Defendant's plan of reorganization and paragraph 22 of the Bankruptcy Court's order approving the plan of reorganization. Moreover, because your client failed to file an administrative expense claim form in accordance with the procedures approved by the Bankruptcy Court evidencing the liabilities asserted in the Proceeding, your client's claim is barred. (*See* paragraph 47 of the Bankruptcy Court's order approving the Defendant's plan of reorganization; *see also*, paragraph 9, Notice of Effective Date.) Accordingly, we hereby have attached for your review and execution the enclosed joint stipulation agreeing to dismiss the Proceeding.

    If, by April 20, 2010, we have not heard from you in response to this letter, or if you indicate that you will not agree to voluntarily dismiss this case, the Defendant will be forced to exercise its legal alternatives including, but not limited to, instituting proceedings in the Bankruptcy Court to enforce the plan of reorganization approved by the Bankruptcy Court and stay the Proceeding. As a courtesy, I have enclosed a summary of the relevant procedural history and applicable provisions from the plan of reorganization and the Bankruptcy Court's orders. For a copy of relevant orders, as well the Notice of Effective Date, please go to http://www.dphholdingsdocket.com.

---

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
Case 1:09-cv-04383-TCL-CFE    Document 16-8    Filed 05/12/10    Page 2 of 30    Exh. 4
A-1 to H    Pg 142 of 243

Manda L. Westervelt, Esq.
April 12, 2010
Page 2

       Thank you for your immediate attention to this matter.

                    Very truly yours,

                    OGLETREE, DEAKINS, NASH,
                    SMOAK & STEWART, PLLC

                    Richard M. Tuyn

RMT/kv
Enclosures

8478598.1 (OGLETREE)

## SUMMARY OF PROCEDURAL HISTORY AND APPLICABLE PROVISIONS

In connection with the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (Docket No. 17030) (the "Modified Plan"),[1] the Debtors sought an order from the Bankruptcy Court, among other things, establishing a bar date for the submission of claims asserting administrative expense priority under 11 U.S.C. § 503(b) and approving the Modified Plan.  In connection therewith, and after notice and a hearing, on June 16, 2009, the Bankruptcy Court entered that certain Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date  (Docket No. 17032) (the "Modification Procedures Order").  Pursuant to paragraphs 38 and 41 of the Modification Procedures Order:

> [A]ny party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "[Initial] Administrative Expense Bar Date") for the period from the commencement of these cases through June 1, 2009.

Modification Procedures Order ¶38.

> [A]ny party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

Modification Procedures Order ¶41.

On July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order"), which confirmed the Modified Plan.  On October 6, 2009, the Modified Plan was substantially consummated and became effective.  On that date, the Debtors emerged from chapter 11 as reorganized entities (the "Reorganized Debtors") and many of the corporate entities changed their corporate names.

---

[1] All references herein to the Bankruptcy Court Docket can be found at www.dphholdingsdocket.com.

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 144 of 243
Case 1:09-cv-04383-TCL  Document 16-8  Filed 05/12/10  Page 4 of 30   Exh. 4

Paragraph 47 of the Modification Approval Order provides in part (emphasis added):

> [R]equests for payment of an Administrative [Expense] Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases [November 5, 2009].[2] **Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically** without the need for any objection from the Debtors or the Reorganized Debtors.

Modification Approval Order ¶ 47 (emphasis added).

In addition, the Modified Plan provides that:

> [T]he distributions and rights that are provided in [the Modified] Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to [the Modified] Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date . . . .

Modified Plan Art. 11.2.

> [T]he satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] **shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under [the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code** . . . .

Modified Plan Art. 11.14 (emphasis added).   Similarly, paragraph 22 of the Modification Approval Order provides that:

> [T]he Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to

---

[2]   The Effective Date of the Plan was October 6, 2009, which means Bar Date for Admin Claims that arose after June 1, 2009, was November 5, 2009.

the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶ 22.

8478598.1 (OGLETREE)

3

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 146 of 243
Case 1:09-cv-04383-TCL-CFH Document 16-8 Filed 05/12/10 Page 6 of 30   Exh. 4

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

*Attorneys at Law*

Governor's Place
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, MI 48304
Telephone: 248.593.6400
Facsimile: 248.593.2603
www.ogletreedeakins.com

Richard M. Tuyn
richard.tuyn@ogletreedeakins.com

April 27, 2010

**VIA FACSIMILE and U.S. Mail**
Manda L. Westervelt, Esq.
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan 48602

     RE:   *Leigh Ochoa v. DPH Holdings Co.*
           Case No 09-14383

Dear Ms. Westervelt:

     We received your letter indicating that you believe Plaintiff's claims are not barred by the bankruptcy proceedings. While we agree with your assessment of the language you cited, we would refer you to additional language which does bar your client's claims. By way of background, there were actually three bar dates in total. The first was for pre-petition (Pre-10/8/2005) claims which had to be filed by July 31, 2006. The second, usually referred to as the "Initial Administrative Claims Bar Date" was for claims arising from October 8, 2005 to June 1, 2009. The third, referred to as the "Final Administrative Claims Bar Date" was for claims arising after June 1, 2009 but before the Effective Date of the plan of reorganization (October 6, 2009). As you point out, Leigh Ochoa's claims fall into the latter category.

     In the Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession and (B) Occurrence of Effective Date (Docket No. 18958)(attached hereto as Exhibit A), it specifically states that the Effective Date of the Modified Plan is October 6, 2009. Under the Bankruptcy Court's Orders, all claims which accrued prior to the Effective Date (i.e., prior to October 6, 2009) had to be filed no later than November 5, 2009. Indeed, under the Administrative Bar Date section of the Notice of Effective Date, it specifically states that:

          Requests for payment of an Administrative Claim (other than as set forth in Article X of the Modified Plan), must be filed with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee *no later than November 5, 2009 or shall be disallowed automatically* without the need for any objection from the Debtors or Reorganized Debtors. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim on or prior to May 4, 2010 (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the

Manda L. Westervelt, Esq.
April 27, 2010
Page 2

        Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

This language is consistent with the Order Approving Modifications under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359)). Specifically, in Paragraph 47 of that Order it states:

        [R]equests for payment of an Administrative [Expense] Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims *arising **on or after June 1, 2009***) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases [November 5, 2009].[1] **Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically** without the need for any objection from the Debtors or the Reorganized Debtors.

Exhibit B, Modified Plan, Paragraph 47 (emphasis added). In addition, the Modified Plan provides that:

        [T]he distributions and rights that are provided in [the Modified] Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to [the Modified] Plan on account of such Claims, rights, and Interests, *including, but not limited to, Claims and Interests that arose before the Effective Date* . . . .

Modified Plan Art. 11.2(emphasis added).

        [T]he satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] **shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under**

---

[1] The Effective Date of the Plan was October 6, 2009, which means Bar Date for Admin Claims that arose after June 1, 2009, was November 5, 2009.

Manda L. Westervelt, Esq.
April 27, 2010
Page 3

> **[the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code . . . .**

Modified Plan Art. 11.14 (emphasis added).   Similarly, paragraph 22 of the Modification Approval Order provides that:

> [T]he Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, *which they possessed or may possess prior to the Effective Date*, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, *which they possessed or may possess prior to the Effective Date*, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, *which they possessed or may possess prior to the Effective Date*, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶ 22(emphasis added).

Based on these Orders, any claim that Leigh Ochoa had against Delphi had to be filed no later than November 5, 2009, and her current claims are untimely and improper.   We are attaching the relevant provisions of the Orders/notices for your ease of reference.   Complete copies of these documents are available at http/dphholdingsdocket.com.   After you have had an opportunity to review these documents, please advise whether you are willing to dismiss this action or whether a motion is necessary.   If we do no hear from you by May 3, 2010, we will be forced to file a motion to dismiss.

Thank you for your immediate attention to this matter.

Very truly yours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

Richard M. Tuyn

RMT/kv
Enclosures

# EXHIBIT A

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
Case 1-05-cv-14389-RDD-CEB    Document 16    Filed 05/12/10    Page 10 of 30    Exh. 4
A-1 to H    Pg 150 of 243

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

 - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -  -  x
                                                      :
        In re                                         :     Chapter 11
                                                      :
DELPHI CORPORATION, et al.,                           :     Case No. 05-44481 (RDD)
                                                      :
                              Debtors.                :     (Jointly Administered)
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - -  -  x

NOTICE OF (A) ORDER APPROVING MODIFICATIONS TO FIRST
AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION
AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION
AND (B) OCCURRENCE OF EFFECTIVE DATE

        1.       **Confirmation Of The Plan.**  On January 25, 2008 (the "Confirmation Date"), the United
States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order
confirming the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain
Affiliates, Debtors And Debtors-In-Possession, dated January 25, 2008 (the "Confirmed Plan"), in the
Chapter 11 Cases of Delphi Corporation and certain of its subsidiaries and affiliates, the debtors and
debtors-in-possession in the above-captioned cases (collectively, the "Debtors").



0544481091006000000000004

2.      **Approval Of Modifications To The Confirmed Plan.**  On July 30, 2009 (the "Modification Approval Date"), the Bankruptcy Court entered an order (the "Modification Approval Order") approving certain modifications to the Confirmed Plan embodied in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Modified Plan"), attached as Exhibit A to the Modification Approval Order.  Unless otherwise defined in this Notice Of (A) Order Approving Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date, capitalized terms and phrases used herein have the meaning(s) given to them in the Modified Plan and the Modification Approval Order.

3.      **Effective Date.**  On October 6, 2009, the Effective Date of the Modified Plan occurred. The Modified Plan was substantially consummated at a closing that occurred at the offices of Skadden, Arps, Slate, Meagher & Flom LLP in New York City, New York; provided however, that all of the transactions contemplated by the Master Disposition Agreement and related agreements to occur at the closing are effective for tax and accounting purposes as of 11:58 p.m., local time, on the Closing Date as defined in the Master Disposition Agreement.

4.      **Discharge Of Claims And Termination Of Interests.**  Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Modified Plan, Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in the Modified Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Modified Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the holder of such a Claim, right, or Interest accepted the Modified Plan.  Due to the occurrence of the Effective Date, the Modification Approval Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors.

5.      **Injunctions.**

(a)      Subject to Article 11.13 of the Modified Plan, the satisfaction, release, and discharge pursuant to Article XI of the Modified Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under the Modified Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

(b)      By accepting distributions pursuant to the Modified Plan, each Holder of an Allowed Claim shall be deemed to have specifically consented to the injunctions set forth in Article XI of the Modified Plan.

6.      **Release By Debtors Of Certain Parties.**  Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of the Modified Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action

2

existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Modified Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date, shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in the Modified Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.

7.   **Release By Holders Of Claims And Interests.**  On the Effective Date, (a) each Person who votes to accept the Modified Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Modified Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Modified Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transaction or event giving rise to, the claim of such Release Obligor, the business or contractual arrangements between any Debtor and Release Obligor or any Released Party, the restructuring of the claim prior to the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction, obligation, restructuring, or the Chapter 11 Cases, including, but not limited to, any claim relating to, or arising out of the Debtors' Chapter 11 Cases, the negotiation and filing of the Modified Plan, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of the Modified Plan, the Disclosure Statement, the Plan Exhibits, the Delphi-PBGC Settlement Agreement, the Credit Bid, the Master Disposition Agreement, the Union Settlement Agreements, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with either the Modified Plan or any other agreement with the Unions, including but not limited to the Union Settlement Agreements, or any other act taken or not taken consistent with the Union Settlement Agreements in connection with the Chapter 11 Cases; provided, however, that (A) Article 11.5 of the Modified Plan is subject to and limited by Article 11.13 of the Modified Plan and (B) 11.5 of the Modified Plan shall not release any Released Party from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Exchange Act, the Securities Act, or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding the foregoing, all releases given by GM to (i) the Debtors and the Debtors' Affiliates shall be as set forth in the Delphi-GM Global Settlement Agreement and (ii) the Unions shall be as set forth in the Union Settlement Agreements.

8.     **Assumption And Assignment Of Executory Contracts And Unexpired Leases.**
Subject to the terms of the Modified Plan, Modification Approval Order, and any related Bankruptcy
Court orders, upon the occurrence of the Effective Date, each executory contract or unexpired lease
assumed, or assumed and assigned, as applicable, pursuant to Article VIII of the Modified Plan, shall vest
in and be fully enforceable by the applicable Reorganized Debtor or its assignee in accordance with its
terms. On the Effective Date, all executory contracts and unexpired leases as to which any Debtor is a
party are deemed automatically assumed by the applicable Reorganized Debtor in accordance with the
provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date,
unless such executory contracts or unexpired leases (a) have been previously rejected by the Debtors by
Final Order of the Bankruptcy Court, (b) are the subject of a motion to reject, or that otherwise authorizes
rejection, filed on or before the Modification Approval Date, (c) have been rejected or assumed pursuant
to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date, (d) have
expired or terminated on or prior to the Effective Date (and were not otherwise extended) pursuant to
their own terms, (e) are listed on the schedule of rejected contracts on Exhibit 8.1(a) to the Modified Plan,
or (f) are otherwise rejected pursuant to the terms of the Modified Plan and/or upon the direction of either
Buyer pursuant to the Master Disposition Agreement. Subject to the foregoing sentences, entry of the
Modification Approval Order by the Bankruptcy Court approved the rejections, assumptions, and
assumptions and assignments contemplated by the Modified Plan, the Modification Approval Order, the
Master Disposition Agreement, and related documents pursuant to sections 365 and 1123 of the
Bankruptcy Code as of the Effective Date.

9.     **Bar Dates**

(a)     **Administrative Bar Date.** Requests for payment of an Administrative Claim
(other than as set forth in Article X of the Modified Plan), must be filed with the Claims Agent and served
on counsel for the Debtors and the Creditors' Committee no later than November 5, 2009 or shall be
disallowed automatically without the need for any objection from the Debtors or Reorganized Debtors.
Unless the Debtors or the Reorganized Debtors object to an Administrative Claim on or prior to May 4,
2010 (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim
shall be deemed allowed in the amount requested. In the event that the Debtors or the Reorganized
Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of
such Administrative Claim.

(b)     **Professional Claims And Final Fee Applications.** All final requests for
payment of Professional Claims and requests for reimbursement of expenses of members of the Statutory
Committees must be filed no later than December 31, 2009. After notice and a hearing in accordance
with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the
allowed amounts of such Professional Claims and expenses shall be determined by the Bankruptcy Court.
Pursuant to the Bankruptcy Court's prior orders, any requirement that Professionals comply with sections
327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered
terminated on the Confirmation Date, and the Reorganized Debtors have employed and paid Professionals
in the ordinary course of business thereafter.

(c)     **Substantial Contribution Bar Date.** Except as otherwise provided in the
Modification Approval Order, any Person who requests compensation or expense reimbursement for
making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of
the Bankruptcy Code shall file an application with the clerk of the Bankruptcy Court on or before
November 20, 2009, and serve such application on counsel for the Debtors, the Creditors' Committee, the
United States Trustee for the Southern District of New York, and such other parties as may be decided by
the Bankruptcy Court and the Bankruptcy Code on or before November 20, 2009, or be forever barred
from seeking such compensation or expense reimbursement.

4

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
Case 1:05-cv-14389-CEB   Document 16   Filed 09/12/10   Page 14 of 30   Exh. 4
A-1 to H   Pg 154 of 243

Dated:  New York, New York
       October 6, 2009

                         SKADDEN, ARPS, SLATE, MEAGHER &
                         FLOM LLP

                         By: /s/ John Wm. Butler,
                              John Wm. Butler, Jr.
                              John K. Lyons
                              Ron E. Meisler
                         155 North Wacker Drive
                         Chicago, Illinois  60606
                         (312) 407-0700

                         By:  /s/ Kayalyn A. Marafioti
                              Kayalyn A. Marafioti
                         Four Times Square
                         New York, New York 10036
                         (212) 735-3000

                         Attorneys for Delphi Corporation, et al.,
                            Debtors and Debtors-in-Possession

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                        :
In re                    :       Chapter 11
                        :
DELPHI CORPORATION, et al.,    :       Case No. 05-44481 (RDD)
                        :
            Debtors.    :       (Jointly Administered)
                        :
- - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO
(I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI
CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND
DEBTORS-IN-POSSESSION, AS MODIFIED AND
(II) CONFIRMATION ORDER (DOCKET NO. 12359)

("PLAN MODIFICATION ORDER")

Upon the Court's Findings of Fact, Conclusions of Law, And Order Under

11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended

Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates,

Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed

Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

Upon the Debtors' Motion for Order (I) Approving Modifications to

Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures

and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to

Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3,

2008, (the "Plan Modification Approval Motion"); and

Upon the Debtors' (A) Supplement to Motion for Order (I) Approving

Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and



subject the Reorganized Debtors to any liability by reason of such transfer under the

Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation,

any laws affecting successor or transferee liability.

      20.      Discharge, Releases, Limitations Of Liability, And

Indemnification.  Pursuant to applicable law, including sections 105(a) and 1123(b)(3)

and (6) of the Bankruptcy Code, the discharge of the Debtors and any of their assets or

properties provided in Article 11.2 of the Modified Plan, as approved herein, the releases

set forth in Articles 11.4, 11.5, 11.6, and 11.7 of the Modified Plan, and the exculpation

and limitation of liability provisions set forth in Article 11.11 of the Modified Plan, are

deemed incorporated in this order as if set forth in full herein and are hereby approved as

an integral part of the Modified Plan and are fair, equitable, reasonable and in the best

interests of the Debtors, their estates, and holders of Claims and Interests; provided,

however, notwithstanding anything in this order, the exculpation provisions or releases

provided pursuant to Article 11 of the Modified Plan shall have no effect on the liability

of any entity that otherwise would result from any action or omission to the extent that

such action or omission is determined in a final order to have constituted intentional fraud

or willful misconduct.

      21.      Limitation on Releases.  None of the releases provided in the

Modified Plan, as modified herein, shall be applicable with respect to any of the Plan

Investors or their affiliates with respect to their obligations under the Investment

Agreement, the transactions contemplated thereby, or any litigation related thereto,

including any and all defendants to such actions.

22.   _Injunction_.  Except as otherwise specifically provided in the Modified Plan, the MDA Documents, or this order and except as may be necessary to enforce or remedy a breach of the Modified Plan, the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

23.   _Automatic Stay_.  The stay in effect in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunction set forth in the preceding paragraph and/or sections 524 and 1141 of the Bankruptcy Code and Article 11.14 of the Modified Plan; provided, however, that nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust

54

asserting against the Debtors or the Purchasing Entities, or the property of any of them, any default, counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors (a) arising prior to or existing as of the Effective Date with respect to any prepetition periods, except for Cure, (b) arising after the commencement of the chapter 11 cases but on or prior to June 1, 2009, except for such defaults as were asserted in an administrative expense claim filed against the Debtors on or prior to July 15, 2009 in accordance with the administrative claims procedures set forth in the Modification Procedures Order, and (c) arising after June 1, 2009 but on or prior to the Effective Date, except for such defaults as are asserted in an administrative claim filed in accordance with Article 10.5 of the Modified Plan. The failure of the Debtors or the Purchasing Entities to enforce at any time one or more terms or conditions of any Acquired Contract shall not be a waiver of such terms or conditions or of the Debtors' and the Purchasing Entities' rights to enforce every term and condition of the Acquired Contracts.

44.     Bar Date For Rejection Damage Claims And Related Procedures. If the rejection by the Debtors, pursuant to the Modified Plan or otherwise, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against either the Debtors, the Reorganized Debtors, or such entities' properties unless a proof of claim is filed with the Claims Agent and served upon counsel to the Debtors and the Creditors' Committee within 30 days after the later of (a) entry of this order or (b) notice that the executory contract or unexpired lease has been rejected, unless otherwise ordered by the Court.

45.     Record Date For Claims Distributions. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section

73

9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize the
transfer of, or the sale of any participation in, any Allowed Claim that occurs after June 8,
2009 (the "Claims Record Date"), and shall be entitled for all purposes herein to
recognize and distribute only to those holders of Allowed Claims who are holders of such
Claims, or participants therein, as of the Claims Record Date. The Reorganized Debtors,
the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section
9.5 of the Modified Plan), and the Servicers shall instead be entitled to recognize and deal
for all purposes under the Modified Plan with only those record holders stated on the
official claims register or the transfer ledger, as the case may be, as of the Claims Record
Date. On the Claims Record Date, the transfer ledgers of the Indenture Trustees or other
agents or Servicers shall be closed, and there shall be no further changes in the record
holders of securities. The Reorganized Debtors, the Disbursing Agent, the Indenture
Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the
Servicers shall have no obligation to recognize any transfer of the Senior Notes, the
TOPrS, or the Subordinated Notes occurring after the Claims Record Date. The
Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer
as described in Section 9.5 of the Modified Plan), and Servicers shall be entitled instead
to recognize and deal for all purposes hereunder with only those record holders stated on
the transfer ledgers as of the Claims Record Date, provided, however, that with respect to
deceased record holders, the Indenture Trustee (as agent or Servicer as described in
Section 9.5 of the Modified Plan) shall be authorized, but not directed, to recognize
transfers to the appropriate heir, executor, or otherwise, following provision of notice
together with such evidence of the transfer to the appropriate Indenture Trustee as is

74

reasonably satisfactory to the applicable Indenture Trustee. Such notice shall be effective only as to distributions due at least 60 days after such notice is accepted as satisfactory by the applicable Indenture Trustee. Nothing in this paragraph shall be applicable with respect to any claims held by the DIP Lenders or the DIP Agent.

46.    <u>Substantial Contribution Compensation And Expenses Bar Date</u>. Any Person (including the Indenture Trustees) who requests compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the Court on or before the 45th day after notice of the Effective Date is filed on the docket of the Chapter 11 Cases (the "503 Deadline"), and serve such application on counsel for the Debtors, the Creditors' Committee, the United States Trustee for the Southern District of New York, and such other parties as may be directed by the Court and the Bankruptcy Code on or before the 503 Deadline, or be forever barred from seeking such compensation or expense reimbursement.

47.    <u>Other Administrative Claims</u>. All other requests for payment of an Administrative Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any

objection from the Debtors or the Reorganized Debtors.  The Debtors or the Reorganized

Debtors may settle an Administrative Claim without further Bankruptcy Court approval.

Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within

180 days after the Administrative Claims Bar Date (unless such objection period is

extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed

in the amount requested.  In the event that the Debtors or the Reorganized Debtors object

to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of

such Administrative Claim.

      48.    <u>Substantive Consolidation</u>.  For the reasons described in IV.C. of

the Supplemental Disclosure Statement and the evidence and arguments made, proffered,

or adduced at the Confirmation Hearing, certain of the Debtors' estates shall be

substantively consolidated as set forth in Article III of the Modified Plan, solely for the

purposes of voting on the Modified Plan and making distributions to holders of Claims

and Interests under the Modified Plan.

      49.    <u>Restructuring Transactions</u>.  The Restructuring Transactions

contemplated by Article 7.3 of the Modified Plan and described in Exhibit 7.3 to the

Modified Plan are approved. The Debtors and Reorganized Debtors and their officers are

authorized to take, on and after the Modification Approval Date, such actions as may be

necessary and appropriate to effectuate the relevant Restructuring Transactions, including,

without limitation, executing such documents as may be reasonably required in order to

effectuate the Restructuring Transactions.  Each and every federal, state, and local

governmental agency or department is hereby directed to accept for filing and recording

65.    <u>Modifications To The Modified Plan</u>.  At the request of the

Debtors, the Modified Plan is hereby modified pursuant to section 1127 of the

Bankruptcy Code and as modified herein and as set forth on <u>Exhibit A</u> hereto.


Dated: New York, New York
        July 30, 2009


                                      /s/ Robert D. Drain_____
                                      UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 165 of 243
Case 1:05-cv-14389-RCL-CEB Document 16   Filed 03/12/06   Page 25 of 50   Exh. 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -x
                    :
    In re                      :    Chapter 11
                    :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                    :
            Debtors.    :    (Jointly Administered)
                    :
- - - - - - - - - - - - - - - - - - - - - - - - - -x

## FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND DEBTORS-IN-POSSESSION (AS MODIFIED)

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Toll Free: (800) 718-5305
International: (248) 813-2698
John Wm. Butler, Jr.
Ron E. Meisler
Nathan L. Stuart
Allison K. Verderber Herriott

SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti
Thomas J. Matz

Attorneys for Debtors and Debtors-in-Possession

Dated:        December 10, 2007

As Modified:  January 25, 2008
             June 16, 2009
             July 30, 2009
             New York, New York

Of Counsel
DELPHI CORPORATION
5725 Delphi Drive
Troy, Michigan 48098
(248) 813-2000
David M. Sherbin
Sean P. Corcoran
Karen J. Craft

^ 1.82 **"Distribution Date"** means the date, selected by the Reorganized Debtors, upon which distributions to holders of Allowed Claims entitled to receive distributions under this Plan shall commence; provided, however, that the Distribution Date shall occur as soon as reasonably practicable after the Effective Date, but in any event no later than 30 days after the Effective Date.

^ 1.83 **"Distribution Reserve"** means, as applicable, one or more reserves of property for distribution to holders of Allowed Claims in the Chapter 11 Cases to be reserved pending allowance of Disputed Claims in accordance with Article 9.8 of this Plan.

^ 1.84 **"Effective Date"** means the Business Day determined by the Debtors on which all conditions to the consummation of this Plan set forth in Article 12.2 of this Plan have been either satisfied or waived as provided in Article 12.3 of this Plan and the day upon which this Plan is substantially consummated.

^ 1.85 **"Emergence Capital"** means that certain amount to be provided to the Reorganized Debtors by ^ GMCo. and DIP Holdco 3, LLC pursuant to Sections 3.1.1, 3.^ 2.1, and 3.2.3 of the Master Disposition Agreement (as each are applicable) related to the post-Effective Date operations of Reorganized DPH Holdings and the Reorganized Debtors.

^ 1.86 **"Employee-Related Obligation"** means a Claim of a salaried employee of one or more of the Debtors, in his or her capacity as an employee of such Debtor or Debtors, for (i) severance, provided, however, that such employee was in his or her capacity as an employee of a Debtor on or after June 1, 2009, and (ii) indemnification, provided, however, that such employee was in his or her capacity as an employee of a Debtor as of the date of the commencement of the hearing on the Disclosure Statement.

^ 1.87 **"Equity Committee"** means the official committee of equity security holders that was appointed pursuant to section 1102(a) of the Bankruptcy Code in the Chapter 11 Cases on April 28, 2006 and disbanded on April 24, 2009.

^ 1.88 **"ERISA"** means Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 and 26 U.S.C. §§ 401-420, as amended.

^ 1.89 **"ERISA Plaintiffs"** means, collectively, Gregory Bartell, Thomas Kessler, Neal Folck, Donald McEvoy, Irene Polito, and Kimberly Chase-Orr on behalf of participants in the Debtors and their subsidiaries' defined contribution employee benefit pension plans that invested in Delphi common stock, as styled in the MDL Actions.

^ 1.90 **"ERISA Settlement"** means that certain settlement of the ERISA-related MDL Actions, as it may be amended or modified.

^ 1.91 **"Estates"** means the bankruptcy estates of the Debtors created pursuant to section 541 of the Bankruptcy Code.

^ 1.92 **"Exchange Act"** means the Securities Exchange Act of 1934, as now in effect or hereafter amended.

13

**10.5    Other Administrative Claims.**  All other requests for payment of an Administrative Claim (other than claims under the DIP Facility or as set forth in Article 10.1, Article 10.2, Article 10.3, or Article 10.4 of this Plan) must be filed, in substantially the form of the Administrative Claim Request Form attached hereto as Exhibit 10.5, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days after the Effective Date.  Any request for payment of an Administrative Claim pursuant to this Article 10.5 that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors.  The Debtors or the Reorganized Debtors may settle an Administrative Claim without further Bankruptcy Court approval.  Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within 180 days after the Administrative Claims Bar Date (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested.  In the event that the Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

## ARTICLE XI

## EFFECT OF THE PLAN ON CLAIMS AND INTERESTS

**11.1    Revesting Of Assets.**  Except as otherwise explicitly provided in this Plan, on the Effective Date, all property comprising the Estates (including Retained Actions and Retained Assets, but excluding property that has been abandoned pursuant to an order of the Bankruptcy Court or are the subject of any of the Disposition Transactions) shall revest in each of the Reorganized Debtors which, as Debtors, owned such property or interest in property as of the Effective Date, free and clear of all Claims, liens, charges, encumbrances, rights, and Interests of creditors and equity security holders.  As of and following the Effective Date, the Reorganized Debtors may operate their businesses and use, acquire, and dispose of property and settle and compromise Claims or Interests without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by this Plan, the Confirmation Order, and the Modification Approval Order.

**11.2    Discharge Of The Debtors.**  Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this Plan ^ , Confirmation Order, or Modification Approval Order, the distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of the Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim, debt, right, or Interest is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim or Interest based upon such Claim, debt, right, or Interest is allowed under section 502 of the Bankruptcy Code, or (c) the

holder of such a Claim, right, or Interest accepted this Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against and Interests in the Debtors, subject to the occurrence of the Effective Date.

     **11.3   Compromises And Settlements.** In accordance with Article 9.6 of this Plan, pursuant to Bankruptcy Rule 9019(a), the Debtors may compromise and settle various (a) Claims against, or Interests in, the Debtors and (b) Causes of Action that the Debtors have against other Persons up to and including the Effective Date. After the Effective Date, any such right shall pass to the Reorganized Debtors as contemplated in Article 11.1 of this Plan, without the need for further approval of the Bankruptcy Court.

     **11.4   Release By Debtors Of Certain Parties. Pursuant to section 1123(b)(3) of the Bankruptcy Code, but subject to Article 11.13 of this Plan, effective as of the Effective Date (and with respect to the DIP Lenders, the DIP Agent, and the members of the DIP Steering Committee, upon the consummation of the DIP ^ Transfer, which shall be deemed to occur on the Effective Date), each Debtor, in its individual capacity and as a debtor-in-possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases. The Reorganized Debtors, including Reorganized DPH Holdings, and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. Notwithstanding the foregoing, nothing in this Plan shall be deemed to release (i) any of the Debtors or GM from their obligations under the Delphi-GM Definitive Documents or the transactions contemplated thereby, except to the extent set forth in the Master Disposition Agreement, (ii) any of the Debtors, the Unions, or GM from their obligations under the Union Settlement Agreements or the transactions contemplated thereby, (iii) any of the Buyers from their obligations under the Master Disposition Agreement, or (iii) any of the Debtors or the Plan Investors or their affiliates from their obligations under the Investment Agreement or the transactions contemplated thereby.**

     **11.5   Release By Holders Of Claims And Interests . On the Effective Date, (a) each Person who votes to accept this Plan and (b) to the fullest extent permissible under applicable law, as such law may be extended or interpreted subsequent to the Effective Date, each entity (other than a Debtor) which has held, holds, or may hold a Claim against or Interest in the Debtors, in consideration for the obligations of the Debtors and the Reorganized Debtors under this Plan and Cash, General Unsecured MDA Distribution, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with this Plan (each, a "Release Obligor"), shall have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of,**

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
Case 1-05-cv-14389- CEB Document 16   Filed 05/12/10   Page 429 of 311   Exh. 4
A-1 to H    Pg 169 of 243

or the transaction or event giving rise to, the claim of such Release Obligor, the business or contractual arrangements between any Debtor and Release Obligor or any Released Party, the restructuring of the claim prior to the Chapter 11 Cases, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction, obligation, restructuring, or the Chapter 11 Cases, including, but not limited to, any claim relating to, or arising out of the Debtors' Chapter 11 Cases, the negotiation and filing of this Plan, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of this Plan, the Disclosure Statement, the Plan Exhibits, the Delphi-PBGC Settlement Agreement, the Credit Bid, the Master Disposition Agreement, the ^ Union Settlement Agreements, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with either this Plan or any other agreement with the Unions, including but not limited to the Union Settlement Agreements, or any other act taken or not taken consistent with the Union Settlement Agreements in connection with the Chapter 11 cases; provided, however, that (A) this Article 11.5 is subject to and limited by Article 11.13 of this Plan and (B) this Article 11.5 shall not release any Released Party from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Exchange Act, the Securities Act, or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding the foregoing, all releases given by GM to (i) the Debtors and the Debtors' Affiliates shall be as set forth in the Delphi-GM Global Settlement Agreement and (ii) the Unions shall be as set forth in the Union Settlement Agreements.

      11.6    **Release By Unions.** The releases provided for in (i) Section K.3 of the UAW-Delphi-GM Memorandum of Understanding, (ii) Section H.3 of the IUE-CWA-Delphi-GM Memorandum of Understanding, (iii) Section G.3 of the USW Memoranda of Understanding, (iv) Section F.3 of the IUOE Local 18S Memorandum of Understanding and IUOE Local 832S Memorandum of Understanding and Section E.3 of the IUOE Local 101S Memorandum of Understanding, (v) Section F.3 of the IBEW E&S Memorandum of Understanding and the IBEW Powertrain Memorandum of Understanding, and (vi) Section F.3 of the IAM Memorandum of Understanding are incorporated by reference herein in their entirety.

      11.7    **Release Of GM By Debtors And Third Parties.** On the Effective Date, GM and the other GM-Related Parties (as defined in the Delphi-GM Global Settlement Agreement) shall receive all releases provided for in Section 4.01 of the Delphi-GM Global Settlement Agreement, which provisions are incorporated by reference herein in their entirety.

      11.8    ^ **Release of GMCo. By Debtors And Third Parties.** On the Effective Date, GMCo. shall receive the same releases provided for GM-Related Parties (as defined in the Delphi-GM Global Settlement Agreement) in Section 4.01 of the Delphi-GM Global Settlement Agreement as though it were a party thereto, which provisions are incorporated

otherwise affected in any way by the Chapter 11 Cases); (b) the Debtors or the Reorganized Debtors, as the case may be, shall maintain directors' and officers' insurance providing coverage for those Indemnitees currently covered by such policies for the remaining term of such policy and shall maintain tail coverage under policies in existence as of the Effective Date for a period of six years after the Effective Date, to the fullest extent permitted by such provisions, in each case insuring such parties in respect of any claims, demands, suits, Causes of Action, or proceedings against such Persons based upon any act or omission related to such Person's service with, for, or on behalf of the Debtors in at least the scope and amount as currently maintained by the Debtors (the "Insurance Coverage") and hereby further indemnify such Indemnitees without Continuing Indemnification Rights solely to pay for any deductible or retention amount that may be payable in connection with any claim covered under either the foregoing Insurance Coverage or any prior similar policy in an aggregate amount not to exceed $10 million; (c) the insurers who issue the Insurance Coverage shall be authorized to pay any professional fees and expenses incurred in connection with any action relating to any Indemnification Rights and Continuing Indemnification Rights; and (d) the Debtors or the Reorganized Debtors, as the case may be, shall indemnify Indemnitees with Continuing Indemnification Rights and agree to pay for any deductible or retention amount that may be payable in connection with any claim covered under either the foregoing Insurance Coverage or any prior similar policy. Notwithstanding subclause (a) above, pursuant to the Stipulation and Agreement of Insurance Settlement (the "Insurance Stipulation") the Delphi Officers' and Directors' (as defined in the Insurance Stipulation) indemnification claims related to the MDL Actions and related government investigations and proceedings have been estimated at $0 for all purposes in these cases, and the Delphi Officers and Directors have released all such indemnification claims against Delphi, subject to the Delphi Officers' and Directors' right to assert an indemnification claim against Delphi for legal fees and expenses incurred in the defense of unsuccessful claims asserted as a defense or set-off by Delphi against the Delphi Officers and Directors related to the MDL Actions or related government investigations and proceedings, all as more particularly set forth in the Insurance Stipulation.

**11.13  Exclusions And Limitations On Exculpation, Indemnification, And Releases.** Notwithstanding anything in this Plan to the contrary, no provision of this Plan, the Confirmation Order, or the Modification Approval Order, including, without limitation, any exculpation, indemnification, or release provision, shall modify, release, or otherwise limit the liability of any Person not specifically released hereunder, including, without limitation, any Person who is a co-obligor or joint tortfeasor of a Released Party or who is otherwise liable under theories of vicarious or other derivative liability.

**11.14  Injunction. Subject to Article 11.13 of this Plan, ^ the satisfaction, release, and discharge pursuant to this Article XI shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.**

## ARTICLE XII

## CONDITIONS PRECEDENT

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
Case 1:09-cv-04389-TLL-CEB   Document 16-8   Filed 05/12/10   Page 1 of 10   Exh. 5
A-1 to H   Pg 171 of 243

Westlaw.

Not Reported in F.Supp.2d, 2007 WL 3346675 (W.D.Mich.)
**(Cite as: 2007 WL 3346675 (W.D.Mich.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
W.D. Michigan,
Southern Division.
Edward James CROMER, Plaintiff,
v.
Melinda K. BRAMAN, et al., Defendants.
**No. 1:07-cv-9.**

Nov. 7, 2007.

Edward James Cromer, Munising, MI, pro se.

Christine M. Campbell, Michigan Dept. Attorney General, Lansing, MI, for Defendants.

**ORDER**

HUGH W. BRENNEMAN, JR., United States Magistrate Judge.

**\*1** This matter is before the court on plaintiff's "motion for discovery" (docket no. 53) and defendants' "motion to stay discovery" (docket no. 56).

Plaintiff's motion is improperly before this court. Plaintiff should direct his requests to produce documents and for admissions directly to defendants. *See* Fed.R.Civ.P. 34, 36. Accordingly, plaintiff's motion for discovery (docket no. 53) is DENIED.

Next, defendants seek to stay discovery pending the court's decision on the outstanding dispositive motions. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir.1987). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' *Coastal States Gas Corp. v. De-*

*partment of Energy,* 84 F.R.D. 278, 282 (D.Del.1979) (citations omitted)." *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1, 2 (D.D.C.2001).

Here, the pending dispositive motions address the preliminary issue of exhaustion of administrative remedies under The Prison Litigation Reform Act, 42 U.S.C. § 1997e, which provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter,* 534 U.S. at 520; *Booth,* 532 U.S. at 741. The record reflects that plaintiff has filed briefs and responses in opposition to the pending dispositive motions. In addition, plaintiff has filed "supplements" to amend his complaint, a separate motion to amend the complaint, and an improper "motion for discovery." Plaintiff has created an extensive and muddled record in this case. Under these circumstances, a stay of discovery is appropriate and "an eminently logical means to prevent wasting the time and effort of all concerned" until the court addresses the preliminary issue of exhaustion. Accordingly, defendants' motion to stay discovery (docket no. 57) is GRANTED.

**IT IS SO ORDERED.**

W.D.Mich.,2007.
Cromer v. Braman
Not Reported in F.Supp.2d, 2007 WL 3346675 (W.D.Mich.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2008 WL 4758606 (D.Kan.)
(Cite as: 2008 WL 4758606 (D.Kan.))

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Kansas.
Mike **FLEMING**, on behalf of himself and all others similarly situated, Plaintiff,
v.
**COMMERCE** BANK, NA, Defendant.
Civil Action No. 08-2226-CM-DJW.

Oct. 27, 2008.

Barbara C. Frankland, Rex A. Sharp, Gunderson Sharp & Walke, L.L.P., Prairie Village, KS, Charles T. Schimmel, William G. Wright, Hill, Beam-Ward, Kruse, Wilson & Wright, LLC, Overland Park, KS, for Plaintiff.

Daniel D. Crabtree, Mark D. Hinderks, Stinson Morrison Hecker LLP, Overland Park, KS, Robin K. Carlson, Stinson Morrison Hecker LLP, Kansas City, MO, for Defendant.

### *MEMORANDUM AND ORDER*

DAVID J. WAXSE, United States Magistrate Judge.

*1 Pending before the Court is Defendant's Motion to Stay (doc. 15). Defendant seeks a stay of discovery, pending a ruling on Defendant's Motion for Summary Judgment (doc. 27).

Plaintiff asserts causes of action against Defendant for breach of contract, conversion, and unjust enrichment, based on Defendant postponing an account holder's access to funds. Plaintiff seeks to certify a class consisting of "[a]ll Commerce Bank customers throughout Kansas, Missouri, Oklahoma, Illinois, and Colorado who made a deposit from April 4, 2003 to the present ... but the full sum of the deposit was not made available to them even

though the deposit had cleared and the funds were in the possession of Commerce Bank." FN1

> FN1. Class Action Petition, attached as Ex. 1 to Def.'s Notice of Removal (doc. 1).

In its Motion for Summary Judgment, Defendant asserts that Plaintiff's conversion and unjust enrichment claims are preempted by the federal Expedited Funds Availability Act, as implemented by Federal Reserve Board Regulation CC. In addition, Defendant asserts that Plaintiff cannot prevail on his breach of contract claim because he entered into a binding contract with Defendant in which he expressly agreed to the terms of the "Commerce Bank Depository Account Agreement," which includes a "Funds Availability Policy." Defendant contends that (1) the terms alleged by Plaintiff are not part of that Depository Account Agreement, and (2) the terms agreed to by Plaintiff in the Depository Account Agreement do not require next-day availability as Plaintiff alleges. Defendant also argues-to the extent Plaintiff bases his contract claim on breach of the duty of good faith and fair dealing-that Kansas does not permit a plaintiff to rely on such a theory to create additional contractual obligations not established by the contract itself.

In its Motion to Stay, Defendant states that Plaintiff seeks to conduct discovery on a broad class-wide basis. Defendant maintains that it should not have to invest the substantial resources that will be required to meet its discovery obligations in the event its Motion for Summary Judgment is ultimately granted. Plaintiff, on the other hand, argues that a stay is warranted only in extreme circumstances, and that no such circumstances exist in this case. In addition, he maintains that a stay would prevent him from discovering evidence necessary to defend himself against the Motion for Summary Judgment.

Not surprisingly, the parties have very different views of the likelihood of success of Defendant's Motion for Summary Judgment. Defendant argues

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

05-44481-rdd   Doc 2022-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 173 of 243
Case 1:09-cv-04389-TPG   Document 16-8   Filed 05/12/10   Page 3 of 70   Exh. 5

Not Reported in F.Supp.2d, 2008 WL 4758606 (D.Kan.)
**(Cite as: 2008 WL 4758606 (D.Kan.))**

that it is highly likely that the Court will determine that Plaintiff has no cognizable claims, while Plaintiff argues that the case is not likely to be finally resolved via Defendant's motion.

It is well settled that the decision to stay discovery is firmly vested in the sound discretion of the trial court.[FN2] As a general rule, discovery is not stayed in this District based merely on the pendency of dispositive motions.[FN3] The Court, however, in its discretion, may decide to stay discovery where: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[FN4]

> FN2. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)).

> FN3. *Mayberry v. Envtl. Prot. Agency,* No. 06-2575-CM-DJW, 2008 WL 104208, at *1 (D.Kan. Jan. 9, 2008); *Semsroth v. City of Wichita,* No. 06-2376-KHV-DJW, 2007 WL 2287814, at *1 (D.Kan. Aug. 7, 2007); *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D.Kan.1990). See also *McCoy v. U.S.,* No. 07-2087-CM, 2007 WL 2071770, at *2 (D.Kan. July 16, 2007) ("[A]s a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.") (citing *Wolf v. U.S.,* 157 F.R.D. 494, 494 (D.Kan.1983)).

> FN4. *Mayberry,* 2008 WL 104208, at * 1; *Semsroth,* 2007 WL 2287814, at * 1; *Kutilek,* 132 F.R.D. at 298.

**\*2** Upon review of the record as it currently stands, the Court concludes that a *limited* stay of discovery

is warranted until the Court resolves Defendant's Motion for Summary Judgment. Under that limited stay, the parties will be permitted to engage in discovery related only to those issues raised in the summary judgment motion. The Court finds that such a stay would strike a balance between conserving resources and providing Plaintiff access to the courts. Most notably, such a limited stay would grant Plaintiff sufficient opportunity to develop a factual record to defend against the pending Motion for Summary Judgment. While it would be improper for the Court to make even a preliminary determination about the ultimate merits of Defendant's Motion for Summary Judgment, the Court notes that the motion does raise substantial issues regarding federal preemption.

In light of the foregoing, the Court grants in part Defendant's Motion to Stay. Only that discovery related to issues raised in Defendant's Motion for Summary Judgment will be permitted, pending a ruling on that motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay (doc. 15) is granted in part and denied in part. Pending resolution of Defendant's Motion for Summary Judgment (doc. 27), the parties shall limit their discovery to the issues raised in the Motion for Summary Judgment.

**IT IS SO ORDERED.**

D.Kan.,2008.
Fleming v. Commerce Bank, NA
Not Reported in F.Supp.2d, 2008 WL 4758606 (D.Kan.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2004 WL 2905406 (W.D.Tenn.)
(Cite as: 2004 WL 2905406 (W.D.Tenn.))

C

Only the Westlaw citation is currently available.

United States District Court,
W.D. Tennessee, Western Division.
Jenny NICHOLS, individually and as Widow and
Next of Kin of Darrell D. Nichols, Deceased and
for the Benefit of Jordan Wallace Nichols, Surviv-
ing Minor Child of Darrell D. Nichols, Deceased,
Plaintiffs,
v.
BAPTIST MEMORIAL HOSPITAL, INC., Ramon
Ungab, M.D., Steven J. Stack, M.D., Miduel H.
Rodriguez, M.D., Lloyd R. Thomas, Jr., M.D., and
Bartlett-Raleigh Internal Medicine Group, P.C., De-
fendants.
No. 02-2561-MAV.

April 2, 2004.

Richard Glassman, Esq., Glassman Edwards Wade
& Wyatt, P.C., Memphis, TN, for Plaintiff.

James D. Wilson, Esq., Harris Shelton Dunlap
Cobb & Ryder, Teresa J. Sigmon, Esq., Claire Cis-
sell, Sigmon Law Firm, William A. Lucchesi, Esq.,
Loys A. Jordan, Esq., McDonald Kuhn Pembroke
Square, David M. Cook, Esq., Greg A. Ziskind,
Esq., The Hardison Law Firm, Memphis, TN, for
Defendants.

ORDER STAYING DISCOVERY PENDING RES-
OLUTION OF DEFENDANTS' MOTION TO DIS-
MISS FOR LACK OF JURISDICTION

VESCOVO, Magistrate J.

*1 Before the court is the March 16, 2004 motion
of the defendants, Ramon Ungab, M.D., and Bart-
lett-Raleigh Internal Medicine Group
("Bartlett-Raleigh"), for a protective order to stay
the deposition of Dr. Ungab, scheduled for April 6,
2004, until a pending motion to dismiss for lack of

jursidiction is decided. In the alternative, Dr. Ungab
and Barltett-Raleigh request that the deposition of
Miduel Rodriguez, M.D., be completed prior to the
taing of Dr. Ungab's deposition, as agreed upon by
all counsel prior to the filing of the motion to dis-
miss. The motion was referred to the United States
Magistrate Judge for determination.

The plaintiff, Jenny Nichols, filed the original com-
plaint for medical malpractice on July 17, 2002 al-
leging that the defendants, including Dr. Ungab and
Bartlett-Raleigh, were negligent in failing to dia-
gnose a dissecting aortic aneurysm in her husband,
Darrell Nichols, the decedent. (Compl. at 3-8.) On
February 5, 2003, Dr. Ungab and Bartlett-Raleigh
were dismissed from the lawsuit by order of volun-
tary dismissal, and the case proceeded against the
remaining defendants. During the course of discov-
ery, Nichols obtained information during the depos-
ition of Dr. Miduel Rodriguez, as well as from writ-
ten discovery responses and document production,
that led her to file a motion to amend the complaint
to rename Dr. Ungab and Bartlett-Raleigh back as
defendants in this litigation. A summons was reis-
sued to Dr. Ungab and Bartlett-Raleigh on Septem-
ber 25, 2003. As a result, all deadlines under the
court's previous scheduling order were suspended
and have not been reset.

After being renamed as defendants in this case, Dr.
Ungab and Bartlett-Raleigh contacted counsel for
Nichols to schedule the depositions of the plaintiff,
the plaintiff's expert, and Dr. Rodriguez. (Mot. for
Protective Order as to the Depos. of Def. Dr. Ungab
at 2.) According to Dr. Ungab and Bartlett-Raleigh,
counsel for both parties agreed that the newly
named defendants would take the depositions they
desired prior to the deposition of Dr. Ungab. (Id. at
2.) Nichols' deposition was taken on February 20,
2004, and the plaintiff's expert's deposition was
completed on March, 2, 2004. The deposition of co-
defendant Dr. Rodriguez was noticed for March 3,
2004, and Nichols filed a notice to take the depos-
ition of Dr. Ungab on April 6, 2004.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 2905406 (W.D.Tenn.)
(Cite as: 2004 WL 2905406 (W.D.Tenn.))

After the deposition of Nichols but before the date Dr. Rodriguez was scheduled to be deposed, Dr. Ungab and Bartlett-Raleigh discovered that the decedent was never a resident of Mississippi. In light of that information, the defendants filed a Joint Motion to Dismiss for Lack of Jurisdiction arguing that complete diversity does not exist in this case. Additionally, the newly named defendants canceled or postponed [FN1] the noticed deposition of Dr. Rodriguez and asked the plaintiffs to postpone the noticed deposition of Dr. Ungab, which was scheduled for April 6, 2004, until the court decided the motion to dismiss. Nichols refused to postpone Dr. Ungab's deposition and intends to take Dr. Ungab's deposition as scheduled. (Pl.'s Resp. to Def.'s Mot. for Protective Order as to the Depos. of Dr. Ungab at 2.) In response, Dr. Ungab and Bartlett-Raleigh filed this motion for a protective order, asking the court to delay the deposition of Dr. Ungab while the motion to dismiss is still pending.

> FN1. The record is unclear as to whether the Dr. Ungab and Bartlett-Raleigh cancelled or merely asked to postpone Dr. Rodriguez's deposition. (See Mot. for Protective Order as to the Depos. of Def. Dr. Ungab at 3; Pl.'s Resp. to Def.'s Mot. for Protective Order as to the Depos. of Dr. Ungab at 2.)

*2 Although Dr. Ungab and Bartlett-Raleigh have asked the court for a protective order with regard to Dr. Ungab's deposition, the court is inclined at this time, pursuant to Rule 26(c), to stay all discovery in this action pending resolution of the defendants' motion to dismiss for lack of jurisdiction. Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part that

upon motion by a party or by the person from who discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from ... undue burden or expense, including ... that the discovery may be had only on specified terms and conditions, including a designation

of the time or place.

FED. R. CIV. P. 26(c). Although Rule 26 does not explicitly authorize the imposition of a stay of discovery, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.C.2001); see also Sprague v. Brook, 149 F.R.D. 575, 578 (N.D.Ill.1993); Hachette Distrib., Inc. v. Hudson County News Co., 136 F.R.D. 356, 358 (E.D.N.Y.1991) (citations omitted); Simpson v. Specialty Retail Concepts, 121 F.R.D. 261, 263 (M.D.N.C.1988). Furthermore, Rule 1 states that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1.

Nevertheless, a stay of discovery is not proper in every circumstance. For example, a stay of discovery "is rarely appropriate when the pending motion will not dispose of the entire case." Chavous, 201 F.R.D. at 3 (quoting Keystone Coke Co. v. Pasquale, No. Civ. A. 97-6074, 1999 WL 46622, at *1 (E.D.Pa. Jan.7, 1999)). A trial court also "should not stay discovery which is necessary to gather facts in order to defend against [a] motion [to dismiss]." Id. (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D.Fla.1997). Furthermore, a trial court must consider whether the party seeking the discovery will be prejudiced by the delay. See id. at 3-4; Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y.2002) (finding that a stay of discovery was proper where plaintiff failed to demonstrate prejudice by a stay).

In this case, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, if granted, would dispose of the entire case before the federal court. On its face, the defendants' motion to dismiss appears to this court as if it has merit and is likely to be granted. Nichols has already filed a response in opposition to the defendants' motion to dismiss and has not argued that she would be unable to defend

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2004 WL 2905406 (W.D.Tenn.)
**(Cite as: 2004 WL 2905406 (W.D.Tenn.))**

that motion in the absence of Dr. Ungab's deposition testimony. Additionally, a stay would not prejudice any party in this case because all discovery and dispositive motion deadlines, as well as the trial date, have been suspended due to the addition of Dr. Ungab and Bartlett-Raleigh as defendants to this litigation.

*3 Accordingly, in the interest of judicial economy, the defendants' request for a protective order is granted in that all discovery in this action is stayed until resolution of the joint motion to dismiss for lack of jurisdiction. The stay will be lifted only upon a showing to the court that particular discovery would be needed to further respond to the motion to dismiss or upon the court's ruling on the motion to dismiss.

IT IS SO ORDERED.

W.D.Tenn.,2004.
Nichols v. Baptist Memorial Hosp., Inc.
Not Reported in F.Supp.2d, 2004 WL 2905406 (W.D.Tenn.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Slip Copy, 2010 WL 597239 (W.D.Mich.)
**(Cite as: 2010 WL 597239 (W.D.Mich.))**

**H** Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
W.D. Michigan,
Southern Division.
Lee Andrew SOBCZAK, Plaintiff,
v.
CORRECTIONAL MEDICAL SERVICES, INC.,
et al., Defendants.
No. 1:09-cv-57.

Feb. 17, 2010.

Lee Andrew Sobczak, Jackson, MI, pro se.

Brian J. Richtarcik, Randall Alan Juip, The Juiprichtarcik Law Firm, Detroit, MI, for Defendants.

**ORDER**

HUGH W. BRENNEMAN, JR., United States Magistrate Judge.

*1 This matter is now before the court on defendant Correctional Medical Services, Inc. ("CMS"), Jason Kim, M.D. and Daniel Spitters, P.A.'s "discovery motion for access to plaintiff's complete medical records" (docket no. 31) and defendant Whalen, Van Setters, Hubell and Meyer's "motion to stay discovery" (docket no. 45).

In their first request for production of documents, defendants CMS, Dr. Kim and P.A. Spitters requested plaintiff to provide copies of "all medical records pertaining to your treatment obtained through the Michigan Department of Corrections, or, in the alternative, provide a full and complete executed release of medical records to allow access to said medical records." *See* docket no. 31-4. Plaintiff provided a signed authorization to release the re-

cords on or about April 22, 2009, but conditioned the release on the "stipulation" that defendants provide him with a free copy of the records. *See* docket no. 31-5. In their motion, defendants CMS, Dr. Kim and P.A. Spitters seek to compel plaintiff to produce a signed authorization allowing access to plaintiff's medical records at the MDOC without plaintiff's preconditions.

At approximately the same time, defendants Whalen, Van Setters, Hubell and Meyer have moved to stay discovery on the basis that they are asserting a qualified immunity defense. In this regard, defendants pointed out that plaintiff had served requests for 24 separate admissions to defendant Meyer. *See* docket no. 46-3.

All of these defendants (i.e., CMS, Dr. Kim, P.A. Spitters, Whalen, Van Setters, Hubell and Meyer), have filed dispositive motions. *See* docket nos. 19 and 39. The undersigned has addressed the motions in a report and recommendation, which is pending before the District Judge. There is no reason for the parties to engage in discovery until the court has resolved these motions. *See Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir.1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority,* 201 F.R.D. 1, 2 (D.D.C.2001) ("[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources") (internal quotation marks and citations omitted). Furthermore, defendants Whalen, Van Setters, Hubell and Meyer have raised a defense of qualified immunity. A stay of discovery is properly granted until the issue of immunity is resolved. *See Siegert v. Gilley,* 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Kennedy v. City of Cleveland,* 797 F.2d 297, 298-99 (6th Cir.1986) ("a claim of immunity raises an in-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

05-44481-rdd   Doc 29220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
Case 1:09-cv-04383-TCL-CFB Document 16-8   Filed 05/12/10   Page 8 of 16   Exh. 5
A-1 to H   Pg 178 of 243

Page 2

Slip Copy, 2010 WL 597239 (W.D.Mich.)
**(Cite as: 2010 WL 597239 (W.D.Mich.))**

terest in an early, and inexpensive, termination of
the litigation").

Accordingly, defendants CMS, Dr. Kim and P.A.
Spitters' motion to compel (docket no. 31) is
**DENIED** and defendants Whalen, Van Setters, Hu-
bell and Meyer's motion to stay discovery motion
(docket no. 45) is **GRANTED.** Discovery shall be
stayed until the court resolves the outstanding mo-
tions to dismiss and for summary judgment (docket
nos. 19 and 39).

**\*2 IT IS SO ORDERED.**

W.D.Mich.,2010.
Sobczak v. Correctional Medical Services, Inc.
Slip Copy, 2010 WL 597239 (W.D.Mich.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2008 WL 1882698 (E.D.Mich.)
(Cite as: 2008 WL 1882698 (E.D.Mich.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Northern Division.
Jonathan STEWART, Plaintiff,
v.
GEOSTAR CORP., Defendant.
No. 07-13675-BC.

April 24, 2008.

*ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S SECOND MOTION
TO DISMISS, DISMISSING WITHOUT PREJU-
DICE PLAINTIFF'S COUNT II, GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO
AMEND, GRANTING DEFENDANT'S MOTION
FOR STAY, AND STAYING DISCOVERY*

THOMAS L. LUDINGTON, District Judge.

*1 On August 30, 2007, Plaintiff Jonathan Stewart filed suit against Defendant Geostar Corporation, requesting a declaratory judgment regarding his alleged ownership of shares of Defendant (count I) and an order directing Defendant to produce its records and permit inspection of them (count II). On December 19, 2007, this Court denied Plaintiff's first motion to dismiss.

On February 4, 2008, he filed another motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), as well as for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to count II. On February 8, 2008, he filed a motion to stay discovery pending resolution of his second motion to dismiss.

I.

Plaintiff states that he is a citizen of Texas and that

Defendant is a Delaware corporation with principal place of business in Michigan. In his complaint, he alleges that he owns 300,000 shares of Defendant [FN1] but that Defendant denies that fact. He asserts without further explanation that the amount in controversy exceeds $75,000. Because Defendant denies that he is a shareholder, he requests a declaratory judgment as to his relationship to Defendant and for the Court to compel Defendant to produce its records for inspection under the Business Corporation Act (BCA), Mich. Comp. Laws §§ 450.1101, et seq.

> FN1. Plaintiff attaches to his complaint a copy of a stock certificate for 300,000 shares of Defendant and a letter from Defendant's secretary, John Parrott, dated January 30, 1998, that refers to Plaintiff as a shareholder.

Now pending before the Court is Defendant's second motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has not sufficiently plead the amount in controversy so as to establish diversity jurisdiction. Defendant further argues for the dismissal of Plaintiff's second count, which requests production and inspection of Defendant's corporate records, based on his failure to comply with Delaware law. Also pending before the Court is Defendant's motion for stay of discovery pending disposition of its motion to dismiss.

At oral argument, Plaintiff requested that the Court grant him leave to amend, in the event that the Court granted Defendant's motion to dismiss and for judgment on the pleadings.

II.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2008 WL 1882698 (E.D.Mich.)
**(Cite as: 2008 WL 1882698 (E.D.Mich.))**

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan,* 474 F.3d 324, 327 (6th Cir.2007) (citations and internal quotations omitted); *see also Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990).

Generally, according to Federal Rule of Civil Procedure 12(g) (2), a party may not make an additional motion under Rule 12 based on an objection available previously but omitted from the earlier motion. Indeed, some defenses are waived if not raised, but a lack of subject matter jurisdiction is not among those waived. Fed.R.Civ.P. 12(h)(1). Notably, Federal Rule of Civil Procedure 12(h) (3) requires a court to dismiss an action at any time if it lacks subject matter jurisdiction.

**\*2** Federal Rule of Civil Procedure 12(c) permits a judgment on the pleadings. A court must consider all factual allegations in the complaint as true. *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.3d 1233, 1235 (6th Cir.1991) (citation omitted). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (citation omitted).

### III.

### A.

For the reasons stated above in Section II regarding the standard of review, Defendant may bring this additional motion to dismiss, because it challenges subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) (requiring a court to dismiss for lack of subject matter jurisdiction at any point in the proceedings).

In addition to requiring complete diversity between opposing parties, federal jurisdiction pursuant to 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000. " 'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' " *Cincinnati Ins. Co. v. Zen Design Group, Ltd.,* 329 F.3d 546, 549 (6th Cir.2003) (quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). In that case, the court still exercised jurisdiction, even though the plaintiff had not asserted the necessary amount. The court concluded that the value of the object of that litigation-either legal representation for the defendant in a separate proceeding, pursuant to an insurance policy, or a declaration that the plaintiff had no duty to do so-surpassed $100,000.

"A court must not dismiss an action for failure to meet the amount in controversy requirement unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.' " *Basicomputer Corp. v. Scott,* 973 F.2d 207, 610 (6th Cir.1992) (quoting *St. Paul Mercury Indemnity Ins. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)); *see also Kovacs v. Chesley,* 406 F.3d 393, 397 (6th Cir.2005) (requiring only a probability, not a certainty, for jurisdiction) (citation omitted). If it appears that the plaintiff claims the amount in controversy in good faith, then that sum controls. *St. Paul Mercury,* 303 U.S. at 288; *see also Schultz v. General R.V. Center,* 512 F.3d 754, 756 (6th Cir.2008) (reiterating the principles of *St. Paul Mercury* ) (citations omitted).[FN2]

> FN2. Further, the plaintiff's subsequent inability to recover that amount does not show bad faith or destroy jurisdiction. *St. Paul Mercury,* 303 U.S. at 289.

Defendant's contention that Plaintiff's assertion regarding the amount in controversy is unduly speculative misapprehends the "legal certainty" test noted above. Defendant offers no basis to conclude that Plaintiff's claim is offered in bad faith. Nor does Defendant offer any rationale for reaching a

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1882698 (E.D.Mich.)
(Cite as: 2008 WL 1882698 (E.D.Mich.))

*legal certainty* that the amount in controversy is $75,000. While Plaintiff's allegation in the complaint is conclusory, in that he provides no further explication for it, he does assert that the matter at issue is 300,000 shares of Defendant.

**\*3** In its brief, Defendant first acknowledges the legal principle that the value of the object of litigation sets the amount in controversy when the relief sought is equitable. Yet Defendant later argues that a request for declaratory judgment or production and inspection of corporate records are items too uncertain to valuate and, so, Plaintiff's jurisdictional assertion is inherently speculative. In so arguing, Defendant disregards the governing law and invites the Court to construe Plaintiff's requests for declaratory judgment regarding share ownership and inspection of corporate records as the objects of litigation, rather than the unencumbered ownership of shares of Defendant. Defendant offers no legal basis for this narrow characterization, and the decision in *Cincinnati Ins. Co.* shows that the value of the item to be resolved via declaratory judgment is the basis for determining the amount in controversy. Thus, the amount at issue here is the value of 300,000 shares of Defendant as of the date of the filing of the complaint.

Plaintiff's complaint does not articulate a basis for assessing the value of those shares and does not describe Defendant's structure. In his response brief, he invites the Court to review the value of a particular holding of Defendant: 15,767,524 shares of Gastar Exploration Limited, which was publicly traded at $1.67 per share on August 30, 2007, the date of the filing of Plaintiff's complaint. Plaintiff further asserts that Defendant has a total of 10 million authorized shares, such that he has a 3% ownership interest in a holding worth approximately $26.3 million, or an amount in controversy of $789,952.95. While these figures noticeably do not account for other assets or liabilities of Defendant or for shares of Defendant not issued and outstanding (which Plaintiff acknowledges), they do provide a basis for concluding that the amount in contro-

versy exceeds $75,000. More importantly, Defendant has provided no rationale for concluding-to a legal certainty-that the amount in controversy is $75,000 or less, notwithstanding the fact that Defendant, as the entity comprised of the shares at issue, is uniquely able to provide precisely that information.

Accordingly, the Court will not dismiss for lack of subject matter jurisdiction, because there is no "legal certainty" that the amount in controversy does not exceed $75,000, as alleged by Plaintiff in good faith. Defendant, not Plaintiff, bears the burden to show the insufficiency of the amount in controversy to a legal certainty.

B.

Under *Erie R. v. Tompkins,* 304 U.S. 64 (1938), a federal district court sitting in diversity applies the conflict of laws rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496 (1941); *Muncie Power Products, Inc. v. United Technologies Automotive, Inc.,* 328 F.3d 870, 873 (6th Cir.2003). Thus, the controlling conflict of laws principles here are those employed by Michigan.

**\*4** Michigan's conflict of laws rule states that Michigan law applies "unless a 'rational reason' to do otherwise exists." *Sutherland v. Kennington Truck Serv., Ltd.,* 562 N.W.2d 466, 471 (Mich.1997). To determine whether to displace Michigan law, a court must consider whether a foreign state has an interest in the application of its law and, if so, whether Michigan's interests mandate that Michigan's law applies, despite the interests of the foreign state. *Id.* (citing *Olmstead v. Anderson,* 400 N.W.2d 292, 301 (Mich.1987)). "If no state has ... an interest [in the application of its law], the presumption that Michigan law will apply cannot be overcome." *Id.* Factors to be considered in assessing whether Michigan's interests have priority over the interests of a foreign state include considerations of promoting certainty, predictabil-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1882698 (E.D.Mich.)
**(Cite as: 2008 WL 1882698 (E.D.Mich.))**

ity of results, ease of application, and preventing forum shopping. *See Olmstead,* 400 N.W.2d at 302.

Here, a rational reason exists to apply the law of another state, Delaware. Defendant is incorporated under the law of that state. Plaintiff's requests for declaratory judgment as to ownership of shares in Defendant and for a production and inspection of its corporate records directly implicate Defendant's corporate structure, the existence of which is governed by Delaware law. *See McDermott, Inc. v. Lewis,* 531 A.2d 206, 214-218 (Del.1987) (describing Delaware's significant interest in the application of its law to the internal affairs of corporations incorporated there). This conclusion comports with the internal affairs doctrine, which is a choice of law principle that the law of the state of incorporation generally governs issues pertinent to a corporation's internal affairs. *See First National City Bank v. Banco Para el Comercio Exterior de Cuba,* 462 U.S. 611, 621 (1983) (citing Restatement 2d of Conflict of Laws § 302 (1971)); *Atherton v. Federal Deposit Insurance Corp.,* 519 U.S. 213, 223-224 (1997); *Wojtczak v. American United Life Ins. Co.,* 292 N.W. 364, 366 (Mich.1940).

In assessing whether Michigan's interests take priority over Delaware's interests, the concern to promoting certainty and predictability of results and to facilitate ease of application would be served as well as by applying Delaware law, if not better, due to the robust development of Delaware law regarding corporate governance. The existence of Michigan's own statute, the CBA, governing both domestic and foreign corporations, does not demonstrate a countervailing reason for overriding the interest in certainty and consistency in governing the internal affairs of a corporation. As a corporation incorporated under Delaware law, Defendant's actions that implicate corporate governance, such as determining who owns shares in it and producing its records for inspection, will be governed by Delaware law, at least in Delaware. To permit the application of Michigan law to Plaintiff's particular claims would, in fact, promote inconsistency. Also,

applying Michigan law here might arguably reward forum shopping, where Plaintiff is a citizen of Texas and Defendant a Delaware corporation. Consequently, Delaware law governs Plaintiff's claims.

*5 Plaintiff's arguments, however, presume the application of Michigan law, and only Defendant addresses the argument that Defendant is entitled to judgment on the pleadings as to Plaintiff's request for inspection of corporate records, under Delaware law. Del.Code tit. 8, § 220(b), in relevant part, provides:

> Any stockholder, in person or by attorney or other agent, shall, upon written demand *under oath* stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose, and to make copies and extracts from:

> (1) The corporation's stock ledger, a list of its stockholders, and its other books and records; and

> (2) A subsidiary's books and records ....

\* \* \*

> In every instance where the stockholder is other than a record holder of stock in a stock corporation or a member of a nonstock corporation, the demand under oath shall state the person's status as a stockholder, be accompanied by documentary evidence of beneficial ownership of the stock, and state that such documentary evidence is a true and correct copy of what it purports to be. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand *under oath* shall be accompanied by a power of attorney or such other writing which authorizes the attorney or other agent to so act on behalf of the stockholder....

(Emphasis added.) Although nowhere alleged in his complaint and so outside the scope of review on a

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1882698 (E.D.Mich.)
(Cite as: 2008 WL 1882698 (E.D.Mich.))

motion for judgment on the pleadings, Plaintiff does provide letters (dated October 18, 2006 and November 22, 2006) to Defendant from his counsel seeking to review its books. Pl. Rs., Ex. 8 [dkt # 16-9]. These letters do not include any statement under oath, and they do not include a power of attorney for Plaintiff's counsel to act on his behalf.

If a corporation refuses to permit a stockholder to inspect its books, then the stockholder may have recourse to the courts, under Del.Code tit. 8, § 220(c) which, in relevant part, provides:

If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a stockholder or attorney or other agent acting for the stockholder pursuant to subsection (b) of this section or does not reply to the demand within 5 business days after the demand has been made, the stockholder may apply to the Court of Chancery for an order to compel such inspection.... Where the stockholder seeks to inspect the corporation's books and records, other than its stock ledger or list of stockholders, such stockholder shall first establish that:

(1) Such stockholder is a stockholder;

(2) Such stockholder *has complied with this section respecting the form and manner of making demand for inspection of such documents;* and

(3) The inspection such stockholder seeks is for a proper purpose.

*6 Where the stockholder seeks to inspect the corporation's stock ledger or list of stockholders and establishes that such stockholder is a stockholder and *has complied with this section respecting the form and manner of making demand for inspection of such documents,* the burden of proof shall be upon the corporation to establish that the inspection such stockholder seeks is for an improper purpose. The Court may, in its discretion, prescribe any limitations or conditions

with reference to the inspection, or award such other or further relief as the Court may deem just and proper....

(Emphasis added.)

Notwithstanding the Delaware Code's authorization for a stockholder to seek a court's assistance if a corporation does not comply with a request, that authorization is limited by the condition that the stockholder must comply with the procedural requirements for the "form and manner of making demand for inspection of such documents." Because Plaintiff has provided no allegation that his request complied with these procedural requirements, i.e., issuing the demand under oath and with a power of attorney to his counsel, Plaintiff cannot prevail on his request for production and inspection of Defendant's corporate records. Accordingly, Defendant is entitled to judgment on the pleadings as to Plaintiff's count II, because he has not met the requirements of Delaware law, even considering all his allegations as true.

IV.

Accordingly, it is **ORDERED** that Defendant's second motion to dismiss [dkt # 12] is **GRANTED IN PART** and **DENIED IN PART.** Count II of Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that Plaintiff's oral motion for leave to amend is **GRANTED.** Plaintiff shall file any amended complaint on or before **May 9, 2008,** else his complaint will be dismissed without prejudice.

It is further **ORDERED** that Defendant's motion to stay discovery pending disposition of its motion to dismiss [dkt # 13] is **GRANTED.** Discovery is hereby **STAYED** until **June 5, 2008,** or until further order of the Court.

E.D.Mich.,2008.
Stewart v. Geostar Corp.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 1882698 (E.D.Mich.)
**(Cite as: 2008 WL 1882698 (E.D.Mich.))**


Not Reported in F.Supp.2d, 2008 WL 1882698
(E.D.Mich.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2006 WL 1722224 (E.D.Mich.)
**(Cite as: 2006 WL 1722224 (E.D.Mich.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
Michael WILLIAMS, individually and on behalf of
all persons similarly situated, Plaintiff,
v.
SCOTTRADE, INC., Defendant.
**No. 06-10677.**

June 19, 2006.

Michael P. Marsalese, Marsalese Law Group,
Southfield, MI, for Plaintiff.

Lisa A. Brown, Thomas M. Schehr, Dykema Gossett, Detroit, MI, for Defendant.


PRESENT: The Honorable PATRICK J. DUGGAN
, U.S. District Court Judge.


***OPINION AND ORDER GRANTING DEFEND-
ANT'S MOTION FOR STAY OF DISCOVERY***

PATRICK J. DUGGAN, District Judge.

**\*1** This action arises out of Defendant Scottrade,
Inc.'s online stock trading platform, ScottradeEL-
ITE®. On January 26, 2006, Plaintiff filed this pu-
tative class action lawsuit in the Circuit Court for
the County of Macomb, State of Michigan. Scot-
trade removed the complaint to federal court on
February 16, 2006, pursuant to the Class Action
Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and
1453. In his complaint, Plaintiff claims that an al-
leged malfunction in ScottradeELITE resulted in
inaccurate average price per share information be-
ing conveyed to its customers between September
1, 2004 through January 1, 2005. Plaintiff claims
that, as a result, ScottradeELITE customers
suffered monetary losses. According to Plaintiff,

this malfunction contradicted representations Scot-
trade made about ScottradeELITE in its advertising
and marketing efforts and constituted a breach of
Scottrade's contract with its ScottradeELITE cus-
tomers. Plaintiff alleges the following state-law
claims in his complaint:

(I) breach of contract;

(II) unfair and deceptive trade practices in viola-
tion of Michigan's Consumer Protection Act,
MICH. COMP. LAWS ANN. § 445.901 *et seq.;*

(III) negligence;

(IV) common law fraud;

(V) breach of fiduciary duty;

(VI) respondeat superior;

(VII) breach of the National Association of Se-
curities Dealers' supervisory rules;

(VIII) negligent supervision;

(IX) negligent misrepresentation;

(X) promissory estoppel;

(XI) rescission pursuant to MICH. COMP.
LAWS ANN. § 451.810;

(XII) securities fraud in violation of MICH.
COMP. LAWS ANN. § 451.501;

(XIII) unjust enrichment; and

(XIV) quantum meruit;

On March 16, 2006, Plaintiff served its First Set of
Interrogatories on Scottrade. The following day,
Scottrade filed a motion pursuant to Rules 9(b) and
12(b)(6) of the Federal Rules of Civil Procedure
seeking dismissal of Plaintiff's claims. That motion
now has been fully briefed and is scheduled for
hearing on July 13, 2006. Presently before the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 1722224 (E.D.Mich.)
(Cite as: 2006 WL 1722224 (E.D.Mich.))

Court is Scottrade's motion seeking a stay of discovery pending a resolution of its motion to dismiss, filed April 24, 2005.[FN1] On June 16, the Court notified the parties that it is dispensing with oral argument with respect to Scottrade's motion to stay discovery, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

> FN1. On March 24, 2006, Plaintiff filed a motion for class certification which this Court already stayed pending a resolution of Scottrade's motion to dismiss. *See* 4/5/06 Order Granting Motion for Stay of Class Certification.

This Court has the discretion to stay discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure pending a resolution of a motion to dismiss. *Nichols v. Baptist Mem'l Hosp.,* No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004)(unpublished opinion)(cases cited therein). As the cases cited by Scottrade provide, " '[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion.' " *Id.* (quoting *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.C.2001). The district court in *Nichols* suggested, however, that trial courts should not stay discovery which is necessary to gather facts in order to defend against a motion to dismiss or when the party seeking discovery will be prejudiced by the delay. *Id.* (citations omitted). Finding none of these concerns applicable in the present case, the Court concludes that Scottrade's motion should be granted.

*2 Scottrade's motion to dismiss, if granted, will render Plaintiff's discovery requests moot. Even if the Court does not dismiss Plaintiff's claims entirely, a resolution of the motion may narrow the causes of action and relevant issues in this lawsuit. While Plaintiff now claims that he needs discovery to respond to the motion to dismiss and to draft an amended complaint if Scottrade prevails in its argument that his fraud claims are not adequately pled,

Plaintiff did not make the same arguments in response to Scottrade's motion to dismiss and in fact filed a lengthy response to the motion. Additionally, while Plaintiff argues that the materials sought in his discovery requests are materials in Scottrade's possession, the type of discovery sought-*see* Pl.'s Resp. at 11 and Ex. 1-may not necessarily be readily at hand. In any event, to some degree, Scottrade will need to expend time and resources to respond to Plaintiff's discovery requests. Finally, the Court notes that the delay in discovery will not be long as Scottrade's motion to dismiss is scheduled for hearing shortly.

For the above reasons, the Court concludes that discovery should be stayed pending a resolution of Scottrade's motion to dismiss. Accordingly,

**IT IS ORDERED,** that Scottrade's motion for stay of discovery is **GRANTED.**

E.D.Mich.,2006.
Williams v. Scottrade, Inc.
Not Reported in F.Supp.2d, 2006 WL 1722224 (E.D.Mich.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit G

05-44481-rdd Doc 20220-1 Filed 06/05/10 Entered 06/05/10 16:08:54 Exhibits
A-1 to H Pg 188 of 243
Case 1:09-cv-14383-TLL-CEB Document 17 Filed 08/25/10 Page 1 of 8

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

_____

LEIGH OCHOA,

      Plaintiff,                              FILE NO. 09-14383

vs.                                         Hon. Thomas L. Ludington

DPH HOLDINGS CORP.

      Defendants.

_____/

THE MASTROMARCO FIRM
BY:  VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. WESTERVELT (P62597)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, PLLC
BY: RICHARD M. TUYN (P29091)
    DEBRA A. COLBY (P60438)
33 Bloomfield Hills Pkwy., Ste. 120
Bloomfield Hills, MI 48304
(248) 593-6400
E-Mail: richard.tuyn@ogletreedeakins.com
       debra.colby@ogletreedeakins.com

_____/

## **PLAINTIFF'S RESPONSE TO DEFENDANT DPH HOLDINGS, CORPORATION'S MOTION TO STAY DISCOVERY AND ALL PRE-TRIAL PROCEEDINGS**

NOW COMES Plaintiff, LEIGH OCHOA, by and through her attorneys, THE MASTROMARCO FIRM, and for her Response to Defendant DPH Holdings Corporation's Motion to Stay Discovery and all Pre-Trial Proceedings states as follows:

1.

It is admitted that 26(c) provides authority to this Court to, among other things, limit discovery upon good cause.

2.

It is true that Plaintiff filed an action seeking damages following termination of her employment with the Defendant. However, it should be noted that Plaintiff filed the original complaint on November 6, 2009. That although Defendants have known about the case, and Plaintiff has attempted to obtain discovery for months now, the Defendants waited six (6) months, and then filed this Motion, claiming protection from the Court. However, no formal Motion, at the time of this dictation, and at the time of the filing of the Defendant's Motion has been sought from the Bankruptcy Court seeking appropriate relief from this lawsuit (see admission in paragraph four (4) of Defendant's Motion).

3.

It is untrue that the claims that Plaintiff has brought were discharged in Bankruptcy. To the contrary, Plaintiff's claims sound in an intention tort, which is a complete exclusion from the Bankruptcy Rules. (See 11 U.S.C. § 523(a)).

4.

Defendant claims in this paragraph that it will be "filing a Motion in Bankruptcy Court seeking appropriate relief from this lawsuit." However, since Defendants have

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

already waited six (6) months from the filing of the Complaint in which to do so, it is doubtful that Defendants will be seeking appropriate relief, and in the meantime, a stay would not be appropriate.

### 5.

It is not necessary to stay discovery, so that the Defendants can continue to stall the present lawsuit when they have failed to seek any alleged relief, even at the time of the filing of their Motion, with the Bankruptcy Court.

### 6.

It is untrue that Discovery can be a "undue burden and waste of resources" since the chances that Defendants will be able to convince the Court, that Plaintiff should not proceed with their lawsuit, on a Motion that they haven't even filed yet with the Bankruptcy Court is speculative.

### 7.

It is untrue that counsel conferred in good faith, since they are aware that this matter should proceed at this time.

WHEREFORE, Plaintiff respectfully prays for a denial of Defendant's Motion.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: May 25, 2010                    s/Victor J. Mastromarco, Jr.
                                        VICTOR J. MASTROMARCO, JR. [P34564]
                                        1024 N. Michigan
                                        Saginaw, MI 48602
                                        989.752.1414
                                        E-Mail: vmastromar@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LEIGH OCHOA,

     Plaintiff,                                FILE NO. 09-14383

vs.                                       Hon. Thomas L. Ludington

DPH HOLDINGS CORP.

     Defendants.
_____/

THE MASTROMARCO FIRM
BY:  VICTOR J. MASTROMARCO, JR. (P34564)
MANDA L. WESTERVELT (P62597)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, PLLC
BY: RICHARD M. TUYN (P29091)
    DEBRA A. COLBY (P60438)
33 Bloomfield Hills Pkwy., Ste. 120
Bloomfield Hills, MI 48304
(248) 593-6400
E-Mail: richard.tuyn@ogletreedeakins.com
      debra.colby@ogletreedeakins.com
_____/

**PLAINTIFF'S OPPOSITION BRIEF TO DEFENDANT DPH HOLDINGS
CORPORATION'S BRIEF IN SUPPORT OF MOTION TO
STAY DISCOVERY AND ALL PRE-TRIAL PROCEEDINGS**

Case 1:09-cv-14363-TLL-CEB  Document 1  Filed 08/25/10  Page 5 of 8

# **INTRODUCTION**

Plaintiff's lawsuit stems from an intentional violation of ERISA laws, where the Defendants terminated Plaintiff's employment, so as to prevent her from obtaining ERISA benefits. Such action on the part of Defendants is an intentional tort and an intentional violation of Statute.

Pursuant to 11 U.S.C. § 523(a), Defendant's argument that Plaintiff's claims are barred, is frivolous. Intentional torts cannot be "clearly discharged" as stated by Defendants in their Brief. (See page one, paragraph one, Introduction at line 5).

The facts of Plaintiff's complaint suggest that Plaintiff was terminated on August 31, 2009, while on approved medical leave, and Delphi terminated her employment so as to interfere with her entitlement to long term disability benefits to which Plaintiff would become entitled under the Delphi LTD Plan and ERISA.

That as a point of fact, just prior to Plaintiff's termination, she was contacted by her supervisor who asked questions specifically directed toward her anticipated return from medical leave versus the necessity of obtaining long term disability benefits.

That on that date, Plaintiff informed her supervisor that she believed her disability to be permanent and that she anticipated going on long term disability.

That due to Plaintiff's termination, all of her benefits, including health benefits and LTD, were discontinued effective October 9, 2009.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Case 1:09-cv-14863-TLL-CEB  Document 1  Filed 08/25/10  Page 6 of 8

## LEGAL ANALYSIS

At the outset, Plaintiffs would point out that Defendants have taken no action in six (6) months since the Complaint was filed, to bring any type of action within the Bankruptcy Court in an attempt to declare Plaintiff's allegations null or void or discharged. Instead, Defendants have maintained their defense to the Plaintiff's cause of action. It is only on the eve of depositions, that Defendant's now bring this Motion in an attempt to stall discovery, upset the Court's previous Pre-Trial Order, and prevent Plaintiff's from obtaining discovery.

If Plaintiff was terminated with the intent to interfere with Plaintiff's long-term disability benefits, as alleged in eight (8) of Plaintiff's Complaint, then clearly, Defendants have a reason for not going forth to the Bankruptcy Court, and attempting to obtain an Order to allegedly confirm that this matter has been "discharged." Defendants should not be granted some sort of stay from discovery at this juncture, after they have been dilatory. That 11 U.S.C. § 532(a) specifically deals with "exemptions to discharge." The claim that Plaintiff is making in this case is specifically identified as a claim which cannot be discharged in Bankruptcy. Defendants know this yet bring this Motion anyway, and that conduct should not be sanctioned.

That specifically, 11 U.S.C. § 523(a) states in relevant part:

> "(a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this Title does not discharge an individual debtor from any debt...

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

…(6) for willful and malicious injury by the debtor or to another

entity or to the property of another entity;"

It should also be noted, that not only have Defendants failed to file any type of action in the Bankruptcy Court to attempt to nullify Plaintiff's action, the Defendant also cites no legal authority for their position as it would relate to the matter of being "discharged" by the Bankruptcy Court. No Motion has been filed, and no legal action has been taken, and as such, the Defendant's Motion should be denied.

WHEREFORE, Plaintiff respectfully prays that the Court deny Defendant's Motion to Stay Discovery in order that the depositions go forward.

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: May 25, 2010          s/Victor J. Mastromarco, Jr.
VICTOR J. MASTROMARCO, JR.
1024 N. Michigan
Saginaw, MI 48602
989.752.1414
E-Mail: vmastromar@aol.com
[P34564]

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 195 of 243
Case 1:09-cv-43863-TLL-CEB   Document 1   Filed 08/25/10   Page 8 of 8

## PROOF OF SERVICE

I hereby certify that on **May 20, 2010**, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the following: **RICHARD M. TUYN/DEBRA A. COLBY**, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: N/A..

Respectfully Submitted:

THE MASTROMARCO FIRM

Dated: May 25, 2010                    s/Victor J. Mastromarco, Jr.
                                       VICTOR J. MASTROMARCO, JR.
                                       1024 N. Michigan
                                       Saginaw, MI 48602
                                       989.752.1414
                                       E-Mail: vmastromar@aol.com
                                       [P34564]

# **Exhibit H**

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 197 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18    Filed 06/01/10    Page 1 of 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

        Plaintiff,

v.

                                 Case No. 09-14383
                                 Hon. Thomas L. Ludington
                                 Mag. Judge Charles E. Binder

DPH HOLDINGS CORP.,

        Defendant.

---

| VICTOR J. MASTROMARCO, JR. (P34564) | RICHARD M. TUYN (P29091) |
|---|---|
| MANDA L. WESTERVELT (P62597) | DEBRA A. COLBY (P60438) |
| The Mastromarco Firm | Ogletree, Deakins, Nash, Smoak & Stewart, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1024 N. Michigan Ave. | 33 Bloomfield Hills Parkway, Suite 120 |
| Saginaw, Michigan 48602 | Bloomfield Hills, Michigan 48304 |
| (989) 752-1414 | (248) 593-6400 |
| vmastromar@aol.com | richard.tuyn@ogletreedeakins.com |
| westervm@gmail.com | debra.colby@ogletreedeakins.com |

---

**DEFENDANT DPH HOLDINGS CORPORATION'S
REPLY BRIEF IN SUPPORT OF MOTION TO STAY
<u>DISCOVERY AND ALL PRE-TRIAL PROCEEDINGS</u>**

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 198 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18    Filed 06/01/10    Page 2 of 7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Beard, et al v. A.H. Robins Co.,*
    828 F.2d 1029 (4th Cir., 1987) ..................................................................................2

*Holcombe v. U.S. Airways, Inc.,*
    2010 WL 750086 (4th Cir., 2010) ..............................................................................2

*In re Jacobs,*
    403 B.R. 565 (N.D. Ill., 2009) ....................................................................................3

*In re Thirtyacre,*
    36 F.3d 697 (7th Cir. 1994) .......................................................................................3

*In re: Livingston,*
    379 B.R. 711 (W.D. Mich. 2007) ................................................................................3

*In re: Padilla,*
    84 B.R. 194 (D. Col., 1987) .....................................................................................3, 4

**STATUTES**

11 U.S.C. § 523(a)(6)..............................................................................................2, 3, 4

11 U.S.C. § 1141(d)(2) ....................................................................................................2

Nondischargeability UnderBankruptcy Code § 523(a)(3)(A) ........................................4

**OTHER AUTHORITIES**

69 Am. Bankr. L.J., n. 9 ..................................................................................................4

i

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 199 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18    Filed 06/01/10    Page 3 of 7

Plaintiff's response to Defendant's Motion to Stay Discovery is without merit for four reasons: (1) Plaintiff's claims are barred by her failure to file a claim in bankruptcy court; (2) Plaintiff relies on an inapplicable section of the Bankruptcy Code in attempting to argue that her claims are not barred; (3) the claims raised by Plaintiff in this lawsuit are not subject to any exception to the injunction issued by the Bankruptcy Court; and (4) the appropriate Court to rule on whether the claims are barred is the Bankruptcy Court and not this Honorable Court.[1]

Before addressing the lack of merit in Plaintiff's response, Defendant must address Plaintiff's suggestion that Defendant has been dilatory in raising the issue that Plaintiff's claims are barred and/or in bringing this motion. Defendant raised this issue as an Affirmative Defense in **January 2010,** stating: "Plaintiff failed to timely file a claim with the Bankruptcy Court overseeing the Defendant's Chapter 11 case, and is therefore barred and/or enjoined from proceeding against Defendant in this matter." (*see* Doc. 10). Further, Defendant communicated to Plaintiff's counsel in April 2010 that Plaintiff's claims were barred, and that Plaintiff had been given proper notice by the Bankruptcy Court and failed to timely file her bankruptcy claim (Ex A). Defendant communicated with Plaintiff's counsel a second time in April 2010, specifically noting that the cut off date for Plaintiff to file her claim was November 5, 2009 (Ex B). Finally, Defendant's counsel spoke with Plaintiff's counsel on May 5, 2010. At that time, Plaintiff's counsel refused to voluntarily dismiss this lawsuit or to stay discovery until the bankruptcy court ruled, thus requiring Defendant to bring this Motion.

Defendant's bankruptcy counsel is in the process of filing a motion in the bankruptcy court seeking the appropriate relief from this lawsuit. Under the local bankruptcy court rules,

---

[1] As indicated in Defendant's original brief in support of its motion, Plaintiff was notified that the bar date for filing administrative expense claims for claims arising on or after June 1, 2009, was November 5, 2009, and that any request for payment of claims not timely filed would be barred (Exhibit 1 attached to Defendant's original motion). Plaintiff failed to timely file a claim with the bankruptcy court, and her claims are now barred.

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 200 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18    Filed 06/01/10    Page 4 of 7

Defendant's motion must be filed by June 10, 2010[2], and the hearing date for the motion will be June 30, 2010. Based on prior experience, Defendant believes it is likely to receive a ruling on its motion that day, or within a short period of time thereafter. There is simply no reason to engage in discovery in this case before the Bankruptcy Court issues its ruling, particularly since discovery in this case is not scheduled to close until September 2010.

With regard to the substantive portion of Plaintiff's Response to Defendant's Motion, Plaintiff argues that her claims are not dischargeable in bankruptcy because she has alleged an intentional tort. Plaintiff claims 11 U.S.C. § 523(a)(6) excepts from discharge conduct that is "willful" and "malicious". Plaintiff's claim, however, is without merit because the exception set forth in Section 523(a)(6) is only applicable to **individual debtors** and does not apply to a **corporate debtor** such as Delphi. As set forth in 11 U.S.C. § 1141(d)(2), a Chapter 11 discharge "does not discharge a debtor **who is an individual** from any debt excepted from discharge under Section 523 of this title." (emphasis added).

Further, even if Plaintiff were to argue that her claim should be excepted from discharge under the Reorganization Plan, exceptions to discharge are to be narrowly construed in favor of the debtor and should be confined to those plainly expressed. *In re: Livingston,* 379 B.R. 711 (W.D. Mich. 2007). In this case, Plaintiff was terminated along with a number of other employees as a result of Delphi Corporation's bankruptcy. Ignoring the fact that she was one of many, Plaintiff claims that Defendant terminated her employment in order to avoid paying her long term disability benefits. This is not the fraudulent, malicious, willful type of conduct excepted from discharge under the Reorganization Plan (see Exhibit C, excerpts from "Plan Modification Order.")

---

[2] Defendant anticipates that its motion will be filed no later than June 4, 2010.

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 201 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18    Filed 06/01/10    Page 5 of 7

In any event, whether or not Plaintiff's claim is barred is a decision to be made by the

Bankruptcy Court. The Court in *In re: Padilla*, 84 B.R. 194 (D. Col., 1987), explained why

(whether or not Section 523(a)(6) is applicable), the bankruptcy court has exclusive jurisdiction

to determine questions of dischargeability. The Court stated:

> It is often said that Bankruptcy Courts have exclusive jurisdiction to determine
> dischargeability questions under §§523(a)(2), (4), and (6), and that other courts
> have concurrent jurisdiction with the Bankruptcy Courts to determine
> dischargeability under § 523(a)(3). (citations omitted). Such statements
> assume that the nature of the debt has already been determined, i.e., it is a §§
> 523(a)(2),(4) or (6) debt or it is another type of debt. **Only the Bankruptcy**
> **Court can make that determination**. Thus, the general statement that
> Bankruptcy Courts have only concurrent jurisdiction under § 523(a)(3) is in
> error because only the Bankruptcy Court can determine if it is a § 523(a)(2),
> (4) or (6) debt, and that determination must be made before any court can
> determine if § 523(a)(3)(B) applies. . . .

84 B.R. 194, 196-197 (emphasis added).

Not only does the Bankruptcy Court have jurisdiction to determine questions of

dischargeability, it retained exclusive jurisdiction under the confirmed Reorganization Plan to

hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge

and to enforce all orders previously entered by the Court, including the injunction issued in the

Delphi reorganization.

Moreover, bankruptcy courts have special expertise in matters relating to

dischargeability, which suggests that the bankruptcy court should be the preferred forum in

which to litigate dischargeability issues. *See Helbling & Klein, The Emerging Harmless*

*Innocent Omission Defense to Nondischargeability UnderBankruptcy Code §523(a)(3)(A),* 69

Am. Bankr. L.J. at 49, 61, note 9.

Plaintiff argues that her claim is not barred by the bankruptcy discharge because it falls

within an exception under the bankruptcy code for intentional torts (citing the inapplicable

3

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 202 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18    Filed 06/01/10    Page 6 of 7

Bankruptcy Code provision, 11 U.S.C. § 523(a)(6)). Yet, Plaintiff refuses to voluntarily stay discovery until the very court with the expertise to make that decision rules on the issue.

Plaintiff's suggestion that this case should not be stayed because the bankruptcy court will rule in her favor is without merit. Judge Drain, the bankruptcy judge before whom this case will be heard, has already decided a case involving salaried retirees of Delphi against the new GM (the entity that emerged from GM's bankruptcy), who claimed that the new GM's decision not to "top up" their pensions as GM had "topped up" the pensions of hourly employees constituted "willful" and "malicious" behavior. The Delphi retirees filed a lawsuit in the U.S. District Court. GM brought an action in the bankruptcy court, asking the court to rule that the retirees' U.S. District Court action violated the plan injunction and the release and exculpation provisions of the plan.[3] The Judge noted: ". . . it's well-recognized that, quote "a bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders, including those providing for discharge and injunction and therefore should not abstain from doing so." (Exhibit D, Order Enforcing Modified Plan and Plan Modification Order and excerpts from transcript of February 25, 2010 hearing, p. 88).

The Court went on to find that the record did not show the requisite willful misconduct by GM, such as to trigger an exception to dischargeability. The Court concluded, "Therefore, I will issue an order declaring that the continued prosecution of the Michigan District Court action by the retirees against New GM violates the plan injunction and may not proceed." (Exhibit D, p. 98 from transcript).    Moreover, the injunction contained in paragraph 22(a) of the Order Confirming the Defendant's Plan of Rorganization applies to "commencing or continuing in any

---

[3] GM, like the reorganized debtors in this case, was also released pursuant to the reorganization plan. In deciding whether the conduct was "willful" or "malicious," the Judge looked to the provision of the reorganization plan (Paragraph 20) which carved out an exception for such behavior and required that a very high standard be met in order for conduct to be considered "willful" or "malicious." (Ex D, transcript pp. 95-98).

4

manner any claim, action, employment of process, or other proceeding . . . against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date," whether or not such claim was discharged pursuant to the Modified Plan.  Accordingly, determining the scope of the discharge and enforcing the injunction issued in the Defendant's bankruptcy case is a matter that will be determined by the Bankruptcy Court.

It is likely that the Bankruptcy Court will enforce the plan injunction to stay the proceedings in this case.  Defendant, therefore, respectfully requests that this Honorable Court stay discovery and all other pre-trial proceedings in this case until this matter is ruled upon by the bankruptcy court.

<br>

s/Richard M. Tuyn
Richard M. Tuyn (P29091)
Debra A. Colby (P60438)
Ogletree, Deakins, Nash, Smoak & Stewart,, PLLC
Attorneys for Defendant
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
richard.tuyn@ogletreedeakins.com

Dated:  June 1, 2010            debra.colby@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Victor J. Mastromarco, Esq. and Manda L. Westervelt, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

<br>

s/Richard M. Tuyn
Richard M. Tuyn (P29091)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
33 Bloomfield Hills Parkway, Ste. 120
Bloomfield Hills, Michigan 48304
(248) 593-6400
richard.tuyn@ogletreedeakins.com

<br>

5

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 204 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-1   Filed 06/01/10   Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH OCHOA,

        Plaintiff,

                                          Case No. 09-14383

v.                                   Hon. Thomas L. Ludington
                                   Mag. Judge Charles E. Binder

DPH HOLDINGS CORPORATION,

        Defendant.

---

**EXHIBIT LIST TO
DEFENDANT DPH HOLDINGS CORPORATION'S
REPLY BRIEF IN SUPPORT OF MOTION TO STAY
DISCOVERY AND ALL PRE-TRIAL PROCEEDINGS**

**Ex A:**      Letter to Plaintiff's counsel dated April 12, 2010
**Ex B:**      Letter to Plaintiff's counsel dated April 27, 2010
**Ex C:**      Bankruptcy Court Order dated July 30, 2009
**Ex D:**      Bankruptcy Court Order dated March 1, 2010
               and Transcript Excerpt

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 205 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-2    Filed 06/01/10    Page 1 of 2
EXHIBIT A

**Ogletree
Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys at Law*
Governor's Place
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, MI 48304
Telephone: 248.593.6400
Facsimile: 248.593.2603
www.ogletreedeakins.com

Richard M. Tuyn
richard.tuyn@ogletreedeakins.com

April 12, 2010

Manda L. Westervelt, Esq.
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan 48602

      RE:    *Leigh Ochoa v. DPH Holdings Co.*
           Case No 09-14383

Dear Ms. Westervelt:

    I write regarding *Leigh Ochoa v. DPH Holdings Co.* (the "Proceeding"). Please be aware that Plaintiff is precluded from proceeding by virtue of the Plan Modification Order entered by the United States Bankruptcy Court for the Southern District of New York on July 30, 2009. Specifically, your client is permanently enjoined from taking action in the Proceeding pursuant to Article 11.14 of the Defendant's plan of reorganization and paragraph 22 of the Bankruptcy Court's order approving the plan of reorganization. Moreover, because your client failed to file an administrative expense claim form in accordance with the procedures approved by the Bankruptcy Court evidencing the liabilities asserted in the Proceeding, your client's claim is barred. (*See* paragraph 47 of the Bankruptcy Court's order approving the Defendant's plan of reorganization; *see also,* paragraph 9, Notice of Effective Date.) Accordingly, we hereby have attached for your review and execution the enclosed joint stipulation agreeing to dismiss the Proceeding.

    If, by April 20, 2010, we have not heard from you in response to this letter, or if you indicate that you will not agree to voluntarily dismiss this case, the Defendant will be forced to exercise its legal alternatives including, but not limited to, instituting proceedings in the Bankruptcy Court to enforce the plan of reorganization approved by the Bankruptcy Court and stay the Proceeding. As a courtesy, I have enclosed a summary of the relevant procedural history and applicable provisions from the plan of reorganization and the Bankruptcy Court's orders. For a copy of relevant orders, as well the Notice of Effective Date, please go to http://www.dphholdingsdocket.com.

---

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 206 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-2   Filed 06/01/10   Page 2 of 2
EXHIBIT A

Manda L. Westervelt, Esq.
April 12, 2010
Page 2

Thank you for your immediate attention to this matter.

Very truly yours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

Richard M. Tuyn

RMT/kv
Enclosures

8478598.1 (OGLETREE)

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 207 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-3    Filed 06/01/10    Page 1 of 3

EXHIBIT B

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys at Law*
Governor's Place
33 Bloomfield Hills Parkway, Suite 120
Bloomfield Hills, MI 48304
Telephone: 248.593.6400
Facsimile: 248.593.2603
www.ogletreedeakins.com

Richard M. Tuyn
richard.tuyn@ogletreedeakins.com

April 27, 2010

**VIA FACSIMILE and U.S. Mail**
Manda L. Westervelt, Esq.
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, Michigan  48602

RE:    *Leigh Ochoa v. DPH Holdings Co.*
       Case No 09-14383

Dear Ms. Westervelt:

We received your letter indicating that you believe Plaintiff's claims are not barred by the bankruptcy proceedings.  While we agree with your assessment of the language you cited, we would refer you to additional language which does bar your client's claims. By way of background, there were actually three bar dates in total.  The first was for pre-petition (Pre-10/8/2005) claims which had to be filed by July 31, 2006.  The second, usually referred to as the "Initial Administrative Claims Bar Date" was for claims arising from October 8, 2005 to June 1, 2009.  The third, referred to as the "Final Administrative Claims Bar Date" was for claims arising after June 1, 2009 but before the Effective Date of the plan of reorganization (October 6, 2009).  As you point out, Leigh Ochoa's claims fall into the latter category.

In the Notice of (A) Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession and (B) Occurrence of Effective Date (Docket No. 18958)(attached hereto as Exhibit A), it specifically states that the Effective Date of the Modified Plan is October 6, 2009.  Under the Bankruptcy Court's Orders, all claims which accrued prior to the Effective Date (i.e., prior to October 6, 2009) had to be filed no later than November 5, 2009.  Indeed, under the Administrative Bar Date section of the Notice of Effective Date, it specifically states:

> Requests for payment of an Administrative Claim (other than as set forth in Article X of the Modified Plan), must be filed with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee *no later than November 5, 2009 or shall be disallowed automatically* without the need for any objection from the Debtors or Reorganized Debtors. Unless the Debtors or the Reorganized Debtors object to an Administrative Claim on or prior to May 4, 2010 (unless such objection period is extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed in the amount requested. In the event that the

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 208 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-3   Filed 06/01/10   Page 2 of 3

EXHIBIT B

Manda L. Westervelt, Esq.
April 27, 2010
Page 2

Debtors or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of such Administrative Claim.

This language is consistent with the Order Approving Modifications under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order (Docket No. 12359)). Specifically, in Paragraph 47 of that Order it states:

[R]equests for payment of an Administrative [Expense] Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims *arising on or after June 1, 2009*) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases [November 5, 2009].[1] **Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically** without the need for any objection from the Debtors or the Reorganized Debtors.

Exhibit B, Modified Plan, Paragraph 47 (emphasis added). In addition, the Modified Plan provides that:

[T]he distributions and rights that are provided in [the Modified] Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to [the Modified] Plan on account of such Claims, rights, and Interests, *including, but not limited to, Claims and Interests that arose before the Effective Date* . . . .

Modified Plan Art. 11.2(emphasis added).

[T]he satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under

---

[1]  The Effective Date of the Plan was October 6, 2009, which means Bar Date for Admin Claims that arose after June 1, 2009, was November 5, 2009.

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 209 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-3   Filed 06/01/10   Page 3 of 3
EXHIBIT B

Manda L. Westervelt, Esq.
April 27, 2010
Page 3

> **[the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code . . . .**

Modified Plan Art. 11.14 (emphasis added). Similarly, paragraph 22 of the Modification Approval Order provides that:

> [T]he Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, *which they possessed or may possess prior to the Effective Date*, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, *which they possessed or may possess prior to the Effective Date*, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, *which they possessed or may possess prior to the Effective Date*, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶ 22(emphasis added).

Based on these Orders, any claim that Leigh Ochoa had against Delphi had to be filed no later than November 5, 2009, and her current claims are untimely and improper. We are attaching the relevant provisions of the Orders/notices for your ease of reference. Complete copies of these documents are available at http/dphholdingsdocket.com. After you have had an opportunity to review these documents, please advise whether you are willing to dismiss this action or whether a motion is necessary. If we do no hear from you by May 3, 2010, we will be forced to file a motion to dismiss.

Thank you for your immediate attention to this matter.

Very truly yours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

Richard M. Tuyn

RMT/kv
Enclosures

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 210 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-4    Filed 06/01/10    Page 1 of 8
EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                    :     Chapter 11
                                         :
DELPHI CORPORATION, et al.,              :     Case No. 05-44481 (RDD)
                                         :
                Debtors.                 :     (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER APPROVING MODIFICATIONS UNDER 11 U.S.C. § 1127(b) TO
(I) FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DELPHI
CORPORATION AND CERTAIN AFFILIATES, DEBTORS AND
DEBTORS-IN-POSSESSION, AS MODIFIED AND
(II) CONFIRMATION ORDER (DOCKET NO. 12359)

("PLAN MODIFICATION ORDER")

Upon the Court's Findings of Fact, Conclusions of Law, And Order Under

11 U.S.C. §§ 1129(a) And (b) And Fed. R. Bankr. P. 3020 Confirming the First Amended

Joint Plan Of Reorganization Of Delphi Corporation ("Delphi") And Certain Affiliates,

Debtors And Debtors-In-Possession (each, a "Debtor"), As Modified (the "Confirmed

Plan"), dated January 25, 2008 (Docket No. 12359) (the "Confirmation Order"); and

Upon the Debtors' Motion for Order (I) Approving Modifications to

Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures

and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to

Confirmed First Amended Plan of Reorganization (Docket No. 14310), dated October 3,

2008, (the "Plan Modification Approval Motion"); and

Upon the Debtors' (A) Supplement to Motion for Order (I) Approving

Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and



05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
Case 1:09-cv-14383-TLL-CEB    Document 18-4    Filed 06/01/10    Page 2 of 8
App 1 to H    Pg 211 of 243
EXHIBIT C

subject the Reorganized Debtors to any liability by reason of such transfer under the

Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation,

any laws affecting successor or transferee liability.

        20.      Discharge, Releases, Limitations Of Liability, And

Indemnification.  Pursuant to applicable law, including sections 105(a) and 1123(b)(3)

and (6) of the Bankruptcy Code, the discharge of the Debtors and any of their assets or

properties provided in Article 11.2 of the Modified Plan, as approved herein, the releases

set forth in Articles 11.4, 11.5, 11.6, and 11.7 of the Modified Plan, and the exculpation

and limitation of liability provisions set forth in Article 11.11 of the Modified Plan, are

deemed incorporated in this order as if set forth in full herein and are hereby approved as

an integral part of the Modified Plan and are fair, equitable, reasonable and in the best

interests of the Debtors, their estates, and holders of Claims and Interests; provided,

however, notwithstanding anything in this order, the exculpation provisions or releases

provided pursuant to Article 11 of the Modified Plan shall have no effect on the liability

of any entity that otherwise would result from any action or omission to the extent that

such action or omission is determined in a final order to have constituted intentional fraud

or willful misconduct.

        21.      Limitation on Releases.  None of the releases provided in the

Modified Plan, as modified herein, shall be applicable with respect to any of the Plan

Investors or their affiliates with respect to their obligations under the Investment

Agreement, the transactions contemplated thereby, or any litigation related thereto,

including any and all defendants to such actions.

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
Case 1:09-cv-14383-TLL-CEB    Document 18-4    Filed 06/01/10    Page 3 of 8
A-1 to H    Pg 212 of 243
EXHIBIT C

22.    <u>Injunction</u>. Except as otherwise specifically provided in the Modified Plan, the MDA Documents, or this order and except as may be necessary to enforce or remedy a breach of the Modified Plan, the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

23.    <u>Automatic Stay</u>. The stay in effect in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunction set forth in the preceding paragraph and/or sections 524 and 1141 of the Bankruptcy Code and Article 11.14 of the Modified Plan; <u>provided</u>, <u>however</u>, that nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust

54

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 213 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-4    Filed 06/01/10    Page 4 of 8
EXHIBIT C

asserting against the Debtors or the Purchasing Entities, or the property of any of them, any default, counterclaim, defense, setoff, or any other Claim asserted or assertable against the Debtors (a) arising prior to or existing as of the Effective Date with respect to any prepetition periods, except for Cure, (b) arising after the commencement of the chapter 11 cases but on or prior to June 1, 2009, except for such defaults as were asserted in an administrative expense claim filed against the Debtors on or prior to July 15, 2009 in accordance with the administrative claims procedures set forth in the Modification Procedures Order, and (c) arising after June 1, 2009 but on or prior to the Effective Date, except for such defaults as are asserted in an administrative claim filed in accordance with Article 10.5 of the Modified Plan. The failure of the Debtors or the Purchasing Entities to enforce at any time one or more terms or conditions of any Acquired Contract shall not be a waiver of such terms or conditions or of the Debtors' and the Purchasing Entities' rights to enforce every term and condition of the Acquired Contracts.

     44.    <u>Bar Date For Rejection Damage Claims And Related Procedures</u>. If the rejection by the Debtors, pursuant to the Modified Plan or otherwise, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against either the Debtors, the Reorganized Debtors, or such entities' properties unless a proof of claim is filed with the Claims Agent and served upon counsel to the Debtors and the Creditors' Committee within 30 days after the later of (a) entry of this order or (b) notice that the executory contract or unexpired lease has been rejected, unless otherwise ordered by the Court.

     45.    <u>Record Date For Claims Distributions</u>. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
Case 1:09-cv-14383-TLL-CEB    Document 18-4    Filed 06/01/10    Page 5 of 8
A-1 to H    Pg 214 of 243
EXHIBIT C

9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after June 8, 2009 (the "Claims Record Date"), and shall be entitled for all purposes herein to recognize and distribute only to those holders of Allowed Claims who are holders of such Claims, or participants therein, as of the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall instead be entitled to recognize and deal for all purposes under the Modified Plan with only those record holders stated on the official claims register or the transfer ledger, as the case may be, as of the Claims Record Date. On the Claims Record Date, the transfer ledgers of the Indenture Trustees or other agents or Servicers shall be closed, and there shall be no further changes in the record holders of securities. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and the Servicers shall have no obligation to recognize any transfer of the Senior Notes, the TOPrS, or the Subordinated Notes occurring after the Claims Record Date. The Reorganized Debtors, the Disbursing Agent, the Indenture Trustees (as agent or Servicer as described in Section 9.5 of the Modified Plan), and Servicers shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the Claims Record Date, provided, however, that with respect to deceased record holders, the Indenture Trustee (as agent or Servicer as described in Section 9.5 of the Modified Plan) shall be authorized, but not directed, to recognize transfers to the appropriate heir, executor, or otherwise, following provision of notice together with such evidence of the transfer to the appropriate Indenture Trustee as is

74

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 215 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-4   Filed 06/01/10   Page 6 of 8
EXHIBIT C

reasonably satisfactory to the applicable Indenture Trustee. Such notice shall be effective
only as to distributions due at least 60 days after such notice is accepted as satisfactory by
the applicable Indenture Trustee. Nothing in this paragraph shall be applicable with
respect to any claims held by the DIP Lenders or the DIP Agent.

46.   Substantial Contribution Compensation And Expenses Bar Date.
Any Person (including the Indenture Trustees) who requests compensation or expense
reimbursement for making a substantial contribution in the Chapter 11 Cases pursuant to
sections 503(b)(3), (4), and (5) of the Bankruptcy Code shall file an application with the
Court on or before the 45th day after notice of the Effective Date is filed on the docket of
the Chapter 11 Cases (the "503 Deadline"), and serve such application on counsel for the
Debtors, the Creditors' Committee, the United States Trustee for the Southern District of
New York, and such other parties as may be directed by the Court and the Bankruptcy
Code on or before the 503 Deadline, or be forever barred from seeking such
compensation or expense reimbursement.

47.   Other Administrative Claims. All other requests for payment of an
Administrative Claim (other than as set forth in the Modified Plan or otherwise
contemplated by the Master Disposition Agreement, i.e., for such claims arising on or
after June 1, 2009) must be filed, in substantially the form of the Administrative Claim
Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and
served on counsel for the Debtors and the Creditors' Committee no later than 30 days
notice of after the Effective Date is filed on the docket of the Chapter 11 Cases. Any
request for payment of an Administrative Claim pursuant to this paragraph that is not
timely filed and served shall be disallowed automatically without the need for any

75

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 216 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-4    Filed 06/01/10    Page 7 of 8
EXHIBIT C

objection from the Debtors or the Reorganized Debtors. The Debtors or the Reorganized

Debtors may settle an Administrative Claim without further Bankruptcy Court approval.

Unless the Debtors or the Reorganized Debtors object to an Administrative Claim within

180 days after the Administrative Claims Bar Date (unless such objection period is

extended by the Bankruptcy Court), such Administrative Claim shall be deemed allowed

in the amount requested. In the event that the Debtors or the Reorganized Debtors object

to an Administrative Claim, the Bankruptcy Court shall determine the allowed amount of

such Administrative Claim.

48.    Substantive Consolidation. For the reasons described in IV.C. of

the Supplemental Disclosure Statement and the evidence and arguments made, proffered,

or adduced at the Confirmation Hearing, certain of the Debtors' estates shall be

substantively consolidated as set forth in Article III of the Modified Plan, solely for the

purposes of voting on the Modified Plan and making distributions to holders of Claims

and Interests under the Modified Plan.

49.    Restructuring Transactions. The Restructuring Transactions

contemplated by Article 7.3 of the Modified Plan and described in Exhibit 7.3 to the

Modified Plan are approved. The Debtors and Reorganized Debtors and their officers are

authorized to take, on and after the Modification Approval Date, such actions as may be

necessary and appropriate to effectuate the relevant Restructuring Transactions, including,

without limitation, executing such documents as may be reasonably required in order to

effectuate the Restructuring Transactions. Each and every federal, state, and local

governmental agency or department is hereby directed to accept for filing and recording

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 217 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-4    Filed 06/01/10    Page 8 of 8
EXHIBIT C

65.    <u>Modifications To The Modified Plan</u>.  At the request of the

Debtors, the Modified Plan is hereby modified pursuant to section 1127 of the

Bankruptcy Code and as modified herein and as set forth on <u>Exhibit A</u> hereto.

Dated: New York, New York
       July 30, 2009


/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

89

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 1 of 26
A-1 to H   Pg 218 of 243
EXHIBIT D

Docket #19578  Date Filed: 3/1/2010

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
                                                        :
In re                                                   :   Chapter 11
                                                        :
DPH HOLDINGS CORP., *et al.*,                           :   Case No. 05-44481 (RDD)
                                                        :
                        Reorganized Debtors.            :   (Jointly Administered)
                                                        :
--------------------------------------------------------x

### ORDER ENFORCING MODIFIED PLAN
### AND PLAN MODIFICATION ORDER

Upon the motion of General Motors LLC (f/k/a General Motors Company) to

Enforce Modified Plan and Plan Modification Order (Docket No. 19361) (the "Motion"),[1] filed

by General Motors LLC f/k/a General Motors Company ("New GM"); and the Court having

reviewed the Motion, the objection to the Motion filed by the Salaried Plaintiffs (Docket

No. 19492) (the "Objection") and the reply to the Objection filed by New GM (Docket

No. 19570) and the exhibits to the foregoing pleadings, and having considered the arguments of

counsel at the February 25, 2010 hearing on the Motion (the "Hearing"); the Court finding that (i)

there was due and sufficient notice of the Motion and the Hearing, (ii) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and (iii) this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2; and the Court having determined that the legal and factual

bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

and for the reasons set forth on the record at the Hearing, which are incorporated herein by

reference

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

COI-1436447v2


0544481100301000000000003

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 219 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-5    Filed 06/01/10    Page 2 of 26
EXHIBIT D

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein, and the Objection is OVERRULED.

2.    The Salaried Plaintiffs shall immediately cease and desist from any further prosecution of the Michigan Civil Action against New GM, or any similar lawsuit or proceeding in any forum against New GM. The Salaried Plaintiffs shall immediately dismiss New GM from the Michigan Civil Action. This dismissal shall be without prejudice to the Salaried Plaintiffs' ability to seek future relief in this Court from the injunction set forth in Section 11.14 of the Modified Plan and paragraph 22 of the Plan Modification Order upon a showing to this Court of new facts and circumstances that would demonstrate that New GM's conduct is not subject to the release and injunction provisions of the Modified Plan and the Plan Modification Order.

3.    Any further prosecution of the Michigan Civil Action against New GM, or prosecution of any similar lawsuit or proceeding in any forum against New GM, without the Salaried Plaintiffs first proceeding in this Court under the last sentence of paragraph 2 of this Order, shall constitute contempt of this Court.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: March 1, 2010
    White Plains, New York

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 220 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-5    Filed 06/01/10    Page 3 of 26
EXHIBIT D

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481-RDD

- - - - - - - - - - - - - - - - - - -x

In the Matter of:


DPH HOLDINGS CORP., et al.,


     Debtors.

- - - - - - - - - - - - - - - - - - -x


         United States Bankruptcy Court

         300 Quarropas Street

         White Plains, New York


         February 25, 2010

         10:07 AM



B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1

2    HEARING re Notice of Fifty-Second Omnibus Hearing.  Agenda

3    Filed by John Wm. Butler, Jr. on Behalf of DPH Holdings Corp.,

4    et al.

5

6    HEARING re Notice of Thirtieth Claims Hearing.  Agenda Filed by

7    John Wm. Butler, Jr., on Behalf of DPH Holdings Corp., et al.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Transcribed by:  Pnina Eilberg

25

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 222 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 5 of 26
EXHIBIT D

```
                                                              3

 1

 2     A P P E A R A N C E S :

 3     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

 4          Attorneys for DPH Holdings Corp.

 5          155 North Wacker Drive

 6          Chicago, IL 60606

 7

 8     BY:   RON E. MEISLER, ESQ.

 9           JOHN K. LYONS, ESQ. (TELEPHONICALLY)

10           JOSEPH N. WHARTON, ESQ. (TELEPHONICALLY)

11

12

13     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

14          Attorneys for DPH Holdings Corp.

15          Four Times Square

16          New York, NY 10036

17

18     BY:   KAYALYN A. MARAFIOTI, ESQ. (TELEPHONICALLY)

19           JOSEPH N. WHARTON, ESQ. (TELEPHONICALLY)

20

21

22

23

24

25
```

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 223 of 243
Case 1:09-cv-14383-TLL-CEB  Document 18-5   Filed 06/01/10   Page 6 of 26
EXHIBIT D

```
                                                            4

1

2    JACOB & WEINGARTEN

3         Attorneys for Dennis Black, Charles Cunningham,

4             Kenneth Hollis, Delphi Salaried Retirees Association

5         2301 W. Beaver Road

6         Suite 777

7         Troy, MI 48084

8

9    BY:  HOWARD S. SHER, ESQ.

10        ALAN J. SCHWARTZ, ESQ.

11

12

13   MILLER & CHEVALIER CHARTERED

14        Attorneys for Dennis Black, Charles Cunningham,

15            Kenneth Hollis, Delphi Salaries Retirees Association

16        655 Fifteenth Street, N.W.

17        Suite 900

18        Washington, DC 20002

19

20   BY:  ANTHONY F. SHELLEY, ESQ.

21

22

23

24

25
```

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 224 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 7 of 26
EXHIBIT D

```
                                                            5
 1

 2   JONES DAY

 3        Attorneys for New GM

 4        North Point

 5        901 Lakeside Avenue

 6        Cleveland, OH 44114

 7

 8   BY:  HEATHER LENNOX, ESQ.

 9

10

11   DUANE MORRIS LLP

12        Attorneys for Ace American Insurance

13        30 South 17th Street

14        Philadelphia, PA 19103

15

16   BY:  WENDY M. SIMKULKA, ESQ. (TELEPHONICALLY)

17

18

19

20

21

22

23

24

25
```

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 8 of 26
As 1 to H   Pg 225 of 243
EXHIBIT D

81

1    I remember this stuff pretty well and know how I -- and know

2    what I require in confirmation orders.

3         So I have before me a motion by General Motors, LLC,

4    which I'll refer to as New GM, which purchased substantially

5    all of the assets of General Motor's Corporation in GM's

6    bankruptcy case.  That motion by New GM seeks to enforce the

7    modified plan of reorganization for Delphi Corporation and its

8    affiliated debtors and the order confirming the modified plan

9    dated July 30, 2009.  The plan subsequently went effective,

10   that is, the transfers upon which it was premised and the

11   distributions upon which it was premised occurred or were

12   substantially consummated on October 6, 2009.

13        The plan, like most aspects of Delphi's Chapter 11

14   case, was fairly complicated.  It involved the transfer of

15   substantially all of the debtors' global core businesses to an

16   entity called DIP Holdco 3, LLC, comprised of or owned by the

17   postpetition DIP lenders.  A GM affiliate or subsidiary

18   acquired the debtors' noncore steering business and certain

19   U.S. manufacturing plants very closely tied to doing work for

20   GM.  And then DPH Holdings, which is now the entity in the

21   caption of this case, retained certain other assets and is

22   responsible for implementing the executory aspects of the plan

23   and dealing with claims.

24        The issue of the treatment of the debtors' pension

25   plans as well as other legacy liabilities was a key issue in

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 226 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 9 of 26
EXHIBIT D

82

1   the Chapter 11 case.  Also a key issue in the Chapter 11 case

2   was the debtors' complicated relationship with GM Corporation.

3   GM was the largest customer of the debtors.  Also it was,

4   arguably, the largest creditor of the debtors.  And moreover,

5   because of both its close relationship with the debtors as well

6   as express guarantees entered into by GM in connection with the

7   spinoff of the debtors from GM and subsequent agreements,

8   potentially responsible for substantial obligations of the

9   debtors to, contractually at least, three of the debtors'

10   unions:  the UAW, the IUE, and the USW.

11         It was always the case that GM and the debtors

12   intended to resolve those issues with an ultimate release of GM

13   in return for GM's contribution to the resolution of those

14   issues through a Chapter 11 plan.  That had to be tied into

15   agreements with those three unions among other constituents in

16   the case.

17         As it happened, Delphi's initial plan, pursuant to

18   which its legacy obligations, including the pension plans of

19   both the hourly employees represented by the unions as well as

20   the salaried employees, would be maintained intact.  That plan,

21   unfortunately failed; it did not get consummated.  The

22   investors upon whose investment the plan was premised

23   terminated their commitments to invest.

24         At the same time, there was a global downturn -- a

25   severe global downturn in the automotive business that

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 227 of 243
Case 1:09-cv-14383-TLL-CEB   Document 78-5   Filed 06/01/10   Page 10 of 26
EXHIBIT D

83

1   dramatically affected both GM and Delphi.  Nevertheless, GM,

2   Delphi, the unions, and other parties-in-interest continued to

3   pursue a resolution of the issues that I've described which

4   ultimately resulted in the modified plan that was confirmed by

5   the plan modification order on July 30, 2009 and that was

6   consummated on October 6, 2009.

7           Under that plan, GM and New GM received broad

8   releases and exculpations which were embodied in both paragraph

9   11.8 and 11.1 of the plan and supported by an injunction in the

10  plan modification order against actions that would violate

11  those release and exculpation provisions.

12          By the time of the entry of the confirmation order it

13  was clear that Delphi would not be able to assume the pension

14  plans of either the unions or the salaried retirees.  That left

15  the issue of whether GM, which by then was in its own Chapter

16  11 case, would be responsible for the difference between the

17  payments to the beneficiaries of those plans by the PBGC and

18  the amounts that the beneficiaries would be entitled to under

19  the plans themselves.

20          Under the -- or in connection with the plan, GM took

21  an assignment -- New GM, that is, took an assignment of the

22  debtors' memorandum of understand with their largest union, the

23  UAW, which provided for the topping up of the pension benefits

24  of those UAW retirees.  That is, it provided for the payment of

25  those benefits by New GM in excess of the amounts that were

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 228 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 11 of 26
EXHIBIT D

84

1    guaranteed by the PBGC.

2         The plan was also confirmed in contemplation of and

3    providing for, as I said, the transfer of certain plants in the

4    steering business to GM, pursuant to the MDA or master

5    disposition agreement.  That agreement provided in paragraph

6    10.26 for a consent right by the other two unions that had the

7    benefit of an old GM benefit guarantee, the IUE and the United

8    Steelworkers.

9         The release under paragraph 11.11 of the plan clearly

10   provided for a release in connection with not only the conduct

11   of the Chapter 11 case but also implementation of the plan and

12   the MDA before the effective date of the plan.  The two unions

13   agreed in a settlement agreement, attached as Exhibit D to New

14   GM's reply brief in this matter, to the transfer under the MDA

15   in return for GM's providing the top-up payments.

16        This enabled the MDA to close and the plan to go

17   effective in October of 2009.  The actual agreement was not

18   approved in GM's bankruptcy case until November of 2009 but the

19   parties acted in reliance upon the agreement and the hearing

20   thereon in closing the MDA.

21        The Delphi Salaried Retirees Association is made up

22   of salaried retirees of Delphi who were beneficiaries of the

23   salaried retiree pension plan.  They appeared in the Chapter 11

24   case in opposition to confirmation of the plan.  They also

25   appeared thereafter because they had commenced an action in

VERITEXT REPORTING COMPANY

212-267-6868                                                516-608-2400

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 229 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 12 of 26
EXHIBIT D

85

1   district court in Michigan that the debtor contended violated

2   the automatic stay and/or the plan, and the subsequently agreed

3   to settle that dispute, i.e. the dispute with the debtor, by

4   agreeing to pursue only the PBGC at that time and not to

5   collaterally attack the modified plan or the confirmation

6   order.   That stipulation was entered into on September 11th of

7   2009.

8              The retirees pursued a complaint against the PBGC in

9   the U.S. District Court for the Eastern District of Michigan,

10  but in November of 2009 they amended that complaint to add a

11  fifth cause of action, which includes as a defendant New GM.

12  That count, Count V of the amended complaint, asserts that New

13  GM's decision to top up the pension benefits of union

14  affiliated Delphi retirees was made at the direction of the

15  United States government, and because it did not apply also to

16  nonunion retirees similarly situated, violated the equal

17  protection provision of the Fifth Amendment and the First

18  Amendment's association on speech guarantees.

19             New GM sought, through counsel, to have itself be

20  dismissed from the action, asserting that the amended complaint

21  violated the plan injunction and the release and exculpation

22  provisions of the plan upon which -- which the plan injunction

23  enforces.   That request was denied and New GM then brought this

24  motion.

25             The retirees, who include three individual retirees

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 230 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 13 of 26
EXHIBIT D

86

1    who are plaintiffs as well as the Salaried Retirees

2    Association, has objected to New GM's motion, essentially on

3    two grounds.  The first ground is that it is contended this

4    Court should exercise its discretion under 28 U.S.C., Section

5    1334(c)(1) to abstain from deciding the motion, quote, "in the

6    interest of justice or in the interest of comity with state

7    courts or respect to state law".

8         The retiree plaintiffs contend that because of a

9    proper deference to the issues before the Michigan District

10   Court pertaining to Count V in  the complaint and their

11   interplay with whether the plan injunction applies or not, the

12   Court should abstain.  It should be noted before analyzing that

13   contention that there's no dispute that the confirmation order

14   is a final order and governs and therefore that it is not

15   subject to collateral attack.  See Celotex v. Edwards, 514 U.S.

16   300, 313.

17        Rather, the retiree plaintiffs contend that I should

18   defer to the Michigan District Court on the issue of whether

19   the injunction by its terms applies to their pursuit of the

20   Michigan District Court action.  The decision to abstain

21   permissibly under 28 U.S.C., Section 1334(c)(1) is within the

22   sound discretion of the bankruptcy court.  In re Dayton Title

23   Agency, 304 B.R. 323, 329 (Bankr. S.D. Ohio).

24        However, it is clear that the decision is an

25   extraordinary one and that the Court should weigh the factors

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 231 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 14 of 26
EXHIBIT D

87

1    that I'm about to go through heavily in favor of exercising its

2    jurisdiction.  The Supreme Court has described the duty to

3    exercise its jurisdiction when properly invoked as a, quote,

4    "virtually unflagging obligation".

5            New Orleans Public Service, Inc. v. Council of the

6    City of New Orleans, 491, U.S. 350, 359 (1989).  See also

7    Texaco Inc. v. Sanders, 182 B.R. 937 (Bankr. S.D.N.Y. 1995),

8    946-947;  In re Ionosphere Clubs, Inc., 108 B.R. 951, 954

9    (Bankr. S.D.N.Y. 1989); and In re Portrait Corporation of

10   America 406 B.R., 637 (Bankr. S.D.N.Y. 2009), 641.

11           I believe that's particularly the case, whereas here

12   the matter before the Court is a core matter under 28 U.S.C.,

13   Section 157(b).  Clearly the Court's construction and

14   enforcement of the confirmation order in the case and the

15   Chapter 11 plan is a core matter.  And as I noted, that order

16   recognized the transfer of key assets of the debtors to New GM

17   as well.  See In re Millenium Seacarriers, Inc., 458 F.3d 92,

18   95 (2d Cir. 2006) as well as In re Texaco, Inc., 182 B.R., 944.

19           Clearly there's no issue as to the Court's

20   jurisdiction here, as a bankruptcy court retains post-

21   confirmation jurisdiction to interpret and enforce its own

22   order, particularly when the dispute arises over a bankruptcy

23   plan and the confirmation order.  See In re Petrie Retail,

24   Inc., 304 F.3d 223, 230 (2d Cir.2002) as well as Travelers

25   Indemnity Co. v. Bailey, 129 S. Ct. 2195, 2205 (2009).

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 232 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 15 of 26

EXHIBIT D

88

1    Moreover, it's well-recognized that, quote, "a

2  bankruptcy court is undoubtedly the best qualified to interpret

3  and enforce its own orders, including those providing for

4  discharge and injunction and therefore should not abstain from

5  doing so."  Again In re Texaco, Inc., 182 B.R., 947.  See also

6  In re U.S.H. Corp. of N.Y., 280 B.R. 330, 338 (Bankr. S.D.N.Y.

7  2002), quote, "The policy of this district does not favor

8  abstention in matters involving a Court's interpretation of its

9  own orders."

10    It's in light of all of that case law, as well as the

11  Court's very great familiarity with the facts of these Chapter

12  11 cases, that I approach the analysis of whether I should

13  permissibly abstain.  In conducting such analysis, the courts

14  have developed twelve factors for consideration of whether

15  permissive abstention should be ordered under 28 U.S.C.,

16  Section 1334(c)(1).  As I noted, they're heavily weighted

17  against abstention and in favor of the exercise of

18  jurisdiction.

19    They are:  "The effect or lack thereof on the

20  efficient administration of the estate if a Court recommends

21  abstention; the extent to which nonbankruptcy law issues

22  predominate over bankruptcy issues; the difficulty or unsettled

23  nature of the applicable nonbankruptcy law; the presence of a

24  related proceeding commenced in state court or other

25  nonbankruptcy court; the jurisdictional basis, if any, other

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 233 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 16 of 26
EXHIBIT D

89

1   than 28 U.S.C., Section 1334 for the underlying action; the

2   degree of relatedness or remoteness of the proceeding to the

3   main bankruptcy case; the substance rather than form of an

4   asserted "core" proceeding in front of a bankruptcy court; the

5   feasibility of severing nonbankruptcy law claims from core

6   bankruptcy matters to allow judgments to be entered in

7   nonbankruptcy court with enforcement left to the bankruptcy

8   court; the burden on the bankruptcy court's docket; the

9   likelihood that the commencement of the proceeding in

10  bankruptcy court involves forum shopping by one of the parties;

11  the existence of a right to a jury trial; and the presence in

12  the proceeding of nondebtor parties."

13        See, for example, In re Portrait America Corp., 406

14  B.R., 641, 642; In re Cody, Inc., 281 B.R. 182, 190 (S.D.N.Y.

15  2002); and In re Calpine Corporation, 361 B.R. 665, 669 (Bankr.

16  S.D.N.Y. 2007).

17        Here, as I noted, this is not only a core matter, but

18  the release and injunctive provisions as they pertain to GM or

19  New GM under the plan were absolutely central to confirmation

20  and implementation of the plan.  Moreover, as I noted, it

21  appears to me that ultimately here the applicability of the

22  injunction is and should be treated as a gate keeping issue.

23        Clearly, a plaintiff takes the risk when it acts

24  potentially in violation of an injunction without seeking

25  permission from the Court that issued the injunction.  That is

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 234 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 17 of 26
EXHIBIT D

90

1   what happened here.  I do not believe that it is generally

2   appropriate for the Court that issues an injunction therefore

3   to ignore that fact in considering whether to defer to the

4   court in which the allegedly infringing action was commenced.

5       Moreover, as I noted, I am not unmindful of the

6   September 2009 stipulation entered into by the retiree

7   plaintiffs in which they undertook not to collaterally attack

8   the plan modification order which was entered into after

9   litigation in this court as to whether their original lawsuit,

10  which was contended violated the automatic stay and/or the

11  plan, and the lawsuit which was subsequently dismissed in

12  Michigan District Court violated the automatic stay and the

13  plan confirmation order.

14      I do not believe that, contrary to the assertion in

15  the retiree plaintiffs' objection to GM's motion, that GM was

16  forum shopping here.  I believe that it was appropriate for GM

17  to seek relief from the Court that issued the plan injunction.

18      The premise ultimately of the retiree plaintiffs'

19  argument is that it would be necessary to determine the

20  applicability of the plan injunction here to also determine the

21  issues before the District Court in Michigan, and therefore,

22  that based on considerations of judicial economy and the risk

23  of inconsistent decisions, the Court should defer to the

24  Michigan court where the issue was first raised.

25      I disagree with that premise for a few reasons.

**VERITEXT REPORTING COMPANY**

05-44481-rdd    Doc 20220-1    Filed 06/05/10    Entered 06/05/10 16:08:54    Exhibits
A-1 to H    Pg 235 of 243
Case 1:09-cv-14383-TLL-CEB    Document 18-5    Filed 06/01/10    Page 18 of 26
EXHIBIT D

91

1    First, I don't believe that the first-to-file rule should be --

2    or the first-filed rule should be applicable here given the

3    issuance of the injunction in the first place.  If anything, it

4    would seem to me that the commencement of the action in

5    Michigan against New GM put the cart before the horse rather

6    than GM's seeking to enforce the injunction.

7         Secondly, there is not a complete overlap between the

8    issues in the Michigan proceeding and the issues with regard to

9    whether the injunction or not applies -- I'm sorry, whether the

10   injunction applies to protect New GM.  Certain of the key

11   issues that were discussed today as to whether the injunction

12   applies or not are not before the Michigan court.  And namely,

13   whether the injunction extends to actions taken after the

14   effective date of the plan and the interpretation of the

15   underlying release and exculpation provisions themselves and

16   the provisions of the confirmation order that implement that

17   plan provisions.

18        Those issues are before the Michigan court only

19   because of the retiree plaintiffs' decision to commence the

20   litigation against GM in Michigan without first obtaining

21   relief from the injunction and thereby subjecting themselves to

22   the risk that they had violated the injunction.

23        Finally, it appears to me to be the case that there

24   is some real doubt as to whether the exception to the release

25   set forth in paragraph 20 of the plan modification order, i.e.

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 236 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 19 of 26
EXHIBIT D

92

1    that the release does not apply to actions in fraud or willful

2    misconduct, that no release under paragraph 11 of the plan or

3    Section 11 of the plan would apply to such actions is

4    necessarily before the District Court in all circumstances or

5    on all fours.

6          There was a substantial colloquy at oral argument as

7    to whether it is necessary to prevail on the Count V in the

8    complaint to show that the discrimination by New GM was willful

9    in the sense of knowing or recklessly risking actual violation

10   of the constitution as opposed to a merely intentional act that

11   turned out to be in violation of the constitution.

12         Eventually, the counsel for the retiree plaintiffs

13   stated that they would limit their case to such a fact pattern,

14   but it is not clear that they would limit it to such a fact

15   pattern with regard to the other defendants.  And it appears to

16   me, therefore, that under the circumstances even that issue is

17   not necessarily on all fours with the issue before me as far as

18   enforcing the injunction is concerned.

19         I note that the retiree plaintiffs rely heavily on a

20   decision of mine issued last summer, In re Portrait America, in

21   which I determined to abstain under Section 1334(c)(1).

22   However, it's clear to me that the present facts are quite

23   different from the facts before me in that case.

24         First of all, this was highly relevant to that

25   decision.  The party wishing to enforce an order of the

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits A-1 to H   Pg 237 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 20 of 26

EXHIBIT D

93

1    bankruptcy court in that decision waited seventeen months to do

2    so, until after the case was highly developed in the

3    nonbankruptcy court.

4          Moreover, the order that was issued, upon which that

5    party was belatedly trying to rely, was issued by another judge

6    of this court.  That is, I did not have the background facts,

7    or obviously could not look into the head of that judge with

8    regard to construction of that order any more than could the

9    judge in the nonbankruptcy forum.

10         That obviously is in distinct contrast to the present

11   matter, where in addition to being intimately familiar with the

12   facts, I know what I would have permitted and not have

13   permitted in a confirmation order, which obviously bears on

14   certain of the arguments that the parties would raise as to

15   whether the injunction is applicable or not, including the

16   construction of paragraphs 20 and 57 of the order and whether

17   the willful misconduct carve-out would apply to any release

18   that New GM would be receiving under the plan in that order.

19         Moreover, the issues before the Court in the Portrait

20   Corporation of America case were factually complex patent and

21   intellectual property violation issues that were not at all

22   clear to this Court as far as their ultimate determination.

23   More specifically, as far as the equities of the case, it was

24   not at all clear to me in Portrait Corporation of America

25   whether the party relying on the sale order of the bankruptcy

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 238 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 21 of 26
EXHIBIT D

94

1    court was in fact acting improperly in doing so in that it may

2    have been claiming rights that it did not purchase and was

3    strategically asserting those rights to short circuit the

4    protection of valid rights by the plaintiff in the

5    nonbankruptcy case.  Therefore, I won't exercise my discretion

6    to abstain in this matter.

7         That leaves the issue as to whether commencement and

8    pursuit of the claim in the Michigan District Court action

9    against New GM does in fact violate the plan injunction and the

10   release and exculpation provisions that the injunction

11   enforces.  The releases under the plan in paragraph 11.8 and

12   11.11 are very broadly worded.  Section 11.11 does not limit

13   the release of New GM to pre-confirmation or even pre-effective

14   date conduct, but rather includes, among other things: the

15   implementation or consummation of the plan, the Delphi/GM

16   definitive documents, the Delphi/PBGC settlement agreement, the

17   master disposition agreement, the union settlement agreements,

18   and any employee benefit plan instrument release or other

19   agreement or document created, modified, amended, or entered

20   into in connection with either this plan or any agreement with

21   the unions.

22        It's clear to me based on my review of the record of

23   this case which includes, as I noted, the debtors' assumption

24   and assignment of their MOU with the UAW, which was separately

25   approved under paragraph 61 of the confirmation to New GM,

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 239 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 22 of 26
EXHIBIT D

95

1    that -- or to GM, that the release would cover that action.   I

2    believe it also clearly covers the action of New GM to enter

3    into the settlement agreement with the other two unions which

4    it agreed to top up their pension benefits in return for their

5    agreement to permit the MDA, the master disposition agreement

6    to close, and that enabled the consummation of the plans on

7    October 6th.

8         New GM also argues that because of Section 11.8 of

9    the plan it has a similar release, and I believe that is the

10   case.   It's also clear to me from those releases that up

11   through the date of the plan confirmation order at least, all

12   claims of the retirees -- or the salaried retirees against GM

13   and New GM were released.   That is, they had no rights or

14   claims as of that date that they could enforce against GM or

15   New GM.

16        The retiree plaintiffs therefore, I believe, have to

17   rely upon a carve-out from the releases and exculpation

18   provisions under paragraph -- I'm sorry, Article XI of the

19   plan, which is found in paragraph 20 of the plan modification

20   order which states that, "provided, however, notwithstanding

21   anything in this order, the exculpation provisions and releases

22   provided pursuant to Article XI of the modified plan shall have

23   no effect on the liability of any entity that otherwise would

24   result from any action or omission, to the extent that such

25   action or omission is determined in a final order to have

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 240 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 23 of 26
EXHIBIT D

96

1    constituted intentional fraud or willful misconduct."

2         The retiree plaintiffs assert that their claim

3    against New GM and the Michigan District Court action is

4    premised upon New GM's alleged willful misconduct.  The alleged

5    willful misconduct is as I described when I read from

6    paragraphs of Count V of that complaint, i.e. that in agreeing

7    to top up the pension plan benefits of the unions the parties

8    doing so or causing such actions to happen, including New GM,

9    unconstitutionally discriminated against the nonunion salaried

10   retirees whose plans were not topped up.

11        New GM argues that paragraph 57 of the confirmation

12   order trumps the carve-out from the release and exculpation

13   language set forth in paragraph 20.  As I noted in oral

14   argument, I am skeptical of that contention, given the language

15   of the GSA that's referred to in paragraph 57 and the fact that

16   the GSA release was actually extended to New GM through not the

17   GSA itself but Section 11.8 of the plan which deemed New GM to

18   be one of the released parties under the GSA.

19        However, I don't need to decide that dispute between

20   the parties, I believe, because on this record I do not believe

21   there is a valid basis for asserting that the willful

22   misconduct carve-out, even if applicable under paragraph 11.8

23   and the GSA has been shown.  To the contrary, I believe that

24   the record does not show any willful misconduct by New GM in

25   assuming the UAW topping obligation or the similar agreement

97

1   with the other two unions.

2        I believe that the retiree plaintiffs need to allege

3   more than they have alleged up to this date before they can

4   subject New GM to the burdens of litigation in the face of the

5   plain language of the injunction.  Ultimately, I believe that

6   they have not shown enough to suggest that the injunction can

7   simply be ignored and that the litigation could simply proceed

8   in the hope that whatever that "enough" is to show willfulness

9   would at some point in the future be established.

10        I say this because I approved the assumption and

11   assignment of the UAW MOU at a time when it was clear that the

12   retiree group would not be having the same treatment, and

13   approved it as fair and reasonable in light of, among other

14   things, the different position of the UAW in respect of its

15   underlying rights and economic leverage over GM than the

16   salaried retirees.  The logic of that determination also

17   applies, I believe, to the settlement agreement between New GM

18   and the other two unions that was entered into before the

19   consummation of Delphi's plan.

20        Those are the only topping-up agreements that have

21   been brought to the Court's attention.  Each of those

22   agreements was approved on notice to, among others, the

23   retirees as being fair and reasonable.  I simply do not believe

24   that on that record GM could be said to have acted or to have

25   engaged in willful misconduct.

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 242 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 25 of 26
EXHIBIT D

98

1              Therefore, I will issue an order declaring that the

2    continued prosecution of the Michigan District Court action by

3    the retirees against New GM violates the plan injunction and

4    may not proceed.

5              As we stated at oral argument, the foregoing

6    declaration obviously is without prejudice to the retirees'

7    right to come back to this court to show additional facts as to

8    willful misconduct.  I won't speculate further as to what those

9    facts would have to be, but I will note that if they're along

10   the same lines as to what I've just ruled on, such a request is

11   most likely to be denied.

12             So counsel for New GM should submit the order.  I

13   think you ought to take a look at it to -- I know it will have

14   to be revised at least in part.  You don't need to settle that

15   order on counsel for the retirees but you should, I think, run

16   it by them in advance and also copy them on your e-mail to

17   chambers when you submit the order.

18             And I won't enter it immediately when I get it.

19   They'll have a chance to -- you know, at least a few hours to

20   respond if they think it's not consistent with my ruling,

21   although I think it's pretty clear what it should say and I

22   doubt that there'll be an objection to it as far as whether it

23   reflects what I've actually ruled.

24             But pending the issuance of that order, retirees are

25   on notice of my view that the continued prosecution of the

05-44481-rdd   Doc 20220-1   Filed 06/05/10   Entered 06/05/10 16:08:54   Exhibits
A-1 to H   Pg 243 of 243
Case 1:09-cv-14383-TLL-CEB   Document 18-5   Filed 06/01/10   Page 26 of 26
EXHIBIT D

99

1   action in Michigan against New GM does violate the plan

2   injunction, so they should stop doing that immediately.

3           I normally don't say this when I issue rulings, but I

4   will here.  I clearly regret the hardship that the retirees

5   undoubtedly have experienced and will experience because of the

6   effect of the termination of their pension plans or the pension

7   plan.  It was always Delphi's goal to assume those plans if

8   possible, and this case was prolonged two or three -- well, at

9   least two years, because of Delphi's desire to do that, I

10  think, among other things.  But I don't believe, as a legal

11  matter, as opposed to a matter of just simple sympathy, that

12  the retirees are entitled to relief from the injunction at this

13  point to pursue New GM.  Thank you.

14          MS. LENNOX:  Thank you, Your Honor.

15          MR. MEISLER:  Thank you, Judge.

16      (Proceedings concluded at 12:59 p.m.)

17

18

19

20

21

22

23

24

25