# EXHIBIT I

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  Adv. Case No. 07-01435

6  - - - - - - - - - - - - - - - - - - - -x

7  In the Matter of:

8

9  DELPHI CORPORATION, ET AL.,

10

11          Debtor.

12

13  - - - - - - - - - - - - - - - - - - - -x

14

15              U.S. Bankruptcy Court

16              One Bowling Green

17              New York, New York

18

19              August 16, 2007

20              10:05 a.m.

21

22  B E F O R E:

23  HON. ROBERT D. DRAIN

24  U.S. BANKRUPTCY JUDGE

25

2

1   MOTION for an Order Authorizing the Official Committee of

2   Unsecured Creditors to Prosecute the Debtors' Claim and

3   Defenses Against General Motors Corporation and Certain Former

4   Officers of the Debtors

5

6   DEBTORS' Eighteenth Omnibus Objection (Procedural) to Claims

7

8   DEBTORS' Nineteenth Omnibus Objection (Substantive) to Claims

9

10  EX PARTE MOTION for Order Authorizing the Official Committee of

11  Equity Security Holders to File Under Seal a Supplemental

12  Objection in Further Support of the Equity Committee's

13  Objection to the Motion for an Order Authorizing the Official C

14

15  MOTION for Order Further Extending Deadline to Assume or Reject

16  Leases of Nonresidential Real Property

17

18  MOTION to Further Extend Time Period Within Which Debtors May

19  Remove Actions

20

21  MOTION Approving Bidding Procedures, Granting Certain Bid

22  Protections, Approving Form and Manner of Sale Notices, And

23  Setting Sale Hearing Date, and Authorizing and Approving Sale

24  of Certain of Debtors' Assets

25

3

1   DEBTORS' Seventeenth Omnibus Objection

2

3   MOTION to Authorize Authorizing Debtors to Enter into

4   Stipulations Tolling Statute of Limitations with Respect to

5   Certain Claims Authorizing Procedures to Identify Causes of

6   Action that Should be Preserved and Establishing Procedures

7

8   MOTION to Approve Memoranda of Understanding Among IUOE, IBEEW,

9   IAM, Delphi and General Motors Corporation Including

10   Modification of IUOE, IBEW and IAM Collective Bargaining

11   Agreements and Retiree Welfare Benefits for Certain IUOE, IBEW

12

13   MOTION to Approve Memorandum of Understanding Among IUE-CWA,

14   Delphi and General Motors Corporation

15

16   PRE TRIAL CONFERENCE in Delphi Corporation v. National Union

17   Fire Insurance Company of Pittsburg

18

19

20

21

22

23

24

25

4

```
 1   A P P E A R A N C E S :

 2   SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

 3        Attorneys for Debtor

 4        333 West Wacker Drive

 5        Chicago, Illinois 60606

 6

 7   BY:   JOHN WM. BUTLER, JR., ESQ.

 8

 9

10   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

11        Attorneys for Delphi Corporation

12        Four Times Square

13        New York, New York 10036

14

15   BY:   KAYALYN A. MARAFIOTI, ESQ.

16

17

18   TOGUT SEGAL & SEGAL, LLP

19        Attorneys for Debtor

20        One Penn Plaza

21        New York, New York 10119

22

23   BY:   NEIL BERGER, ESQ.

24

25
```

5

```
 1   GOODWIN PROCTER

 2         Attorneys for Umicore

 3         901 New York Avenue, N.W.

 4         Washington, D.C. 20001

 5

 6   BY:   EMANUEL C. GRILLO, ESQ.

 7         JOSHUA N. KLATZKIN, ESQ.

 8         BRIAN W. HARVEY, ESQ.

 9

10

11   LATHAM & WATKINS, LLP

12         Attorneys for Official Committee

13          Of Unsecured Creditors

14         685 Third Avenue

15         New York, New York 10022

16

17   BY:   MITCHELL A. SEIDER, ESQ.

18

19

20   PREVIANT GOLDBERG UELMEN GRATZ MILLER & BRUEGGEMAN, S.C.

21         Attorneys for IAM, IBEW

22         1555 North River Center Drive

23         Milwaukee, Wisconsin 53212

24

25   BY:   MARIANNE GOLDSTEIN ROBBINS, ESQ.
```

6

1   KENNEDY JENNIK & MURRAY, P.C.

2          Attorneys for IUE-CWA

3          113 University Place

4          New York, New York 10003

5

6   BY:    THOMAS M. KENNEDY, ESQ.

7          SUSAN M. JENNIK, ESQ.

8

9

10  GORLICK KRAVITZ & LISTHAUS, P.C.

11         Attorneys for IUOE

12         17 State Street

13         New York, New York 10004

14

15  BY:    BARBARA S. MEHLSACK, ESQ.

16

17

18  FRIED FRANK HARRIS SHRIVER & JACOBSON, LLP

19         Attorneys for Equity Committee

20         One New York Plaza

21         New York, New York  10004

22

23  BY:    BONNIE STEINGART, ESQ.

24

25

7

1                        P R O C E E D I N G S

2            THE COURT:  Delphi Corporation.

3            MR. BUTLER:  Your Honor, Jack Butler and Kayalyn

4    Marafioti from Skadden here on behalf of Delphi Corporation for

5    it's 21st omnibus hearing for August 2007.  Good morning.  Your

6    Honor, we would propose to take the agenda items in the order

7    that was listed on the agenda filed with the Court.

8            THE COURT:  That's fine.

9            MR. BUTLER:  Your Honor, the first two matters on the

10   agenda, matters 1 and 2, relate to the STN litigation motions

11   filed by the creditors and equity committee.  The creditors'

12   committee motions at docket number 4718, the equity committee

13   motion is at docket number 5229.  Your Honor should note that

14   by agreement these matters are being adjourned to the October

15   25th omnibus hearing.  I would also note that there's another

16   matter on the agenda, matter number 5, the preservation of

17   estate claims procedures motion which, if that relief is

18   granted, contemplates that there will be an order developed

19   between the committees, the company and General Motors over the

20   next thirty days which would -- if that resolves these matters

21   take these matters off the agenda.

22            THE COURT:  Okay.

23            MR. BUTLER:  Thanks.  Your Honor, the next matters on

24   the agenda which I'd like to take together are the -- two of

25   the procedural motions, agenda item number 3 is the third

8

1   365(d)(4) deadline extension motion at docket number 8760.  And

2   number 4 on the agenda is the fourth removal deadline extension

3   motion at docket number 8761.  Both of these motions, Your

4   Honor, have been filed to parallel the exclusivity extension

5   that was granted.  In each case it would extend the procedural

6   deadline to the later of February 29, 2008.  And in the case of

7   the 365(d)(4) motion it would also be that or the earlier

8   confirmation.  And in the case of the removal motion it would

9   be the later of that date or thirty days after or terminating

10  the stay is entered.  Your Honor, no objections have been filed

11  to either of these motions.  We've reviewed them both for their

12  statutory committees and we would rest on the papers.

13          THE COURT:  Okay.  I'll grant both motions, the

14  debtors established cause for each.

15          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

16  next matter on the agenda, matter number 5, is the preservation

17  of estate claims procedures motion.  This is filed at docket

18  number 8905.  This matter has been reviewed with both of our

19  statutory committees and other stake holders in the case and is

20  intended to address the Section 108 deadline that will occur on

21  either October 8th and/or October 14th of this year, having to

22  do with the second anniversary of the filing of the cases and

23  establishes procedures that would authorize the debtors to

24  enter into stipulations, the toll of the statute of limitations

25  with respect to certain claims, it would authorize procedures

9

1   for the debtors to identify causes of action should be

2   preserved and otherwise abandon other kinds of action and other

3   identified actions.  It would establish procedures for certain

4   adversary proceedings.  We have also reviewed the form of order

5   with the clerk of the bankruptcy court who indicates that the

6   form of order is acceptable to the clerk's office.

7           Your Honor, this particular motion was the subject

8   matter of a chambers conference in which the debtors, the plan

9   investors, the statutory committees and actually certain of the

10  union representatives participated in.  I'm happy to present it

11  on the record and answering questions, Your Honor, but in the

12  absence of objection I think I'd rely on the motion and the

13  form of order.

14          THE COURT:  Okay.  Does anyone have anything to say

15  on this motion?  All right.  I went over the order and I had a

16  couple of questions that I'll just raise with you.  One is

17  approval of the tolling agreements and the form of the tolling

18  agreement is fine with one change which is that I put in

19  that -- in paragraph 13 I said "pursuant to the order of the

20  bankruptcy court in these cases dated today and then with the

21  docket number, this stipulation is deemed so ordered upon its

22  execution."  So there's actually -- something I signed that

23  actually is referenced here.  Because otherwise there's nothing

24  really signed by me, so I put that in.

25          And then if you look at the paragraph dealing with

1  tolling agreements it provides that each debtor is deemed to

2  have entered into such a stipulation with the other debtors,

3  which is fine.  And then it says and "affiliate non-debtor

4  entities."  And I added there "either controlled by the debtors

5  or that had actual notice of the motion."  I guess it's

6  conceivable that you have an affiliate that you don't control,

7  it didn't get noticed and I don't think they would be bound by

8  this.  And then there's a bit of ambiguity in paragraph 5.  As

9  I understand it there are two categories of actions that you're

10 allowed to abandon here without any further notice to anyone.

11 And they're described in the motion papers.  Then there's

12 another group that also falls into certain categories where you

13 have to give notice to the two committees.  And I just made it

14 a little -- I think that's what's contemplated here.

15           MR. BUTLER:  Yes, Your Honor.

16           THE COURT:  I just made that a little clearer.  And

17 then the last point is -- and I'm assuming you've discussed

18 this with the clerk, I thought the phrase "indicate is subject

19 to these procedures" was a little vague or squishy so I

20 actually -- you have some mechanism where you're going to tell

21 the clerk of this.

22           MR. BUTLER:  Yes.

23           THE COURT:  So I want to make that a little clearer.

24           MR. BUTLER:  Do you want to designate or --

25           THE COURT:  I put that in.  Anyway I'll -- I know

1   this order's been fairly carefully worked out with the parties.

2   So what I'm going to do is give you my mark-up, I tried to

3   write neatly and you can share it with them.  But I don't think

4   it changes the motion.  But let me say for the record, the

5   motion in addition to being unopposed sets forth good cause and

6   to the extent you needed good business reasons for all the

7   relief that you're seeking here, and that includes the ceiling

8   portion of it and consequently I'll approve it in full.

9           MR. BUTLER:  Thank you, Your Honor.

10          THE COURT:  And as you know, I said this at the

11  chambers conference, I'm a firm believer in the majority of

12  cases that say that you can toll the period under 546 and also

13  that the abandonment to the extent you're not tolling it does

14  not waive rights under 502(d) and I actually put in the order

15  that you're not waiving and you're preserving your rights under

16  502(d).  So that will get entered.

17          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

18  next matter on the agenda is matter number 6.  Matter number 6

19  and 7 are actually motions that approve memorandums of

20  understanding with four of our six U.S. unions, labor unions.

21  I'm going to present them separately.

22          The first one, matter number 6, is the IUOE, the IBEW

23  and the IAM, 1113, 1114 supplementary retirement benefit

24  approval motions is filed at docket number 8906 and it is

25  unopposed.  Your Honor, as you know, this motion which deals

1    with three of our six U.S. unions is one of a series of

2    settlement agreements that are being entered into between the

3    company and its U.S. labor unions in settlement of the Section

4    1113 and 1114 cases that were filed in 2006.  If Your Honor

5    approves the relief being requested today that motion will be

6    withdrawn without prejudice subject to the terms of the

7    settlement order and the memoranda of understanding.

8           With respect to this motion the unions whose

9    settlement agreements are covered by this motion are Local 832S

10   of the International Union of Operating Engineers, Local 18S of

11   the IUOE, Local 101S of the IUOE, the IBEW and it's Local 663,

12   that's the International Brotherhood of Electrical Workers,

13   with respect to Delphi Electronics and Safety.  The IBEW and

14   its Locale 663 with respect to Delphi Power Train and finally

15   the IAM, which is the International Association of Machinists

16   and Aerospace workers, and it's District 10 of Tool and Die

17   Makers Lodge 78.  Your Honor, these memorandum of understanding

18   are all before the Court.  The were filed with the motion.  And

19   for the record, it's an evidentiary matter, I would like to

20   move that each of the MOU's that were filed into evidence.

21          THE COURT:  Okay.  Does anyone have an objection to

22   that?  All right, I'll admit them as Exhibit 1 collectively.

23   (MOU's were hereby received as Debtor's Exhibit 1 for

24   identification, as of this date.)

25          THE COURT:  Thank you, Your Honor.  Your Honor, we

13

1   also have provided to the Court declaration filed by, prepared

2   by and signed by Kevin M. Butler and John D. Sheehan, both

3   officers of Delphi Corporation.  As you know, Mr. Butler is the

4   vice-president of Human Resource Management at Delphi

5   Corporation and is the company's lead bargainer with respect to

6   these union negotiations.  And Mr. Sheehan is the vice

7   president, chief restructuring officer of Delphi Corporation.

8           Your Honor, I'd like to -- Mr. Sheehan by the way is

9   present in Court today.  We actually had overnight negotiations

10  that have been a continuing negotiation with our final union,

11  the USW, the steelworkers.  And when we had to make a choice as

12  to whether to have Mr. Butler appear in support of his

13  declaration, which is unopposed or continue with those

14  negotiations about 4 o'clock this morning we chose to have him

15  say at the table.

16          THE COURT:  All right.

17          MR. BUTLER:  So while he's not present in Court

18  today --

19          THE COURT:  And he's kind of sleepy.

20          MR. BUTLER:  While he is not present in the Court

21  today I will represent to the Court that the declaration we

22  provided to Your Honor, signed by him does represent his

23  testimony in connection this.  And I'd ask to move the

24  admissions of these declarations into evidence as Exhibit's 2

25  and 3 respectively.

14

1          THE COURT:  I've reviewed them.  Does anyone have any

2     objection to the admission of those two declarations?  Does

3     anyone want to cross examine?  All right, they're admitted.

4     (Declarations of Butler and Sheehan were hereby received as

5     Debtor's Exhibits 2 and 3 for identification, as of this date.)

6          MR. BUTLER:  Thank you, Your Honor.  Your Honor, with

7     respect to the order that's before the Court and which I want

8     to address in a couple of minutes.  I also, after discussions

9     with and at the request of the IUOE, IBEW and the IAM, wanted

10    to make a statement on this record for the avoidance of doubt.

11    And that is -- and it relates to the fact that there are two

12    waiver provisions one in the MOU and one in attachment B to the

13    MOU.  And we simply want to make very clear in the record that

14    the general provision number 10 in each attachment B, to each

15    IUOE, IBEW and IAM settlement agreement does not affect the

16    pension benefits in any way that are contained in the MOU, the

17    main document which is Section E(3)(a) of the IUOE Local 101(s)

18    settlement agreement or Section F(3)(a) of the other IUOE, IBEW

19    and IAM settlement agreements.  Your Honor, I think that's very

20    clear on the face of the MOU.  The pension benefits are set

21    forth respectively in either Section E(3) or F(3) of those

22    documents.  The waiver provision at the end of the MOU makes

23    clear that the unions are not waiving anything that is

24    specifically preserved in that document.  The pension benefits

25    as modified in those documents is being preserved and we simply

1    want it for the avoidance doubt to make sure that no one could

2    construe the language in the attachments in any contrary way.

3            THE COURT:  Okay.  That's fine.

4            MR. BUTLER:  I'd like now, Your Honor, if I could to

5    review the order that was presented to the Court.  And there

6    are just a few minor modifications which have been agreed to

7    between counsel representing the unions and counsel to Delphi

8    Corporation and our respective clients.

9            First, is a change in footnote 1.  Just to be clear

10   that with respect to the IUOE that it's the International Union

11   of Operating Engineers, the International is not a party to

12   these various documents, but rather the locals are and we just

13   wanted to make clear with respect to the IUOE how that is

14   established because there's references.

15           THE COURT:  Okay.  But that's just a language change

16   and that was clear in the motion too.

17           MR. BUTLER:  Yes, Your Honor.

18           THE COURT:  Okay.

19           MR. BUTLER:  The second point that I wanted to make

20   is obviously we are pleased to report that the unions, all of

21   the unions in this motion have ratified this agreement so it's

22   not subject to ratification, that's at the top of -- just prior

23   the decreedal paragraph 1.  We have also made a change and

24   attached some additional exhibits that address the proofs of

25   claim.  And Your Honor will see this in some of the other

16

1    similar motions that address proofs of claims that have been

2    filed in the claims register.  As Your Honor is aware we have

3    an obligation under our arrangements with our plan investors

4    and our committees to get to essentially a claims cap of 1.7

5    billion by the confirmation hearing of general unsecured claims

6    excluding funded debt, interest and some other matters.  And

7    the -- in order to do that we need -- we're sort of at the

8    process which I think is good news of really very carefully

9    checking all of the claims register against what we have --

10   what we have resolve it.  And with respect to the union claims,

11   and there are many of them that have been filed across the

12   unions, these claims are to be waived -- you know, to the

13   extent provided in the blackline of the order upon the currents

14   of the effective date.  And by putting this in the order and

15   having it so ordered by Your Honor with the agreements of the

16   unions, we're able to put those over into the resolved column

17   so we can demonstrate that those claims essentially don't count

18   against the 1.7 billion dollar cap.

19           THE COURT:  Mechanically, is that going to include

20   claims by union members that are derivative of rights or that

21   are the rights released under the agreement or is that

22   something you're still sorting through.

23           MR. BUTLER:  Well, actually as to what we've done

24   here is we've limited these exhibits to the claims filed on

25   behalf of those members by the unions.  If somebody filed their

17

1   own claim we will deal with that separately.  But for the most

2   part those claims will end up getting resolved as we go through

3   the attrition programs and the buy downs and buy outs and the

4   other transactions that are here.  As Your Honor is aware that

5   the memorandum people are required to execute releases --

6            THE COURT:  Right.

7            MR. BUTLER:  -- and that will take care of for the

8   most part those issues.  But we limited this particular -- this

9   particular relief in paragraph 10 to those proofs of claims

10  filed by the unions.

11           THE COURT:  Okay.  Although the waiver may cover all

12  of the provisions of individual claims, does it?

13           MR. BUTLER:  Absolutely.

14           THE COURT:  And you're not waiving your rights under

15  that by this provision?

16           MR. BUTLER:  Not at all, Your Honor.

17           THE COURT:  Okay.  All right.

18           MR. BUTLER:  The other --

19           THE COURT:  I mean, that's the language in faith

20  paragraph 11.

21           MR. BUTLER:  Correct.  And that appears -- and this,

22  Your Honor --

23           THE COURT:  And elsewhere in the order, thirteen for

24  example.

25           MR. BUTLER:  Right.  And this is -- the language

18

1    that's described appears, depending on union different points

2    in the order, I'm not going to -- I think the blackline is

3    self-evident.  The other thing we wanted to make clear here is

4    the right to pursue pending ordinary course grievances shall

5    continue for ordinary course employee agreements as not

6    otherwise resolved or released.  Those are actually akin to

7    flow through claims under the plan we're working on and we've

8    agreed that that should be the case.  Now in most instances

9    those claims, I think, will be resolved or released in

10   connection with other transactions.  But there's in this order

11   that causes that to occur, that will occur through either the

12   natural resolution of them or the other releases, the waivers

13   individuals will sign.  I think, Your Honor, that is -- oh,

14   there's one other point and that is there was a clarification

15   here which was important to these unions.  As Your Honor I

16   think is aware is these unions did not have a GM benefit

17   guarantee and there's been a negotiated arrangement that

18   provides them some opportunities that they might not otherwise

19   have been available under the collective bargaining agreements

20   and there were certain commitments made, including commitments

21   made in Section D(2)(b) of these agreements.  It's actually

22   either D(2)(b) or C(1)(b) depending upon which agreement we're

23   referencing in paragraph 17 of the order.  And there has been a

24   commitment by the company that those arrangements which are

25   specific issues relating to how the process in which pension

19

1  might be affected or modified in the future and the basis for

2  that, that commitment as its described in those sections of the

3  MOU will continue in effect after September 14, 2011 and will

4  not expire when these collective bargaining agreements -- at

5  the term of these collective bargaining agreements.  It says so

6  in that document and we wanted to confirm it in the order.

7          THE COURT:  Okay.

8          MR. BUTLER:  I believe those were all the material

9  changes to the order.

10          THE COURT:  So the respective unions and I guess any

11  GM, state regulatory committees reviewed these changes and

12  they're in agreement with these changes to the order.

13          MR. BUTLER:  They have been circulated and read.  I

14  believe both of the unions -- we had a meeting to confer

15  sometime during the course of the evening or early morning

16  hours, we're in agreement on these orders we've otherwise, I

17  think, circulated.

18          THE COURT:  Okay.  I see them now and -- all right.

19          MR. BUTLER:  Your Honor, that I don't know whether

20  Ms. Mehlsack or Ms. Robbins, either of them have a comment they

21  want to make.  But that would conclude the presentation from

22  the debtors.

23          MS. ROBBINS:  Thank you, Your Honor.  Everybody has

24  worked very, very hard to put this together.  I just wanted to

25  clarify that the pension references Mr. Butler just mentioned

1    is in Section D of our settlements and it's the waiver language

2    that's in Section E of the MOU that he referred to that is --

3    the treatment of pension is addressed by that language in --

4    excuse me, in our -- it's F(3).  That's the general release

5    language you see here.  Just in case there was any confusion as

6    to where the pension language was and where the MOU waiver

7    language was.

8              THE COURT:  Okay.

9              MS. MEHLSACK:  And that clarification would apply to

10    these operating engineers' locals agreements as well.  And

11    also, the word effective date appears in several places and is

12    defined differently.  Just the understanding that the waiver of

13    claims, the effective date is -- the references to the

14    effective date or the plan of reorganization, to clarify that.

15              THE COURT:  You mean in the specific provision that

16    was added dealing with -- it's effective when the plan goes

17    effective.

18              MS.  MEHLSACK:  When the plan is effective.

19              THE COURT:  Okay.

20              MS. MEHLSACK:  And a plan consistent with the

21    settlement agreements and the MOU's.

22              THE COURT:  Right.  Okay.

23              MS. MEHLSACK:  That said, Your Honor, I want to say

24    we appreciate the amount of hard work that's gone into the

25    resolution of the operating engineer locals issues.  That does

21

1  not gainsay that it's been a painful and continues to be

2  painful and leaves numbers of individuals far more vulnerable

3  to the increasingly obvious stressors and strains of our

4  economy than they ever anticipated being when they began

5  working decades ago for GM and then subsequently for Delphi.

6  And I feel it necessary and I'm sure that the individuals in

7  this room, those who are still in trying negotiating appreciate

8  the fact that as the stewards of this company they have an

9  obligation to those individuals especially to those people who

10 are without jobs, retired, of an age in which the likelihood

11 that they can be engaged in gainful employment is very slim.

12 And that that obligation remains as both a legal obligation and

13 a moral obligation.  Thank you, Your Honor.

14         THE COURT:  Okay.

15         MR. BUTLER:  Your Honor, there are two other things I

16 should put on the record.  One is that I did agree to make a

17 statement which represents the understanding of both Delphi and

18 these unions.  With respect to an intention that nothing in

19 these memoranda that we're presenting to Your Honor for

20 approval or the related motions should be construed such that

21 future claims arising from the collective bargaining agreements

22 as modified by the memorandum of understanding are waived.  And

23 we want to make that clear and that will also be clear in the

24 case of the IUE-CWA which we'll get to shortly.  I also should

25 point out, Your Honor, that we have included in this motion a

22

1   matter relating to -- requesting Your Honor to approve

2   modification of a retiree welfare benefits for certain non

3   represented hourly active employees and retirees of the

4   debtors.  And have included in this motion a non-represented

5   term sheet between Delphi and General Motors that we have also

6   filed with the Court.  I had advised Your Honor earlier in the

7   course of our due diligence with respect to the company that

8   there were a very small number of -- I think the number is

9   something under twenty-six at this point in terms of active

10  retirees that are not officially represented by the union at

11  the moment.  And we negotiated benefits with respect to them,

12  with respect to General Motors as described in the motion.  I

13  don't want to deviate from the motion.  But that provides what

14  I think are comparable benefits to them with what we've

15  actually negotiated with the unions.

16          THE COURT:  Now, you gave each of those individuals

17  actual notice of this?

18          MR. BUTLER:  We did, Your Honor.  When you say you've

19  negotiated them there was no need to negotiate with them it was

20  with GM or was --

21          MR. BUTLER:  Correct.  It was with -- we needed to

22  obtain --

23          THE COURT:  You needed GM's support for some of the

24  critical aspects of this modification.

25          MR. BUTLER:  Right.

23

1       THE COURT:  Financial support.

2       MR. BUTLER:  That's correct, Your Honor.  And what we

3  ended up doing and we, you know, worked hopefully Your Honor

4  and this was filed with the papers, we actually worked pretty

5  hard on this particular case, we always try to work hard on

6  making these plain English notices but we provided a plain

7  English notice that was sent out.  When this was originally

8  suggested by Mr. Secadi (phonetic) in connection with the UAW

9  motion and we've done this with all of the motions, we've

10 actually sent an informational notice out to every union member

11 that -- you know, active member that was affected by this and

12 send the information about these issues.  And I believe it also

13 went out to the retirees.  And we sent it out to each of these

14 affected workers as well.

15       THE COURT:  Okay.  And my understanding of that

16 notice is that it did not say this is a notice of the debtors

17 renegotiating or resolution of the issues with these various

18 unions but specifically to the point that it would be affecting

19 these twenty-six people.

20       MR. BUTLER:  Correct.  The notice was very specific

21 to that point, Your Honor.

22       THE COURT:  All right.  Well, let me address the

23 aspects of the motion that deal with the IO -- I'm sorry, IUOE

24 and locals, the IBEW and the IAM.  This is to my mind clearly

25 an arms length and reasonable settlement.  The unions have been

24

1  well represented as have the debtors and based on my

2  understanding of the underlying issues this is a fair

3  settlement.  Although obviously as counsel said, one that will

4  affect the union members in the times painful ways.  But the

5  premise of the settlement is that it is necessary in order to

6  minimize the effect on all the debtors' constituents including

7  the union members of the financial and market predicament that

8  the debtor faced at the beginning of the case.  So I believe it

9  properly resolves the Section 1113 and 1114 issues that have

10  been flagged by the debtor at the beginning of the case.  As

11  far as the settlement and modification for the non-represented

12  hourly active employees and retirees given the termination

13  right that the debtors represent they have with respect to the

14  benefits covered here for those non-represented employees I

15  believe that this is a matter appropriately governed by Section

16  363(b) of the code and Section 9019, and I believe the

17  settlement is fair particularly since it generally tracks as

18  did the agreement that's being modified.  The rights of the

19  representative release are common to a representative release.

20  You've highlighted the case law that reflects conflicting

21  positions on the applicability of 1114 to employees where there

22  is a right on the employer's part to terminate the agreement.

23  And I believe particularly in light of the LTV case the proper

24  interpretation of the statute is that their rights under the

25  agreement are not frozen as of the bankruptcy petition date.

25

1    So that, for example, as an LTV where the agreement

2    subsequently duplicated the Second Circuit held that the debtor

3    did not have to go through the rules of 1114.  Here the debtor

4    has the right to terminate which would make going through hoops

5    moot or irrelevant.  And I think that's the proper

6    interpretation of the statute.  And, in fact, I think the

7    proper interpretation of the plain meaning of the statute as

8    well because the program as maintained by the debtor had that

9    right in it, that termination right.  So I think the Docasel

10   (phonetic) case gets it right.  And that if one looks at the

11   language carefully and closely that's what's provided.  So I

12   don't believe you need to do more than what you've done here

13   which is giving these people clear notice and present a

14   settlement that is fair.  So, I'll enter the order as

15   submitted.

16          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

17   next matter on the agenda is matter number 7, this is the IUE-

18   CWA, 1113 and 1114 settlement approval motion and it is filed

19   at docket number 8907, and it is also unopposed.  Your Honor,

20   in terms of the evidentiary record, the first thing that I'd

21   like to do is to move into evidence the memoranda of

22   understanding and related attachments that were filed with the

23   motion.

24          THE COURT:  Okay.  Any objection to that?  All right,

25   those will be entered as Exhibit 1.

26

1          MR. BUTLER:  Similarly, Your Honor, as Exhibits 2 and

2     3 we marked the declarations of Kevin M. Butler as Exhibit 2

3     and the declaration of John D. Sheehan as Exhibit 3.  Again, as

4     I explained in the prior motion Mr. Butler is not in the

5     courtroom today but rather the USW negotiations, Mr. Sheehan is

6     in the courtroom today.  And in the absence of opposition to

7     the motion I would move these declarations into evidence as

8     testimony in support of the motion.

9          THE COURT:  Okay.  I've read the declarations, does

10    anyone have any objection to their admissions?  All right.  So

11    they're admitted as 2 and 3.  Anyone want to cross examine Mr.

12    Sheehan or Mr. Butler?  Okay.  Very well.

13         MR. BUTLER:  Thank you, Your Honor.  I'd like now if

14    I could to move to the -- I'd like to briefly discuss the IUE-

15    CWA order.  The blacklined we provided to the Court and again

16    this is really the only changes that have been reviewed with

17    Mr. Kennedy and his colleagues and I understand are acceptable

18    to the union, really have again the language in paragraph 8 and

19    the language in paragraph 11 to deal with to when claims are

20    allowed or when claims are waived and makes it also clear that

21    this would occur on the effective date of a plan.  The claim

22    that's discussed in paragraph 8 that's to be allowed under

23    Section H(2)(e) of the IUE-CWA settlement agreement provides

24    that that will occur on the effective date of a plan.  The

25    parallel waiver of claims set forth in paragraph 11 and that

27

1   are set forth on Exhibit 2 would occur upon the allowance of

2   that claim.  So that there is parallelism to those issues and

3   also provides us the assistance we need in terms of continuing

4   to check off all of the claims filed in the claims pool.

5           THE COURT:  Okay.  And that would cover all the

6   waived claims under the agreement?

7           MR. BUTLER:  Yes, Your Honor.  Right.  That would --

8           THE COURT:  Without limitations.  That speak in

9   through this provision on the waiver.

10          MR. BUTLER:  Correct, Your Honor.

11          THE COURT:  Okay.

12          MR. BUTLER:  And, Your Honor, I think -- you know, as

13  I've done on the prior motions that would complete the

14  presentation by the debtors in terms of the evidentiary record

15  and reviewing the motion order that's been presented to Your

16  Honor.  As with the other matters this has been presented and

17  reviewed with our statutory committees and our plan investor

18  and other major stakeholders.  And obviously General Motors has

19  been very involved in this as it has been in the other motions

20  that we have brought along this line.  And if approved this

21  will deal now with the fifth of our six unions but it is --

22  importantly, it needs to be said.  This is our second largest

23  union, there are a great number of people who are represented

24  by this union.  Every person is important so the relative size

25  of the union is not material in connection with approving a

28

1   particular settlement.  But we do recognize as we have with the

2   other unions the contributions of these union members and of

3   the union and appreciate the opportunity to present as we did

4   with the prior unions this approval -- a settlement to the

5   Court for approval.  I think Mr. Kennedy has some matters that

6   he wanted to address the Court on.

7          THE COURT:  Okay.

8          MR. KENNEDY:  Just briefly, Your Honor.  At the

9   outset of this case the IUE-CWA had claims worth 8,000 active

10  members that we had, in any event, calculated as substantially

11  in excess of one billion dollars.  And while we recognize that

12  there have been significant attempts by Delphi to cushion the

13  impact on our members of the various actions they had to take

14  in bankruptcy through accommodation of buyouts, early

15  retirements, and buydowns.  The reality is that many of those

16  claims survived in the sense that our members have lost and

17  their families have lost a substantial amount of income and

18  security that they have previously enjoyed.  We've now

19  compromised those claims.  The Taft-Hartley Act at 29 U.S.C.

20  186(c)(2) authorizes employers to pay money to a labor union in

21  compromise of settlement of any claim or dispute.  We've

22  reached our settlement voluntarily without any suggestion of

23  fraud or duress on either party.  And we're urging that the

24  Court approve the motion made by the debtor including the

25  payments to the union's sponsored bebas (phonetic)and the joint

29

1   activity center that are set forth in G(2) and G(3) at page 15

2   of the memorandum of understanding.  And we would appreciate

3   the Court noting that this is indeed the compromise of

4   significant claims and consistent in that sense with the

5   statute.

6           THE COURT:  Okay.  Before you sit down, what is the

7   status of ratification at this point?  Is it done?

8           MR. KENNEDY:  The status of ratification of I would

9   describe as ongoing.

10          THE COURT:  It's ongoing.

11          MR. KENNEDY:  Two of the locals have voted.  The

12  largest local, which is Local 717 in Warren, Ohio is not voting

13  until Friday and Saturday because a combination of shift issue.

14  We are voting in the plants and we have arranged the voting so

15  that the highest number of possible employees can attend.  I

16  participated myself in the meeting of those employees in Warren

17  this Sunday.  And it was a spirited affair I think is fair to

18  say.  I was going to ask Mr. Butler to join me but we lacked

19  sufficient police to make the invitation one that we were

20  confident would be survived.

21          THE COURT:  I know he can be pretty rough.

22          MR. KENNEDY:  So our view is that if we make a deal

23  we also get it ratified.  So we're anticipating that it will be

24  but it's obviously up to the membership we have made

25  substantial one and the company has assisted that.  And simply

1    explaining to employees what choices were made, why decisions

2    were reached as they were, what the circumstances were in the

3    reality of the business world that made these choices however

4    difficult necessary.  So we -- we're modestly confident that

5    the ratification will be concluded by the weekend.

6           THE COURT:  All right.  Thank you.  I will approve

7    this motion as well.  As with the prior motion it's clear to me

8    that it's a fair and reasonable settlement as far as the debtor

9    is concerned.  I'll also note that one of the reasons that it

10   is fair and reasonable as far as the debtor is concerned is

11   that the IUE-CWA clearly was well represented and understood

12   its and its members rights and the negotiations here were very

13   much on an arms length basis and reflect -- and resulted in a

14   settlement that reflects the parties' respective rights and the

15   underlying economic and financial issues facing the debtor and

16   its creditors as a whole and the union in particular.  On the

17   point that Mr. Kennedy made I'll note that I agree with him and

18   add that fairly reasonably in the Northwest case the Second

19   Circuit has reiterated that allowing the claim and paying money

20   obviously in respect of that claim in settlement of a motion

21   under Section 1113 and 1114 is appropriate.  And clearly here

22   the debtor used various forms of currency in it's negotiations

23   including recognition of a claim.  So I've reviewed this order

24   as well with the changes that were reasonably made and

25   submitted to me and that will get entered today as is.

31

1          MR. BUTLER:  Thank you, Your Honor.

2          MR. KENNEDY:  Thank you.

3          MR. BUTLER:  Just one moment, Your Honor, please.

4          THE COURT:  While we're doing this -- everyone's free

5     to stay but if you don't want to stay for the normal bankruptcy

6     aspects of this case you're also free to leave.

7          MR. BUTLER:  Your Honor, the next matter on the

8     agenda, matter number 8, is the Catalyst sale motion at docket

9     number 8179.  And this is the second of a two-step process in

10    which the debtors seek approval, Your Honor's approval of the

11    sale of Catalyst business in this case to the designated

12    successful bidder Umicore.  Your Honor, previously approved a

13    bidding procedures order and other documents at docket number

14    8436.  That bidding procedures order approved among other

15    things certain bidding procedures, the granting of bid

16    protections, the foreign manner of sales notices and the

17    setting of a sale hearing.  And that was based on Umicore's

18    original bid back in June of this year of approximately 55.6

19    million dollars.  Your Honor, there was a qualified alternative

20    bid that was submitted to the debtors by Catalyst Solutions

21    Inc. who I believe is represented by counsel who's on the

22    telephone today.  And that bid was in the amount of

23    approximately 58.1 million of cash and other non-cash

24    consideration.  That bid was determined to be -- that competing

25    proposal was determined to be a qualified bid under the bidding

32

1    procedures.  And therefore, on August 3rd of this year Delphi

2    contacted all of the required parties to attend an auction,

3    that would have included the statutory committees, an agent for

4    the post-petition DIP lenders and both for the bidders Umicore

5    and CSI.  The -- as we went forward on that and had the actual

6    auction that auction was held on August 8th, we'll introduce

7    into evidence in a few moments the transcript of that auction

8    as it was held, conducted in our offices here in New York.  And

9    the end result of that bidding process was that -- and after

10   reviewing the maters that occurred during the course of the

11   auction and after consultation with representatives from the

12   two statutory committees the debtors determined that the final

13   bid received from Umicore was the highest and otherwise best

14   bid and therefore was designated the successful bid under the

15   bidding procedures.  And that was for a cash sales price of

16   seventy-five million dollars, a significant adjustment from the

17   original stalking horse proposal that was approved for purposes

18   of moving forward under the original bidding procedures order.

19   Importantly, the final bid from CSI was determined under the

20   bidding procedures order to be the alternate bid and that

21   included a cash purchase price and sort of cost savings to the

22   sellers that the sellers value or the Delphi value at

23   approximately 70.5 million dollars.  Therefore, Your Honor, as

24   we present these matters to the Court today we do so having

25   designated the seventy-five million dollar cash bid from

33

1    Umicore as the successful bid and the alternative bid of

2    approximately 70.5 million from CSI, formerly as the alternate

3    bid.  Your Honor, we have a series of exhibits -- Your Honor,

4    we have approximately thirteen exhibits to move into evidence,

5    they would be, and I'll just outline them briefly for Your

6    Honor, we have them all here in the courtroom.  Exhibit 1 is

7    the final master sale and purchase agreement dated August 16,

8    2007 between Delphi and Umicore.  Exhibit 2 and 3 are

9    blacklined sale orders showing the modifications.  Exhibit 4 is

10   the bid sheet dated August 16, 2007.  Exhibit 5 is a summary of

11   modifications to the sale approval order.  Exhibit 6 are the

12   contracts between the debtors and Impala Platinum Ltd., it will

13   be important because that is one of the sole remaining

14   objection that has not been resolved.  Exhibit 7 is a summary

15   of the nine objections which I'll deal with during the course

16   of the sale hearing.  Exhibit 8 is a press release that CSI put

17   out that we do want to comment on.  Exhibit 9 is the transcript

18   I referred to earlier of the August 8th auction and Exhibit 10

19   are all the exhibits that were admitted into the auction record

20   at the time of the auction.  Exhibit 11 was the June 5th

21   Umicore agreement, the stalking horse bid.  And Exhibit 12 are

22   all the various notices.  Exhibit 13 is a certificate of

23   service.  I would also indicate, Your Honor -- I would add to

24   that Exhibit 14 which is the confidential declaration of Mr.

25   Sheehan in support of the sale transaction.

1          THE COURT:  You said they were exhibits as part of

2    the auction record?

3          MR. BUTLER:  Yeah.  In connection with the auction

4    there were various exhibits that were designated exhibits at

5    that auction.  We have those in Court today.

6          THE COURT:  And they were forms of agreement or term

7    sheets or --

8          MR. BUTLER:  Yes, Your Honor.  Among other things

9    they were basically the motions and orders of the Court.  The

10   original stalking horse bid and then the bids that were

11   submitted during the course of the auction.  The sign in

12   sheets, the bid sheets and various schedules that became

13   relevant during the course of people pricing their bids as well

14   as blacklines that have been submitted by the parties.

15         THE COURT:  Okay.  All right.  Does anyone have any

16   objection to the admission of those documents into evidence?

17   Okay.  I'll admit them then.

18   (Debtor's Exhibits 1-14 were hereby received into evidence as

19   of this date.)

20         MR. BUTLER:  Thank you.  Your Honor, I'd like now if

21   I could then to move to the objections that have been filed to

22   the sale.  They're all relating essentially to notice and cure

23   or assumption and assignment.  There are no objections that

24   have been filed with respect to the conduct of the auction with

25   respect to the actual sale itself.  But rather these are cure

1   and assignment and assumption issues.  Let me just briefly

2   review those nine objections and their disposition.  The first

3   objection was filed by A1 Specialized Services and Supplies

4   Inc., it was an objection to a notice of cure amount at docket

5   number 8669 and a related objection to the assumption and

6   assignment of contracts at docket number 8977.  These

7   objections have been withdrawn because that contract is not

8   going to be assumed as part of the sale.  The second objections

9   is the objection of Chrysler LLC to assumption and/or

10  assignment of contracts in connection with the sale filed at

11  docket number 9040.  That was also withdrawn because we're not

12  seeking to assume or assign that contract.  Objection number 3

13  is a limited objection of Controlling Funds LLC to a notice of

14  cure, filed at docket number 8877, and really what this deals

15  with is I view as a claims trading issue.  This was --

16  Contrarian indicated the purchased a claim -- the claim for

17  Aeromark who was the contract counterparty and Contrarian

18  asserted the payment of the cure amount should go to Contrarian

19  and not to Aeromark.  So this sort of a direction of funds

20  issue as opposed to other issues.  There is an agreement that

21  the cure amount is $11,530.14 and there is an agreement that

22  the payment would go to Contrarian.  There's a stipulation

23  being negotiated to that extent.  It is apparently one of the

24  principals who is needed to approve that is not available so we

25  were unable to get that for the hearing today.  And the draft

1   order that we presented to the Court would adjourn that matter

2   to the September 6th hearing.  There's a claims hearing this

3   day and while -- and we wanted to use that time to simply

4   present this stipulation to the Court.

5           THE COURT:  And that's going to be with Aeromark too?

6           MR. BUTLER:  Yes.  That is our understanding between

7   Aeromark, Contrarian and the company.

8           THE COURT:  Okay.

9           MR. BUTLER:  Objection number 4, Your Honor, is the

10  limited objection of Corning Inc. to the assumption and the

11  cure amounts asserted by us.  And that was filed originally at

12  docket number 8592.  It was later amended at docket number

13  8894.  And finally, that was resolved by Corning agreeing to

14  the debtors' proposed cure amount of $2,126,226.63.  And they

15  filed a withdrawal of their objection at docket number 9086.

16  The fifth objection that was filed to the sale was filed by

17  Maricoba County and that had to do with a notice of perfected

18  lien filed at docket number 8655.  Maricoba County later

19  determined that they had not interest in the assets being sold

20  and they withdrew that objection by notice at docket number

21  8731.  The sixth objection to the sale was a limited objection

22  by Denzo International America, Inc., filed at docket number

23  8904 and that really had to do with an expired purchase order

24  that was listed in the schedule to assume contracts.  We agreed

25  that that expired purchase order would not -- we would not seek

1    to assume or assign that and thy withdrew their objection by e-

2    mail confirmation to us.  The seventh objection which I'll come

3    back to is a letter objection that was filed some twenty-eight

4    days after the objection deadline by Impala Platinum Ltd., at

5    docket number -- and also filed at docket number 9084.  That is

6    a contested matter and I will come back to that in a few

7    moments.  Objection number 8 is the objection of Tosoh

8    Corporation, it was not filed but it was provided to us.  And

9    this was resolved by clarifying the underlying contracts which

10   we're seeking to assume or assign did not involve a memorandum

11   of understanding dated September 6, 2006 between Delphi and

12   Tosoh that governs the relationship between Tosoh and Delphi.

13   And we confirmed that that was not going to be assume and

14   assigned, there's not need to do that and they withdrew their

15   objection by e-mail.  And finally, the ninth objection was

16   filed by QEK Global Solutions U.S. LP at docket number 9060 and

17   ultimately that was resolved by an agreement that that contract

18   would not be assumed and assigned.  And they withdrew their

19   objection at docket number 9088.

20          THE COURT:  Okay.  Leaving aside Impala for a second,

21   do any of the people who filed objections or made those

22   objections do they have anything to say?  Okay.

23          MR. BUTLER:  Your Honor, that leaves us then with one

24   objection that has been filed and that's the Impala objection

25   which was a -- and we actually filed their -- it listed their

38

1    contract as included within the exhibits.  And their basic

2    argument although it was we argue is time barred both by the

3    case management order and by the terms of the bidding

4    procedures order because it was filed late, they basically

5    argue that essentially the Court shouldn't give any credence to

6    Section 365(f)(1) of the bankruptcy code.  Simply stated they

7    say their consent's required for assignment, their not going to

8    give their consent, their shouldn't be an assignment.  And they

9    don't recognize in their objection the operation of Section

10    365(f) which we believe under the case law in this district and

11    circuit works by operation of law to invalidate anti-assignment

12    provisions similar to what they're asserting.  So we believe

13    both as a matter of substance and a matter of procedure that

14    their objection should be overruled.

15              THE COURT:  Okay.  Does the contract itself have any

16    sort of confidentiality provisions in it, that seemed to be

17    their concern, but it didn't seem to me whether -- they didn't

18    attach any such provisions that were referenced though.

19              MR. BUTLER:  I think there are, they have been marked

20    as confidential, Your Honor, that particular exhibit.

21              THE COURT:  No, but I mean does the contract itself

22    require the Delphi party to keep information confidential?

23              MR. BUTLER:  I believe that it does, it does, Your

24    Honor.

25              THE COURT:  All right.  That seemed to be their

39

1    concern but that's in the contract itself and the assignee

2    obviously takes the contract as is.

3            MR. BUTLER:  Yes.

4            THE COURT:  In any event, I agree with the debtor

5    that 365(f)(1) would render unenforceable a consensual consent

6    right such as the right that Impala basis it's objection on.

7    See for example In re Adelphia Communication Corporation, 359

8    B.R. 65 (Bankr. S.D.N.Y. 2007) and numerous other cases that

9    Judge Gropper cited in that opinion.  Even if -- put it this

10   way, even if it did not -- even if the contract did not contain

11   such confidentiality provisions I believe that based on the

12   affidavits submitted to me, the importance of this contract,

13   and 365(f) would invalidate the consent right.

14           MR. BUTLER:  Thank you, Your Honor.

15           THE COURT:  So that objection is overruled.

16           MR. BUTLER:  Your Honor, one other matter that I

17   wanted to just put on the record.  We included in Exhibit

18   Number 8 a press release that the alternative bidder put out

19   that is -- states that their bid expires on November 14, 2007.

20   We simply want it to be clear in the record that the debtors

21   don't agree with that press release.  The CSI bid is controlled

22   in all respects by the Bid procedures order which provides that

23   it cannot expire until the dates provided for in the bid

24   procedures order pursuant to which CSI bid.  And we simply did

25   not want there to be any argument.  I expect that if Your Honor

40

1   approves this we will move forward with the successful bidder

2   but the debtors have the right under the alternative, under the

3   bidding procedures order to have the benefit of an alternative

4   bid that has been qualified and goes through the bid procedures

5   and through the auctions process.  We have taken advantage of

6   that right, CSI entered the auction subject to those rules and

7   that order.  There's nothing for the Court to decide today on

8   that issue, it may not ever become right for resolution by the

9   Court.  But we want to make clear on the record of the sale

10  hearing that we intend to hold all of the bidders to the terms

11  of the order as entered by the Court.  Your Honor, I think that

12  represents the evidentiary record and it concludes the debtors'

13  presentation in support of the sale.

14          THE COURT:  Okay.

15          MR. GRILLO:  Your Honor, very briefly, Emanuel Grillo

16  of the firm Goodwin Procter, here on behalf of Umicore.  In the

17  courtroom with me today is Tom Corrigan, Vice President

18  Financial Comptroller for Umicore USA Inc.  The evidentiary

19  record presented by Mr. Butler is agreed in all respects by

20  Umicore including the exhibits that have presented to the Court

21  and moved into evidence and we're here to indicate that unless

22  the Court has any questions we would ask the Court to proceed

23  with the motion and approve the sale.

24          THE COURT:  Okay.  Remind me.  Because Umicore ended

25  up being the purchaser there was no break up fee here?

1          MR. BUTLER:  Correct, Your Honor.

2          MR. GRILLO:  That's correct, Your Honor.

3          THE COURT:  Okay.  The only point I wanted to make is

4   obviously the procedures order did contemplate there being the

5   contingent for a backup bidder.  And the cure amount issues are

6   res judicata at this point law of the case.  If for some reason

7   and I hope as much as everyone else that the reason never

8   arises Umicore doesn't close the transaction, you go to the

9   backup bidder, you would still need to give people I think

10  adequate assurance of future performance objection opportunity.

11  But I reviewed the order and I think that the order is contrary

12  to that notion.  Otherwise the order is fine with me and it's

13  clear that this was an arms length transaction resulting from

14  an auction preceded by considerable marketing activity and that

15  the underlying sale is also well within the debtors' business

16  judgment.  So I'm prepared to make the findings set forth in

17  the order.

18          MR. BUTLER:  Thank you, Your Honor.

19          MR. MARKS:  Your Honor?

20          THE COURT:  Yes.

21          MR. MARKS:  Jeremy Marks, Squire Sanders & Dempsey

22  for Catalyst Solutions, Inc.  Mr. Butler indicated that CSI is

23  at present the alternate bidder.  I do want to thank the Court

24  for allowing a telephonic appearance.  I just have three brief

25  comments for the record.  First, over the past couple of days

42

1    I've been working with debtors' counsel to incorporate some

2    revisions to the proposed order and close but not all of those

3    revisions have been incorporated.  So I do want to state for

4    the record that the order in its present form is not

5    satisfactory to CSI.

6             THE COURT:  But those revisions go to CSI being the

7    backup bidder?

8             MR. MARKS:  Yes, Your Honor.

9             THE COURT:  Okay.  Not that to any other aspect.

10            MR. MARKS:  Correct.  Second, Your Honor, I saw from

11   the filings yesterday and Mr. Butler recited, there have been

12   certain contracts or leases removed from the schedule of

13   contracts to the Umicore/Delphi purchase agreement and I just

14   wanted to state for the record that CSI does not waive any

15   rights that it may have under it's agreement by virtue of

16   removal of those contracts.

17            THE COURT:  Your backup bid is your backup bid, it's

18   not Umicore's.

19            MR. MARKS:  Correct.

20            THE COURT:  Okay.

21            MR. MARKS:  Finally, Your Honor, and I agree with Mr.

22   Butler that it's not a matter for the Court to decide today we

23   do believe that our provisions under our bid for the

24   termination of the contract are appropriate, are in conformance

25   with the bid procedures and that's our position with respect to

43

1    the November 14, 2007 date that Mr. Butler mentioned.  Thank

2    you.

3              THE COURT:  Okay.  All right.  Well, as I said unless

4    someone really wants to jump out and show me what's offensive

5    or improper about the revised order it seemed pretty plain

6    vanilla to me and so I am prepared to enter it.

7              MR. BUTLER:  Thanks, Your Honor.

8              MR. MARKS:  Your Honor, I have no further involvement

9    in the debtors if I may --

10             THE COURT:  Oh, yes.  That's fine, thank you.

11             MR. MARKS:  Thank you.

12             MR. BUTLER:  Your Honor, the next matter on the

13   agenda is the seventeenth omnibus claim objection at docket

14   number 8270.  This is on the August calendar merely because of

15   Exhibit E-2 which we earlier advised the Court there had been a

16   service issue with and we provided subsequent -- we reserved

17   that group.  That Exhibit E-2 involved forty-one claims.  They

18   were filed by taxing authorities and they were subject to

19   modification of the asserted amount of classification and

20   changed the identify of the alleged debtor.  We have now

21   reserved that and we have received responses.  The responses

22   originally we were seeking to modify the amounts in those

23   forty-one proofs of claim from 4.2 million down to 2.1 million.

24   We received twenty-six responses in respect to twenty-six

25   proofs of claim, so there are fifteen proofs of claim that

44

1   we're going to seek relief on today, Your Honor, from the

2   Court.  We'll put the balance on the claims track and we're

3   seeking to modify therefore just over a million dollars worth

4   of claims to approximately 868,000 dollars.  As I indicated

5   here based on that and as our custom at these omnibus hearings

6   we deal only with seeking relief with respect to non-contested

7   matters and the contested matters are moot pursuant to the

8   order as outlined in the reply that we filed to the contested

9   claims track.

10          THE COURT:  Okay.

11          MR. BUTLER:  So on that basis, Your Honor, I'd like

12   to get the relief -- requesting now with respect to Exhibit E-2

13   of docket number 8270.

14          THE COURT:  Okay.  Given the unopposed nature of the

15   relief that's now sought in the averments in the seventeenth

16   omnibus objection with respect to those claims I'll grant the

17   relief as regards to those claims that are -- where no one  has

18   raised any opposition.

19          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

20   next matter on the agenda is matter number 10, this is the

21   eighteenth omnibus claims objection filed at docket number

22   8616.  This deals with nine claims that are duplicative of

23   other claims that have been amended or superseded by later

24   filed claims.  We did withdraw one objection, that was with

25   respect to claim 16609 filed by Precision Resources Inc. which

1    asserted approximately 193,000, so that's off this matter

2    leaving eight net claims to be dealt with.  And as to those

3    eight claims we were seeking to expunge and disallow those.  We

4    have received responses on three of those claims asserting

5    approximately 852,000 dollars in claims amounts.  That

6    includes, Your Honor, two which were on the Court's docket and

7    one which we received separately but remains undocketed at

8    least as of yesterday on the Court's docket.  And therefore,

9    today what we're seeking is an order expunging and disallowing

10   five proofs of claims for which there is no response filed and

11   expunging 580,600 dollars approximately from the claims docket.

12   Your Honor, that's the sum and substance of the relief sought

13   in this objection.

14           THE COURT:  I'll grant that relief as being unopposed

15   again based on the statements made in the eighteenth omnibus

16   objection.

17           MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

18   next matter on the agenda, matter number 11, is our nineteenth

19   omnibus claims objection filed at docket number 8617.  On this

20   objection we dealt with 269 claims that in the debtors' view

21   contained insufficient documentation in support of the claims

22   asserted or had liability to dollar amounts not reflected in

23   our books of record, or were filed by taxing authorities and

24   had liabilities of dollars not filed in our books or records or

25   other reliefs including the things that were not timely filed

1   and were bar dated, or things we believe that the amounts ought

2   to be modified.  And there was other relief that we indicated

3   for in the motion.  Of those 269 proofs of claim one has been

4   adjourned by stipulation and 101 other proofs of claim were

5   filed on fifty-two formal responses.  So that with respect to

6   the ones that were filed -- the fifty-two responses covering a

7   101 proofs of claim these involved liquidated claims of

8   approximately 51.7 million.  We summarized those on our omnibus

9   reply yesterday and those we moved to the claims track.  In

10  addition, as I said, we adjourned the hearing with respect to

11  one proof of claim, that's proof of claim number 16506 of

12  Howard County Indiana.  We've agreed to move that to the

13  September 27, 2007 omnibus hearing agenda and to extend the

14  response deadline until September 10, 2007 at 4 p.m.  And we'll

15  move forward with that claim at that time we'll continue

16  discussion with respect to them.  Your Honor, therefore the

17  summary of relief we're requesting today is that we obtain the

18  ordered relief sought on the net claims of 167 claims.  These

19  cover liquidated damages of approximately 68.7 million.  Of

20  these claims we seek to expunge thirty of the claims with an

21  asserted claim amount of approximately 43.8 million.  With

22  respect of the remaining claims there are 137 of the, they

23  total approximately 24.9 million.  We're seeking to, in some

24  cases, modify the debtor but reduce the amount of those claims

25  on an aggregate basis from 24.9 million down to 17.1 million

1   which is a reduction of about 7.6 million dollars.  Your Honor,

2   that's the sum and substance of the relief sought.  I do want

3   to note to Your Honor that there was a response filed by

4   Seamans Building Technology at docket number 8978 covering

5   proof of claim 15692, it was not included on the reply because

6   of a docketing error.  But we have moved that to the claims

7   track as well.

8           THE COURT:  Okay.  So again, given that the debtors

9   proceeding with this objection only where it has not been

10  opposed I'll grant the relief sought again based on the

11  averments in the nineteenth omnibus objection.

12          MR. BUTLER:  Thank you, Your Honor.  Your Honor, the

13  final matter on this morning's agenda is matter number 12,

14  which is the National Union Fire Insurance Company's

15  declaratory judgment at docket -- excuse me adversary

16  proceeding 07-01435.  Mr. Berger is handling that for the

17  company.

18          THE COURT:  Okay.

19          MR. BUTLER:  Judge, Neil Berger, Togut Segal & Segal.

20  Your Honor may recall that a few months ago when we were before

21  Your Honor on this adversary proceeding we requested that the

22  pre-trial conference be adjourned until today's omnibus hearing

23  date because the issues raised in this adversary proceeding

24  were being folded into the overall negotiations in the MDL

25  litigation.  Your Honor, the debtors are pleased to report that

48

1   there was a six-day mediation this month, August, under the

2   supervision of Wayne Phillips, Federal Master who was appointed

3   by District Judge Rosen.  All of the parties in the MDL action

4   have settled with the exception of one accounting firm and

5   three scheme liability defendants.  Parties will be back before

6   Judge Rosen on the 27th of this month and it is there intention

7   to have an expedited settlement process on a parallel time

8   track with our plan process in this case.  We have indicated in

9   the agenda letter that we would adjourn this pre-trial

10  conference but with Your Honor's consent we'll take it back off

11  agenda with the expectation that documentation will proceed as

12  we intend.  Counsel for National Union is here today, he has no

13  objection to the matter going off agenda, and with Your Honor's

14  consent that's we would propose.

15           THE COURT:  Okay.  All right.  Well, that's good news

16  about the settlement and I'm happy to take it off the agenda.

17           MR. BERGER:  Thank you, Judge.

18           THE COURT:  Okay.

19           MR. BUTLER:  Your Honor, that completes the August

20  agenda.

21           THE COURT:  All right.  Thank you very much.

22       (Proceedings concluded at 11:17 a.m.)

23

24

25

49

1

2                              I N D E X

3

4                          E X H I B I T S

5   DEBTOR'S              DESCRIPTION                    PAGE

6   1                     MOU's                          12

7   2, 3                  Declarations of                14

8                         Butler and Sheehan

9   1-13                  Exhibits                        34

10

11                           RULINGS

12                                         Page        Line

13  Deadline Extension Motions Granted      8           13

14

15  Preservation of Estate Claims Procedure  11          8

16  Motion Approved

17

18  Motion to Approve Claims Procedure Motion  25        15

19  Approved

20

21  Memoranda of Understanding Among IUOE,   30          25

22  IBEW, IAM, Delphi and GM

23  Approved

24

25

50

I N D E X

RULINGS

(continued)

|  | Page | Line |
|---|---|---|
| Motion Approving Bidding Claims Procedure Approved | 43 | 6 |
| Relief Granted in the Seventeenth Omnibus Objection Claims | 44 | 18 |
| Relief Granted in Eighteenth Ominibus Objection Claims | 45 | 16 |
| Relief Granted in Nineteenth Omnibus Objection to Claims | 47 | 11 |

51

C E R T I F I C A T I O N

I, Esther Accardi, court approved transcriber, certify that the

foregoing is a correct transcript from the official electronic

sound recording of the proceedings in the above-entitled

matter.


_____ August 20, 2007_____

Signature of Transcriber               Date


Esther Accardi_____

typed or printed name

**A**

**abandon** 9:2 10:10
**abandonment** 11:13
**able** 16:16
**above-entitled** 51:6
**absence** 9:12 26:6
**Absolutely** 17:13
**Accardi** 51:4,12
**acceptable** 9:6 26:17
**accommodation**
  28:14
**accounting** 48:4
**Act** 28:19
**action** 3:6 9:1,2 48:3
**actions** 2:19 9:3
  10:9 28:13
**active** 22:3,9 23:11
  24:12 28:9
**activity** 29:1 41:14
**actual** 10:5 22:17
  32:5 34:25
**add** 30:18 33:23
**added** 10:4 20:16
**addition** 11:5 46:10
**additional** 15:24
**address** 8:20 14:8
  15:24 16:1 23:22
  28:6
**addressed** 20:3
**Adelphia** 39:7
**adequate** 41:10
**adjourn** 36:1 48:9
**adjourned** 7:14 46:4
  46:10 47:22
**adjustment** 32:16
**admission** 14:2
  34:16
**admissions** 13:24
  26:10
**admit** 12:22 34:17
**admitted** 14:3 26:11
  33:19
**Adv** 1:5
**advantage** 40:5
**adversary** 9:4 47:15

**advised** 22:6 43:15
**Aeromark** 35:17,19
  36:5,7
**Aerospace** 12:16
**affair** 29:17
**affect** 14:15 24:4
**affidavits** 39:12
**affiliate** 10:3,6
**age** 21:10
**agenda** 7:6,7,10,16
  7:21,24,25 8:2,16
  11:18 25:17 31:8
  43:13 44:20 45:18
  46:13 47:13 48:9
  48:11,13,16,20
**agent** 32:3
**aggregate** 46:25
**ago** 21:5 47:20
**agree** 21:16 30:17
  39:4,21 42:21
**agreed** 15:6 18:8
  36:24 40:19 46:12
**agreeing** 36:13
**agreement** 7:14 9:18
  14:15,18 15:21
  16:21 18:22 19:12
  19:16 24:18,22,25
  25:1 26:23 27:6
  33:7,21 34:6 35:20
  35:21 37:17 42:13
  42:15
**agreements** 3:11
  9:17 10:1 12:2,9
  14:19 16:15 18:5
  18:19,21 19:4,5
  20:10,21 21:21
**akin** 18:6
**AL** 1:9
**alleged** 43:20
**allowance** 27:1
**allowed** 10:10 26:20
  26:22
**allowing** 30:19
  41:24
**alternate** 32:20 33:2

**41:23
**alternative** 31:19
  33:1 39:18 40:2,3
**ambiguity** 10:8
**amended** 36:12
  44:23
**America** 36:22
**amount** 20:24 28:17
  31:22 35:4,18,21
  36:14 41:5 43:19
  46:21,24
**amounts** 36:11
  43:22 45:5,22 46:1
**and/or** 8:21 35:9
**anniversary** 8:22
**answering** 9:11
**anticipated** 21:4
**anticipating** 29:23
**anti-assignment**
  38:11
**Anyway** 10:25
**apparently** 35:23
**appear** 13:12
**appearance** 41:24
**appears** 17:21 18:1
  20:11
**applicability** 24:21
**apply** 20:9
**appointed** 48:2
**appreciate** 20:24
  21:7 28:3 29:2
**appropriate** 30:21
  42:24
**appropriately** 24:15
**approval** 9:17 11:24
  21:20 25:18 28:4,5
  31:10,10 33:11
**approve** 3:8,13 11:8
  11:19 22:1 28:24
  30:6 35:24 40:23
  49:18
**approved** 27:20
  31:12,14 32:17
  49:16,19,23 50:8
  51:4
**approves** 12:5 40:1

**approving** 2:21,22
  2:23 27:25 50:7
**approximately**
  31:18,23 32:23
  33:2,4 44:4 45:1,5
  45:11 46:8,19,21
  46:23
**argue** 38:2,5
**argument** 38:2
  39:25
**arises** 41:8
**arising** 21:21
**arms** 23:25 30:13
  41:13
**ARPS** 4:2,10
**arranged** 29:14
**arrangement** 18:17
**arrangements** 16:3
  18:24
**aside** 37:20
**aspect** 42:9
**aspects** 22:24 23:23
  31:6
**asserted** 35:18 36:11
  43:19 45:1,22
  46:21
**asserting** 38:12 45:4
**assets** 2:24 36:19
**assign** 35:12 37:1,10
**assigned** 37:14,18
**assignee** 39:1
**assignment** 34:23
  35:1,6,10 38:7,8
**assistance** 27:3
**assisted** 29:25
**Association** 12:15
**assume** 2:15 35:12
  36:24 37:1,10,13
**assumed** 35:8 37:18
**assuming** 10:17
**assumption** 34:23
  35:1,5,9 36:10
**assurance** 41:10
**attach** 38:18
**attached** 15:24
**attachment** 14:12

14:14
**attachments** 15:2
  25:22
**attempts** 28:12
**attend** 29:15 32:2
**Attorneys** 4:3,11,19
  5:2,12,21 6:2,11
  6:19
**attrition** 17:3
**auction** 32:2,6,6,7
  32:11 33:18,19,20
  34:2,3,5,11,24
  40:6 41:14
**auctions** 40:5
**August** 1:19 7:5
  32:1,6 33:7,10,18
  43:14 48:1,19 51:9
**authorities** 43:18
  45:23
**authorize** 3:3 8:23
  8:25
**authorizes** 28:20
**Authorizing** 2:1,10
  2:13,23 3:3,5
**available** 18:19
  35:24
**Avenue** 5:3,14
**averments** 44:15
  47:11
**avoidance** 14:10
  15:1
**aware** 16:2 17:4
  18:16
**a.m** 1:20 48:22
**A1** 35:3

**B**
**B** 1:22 14:12,14 49:4
**back** 31:18 37:3,6
  48:5,10
**backup** 41:5,9 42:7
  42:17,17
**balance** 44:2
**Bankr** 39:8
**bankruptcy** 1:2,15
  1:24 9:5,20 24:25

28:14 31:5 38:6
**bar** 46:1
**BARBARA** 6:15
**bargainer** 13:5
**bargaining** 3:10
  18:19 19:4,5 21:21
**barred** 38:2
**based** 24:1 31:17
  39:11 44:5 45:15
  47:10
**basic** 38:1
**basically** 34:9 38:4
**basis** 19:1 30:13
  39:6 44:11 46:25
**bebas** 28:25
**began** 21:4
**beginning** 24:8,10
**behalf** 7:4 16:25
  40:16
**believe** 19:8,14
  23:12 24:8,15,16
  24:23 25:12 31:21
  38:10,12,23 39:11
  42:23 46:1
**believer** 11:11
**benefit** 11:23 18:16
  40:3
**benefits** 3:11 14:16
  14:20,24 22:2,11
  22:14 24:14
**Berger** 4:23 47:16
  47:19 48:17
**best** 32:13
**bid** 2:21 31:15,18,20
  31:22,24,25 32:13
  32:14,14,19,20,25
  33:1,1,3,10,21
  34:10,12 39:19,21
  39:22,23,24 40:4,4
  42:17,17,23,25
**bidder** 31:12 39:18
  40:1 41:5,9,23
  42:7
**bidders** 32:4 40:10
**bidding** 2:21 31:13
  31:14,15,25 32:9

32:15,18,20 38:3
  40:3 50:7
**bids** 34:10,13
**billion** 16:5,18 28:11
**bit** 10:8
**blackline** 16:13 18:2
**blacklined** 26:15
  33:9
**blacklines** 34:14
**BONNIE** 6:23
**books** 45:23,24
**bound** 10:7
**Bowling** 1:16
**break** 40:25
**BRIAN** 5:8
**brief** 41:24
**briefly** 26:14 28:8
  33:5 35:1 40:15
**Brotherhood** 12:12
**brought** 27:20
**BRUEGGEMAN**
  5:20
**Building** 47:4
**business** 11:6 30:3
  31:11 41:15
**Butler** 4:7 7:3,3,9,23
  8:15 10:15,22,24
  11:9,17 13:2,3,12
  13:17,20 14:4,6
  15:4,17,19 16:23
  17:7,13,16,18,21
  17:25 19:8,13,19
  19:25 21:15 22:18
  22:21,25 23:2,20
  25:16 26:1,2,4,12
  26:13 27:7,10,12
  29:18 31:1,3,7
  34:3,8,20 36:6,9
  37:23 38:19,23
  39:3,14,16 40:19
  41:1,18,22 42:11
  42:22 43:1,7,12
  44:11,19 45:17
  47:12,19 48:19
  49:8
**buy** 17:3,3

**buydowns** 28:15
**buyouts** 28:14
**B.R** 39:8

**C**
**C** 2:13 4:1 5:6 7:1
  51:2,2
**calculated** 28:10
**calendar** 43:14
**cap** 16:4,18
**care** 17:7
**carefully** 11:1 16:8
  25:11
**case** 1:4,5 8:5,6,8,19
  18:8 20:5 21:24
  23:5 24:8,10,20,23
  25:10 28:9 30:18
  31:6,11 38:3,10
  41:6 48:8
**cases** 8:22 9:20
  11:12 12:4 39:8
  46:24
**cash** 31:23 32:15,21
  32:25
**Catalyst** 31:8,11,20
  41:22
**categories** 10:9,12
**cause** 8:14 11:5
**causes** 3:5 9:1 18:11
**ceiling** 11:7
**center** 5:22 29:1
**certain** 2:3,21,24 3:5
  3:11 8:25 9:3,9
  10:12 18:20 22:2
  31:15 42:12
**certificate** 33:22
**certify** 51:4
**chambers** 9:8 11:11
**change** 9:18 15:9,15
  15:23
**changed** 43:20
**changes** 11:4 19:9
  19:11,12 26:16
  30:24
**check** 27:4
**checking** 16:9

**Chicago** 4:5
**chief** 13:7
**choice** 13:11
**choices** 30:1,3
**chose** 13:14
**Chrysler** 35:9
**circuit** 25:2 30:19
  38:11
**circulated** 19:13,17
**circumstances** 30:2
**cited** 39:9
**claim** 2:2 15:25 17:1
  26:21 27:2 28:21
  30:19,20,23 35:16
  35:16 43:13,23,25
  43:25 44:25 46:3,4
  46:7,11,11,15,21
  47:5
**claims** 2:6,8 3:5 7:17
  8:17,25 16:1,2,4,5
  16:9,10,12,17,20
  16:24 17:2,9,12
  18:7,9 20:13 21:21
  26:19,20,25 27:4,4
  27:6 28:9,16,19
  29:4 35:15 36:2
  43:17 44:2,4,9,16
  44:17,21,22,23,24
  45:2,3,4,5,10,11
  45:19,20,21 46:7,9
  46:18,18,20,20,22
  46:24 47:6 49:15
  49:18 50:7,11,14
  50:17
**clarification** 18:14
  20:9
**clarify** 19:25 20:14
**clarifying** 37:9
**classification** 43:19
**clear** 14:13,20,23
  15:9,13,16 18:3
  21:23,23 25:13
  26:20 30:7 39:20
  40:9 41:13
**clearer** 10:16,23
**clearly** 23:24 30:11

30:21
**clerk** 9:5 10:18,21
**clerk's** 9:6
**clients** 15:8
**close** 41:8 42:2
**closely** 25:11
**code** 24:16 38:6
**colleagues** 26:17
**collective** 3:10 18:19
  19:4,5 21:21
**collectively** 12:22
**column** 16:16
**combination** 29:13
**come** 37:2,6
**comment** 19:20
  33:17
**comments** 41:25
**commitment** 18:24
  19:2
**commitments** 18:20
  18:20
**committee** 2:1,10
  5:12 6:19 7:11,12
  7:12
**committees** 7:19
  8:12,19 9:9 10:13
  16:4 19:11 27:17
  32:3,12
**Committee's** 2:12
**common** 24:19
**Communication**
  39:7
**company** 3:17 7:19
  12:3 18:24 21:8
  22:7 29:25 36:7
  47:17
**company's** 13:5
  47:14
**comparable** 22:14
**competing** 31:24
**complete** 27:13
**completes** 48:19
**compromise** 28:21
  29:3
**compromised** 28:19
**Comptroller** 40:18

**conceivable** 10:6
**concern** 38:17 39:1
**concerned** 30:9,10
**conclude** 19:21
**concluded** 30:5
  48:22
**concludes** 40:12
**conduct** 34:24
**conducted** 32:8
**confer** 19:14
**conference** 3:16 9:8
  11:11 47:22 48:10
**confident** 29:20 30:4
**confidential** 33:24
  38:20,22
**confidentiality**
  38:16 39:11
**confirm** 19:6
**confirmation** 8:8
  16:5 37:2
**confirmed** 37:13
**conflicting** 24:20
**conformance** 42:24
**confusion** 20:5
**connection** 13:23
  18:10 23:8 27:25
  34:3 35:10
**consensual** 39:5
**consent** 38:8 39:5,13
  48:10,14
**consent's** 38:7
**consequently** 11:8
**considerable** 41:14
**consideration** 31:24
**consistent** 20:20
  29:4
**constituents** 24:6
**construe** 15:2
**construed** 21:20
**consultation** 32:11
**contacted** 32:2
**contain** 39:10
**contained** 14:16
  45:21
**contemplate** 41:4
**contemplated** 10:14

**contemplates** 7:18
**contested** 37:6 44:7
  44:8
**contingent** 41:5
**continue** 13:13 18:5
  19:3 46:15
**continued** 50:4
**continues** 21:1
**continuing** 13:10
  27:3
**contract** 35:7,12,17
  37:17 38:1,15,21
  39:1,2,10,12 42:24
**contracts** 33:12 35:6
  35:10 36:24 37:9
  42:12,13,16
**Contrarian** 35:16
  35:17,18,22 36:7
**contrary** 15:2 41:11
**contributions** 28:2
**control** 10:6
**controlled** 10:4
  39:21
**Controlling** 35:13
**Corning** 36:10,13
**Corporation** 1:9 2:3
  3:9,14,16 4:11 7:2
  7:4 13:3,5,7 15:8
  37:8 39:7
**correct** 17:21 22:21
  23:2,20 27:10 41:1
  41:2 42:10,19 51:5
**Corrigan** 40:17
**cost** 32:21
**counsel** 15:7,7 24:3
  31:21 42:1 48:12
**count** 16:17
**counterparty** 35:17
**County** 36:17,18
  46:12
**couple** 9:16 14:8
  41:25
**course** 18:4,5 19:15
  22:7 32:10 33:15
  34:11,13
**court** 1:2,15 7:2,7,8

7:22 8:13 9:5,14
9:20 10:16,23,25
11:10 12:18,21,25
13:1,9,16,17,19,20
13:21 14:1,7 15:3
15:5,15,18 16:19
17:6,11,14,17,19
17:23 19:7,10,18
20:8,15,19,22
21:14 22:6,16,23
23:1,15,22 25:24
26:9,15 27:5,8,11
28:5,6,7,24 29:3,6
29:10,21 30:6 31:4
32:24 34:1,5,6,9
34:15 36:1,4,5,8
37:20 38:5,15,21
38:25 39:4,15 40:7
40:9,11,14,20,22
40:22,24 41:3,20
41:23 42:6,9,17,20
42:22 43:3,10,15
44:2,10,14 45:14
47:8,18 48:15,18
48:21 51:4
**courtroom** 26:5,6
33:6 40:17
**Court's** 45:6,8
**cover** 17:11 27:5
46:19
**covered** 12:9 24:14
**covering** 46:6 47:4
**credence** 38:5
**creditors** 2:2 5:13
7:11,11 30:16
**critical** 22:24
**cross** 14:3 26:11
**CSI** 32:5,19 33:2,16
39:21,24 40:6
41:22 42:5,6,14
**cure** 34:22,25 35:4
35:14,18,21 36:11
36:14 41:5
**currency** 30:22
**currents** 16:13
**cushion** 28:12

**custom** 44:5
**CWA** 25:18 26:15
**C(1)(b)** 18:22

**D**

**D** 1:23 7:1 13:2 20:1
26:3 49:2 50:2
**damages** 46:19
**date** 2:23 8:9 12:24
14:5 16:14 20:11
20:13,14 24:25
26:21,24 34:19
43:1 47:23 51:10
**dated** 9:20 33:7,10
37:11 46:1
**dates** 39:23
**day** 36:3
**days** 7:20 8:9 37:4
41:25
**deadline** 2:15 8:1,2
8:6,20 37:4 46:14
49:13
**deal** 17:1 23:23
26:19 27:21 29:22
33:15 44:6
**dealing** 9:25 20:16
**deals** 11:25 35:14
44:22
**dealt** 45:2,20
**debt** 16:6
**debtor** 1:11 4:3,19
10:1 24:8,10 25:2
25:3,8 28:24 30:8
30:10,15,22 39:4
43:20 46:24
**debtors** 2:2,4,6,8,18
2:24 3:1,3 8:14,23
9:1,8 10:2,4 19:22
22:4 23:16 24:1,6
24:13 27:14 31:10
31:20 32:12 33:12
36:14 39:20 40:2
40:12 41:15 42:1
43:9 45:20 47:8,25
**Debtor's** 12:23 14:5
34:18 49:5

**decades** 21:5
**decide** 40:7 42:22
**decisions** 30:1
**declaration** 13:1,13
13:21 26:3 33:24
**declarations** 13:24
14:2,4 26:2,7,9
49:7
**declaratory** 47:15
**decreedal** 15:23
**deemed** 9:21 10:1
**defendants** 48:5
**Defenses** 2:3
**defined** 20:12
**Delphi** 1:9 3:9,14,16
4:11 7:2,4 12:13
12:14 13:3,4,7
15:7 21:5,17 22:5
28:12 32:1,22 33:8
37:11,12 38:22
49:22
**demonstrate** 16:17
**Dempsey** 41:21
**Denzo** 36:22
**depending** 18:1,22
**derivative** 16:20
**describe** 29:9
**described** 10:11
18:1 19:2 22:12
**DESCRIPTION**
49:5
**designate** 10:24
**designated** 31:11
32:14,25 34:4
**determined** 31:24
31:25 32:12,19
36:19
**developed** 7:18
**deviate** 22:13
**Die** 12:16
**different** 18:1
**differently** 20:12
**difficult** 30:4
**diligence** 22:7
**DIP** 32:4
**direction** 35:19

**disallow** 45:3
**disallowing** 45:9
**discuss** 26:14
**discussed** 10:17
26:22
**discussion** 46:16
**discussions** 14:8
**disposition** 35:2
**dispute** 28:21
**district** 1:3 12:16
38:10 48:3
**Docasel** 25:9
**docket** 7:12,13 8:1,3
8:17 9:21 11:24
25:19 31:8,13 35:4
35:6,11,14 36:12
36:12,15,18,20,22
37:5,5,16,19 43:13
44:13,21 45:6,8,11
45:19 47:4,15
**docketing** 47:6
**document** 14:17,24
19:6
**documentation**
45:21 48:11
**documents** 14:22,25
15:12 31:13 34:16
**doing** 23:3 31:4
**dollar** 16:18 32:25
45:22
**dollars** 28:11 31:19
32:16,23 44:3,4
45:5,11,24 47:1
**doubt** 14:10 15:1
**downs** 17:3
**draft** 35:25
**DRAIN** 1:23
**Drive** 4:4 5:22
**due** 22:7
**duplicated** 25:2
**duplicative** 44:22
**duress** 28:23
**D(2)(b)** 18:21,22
**D.C** 5:4

**E**

**e** 1:22,22 4:1,1 7:1,1
  20:2 37:1 49:2,4
  50:2 51:2
**earlier** 8:7 22:6
  33:18 43:15
**early** 19:15 28:14
**economic** 30:15
**economy** 21:4
**effect** 19:3 24:6
**effective** 16:14
  20:11,13,14,16,17
  20:18 26:21,24
**eight** 45:2,3
**eighteenth** 2:6 44:21
  45:15 50:13
**either** 8:11,21 10:4
  14:21 18:11,22
  19:20 28:23
**Electrical** 12:12
**electronic** 51:5
**Electronics** 12:13
**Emanuel** 5:6 40:15
**employee** 18:5
**employees** 22:3
  24:12,14,21 29:15
  29:16 30:1
**employers** 28:20
**employer's** 24:22
**employment** 21:11
**ended** 23:3 40:24
**engaged** 21:11
**engineer** 20:25
**engineers** 12:10
  15:11 20:10
**English** 23:6,7
**enjoyed** 28:18
**enter** 3:3 8:24 25:14
  43:6
**entered** 8:10 10:2
  11:16 12:2 25:25
  30:25 40:6,11
**entities** 10:4
**equity** 2:11,12 6:19
  7:11,12
**error** 47:6
**especially** 21:9

**ESQ** 4:7,15,23 5:6,7
  5:8,17,25 6:6,7,15
  6:23
**essentially** 16:4,17
  34:22 38:5
**establish** 9:3
**established** 8:14
  15:14
**establishes** 8:23
**Establishing** 3:6
**estate** 7:17 8:17
  49:15
**Esther** 51:4,12
**ET** 1:9
**evening** 19:15
**event** 28:10 39:4
**Everybody** 19:23
**everyone's** 31:4
**evidence** 12:20
  13:24 25:21 26:7
  32:7 33:4 34:16,18
  40:21
**evidentiary** 12:19
  25:20 27:14 40:12
  40:18
**EX** 2:10
**examine** 14:3 26:11
**example** 17:24 25:1
  39:7
**exception** 48:4
**excess** 28:11
**excluding** 16:6
**exclusivity** 8:4
**excuse** 20:4 47:15
**execute** 17:5
**execution** 9:22
**exhibit** 12:22,23
  25:25 26:2,3 27:1
  33:6,8,9,10,11,14
  33:16,17,18,20,21
  33:22,24 38:20
  39:17 43:15,17
  44:12
**exhibits** 14:5 15:24
  16:24 26:1 33:3,4
  33:19 34:1,4,4,18

  38:1 40:20 49:9
**Exhibit's** 13:24
**expect** 39:25
**expectation** 48:11
**expedited** 48:7
**expire** 19:4 39:23
**expired** 36:23,25
**expires** 39:19
**explained** 26:4
**explaining** 30:1
**expunge** 45:3 46:20
**expunging** 45:9,11
**extend** 2:18 8:5
  46:13
**Extending** 2:15
**extension** 8:1,2,4
  49:13
**extent** 11:6,13 16:13
  35:23
**E(3)** 14:21
**E(3)(a)** 14:17
**e-mail** 37:15
**E-2** 43:15,17 44:12

**F**

**F** 1:22 51:2
**face** 14:20
**faced** 24:8
**facing** 30:15
**fact** 14:11 21:8 25:6
**fair** 24:2,17 25:14
  29:17 30:8,10
**fairly** 11:1 30:18
**faith** 17:19
**falls** 10:12
**families** 28:17
**far** 21:2 24:11 30:8
  30:10
**February** 8:6
**Federal** 48:2
**fee** 40:25
**feel** 21:6
**fifteen** 43:25
**fifth** 27:21 36:16
**fifty-two** 46:5,6
**File** 2:11

**filed** 7:7,11 8:4,10
  8:17 11:24 12:4,18
  12:20 13:1 16:2,11
  16:24,25 17:10
  22:6 23:4 25:18,22
  27:4 34:21,24 35:3
  35:10,14 36:11,15
  36:16,16,18,22
  37:3,5,8,16,21,24
  37:25 38:4 43:18
  44:8,21,24,25
  45:10,19,23,24,25
  46:5,6 47:3
**filing** 8:22
**filings** 42:11
**final** 13:10 32:12,19
  33:7 47:13
**finally** 12:14 36:13
  37:15 42:21
**financial** 23:1 24:7
  30:15 40:18
**findings** 41:16
**fine** 7:8 9:18 10:3
  15:3 41:12 43:10
**Fire** 3:17 47:14
**firm** 11:11 40:16
  48:4
**first** 7:9 11:22 15:9
  25:20 35:2 41:25
**five** 45:10
**flagged** 24:10
**FLOM** 4:2,10
**flow** 18:7
**folded** 47:24
**footnote** 15:9
**foregoing** 51:5
**foreign** 31:16
**form** 2:22 9:4,6,13
  9:17 42:4
**formal** 46:5
**Former** 2:3
**formerly** 33:2
**forms** 30:22 34:6
**forth** 11:5 14:21
  26:25 27:1 29:1
  41:16

**forty-one** 43:17,23
**forward** 32:5,18
  40:1 46:15
**four** 4:12 11:20
**fourth** 8:2
**FRANK** 6:18
**fraud** 28:23
**free** 31:4,6
**Friday** 29:13
**FRIED** 6:18
**frozen** 24:25
**full** 11:8
**funded** 16:6
**funds** 35:13,19
**further** 2:12,15,18
  10:10 43:8
**future** 19:1 21:21
  41:10
**F(3)** 14:21 20:4
**F(3)(a)** 14:18

———————
**G**
**G** 7:1
**gainful** 21:11
**gainsay** 21:1
**general** 2:3 3:9,14
  7:19 14:14 16:5
  20:4 22:5,12 27:18
**generally** 24:17
**getting** 17:2
**give** 10:13 11:2 38:5
  38:8 41:9
**given** 24:12 44:14
  47:8
**giving** 25:13
**Global** 37:16
**GM** 18:16 19:11
  21:5 22:20 49:22
**GM's** 22:23
**go** 17:2 25:3 35:18
  35:22 41:8 42:6
**goes** 20:16 40:4
**going** 10:20 11:2,21
  16:19 18:2 25:4
  29:18 35:8 36:5
  37:13 38:7 44:1

48:13
**GOLDBERG** 5:20
**GOLDSTEIN** 5:25
**good** 7:5 11:5,6 16:8
  48:15
**Goodwin** 5:1 40:16
**GORLICK** 6:10
**governed** 24:15
**governs** 37:12
**grant** 8:13 44:16
  45:14 47:10
**granted** 7:18 8:5
  49:13 50:10,13,16
**granting** 2:21 31:15
**GRATZ** 5:20
**great** 27:23
**Green** 1:16
**grievances** 18:4
**Grillo** 5:6 40:15,15
  41:2
**Gropper** 39:9
**group** 10:12 43:17
**guarantee** 18:17
**guess** 10:5 19:10
**G(2)** 29:1
**G(3)** 29:1

———————
**H**
**H** 49:4
**handling** 47:16
**happy** 9:10 48:16
**hard** 19:24 20:24
  23:5,5
**HARRIS** 6:18
**HARVEY** 5:8
**hearing** 2:23 7:5,15
  16:5 31:17 33:16
  35:25 36:2,2 40:10
  46:10,13 47:22
**hearings** 44:5
**held** 25:2 32:6,8
**highest** 29:15 32:13
**highlighted** 24:20
**hold** 40:10
**holders** 2:11 8:19
**HON** 1:23

**Honor** 7:3,6,9,13,23
  8:4,10,15,15 9:7
  9:11 10:15 11:9,17
  11:17,25 12:4,17
  12:25,25 13:8,22
  14:6,6,19 15:4,17
  15:25 16:2,15 17:4
  17:16,22 18:13,15
  19:19,23 20:23
  21:13,15,19,25
  22:1,6,18 23:2,3
  23:21 25:16,16,19
  26:1,13 27:7,10,12
  27:16 28:8 31:1,3
  31:7,12,19 32:23
  33:3,3,6,23 34:8
  34:20 36:9 37:23
  38:20,24 39:14,16
  39:25 40:11,15
  41:1,2,18,19 42:8
  42:10,21 43:7,8,12
  44:1,11,19,19 45:6
  45:12,17,17 46:16
  47:1,3,12,12,20,21
  47:25 48:19
**Honor's** 31:10 48:10
  48:13
**hoops** 25:4
**hope** 41:7
**hopefully** 23:3
**horse** 32:17 33:21
  34:10
**hourly** 22:3 24:12
**hours** 19:16
**Howard** 46:12
**Human** 13:4
**H(2)(e)** 26:23

———————
**I**
**IAM** 3:9,10 5:21
  11:23 12:15 14:9
  14:15,19 23:24
  49:22
**IBEEW** 3:8
**IBEW** 3:10,11 5:21
  11:22 12:11,13

14:9,15,18 23:24
  49:22
**identification** 12:24
  14:5
**identified** 9:3
**identify** 3:5 9:1
  43:20
**Illinois** 4:5
**impact** 28:13
**Impala** 33:12 37:4
  37:20,24 39:6
**importance** 39:12
**important** 18:15
  27:24 33:13
**importantly** 27:22
  32:19
**improper** 43:5
**include** 16:19
**included** 21:25 22:4
  32:3,21 38:1 39:17
  47:5
**includes** 11:7 45:6
**including** 3:9 18:20
  24:6 28:24 30:23
  40:20 45:25
**income** 28:17
**incorporate** 42:1
**incorporated** 42:3
**increasingly** 21:3
**Indiana** 46:12
**indicate** 10:18 33:23
  40:21
**indicated** 35:16
  41:22 44:4 46:2
  48:8
**indicates** 9:5
**individual** 17:12
**individuals** 18:13
  21:2,6,9 22:16
**information** 23:12
  38:22
**informational** 23:10
**instances** 18:8
**insufficient** 45:21
**Insurance** 3:17
  47:14

**intend** 40:10 48:12
**intended** 8:20
**intention** 21:18 48:6
**interest** 16:6 36:19
**International** 12:10
   12:12,15 15:10,11
   36:22
**interpretation** 24:24
   25:6,7
**introduce** 32:6
**invalidate** 38:11
   39:13
**investor** 27:17
**investors** 9:9 16:3
**invitation** 29:19
**involve** 37:10
**involved** 27:19
   43:17 46:7
**involvement** 43:8
**IO** 23:23
**irrelevant** 25:5
**issue** 29:13 35:15,20
   40:8 43:16
**issues** 17:8 18:25
   20:25 23:12,17
   24:2,9 27:2 30:15
   35:1,20 41:5 47:23
**item** 7:25
**items** 7:6
**IUE** 25:17 26:14
**IUE-CWA** 3:13 6:2
   21:24 26:23 28:9
   30:11
**IUOE** 3:8,10,11
   6:11 11:22 12:11
   12:11 14:9,15,17
   14:18 15:10,13
   23:23 49:21

**J**

**Jack** 7:3
**JACOBSON** 6:18
**JENNIK** 6:1,7
**Jeremy** 41:21
**jobs** 21:10
**John** 4:7 13:2 26:3

**join** 29:18
**joint** 28:25
**JOSHUA** 5:7
**JR** 4:7
**Judge** 1:24 39:9
   47:19 48:3,6,17
**judgment** 41:16
   47:15
**judicata** 41:6
**jump** 43:4
**June** 31:18 33:20

**K**

**Kayalyn** 4:15 7:3
**keep** 38:22
**Kennedy** 6:1,6
   26:17 28:5,8 29:8
   29:11,22 30:17
   31:2
**Kevin** 13:2 26:2
**kind** 13:19
**kinds** 9:2
**KLATZKIN** 5:7
**know** 10:25 11:10
   11:25 13:3 16:12
   19:19 23:3,11
   27:12 29:21
**KRAVITZ** 6:10

**L**

**labor** 11:20 12:3
   28:20
**lacked** 29:18
**language** 15:2,15
   17:19,25 20:1,3,5
   20:6,7 25:11 26:18
   26:19
**largest** 27:22 29:12
**late** 38:4
**LATHAM** 5:11
**law** 24:20 38:10,11
   41:6
**lead** 13:5
**leases** 2:16 42:12
**leave** 31:6
**leaves** 21:2 37:23

**leaving** 37:20 45:2
**legal** 21:12
**lenders** 32:4
**length** 23:25 30:13
   41:13
**letter** 37:3 48:9
**liabilities** 45:24
**liability** 45:22 48:5
**lien** 36:18
**light** 24:23
**likelihood** 21:10
**limitations** 3:4 8:24
   27:8
**limited** 16:24 17:8
   35:13 36:10,21
**line** 27:20 49:12
   50:5
**liquidated** 46:7,19
**listed** 7:7 36:24
   37:25
**LISTHAUS** 6:10
**litigation** 7:10 47:25
**little** 10:14,16,19,23
**LLC** 35:9,13
**LLP** 4:2,10,18 5:11
   6:18
**local** 12:9,10,11,11
   14:17 29:12,12
**Locale** 12:14
**locals** 15:12 20:10
   20:25 23:24 29:11
**Lodge** 12:17
**look** 9:25
**looks** 25:10
**lost** 28:16,17
**LP** 37:16
**LTV** 24:23 25:1

**M**

**M** 6:6,7 13:2 26:2
**Machinists** 12:15
**mail** 37:2
**main** 14:17
**maintained** 25:8
**major** 27:18
**majority** 11:11

**Makers** 12:17
**making** 23:6
**management** 13:4
   38:3
**manner** 2:22 31:16
**Marafioti** 4:15 7:4
**MARIANNE** 5:25
**Maricoba** 36:17,18
**marked** 26:2 38:19
**market** 24:7
**marketing** 41:14
**Marks** 41:19,21,21
   42:8,10,19,21 43:8
   43:11
**mark-up** 11:2
**master** 33:7 48:2
**material** 19:8 27:25
**maters** 32:10
**matter** 1:7 7:16,16
   8:16,16,18 9:8
   11:18,18,18,22
   12:19 22:1 24:15
   25:17,17 31:7,8
   36:1 37:6 38:13,13
   39:16 42:22 43:12
   44:20,20 45:1,18
   45:18 47:13,13
   48:13 51:7
**matters** 7:9,10,14,20
   7:21,23 16:6 27:16
   28:5 32:24 44:7,7
**MDL** 47:24 48:3
**MEAGHER** 4:2,10
**mean** 17:19 20:15
   38:21
**meaning** 25:7
**Mechanically** 16:19
**mechanism** 10:20
**mediation** 48:1
**meeting** 19:14 29:16
**Mehlsack** 6:15
   19:20 20:9,18,20
   20:23
**member** 23:10,11
**members** 16:20,25
   24:4,7 28:2,10,13

28:16 30:12
**membership** 29:24
**memoranda** 3:8
  12:7 21:19 25:21
  49:21
**memorandum** 3:13
  12:17 17:5 21:22
  29:2 37:10
**memorandums**
  11:19
**mentioned** 19:25
  43:1
**merely** 43:14
**MILLER** 5:20
**million** 31:19,23
  32:16,23,25 33:2
  43:23,23 44:3 46:8
  46:19,21,23,25,25
  47:1
**Milwaukee** 5:23
**mind** 23:24
**minimize** 24:6
**minor** 15:6
**minutes** 14:8
**MITCHELL** 5:17
**modestly** 30:4
**modification** 3:10
  22:2,24 24:11
  43:19
**modifications** 15:6
  33:9,11
**modified** 14:25 19:1
  21:22 24:18 46:2
**modify** 43:22 44:3
  46:24
**moment** 22:11 31:3
**moments** 32:7 37:7
**money** 28:20 30:19
**month** 48:1,6
**months** 47:20
**moot** 25:5 44:7
**moral** 21:13
**morning** 7:5 13:14
  19:15
**morning's** 47:13
**motion** 2:1,10,13,15

2:18,21 3:3,8,13
  7:13,17 8:1,3,7,8
  8:17 9:7,12,15
  10:5,11 11:4,5,25
  12:5,8,9,18 15:16
  15:21 21:25 22:4
  22:12,13 23:9,23
  25:18,23 26:4,7,8
  27:15 28:24 30:7,7
  30:20 31:8 40:23
  46:3 49:16,18,18
  50:7
**motions** 7:10,12,25
  8:3,11,13 11:19,24
  16:1 21:20 23:9
  27:13,19 34:9
  49:13
**Motors** 2:3 3:9,14
  7:19 22:5,12 27:18
**MOU** 14:12,13,16
  14:20,22 19:3 20:2
  20:6
**MOU's** 12:20,23
  20:21 49:6
**move** 12:20 13:23
  25:21 26:7,14 33:4
  34:21 40:1 46:12
  46:15
**moved** 40:21 46:9
  47:6
**moving** 32:18
**MURRAY** 6:1

**N**
**N** 4:1 5:7 7:1 49:2
  50:2 51:2
**name** 51:13
**National** 3:16 47:14
  48:12
**natural** 18:12
**nature** 44:14
**neatly** 11:3
**necessary** 21:6 24:5
  30:4
**need** 16:7 22:19
  25:12 27:3 37:14

41:9
**needed** 11:6 22:21
  22:23 35:24
**needs** 27:22
**negotiate** 22:19
**negotiated** 18:17
  22:11,15,19 35:23
**negotiating** 21:7
**negotiation** 13:10
**negotiations** 13:6,9
  13:14 26:5 30:12
  30:22 47:24
**Neil** 4:23 47:19
**net** 45:2 46:18
**never** 41:7
**New** 1:3,17,17 4:13
  4:13,21,21 5:3,15
  5:15 6:4,4,13,13
  6:20,21,21 32:8
**news** 16:8 48:15
**nine** 33:15 35:2
  44:22
**nineteenth** 2:8 45:18
  47:11 50:16
**ninth** 37:15
**non** 22:2
**Nonresidential** 2:16
**non-cash** 31:23
**non-contested** 44:6
**non-debtor** 10:3
**non-represented**
  22:4 24:11,14
**normal** 31:5
**North** 5:22
**Northwest** 30:18
**note** 7:13,15 30:9,17
  47:3
**notice** 10:5,10,13
  22:17 23:7,10,16
  23:16,20 25:13
  34:22 35:4,13
  36:17,20
**noticed** 10:7
**notices** 2:22 23:6
  31:16 33:22
**noting** 29:3

**notion** 41:12
**November** 39:19
  43:1
**number** 7:12,13,16
  7:25 8:1,2,3,16,18
  9:21 11:18,18,22
  11:24 14:14 22:8,8
  25:17,19 27:23
  29:15 31:8,9,13
  35:5,6,11,12,14
  36:9,12,12,15,18
  36:20,22 37:5,5,7
  37:16,19 39:18
  43:14 44:13,20,21
  45:18,19 46:11
  47:4,13
**numbers** 21:2
**numerous** 39:8
**N.W** 5:3

**O**
**O** 1:22 7:1 51:2
**objection** 2:6,8,12
  2:13 3:1 9:12
  12:21 14:2 25:24
  26:10 33:14 34:16
  35:3,4,5,9,12,13
  36:9,10,15,16,20
  36:21,21 37:1,2,3
  37:4,7,7,15,15,19
  37:24,24 38:9,14
  39:6,15 41:10
  43:13 44:16,21,24
  45:13,16,19,20
  47:9,11 48:13
  50:11,14,17
**objections** 8:10
  33:15 34:21,23
  35:2,7,8 37:21,22
**obligation** 16:3 21:9
  21:12,12,13
**obtain** 22:22 46:17
**obvious** 21:3
**obviously** 15:20
  24:3 27:18 29:24
  30:20 39:2 41:4

**occur** 8:20 18:11,11
  26:21,24 27:1
**occurred** 32:10
**October** 7:14 8:21
  8:21
**offensive** 43:4
**office** 9:6
**officer** 13:7
**officers** 2:4 13:3
**offices** 32:8
**official** 2:1,10,13
  5:12 51:5
**officially** 22:10
**oh** 18:13 43:10
**Ohio** 29:12
**Okay** 7:22 8:13 9:14
  12:21 15:3,15,18
  17:11,17 19:7,18
  20:8,19,22 21:14
  23:15 25:24 26:9
  26:12 27:5,11 28:7
  29:6 34:15,17 36:8
  37:20,22 38:15
  40:14,24 41:3 42:9
  42:20 43:3 44:10
  44:14 47:8,18
  48:15,18
**Ominibus** 50:13
**omnibus** 2:6,8 3:1
  7:5,15 43:13 44:5
  44:16,21 45:15,19
  46:8,13 47:11,22
  50:10,16
**ones** 46:6
**ongoing** 29:9,10
**operating** 12:10
  15:11 20:10,25
**operation** 38:9,11
**opinion** 39:9
**opportunities** 18:18
**opportunity** 28:3
  41:10
**opposed** 35:20 47:10
**opposition** 26:6
  44:18
**order** 2:1,10,13,15

7:6,18 9:4,6,13,15
  9:19 11:14 12:7
  14:7 15:5 16:7,13
  16:14 17:23 18:2
  18:10,23 19:6,9,12
  24:5 25:14 26:15
  27:15 30:23 31:13
  31:14 32:18,20
  33:11 36:1,23,25
  38:3,4 39:22,24
  40:3,7,11 41:4,11
  41:11,12,17 42:2,4
  43:5 44:8 45:9
**ordered** 9:21 16:15
  46:18
**orders** 19:16 33:9
  34:9
**order's** 11:1
**ordinary** 18:4,5
**original** 31:18 32:17
  32:18 34:10
**originally** 23:7
  36:11 43:22
**ought** 46:1
**outline** 33:5
**outlined** 44:8
**outs** 17:3
**outset** 28:9
**overall** 47:24
**overnight** 13:9
**overruled** 38:14
  39:15
**o'clock** 13:14

       **P**
**P** 4:1,1 7:1
**page** 29:1 49:5,12
  50:5
**painful** 21:1,2 24:4
**papers** 8:12 10:11
  23:4
**paragraph** 9:19,25
  10:8 15:23 17:9,20
  18:23 26:18,19,22
  26:25
**parallel** 8:4 26:25

48:7
**parallelism** 27:2
**part** 17:2,8 24:22
  34:1 35:8
**PARTE** 2:10
**participated** 9:10
  29:16
**particular** 9:7 17:8
  17:9 23:5 28:1
  30:16 38:20
**particularly** 24:17
  24:23
**parties** 11:1 30:14
  32:2 34:14 48:3,5
**party** 15:11 28:23
  38:22
**pay** 28:20
**paying** 30:19
**payment** 35:18,22
**payments** 28:25
**pending** 18:4
**Penn** 4:20
**pension** 14:16,20,24
  18:25 19:25 20:3,6
**people** 17:5 21:9
  23:19 25:13 27:23
  34:13 37:21 41:9
**perfected** 36:17
**performance** 41:10
**period** 2:18 11:12
**person** 27:24
**petition** 24:25
**Phillips** 48:2
**phonetic** 23:8 25:10
**phonetic)and** 28:25
**phrase** 10:18
**Pittsburg** 3:17
**Place** 6:3
**places** 20:11
**plain** 23:6,6 25:7
  43:5
**plan** 9:8 16:3 18:7
  20:14,16,18,20
  26:21,24 27:17
  48:8
**plants** 29:14

**Platinum** 33:12 37:4
**Plaza** 4:20 6:20
**please** 31:3
**pleased** 15:20 47:25
**point** 10:17 15:19
  18:14 21:25 22:9
  23:18,21 29:7
  30:17 41:3,6
**points** 18:1
**police** 29:19
**pool** 27:4
**portion** 11:8
**position** 42:25
**positions** 24:21
**possible** 29:15
**post-petition** 32:4
**Power** 12:14
**PRE** 3:16
**preceded** 41:14
**Precision** 44:25
**predicament** 24:7
**prejudice** 12:6
**premise** 24:5
**prepared** 13:1 41:16
  43:6
**present** 9:10 11:21
  13:9,17,20 25:13
  28:3 32:24 36:4
  41:23 42:4
**presentation** 19:21
  27:14 40:13
**presented** 15:5
  27:15,16 36:1
  40:19,20
**presenting** 21:19
**preservation** 7:16
  8:16 49:15
**preserved** 3:6 9:2
  14:24,25
**preserving** 11:15
**president** 13:7 40:17
**press** 33:16 39:18,21
**pretty** 23:4 29:21
  43:5
**PREVIANT** 5:20
**previously** 28:18

31:12
**pre-trial** 47:22 48:9
**price** 32:15,21
**pricing** 34:13
**principals** 35:24
**printed** 51:13
**prior** 15:22 26:4
  27:13 28:4 30:7
**procedural** 2:6 7:25
  8:5
**procedure** 38:13
  49:15,18 50:8
**procedures** 2:21 3:5
  3:6 7:17 8:17,23
  8:25 9:3 10:19
  31:13,14,15 32:1
  32:15,18,20 38:4
  39:22,24 40:3,4
  41:4 42:25
**proceed** 40:22 48:11
**proceeding** 47:9,16
  47:21,23
**proceedings** 9:4
  48:22 51:6
**process** 16:8 18:25
  31:9 32:9 40:5
  48:7,8
**Procter** 5:1 40:16
**program** 25:8
**programs** 17:3
**proof** 46:11,11 47:5
**proofs** 15:24 16:1
  17:9 43:23,25,25
  45:10 46:3,4,7
**proper** 24:23 25:5,7
**properly** 24:9
**Property** 2:16
**proposal** 31:25
  32:17
**propose** 7:6 48:14
**proposed** 36:14 42:2
**Prosecute** 2:2
**protections** 2:22
  31:16
**provided** 13:1,22
  16:13 23:6 25:11

26:15 37:8 39:23
  43:16
**provides** 10:1 18:18
  22:13 26:23 27:3
  39:22
**provision** 14:14,22
  17:15 20:15 27:9
**provisions** 14:12
  17:12 38:12,16,18
  39:11 42:23
**purchase** 32:21 33:7
  36:23,25 42:13
**purchased** 35:16
**purchaser** 40:25
**purposes** 32:17
**pursuant** 9:19 39:24
  44:7
**pursue** 18:4
**put** 9:18,24 10:25
  11:14 16:16 19:24
  21:16 33:16 39:9
  39:17,18 44:2
**putting** 16:14
**P.C** 6:1,10
**p.m** 46:14

_____

### Q

**QEK** 37:16
**qualified** 31:19,25
  40:4
**questions** 9:11,16
  40:22

_____

### R

**R** 1:22 4:1 7:1 51:2
**raise** 9:16
**raised** 44:18 47:23
**ratification** 15:22
  29:7,8 30:5
**ratified** 15:21 29:23
**reached** 28:22 30:2
**read** 19:13 26:9
**Real** 2:16
**reality** 28:15 30:3
**really** 9:24 16:8
  26:16,18 35:14

36:23 43:4
**reason** 41:6,7
**reasonable** 23:25
  30:8,10
**reasonably** 30:18,24
**reasons** 11:6 30:9
**recall** 47:20
**received** 12:23 14:4
  32:13 34:18 43:21
  43:24 45:4,7
**recited** 42:11
**recognition** 30:23
**recognize** 28:1,11
  38:9
**record** 9:11 11:4
  12:19 14:10,13
  21:16 25:20 27:14
  33:19 34:2 39:17
  39:20 40:9,12,19
  41:25 42:4,14
  45:23
**recording** 51:6
**records** 45:24
**reduce** 46:24
**reduction** 47:1
**referenced** 9:23
  38:18
**references** 15:14
  19:25 20:13
**referencing** 18:23
**referred** 20:2 33:18
**reflect** 30:13
**reflected** 45:22
**reflects** 24:20 30:14
**regards** 44:17
**register** 16:2,9
**regulatory** 19:11
**reiterated** 30:19
**Reject** 2:15
**relate** 7:10
**related** 21:20 25:22
  35:5
**relates** 14:11
**relating** 18:25 22:1
  34:22
**relationship** 37:12

**relative** 27:24
**release** 20:4 24:19
  24:19 33:16 39:18
  39:21
**released** 16:21 18:6
  18:9
**releases** 17:5 18:12
**relevant** 34:13
**relief** 7:17 11:7 12:5
  17:9 44:1,6,12,15
  44:17 45:12,14
  46:2,17,18 47:2,10
  50:10,13,16
**reliefs** 45:25
**rely** 9:12
**remaining** 33:13
  46:22
**remains** 21:12 45:7
**Remind** 40:24
**removal** 8:2,8 42:16
**Remove** 2:19
**removed** 42:12
**render** 39:5
**renegotiating** 23:17
**reorganization**
  20:14
**reply** 44:8 46:9 47:5
**report** 15:20 47:25
**represent** 13:21,22
  24:13
**representative**
  24:19,19
**representatives** 9:10
  32:11
**represented** 22:3,10
  24:1 27:23 30:11
  31:21
**representing** 15:7
**represents** 21:17
  40:12
**request** 14:9
**requested** 12:5
  47:21
**requesting** 22:1
  44:12 46:17
**require** 38:22

**required** 17:5 32:2
  38:7
**res** 41:6
**reserved** 43:16,21
**resolution** 18:12
  20:25 23:17 40:8
**resolve** 16:10
**resolved** 16:16 17:2
  18:6,9 33:14 36:13
  37:9,17
**resolves** 7:20 24:9
**Resource** 13:4
**Resources** 44:25
**respect** 3:4 8:25
  12:8,13,14 13:5
  14:7 15:10,13
  16:10 21:18 22:7
  22:11,12 24:13
  30:20 34:24,25
  42:25 43:24 44:6
  44:12,16,25 46:5
  46:10,16,22
**respective** 15:8
  19:10 30:14
**respectively** 13:25
  14:21
**respects** 39:22 40:19
**response** 45:10
  46:14 47:3
**responses** 43:21,21
  43:24 45:4 46:5,6
**rest** 8:12
**restructuring** 13:7
**result** 32:9
**resulted** 30:13
**resulting** 41:13
**retired** 21:10
**retiree** 3:11 22:2
**retirees** 22:3,10
  23:13 24:12
**retirement** 11:23
**retirements** 28:15
**review** 15:5 35:2
**reviewed** 8:11,18
  9:4 14:1 19:11
  26:16 27:17 30:23

41:11
**reviewing** 27:15
  32:10
**revised** 43:5
**revisions** 42:2,3,6
**right** 9:15 12:22
  13:16 14:3 17:6,17
  17:25 18:4 19:18
  20:22 22:25 23:22
  24:13,22 25:4,9,9
  25:10,24 26:10
  27:7 30:6 34:15
  38:25 39:6,6,13
  40:2,6,8 43:3
  48:15,21
**rights** 11:14,15
  16:20,21 17:14
  24:18,24 30:12,14
  42:15
**River** 5:22
**Robbins** 5:25 19:20
  19:23
**ROBERT** 1:23
**room** 21:7
**Rosen** 48:3,6
**rough** 29:21
**rules** 25:3 40:6
**RULINGS** 49:11
  50:3

---

**S**

**S** 4:1 6:15 7:1 49:4
**Safety** 12:13
**sale** 2:22,23,23 31:8
  31:11,17 33:7,9,11
  33:16,25 34:22,25
  35:8,10 36:16,21
  40:9,13,23 41:15
**sales** 31:16 32:15
**Sanders** 41:21
**satisfactory** 42:5
**Saturday** 29:13
**savings** 32:21
**saw** 42:10
**says** 10:3 19:5
**schedule** 36:24

42:12
**schedules** 34:12
**scheme** 48:5
**Seal** 2:11
**Seamans** 47:4
**Secadi** 23:8
**second** 8:22 15:19
  25:2 27:22 30:18
  31:9 35:8 37:20
  42:10
**Section** 8:20 12:3
  14:17,18,21 18:21
  20:1,2 24:9,15,16
  26:23 30:21 38:6,9
**sections** 19:2
**security** 2:11 28:18
**see** 15:25 19:18 20:5
  39:7
**seek** 31:10 36:25
  44:1 46:20
**seeking** 11:7 35:12
  37:10 43:22 44:3,6
  45:3,9 46:23
**Segal** 4:18,18 47:19
  47:19
**SEIDER** 5:17
**self-evident** 18:3
**sellers** 32:22,22
**send** 23:12
**sense** 28:16 29:4
**sent** 23:7,10,13
**separately** 11:21
  17:1 45:7
**September** 19:3
  36:2 37:11 46:13
  46:14
**series** 12:1 33:3
**service** 33:23 43:16
**Services** 35:3
**set** 14:20 26:25 27:1
  29:1 41:16
**sets** 11:5
**setting** 2:23 31:17
**settled** 48:4
**settlement** 12:2,3,7
  12:9 14:15,18,19

20:21 23:25 24:3,5
  24:11,17 25:14,18
  26:23 28:1,4,21,22
  30:8,14,20 48:7,16
**settlements** 20:1
**seventeenth** 3:1
  43:13 44:15 50:10
**seventh** 37:2
**seventy-five** 32:16
  32:25
**share** 11:3
**Sheehan** 13:2,6,8
  14:4 26:3,5,12
  33:25 49:8
**sheet** 22:5 33:10
**sheets** 34:7,12,12
**shift** 29:13
**shortly** 21:24
**show** 43:4
**showing** 33:9
**SHRIVER** 6:18
**sign** 18:13 34:11
**Signature** 51:10
**signed** 9:22,24 13:2
  13:22
**significant** 28:12
  29:4 32:16
**similar** 16:1 38:12
**Similarly** 26:1
**simply** 14:13,25
  29:25 36:3 38:6
  39:20,24
**sit** 29:6
**six** 11:20 12:1 27:21
**sixth** 36:21
**six-day** 48:1
**size** 27:24
**Skadden** 4:2,10 7:4
**SLATE** 4:2,10
**sleepy** 13:19
**slim** 21:11
**small** 22:8
**sold** 36:19
**sole** 33:13
**Solutions** 31:20
  37:16 41:22

**somebody** 16:25
**sorry** 23:23
**sort** 16:7 32:21
　35:19 38:16
**sorting** 16:22
**sought** 44:15 45:12
　46:18 47:2,10
**sound** 51:6
**SOUTHERN** 1:3
**speak** 27:8
**Specialized** 35:3
**specific** 18:25 20:15
　23:20
**specifically** 14:24
　23:18
**spirited** 29:17
**sponsored** 28:25
**Square** 4:12
**Squire** 41:21
**squishy** 10:19
**stake** 8:19
**stakeholders** 27:18
**stalking** 32:17 33:21
　34:10
**state** 6:12 19:11
　42:3,14
**stated** 38:6
**statement** 14:10
　21:17
**statements** 45:15
**states** 1:2 39:19
**status** 29:7,8
**statute** 3:4 8:24
　24:24 25:6,7 29:5
**statutory** 8:12,19
　9:9 27:17 32:3,12
**stay** 8:10 31:5,5
**steelworkers** 13:11
**STEINGART** 6:23
**stewards** 21:8
**stipulation** 9:21
　10:2 35:22 36:4
　46:4
**stipulations** 3:4 8:24
**STN** 7:10
**strains** 21:3

**Street** 6:12
**stressors** 21:3
**subject** 9:7 10:18
　12:6 15:22 40:6
　43:18
**submitted** 25:15
　30:25 31:20 34:11
　34:14 39:12
**subsequent** 43:16
**subsequently** 21:5
　25:2
**substance** 38:13
　45:12 47:2
**substantial** 28:17
　29:25
**substantially** 28:10
**Substantive** 2:8
**successful** 31:12
　32:14 33:1 40:1
**sufficient** 29:19
**suggested** 23:8
**suggestion** 28:22
**sum** 45:12 47:2
**summarized** 46:8
**summary** 33:10,14
　46:17
**Sunday** 29:17
**superseded** 44:23
**supervision** 48:2
**Supplemental** 2:11
**supplementary**
　11:23
**Supplies** 35:3
**support** 2:12 13:12
　22:23 23:1 26:8
　33:25 40:13 45:21
**sure** 15:1 21:6
**survived** 28:16
　29:20
**SUSAN** 6:7
**S.C** 5:20
**S.D.N.Y** 39:8

___

**T**

**T** 49:4 51:2,2
**table** 13:15

**Taft-Hartley** 28:19
**take** 7:6,21,24 17:7
　28:13 48:10,16
**taken** 40:5
**takes** 39:2
**taxing** 43:18 45:23
**Technology** 47:4
**telephone** 31:22
**telephonic** 41:24
**tell** 10:20
**term** 19:5 22:5 34:6
**terminate** 24:22
　25:4
**terminating** 8:9
**termination** 24:12
　25:9 42:24
**terms** 12:6 22:9
　25:20 27:3,14 38:3
　40:10
**testimony** 13:23
　26:8
**thank** 8:15 11:9,17
　12:25 14:6 19:23
　21:13 25:16 26:13
　30:6 31:1,2 34:20
　39:14 41:18,23
　43:1,10,11 44:19
　45:17 47:12 48:17
　48:21
**Thanks** 7:23 43:7
**thing** 18:3 25:20
**things** 21:15 31:15
　34:8 45:25 46:1
**think** 9:12 10:7,14
　11:3 14:19 16:8
　18:2,9,13,16 19:17
　22:8,14 25:5,6,9
　27:12 28:5 29:17
　38:19 40:11 41:9
　41:11
**third** 5:14 7:25
**thirteen** 17:23 33:4
**thirty** 7:20 8:9 46:20
**THOMAS** 6:6
**thought** 10:18
**three** 12:1 41:24

45:4 48:5
**thy** 37:1
**time** 2:18 33:20 36:3
　38:2 46:15 48:7
**timely** 45:25
**times** 4:12 24:4
**today** 9:20 12:5 13:9
　13:18,21 26:5,6
　30:25 31:22 32:24
　34:5 35:25 40:7,17
　42:22 44:1 45:9
　46:17 48:12
**today's** 47:22
**Togut** 4:18 47:19
**toll** 8:24 11:12
**tolling** 3:4 9:17,17
　10:1 11:13
**Tom** 40:17
**Tool** 12:16
**top** 15:22
**Tosoh** 37:7,12,12
**total** 46:23
**track** 44:2,9 46:9
　47:7 48:8
**tracks** 24:17
**trading** 35:15
**Train** 12:14
**transaction** 33:25
　41:8,13
**transactions** 17:4
　18:10
**transcriber** 51:4,10
**transcript** 32:7
　33:17 51:5
**treatment** 20:3
**TRIAL** 3:16
**tried** 11:2
**try** 23:5
**trying** 21:7
**twenty-eight** 37:3
**twenty-six** 22:9
　23:19 43:24,24
**two** 7:9,24 10:9,13
　14:2,11 21:15
　29:11 32:12 45:6
**two-step** 31:9

**typed** 51:13

**U**

**UAW** 23:8
**UELMEN** 5:20
**ultimately** 37:17
**Umicore** 5:2 31:12
  32:4,13 33:1,8,21
  40:16,18,20,24
  41:8
**Umicore's** 31:17
  42:18
**Umicore/Delphi**
  42:13
**unable** 35:25
**underlying** 24:2
  30:15 37:9 41:15
**understand** 10:9
  26:17
**understanding** 3:8
  3:13 11:20 12:7,17
  20:12 21:17,22
  23:15 24:2 25:22
  29:2 36:6 37:11
  49:21
**understood** 30:11
**undocketed** 45:7
**unenforceable** 39:5
**union** 3:16 9:10
  12:10 13:6,10
  15:10 16:10,20
  18:1 22:10 23:10
  24:4,7 26:18 27:23
  27:24,25 28:2,3,20
  30:16 47:14 48:12
**unions** 11:20,20
  12:1,3,8 14:23
  15:7,20,21 16:12
  16:16,25 17:10
  18:15,16 19:10,14
  21:18 22:15 23:18
  23:25 27:21 28:2,4
**union's** 28:25
**UNITED** 1:2
**University** 6:3
**unopposed** 11:5,25

13:13 25:19 44:14
  45:14
**unsecured** 2:2 5:13
  16:5
**urging** 28:23
**USA** 40:18
**use** 36:3
**USW** 13:11 26:5
**U.S** 1:15,24 11:20
  12:1,3 37:16
**U.S.C** 28:19

**V**

**v** 3:16
**vague** 10:19
**value** 32:22,22
**vanilla** 43:6
**various** 15:12 23:17
  28:13 30:22 33:22
  34:4,12
**vice** 13:6 40:17
**vice-president** 13:4
**view** 29:22 35:15
  45:20
**virtue** 42:15
**voluntarily** 28:22
**voted** 29:11
**voting** 29:12,14,14
**vulnerable** 21:2

**W**

**W** 5:8
**Wacker** 4:4
**waive** 11:14 42:14
**waived** 16:12 21:22
  26:20 27:6
**waiver** 14:12,22
  17:11 20:1,6,12
  26:25 27:9
**waivers** 18:12
**waiving** 11:15 14:23
  17:14
**want** 10:23,24 14:3
  14:7,13 15:1 19:21
  20:23 21:23 22:13
  26:11 31:5 33:17

39:20,25 40:9
  41:23 42:3 47:2
**wanted** 14:9 15:13
  15:19 18:3 19:6,24
  28:6 36:3 39:17
  41:3 42:14
**wants** 43:4
**Warren** 29:12,16
**Washington** 5:4
**WATKINS** 5:11
**way** 13:8 14:16 15:2
  39:10
**Wayne** 48:2
**ways** 24:4
**weekend** 30:5
**welfare** 3:11 22:2
**went** 9:15 23:13
  32:5
**West** 4:4
**we'll** 21:24 32:6 44:2
  46:14,15 48:10
**we're** 16:7,16 18:7
  18:22 19:16 21:19
  28:23 29:23 30:4
  31:4 35:11 37:10
  40:21 44:1,2 45:9
  46:17,23
**we've** 8:11 16:23,24
  18:7 19:16 22:14
  23:9,9 28:18,21
  46:12
**Wisconsin** 5:23
**withdraw** 44:24
**withdrawal** 36:15
**withdrawn** 12:6
  35:7,11
**withdrew** 36:20
  37:1,14,18
**WM** 4:7
**word** 20:11
**work** 20:24 23:5
**worked** 11:1 19:24
  23:3,4
**workers** 12:12,16
  23:14
**working** 18:7 21:5

42:1
**works** 38:11
**world** 30:3
**worth** 28:9 44:3
**write** 11:3

**X**

**x** 1:6,13 49:2,4 50:2

**Y**

**Yeah** 34:3
**year** 8:21 31:18 32:1
**yesterday** 42:11
  45:8 46:9
**York** 1:3,17,17 4:13
  4:13,21,21 5:3,15
  5:15 6:4,4,13,13
  6:20,21,21 32:8

**$**

**$11,530.14** 35:21
**$2,126,226.63** 36:14

**0**

**05-44481** 1:4
**07-01435** 1:5 47:16

**1**

**1** 7:10 12:22,23 15:9
  15:23 25:25 33:6
  49:6
**1-13** 49:9
**1-14** 34:18
**1.7** 16:4,18
**10** 12:16 14:14 17:9
  33:18 44:20 46:14
**10:05** 1:20
**10003** 6:4
**10004** 6:13,21
**10022** 5:15
**10036** 4:13
**101** 46:4,7
**101S** 12:11
**101(s)** 14:17
**10119** 4:21
**108** 8:20
**11** 17:20 26:19,25

33:20 45:18 49:15
50:16
**11:17** 48:22
**1113** 11:23 12:4 24:9
25:18 30:21
**1114** 11:23 12:4 24:9
24:21 25:3,18
30:21
**113** 6:3
**12** 33:21 47:13 49:6
**13** 9:19 33:22 49:13
**137** 46:22
**14** 19:3 33:24 39:19
43:1 49:7
**14th** 8:21
**15** 29:1 49:18
**1555** 5:22
**15692** 47:5
**16** 1:19 33:7,10
50:13
**16506** 46:11
**16609** 44:25
**167** 46:18
**17** 6:12 18:23
**17.1** 46:25
**18** 50:10
**18S** 12:10
**186(c)(2)** 28:20
**193,000** 45:1

**2**

**2** 7:10 13:24 14:5
26:1,2,11 27:1
33:8 49:7
**2.1** 43:23
**20** 51:9
**20001** 5:4
**2006** 12:4 37:11
**2007** 1:19 7:5 33:8
33:10 39:8,19 43:1
46:13,14 51:9
**2008** 8:6
**2011** 19:3
**21st** 7:5
**24.9** 46:23,25
**25** 49:18,21

**25th** 7:15
**269** 45:20 46:3
**27** 46:13
**27th** 48:6
**29** 8:6 28:19

**3**

**3** 7:25 13:25 14:5
26:2,3,11 33:8
35:12 49:7
**3rd** 32:1
**30** 49:21
**333** 4:4
**34** 49:9
**359** 39:7
**363(b)** 24:16
**365(d)(4)** 8:1,7
**365(f)** 38:10 39:13
**365(f)(1)** 38:6 39:5

**4**

**4** 8:2 13:14 33:9
36:9 46:14
**4.2** 43:23
**43** 50:7
**43.8** 46:21
**44** 50:10
**45** 50:13
**47** 50:16
**4718** 7:12

**5**

**5** 7:16 8:16 10:8
33:10
**5th** 33:20
**502(d)** 11:14,16
**51.7** 46:8
**5229** 7:13
**53212** 5:23
**546** 11:12
**55.6** 31:18
**58.1** 31:23
**580,600** 45:11

**6**

**6** 11:18,18,22 33:11

37:11 50:7
**6th** 36:2
**60606** 4:5
**65** 39:8
**663** 12:11,14
**68.7** 46:19
**685** 5:14

**7**

**7** 11:19 25:17 33:14
**7.6** 47:1
**70.5** 32:23 33:2
**717** 29:12
**78** 12:17

**8**

**8** 26:18,22 31:8
33:16 37:7 39:18
49:13,15
**8th** 8:21 32:6 33:18
**8,000** 28:9
**8179** 31:9
**8270** 43:14 44:13
**832S** 12:9
**8436** 31:14
**852,000** 45:5
**8592** 36:12
**8616** 44:22
**8617** 45:19
**8655** 36:18
**8669** 35:5
**868,000** 44:4
**8731** 36:21
**8760** 8:1
**8761** 8:3
**8877** 35:14
**8894** 36:13
**8904** 36:23
**8905** 8:18
**8906** 11:24
**8907** 25:19
**8977** 35:6
**8978** 47:4

**9**

**9** 33:17

**901** 5:3
**9019** 24:16
**9040** 35:11
**9060** 37:16
**9084** 37:5
**9086** 36:15
**9088** 37:19

**VERITEXT/NEW YORK REPORTING COMPANY**