# EXHIBIT J

**Hearing Date And Time: March 19, 2008 at 10:00 a.m.**
**Objection Deadline: March 12, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
       In re                   :    Chapter 11
                             :
DELPHI CORPORATION, et al.,     :    Case No. 05-44481 (RDD)
                             :
                             :    (Jointly Administered)
           Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection

With Preservation Of Estate Claims Procedures Order (Docket No. 9105) (the "Motion"), and

respectfully represent as follows:

<u>Background</u>

A.      <u>The Chapter 11 Filings</u>

1.      On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code

sections 1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.      No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.      On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization

Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket

No. 9263) and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of

Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket

No. 9264).  Subsequently, on December 10, 2007, the Debtors filed the First Amended Joint Plan

Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-

Possession  (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with

2

respect to the Plan (Docket No. 11388) (the "Disclosure Statement").  The Court entered an

order approving the adequacy of the Disclosure Statement and granting the related solicitation

procedures motion on December 10, 2007 (Docket No. 11389).  On January 25, 2008, the Court

entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation

Order"), which became a final order on February 4, 2008.

4.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

5.       The statutory predicates for the relief requested herein are rules 7004 and

9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 4(m) of

the Federal Rules of Civil Procedure.

B.       Current Business Operations Of The Debtors

6.       Delphi and its subsidiaries and affiliates (collectively, the "Company") as

of December 31, 2007 had global net sales of $22.3 billion and global assets of approximately

$13.7 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and have continued their business operations without supervision from the Court.[2]

---

[1]    The aggregated financial data used herein generally consists of consolidated information from Delphi and its
       worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 19, 2008.

[2]    On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core
       automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency
       proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso
       receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of
       which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31,
       2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing
       footprint and to lower its overall cost structure.

7.        The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer ("OEM").

8.        Delphi was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.        Events Leading To The Chapter 11 Filing

9.        In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in calendar year 2004 was $482 million.

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

10.      The Debtors believe that the Company's financial performance

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which

have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production

environment for domestic OEMs resulting in the reduced number of motor vehicles that GM

produces annually in the United States and related pricing pressures, and (iii) increasing

commodity prices.

11.      In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.      The Debtors' Transformation Plan

12.      On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business; second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company; third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

5

make the necessary manufacturing alignment with their new focus; fourth, transforming their salaried workforce to ensure that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable solution to their current pension situation.

E.     Confirmation Of The Debtors' Plan Of Reorganization

13.    The confirmed Plan is based upon a series of global settlements and compromises that involve nearly every major constituency in the Debtors' reorganization cases. The Global Settlement Agreement and the Master Restructuring Agreement provide for a comprehensive settlement with GM, and both agreements were approved by this Court in the Confirmation Order.  With the Plan confirmed, the Debtors are focusing their efforts on satisfying the conditions for the Plan to become effective and allow them to emerge from chapter 11.  The Debtors anticipate having the Plan become effective as soon as reasonably practicable.

14.    Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

F.     The Establishment Of Procedures to Preserve Estate Claims

15.    Before the confirmation of the Debtors' Plan, this Court entered on August 16, 2007 that certain Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing

6

Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under

11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Order")

(Docket No. 9105).

     16.  The purpose of the Preservation Of Estate Claims Procedures Order was

two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue (or abandon)

certain avoidance actions before the then-impending expiration of the two-year statute of

limitations to file such actions; on the other hand, it established procedures to avoid having to

force all potential defendants to retain counsel and defend against the adversary proceedings

when, in fact, the Debtors anticipated that most of them would be resolved upon the Debtors'

emergence from chapter 11 and thus never pursued.  To that end, the Preservation Of Estate

Claims Procedures Order (i) allowed the Debtors to file adversary proceeding complaints under

seal, (ii) directed the Clerk of Court to delay issuing summonses for complaints unless and until

the Debtors notified the Clerk of Court of their intent to prosecute such actions, (iii) stayed each

adversary action unless and until the Debtors make service of process on the respective

defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors

would have to serve process to March 31, 2008, which was less than 60 days beyond the 120-day

deadline, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).

Such relief was intended to allow the Debtors to preserve potentially valuable assets without

disrupting the Plan process or business relationships or prejudicing the rights of any defendants.

     17.  In accordance with the Preservation Of Estate Claims Procedures Order,

the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by filing

complaints under seal.  On January 25, 2008, the Court entered the Confirmation Order.  Under

the Plan, the Debtors will not retain any of the causes of action asserted in the Adversary

Proceedings except those specifically listed on Exhibit 7.24 to the Plan.[4]

Relief Requested

18.    By this Motion, the Debtors request entry of an order under Bankruptcy

Rule 9006(b)(1) and Federal Rule Of Civil Procedure 4(m), made applicable by Bankruptcy

Rule 7004(a), to extend the deadline by which the Debtors would be required to serve a

summons and complaint upon each defendant under the Preservation Of Estate Claims

Procedures Order.  Specifically, the Debtors request that the existing March 31, 2008 service

deadline set forth in the Preservation Of Estate Claims Procedures Order be extended by two

months to May 31, 2008.  The Debtors accordingly request that the Court enter the proposed

Extension of Avoidance Action Service Deadline Order, a copy of which is annexed hereto as

Exhibit A.

Basis For Relief

19.    The Debtors intend to emerge from chapter 11 as soon as reasonably

practicable.  Under the Preservation Of Estate Claims Procedures Order, however, the Debtors'

current deadline to serve the summons and complaint on every defendant in the Adversary

Proceedings is March 31, 2008.  To meet the March 31, 2008 deadline for each of the defendants,

the Debtors would first have to request that the Clerk of Court issue in the coming weeks

summonses for each of the 742 Adversary Proceedings to allow enough time for the summonses

to be issued and subsequently served with the complaints by the March 31, 2008 deadline.

---

[4]    Of the five categories of claims listed by the Debtors on Exhibit 7.24 to the Plan, only the claims relating to
Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their
affiliates and subsidiaries are subject to the Preservation Of Estate Claims Procedures Order.  (See Exhibit 7.24
to the Plan (Docket No. 11608).)

8

20.     Contemplating that further extensions may be necessary to achieve the goals of the Preservation Of Estate Claims Procedures Order, that order expressly provided that the Debtors' previous extension of the deadline for services of process was "without prejudice [to the Debtors' ability] to seek further extensions" if appropriate.  (See Preservation Of Estate Claims Procedures Order ¶ 8.)

21.     The Debtors now believe that the short two-month extension of the Fed. R. Civ. P. 4(m) deadline that is requested in this Motion is appropriate, and that there is good cause for such an extension.  Such an extension would enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations.  Moreover, the requested limited extension would reduce the administrative and economic burdens of the Adversary Proceedings on the Debtors, the Court, the Clerk of Court, and the potential defendants.  Specifically, the Debtors believe that the resources that they, the Court, the Clerk of Court, and the defendants would need to expend on issuing and serving 742 summonses and complaints in the Adversary Proceedings at this time—and the potential need thereafter to prosecute and defend such adversary proceedings—would not be in the best interests of the Debtors' estates, the Debtors' stakeholders, and other parties-in-interest because most of the Adversary Proceedings will not be prosecuted once the Plan becomes effective.  The Debtors submit that these reasons comprise good cause for the requested extension.

Applicable Authority

22.     The Bankruptcy Rules and Federal Rules of Civil Procedure grant this Court discretion to adopt and implement guidelines which will aid in the administration of Adversary Proceedings, including discretion to grant the proposed extension of the service of

process deadline.  See In re Sheehan, 253 F.3d 507, 511 (9th Cir. 2001) ("The time for service in

an adversary proceeding may be extended under two different rules: Rule 4(m) of the Federal

Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

23.     Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to

perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be

done at or within a specified period by these rules or by a notice given thereunder or by order of

court, the court for cause shown may at any time in its discretion . . . order the period enlarged if

the request therefor is made before the expiration of the period originally prescribed or as

extended by a previous order . . . ."  Fed. R. Bankr. P. 9006(b)(1).

24.     Moreover, Fed. R. Civil P. 4(m), made applicable here by Bankruptcy

Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of

process after the filing of a complaint.  See Bank of Cape Verde v. Bronson, 167 F.R.D. 370,

371-72 (S.D.N.Y. 1996) (good cause existed when future events would have likely "obviated the

need to serve the [] complaint" and when plaintiff requested extension before Fed. R. Civ. P. 4(m)

deadline expired).  Even absent good cause, this Court has discretion to extend the 120-day

service period.  See Mejia v. Castle Hotel Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996).

25.     The Debtors accordingly request that the Court enter the proposed order,

annexed hereto as Exhibit A, which would extend by two months (i.e., from March 31, 2008 to

May 31, 2008) the Debtors' Fed. R. Civ. P. 4(m) deadline to serve each defendant in the

Adversary Proceedings commenced in connection with the Preservation Of Estate Claims

Procedures Order with a summons and a copy of the complaint, without prejudice to the Debtors' right to seek further extensions of the deadline.[5]

## Notice Of Motion

26.     Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487).  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

27.     Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

---

[5]    Similar relief was granted in In re Ames Dep't Stores, Inc., No. 01-42217 (REG) (Bankr. S.D.N.Y. Feb. 3, 2004).  (See Order Extending Time For Service Of Process With Respect To Certain Preference Actions (Docket No. 2524).)

WHEREFORE the Debtors respectfully request that the Court enter an order

(a) granting the relief requested herein and (b) granting the Debtors such other and further relief

as is just.

Dated:   New York, New York
         February 28, 2008

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 9331)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

      - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

12

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
      In re                              :      Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,                :      Case No. 05-44481 (RDD)
                                          :
              Debtors.          :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE ORDER")

          Upon the unopposed motion, dated February 28, 2008 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105); and upon the record of the hearing held on the Motion; and this

Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given, and it appearing that the notice

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

of the presentment of this order has been given in accordance with this Court's direction

and Local Rule 9074-1 to the parties in the adversary proceeding that is subject to the

Preservation of Estate Claims Procedures Order and listed on Exhibit 7.24 of the Debtors'

Plan, and it appearing that no other or further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Paragraph 8 of the Preservation Of Estate Claims Procedures Order

is hereby modified so that the time under Federal Rule of Civil Procedure 4(m) by which

the Debtors must serve a defendant in the Adversary Proceedings with a summons and

complaint is further extended to May 31, 2008, without prejudice to the Debtors' right to

seek further extensions.  The Debtors shall serve a copy of this order upon each defendant

in any Adversary Proceeding either when the Debtors serve a summons and complaint on

such defendant or as soon thereafter as practicable.  All other provisions of the

Preservation Of Estate Claims Procedures Order shall remain in effect.

3.      This order shall be deemed entered in each of the Adversary

Proceedings.

4.      The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

---

[2]    The Adversary Proceedings are listed by adversary proceeding number on Exhibit A attached hereto.

2

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        March 28, 2008

            /s/ Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE

3

# Exhibit A

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02209 | 07-02251 |
| 07-02084 | 07-02213 | 07-02255 |
| 07-02090 | 07-02214 | 07-02259 |
| 07-02096 | 07-02219 | 07-02261 |
| 07-02101 | 07-02224 | 07-02265 |
| 07-02106 | 07-02227 | 07-02267 |
| 07-02115 | 07-02231 | 07-02270 |
| 07-02120 | 07-02077 | 07-02273 |
| 07-02124 | 07-02080 | 07-02276 |
| 07-02138 | 07-02083 | 07-02277 |
| 07-02142 | 07-02091 | 07-02280 |
| 07-02147 | 07-02095 | 07-02281 |
| 07-02150 | 07-02102 | 07-02282 |
| 07-02154 | 07-02105 | 07-02283 |
| 07-02157 | 07-02112 | 07-02284 |
| 07-02163 | 07-02117 | 07-02288 |
| 07-02170 | 07-02123 | 07-02291 |
| 07-02184 | 07-02125 | 07-02293 |
| 07-02190 | 07-02128 | 07-02074 |
| 07-02198 | 07-02130 | 07-02078 |
| 07-02202 | 07-02135 | 07-02082 |
| 07-02204 | 07-02137 | 07-02085 |
| 07-02208 | 07-02143 | 07-02089 |
| 07-02076 | 07-02148 | 07-02093 |
| 07-02081 | 07-02152 | 07-02108 |
| 07-02087 | 07-02159 | 07-02114 |
| 07-02097 | 07-02165 | 07-02119 |
| 07-02104 | 07-02169 | 07-02122 |
| 07-02112 | 07-02174 | 07-02126 |
| 07-02132 | 07-02175 | 07-02129 |
| 07-02140 | 07-02182 | 07-02131 |
| 07-02145 | 07-02189 | 07-02136 |
| 07-02153 | 07-02196 | 07-02141 |
| 07-02160 | 07-02200 | 07-02146 |
| 07-02166 | 07-02088 | 07-02151 |
| 07-02171 | 07-02094 | 07-02156 |
| 07-02180 | 07-02099 | 07-02158 |
| 07-02186 | 07-02103 | 07-02164 |
| 07-02191 | 07-02109 | 07-02167 |
| 07-02195 | 07-02110 | 07-02172 |
| 07-02201 | 07-02239 | 07-02176 |
| 07-02205 | 07-02244 | 07-02179 |
| 07-02207 | 07-02248 | 07-02183 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02187 | 07-02107 | 07-02334 |
| 07-02193 | 07-02111 | 07-02337 |
| 07-02233 | 07-02118 | 07-02340 |
| 07-02238 | 07-02107 | 07-02346 |
| 07-02243 | 07-02149 | 07-02350 |
| 07-02247 | 07-02162 | 07-02354 |
| 07-02249 | 07-02173 | 07-02359 |
| 07-02253 | 07-02178 | 07-02237 |
| 07-02257 | 07-02185 | 07-02240 |
| 07-02263 | 07-02192 | 07-02246 |
| 07-02075 | 07-02197 | 07-02258 |
| 07-02086 | 07-02203 | 07-02264 |
| 07-02100 | 07-02211 | 07-02271 |
| 07-02116 | 07-02214 | 07-02274 |
| 07-02121 | 07-02218 | 07-02279 |
| 07-02127 | 07-02223 | 07-02285 |
| 07-02133 | 07-02229 | 07-02289 |
| 07-02139 | 07-02232 | 07-02294 |
| 07-02144 | 07-02234 | 07-02298 |
| 07-02155 | 07-02236 | 07-02302 |
| 07-02161 | 07-02242 | 07-02312 |
| 07-02168 | 07-02215 | 07-02316 |
| 07-02177 | 07-02220 | 07-02324 |
| 07-02181 | 07-02222 | 07-02330 |
| 07-02188 | 07-02226 | 07-02336 |
| 07-02194 | 07-02230 | 07-02342 |
| 07-02199 | 07-02252 | 07-02347 |
| 07-02206 | 07-02256 | 07-02783 |
| 07-02210 | 07-02262 | 07-02355 |
| 07-02212 | 07-02266 | 07-02361 |
| 07-02217 | 07-02269 | 07-02367 |
| 07-02221 | 07-02272 | 07-02373 |
| 07-02225 | 07-02275 | 07-02379 |
| 07-02228 | 07-02278 | 07-02397 |
| 07-02235 | 07-02299 | 07-02405 |
| 07-02241 | 07-02303 | 07-02268 |
| 07-02245 | 07-02306 | 07-02296 |
| 07-02250 | 07-02309 | 07-02304 |
| 07-02254 | 07-02314 | 07-02308 |
| 07-02260 | 07-02318 | 07-02311 |
| 07-02079 | 07-02321 | 07-02315 |
| 07-02092 | 07-02326 | 07-02320 |
| 07-02098 | 07-02329 | 07-02323 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02328 | 07-02485 | 07-02706 |
| 07-02333 | 07-02488 | 07-02708 |
| 07-02784 | 07-02490 | 07-02710 |
| 07-02338 | 07-02493 | 07-02712 |
| 07-02341 | 07-02497 | 07-02714 |
| 07-02345 | 07-02499 | 07-02715 |
| 07-02349 | 07-02503 | 07-02717 |
| 07-02351 | 07-02506 | 07-02718 |
| 07-02356 | 07-02510 | 07-02719 |
| 07-02360 | 07-02513 | 07-02720 |
| 07-02363 | 07-02517 | 07-02721 |
| 07-02364 | 07-02521 | 07-02723 |
| 07-02369 | 07-02525 | 07-02726 |
| 07-02374 | 07-02528 | 07-02728 |
| 07-02377 | 07-02532 | 07-02730 |
| 07-02382 | 07-02535 | 07-02732 |
| 07-02384 | 07-02538 | 07-02734 |
| 07-02386 | 07-02544 | 07-02736 |
| 07-02388 | 07-02547 | 07-02738 |
| 07-02390 | 07-02549 | 07-02739 |
| 07-02392 | 07-02286 | 07-02741 |
| 07-02393 | 07-02290 | 07-02743 |
| 07-02396 | 07-02295 | 07-02745 |
| 07-02402 | 07-02297 | 07-02747 |
| 07-02407 | 07-02301 | 07-02749 |
| 07-02417 | 07-02305 | 07-02751 |
| 07-02421 | 07-02310 | 07-02753 |
| 07-02430 | 07-02317 | 07-02754 |
| 07-02442 | 07-02322 | 07-02756 |
| 07-02445 | 07-02327 | 07-02758 |
| 07-02449 | 07-02332 | 07-02760 |
| 07-02452 | 07-02335 | 07-02761 |
| 07-02454 | 07-02343 | 07-02762 |
| 07-02458 | 07-02348 | 07-02764 |
| 07-02461 | 07-02352 | 07-02766 |
| 07-02464 | 07-02357 | 07-02368 |
| 07-02467 | 07-02362 | 07-02371 |
| 07-02470 | 07-02366 | 07-02375 |
| 07-02473 | 07-02372 | 07-02378 |
| 07-02475 | 07-02696 | 07-02381 |
| 07-02478 | 07-02701 | 07-02383 |
| 07-02481 | 07-02703 | 07-02785 |
| 07-02483 | 07-02704 | 07-02387 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02389 | 07-02498 | 07-02537 |
| 07-02391 | 07-02500 | 07-02540 |
| 07-02394 | 07-02504 | 07-02543 |
| 07-02398 | 07-02511 | 07-02545 |
| 07-02400 | 07-02515 | 07-02548 |
| 07-02401 | 07-02507 | 07-02559 |
| 07-02403 | 07-02520 | 07-02560 |
| 07-02406 | 07-02524 | 07-02561 |
| 07-02408 | 07-02527 | 07-02562 |
| 07-02410 | 07-02530 | 07-02563 |
| 07-02413 | 07-02533 | 07-02564 |
| 07-02416 | 07-02536 | 07-02565 |
| 07-02420 | 07-02541 | 07-02566 |
| 07-02423 | 07-02414 | 07-02567 |
| 07-02425 | 07-02418 | 07-02568 |
| 07-02428 | 07-02424 | 07-02569 |
| 07-02429 | 07-02427 | 07-02570 |
| 07-02432 | 07-02433 | 07-02571 |
| 07-02434 | 07-02435 | 07-02572 |
| 07-02436 | 07-02439 | 07-02573 |
| 07-02438 | 07-02447 | 07-02574 |
| 07-02441 | 07-02451 | 07-02575 |
| 07-02443 | 07-02455 | 07-02576 |
| 07-02446 | 07-02459 | 07-02577 |
| 07-02448 | 07-02462 | 07-02578 |
| 07-02450 | 07-02465 | 07-02580 |
| 07-02453 | 07-02469 | 07-02582 |
| 07-02456 | 07-02471 | 07-02583 |
| 07-02457 | 07-02476 | 07-02584 |
| 07-02460 | 07-02479 | 07-02585 |
| 07-02463 | 07-02482 | 07-02587 |
| 07-02786 | 07-02487 | 07-02589 |
| 07-02466 | 07-02491 | 07-02591 |
| 07-02468 | 07-02496 | 07-02287 |
| 07-02472 | 07-02501 | 07-02292 |
| 07-02474 | 07-02508 | 07-02300 |
| 07-02477 | 07-02512 | 07-02307 |
| 07-02480 | 07-02516 | 07-02313 |
| 07-02484 | 07-02518 | 07-02319 |
| 07-02486 | 07-02522 | 07-02325 |
| 07-02489 | 07-02526 | 07-02331 |
| 07-02492 | 07-02529 | 07-02339 |
| 07-02495 | 07-02531 | 07-02344 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02353 | 07-02755 | 07-02640 |
| 07-02358 | 07-02757 | 07-02641 |
| 07-02365 | 07-02759 | 07-02642 |
| 07-02370 | 07-02763 | 07-02643 |
| 07-02376 | 07-02765 | 07-02644 |
| 07-02380 | 07-02767 | 07-02645 |
| 07-02385 | 07-02768 | 07-02646 |
| 07-02395 | 07-02769 | 07-02647 |
| 07-02419 | 07-02770 | 07-02648 |
| 07-02689 | 07-02771 | 07-02649 |
| 07-02690 | 07-02772 | 07-02650 |
| 07-02691 | 07-02773 | 07-02651 |
| 07-02692 | 07-02774 | 07-02652 |
| 07-02693 | 07-02775 | 07-02653 |
| 07-02694 | 07-02776 | 07-02654 |
| 07-02695 | 07-02777 | 07-02655 |
| 07-02697 | 07-02778 | 07-02656 |
| 07-02698 | 07-02779 | 07-02657 |
| 07-02699 | 07-02617 | 07-02658 |
| 07-02700 | 07-02618 | 07-02659 |
| 07-02702 | 07-02619 | 07-02660 |
| 07-02705 | 07-02620 | 07-02661 |
| 07-02707 | 07-02621 | 07-02662 |
| 07-02709 | 07-02622 | 07-02663 |
| 07-02711 | 07-02623 | 07-02664 |
| 07-02713 | 07-02624 | 07-02665 |
| 07-02716 | 07-02625 | 07-02666 |
| 07-02722 | 07-02626 | 07-02667 |
| 07-02724 | 07-02627 | 07-02668 |
| 07-02725 | 07-02628 | 07-02669 |
| 07-02727 | 07-02629 | 07-02670 |
| 07-02729 | 07-02787 | 07-02671 |
| 07-02731 | 07-02630 | 07-02672 |
| 07-02733 | 07-02631 | 07-02673 |
| 07-02735 | 07-02788 | 07-02674 |
| 07-02737 | 07-02632 | 07-02675 |
| 07-02740 | 07-02633 | 07-02676 |
| 07-02742 | 07-02634 | 07-02677 |
| 07-02744 | 07-02635 | 07-02678 |
| 07-02746 | 07-02336 | 07-02679 |
| 07-02748 | 07-02637 | 07-02680 |
| 07-02750 | 07-02638 | 07-02681 |
| 07-02752 | 07-02639 | 07-02682 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02683 | 07-02588 | 07-02810 |
| 07-02684 | 07-02590 | 07-02811 |
| 07-02685 | 07-02592 | 07-02812 |
| 07-02686 | 07-02593 | 07-02813 |
| 07-02687 | 07-02594 | 07-02814 |
| 07-02688 | 07-02595 | 07-02815 |
| 07-02399 | 07-02596 | 07-02816 |
| 07-02404 | 07-02597 | 07-02817 |
| 07-02409 | 07-02598 | 07-02818 |
| 07-02411 | 07-02599 | 07-02819 |
| 07-02412 | 07-02600 | 07-02862 |
| 07-02415 | 07-02601 | |
| 07-02422 | 07-02602 | |
| 07-02426 | 07-02603 | |
| 07-02431 | 07-02604 | |
| 07-02437 | 07-02605 | |
| 07-02789 | 07-02606 | |
| 07-02440 | 07-02607 | |
| 07-02790 | 07-02608 | |
| 07-02444 | 07-02609 | |
| 07-02494 | 07-02610 | |
| 07-02502 | 07-02611 | |
| 07-02505 | 07-02612 | |
| 07-02509 | 07-02613 | |
| 07-02514 | 07-02614 | |
| 07-02519 | 07-02615 | |
| 07-02523 | 07-02616 | |
| 07-02534 | 07-02794 | |
| 07-02539 | 07-02803 | |
| 07-02542 | 07-02805 | |
| 07-02546 | 07-02797 | |
| 07-02550 | 07-02795 | |
| 07-02551 | 07-02796 | |
| 07-02552 | 07-02798 | |
| 07-02553 | 07-02799 | |
| 07-02554 | 07-02800 | |
| 07-02555 | 07-02801 | |
| 07-02556 | 07-02802 | |
| 07-02557 | 07-02804 | |
| 07-02558 | 07-02806 | |
| 07-02579 | 07-02807 | |
| 07-02581 | 07-02808 | |
| 07-02586 | 07-02809 | |

# EXHIBIT L

**Hearing Date And Time: April 30, 2008 at 10:00 a.m.**
**Objection Deadline: April 23, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

　　　- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
　　Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
　　　　　　　　　　　　　　　　　:
　　　In re　　　　　　　　　　　　:　　Chapter 11
　　　　　　　　　　　　　　　　　:
DELPHI CORPORATION, et al.,　　　:　　Case No. 05-44481 (RDD)
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:　　(Jointly Administered)
　　　　　　Debtors.　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (Docket No. 9105) (the "Motion"), and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108. This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases. On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors. On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (together with the official committee of unsecured creditors, the "Statutory Committees").

3.    On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No. 9263) and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No. 9264). Subsequently, on December 10, 2007, the Debtors filed the First Amended Joint Plan Of

2

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession  (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with respect to the Plan  (Docket No. 11388) (the "Disclosure Statement").  The Court entered an order approving the adequacy of the Disclosure Statement and granting the related solicitation procedures motion on December 10, 2007 (Docket No. 11389).  On January 25, 2008, the Court entered an order confirming the Plan, as modified  (Docket No. 12359) (the "Confirmation Order"), which became a final order on February 4, 2008.

4.     On April 4, 2008, the Debtors announced that although they had met the conditions required to substantially consummate the Plan, including obtaining $6.1 billion of exit financing, Delphi's Plan Investors (as defined in the Plan) refused to participate in a closing that was commenced but not completed and refused to fund their Investment Agreement (as defined in the Plan) with Delphi.  The Debtors are prepared to pursue actions with respect to the Plan Investors that are in the best interests of the Debtors and their stakeholders and are working with their stakeholders to achieve their goal of emerging from chapter 11 as soon as practicable.

5.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

6.     The statutory predicates for the relief requested herein are rules 7004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 4(m) of the Federal Rules of Civil Procedure.

B.     Current Business Operations Of The Debtors

7.     Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2007 had global net sales of $22.3 billion and global assets of approximately

3

$13.7 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and have continued their business operations without supervision from the Court.[2]

       8.     The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer ("OEM").

       9.     Delphi was incorporated in Delaware in 1998 as a wholly owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

---

[1]    The aggregated financial data used herein generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 19, 2008.

[2]    On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31, 2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3] Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

11.    The Debtors believe that the Company's financial performance deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production environment for domestic OEMs resulting in the reduced number of motor vehicles that GM produces annually in the United States and related pricing pressures, and (iii) increasing commodity prices.

12.    In light of these factors, the Company determined that it would be imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in calendar year 2004 was $482 million.

5

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.      The Debtors' Transformation Plan

        13.      On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business; second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company; third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

make the necessary manufacturing alignment with their new focus; fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable

solution to their current pension situation.

E.      Plan Confirmation And Postconfirmation Matters

        14.      The confirmed Plan is based upon a series of global settlements and

compromises that involve nearly every major constituency in the Debtors' reorganization cases.

The Global Settlement Agreement and the Master Restructuring Agreement provide for a

comprehensive settlement with GM, and both agreements were approved by this Court in the

Confirmation Order.  After the Plan was confirmed, the Debtors focused their efforts on

satisfying the conditions for the Plan to become effective.  The Debtors satisfied those conditions

and on April 4, 2008 began a formal closing process attended by representatives of GM, the exit

lenders, and the Statutory Committees.  The Plan Investors, however, refused to participate in the

closing or fund their obligations under the Investment Agreement. Instead, the Plan Investors

delivered written notices purporting to terminate the Investment Agreement based on both

alleged breaches by the Debtors and the failure of the Plan's effective date to occur by April 4,

2008. The Debtors are prepared to pursue actions against the Plan Investors that are in the best

interests of the Debtors and their stakeholders and are working with their stakeholders to

evaluate their options to move forward with emerging from chapter 11 as soon as reasonably

practicable.

15.    Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives. In the meantime, Delphi will marshal all of

its resources to continue to deliver high-quality products to its customers globally. Additionally,

the Company will preserve and continue the strategic growth of its non-U.S. operations and

maintain its prominence as the world's premier auto supplier.

F.    The Establishment Of Procedures to Preserve Estate Claims

16.    Before the confirmation of the Debtors' Plan, this Court on August 16,

2007 entered that certain Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And

546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into

Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing

Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing

Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under

11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Order")

(Docket No. 9105). On March 28, 2008, this Court entered the Order Pursuant To Fed. R. Bankr.

P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For

7

Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order

(Docket No. 13277) (the "Deadline Extension Order").

17.    The purpose of the Preservation Of Estate Claims Procedures Order was

two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue (or abandon)

certain avoidance actions before the then-impending expiration of the two-year statute of

limitations to file such actions; on the other hand, it established procedures to avoid having to

force all potential defendants to retain counsel and defend against the adversary proceedings

when, in fact, the Debtors anticipated that most of them would be resolved upon the Debtors'

emergence from chapter 11 and thus never pursued.  To that end, the Preservation Of Estate

Claims Procedures Order and the Deadline Extension Order (i) allowed the Debtors to file

adversary proceeding complaints under seal, (ii) directed the Clerk of Court to delay issuing

summonses for complaints unless and until the Debtors notified the Clerk of Court of their intent

to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors make

service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ.

P. 4(m) by which the Debtors would have to serve process to May 31, 2008, so that the

complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  Such relief was

intended to allow the Debtors to preserve potentially valuable assets without disrupting the Plan

process or business relationships or prejudicing the rights of any defendants.

18.    In accordance with the Preservation Of Estate Claims Procedures Order,

the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by filing

complaints under seal.  On January 25, 2008, the Court entered the Confirmation Order.  Under

the Plan, the Debtors will not retain any of the causes of action asserted in the Adversary Proceedings except those listed on Exhibit 7.24 to the Plan.[4]

Relief Requested

19.     By this Motion, the Debtors request entry of an order under Bankruptcy Rule 9006(b)(1) and Federal Rule Of Civil Procedure 4(m), made applicable by Bankruptcy Rule 7004(a), to further extend the deadline by which the Debtors would be required to serve a summons and complaint upon each defendant under the Preservation Of Estate Claims Procedures Order, as modified by the Deadline Extension Order.  Specifically, the Debtors request that the existing May 31, 2008 service deadline set forth in the Deadline Extension Order be extended to 30 days after substantial consummation of the Plan or any modified plan.  The Debtors accordingly request that the Court enter the proposed Postcomfirmation Extension Of Avoidance Action Service Deadline Order, a copy of which is annexed hereto as Exhibit A.

Basis For Relief

20.     As noted above, the Debtors are working with their stakeholders to develop a path for emerging from chapter 11 as soon as reasonably practicable.  Under the Deadline Extension Order, however, the Debtors' current deadline to serve the summons and complaint on every defendant in the Adversary Proceedings is May 31, 2008.  To meet the May 31, 2008 deadline for each of the defendants, the Debtors would first have to request that the Clerk of Court in the coming weeks issue summonses for each of the 742 Adversary Proceedings to allow enough time for the summonses to be issued and subsequently served with the complaints by the May 31, 2008 deadline.

---

[4]     Of the five categories of claims listed by the Debtors on Exhibit 7.24 to the Plan, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries are subject to the Preservation Of Estate Claims Procedures Order.  (See Exhibit 7.24 to the Plan (Docket No. 11608).)  Notice of this Motion has been provided to those entities.

21.    Contemplating that further extensions may be necessary to achieve the goals of the Preservation Of Estate Claims Procedures Order, that order and the Deadline Extension Order expressly provided that the Debtors' previous extension of the deadline for services of process was "without prejudice [to the Debtors' ability] to seek further extensions" if appropriate. (See Preservation Of Estate Claims Procedures Order ¶ 8; Deadline Extension Order ¶ 2.)

22.    The Debtors now believe that the extension of the Fed. R. Civ. P. 4(m) deadline that is requested in this Motion is appropriate, and that there is good cause for such an extension. Such an extension would enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations. Moreover, the requested extension would reduce the administrative and economic burdens of the Adversary Proceedings on the Debtors, the Court, the Clerk of Court, and the potential defendants. Specifically, the Debtors believe that the resources that they, the Court, the Clerk of Court, and the defendants would need to expend on issuing and serving 742 summonses and complaints in the Adversary Proceedings at this time— and the potential need thereafter to prosecute and defend such adversary proceedings—would not be in the best interests of the Debtors' estates, the Debtors' stakeholders, and other parties-in-interest because most of the Adversary Proceedings will not be prosecuted if the Plan were to become effective and likely will not be prosecuted under any modified plan. The Debtors submit that these reasons comprise good cause for the requested extension.

<u>Applicable Authority</u>

23.    The Bankruptcy Rules and Federal Rules of Civil Procedure grant this Court discretion to adopt and implement guidelines which will aid in the administration of

10

Adversary Proceedings, including discretion to grant the proposed extension of the service of process deadline. See Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007) (Rule 4(m) authorizes court to grant extensions of service period); In re Sheehan, 253 F.3d 507, 511 (9th Cir. 2001) ("The time for service in an adversary proceeding may be extended under two different rules: Rule 4(m) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

24.   Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Fed. R. Bankr. P. 9006(b)(1).

25.   Moreover, Fed. R. Civil P. 4(m), made applicable here by Bankruptcy Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of process after the filing of a complaint. See Bank of Cape Verde v. Bronson, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) (good cause existed when future events would likely have "obviated the need to serve the [] complaint" and when plaintiff requested extension before Fed. R. Civ. P. 4(m) deadline expired). Even absent good cause, this Court has discretion to extend the 120-day service period. See Zapata, 502 F.3d at 196; Mejia v. Castle Hotel Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996).

26.   The Debtors accordingly request that the Court enter the proposed order, annexed hereto as Exhibit A, which would extend until 30 days after substantial consummation of the Plan or any modified plan the Debtors' Fed. R. Civ. P. 4(m) deadline to serve each defendant in the Adversary Proceedings commenced in connection with the Preservation Of Estate Claims Procedures Order with a summons and a copy of the complaint, without prejudice

11

to the Debtors' right to seek further extensions of the deadline and without prejudice to the right

of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co. Inc. to seek a shortening of the deadline.

Notice Of Motion

27.     Although notice is not required by Fed. R. Bankr. P. 9006(b)(1), see Law

Debenture Trust Co. v. Calpine Corp. (In re Calpine Corp.), 356 B.R. 585, 595 (S.D.N.Y. 2007);

Kernisant v. City of New York, 225 F.R.D. 422, 431 n.13 (E.D.N.Y. 2005); Brady v. Marks, 7 F.

Supp. 2d 247, 255 (W.D.N.Y. 1998), notice of this Motion has been provided in accordance with

the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and

the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487).

Notice has also been provided to Laneko Engineering Co., Wachovia Bank, National Association,

and Laneko Engineering Co. Inc., against whom causes of action have been retained under the

confirmed Plan.  In light of the nature of the relief requested, the Debtors submit that no other or

further notice is necessary.

Memorandum Of Law

28.     Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

12

WHEREFORE the Debtors respectfully request that the Court enter an order (a) granting the relief requested herein and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
          April 10, 2008

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:    /s/ John Wm. Butler, Jr.
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 9331)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

   - and -

By:    /s/ Kayalyn A. Marafioti
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

     In re                    :     Chapter 11
                       :

DELPHI CORPORATION, et al.,     :     Case No. 05-44481 (RDD)
                       :

             Debtors.    :     (Jointly Administered)
                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND 9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

### ("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE ORDER")

Upon the motion, dated April 10, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under

Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal Rule of Civil

Procedure 4(m) to extend the deadline to serve process for Adversary Proceedings[1]

commenced in connection with the Preservation Of Estate Claims Procedures Order[2]

(Docket No. 9105), which deadline was previously extended to May 31, 2008 pursuant to

the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m)

To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on Exhibit A attached hereto.

Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline

Extension Order"); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given, and it appearing that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by First Deadline Extension Order, is hereby further modified so

that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve

a defendant in the Adversary Proceedings with a summons and complaint is further

extended until 30 days after substantial consummation of the Plan or any modified plan,

without prejudice to the Debtors' right to seek further extensions and without prejudice to

the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and

Laneko Engineering Co. Inc. to seek a shortening of the deadline. The Debtors shall serve

a copy of this order upon each defendant in any Adversary Proceeding either when the

Debtors serve a summons and complaint on such defendant or as soon thereafter as

practicable. All other provisions of the Preservation Of Estate Claims Procedures Order

shall remain in effect.

2

3.      This order shall be deemed entered in each of the Adversary

Proceedings.

4.      The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      April \_\_\_, 2008

_____
    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02191 | 07-02200 |
| 07-02084 | 07-02195 | 07-02088 |
| 07-02090 | 07-02201 | 07-02094 |
| 07-02096 | 07-02205 | 07-02099 |
| 07-02101 | 07-02207 | 07-02103 |
| 07-02106 | 07-02209 | 07-02109 |
| 07-02115 | 07-02213 | 07-02110 |
| 07-02120 | 07-02214 | 07-02239 |
| 07-02124 | 07-02219 | 07-02244 |
| 07-02138 | 07-02224 | 07-02248 |
| 07-02142 | 07-02227 | 07-02251 |
| 07-02147 | 07-02231 | 07-02255 |
| 07-02150 | 07-02077 | 07-02259 |
| 07-02154 | 07-02080 | 07-02261 |
| 07-02157 | 07-02083 | 07-02265 |
| 07-02163 | 07-02091 | 07-02267 |
| 07-02170 | 07-02095 | 07-02270 |
| 07-02184 | 07-02102 | 07-02273 |
| 07-02190 | 07-02105 | 07-02276 |
| 07-02198 | 07-02112 | 07-02277 |
| 07-02202 | 07-02117 | 07-02280 |
| 07-02204 | 07-02123 | 07-02281 |
| 07-02208 | 07-02125 | 07-02282 |
| 07-02076 | 07-02128 | 07-02283 |
| 07-02081 | 07-02130 | 07-02284 |
| 07-02087 | 07-02135 | 07-02288 |
| 07-02097 | 07-02137 | 07-02291 |
| 07-02104 | 07-02143 | 07-02293 |
| 07-02112 | 07-02148 | 07-02074 |
| 07-02132 | 07-02152 | 07-02078 |
| 07-02140 | 07-02159 | 07-02082 |
| 07-02145 | 07-02165 | 07-02085 |
| 07-02153 | 07-02169 | 07-02089 |
| 07-02160 | 07-02174 | 07-02093 |
| 07-02166 | 07-02175 | 07-02108 |
| 07-02171 | 07-02182 | 07-02114 |
| 07-02180 | 07-02189 | 07-02119 |
| 07-02186 | 07-02196 | 07-02122 |

| | | |
|---|---|---|
| 07-02126 | 07-02199 | 07-02226 |
| 07-02129 | 07-02206 | 07-02230 |
| 07-02131 | 07-02210 | 07-02252 |
| 07-02136 | 07-02212 | 07-02256 |
| 07-02141 | 07-02217 | 07-02262 |
| 07-02146 | 07-02221 | 07-02266 |
| 07-02151 | 07-02225 | 07-02269 |
| 07-02156 | 07-02228 | 07-02272 |
| 07-02158 | 07-02235 | 07-02275 |
| 07-02164 | 07-02241 | 07-02278 |
| 07-02167 | 07-02245 | 07-02299 |
| 07-02172 | 07-02250 | 07-02303 |
| 07-02176 | 07-02254 | 07-02306 |
| 07-02179 | 07-02260 | 07-02309 |
| 07-02183 | 07-02079 | 07-02314 |
| 07-02187 | 07-02092 | 07-02318 |
| 07-02193 | 07-02098 | 07-02321 |
| 07-02233 | 07-02107 | 07-02326 |
| 07-02238 | 07-02111 | 07-02329 |
| 07-02243 | 07-02118 | 07-02334 |
| 07-02247 | 07-02107 | 07-02337 |
| 07-02249 | 07-02149 | 07-02340 |
| 07-02253 | 07-02162 | 07-02346 |
| 07-02257 | 07-02173 | 07-02350 |
| 07-02263 | 07-02178 | 07-02354 |
| 07-02075 | 07-02185 | 07-02359 |
| 07-02086 | 07-02192 | 07-02237 |
| 07-02100 | 07-02197 | 07-02240 |
| 07-02116 | 07-02203 | 07-02246 |
| 07-02121 | 07-02211 | 07-02258 |
| 07-02127 | 07-02214 | 07-02264 |
| 07-02133 | 07-02218 | 07-02271 |
| 07-02139 | 07-02223 | 07-02274 |
| 07-02144 | 07-02229 | 07-02279 |
| 07-02155 | 07-02232 | 07-02285 |
| 07-02161 | 07-02234 | 07-02289 |
| 07-02168 | 07-02236 | 07-02294 |
| 07-02177 | 07-02242 | 07-02298 |
| 07-02181 | 07-02215 | 07-02302 |
| 07-02188 | 07-02220 | 07-02312 |
| 07-02194 | 07-02222 | 07-02316 |

3

| | | |
|---|---|---|
| 07-02324 | 07-02392 | 07-02547 |
| 07-02330 | 07-02393 | 07-02549 |
| 07-02336 | 07-02396 | 07-02286 |
| 07-02342 | 07-02402 | 07-02290 |
| 07-02347 | 07-02407 | 07-02295 |
| 07-02783 | 07-02417 | 07-02297 |
| 07-02355 | 07-02421 | 07-02301 |
| 07-02361 | 07-02430 | 07-02305 |
| 07-02367 | 07-02442 | 07-02310 |
| 07-02373 | 07-02445 | 07-02317 |
| 07-02379 | 07-02449 | 07-02322 |
| 07-02397 | 07-02452 | 07-02327 |
| 07-02405 | 07-02454 | 07-02332 |
| 07-02268 | 07-02458 | 07-02335 |
| 07-02296 | 07-02461 | 07-02343 |
| 07-02304 | 07-02464 | 07-02348 |
| 07-02308 | 07-02467 | 07-02352 |
| 07-02311 | 07-02470 | 07-02357 |
| 07-02315 | 07-02473 | 07-02362 |
| 07-02320 | 07-02475 | 07-02366 |
| 07-02323 | 07-02478 | 07-02372 |
| 07-02328 | 07-02481 | 07-02696 |
| 07-02333 | 07-02483 | 07-02701 |
| 07-02784 | 07-02485 | 07-02703 |
| 07-02338 | 07-02488 | 07-02704 |
| 07-02341 | 07-02490 | 07-02706 |
| 07-02345 | 07-02493 | 07-02708 |
| 07-02349 | 07-02497 | 07-02710 |
| 07-02351 | 07-02499 | 07-02712 |
| 07-02356 | 07-02503 | 07-02714 |
| 07-02360 | 07-02506 | 07-02715 |
| 07-02363 | 07-02510 | 07-02717 |
| 07-02364 | 07-02513 | 07-02718 |
| 07-02369 | 07-02517 | 07-02719 |
| 07-02374 | 07-02521 | 07-02720 |
| 07-02377 | 07-02525 | 07-02721 |
| 07-02382 | 07-02528 | 07-02723 |
| 07-02384 | 07-02532 | 07-02726 |
| 07-02386 | 07-02535 | 07-02728 |
| 07-02388 | 07-02538 | 07-02730 |
| 07-02390 | 07-02544 | 07-02732 |

| | | |
|---|---|---|
| 07-02734 | 07-02425 | 07-02541 |
| 07-02736 | 07-02428 | 07-02414 |
| 07-02738 | 07-02429 | 07-02418 |
| 07-02739 | 07-02432 | 07-02424 |
| 07-02741 | 07-02434 | 07-02427 |
| 07-02743 | 07-02436 | 07-02433 |
| 07-02745 | 07-02438 | 07-02435 |
| 07-02747 | 07-02441 | 07-02439 |
| 07-02749 | 07-02443 | 07-02447 |
| 07-02751 | 07-02446 | 07-02451 |
| 07-02753 | 07-02448 | 07-02455 |
| 07-02754 | 07-02450 | 07-02459 |
| 07-02756 | 07-02453 | 07-02462 |
| 07-02758 | 07-02456 | 07-02465 |
| 07-02760 | 07-02457 | 07-02469 |
| 07-02761 | 07-02460 | 07-02471 |
| 07-02762 | 07-02463 | 07-02476 |
| 07-02764 | 07-02786 | 07-02479 |
| 07-02766 | 07-02466 | 07-02482 |
| 07-02368 | 07-02468 | 07-02487 |
| 07-02371 | 07-02472 | 07-02491 |
| 07-02375 | 07-02474 | 07-02496 |
| 07-02378 | 07-02477 | 07-02501 |
| 07-02381 | 07-02480 | 07-02508 |
| 07-02383 | 07-02484 | 07-02512 |
| 07-02785 | 07-02486 | 07-02516 |
| 07-02387 | 07-02489 | 07-02518 |
| 07-02389 | 07-02492 | 07-02522 |
| 07-02391 | 07-02495 | 07-02526 |
| 07-02394 | 07-02498 | 07-02529 |
| 07-02398 | 07-02500 | 07-02531 |
| 07-02400 | 07-02504 | 07-02537 |
| 07-02401 | 07-02511 | 07-02540 |
| 07-02403 | 07-02515 | 07-02543 |
| 07-02406 | 07-02507 | 07-02545 |
| 07-02408 | 07-02520 | 07-02548 |
| 07-02410 | 07-02524 | 07-02559 |
| 07-02413 | 07-02527 | 07-02560 |
| 07-02416 | 07-02530 | 07-02561 |
| 07-02420 | 07-02533 | 07-02562 |
| 07-02423 | 07-02536 | 07-02563 |

5

| | | |
|---|---|---|
| 07-02564 | 07-02419 | 07-02768 |
| 07-02565 | 07-02689 | 07-02769 |
| 07-02566 | 07-02690 | 07-02770 |
| 07-02567 | 07-02691 | 07-02771 |
| 07-02568 | 07-02692 | 07-02772 |
| 07-02569 | 07-02693 | 07-02773 |
| 07-02570 | 07-02694 | 07-02774 |
| 07-02571 | 07-02695 | 07-02775 |
| 07-02572 | 07-02697 | 07-02776 |
| 07-02573 | 07-02698 | 07-02777 |
| 07-02574 | 07-02699 | 07-02778 |
| 07-02575 | 07-02700 | 07-02779 |
| 07-02576 | 07-02702 | 07-02617 |
| 07-02577 | 07-02705 | 07-02618 |
| 07-02578 | 07-02707 | 07-02619 |
| 07-02580 | 07-02709 | 07-02620 |
| 07-02582 | 07-02711 | 07-02621 |
| 07-02583 | 07-02713 | 07-02622 |
| 07-02584 | 07-02716 | 07-02623 |
| 07-02585 | 07-02722 | 07-02624 |
| 07-02587 | 07-02724 | 07-02625 |
| 07-02589 | 07-02725 | 07-02626 |
| 07-02591 | 07-02727 | 07-02627 |
| 07-02287 | 07-02729 | 07-02628 |
| 07-02292 | 07-02731 | 07-02629 |
| 07-02300 | 07-02733 | 07-02787 |
| 07-02307 | 07-02735 | 07-02630 |
| 07-02313 | 07-02737 | 07-02631 |
| 07-02319 | 07-02740 | 07-02788 |
| 07-02325 | 07-02742 | 07-02632 |
| 07-02331 | 07-02744 | 07-02633 |
| 07-02339 | 07-02746 | 07-02634 |
| 07-02344 | 07-02748 | 07-02635 |
| 07-02353 | 07-02750 | 07-02636 |
| 07-02358 | 07-02752 | 07-02637 |
| 07-02365 | 07-02755 | 07-02638 |
| 07-02370 | 07-02757 | 07-02639 |
| 07-02376 | 07-02759 | 07-02640 |
| 07-02380 | 07-02763 | 07-02641 |
| 07-02385 | 07-02765 | 07-02642 |
| 07-02395 | 07-02767 | 07-02643 |

| | | |
|---|---|---|
| 07-02644 | 07-02685 | 07-02588 |
| 07-02645 | 07-02686 | 07-02590 |
| 07-02646 | 07-02687 | 07-02592 |
| 07-02647 | 07-02688 | 07-02593 |
| 07-02648 | 07-02399 | 07-02594 |
| 07-02649 | 07-02404 | 07-02595 |
| 07-02650 | 07-02409 | 07-02596 |
| 07-02651 | 07-02411 | 07-02597 |
| 07-02652 | 07-02412 | 07-02598 |
| 07-02653 | 07-02415 | 07-02599 |
| 07-02654 | 07-02422 | 07-02600 |
| 07-02655 | 07-02426 | 07-02601 |
| 07-02656 | 07-02431 | 07-02602 |
| 07-02657 | 07-02437 | 07-02603 |
| 07-02658 | 07-02789 | 07-02604 |
| 07-02659 | 07-02440 | 07-02605 |
| 07-02660 | 07-02790 | 07-02606 |
| 07-02661 | 07-02444 | 07-02607 |
| 07-02662 | 07-02494 | 07-02608 |
| 07-02663 | 07-02502 | 07-02609 |
| 07-02664 | 07-02505 | 07-02610 |
| 07-02665 | 07-02509 | 07-02611 |
| 07-02666 | 07-02514 | 07-02612 |
| 07-02667 | 07-02519 | 07-02613 |
| 07-02668 | 07-02523 | 07-02614 |
| 07-02669 | 07-02534 | 07-02615 |
| 07-02670 | 07-02539 | 07-02616 |
| 07-02671 | 07-02542 | 07-02794 |
| 07-02672 | 07-02546 | 07-02803 |
| 07-02673 | 07-02550 | 07-02805 |
| 07-02674 | 07-02551 | 07-02797 |
| 07-02675 | 07-02552 | 07-02795 |
| 07-02676 | 07-02553 | 07-02796 |
| 07-02677 | 07-02554 | 07-02798 |
| 07-02678 | 07-02555 | 07-02799 |
| 07-02679 | 07-02556 | 07-02800 |
| 07-02680 | 07-02557 | 07-02801 |
| 07-02681 | 07-02558 | 07-02802 |
| 07-02682 | 07-02579 | 07-02804 |
| 07-02683 | 07-02581 | 07-02806 |
| 07-02684 | 07-02586 | 07-02807 |

7

07-02808
07-02809
07-02810
07-02811
07-02812
07-02813
07-02814
07-02815
07-02816
07-02817
07-02818
07-02819
07-02862

**Hearing Date And Time: April 30, 2008 at 10:00 a.m.**
**Objection Deadline: April 23, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
            In re                         :    Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :    Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

PLEASE TAKE NOTICE that on April 10, 2008, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (the "Supplemental Case Management Order") (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487) (the "Tenth Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-

2

interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-

copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy

Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),

(iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick),

(iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885

Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude),

(v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver &

Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and

(vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as

to be **received** no later than **4:00 p.m. (prevailing Eastern time) on April 23, 2008** (the

"Objection Deadline").

3

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Supplemental Case Management Order and the Tenth Supplemental Case Management Order will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Supplemental Case Management Order and the Tenth Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:    New York, New York
          April 10, 2008

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:    _/s/ John Wm. Butler, Jr._
                                 John Wm. Butler, Jr. (JB 4711)
                                 John K. Lyons (JL 9331)
                                 Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                     - and -

                              By:    _/s/ Kayalyn A. Marafioti_
                                 Kayalyn A. Marafioti (KM 9632)
                                 Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                 Debtors and Debtors-in-Possession

4

# EXHIBIT M

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                              :
In re                         :         Chapter 11
                              :
DELPHI CORPORATION, <u>et al.</u>,      :         Case No. 05-44481 (RDD)
                              :
             Debtors.      :         (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND 9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION <u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

### ("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE ORDER")

Upon the motion, dated April 10, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under

Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal Rule of Civil

Procedure 4(m) to extend the deadline to serve process for Adversary Proceedings[1]

commenced in connection with the Preservation Of Estate Claims Procedures Order[2]

(Docket No. 9105), which deadline was previously extended to May 31, 2008 pursuant to

the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m)

To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.

Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline

Extension Order"); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion as granted herein is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given, and it appearing

that no other or further notice is necessary; and after due deliberation thereon; and good

and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as provided herein.

2.      Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by First Deadline Extension Order, is hereby further modified so

that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve

a defendant in the Adversary Proceedings with a summons and complaint is further

extended until 30 days after the later of substantial consummation of the Plan or any

modified chapter 11 plan for the Debtors and December 31, 2008; without prejudice,

however, to the Debtors' right to seek further extensions and without prejudice to the right

of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co. Inc. to seek a shortening of the deadline.  The Debtors shall serve a copy

of this order upon each defendant in any Adversary Proceeding either when the Debtors

serve a summons and complaint on such defendant or as soon thereafter as practicable.  All

other provisions of the Preservation Of Estate Claims Procedures Order shall remain in

effect.

2

3.      This order shall be deemed entered in each of the Adversary

Proceedings.

4.      The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

5.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       April 30, 2008

_____/s/ Robert D. Drain_____
          UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT A

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02191 | 07-02200 |
| 07-02084 | 07-02195 | 07-02088 |
| 07-02090 | 07-02201 | 07-02094 |
| 07-02096 | 07-02205 | 07-02099 |
| 07-02101 | 07-02207 | 07-02103 |
| 07-02106 | 07-02209 | 07-02109 |
| 07-02115 | 07-02213 | 07-02110 |
| 07-02120 | 07-02214 | 07-02239 |
| 07-02124 | 07-02219 | 07-02244 |
| 07-02138 | 07-02224 | 07-02248 |
| 07-02142 | 07-02227 | 07-02251 |
| 07-02147 | 07-02231 | 07-02255 |
| 07-02150 | 07-02077 | 07-02259 |
| 07-02154 | 07-02080 | 07-02261 |
| 07-02157 | 07-02083 | 07-02265 |
| 07-02163 | 07-02091 | 07-02267 |
| 07-02170 | 07-02095 | 07-02270 |
| 07-02184 | 07-02102 | 07-02273 |
| 07-02190 | 07-02105 | 07-02276 |
| 07-02198 | 07-02112 | 07-02277 |
| 07-02202 | 07-02117 | 07-02280 |
| 07-02204 | 07-02123 | 07-02281 |
| 07-02208 | 07-02125 | 07-02282 |
| 07-02076 | 07-02128 | 07-02283 |
| 07-02081 | 07-02130 | 07-02284 |
| 07-02087 | 07-02135 | 07-02288 |
| 07-02097 | 07-02137 | 07-02291 |
| 07-02104 | 07-02143 | 07-02293 |
| 07-02112 | 07-02148 | 07-02074 |
| 07-02132 | 07-02152 | 07-02078 |
| 07-02140 | 07-02159 | 07-02082 |
| 07-02145 | 07-02165 | 07-02085 |
| 07-02153 | 07-02169 | 07-02089 |
| 07-02160 | 07-02174 | 07-02093 |
| 07-02166 | 07-02175 | 07-02108 |
| 07-02171 | 07-02182 | 07-02114 |
| 07-02180 | 07-02189 | 07-02119 |
| 07-02186 | 07-02196 | 07-02122 |

| | | |
|---|---|---|
| 07-02126 | 07-02199 | 07-02226 |
| 07-02129 | 07-02206 | 07-02230 |
| 07-02131 | 07-02210 | 07-02252 |
| 07-02136 | 07-02212 | 07-02256 |
| 07-02141 | 07-02217 | 07-02262 |
| 07-02146 | 07-02221 | 07-02266 |
| 07-02151 | 07-02225 | 07-02269 |
| 07-02156 | 07-02228 | 07-02272 |
| 07-02158 | 07-02235 | 07-02275 |
| 07-02164 | 07-02241 | 07-02278 |
| 07-02167 | 07-02245 | 07-02299 |
| 07-02172 | 07-02250 | 07-02303 |
| 07-02176 | 07-02254 | 07-02306 |
| 07-02179 | 07-02260 | 07-02309 |
| 07-02183 | 07-02079 | 07-02314 |
| 07-02187 | 07-02092 | 07-02318 |
| 07-02193 | 07-02098 | 07-02321 |
| 07-02233 | 07-02107 | 07-02326 |
| 07-02238 | 07-02111 | 07-02329 |
| 07-02243 | 07-02118 | 07-02334 |
| 07-02247 | 07-02107 | 07-02337 |
| 07-02249 | 07-02149 | 07-02340 |
| 07-02253 | 07-02162 | 07-02346 |
| 07-02257 | 07-02173 | 07-02350 |
| 07-02263 | 07-02178 | 07-02354 |
| 07-02075 | 07-02185 | 07-02359 |
| 07-02086 | 07-02192 | 07-02237 |
| 07-02100 | 07-02197 | 07-02240 |
| 07-02116 | 07-02203 | 07-02246 |
| 07-02121 | 07-02211 | 07-02258 |
| 07-02127 | 07-02214 | 07-02264 |
| 07-02133 | 07-02218 | 07-02271 |
| 07-02139 | 07-02223 | 07-02274 |
| 07-02144 | 07-02229 | 07-02279 |
| 07-02155 | 07-02232 | 07-02285 |
| 07-02161 | 07-02234 | 07-02289 |
| 07-02168 | 07-02236 | 07-02294 |
| 07-02177 | 07-02242 | 07-02298 |
| 07-02181 | 07-02215 | 07-02302 |
| 07-02188 | 07-02220 | 07-02312 |
| 07-02194 | 07-02222 | 07-02316 |

| | | |
|---|---|---|
| 07-02324 | 07-02392 | 07-02547 |
| 07-02330 | 07-02393 | 07-02549 |
| 07-02336 | 07-02396 | 07-02286 |
| 07-02342 | 07-02402 | 07-02290 |
| 07-02347 | 07-02407 | 07-02295 |
| 07-02783 | 07-02417 | 07-02297 |
| 07-02355 | 07-02421 | 07-02301 |
| 07-02361 | 07-02430 | 07-02305 |
| 07-02367 | 07-02442 | 07-02310 |
| 07-02373 | 07-02445 | 07-02317 |
| 07-02379 | 07-02449 | 07-02322 |
| 07-02397 | 07-02452 | 07-02327 |
| 07-02405 | 07-02454 | 07-02332 |
| 07-02268 | 07-02458 | 07-02335 |
| 07-02296 | 07-02461 | 07-02343 |
| 07-02304 | 07-02464 | 07-02348 |
| 07-02308 | 07-02467 | 07-02352 |
| 07-02311 | 07-02470 | 07-02357 |
| 07-02315 | 07-02473 | 07-02362 |
| 07-02320 | 07-02475 | 07-02366 |
| 07-02323 | 07-02478 | 07-02372 |
| 07-02328 | 07-02481 | 07-02696 |
| 07-02333 | 07-02483 | 07-02701 |
| 07-02784 | 07-02485 | 07-02703 |
| 07-02338 | 07-02488 | 07-02704 |
| 07-02341 | 07-02490 | 07-02706 |
| 07-02345 | 07-02493 | 07-02708 |
| 07-02349 | 07-02497 | 07-02710 |
| 07-02351 | 07-02499 | 07-02712 |
| 07-02356 | 07-02503 | 07-02714 |
| 07-02360 | 07-02506 | 07-02715 |
| 07-02363 | 07-02510 | 07-02717 |
| 07-02364 | 07-02513 | 07-02718 |
| 07-02369 | 07-02517 | 07-02719 |
| 07-02374 | 07-02521 | 07-02720 |
| 07-02377 | 07-02525 | 07-02721 |
| 07-02382 | 07-02528 | 07-02723 |
| 07-02384 | 07-02532 | 07-02726 |
| 07-02386 | 07-02535 | 07-02728 |
| 07-02388 | 07-02538 | 07-02730 |
| 07-02390 | 07-02544 | 07-02732 |

4

| | | |
|---|---|---|
| 07-02734 | 07-02425 | 07-02541 |
| 07-02736 | 07-02428 | 07-02414 |
| 07-02738 | 07-02429 | 07-02418 |
| 07-02739 | 07-02432 | 07-02424 |
| 07-02741 | 07-02434 | 07-02427 |
| 07-02743 | 07-02436 | 07-02433 |
| 07-02745 | 07-02438 | 07-02435 |
| 07-02747 | 07-02441 | 07-02439 |
| 07-02749 | 07-02443 | 07-02447 |
| 07-02751 | 07-02446 | 07-02451 |
| 07-02753 | 07-02448 | 07-02455 |
| 07-02754 | 07-02450 | 07-02459 |
| 07-02756 | 07-02453 | 07-02462 |
| 07-02758 | 07-02456 | 07-02465 |
| 07-02760 | 07-02457 | 07-02469 |
| 07-02761 | 07-02460 | 07-02471 |
| 07-02762 | 07-02463 | 07-02476 |
| 07-02764 | 07-02786 | 07-02479 |
| 07-02766 | 07-02466 | 07-02482 |
| 07-02368 | 07-02468 | 07-02487 |
| 07-02371 | 07-02472 | 07-02491 |
| 07-02375 | 07-02474 | 07-02496 |
| 07-02378 | 07-02477 | 07-02501 |
| 07-02381 | 07-02480 | 07-02508 |
| 07-02383 | 07-02484 | 07-02512 |
| 07-02785 | 07-02486 | 07-02516 |
| 07-02387 | 07-02489 | 07-02518 |
| 07-02389 | 07-02492 | 07-02522 |
| 07-02391 | 07-02495 | 07-02526 |
| 07-02394 | 07-02498 | 07-02529 |
| 07-02398 | 07-02500 | 07-02531 |
| 07-02400 | 07-02504 | 07-02537 |
| 07-02401 | 07-02511 | 07-02540 |
| 07-02403 | 07-02515 | 07-02543 |
| 07-02406 | 07-02507 | 07-02545 |
| 07-02408 | 07-02520 | 07-02548 |
| 07-02410 | 07-02524 | 07-02559 |
| 07-02413 | 07-02527 | 07-02560 |
| 07-02416 | 07-02530 | 07-02561 |
| 07-02420 | 07-02533 | 07-02562 |
| 07-02423 | 07-02536 | 07-02563 |

5

| | | |
|---|---|---|
| 07-02564 | 07-02419 | 07-02768 |
| 07-02565 | 07-02689 | 07-02769 |
| 07-02566 | 07-02690 | 07-02770 |
| 07-02567 | 07-02691 | 07-02771 |
| 07-02568 | 07-02692 | 07-02772 |
| 07-02569 | 07-02693 | 07-02773 |
| 07-02570 | 07-02694 | 07-02774 |
| 07-02571 | 07-02695 | 07-02775 |
| 07-02572 | 07-02697 | 07-02776 |
| 07-02573 | 07-02698 | 07-02777 |
| 07-02574 | 07-02699 | 07-02778 |
| 07-02575 | 07-02700 | 07-02779 |
| 07-02576 | 07-02702 | 07-02617 |
| 07-02577 | 07-02705 | 07-02618 |
| 07-02578 | 07-02707 | 07-02619 |
| 07-02580 | 07-02709 | 07-02620 |
| 07-02582 | 07-02711 | 07-02621 |
| 07-02583 | 07-02713 | 07-02622 |
| 07-02584 | 07-02716 | 07-02623 |
| 07-02585 | 07-02722 | 07-02624 |
| 07-02587 | 07-02724 | 07-02625 |
| 07-02589 | 07-02725 | 07-02626 |
| 07-02591 | 07-02727 | 07-02627 |
| 07-02287 | 07-02729 | 07-02628 |
| 07-02292 | 07-02731 | 07-02629 |
| 07-02300 | 07-02733 | 07-02787 |
| 07-02307 | 07-02735 | 07-02630 |
| 07-02313 | 07-02737 | 07-02631 |
| 07-02319 | 07-02740 | 07-02788 |
| 07-02325 | 07-02742 | 07-02632 |
| 07-02331 | 07-02744 | 07-02633 |
| 07-02339 | 07-02746 | 07-02634 |
| 07-02344 | 07-02748 | 07-02635 |
| 07-02353 | 07-02750 | 07-02336 |
| 07-02358 | 07-02752 | 07-02637 |
| 07-02365 | 07-02755 | 07-02638 |
| 07-02370 | 07-02757 | 07-02639 |
| 07-02376 | 07-02759 | 07-02640 |
| 07-02380 | 07-02763 | 07-02641 |
| 07-02385 | 07-02765 | 07-02642 |
| 07-02395 | 07-02767 | 07-02643 |

| | | |
|---|---|---|
| 07-02644 | 07-02685 | 07-02588 |
| 07-02645 | 07-02686 | 07-02590 |
| 07-02646 | 07-02687 | 07-02592 |
| 07-02647 | 07-02688 | 07-02593 |
| 07-02648 | 07-02399 | 07-02594 |
| 07-02649 | 07-02404 | 07-02595 |
| 07-02650 | 07-02409 | 07-02596 |
| 07-02651 | 07-02411 | 07-02597 |
| 07-02652 | 07-02412 | 07-02598 |
| 07-02653 | 07-02415 | 07-02599 |
| 07-02654 | 07-02422 | 07-02600 |
| 07-02655 | 07-02426 | 07-02601 |
| 07-02656 | 07-02431 | 07-02602 |
| 07-02657 | 07-02437 | 07-02603 |
| 07-02658 | 07-02789 | 07-02604 |
| 07-02659 | 07-02440 | 07-02605 |
| 07-02660 | 07-02790 | 07-02606 |
| 07-02661 | 07-02444 | 07-02607 |
| 07-02662 | 07-02494 | 07-02608 |
| 07-02663 | 07-02502 | 07-02609 |
| 07-02664 | 07-02505 | 07-02610 |
| 07-02665 | 07-02509 | 07-02611 |
| 07-02666 | 07-02514 | 07-02612 |
| 07-02667 | 07-02519 | 07-02613 |
| 07-02668 | 07-02523 | 07-02614 |
| 07-02669 | 07-02534 | 07-02615 |
| 07-02670 | 07-02539 | 07-02616 |
| 07-02671 | 07-02542 | 07-02794 |
| 07-02672 | 07-02546 | 07-02803 |
| 07-02673 | 07-02550 | 07-02805 |
| 07-02674 | 07-02551 | 07-02797 |
| 07-02675 | 07-02552 | 07-02795 |
| 07-02676 | 07-02553 | 07-02796 |
| 07-02677 | 07-02554 | 07-02798 |
| 07-02678 | 07-02555 | 07-02799 |
| 07-02679 | 07-02556 | 07-02800 |
| 07-02680 | 07-02557 | 07-02801 |
| 07-02681 | 07-02558 | 07-02802 |
| 07-02682 | 07-02579 | 07-02804 |
| 07-02683 | 07-02581 | 07-02806 |
| 07-02684 | 07-02586 | 07-02807 |

7

07-02808
07-02809
07-02810
07-02811
07-02812
07-02813
07-02814
07-02815
07-02816
07-02817
07-02818
07-02819
07-02862

# EXHIBIT N

**Hearing Date And Time: October 22, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: October 15, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
In re                        :    Chapter 11
                             :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                             :
                             :    (Jointly Administered)
             Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SUPPLEMENTAL MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("SUPPLEMENTAL POSTCONFIRMATION EXTENSION OF AVOIDANCE
ACTION SERVICE DEADLINE MOTION")

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (the "Motion"), and respectfully represent as follows:

Background

A.      The Chapter 11 Filings

1.      On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.      No trustee or examiner has been appointed in these cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders, which was disbanded on April 24, 2009.  On February 26, 2009, the U.S. Trustee appointed an official committee of retired employees to represent certain of the Debtors' current active salaried employees, retirees, and their spouses for certain limited purposes.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2

4.       The statutory predicates for the relief requested herein are rules 7004 and

9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 4(m) of

the Federal Rules of Civil Procedure.

B.       Plan Confirmation And Postconfirmation Matters

5.       On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  On January 25, 2008, the Court entered an order (Docket No. 12359) (the

"Confirmation Order") confirming the Plan, as modified (the "Confirmed Plan").  The

Confirmation Order became final on February 4, 2008.

6.       During the fall of 2008 the Debtors formulated certain modifications to the

Confirmed Plan.  On October 3, 2008, Delphi filed a motion under 11 U.S.C. § 1127 for an order

approving these modifications and also sought approval of a related disclosure statement and

procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the

"Plan Modification Motion").  Subsequently, however, substantial uncertainty and significant

decline in capacity in global debt and equity markets, the global economic downturn generally,

and an unprecedented decline in global automotive production volumes adversely impacted

Delphi's ability to develop a revised recapitalization plan and successfully consummate the

modified plan of reorganization.  Moreover, as a result of market turbulence, the Debtors were

unable to extend the maturity date of their DIP credit facility (the "DIP Facility") on terms

reasonably acceptable to the Debtors and their other stakeholders.  Accordingly, with the support

of the administrative agent (the "DIP Agent") and the requisite lenders under the DIP Facility,

the Debtors entered into an accommodation agreement (as subsequently amended) to allow the

Debtors, among other things, to continue using certain of the proceeds of the DIP Facility.

7.      On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement") which sought approval of certain additional modifications to the Confirmed Plan (the "Modified Plan") as well as supplemental disclosure and procedures for re-soliciting votes on the Modified Plan.  The Motion Supplement was approved, with modifications, by order entered June 16, 2009 (the "Modification Procedures Order") and was later supplemented and amended by orders entered June 29, 2009 (Docket No. 17376), July 17, 2009 (Docket No. 18352), and July 21, 2009 (Docket No. 18551).

8.      Also on June 1, 2009, while facing the most difficult economic period in decades with the most precipitous drop in U.S. vehicle sale volumes in half a century, Delphi reached an agreement to effect its emergence from chapter 11 through a transaction with Parnassus Holdings II, LLC ("Parnassus"), an affiliate of Platinum Equity, and with the support of GM Components Holdings LLC ("GM Components"), an affiliate of GM.  In the exercise of the Debtors' fiduciary responsibilities to maximize the value of their estates for the benefit of all of their stakeholders, the Debtors executed an agreement (the "Platinum-GM MDA") to reflect the foregoing transactions through a plan of reorganization.  The agreement and the changes to the Confirmed Plan were filed as part of the Motion Supplement on June 1, 2009.

9.      The Modification Procedures Order, among other things, authorized the Debtors to commence solicitation of votes on the Modified Plan and set forth a comprehensive set of supplemental procedures for evaluating non-solicited alternative transactions to the Platinum-GM MDA (as supplemented and amended, the "Supplemental Procedures").  The Supplemental Procedures provided for, among other things, an auction open to DIP Lenders making a Pure Credit Bid (as defined therein) and other Qualified Bidders (as defined therein).

10.     Pursuant to the Supplemental Procedures, the Debtors held an auction on July 26 and 27, 2009 (the "Auction") at which the DIP Agent submitted a Pure Credit Bid on

behalf of the DIP Lenders that was supported by the requisite majority of the two most senior

tranches of the DIP Facility (the "Required Lenders").  The Pure Credit Bid involved a credit bid

of 100% of the principal and interest due and owing in respect of the DIP Facility under the DIP

Credit Agreement (after giving effect to the application of any cash collateral to the DIP Facility)

and was based upon an alternative Master Disposition Agreement (the "Master Disposition

Agreement") pursuant to which DIP Holdco 3, LLC ("DIP Holdco 3") would replace Parnassus

as a purchaser, subject to the terms of the Master Disposition Agreement.  DIP Holdco 3 is an

entity controlled by certain of the DIP lenders that together constitute the Required Lenders

under the DIP Facility.  At the conclusion of the Auction, after careful consideration, Delphi's

board of directors determined that the Pure Credit Bid was superior to the Platinum-GM MDA,

and approved it, subject to the parties' reaching a final agreement as to the terms and conditions

of the Modification Approval Order and other items.  Subsequently, the Debtors made certain

further modifications to the Modified Plan to address the results of the Auction.

          11.      After holding a final plan modification hearing on July 29 and 30, 2009,

the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

Upon the effectiveness of the Modified Plan, Delphi will contemporaneously effectuate

transactions, including the Master Disposition Agreement, through which DIP Holdco 3 will

operate Delphi's U.S. and non-U.S. businesses going forward with $3.6 billion in emergence

capital and capital commitments but without the labor-related legacy costs associated with the

North American sites which, together with Delphi's global steering business, are being acquired

by GM Components.  DPH Holdings Corporation ("DPH Holdings") will emerge as a

reorganized entity that retains certain residual non-core and non-strategic assets and liabilities

that are expected to be divested over time.

12.     Consummation of these transactions through the Modified Plan, which
embodies concessions made by parties-in-interest to resolve these chapter 11 cases, will provide
for the satisfaction of all of the Debtors' administrative claims, secured claims, and priority
claims and a potential distribution to holders of general unsecured claims.  Moreover, Delphi's
emerging businesses, through GM Components and DIP Holdco 3, will continue to develop and
deliver high-quality products to their customers globally.

C.     The Establishment Of Procedures to Preserve Estate Claims

13.     Before the entry of the Confirmation Order, this Court on August 16, 2007
entered that certain Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a)
And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into
Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing
Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing
Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under
11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Order")
(Docket No. 9105).  On March 28, 2008, this Court entered the Order Pursuant To Fed. R. Bankr.
P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For
Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order
(Docket No. 13277) (the "Deadline Extension Order").

14.     The purpose of the Preservation Of Estate Claims Procedures Order was
two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue (or abandon)
certain avoidance actions before the then-impending expiration of the two-year statute of
limitations to file such actions; on the other hand, it established procedures to avoid having to
force all potential defendants to retain counsel and defend against the adversary proceedings
when, in fact, the Debtors anticipated that most of them would be resolved upon the Debtors'

6

emergence from chapter 11 and thus never pursued.  To that end, the Preservation Of Estate Claims Procedures Order and the Deadline Extension Order (i) allowed the Debtors to file adversary proceeding complaints under seal, (ii) directed the Clerk of Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of Court of their intent to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors make service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to May 31, 2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  Such relief was intended to allow the Debtors to preserve potentially valuable assets without disrupting the Confirmed Plan process or business relationships or prejudicing the rights of any defendants.  In accordance with the Preservation Of Estate Claims Procedures Order, the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by filing complaints under seal.

15.    On April 10, 2008, after the Debtors' plan investors failed to participate in a closing and fulfill their obligations to fund the Confirmed Plan, the Debtors filed a Motion Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (the "Postconfirmation Extension Motion") (Docket No. 13361), seeking to extend the service deadline set forth in the Deadline Extension Order until 30 days after substantial consummation of the Confirmed Plan or any modified plan.  The Court granted this extension by order entered April 30, 2008 (the "Postconfirmation Extension Order") (Docket No. 13484).

Relief Requested

16.    By this Motion, the Debtors request entry of an order under Bankruptcy Rule 9006(b)(1) and Federal Rule Of Civil Procedure 4(m), made applicable by Bankruptcy

7

Rule 7004(a), to further extend the deadline by which the Debtors would be required to serve a summons and complaint upon each defendant under the Preservation Of Estate Claims Procedures Order, as modified by the Deadline Extension Order and the Postconfirmation Extension Order.  Specifically, the Debtors request that the existing service deadline set forth in the Deadline Extension Order be extended to 180 days after substantial consummation of the Modified Plan.

Basis For Relief

17.    A further extension of the time for service in the Adversary Proceedings is necessary due to the complex nature of the transactions set forth in the Modified Plan and the Master Disposition Agreement.  At the time of the Debtors' request to extend their Fed. R. Civ. P. 4(m) deadline to serve defendants in the Adversary Proceedings until 30 days after substantial consummation of a plan of reorganization, the Confirmed Plan contemplated that the Debtors would maintain essentially the same identity and corporate organization following substantial consummation and that the reorganized company would retain few causes action.  As noted above, however, the transaction set forth in the Modified Plan and the Master Disposition Agreement divides the Debtors' business among three separate parties: DPH Holdings LLC, GM Components, and DIP Holdco 3.  The Debtors anticipate that, in the months following effectiveness of the Modified Plan, a significant amount of time and resources will be devoted to supporting the transition of operations among these three entities and implementing the Modified Plan.  Moreover, Exhibit 7.19 of the Modified Plan lists significantly more causes of action that will be retained by DPH Holdings than originally retained under the Confirmed Plan, including

177 of the Adversary Proceedings filed under seal (the "Retained Adversary Proceedings").[1] Consequently, the Debtors do not believe that DPH Holdings will be able to evaluate each of the retained Adversary Proceedings – for example, to assess the ongoing relationship with certain defendants and whether events since initiating the Adversary Proceedings have impacted the Debtors' estimated recoveries – and make a determination whether to pursue such Adversary Proceedings within 30 days after substantial consummation of the Modified Plan.

       18.     In addition, the extension now sought in this Motion will relieve the Debtors and defendants in the Adversary Proceedings from incurring unnecessary costs. Although the Debtors ultimately may determine not to prosecute certain of the Adversary Proceedings listed on Exhibit 7.19 of the Modified Plan, the Debtors would have to effect service to each of the 177 Retained Adversary Proceedings soon after substantial consummation to allow the Debtors enough to timely serve each defendant and meet the deadline set forth in the Postconfirmation Extension Order.  In turn, defendants who are parties to Retained Adversary Proceedings that the Debtors otherwise might not ultimately pursue could be forced to unnecessarily incur litigation expenses associated with the defense of such Adversary Proceedings.

       19.     The Debtors believe that there is good cause for the extension of the Fed. R. Civ. P. 4(m) deadline because such an extension would reduce the administrative and economic burdens of the Retained Adversary Proceedings on the Debtors and the potential

---

[1]   Under the Modified Plan, the Debtors will not retain any of the causes of action asserted in the Adversary Proceedings except those listed on Exhibit 7.19 to the Modified Plan.  Although the Debtors' request for an extension of the Fed. R. Civ. P. 4(m) deadline is applicable to all of the Adversary Proceedings, upon substantial consummation of the Modified Plan – which may occur prior to the scheduled hearing on this Motion – the extension will affect only those actions specifically retained pursuant to section 7.19 of the Modified Plan.

defendants.  Specifically, the Debtors believe that the resources that they and the defendants would need to expend prematurely to issue and serve 177 summonses and complaints in the Retained Adversary Proceedings – and the potential need thereafter to prosecute and defend such adversary proceedings – would not be in the best interests of the Debtors' estates, the Debtors' stakeholders, and other parties-in-interest.  The Debtors submit that these reasons comprise good cause for the requested extension.

<u>Applicable Authority</u>

20.    The Bankruptcy Rules and Federal Rules of Civil Procedure grant this Court discretion to adopt and implement guidelines which will aid in the administration of Adversary Proceedings, including discretion to grant the proposed extension of the service of process deadline.  <u>See</u> <u>Zapata v. City of New York</u>, 502 F.3d 192, 195 (2d Cir. 2007) (Rule 4(m) authorizes court to grant extensions of service period); <u>In re Sheehan</u>, 253 F.3d 507, 511 (9th Cir. 2001) ("The time for service in an adversary proceeding may be extended under two different rules: Rule 4(m) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

21.    Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ."  Fed. R. Bankr. P. 9006(b)(1).

22.    Moreover, Fed. R. Civil P. 4(m), made applicable here by Bankruptcy Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of process after the filing of a complaint.  <u>See</u> <u>Bank of Cape Verde v. Bronson</u>, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) (good cause existed when future events would likely have "obviated the

10

need to serve the [] complaint" and when plaintiff requested extension before Fed. R. Civ. P. 4(m)

deadline expired).  Even absent good cause, this Court has discretion to extend the 120-day

service period.  See Zapata, 502 F.3d at 196; Mejia v. Castle Hotel Inc., 164 F.R.D. 343, 345

(S.D.N.Y. 1996).

        23.      The Debtors accordingly request that the Court extend the Debtors' Fed. R.

Civ. P. 4(m) deadline to serve each defendant in the Adversary Proceedings commenced in

connection with the Preservation Of Estate Claims Procedures Order with a summons and a copy

of the complaint until 180 days after substantial consummation of the Modified Plan, without

prejudice to the Debtors' right to seek further extensions of the deadline and without prejudice to

the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co., Inc.[2] to seek a shortening of the deadline.

Notice Of Motion

        24.      Although notice is not required by Fed. R. Bankr. P. 9006(b)(1), see Law

Debenture Trust Co. v. Calpine Corp. (In re Calpine Corp.), 356 B.R. 585, 595 (S.D.N.Y. 2007);

Kernisant v. City of New York, 225 F.R.D. 422, 431 n.13 (E.D.N.Y. 2005); Brady v. Marks, 7 F.

Supp. 2d 247, 255 (W.D.N.Y. 1998), notice of this Motion has been provided in accordance with

the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and

the Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

---

[2]    Causes of action against Laneko Engineering Co., Wachovia Bank, National Association, and Laneko
Engineering Co. Inc. were previously disclosed on Exhibit 7.24 of the Confirmed Plan as actions that would be
retained, and these causes of action have again been retained pursuant to section 7.19 of the Modified Plan.

11

2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered August 27, 2009 (Docket No. 18839).

Notice has also been provided to Laneko Engineering Co., Wachovia Bank, National Association,

and Laneko Engineering Co., Inc.  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

      WHEREFORE the Debtors respectfully request that the Court enter an order

(a) granting the relief requested herein and (b) granting the Debtors such other and further relief

as is just.


Dated:     New York, New York
           October 2, 2009

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                        By:  /s/ John Wm. Butler, Jr.
                           John Wm. Butler, Jr.
                           John K. Lyons
                           Ron E. Meisler
                        155 North Wacker Drive
                        Chicago, Illinois 60606

                           - and -

                        By:  /s/ Kayalyn A. Marafioti
                           Kayalyn A. Marafioti
                        Four Times Square
                        New York, New York 10036

                        Attorneys for Delphi Corporation, et al.,
                          Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re                          :       Chapter 11
                           :

DELPHI CORPORATION, et al.,     :       Case No. 05-44481 (RDD)
                           :

           Debtors.     :       (Jointly Administered)
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

         Upon the supplemental motion, dated October 2, 2009 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105), which deadline was previously extended to May 31, 2008

pursuant to the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on Exhibit A attached hereto.

Connection With Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the

"First Deadline Extension Order") and further extended to 30 days after substantial

consummation of the Confirmed Plan or any modified plan pursuant to the Motion

Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed R. Civ. P. 4(m) To Extend

Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation

Of Estate Claims Procedures Order (Docket No. 13361) (the "Postconfirmation Extension

Motion"); and upon the record of the hearing held on the Motion; and this Court having

determined that the relief requested in the Motion as granted herein is in the best interests

of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing

that proper and adequate notice of the Motion has been given, and it appearing that no

other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as provided herein.

2.      Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by the First Deadline Extension Order and the Postconfirmation

Extension Motion, is hereby further modified so that the time under Federal Rule of Civil

Procedure 4(m) by which the Debtors must serve a defendant in the Adversary Proceedings

with a summons and complaint is further extended until 180 days after substantial

consummation of the Modified Plan, without prejudice, however, to the Debtors' right to

seek further extensions and without prejudice to the right of each of Laneko Engineering

Co., Wachovia Bank, National Association, and Laneko Engineering Co. Inc. to seek a

2

shortening of the deadline.  The Debtors shall serve a copy of this order upon each

defendant in any Adversary Proceeding either when the Debtors serve a summons and

complaint on such defendant or as soon thereafter as practicable.  All other provisions of

the Preservation Of Estate Claims Procedures Order shall remain in effect.

     3.  This order shall be deemed entered in each of the Adversary

Proceedings.

     4.  The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

     5.  This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
   October ___, 2009

       _____
        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
|---|---|---|
| 07-02074 | 07-02302 | 07-02592 |
| 07-02076 | 07-02305 | 07-02597 |
| 07-02077 | 07-02309 | 07-02600 |
| 07-02084 | 07-02310 | 07-02602 |
| 07-02090 | 07-02312 | 07-02605 |
| 07-02096 | 07-02313 | 07-02606 |
| 07-02098 | 07-02322 | 07-02607 |
| 07-02124 | 07-02328 | 07-02617 |
| 07-02125 | 07-02333 | 07-02618 |
| 07-02130 | 07-02337 | 07-02619 |
| 07-02131 | 07-02339 | 07-02623 |
| 07-02133 | 07-02344 | 07-02625 |
| 07-02135 | 07-02348 | 07-02633 |
| 07-02138 | 07-02350 | 07-02639 |
| 07-02140 | 07-02351 | 07-02644 |
| 07-02142 | 07-02357 | 07-02649 |
| 07-02147 | 07-02358 | 07-02650 |
| 07-02151 | 07-02372 | 07-02652 |
| 07-02161 | 07-02374 | 07-02654 |
| 07-02177 | 07-02378 | 07-02657 |
| 07-02182 | 07-02414 | 07-02659 |
| 07-02185 | 07-02416 | 07-02661 |
| 07-02186 | 07-02432 | 07-02668 |
| 07-02188 | 07-02433 | 07-02672 |
| 07-02198 | 07-02435 | 07-02679 |
| 07-02201 | 07-02436 | 07-02688 |
| 07-02203 | 07-02442 | 07-02689 |
| 07-02210 | 07-02445 | 07-02690 |
| 07-02211 | 07-02449 | 07-02694 |
| 07-02212 | 07-02457 | 07-02697 |
| 07-02214 | 07-02459 | 07-02702 |
| 07-02217 | 07-02462 | 07-02711 |
| 07-02220 | 07-02466 | 07-02712 |
| 07-02227 | 07-02475 | 07-02714 |
| 07-02234 | 07-02477 | 07-02720 |

1

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
|---|---|---|
| 07-02236 | 07-02479 | 07-02723 |
| 07-02238 | 07-02484 | 07-02730 |
| 07-02242 | 07-02489 | 07-02737 |
| 07-02245 | 07-02500 | 07-02739 |
| 07-02248 | 07-02505 | 07-02742 |
| 07-02250 | 07-02523 | 07-02743 |
| 07-02256 | 07-02525 | 07-02744 |
| 07-02257 | 07-02527 | 07-02745 |
| 07-02258 | 07-02534 | 07-02750 |
| 07-02259 | 07-02539 | 07-02753 |
| 07-02260 | 07-02540 | 07-02756 |
| 07-02262 | 07-02541 | 07-02758 |
| 07-02270 | 07-02543 | 07-02767 |
| 07-02272 | 07-02551 | 07-02768 |
| 07-02274 | 07-02553 | 07-02769 |
| 07-02280 | 07-02554 | 07-02775 |
| 07-02282 | 07-02555 | 07-02783 |
| 07-02284 | 07-02556 | 07-02785 |
| 07-02287 | 07-02562 | 07-02787 |
| 07-02288 | 07-02563 | 07-02789 |
| 07-02291 | 07-02571 | 07-02790 |
| 07-02295 | 07-02572 | 07-02799 |
| 07-02298 | 07-02580 | 07-02800 |
| 07-02301 | 07-02581 | 07-02804 |