# EXHIBIT O

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, <u>et</u> <u>al.</u>, | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


FIFTEENTH SUPPLEMENTAL ORDER UNDER 11 U.S.C. §§ 102(1) AND 105
AND FED. R. BANKR. P. 2002(m), 9006, 9007, AND 9014 ESTABLISHING
OMNIBUS HEARING DATES AND CERTAIN NOTICE, CASE
<u>MANAGEMENT, AND ADMINISTRATIVE PROCEDURES</u>

("FIFTEENTH SUPPLEMENTAL CASE MANAGEMENT ORDER")

Upon the motion, dated October 8, 2005 (the "Case Management Motion"),[1] of

Delphi Corporation and certain of its domestic subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11

U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 (a)

establishing omnibus hearing dates, (b) establishing certain notice, case management, and

administrative procedures in the Debtors' chapter 11 cases, and (c) scheduling an initial case

conference in accordance with Rule 1007-2(e) of the Local Bankruptcy Rules for the United

States Bankruptcy Court for the Southern District of New York; and this Court having entered an

order granting the Case Management Motion on October 14, 2005 (Docket No. 245); and this

Court having granted supplemental case management orders on March 20, 2006 (Docket No.

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Case
Management Motion.

2883) (the "Supplemental Order"), March 28, 2006 (Docket No. 2995), April 20, 2006 (Docket

No. 3293), May 3, 2006 (Docket No. 3589), May 5, 2006 (Docket No. 3629), May 11, 2006

(Docket No. 3730), May 19, 2006 (Docket No. 3824), October 26, 2006 (Docket No. 5418),

October 19, 2007 (Docket No. 10661), February 4, 2008 (Docket No. 12487), July 15, 2008

(Docket No. 13920), July 23, 2008 (Docket No. 13965), December 4, 2008 (Docket No. 14534),

and April 30, 2009 (Docket No. 16589) (collectively, the "Prior Supplemental Orders"); and this

Court having scheduled additional omnibus hearing dates (the "Omnibus Hearing Dates") in

these cases; it is hereby

ORDERED THAT:

1.      This Court shall conduct omnibus hearings in these cases, to be held in

Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One

Bowling Green, New York, New York 10004 or as may be determined by the Court, on the

following dates and at the following times:

> October 22, 2009 at 10:00 a.m. (prevailing Eastern time)
>
> November 18, 2009 at 10:00 a.m. (prevailing Eastern time)
>
> December 10, 2009 at 10:00 a.m. (prevailing Eastern time)

2.      Additional Omnibus Hearing Dates thereafter may be scheduled by this

Court.  All matters requiring a hearing in these cases shall be set for and be heard on Omnibus

Hearing Dates unless alternative hearing dates are approved by the Court for good cause shown.

3.      If this Court changes any of the Omnibus Hearing Dates set forth in

Paragraph 1 above, the Debtors are authorized to provide a notice of change of hearing (the

"Notice") in accordance with paragraph 15 of the Supplemental Order.  The terms of such Notice

shall be binding upon all parties-in-interest in these chapter 11 cases and no other or further

notice or order of this Court shall be necessary.

        4.      Except as set forth herein, the Prior Supplemental Orders shall continue in

full force and effect.

Dated: New York, New York
       August 26, 2009

                        _____/s/Robert D. Drain_____
                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT P

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                    :        Chapter 11
                                        :
DELPHI CORPORATION, et al.,              :        Case No. 05-44481 (RDD)
                                        :
            Debtors.        :        (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

          Upon the supplemental motion, dated October 2, 2009 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105), which deadline was previously extended to May 31, 2008

pursuant to the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In

_____

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on Exhibit A attached hereto.

Connection With Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline Extension Order") and further extended to 30 days after substantial consummation of the Confirmed Plan or any modified plan pursuant to the Motion Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (Docket No. 13361) (the "Postconfirmation Extension Motion"); and upon the record of the hearing held on the Motion; and this Court having determined that the relief requested in the Motion as granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given, and it appearing that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      Paragraph 8 of the Preservation Of Estate Claims Procedures Order, as previously modified by the First Deadline Extension Order and the Postconfirmation Extension Motion, is hereby further modified so that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve a defendant in the Adversary Proceedings with a summons and complaint is further extended until 180 days after substantial consummation of the Modified Plan, without prejudice, however, to the Debtors' right to seek further extensions and without prejudice to the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko Engineering Co. Inc. to seek a

2

shortening of the deadline.  The Debtors shall serve a copy of this order upon each

defendant in any Adversary Proceeding either when the Debtors serve a summons and

complaint on such defendant or as soon thereafter as practicable.  All other provisions of

the Preservation Of Estate Claims Procedures Order shall remain in effect.

   3.  This order shall be deemed entered in each of the Adversary

Proceedings.

   4.  The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

   5.  This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
   October 22, 2009

     ____/s/Robert D. Drain_____
      UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
|---|---|---|
| 07-02074 | 07-02302 | 07-02592 |
| 07-02076 | 07-02305 | 07-02597 |
| 07-02077 | 07-02309 | 07-02600 |
| 07-02084 | 07-02310 | 07-02602 |
| 07-02090 | 07-02312 | 07-02605 |
| 07-02096 | 07-02313 | 07-02606 |
| 07-02098 | 07-02322 | 07-02607 |
| 07-02124 | 07-02328 | 07-02617 |
| 07-02125 | 07-02333 | 07-02618 |
| 07-02130 | 07-02337 | 07-02619 |
| 07-02131 | 07-02339 | 07-02623 |
| 07-02133 | 07-02344 | 07-02625 |
| 07-02135 | 07-02348 | 07-02633 |
| 07-02138 | 07-02350 | 07-02639 |
| 07-02140 | 07-02351 | 07-02644 |
| 07-02142 | 07-02357 | 07-02649 |
| 07-02147 | 07-02358 | 07-02650 |
| 07-02151 | 07-02372 | 07-02652 |
| 07-02161 | 07-02374 | 07-02654 |
| 07-02177 | 07-02378 | 07-02657 |
| 07-02182 | 07-02414 | 07-02659 |
| 07-02185 | 07-02416 | 07-02661 |
| 07-02186 | 07-02432 | 07-02668 |
| 07-02188 | 07-02433 | 07-02672 |
| 07-02198 | 07-02435 | 07-02679 |
| 07-02201 | 07-02436 | 07-02688 |
| 07-02203 | 07-02442 | 07-02689 |
| 07-02210 | 07-02445 | 07-02690 |
| 07-02211 | 07-02449 | 07-02694 |
| 07-02212 | 07-02457 | 07-02697 |
| 07-02214 | 07-02459 | 07-02702 |
| 07-02217 | 07-02462 | 07-02711 |
| 07-02220 | 07-02466 | 07-02712 |
| 07-02227 | 07-02475 | 07-02714 |
| 07-02234 | 07-02477 | 07-02720 |

1

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
|---|---|---|
| 07-02236 | 07-02479 | 07-02723 |
| 07-02238 | 07-02484 | 07-02730 |
| 07-02242 | 07-02489 | 07-02737 |
| 07-02245 | 07-02500 | 07-02739 |
| 07-02248 | 07-02505 | 07-02742 |
| 07-02250 | 07-02523 | 07-02743 |
| 07-02256 | 07-02525 | 07-02744 |
| 07-02257 | 07-02527 | 07-02745 |
| 07-02258 | 07-02534 | 07-02750 |
| 07-02259 | 07-02539 | 07-02753 |
| 07-02260 | 07-02540 | 07-02756 |
| 07-02262 | 07-02541 | 07-02758 |
| 07-02270 | 07-02543 | 07-02767 |
| 07-02272 | 07-02551 | 07-02768 |
| 07-02274 | 07-02553 | 07-02769 |
| 07-02280 | 07-02554 | 07-02775 |
| 07-02282 | 07-02555 | 07-02783 |
| 07-02284 | 07-02556 | 07-02785 |
| 07-02287 | 07-02562 | 07-02787 |
| 07-02288 | 07-02563 | 07-02789 |
| 07-02291 | 07-02571 | 07-02790 |
| 07-02295 | 07-02572 | 07-02799 |
| 07-02298 | 07-02580 | 07-02800 |
| 07-02301 | 07-02581 | 07-02804 |

# EXHIBIT Q

HEARING DATE AND TIME: April 1, 2010 at 10:00 a.m.

BUTZEL LONG, a professional corporation
Eric B. Fisher
Barry N. Seidel
Cynthia J. Haffey (Detroit office)
380 Madison Avenue, 22nd Floor
New York, New York 10017
Telephone:  (212) 374-5359
Facsimile:  (212) 818-0494
fishere@butzel.com

*Attorneys for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DPH HOLDINGS CORP., et al., | Chapter 11 |
| Reorganized Debtors, | Case No. 05-44481 (RDD) (Jointly Administered) |
| | Adv. Pro. No. 07-02074, et seq. |

**REORGANIZED DEBTORS' EMERGENCY MOTION FOR ORDER UNDER
SECTION 105(a) OF THE BANKRUPTCY CODE, FED. R. BANKR. P. 7004(a)
AND 9006(b)(1), AND FED. R. CIV. P. 4(m) EXTENDING DEADLINE TO
SERVE PROCESS FOR CERTAIN AVOIDANCE ACTIONS**

Plaintiffs DPH Holdings Corporation and certain of its affiliated reorganized debtors
(collectively, the "Reorganized Debtors" or "Plaintiffs"), hereby submit this emergency motion
for an order under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7004(a) And 9006(b)(1), and Fed. R.
Civ. P. 4(m) Extending the Deadline to Serve Process For Certain Avoidance Actions (the
"Motion"), and respectfully represent as follows:

**Preliminary Statement**

1.      The Reorganized Debtors bring this Motion because unanticipated difficulties
have prevented the completion of service of process in certain of the 177 adversary proceedings

retained by the Debtors (the "Retained Adversary Proceedings").[1]  As a result, the Reorganized

Debtors have been unable to effectuate service in 62 of the Retained Adversary Proceedings (the

"Sixty Two Adversary Proceedings") by April 5, 2010 (the "Service Deadline").

2.       As explained in detail below, the Retained Adversary Proceedings, 62 of which

are the subject of this Motion, were preserved for eventual prosecution by the Debtors pursuant

to a series of orders entered by this Court during the reorganization proceedings that led to

Delphi's emergence from chapter 11 protection on October 6, 2009 (the "Effective Date").  Since

the Effective Date, the Reorganized Debtors have asked the Clerk of the Court to unseal these

actions and issue summonses, and have served, and continue to serve, the issued summonses

upon the defendants.

3.       The Sixty Two Adversary Proceedings that are the subject of this motion

generally fall into three categories: (i) actions in which the Clerk of the Court has not yet issued a

summons in response to the Reorganized Debtors' written request; (ii) actions involving service

upon foreign defendants pursuant to the Hague Service Convention or the Inter-American

Convention, as applicable;[2] and (iii) actions in which service was attempted, but not completed,

due, in most cases, to a change in location of or possible dissolution of the defendant entity.  In

each instance, the Reorganized Debtors' inability to effectuate service to date resulted from

circumstances beyond the control of the Reorganized Debtors.  Accordingly, the Reorganized

Debtors respectfully request an extension of the Service Deadline with respect to the Sixty Two

Adversary Proceedings.

---

[1] Togut, Segal & Segal LLP (the "Togut Firm") is counsel to Plaintiffs with respect to eleven of
the Retained Adversary Proceedings.  Of those eleven actions, the Togut Firm joins in this
Motion with respect to the five actions listed in Exhibit A attached hereto.
[2] While Fed. R. Civ. P. 4(m) does not govern foreign service, Plaintiffs nonetheless request relief
from the Service Deadline in the Third Extension Order (defined herein).

## Background

### A.    The Chapter 11 Filings And Initial Steps Toward Reorganization

4.    On October 8 and 14, 2005, Delphi and its subsidiary and affiliated U.S. entities (together, the "Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of Title XI of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continued to operate their businesses and manage their properties as Debtors-in-Possession under Bankruptcy Code §§ 1107(a) and 1108 until the Effective Date.  The Court ordered joint administration of these cases.[3]

5.    No Trustee or Examiner was appointed in these cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (together with the official committee of unsecured creditors, the "Statutory Committees").

6.    By August of 2007, the Debtors had made significant progress toward confirming a plan of reorganization.  Specifically, they had obtained the support of their Statutory Committees for, and Court approval of, an equity purchase and commitment agreement under which several leading financial firms committed to invest up to $2.55 billion in preferred and common equity in the reorganized Delphi (the "EPCA"), and they scheduled a hearing in October 2007 to seek approval of their proposed disclosure statement and of solicitation procedures for a reorganization plan.  Moreover, the Debtors expected to emerge from chapter 11

---

[3] At the time of its chapter 11 filing, Delphi's bankruptcy was the fifth largest public company business reorganization in terms of revenues and the thirteenth largest public company business reorganization in terms of assets.

by the end of 2007 and to pay or satisfy all creditor claims in full through distributions of cash, common stock, or both.  Accordingly, the Debtors originally intended to waive or release most, if not all, avoidance causes of action upon reorganization.[4]  It was made clear, though, that those waivers and releases were conditioned upon the consummation of the EPCA and the plan that was predicated on the EPCA.

7.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

8.     The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code, rules 7004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4(m) of the Federal Rules of Civil Procedure.

**B.     The Preservation Of Estate Claims And The Filing Of The Adversary Proceedings**

9.     Although the Debtors initially did not believe that it would be necessary to pursue avoidance actions in light of their then-anticipated reorganization plan, the Debtors nonetheless preserved the actions for the possible future benefit of the Debtors' estate.  To this end, the Debtors explored various alternatives to filing avoidance actions before expiration of the two-year statute of limitations, such as executing tolling agreements with potential defendants.  The logistical challenges of circulating and executing agreements with such a large number of potential defendants, however, made that solution impractical.  The Debtors, therefore, elected to commence the actions timely or take other measures in the ensuing months to avoid forfeiting causes of action that were of potentially significant value to the Debtors' estates.  For those

---

[4] The Debtors initially estimated that they had more than 11,000 potential preference claims arising from transfers totaling approximately $5.8 billion (before taking into account potential defenses such as transfers made in the ordinary course of business).

reasons, and because the statutory limitations period for filing adversary proceedings was to expire on October 8, 2007, the Debtors filed the Preservation of Estate Claims Procedures Motion (Docket No. 8905) (the "Preservation Motion") on August 6, 2007.

10.     The purpose of the Preservation Motion was two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue certain avoidance actions before the then-impending expiration of the two-year statute of limitations to file such actions; on the other hand, it established procedures to avoid having to force all potential defendants to retain counsel and defend against the adversary proceedings when, in fact, the Debtors initially anticipated that most of those cases would resolve upon the Debtors' emergence from chapter 11 and thus would never be pursued.

11.     On August 16, 2007, this Court entered the Preservation of Estate Claims Procedures Order (Docket No. 9105) (the "Preservation Order").  The Preservation Order (i) allowed the Debtors to file adversary proceeding complaints under seal, (ii) directed the clerk of court to delay issuing summonses unless and until the Debtors notified the clerk of the court of their intent to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors made service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, which was less than 60 days beyond the 120-day deadline, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  Further, the Preservation Order expressly stated that the extension of the service deadline to March 31, 2008 was "without prejudice [to the Debtors' ability] to seek further extension" if appropriate.  *See* Preservation Order, ¶ 8.

12.     In accordance with the Preservation Order, the Debtors commenced 742 adversary proceedings by filing the complaints under seal.  The Debtors, however, did not intend

to prosecute the actions, or to use them for any purpose, while the Debtors focused on confirming a reorganization plan.  The procedures set forth in the Preservation Order were designed to permit the Debtors to preserve their preference claims while otherwise maintaining the status quo among all parties-in-interest.

**C.    The Extension of Avoidance Action Service Deadline Order**

13.    On January 25, 2008, the Debtors achieved confirmation of the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 11386) (the "Plan").  On January 25, 2008, the Court entered an order confirming the Plan (as modified) (Docket No. 12359), which became a final order on February 4, 2008.

14.    Having secured confirmation, the Debtors focused on consummating the Plan and emerging from chapter 11.  To that end, the Debtors filed the Extension of Avoidance Action Service Deadline Motion (the "First Extension Motion").  The First Extension Motion sought a two-month extension of the deadline to serve the sealed adversary proceedings under the Preservation Order to May 31, 2008.  Consistent with the Preservation Motion, the Debtors sought an extension to preserve the integrity of their supply base, which was vital to the Debtors' then-ongoing business operations and their ability to emerge from chapter 11.  Moreover, the Debtors believed that the resources that they, the Court, the Clerk of Court, and the defendants would need to expend to issue and serve 742 summonses and complaints in the adversary proceedings on or before March 31, 2008 – and to thereafter prosecute such adversary proceedings – would not be in the best interest of the Debtors' estates, the Debtors' stakeholders, and other parties-in-interest at that time.

15.     On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order (Docket No. 13277) (the "First Extension Order"), and extended the deadline by which the Debtors were to serve the summonses and complaints in the adversary proceedings to May 31, 2008.  The First Extension Order also provided that the relief granted "was without prejudice to the Debtors' right to seek further extensions."  *See* First Extension Order, ¶ 2.

**D.      The Postconfirmation Extension of Avoidance Action Service Deadline Order**

16.     In April of 2008, the Debtors announced that the EPCA investors refused to participate in a closing and to fund their Investment Agreement (as defined in the Plan) with Delphi.  Notwithstanding, the Debtors continued to work with their stakeholders to achieve their goal of emerging from chapter 11.  For that reason, on April 10, 2008, the Debtors filed the Postconfirmation Extension of Avoidance Action Service Deadline Motion (Docket No. 13361) (the "Second Extension Motion"), and sought an extension of the deadline to serve the adversary proceedings for 30 days after substantial consummation of the Plan or any modified Plan.

17.     On April 30, 2008, the Court granted the Debtors' request and entered the Postconfirmation Extension of Avoidance Action Service Deadline Order (Docket No. 13484) (the "Second Extension Order").  The Second Extension Order, like the Preservation Order and the First Extension Order, preserved the Debtors' right to seek future extensions, specifically providing that the extension of the service deadline to 30 days after substantial consummation of the Plan or any modified Plan was "without prejudice . . . to the Debtors' right to seek further extensions" if appropriate.  *See* Second Extension Order, ¶ 2.

**E.      The Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order**

18.     After the withdrawal of the EPCA plan investors, which collapsed the Debtors' effort to consummate the Plan at that time, the Debtors made several modifications to the Plan

and, from the spring of 2008 through the summer of 2009, developed procedures for re-soliciting votes on a new plan. During that period, however, the steady decline in the global economy and the consequent adverse effect upon global automotive production volumes placed a heavy burden on the Debtors' ability to develop a revised recapitalization plan and to consummate reorganization under the Plan, as modified.

19.    On July 30, 2009, the Court entered an order approving the Plan, as then-modified (Docket No. 18707) (the "Modified Plan"), which, along with contemporaneous transactions, divided the Debtors' business among three separate entities: DPH Holdings, LLC, GM Components and DIP Holdco III. The Debtors anticipated that during the following months, a significant amount of time and resources would be necessary to implement the Modified Plan and to support the transition of operations among the three entities to which the Debtors' business was distributed.

20.    As a result of the changed circumstances surrounding the Debtors' restructuring efforts and the new basis for that reorganization, it became apparent, as contemplated by the Preservation Order, that prosecution of certain of the Retained Adversary Proceedings would be in the best interests of the Debtors' estates. Of the 742 adversary proceedings filed under seal pursuant to the Preservation Order, the Debtors retained only 177 – the Retained Adversary Proceedings – under the Modified Plan. The Debtors did not believe, however, that they would have been able then to evaluate each of the Retained Adversary Proceedings – for example, by assessing the ongoing relationship with certain defendants and whether events since initiating the adversary proceedings have impacted estimated recoveries – and make a determination whether to pursue the Retained Adversary Proceedings within 30 days after substantial consummation of the Modified Plan, as required under the Second Extension Order.

21.    Consequently, the Debtors filed the Supplemental Postconfirmation of Avoidance Action Service Deadline Motion (Docket No. 18952) (the "Third Extension Motion") on October 2, 2009, and requested an extension of the then-existing deadline for serving the summonses and complaints in the Retained Adversary Proceedings to 180 days after substantial consummation of the Modified Plan.  On October 22, 2009, the Court granted the relief requested by the Debtors in the Third Extension Motion by entering the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order (Docket No. 18999) (the "Third Extension Order"), which set April 5, 2010 as the deadline for serving the summonses and complaints in the Retained Adversary Proceedings.

22.    Since November 2009, the Reorganized Debtors have completed service with respect to almost 100 of the Retained Adversary Proceedings. The Reorganized Debtors have been promptly attempting to effect service of process in each of the Retained Adversary Proceedings as summonses have been issued.  The Reorganized Debtors have worked collaboratively with the Clerk of the Court, communicating on a regular basis by telephone and email.  The Clerk of the Court has been responsive to the Reorganized Debtors' needs for the issuance of summonses in their cases.  However, the sheer volume of the demands in the Reorganized Debtors' cases and the other cases pending in this Court has unavoidably delayed the issuance of summonses and, consequently, the service of process in 21 of the Sixty Two Adversary Proceedings (listed in Exhibit B attached hereto).

23.    In addition, 30[5] of the Sixty Two Adversary Proceedings involve defendants that are foreign corporations (the "Foreign Defendants").  The Reorganized Debtors immediately

---

[5] 25 of the Sixty Two Adversary Proceedings involve Foreign Defendants and are being prosecuted by Butzel Long, as listed in Exhibit C attached hereto.  5 of the Sixty Two Adversary

began the process of serving these Foreign Defendants as prescribed by the Hague Service Convention or the Inter-American Convention, as applicable, as required for each Foreign Defendant's specific jurisdiction.  In addition, typically the Hague Service Convention and the Inter-American Convention require that the documents to be served upon such Foreign Defendant be translated in the official language of the foreign jurisdiction.  Although the Reorganized Debtors have acted and continue to act promptly and diligently in their efforts to effectuate service upon such Foreign Defendants, service under the Hague Service Convention or the Inter-American Convention, as applicable, could take six to eight months and therefore cannot be accomplished by the Service Deadline.

24.     The remaining 11 of the Sixty Two Adversary Proceedings (listed in <u>Exhibit D</u> attached hereto) generally involve situations where the Reorganized Debtors attempted service on a particular defendant but such service was returned.  The Reorganized Debtors are working diligently to locate the defendant or any successors to defendants and continue to investigate the reasons surrounding the returned service.

### <u>Relief Requested</u>

25.     The Reorganized Debtors seek entry of an order extending the deadline by which the Reorganized Debtors would be required to serve the summons and complaint in the Sixty Two Adversary Proceedings.  Specifically, the Reorganized Debtors request that the Service Deadline be extended by (a) 240 days from the date of the order with respect to the Foreign Defendants and (b) 30 days from the date of the order with respect to the remaining 32 adversary proceedings.

---

Proceedings involve Foreign Defendants and are being prosecuted by the Togut Firm, as listed in <u>Exhibit A</u> attached hereto.

## Basis For Relief

26.    A further extension of the time for service in the Sixty Two Adversary Proceedings is necessary for a variety of reasons.  First, due to the complex nature of effectuating service on the Foreign Defendants in accordance with the Hague Service Convention or the Inter-American Convention, as applicable, the Reorganized Debtors are at the mercy of several foreign jurisdictions which estimate that the process may take as long as 8 months.  Similarly, a further extension of the time for service in 21 of the Sixty Two Adversary Proceedings is necessary due to the unforeseen delay in the issuance of certain summons after the request therefor.[6]  In addition, the Reorganized Debtors' investigation concerning returned service is ongoing.  For the foregoing reasons, the Reorganized Debtors are unable to complete service by the Service Deadline.  The Reorganized Debtors seek immediate relief on this ground.

## Applicable Authority

27.    The Bankruptcy Rules and Federal Rules of Civil Procedure grant this Court discretion to adopt and implement guidelines which will aid the administration of adversary proceedings, including discretion to grant the proposed extension of the service of process deadline.  See Zapata v. City of New York, 502 F. 3d 192, 195 (2d Cir. 2007) (Rule 4(m) authorizes court to grant extensions of service period); In re Sheehan, 253 F.3d 507, 511 (9th Cir. 2001) ("[t]he time for service in an adversary proceeding may be extended under two different rules: Rule 4(m) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

28.    Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the

---

[6] With the exception of Duraswitch Industries, Inc. as noted in Exhibit B attached hereto.

court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Fed. R. Bankr. P. 9006(b)(1).

29.     The broad discretion granted to courts under 11 U.S.C. § 105(a) permit the Court to hear this Motion on an expedited, emergency basis in advance of the Service Deadline which expires before the next scheduled omnibus hearing set for April 22, 2010.

30.     Moreover, Fed. R. Civ. P. 4(m), made applicable here by Bankruptcy Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of process after the filing of a complaint.  See Bank of Cape Verde v. Bronson, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) (good cause finding premised in large part upon plaintiff having requested extension before deadline expired).  Even absent a showing of good cause, the rule permits the Court in the exercise of its discretion to extend the time for service.  Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996) (interpreting Rule 4(m) of the Federal Rules of Civil Procedure).

31.     Here, the extension request is being made before the expiration of the Service Deadline and will substantially aid in the efficient administration of the Sixty Two Adversary Proceedings.  The benefits of the additional time to the Court, the Reorganized Debtors and the defendants are apparent:  (a) the Clerk of the Court will have extended time that is needed to issue all of the remaining summonses in those 21 adversary proceedings listed in Exhibit B attached hereto; (b) the Court will not have to be burdened by motions to dismiss the Sixty Two Adversary Proceedings due to untimely service; (c) the Reorganized Debtors will not be burdened with having to spend time discussing issues of untimely service with defendants – time that could be much more effectively spent discussing substantive issues; (d) valuable claims in

favor of the Reorganized Debtors' estates will be maintained; and (e) the defendants in the Sixty Two Adversary Proceedings will not be burdened with having to incur legal fees pursuing the issue of untimely service.

32.    The Reorganized Debtors submit the foregoing benefits constitute good cause under Bankruptcy Rule 7004(m). Were the Court to find that good cause has not been shown, the Reorganized Debtors submit that the Court should exercise its discretion to grant the requested extensions of time.

33.    The Reorganized Debtors accordingly request that the Court extend the Service Deadline with respect to the Sixty Two Adversary Proceedings commenced in connection with the Preservation Order without prejudice to the Reorganized Debtors' right to seek further extensions of the deadline.

## Notice of Motion

34.    Notice of this Motion has been provided to each defendant at the most reliable address the Reorganized Debtors have been able to identify via overnight mail, and by filing the Motion on the docket in each of the Sixty Two Adversary Proceedings. Given the particular circumstances of this Motion, the Reorganized Debtors submit that no other or further notice is necessary under section 102(1) of the Bankruptcy Code.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter an order (i) granting the relief requested herein as set forth in the proposed order submitted herewith, and (ii) granting the Reorganized Debtors such other and further relief as the Court deems just and proper.

Dated: March 25, 2010
      New York, New York

                          Respectfully submitted,

                          **BUTZEL LONG,**
                          a professional corporation

                          By: /s/ Eric B. Fisher
                                Barry N. Seidel
                                Eric B. Fisher
                                Cynthia J. Haffey
                          380 Madison Avenue
                          22nd Floor
                          New York, New York 10017
                          Telephone:  (212) 374-5359
                          Facsimile:  (212) 818-0494
                          fishere@butzel.com

**EXHIBIT A**

**TOGUT FIRM ACTIONS**

| Case No. | Defendant(s) | Foreign Jurisdiction(s) |
|---|---|---|
| 07-02348 | Johnson Controls, et al. | Germany |
| 07-02712 | Kostal, et al. | Mexico |
| 07-02541 | NGK, et al. | Japan |
| 07-02659 | Sumitomo, et al. | Japan |
| 07-02534 | Valeo, et al. | France, Germany |

**EXHIBIT B**

**SUMMONS REQUESTED BUT NOT YET ISSUED**

| Case No. | Defendant(s) |
|----------|--------------|
| 07-02135 | AutoCam |
| 07-02242 | Dupont Martl, Inc. |
| 07-02220 | Duraswitch Industries, Inc.[7] |
| 07-02484 | MSX International, Inc., et al. |
| 07-02540 | Owens Corning |
| 07-02697 | Progressive Molded Products |
| 07-02742 | Republic |
| 07-02769 | RSR/Ecobat |
| 07-02618 | Select Tool & Die Corp |
| 07-02619 | Setech Inc., et al. |
| 07-02639 | Spartech Polycom |
| 07-02661 | Summit Polymers Inc. |
| 07-02668 | Tata America International Corp. |
| 07-02672 | Tech Central |
| 07-02688 | Timken Company, et al. |
| 07-02539 | Vanguard Distributors |
| 07-02551 | Victory Packaging, L.P., et al. |
| 07-02556 | Vishay Americas, Inc. |
| 07-02597 | Wells Fargo Business, et al. |
| 07-02602 | Westwood Associates, Inc., et al. |
| 07-02605 | Wiegel Tool Works Inc. |

---

[7] In light of recent developments, the Reorganized Debtors must request a second summons to properly identify the correct defendant entity.

## EXHIBIT C

## FOREIGN DEFENDANTS

| Case No. | Defendant(s) | Foreign Jurisdiction(s) |
|---|---|---|
| 07-02270 | BP Amco Corp, et al. | United Kingdom |
| 07-02131 | Century Services | Canada |
| 07-02291 | Carlisle Mexico S.A. DE C. V. | Mexico |
| 07-02198 | Affinia Canada Corp, et al. | Canada, Mexico, Poland |
| 02-02203 | Dong Jin Motor Co., Ltd | Korea |
| 02-02262 | EDS Canada, Inc. | Canada |
| 02-02274 | Fin Machine Co. Ltd | United Kingdom |
| 07-02298 | Flextronics Int'l Asia Pacific | Singapore |
| 07-02357 | JVS EQTOS P/Autom Ind'l Ltd | Brazil |
| 07-02378 | Marquardt GmbH | Germany |
| 07-02435 | Norsk Hydro Canada, et al. | Canada |
| 07-02442 | Heraeus Metal Processing Ltd. | Ireland |
| 07-02449 | Hewlett Packard Mexico | Mexico |
| 07-02617 | Securitas Companies, et al. | Sweden |
| 07-02657 | Styner & Bienz Formtech | Switzerland |
| 07-02679 | TESA AG | Germany |
| 07-02688 | Timken France SAS | France |
| 07-02689 | Pro Tec Corporation | Canada |
| 07-02790 | Tyco Electronics AG | Sweden |
| 07-02714 | Kyocera | Japan |
| 07-02745 | M2M International | Canada |
| 07-02775 | Sasol Germany GmbH | Germany |
| 07-02783 | Freudenberg, et al. | Germany, United Kingdom, Mexico |
| 07-02799 | Osar SRL | Italy |
| 07-02800 | Robert Bosch GmbH | Germany |

17

## **EXHIBIT D**

## **SERVICE RETURNED**

| Case No. | Defendant(s) |
|----------|--------------|
| 07-02090 | Amsea |
| 07-02238 | Circle Plastics Products |
| 07-02260 | Dayton Tool Co. |
| 07-02312 | Fluent Inc. |
| 07-02374 | Hague WM Co. |
| 07-02720 | Laneko Engineering |
| 07-02756 | Magnesium Aluminum |
| 07-02527 | ND AMC |
| 07-02694 | Production Specialty Group |
| 07-02523 | UVA Machine Company |
| 07-02553 | Viking Polymer Solutions |

# EXHIBIT R

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DPH HOLDINGS CORP., et al., <br><br><br>Reorganized Debtors. | Chapter 11 <br><br> Case No. 05-44481 (RDD) <br> (Jointly Administered) <br><br> Adv. Pro. Nos.: <br><br> 07-02090   Amsea <br> 07-02135   AutoCam <br> 07-02238   Circle Plastics Products <br> 07-02260   Dayton Tool Co. <br> 07-02242   Dupont Martl, Inc. <br> 07-02220   Duraswitch Industries, Inc. <br> 07-02312   Fluent Inc. <br> 07-02374   Hague WM Co. <br> 07-02720   Laneko Engineering <br> 07-02756   Magnesium Aluminum <br> 07-02484   MSX International, Inc., et al. <br> 07-02527   ND AMC <br> 07-02540   Owens  Corning <br> 07-02694   Production Specialty Group <br> 07-02697   Progressive Molded Products <br> 07-02742   Republic <br> 07-02769   RSR/Ecobat <br> 07-02618   Select Tool & Die Corp <br> 07-02619   Setech Inc., et al. <br> 07-02639   Spartech Polycom <br> 07-02661   Summit Polymers Inc. <br> 07-02668   Tata America International Corp. <br> 07-02672   Tech Central <br> 07-02523   UVA Machine Company <br> 07-02539   Vanguard Distributors <br> 07-02551   Victory Packaging, L.P., et al. <br> 07-02553   Viking Polymer Solutions <br> 07-02556   Vishay Americas, Inc. <br> 07-02597   Wells Fargo Business, et al. <br> 07-02602   Westwood Associates, Inc., et al. <br> 07-02605   Wiegel Tool Works Inc. |

**ORDER UNDER SECTION 105(a) OF THE BANKRUPTCY CODE,**
**FED. R. BANKR. P. 7004(a) AND 9006(b)(1), AND FED. R. CIV. P. 4(m)**
**EXTENDING DEADLINE TO SERVE PROCESS FOR AVOIDANCE**
**ACTIONS AGAINST CERTAIN DOMESTIC DEFENDANTS**

Upon the emergency motion, dated March 25, 2010 (the "Motion"), of DPH Holdings

Corporation and certain of its affiliated reorganized debtors (collectively, the "Reorganized

Debtors" or "Plaintiffs"), for an order under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7004(a) and

9006(b)(1), and Fed. R. Civ. P. 4(m) extending the deadline to serve process for certain

avoidance actions commenced in connection with the Preservation Order[1] (Docket No. 9105),

which deadline was previously extended to May 31, 2008 pursuant to the First Extension Order

(Docket No. 13277), and further extended to 30 days after substantial confirmation of the Plan or

any modified plan pursuant to the Second Extension Order (Docket No. 13484) and further

extended to 180 days after substantial consummation of the Modified Plan pursuant to the Third

Extension Order (Docket No. 18999); and there being due and sufficient notice of the Motion

under the circumstances and it appearing that no other or further notice is necessary; and upon

the record of the hearing held on the Motion on April 1, 2010; and, for the reasons set forth on

the record, the Court having determined that the relief requested in the Motion as granted herein

and in the three (3) companion Orders entered in connection with the Motion is supported by

good and sufficient cause and is in the best interests of the Reorganized Debtors, their estates,

their creditors, and other parties-in-interest, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Motion is GRANTED as provided herein;

2.       As it relates to each of the adversary proceedings listed on the attached

schedule (collectively, the "Domestic Adversary Proceedings"), Paragraph 8 of the Preservation

Order, as previously modified by the First Extension Order, the Second Extension Order and the

Third Extension Order, is hereby further modified so that the time under the Federal Rule of

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Civil Procedure 4(m) by which the Reorganized Debtors must serve a defendant in the Domestic

Adversary Proceedings with a summons and complaint is further extended for thirty (30) days,

through and including May 5, 2010, without prejudice, however, to the Reorganized Debtors'

right to seek further extensions and without prejudice to the right of any defendant to seek to

shorten the deadline.

3.       If the Reorganized Debtors serve a summons and complaint on any

defendant in any of the Domestic Adversary Proceedings after April 5, 2010, the Reorganized

Debtors shall serve a copy of this Order upon each such defendant either when the Reorganized

Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable.

All other provisions of the Preservation Order shall remain in effect.

4.       The Reorganized Debtors shall cause a copy of this Order to be filed in

each of the Domestic Adversary Proceedings.

5.       The entry of this Order is without prejudice to the rights of any party in

any of the Domestic Adversary Proceedings, but only to the extent such rights existed prior to

the entry of this Order, to: (a) challenge (by motion to vacate or any other appropriate means) the

Preservation Order, the First Extension Order, Second Extension Order and the Third Extension

Order; and to (b) raise any issue in connection therewith, including, without limitation (i)

burden-shifting mechanisms, (ii) challenges and objections on the merits, and (iii) the absence of

any collateral estoppel, res judicata or other preclusive effect with regard to any arguments the

defendants may make related to, without limitation, the defendants' ability to assert any

affirmative and other defenses based on the unavailability, destruction or disappearance of, or

failure to preserve, any evidence (including, without limitation, witnesses and documents).

6.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 20, 2010
       White Plains, New York

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE
## OF
## DOMESTIC ADVERSARY PROCEEDINGS

| Case No. | Defendant(s) |
|---|---|
| 07-02090 | Amsea |
| 07-02135 | AutoCam |
| 07-02238 | Circle Plastics Products |
| 07-02260 | Dayton Tool Co. |
| 07-02242 | Dupont Martl, Inc. |
| 07-02220 | Duraswitch Industries, Inc. |
| 07-02312 | Fluent Inc. |
| 07-02374 | Hague WM Co. |
| 07-02720 | Laneko Engineering |
| 07-02756 | Magnesium Aluminum |
| 07-02484 | MSX International, Inc., et al. |
| 07-02527 | ND AMC |
| 07-02540 | Owens  Corning |
| 07-02694 | Production Specialty Group |
| 07-02697 | Progressive Molded Products |
| 07-02742 | Republic |
| 07-02769 | RSR/Ecobat |
| 07-02618 | Select Tool & Die Corp |
| 07-02619 | Setech Inc., et al. |
| 07-02639 | Spartech Polycom |
| 07-02661 | Summit Polymers Inc. |
| 07-02668 | Tata America International Corp. |
| 07-02672 | Tech Central |
| 07-02523 | UVA Machine Company |
| 07-02539 | Vanguard Distributors |
| 07-02551 | Victory Packaging, L.P., et al. |
| 07-02553 | Viking Polymer Solutions |
| 07-02556 | Vishay Americas, Inc. |
| 07-02597 | Wells Fargo Business, et al. |
| 07-02602 | Westwood Associates, Inc., et al. |
| 07-02605 | Wiegel Tool Works Inc. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DPH HOLDINGS CORP., et al.,<br><br><br>                          Reorganized Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered)<br><br>Adv. Pro. Nos.:<br><br>07-02198        Affinia Canada Corp, et al.<br>07-02712        Kostal, et al.<br>07-02534        Valeo, et al. |

**ORDER UNDER SECTION 105(a) OF THE BANKRUPTCY CODE,
FED. R. BANKR. P. 7004(a) AND 9006(b)(1), AND FED. R. CIV. P. 4(m)
EXTENDING DEADLINE TO SERVE PROCESS FOR AVOIDANCE
ACTIONS AGAINST FOREIGN DEFENDANTS IN ADVERSARY
<u>PROCEEDING NOS. 07-02198, 07-02534 AND 07-02712</u>**

Upon the emergency motion, dated March 25, 2010 (the "Motion"), of DPH Holdings

Corporation and certain of its affiliated reorganized debtors (collectively, the "Reorganized

Debtors" or "Plaintiffs"), for an order under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7004(a) and

9006(b)(1), and Fed. R. Civ. P. 4(m) extending the deadline to serve process for certain

avoidance actions commenced in connection with the Preservation Order[1] (Docket No. 9105),

which deadline was previously extended to May 31, 2008 pursuant to the First Extension Order

(Docket No. 13277), and further extended to 30 days after substantial confirmation of the Plan or

any modified plan pursuant to the Second Extension Order (Docket No. 13484) and further

extended to 180 days after substantial consummation of the Modified Plan pursuant to the Third

Extension Order (Docket No. 18999); and there being due and sufficient notice of the Motion

under the circumstances and it appearing that no other or further notice is necessary; and upon

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the record of the hearing held on the Motion on April 1, 2010; and after due deliberation; and, for the reasons set forth on the record, the Court having determined that the relief requested in the Motion as granted herein and in the three (3) companion Orders entered in connection with the Motion is supported by good and sufficient cause, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED as provided herein;

2.    As it relates to each of the adversary proceedings listed on the attached schedule (collectively, the "Adversary Proceedings with Foreign Defendants"), Paragraph 8 of the Preservation Order, as previously modified by the First Extension Order, the Second Extension Order and the Third Extension Order, is hereby further modified so that the time by which the Reorganized Debtors must serve each Foreign Defendant (as defined below) in the Adversary Proceedings with Foreign Defendants with a summons and complaint is further extended for two hundred and forty (240) days, through and including December 1, 2010.  The term "Foreign Defendant" means only those certain defendants in the Adversary Proceedings with Foreign Defendants to which service of process must be effected outside of the United States; "Foreign Defendant" does not include those defendants in the Adversary Proceedings with Foreign Defendants to which service of process may be effected within the United States. This extension shall be the final extension which the Court will grant with respect to serving each Foreign Defendant in the Adversary Proceedings with Foreign Defendants with their respective summons and complaint, unless the Reorganized Debtors, in connection with a request for a further extension of time as to a Foreign Defendant in a particular Adversary Proceeding with Foreign Defendants, demonstrate that such Foreign Defendant took any action after the date of this Order to thwart such service of process upon it.

2

3.      If the Reorganized Debtors serve a summons and complaint on any defendant in any of the Adversary Proceedings with Foreign Defendants after April 5, 2010, the Reorganized Debtors shall serve a copy of this Order upon each such defendant, either when the Reorganized Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable.  All other provisions of the Preservation Order shall remain in effect.

4.      The Reorganized Debtors shall cause a copy of this Order to be filed in each of the Adversary Proceedings with Foreign Defendants.

5.      The entry of this Order is without prejudice to the rights of any party in any of the Adversary Proceedings with Foreign Defendants, but only to the extent such rights existed prior to the entry of this Order, to: (a) challenge (by motion to vacate or any other appropriate means) the Preservation Order, the First Extension Order, Second Extension Order and the Third Extension Order; and to (b) raise any issue in connection therewith, including, without limitation (i) burden-shifting mechanisms, (ii) challenges and objections on the merits, and (iii) the absence of any collateral estoppel, res judicata or other preclusive effect with regard to any arguments the defendants may make related to, without limitation, the defendants' ability to assert any affirmative and other defenses based on the unavailability, destruction or disappearance of, or failure to preserve, any evidence (including, without limitation, witnesses and documents).

6.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 20, 2010
          White Plains, New York

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE**
**OF**
**ADVERSARY PROCEEDINGS WITH FOREIGN DEFENDANTS**

| Case No. | Defendant(s) |
|----------|--------------|
| 07-02198 | Affinia Canada Corp, et al. |
| 07-02712 | Kostal, et al. |
| 07-02534 | Valeo, et al. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| | Chapter 11 |
| DPH HOLDINGS CORP., <u>et al</u>., | |
| | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |
| | Adv. Pro. Nos.: |
| | |
| | 07-02270   BP Amco Corp, et al. |
| | 07-02291   Carlisle Mexico S.A. DE C. V. |
| | 07-02131   Century Services |
| | 02-02203   Dong Jin Motor Co., Ltd |
| | 02-02262   EDS Canada, Inc. |
| | 02-02274   Fin Machine Co. Ltd |
| | 07-02298   Flextronics Int'l Asia Pacific |
| | 07-02442   Heraeus Metal Processing Ltd. |
| | 07-02449   Hewlett Packard Mexico |
| | 07-02348   Johnson Controls, et al. |
| | 07-02357   JVS EQTOS P/Autom Ind'l Ltd |
| | 07-02714   Kyocera |
| | 07-02378   Marquardt GmbH |
| | 07-02745   M2M International |
| | 07-02541   NGK, et al. |
| | 07-02435   Norsk Hydro Canada, et al. |
| | 07-02799   Osar SRL |
| | 07-02689   Pro Tec Corporation |
| | 07-02800   Robert Bosch GmbH |
| | 07-02775   Sasol Germany GmbH |
| | 07-02617   Securitas Companies, et al. |
| | 07-02657   Styner & Bienz Formtech |
| | 07-02659   Sumitomo, et al. |
| | 07-02679   TESA AG |
| | 07-02688   Timken France SAS |
| | 07-02790   Tyco Electronics AG |

**ORDER UNDER SECTION 105(a) OF THE BANKRUPTCY CODE,
FED. R. BANKR. P. 7004(a) AND 9006(b)(1), AND FED. R. CIV. P. 4(m)
EXTENDING DEADLINE TO SERVE PROCESS FOR AVOIDANCE
<u>ACTIONS AGAINST CERTAIN FOREIGN DEFENDANTS</u>**

Upon the emergency motion, dated March 25, 2010 (the "Motion"), of DPH Holdings Corporation and certain of its affiliated reorganized debtors (collectively, the "Reorganized Debtors" or "Plaintiffs"), for an order under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7004(a) and 9006(b)(1), and Fed. R. Civ. P. 4(m) extending the deadline to serve process for certain avoidance actions commenced in connection with the Preservation Order[1] (Docket No. 9105), which deadline was previously extended to May 31, 2008 pursuant to the First Extension Order (Docket No. 13277), and further extended to 30 days after substantial confirmation of the Plan or any modified plan pursuant to the Second Extension Order (Docket No. 13484) and further extended to 180 days after substantial consummation of the Modified Plan pursuant to the Third Extension Order (Docket No. 18999); and there being due and sufficient notice of the Motion under the circumstances and it appearing that no other or further notice is necessary; and upon the record of the hearing held on the Motion on April 1, 2010; and after due deliberation; and, for the reasons set forth on the record, the Court having determined that the relief requested in the Motion as granted herein and in the three companion Orders entered in connection with the Motion is supported by due and sufficient cause and is in the best interests of the Reorganized Debtors, their estates, their creditors, and other parties-in-interest, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as provided herein;

2.      As it relates to each of the adversary proceedings listed on the attached schedule (collectively, the "Foreign Adversary Proceedings"), Paragraph 8 of the Preservation Order, as previously modified by the First Extension Order, the Second Extension Order and the Third Extension Order, is further modified so that the time by which the Reorganized Debtors must serve the defendants in the Foreign Adversary Proceedings with a summons and complaint

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

is further extended for two hundred and forty (240) days, through and including December 1, 2010. This extension shall be the final extension which the Court will grant with respect to serving the defendants in the Foreign Adversary Proceedings with their respective summons and complaint unless the Reorganized Debtors, in connection with a request for a further extension of time as to a defendant in a particular Foreign Adversary Proceeding, can demonstrate that such defendant took any step to evade or otherwise thwart such service of process upon it.

3.      If the Reorganized Debtors serve a summons and complaint on any defendant in any of the Foreign Adversary Proceedings after April 5, 2010, the Reorganized Debtors shall serve a copy of this Order upon each such defendant either when the Reorganized Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable. All other provisions of the Preservation Order shall remain in effect.

4.      The Reorganized Debtors shall cause a copy of this Order to be filed in each of the Foreign Adversary Proceedings.

5.      The entry of this Order is without prejudice to the rights of any party in any of the Foreign Adversary Proceedings, but only to the extent such rights existed prior to the entry of this Order, to: (a) challenge (by motion to vacate or any other appropriate means) the Preservation Order, the First Extension Order, Second Extension Order and the Third Extension Order; and to (b) raise any issue in connection therewith, including, without limitation (i) burden-shifting mechanisms, (ii) challenges and objections on the merits, and (iii) the absence of any collateral estoppel, res judicata or other preclusive effect with regard to any arguments the defendants may make related to, without limitation, the defendants' ability to assert any affirmative and other defenses based on the unavailability, destruction or disappearance of, or failure to preserve, any evidence (including, without limitation, witnesses and documents).

3

6.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 20, 2010
       White Plains, New York

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE
## OF
## FOREIGN ADVERSARY PROCEEDINGS

| Case No. | Defendant(s) |
| --- | --- |
| 07-02270 | BP Amco Corp, et al. |
| 07-02291 | Carlisle Mexico S.A. DE C. V. |
| 07-02131 | Century Services |
| 02-02203 | Dong Jin Motor Co., Ltd |
| 02-02262 | EDS Canada, Inc. |
| 02-02274 | Fin Machine Co. Ltd |
| 07-02298 | Flextronics Int'l Asia Pacific |
| 07-02442 | Heraeus Metal Processing Ltd. |
| 07-02449 | Hewlett Packard Mexico |
| 07-02348 | Johnson Controls, et al. |
| 07-02357 | JVS EQTOS P/Autom Ind'l Ltd |
| 07-02714 | Kyocera |
| 07-02378 | Marquardt GmbH |
| 07-02745 | M2M International |
| 07-02541 | NGK, et al. |
| 07-02435 | Norsk Hydro Canada, et al. |
| 07-02799 | Osar SRL |
| 07-02689 | Pro Tec Corporation |
| 07-02800 | Robert Bosch GmbH |
| 07-02775 | Sasol Germany GmbH |
| 07-02617 | Securitas Companies, et al. |
| 07-02657 | Styner & Bienz Formtech |
| 07-02659 | Sumitomo, et al. |
| 07-02679 | TESA AG |
| 07-02688 | Timken France SAS |
| 07-02790 | Tyco Electronics AG |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DPH HOLDINGS CORP., et al., | Chapter 11 |
| Reorganized Debtors. | Case No. 05-44481 (RDD)<br>(Jointly Administered)<br><br>Adv. Pro. No. 07-02783 |
| DPH HOLDINGS CORP., *et al.,*<br><br>    Plaintiffs,<br><br>FREUDENBERG, FLEXITECH INC.,<br>FREUDENBERG HIGH QUALITY,<br>FREUDENBERG NOK, FREUDENBERG NOK<br>DE MEXICO, FREUDENBERG NONWOVENS,<br>FREUDENBERG-NOK GENERAL,<br>FREUDENBERG-NOK/ ARMET,<br>VIBRACOUSTIC DE MEXICO and<br>VIBRACOUSTIC GMBH & CO. KG,<br><br>    Defendants. |  |

**ORDER UNDER SECTION 105(a) OF THE BANKRUPTCY CODE,
FED. R. BANKR. P. 7004(a) AND 9006(b)(1), AND FED. R. CIV. P. 4(m)
EXTENDING DEADLINE TO SERVE PROCESS FOR AVOIDANCE
ACTION AGAINST CERTAIN FREUDENBERG DEFENDANTS**

Upon the emergency motion, dated March 25, 2010 (the "Motion"), of DPH Holdings

Corporation and certain of its affiliated reorganized debtors (collectively, the "Reorganized

Debtors" or "Plaintiffs"), for an order under 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7004(a) and

9006(b)(1), and Fed. R. Civ. P. 4(m) extending the deadline to serve process for certain

avoidance actions commenced in connection with the Preservation Order[1] (Docket No. 9105),

which deadline was previously extended to May 31, 2008 pursuant to the First Extension Order

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

(Docket No. 13277), and further extended to 30 days after substantial confirmation of the Plan or any modified plan pursuant to the Second Extension Order (Docket No. 13484) and further extended to 180 days to April 5, 2010 after substantial consummation of the Modified Plan pursuant to the Third Extension Order (Docket No. 18999); and there being due and sufficient notice of the Motion under the circumstances and it appearing that no other or further notice is necessary; and upon the record of the hearing held on the Motion on April 1, 2010; and after due deliberation; and, for the reasons set forth on the record, the Court having determined that the relief requested in the Motion as granted herein and, with respect to adversary proceedings other than the Freudenberg Adversary Proceeding (as defined below), in the three (3) companion Orders entered in connection with the Motion is supported by good and sufficient cause and is in the best interests of the Reorganized Debtors, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as provided herein;

2.      As it relates to this adversary proceeding number 07-02783, captioned, "*Delphi Corporation, et al. v. Freudenberg, Flexitech Inc., Freudenberg High Quality, Freudenberg Nok, Freudenberg Nok de Mexico, Freudenberg Nonwovens, Freudenberg-Nok General, Freudenberg-Nok/Armet, Vibracoustic de Mexico and Vibracoustic GmbH & Co. KG*" (the "Freudenberg Adversary Proceeding"), Paragraph 8 of the Preservation Order, as previously modified by the First Extension Order, the Second Extension Order and the Third Extension Order, is hereby further modified so that the time by which the Reorganized Debtors must serve the defendants in the Freudenberg Adversary Proceeding to which service of process must be effected outside of the United States (collectively, the "Freudenberg Defendants") with a

summons and complaint is further extended for thirty (30) days, through and including May 5, 2010, subject to further extension as provided in paragraph 3 below.

3.      The Motion is adjourned to April 27, 2010 at 10:00 a.m. (the "Adjourned Hearing") as it relates only to this adversary proceeding and the request by the Reorganized Debtors to extend the time to serve the summons and complaint upon the Freudenberg Defendants for an additional two hundred and ten (210) days (through and including December 1, 2010). At the Adjourned Hearing, the Court, in considering the Motion, will consider, inter alia, the adequacy of the defenses raised by Freudenberg-NOK General Partnership, Freudenberg-NOK, Inc., Flexitech, Inc., and Vibracoustic de Mexico, S.A. de C.V at the April 1 Hearing.

4.      If the Reorganized Debtors serve a summons and complaint on any Freudenberg Defendant in connection with this adversary proceeding after April 5, 2010, the Reorganized Debtors shall serve a copy of this Order upon each such defendant either when the Reorganized Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable. All other provisions of the Preservation Order shall remain in effect.

5.      The entry of this Order is without prejudice to the rights of any party in the Freudenberg Adversary Proceeding, but only to the extent such rights existed prior to the entry of this Order, to: (a) challenge (by motion to vacate or any other appropriate means) the Preservation Order, the First Extension Order, Second Extension Order and the Third Extension Order; and to (b) raise any issue in connection therewith, including, without limitation (i) burden-shifting mechanisms, (ii) challenges and objections on the merits, and (iii) the absence of any collateral estoppel, res judicata or other preclusive effect with regard to any arguments the defendants may make related to, without limitation, the defendants' ability to assert any

affirmative and other defenses based on the unavailability, destruction or disappearance of, or

failure to preserve, any evidence (including, without limitation, witnesses and documents).

      6.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

Dated:  April 20, 2010
     White Plains, New York

                 /s/Robert D. Drain
                 UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT S

Exhibit 7.24


Retained Actions


All Plan Exhibits are subject to all of the provisions of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 11386) (as subsequently modified or amended, the "Plan"), including, without limitation, Article 14.3, under which the Debtors have reserved the right to alter, amend, or modify the Plan or any Exhibits thereto under section 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Date.

Retained Actions

General Note to Plan Schedule 7.24[1]

  In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in section 7.24 of the Plan, the Reorganized Debtors shall retain and may (but are not required to) enforce all Retained Actions and all other similar claims arising under applicable state laws, including, without limitation, fraudulent transfer claims, if any, and all other Causes of Action of a trustee and debtor-in-possession under the Bankruptcy Code, including, without limitation, all of those claims, Retained Actions, and Causes of Action that are listed in the Debtors' Schedules, as they may have been amended, and any such claims, Retained Actions, and Causes of Action that may have subsequently arisen, that may have subsequently been discovered, or which may be pending. The Debtors or the Reorganized Debtors, in their sole and absolute discretion, shall determine whether to bring, settle, release, compromise, or enforce such Retained Actions (or decline to do any of the foregoing), and shall not be required to seek further approval of the Bankruptcy Court for such action unless such approval is required under section 9.6(b) of the Plan. The Reorganized Debtors or any successors may pursue such litigation claims in accordance with the best interests of the Reorganized Debtors or any successors holding such rights of action.

  For the avoidance of any confusion, the Debtors and Reorganized Debtors or any successors holding such rights of action expressly retain, among all other rights of action:

  1. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against General Motors Corporation and its affiliates and subsidiaries (collectively, the "GM Entities"), including but not limited to claims and causes of action subject to (a) the Stipulation and Consent Order Addressing Estate Litigation Against General Motors Corporation, dated October 5, 2007, and (b) the Debtors' complaint against the GM Entities, each of which was filed under seal in accordance with the Bankruptcy Court's August 16, 2007 order (Docket No. 9105), except that all of such claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors and their Estates against GM Entities shall survive only until the date on which all of the conditions set forth in Article 6 of the Delphi-GM Global Settlement Agreement have been satisfied or waived in accordance with the terms therein, at which time they shall be released, subject to the next sentence of this paragraph. Notwithstanding the foregoing, any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against the GM Entities that are Delphi Surviving Claims (as defined in the Delphi-GM Global Settlement

---

[1] Capitalized terms used in this Exhibit and not otherwise defined have the meanings ascribed to such terms in the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession.

Agreement), shall survive and not be released.[2]

2. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against Furukawa Electric North America APD and Furukawa Electric Co., Ltd. and their affiliates and subsidiaries.

3. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against any party or third party arising out of or relating to the claims raised against the Debtors in certain consolidated class action proceedings styled In Re Delphi Corporation Securities, Derivative & ERISA Litigation, Master Case No. 05-md-1725, pending in the United States District Court for the Eastern District of Michigan (the "MDL Litigation"), including claims for indemnification, claims related to the rights to the proceeds of any applicable insurance policies, claims for breach of duty or breach of care in connection with the allegations in the MDL Litigation, derivative claims against former officers, directors, or employees of the Debtors, and claims for negligent or willful conduct which may have caused or contributed to the alleged liability of the Debtors in connection with the MDL Litigation. Provided further, that only those claims and Causes of Action that are expressly specified as being subject to release by the Debtors in certain stipulations of settlement in connection with the MDL Litigation, will be released but only when and if those stipulations become effective by their terms.

4. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against the United States of America with respect to the Debtors' right to a refund of taxes paid by Delphi, a predecessor of Delphi Automotive Systems LLC, and Delphi Automotive Systems LLC under the Federal Insurance Contributions Act with respect to "ratification bonuses" paid shortly after the effective date of duly ratified collective bargaining agreements to certain union members in 1999 and 2003.

5. Any and all claims, Causes of Action, rights of action, suits, and proceedings in favor of the Debtors or their Estates against Laneko Engineering Co., Wachovia Bank, National Association and Laneko Engineering Co. Inc. and their affiliates and subsidiaries.

The Debtors reserve their right to modify this list to amend, add or remove parties or otherwise update this list, but disclaim any obligation to do so.

---

[2] In the event that there are any conflicts between the terms and provisions of this Exhibit (and as it may be amended) and the provisions of the Delphi-GM Global Settlement Agreement, the terms of the Delphi-GM Global Settlement Agreement shall govern.