UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    In re                               :        Chapter 11
                                              :
DPH HOLDINGS CORP., <u>et al.</u>,           :        Case No. 05-44481 (RDD)
                                              :
    Reorganized Debtors. :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ORDER IN RESPECT OF ADMINISTRATIVE EXPENSE CLAIMS
OF METHODE ELECTRONICS INC.</u>

Upon the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain

Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C)

State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E)

Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax

Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge

(A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim,

And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A)

State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow

Certain Administrative Expense Severance Claims (the "Forty-Sixth Omnibus Objection")

(Docket No. 19711); and upon Methode's Motion For An Order (I) Permitting Methode To

Continue Post-Petition Litigation With The Reorganized Debtors In Michigan And (II)

Overruling The Reorganized Debtors' Timeliness Objection To Methode's Administrative

Expense Claims (Docket Nos. 19895, 19896, and 19897) (the "Motion"); and upon the

Reorganized Debtors' Objection To Motion Of Methode Electronics, Inc. For An Order (I)

Permitting Methode To Continue Post-Petition Litigation With Reorganized Debtors In

Michigan And (II) Overruling The Reorganized Debtors' Timeliness Objection To Methode's

Administrative Expense Claims (Docket No. 20070); and upon the Reply In Support Of Motion

Of Methode Electronics, Inc. For An Order (I) Permitting Methode To Continue Post-Petition

Litigation With The Reorganized Debtors In Michigan And (II) Overruling The Reorganized

Debtors' Timeliness Objection To Methode's Administrative Expense Claims (Docket No.

20164); for the reasons stated on the record at the May 20, 2010 Omnibus Hearing with respect

to the Motion (the "Hearing") (Docket No. 20197), which are incorporated herein as findings of

fact and conclusions of law in support of entry of this Order; and after due deliberation thereon;

and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      Methode Electronics, Inc. ("Methode"), the holder of proof of claim

numbers 19950 and 19951 (together the "Administrative Claims"), was properly and timely

served with a copy of the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the

"Bar Date Notice"), which stated that pursuant to the Order (A)(I) Approving Modifications To

Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And

Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To

Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense

Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the

"Modification Procedures Order"), as modified by the Stipulation And Agreed Order Modifying

Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

(Docket No. 18259), July 15, 2009 was the deadline for filing a proof of administrative expense

for the purpose of asserting an administrative expense request against any of the Debtors under

11 U.S.C. § 503(b) for the period from the commencement of these chapter 11 cases through

May 31, 2009.

B.       The Court has jurisdiction over the Forty-Sixth Omnibus Objection and

the Motion, which are core proceedings under 28 U.S.C. § 157(b)(2), pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue of these cases, the Forty-Sixth Omnibus Objection and the Motion in

this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.       Methode filed the Administrative Claims on November 5, 2009.  The

Administrative Claims assert liabilities in connection with the August/September 2008 supply

agreement (the "Supply Agreement") between Delphi Automotive Systems LLC ("Delphi") and

Methode (the "Contract Claim") and liabilities associated with Methode's claim of patent

infringement (the "Patent Claim").

D.       For the reasons stated by this Court on the record at the Hearing, Methode

has failed to establish excusable neglect or cause to justify its failure to timely file its

Administrative Claims with respect to the Patent Claim pursuant to the Modification Procedures

Order and the Bar Date Notice for the period from the commencement of these chapter 11 cases

through May 31, 2009.

E.       As stipulated by Methode on the record at the Hearing, the counterclaim

with respect to the Supply Agreement is moot as currently pleaded in the Michigan state court,

and Methode's Contract Claim does not seek to assert claims that arose prior to June 1, 2009.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.      The Motion is granted in part, denied in part, and determined to be moot in part as set forth below.

        a.      The request to overrule the Reorganized Debtors' timeliness objection to that portion of the Patent Claim that arose prior to June 1, 2009 is denied, and the Reorganized Debtors' timeliness objection is granted with respect to the portion of the Patent Claim that arose prior to June 1, 2009.  Accordingly, the Patent Claim is hereby disallowed with prejudice with respect to all claims that arose prior to June 1, 2009, and the Reorganized Debtors shall make no distribution on account of such claims.

        b.      Subject to the limitation in sub-paragraph 1(a) of this Order, the request to lift the Plan Injunction to allow continuation of the litigation regarding patent infringement pending in the federal district court for the Eastern District of Michigan is granted as stipulated between the parties on the record at the Hearing.

        c.      The disposition of the Motion and the Reorganized Debtors' timeliness objection with respect to the Contract Claim is as set forth in the transcript of the Hearing, which is hereby So Ordered by the Court.  Accordingly, the request to overrule the Reorganized Debtors' timeliness objection with respect to the Contract Claim is deemed moot and the request to lift the Plan Injunction to allow litigation regarding the Contract Claim in the Michigan state court is held in abeyance pending a stipulation between the parties or further application to this Court.

        2.      Kurtzman Carson Consultants LLC is hereby directed to serve this Order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding

Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims

(Docket No. 6089).

        3.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this Order.

Dated: White Plains, New York
       June 14, 2010

                          /s/Robert D. Drain
                          UNITED STATES BANKRUPTCY JUDGE