SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                 :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND SUNRISE MEDICAL HHG, INC.
(I) DISALLOWING AND EXPUNGING  PROOF OF CLAIM
NUMBER 14176 AND (II) WITHDRAWING CURE OBJECTION

(SUNRISE MEDICAL HHG, INC.)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Sunrise Medical HHG, Inc. ("Sunrise" or the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Sunrise Medical HHG, Inc. (I) Disallowing And Expunging Proof Of Claim Number 14176 And (II) Withdrawing Cure Objection (Sunrise Medical HHG, Inc.) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Medical Systems Corporation ("DMSC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, the Claimant filed proof of claim number 14176 against DMSC, which asserts an unliquidated unsecured non-priority claim (the "Claim") stemming from Delphi's alleged breach of a supply agreement.

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books and Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, the Claimant filed the Response Of Sunrise Medical, Inc. To Debtors' Third Omnibus Objection (Docket No. 5718) (the "Response").

2

WHEREAS, on July 10, 2009, the Debtors served the Claimant with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization (the "Parnassus Notice Of Assumption And Assignment"), listing various contracts to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC and listing cure amounts of $0.00.

WHEREAS, on July 15, 2009, Sunrise filed the Objection Of Sunrise Medical HHG, Inc. To Cure Amount (Docket No. 18261) (the "Cure Objection").

WHEREAS, on July 27, 2009, the Debtors served the Claimant with their Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization indicating that all Contract Nos. listed on the Parnassus Notice Of Assumption And Assignment would be assigned to DIP Holdco 3, LLC rather than Parnassus Holdings II, LLC.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DMSC emerged from chapter 11 as DPH Holdings Corp. and DPH Medical Systems LLC ("DPH Medical"), respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or

3

otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on or about May 20, 2010, the Reorganized Debtors and Sunrise entered into the Second Amendment To Development And Supply Agreement, which provided, among other things, that Sunrise would enter into a stipulation in order to withdraw the Claim and the Cure Objection.

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to the Claim and the Cure Objection, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claim and the Cure Objection should be deemed withdrawn with prejudice.

NOW, THEREFORE, the Reorganized Debtors and Sunrise stipulate and agree as follows:

1. The Claim is hereby disallowed and expunged in its entirety.

2. The Response is hereby deemed withdrawn with prejudice.

3. The Cure Objection is hereby deemed withdrawn with prejudice.

4. The Claimant shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption and assignment of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.

5.      This Court shall retain original and exclusive jurisdiction to adjudicate any

disputes arising from or in connection with this Stipulation.


So Ordered in White Plains, New York, this 14th day of June, 2010


/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE



AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                                    /s/ Philip J. Giacinti, Jr.
John Wm. Butler, Jr.                                          Philip J. Giacinti, Jr.
John K. Lyons                                                    PROCOPIO, CORY, HARGREAVES
Ron E. Meisler                                                      SAVITCH LLP
SKADDEN, ARPS, SLATE, MEAGHER              530 B Street, Suite 2100
   & FLOM LLP                                                  San Diego, California 92101
155 North Wacker Drive
Chicago, Illinois  60606                                    Attorneys for Sunrise Medical HHG, Inc.

                    - and –

Kayalyn A. Marafioti
Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors