SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, CSX TRANSPORTATION, INC., CSX CORPORATION, AND
NEXTEER AUTOMOTIVE CORPORATION (I) COMPROMISING AND
ALLOWING PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18700,
(II) DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 16813, AND (III) RESOLVING MOTION OF CSX
TRANSPORTATION, INC. TO COMPEL THE PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

(CSX TRANSPORTATION, INC. AND CSX CORPORATION)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), CSX Transportation, Inc. ("CSX Transportation"), CSX Corporation, and Nexteer Automotive Corporation ("Nexteer") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, CSX Transportation, Inc., CSX Corporation, And Nexteer Automotive Corporation (I) Compromising And Allowing Proof Of Administrative Expense Claim Number 18700, (II) Disallowing And Expunging Proof Of Administrative Expense Claim Number 16813, And (III) Resolving Motion Of CSX Transportation, Inc. To Compel The Payment Of Administrative Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) (CSX Transportation, Inc. And CSX Corporation) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on March 25, 2008, CSX Transportation filed proof of administrative expense claim number 16813 against Delphi, which asserts an administrative claim in the amount of $212,575.70 ("Claim 16813") stemming from services performed for Delphi.

WHEREAS, on June 27, 2008, the Debtors objected to Claim 16813 pursuant to the Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claim, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims

Subject To Modification (Docket No. 13823) (the "Thirtieth Omnibus Claims Objection").

WHEREAS, on July 23, 2008, CSX Transportation filed CSX Transportation, Inc.'s Response To Debtors' Thirtieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Amended Claims, (B) Equity Claims, (C) Untimely Insufficiently Documented Claim, (D) Books And Records Claims, (E) Untimely Claims, And (F) Claims Subject To Modification (Docket No. 13964) (the "First Response").

WHEREAS, on April 3, 2009, CSX Transportation filed the Motion Of CSX Transportation, Inc. To Compel The Payment Of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) (Docket No. 16548) (the "Motion").

WHEREAS, on July 14, 2009, CSX Corporation filed proof of administrative expense claim number 18700 against Delphi, which asserts an administrative claim in the amount of $103,986.16 ("Claim 18700," together with Claim 16813, the "Claims") stemming from services performed for Delphi.

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC ("GM Components"), General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC ("DIP Holdco 3"), among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA) assumed certain administrative expense liabilities of the Debtors.

WHEREAS, Steering Solutions Services Corporation (n/k/a Nexteer Automotive Corporation), a GM Buyer (as defined in the MDA), assumed the administrative expense liabilities related to Claim 18700.

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And

3

Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on October 22, 2009, this Court entered its Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) pursuant to which, among other things, (I) DPH Holdings Corp. is required to (a) provide to GM Components (i) written notice identifying the administrative claim and (ii) reasonably requested documentation relating to the administrative claim, and (b) work with GM Components to develop an appropriate strategy to liquidate or seek disallowance of the administrative claim, with respect to any administrative claim that is to be paid by and/or is the responsibility of either GM Components or DIP Holdco 3 pursuant to the MDA and (II) to the extent GM Components or DIP Holdco 3 directs DPH Holdings Corp. to resolve an administrative claim (for which GM Components or DIP Holdco 3 is responsible) in a particular manner, including the settlement or litigation of such claim, DPH Holdings Corp. shall resolve the administrative claim in accordance with such direction at no further cost, liability, or expense to DPH Holdings Corp.

WHEREAS, on April 16, 2010, the Reorganized Debtors objected to Claim 18700 pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. §

4

503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHEREAS, on May 4, 2010, the Reorganized Debtors objected to the administrative claim asserted in the Motion pursuant to the Reorganized Debtors' Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And (B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative Expense (Docket No. 19976) (the "Forty-Eighth Omnibus Claims Objection").

WHEREAS, on May 17, 2010, CSX filed CSX Corporation's Response To The Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 20148) (and together with the First Response, the "Responses").

WHEREAS, to resolve the Thirtieth Omnibus Claims Objection, the Forty-Seventh Omnibus Claims Objection, and the Forty-Eighth Omnibus Claims Objection with respect to the Claims and the Motion, the Reorganized Debtors, CSX Transportation, CSX Corporation, and Nexteer entered into this Stipulation, pursuant to which the Reorganized Debtors, CSX Transportation, CSX Corporation, and Nexteer agreed that Claim 18700 should be

allowed as an administrative claim against DPH Holdings in the amount of $37,500, Claim 16813 should be disallowed and expunged in its entirety, and the Motion will be deemed withdrawn.

NOW, THEREFORE, the Reorganized Debtors, CSX Transportation, CSX Corporation, and Nexteer stipulate and agree as follows:

1. Claim 18700 shall be allowed in the amount of $37,500.00 and shall be treated as an administrative claim against DPH Holdings Corp. and shall be paid on or before ten (10) business days from entry of this Stipulation (the date of actual receipt, the "Receipt Date").

2. Satisfaction of Claim 18700 through the payment of $37,500 shall be the sole responsibility of Nexteer. The Reorganized Debtors shall have no responsibility with respect to the satisfaction of Claim 18700.

3. Effective on the Receipt Date, Claim 16813 shall be disallowed and expunged in its entirety.

4. Effective on the Receipt Date, the Motion is hereby deemed withdrawn with prejudice.

5. Effective on the Receipt Date, the Responses are hereby deemed withdrawn with prejudice.

6. Effective on the Receipt Date, the Forty-Eighth Omnibus Claims Objection with respect to the administrative claim asserted in the Motion is hereby deemed withdrawn.

7. Allowance of Claim 18700 in the amount of $37,500 is in full satisfaction of Claim 18700, and each of CSX Corporation and CSX Transportation, on their own behalf and on behalf of each of their predecessors, successors, assigns, parents, subsidiaries, and affiliated

6

companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "CSX Releasing Parties"), hereby waives any and all rights to assert against each of Nexteer, the Debtors, and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of its former and current officers, directors, owners, employees, and any other agents (collectively, the "Released Parties"), that Claim 18700 is anything but an administrative claim against DPH Holdings Corp.  The CSX Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to Claim 18700 or which the CSX Releasing Parties have, ever had, or hereafter shall have against the Released Parties based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Effective Date, including, without limitation, all matters relating to Claim 18700.

8. Nothing herein shall be construed as an admission of liability with respect to claims asserted for finance charges against the Debtors.

9. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plain, New York, this 14th day of June, 2010

                                              /s/Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Daniel F. Blanks |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois  60606 | Daniel F. Blanks<br>MCGUIREWOODS LLP<br>9000 World Trade Center<br>101 W Main St<br>Norfolk, Virginia  23510<br><br>Attorneys for CSX Transportation, Inc. and CSX Corporation |
| - and – | |
| Kayalyn A. Marafioti<br>Four Times Square<br>New York, New York  10036<br><br>Attorneys for DPH Holdings Corp., et al.,<br>  Reorganized Debtors | /s/ Frank L. Gorman<br>Frank L. Gorman<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, Michigan  48226-3506<br><br>Attorneys for Nexteer Automotive Corporation |