**Hearing Date:  August 12, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | |
| In re : | Chapter 11 |
| : | |
| DPH HOLDINGS CORP., et al., : | Case No. 05-44481 (RDD) |
| : | |
| : | (Jointly Administered) |
| Reorganized Debtors. : | |
| : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED
ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE
<u>CLAIM NUMBER 19573 (EASHONDA D. WILLIAMS)</u>

("STATEMENT OF DISPUTED ISSUES – EASHONDA D. WILLIAMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Administrative Expense Claim Number 19573 filed by Eashonda D. Williams ("Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.  On August 13, 2009, Claimant filed administrative expense claim number 19573 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an administrative priority claim in an unliquidated amount for workers compensation (the "Claim").

3.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

4.  On March 19, 2009, the Reorganized Debtors objected to the Proof of Claim pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

2

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

5.     On April 15, 2010, Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association filed the Response of Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association to the Reorganized Debtor's Forty-Sixth Omnibus Claims Objection Claim No. 19573 (Eashonda D. Williams) (Docket No. 19851) (the "Response").

## Disputed Issues

A.     <u>DAS LLC Does Not Owe Claimant Any Amount In Connection With The Proof Of Claim</u>

6.     Ms. Williams asserts in the Proof of Claim that DAS LLC owes her an unliquidated amount for workers' compensation. The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute that they owe Ms. Williams any amount for workers' compensation.

3

       7.      Based on a claim for workers' compensation filed with Delphi (Claim #A918200320-0001-01), Ms. Williams, a former Delphi employee, alleges that on April 3, 2009, she suffered a lumbar strain while on the job.  The Delphi Benefits Department has reviewed the claim and found it to be invalid.

       8.      Ms. Williams submitted a receipt in the amount of $699.00 for her Emergency Room visit following her alleged injury and Delphi has paid this bill in full.  Ms. Williams has submitted no further documentation in support of her claim, and accordingly, the claim should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

       9.      This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

4

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) expunging administrative expense claim No. 19573 in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         June 15, 2010

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

                                      By:  /s/ John Wm. Butler, Jr.
                                             John Wm. Butler, Jr.
                                             John K. Lyons
                                             Ron E. Meisler
                                      155 North Wacker Drive
                                      Chicago, Illinois 60606

                                            - and -

                                      By:  /s/ Kayalyn A. Marafioti
                                             Kayalyn A. Marafioti
                                      Four Times Square
                                      New York, New York 10036

                                      Attorneys for DPH Holdings Corp., et al.,
                                         Reorganized Debtors