**Hearing Date and Time:  June 30, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  June 28, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
        In re                               :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :    Case Number 05-44481 (RDD)
                                            :
                                            :    (Jointly Administered)
            Reorganized Debtors.            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF CLAIMANTS
TO REORGANIZED DEBTORS' OBJECTIONS TO PROOF OF CLAIM NUMBER 10836
AND PROOFS OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS 17351,
17760, 18332, 18513, 18658, 19080, 19565, AND 19568

("SUPPLEMENTAL REPLY REGARDING CERTAIN
WORKERS' COMPENSATION CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimants To Reorganized Debtors' Objections To Proof Of Claim Number 10836 And Proofs Of Administrative Expense Claim Numbers 17351, 17760, 18332, 18513, 18658, 19080, 19565, And 19568 (the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On June 2, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 2578, 7269, 7658, 9396, 10835, 10836, 11631, And 12251 And Proofs of Administrative Expense Claim Numbers 17351, 17760, 18332, 18422, 18513, 18658, 18727, 19080, 19565, 19568, 19601, And 19810 (Docket No. 20214) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain

responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6(a).

5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(A) And 503(B) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on June 30, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **June 28, 2010.**

B.      Relief Requested

7.      By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging a certain proof of claim and certain proofs of administrative expense claims filed against the Debtors in their chapter 11 cases.

C.      The Claims Filed Against The Debtors

8.      Each of the proofs of claim and proofs of administrative expense claim, as applicable, listed on Exhibit A[1] hereto asserts liabilities on account of workers' compensation related programs (the "Claims").  During the Reorganized Debtors' review of the Claims, the Reorganized Debtors determined that certain Claims (i) assert liabilities or dollar amounts in connection with claims arising prior to October 8, 2005 that are not properly classified as administrative expenses for the purposes of section 503(b)(1) of the Bankruptcy Code; (ii) are duplicative of other Claims; or (iii) provide insufficient information to support a claim. Accordingly, this Court should enter an order disallowing and expunging each of these proofs of claim and proofs of administrative expense claims in its entirety.

D.      Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

9.      The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors'

---

[1]    Exhibit A sets forth following information regarding each proof of claim and proof of administrative expense claim: the applicable claim number, the date the claim was filed, the name of the claimant, the applicable omnibus objection, the date of the applicable omnibus objection, the docket number of the claimant's response, the name of the debtor entity against which the claim is asserted, and the bases for the Reorganized Debtors' objections to the Claims.

objections to the Claims should be sustained and each of the Claims should be disallowed and expunged in its entirety.

10.    The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Int'l., Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case).

11.    For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  <u>See</u> Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007

Transcript") at 52:24-53:1. Wo.  Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

12.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.     Argument Regarding The Claims

13.     Claims Not Entitled To Administrative Priority.  Proofs of administrative expense claim numbers 17351, 17760, 18332, 18513, 18658, and 19080 assert claims based on injuries that occurred prior to the Petition Date.  Courts have held that claims for workers' compensation claims arise on the date of injury. In re Olga Coal Co., 194 B.R. 741, 746 (Bankr. S.D.N.Y. 1996); See also In re Johns-Manville Corp., 57 Bankr. 680, 690 (Bankr. S.D.N.Y. 1986) (stating that the existence of a claim depends upon "when the acts giving rise to the alleged liability were performed"); Leahy v. Collora (In re Leahy), 170 B.R. 10, 16 (Bankr. D. Me. 1994) (finding that "an employee's right to workers' compensation benefits . . . arises at the time of the compensable injury"); In re Lull Corp., 162 B.R. 234, 241 (Bankr. D. Minn. 1993) (holding that an "employee's right to payment [of benefits], the Debtor's obligation to pay, and [the Fund's] obligation to pay when debtor does not all arise when the employee is injured pre-petition").  Proofs of administrative expense claim numbers 17351, 17760, 18332, 18513, and 18658, on their face, assert injuries that occurred prior to the Petition Date.  In addition, the responses filed in connection with the Reorganized Debtors' objections to proofs of administrative expense

claim numbers 17351, 18332, 18513, 18658, and 19080 specifically state that the asserted claims

relate to injuries that occurred prior to the petition date.  (Docket Nos. 19880, 19885, 19919,

19881, 19882, respectively.)  Moreover, the Reorganized Debtors have reviewed their own

records, and have confirmed that proofs of administrative expense claims relate to injuries that

occurred prior to the Petition Date, as set forth in the table below.

| Claim Number | Date of Injury |
|---|---|
| 17351 | February 11, 2002 |
| 17760 | January 8, 2005 |
| 18332 | August 5, 2002 |
| 18513 | November 24, 2000 |
| 18658 | September 27, 2002 |
| 19080 | June 22, 2005 |

Such Claims are, therefore, not properly classified as administrative expenses under section

503(b)(1) of the Bankruptcy Code.[2]  As a result, these Claims should be disallowed and

expunged.

14.    Insufficient Basis For Claims.  Proofs of administrative expense claims

19565 and 19568, filed on behalf of Delorise Hooker and Paullion Roby, respectively, provide

no factual support for the asserted claims for workers' compensation benefits.  Again, the

Reorganized Debtors' own investigation regarding these Claims has confirmed that they are

without merit.  Proof of administrative expense claim 19565 asserts a claim for workers'

compensation liabilities that were fully released pursuant to a settlement between the Debtors

and Ms. Hooker that was previously approved by the Mississippi Workers' Compensation

Commission on February 4, 2009 (MWCC No. 0707193-J-9033-C), a copy of which is attached

---

[2]    Proofs of claim 7658 and 9396, filed by Mr. Stasik and David Lyons, respectively, assert claims for the same
liabilities set forth in the proofs of administrative expense claims.  The hearing on these claims has been
adjourned, pursuant to a notice filed concurrently herewith, until further noticed for a hearing by the
Reorganized Debtors.

hereto as <u>Exhibit B</u>.  In addition, the Reorganized Debtors' have determined that Mr. Roby has

no outstanding claims for workers' compensation benefits and has failed to provide any evidence

of a compensable injury.[3]  Accordingly, Proofs of administrative expense claims 19565 and

19568 should be disallowed and expunged.

15.    <u>Duplicate Claims</u>.  It is axiomatic that creditors are not entitled to multiple

recoveries for a single liability against a debtor.  Dennis Dashkovitz filed two Claims asserting

liabilities relating to workers' compensation benefits: proofs of claim 10835 and 10836.  Both

proofs of claim are identical, with the exception that proof of claim 10835 asserts a claim against

Delphi Corporation and proof of claim 10836 asserts a claim against Delphi Automotive Systems

LLC.  Pursuant to article 7.2 of the Modified Plan, however, claims against Delphi Corporation

and Delphi Automotive Systems LLC were consolidated into a single class—the Delphi-DAS

Debtors—for purposes of making distributions on account of allowed claims.  Consequently, Mr.

Dashkovitz is not entitled to recover separately on proofs of claim 10835 and 10836, as both the

Claims are treated as a single obligation under the Modified Plan.  Indeed, in his response to the

Debtors' objection to proofs of claim 10835 and 10836 (Docket No. 18900), Mr. Dashkovitz

acknowledges that "[i]f there is more than one claim one is not to be there."

16.    Accordingly, the Reorganized Debtors request that the Court disallow and

expunge proof of claim 10836 as duplicative.  If such relief is granted, the Reorganized Debtors

will not subsequently object to proof of claim 10835 on the basis that such Claim was asserted

against Delphi Corporation rather than Delphi Automotive Systems LLC.

---

[3]    Mr. Roby previously filed an application with the Debtors to receive workers' compensation benefits.  Mr.
Roby's claim was denied for lack of evidence, and he took no action after the claim was denied.  The file was
closed on August 28, 2009.  The Debtors did, however, make one payment on account of Mr. Roby's
application for workers' compensation: a $21.73 copying fee for Mr. Roby's medical records.

17.     For the foregoing reasons, the Reorganized Debtors assert that (a) the claimants listed in column C of <u>Exhibit A</u> have not met their burden of proof to establish a claim against in the Debtors, (b) the Claims are not entitled to a presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fail to state a claim against the Debtors under Bankruptcy Rule 7012.  Because the claimants cannot provide facts or law supporting the Claims, the objections listed in column D of <u>Exhibit A</u> should be sustained as to the Claims, and the Claims should be disallowed and expunged in their entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections relating to the Claims, (b) disallowing and expunging the Claims in their entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          June 18, 2010

                                SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                                By:   /s/ John Wm. Butler, Jr.
                                      John Wm. Butler, Jr.
                                      John K. Lyons
                                      Ron E. Meisler
                                155 North Wacker Drive
                                Chicago, Illinois 60606

                                      - and -

                                By:   /s/ Kayalyn A. Marafioti
                                      Kayalyn A. Marafioti
                                Four Times Square
                                New York, New York 10036

                                Attorneys for DPH Holdings Corp., et al.,
                                    Reorganized Debtors

<u>Exhibit A</u>

# Exhibit A - Workers' Compensation Claims

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| Proof Of Claim Number | Date Filed | Claimant | Omnibus Claims Objection | Date Of Omnibus Claims Objection | Docket No. of Response | Debtor Named On Proof Of Claim | Bases for Objection |
| 10836 | 7/25/2006 | DASHKOVITZ DENNIS | Thirty-Fifth Omnibus Claims Objection | 8/21/2009 | 18900 | DELPHI AUTOMOTIVE SYSTEMS LLC | Duplicate Claim |
| 17351 | 7/6/2009 | PAULETTE ROBINSON | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19880 | DELPHI CORPORATION | Not Entitled to Administrative Priority |
| 18332 | 7/13/2009 | JANICE K HATCH | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19885 | DELPHI CORPORATION | Not Entitled to Administrative Priority |
| 18658 | 7/14/2009 | MARK O ODETTE | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19881 | DELPHI CORPORATION | Not Entitled to Administrative Priority |
| 19080 | 7/15/2009 | SHEILA REID | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19882 | DELPHI CORPORATION | Not Entitled to Administrative Priority |
| 17760 | 7/6/2009 | ROBERT STASIK | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19918 | DELPHI CORPORATION | Not Entitled to Administrative Priority |
| 18513 | 7/13/2009 | JOAN A LYONS EXECTRIX OF DAVID E LYONS | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19919 | DELPHI CORPORATION | Not Entitled to Administrative Priority |
| 19565 | 8/13/2009 | DELORISE HOOKER | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19844 | DELPHI AUTOMOTIVE SYSTEMS LLC | Insufficient Basis For Claim |
| 19568 | 8/13/2009 | PAULLION ROBY | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | 19847 | DELPHI AUTOMOTIVE SYSTEMS LLC | Insufficient Basis For Claim |

Exhibit B

MISSISSIPPI WORKERS' COMPENSATION COMMISSION
MWCC NO. 0707193-J-9033

**DELORISE HOOKER**

V.

**DELPHI PACKARD ELECTRIC SYSTEMS**　　　　　**EMPLOYER/SELF-INSURED**

### PETITION FOR APPROVAL OF SETTLEMENT

The Claimant, Delorise Hooker, 901 Old Brook Road, Brookhaven, Mississippi, under oath

represents to the Commission the following:

1.

On or about April 11, 2007, the Claimant was employed by Delphi Packard Electric Systems,

in or around Brookhaven, Mississippi, when, while in the course and scope of her employment as

an assembly line worker, she allegedly sustained injuries to her left wrist. At the time of the alleged

accident, the Claimant had an average weekly wage of $318.50 and a weekly compensation rate of

$212.34

2.

All medical reports in the possession of the Employer/Self-Insured have been filed with the

Commission and are incorporated by reference. The Claimant is fully aware of the medical opinions

of all her treating physicians concerning her medical condition and is fully aware of the

consequences of her actions in compromising and settling her claim on the bases set forth in this

Petition.

The Employer/Self-Insured disputes the compensability of this claim and the reasonableness

and necessity of medical treatment.

On June 5, 2007, Claimant presented to Dr. Wallace W. Weatherly complaining of right elbow and left wrist plan with insidious onset two months earlier. Dr. Weatherly diagnosed Claimant with right elbow lateral epichondylitis and left wrist DeQuervian's tenosynovitis. Dr. Weatherly recommended that Claimant take Aleve and that she use a thumb splint. Dr. Weatherly instructed Claimant to use a tennis elbow strap for her left elbow and to participate in a stretching and strengthening program with a therapist. He also advised Claimant to avoid lifting and to follow up in three weeks. Dr. Weatherly provided Claimant with a work excuse for the day of her visit.

On June 8, 2007, Claimant presented to Dr. Bateman at Delphi Plant Medical, reporting an onset of left wrist and right elbow aching over the past couple of months while working on the line. Claimant reported some improvement in her elbow.    Dr. Bateman diagnosed Claimant with resolving right elbow inflammation and left radial wrist inflammation. He recommended that she apply ice after work and heat before work. He also advised Claimant to continue using the splints and taking Advil. In addition, Dr. Bateman discussed the proper reporting procedures for an on-the-job injury. He anticipated that Claimant would continue to improve and that her condition would resolve. He instructed her to follow up as needed.

On June 19, 2007, Claimant reported to Plant Medical alleging that she could not work on the line and could not lift the pallet because of wrist pain. Claimant stated she had been working in reclamation for three to four weeks but had been excessed out for the day to UH. Claimant contended she could not do the UH job. Kaiser determined that Claimant was under no work restrictions from any doctor; nevertheless, Kaiser decided Claimant should leave work to treat with her personal physician. Kaiser instructed Claimant to obtain written restrictions regarding her left wrist and to present such restrictions to the Plant Medical Department on the next day.

2

Thereafter, Dr. Weatherly provided work restrictions for Claimant dated June 19, 2007, instructing her not to lift over five pounds and not to lift away from the body. These restrictions were to remain in effect until Claimant's return appointment on June 26, 2007.

Claimant continued to complain of soreness and tenderness in her wrist during the follow-up visit with Dr. Weatherly on June 26, 2007. Nevertheless, Claimant did not want any injections or surgeries to treat her condition. Dr. Weatherly told Claimant to decide about pursuing one of those treatment options and to return once she had done so. Dr. Weatherly also released Claimant to return to work full duty.

3.

Employer/Self-Insured denies that Claimant incurred a compensable injury and the Employer/Self-Insured has paid no benefits or expenses to or on behalf of Claimant as a result of the alleged work-related injury. In the event of approval of this settlement and subject to the terms set forth below, the Claimant, and not the Employer/Self-Insured, will be responsible for any and all medical and related expenses related to the alleged injury occurring on April 11, 2007.

4.

The Claimant represents that she has some degree of permanent disability and loss of wage earning capacity as a result of the alleged work-related injury, but that her claim of a compensable injury and claim of permanent disability and loss of wage-earning capacity are denied and disputed by the Employer/Self-Insured in good faith, and that, in any event, the extent of her permanent disability and loss of wage-earning capacity, if any, resulting from said alleged accidental injury is not susceptible of exact determination as to the extent thereof. Negotiations have been had for a compromise settlement of all claims regarding workers' compensation benefits and the Claimant has

3

agreed to accept and the Employer/Self-Insured has indicated a willingness to pay to the Claimant

as a compromise settlement of any and all claims and demands for disability and compensation

benefits, medical or related expenses, or any other expenses or claim for workers' compensation

benefits, whether under the Mississippi Workers' Compensation law, the total sum of $14,000.00.

In consideration of this amount, the Claimant agrees to release any and all claims for workers'

compensation benefits. The Claimant fully recognizes her susceptibility to future injury, additional

future medical expense, and further deterioration of her physical and vocational condition.

5.

The Claimant represents that it would be in her best interest that the compromise settlement,

as herein proposed, be approved and concluded as stated above, it being understood and provided

that the payment of said sum will be received in full compromise settlement of any and all claims

and demands for workers' compensation benefits whatsoever on account of any injuries, accidental

injuries, or occupational diseases heretofore sustained by the Claimant while in the employ of the

Employer and in full settlement, compromise, and satisfaction of any and all claims for workers'

compensation benefits of any nature whatsoever allegedly due under the Workers' Compensation

law, including but not limited to claims for medical expenses and other items of expense.

6.

The Claimant represents that she is not presently eligible for and/or receiving Social Security

disability benefits. The Claimant further represents that she has received neither Medicaid nor

Medicare benefits and that no such benefits have been paid on her behalf. In any event, Claimant

represents that any Medicare or Medicaid benefits which may have been paid on her behalf did not

relate to the physical condition at issue in this case. She also warrants she has made no assignment

of any benefits, claims, or rights of subrogation regarding any hospital, doctor, medical, travel,

4

prescription, or related bills or expenses against the Employer/Self-Insured by operation of law or otherwise, and warrants that any other treatments she has received are not related to the injury, accidental injuries, or conditions allegedly arising out of and in the course and scope of her employment. The Claimant, in the event of approval of this settlement herein proposed, shall defend and indemnify the Employer/Self-Insured against any claim, suit, demand, or complaint which relates to or concerns the aforesaid alleged accident.

AND NOW CLAIMANT RESPECTFULLY PRAYS:

That this, her Petition, be received and filed and immediate hearing be held thereon; that the matters represented be investigated by the Commission; that an order be entered adjudging that there is a genuine and bona fide dispute as to compensability and permanent disability or loss of wage-earning capacity as a result of the aforesaid alleged accidental injury or occupational diseases allegedly arising out of and in the course of her employment and that, in any event, the extent of her permanent disability or loss of wage-earning capacity, if any, is not susceptible of exact determination as to the extent thereof; and that it would be in the best interest of the Claimant that a compromise settlement be made on the basis herein above set out. The Claimant further prays that she be authorized to accept from the Employer/Self-Insured the aforementioned sum in full settlement and satisfaction of any and all claims for workers' compensation benefits, of any nature whatsoever, whether or not such claims are known or unknown or have already accrued, or demand for the alleged accidental injury or occupational disease of which the Claimant complained, and that the Employer/Self-Insured be authorized to pay said amount in full settlement, satisfaction and discharge of any and all responsibilities of the Employer/Self-Insured for workers' compensation benefits. The Claimant further prays that upon receipt of the aforesaid sum, the Claimant be

5

06/07/2010   3:30PM

authorized to execute and deliver such full and final release, discharge and acquittance as may be required by the Employer/Self-Insured evidencing its full release, acquittance and discharge of any and all liability for workers' compensation benefits under the Mississippi Workers' Compensation Law for or on account of any claims or demands which the Claimant may now or hereafter have against the Employer/Self-Insured, its individual carriers, agents, employers, successors, assigns, parents, subsidiaries or related companies or organizations arising under the Mississippi Workers' Compensation Law. The Claimant further prays that he be authorized to pay Darryl M. Gibbs, her attorney, an amount equal to $3,500.00 out of the proceeds of said settlement for valuable legal services rendered.

And the Claimant prays for such other and further relief as may be proper in the premises.

Respectfully submitted,

DELORISE HOOKER

READ AND APPROVED BY:

DARRYL M. GIBBS (MSB# 100232)
Attorney for Claimant

2009052607182Z

RECEIVED
FEB 0 4 2009
M. W. C. C.
RECEPTIONIST

6

STATE OF MISSISSIPPI
COUNTY OF Hinds

Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid,

the within named **DELORISE HOOKER** who, being by me first duly sworn, stated under oath that

the matters and things set forth in the above and foregoing Petition are true and correct as therein

stated.

DELORISE HOOKER

SWORN TO AND SUBSCRIBED BEFORE ME, the 4th day of February 2009.

NOTARY PUBLIC

My Commission Expires:

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 61310
JESSICA WHEELER
Commission Expires
Oct. 29, 20__
MADISON COUNTY

2009022602182?


RECEIVED
FEB 0 4 2009
M. W. C. C.
RECEPTIONIST

7

## JOINDER

The Employer/Self-Insured joins in the Petition for approval of the settlement as proper under

the Mississippi Workers' Compensation Law, but otherwise disputes the Claimant's allegations

concerning the existence of the alleged injury and disability and the existence and extent of alleged

loss of wage-earning capacity.

ANDREW D. SWEAT, (MSB# 8100)
JENNIFER H. SCOTT, (MSB# 101553)
ATTORNEYS FOR EMPLOYER/SELF-INSURED

Andrew D. Sweat, Esq.
Jennifer H. Scott, Esq.
WISE CARTER CHILD & CARAWAY, P.A.
P. O. Box 651
Jackson, MS 39205-0651
Telephone: (601) 968-5500

2009022560218322



**RECEIVED**

FEB 0 4 2009

M. W. C. C.
RECEPTIONIST

8

## MISSISSIPPI WORKERS' COMPENSATION COMMISSION
### MWCC NO. 0707193-J-9033-C

DELORISE HOOKER                                                        CLAIMANT

V.

DELPHI PACKARD ELECTRIC SYSTEMS                        EMPLOYER/SELF-INSURED

### ORDER APPROVING SETTLEMENT

This cause came on this day for hearing before the Mississippi Workers' Compensation Commission at its offices in Jackson, Mississippi, on the sworn Petition of the Claimant, Delories Hooker, seeking authority for and approval of a compromise settlement as set out in the Petition. The Petition was joined by Employer/Self-Insured, Delphi Packard Electric Systems, as proper under the Mississippi Workers' Compensation Law.

The Commission has examined the Petition and the lump sum compromise settlement proposed therein and has received evidence concerning same. The Commission finds that the Claimant is fully aware of the medical opinions of each of her treating physicians as well as the consequences of her actions in compromising and settling her claim on the bases set forth in the Petition. The Commission finds that Claimant is represented by Darryl M. Gibbs and that Claimant and her attorney are fully advised in the premises and are of the opinion that the lump sum compromise settlement is just, fair, and proper; and that the prayer of the Petition should be granted.

The Commission finds that the Claimant and Employer/Self-Insured have a bona fide dispute and disagreement as to the compensability of Claimant's alleged injury and/or the extent of loss of wage earning capacity or permanent disability, if any, suffered by the Claimant as a result of the alleged accidental injuries set out in the Petition, and finds that the extent of permanent disability,

if any, is not susceptible of proof as to the exact extent thereof, and that the case is a proper one for disposition under the provisions of the Mississippi Workers' Compensation Law.

IT IS, THEREFORE, ORDERED, that said compromise settlement proposed in the Petition should be, and the same is hereby approved as being for the best interest of the Claimant.

IT IS FURTHER ORDERED that upon payment of the total sum of Fourteen Thousand and 00/100 Dollars ($14,000.00) to the Claimant, the Employer/Self-Insured stands discharged of any other or further liability to the Claimant, including, but not limited to, liability for any and all accidental injuries or occupational injuries or diseases, whether mental or physical, heretofore sustained by Claimant while in the employ of the Employer and of the effects thereof and the Employer/Self-Insured shall further stand discharged for liability for any and all medical or other related expenses associated therewith, and the Claimant is hereby authorized and empowered to execute such release as the Employer/Self-Insured may require to evidence the complete release, acquittance and discharge herein of any liability of the Employer/Self-Insured under the Mississippi Workers' Compensation Law. The Claimant is authorized to pay to Darryl M. Gibbs, her attorney, an amount equal to $3,500.00 out of the proceeds of the settlement. This settlement amount represents payment for a disputed compromise compensability, disability, and future medical claim, and upon payment of this lump sum amount, which is considered to be for the rest of the Claimant's life, the Claimant shall not be entitled to any further medical benefits or compensation, past, present or future, as a result of the alleged injuries sustained by the Claimant on or about April 11, 2007, while employed by Delphi Packard Electric Systems.

2

IT IS FURTHER ORDERED that this claim is hereby dismissed with prejudice.

SO ORDERED on _____ **FEB 0 4 2009** _____.

MISSISSIPPI   WORKERS'   COMPENSATION
COMMISSION

LILES WILLIAMS
_____
*John P. Junken (C*
JOHN R. JUNKIN, II
_____
*Augustus L. Collins*
AUGUSTUS L. COLLINS

MWCC NO. 0707193-J-9033-C

ATTEST:
*Phyllis C. Clark*
PHYLLIS C. CLARK, SECRETARY

READ AND APPROVED:

*Andrew Sweat*
ANDREW D. SWEAT (MSB# 8100)
JENNIFER H. SCOTT (MSB# 101553)
Attorneys for Employer/Self-Insured

DARRYL M. GIBBS (MSB# 100232)
Attorney for Claimant

2009052602182?

3

## ABSOLUTE RELEASE

KNOW ALL PERSONS BY THESE PRESENTS: That I, **DELORISE HOOKER**, for and in consideration of the total sum of **FOURTEEN THOUSAND AND 00/100 DOLLARS** ($14,000.00) cash in hand paid, the receipt and sufficiency of which are hereby acknowledged, do hereby fully, completely and finally release, discharge and acquit, individually and severally, **DELPHI PACKARD ELECTRIC SYSTEMS**, and each of its individual or joint employees, servants, successors, assigns, employers, insurers, statutory employers and employees, contractors, agents, attorneys, owners, subsidiaries, parent or related companies or entities from any and all actions, causes of action, claims or demands under the Mississippi Workers' Compensation Law arising out of the undersigned's alleged work accident of April 11, 2007, including but not limited to claims for medical expenses and other items of expense allegedly due under that law which arose as a result of any and all injuries, accidental injuries, or occupational diseases heretofore or hereafter allegedly sustained by the undersigned while in the employ of **DELPHI PACKARD ELECTRIC SYSTEMS**, including but not limited to, any claim, demand, action or cause of action, whether liquidated or unliquidated or whether for injuries, damages, or otherwise, which has accrued or may at any time in the future accrue to the undersigned as the result of the undersigned's alleged work accident of April 11, 2007, even though such should be found to be causally related to any injuries, accidental injuries or occupational diseases, heretofore sustained by the undersigned while in the employ of **DELPHI PACKARD ELECTRIC SYSTEMS.**

It is expressly understood and agreed that the payment of the aforesaid sum is not intended to be nor shall it be construed as any admission of liability for any damage, whether actual or punitive, loss, illness, injury which has heretofore or which may hereafter be sustained by the undersigned arising out of the undersigned's alleged work accident of April 11, 2007. It is expressly understood that Employer/Self-Insured denies that Claimant incurred a compensable injury and that payment of this sum is not intended to be nor shall it be construed to be an admission that Claimant's alleged injury was compensable under workers' compensation law. It is expressly understood that in determining this sum it has been taken into consideration the fact that serious or unexpected consequences might result from any injuries or illnesses, known or unknown, which may be related to this employment and it is, therefore, specifically agreed that this release shall be a complete bar to all workers' compensation claims for losses, injuries or damages of any nature whatsoever and/or which may at any time in the future result from any injuries, accidental injuries or occupational diseases heretofore sustained by the undersigned as the result of or arising out of the undersigned's alleged work accident of April 11, 2007, while in the employ of **DELPHI PACKARD ELECTRIC SYSTEMS**. Claimant agrees and acknowledges that she will not seek extended disability benefits from Employer/Self-Insured. Claimant further agrees and acknowledges that she does not intend to seek employment with Employer at any time in the future. Claimant understands and agrees that the parties negotiated this settlement accounting for and relying on Claimant's voluntary waiver of her right to any additional sickness and accident benefits and/or extended disability benefits and on Claimant's voluntary agreement not to apply for re-employment.

Absolute Release
Page 1 of 3

_____ (Delorise Hooker)
Initial

The undersigned covenants and agrees that she has received neither Medicaid nor Medicare benefits as a result of any injuries, accidental injuries or occupational diseases heretofore sustained while in the course and scope of her employment with **DELPHI PACKARD ELECTRIC SYSTEMS**, and she further represents that any medical or related treatment heretofore or hereafter had by the undersigned which has been or may be paid for by Medicaid or Medicare benefits does not relate in any way to any injuries, accidental injuries or occupational diseases sustained in the course and scope of his employment with **DELPHI PACKARD ELECTRIC SYSTEMS**. The undersigned also represents that he does not receive Social Security disability benefits.

For the same consideration aforesaid, the undersigned covenants and agrees to defend, indemnify and save harmless the parties hereinabove released from any expense whatsoever relating to any demand, claim, suit or complaint which may at any time be brought or made against the parties hereinabove released relative in any way whatsoever to any injuries or diseases arising out of the undersigned's alleged April 11, 2007, work accident while the undersigned was in the employ of **DELPHI PACKARD ELECTRIC SYSTEMS**, including but not limited to any demands for reimbursement made by the Division of Medicaid or Medicare, its successors or assigns or by any provider of medical treatment or supplies.

It is understood that this is a full, complete and final release, discharge and acquittal of the parties hereinabove specified as being released, and the aforesaid consideration is the only consideration paid or to be paid in settlement of the undersigned's workers' compensation claim of April 11, 2007. The undersigned further warrants that she has made no assignment of any right or asserted right against the parties herein released.

And since the purpose of this settlement is to end this matter forever, the undersigned agrees, covenants and warrants that should it develop that there are any errors or mistakes, whether legal or factual and whether mutual or unilateral, which cause this Absolute Release to be defective or which cause the release of payors to be defective or less than full and complete, then the undersigned will execute any and all instruments and do any and all things necessary to effectuate a full, final and complete release of the payors.

This the 4th day of February, 2009.

DELORISE HOOKER

READ AND APPROVED BY:

DARRYL M. GIBBS (MSB# 100232)
Attorney for Claimant

Absolute Release
Page 2 of 3

_____ (Delorise Hooker)
Initial

STATE OF MISSISSIPPI

COUNTY OF Hinds

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the

jurisdiction aforesaid, the within named **DELORISE HOOKER,** Claimant, who acknowledges that

She signed and delivered the foregoing Absolute Release on this date for the purposes therein stated.

DELORISE HOOKER

SWORN TO AND SUBSCRIBED BEFORE ME, this the 4th day of February 2009.

NOTARY PUBLIC

My Commission Expires:
ID # 81310
JESSICA WHEELER
Commission Expires
Oct. 29, 2011

08902260221872

Absolute Release
Page 3 of 3

_____ (Delorise Hooker)
Initial

06/07/2010   3:30PM