**Hearing Date and Time: June 30, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: June 28, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case Number 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE
OF CLAIMANT TO DEBTORS' OBJECTION
TO PROOF OF CLAIM NUMBER 2578 FILED BY THE U.S.
DEPARTMENT OF HEALTH AND HUMAN SERVICES

("SUPPLEMENTAL REPLY REGARDING U.S. DEPARTMENT
OF HEALTH AND HUMAN SERVICES CLAIM")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objection To Proof of Claim Number 2578 Filed By The U.S. Department Of Health And Human Services (the "Supplemental Reply"), and respectfully represent as follows:

A.     Preliminary Statement

1.     On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.     On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.     On June 2, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Claim Numbers 2578, 7269, 7658, 9396, 10835, 10836, 11631, And 12251 And Proofs Of Administrative Expense Claim Numbers 17351, 17760, 18332, 18422, 18513, 18658, 18727, 19080, 19565, 19568, 19601, And 19810 (Docket No. 20214) (the "Sufficiency Hearing Notice").

4.     The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving

2

all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on June 30, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **June 28, 2010.**

B.      Relief Requested

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging proof of claim number 2578 because it asserts liabilities for Medicare Program benefits that are insufficiently documented.

3

C.  The Claim Filed Against The Debtors

8. During their review of claims, the Debtors determined that a claim, which attempts to assert liabilities related to Medicare Program benefits, does not include sufficient documentation to support the claim asserted. This deficiency in documentation has made it impossible for the Debtors to meaningfully review the asserted claim. Accordingly, this Court should enter an order disallowing and expunging the claim in its entirety.

9. On April 6, 2006, the U.S. Department of Health and Human Services (the "Claimant") filed proof of claim number 2578 asserting a claim in the amount of $65,799.34 against Delphi Automotive Systems LLC ("DAS LLC") stemming from alleged liabilities related to overpayment of Medicare Program benefits (the "Claim").

10. The Debtors' Objections To The Claim. On November 19, 2007, the Debtors objected to the Claim pursuant to the Debtors' Twenty-Third Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (A) Duplicate Claim, (B) Certain Equity Claims, (C) Insufficiently Documented Claim, (D) Certain Claims Not Reflected On Debtors' Books And Records, And (E) Certain Claims Subject To Modification, Modified Claims Asserting Reclamation, Claim Subject To Modification That Is Subject To Prior Order, And Modified Claim Asserting Reclamation That Is Subject To Prior Order (Docket No. 10982) (the "Twenty-Third Omnibus Claims Objection") on the grounds that such claim asserted liabilities or dollar amounts that are not reflected on the Debtors' books and records.

11. Response To The Debtors' Objection. On December 13, 2007, the Claimant filed the United States Of America's Response To Motion To Debtors' Objection To The Claim Of The Department Of Health And Human Service (Docket No. 11442), in which the Claimant asserts that the Debtors did not provide a sufficient basis on which to expunge the Claim (the "Response").

4

12. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, the hearing on the Debtors' objection to the Claim was adjourned to a future date.  On June 2, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Claim, among other proofs of claim and administrative expense claims, scheduling the Sufficiency Hearing.

D.    <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

13. The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objection to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

14. The burden of proof to establish a claim against the Debtors rests on the claimants and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Int'l., Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL

5

1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

15. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted "if it plainly appears that the nonmovant 'can prove no set of facts in support of his claim which would entitle him to relief.'" In re Lopes, 339 B.R. 82, 86 (Bankr. S.D.N.Y. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

16. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.    Argument Regarding The Claim

17.    The Claimant has not provided sufficient documentation in support of the Claim and provides no evidence of the Debtors' liability for the Claim. Rather, the Claimant has referred broadly to "[d]ebts arising under the Medicare Program established under Title XVIII of

the Social Security Act, 42 U.S.C. § 1395-1395ggg as the basis for the Claim."  The Claimant also has not provided documentation of the dates on which the alleged overpayments occurred, stating only that the Claim relates to "debts arising under the Medicare Program from 1/1/2001 to the petition date."  Furthermore, the Reorganized Debtors believe that no amounts are owing on account of the Claim, and accordingly the Claimant has not provided any documentation to substantiate the Claim.

        18.    Accordingly, the Reorganized Debtors assert that (a) the Claimant has not met its burden of proof to establish a claim against the Debtors, (b) claim number 2578 is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claim fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because the Claimant cannot provide facts or law supporting the Claim, the Twenty-Third Omnibus Claims Objection should be sustained with respect to claim number 2578, and the Claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to proof of claim number 2578, (b) disallowing and expunging proof of claim number 2578 in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
June 18, 2010

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

    - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors