SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                     :
      In re                              :        Chapter 11
                                       :
DPH HOLDINGS CORP., et al.,        :        Case No. 05-44481 (RDD)
                                       :
           Reorganized Debtors.   :        (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND THE UAW (1) DISALLOWING AND EXPUNGING PROOFS OF
CLAIM NUMBERS 5268, 13270, 13838, 13880, 15344, AND 19810 AND (2)
<u>COMPROMISING AND ALLOWING PROOF OF CLAIM NUMBER 16644</u>

(UAW PROOFS OF CLAIM STIPULATION)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (collectively, the "Reorganized Debtors") and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its applicable local unions and entities (collectively, the "UAW") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And The UAW (1) Disallowing And Expunging Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15344, And 19810 And (2) Compromising And Allowing Proof Of Claim Number 16644 (UAW Proof Of Claims Stipulation) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on May 8, 2006, the UAW filed proof of claim number 5268 against Delphi, which asserts an unsecured claim in the amount of $3,191.00.

WHEREAS, on July 31, 2006, the UAW filed proof of claim number 13270 against DAS LLC, which asserts an unsecured priority claim in the amount of $992,869.85 plus certain unliquidated amounts.

WHEREAS, on July 31, 2006, the UAW filed proof of claim number 13838 against ASEC Manufacturing General Partnership, which asserts an unliquidated unsecured claim.

WHEREAS, on July 31, 2006, the UAW filed proof of claim number 13880

against Delphi, which asserts an unsecured priority claim of $11 billion.

WHEREAS, on July 31, 2006, the UAW filed proof of claim number 15344 against Delphi, which asserts an unliquidated priority and nonpriority unsecured claim in excess of $145 million.

WHEREAS, on June 22, 2007, the UAW and the Debtors signed a settlement agreement (the "UAW Settlement Agreement") and on July 19, 2007 this Court entered an order approving the UAW Settlement Agreement (the "UAW Settlement Agreement Approval Order") (Docket No. 8693).[1]

WHEREAS, in full satisfaction of all claims released by the UAW pursuant to the UAW Settlement Agreement Approval Order, the UAW was granted an allowed prepetition general unsecured claim in the amount of $140 million, subject to adjustment pursuant to the terms of the UAW Settlement Agreement Approval Order (the "UAW Allowed Claim").

WHEREAS, on July 18, 2007, proof of claim number 16644 was created to implement the UAW Settlement Agreement and the UAW Settlement Agreement Approval Order, and establish the UAW Allowed Claim.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized

---

[1]    A copy of the UAW Settlement Agreement is attached to the UAW Settlement Agreement Approval Order.

Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on November 5, 2009, the UAW filed administrative expense claim number 19810 against Delphi which asserts an administrative expense claim in an amount not to exceed $6 million.

WHEREAS, on February 3, 2010, the Reorganized Debtors objected to the UAW proofs of claim numbers 5268, 13270, 13838, and 13880 on the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, and (IV) Modify Certain SERP-Related Scheduled Liabilities (the "Forty-Fourth Omnibus Claims Objection") (Docket No. 19395).

WHEREAS, on March 15, 2010, the UAW filed a response to the Forty-Fourth Omnibus Claims Objection (the "UAW 44th Omnibus Response") (Docket No. 19669).

WHEREAS, on March 25, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objections To Proofs Of Claim Numbers 5268, 13270, 13838, 13880, 15585, 15589, 16925, 17081, 17773, 18049, 18087, 18604, 18740, 20017, And 20054 (Docket No. 19735) scheduling a sufficiency hearing on proofs of claim numbers 5268, 13270, 13838, and 13880.

WHEREAS, on April 13, 2010, the Reorganized Debtors filed a supplemental reply to the Forty-Fourth Omnibus Claims Objection and to the UAW Response (the "UAW 44th Omnibus Supplemental Reply") (Docket No. 19811).

WHEREAS, on April 16, 2010, the Reorganized Debtors objected to the UAW proof of claim number 19810 on the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(B) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Claims Objection") (Docket No. 19873).

WHEREAS, on May 17, 2010, the UAW filed a response to the Forty-Seventh Omnibus Claims Objection (the "UAW 47th Omnibus Response") (Docket No. 20126).

WHEREAS, to resolve the Forty-Fourth Omnibus Claims Objection with respect to the proofs of claim numbers 5268, 13270, 13838, and 13880, to resolve the Forty-Seventh Omnibus Claims Objection with respect to administrative expense claim number 19810, to resolve the UAW 44th Omnibus Response, to resolve the UAW 44th Omnibus Supplemental Reply, to resolve the UAW 47th Omnibus Response, to disallow and expunge proof of claim number 15344, and to resolve the adjustment of the UAW Allowed Claim and establish it as proof of claim number 16644, the Reorganized Debtors and the UAW entered into this Stipulation.

NOW, THEREFORE, the Reorganized Debtors and the UAW stipulate and agree as follows:

1.      The UAW Allowed Claim shall be established as proof of claim number

[8]

16644, and proof of claim number 16644 shall be the sole surviving UAW claim.

2.        Proof of claim number 16644 shall be allowed in the amount of $96,158,450.00 and shall be treated as an allowed prepetition general unsecured non-priority claim against DPH Holdings Corp. in accordance with the terms of the Modified Plan.  Any proceeds resulting from proof of claim number 16644 shall be paid to the Voluntary Employee Beneficiary Association established on or about October 16, 2008 in accordance with the settlement in UAW, et al. v. GM, Case No. 2:07-cv-14074 (E.D. Mich. complaint filed September 9, 2007).  The Reorganized Debtors shall take the necessary steps to conform the claims register to reflect the amount of the surviving claim and the distribution entity as set forth in this paragraph.

3.        Each of proof of claim numbers 5268, 13270, 13838, 13880, and 15344 and administrative expense claim number 19810 shall be disallowed and expunged in its entirety.

4.        The Reorganized Debtors and the UAW shall cooperate in seeking the agreement of General Motors Company for a transfer of all remaining funds ("Trust Funds") of the trust established pursuant to the Trust Agreement Between Delphi Corporation and Bank One Trust Company, N.A. dated June 8, 2006 (the "UAW-Delphi Legal Services Plan Trust"), as of an agreed upon transfer date (the "Transfer Date"), to the UAW-GM Legal Services Trust, with the understanding and agreement that all such Trust Funds will be used exclusively for the purpose of paying the UAW-GM Legal Services Plan for expenses related to the provision of UAW-GM Legal Services Plan benefits to covered individuals under the UAW-Delphi Legal Services Plan as of July 19, 2007.  Once the Trust Funds have been transferred, the UAW-Delphi Legal Services Plan Trust shall be terminated.  The parties shall cooperate in taking the necessary steps to effect the transfer and termination.

[8]

5.      The Reorganized Debtors have informed the UAW that, as of June 4, 2010, the Trust Fund balance totaled $1,101,086.72.  Pending the Transfer Date, promptly upon approval of this Stipulation by the Bankruptcy Court, the Reorganized Debtors shall approve the release of Trust Funds sufficient to pay the UAW-Delphi Legal Services Plan (i) $135,000.00 (relating to the UAW-Delphi Legal Services Plan September 2009 invoice) and (ii) $26,129.00 (relating to the UAW-Delphi Legal Services Plan October 2009 invoice).  Once the release of such amounts is approved, and provided that the Transfer Date occurs, Delphi, the Reorganized Debtors, Delphi Automotive LLP and the directors, officers, fiduciaries, employees and agents of each, shall have no obligations relating to the UAW-Delphi Legal Services Plan, the UAW-Delphi Legal Services Plan Trust, the UAW-GM Legal Services Plan, and the UAW-GM Legal Services Plan Trust.

6.      In the event that no agreement is reached regarding the transfer of Trust Funds to the UAW-GM Legal Services Trust pursuant to paragraph 4, the Reorganized Debtors and the UAW shall attempt to negotiate a mutually acceptable resolution relating to the balance of such Trust Funds.

7.      As necessary, the UAW Settlement Agreement Approval Order shall be deemed conformed and consistent with this Stipulation.

8.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation to the extent permitted by law.

So Ordered in White Plains, New York, this 18th day of June, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                        /s/ Daniel W. Sherrick

John Wm. Butler, Jr.                                     Daniel W. Sherrick
John K. Lyons                                            General Counsel
Ron E. Meisler                                           International Union, UAW
SKADDEN, ARPS, SLATE, MEAGHER                            8000 East Jefferson Avenue
  & FLOM LLP                                             Detroit, MI 48214
155 North Wacker Drive
Chicago, Illinois  60606                                 for UAW
                        - and –

Kayalyn A. Marafioti
Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors