ANNEX C
TO
SCHEDULE NO. A-2
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

CERTIFICATE

To: American Finance Group, Inc. ("Lessor")

Pursuant to the provisions of the above schedule and lease (collectively, the "Lease"), Lessee hereby certifies and warrants that all Equipment listed below has been delivered and installed (if applicable); and (b) Lessee has received the Equipment for all purposes of the Lease.

Lessee does further certify that as of the date hereof (i) Lessee is not in default under the Lease; (ii) the representations and warranties made by Lessee pursuant to or under the Lease are true and correct on the date hereof; and (iii) Lessee has reviewed and approves of the purchase documents for the Equipment, if any.

### DESCRIPTION OF EQUIPMENT

| Manufacturer | Serial Numbers | Type and Model of Equipment |
|---|---|---|
| Emag-Bohle LLC | 6M720.05165<br>6M720.05166 | VSC 250 Twin Machine w/ Hopper Feed System |
| Liebherr | FN0960<br>FN0961<br>FN0962 | LC 82 CNC Hobbing Machine |

Authorized Representative

Dated: 12/16/97

Rev. 5/14/92

ANNEX D
TO
SCHEDULE NO. A-2
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

STIPULATED LOSS AND TERMINATION VALUE TABLE*

| AFTER PRIMARY TERM PAYMENT NO. | STIPULATED LOSS VALUE % | TERMINATION VALUE % |
|---|---|---|
|  | 120.00 |  |
| 1 | 119.51 |  |
| 2 | 119.01 |  |
| 3 | 118.50 |  |
| 4 | 117.99 | 120.99 |
| 5 | 117.46 | 120.46 |
| 6 | 116.93 | 119.93 |
| 7 | 116.39 | 119.39 |
| 8 | 115.84 | 118.84 |
| 9 | 115.28 | 118.28 |
| 10 | 114.71 | 117.71 |
| 11 | 114.13 | 117.13 |
| 12 | 113.54 | 116.54 |
| 13 | 112.95 | 115.95 |
| 14 | 112.34 | 115.34 |
| 15 | 111.73 | 114.73 |
| 16 | 111.11 | 114.11 |
| 17 | 110.47 | 113.47 |
| 18 | 109.83 | 112.83 |
| 19 | 109.17 | 112.17 |
| 20 | 108.51 | 111.51 |
| 21 | 107.84 | 110.84 |
| 22 | 107.15 | 110.15 |
| 23 | 106.46 | 109.46 |
| 24 | 105.75 | 108.75 |
| 25 | 105.04 | 108.04 |
| 26 | 104.31 | 107.31 |
| 27 | 103.57 | 106.57 |
| 28 | 102.82 | 105.82 |
| 29 | 102.06 | 105.06 |
| 30 | 101.29 | 104.29 |
| 31 | 100.50 | 103.50 |
| 32 | 99.71 | 102.71 |
| 33 | 98.90 | 101.90 |
| 34 | 98.08 | 101.08 |
| 35 | 97.25 | 100.25 |
| 36 | 96.40 | 99.40 |
| 37 | 95.54 | 98.54 |
| 38 | 94.67 | 97.67 |
| 39 | 93.79 | 96.79 |
| 40 | 92.89 | 95.89 |
| 41 | 91.98 | 94.98 |
| 42 | 91.06 | 94.06 |
| 43 | 90.12 | 93.12 |

Rev. 5 14/92

| AFTER PRIMARY TERM PAYMENT NO. | STIPULATED LOSS VALUE % | TERMINATION VALUE % |
|---|---|---|
| 44 | 89.17 | 92.17 |
| 45 | 88.20 | 91.20 |
| 46 | 87.22 | 90.22 |
| 47 | 86.23 | 89.23 |
| 48 | 85.22 | 88.22 |
| 49 | 84.20 | 87.20 |
| 50 | 83.16 | 86.16 |
| 51 | 82.10 | 85.10 |
| 52 | 81.03 | 84.03 |
| 53 | 79.95 | 82.95 |
| 54 | 78.85 | 81.85 |
| 55 | 77.73 | 80.73 |
| 56 | 76.60 | 79.60 |
| 57 | 75.45 | 78.45 |
| 58 | 74.28 | 77.28 |
| 59 | 73.10 | 76.10 |
| 60 | 72.03 | 75.03 |

Initials:  _____TW_____     _____DLR_____
          Lessor             Lessee

* The Stipulated Loss Value or Termination Value for any unit of Equipment shall be equal to the Capitalized Lessor's Cost of such unit multiplied by the appropriate percentage derived from the above tables. In the event that the lease term is for any reason extended, then the last percentage figure shown above shall control throughout any such extended term.

Rev. 3 14-92

68DELPOA-3R1

## AMENDMENT AND RENEWAL

THIS AMENDMENT AND RENEWAL (the "Agreement") is entered into as of this 19th day of May, 2003 by and between **Delphi Corporation**, a Delaware corporation, with its principal office at 2900 South Scatterfield Road, Anderson, IN 46018 ("Lessee"), and **Eireann II, a division of ATEL Transatlantic Investors, Inc.**, a California corporation (as successor in interest by assignment), with its principal offices at 600 California Street, 6th Floor, San Francisco, CA 94108 ("Lessor").

WHEREAS, Lessor and Lessee's predecessor in interest entered into that Master Lease Agreement No. 9708DEG545 dated as of August 29, 1997 ("Master Lease") and Equipment Schedule Nos. A-2, A-3, A-4, and A-5 thereto, as amended, dated as of December 12, 1997, March 2, 1998, April 3, 1998 and April 30, 1998, respectively (Equipment Schedule Nos. A-2, A-3, A-4 and A-5, as amended, and the Master Lease to the extent it applies thereto collectively, the "Leases");

WHEREAS, Lessee formerly was known as "Delphi Energy and Management Systems, a division of General Motors Corporation" and became a separate corporate entity effective as of September 16, 1998 and by operation of law assumed all rights and obligations under the Leases;

WHEREAS, Lessee changed its name to Delphi Corporation;

WHEREAS, Lessee and Lessor desire to memorialize such assumption by operation of law and name change in writing;

WHEREAS, Lessee and Lessor desire to extend the term of each of the Leases for an additional twelve (12) months;

NOW THEREFORE, the undersigned, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby agree as follows in furtherance of the foregoing:

FOR VALUE RECEIVED, Lessee confirms all references to Lessee in the Leases shall mean Delphi Corporation and hereby acknowledges the terms of the Leases and and agrees to pay and perform all obligations of Lessee under the Leases (including, without limitation, indemnity obligations and any obligations to insure, maintain and, if any, purchase leased property).

Lessee and Lessor hereby agree to extend the terms of the Leases as follows:

| Equipment Schedule No. | Renewal Start | Renewal Maturity | Renewal Rent | No. of Pmts |
|---|---|---|---|---|
| A-2 | 1/1/03 | 12/31/03 | $33,850 | 12 mo. in adv. |
| A-3 | 5/1/03 | 4/30/04 | $8,860 | 12 mo. in adv. |
| A-4 | 6/1/03 | 5/31/04 | $5,835 | 12 mo. in adv. |
| A-5 | 6/1/03 | 5/31/04 | $9,275 | 12 mo. in adv. |

C. TAX BENEFITS

<u>Depreciation Deductions</u>:

a. <u>Depreciation Method</u>: Two hundred percent (200%) declining balance method, switching to straight line method for the first (1st) taxable year for which using the straight line method with respect to the adjusted basis as of the beginning of such year will yield a larger allowance.

b. <u>Recovery Period</u>: 7 years

c. <u>Basis</u>: One Hundred percent (100%) of Capitalized Lessor's Cost.

D. TERM AND RENT

1. <u>Interim Rent</u>. For the period from and including the Lease Commencement Date to the Basic Term Commencement Date ("Interim Period"), Lessee shall pay as rent ("Interim Rent") for each unit of Equipment, the product of the Daily Lease Rate Factor times the Capitalized Lessor's Cost of such unit times the number of days in the Interim Period. Interim Rent shall be due on March 1, 1998.

2. <u>Basic Term Rent</u>. Commencing on March 1, 1998, and on the same day of each month thereafter (each, a "Rent Payment Date") during the Basic Term, Lessee shall pay as rent ("Basic Term Rent") the product of the Basic Term Lease Rate Factor times the Capitalized Lessor's Cost of all Equipment on this Schedule.

3. <u>Adjustment to Capitalized Lessor's Cost</u>. Lessee hereby irrevocably authorizes Lessor to adjust the Capitalized Lessor's Cost up or down by no more than ten percent (10%) to account for equipment change orders, equipment returns, invoicing errors, and similar matters. Lessee acknowledges and agrees that the Rent shall be adjusted as a result of such change in the Capitalized Lessor's Cost (pursuant to paragraphs 1 and 2 above). Lessor shall send Lessee a written notice stating the final Capitalized Lessor's Cost, if different from that disclosed on this Schedule.

E. INSURANCE

1. Commercial (broad form comprehensive) general liability, including contractual liability coverage, in limits of not less than Five Million dollars ($5,000,000.00) per occurrence combined single limit for personal injury and property damage.

2. "All Risks" property insurance for the Equipment in an amount equal to the Stipulated Loss Value, with no co-insurance requirement.

Except as expressly modified hereby, all terms and provisions of the Agreement shall remain in full force and effect. This Schedule is not binding or effective with respect to the Agreement or Equipment until executed on behalf of Lessor and Lessee by authorized representatives of Lessor and Lessee, respectively.

IN WITNESS WHEREOF, Lessee and Lessor have caused this Schedule to be executed by their duly authorized representatives as of the date first above written.

LESSOR:

AMERICAN FINANCE GROUP, INC.

By _____
Name LISA G. _____
Title Manager, _____ Underwriting

LESSEE:

GENERAL MOTORS CORPORATION,
DELPHI ENERGY AND ENGINE
MANAGEMENT SYSTEM

By _____
Name ARNOLD L. RUNKLE
Title VP

Rev. 5/14/92

COUNTERPART NO. 1 OF 2 SERIALLY NUMBERED MANUALLY EXECUTED COUNTERPARTS. TO THE EXTENT IF ANY THAT THIS DOCUMENT CONSTITUTES CHATTEL PAPER UNDER THE UNIFORM COMMERCIAL CODE, NO SECURITY INTEREST MAY BE CREATED THROUGH THE TRANSFER AND POSSESSION OF ANY COUNTERPART OTHER THAN COUNTERPART NO. 1.

# EQUIPMENT SCHEDULE NO. A-3

RSL

EQUIPMENT SCHEDULE
SCHEDULE NO. A-3
DATED THIS 28TH DAY OF JULY, 1997
TO MASTER LEASE AGREEMENT NO. 9602ING520
DATED AS OF FEBRUARY 12, 1996

Lessor and Mailing Address:

AMERICAN FINANCE GROUP, INC.
24 SCHOOL STREET
BOSTON, MA 0210

Lessee and Mailing Address:

GENERAL MOTORS CORPORATION,
DELPHI INTERIOR & LIGHTING SYSTEMS
2915 PENDLETON AVENUE
ANDERSON, IN 46016

Capitalized terms not defined herein shall have the meanings assigned to them in the Master Lease Agreement identified above ("Agreement"; said Agreement and this Schedule being collectively referred to as "Lease").

A. EQUIPMENT

Pursuant to the terms of the Lease, Lessor agrees to acquire and lease to Lessee the Equipment listed on Schedule B attached hereto and made a part hereof.

B. FINANCIAL TERMS

1.  Advance Rent (if any):            N/A

2.  Capitalized Lessor's Cost:        $320,125.00

3.  Basic Term Lease Rate Factor:     .016691000

4.  Daily Lease Rate Factor:          .000556367

5.  Basic Term (Number of Months):36

6.  Basic Term Commencement Date: 08-01-96

7.  Equipment Location:               see Annex A

8.  Lessee's Federal Tax ID Number: 38-0572515

9.  Supplier:                         see Annex A

10. Last Delivery Date:               see Annex A

11. First Termination Date:           11-01-97 ( 3 ) months after the
                                      Basic Term Commencement Date.

12. Option Price:                     Fair Market Value

1

C. TAX BENEFITS

Depreciation Deductions:

a. Depreciation Method: Two hundred percent (200%) declining balance method, switching to straight line method for the first (1st) taxable year for which using the straight line method with respect to the adjusted basis as of the beginning of such year will yield a larger allowance.

b. Recovery Period: 5 years.

c. Basis: One Hundred percent (100%) of Capitalized Lessor's Cost.

D. TERM AND RENT

1. Interim Rent. For the period from and including the Lease Commencement Date to the Basic Term Commencement Date ("Interim Period"), Lessee shall pay as rent ("Interim Rent") for each unit of Equipment, the product of the Daily Lease Rate Factor times the Capitalized Lessor's Cost of such unit times the number of days in the Interim Period. Interim Rent shall be due on September 1, 1997.

2. Basic Term Rent. Commencing on September 1, 1997, and on the same day of each month thereafter (each, a "Rent Payment Date") during the Basic Term, Lessee shall pay as rent ("Basic Term Rent") the product of the Basic Term Lease Rate Factor times the Capitalized Lessor's Cost of all Equipment on this Schedule. Lessee agrees to pay both the first payment of Basic Term Rent due September 1, 1997 and the last payment of Basic Term Rent due July 31, 2000 on September 1, 1997.

3. Adjustment to Capitalized Lessor's Cost. Lessee hereby irrevocably authorizes Lessor to adjust the Capitalized Lessor's Cost up or down by no more than ten percent (10%) to account for equipment change orders, equipment returns, invoicing errors, and similar matters. Lessee acknowledges and agrees that the Rent shall be adjusted as a result of such change in the Capitalized Lessor's Cost (pursuant to paragraph 1 and 2 above). Lessor shall send Lessee a written notice stating the final Capitalized Lessor's Cost, if different from that disclosed on this Schedule.

E. RETURN CONDITIONS

In furtherance, and not in limitation of, the use, maintenance and return conditions for the Equipment set forth in Sections V and X of the Agreement, Lessee hereby agrees to return the Equipment to Lessor in accordance with all of the terms and conditions of the Agreement and in compliance with the following special return conditions:

Each item of Equipment shall be in both good appearance and operating condition, less reasonable wear and tear. Each unit and component of such unit shall be capable of performing or meeting the manufacturer's minimum performance specifications when new. Lessee shall also de-identify each unit by properly removing any decals, paint and all other Lessee markings.

2

Upon the expiration of the Lease Term, or any extension or renewal thereof, Lessee shall properly prepare, pack and ship each item of Equipment in accordance with this Section E and the Master Lease.

If any of the above conditions are not met, the Lessee has the option of repairing the Equipment at his own expense, or if repairs are performed by Lessor or Lessor's agent, Lessee shall pay any costs associated therewith.

F.  INSURANCE

1.  Commercial (broad form comprehensive) general liability, including contractual liability coverage, in limits of not less than Five Million dollars ($5,000,000.00) per occurrence combined single limit for personal injury and property damage.

2.  "All Risks" property insurance for the Equipment in an amount equal to the Stipulated Loss Value, with no co-insurance requirement.

Except as expressly modified hereby, all terms and provisions of the Agreement shall remain in full force and effect. This Schedule is not binding or effective with respect to the Agreement or Equipment until executed on behalf of Lessor and Lessee by authorized representatives of Lessor and Lessee, respectively.

This Equipment Schedule incorporates by reference the Equipment Lease and each Equipment Schedule constitutes a separate and independent Lease. Terms defined in an Equipment Schedule and not otherwise defined herein shall have the meanings ascribed to them in such Equipment Schedule. In the event of a conflict between the terms of an Equipment Schedule and the Equipment Lease, the terms of the Equipment Schedule shall govern.

IN WITNESS WHEREOF, Lessee and Lessor have caused this Schedule to be executed by their duly authorized representatives as of the date first above written.

LESSOR:                                                LESSEE:

AMERICAN FINANCE GROUP, INC.                           GENERAL MOTORS CORPORATION,
                                                       DELPHI INTERIOR & LIGHTING SYSTEMS

By: _____                            By: _____ 7/31/97

Name: LISA G RYAN                                      Name: PAUL F CALHOUN

Title: Manager, Lease Underwriting                     Title: Resident Comptroller

COUNTERPART NO. 1 OF 2 SERIALLY NUMBERED MANUALLY EXECUTED COUNTERPARTS. TO THE EXTENT IF ANY THAT THIS DOCUMENT CONSTITUTES CHATTEL PAPER UNDER THE UNIFORM COMMERCIAL CODE, NO SECURITY INTEREST MAY BE CREATED THROUGH THE TRANSFER AND POSSESSION OF ANY COUNTERPART OTHER THAN COUNTERPART NO. 1.

ANNEX A
TO
SCHEDULE NO. A-3
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

DESCRIPTION OF EQUIPMENT

| Manufacturer | Serial Numbers | Type and Model of Equipment | Number of Units | Cost Per Unit |
|---|---|---|---|---|
| Emag-Bohle LLC | 6M720.05167 | VSC 250 Twin Machine w/ Hopper Feed System | 1 | $721,786.25 |

Initials: _[signature]_       _[signature]_
             Lessor                Lessee

Rev. 5/14/92

ANNEX B
TO
SCHEDULE NO. A-3
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

PURCHASE ORDER ASSIGNMENT AND CONSENT

THIS ASSIGNMENT AGREEMENT, dated as of ___March 2, 1998___ ("Agreement), between American Finance Group, Inc. ("Lessor") and General Motors Corporation, Delphi Energy and Engine Management System ("Lessee").

WITNESSETH:

Lessee desires to lease certain equipment ("Equipment") from Lessor pursuant to the above schedule and lease (collectively, "Lease"). All terms used herein which are not otherwise defined shall have the meaning ascribed to them in the Lease.

Lessee desires to assign, and Lessor is willing to acquire, certain of Lessee's rights and interest under the purchase order(s), agreement(s), and/or document(s) (the "Purchase Orders") Lessee has heretofore issued to the Supplier(s) of such Equipment.

NOW, THEREFORE, in consideration of the mutual covenants herein contained, Lessor and Lessee hereby agree as follows:

SECTION 1. ASSIGNMENT.

(a) Lessee does hereby assign and set over to Lessor all of Lessee's rights and interests in and to such Equipment and the Purchase Orders as the same relate thereto including, without limitation, (I) the rights to purchase, to take title, and to be named the purchaser in the bill of sale for such Equipment, (II) all claims for damages in respect of such Equipment arising as a result of any default by the Supplier (including, without limitation, all warranty and indemnity claims), and (iii) any and all rights of Lessee to compel performance by the Supplier.

(b) If, and so long as, no default exists under the Lease, Lessee shall be, and is hereby, authorized during the term of the Lease to assert and enforce, at Lessee's sole cost and expense, from time to time in the name of and for the account of Lessor and/or Lessee, as their interest may appear, whatever claims and rights Lessor may have against any Supplier of the Equipment.

SECTION 2. CONTINUING LIABILITY OF LESSEE.

It is expressly agreed that, anything herein contained to the contrary notwithstanding: (a) Lessee shall at all times remain liable to the Supplier to perform any duties and obligations of the purchaser under the Purchase Orders, except respecting payment provided for in the Lease so long as Lessee has complied with its obligations under Section I(b) of the Lease, to the same extent as if this Agreement had not been executed, (b) the execution of this Agreement shall not modify any contractual rights of the Supplier under the Purchase Orders, except respecting payment provided for in the Lease, and the liabilities of the Supplier under the Purchase Orders shall be to the same extent and continue as if this Agreement had not been executed, (c) the exercise by the Lessor of any of the rights hereunder shall not release Lessee from any of its duties or obligations to the Supplier, except payment provided for in the Lease, under the Purchase Orders, and (d) Lessor shall not have any obligation or liability under the Purchase Orders by reason of, or arising out of, this Agreement or be obligated to perform any of the obligations or duties of Lessee under the Purchase Orders or to make any payment (other than under the terms and conditions set forth in the Lease) or to make any inquiry of the sufficiency of or authorization for any payment

PS 1d E- ЯUM 86،

Rev. 5/14/92

received by any Supplier or to present or file any claim or to take any other action to collect or enforce any claim for any payment assigned hereunder.

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed as of the date first above written.

LESSOR:                                                      LESSEE:

AMERICAN FINANCE GROUP, INC.                                 GENERAL MOTORS CORPORATION,
                                                             DELPHI ENERGY AND ENGINE
                                                             MANAGEMENT SYSTEM

By _____                                   By _____
Title  Manager, Team Underwriting                            Title  VP and Gen/Mgr.


CONSENT AND AGREEMENT

Supplier hereby consents to the above assignment agreement ("Agreement") and agrees not to assert any claims against Lessor or Lessee inconsistent with such Agreement. Supplier agrees that the Purchase Orders are hereby amended as necessary to provide as follows:

(a) Title to and risk of loss of the Equipment shall pass to Lessor upon Lessee's execution of the Certificate for such Equipment; and

(b) Supplier hereby waives and discharges any security interest, lien, or other encumbrance in or upon the Equipment and agrees to execute such documents as Lessor may request evidencing the release of any such encumbrance and the conveyance of title thereto to Lessor.

(c) Supplier agrees that on and after the date this Consent is executed, it will not make any addition to or delete any items from the Equipment referred to in the Agreement without the prior written consent of both Lessor and Lessee.

IN WITNESS WHEREOF, the undersigned has caused this Consent to be executed this _____ day of March, 1998.

                                                             SUPPLIER:

                                                             _____

                                                             By _____
                                                             Title _____


Rev. 5/14/92

ANNEX C
TO
SCHEDULE NO. A-3
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

CERTIFICATE

To: American Finance Group, Inc. ("Lessor")

Pursuant to the provisions of the above schedule and lease (collectively, the "Lease"), Lessee hereby certifies and warrants that all Equipment listed below has been delivered and installed (if applicable); and (b) Lessee has received the Equipment for all purposes of the Lease.

Lessee does further certify that as of the date hereof (i) Lessee is not in default under the Lease; (ii) the representations and warranties made by Lessee pursuant to or under the Lease are true and correct on the date hereof; and (iii) Lessee has reviewed and approves of the purchase documents for the Equipment, if any.

DESCRIPTION OF EQUIPMENT

| Manufacturer | Serial Numbers | Type and Model of Equipment |
|---|---|---|
| Emag-Bohle LLC | 6M720-05167 | VSC 250 Twin Machine w/ Hopper Feed System |

Authorized Representative

Dated: 3/6/98

Rev. 5/14/92

ANNEX D
TO
SCHEDULE NO. A-3
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

STIPULATED LOSS AND TERMINATION VALUE TABLE*

| AFTER PRIMARY TERM PAYMENT NO. | STIPULATED LOSS VALUE % | TERMINATION VALUE % |
|---|---|---|
|   | 120.00 |   |
| 1 | 119.51 |   |
| 2 | 119.01 |   |
| 3 | 118.50 |   |
| 4 | 117.99 | 120.99 |
| 5 | 117.46 | 120.46 |
| 6 | 116.93 | 119.93 |
| 7 | 116.39 | 119.39 |
| 8 | 115.84 | 118.84 |
| 9 | 115.28 | 118.28 |
| 10 | 114.71 | 117.71 |
| 11 | 114.13 | 117.13 |
| 12 | 113.54 | 116.54 |
| 13 | 112.95 | 115.95 |
| 14 | 112.34 | 115.34 |
| 15 | 111.73 | 114.73 |
| 16 | 111.11 | 114.11 |
| 17 | 110.47 | 113.47 |
| 18 | 109.83 | 112.83 |
| 19 | 109.17 | 112.17 |
| 20 | 108.51 | 111.51 |
| 21 | 107.84 | 110.84 |
| 22 | 107.15 | 110.15 |
| 23 | 106.46 | 109.46 |
| 24 | 105.75 | 108.75 |
| 25 | 105.04 | 108.04 |
| 26 | 104.31 | 107.31 |
| 27 | 103.57 | 106.57 |
| 28 | 102.82 | 105.82 |
| 29 | 102.06 | 105.06 |
| 30 | 101.29 | 104.29 |
| 31 | 100.50 | 103.50 |
| 32 | 99.71 | 102.71 |
| 33 | 98.90 | 101.90 |
| 34 | 98.08 | 101.08 |
| 35 | 97.25 | 100.25 |
| 36 | 96.40 | 99.40 |
| 37 | 95.54 | 98.54 |
| 38 | 94.67 | 97.67 |
| 39 | 93.79 | 96.79 |
| 40 | 92.89 | 95.89 |
| 41 | 91.98 | 94.98 |
| 42 | 91.06 | 94.06 |
| 43 | 90.12 | 93.12 |

Rev. 5/14/92

| AFTER PRIMARY TERM PAYMENT NO. | STIPULATED LOSS VALUE % | TERMINATION VALUE % |
|---|---|---|
| 44 | 89.17 | 92.17 |
| 45 | 88.20 | 91.20 |
| 46 | 87.22 | 90.22 |
| 47 | 86.23 | 89.23 |
| 48 | 85.22 | 88.22 |
| 49 | 84.20 | 87.20 |
| 50 | 83.16 | 86.16 |
| 51 | 82.10 | 85.10 |
| 52 | 81.03 | 84.03 |
| 53 | 79.95 | 82.95 |
| 54 | 78.85 | 81.85 |
| 55 | 77.73 | 80.73 |
| 56 | 76.60 | 79.60 |
| 57 | 75.45 | 78.45 |
| 58 | 74.28 | 77.28 |
| 59 | 73.10 | 76.10 |
| 60 | 72.03 | 75.03 |

Initials:  _____ Lessor     _____ Lessee

* The Stipulated Loss Value or Termination Value for any unit of Equipment shall be equal to the Capitalized Lessor's Cost of such unit multiplied by the appropriate percentage derived from the above tables. In the event that the lease term is for any reason extended, then the last percentage figure shown above shall control throughout any such extended term.

Rev. 5/14/92

# EQUIPMENT SCHEDULE NO. A-4

RSL

EQUIPMENT SCHEDULE
SCHEDULE NO. A-4
DATED THIS 3RD DAY OF APRIL, 1998
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

Lessor and Mailing Address:

AMERICAN FINANCE GROUP, INC.
24 SCHOOL STREET
FLOOR 7
BOSTON, MA 02108

Lessee and Mailing Address:

GENERAL MOTORS CORPORATION,
DELPHI ENERGY AND ENGINE
MANAGEMENT SYSTEM
2900 SOUTH SCATTERFIELD ROAD
ANDERSON, IN 46018-2439

Capitalized terms not defined herein shall have the meanings assigned to them in the Master Lease Agreement identified above ("Agreement"; said Agreement and this Schedule being collectively referred to as "Lease").

A.  EQUIPMENT

    Pursuant to the terms of the Lease, Lessor agrees to acquire and lease to Lessee the Equipment listed on Annex A attached hereto and made a part hereof.

B.  FINANCIAL TERMS

    1.  Advance Rent (if any):  N/A
    2.  Capitalized Lessor's Cost:  $450,000.00
    3.  Basic Term Lease Rate Factor:  .016843000
    4.  Daily Lease Rate Factor:  .000561433
    5.  Basic Term (Number of Months):  36
    6.  Basic Term Commencement Date:  04-01-98
    7.  Equipment Location:  2900 South Scatterfield Road, Anderson, IN 46013
    8.  Lessee's Federal Tax ID Number:  38-0572515
    9.  Supplier:  Liebherr-America, Inc. 1465 Woodland Drive, Saline, MI 48176-1259
    10. Last Delivery Date:  N/A
    11. First Termination Date:  07-01-98 ( 3 ) months after the Basic Term Commencement Date.
    12. Option Price:  Fair Market Value

Rev. 5/14/92

C. TAX BENEFITS

Depreciation Deductions:

a. Depreciation Method: Two hundred percent (200%) declining balance method, switching to straight line method for the first (1st) taxable year for which using the straight line method with respect to the adjusted basis as of the beginning of such year will yield a larger allowance.

b. Recovery Period: 7 years

c. Basis: One Hundred percent (100%) of Capitalized Lessor's Cost.

D. TERM AND RENT

1. Interim Rent. For the period from and including the Lease Commencement Date to the Basic Term Commencement Date ("Interim Period"), Lessee shall pay as rent ("Interim Rent") for each unit of Equipment, the product of the Daily Lease Rate Factor times the Capitalized Lessor's Cost of such unit times the number of days in the Interim Period. Interim Rent shall be due on April 1, 1998.

2. Basic Term Rent. Commencing on April 1, 1998, and on the same day of each month thereafter (each, a "Rent Payment Date") during the Basic Term, Lessee shall pay as rent ("Basic Term Rent") the product of the Basic Term Lease Rate Factor times the Capitalized Lessor's Cost of all Equipment on this Schedule.

3. Adjustment to Capitalized Lessor's Cost. Lessee hereby irrevocably authorizes Lessor to adjust the Capitalized Lessor's Cost up or down by no more than ten percent (10%) to account for equipment change orders, equipment returns, invoicing errors, and similar matters. Lessee acknowledges and agrees that the Rent shall be adjusted as a result of such change in the Capitalized Lessor's Cost (pursuant to paragraphs 1 and 2 above). Lessor shall send Lessee a written notice stating the final Capitalized Lessor's Cost, if different from that disclosed on this Schedule.

E. INSURANCE

1. Commercial (broad form comprehensive) general liability, including contractual liability coverage, in limits of not less than Five Million dollars ($5,000,000.00) per occurrence combined single limit for personal injury and property damage.

2. "All Risks" property insurance for the Equipment in an amount equal to the Stipulated Loss Value, with no co-insurance requirement.

Except as expressly modified hereby, all terms and provisions of the Agreement shall remain in full force and effect. This Schedule is not binding or effective with respect to the Agreement or Equipment until executed on behalf of Lessor and Lessee by authorized representatives of Lessor and Lessee, respectively.

IN WITNESS WHEREOF, Lessee and Lessor have caused this Schedule to be executed by their duly authorized representatives as of the date first above written.

LESSOR:

AMERICAN FINANCE GROUP, INC.

By _____
Name _____
Title _____

LESSEE:

GENERAL MOTORS CORPORATION,
DELPHI ENERGY AND ENGINE
MANAGEMENT SYSTEM

By _____
Name  Don Runicle
Title  VP

Rev. 5/14/92

COUNTERPART NO. 1 OF 2 SERIALLY NUMBERED MANUALLY EXECUTED COUNTERPARTS. TO THE EXTENT IF ANY THAT THIS DOCUMENT CONSTITUTES CHATTEL PAPER UNDER THE UNIFORM COMMERCIAL CODE, NO SECURITY INTEREST MAY BE CREATED THROUGH THE TRANSFER AND POSSESSION OF ANY COUNTERPART OTHER THAN COUNTERPART NO. 1.

05-44481-rdd    Doc 20264-8    Filed 06/22/10    Entered 06/22/10 15:43:00    Exhibit A
pt 7    Pg 19 of 19

ANNEX A
TO
SCHEDULE NO. A-4
TO MASTER LEASE AGREEMENT NO. 9708DEG545
DATED AS OF AUGUST 29, 1997

DESCRIPTION OF EQUIPMENT

| Manufacturer | Serial Numbers | Type and Model of Equipment | Number of Units | Cost Per Unit |
|---|---|---|---|---|
| Liebherr-America, Inc. | PN0963 | LC 82 CNC Hobbing Machine | 1 | $450,000.00 |

Initials: _____    _____
            Lessor         Lessee

Rev. 5/14/92