# Exhibit B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS BLACK, ET AL.,

      Plaintiffs,

v.                                      Case No. 09-13616

PENSION BENEFIT GUARANTY      Honorable Arthur J. Tarnow
CORPORATION, ET AL.,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
## [7]

      Now before the Court is Plaintiffs' Motion for Preliminary Injunction [7]. A hearing was held on the motion on December 22, 2009.

      In reviewing a motion for preliminary injunction, a district court considers: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., et al.*, 511 F.3d 535, 542 (6th Cir. 2007). The four elements are "factors to be balanced, not prerequisites that must be met." *Id.* at 542 (quoting *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) (citations and internal quotation marks omitted).

      In addressing the issue of irreparable harm, the Sixth Circuit has found that "[a] plaintiff's harm from the denial of a preliminary injunction is irreparable if it

is not fully compensable by *monetary damages.*" *See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (emphasis added). Plaintiffs have brought suit here under 29 U.S.C. §1302(f), which authorizes an action against PBGC "for appropriate *equitable relief*." (emphasis added).

 Defendant argues in its brief that in a situation where a temporary loss of income is ultimately recoverable, irreparable harm usually cannot be established. However, this Court notes that a much different scenario exists if funds are not recoverable because a statute does not permit monetary damages.

 Taking into account the above considerations, as well as Plaintiffs' interests and PBGC's statutory requirements,

 this Court **HEREBY ORDERS** that Plaintiffs' Motion for Preliminary Injunction [7] is **DENIED contingent on** Defendant PBGC setting aside an escrow account containing funds made up of the difference between Plaintiffs' current benefit levels paid under the Plan and the reduced level of benefits Plaintiffs are set to begin receiving effective February 1, 2010. Alternatively, Defendant PBGC may file a stipulation with this Court specifying that if this Court finds, after a consideration of the merits of Plaintiffs' complaint, that PBGC improperly terminated the Plan and wrongfully reduced benefits, then Plaintiffs are entitled in this action to (and will be compensated by PBGC with) the difference between their current benefit levels paid under the Plan and the reduced

level of benefits Plaintiffs are set to begin receiving effective February 1, 2010.

**SO ORDERED**.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: January 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2010, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager

3