# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| DENNIS BLACK, *et al*., ) | |
| ) | Case No. 2:09-cv-13616 |
| Plaintiffs, ) | Hon. Arthur J. Tarnow |
| ) | Magistrate Judge Donald A. Scheer |
| v. ) | |
| PENSION BENEFIT GUARANTY ) | |
| CORPORATION, *et al.,* ) | |
| Defendants. ) | |

## PBGC'S MOTION TO ALTER OR AMEND THE COURT'S JANUARY 26, 2010 ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

|  |  |
|---|---|
|  | ISRAEL GOLDOWITZ |
|  | Chief Counsel |
|  | KAREN L. MORRIS |
|  | Deputy Chief Counsel |
|  | JOHN A. MENKE |
|  | Assistant Chief Counsel |
| Local Counsel: | RALPH L. LANDY |
|  | C. WAYNE OWEN |
| BARBARA L. McQUADE | CRAIG T. FESSENDEN |
| United States Attorney | Attorneys |
| PETER A. CAPLAN | |
| Assistant United States Attorney | Attorneys for the Defendant |
| Eastern District of Michigan | PENSION BENEFIT GUARANTY |
| 211 West Fort Street, Suite 2001 | CORPORATION |
| Detroit, MI 48226 | Office of Chief Counsel |
| Phone: (313) 226-9784 | 1200 K Street, N.W. |
| Facsimile: (313) 226-3271 | Washington, D.C. 20005-4026 |
| E-mail: peter.caplan@usdoj.gov | Phone: (202) 326-4000, ext. 6767 |
|  | Fax: (202) 326-4112 |
|  | Email: fessenden.craig@pbgc.gov |

Defendant Pension Benefit Guaranty Corporation ("PBGC") hereby moves the Court, pursuant to Fed. R. Civ. P. 59(e), to amend its Order on Plaintiffs' Motion for Preliminary Injunction, issued on January 26, 2010. In its Order, the Court denied plaintiffs' preliminary injunction motion, contingent on PBGC satisfying one of two alternative conditions: (1) setting aside an escrow account containing the difference between the full benefits promised by the Delphi Salaried Pension Plan and the lower estimated guaranteed benefits that PBGC will start paying to certain participants in the Plan effective February 1, 2010, or (2) filing a stipulation that PBGC would agree to pay to participants the difference between their promised benefits under the Plan and their estimated guaranteed benefits if the Court were to find that PBGC improperly terminated the Plan.

PBGC cannot satisfy the first condition, because, as an agency of the United States, it is not required to post security in connection with preliminary injunctions. *See* Fed. R. Civ. P. 65(c). PBGC cannot voluntarily post such security, because it may not expend money for purposes that are not authorized by federal law.

PBGC cannot satisfy the second condition either. As the statutory trustee of the Salaried Plan appointed pursuant to the termination agreement between PBGC and Delphi, PBGC has the authority to pay to participants only "benefits under the plan in accordance with the requirements of this title [Title IV of ERISA]." 29 U.S.C. § 1342(d)(1)(B)(i). Title IV permits PBGC to pay benefits only with respect to a terminated plan, and limits the benefits payable by PBGC with respect to that terminated plan. *See* 29 U.S.C. § 1361 ("The corporation shall pay benefits under a single-employer plan terminated under this title subject to the limitations and requirements of subtitle B of this title."). If the termination were determined to be improper for any reason, the Plan would no longer be terminated, PBGC would no longer be the Plan's statutory trustee, and

2

accordingly, PBGC would no longer have the legal authority to pay any benefits to the Plan participants.

A final, non-appealable federal court ruling reversing PBGC's termination of the Plan would require PBGC to return the Plan to DPH Holdings, Inc. ("Old Delphi"), the liquidating debtor, which would then be obligated to administer the Plan and pay full Plan benefits. Of course, the Plan would then face imminent abandonment as Old Delphi quickly disappears, and PBGC likely would be required to immediately seek re-termination of the Plan. Nonetheless, PBGC is able to state the following:

> If the termination of the Salaried Plan is ruled improper pursuant to a final, non-appealable court order, PBGC will return the Plan to DPH Holdings, Inc., the Plan's former sponsor and administrator. Because it will be ongoing, the Plan will be required to make all benefit payments due and owing to the Plan participants, consistent with the terms of the Plan documents and all applicable provisions of ERISA.

At any rate, plaintiffs would suffer no irreparable harm pending judicial review of the termination.

3

PBGC respectfully requests that the Court amend its January 26, 2010 Order to delete the contingencies and to deny the plaintiffs' Motion for Preliminary Injunction.

| | |
|---|---|
| Date: January 28, 2010 | Respectfully submitted, |
| | /s/ Ralph L. Landy |
| | ISRAEL GOLDOWITZ |
| | Chief Counsel |
| | KAREN L. MORRIS |
| | Deputy Chief Counsel |
| | JOHN A. MENKE |
| | Assistant Chief Counsel |
| Local Counsel: | RALPH L. LANDY |
| | C. WAYNE OWEN |
| BARBARA L. McQUADE | CRAIG T. FESSENDEN |
| United States Attorney | Attorneys |
| PETER A. CAPLAN | |
| Assistant United States Attorney | Attorneys for the Defendant |
| Eastern District of Michigan | PENSION BENEFIT GUARANTY |
| 211 West Fort Street, Suite 2001 | CORPORATION |
| Detroit, MI 48226 | Office of Chief Counsel |
| Phone: (313) 226-9784 | 1200 K Street, N.W. |
| | Washington, D.C. 20005 |
| | Phone: (202) 326-4020, ext. 6767 |
| | Fax: (202) 326-4112 |
| | Email: fessenden.craig@pbgc.gov |

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2010 , I electronically filed the foregoing

**PBGC'S MOTION TO ALTER OR AMEND THE COURT'S JANUARY 26, 2010 ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** on all parties using the courts ECF system.

s/Ralph L. Landy
Ralph L. Landy