# Exhibit E

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS BLACK, ET AL.,

      Plaintiffs,

v.                                       Case No. 09-13616

PENSION BENEFIT GUARANTY      Honorable Arthur J. Tarnow
CORPORATION, ET AL.,

      Defendants.
_____/

**<u>ORDER GRANTING PLAINTIFF'S MOTION [110] FOR LEAVE TO FILE A RESPONSE TO DEFENDANT'S MOTION AND DENYING DEFENDANT PBGC'S MOTION TO ALTER OR AMEND THE COURT'S JANUARY 26, 2010 ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [107]</u>**

Now before the Court is Defendant PBGC's Motion to Alter or Amend the Court's January 26, 2010 Order on Plaintiffs' Motion for Preliminary Injunction [107].[1]

The Court's January 26, 2010 order denied Plaintiffs' Motion for Preliminary Injunction [7] contingent on Defendant setting aside an escrow account containing funds made up of the difference between Plaintiffs' current benefit levels paid under the Plan and the reduced level of benefits Plaintiffs are set to begin receiving effective February 1, 2010. Alternatively, Defendant PBGC could file a stipulation with this Court specifying that if this Court found, after a consideration of the merits of Plaintiffs' complaint, that PBGC improperly

---

[1] Plaintiffs' Motion for Leave to File Response [110] to Defendant's Motion is granted.

terminated the Plan and wrongfully reduced benefits, then Plaintiffs would be entitled in this action to (and would be compensated by PBGC with) the difference between their current benefit levels paid under the Plan and the reduced level of benefits Plaintiffs were set to begin receiving effective February 1, 2010.

In the instant motion filed pursuant to F.R.C.P 59(e), Defendant requests that this Court deny Plaintiff's Motion for Preliminary Injunction outright, removing the above contingencies. Defendant argues that it cannot comply with the court's order for two reasons.

First, Defendant asserts that it cannot satisfy the first contingency of setting up an escrow account because, as an agency of the United States, it is not required under F.R.C.P. 65(c) to post security in connection with preliminary injunctions. However, as Plaintiff correctly points out, F.R.C.P. 65(c) has no bearing on Defendants' ability to comply with the order.[2] Defendant is not a movant seeking a preliminary injunction; rather, Plaintiff is the party that moved for the injunction that was ultimately denied with contingencies.

Second, Defendant contends that it cannot satisfy the second option of the order that it stipulate that Plaintiff will be compensated by PBGC if the Court determines that Defendant improperly terminated the plan. Defendant maintains that it would no longer have the authority to pay any benefits to participants if the plan was found to have been improperly terminated. Plaintiffs assert in response that they are entitled to equitable relief if the plan were wrongly terminated. The

---

[2] Under F.R.C.P. 65(c), "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security."

2

Court declines to accept Defendant's position that Plaintiffs cannot obtain any relief in this lawsuit if the Court concludes that the PBGC acted improperly.

**IT IS HEREBY ORDERED** that Defendant's Motion to Alter or Amend the Court's January 26, 2010 Order on Plaintiffs' Motion for Preliminary Injunction [107] is **DENIED.**

**SO ORDERED**.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: February 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager

3