STEVENS & LEE, P.C.
Constantine D. Pourakis
485 Madison Avenue, 20th FL
New York, New York 10022
Telephone: (212) 537-0409
Facsimile: (610) 371-1237
cp@stevenslee.com

MILES & STOCKBRIDGE P.C.
Thomas D. Renda
10 Light Street
Baltimore, Maryland 21202
Telephone: (410) 385-3418
Facsimile: (410) 385-3700
trenda@milesstockbridge.com

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

**JOINDER BY NORSK HYDRO CANADA, INC. TO PENDING MOTIONS TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548 OR 439, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS**

Norsk Hydro Canada, Inc. ("NHCI"), by its undersigned counsel, hereby joins and adopts

the arguments set forth in the following motions (the "Motions") filed by Wagner-Smith

Company, Affinia Group Holdings, *et al.,* and Microchip Technology Incorporated (the

"Preference Defendants"):

1) MOTION BY WAGNER-SMITH COMPANY SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE

TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, AND
(II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b),
DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III)
IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON
THE GROUND OF JUDICIAL ESTOPPEL, dated February 5, 2010 [Docket No.
19401];

2) MOTION OF AFFINIA GROUP HOLDINGS, INC., AFFINIA CANADA CORP., AND
BRAKE PARTS, INC. TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE
COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; OR (C) IN THE
ALTERNATIVE, TO DISMISS THE CLAIMS AGAINST CERTAIN DEFENDANTS
NAMED IN THE COMPLAINT AND TO REQUIRE PLAINTIFFS TO FILE A MORE
DEFINITE STATEMENT [Docket No. 19959]; and

3) MOTION BY MICROCHIP TECHNOLOGY INCORPORATED SEEKING AN
ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024,
VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE
DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND
EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY
PROCEEDINGS, AND (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R.
BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH
PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY
PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL, dated March 15, 2010
[Docket No. 19677].

The facts set forth in the Motions are substantially similar with respect to NHCI, except

as more particularly set forth herein.  NHCI supplements and amends the facts and arguments set

forth in the Motions as follows:

**SUPPLEMENTAL FACTS**

1.      Prior to the time of Delphi's bankruptcy, NHCI, a foreign company organized

under and governed by the Quebec *Companies Act*, supplied magnesium products to Delphi.  See

Affidavit of Yves Beaudry, ¶ 2, attached hereto as **Exhibit A.**

2.      On September 28, 2007, Delphi commenced an adversary proceeding against

NHCI by filing a complaint seeking to recover allegedly preferential transfers (the "Complaint").

Client Documents:4835-7819-4438v1|100581-0000006/23/2010

That proceeding was filed under seal pursuant to this Court's Order Establishing Procedures for

Certain Adversary Proceedings (the "Procedures Order").

3.        Prior to Delphi filing the Complaint, in 2006, NHCI decided to close its

magnesium processing operations in Becancour, Quebec and to liquidate, and publicly

announced the closing.  Beaudry Aff. ¶ 3.  A CBC news article published on October 31, 2006

relating this public information is attached as Exhibit 1 to the Beaudry Affidavit.

4.        The law firm of Fasken Martineau ("Fasken") represented NHCI in connection

with the implementation of NHCI's decision in 2006 to cease operations, dismantle its principal

magnesium manufacturing facility in Becancour, Quebec, and dissolve.  See Affidavit of Serge

Guerette, ¶ 3, attached hereto as **Exhibit B.**  In connection with the dissolution of NHCI, in June

of 2008, Mr. Guerette directed searches in various jurisdictions to seek information concerning

any pending lawsuits that might have been filed against NHCI.  Among these jurisdictions was

the United States Bankruptcy Court for the Southern District of New York. Id. ¶ 4. The search

Mr. Guerette conducted did not disclose the existence of a suit by Delphi against NHCI. Id. ¶ 5.

5.        NHCI obtained a Certificate of Dissolution from the Enterprise Registrar on

October 15, 2008.  A copy of the Certificate of Dissolution is attached to the Guerette Affidavit

as Exhibit 1. Id. ¶ 6.

6.        The Quebec *Companies Act* contains no provision allowing a creditor to sue a

dissolved company under its own name after it has been dissolved, and no provision allowing a

creditor to revive a dissolved company with a view to take action against it.  Id. ¶ 7. Although

creditor may be able to cancel the dissolution of a company by showing that the company

dissolved based upon an intentional misrepresentation, in this case, no such grounds would exist,

because the application for dissolution did not contain any such misrepresentation.

Client Documents:4835-7819-4438v1|100581-000000|6/23/2010

7.      Under the Quebec *Companies Act*, a director of a company at the time of its

dissolution can be held liable for a debt of the company existing at the time of its dissolution,

unless a director being sued established his good faith.  Id. ¶ 8.  Because the liability in this case

was not discovered despite the searches Fasken conducted, the directors would have a defense of

good faith exempting them completely from such a liability. Id.

8.      After NCHI's dissolution, Yves Beaudry was the director charged with receiving,

on NCHI's behalf, any mail or other communications from creditors of NCHI.  Beaudry Aff.  ¶

7.  Mr. Beaudry received no notice of any claim, demand, or lawsuit by Delphi asserting that

NCHI was liable to Delphi for any "preference claims" until he received a copy of the Summons

and Complaint in March 2010.  Id. ¶ 8.

9.      In connection with the dissolution of NCHI, the records of NCHI were sent to an

affiliate of NCHI's parent company, Statoil, for storage. Id. ¶ 9.  However, it is not clear at this

point whether the accounts receivable records pertaining to NCHI's dealings with Delphi are

available in either electronic or paper form. Id.

## SUPPLEMENTAL ARGUMENT

**I.      The Order Establishing Procedures for Certain Adversary Proceedings Should
be Vacated with Respect to NHCI, with had Dissolved by the Time the Debtors
Served the Complaint.**

10.      An action filed against a company that subsequently dissolves is deemed to have

abated, such that the action can not longer be maintained.  16A J. Berger and C. Jones, *Fletcher's

Cyclopedia of the Law of Private Corporations* Sec. 8147 (2003 Rev. Ed.).

11.      One can only begin to imagine the difficult questions of comity that will be raised

if this Court allows Delphi to proceed under the Procedures Order with a suit commenced in

Client Documents:4835-7819-4438v1|100581-0000006/23/2010

secret against a foreign entity which legally dissolved in the meantime, while the suit was kept under seal (and after NHCI's diligent search of the records in this very Court).

12.    Any judgment obtained by Delphi against NHCI would need to be enforced in Canada.  The Canadian courts will be forced to weigh the interests of the Canadian shareholders and directors of NHCI, who proceeded to dissolve NHCI  based on their good faith efforts to ascertain, and pay, all outstanding liabilities of NHCI, against Delphi's business interest of bringing suit, in secret, against over 150 defendants, and keeping such proceedings secret for over two years.  It difficult to fathom that Delphi would be able to prevail in such an effort.

## II.    The Effect of the Debtor's Improper Extension of the Limitations Period Was Particularly Egregious in NHCI's Case.

13.    As noted above, NHCI made a concerted effort to identify potential liabilities that existed when it dissolved in 2008.  In part, this is because NHCI's directors faced liabilities for unpaid debts, unless they made good faith efforts to pay such debts.

14.    NHCI specifically searched for lawsuits in the Southern District of New York, and found none.  This is because Delphi intentionally hid the suits from creditors like NHCI.

15.    As a result, NHCI dissolved without making accommodation for the payment of this debt, and, as noted above, without retaining the records necessary to establish its ordinary course defense for the regular sales of magnesium products to Delphi.

16.    For these reasons, the Procedures Order and the Debtor's extension of the limitations period should be vacated with respect to NHCI.

## III.    Foreign Claims Were Abandoned by the Debtor.

17.    Delphi's effort to pursue a claim against NHCI, a foreign defendant organized under the laws of Canada, flies in the face of its abandonment of such claims pursuant to the First Extension Motion and Paragraph 5 of the Order granting the Extension Motion.

5

18.    Delphi expressed its intention to abandon all foreign claims in the Extension

Motion.  The Procedure Order granted Delphi the authority to do so.  Delphi never expressed any

intention in the Extension Motion to (1) retain any suits against foreign defendants, or (2) take

any further action to effectuate its plan to abandon such actions.  As noted by this Court in *In Re*

*Grossinger's Associates*, 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995), "Abandonment, once

accomplished, is irrevocable regardless of any subsequent discovery that the property had greater

value than previously believed."

19.    Because the Extension Motion and the Procedures Order did not contemplate that

the Debtor needed to take any additional steps to effectuate the abandonment authorized by the

Court, and because the Extension Motion did not advise the Court, the Creditors' Committee, or

any other party, that the Debtor might decline to abandon any of the foreign actions, the

abandonment of the foreign actions was accomplished when the Court authorized the Debtor to

carry out its intention.

20.    Wherefore, NHCI, by its undersigned counsel, joins and adopts the arguments set

forth in the Motions, and respectfully requests that any relief granted for the benefit of one or more of

the Preference Defendants be granted for NHCI.


                                        */s/ Constantine D. Pourakis*
                                        Constantine D. Pourakis
                                        Stevens & Lee, P.C.
                                        485 Madison Avenue,  20th FL
                                        New York, New York 10022
                                        Telephone:  (212) 537-0409
                                        Facsimile:  (610) 371-1237
                                        cp@stevenslee.com

                                        *Attorneys for the Defendants*

Client Documents:4835-7819-4438v1|100581-0000006/23/2010

Of Counsel:

Thomas D. Renda
Federal Bar No. 06690
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD  21202
Direct Dial: (410) 385-3418
Facsimile:  (410) 385-3700
Email:  trenda@milesstockbridge.com