STEVENS & LEE, P.C.
Constantine D. Pourakis
485 Madison Avenue, 20th FL
New York, New York 10022
Telephone: (212) 537-0409
Facsimile: (610) 371-1237
cp@stevenslee.com

MILES & STOCKBRIDGE, a professional corporation
Thomas D. Renda
10 Light Street
Baltimore, Maryland 21202
Telephone: (410) 385-3418
Facsimile: (410) 385-3700
trenda@milesstockbridge.com

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELPHI CORPORATION et. al.,<br><br>        Plaintiffs,<br><br>-against-<br><br>NORSK HYDRO CANADA, INC. and<br>NORSK HYDRO CANADA,<br><br>        Defendants. | Case No. 07-02435 |

### AFFIDAVIT OF SERGE GUÉRETTE

Serge Guérette being duly sworn, deposes and states as follows:

1. I am over the age of 18 years and am fully competent to testify to the facts and matters set forth herein.

2. I am now, and at all times relevant hereto have been, a partner in the Montreal office of Fasken, Martineau, DuMoulin LLP ("Fasken").

3. Fasken represented Norsk Hydro Canada, Inc. ("NHCI") a company organized under and governed by the Quebec *Companies Act*, in connection with the implementation of NHCI's decision in 2006 to cease operations, dismantle its principal magnesium manufacturing facility in Becancour, Quebec, and dissolve.

4. In connection with the dissolution of NHCI, in June of 2008, I directed searches in various jurisdictions to seek information concerning any pending lawsuits that might have been filed against NHCI. Among these jurisdictions was the United States Bankruptcy Court for the Southern District of New York.

5. The search I conducted did not disclose the existence of a suit by Delphi against NHCI.

6. NHCI obtained a Certificate of Dissolution from the Enterprise Registrar on October 15, 2008. A copy of the Certificate of Dissolution is attached hereto as Exhibit 1.

7. The Quebec *Companies Act* contains no provision allowing a creditor to sue a dissolved company under its own name after it has been dissolved, and no provision allowing a creditor to revive a dissolved company with a view to take action against it.

8. Under the Quebec *Companies Act*, a director of a company at the time of its dissolution can be held liable for a debt of the company existing at the time of its dissolution, unless a director being sued established his good faith. Because the liability in this case was not discovered despite the searches Fasken conducted, the directors would have a defense of good faith exempting them completely from such a liability.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
SERGE GUÉRETTE

SWORN BEFORE ME in Montreal,
this 28th day of June, 2010

_____
Commissioner of oaths for the
Province of Quebec

LUCIE BRUNET
#86 084

# Québec

# ACTE DE DISSOLUTION

### Loi sur les compagnies
(L.R.Q., chap. C-38, art. 28 et 28.1)

Le registraire des entreprises dépose au registre des entreprises individuelles, des sociétés et des personnes morales le présent acte de dissolution de

**NORSK HYDRO CANADA INC.**

La dissolution prend effet à compter du 15 octobre 2008.

*Déposé au registre le 15 octobre 2008*
*sous le numéro d'entreprise du Québec 1143601673*

Registraire des entreprises

E582CL3H76N11OA

LEX-303 (2007-04)