**Hearing Date: June 30, 2010**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  -  x
                        :
     In re                     :    Chapter 11
                        :
DPH HOLDINGS CORP., et al.,   :    Case No. 05-44481 (RDD)
                        :
                        :    (Jointly Administered)
          Reorganized Debtors.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  - -  x

REORGANIZED DEBTORS' OMNIBUS REPLY IN SUPPORT OF REORGANIZED
DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION PURSUANT TO 11 U.S.C. § 503(b)
AND FED. R. BANKR. P. 3007 TO DISALLOW AND EXPUNGE (A) CERTAIN BOOKS
AND RECORDS CLAIMS AND (B) CERTAIN DUPLICATE CLAIMS ASSERTED IN
<u>MOTIONS OR REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE</u>


("REORGANIZED DEBTORS' OMNIBUS REPLY IN SUPPORT OF
FORTY-EIGHTH OMNIBUS CLAIMS OBJECTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") hereby submit this Omnibus Reply in support of the Reorganized Debtors' Forty-Eighth Omnibus Objection to Administrative Claims asserted in motions or requests for payment of administrative expense (the "Forty-Eighth Omnibus Claims Objection" or the "Objection"),[1] and respectfully represent as follows:

1.      The Reorganized Debtors filed the Forty-Eighth Omnibus Claims Objection on May 4, 2010, seeking entry of an order pursuant to section 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007 (I) disallowing and expunging certain Administrative Claims asserted in motions or requests for payment of administrative expense (the "Motions") because they (A) asserted liabilities and dollar amounts that are not reflected on the Reorganized Debtors' books and records and (B) were duplicative of other Administrative Claims.

2.      Responses to the Forty-Eighth Omnibus Claims Objection were due by 4:00 p.m. (prevailing Eastern time) on June 23, 2010.  As of June 28, 2010 at 12:00 pm (prevailing Eastern time), the Reorganized Debtors had received two responses (the "Responses") to the Forty-Eighth Omnibus Claims Objection, which cover two Motions.  Attached hereto as Exhibit A is a chart summarizing each Response and listing each Motion for which the Responses were filed.  As requested in the Forty-Eighth Omnibus Claims Objection, the Reorganized Debtors propose that pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Forty-Eighth Omnibus Claims Objection.

Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing

Objections to Claims (Docket No. 6089), entered on December 6, 2006 (the "Claims Objection

Procedures Order"), and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing

Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense

Claims, entered on October 22, 2009 (Docket No. 18998) (the "Administrative Claims Objection

Procedures Order"), the hearing with respect to the Administrative Claim asserted in each

Motion covered by a Response will be adjourned to a sufficiency hearing or claims objection

hearing, as appropriate, to determine the disposition of each such Administrative Claim.

       3.      Pursuant to the Joint Stipulation And Agreed Order Between Reorganized

Debtors, CSX Transportation, Inc., CSX Corporation, And Nexteer Automotive Corporation (I)

Compromising And Allowing Proof Of Administrative Expense Claim Number 18700, (II)

Disallowing And Expunging Proof Of Administrative Expense Claim Number 16813, And (III)

Resolving Motion Of CSX Transportation, Inc. To Compel The Payment Of Administrative

Expense Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) (CSX Transportation, Inc. and CSX

Corporation) (Docket No. 20243) (the "CSX Stipulation"), among other things, (i) CSX

Transportation, Inc. agreed to have the Motion Of CSX Transportation, Inc. To Compel The

Payment Of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) (Docket No.

16548) (the "CSX Motion") be deemed withdrawn with prejudice in accordance with the terms

of the CSX Stipulation and (ii) the Reorganized Debtors agreed to withdraw the Forty-Eighth

Omnibus Objection with respect to the CSX Motion in accordance with the terms of the CSX

Stipulation.

       4.      The Reorganized Debtors have entered into a stipulation with Computer

Sciences Corporation whereby, among other things, Computer Sciences Corporation agreed to

have the Motion Of Computer Sciences Corporation Pursuant To 11 U.S.C. § 503 For Order

Allowing And Directing Payment Of Administrative Expense Priority Claim For Unpaid Post-

Petition Obligations (Docket No. 16601) be deemed withdrawn with prejudice.

5.       The Reorganized Debtors and Furukawa Electric Company, Ltd. have

agreed to adjourn the Forty-Eighth Omnibus Objection, solely as to docket numbers 18706 and

19783, to July 22, 2010 at 10:00 a.m. (Docket No. 20249).

6.       Attached hereto as <u>Exhibit B</u> is a revised proposed order (the "Revised

Proposed Order")[2] in respect of the Forty-Eighth Omnibus Claims Objection which reflects the

adjournment of the hearing regarding the Administrative Claim asserted in each Motion for

which a Response was filed.  Such adjournment is without prejudice to the Reorganized Debtors'

right to assert that a Response was untimely or otherwise deficient under the Claims Objection

Procedures Order or the Administrative Claims Objection Procedures Order.

7.       In addition to the Responses, the Reorganized Debtors also received

informal letters, e-mails, and telephone calls from various parties questioning the relief requested

in the Forty-Eighth Omnibus Claims Objection (the "Informal Responses").  The Reorganized

Debtors believe that all the concerns expressed by the Informal Responses have been adequately

resolved.

8.       Except for those Administrative Claims with respect to which the hearing

has been adjourned to a future date, the Reorganized Debtors believe that the Revised Proposed

Order adequately addresses the issues raised by the respondent.  Thus, the Reorganized Debtors

---

[2]       Attached hereto as <u>Exhibit C</u> is a copy of the Revised Proposed Order marked to show revisions to the form of
proposed order that was submitted with the Forty-Eighth Omnibus Claims Objection.

request that this Court grant the relief requested by the Reorganized Debtors and enter the Revised Proposed Order.

WHEREFORE the Reorganized Debtors respectfully request that this Court (a) enter the Revised Proposed Order, (b) adjourn the hearing with respect to each Administrative Claim asserted in each Motion for which a Response was filed in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, and (c) grant the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         June 29, 2010
                                    SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                          John Wm. Butler, Jr.
                                          John K. Lyons
                                          Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                          - and -

                                    By:   /s/ Kayalyn A. Marafioti
                                          Kayalyn A. Marafioti
                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors

# EXHIBIT A

**Exhibit A**

**In re DPH Holdings Corp., et al., Case No. 05-44481 (RDD)**

*Responses To The Reorganized Debtors' Forty-Eighth Omnibus Claims Objection (the "Objection")*
*Organized By Respondent[1]*

| | RESPONSE | DOCKET NO. OF MOTION | SUMMARY OF RESPONSE | BASIS FOR OBJECTION | TREATMENT[2] |
|---|---|---|---|---|---|
| 1. | ATEL Leasing Corporation (Docket No. 20264) | 6990 | ATEL Leasing Corporation ("ATEL") disagrees with the Reorganized Debtors' Objection to disallow and expunge the administrative expense claim asserted in ATEL's motion at docket no. 6990.  ATEL asserts that the Reorganized Debtors' objection must be overruled because the record shows that the administrative claim is valid and justified. ATEL further asserts that an omnibus objection is not the correct procedural vehicle for the "books and records" objection asserted by the Debtors. | Books and Records Claims | Adjourn |
| 2. | Okaloosa County Tax Collector (Docket No. 20263) | 7588 | The Okaloosa County Tax Collector ("Okaloosa") disagrees with the Reorganized Debtors' Objection to disallow and expunge the administrative expense claim asserted in Okaloosa's motion at docket no. 7588.  Okaloosa asserts that its response is limited to make certain that its claim no. 7238, allowed in the amount of $16,120.74 pursuant to stipulation approved by the Court on August 7, 2008 and its Request for Payment of Administrative Expense claim for $18,443.72 plus interest are unaffected by the Objection. | Books and Records Claims | Adjourn |

---

[1]    This chart reflects all Responses received by the Reorganized Debtors as of June 28, 2010 at 12:00 p.m. (prevailing Eastern time).

[2]    This chart reflects all resolutions or proposals as of June 28, 2010 at 12:00 p.m. (prevailing Eastern time).

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                          :          Chapter 11
:
DPH HOLDINGS CORP., et al.,                    :          Case No. 05-44481 (RDD)
:
                              Reorganized Debtors.  :          (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (A) CERTAIN BOOKS AND
RECORDS CLAIMS AND (B) CERTAIN DUPLICATE CLAIMS ASSERTED IN
MOTIONS OR REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE

("FORTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And

(B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative

Expense (the "Forty-Eighth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings

Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively,

the "Reorganized Debtors"), dated May 4, 2010; and upon the record of the hearing held on the

Forty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-
Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, and C hereto was properly and timely served with a copy of the Forty-Eighth Omnibus Claims Objection, the proposed order granting the Forty-Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Eighth Omnibus Claims Objection.  No other or further notice of the Forty-Eighth Omnibus Claims Objection is necessary.

B.    This Court has jurisdiction over the Forty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Eighth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    The Administrative Claims asserted in the Motions (as defined herein) listed on Exhibit A assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").

D.    The Administrative Claims asserted in the Motions listed on Exhibit B are duplicative of, or seek to supplement, other Administrative Claims (the "Duplicate Claims").

E.    Exhibit D hereto sets forth each of the Motions referenced on Exhibits A B, and C in alphabetical order by movant and cross-references each Administrative Claim asserted in the Motions by (i) docket number of the Motion and (ii) basis of objection.

F.    Good cause exists to apply the procedures set for in the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11

U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To

Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative

Claims Objection Procedures Order") to the motions or requests for payment of administrative

expense (the "Motions").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.     The Claims Objection Procedures Order and the Administrative Claims

Objection Procedures Order shall apply to all Administrative Claims and requests to supplement

Administrative Claims asserted in the Motions that are subject to the Objection.

2.     Each Books And Records Claim asserted in the Motions listed on Exhibit

A hereto is hereby disallowed and expunged in its entirety.

3.     Each Duplicate Claim asserted in the Motions listed on Exhibit B hereto is

hereby disallowed and expunged in its entirety.

4.     With respect to each Motion for which a Response to the Forty-Eighth

Omnibus Claims Objection has been filed and served listed on Exhibit C and which Response

has not been resolved by the parties, the hearing regarding the objection to such Administrative

Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent

with and subject to the Claims Objection Procedures Order and the Administrative Claims

Objection Procedures Order; provided, however, that such adjournment shall be without

prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or

3

otherwise deficient under the Claims Objection Procedure Order and the Administrative Claims Objection Procedures Order.

5.      Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other administrative expense claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-Eighth Omnibus Claims Objection, except as such claims may have been settled and allowed.

6.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

7.      Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Eighth Omnibus Claims Objection and attached hereto as <u>Exhibits A</u>, <u>B</u>, and <u>C</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Eighth Omnibus Claims Objection.  Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

8.      Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       June ___, 2010


_____
    UNITED STATES BANKRUPTCY JUDGE

4

**In re DPH Holdings Corp., et al.**                    **Forty-Eighth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

### EXHIBIT A – BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME | DOCKET NUMBER | ASSERTED ADMINISTRATIVE CLAIM AMOUNT | DATE FILED | DOCKETED DEBTOR(S) |
|---|---|---|---|---|
| KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY 11553-3622 | 4869 | UNLIQUIDATED | 08/07/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) AND PACKARD HUGHES INTERCONNECT COMPANY (05-44626) |
| POLK COUNTY PO BOX 1189 LAKELAND, FL  33831 | 7259 | $1,530.33 | 03/13/2007 | DELPHI CORPORATION (05-44481) |

**In re DPH Holdings Corp., et al.**
**Case No. 05-44481 (RDD)**

**Forty-Eighth Omnibus Claims Objection**

## EXHIBIT B – DUPLICATE CLAIMS

| CLAIM TO BE EXPUNGED / MOTION TO BE DENIED | | SURVIVING CLAIM | |
|---|---|---|---|
| Docket No.    16655 | Debtor:    DELPHI CORPORATION (05-44481) | Claim:    18667 | Debtor:    DELPHI CORPORATION (05-44481) |
| Date Filed:    06/04/2009 | | Date Filed:    07/14/2009 | |
| Movant: | | Creditor's Name: | |
| CENTRAL TRANSPORT INTERNATIONAL, INC. GEOFFREY T PAVLIC ESQ STEINBERG SHAPIRO & CLARK 24901 NORTHWESTERN HWY STE 611 SOUTHFIELD, MI  48075 | | CENTRAL TRANSPORT INTERNATIONAL, INC. GEOFFREY T PAVLIC ESQ STEINBERG SHAPIRO & CLARK 24901 NORTHWESTERN HWY STE 611 SOUTHFIELD, MI  48075 | Secured: Priority: Administrative:    $89,972.35 Unsecured: _____ Total:    $89,972.35 |
| Total Asserted:    $89,972.35 | | | |
| Docket No.    4869 | Debtor:    DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) AND PACKARD HUGHES INTERCONNECT COMPANY (05-44626) | Claim:    13268 | Debtor:    DELPHI AUTOMOTIVE SYSTEMS LLC (05-44640) |
| Date Filed:    08/07/2006 | | Date Filed:    07/31/2006 | |
| Movant: | | Creditor's Name: | |
| KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY  11553-3622 | | KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY  11553-3622 | Secured: Priority: Administrative: Unsecured:    $2,186,444.67 _____ Total:    $2,186,444.67 |
| Total Asserted:    UNLIQUIDATED | | | |

**In re DPH Holdings Corp., et al.**                    **Forty-Eighth Omnibus Claims Objection**
**Case No. 05-44481 (RDD)**

### EXHIBIT C – ADJOURNED BOOKS AND RECORDS CLAIMS

| CREDITOR'S NAME | DOCKET NUMBER | ASSERTED ADMINISTRATIVE CLAIM AMOUNT | DATE FILED | DOCKETED DEBTOR(S) |
|---|---|---|---|---|
| ATEL LEASING CORPORATION ATTN V MORAIS OR R WILDER 600 CALIFORNIA ST 6TH FL SAN FRANCISCO, CA 94108 | 6990 | UNLIQUIDATED | 07/28/2006 | DELPHI CORPORATION (05-44481) |
| OKALOOSA COUNTY TAX COLLECTOR PO BOX 1390 NICEVILLE, FL  32588-1390 | 7588 | UNLIQUIDATED | 04/06/2007 | DELPHI CORPORATION (05-44481) |

In re DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

05-44481-rdd    Doc 20278    Filed 06/29/10    Entered 06/29/10 15:48:30    Main Document
Pg 16 of 21

Forty-Eighth Omnibus Claims Objection

Exhibit D - Movants And Related Motions Subject To Forty-Eighth Omnibus Claims Objection

| Movant | Docket Number | Exhibit |
|---|---|---|
| ATEL LEASING CORPORATION ATTN V MORAIS OR R WILDER 600 CALIFORNIA ST 6TH FL SAN FRANCISCO, CA  94108 | 6990 | EXHIBIT C - ADJOURNED BOOKS AND RECORDS CLAIMS |
| CENTRAL TRANSPORT INTERNATIONAL, INC. GEOFFREY T PAVLIC ESQ STEINBERG SHAPIRO & CLARK 24901 NORTHWESTERN HWY STE 611 SOUTHFIELD, MI  48075 | 16655 | EXHIBIT B - DUPLICATE CLAIMS |
| KILROY REALTY, L.P. ALAN MARDER ESQ ROSEN SLOME MARDER LLP 333 EARLE OVINGTON BLVD 9TH FL UNIONDALE, NY  11553-3622 | 4869 | EXHIBIT A - BOOKS AND RECORDS CLAIMS EXHIBIT B - DUPLICATE CLAIMS |
| OKALOOSA COUNTY TAX COLLECTOR PO BOX 1390 NICEVILLE, FL  32588-1390 | 7588 | EXHIBIT C - ADJOURNED BOOKS AND RECORDS CLAIMS |
| POLK COUNTY PO BOX 1189 LAKELAND, FL  33831 | 7259 | EXHIBIT A - BOOKS AND RECORDS CLAIMS |

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                    :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (A) CERTAIN BOOKS AND
RECORDS CLAIMS AND (B) CERTAIN DUPLICATE CLAIMS ASSERTED IN
<u>MOTIONS OR REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE</u>

("FORTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And (B)

Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative

Expense (the "Forty-Eighth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings

Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively,

the "Reorganized Debtors"), dated May 4, 2010; and upon the record of the hearing held on the

Forty-Eighth Omnibus Claims Objection; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

---

[1]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Forty-Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

      A.     Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, and ~~B~~C hereto was properly and timely served with a copy of the Forty-Eighth Omnibus Claims Objection, the proposed order granting the Forty-Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Eighth Omnibus Claims Objection.  No other or further notice of the Forty-Eighth Omnibus Claims Objection is necessary.

      B.     This Court has jurisdiction over the Forty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Eighth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      C.     The Administrative Claims asserted in the Motions (as defined herein) listed on Exhibit A assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").

      D.     The Administrative Claims asserted in the Motions listed on Exhibit B are duplicative of, or seek to supplement, other Administrative Claims (the "Duplicate Claims").

      E.     Exhibit ~~C~~D hereto sets forth each of the Motions referenced on Exhibits A B, and ~~B~~C in alphabetical order by movant and cross-references each Administrative Claim asserted in the Motions by (i) docket number of the Motion and (ii) basis of objection.

      F.     Good cause exists to apply the procedures set for in the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2    DeltaView comparison of pcdocs://chisr02a/810208/6 and pcdocs://chisr02a/810208/8. Performed on 6/29/2010.

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims entered by this Court on December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11

U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To

Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative

Claims Objection Procedures Order") to the motions or requests for payment of administrative

expense (the "Motions").

        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

        1.     The Claims Objection Procedures Order and the Administrative Claims

Objection Procedures Order shall apply to all Administrative Claims and requests to supplement

Administrative Claims asserted in the Motions that are subject to the Objection.

        2.     Each Books And Records Claim asserted in the Motions listed on <u>Exhibit A</u>

hereto is hereby disallowed and expunged in its entirety.

        3.     Each Duplicate Claim asserted in the Motions listed on <u>Exhibit B</u> hereto is

hereby disallowed and expunged in its entirety.

        <u>4.</u>     With respect to each Motion for which a Response to the Forty-Eighth

Omnibus Claims Objection has been filed and served listed on Exhibit C and which Response has

not been resolved by the parties, the hearing regarding the objection to such Administrative Claims

shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and

subject to the Claims Objection Procedures Order and the Administrative Claims Objection

Procedures Order; provided, however, that such adjournment shall be without prejudice to the

Reorganized Debtors' right to assert that any such Response was untimely or otherwise deficient

under the Claims Objection Procedure Order and the Administrative Claims Objection Procedures
Order.

5.    4. Entry of this order is without prejudice to the Reorganized Debtors' rights
to object, on any grounds whatsoever, to any other administrative expense claims in these chapter
11 cases or to further object to Administrative Claims that are the subject of the Forty-Eighth
Omnibus Claims Objection, except as such claims may have been settled and allowed.

6.    5. This Court shall retain jurisdiction over the Reorganized Debtors and the
holders of Administrative Claims subject to the Forty-Eighth Omnibus Claims Objection to hear
and determine all matters arising from the implementation of this order.

7.    6. Each of the objections by the Reorganized Debtors to each
Administrative Claim addressed in the Forty-Eighth Omnibus Claims Objection and attached
hereto as Exhibits A, B, and BC constitutes a separate contested matter as contemplated by Fed. R.
Bankr. P. 9014.  This order shall be deemed a separate order with respect to each Administrative
Claim that is the subject of the Forty-Eighth Omnibus Claims Objection.  Any stay of this order
shall apply only to the contested matter which involves such Administrative Claim and shall not
act to stay the applicability or finality of this order with respect to the other contested matters
covered hereby.

8.    7. Kurtzman Carson Consultants LLC is hereby directed to serve this order,
including exhibits, in accordance with the Claims Objection Procedures Order and the
Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
        June ___, 2010

_____
UNITED STATES BANKRUPTCY JUDGE