SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                   :        Chapter 11
:
DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)
:
          Reorganized Debtors.    :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, BOSCH CHASSIS SYSTEMS COLUMBIA L.L.C. (f/k/a PBR
COLUMBIA LLC), AND PBR KNOXVILLE LLC CLARIFYING THE FORTY-
FOURTH OMNIBUS CLAIMS OBJECTION ORDER WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 5980 AND 6610

(PBR COLUMBIA LLC AND PBR KNOXVILLE LLC)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC ("PBR Columbia"), and PBR Knoxville LLC ("PBR Knoxville") ( together the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Bosch Chassis Systems Columbia L.L.C. (f/k/a PBR Columbia L.L.C.), And PBR Knoxville L.L.C. Clarifying The Forty-Fourth Omnibus Objection With Respect To Proofs Of Claim Numbers 5980 And 6610 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on May 16, 2006, PBR Knoxville filed proof of claim number 5980 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $9,157,458.38 and a secured claim in the amount of $68,308.80 (the "PBR Knoxville Claim") stemming from the sale of goods.

WHEREAS, on May 22, 2006, PBR Columbia filed proof of claim number 6610 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $447,670.98 and a secured claim in the amount of $1,508,953.50 (the "PBR Columbia Claim" and together with the PBR Knoxville Claim, the "Claims") stemming from the sale of goods.

WHEREAS, on July 19, 2006, PBR Knoxville transferred the unsecured

nonpriority portion of PBR Knoxville Claim in the amount of $9,157,458.38 to Merrill Lynch Credit Products, LLC pursuant to the Notice Regarding Transfer Of Claim No. 5980 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2)  (Docket No. 4611).

WHEREAS, on July 19, 2006, PBR Columbia transferred $223,391.21 of the PBR Columbia Claim to Merrill Lynch Credit Products, LLC (Merrill Lynch) pursuant to the Notice Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 4612).

WHEREAS, on August 4, 2006, Merrill Lynch Credit Products, LLC transferred $9,157,458.38 of the PBR Knoxville Claim to Special Situations Investing Group, Inc. ("Special Situations") pursuant to the Notice Regarding Transfer Of Claim No. 5980 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 4862).

WHEREAS, on August 4, 2006, Merrill Lynch transferred $223,391.21 of the PBR Columbia Claim to Special Situations pursuant to the Notice Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 4861).

WHEREAS, on September 26, 2006, PBR Columbia transferred $2,000.00 of the PBR Columbia Claim to Merrill Lynch pursuant to the Notice Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 5194).

WHEREAS, on September 26, 2006, Merrill Lynch transferred $2,000.00 of the PBR Columbia Claim to Special Situations pursuant to the Notice Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 5196).

WHEREAS, On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been

approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on February 3, 2010 the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19395) (the "Forty-Fourth Omnibus Claims Objection").

WHEREAS, on March 17, 2010, the Reorganized Debtors filed the Reorganized Debtors' Omnibus Reply In Support Of Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal

4

Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19700) ("Reorganized Debtors' Omnibus Reply in Support of Forty-Fourth Omnibus Claims Objection") seeking to, among other things, withdraw the Reorganized Debtors' Forty-Fourth Objection with respect to proof of claim number 5980.

WHEREAS, paragraph 4 of the Reorganized Debtors' Omnibus Reply in Support of Forty-Fourth Omnibus Claims Objection read a follows:

> In addition, the Reorganized Debtors are withdrawing the Forty-Forth Omnibus Claims Objection with respect to the following Claims: (a) proofs of claim numbers 16387 and 16388 filed by Master Automatic Inc. and subsequently transferred to Longacre Master Fund Ltd., (b) proof of claim number 11247 filed by SKF USA, Inc., (c) proof of claim number 5980 filed by PBR Knoxville L.L.C., and (d) proof of claim number 11535 filed the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union and its Local Union 87L (together, the "USW") and/or on behalf of 4 employees and former employees of the Debtors represented or formerly represented by the USW, and/or on behalf of persons or entities with claims derived from or related to any relationship with such employees or former employees of the Debtors.

WHEREAS, on April 5, 2010, this Court entered its Order Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Personal Injury Claims, And (D) A Duplicate Claim, (III) Preserve Reorganized Debtors' Objection To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19770) (the "Forty-Fourth Omnibus Claims Objection Order").

WHEREAS, due to a scriveners error paragraph N of the Forty-Fourth Omnibus Claims Objection Order inadvertently read a follows:

> The Objection with respect to proof of claim number 6610 filed by PBR Columbia LLC and held in part by PBR Columbia LLC and Special Situations Investing Group, Inc. was withdrawn by the Reorganized Debtors.

WHEREAS, paragraph N of the Forty-Fourth Omnibus Claims Objection Order should have read as follows:

> The Objection with respect to proof of claim number 5980 filed by PBR Knoxville LLC and held in part by PBR Knoxville L.L.C. and Special Situations Investing Group, Inc. was withdrawn by the Reorganized Debtors.

WHEREAS, PBR Knoxville represents that it has full capacity, power and authority to enter into and perform under this Stipulation.

WHEREAS, to remedy a scriveners error on the Forty-Forth Omnibus Claims Objection with respect to the PBR Knoxville Claim and the PBR Columbia Claim, the Reorganized Debtors, PBR Knoxville, and PBR Columbia entered into this Stipulation, pursuant to which the Reorganized Debtors agree to withdraw the Forty-Fourth Omnibus Claims Objection with respect to proof of claim number 5980.

NOW, THEREFORE, the Reorganized Debtors and the Claimants stipulate and agree as follows:

1. Paragraph N of the Forty-Fourth Omnibus Claims Objection Order is hereby replaced and superseded by the following language:

> The Objection with respect to proof of claim number 5980 filed by PBR Knoxville LLC and held in part by PBR Knoxville L.L.C. and Special Situations Investing Group, Inc. was withdrawn by the Reorganized Debtors.

2. The Forty-Fourth Omnibus Claims Objection is not withdrawn with

6

respect to proof of claim number 6610.

       3.    This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 30th day of June, 2010

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Gordon J. Toering |
|---|---|
| John Wm. Butler, Jr. | Gordon J. Toering |
| John K. Lyons | WARNER NORCROSS & JUDD LLP |
| Ron E. Meisler | 900 Fifth Third Center |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 111 Lyon Street, N.W. |
| | Grand Rapids Michigan 49503 |
| 155 North Wacker Drive | |
| Chicago, Illinois 60606 | |
| | Attorney for PBR Knoxville L.L.C. and Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia L.L.C. |

               - and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

7