SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                               :         Chapter 11
:
DPH HOLDINGS CORP., et al.,      :         Case No. 05-44481 (RDD)
:
        Reorganized Debtors.     :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, AND BOSCH CHASSIS SYSTEMS COLUMBIA L.L.C. F/K/A
PBR COLUMBIA LLC (I) COMPROMISING AND ALLOWING PROOF
OF CLAIM NUMBER 6610 AND (II) RESOLVING CURE OBJECTION

(BOSCH CHASSIS SYSTEMS COLUMBIA L.L.C.
F/K/A PBR COLUMBIA LLC)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC ("PBR Columbia") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC (I) Compromising And Allowing Proof Of Claim Number 6610 And (II) Resolving Cure Objection ( PBR Columbia LLC) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on May 22, 2006, PBR Columbia filed proof of claim number 6610 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $447,071.08 for the sale of goods and a secured claim in the amount of $1,508,953.50 on account of a setoff (the "Claim").

WHEREAS, on July 19, 2006, PBR Columbia transferred $223,391.21 of the Claim to Merrill Lynch Credit Products, LLC (Merrill Lynch) pursuant to the Notice Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 4612).

WHEREAS, on August 4, 2006, Merrill Lynch transferred $223,391.21 of the Claim to Special Situations Investing Group, Inc. ("Special Situations") pursuant to the Notice

2

Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 4861).

WHEREAS, on September 26, 2006, PBR Columbia transferred $2,000.00 of the Claim to Merrill Lynch pursuant to the Notice Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 5194).

WHEREAS, on September 26, 2006, Merrill Lynch transferred $2,000.00 of the Claim to Special Situations pursuant to the Notice Regarding Transfer Of Claim No. 6610 Pursuant To Federal Rule Of Bankruptcy Procedure 3001(e)(2) (Docket No. 5196).

WHEREAS, on May 22, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

WHEREAS , on June 14, 2007, PBR Columbia filed the Response Of PBR Columbia LLC To Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8239) (the "First Response").

WHEREAS, on February 8, 2008, the Claimant filed the Objection Of PBR Columbia LLC To Cure Amount With Respect To Executory Contract To Be Assumed Or

3

Assumed And Assigned Under Plan Of Reorganization (Docket No. 12560) (the "Cure Objection").

WHEREAS, on November 14, 2008, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject To Modification, And (C) Claims To Be Expunged (Docket No. 14442) (the "Thirty-Second Omnibus Claims Objection").

WHEREAS, on December 10, 2008, PBR Columbia filed the Response Of PBR Columbia LLC To Debtors' Thirty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Regarding (A) Asserted Amount Claims, (B) Claims Subject To Modification, And (C) Claims To Be Expunged (Docket No. 14576) (the "Second Response").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on February 3, 2010, the Reorganized Debtors objected to the Proof of Claim pursuant to the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object to Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19395) (the "Forty-Fourth Omnibus Claims Objection").

WHEREAS, on March 10, 2010, PBR Columbia filed Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia L.L.C.'s Response To The Reorganized Debtors' Forty-Fourth Omnibus Objection  (Docket No. 19622) (together with the First Response and the Second Response, the "Responses").

WHEREAS, the Reorganized Debtors dispute the amount asserted in the Claim for various reasons, including, without limitation, because (i) DAS LLC issued debit memos to PBR Columbia in the aggregate amount of $497,309.00 for returned products, differences in prices between purchase orders and invoices, and payments made in error to an entity affiliated with PBR Columbia (the "Debit Memos") and (ii) pursuant to a setoff agreement between DAS LLC and PBR Columbia, $966,873.00 should be subtracted from the amount asserted in the Claim (the "Setoff Agreement").

WHEREAS,  the Reorganized Debtors allege that PBR Columbia owes DPH-DAS LLC $17,141.04 as a result of the Setoff Agreement.

5

WHEREAS, to resolve the Fifteenth Omnibus Claims Objection, the Thirty-Second Omnibus Claims Objection, the Forty-Fourth Omnibus Claims Objection (collectively, the "Objections") and all other disputes between the parties with respect to the Proof of Claim, the Reorganized Debtors and PBR Columbia entered into this Stipulation, pursuant to which the Reorganized Debtors and PBR Columbia agree that the Proof of Claim should be allowed as a general unsecured non-priority claim in the amount of $225,391.21 against DPH-DAS LLC, and PBR Columbia shall pay DPH-DAS LLC $17,141.04 owed as a result of the Setoff Agreement.

WHEREAS, PBR Columbia represents that it has full capacity, power and authority to enter into and perform under this Stipulation and to withdraw the Responses with prejudice.

NOW, THEREFORE, the Reorganized Debtors and PBR Columbia stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $225,391.21 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan, and the Reorganized Debtors shall waive their rights to further object to the Claim under 11 U.S.C. § 502(d).

2. Within 10 business days of the Court's approval of this Stipulation, PBR Columbia shall pay DPH-DAS LLC $17,141.04 owed as a result of the Setoff Agreement. This payment shall be in full satisfaction of the Setoff Agreement and the Debit Memos.

3. The Objections with respect to the Claim and the Responses are hereby deemed withdrawn with prejudice.

4. The Cure Objection is hereby deemed withdrawn with prejudice.

      5.      Nothing herein shall affect the Parties rights with respect to the claims asserted under 11 U.S.C. § 547 set forth in Adversary Proceeding No. 07-2572 entitled Delphi Corporation, et al. v. PBR Columbia LLC.

      6.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 30th day of June, 2010

      /s/Robert D. Drain
      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Gordon J. Toering |
|---|---|
| John Wm. Butler, Jr. | Gordon J. Toering |
| John K. Lyons | WARNER NORCROSS & JUDD LLP |
| Ron E. Meisler | 900 Fifth Third Center |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 111 Lyon Street NW |
| | Grand Rapids, MI 49503-2487 |
| 155 North Wacker Drive | |
| Chicago, Illinois 60606 | Attorneys for Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC |

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

7