**Hearing Date and Time: July 22, 2010 at 10:00 a.m.**

Norman D. Orr, Esq.
Kemp Klein Law Firm
201 West Big Beaver Road, Suite 600
Troy, MI 48084-4161
Phone: 248.740.5693
Fax: 248.528.5129
norman.orr@kkue.com

Halperin Battaglia Raicht, LLP
555 Madison Avenue, 9th Floor
New York, NY 10022
Phone: 212.765.9100
Fax: 212.765.0964
ahalperin@halperinlaw.net
Alan D. Halperin, Esq.

Co-Counsel for SHUERT INDUSTRIES, INC.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**DELPHI CORPORATION, et al.,**<br><br>    Debtor. | Chapter 11<br>Case No.: 05-44481 (RDD)<br>(Jointly Administered) |
| **DELPHI CORPORATION, et al.,**<br><br>    Plaintiffs,<br><br>-against-<br><br>**SHUERT INDUSTRIES, INC.,**<br><br>    Defendant. | Adv. Pro.<br>No. 07-02623 (RDD) |

**JOINDER OF SHUERT INDUSTRIES, INC. IN REPLIES OF OTHER
PREFERENCE DEFENDANTS IN SUPPORT OF JOINDER OF SHUERT
INDUSTRIES, INC. IN MOTIONS TO: (I) VACATE CERTAIN PRIOR
ORDERS OF THE COURT ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS, AND
<u>(II) DISMISS THE COMPLAINT WITH PREJUDICE</u>**

I.  Introduction

Defendant, Shuert Industries, Inc. ("Shuert"), by filing this **Joinder of Shuert Industries, Inc. In Replies of Other Preference Defendants in Support of Joinder of Shuert Industries, Inc. in Motions to: (I) Vacate Certain Prior Orders of the Court Establishing Procedures for Certain Adversary Proceedings, and (II) Dismiss the Complaint With Prejudice,** hereby incorporates the various replies filed by the other preference defendants to **Reorganized Debtors' Omnibus Response to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by this Court and to Dismiss the Avoidance Actions Against the Moving Defendants** ("Plaintiffs' Response").  The Plaintiffs' Response is applicable to the **Joinder of Shuert Industries, Inc. in Motions to (I) Vacate Certain Prior Orders of the Court Establishing Procedures for Certain Adversary Proceedings, and (II) Dismiss the Complaint with Prejudice** ("Shuert Motion").  The Shuert Motion was filed in this Adversary Proceeding on May 12, 2010 (Docket Number 27).  The Shuert Motion was also filed in the Debtors' Chapter 11 proceeding on the same date (Docket Number 20036) in the Debtors' Chapter 11 proceeding.

II.  Background and Argument

Shuert was listed on the Debtors' Schedules of Assets and Liabilities as a holder of a disputed and unliquidated general unsecured claim in the amount of $0 and Shuert had not filed any proof of claim in these cases.  Since Shuert had no claim in these cases and, therefore, would receive no distribution in these cases, Shuert had no interest in the Debtors' Plan, the Plan confirmation process or other aspects of the Debtors' Chapter 11 proceedings.  As a result Shuert did not file any notice of appearance or other pleadings in the Debtors' Chapter 11 proceeding.

Shuert did not receive any notice, either electronically, by overnight mail or in any other fashion, of the Preservation Motion or Preservation Order or any of the subsequent Extension Motions

and/or Extension Orders. Nor was Shuert aware that they were entered or filed, until Shuert was served with the complaint in December 2009.

Plaintiffs' suggestion in the Plaintiffs' Response that Shuert was, nonetheless, afforded due process because the Disclosure Statement referenced the Preservation Order and Shuert could have made inquiry as to whether it was being sued has no basis whatsoever. First, Shuert had no interest in the Plan or Disclosure Statement since it had no claim or right of recovery or any unfulfilled pre-petition contract with any of the Debtors. Second, Shuert should not reasonably be expected to inquire about a vague reference to the Preservation Order when a more explicit provision made it very clear that virtually no preference claims were to be pursued. Equally without basis are the Debtors' alternative contentions that Shuert was not entitled to due process because: (i) a larger number of persons and entities who could have been sued were not sued and those parties ultimately benefited from the Debtors not proceeding with the preference actions in a timely manner and/or (ii) the admittedly smaller number of companies who were sued had no protected interest in receiving notice and an opportunity to contest the procedures which effectively stripped them of their right to be free from suit after the statute of limitations would, under normal circumstances, have expired.

Even setting aside the issue of due process (which Shuert contends it did not receive) the Debtors have not explained how they were excused from complying with (or how they ostensibly complied with), the notice procedures which had been established by prior order(s) of the Bankruptcy Court in the Chapter 11 proceeding and which required that any party having a "particularized interest in the subject matter of the Filing" be served with the Preservation Motion and the Extension Motions by overnight mail. By any reasonable definition of the concept "particularized interest", Shuert undoubtedly had a "particularized interest" in the subject of Preservation Motion and the Extension Motions given that by these motions the Debtors sought procedures that, effectively, doubled the statute of limitations with regard to potential claims against Shuert.

### III.  Joinder

Shuert joins in the lead replies filed by Affinia Group Holdings, Inc., *et. al*, in Adversary Proceeding No. 07-02198; HP Enterprise Services, LLC, *et. al*, in Adversary Proceeding No. 07-02262; Wagner–Smith Co., in Adversary Proceeding No. 07-02581; Johnson Controls, *et. al*, in Adversary Proceeding No. 07-2348, as well as the replies submitted by the other defendants in the other adversary proceedings who have filed similar motions.

Shuert adopts and incorporates all of the arguments applicable to Shuert's circumstances as stated in the replies and in the original motions in which Shuert joined.

Shuert requests that the Court grant the relief sought in the Shuert Motion including dismissing the Adversary Proceeding.

Dated: July 1, 2010                                 Respectfully submitted,

SHUERT INDUSTRIES, INC.
By its Counsel,

KEMP KLEIN LAW FIRM

By: */s/ Norman D. Orr*
Norman D. Orr (P25310)
201 West Big Beaver Road, Suite 600
Troy, MI 48084-4161
norman.orr@kkue.com
248.740.5693

and

HALPERIN BATTAGLIA RAICHT, LLP

By: */s/ Alan D. Halperin*
Alan D. Halperin
555 Madison Avenue, 9th Floor
New York, NY 10022
ahalperin@halperinlaw.net
212.765.9100