SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
|---|---|
| In re : | Chapter 11 |
| DPH HOLDINGS CORP., et al., : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. : | (Jointly Administered) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND COMPUTER SCIENCES CORPORATION
(I) DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE
CLAIM NUMBER 19166 AND (II) RESOLVING MOTION OF COMPUTER
SCIENCES CORPORATION PURSUANT TO 11 U.S.C. § 503 FOR ORDER
ALLOWING AND DIRECTING PAYMENT OF ADMINISTRATIVE EXPENSE
<u>PRIORITY CLAIM FOR UNPAID POST-PETITION OBLIGATIONS</u>

(COMPUTER SCIENCES CORPORATION)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Computer Sciences Corporation ("CSC" or the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Computer Sciences Corporation (I) Disallowing And Expunging Proof Of Administrative Expense Claim Number 19166 And (II) Resolving Motion Of Computer Sciences Corporation Pursuant To 11 U.S.C. § 503 For Order Allowing And Directing Payment Of Administrative Expense Priority Claim For Unpaid Post-Petition Obligations (Computer Sciences Corporation) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on May 6, 2009, the Claimant filed the Motion Of Computer Sciences Corporation Pursuant To 11 U.S.C. § 503 For Order Allowing And Directing Payment Of Administrative Expense Priority Claim For Unpaid Post-Petition Obligations (Docket No. 16601) (the "Motion").

WHEREAS, on June 5, 2009, the Claimant filed the Notice Of Withdrawal Of Motion Without Prejudice (Docket No. 16659) whereby the Claimant withdrew the Motion without prejudice.

WHEREAS, on July 15, 2009, the Claimant filed proof of administrative expense claim number 19166 against Delphi, which asserts an administrative expense claim in the

2

amount of $31,391,478.00 plus any and all other amounts due to CSC (the "Claim") stemming from the performance of services.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on January, 22, 2010, the Debtors objected to the Claim pursuant to the Debtors' Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 19, 2010, the Reorganized Debtors and the Claimant entered into a Joint Stipulation And Agreed Order Between Reorganized Debtors And Computer

3

Sciences Corporation Adjourning The Hearing On The Reorganized Debtors' Forty-Third Omnibus Claims Objection With Respect To Proof Of Administrative Expense Number 19166 (Docket No. 19511).

WHEREAS, on May 4, 2010, the Reorganized Debtors objected to the administrative claim asserted in the Motion pursuant to the Reorganized Debtors' Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And (B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative Expense (Docket No. 19976) (the "Forty-Eighth Omnibus Claims Objection").

WHEREAS, to resolve the Forty-Third Omnibus Claims Objection with respect to the Claim, the Forty-Eighth Omnibus Claims Objection with respect to the administrative claim asserted in the Motion, and the Motion, the Reorganized Debtors and the Claimant have negotiated a resolution of the Claim which is set forth in a separate Letter Agreement executed on June 29, 2010.  The Letter Agreement calls for the application of various amounts owed as between Debtors and Claimant to be netted out resulting in a remaining claim to Claimant of zero and certain credits due to Delphi Automotive LLP as set forth in the Letter Agreement and accordingly the Reorganized Debtors and the Claimant agreed that the Claim should be disallowed and expunged in its entirety and the Motion will be deemed withdrawn.

WHEREAS, the resolution of the Motion and the Claim as provided for in this Joint Stipulation shall not in any way compromise, settle, waive, release or otherwise impact any matters, including pending motions, related to the Adversary Proceeding between CSC and DPH Holdings Corp. (f/k/a Delphi Corporation) in Adversary Proceeding No. 09-01271 (RDD), which Adversary Proceeding is currently pending before this Court.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. The Claim shall be disallowed and expunged in its entirety.

2. The Motion is hereby deemed withdrawn with prejudice.

3. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 1st day of July, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Raymond J. Urbanik |
|---|---|
| John Wm. Butler, Jr. | Russell L. Munsch |
| John K. Lyons | Raymond J. Urbanik |
| Ron E. Meisler | Jay H. Ong |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | MUNSCH HARDT KOPF & HARR, P.C. |
| 155 North Wacker Drive | 3800 Lincoln Plaza |
| Chicago, Illinois 60606 | 500 N. Akard Street |
| | Dallas, Texas 75201 |
| | |
| | Attorneys For Computer Sciences Corporation |

- and –

Kayalyn A. Marafioti
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors