UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
DPH HOLDINGS CORP., et al., : Case No. 05-44481 (RDD)
:
Reorganized Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING (A) CERTAIN BOOKS AND
RECORDS CLAIMS AND (B) CERTAIN DUPLICATE CLAIMS ASSERTED IN
MOTIONS OR REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE

("FORTY-EIGHTH OMNIBUS CLAIMS OBJECTION ORDER")

Upon the Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And

Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And

(B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative

Expense (the "Forty-Eighth Omnibus Claims Objection" or the "Objection")[1] of DPH Holdings

Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively,

the "Reorganized Debtors"), dated May 4, 2010; and upon the record of the June 30, 2010

hearing held on the Forty-Eighth Omnibus Claims Objection; and after due deliberation thereon;

and good and sufficient cause appearing therefor,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Eighth Omnibus Claims Objection.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. Each holder of a claim for an administrative expense under section 503(b)(1) of the Bankruptcy Code (each, an "Administrative Claim") listed on Exhibits A, B, and C hereto was properly and timely served with a copy of the Forty-Eighth Omnibus Claims Objection, the proposed order granting the Forty-Eighth Omnibus Claims Objection, and notice of the deadline for responding to the Forty-Eighth Omnibus Claims Objection. No other or further notice of the Forty-Eighth Omnibus Claims Objection is necessary.

B. This Court has jurisdiction over the Forty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Forty-Eighth Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Forty-Eighth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The Administrative Claims asserted in the Motions (as defined herein) listed on Exhibit A assert liabilities and dollar amounts that are not owing pursuant to the Reorganized Debtors' books and records (the "Books And Records Claims").

D. The Administrative Claims asserted in the Motions listed on Exhibit B are duplicative of, or seek to supplement, other Administrative Claims (the "Duplicate Claims").

E. Exhibit D hereto sets forth each of the Motions referenced on Exhibits A B, and C in alphabetical order by movant and cross-references each Administrative Claim asserted in the Motions by (i) docket number of the Motion and (ii) basis of objection.

F. Good cause exists to apply the procedures set for in the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims entered by this Court on December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order") to the motions or requests for payment of administrative expense (the "Motions").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order shall apply to all Administrative Claims and requests to supplement Administrative Claims asserted in the Motions that are subject to the Objection.

2. Each Books And Records Claim asserted in the Motions listed on Exhibit A hereto is hereby disallowed and expunged in its entirety.

3. Each Duplicate Claim asserted in the Motions listed on Exhibit B hereto is hereby disallowed and expunged in its entirety.

4. With respect to each Motion for which a Response to the Forty-Eighth Omnibus Claims Objection has been filed and served listed on Exhibit C and which Response has not been resolved by the parties, the hearing regarding the objection to such Administrative Claims shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order; provided, however, that such adjournment shall be without prejudice to the Reorganized Debtors' right to assert that any such Response was untimely or

3

otherwise deficient under the Claims Objection Procedure Order and the Administrative Claims Objection Procedures Order.

       5.     Entry of this order is without prejudice to the Reorganized Debtors' rights to object, on any grounds whatsoever, to any other administrative expense claims in these chapter 11 cases or to further object to Administrative Claims that are the subject of the Forty-Eighth Omnibus Claims Objection, except as such claims may have been settled and allowed.

       6.     This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Eighth Omnibus Claims Objection to hear and determine all matters arising from the implementation of this order.

       7.     Each of the objections by the Reorganized Debtors to each Administrative Claim addressed in the Forty-Eighth Omnibus Claims Objection and attached hereto as <u>Exhibits A</u>, <u>B</u>, and <u>C</u> constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This order shall be deemed a separate order with respect to each Administrative Claim that is the subject of the Forty-Eighth Omnibus Claims Objection. Any stay of this order shall apply only to the contested matter which involves such Administrative Claim and shall not act to stay the applicability or finality of this order with respect to the other contested matters covered hereby.

       8.     Kurtzman Carson Consultants LLC is hereby directed to serve this order, including exhibits, in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       July 1, 2010

                                      <u>/s/Robert D. Drain</u>
                                      UNITED STATES BANKRUPTCY JUDGE