**Hearing Date and Time: July 22, 2010 at 10:00 a.m. (Eastern Daylight Time)**

Nantz, Litowich, Smith, Girard & Hamilton
Harold E. Nelson  (P-27974)
2025 E. Beltline, S.E., Suite 600
Grand Rapids, MI  49546
Telephone:  (616) 977-0077
Facsimile:  (616) 954-0529
E-Mail:  hal@nlsg.com

*Attorneys for Lankfer Diversified Industries Incorporated
d/b/a LDI Incorporated*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **DELPHI CORPORATION**, et al., | Case No. 05-44481(RDD) |
| | Chapter 11 |
| Debtor. | Hon. Robert D. Drain |

---

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiff, | Adversary Proceeding |
| | No. 07-02723(RDD) |
| -vs- | |
| LDI INCORPORATED, | |
| Defendant. | |

---

**JOINDER OF LDI INCORPORATED TO CERTAIN REPLIES IN SUPPORT OF
MOTIONS TO (A) VACATE CERTAIN PRIOR ORDERS OF
THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE;
(C) DISMISS CLAIMS BASED ON ASSUMED CONTRACTS; OR
(D) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE
A MORE DEFINITE STATEMENT**

LDI INCORPORATED[1] ("**LDI**"), by its attorneys, Nantz, Litowich, Smith, Girard & Hamilton, P.C., hereby joins and adopts the arguments set forth in the following replies in Support of the Motion to Dismiss (the "**Replies**") filed by:

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS OF AFFINA, GKN, MSX AND VALEO TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; (C) AND DISMISS THE CLAIMS AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT; AND (D) DISMISS CLAIMS BASED ON ASSUMPTION OF CONTRACTS; OR (E) IN THE ALTERNATIVE, TO REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT
(ADV. PRO. NO. 07-02534 (ROD))**

**REPLY OF HP ENTERPRISE SERVICES, LLC AND AFFILIATES IN SUPPORT OF THEIR MOTION FOR AN ORDER DISMISSING THE COMPLAINT WITH PREJUDICE, AND VACATING CERTAIN PRIOR ORDERS PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024
(ADV. PRO. NO. 07-02262 (ROD))**

**REPLY AND JOINDER IN FURTHER SUPPORT OF MOTION OF JOHNSON CONTROLS, JOHNSON CONTROLS BATTERY GROUP, JOHNSON CONTROLS GMBH & CO. KG AND JOHNSON CONTROLS, INC. TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; OR (C) IN THE ALTERNATIVE, TO DISMISS THE CLAIMS AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT AND TO REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT
(ADV. PRO. NO. 07-02348 (ROD))**

**REPLY OF WAGNER-SMITH COMPANY TO REORGANIZED DEBTORS' OMNIBUS RESPONSE TO MOTIONS SEEKING, AMONG OTHER FORMS OF RELIEF, ORDERS TO VACATE CERTAIN PROCEDURAL ORDERS PREVIOUSLY ENTERED BY THIS COURT AND TO DISMISS THE AVOIDANCE ACTIONS AGAINST ITHE MOVING DEFENDANTS
(ADV. PRO. NO. 07-02581 (ROD))**

---

[1] "LDI Incorporated" is a registered assumed name of Lankfer Diversified Industries Incorporated, a Michigan corporation.

-2-

In addition to joining with other similar Motions having common issues, there are additional grounds why the Adversary Proceeding against LDI should be dismissed.

### THE COMPLAINT AGAINST LDI SHOULD BE DISMISSED FOR THE REASON THAT IT WAS NOT SERVED ON LDI WITHIN THE TIME FRAME ALLOWED BY THE FOURTH EXTENSION ORDER.

Following the filing of the Adversary Proceeding against LDI, under seal, on September 30, 2007, the Debtors filed several motions seeking extension of the summons service deadline established by Fed. R. Bankr. R. 7004(a)(1), Fed. R. Civ. P. 4(m). Ultimately, more than four (4) years after the bankruptcy petitions were filed, and two years after the expiration of the statute of limitations, the Debtors sought and were granted a Fourth Extension Order.

The Fourth Extension Order extended the service of process deadline under Fed. R. Bankr. P. 7004(a)(1), Fed. R. Civ. Proc. 4(m). The time for service of the Complaint was extended to April 5, 2010.

By letter dated March 19, 2010, Debtors' counsel sent a copy of the Summons and Complaint to "LDI Incorporated", 54 Monument Circle, Suite 800, Indianapolis, Indiana (the "**Wrong LDI**"). See attached **Exhibit A**. Actually, the Wrong LDI is "LDI Limited", a limited partnership (**Exhibit B**), not "LDI Incorporated". Moreover, the Wrong LDI has no affiliation whatsoever with LDI. LDI is located at 4311 Patterson, S.E., Grand Rapids, Michigan, as it has been for the many years in which it has done business with the Debtors. LDI has no facilities, offices or agents in the State of Indiana.

By letter dated April 19, 2010 (**Exhibit C**), Debtors' counsel acknowledged its mistake and forwarded a copy of the Summons and Complaint to LDI. That service, however, occurred <u>after</u> the April 5, 2010 service deadline.[2]

The error committed by Debtors' counsel in serving the LDI Summons and Complaint is, simply put, inexcusable. LDI has a Proof of Claim on file (Claim No. 9832 dated July 18, 2006), which contains its proper Grand Rapids, Michigan address. Moreover, both prepetition and postpetition, LDI and Delphi conducted business and exchanged invoices, purchase orders and other documents that clearly set forth LDI's proper address. (Schollaart Declaration, attached as **Exhibit D**, ¶¶7&8). How the Debtors' determined that service should be made on LDI Limited in Indiana is a mystery. Had the Debtors or their counsel conducted any reasonable diligence whatsoever, they would not have erroneously served the Wrong LDI.

On April 1, 2010, the Debtors' counsel represented to the Court that the Debtor was using the claims register to locate addresses for adversary proceeding defendants:

> THE COURT:    Did you – are these claimants – so you got the address off of proof of claim or –
>
> MR. FISHER:    Yeah. In instances where we were dealing with claimants, we checked the claim register to identify addresses that way.

(Relevant portions of the transcript of the April 1, 2010 hearing are attached as **Exhibit E)**.

---

[2] The Debtors filed a Motion dated March 25, 2010 entitled "Reorganized Debtors' Emergency Motion for Order Under §105(a) of the Bankruptcy Code, Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. Proc. 4(m), Extending Deadline to Serve Process for Certain Avoidance Actions". That Motion sought an additional 30 day extension <u>solely</u> with respect to 62 specifically identified adversary proceedings. The adversary proceeding against LDI was not included within that Motion.

-4-

Had that, in fact, occurred, the Debtors easily would have been able to determine that the LDI it wished to serve was located in Grand Rapids, Michigan, <u>not</u> Indianapolis, Indiana. (Schollart Declaration, ¶7).

Not only was LDI's proper address contained on its filed Proof of Claim, that claim was subject to at least two separate Objections by the Debtors. In both of those cases, the Debtor was able to determine the proper address to provide notice of those Objections to LDI.

Under Rule 4(m), the time for serving a summons may be extended if the plaintiff shows good cause. "Good cause" is generally found only in exceptional circumstances where the plaintiff's failure to make timely service was the result of circumstances beyond its control. *Mused v United States*, 169 FRD 28, 33 (W.D. NY 1996). Clearly, nothing in the plaintiff's conduct in seeking to serve LDI warrants a finding of good cause, nor have the Debtors argued that good cause exists with respect to their failure to timely serve LDI.[3]

Rule 4(m) has been interpreted that if good cause is shown, an extension of the service of process deadline must be given, however, if good cause is not shown, granting an extension is a matter of discretion for the Court.[4] That discretion, however, should be sparingly applied:

> Federal courts have generally held that, when a plaintiff has failed to complete service within 120 days and has not shown good cause for such failure, the court should dismiss the action rather than grant an extension of time to complete service. *National Union Fire Ins. Co.*, 1994 WL 463009 (S.D. NY, 1994) at *3. "[T]hough leniency may sometimes be appropriate

---

[3] In LDI's initial Motion to Dismiss, the lack of timely service issue was raised. However, the Debtors did not respond to that issue in its Response to Motion to Dismiss.

[4] All of the Rule 4(m) extensions sought by the Debtors in this case have been obtained before the expiration of the prior extension. In this case, any relief to the Debtors (which has not been sought) would require relief after the prior extension has expired.

for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *Id.* at *4. "Creating exceptions to procedural rules will not enhance the ability of the courts to dispense justice, but rather will have the reverse effect." *Alexander v Forest City Pierrepont Assoc.,* No. 94 Civ. 3961, 1995 WL 406135, at 3 (E.D.N.Y. June 26, 1995).

*Id.* at p. 33.

The Court in *Mused* held that a lack of diligence on the part of the plaintiff militated against the court exercising its discretion to excuse plaintiff's failure to comply with Rule 4(m).

In determining whether to extend the time for service in the absence of good cause, courts have considered four factors:

    1.    Whether the applicable statute of limitations would bar the re-filed action;

    2.    Whether the defendant had actual notice of the claims asserted in the complaint;

    3.    Whether the defendant had attempted to conceal the defect in service; and

    4.    Whether the defendant would be prejudiced by granting the plaintiff's request for relief.

*Bunim v City of New York*, 2006 WL 2056386 (S.D. NY 2006) at *3.

While the first factor favors the Debtors because the statute of limitations has long expired, the Court in *Mused, supra*, held that is not, by itself, enough to warrant an extension of time for service, remarking:

> [A]bsent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the re-filing of an action is barred." *Id.* at 1306, 1306 n. 7; *Santos v*

*State Farm Fire and Cas. Co.,* 902 F.2d 1092, 1094-95 (2d Cir. 1990). (Footnote omitted).

*Id.* at p. 34.

The second factor favors LDI because LDI did not have actual notice of the claims asserted against it in the adversary proceeding (Schollart Declaration, ¶3) nor has there been any allegation that LDI attempted to conceal the defect in service. In fact, LDI had no idea that the Summons and Complaint had been sent to an erroneous company at an erroneous address prior to the time it received the Summons and Complaint at its address following the expiration of the Rule 4(m) deadline. Finally, it cannot be said that LDI has not been prejudiced by the delay in service. Key personnel who had direct involvement with Delphi financial activities are no longer in LDI's employ. (Schollart Declaration, ¶¶4-6).

It is without question that the Summons and Complaint were served on LDI after the expiration of the Fourth Extended Rule 4(m) Deadline. While the Debtors have not sought any relief from the results of their negligence and neglect, if they were to seek such relief, this Court should, for the reasons stated above, deny any such request and dismiss the adversary proceeding against LDI without prejudice.

## CONCLUSION

In addition to dismissing this Complaint on the grounds that it was not timely served pursuant to Fed. R. Bankr. P. 7004(a) and Fed. R. Civ. P. 4(m), this Court should dismiss the adversary proceeding against LDI for the following issues as argued in the Replies to which LDI joins:

(i) Vacating the Extension Orders pursuant to the Court's discretionary authority because: (a) enforcement of the Orders against LDI

would violate its due process rights; (b) cause did not exist to extend the time for service of the Complaint; and/or (c) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

(ii)    Dismissing, with prejudice, the Complaint against LDI pursuant to Fed. R. Civ. Proc. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b) on the grounds that it: (a) is barred by the statute of limitations; and/or (b) does not comply with the pleading requirements of *Ashcroft v Iqbal*, 129 S.Ct. 1937 (2009);

(iii)   In the alternative, dismissing the Complaint with prejudice on the grounds that it is barred by laches, judicial estoppels or *res judicata*; and

(iv)   In the alternative, if the Complaint is not dismissed, ordering the Plaintiff to file a more definite statement with respect to its Complaint.

Respectfully submitted,

**NANTZ, LITOWICH, SMITH, GIRARD & HAMILTON**
Attorneys for Lankfer Diversified Industries, Inc. d/b/a LDI Incorporated

Dated:  July 1, 2010        By:    */s/ **Harold E. Nelson***
Harold E. Nelson  (P-27974)
Business Address:
2025 E. Beltline, S.E., Suite 600
Grand Rapids, MI  49546
(616) 977-0077

f:\data\ldi\delphi\ap\reply brief - nlsg 7-1-10.doc