# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN THE MATTER OF EASTMAN KODAK          :
COMPANY'S APPLICATION FOR AN            :              _____ (WHP)
ORDER SEALING THE FILES IN CIVIL        :
ACTIONS AGAINST ABILITY ENTERPRISE      :              ORDER
COMPANY LTD. AND KYOCERA CORP.          :
                                        :
----------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        In this miscellaneous application, Eastman Kodak Company ("Kodak") applies to the Court, sitting in Part I, for permission to file certain Sealed Complaints and Redacted Public Complaints. This has become an all too frequent occurrence where corporate parties petition a federal court to grant them a privilege not afforded other litigants. Here, Kodak, which is claiming a breach of contract, makes this application to seal documents so it can shield itself from counterclaims that Kodak breached the agreement by resorting to the public courts. The logic is as distorted now as it was when the parties agreed to such a provision. The courts and the government depend on transparency, and a party attempting to undermine this principle is well-advised to change course.

        In determining what presumption of access should apply to a document filed with a court, the Second Circuit has recognized that certain documents "play no role in the performance of [a Court's] Article III functions, such as those passed between the parties in discovery." S.E.C. v. TheStreet.com, 273 F.3d 222, 232 (2d Cir. 2001). However, a complaint—which forms the basis of a civil action and invokes the jurisdiction of the Court—is not such a document. Rather, it is a pleading essential to the Court's adjudication of the matter as well as the public's interest in monitoring the federal courts. See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995).

05-44481-rdd    Doc 20304-7    Filed 07/02/10    Entered 07/02/10 09:05:52    Exhibit 6:
June 15    2010 Order By Judge William Pauley in In re Matter of Eastm    Pg 3 of 4

Jun 22 2010 3:35PM    HP LASERJET FAX    p.2

With this presumption of access in mind, a court must consider (1) the danger of impairing law enforcement or judicial efficiency; and (2) the privacy interests of those who resist disclosure. United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). Notably, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." United States v. Biaggi, 828 F.2d 110, 116 (2d Cir. 1987)).

Kodak's request to keep certain information redacted in its Complaints against Kyocera Corporation and Ability Enterprise Company stems entirely from private agreements with those parties to keep the terms of their license agreements confidential. This is paradoxical because these are the agreements at the heart of these actions. Moreover, the material that Kodak proposes to redact is not peripheral. It also does not impact "innocent third parties." Rather, the redactions concern the parties to these lawsuits and the alleged breaches of license agreements.

In essence, Kodak seeks to turn the federal court into its own arbitral forum—where Kodak sets the rules. But, a federal court is a transparent forum. Notably, none of the material Kodak proposes to redact could be "used to gratify private spite or promote public scandal." Nixon v. Warner Communications, 435 U.S. 589, 598 (1978). Indeed, some of Kodak's proposed redactions eliminate information on how and why this Court has jurisdiction and what law applies. Kodak's notion that the fact New York law governs these disputes is somehow confidential, and should be redacted, is absurd.

Accordingly, Eastman Kodak Company's application to file under seal is denied. Eastman Kodak's application to redact information from public versions of the Complaint is denied, except with respect to redacting the royalty rate. The propriety of that redaction is reserved for the judge(s) assigned to these actions. The Clerk of Court is directed to file a copy

of this Order on the docket of Eastman Kodak Company's actions against Kyocera Corporation and Ability Enterprise Company when such actions are filed.

Dated: June 15, 2010
New York, New York

SO ORDERED:



WILLIAM H. PAULEY III
U.S.D.J.
PART I JUDGE

*Copies mailed to:*

Robert J. Gunther, Jr.
Wilmer Cutler Pickering Hale & Dorr
399 Park Avenue
New York, NY 10020
*Counsel for Eastman Kodak*

230-8800