| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: July 22, 2010<br>Time: 10:00 a.m. |

---------------------------------------------------------------x
In re:                                                         :
                                                               :  Chapter 11
DELPHI CORPORATION, et al.,                                    :  Case No. 05-44481 (RDD)
                                                               :  Jointly Administered
                           Debtors.                            :
---------------------------------------------------------------x
                                                               :
DELPHI CORPORATION, et al.,                                    :  Adv. Pro. No. 07-02581 (RDD)
                                                               :
                           Plaintiffs,                         :
                                                               :
      -against -                                               :
                                                               :
WAGNER SMITH COMPANY,                                          :
                                                               :
                           Defendant.                          :
---------------------------------------------------------------x

**REPLY OF WAGNER-SMITH COMPANY TO REORGANIZED DEBTORS'
OMNIBUS RESPONSE TO MOTIONS SEEKING, AMONG OTHER FORMS OF
RELIEF, ORDERS TO VACATE CERTAIN PROCEDURAL ORDERS
PREVIOUSLY ENTERED BY THIS COURT AND TO DISMISS THE
<u>AVOIDANCE ACTIONS AGAINST THE MOVING DEFENDANTS</u>**

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
Andrew D. Gottfried, Esq.
Rachel Jaffe Mauceri, Esq.

Attorneys for Defendant Wagner-Smith
Company

DB1/65008291.5

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................3

PRELIMINARY STATEMENT ..............................................................................................4

REPLY .......................................................................................................................................5

I.    UNDISPUTED FACTS ...................................................................................................5

II.   THE DEBTORS' RATIONALE FOR THE PRESERVATION ORDER AND
      THE EXTENSION ORDERS IS NOT CREDIBLE, VIOLATED DUE
      PROCESS AND, IN ANY EVENT, IS INAPPLICABLE TO WAGNER-SMITH ...........6

      A.   WAGNER-SMITH WAS NOT A PARTY TO THE BANKRUPTCY CASE.......6

      B.   WAGNER-SMITH'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS
           RIGHTS WERE VIOLATED......................................................................................8

      C.   WAGNER-SMITH IS ENTITLED TO DUE PROCESS, NOT THE PROCESS
           THE DEBTORS THINK IT IS DUE..........................................................................9

III.  THE LACK OF NOTICE OF THE COMMENCEMENT OF THE
      ADVERSARY PROCEEDINGS HARMED THE DEFENDANTS ...............................10

IV.   JUDICIAL ESTOPPEL IS APPLICABLE TO THIS CASE ...........................................11

      CONCLUSION.................................................................................................................12

# TABLE OF AUTHORITIES

*Ad Hoc Protective Committee for 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942 (B.A.P. 9th Cir. 1982) ..................................................................................................7

*Brody v. Village of Port Chester*, 434 F.3d 121, 129 (2d Cir. 2005)..............................................9

*Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.)*, 55 B.R. 253 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224 (S.D.N.Y. 1986) ..............................................................................................................................12

*Gordon v. Slaughter (In re Slaughter Co. and Assocs., Inc.)*, 242 B.R. 97 (Bankr. N.D. Ga. 1999) ........................................................................................................................................8, 9

*In re Barney's, Inc.*, 201 B.R. 701 (Bankr. S.D.N.Y 1996)..............................................................7

*In re Global Crossing Ltd.*, 295 B.R. 720 (Bankr. S.D.N.Y. 2003) ................................................6

*In re Silicon Graphics, Inc.*, 2009 Bankr. Dist. LEXIS 1350, *5, 11 (Bankr. S.D.N.Y. April 24, 2009) ................................................................................................................................................7

*In re The Bennett Funding Group, Inc.*, 226 B.R. 331 (Bankr. N.D.N.Y. 1998) ........................6, 7

*Johns-Manville Corp. v. Chubb Indemnity Insurance Company (In re Johns-Manville Corp.)*, 600 F.3d 135 (2d Cir. 2010).............................................................................................................10

*Kilner v. Flocar,* 212 F.R.D. 66, 70 (N.D.N.Y. 2002)....................................................................9

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950) ...................................9

*New Bedford Capacitor, Inc. v. Sexton Can Co., Inc.*, 301 B.R. 375 (Bankr. D. Mass. 2003) .......9

*Rouge Steel Company v. Omnisource Corp. (In re Rouge Industries, Inc.)*, 2006 Bankr. LEXIS 61 (Bankr. D. Del. Jan. 19, 2006) .....................................................................................................9

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24 (2d Cir. 1994)..................................................................................................................................6

## *Statutes*

Bankruptcy Code § 107(b)..........................................................................................................6, 7

Bankruptcy Code § 546 ..................................................................................................................9

Bankruptcy Code $ 546(a)...........................................................................................................5, 8

Wagner-Smith Company ("Wagner-Smith"), by and through its undersigned attorneys, hereby replies to the Reorganized Debtors' Omnibus Response to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by this Court and to Dismiss the Avoidance Actions Against the Moving Defendants (the "Response"), and respectfully states as follows:[1]

## PRELIMINARY STATEMENT

It is an undisputed fact that Wagner-Smith had no business relationship with the Debtors at any time following the commencement of the Debtors' bankruptcy cases. Wagner-Smith was not a creditor of the Debtors, and did not contract with the Debtors to provide or receive any goods or services. In fact, it was not on any service list, and was not in contact with the Debtors in any manner whatsoever. Wagner-Smith has been caught in the web of the Debtors' "one size fits all" approach to these avoidance actions. Therefore, while Wagner-Smith finds the Debtors' arguments set forth in the Response unpersuasive at best, these assertions are altogether inapplicable to Wagner-Smith's circumstances.

As stated in the Motion, Wagner-Smith is entitled as a matter of the Constitution, the Federal Rules of Civil Procedure, the Bankruptcy Code and the Rules of Bankruptcy Procedure to procedural and substantive due process, the mandates of which are not subject to limitation or abridgement based upon the Debtors' convenience or the Debtors' lopsided view of what was in Wagner-Smith's or other defendants' interest. As a matter of fundamental due process, the

---

[1] Capitalized terms used herein without definition shall have the meanings ascribed thereto in the Motion by Wagner-Smith Company Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, and (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (III) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel (the "Motion"), filed with the Bankruptcy Court on February 5, 2010.

DB1/65008291.5                    4

adversary proceeding against Wagner-Smith should be dismissed with prejudice. In the alternative, the proceeding should be dismissed on the ground of judicial estoppel.

## REPLY

I.  Undisputed Facts

As of the commencement of Debtors' bankruptcy cases, Wagner-Smith was not a creditor of Debtors, nor was there any ongoing business relationship between Wagner-Smith and Debtors. It is equally beyond dispute that Wagner-Smith was not on any of the Debtors' service lists, and did not receive notice of the motions seeking the orders at issue, which include the orders of this Court dated August 16, 2007 (the "Preservation of Estate Claims Procedures Order" or the "Preservation Order"); March 28, 2008 (the "Extension of Avoidance Action Service Deadline Order"); April 30, 2008 (the "Postconfirmation Extension of Avoidance Action Service Deadline Order"); and October 22, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order" and, together with the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, the "Extension Orders").

Notwithstanding the Court's Case Management Order dated October 14, 2005 (as modified from time to time by the Court, the "Case Management Order"), which required the Debtors to provide notice of filings "upon all parties with a particularized interest in the subject of the [f]iling," (Case Management Order at ¶ 15), the Debtors did not serve the motions seeking the Preservation Order or the Extension Orders upon Wagner-Smith.

The first pleading Wagner-Smith received in connection with the Debtors' bankruptcy was the Complaint, which Wagner-Smith received on or about December 21, 2009, over two years after the statute of limitations set forth in Bankruptcy Code § 546(a) had expired.

DB1/65008291.5                                5

II.  **The Debtors' Rationale for the Preservation Order and the Extension Orders Is Not Credible, Violates Due Process and, in Any Event, is Inapplicable to Wagner-Smith**

   A.  *Wagner-Smith was not a Party to the Bankruptcy Case*

The Debtors articulate several justifications for the sealing of the complaints and the extension relief granted in the Preservation Order and the Extension Orders, which can be simply stated as follows:

   (a)   preserve the plan of reorganization process;

   (b)   preserve recently mended business relationships; and

   (c)   protect potential defendants from expending resources to defend actions that would likely be dismissed.

See Response at ¶¶ 47-50.

As a general matter, while these justifications are unconvincing as to any defendant, the first two are inapplicable to Wagner-Smith. As previously stated, the Debtors had no ongoing business with Wagner-Smith. Wagner-Smith was not a creditor in the Debtors' cases and Wagner-Smith was not a supplier. The Debtors cite, among other cases, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24 (2d Cir. 1994) and *In re Global Crossing Ltd.*, 295 B.R. 720 (Bankr. S.D.N.Y. 2003), for the proposition that the sealing of information is permissible under Section 107(b) to protect a debtor from commercial injury. Response at ¶¶ 44-45. However, no commercial injury could have come to the Debtors as a result of the public filing the complaint in the adversary proceeding against Wagner-Smith since (i) Wagner-Smith was not a creditor and had no rights under the Plan, (ii) there was no ongoing business between the parties that could be damaged, and (iii) there was no strategic advantage that could be gained by the Debtors' competitors.

The Debtors also cite *In re The Bennett Funding Group, Inc.*, 226 B.R. 331 (Bankr. N.D.N.Y. 1998), in support of their theory that even absent the statutory requirements of Section

107(b), a court may nevertheless seal a document in its own discretion. <u>Response</u> at ¶ 46. However, as the Debtors noted, the Bankruptcy Court in *Bennett Funding* cautioned that a court must "examine the relevant facts and circumstances and then [] balance the interests of the party opposing disclosure with that of the public." *Bennett Funding*, 226 B.R. at 336. The Debtors simply were not protecting any right or interest by withholding the fact of the lawsuit against Wagner-Smith from the public (and from Wagner-Smith). As the facts and circumstances underlying the lawsuit against Wagner-Smith clearly were not "a trade secret or confidential research, development, or commercial information," the Debtors ought not be permitted to shield their conduct by Section 107(b) of the Bankruptcy Code. *See, e.g.*, *In re Silicon Graphics, Inc.*, 2009 Bankr. Dist. LEXIS 1350, *5, 11 (Bankr. S.D.N.Y. April 24, 2009) (declining to "provide blanket authority for sealing" documents identifying parties interested in bidding on the Debtors' assets, as such information was not confidential commercial information and, "even if [it was], the public policy favoring public access to court records – particularly in bankruptcy court cases – would trump any arguments for providing any significant form of protection."); *In re Barney's, Inc.*, 201 B.R. 701 (Bankr. S.D.N.Y 1996) (finding that potential investor's proposal letter did not contain commercial information and disclosure of bidder and terms would not unfairly advantage debtor's competitors); *Ad Hoc Protective Committee for 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942 (B.A.P. 9th Cir. 1982) (declining to seal a list of Debtor's debenture holders).

   The Debtors' paternalistic third rationale also does not provide a plausible basis for sealing the complaints. There is an inherent conflict in the Debtors taking an adverse position by commencing an avoidance action, on the one hand, and simultaneously presuming to "protect" the defendant party, on the other hand, by withholding from the defendant the very fact of the

lawsuit. The Debtors assert that sealing the complaints was initially justified because the contemplated plan of reorganization would have repaid all creditor constituencies in full and mooted the preference actions. Response at ¶¶ 36, 49. This justification disappeared when it became apparent that the initial plan of reorganization would not be consummated. Nevertheless, the Debtors continued to suppress from the defendants knowledge of the existence of these lawsuits through the Extension Orders. Rather than resorting to subterfuge and obfuscation, the Debtors could have preserved the actions by commencing adversary proceedings, serving summonses and complaints, and then seeking, on notice, to stay the cases pending confirmation of Debtors' Plan. Yet, the Debtors continue to assert that the ends justified the means, because 565 of the 742 avoidance actions were eventually dismissed with prejudice. Id. at 22. The Debtors' "majority rule" approach does not explain away the failure to respect the rights of the remaining defendants.

    B.    *Wagner-Smith's Substantive and Procedural Due Process Rights Were Violated*

The Debtors argue the proposition that Wagner-Smith and the other defendants' substantive due process rights were not violated because the defendants were not deprived of any identifiable liberty or property interest. Response at ¶¶ 57-59. This is incorrect. In *Gordon v. Slaughter (In re Slaughter Co. and Assocs., Inc.)*, 242 B.R. 97 (Bankr. N.D. Ga. 1999), the Bankruptcy Court held that substantive due process concerns prevented the Trustee from using a vaguely-worded complaint as a basis for amending the complaint to assert additional avoidance claims following the expiration of the two-year statute of limitations set forth in Section 546(a) of the Bankruptcy Code:

> To accept Trustee's argument that the vaguer the allegations in a complaint, the more likely it is that claims may be added after expiration of the statute of limitations *contradicts substantive due*

> *process concerns which arise in connection with the § 546 statute of limitations.*

*In re Slaughter Co. and Assocs.*, 242 B.R. at 102-03 (emphasis added). *See also Rouge Steel Company v. Omnisource Corp. (In re Rouge Industries, Inc.)*, 2006 Bankr. LEXIS 61 (Bankr. D. Del. Jan. 19, 2006); *New Bedford Capacitor, Inc. v. Sexton Can Co., Inc.*, 301 B.R. 375 (Bankr. D. Mass. 2003).

Accordingly, the right under Section 546 of the Bankruptcy Code to have repose from avoidance claims after two years from the commencement of a bankruptcy case is itself a substantive right. *Kilner v. Flocar,* 212 F.R.D. 66, 70 (N.D.N.Y. 2002) ("Statutes of Limitation are substantive laws. . . ."). The Preservation Order and the Extension Orders effectively deprived Wagner-Smith of this right without any notice or an opportunity to be heard prior to their entry. Consequently, Wagner-Smith's procedural due process rights also have been violated. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 312 (1950) ("[T]here can be no doubt that at a minimum, the [Due Process Clause] require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing."); *Brody v. Village of Port Chester*, 434 F.3d 121, 129 (2d Cir. 2005) ("[W]here a person has a right to be heard, that right 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'") (quoting *Mullane*, 339 U.S. at 314).

    C.    *Wagner-Smith is Entitled to Due Process, not the Process the Debtors Think it is Due*

In their Response, the Debtors attempt to bifurcate the act of sealing of the complaints from the delayed service thereof, as if these two events were completely separate and distinct actions. Viewed individually, each action might appear benign. The deleterious effect of the sealing and the extensions must be considered together. The Debtors place great stress upon the

notion that they had *discretion* to disclose to potential defendants their status upon inquiry. Response at ¶¶ 50, 71. However, with no notice of the motion leading to the Preservation Order and the Extension Orders, Wagner-Smith could not have been expected to know that it needed to pose the question. It is patently absurd to suggest that Wagner-Smith should have known that the Debtors might seek to unilaterally preserve their right to bring claims with no notice to potential defendants; such an assertion violates the very tenet of fundamental fairness on which due process is based. Simply put, because Wagner-Smith never received notice of the motions leading to the Preservation Order or the Extension Orders; due process dictates that Wagner-Smith cannot now be bound by them. *See Johns-Manville Corp. v. Chubb Indemnity Insurance Company (In re Johns-Manville Corp.)*, 600 F.3d 135 (2d Cir. 2010) (where insurance company was not adequately represented at proceedings leading to a settlement agreement and did not receive adequate notice of Bankruptcy Court orders arising therefrom, due process dictated that insurance company was not bound by such orders).

III.   The Lack of Notice of the Commencement of the Adversary Proceedings Harmed the Defendants

The lack of notice of the pendency of litigation causes real harm to a defendant. The Debtors' argument of no harm, no foul, is premised on the contention that a party can defend itself as easily five years after the fact as it can two years after the fact. The Debtors' viewpoint assumes that the financial wherewithal of the defendants was unchanged in the intervening three years. The Complaints, in many cases, seek to avoid substantial amounts that may materially affect the defendants' finances. Also, various defendants may be subject to financial covenants and similar tests under lending and other agreements that could be adversely affected by these proceedings.

The Debtors' "what a defendant doesn't know won't hurt it" attitude smacks of insincerity and is unacceptable. Had the defendants received notice of the pending actions, they could have taken precautions, such as (i) accounting for the defense of the Complaints in their litigation budgets, (ii) taking reserves as necessary to account for the possibility of an unfavorable judgment and (iii) advising their lenders and/or shareholders of the potential risk. Ironically, in their attempt to "protect" the defendants from unnecessary defense costs, the Debtors may have made these cases more costly for the defendants, with far-reaching ramifications. Fundamental fairness aside, knowledge of the fact that material claims have been asserted against a defendant is necessary for the defendant to protect its interests and to fulfill its responsibilities.

IV.    Judicial Estoppel is Applicable to this Case

While Debtors weave the many threads of numerous pleadings to argue that they disclosed their intention to preserve hundreds of preference claims, the simple and irrefutable fact is that at least two of the motions to the Court seeking further extension orders stated that the orders would only apply to three named defendants and their affiliates listed on Exhibit 7.24 to the initial plan of reorganization. See Extension of Avoidance Action Service Deadline Motion, at ¶ 17, n.4; Postconfirmation Extension of Avoidance Action Service Deadline Motion at ¶ 18, n.4. The Debtors assert that the moving parties simply misinterpreted that footnote. Response at ¶ 87. It is respectfully submitted that the statements of the Debtors *were* misleading. Candor would have dictated a statement that the Extension Orders would apply to hundreds of defendants, not merely three. At a minimum, the Debtors obfuscated their intentions in a manner that could mislead the Court.

The list of retained actions set forth in Exhibit 7.19 to the modified plan of reorganization provided no meaningful clarification of the Debtors' prior concealment. A naked list of adversary proceeding docket numbers provided no notice, and cannot reasonably be construed to restore claims that the Debtors had previously represented would not be preserved. The Debtors should not now be permitted to prosecute the avoidance actions in obvious contradiction of their prior representations. *See Galerie Des Monnaies of Geneva, Ltd. v. Deutsche Bank, A.G., New York Branch (In re Galerie Des Monnaies of Geneva, Ltd.*), 55 B.R. 253 (Bankr. S.D.N.Y. 1985), aff'd, 62 B.R. 224 (S.D.N.Y. 1986). Accordingly, the Complaint should be dismissed with prejudice.

## CONCLUSION

Wagner-Smith concurs with the arguments made by other movants seeking the dismissal of these adversary proceedings. However, Wagner-Smith submits that its posture makes dismissal as against it, most compelling. The Debtors' arguments, no matter how weak, are inapplicable. It is simply insufficient for the Debtors to assert that the failure to provide notice inured to Wagner-Smith's benefit. Defendants have the right to determine what course of action is in their best interest. The Debtors, adopting a "Debtor knows best" mantra and relying on a flimsy reed of protection of commercial information – a claim that is dubious, but inapplicable to Wagner-Smith – withheld information that Wagner-Smith had a right and a need to know, and thereby deprived Wagner-Smith of its right to due process.

For these reasons, and for the reasons set forth in the Motion and in the papers submitted by other moving defendants, Wagner-Smith respectfully requests that the Court grant the relief sought in the Motion.

Dated: New York, New York
       July 2, 2010

                                            **MORGAN, LEWIS & BOCKIUS LLP**
                                            Attorneys for Defendant Wagner-Smith Company

                                            By:    /s/ Andrew D. Gottfried
                                                Andrew D. Gottfried
                                                Rachel Jaffe Mauceri
                                                101 Park Avenue
                                                New York, New York  10178
                                                Telephone: (212) 309-6000
                                                Facsimile: (212) 309-6001