Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
gtoering@wnj.com
moneal@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Bosch Chassis Systems Columbia L.L.C.
f/k/a PBR Columbia L.L.C.

**Hearing Scheduled:  July 22, 2010 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
In re                                                     :     Chapter 11
                                                          :
DELPHI CORPORATION, et al.,                               :     Case No. 05-44481 (RDD)
                                                          :
                                                          :     (Jointly Administered)
                      Debtors.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
DELPHI CORPORATION, et al                                 :
                                                          :
                      Plaintiff,                          :
                                                          :
v.                                                        :     Adv. Proc. No. 07-02572-rdd
                                                          :
PBR COLUMBIA LLC,                                         :
                                                          :
                      Defendant.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**BOSCH CHASSIS SYSTEMS COLUMBIA L.L.C. F/K/A PBR COLUMBIA L.L.C.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO (A) VACATE
CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE ADVERSARY
PROCEEDING COMPLAINT WITH PREJUDICE; OR (C) IN THE ALTERNATIVE,
REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

Defendant Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia L.L.C. ("**Defendant**"), files this reply to Reorganized Debtors' Response to Motions to Vacate Certain Orders and Dismiss Adversary Actions ("**Debtors Response**"). Defendant joins and adopts the reply briefs of Hewlett Packard (07-02262), Johnson Controls (07-2348), Wagner Smith (07-02581), Affinia Group Holdings, Inc. (07-02198), and all other reply briefs (collectively the "**Reply Briefs**"), along with the primary briefs, filed by defendants in the preference avoidance actions. In the interest of legal and judicial efficiency, Defendant will not reiterate the arguments which have already been made in the Reply Briefs. Instead, Defendant hereby incorporates by reference, as if fully stated herein, the arguments stated in the Reply Briefs. Defendant, however, must separately address in this reply brief the unique factual situation of Defendant and the prejudice that Defendant has suffered by virtue of Debtors' delay in serving the summons.

The critical fact here is that, effective December 31, 2009, Defendant sold all or substantially all of its assets to an unrelated third party, an automotive supplier called Akebono Corporation (North America). Defendant then ceased manufacturing operations. (See Declaration of David L. Foster, ¶5, filed in connection with Defendant's primary brief, attached as Exhibit A for convenience). Since January 1, 2010 and continuing through today: (a) Defendant has not had any employees, other than executive officers of the Defendant that only attend to matters related to Defendant on an as-needed basis; and (b) Defendant has not had any manufacturing operations. All paid employees of Defendant were terminated and all manufacturing operations of Defendant ceased when the sale of Defendant's assets to Akebono occurred on or about December 31, 2009. *Id.* at ¶ 6. Defendant's sale of assets occurred without any knowledge of the adversary proceeding and without any knowledge that Debtors had asserted preferential transfer claims (or any other claims) against Defendant. *Id.* at ¶ 7. In

February 2010 – after the sale to Akebono occurred -  Defendant learned for the very first time that Delphi had filed the above-captioned adversary proceeding complaint in September 2007 against Defendant to recover over $3.6 million in alleged preferential transfers that occurred in 2005. *Id.* at ¶ 8.

As a result of Debtors' withholding notice and service of the complaint in this action, Defendant <u>has been</u> harmed in its ability to defend this action and <u>has</u> suffered actual prejudice. This harm and prejudice includes without limitation the following:

a.  As part of the sale to Akebono, Defendant transferred to Akebono  all or substantially all of Defendant's books and records relating to its business operations, including the paper and electronic records that would support Defendant's defenses to the preference claim.  These records include payment, shipment and invoice information.  Now Defendant cannot rely on its own records and documents anymore (because it has none), but must rely on Debtors' records (and hope they are accurate) to prove up its defenses.

b.  The primary persons at Defendant's operations that were involved with the Debtors' account and that would be familiar with the factual background that would be relevant to this action are no longer employed by Defendant.  Those persons may be employed at Akebono or elsewhere.  Some may be totally unavailable.  Since Defendant no longer employs such persons, Defendant has lost the ability to make sure that such persons will be available to testify at trial.  Defendant cannot compel the witnesses, who are probably in South Carolina where Defendant's former office was, to attend trial in New York.  Defendant also cannot direct or compel its former employees, who are now

third parties, to work on the defense of the $3.6 million claim. It cannot make them spend time on researching and analyzing the facts.

c. If Defendant had known about Debtors' complaint when it was filed in September 2007, or even if it had known about the complaint in the two years between the time the complaint was filed and when Defendant sold its assets, Defendant would likely have taken steps to organize and preserve its books and records with respect to matters involving Debtors. Moreover, Defendant likely would have interviewed employees who were knowledgeable about the Debtors' business relationship before such employees left the employment of Defendant. Defendant also would likely have made arrangements to keep in contact with those former employees in the event that Defendant would need them to provide information or serve as witnesses.

*Id.* at ¶ 10.

As summarized above, Defendant has already been actually prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge and service of the complaint against it. In their Response, Debtors contend that any argument by a preference defendant concerning prejudice suffered from the two-year delay in service of the complaints is "premature, conclusory and speculative" and that "Movants' claims of prejudice are premature because it remains to be seen whether any particular documents or other information necessary to their defenses are, in fact, now irretrievable." (Debtors Response, pages 24 and 25). But based on the uncontradicted, unrebutted facts set forth in Foster's Declaration, Defendant has already suffered actual prejudice; the prejudice is not premature, conclusory or speculative.

4

A defendant is inherently worse off when it can no longer manage and coordinate work with its witnesses in connection with the preparation of its defenses, like it could with its own employees. For instance, Defendant cannot direct or compel its former employees, who are now third parties, to work on the defense of the $3.6 million claim. It cannot make them spend time on researching and analyzing the facts. Defendant also cannot rely on its own records and documents anymore (because it has none), but must rely on Debtors' records (and hope they are accurate) to prove up its defenses. Moreover, Defendant cannot even compel the witnesses, who are probably in South Carolina where Defendant's former office was, to attend trial in New York. These are just of few of the obvious examples of how Defendant has been put at an unfair advantage by Debtors' delay in serving the complaint.

Whether or not defendants are required to show prejudice as a result of a plaintiff's failure to prosecute the claims in a timely manner,[1] Defendant has shown that actual prejudice in this case. Debtors have not rebutted that prejudice. Accordingly, the claims must be dismissed.

WARNER NORCROSS & JUDD LLP
Attorneys for Defendant

Dated: July 2, 2010

By___/s/ Michael B. O'Neal_____
    Gordon J. Toering (GT-3738)
    (Admitted *Pro Hac Vice*)
    Michael B. O'Neal (MO-9511)
    (Admitted *Pro Hac Vice*)
    Warner Norcross & Judd LLP
    900 Fifth Third Center
    111 Lyon Street, NW
    Grand Rapids, MI  49503-2487
    Ph:  (616) 752-2000
    Fax:  (616) 222-2500
    gtoering@wnj.com, moneal@wnj.com
    Attorneys for Bosch Chassis Systems Columbia
    L.L.C. f/k/a PBR Columbia L.L.C.

---

[1] As set forth in the reply brief of Hewlett Packard (07-02262), there is no requirement to show prejudice from a deprivation of due process rights.