Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
gtoering@wnj.com
moneal@wnj.com

**Hearing Scheduled: July 22, 2010 at 10:00 a.m.**

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Bosch Chassis Systems Columbia L.L.C.
f/k/a PBR Columbia L.L.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
        In re                       :    Chapter 11
                                    :
DELPHI CORPORATION, et al.,         :    Case No. 05-44481 (RDD)
                                    :
                                    :    (Jointly Administered)
        Debtors.                    :
------------------------------------x
                                    :
DELPHI CORPORATION, et al           :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :    Adv. Proc. No. 07-02572-rdd
                                    :
PBR COLUMBIA LLC,                   :
                                    :
        Defendant.                  :
------------------------------------x

# EXHIBIT A

**BOSCH CHASSIS SYSTEMS COLUMBIA L.L.C. F/K/A PBR COLUMBIA L.L.C.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE ADVERSARY PROCEEDING COMPLAINT WITH PREJUDICE; OR (C) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
gtoering@wnj.com
moneal@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Bosch Chassis Systems Columbia L.L.C.
f/k/a PBR Columbia L.L.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |
| DELPHI CORPORATION, et al | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02572-rdd |
| PBR COLUMBIA LLC, | |
| Defendant. | |

-------------------------------x

**DECLARATION OF DAVID L. FOSTER IN SUPPORT OF BOSCH CHASSIS SYSTEMS COLUMBIA L.L.C.'S MOTION TO (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; AND (B) DISMISS THE ADVERSARY PROCEEDING COMPLAINT WITH PREJUDICE; OR (C) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

I, David L. Foster, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1. I am a Manager of Bosch Chassis Systems Columbia LLC. f/k/a PBR Columbia LLC ("**Defendant**").

2. I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

3. Defendant supplied parts to Delphi Corporation and/or its subsidiaries and affiliates (collectively "**Delphi**") prior to Delphi filing for Chapter 11 bankruptcy in October 2005. In October 2005, Defendant was known as "PBR Columbia LLC." In March 2009, Defendant's name was changed to Bosch Chassis Systems Columbia L.L.C.

4. Defendant operated its business in the normal course from October 2005 until December 2009.

5. On or about December 31, 2009, Defendant sold substantially all of its assets to ABMA, LLC, a wholly-owned subsidiary of Akebono Corporation (North America) ("**Akebono**"). Defendant's sale of assets to Akebono occurred as part of a larger transaction involving the sale of assets to Akebono by certain affiliates of Defendant. Akebono has no connection with Defendant or with Defendant's affiliates. Akebono is an unrelated auto parts supplier whose parent company is headquartered in Japan.

6. Due to the sale of Defendant's assets to Akebono, since January 1, 2010 and continuing through the date of this Declaration: (a) Defendant has not had any employees, other than executive officers of the Defendant who attend only to matters related to Defendant on an as-needed basis; and (b) Defendant has not had any manufacturing operations. All paid

employees of Defendant were terminated and all manufacturing operations of Defendant ceased when the sale of Defendant's assets to Akebono occurred on or about December 31, 2009.

7. Defendant's sale of assets occurred without any knowledge of the above-captioned adversary proceeding and without any knowledge that Delphi had asserted preferential transfer claims (or any other claims) against Defendant.

8. In February 2010, Defendant learned for the very first time that Delphi had filed the above-captioned adversary proceeding complaint in September 2007 against Defendant to recover over $3.6 million in alleged preferential transfers that occurred in 2005.

9. Until February 2010, Defendant was unaware that a complaint had been filed against it by Delphi. Further, although Defendant's counsel at the time may have received notice that Delphi was seeking to file preference complaints under seal and extend the time for service of the complaint past the running of the statute of limitations, Defendant had no reason to believe that it was one of the named defendants since Delphi had not provided any indication to Defendant that Delphi would be pursuing a claim against Defendant. Further, as stated above, at the time of the sale to Akebono, Defendant had no knowledge of the above-captioned adversary proceeding or any other preference claim by Delphi against Defendant.

10. As a result of Delphi's withholding notice and service of the complaint in this action, Defendant will be harmed in its ability to defend this action and will suffer prejudice. This harm and prejudice includes without limitation the following:

> A. As part of the sale to Akebono, Defendant transferred to Akebono substantially all of Defendant's books and records relating to its business operations, including the paper and electronic records that would support Defendant's defenses to the preference claim. These records include payment,

3

shipment and invoice information. Defendant does not know whether any of the Delphi-related books and records were preserved by Akebono because it has been almost five years since the alleged transfers took place.

B. The primary persons at Defendant's operations that were involved with the Delphi account and that would be familiar with the factual background that would be relevant to this action are no longer employed by Defendant. Those persons may be employed at Akebono or elsewhere. Some may be totally unavailable.

C. If Defendant had known about Delphi's complaint when it was filed in September 2007, or even if it had known about the complaint in the two years between the time the complaint was filed and when Defendant sold its assets, Defendant would likely have taken steps to organize and preserve its books and records with respect to matters involving Delphi. Moreover, Defendant likely would have interviewed employees who were knowledgeable about the Delphi business relationship before such employees left the employment of Defendant. Defendant also would likely have made arrangements to keep in contact with those former employees in the event that Defendant would need them to provide information or serve as witnesses.

11.    As summarized above, Defendant has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge and service of the complaint against it.

I make this Declaration under penalty of perjury.

_____
David L. Foster

Executed in Knoxville, Tennessee
on May 28, 2010
1785145