Warner Norcross & Judd LLP  
900 Fifth Third Center  
111 Lyon Street, NW  
Grand Rapids, MI 49503-2487  
(616) 752-2000 phone  
(616) 222-2500 fax  
gtoering@wnj.com  
moneal@wnj.com  

Gordon J. Toering (GT-3738)  
(Admitted *Pro Hac Vice*)  
Michael B. O'Neal (MO-9511)  
(Admitted *Pro Hac Vice*)  
Attorneys for Robert Bosch GmH  
and Robert Bosch LLC  

Hearing Scheduled: July 22, 2010 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| DELPHI CORPORATION, et al | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02800-rdd |
| BOSCH and ROBERT BOSCH GMBH, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ROBERT BOSCH GMBH AND ROBERT BOSCH LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE ADVERSARY PROCEEDING COMPLAINT WITH PREJUDICE; AND (C) DISMISS THE CLAIMS AGAINST A CERTAIN DEFENDANT ("BOSCH") NAMED IN THE COMPLAINT; OR (D) IN THE ALTERNATIVE, REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

Defendants Robert Bosch GmbH ("**Bosch GmbH**") and Robert Bosch LLC[1] ("**Bosch LLC**", and along with Bosch GmbH (the "**Defendants**")), file this reply to Reorganized Debtors' Response to Motions to Vacate Certain Orders and Dismiss Adversary Actions ("**Debtors Response**"). Defendants join and adopt the reply briefs of Hewlett Packard (07-02262), Johnson Controls (07-2348), Wagner Smith (07-02581), Affinia Group Holdings, Inc. (07-02198), and all other reply briefs (collectively the "**Reply Briefs**"), along with the primary briefs, filed by defendants in the preference avoidance actions. In the interest of legal and judicial efficiency, Defendants will not reiterate the arguments which have already been made in the Reply Briefs. Instead, Defendants hereby incorporate by reference, as if fully stated herein, the arguments stated in the Reply Briefs. Defendants, however, must separately address two issues raised in Debtor's Response that are specifically germane to Defendants in this reply brief.

The first issue Defendants separately address and bring to the Court's attention is the fact that Bosch GmbH is a foreign supplier, and the claims against it must be dismissed because Debtors abandoned claims against foreign suppliers in August 2007 when this Court granted Debtors' motion to abandon certain claims. Debtors have acknowledged Bosch GmbH is a foreign defendant as its headquarters are in Germany. (See Debtors' *Emergency Motion for Order Under Section 105(a) of the Bankruptcy Code, Fed. R. Bankr. P. 7004(a) and 9006(b)(1), and Fed. R. Civ. P. 4(m) Extending Deadline to Serve Process for Certain Avoidance Actions* (DK No. 12) (Exhibit C)). Since Debtors unequivocally abandoned claims against foreign suppliers, the claims against Bosch GmbH must be dismissed.

---

[1] Bosch LLC is not named as a defendant in the Complaint, but it was served with the Complaint by the plaintiffs. Bosch LLC has informed the plaintiffs that it did not receive any of the alleged transfers, and it has asked plaintiffs for confirmation that it is not the "Bosch" entity listed as a defendant. Plaintiffs, however, have refused to confirm the "Bosch" entity is not Bosch LLC.

2

Debtors now speciously argue after the fact that they did not abandon claims against foreign suppliers. In Debtors Response, Debtors argue that their motion to abandon claims against foreign suppliers and the court's order granting the motion was not enough to abandon the claims. Rather, Debtors argue, some further act had to be taken by Debtors to express their intent to abandon the claims. But the Debtors' intent to abandon the claims against foreign suppliers was absolutely clear in their motion. Paragraph 26 provides:

> In addition, the Debtors seek authority to abandon the following categories of potential preference actions which the Debtors, **in their business judgment, have decided should not be pursued**: . . . (ix) payments to foreign suppliers, . . . .

(DK No. 8905, page 15-16) (emphasis added).

The language above is explicity clear – the Debtors "have decided" to abandon claims against foreign suppliers. Debtors already decided to abandon the claims against foreign suppliers. They then sought court approval with absolutely no reservations for the claims against foreign suppliers. There were, however, some reservations and conditions for abandonment for another group of claims – claims of under $250,000 against insiders or transactions associated with an SEC investigation. For those claims, Debtors were required to give notice before they could abandon those claims. But that type of claim where an additional step was needed before abandonment would take effect is not at issue here. Claims against foreign suppliers were abandoned effective upon the Court entering its order approving the motion. For the reasons set forth in Defendants' motion to dismiss and vacate, and the reasons and arguments set forth in the Reply Briefs (specifically the reply brief of Affinia Group Holdings, Inc. (07-02198)), this Court should dismiss the claims against Bosch GmbH as they were abandoned by Debtors.

The second issue is the fact that the named defendant "Bosch" is not a person or entity, does not exist and, therefore, cannot be sued. Defendants moved to have the "Bosch" entity

3

struck from the Complaint and the case dismissed as against it. (Memorandum of Law in Support, pg. 40 (DK No. 30)). Debtors have not contested this issue. In fact, Debtors have acknowledged certain other defendants were not legal entities and agreed to stipulate to dismiss the non-entity/non-existent defendants they sued. (Debtors Response, page 46, fn. 13). As this matter is uncontested, Defendants request this Court dismiss the named defendant "Bosch" with prejudice.

WARNER NORCROSS & JUDD LLP

Dated: July 2, 2010

By    /s/ Michael B. O'Neal
Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
Ph: (616) 752-2000
Fax: (616) 222-2500
gtoering@wnj.com
moneal@wnj.com
    Attorneys for Robert Bosch GmbH and Robert Bosch LLC

4477853