**HODGSON RUSS LLP**  
60 East 42nd Street  
New York, New York 10165  
Tel: 212-661-3535  
Fax: 212-972-1677  
Deborah J. Piazza, Esq.  
dpiazza@hodgsonruss.com

**HODGSON RUSS LLP**  
The Guaranty Building  
140 Pearl Street, Suite 100  
Buffalo, New York 14202-4040  
Tel: (716) 856-4000  
Fax: (716) 8439-0349  
Michael E. Reyen, Esq.  
mreyen@hodgsonruss.com

*Attorneys for Unifrax Corporation*

Hearing Date: July 22, 2010  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:  :  Chapter 11  
 :  Case No. 05-44481 (RDD)  
DELPHI CORPORATION, et al.,  :  Jointly Administered  
 :  
 Debtors,  :  

---------------------------------------------------------------x

 :  
DELPHI CORPORATION, et al.,  :  Adv. Pro. No. 07-02270 (RDD)  
 :  
 Plaintiffs,  :  
 :  
 - against -  :  
 :  
BP, BP AMOCO CORP, BP MICROSYSTEMS  
INC., BP PRODUCTS NORTH AMERICA,  
CASTROL, CASTROL INDUSTRIAL AND  
UNIFRAX CORP.  :  
 :  
 Defendant.  :  

---------------------------------------------------------------x

**REPLY AND JOINDER IN FURTHER SUPPORT
OF UNIFRAX CORPORATION'S MOTION TO (I) VACATE CERTAIN
PRIOR ORDERS OF THE COURT; (II) DISMISS THE COMPLAINT WITH
PREJUDICE; OR (III) IN THE ALTERNATIVE, TO DISMISS THE CLAIMS
AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT AND
TO REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**

Unifrax Corporation ("Unifrax" or "Defendant"), now known as Unifrax I LLC, by and through its counsel, Hodgson Russ, LLP, in further support of its Motion to (i) vacate certain prior orders of the Court, (ii) dismiss the complaint with prejudice, or (iii) in the alternative, require plaintiffs to file a more definite statement (the "Motion") and in reply to Reorganized Debtors' (the "Plaintiffs") Omnibus Response to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by this Court and to Dismiss the Avoidance Actions Against the Moving Defendants (the "Objection"), alleges as follows:

**PRELIMINARY STATEMENT**

1.  The Plaintiffs argue in their Objection that despite the combined effect of their machinations, the Defendants'[1] claims of prejudice are unconvincing – essentially a no harm, no foul argument. The arguments set forth in the Objection are summarized as follows:

    (i)  As to the improper sealing allegations, the remedy is to unseal the Complaints, which has already occurred – no harm, no foul.

---

[1] The arguments set forth within this reply brief are applicable to the majority, if not all of the adversary proceedings and the Defendants within them. Given this, and the fact that Unifrax is joining in the motions to dismiss the adversary complaints and any and all memoranda in further support of the motion to the extent applicable, the term Defendants is utilized throughout this brief to refer to both Unifrax and the Defendants within the other adversary proceedings that were filed under seal and subsequently served by rde Plaintiffs.

(ii)    On the issue of deprivation of due process, Defendants are now receiving the process that is due – no harm, no foul.

(iii)   Even if there was a deprivation of due process upon the failure to notice Defendants of the preference lawsuits during the period they were under seal, the Defendants were presumably on notice because they could have generally inquired about any potential lawsuits against them – no harm, no foul.

(iv)    As to the issue of the inability of the Defendants to negotiate within the context of the bankruptcy and meaningfully participate in the plan confirmation process, the modified plan was confirmed notwithstanding that the unsecured creditor classes voted to reject the plan – no harm, no foul.

(v)     As to the effect of the Plaintiffs' failure to retain the actions filed under seal within the confirmed First Amended Joint Plan of Reorganization, with the exception of the five actions listed within Exhibit 7.24, and the explicit mention of the failure to retain within the first two extension motions, Plaintiffs' respond that they generally referenced retention of the adversary proceedings within the Modified Plan – no harm, no foul.

(vi)    As to the insufficient pleading allegations, the remedy is to allow the Defendants to request from the Plaintiffs the basic information necessary to answer the Complaints – no harm, no foul.

2.      The issue with the no harm, no foul argument, aside from cavalierly dismissing the Defendants' rights and resources as being less important than those of the Plaintiffs, is it ignores the dangerous precedent that is set by the manipulation of the rules and generally

accepted notions of due process.  The Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, due process and case-law interpreting these rules exist for a purpose.  It is safe to presume that the time limits and explicit language of such Rules were carefully chosen in order to avoid inequity and prejudice, and the manipulation and failure to adhere to such rules is inherently prejudicial and sets a dangerous precedent for future reorganizations and their treatment of potential preference defendants.

3.     Further, the Plaintiffs ask the Court to analyze each of their actions individually, and decide their propriety in such a fashion.  But the Plaintiffs' actions, and their effect, were not isolated.  They were concerted, resulting in the service of the adversary proceedings four and a half years after the petition date, and two and a half years after the expiration of the statute of limitations.  It is the combined effect of these actions that has harmed Unifrax, and such actions should be viewed as concerted within the context of the Motion.

**ARGUMENT**

4.     Overall, the cases cited by the Plaintiffs within the Objection are distinguishable and provide scant justification for the Plaintiffs' actions.

5.     The cases cited by the Plaintiffs as providing authority for the sealing of the adversary proceedings without cause, such as *In re Orion Pictures Corp.* and *In re Global Crossing Ltd.*, are, once again, distinguishable and inapplicable to this situation because they involve actual commercial information, defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor."  *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).  Filing an adversary

3

proceeding against one's own supplier does not fall within the above definition of commercial information, and is a voluntary act by the Debtor. Notably, Bankruptcy Rule 9018 was not enacted to protect entities from injuring themselves through the release of *non-commercial* information.

      6.     As stated within the brief of Hewlett Packard (the "HP Brief"), the explicit language of Bankruptcy Code §107 and Bankruptcy Rule 9018 and the decision within *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136 (2d Cir. 2005), all bind the Court to the criteria set forth in the statutory language, and do not contemplate that the decision to seal is within the "inherent equitable authority" of the Court or the "inherent power of the court to control dissemination of records" as asserted by the Plaintiffs. Objection ¶ 46.

      7.     As noted within the HP Brief, all of the authority cited by the Plaintiffs as to the "inherent power of the Court" to seal documents containing information of a type not explicitly delineated by § 107 predates the *Metromedia* decision. Similarly, the cases cited by the Plaintiffs relating to Rule 4(m) of the Federal Rules of Civil Procedure fail to provide support for the Plaintiffs' asserted cause for expansion of the time to serve the Complaint, which was to maintain existing relationships with suppliers and spare select suppliers from the costs of litigation. *See Bank of Cape Verde v. Bronson*, 167 F.R.D. 370 (S.D.N.Y. 1996) (Court allowed service to be delayed to remaining related defendants, who were aware of lawsuit, in order to continue pursuit of settlement negotiations); *Galdi v. Jones*, 141 F.2d 984 (2d Cir. **1944**) (no facts stated as to why the Court enlarged defendant's time to move or plead); *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345 (S.D.N.Y. 1996) (accidental service of incorrect pleadings); *Oyama v. Sheehan*, 253 F.3d 507 (9th Cir. 2001) (failure to serve within 120 day period due to

illness of secretary); *In re Ames Dep't Stores, Inc.*, No. 01-42217 (REG) (Bankr. S.D.N.Y. Feb. 3, 2004) (Docket No. 2524) (Court allowed extension of service of adversary proceedings against potential factor defendants on the grounds that it was unknown whether they were liable for the preference or whether the vendors that sold the accounts receivable, and were already active defendants, were liable. The extension was granted to allow the Debtor to finish its litigation with the vendors so as to prevent double recovery for the Debtor).

8.    In response to the Plaintiffs' assertion that the proper remedy to the wrongful sealing is to unseal, as stated within the HP Brief, the cases cited in support of Plaintiffs' position do not contemplate a situation where the party challenging the sealing is not initially aware that information has been sealed. *See Spano v. Boeing*, No. 3:06-cv-00743 (DRH), 2008 U.S. Dist. LEXIS 54122, at *5 (S.D. Ill. July 16, 2008) (unsealing pleadings that were filed under seal in accordance with a confidentiality agreement between the parties to the litigation without first seeking the court's authority to seal); *In re Neal*, 461 F.3d 1048, 1056 (8th Cir. 2006) (reversing sealing of a creditor list of a bankruptcy judge who had allegedly taken improper loans from attorneys appearing before her).  The remedy of unsealing the Complaints is not a remedy at all, it is an action already taken by the Plaintiffs.

9.    The Plaintiffs' argument that the notice requirement of due process was not violated because the Defendants could have inquired about the lawsuits and should have been on notice of the potential liability arising from their transactions with the Debtors during the preference period impermissibly shifts the notice burden onto the Defendants.  As stated by the Plaintiffs, "[a] defendant typically receives notice of a lawsuit against it when it is served with the complaint."  Plaintiffs have not provided, nor could they provide, any support for the

assertion that it is the Defendants burden to inquire as to the existence of a lawsuit. Objection ¶ 52.

10.     Plaintiffs' assertion that the Defendants were on notice of the preference lawsuits on account of transactions with the Debtors which may have occurred during the preference period reinforces the Defendant's substantial interest in repose and the expiration of the statute of limitations. Using the Plaintiffs' logic that conducting a transaction with the Debtors during the preference period was sufficient notice of potential preference liabilities, than the expiration of the two year statute of limitations to commence avoidance actions is likewise sufficient notice that such actions will not be pursued, thus eliminating any potential liability. The elimination of a liability functions similarly to the grant of an asset. To allow such a liability to remain outstanding through the manipulation of the Defendant's right to repose, without notice, functions in the same manner as the taking of an asset, thus representing the deprivation or taking that the Defendant strenuously asserts must be present for due process to be violated. Despite this taking, it is the Defendant's position that a lack of notice alone of the pending litigation is a violation of due process, which requires no showing of prejudice, as set forth within the HP Brief.

11.     Plaintiffs' rejection of the argument that Defendants should have received notice of the complaints when filed on the grounds that "[a] defendant typically receives notice of a lawsuit against it when it is served with the complaint, not when the complaint is filed with the court," is meritless considering that Plaintiffs' actions were anything but typical, and that such notice is *typically* required within 120 days of the date of filing. Objection ¶ 52.

12. The HP Brief also sets forth the reasons why the Plaintiffs' Complaint does not satisfy the heightened pleading requirements of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The pre-*Iqbal* cases cited by the Plaintiff are unconvincing and no longer authoritative on the subject of pleading requirements. It is the Plaintiffs' burden to properly plead its Complaint and allege basic information such as the name of each debtor/transferor and the name of each defendant/transferee. Once again the Plaintiffs are attempting to shift their burden onto the Defendants.

13. The Plaintiffs' offer to voluntarily provide the information necessary to answer the Complaint, or in other words comport with their basic statutory obligation, is not appropriate relief.

14. The failure to include basic information as to the recipients of the allegedly preferential transfers is particularly prejudicial to Unifrax, given that it has been included within an adversary proceeding naming six other defendants that are unrelated to Unifrax. Given the number of defendants within Unifrax's adversary proceeding and the large number of allegedly preferential transfers, Unifrax is unable to determine which transfers it has allegedly received.

15. To the extent that the "Plaintiffs have retained such basic documentation with respect to these actions," the grounds for dismissal are even stronger in that the Plaintiffs intentionally withheld sufficient information, and are continuing to evade their obligation in regard to sufficient pleadings. Objection ¶ 62. The Plaintiffs have had almost three years to amend their Complaints and sufficiently plead facts that were admittedly available to them, therefore the Complaint should be dismissed for failure to state a claim.

16. Finally, on the issue of laches, despite the case-law cited by the Plaintiffs, the Second Circuit is clearly not opposed to the consideration of laches within a motion to dismiss, as evidenced by its review of such in *Ikelionwu v. U.S.*, 150 F.3d 233 (2d Cir. 1998). Further, the Second Circuit has taken into account the pre and post-filing delay within its laches analysis. *See Allens Creek/Corbetts Glen Preservation Group, Inc. v. Caldera*, 2 Fed.Appx. 162, 165 (2d Cir. 2001) (In affirming a dismissal for laches, the Court considered the combined delay pre and post-filing of the Complaint and the prejudice resulting therefrom).

17. It is clear that the Plaintiffs have slept on their rights, resulting in prejudice to the Defendants in the form of a weakened ability to defend the lawsuit, negotiate a settlement, and the theft of their repose, while the Plaintiffs have asserted no facts to the contrary. *See LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 142 (S.D.N.Y. 2009) ("it has also been held in this district and Circuit that the defense of laches may be resolved on a motion to dismiss where it is clear on the face of the Complaint that "the plaintiff can prove no set of facts to avoid the insuperable bar."). Plaintiffs, by their own admission, have had the necessary information to prosecute the preference action against the Defendants for 4 ½ years, but chose not to do so.

18. Overall, Plaintiffs' failure to cite any authority in support of filing the complaints under seal and serving them 2 ½ years later, is because such actions were, and continue to be, unprecedented. The Plaintiffs should not be permitted to establish precedent on the manner in which to avoid due process.

## JOINDER

19. As this Court is aware, numerous other defendants in the other recently unsealed avoidance actions have filed motions and reply briefs. The motions and briefs all seek dismissal

of the avoidance complaints on various legal grounds. Because the facts surrounding those actions are, in many respects, similar to those found in Unifrax's Motion, Unifrax incorporates all applicable arguments raised by the other defendants' in their motions to dismiss the adversary complaints and joins in any and all memoranda in further support of the motions. Specifically, Unifrax joins and incorporates herein by reference the reply briefs of Hewlett Packard (EDS et al.), Affina Group Holdings, Inc., et al. and Wagner Smith Company all filed in response to the Objection, which eloquently embody the relevant arguments in opposition to the assertions made by the Plaintiffs in the Objection.

## CONCLUSION

For the reasons set forth herein, in Unifrax's Motion, and in the memoranda submitted by other defendants, Unifrax respectfully requests that (i) each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order be vacated as against it; (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted on the grounds of the expiration of the statute of limitations; (iii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted on the grounds of insufficient pleadings; (iv) the Complaint against it be dismissed with prejudice as being barred by laches; and (v) the Complaint against it be dismissed with prejudice as being barred by judicial estoppel; or (vi) in the alternative, the Court order the Debtors to elaborate upon their pleadings and amend their Complaint with a more definite statement as to which Debtors initiated each transaction wand which of the six Defendants were the alleged beneficiary of each transaction; and (vii) the Court order the Debtors to pay the costs

9

and expenses of responding to the Adversary Proceeding, including, without limitation, attorneys' fees; and (viii) for such other and further relief as this Court may deem appropriate.

Dated:    New York, New York
July 2, 2010

        **HODGSON RUSS LLP**
        *Attorneys for Unifrax Corporation*

        By:  /s/ Deborah J. Piazza
            Deborah J. Piazza, Esq.
        60 East 42nd Street
        New York, N.Y. 10165
        Tel: 212-661-3535
        Fax: 212-972-1677
        Deborah J. Piazza, Esq.
        dpiazza@hodgsonruss.com

        **HODGSON RUSS LLP**
        The Guaranty Building
        140 Pearl Street, Suite 100
        Buffalo, NY  14202-4040
        Phone: 716.848.1330
        Fax: 716-849-0349
        Michael E. Reyen, Esq.
        mreyen@hodgsonruss.com