Lisa Piece Reisz (admitted *pro hac vice*)
Tiffany Strelow Cobb (admitted *pro hac vice*)
Jesse Cook-Dubin (admitted *pro hac vice*)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
52 E. Gay Street / P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-8322
Facsimile: (614) 719-4663
E-mail: tscobb@vorys.com

Hearing Date: July 22, 2010 @ 10:00 am

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 05-44481-rdd |
| DPH Holdings Corp., et al. | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| Delphi Corporation, et al., | : | Adv. Case No. 07-02291 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Carlisle, et al., | : | |
| | : | |
| Defendants. | : | |

**REPLY AND JOINDER OF CARLISLE COMPANIES INCORPORATED IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND JOINDER TO MOTIONS (I) TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548 OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL**

Carlisle Companies Incorporated ("Carlisle"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(c) as incorporated in the above-captioned adversary proceeding ("Adversary Proceeding) by Federal Rule of Bankruptcy Procedure

7012(b), hereby files its Reply and Joinder (the "Reply") in Support of its Motion for Judgment on the Pleadings and Joinder to Motions (i) Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including those Commenced by the Debtors under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for such Adversary Proceedings, (ii) Dismissing the Adversary Proceeding with Prejudice, or (iii) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel (the "Motion").

In support of its Reply, Carlisle joins, adopts and incorporates herein by reference all applicable arguments set forth the motions, memoranda and replies of other similarly situated defendants (the "Dismissal Papers"). These Dismissal Papers include, but are not limited to, the Dismissal Motions referenced in Carlisle's Motion as well as the following replies:

- Reply of Wagner-Smith Company to Reorganized Debtors Omnibus Response (the "Omnibus Response") to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by this Court and to Dismiss the Avoidance Actions Against the Moving Defendants (Adversary Proceeding No. 07-02581 (ROD)) (Docket No. 20306);

- Reply Memorandum of Law in Support of Motions of Affinia, GKN, MSX, and Valeo to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumption of Contracts; or (E) in the Alternative, to Require Plaintiffs to File a More Definite Statement (Adversary Proceeding No. 07-02534 (ROD)) (Docket No. 20304);

- Reply of HP Enterprise Services, LLC and Affiliates in Support of Their Motion for and Order Dismissing the Complaint with Prejudice, and Vacating Certain Prior Orders Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 (Adversary Proceeding No. 07-02262 (ROD));

- Reply and Joinder in Further Support of Motion of Johnson controls, Johnson Controls Battery Group, Johnson Controls GMBH & Co. KG and Johnson controls, Inc. to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the complaint with Prejudice; or (C) in the Alternative, to Dismiss the Claims Against Certain Defendants Named in the Complaint and to Require Plaintiffs to File a More Definite Statement (Adversary Proceeding No. 07-02348 (ROD)) (Docket No. 20298).

In further support of its Reply, Carlisle states as follows:

In their Omnibus Response, Debtors do not dispute that they failed to give notice to Carlisle of (or otherwise serve Carlisle with) the Debtors' Motions[1] prior to or at the time of this Court's decisions on those motions. Further, Debtors do not dispute that they failed to list Carlisle on any applicable Master Service List or Rule 2002 List in connection with the Debtors' Motions. More specifically, Debtors do not dispute that, at the earliest, in March 2010, Carlisle learned of the Debtors' Motions and associated Court decisions, over two and a half years *after* the applicable two-year statute of limitations pursuant to 11 U.S.C. § 546(a) had already expired.[2]

For the reasons set forth above; for the reasons set forth in Carlisle's Motion and the Dismissal Motions; and for the reasons set forth in the Dismissal Replies, judgment on the pleadings is warranted in this Adversary Proceeding.

WHEREFORE, for the foregoing reasons and for the reasons set forth more fully in the Dismissal Motions, Carlisle respectfully requests that the Court grant the following relief:

1) Enter an order pursuant to Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024 vacating as to Carlisle the orders of this Court dated August 16, 2007, March 28, 2008, April 30, 2008, and October 22, 2009 on the grounds that the Debtors failed to provide Carlisle with notice of the underlying motions pursuant to which the Orders were entered and Carlisle did not receive timely notice of the Orders;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning so ascribed in Carlisle's Motion.
[2] Carlisle notes that the Debtors' Omnibus Response includes an exhibit (Exhibit C) that inaccurately summarizes Carlisle's arguments in its Motion (and now Reply). Contrary to Debtors' Exhibit C, in its Motion, Carlisle has set forth and has joined in each of the legal arguments summarized in Exhibit C.

3

2) Enter an order in the Adversary Proceeding granting judgment on the pleadings in favor of Carlisle on the grounds that a) the Court must dismiss the Adversary Proceeding with prejudice pursuant to Federal Rule of Civil Procedure 4(m), and b) the claims in the Complaint are barred by the two-year statute of limitations imposed by 11 U.S.C. § 546(a) and in turn fails to state a claim upon which relief may be granted;

3) in the alternative, Enter an order in the Adversary Proceeding granting judgment on the pleadings in favor of Carlisle on the ground that the claims in the Complaint are barred by judicial estoppel; and

4) Enter an order granting such further relief as is just and proper.

Dated: July 2, 2010                             Respectfully submitted,


                                                /s/ Tiffany Strelow Cobb
                                                Lisa Piece Reisz (admitted *pro hac vice*)
                                                Tiffany Strelow Cobb (admitted *pro hac vice*)
                                                Jesse Cook-Dubin Cobb (admitted *pro hac vice*)
                                                Vorys, Sater, Seymour and Pease LLP
                                                52 East Gay Street
                                                Columbus, Ohio 43215
                                                Telephone:  (614) 464-8322
                                                Facsimile:  (614) 719-4663
                                                E-mail:  tscobb@vorys.com

                                                Attorneys for Defendant
                                                Carlisle Companies Incorporated