*Hearing Date and Time: July 22, 2010 at 10:00 a.m.*

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Attorneys for Defendant
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com
  carlson@millercanfield.com
Timothy A. Fusco
Eric D. Carlson

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Jointly Administered<br>Case No. 05-44481-RDD |
| Debtors. | |
| DELPHI CORPORATION, *et al.*, | |
| Plaintiffs, | Adversary Proceeding No.<br>07-02672-RDD |
| VS. | |
| TECH CENTRAL., | |
| Defendant. | |

**REPLY OF TECHCENTRAL L.L.C. TO REORGANIZED DEBTORS' OMNIBUS
RESPONSE ("RESPONSE") TO MOTIONS SEEKING, AMONG OTHER FORMS OF
RELIEF, ORDERS TO VACATE CERTAIN PROCEDURAL ORDERS PREVIOUSLY
ENTERED BY THIS COURT AND TO DISMISS THE AVOIDANCE ACTIONS
AGAINST THE MOVING DEFENDANTS AND JOINDER OF TECHCENTRAL, L.L.C.
<u>TO CERTAIN OTHER REPLIES TO THE RESPONSE</u>**

TechCentral L.L.C. ("Defendant"), by its attorneys, Miller, Canfield, Paddock and Stone,

P.L.C., submits this Reply to the Response and, in addition, joins in and adopts with respect to

the above captioned adversary proceeding ("Adversary Proceeding"), the arguments set forth in the Replies, together with the supporting memorandum, set forth on <u>Exhibit A</u> attached hereto (each individually "Reply" and collectively "Replies").

Tech Central previously filed a Motion to Dismiss the complaint against it and for other relief through a joinder to Motions To: (I) Vacate Certain Prior Orders Of The Court Establishing Procedures For Certain Adversary Proceedings; (II) Dismiss The Complaint With Prejudice; Or (III) In The Alternative, To Require Plaintiffs To File A More Definitive Statement ("Motion and Joinder"). The Motion and Joinder was filed in this Adversary Proceeding on May 14, 2010 (Docket Number 27).

The Response is applicable to the Motion and Joinder. In the interest of legal and judicial efficiency Defendant will not reiterate the arguments which have already been made in the Replies. Instead, Defendant, by filing this Reply, hereby incorporates by reference, as if fully stated herein, the arguments stated in the Replies. Tech Central additionally supplements and highlights the Replies and the facts set forth therein with respect to its adversary case as follows:

1. Plaintiff's complaint against Tech Central seeks recovery of over $55 million in alleged preferential transfers. The complaint does not, however, identify which Debtor entity made the transfer, provide invoice numbers or any other information which would allow Tech Central to investigate the alleged transfers. The complaint merely states an amount and a date for the transfers, many of which are for very large amounts.

2. As noted in Tech Central's earlier response, it acted as a central clearing house for contract labor required by one or more Delphi entities. The great bulk of the funds paid to Tech Central were immediately paid to third parties that were the source of the contract employees. Without such basic information as the date and description of the invoice or invoices for which

2

payment was made it is impossible for Tech Central to either develop meaningful defenses to the complaint or determine if the third parties are obligated for any payments or may even be the initial transferees of the amounts sought from Tech Central.

3. Because the complaint against Tech Central fails to allege even the most basic facts of the claims against Tech Central the complaint fails to comply with the requirements established by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009). A more complete analysis of this issue is set forth in the Reply of HP Enterprise Services, LLC and Affiliates which is adopted by Tech Central. .

4. With respect to the various due process and notice arguments discussed in the Replies, it is important to note that the Commodity Management Agreement between Tech Central and Delphi Automotive Systems, LLC was terminated by Delphi on October 12, 2006 effective as of November 13, 2006, many months before the entry of the first Preservation Order on August 16, 2007. No amounts were due to Tech Central and it did not file any claims in any of the cases. Effectively, after the notice was sent Tech Central had little interest in the case and had no reason to closely monitor proceedings or pleadings.

5. In view of the termination and the lack of any financial or other interest in the Debtors' cases, Plaintiff's claim that Tech Central was somehow afforded due process because the Disclosure Statement referenced the Preservation Order and TechCentral could have made inquiry as to whether it was being sued is ridiculous at best. Whatever notice could be imputed to a party with claims or other interest in the proceedings is clearly not applicable to Tech Central. It simply did not receive any meaningful notice of the Preservation Orders or any plan or disclosure statement provisions that the Debtors assert afforded parties constitutionally adequate notice and due process. .

6.      It is not reasonable to expect that Tech Central would or should have spent the time and money to monitor the entire docket and the voluminous Debtor filings in order to "read between the lines" and discover that one particular Debtor Motion impacted, in a covert manner, Tech Central's rights.  Similarly, it is not reasonable to require a party in Tech Central's position to wade through the thousand of pages including exhibits of the Plans and Disclosure Statement to try and ascertain if it could be subject to litigation by the Debtors.  Again, to the extent this Court determines that some or all of these documents afforded due process or notice such a conclusion should not apply to a party that prior to the commencement of the preservation process lacked any meaningful involvement with the Debtors' or their cases.

Wherefore, based upon the aforementioned reasons and the reasoning set forth in the Replies, Tech Central, by its undersigned attorneys, requests that the Adversary Proceeding against it be dismissed or that in the alternative any other or additional relief granted for the benefit of one or more adversary proceeding defendants be granted to Tech Central.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By /s/ Timothy A. Fusco
    Timothy A. Fusco (P13768)
Attorneys for Defendant, Tech Central
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com

Dated: July 2, 2010

## **EXHIBIT A**

- REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS OF AFFINIA, GKN, MSX AND VALEO TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; (C) AND DISMISS THE CLAIMS AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT; AND (D) DISMISS CLAIMS BASED ON ASSUMPTION OF CONTRACTS; OR (E) IN THE ALTERNATIVE, TO REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT

- REPLY OF WAGNER-SMITH COMPANY TO REORGANIZED DEBTORS' OMNIBUS RESPONSE TO MOTIONS SEEKING, AMONG OTHER FORMS OF RELIEF, ORDERS TO VACATE CERTAIN PROCEDURAL ORDERS PREVIOUSLY ENTERED BY THIS COURT AND TO DISMISS THE AVOIDANCE ACTIONS AGAINST THE MOVING DEFENDANTS

- REPLY OF HP ENTERPRISE SERVICES, LLC AND AFFILIATES IN SUPPORT OF THEIR MOTION FOR AN ORDER DISMISSING THE COMPLAINT WITH PREJUDICE, AND VACATING CERTAIN PRIOR ORDERS PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024

- REPLY AND JOINDER IN FURTHER SUPPORT OF MOTION OF JOHNSON CONTROLS, JOHNSON CONTROLS BATTERY GROUP, JOHNSON CONTROLS GMBH & CO. KG AND JOHNSON CONTROLS, INC. TO: (A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH PREJUDICE; OR (C) IN THE ALTERNATIVE, TO DISMISS THE CLAIMS AGAINST CERTAIN DEFENDANTS NAMED IN THE COMPLAINT AND TO REQUIRE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Attorneys for Defendant
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com
  carlson@millercanfield.com
Timothy A. Fusco
Eric D. Carlson

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Jointly Administered<br>Case No. 05-44481-RDD |
| Debtors. | |
| DELPHI CORPORATION, *et al.*, | Adversary Proceeding No.<br>07-02672-RDD |
| Plaintiffs, | |
| VS. | |
| TECH CENTRAL, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

Timothy A. Fusco hereby certifies that, on July 2, 2010, he served a copy of the foregoing Joinder Of TechCentral L.L.C. To Replies To Reorganized Debtors' Omnibus Response To Motions Seeking, Among Other Forms Of Relief, Orders To Vacate Certain Procedural Orders Previously Entered By This Court And To Dismiss The Avoidance Actions Against The Moving Defendants upon counsel for the Plaintiff and reorganized debtors by e-mail directed to the email address set forth below and that he provided a courtesy copy of the same to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge by e-mail directed to chambers:

   Daniel F. X. Geoghan, Esq.
   Togut Segal & Segal LLP
   One Penn Plaza
   Suite 3335

New York, NY 10119
**Via Email: dgeoghan@teamtogut.com**

Eric B. Fisher, Esq.
Butzel Long
380 Madison Avenue, 22nd Floor
New York, NY 10017
**Via Email: fishere@butzel.com**

The Honorable Robert D. Drain
United States Bankruptcy Judge
**Via Email: rdd.chambers@nysb.uscourts.gov**

/s/ Timothy A. Fusco
Timothy A. Fusco (P13768)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com

Dated: July 2 2010

18,134,556.2\006301-00040
DRAFT 07/02/10 1:16 PM