Hearing Date: July 22, 2010 at 10 a.m.

**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, NJ 07068
973-992-4800
- and -
100 Park Avenue, 15th Floor
New York, NY 10017
rmeth@foxrothschild.com
RICHARD M. METH, ESQ. (RM7791)(admitted *pro hac vice*)

and

**GREENEBAUM DOLL & MCDONALD PLLC**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
C. R. BOWLES, ESQ. (admitted *pro hac vice*)
502-589-4200

Attorneys For Defendants, DSSI and DSSI, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————— x
                                       :
In re:                                 :
                                       :
DELPHI CORPORATION, *et al.*,          :   Chapter 11
                                       :   Case No. 05-44481 (RDD)
               Debtors.                :
                                       :   (Jointly Administered)
————————————————————— x
                                       :
DELPHI CORPORATION, *et al.*,          :   Adv. Pro. No. 07-02236 (RDD)
                                       :
               Plaintiffs,             :
                                       :
       - against -                     :
                                       :
DSSI and DSSI, LLC,                    :
                                       :
               Defendants.             :
                                       :
————————————————————— x

RL1 819068v1 07/02/10

**REPLY OF DSSI DEFENDANTS TO THE DEBTORS' OMNIBUS
RESPONSE, AND JOINDER IN FURTHER SUPPORT OF THE
MOTION OF THE DSSI DEFENDANTS SEEKING AN ORDER
(I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P.
9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES
FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE
COMMENCED BY DELPHI CORPORATION, ET AL. UNDER
11 U.S.C. §§ 541, 544, 545, 547, 548, AND/OR 549, AND EXTENDING THE
TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS;
(II) DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE
PURSUANT TO FED. R. CIV. P. 12(B) AND FED. R. BANKR. P. 7012(B)**

DSSI LLC and DSSI[1] (hereinafter "Defendants"), by and through their undersigned counsel, file this Reply to the Debtors' Omnibus Response ("Omnibus Response") and Joinder in further support of their Motion Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by Delphi Corporation, et al. Under 11 U.S.C. §§ 541, 544, 545, 547, 548, and/or 549, and Extending the Time to Serve Process for Such Adversary Proceedings; and (ii) Dismissing the Adversary Proceeding with Prejudice Pursuant to Fed. R. Civ. P. 12(B) and Fed. R. Bankr. P. 7012(B); (ii) ("Reply"), and respectfully state as follows:

**PRELIMINARY STATEMENT**

I. **The Defendants Incorporate All Applicable Arguments Raised By Affinia Group Holdings, Inc. (AP No. 07-02198), Electronic Data Systems Corporation (AP No. 07-02581), Wagner-Smith Company (AP No. 07-12581) and Johnson Controls, Inc. (AP No. 07-02348) in their Dismissal Motions and Join in the Briefs in Support of these Motions.**

1.  Defendants join in, adopt and incorporate in their Reply, as if fully restated herein, all arguments set forth by:

---

[1] In the Debtors' preference action, the Debtors assert claims against a defendant styled "DSSI". There is no entity known as DSSI in DSSI LLC's corporate organization. Therefore, no response is necessary on behalf of this non-existent entity. "DSSI" is only referenced here to alert the Court to this issue and to prevent a default judgment being obtained against "DSSI" and efforts to assert any such judgment against DSSI LLC.

2

RL1 819068v1 07/02/10

- Affinia Group Holdings, Inc. in Adv. Pro No. 07-02198;

- Electronic Data Systems Corporation in Adv. Pro No. 07-02262;

- Wagner – Smith Company in Adv. Pro No. 07-12581; and

- Johnson Controls, *et als*. (collectively, "JCI"), in Adv. Pro No. 07-02348 (collectively, "Lead Arguments").

This incorporation includes, but is not limited to, the above defendants' replies to the Omnibus Response that have been, or will be, filed.

2. As detailed in the Defendants' Motion to Vacate and Dismiss[2] (Adv. Pro. Doc. No. 23) prior to service of the Complaint in this action in March 2010, the Defendants received no notice that the Debtors had initiated an action against them or that they might be subject to the Debtors' assertion of post-confirmation avoidance claims on transfers that were made in mid- to late-2005. Instead, the Debtors took the calculated risk of filing and keeping these actions a secret from the Defendants and other parties subject to these sealed adversary proceedings ("Secret APs") in the hope that they would not have to pursue them and could, instead, negotiate favorable business deals with various parties, including the Defendants, while increasing their chances of confirming a plan of reorganization. Indeed, as part of their Confirmed Plan, the Debtors specifically abandoned all of their claims under 11 U.S.C. §§ 544, 545, 547, 548 or 553 not specifically listed as part of Exhibit 7.24 of the Confirmed Plan, including their claims against the Defendants. The Debtors ultimately obtained confirmation of the Confirmed Plan, but under the terms of that Plan expressly forfeited the chance to proceed on the Complaint against Defendants (and against the other parties subject to the Secret APs) because the Debtors deliberately did not preserve these claims.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the JCI Motion.

3

3. Debtors, in their Omnibus Response, attempt to resurrect these claims by asserting that their prosecution and preservation of these actions was procedurally and legally adequate, despite the myriad of procedural and substantive deficiencies identified by the various defendants. Among other things, in the Omnibus Response, the Debtors fail to meaningfully contest the *res judicata* effect of the Confirmed Plan, pursuant to which the Debtors *expressly released* and abandoned, under the procedures approved by this Court, any and all claims under 11 U.S.C. §§ 544, 545, 547, 548 or 553 which were not specifically listed as part of Exhibit 7.24 of the Confirmed Plan, including the claims against the Defendants.

4. For the foregoing reasons, the Preservation of Estate Claims Procedure Order and Extension Orders should be vacated, and the Adversary Proceeding and Complaint should be dismissed with prejudice.

### II. The Defendants Incorporate All Applicable Arguments Raised By Other Defendants In Their Dismissal Motions And Join In The Briefs Of Other Defendants In Further Support Of The Dismissal Motions.

5. In addition to the Lead Arguments which the Defendants adopted above, numerous other motions, memoranda in support, replies and other pleadings (collectively "AP Pleadings") have been filed by defendants in the other Secret APs. These AP Pleadings seek the dismissal of the avoidance complaints on various legal grounds. Because the facts surrounding those actions are, in many respects, similar to those found in Defendants' Motion and Reply, the Defendants incorporate all applicable arguments raised by all other Secret AP defendants in their AP Pleadings to dismiss the adversary complaints applicable to them and join in any and all memoranda in further support of these motions.

RL1 819068v1 07/02/10

**CONCLUSION**

WHEREFORE, and for the reasons set forth hereinabove, in Defendants' initial Motion, and in the AP Pleadings submitted by other defendants, the Defendants respectfully request that this Court enter an Order: **(i)** pursuant to Fed. R. Civ. P. 60, Fed. R. Bankr. P. 9024 and the Due Process provisions of the United States Constitution, vacating all prior orders establishing procedures for certain adversary proceedings, including those commenced by the Plaintiffs against Defendants under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 553, and extending the time to serve process for such Adversary Proceedings; **(ii)** pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), dismissing the Adversary Proceeding with prejudice; and **(iii)** granting such other and further relief as the Court deems appropriate.

Dated: July 2, 2010
Roseland, NJ

FOX ROTHSCHILD LLP

By:/s/Richard M. Meth
RICHARD M. METH (RM7791)
75 Eisenhower Parkway, Suite 200
Roseland, NJ 07068
973-992-4800
- and -
100 Park Avenue, 15th Floor
New York, NY 10017
rmeth@foxrothschild.com

and

GREENEBAUM DOLL & MCDONALD PLLC
C. R. Bowles (admitted *pro hac vice*)
crb@gdm.com
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
(502) 589-4200 (T)
(502) 540-2274 (F)

Attorneys for Defendants DSSI and DSSI, LLC