UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | ) | Case No. 05-44481 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____/ | ) | Honorable Robert D. Drain |
| | | |
| DELPHI CORPORATION, *et al.*, | | Adv. Pro. No. 07-02125 |
| Plaintiffs, | | |
| -against- | | |
| ATS AUTOMATION TOOLING SYSTEMS INC., ATS AUTOMATION TOOLING SYS., ATS AUTOMATION TOOLING SYSTEMS and AUTOMATION TOOLING SYSTEMS, | | |
| Defendants. | | |

**REPLY AND JOINDER IN SUPPORT OF MOTION AND BRIEF OF DEFENDANT TO:
(A) VACATE CERTAIN ORDERS OF THIS COURT; AND
(B) DISMISS THE COMPLAINT WITH PREJUDICE; OR
(C) IN THE ALTERNATIVE, TO DISMISS THE CLAIMS AGAINST CERTAIN
<u>DEFENDANTS NAMED IN THE COMPLAINT</u>**

ATS Automation Tooling Systems Inc. (the "**Defendant**"), defendants[1] in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), for their Reply and Joinder in further support of their *Motion and Brief of Defendant to (A) Vacate Certain Orders of this Court, and (B) Dismiss the Complaint with Prejudice, or (c) In the Alternative, to Dismiss the Claims*

---

[1] The Plaintiffs have named four defendants: ATS Automation Tooling Systems Inc., ATS Automation Tooling Sys., ATS Automation Tooling Systems, and Automation Tooling Systems. ATS Automation Tooling Systems, Inc. exists. To its knowledge, the others do not exist as entities apart form ATS Automation Tooling Systems Inc. If they do exist as separate entities, they are not related to ATS Automation Tooling Systems Inc. Throughout this Reply, "Defendant" shall refer technically to all named defendants.

*Against Certain Defendants Named in the Complaint* (the "**Motion**")², respectfully state as follows:

I. **Joinder with and Incorporation of Applicable Arguments Raised in Other Replies**

Numerous other motions and memoranda of support have been filed by defendants in the avoidance actions brought by Plaintiffs, which seek dismissal of the avoidance actions on various legal grounds. Because the procedural history and legal issues surrounding those actions are, in many respects, similar to those set forth in the Motion, Defendant incorporates all applicable arguments raised by all other adversary proceeding defendants in other motions to dismiss adversary complaints and joins in any and all memoranda and replies in further support of such motions. In particular, the Defendant incorporates herein by reference the reply briefs filed by Hewlett Packard (Adv. Proc. 07-02262), Wagner-Smith Co. (Adv. Proc. 07-02581), and Affinia Group Holdings, Inc. (Adv. Proc. 07-02198)

II. **Additional Argument in Support of Motion: the Plaintiff's Erroneous Depiction of Due Process for the First Extension Motion**

The Plaintiffs repeat at paragraph 28 of their response to the Motion and to similar motions of other adversary defendants (the "**Response**")³ what they told the Court in the hearings in support of the Service Extension Motions: that they sought suppression of the adversary complaints (including the Complaint) in order to relieve preference defendants of unnecessary legal fees that would have been incurred had preference defendants known of the complaints, and to protect commercial advantages they had with suppliers who were also defendants.

---

² Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
³ The *Reorganized Debtors' Omnibus Response to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by This Court and to Dismiss the Avoidance Actions Against the Moving Defendants* (Docket No. 20225).

6632501.1 25743/103154

Their announced motives notwithstanding, the Plaintiffs intended to keep Defendant and other defendants in the dark. This intent would have been frustrated had the Defendant and the other defendants received actual notice that comported with due process and the case management orders entered in the Cases. The Plaintiffs employed secrecy and succeeded in getting the Service Extension Orders entered. It overleaps logic and evidence for Plaintiffs now to maintain that adequate light shone on the proceedings.

In the Motion, the Defendant pointed to the utter lack of objection to any of the Service Extension Motions as evidence that the Defendant and other defendants had not received actual notice of those pleadings. Motion at paragraphs 7, 11, 16, and 20. The Plaintiffs enlist recent Court comments from the bench concerning the circumstances surrounding the First Extension Motion[4] as support for their explanation for why the Service Extension Motions were unopposed. At paragraph 29 of the Response, the Plaintiffs state:

> 29. At the time, as the Court recently recalled, even potential preference defendants understood that the Preservation Motion benefited them and not just the Debtors. The Motion:
>
>> was signed off on by the unsecured creditors' saying that there's a recognition that there is a two-year statute of limitation and also recognizing that, at the time, the plan was going to pay creditors a hundred cents on the dollar and that it did not make sense for creditors to have to hire people . . . to defend them in a situation where it was likely to be moot . . . And it was on a very wide notice . . . there were lots and lots of potential recipients of [preferences] who got actual notice of it. And there were no objections. Everyone was delighted not to be sued. They understood.

---

[4] The Motion uses "First Extension Motion" to denote the *Expedited Motion for Order Under 11 U.S.C. §§ 102(A), 105(a), 107, 108(a)(2), and 546(a) and Fed.R.Bankr.P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations With Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action That Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced under 11 U.S.C. § 541, 544, 545, 547, 548, or 553* (Docket No. 8905). What Plaintiffs call the "Preservation Motion" is the same thing.

-3-

>(*See* Ex. D, Transcript of April 1, 2010 at p.28)  Not surprisingly, the Preservation Motion was unopposed.

Response at paragraph 29.

The Plaintiffs' explanation fails.  First, the Court's observation that that the unsecured creditors committee may have approved of the First Extension Motion does not address whether the Defendant received notice of same or whether the Defendant would have approved same had it received such notice.  The unsecured creditors' committee is interested in harvesting maximum avoidance action proceeds for distribution to all creditors, while preference defendants (including Defendant) have the opposed interests of not being sued and, if necessary, of defending against such suits.  Reference to the views of the committee is irrelevant to the issues raised in the Motion and the other motions to dismiss.

Second, the Court states that the First Extension Motion "was on very wide notice."  *Id.*  As argued in the Motion and in other such motions and replies by other defendants, blanket ECF notice on a docket of more than 20,000 entries fails to achieve the level of notice required by due process.

Third, the Plaintiffs rely upon the Court's comment that "lots of potential recipients of [preferences] got actual notice of [the First Extension Motion]."  *Id.*  Here the Court distinguished between actual and non-actual notice and stated that "lots of potential recipients" received actual notice.  The case management orders entered and supplemented in the Cases required the Debtors to provide actual notice – by overnight mail -- of filings to "all parties with a particularized interest in the subject of [any] Filing."[5]  Through the case management orders, the Court thus distinguished between actual notice – which is particularized – and non-actual notice.  Under the

---

[5] *See* the initial case management order at Docket No. 245 and supplemental case management orders at Docket Nos. 2883 and 5418.

6632501.1 25743/103154

case management orders, general ECF notice is insufficient notice to parties with a particularized interest in the subject of a filing. The proposition that ECF notice alone constitutes "actual notice" is contrary to the case management orders[6], as well as to the due process protections of the United States Constitution and the notice and hearing requirements of the Bankruptcy Code and Bankruptcy Rules.

Fourth, Plaintiffs rely on the Court's comment that "there were no objections." *Id*. That reliance is inapposite in that, as Defendant argued in the Motion: (a) Defendant did not receive actual particularized notice of any of the Service Extension Motions, (b) no documents filed by the Debtors or issued by the Court alerted Defendant that any Service Extension Motion pertained to Defendant in any way, let alone as a potential defendant in a preference adversary proceeding, and (c) Defendant would have objected had Defendant received notice of the Service Extension Motions. *See* Motion at preliminary statement and paragraphs 7,11,16, and 20.

Plaintiffs' use of the Service Extension Motions to override the statutory limitations period set forth at section 546(a)(1) of the Bankruptcy Code constitutes a novel manipulation of Fed. R. Civ. P. 4(m). In no pleading have the Debtors cited any case where a court provided relief remotely analogous to what Plaintiffs achieved through the Service Extension Orders, either in the concealment of the suits from potential defendants or in the effective doubling of the statutory limitations period. In the Service Extension Motions, the Plaintiffs requested unusual and unexampled relief and gave no particularized notice to affected parties. It is not reasonable to

---

[6] At one point, at least, the Debtors observed the distinction As related in the Motion, at the hearing on the Third Extension Motion, the Debtors stated that they gave "specific" and "particularized" notice only to "Lenico Engineering Company" and "Wachovia Bank National Association. . . ." *See* April 30, 2008 Tr. pp. 11-12, attached as Exhibit D to the Motion. The Defendant was first given particularized notice of the Service Extension Motions only after having been served the Complaint in 2010.

interpret the absence of any objection to any Service Extension Motion by Defendant or any other defendant as supporting the procedural soundness of the Service Extension Orders.

## Memorandum of Law

Since the legal points and authorities upon which this Reply relies are incorporated herein (and in the Motion, and in the motions, replies, and memoranda of similarly-situated defendants incorporated herein and in the Motion), the Defendant respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

## Conclusion

For the reasons set forth herein, in the Motion, and in the memoranda submitted by other defendants to adversary proceedings in the Case, the Defendant requests that this Court enter an order dismissing the Complaint with prejudice and providing such other and further relief as the Court deems just.

CLARK HILL PLC

/s/ Christopher M. Cahill
Robert D. Gordon (*pro hac vice*)
Christopher M. Cahill (*pro hac vice*)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(313) 965-8300
Attorneys for Defendant

Dated: July 2, 2010

6632501.1 25743/103154

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2010, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I further certify that on the 2nd day of July, 2010, a copy of the foregoing was mailed by first-class U.S. Mail on the following:

| | |
|---|---|
| DPH Holdings Corp.<br>Attn: John Brooks<br>5725 Delphi Drive<br>Troy, Michigan 48098 | Butzel Long<br>Attn: Cynthia J. Haffey<br>150 W. Jefferson Avenue<br>Suite 100<br>Detroit, Michigan 48226 |
| Butzel Long<br>Attn: Eric Fisher<br>380 Madison Avenue, 22nd Floor<br>New York, New York 10017 | Latham & Watkins<br>Attn: Mark A. Broude/Robert J. Rosenberg<br>885 Third Avenue<br>New York, New York 10022 |
| Warner Stevens, L.L.P.<br>Attn: Michael D. Warner<br>301 Commerce Street<br>Suite 1700<br>Fort Worth, Texas 75102 | Office of the U.S. Trustee<br>Attn: Alicia M. Leonhard, Trace Hope Davis and Brian Masumoto<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |

          */s/ Christopher M. Cahill*
          Christopher M. Cahill
          Clark Hill PLC

I further certify that on the 2$^{d}$ day of July, 2010, a copy of the foregoing was sent via Federal Express overnight mail upon the Honorable Robert D. Drain, U.S. Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140.

          */s/ Christopher M. Cahill*
          Christopher M. Cahill
          Clark Hill PLC