Harris D. Leinwand, ESQ. (HL-4419)
315 Madison Avenue – Suite 901
New York, NY 10017
Telephone: (212) 725-7338
E-Mail: hleinwand@aol.com
Attorney for Ahaus Tool and Engineering, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **DELPHI CORPORATION**, *et al.*, | Case No. 05-44481 (RDD) |
| Debtor. | Chapter 11 |
| | |
| **DELPHI CORPORATION**, *et al.*, | |
| Plaintiff, | Adversary Proceeding |
| | No. 07-02076 (RDD) |
| -*vs*- | |
| Ahaus Tool and Engineering, Inc. | |
| Defendant. | |

### DECLARATION OF KEVIN AHAUS

Kevin Ahaus, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the President of Ahaus Tool and Engineering, Inc., ( "Ahaus.")

2. I submit this declaration in support of the Motion of Ahaus for an order dismissing the Adversary Proceeding No. 07-02076 (RDD) filed against it by Delphi Corporation, and its affiliates or successors ("Delphi") and vacating orders providing for sealing of the Complaint against Ahaus (the "Complaint) and extending the time to serve the Summons and Complaint against Ahaus. The orders did not name Ahaus.

3.     I make this Declaration based on personal knowledge and, if called as a witness, would testify to the facts contained herein.

4.     Until December, 2009, Ahaus did not know that in September, 2007, Delphi had sought to commence a lawsuit against Ahaus seeking to avoid and recover over $431,910 in allegedly preferential transfers made by Delphi by filing the Complaint under seal.

5.     Ahaus is not a competitor of Delphi.

6.     After November, 2009, when Delphi had sold substantially all of its businesses, Delphi was no longer doing business with Ahaus.

7.     Ahaus was not on Delphi's service lists. It was not given notice of the motions to permit Delphi to file the Complaint against Ahaus under seal or the motions extending Delphi's time to serve the summons and Complaint against Ahaus. This is despite the fact that Ahaus filed a Proof of Claim (Claim No.1102) on 12/09/05. The Proof of Claim form had been supplied by Delphi, partially completed, and reflected Ahaus name and address as follows:

> Ahaus Tool and Engineering, Inc.
> 200 Industrial Parkway
> P.O. Box 280
> Richmond, IN  47375

8.     Ahaus has revenues of less than $12,000,000 a year. It can not afford to review a docket of many thousands of lengthy, complex, docketed items in a bankruptcy of its customer to see if any of them somehow apply to Ahaus. In 2009, Ahaus lost almost $1,000,000.

9.     Because Ahaus did not know that it had been sued by Delphi, (assuming that filing the Complaint under seal is suing Ahaus), it took no special steps to organize or preserve its records

2

with respect to Delphi. In particular, since Delphi filed its lawsuit against Ahaus under seal, Ahaus took no special steps to preserve their papers, file notes, electronic documentation and notes, nor did Ahaus take any steps to conduct exit interviews of such personnel with respect to potential claims and defenses involving an eventual lawsuit by Delphi, specifically our previous IT Manager.

10. Ahaus totally replaced its servers; it would have archived more data if it had known that the Complaint had been filed under seal. Ahaus' e-mail server and programs were totally replaced, so its history of e-mails is incomplete.

11. Ahaus was unaware of the Complaint. It could not have known about the Complaint. Delphi purposely hid the fact of the Complaint from Ahaus. Therefore, Ahaus assumed there was no further pending litigation with respect to Delphi.

12. Therefore, Ahaus followed its normal procedures of, after preserving certain limited information, not preserving the hard drives of the computers of its terminated employees, including the Former Key Employees, specifically the IT system administrator, without taking steps to preserve information necessary or helpful to its defense of the Complaint.

13. If Ahaus had known that Delphi had commenced an action, it would have taken special steps to organize and preserve its records and information with respect to its transactions with Delphi.

14. Ahaus has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving notice and service of the Complaint against it.

15. Ahaus was not served with the order permitting the filing of the Complaint under seal or the orders extending the time to serve the Complaint although the orders required that they be

served with the summons and Complaint. Only one extension order was served with the summons and Complaint and the time to serve the Complaint had long ago expired on March 31, 2008 pursuant to that order.

16. Ahaus retained Harris D. Leinwand, Esq. to represent it in this Adversary. I told Harris D. Leinwand, Esq. that we had not signed anything except a proof of claim and not received anything extending Delphi's time to serve the Complaint except one order extending Delphi's time to serve the Complaint to March 31, 2008.

17. Ahaus had Harris D. Leinwand, Esq. contact Delphi's lawyers to explain and provide documents showing that the Complaint was served timely. I saw copies of his e-mails and letters requesting said information. He told me that Delphi's lawyers refused to provide any information or documents. Harris D. Leinwand, Esq. had to review the enormous Delphi docket to discover the order authorizing the filing of the Complaint under seal and the other orders extending the time to serve the Complaint on Ahaus.

18. Ahaus served and filed a motion to dismiss the Complaint and to vacate the orders authorizing the filing of the Complaint under seal and extending the time to serve the Complaint.

19. Months after the Adversary was served and filed, Delphi mailed the order authorizing the filing of the Complaint under seal and the orders extending the time to serve the Complaint on Ahaus with no explanation.

20. I make this declaration under penalty of perjury.

_____
Kevin Ahaus

Executed on July 1st, 2010
Richmond, Indiana