WINDELS MARX LANE & MITTENDORF, LLP     Hearing: July 22, 2010 @ 9:30 a.m.
156 West 56th Street
New York, New York 10019
(212) 237-1000
Howard Simon (hsimon@windelsmarx.com)
Leslie S. Barr (lbarr@windelsmarx.com)


       - and -

NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2390
Peter Nils Baylor (pbaylor@nutter.com)
*Attorneys for Tyco Adhesives LP*
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| In re                          : | Chapter 11 |
| : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, *et al.,*    : | |
| : | Jointly Administered |

---------------------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, *et al.,*    : | |
| : | Adv. Pro. No. 07-02790 (RDD) |
|            Plaintiffs,   : | |
| : | |
|        -against-    : | |
| : | |
| TYCO, TYCO ADHESIVES, TYCO   : | |
| ELECTRONICS – RAYCHEM, TYCO   : | |
| ELECTRONICS CORP., TYCO   : | |
| ELECTRONICS CORPORATION, TYCO   : | |
| ELECTRONICS IDENTIFICATION TYCO   : | |
| ELECTRONICS LOGISTICS AG, and   : | |
| TYCO/ELECTRONICS,   : | |
| : | |
|          Defendants.   : | |

---------------------------------------------------------------x

## REPLY OF TYCO ADHESIVES LP IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND OF FIRST WAVE DISMISSAL MOTIONS

---

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

{10572497:5}

Defendant Tyco Adhesives LP ("**TA**"), by its undersigned attorneys, hereby submits its reply in further support of its motion to dismiss plaintiff's complaint against it and in further support of the First Wave Dismissal Motions:

1.      On June 7, 2010, Plaintiffs, DPH Holdings Corporation and certain of its affiliated reorganized debtors (collectively, the "**Plaintiffs**"), filed their omnibus response (the "**Response**") to the First Wave Dismissal Motions[1], including the TA Motion, in which Plaintiffs request that all such motions be denied.

2.      TA hereby adopts and joins in the arguments made in the Reply papers filed by the following defendants in further support of the First Wave Dismissal Motion:

   (a)   HP Enterprise Services, LLC, et al. (*Delphi Corporation et al. v. EDS, et al.*), Adv. Proc. No. 07-2262, Doc. No. 31; (Case Doc. No. 20331);

   (b)   Affinia Group Holdings, Inc. et al., Adv. Proc. No. 07-2198, Doc. No. 50; GKNS Intermetals, Adv. Proc. No. 07-2328, Doc. No. 30; MSX et al., Adv. Proc. No. 07-2484, Doc. No. 36; and Valeo et al., Adv. Proc. No. 07-2534, Doc. No. 41; (Case Doc. No. 20304);

   (c)   Wagner Smith Company, Adv. Proc. No. 07-2581, Doc. No. 26; (Case Doc. No. 20306); and

   (d)   Johnson Controls, et al., Adv. Proc. No. 07-2348, Doc. No. 35; (Case Doc. No. 20298).

3.      In addition, this Reply briefly addresses certain of Plaintiffs' arguments as they relate specifically to the sufficiency of the complaint against TA and to the notice given to TA of Plaintiffs' various filings with the Court, which Plaintiffs claim allowed them to preserve this action.

---

[1] All undefined, capitalized terms shall have the meanings given to them in TA's May 14, 2010 Motion and Joinder to vacate the Extension Orders and to dismiss the Adversary Proceeding against TA (Adv. Proc. Doc. No. 31; Case Doc. No. 20089) (the "**TA Motion**") and in the June 7, 2010 Supplement to the TA Motion (Adv. Proc. Doc. No. 32; Case Doc. No. 20221) (the "**Supplement**").

{10572497:5}                                    - 2 -

4.      Regarding the issue of notice, Plaintiffs argue in their response that by virtue of various filings with the Court and notices served on defendants, defendants were given adequate notice.  This argument is untenable as to TA, which received no notices.  Prior to service of the summons and complaint in April 2010, TA was not served with any of the crucial motions, pleadings or orders affecting its rights in this Adversary Proceeding.  Although Plaintiffs listed TA as a creditor of Delphi Automotive Systems, LLC (Amended and Restated Schedule F, page 1058) and managed to find TA when it objected to its proof of claim against Delphi Corporation (Claim No. 1619 filed January 25, 2006; expunged by Order dated July 26, 2007, Doc. No. 8737), TA was not on the Master Service List[2], and it did not receive any notice of the Preservation of Estate Claims Procedures Motion, as required by the Court's Case Management Order dated October 14, 2005 (Doc. No. 245).[3]  Section B of the Case Management Order, titled "Notice Procedures", paragraph 15, required that:

> Every Filing shall be subject to the filing and notice procedures described herein… All Filings shall be served via overnight mail upon all parties with a particularized interest in the subject of the Filing, with a hard copy to chambers, as well as the following list (the "Master Service List") of parties or entities…. [4]

5.      Nor did Plaintiffs provide TA with notice of any of the other Extension Motions. *See* Affidavit of Service of Extension of Avoidance Action Service Deadline Motion, Doc. No. 12970; Affidavit of Service of Postconfirmation Extension of Avoidance Action Service Deadline Motion, Doc. No. 13415; and Affidavit of Service of Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Doc. No. 18967.  Neither did

---

[2] The Master Service List lists Tyco Electronics Corporation, MaryAnn Brereton, Assistant General Counsel, 60 Columbia Road, Morristown, New Jersey 07960, as a "Creditor Committee Member".  That entity is not TA and TA is not located at that address.

[3] *See* Affidavit of Service of the Preservation of Estate Claims Procedures Motion, dated August 10, 2007, Doc. No. 9039.

[4] "Filings" are defined at para. 8 of the Case Management Order as "Every notice, motion, or application, and all briefs, memoranda, affidavits, declarations, or other documents filed in theses cases (collectively, the "Filings") and Adversary Pleading shall be electronically filed on this Court's Electronic Filing System except with regard to documents which may be filed under seal pursuant to Court order.

Plaintiffs provide notice of entry of the Preservation of Estate Claims Procedures Order or of the three subsequent Orders granting the Extension Motions.  In other words, TA had neither notice nor knowledge of the singular actions taken by Plaintiffs that directly affected TA's rights.

6.      Given these facts, Plaintiffs should not be heard to argue that TA had constructive notice because of various public filings (almost all of which occurred after Plaintiffs filed the Preservation of Estate Claims Procedures Motion and the Court entered the Preservation of Estate Claims Procedures Order in August 2007, and after the statute of limitations expired on October 8, 2007) or that TA was on inquiry notice due to its circumstances (i.e., because it allegedly received payments within 90 days prepetition, it should have known it would be, and could have asked whether it was a defendant).

7.      Plaintiffs argue in their Response that all their avoidance complaints as drafted provided sufficient information to defendants, and in any event, informal discovery can cure any alleged deficiencies.  These arguments clearly have no merit regarding the complaint filed against TA, which is patently deficient even under the most liberal of pleading standards.

8.      The across the board deficiencies in Plaintiffs' complaints are exacerbated in the TA complaint due to the fact that there are multiple named and unnamed plaintiffs, as well as eight defendants.

9.      The TA complaint does nothing more than parrot sections of the Bankruptcy Code dealing with avoidance actions and attach a list of some 84 alleged separate transfers totaling over $35 million.  The complaint does not even allege the most basic information – i.e., which of the Plaintiffs made any particular transfer and which of the defendants was the recipient.

10.     The complaint thus utterly fails to meet fundamental pleading requirements that it identify each transfer made by an identified transferor to an identified transferee. *Ashcroft v. Iqbal*, ___ U.S. ___; 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 127

S.Ct. 1955 (2007); *In re Hydrogen, L.L.C.*, 2010 WL 1609536, *12 (Bankr. S.D.N.Y. Apr 20, 2010) (failure to plead enough facts beyond formulaic recitation of statutory elements to provide notice of preference claim is deficient and subject to dismissal; schedule of transfers attached to complaint contained insufficient information to enable court to identify specific transfers with respect to which the preference claims related).

11.    Plaintiffs' argument that they can cure their pleading deficiencies by offering to provide additional information upon request of the defendants is not a serious one.  Dismissal is the appropriate remedy for an improperly pled complaint.  Id.; Fed. R. Civ. P. 8; Bankruptcy Rule 7008.  If, however, the complaint against TA is not dismissed at this time, the Court should direct Plaintiffs to file an amended complaint which corrects its deficiencies, failing which the complaint should be dismissed.

12.    For the sake of clarity and to correct the record, TA notes that Plaintiffs' matrix list of defendants and their asserted grounds for dismissal fails to acknowledge some of the legal arguments that TA joined.  TA joined with the legal arguments asserted by other defendants who made First Wave Dismissal Motions, either in the TA Motion or the Supplement.[5]  Plaintiffs' Exhibit C to the Response omits the following legal arguments adopted by TA:

(a)    "Complaints Improperly Filed under Seal": asserted by Wagner-Smith Company in its First Wave Dismissal Motion (Case Doc. No. 19401) and joined by TA in the TA Motion;

(b)    "No Cause for Rule 4(m) Extensions": asserted by (i) Affinia Group Holdings, Inc., Affinia Canada Corp., and Brake Parts, Inc., Adv. Proc. No. 07-2198 (Case Doc. No. 41), and (ii) Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Valeo, Inc. and Valeo Schalter Und Sensoren GmbH, Adv. Proc. No. 07-2534, (Case Doc. No. 28), and joined by TA in the Supplement; and

(c)    "Failure to Identify Claims in Disclosure Statement": also asserted by (i) Affinia Group Holdings, Inc., Affinia Canada Corp., and Brake Parts, Inc., Adv. Proc.

---

[5] The TA Supplement was filed on the same date as the Response and therefore Plaintiffs would not have listed the arguments joined by TA in the Supplement.

No. 07-2198 (Case Doc. No. 41), and (ii) Valeo Climate Control Corp., Valeo Electrical Systems, Inc., Valeo, Inc. and Valeo Schalter Und Sensoren GmbH, Adv. Proc. No. 07-2534, (Case Doc. No. 28), and joined by TA in the Supplement.

13.     Lastly, to the extent they are applicable, and for the sake of judicial economy, TA hereby joins in and adopts, with respect to this Adversary Proceeding, all applicable arguments raised by other defendants in their First Wave Dismissal Motions and Replies.  By joining any specified Motion or Reply, TA does not waive any argument made by any of the defendants in their First Wave Motions and Replies that are applicable to TA, whether made in writing or at oral argument.

**WHEREFORE**, TA respectfully requests that the Court deny Plaintiffs' requested relief in the Response and grant the relief requested in the TA Motion and the Supplement, as well as the relief applicable to it requested in all other First Wave Dismissal Motions and Replies, and such other and further relief as is just.

Dated: New York, New York         WINDELS MARX LANE & MITTENDORF, LLP
       July 2, 2010


                              By:     /s/ Leslie S. Barr_____
                                      Howard L. Simon (hsimon@windelsmarx.com)
                                      Leslie S. Barr (lbarr@windelsmarx.com)
                                      156 West 56th Street
                                      New York, New York 10019
                                      Telephone (212) 237-1034
                                      Facsimile (212) 262-1215

                                      - and -

Dated:  Boston, Massachusetts        NUTTER MCCLENNEN & FISH LLP
        July 2, 2010                 Seaport West
                                     155 Seaport Boulevard
                                     Boston, Massachusetts 02210
                                     Telephone (617) 439-2390
                                     Facsimile (617) 310-9390
                                     Peter Nils Baylor (pbaylor@nutter.com)

                                     *Attorneys for Tyco Adhesives LP*