ANDREWS KURTH LLP
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

    - and -

SNELL & WILMER L.L.P.
Steven D. Jerome (admitted *pro hac vice*)
One Arizona Center
400 E. Van Buren
Phoenix, Arizona  85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

Counsel to Microchip Technology Incorporated


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :
In re:                                      :         Chapter 11
                                            :
DELPHI CORPORATION, *et al*.,        :         Case No. 05-44481 (RDD)
                                            :         Jointly Administered
------------------------------------------------------------x
DELPHI CORPORATION                 :
                                            :         Adv. Pro. No. 07-02436 (RDD)
                      Plaintiffs,     :
                                            :
               -against-               :
                                            :
MICROCHIP,                              :
                                            :
                    Defendant.    :
------------------------------------------------------------x

**REPLY AND JOINDER OF MICROCHIP TECHNOLOGY INCORPORATED IN SUPPORT OF MOTION SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE  IME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II)  PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P.**

**7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, OR (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON THE GROUND OF JUDICIAL ESTOPPEL**

Microchip Technology Incorporated ("Microchip"), by and through its undersigned counsel, respectfully submits this Reply in further support of the "Motion by Microchip Technology Incorporated Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (III) in the Alternative, Dismissing the Adversary on the Ground of Judicial Estoppel" ("Motion to Dismiss"). In addition to the arguments set forth herein, Microchip incorporates by reference the reply briefs submitted by Affina Group Holdings (07-02198), Hewlett Packard (07-02262), Johnson Controls ("JCI") (07-02348), Wagner-Smith Company (07-02581), and the reply briefs submitted by all other preference defendants in the other preference actions (collectively, "Reply Briefs"). In support of this Reply, Microchip respectfully states as follows:

**PRELIMINARY STATEMENT**

1. In the interest of judicial economy Microchip will avoid unnecessarily duplicating the cogent and persuasive arguments advanced in the various Reply Briefs. Indeed, the various Reply Briefs thoroughly and thoughtfully address the myriad substantive and procedural bases for vacating the Extension Orders[1] and dismissing the Complaint. However, Microchip

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Dismiss. For the avoidance of doubt, Microchip adopts and incorporates by reference the arguments made by other defendants in response to the complaints filed against them and the Reorganized Debtors' Omnibus Response to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by This Court and to Dismiss the Avoidance Actions Against the Moving Defendants [D.I. 25] (the "Response").

- 2 -

separately addresses the Plaintiffs' glib assertion that Microchip's due process rights have not been violated because "the Orders have not deprived [Microchip] of any identifiable liberty or property interest." (*See* "Reorganized Debtors' Omnibus Response to Motions Seeking Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by this Court and to Dismiss the Avoidance Actions Against the Moving Defendants" ("Response") at 24).

2.   In addition to the due process violations described in the Reply Briefs, the arguments advanced by Plaintiffs in the Response underscore the due process violation here. According to the Response, by filing the Complaint under seal and keeping it secret for two and a half years, Plaintiffs deprived Microchip of substantive legal defenses that would have otherwise been available to it.[2]  This deprivation is a clear violation of Microchip's due process rights.  Moreover, Plaintiffs' failure to alert Microchip that a lawsuit was pending against it enabled the Plaintiffs to enjoy favorable business terms they otherwise would not have received had they not concealed this lawsuit from Microchip.

**ARGUMENT**

**I.   FILING, AND KEEPING, THE COMPLAINT UNDER SEAL DEPRIVED MICROCHIP OF SUBSTANTIVE DEFENSES TO THE COMPLAINT**

3.   The Debtors' First Amended Joint Plan of Reorganization ("<u>Confirmed Plan</u>") was confirmed by the Court on January 25, 2008.  As detailed in the JCI Reply Brief (07-02348), Plaintiffs expressly abandoned their claims against Microchip under the Confirmed Plan.  (*See* JCI Reply Brief at 2-8).  Thus, if Plaintiffs ever had any claims against Microchip they were irrevocably removed from the Debtors' Bankruptcy Estates and could no longer be asserted

---

[2] Microchip is aware that, in addition to demonstrating the deprivation of a protected right, the party claiming a due process violation must also show that the deprivation occurred without due process of law.  The Affina and HP Reply Briefs clearly demonstrate that this element is easily satisfied here.  (*See* Affina Reply Brief at 9-12 and HP

against as of January 25, 2008.  (*See* JCI Reply Brief at 5 (citing *Chartschlaa v. Nationwide Mutual Insurance Company (In re Chartschlaa)*, 538 F.3d 116, 123 (2d Cir. 2008) and *In re Sherrell*, 205 B.R. 20, 22 (N.D.N.Y. 1997))).

4. Had Plaintiffs served the Complaint at any time in the year and a half following entry of the confirmation order approval of the Modified Plan, Microchip could have immediately (and successfully) moved for summary judgment on the grounds that Plaintiffs had abandoned the cause of action in the Confirmed Plan.  Of course, this did not happen.  Instead, Plaintiffs made a strategic decision not to serve the Complaint until more than two years after the confirmation order.  In the interim, the Court approved the Modified Plan, which Plaintiffs now cite as the sole basis[3] for their contention that the Debtors' retained and preserved instant cause of action.  (*See* Response at 32-35).  In other words, this cause of action was abandoned during the year and a half after the plan was confirmed, but, according to Plaintiffs, that abandonment ended with the Modified Plan.

5. Assuming *arguendo* that the argument advanced by Plaintiffs is correct,[4] the result is that their actions, made possible only by the Extension Orders, have precluded Microchip from offering the Debtors' abandonment of this claim in the Confirmed Plan as a defense to this lawsuit during the year and a half period after the confirmation of the original plan but prior to approval of the Modified Plan.  This strategic use of the Extension Orders to delay serving Microchip until well after approval of the Modified Plain clearly deprived

---

Reply Brief at 9-15).  Accordingly, there is no need for Microchip to reproduce these arguments.
[3] Conspicuously absent from Plaintiffs' treatment of the abandonment issue is any reference whatsoever to Sections 7.24 and 7.25 of the Confirmed Plan.  There, the Debtors expressly stated that they were abandoning all causes of action except for those specifically listed on Exhibit 7.24.  The alleged claim against Microchip is not among those listed on Exhibit 7.24.

Microchip of the opportunity to fully and fairly defend itself against Plaintiffs' claims.[5]  This plain violation of Microchip's due process rights eviscerates Plaintiffs' "no harm, no foul" argument and clearly justifies vacating the Extension Orders and dismissing the Complaint.  *See Lane Hollow Coal Co. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 137 F.3d 799, 807 (4th Cir. 1998) ("In this core due process context, we require a showing that the notice was received too late to provide a fair opportunity to mount a meaningful defense; we do not require a showing of 'actual prejudice' in the sense that there is a reasonable likelihood that the result of this claim would have been different absent the violation.  The Due Process Clause does not create a right to *win* litigation; it creates a right *not to lose* without a fair opportunity to defend oneself.").

6. Moreover, the Confirmed Plan purported to pay all creditors in full.  Therefore, if the Complaint had been served prior to approval of the Modified Plan, it is difficult to imagine how Plaintiffs would have been unable to satisfy all of the elements of its preference claim.  *See, e.g.,* 11 U.S.C. § 547(b)(5).  Plaintiffs' delay in serving the Complaint, made possible by the Extension Orders, also deprived Microchip of raising this defense during the one and a half year period between the Confirmed Plan and the Modified Plan.

## II. KEEPING THE COMPLAINT UNDER SEAL ALLOWED PLAINTIFFS TO ENJOY FAVORABLE BUSINESS TERMS THEY OTHERWISE WOULD NOT HAVE RECEIVED

7. Unaware of the secret preference lawsuit, Microchip continued doing business with the Plaintiffs.  Thus, by concealing the lawsuit from Microchip, Plaintiffs were able to

---

[4] This is not to endorse Plaintiffs' position or to suggest in any way that it is correct.  To the contrary, as demonstrated in the JCI Reply Brief, neither the Modification Order nor the Modified Plan revoked the Plaintiffs' abandonment of the instant avoidance action against it.  Accordingly, the claim was abandoned in the Confirmed Plan and remains abandoned today.  The purpose of this Reply is to explain the harm to Microchip has suffered if Plaintiffs' version of the story is taken as true.

[5] This is not to suggest that Microchip lacks other defenses to Plaintiffs' claim or is waiving or relinquishing any rights or defenses in this matter.

obtain favorable business terms that would otherwise have been unavailable had Microchip known about the lawsuit. By all accounts, this was the plan all along. Plaintiffs goal was to "preserve the status quo," and "potentially valuable assets without disrupting … existing business relationships prematurely." (*See* Preservation of Estate Claims Procedures Motion at ¶¶ 33-34).

8.  If this adversary proceeding is permitted to go forward, Microchip will necessarily be forced to reevaluate how it will conduct business with all debtors-in-possession in the future since it will have no way of knowing whether a secret lawsuit has been filed against it. Thus, not only do Plaintiffs' actions bear a striking resemblance to a prima facie claim for fraudulent concealment under Arizona law,[6] these adversary proceedings could have a long-lasting chilling effect on the way business is conducted with Chapter 11 debtors.

## CONCLUSION

9.  Plaintiffs' strategic decision to file the Complaint under seal and keep it secret for two and a half years deprived Microchip of substantive defenses in this action. Moreover, these tactics allowed Plaintiffs to enjoy favorable business terms they otherwise would not have received had the Complaint been disclosed to Microchip sooner. Accordingly, in addition to expressly joining all applicable arguments set forth in the Reply Briefs, Microchip respectfully submits that it, and the other preference defendants, suffered very real deprivations of their due process rights as a result of Plaintiffs' use of the Extension Orders to keep the preference actions under seal for two and a half years.

---

[6] *See, e.g., Wells Fargo Bank v. Arizona Laborers*, 201 Ariz. 474, 496, 38 P.3d 12, 34 (2002) ("One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.")

**WHEREFORE**, Microchip respectfully requests that Microchip respectfully requests that (i) each of the Preservation of Estate Claims Procedures Order, the Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order be vacated as against it; (ii) the Complaint against it be dismissed with prejudice for failing to state a claim upon which relief can be granted; or (iii) in the alternative, the Complaint against it be dismissed with prejudice as being barred by judicial estoppel; and (iv) for such other and further relief as this Court may deem appropriate.

Dated: July 2, 2010

                ANDREWS KURTH LLP

By:   /s/ Jonathan I. Levine
      Jonathan I. Levine (JL 9674)
      450 Lexington Avenue, 15th Floor
      New York, New York 10017
      Telephone: (212) 850-2800
      Facsimile: (212) 850-2929

          -and -

      SNELL & WILMER L.L.P.
      Steven D. Jerome (admitted *pro hac vice*)
      One Arizona Center
      400 E. Van Buren
      Phoenix, Arizona 85004
      Telephone: (602) 382-6000
      Facsimile: (602) 382-6070
     Counsel to Microchip Technology Incorporated