UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
In re                                           :
                                                :   Chapter 11
DELPHI CORPORATION, et al.,                     :
                                                :   Case No. 05-44481 (RDD)
                    Debtors.                    :   (Jointly Administered)
------------------------------------------------x
DELPHI CORPORATION, et al.,                     :
                                                :   Adv. Pro. No. 07-02688 (RDD)
                    Plaintiffs,                 :
                                                :
        -against-                               :
                                                :
TIMKEN, TIMKEN COMPANY, TIMKEN                  :
CORPORATION, TIMKEN FRANCE SAS,                 :
and TIMKEN SUPER PRECISION,                     :
                                                :
                    Defendants.                 :
------------------------------------------------x

**DECLARATION OF ROBERT E. MORRIS IN FURTHER SUPPORT OF MOTION BY THE TIMKEN COMPANY, THE TIMKEN CORPORATION, AND MPB CORPORATION D/B/A TIMKEN SUPER PRECISION SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024, VACATING PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY PROCEEDINGS, (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR. P. 7012(b), DISMISSING THE ADVERSARY PROCEEDING WITH PREJUDICE, (III) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON GROUND OF JUDICIAL ESTOPPEL) OR (IV) IN THE ALTERNATIVE, DISMISSING THE ADVERSARY PROCEEDING ON GROUND OF LACHES**

Robert E. Morris, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am the Manager, General Credit of the Timken Corporation.

2.      I submit this declaration in support of the Motion by The Timken Company, The Timken Corporation and MPB Corporation d/b/a Timken Super Precision (collectively "Timken") seeking an order dismissing the Adversary Proceeding filed against it by Delphi

- 1 -

Corporation and certain debtor affiliates (collectively "Delphi") and vacating prior orders establishing procedures for certain adversary proceedings and extending the time to serve process for such proceedings.

3.  I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4.  Upon information and belief, Delphi filed the above-reference adversary proceeding under seal on August 16, 2007.

5.  On July 31, 2007, just 16 days before the adversary proceeding was filed under seal, Timken had sold certain claims (the "Purchased Claims") it had against Delphi at a price equal to 102% of the face amount of the claim.

6.  The purchaser of the Purchased Claims expressed to Timken that it was willing to purchase additional claims against Delphi at the same price.

7.  Had Timken been aware of the adversary proceeding at the time it was filed, Timken could have, and likely would have, repaid in full the allegedly preferential payments identified in the complaint and sold the resulting claim under section 502(h) of the Bankruptcy Code at an immediate profit of 2%. Accordingly, Timken was substantially prejudiced by the filing of the adversary action under seal.

8.  Had Timken been aware of the adversary proceeding at the time it was filed, Timken could have, and likely would have, moved to dismiss the complaint on numerous grounds, including that, given that Delphi was proposing to pay unsecured creditors in full under its chapter 11 plan, Delphi would not have been able to show that the allegedly preferential payments were in fact preferential. Accordingly, Timken was substantially prejudiced by the filing of the adversary action under seal.

9. Had Timken been aware of the adversary proceeding at the time it was filed, Timken would likely have negotiated differently with Delphi. In particular, Timken had significant negotiating power with respect to the new contracts to continue supplying Delphi with the same parts it had been supplying under expiring contracts, because it would have been difficult, time consuming, and expensive for Delphi to resource the production to an alternative supplier. If Timken had known of the adversary proceeding, Timken likely would have refused to accept the new contracts to replace expiring contracts unless Delphi dismissed the adversary proceeding. Accordingly, Timken was substantially prejudiced by the filing of the adversary action under seal.

10. In connection with Delphi's chapter 11 cases, Delphi assumed numerous contracts and purchase orders between Delphi and Timken (the "Assumed Contracts"). A substantial portion of the allegedly preferential transfers that are the subject of the adversary proceeding relate to the Assumed Contracts. Upon information and belief, a list of the Assumed Contracts is part of the record in Delphi's chapter 11 case. Timken will provide a list of the Assumed Contracts to the Court if requested to do so.

11. On or about June 2, 2006, Delphi and Timken entered into an Assumption Agreement (the "Assumption Agreement"). Paragraph 3 of the Assumption Agreement, entitled "Waiver of Avoidance Claims", provides:

> The Debtors, on behalf of themselves and their chapter 11 estates, hereby waive and release Supplier of any and all avoidance claims or causes of action under chapter 5 of the United States Bankruptcy Code relating to any transfers made by the Debtors to Supplier relating to the Supply Agreement, to the fullest extent that such waiver would have otherwise occurred by operation of law upon assumption of the Supply Agreement (the "Supply Agreement Avoidance Claims"). The Debtors, on behalf of themselves and their chapter 11 estates, hereby further waive and release Supplier of any and all avoidance claims or causes of action under section 547 of the United States Bankruptcy Code relating to any transfers made by Debtors to Supplier in the 90 days prior to October 8, 2005 relating to

goods supplied by Supplier to the Debtors in connection with the Grand Rapids Facilities other than with respect to the Supply Agreement (the "Other Avoidance Claims" and, collectively with the Supply Agreement Avoidance Claims, the "Avoidance Claims").

I have not attached a copy of the Assumption Agreement to this declaration because the Assumption Agreement contains a confidentiality provision. Timken will provide a copy of the Assumption Agreement to the Court if requested to do so.

12. At least three of the allegedly preferential payments that are the subject of the adversary proceeding, namely the $1,000,000 payment dated September 28, 2005, the $1,100,000 payment dated October 3, 2005, and the $507,400 payment dated October 6, 2005, were prepayments Delphi agreed to send to cover new purchases of goods.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of July, 2010 at Canton, Ohio.

_____
Robert E. Morris