K&L GATES LLP  　　　　　　　　　　　　Hearing Date:  July 22, 2010 at 10:00 a.m.
Robert N. Michaelson
599 Lexington Avenue
New York, NY 10022
(212) 536-3900

Attorneys for NXP Semiconductors USA, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                          :
                                                                :
DELPHI CORPORATION, *et al.*,                                   : Chapter 11
                                                                :
                                                                : Case No. 05-44481 (RDD)
                                                                : (Jointly Administered)
                                                                :
_____                                :
                                                                :
DELPHI CORPORATION, *et al.*,                                   :
                                                                :
                                  Plaintiffs,                   :
                                                                :
                     v.                                         :
                                                                : Adv. Pro. No. 07-02580 (RDD)
PHILIPS SEMICONDUCTOR, PHILIPS                                  :
SEMICONDUCTORS, and PHILIPS                                     :
SEMICONDUCTORS, INC. (n/k/a NXP                                 :
SEMICONDUCTORS USA, INC.),                                      :
                                                                :
                                  Defendants.                   :
----------------------------------------------------------------x

**JOINDER OF PHILIPS SEMICONDUCTOR, PHILIPS SEMICONDUCTORS,
and PHILIPS SEMICONDUCTORS, INC (n/k/a NXP SEMICONDUCTORS USA,
INC.) TO (I) REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS
OF AFFINIA, GKN, MSX AND VALEO TO: (A) VACATE CERTAIN PRIOR
ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH
PREJUDICE; (C) AND (D) DISMISS CLAIMS BASED ON ASSUMPTION OF
CONTRACTS; OR (E) IN THE ALTERNATIVE, TO REQUIRE PLAINTIFFS
TO FILE A MORE DEFINITE STATEMENT AND (II) REPLY OF HP
ENTERPRISE SERVICES, LLC AND AFFILIATES IN SUPPORT OF THEIR
MOTION FOR AN ORDER DISMISSING THE COMPLAINT WITH**

**PREJUDICE, AND VACATING CERTAIN PRIOR ORDERS PURSUANT TO
FED. R. CIV. P. 60 AND FED. R. BANKR. P. 9024**

Philips Semiconductor, Philips Semiconductors, and Philips Semiconductors, Inc. (together "Philips") (n/k/a NXP Semiconductors USA, Inc.) ("NXP"), by its undersigned attorneys, hereby joins and adopt the arguments set forth in the (i) Reply Memorandum Of Law In Support Of Motions Of Affinia, GKN, MSX And Valeo To: (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss The Complaint With Prejudice; (C) And (D) Dismiss Claims Based On Assumption Of Contracts; Or (E) In The Alternative, To Require Plaintiffs To File A More Definite Statement (the "Affinia Reply") (Docket No. 20304) and (ii) Reply Of HP Enterprise Services, LLC And Affiliates In Support Of Their Motion For An Order Dismissing The Complaint With Prejudice, And Vacating Certain Prior Orders Pursuant To Fed. R. Civ. P. 60 And Fed. R. Bankr. P. 9024 (Docket No. 20331).

NXP specifically adopts, without limitation, the argument raised in Section A of the Affina Reply that *The Debtors' Claims Must Be Dismissed to the Extent They Are Based on Assumed Contracts*. In support of that argument, annexed as Exhibit A hereto is a letter agreement dated June 23, 2009, executed by Delphi Corporation and NXP, expressly providing for the cure of all arrears under the executory agreements (the "Agreements") between Delphi and NXP. Since the Agreements are the same agreements under which Delphi alleges that it made preferential transfers to Philips, NXP's immediate predecessors in interest, it necessarily follows that the aforementioned cures resulted in the assumption of the Agreements and, therefore, by definition, the elimination Delphi's ability to properly allege that any transfers made by it to Philips in

connection with its obligations under the Agreements are avoidable under 11 U.S.C. § 547.  Accordingly, the instant complaint against NXP must be dismissed.

Dated: New York, New York
       July 2, 2010

                K&L GATES LLP

                By: /s/ Robert N. Michaelson
                  Robert N. Michaelson
                599 Lexington Avenue
                New York, New York  10022
                Tel:  212.536.3900
                Fax:  212.536.3901

                Attorneys for NXP Semiconductors USA, Inc.

**EXHIBIT A**



June 23, 2009

TO: PHILIPS SEMICONDUCTORS
PO BOX 751419
CHARLOTTE, NC 28275
US

Dear Supplier:

We are grateful for your continued support throughout Delphi's chapter 11 cases and thank you in advance for working with us to transition our business to GM Components Holdings, LLC ("GM") or Parnassus Holdings II, LLC, an affiliate of Platinum Equity Capital Partners II, L.P. ("Parnassus"), following Delphi's emergence from chapter 11 reorganization. I am writing to you today to request your consideration and agreement to certain conditions in connection with the assignment of certain contracts as discussed below. In the spirit of partnership and a new beginning, we ask that you review our proposal and please let us know whether or not you are able to accommodate our request.

As you may be aware, on June 1, 2009, Delphi Corporation and certain of its U.S. affiliates (collectively, the "Debtors"), filed further modifications to its confirmed First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) (the "Plan") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Under the Plan, all executory contracts as to which any of the Debtors is a party will be deemed automatically assumed in accordance with sections 365 and 1123 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") as of the effective date of the Plan (the "Effective Date"), unless such executory contract (i) shall have been previously rejected by the Debtors by a final order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject pending on or before the Effective Date, (iii) shall have expired or been terminated on or prior to the Effective Date (and not otherwise extended) pursuant to its own terms, (iv) is listed on the schedule of rejected executory contracts attached to the Plan as Exhibit 8.1, or (v) is otherwise rejected pursuant to the terms of the Plan or at the direction of GM or Parnassus.

Under section 365(b)(1) of the Bankruptcy Code, the Debtors must cure any default of an executory contract to be assumed under the Plan. Accordingly, any monetary amounts by which an executory contract to be assumed pursuant to the Plan is in default will be satisfied and will be paid by the Debtors to the non-Debtor counterparty to the executory contact. The Debtors are reviewing their executory contracts with suppliers to determine which contracts will be assumed pursuant to the Plan or otherwise rejected. The Debtors have also determined what they believe is the amount that any applicable Debtor would be obligated to pay in connection with a proposed assumption to cure a monetary default of such executory contract.

Set forth on Schedule 1 to this letter are *certain* executory contracts to which you are a party and that are in default and with respect to which the Debtors are asking that you consider our request for an accommodation (the "Accommodation Contracts"). Also, the

Debtors' records reflect the amounts owing for prepetition arrearages for each such Accommodation Contract as set forth on Schedule 1 (the "Prepetition Arrearage"). In determining which executory contracts to assume or reject pursuant to the Plan, the Debtors are considering a number of factors, including the amount of the cure associated with each such contract. Accordingly, the Debtors propose that you accept, as satisfaction of any monetary default under the Accommodation Contracts, an agreed-upon amount that is 50% of the Prepetition Arrearage (the "Agreed-Upon Cure Amount"). Our proposal only impacts the Accommodation Contracts and not any other executory contract to which you may be a party.

We are very hopeful that our supply base will continue to support us and our emergence from chapter 11 reorganization by accepting this offer of payment of the Agreed-Upon Cure Amount upon assumption of the Accommodation Contracts as provided for under the Plan. If you do not accept this offer, the Debtors may exercise their rights under section 365 of the Bankruptcy Code to reject the Accommodation Contracts.

Please indicate your willingness to support Delphi and accept our offer by executing this letter where indicated below and return it to our Claims Administrator at your earliest convenience, but in any event no later than July 13, 2009.

Please Return To:

Dean Unrue
Delphi Claims Administrator
M/C 483 400 525
5725 Delphi Drive
Troy, Michigan 48098-2815 USA
Fax: (248) 813-3230
Email: dean.r.unrue@delphi.com

If you have any questions about this letter, our offer or the Accommodation Contracts, please do not hesitate to contact Dean Unrue at (248) 813-2281.

Sincerely,

DELPHI CORPORATION, ET AL.

Sidney Johnson
Vice President, Global Supply Management

ACCEPTED AND AGREED BY:

Name of Supplier: Philips Semiconductors
Now known as NXP Semiconductors USA, Inc
Signature: [signature]
Name: JAMES N. CASEY
Title: VP and General Counsel
Date: July 1, 2009

cc:   Karen J. Craft, Esq.

## Schedule 1

PHILIPS SEMICONDUCTORS

RD787478858

| Accommodation Contract | Prepetition Arrearage | Agreed-Upon Cure Amount |
|---|---|---|
| 550045873 | $473355.64 | $236677.82 |
| 550045874 | $950650.00 | $475325.00 |
| 550040574 | $202876.00 | $101438.00 |
| 550041081 | $198800.00 | $99400.00 |
| 550045867 | $180997.75 | $90498.87 |
| 550045868 | $106825.00 | $53412.50 |
| 550041650 | $94357.25 | $47178.62 |
| 550041221 | $89590.00 | $44795.00 |
| 550041403 | $75450.00 | $37725.00 |
| 550041951 | $64718.50 | $32359.25 |
| 550045863 | $62700.00 | $31350.00 |
| 550046666 | $61175.00 | $30587.50 |
| 550041083 | $59757.50 | $29878.75 |
| 550043660 | $47380.00 | $23690.00 |
| 550040578 | $42720.75 | $21360.37 |
| 550041653 | $40581.75 | $20290.87 |
| 550041820 | $38111.70 | $19055.85 |
| 550041333 | $34909.50 | $17454.75 |
| 550041331 | $22910.00 | $11455.00 |
| 550041463 | $22147.50 | $11073.75 |
| 550046812 | $21785.50 | $10892.75 |

| | | |
|---|---|---|
| 550045998 | $21681.50 | $10840.75 |
| 550046811 | $19167.50 | $9583.75 |
| 550050810 | $16875.00 | $8437.50 |
| 550043672 | $16277.00 | $8138.50 |
| 550041336 | $14520.00 | $7260.00 |
| 550041700 | $12530.40 | $6265.20 |
| 550077803 | $12251.75 | $6125.87 |
| 550043666 | $11200.00 | $5600.00 |
| 550043668 | $10828.25 | $5414.12 |
| 550044259 | $9964.00 | $4982.00 |
| 550041705 | $8491.50 | $4245.75 |
| 550040608 | $8100.00 | $4050.00 |
| 550070904 | $7950.00 | $3975.00 |
| 550046362 | $7818.75 | $3909.37 |
| 550041707 | $7642.00 | $3821.00 |
| 550041822 | $7378.50 | $3689.25 |
| 550077806 | $7155.00 | $3577.50 |
| 550041655 | $4788.90 | $2394.45 |
| 550044261 | $4180.80 | $2090.40 |
| 550044059 | $3792.00 | $1896.00 |
| 550046539 | $3382.50 | $1691.25 |
| 550046363 | $3134.40 | $1567.20 |
| 550070903 | $2850.00 | $1425.00 |
| 550043906 | $2612.50 | $1306.25 |
| 550052744 | $2400.00 | $1200.00 |

| | | |
|---|---|---|
| 550050364 | $2370.00 | $1185.00 |
| 550078984 | $2350.00 | $1175.00 |
| 550046063 | $2122.25 | $1061.12 |
| 550043904 | $1600.00 | $800.00 |
| 550049289 | $925.00 | $462.50 |
| 550041645 | $878.00 | $439.00 |
| 550051410 | $544.50 | $272.25 |
| 550049299 | $510.00 | $255.00 |
| 550059204 | $381.00 | $190.50 |
| 550041334 | $363.00 | $181.50 |
| 550044145 | $355.60 | $177.80 |
| 550039195 | $316.80 | $158.40 |
| 550077801 | $257.25 | $128.62 |
| 550041852 | $235.20 | $117.60 |
| 550042840 | $180.00 | $90.00 |
| 550069841 | $108.00 | $54.00 |
| 550079405 | $75.00 | $37.50 |