Hearing Date: July 22, 2010 at 10:00 a.m. ET

SCOTT A. WOLFSON  (admitted *Pro Hac Vice*)
ANTHONY J. KOCHIS (admitted *Pro Hac Vice*)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7103
Facsimile:  (248) 247-7099
E-Mail:  swolfson@wolfsonbolton.com

*Attorneys for Ex-Cell-O Machine Tools, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

In re:

DELPHI CORPORATION, *et al*.,                     Chapter 11
                                                  Case No. 05-44481-RDD
              Debtor.                             Jointly Administered
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

DELPHI CORPORATION, *et al*.,
                                                  Adversary Proceeding No. 07-02337
              Plaintiffs,
   v.

EX CELL O MACHINE TOOLS INC.,

              Defendant.
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

**JOINDER AND REPLY IN SUPPORT OF MOTION BY EX-CELL-O MACHINE
TOOLS, INC. SEEKING AN ORDER (I) PURSUANT TO FED. R. CIV. P. 60 AND FED.
R. BANKR. P. 9024 VACATING PRIOR ORDERS ESTABLISHING PROCEDURES
FOR CERTAIN ADVERSARY PROCEEDINGS, INCLUDING THOSE COMMENCED
BY THE DEBTORS UNDER 11 U.S.C. §§ 541, 544, 545, 547, 548, OR 549, AND
EXTENDING THE TIME TO SERVE PROCESS FOR SUCH ADVERSARY
PROCEEDINGS; (II) PURSUANT TO FED. R. CIV. P. 12(b) AND FED. R. BANKR.
P. 7012 DISMISSING THIS ADVERSARY PROCEEDING WITH PREJUDICE;
(III) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY PROCEEDING
ON THE GROUND OF JUDICIAL ESTOPPEL; (IV) IN THE ALTERNATIVE,
DISMISSING THIS ADVERSARY PROCEEDING ON THE GROUND OF RES
JUDICATA; AND (V) IN THE ALTERNATIVE, DISMISSING THIS ADVERSARY
PROCEEDING ON THE GROUNDS THAT IT FAILS TO PLEAD FACTS
SUFFICIENT TO STATE A CLAIM FOR RELIEF**

Defendant Ex-Cell-O Machine Tools, Inc. ("Ex-Cell-O"), through its attorneys, Wolfson Bolton PLLC, and for its Joinder and Reply In Support ("Joinder and Reply") of Motion Seeking An Order (I) Pursuant To Fed. R. Civ. P. 60 And Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures For Certain Adversary Proceedings, Including Those Commenced By The Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, Or 549, And Extending The Time To Serve Process For Such Adversary Proceedings; (II) Pursuant To Fed. R. Civ. P. 12(b) And Fed. R. Bankr. P. 7012 Dismissing This Adversary Proceeding With Prejudice; (III) In The Alternative, Dismissing This Adversary Proceeding On The Ground Of Judicial Estoppel; (IV) In The Alternative, Dismissing This Adversary Proceeding On The Ground Of Res Judicata; And (V) In The Alternative, Dismissing This Adversary Proceeding On The Grounds That It Fails To Plead Facts Sufficient To State A Claim For Relief ("Motion")[1], states:

1. Delphi Corporation, *et al.* (collectively, "Debtors" or "Delphi") filed the above-referenced adversary proceeding against Ex-Cell-O under seal on September 28, 2007.

2. In conjunction with filing the Complaint under seal, Debtors obtained numerous extensions delaying service of the Complaint via the Extension Orders.

3. All of the Extension Orders were entered without notice to Ex-Cell-O.

4. In so doing, Debtors failed to provide notice or an opportunity to be heard to the party whose rights were impacted by these actions, namely, Ex-Cell-O.

5. Now, approximately two and a half years later, in contravention of Ex-Cell-O's substantive due process rights, Debtors have unsealed the Complaint and initiated the above-referenced adversary proceeding against Ex-Cell-O.

---

[1] Capitalized terms used but not defined have the meanings given them in the Motion.

2

6.      Because the arguments raised by other preference defendants' reply briefs apply with equal force to Ex-Cell-O, and to avoid submitting multiple, substantially similar reply briefs to the Court, Ex-Cell-O incorporates by reference all applicable arguments raised by all other preference defendants' reply briefs, including, without limitation, those arguments set forth in (I) Reply Memorandum Of Law In Support Of Motions Of Affinia, GKN, MSX And Valeo To: (A) Vacate Certain Prior Orders Of The Court; (B) Dismiss The Complaint With Prejudice; (C) And Dismiss The Claims Against Certain Defendants Named In The Complaint; And (D) Dismiss Claims Based On Assumption Of Contracts; Or (E) In The Alternative To Require Plaintiffs To File A More Definitive Statement ("<u>Affinia Reply Brief</u>") filed in Case No. 05-44481 [Docket No. 20304]; (II) Reply Of Wagner-Smith Company To Reorganized Debtors' Omnibus Response To Motions Seeking, Among Other Forms Of Relief, Orders To Vacate Certain Procedural Orders Previously Entered By This Court And To Dismiss The Avoidance Actions Against The Moving Defendants ("<u>Wagner-Smith Reply Brief</u>") filed in Case No. 05-44481 [Docket No. 20306]; and (III) Reply Of HP Enterprise Services, LLC And Affiliates In Support Of Their Motion For An Order Dismissing The Complaint With Prejudice, And Vacating Certain Prior Orders Pursuant To Fed. R. Civ. P. 60 And Fed. R. Bankr. P. 9024 ("<u>HP Reply Brief</u>," and together with the Affinia Reply Brief and Wagner-Smith Reply Brief, the "<u>Lead Briefs</u>") filed in Case No. 05-44481 [Docket No. 20331].

7.      Accordingly, for the reasons set forth in the Motion, this Joinder and Reply, the reply briefs of all other preference defendants, and the Lead Briefs, Ex-Cell-O seeks an order from the Court: (I) vacating the Preservation of Estate Claims Procedures Order, Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action

3

Service Deadline Order against it; (II) dismissing the Complaint with prejudice for failure to state a claim upon which relief can be granted because it is barred by the 2-year statute of limitations; (III) in the alternative, dismissing the Complaint as being barred by judicial estoppel; (IV) in the alternative, dismissing the Complaint as being barred by res judicata; (V) in the alternative, dismissing the Complaint for failure to state a claim upon which relief can be granted because it fails to comply with the pleading requirements of *Ashcroft v. Iqbal*.

WHEREFORE, Ex-Cell-O respectfully requests that this Court (I) vacate the Preservation of Estate Claims Procedures Order, Extension of Avoidance Action Service Deadline Order, the Postconfirmation Extension of Avoidance Action Service Deadline Order, and the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order Court as against Ex-Cell-O; (II) dismiss the Complaint with prejudice; (III) award Ex-Cell-O its fees and costs incurred in connection with the Complaint; and (IV) grant such other relief as the Court deems just and proper.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Attorneys for Ex-Cell-O*

Dated: July 2, 2010

By:  /s/ Anthony J. Kochis
 Scott A. Wolfson (P53194)
 Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI  48083
Telephone:  (248) 247-7105
Facsimile:  (248) 247-7099
E-Mail:  akochis@wolfsonbolton.com

4