**Hearing Date And Time:  July 22, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time:  July 15, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
    In re                              :      Chapter 11
                                   :
DPH HOLDINGS CORP., et al.,     :      Case No. 05-44481 (RDD)
                                   :
                                   :      (Jointly Administered)
          Reorganized Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' MOTION FOR AN ORDER TO ENFORCE
MODIFIED PLAN AND MODIFICATION APPROVAL ORDER
INJUNCTION AGAINST FKMT, LLC f/k/a MONARCH TRANSPORT, LLC

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this Motion For An Order To Enforce Plan And Modification Approval Order Injunction Against FKMT, LLC f/k/a Monarch Transport, LLC (the "Motion"), and respectfully represent as follows:

## Preliminary Statement

1. The Reorganized Debtors are bringing this Motion to enforce the injunction contained in the Modified Plan[1] and Modification Approval Order and enjoin the litigation associated with the action commenced by FKMT, LLC f/k/a Monarch Transport, LLC ("FKMT")[2] against the Debtors on December 1, 2008 (the "Nonbankruptcy Complaint")[3] in the Circuit Court of Jackson County, Missouri, Civil Division, Case No. 0816-CV39025 (the "Missouri Circuit Court") asserting that Delphi owes FKMT amounts based on unpaid invoices (the "Missouri Action"). (Nonbankruptcy Complaint ¶ 5.)

2. In the Missouri Action, Monarch asserts amounts owing under invoices that became due and payable prior to October 6, 2009 – the Effective Date of the Modified Plan. Because FKMT's claims are based on alleged amounts due prior to the Effective Date, the injunction contained in paragraph 22 of this Court's Modification Approval Order and in section 11.14 of the Modified Plan (the "Plan Injunction") stays FKMT's cause of action against the Reorganized Debtors. Moreover, FKMT has not filed a timely proof of claim or administrative

---

[1] Capitalized terms not defined in this Preliminary Statement are defined later in this Motion.
[2] On November 30, 2007, Monarch Transport, LLC sold their assets, including the company name, and changed its name to FKMT, LLC. The attorney prosecuting the action for FKMT, Mr. Troy Renkemeyer, is also the owner of FKMT.
[3] A copy of the Nonbankruptcy Complaint is attached hereto as Exhibit A.

2

expense claim, and accordingly any such claims would be automatically disallowed pursuant to the Bar Date Order and paragraph 47 of the Modification Approval Order.

3.  FKMT has refused to dismiss or stay the Missouri Action despite being served with the Notice of Effective Date and being notified that continuing the Missouri Action violates the Plan Injunction.[4] The Reorganized Debtors have a profound interest in making sure that unambiguous provisions of the Modified Plan and Modification Approval Order are enforced and therefore request that this Court enjoin FKMT from proceeding with the Missouri Action.

Background

4.  On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

5.  On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388). On January 25, 2008, the Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the Confirmation Order became final on February 4, 2008.

6.  On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion"). On June 1, 2009, the Debtors filed a

---

[4] As set forth more fully below, on June 23, 2010, after two months of attempts by local counsel to negotiate a dismissal of the Missouri Action, local counsel to the Reorganized Debtors in the Missouri Action sent a letter to FKMT's counsel demanding that the Missouri Action be dismissed immediately. A copy of the June 23, 2010 letter is attached hereto as Exhibit B.

3

supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan.

A.  FKMT's Claims

7. FKMT alleges that Delphi has not paid certain invoices issued by its predecessor, Monarch Transport, LLC, which it asserts became due and payable between May 2004 and September 2007. FKMT's claims arose prior to the Debtors' emergence from chapter 11 on October 6, 2009 and therefore are subject to the applicable bar dates set for all prepetition and administrative expense claims and subject to the various provisions of the Modified Plan and Modification Approval Order, including the discharge and Plan Injunction. The bar date established by this Court's orders for asserting prepetition claims was July 31, 2006[5] and the bar dates for asserting administrative expense claims were July 15, 2009[6] for claims arising through June 1, 2009 and November 5, 2009 for claims arising through October 6, 2009.[7] (See Bar Date Order ¶ 2; Modification Procedures Order ¶ 38; Modification Approval Order ¶ 47.) Despite these bar dates and the Plan Injunction, FKMT continues to prosecute the Missouri Action filed

---

[5] The July 31, 2006 bar date was established pursuant to Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206) (the "Bar Date Order").

[6] The July 15, 2009 bar date was established pursuant to paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date, entered by this Court on June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"). On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to provide that paragraph 38 of the Modification Procedures Order should be amended to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

[7] The November 5, 2009 bar date was established pursuant to paragraph 47 of the Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval Order").

4

on December 1, 2008 without filing a proof of claim or administrative expense claim in these chapter 11 cases or seeking leave of this Court to lift the Plan Injunction.

        8.    FKMT's counsel continues to do so despite the fact that FKMT received some 10 notices of these bar date procedures and FKMT's counsel has been notified on multiple occasions by local counsel in the Missouri Action that proceeding with the Missouri Action was in violation of the Plan Injunction contained in this Court's Modification Approval Order.

B.    <u>The Bar Dates And Deadlines For Asserting Claims</u>

        9.    <u>Bar Date For Claims Arising Prior To The Petition Date.</u>  On April 12, 2006, this Court entered the Bar Date Order which established July 31, 2006 as the deadline for filings proofs of claim for the purpose of asserting a claim against any of the Debtors arising prior to the Petition Date (the "Prepetition Bar Date"), and included a form to be used to submit a proof of claim (the "Proof of Claim Form").

        10.    On or before April 20, 2006, the Debtors, through KCC, the claims and noticing agent in these chapter 11 cases, served Monarch Transport, LLC with a copy of the Notice Of Bar Date For Filing Proofs of Claim (the "Bar Date Notice"), by first class mail at each of the addresses below:

| Monarch Transport LLC<br>Randy Shepperd<br>1616 Argentine Boulevard<br>Kansas City, KS 66105 | Monarch Transport LLC<br>1616 Argentine Boulevard<br>RMT CHG 5 11 05 CM<br>Kansas City, KS 66105 | Monarch Transport LLC<br>P.O. Box 413231<br>Kansas City, MO 64141-3231 |
|---|---|---|

<u>See</u> Affidavit Of Service Of Evan Gershbein For Notice Of Bar Date For Filing Proofs Of Claim Served On Or Before April 20, 2006, dated April 28, 2006 (Docket No. 3501), the relevant portions of which are attached hereto as <u>Exhibit C</u>.[8]

---

[8]    The Bar Date Notice was sent to Monarch Transport, LLC's business address at 1616 Argentine Boulevard, Kansas City, KS 66105 as reflected in the Debtors' creditor matrix.

5

11.     Bar Date For § 503(b) Claims Arising Through June 1, 2009. On June 16, 2009, this Court entered the Modification Procedures Order which, among other things, authorized the Debtors to commence solicitation of votes on their proposed modifications to their first amended joint plan of reorganization (the "Proposed Modifications"), established July 15, 2009 as the deadline for filing a proof of administrative expense for the purpose of asserting an administrative expense request against any of the Debtors under 11 U.S.C. § 503(b) for the period from the commencement of these chapter 11 cases through May 31, 2009 (the "First Administrative Claim Bar Date"), and included a form to be used to submit an administrative expense claim (the "Administrative Claim Form").[9]

12.     On or before June 20, 2009, the Debtors, through KCC, the claims and noticing agent in these chapter 11 cases, served Monarch Transport, LLC with a copy of the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the "June 2009 Notice"), by first class mail at each of the addresses below:

| Monarch Transport LLC<br>Randy Shepperd<br>1616 Argentine Boulevard<br>Kansas City, KS 66105 | Monarch Transport LLC<br>1616 Argentine Boulevard<br>RMT CHG 5 11 05 CM<br>Kansas City, KS 66105 | Monarch Transport LLC<br>P.O. Box 413231<br>Kansas City, MO 64141-3231 | Monarch Transport LLC<br>P.O. Box 413231<br>Kansas City, MO 64141-3231 |

See Affidavit Of Service Of Evan Gershbein For Solicitation Materials Served On Or Before June 20, 2009, dated June 23, 2009 (Docket No. 17267), the relevant portions of which are attached hereto as Exhibit D. Mr. Renkenmeyer, counsel in the Missouri Action and the owner of FKMT (as mentioned above, successor in interest to Monarch Transport, LLC), has not filed a notice of appearance on behalf of FKMT in these chapter 11 cases.

---

[9] On June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused Kurtzman Carson Consultants LLC ("KCC") and Financial Balloting Group LLC or their agents to transmit notices containing certain procedures for asserting an Administrative Claim and a copy of the Administrative Claim Form.

6

13. <u>Bar Date For § 503(b) Claims Arising After June 1, 2009.</u> On July 30, 2009, this Court entered its Modification Approval Order, which approved the Debtors' Proposed Modifications and confirmed the Debtors' Modified Plan.

> Paragraph 47 of the Modification Approval Order provides in part:
>
> requests for payment of an Administrative [Expense] Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases. **Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically** without the need for any objection from the Debtors or the Reorganized Debtors.

(Modification Approval Order ¶ 47 (emphasis added).)

14. On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified Plan and closed the transactions under the Master Disposition Agreement, dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto. In connection therewith, DIP Holdco LLP, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively. The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates and remain

7

responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.

15. In compliance with paragraph 47 of the Modification Approval Order, the notice of Effective Date was filed on October 6, 2009 with this Court in these chapter 11 cases (Docket No. 18958) (the "Effective Date Notice" together with the Bar Date Notice and the June 2009 Notice, the "Notices"). Upon the occurrence of the Effective Date on October 6, 2009, the bar date for filing Administrative Expense Claims for claims arising on or after June 1, 2009 was recognized as November 5, 2009 (the "Final Administrative Expense Bar Date"). As set forth above, paragraph 47 of the Modification Approval Order provides that any administrative claim for which a party has failed to timely file and serve a request for payment is automatically disallowed without the need for any objection from the Debtors or the Reorganized Debtors. (Modification Approval Order ¶ 47.)

16. On or before October 9, 2009, KCC served FKMT with a copy of the Effective Date Notice (at the address set forth in the creditor matrix), which, among other things, provided notice of the Final Administrative Expense Bar Date and notice of the Plan Injunction, by first class mail at each of the addresses below:

| Monarch Transport LLC<br>Randy Shepperd<br>1616 Argentine Boulevard<br>Kansas City, KS 66105 | Monarch Transport LLC<br>1616 Argentine Boulevard<br>RMT CHG 5 11 05 CM<br>Kansas City, KS 66105 | Monarch Transport LLC<br>P.O. Box 413231<br>Kansas City, MO 64141-3231 |

See Affidavit Of Service Of Evan Gershbein For Notice Of Effective Date Materials Served On Or Before October 9, 2009, dated October 14, 2009 (Docket No. 18978), the relevant portions of which are attached hereto as Exhibit E. As set forth above, counsel in the Missouri Action has not filed a notice of appearance on behalf of FKMT in these chapter 11 cases.

8

17.  Moreover, notice of the Plan Injunction and the Final Administrative Expense Bar Date was also published in The New York Times, USA Today (national and international editions) and The Wall Street Journal (national and global editions). (See Affidavits of Publication at Docket Nos. 18990, 18989 and 19001.)

C.  Postpetition Action In Missouri Circuit Court

18.  The Missouri Action.  On December 1, 2008, FKMT commenced the Missouri Action against Delphi.  In the Nonbankruptcy Complaint, FKMT seeks damages against the Reorganized Debtors in connection with amounts owing under unpaid invoices that became due between May 2004 and September 2007. (See Nonbankruptcy Complaint ¶¶ 5, 7.) In the intervening weeks, operating under an open extension on the due date for its responsive pleading, Delphi[10] worked with attorneys for FKMT in an attempt to determine whether certain invoices remained unpaid, and if so, the exact invoice numbers and amounts due.

19.  On April 18, 2009, Delphi filed its Answer, Counterclaim And Third Party Petition In Interpleader (the "Answer") to FKMT's Nonbankruptcy Complaint in the Missouri Circuit Court.

20.  Local counsel realized that FKMT had failed to comply with numerous provisions of the Modified Plan and, on April 3, 2010, DPH Holdings filed its Motion To Dismiss For Failure To File The Mandatory Administrative Claim (the "Motion to Dismiss") the Nonbankruptcy Complaint in the Missouri Circuit Court.  A copy of the Motion to Dismiss is attached hereto as Exhibit F.  In the Motion to Dismiss, the Reorganized Debtors explained that any claims against the Reorganized Debtors were discharged pursuant to the Modified Plan and

---

[10]  Prior to the Effective Date of the Modified Plan, Delphi was the proper defendant in the Missouri Action rather than DPH Holdings.

9

Modification Approval Order and that the Plan Injunction enjoined FKMT from proceeding with the Missouri Action.  (<u>See</u> Motion to Dismiss ¶¶ 8-14.)

   21. On April 15, 2010, FKMT filed its Plaintiff's Response To Delphi Corporation's Motion To Dismiss For Failure To File Te Mandatory Administrative Claim (the "Response") in the Missouri Circuit Court.  A copy of the Response is attached hereto as <u>Exhibit G</u>.  In the Response, FKMT asserted that it was exempted from the bar dates and not required to file an administrative expense claim to be entitled to a distribution under the Modified Plan because:

> [FKMT's] claim against Defendant Delphi is for unpaid invoices arising from shipping services provided by Plaintiff on behalf of Defendant Delphi, services which clearly do not fall under any provision of 11 U.S.C. [§] 503(b) above, and therefore [FKMT] was not required to file an Administrative Expense Claim Form in order to reserve its claim asserted in this litigation.

(<u>See</u> Response ¶ 3.)

   22. FKMT's second argument was that because it "never received the notice of the Administrative Expense Bar Date . . . the Modified Plan and Modification Approval Order do not apply" to the claim asserted in the Missouri Action. (<u>See</u> Response ¶ 3.)

   23. On June 14, 2010, DPH Holdings filed its Delphi Corporation's Reply To Plaintiff's Opposition To Delphi's Motion To Dismiss Based Upon The Bankruptcy Order And Plaintiff's Failure To File A Mandatory Claim (the "Reply").  A copy of the Reply is attached hereto as <u>Exhibit H</u>.  In the Reply, DPH Holdings explained its position that this Court's orders were binding on FKMT and that notice was provided to FKMT.  (<u>See</u> Reply pp. 2-3.)

   24. On June 25, 2010, DPH Holdings filed its Delphi Corporation's Memorandum Withdrawing Its Previously Filed Motion To Dismiss, For Submission Of Issue To The Bankruptcy Court (the "Withdrawal"), withdrawing its Motion to Dismiss and notifying

the Missouri District Court that the Reorganized Debtors would file this Motion. In the Withdrawal, local counsel has explained that this Court was best qualified to interpret and enforce the Plan Injunction and relevant bar date provisions of this Court's prior orders. (Withdrawal ¶ 3.) Moreover, to ensure uniform interpretation of this Court's Modification Approval Order, local counsel filed the Withdrawal, which local counsel has represented means that the Motion to Dismiss is no longer pending before the Missouri Circuit Court.[11] A copy of the Withdrawal is attached hereto as <u>Exhibit J</u>.

25.   <u>Motion to Stay Missouri Action</u>. On June 25, 2010, after repeated attempts to negotiate an amicable dismissal, or even a stay, of the Missouri Action on account of the Plan Injunction, DPH Holdings filed a motion to hold proceedings in abeyance (the "Motion to Stay") on the grounds that the claims asserted in the Nonbankruptcy Complaint were discharged and enjoined pursuant to the Modification Approval Order and the Modified Plan. A copy of the Motion to Stay is attached hereto as <u>Exhibit K</u>.

26.   <u>Request That FKMT Dismiss Missouri Action</u>. On June 23, 2010, local counsel to the Reorganized Debtors in the Missouri Action sent a letter to counsel for FKMT describing the relevant provisions of the Modified Plan and the Modification Approval Order, explaining why the Missouri Action violated those provisions, and demanding that DPH Holdings be dismissed from the Missouri Action with prejudice. As of the filing of this Motion, FKMT had not filed a response to the Motion to Stay or to the June 23, 2010 letter.

---

[11]  Local counsel in the Missouri Action has submitted an affidavit (the "Affidavit") stating that pursuant to the relevant rules and practices of the Missouri Circuit Court, the effect of filing the Withdrawal is that the Motion to Dismiss is withdrawn and no longer pending before the Missouri Circuit Court. A copy of the Affidavit is attached hereto as <u>Exhibit I</u>.

11

Jurisdiction

27. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, Section 13 of the Modified Plan and paragraph 56 of the Modification Approval Order. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Relief Requested

28. The Reorganized Debtors seek entry of an order enjoining FKMT from proceeding with the Missouri Action and directing FKMT to take such action as is necessary to dismiss the Missouri Action.

Basis For Relief

29. The Reorganized Debtors have a profound interest in making sure that unambiguous provisions of the Modified Plan and Modification Approval Order are enforced. By proceeding with the Missouri Action without having filed a motion in this Court to lift the Plan Injunction, FKMT seeks to litigate claims in the Missouri Circuit Court that have been discharged, violating both the Modification Approval Order and the Modified Plan. This Court should exercise its jurisdiction and enforce the Plan Injunction against FKMT because "a bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders, including those providing for discharge and injunction and therefore should not abstain from doing so." Texaco Inc. v. Sanders (In re Texaco, Inc.), 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995).

Applicable Authority

D. The Missouri Action Violates The Modification Procedures Order, The Modified Plan, And The Modification Approval Order

30. Pursuant to the discharge of the Debtors contained in section 11.2 of the Modified Plan, FKMT may only receive a distribution on a claim against the Reorganized Debtors as provided by the Modified Plan. However, FKMT failed to timely file a Proof of Claim or Administrative Expense Claim on or prior to the applicable bar date and thus is barred from asserting any claim that arose on or prior to the Effective Date against the Reorganized Debtors. (Modification Approval Order ¶ 47.)

31. As set forth below, under the clear and unambiguous language of the Bar Date Order, Modification Procedures Order, the Modification Approval Order and the Modified Plan, FKMT was required not only to file timely a proof of claim or Administrative Expense Claim, but to obtain an order from this Court to lift the Plan Injunction in order to continue to prosecute the Missouri Action against the Reorganized Debtors. Moreover, paragraph 22 of the Modification Approval Order and section 11.14 of the Modified Plan enjoin FKMT from proceeding with the Missouri Action because its claim arose prior to the Effective Date – whether or not a timely Administrative Expense Claim was filed.

32. Discharge of the Debtors. Under 11 U.S.C. § 1141(d) and pursuant to the terms of the Modification Approval Order and the Modified Plan, upon the Effective Date, the distributions and rights provided in the Modified Plan operates as a discharge of all Claims[12] and

---

[12] Under the Modified Plan, "Claim" means a claim against one of the Debtors (or all or some of them), whether or not asserted, as defined in section 101(5) of the Bankruptcy Code. (Modified Plan at § 1.29.)

13

Causes of Action[13] against the Debtors that arose on or prior to the Effective Date. Specifically, section 11.2 of the Modified Plan provides that:

> the distributions and rights that are provided in [the Modified] Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to [the Modified] Plan on account of such Claims, rights, and Interests, **including, but not limited to, Claims and Interests that arose before the Effective Date** . . . .

(Modified Plan at § 11.2 (emphasis added).)

33. The claims asserted in the Missouri Action fall squarely within the discharge granted under section 11.2 of the Modified Plan.

34. <u>The Plan Injunction</u>. In addition, upon the Effective Date of the Modified Plan, an injunction was imposed. Specifically, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover against any claim against the Reorganized Debtors that arose prior to October 6, 2009, the Effective Date of the Modified Plan. Section 11.14 of the Modified Plan provides that:

> the satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan] shall act as an injunction **against any Person commencing or continuing any action, employment of process, or act to collect, offset, or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under [the Modified] Plan to the fullest extent authorized or provided by the Bankruptcy Code** . . .

---

[13] Under the Modified Plan, "Causes of Action" means any and all actions, proceedings, causes of action, suits, accounts, demands, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment, and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, non-contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and whether asserted or assertable directly or derivatively in law, equity, or otherwise, including Avoidance Claims, unless otherwise waived or released by the Debtors or the Reorganized Debtors to the extent such Cause of Action is a Cause of Action held by the Debtors or the Reorganized Debtors. (Modified Plan at § 1.25.)

14

(Modified Plan at § 11.14 (emphasis added.)

  35. Similarly, paragraph 22 of the Modification Approval Order provides that:

> <u>Injunction.</u> Except as otherwise specifically provided in the Modified Plan, the MDA Documents, or this order and except as may be necessary to enforce or remedy a breach of the Modified Plan, **the Debtors and all Persons shall be precluded and permanently enjoined on and after the Effective Date from** (a) **commencing or continuing in any manner any Claim, action, employment of process, or other proceeding of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date**, (b) the enforcement, attachment, collection, offset, recoupment, or recovery by any manner or means of any judgment, award, decree, order, or otherwise with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, (c) creating, perfecting, or enforcing any encumbrance of any kind with respect to any Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized Debtors, which they possessed or may possess prior to the Effective Date, and (d) asserting any Claims, Interests, or Causes of Action that are satisfied, discharged, released, or subject to exculpation hereby or by the Modified Plan.

(Modification Approval Order ¶ 22 (emphasis added).)

  36. Accordingly, the permanent injunction in the Modified Plan and Modification Approval Order prohibits the commencement or continuation of any action to recover any claim against the Debtors that arose prior to the Effective Date.

E. <u>FKMT Was Properly Served With The Notices</u>

  37. The Debtors' proper mailing of the Notices constitutes effective service. Courts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that it properly addressed, stamped, and deposited the item in the mail. <u>See</u>, <u>e.g.</u>, <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its

15

destination in usual time and was actually received by the person to whom it was addressed.");
Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993) (finding, under New York law, that presumption of receipt arises when sender "'presents proof of the office procedure followed in a regular course of business, and these procedures establish that the required notice has been properly addressed and mailed'" (citation omitted)); In re R.H. Macy & Co., 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) ("Mail properly addressed, stamped and deposited in the mail system is presumed to have been received by the party to whom it has been addressed."). Accordingly, the Debtors provided FKMT timely, proper, and sufficient service of the Notices. Moreover, counsel for FKMT has acknowledged that a Plan Injunction exists, but insists that the Plan Injunction is not binding on FKMT's attempts to prosecute the Missouri Action against the Reorganized Debtors. (See Response ¶ 3.)

F.      This Court Has the Authority To Enforce The Modified Plan And The Modification Approval Order

38.     Moreover, the Missouri Action runs afoul of the Modified Plan and Modification Approval Order, and this Court should not abstain from interpreting and enforcing its own orders. See In re Texaco, Inc., 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995) ("[A] bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders, including those providing for discharge and injunction and therefore should not abstain from doing so."). This is especially true where, as here, a party "acts potentially in violation of an injunction without seeking permission from the Court that issued the injunction." In re DPH Holdings Corp., Hr'g Tr. at 89, Feb. 25, 2010.

39.     Specifically, a bankruptcy court retains subject matter jurisdiction to enforce both the plan and its order confirming that plan, as it "is axiomatic that a court possesses the inherent authority to enforce its own orders" and agreements approved by the court. In re

16

Continental Airlines, Inc., 236 B.R. 318, 326 (Bankr. D. Del. 1999), aff'd, 2000 WL 1425751 (D.Del. Sep. 12, 2000), aff'd, 279 F.3d 226 (3rd Cir. 2002); see also Travelers Indemnity Co. v. Bailey, 129 S. Ct. 2195, 2205 (2009) ("as the Second Circuit recognized, . . . the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders.")  "In the bankruptcy context, courts have specifically, and consistently, held that the bankruptcy court retains jurisdiction, inter alia, to enforce its confirmation order." Continental Airlines, 236 B.R. at 326. As the court explained, "we do not find significant the fact that the Plan may have been substantially consummated in this case. That fact does not divest us of our inherent jurisdiction to enforce the Confirmation Order issued by this Court." Id.

40.     Moreover, pursuant to the Modified Plan and the Modification Approval Order, this Court retained exclusive jurisdiction to, among other things, "hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge" (Modified Plan at § 13(p))  and over all matters related to the Modified Plan. (See Modification Approval Order ¶ 56.) See Travelers, 129 S. Ct. at 2205 ("when the Bankruptcy Court entered the [prior plan confirmation and settlement orders,] it explicitly retained jurisdiction to enforce its injunctions").

G.     The Reorganized Debtors Will Suffer Harm Should FKMT Continue To Prosecute The Missouri Action Against DPH Holdings

41.     Under settled law, when a party unilaterally violates a bankruptcy court order, that violation, standing alone, constitutes the only harm necessary for a renewed injunction. See, e.g., Balanoff v. Glazier (In re Steffan), 97 B.R. 741, 746 (Bankr. N.D.N.Y 1989) ("the usual equitable grounds for relief, such as irreparable damage, need not be shown" in injunctions in bankruptcy cases) (quotation omitted).

42.     The Reorganized Debtors have been harmed by having to litigate a claim in Missouri Circuit Court that was permanently enjoined pursuant to the Modification Approval

17

Order. The Reorganized Debtors have already been forced to incur fees and costs in defending the Missouri Action and in bringing this Motion. The Reorganized Debtors would be harmed further in the (unlikely) event that the Missouri Circuit Court were to enter a judgment against the Reorganized Debtors in favor of FKMT. The Reorganized Debtors also may have to defend a dismissal of the Missouri Action on appeal. Under all scenarios, the Reorganized Debtors are faced with both the threat of liability and the expense of attorneys' fees. These harms arise from the direct violation of the Modified Plan and this Court's Modification Approval Order.

43. The Reorganized Debtors should be able to rely on the Modified Plan and the Modification Approval Order and not be compelled to litigate disallowed and discharged claims in the Missouri Action, especially where FKMT has not sought relief in this Court from the Plan Injunction.

44. Pursuant to Fed. R. Bankr. P. 7001(7), the relief sought by the Reorganized Debtors in this Motion is properly brought by motion as a contested matter pursuant to Fed. R. Bank. P. 9014, rather than in a separate adversary proceeding. Specifically, because the Reorganized Debtors are merely seeking to enforce provisions of the Modified Plan, under Fed. R. Bankr. P. 7001(7), no adversary proceeding is required. See In re Continental Airlines, Inc., 236 B.R. 318, 327 (Bankr. D. Del. 1999), aff'd, 2000 WL 1425751 (D.Del. Sep. 12, 2000), aff'd, 279 F.3d 226 (3rd Cir. 2002).

Notice

Notice of this Motion has been provided (a) to FKMT and its counsel in the Missouri Action and (b) in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20,

2006 (Docket No. 2883), and the Nineteenth Supplemental Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 25, 2010 (Docket No. 20189).  In light of the nature of the relief requested, the Reorganized Debtors submit that no other or further notice is necessary.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) to (i) enforce the Plan Injunction against FKMT and (ii) direct FKMT to take such action as is necessary to dismiss the Missouri Action and (b) grant the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
July 2, 2010

          SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

          By:   /s/ Ron E. Meisler
            John Wm. Butler, Jr.
            John K. Lyons
            Ron E. Meisler
          155 North Wacker Drive
          Chicago, Illinois 60606

            - and -

          Four Times Square
          New York, New York 10036

          Attorneys for DPH Holdings Corp., et al.,
            Reorganized Debtors