Barry Kazan
Lauren McEvoy
**THOMPSON HINE LLP**
335 Madison Ave., 12th Floor
New York, NY 10017
(212) 344-5680
(212) 344-6101 (fax)

*Counsel for Rieck Group, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re:                                                     : Chapter 11
                                                           : Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*                               : Jointly Administered
                                                           :
-----------------------------------------------------------x
                                                           :
DELPHI CORPORATION, *et al*.                               : Adv. Pro. No. 07-02750 [RDD]
                                                           :
   Debtors,                                   :
                                                           :
    - against -                          :
                                                           :
RIECK GROUP, LLC                                           :
                                                           :
   Defendant.                                 :
                                                           :
-----------------------------------------------------------x

## REPLY OF RIECK GROUP, LLC TO DEBTORS' RESPONSE TO MOTION OF RIECK GROUP, LLC TO VACATE THE EXTENSION ORDERS AND DISMISS THE COMPLAINT

_____

-

Rieck Group, LLC n/k/a Mechanical Construction Managers, LLC ("Rieck Group") hereby submits its reply to the Debtors' omnibus response (A.P. Doc. No. 26, the "Debtors' Response") to the Motion of Rieck Group (A.P. Doc. No. 24, the "Rieck Group Motion") and other preference defendants for the entry of an order vacating the Extension Orders[1] and dismissing the Complaint.

## ARGUMENT

Several defendants in the Adversary Proceedings have filed motions requesting the same or substantially similar relief requested in the Rieck Group Motion and have filed replies to the Debtors' Response. To avoid repeating the same legal arguments to the Court, Rieck Group hereby incorporates and joins in the thorough and detailed arguments made by those parties, specifically including the Replies filed by Wagoner-Smith Company in Adv. Proc. No. 07-2581, Affinia Group Holdings, Inc. in Adv. Proc. 07-2198 and Johnson Controls in Adv. Proc. No. 07-2348 (the "JC Reply"). Additionally, Rieck Group incorporates all of the arguments made in the Rieck Group Motion, but, for judicial efficiency, will only focus on arguments in response to the Debtors' Response here.

**A.    The Debtors abandoned the claims asserted in the Complaint; the Complaint must be dismissed.**

The claims asserted in the Complaint were abandoned by the Debtors in the Plan. Section 7.24 of the Plan is clear and unambiguous and provides for the release and abandonment of all preference claims not "specifically listed" on Exhibit 7.24. Rieck Group, this adversary proceeding number, and the words "preference" or "Section 547" are not mentioned on Exhibit 7.24. The Debtors failed to establish otherwise in their Response.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning provided in the Rieck Group Motion.

-1-

As detailed in the JC Reply, having abandoned the claims in the Plan, the Debtors could not and did not resurrect them in the Modified Plan. The contingency language that the Debtors wish they would have included in the Plan is simply not there. These claims were abandoned in the Plan and remained abandoned under the Modified Plan; accordingly, the Complaint must be dismissed.

### B.    The Debtors failed to comply with the Court's notice procedures while falsely representing otherwise to the Court; the Complaint must be dismissed.

Even if the Court were to find these claims were not abandoned, the Extension Orders should be vacated and the Complaint dismissed because the Debtors not only failed to comply with their own notice procedures, but *they misrepresented to the Court in the Extension Motions that they had complied.* As Rieck Group asserted in the Rieck Group Motion, the Debtors cannot represent to the Court that all parties subject to the Extension Orders were served with the Extension Motions, while simultaneously claiming that Rieck Group is subject to the Extension Orders even though it was not served with the Extension Motions. The Debtors failed to respond to or address this argument in their Response – and for good reason. They cannot explain it.

Pursuant to the terms of the Case Management Order (the "CMO"),[2] the Court specifically directed the Debtors to provide actual notice, *by overnight mail*, to "all parties with a particularized interest in the subject" of any filing. Clearly, each of these preference defendants, including Rieck Group, had a particularized interest in the Extension Motions. Even the Debtors must concede Rieck Group had a particularized interest in the Fourth Extension Motion, which was the first time the Debtors indicated their intent to *now* pursue (and have the Fourth Extension

---

[2] Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 and Red. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Fifteenth Supplemental Order Under 11. U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 27, 2009 (Docket No. 18839).

-2-

Order be applicable to) the preference claims they had previously abandoned in the Plan. However, the Debtors failed to serve notice of the Fourth Extension Motion to Rieck Group by overnight mail, or by any other method, including ECF, regular mail or e-mail.

This failure to comply with the applicable notice procedures is exacerbated by the Debtors' misrepresentation to the Court *that it did*. In the Fourth Extension Motion (and the preceding Extension Orders), the Debtors represented to the Court that the motion was served in compliance with the CMO, meaning that all those with a particularized interest in the Fourth Extension Motion, including Rieck Group, would be served by overnight mail. The Debtors undisputedly failed to do so. The Debtors having failed to properly serve Rieck Group with the Fourth Extension Motion pursuant to the CMO *and having misrepresented to the Court that it had done or would do so*, the Court should vacate the Fourth Extension Order as against Rieck Group. Without the Fourth Extension Order (or any of the other Extension Orders) being effective, the Debtors failed to timely serve Rieck Group with the Complaint.

Now that this Court has been made aware that the Debtors' misrepresented to this Court that they complied with the CMO and now that this Court knows that the Debtors' falsely represented what parties received notice of the Fourth Extension Motion, the Court should not now countenance this misconduct. To remedy this situation, this Court needs to dismiss the Complaint. Without this remedy, the Debtors simply get a pass for misleading this Court.

**C.    The Debtors' violated Rieck Group's due process rights; the Complaint must be dismissed.**

The Debtors' main defense of the lack of notice and due process arguments in their Response - that *most* defendants got notice of the Debtors' intent to pursue these preference claims by a combination of the documents filed in the main bankruptcy case – is inapplicable to Rieck Group. It is undisputed that, as detailed in the Rieck Group Motion, Rieck Group did not

-3-

participate in the main bankruptcy proceeding, was not on any service list, and did not receive any notice, actual or otherwise, of the Plan, the Modified Plan or any of the Extension Motions or Extension Orders. The fact that many of the other preference defendants had actual notice, or at least some potential idea, that these preference proceedings existed, does not somehow result in notice to Rieck Group by osmosis; *notice to some does not equal notice to all*. It is the extended, calculated choice not to provide notice to Rieck Group of its potential liability until more than 2 years after the expiration of the applicable statute of limitations, *combined with the Debtors' misrepresentations to this Court about what notice was actually being provided*, that precludes the Debtors from asserting these claims and must result in the vacating of at least the Fourth Extension Order and dismissal of the Complaint.

Debtors' nevertheless argue that the Court should view its deprivation of due process as "no harm no foul." Debtors' argument manifests a flippant disregard for the most fundamental principle of American jurisprudence. As other preference defendants have persuasively demonstrated, the Debtors clearly violated the due process rights of these defendants, particularly those defendants, including Rieck Group, that, despite the false representations by the Debtors to this Court otherwise, had *no notice* of any of the documents relied on by Debtors in their Response as having provided notice. Debtors should not now receive the benefits of these violations. Due Process requires the Extension Orders be vacated and the Complaint be dismissed.

## MEMORANDUM OF LAW

Because the legal points and authorities upon which the relief requested are detailed in the Rieck Group Motion and in the other motions and replies filed by the other preference

defendants, Rieck Group respectfully requests that the requirement of filing a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

## CONCLUSION

For all of the foregoing reasons, Rieck Group respectfully requests that the Court enter an order vacating the Extension Orders, or at least the Fourth Extension Order, as against Rieck Group, dismissing the Complaint and granting such other and further relief as this Court may deem appropriate.

**Date:** July 2, 2010
New York, New York

THOMPSON HINE LLP

/s/ Lauren McEvoy
Barry Kazan
Lauren McEvoy
335 Madison Ave., 12th Floor
New York, NY 10017
(212) 344-5680
(212) 344-6101 (fax)
Barry.Kazan@ThompsonHine.com
Lauren.McEvoy@ThompsonHine.com

*Counsel for Rieck Group, LLC*

620704