RECEIVED

JUL 6 2010

U.S. BANKRUPTCY COURT, SDNY

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| **DELPHI CORPORATION,** *et al.,* | ) |
| | ) |
| Debtor. | ) |
| | ) |

**Chapter 11**
**Case No. 05-44481 [RDD]**

**Jointly Administered**

| | |
|---|---|
| | ) |
| **DELPHI CORPORATION,** *et al.,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MULTITRONICS INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Adversary Proceeding No.: 07-02500**

## REPLY OF MTRONICS TO REORGANIZED DEBTORS' OMNIBUS RESPONSE TO MOTIONS SEEKING, AMONG OTHER FORMS OF RELIEF, ORDERS TO VACATE CERTAIN PROCEDURAL ORDERS PREVIOUSLY ENTERED BY THIS COURT AND TO DISMISS THE AVOIDANCE ACTIONS AGAINST THE MOVING DEFENDANTS

### Introduction

Mtronics.com, Inc., successor by merger to Multitronics, Inc. ("Mtronics"), files this

reply to the *Reorganized Debtors' Omnibus Response to Motions Seeking, Among Other Forms*

*of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by this Court and to*

*Dismiss the Avoidance Actions Against the Moving Defendants* (the "Omnibus Response")[1] filed

by Plaintiffs.  Mtronics adopts and incorporates by reference the defenses and arguments made

by all other defendants in response to the Omnibus Response and in response to the complaints

filed against such defendants in the other Adversary Proceedings.  Specifically, and without

limitation, Mtronics adopts and incorporates by reference the lead reply briefs to the Omnibus

---

[1] All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Omnibus Response.

Response submitted by Hewlett Packard (AP No. 07-02262), Wagner Smith (AP No. 07-02581),

Johnson Controls (A.P. No. 07-2348), and GKN, MSX, and Valeo (AP. No. 07-02198).

While the arguments set forth in the other defendants' papers apply to Mtronics, Mtronics

has a distinguishable and dispositive defense upon which dismissal should be granted. As

evidenced by the very affidavits of service filed by Plaintiffs in the lead bankruptcy case,

Plaintiffs, in direct contravention of this Court's Order, failed to serve Mtronics with the

Preservation Motion, the First Extension Motion, the Second Extension Motion, and the Third

Extension Motion (collectively, the "Preservation Motions"). Accordingly, Plaintiffs cannot

now claim that Mtronics is bound by the Preservation Order, First Extension Order, Second

Extension Order, or Third Extension Order (the "Preservation Orders"). Moreover, as a matter

of fundamental due process under the Fifth Amendment of the United States Constitution, this

adversary proceeding is due to be dismissed with prejudice. Due process may not be

compromised at the behest and convenience of the Plaintiffs, who failed to serve Mtronics with

the Preservation Motions, despite the fact that Mtronics was clearly a party in interest and due to

be given notice and an opportunity to be heard with respect to such.

**Undisputed Facts**

Each of the Preservation Motions contains a subsection entitled "Notice of Motion,"

wherein Plaintiffs represented to the Court that notice of such motion was given in accordance

with *Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m),*

*9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case*

*Management, and Administrative Procedures, entered March 20, 2006* [Docket No. 2883 of

Lead Bankruptcy Case 05-44481] (the "Case Management Order").[2] In the Case Management

---

[2] *See* Preservation Motion ¶ 55, First Extension Motion ¶ 26, Second Extension Motion ¶27, Third Extension Motion ¶ 24.

1/2053816.1

Order, this Court specifically directed: "Every filing shall be subject to the filing and notice procedures described herein (the 'Notice Procedures'). All Filings *shall be served (a) via overnight mail upon all parties with a particularized interest* in the subject of the Filing..." [*See* Paragraph 15]. "Filings" is defined therein as "every notice, motion or application (each, a 'Motion'), and all briefs, memoranda, affidavits, declarations, or other documents filed concurrently therewith in these cases." [*See* Paragraph 2].

The Preservation Motions were "Filings," and were required to be served on "all parties with a particularized interest" as directed by the Court in the Case Management Order. Mtronics was clearly a party with a particularized interest in the Preservation Motions, given that Plaintiffs named Mtronics in the Complaint and seek to recover from Mtronics millions of dollars. Under the Court's Case Management Order, the Federal Rules of Civil Procedure, the United States Constitution, and fundamental rules of fairness and due process, Mtronics was entitled to notice of the Preservation Motions. Nevertheless, in direct contravention of this Court's Order, Plaintiffs failed to serve Mtronics with any of the Preservation Motions, as verified by the affidavits of service filed with respect to each. [*See* Docket Nos. 9039, 12970, 13415, and 18967 of Lead Bankruptcy Case 05-44481]. These affidavits of service clearly show that neither Mtronics, nor counsel for Mtronics, was served with copies of any of the Preservation Motions.[3]

On June 22, 2007, Delphi Automotive Systems, LLC ("DAS LLC"), one of the affiliated reorganized debtors comprising the Plaintiffs in this action, sued Mtronics in the United States District Court for the Southern District of Indiana, Civil Action No. 1:07 cv 0811-SEB-JMX (the "Lawsuit"). Additionally, on February 15, 2007, Plaintiffs objected to the proof of claim filed by

---

[3] Upon information and belief, an agent authorized to receive service on behalf of Mtronics received the Summons and Complaint on March 29, 2010, thus receiving its first notice approximately 30 months after the adversary proceeding was initiated. On April 16, 2010, Plaintiffs mailed to Mtronics copies of the First Extension Order, Second Extension Order, and Third Extension Order.

Mtronics - Claim No. 12221. [*See* Docket No. 6968 in Lead Bankruptcy Case 05-44481]. At the very same time that the Plaintiffs were filing the Preservation Motions and obtaining orders from this Court to extend the time to serve Mtronics with the instant preference action, Plaintiffs were in active settlement negotiations with Mtronics regarding the Lawsuit and the objection to Mtronics proof of claim. In fact, the Court approved the settlement between Mtronics and DAS LLC with respect to Mtronics proof of claim on December 14, 2007. [*See* Docket No. 11466 in Lead Bankruptcy Case 05-44481]. Accordingly, Plaintiffs were well aware of Mtronics' involvement in the Lead Bankruptcy Case, and of Mtronics' representation by counsel, at the time of filing the Preservation Motions and clearly should have been serving the same on Mtronics. Mtronics negotiated and resolved its disputes with Plaintiffs in good faith, and without knowledge of Plaintiffs' secret proceedings. By failing to comply with the Court's notice and service requirements, Plaintiffs unduly and unfairly prejudiced Mtronics' rights.

<u>**Argument**</u>

1. **Plaintiffs failed to serve the Preservation Motions upon Mtronics in direct contravention of this Court's Case Management Order.**

In each of the Preservation Motions, the Plaintiffs misrepresented to this Court that notice was provided in accordance with this Court's Case Management Order, and that in light of such, no other or further notice was necessary. [*See* Preservation Motion ¶ 55, First Extension Motion ¶ 26, Second Extension Motion ¶27, Third Extension Motion ¶ 24]. In relying on such misrepresentations, this Court entered each of the Preservation Orders (which had been proposed and submitted by Plaintiffs), and each of which stated that it appeared "that proper and adequate notice of the Motion has been given" and "that no other further notice is necessary." As evidenced by the failure to serve Mtronics with any of the Preservation Motions, not only did Plaintiffs fail to abide by the directives of this Court's Case Management Order, but Plaintiffs

obtained the relief now at issue by specifically misrepresenting to this Court that they had indeed

provided notice of the Preservation Motions to all parties of interest, including Mtronics.

Plaintiffs have continued this misrepresentation in their Omnibus Response by

representing to the Court that the Preservation Motions were served "on all parties specified in

the Case Management Order, Docket No. 18839." [*See* Paragraph 37, Footnote 2].  "Case

Management Order, Docket No. 18839" expressly adopts the notice provisions of the prior case

management orders with respect to the service of Filings, including the Case Management Order

[*See* Paragraph 4 therein].  Having failed to serve Mtronics with the Preservation Motions as

required by the Case Management Order, and having misrepresented that they had in fact done

so, Plaintiffs are estopped from claiming that Mtronics is bound by the Preservation Orders.

Accordingly, the Preservation Orders should be vacated with respect to Mtronics, and this

adversary proceeding should be dismissed with prejudice on numerous grounds, including,

without limitation, Plaintiffs' failure to comply with Rule 4(m) of the Federal Rules of Civil

Procedures and Plaintiffs' failure to comply with the two-year statute of limitations imposed by

Section 546(a) of the Bankruptcy Code.

## 2.  Mtronics has been deprived of substantive and procedural due process.

Apart from Plaintiffs' failure to abide by the Court's Case Management Order, Mtronics

has clearly been deprived of both its substantive and procedural due process rights as guaranteed

by the Fifth Amendment of the Constitution of the United States of America.  As established by

the United States Supreme Court, due process is meant to ensure the requirement of fundamental

fairness, and thus mandates certain procedural protections. Matthews v. Eldridge, 96 S. Ct. 893

(1976).  One of these protections, and at the very core of due process, is the fundamental right to

notice and the opportunity to be heard at a meaningful time and in a meaningful manner. Id.; see

1/2053816.1

also <u>Brody v. Village of Port Chester</u>, 434 F.3d 121, 129 (2nd Cir. 2005), quoting <u>Mullane v.

Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950) ("[W]here a person has a right to

be heard, that right 'has little reality or worth unless one is informed that the matter is pending

and can choose for himself whether to appear or default, acquiesce or contest.'").

Mtronics had no notice of the Preservation Motions and had no opportunity to be heard

prior to the entry of the Preservation Orders, which orders substantially affected Mtronics' rights.

As established by the Supreme Court, due process forbids the exercise of judicial power

substantially affecting a defendant's rights without notice. See <u>Griffin</u> v. <u>Griffin</u>, 66 S.Ct. 556

(1946). Additionally, these Preservation Motions effectively extended the two year statute of

limitations imposed by Section 546(a) of the Bankruptcy Code for an additional 2.5 years.

Section 546(a)'s two year statute of limitations is itself a substantive right, See <u>Kilner v. Flocar</u>,

212 F.R.D. 66, 70 (N.D.N.Y. 2002) ("Statutes of Limitation are substantive laws...).

Accordingly, Mtronics has been deprived of both its substantive and procedural due process

rights and the Complaint is due to be dismissed with prejudice.

**3. Plaintiffs' arguments fail to address the notice deficiencies with respect to Mtronics.**

Plaintiffs attempt to hide their failure to abide by both the Court's Case Management

Order and Fifth Amendment due process requirements by littering the Omnibus Response with

one-size-fits-all arguments. For example, in Paragraph 3 Plaintiffs cite to the transcript of a

recent hearing and state: "At a recent hearing, this Court specifically noted that *many* potential

defendants understood, at least at the time the Orders were entered, that they benefit from those

Orders." The Court, with respect to the Preservation Motion, had stated: "And it was on very

wide notice...*there were lots and lots* of potential recipients of [p]references who got actual

notice of it." [Transcript, April 1, 2010 at 28, attached to the Fisher Declaration as Ex. D].

Plaintiffs also argue: "*Several* Movants or their affiliates were served with the Preservation Motion and subsequent Extension Motions." [*See* Omnibus Response ¶ 69]. While "many" or "lots and lots" or "several" of the other potential defendants might have received notice of the Preservation Motions, the fact remains that Mtronics did not. The Plaintiffs' affidavits of service with respect to each of the Preservation Motions show that the Plaintiffs did not serve Mtronics. General averments of service on other defendants does not show adequate service on Mtronics.

Plaintiffs attempt to rely upon their Disclosure Statement as another means of covering their failure to provide notice of the Preservation Motions to Mtronics. [*See* Omnibus Response ¶¶ 15-17, 70]. However, Mtronics was not served with the Disclosure Statement as evidenced by the affidavit of service. [*See* Docket No. 11972 of the Lead Bankruptcy Case 05-44481]. Plaintiffs further note that they filed the Disclosure Statement with their Form 8-K. A Form 8-K, which is filed with the Securities and Exchange Commission for the benefit of shareholders, does not constitute service of process under the Federal Rules of Civil Procedure, nor the does it satisfy the Case Management Order or the procedural requirements of due process.[4]

## Conclusion

Plaintiffs advance numerous additional arguments that Mtronics submits are inapposite and without merit. In addition to joining in the defenses made by the other defendants seeking dismissal of the Adversary Proceedings, Mtronics submits that in failing to provide Mtronics with notice of the Preservation Motions, Plaintiffs not only failed to abide by this Court's Case Management Order, but deprived Mtronics of both substantive and procedural due process.

---

[4] Even if Mtronics had been served with the Disclosure Statement, the brief description therein of the Preservation Order could not and did not satisfy the notice requirements for the Preservation Motion as required by the Case Management Order, the Federal Rules of Civil Procedure, and the procedural rights of due process given that the Preservation Motion had already been filed and heard. Additionally, it should be noted that the Disclosure Statement, while briefly describing the Preservation Order, could not possibly have given notice of the First Extension Motion, Second Extension Motion, or Third Extension Motion, and the orders thereto, given that such motions were not filed until long after the filing of the Disclosure Statement.

Mtronics received absolutely no notice of Plaintiffs' intentions to file the subject avoidance actions under seal and to extend the time for service of such actions for approximately 2.5 years beyond the expiration of the statute of limitations. Without any notice of these Preservation Motions and the effect which such motions would potentially have, Mtronics was deprived of its fundamental right to plan and prepare for, and defend against the instant adversary proceeding. Additionally, Mtronics was unduly and unfairly prejudiced in its settlement negotiations with Plaintiffs, which Mtronics negotiated in good faith and without any knowledge of Plaintiffs' secret proceedings. For these reasons, and for the reasons set forth in the papers submitted by the other moving defendants, Mtronics respectfully requests that the Court dismiss the Complaint with prejudice.

Respectfully submitted this the 2nd day of July, 2010.

\s\ Roger Jones
Roger Jones
Austin L. McMullen
Patrick Darby
Parker Griffin
*Attorneys for Mtronics.com, Inc.*

**OF COUNSEL:**

Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
Nashville, TN 37203
Telephone: (615) 252-2323
rjones@babc.com
amcmullen@babc.com

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
pdarby@babc.com
pgriffin@babc.com

1/2053816.1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of July, 2010, a copy of the above and foregoing was served electronically through the Court's CM/ECF system to all parties consenting to such service, and via electronic email and/or United States first class mail, properly addressed and postage prepaid, upon the following:

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Eric B. Fisher
Barry N. Seidel
Butzel Long, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
fishere@butzel.com
seidelb@butzel.com

Cynthia J. Haffey
Butzel Long, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
haffey@butzel.com

Neil Berger
Scott E. Ratner
Togut, Segal and Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119

\s\ Roger Jones
OF COUNSEL

1/2053816.1