**Hearing Date and Time: July 22, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: July 20, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case Number 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF CLAIMANTS
TO REORGANIZED DEBTORS' OBJECTIONS TO PROOFS OF ADMINISTRATIVE
EXPENSE CLAIM NUMBERS 18742, 19717, 19719, AND 20053

("SUPPLEMENTAL REPLY REGARDING
CERTAIN DUPLICATE CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of Claimants To Reorganized Debtors' Objections To Proofs Of Administrative Expense Claim Numbers 18742, 19717, 19719, And 20053 (the "Supplemental Reply"), and respectfully represent as follows:

A.  <u>Preliminary Statement</u>

1.  On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.  On June 23, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18742, 19717, 19719, 19568, And 20053 (Docket No. 20269) (the "Sufficiency Hearing Notice").

4.  The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

2

    5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on July 22, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

    6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **July 20, 2010.**</u>

B. <u>Relief Requested</u>

    7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of administrative expense claims filed against the Debtors in their chapter 11 cases.

C.    The Claims Filed Against The Debtors

8.    Each of the proofs of administrative expense claims listed on Exhibit A[1] hereto asserts liabilities on account of goods and services supplied to the Debtors post-petition (the "Claims"). During the Reorganized Debtors' review of the Claims, the Reorganized Debtors determined that the Claims are duplicative of other Claims. Accordingly, this Court should enter an order disallowing and expunging each of these proofs of administrative expense claims in its entirety.

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

9.    The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Reorganized Debtors' objections to the Claims should be sustained and each of the Claims should be disallowed and expunged in its entirety.

10.    The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4

---

[1]    Exhibit A sets forth the following information regarding each proof of administrative expense claim: the applicable claim number, the date the claim was filed, the name of the claimant, the applicable omnibus objection, the date of the applicable omnibus objection, the docket number of the claimant's response, the name of the debtor entity against which the claim is asserted, and the basis for the Reorganized Debtors' objections to the Claims.

4

(Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

11. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y Mar. 25, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007)). Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

12. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

5

in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing." Fed. R. Bankr. P. 3001(a), (c).  See January 12, 2007 Transcript at 52:17-22.

E.    Argument Regarding The Claims

13.    Genpact Claims.  It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Genpact International, Inc. ("Genpact") filed four proofs of administrative expense claims asserting liabilities for payment of services provided to the Debtors: proofs of administrative expense claims 18742, 18743, 20052, and 20053.  Proofs of administrative expense claims 18742 and 18743 are identical, with the exception that claim 18742 asserts an administrative expense claim against Delphi Automotive Systems LLC and claim 18743 asserts an administrative expense claim against Delphi Corporation.  Similarly, proofs of administrative expense claims 20052 and 20053 are identical, with the exception that claim 20053 asserts an administrative expense claim against Delphi Automotive Systems LLC and claim 20052 asserts a an administrative expense claim against Delphi Corporation.  Pursuant to article 7.2 of the Modified Plan, however, claims against Delphi Corporation and Delphi Automotive Systems LLC were consolidated into a single group—the Delphi-DAS Debtors[2]—for, among other things, any obligation of the Delphi-DAS Debtors and

---

[2]    As defined in Article 1.54 of the Modified Plan, "Delphi-DAS Debtors" means, collectively, Delphi Corporation, ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Global (Holdings), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems Services LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi LLC, Delphi NY Holding Corporation, Delphi Receivables LLC, Delphi Services Holding Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Tennessee, Inc., Delphi Technologies, Inc., Delphi Electronics (Holding) LLC, Delphi
*(cont''d)*

6

for purposes of making distributions on account of allowed claims. Consequently, because proofs of administrative expense claims 18742 and 18743 are treated as a single obligation under the Modified Plan and proofs of administrative expense claims 20052 and 20053 are treated as a single obligation under the Modified Plan, Genpact is only entitled to one recovery on account of proofs of administrative expense claims 18742 and 18743 and one recovery on account of proofs of administrative expense claims 20052 and 20053.

14.   Accordingly, the Reorganized Debtors request that the Court disallow and expunge proofs of administrative expense claims 18742 and 20053 as duplicative of proofs of administrative expense claims 18743 and 20052, respectively. If such relief is granted, the Reorganized Debtors will not subsequently object to (a) proof of administrative claim 18743 on the basis that such Claim was asserted against Delphi Corporation rather than Delphi Automotive Systems LLC and (b) proof of administrative claim 20052 on the basis that such Claim was asserted against Delphi Corporation rather than Delphi Automotive Systems LLC.

15.   <u>Bing Metals Claims</u>: Bing Metals Group, LLC ("Bing") filed three proofs of administrative expense claims asserting liabilities for payment for goods and services provided to Debtors that are subject to the Sufficiency Hearing:[3] proofs of administrative expense claim 19717, 19718, and 19719. These three administrative expense proofs of claim are identical, with the exception that proof of administrative expense claim 19717 asserts claims against Delphi Corporation <u>et al.</u>, proof of administrative expense claim 19719 assert claims against Delphi Corporation, and proof of administrative expense claim 19718 asserts claims

_____

*(cont''d from previous page)*
    Liquidation Holding Company, DREAL, Inc., Environmental Catalysts, LLC, and Exhaust Systems Corporation, as substantively consolidated for Plan purposes.

[3]    Bing also filed a fourth proof of administrative expense claim number 18797, which is not subject to the Sufficiency Hearing.

against Delphi Automotive Systems LLC. As stated above, pursuant to article 7.2 of the Modified Plan, however, claims against Delphi Corporation and Delphi Automotive Systems LLC were consolidated into a single group—the Delphi-DAS Debtors—for, among other things, any obligation of the Delphi-DAS Debtors and for purposes of making distributions on account of allowed claims. Consequently, Bing is not entitled to recover separately on account of proofs of administrative expense claims 19717, 19718, and 19719, because the three Claims are treated as a single obligation under the Modified Plan. Indeed, in Exhibit A to each of proofs of administrative expense claims 19717, 19718, and 19719, it states "[o]ut of an abundance of caution, Bing is filing three (3) separate Administrative Claim Requests. . . . Bing is asserting an administrative claim request in the collective amount of $148,514.43 <u>and is not seeking a duplicate recovery</u>." (emphasis added). In addition, in Bing's response (Docket No. 19463) to the Reorganized Debtor's objection to Bing's administrative claims Bing also states that it filed three proofs of administrative expense claims "out of an abundance of caution" and that Bing "was not seeking a duplicate recovery."

16. Accordingly, the Reorganized Debtors request that the Court disallow and expunge proofs of administrative expense claims 19717 and 19719 as duplicative of proof of administrative expense claim number 19718. If such relief is granted, the Reorganized Debtors will not subsequently object to proof administrative of claim 19718 on the basis that such Claim was asserted against Delphi Automotive Systems LLC rather than Delphi Corporation or Delphi Corporation <u>et al.</u>

17. For the foregoing reasons, the Reorganized Debtors assert that (a) the claimants listed in column C of <u>Exhibit A</u> have not met their burden of proof to establish a claim against in the Debtors, (b) the Claims are not entitled to a presumption of <u>prima facie</u> validity

8

pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fail to state a claim against the Debtors under Bankruptcy Rule 7012. Because the claimants cannot provide facts or law supporting the Claims, the objections listed in column D of <u>Exhibit A</u> should be sustained as to the Claims, and each of the Claims should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections relating to the Claims, (b) disallowing and expunging each of the Claims in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         July 12, 2010

                SKADDEN, ARPS, SLATE, MEAGHER
                   & FLOM LLP

                By:   /s/ John Wm. Butler, Jr.
                   John Wm. Butler, Jr.
                   John K. Lyons
                   Ron E. Meisler
                155 North Wacker Drive
                Chicago, Illinois 60606

                - and -

                Four Times Square
                New York, New York 10036

                Attorneys for DPH Holdings Corp., et al.,
                   Reorganized Debtors

## Exhibit A - Duplicate Claims

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **Proof Of Administrative Expense Claim Number** | **Date Filed** | **Claimant** | **Omnibus Claims Objection** | **Date Of Omnibus Claims Objection** | **Docket No. of Response** | **Debtor Named On Proof Of Claim** | **Basis for Objection** |
| 18742 | 7/13/2009 | GENPACT INTERNATIONAL INC | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19427 | DELPHI AUTOMOTIVE SYSTEMS LLC | Duplicate Claim |
| 19717 | 11/4/2009 | BING METALS GROUP LLC | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19463 | DELPHI CORPORATION, ET AL | Duplicate Claim |
| 19719 | 11/4/2009 | BING METALS GROUP LLC | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19463 | DELPHI CORPORATION | Duplicate Claim |
| 20053 | 10/30/2009 | GENPACT INTERNATIONAL LLC | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19431 | DELPHI AUTOMOTIVE SYSTEMS LLC | Duplicate Claim |