UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                     :

   In re                             :        Chapter 11
                                     :

DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)
                                     :

        Reorganized Debtors. :       (Jointly Administered)
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM
NUMBER 10836 FILED BY DENNIS DASHKOVITZ


("CLAIMS OBJECTION ORDER REGARDING
DENNIS DASHKOVITZ CLAIM")


Upon the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), objected to proof of claim number 10836 filed by Dennis Dashkovitz (the "Claimant"); and upon Mr. Dashkovitz's response to the Thirty-Fifth Omnibus Claims Objection (Docket No. 18900) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Claimants To

Reorganized Debtors' Objections To Proof Of Claim No. 10836 And Proofs Of Administrative Expense Claim Numbers 17351, 17760, 18332, 18513, 18658, 19080, 19565, And 19568 (Docket No. 20252) (the "Supplemental Reply" and together with the Thirty-Fifth Omnibus Claims Objection and the Response, the "Pleadings"); and upon the record of the June 30, 2010 sufficiency hearing held on the Thirty-Fifth Omnibus Claims Objection to proof of claim number 10836, and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.   Dennis Dashkovitz, the holder of proof of claim number 10836, was properly and timely served with a copy of the Thirty-Fifth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Fifth Omnibus Claims Objection, and the notice of the deadline for responding to the Thirty-Fifth Omnibus Claims Objection.

B.   The Claimant submitted the Response to the Thirty-Fifth Omnibus Claims Objection.

C.   On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Fifth Omnibus Claims Objection.

2

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

        D.      On June 2, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Claim Numbers 2578, 7269, 7658, 9396, 10835, 10836, 11631, And 12251 And Proofs Of Administrative Expense Claim Numbers 17351, 17760, 18332, 18422, 18513, 18658, 18727, 19080, 19565, 19568, 19601, And 19810 (Docket No. 20214) (the "Sufficiency Hearing Notice").

        E.      The Claimant was properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

        F.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        G.      For the reasons stated by this Court at the June 30, 2010 hearing, Claimant has failed to sufficiently plead a <u>prima facie</u> claim; therefore, proof of claim number 10836 should be disallowed and expunged in its entirety.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.      Proof of claim number 10836 is disallowed and expunged in its entirety.

        2.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

      3.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Fifth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

      4.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       July 13, 2010

                       /s/Robert D. Drain
                       UNITED STATES BANKRUPTCY JUDGE