UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
       In re                     :      Chapter 11
                           :
DPH HOLDINGS CORP., et al.,      :      Case No. 05-44481 (RDD)
                           :
          Reorganized Debtors. :      (Jointly Administered)
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 18332 FILED BY JANICE K. HATCH

("CLAIMS OBJECTION ORDER REGARDING
JANICE K. HATCH CLAIM")

         Upon the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain

Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C)

State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E)

Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax

Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge

(A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim,

And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A)

State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow

Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth

Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of

its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), objected to proof of administrative expense claim number 18332 filed by Janice K.

Hatch (the "Claimant"); and upon Ms. Hatch's response to the Forty-Sixth Omnibus Claims

Objection (Docket No. 19885) (the "Response"); and upon the Reorganized Debtors'

Supplemental Reply To Response Of Claimants To Reorganized Debtors' Objections To Proof

Of Claim Number 10836 And Proofs Of Administrative Expense Claim Numbers 17351, 17760,

18332, 18513, 18658, 19080, 19565, And 19568 (Docket No. 20252) (the "Supplemental Reply"

and together with the Forty-Sixth Omnibus Claims Objection and the Response, the "Pleadings");

and upon the record of the June 30, 2010 sufficiency hearing held on the Forty-Sixth Omnibus

Claims Objection to proof of administrative expense claim number 18332, and after due

deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Janice K. Hatch, the holder of proof of administrative expense claim

number 18332, was properly and timely served with a copy of the Forty-Sixth Omnibus Claims

Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection

Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors

To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein
shall have the meanings ascribed to them in the Forty-Sixth Omnibus Claims Objection.

(the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed

order with respect to the Forty-Sixth Omnibus Claims Objection, and the notice of the deadline

for responding to the Forty-Sixth Omnibus Claims Objection.

   B.  The Claimant submitted the Response to the Forty-Sixth Omnibus Claims

Objection.

   C.  On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.

   D.  On June 2, 2010, the Reorganized Debtors filed the Notice Of Sufficiency

Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Claim Numbers 2578,

7269, 7658, 9396, 10835, 10836, 11631, And 12251 And Proofs Of Administrative Expense

Claim Numbers 17351, 17760, 18332, 18422, 18513, 18658, 18727, 19080, 19565, 19568,

19601, And 19810 (Docket No. 20214) (the "Sufficiency Hearing Notice").

   E.  The Claimant was properly and timely served with a copy of the

Sufficiency Hearing Notice and the Supplemental Reply.

   F.  This Court has jurisdiction over the contested matters set forth in the

Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28

U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28

U.S.C. §§ 1408 and 1409.

G.      For the reasons stated by this Court at the June 30, 2010 hearing, Claimant has failed to sufficiently plead a prima facie claim; therefore, proof of administrative expense claim number 18332 should be disallowed and expunged in its entirety.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      Proof of administrative expense claim number 18332 is disallowed and expunged in its entirety.

2.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Sixth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated:  White Plains, New York
        July 13, 2010

        /s/Robert D. Drain
        UNITED STATES BANKRUPTCY JUDGE