**Hearing Date:  August 12, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 19573
<u>(EASHONDA D. WILLIAMS)</u>

("SUPPLEMENTAL REPLY – EASHONDA D. WILLIAMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 19573 (the "Supplemental Reply") filed by Eashonda D. Williams and respectfully represent as follows:

Preliminary Statement

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On August 13, 2009, the Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association ("the Association") on behalf of Eashonda D. Williams (the "Claimaint") filed proof of administrative expense claim number 19573 (the "Proof of Claim") against DAS LLC.  The Proof of Claim asserts an administrative priority claim in an unliquidated amount for workers compensation (the "Claim").

3.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

      4.      On March 19, 2009, the Reorganized Debtors objected to the Proof of Claim pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

      5.      On April 15, 2010, the Association filed the Response Of Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association To The Reorganized Debtor's Forty-Sixth Omnibus Claims Objection Claim No. 19573 (Eashonda D. Williams) (Docket No. 19851) (the "Response").

      6.      On June 8, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19573 (Eashonda D. Williams)  (Docket No. 20233), scheduling an evidentiary hearing on the merits of the Proof of Claim for August 12, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.  On June 15, 2010, the Reorganized Debtors filed the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Claim No. 19573 (Eashonda D. Williams) (Docket No. 20247).

       7.     Ms. Williams has failed to adequately support her claim and establish that the Debtors owe her an outstanding liability.

Argument

A.    <u>Delphi Corporation Does Not Owe Ms. Williams The Amount Asserted In The Proof Of Claim</u>

       8.     Ms. Williams has failed to provide sufficient evidence to support her claim. The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f). <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case). Even if the allegations in the Proof of Claim were sufficient to make a <u>prima facie</u> claim, the Debtors have rebutted that claim by providing specific evidence refuting the validity of the Claim. To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the claim's legal sufficiency." <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y.

4

2005) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)). Here, the Debtors have refuted the allegations that are essential to the Proof of Claim. The burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence . . . . The burden of persuasion is always on the claimant." Id. Here, Ms. Williams has not met that burden.

9. Ms. Williams asserts in the Proof of Claim that Delphi owes her an unliquidated amount for workers' compensation. By contrast, as reflected in the declaration of Dean Unrue, the Reorganized Debtors' believe that the they do not owe Ms. Williams any amount. (See Decl. Of Dean Unrue In Supp. Of Debtors' Supplemental Reply (the "Unrue Decl."), attached as Ex. A.)[1]

10. Based on a claim for workers' compensation filed with Delphi (Claim #A918200320-0001-01), Ms. Williams, a former Delphi employee, alleges that on April 3, 2009, she suffered a lumbar strain while on the job. Unrue Decl. ¶ 6. The Delphi benefits department has reviewed the claim and found it to be invalid. Id.

11. Ms. Williams submitted a receipt in the amount of $699.00 for her emergency room visit following her alleged injury and Delphi has paid this bill in full. Unrue Decl. ¶ 7. Ms. Williams has submitted no further documentation in support of her claim, and accordingly, the Reorganized Debtors believe that no amounts are due and owing. Id.

12. For all the reasons discussed above, the Reorganized Debtors are not liable to Ms. Williams for any amount and the Claim should be disallowed and expunged in its entirety. The Reorganized Debtors reserve all of the their rights to (a) supplement this Supplemental

---

[1] The Reorganized Debtors also expressly incorporate their entire Statement of Disputed Issues With Respect to Proof of Claim No. 19573 (Eashonda D. Williams) (Docket No. 20247) into this Supplemental Reply.

Reply in the event that Ms. Williams files any additional pleading in connection with this matter and (b) assert that Ms. Williams has not followed the claim objection procedures approved by this Court.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         July 15, 2010

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                              & FLOM LLP

                                      By:   /s/ John Wm. Butler, Jr.
                                           John Wm. Butler, Jr.
                                           John K. Lyons
                                           Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                              - and -

                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors

# Exhibit A

**Hearing Date: August 12, 2010**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

DECLARATION OF DEAN UNRUE IN SUPPORT OF SUPPLEMENTAL
REPLY WITH RESPECT TO PROOF OF CLAIM NO. 19573
(EASHONDA D. WILLIAMS)

("UNRUE DECLARATION – EASHONDA D. WILLIAMS")

Dean Unrue declares as follows:

1. DPH Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors"), are the successors to Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), debtors and debtors-in-possession in these Chapter 11 cases. I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Number 19573 (the "Supplemental Reply") filed by Eashonda D. Williams. Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply and the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Claim No. 19573 (Eashonda D. Williams) (Docket No. 20247).

2. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, knowledge obtained from Delphi employees reporting to me and upon which and whom I rely in the regular course of performing our respective duties on behalf of the Reorganized Debtors, and my experience with and knowledge of Delphi's relationship with Ms. Williams. If I were called upon to testify, I could and would testify to the facts set forth herein.

3. Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against Delphi in these Chapter 11 cases. I am responsible for, among other things, overseeing the investigation into and reconciliation of Ms. William's proof of claim number 19573 (the "Proof of Claim"). Based on the information provided to me, I have drawn the following conclusions relevant to the Proof of Claim:

2

4. My staff routinely begins the investigation into a claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

5. Ms. Williams asserts in the Proof of Claim that DAS LLC owes her an unliquidated amount for workers' compensation. I believe that the liability asserted in the Proof of Claim is not owing.

6. Ms. Williams filed a claim for workers' compensation with Delphi (Claim #A918200320-0001-01) in which she alleges that on April 3, 2009, she suffered a lumbar strain while on the job. The Delphi benefits department has reviewed the claim and found it to be invalid, as reflected on <u>Exhibit 1</u> attached hereto.

7. Ms. Williams submitted a receipt in the amount of $699.00 for her Emergency Room visit following her alleged injury and Delphi has paid this bill in full. Ms. Williams has provided no further documentation in support of her claim. Accordingly, I believe that no amounts are due to Ms. Williams.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on July 15, 2010 in Troy, Michigan.

*/s/ Dean Unrue*
Dean Unrue

# EXHIBIT 1

05-44481-rdd    Doc 20422    Filed 07/15/10    Entered 07/15/10 17:32:44    Main Document
Pg 11 of 13

## MISSISSIPPI WORKERS' COMPENSATION COMMISSION
Post Office Box 5300, Jackson, Mississippi 39296-5300

**EMPLOYER'S NOTICE OF CONTROVERSION**

MWCC FILE NUMBER: 0906772
CARRIER FILE NUMBER: A918200320-0001-01

| EMPLOYEE CLAIMANT<br>EASHONDA D. WILLIAMS | | | SOC. SEC. NO.<br>***-**-1313 | NATURE OF INJURY<br>Strain | |
|---|---|---|---|---|---|
| ADDRESS<br>1186 LENOIR RD | | | DATE OF BIRTH<br>12/28/1982 | AGE<br>26 | SEX<br>Female |
| CITY<br>MAGNOLIA | STATE<br>MS | ZIP<br>39652 | INJURY DATE<br>04/03/2009 | | |
| EMPLOYER<br>Delphi Packard Electric Systems | | | INSURANCE CARRIER<br>Sedgwick Claims Management Services, Inc | | |
| ADDRESS<br>408 Dana St. Warren | | | ADDRESS<br>P.O. Box 14422. | | |
| CITY<br>Warren | STATE<br>OH | ZIP<br>44486 | CITY<br>Lexington | STATE<br>KY | ZIP<br>405 |

Pursuant to Section 71-3-37(4) of the Mississippi Workers' Compensation Act, the above named employer controve referenced employee's right to workers' compensation upon the following grounds:
Injury did not arise out of or in the course and scope of employment.



RECEIVED
AUG 10 2009
M. W. C. C.
CLAIMS DEPARTMENT

I hereby certify that a copy of this notice has been served, by mail or personal delivery, to the above named employ the most current address which can be determined by diligent inquiry or to his or her attorney, if represented.

Dated: 07/21/2009

Signature of Employment/Carrier Representati

Title
Claims Examiner III

Address
P.O. Box 14422,

| City<br>Lexington | State<br>KY | Zip<br>40! |
|---|---|---|

Telephone Number:
(248)603-8186

MWCC Form B-52 (1993)

**NATIONAL BENEFIT CENTER**
INTEGRATED DISABILITY ACTIVITY
P.O. Box 14422,
Lexington, KY 40512-4422

**To:** MEDICAL

**Plant:** 55907 --            **Employee ID #:**

**Employee:** EASHONDA D. WILLIAMS            HIS case # 2009-869583

**SS#:** ***-**-1313

**MEDICAL ONLY DECISION**  ☐ Accept /  ☒ Denied

**MO CONDITION(S): DOI 04/03/09 - Low Back Strain**

Current VIP Status: R31            Effective Date: 05/11/2009            Dept:

Last Day Worked:            Claim Start Date: 04/03/2009            Badge: _____

Original Claim Form Issued?   ☐ No    ☐ Yes  Date Issued: _____

Supplementary Claim Form Outstanding?   ☐ No    ☐ Yes  Date Issued: _____

Return To Work Date Per Attending Physician:

**Please review the disability leave status.**

☐ Initial claim form issued _____ has not yet been received by the NBC.

☐ The period for which there is no certification of disability is: _____ through _____

☐ The employee has submitted satisfactory evidence of disability. We recommend you place the employee on status _____ effective _____.

☐ As of this date, our records show the employee has reinstated through Employment/Medical, but is **not** actively at work.

☐ Corrected first day of disability: from _____ to _____.

☐ Corrected last day of work: from _____ to _____.

☐ This employee has exhausted S&A benefits effective _____. EDB commences _____.

☐ Due to WC acceptance, please change the employee's status to A11 effective _____.

   The date of injury is: _____.

☐ Please change the employee's status to A11 for period _____ to _____ and / or for period _____ to _____.

☐ The employee is not entitled to receive WC.

☐ Due to redemption of liabilities, please change employee's status to R20 effective _____.

☐ WC has terminated benefits effective _____. Unreduced S&A commences _____ if eligible.

☐ Comments: _____

WC REVIEWER: Dawn Wagoner     PHONE: (248)603-8186    DATE: 07/21/2009

**EDB = Extended Disability Benefits        S&A = Sickness & Accident Benefits        WC = Worker's Compensation Benefits**

7/21/2009            A918200320000101            582009072100526 7