SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                    :
     In re                                          :    Chapter 11
                                                    :
DPH HOLDINGS CORP., et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
            Reorganized Debtors.                    :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS,
NEXTEER AUTOMOTIVE CORPORATION, AND NISSAN NORTH AMERICA, INC. (I)
DISALLOWING AND EXPUNGING VARIOUS PROOFS OF CLAIM, (II) DISALLOWING
AND EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18975,
AND (III) RESOLVING SECTION 365 OBJECTION

(NISSAN NORTH AMERICA, INC.)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Nexteer Automotive Corporation ("Nexteer"), and Nissan North America, Inc. (f/k/a Nissan Motor Manufacturing) (the "Claimant" or "Nissan") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Nexteer Automotive Corporation, And Nissan North America, Inc. (I) Disallowing And Expunging Various Proofs Of Claim, (II) Disallowing And Expunging Proof Of Administrative Expense Claim Number 18975, And (III) Resolving Section 365 Objection (Nissan North America, Inc.) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on the dates listed in column B on Exhibit A (titled "Date Filed"), attached hereto, the proofs of claim (the "Proofs of Claim") listed in column A on Exhibit A (titled "Proof of Claim Number") were filed by the Claimant against the Debtor entities listed in column F on Exhibit A (titled "Debtor Named on Proof of Claim") asserting secured, priority, and general unsecured claims (collectively, the " Prepetition Claims") in the amounts and classifications listed in columns D and G, respectively, on Exhibit A (titled "Asserted Amount" and "Asserted Classification," respectively).

WHEREAS, on October 31, 2006, the Debtors objected to the Proofs of Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant to 11 U.S.C. § 502(b) And Fed.R.Bankr.P. 3007 To Certain (A) Claims With Insufficient Documentation, (B)

2

Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, the Claimant filed the Response By Nissan North America, Inc. to Debtors' Third Omnibus Claims Objection (Docket No. 5701) (the "First Response").

WHEREAS, on July 10, 2009, the Debtors served the Claimant with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To GM Components Holdings, LLC Or Steering Solutions Services Corporation, As Applicable, Under Modified Plan Of Reorganization (Docket No. 18077), providing that all executory contracts between Nissan and the Debtors with respect to the Debtors' Steering business, including but not limited to, Contract No. SP5002 (with Nissan Motor Manufacturing as the counterparty), as contracts to be assumed by the Debtors and assigned to GM Components Holdings, LLC or Steering Solutions Services Corporation, as applicable (collectively the "GM/Nissan Contract"), and listing a cure amount of $0.00.

WHEREAS, on July 10, 2009, the Debtors served the Claimant with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization (Docket No. 18076) (the "Parnassus Notice Of Assumption And Assignment") listing Contract Nos. PR00103624, PR00118367, PR00118368, PR00126596, PR00126597, PR00126598, PR00126599, PR00126601, PR00126602, PR00126603, PR00156826, PR00156827, PR00156828, PR00156829, PR00156830, PR00156831, PR00156832, PR00156833, PR00156834, PR00156835, PR00156836, PR00156837, PR00168951,

3

PR00168952, PR00168953, PR00168954, PR00168955, PR00168956, PR00168957, PR00168958, PR00168959, PR00168961, PR00168962, PR00177118, PR00177119 PR00177120, and SP5740 (with Nissan Motor Mfg. Corp. USA as the counterparty)as contracts to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC (the "New Delphi/Nissan Contracts") and listing corresponding cure amounts of $0.00.

WHEREAS, on July 15, 2009, Claimant filed proof of administrative expense claim number 18975 asserting and administrative priority claim in the amount of $249,138.70 stemming from certain contractual obligations ("Claim 18975").

WHEREAS, on July 20, 2009, Claimant filed Nissan North America, Inc.'s Objection to Assumption and Assignment of Executory Contracts and to Proposed Cure Amounts in Connection Thereto (Docket No. 18456) (the "Section 365 Objection").

WHEREAS, on July 27, 2009, the Debtors served the Claimant with their Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization indicating that all Contract Nos. listed on the Parnassus Notice Of Assumption And Assignment would be assigned to DIP Holdco 3, LLC rather than Parnassus Holdings II, LLC.

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC ("GM Components"), General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC ("DIP Holdco 3"), among others, dated as of July 30, 2009 (the "MDA"), the applicable Buyers (as defined in the MDA) are responsible for the cure amount for contracts that were assumed and assigned to the Buyers.

WHEREAS, Steering Solutions Services Corporation (n/k/a Nexteer Automotive Corporation) was a GM Buyer (as defined in the MDA).

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on April 16, 2010, the Reorganized Debtors objected to Claim 18975 pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHEREAS, on May 12, 2010, the Claimant filed the Response By Nissan North America, Inc. To Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Disallow And Expunge Certain Administrative Expense Books And Records Claims (Docket No. 20031) (the "Second Response," together with the First Response, the "Responses").

5

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to Prepetition Claims, the Forty-Seventh Omnibus Claims Objection with respect to Claim 18975, and the Section 365 Objection, the Reorganized Debtors, Nexteer, and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors, Nexteer, and the Claimant agreed that the each of the Prepetition Claims and Claim 18975 should be disallowed and expunged in its entirety and the Section 365 Objection shall be deemed resolved.

NOW, THEREFORE, the Reorganized Debtors, Nexteer, and the Claimant stipulate and agree as follows:

1. Each of the Prepetition Claims listed on <u>Exhibit A</u> attached hereto is hereby disallowed and expunged in its entirety.

2. Claim 18975 is hereby disallowed and expunged in its entirety.

3. The total cure amount for the GM/Nissan Contract and any other contract assumed by the Reorganized Debtors and assigned to GM Components or Steering Solutions Services Corporation, as applicable, shall be $44,062.17. Nexteer paid the $44,062.17 cure payment to Nissan on June 17, 2010. Nexteer shall be liable for any further amounts that become due and owing under the GM/Nissan Contract. The Reorganized Debtors shall have no responsibility with respect to the cure payment referenced herein or any further amounts that become due and owing under the GM/Nissan Contract.

4. The total cure amount for the New Delphi/Nissan Contracts and any other contract assumed by the Reorganized Debtors and assigned to DIP Holdco 3 shall be $0.00.

5. The Claimant shall be subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and

6

conclusions and decretal paragraphs approving the assumption and assignment of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.

6. The Responses are hereby deemed withdrawn with prejudice.

7. The Section 365 Objection is hereby deemed withdrawn with prejudice.

8. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 15th day of July, 2010

                                                      /s/ Robert D. Drain_____
                                                      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ David E. Lemke |
|---|---|
| John Wm. Butler, Jr. | David E. Lemke |
| John K. Lyons | WALLER LANSDEN DORTCH & DAVIS, LLP |
| Ron E. Meisler | 511 Union St., Suite 2700 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Nashville, TN 37219 |
| 155 North Wacker Drive | Attorneys for Nissan North America, Inc. |
| Chicago, Illinois 60606 | |
| - and – | |
| Four Times Square | /s/ Frank L. Gorman |
| New York, New York 10036 | Frank L. Gorman |
| | HONIGMAN MILLER SCHWARTZ AND COHN LLP |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | 660 Woodward Avenue |
| | 2290 First National Building |
| | Detroit, Michigan 48226-3506 |
| | Attorneys for Nexteer Automotive Corporation |