SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :
    In re                                              :          Chapter 11
                                                           :
DPH HOLDINGS CORP., et al.,         :          Case No. 05-44481 (RDD)
                                                          :
              Reorganized Debtors.     :          (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER COMPROMISING
AND ALLOWING PROOFS OF CLAIM NUMBERS 15680, 15682, AND 15683 AND
DISALLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS 15679 AND 15681

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Specialty Coatings Systems Inc. ("Specialty Coatings"), and Fry's Metals, Inc., a Cookson Electronics Company ("Fry's Metals") respectfully submit this Joint Stipulation And Agreed Order Compromising And Allowing Proofs Of Claim Numbers 15680, 15682, And 15383 And Disallowing And Expunging Proofs Of Claim Numbers 15679 and 15681 (Specialty Coatings Systems Inc. And Fry's Metals, Inc., A Cookson Electronics Company) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), Delphi Mechatronic Systems, Inc. ("Mechatronic"), and Delphi Connection Systems ("DCS"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 31, 2006, Fry's Metal filed proof of claim number 15679 ("Proof of Claim No. 15679") against DAS LLC, asserting an unsecured non-priority claim in the amount of $12,284.59 for amounts allegedly outstanding for goods sold under numerous purchase orders (the "Purchase Orders") issued by DAS LLC between August and October of 2005 ("Claim 15679").

WHEREAS, on July 31, 2006, Fry's Metals filed proof of claim number 15680 ("Proof of Claim No. 15680") against DCS, asserting an unsecured non-priority claim in the amount of $4,625.00 arising from goods sold ("Claim 15680").

WHEREAS, on July 31, 2006, Fry's Metal filed proof of claim number 15681

2

("Proof of Claim No. 15681") against DAS LLC, asserting an unsecured non-priority claim in the amount of $58,228.25 for amounts allegedly outstanding under the Purchase Orders ("Claim 15681").

WHEREAS, on July 31, 2006, Fry's Metals filed proof of claim number 15682 ("Proof of Claim No. 15682") against Mechatronic, asserting an unsecured non-priority claim in the amount of $14,615.98 arising from goods sold ("Claim 15682").

WHEREAS, on July 31, 2006, Specialty Coatings Systems Inc. ("Specialty Coatings") filed proof of claim number 15683 ("Proof of Claim No. 15683") against DAS LLC, asserting an unsecured non-priority claim in the amount of $76,385.97 arising from goods sold ("Claim 15683," together with Claim 15679, Claim 15681, Claim 15680, and Claim 15682, the "Claims").

WHEREAS, On May 22, 2007, the Debtors objected to Proof of Claim No. 15679, Proof of Claim No. 15681, and Proof of Claim No. 15683 pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject to Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

WHEREAS, on June 18, 2007, Fry's Metal filed Fry's Metals, Inc., A Cookson Electronics Company's Response To Debtors' Fifteenth Omnibus Claims Objection (Docket No. 8317) (the "Response").

WHEREAS, Specialty Coatings did not file a response to the Fifteenth Omnibus Claims Objection with respect to the Debtors' objection to Proof of Claim No. 15683.

3

WHEREAS, on September 14, 2007, Specialty Coatings filed its Memorandum Of Law In Support For Motion For, Inter Alia, Reconsideration Pursuant To 11 U.S.C. 502(j) And Fed. Bankr. Rule 3008, Or Alternatively, To Vacate, Pursuant To Fed. Rule 60(b) And Fed. Bankr. Rule 9006, Order Signed On June 29, 2007 (Pacer Item 8443) Disallowing And Expunging Certain Claims Identified In Fifteenth Omnibus Claims Objection, Disallowing And Expunging, Inter Alia, Proof Of Claim No. 15683 Of Specialty Coatings, Inc. And Reinstatement Of Proof Of Claim Number 15683 (Docket No. 9362) (the "Motion to Reconsider").

WHEREAS, DAS LLC is entitled to a credit in the amount of $46,621.00 towards postpetition shipments for wire transfers exceeding the balance owed to Fry's Metal in connection with Proof of Claim No. 15679 and Proof of Claim No. 15681.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), the Effective Date (as defined in the Modified Plan) occurred, and the transactions under the Master Disposition Agreement (as defined in the Modified Plan) and related agreements were closed.

WHEREAS, on the Effective Date the Debtors emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi, DAS LLC, Mechatronic and DCS each emerged from chapter 11 as DPH Holdings Corp., DPH-DAS LLC, DPH Mechatronic Systems, LLC and DPH Connection Systems, LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if

4

any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, pursuant to the Master Disposition Agreement, Delphi Automotive Systems, LLC acquired the rights to a credit in the amount of $44,770.48 towards postpetition shipments for wire transfers by DAS LLC exceeding the balance owed to Fry's Metal in connection with Proof of Claim No. 15679 and Proof of Claim No. 15681.

WHEREAS, pursuant to the Master Disposition Agreement, GM Components Holdings LLC acquired the rights to a credit in the amount of $1,850.52 towards postpetition shipments for wire transfers by DAS LLC exceeding the balance owed to Fry's Metal in connection with Proof of Claim No. 15679 and Proof of Claim No. 15681.

WHEREAS, to resolve the Fifteenth Omnibus Claims Objection and the Motion to Reconsider with respect to the Claims, the Reorganized Debtors, Fry's Metals, and Specialty Coatings entered into this Stipulation, pursuant to which the Reorganized Debtors, Fry's Metals and Specialty Coatings agreed that Claim 15680 should be allowed in the amount of $4,625.00 and shall be treated as an allowed general unsecured non-priority claim against DPH Connection Systems, LLC, that Claim 15682 should be allowed in the amount of $14,615.98 and shall be treated as an allowed general unsecured non-priority claim against DPH Mechatronic Systems, LLC, that Claim 15683 should be allowed in the amount of $76,385.97 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC, and that Fry's Metals shall, within 30 days of the entry of this Stipulation by the Court, pay Delphi Automotive Systems, LLC a one-time cash payment in the amount of in the amount of $44,770.48 and GM Components Holdings LLC a one-time cash payment in the amount of $1,850.52 in connection with Claim 15679 and Claim 15681.

THEREFORE, the Reorganized Debtors and Fry's Metals and Specialty Coatings stipulate and agree as follows:

1. Claim 15680 shall be allowed in the amount of $4,625.00 and shall be treated as an allowed general unsecured non-priority claim against DPH Connection Systems, LLC in accordance with the terms of the Modified Plan.

2. Claim 15682 shall be allowed in the amount of $14,615.98 and shall be treated as an allowed general unsecured non-priority claim against DPH Mechatronic Systems, LLC in accordance with the terms of the Modified Plan.

3. Claim 15683 shall be allowed in the amount of $76,385.97 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

4. Claim 15679 and Claim 15681 shall be disallowed and expunged with prejudice.

5. Within 30 days of the entry of this Stipulation by the Court, Fry's Metals shall pay Delphi Automotive Systems, LLC a one-time cash payment in the amount of in the amount of $44,770.48 and GM Components Holdings LLC a one-time cash payment in the amount of in the amount of $1,850.52 in connection with Claim 15679 and Claim 15681. Receipt of these payments by Delphi Automotive Systems, LLC and GM Components Holdings LLC is a condition precedent to any distributions made regarding the allowed claims contemplated in this Stipulation and which payment shall be in full and final satisfaction of the amounts owed the Reorganized Debtors in connection with Claim 15679 and Claim 15681.

6. Fry's Metals shall withdraw its Response to the Fifteenth Omnibus Claims Objection with prejudice.

      7.      The Motion to Reconsider filed by Specialty Coatings is hereby deemed resolved.

      8.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 15th day of July, 2010

        /s/ Robert D. Drain
      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Jeffrey A. Cooper |
|---|---|
| John Wm. Butler, Jr. | Jeffrey A. Cooper |
| John K. Lyons | Marc D. Miceli |
| Ron E. Meisler | CARELLA, BYRNE, BAIN, GILFILLAN, |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | CECCHI, STEWART & OLSTEIN |
| 155 North Wacker Drive | 5 Becker Farm Road |
| Chicago, Illinois 60606 | Roseland, New Jersey 07068 |
| | Attorneys for Specialty Coatings, Inc., and Fry's Metals, Inc., a Cookson Electronics Company |

      - and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors