SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND UNIVERSAL TOOL AND ENGINEERING
COMPANY, INC. COMPROMISING AND ALLOWING
<u>PROOF OF CLAIM NUMBER 6878</u>

(UNIVERSAL TOOL AND ENGINEERING COMPANY, INC.)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Universal Tool and Engineering Company, Inc. (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Universal Tool And Engineering Company, Inc. Compromising And Allowing Proof Of Claim Number 6878 (Universal Tool And Engineering Company, Inc.) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on May 25, 2006, the Claimant filed proof of claim number 6878 against DAS LLC, which asserts a general unsecured non-priority claim in the amount of $85,400 plus unspecified amounts (the "Claim") stemming from a property lease agreement between Claimant and DAS LLC.

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R .Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, the Claimant filed the Response To Third Omnibus Claims Objection (Claim Nos. 6878, 11114 And 2175) (Docket No. 5878) (the "First Response").

WHEREAS, on February 7, 2008, the Debtors filed the Notice Of Debtors' Election To Accept Claimant's Asserted Maximum Capped Amount For Proof Of Claim Number 6878 (Docket No. 12538) agreeing to cap the Claim at $348,481.97.

WHEREAS, on February 3, 2010, the Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities,(B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19395) (the "Forty-Fourth Omnibus Claims Objection").

WHEREAS, on March 11, 2010, the Claimant filed the Universal Tool And Engineering Company, Inc.'s Response To Reorganized Debtors' Forty-Fourth Omnibus Objection (Docket No. 19639) (and together with the First Response, the "Responses").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified

Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to the Claim, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claim should be allowed as a general unsecured non-priority claim in the amount of $85,400.00 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $85,400.00 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2. The Responses are hereby deemed withdrawn with prejudice.

3. The Forty-Fourth Omnibus Claims Objection with respect to the Claim is hereby deemed preserved, and the Reorganized Debtors reserve any and all of their rights with respect to any action pending under chapter 5 of the Bankruptcy Code against the Claimant, including, without limitation, any rights under 11 U.S.C. § 502(d).

4. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 16th day of July, 2010

      /s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ William M. Braman |
|---|---|
| John Wm. Butler, Jr. | William M. Braman |
| John K. Lyons | Montgomery, Elsner & Pardieck, LLP |
| Ron E. Meisler | 308 West 2nd Street |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Seymour, IN 47274 |
| 155 North Wacker Drive | Attorney for Universal Tool and Engineering |
| Chicago, Illinois 60606 | Company, Inc. |

- and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors