**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NO. 11129 (CROWN ENTERPRISES, INC.)

("STATEMENT OF DISPUTED ISSUES – CROWN ENTERPRISES, INC.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 11129 filed by Crown Enterprises, Inc. ("Crown Enterprises") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 26, 2006, Crown Enterprises filed proof of claim number 11129 (the "Proof of Claim") against DAS LLC. The Proof of Claim asserts an unsecured non-priority claim in the amount of $269,135.33 for prepetition taxes and utilities allegedly owed under a prepetition lease as well as damages occurring prepetition in connection with the prepetition lease (the "Claim").

3. On April 27, 2007, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And

Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

4.   On May 23, 2007, Crown Enterprises filed its Response To Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Proof Of Claim No. 11129 Filed By Crown Enterprises, Inc. (Docket No. 8011) (the "Response").

5.   On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

Disputed Issues

A.   <u>DAS LLC Does Not Owe Crown Enterprises Certain Amounts Asserted In The Proof Of Claim</u>

6.   Crown Enterprises asserts in the Proof of Claim that DAS LLC owes Crown Enterprises a total of $269,135.33 for unpaid prepetition taxes, utilities, and damages occurring prepetition.  These amounts allegedly arise from a prepetition lease dated November 1, 1979, and subsequently amended, for real property located in Buena Vista Township, Michigan (the "Lease") pursuant to which Crown Enterprises is the landlord.  The Reorganized Debtors

have reviewed the information attached to the Proof of Claim and the Response and dispute that they owe certain amounts asserted in the Proof of Claim.

7.     <u>Alleged Prepetition Damages To Leased Premises Were Repaired To Claimant's Satisfaction</u>.  A portion of the Proof of Claim is based on damages that allegedly occurred before the Petition Date with respect to property that is subject of the Lease.  The Reorganized Debtors contend that all repairs were completed to Crown Enterprise's satisfaction when the Lease was terminated in June 2006.  Therefore, $185,000.00 should be subtracted from the amount claimed.

8.     After taking into account the above-referenced deductions to the Proof of Claim, the Reorganized Debtors reconciled the Proof of Claim as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $269,135.33 |
|---|---|---|
| <u>Modifications</u> | Amount Claimed For Prepetition Damages | ($185,000.00) |
| <u>Reconciled Amount</u> | | $84,135.33 |

9.     The Reorganized Debtors do not dispute the remaining $84,135.33 of the Claim and request that the Claim be reduced to and allowed as a general unsecured non-priority claim against DPH-DAS LLC in the amount of $84,135.33.[1]

---

[1]     Pursuant to the Supplemental Response To Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3006 To Proof Of Claim No. 11129 Filed By Crown Enterprises, Inc. (Docket No. 11740), dated January 4, 2008, Crown Enterprises concedes that it no longer has a claim for prepetition damages and requests allowance of the Claim in the amount of $84,135.33.

4

Reservation Of Rights

10.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a)  allowing the Proof of Claim as a general unsecured non-priority claim against DPH-DAS LLC in the amount of $84,135.33 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
July 16, 2010

        SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors