UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re                                               :    Chapter 11
                                                    :
DPH HOLDINGS CORP., *et al.*,          :    Case No. 05-44481 (RDD)
                                                    :
             Reorganized Debtors.      :    (Jointly Administered)
                                                    :
                                                    :    Omnibus Hearing: July 22, 2010
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY IN SUPPORT OF SUPPLEMENT TO MOTION OF METHODE ELECTRONICS, INC. FOR AN ORDER (I) PERMITTING METHODE TO CONTINUE POST-PETITION LITIGATION WITH THE REORGANIZED DEBTORS IN MICHIGAN AND (II) OVERRULING THE REORGANIZED DEBTORS' TIMELINESS OBJECTION TO METHODE'S ADMINISTRATIVE EXPENSE CLAIMS**

1.      Methode Electronics, Inc. ("Methode") respectfully submits this reply to the Reorganized Debtors' Supplemental Objection [Docket No. 20418] (the "Supplemental Objection") in response to Methode's Supplement to its Motion for an Order (I) Permitting Methode to Continue Post-Petition Litigation with the Reorganized Debtors in Michigan and (II) Overruling the Reorganized Debtors' Timeliness Objection to Methode's Administrative Expense Claims (the "Supplement") [Docket No. 20274].[1]

2.      The Supplemental Objection is nothing but an untimely attempt to reargue the ruling of this Court at the May 20 hearing on the Motion, confirmed by the Court's June 14, 2010 Order and "So Ordering" of the May 20 transcript, that the Debtors' timeliness objection to Methode's Contract Claim was "moot" in light of Methode's stated intention to file an amended counterclaim in Michigan "based upon the August [2009] termination" of the Post-

---

[1] Capitalized terms not defined herein have the same meanings as in Methode's briefs in support of the Motion. [Docket Nos. 19896; 20164]  References to exhibits are to the exhibits submitted in connection with the Supplement.

Confirmation Supply Agreement rather than the alleged anticipatory repudiation of that agreement at an earlier date. Ex. A at 27-28.

   3.  It should go without saying that the basic premise of the Court's May 20 ruling is that Methode's now-withdrawn claim for a pre-bar date anticipatory *repudiation* is not the same for purposes of the bar date as a claim based on Delphi's August 2009 *actual* failure to perform and termination of the parties' contract, well after the bar date. *Id.* at 28. As the Court explained in unmistakable terms, "obviously, a claim for anticipatory breach is different than a claim for actual breach, and you're asserting a claim for actual breach now, not anticipatory breach." *Id*.

   4.  The belated effort of the Supplemental Objection to assert that Methode's repudiation claim subsumes its claim for actual breach is precisely what the Debtors urged and the Court rejected back in May. At the hearing, the Court was clear that, although conduct prior to May 31, 2009 cannot be relied upon as a "separate basis" for a claim, such conduct may be "relevant" to determining whether there was a breach after the bar date. *Id.*; *see id*. at 30 ("you can look at Delphi's conduct, generally, to see whether there was a breach post bar date"); *id*. at 32 ("you may assert as a response to Delphi's argument that we had a perfect right to terminate the contract [s]ome sort of pre bar date fact, as long as that pre bar date fact does not, in and of itself, give rise to a separate claim").

   5.  The Court is respectfully referred to the proposed Amended Counterclaim appended to the Supplement to which the Reorganized Debtors now object. The proposed Amended Counterclaim differs fundamentally from its predecessor in that it squarely alleges that Delphi "prematurely and unlawfully terminat[ed] all purchases of the subject parts from Methode in August 2009." Ex. C ¶ 19. The Reorganized Debtors are clearly wrong in

asserting (Supplemental Objection at p. 5) that the "only claim" in the proposed Amended Counterclaim seeks "to remedy alleged bad faith and fraudulent inducement at inception" of the contract. To the contrary, the Amended Counterclaim seeks damages arising from a breach of contract that occurred *in August 2009* when Delphi terminated the contract in bad faith (Ex. C. ¶¶ 19, 25); indeed, as discussed at the May 20 hearing, it was only in September 2009 that Methode sought an injunction to prevent Delphi's unlawful breach of contract.

6. The Amended Counterclaim is plainly compliant with the Court's rulings summarized above. Methode therefore respectfully submits that no further hearing is required, and that the Court should enter forthwith the order appended to the Supplement allowing Methode to file and prosecute the Amended Counterclaim in the state courts of Michigan.[2]

Dated: July 19, 2010
New York, New York

**WACHTELL, LIPTON, ROSEN & KATZ**

   /s/ Douglas K. Mayer
   Douglas K. Mayer
   Emil A. Kleinhaus
   Alexander B. Lees
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000


**LOCKE LORD BISSELL & LIDDELL LLP**
  Ann Marie Walsh
111 South Wacker Drive
Chicago, Illinois  60606
Telephone:  (312) 443-0654
Facsimile:  (312) 896-6654

*Attorneys for Methode Electronics, Inc.*

---

[2] Alternatively, although Delphi has already had its opportunity to be heard on these matters, Methode will of course appear at the July 22 omnibus hearing to address them as required by the Court.