Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Neil Berger
Richard K. Milin
Daniel F.X. Geoghan
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
*Conflicts Counsel for Plaintiffs*

Hearing Date: July 22, 2010
At: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :    Case No. 05-44481 [RDD]
DPH HOLDINGS CORP, *et al.*,                    :
                                                :    Adv. Pro. No. 07-02074, et seq.
              Reorganized Debtors.              :
                                                :
-----------------------------------------------------------------x

**PLAINTIFFS' LIMITED RESPONSE TO CERTAIN
DEFENDANTS' MOTION TO DISMISS
CLAIMS THAT PLAINTIFFS DO NOT MAKE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Plaintiffs DPH Holdings Corporation and certain of its affiliated reorganized debtors (the "Plaintiffs"), in their capacities as plaintiffs in the adversary proceedings listed in Schedule "A" annexed hereto, by their conflicts counsel Togut, Segal & Segal LLP, respectfully submit this Limited Response to the Reply Memorandum of Law in Support of Motions of defendants Affinia, GKN, MSX and Valeo [the "Defendants"] dated July 2, 2010 (the "Affinia Reply").

Plaintiffs submit this Limited Response to correct the record and to rectify the misimpression created by certain arguments in the Affinia Reply. Once the facts as set forth below are clear, it should be equally clear that Defendants' motion to dismiss claims Plaintiffs do not make, discussed in Points A and H of the Affinia Reply, should be denied.

1

As its leading argument, the Affinia Reply asserts that "the Debtors have improperly refused to consent to orders dismissing its preference complaints against MSX, GKN and Valeo to the extent the Debtors' claims are based on assumed contracts." (Affinia Reply at 3.) The Affinia Reply further complains of "[t]he Debtors' apparent unwillingness to dismiss *the* claims." (*Id.* at 4 (emphasis added).) Neither of these statements is correct. Tellingly, whereas the Affinia Reply attaches the Defendants' request that the Plaintiffs consent to their proposed orders to dismiss, the Affinia Reply omits the Plaintiffs' response. That response was: "our client has researched the issue, and has advised us that none of the challenged transfers relate to assumed contracts." (*See* Supplemental Declaration of Richard K. Milin dated July 20, 2010 ("Milin Supp. Decl."), Exhibit "3".)[1]

On June 16, 2010, counsel to the Affinia, Valeo, GKN and other defendants sent the Togut Firm proposed Orders "Dismissing Claims Based on Transfers Under Assumed Contracts." (Affinia Reply, Exh. 3.) Two days later, the Togut Firm, as Plaintiffs' conflicts counsel, responded by reaffirming that it would "consider requests to dismiss based on allegations of assumption of relevant contracts or misidentification of defendants 'voluntarily and in good faith in an effort to minimize future motion practice.'" (*See* Milin Supp. Decl., Exhibit "1" (quoting the Togut Firm's Joinder dated

---

[1] Not unlike Valeo and GKN, several of the defendants listed on the attached Schedule "A" raised arguments unique to themselves. Plaintiffs have sought to resolve all of those issues. Plaintiffs have submitted a proposed stipulation and order to defendants Sumitomo Electric Wiring Systems and Sumitomo Wiring Systems, Inc. agreeing to dismiss Sumitomo Electric Wiring Systems. In addition, Plaintiffs, working with Sumitomo Sitix, now known as SUMCO Phoenix Corporation ("SUMCO"), have identified a number of transfers made to SUMCO during the preference period in connection with assumed purchase orders and have agreed to dismiss their claims as to those transfers. Finally, Plaintiffs, again working with the defendants, have determined that the preference period transfers made to defendant Prudential Relocation were made in respect of a Services Agreement that was assumed during the Bankruptcy. That action is being dismissed in its entirety.

June 18, 2010).)  The Togut Firm added that "we have forwarded your emails to our client and have initiated investigations of the relevant facts" and requested that Defendants "provide us with documents sufficient to demonstrate the accuracy of your statements that particular transfers cannot be avoided because specific GKN and Valeo contracts have been assumed…." (*Id.*)

Defendants did not provide any information in response.  Instead, their counsel asserted that: "we provided you (in our motions) with the notices of assumptions that identified the contracts assumed.  How can any more information be necessary at this point?"  (Milin Supp. Decl., Exhibit "2".)

The Togut Firm responded on June 22, 2010:  "You provided us with notices of assumption, but no documents to show that the challenged transfers related to assumed contracts.  In the meantime, our client has researched the issue, and has advised us that none of the challenged transfers relate to assumed contracts."  (Milin Supp. Decl. Exhibit "3".)  To date, the facts remain the same.

Although the parties' correspondence continued, it should be clear that the Plaintiffs did not "improperly refuse[] to consent to orders dismissing its preference complaints … to the extent the Debtors' claims are based on assumed contracts." (Affinia Reply at 3.)  Rather, Plaintiffs stated that they would dismiss claims that the facts show should be dismissed.  Similarly, Plaintiffs did not evidence an "apparent unwillingness to dismiss *the* claims…." (Id. at 4 (emphasis added.))  So far as any party is aware, there are no such claims.

The issue here is simple:  the Defendants are demanding, with unaccountable persistence, that the Plaintiffs consent to dismiss claims they do not make.  There is no basis for such a demand, and the Defendants cite no support for it.  It is well established that Courts will not enter such pointless orders.  *See, e.g., McKennon v. Nashville*

3

*Banner Pub. Co.*, 513 U.S. 352, 361-62 (1995) (refusing to order discharged employee reinstated because, given that the employee would then be terminated on lawful grounds, such an order would be "both inequitable and pointless"); *SEC v. Bank of America Corp.*, 653 F.Supp.2d 507, 511 (S.D.N.Y. 2009) (refusing to enter a proposed consent order because, *inter alia*, "the broad but vague injunctive relief here sought would be a pointless exercise"); *United States v. Maui County*, 298 F.Supp.2d 1010, 1013 (D. Haw. 2003) (declining a motion to dismiss a complaint for naming the wrong party as "pointless" because the complaint can merely be amended).

The Affinia Reply closes with another, similarly incorrect argument, complaining that the Togut Firm "has refused to sign" a consent order dismissing claims against certain entities that Defendants assert do not exist. (Affinia Reply at 28.) In fact, as the correspondence that the Defendants failed to submit shows, the Togut Firm responded quite differently. First, the Togut Firm requested from the Defendants -- but did not receive -- "documents sufficient to demonstrate … that ... certain Valeo defendants have been misidentified." (Milin Supp. Decl. Exhibit "1".) Ten days later, as the unfortunate correspondence continued, the Togut Firm wrote:

> Your email asks us, once again, to consent to the entry of orders that serve no substantive purpose: one that would dismiss claims we do not make, and one that would amend a complaint that soon afterwards would require a further amendment. As we have stated before, our client has informed us that we do not challenge any transfers made to Valeo that arose from assumed contracts, and that is equally true of GKN. You have provided us with no contrary evidence despite our repeated requests. Consequently, we do not appear to make claims that should be dismissed because the relevant contracts were assumed. Also, the efficient way to proceed with respect to allegedly non-existent defendants is to prepare a single amended complaint that simultaneously dismisses non-existent entities and correctly identifies the proper defendants. As we have stated previously, your client would not be prejudiced by our doing so.
>
> We suggest that the parties now focus on the substance. We reiterate our request that you cooperate with us in an effort to gather and produce the information necessary to narrow the issues before the Court, including

documents, if there are any, that support your requests that we consent to dismissals.

(Milin Supp. Decl. Exhibit "4".)

As the foregoing correspondence indicates, Plaintiffs do not intend to pursue claims against non-existent entities, and no Court Order is necessary to preclude them from doing so. To date, however, the Defendants have refused to produce the documents necessary to establish what they contend are the correct names of the entities that received the Plaintiffs' transfers, and Plaintiffs have no other effective way to verify whether a defendant has been misidentified. After all, Plaintiffs' checks – made out to the Defendants as named – were cashed. Accordingly, the Plaintiffs have not yet been able to make any appropriate amendments to their complaint.

## CONCLUSION

For the foregoing reasons, the Defendants' request that the Court enter Orders directing Plaintiffs to dismiss claims they do not make, and to dismiss claims against Defendants that the Defendants contend, but have not shown, did not receive the challenged transfers, should be denied.

Dated:  New York, New York        DPH Holdings Corp., *et. al*
        July 20, 2010                By their conflicts counsel,
                                   TOGUT, SEGAL & SEGAL LLP
                                   By:

                                   /s/ Neil Berger
                                   NEIL BERGER
                                   RICHARD K. MILIN
                                   DANIEL F.X. GEOGHAN
                                   One Penn Plaza
                                   New York, New York 10119
                                   (212) 594-5000

Schedule "A"

| Case No. | Defendant Name |
|---|---|
| 07-02328 | GKNS Intermetals |
| 07-02337 | Ex Cell-O Machine Tools Inc. |
| 07-02348 | Johnson Controls, Johnson Controls Battery Group, Johnson Controls GmbH & Co. KG and Johnson Controls Inc. |
| 07-02534 | Valeo, Valeo Airflow Division, Valeo Climate Control USA, Valeo Electrical Systems, Valeo Electronics NA, Valeo Inc., Valeo Schalter UND Sensoren and Valeo Wiper Systems & Electric Motors North America |
| 07-02541 | NGK, NGK Automotive Ceramics, NGK Automotive Ceramics USA Inc. and NGK Spark Plug Mfg. (USA) Inc. |
| 07-02659 | Sumitomo, Sumitomo Corp. of America, Sumitomo Corporation, Sumitomo Electric Wiring, Sumitomo Plastics America, Sumitomo Plastics America Inc., Sumitomo Sitix Silicon Inc. and Sumitomo Wiring Systems, Inc. |
| 07-02702 | Prudential Relocation, Prudential Relocation, Inc. and Prudential Relocation Int'l. |