Togut, Segal & Segal, LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Neil Berger
Richard K. Milin
Daniel F.X. Geoghan
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
*Conflicts Counsel for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
In re:                                        :      Chapter 11
                                              :      Case No. 05-44481 [RDD]
DPH HOLDINGS CORP, *et al.,*                  :
                                              :      Adv. Pro. No. 07-02074, et seq.
                    Reorganized Debtors.      :
                                              :
------------------------------------------------------------x

### DECLARATION OF RICHARD K. MILIN IN SUPPORT OF PLAINTIFFS' LIMITED RESPONSE TO CERTAIN DEFENDANTS' MOTION TO DISMISS CLAIMS THAT PLAINTIFFS DO NOT MAKE

RICHARD K. MILIN hereby declares as follows:

1.      I am a member of the Bar of the State of New York and of counsel to the firm of Togut, Segal & Segal, LLP, conflicts counsel to the Reorganized Debtors in the above-captioned cases. I respectfully submit this declaration based upon personal knowledge and my review of the relevant documents in support of Plaintiffs' Limited Response to Certain Defendants' Motion to Dismiss Claims that Plaintiffs Do Not Make.

2.      Attached hereto as Exhibit "1" is a copy of an email from Daniel Geoghan to Judy Calton, dated June 18, 2010.

3.      Attached hereto as Exhibit "2" is a copy of an email from Judy Calton to Daniel Geoghan, dated June 19, 2010.

4.      Attached hereto as Exhibit "3" is a copy of an email from Daniel Geoghan to Judy Calton, dated June 22, 2010.

5.    Attached hereto as Exhibit "4" is a copy of an email from Daniel Geoghan to Judy Calton, dated June 28, 2010.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed in New York, New York on July 20, 2010

       /s/ Richard K. Milin        
       RICHARD K. MILIN
       One Penn Plaza, Suite 3335
       New York, New York 10019
       (212) 594-5000

# EXHIBIT 1

**Subject: Re: Delphi v. Valeo, Adv. Pro. No. 07-02534**
**Date:** Friday, June 18, 2010 4:53 PM
**From:** Dan Geoghan <dgeoghan@teamtogut.com>
**To:** "Calton, Judy B." <JCalton@honigman.com>
**Cc:** "Winsten, I. W." <iwinsten@honigman.com>, "Sable, E. Todd"
<tsable@honigman.com>, "nberger@teamtogut.com" <nberger@teamtogut.com>,
Richard Milin <rmilin@teamtogut.com>, "Baty Jr., Donald F." <dbaty@honigman.com>

Judy:

Thanks for your three emails concerning Valeo and GKN. As we stated in our recent joinder, we will consider requests to dismiss based on allegations of assumption of relevant contracts or misidentification of defendants "voluntarily and in good faith in an effort to minimize future motion practice." Accordingly, we have forwarded your emails to our client and have initiated investigations of the relevant facts. We are not, however, in a position to sign your proposed orders at this time.

In connection with our investigations, we request that you provide us with documents sufficient to demonstrate the accuracy of your statements that particular transfers cannot be avoided because specific GKN and Valeo contracts have been assumed and that certain Valeo defendants have been misidentified. Providing these documents will help us to evaluate your allegations more expeditiously, which is in all parties' interest.

In addition, we request that you consent to our amendment of the Valeo complaint to correctly identify the defendants that actually received the alleged transfers, or may be liable for them, if there is an error. The draft order you sent appears to accept this principle, but we cannot be certain because it is not clear to us whether you contend that all of the transfers that the complaint alleges were actually received by defendants who would remain if we consent to the draft order. Moreover, it seems better and

simpler to amend the caption and text of the complaint itself rather than to ask the Court to order it amended, and if you consent to an amendment, no Court order will be required. We will of course provide you with copies of any proposed amended complaint once we have obtained sufficient information to prepare it, but we would appreciate your agreeing now that you will consent to, and accept service of, an amended complaint that corrects the identification of the defendants.

Thanks

Dan Geoghan


On 6/16/10 12:18 PM, "Calton, Judy B." <JCalton@honigman.com> wrote:

> As you know, the Valeo Defendants moved to dismiss the complaint against them to the extent Plaintiffs were seeking to avoid transfers made for or on account of assumed contracts. Moreover, at the April 1, 2010 hearing Judge Drain made clear he wanted preference claims based on assumed contracts dismissed. Plaintiffs did not oppose dismissal on the assumption grounds in their brief in response to GKN's motion.

> Accordingly, enclosed for your signature is a proposed Order Dismissing Claims Based on Transfers Under Assumed Contracts.

> Please let me know if you want any changes in the form of order. Otherwise, please sign and return to me no later than June 21, 2010.

# HONIGMAN

**Judy B. Calton**
Partner
Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
Telephone Number: (313) 465-7344
Fax Number: (313) 465-7345
Cell Phone Number: (248) 496-6377
jcalton@honigman.com
<blocked::blocked::blocked::mailto:jcalton@honigman.com
>
www.honigman.com

************************************************************************
**
IRS Circular 230 Disclosure: To ensure compliance with
requirements imposed by the Internal Revenue Service, we
inform you that any U.S. federal tax advice contained in this
communication (including any attachments) was not
intended or written to be used, and cannot be used, by any
person for the purpose of (i) avoiding tax-related penalties
or (ii) promoting, marketing or recommending to another
person any transaction or matter addressed in this
communication.
************************************************************************

**

Confidential: This electronic message and all contents contain information from the law firm of Honigman Miller Schwartz and Cohn LLP which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately (313.465.7000) and destroy the original message and all copies.
********************************************************************

**

--
Daniel F. X. Geoghan, Esq.
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 201-5582 (direct)
(212) 594-5000 (main)
(212) 967-4258 (facsimile)
(917) 941-1282 (cell)

# EXHIBIT 2

**Subject: RE: Delphi v. Valeo, Adv. Pro. No. 07-02534**
**Date:** Saturday, June 19, 2010 11:44 AM
**From:** Calton, Judy B. <JCalton@honigman.com>
**To:** dan <dgeoghan@teamtogut.com>
**Cc:** "Winsten, I. W." <iwinsten@honigman.com>, "Sable, E. Todd"
<tsable@honigman.com>, <nberger@teamtogut.com>, Richard Milin
<rmilin@teamtogut.com>, "Baty Jr., Donald F." <dbaty@honigman.com>

Dan,

Please let me know if you are available for a call Tuesday morning
to discuss your email because, frankly, we do not understand it.

As to the assumed contracts, we provided you (in our motions) with
the notices of assumption that identified the contracts assumed.
How can any more information be necessary at this point? All we
asking for is an order that dismisses any claims Delphi is making
with respect to these assumed contracts.

We also do not understand what you are proposing with respect to
Delphi's claims against entities which do not exist or why an
amendment of the complaint as to entities which do not exist can
make sense. Delphi has sued some entities which exist and some
which do not. We want the entities that do not exist dismissed (and
Butzel agreed to do so in the Omnibus Response which you
joined). We do not understand how we can have a "good faith"
dispute over whether entities which do not exist belong in the case.

Please let me know your availability for a call.

Judy

---

**From:** Dan Geoghan [mailto:dgeoghan@teamtogut.com]

**Sent:** Friday, June 18, 2010 4:53 PM
**To:** Calton, Judy B.
**Cc:** Winsten, I. W.; Sable, E. Todd; nberger@teamtogut.com;
Richard Milin; Baty Jr., Donald F.
**Subject:** Re: Delphi v. Valeo, Adv. Pro. No. 07-02534

Judy:

   Thanks for your three emails concerning Valeo and GKN. As we
stated in our recent joinder, we will consider requests to dismiss
based on allegations of assumption of relevant contracts or
misidentification of defendants "voluntarily and in good faith in an
effort to minimize future motion practice." Accordingly, we have
forwarded your emails to our client and have initiated
investigations of the relevant facts. We are not, however, in a
position to sign your proposed orders at this time.

   In connection with our investigations, we request that you
provide us with documents sufficient to demonstrate the accuracy
of your statements that particular transfers cannot be avoided
because specific GKN and Valeo contracts have been assumed and
that certain Valeo defendants have been misidentified. Providing
these documents will help us to evaluate your allegations more
expeditiously, which is in all parties' interest.

   In addition, we request that you consent to our amendment of
the Valeo complaint to correctly identify the defendants that
actually received the alleged transfers, or may be liable for them, if
there is an error. The draft order you sent appears to accept this
principle, but we cannot be certain because it is not clear to us
whether you contend that all of the transfers that the complaint
alleges were actually received by defendants who would remain if
we consent to the draft order. Moreover, it seems better and

simpler to amend the caption and text of the complaint itself rather
than to ask the Court to order it amended, and if you consent to an
amendment, no Court order will be required. We will of course
provide you with copies of any proposed amended complaint once
we have obtained sufficient information to prepare it, but we
would appreciate your agreeing now that you will consent to, and
accept service of, an amended complaint that corrects the
identification of the defendants.

Thanks

Dan Geoghan


On 6/16/10 12:18 PM, "Calton, Judy B." <JCalton@honigman.com>
wrote:

> As you know, the Valeo Defendants moved to dismiss the
> complaint against them to the extent Plaintiffs were
> seeking to avoid transfers made for or on account of
> assumed contracts. Moreover, at the April 1, 2010 hearing
> Judge Drain made clear he wanted preference claims
> based on assumed contracts dismissed. Plaintiffs did not
> oppose dismissal on the assumption grounds in their brief
> in response to GKN's motion.
>
> Accordingly, enclosed for your signature is a proposed
> Order Dismissing Claims Based on Transfers Under
> Assumed Contracts.
>
> Please let me know if you want any changes in the form of
> order. Otherwise, please sign and return to me no later
> than June 21, 2010.

**HONIGMAN**
**Judy  B.  Calton**
Partner
Honigman Miller Schwartz and   Cohn LLP
Attorneys and  Counselors
660 Woodward   Avenue
2290 First National  Building
Detroit,  MI  48226-3506
Telephone Number:  (313) 465-7344
Fax Number:  (313) 465-7345
Cell Phone Number:  (248) 496-6377
jcalton@honigman.com
<blocked::blocked::blocked::mailto:jcalton@honigman.com
>
www.honigman.com

**********************************************************************
**
IRS  Circular 230 Disclosure:  To ensure compliance with
requirements imposed  by the Internal Revenue Service,
we inform you that any U.S. federal tax  advice contained in
this communication (including any attachments) was not
intended or written to be used, and cannot be used, by any
person for the  purpose of (i) avoiding tax-related penalties
or (ii) promoting, marketing or  recommending to another
person any transaction or matter addressed in this
communication.
********************************************************************

\*\*

Confidential:  This electronic message and all contents contain information from the law firm  of Honigman Miller Schwartz and Cohn LLP which may be privileged, confidential  or otherwise protected from disclosure. The information is intended to be for  the addressee only. If you are not the addressee, any disclosure, copy,  distribution or use of the contents of this message is prohibited. If you have  received this electronic message in error, please notify us immediately  (313.465.7000) and destroy the original message and all  copies.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*

--
Daniel F. X. Geoghan, Esq.
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 201-5582 (direct)
(212) 594-5000 (main)
(212) 967-4258 (facsimile)
(917) 941-1282 (cell)

# EXHIBIT 3

**Subject: Re: Delphi v. Valeo, Adv. Pro. No. 07-02534**
**Date:** Tuesday, June 22, 2010 8:37 PM
**From:** Dan Geoghan <dgeoghan@teamtogut.com>
**To:** "Calton, Judy B." <JCalton@honigman.com>
**Cc:** "Winsten, I. W." <iwinsten@honigman.com>, "Sable, E. Todd"
<tsable@honigman.com>, <nberger@teamtogut.com>, Richard Milin
<rmilin@teamtogut.com>, "Baty Jr., Donald F." <dbaty@honigman.com>

Judy:

There is no mystery about my email. You provided us with
notices of assumption, but no documents to show that the
challenged transfers related to assumed contracts. We have asked
you for these documents before, and in our email below, and we
now ask again. In the meantime, our client has researched the
issue, and has advised us that none of the challenged transfers
relate to assumed contracts. Unless you provide us with
documentation to show that our client is in error before the
deadline for submitting any reply on the pending motions, we will
consider your request to dismiss on grounds of assumption of
contract to lack merit and to be withdrawn.

As to allegedly non-existent entities, our plan is to amend the
complaint to drop non-existent entities and replace them with the
correct entities or otherwise correct the complaints at a single time.
This seems to us the most efficient way to proceed and it is one that
does not require Court intervention. Also, there is no disadvantage
to you in keeping non-existent entities in the complaint while we
straighten things out. Accordingly, we repeat our request, in the
email reprinted below, that you consent to our amendment of the
Valeo complaint to correctly identify the defendants that actually
received the alleged transfers, or may be liable for them, if there is
an error. Your email does not respond to this request. If you
believe no amendment is necessary because all of the alleged
transfers were in fact received by other named defendants who

would remain in the complaint after dismissal, and will either
stipulate to that or otherwise suitably substantiate it, then of course
no amendment may be required.

We look forward to hearing from you.

Dan


On 6/19/10 11:44 AM, "Calton, Judy B." <JCalton@honigman.com>
wrote:

Dan,

Please let me know if you are available for a call Tuesday
morning to discuss your email because, frankly, we do not
understand it.

As to the assumed contracts, we provided you (in our
motions) with the notices of assumption that identified the
contracts assumed. How can any more information be
necessary at this point? All we asking for is an order that
dismisses any claims Delphi is making with respect to
these assumed contracts.

We also do not understand what you are proposing with
respect to Delphi's claims against entities which do not
exist or why an amendment of the complaint as to entities
which do not exist can make sense. Delphi has sued some
entities which exist and some which do not. We want the
entities that do not exist dismissed (and Butzel agreed to
do so in the Omnibus Response which you joined). We do
not understand how we can have a "good faith" dispute

over whether entities which do not exist belong in the case.

Please let me know your availability for a call.

Judy

---

**From:** Dan Geoghan [mailto:dgeoghan@teamtogut.com]
**Sent:** Friday, June 18, 2010 4:53 PM
**To:** Calton, Judy B.
**Cc:** Winsten, I. W.; Sable, E. Todd;
nberger@teamtogut.com; Richard Milin; Baty Jr., Donald F.
**Subject:** Re: Delphi v. Valeo, Adv. Pro. No. 07-02534

Judy:

Thanks for your three emails concerning Valeo and GKN. As we stated in our recent joinder, we will consider requests to dismiss based on allegations of assumption of relevant contracts or misidentification of defendants "voluntarily and in good faith in an effort to minimize future motion practice." Accordingly, we have forwarded your emails to our client and have initiated investigations of the relevant facts. We are not, however, in a position to sign your proposed orders at this time.

In connection with our investigations, we request that you provide us with documents sufficient to demonstrate the accuracy of your statements that particular transfers cannot be avoided because specific GKN and Valeo contracts have been assumed and that certain Valeo defendants have been misidentified. Providing these

**Page 3 of 7**

documents will help us to evaluate your allegations more expeditiously, which is in all parties' interest.

In addition, we request that you consent to our amendment of the Valeo complaint to correctly identify the defendants that actually received the alleged transfers, or may be liable for them, if there is an error. The draft order you sent appears to accept this principle, but we cannot be certain because it is not clear to us whether you contend that all of the transfers that the complaint alleges were actually received by defendants who would remain if we consent to the draft order. Moreover, it seems better and simpler to amend the caption and text of the complaint itself rather than to ask the Court to order it amended, and if you consent to an amendment, no Court order will be required. We will of course provide you with copies of any proposed amended complaint once we have obtained sufficient information to prepare it, but we would appreciate your agreeing now that you will consent to, and accept service of, an amended complaint that corrects the identification of the defendants.

Thanks

Dan Geoghan

On 6/16/10 12:18 PM, "Calton, Judy B." <JCalton@honigman.com> wrote:

> As you know, the Valeo Defendants moved to dismiss the complaint against them to the extent Plaintiffs were seeking to avoid transfers made for or on account of assumed contracts. Moreover, at

the April 1, 2010 hearing Judge Drain made clear he wanted preference claims based on assumed contracts dismissed.   Plaintiffs did not oppose dismissal on the assumption grounds in their  brief in response to GKN's motion.

Accordingly, enclosed  for your signature is a proposed Order Dismissing Claims Based on Transfers  Under Assumed Contracts.

Please let me know if you want any  changes in the form of order.  Otherwise, please sign and return to me no  later than June 21,  2010.

**HONIGMAN**
**Judy  B.  Calton**
Partner
Honigman Miller Schwartz and   Cohn LLP
Attorneys and  Counselors
660 Woodward   Avenue
2290 First National  Building
Detroit,  MI  48226-3506
Telephone Number:  (313) 465-7344
Fax Number:  (313) 465-7345
Cell Phone Number:   (248) 496-6377
jcalton@honigman.com
<blocked::blocked::blocked::mailto:jcalton@honigman.com>
www.honigman.com

**********************************************************
***********

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.
**********************************************************
***********

Confidential: This electronic message and all contents contain information from the law firm of Honigman Miller Schwartz and Cohn LLP which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately (313.465.7000) and destroy the original message and all copies.
**********************************************************
***********

Daniel F. X. Geoghan, Esq.
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 201-5582 (direct)
(212) 594-5000 (main)
(212) 967-4258 (facsimile)
(917) 941-1282 (cell)

# EXHIBIT 4

**Subject: Re: Delphi v. Valeo, Adv. Pro. No. 07-02534**
**Date:** Monday, June 28, 2010 12:50 PM
**From:** Dan Geoghan <dgeoghan@teamtogut.com>
**To:** "Calton, Judy B." <JCalton@honigman.com>
**Cc:** "Winsten, I. W." <iwinsten@honigman.com>, "Sable, E. Todd" <tsable@honigman.com>, <nberger@teamtogut.com>, Richard Milin <rmilin@teamtogut.com>, "Baty Jr., Donald F." <dbaty@honigman.com>, "Salzenstein, Douglas C." <dsalzenstein@honigman.com>

Judy:

   Your email asks us, once again, to consent to the entry of orders that serve no substantive purpose: one that would dismiss claims we do not make, and one that would amend a complaint that soon afterwards would require a further amendment. As we have stated before, our client has informed us that we do not challenge any transfers made to Valeo that arose from assumed contracts, and that is equally true of GKN. You have provided us with no contrary evidence despite our repeated requests. Consequently, we do not appear to make claims that should be dismissed because the relevant contracts were assumed. Also, the efficient way to proceed with respect to allegedly non-existent defendants is to prepare a single amended complaint that simultaneously dismisses non-existent entities and correctly identifies the proper defendants. As we have stated previously, your client would not be prejudiced by our doing so.

   We suggest that the parties now focus on the substance. We reiterate our request that you cooperate with us in an effort to gather and produce the information necessary to narrow the issues before the Court, including documents, if there are any, that support your requests that we consent to dismissals. For our part, we will provide you with the purchase order numbers you have requested once our client provides them to us. Also, we will of course, as we stated a couple of emails back, send you the draft

amended complaint as part of a request for your consent to the
specific amendments.

Dan

On 6/23/10 10:55 AM, "Calton, Judy B." <JCalton@honigman.com>
wrote:

Dan:

We are troubled by your email. You joined in Butzel's brief,
but now want to renege. Butzel's brief: (i) did not oppose
the dismissal of whatever portion of Delphi's complaints
were based on assumed contracts, and (ii) agreed to the
dismissal of the nonexistent parties. **You may not disavow
your joinder.**

As to the assumed contracts, if you truly believed that
Delphi does not assert any claims with respect to them,
Delphi would have no problem agreeing to an order that
says Delphi may not assert claims on account of transfers
relating to assumed contracts. Your unwillingness to agree
to such an order is telling.

Moreover, to date, Delphi has never disclosed the purchase
order numbers that Delphi claims relate to the transfers that
are at issue. Obviously, Delphi knows the purchase order
numbers for the transfers, or it could not have "researched"
whether any of the transfers allegedly related to assumed
contracts. Please provide the purchase order numbers by
return email.

As to the nonexistent entities that Delphi sued, they have no business in this case and must be dismissed, especially 5 years after the transfers. Should Delphi ever actually wish to amend the complaint, please forward the proposed amendment to us for our review so we can determine how we will respond. We will not consent to an amendment that we have not seen.

Finally, you have not responded to any of our emails related to GKN and our request that you consent to orders as to the assumed contracts in the GKN case. Does your failure to respond mean that you have "researched" that matter and confirmed that Delphi is asserting claims with respect to the GKN assumed contracts?

We intend to proceed with our motions if you do not consent to the requested relief.


Judy

---

**From:** Dan Geoghan [mailto:dgeoghan@teamtogut.com]
**Sent:** Tuesday, June 22, 2010 8:38 PM
**To:** Calton, Judy B.
**Cc:** Winsten, I. W.; Sable, E. Todd; nberger@teamtogut.com; Richard Milin; Baty Jr., Donald F.
**Subject:** Re: Delphi v. Valeo, Adv. Pro. No. 07-02534

Judy:

There is no mystery about my email. You provided us with notices of assumption, but no documents to show that the challenged transfers related to assumed contracts. We have asked you for these documents before, and in our email below, and we now ask again. In the meantime, our client has researched the issue, and has advised us that none of the challenged transfers relate to assumed contracts. Unless you provide us with documentation to show that our client is in error before the deadline for submitting any reply on the pending motions, we will consider your request to dismiss on grounds of assumption of contract to lack merit and to be withdrawn.

As to allegedly non-existent entities, our plan is to amend the complaint to drop non-existent entities and replace them with the correct entities or otherwise correct the complaints at a single time. This seems to us the most efficient way to proceed and it is one that does not require Court intervention. Also, there is no disadvantage to you in keeping non-existent entities in the complaint while we straighten things out. Accordingly, we repeat our request, in the email reprinted below, that you consent to our amendment of the Valeo complaint to correctly identify the defendants that actually received the alleged transfers, or may be liable for them, if there is an error. Your email does not respond to this request. If you believe no amendment is necessary because all of the alleged transfers were in fact received by other named defendants who would remain in the complaint after dismissal, and will either stipulate to that or otherwise suitably substantiate it, then of course no amendment may be required.

We look forward to hearing from you.

Dan

On 6/19/10 11:44 AM, "Calton, Judy B."
<JCalton@honigman.com> wrote:

> Dan,
>
> Please let me know if you are available for a call
> Tuesday morning to discuss your email because,
> frankly, we do not understand it.
>
> As to the assumed contracts, we provided you (in
> our motions) with the notices of assumption that
> identified the contracts assumed. How can any
> more information be necessary at this point? All
> we asking for is an order that dismisses any claims
> Delphi is making with respect to these assumed
> contracts.
>
> We also do not understand what you are proposing
> with respect to Delphi's claims against entities
> which do not exist or why an amendment of the
> complaint as to entities which do not exist can
> make sense. Delphi has sued some entities which
> exist and some which do not. We want the entities
> that do not exist dismissed (and Butzel agreed to
> do so in the Omnibus Response which you joined).
> We do not understand how we can have a "good
> faith" dispute over whether entities which do not
> exist belong in the case.

Please let me know your availability for a  call.

Judy

---

**From:** Dan Geoghan
[mailto:dgeoghan@teamtogut.com]
**Sent:** Friday, June 18, 2010 4:53 PM
**To:** Calton, Judy  B.
**Cc:** Winsten, I. W.; Sable, E. Todd;
nberger@teamtogut.com; Richard Milin; Baty  Jr.,
Donald F.
**Subject:** Re: Delphi v. Valeo, Adv. Pro. No.
07-02534

Judy:

Thanks for  your three emails concerning Valeo
and GKN.  As we stated in our recent  joinder, we
will consider requests to dismiss based on
allegations of  assumption of relevant contracts or
misidentification of defendants  "voluntarily and in
good faith in an effort to minimize future motion
practice."  Accordingly, we have forwarded your
emails to our client and  have initiated
investigations of the relevant facts.  We are not,
however, in a position to sign your proposed orders
at this  time.

In connection with our investigations, we  request
that you provide us with documents sufficient to

demonstrate the accuracy of your statements that particular transfers cannot be avoided because specific GKN and Valeo contracts have been assumed and that certain Valeo defendants have been misidentified. Providing these documents will help us to evaluate your allegations more expeditiously, which is in all parties' interest.

In addition, we request that you consent to our amendment of the Valeo complaint to correctly identify the defendants that actually received the alleged transfers, or may be liable for them, if there is an error. The draft order you sent appears to accept this principle, but we cannot be certain because it is not clear to us whether you contend that all of the transfers that the complaint alleges were actually received by defendants who would remain if we consent to the draft order. Moreover, it seems better and simpler to amend the caption and text of the complaint itself rather than to ask the Court to order it amended, and if you consent to an amendment, no Court order will be required. We will of course provide you with copies of any proposed amended complaint once we have obtained sufficient information to prepare it, but we would appreciate your agreeing now that you will consent to, and accept service of, an amended complaint that corrects the identification of the defendants.

Thanks

Dan Geoghan

On 6/16/10 12:18 PM, "Calton, Judy B."
<JCalton@honigman.com> wrote:

> As you know, the  Valeo Defendants
> moved to dismiss the complaint against
> them to the  extent  Plaintiffs were seeking
> to avoid transfers made for or on  account
> of assumed  contracts.  Moreover, at the
> April 1, 2010  hearing Judge Drain made
> clear  he wanted preference claims based
> on  assumed contracts dismissed.
> Plaintiffs did not oppose dismissal  on the
> assumption grounds in their  brief in
> response to GKN's motion.
>
> Accordingly, enclosed  for your signature is
> a  proposed Order Dismissing Claims
> Based on Transfers  Under Assumed
> Contracts.
>
> Please let me know if you want any
> changes in  the form of order.  Otherwise,
> please sign and return to me no   later than
> June 21,   2010.

**HONIGMAN**
**Judy  B.  Calton**
Partner
Honigman Miller  Schwartz and   Cohn

LLP
Attorneys and Counselors
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
Telephone Number: (313) 465-7344
Fax Number: (313) 465-7345
Cell Phone Number: (248) 496-6377
jcalton@honigman.com
<blocked::blocked::blocked::mailto:jcalton
@honigman.com>
www.honigman.com


**************************************************
********************

IRS Circular 230 Disclosure: To ensure
compliance with requirements imposed by
the Internal Revenue Service, we inform
you that any U.S. federal tax advice
contained in this communication (including
any attachments) was not intended or
written to be used, and cannot be used, by
any person for the purpose of (i) avoiding
tax-related penalties or (ii) promoting,
marketing or recommending to another
person any transaction or matter
addressed in this communication.
**************************************************
********************

Confidential: This electronic message and

all contents contain information from the
law firm of Honigman Miller Schwartz and
Cohn LLP which may be privileged,
confidential or otherwise protected from
disclosure. The information is intended to
be for the addressee only. If you are not
the addressee, any disclosure, copy,
distribution or use of the contents of this
message is prohibited. If you have
received this electronic message in error,
please notify us immediately
(313.465.7000) and destroy the original
message and all copies.
*************************************************
********************

--
Daniel F. X. Geoghan, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 201-5582 (direct)
(212) 594-5000 (main)
(212) 967-4258 (facsimile)
(917) 941-1282 (cell)