SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                    :
        In re                                                       :        Chapter 11
                                                                    :
DPH HOLDINGS CORP., et al.,                                         :        Case No. 05-44481 (RDD)
                                                                    :
                Reorganized Debtors.                                :        (Jointly Administered)
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND THE CITY OF OLATHE, KANSAS
DISALLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS
14825 AND 14826 AND PROOF OF ADMINISTRATIVE EXPENSIVE
CLAIM NUMBER 18541

(CITY OF OLATHE, KANSAS)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (collectively, the "Reorganized Debtors") and the City of Olathe, Kansas ("City" or the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And The City Of Olathe, Kansas Disallowing And Expunging Proofs Of Claim Numbers 14825 And 14826 And Proof of Administrative Expense Claim Number 18541 (City Of Olathe, Kansas) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC "), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 31, 2006, the City filed proof of claim numbers 14825 and 14826 against DAS LLC and Delphi Corporation, respectively, each of which assert an unsecured priority claim in the amount of $835,000.00 (collectively, the "First Claims") stemming from an agreement between the City and DAS LLC to conduct remediation required by the Kansas Department of Health and Environment at the Mill Creek Site in Olathe, Kansas (the "Site").

WHEREAS, on May 6, 2008, DAS LLC and the City entered into a Corrective Action Plan/Corrective Action Funding Agreement: Mill Creek Site, Olathe (the "Funding Agreement"). The Funding Agreement provided for DAS LLC and the City to continue to perform and share the costs of the remediation required at the Site. Additionally, paragraph 14 of the Funding Agreement states that it constitutes a "complete satisfaction" of the First Claims,

which "shall be disallowed and expunged pursuant to a joint stipulation and agreed order providing notice of" the Funding Agreement.  A copy of the Funding Agreement is attached hereto as Exhibit A.

WHEREAS, the City, DAS LLC, and the Kansas Department of Health and Environment entered into an Amendment to Consent Order on June 9, 2008 ("Amendment") whereby the City and DAS LLC agreed to certain remedial actions with the Kansas Department of Health and Environment, which are stated in the Amendment, a copy of which is attached hereto as Exhibit B.

WHEREAS, the Debtors were authorized to enter into Funding Agreement and Amendment either because the Claims, Funding Agreement, and Amendment involve ordinary course controversies or pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502, And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) (the "Compromise Order") entered by this Court on June 26, 2007.

WHEREAS, on July 13, 2009, the City filed proof of administrative expense claim number 18541 against DAS LLC and Delphi Corporation, which asserts an administrative claim amount in the amount of $835,000.00 (the "Administrative Claim" and, together with the First Claims, the "Claims") arising from the same facts and circumstances as the First Claims.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, as an asset of the Debtors, the Funding Agreement revested with the Reorganized Debtors under Article 11.1 of the Modified Plan.  The Reorganized Debtors have continued performance under the Funding Agreement and the Amendment.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on November 6, 2009, the Reorganized Debtors objected to the First Claims pursuant to the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify and Allow Certain Claims  (Docket No. 19044) (the "Thirty-Eighth Omnibus Claims Objection").

WHEREAS, on December 7, 2009, the City filed the City of Olathe's Response And Objection To Reorganized Debtors' Thirty-Eighth Omnibus Objection (Docket No. 19152) (the "First Response").

WHEREAS, on April 16, 2010, the Reorganized Debtors objected to the Administrative Claim pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain (A) Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims  (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHEREAS, on May 12, 2010, the City filed the City of Olathe's Response And Objection To Reorganized Debtors' Forty-Seventh Objection (Docket No. 20034) (the "Second Response" and, collectively with the First Response, the "Responses").

WHEREAS, to resolve the Thirty-Eighth Omnibus Claims Objection with respect to the First Claims and the Forty-Seventh Omnibus Claims Objection with respect to the Administrative Claim, the Reorganized Debtors and the City entered into this Stipulation to satisfy the requirements of paragraph 14 of the Funding Agreement and to effectuate the disallowance and expungement of the Claims.

NOW, THEREFORE, the Reorganized Debtors and the City stipulate and agree as follows:

1. The Claims shall be disallowed and expunged in their entirety.

2. The notice requirements of paragraph 14 of the Funding Agreement are hereby satisfied and the Funding Agreement and Amendment are authorized by rule 9019(b) of the Federal Rules of Bankruptcy Procedure and by the Compromise Order.

3. The Funding Agreement and Amendment have revested with the Reorganized Debtors and are now the Reorganized Debtors' contracts, pursuant to Article 11.1 of the Modified Plan, which shall, as post-petition contracts, remain unchanged by this Stipulation and the Reorganized Debtors' bankruptcy proceedings.

4. The Responses are hereby deemed withdrawn with prejudice.

5. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 20th day of July, 2010

_/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons

John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
155 North Wacker Drive
Chicago, Illinois  60606
                              - and –

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

/s/ Jason Nagi

POLSINELLI SHUGHART PC
Jason Nagi
Seven Penn Plaza, Suite 600
New York, New York 10001

                              - and –
/s/ Andrew J. Nazar
POLSINELLI SHUGHART PC
Paul D. Sinclair
Andrew J. Nazar
120 West 12th Street
Kansas City, Missouri 64105

                              - and -

SHOOK, HARDY & BACON L.L.P.
Joel R. Mosher
2555 Grand Avenue
Kansas City, Missouri 64108-2613