SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :
    In re                            :        Chapter 11
                                :
DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)
                                :
          Reorganized Debtors.    :        (Jointly Administered)
                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND NEW JERSEY SELF-INSURERS' GUARANTY ASSOCIATION
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 11631

(NEW JERSEY SELF-INSURERS' GUARANTY ASSOCIATION)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and the New Jersey Self-Insurers' Guaranty Association (the "Association" or the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And New Jersey Self-Insurers' Guaranty Association Disallowing And Expunging Proof Of Claim Number 11631 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, prior to the Petition Dates, as part of their efforts to satisfy certain requirements in order to self-insure for workers compensation liabilities in New Jersey for certain periods of time, the Debtors provided, pursuant to New Jersey law, a surety bond to the State of New Jersey Department of Banking and Insurance of $5,500,000.00 (the "Bond") to satisfy workers' compensation claims in the event Debtors should default on their workers' compensation obligations.

WHEREAS, on July 27, 2006, the Association filed proof of claim number 11631 (the "Proof of Claim") against Delphi asserting an unliquidated priority claim for workers' compensation program-related payments (the "Claim").

WHEREAS, on June 22, 2009, the Debtors objected to The Proof of Claim pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant to 11. U.S.C. § 502(b) And

2

Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Objection"), seeking to modify the amount and classification of The Proof of Claim to a general unsecured non-priority claim in the amount of $0.00 against the estate of Delphi.

WHEREAS, on July 15, 2009, the Association filed the Response Of New Jersey Self-Insurers Guaranty Association (Claim No. 11631) To Debtors' Thirty-Fourth Omnibus Claims Objection To Claims (Docket No. 18304) (the "Response"), stating the agreement between the Association and the Debtors concerning the need for an actuarial adjustment to determine the projected liability for prepetition workers' compensation liabilities.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, on March 26, 2010, the Oliver Wyman Group, an independent, third-party actuarial firm retained by the Reorganized Debtors, issued a report (the "Oliver Wyman Report") estimating the net unpaid obligations on account of employee workers' compensation

3

claims in an amount less than the amount of the Bond, such that the Association's payment on any prepetition workers' compensation would not likely be triggered.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

WHEREAS, the Association reviewed the actuarial findings by Oliver Wyman Group with its actuarial consultant and agreed that the amount of the Bond appeared sufficient to address any prepetition workers' compensation claims for which the Association might ultimately become liable.

WHEREAS, to resolve the Thirty-Fourth Omnibus Objection, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agree that the Proof of Claim shall be disallowed and expunged in its entirety.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. The Proof of Claim shall be disallowed and expunged in its entirety.

2. The Response is hereby deemed withdrawn without prejudice to reassert it if reconsideration of the Claim is sought under 11 U.S.C. § 502(j).

3. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 20th day of July, 2010

                                              /s/ Robert D. Drain_____
                                              UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Jeffrey Bernstein |
|---|---|
| John Wm. Butler, Jr. | Jeffrey Bernstein |
| John K. Lyons | McELROY, DEUTSCH, MULVANEY & |
| Ron E. Meisler |   CARPENTER LLP |
| SKADDEN, ARPS, SLATE, MEAGHER | Three Gateway Center |
|   & FLOM LLP | 100 Mulberry Street |
| 155 North Wacker Drive | Newark, New Jersey 07102-4079 |
| Chicago, Illinois  60606 | |
| | Attorney to New Jersey Self-Insurers' Guaranty Association |
| - and – | |
| Four Times Square | |
| New York, New York  10036 | |
| | |
| Attorneys for DPH Holdings Corp., et al., | |
|   Reorganized Debtors | |

5