| | |
|---|---|
| Timothy T. Brock, Esq.<br>Abigail Snow, Esq.<br>SATTERLEE STEPHENS BURKE & BURKE LLP<br>230 Park Avenue, Suite 1130<br>New York, New York 10169<br>(212) 818-9200 | Hearing Date: August 12, 2010 at 10:00 a.m.<br>Objection Deadline: August 5, 2010 |

*Co-Counsel with:*
Patricia L. Beaty, Esq.
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204
(317) 636-4341

*Co-Counsel for Delphi Salaried Retirees*
*Association Benefit Trust VEBA Committee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                         :
In re:                                                                   :   Chapter 11
                                                                         :
                                                                         :   Case No. 05-44481 (RDD)
DPH HOLDINGS CORP., *et al*.,                                            :
                                                                         :   (Jointly Administered)
                                               Reorganized Debtors.      :
                                                                         :
------------------------------------------------------------------------ x

**MOTION OF THE VEBA COMMITTEE FOR THE DELPHI SALARIED
RETIREES ASSOCIATION BENEFIT TRUST PURSUANT TO 11 U.S.C. § 105
AND THE SALARIED OPEB SETTLEMENT ORDER TO (I) COMPEL THE
OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES TO FILE
ITS FINAL REPORT WITH THE COURT PURSUANT TO THE TERMS
OF THE SALARIED OPEB SETTLEMENT ORDER; AND, (II) TO DIRECT
THE OFFICE OF THE UNITED STATES TRUSTEE TO DISBAND
<u>THE OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES</u>**

TO:     THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE:

        The VEBA Committee (the "<u>VEBA Committee</u>") for the Delphi Salaried Retirees

Association Benefit Trust (the "<u>DSRA VEBA</u>"), by its attorneys, Satterlee Stephens Burke &

809003_5

Burke LLP, hereby submits this motion (the "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and the terms of the Salaried OPEB Settlement Order (as amended) entered on April 3, 2009 [ECF No. 16547], for the entry of an order: (1) compelling the Official Committee of Eligible Salaried Retirees appointed pursuant to 11 U.S.C. § 1114 (the "1114 Committee") to file its final report, as required by the Salaried OPEB Settlement Order (the "Final Report"); and (2) directing the Office of the United States Trustee ("U.S. Trustee") to dissolve the 1114 Committee. In support of the Motion, the VEBA Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

The 1114 Committee has served the last of its (limited) purposes: to establish the DSRA VEBA, appoint the VEBA Committee as an ERISA fiduciary to Delphi salaried retirees and to administer the DSRA VEBA, and to fund the DSRA VEBA using proceeds obtained from the Debtors pursuant to the terms of the Salaried OPEB Settlement Order. Yet now, long after the appointment of the VEBA Committee and *months* after the November 1, 2009 remittance of the last of the payments from the Reorganized Debtors to fund the DSRA VEBA, the 1114 Committee has yet to file its Final Report as required by the plain terms of the Salaried OPEB Settlement Order. See Salaried OPEB Settlement Order ¶ 9 ("The Retiree's Committee *shall* file a report with the Court *upon completion of the Debtor's payments under the Settlement*, detailing how the Settlement proceeds were spent and allocated fairly and equitably to or on behalf of salaried retirees.") (emphasis added).

Instead, the 1114 Committee has continuously and unjustifiably delayed filing its Final Report. Although the Salaried OPEB Settlement Order clearly envisions the VEBA Committee's complete succession to the 1114 Committee, the 1114 Committee has perpetuated

2

809003_5

its lingering existence and impeded the VEBA Committee's fulfillment of its fiduciary duties under ERISA by, among other things, requesting various documents and financial reports from the VEBA Committee, supposedly in order to prepare the Final Report. Although the VEBA Committee believes that the 1114 Committee's requests were unwarranted – after all, the Salaried OPEB Settlement Order requires the 1114 Committee to file the Final Report upon the completion of payments by the Debtors and does not contemplate the 1114 Committee's having an ongoing overseer role over the VEBA Committee, let alone an indefinite one – the VEBA Committee complied with these requests by mid-March 2010. From the perspective of the VEBA Committee, the 1114 Committee thus has everything it needs – and more – to get on with the business of completing and filing its Final Report.

The VEBA Committee believes that the 1114 Committee long ago fulfilled its tasks pursuant to the terms of the Salaried OPEB Settlement Order. One of the VEBA Committee's concerns is that the administrative costs will mount – to the absolute cost of the DSRA VEBA beneficiaries, given the limited trust corpus – should the 1114 Committee continue to perpetuate its own existence by failing to file the Final Report. The VEBA Committee thus hereby respectfully requests that the Court compel the 1114 Committee to file its Final Report and to direct the U.S. Trustee to dissolve the 1114 Committee once the Final Report is filed.

**JURISDICTION**

1. The Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. The Court retains jurisdiction over this matter pursuant to Article VIII ("Retention of Jurisdiction") of the Debtors' First Amended Joint Plan of Reorganization, which was confirmed on January 25, 2008 and became effective on October 6, 2009. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

2. On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

3. On January 25, 2008, the Debtors' First Amended Joint Plan of Reorganization was confirmed and thereafter became effective, as modified, on October 6, 2009 (the "Effective Date").

4. On February 4, 2009, the Debtors filed a motion seeking the Court's approval to cease contributions to retiree welfare benefit plans after March 31, 2009, [ECF No. 14705] (the "OPEB Termination Motion").

5. Certain groups of retirees and various individual retirees opposed the OPEB Termination Motion and moved for the Court to appoint an official committee of retirees pursuant to 11 U.S.C § 1114(d).

6. At a hearing on February 24, 2009, the Court determined that Delphi could terminate unvested retiree welfare benefits without following the procedures set forth in section 1114 of the Bankruptcy Code, as memorialized in the Court's subsequent order [ECF No. 16380] (the "Provisional Salaried OPEB Termination Order"). Although the Court also provisionally determined that Delphi's welfare benefit plans were in fact unvested, at-will benefits, the Court directed the US. Trustee to appoint a committee of retirees from those present at the hearing under the discretionary provisions of section 1114 (*i.e.*, the 1114 Committee) for the principal purpose of determining whether evidence existed that any retiree or group of retirees had vested benefits, and to meet and confer with the Debtors over any consensual modifications to the

4

809003_5

Provisional Salaried OPEB Termination Order in return for waiving or settling the right to appeal from the entry of that order. (Id.)

7.  As directed, the U.S. Trustee thereafter appointed seven retired Delphi employees to serve on the 1114 Committee.

8.  After discovery and an additional hearing, the Court finalized its ruling on March 11, 2009, authorizing the Debtors to cease contributions to its retiree welfare benefit plan as of April 1, 2009, [ECF No. 16448] (the "Final OPEB Termination Order", and, together with the Provisional Salaried OPEB Termination Order, the "OPEB Termination Orders").

9.  The 1114 Committee filed a notice of appeal to the United States District Court for the Southern District of New York from the Final OPEB Termination Order [ECF No. 16458].

10.  The 1114 Committee undertook negotiations with the Debtors to reach a settlement, particularly in light of changes to the law that permitted a "VEBA" or "voluntary employees' beneficiary association," (see 26 U.S.C. § 501(c)(9)), set up by a section 1114 committee or authorized by a bankruptcy court to offer a benefit eligible for the Health Coverage Tax Credit ("HCTC").[1]

11.  The 1114 Committee reached agreement with the Debtors and, on April 1, 2009, the Debtors filed an expedited motion seeking approval from this Court for their compromise and settlement with the 1114 Committee (the "Settlement") [ECF No. 16535].

---

[1] The HCTC is a federal tax credit, codified in Internal Revenue Code Section 35(e)(l), 26 U.S.C. § 35(e)(l), that now pays 80% of the cost of health and prescription drug benefits for eligible retirees who are at least age 55 but not yet 65 and who are receiving benefits from the Pension Benefit Guaranty Corporation ("PBGC") because of termination of their defined benefit pension plan and turnover of such plan to the PBGC. See 26 U.S.C. § 35(e)(l)(J)(iii).

12. This Court approved the Settlement, in complete and final resolution of the 1114 Committee appeal, by an order (as amended) entered on April 3, 2009 (*i.e.*, the Salaried OPEB Settlement Order).

13. The Salaried OPEB Settlement Order authorized and directed the 1114 Committee to establish a VEBA, *i.e.*, the DSRA VEBA. The DSRA VEBA would extend the HCTC, as contemplated by the provisions of 26 U.S.C. § 35(e)(1)(K), as amended, to benefits it would provide to the intended beneficiaries.

14. Pursuant to the terms of the Salaried OPEB Settlement Order, the Debtors would, among other things, pay $8.75 million in overall subsidy payments to the 1114 Committee for the benefit of Delphi's salaried retirees (not subject to reduction because of enrollment levels) to be used to cover the cost of the establishment of the DSRA VEBA and subsidizing retiree medical benefit costs through the DSRA VEBA. These funds were comprised of: (i) a $1 million hardship fund, payable at the beginning of May 2009; (ii) $500,000 VEBA set-up costs, payable at the beginning of May 2009 (which the DSRA VEBA could also use for hardship fund or subsidizing retiree medical benefit costs); (iii) $1.25 million per month for five months, payable monthly at the beginning of each of June through October 2009; and (iv) one final payment of $1 million on November 1, 2009. (Id.)

15. The 1114 Committee established a VEBA, formally known as the "Delphi Salaried Retirees Association Benefit Trust" (*i.e.*, the DSRA VEBA), in April of 2009 through the adoption of Bylaws, its appointment of the VEBA Committee to administer the DSRA VEBA, and the creation of the *Delphi Salaried Retirees Association Benefit Trust Agreement* (the "Trust Agreement").

809003_5

16. Pursuant to Section I, 1.(A) of the Trust Agreement, the VEBA Committee collectively acts as the Plan Administrator and Trustee and thus sponsors, controls and manages the operation and overall design and administration of the DSRA VEBA.

17. Working with a third-party broker of record, the 1114 Committee and the VEBA Committee obtained quotes from various vendors, negotiated insurance benefits (health, prescription drug, dental and vision care) with various vendors and selected Marsh, a service of Seabury & Smith, Inc., as the third-party administrator of these benefits. On September 1, 2009, the VEBA Committee rolled out the DSRA VEBA benefits to Delphi salaried retirees and their dependents.

18. The Salaried OPEB Settlement Order also directed the 1114 Committee to file the Final Report with the Court detailing how the Settlement proceeds were spent and whether such funds had been allocated fairly and equitably to, or on behalf of, salaried retirees upon completion of the Debtors' payments under the settlement. (See supra.)

19. In November 2009, the Reorganized Debtors made the final payment to the 1114 Committee, as required by the Salaried OPEB Settlement Order.

20. The 1114 Committee failed to file the Final Report upon the completion of payments by the Debtors / Reorganized Debtors.

21. In fact, more than two months after the completion of payments by the Debtors / Reorganized Debtors, the 1114 Committee, during a January 27, 2010 conference call with the VEBA Committee, requested various documents and financial reports from the VEBA Committee, supposedly so that it could file its Final Report.

22. On March 14, 2010, the VEBA Committee provided the 1114 Committee with the requested documents, including minutes of all VEBA Committee meetings, history of

7

subsidies provided from inception through February 2010, the hardship award committee appeals process and procedures, hardship award summary, summary plan description, Trust Agreement, Bylaws and financial reports.

23. The VEBA Committee believes that the documents that it has supplied to the 1114 Committee, to the extent that they were needed at all for the 1114 Committee to file a timely Final Report pursuant to the Salaried OPEB Settlement Order, has removed any perceived impediments for the preparation and filing of a Final Report by the 1114 Committee.

24. Despite receiving from the VEBA Committee the information it had requested, the 1114 Committee still refuses to file its Final Report and seek dissolution.

25. The VEBA Committee believes that the 1114 Committee has fulfilled its role pursuant to the terms of the Salaried OPEB Settlement Order and respectfully requests that the Court compel the 1114 Committee to file its Final Report and to direct the U.S. Trustee to dissolve the 1114 Committee upon the filing of the Final Report.

## RELIEF REQUESTED

26. Although the Debtors' confirmed Plan has become effective, it vests this Court with certain retained jurisdiction over these cases, including the jurisdiction to "enforce all orders previously entered by the Bankruptcy Court." (See Plan Article XIII(r).)

27. Under the Salaried OPEB Settlement Order, the 1114 Committee was instructed to file a Final Report with the Court upon the completion of settlement payments by the Debtors, which was accomplished by Reorganized Debtors in November 2009. Thus far, the 1114 Committee has failed to file such Final Report.

28. The VEBA Committee therefore respectfully requests that the Court compel the 1114 Committee to file its Final Report with Court no later than 30 days following the entry of such order.

29. The VEBA Committee also respectfully requests that the Court direct the U.S. Trustee to dissolve the 1114 Committee upon submission of the Final Report with the Court.

## NOTICE

30. As required pursuant to the Nineteenth Case Management Order entered on May 25, 2010 [ECF No. 20189], Notice of this Motion has been served via e-mail upon the parties set forth in the "Post-Emergence Master Service List" and the "Post-Emergence 2002 List" and copies of the Motion have been served by overnight delivery service on the 1114 Committee, through its counsel of record, as the "part[y] with a particularized interest in the subject of Filing," (Nineteenth Case Management Order at n.4), and by first class U.S. mail on the Office of the U.S. Trustee.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the VEBA Committee respectfully requests that this Court issue an Order: (i) compelling the 1114 Committee to file its Final Report with the Court within thirty (30) days of the entry of such Order; and, (ii) directing the U.S. Trustee to dissolve the 1114 Committee upon the 1114 Committee's filing of the Final Report, and that the Court grant such other and further relief which this Court deems appropriate.

Dated: New York, New York
       July 23, 2010

809003_5

SATTERLEE STEPHENS BURKE & BURKE LLP

By: /s/ Timothy T. Brock
    Timothy T. Brock, Esq.
    Abigail Snow, Esq.
230 Park Avenue
New York, New York 10169
(212) 818-9200

Co-Counsel with:

Patricia L. Beaty, Esq.
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204
(317) 636-4341

*Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee*