SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
        In re                                 :        Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :        Case No. 05-44481 (RDD)
                                              :
                    Reorganized Debtors.      :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND BING METALS GROUP, LLC
DISALLOWING AND EXPUNGING PROOFS OF ADMINISTRATIVE
EXPENSE CLAIM NUMBERS 19717 AND 19719

(BING METALS GROUP, LLC)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Bing Metals Group, LLC ("Bing" or the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Bing Metals Group, LLC Disallowing And Expunging Proofs Of Administrative Expense Claim Numbers 19717 And 19719 (Bing Metals Group, LLC) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on November 4, 2009, the Claimant filed proof of administrative expense claim number 19717 against Delphi Corporation et al., which asserts an administrative expense claim in the amount of $148,514.43 ("Claim 19717") stemming from goods sold and the performance of services.

WHEREAS, on November 4, 2009, the Claimant filed proof of administrative expense claim number 19718 against Delphi Automotive Systems, LLC ("DAS LLC"), which asserts an administrative expense claim in the amount of $148,514.43 ("Claim 19718") stemming from goods sold and the performance of services.

WHEREAS, on November 4, 2009, the Claimant filed proof of administrative expense claim number 19719 against Delphi, which asserts an administrative expense claim in the amount of $148,514.43 ("Claim 19719" collectively, with Claim 19717 and Claim 19718, the "Claims") stemming from goods sold and the performance of services.

2

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on January, 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection")[1].

---

[1]    As part of the Forty-Third Omnibus Objection, the Reorganized Debtors also objected to a fourth proof of administrative expense claim number 18797,  filed by Bing on July 15, 2009 in the amount of $570,844.47 ("Claim 18797").  Claim 18797 is not presently subject to a sufficiency hearing and is not addressed in this Stipulation.

WHEREAS, on February 17, 2010, Bing filed the Response Of Bing Metals Group, LLC In Opposition To Reorganized Debtors' Forty-Third Omnibus Objection To Claims (Claim Numbers 18797, 19717, 19718, and 19717) (Docket No. 19463) (the "Response").

WHEREAS, to resolve the Forty-Third Omnibus Claims Objection with respect to Claim 19717 and Claim 19719 only, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that each of Claim 19717 and Claim 19719 should be disallowed and expunged in its entirety.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1.      Claim 19717 is hereby disallowed and expunged in its entirety.

2.      Claim 19719 is hereby disallowed and expunged in its entirety.

3.      The Response with respect to Claim 19717 and Claim 19719 only is hereby deemed withdrawn with prejudice.

4.      The Reorganized Debtors agree that they will not subsequently object to Claim 19718 on the basis that such Claim was asserted against DAS LLC rather than Delphi or Delphi Corporation et al. and the Reorganized Debtors further agree that they will not assert in any pleading or take the position at any subsequent hearing on Claim 19718 that Claim 19718 was asserted against the wrong Debtor.

5.      Except as otherwise provided in paragraph 4, Claim 18797 and Claim 19718 are not impacted by this Stipulation.

6.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 19th day of July, 2010

___/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                    /s/ Patrick J. Kukla

John Wm. Butler, Jr.                                Patrick J. Kukla
John K. Lyons                                       CARSON FISCHER, P.L.C.
Ron E. Meisler                                      4111 Andover Road, West-2nd Flr.
SKADDEN, ARPS, SLATE, MEAGHER                       Bloomfield Hills, MI  48302
  & FLOM LLP
155 North Wacker Drive                              Attorney For Bing Metals Group, LLC
Chicago, Illinois  60606

     - and –

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors