UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :

     In re                                    :        Chapter 11

DPH HOLDINGS CORP., et al.,          :        Case No. 05-44481 (RDD)

          Reorganized Debtors. :        (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE CLAIM
NUMBER 19568 FILED BY THIS MISSISSIPPI WORKERS' COMPENSATION
INDIVIDUAL SELF-INSURER GUARANTY ASSOCIATION ON BEHALF OF PAULLION
ROBY IDENTIFIED IN FORTY-SIXTH
<u>OMNIBUS CLAIMS OBJECTION</u>

("CLAIMS OBJECTION ORDER REGARDING PAULLION ROBY CLAIM")

        Upon the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain

Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C)

State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E)

Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax

Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge

(A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim,

And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A)

State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow

Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth

Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of

its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of administrative expense claim number 19568 filed by the Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association (the "Association") on behalf of Paullion Roby (the "Claimant"); and upon the Association's response on behalf of the Claimant to the Forty-Sixth Omnibus Claims Objection (Docket No. 19847) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Response On Behalf Of Claimant To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19568 Filed On Behalf Of Paullion Roby (Docket No. 20398) (the "Supplemental Reply" and together with the Forty-Sixth Omnibus Claims Objection and the Response, the "Pleadings"); and upon the record of the July 22, 2010 sufficiency hearing held on the Forty-Sixth Omnibus Claims Objection to proof of administrative expense claim number 19568; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.      The Association, on behalf of the Claimant, was properly and timely served with a copy of the Forty-Sixth Omnibus Claims Objection a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Sixth Omnibus Claims Objection.

Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Sixth Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Sixth Omnibus Claims Objection.

    B.  The Association on behalf of the Claimant submitted the Response to the Forty-Sixth Omnibus Claims Objection.

    C.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

    D.  On June 23, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18742, 19717, 19719, 19568, And 20053 (Docket No. 20269) (the "Sufficiency Hearing Notice").

    E.  The Association and the Claimant were properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

    F.  This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    G.  For the reasons stated by this Court at the July 22, 2010 hearing, the Claimant, and, through the Claimant, the Association have failed to sufficiently plead a <u>prima</u>

3

<u>facie</u> claim.  That is, neither the filed claim nor the response to the objection thereto assert any fact with respect to the underlying basis for the Claimant's claim, which, therefore, is wholly conclusory; therefore, proof of administrative expense claim number 19568 should be disallowed and expunged in its entirety.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proof of administrative expense claim number 19568 is hereby disallowed and expunged in its entirety.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Sixth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       July 27, 2010

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Robert D. Drain
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE