UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                          :
    In re                          :    Chapter 11
                          :
DPH HOLDINGS CORP., et al.,    :    Case No. 05-44481 (RDD)
                          :
          Reorganized Debtors. :    (Jointly Administered)
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE EXPENSE CLAIM
NUMBER 18742 FILED BY GENPACT INTERNATIONAL INC. AND PROOF OF
ADMINISTRATIVE EXPENSE CLAIM NUMBER 20053 FILED BY
GENPACT INTERNATIONAL LLC IDENTIFIED IN FORTY-THIRD
<u>OMNIBUS CLAIMS OBJECTION</u>

("CLAIMS OBJECTION ORDER REGARDING GENPACT INTERNATIONAL INC. AND
GENPACT INTERNATIONAL INC. CLAIMS")

Upon the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), objected to proofs of administrative expense claim numbers 18742 and 18743 filed by Genpact International Inc. and proofs of administrative expense claim numbers 20052 and 20053 filed by Genpact International LLC (together with Genpact International Inc., the "Claimants"); and upon the Claimants' responses to the Forty-Third Omnibus Claims Objection (Docket Nos. 19427, 19428, 19429 and 19431) (together, the "Responses"); and upon Reorganized Debtors' Supplemental Reply To Response Of Claimants To Reorganized Debtors' Objections To Proofs Of Administrative Expense Claim Numbers 18742, 19717, 19719, And 20053 (Docket No. 20397) (the "Supplemental Reply" and together with the Forty-Third Omnibus Claims Objection and the Responses, the "Pleadings"); and upon the record of the July 22, 2010 sufficiency hearing held on the Forty-Third Omnibus Claims Objection to proofs of administrative expense claim numbers 18742 and 20053; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.   Genpact International Inc., the holder of proof of administrative expense claim number 18742, and Genpact International LLC, the holder of proof of administrative expense claim number 20053, were properly and timely served with a copy of the Forty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b)

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Third Omnibus Claims Objection.

2

Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Third Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Third Omnibus Claims Objection.

    B.  The Claimants timely and properly submitted the Responses to the Forty-Third Omnibus Claims Objection.

    C.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

    D.  On June 23, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18742, 19717, 19719, 19568, And 20053 (Docket No. 20269) (the "Sufficiency Hearing Notice").

    E.  The Claimants were properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

    F.  This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

G. Claimants concede that proof of administrative expense claim number 18742 is duplicative of proof of administrative expense claim number 18743, and proof of administrative expense claim number 20053 is duplicative of proof of administrative expense claim number 20052 and Claimants agree to the disallowance and expungement of proofs of administrative expense claim numbers 18742 and 20053 on that basis.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proofs of administrative expense claim numbers 18742 and 20053 are hereby disallowed and expunged in its entirety on the basis that they are duplicative claims.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4. The Reorganized Debtors shall not object to either (a) proof of administrative expense claim 18743 on the basis that such administrative expense claim was asserted against Delphi Corporation rather than Delphi Automotive Systems LLC or (b) proof of administrative expense claim 20052 on the basis that such administrative expense claim was asserted against Delphi Corporation rather than Delphi Automotive Systems LLC. For the avoidance of doubt, except as provided in this paragraph 4, the Reorganized Debtors shall retain the right to object to proofs of administrative expense claims 18743 and 20052 on any basis

4

whatsoever (other than the timeliness of the Responses to the Forty-Third Omnibus Claims Objection). Nothing contained herein shall limit or otherwise impair Claimants' rights with respect to surviving claim numbers 18743 and 20052 and all such rights are hereby expressly reserved.

       5.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       July 27, 2010

                          __/s/ Robert D. Drain_____
                            UNITED STATES BANKRUPTCY JUDGE