**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :        Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :        Case No. 05-44481 (RDD)
                                            :
                    Reorganized Debtors.  :        (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 10835
(DENNIS DASHKOVITZ)

("STATEMENT OF DISPUTED ISSUES – DENNIS DASHKOVITZ")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 10835 (the "Statement Of Disputed Issues") filed by Dennis Dashkovitz and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.      On July 25, 2006, Mr. Dashkovitz filed proof of claim number 10835 (the "Proof of Claim") against Delphi.  The Proof of Claim asserts an unliquidated priority claim for workers' compensation program-related benefits for a prepetition injury (the "Claim").

3.      On August 21, 2009, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers; Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth Omnibus Claims Objection"), seeking to expunge the Proof of Claim.

4.      On September 14, 2009, the Court docketed a letter from Mr. Dashkovitz responding to the Thirty-Fifth Omnibus Claims Objection (Docket No. 18900) (the "Response").

5.      On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And

Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

6.      On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 10835 (Dennis Dashkovitz) (Docket No. 20455), scheduling an evidentiary hearing on the merits of the Proof of Claim for September 24, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.      The Proof Of Claim Asserts Liabilities Transferred To General Motors Corporation

7.      The Reorganized Debtors have reviewed the Proof of Claim and the Response and have determined that the Proof of Claim should be disallowed and expunged in its entirety.

8.      Prior to the Effective Date, the liabilities for payment of Mr. Dashkovitz's workers' compensation benefits were transferred to General Motors Corporation ("GM"). Following the transfer to GM, the Debtors discontinued all payments to Mr. Dashkovitz on account of his workers' compensation benefits.  Consequently, the Reorganized Debtors have no further obligations to pay the workers' compensation benefits asserted by Mr. Dashkovitz in the Proof of Claim and the Proof of Claim should be disallowed and expunged in its entirety.

9.      In the event that GM does not satisfy its obligation to pay Mr. Dashkovitz on account of his prepetition workers' compensation claim, Mr. Dashkovitz would retain the right under 11 U.S.C. § 502(j) to seek reconsideration of the disallowance of the Proof of Claim.

<u>Reservation Of Rights</u>

10.      This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

4

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.


Dated: New York, New York
       July 28, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP


                              By: /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois  60606

                              - and -

                              Four Times Square
                              New York, New York  10036

                              Attorneys for DPH Holdings Corp., et al.,
                                Reorganized Debtors