**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                       :
    In re                                 :        Chapter 11
                                       :
DPH HOLDINGS CORP., et al.,     :        Case No. 05-44481 (RDD)
                                       :
             Reorganized Debtors.  :       (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 9396
<u>(DAVID LYONS)</u>

("STATEMENT OF DISPUTED ISSUES – DAVID LYONS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 9396 (the "Statement Of Disputed Issues") filed by David Lyons and respectfully represent as follows:

Background

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On July 12, 2006, Ms. Joan C. Lyons, executrix of Mr. Lyons's estate filed proof of claim number 9396 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unliquidated claim relating to workers' compensation program-related benefits (the "Claim").

3. On August 21, 2009, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth Omnibus Claims Objection"), seeking to expunge the Proof of Claim.

4. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

       5.      On September 9, 2009, the Court docketed a letter from Ms. Lyons responding to the Thirty-Fifth Omnibus Claims Objection (Docket No. 18914) (the "Response").

       6.      On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 9396 (David Lyons) (Docket No. 20456), scheduling an evidentiary hearing on the merits of the Proof of Claim for September 24, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.    <u>The Liabilities Asserted In The Proof Of Claim Should Be Modified To Reflect The Reorganized Debtors' Reserve Amount</u>

       7.      The Reorganized Debtors have reviewed the Proof of Claim and the Response and have determined that the Proof of Claim should be modified and allowed as a general unsecured non-priority claim in the amount of $555,695.71.

       8.      The Reorganized Debtors have retained Sedgwick Claims Management Services, Inc. ("Sedgwick"), a premier provider of workers' compensation related services including claims adjustment and administration. Upon review of Mr. Lyons's workers' compensation claim, Sedgwick has determined that the Debtors' projected liability for the obligations set forth in the Proof of Claim is $555,695.71. The Proof of Claim should, therefore, be modified and allowed as a general unsecured non-priority claim in the amount of $555,695.71.

Reservation Of Rights

9.      This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) modifying and allowing the Proof of Claim as a general unsecured non-priority claim in the amount of $555,695.71 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
July 28, 2010

                          SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP

                               By: /s/ John Wm. Butler, Jr.
                                   John Wm. Butler, Jr.
                                   John K. Lyons
                                   Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois  60606

                              – and –

                              Four Times Square
                              New York, New York  10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors