**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19601
<u>(TERRY L. ROE)</u>

("STATEMENT OF DISPUTED ISSUES – TERRY L. ROE")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19601 (the "Statement Of Disputed Issues") filed by Terry L. Roe and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.      On September 14, 2009, Mr. Roe filed proof of administrative expense claim number 19601 (the "Proof of Claim") against Delphi.  The Proof of Claim asserts an unliquidated administrative expense relating to workers' compensation program-related benefits (the "Claim").

3.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4.      On March 19, 2010, the Reorganized Debtors objected to the Proof of Claim pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

2

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection") seeking to disallow and expunge the Proof of Claim.

        5.      On April 15, 2010, Mr. Roe filed the Response To Objection To Claim Of Terry Roe (Docket Nos. 19883, 19916, and 19927) (the "Response").

        6.      On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim No. 19601 (Terry L. Roe) (Docket No. 20460), scheduling an evidentiary hearing on the merits of the Proof of Claim for September 24, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.    <u>The Proof Of Claim Asserts Liabilities Relating To A Prepetition Injury And Is Not Entitled To Administrative Priority</u>

        7.      The Proof of Claim asserts liabilities based on injuries that occurred prior to the Petition Date. The Claim is, therefore, not properly classified as an administrative expense under section 503(b)(1) of the Bankruptcy Code. As a result, the Proof of Claim should be disallowed and expunged in its entirety.

Reservation Of Rights

8.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), as applicable under the Order Pursuant To 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
July 28, 2010

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                    By: /s/ John Wm. Butler, Jr.
                         John Wm. Butler, Jr.
                         John K. Lyons
                         Ron E. Meisler
                    155 North Wacker Drive
                  Chicago, Illinois 60606

                  – and –

                  Four Times Square
                  New York, New York 10036

                  Attorneys for DPH Holdings Corp., et al.,
                    Reorganized Debtors