**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                  :
    In re                     :    Chapter 11
                                                  :
DPH HOLDINGS CORP., et al.,       :    Case No. 05-44481 (RDD)
                                                  :
        Reorganized Debtors.  :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 7658
(ROBERT STASIK)

("STATEMENT OF DISPUTED ISSUES – ROBERT STASIK")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 7658 (the "Statement Of Disputed Issues") filed by Robert Stasik and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On June 8, 2006, Mr. Stasik filed proof of claim number 7658 (the "Proof of Claim") against Delphi. The Proof of Claim asserts a prepetition unsecured, nonpriority claim in an unliquidated amount relating to workers' compensation program-related benefits for a prepetition injury (the "Claim").

3. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4. On November 6, 2009, the Reorganized Debtors objected to the Proof of Claim pursuant to the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant to 11

2

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (Docket No. 19044) (the "Thirty-Eighth Omnibus Claims Objection"), seeking to expunge the Proof of Claim.

5.    On November 25, 2009, the Court docketed a letter from Michael H. Glassman, on behalf of Mr. Stasik, responding to the Thirty-Eighth Omnibus Claims Objection (Docket No. 19150) (the "Response").

6.    On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim No. 7658 (Robert Stasik) (Docket No. 20458), scheduling an evidentiary hearing on the merits of the Proof of Claim for September 24, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

## Disputed Issues

A.    <u>The Proof Of Claim Asserts Liabilities That Will Be Satisfied By Collateral</u>

7.    The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute that they owe any amount for the workers' compensation liabilities asserted in the Proof of Claim.

8.    The Reorganized Debtors have retained Sedgwick Claims Management Services, Inc. ("Sedgwick"), a premier provider of workers' compensation related services including claims adjustment and administration. Upon review of all pending workers' compensation claims against the Debtors the in state of New Jersey, Sedgwick has determined that the Debtors' projected liability for the obligations set forth in the Proof of Claim is $11,027.31.

9.    Prior to the Petition Date, as part of its efforts to satisfy certain requirements to self-insure for liabilities associated with work related accidents or occupational

3

diseases, the Debtors had obtained a surety bond for the benefit of the New Jersey Department of Banking and Insurance in the amount of $5,500,000.00 as security for the Debtors' obligations relating to workers' compensation benefits. The surety bond was backed by a letter of credit in the amount of $5,500,000.00 issued to CNA Surety Corporation ("CNA"), a third-party surety company, on behalf of the Debtors. As of March 17, 2010, CNA had drawn down the entire amount of the letter of credit. The proceeds from the letter of credit are sufficient to satisfy the Claim, as well as all of the Debtors' other workers' compensation obligations in New Jersey. The Proof of Claim should, therefore, be disallowed and expunged in its entirety.

10. In the event that the proceeds from the letter of credit are insufficient to satisfy the Claim, Mr. Stasik would retain the right under 11 U.S.C. § 502(j) to seek reconsideration of the disallowance of the Proof of Claim.

Reservation Of Rights

11. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
July 28, 2010

                                SKADDEN, ARPS, SLATE, MEAGHER
                                    &FLOM LLP

                                      By: /s/ John Wm. Butler, Jr.
                                            John Wm. Butler, Jr.
                                            John K. Lyons
                                            Ron E. Meisler
                               155 North Wacker Drive
                               Chicago, Illinois  60606

                               - and -

                               Four Times Square
                               New York, New York  10036

                               Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors