**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 350
(BRIAN LEE PENLEY)

("STATEMENT OF DISPUTED ISSUES –
BRIAN LEE PENLEY")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 350 (the "Statement Of Disputed Issues") filed by Brian Lee Penley (the "Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.  On November 4, 2005, the Claimant filed proof of claim number 350 (the "Proof of Claim") against Delphi, which asserts an unsecured priority claim in the amount of $9,210.55 (the "Claim") stemming from the loss of Mr. Penley's tools.

3.  On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

4.  On November 24, 2006, the Claimant filed his response to the Third Omnibus Claims Objection (Docket No. 5932) (the "Response").

5.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

2

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

6. On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim Number 350 (Brian Lee Penley) (Docket No. 20453), scheduling an evidentiary hearing on the merits of the Administrative Claim for September 24, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A. <u>The Reorganized Debtors Do Not Owe Mr. Penley Any Amount In Connection With The Proof Of Claim</u>

7. Mr. Penley asserts in the Proof of Claim that Delphi owes him an unsecured priority claim in the amount of $9,210.55 stemming from the loss of his personal tools left on the premises of Delphi Electronics & Safety, a division of Delphi, following his October 2003 discharge from that company.

8. Following Mr. Penley's discharge, Delphi attempted to mail Mr. Penley his tools, but Mr. Penley refused to accept delivery. The items were sent back to Delphi and subsequently could not be located. Mr. Penley then filed a grievance with the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the

"UAW") protesting his discharge from Delphi and the loss of his personal tools.  This grievance was settled between Delphi and the UAW on April 29, 2004 based on Delphi's agreement to pay Mr. Penley $7,600.00.  Mr. Penley cashed the settlement checks totaling $4,609.01 (the net amount after withholdings from the $7,600.00 gross payment) and the checks cleared on July 1, 2005.

9.    According to the "Settlement Between the Parties" dated April 29, 2004 (the "Settlement"), "all grievances or issues involved (including financial claims for missing personal items) are considered settled between the parties and fully resolve any and all claims by Mr. Brian Penley."  However, on July 11, 2005, Mr. Penley filed a small claims lawsuit in Hamilton County, Indiana seeking further payment for the loss of his tools.  The lawsuit was stayed on October 18, 2005 due to Delphi's bankruptcy.

10.   Because Mr. Penley cashed the settlement checks, and pursuant to the Settlement, the Reorganized Debtors believe that no liability exists for any amounts that Mr. Penley asserts in the Proof of Claim.  Accordingly, the Reorganized Debtors believe that the Claim should be disallowed and expunged in its entirety.

B.   Mr. Penley Provides No Basis For Priority Under 11. U.S.C. § 507(a) On The Amounts Asserted In The Proof Of Claim

11.   Mr. Penley asserts an unsecured priority claim on the Proof of Claim yet provides no support indicating why the Claim is entitled to priority under 11 U.S.C. § 507(a). Accordingly, the Reorganized Debtor's believe that if the Proof of Claim is not disallowed and expunged, it should be modified from an unsecured priority claim to a general unsecured non-priority claim.

4

Reservation Of Rights

12.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         July 28, 2010

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                          & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

6