**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :
In re                                    :   Chapter 11
                                         :
DPH HOLDINGS CORP., et al.,              :   Case No. 05-44481(RDD)
                                         :
        Reorganized Debtors.             :   (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

### ORDER GRANTING AMENDED MOTION OF THE SALARIED RETIREES FOR ORDER CONFIRMING THAT SECOND AMENDED COMPLAINT DOES NOT VIOLATE THE MODIFIED PLAN OR THE PLAN MODIFICATION ORDER

This matter having come before the Court upon the Amended Motion Of The Salaried Retirees For Order Confirming That Second Amended Complaint Does Not Violate The Modified Plan Or The Plan Modification Order (the "Motion")[1] filed by Dennis Black, Charles Cunningham, Kenneth Hollis and The Delphi Salaried Retiree Association (collectively, the "Salaried Retirees"); and upon the objection (the "Objection") to the Motion filed by DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") (Docket No. 20065), and the reply to the Objection filed by the Salaried Retirees (Docket No. 20265); and upon the record of the June 30, 2010 hearing held by the Court upon the Motion (the "Hearing"), including, without limitation, the Salaried Retirees' representations (the "Representations") that (A) the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

1

relief requested pursuant to the Second Amended Complaint does not seek to (i) reinstate or restore the Salaried Plan to the Reorganized Debtors or (ii) impose any liability on account of the Salaried Plan against any of the persons (as defined in 11 U.S.C. § 101(41)) protected under paragraph 22 of the Plan Modification Order and section 11.14 of the Modified Plan (the "Plan Injunction"), and (B) the Salaried Retirees seek equitable relief solely against those named as defendants in the Second Amended Complaint and not against those persons protected by the Plan Injunction, including, without limitation, not against the Reorganized Debtors and New GM (all persons protected by the Plan Injunction, collectively, the "Protected Parties"); and the Court finding that there was due and sufficient notice of the Motion; and this Court having core jurisdiction over these chapter 11 cases and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334 and the Motion; venue for this case and this Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and for the reasons stated by the Court on the record of the Hearing, which reasons are incorporated herein as findings of fact and conclusions of law in support of the entry of this Order; and the Court being otherwise duly advised of the pertinent facts and finding good cause to grant the relief requested in the Motion on the terms of this Order,

2

**IT IS HEREBY ORDERED THAT:**

1. In light of and based upon the Representations made by the Salaried Retirees on the record at the Hearing, the Motion is GRANTED, subject to the provisions of this Order. Except as explicitly set forth herein, no other person is granted any relief on account of this Order.

2. In light of and based upon the Representations, the filing of the Second Amended Complaint, as attached hereto as <u>Exhibit A</u>, and the Salaried Retirees' pursuit of the relief requested therein will not violate the Modified Plan, the Plan Modification Order, the Enforcement Order or any other order of this Court. The Reorganized Debtors' right to argue that the Salaried Retirees are judicially estopped from taking any action inconsistent with their Representations at the Hearing is fully preserved, as are the Reorganized Debtors' arguments concerning equitable mootness as to any reinstatement or restoration of the Salaried Plan to the Reorganized Debtors. The Salaried Retirees retain their right to defend against any such estoppel or mootness arguments by the Reorganized Debtors except with respect to the Representations or as waived by them at the Hearing or otherwise.

3. The stipulation between the Salaried Retirees and the Reorganized Debtors entered September 11, 2009 (Docket No. 18896) remains in full force and effect, and the Salaried

Retirees and the Reorganized Debtors retain all of their rights thereunder.  The Protected Parties retain all of their rights to challenge any effort by any person to impose, directly or indirectly, any liability upon any of the Protected Parties on account of or in connection with the Salaried Plan, including, without limitation, all rights under any prior order of this Court, any other applicable law, or at common law.

    4.  This Court shall retain jurisdiction to hear and determine matters arising from or related to the implementation of this Order.


Dated: July 30, 2010
      White Plains, New York    /s/ Robert D. Drain_____
                                          UNITED STATES BANKRUPTCY JUDGE