SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp.  Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                      :        Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,            :        Case No. 05-44481 (RDD)
                                          :
               Reorganized Debtors.     :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, CITY OF VANDALIA, OHIO, AND DELPHI AUTOMOTIVE
SYSTEMS, LLC COMPROMISING AND ALLOWING PROOF OF
<u>ADMINISTRATIVE EXPENSE CLAIM NUMBER 17152</u>

(CITY OF VANDALIA, OHIO)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), City of Vandalia, Ohio ("Vandalia"), and Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, City Of Vandalia, Ohio, And Delphi Automotive Systems, LLC Compromising And Allowing Proof Of Claim Number 17152 (City Of Vandalia, Ohio) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates including Delphi Automotive Systems Human Resources LLC ("DAS Human Resources"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 1, 2009, Vandalia filed proof of administrative expense claim number 17152 against Delphi, which asserts an administrative expense claim in the amount of $35,867.53 (the "Claim") stemming from certain employee withholding taxes and interest allegedly owed by Delphi to Vandalia for the 2006 tax year.

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC, among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA) assumed certain administrative expense liabilities of the Debtors.

WHEREAS, pursuant to the MDA, New DAS LLC, as a subsidiary of Delphi

2

Automotive LLP (as assignee of DIP Holdco 3 LLC), assumed a portion of the administrative expense liabilities related to Claim 17152.

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS Human Resources emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS Human Resources LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on April 16, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHEREAS, on May 11, 2010, Vandalia filed the Response Of City Of Vandalia, Ohio To Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense

3

Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 20017) (the "Response").

WHEREAS, to resolve the Forty-Seventh Omnibus Claims Objection with respect to the Claim, the Reorganized Debtors, New DAS LLC, and Vandalia entered into this Stipulation, pursuant to which the Reorganized Debtors, New DAS LLC, and Vandalia agreed that the Claim should be allowed as an administrative claim in the amount of $23,505.99 against DPH-DAS Human Resources LLC.

NOW, THEREFORE, the Reorganized Debtors, New DAS LLC, and Vandalia stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $23,505.99 and shall be treated as an administrative claim against DPH-DAS Human Resources LLC in accordance with the terms of the Modified Plan.

2. New DAS LLC shall be responsible to pay $5,761.91 on account of the Claim and DPH-DAS Human Resources LLC shall be responsible to pay $17,744.08 on account of the Claim. The payments referenced in the preceding sentence shall be made within 30 days of entry of this Stipulation.

3. The Response is hereby deemed withdrawn with prejudice.

4. Allowance of the Claim in the amount of $23,505.99 is in full satisfaction of the Claim, and Vandalia, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "Vandalia Releasing Parties"), hereby waives any and all rights to assert against each of New

4

DAS LLC, the Debtors, and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents (collectively, the "Released Parties"), that the Claim is anything but an administrative claim against DPH-DAS Human Resources LLC.  The Vandalia Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim or which the Vandalia Releasing Parties have, ever had, or hereafter shall have against the Released Parties based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Effective Date, including, without limitation, all matters relating to the Claim; provided, however, that nothing herein shall affect Vandalia's rights with respect to (i) proofs of claim numbers 7624 and 16396, which are subject to prior orders of this Court (Docket Nos. 8737 and 11432) or (ii) their rights under this Stipulation.

        5.     This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 2nd day of August, 2010

                        /s/Robert D. Drain
                        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Sarah B. Chapman Carter |
|---|---|
| John Wm. Butler, Jr. | Sarah B. Chapman Carter |
| John K. Lyons | PICKREL, SCHAEFFER & EBELING, L.P.A. |
| Ron E. Meisler | 2700 Kettering Tower |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 40 North Main Street |
| | Dayton, Ohio 45423-2700 |
| 155 North Wacker Drive | |
| Chicago, Illinois  60606 | Attorney for City of Vandalia, Ohio |
| - and – | |
| Four Times Square | /s/ Karen J. Craft |
| New York, New York  10036 | Karen J. Craft |
| | Managing Restructuring Counsel |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | Delphi Automotive Systems, LLC |
| | Legal Staff |
| | 5825 Delphi Drive |
| | M/C 480-410-268 |
| | Troy, Michigan  48098 |
| | Attorney for Delphi Automotive Systems, LLC |