Brian L. Penley
2918 E SR 38
Westfield, IN 46074
Claim #350



To the Honorable Judge of The United States Bankruptcy court
Of the Southern District of New York:

I felt this needed to be added; I spoke to Mr. Kennedy on August 4, 2010 after I emailed him a copy of the letter I sent the court. I had called him earlier that day because he wrote that we needed to have a meet and confer on or before August 4, 2010 per court order.

Mr. Kennedy called me back around 3 pm to tell me his client (Delphi) could not conduct it on their end until either August 6 or August 9, 2010 which seems odd that the court order he mentioned did not apply equally to Delphi as it did me.

Mr. Kennedy then went on about the letter I wrote the court and that it appeared that I had included copies of the correspondence he had sent to me to the court. I told him I had, that the court was overseeing things and that should be kept informed as to what is going on, at that time Mr. Kennedy became rather agitated and told me I had no right to do that, that the documents were confidential and that I could be sanctioned.

Mr. Kennedy then went on to say that the 4.2% settlement offer would then be withdrawn and that there was no basis for me being able to get more for the conversion/theft of my tools by Delphi. I then asked Mr. Kennedy about a section in the letter concerning mediation; he said he seriously doubted that they would be willing to go that route as it was purely optional.

I felt the tone and methods used by Mr. Kennedy were purely to threaten or intimidate me into making a settlement, one that I felt was unfair considering the way the loss occurred in that Delphi kept me from retrieving my personnel property then sub sequentially lost it.

Thank You,
Brian Penley

*Brian L Penley*
Aug 4, 2010

Brian L. Penley
2918 E SR 38
Westfield, IN 46074
Claim #350

To the Honorable Judge of The United States Bankruptcy court
Of the Southern District of New York:

I apologize if I am going about this in the wrong way or not following a proper format but I am trying to do the best I can in representing myself in these matters as my wife and I are raising 3 grandchildren and don't have the extra funds to do this properly.

I received notice from Delphi's attorneys Skadden, Arps, Slate etc… and feel I need to respond to the claims and statements that they made.

I received a call from a Mr. Tom Kennedy on July 22, 2010 and again on July 23, 2010, he represented himself as the attorney representing Delphi in my claim. Mr. Kennedy said they wanted to settle my claim, but for only 4.2% of the amount of my loss. I told him I didn't think that was right, that my loss wasn't due to business dealings with Delphi but was due to Delphi requiring me to furnish my own tools to do my job, then not letting me retrieve them at the end of my employment. He said I could go before this court and present my claim but he said he didn't see any way I would get more then the 4.2% the court allowed. I told Mr. Kennedy to send the papers and I would look them over. I received documents on July 24, 2010 and others on July 29, 2010, copies are attached.

I received notice from Skadden, Arps, Slate etc… on July 28, 2010 that they were disputing my claim and made several statements that I would like the opportunity to respond to. At no time was mediation ever mentioned to me by Mr. Kennedy and I would be happy to partake in it.

The following are in response to Document # PRF 31666-7 filed by Delphi's attorney's.

Page 3, disputed issues:

A.8. Delphi did attempt to send a package to me; I did not know what was actually being sent so I did not accept it. The box was returned to Delphi and they succeeded in loosing it. The box was reported to contain items from a bench I used out on the production floor and a settlement of approximately two thousand dollars was paid for those items, it **did not include my roll around tool box though, that was kept in the tool room.**
The grievance that was referred to in the amount of $7600 had **nothing** to do with my lost tools, it had to do with the settlement of my wrongful discharge grievance and the lost pay associated with it.

A.9. The settlement reached on that grievance was for all issues relating to lost wages; at the time it was reached I still assumed my tools in the roll around tool box were still being retained by Delphi as they had not yet allowed me to retrieve them. No one knew the tools were an issue until I asked about retrieving them and they could not be located. A supervisor in maintenance at the time **Tim Fennel** (sp) admitted that I had a box there as well as an hourly employee, **Joe Earl**. Both people are still employed at the Delphi location.
When the tools could not be located I then filed my lawsuit, at that time there were more witnesses available to testify that my tools were in Delphi's possession. Since the massive reduction in personnel at Delphi and the length of time involved I believe there are only the two people above who are still available to testify.

A.10. The settlement check referred to had nothing to do with my lost tools; at that time no one realized the tools were lost. I am a Tool & die maker by trade, the tools are my lively hood, they are required to do my job and it is expected I furnish them.

B.11. I apologize for not knowing what constitutes the different claims definitions. Only that my loss was not from doing business with Delphi but from a requirement of Delphi that I furnish my own tools to do my job, tools that were in their care.

My loss resulted from Delphi removing me from the plant and not giving me a chance to retrieve my tools at that time. At the point they kept me from taking them it amounted to **conversion** or **theft** of my tools, I didn't press the matter at that time because I felt I would be able to get them back when the issues were settled and I had the opportunity to return to work.
I transferred to another location and never had the opportunity to retrieve my tools, this is why I don't feel my claim falls into the categories outlined by Delphi's attorneys and I feel should be handled differently in the bankruptcy proceedings.

Thank you,
Brian Penley

*Brian Penley*
Aug 2, 2010

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

PRIVILEGED & CONFIDENTIAL SETTLEMENT LETTER
SUBJECT TO FEDERAL RULE OF EVIDENCE 408

July 29, 2010



Via Overnight Mail

Brian Lee Penley
2918 E SR 38
Westfield, IN 46074
317-847-3293

RE:    *In re DPH Holdings Corp, et al.*, No. 05-44481 (RDD) Proof of Claim Number 350, filed by Brian Lee Penley

Dear Mr. Penley:

As I discussed with you over the phone last week, DPH Holdings Corp. and its affiliated reorganized debtors in the above-referenced cases (f/k/a *In re Delphi Corporation, et al.*) are prepared to enter into a stipulation with you allowing claim number 350 as a general unsecured non-priority claim at $9,210.55. I have enclosed the proposed Joint Stipulation And Agreed Order Between Reorganized Debtors And Brian Lee Penley Compromising And Allowing Proof Of Claim Number 350. If you are satisfied with the proposed stipulation, please sign it and mail it back to me in the enclosed self-addressed envelope

If you are not willing to settle the claim, please keep in mind that a hearing on claim number 350 is scheduled to occur on September 24, 2010 in the Bankruptcy Court of the Southern District of New York, in White Plains, New York. We will also need to need to arrange a time for a meet and confer on or before August 4, 2010. Please refer to my July 23, 2010 letter to you for further details.

Please do not hesitate to contact me if you have any questions. I can be reached by phone at (312) 407-0937 or by e-mail at thomasjason.kennedy@skadden.com.

Sincerely,

*[signature]*

Thomas J. Kennedy

PRF 31666-7

**Hearing Date: September 24, 2010**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
                      :
    In re                    :    Chapter 11
                      :
DPH HOLDINGS CORP., et al.,  :    Case No. 05-44481 (RDD)
                      :
                      :    (Jointly Administered)
    Reorganized Debtors.  :
                      :
------------------------------ x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 350
(BRIAN LEE PENLEY)

("STATEMENT OF DISPUTED ISSUES –
BRIAN LEE PENLEY")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Claim Number 350 (the "Statement Of Disputed Issues") filed by Brian Lee Penley (the "Claimant") and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On November 4, 2005, the Claimant filed proof of claim number 350 (the "Proof of Claim") against Delphi, which asserts an unsecured priority claim in the amount of $9,210.55 (the "Claim") stemming from the loss of Mr. Penley's tools.

3. On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

4. On November 24, 2006, the Claimant filed his response to the Third Omnibus Claims Objection (Docket No. 5932) (the "Response").

5. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

2

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

6. On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Claim Number 350 (Brian Lee Penley) (Docket No. 20453), scheduling an evidentiary hearing on the merits of the Administrative Claim for September 24, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

## Disputed Issues

### A. The Reorganized Debtors Do Not Owe Mr. Penley Any Amount In Connection With The Proof Of Claim

7. Mr. Penley asserts in the Proof of Claim that Delphi owes him an unsecured priority claim in the amount of $9,210.55 stemming from the loss of his personal tools left on the premises of Delphi Electronics & Safety, a division of Delphi, following his October 2003 discharge from that company.

8. Following Mr. Penley's discharge, Delphi attempted to mail Mr. Penley his tools, but Mr. Penley refused to accept delivery. The items were sent back to Delphi and subsequently could not be located. Mr. Penley then filed a grievance with the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the

3

"UAW") protesting his discharge from Delphi and the loss of his personal tools. This grievance was settled between Delphi and the UAW on April 29, 2004 based on Delphi's agreement to pay Mr. Penley $7,600.00. Mr. Penley cashed the settlement checks totaling $4,609.01 (the net amount after withholdings from the $7,600.00 gross payment) and the checks cleared on July 1, 2005.

9. According to the "Settlement Between the Parties" dated April 29, 2004 (the "Settlement"), "all grievances or issues involved (including financial claims for missing personal items) are considered settled between the parties and fully resolve any and all claims by Mr. Brian Penley." However, on July 11, 2005, Mr. Penley filed a small claims lawsuit in Hamilton County, Indiana seeking further payment for the loss of his tools. The lawsuit was stayed on October 18, 2005 due to Delphi's bankruptcy.

10. Because Mr. Penley cashed the settlement checks, and pursuant to the Settlement, the Reorganized Debtors believe that no liability exists for any amounts that Mr. Penley asserts in the Proof of Claim. Accordingly, the Reorganized Debtors believe that the Claim should be disallowed and expunged in its entirety.

B. <u>Mr. Penley Provides No Basis For Priority Under 11. U.S.C. § 507(a) On The Amounts Asserted In The Proof Of Claim</u>

11. Mr. Penley asserts an unsecured priority claim on the Proof of Claim yet provides no support indicating why the Claim is entitled to priority under 11 U.S.C. § 507(a). Accordingly, the Reorganized Debtor's believe that if the Proof of Claim is not disallowed and expunged, it should be modified from an unsecured priority claim to a general unsecured non-priority claim.

4

## Reservation Of Rights

12.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        July 28, 2010

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

     - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

155 NORTH WACKER DRIVE

CHICAGO, ILLINOIS 60606-1285

TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

CONFIDENTIAL

July 23, 2010

VIA OVERNIGHT MAIL

Brian Lee Penley
2918 E SR 38
Westfield, Indiana 46074



RECEIVED AUG 11 2010 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

RE:   *In re DPH Holdings Corp, et al.*, No. 05-44481 (RDD) Proof of Claim Number 350, filed on behalf of Brian Lee Penley (the "Claimant")

Dear Mr. Penley:

       I write on behalf of DPH Holdings Corp. ("Delphi") and its affiliated reorganized debtors in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (DPH Holdings Corp. together with its affiliated reorganized debtors, collectively, the "Reorganized Debtors") to inform you that on July 21, 2010, the Reorganized Debtors filed a Notice of Claims Objection Hearing with respect to the claim referenced above. Paragraph 9(c) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims entered October 30, 2006 (Docket No. 6089) (the "Procedures Order") require the Reorganized Debtors and the Claimant to conduct a "meet and confer." For your convenience, a copy of this order is enclosed. The Reorganized Debtors will file and serve their Statement of Disputed Issues with respect to your client's claim in accordance with the Procedures Order.

       In an effort to comply with the Procedures Order, I ask that you let me know at your earliest convenience what dates you and the appropriate representatives of the

Brian Lee Penley
July 23, 2010
Page 2

Claimant, if applicable, would be available between July 23 – August 4, 2010 to conduct the meet and confer. Because either (a) your principal place of business is located more than 90 miles from Troy, Michigan or (b) the amount in dispute is less than $1 million, the meet and confer may be held telephonically. The Reorganized Debtors will then determine a mutually-agreeable time for the meet and confer and will advise you of the same.

At this meet and confer, the following topics will be addressed:

- *Settlement.* The primary purpose of the meet and confer is to explore the possibility of settlement of the claim asserted by the Claimant by agreeing to the amount of an allowed claim. To that end, paragraph 9(c)(iii) requires that the Reorganized Debtors and Claimant have a person with ultimate authority to settle the claim attend the meet and confer. The Claimant is encouraged to provide any offers of settlement or related materials to the Reorganized Debtors prior to or at the meet and confer to foster settlement of the claim if possible.

- *Mediation.* In the event the parties are unable to reach settlement at the meet and confer, the Reorganized Debtors and Claimant will discuss mediation and possible mediators. See Procedures Order, ¶ 9(g). The Claimant should select three or four names from the court-approved list of acceptable mediators, which is Exhibit D of the Procedures Order. The Claimant also should be prepared at the meet and confer to proffer a list of dates between August 9, 2010 and, August 20, 2010 on which Claimant is available for mediation.

- *Discovery.* The Reorganized Debtors and the Claimant also will discuss any matters related to discovery, other requirements in the Procedures Order, and whether the parties agree that any modifications thereto are necessary in light of the circumstances of the claim.

Brian Lee Penley
July 23, 2010
Page 3

        If you have any questions, please contact me by phone at (312) 407-0937 or by e-mail at ThomasJason.Kennedy@skadden.com.

Very truly yours,

Tom Kennedy

Enclosures    (Procedures Order, Closing Report)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

RECEIVED
AUG 11 2010
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
         In re                                              :   Chapter 11
                                                            :
DPH HOLDINGS CORP., et al.,                                 :   Case No. 05-44481 (RDD)
                                                            :
                        Reorganized Debtors.                :   (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND BRIAN LEE PENLEY COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBER 350

(BRIAN LEE PENLEY)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Brian Lee Penley (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Brian Lee Penley Compromising And Allowing Proof Of Claim Number 350 (Brian Lee Penley) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on November 4, 2005, the Claimant filed proof of claim number 350 against Delphi, which asserts an unsecured priority claim in the amount of $9,210.55 (the "Claim") stemming from the loss of Mr. Penley's tools.

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 24, 2006, the Claimant filed a response to the Third Omnibus Claims Objection (Docket No. 5932) (the "Response").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to the Claim, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claim should be allowed as a general unsecured non-priority claim in the amount of $9,210.55 against DPH Holdings Corp.

NOW, THEREFORE, the Reorganized Debtors and Claimant stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $9,210.55 and shall be treated as an allowed general unsecured non-priority claim against DPH Holdings Corp. in accordance with the terms of the Modified Plan.

2. The Response is hereby deemed withdrawn with prejudice.

3. Nothing herein shall be construed as an admission of liability with respect to the amounts asserted in the Claim.

4. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this ____ day of July, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| John Wm. Butler, Jr.<br>John K. Lyons<br>Ron E. Meisler<br>SKADDEN, ARPS, SLATE, MEAGHER<br>  & FLOM LLP<br>155 North Wacker Drive<br>Chicago, Illinois  60606 | Brian Lee Penley<br>2918 East State Road 38<br>Westfield, Indiana 46074 |

– and –

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

4