SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                                :         Chapter 11
:
DPH HOLDINGS CORP., et al.,              :         Case No. 05-44481 (RDD)
:
                  Reorganized Debtors.    :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, ACE AMERICAN INSURANCE COMPANY, PACIFIC EMPLOYERS
INSURANCE COMPANY, AND ILLINOIS UNION INSURANCE COMPANY
CONSOLIDATING CERTAIN PROOFS OF ADMINISTRATIVE EXPENSE CLAIMS

(ACE AMERICAN INSURANCE COMPANY, PACIFIC EMPLOYERS INSURANCE
COMPANY, AND ILLINOIS UNION INSURANCE COMPANY ADMINISTRATIVE
<u>CLAIM JOINT STIPULATION AND AGREED ORDER</u>)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and ACE American Insurance Company ("ACE"), Pacific Employers Insurance Company ("Pacific") and Illinois Union Insurance Company ("Illinois Union," and together with ACE and Pacific, the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors and Claimants Consolidating Certain Proofs Of Administrative Expense Claims (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, ACE, Pacific, and Illinois Union, as the case may be, timely filed the proofs of administrative expense claims listed in column A on Exhibit A hereto (collectively, the "Basic Claims") against the Debtor entities listed in column C on Exhibit A, asserting, as more fully set forth in the Basic Claims, administrative expense claims for the Debtors' obligations including, but not limited to, insurance premiums, deductible reimbursements, and certain other amounts under insurance policies and related agreements between the Debtors and the Claimants.

WHEREAS, on or about November 4, 2009, ACE and Pacific also each filed an administrative claim against Delphi Corporation (collectively, the "Litigation Claims") asserting, as more fully set forth therein, administrative expense claims for, inter alia, claims arising from

2

allegations by the State of Michigan Workers' Compensation Agency regarding coverage for workers' compensation claims in the state of Michigan.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, on March 19, 2010, the Reorganized Debtors objected to the Basic Claims and the Litigation Claims pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

WHEREAS, on April 15, 2010, the Claimants filed the Response Of The ACE Companies To Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation

3

Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19836) (the "Response").

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests . . . ." Modified Plan, art. 9.6.

WHEREAS, the Reorganized Debtors and the Claimants have agreed to consolidate the Basic Claims pursuant to the terms hereof; provided, however, that the Surviving Claims (as defined herein) will be deemed to incorporate fully each of the Withdrawn Claims (as defined herein) asserted by the applicable Claimant.

NOW, THEREFORE, the Reorganized Debtors and the Claimants stipulate and agree as follows:

1. For administrative convenience only, without prejudice to each of the Claimants' rights against each of the Debtors and/or Reorganized Debtors and subject to the Reorganized Debtors' waiver of any right to object to the timeliness of the filing thereof, the Basic Claims are consolidated as follows:

> (a) All Basic Claims filed by ACE listed on Exhibit A shall be deemed consolidated into either Claim 19270 or Claim 19633, as set forth on Exhibit A.

    (b)    All Basic Claims filed by Pacific listed on <u>Exhibit A</u> shall be deemed consolidated into either Claim 19192 or Claim 19671, as set forth on <u>Exhibit A</u>.

    (c)    All Basic Claims filed by Illinois Union listed on <u>Exhibit A</u> shall be deemed consolidated into Claim 18900.

    2.    Basic Claim numbers 19270, 19633, 19192, 19671, and 18900 filed by ACE, Pacific, and Illinois Union, respectively, shall survive (collectively, the "Surviving Claims") and all other Basic Claims listed on <u>Exhibit A</u> (collectively, the "Withdrawn Claims") shall be deemed withdrawn without prejudice to the Claimants' rights against each of the Debtors and/or Reorganized Debtors to reassert the Withdrawn Claims at a later date; and in the event any such Withdrawn Claim(s) is/are reasserted (the "Reasserted Claim(s)"), (a) such Reasserted Claim(s) shall not be subject to the (i) July 31, 2006 bar date established under the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206), (ii) July 15, 2009 bar date established pursuant to Article 10.2 of the Modified Plan and paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032), or (iii) November 5, 2009 bar date established pursuant to Articles 1.5 and 10.5 of the Modified Plan and paragraph 47 of the Modification Approval Order (the July 31, 2006 bar date, the July 15, 2009 bar date, and the November 5, 2009 bar date are collectively referred to herein as the "Bar Dates") for filing claims and (b) the Forty-Sixth Omnibus Claims Objection shall be reinstated as to such Reasserted Claim(s), the Response shall be reinstated as to such Reasserted Claim(s) and

5

any hearing on such Reasserted Claim(s), the Forty-Sixth Omnibus Claims Objection and/or the Response shall be scheduled on no less than thirty (30) days notice.

3. ACE, Pacific, and Illinois Union reserve all of their rights to amend in accordance with applicable law (i) any of the Surviving Claims and (ii) any of the Reasserted Claims. Except as otherwise set forth herein, the Reorganized Debtors reserve any and all of their rights to object to or contest any amendment to any of the Surviving Claims or Reasserted Claims.

4. In the event that ACE, Pacific, or Illinois Union chooses to reassert any of the Withdrawn Claims, ACE, Pacific, or Illinois Union, as applicable, shall provide 2 business days' notice via electronic mail to the undersigned counsel for the Reorganized Debtors of ACE, Pacific, or Illinois Union's intent to reassert such Withdrawn Claim(s).

5. The Reorganized Debtors waive any right to (a) seek to have any Surviving Claim disallowed, reduced or expunged solely on the basis that such Surviving Claim is asserted against Delphi Corporation n/k/a DPH Holdings Corp. rather than another Debtor(s) or Reorganized Debtor(s) in which case(s) a Basic Claim had previously been filed and/or (b) object to the timeliness of the filing of the Basic Claims or the Litigation Claims.

6. Nothing herein shall be deemed to affect, alter or otherwise modify (a) any of the insurance policies and related agreements between the Debtors and the Claimants, (b) the Litigation Claims and/or (c) any other stipulation entered into by the Debtors and the Claimants or order of the Court including, but not limited to, (i) that certain Order dated January 6, 2006 Under 11 U.S.C. §§ 362, 363, 365, 1107, and 1108 Authorizing Renewal of Insurance Coverage and Certain Related Relief (Docket No. 1779), (ii) that certain Joint Stipulation And Agreed Order Resolving The Debtors' Thirteenth Omnibus Claims Objection And Claims Estimation

Motion With Respect To Proofs Of Claim Filed By ACE American Insurance Company, Pacific Employers Insurance Company, Illinois Union Insurance Company, ESIS, Inc. And Their Affiliates And Consolidating Such Proofs Of Claim (Docket No. 10520), and (iii) that certain Stipulation And Order Resolving Limited Objection Of The ACE Companies To Approval And/Or Confirmation Of First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) And Preserving Limited Objection Of The ACE Companies To Assignment Of Agreements To Buyers (Docket No. 18793).

7. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 16th day of August, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ Lawrence J. Kotler |
| John Wm. Butler, Jr. | Lawrence J. Kotler |
| John K. Lyons | Wendy M. Simkulak |
| Ron E. Meisler | DUANE MORRIS LLP |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 1540 Broadway, 14th Floor |
| 155 North Wacker Drive | New York, New York  10036-4086 |
| Chicago, Illinois  60606 | |
| – and – | – and – |
| Four Times Square | Margery N. Reed |
| New York, New York  10036 | Lewis R. Olshin |
| | 30 South 17th Street |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | Philadelphia, Pennsylvania 19103-4196 |
| | Attorneys for ACE American Insurance Company, Pacific Employers Insurance Company, and Illinois Union Insurance Company |

8