**Hearing Date and Time: August 27, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: August 25, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case Number 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE
OF CLAIMANTS TO REORGANIZED DEBTORS' OBJECTIONS TO
PROOFS OF CLAIM NUMBERS 10884, 15346, AND 15347

("SUPPLEMENTAL REPLY REGARDING CERTAIN DUPLICATE CLAIMS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimants To Reorganized Debtors' Objections To Proofs Of Claim Numbers 10884, 15346, And 15347 (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1. On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On July 15, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10884, 15346, And 15347 And Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19168 And 19574 (Docket No. 20419) (the "Sufficiency Hearing Notice").

4. The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

2

5.     By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), and the Notice Of Rescheduling Of Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing (Docket No. 20417), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on August 27, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim and proof of administrative expense claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim and proof of administrative expense claim states a colorable claim against the asserted Debtor.

6.     This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **August 25, 2010.**

B.    Relief Requested

       7.    By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of claim filed against the Debtors in their chapter 11 cases.

C.    The Claims Filed Against The Debtors

       8.    Each of the proofs of claim listed on Exhibit A[1] hereto asserts environmental liabilities of the Debtors (the "Claims"). During the Reorganized Debtors' review of the Claims, the Reorganized Debtors determined that the Claims are duplicative of other proofs of claim. Accordingly, this Court should enter an order disallowing and expunging each of the Claims in its entirety.

D.    Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

      9.    The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Reorganized Debtors' objections to the Claims should be sustained and each of the Claims should be disallowed and expunged in its entirety.

      10.    The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007)

---

[1]    Exhibit A sets forth the following information regarding each proof of claim: the applicable claim number, the date the claim was filed, the name of the claimant, the applicable omnibus objection, the date of the applicable omnibus objection, the docket number of the claimant's response, the name of the debtor entity against which the claim is asserted, and the basis for the Reorganized Debtors' objections to the Claims.

4

(the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D. N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

11. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y. Mar. 25, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007)). Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

5

12.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "when a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.     Argument Regarding The Claims

13.     Illinois Environmental Protection Agency Claims. It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor. The Illinois Environmental Protection Agency ("Illinois EPA") filed two proofs of claim asserting environmental liabilities of the Debtors: proofs of claim numbers 10884 and 10885. These two proofs of claim are identical, with the exception that claim 10884 asserts a claim against Delphi Corporation and claim 10885 asserts a claim against Delphi Automotive Systems LLC. Pursuant to article 7.2 of the Modified Plan, however, claims against Delphi Corporation and Delphi Automotive Systems LLC were consolidated into a single group—the Delphi-DAS Debtors[2]—for, among other things, any obligation of the Delphi-DAS Debtors and for purposes of making distributions on account of allowed claims. Consequently, because proofs of claim numbers

---

[2]  As defined in Article 1.54 of the Modified Plan, "Delphi-DAS Debtors" means, collectively, Delphi Corporation, ASEC Manufacturing General Partnership, ASEC Sales General Partnership, Aspire, Inc., Delphi Automotive Systems LLC, Delphi Automotive Systems Global (Holdings), Inc., Delphi Automotive Systems Human Resources LLC, Delphi Automotive Systems Services LLC, Delphi Foreign Sales Corporation, Delphi Integrated Service Solutions, Inc., Delphi LLC, Delphi NY Holding Corporation, Delphi Receivables LLC, Delphi Services Holding Corporation, Delphi Automotive Systems Risk Management Corp., Delphi Automotive Systems Tennessee, Inc., Delphi Technologies, Inc., Delphi Electronics (Holding) LLC, Delphi Liquidation Holding Company, DREAL, Inc., Environmental Catalysts, LLC, and Exhaust Systems Corporation, as substantively consolidated for Plan purposes.

6

10884 and 10885 are treated as a single obligation under the Modified Plan, the Illinois EPA is only entitled to one recovery on account of proofs of claim numbers 10884 and 10885.

14. Accordingly, the Reorganized Debtors request that the Court disallow and expunge proof of claim 10884 as duplicative of proof of claim 10885. If such relief is granted, the Reorganized Debtors will not subsequently object to proof of claim 10885 on the basis that such Claim was asserted against Delphi Automotive Systems LLC rather than Delphi Corporation.

15. <u>Ohio Environmental Protection Agency Claims</u>: The Ohio Environmental Protection Agency ("Ohio EPA") filed three proofs of claims asserting environmental liabilities against the Debtors:[3] proofs of claim numbers 15345, 15346, and 15347. These three proofs of claim are identical, with the exception that proof of claim 15345 asserts claims against Delphi Automotive Systems LLC, proof of claim 15346 asserts claims against Delphi Automotive Systems Services LLC, and proof of claim 15347 asserts claims against Delphi Corporation. As stated above, pursuant to article 7.2 of the Modified Plan, claims against Delphi Corporation, Delphi Automotive Systems LLC, and Delphi Automotive Systems Services LLC were consolidated into a single group—the Delphi-DAS Debtors—for, among other things, any obligation of the Delphi-DAS Debtors and for purposes of making distributions on account of allowed claims. Consequently, the Ohio EPA is not entitled to recover separately on account of proofs of claims 15345, 15346, and 15347, because the three Claims are treated as a single obligation under the Modified Plan. Indeed, in the Ohio EPA's response (Docket No. 19055) to the Reorganized Debtors' objection to proofs of claim numbers 15346 and 15346, the Ohio EPA

---

[3] Each of the three claims asserts both unsecured and priority claims of undetermined amounts. Hereinafter, these will be referred to as "proofs of claims."

7

stated that it filed proofs of claims "in each of the cases to ensure that the claims were filed against the correct entity."

16. Accordingly, the Reorganized Debtors request that the Court disallow and expunge proofs of claims 15346 and 15347 as duplicative of proof of claim 15345. If such relief is granted, the Reorganized Debtors will not subsequently object to proof of claim 15345 on the basis that such Claim was asserted against Delphi Automotive Systems LLC rather than Delphi Corporation or Delphi Automotive Systems Services LLC.

17. For the foregoing reasons, the Reorganized Debtors assert that (a) the claimants listed in column C of <u>Exhibit A</u> have not met their burden of proof to establish a claim against in the Debtors, (b) the Claims are not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fail to state a claim against the Debtors under Bankruptcy Rule 7012. Because the claimants cannot provide facts or law supporting the Claims, the objections listed in column D of <u>Exhibit A</u> should be sustained as to the Claims, and each of the Claims should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections relating to the Claims, (b) disallowing and expunging each of the Claims in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         August 17, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

## Exhibit A - Duplicate Claims

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **Proof Of Claim Number** | **Date Filed** | **Claimant** | **Omnibus Claims Objection** | **Date Of Omnibus Claims Objection** | **Docket No. of Response** | **Debtor Named On Proof Of Claim** | **Basis for Objection** |
| 10884 | 7/25/2006 | ILLINOIS ENVIRONMENTAL PROTECTION AGENCY | Third Omnibus Claims Objection | 10/31/2006 | 6067* | DELPHI CORPORATION | Duplicate Claim |
| 15346 | 7/31/2006 | OHIO ENVIRONMENTAL PROTECTION AGENCY | Thirty-Sixth Omnibus Claims Objection | 10/15/2009 | 19055 | DELPHI AUTOMOTIVE SYSTEMS SERVICES LLC | Duplicate Claim |
| 15347 | 7/31/2006 | OHIO ENVIRONMENTAL PROTECTION AGENCY | Thirty-Sixth Omnibus Claims Objection | 10/15/2009 | 19055 | DELPHI CORPORATION | Duplicate Claim |

*The Illinois Environmental Protection Agency filed the Response And Exhibits To Delphi's Objection To Its Claim (No. 10885) By Illinois Environmental Protection Agency (Docket No. 6067) in response to the Debtors' Third Omnibus Claims Objection.  As described in the Supplemental Reply, proofs of claim numbers 10884 and 10885 are identical, except that claim 10884 was filed against Delphi Corporation and claim 10885 was filed against Delphi Automotive Systems LLC.  Although the Reorganized Debtors could not locate a separate response by the Illinois Environmental Protection Agency with respect to proof of claim number 10884, the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Certain (A) Claims With Insufficient Documentation And (B) Claims Unsubstantiated By Debtors' Books And Records, (II) Modifying Certain Claims, And (III) Adjourning Hearing On Certain Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) Identified In Third Omnibus Claims Objection (Docket No. 6224) listed proof of claim number 10884 as an adjourned claim, and therefore, was included in the Sufficiency Hearing Notice.