**Hearing Date and Time:  August 27, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  August 25, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                            :
       In re                          :      Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,          :      Case Number 05-44481 (RDD)
                                              :
                                              :      (Jointly Administered)
               Reorganized Debtors.         :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE
ON BEHALF OF CLAIMANT TO REORGANIZED DEBTORS'
OBJECTION TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM
NUMBER 19574 FILED ON BEHALF OF LEE H. YOUNG, JR.

("SUPPLEMENTAL REPLY REGARDING CLAIM FILED
ON BEHALF OF LEE H. YOUNG, JR.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19574 Filed By Lee H. Young, Jr. (the "Supplemental Reply"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

1.    On October 8 and 14, 2005, Delphi Corporation and certain of and certain of its subsidiaries and affiliates (the "Debtors"), former debtors and debtors-in-possession, predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On June 23, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10884, 15346, And 15347 And Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19168 And 19574 (Docket No. 20419) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving

2

all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6(a).

5.      By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), and the Notice Of Rescheduling Of Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing (Docket No. 20417), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on August 27, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim and proof of administrative expense claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim states a colorable claim against the asserted Debtor.

6.      This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **August 25, 2010.**

3

B.      Relief Requested

        7.      By this Supplemental Reply, the Reorganized Debtors request entry of an

order disallowing and expunging a certain proof of administrative expense claim filed against the

Debtors in their chapter 11 cases.

C.      The Claim Filed Against The Debtors

        8.      On August 13, 2009, the Mississippi Workers' Compensation Individual

Self-Insurer Guaranty Association (the "Association") filed proof of administrative expense

claim number 19574 on behalf of Lee H. Young, Jr., asserting liabilities on account of workers'

compensation related programs against Delphi Automotive Systems LLC (the "Claim").  During

the Reorganized Debtors' review of the Claim, the Reorganized Debtors determined that neither

Mr. Young nor the Association have provided sufficient information to support the Claim.

Accordingly, this Court should enter an order disallowing and expunging the Claim in its entirety.

        9.      The Reorganized Debtors' Objection To The Claim.  On March 19, 2010,

the Reorganized Debtors objected to the Claim on the Reorganized Debtors' Forty-Sixth

Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow

And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode

Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers'

Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers'

Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance

Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B)

A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify

Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers'

Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims

4

(Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection") on the grounds that insufficient information was provided to support the Claim.

10.    <u>Response To The Reorganized Debtors' Objection</u>.    On April 15, 2010, the Association, on behalf of Mr. Young, filed the Response Of Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association To The Reorganized Debtors' Forty-Sixth Omnibus Claims Objection – Claim No. 19574 (Lee H. Young, Jr.) (Docket No. 19852) (the "Response") asserting that the Claim should be estimated pursuant to section 502(c) of the Bankruptcy Code and that the Claim should be allowed as an administrative expense claim and paid in full in the estimated amount.

D.    <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

11.    The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Mr. Young has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objection to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

12.    The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Int'l., Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing,

5

claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113

(Bankr. D. N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and

establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-

C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges

facts sufficient to support its proof of claim is it entitled to have claim considered prima facie

valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must

allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

13.    For purposes of sufficiency, this Court has determined that the standard of

whether a claimant has met its initial burden of proof to establish a claim should be similar to the

standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and

9014.  See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007

Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted if a

claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the

speculative level [to a plausible level],' assuming (of course) that all the allegations in the

complaint are true." Bradley v. Rell, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13

(N.D.N.Y. Mar. 25, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007)).

Essentially, the claimant must provide facts that sufficiently support a legal liability against the

Debtors.

14.    This Court further established that the sufficiency hearing standard is

consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount

of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a)

requires that "the proof of claim shall conform substantially to the appropriate Official Form"

and Bankruptcy Rule 3001(c) requires that "when a claim . . . is based on a writing, the original

or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c).  <u>See</u> January

12, 2007 Transcript at 52:17-22.

E.      <u>Argument Regarding The Claims</u>

      15.      <u>Insufficient Basis For Claims.</u>  Neither Mr. Young, nor the Association,

has alleged any facts, much less plausible facts, in support of the Claim.  Nevertheless, the

Reorganized Debtors' own investigation regarding this Claim has confirmed that it is without

merit.  Proof of administrative expense claim 19574 asserts a claim for workers' compensation

liabilities that were fully released pursuant to a settlement between the Debtors and Mr. Young

that was previously approved by the Mississippi Workers' Compensation Commission on March

24, 2010 (MWCC No. 08055399-K-0375-E), a copy of which is attached hereto as <u>Exhibit A</u>.  In

addition, the Reorganized Debtors' have determined that Mr. Young has no outstanding claims

for workers' compensation benefits and has failed to provide any evidence of a compensable

injury.  Accordingly, the Claim should be disallowed and expunged in its entirety.

      16.      For the foregoing reasons, the Reorganized Debtors assert that (a) Mr.

Young has not met his burden of proof to establish a claim against the Debtors, (b) the Claim is

not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f), and (c)

the Claim fails to state a claim against the Debtors under Bankruptcy Rule 7012.  Because

neither the Association nor Mr. Young can provide facts or law supporting the Claim, the Forty-

Sixth Omnibus Claims Objection should be sustained as to the Claim, and the Claim should be

disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an

order (a) sustaining the objections relating to the Claim, (b) disallowing and expunging the

Claim in its entirety, and (c) granting such further and other relief this Court deems just and

proper.


Dated:    New York, New York
          August 17, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP


                              By:   /s/ John Wm. Butler, Jr._____
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                    - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                Reorganized Debtors

# Exhibit A

## MISSISSIPPI WORKERS' COMPENSATION COMMISSION
### MWCC NO. 0805399-K-0375-E

RECEIVED
MAR 2 2010
CLAIMANT
M. W. C. C.
RECEPTIONIST

**LEE YOUNG**

**V.**

**DELPHI PACKARD ELECTRIC SYSTEMS**                    **EMPLOYER/SELF-INSURED**

### PETITION FOR APPROVAL OF SETTLEMENT

The Claimant, Lee Young, 1212 Reserve Drive, Clinton, MS 39056, under oath represents to the Commission the following:

1.

On or about May 19, 2008, the Claimant was employed by Delphi Packard Electric Systems, in or around Clinton, Mississippi, when, while in the course and scope of his employment as an industrial electrician, he allegedly sustained an injury to his left foot. At the time of the alleged accident, the Claimant had an average weekly wage of $2,100.01 and a weekly compensation rate of $398.93.

2.

All medical reports in the possession of the Employer/Self-Insured have been filed with the Commission and are incorporated by reference. The Claimant is fully aware of the medical opinions of all his treating physicians concerning his medical condition and is fully aware of the consequences of his actions in compromising and settling his claim on the bases set forth in this Petition.

Claimant contends he was injured at work on May 19, 2008. In an employee statement form for an on-the-job injury completed on that day, Claimant stated that he was walking to a call on line 5 when a bone popped in his foot.

After Claimant returned to his own work area, he told one of his production supervisors about the incident and was instructed to report to the plant medical department. The nurse on duty iced and wrapped his foot.

On the next day, Claimant returned to the Delphi plant medical department and was examined by Dr. Irvin Cronin who referred him to Dr. Gary McCarthy for an x-ray and evaluation. After undergoing x-rays on May 20, 2008 at Central Mississippi Medical Center, Claimant was evaluated by Joanna McCollum, a nurse practitioner with Dr. Gary McCarthy. He reported injuring his left foot while working at the plant and carrying a thirty to forty pound tool belt. X-rays revealed a fracture at the base of the left fifth metatarsal. McCollum instructed Claimant to wear a fracture boot for four weeks but allowed him to return to work with restrictions against lifting more than five pounds and with weight bearing as tolerated. Claimant returned to work and wore the fracture boot as instructed from May until August 2008.

Eventually, Claimant began to treat with to Dr. David J. Gandy. On June 20, 2008, Dr. Gandy noted that Claimant's fracture still had not healed completely. Nevertheless, Dr. Gandy did note some bone healing, and he indicated that, given time, the fracture was likely to heal completely. Dr. Gandy instructed Claimant to continue performing sedentary work with limited twisting, standing, or climbing.

Claimant followed up with Dr. Gandy on July 7, 2008, and x-rays taken on that day showed good position and alignment of the fracture. Dr. Gandy stated the fracture needed more healing time, and he instructed Claimant to continue on light duty with no lifting more than five pounds, no climbing, and minimal walking. Dr. Gandy also instructed Claimant to return in three to four weeks.

2

By August 2008, x-rays showed good healing of the fracture, and Dr. Gandy indicated the fracture had healed enough for Claimant to walk normally. Nevertheless, Dr. Gandy recommended avoiding stair climbing and ladder climbing for an additional three to four weeks. He instructed Claimant to return only as needed.

According to Dr. Gandy's records, Claimant last followed up on January 21, 2009. At that time, Dr. Gandy noted Claimant was still having pain but was improving. Dr. Gandy instructed Claimant to remain at fairly sedentary work for another couple of weeks and then to begin full duty. Dr. Gandy also stated that he did not anticipate Claimant would have any permanent impairment.

The Employer/Self-Insured disputes the compensability of this claim and the reasonableness and necessity of medical treatment.

3.

Employer/Self-Insured denies that Claimant incurred a compensable injury and the Employer/Self-Insured has paid no workers' compensation benefits or expenses to or on behalf of Claimant as a result of the alleged work-related injury. In the event of approval of this settlement and subject to the terms set forth below, the Claimant, and not the Employer/Self-Insured, will be responsible for any and all medical and related expenses related to the alleged injury occurring on May 19, 2008.

4.

The Claimant represents that he has some degree of permanent disability and loss of wage earning capacity as a result of the alleged work-related injury, but that his claim of a compensable injury and claim of permanent disability and loss of wage-earning capacity are denied and disputed by the Employer/Self-Insured in good faith, and that, in any event, the extent of his permanent

3

disability and loss of wage-earning capacity, if any, resulting from said alleged accidental injury is not susceptible of exact determination as to the extent thereof. Negotiations have been had for a compromise settlement of all claims regarding workers' compensation benefits and the Claimant has agreed to accept and the Employer/Self-Insured has indicated a willingness to pay to the Claimant as a compromise settlement of any and all claims and demands for disability and compensation benefits, medical or related expenses, or any other expenses or claim for workers' compensation benefits, whether under the Mississippi Workers' Compensation law, the total sum of $5,000.00. In consideration of this amount, the Claimant agrees to release any and all claims for workers' compensation benefits. The Claimant fully recognizes his susceptibility to future injury, additional future medical expense, and further deterioration of his physical and vocational condition.

5.

The Claimant represents that it would be in his best interest that the compromise settlement, as herein proposed, be approved and concluded as stated above, it being understood and provided that the payment of said sum will be received in full compromise settlement of any and all claims and demands for workers' compensation benefits whatsoever on account of any injuries, accidental injuries, or occupational diseases heretofore sustained by the Claimant while in the employ of the Employer and in full settlement, compromise, and satisfaction of any and all claims for workers' compensation benefits of any nature whatsoever allegedly due under the Workers' Compensation law, including but not limited to claims for medical expenses and other items of expense.

6.

The Claimant represents that he is not presently eligible for and/or receiving Social Security disability benefits. The Claimant further represents that he has received neither Medicaid nor Medicare benefits and that no such benefits have been paid on his behalf. In any event, Claimant

4

4/5/2010                    A818201084000101                    5120100405122139

07/12/2010   9:20AM

represents that any Medicare or Medicaid benefits which may have been paid on his behalf did not relate to the physical condition at issue in this case. He also warrants he has made no assignment of any benefits, claims, or rights of subrogation regarding any hospital, doctor, medical, travel, prescription, or related bills or expenses against the Employer/Self-Insured by operation of law or otherwise, and warrants that any other treatments he has received are not related to the injury, accidental injuries, or conditions allegedly arising out of and in the course and scope of his employment. The Claimant, in the event of approval of this settlement herein proposed, shall defend and indemnify the Employer/Self-Insured against any claim, suit, demand, or complaint which relates to or concerns the aforesaid alleged accident.

AND NOW CLAIMANT RESPECTFULLY PRAYS:

That this, his Petition, be received and filed and immediate hearing be held thereon that the matters represented be investigated by the Commission; that an order be entered adjudging that there is a genuine and bona fide dispute as to compensability and permanent disability or loss of wage-earning capacity as a result of the aforesaid alleged accidental injury or occupational diseases allegedly arising out of and in the course of his employment and that, in any event, the extent of his permanent disability or loss of wage-earning capacity, if any, is not susceptible of exact determination as to the extent thereof; and that it would be in the best interest of the Claimant that a compromise settlement be made on the basis herein above set out. The Claimant further prays that he be authorized to accept from the Employer/Self-Insured the aforementioned sum in full settlement and satisfaction of any and all claims for workers' compensation benefits, of any nature whatsoever, whether or not such claims are known or unknown or have already accrued, or demand for the alleged accidental injury or occupational disease of which the Claimant complained, and that the

5

Employer/Self-Insured be authorized to pay said amount in full settlement, satisfaction and discharge of any and all responsibilities of the Employer/Self-Insured for workers' compensation benefits. The Claimant further prays that upon receipt of the aforesaid sum, the Claimant be authorized to execute and deliver such full and final release, discharge and acquittance as may be required by the Employer/Self-Insured evidencing its full release, acquittance and discharge of any and all liability for workers' compensation benefits under the Mississippi Workers' Compensation Law for or on account of any claims or demands which the Claimant may now or hereafter have against the Employer/Self-Insured, its individual carriers, agents, employers, successors, assigns, parents, subsidiaries or related companies or organizations arising under the Mississippi Workers' Compensation Law. The Claimant further prays that he be authorized to pay Marc E. Brand, his attorney, an amount equal to $1,250.00 out of the proceeds of said settlement for valuable legal services rendered.

And the Claimant prays for such other and further relief as may be proper in the premises.

Respectfully submitted,

LEE YOUNG

READ AND APPROVED BY:

MARC E. BRAND (MSB# 4301)
Attorney for Claimant

RECEIVED
MAR 24 2010
M. W. C. C.
RECEPTIONIST

6

4/5/2010                    A818201084000101                    5120100405122139

07/12/2010   9:20AM

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally appeared before me, the undersigned authority in and for the jurisdiction aforesaid,

the within named **LEE YOUNG** who, being by me first duly sworn, stated under oath that the

matters and things set forth in the above and foregoing Petition are true and correct as therein stated.

_____
LEE YOUNG

SWORN TO AND SUBSCRIBED BEFORE ME, the 2 2 day of _March_, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

_____

MELVIN J. BREEDEN, JR.
Mississippi Statewide Notary Public
My Commission Expires October 25, 2010





RECEIVED
MAR 2 4 2010
M. W. C. C.
RECEPTIONIST

7

<u>JOINDER</u>

The Employer/Self-Insured joins in the Petition for approval of the settlement as proper under the Mississippi Workers' Compensation Law, but otherwise dispute the Claimant's allegations concerning the existence of the alleged injury and disability and the existence and extent of alleged loss of wage-earning capacity.



ANDREW D. SWEAT, (MSB# 8100)
JENNIFER H. SCOTT, (MSB# 101553)
ATTORNEYS FOR EMPLOYER/SELF-INSURED

Andrew D. Sweat, Esq.
Jennifer H. Scott, Esq.
WISE CARTER CHILD & CARAWAY, P.A.
P. O. Box 651
Jackson, MS 39205-0651
Telephone: (601) 968-5500

RECEIVED
MAR 2 4 2010
M. W. C. C.
RECEPTIONIST

8

## MISSISSIPPI WORKERS' COMPENSATION COMMISSION
### MWCC NO. 0805399-K-0375-E

**LEE YOUNG**                                                       **CLAIMANT**

V.

**DELPHI PACKARD ELECTRIC SYSTEMS**         **EMPLOYER/SELF-INSURED**

### ORDER APPROVING SETTLEMENT

This cause came on this day for hearing before the Mississippi Workers' Compensation Commission at its offices in Jackson, Mississippi, on the sworn Petition of the Claimant, Lee Young, seeking authority for and approval of a compromise settlement as set out in the Petition. The Petition was joined by Employer/Self-Insured, Delphi Packard Electric Systems, as proper under the Mississippi Workers' Compensation Law.

The Commission has examined the Petition and the lump sum compromise settlement proposed therein and has received evidence concerning same. The Commission finds that the Claimant is fully aware of the medical opinions of each of his treating physicians as well as the consequences of his actions in compromising and settling his claim on the bases set forth in the Petition. The Commission finds that Claimant is represented by Marc E. Brand, that Claimant and his attorney are fully advised in the premises and are of the opinion that the lump sum compromise settlement is just, fair, and proper; and that the prayer of the Petition should be granted.

The Commission finds that the Claimant and Employer/Self-Insured have a bona fide dispute and disagreement as to the compensability of Claimant's alleged injury and/or the extent of loss of wage earning capacity or permanent disability, if any, suffered by the Claimant as a result of the alleged accidental injuries set out in the Petition, and finds that the extent of permanent disability,

4/5/2010        A818201084000101        5120100405122139

if any, is not susceptible of proof as to the exact extent thereof, and that the case is a proper one for disposition under the provisions of the Mississippi Workers' Compensation Law.

IT IS, THEREFORE, ORDERED, that said compromise settlement proposed in the Petition should be, and the same is hereby approved as being for the best interest of the Claimant.

IT IS FURTHER ORDERED that upon payment of the total sum of Five Thousand and 00/100 Dollars ($5,000.00) to the Claimant, the Employer/Self-Insured stands discharged of any other or further liability to the Claimant, including, but not limited to, liability for any and all accidental injuries or occupational injuries or diseases, whether mental or physical, heretofore sustained by Claimant while in the employ of the Employer and of the effects thereof and the Employer/Self-Insured shall further stand discharged for liability for any and all medical or other related expenses associated therewith, and the Claimant is hereby authorized and empowered to execute such release as the Employer/Self-Insured may require to evidence the complete release, acquittance and discharge herein of any liability of the Employer/Self-Insured under the Mississippi Workers' Compensation Law. The Claimant is authorized to pay to Marc E. Brand, his attorney, an amount equal to $1,250.00 out of the proceeds of the settlement. This settlement amount represents payment for a disputed compromise compensability, disability, and future medical claim, and upon payment of this lump sum amount, which is considered to be for the rest of the Claimant's life, the Claimant shall not be entitled to any further medical benefits or compensation, past, present or future, as a result of the alleged injuries sustained by the Claimant on or about May 19, 2008, while employed by Delphi Packard Electric Systems.

2

4/5/2010          A818201084000101          5120100405122139

07/12/2010  9:20AM

IT IS FURTHER ORDERED that this claim is hereby dismissed with prejudice.

MAR 24 2010

SO ORDERED on _____.

MISSISSIPPI   WORKERS'   COMPENSATION
COMMISSION

LILES WILLIAMS

_____
JOHN R. JUNKIN, II

_____
AUGUSTUS L. COLLINS

MWCC NO. 0805399-K-0375-E

ATTEST:

_____
PHYLLIS C. CLARK, SECRETARY

READ AND APPROVED:

_____
ANDREW D. SWEAT (MSB# 8100)
JENNIFER H. SCOTT (MSB# 101553)
Attorneys for Employer/Self-Insured

_____
MARC E. BRAND (MSB# 4301)
Attorney for Claimant

3

07/12/2010   9:20AM

## ABSOLUTE RELEASE

KNOW ALL PERSONS BY THESE PRESENTS: That I, LEE YOUNG, for and in consideration of the total sum of **FIVE THOUSAND AND 00/100 DOLLARS ($5,000.00)** cash in hand paid, the receipt and sufficiency of which are hereby acknowledged, do hereby fully, completely and finally release, discharge and acquit, individually and severally, **DELPHI PACKARD ELECTRIC SYSTEMS**, and each of its individual or joint employees, servants, successors, assigns, employers, insurers, statutory employers and employees, contractors, agents, attorneys, owners, subsidiaries, parent or related companies or entities from any and all actions, causes of action, claims or demands under the Mississippi Workers' Compensation Law arising out of the undersigned's alleged work accident of May 19, 2008, including but not limited to claims for medical expenses and other items of expense allegedly due under that law which arose as a result of any and all injuries, accidental injuries, or occupational diseases heretofore or hereafter allegedly sustained by the undersigned while in the employ of **DELPHI PACKARD ELECTRIC SYSTEMS**, including but not limited to, any claim, demand, action or cause of action, whether liquidated or unliquidated or whether for injuries, damages, or otherwise, which has accrued or may at any time in the future accrue to the undersigned as the result of the undersigned's alleged work accident of May 19, 2008, even though such should be found to be causally related to any injuries, accidental injuries or occupational diseases, heretofore sustained by the undersigned while in the employ of **DELPHI PACKARD ELECTRIC SYSTEMS**.

It is expressly understood and agreed that the payment of the aforesaid sum is not intended to be nor shall it be construed as any admission of liability for any damage, whether actual or punitive, loss, illness, or injury which has heretofore or which may hereafter be sustained by the undersigned arising out of the undersigned's alleged work accident of May 19, 2008. It is expressly understood that Employer/Self-Insured denies that Claimant incurred a compensable injury and that payment of this sum is not intended to be nor shall it be construed to be an admission that Claimant's alleged injury was compensable under workers' compensation law. It is expressly understood that in determining this sum it has been taken into consideration the fact that serious or unexpected consequences might result from any injuries or illnesses, known or unknown, which may be related to this employment and it is, therefore, specifically agreed that this release shall be a complete bar to all workers' compensation claims for losses, injuries or damages of any nature whatsoever and/or which may at any time in the future result from any injuries, accidental injuries or occupational diseases heretofore sustained by the undersigned as the result of or arising out of the undersigned's alleged work accident of May 19, 2008, while in the employ of **DELPHI PACKARD ELECTRIC SYSTEMS**.

The undersigned covenants and agrees that he has received neither Medicaid nor Medicare benefits as a result of any injuries, accidental injuries or occupational diseases heretofore sustained while in the course and scope of his employment with **DELPHI PACKARD ELECTRIC SYSTEMS**, and he further represents that any medical or related treatment heretofore or hereafter had by the undersigned which has been or may be paid for by Medicaid or Medicare benefits does not relate in any way to any injuries, accidental injuries or occupational diseases sustained in the

Absolute Release
Page 1 of 3

(Lee Young)
Initial

4/5/2010                    A818201084000101                    5120100405122139

07/12/2010   9:20AM

course and scope of his employment with **DELPHI PACKARD ELECTRIC SYSTEMS.** The
undersigned also represents that he does not receive Social Security disability benefits.

      For the same consideration aforesaid, the undersigned covenants and agrees to defend,
indemnify and save harmless the parties hereinabove released from any expense whatsoever relating
to any demand, claim, suit or complaint which may at any time be brought or made against the
parties hereinabove released relative in any way whatsoever to any injuries or diseases arising out
of the undersigned's alleged May 19, 2008 work accident while the undersigned was in the employ
of **DELPHI PACKARD ELECTRIC SYSTEMS,** including but not limited to any demands for
reimbursement made by the Division of Medicaid or Medicare, its successors or assigns or by any
provider of medical treatment or supplies.

      It is understood that this is a full, complete and final release, discharge and acquittal of the
parties hereinabove specified as being released, and the aforesaid consideration is the only
consideration paid or to be paid in settlement of the undersigned's workers' compensation claim of
May 19, 2008. The undersigned further warrants that he has made no assignment of any right or
asserted right against the parties herein released.

      And since the purpose of this settlement is to end this matter forever, the undersigned agrees,
covenants and warrants that should it develop that there are any errors or mistakes, whether legal or
factual and whether mutual or unilateral, which cause this Absolute Release to be defective or which
cause the release of payors to be defective or less than full and complete, then the undersigned will
execute any and all instruments and do any and all things necessary to effectuate a full, final and
complete release of the payors.

      This the 29 day of March, 2010.

                                     LEE YOUNG

READ AND APPROVED BY:

MARC E. BRAND (MSB# 4301)
Attorney for Claimant

                                                     (Lee Young)
                                              Initial

4/5/2010                 A818201084000101           5120100405122139

                                                  07/12/2010   9:20AM

STATE OF MISSISSIPPI

COUNTY OF HINDS

    PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the

jurisdiction aforesaid, the within named **LEE YOUNG**, Claimant, who acknowledges that he signed

and delivered the foregoing Absolute Release on this date for the purposes therein stated.

_____
LEE YOUNG

    SWORN TO AND SUBSCRIBED BEFORE ME, this the 29th day of March, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

_____

MELVIN J. BREEDEN, JR.
Mississippi Statewide Notary Public
My Commission Expires October 25, 2010

Absolute Release
Page 3 of 3

_____ (Lee Young)
Initial