**Hearing Date And Time:  August 27, 2010 at 10:00 a.m. (prevailing Eastern time).**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | |
| In re : | Chapter 11 |
| : | |
| DPH HOLDINGS CORP., et al., : | Case No. 05-44481 (RDD) |
| : | |
| : | (Jointly Administered) |
| Reorganized Debtors.  : | |
| : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

REORGANIZED DEBTORS' RESPONSE TO
LETTER OF PHILIP J. CARSON

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Response To Letter Of Philip J. Carson and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On June 16, 2009, this Court entered the Modification Procedures Order (as defined below) which, among other things, established July 15, 2009 (the "Administrative Claim Bar Date") as the deadline for filing a proof of administrative expense for the purpose of asserting an administrative expense claim for the period from the commencement of these chapter 11 cases through June 1, 2009.[1]

3. On or before June 20, 2009, the Debtors, through Kurtzman Carson Consultants LLC ("KCC"), their claims and noticing agent in these chapter 11 cases, served Mr. Carson with a copy of the Notice Of Bar Date For Filing Proofs Of Administrative Expense, by first class mail at 119 W Jefferson, Frankenmuth, MI 48734 (the "Frankenmuth Address").

---

[1] The Administrative Claim Bar Date was established pursuant to paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date, entered by this Court on June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"). On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to provide that paragraph 38 of the Modification Procedures Order should be amended to require parties to submit an administrative expense claim form for administrative expense claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

      4.    On August 12, 2009, almost a month after the Administrative Claims Bar Date, Mr. Carson filed proof of administrative expense claim number 19551 against Delphi, which asserts an administrative expense claim in the amount of $1,000,000.00 (the "Claim") stemming from personal injuries he suffered in 2007 while he was employed at Delphi.  Mr. Carson listed the Frankenmuth Address on the Claim.

      5.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

      6.    On October 15, 2009, the Reorganized Debtors objected to the Claim pursuant to Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Omnibus Claims Objection").

      7.    On November 16, 2009, the Reorganized Debtors' received an undocketed letter from Mr. Carson responding to the Thirty-Seventh Omnibus Claims Objection.  In the letter, Mr. Carson also requested that his address be updated to 11401 Vernon Ave., Port Richey, FL 34668 (the "Port Richey Address").  Mr. Carson, however, did not send KCC his change of address; and accordingly, KCC did not update the claims register to replace the Frankenmuth Address with the Port Richey Address.

8. Because the claim was filed after the July 15, 2009 Administrative Claim Bar Date, on January 14, 2010, the Reorganized Debtors' served Mr. Carson at the Frankenmuth Address (the address listed on the Claim) with the Notice Of Deadline To File Motion For Leave To File Late Administrative Expense Claim With Respect To Late Administrative Expense Claim Filed By Philip J. Carson (Administrative Expense Claim Number 19551) (Docket No. 19316) (the "Notice of Deadline"). The Notice of Deadline set January 25, 2010 as the deadline for Mr. Carson to file a motion for leave to file a late administrative expense claim with respect to the Claim (the "January 25 Deadline").

9. Mr. Carson never filed a motion for leave to file a late administrative expense claim. Accordingly, on March 2, 2010, the Reorganized Debtors served Mr. Carson at the Frankenmuth Address with the Notice Of Settlement Of Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Administrative Expense Claims Filed By Philip J. Carson, Deborah Chapman, And Saundra Hamlin (Administrative Expense Claim Numbers 19551, 19284, And 19370) (Docket No. 19584) (the "Notice of Settlement" together with the Notice of Deadline, the "Notices").

10. On March 25, 2010, this Court entered the Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Administrative Expense Claims Filed By Philip J. Carson, Deborah Chapman, And Saundra Hamlin (Administrative Expense Claim Numbers 19551, 19284, and 19370) (Docket No. 19724) (the "Untimely Administrative Expense Claim Order").

11. On August 2, 2010, the Court docketed a letter from Mr. Carson (Docket No. 20494) (the "Letter") contesting the disallowance of the Claim.

Response

12. Bankruptcy Rule 2002(g) provides that "[n]otices to be mailed under Rule 2002 to a creditor . . . shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case. For purposes of this subdivision – (A) a proof of claim filed by a creditor . . . that designates a mailing address constitutes a filed request to mail notices to that address. . . ." Fed. R. Bankr. P. 2002(g)(1)(A).

13. The Reorganized Debtors believe that Mr. Carson was properly served with the Notices because the Notices were mailed to the Frankenmuth Address, the address Mr. Carson provided in the Claim. The November 16, 2009 letter in response to the Thirty-Seventh Omnibus Claims Objection was not sent to KCC. In fact, Mr. Carson did not file any subsequent designation of mailing address or contact KCC to update his address until April 15, 2010 - after KCC served the Notices and the Court entered the Untimely Administrative Expense Claim Order - when Mr. Carson emailed KCC requesting that his address be updated to 56 Rivocean Dr., Ormond Beach, FL, 32176.

14. Accordingly, the Reorganized Debtors believe that Mr. Carson's Claim was properly disallowed and expunged pursuant to the Untimely Administrative Expense Claim Order after he failed to file a motion for leave to file a late claim by the January 25 Deadline. Therefore, the relief requested in Mr. Carson's Letter should be denied and the Untimely Administrative Expense Claim Order should be unaffected.

15. If, however, this Court believes that the Reorganized Debtors should have served the Notices on Mr. Carson at the Port Richey Address, then the Reorganized Debtors request that the Untimely Administrative Expense Order remain in place until Mr. Carson files a motion for leave to file a late claim and such motion is granted by this Court. The Reorganized

5

Debtors propose that they would send another notice to Mr. Carson providing him ten days to file a motion for leave to file a late claim in accordance with the protocol that has been adopted in these cases for untimely claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) denying the relief requested in the Letter, or in the alternative, allowing the Reorganized Debtors to serve Mr. Carson with a notice providing him ten days to file a motion for leave to file a late claim and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         August 20, 2010

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

   - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

6