Hearing Date And Time: August 27, 2010 at 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                            :

In re                                  :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,        :    Case No. 05-44481 (RDD)
                                            :
          Reorganized Debtors.          :    (Jointly Administered)
                                            :
------------------------------------- x

REORGANIZED DEBTORS' OBJECTION TO MOTION OF THE VEBA COMMITTEE FOR
THE DELPHI SALARIED RETIREES ASSOCIATION BENEFIT TRUST PURSUANT TO 11
U.S.C. § 105 AND THE SALARIED OPEB SETTLEMENT ORDER TO (I) COMPEL THE
OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES TO FILE ITS FINAL REPORT
WITH THE COURT PURSUANT TO THE TERMS OF THE SALARIED OPEB SETTLEMENT
ORDER; AND, (II) TO DIRECT THE OFFICE OF THE UNITED STATES TRUSTEE TO
<u>DISBAND THE OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES</u>

("REORGANIZED DEBTORS' OBJECTION TO VEBA COMMITTEE MOTION")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this objection to the Motion Of The VEBA Committee For The Delphi Salaried Retirees Association Benefit Trust Pursuant To 11 U.S.C. § 105 And The Salaried OPEB Settlement Order To (I) Compel The Official Committee Of Eligible Salaried Retirees To File Its Final Report With The Court Pursuant To The Terms Of The Salaried OPEB Settlement Order; And, (II) To Direct The Office Of The United States Trustee To Disband The Official Committee Of Eligible Salaried Retirees (Docket No. 20462), dated July 23, 2010 (the "Motion").

Preliminary Statement

1.      In the Motion, the VEBA Committee seeks an order compelling the official committee of eligible salaried retirees (the "Retirees' Committee") to file the report contemplated by paragraph nine of the Salaried OPEB Settlement Order (Docket No. 16547) and directing the Office of the United States Trustee (the "U.S. Trustee") to disband the Retirees' Committee upon the filing of the report. Based on discussions with the Retirees' Committee's counsel, it is the Reorganized Debtors' understanding that the Retirees' Committee intends to file the report prior to the hearing on the Motion on August 27, 2010. At that point, the portion of the Motion related to the report will become moot and should be denied on that basis.

2.      As for the remaining portion of the Motion, putting aside the merits of the VEBA Committee's request to disband the Retirees' Committee, the request should be denied because it comes from an inappropriate source without standing to seek relief from this Court. Indeed, the Motion itself makes clear that the VEBA Committee does not have a sufficient stake in these cases to qualify as a party in interest under 11 U.S.C. § 1109(b), and it cannot point to any injury in fact that satisfies the minimum requirements for standing under Article III of the Constitution. In addition, although the VEBA Committee's motives in bringing the Motion are

2

not entirely clear, it appears that they are asking the Court to intervene in a non-bankruptcy post-emergence dispute between the VEBA Committee and the Retirees' Committee concerning the administration of the Delphi Salaried Retirees Association Benefit Trust (the "DSRA VEBA"). That dispute does not belong in this Court.

   3.  Furthermore, the VEBA Committee's request to disband the Retirees' Committee before the Court has the opportunity to review the Retirees' Committee's report is, at best, premature. At each stage of the Retirees' Committee's existence, the Court has tailored the Retirees' Committee's authority based on the facts and circumstances as they existed at the time. That measured approach is apparent from the Provisional Salaried OPEB Termination Order, which authorized the appointment of the Retirees' Committee and set forth its initial grant of authority (Docket No. 16380 ¶¶ 8-11), and from the Final OPEB Termination Order and the Salaried OPEB Settlement Order, in which the Court augmented the Retirees' Committee's authority to enable the Retirees' Committee to address the issues in play when those orders were entered (Docket No. 16448 ¶ 8; Docket No. 16547 ¶¶ 6, 9). Any further determination regarding the Retirees' Committee should await the Court's review of the report, and should arise from either the Court's own motion or a motion by the Reorganized Debtors or some other appropriate party in interest. The VEBA Committee's desire to advance its own undisclosed agenda by shutting down the Retirees' Committee should not play any role in the Court's consideration of this issue.

<u>Argument</u>

  A. <u>The VEBA Committee's Request For An Order Compelling The Retirees' Committee To File The Report Within 30 Days Will Be Mooted By The Retirees' Committee's Filing Of The Report Before The Hearing</u>

   4.  The first item of relief sought by the VEBA Committee is an order compelling the Retirees' Committee to file the report contemplated by paragraph nine of the

Salaried OPEB Settlement Order within 30 days. (Docket No. 20462 ¶¶ 27-28.) As discussed above, it is the Reorganized Debtors' understanding that the Retirees' Committee intends to file the report before the hearing on the Motion on August 27, 2010. If that happens, the Court should deny this portion of the Motion on mootness grounds, even if it concludes that the VEBA Committee is a party in interest and that it has constitutional standing. See In re In-Store Adver. Sec. Litig., 163 F.R.D. 452, 455 (S.D.N.Y. 1995) (holding that motion to compel production of documents was mooted by target's post-motion production of documents); In re Thomson McKinnon Sec. Inc., 152 B.R. 840, 843 (Bankr. S.D.N.Y. 1993) (holding that motion to compel assumption or rejection of lease was mooted by post-motion confirmation of plan of reorganization providing for rejection of all leases).

    B.    <u>The VEBA Committee Has Not Established That It Is A Party In Interest Under 11 U.S.C. § 1109(b) Or That It Has Constitutional Standing</u>

    5.    In the second part of its Motion, the VEBA Committee asks the Court to enter an order directing the U.S. Trustee to disband the Retirees' Committee. As a threshold matter, there are two fundamental problems with the VEBA Committee's attempt to seek this relief. First, the VEBA Committee has failed to establish that it is a party in interest within the meaning of 11 U.S.C. § 1109(b), which provides: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."

    6.    The term "party in interest" is not defined by the United States Bankruptcy Code, <u>Krys v. Official Comm. of Unsecured Creditors of Refco Inc.</u> (In re Refco Inc.), 505 F.3d 109, 117 (2d Cir. 2007), and the examples set forth in section 1109(b) are not exhaustive, <u>Doral Ctr., Inc. v. Ionosphere Clubs, Inc.</u> (In re Ionosphere Clubs, Inc.), 208 B.R. 812, 814 (S.D.N.Y.

4

1997).  The term is broad, "but not infinitely expansive."  Refco, 505 F.3d 109, 118 (2d Cir. 2007) (internal quotation marks omitted); accord 7 Collier on Bankruptcy ¶ 1109.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009) ("Although the concept of 'party in interest' is necessarily broad, it was not intended to include literally every conceivable entity that may be involved in or affected by the chapter 11 proceedings.").

       7.     As the Second Circuit explained in its most recent decision addressing section 1109(b), "'[i]t is important that a bankruptcy court is not too facile in granting applications for standing.  Overly lenient standards may potentially over-burden the reorganization process by allowing numerous parties to interject themselves into the case on every issue, thereby thwarting the goal of a speedy and efficient reorganization.'"  Refco, 505 F.3d at 118 (quoting In re Ionosphere Clubs, Inc., 101 B.R. 844, 850 (Bankr. S.D.N.Y. 1989)).

       8.     In determining whether a party is a party in interest under section 1109(b), courts ask whether the party has demonstrated "that it has a direct financial stake in the outcome of the case."  Savage & Assocs., P.C. v. Mandl (In re Teligent Servs., Inc.), 417 B.R. 197, 210 (Bankr. S.D.N.Y. 2009) (internal quotation marks omitted), aff'd, No. 09 Civ. 09674, 2010 WL 2034509 (S.D.N.Y. May 13, 2010); accord In re Copperfield Invs., LLC, 421 B.R. 604, 610 (Bankr. E.D.N.Y. 2010).  That approach is consistent with the "general theory behind the section," which is "that anyone holding a direct financial stake in the outcome of the case should have an opportunity (either directly or through an appropriate representative) to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest."  7 Collier on Bankruptcy ¶ 1109.01[1]; accord Ionosphere Clubs, 208 B.R. at 814 (quoting Collier on this point).

5

9.  The VEBA Committee has not demonstrated that it satisfies this test. The VEBA Committee does not fall within any of the illustrative categories of parties in interest set forth in section 1109(b), nor has it shown that it has a direct financial stake in these chapter 11 cases. To the extent the VEBA Committee addresses this issue, it merely contends that it is concerned that the Retirees' Committee's continued existence could lead to increased administrative costs for the DSRA VEBA. (Docket No. 20462 at 3.) The VEBA Committee, however, has not supported that vague assertion with any concrete illustrations of how the relief sought in the Motion will affect the DSRA VEBA's administrative costs going forward. Although the VEBA Committee complains about the Retirees' Committee's request for documents in January 2010 (id. at 3 & ¶ 21), the Motion shows that the VEBA Committee completed its response to that request in March 2010 (id. ¶ 22), and there is no indication that the Retirees' Committee has made any subsequent request for documents or taken any other action that would result in an inappropriate increase in the DSRA VEBA's future administrative costs.

10.  Furthermore, there is no continuing financial connection between the DSRA VEBA and these chapter 11 cases. The Reorganized Debtors' obligations concerning the DSRA VEBA were established in the Salaried OPEB Settlement Order. (Docket No. 16547.) The Reorganized Debtors have performed all of those obligations, including the obligation to make subsidy payments of $8.75 million to the Retirees' Committee for the benefit of salaried retirees. (See Docket No. 16547 ¶ (a).) Given that the Reorganized Debtors have satisfied all of their financial and other obligations related to the DSRA VEBA, the VEBA Committee has no direct financial stake in these cases. Accordingly, the VEBA Committee is not a party in interest under section 1109(b), and the Motion to disband the Retirees' Committee should be denied on that ground.

11. The second fundamental problem, related to the first, is that the VEBA Committee has not demonstrated that it has standing to pursue the relief requested in the Motion under Article III of the Constitution. To satisfy the constitutional component of standing, the VEBA Committee must establish, among other things, "an injury in fact." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." <u>Id.</u>

12. The Motion does not identify any injury to the VEBA Committee that meets these requirements. Again, the VEBA Committee makes a passing reference to the possibility of increased administrative costs for the DSRA VEBA (Docket No. 20462 at 3), but has not provided any basis for concluding that that possibility is actual or imminent, rather than conjectural or hypothetical. In addition, the VEBA Committee has not demonstrated that it has a legally protected interest in maintaining the DSRA VEBA's administrative costs at any particular level in any event. Because the VEBA Committee has failed to show an injury in fact, it also cannot satisfy the remaining requirements of constitutional standing, all of which are premised on the existence of an underlying injury in fact. <u>See</u> <u>Monsanto Co. v. Geertson Seed Farms</u>, 130 S. Ct. 2743, 2752 (2010) (explaining that injury in fact must be "fairly traceable to the challenged action" and "redressable by a favorable ruling"). Thus, the VEBA Committee's request to disband the Retirees' Committee also fails for lack of constitutional standing.

C. <u>The VEBA Committee's Request For An Order Directing The U.S. Trustee To Disband The Retirees' Committee Is Flawed</u>

13. Even if the VEBA Committee was a party in interest and had constitutional standing to seek the disbandment of the Retirees' Committee, its request for an order directing the U.S. Trustee to disband the Retirees' Committee "upon submission of the . . .

7

Report with the Court" (Docket No. 20462 ¶ 29) should still be denied. Under the VEBA Committee's proposal, the Retirees' Committee would cease to exist as of the moment it filed the report (or very shortly thereafter), before the Court, the Reorganized Debtors, the salaried retirees represented by the Retirees' Committee, or anyone else has the chance to read the report, which may or may not have favorable things to say about the VEBA Committee. If the Retirees' Committee files the report before the hearing, the sequence of events will not unfold in that manner. But when the VEBA Committee filed the Motion, it did not expect the Retirees' Committee to file the report before the hearing. Yet it still sought immediate disbandment upon filing. This curious aspect of the VEBA Committee's proposal has contributed to the Reorganized Debtors' suspicions as to the VEBA Committee's motives in filing the Motion.

14.    Having said that, the Reorganized Debtors agree with the VEBA Committee on at least one point – the Retirees' Committee's authority was established and circumscribed by the terms of the Court's prior orders, and when the Retirees' Committee files the report, it will have exhausted the limited grants of authority provided in those orders. From the Reorganized Debtors' perspective, the Retirees' Committee is not authorized to take any action beyond filing the report. Under these circumstances, an order directing the U.S. Trustee to formally disband the Retirees' Committee is unnecessary.

## Conclusion

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an order denying the Motion and granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
       August 20, 2010

                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Albert L. Hogan, III
    Ron E. Meisler
    155 North Wacker Drive
    Chicago, Illinois 60606
    (312) 407-0700

    - and -

    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for DPH Holdings Corp., et al., Reorganized Debtors