Neil A. Goteiner (NG 1644)
Dean M. Gloster (*Pro Hac Vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Hearing Date: September 24, 2010 at 10:00 a.m.
Objection Deadline: September 17, 2010

Attorneys for OFFICIAL COMMITTEE OF
ELIGIBLE SALARIED RETIREES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| DPH HOLDINGS CORP., et. al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

**OPPOSITION BY OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES TO MOTION OF THE VEBA COMMITTEE FOR THE DELPHI SALARIED RETIREES ASSOCIATION BENEFIT TRUST TO (I) COMPEL THE OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES TO FILE ITS FINAL REPORT WITH THE COURT AND (II) TO DIRECT THE OFFICE OF THE UNITED STATES TRUSTEE TO DISBAND THE OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES**

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Eligible Salaried Retirees appointed in this case under Bankruptcy Code Section 1114 (the "Salaried Retiree 1114 Committee") respectfully opposes the motion (Docket No. 20462) by the VEBA Committee for the Delphi Salaried Retirees Association Benefit Trust to compel the filing of a final report (which has now been filed) and to

direct the Office of the United States Trustee to disband the Salaried Retiree 1114 Committee (the "Motion").

## Preliminary Statement

It is unclear who the movant is, but presumably it is some of the trustees or former trustees of the Voluntary Employee Benefit Trust (the "DSRA VEBA Trust") formed under April 2, 2009 order of this Court (Docket No. 16545) (the "Settlement Order") to provide medical, prescription drug and other benefits to Delphi retirees. Because the DSRA VEBA Trust was authorized by this Court's order, some of its benefits for retirees are 80% subsidized by the federal Health Coverage Tax Credit under 26 U.S.C. § 35(e)(1)(K). The DSRA VEBA Trust holds the funds provided by the Debtors under the Settlement Order, but has not yet filed federal form 5500s disclosing its use of those funds.

This Court should deny the motion because (1) the movant has no standing and has not even been identified; (2) the motion is moot because Salaried Retiree 1114 Committee, has, concurrently with this motion, filed a final accounting (the "Final Accounting and Request for Instructions") set for hearing on September 24, 2010, but that accounting is based on information provided by the DSRA VEBA Trust (which is holding the funds and is associated with movant); (3) As more fully set forth in the Final Accounting and Request for Instructions, the Salaried Retiree 1114 Committee has requested changes to the DSRA VEBA Trust agreement to ensure funds are not diverted in the future from the DSRA VEBA Trust to pay excessive compensation to the trustees who appear to be the movant, and that those trustees not amend the trust agreement to make their positions permanent. Until there is an opportunity to negotiate those changes to the trust agreement, the Salaried Retiree 1114 Committee should not be disbanded. (Until the Salaried Retiree 1114 Committee is disbanded, it has the power under the DSRA

2

VEBA Trust Agreement to appoint successor trustees, which is its leverage to insist on appropriate future limits to trustee compensation and other provisions to protect the benefit program.)

**Legal Argument**

1. **Movant Does Not Have Standing.**

The issue of standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Bennett v. Spear*, 520 U.S. 154, 162 (1997). The Supreme Court's standing jurisprudence has established three prerequisite elements to constitutional standing: (1) the plaintiff must have suffered an "injury in fact," which is actual or imminent, and that is a concrete and particularized invasion of a legally protected right; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, not merely speculative, that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

Here, the movant is not a party in interest in the bankruptcy nor has it demonstrated a specific injury that needs redress, and has no standing to bring the Motion.

2. **The Motion Is Moot.**

This motion is moot, because the Salaried Retiree 1114 Committee has filed, on August 20, 2010, the Final Accounting and Request for Instructions, set for hearing on September 24, 2010.

3. **The Motion Is Premature and Inappropriate.**

While the Salaried Retiree 1114 Committee is seeking changes to the trust agreement for the DSRA VEBA Trust that would prevent future excessive compensation for the trustees or amendments to the trust agreement that would make those trustees permanent with no outside

supervision, disbanding the Salaried Retiree 1114 Committee is premature and inappropriate. The appropriate timing of disbanding the Salaried Retiree 1114 Committee (and any progress on implementing those protections by agreement) can be taken up at the September 24, 2010 hearing on the Final Accounting and Request for Instructions.

     WHEREFORE, the Salaried Retiree 1114 Committee respectfully requests that the motion be denied.

Dated:   San Francisco, California
            August 20, 2009

                                          FARELLA BRAUN + MARTEL LLP

                                          By:    */s/ Neil A. Goteiner*
                                                     Neil A. Goteiner
                                                     Dean M. Gloster

                                          235 Montgomery Street, 17th Floor
                                          San Francisco, California 94104
                                          (415) 954-4400

                                          Attorneys for OFFICIAL COMMITTEE OF
                                          ELIGIBLE SALARIED RETIREES