**Hearing Date:  October 21, 2010**
                                        **Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for DPH Holdings Corp.
Reorganized Debtors
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Lara Sheikh

DPH Holding Corp., Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holding Corp., Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDING CORP., <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOFS OF CLAIM NUMBERS 9882 AND 18609
(AOL LLC f/k/a AMERICA ONLINE, INC./SPCP GROUP LLC AND AOL LLC)**

("STATEMENT OF DISPUTED ISSUES – AOL LLC f/k/a
AMERICA ONLINE, INC./SPCP GROUP LLC AND AOL LLC")

        DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof of Claim Number 9882 ("Claim 9882") filed by AOL LLC f/k/a America Online, Inc., (the "Claimant") and subsequently transferred to Liquidity Solutions, Inc., as Agents for SPCP Group LLC (((the "Transferee," and together with Claimant, the

"Claimants") and Proof of Claim Number 18609 ("Claim 18609," and together with Claim 9882, the "Claims") and respectfully represent as follows:

### Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), the Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.  Prior to the Petition Date, by that certain Confidential Partner Marketing Agreement, dated May 5, 2005 between Claimant and DAS LLC (the "Partner Marketing Agreement") and that certain separate AOL Delphi Retiree Offer Agreement, dated May 5, 2005 between Claimant and DAS LLC (the "Retiree Agreement," together with the Partner Marketing Agreement, the "Agreements"), Claimant and DAS LLC entered into agreements to offer America Online internet service to current DAS LLC employees and retirees. The Agreements expired by their terms on December 31, 2007.

3.  On July 28, 2006, Claimant filed Claim 9882 against DAS LLC. Claim 9882 asserts an unsecured non-priority claim in the amount of $969,141.63 for services alleged to have been provided by Claimant under the Agreements.

4.  On March 12, 2007, Claimant transferred Claim 9882 to the Transferee pursuant to a notice of transfer (Docket No. 7199).

5. On June 14, 2009, Claimant filed Claim 18609 against Delphi Corporation. Claim 18609 asserts an administrative expense claim in the amount of $560,911.50 for services alleged to have been provided under the Agreements.

6. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified, (the "Modified Plan"), which had been approved by this Court pursuant to an order entered July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Reorganized Debtors and making distributions (if any) with respect to all Claims and Interests."

7. On October 15, 2009, the Reorganized Debtors objected to: (a) Claim 9882 pursuant to the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. To (I) Modify and Allow Claim and (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books and Records Claim, (C) Untimely Claims, and (D) Pension, Benefit, and OPEB Claims (Docket No. 18983) (the "Thirty-Sixth Claims Objection");  and b) Claim 18609 pursuant to the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books and Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension Benefit and OPEB Claims, and (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Claims Objection").

8. On November 11, 2009, Claimants filed their Responses Of AOL LLC to the Thirty-Sixth Claims Objection and the Thirty-Seventh Claims Objection (the "Responses") (Docket Nos. 19060, 19062).

<u>Disputed Issues</u>

9. DAS LLC has no liability to Claimant based upon billing irregularities suggesting that Claimant overbilled DAS LLC for its services under the Agreements by amounts far exceeding the amount of the Claims.

10. Under the operations plan for the Agreements (the "Operations Plan"), Claimant was responsible for program enrollment under the Agreements. The Operations Plan required Claimant to engage an "Approved Designee" to verify participant eligibility. Based upon the Reorganized Debtors' review of certain invoices, approximately half of the accounts reflected on the billing statements for the invoices were for participants who were ineligible for the program. The eligibility validation process by Claimant's Approved Designee appears to have failed resulting in dramatic overcharges.

11. The Reorganized Debtors notified Claimant of the billing irregularities by letter in August 2009 (the "Letter Demand") and demanded that Claimant undertake an audit at its own expense to substantiate the Claims, taking into account amounts that Claimant overcharged DAS LLC since the inception of the programs reflected in the Agreements (the "Programs"). The Reorganized Debtors believe that such an audit will result in amounts being owed to the Reorganized Debtors considering that DAS LLC has paid Claimant approximately $8.5 million since the inception of the Programs. Claimant has not responded to the Letter Demand, which was sent one year ago.

12. Based on the foregoing and Claimant's failure to substantiate the Claims through an audit or otherwise, the Debtors request that the Claims be disallowed and expunged.

Reservation Of Rights

13. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims. The Reorganized Debtors further reserve the right to seek reimbursement from Claimants for amounts that Claimant overcharged the Debtors for the Programs in excess of the amount of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims, and (c) granting the Reorganized Debtors such other and further relief as is just.

Dated:　New York, New York  　　　　　DPH HOLDINGS CORP., *et al.*
　　　　　August 23, 2010  　　　　　　　　By their attorneys,
　　　　　　　　　　　　　　　　　　　　　TOGUT, SEGAL & SEGAL LLP
　　　　　　　　　　　　　　　　　　　　　By:

　　　　　　　　　　　　　　　　　　　　　/s/ Neil Berger
　　　　　　　　　　　　　　　　　　　　　NEIL BERGER (NB-3599)
　　　　　　　　　　　　　　　　　　　　　A Member of the Firm
　　　　　　　　　　　　　　　　　　　　　One Penn Plaza
　　　　　　　　　　　　　　　　　　　　　New York, New York 10119
　　　　　　　　　　　　　　　　　　　　　(212) 594-5000