Hearing Date: October 21, 2010
Hearing Time: 10:00 a.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for DPH Holdings Corp.
Reorganized Debtors
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Lara Sheikh

DPH Holding Corp., Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holding Corp., Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDING CORP., et al., | : | Case No. 05-44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF CLAIM NUMBER 14664 (COOPER STANDARD AUTOMOTIVE F/K/A ITT AUTOMOTIVE FLUID HDG. SYST./DEUTSCHE BANK SECURITIES INC.)

("STATEMENT OF DISPUTED ISSUES – COOPER STANDARD AUTOMOTIVE F/K/A ITT AUTOMOTIVE FLUID HDG. SYST./DEUTSCHE BANK SECURITIES INC.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement of Disputed Issues (the "Statement of Disputed Issues") With Respect To Proof Of Claim Number 14664 (the "Proof Of Claim") filed by Cooper Standard Automotive f/k/a ITT Automotive Fluid Hdg. Syst. ("Claimant") and subsequently

transferred to Deutsche Bank Securities Inc., (the "Transferee," and together with Claimant, the "Claimants") and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors to the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, Claimant filed the Proof Of Claim against Delphi. The Proof Of Claim asserts an unsecured non-priority claim in the amount of $2,624,997.09 for sale of goods (the "Claim").

3. On June 16, 2007, Claimant transferred the Proof Of Claim to the Transferee pursuant to a notice of transfer (Docket No. 8274).

4. On September 21, 2007, the Debtors objected to the Claim pursuant to the Twenty-First Omnibus Claims Objection (Docket No. 9535) seeking to modify the Claim to $2,093,118.87, and on October 18, 2007, Claimant filed its response (Docket No. 10636).

5. On April 8, 2008, the Court entered the Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 14664 (Docket No. 13334) (the "Stipulation"), which, among other things, (i) states that the cure payment amounts for contracts D0550004857, D0550005537, D0550011362, D0550014214 and D0550026011 totaling $48,742.28 will be paid by DAS LLC in cash with respect to the

assumption of such contracts; and (ii) allows the Claim as a general unsecured non-priority claim against DAS LLC in the amount of $2,250,000.00 subject to reduction and offset by the cure amount paid by the Reorganized Debtors.

6. On June 16, 2009, the Court entered an order, which, among other things, established procedures for the approval of the Modified Plan (as defined below) (the "Modification Procedures Order").

7. On July 2, 2009, pursuant to the Modification Procedures Order, the Debtors sent Claimant a notice of non-assumption for contracts D0550005537 and D0550026011 (Docket No. 17728) (the "Notice of Non-Assumption"), which: (a) provided that such contracts would not be assumed by the Debtors pursuant to the Modified Plan because such contracts had expired or terminated; and (b) reduced the Debtors' cure liability to Claimant to $9,167.75. *See* Affidavit of Service of Evan Gershbein, dated July 8, 2009 (Docket No. 17728). The Notice of Non-Assumption fixed July 15, 2009 as the last date for filing and serving objections to approval of the Modified Plan. Claimant did not file an objection to the Notice of Non-Assumption.

8. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified, (the "Modified Plan"), which had been approved by this Court pursuant to an order entered July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise

resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

9. On December 21, 2009, the Reorganized Debtors objected to the Proof of Claim pursuant to the Debtors' Fortieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Books and Records Claims, (B) Fully Satisfied Claims and (C) Objected-To Claims to be Disallowed, (II) Modify and Allow Certain (A) Partially Satisfied Claims, (B) Claims to be Further Modified, (C) Objected-To Claims to be Modified and Allowed and (III) Allow Certain Claims (Docket No. 19222) (the "Fortieth Omnibus Claims Objection").

10. On January 19, 2010, Claimants filed their Response Of Deutsche Bank Securities Inc. to Reorganized Debtors Fortieth Omnibus Claims Objection (Docket No. 19329) (the "Response").

Disputed Issues

A. <u>The Claim Should Be Reduced by the Cure Amount</u>

11. Claimants assert in their Response that the Claim should be allowed as a general unsecured claim against DAS LLC in the amount of $2,201,257.72 with $48,742.28 of the Claim to be paid by DAS LLC in cash as a cure amount. The Response fails to acknowledge the Notice of Non-Assumption, which reduced the Debtors' cure liability to Claimant from $48,742.28 to $9,167.75. The Debtors caused the Notice of Non-Assumption to be served on Claimant and Claimant failed to object or otherwise respond. Upon consummation of the Modified Plan, Claimant's contracts D0550005537 and D0550026011, as set forth in the Notice of Non-Assumption, were rejected and the Debtors' cure amount liability on account of Claimant's assumed contracts was reduced to $9,167.75. Both the Stipulation and the Modified Plan

authorize the Debtors to offset or reduce the Claim by amounts paid on account of the assumption of contracts pursuant to section 365 of the Bankruptcy Code. *See* Stipulation ¶ 2, Modified Plan, Sec. 8.2(a), (b). Accordingly, the Claim should be offset and reduced by the $9,617.75 cure payment and allowed as a general unsecured non-priority claim against DAS LLC in the amount of $2,240,832.25.

12. After taking into account the above-referenced offset to the Proof of Claim, the Reorganized Debtors reconciled the Proof of Claim as illustrated in the following chart:

| Claim's Current Allowed Amount | | $**2,250,000** |
|---|---|---|
| Modifications | **Paid Cure Amount** | $9,167.75 |
| Reconciled Amount | | $**2,240,832.25** |

13. The Reorganized Debtors do not dispute that the remaining $2,240,832.25 of Proof Of Claim No. 14664 should be allowed as an unsecured non-priority claim against DAS LLC.

Reservation Of Rights

14. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the

Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim(s).

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing Proof Of Claim No. 14664 in the amount of $2,240,832.25 as a general unsecured non-priority claim against the estate of DAS LLC, and (c) granting the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        August 23, 2010

DELPHI CORPORATION, *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000