Dennis J. Raterink (P52678)
Michigan Assistant Attorney General
(Pro Hac Vice)
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-1176

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In Re:                                              Chapter 11

DPH HOLDINGS CORP., et al.,                         Case No. 05-44481 (RDD)

       Debtors.                                    (Jointly Administered)

_____

**AMENDED REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE
ON BEHALF OF MICHIGAN FUNDS ADMINISTRATION**

     This Amended Request for Payment of Administrative Expense is filed on behalf of the Funds Administration for the State of Michigan (Funds Administration).

     The basis for this amended claim stems from the status of Delphi Corporation as a self-insured employer for purposes of workers' compensation claims in the state of Michigan. Delphi Corporation was first granted self-insurer status by the Michigan Workers' Compensation Agency on May 28, 1999 and continued to operate as a self-insured employer until October 6, 2010. Delphi Corporation and certain U.S. subsidiaries and affiliates filed voluntary petitions in this Court on October 8, 2005 and October 14, 2005.

     Pursuant to Michigan's Workers' Disability Compensation Act (WDCA), MCL 418.551, all employers (either directly, if self-insured, or through the premium costs, if insured) who pay indemnity for wage loss to injured workers are obligated to pay assessments into the various funds that provide benefits under the WDCA to injured workers. These funds are collectively known as the Funds Administration. There are three funds to which employers contribute: 1)

1

The Second Injury Fund, (2) the Silicosis Dust Disease and Logging Fund and (3) the Self-Insurers' Security Fund (to which only self-insured employers contribute). In the case of self-insured employers, assessments are based on the amount of indemnity paid in the preceding year.

Assessments are calculated in March of each year. Prior to that, each employer is sent a form to fill out to indicate the amount of indemnity benefits (workers' compensation benefits, excluding medical, rehabilitation and funeral costs), paid in the preceding year and the percentage to apply to that amount to determine the amount of assessment owing to each fund. The original request for payment of administrative expense, filed on July 14, 2009, indicated that Delphi Corporation reported that, in 2008, it had paid the sum of $24,703,648.45 in indemnity benefits. Based on that reported figure, the Funds Administration determined the amount of Delphi's assessment in 2009 for each fund. For the Second Injury Fund, the amount was $354,497.36; for the Silicosis Dust Disease and Logging Fund, the amount was $34,585.11; and, for the Self-Insurers' Security Fund, the amount was $741,109.45. The total assessment against Delphi in 2009 was for $1,130,191.92**. (See Request for Payment of Administrative Expense on Behalf of Michigan Funds Administration, Claim #19168)**

When this same assessment process was used in 2009, Delphi Corporation failed to submit its paid indemnity benefits to the Funds Administration. In circumstances where a self-insured employer fails to provide the required information, the Funds Administration estimates the company's losses, based on the indemnity benefits paid out by the company in the previous year. In this case, in 2008, Delphi reported the sum of $24,703,648.45 in workers' compensation indemnity benefits. As Delphi continued to pay Michigan workers' compensation benefits through October 6, 2009, this loss amount was pro-rated to cover the period of time from January 1, 2009 to October 6, 2009. The $24,703,648.45 in paid losses was multiplied by .76438 (279 days/365 days) to come up with a 2009 loss estimate of $18,882,974.46. **See Exhibit 1, Declaration of Richard W. Smith.**

Using this estimated loss number for the 2010 assessments, the Funds Administration determined the amount of Delphi's assessment for each fund based on the statutory formula listed

2

in MCL 418.551. For the Second Injury Fund, the amount is **$208,279.21**. For the Silicosis Dust Disease and Logging Fund, the amount is **$45,885.63** and for the Self-Insurers' Security Fund, the amount was **$566,489.23**. A total of **$820,654.07** was assessed for the year 2009, was billed to Delphi Corporation and remains unpaid and currently due. See **Exhibit 2, 2010 Funds Administration Assessment letters.**

Further, the Funds Administration has learned that DPH Holdings, the successor to Delphi Corporations, is now paying workers' compensation benefits to some former Delphi workers in Michigan who incurred their injuries post-petition. This being the case, in 2011, the Funds Administration will seek to assess DPH Holdings. As the loss numbers are not possible of being calculated at this time, the Funds Administration is providing notice of a contingent claim for more assessments in the future.

These assessments should be treated as administrative expenses because Delphi was allowed to remain self-insured and it continued to make workers' compensation payments throughout the pendency of the bankruptcy, until October 6, 2009. These assessments are based on payments of indemnity <u>after</u> the petition/commencement date. Hence, the obligation to pay assessments arose after the petition/commencement date even though the underlying obligations arose prior to the petition/commencement date. Furthermore, Debtor's estate has been greatly enhanced by its ability to remain self-insured during the pendency of the bankruptcy proceedings.

As such, these assessments qualify as "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case," pursuant to 11 U.S.C. § 503(b)(1)(A).

Furthermore, these assessments should be treated as administrative expenses because the debtor is required to continue to make payments even after it has stopped being a self-insured entity. MCL 418.551(7) requires that:

3

> An employer who has stopped being a self-insurer shall continue to be liable for a second injury fund; silicosis, dust disease, and logging industry compensation fund; or self-insurers' security fund assessment on account of any compensation benefits . . . paid by the employer during the previous calendar year.

Federal law requires that the debtor must manage the estate in compliance with state law. 28 U.S.C. § 959(b) requires a debtor in possession to:

> [M]anage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated.

Therefore, as it is in the best interests of the estate, indeed a mandatory requirement of the estate to follow State law, debtors must continue to pay its workers' compensation assessments, despite the fact that the company is no longer self-insured, and even though it enjoys the protections of Chapter 11. The cost of complying with this Michigan law should therefore be an administrative expense.

Alternatively, the assessments should be granted tax priority status. This Court has ruled on this specific issue before. In 1993, this Court held that these exact assessments, issued by the Funds Administration of the State of Michigan, are entitled to tax priority status because:

> The assessments, in issue, are not fees which confer a benefit on the employer separate from the benefit for the general public. Rather the assessments are for a public purpose, to create a fund to pay workers' compensation claims, thus, benefiting the general public who does not have to then support the claimant employee.

*In re Chateaugay Corporation, et al.*, 153 B.R. 632, 638 (SDNY - 1993).

Michigan courts have also found these assessments to have the characteristic of a tax and they are for a valid public purpose. *McAvoy v HB Sherman Co*, 401 Mich 419 (1977); *Stottlemeyer v General Motors Corp*, 399 Mich 605 (1977).

4

WHEREFORE, this request for payment should be allowed as an administrative expense. Alternatively, the request must be allowed as a tax priority claim pursuant to 11 USC § 507(a)(8).

Respectfully submitted,

MICHAEL A. COX
Attorney General

Dated:  August 23, 2010

_____/S/_____
Dennis J. Raterink (P52678)
Michigan Assistant Attorney General

Attorneys for Michigan Funds Administration

Labor Division
P.O. Box 30736
Lansing, Michigan 48909
Telephone:  (517) 373-1176
raterinkd@michigan.gov

## CERTIFICATE OF SERVICE (efile)

I hereby certify that on August 23, 2010, I electronically filed an Amended Administrative Expense Claim with attachments and the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Dennis J. Raterink
Assistant Attorney General

Attorney for Fund Administration

Labor Division
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 373-1176
raterinkd@michigan.gov
(P52678)