Hearing Date and Time: October 21, 2010 at 10:00 a.m. (Eastern Daylight Time)
Objection Date and Time: October 14, 2010 at 4:00 p.m. (Eastern Daylight Time)

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (P38733)
Seth A. Drucker (P65641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7626
Facsimile: (313) 465-7627
Email: sdrucker@honigman.com

Attorneys for Defendant West
Michigan Spline, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
**In Re**                                                     :    Chapter 11
**DELPHI CORPORATION**, et al.,                               :    Case No. 05-44481 (RDD)
                                                              :
        Debtors.                                              :    Hon. Robert D. Drain
------------------------------------------------------------x
DELPHI CORPORATION, et al.,                                   :
                                                              :
        Plaintiffs,                                           :
Against                                                       :
                                                              :
WEST MICHIGAN SPLINE, INC.,                                   :    Adv. Pro. No. 07-02600 (RDD)
                                                              :
        Defendant.                                            :
------------------------------------------------------------x

**NOTICE OF MOTION OF WEST MICHIGAN SPLINE, INC. TO: (A) VACATE
CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE COMPLAINT WITH
PREJUDICE; OR (C) IN THE ALTERNATIVE, TO REQUIRE PLAINTIFFS TO FILE
A MORE DEFINITE STATEMENT**

**PLEASE TAKE NOTICE THAT:**

Upon the annexed motion, dated August 23, 2010, Defendant West Michigan Spline, Inc.

("**Defendant**"), through its attorneys, Honigman Miller Schwartz and Cohn LLP, filed their

*Motion to (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with*

*Prejudice; or (C) In The Alternative, Require Plaintiffs to File a More Definite Statement* (the "**Motion**").

The Motion seeks entry of an order to (A) vacate certain prior orders of the Court; (B) dismiss the complaint with prejudice; (C) dismiss the complaint; or (D) in the alternative, require plaintiffs to file a more definite statement, as more fully set forth in the Motion. A hearing, with respect to the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **October 21, 2010 at 10:00 a.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard.

A copy of the Motion may be obtained by (a) contacting the attorneys for the Defendants, Honigman Miller Schwartz and Cohn LLP, 660 Woodward Avenue, 2290 First National Building, Detroit, Michigan 48226 (Attn. I.W. Winsten, Esq., Judy B. Calton, Esq., Douglas Salzenstein, Esq. and Seth A. Drucker, Esq.), Telephone: (313) 465-7000; (b) accessing the Court's website at http://www.nysb.uscourts.gov (please note that a PACER password is needed to access documents on the Court's website); (c) viewing the docket of these cases at the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; or (d) accessing the public website maintained by the Debtors' court-appointed claims and noticing agent in these cases at: **www.kccllc.net**

The deadline to file any objections and responses to the Motion is **October 14, 2010 at 4:00 p.m. (Eastern Daylight Time)** (the "**Objection Deadline**").

Objections and responses, if any, to the Motion must be in writing and must (a) conform to the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York, and any case management orders in these chapter 11 cases, (b) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party

against the Debtors' estates or property, and (c) set forth the basis for the objection and the specific grounds therefore.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Honigman Miller Schwartz and Cohn LLP, Attn. I.W. Winsten, Esq., Judy B. Calton, Esq., Douglas Salzenstein, Esq. and Seth A. Drucker, Esq., 660 Woodward Avenue, 2290 First National Building, Detroit Michigan 48226; (ii) the Debtors, DPH Holdings Corp. (f/k/a Delphi Corporation, et al.), Attn: John Brooks, 5725 Delphi Drive, Troy, Michigan 48098; (iii) Butzel Long, Attn: Cynthia J. Haffey, Esq., 150 W. Jefferson Avenue, Suite 100, Detroit, Michigan 48226; (iv) Butzel Long, Attn: Eric Fisher, Esq., 380 Madison Avenue, 22nd Floor, New York, New York 10017; (v) Latham & Watkins, attorneys for The Official Committee of Unsecured Creditors, Attn: Mark A. Broude, Esq. and Robert J. Rosenberg, Esq., 885 Third Avenue, New York, New York 10022 and Warner Stevens, L.L.P., Attn: Michael D. Warner, Esq., 301 Commerce Street, Suite 1700, Fort Worth, Texas 76102; (vi) the Office of the United States Trustee for the Southern District of New York, Attn: Alicia M. Leonhard, Esq., Tracy Hope Davis, Esq. and Brian Masumoto, Esq., 33 Whitehall Street, 21st Floor, New York, New York 10004, so as to be received no later than the **Objection Deadline.**

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing. Failure to appear at the Hearing may result in relief being granted or denied upon default.

3

          HONIGMAN MILLER SCHWARTZ AND COHN LLP
          Attorneys for Defendants West Michigan Spline, Inc.,

Dated: August 23, 2010        By: /s/ Seth A. Drucker
                                       Judy B. Calton (Michigan Bar No. P38733)
                                       Seth A. Drucker (Michigan Bar No. P65641)
                           2290 First National Building
                           660 Woodward Avenue
                           Detroit, MI  48226
                           Telephone:  (313) 465-7626
                           Facsimile:  (313) 465-7627
                           Email:  sdrucker@honigman.com

DETROIT.4313517.1

Hearing Date and Time: October 21, 2010 at 10:00 a.m. (Eastern Daylight Time)
Objection Date and Time: October 14, 2010 at 4:00 p.m. (Eastern Daylight Time)

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (P38733)
Seth A. Drucker (P65641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7626
Facsimile: (313) 465-7627
Email: sdrucker@honigman.com

Attorneys for Defendant West
Michigan Spline, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
**In Re**                                           :    Chapter 11
**DELPHI CORPORATION,** et al.,                    :    Case No. 05-44481 (RDD)
                                                    :
        Debtors.                                    :    Hon. Robert D. Drain
---------------------------------------------------------------x
DELPHI CORPORATION, et al.,                        :
                                                    :
        Plaintiffs,                                 :
Against                                             :
                                                    :
WEST MICHIGAN SPLINE, INC.,                        :    Adv. Pro. No. 07-02600 (RDD)
                                                    :
        Defendant.                                  :
---------------------------------------------------------------x

**MOTION OF WEST MICHIGAN SPLINE, INC. TO:**
**(A) VACATE CERTAIN PRIOR ORDERS OF THE COURT; (B) DISMISS THE**
**COMPLAINT WITH PREJUDICE; OR (C) IN THE ALTERNATIVE, TO REQUIRE**
<u>**PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT**</u>

West Michigan Spline, Inc. ("**WMS**") by its attorneys, Honigman Miller Schwartz and Cohn LLP, files this Motion to (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; or (C) In the Alternative, Require Plaintiffs to File a More Definite Statement (the "**Motion**"), and requests that the Court enter an order:

(1) Vacating the Extension Orders pursuant to the Court's discretionary authority because: (a) enforcement of the orders against WMS would violate its due process rights; (b) cause did not exist to extend the time for service of the Complaint; and/or (c) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

(2) Dismissing with prejudice the Complaint against WMS, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b), on the ground that it: (a) is barred by the 2-year statute of limitations; and/or (b) does not comply with the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009);

(3) In the alternative, dismissing the Complaint with prejudice on the ground that it is barred by laches, judicial estoppel or res judicata; and

(4) In the alternative, if the Complaint is not dismissed, the Court should order Plaintiffs to file a more definite statement with respect to its complaint.

In support of the Motion, WMS states as follows:

1.  Delphi Corporation and its affiliates (the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on October 8 and 14, 2005 (the "**Petition Dates**").

2.  The Debtors filed the Preservation of Estate Claims Procedures Motion on August 6, 2007 (Base Case Docket No. 8905), which was not served on WMS.

3.  On August 16, 2007, this Court entered an Order providing, among other things, for an extension of time to March 31, 2008, to serve adversary proceeding complaints, as well as permission to file the complaints under seal (the "**Procedures Order**").

4.  On September 26, 2007, the Debtors filed an adversary proceeding against WMS seeking the recovery of over $614,915.10 (the "**Alleged Preferential Transfers**") in alleged

2

preferential transfers. The Adversary Proceeding Complaint was filed under seal, therefore, WMS had no notice of the filing of the complaint against it.

5.   On February 8, 2008, the Debtors filed a Motion seeking a second extension of time until May 31, 2008 to serve its sealed Complaints, which was not served on WMS. The Court granted the second extension on March 28, 2008 (the "**Second Extension Order**").

6.   On April 10, 2008, the Debtors filed another Motion seeking to extend the service deadline until thirty (30) days after the substantial consummation of the Debtors' plan of reorganization (the "**Plan**"), which was not served on WMS. The Court entered the Debtors' request for third extension on April 30, 2008 (the "**Third Extension Order**").

7.   On October 2, 2009, four years after the bankruptcy petition was filed and two years after the expiration of the statute of limitations, the Debtor filed a fourth motion for extension of the deadline for service of process, which was not served on WMS. The Court granted the fourth extension on October 22, 2009 (the "**Fourth Extension Order**"). (The Procedures Order and the Second, Third and Fourth Extension Orders are referred to as the "**Extension Orders**").

8.   The Fourth Extension Order granted an extension until 180 days after substantial consummation of the Plan for Plaintiffs to serve the adversary complaints. Substantial consummation of the Plan occurred on October 6, 2009, therefore, the deadline for service of complaints was extended until April 5, 2010.

9.   Based on all the foregoing, WMS hereby adopts the arguments set forth in the following motions, the briefs in support thereof, and all reply briefs, supplemental briefs (collectively, the "**Adopted Motions**"), and arguments of counsel made in support of the Adopted Motions at the July 22, 2010 hearing on the Adopted Motions:

3

- Motion by Affina Group Holdings, Inc., Affina Canada Corp. and Brake Parts, Inc. to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; or (C) In the Alternative, to Dismiss the Claims against Certain Defendants named in the Complaint and to Require Plaintiffs to file a More Definite Statement filed with respect to Adversary Proceeding No. 07-02198(RDD) (Docket No. in Main Case 19959; Docket No. in Adversary Proceeding 41);

- Motion of Hewlett-Packard Company and Affiliates for an Order Dismissing the Complaint with Prejudice, and Vacating Certain Prior Orders Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 in Adversary Proceeding No. 07-02449 (RDD), Adversary Proceeding Docket No. 28;

- Motion by Valeo Climate Control, et al., to: (A) Vacate Certain Prior Orders of the Court; (B) Dismiss the Complaint with Prejudice; (C) Dismiss the Claims Against Certain Defendants Named in the Complaint; and (D) Dismiss Claims Based on Assumed Contracts; or (E) In the Alternative, Require Plaintiffs to file a More Definite Statement in Adversary Proceeding No. 07-02534(RDD) (Main Case Docket No. 20009; Adversary Proceeding Docket No. 28); and

- Motion by Wagner-Smith Company Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548 or 549, and Extending the time to Serve Process for Such Adversary Proceedings, and (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (III) In the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel in Adversary Proceeding 07-02581 (RDD) (Main Case Docket No. 19401; Adversary Proceeding Docket No. 10).

The Adopted Motions raise the following issues which WMS raises and incorporates:

I. THE PROCEDURES ORDER AND THE EXTENSION ORDER SHOULD BE VACATED AS VOID BECAUSE THEY WERE ENTERED IN VIOLATION OF DUE PROCESS RIGHTS.

WMS incorporates the Adopted Motions with respect to Issue I.

II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS FOR AVOIDANCE ACTIONS.

WMS incorporates the Adopted Motions with respect to Issue II.

III. THE COMPLAINT IS BARRED BY JUDICIAL ESTOPPEL.

WMS incorporates the Adopted Motions with respect to Issue III.

IV. THE COMPLAINT IS BARRED BY *RES JUDICATA.*

WMS incorporates the Adopted Motions with respect to Issue IV.

V.     THE COMPLAINT IS BARRED BY LACHES.

WMS incorporates the Adopted Motions with respect to Issue V.

VI.     THE EXTENSION ORDERS SHOULD BE VACATED BECAUSE THERE WAS NO CAUSE TO EXTEND TIME FOR SERVICE, THE FACTS DID NOT WARRANT A DISCRETIONARY EXTENSION AND THE COMPLAINTS WERE IMPROPERLY SEALED.

WMS incorporates the Adopted Motions with respect to Issue VI.

VII.     THE COMPLAINT FAILS TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF AND SHOULD THEREFORE BE DISMISSED OR, IN THE ALTERNATIVE, THE DEBTORS SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT.

WMS incorporates the Adopted Motions with respect to Issue VII.

VIII.     WMS INCORPORATES ALL APPLICABLE ARGUMENTS RAISED BY OTHER DEFENDANTS IN THEIR DISMISSAL MOTIONS, REPLY BRIEFS, ANY SUPPLEMENTAL PLEADINGS, AND ARGUMENTS MADE AT THE JULY 22, 2010 HEARING ON THIS MATTER.

Numerous other dismissal motions have been filed by the Defendants in avoidance actions brought by the Debtors. Those other avoidance actions are, in most or all respects, similar to those asserted against WMS. Therefore, WMS incorporates all applicable arguments raised by other Defendants in their dismissal motions, briefs in support thereof, replies, and arguments made at the July 22, 2010 hearing on the dismissal motions.

## CONCLUSION

Accordingly, for the reasons stated above and the reasons set forth in the Adopted Motions (and the briefs in support thereof, replies, supplemental pleadings, and arguments of counsel) which WMS adopts, WMS respectfully seeks from this Court an Order:

(i)     Vacating the Extension Orders pursuant to the Court's discretionary authority because: (a) enforcement of the Orders against WMS would violate its due process rights; (b)

5

cause did not exist to extend the time for service of the Complaint; and/or (c) the Complaint was improperly filed under seal pursuant to 11 U.S.C. §107;

(ii)  Dismissing, with prejudice, the Complaint against WMS pursuant to Fed. R. Civ. Proc. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b) on the grounds that it: (a) is barred by the statute of limitations and (b) does not comply with the pleading requirements of *Ashcroft v Iqbal,* 129 S. Ct. 1937 (2009).

(iii)  In the alternative, dismissing the Complaint with prejudice on the grounds that is barred by laches, judicial estoppels or *res judicata;*

(iv)  Dismissing the Complaint on the grounds that it was not timely served pursuant to Fed. R. Bankr. P. 7004(a) and Fed. R. Civ. Proc. 4(m);

(v)  In the alternative, if the Complaint is not dismissed, ordering the Plaintiff to file a more definite statement with respect to its Complaint; and

6

05-44481-rdd    Doc 20538    Filed 08/23/10    Entered 08/23/10 16:42:24    Main Document

    (vi)    For such further relief as is just and proper.

Respectfully submitted

Honigman Miller Schwartz and Cohn LLP
West Michigan Spline, Inc.

By: /s/ Seth A. Drucker
Judy B. Calton (Michigan Bar No. P38733)
Seth A. Drucker (Michigan Bar No. P65641)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Tel: 313-465-7626
Fax: 313-465-7627
email: sdrucker@honigman.com

Dated: August 23, 2010

DETROIT.4313621.1

7