**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 14086
<u>(CAROLYN NEEDHAM)</u>

("STATEMENT OF DISPUTED ISSUES – CAROLYN NEEDHAM")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 14086 filed by Carolyn Needham (the "Claimant") and respectfully represent as follows:

Background

1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.    On July 31, 2006, the Claimant filed proof of claim number 14086 against DAS LLC which asserts a general unsecured non-priority claim in the amount of $100,000.00 arising from an alleged personal injury claim that occurred on the Debtors' premises (the "Claim").

3.    On February 15, 2007, the Debtors objected to the Claim pursuant to the Debtors' Ninth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 6968) (the "Ninth Omnibus Claims Objection").

4.    On March 14, 2007, the Claimant filed the Reply Of Claimant Carolyn Needham To Debtors' Ninth Omnibus Claims Objection (Docket No. 7264) (the "Response").

5.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

6. On August 17, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Claim Number 14086 (Docket No. 20508) scheduling an evidentiary hearing on the merits of the Claim for October 21, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

## Disputed Issues

A.   DAS LLC Does Not Owe The Claimant The Amounts Asserted In The Proof Of Claim

7. The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute that DAS LLC owes any amounts asserted in the Claim.

8. The Claimant asserts that DAS LLC owes her a general unsecured non-priority claim in the amount of $100,000.00 for an alleged personal injury that occurred on the Debtors' premises.  Specifically, the Claimant asserts that in early August 2005, the Claimant was injured while at the Debtors' plant in Coopersville, Michigan.  The Claimant further asserts that she was not an employee of the Debtors but that she was an employee of a company contracted by the Debtors to provide food service to the Debtors' employees.  The Reorganized Debtors have reviewed all listings of contract employees as well as the pertinent records for the

3

time period asserted in the Claim and have no record showing that the Claimant was ever on the Debtors' premises let alone a contract employee of the Debtors.  Moreover, the Reorganized Debtors have requested that the Claimant supply any information supporting the Claim.  To date, no such information has been provided by the Claimant.  Accordingly, the Reorganized Debtors believe that the Claim should be disallowed and expunged in its entirety.

Reservation Of Rights

9.       This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim(s) and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

   WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
    August 24, 2010

          SKADDEN, ARPS, SLATE, MEAGHER
           & FLOM LLP

          By: /s/ John Wm. Butler, Jr.
           John Wm. Butler, Jr.
           John K. Lyons
           Ron E. Meisler
          155 North Wacker Drive
          Chicago, Illinois 60606

          - and -

          Four Times Square
          New York, New York 10036

          Attorneys for DPH Holdings Corp., et al.,
           Reorganized Debtors