**Hearing Date and Time:  August 27, 2010 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' SECOND SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO REORGANIZED DEBTORS' OBJECTION TO ADMINISTRATIVE
EXPENSE CLAIM NUMBER 19168 FILED BY MICHIGAN FUNDS ADMINISTRATION

("SECOND SUPPLEMENTAL REPLY REGARDING CLAIM
FILED BY MICHIGAN FUNDS ADMINISTRATION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Second Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objections To Administrative Expense Claim Number 19168 Filed By Michigan Funds Administration (the "Second Supplemental Reply"), and respectfully represent as follows:

1.  On August 17, 2010, the Reorganized Debtors filed their Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objection To Administrative Expense Claim Number 19168 Filed By Michigan Funds Administration (Docket No. 20512) (the "Supplemental Reply").  As set forth in the Supplemental Reply, the Claim[1] asserted liabilities incurred in 2008 for certain workers' compensation-related assessments that were paid in full by the Debtors.  The Claimant filed no supplemental response to the Supplemental Reply, and has not disputed the Debtors' payment of the Claim.  Rather, on August 23, 2010, the Claimant filed its Amended Request For Payment Of Administrative Expense On Behalf Of The Michigan Funds Administration (Docket No. 20534) (the "Amended Request"), purporting to amend the Claim to include assessments in the amount of $820,654.07 that were incurred in 2009, as well as contingent, unliquidated assessments based on future workers' compensation payments.

2.  The Reorganized Debtors' disagree, however, that the claims asserted in the Amended Request can be characterized as "amendments."  To the contrary, the claims asserted in the Amended Request constitute entirely new, untimely claims.  Accordingly, the Reorganized Debtors (i) reiterate their request for entry of an order disallowing and expunging the Claim and (ii) request an order denying the Amended Request.

---

[1] Capitalized terms used but not otherwise defined herein have the meaning assigned in the Supplemental Reply.

2

A.    <u>Purported Amendment Asserts New Claims that Are Subject to Bar Date</u>

3. To amend a previously filed claim, courts generally adopt a two-part test. First, "the court must determine whether the new claim bears a reasonable relationship to the original claim." <u>In re Sage-Dey, Inc.</u>, 170 B.R. 46, 49 (Bankr. N.D.N.Y. 1994). If the first prong is satisfied, then the second prong of the test is applied, which "requires that the court determine whether a balancing of the equities supports the allowance of the amendment." <u>Sage-Dey</u>, 170 B.R. at 49 (citing <u>In re Integrated Res., Inc.</u>, 157 B.R. 66, 70 (S.D.N.Y. 1993)). The "balancing of the equities" requires the court to focus on several factors to determine whether to allow an amendment to a proof of claim. In <u>In re Enron Corp.</u>, 328 B.R. 75 (Bankr. S.D.N.Y. 2005), the bankruptcy court applied five factors to determine whether the balance of the equities permitted an amendment: "(1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed." <u>In re Enron Corp.</u>, 328 B.R. 75, 87 (Bankr. S.D.N.Y. 2005) (quoting <u>Integrated Res.</u>, 157 B.R. at 70). Here, the Amended Request does not qualify as an amendment under either prong.

      **(a)    Purported Amendment Does Not Bear a Reasonable Relationship to the Claim**

4. The liabilities asserted in the Claim are quite specific. The Claim requested payment of assessments for three separate funds for liabilities incurred in 2008 and due in 2009 prior to the Debtors' emergence from chapter 11. The amounts asserted in the Claim were calculated to the penny based on workers' compensation-related payments made by the Debtors in 2009: $354,497.36 for the Second Injury Fund; $34,497.36 for the Silicosis Dust Disease and Logging Fund; and $741,109.45 for the Self-Insurers' Security Fund. The Claim asserted no

liabilities for any obligations incurred after 2008, contingent or otherwise.  The Amended Request, however, seeks payment additional administrative expense claims that were not previously included in the Claim—assessments incurred in 2009 based on estimated workers' compensation-related payments prior to the Debtors' October 6, 2009 emergence from chapter 11 and contingent, unliquidated payments based on the Reorganized Debtors' future payment of postpetition workers' compensation claims.

          5.  Notwithstanding the Claimant's designation of the Amended Request as an amendment of the Claim, the new claims asserted in the Amended Requequest do not qualify as valid amendments because they are not sufficiently related to the Claim.  "In deciding whether or not to allow an amendment to the proof of claim the court must first determine whether there was timely assertion of a similar claim." In re Macmillan, Inc., 186 B.R. 35, 49 (Bankr. S.D.N.Y. 1995). Liabilities for assessments arising in the years following the assessments incurred in 2008 do not relate to the same "'conduct, transaction or occurrence'" as the liabilities asserted in the Claim. See Praedium II Broadstone, LLC v. Wall St. Strategies, Inc., No. 04-Civ.-3880, 2004 WL 2624678, at * 5 (S.D.N.Y. Nov. 18, 2004) (quoting Fed. R. Bankr. P. 7015); In re AM Int'l, Inc., 67 B.R. 79, 82 (N.D. Ill. 1986) (for amendment to be permissible, it must be of the same type as timely filed claim); In re PT-1 Commc'ns, Inc., 292 B.R. 482, 487 (Bankr. E.D.N.Y. 2003) (denying leave to amend proof of claim for taxes with similar claim for a different year); In re Sage-Dey, 170 B.R. at 49 (same); In re Ltd. Gaming of Am., Inc., 213 B.R. 369 (Bankr. N.D. Okla. 1997) (holding that a tax claim could not be amended after bar date to include taxes from another year).

6. Accordingly, the new claims asserted in the Amended Request do not bear a reasonable relationship to the Claim and, therefore, do not satisfy the first prong of the test to qualify as a valid amendment.

### (b)    The Balancing of Equities Favors the Reorganized Debtors

7. As set forth in <u>Integrated Resources</u>, no further analysis under the two-prong test is necessary because the Claimant has failed to satisfy the first prong. <u>In re Integrated Res.</u>, 157 B.R. at 70. But even if the Court were to consider the second prong of the test, the balance of the equities—applying the <u>Enron</u> factors set forth above—weighs decisively in favor of the Reorganized Debtors.

8. First, allowing the Amended Request would unduly prejudice the Reorganized Debtors because they remain responsible for the wind-up of administrative claims. The Amended Request asserts at least $820,654.07 not originally asserted in the Claim, subject to increase for future assessments. Granting the Amended Request would allow the Claimant to effectually circumvent the bar dates previously approved by the Court for asserting claims against the Debtors, potentially opening the floodgates for other creditors to file similar requests.

9. Second, rejecting the Amended Request would not result in a windfall to other creditors of the Debtors. The Modified Plan already provides for payment in full of all administrative expense claims, so rejecting the Amended Request will not increase the distributions to the Debtors' administrative creditors. Nor will rejecting the Amended Request impact the Debtors' unsecured creditors, whose distribution will be funded by Delphi Automotive LLP—not the Reorganized Debtors—in accordance with the Master Distribution Agreement.

10. Third, allowing the Claimant to pursue the newly asserted claims will prejudice other creditors by opening the floodgates for other such amendments, thereby

interfering with the administration of the Debtors' estates. As this Court is aware, the July 15, 2009, bar date was established in connection with the Modified Plan or the Master Disposition Agreement to identify administrative expense claims accruing before June 1, 2009. Allowing creditors to circumvent bar dates in the manner proposed by the Claimant would, therefore, undermine an important factor contributing to the Debtors' successful emergence from chapter 11.

11. Finally, the Claimant has failed to provide any basis to support the argument that it was "unable" to file the amended claim at the time the original claim was filed. To the contrary, the Claimant was aware of the existence of potential future claims at the time it filed the Claim. In fact, the Claim specifically states that "[a]ssessments are calculated in March of each year" based on certain workers' compensation benefits paid by the Debtors in the previous year. The Claimant was undeniably aware that the Reorganized Debtors would be obligated to pay workers' compensation benefits in the future. On the same day that the Claimant filed the Claim, the signatory to the Claim also filed proof of administrative expense claim number 19281 asserting liabilities in the amount of $5,557,750.00 relating to workers' compensation related benefits. Presumably, such liabilities would provide the basis for the future assessments contemplated in the Amended Request. Thus, the Claimant's failure to include assessments incurred after 2008 as part of the Claim was entirely within the Claimant's control.

12. The Claimant has, therefore, failed to establish that the balancing of the equities favors the relief sought and cannot satisfy the second prong of the two-prong test. Accordingly, the Claimant cannot amend the Claim to include the additional liabilities asserted in the Amended Request.

### (c) New Claims Are Subject to Bar Date And Should Be Disallowed Automatically

13. The Claimant is prohibited from asserting the new claims included in the Amended Request. All bar dates for claims in the Debtors' chapter 11 cases have passed. To this end, paragraph 47 of the Modification Procedures Order provides that "[a]ny request for payment of an Administrative Claim . . . that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors."

14. Accordingly, the Amended Request should be denied and the new claims sought in the Amended Request, along with the Claim, should be disallowed and expunged in their entirety.

B.    <u>Reservation of Rights</u>

15. In the event that the Court finds that the Amended Request constitutes a valid amendment or otherwise authorizes the Claimant to pursue the Amended Request, the Reorganized Debtors reserve all rights to contest the merits of the liabilities asserted in the Amended Request. Similarly, the Reorganized Debtors reserve all rights to oppose any request by the Claimant to seek leave from the Court to file a late claim.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to the Claim, (b) disallowing and expunging the Claim in its entirety, (c) denying the Amended Request, and (d) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         August 26, 2010

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

   - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors