UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
          In re                     :       Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,         :       Case No. 05-44481 (RDD)
                                    :
                Reorganized Debtors. :      (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER REGARDING SUPPLEMENT TO MOTION OF METHODE
ELECTRONICS INC. FOR RELIEF FROM PLAN INJUNCTION

          Upon the Supplement To Motion Of Methode Electronics, Inc. For An Order (I)

Permitting Methode To Continue Post-Petition Litigation With The Reorganized Debtors In

Michigan And (II) Overruling The Reorganized Debtors' Timeliness Objection To Methode's

Administrative Expense Claims (Docket No. 20274) (the "Motion Supplement"); and upon the

Reorganized Debtors' Supplemental Objection In Response To Supplement To Motion Of

Methode Electronics, Inc. For An Order (I) Permitting Methode To Continue Post-Petition

Litigation With Reorganized Debtors In Michigan And (II) Overruling Reorganized Debtors'

Timeliness Objection To Methode's Administrative Expense Claims  (Docket No. 20418); and

upon the Reply In Support Of Supplement To Motion Of Methode Electronics, Inc. For An

Order (I) Permitting Methode To Continue Post-Petition Litigation With The Reorganized

Debtors In Michigan And (II) Overruling The Reorganized Debtors' Timeliness Objection To

Methode's Administrative Expense Claims (Docket No. 20431) (collectively the "Pleadings");

and for the reasons stated by the Court on the record at the July 22, 2010 Omnibus Hearing with

respect to the Motion Supplement (the "Hearing"), which constitute the findings of fact and

conclusions of law in support of entry of this Order; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    The Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The matters raised by the Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    On June 14, 2010, the Court entered the Order In Respect Of Administrative Expense Claims Of Methode Electronics Inc. (Docket No. 20240) (the "June 14 Order").  The June 14 Order granted in part, denied in part, and determined to be moot in part Methode's Motion For An Order (I) Permitting Methode To Continue Post-Petition Litigation With The Reorganized Debtors In Michigan And (II) Overruling The Reorganized Debtors' Timeliness Objection To Methode's Administrative Expense Claims (Docket Nos. 19895, 19896, and 19897).  Paragraph E of the June 14 Order reflected Methode's stipulation that "the counterclaim with respect to the Supply Agreement is moot as currently pleaded in the Michigan State Court, and Methode's Contract Claim does not seek to assert claims that arose prior to June 1, 2009."  Accordingly, paragraph 1.c of the June 14 Order provided that "the request to overrule the Reorganized Debtors' timeliness objection with respect to the Contract Claim is deemed moot and the request to lift the Plan Injunction to allow litigation regarding the Contract Claim in the Michigan state court is held in abeyance pending a stipulation between the parties or further application to this Court."

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.

C.    On June 28, 2010, Methode filed the Motion Supplement, which attached a proposed amended counterclaim (in the form presented to the Court, the "Proposed Amended Counterclaim") and renewed Methode's request for permission to prosecute the Proposed Amended Counterclaim in the Michigan state court.

D.    For the reasons stated by this Court at the Hearing, Methode did not establish that the Proposed Amended Counterclaim asserts claims that arose after May 31, 2009.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The relief requested in the Motion Supplement is denied without prejudice.

2.    Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089).

3.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated:  White Plains, New York
         August 26, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

3