# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

MARK A WALKER
LESLIE B SAMUELS
EDWARD F GREENE
ALLAN G SPERLING
EVAN A DAVIS
LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
A RICHARD SUSKO
LEE C BUCHHEIT
JAMES M PEASLEE
ALAN L BELLER
THOMAS J MOLONEY
WILLIAM F GORIN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
JAIME A EL KOURY
STEVEN G HOROWITZ
ANDREA G PODOLSKY
JAMES A DUNCAN
STEVEN M LOEB
DANIEL S STERNBERG
DONALD A STERN
CRAIG B BROD
SHELDON H ALSTER
WANDA J OLSON
MITCHELL A LOWENTHAL
DEBORAH M BUELL
EDWARD J ROSEN
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
JANET L FISHER

DAVID L SUGERMAN
HOWARD S ZELBO
DAVID E BRODSKY
ARTHUR H KOHN
RAYMOND B CHECK
RICHARD J COOPER
JEFFREY S LEWIS
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
PAUL E GLOTZER
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN
NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER

KRISTOFER W HESS
JUAN G GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O REILLY
DAVID AMAN
ADAM E FLEISHER
SEAN A ONEAL
GLENN P MCGRORY
CHRISTOPHER P MOORE
JOON H KIM
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
RESIDENT PARTNERS

SANDRA M ROCKS
ELLEN M CREEDE
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
GABRIEL J MESA
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
KATHLEEN M EMBERGER
NANCY I RUSKIN
WALLACE L LARSON JR
JAMES D SMALL
AVRAM E LUFT
ELIZABETH LENAS
DANIEL ILAN
RESIDENT COUNSEL

August 26, 2010

VIA FEDERAL EXPRESS
The Honorable Robert D. Drain
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:  *In re DPH Holdings Corp. et al.*, Case No. 05-44481 (RDD)

Dear Judge Drain:

      We represent the Hewlett Packard Defendants[1] in the above-captioned cases and related adversary proceedings. We write at the request and on behalf of various defendants concerning the form of order memorializing Your Honor's rulings on the First Wave Motions (as defined in this Court's Order Establishing Certain Procedures with Respect to Pending Motions to Dismiss Adversary Proceedings, dated April 23, 2010 (D.I. 19947), the "Procedures Order"). Specifically, in accordance with Your Honor's direction, following the July 22, 2010 hearing on the First Wave Motions, plaintiffs have consulted with our firm and certain other defense counsel in an effort to agree upon a form of order that could be submitted on consent.

      The parties have reached agreement in large part on the content of the proposed order; however, there are two discrete points on which the parties have been unable to reach agreement. In order to resolve these disputes, the parties agreed to submit their proposed forms of order, along with a short letter setting forth their respective positions. Defendants' proposed form of order is attached hereto as Exhibit A, plaintiffs' is attached as Exhibit B.[2] For the Court's

---

[1] The Hewlett Packard Defendants include each of: (i) HP Enterprise Services, LLC (f/k/a Electronic Data Systems Corporation), HP Enterprise Services UK Ltd. (f/k/a Electronic Data Systems Ltd.) and Hewlett-Packard (Canada) Co. (f/k/a EDS Canada, Inc.), each named as defendants in Adversary Proceeding No. 07-2262; and (ii) Hewlett-Packard Company, Hewlett-Packard Financial Services Company and Hewlett-Packard Mexico, S. de R.L. de C.V., each named as defendants in Adversary Proceeding No. 07-2449.

[2] We also enclose a diskette containing a Microsoft Word version of defendants' proposed order.

Hon. Robert D. Drain, p. 2
August 26, 2010

convenience, a blackline showing differences between the two orders and a copy of the transcript of the July 22, 2010 hearing are attached as Exhibits C and D, respectively.

The two provisions that remain at issue are as follows[3]:

1. <u>Consequences of Failure to Satisfy Rule 8</u>. The parties agree that the Court ruled that the complaints fail to allege sufficient information to satisfy Rule 8. Accordingly, the order should reflect that holding, and provide that the complaints are dismissed without prejudice, and that plaintiffs are permitted to move to amend, as stated by the Court on the record. <u>See</u> Hr'g Tr. 277:16-17 July 22, 2010 ("I concluded that the complaints need to be dismissed."), Hr'g Tr. 277:25-278:3 ("my ruling today is that the complaint would be dismissed, i.e., that portion of the motion seeking relief to dismiss the complaint was granted"). This comports with Federal Rule of Civil Procedure 12(b)(6), as well as the cases cited by the Court.[4] Consistent with the similar orders entered in <u>In re Hydrogen</u> and <u>Levitt & Sons</u>, paragraph 4 of defendants' proposed order provides that the relevant complaints fail to plead sufficient facts to satisfy Rule 8, and have been dismissed without prejudice.

   By contrast, paragraph 4 of Plaintiffs' proposed order fails to acknowledge either the Court's holding that the complaints do not comply with Rule 8, or that as a result the complaints are dismissed without prejudice pending a ruling on the motions to amend. Instead, Plaintiffs' proposed order provides only that if Plaintiffs fail to timely file a motion for leave to amend, the complaints will be dismissed. This formulation not only renders dismissal of the complaints dependent on the further passage of time and the non-occurrence of motion practice, but leaves unclear whether a subsequent order would be required even then for the complaints to be dismissed. Defendants respectfully request that the Court adopt their formulation of paragraph 4 in its order.

2. <u>Abandonment of Preference Claims Under $250,000.</u> Certain defendants have raised concerns regarding Plaintiffs' formulation of paragraph 2 of the order, which

---

[3] While aside from the points set forth herein, there appear to be no substantive differences between the parties' proposed orders, plaintiffs' proposal attaches exhibits listing various adversary proceedings, while defendants' order incorporates by reference the definitions from a prior order that did so.

[4] <u>See, e.g.</u>, <u>Official Comm. of Unsecured Creditors of Hydrogen, L.L.C. v. Leo Blomen et al. (In re Hydrogen LLC)</u>, No. 09-1142 (AJG), 2010 Bankr. LEXIS 1106, at **38-39 (Bankr. S.D.N.Y. Apr. 20, 2010) (holding that because "the pleadings relating to the preference claims brought against Mr. Freeh [were] deficient under . . . Federal Rule of Civil Procedure 8", "[t]he preference [] claims therefore *cannot survive Mr. Freeh's motion to dismiss*") (emphasis added); <u>In re Hydrogen LLC</u>, No. 09-1142 (AJG), Order Dismissing Claims Pursuant to Opinion Concerning Defendants' Motions to Dismiss (D.I. 58, Bankr. S.D.N.Y. Apr. 30, 2010) ("the Freeh Motion is granted as follows: the Third, Forth, Fifth, Seventh and Tenth Claims for Relief in the Amended Complaint *are hereby dismissed* in their entirety.") (emphasis added); <u>Feltman v. Keybank, N.A. (In re Levitt & Sons LLC)</u>, No. 07-19845-BKC, 2010 Bankr. LEXIS 1284, at *6 (Bankr. S.D. Fla. Apr. 16, 2010) (because plaintiffs failed to satisfy Rule 8, "order[ing] as follows . . . The motion to dismiss is granted, [and] the *complaint is dismissed* without prejudice."); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("*To survive a motion to dismiss*, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (emphasis added) (citation omitted).

dismisses claims of less than $250,000. Under plaintiffs' formulation, the debtors have not abandoned claims where all transfers made to a defendant in the aggregate exceeded $250,000, rather than merely transfers made on account of antecedent debts that are susceptible to avoidance under Section 547. In its ruling, the Court held that preference claims under $250,000 were abandoned when the Court granted the debtors' Preservation of Estate Claims Procedures Motion.[5] While it is black letter law that a prima facie preference claim must be for or on account of an antecedent debt (11 U.S.C. § 547(b)(2)), plaintiffs omit this element in the provision of the order describing the preference claims that were abandoned, referring instead only to transfers made during the 90 days preceding the petition date. As defendants' proposed order makes clear, the thresholds for potential preference claims that were abandoned should also reflect the necessary element that the transfer(s) be for or on account of antecedent debt.[6] It makes little sense that the Debtors would have intended to abandon a seemingly valid prima facie preference claim involving transfers on account of antecedent debt aggregating $249,000 but would have intended to pursue a claim where, even though aggregate transfers might be higher than $250,000, the aggregate preferential transfers on account of antecedent debt are below $250,000. Defendants therefore respectfully request that the Court adopt defendants' formulation, which requires that the $250,000 threshhold be satisfied with reference to transfers for or on account of antecedent debt.

We are available at the Court's convenience, if the Court desires to discuss these proposed orders with counsel.

Respectfully submitted,

Lisa M. Schweitzer

cc (by email, w/out enclosures):
Eric Fisher, Esq.
Donald Orlandoni, Esq.
Neil Berger, Esq.
Defense Counsel

---

[5] See Expedited Motion For Order Under 11 U.S.C. §§102(1)(A), 105(a), 107, 108(a)(2) and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter Into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those commenced by Debtors Under 11 U.S.C. §541, 544, 545, 547, 548, or 553 dated August 6, 2007 (D.I. 8905, the "Preservation of Estate Claims Procedures Motion")

[6] Indeed, this Court recognized the importance of the antecedent debt element in ruling that Debtors' amended complaints must plead the antecedent debt with particularity. See Hr'g Tr. 205:2-9 ("under Iqbal and Twombly and the cases, including Judge Gonzalez' case on preferences, there's certain key elements of the claim that require more than just a recitation of the elements of the claim. And that's . . . what was the antecedent debt?").