# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

DPH Holdings Corp., *et al.*,

           Reorganized Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

## ORDER GRANTING IN PART FIRST WAVE MOTIONS

Delphi Corporation, together with its affiliated debtors in the above-captioned cases (collectively, the "Debtors") having filed complaints in certain adversary proceedings seeking to avoid and recover claimed preferential transfers in these Chapter 11 cases (the "Adversary Proceedings", as defined in this Court's Order Establishing Certain Procedures with Respect to Pending Motions to Dismiss Adversary Proceedings, dated April 23, 2010 (D.I. 19947, the "Procedures Order")); and a hearing having been held before this Court on July 22, 2010 (the "Hearing") to consider the Defendants' First Wave Motions (as defined in the Procedures Order) seeking orders, inter alia, dismissing, with prejudice, certain of the Adversary Proceedings; and the Court having reviewed and considered (a) the First Wave Motions; (b) the Omnibus Response to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by This Court and to Dismiss the Avoidance Actions Against the Moving Defendants, dated June 7, 2010 (the "Omnibus Response"), filed by DPH Holdings Corporation and its affiliated reorganized debtors  (collectively, the "Reorganized Debtors"); (c) the Joinder in the Omnibus Response by the Reorganized Debtors' conflicts counsel, and (d) the Replies filed in support of the First Wave Motions; and upon consideration of the argument of counsel made at the Hearing and the entire record of the Hearing; and after due deliberation; and for the reasons expressed in the Court's rulings at the conclusion of the Hearing;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. For the reasons indicated at the hearing, the following are hereby DISMISSED with prejudice, with each party to bear its own costs:

   (a) Adversary Proceeding No. 07-02372 against Kataman, Kataman Metals, Kataman Metals Inc. and Kataman;

   (b) Adversary Proceeding No. 07-02723 against LDI Incorporated;

   (c) Adversary Proceeding No. 07-02753 against Macsteel; and

   (d) Defendant Electronic Data Systems LTD. (n/k/a HP Enterprise Services UK Ltd.) from Adversary Proceeding No. 07-02262.

2. The Debtors have abandoned any claim in all the Adversary Proceedings against any Defendant that received transfers from the Debtors for or on account of an antecedent debt in the aggregate amount of less than $250,000 during the 90 days preceding their respective petition dates, and all such claims in the Adversary Proceedings are DISMISSED with prejudice.

3. The Debtors have abandoned any claim in all the Adversary Proceedings against any Defendant that is a foreign supplier, and all such claims in the Adversary Proceedings against any foreign supplier are DISMISSED with prejudice, provided however, that any dispute over whether a Defendant in any of the Adversary Proceedings is a foreign supplier shall be determined by agreement of the relevant parties, or where the relevant parties cannot agree, by subsequent order of this Court.

4. All the remaining claims in all the Adversary Proceedings in which a First Wave Motion, a Second Wave Motion, a motion for judgment on the pleadings, and/or a joinder in any of the foregoing was filed are DISMISSED without prejudice because the Debtors have failed to plead sufficient facts to state a claim, and have not complied with Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy

Procedure. By no later than September 7, 2010, the Reorganized Debtors shall file a motion for leave to amend the complaint in each Adversary Proceeding the Reorganized Debtors intend to pursue (each, a "Motion to Amend"). Each Motion to Amend shall attach a proposed amended complaint that, for each alleged transfer, at a minimum, shall set forth the transferor, the transferee, any subsequent transferee against whom relief is sought, the antecedent debt and which Reorganized Debtor is the plaintiff. Each of the Adversary Proceedings in which the Reorganized Debtors do not file a motion to amend on or before September 7, 2010 will be DISMISSED with prejudice.

5. All other arguments raised by defendants in the Adversary Proceedings that were not ruled upon at the Hearing or pursuant to this Order are preserved.

6. The Reorganized Debtors shall ensure that this Order is filed in each of the Adversary Proceedings.

Dated: August __, 2010

    White Plains, New York

                                        UNITED STATES BANKRUPTCY JUDGE