**Hearing Date:  September 24,  2010**
                                    **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 10123 AND 10393 (HERAEUS ENTITIES)

("SUPPLEMENTAL REPLY – HERAEUS ENTITIES")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proofs Of Claim Numbers 10123 And 10393 filed by the Heraeus Entities[1] and respectfully represent as follows:

Background

1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), ASEC Manufacturing General Partnership ("ASEC"), and Delphi Mechatronic Systems, Inc. ("Mechatronics") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    Prior to the Petition Date, certain of the Debtors manufactured and sold various products to the Heraeus Entities (the "Delphi Products").

3.    Prior to the Petition Date, the Heraeus Entities manufactured and sold various products to the Debtors (the "Heraeus Products").

4.    On or about December 6, 2005, the Heraeus Entities asserted certain rights of setoff pursuant to section 553 of the Bankruptcy Code and that certain Mutual Setoff Agreement, dated August 10, 2005, by and between certain of the Heraeus Entities and the Debtors (the "Setoff Request").

---

[1]    The Heraeus Entities include (a) Heraeus Amersil, Inc. aka Heraeus Tenevo ("Heraeus Amersil"), (b) Heraeus, Inc., Circuit Metals Division aka Heraeus Cermalloy, Inc., and Heraeus, Inc. Cermalloy Divison (collectively, "Heraeus Circuit Metals Division"), (c) Heraeus Precious Metals, LLC ("Heraeus Precious Metals"), (d) Heraeus Metal Processing, Inc. ("Heraeus Metal Processing"), and (e) Heraeus, Inc., Circuit Materials Division a/k/a Heraeus Cermalloy, Inc., and Heraeus, Inc., Cermalloy Divison (collectively, "Heraeus Circuit Materials Division").

2

5. On July 21, 2006, Heraeus Metal Processing filed proof of claim number 10123 against ASEC asserting an unsecured non-priority claim in the amount of $322,860.53 arising from, among other things, the sale of Heraeus Products ("Claim 10123").

6. On July 24, 2006, Heraeus Circuit Materials Division filed proof of claim number 10393 against Mechatronics asserting an unsecured non-priority claim in the amount of $594,923.93 arising from, among other things, the sale of Heraeus Products ("Claim 10393" and together with Claim 10123, the "Claims"). As acknowledged in the attachment to Claim 10393, Heraeus Precious Metals owes DAS LLC a receivable of $488,660.90 (the "Receivable").

7. On October 31, 2006, the Debtors objected to the Claims pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

8. On November 21, 2006, the Claimant filed Heraeus' Response To The Debtors' Second Omnibus Objection To Claims And Third Omnibus Objection To Claims (Docket No. 5652) (the "Response").

9. On or about April 30, 2007, Heraeus Metal Processing transferred Claim 10123 to Contrarian Funds, LLC ("Contrarian") and Heraeus Circuit Metals transferred Claim 10393 to Liquidity Solutions, Inc. ("LSI").

10. On or about May 4, 2007, LSI transferred Claim 10393 to SPCP Group, L.L.C., as agent for Silver Point Capital Fund L.P., and Silver Point Capital Offshore Fund, Ltd. ("Silver Point," and collectively with the Heraeus Entities and Contrarian, the "Claimant").

11. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi, DAS LLC, Mechatronnics, and ASEC emerged from chapter 11 as DPH Holdings Corp., DPH-DAS LLC, DPH-Mechatronic Systems, LLC, and ASEC Manufacturing General Partnership, respectively. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

12. On June 8, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10123 and 10393 (Heraeus Entities) (Docket No. 20232), scheduling an evidentiary hearing (the "Claims Objection Hearing") on the merits of the Claims for August 12, 2010, at 10:00 a.m. (prevailing Eastern Time) in this Court.

13. On June 23, 2010, the Reorganized Debtors filed the Notice Of Adjournment Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10123 And 10393 Filed By The Heraeus Entities (Docket No. 20268)

adjourning the Claims Objection Hearing to September 24, 2010,[2] at 10:00 a.m. (prevailing Eastern Time) in this Court.

Argument

14.     The Claimant has failed to provide sufficient evidence to support its claims.  The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) . In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).  Even if the allegations in the Proof of Claim were sufficient to make a prima facie claim, the Reorganized Debtors have rebutted that claim by providing specific evidence refuting the validity of the Claim.  To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the

---

[2]  Pursuant to the Notice Rescheduling Of Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing (Docket No. 20417), the Thirty-Seventh Claims Hearing was rescheduled from September 14, 2010 to September 24, 2010.

5

claim's legal sufficiency." In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)). Here, the Reorganized Debtors have refuted the allegations that are essential to the Claims. The burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence . . . . The burden of persuasion is always on the claimant." Id. Here, the Claimant has not met that burden.

(a)    The Debtors Do Not Owe Claimants The Amount Asserted In The Proofs Of Claim

15.    The Claimant asserts (i) in Claim 10393 that Mechatronics owes the Claimant $594,923.93 based on goods sold and (ii) in Claim 10123 that ASEC owes the Claimant $322,860.53 based on goods sold.  The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amount asserted in each Claim.  By contrast, as reflected in the declaration of Dean Unrue, a copy of which is attached hereto as Exhibit A, the Reorganized Debtors' believe that the they do not owe any amounts that are not reconciled.  (See Declaration Of Dean Unrue In Support Of Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Numbers 10123 And 10393 (Heraeus Entities) (the "Unrue Declaration")).

16.    Claim 10393. On September 28, 2007, Claim 10393 was capped at zero pursuant to the this Court's Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9685).

17.    In addition, Claim 10393 was duplicative of proof of claim number 10394 ("Claim 10394") which was asserted in the same exact amount as Claim 10393.  Claim 10394 was ordered allowed as a general unsecured non-priority claim in the amount of $503,252.02

6

pursuant to this Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Expunging (A) Certain Salaried Pension And OPEB Claims, (B) Certain Wage And Benefit Claims, And (C) Certain Individual Workers' Compensation Books And Records Claims And (II) Modifying And Allowing Certain Claims (Docket No. 18932).  Because the underlying claim asserted in Claim 10393 has been satisfied by the allowance of Claim 10394, Claim 10393 should be disallowed and expunged in its entirety.  Furthermore, as acknowledged in the attachment to Claim 10393, Heraeus Precious Metals owes DPH-DAS LLC the total sum of $488,660.90 as settlement of the Receivable.  See Unrue Declaration ¶ 7.  Although the claim objection may be viewed as requesting affirmative relief against Heraeus Precious Metals, it is entirely appropriate to proceed in the context of a claim objection and not through a separate adversary proceeding.  See In re Metiom, Inc., 301 B.R. 634, 639 (Bankr. S.D.N.Y. 2003).  Indeed, the Court made clear in the Furukawa ruling in July 2007 that affirmative requests for relief which, in that case, involved a $25 million affirmative claim against Furukawa, could be joined in a claims objection and were best resolved in the context of the Claims Procedures Order.  A copy of the transcript of the July 19, 2007 hearing is attached hereto as Exhibit B.  (See Tr. of July 19, 2007 Hr'g at 58-61.)

        18.    Claim 10123.  Based upon the Debtors' various accounts payable records, $306,172.40 of the amounts reflected in Claim 10123 have been paid due to cure payments made pursuant to section 365 of the Bankruptcy Code.  See Unrue Declaration ¶ 8.  This cure payment was made in the form of wire number 3709300290JO0000, which was wired on October 17, 2008 to Heraeus Metal Processing.  See Unrue Declaration ¶ 8.  Therefore, $306,172.40 should be subtracted from the amount claimed against ASEC.

7

19. After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Claim 10123 as illustrated in the following chart:

| Claimant's Asserted Amount | | $322,860.53 |
|---|---|---|
| Modifications | Cure Payment | ($306,172.40) |
| Reconciled Amount | | $16,688.13 |

20. ASEC Manufacturing General Partnership does not dispute the remaining $16,688.13 of Claim 10123 and requests that Claim 10123 be reduced to and allowed as a general unsecured non-priority claim against ASEC Manufacturing General Partnership in the amount of $16,688.13. See Unrue Declaration ¶ 10.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging Claim 10393 in its entirety, (b) allowing Claim 10123 as a general unsecured non-priority claim in the amount of $16,688.13 against ASEC Manufacturing General Partnership, (c) ordering Heraeus Precious Metals to pay DPH-DAS LLC the total sum of $488,660.90 as settlement of the Receivable within 30 days of entry of the Claims Objection Hearing, and (d) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         August 26, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

   - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

# Exhibit A

                    **Hearing Date:  September 24, 2010**
                    **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

 - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                 :
  In re             :  Chapter 11
                 :
DPH HOLDINGS CORP., et al.,     :  Case No. 05-44481 (RDD)
                 :
     Reorganized Debtors.   :  (Jointly Administered)
                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DECLARATION OF DEAN UNRUE IN SUPPORT OF REORGANIZED
DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOFS
OF CLAIM NUMBERS 10123 AND 10393 (HERAEUS ENTITIES)

("UNRUE DECLARATION – HERAEUS ENTITIES")

Dean Unrue declares as follows:

1. DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors") are the successors of Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), former debtors and debtors-in-possession in these Chapter 11 cases. I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Number 10123 And 10393 (Heraeus Entities) (the "Supplemental Reply"). Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2. Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, and my experience with and knowledge of Delphi's relationship with the Heraeus Entities[1] (collectively, the "Claimant"). If I were called upon to testify, I could and would testify to the facts set forth herein.

3. Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against the Debtors in these Chapter 11 cases. I am responsible for, among other things, overseeing the investigation into and reconciliation of the Heraeus Entities' proof of claim number 10123 ("Claim 10123") and proof of claim number 10393 ("Claim 10393" and together with Claim 10123, the "Claims"). I have drawn the following conclusions relevant to the Claims:

---

[1] The Heraeus Entities include (a) Heraeus Amersil, Inc. aka Heraeus Tenevo ("Heraeus Amersil"), (b) Heraeus, Inc., Circuit Metals Division aka Heraeus Cermalloy, Inc., and Heraeus, Inc. Cermalloy Divison (collectively, "Heraeus Circuit Metals Division"), (c) Heraeus Precious Metals, LLC ("Heraeus Precious Metals"), (d) Heraeus Metal Processing, Inc. ("Heraeus Metal Processing"), and (e) Heraeus, Inc., Circuit Materials Division a/k/a Heraeus Cermalloy, Inc., and Heraeus, Inc., Cermalloy Divison (collectively, "Heraeus Circuit Materials Division").

2

Review Of The Claims

        4.      My staff routinely begins the investigation into a proof of claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

        5.      The Claimant asserts (i) in Claim 10393 that Mechatronics owes the Claimant $594,923.93 based on goods sold and (ii) in Claim 10123 that ASEC owes the Claimant $322,860.53 based on good sold. The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amount asserted in each Claim.

        6.      Claim 10393. After reconciling Claim 10393, Delphi objected to the claim on the Third Omnibus Claims Objection seeking to reduce the claim to $0.00 because it was duplicative of proof of claim number 10394. On September 28, 2007, Claim 10393 was capped at $0.00 pursuant to the this Court's Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9685).

        7.      In addition, Claim 10393 was duplicative of proof of claim number 10394 ("Claim 10394") which was asserted in the same exact amount as Claim 10393. Claim 10394 was ordered allowed as a general unsecured non-priority claim in the amount of $503,252.02 pursuant to this Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Expunging (A) Certain Salaried Pension And OPEB Claims, (B) Certain Wage And Benefit Claims, And (C) Certain Individual Workers' Compensation Books And Records Claims And (II) Modifying And Allowing Certain Claims (Docket No. 18932). Because the underlying claim asserted in Claim 10393 has been satisfied by the allowance of Claim 10394, Claim 10393

should be disallowed and expunged in its entirety.  Furthermore, as acknowledged in the attachment to Claim 10393, Heraeus Precious Metals owes DPH-DAS LLC the total sum of $488,660.90 as settlement of the Receivable.

8.    Claim 10123.  Based upon the Debtors' various accounts payable records, $306,172.40 of the amounts reflected in Claim 10123 have been paid due to cure payments made pursuant to section 365 of the Bankruptcy Code.  This cure payment was made in the form of wire number 3709300290JO0000, which was wired on October 17, 2008 to Heraeus Metal Processing.  Therefore, $306,172.40 should be subtracted from the amount claimed against ASEC.

9.    After taking into account the above-referenced deductions to Claim 10123, the Debtors reconciled Claim 10123 as illustrated in the following chart:

| Claimant's Asserted Amount | | $322,860.53 |
|---|---|---|
| Modifications | Cure Payment | ($306,172.40) |
| Reconciled Amount | | $16,688.13 |

10.   ASEC Manufacturing General Partnership does not dispute the remaining $16,688.13 of Claim 10123 and requests that Claim 10123 be reduced to and allowed as a general unsecured non-priority claim against ASEC Manufacturing General Partnership in the amount of $16,688.13.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

4

Executed on August 26, 2010 in Troy, Michigan.

*/s/ Dean Unrue*
Dean Unrue