**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
     In re                           :     Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,      :     Case No. 05-44481 (RDD)
                                    :
                                    :     (Jointly Administered)
              Reorganized Debtors.    :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 350
(BRIAN LEE PENLEY)

("SUPPLEMENTAL REPLY – BRIAN LEE PENLEY")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 350 (the "Supplemental Reply") filed by Brian Lee Penley and respectfully represent as follows:

<u>Preliminary Statement</u>

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates former debtors and debtors-in-possession (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On November 4, 2005, Mr. Penley filed proof of claim number 350 (the "Proof of Claim") against Delphi, which asserts an unsecured priority claim in the amount of $9,210.55 (the "Claim") stemming from the loss of Mr. Penley's tools.

3.      On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

4.      On November 24, 2006, Mr. Penley filed his response to the Third Omnibus Claims Objection (Docket No. 5932) (the "Response").

5.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified

Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.  Article 9.6(a) of the Modified

Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering,

disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in,

the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified

Plan, art. 9.6.

      6.     On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims

Objection Hearing With Respect To Debtors' Objection To Proof Of Claim Number 350 (Brian

Lee Penley) (Docket No. 20453), scheduling an evidentiary hearing on the merits of the Claim

for September 24, 2010,[1] at 10:00 a.m. (prevailing Eastern time) in this Court.

Argument

A.    <u>Delphi Corporation Does Not Owe Mr. Penley The Amount Asserted In The Proof Of Claim</u>

      7.     Mr. Penley has failed to provide sufficient evidence to support his claim.

The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of

claim does not include sufficient factual support, the proof of claim is not entitled to a

presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re WorldCom, Inc.</u>,

No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that

alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation

---

[1]   Pursuant to the Notice Of Rescheduling Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing (Docket No. 20417), the Thirty-Seventh Claims Hearing was rescheduled from September 14, 2010 to September 24, 2010.

to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d

Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support

claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial

burden of sufficiently alleging claim and establishing facts to support legal liability); In re

Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).  Even if the allegations in the Proof of Claim were

sufficient to make a prima facie claim, the Debtors have rebutted that claim by providing specific

evidence refuting the validity of the Claim.  To shift the burden of production back to a claimant,

a debtor must "refute at least one of the allegations that is essential to the claim's legal

sufficiency."  In re WorldCom, Inc.,  No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y.

2005) (citing  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)).  Here, the Debtors

have refuted the allegations that are essential to the Proof of Claim. The burden therefore

"reverts to the claimant to prove the validity of the claim by a preponderance of the evidence . . . .

The burden of persuasion is always on the claimant."  Id.  Here, Mr. Penley has not met that

burden.

        8.        Mr. Penley asserts in the Proof of Claim that Delphi owes him an

unsecured priority claim in the amount of $9,210.55 stemming from the loss of his personal tools

left on the premises of Delphi Electronics & Safety, a division of Delphi, following his October

2003 discharge from that company.  By contrast, as reflected in the declaration of Dean Unrue,

the Reorganized Debtors' do not owe Mr. Penley any amount.  (See Decl. Of Dean Unrue In

Supp. Of Debtors' Supplemental Reply (the "Unrue Decl."), attached hereto as Exhibit A.)[2]

9.      Following Mr. Penley's discharge, Delphi attempted to mail Mr. Penley

his tools, but Mr. Penley refused to accept delivery.  Unrue Decl. ¶ 6.  The items were sent back

to Delphi and subsequently could not be located.  Id.  Mr. Penley then filed a grievance with the

International Union, United Automobile, Aerospace and Agricultural Implement Workers of

America (the "UAW") protesting his discharge from Delphi and the loss of his personal tools.

Unrue Decl. ¶ 7. This grievance was settled between Delphi and the UAW, on behalf of Mr.

Penley, on April 29, 2004 based on Delphi's agreement to pay Mr. Penley $7,600.00.  Id.  A copy

of the settlement is attached to the Unrue Decl. as Exhibit 1.

10.     According to the "Settlement Between the Parties" dated April 29, 2004

(the "Settlement"), "all grievances or issues involved (including financial claims for missing

personal items) are considered settled between the parties and fully resolve any and all claims by

Mr. Brian Penley."  Unrue Decl. Exhibit 1.

11.     The UAW had authority to settle the grievance on behalf of Mr. Penley

under the collective bargaining agreement between Delphi Corporation and the UAW (the

"CBA").  Unrue Decl. ¶ 9.  Specifically, paragraph 53 of the CBA states that the "disposition or

settlement, by and between the Corporation and the Union, of any grievance or other matter,

shall constitute a full and complete settlement thereof and shall be final and binding upon the

Union and its members, the employee or employees involved and the Corporation."  A copy of

the relevant portion of paragraph 53 of the CBA is attached to the Unrue Decl. as Exhibit 2.  The

---

[2]      The Reorganized Debtors also expressly incorporate their entire Statement of Disputed Issues With Respect
to Proof of Claim No. 350 (Brian Lee Penley) (Docket No. 20479) into this Supplemental Reply.

Supreme Court has recognized the exclusive ability of a union to settle its members' grievances where a collective bargaining agreement so empowers the union. <u>Vaca v. Sipes</u>, 386 U.S. 171, 184, 191-94 (1967) (recognizing that a union must "make decisions as to the merits of particular grievances" in exercising its authority in deciding whether to settle grievances or pursue them to arbitration). Similarly, the National Labor Relations Board has recognized the ability of the UAW to settle grievances of its members. See <u>Local 909, Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. (UAW), AFL-CIO</u>, 325 N.L.R.B. 859 (1998) (UAW owes its members a duty of fair representation when settling their grievances). Thus, the Settlement is binding on Mr. Penley and he has no recourse against the Reorganized Debtors to pursue his Claim.

12.    Mr. Penley cashed the settlement checks totaling $4,609.01 (the net amount after withholdings from the $7,600.00 gross payment) and the checks cleared on July 1, 2005. Unrue Decl. ¶ 10. Copies of the cleared checks are attached to the Unrue Decl as Exhibit 3.[3]

13.    Prior to cashing the settlement checks, Mr. Penley mailed a letter to Delphi dated June 14, 2004 seeking clarification regarding the checks. Unrue Decl. ¶ 11. A copy of Mr. Penley's letter is attached to the Unrue Decl. as Exhibit 5. On June 18, 2004, a representative of Delphi responded to Mr. Penley's letter stating that it is "Management's position that the checks received by you totally settled all grievances or issues (including financial claims

---

[3]    Mr. Penley made the following notation on the back of the settlement checks: "I do not acknowledge this as payment in full for tools lost while in Delphi's possession." Because the UAW settled the grievance on behalf of Mr. Penley and the checks were issued in accordance with the Settlement, this notation does not alter the Settlement.

for missing personal items) as stated on the settlement." A copy of Delphi's response to Mr. Penley's letter is attached to the Unrue Decl. as Exhibit 6.

14.    However, despite the Settlement, on July 11, 2005, Mr. Penley filed a small claims lawsuit in Hamilton County, Indiana seeking further payment for the loss of his tools. The lawsuit was stayed on October 18, 2005 due to Delphi's bankruptcy. Unrue Decl. ¶ 11.

15.    Because Mr. Penley cashed the settlement checks, and pursuant to the Settlement, no liability exists against the Reorganized Debtors for any amounts that Mr. Penley asserts in the Proof of Claim. Accordingly, the Claim should be disallowed and expunged in its entirety.

B.    <u>Mr. Penley Provides No Basis For Priority Under 11. U.S.C. § 507(a) On The Amounts Asserted In The Proof Of Claim</u>

16.    Mr. Penley asserts an unsecured priority claim on the Proof of Claim yet provides no support indicating why the Claim is entitled to priority under 11 U.S.C. § 507(a). The Reorganized Debtors are not aware of any reason why Mr. Penley's claims should be entitled to priority. Accordingly, while the Proof of Claim should be disallowed and expunged, in the event it is not, it should be modified from an unsecured priority claim to a general unsecured non-priority claim.

17.    For all the reasons discussed above, the Reorganized Debtors are not liable to Mr. Penley for any amount and the Claim should be disallowed and expunged in its entirety. However, if this Court finds – and the Reorganized Debtors believe there is no basis for such a finding – that the Proof of Claim should be allowed, the Reorganized Debtors request the Proof of Claim be allowed as a general unsecured non-priority claim. The Reorganized Debtors reserve all of their rights to (a) supplement this Supplemental Reply in the event that Mr.

Penley files any additional pleading in connection with this matter and (b) assert that Mr. Penley

has not followed the claim objection procedures approved by this Court.

       WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) disallowing and expunging the Proof of Claim in its entirety, or if the Court finds the

Proof of Claim shout not be disallowed and expunged, allowing the Proof of Claim as a general

unsecured non-priority claim and (b) granting the Reorganized Debtors such other and further

relief as is just.

Dated:    New York, New York
        August 26, 2010

                      SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                    By:   /s/ John Wm. Butler, Jr.
                        John Wm. Butler, Jr.
                        John K. Lyons
                        Ron E. Meisler
                    155 North Wacker Drive
                    Chicago, Illinois 60606

                        - and -

                    Four Times Square
                    New York, New York 10036

                    Attorneys for DPH Holdings Corp., et al.,
                      Reorganized Debtors

# Exhibit A

Hearing Date:  September 24, 2010
Hearing Time:  10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
            In re                                       :    Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                                                        :    (Jointly Administered)
            Reorganized Debtors.                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF DEAN UNRUE IN SUPPORT OF SUPPLEMENTAL
REPLY WITH RESPECT TO PROOF OF CLAIM NO. 350
(BRIAN LEE PENLEY)

("UNRUE DECLARATION – BRIAN LEE PENLEY")

Dean Unrue declares as follows:

1.      DPH Holdings Corp. and certain of its affiliated reorganized debtors (the

"Reorganized Debtors") are the successors to Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates (the "Debtors"), former debtors and debtors-in-possession in these

Chapter 11 cases.  I submit this declaration in support of the Reorganized Debtors' Supplemental

Reply With Respect To Proof Of Claim Number 350 (the "Supplemental Reply") filed by Brian

Lee Penley.  Capitalized terms not otherwise defined in this declaration have the meanings

ascribed to them in the Supplemental Reply.

2.      Except as otherwise indicated, all facts set forth in this declaration are

based upon my personal knowledge, my review of relevant documents and data, my opinion,

knowledge obtained from Delphi employees reporting to me and upon which and whom I rely in

the regular course of performing our respective duties on behalf of the Reorganized Debtors, and

my experience with and knowledge of Delphi's relationship with Mr. Penley.  If I were called

upon to testify, I could and would testify to the facts set forth herein.

3.      Since May 2006, I have served as the senior Delphi Claims Administrator,

responsible for overseeing the reconciliation and settlement of all proofs of claim filed against

Delphi in these Chapter 11 cases.  I am responsible for, among other things, overseeing the

investigation into and reconciliation of Mr. Penley's proof of claim number 350 (the "Proof of

Claim").  Based on the information provided to me, I have drawn the following conclusions

relevant to the Proof of Claim:

4.      My staff routinely begins the investigation into a claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

5.      Mr. Penley asserts in the Proof of Claim that Delphi owes him an unsecured priority claim in the amount of $9,210.55 stemming from the loss of his personal tools left on the premises of Delphi Electronics & Safety, a division of Delphi.  I believe that the liability asserted in the Proof of Claim is not owing.

6.      Following Mr. Penley's discharge, Delphi attempted to mail Mr. Penley his tools, but Mr. Penley refused to accept delivery.  The items were sent back to Delphi and subsequently could not be located.

7.      Mr. Penley filed a grievance with UAW protesting his discharge from Delphi and the loss of his personal tools.  This grievance was settled between Delphi and the UAW on April 29, 2004 based on Delphi's agreement to pay Mr. Penley $7,600.00 as reflected on the Settlement Between the Parties dated April 29, 2004, attached hereto as Exhibit 1.

8.      According to the "Settlement Between the Parties," "all grievances or issues involved (including financial claims for missing personal items) are considered settled between the parties and fully resolve any and all claims by Mr. Brian Penley." Exhibit 1.

9.      The union had authority to settle the grievance on behalf of Mr. Penley under the collective bargaining agreement between Delphi Corporation and the UAW (the "CBA").  Specifically, paragraph 53 of the CBA states that the "disposition or settlement, by and between the Corporation and the Union, of any grievance or other matter, shall constitute a full and complete settlement thereof and shall be final and binding upon the Union and its members,

3

the employee or employees involved and the Corporation." A copy of the relevant portion of paragraph 53 of the CBA is attached hereto as Exhibit 2.

        10.    Mr. Penley cashed the settlement checks totaling $4,609.01 (the net amount after withholdings from the $7,600.00 gross payment) and the checks cleared on July 1, 2005.  A copy of the cashed checks is attached hereto as Exhibit 3 and a copy of the Hourly Supplemental Draft Form showing the amount withheld for tax purposes is attached hereto as Exhibit 4.

        11.    Prior to cashing the checks, Mr. Penley mailed a letter to Delphi dated June 14, 2004 seeking clarification regarding the settlement checks. Mr. Penley's letter is attached hereto as Exhibit 5.  On June 18, 2004, a representative of Delphi responded to Mr. Penley's letter stating that it is "Management's position that the checks received by you totally settled all grievances or issues (including financial claims for missing personal items) as stated on the settlement."  Delphi's response to Mr. Penley's letter is attached hereto as Exhibit 6.

        12.    On July 11, 2005, Mr. Penley filed a small claims lawsuit in Hamilton County, Indiana seeking further payment for the loss of his tools.  The lawsuit was stayed on October 18, 2005 due to Delphi's bankruptcy.

        13.    Because Mr. Penley cashed the settlement checks, and pursuant to the Settlement, the Reorganized Debtors believe that no liability exists for any amounts that Mr. Penley asserts in the Proof of Claim.  Accordingly, I believe that no amounts are due to Mr. Penley.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the

foregoing statements are true and correct.

Executed on August 26, 2010 in Troy, Michigan.

*/s/Dean Unrue*
Dean Unrue

## **Exhibit 1**

**Redacted**

<u>**Settlement Between the Parties**</u>

Date 4-29-04

Based upon an Agreement reached between the parties, on the above indicated date, all

grievances or issues involved (including financial claims for missing personal items) are

considered settled between the parties and fully resolve any and all claims by Mr. Brian

Penley, SS# **Redacted**

_____        _____
Union                                   Management

_____        _____

**Exhibit 2**



*Agreement*

**Between**

**DELPHI
CORPORATION**

**and the**

**UAW**

DELPHI    UAW

*September 18, 2003*

**(Effective October 6, 2003)**

(53) There shall be no appeal from the Umpire's decision, which will be final and binding on the Union and its members, the employee or employees involved and the Corporation. The Union will discourage any attempt of its members, and will not encourage or cooperate with any of its members, in any appeal to any Court or Labor Board from a decision of the Umpire.

With respect to the processing, disposition and/or settlement of any grievance initiated under the Grievance Procedure Section of this Agreement, and with respect to any court action claiming or alleging a violation of this Agreement or any local or other agreement amendatory or supplemental hereto, the Union shall be the sole and exclusive representative of the employee or employees covered by this Agreement. The disposition or settlement, by and between the Corporation and the Union, of any grievance or other matter, shall constitute a full and complete settlement thereof and shall be final and binding upon the Union and its members, the employee or employees involved and the Corporation.

Neither the Corporation, nor the Union, nor any employee or group of employees, may initiate or cause to be initiated or press any court action claiming or alleging a violation of this Agreement or any local or other agreement amendatory or supplemental hereto, where such claim is also the subject matter of a grievance which is then open at any step of this grievance procedure.

No employee or former employee shall have any right under this Agreement in any claim, proceeding, action or otherwise on the basis, or by reason, of any claim that the Union or any Union officer or representative has acted or failed to act relative to presentation, prosecution or settlement of any grievance

41

**<u>Exhibit 3</u>**

Redacted



Redacted



Redacted

```
Posted    : 06/30/2005
Bank      : 0002
R/T       : 7240478
Account   : Redacted
Check     :
Amount    : 609.01
DIN       : 64048430
```

**Redacted**



**Redacted**



**Redacted**

Posted   : 06/30/2005
Bank     : 0002
R/T      :
Account  : **Redacted**
Check    : 8045592
Amount   : 2000.00
DIN      : 64048431

Redacted





```
Posted    : 06/30/2005
Bank      : 0002
R/T       : Redacted
Account   :
Check     : 8045593
Amount    : 2000.00
DIN       : 64048429
```

**<u>Exhibit 4</u>**

HOURLY SUPPLEMENTAL DRAFT FORM

*dated 6/24/05*

KOKOMO

SUPPLE #  28

55967

ROLL:  20

NAME  Brian L. Penley

| REGULAR | SA / WC | OFFCYCLE |
|---|---|---|
| X | | |

SS#  **Redacted**

Type of replacement  RU

W/E DATE  5/16/2004
Note: This is the 2nd re-issue for these checks.

CANCELED DRAFT
NUMBER: 730078-
730080

REPLACEMENT DRAFT
NUMBER: 8045592-
8045594

NET CHANGE

| | HOURS | MONEY | | HOURS | MONEY | | HOURS | MONEY |
|---|---|---|---|---|---|---|---|---|
| STRAIGHT TIME | | | | | | | | |
| OVERTIME | | | | | | | | |
| SHIFT PREMIUM | | | | | | | | |
| COLA | | | | | | | | |
| APPRENTICE | | | | | | | | |
| BREAVEMENT | | | | | | | | |
| GRIEVANCE | | | | | | | | |
| HOLIDAY PAY | | 7,600.00 | | | 7,600.00 | | | |
| JURY DUTY | | | | | | | | |
| MILITARY PAY | | | | | | | | |
| SWW - SCHEDULED | | | | | | | | |
| SWW - UNSCHEDULED | | | | | | | | |
| INDEPENDENCE WEEK | | | | | | | | |
| VACATION ENTITLEMENT | | | | | | | | |
| OTHER CODE=> | | | | | | | | |
| ENTER CODE: | | | | | | | | |

| | HOURS | MONEY | | HOURS | MONEY | | HOURS | MONEY |
|---|---|---|---|---|---|---|---|---|
| GROSS PAY | | 7,600.00 | | | 7,600.00 | | | |
| PERSONAL SAVINGS PLAN | | | | | | | | |
| ADJUSTED GROSS PAY | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| FICA SS TAX | | 471.20 | | | 471.20 | | | |
| FICA HI TAX | | 110.20 | | | 110.20 | | | |
| FEDERAL TAX | | 2,064.13 | | | 2,064.13 | | | |
| STATE TAX CODE | 1300 | 256.44 | | 1300 | 256.44 | | | |
| LOCAL TAX CODE | 1369 | 76.00 | | 1369 | 76.00 | | | |
| LOCAL TAX CODE' | | | | | | | | |
| LOCAL TAX CODE' | | | | | | | | |
| ADVANCE (ADV) | | | | | | | | |
| APPRENTICE TOOL (APPT) | | | | | | | | |
| BOND | | | | | | | | |
| CHARITY (CHRU/CHAR) | | | | | | | | |
| CREDIT UNION (CU) | | | | | | | | |
| DEPENDENT GROUP LIFE (DGLI/DLI) | | | | | | | | |
| FICA RECOVERY (FIRR) | | | | | | | | |
| AUTO LOAN (GMAL) | | | | | | | | |
| GMAC INVESTMENT (GMEI) | | | | | | | | |
| GMAC MORTGAGE (GMMP) | | | | | | | | |
| HEALTH CARE DEP (HSM/HSMD) | | | | | | | | |
| INSURANCE (INS) | | | | | | | | |
| LAUNDRY (LDRY) | | | | | | | | |
| MERCHANDISE (MRCH) | | | | | | | | |
| OPTIONAL LIFE (OGLI/OLI) | | | | | | | | |
| OVERPAYMENT (OPAY) | | | | | | | | |
| POLITICAL ACTION (PAC) | | | | | | | | |
| PERSONAL ACCIDENT INS (PAI) | | | | | | | | |
| PLANT ACTIVITY (PLNT) | | | | | | | | |
| PERSONAL SAVINGS PLAN (PSP) | | | | | | | | |
| PSP LOAN REPAY (PSPL) | 4 | 13.02 | | 4 | 13.02 | | | |
| RECOVERY (RCVR) | | | | | | | | |
| RELOCATION (RELO) | | | | | | | | |
| S&A REPAY (SARE) | | | | | | | | |
| SAFETY GLASSES (SGLS) | | | | | | | | |
| SAFETY SHOES (SS/SON) | | | | | | | | |
| SUB REPAY (SUBR) | | | | | | | | |
| UNION DUES (UD/UDDB) | | | | | | | | |
| WAGE ATTACHMENT (WATT) | | | | | | | | |
| WATT FEE | | | | | | | | |
| ENTER CODE | | | | | | | | |
| OTHER CODE> | | | | | | | | |
| TOTAL DEDUCTIONS | | 2,990.99 | | | 2,990.99 | | | |
| NET PAY - REGULAR / EFT | | 4,609.01 | | | 4,609.01 | | | |

8045592 · 2000.⁰⁰
8045593 · 2000.⁰⁰   } *Cleared*
8045594 · 609.01 /      7/1/05

**<u>Exhibit 5</u>**

# BRIAN PENLEY

2918 East State Road 38
Westfield, IN 46074
317-877-0239

June 14, 2004

Delphi Delco
Att: Doug Ednie
Labor Relations
One Corporate Center
P.O. Box 9005
Kokomo, IN 46904-9005

Dear Mr. Edney,

The reason for this letter is to get clarification on the grievance checks I received. As you know I am appealing this grievance to the International Union. I need **in writing** from you clarification as to what to do with the checks I received. In particular I need to know if I am bound by the agreement between the company and the unions settlement of my grievance if I cash the checks and if so how do I go about returning the checks to the company. The Union has already stated if I cash the checks it has no bearing on my appeal on their end.

I will expect a reply to this request **in writing** by no later than June 30, 2004. This will give you ample time to respond to this request for clarification.

Sincerely,

Brian L. Penley

## Exhibit 6

# DELPHI

Delco Electronics Systems

June 18, 2004

Brian Penley
2918 E. State Rd. 38
Westfield, IN  46074

Dear Mr. Penley,

In response to your letter dated June 14, 2004, Management agrees with the Union's statement that if the checks are cashed or not cashed has no bearing on your appeal. Please be aware that the checks are void 90 (ninety) days from date of issue if not cashed. You will also find this information regarding timeliness printed on the checks. Additionally, I must reiterate Management's position that the checks received by you totally settled all grievances or issues (including financial claims for missing personal items) as stated on the settlement.

I hope this letter has addresses your concerns; if not, please feel free to contact me.

Sincerely,

*Doug Ednie*

Doug Ednie

cs & Safety

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Brian Penley
2918 E. State Rd. 38
Westfield, IN
        46074

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)    7003 1680 0007 2234 3907

S Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540