August 15, 2010

To:    Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
Brieant Federal Building
Courtroom 118
300 Quarropas Street
White Plains, NY
10601-4140

Attn:    To the chambers of the Honorable Judge Robert D. Drain

From:  William B. Gifford
538 W. Taylor
Kokomo, Indiana 46901
Cell: 765-513-4889
e-mail: wbgifford@aol.com

Reference:
DPH Holdings Corp., et al., Reorganized Debtors
Chapter 11 – Case no. 05-44481
Court Dockets #24062 and #20463

Dear Judge Drain:

    First of all I apologize if this letter of Objection is not in the proper court format. But I am writing with respect to the two above dockets. Particularly Docket # 20462 the "Motion of the VEBA Committee for the Delphi Salaried Retirees Association Benefit Trust Pursuant To 11 U.S.C. (sec) 105 And The Salaried OPEB Settlement Order To (I) Compel The Official Committee Of Eligible Salaried Retirees To File It's Final Report With The Court Pursuant To The Terms Of The Salaried OPEB Settlement Order; And, (II) To Direct The Office Of The United States Trustee To Disband <u>The Official Committee Of Eligible Salaried Retirees</u>."

    I, William B. Gifford have filed written papers with the court to object to the said above motions. I, William B. Gifford would like the court to consider my views on the motion and consider this as an objection to the motion. My views and objections for consideration:

1.    I object to the DSRA Benefit Trust VEBA Committee's motion to the court compelling the Official Committee of Eligible Salaried Retirees (the "1114 Committee") to file their final report, for the following reasons:
    a.    The 1114 Committee has made numerous requests for information from the DSRA VEBA Committee so that a report could be filed. The requested information was only partially furnished to the 1114 Committee. Request for additional information has been ignored.
    b.    Based on information provided to the 1114 committee by the DSRA VEBA Committee very little of the settlement funds have been spent.
    c.    Complete detail information pertaining to some of the Setup Funds Expenses still have not been provided to the 1114 Committee by the DSRA VEBA Committee.

August 15, 2010

2.    I object to the DSRA VEBA Committee flagrantly violating the Trust Agreement they have with the 1114 Committee.
    a.    Appointed non-Delphi Salaried Retirees to the DSRA VEBA Board of Directors with full voting rights.
    b.    Disallowed replacements identified by the 1114 Committee for the DSRA VEBA Board of Directors.
    c.    Refused to provide 1114 Committee attorney expenses when requested.
    d.    Refused to provide transparency of information to the 1114 Committee when requested.
    e.    When these violations and others were brought to the attention of the DSRA VEBA Committee the majority chose to disregard the violations and continue their chosen direction.

3.    I object to their unprofessional treatment of the vendors contracted by the 1114 Committee:
    a.    They have treated the insurance broker, the third party administrator very unprofessionally both privately and publicly.
    b.    Have tried to break the contracts with the insurance broker and the third party administrator, at a great cost to the Trust Fund and to the retirees.
    c.    Continues to try and bring another insurance broker in to replace the insurance broker that is currently under contract with the DSRA VEBA Committee.

4.    I object to the fact that on numerous occasions they have violated their own bylaws. (When the Trust Agreement and the Bylaws do not agree the Trust Agreement has primacy which is ignored).

5.    I object to the fact that the majority (including the non-Delphi Salaried Retirees) pressured, ignored or voted off those board members that disagreed with the DSRA VEBA Committee leadership. The minority members who attempted to follow the Trust Agreement and the Bylaws for the benefit of the retirees.

6.    I object to the fact that the DSRA VEBA Committee failed to invest the funds in proper and acceptable methods to maximize the interest on over $8 million dollars that the Retirees Committee negotiated with the debtor. This created a loss to the beneficiaries.

7.    I object to the fact that the DSRA VEBA Committees total disregard of both the Trust Agreement and the Bylaws, setting up so they could elect to possibly use part of the Trust Funds for VEBA Committee member compensation.

For the above reasons I suggest that:

1.    The 1114 Committee should not be compelled to file their "Final Report" until the above issues have been resolve to the satisfaction of the 1114 Committee.

2.    The 1114 Committee not be disbanded until their "Final Report" has been filed with the court.

3.    That the 1114 Committee be assigned by the court to restructure or fix the problems with the DSRA BT VEBA Committee, the Trust Agreement and the Bylaws.

August 15, 2010

Judge Drain, when I volunteered to be a member of the Official Committee of Eligible Salaried Retirees (1114 Committee) it was not for personal gain, power or the lime light, it was to help about 15,000 Delphi Salaried Retirees. There is a problem with the leadership of this VEBA, and I am asking for the courts help in fixing this problem for those 15,000 retirees.

Respectfully,

William B. Gifford

Member of the
Official Committee
of Eligible Salaried Retirees


cc:
Timothy T. Brock, Esq.
SARRERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 818-9200

Patricia L. Beaty, Esq.
KRIEG DEVAULT LLP
Indianapolis, IN 46204
(317)-636-4341

Dean M. Gloster, Esq
FARELLA BRAUN + MARTEL LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4472

William B. Gifford
538 W. Taylor
Kokomo, Indiana 46901
(765) 513-4889

**Hearing Date: August 27, 2010 at 10:00 a.m.**

*A Member of the Official Committee of Eligible Salaried Retirees*

*A Delphi Salaried Retiree Association Benefit Trust Beneficiary,*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                                                     :
In re                                                :    Chapter 11
                                                     :
DPH Holdings Corp., et al.,                          :    Case No. 05-44481 (RDD)
                                                     :
Reorganized Debtors.                                 :    (Jointly Administered)
                                                     :
-----------------------------------------------------x

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of:

**OBJECTION TO APPROVAL OF THE MOTION OF THE VEBA COMMITTEE FOR THE DELPHI SALARIED RETIREES ASSOCIATION BENEFIT TRUST PURSUANT TO 11 U.S.C.§ 105 AND THE SALARIED OPEB SETTLEMENT ORDER TO (I) COMPEL THE OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES TO FILE ITS FINAL REPORT WITH THE COURT PURSUANT TO THE TERMS OF THE SALARIED OPEB SETTLEMENT ORDER; AND, (II) TO DIRECT THE OFFICE OF THE UNITED STATES TRUSTEE TO DISBAND THE OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES**

Filed by:   **William B. Gifford**, A Delphi Salaried Retiree Association Benefit Trust Beneficiary, Objecting pro-se

Was served via United States Priority Mail to the parties listed on Exhibit A, and via United States First Class Mail to the parties listed on Exhibit B on Tuesday, August 17, 2010.


Dated: August 17, 2010

*[signature]*

William B. Gifford
538 W. Taylor
Kokomo, Indiana 46901
(765) 513-4889

# Exhibit A

**Service via United States Priority Mail:**

The Honorable Robert D. Drain
US Bankruptcy Court, S.D.N.Y.
Courtroom 118
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4140

# Exhibit B

**Service via United States First Class Mail:**

Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
 (Attn: Timothy T. Brock and Abigail Snow)


Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204
(Attn: Patricia L. Beaty)