IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

In re                           :       Chapter 11

                                   :

DPH HOLDINGS CORP., et al.,     :       Case No. 05-44481 (RDD)

                                   :

            Reorganized Debtors.    :       (Jointly Administered)

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>AFFIDAVIT OF SERVICE</u>

      I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

      On August 26, 2010, I caused to be served the documents listed below (i) upon the parties listed on <u>Exhibit A</u> hereto via electronic notification, and (ii) upon the party listed on <u>Exhibit B</u> hereto via postage pre-paid U.S. mail:

1)  Reorganized Debtors' Second Supplemental Reply to Response of Claimant to Reorganized Debtors' Objection to Administrative Expense Claim Number 19168 Filed by Michigan Funds Administration ("Second Supplemental Reply Regarding Claim Filed by Michigan Funds Administration") (Docket No. 20547) [a copy of which is attached hereto as <u>Exhibit C</u>]

2)  Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proofs of Claim Numbers 1294 and 1301 Filed by Ohio Bureau of Workers' Compensation ("Notice of Adjournment of Claims Objection Hearing as to Proofs of Claim Numbers 1294 and 1301") (Docket No. 20549) [a copy of which is attached hereto as <u>Exhibit D</u>]

3)  Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Numbers 10504, 10686, 11045, 11981, 11982, 11984, 11986, 11987, and 11990 and Reorganized Debtors' Objection to Proofs of Administrative Expense Claim Numbers 19797, 19798, 19799, 19800, and 19802 (Docket No. 20552) [a copy of which is attached hereto as <u>Exhibit E</u>]

4)  Reorganized Debtors' Supplemental Reply with Respect to Proof of Administrative Expense Claim Number 17330 (Randy D. Austin) ("Supplemental Reply - Randy D. Austin") (Docket No. 20553) [a copy of which is attached hereto as <u>Exhibit F</u>]

5) Reorganized Debtors' Supplemental Reply with Respect to Proofs of Claim Numbers 10123 and 10393 (Heraeus Entities) ("Supplemental Reply - Heraeus Entities") (Docket No. 20554) [a copy of which is attached hereto as <u>Exhibit G</u>]

6) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 10835 (Dennis Dashkovitz) ("Supplemental Reply - Dennis Dashkovitz) (Docket No. 20555) [a copy of which is attached hereto as <u>Exhibit H</u>]

7) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 9396 (David Lyons) ("Supplemental Reply - David Lyons") (Docket No. 20556) [a copy of which is attached hereto as <u>Exhibit I</u>]

8) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 12251 (Steven Streeter) ("Supplemental Reply - Steven Streeter") (Docket No. 20557) [a copy of which is attached hereto as <u>Exhibit J</u>]

9) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 7658 (Robert Stasik) ("Supplemental Reply - Robert Stasik") (Docket No. 20558) [a copy of which is attached hereto as <u>Exhibit K</u>]

10) Reorganized Debtors' Supplemental Reply with Respect to Proof of Administrative Expense Claim No. 19601 (Terry L. Roe) ("Supplemental Reply - Terry L. Roe") (Docket No. 20559) [a copy of which is attached hereto as <u>Exhibit L</u>]

11) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 350 (Brian Lee Penley) ("Supplemental Reply - Brian Lee Penley") (Docket No. 20560) [a copy of which is attached hereto as <u>Exhibit M</u>]


On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit N</u> hereto via overnight mail:

12) Reorganized Debtors' Second Supplemental Reply to Response of Claimant to Reorganized Debtors' Objection to Administrative Expense Claim Number 19168 Filed by Michigan Funds Administration ("Second Supplemental Reply Regarding Claim Filed by Michigan Funds Administration") (Docket No. 20547) [a copy of which is attached hereto as <u>Exhibit C</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit O</u> hereto via overnight mail:

13) Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proofs of Claim Numbers 1294 and 1301 Filed by Ohio Bureau of Workers' Compensation ("Notice of Adjournment of Claims Objection Hearing as to Proofs of Claim Numbers 1294 and 1301") (Docket No. 20549) [a copy of which is attached hereto as <u>Exhibit D</u>]

On August 26, 2010, I caused to be served the document listed below (i) upon the parties listed on <u>Exhibit P</u> hereto via overnight mail and (ii) upon the parties listed on <u>Exhibit Q</u> hereto via electronic notification:

14) Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Numbers 10504, 10686, 11045, 11981, 11982, 11984, 11986, 11987, and 11990 and Reorganized Debtors' Objection to Proofs of Administrative Expense Claim Numbers 19797, 19798, 19799, 19800, and 19802 (Docket No. 20552) [a copy of which is attached hereto as <u>Exhibit E</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit R</u> hereto via overnight mail:

15) Reorganized Debtors' Supplemental Reply with Respect to Proof of Administrative Expense Claim Number 17330 (Randy D. Austin) ("Supplemental Reply - Randy D. Austin") (Docket No. 20553) [a copy of which is attached hereto as <u>Exhibit F</u>]

On August 26, 2010, I caused to be served the document listed below upon the parties listed on <u>Exhibit S</u> hereto via overnight mail:

16) Reorganized Debtors' Supplemental Reply with Respect to Proofs of Claim Numbers 10123 and 10393 (Heraeus Entities) ("Supplemental Reply - Heraeus Entities") (Docket No. 20554) [a copy of which is attached hereto as <u>Exhibit G</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit T</u> hereto via overnight mail:

17) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 10835 (Dennis Dashkovitz) ("Supplemental Reply - Dennis Dashkovitz) (Docket No. 20555) [a copy of which is attached hereto as <u>Exhibit H</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit U</u> hereto via overnight mail:

18) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 9396 (David Lyons) ("Supplemental Reply - David Lyons") (Docket No. 20556) [a copy of which is attached hereto as <u>Exhibit I</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit V</u> hereto via overnight mail:

19) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 12251 (Steven Streeter) ("Supplemental Reply - Steven Streeter") (Docket No. 20557) [a copy of which is attached hereto as <u>Exhibit J</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit W</u> hereto via overnight mail:

20) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 7658 (Robert Stasik) ("Supplemental Reply - Robert Stasik") (Docket No. 20558) [a copy of which is attached hereto as <u>Exhibit K</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit X</u> hereto via overnight mail:

21) Reorganized Debtors' Supplemental Reply with Respect to Proof of Administrative Expense Claim No. 19601 (Terry L. Roe) ("Supplemental Reply - Terry L. Roe") (Docket No. 20559) [a copy of which is attached hereto as <u>Exhibit L</u>]

On August 26, 2010, I caused to be served the document listed below upon the party listed on <u>Exhibit Y</u> hereto via overnight mail:

22) Reorganized Debtors' Supplemental Reply with Respect to Proof of Claim No. 350 (Brian Lee Penley) ("Supplemental Reply - Brian Lee Penley") (Docket No. 20560) [a copy of which is attached hereto as <u>Exhibit M</u>]

On August 27, 2010, I caused to be served the document listed below upon the parties listed on Exhibit Z hereto via overnight mail:

23) Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Numbers 10504, 10686, 11045, 11981, 11982, 11984, 11986, 11987, and 11990 and Reorganized Debtors' Objection to Proofs of Administrative Expense Claim Numbers 19797, 19798, 19799, 19800, and 19802 (Docket No. 20552) [a copy of which is attached hereto as Exhibit E]

Dated: August 31, 2010

_____/s/ Darlene Calderon_____
Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 31st day of August, 2010, by Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____/s/ Aimee M. Parel_____

Commission Expires:_ 9/27/13_____

# EXHIBIT A

DPH Holdings Corp.

Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Deborah L. Thorne Kathleen L. Matsoukas | One N Wacker Drive | Suite 4400 | Chicago | IL | 60606 | 312-357-1313 | dthorne@btlaw.com kmatsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Delphi Automotive Systems LLP | Sean Corcoran Karen Craft David M. Sherbin | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com david.sherbin@delphi.com | Delphi Automotive Systems LLP |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | john.brooks@delphi.com | Reorganized Debtors |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com rweiss@honigman.com | Counsel to General Motors Corporation |
| Ruskin Moscou Faltischek PC | Jeffrey A. Wurst, Esq. | 1425 RXR Plaza | 15th Floor | Uniondale | NY | 11556 | 516-663-6535 | jwurst@rmfpc.com | |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Weil, Gotshal & Manges LLP | Harvey R. Miller Robert J. Lemons | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com robert.lemons@weil.com | Counsel to General Motors Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:19 PM
Post-Emergence Master Service List 100820.xlsx Email (7)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Christina M. Padien | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-229-1000 | cpadien@akingump.com | Counsel to Wamco, Inc. |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alliance for Sustainable Energy LLC | National Renewable Energy Laboratory | Jim Martin Senior Attorney | 1617 Golden Blvd MS 1734 | Golden | CO | 80401 | | 303-384-7497 | jim.martin@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | Damon R Leichty | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | damon.leichty@btlaw.com | Counsel to Bank of America, N.A. |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | David M. Powlen | 1000 N West Street | Suite 1200 | Wilmington | DE | 19801 | | 302-888-4536 | david.powlen@btlaw.com | Counsel to Howard County, Indiana |
| Barnes & Thornburg LLP | Deborah L. Thorne | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | deborah.thorne@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | jgregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America; Continental AG and Affiliates |
| Barnes & Thornburg LLP | Kathleen L. Matsoukas | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | kathleen.matsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions); Howard County, Indiana |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Sarah Quinn Kuhny | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | sarah.kuhny@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bendinelli Law Office PC | Jerry Sumner | 11184 Huron Street | Suite 10 | Denver | CO | 80234 | | 303-940-9900 | js@colawfirm.com michelle@colawfirm.com | Counsel to Jose C Alfaro |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Patrick M. Costello, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | pcostello@bbslaw.com | Solectron Corporation; Solectron de Mexico SA de CV; Solectron Invotronics and Coherent, Inc. |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to  Veritas Software Corporation |
| Bingham McCutchen LLP | Kate K Simon | One State Street | | Hartford | CT | 06103 | | 860-240-2700 | kate.simon@bingham.com | Counsel to Sumitomo Corporation and Sumitomo Corp. of America |
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimilliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | Peter S. Russ | 620 Eighth Ave | 23rd Floor | New York | NY | 10018 | | 212-440-4400 | peter.russ@bipc.com | Counsel to ATEL Leasing Corp. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Butzel Long | Cynthia J. Haffey | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-983-7434 | haffey@butzel.com | Counsel to Delphi Corporation |
| Butzel Long | Donald V. Orlandoni | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-225-7063 | orlandoni@butzel.com | Counsel to Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Cantor Colburn LLP | Michael J Rye | 20 Church Street | 22nd Floor | Hartford | CT | 06103-3207 | | 860-286-2929 | mrye@cantorcolburn.com | Patent Counsel to Delphi Corporation et al., Debtors and Debtors-in-Possession |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com mreed@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1547 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Robert D. Nachman | 10 South Wacker Drive | Suite 2300 | Chicago | IL | 60606 | | 312-876-1700 | rnachman@dykema.com | Counsel to MJ Celco, Inc. |
| Dykema Gossett PLLC | Sharon A. Salinas | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-2199 | ssalinas@dykema.com | Counsel to Tremont City Barrel Fill PRP Group |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 6 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Ann Marie Uetz | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | auetz@foley.com | Counsel to PBR Tennessee |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | John R. Trentacosta Katherine R. Catanese | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jtrentacosta@foley.com kcatanese@foley.com | Counsel to Kautex Inc. |
| Fox Rothschild LLP | Brian Isen | 1301 Atlantic Avenue | | Atlantic City | NJ | 08401 | | 609-348-2294 | bisen@foxrothschild.com | Counsel to M&Q Plastic Products L.P. |
| Fox Rothschild LLP | Fred Stevens | 100 Park Avenue | 15th Floor | New York | NY | 10017 | | 212-878-7900 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Frost Brown Todd LLC | Ronald E. Gold | 2200 PNC Center | 201 East Fifth Street | Cincinnati | OH | 45202-4182 | | 513-651-6156 | rgold@fbtlaw.com | Counsel to AKS Receivables, LLC |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 7 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|-----------------|
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbeler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Intermet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incoporated; Baker Petrolite Corporation |
| Haskell Slaughter Young & Rediker LLC | Robert H. Adams | 2001 Park Place North | Suite 1400 | Birmingham | AL | 35203 | | 205-251-1000 | rha@hsy.com | Counsel to Simco Construction, Inc. |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 8 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Hogan Lovells US LLP | Matthew P Morris | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | matthew.morris@hoganlovells.com | Counsel to TESA AG |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | I. W. Winsten, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7608 | iww@honigman.com | Counsel to Affina Group Holdings Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Ice Miller LLP | Henry A. Efroymson | One American Square | 29th Floor | Indianapolis | IN | 46482 | | 317-236-2397 | henry.efroymson@icemiller.com | Counsel to Fin Machine Co. Ltd |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kerr Russell & Weber PLC | James E. DeLine | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | jed@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| Kerr Russell & Weber PLC | Patrick Warren Hunt | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | pwh@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| King & Spalding, LLP | Daniel Egan | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | degan@kslaw.com | Counsel to KPMG LLP |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | David Spiegel | 300 North LaSalle | | Chicago | IL | 60654 | | 312-862-2000 | david.spiegel@kirkland.com | |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 11 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Kramer Levin Naftalis & Frankel LLP | Jordan D Kaye | 1177 Avenue of the Americas | | New York | NY | 10036 | | 212-715-9489 | jkaye@kramerlevin.com | Counsel to HP Enterprise Services, LLC; Vishay Americas Inc. |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 12 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 13 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuirewoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuirewoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller; JAE Electronics, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb / Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 / 616-831-1726 | sarbt@millerjohnson.com / wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | pjricotta@mintz.com / pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 / 214-855-7561 / 214-855-7587 | rurbanik@munsch.com / jwielebinski@munsch.com / drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | l.moore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 51 West 52nd Street at 6th Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com lscharf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Penachio Malara LLP | Anne Penachio | 235 Main Street | Suite 600A | White Plains | NY | 10601 | | 914-946-2889 | apenachio@pmlawllp.com | Counsel to UVA Machine Company and its successors by acquisition |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 17 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rfp@quarles.com | Counsel for Flambeau Inc. |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.L. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com shellie@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 19 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 20 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebono Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com egoldberg@stutman.com ipachulski@stutman.com jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Eliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennessee Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@tcfhlaw.com | Counsel to Aluminum International, Inc. |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 37th Fl | | Chicago | IL | 60603 | | 312-580-2215 | dquaid@thompsoncoburn.com | Counsel for Penn Aluminum International Inc |
| Thompson Hine LLP | Jennifer L Maffett | 2000 Courthouse Plaza NE | 10 W Second St | Dayton | OH | 45402 | | 937-443-6600 | Jennifer.Maffett@ThompsonHine.com | Counsel to Rieck Group, LLC n/k/a Mechanical Construction Managers, LLC |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Todtman Nachamie Spizz & Johns PC | Janice B. Grubin | 425 Park Avenue | 5th Floor | New York | NY | 10022 | | 212-754-9400 | jgrubin@tnsj-law.com | Counsel to Vanguard Distributors, Inc. |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers St 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov Joseph.Cordaro@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 21 of 22

8/27/2010 5:18 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 22 of 22

8/27/2010 5:18 PM
Email (395)

# EXHIBIT B

DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | Counsel to United States Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:20 PM
Post-Emergence Master Service List 100820.xlsx US Mail (1)

# EXHIBIT C

Hearing Date and Time:  August 27, 2010 at 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
          In re                               :    Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :    Case Number 05-44481 (RDD)
                                              :
                                              :    (Jointly Administered)
              Reorganized Debtors.            :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REORGANIZED DEBTORS' SECOND SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO REORGANIZED DEBTORS' OBJECTION TO ADMINISTRATIVE
EXPENSE CLAIM NUMBER 19168 FILED BY MICHIGAN FUNDS ADMINISTRATION

("SECOND SUPPLEMENTAL REPLY REGARDING CLAIM
FILED BY MICHIGAN FUNDS ADMINISTRATION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Second Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objections To Administrative Expense Claim Number 19168 Filed By Michigan Funds Administration (the "Second Supplemental Reply"), and respectfully represent as follows:

1.    On August 17, 2010, the Reorganized Debtors filed their Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objection To Administrative Expense Claim Number 19168 Filed By Michigan Funds Administration (Docket No. 20512) (the "Supplemental Reply").  As set forth in the Supplemental Reply, the Claim[1] asserted liabilities incurred in 2008 for certain workers' compensation-related assessments that were paid in full by the Debtors.  The Claimant filed no supplemental response to the Supplemental Reply, and has not disputed the Debtors' payment of the Claim.  Rather, on August 23, 2010, the Claimant filed its Amended Request For Payment Of Administrative Expense On Behalf Of The Michigan Funds Administration (Docket No. 20534) (the "Amended Request"), purporting to amend the Claim to include assessments in the amount of $820,654.07 that were incurred in 2009, as well as contingent, unliquidated assessments based on future workers' compensation payments.

2.    The Reorganized Debtors' disagree, however, that the claims asserted in the Amended Request can be characterized as "amendments."  To the contrary, the claims asserted in the Amended Request constitute entirely new, untimely claims.  Accordingly, the Reorganized Debtors (i) reiterate their request for entry of an order disallowing and expunging the Claim and (ii) request an order denying the Amended Request.

---

[1]    Capitalized terms used but not otherwise defined herein have the meaning assigned in the Supplemental Reply.

2

A.    <u>Purported Amendment Asserts New Claims that Are Subject to Bar Date</u>

3.    To amend a previously filed claim, courts generally adopt a two-part test. First, "the court must determine whether the new claim bears a reasonable relationship to the original claim."  <u>In re Sage-Dey, Inc.</u>, 170 B.R. 46, 49 (Bankr. N.D.N.Y. 1994).  If the first prong is satisfied, then the second prong of the test is applied, which "requires that the court determine whether a balancing of the equities supports the allowance of the amendment."  <u>Sage-Dey</u>, 170 B.R. at 49 (citing <u>In re Integrated Res., Inc.</u>, 157 B.R. 66, 70 (S.D.N.Y. 1993)).  The "balancing of the equities" requires the court to focus on several factors to determine whether to allow an amendment to a proof of claim.  In <u>In re Enron Corp.</u>, 328 B.R. 75 (Bankr. S.D.N.Y. 2005), the bankruptcy court applied five factors to determine whether the balance of the equities permitted an amendment: "(1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed."  <u>In re Enron Corp.</u>, 328 B.R. 75, 87 (Bankr. S.D.N.Y. 2005) (quoting <u>Integrated Res.</u>, 157 B.R. at 70).  Here, the Amended Request does not qualify as an amendment under either prong.

**(a)    Purported Amendment Does Not Bear a Reasonable Relationship to the Claim**

4.    The liabilities asserted in the Claim are quite specific.  The Claim requested payment of assessments for three separate funds for liabilities incurred in 2008 and due in 2009 prior to the Debtors' emergence from chapter 11.  The amounts asserted in the Claim were calculated to the penny based on workers' compensation-related payments made by the Debtors in 2009: $354,497.36 for the Second Injury Fund; $34,497.36 for the Silicosis Dust Disease and Logging Fund; and $741,109.45 for the Self-Insurers' Security Fund.  The Claim asserted no

3

liabilities for any obligations incurred after 2008, contingent or otherwise.  The Amended

Request, however, seeks payment additional administrative expense claims that were not

previously included in the Claim—assessments incurred in 2009 based on estimated workers'

compensation-related payments prior to the Debtors' October 6, 2009 emergence from chapter 11

and contingent, unliquidated payments based on the Reorganized Debtors' future payment of

postpetition workers' compensation claims.

   5. Notwithstanding the Claimant's designation of the Amended Request as an

amendment of the Claim, the new claims asserted in the Amended Requequest do not qualify as

valid amendments because they are not sufficiently related to the Claim.  "In deciding whether or

not to allow an amendment to the proof of claim the court must first determine whether there was

timely assertion of a similar claim." In re Macmillan, Inc., 186 B.R. 35, 49 (Bankr. S.D.N.Y.

1995). Liabilities for assessments arising in the years following the assessments incurred in 2008

do not relate to the same "'conduct, transaction or occurrence'" as the liabilities asserted in the

Claim. See Praedium II Broadstone, LLC v. Wall St. Strategies, Inc., No. 04-Civ.-3880, 2004

WL 2624678, at * 5 (S.D.N.Y. Nov. 18, 2004) (quoting Fed. R. Bankr. P. 7015); In re AM Int'l,

Inc., 67 B.R. 79, 82 (N.D. Ill. 1986) (for amendment to be permissible, it must be of the same

type as timely filed claim); In re PT-1 Commc'ns, Inc., 292 B.R. 482, 487 (Bankr. E.D.N.Y.

2003) (denying leave to amend proof of claim for taxes with similar claim for a different year);

In re Sage-Dey, 170 B.R. at 49 (same); In re Ltd. Gaming of Am., Inc., 213 B.R. 369 (Bankr.

N.D. Okla. 1997) (holding that a tax claim could not be amended after bar date to include taxes

from another year).

6.   Accordingly, the new claims asserted in the Amended Request do not bear a reasonable relationship to the Claim and, therefore, do not satisfy the first prong of the test to qualify as a valid amendment.

**(b)    The Balancing of Equities Favors the Reorganized Debtors**

7.   As set forth in <u>Integrated Resources</u>, no further analysis under the two-prong test is necessary because the Claimant has failed to satisfy the first prong. <u>In re Integrated Res.</u>, 157 B.R. at 70. But even if the Court were to consider the second prong of the test, the balance of the equities—applying the <u>Enron</u> factors set forth above—weighs decisively in favor of the Reorganized Debtors.

8.   First, allowing the Amended Request would unduly prejudice the Reorganized Debtors because they remain responsible for the wind-up of administrative claims. The Amended Request asserts at least $820,654.07 not originally asserted in the Claim, subject to increase for future assessments.  Granting the Amended Request would allow the Claimant to effectually circumvent the bar dates previously approved by the Court for asserting claims against the Debtors, potentially opening the floodgates for other creditors to file similar requests.

9.   Second, rejecting the Amended Request would not result in a windfall to other creditors of the Debtors. The Modified Plan already provides for payment in full of all administrative expense claims, so rejecting the Amended Request will not increase the distributions to the Debtors' administrative creditors. Nor will rejecting the Amended Request impact the Debtors' unsecured creditors, whose distribution will be funded by Delphi Automotive LLP—not the Reorganized Debtors—in accordance with the Master Distribution Agreement.

10. Third, allowing the Claimant to pursue the newly asserted claims will prejudice other creditors by opening the floodgates for other such amendments, thereby

interfering with the administration of the Debtors' estates. As this Court is aware, the July 15,

2009, bar date was established in connection with the Modified Plan or the Master Disposition

Agreement to identify administrative expense claims accruing before June 1, 2009.  Allowing

creditors to circumvent bar dates in the manner proposed by the Claimant would, therefore,

undermine an important factor contributing to the Debtors' successful emergence from chapter 11.

        11. Finally, the Claimant has failed to provide any basis to support the argument

that it was "unable" to file the amended claim at the time the original claim was filed.  To the

contrary, the Claimant was aware of the existence of potential future claims at the time it filed

the Claim.  In fact, the Claim specifically states that "[a]ssessments are calculated in March of

each year" based on certain workers' compensation benefits paid by the Debtors in the previous

year.  The Claimant was undeniably aware that the Reorganized Debtors would be obligated to

pay workers' compensation benefits in the future. On the same day that the Claimant filed the

Claim, the signatory to the Claim also filed proof of administrative expense claim number 19281

asserting liabilities in the amount of $5,557,750.00 relating to workers' compensation related

benefits. Presumably, such liabilities would provide the basis for the future assessments

contemplated in the Amended Request. Thus, the Claimant's failure to include assessments

incurred after 2008 as part of the Claim was entirely within the Claimant's control.

        12. The Claimant has, therefore, failed to establish that the balancing of the

equities favors the relief sought and cannot satisfy the second prong of the two-prong test.

Accordingly, the Claimant cannot amend the Claim to include the additional liabilities asserted

in the Amended Request.

**(c)    New Claims Are Subject to Bar Date And Should Be Disallowed Automatically**

13. The Claimant is prohibited from asserting the new claims included in the Amended Request. All bar dates for claims in the Debtors' chapter 11 cases have passed. To this end, paragraph 47 of the Modification Procedures Order provides that "[a]ny request for payment of an Administrative Claim . . . that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors."

14. Accordingly, the Amended Request should be denied and the new claims sought in the Amended Request, along with the Claim, should be disallowed and expunged in their entirety.

B.    <u>Reservation of Rights</u>

15. In the event that the Court finds that the Amended Request constitutes a valid amendment or otherwise authorizes the Claimant to pursue the Amended Request, the Reorganized Debtors reserve all rights to contest the merits of the liabilities asserted in the Amended Request. Similarly, the Reorganized Debtors reserve all rights to oppose any request by the Claimant to seek leave from the Court to file a late claim.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to the Claim, (b) disallowing and expunging the Claim in its entirety, (c) denying the Amended Request, and (d) granting such further and other relief this Court deems just and proper.

Dated:    New York, New York
          August 26, 2010

                            SKADDEN, ARPS, SLATE, MEAGHER
                             & FLOM LLP

                            By:   /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                            155 North Wacker Drive
                            Chicago, Illinois 60606

                                  - and -

                            Four Times Square
                            New York, New York 10036

                            Attorneys for DPH Holdings Corp., et al.,
                             Reorganized Debtors

# EXHIBIT D

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOFS OF CLAIM NUMBERS 1294 AND 1301 FILED BY OHIO BUREAU OF WORKERS' COMPENSATION

### ("NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING AS TO PROOFS OF CLAIM NUMBERS 1294 AND 1301")

PLEASE TAKE NOTICE that on June 22, 2009, Delphi Corporation and certain

of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned

cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors"), predecessors of DPH

Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors")

objected to proofs of claim numbers 1294 and 1301 (the "Proofs of Claim") filed by the Ohio

Bureau of Workers' Compensation pursuant to the Debtors' Thirty-Fourth Omnibus Objection

Pursuant To 11. U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain

Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain

Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely

Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F)

Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers'

Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority,

(III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled

Claims (Docket No. 17182).

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors

substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the

"Modified Plan"), which had been approved by the United States Bankruptcy Court for the

Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No.

18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that Article 9.6(a) of the Modified Plan

provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing,

2

objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the

Debtors and making distributions (if any) with respect to all Claims and Interests."

PLEASE TAKE FURTHER NOTICE that on March 16, 2010, the Reorganized

Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To

Proofs Of Claim Nos. 1294 And 1301 (Ohio Bureau Of Workers' Compensation) (Docket No.

19687), scheduling an evidentiary hearing (the "Claims Objection Hearing") on the merits of the

Proofs of Claim.

PLEASE TAKE FURTHER NOTICE that on August 17, 2010, the Reorganized

Debtors filed the Notice Of Adjournment Of Claims Objection Hearing With Respect To

Debtors' Objection To Proofs Of Claim Numbers 1294 And 1301 Filed By Ohio Bureau Of

Workers' Compensation (Docket No. 20509). The Claims Objection Hearing was scheduled for

October 21, 2010, at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court

for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New

York 10601-4140.

PLEASE TAKE FURTHER NOTICE that pursuant to paragraph 9(a)(ii) of the

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii)

Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") and the Twelfth Supplemental

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II)

Certain Notices And Procedures Governing Objections To Claims, entered July 16, 2010

(Docket No. 20426), the Claims Objection Hearing is hereby adjourned to November 18, 2010,

at 10:00 a.m. (prevailing Eastern time).

Dated:    New York, New York
           August 26, 2010

                         SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                         By:  _/s/ John Wm. Butler, Jr._____
                              John Wm. Butler, Jr.
                              John K. Lyons
                              Ron E. Meisler
                         155 North Wacker Drive
                         Chicago, Illinois 60606

                              - and -

                         Four Times Square
                         New York, New York 10036

                         Attorneys for DPH Holdings Corp., et al.,
                          Reorganized Debtors

# EXHIBIT E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |
|---|---|
| In re | : Chapter 11 |
| DPH HOLDINGS CORP., et al., | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Reorganized Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


NOTICE OF SUFFICIENCY HEARING WITH RESPECT TO DEBTORS' OBJECTION TO
PROOFS OF CLAIM NUMBERS 10504, 10686, 11045, 11981, 11982, 11984, 11986, 11987,
AND 11990 AND REORGANIZED DEBTORS' OBJECTION TO PROOFS OF
ADMINISTRATIVE EXPENSE CLAIM NUMBERS 19797, 19798, 19799, 19800, AND 19802

PLEASE TAKE NOTICE that as set forth on Exhibit A attached hereto, Delphi Corporation and certain of its subsidiaries and affiliates, former debtor and debtors-in-possession (collectively, the "Debtors") and DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), as applicable, objected to various proofs of claim and proofs of administrative expense claims (collectively, the "Proofs of Claim") filed by certain parties (collectively, the "Claimants").

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested

2

Administrative Expense Claims ("Administrative Claims Objection Procedures Order" together

with the Claims Objection Procedures Order, the "Orders") (Docket No. 18998), the Eleventh

Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007,

7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To

Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April

5, 2010 (Docket No. 19776), and the Notice Of Rescheduling Of Fifty-Eighth Omnibus Hearing

And Thirty-Sixth Claims Hearing, entered July 28, 2010 (Docket No. 20480), a sufficiency

hearing (the "Sufficiency Hearing") to address the legal sufficiency of each of the Proofs of

Claim and whether each Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for September 24, 2010, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room

118, White Plains, New York  10601-4140.

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Orders, unless such procedures are modified

in accordance with Paragraph 9(k) thereof.  Please review the Orders carefully because failure to

comply with the procedures provided in the Orders (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of your Proof of Claim.  A copy of the Orders

are attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may further

adjourn the Sufficiency Hearing at any time at least five business days prior to the scheduled

hearing upon notice to the Court and the Claimant.

3

Dated:    New York, New York
          August 26, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                      - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                  Reorganized Debtors

**Exhibit A**

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| Proof of Claim Number | Date Filed | Party Filing Proof of Claim | Owner of Claim | Asserted Amount | Omnibus Claims Objection | Date Of Omnibus Claims Objection | Debtor Named On Proof Of Claim |
| 10504 | 7/24/2006 | TREMONT CITY BARREL FILL PRP GROUP | TREMONT CITY BARREL FILL PRP GROUP | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 10686 | 7/26/2006 | PEERLESS TRANSPORTATION COMPANY | PEERLESS TRANSPORTATION COMPANY | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI CORPORATION |
| 11045 | 7/26/2006 | MAD RIVER TRANSPORTATION INC. | MAD RIVER TRANSPORTATION INC. | $5,000,000.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI CORPORATION |
| 11981 | 7/28/2006 | ILLINOIS TOOL WORKS FOR HOBART BROTHERS COMPANY | ILLINOIS TOOL WORKS FOR HOBART BROTHERS COMPANY | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 11982 | 7/28/2006 | ILLINOIS TOOL WORKS FOR HOBART BROTHERS COMPANY | ILLINOIS TOOL WORKS FOR HOBART BROTHERS COMPANY | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 11984 | 7/28/2006 | TRI MARK, INC. | TRI MARK, INC. | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI CORPORATION |
| 11986 | 7/28/2006 | HOBART BROTHERS COMPANY | HOBART BROTHERS COMPANY | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI CORPORATION |
| 11987 | 7/28/2006 | ILLINOIS TOOL WORKS FOR HOBART BROTHERS COMPANY | ILLINOIS TOOL WORKS FOR HOBART BROTHERS COMPANY | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI CORPORATION |
| 11990 | 7/28/2006 | TRI MARK, INC. | TRI MARK, INC. | $0.00 | Third Omnibus Claims Objection | 10/31/2006 | DELPHI AUTOMOTIVE SYSTEMS LLC |
| 19797 | 11/5/2009 | SENSUS PRECISION DIE CASTING INC. | SENSUS PRECISION DIE CASTING INC. | $1,119,135.77 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI LLC |
| 19798 | 11/5/2009 | SENSUS PRECISION DIE CASTING INC. | SENSUS PRECISION DIE CASTING INC. | $1,119,135.77 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI CORPORATION |
| 19799 | 11/5/2009 | SENSUS PRECISION DIE CASTING INC. | SENSUS PRECISION DIE CASTING INC. | $1,119,135.77 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI CHINA LLC |
| 19800 | 11/5/2009 | SENSUS PRECISION DIE CASTING INC. | SENSUS PRECISION DIE CASTING INC. | $1,119,135.77 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI AUTOMOTIVE SYSTEMS OVERSEAS CORPORATION |
| 19802 | 11/5/2009 | SENSUS PRECISION DIE CASTING INC. | SENSUS PRECISION DIE CASTING INC. | $1,119,135.77 | Forty-Third Omnibus Claims Objection | 1/22/2010 | DELPHI AUTOMOTIVE SYSTEMS INTERNATIONAL INC. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                      :
      In re                         :      Chapter 11
                                      :
DELPHI CORPORATION, <u>et al.</u>,            :      Case No. 05-44481 (RDD)
                                      :
              Debtors.         :      (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 2002(m),
3007, 7016, 7026, 9006, 9007, AND 9014 ESTABLISHING (I) DATES FOR
HEARINGS REGARDING OBJECTIONS TO CLAIMS AND (II) CERTAIN
<u>NOTICES AND PROCEDURES GOVERNING OBJECTIONS TO CLAIMS</u>

("CLAIM OBJECTION PROCEDURES ORDER")

Upon the Motion For Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And

Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For

Hearings Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And

Procedures Governing Hearings Regarding Disallowance Or Estimation Of Claims, dated

October 31, 2006 (the "Motion"), of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and upon the objections to the Motion and the record of the hearing held on the

Motion; and after due deliberation thereon; and good and sufficient cause appearing therefor,



IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.      Proper, timely, adequate, and sufficient notice of the Motion has been provided, such notice was good, sufficient and appropriate under the particular circumstances, and no other or further notice of the Motion is or shall be required.

B.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      This Court shall conduct special periodic hearings on contested claims matters in these cases (the "Claims Hearing Dates"), to be held in Courtroom 610, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 unless the Debtors and the parties whose claims are affected are otherwise notified by the Court. The following dates and times have been scheduled as Claims Hearing Dates in these chapter 11 cases:

December 13, 2006 at 10:00 a.m. (prevailing Eastern time)

January 12, 2007 at 10:00 a.m. (prevailing Eastern time)

February 14, 2007 at 10:00 a.m. (prevailing Eastern time)

March 1, 2007 at 10:00 a.m. (prevailing Eastern time)

---

[1]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

March 21, 2007 at 10:00 a.m. (prevailing Eastern time)

April 5, 2007 at 10:00 a.m. (prevailing Eastern time)

April 27, 2007 at 10:00 a.m. (prevailing Eastern time)

May 10, 2007 at 10:00 a.m. (prevailing Eastern time)

May 24, 2007 at 10:00 a.m. (prevailing Eastern time)

June 1, 2007 at 10:00 a.m. (prevailing Eastern time)

June 14, 2007 at 10:00 a.m. (prevailing Eastern time)

June 22, 2007 at 10:00 a.m. (prevailing Eastern time)

July 12, 2007 at 10:00 a.m. (prevailing Eastern time)

July 20, 2007 at 10:00 a.m. (prevailing Eastern time)

August 2, 2007 at 10:00 a.m. (prevailing Eastern time)

August 17, 2007 at 10:00 a.m. (prevailing Eastern time)

August 30, 2007 at 10:00 a.m. (prevailing Eastern time)

September 28, 2007 at 10:00 a.m. (prevailing Eastern time)

October 11, 2007 at 10:00 a.m. (prevailing Eastern time)

October 26, 2007 at 10:00 a.m. (prevailing Eastern time)

November 8, 2007 at 10:00 a.m. (prevailing Eastern time)

November 30, 2007 at 10:00 a.m. (prevailing Eastern time)

December 6, 2007 at 10:00 a.m. (prevailing Eastern time)

2.    Any response to a claims objection or an omnibus claims objection (a

"Response") must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure,

the Local Bankruptcy Rules for the Southern District of New York, and the Amended Eighth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

3

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (the "Amended Eighth Supplemental Case Management Order") (Docket No. 5418), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel) and (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Randall G. Reese), in each case so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the seventh calendar day prior to the Omnibus Hearing for which the relevant claims objection or omnibus claims objection is scheduled.

      3.      Every Response must contain at a minimum the following:

      (a)      the title of the claims objection to which the Response is directed;

      (b)      the name of the claimant (each holder of a proof of claim, a "Claimant") and a brief description of the basis for the amount of the claim;

      (c)      a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified, including, but not limited to, the specific factual and legal bases upon which the Claimant will rely in opposing the claims objection;

      (d)      unless already set forth in the proof of claim previously filed with the Court, documentation sufficient to establish a prima facie right to payment; provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be

4

confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

        (e)      to the extent that the claim is contingent or fully or partially unliquidated, the amount that the Claimant believes would be the allowable amount of such claim upon liquidation of the claim or occurrence of the contingency, as appropriate; and

        (f)      the address(es) to which the Debtors must return any reply to the Response, if different from the address(es) presented in the claim.

        4.      Only those Responses made in writing and timely filed and received will be considered by the Court.  If a Claimant whose proof of claim is subject to a claims objection and who is served with the relevant claims objection fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors may present to the Court an appropriate order seeking relief with respect to such claim consistent with the relief sought in the relevant claims objection without further notice to the claimant, <u>provided</u> that, upon entry of such an order, the claimant shall receive notice of the entry of such order as provided below; <u>provided</u>, <u>however</u>, that if the claimant files a timely Response, which does not include the required minimum information provided in paragraph 3 above, the Debtors shall seek disallowance and expungement of the relevant claim or claims only in accordance with the Claims Hearing Procedures provided in paragraph 9 below.

        5.      To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

        6.      The Debtors are hereby authorized and directed to serve each Claimant whose proof of claim is listed in any omnibus claims objection with (a) a personalized Notice Of Objection To Claim which specifically identifies the Claimant's proof of claim that is subject to objection and the basis for such objection and (b) a complete copy of the relevant omnibus

claims objection without exhibits.  Service of omnibus claims objections in such manner shall

constitute good and sufficient notice and no other or further notice to claimants of an omnibus

claims objection shall be required.

       7.     Kurtzman Carson Consultants, LLC (the "Claims Agent") is hereby

authorized and directed to serve all orders entered with respect to any omnibus claims objections,

including exhibits, upon only the master service list and the 2002 list.  The Claims Agent is

hereby further authorized and directed to serve all claimants whose proofs of claim are the

subject of an order entered with respect to an omnibus claims objection with a copy of such order,

without exhibits, and a personalized Notice Of Entry Of Order in the form attached hereto as

Exhibit A specifically identifying such Claimant's proof of claim that is subject to the order, the

Court's treatment of such proof of claim, and the basis for such treatment, and advising the

Claimant of its ability to view the order with exhibits free of charge on the Debtors' Legal

Information Website.  Without limiting the foregoing, the Court hereby directs the Claims Agent

to serve the First Omnibus Claims Order in the manner provided hereby.

       8.     Any order entered by the Court with respect to an objection asserted in an

omnibus claims objection shall be deemed a separate order with respect to each claim covered by

such order.

       9.     The following procedures shall apply with respect to the determination of

Contested Claims (the "Claims Hearing Procedures"):

       (a)    Adjournment Of Claims Hearing.

       (i)    All Contested Claims for which a timely Response is filed shall be
automatically adjourned to a future hearing, the date of which shall be determined by the Debtors,
in their sole discretion, by serving the Claimant with notice as provided herein.  The Debtors
may send such notice to each Claimant when they deem it appropriate to do so, subject to the
requirements of the Bankruptcy Code, the Bankruptcy Rules, and any further order of this Court.

The Debtors shall schedule the further hearing upon each Contested Claim to a Claims Hearing of the Debtors' election:

        (A)    for a non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit B</u> (a "Notice Of Sufficiency Hearing") and a copy of this Order at least 20 business days prior to the date of such Sufficiency Hearing, or

        (B)    for an evidentiary hearing on the merits of such Contested Claim (a "Claims Objection Hearing"), by serving upon the relevant Claimant by facsimile or overnight delivery, and filing with this Court, a notice substantially in the form attached hereto as <u>Exhibit C</u> (a "Notice Of Claims Objection Hearing" and, collectively with the Notice of Sufficiency Hearing, the "Notices of Hearing") and a copy of this Order at least 65 calendar days prior to the date of such Claims Objection Hearing.

        (ii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant at least five business days prior to the date of the scheduled hearing; <u>provided</u>, <u>however</u>, that the hearing on any Contested Claim shall not be adjourned for more than a total of 180 calendar days from date of service of the initial Notice of Hearing set forth in paragraph 9(a)(i)(A) and (B) above without consent of the Claimant with respect thereto, unless otherwise ordered by the Court.

    (b)    <u>Sufficiency Hearing Procedures</u>.

        (i)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Debtors wish to file a supplemental pleading, they shall file and serve their pleading no later than ten calendar days before the scheduled Sufficiency Hearing. The supplemental pleading shall not exceed fifteen single-sided, double-spaced pages.

        (ii)    To the extent that a Contested Claim is adjourned to a Sufficiency Hearing, if the Claimant wishes to file a supplemental response, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing. The supplemental response shall not exceed fifteen single-sided, double-spaced pages.

        (iii)    To the extent that this Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant a Notice Of Claims Objection Hearing pursuant to the procedures set forth above.

    (c)    <u>Mandatory Meet And Confer</u>.

        (i)    If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), (B) the Claimant (if an individual) or the Claimant's principal place of

business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, and (C) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant  shall hold an in-person meet and confer (an "In-Person Meet and Confer") at a neutral location in Troy, Michigan, or such other location as is reasonably acceptable to the Debtors, within ten business days of service of the Notice Of Claims Objection Hearing.

(ii)    If (A) (1) the amount in dispute for a Contested Claim is less than or equal to $1,000,000, (2) a Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, or (3) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, and (B) such Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, the Debtors and the relevant Claimant shall hold a telephonic meet and confer (a "Telephonic Meet and Confer" and, collectively with In-Person Meet and Confers, the "Meet and Confers") within ten business days of service of the Notice Of Claims Objection Hearing.

(iii)    The following representatives of each of the Debtors and the Claimant shall attend the Meet and Confer: (A) counsel for each of the parties, except for a Claimant proceeding pro se, who shall be prepared to discuss the matter described in paragraph 9 (k) below, and (B) a person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively; provided, however, that counsel for each of the parties may participate in the Meet and Confer telephonically.

(iv)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Meet and Confer in good faith.

(d)    Debtors' Statement Of Disputed Issues.  Within five business days after service of the Notice Of Claims Objection Hearing, the Debtors shall file and serve a written statement of disputed issues (the "Statement Of Disputed Issues") upon the Claimant.  The Statement Of Disputed Issues shall contain a concise statement summarily setting forth the primary reasons why the claim should be disallowed, expunged, reduced, or reclassified as set forth in the claims objection, including, but not limited to, the material factual and legal bases upon which the Debtors will rely in prosecuting the claims objection, without prejudice to the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Contested Claim.  The Statement of Disputed Issues shall also include documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim, without prejudice to the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Contested Claim; provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Statement of Disputed Issues; provided further, however, that the Debtors shall disclose to the Claimant all information and

8

provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected, subject to appropriate confidentiality constraints.

(e)      Claimant's Supplemental Response.  The following procedures apply to the Claimant's written supplemental response (the "Supplemental Response"), subject to modification pursuant to paragraph 9(k), filed in connection with a Claims Objection Hearing for a Contested Claim:

(i)      The Claimant may file and serve its Supplemental Response (with a copy to chambers) no later than 30 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Response shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)      If the Claimant relies on exhibits, the Claimant shall include such exhibits in its Supplemental Response (other than those previously included with either its Proof of Claim or its Response); provided, however, that the Claimant need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Response; provided further, however, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Contested Claim, subject to appropriate confidentiality constraints.  The Claimant shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Response, as appropriate.

(iii)      The Supplemental Response may include affidavits or declarations from no more than two witnesses setting forth the basis of the Contested Claim and evidence supporting the Contested Claim; provided, however, that if the Claimant intends to call a person not under such Claimant's control at the hearing, the Claimant shall, in lieu of an affidavit or declaration of such person, identify such person, the Claimant's basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, such affiant or declarant's affidavit or declaration shall be stricken.  The Claimant shall not be permitted to elicit any direct testimony at the Claims Objection Hearing; instead, the affidavit or declaration submitted with the Supplemental Response, or such witnesses' deposition transcript if the witnesses were not under the Claimant's control, shall serve as the witnesses' direct testimony and the Debtors may cross examine the witnesses at the Claims Objection Hearing, or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Claimant.

(iv)      No later than three business days prior to commencement of the Claims Objection Hearing, if the Claimant timely filed a Supplemental Response, the Claimant may file and serve (with a copy to chambers) an amended Supplemental Response and a supplemental affidavit or declaration on behalf of each of its witnesses solely for the purpose of supplementing the Supplemental Response and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Response shall be subject to the page limitations set forth above.

9

(f)    Debtors' Supplemental Reply.  The following procedures shall apply to the Debtors' written supplemental reply, if any (the "Supplemental Reply"), subject to modification pursuant to paragraph 9(k) below, filed in connection with a Claims Objection Hearing with respect to a Contested Claim:

(i)    The Debtors may file and serve (with a copy to chambers) a Supplemental Reply no later than 20 business days prior to commencement of the Claims Objection Hearing.  The Supplemental Reply shall not exceed 20 single-sided, double-spaced pages (exclusive of exhibits or affidavits).

(ii)    If the Debtors rely on exhibits, the Debtors shall include such exhibits in their Supplemental Reply (other than those previously included with either their objection or reply); provided, however, that the Debtors need not disclose confidential, proprietary, or otherwise protected information in the Supplemental Reply; provided further, however, that the Debtors shall disclose to the Claimant all information and provide copies of all documents that the Debtors believe to be confidential, proprietary, or otherwise protected and upon which the Debtors intend to rely in support of their objection, subject to appropriate confidentiality constraints.  The Debtors shall include a certificate of counsel or a declaration or affidavit authenticating any documents attached to the Supplemental Reply.

(iii)    The Supplemental Reply may include affidavits or declarations from no more than two witnesses setting forth the Debtors' basis for objecting to the Contested Claim and evidence in support of such objection to the Contested Claim; provided, however, that if the Debtors intend to call a person not under the Debtors' control at the hearing, the Debtors shall, in lieu of an affidavit or declaration of such person, identify such person, the Debtors' basis for calling such person as a witness, and the reason that it did not file an affidavit or declaration of such person.  If an affiant or declarant does not attend the Claims Objection Hearing, as appropriate, such affiant or declarant's affidavit or declaration shall be stricken.  The Debtors shall not be permitted to elicit any direct testimony at the Claims Objection Hearing, instead, the affidavit or declaration submitted with the Supplemental Reply, or such witnesses' deposition transcript if the witnesses were not under the Debtors' control, shall serve as the witnesses' direct testimony and the Claimant may cross examine the witnesses at the Claims Objection Hearing or counter-designate deposition testimony.  No other or additional witnesses may introduce evidence at the hearing on behalf of the Debtors.

(iv)    No later than three business days prior to commencement of the Claims Objection Hearing, if the Debtors timely filed a Supplemental Reply, the Debtors may file and serve (with a copy to chambers) an amended Supplemental Reply and a supplemental affidavit or declaration on behalf of each of their witnesses solely for the purpose of supplementing the Supplemental Reply and the witnesses' prior affidavits or declarations with respect to matters adduced through the discovery provided by these Claims Hearing Procedures; provided that the amended Supplemental Reply shall be subject to the page limitations set forth above.

(g)    Mandatory Non-Binding Summary Mediation.  Except as set forth below, at least 15 business days prior to commencement of the Claims Objection Hearing, the Debtors and the Claimant shall submit to mandatory non-binding summary mediation (each, a

10

"Mediation") in an effort to consensually resolve the Contested Claim.  The Mediation shall be governed by General Order M-143 except as follows.  The following procedures shall apply to each Mediation, subject to modification pursuant to paragraph 9(k) below:

(i)     Each Mediation shall be assigned to one of the mediators listed by the Debtors on Exhibit D hereto (each, a "Mediator").  The Debtors and the Claimant shall agree upon the Mediator at the Meet and Confer; provided that, if the Debtors and the Claimant are unable to agree upon a Mediator, the parties shall promptly report such inability to agree to the Court.

(ii)     The Mediator shall not have the authority to require either the Debtors or the Claimant to provide any additional briefing with respect to the Mediation.

(iii)     If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000) and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located within 90 miles of Troy, Michigan, the Mediation shall be held at a neutral location in Troy, Michigan.

(iv)     If (A) (1) the amount in dispute for a Contested Claim exceeds $1,000,000 or (2) a Contested Claim asserts unliquidated claims (unless the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000), and (B) the Claimant (if an individual) or the Claimant's principal place of business (if a governmental unit or a person, as defined in section 101(41) of the Bankruptcy Code, other than an individual) is located more than 90 miles from Troy, Michigan, the Mediation shall be held at a neutral location reasonably acceptable to the Debtors and the Claimant; provided that, if the Debtors and the Claimant are unable to agree upon a neutral location at the Meet and Confer, the parties shall promptly report such inability to agree to the Court.

(v)     If (A) the amount in dispute for a Contested Claim is less than or equal to $1,000,000 or (B) the Contested Claim asserts unliquidated claims and the Claimant with respect thereto irrevocably agrees in writing that the allowed amount of such Contested Claim shall be limited to a maximum of $1,000,000, participation in Mediation shall be voluntary and any Mediation may be held telephonically at either the Debtors' or the Claimant's request.

(vi)     A person possessing ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation, if any; provided, however, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the claimant elects not to have its counsel attend or participate in a Mediation.

(vii)     Absent consent of each of the Claimant and the Debtors, the length of the Mediation shall be limited to one day.

11

(viii)    The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the foregoing procedures or conduct the Mediation in good faith.

(ix)    The Debtors and the Claimant shall each bear its own costs in participating in the Mediation.  The Debtors are hereby authorized to pay the Mediator's fees.

(h)    <u>Claims Objection Hearing Discovery</u>.  If a Claims Objection Hearing is scheduled for a particular Contested Claim, the Debtors and the Claimant shall be bound by the following discovery procedures, which shall otherwise be governed by the Bankruptcy Rules, subject to modification pursuant to paragraph 9(k) below:

(i)    No later than five business days after service of the Supplemental Response, the Debtors may request:

(A)    That the Claimant produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Claimant respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Claimant respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(ii)    No later than five business days after service of the Supplemental Reply, the Claimant may request:

(A)    That the Debtors produce documents relevant to the Contested Claim.  Documents shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(B)    That the Debtors respond to no more than 15 interrogatories, including discrete subparts.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(C)    That the Debtors respond to no more than ten requests for admission.  Responses shall be produced at least ten business days prior to commencement of the Claims Objection Hearing.

(iii)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Debtors may, at their election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Claimant's Supplemental Response.  Each deposition shall not exceed three hours.

12

(iv)    No earlier than fifteen business days prior to the commencement of the Claims Objection Hearing, but at least five business days prior to commencement of the Claims Objection Hearing, the Claimant may, at its election, take the deposition upon oral examination of each witness whose affidavit or declaration was proffered in support of the Debtors' Supplemental Reply. Each deposition shall not exceed three hours.

(v)    Except as provided in paragraph 9(g)(vi) above, nothing in this Order alters any obligation of opposing counsel with regard to communications with non-counsel opponents or any applicable law regarding corporations or other business entities to be represented by counsel.

(i)    <u>Conduct Of The Claims Objection Hearing</u>. The Debtors and the Claimant shall each be permitted, subject to modification pursuant to paragraph 9(k) below, no more than one hour to present their respective cases, inclusive of time cross-examining their opponent's witnesses and making argument to the Court. The parties shall coordinate with each other in advance of the hearing with respect to, joint exhibit binders, stipulated admission of evidence, anticipated disputes regarding the admission of particular evidence and any designated deposition testimony.

(j)    <u>Estimation Based Upon Claimant's Asserted Estimated Amount</u>. To the extent that a Contested Claim would be subject to estimation pursuant to section 502(c) of the Bankruptcy Code and the Debtors have sought authority to estimate such Contested Claim pursuant to an omnibus claims objection and/or a motion to estimate claims, if the Claimant has filed a Response in accordance with the procedures outlined above which (i) acknowledges that the Contested Claim is contingent or fully or partially unliquidated and (ii) provides the amount that the Claimant believes would be the allowable amount of such Contested Claim upon liquidation of the Contested Claim or occurrence of the contingency, as appropriate (the "Claimant's Asserted Estimated Amount"), the Debtors are hereby authorized, in their sole discretion, to elect to provisionally accept the Claimant's Asserted Estimated Amount as the estimated amount of such Contested Claim pursuant to section 502(c) of the Bankruptcy Code for all purposes other than allowance, but including voting and establishing reserves for purposes of distribution, subject to further objection and reduction as appropriate and section 502(j) of the Bankruptcy Code. The Debtors' election shall be made by serving the Claimant with a Notice Of Election To Accept Claimant's Asserted Estimated Amount in the form attached hereto as <u>Exhibit E</u>. The Contested Claim will otherwise remain subject in all respects to the procedures outlined herein.

(k)    <u>Ability To Modify Procedures By Agreement Or Order Of Court</u>. At the Meet and Confer, the parties shall discuss discovery parameters, briefing, evidence to be presented, the timing outlined herein, and any modifications thereto that are necessary due to the facts and circumstances of the relevant Contested Claim. Should the parties be unable to agree on reasonable modifications to these Claim Hearing Procedures, if any, either party may request that the Court promptly schedule a teleconference to consider such proposed modifications. No discovery, testimony, or motion practice other than that described herein, as modified, shall be permitted, unless otherwise agreed by the parties or ordered by the Court.

10. The procedures approved herein shall not apply to claims filed by Banc of America Securities LLC (as to proof of claim number 10758), Barclays Capital Inc. (as to proof of claim number 11658), Bear, Stearns & Co. Inc. (as to proof of claim number 10732), Cadence Innovation LLC, Citigroup Global Markets, Inc. (as to proof of claim number 10731), Credit Suisse Securities (USA) LLC (as to proof of claim number 10763), Merrill Lynch, Peirce, Fenner & Smith Inc. (as to proof of claim number 10761), Morgan Stanley & Co. Inc. (as to proof of claim number 10762), the Pension Benefit Guaranty Corporation, Robert Bosch GmbH, the State of California Environmental Protection Agency, the State of Michigan Environmental Protection Agency, the State of Ohio Environmental Protection Agency, Technology Properties, Ltd., UBS Securities LLC (as to proof of claim number 10759), the United States Environmental Protection Agency, and Wachovia Capital Markets, LLC (as to proof of claim number 10760) (collectively, the "Excluded Parties") for any purpose, including, but not limited to, any objections to such claims or other litigation in respect of such claims; provided, however, that nothing contained herein shall preclude any of the Excluded Parties or the Debtors, after notice and an opportunity to be heard, from seeking to establish appropriate alternative claims resolution procedures.

11. With respect to the claim of Gary Whitney ("Mr. Whitney") (claim number 10157) and NuTech Plastics Engineering, Inc. ("NuTech") (claim number 1279 against Delphi Automotive Systems LLC), nothing in this Order shall limit Mr. Whitney's or NuTech's ability to request relief from the automatic stay provisions under section 362 of the Bankruptcy Code subject to the Debtors' right to object to such request.

12. The Debtors shall not serve a Notice of Hearing on Orix Warren, LLC ("Orix Warren") with respect to proof of claim number 10202 until the earliest of the following

14

to occur: (a) the Debtors assume the lease between Delphi Automotive Systems LLC and Orix

Warren with respect to property located at 4551 Research Parkway in Warren, Ohio (the "Orix

Lease"), (b) the Debtors reject the Orix Lease, or (c) the Orix Lease terminates or is terminated

pursuant to its terms.

13.     Nothing in this Order shall preclude any right to seek estimation of a claim

under section 502(c) of the Bankruptcy Code, any right to seek relief from the automatic stay

under section 362 of the Bankruptcy Code to liquidate a claim in a different forum, any right to

seek protection of information under section 107(b) of the Bankruptcy Code or any right not

specifically addressed in this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

15.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for

the United States Bankruptcy Court for the Southern District of New York for the service and

filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       December 6, 2006


_____/s/Robert D. Drain_____
       UNITED STATES BANKRUPTCY JUDGE

15

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ENTRY OF ORDER WITH RESPECT
TO [_____] OMNIBUS CLAIMS OBJECTION

      PLEASE TAKE NOTICE that on _____ _, 200_, the United States Bankruptcy

Court for the Southern District of New York entered a [title of order] (the "Order").

PLEASE TAKE FURTHER NOTICE THAT a copy of the Order, excluding exhibits, is attached hereto.

PLEASE TAKE FURTHER NOTICE that the proof of claim listed below, which you filed against Delphi Corporation and/or other of its subsidiaries and affiliates that are debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), was the subject of the Order and was listed on Exhibit __ to the Order and was accordingly disallowed and expunged, unless otherwise provided below in the column entitled "Treatment Of Claim."

| Date Filed | Claim Number | Asserted Claim Amount[1] | Basis For Objection | Treatment Of Claim | Surviving Claim Number (if any) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] Asserted Claim Amounts listed as $0.00 generally reflect that the claim amount asserted is unliquidated.

PLEASE TAKE FURTHER NOTICE that you may view the complete exhibits to the Order by requesting a copy from the claims and noticing agent in the above-captioned chapter 11 cases, Kurtzman Carson Consultants LLC, at 1-888-259-2691 or by accessing the Debtors' Legal Information Website at www.delphidocket.com.

Dated:  New York, New York
            _____ _, 200_

BY ORDER OF THE COURT

John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)


Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                           :
          In re                         :     Chapter 11
                                                           :
DELPHI CORPORATION, et al.,             :     Case No. 05-44481 (RDD)
                                                           :
                         Debtors.       :     (Jointly Administered)
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

NOTICE OF HEARING WITH RESPECT TO
DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

          PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Proof of

Claim and whether the Proof of Claim states a colorable claim against the asserted Debtor is

hereby scheduled for _____, 200_, at 10:00 a.m. (prevailing Eastern time) in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed

in accordance with the procedures provided in the Order, unless such procedures are modified in

accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure to comply

with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could

result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
              _____ _, 200_

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP

By: _____
       John Wm. Butler, Jr. (JB 4711)
       John K. Lyons (JL 4951)
       Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

By: _____
       Kayalyn A. Marafioti (KM 9632)
       Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
       Debtors and Debtors-in-Possession

3

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), a

claims objection hearing (the "Claims Objection Hearing") for purposes of holding an

evidentiary hearing on the merits of the Proof of Claim is hereby scheduled for _____, 200_,

at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the Claims Objection Hearing will

proceed in accordance with the procedures provided in the Order, unless such procedures are

modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully – failure

to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k))

could result in the disallowance and expungement of the Proof of Claim.  A copy of the Order is

attached hereto for your convenience.

2

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the

Hearing at any time at least five business days prior to the scheduled hearing upon notice to the

Court and the Claimant.


Dated:  New York, New York
          _____ _, 200_

                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                          FLOM LLP

                                        By:_____
                                            John Wm. Butler, Jr. (JB 4711)
                                            John K. Lyons (JL 4951)
                                            Ron E. Meisler (RM 3026)
                                        333 West Wacker Drive, Suite 2100
                                        Chicago, Illinois  60606
                                        (312) 407-0700

                                        By:_____
                                            Kayalyn A. Marafioti (KM 9632)
                                            Thomas J. Matz (TM 5986)
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000

                                        Attorneys for Delphi Corporation, et al.,
                                            Debtors and Debtors-in-Possession

<u>EXHIBIT D</u>

<u>LIST OF MEDIATORS</u>

Lawrence Abramcyzk
Marc Abrams
Ronald Barliant
Michael Baum
Morton Collins
Susan Cook
Samuel Damren
Eugene Driker
Jonathan Flaxer
Rozanne Giunta
Erwin Katz
Edward Moran
Alan Nisselson
Thomas Plunkett
Marty Reisig

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :      Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :      Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :      (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF DEBTORS' ELECTION TO ACCEPT CLAIMANT'S
ASSERTED ESTIMATED AMOUNT FOR PROOF OF CLAIM NUMBER [_____]

        PLEASE TAKE NOTICE that on _____ _, 200_, Delphi Corporation and certain

of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), objected to proof of claim number _____ (the "Proof of Claim")

filed by _____ (the "Claimant") pursuant to the [Title Of Applicable Omnibus Claims

Objection] (the "Objection").

PLEASE TAKE FURTHER NOTICE that on _____ _, 200_, the Claimant filed

its response to the objection, wherein Claimant (i) acknowledged that the Proof of Claim asserts

claims that are contingent or fully or partially unliquidated and (ii) stated that the Claimant

believes that the allowable amount of the Proof of Claim upon liquidation of the Contested

Claim or occurrence of the contingency, as appropriate, is $_____ (the "Claimant's Asserted

Estimated Amount").

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014

Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices

And Procedures Governing Objections To Claims, entered December __, 2006 (the "Order"), the

Debtors hereby provide notice that the Debtors elect to accept the Claimant's Asserted Estimated

Amount as the estimated amount of the Proof of Claim pursuant to section 502(c) of the

Bankruptcy Code as set forth in the Objection.  A copy of the Order is attached hereto.

PLEASE TAKE FURTHER NOTICE that any hearing scheduled pursuant to the

Order is hereby cancelled.

2

PLEASE TAKE FURTHER NOTICE that the Debtors' election to accept the

Claimant's Asserted Estimated Amount is without prejudice to the Debtors' right to object to any

other claims in these chapter 11 cases, or to further object to the Proof of Claim, on any grounds

whatsoever.

Dated:  New York, New York
_____ \_, 200\_

> SKADDEN, ARPS, SLATE, MEAGHER &
>   FLOM LLP
>
> By:_____
>     John Wm. Butler, Jr. (JB 4711)
>     John K. Lyons (JL 4951)
>     Ron E. Meisler (RM 3026)
> 333 West Wacker Drive, Suite 2100
> Chicago, Illinois  60606
> (312) 407-0700
>
> By:_____
>     Kayalyn A. Marafioti (KM 9632)
>     Thomas J. Matz (TM 5986)
> Four Times Square
> New York, New York 10036
> (212) 735-3000
>
> Attorneys for Delphi Corporation, et al.,
>     Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

In re                       :     Chapter 11
                         :

DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                         :

             Debtors.     :     (Jointly Administered)
                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503(b) AUTHORIZING
DEBTORS TO APPLY CLAIMS OBJECTION PROCEDURES TO
<u>ADDRESS CONTESTED ADMINISTRATIVE EXPENSE CLAIMS</u>

("ORDER AUTHORIZING USE OF ADMINISTRATIVE CLAIM OBJECTION PROCEDURES")

           Upon the motion (the "Motion"), dated July 31, 2009, of Delphi Corporation (now

known as DPH Holdings Corp.) and certain of its subsidiaries and affiliates, former debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Reorganized Debtors"), for

entry of an order authorizing the Reorganized Debtors to apply the claims objection procedures

set forth in the Order Pursuant To 11 U.S.C. §§ 502(b) And 502(c) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings

Regarding Disallowance Or Estimation Of Claims And (ii) Certain Notices And Procedures

Governing Hearings Regarding Disallowance Or Estimation Of Claims on December 6, 2006

(the "Claim Objection Procedures Order") (Docket No. 6089) to contested administrative

expense claims; and upon the record of the August 20, 2009 hearing held on the Motion; and

counsel for the Reorganized Debtors having represented that GM Components[1] and DIP Holdco

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.



3 have agreed to the terms of this order; and after due deliberation thereon; and good and

sufficient cause appearing therefor,

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      The Motion is GRANTED as provided herein.

2.      The Reorganized Debtors are authorized and directed to apply the claims

objection procedures set forth in the Claims Objection Procedures Order to any dispute with

respect to Administrative Claims.

3.      All Administrative Claims shall be subject to the Claims Objection

Procedures.

4.      With respect to any Administrative Claim that is to be paid by and/or is

the responsibility of either GM Components or DIP Holdco 3 pursuant to the DIP Lender-GM

Master Disposition Agreement (the "MDA"), DPH Holdings Corp. will (a) provide to GM

Components or DIP Holdco 3, as applicable, (i) written notice identifying the Administrative

Claim and (ii) reasonably requested documentation relating to the Administrative Claim, and (b)

work with GM Components or DIP Holdco 3, as applicable, to develop an appropriate strategy to

liquidate or seek disallowance of the Administrative Claim.

5.      DPH Holdings Corp. shall not enter into a settlement agreement or make a

payment on account of any Administrative Claim for which either GM Components or DIP

Holdco 3 is responsible without the express written consent of GM Components or DIP Holdco 3,

as applicable.  Additionally, to the extent GM Components or DIP Holdco 3 directs DPH

Holdings Corp. to resolve an Administrative Claim (for which GM Components or DIP Holdco 3

is responsible) in a particular manner, including the settlement or litigation of such claim, DPH

2

Holdings Corp. shall resolve the Administrative Claim in accordance with such direction at no further cost, liability, or expense to DPH Holdings Corp.

6.      If (a) GM Components or DIP Holdco 3, as applicable, requires DPH Holdings Corp. to liquidate or seek disallowance of an Administrative Claim or (b) after DPH Holdings Corp. applies the Claims Objection Procedures to liquidate or seek disallowance of an Administrative Claim and either GM Components or DIP Holdco 3 is subsequently determined to be responsible for such Administrative Claim pursuant to the MDA, the reasonable costs incurred by DPH Holdings Corp. of liquidating or seeking disallowance of such Administrative Claim, only to the extent incurred after DPH Holdings Corp. has given notice in accordance with paragraph 4(a), above, shall be reimbursed by whichever of GM Components or DIP Holdco 3 is responsible for such Administrative Claim pursuant to the MDA.  GM Components or DIP Holdco 3, as applicable, may elect at any time to assume responsibility for liquidating or seeking disallowance of any such Administrative Claim at its own expense.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: New York, New York
        October 22, 2009


____/s/Robert D. Drain_____
        UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT F

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
            In re                                         :    Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :    Case No. 05-44481 (RDD)
                                                          :
                                                          :    (Jointly Administered)
            Reorganized Debtors.                          :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF
ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330 (RANDY D. AUSTIN)

("SUPPLEMENTAL REPLY – RANDY D. AUSTIN")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 17330 (the "Supplemental Reply") filed by Randy D. Austin  and respectfully represent as follows:

<u>Background</u>

1.      On October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.      On July 6, 2009, Randy D. Austin (the "Claimant"), a retired employee of the Debtors, filed proof of administrative expense claim number 17330 (the "Administrative Claim") against Delphi Corporation.  The Administrative Claim asserts an administrative expense claim in the amount of (i) $35,260.00 for benefits arising under a severance agreement plus (ii) outplacement services (the "Claim").

3.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in,

2

the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified
Plan, art. 9.6

4.      On November 6, 2009, the Reorganized Debtors objected to the
Administrative Claim pursuant to the Reorganized Debtors' Thirty-Ninth Omnibus Objection
Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain Administrative
Expense (I) Workers' Compensation Claims, (II) Workers' Compensation Claims Transferred To
GM Buyers, And (III) Severance Claims (Docket No. 19045) (the "Thirty-Ninth Omnibus
Claims Objection").

5.      Mr. Austin submitted an undocketed letter in response to the Thirty-Ninth
Omnibus Claims Objection (the "First Response").

6.      On February 12, 2010, the Reorganized Debtors objected to the
Administrative Claim pursuant to the Reorganized Debtors' Forty-Fifth Omnibus Objection
Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain
Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate
Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims,
(II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow
Certain Administrative Expense Severance Claims (Docket No. 19423) (the "Forty-Fifth
Omnibus Claims Objection").

7.      On March 8, 2010, Mr. Austin submitted a letter in response to the Forty-
Fifth Omnibus Claims Objection (Docket No. 19651) (the "Second Response"), asserting that the
Debtors have satisfied the $35,260.00 asserted in the Administrative Claim, but requests an
arbitrary amount of $5,000.00 for the denial of outplacement services.

8.      On May 3, 2010, the Reorganized Debtors' filed the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 17330 (Randy D. Austin) ("Statement of Disputed Issues - Randy D. Austin") (Docket No. 19969) (the "May Statement Of Disputed Issues").

9.      On May 6, 2010, the Reorganized Debtors held a telephonic meet and confer with Mr. Austin, during which time Mr. Austin claimed that he contacted the Debtors' outplacement service provider, Lee Hecht Harrison ("LHH"), before July 1, 2009.  The Reorganized Debtors requested any documentation that Mr. Austin may have supporting that claim.

10.      On May 28, 2010, the Reorganized Debtors filed the Notice Of Adjournment Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of Administrative Expense Claim Number 17330 Filed By Randy D. Austin ("Notice Of Adjournment Of Claims Objection Hearing As To Proof Of Administrative Expense Claim Number 17330") (Docket No. 20204) anticipating documentation from Mr. Austin.

11.      On June 2, 2010, Mr. Austin submitted the Response Of Randy D. Austin To Objection To Claim No. 17330 (Docket No. 20213) (the "Third Response," together with the First Response and the Second Response, the "Responses"), asserting that he verbally contacted LHH, without stating the date and time the outplacement service provider was contacted.

12.      Subsequently, counsel for the Reorganized Debtors again requested information in support of Mr. Austin's $5,000 claim for outplacement services.  Specifically, the Reorganized Debtors requested:  (1) any documentation that supports Mr. Austin's claim that he placed a call to Lee Hecht Harrison Services between May 1, 2009 and July 1, 2009; (2) the date when Mr. Austin began employment after leaving the Debtors; (3) the name of Mr. Austin's

4

current employer; and (4) any documentation supporting any out of pocket cost that Mr. Austin

may have incurred while searching for employment.

13.    Mr. Austin responded that he began employment with General Electric on

December 14, 2009 and that he continues to be employed by General Electric.  Mr. Austin,

however, did not provide any documentation supporting his claim that he contacted LHH

between May 1, 2009 and July 1, 2009.

14.    On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims

Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative

Expense Claim Number 17330 (Randy D. Austin) (Docket No. 20454), scheduling an

evidentiary hearing on the merits of the Administrative Claim for September 24, 2010,[1] at 10:00

a.m. (prevailing Eastern time) in this Court.

<u>Argument</u>

15.    Mr. Austin has failed to provide sufficient evidence to support his claim.

The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of

claim does not include sufficient factual support, the proof of claim is not entitled to a

presumption of <u>prima</u> <u>facie</u> validity pursuant to Bankruptcy Rule 3001(f) .  <u>In re WorldCom, Inc.</u>,

No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that

alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation

to file substantiated proof of claim); <u>see also</u> <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d

Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support

claim); <u>In re Chiro Plus, Inc.</u> 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial

---

[1]    Pursuant to the Notice Rescheduling Of Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing
(Docket No. 20417), the Thirty-Seventh Claims Hearing was rescheduled from September 14, 2010 to September
24, 2010.

burden of sufficiently alleging claim and establishing facts to support legal liability); In re

Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).  Even if the allegations in the Proof of Claim were

sufficient to make a prima facie claim, the Debtors have rebutted that claim by providing specific

evidence refuting the validity of the Claim.  To shift the burden of production back to a claimant,

a debtor must "refute at least one of the allegations that is essential to the claim's legal

sufficiency." In re WorldCom, Inc.,  No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y.

2005) (citing  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)).  In this case, the

Debtors have refuted the allegations that are essential to the Claim. The burden therefore "reverts

to the claimant to prove the validity of the claim by a preponderance of the evidence . . . . The

burden of persuasion is always on the claimant."  Id.  Here, Mr. Austin has not met that burden.

        16.     In his Administrative Claim and Responses, Mr. Austin asserts that Delphi

owes him $5,000.00 for the denial of outplacement services, but he has failed to present any

compelling evidence demonstrating that the amounts asserted in the Claim are owing by the

Reorganized Debtors.  By contrast, as reflected in the declaration of Dean Unrue, a copy of

which is attached hereto as Exhibit A, the Reorganized Debtors' believe that the they do not owe

Mr. Austin any amount.  (See Declaration Of Dean Unrue In Support Of Reorganized Debtors'

Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 17330

(Randy D. Austin) (the "Unrue Declaration").[2]  Mr. Austin has not met his burden and has failed

to adequately support his claims and establish that the Reorganized Debtors owe an outstanding

liability to Mr. Austin in the amount asserted in the Claim.

          17.    Moreover, the Debtors applied the same separation procedures to Mr.

Austin as all other similarly situated employees that were separated from the Debtors.  See Unrue

Declaration at ¶ 4. Specifically, when an employee is separated from Delphi, that employee

attends a separation meeting with a member of the Delphi human resources department.  See

Unrue Declaration at ¶ 4.  Mr. Austin's separation meeting took place on March 2, 2009 (the

"Separation Meeting").  Id.  During the Separation Meeting, Mr. Austin received, among other

things, the Delphi Separation Allowance Plan Employee Policy, Benefit And Outplacement

Services Information (the "SAP Package")  See Unrue Declaration at ¶ 5.  As is customary with

all separated employees, each page of the SAP Package was reviewed with Mr. Austin in the

presence of an executive from the functional area, including the contact information for LHH,

the Debtors' outplacement services provider as well as the deadline to request outplacement

services.  Id.  Mr. Austin did not contact either LHH or the Delphi human resources department

until July 17, 2009, nearly three weeks after the contact deadline.  See Unrue Declaration at ¶ 6.

No employee that has contacted LHH or Delphi human resources to obtain outplacement

services more than 60 days after separation has ever received such outplacement services.  Id.  In

addition, no former employee has ever received a monetary award in lieu of outplacement

services that were to be provided by LHH, even if contact was made within 60 days of separation.

Id.

---

[2]      The Reorganized Debtors also expressly incorporate their entire Amended And Restated  Statement Of
Disputed Issues With Respect To Proof Of Administrative Claim Number 17330 (Randy D. Austin)
(Docket No. 20478) into this Supplemental Reply.

18.    In his Responses, Mr. Austin contends that he was not able to contact either LHH or Delphi human resources due to a plant shutdown from June 29, 2009 through July 10, 2009.  However, the shutdown did not affect Mr. Austin's ability to contact  LHH, and his first contact to Delphi human resources employee, Lisa N. Fronk, regarding outplacement service was made on July 17, 2009, five days after the plant was reopened from shutdown and nearly three weeks after Mr. Austin's contact deadline. See Unrue Declaration at ¶ 6.  In his initial contact with Ms. Fronk, Mr. Austin explained that his contact was prompted by his interaction with another former employee who had made positive comments about LHH. See Unrue Declaration at ¶ 6.   Prior to that employee's positive comments to Mr. Austin about LHH, Mr. Austin made no attempt to contact LHH or Delphi human resources despite having the contact information in his possession.  Id.

19.    After numerous informal discovery requests, Mr. Austin was served with formal discovery request on August 17, 2010 requesting information describing the dates on which he contacted LHH or Delphi human resources and information describing out of pocket expenses he may have incurred while searching for employment.  Mr. Austin has failed to provide any information that supports his contention that he suffered any out of pocket expenses from the denial of outplacement services.  Moreover, Mr. Austin was not damaged by the denial of outplacement services.  Mr. Austin has received the very benefit that outplacement services was to provide because he has been gainfully employed since December 14, 2009.

20.    For all the reasons discussed above, the Reorganized Debtors are not liable to Mr. Austin for any amounts asserted in the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Administrative Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        August 26, 2010

SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

    - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

# Exhibit A

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

            - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
        In re                                 :        Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :        Case No. 05-44481 (RDD)
                                              :
                    Reorganized Debtors.  :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DECLARATION OF DEAN UNRUE IN SUPPORT OF REORGANIZED DEBTORS'
SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 17330 (RANDY D. AUSTIN)

("UNRUE DECLARATION – AUSTIN")

Dean Unrue declares as follows:

1.      DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors"), are the successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Debtors"), former debtors and debtors-in-possession in these Chapter 11 cases.  I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 17330 (Randy D. Austin) (the "Supplemental Reply").  Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, and my experience with and knowledge of Delphi's relationship with Randy D. Austin.  If I were called upon to testify, I could and would testify to the facts set forth herein.

3.      Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against the Debtors in these Chapter 11 cases.  I am responsible for, among other things, overseeing the investigation into and reconciliation of Mr. Austin's proof of administrative expense claim number 17330 (the "Claim").  I have drawn the following conclusions relevant to the Claim:

Review Of The Claim

4.      My staff routinely begins the investigation into a proof of claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.  During this review, I have determined that Mr. Austin was separated from Delphi on May 1, 2009.  When an employee is separated from Delphi that employee attends a separation meeting with a member of the Delphi human resources

2

department.  Mr. Austin's separation meeting took place on March 2, 2009 (the "Separation Meeting").

5.    During the Separation Meeting, Mr. Austin received, among other things, the Delphi Separation Allowance Plan Employee Policy, Benefit And Outplacement Services Information (the "SAP Package"), relevant portions of which are attached hereto as <u>Exhibit A</u>. As is customary with all separated employees, each page of the SAP Package was reviewed with Mr. Austin in the presence of an executive from the functional area, including the contact and deadline information for Lee Hecht Harrison ("LHH"), the Debtors' outplacement services provider.  As described during the Separation Meeting and in writing in the SAP Package, outplacement services should commence within 60 days of his separation – on or before June 29, 2010.  To receive outplacement serviced Mr. Austin was informed that he must contact  LHH or Delphi human resources on or before June 29, 2009.

6.    Although the plant was shut down from June 29, 2009 through July 10, 2009, the shutdown did not affect Mr. Austin's ability to contact LHH as described in the Separation Meeting.  Furthermore, his first contact to a Delphi human resources employee, Lisa N. Fronk, regarding outplacement service was made on July 17, 2009, five days after the plant was reopened from shutdown and nearly three weeks after Mr. Austin's contact deadline. In his initial contact with Ms. Fronk, Mr. Austin explained that his contact was prompted by his interaction with another former employee who had made positive comments about LHH. Prior to that employee's positive comments to Mr. Austin about LHH, Mr. Austin made no attempt to contact LHH, despite having the contact information in his possession.  No employee that has contacted LHH or Delphi human resources to obtain outplacement services more than 60 days after separation has ever received such outplacement services. In addition, no employee has ever

3

received a monetary award in lieu of outplacement services that were to be provided by LHH,

even if such employee made contact to either LHH or Delphi human resources within the 60 day

limitation.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the

foregoing statements are true and correct.

Executed on August 26, 2010 in Troy, Michigan.


*/s/ Dean Unrue*
Dean Unrue

# Exhibit A



# Delphi Separation Allowance Plan
## Employee Policy, Benefit and Outplacement Services Information

This material presents general information only and is based on policy and benefit plan provisions in effect as of this date. It is not intended to nor does it provide all details about each program and policy. Complete descriptions of each are contained in official plan documents that are the governing plans over other oral or written statements. Furthermore, Delphi Corporation reserves the right to amend, change, or terminate any program, benefit, or policy at any time. Only the Board of Directors, or its delegate, has this authority. The information contained herein and any specific item described does not imply any guarantee.

## POLICY PROVISIONS

**Eligibility**

Separation Allowance Plan benefits are payable to U.S. employees compensated as regular or flexible service salaried employees, who are separated from employment as the result of an Eligible Termination which includes without limitation:

- Mutually Satisfactory Release;
- Certain Special Separations which may include:
  — The closing of an office or business location;
  — A reduction in force;
  — Downsizing;
  — Restructuring, reorganization or re-engineering of a business group, unit or department;
  — Job elimination; or
  — Other circumstances Delphi determines which may or may not be characterized as a Limited Program of Terminations

Separation Allowance Plan benefits are not payable in the event of employment termination as a result of:

- Retirement;
- Quit (which includes an employee's failure to accept a suitable offer of employment);
- Discharge (for personal misconduct);
- Voluntary termination of employment unless the termination results from participation in a special incentive separation program which treats the separation as an Eligible Termination.
- Transfers between the Corporation and any of its wholly owned or substantially wholly owned domestic and foreign subsidiaries or other entity owned by Delphi;
- Separation arising out of outsourcing, the sale of a corporate unit, merger or other combination, spin-off, reorganization, liquidation, dissolution, or other winding up involving Delphi where the employee continues or is offered the opportunity to continue employment;
- A court decree;
- Death;
- Release due to unsatisfactory performance while in the Orientation and Development period;
- Final Release.

**Severance Pay**

Eligible Employees who <u>do not</u> sign a Release of Claims will be eligible to receive one (1) month's base pay if length of service is five (5) or more years. Employees with less than five (5) years of service will be paid only through the end of the month in which the Employee last works and receive no severance pay without signed Release of Claims.

Eligible Employees who <u>sign and do not</u> revoke a Release of Claims will be eligible to receive Severance Pay according to the following schedule:

| Length of Service | Months of Severance Pay |
|---|---|
| 0 but less than 5 | 1 months |
| 5 but less than 10 | 2 months |
| 10 but less than 15 | 3 months |
| 15 but less than 20 | 4 months |
| 20 but less than 25 | 5 months |
| 25 or more | 6 months |

Severance Pay will be:

- Based on the employee's unbroken length of service, calculated on full, 12 month, years of service.
- Calculated on the last monthly base salary except for those employees returning to "regular active" from "flexible service" status. An Employee who, at the time he or she is notified of their Eligible Termination, was a "flexible service" employee for less than 60 days and who, immediately prior to being classified "flexible service", was a "regular active" employee will be returned to "regular active" status for purposes of determining Severance Pay.
- Paid in semi-monthly payments based on the above table

- Taxable
- Severance Payments will begin the first regularly scheduled payroll following the date of separation if Human Resources received the signed Release of Claims and the seven-day revocation period has expired prior to the payroll processing cutoff. Otherwise, the Severance Payments will begin on the first available payroll processing date following receipt of the signed Release of Claims and expiration of the seven-day revocation period
- Payments may be reduced by any amount owed by the Employee to the Corporation.
- Severance Payments are issued as payroll live check, direct deposit will discontinue

## Other Transition Assistance

Other Transition Assistance consists of (1) the opportunity to utilize Delphi-provided outplacement services to assist employees in obtaining employment outside the Corporation and (2) a $2,000 payment included in the last regularly scheduled payroll check which the Employee, at his or her discretion, may use toward COBRA health care continuation coverage through Delphi. The local HR Representative will assist in scheduling outplacement service. Use of the outplacement service should commence within sixty days of separation and will generally be limited to six months in duration. 

- Eligible Employees who <u>sign</u> a Release of Claims will receive Severance Pay and Other Transition Assistance.
- Eligible Employees who <u>do not</u> sign a Release of Claims will not be eligible for Other Transition Assistance.

## Vacation

- Employees will vest vacation on a monthly basis.    <u>Example</u>: Separation effective 5/1/2009, vacation vested four (4) months or 33.3%.  Vacation for an employee with 5 yrs service = 120 hours, (120 x .333=39.96) hours vested, round to nearest whole or 40 hours of entitlement.
- Employees impacted by the <u>involuntary programs</u> will be allowed to revoke their deductions for purchased days with their final regularly scheduled paycheck.  Employees may use vacation purchased through payroll deductions; however no payment may be received after the plan year.  Employees who have used more days than deducted through payroll will have the remaining dollars deducted from their last regularly scheduled paycheck.  Vested vacation must be utilized prior to purchase days.

## Company Car Allowance

- Company car allowances will be discontinued at the end of the pay period in which the last day of work occurred.

## Tuition Assistance

- The tuition assistance program is suspended for 2009, employees will not be eligible for reimbursement of courses started after January 1, 2009.

## Incentive Compensation

- Employees must be on the active roll on date of the incentive compensation payout to be eligible to receive incentive compensation. Eligible employees who retire or accept a separation payment under Separation Allowance Plan guidelines prior to the payout maintain their eligibility to receive a prorated award.

## Flexible Compensation Payment

- The Flexible Compensation payment program is suspended for 2009 and will not be paid.

# Career Transition Service

### Delphi Corporation

Lee Hecht Harrison provides the following customized Career Transition Services. These services are designed to assist all levels in the organization make a successful career transition. It includes every element of support that an individual might need and has been tailored to meet the needs of Delphi's employees. Services are provided for the length of time specified by the organization.

### *Phase 1:  Months 1-3*

Built around LHH's proven **Milestones for Career Transition** process for successful job search.

- Includes both team and individual consultation with LHH consultants
- Personal and career assessment
- "Milestones" Seminar for Career Transition, Productivity Clinic
- Membership in Job Search Work Team
- Access to LHH office facilities and workspace or equivalent LHH@HOME administrative support
- Access to Career Resource Network
- Access to Interactive Workshops and LHH Job Lead Development activities
- Financial Planning seminars

### *Phase 2:  Months 4-6*

Milestones activity continues, with scheduled visits to LHH office to meet with LHH career consultant, and participate in Job Search Work Team on the day the team meets.  Access to workspace also provided on that day.  Access to Career Resource Network continues on remote basis (accessed from home 24/7, and from office on JSWT day).

### *Phase 3:  Months 7-8*

At completion of Month 6, client may be eligible for service continuation, if he/she has not yet landed and is fully engaged in search.  If so, an additional month of service (at same support level as Phase 2) will be provided.  A second month (to a maximum of two) may also be provided as necessary and appropriate.

LHH Career Transition Assistance:1-800-665-8193

# EXHIBIT G

**Hearing Date:  September 24,  2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |
|---|---|
| | : |
| In re | :   Chapter 11 |
| | : |
| DPH HOLDINGS CORP., et al., | :   Case No. 05-44481 (RDD) |
| | : |
| | :   (Jointly Administered) |
| Reorganized Debtors. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 10123 AND 10393 (HERAEUS ENTITIES)

("SUPPLEMENTAL REPLY – HERAEUS ENTITIES")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proofs Of Claim Numbers 10123 And 10393 filed by the Heraeus Entities[1] and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), ASEC Manufacturing General Partnership ("ASEC"), and Delphi Mechatronic Systems, Inc. ("Mechatronics") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      Prior to the Petition Date, certain of the Debtors manufactured and sold various products to the Heraeus Entities (the "Delphi Products").

3.      Prior to the Petition Date, the Heraeus Entities manufactured and sold various products to the Debtors (the "Heraeus Products").

4.      On or about December 6, 2005, the Heraeus Entities asserted certain rights of setoff pursuant to section 553 of the Bankruptcy Code and that certain Mutual Setoff Agreement, dated August 10, 2005, by and between certain of the Heraeus Entities and the Debtors (the "Setoff Request").

---

[1]      The Heraeus Entities include (a) Heraeus Amersil, Inc. aka Heraeus Tenevo ("Heraeus Amersil"), (b) Heraeus, Inc., Circuit Metals Division aka Heraeus Cermalloy, Inc., and Heraeus, Inc. Cermalloy Divison (collectively, "Heraeus Circuit Metals Division"), (c) Heraeus Precious Metals, LLC ("Heraeus Precious Metals"), (d) Heraeus Metal Processing, Inc. ("Heraeus Metal Processing"), and (e) Heraeus, Inc., Circuit Materials Division a/k/a Heraeus Cermalloy, Inc., and Heraeus, Inc., Cermalloy Divison (collectively, "Heraeus Circuit Materials Division").

2

5.      On July 21, 2006, Heraeus Metal Processing filed proof of claim number 10123 against ASEC asserting an unsecured non-priority claim in the amount of $322,860.53 arising from, among other things, the sale of Heraeus Products ("Claim 10123").

6.      On July 24, 2006, Heraeus Circuit Materials Division filed proof of claim number 10393 against Mechatronics asserting an unsecured non-priority claim in the amount of $594,923.93 arising from, among other things, the sale of Heraeus Products ("Claim 10393" and together with Claim 10123, the "Claims").  As acknowledged in the attachment to Claim 10393, Heraeus Precious Metals owes DAS LLC a receivable of $488,660.90 (the "Receivable").

7.      On October 31, 2006, the Debtors objected to the Claims pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

8.      On November 21, 2006, the Claimant filed Heraeus' Response To The Debtors' Second Omnibus Objection To Claims And Third Omnibus Objection To Claims (Docket No. 5652) (the "Response").

9.      On or about April 30, 2007, Heraeus Metal Processing transferred Claim 10123 to Contrarian Funds, LLC ("Contrarian") and Heraeus Circuit Metals transferred Claim 10393 to Liquidity Solutions, Inc. ("LSI").

10.      On or about May 4, 2007, LSI transferred Claim 10393 to SPCP Group, L.L.C., as agent for Silver Point Capital Fund L.P., and Silver Point Capital Offshore Fund, Ltd. ("Silver Point," and collectively with the Heraeus Entities and Contrarian, the "Claimant").

3

11.    On October 6, 2009, the Debtors substantially consummated the First

Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified

Plan, Delphi, DAS LLC, Mechatronnics, and ASEC emerged from chapter 11 as DPH Holdings

Corp., DPH-DAS LLC, DPH-Mechatronic Systems, LLC, and ASEC Manufacturing General

Partnership, respectively.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized

Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or

otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if

any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

12.    On June 8, 2010, the Reorganized Debtors filed the Notice Of Claims

Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10123 and

10393 (Heraeus Entities) (Docket No. 20232), scheduling an evidentiary hearing (the "Claims

Objection Hearing") on the merits of the Claims for August 12, 2010, at 10:00 a.m. (prevailing

Eastern Time) in this Court.

13.    On June 23, 2010, the Reorganized Debtors filed the Notice Of

Adjournment Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of

Claim Numbers 10123 And 10393 Filed By The Heraeus Entities (Docket No. 20268)

adjourning the Claims Objection Hearing to September 24, 2010,[2] at 10:00 a.m. (prevailing

Eastern Time) in this Court.

Argument

14.    The Claimant has failed to provide sufficient evidence to support its

claims.  The burden of proof to establish a claim against an estate rests on the claimant and, if a

proof of claim does not include sufficient factual support, the proof of claim is not entitled to a

presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f) .  In re WorldCom, Inc.,

No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that

alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation

to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d

Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support

claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial

burden of sufficiently alleging claim and establishing facts to support legal liability); In re

Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C.

May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it

entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524,

527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its

claim to have claim make prima facie case).  Even if the allegations in the Proof of Claim were

sufficient to make a prima facie claim, the Reorganized Debtors have rebutted that claim by

providing specific evidence refuting the validity of the Claim.  To shift the burden of production

back to a claimant, a debtor must "refute at least one of the allegations that is essential to the

---

[2]    Pursuant to the Notice Rescheduling Of Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing
(Docket No. 20417), the Thirty-Seventh Claims Hearing was rescheduled from September 14, 2010 to
September 24, 2010.

claim's legal sufficiency." In re WorldCom, Inc.,  No. 02-13533, 2005 WL 3832065, at *4

(Bankr. S.D.N.Y. 2005) (citing  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)).

Here, the Reorganized Debtors have refuted the allegations that are essential to the Claims. The

burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of

the evidence . . . . The burden of persuasion is always on the claimant." Id.  Here, the Claimant

has not met that burden.

(a)    The Debtors Do Not Owe Claimants The Amount Asserted In The Proofs Of Claim

15.    The Claimant asserts (i) in Claim 10393 that Mechatronics owes the

Claimant $594,923.93 based on goods sold and (ii) in Claim 10123 that ASEC owes the

Claimant $322,860.53 based on goods sold.  The Reorganized Debtors have reviewed the

information attached to the Claims and the Response and dispute the amount asserted in each

Claim.  By contrast, as reflected in the declaration of Dean Unrue, a copy of which is attached

hereto as Exhibit A, the Reorganized Debtors' believe that the they do not owe any amounts that

are not reconciled.  (See Declaration Of Dean Unrue In Support Of Reorganized Debtors'

Supplemental Reply With Respect To Proof Of Claim Numbers 10123 And 10393 (Heraeus

Entities) (the "Unrue Declaration")).

16.    Claim 10393. On September 28, 2007, Claim 10393 was capped at zero

pursuant to the this Court's Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating

And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving

Expedited Claims Estimation Procedures (Docket No. 9685).

17.    In addition, Claim 10393 was duplicative of proof of claim number 10394

("Claim 10394") which was asserted in the same exact amount as Claim 10393.  Claim 10394

was ordered allowed as a general unsecured non-priority claim in the amount of $503,252.02

6

pursuant to this Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I)

Expunging (A) Certain Salaried Pension And OPEB Claims, (B) Certain Wage And Benefit

Claims, And (C) Certain Individual Workers' Compensation Books And Records Claims And (II)

Modifying And Allowing Certain Claims (Docket No. 18932).  Because the underlying claim

asserted in Claim 10393 has been satisfied by the allowance of Claim 10394, Claim 10393

should be disallowed and expunged in its entirety.  Furthermore, as acknowledged in the

attachment to Claim 10393, Heraeus Precious Metals owes DPH-DAS LLC the total sum of

$488,660.90 as settlement of the Receivable.  See Unrue Declaration ¶ 7.  Although the claim

objection may be viewed as requesting affirmative relief against Heraeus Precious Metals, it is

entirely appropriate to proceed in the context of a claim objection and not through a separate

adversary proceeding.  See In re Metiom, Inc., 301 B.R. 634, 639 (Bankr. S.D.N.Y. 2003).

Indeed, the Court made clear in the Furukawa ruling in July 2007 that affirmative requests for

relief which, in that case, involved a $25 million affirmative claim against Furukawa, could be

joined in a claims objection and were best resolved in the context of the Claims Procedures

Order.  A copy of the transcript of the July 19, 2007 hearing is attached hereto as Exhibit B.

(See Tr. of July 19, 2007 Hr'g at 58-61.)

      18.    Claim 10123.  Based upon the Debtors' various accounts payable records,

$306,172.40 of the amounts reflected in Claim 10123 have been paid due to cure payments made

pursuant to section 365 of the Bankruptcy Code.  See Unrue Declaration ¶ 8.  This cure payment

was made in the form of wire number 3709300290JO0000, which was wired on October 17,

2008 to Heraeus Metal Processing.  See Unrue Declaration ¶ 8.  Therefore, $306,172.40 should

be subtracted from the amount claimed against ASEC.

19.    After taking into account the above-referenced deductions to the Proof of Claim, the Debtors reconciled the Claim 10123 as illustrated in the following chart:

| Claimant's Asserted Amount | | $322,860.53 |
|---|---|---|
| Modifications | Cure Payment | ($306,172.40) |
| Reconciled Amount | | $16,688.13 |

20.    ASEC Manufacturing General Partnership does not dispute the remaining $16,688.13 of Claim 10123 and requests that Claim 10123 be reduced to and allowed as a general unsecured non-priority claim against ASEC Manufacturing General Partnership in the amount of $16,688.13. See Unrue Declaration ¶ 10.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging Claim 10393 in its entirety, (b) allowing Claim 10123 as a general unsecured non-priority claim in the amount of $16,688.13 against ASEC Manufacturing General Partnership, (c) ordering Heraeus Precious Metals to pay DPH-DAS LLC the total sum of $488,660.90 as settlement of the Receivable within 30 days of entry of the Claims Objection Hearing, and (d) granting the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        August 26, 2010

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                    By:   /s/ John Wm. Butler, Jr.
                                         John Wm. Butler, Jr.
                                         John K. Lyons
                                         Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois 60606

                                         - and -

                                    Four Times Square
                                    New York, New York 10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                      Reorganized Debtors

9

# Exhibit A

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
         In re                                :    Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                 Reorganized Debtors.    :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DECLARATION OF DEAN UNRUE IN SUPPORT OF REORGANIZED
DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOFS
OF CLAIM NUMBERS 10123 AND 10393 (HERAEUS ENTITIES)

("UNRUE DECLARATION – HERAEUS ENTITIES")

Dean Unrue declares as follows:

1.     DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors") are the successors of Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), former debtors and debtors-in-possession in these Chapter 11 cases. I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Number 10123 And 10393 (Heraeus Entities) (the "Supplemental Reply"). Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2.     Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, and my experience with and knowledge of Delphi's relationship with the Heraeus Entities[1] (collectively, the "Claimant"). If I were called upon to testify, I could and would testify to the facts set forth herein.

3.     Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against the Debtors in these Chapter 11 cases. I am responsible for, among other things, overseeing the investigation into and reconciliation of the Heraeus Entities' proof of claim number 10123 ("Claim 10123") and proof of claim number 10393 ("Claim 10393" and together with Claim 10123, the "Claims"). I have drawn the following conclusions relevant to the Claims:

---

[1]    The Heraeus Entities include (a) Heraeus Amersil, Inc. aka Heraeus Tenevo ("Heraeus Amersil"), (b) Heraeus, Inc., Circuit Metals Division aka Heraeus Cermalloy, Inc., and Heraeus, Inc. Cermalloy Divison (collectively, "Heraeus Circuit Metals Division"), (c) Heraeus Precious Metals, LLC ("Heraeus Precious Metals"), (d) Heraeus Metal Processing, Inc. ("Heraeus Metal Processing"), and (e) Heraeus, Inc., Circuit Materials Division a/k/a Heraeus Cermalloy, Inc., and Heraeus, Inc., Cermalloy Divison (collectively, "Heraeus Circuit Materials Division").

<u>Review Of The Claims</u>

4.      My staff routinely begins the investigation into a proof of claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

5.      The Claimant asserts (i) in Claim 10393 that Mechatronics owes the Claimant $594,923.93 based on goods sold and (ii) in Claim 10123 that ASEC owes the Claimant $322,860.53 based on good sold.  The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amount asserted in each Claim.

6.      Claim 10393. After reconciling Claim 10393, Delphi objected to the claim on the Third Omnibus Claims Objection seeking to reduce the claim to $0.00 because it was duplicative of proof of claim number 10394.  On September 28, 2007, Claim 10393 was capped at $0.00 pursuant to the this Court's Order Pursuant To 11 U.S.C. §§ 105(a) And 502(c) (A) Estimating And Setting Maximum Cap On Certain Contingent Or Unliquidated Claims And (B) Approving Expedited Claims Estimation Procedures (Docket No. 9685).

7.      In addition, Claim 10393 was duplicative of proof of claim number 10394 ("Claim 10394") which was asserted in the same exact amount as Claim 10393.  Claim 10394 was ordered allowed as a general unsecured non-priority claim in the amount of $503,252.02 pursuant to this Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Expunging (A) Certain Salaried Pension And OPEB Claims, (B) Certain Wage And Benefit Claims, And (C) Certain Individual Workers' Compensation Books And Records Claims And (II) Modifying And Allowing Certain Claims (Docket No. 18932).  Because the underlying claim asserted in Claim 10393 has been satisfied by the allowance of Claim 10394, Claim 10393

3

should be disallowed and expunged in its entirety.  Furthermore, as acknowledged in the

attachment to Claim 10393, Heraeus Precious Metals owes DPH-DAS LLC the total sum of

$488,660.90 as settlement of the Receivable.

        8.    <u>Claim 10123</u>.  Based upon the Debtors' various accounts payable records,

$306,172.40 of the amounts reflected in Claim 10123 have been paid due to cure payments made

pursuant to section 365 of the Bankruptcy Code.  This cure payment was made in the form of

wire number 3709300290JO0000, which was wired on October 17, 2008 to Heraeus Metal

Processing.  Therefore, $306,172.40 should be subtracted from the amount claimed against

ASEC.

        9.    After taking into account the above-referenced deductions to Claim 10123,

the Debtors reconciled Claim 10123 as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $322,860.53 |
|---|---|---|
| <u>Modifications</u> | Cure Payment | ($306,172.40) |
| <u>Reconciled Amount</u> | | $16,688.13 |

        10.    ASEC Manufacturing General Partnership does not dispute the remaining

$16,688.13 of Claim 10123 and requests that Claim 10123 be reduced to and allowed as a

general unsecured non-priority claim against ASEC Manufacturing General Partnership in the

amount of $16,688.13.

        I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the

foregoing statements are true and correct.

Executed on August 26, 2010 in Troy, Michigan.


_/s/ Dean Unrue_
Dean Unrue

# EXHIBIT H

**Hearing Date: September 24, 2010**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :
    In re                      :    Chapter 11
                      :
DPH HOLDINGS CORP., et al.,    :    Case No. 05-44481 (RDD)
                      :
                      :    (Jointly Administered)
        Reorganized Debtors.    :
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 10835
(DENNIS DASHKOVITZ)

("SUPPLEMENTAL REPLY – DENNIS DASHKOVITZ")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-
captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental
Reply With Respect To Proof Of Claim Number 10835 (the "Supplemental Reply") filed by
Dennis Dashkovitz and respectfully represent as follows:

1.      On July 28, 2010, the Reorganized Debtors filed their Statement of
Disputed Issues With Respect To Proof Of Claim Number 10835 (Dennis Dashkovitz) (Docket
No. 20473) (the "Statement of Disputed Issues").

2.      Because Mr. Dashkovitz has not filed a supplemental response, the
Statement of Disputed Issues is uncontested and the Reorganized Debtors rely upon the
Statement of Disputed Issues.

3.      In the event that Mr. Dashkovitz files a supplemental response or
otherwise raises additional issues contesting the assertions in the Statement of Disputed Issues,
the Reorganized Debtors reserve all of the their rights to (a) supplement this Supplemental Reply
and (b) assert that Mr. Dashkovitz has not followed the claims objection procedures approved by
this Court.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) disallowing and expunging the proof of claim number 10835 in its entirety (b)

granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          August 26, 2010

                     SKADDEN, ARPS, SLATE, MEAGHER
                       & FLOM LLP

                     By:  /s/ John Wm. Butler, Jr.
                       John Wm. Butler, Jr.
                       John K. Lyons
                       Ron E. Meisler
                     155 North Wacker Drive
                     Chicago, Illinois 60606

                         - and -

                     Four Times Square
                     New York, New York 10036

                     Attorneys for DPH Holdings Corp., et al.,
                       Reorganized Debtors

# EXHIBIT I

Hearing Date:  September 24, 2010
Hearing Time:  10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
        In re                                         :     Chapter 11
                                                      :
DPH HOLDINGS CORP., et al.,                           :     Case No. 05-44481 (RDD)
                                                      :
                                                      :     (Jointly Administered)
            Reorganized Debtors.                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 9396
(DAVID LYONS)

("SUPPLEMENTAL REPLY – DAVID LYONS")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 9396 (the "Supplemental Reply") filed on behalf of David Lyons and respectfully represent as follows:

1.      On July 28, 2010, the Reorganized Debtors filed their Statement Of Disputed Issues With Respect To Proof Of Claim Number 9396 (David Lyons) (Docket No. 20474) (the "Statement of Disputed Issues").

2.      Because a supplemental response was not filed on behalf of Mr. Lyons, the Statement of Disputed Issues is uncontested and the Reorganized Debtors rely upon the Statement of Disputed Issues.

3.      In the event that a party files a supplemental response or otherwise raises additional issues contesting the assertions in the Statement of Disputed Issues on behalf of Mr. Lyons, the Reorganized Debtors reserve all of the their rights to (a) supplement this Supplemental Reply and (b) assert that the party filing on behalf of Mr. Lyons has not followed the claims objection procedures approved by this Court.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) disallowing and expunging the Proof of Claim 9396 in its entirety (b) granting the

Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          August 26, 2010

                            SKADDEN, ARPS, SLATE, MEAGHER
                              & FLOM LLP

                            By:   /s/ John Wm. Butler, Jr.
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                            155 North Wacker Drive
                            Chicago, Illinois 60606

                                  - and -

                            Four Times Square
                            New York, New York 10036

                            Attorneys for DPH Holdings Corp., et al.,
                              Reorganized Debtors

# EXHIBIT J

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
     In re                        :    Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,      :    Case No. 05-44481 (RDD)
                                    :
                                    :    (Jointly Administered)
          Reorganized Debtors.     :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 12251
(STEVEN STREETER)

("SUPPLEMENTAL REPLY – STEVEN STREETER")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 12251 (the "Supplemental Reply") filed by Steven Streeter and respectfully represent as follows:

1.    On July 28, 2010, the Reorganized Debtors filed their Statement Of Disputed Issues With Respect To Proof Of Claim Number 12251 (Steven Streeter) (Docket No. 20477) (the "Statement of Disputed Issues").

2.    Because Mr. Streeter has not filed a supplemental response, the Statement of Disputed Issues is uncontested and the Reorganized Debtors rely upon the Statement of Disputed Issues.

3.    In the event that Mr. Streeter files a supplemental response or otherwise raises additional issues contesting the assertions in the Statement of Disputed Issues, the Reorganized Debtors reserve all of the their rights to (a) supplement this Supplemental Reply and (b) assert that Mr. Streeter has not followed the claims objection procedures approved by this Court.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) disallowing and expunging the proof of claim number 12251 in its entirety (b)

granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          August 26, 2010

                          SKADDEN, ARPS, SLATE, MEAGHER
                             & FLOM LLP

                          By:   /s/ John Wm. Butler, Jr.
                                John Wm. Butler, Jr.
                                John K. Lyons
                                Ron E. Meisler
                          155 North Wacker Drive
                          Chicago, Illinois 60606

                                - and -

                          Four Times Square
                          New York, New York 10036

                          Attorneys for DPH Holdings Corp., et al.,
                             Reorganized Debtors

# EXHIBIT K

Hearing Date:  September 24, 2010
Hearing Time:  10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
        In re                                         :     Chapter 11
                                                      :
DPH HOLDINGS CORP., et al.,                           :     Case No. 05-44481 (RDD)
                                                      :
                                                      :     (Jointly Administered)
            Reorganized Debtors.                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 7658
(ROBERT STASIK)

("SUPPLEMENTAL REPLY – ROBERT STASIK")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 7658 (the "Supplemental Reply") filed by Robert Stasik and respectfully represent as follows:

1.    On July 28, 2010, the Reorganized Debtors filed their Statement Of Disputed Issues With Respect To Proof Of Claim Number 7658 (Robert Stasik) (Docket No. 20476) (the " Statement of Disputed Issues").

2.    Because Mr. Stasik has not filed a supplemental response, the Statement pf Disputed Issues is uncontested and the Reorganized Debtors rely on the Statement of Disputed Issues.

3.    In the event that Mr. Stasik files a supplemental response or otherwise raises additional issues contesting the assertions in the Statement of Disputed Issues, the Reorganized Debtors reserve all of the their rights to (a) supplement this Supplemental Reply and (b) assert that Mr. Stasik has not followed the claims objection procedures approved by this Court.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging proof of claim number 7658 in its entirety (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          August 26, 2010

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                        By:  /s/ John Wm. Butler, Jr.
                            John Wm. Butler, Jr.
                            John K. Lyons
                            Ron E. Meisler
                        155 North Wacker Drive
                        Chicago, Illinois 60606

                          - and -

                        Four Times Square
                        New York, New York 10036

                        Attorneys for DPH Holdings Corp., et al.,
                          Reorganized Debtors

3

# EXHIBIT L

Hearing Date:  September 24, 2010
Hearing Time:  10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
           In re                                          :   Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :   Case No. 05-44481 (RDD)
                                                          :
                                                          :   (Jointly Administered)
           Reorganized Debtors.                           :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH
RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NO. 19601
(TERRY L. ROE)

("SUPPLEMENTAL REPLY – TERRY L. ROE")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 19601 (the "Supplemental Reply") filed by Terry L. Roe and respectfully represent as follows:

1.      On July 28, 2010, the Reorganized Debtors filed their Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19601 (Terry L. Roe) (Docket No. 20475) (the "Statement of Disputed Issues").

2.      Because Mr. Roe has not filed a supplemental response, the Statement of Disputed Issues is uncontested and the Reorganized Debtors rely upon the Statement of Disputed Issues.

3.      In the event that Mr. Roe files a supplemental response or otherwise raises additional issues contesting the assertions in the Statement of Disputed Issues, the Reorganized Debtors reserve all of the their rights to (a) supplement this Supplemental Reply and (b) assert that Mr. Roe has not followed the claims objection procedures approved by this Court.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging proof of administrative expense claim number 19601 in its entirety (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          August 26, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:  /s/ John Wm. Butler, Jr.
                                   John Wm. Butler, Jr.
                                   John K. Lyons
                                   Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                   - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

3

# EXHIBIT M

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
           In re                                        :    Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :    Case No. 05-44481 (RDD)
                                                        :
                                                        :    (Jointly Administered)
           Reorganized Debtors.                         :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY
WITH RESPECT TO PROOF OF CLAIM NO. 350
(BRIAN LEE PENLEY)

("SUPPLEMENTAL REPLY – BRIAN LEE PENLEY")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Supplemental Reply With Respect To Proof Of Claim Number 350 (the "Supplemental Reply") filed by Brian Lee Penley and respectfully represent as follows:

<u>Preliminary Statement</u>

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates former debtors and debtors-in-possession (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On November 4, 2005, Mr. Penley filed proof of claim number 350 (the "Proof of Claim") against Delphi, which asserts an unsecured priority claim in the amount of $9,210.55 (the "Claim") stemming from the loss of Mr. Penley's tools.

3.      On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

4.      On November 24, 2006, Mr. Penley filed his response to the Third Omnibus Claims Objection (Docket No. 5932) (the "Response").

5.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

2

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified

Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.  Article 9.6(a) of the Modified

Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering,

disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in,

the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified

Plan, art. 9.6.

   6.  On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims

Objection Hearing With Respect To Debtors' Objection To Proof Of Claim Number 350 (Brian

Lee Penley) (Docket No. 20453), scheduling an evidentiary hearing on the merits of the Claim

for September 24, 2010,[1] at 10:00 a.m. (prevailing Eastern time) in this Court.

Argument

A. Delphi Corporation Does Not Owe Mr. Penley The Amount Asserted In The Proof Of Claim

   7.  Mr. Penley has failed to provide sufficient evidence to support his claim.

The burden of proof to establish a claim against an estate rests on the claimant and, if a proof of

claim does not include sufficient factual support, the proof of claim is not entitled to a

presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f).  In re WorldCom, Inc.,

No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that

alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation

---

[1] Pursuant to the Notice Of Rescheduling Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing (Docket No. 20417), the Thirty-Seventh Claims Hearing was rescheduled from September 14, 2010 to September 24, 2010.

to file substantiated proof of claim); see also In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case). Even if the allegations in the Proof of Claim were sufficient to make a prima facie claim, the Debtors have rebutted that claim by providing specific evidence refuting the validity of the Claim. To shift the burden of production back to a claimant, a debtor must "refute at least one of the allegations that is essential to the claim's legal sufficiency." In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. 2005) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir.1992)). Here, the Debtors have refuted the allegations that are essential to the Proof of Claim. The burden therefore "reverts to the claimant to prove the validity of the claim by a preponderance of the evidence . . . . The burden of persuasion is always on the claimant." Id. Here, Mr. Penley has not met that burden.

8.    Mr. Penley asserts in the Proof of Claim that Delphi owes him an unsecured priority claim in the amount of $9,210.55 stemming from the loss of his personal tools left on the premises of Delphi Electronics & Safety, a division of Delphi, following his October 2003 discharge from that company. By contrast, as reflected in the declaration of Dean Unrue,

the Reorganized Debtors' do not owe Mr. Penley any amount. (See Decl. Of Dean Unrue In

Supp. Of Debtors' Supplemental Reply (the "Unrue Decl."), attached hereto as Exhibit A.)[2]

       9.     Following Mr. Penley's discharge, Delphi attempted to mail Mr. Penley

his tools, but Mr. Penley refused to accept delivery. Unrue Decl. ¶ 6. The items were sent back

to Delphi and subsequently could not be located. Id. Mr. Penley then filed a grievance with the

International Union, United Automobile, Aerospace and Agricultural Implement Workers of

America (the "UAW") protesting his discharge from Delphi and the loss of his personal tools.

Unrue Decl. ¶ 7. This grievance was settled between Delphi and the UAW, on behalf of Mr.

Penley, on April 29, 2004 based on Delphi's agreement to pay Mr. Penley $7,600.00. Id. A copy

of the settlement is attached to the Unrue Decl. as Exhibit 1.

       10.    According to the "Settlement Between the Parties" dated April 29, 2004

(the "Settlement"), "all grievances or issues involved (including financial claims for missing

personal items) are considered settled between the parties and fully resolve any and all claims by

Mr. Brian Penley." Unrue Decl. Exhibit 1.

       11.    The UAW had authority to settle the grievance on behalf of Mr. Penley

under the collective bargaining agreement between Delphi Corporation and the UAW (the

"CBA"). Unrue Decl. ¶ 9. Specifically, paragraph 53 of the CBA states that the "disposition or

settlement, by and between the Corporation and the Union, of any grievance or other matter,

shall constitute a full and complete settlement thereof and shall be final and binding upon the

Union and its members, the employee or employees involved and the Corporation." A copy of

the relevant portion of paragraph 53 of the CBA is attached to the Unrue Decl. as Exhibit 2. The

_____

[2]     The Reorganized Debtors also expressly incorporate their entire Statement of Disputed Issues With Respect
to Proof of Claim No. 350 (Brian Lee Penley) (Docket No. 20479) into this Supplemental Reply.

5

Supreme Court has recognized the exclusive ability of a union to settle its members' grievances where a collective bargaining agreement so empowers the union. Vaca v. Sipes, 386 U.S. 171, 184, 191-94 (1967) (recognizing that a union must "make decisions as to the merits of particular grievances" in exercising its authority in deciding whether to settle grievances or pursue them to arbitration). Similarly, the National Labor Relations Board has recognized the ability of the UAW to settle grievances of its members. See Local 909, Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. (UAW), AFL-CIO, 325 N.L.R.B. 859 (1998) (UAW owes its members a duty of fair representation when settling their grievances). Thus, the Settlement is binding on Mr. Penley and he has no recourse against the Reorganized Debtors to pursue his Claim.

12.    Mr. Penley cashed the settlement checks totaling $4,609.01 (the net amount after withholdings from the $7,600.00 gross payment) and the checks cleared on July 1, 2005. Unrue Decl. ¶ 10. Copies of the cleared checks are attached to the Unrue Decl as Exhibit 3.[3]

13.    Prior to cashing the settlement checks, Mr. Penley mailed a letter to Delphi dated June 14, 2004 seeking clarification regarding the checks. Unrue Decl. ¶ 11. A copy of Mr. Penley's letter is attached to the Unrue Decl. as Exhibit 5. On June 18, 2004, a representative of Delphi responded to Mr. Penley's letter stating that it is "Management's position that the checks received by you totally settled all grievances or issues (including financial claims

---

[3]    Mr. Penley made the following notation on the back of the settlement checks: "I do not acknowledge this as payment in full for tools lost while in Delphi's possession." Because the UAW settled the grievance on behalf of Mr. Penley and the checks were issued in accordance with the Settlement, this notation does not alter the Settlement.

for missing personal items) as stated on the settlement." A copy of Delphi's response to Mr.

Penley's letter is attached to the Unrue Decl. as Exhibit 6.

14.    However, despite the Settlement, on July 11, 2005, Mr. Penley filed a

small claims lawsuit in Hamilton County, Indiana seeking further payment for the loss of his

tools. The lawsuit was stayed on October 18, 2005 due to Delphi's bankruptcy. Unrue Decl. ¶

11.

15.    Because Mr. Penley cashed the settlement checks, and pursuant to the

Settlement, no liability exists against the Reorganized Debtors for any amounts that Mr. Penley

asserts in the Proof of Claim. Accordingly, the Claim should be disallowed and expunged in its

entirety.

**B.**    <u>Mr. Penley Provides No Basis For Priority Under 11. U.S.C. § 507(a) On The Amounts
Asserted In The Proof Of Claim</u>

16.    Mr. Penley asserts an unsecured priority claim on the Proof of Claim yet

provides no support indicating why the Claim is entitled to priority under 11 U.S.C. § 507(a).

The Reorganized Debtors are not aware of any reason why Mr. Penley's claims should be

entitled to priority. Accordingly, while the Proof of Claim should be disallowed and expunged,

in the event it is not, it should be modified from an unsecured priority claim to a general

unsecured non-priority claim.

17.    For all the reasons discussed above, the Reorganized Debtors are not liable

to Mr. Penley for any amount and the Claim should be disallowed and expunged in its entirety.

However, if this Court finds – and the Reorganized Debtors believe there is no basis for such a

finding – that the Proof of Claim should be allowed, the Reorganized Debtors request the Proof

of Claim be allowed as a general unsecured non-priority claim. The Reorganized Debtors

reserve all of the their rights to (a) supplement this Supplemental Reply in the event that Mr.

7

Penley files any additional pleading in connection with this matter and (b) assert that Mr. Penley

has not followed the claim objection procedures approved by this Court.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) disallowing and expunging the Proof of Claim in its entirety, or if the Court finds the

Proof of Claim shout not be disallowed and expunged, allowing the Proof of Claim as a general

unsecured non-priority claim and (b) granting the Reorganized Debtors such other and further

relief as is just.

Dated:    New York, New York
          August 26, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John Wm. Butler, Jr.
                                    John Wm. Butler, Jr.
                                    John K. Lyons
                                    Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                    - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors

8

# Exhibit A

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler


     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :
     In re                :   Chapter 11
                      :
DPH HOLDINGS CORP., et al.,    :   Case No. 05-44481 (RDD)
                      :
                      :   (Jointly Administered)
       Reorganized Debtors.   :
                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DECLARATION OF DEAN UNRUE IN SUPPORT OF SUPPLEMENTAL
REPLY WITH RESPECT TO PROOF OF CLAIM NO. 350
(BRIAN LEE PENLEY)

("UNRUE DECLARATION – BRIAN LEE PENLEY")

Dean Unrue declares as follows:

1.      DPH Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors") are the successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Debtors"), former debtors and debtors-in-possession in these Chapter 11 cases.  I submit this declaration in support of the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Number 350 (the "Supplemental Reply") filed by Brian Lee Penley.  Capitalized terms not otherwise defined in this declaration have the meanings ascribed to them in the Supplemental Reply.

2.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents and data, my opinion, knowledge obtained from Delphi employees reporting to me and upon which and whom I rely in the regular course of performing our respective duties on behalf of the Reorganized Debtors, and my experience with and knowledge of Delphi's relationship with Mr. Penley.  If I were called upon to testify, I could and would testify to the facts set forth herein.

3.      Since May 2006, I have served as the senior Delphi Claims Administrator, responsible for overseeing the reconciliation and settlement of all proofs of claim filed against Delphi in these Chapter 11 cases.  I am responsible for, among other things, overseeing the investigation into and reconciliation of Mr. Penley's proof of claim number 350 (the "Proof of Claim").  Based on the information provided to me, I have drawn the following conclusions relevant to the Proof of Claim:

4.      My staff routinely begins the investigation into a claim by reviewing the exhibits supporting the claim that are attached to the proof of claim, the response, and any supplemental response that has been filed.

5.      Mr. Penley asserts in the Proof of Claim that Delphi owes him an unsecured priority claim in the amount of $9,210.55 stemming from the loss of his personal tools left on the premises of Delphi Electronics & Safety, a division of Delphi.  I believe that the liability asserted in the Proof of Claim is not owing.

6.      Following Mr. Penley's discharge, Delphi attempted to mail Mr. Penley his tools, but Mr. Penley refused to accept delivery.  The items were sent back to Delphi and subsequently could not be located.

7.      Mr. Penley filed a grievance with UAW protesting his discharge from Delphi and the loss of his personal tools.  This grievance was settled between Delphi and the UAW on April 29, 2004 based on Delphi's agreement to pay Mr. Penley $7,600.00 as reflected on the Settlement Between the Parties dated April 29, 2004, attached hereto as <u>Exhibit 1</u>.

8.      According to the "Settlement Between the Parties," "all grievances or issues involved (including financial claims for missing personal items) are considered settled between the parties and fully resolve any and all claims by Mr. Brian Penley." <u>Exhibit 1</u>.

9.      The union had authority to settle the grievance on behalf of Mr. Penley under the collective bargaining agreement between Delphi Corporation and the UAW (the "CBA").  Specifically, paragraph 53 of the CBA states that the "disposition or settlement, by and between the Corporation and the Union, of any grievance or other matter, shall constitute a full and complete settlement thereof and shall be final and binding upon the Union and its members,

3

the employee or employees involved and the Corporation." A copy of the relevant portion of paragraph 53 of the CBA is attached hereto as Exhibit 2.

10.     Mr. Penley cashed the settlement checks totaling $4,609.01 (the net amount after withholdings from the $7,600.00 gross payment) and the checks cleared on July 1, 2005.  A copy of the cashed checks is attached hereto as Exhibit 3 and a copy of the Hourly Supplemental Draft Form showing the amount withheld for tax purposes is attached hereto as Exhibit 4.

11.     Prior to cashing the checks, Mr. Penley mailed a letter to Delphi dated June 14, 2004 seeking clarification regarding the settlement checks. Mr. Penley's letter is attached hereto as Exhibit 5.  On June 18, 2004, a representative of Delphi responded to Mr. Penley's letter stating that it is "Management's position that the checks received by you totally settled all grievances or issues (including financial claims for missing personal items) as stated on the settlement."  Delphi's response to Mr. Penley's letter is attached hereto as Exhibit 6.

12.     On July 11, 2005, Mr. Penley filed a small claims lawsuit in Hamilton County, Indiana seeking further payment for the loss of his tools.  The lawsuit was stayed on October 18, 2005 due to Delphi's bankruptcy.

13.     Because Mr. Penley cashed the settlement checks, and pursuant to the Settlement, the Reorganized Debtors believe that no liability exists for any amounts that Mr. Penley asserts in the Proof of Claim.  Accordingly, I believe that no amounts are due to Mr. Penley.

4

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the

foregoing statements are true and correct.

Executed on August 26, 2010 in Troy, Michigan.

*/s/Dean Unrue*
Dean Unrue

## **Exhibit 1**

**Redacted**

**Settlement Between the Parties**

Date _4-29-04_

Based upon an Agreement reached between the parties, on the above indicated date, all

grievances or issues involved (including financial claims for missing personal items) are

considered settled between the parties and fully resolve any and all claims by Mr. Brian

Penley, SS# **Redacted**

_____          _____
Union                                    Management

_____          _____

**Exhibit 2**



*Agreement*

**Between**

**DELPHI CORPORATION**

**and the**

**UAW**

DELPHI   UAW

*September 18, 2003*

**(Effective October 6, 2003)**

(53) There shall be no appeal from the Umpire's decision, which will be final and binding on the Union and its members, the employee or employees involved and the Corporation. The Union will discourage any attempt of its members, and will not encourage or cooperate with any of its members, in any appeal to any Court or Labor Board from a decision of the Umpire.

With respect to the processing, disposition and/or settlement of any grievance initiated under the Grievance Procedure Section of this Agreement, and with respect to any court action claiming or alleging a violation of this Agreement or any local or other agreement amendatory or supplemental hereto, the Union shall be the sole and exclusive representative of the employee or employees covered by this Agreement. The disposition or settlement, by and between the Corporation and the Union, of any grievance or other matter, shall constitute a full and complete settlement thereof and shall be final and binding upon the Union and its members, the employee or employees involved and the Corporation.

Neither the Corporation, nor the Union, nor any employee or group of employees, may initiate or cause to be initiated or press any court action claiming or alleging a violation of this Agreement or any local or other agreement amendatory or supplemental hereto, where such claim is also the subject matter of a grievance which is then open at any step of this grievance procedure.

No employee or former employee shall have any right under this Agreement in any claim, proceeding, action or otherwise on the basis, or by reason, of any claim that the Union or any Union officer or representative has acted or failed to act relative to presentation, prosecution or settlement of any grievance

41

**Exhibit 3**

Aug-15-2005  10:52am  From-ACS                                          T-557   P.004/004   F-604



Redacted



Redacted

```
Posted    : 06/30/2005
Bank      : 0002
R/T       : 7240478
Account   : Redacted
Check
Amount    : 609.01
DIN       : 64048430
```

**Redacted**





```
Posted   : 06/30/2005
Bank     : 0002
R/T      : Redacted
Account  :
Check    : 8045592
Amount   : 2000.00
DIN      : 64048431
```

Redacted





```
Posted   : 06/30/2005
Bank     : 0002
R/T      : Redacted
Account
Check    : 8045593
Amount   : 2000.00
DIN      : 64048429
```

**Exhibit 4**

HOURLY SUPPLEMENTAL DRAFT FORM

*dated 6/24/05*

KOKOMO

55967

SUPPLE # 28

ROLL: 20

NAME Brian L. Penley

| | REGULAR | SA / WC | OFFCYCLE |
|---|---|---|---|
| | X | | |

**SS# Redacted**

W/E DATE 5/16/2004

Note: This is the 2nd re-issue for these checks

Type of replacement RU

CANCELED DRAFT
NUMBER: 730078-
730080

REPLACEMENT DRAFT
NUMBER: 8045592-
8045594

NET CHANGE

| | HOURS | MONEY | HOURS | MONEY | HOURS | MONEY |
|---|---|---|---|---|---|---|
| STRAIGHT TIME | | | | | | |
| OVERTIME | | | | | | |
| SHIFT PREMIUM | | | | | | |
| COLA | | | | | | |
| APPRENTICE | | | | | | |
| BREAVEMENT | | | | | | |
| GRIEVANCE | | | | | | |
| HOLIDAY PAY | | 7,600.00 | | 7,600.00 | | |
| JURY DUTY | | | | | | |
| MILITARY PAY | | | | | | |
| SWW - SCHEDULED | | | | | | |
| SWW - UNSCHEDULED | | | | | | |
| INDEPENDENCE WEEK | | | | | | |
| VACATION ENTITLEMENT | | | | | | |
| OTHER CODE>> | | | | | | |
| ENTER CODE: | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| GROSS PAY | | 7,600.00 | | 7,600.00 | | |
| PERSONAL SAVINGS PLAN | | | | | | |
| ADJUSTED GROSS PAY | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| FICA SS TAX | | 471.20 | | 471.20 | | |
| FICA HI TAX | | 110.20 | | 110.20 | | |
| FEDERAL TAX | | 2,064.13 | | 2,064.13 | | |
| STATE TAX CODE | 1300 | 256.44 | 1300 | 256.44 | | |
| LOCAL TAX CODE | 1369 | 76.00 | 1369 | 76.00 | | |
| LOCAL TAX CODF | | | | | | |
| LOCAL TAX CODE | | | | | | |
| ADVANCE (ADV) | | | | | | |
| APPRENTICE TOOL (APPT) | | | | | | |
| BOND | | | | | | |
| CHARITY (CHRU/CHAR) | | | | | | |
| CREDIT UNION (CU) | | | | | | |
| DEPENDENT GROUP LIFE (DGLI/DLI) | | | | | | |
| FICA RECOVERY (FIRR) | | | | | | |
| AUTO LOAN (GMAL) | | | | | | |
| GMAC INVESTMENT (GMEI) | | | | | | |
| GMAC MORTGAGE (GMMP) | | | | | | |
| HEALTH CARE DEP (HSM/HSMD) | | | | | | |
| INSURANCE (INS) | | | | | | |
| LAUNDRY (LDRY) | | | | | | |
| MERCHANDISE (MRCH) | | | | | | |
| OPTIONAL LIFE (OGLI/OLI) | | | | | | |
| OVERPAYMENT (OPAY) | | | | | | |
| POLITICAL ACTION (PAC) | | | | | | |
| PERSONAL ACCIDENT INS (PAI) | | | | | | |
| PLANT ACTIVITY (PLNT) | | | | | | |
| PERSONAL SAVINGS PLAN (PSP) | | | | | | |
| PSP LOAN REPAY (PSPL) | 4 | 13.02 | 4 | 13.02 | | |
| RECOVERY (RCVR) | | | | | | |
| RELOCATION (RELO) | | | | | | |
| S&A REPAY (SARE) | | | | | | |
| SAFETY GLASSES (SGLS) | | | | | | |
| SAFETY SHOES (SS/SON) | | | | | | |
| SUB REPAY (SUBR) | | | | | | |
| UNION DUES (UD/UDDB) | | | | | | |
| WAGE ATTACHMENT (WATT) | | | | | | |
| WATT FEE | | | | | | |
| ENTER CODE | | | | | | |
| OTHER CODE>> | | | | | | |
| TOTAL DEDUCTIONS | | 2,990.99 | | 2,990.99 | | |
| NET PAY - REGULAR / EFT | | 4,609.01 | | 4,609.01 | | |

*8045592 · 2000.⁰⁰*
*8045593 · 2000.⁰⁰*  } *Cleared*
*8045594 · 609.01*   *7/1/05*

## Exhibit 5

# BRIAN PENLEY

2918 East State Road 38
Westfield, IN 46074
317-877-0239

June 14, 2004

Delphi Delco
Att: Doug Ednie
Labor Relations
One Corporate Center
P.O. Box 9005
Kokomo, IN 46904-9005

Dear Mr. Edney,

The reason for this letter is to get clarification on the grievance checks I received. As you know I am appealing this grievance to the International Union. I need **in writing** from you clarification as to what to do with the checks I received. In particular I need to know if I am bound by the agreement between the company and the unions settlement of my grievance if I cash the checks and if so how do I go about returning the checks to the company. The Union has already stated if I cash the checks it has no bearing on my appeal on their end.

I will expect a reply to this request **in writing** by no later than June 30, 2004. This will give you ample time to respond to this request for clarification.

Sincerely,

Brian L. Penley

**<u>Exhibit 6</u>**

# DELPHI

Delco Electronics Systems

June 18, 2004

Brian Penley
2918 E. State Rd. 38
Westfield, IN  46074

Dear Mr. Penley,

In response to your letter dated June 14, 2004, Management agrees with the Union's
statement that if the checks are cashed or not cashed has no bearing on your appeal.
Please be aware that the checks are void 90 (ninety) days from date of issue if not cashed.
You will also find this information regarding timeliness printed on the checks.
Additionally, I must reiterate Management's position that the checks received by you
totally settled all grievances or issues (including financial claims for missing personal
items) as stated on the settlement.

I hope this letter has addresses your concerns; if not, please feel free to contact me.

Sincerely,

Doug Ednie

Doug Ednie

... & Safety

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Brian Penley
2918 E. State Rd. 38
Westfield, IN
     46074

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Brian Pen_    ☐ Agent
                 ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
  R McKinny      9-24-04
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
  ☑ Certified Mail    ☐ Express Mail
  ☐ Registered        ☐ Return Receipt for Merchandise
  ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 1680 0007 2234 3907

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT N

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Michigan Funds Administration | Dennis J Raterink Assistant Attorney General | Labor Division | PO Box 30736 | Lansing | MI | 48909 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:13 PM
Michigan Funds Administration Special Parties

# EXHIBIT O

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Ohio Bureau of Workers Compensation | Law Section Bankruptcy Unit | 30 W Spring St | PO Box 15567 | Columbus | OH | 43215-0567 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:16 PM
Ohio Workers Comp Special Parties

# EXHIBIT P

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Dykema Gossett PLLC | Jerome I Maynard | 10 S Wacker Dr Ste 2300 | | Chicago | IL | 60606 |
| Hobart Brothers Company | Attn Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | Southport | CT | 06890 |
| Illinois Tool Works Inc for Hobart Brothers Company | Attn Kristin B Mayhew Esq | c/o Pepe & Hazard LLP | 30 Jelliff Ln | Southport | CT | 06890 |
| K&L Gates LLP | Robert N Michaelson | 599 Lexington Avenue | | New York | NY | 10022-6030 |
| Mad River Transportation Inc | Christopher J Aluotto | Rendigs Fry Kiely & Dennis | One W Fourth St Ste 900 | Cincinnati | OH | 45202-3688 |
| Peerless Transportation Company | Christopher J Aluotto | Rendigs Fry Kiely & Dennis | One W Fourth St Ste 900 | Cincinnati | OH | 45202-3688 |
| Sensus Precision Die Casting Inc | Attn George M Cheever | c o K&L Gates LLP | Henry W Oliver Bldg 535 Smithfield St | Pittsburgh | PA | 15222-2312 |
| Tremont City Barrel Fill PRP Group | Sharon A Salinas Dykema Gosset | 10 S Wacker Dr Ste 2300 | | Chicago | IL | 60606 |
| Tri Mark Inc | Kristin B Mayhew Esq | c/o Pepe & Hazard LLp | 30 Jelliff Ln | Southport | CT | 06890 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:25 PM
Sufficiency Hearing Special Parties

# EXHIBIT Q

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | City | State | Zip | Email |
|---------|---------|----------|------|-------|-----|-------|
| Dykema Gossett PLLC | Jerome I Maynard | 10 S Wacker Dr Ste 2300 | Chicago | IL | 60606 | JMaynard@dykema.com |
| K&L Gates LLP | Robert N Michaelson | 599 Lexington Avenue | New York | NY | 10022-6030 | robert.michaelson@klgates.com |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)                    Page 1 of 1

8/27/2010 5:46 PM
Sufficiency Hearing Special Parties
Email (2)

# EXHIBIT R

DPH Holdings Corp.
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Randy D Austin | 2617 Hudson Aurora Rd | Hudson | OH | 44236-2325 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:10 PM
Austin Special Parties

# EXHIBIT S

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Contrarian Funds LLC | Attn Alisa Mumola | 411 W Putnam Ave Ste 225 | | Greenwich | CT | 06830 |
| Contrarian Funds LLC | Kasowitz Benson Torres & Friedman LLP | David S Rosner Adam L Shiff Daniel N Zinman Daniel A Fliman | 1633 Broadway 22nd Fl | New York | NY | 10019 |
| Liquidity Solutions Inc | Dba Revenue Management | One University Plaza Ste 312 | | Hackensack | NJ | 07601 |
| McDermott Will & Emery LLP | Peter Acton | 28 State Street | | Boston | MA | 02109-1775 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:12 PM
Heraeus Special Parties

# EXHIBIT T

DPH Holdings Corp.
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Dashkovitz Dennis | 9301 Buck Rd | Freeland | MI | 48623-0000 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:29 PM
Dashkovitz Special Parties

# EXHIBIT U

DPH Holdings Corp.
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Lyons David | 103 Autumn Ridge Trl | Farmersville | OH | 45325 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:30 PM
Lyons Special Parties

# EXHIBIT V

DPH Holdings Corp.
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Streeter Steven D | G 4210 Crosby Rd | Flint | MI | 48506-1463 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:30 PM
Streeter Special Parties

# EXHIBIT W

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | City | State | Zip |
|---|---|---|---|---|---|
| Stasik Robert | Michael H Glassman | 20 Park Place | Morristown | NJ | 07960 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:31 PM
Stasik Special Parties

# EXHIBIT X

DPH Holdings Corp.
Special Parties

| Company | Address1 | City | State | Zip |
|---|---|---|---|---|
| Terry L Roe | 3588 Bittersweet Dr | Columbiaville | MI | 48421 |

# EXHIBIT Y

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | City | State | Zip |
|---------|---------|----------|------|-------|-----|
| Brian Lee Penley | Brian Penley | 2918 E SR 38 | Westfield | IN | 46074 |

# EXHIBIT Z

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Mad River Transportation Inc | Robert F Brown | Rendigs Fry Kiely & Dennis | One W Fourth St Ste 900 | Cincinnati | OH | 45202-3688 |
| Peerless Transportation Co | Cathy McCoy Chris Bridges | One Specialty Place | PO Box 1296 | Dayton | OH | 45401 |
| Peerless Transportation Company | Robert F Brown | Rendigs Fry Kiely & Dennis | One W Fourth St Ste 900 | Cincinnati | OH | 45202-3688 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/27/2010 5:38 PM
Sufficiency Hearing Special Parties 100827