# EXHIBIT 28

BUTZEL LONG, a professional corporation
380 Madison Avenue
22nd Floor
New York, New York 10017
Barry N. Seidel
Eric B. Fisher
Cynthia J. Haffey
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
*Counsel for Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                    :
In re:                                              :          Chapter 11
                                                    :          Case No. 05-44481 [RDD]
        DPH HOLDINGS CORP, *et al*.,                :
                                                    :
                    Reorganized Debtors,            :
                                                    :
---------------------------------------------------------------x
                                                    :
DELPHI AUTOMOTIVE SYSTEMS, LLC                      :          Adv. Pro. No. 07-02236 [RDD]
                                                    :
                    Plaintiff,                      :
                                                    :
v.                                                  :
                                                    :
DSSI and DSSI, LLC,                                 :
                                                    :
                    Defendants.                     :
---------------------------------------------------------------x

## FIRST AMENDED COMPLAINT TO AVOID AND
## RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Plaintiff, and Delphi Automotive Systems, LLC ("Plaintiff"), by its counsel, Butzel Long,

a professional corporation, as and for its first amended complaint (the "First Amended

Complaint") against Defendants, DSSI and DSSI, LLC (collectively, "Defendants"), alleges the

following:

### INTRODUCTION

1.      Plaintiff brings this adversary proceeding (the "Adversary Proceeding") pursuant

to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment from this Court against Defendants to direct the return of certain transfers (the "Transfers") that were made by Plaintiff to Defendants as identified on Exhibit 1 attached hereto.

2.      On October 8, 2005 (the "Initial Filing Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

3.      On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Reorganized Debtors") filed voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code.

4.      The Reorganized Debtors' First Amended Joint Plan of Reorganization, as modified and amended, was confirmed by the Court on July 30, 2009 (the "Modified Plan") and became effective on October 6, 2009.

5.      Under the Modified Plan, general unsecured creditors in these chapter 11 cases will receive less than full value on account of their unsecured claims.

6.      Accordingly, pursuant to section 7.19 of the Modified Plan, the Reorganized Debtors retained the right to pursue the claims and causes of action asserted in this First Amended Complaint and to settle, release or compromise such claims and causes of action without further order of the Court.

### JURISDICTION AND VENUE

7.      This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

8.      Subject-matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

9.      Personal jurisdiction exists in this Court because Defendants conducted business in the United States and/or directed activities toward Plaintiff in the United States.

10.     Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

11.     Defendants were creditors of Plaintiff prior to the filing of the Reorganized Debtors' chapter 11 cases.

## PARTIES AND BACKGROUND

12.     Delphi Technologies, Inc. ("DTI") was a subsidiary or affiliate of Delphi, and one of the Reorganized Debtors in these chapter 11 proceedings.

13.     Plaintiff was the operating subsidiary of Delphi in North America that performed, among other things, accounting and payment functions for the Reorganized Debtors in connection with their manufacture of automotive parts, components, modules and assemblies through various divisions.

14.     DTI and Plaintiff entered into certain service agreements (the "Agreements") with Defendants for the performance of various services to the Reorganized Debtors, and Plaintiff assumed or otherwise became obligated for all payment obligations thereunder.

15.     Defendants are domestic entities located at 26261 Evergreen Road, Southfield, Michigan 48076.

16.     Pursuant to the terms of the Agreements, Defendants were required to perform certain services for the benefit of the Reorganized Debtors.

17.     Plaintiff did not accept physical invoices from Defendants in connection with Defendants' performance of services under the Agreements.

18.    Rather, Plaintiff used its accounts payable system to make payment to Defendants.

19.    During the ninety (90) days preceding the Initial Filing Date, Plaintiff made certain payments to Defendants in satisfaction of amounts due for the services previously rendered by Defendants under the Agreements (the "Transfers").  Such Transfers are identified on Exhibit 1 attached hereto.

## CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

20.    Plaintiff incorporates by reference the preceding allegations.

21.    On or within ninety (90) days prior to the Initial Filing Date, Plaintiff made, or caused to be made, the Transfers listed on Exhibit 1 to, or for the benefit of, Defendants.

22.    Such Transfers constituted transfers of interests in Plaintiff's property because they were made by Plaintiff from Plaintiff's account.

23.    Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to each Defendant indicated on Exhibit 1 as of the date on which each Transfer was made.  The documents evidencing the antecedent debt are, on information and belief, in Defendants' possession, and include the purchase orders and/or invoices exchanged between the parties, which purchase orders and/or invoices include evidence of the amount of the antecedent debt and the approximate dates the subject services contemplated by the Agreements were requested pursuant to the Agreements and/or were provided by Defendants.

24.    Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiff is presumed to have been, and was in fact, insolvent at the time the

4

Transfers were made.

25.      The Transfers enabled Defendants to receive more than they would have received

if (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) each Transfer had

not been made; and (iii) Defendants had received payment of the antecedent debt paid by each

Transfer to the extent provided by the Bankruptcy Code.  Specifically, Defendants were general

unsecured creditors of Plaintiff, and unsecured creditors in these chapter 11 cases will receive

less than full value on account of their unsecured claims.

26.      Based upon the foregoing, the Transfers constitute avoidable preferential transfers

pursuant to section 547(b) of the Bankruptcy Code.

27.      Pursuant to section 550(a) of the Bankruptcy Code, the Court should enter an

Order granting judgment in favor of Plaintiff and against each Defendant (i) avoiding the

Transfers each Defendant received, pursuant to section 547(b) of the Bankruptcy Code; (ii)

holding each Defendant liable in an amount not less than the amount of the Transfers it received,

plus interest from the date hereof and the costs and expenses of this action including, without

limitation, attorneys' fees; and (iii) ordering each Defendant to pay to Plaintiff the amount of the

Transfers it received, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a.      enter judgment in favor of Plaintiff and against each Defendant in an amount not

less than the amount of the Transfers each Defendant received, plus costs, interest and attorneys

fees as allowed by law;

b.      order each Defendant to pay to Plaintiff the amount of the Transfers it received,

pursuant to sections 547(b) and 550(a) of the Bankruptcy Code; and

c.      grant such other and further relief as this Court may deem just and proper.

5

DATED:        New York, New York
              September 7, 2010

                                        BUTZEL LONG, a professional corporation


                                        By:/s/Eric B.Fisher
                                              Eric B. Fisher (EF-1209)
                                        380 Madison Avenue
                                        22nd Floor
                                        New York, New York 10017
                                        Telephone: (212) 818-1110
                                        Facsimile: (212) 818-0494
                                        fishere@butzel.com
                                        Attorneys for Plaintiff


1230151

6

EXHIBIT 1

*Delphi Automotive Systems, LLC v. DSSI, LLC*

Adv. Pro. No.  07-02236 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Transfer Type |
|---|---|---|---|---|---|---|
| 07-02236 | DSSI | DAS LLC, Delphi Technologies | DAS LLC | 8/15/2005 | $ 1,312,400.48 | WIRE |
| 07-02236 | DSSI | DAS LLC, Delphi Technologies | DAS LLC | 9/30/2005 | $ 441,076.50 | WIRE |
| 07-02236 | DSSI | DAS LLC, Delphi Technologies | DAS LLC | 10/4/2005 | $ 1,025,771.16 | WIRE |
| 07-02236 | DSSI | DAS LLC, Delphi Technologies | DAS LLC | 10/6/2005 | $ 2,434,357.50 | WIRE |
| 07-02236 | DSSI | DAS LLC, Delphi Technologies | DAS LLC | 10/7/2005 | $ 1,093,981.40 | WIRE |
| 07-02236 | DSSI LLC | DAS LLC, Delphi Technologies | DAS LLC | 9/19/2005 | $ 5,232,374.64 | WIRE |
| 07-02236 | DSSI LLC | DAS LLC, Delphi Technologies | DAS LLC | 9/28/2005 | $ 2,600,471.84 | WIRE |

**Total Amount of Claims =    $   14,140,433.52**