# EXHIBIT 53

BUTZEL LONG, a professional corporation
380 Madison Avenue
22nd Floor
New York, New York 10017
Barry N. Seidel
Eric B. Fisher
Cynthia J. Haffey
Telephone: (212) 818-1110
Facsimile: (212) 818-0494
*Counsel for Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                                        :   Chapter 11
                                                              :   Case No. 05-44481 [RDD]
    DPH HOLDINGS CORP, *et al.*,                 :
                                                              :
              Reorganized Debtors,        :
                                                              :
---------------------------------------------------------------x
:
DELPHI AUTOMOTIVE SYSTEMS, LLC,                               :   Adv. Pro. No. 07-02333 [RDD]
                                                              :
               Plaintiff,                  :
                                                              :
v.                                                            :
                                                              :
GLOBE MOTORS, INC.,                                           :
                                                              :
               Defendant.                   :
---------------------------------------------------------------x

**FIRST AMENDED COMPLAINT TO AVOID AND**
**RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Plaintiff, Delphi Automotive Systems, LLC ("Plaintiff"), by its counsel, Butzel Long, a professional corporation, as and for its first amended complaint (the "First Amended Complaint") against Defendant, Globe Motors, Inc. (collectively, "Defendant"), alleges the following:

## INTRODUCTION

1. Plaintiff brings this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment from this Court against Defendant to direct the return of certain transfers (the "Transfers") that were made by Plaintiff to Defendant as identified on Exhibit 1 attached hereto.

2. On October 8, 2005 (the "Initial Filing Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

3. On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Reorganized Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

4. The Reorganized Debtors' First Amended Joint Plan of Reorganization, as modified and amended, was confirmed by the Court on July 30, 2009 (the "Modified Plan") and became effective on October 6, 2009.

5. Under the Modified Plan, general unsecured creditors in these chapter 11 cases will receive less than full value on account of their unsecured claims.

6. Accordingly, pursuant to section 7.19 of the Modified Plan, the Reorganized Debtors retained the right to pursue the claims and causes of action asserted in this First Amended Complaint and to settle, release or compromise such claims and causes of action without further order of the Court.

## JURISDICTION AND VENUE

7. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

8. Subject-matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

9. Personal jurisdiction exists in this Court because Defendant conducted business in the United States and/or directed activities toward Plaintiff in the United States.

10. Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

11. Defendant was a creditor of Plaintiff prior to the filing of the Reorganized Debtors' chapter 11 cases.

## PARTIES AND BACKGROUND

12. Plaintiff was the operating subsidiary of Delphi in North America that performed, among other things, accounting and payment functions for the Reorganized Debtors in connection with their manufacture of automotive parts, components, modules and assemblies through various divisions.

13. Plaintiff entered into certain purchase agreements (the "Agreements") with Defendant for the supply of various parts to the Reorganized Debtors.

14. Defendant is a domestic corporation located at 2275 Stanley Ave., Dayton, Ohio 45404-1226.

15. Pursuant to the terms of the Agreements, Defendant was required to ship certain goods for the benefit of the Reorganized Debtors.

16. Plaintiff did not accept physical invoices from Defendant in connection with Defendant's shipment of goods under the Agreements.

3

17.     Rather, Plaintiff used its accounts payable system to make payment to Defendant.

18.     During the ninety (90) days preceding the Initial Filing Date, Plaintiff made certain payments to Defendant in satisfaction of amounts due for goods previously shipped by Defendant under the Agreements (the "Transfers").  Such Transfers are identified on Exhibit 1 attached hereto.

## CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

19.     Plaintiff incorporates by reference the preceding allegations.

20.     On or within ninety (90) days prior to the Initial Filing Date, Plaintiff made, or caused to be made, the Transfers listed on Exhibit 1 to, or for the benefit of, Defendant.

21.     Such Transfers constituted transfers of interests in Plaintiff's property because they were made by Plaintiff from Plaintiff's account.

22.     Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendant as of the date on which each Transfer was made.  The documents evidencing the antecedent debt include the purchase orders and/or invoices/bills of lading identified on Exhibit 1, which purchase orders and/or invoices/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject services contemplated by the Agreements were ordered by Plaintiff pursuant to the Agreements and/or were provided by Defendant.

23.     Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiff is presumed to have been, and was in fact, insolvent at the time the Transfers were made.

24.     The Transfers enabled Defendant to receive more than it would have received if

(i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) each Transfer had not been made; and (iii) Defendant had received payment of the antecedent paid by each Transfer to the extent provided by the Bankruptcy Code. Specifically, Defendant was a general unsecured creditor of Plaintiff, and unsecured creditors in these chapter 11 cases will receive less than full value on account of their unsecured claims.

25.     Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

26.     Pursuant to section 550(a) of the Bankruptcy Code, the Court should enter an Order granting judgment in favor of Plaintiff and against Defendant (i) avoiding the Transfers Defendant received, pursuant to section 547(b) of the Bankruptcy Code; (ii) holding Defendant liable in an amount not less than the amount of the Transfers it received, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) ordering Defendant to pay to Plaintiff the amount of the Transfers it received, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code.

**WHEREFORE**, Plaintiff respectfully request that the Court:

a.      enter judgment in favor of Plaintiff and against Defendant in an amount not less than the amount of the Transfers Defendant received, plus costs, interest and attorneys fees as allowed by law;

b.      order Defendant to pay to Plaintiff the amount of the Transfers it received, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code; and

c.      grant such other and further relief as this Court may deem just and proper.

DATED:    New York, New York
              September 7, 2010

                                      BUTZEL LONG, a professional corporation

                                      By:/s/ Eric B. Fisher
                                          Eric B. Fisher (EF-1209)
                                      380 Madison Avenue
                                      22nd Floor
                                      New York, New York 10017
                                      Telephone: (212) 818-1110
                                      Facsimile: (212) 818-0494
                                      fishere@butzel.com
                                      Attorneys for Plaintiff

1230187

EXHIBIT 1

*Delphi Automotive Systems, LLC v. Globe Motors, Inc.*

Adv. Pro. No. 07-02333 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Antecedent Debt: Purchase Order/Invoice Number | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 4,380.00 | 92255 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 4,770.00 | 92260 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 1,758.00 | 92262 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 1,526.40 | 92265 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 3,052.80 | 92266 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 2,749.50 | 92301 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 1,526.40 | 92307 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 3,052.80 | 92308 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 2,385.00 | 92360 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 6,569.44 | RD025202478393001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 6,915.20 | RD025202508064001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 12,793.12 | RD025202554339001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 8,298.24 | RD025202600814001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 8,298.24 | RD025202606396001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 8,298.24 | RD025202670292001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 8,298.24 | RD025202692022001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 5,877.92 | RD025202728439001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 8,644.00 | RD025202758445001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 8,298.24 | RD025202764255001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 1,728.80 | RD025202778707001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 8,298.24 | RD025202810185001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 9,335.52 | RD025202822944001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 1,383.04 | RD025202823128001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 3,803.36 | RD025202839243001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 4,149.12 | RD025202844590001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 7/11/2005 | $ 3,803.36 | RD025202854925001 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 8/8/2005 | $ 3,516.00 | 92521 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 8/8/2005 | $ 991.50 | 92526 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 8/8/2005 | $ 59,124.96 | D0550023398 | PO | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 9/7/2005 | $ 65,348.64 | D0550023398 | PO | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 9/8/2005 | $ 3,115.00 | 93080 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 9/8/2005 | $ 3,284.40 | 93097 | INVOICE | CHECK |
| 07-02333 | GLOBE MOTORS INC | DAS LLC | DAS LLC | 10/7/2005 | $ 181,178.24 | EW02AFC07768 | INVOICE | WIRE |

**Total Amount of Claims =     $     456,551.96**