UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
   In re                                 :        Chapter 11
:
DPH HOLDINGS CORP., et al.,        :        Case No. 05-44481 (RDD)
:
                Reorganized Debtors. :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING PROOFS OF CLAIM NUMBERS 10884, 15346, AND 15347

("CLAIMS OBJECTION ORDER REGARDING
ILLINOIS ENVIRONMENTAL PROTECTION AGENCY AND OHIO ENVIRONMENTAL
PROTECTION AGENCY CLAIMS")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), objected to proof of claim number 10884 filed by the Illinois Environmental Protection Agency (the "Illinois Claimant"); and upon the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge

Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (Docket No. 18983) (the "Thirty-Sixth Omnibus Claims Objection") by which the Reorganized Debtors objected to proofs of claim numbers 15346 and 15347 filed by the Ohio Environmental Protection Agency (the "Ohio Claimant" and together with the Illinois Claimant, the "Claimants"); and upon Illinois Claimant's response to the Third Omnibus Claims Objection (Docket No. 6067) (the "Illinois Response"); and upon the Ohio Claimant's response to the Thirty-Sixth Omnibus Objection (Docket No. 19055) (the "Ohio Response" and together with the Illinois Response, the "Responses"); and upon the Reorganized Debtors' Supplemental Reply To Response Of Claimants To Reorganized Debtors' Objections To Proofs Of Claim Numbers 10884, 15346, And 15347 (Docket No. 20510) (the "Supplemental Reply" and together with the Third Omnibus Claims Objection, the Thirty-Sixth Omnibus Objection, and the Responses, the "Pleadings"); and upon the record of the August 27, 2010 sufficiency hearing held on the Third Omnibus Claims Objection to proofs of claim numbers 10884, 15346, and 15347, and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    The Illinois Environmental Protection Agency, the holder of proof of claim number 10884, and the Ohio Environmental Protection Agency, the holder of proofs of claim numbers 15346 and 15347, were each properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and the notice of the deadline for responding to the Third Omnibus Claims Objection.

       B.      The Illinois Claimant submitted the Illinois Response to the Third Omnibus Claims Objection.

       C.      The Ohio Claimant submitted the Ohio Response to the Thirty-Sixth Omnibus Objection.

       D.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

       E.      On July 15, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10884, 15346, And 15347 And Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19168 And 19574 (Docket No. 20419) (the "Sufficiency Hearing Notice").

       F.      The Claimants were properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

       G.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3

        H.      For the reasons stated by this Court at the August 27, 2010 hearing, Claimants have failed to sufficiently plead a <u>prima facie</u> claim; therefore, each of proofs of claim numbers 10884, 15346, and 15347 should be disallowed and expunged in its entirety.

        I.      The relief requested in the Third Omnibus Claims Objection and the Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.      Proof of claim number 10884 is hereby disallowed and expunged in its entirety.

        2.      Proof of claim number 15346 is hereby disallowed and expunged in its entirety.

        3.      Proof of claim number 15347 is hereby disallowed and expunged in its entirety.

        4.      The Reorganized Debtors shall not object to either (a) proof of claim number 10885 on the basis that such claim was asserted against Delphi Automotive Systems LLC rather than Delphi Corporation, (b) proof of claim number 15345 on the basis that such a claim was asserted against Delphi Automotive Systems LLC rather than Delphi Corporation or Delphi Automotive Systems Services, LLC.  For the avoidance of doubt, except as provided in this paragraph 4, the Reorganized Debtors shall retain the right to object to proofs of claim numbers 10885 and 15345 on any basis whatsoever.

      5.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

      6.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

      7.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       September 9, 2010

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE