UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
          In re                               :        Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :        Case No. 05-44481 (RDD)
                                              :
          Reorganized Debtors.                :        (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DENYING MOTION FOR ALLOWANCE AND PAYMENT OF EXCELLUS
HEALTH PLANS, INC. AND ITS AFFILIATES TO PERMIT LATE FILED CLAIM
<u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006</u>

("EXCELLUS HEALTH PLANS, INC. ORDER")

Upon Excellus Health Plans, Inc.'s ("Excellus") Motion For Allowance And

Payment Of Excellus Health Plans, Inc. And Its Affiliates To Permit Late Filed Claim Pursuant

To Federal Rule of Bankruptcy Procedure 9006 (Docket No. 20439) (the "Motion"); and upon

the Reorganized Debtors' Objection To Motion For Allowance And Payment Of Excellus Health

Plans, Inc. And Its Affiliates To Permit Late Filed Claim Pursuant To Federal Rule Of

Bankruptcy Procedure 9006 (Docket No. 20524) (the "Objection") by DPH Holdings Corp.

("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases

(together with DPH Holdings, the "Reorganized Debtors") successors of Delphi Corporation and

certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"); and this Court having considered the documents and exhibits

filed by Excellus and by the Reorganized Debtors and the arguments of both parties at the

hearing on this matter conducted on August 27, 2010 (the "Hearing"); and after due deliberation

thereon; and good and sufficient cause appearing for the reasons stated by this Court in its ruling

at the conclusion of the Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.       Excellus was properly and timely served with a copy of the Notice Of Bar

Date For Filing Proofs Of Administrative Expense, which stated that pursuant to the Order (A)(I)

Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified)

And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To

Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting

Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No.

17032) (the "Modification Procedures Order"), as modified by the Stipulation And Agreed Order

Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense

Bar Date (Docket No. 18259), July 15, 2009 was the deadline for filing a proof of administrative

expense for the purpose of asserting an administrative expense request against any of the Debtors

under 11 U.S.C. § 503(b) for the period from the commencement of these chapter 11 cases

through May 31, 2009.

B.       Excellus was properly and timely served with a copy of the Notice of (A)

Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi

Corporation and Certain Affiliates, Debtors and Debtors-in-Possession and (B) Occurrence of

Effective Date, which stated that November 5, 2009 was the deadline for filing a proof of

administrative expense for the purpose of asserting an administrative expense request against any

of the Debtors under 11 U.S.C. § 503(b)  (other than as set forth in Article X of the Modified

Plan).

---

[1]       Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein
shall have the meanings ascribed to them in the Objection.

C.       The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

D.       For the reasons stated by this Court at the Hearing, Excellus has failed to establish excusable neglect to justify its failure to timely file a proof of administrative expense claim pursuant to the Modification Procedures Order and the Modification Approval Order.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Motion is denied with prejudice.

2.       Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089).

3.       This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: White Plains, New York
      September 9, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE