UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                   :

In re                              :     Chapter 11
                                   :

DPH HOLDINGS CORP., et al.,    :     Case No. 05-44481 (RDD)
                                   :

            Reorganized Debtors. :     (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 19168 FILED BY MICHIGAN FUNDS
ADMINISTRATION AND (II) DENYING AMENDED REQUEST FOR
PAYMENT OF ADMINISTRATIVE EXPENSE ON BEHALF OF THE
MICHIGAN FUNDS ADMINISTRATION

("CLAIMS OBJECTION ORDER REGARDING
MICHIGAN FUNDS ADMINISTRATION CLAIM")

Upon the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain

Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C)

State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E)

Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax

Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge

(A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim,

And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A)

State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow

Certain Administrative Expense Severance Claims (Docket No. 19711)  (the "Forty-Sixth

Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of

its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and

affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"), objected to proof of administrative expense claim number 19168 filed by

Michigan Funds Administration (the "Claimant"); and upon Claimant's response to the Forty-

Sixth Omnibus Claims Objection (Docket No. 19824) (the "Response"); and upon the

Reorganized Debtors' Supplemental Reply To Response Of Claimant To Reorganized Debtors'

Objection To Administrative Expense Claim Number 19168 Filed By Michigan Funds

Administration (Docket No. 20512) (the "First Supplemental Reply"); and upon the Amended

Request For Payment Of Administrative Expense On Behalf Of The Michigan Funds

Administration (Docket No. 20534) (the "Amended Request"); and upon the Reorganized

Debtors' Second Supplemental Reply To Response Of Claimant To Reorganized Debtors'

Objection To Administrative Expense Claim Number 19168 Filed By Michigan Funds

Administration (Docket No. 20547) (the "Second Supplemental Reply" and together with the

Forty-Sixth Omnibus Claims Objection, the Response, the First Supplemental Reply, and the

Amended Request, the "Pleadings"); and upon the record of the August 27, 2010 sufficiency

hearing held on the Forty-Sixth Omnibus Claims Objection to proof of administrative expense

claim number 19168 and the Amended Request (the "Hearing"), and after due deliberation

thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.    Michigan Funds Administration, the holder of proof of administrative expense claim number 19168, was properly and timely served with a copy of the Forty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Sixth Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Sixth Omnibus Claims Objection.

B.    The Claimant submitted the Response to the Forty-Sixth Omnibus Claims Objection.

C.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. P. 7052.  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Sixth Omnibus Claims Objection.

D.      On July 15, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10884, 15346, And 15347 And Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19168 And 19574 (Docket No. 20419) (the "Sufficiency Hearing Notice").

E.      On July 28, 2010, the Reorganized Debtors filed the Notice Of Rescheduling Of Fifty-Eighth Omnibus Hearing And Thirty-Sixth Claims Hearing (Docket No. 20480) (the "Notice Of Rescheduling").

F.      The Claimant was properly and timely served with a copy of the Sufficiency Hearing Notice, the Notice Of Rescheduling, the First Supplemental Reply, and the Second Supplemental Reply.

G.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

H.      For the reasons stated by this Court at the Hearing, the Claimant has failed meet its burden of proof to establish a timely claim against or interest in the Debtors; therefore, proof of administrative expense claim number 19168 should be disallowed and expunged in its entirety.

I.      For the reasons stated by this Court at the Hearing, the Amended Request should not be treated as an amendment to proof of administrative expense claim number 19168.

J.      The relief requested in the Forty-Sixth Omnibus Claims Objection, the First Supplemental Reply, and the Second Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

4

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.      Proof of administrative expense claim number 19168 is hereby disallowed and expunged in its entirety.

2.      The Amended Request is hereby denied.

3.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

4.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Sixth Omnibus Claims Objection, the First Supplemental Reply, the Second Supplemental Reply, and the Amended Request to hear and determine all matters arising from the implementation of this order.

5.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.


Dated:  White Plains, New York
        September 9, 2010

                        /s/Robert D. Drain
                        UNITED STATES BANKRUPTCY JUDGE