UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
    In re                                  :     Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,           :     Case No. 05-44481 (RDD)
                                    :
        Reorganized Debtors.         :     (Jointly Administered)
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 9024 VACATING ORDER PURSUANT TO
11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 DISALLOWING AND EXPUNGING
ADMINISTRATIVE EXPENSE CLAIMS FILED BY PHILIP J. CARSON, DEBORAH
CHAPMAN, AND SAUNDRA HAMLIN (ADMINISTRATIVE EXPENSE CLAIM
NUMBERS 19551, 19284, AND 19370) ONLY WITH RESPECT TO ADMINISTRATIVE
<u>EXPENSE CLAIM NUMBER 19551 FILED BY PHILIP J. CARSON</u>

("PHILIP J. CARSON ORDER")

        Upon the Letter of Philip J. Carson dated July 25, 2010 (Docket No. 20494) (the "July 2010 Letter"); and upon the Reorganized Debtors' Response To Letter Of Philip J. Carson (Docket No. 20521) (the "Objection") by DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") successors of Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases; and this Court having considered the documents filed by Mr. Carson and by the Reorganized Debtors and the arguments of both parties at the hearing on this matter conducted on August 27, 2010 (the "Hearing"); and after due deliberation thereon; and good and sufficient cause appearing for the reasons stated by this Court in its ruling at the conclusion of the Hearing,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.      The July 2010 Letter constitutes a motion under Fed. R. Bankr. P. 9024 (the "Motion To Vacate") to vacate the Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Administrative Expense Claims Filed By Philip J. Carson, Deborah Chapman, And Saundra Hamlin (Administrative Expense Claim Numbers 19551, 19284, And 19370) (Docket No. 19724) only with respect to administrative expense claim number 19551 ("Administrative Claim 19551") filed by Philip J. Carson.

      B.      Mr. Carson's undocketed response to the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims received by the Reorganized Debtors on November 16, 2009 shall be treated as a motion under Fed. R. Bankr. P. 9006(b) requesting the Court to deem Administrative Claim 19551 timely filed (the "Motion To Deem Administrative Claim Timely Filed").

      C.      The Court has jurisdiction over the Motion To Vacate pursuant to 28 U.S.C. §§ 157 and 1334. The Motion To Vacate is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion To Vacate in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      D.      For the reasons stated by this Court at the Hearing, the Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Administrative

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

Expense Claims Filed By Philip J. Carson, Deborah Chapman, And Saundra Hamlin (Administrative Expense Claim Numbers 19551, 19284, And 19370) (the "Order") should be vacated only with respect to Administrative Claim 19551 filed by Philip J. Carson.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion To Vacate is granted, and the Order is vacated with respect to Administrative Claim 19551 filed by Philip J. Carson.

2. The hearing regarding the debtor's Thirty-Seventh Claims Objection with respect to Administrative Claims 19551 shall be adjourned to a future date to be noticed by the Reorganized Debtors consistent with and subject to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998).

3. Mr. Carson's undocketed Motion To Deem Administrative Claim Timely Filed shall be treated as a motion under Fed. R. Bankr. P. 9006(b) requesting the Court to deem Administrative Claim 19551 timely filed.

4. In the event that the Reorganized Debtors and Mr. Carson are unable to reach a settlement with respect to Administrative Claim 19551, the Reorganized Debtors, after consulting with Mr. Carson, shall schedule the Motion To Deem Administrative Claim Timely Filed for a future omnibus hearing date. The Reorganized Debtors reserve all of their rights to object to the Motion To Deem Administrative Claim Timely Filed.

       5.       Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

       6.       Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089).

       7.       This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: White Plains, New York
       September 9, 2010

                               /s/Robert D. Drain
                               UNITED STATES BANKRUPTCY JUDGE