UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :

    In re                                     :        Chapter 11
                                           :

DPH HOLDINGS CORP., <u>et al.</u>,      :        Case No. 05-44481 (RDD)
                                         :

            Reorganized Debtors. :       (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P.
3007 (I) DISALLOWING AND EXPUNGING PROOF OF CLAIM
NUMBER 19543 FILED BY JOSE C. ALFARO AND MARTHA
ALFARO AND (II) DENYING REQUEST FOR RECONSIDERATION
<u>UNDER FED. R. BANKR. P. 9024 AND 9006</u>


("CLAIMS OBJECTION ORDER REGARDING
JOSE C. ALFARO AND MARTHA ALFARO CLAIM")


Upon the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Claim And (II) Expunge

Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And

(D) Pension, Benefit, And OPEB Claims (Docket No. 18983) (the "Thirty-Sixth Omnibus

Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its

affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors") successors of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), objected to proof of claim number 19543 filed by Jose C. Alfaro and Martha Alfaro

(the "Alfaros" or the "Claimants"), and upon the response of the Alfaros to the Thirty-Sixth

Omnibus Claims Objection (Docket No. 19076) (the "Response"); and upon the Reorganized

Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proof Of Claim Number 19543 Filed By Jose C. Alfaro And Martha Alfaro (Docket No. 20004) (the "Supplemental Reply"); and upon the Supplemental Response To The Reorganized Debtors' Supplemental Reply To Response of Claimant To Debtors' Objection To Proof Of Claim No. 19543 Claimants: Jose C. Alfaro And Martha Alfaro (Docket No. 20157) ("Supplemental Response"); and upon the Alfaros' undocketed brief submitted to the Reorganized Debtors on May 22, 2010 titled -- Supplemental Authority Showing That Plaintiff Is Not Collaterally Estopped From Bringing Claim And Authority Supporting Motion To Set Adise Judgment (the "Supplemental Brief"); and upon the Reorganized Debtors' Second Supplemental Reply To Response Of Claimant To Debtors' Objection To Proof of Claim Number 19543 Filed By Jose C. Alfaro And Martha Alfaro (Docket No. 20193) (the "Second Supplemental Reply" and together with the Thirty-Sixth Omnibus Claims Objection, the Response, the Supplemental Reply, the Supplemental Response, the Supplemental Brief, and the Second Supplemental Reply,  the "Pleadings"); and upon the record of the May 20, 2010 sufficiency hearing held on the Thirty-Sixth Omnibus Claims Objection to proof of claim number 19543; and upon the Memorandum Of Decision On Debtors' Objection To Claim Of Jose C. Alfaro And Martha Alfaro, entered September 1, 2010 (Docket No. 20569); and after due deliberation thereon; and good and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Jose C. Alfaro and Martha Alfaro, the holders of proof of claim number 19543, were properly and timely served with a copy of the Thirty-Sixth Omnibus Claims

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.

2

Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims  (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Sixth Omnibus Claims Objection, and the notice of the deadline for responding to the Thirty-Sixth Omnibus Claims Objection.

    B.  The Claimant submitted the Response to the Thirty-Sixth Omnibus Claims Objection.

    C.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

    D.  On April 22, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Claim Nos. 16898, 17094, 18027, And 19543 (Docket No. 19928) (the "Sufficiency Hearing Notice").

    E.  The Claimant was properly served with the Sufficiency Hearing Notice, the Supplemental Reply, and the Second Supplemental Reply.

    F.  This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

G. For the reasons stated by this Court in the Memorandum Of Decision On Debtors' Objection To Claim Of Jose C. Alfaro And Martha Alfaro (Docket No. 20569), proof of claim number 19543 is barred by the doctrine of issue preclusion and the Alfaros have failed to sufficiently plead an allowable prima facie claim; therefore, proof of claim number 19543 should be disallowed and expunged in its entirety.

H. The request to reconsider disallowance of proof of claim number 15613 under Fed. R. Bankr. P. 9024 and 9006 should be denied as moot.

I. The relief requested in the Thirty-Sixth Omnibus Claims Objection, the Supplemental Reply, and the Second Supplemental Reply is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proof of claim number 19543 is disallowed and expunged in its entirety.

2. The claim underlying proof of claim number 19543 is barred by the doctrine of issue preclusion.

3. The request to reconsider disallowance of proof of claim number 15613 under Fed. R. Bankr. P. 9024 and 9006 is denied as moot.

4. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

5. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Sixth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

05-44481-rdd    Doc 20587    Filed 09/09/10    Entered 09/09/10 16:01:58    Main Document
Pg 5 of 5

6. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
September 9, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE