**Hearing Date and Time:  September 24, 2010 at 10:00 a.m. (prevailing Eastern time)**
        **Supplemental Response Date and Time:  September 22, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | | |
| SOUTHERN DISTRICT OF NEW YORK | | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
| | : | |
|     In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
|     Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

        REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
   SENSUS PRECISION DIE CASTING, INC. TO REORGANIZED DEBTORS'
    OBJECTIONS TO PROOFS OF ADMINISTRATIVE EXPENSE CLAIM
           <u>NUMBERS 19797, 19798, 19799,19800, AND 19802</u>

        ("SUPPLEMENTAL REPLY REGARDING DUPLICATE CLAIMS
            OF SENSUS PRECISION DIE CASTING INC.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Sensus Precision Die Casting, Inc. To Reorganized Debtors' Objections To Proofs Of Claim Numbers 19797, 19798, 19799, 19800, And 19802 (the "Supplemental Reply"), and respectfully represent as follows:

A.  <u>Preliminary Statement</u>

1. On October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3. On August 26, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10504, 10686, 11045, 11981, 11982, 11984, 11986, 11987, And 11990 And Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19797, 19798, 19799, 19800, And 19802 (Docket No. 20552) (the "Sufficiency Hearing Notice").

4. The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving

2

all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

    5.  By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), the Eleventh Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered April 5, 2010 (Docket No. 19776), and the Notice Of Rescheduling Of Fifty-Ninth Omnibus Hearing And Thirty-Seventh Claims Hearing (Docket No. 20417), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on September 24, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of claim and proof of administrative expense claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of claim and proof of administrative expense claim states a colorable claim against the asserted Debtor.

    6.  This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this</u>

Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **September 22, 2010.**

B.  Relief Requested

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging certain proofs of administrative expense claims filed against the Debtors in their chapter 11 cases.

C.  The Claims Filed Against The Debtors

8. Each of the proofs of administrative expense claim listed on Exhibit A[1] hereto asserts an administrative claim in the amount of $1,119,135.77 stemming from goods sold (the "Claims"). During the Reorganized Debtors' review of the Claims, the Reorganized Debtors determined that the Claims are duplicative of proof of administrative expense claim number 19801. Accordingly, this Court should enter an order disallowing and expunging each of the Claims in its entirety.

D.  Claimants' Burden Of Proof And Standard For Sufficiency Of Claim

9. The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors. Accordingly, the Reorganized Debtors' objections to the Claims should be sustained and each of the Claims should be disallowed and expunged in its entirety.

---

[1] Exhibit A sets forth the following information regarding each proof of administrative expense claim: the applicable claim number, the date the claim was filed, the name of the claimant, the applicable omnibus objection, the date of the applicable omnibus objection, the docket number of the claimant's response, the name of the debtor entity against which the claim is asserted, and the basis for the Reorganized Debtors' objections to the Claims.

4

10. The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l., Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D. N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to make a prima facie case).

11. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the

5

complaint are true." <u>Bradley v. Rell</u>, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y. Mar. 25, 2010) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S 544, 555 (2007)). Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

        12.     This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with <u>these</u> <u>Rules</u> shall constitute <u>prima</u> <u>facie</u> evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "when a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). <u>See</u> January 12, 2007 Transcript at 52:17-22.

E.     <u>Argument Regarding The Claims</u>

        13.     It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor. Sensus Precision Die Casting, Inc. (the "Claimant") filed six proofs of administrative expense claim asserting an administrative claim against certain Debtors, each in the amount of $1,119,135.77 stemming from goods sold: proofs of administrative expense claim numbers 19797, 19798, 19799, 19800, 19801, and 19802. These six proofs of administrative expense claim are identical, with the exception of the Debtor against whom the claim is asserted. Specifically, (i) claim 19797 asserts a claim against Delphi LLC, (ii) claim 19798 asserts a claim against Delphi Corporation, (iii) claim 19799 asserts a claim against Delphi China LLC, (iv) claim 19800 asserts a claim against Delphi Automotive Systems Overseas Corporation, (v) claim 19801 asserts a claim against Delphi Automotive Systems LLC, and (vi) claim 19802 asserts a claim against Delphi Automotive Systems International, Inc.

14.     Accordingly, the Reorganized Debtors request that the Court disallow and expunge proofs of administrative expense claim numbers 19797, 19798, 19799, 19800, and 19802 as duplicative of proof of administrative expense claim number 19801.  If such relief is granted, the Reorganized Debtors will not subsequently object to proof of administrative expense claim number 19801 on the basis that such Claim was asserted against Delphi Automotive Systems LLC rather than against Delphi LLC, Delphi Corporation, Delphi China LLC, Delphi Automotive Systems Overseas Corporation, Delphi Automotive Systems LLC, or Delphi Automotive Systems International, Inc.

15.     For the foregoing reasons, the Reorganized Debtors assert that (a) the Claimant has not met its burden of proof to establish a claim against the Debtors, (b) the Claims are not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fail to state a claim against the Debtors under Bankruptcy Rule 7012. Because the Claimant cannot provide facts or law supporting the Claims, the Forty-Third Omnibus Claims Objection should be sustained as to the Claims, and each of the Claims should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection relating to the Claims, (b) disallowing and expunging each of the Claims in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:  New York, New York
        September 14, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:  /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

## Exhibit A - Duplicate Claims

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **Proof Of Administrative Claim Number** | **Date Filed** | **Claimant** | **Omnibus Claims Objection** | **Date Of Omnibus Claims Objection** | **Docket No. of Response** | **Debtor Named On Proof Of Administrative Expense Claim** | **Basis for Objection** |
| 19797 | 11/5/2009 | SENSUS PRECISION DIE CASTING, INC. | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19515 | DELPHI LLC | Books And Records Claim |
| 19798 | 11/5/2009 | SENSUS PRECISION DIE CASTING, INC. | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19515 | DELPHI COPORATION | Books And Records Claim |
| 19799 | 11/5/2009 | SENSUS PRECISION DIE CASTING, INC. | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19515 | DELPHI CHINA LLC | Books And Records Claim |
| 19800 | 11/5/2009 | SENSUS PRECISION DIE CASTING, INC. | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19515 | DELPHI AUTOMOTIVE SYSTEMS OVERSEAS CORPORATION | Books And Records Claim |
| 19802 | 11/5/2009 | SENSUS PRECISION DIE CASTING, INC. | Forty-Third Omnibus Claims Objection | 1/22/2010 | 19515 | DELPHI AUTOMOTIVE SYSTEMS INTERNATIONAL, INC. | Books And Records Claim |