UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
    In re                                   :        Chapter 11
                                                 :
DPH HOLDINGS CORP., <u>et al.</u>,        :        Case No. 05-44481 (RDD)
                                               :
               Reorganized Debtors. :        (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007 OVERRULING
FORTY-SIXTH OMNIBUS CLAIMS OBJECTION WITH RESPECT TO PROOFS OF
ADMINISTRATIVE EXPENSE CLAIM NUMBERS 18602 AND 19712 FILED BY NEW
<u>JERSEY SELF-INSURER'S GUARANTY ASSOCIATION</u>

("CLAIMS OBJECTION ORDER REGARDING NEW JERSEY SELF-INSURERS
GUARANTY ASSOCIATION CLAIMS")

        Upon the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain

Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C)

State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E)

Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax

Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge

(A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim,

And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A)

State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow

Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth

Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of

its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proofs of administrative expense claim numbers 18602 and 19712 filed by New Jersey Self-Insurers Guaranty Association (the "Claimant"); and upon the Claimants' responses to the Forty-Sixth Omnibus Claims Objection (Docket Nos. 19842 and 20412) (together, the "Responses"); and upon the Claimant's Supplemental Response Of New Jersey Self-Insurers Guaranty Association To Debtors' Forty Sixth Omnibus Objection To Claims (Claim Nos. 18602 and 19712) (Docket No. 20412) (the "Supplemental Response"); and upon Reorganized Debtors' Supplemental Reply With Respect To Proofs Of Administrative Expense Claim Numbers 18602 And 19712 (New Jersey Self-Insurers Guaranty Association) (Docket No. 20446) (the "Supplemental Reply" and together with the Forty-Sixth Omnibus Claims Objection, the Responses, and the Supplemental Response, the "Pleadings"); and upon the record of the July 22, 2010 hearing held on the Forty-Sixth Omnibus Claims Objection with respect to proofs of administrative expense claim numbers 18602 and 19712; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    New Jersey Self-Insurer's Guaranty Association, the holder of proofs of administrative expense claim numbers 18602 and 19712, was properly and timely served with a copy of the Forty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Sixth Omnibus Claims Objection.

Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Sixth Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Sixth Omnibus Claims Objection.

        B.      The Claimant submitted the Responses to the Forty-Sixth Omnibus Claims Objection and the Supplemental Response.

        C.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

        D.      On May 27, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Administrative Expense Claim Nos. 18602 And 19712 (New Jersey Self-Insurers Guaranty Association) (Docket No. 20130) (the "Claims Hearing Notice").

        E.      The Claimant was properly and timely served with a copy of the Claims Hearing Notice and the Supplemental Reply.

        F.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28

3

U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

  G. For the reasons stated by this Court at the July 22, 2010 hearing, the Reorganized Debtors may apply proceeds of the bond securing certain New Jersey workers' compensation claims in satisfaction of such claims.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

  1. The Forty-Sixth Omnibus Claims Objection with respect to proofs of administrative expense claim numbers 18602 and 19712 is overruled.

  2. The Reorganized Debtors shall retain the right to seek disallowance of proofs of administrative expense claim numbers 18602 and 19712 at a later time.

  3. The Reorganized Debtors are authorized, but not directed, to apply proceeds of the bond at this time to certain New Jersey workers' compensation claims in satisfaction of such claims.

  4. Nothing contained herein shall prevent the Association or any other party in interest from filing a motion to determine the appropriate use of the bond pursuant to applicable law.

  5. Nothing contained herein shall alter DPH Holdings's obligations to perform under the provisions of the Modified Plan.

  6. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

7. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Sixth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

8. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       September 14, 2010

                                    /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE