**Hearing Date and Time: September 24, 2010 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
       In re                            :     Chapter 11
                            :
DPH HOLDINGS CORP., et al.,         :     Case No. 05-44481 (RDD)
                            :
                            :     (Jointly Administered)
          Reorganized Debtors.       :
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SECOND SUPPLEMENTAL REPLY WITH RESPECT TO
PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330 (RANDY D. AUSTIN)

("SECOND SUPPLEMENTAL REPLY – RANDY D. AUSTIN")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit the Reorganized Debtors' Second Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 17330 (Randy D. Austin) and respectfully represent as follows:

1.      On August 17, 2010, the Reorganized Debtors served on Randy D. Austin the (i) Reorganized Debtors' First Set Of Requests For Admission With Respect To Proof Of Administrative Expense Claim Number 17330, which is attached hereto as <u>Exhibit A</u>, (ii) Reorganized Debtors' First Set Of Interrogatories With Respect To Proof Of Administrative Expense Claim Number 17330, which is attached hereto as <u>Exhibit B</u>, and (iii) Reorganized Debtors' First Request For Production Of Documents With Respect To Proof Of Administrative Expense Claim Number 17330, which is attached hereto as <u>Exhibit C</u> (collectively, the "Discovery Requests").  Mr. Austin's responses to the Discovery Requests were due no later than September 10, 2010. (<u>See</u> Ex. A at 1; Ex. B at 1; Ex. C at 1.)

2.      On September 10, 2010, the Reorganized Debtors received the undocketed Response Of Randy D. Austin to Objection To Claim No. 17330 (the "Response"), which is attached hereto as <u>Exhibit D</u>.  Mr. Austin subsequently communicated to the Reorganized Debtors' counsel that the Response constitutes his response to the Discovery Requests.

3.      As a threshold matter, it is apparent that the Response is not a passable substitute for the answers to interrogatories, requests for admissions, and production of documents requested by the Reorganized Debtors in the Discovery Requests.  Issues of form aside (Mr. Austin is representing himself in this matter), the Response provides little of the information sought by the Reorganized Debtors.

4.      Moreover, as explained in the Reorganized Debtors' Supplemental Reply
With Respect To Proof Of Administrative Expense Claim Number 17330 (Randy D. Austin)
(Docket No. 20553), dated August 26, 2010 (the "Supplemental Reply"), Mr. Austin bears the
burden of proving his claim.  Although Mr. Austin has made several vague and conclusory
statements, he has not come forward with any evidence in support of his claim, even though the
Reorganized Debtors specifically asked that he provide supporting information in numerous
informal requests and in the Discovery Requests.

5.      In the Discovery Requests, for example, the Reorganized Debtors asked
Mr. Austin to "[i]dentify the date or dates on which [he] contacted LHH concerning
outplacement services."  (Ex. B ¶ 3.)  Mr. Austin alleges in his Response that LHH "verbally
reported Delphi's denial of Outplacement Services for Mr. Austin the first week of July, 2009,"
and that "[t]he initial contact to LHH was made the prior week."  (Ex. D at 1.)  He fails to
disclose, however, whether the alleged initial contact occurred on or before June 29, 2010, Mr.
Austin's deadline for requesting outplacement services.  In any event, the evidence demonstrates
that Mr. Austin did not contact LHH until July 17, 2009, nearly three weeks after the deadline.
(See Supplemental Reply ¶ 17.)

6.      Furthermore, Mr. Austin has never offered any rational explanation for his
damages calculation of $5,000, let alone any evidence that he has suffered compensable losses in
that amount.  In an email sent to the Reorganized Debtors, dated September 16, 2010, attached
hereto as Exhibit E, Mr. Austin claims to have incurred a total expense of $3,402.10 for
"unreimbursed interview expenses, search meeting expenses, training expenses including
Youngstown State University tuition, ASQ Jobs Board, postage, paper, phone, Job search
textbooks."  However, Mr. Austin has not provided an itemized breakdown or any

documentation that he actually paid or incurred these expenses.  Moreover, certain of these items such as the reimbursement of college tuition do not constitute outplacement services that Mr. Austin asserts were wrongfully denied.  In addition, as set forth in the Declaration of Dean Unrue, no employee that has contacted LHH or Delphi human resources to obtain outplacement services more than 60 days after separation has ever received such outplacement services. (See Supplemental Reply Ex. A. ¶ 6).  Finally, no former employee has ever received a monetary award in lieu of outplacement services that were to be provided by LHH, even if contact was timely made within 60 days of separation.  Id.

7.      For these reasons and the reasons set forth more fully in the Supplemental Reply, the Reorganized Debtors are not liable to Mr. Austin for any amounts asserted in his claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging Mr. Austin's claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        September 21, 2010

                        SKADDEN, ARPS, SLATE, MEAGHER
                         & FLOM LLP


                        By: ___/s/ John Wm. Butler, Jr._____
                            John Wm. Butler, Jr.
                            John K. Lyons
                            Ron E. Meisler
                        155 North Wacker Drive
                        Chicago, Illinois 60606


                            - and -


                        Four Times Square
                        New York, New York 10036

                        Attorneys for DPH Holdings Corp., et al.,
                         Reorganized Debtors

# Exhibit A

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FIRST SET OF REQUESTS FOR ADMISSION WITH
RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330

("DEBTORS' FIRST SET OF REQUESTS FOR ADMISSION – RANDY D. AUSTIN –
PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors"), successors of Delphi Corporation and certain of its domestic subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), by and through their attorneys, request that Randy D. Austin make the admissions set forth below.  All responses are due no later than September 10, 2010 to the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Dr., Chicago, Illinois 60606, Attn: John K. Lyons and Louis S. Chiappetta.  The Reorganized Debtors hereby reserve their right to amend, modify, or supplement this request for Admissions With Respect To Proof Of Administrative Expense Claim Number 17330.

<u>Instructions and Definitions</u>

A.      The requirements of Rules 7033-1 and 7034-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") are incorporated herein.

B.      The Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York, incorporated by reference in Rule 7026–1 of the Local Rules shall apply.

C.      "Bankruptcy Code" means the United States Code, 11 U.S.C. §§ 101-1330, as amended as of October 8, 2005.

D.      "Debtors" means Delphi Corporation, its affiliated debtors and debtors-in-possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors, or any one of the foregoing.

2

E.      "Delphi" means Delphi Corporation.

F.      "Reorganized Debtors" means DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases.

Requests for Admission

1.      Admit that you were separated from Delphi on or about May 1, 2009.

2.      Admit that you attended a meeting concerning your separation from Delphi with the Delphi human resources representatives concerning your separation on or about March 2, 2009.

3.      Admit that during the meeting referenced in the previous paragraph you received the documents attached hereto as Exhibit A.

4.      Admit that you became employed by another company on or about November 22, 2009.

5.      Admit that you became employed by General Electric Corporation on or about December 14, 2009.

6.      Admit that you are currently employed.

Dated:   Chicago, Illinois
         August 17, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ John K. Lyons
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 N. Wacker Drive
Chicago, Illinois 60606

      - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp. et al.,
  Reorganized Debtors

4

# Exhibit A



Delphi Separation Allowance Plan
Employee Policy, Benefit and Outplacement Services Information

This material presents general information only and is based on policy and benefit plan provisions in effect as of this date. It is not intended to nor does it provide all details about each program and policy. Complete descriptions of each are contained in official plan documents that are the governing plans over other oral or written statements. Furthermore, Delphi Corporation reserves the right to amend, change, or terminate any program, benefit, or policy at any time. Only the Board of Directors, or its delegate, has this authority. The information contained herein and any specific item described does not imply any guarantee.

## POLICY PROVISIONS

**Eligibility**

Separation Allowance Plan benefits are payable to U.S. employees compensated as regular or flexible service salaried employees, who are separated from employment as the result of an Eligible Termination which includes without limitation:

- Mutually Satisfactory Release;
- Certain Special Separations which may include:
  - The closing of an office or business location;
  - A reduction in force;
  - Downsizing;
  - Restructuring, reorganization or re-engineering of a business group, unit or department;
  - Job elimination; or
  - Other circumstances Delphi determines which may or may not be characterized as a Limited Program of Terminations

Separation Allowance Plan benefits are not payable in the event of employment termination as a result of:

- Retirement;
- Quit (which includes an employee's failure to accept a suitable offer of employment);
- Discharge (for personal misconduct);
- Voluntary termination of employment unless the termination results from participation in a special incentive separation program which treats the separation as an Eligible Termination.
- Transfers between the Corporation and any of its wholly owned or substantially wholly owned domestic and foreign subsidiaries or other entity owned by Delphi;
- Separation arising out of outsourcing, the sale of a corporate unit, merger or other combination, spin-off, reorganization, liquidation, dissolution, or other winding up involving Delphi where the employee continues or is offered the opportunity to continue employment;
- A court decree;
- Death;
- Release due to unsatisfactory performance while in the Orientation and Development period;
- Final Release.

**Severance Pay**

Eligible Employees who <u>do not</u> sign a Release of Claims will be eligible to receive one (1) month's base pay if length of service is five (5) or more years. Employees with less than five (5) years of service will be paid only through the end of the month in which the Employee last works and receive no severance pay without signed Release of Claims.

Eligible Employees who <u>sign and do not</u> revoke a Release of Claims will be eligible to receive Severance Pay according to the following schedule:

| Length of Service | Months of Severance Pay |
|---|---|
| 0 but less than 5 | 1 months |
| 5 but less than 10 | 2 months |
| 10 but less than 15 | 3 months |
| 15 but less than 20 | 4 months |
| 20 but less than 25 | 5 months |
| 25 or more | 6 months |

Severance Pay will be:

- Based on the employee's unbroken length of service, calculated on full, 12 month, years of service.
- Calculated on the last monthly base salary except for those employees returning to "regular active" from "flexible service" status. An Employee who, at the time he or she is notified of their Eligible Termination, was a "flexible service" employee for less than 60 days and who, immediately prior to being classified "flexible service", was a "regular active" employee will be returned to "regular active" status for purposes of determining Severance Pay.
- Paid in semi-monthly payments based on the above table

- Taxable
- Severance Payments will begin the first regularly scheduled payroll following the date of separation if Human Resources received the signed Release of Claims and the seven-day revocation period has expired prior to the payroll processing cutoff. Otherwise, the Severance Payments will begin on the first available payroll processing date following receipt of the signed Release of Claims and expiration of the seven-day revocation period
- Payments may be reduced by any amount owed by the Employee to the Corporation.
- Severance Payments are issued as payroll live check, direct deposit will discontinue

## Other Transition Assistance

Other Transition Assistance consists of (1) the opportunity to utilize Delphi-provided outplacement services to assist employees in obtaining employment outside the Corporation and (2) a $2,000 payment included in the last regularly scheduled payroll check which the Employee, at his or her discretion, may use toward COBRA health care continuation coverage through Delphi. The local HR Representative will assist in scheduling outplacement service. Use of the outplacement service should commence within sixty days of separation and will generally be limited to six months in duration.



- Eligible Employees who sign a Release of Claims will receive Severance Pay and Other Transition Assistance.
- Eligible Employees who do not sign a Release of Claims will not be eligible for Other Transition Assistance.

## Vacation

- Employees will vest vacation on a monthly basis.    Example: Separation effective 5/1/2009, vacation vested four (4) months or 33.3%. Vacation for an employee with 5 yrs service = 120 hours, (120 x .333=39.96) hours vested, round to nearest whole or 40 hours of entitlement.
- Employees impacted by the involuntary programs will be allowed to revoke their deductions for purchased days with their final regularly scheduled paycheck.  Employees may use vacation purchased through payroll deductions; however no payment may be received after the plan year. Employees who have used more days than deducted through payroll will have the remaining dollars deducted from their last regularly scheduled paycheck.  Vested vacation must be utilized prior to purchase days.

## Company Car Allowance

- Company car allowances will be discontinued at the end of the pay period in which the last day of work occurred.

## Tuition Assistance

- The tuition assistance program is suspended for 2009, employees will not be eligible for reimbursement of courses started after January 1, 2009.

## Incentive Compensation

- Employees must be on the active roll on date of the incentive compensation payout to be eligible to receive incentive compensation. Eligible employees who retire or accept a separation payment under Separation Allowance Plan guidelines prior to the payout maintain their eligibility to receive a prorated award.

## Flexible Compensation Payment

- The Flexible Compensation payment program is suspended for 2009 and will not be paid.

# Career Transition Service

### Delphi Corporation

Lee Hecht Harrison provides the following customized Career Transition Services. These services are designed to assist all levels in the organization make a successful career transition. It includes every element of support that an individual might need and has been tailored to meet the needs of Delphi's employees. Services are provided for the length of time specified by the organization.

### *Phase 1: Months 1-3*

Built around LHH's proven **Milestones for Career Transition** process for successful job search.

- Includes both team and individual consultation with LHH consultants
- Personal and career assessment
- "Milestones" Seminar for Career Transition, Productivity Clinic
- Membership in Job Search Work Team
- Access to LHH office facilities and workspace or equivalent LHH@HOME administrative support
- Access to Career Resource Network
- Access to Interactive Workshops and LHH Job Lead Development activities
- Financial Planning seminars

### *Phase 2: Months 4-6*

Milestones activity continues, with scheduled visits to LHH office to meet with LHH career consultant, and participate in Job Search Work Team on the day the team meets. Access to workspace also provided on that day. Access to Career Resource Network continues on remote basis (accessed from home 24/7, and from office on JSWT day).

### *Phase 3: Months 7-8*

At completion of Month 6, client may be eligible for service continuation, if he/she has not yet landed and is fully engaged in search. If so, an additional month of service (at same support level as Phase 2) will be provided. A second month (to a maximum of two) may also be provided as necessary and appropriate.

LHH Career Transition Assistance:1-800-665-8193

## <u>CERTIFICATE OF SERVICE</u>

I, Louis S. Chiappetta, an attorney, hereby certify that on August 17, 2010, I caused a true and correct copy of the foregoing REORGANIZED DEBTORS' FIRST REQUEST FOR ADMISSION – RANDY D. AUSTIN — PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330 to be served by the methods indicated below upon:


Randy D. Austin
2617 Hudson Aurora Rd.
Hudson, Ohio 44236
rdaustin@roadrunner.com

(By e-mail and overnight mail)

By:<u>/s/ Louis S. Chiappetta</u>
Louis S. Chiappetta

# Exhibit B

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
      In re                          :     Chapter 11
                                   :
DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
                                   :
                                   :     (Jointly Administered)
            Reorganized Debtors.     :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FIRST SET OF INTERROGATORIES WITH
RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330

("REORGANIZED DEBTORS' FIRST SET OF INTERROGATORIES – RANDY D. AUSTIN
– PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors"), successors of Delphi Corporation and certain of its domestic subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), request that Randy D. Austin respond to all interrogatories set forth below. All responses must be returned no later than September 10, 2010 to the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Dr., Chicago, IL, 60606, Attn: John K. Lyons and Louis S. Chiappetta. The Reorganized Debtors hereby reserve their right to amend, modify, or supplement this request for Interrogatories With Respect To Proof Of Administrative Expense Claim Number 17330.

<u>Instructions and Definitions</u>

A.      The requirements of Rules 7033-1 and 7034-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") are incorporated herein.

B.      The Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York, incorporated by reference in Rule 7026–1 of the Local Rules shall apply to these interoggatories.

C.      "Bankruptcy Code" means the United States Code, 11 U.S.C. §§ 101-1330, as amended as of October 8, 2005.

D.      "Claim" means the portion of proof of administrative expense number 17330 that asserts a $5,000.00 liability for denied outplacement services.

E.      "Debtors" means Delphi Corporation, its affiliated debtors and debtors-in-possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents

2

and beneficiaries, including attorneys, consultants and independent contractors, or any one of the foregoing.

        F.      "Delphi" means Delphi Corporation.

        G.      "LHH" means Lee Hetch Harrison, the Debtors' outplacement service provider.

        H.      "Reorganized Debtors" means DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases.


<u>Interrogatories</u>

1.      Identify the date when you were separated from Delphi.

2.      Identify the date of any meeting concerning your separation from Delphi in which you participated.

3.      Identify the date or dates on which you contacted LHH concerning outplacement services.

4.      Identify the date or dates on which you contacted Delphi human resources concerning outplacement service.

5.      Identify any out of pocket expenses incurred as a result of the denial of outplacement services.

6.      Identify the bases for your damages calculation of $5,000.00.

7.      Identify any and all witnesses, exhibits, and other evidence that you will use to pursue your Claim.

Dated:   Chicago, Illinois
       August 17, 2010

                          SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                        By:   /s/ John K. Lyons
                            John Wm. Butler, Jr.
                            John K. Lyons
                            Ron E. Meisler
                        155 North Wacker Drive
                        Chicago, Illinois 60606

                            - and -

                        Four Times Square
                        New York, New York 10036

                        Attorneys for DPH Holdings Corp., et al.,
                          Reorganized Debtors

## CERTIFICATE OF SERVICE

        I, Louis S. Chiappetta, an attorney, hereby certify that on August 17, 2010, I caused a true and correct copy of the foregoing REORGANIZED DEBTORS' FIRST SET OF INTERROGATORIES – RANDY D. AUSTIN – PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330 to be served by the methods indicated below upon:


        Randy D. Austin
        2617 Hudson Aurora Rd.
        Hudson, Ohio 44236
        rdaustin@roadrunner.com

        (By e-mail and overnight mail)


        By: /s/ Louis S. Chiappetta
            Louis S. Chiappetta

# Exhibit C

**Hearing Date:  September 24, 2010**
**Hearing Time:  10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
     Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
          In re                                           :     Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :     Case No. 05-44481 (RDD)
                                                          :
                                                          :     (Jointly Administered)
               Reorganized Debtors.                       :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS WITH
RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330

("REORGANIZED DEBTORS' FIRST REQUEST FOR PRODUCTION – RANDY D. AUSTIN –
PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors"), successors of Delphi Corporation and certain of its domestic subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), by and through their attorneys, request that Randy D. Austin produce all documents relating to the matters listed below and provide such documents no later than September 10, 2010 to the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Dr., Chicago, Illinois 60606, Attn: John K. Lyons and Louis S. Chiappetta.  The Reorganized Debtors hereby reserve their right to amend, modify, or supplement this request for the Production Of Documents With Respect To Proof Of Administrative Expense Claim Number 17330.

<u>Instructions</u>

1.      The requirements of Rules 7033-1 and 7034-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") are incorporated herein.

2.      The requests call for all documents in your possession, custody, control or care, including, but not limited to, those documents in the actual or constructive possession, custody, control or care of any attorney, agent or other representative of yours.

3.      If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.  In addition, the date of the disposal, the matter of disposal, the reason for disposal, the persons authorizing the disposal and the person disposing of the document shall also be identified.

4.      This request shall be deemed continuing so as to require further and supplemental production should the party to whom this request is directed obtain additional

documents falling within its scope between the time of initial production and the time of the hearing or trial.

5.      All documents produced in response to this request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

6.      Responsive documents shall be produced in any form in which they are kept in the ordinary course of your business maintaining all evidence and information of their origin, including from whose files they were obtained and the files, books, folders or other ways in which the documents were maintained.

7.      Electronic or computerized information or data shall be produced in an intelligible format or together with a description of the system from which the information was derived sufficient to permit rendering of the material into intelligible form.

8.      For any document withheld on a claim of privilege, provide the following information: (1) the date the document was prepared or the date it bears; (2) the author of the document; (3) the addressee(s) and recipient(s) of the document; (4) the title and/or subject matter of the document; (5) the source of the document; (6) the identity of the person to whom the document or any portion thereof already had been revealed; and (7) the basis for withholding the document.

9.      If you contend that it would be unreasonably burdensome to obtain and provide all the documents or information called for in response to any one of these document requests, then:

3

a.      produce all documents and information which are available to you without undertaking what is contended to be an unreasonable burden;

b.      describe with particularity the efforts you made to secure such documents and information; and

c.      state with particularity the grounds on which you contend that additional efforts to obtain such documents or information would be unreasonably burdensome.

10.     If there are no responsive documents to any particular request, please state so in writing.

## Definitions

A.      The Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York, incorporated by reference in Rule 7026–1 of the Local Rules, shall apply to these requests for production.

B.      "Bankruptcy Code" means the United States Code, 11 U.S.C. §§ 101-1330, as amended as of October 8, 2005.

C.      "Claim" means the portion of proof of administrative expense number 17330 that asserts a $5,000.00 liability for denied outplacement services.

D.      "Debtors" means Delphi Corporation, its affiliated debtors and debtors-in-possession and/or any of its predecessor(s) or successor(s) in interest, parent corporations, subsidiaries, affiliates and other related entities, owners, officers, directors, employees, agents and beneficiaries, including attorneys, consultants and independent contractors, or any one of the foregoing.

E.      "Delphi" means Delphi Corporation.

4

F.    "LHH" means Lee Hetch Harrison, the Debtors' outplacement service provider.

G.    "Reorganized Debtors" means DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases.

H.    "Responses" means each and all responses by Randy D. Austin to any objection or notice regarding the Claim (undocketed and Docket Nos. 19651 and 20213).

<u>Requests</u>

1.    All documents concerning your contention that you contacted LHH or the Debtors' human resources department, including without limitation your contention that you contacted LHH or the Debtors human resources department on or before June 29, 2009.

2.    All documents concerning your contention that you suffered damages as a result of the denial of outplacement services.

3.    All documents that you intend to use at any deposition, hearing, or trial related to your Claim or Responses

4.    Documents sufficient to identify the salary, wages, or other benefits that you have received from an employer or as the result of any work performed by you since your separation from Delphi.

Dated:    Chicago, Illinois
   August 17, 2010

         SKADDEN, ARPS, SLATE, MEAGHER
          & FLOM LLP


        By: /s/ John K. Lyons
          John Wm. Butler, Jr.
          John K. Lyons
          Ron E. Meisler
        155 N. Wacker Drive
        Chicago, Illinois 60606

         - and -

        Four Times Square
        New York, New York 10036

        Attorneys for DPH Holdings Corp. et al.,
         Reorganized Debtors

## <u>CERTIFICATE OF SERVICE</u>

I, Louis S. Chiappetta, an attorney, hereby certify that on August 17, 2010, I caused a true and correct copy of the foregoing REORGANIZED DEBTORS' FIRST REQUEST FOR PRODUCTION – RANDY D. AUSTIN — PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17330 to be served by the methods indicated below upon:


Randy D. Austin
2617 Hudson Aurora Rd.
Hudson, Ohio 44236
rdaustin@roadrunner.com

(By e-mail and overnight mail)

By:<u>/s/ Louis S. Chiappetta</u>
Louis S. Chiappetta

# Exhibit D

Randy D. Austin, pro se
2617 Hudson Aurora Rd.
Hudson, Ohio  44236
330-655-7817
rdaustin@roadrunner.com

R E C E I V E D
BY MAIL ☐
BY HAND ☐

SEP 1 0 2010

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

     In re                     :    Chapter 11

                       :

DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)

                      :

             Debtors,    :    (Jointly Administered)

                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

## RESPONSE OF RANDY D. AUSTIN TO
## OBJECTION TO CLAIM NO. 17330

On July 6, 2009, Randy D. Austin filed an Administrative Expense Claim Form against
Delphi Corporation in the amount of $35,260 plus Outplacement Services.

The Claim has been assigned Claim No. 17330

Delphi has fulfilled the $35,260 claim.

Delphi has denied the Outplacement Services (Lee Hecht Harrison) specified in the
Severance Agreement.

Lee Hecht Harrison (LHH) verbally reported Delphi's denial of Outplacement Services
for Mr. Austin the first week of July, 2009.  The initial contact to LHH was made the
prior week.  The initial contact ended in a voice mail which was returned the following
week by Vondell Petry.  There were numerous phone conversations with various LHH
employees which ended in the statement that Delphi denied Outplacement Services.

Lisa N. Fronk and Robert J. Spitak, both with Delphi Human Resources, were contacted
following the Delphi July shutdown.  Both denied Lee Hecht Harrison outplacement
services.  The e-mail was attached in an earlier filing.

Randy D. Austin, claimant, has pursued employment since March 2nd.  Mr. Austin
accepted a General Electric employment offer November 22, 2009.  Mr. Austin started

with General Electric December 14, 2009 following drug screen, background check and prior employment verification.

A financial remedy of $5000 is claimed. LHH states that the value of their service is $1000 per month. The LHH Outplacement service includes 1) Resume Preparation Assistance, 2) Training in Job Search Techniques, 3) Office Space, 4) Phones, 5) Networking Groups, 6) Employment Leads, 7) Training in Areas which that could add an additional skill to a resume, and 8) Professional Certifications in some of the Training Areas. One example of Training and Certification is the topic of Project/Program Management.

Court filings made on Delphi's behalf describe a Separation Meeting format that was not representative of the 15 minute March 2nd meeting attended by Mr. Austin, Mr. Gruber, and Ms Fronk. Delphi scheduled 15 minute sessions with individual Salary employees during the week of March 2nd. In my case it was announced 90 minutes before the session. These sessions continued sequentially and in parallel for multiple days. Mr. Austin's colleague, Mr. Rubinic, was scheduled with Mr. Gruber starting at the end of the 15 minute session with Mr. Austin.

The Outplacement Topic was mentioned once during the 15 minute session while the Separation Agreement form was handed to Mr. Austin. Mr. Gruber stated that Mr. Austin would receive 6 months severance allowance and Outplacement Assistance if Mr. Austin signed the Agreement and would receive 1 month severance allowance and no Outplacement Assistance if the Agreement was not signed. This was the only mention of Outplacement Assistance during this meeting. Ms Fronk provided an envelope for the Separation Agreement and stated that it must be returned signed by April 17th.

Various other topics were covered in detail during the 15 minute session. The topic that Mr. Gruber spent the largest amount of time was the topic of Retirement. Mr. Gruber stated that Mr. Austin was eligible for Early Retirement and encouraged the enrollment to collect retirement benefits.

The topic with the second most time allocated by Delphi during the 15 minute session was the Temporary Layoff status in effect thru the end of April as well as continuation of benefits during the time period thru April.

The topic with the third most time allocated by Delphi during the 15 minute session was the explanation of the process of being escorted to Mr. Austin's desk and then out of the building following the collection of personal property from Mr. Austin's desk. This topic also included badge, keys, credit card.

Neither the Separation Agreement or Benefit Summary forms were reviewed with Mr. Austin using the written form as a reference or a guide. The only other mention of the forms during the 15 minute session was the statement that the 800 number to initiate retirement was included on the Benefit Summary form.

Neither Mr. Gruber or Ms. Fronk answered Mr. Austin's questions except a question on repeating the due date. Mr. Austin requested to schedule a session with Ms Fronk to answer questions which Ms. Fronk denied at the 15 minute session between Mr. Austin, Mr. Gruber, and Ms. Fronk.

Ms Fronk also denied a meeting request later in March.

The claim of $5000 for Outplacement Services was included on the July 6th Administrative Expense Claim form. Delphi's exhibit also included the statement that Delphi's HR would assist in scheduling Outplacement Services.

Respectfully submitted,

Randy D. Austin, Pro se
2617 Hudson Aurora Rd.
Hudson, Ohio 44236
330-655-7817
rdaustin@roadrunner.com

CETIFICATE OF SERVICE

A copy of the foregoing was sent by regular U.S. Mail postage prepaid this 4th day of September, 2010 to DPH Holding Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Attn President) and to counsel for the Reorganized Debtors, c/o Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Attn John Wm. Butler Jr, John K Lyons, Joseph N. Wharton).

Randy D. Austin, Pro se
2617 Hudson Aurora Rd.
Hudson, Ohio 44236
330-655-7817
rdaustin@roadrunner.com

# Exhibit E

**McFerrin, Kate (CHI)**

---

| | |
|---|---|
| **From:** | Chiappetta, Louis S (CHI) |
| **Sent:** | Friday, September 17, 2010 2:09 PM |
| **To:** | 'rdaustin@roadrunner.com' |
| **Subject:** | RE: In re DPH Holdings Corp. -- Discovery Requests -- Randy D. Austin Administrative Expense Claim No. 17330 |

Mr. Austin,

Can you please provide more detail of your calculation as soon as possible ? Including an itemized detail of the amount you spent per category plus documents showing that you actually paid the asserted amounts.

Regards,

Louis S. Chiappetta
**Louis S. Chiappetta**
**Associate**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**155 North Wacker Drive | Chicago | Illinois | 60606-1720**
**T: 312.407.0965 | F: 312.827.9317**
**louis.chiappetta@skadden.com**

---

**From:** Randy Austin [mailto:rdaustin@roadrunner.com]
**Sent:** Thursday, September 16, 2010 7:02 PM
**To:** Chiappetta, Louis S (CHI)
**Subject:** RE: In re DPH Holdings Corp. -- Discovery Requests -- Randy D. Austin Administrative Expense Claim No. 17330

Mr. Chiappetta,

I did make a response to the court.  Let me know if you did not receive the response.

I did not include the topic of employment search expenses.  Excluding reimbursed interview expenses, and including unreimbursed interview expenses, search meeting expenses, training expenses including Youngstown State University tuition, ASQ Jobs Board, postage, paper, phone, Job search textbooks totals $3402.10

Randy Austin

---

**From:** Chiappetta, Louis S [mailto:Louis.Chiappetta@skadden.com]
**Sent:** Wednesday, September 15, 2010 2:40 PM
**To:** 'rdaustin@roadrunner.com'
**Cc:** Lyons, John K
**Subject:** RE: In re DPH Holdings Corp. -- Discovery Requests -- Randy D. Austin Administrative Expense Claim No. 17330
**Importance:** High

Dear Mr. Austin,

Your deadline to respond to the Reorganized Debtors' discovery requests was September 10, 2010.  Do you have any documents that are responsive to our requests and do you intend to respond to the Admissions and Interrogatories?

Please contact me at as soon as possible to discuss this matter.

I can be reached at 1-312-407-0965.

Regards,

Louis S. Chiappetta
**Louis S. Chiappetta**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0965 | F: 312.827.9317
louis.chiappetta@skadden.com

---

**From:** Chiappetta, Louis S (CHI)
**Sent:** Tuesday, August 17, 2010 3:57 PM
**To:** 'rdaustin@roadrunner.com'
**Cc:** Lyons, John K (CHI)
**Subject:** In re DPH Holdings Corp. -- Discovery Requests -- Randy D. Austin Administrative Expense Claim No. 17330
**Importance:** High

Dear Mr. Austin,

Attached please find the Reorganized Debtors' first set of (i) requests for admissions, (ii) requests for interrogatories, and (iii) request for production.  Also attached please find the Claims Procedures Order and Administrative Claims Procedures Order, which sets the deadline to respond to the attached discovery requests no later than 10 business days before the Claims Objection Hearing.  In this case, all documents, admissions, and answers to interrogatories must be **received no later than September 10, 2010**.

Regards,

Louis S. Chiappetta

**Louis S. Chiappetta**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
155 North Wacker Drive | Chicago | Illinois | 60606-1720
T: 312.407.0965 | F: 312.827.9317
louis.chiappetta@skadden.com

-------------------------------------------------------------------------------
****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
****************************************************
****************************************************

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of

this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
************************************************

====================================================================================