**Hearing Date:  November 18, 2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
   In re                             :  Chapter 11
                                     :
DPH HOLDINGS CORP., et al.,          :  Case No. 05-44481 (RDD)
                                     :
                                     :  (Jointly Administered)
         Reorganized Debtors.        :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19089
(ETKIN MANAGEMENT, L.L.C.)

("STATEMENT OF DISPUTED ISSUES – ETKIN MANAGEMENT, L.L.C.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Administrative Expense Claim Number 19089 filed by Etkin Management, L.L.C. ("Etkin"), as agent for 1401 Troy Associates Limited Partnership ("Troy Associates," and together with Etkin, the "Claimants") and respectfully represent as follows:

## Background

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.  On July 15, 2009, the Claimants filed proof of administrative expense claim number 19089 (the "Proof of Administrative Expense Claim") against Delphi. The claim asserts an administrative priority claim in the amount of $263,342.03 for alleged damages occurring in connection with a certain leased premises (the "Claim").

3.  On January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III)

2

Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

        4.      On February 11, 2010, the Claimants filed the Response Of Etkin Management, L.L.C., As Agent For 1401 Troy Associates Limited Partnership, In Opposition To Reorganized Debtors' Objection To Proof of Claim Number 19089 Included In Reorganized Debtors' Forty-Third Omnibus Claims Objection (Docket No. 19418) (the "Response").[1]

        5.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

---

[1]    In its Response, Etkin attempted to amend its Proof of Administrative Expense Claim by asserting an additional $25,309.00 in alleged restoration costs. Pursuant to section 9.6(d) of the Modified Plan (as defined below), "Any claim (whether a newly filed Claim or an amendment to a previously filed Claim) filed after the later of (i) the Effective Date, (ii) with respect to Claims for rejection damages, the bar date established pursuant to Article 8.3 of this Plan for the filing of such claims, (iii) with respect to Claims that are Administrative Claims, the bar date established pursuant to Articles 10.2 and 10.5 of this Plan, or (iv) with respect to Claims that are Prepetition Employee Related Obligations, the bar date established pursuant to Article 7.12(b) of this Plan, shall not be recognized, or recorded on the claims register, by the Claims Agent and shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors unless such untimely filing is expressly authorized by an order of the Bankruptcy Court." Accordingly, Etkin's attempt to amend its Proof of Administrative Expense Claim was not recognized or recorded on the claims register.

05-44481-rdd    Doc 20611    Filed 09/21/10    Entered 09/21/10 15:42:13    Main Document
Pg 4 of 6

Disputed Issues

A.  <u>Delphi Does Not Owe Etkin Certain Amounts Asserted In The Proof Of Administrative Expense Claim</u>

6.  Etkin asserts in the Proof of Administrative Expense Claim that Delphi owes Etkin a total of $263,342.03 for alleged damages occurring in connection with certain leased premises. These amounts allegedly arise from a lease between Etkin and DAS LLC, as successor in interest to General Motors Corporation (n/k/a Motors Liquidation Company), dated June 1, 1989 and subsequently amended (the "Lease") under which the Debtors leased certain premises from Etkin located at 1401 Crooks Road, Troy, Michigan (the "Premises"). The Reorganized Debtors have reviewed the information attached to the Proof of Administrative Expense Claim and the Response and dispute that they owe certain amounts asserted in the Proof of Administrative Expense Claim.

7.  <u>Alleged Damages To Premises Are Not The Responsibility Of The Reorganized Debtors</u>. A portion of the Proof of Administrative Expense Claim is based on damages for which the Reorganized Debtors are not liable because the asserted damages were either (i) ordinary wear and tear or (ii) otherwise not the responsibility of the Reorganized Debtors under the Lease. Therefore, $188,924.58 should be subtracted from the amount claimed.

8.  After taking into account the above-referenced deductions to the Proof of Administrative Expense Claim, the Reorganized Debtors reconciled the Proof of Administrative Expense Claim as illustrated in the following chart:

4

| <u>Claimants' Asserted Amount</u> | | $263,342.03 |
|---|---|---|
| <u>Modifications</u> | Amount Claimed For Damages That Are Not The Responsibility Of The Reorganized Debtors | ($188,924.58) |
| <u>Reconciled Amount</u> | | $74,417.45 |

9.    The Reorganized Debtors do not dispute the remaining $74,417.45 of the Claim and request that the Claim be reduced to and allowed as an administrative priority claim against DPH-DAS LLC in the amount of $74,417.45.

Reservation Of Rights

10.    This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), as applicable under the Order Pursuant To 11 U.S.C. §§ 105(a) and 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) allowing the Proof of Administrative Expense Claim as an administrative priority claim against DPH-DAS LLC in the amount of $74,417.45 and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         September 21, 2010

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP

By:   John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors