## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re : James A. Luecke ,
          creditor

DELPHI CORPORATION, et al. ,

                Debtors .

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

---

TO Court and Clerk Please file the following in the Above Titled case

---

1. Creditor James Luecke Supplemental Reply September 24, 2010 Hearing

2. And Supplemental Reply May 20, 2010 Hearing for convienance

3. Exhibits M,N,O,P and Q

4. Addendum  * Secured New evidence ( Original posting of skilled trade transfers to Kokomo Delphi Plant)       exhibit R

Thank you.

Sincerely,

James A. Luecke

Dated at Milwaukee, Wisconsin this _20th_ day of _September_ 2010 .

By James Luecke

*DELPHI*
*UAW SKILLED TRADES*
*LOCAL 438*                                    *August 9, 2007*

## UAW Skilled Trades Openings at Delphi Kokomo Indiana Plant

There will be 25 Skilled Trade Positions open at the Delphi Kokomo Indiana
plant. More details on transfers will be available as the information and details
become available.

Anyone interested in transfers should sign a list at the Union Office.

Thank you for your patience under the current circumstances.

*Scott Weber*

Scott Weber,
UAW Shop Chairperson

James Luecke,
UAW Skilled Trades
Committee Chairperson

Exhibit R

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

JAMES LUECKE

          Creditor,

DELPHI CORPORATION, et al. ,

          Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

## CERTIFICATE OF SERVICE

1.CREDITOR'S SUPPLEMENTAL REPLY (September 24, 2010) and( May 20, 2010 )
Included for convenience and reference  and Exhibits M,N, O,P and Q

CERTIFICATE OF SERVICE
I James Luecke  CERTIFY that a copy of the foregoing has been sent by U.S. Mail to all
of the counsel listed in the debtors motion.
This  20th day of  September , 2010.

BY : James Luecke

        3845 w. college ave.
        Milwaukee, WI 53221
        414 - 421-5729

Dated at Milwaukee Wisconsin this  20th   day of  September   2010.

## In The United States Bankruptcy Court
### Southern District Of New York

James A. Luecke

          Creditor

v.

DELPHI CORPORATION, et al. ,

                     Chapter 11
                     Case No. 05-44481 (RDD)
                     (Jointly Administered)

          Debtors.

# Supplemental Reply
### September  24, 2010 Hearing
ADMINISTRATIVE CLAIM [#17081] ,[18049]

Ex

**Defendants' Spoiliation / Intentional Concealment ; Post-facto evidence fabrication    in violation  F.R.C.P. rule 37**

### SUMMARY OF PROCEEDINGS

The creditor James A. Luecke appeared at the hearing May 20, 2010  as well as the Debtor represented by Louis S. Chiappetta Associate Skadden, Arps, Slate, Meagher & Flom LLP

1.  To Resolve the issue of the  above titled claims and grievance set forth in the record .

2. To obtain at the request of Judge Drain the original or bona fide  (MOU) rule 96a transfer agreement between Delphi Milwaukee- Delphi Kokomo.

2. Whether   Delphi would be responsible for said grievance  also attached as Exhibit P, Q and claims or GM would assume the grievances and claims.

**FOURH CAUSE OF ACTION** (continuation of Supplemental Reply of May 20,2010)
<u>Spoiliation of Evidence</u>

(1) That Defendant Delphi is required under court order to preserve and produce
documents required for this bankruptcy proceeding and have failed to produce the
Bona fide copy of the original paragraph 96 transfer agreement at the request of Judge
Drain at the May 20th 2010 hearing ; (2) This evidence is and was material to the
litigation; (3) That plaintiff James A. Luecke could not reasonably have obtained access
to the evidence from another source; (4) That Defendant Delphi intentionally withheld,
and altered the evidence with 3 year postfacto dated signatures and/or destroyed the
evidence with purpose to disrupt the litigation; and (5) That plaintiff James A. Luecke
was damaged and prejudiced in the underlying action by having to rely on an evidential
record that did not contain the evidence Defendant concealed.

**FIFTH CAUSE OF ACTION**
<u>Intentional and Negligent Concealment of Evidence</u>

(1) That defendant Delphi is required under <u>court order to preserve and produce</u>
documents required for this bankruptcy proceeding and have failed to produce the
Bona fide copy or the original paragraph 96 transfer agreement at the request of Judge
Drain at the May 20th 2010 hearing ; (2) This evidence is and was material to the
litigation; (3) That plaintiff James A. Luecke could not reasonably have obtained access
to the evidence from another source; (4) That defendant Delphi intentionally withheld,
and at the very least with culpable negligence concealed and/or destroyed the evidence
with purpose to disrupt the litigation; and

(5) That plaintiff James A. Luecke was

damaged and prejudiced in the underlying action by having to rely on an evidential

record that did not contain the evidence defendant Delphi concealed.

## STATEMENT OF THE FACTS

1. Attorney Louis S. Chiappetta Associate Skadden, Arps, Slate, Meagher & Flom LLP

tried to willfully and with fault to represent , misrepresent **a non signed, non dated**

**memorandum** as an enforceable authentic 96 transfer agreement MOU to the court

**and** James A. Luecke acting pro per as evidence as reflected in the court record at the

May 20, 2010 Hearing. James A. Luecke put on the court record " the Defendant Delphi

Attorney is committing fraud on the court with this conduct"

The Defendant Delphi with intentional or at the very least negligent culpable conduct

should not be allowed to operate in  this court and reject claims with this misfeasance .

2. James A. Luecke conferred with Defendants' counsel on  September 7th, 2010 and

September 13, 2010 and put the Defendants' Attorney Louis S. Chiappetta Associate

Skadden, Arps, Slate, Meagher & Flom LLP **on notice about spoiliation** of the evidence

and trying to use non signed, non dated and, **fabricated /[Ex] post-facto signed dated**

**documents in court as evidence . Defendant admits they can not "find the bona fide**

**96 transfer agreement" and could not get it from UAW either.**

This must be treated as failure to disclose , spoiliation of the evidence and /or

[Ex] postfacto fabrication of evidence in violation of F.R.C.P. rules 37,  and F.R.C.P. rule

1007,  802 and rule 1002

3. On or about September 13, 2010 James A. Luecke contacted  Ed Risko  (313) 665-
4920 Corporate attorney for General Motors who said  " GM's position is ; it is not
assuming any grievances from the Milwaukee Delphi Plant as it was not part of the
acquisition."

## ARGUMENT

4. The Defendant  Delphi and Attorney Louis S. Chiappetta owed a care a duty to the
court to not use or represent , misrepresent  an unsigned, undated document[s] fabricated
three years[ ᴇ꜀ postfacto -signed ]  and pass it off as an enforceable contract
(bona fide 96a transfer agreement) to influence the outcome of this proceeding .
 This conduct is willful and at the very least negligent and culpable by the Defendant.

5.  The Defendant ( Delphi )is not being candid, with the court saying that they can not
find the original **MOU 96a transfer agreement** which they are required to preserve
provided by court order ; and they have concealed / spoilated the evidence, and have done
so by using the artifice of producing an unsigned ,undated contract (MOU) 96a transfer
agreement  in this court,   misrepresenting it as the original  agreement and then[
producing the same document  fabricated ᴇ꜀ post facto 3 years latter with signatures [which
constitutes at the very least spoliation of the evidence and /or fabrication of evidence

ALL of Defendant DELPHI hearsay and hearsay evidence is refuted directly by sworn
statements of truth in the court record under penalty of perjury By James A. Luecke, Carl
Anderson and Constance Pugh and by the official

UAW Skilled Trades Meeting minutes December 9, 2007 (Exhibit O).

6. The Original bonified 96a Transfer agreement seen and represented to skilled trades
committee UAW chairperson James A. Luecke (testified under oath, penalty of perjury
at the May 20, 2010 hearing) and represented to the other skilled trades persons called
for 110 transfers to the Kokomo plant as evidenced in Exhibit O

of which 23 would be skilled trades as evidenced by Exhibit I , which would include
electronic technicians as evidenced in Exhibit M and N sworn statements under penalty
of perjury by Carl Anderson, Constance Pugh .

7. All direct testimony, statements of truth and documents sworn under penalty of perjury
and set forth in the court record refute the Defendants hearsay (non signed, non dated ,
and 3 year post signed and fabricated non dated (MOU 96a transfer agreement )
[Spoiled document] that says only (2) pipe fitters were the only to go to the Kokomo
Delphi Plant under the 96a transfer agreement between Delphi Milwaukee - Delphi
Kokomo.)

**Delphi Corporation and its representatives recklessly, intentionally, unlawfully
with deceitful acts violated James A. Luecke's contract rights provided by the
(UAW -Delphi Corporation National Agreement) evidenced in the court record.
Intentionally, willfully produced incorrect, partial, undated, unsigned, and 3 years
post dated hearsay documents to conceal / spoil material evidence .**

## STATEMENT OF WHY CLAIM SHOULD BE ALLOWED

Debtors offer no rebuttal to statements of truth of the claims, And are offering
(non signed, non dated , and 3 year post-facto signed   hearsay and hearsay documents
as well as participating in unlawful concealing and spoliation of evidence .)

therefore their objections fail as a matter of law.

**The claimant  James A. Luecke is respectfully asking the court to <u>deny  the
Debtors' objections  and/ or strike all  the Defendant's DELPHI related  pleadings
and objections  to the said claims  and , as a sanction  for  their violations of court
rules  and conduct ,   and enlight of all the supporting evidence in the court record</u>**

**the Claimant  is <u>moving the court to Compel Payment of James A. Luecke's claims
[#17081], [#18049]</u> .**

## TOTAL AMOUNT OF ADMINISTRATIVE CLAIMS [# 17081],[ 18049]

($318,000.00) Three hundred eight-teen thousand dollars .

Address of claimant :    James  A. Luecke
                         3845 w. college ave.
                         Milwaukee, WI 53221

Dated at Milwaukee, Wisconsin this 16ᵗʰ day of September 2010 .

By :     James A. Luecke

United Automobile Workers, Local 438,

CASE No. 30-CB - 5314

Charging Party,

v.

International Union, Automobile, Aerospace, and Agricultural
Implement Workers.

Labor Organization and Agents against which charge is brought.

## UNSWORN DECLARATION

I _CARL ANDERSON_ _____ attest

( under penalty of perjury ) to :

on or about June 27th 2007 , The president of the UAW local 438 Mr. Frank Johnson said at the Kokomo International meeting while representing the UAW National Agreement that " Delphi of Koko Indiana must take you at your present position. "under the paragraph 96 transfer. ( which was - is electronic technician specification .)

Signature _Carl Anderson_ _____

Dated this 29th day of July 2008 in Milwaukee Wisconsin .

UAW LOCAL 438
7435 South Howell Avenue
Oak Creek, WI 53154

Exhibit M

# UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD

United Automobile Workers, Local 438,

CASE No. 30-CB - 5314

Charging Party,

v.

International Union, Automobile, Aerospace, and Agricultural
Implement Workers.

Labor Organization and Agents against which charge is brought.

## UNSWORN DECLARATION

I _Constance D. Phah_                                attest

( under penalty of perjury ) to :

on or about June 27th 2007 , The president of the UAW local 438 Mr. Frank Johnson said at the Kokomo
International meeting while representing the UAW National Agreement that " Delphi of Koko Indiana must
take you at your present position. "under the paragraph 96 transfer. ( which was - is electronic technician
specification .)

Signature _Constance D. Phah_

Dated this 29th day of July 2008 in Milwaukee Wisconsin .

UAW LOCAL 438
7435 South Howell Avenue
Oak Creek, WI 53154

EXHIBIT N

International Union Automobile
      Aerospace and Agricultural Implement
      Workers of America, UAW Local 438
      Skilled Trades


      Attention:    Scott Weber (Shop Chairman)
                   Frank Johnson ( President)
                   Fred Royal ( Vice President)
                   Hazel Washington (Civil Rights Committee)

      The skilled trade workers of the Electronic Technician classification [A 493] are aware that you (Scott Weber) have filed a grievance in regard to management's flagrant disregard and violation of Paragraph (96) Transfer provided by the UAW National Contract that is in effect and being offered to other employees in the Oak Creek, Wisconsin Delphi plant.

      The skilled trades Electronic Technician Group has been informed that Corporate Delphi of Kokomo is having electricians trained by contractors to perform the duties and work specification of the Electronic Technician Group [A 493] on the equipment that has been moved from the Oak Creek, Wisconsin plant to the Kokomo, Indiana plant .

      At this time the management's flagrant disregard for Paragraph (96) has also been discriminatory. All Individuals of the group wish to participate fully with the grievance procedure and are requesting the written responses to all steps of this grievance.

Sincerely,

M. Wardeh
G. Alekseyev
P. Kuttamparamil
J. Mccarty
A. Quigley
A. Hudy
A. Kopplin
D. Loving
J. Luecke
D. Miller
C. Pugh
S. Szymanski
M. Phifer
C. Anderson               Dated this 17th of January 2008
                                Oak Creek, Wisconsin 53154.


Exhibit O

☐ Employe  ☐ Policy  ☒ Group

Dept.: _A493_  Date: _1-18-08_  Time: _9:45_  ☒ AM  ☐ PM

Nature of Grievance:

We charge management with violation of Paragraph 96
of the National Agreement in their movement of work
from UAW-Delphi Milwaukee Local 438 to UAW-Delphi
Kokomo Local 292 without the commitment to transfer
UAW Delphi Milwaukee ET/EST employees with the
transfer of operations. The union (we) demand this
practice stop at once and that all UAW ET/EST classification
be allowed to transfer to Kokomo and all affected employees
be made whole all monies and benefits lost. See attachment.

Signed: _____  Social Security #: _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_

Committeeperson: _Marilyn C. Konfer_

Reported to (Supervisor): _T. Um_  _01-18-08_

---

First Step Disposition of Supervisor:

This complex issue is under evaluation. Return
to Don Thasdzeura on January 29, 2008 for
update.

---

Supervisors Signature: _Don Thas dzeus_          Date: _1/19/08_
                    Committeepersons Initials
Settled:  ☐ YES  ☒ NO          Referred to Step:  ☒ 1 1/2  ☐ 2

Step One and One Half Disposition of Higher Supervision:

---

Higher Supervision Signature: _____   Date: _/  /_
                    Committeepersons Initials
Settled:  ☐ YES  ☐ NO          Referred to Step:  ☐ 2

Exhibit P




# LOCAL 438 UAW
## SKILLED TRADES MEETING
## December 9, 2007

◆ The meeting was called to order at 9:01 a.m. Roll call: Conni Pugh, Steve Szymanski, Scott Weber, William Pugh and James Luecke.

◆ *Shop Chair's Report – Scott Weber*
Tech 2000 goes away mid-February, everything else the second week of January. See presentation sheet.

- Connie: When are we laid off?
- Scott: See the current layoff schedule, no specifics on the Skilled Trades.
- Scott: There are Paragraph 96 transfers available for 110 people to go to Kokomo.
- Steve: Can the International Union enforce the transfers?
- Scott: Yes.
- Scott: Ten people walked away from severance money and we were not able to contact them yet, but a grievance was filed.
- Conni: When I left the meeting with the International, Local 438 President Frank Johnson told me they have to take you in Kokomo.
- Scott: It has been getting hostile. In a plant meeting regarding layoffs, Tim Wilimitis was hostile, blurted or resorted to calling me an expletive when I wanted the people being laid off to have the right to work on Saturday.
- William: File a grievance as soon as possible on the Paragraph 96 transfers.
- Jim: Yes, we are looking at a projected 5 years of work and healthcare benefits.
- William: That grievance has to be filed as soon as possible.
- Jim: We don't want to settle for any $1,000, we need the job or equitable compensation for 3 – 5 years wages and benefits.
- Scott: I'll file a a grievance on the Para 96 transfers.
- Steve: Do we get sub pay for 26 weeks?
- Scott: It would be under the supplemental agreement.
- Scott: No ET's can be laid off until the contract workers are gone.
- Steve: Will we be doing the work of the other unions in our plant when they leave?
- Scott: The IAM and IBEW will have one person staying.
- William: Will school be covered?
- Scott: Yes, check with Workforce Development.
- Jim: And TAA, some stipulations on what is covered.
- Steve: Safety issues: no stress floor mats in Toyota 09, no exit on Lobby 1 fire hazard, and no lunch room.
- Scott: I talked to management and told them I want no complaints about people returning late from lunch.

◆ Motion: M/S/C (Steve Szymanski, Scott Weber) To adjourn. Meeting adjourned at 9:37 a.m.

Respectfully Submitted,

James Luecke, Chairperson
Skilled Trades Committee
Local 438 UAW

opeiu9 afl cio clc


EXHIBIT Q

# In The United States Bankruptcy Court
## Southern District of New York

James A. Luecke

        Creditor,

DELPHI CORPORATION, et al. ,

           Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

## To Court And Clerk : Please File the following in the Above Titled case

1. CREDITOR'S  James A. Luecke's SUPPLEMENTAL REPLY  for May 20, 2010 Hearing.

2. Declarations-  Exhibits  A-L    attached

CERTIFICATE OF SERVICE
I James A.  Luecke  CERTIFY that a copy of the foregoing has been sent by U.S. Mail to all of the counsel listed in the debtors motion.
this 15th day of  May , 2010.

BY : James  A. Luecke

3846 w. college ave.
Milwaukee, WI 53221
414 - 421-5729

Dated at Milwaukee Wisconsin this 20th day of April 2010.

## In The United States Bankruptcy Court
## Southern District Of New York

James A. Luecke
                    Creditor

v.

DELPHI CORPORATION, et al. ,                    Chapter 11
                                                Case No. 05-44481 (RDD)
                                                (Jointly Administered)

                    Debtors.

## Supplemental Reply
### May , 20 2010 Hearing
### ADMINISTRATIVE CLAIM [#17081] ,[18049]

The claims[#17081] ,[18049]  have not been refuted by any sworn statement of

Truth , or any sworn testimony by Delphi Corporation et  al. as evidenced by Exhibit H .

All evidence of truth  in the record  is the right  of James A. Luecke to payment
of claims[#17081] ,[18049]   and is  supported by Exhibits A-L .

**And-**

**The claims  are about  lost wages and compensation due  to the following
<u>deceitful acts</u> of  the debtor.**  And nothing to do with pension or OPEB benefits.

## FIRST CAUSE OF ACTION
## The Intentional Tortious Interference of the Contract (UAW-Delphi Corporation National Agreement) by Delphi Corporation et al.

1. James A. Luecke  had and has a recognized economic relationship between

( UAW-  Delphi Corporation  as evidenced in the record by statement of truth

( Exhibit A).

2. Delphi Corporation has knowledge and is participating in the (UAW -

Delphi Corporation National Agreement) as evidenced in the court record by a statement

of truth) Exhibit A ,B.

3.Delphi Corporation et al. participated in intentional acts of deskilling James A.

Luecke's journeyman status   designed to disrupt the relationship James A. Luecke has

and had with (UAW- Delphi Corporation at el.) as evidenced in the court record by

statement of truth (Exhibit C and E,F) . This was done even after numerous notifications

by James A. Luecke to Delphi Corporation et al.evidenced by truth in the court record

4. Delphi Corporation at el

caused actual disruption to the relationship and denied James A.Luecke transfer rights

provided by paragraph  96a of the (UAW- Delphi Corporation National

Agreement) as evidenced by statements of truth ( Exhibits C, D,E,F,I ,J and L).

5. James A. Luecke suffered damages as a result of Delphi Corporation et al.

reckless and intentional  and proximate acts as evidenced in the court record by statement

of truth.(Exhibit G)

5. James A. Luecke suffered damages as a result of Delphi Corporation et al.

reckless and intentional and proximate acts as evidenced in the court record by statement

of truth.(Exhibit G)

## SECOND CAUSE OF ACTION
## Breach of Contract ( UAW - Delphi Corporation National Agreement)

Delphi Corporation et al. failed its performance of the (UAW - Delphi

Corporation National Agreement) intentionally with forewarning as evidenced in the

court record by statement of truth and denied James A. Luecke his rightful transfer under

paragraph 96a of the (UAW- Delphi Corporation National Agreement). Delphi

Corporation was reckless, full of malice and intentional in this breach (Exhibits A-L) .

Damages resulted from this breach as evidenced in the court record by statement of

truth.(Exhibit G)

## THIRD CAUSE OF ACTION
## Defamation of Character by Delphi Corporation et al.

Delphi Corporation et al. made the statement that James A. Luecke was not

qualified as a journeyman electronic technician, this statement was false, untrue and not

privileged ( as evidenced in the court record by statement of truth(Exhibit A,B,C,E). It

was published in Delphi Corporation and caused harm to James A. Luecke's professional

reputation and caused denial of transfer rights and future considerations as evidenced in

the court record by statement of truth Exhibits C,D,E,G.

*Additional evidence Declarations under penalty of perjury ( I through L ) and (A-I for
clarity of the court record) submitted for the court record in support of this reply and
claims # 17081,#18049

## STATEMENT OF WHY CLAIM SHOULD BE ALLOWED

Debtors offer no rebuttal to statements of truth of the claims,

therefore their objections fail as a matter of law.

Also, the claim including evidence of truth was properly and timely filed,

which has not been disputed by any statements of truth, by the debtors' and the claimant

established the prima facia right to payment based on material facts and truth as

evidenced in the record. The debtors' offer no

reasonable objection and offer a frivolous, erroneous objections at best . Any reasonable

Trier of the fact would deem the debtors' improper here-say objections doomed .

Therefore this claim should stand as a matter of law.

**The claimant is respectfully asking the court to <u>deny the Debtors' objections</u> to
James A. Luecke's claims  [#17081], [#18049].**

**And is <u>moving the court to Compel Payment of James A. Luecke's claims [#17081],</u> <u>[#18049]</u>.**

TOTAL AMOUNT OF ADMINISTRATIVE CLAIMS [# 17081],[ 18049]

($318,000.00) Three hundred eight-teen thousand dollars .

Address of claimant :   James  A. Luecke
                        3845 w. college ave.
                        Milwaukee, WI 53221

Dated at Milwaukee, Wisconsin this 14th day of May  2010 .

By :    James  A. Luecke

## In The United States Bankruptcy Court
## Southern District of New York

James A. Luecke

        Creditor

v.

DELPHI CORPORATION, et al. ,

                                    Chapter 11
                                    Case No. 05-44481 (RDD)
                                    (Jointly Administered)

        Debtors.

UNDER PENALTY of PERJURY

~~UNSWORN~~ DECLARATION
IN LIEU OF AFFIDAVIT
( ACTIVE DELPHI -UAW HOURLY EMPLOYEE ON TEMPORARY LAYOFF)

        James A. Luecke

I _____ attest

( under penalty of perjury ) to :

I James A. Luecke am an Active Hourly DELPHI -UAW represented skilled trades
employee classified on Temporary Layoff.

Signature _____.

Dated at Milwaukee, Wisconsin this 16th, day of April 2010 .

                   By :    James A. Luecke

Exhibit A

# In The United States Bankruptcy Court
## Southern District of New York

James A. Luecke

                    Creditor

v.

DELPHI CORPORATION, et al. ,

                    Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

UNSWORN DECLARATION UNDER PENALTY of PERjury
IN LIEU OF AFFIDAVIT
( Hired as  Hourly UAW -Delphi Journeyman Electronic Technician )

                    James  A. Luecke
I  _____    _____    attest

( under penalty of perjury ) to :

   I  James Luecke  was hired at Delphi as a full  Journeyman status  UAW represented skilled
trades electronic technician .

Signature _____ .

Dated at Milwaukee, Wisconsin this 16th  day of  April  2010 .

                    By :    James A.  Luecke

Exhibit B

## In The United States Bankruptcy Court
## Southern District of New York

James A. Luecke

            Creditor

v.

DELPHI CORPORATION, et al. ,

            Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

UNSWORN DECLARATION UNDER PENALTY of PERJURY
IN LIEU OF AFFIDAVIT
   ( Willful and reckless, intentional  deskilling Journeyman status ; defamation of
professional reputation )

        James A . Luecke

I  _____  attest

( under penalty of perjury ) to :                                    —

  That Delphi and their company representatives  willfully,  recklessly , intentionally, ; deskilled
my Journeyman status and defamed my professional reputation  without notice or deficiency to
deny overtime wages and paragraph 96a job transfer.

Signature _____  .

           Dated at Milwaukee, Wisconsin this 16th  day of  April  2010 .

               By :    James A .Luecke

Exhibit C

## In The United States Bankruptcy Court
## Southern District of New York

James A. Luecke

            Creditor

v.

DELPHI CORPORATION, et al. ,

            Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

---

### ~~UNSWORN~~ DECLARATION UNDER PENALTY of PERJURY
### IN LIEU OF AFFIDAVIT
( Willful and flagrant denial of my UAW-Delphi 96a Transfer Rights )

---

        James A. Luecke

1   _____   attest

( under penalty of perjury ) to :

    I James A. Luecke was denied with willful and flagrant violations of the UAW-Delphi
National agreement my rightful contractual transfer rights under paragraph 96a of the UAW-
Delphi National Agreement.

Signature _____ .

Dated at Milwaukee, Wisconsin this 16th day of April 2010 .

                By :   James A. Luecke

Exhibit D

## In The United States Bankruptcy Court
## Southern District of New York

James A . Luecke
                    Creditor

v.

DELPHI CORPORATION, et al. ,                    Chapter 11
                                                Case No. 05-44481 (RDD)
                                                (Jointly Administered)

                    Debtors.

---

~~UNSWORN~~ DECLARATION  UNDER PENALTY of PERJURY
IN LIEU OF AFFIDAVIT
( Willful and reckless disregard , Intentional Tortious Interference with Contract )

---

                    James A. Luecke
I    _____    _____    attest

( under penalty of perjury ) to :

   That Delphi and their company representatives  willfully with malice and reckless disregard;
deskilled my Journeyman status denying me my rightful transfer rights provided by the UAW-
Delphi  Corporation National Agreement (contract ) , this was reckless , willful  and proximate -
Intentional  Tortious Interference with the contract I have and had with the UAW (UAW-Delphi
Corporation National Agreement).

Signature _____ .

                    Dated at Milwaukee, Wisconsin this 16th  day of  April  2010 .

                              By :    James A. Luecke

Exhibit E

## In The United States Bankruptcy Court
## Southern District of New York

James A. Luecke
                    Creditor

v.

DELPHI CORPORATION, et al. ,                    Chapter 11
                                                Case No. 05-44481 (RDD)
                                                (Jointly Administered)

                    Debtors.

UNSWORN DECLARATION *UNDER PENALTY OF PERJURY*
IN LIEU OF AFFIDAVIT
( Hired at full Journeyman status , Deskilled to Electronic Technician in training )

                    James A. Luecke
I  _____    attest

( under penalty of perjury ) to :

   I James A. Luecke  was hired at Delphi as a full  Journeyman UAW represented skilled trades
electronic technician  and arbitrarily deskilled to Electronic Technician in Training(EIT) with no
notice or deficiencies.

Signature _____ .


                    Dated at Milwaukee, Wisconsin this 16th day of April 2010 .

                                        By :  James A. Luecke

Exhibit F

## In The United States Bankruptcy Court
## Southern District of New York

James A. Luecke

               Creditor

v.

DELPHI CORPORATION, et al. ,           Chapter 11
                                        Case No. 05-44481 (RDD)
                                        (Jointly Administered)

                    Debtors

~~UNSWORN~~ DECLARATION UNDER PENALTY of PERJURY
IN LIEU OF AFFIDAVIT
( Damages)

               James  A. Luecke

I _____ attest

( under penalty of perjury ) to :
Damages from intentional, willfull and reckless disregard  and Interference of the Contract that
was and is in place with UAW - Delphi  :

 I have lost wages, overtime, and other wage compensation ; damage to professional reputation.
Of  :  2 years of lost wages Claim # 18049  for One Hundred fifty-nine thousand dollars
( $159,000.00)
And  Claim # 17081  for  2 years future wages and other wage compensation  loss with damage
to professional reputation; One Hundred fifty-nine thousand dollars  ($159,000.00).

Total  Amount of claims - Three hundred eighteen thousand dollars ($318,000.00)

Signature_____ .

Dated this 16th day of  April 2010 in Milwaukee Wisconsin .
Dated at Milwaukee, Wisconsin this 16th  day of April 2010.

                          By :    James  A. Luecke

Exhibit G

## In The United States Bankruptcy Court
## Southern District Of New York

James A. Luecke

          Creditor

v.

DELPHI CORPORATION, et al. ,

          Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

## Declaration  Under Penalty of Perjury
### IN LIEU OF AFFIDAVIT

( No  Sworn Rebuttal  of truth or sworn Testimony  of truth from Delphi
Corporation  Refuting James A. Luecke's Claims  #17081 and #18049)

          James A. Luecke

I  _____  attest

( under penalty of perjury ) to :   —

I  James A. Luecke  have never been presented, nor has the court ( to my knowledge) with any
sworn affidavits of truth or testimony from Delphi Corporation et al.  refuting
my claims # 17081 and #18049 .

Signature _____ .

Dated at Milwaukee, Wisconsin this 16ᵗʰ  day of April  2010 .

          By :    James A. Luecke

Exhibit H

## In The United States Bankruptcy Court
## Southern District Of New York

James A. Luecke

          Creditor

v.

DELPHI CORPORATION, et al. ,

          Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

## Declaration  Under Penalty of Perjury
### IN LIEU OF AFFIDAVIT
( James A. Luecke as UAW local 438 Skilled Trade Committee  Chairman
and Memorandum for 96 transfer )   [Claims  #17081 and #18049]

          James A. Luecke

I   _____   attest

( under penalty of perjury ) to :

I James A. Luecke  was Chairman of the UAW Skilled Trades Committee Local 438  and had
direct first hand knowledge of  the Memorandum of Understanding Transfer of Major Operations
Pursuant to Delphi-UAW National Agreement Paragraph ( 96 ) . The Memoradum stated that 23
skilled trades positions would be open and available, For the Milwaukee  E&S Plant bargaining
unit skilled trades employees including electronic technicians for the transfer of operations to
Kokomo Indiana Plant.

Signature  _____ .

Dated at Milwaukee, Wisconsin this 14th  day of  May  2010 .

By :    James A. Luecke

Exhibit I

## In The United States Bankruptcy Court
## Southern District Of New York

James A. Luecke

            Creditor

v.

DELPHI CORPORATION, et al. ,

                           Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

## Declaration  Under Penalty of Perjury
### IN LIEU OF AFFIDAVIT
( James A. Luecke as UAW local 438 Skilled Trade Committee  Chairman
<u>Reckless and Intentional Interference with a contract for skilled trades electronic</u>
technicians)  [Claims #17081 and #18049]

                James A. Luecke

I  _____  attest

( under penalty of perjury ) to :

    I James A.  Luecke  was Chairman of the UAW Skilled Trades Committee Local 438  and had direct first hand knowledge of  the Memorandum of Understanding Transfer of Major Operations Pursuant to Delphi-UAW National Agreement Paragraph ( 96) . Delphi and their representatives were reckless with malice, invidious and deliberately interfered with this contract . The Memorandum stated that 23 skilled trades positions would be open and available, for the Milwaukee  E&S Plant bargaining unit skilled trades employees including electronic technicians, for the transfer of operations to Kokomo Indiana Plant. They only took  2 Pipe fitters and intentionally abrogated this contract with malice, intentional deceit and reckless disregard  for the <u>UAW 438 Skilled Trades Committee  and Chairman</u> and the skilled trades employees including James A. Luecke .

Signature _____ .

              Dated at Milwaukee, Wisconsin this 14th  day of  May  2010 .

                          By :    James A. Luecke

Exhibit J

## In The United States Bankruptcy Court
## Southern District Of New York

James A. Luecke

          Creditor

v.

DELPHI CORPORATION, et al. ,

          Debtors.

Chapter 11
Case No. 05-44481 (RDD)
(Jointly Administered)

## Declaration  Under Penalty of Perjury
### IN LIEU OF AFFIDAVIT
( James A. Luecke  establishment of prima facia right to
[Claims #17081 and #18049]

          James A. Luecke

I    _____   attest

( under penalty of perjury ) to :

   I James A.  Luecke  with knowledge an belief  have with all facts and evidence in the court
record , established the prima facie right to claims #17081 and #18049

Signature _____.

          Dated at Milwaukee, Wisconsin this 14th  day of May  2010 .

                    By :     James A. Luecke

Exhibit K

## In The United States Bankruptcy Court
## Southern District of New York

James A . Luecke

    Creditor

v.

DELPHI CORPORATION, et al. ,

                 Chapter 11
                 Case No. 05-44481 (RDD)
                 (Jointly Administered)

    Debtors.

### Declaration Under Penalty of Perjury
#### IN LIEU OF AFFIDAVIT
(James A. Luecke as UAW local 438 Skilled Trades Committee Chairman
Intentional and Tortious interference with the paragraph 96  agreement occurred prior to
General Motors purchase of Kokomo operations.)

      James A. Luecke

I    _____    attest

( under penalty of perjury ) to :

 That  the tortuous Interfence and breach of the paragraph 96 transfer agreement occurred prior
to any purchase of operations by General Motors Corporation.
Signature_____.

        Dated at Milwaukee, Wisconsin this 18th day of  April  2010 .

             By :  James A. Luecke

Exhibit L