Timothy T. Brock, Esq.
Abigail Snow, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 818-9200

*Co-Counsel with:*
Patricia L. Beaty, Esq.
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204
(317) 636-4341

*Co-Counsel for Delphi Salaried Retirees
Association Benefit Trust VEBA Committee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | Jointly Administered |

**AFFIDAVIT OF PATRICIA L. BEATY, ESQ., IN FURTHER SUPPORT
OF THE LIMITED OBJECTION OF THE VEBA COMMITTEE FOR
THE DELPHI SALARIED RETIREES ASSOCIATION BENEFIT TRUST
TO THE FINAL REPORT OF THE OFFICIAL COMMITTEE OF
<u>RETIRED SALARIED EMPLOYEES PURSUANT TO 11 U.S.C. § 1114(d)</u>**

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

        PATRICIA L. BEATY, being duly sworn, deposes and says:

        1.     I am an attorney at law admitted to practice before the state bar of Indiana and the U.S. District Courts for the Northern and Southern Districts of Indiana.

694353_3

2. I am associated with the firm of Krieg DeVault, LLP which maintains offices for the practice of law, inter alia, at One Indiana Square, Suite 2800, Indianapolis, Indiana.

3. An Application requesting my admission to practice pro hac vice before this Court in this matter is pending. (Docket No. 20612.)

4. I am an ERISA attorney.

5. I have represented Objector, the VEBA Committee (the "VEBA Committee") for the Delphi Salaried Retirees Association Benefit Trust (the "DSRA VEBA"), since January 28, 2010. I have personal knowledge of the facts set forth in this affidavit (the "Affidavit") and, if called as a witness, I would testify thereto.

6. In my capacity as counsel to the VEBA Committee I issued a letter dated June 9, 2010 on its behalf to the Official Committee of Eligible Salaried Retirees appointed pursuant to 11 U.S.C. § 1114 (the "1114 Committee") (Exhibit "A").

7. In my letter, I refer to the prior correspondence issued by the VEBA Committee to the 1114 Committee repeatedly requesting that the latter file the Final Report. See May 13, 2010 VEBA Committee Letter (Exhibit "B"); May 26, 2010 VEBA Committee Letter (Exhibit "D"); June 1, 2010 VEBA Committee Letter (Exhibit "G").[1]

8. In response to the VEBA Committee's repeated requests, the 1114 Committee had issued the following responses. See First 1114 Committee Response to 5-13-10 Letter (Exhibit "C"); Detailed 1114 Committee Response to 5-13-10 and 5-26-10 Letters (Exhibit "E"); Final 1114 Committee Response to 5-13-10 and 5-26-10 Letters (Exhibit "F") and the June 7, 2010 e-mail from James R. Frost (Exhibit "H").

---

[1] For the convenience of the Court, Exhibits B through H are arranged chronologically.

2

694353_3

9. Specifically, my letter was in response to the 1114 Committee's final statements concerning the VEBA Committee's position, *i.e.*, Exhibits F & H.

10. Reference is hereby made to Paragraph 11 of the Affidavit submitted by Dean M. Gloster ("Gloster Aff.") in which Mr. Gloster states that neither he nor his firm has sought any retainer in connection with the filing of the 1114 Committee's Final Report.

11. I respectfully refer the Court to Exhibit F in which the 1114 Committee informs the VEBA Committee of the 1114 Committee's unilateral approval of a $50,000 expenditure of DRSA VEBA startup funds "to cover a retainer and attorney fees to allow the 1114 Committee to complete its duties."

12. I respectfully refer the Court to the VEBA Committee's response thereto, in which the VEBA Committee states that it could not so authorize the demanded disbursement. (See Exhibit G).

13. The tenor of each such 1114 Committee response makes clear that the 1114 Committee considers itself – despite the clear terms of the Final OPEB Termination Order requiring the filing of the Final Report after the receipt of all payments from the Reorganized Debtors – the indefinite overseer of the VEBA Committee. To this end, the 1114 Committee continued to high-handedly demand further information and other documents from the VEBA Committee outside of the scope of the Final Report, for example, the summary of VEBA operations for the first quarter of 2010. (See April 27, 2010 Frost E-mail, Exhibit "I".)

14. Furthermore, I respectfully refer to the admission made by Mr. Gloster of his firm's "substantial shared economic interest with Cone Insurance Group" in setting up an unspecified number of VEBAs in three separate industries starting in July 2009, in which Mr.

Gloster's firm, Farella Braun & Martel, LLP, is "only compensated if those health benefit programs are actually successfully rolled out." (Gloster Aff. ¶ 9.)

15.     I believe that Mr. Gloster, for the business connection so stated, not only has a "potential conflict of interest" (id.), but an actual conflict of interest in all matters affecting any contractual undertaking between the 1114 Committee and Cone Insurance Group, such as the present matter.

16.     Moreover, I respectfully refer to the further statement by Mr. Gloster in which he admits, despite being counsel for the 1114 Committee, having been in touch with Mr. Frost in the latter's dual capacity as both Chair of the 1114 Committee and as VEBA Committee member, even though the VEBA Committee had its own counsel. (Gloster Aff. ¶ 10.)

17.     Regarding the 1114 Committee's explicit assertion that there are infirmities to the current composition of the VEBA Committee (see Reply, Preliminary Statement), I attach the Minutes of the 1114 Committee dated July 16, 2009 ("Exhibit J"), in which the 1114 Committee sets forth its unanimous vote in favor of placing both James and Marianne Baker (along with Mr. Frost and W. Ben Gifford) as trustees onto the VEBA Committee.

18.     Given that three of the current VEBA Committee trustees are among those initially nominated to the VEBA Committee by the 1114 Committee, as recited in the Trust Agreement (see Gloster Aff. Exh. B Art. XI § 1), the VEBA Committee has always thus been composed of at least the minimum (5) trustees approved by the 1114 Committee, when the Bakers are added to these three members. (Id.) Thus, it is irrelevant that Mr. McHugh has not been approved by the 1114 Committee. The Trust Agreement clearly vests in the VEBA Committee the right to set the number of trustees comprising the VEBA Committee. Id.

4

694353_3

19. I have reviewed the Limited Objection filed by the VEBA Committee and I believe all of the assertions made therein to be true except that: a) I believe that there was a United States Department of Labor investigation of the Delta Airlines retirees' committee and, b) Amy Cone of Cone Insurance Group is not Cathy Cone's sister but is of some other family relationship.

20. As stated by me in my June 9, 2010 Letter (<u>see</u> Exhibit A at 2), the VEBA Committee has the sole responsibility and authority to establish the policies and procedures under which it will operate. The 1114 Committee does not have the responsibility or authority to dictate how the VEBA Committee will operate.

    /s/ Patricia L. Beaty
PATRICIA L. BEATY

Sworn to before me this
23rd day of September, 2010
 /s/ Abigail Snow
Notary Public, State of New York
No. 01SN5082486
Qualified in New York County
Commission Expires July 28, 2013

694353_3