SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

         - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036


Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                     :
        In re                                        :      Chapter 11
                                                     :
DPH HOLDINGS CORP., et al.,                          :      Case No. 05-44481 (RDD)
                                                     :
                    Reorganized Debtors.             :      (Jointly Administered)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS
AND THE COLLINS & AIKMAN POST-CONSUMMATION TRUST DISALLOWING AND
EXPUNGING PROOFS OF CLAIM NUMBERS 16575, 16577, 16578, AND 16579

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-caption cases (collectively, the "Reorganized Debtors") and the Collins & Aikman Post-Consummation Trust, as successor to Collins & Aikman Corporation and its affiliated debtors (the "PCT") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And The Collins & Aikman Post-Consummation Trust Disallowing And Expunging Proofs Of Claim Numbers 16575, 16577, 16578, And 16579 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") and Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on March 16, 2007, Collins & Aikman Automotive Interiors, Inc. ("C&A Interiors") filed proof of claim number 16575 against DAS LLC asserting a secured claim in the amount of $659,963.54 ("Claim 16575") stemming from the sale of goods.

WHEREAS, on March 16, 2007, Collins & Aikman Automotive Exteriors, Inc. ("C&A Exteriors," collectively with C&A Interiors the "C&A Claimants") filed proof of claim number 16577 against Delphi Mechatronic asserting an unsecured nonpriority claim in the amount of $10,132.74 ("Claim 16577") stemming from the sale of goods.

WHEREAS, on March 16, 2007, C&A Exteriors filed proof of claim number 16578 against DAS LLC asserting an unsecured nonpriority claim in the amount of $764,853.77

("Claim 16578") stemming from the sale of goods.

WHEREAS, on March 16, 2007, C&A Interiors filed proof of claim number 16579 against Delphi Mechatronic asserting a secured claim in the amount of $17,054.96 (together with Claim 16575, Claim 16577, and Claim 16578, the "Claims") stemming from the sale of goods.

WHEREAS, on June 15, 2007, the Debtors objected to the Claims pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Insurance Claim Not Reflected On Debtors' Books And Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 8270) (the "Seventeenth Omnibus Claims Objection").

WHEREAS, on July 12, 2007, Collins & Aikman Corporation, et al. filed the Collins & Aikman Corporation, Et Al.'s Response To Debtors' Seventeenth Omnibus Objection (Docket No. 8572) (the "Response").[1]

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi, DAS LLC, and Delphi Mechatronic emerged from chapter 11 as DPH Holdings

---

[1]    The Response also addressed the Debtors' objection to proof of claim number 16576 filed by Collins & Aikman Automotive Canada, Co. against DAS LLC asserting an unsecured nonpriority claim in the amount of $31,730.72 ("Claim 16576") stemming from the sale of goods.  Claim 16576 is not addressed in this stipulation.

3

Corp., DPH-DAS LLC, and DPH Mechatronic Systems, LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on May 17, 2005, the C&A Claimants filed voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 05-55927.  The PCT is the successor to substantially all of the C&A Claimants remaining assets, including the Claims.

WHEREAS, to resolve the Seventeenth Omnibus Claims Objection with respect to the Claims, the Reorganized Debtors and the PCT, as successors to the C&A Claimants, entered into this Stipulation, pursuant to which the Reorganized Debtors and the PCT, as successors to the C&A Claimants, agreed that each of the Claims should be disallowed and expunged in its entirety.

NOW, THEREFORE, the Reorganized Debtors and the PCT, as successors to the C&A Claimants, stipulate and agree as follows:

1.      Each of the Claims shall be disallowed and expunged in its entirety.

2.      The Response is hereby deemed withdrawn with prejudice with respect to the Claims, only.

3.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 27th day of September, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons                                    /s/ Patrick J. Kukla
John Wm. Butler, Jr.                                 Joseph M. Fischer
John K. Lyons                                        Patrick J. Kukla
Ron E. Meisler                                       CARSON FISCHER, P.L.C.
SKADDEN, ARPS, SLATE, MEAGHER                        4111 Andover Road, West – 2nd Floor
   & FLOM LLP                                        Bloomfield Hills, Michigan 48302
155 North Wacker Drive
Chicago, Illinois  60606                             Attorneys For the Collins & Aikman Post-
                                                     Consummation Trust

            - and -

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

5