UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

   In re                        :      Chapter 11
                              :
DPH HOLDINGS CORP., <u>et al.</u>,    :      Case No. 05-44481 (RDD)
                              :
         Reorganized Debtors. :      (Jointly Administered)
                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM
<u>NUMBER 10835 FILED BY DENNIS DASHKOVITZ</u>


("CLAIMS OBJECTION ORDER REGARDING
DENNIS DASHKOVITZ CLAIM")

Upon the Debtors' Thirty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Books And Records Claim, (B) Certain Salaried Pension And OPEB Claims, (C) Certain Wage And Benefit Claims, And (D) Certain Individual Workers' Compensation Books And Records Claims And (II) Modify And Allow Certain Claims (Docket No. 18826) (the "Thirty-Fifth Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), objected to proof of claim number 10835 filed by Dennis Dashkovitz (the "Claimant"); and upon the response to the Thirty-Fifth Omnibus Claims Objection (Docket No. 18900) (the "Response"); and upon the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Claim Number

10835 (Dennis Dashkovitz) (Docket No. 20473) (the "Statement Of Disputed Issues"); and upon the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim No. 10835 (Dennis Dashkovitz) (Docket No. 20555) (the "Supplemental Reply" and together with the Thirty-Fifth Omnibus Claims Objection, the Response, and the Statement Of Disputed Issues, the "Pleadings"); and upon the record of the September 24, 2010 hearing held on the Thirty-Fifth Omnibus Claims Objection to proof of claim number 10835; and after due deliberation thereon; and good and sufficient cause appearing therefor,

   IT IS HEREBY FOUND AND DETERMINED THAT:[1]

   A. Dennis Dashkovitz, the holder of proof of claim number 10835, was properly and timely served with a copy of the Thirty-Fifth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Fifth Omnibus Claims Objection, and the notice of the deadline for responding to the Thirty-Fifth Omnibus Claims Objection.

   B. The Claimant submitted the Response to the Thirty-Fifth Omnibus Claims Objection.

   C. On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"),

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Fifth Omnibus Claims Objection.

2

which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

        D.        On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Claim Number 10835 (Dennis Dashkovitz) (Docket No. 20455) (the " Notice Of Hearing").

        E.        The Claimant was properly and timely served with a copy of the Notice Of Hearing, the Statement Of Disputed Issues, and the Supplemental Reply.

        F.        This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        G.        Prior to the Effective Date, the liabilities for payment of Mr. Dashkovitz's workers' compensation benefits were transferred to General Motors Corporation ("GM"). Following the transfer to GM, the Debtors discontinued all payments to Mr. Dashkovitz on account of his workers' compensation benefits.

        H.        For the reasons stated by this Court at the September 24, 2010 hearing, proof of claim number 10835 should be disallowed and expunged in its entirety.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.        Proof of claim number 10835 is hereby disallowed and expunged in its entirety, subject to the Claimant's right to seek reconsideration of proof of claim number 10835 under 11 U.S.C.§ 502(j) in the event that GM does not satisfy its obligation to pay Mr. Dashkovitz on account of his prepetition workers' compensation claim; <u>provided</u>, <u>however</u>, that

3

the Reorganized Debtors shall have the right challenge any such request for reconsideration on any basis whatsoever.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Fifth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       September 30, 2010

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE