UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
   In re                        :      Chapter 11
                                  :
DPH HOLDINGS CORP., et al.,      :      Case No. 05-44481 (RDD)
                                  :
            Reorganized Debtors. :      (Jointly Administered)
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM
NUMBER 7658 FILED BY ROBERT STASIK

("CLAIMS OBJECTION ORDER REGARDING
ROBERT STASIK CLAIM")

       Upon the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (Docket No. 19044) (the "Thirty-Eighth Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of claim number 7658 filed by Robert Stasik (the "Claimant"); and upon the response to the Thirty-Eighth Omnibus Claims Objection (Docket No. 19150) (the "Response"); and upon the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof of Claim Number 7658 (Robert Stasik) (Docket No. 20476) (the "Statement Of

Disputed Issues"); and upon the Reorganized Debtors' Supplemental Reply with Respect To Proof Of Claim No. 7658 (Robert Stasik) (Docket No. 20558) (the "Supplemental Reply" and together with the Thirty-Eighth Omnibus Claims Objection, the Response, and the Statement Of Disputed Issues, the "Pleadings"); and upon the record of the September 24, 2010 hearing held on the Thirty-Eighth Omnibus Claims Objection to proof of claim number 7658; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

  A. Robert Stasik, the holder of proof of claim number 7658, was properly and timely served with a copy of the Thirty-Eighth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Eighth Omnibus Claims Objection, and the notice of the deadline for responding to the Thirty-Eighth Omnibus Claims Objection.

  B. Michael H. Glassman, on behalf of the Claimant, submitted the Response to the Thirty-Eighth Omnibus Claims Objection.

  C. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Eighth Omnibus Claims Objection.

2

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

   D. On July 21, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Claim Number 7658 (Robert Stasik) (Docket No. 20458) (the " Notice Of Hearing").

   E. The Claimant was properly and timely served with a copy of the Notice of Hearing, the Statement Of Disputed Issues, and the Supplemental Reply.

   F. This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   G. Prior to the Petition Date, the Debtors obtained a surety bond for the benefit of the New Jersey Department of Banking and Insurance in the amount of $5,500,000.00 as security for the Debtors' obligations relating to workers' compensation benefits. The surety bond was backed by a letter of credit in the amount of $5,500,000.00 (the "Letter Of Credit") issued to CNA Surety Corporation ("CNA"), a third-party surety company, on behalf of the Debtors. As of March 17, 2010, CNA had drawn down the entire amount of the letter of credit.

   H. For the reasons stated by this Court at the September 24, 2010 hearing, proof of claim number 7658 should be disallowed and expunged in its entirety, subject to the claimant's rights under 11 U.S.C. § 502(j) in the event the claim is not satisfied as provided in the preceding paragraph.

   NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proof of claim number 7658 is hereby disallowed and expunged in its entirety, subject to the Claimant's right to seek reconsideration of proof of claim number 7658 under 11 U.S.C.§ 502(j) in the event that the proceeds from the Letter Of Credit are insufficient to satisfy proof of claim number 7658; provided, however, that the Reorganized Debtors shall have the right to challenge any such request for reconsideration on any basis whatsoever.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Eighth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
September 30, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE