UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :
    In re                         :    Chapter 11
                            :
DPH HOLDINGS CORP., et al.,    :    Case No. 05-44481 (RDD)
                            :
        Reorganized Debtors. :    (Jointly Administered)
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 17330 FILED BY RANDY D. AUSTIN

("CLAIMS OBJECTION ORDER REGARDING
RANDY D. AUSTIN CLAIM")

Upon the Reorganized Debtors' Thirty-Ninth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain Administrative Expense (I) Workers' Compensation Claims, (II) Workers' Compensation Claims Transferred To GM Buyers, And (III) Severance Claims (Docket No. 19045) (the "Thirty-Ninth Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of administrative expense claim number 17330 filed by Randy D. Austin (the "Claimant"); and upon the undocketed response to the Thirty-Ninth Omnibus Claims Objection (the "First Response"); and upon the Reorganized Debtors' Forty-Fifth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A)

Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Pension And Benefit Claims, And (E) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19423) (the "Forty-Fifth Omnibus Claims Objection" together with the Thiry-Ninth Omnibus Claims Objection, the "Omnibus Claims Objections"), by which the Reorganized Debtors objected to proof of administrative expense claim number 17330; and upon the response to the Forty-Fifth Omnibus Claims Objection (the "Second Response"); and upon the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 17330 (Randy D. Austin) (Docket No. 19969) (the "May Statement Of Disputed Issues"); and upon the Amended And Restated Statement Of Disputed Issues With Respect To Proof Of Administrative Claim Number 17330 (Randy D. Austin) (Docket No. 20478) (the "July Statement Of Disputed Issues" together with the May Statement Of Disputed Issues, the "Statements of Disputed Issues"); and upon the Response Of Randy D. Austin To Objection To Claim No. 17330 (Docket No. 20213) (the "Third Response," together with the First Response and the Second Response, the "Responses"); Reorganized Debtors' Supplemental Reply with Respect to Proof of Administrative Expense Claim Number 17330 (Randy D. Austin) (Docket No. 20553); and upon Reorganized Debtors' Second Supplemental Reply with Respect to Proof of Administrative Expense Claim Number 17330 (Randy D. Austin) (Docket No. 20610) ("Second Supplemental Reply" together with the First Supplemental Reply, the "Supplemental Replies" and together with the Omnibus Claims Objections, the Responses, and the Statements of Disputed Issues, the "Pleadings"); and upon the record of the September 24, 2010 hearing held on the Omnibus Claims Objections to proof of

2

administrative expense claim number 17330; and after due deliberation thereon; and good and sufficient cause appearing therefor,

      IT IS HEREBY FOUND AND DETERMINED THAT:[1]

      A.    Randy D. Austin, the holder of proof of administrative expense claim number 19601, was properly and timely served with copies of the Omnibus Claims Objections, a personalized Notice Of Objection To Claim for each Omnibus Claims Objection, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"), the proposed orders with respect to each of the Omnibus Claims Objections, and the notices of the deadline for responding to each of the Omnibus Claims Objections.

      B.    The Claimant submitted the Responses to the Omnibus Claims Objections.

      C.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Claims Objections.

3

        D.      On July 21, 2010, the Reorganized Debtors filed the Notice of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 17330 (Randy D. Austin) (Docket No. 20460) (the "Notice Of Hearing").

        E.      The Claimant was properly and timely served with a copy of the Notice of Hearing, the Statements Of Disputed Issues, and the Supplemental Replies.

        F.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        G.      For the reasons stated by this Court at the September 24, 2010 hearing, proof of administrative expense claim number 19601 should be disallowed and expunged in its entirety.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.      Proof of administrative expense claim number 19601 is hereby disallowed and expunged in its entirety.

        2.      Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

        3.      This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Omnibus Claims Objections and the Supplemental Replies to hear and determine all matters arising from the implementation of this order.

4

    4.  Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
    September 30, 2010

            <u>/s/Robert D. Drain</u>
             UNITED STATES BANKRUPTCY JUDGE