UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                                      :        Chapter 11
:
DPH HOLDINGS CORP., et al.,         :        Case No. 05-44481 (RDD)
:
               Reorganized Debtors. :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 19601 FILED BY TERRY L. ROE


("CLAIMS OBJECTION ORDER REGARDING
TERRY L. ROE CLAIM")


       Upon the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11

U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain

Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims,

(C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims,

(E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax

Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge

(A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim,

And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense

(A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV)

Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth

Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of

its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of administrative expense claim number 19601 filed by Terry L. Roe (the "Claimant"); and upon the responses to the Forty-Sixth Omnibus Claims Objection (Docket Nos. 19883, 19916, and 19927) (the "Responses"); and upon the Reorganized Debtors' Statement of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19601 (Terry L. Roe) (Docket No. 20475) (the "Statement Of Disputed Issues"); and upon the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Administrative Expense Claim No. 19601 (Terry L. Roe) (Docket No. 20559) (the "Supplemental Reply" and together with the Forty-Sixth Omnibus Claims Objection, the Responses, and the Statement Of Disputed Issues, the "Pleadings"); and upon the record of the September 24, 2010 hearing held on the Forty-Sixth Omnibus Claims Objection to proof of administrative expense claim number 19601; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Terry L. Roe, the holder of proof of administrative expense claim number 19601, was properly and timely served with a copy of the Forty-Sixth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Sixth Omnibus Claims Objection.

To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"), the proposed order with respect to the Forty-Sixth Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Sixth Omnibus Claims Objection.

   B.  The Claimant submitted the Responses to the Forty-Sixth Omnibus Claims Objection.

   C.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

   D.  On July 21, 2010, the Reorganized Debtors filed the Notice of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19601 (Terry L. Roe) (Docket No. 20460) (the "Notice Of Hearing").

   E.  The Claimant was properly and timely served with a copy of the Notice of Hearing, the Statement Of Disputed Issues, and the Supplemental Reply.

   F.  This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   G.  For the reasons stated by this Court at the September 24, 2010 hearing, the Claimant has failed to sufficiently plead a _prima_ _facie_ claim; therefore, proof of administrative expense claim number 19601 should be disallowed and expunged in its entirety.

3

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proof of administrative expense claim number 19601 is hereby disallowed and expunged in its entirety.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Forty-Sixth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

4. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       September 30, 2010

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE