IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                         :
        In re                            :    Chapter 11
                                         :
DPH HOLDINGS CORP., et al.,              :    Case No. 05-44481 (RDD)
                                         :
              Reorganized Debtors.       :    (Jointly Administered)
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

AFFIDAVIT OF SERVICE

I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

On September 30, 2010, I caused to be served the document listed below (i) upon the party listed on Exhibit A hereto via overnight mail, (ii) upon the parties listed on Exhibit B hereto via electronic notification, and (iii) upon the party listed on Exhibit C hereto via postage pre-paid U.S. mail:

        Reorganized Debtors' Designation of Additional Items to be Included in Record on Appeal in Appeal by Michigan Funds Administration (Docket No. 20648) [a copy of which is attached hereto as Exhibit D]

Dated: October 5, 2010

                                          /s/ Darlene Calderon
                                           Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 5th day of October, 2010, by Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  /s/ Michelle Cruz

Commission Expires: 1/2/14

# EXHIBIT A

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Michigan Funds Administration | Dennis J Raterink Asst Attorney General | Labor Division | PO Box 30736 | Lansing | MI | 48909 |

# EXHIBIT B

In re DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Deborah L. Thorne Kathleen L. Matsoukas | One N Wacker Drive | Suite 4400 | Chicago | IL | 60606 | 312-357-1313 | dthorne@btlaw.com kmatsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Delphi Automotive Systems LLP | Sean Corcoran Karen Craft David M. Sherbin | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com david.sherbin@delphi.com | Delphi Automotive Systems LLP |
| DPH Holdings Corp. | John Brooks | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2143 | john.brooks@delphi.com | Reorganized Debtors |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com rweiss@honigman.com | Counsel to General Motors Corporation |
| Ruskin Moscou Faltischek PC | Jeffrey A. Wurst, Esq. | 1425 RXR Plaza | 15th Floor | Uniondale | NY | 11556 | 516-663-6535 | jwurst@rmfpc.com | |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Weil, Gotshal & Manges LLP | Harvey R. Miller Robert J. Lemons | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com robert.lemons@weil.com | Counsel to General Motors Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

10/1/2010 8:42 PM
Post-Emergence Master Service List 100930.xlsx Email (7)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Christina M. Padien | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-229-1000 | cpadien@akingump.com | Counsel to Wamco, Inc. |
| Akin Gump Strauss Hauer & Feld, LLP | David M Dunn | 1333 New Hampshire Ave NW | | Washington | DC | 20036 | | 202-887-4000 | ddunn@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alliance for Sustainable Energy LLC | National Renewable Energy Laboratory | Jim Martin Senior Attorney | 1617 Golden Blvd MS 1734 | Golden | CO | 80401 | | 303-384-7497 | jim.martin@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | Damon R Leichty | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | damon.leichty@btlaw.com | Counsel to Bank of America, N.A. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Barnes & Thornburg LLP | David M. Powlen | 1000 N West Street | Suite 1200 | Wilmington | DE | 19801 | | 302-888-4536 | david.powlen@btlaw.com | Counsel to Howard County, Indiana |
| Barnes & Thornburg LLP | Deborah L. Thorne | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | deborah.thorne@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | jgregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America; Continental AG and Affiliates |
| Barnes & Thornburg LLP | Kathleen L. Matsoukas | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | kathleen.matsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions); Howard County, Indiana |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Sarah Quinn Kuhny | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | sarah.kuhny@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bendinelli Law Office PC | Jerry Sumner | 11184 Huron Street | Suite 10 | Denver | CO | 80234 | | 303-940-9900 | js@colawfirm.com michelle@colawfirm.com | Counsel to Jose C Alfaro |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |
| Bingham McCutchen LLP | Kate K Simon | One State Street | | Hartford | CT | 06103 | | 860-240-2700 | kate.simon@bingham.com | Counsel to Sumitomo Corporation and Sumitomo Corp. of America |
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | Peter S. Russ | 620 Eighth Ave | 23rd Floor | New York | NY | 10018 | | 212-440-4400 | peter.russ@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Butzel Long | Cynthia J. Haffey | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-983-7434 | haffey@butzel.com | Counsel to Delphi Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Butzel Long | Donald V. Orlandoni | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-225-7063 | orlandoni@butzel.com | Counsel to Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Dephi Corporation |
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Cantor Colburn LLP | Michael J Rye | 20 Church Street | 22nd Floor | Hartford | CT | 06103-3207 | | 860-286-2929 | mrye@cantorcolburn.com | Patent Counsel to Delphi Corporation et al., Debtors and Debtors-in-Possession |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electronics Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 5 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com mreed@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1547 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Robert D. Nachman | 10 South Wacker Drive | Suite 2300 | Chicago | IL | 60606 | | 312-876-1700 | rnachman@dykema.com | Counsel to MJ Celco, Inc. |
| Dykema Gossett PLLC | Sharon A. Salinas | 10 South Wacker Dr | Suite 2300 | Chicago | IL | 60606 | | 312-627-2199 | ssalinas@dykema.com | Counsel to Tremont City Barrel Fill PRP Group |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representattive for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 6 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Ann Marie Uetz | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | auetz@foley.com | Counsel to PBR Tennessee |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | John R. Trentacosta Katherine R. Catanese | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jtrentacosta@foley.com kcatanese@foley.com | Counsel to Kautex Inc. |
| Fox Rothschild LLP | Brian Isen | 1301 Atlantic Avenue | | Atlantic City | NJ | 08401 | | 609-348-2294 | bisen@foxrothschild.com | Counsel to M&Q Plastic Products L.P. |
| Fox Rothschild LLP | Fred Stevens | 100 Park Avenue | 15th Floor | New York | NY | 10017 | | 212-878-7900 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Frost Brown Todd LLC | Ronald E. Gold | 2200 PNC Center | 201 East Fifth Street | Cincinnati | OH | 45202-4182 | | 513-651-6156 | rgold@fbtlaw.com | Counsel to AKS Receivables, LLC |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 7 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Intermet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incoporated; Baker Petrolite Corporation |
| Haskell Slaughter Young & Rediker LLC | Robert H. Adams | 2001 Park Place North | Suite 1400 | Birmingham | AL | 35203 | | 205-251-1000 | rha@hsy.com | Counsel to Simco Construction, Inc. |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 8 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | 60 E 42nd St 37th Fl | | New York | NY | 10165-0150 | | 212-661-3535 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hodgson Russ LLP | Julia S. Kreher | One M&T Plaza | Suite 2000 | Buffalo | NY | 14203 | | 716-848-1330 | jkreher@hodgsonruss.com | Counsel to Hexcel Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Hogan Lovells US LLP | Matthew P Morris | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | matthew.morris@hoganlovells.com | Counsel to TESA AG |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | I. W. Winsten, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7608 | iww@honigman.com | Counsel to Affina Group Holdings Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Williams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Ice Miller LLP | Henry A. Efroymson | One American Square | 29th Floor | Indianapolis | IN | 46482 | | 317-236-2397 | henry.efroymson@icemiller.com | Counsel to Fin Machine Co. Ltd |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 10 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kerr Russell & Weber PLC | James E. DeLine | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | jed@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| Kerr Russell & Weber PLC | Patrick Warren Hunt | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | pwh@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | David Spiegel | 300 North LaSalle | | Chicago | IL | 60654 | | 312-862-2000 | david.spiegel@kirkland.com | |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Kramer Levin Naftalis & Frankel LLP | Jordan D Kaye | 1177 Avenue of the Americas | | New York | NY | 10036 | | 212-715-9489 | jkaye@kramerlevin.com | Counsel to HP Enterprise Services, LLC; Vishay Americas Inc. |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Krieg Devault LLP | Patricia L. Beaty Esq | One Indiana Square, Suite 2800 | | Indianapolis | IN | 46204 | | 317-636-4341 | pbeaty@kdlegal.com | Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel to for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq. | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Locke Lord Bissell & Liddell | Timothy S. McFadden | 111 South Wacker Drive | | Chicago | IL | 60606 | | 312-443-0370 | tmcfadden@lockelord.com | Counsel to Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 12 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 13 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | James M. Sullivan | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5477 | jmsullivan@mwe.com | Counsel to Linear Technology Corporation, National Semiconductor Corporation; Timken Corporation |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuireWoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuireWoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller; JAE Electronics, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarb@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | pjricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | l.moore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@rourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 51 West 52nd Street at 6th Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|-----------------|
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Penachio Malara LLP | Anne Penachio | 235 Main Street | Suite 600A | White Plains | NY | 10601 | | 914-946-2889 | apenachio@pmlawllp.com | Counsel to UVA Machine Company and its successors by acquisition |
| Pepe & Hazard LLP | Kristin B. Mayhew | 30 Jelliff Lane | | Southport | CT | 06890-1436 | | 203-319-4022 | kmayhew@pepehazard.com | Counsel for Illinois Tool Works Inc., Illinois Tool Works for Hobart Brothers Co., Hobart Brothers Company, ITW Food Equipment Group LLC and Tri-Mark, Inc. |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 17 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 18 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.L. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com shellie@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 19 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| Sonnenschein Nath & Rosenthal LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Monika J. Machen | 8000 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | mmachen@sonnenschein.com | Counsel to United Plastics Group |
| Sonnenschein Nath & Rosenthal LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Sonnenschein Nath & Rosenthal LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448  502-587-3400 | wbeard@stites.com  loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com  egoldberg@stutman.com  ipachulski@stutman.com  jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Elliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com  rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennessee Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Timpken Corporation BIC - 08 | Robert Morris | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | robert.morris@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@tcfhlaw.com | Counsel to Aluminum International, Inc. |
| Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber | Dennis E. Quaid Esq | 55 E Monroe 37th Fl | | Chicago | IL | 60603 | | 312-580-2215 | dquaid@thompsoncoburn.com | Counsel for Penn Aluminum International Inc |
| Thompson Hine LLP | Jennifer L Maffett | 2000 Courthouse Plaza NE | 10 W Second St | Dayton | OH | 45402 | | 937-443-6600 | Jennifer.Maffett@ThompsonHine.com | Counsel to Rieck Group, LLC n/k/a Mechanical Construction Managers, LLC |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Todtman Nachamie Spizz & Johns PC | Janice B. Grubin | 425 Park Avenue | 5th Floor | New York | NY | 10022 | | 212-754-9400 | jgrubin@tnsj-law.com | Counsel to Vanguard Distributors, Inc. |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers St 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov  Joseph.Cordaro@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 21 of 22

10/1/2010 8:41 PM
Email (394)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

# EXHIBIT C

DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | Counsel to United States Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

10/1/2010 8:45 PM
Post-Emergence Master Service List 100930.xlsx US Mail (1)

# EXHIBIT D

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
            In re                                   :          Chapter 11
                                                    :
DPH HOLDINGS CORP., et al.,                         :          Case No. 05-44481 (RDD)
                                                    :
                        Reorganized Debtors.        :          (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


REORGANIZED DEBTORS' DESIGNATION OF ADDITIONAL ITEMS
TO BE INCLUDED IN RECORD ON APPEAL IN APPEAL BY
MICHIGAN FUNDS ADMINISTRATION

In accordance with rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit their designation of additional items to be included in the record on appeal in the Michigan Funds Administration appeal from this Court's Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging Proof Of Administrative Expense Claim Number 19168 Filed By Michigan Funds Administration And (II) Denying Amended Request For Payment Of Administrative Expense On Behalf Of The Michigan Funds Administration, dated September 9, 2010 (Docket No. 20583) (the "Order").

1.        On September 16, 2010, the Michigan Funds Administration filed a Notice Of Appeal (Docket No. 20597) from the Order, as well as a Statement Of Issues And Designation Of Record On Appeal (Docket No. 20598).

2.        In accordance with Bankruptcy Rule 8006, the Reorganized Debtors designate the following additional items to be included in the record on appeal:

| Designation No. | Date | Docket No. | Description |
|---|---|---|---|
| D-1 | 6/16/2009 | 17032 | Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date ("Modification Procedures Order") |

| D-2 | 7/15/2009 | N/A | Proof of Claim number 19168 (undocketed[1]; attached hereto as <u>Exhibit A</u>) |
| D-3 | 8/30/2010 | 20590 | August 27, 2010 Hearing Transcript (remote electronic access is restricted until 11/29/2010[1]; a copy of the transcript is attached hereto as <u>Exhibit B</u>) |

Dated:    New York, New York
          September 30, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP


By:   /s/ John K. Lyons
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

      - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., <u>et</u> <u>al.,</u>
  Reorganized Debtors

---

[1]    With exceptions not relevant here, "a party filing a designation of items to be included in a record on appeal shall cause to be filed on the CM/ECF system, unless previously filed, a copy of each item designated and attached to the designation."  Bankr. S.D.N.Y. R. 8007-1(a).

# Exhibit A

| United States Bankruptcy Court | Administrative |
|---|---|
| Southern District of New York | Expense Claim |
| Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | Form |

| Debtor against which claim is asserted :<br>Delphi Corporation, *et al.* 05-44481 | Case Name and Number<br>In re Delphi Corporation, *et al.* 05-44481<br>Chapter 11, Jointly Administered |
|---|---|

NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Expense Claim Request form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of the case but prior to June 1, 2009, pursuant to 11 U.S.C. § 503.

**Name of Creditor**
*(The person or other entity to whom the debtor owes money or property)*

Michigan Funds Administration

Name and Address Where Notices Should be Sent
Dennis J. Raterink, Asst. Atty General
Labor Div, PO Box 30736
Lansing, MI 48909
Telephone No.
(517) 373-1176

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

Claim #19168
USBC SDNY
Delphi Corporation, et al.
05-44481 (RDD)

**THIS SPACE IS FOR COURT USE ONLY**

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim ☐ replaces
☐ amends   a previously filed claim, dated: _____

**1. BASIS FOR CLAIM**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (Describe briefly) Workers' compensation funds assessments

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
(date)            (date)

**2. DATE DEBT WAS INCURRED**
2008

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM:** $ 1,130,191.92
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Brief Description of Claim (attach any additional information):**

See attached memorandum and exhibits

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".

**8. DATE-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

**RECEIVED**
JUL 15 2009
KURTZMANCARSONCONSULTANTS

Date
July 14, 2009

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

*Dennis Raterink*

Dennis J. Raterink, Asst. Attorney General



0544481090715000000000486

Dennis J. Raterink
Susan Przekop-Shaw
Michigan Assistant Attorneys General
(Pro Hac Vice pending)
P.O. Box 30736
Lansing, MI 48909
(517) 373-1176

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |

### REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE ON BEHALF OF MICHIGAN FUNDS ADMINISTRATION

The attached Request for Payment of Administrative Expense is filed on behalf of the Funds Administration for the State of Michigan. This request is being filed in reference to the Administrative Claim Bar Date.

The basis for the claim stems from the status of Delphi Corporation as a self-insured employer for purposes of workers' compensation claims in the state of Michigan. Delphi Corporation was first granted self-insurer status by the Michigan Workers' Compensation Agency on May 28, 1999 and continues to operate as a self-insured employer. Delphi Corporation and certain U.S. subsidiaries and affiliates filed voluntary petitions in this Court on October 8, 2005 and October 14, 2005.

Pursuant to Michigan's Workers' Disability Compensation Act (WDCA), MCL 418.551, all employers (either directly, if self-insured, or through the premium costs, if insured) who pay indemnity for wage loss to injured workers are obligated to pay assessments into the various funds that provide benefits under the WDCA to injured workers. There are three funds to which employers contribute: 1) The Second Injury Fund, (2) the Silicosis Dust Disease and Logging Fund and (3) the Self-Insurers' Security Fund (to which only self-insured employers contribute).

1

In the case of self-insured employers, assessments are based on the amount of indemnity paid in the preceding year.

Assessments are calculated in March of each year. Prior to that, each employer is sent a form to fill out to indicate the amount of indemnity, (wage loss benefits), paid in the preceding year and the percentage to apply to that amount to determine the amount of assessment owing to each Fund. In this instance, Delphi Corporation responded that, for the year 2008, it had paid the sum of $24,703,648.45 in workers' compensation benefits, excluding medical, rehabilitation and funeral costs. See Exh 1.

In 2009, the Funds Administration determined the amount of Delphi's assessment for each Fund. For the Second Injury Fund, the amount was **$354,497.36**. For the Silicosis Dust Disease and Logging Fund, the amount was **$34,585.11** and for the Self-Insurers' Security Fund, the amount was **$741,109.45**. A total of **$1,130,191.92** was assessed for the year 2009 and remains unpaid and currently due. See Exh 2.

These assessments should be treated as administrative expenses because Delphi has been allowed to remain self-insured and it has continued to make compensation payments during the bankruptcy. These assessments are based on payments of indemnity _after_ the petition/commencement date. Hence, the obligation to pay assessments arose after the petition/commencement date even though the underlying obligations arose prior to the petition/commencement date. Furthermore, Debtor's estate has been greatly enhanced by its ability to remain self-insured during the pendency of the bankruptcy proceedings. By remaining self-insured, Debtor has been able to avoid paying policy premiums to a private insurer to cover its substantial Michigan workers' compensation obligations.

As such, these assessments qualify as "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case," pursuant to 11 U.S.C. §503(b)(1)(A).

2

Furthermore, these assessments should be treated as administrative expenses because the debtor is required to continue to make payments even after it has stopped being a self-insured entity. MCL 418.551(7) requires that:

> An employer who has stopped being a self-insurer shall continue to be liable for a second injury fund; silicosis, dust disease, and logging industry compensation fund ; or self-insurers' security fund assessment on account of any compensation benefits . . . paid by the employer during the previous calendar year.

Federal law requires that the debtor must manage the estate in compliance with state law. 28 U.S.C. §959(b) requires a debtor in possession to:

> [M]anage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated.

Therefore, as it is in the best interests of the estate, indeed a mandatory requirement of the estate to follow State law, debtors must continue to pay its workers' compensation assessments, despite the fact that the company is no longer self-insured, and even though it enjoys the protections of Chapter 11. The cost of complying with this Michigan law should therefore be an administrative expense.

Alternatively, the assessments should be granted tax priority status. This Court has ruled on this specific issue before. In 1993, this Court held that these exact assessments, issued by the Funds Administration of the State of Michigan, are entitled to tax priority status because:

> The assessments, in issue, are not fees which confer a benefit on the employer separate from the benefit for the general public. Rather the assessments are for a public purpose, to create a fund to pay workers' compensation claims, thus, benefiting the general public who does not have to then support the claimant employee.

*In re Chateaugay Corporation, et al.*, 153 B.R. 632, 638 (SDNY - 1993).

Michigan courts have also found these assessments to have the characteristic of a tax and they are for a valid public purpose. *McAvoy v HB Sherman Co*, 401 Mich 419 (1977); *Stottlemeyer v General Motors Corp*, 399 Mich 605 (1977).

3

WHEREFORE, the request presented on the attached form should be allowed as an administrative expense.    Alternatively, the request must be allowed as a tax priority claim pursuant to 11 USC § 507(a)(8).

Respectfully submitted,

MICHAEL A. COX
Attorney General

Dated:

Dennis J. Raterink (P52678)
Michigan Assistant Attorney General
Attorneys for Michigan Funds Administration
P.O. Box 30736
Lansing, Michigan 48909
Telephone: (517) 373-1176

4

THE STATE OF MICHIGAN
IN U.S. BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF

DELPHI CORPORATION, ET AL

CASE NO. 05-44481(RDD)
JUDGE ROBERT D. DRAIN

PROOF OF CLAIM FOR UNPAID ASSESSMENTS

EMPLOYER:   DELPHI CORPORATION
            5825 DELPHI DRIVE
            TROY, MI 48098

| | STATUTE | ASSESSMENT DATE | ASSESSMENT PERIOD COVERED | ASSESSMENT DUE |
|---|---|---|---|---|
| SIF | MCL 418.551(1) | 06/25/09 | 01/01/09 thru 12/31/09 | $354,497.36 |
| SDDF | MCL 418.551(2) | 04/30/09 | 01/01/09 thru 12/31/09 | $ 34,585.11 |
| SISF | MCL 418.551(4) | 04/30/09 | 01/01/09 thru 12/31/09 | $741,109.45 |
| TOTAL | | | | $1,130,191.92 |

Richard W. Smith, being duly sworn, deposes and says that he is
authorized to act under Chapter 5 of the Michigan Workers' Disability
Compensation Act, MCL 418.515(2), and that to the best of his knowledge
and belief, the debtor is indebted to the State of Michigan, Funds
Administration in this amount.

*Richard W. Smith*

RICHARD W. SMITH

Subscribed and sworn to before me
this 14th day of July, 2009

AMY AELOLA GONEA
NOTARY PUBLIC, STATE OF MI
COUNTY OF INGHAM
MY COMMISSION EXPIRES 2011
ACTING IN COUNTY



**State of Michigan**
Jennifer M. Granholm, Governor

**Department of Energy, Labor & Economic Growth**
Stanley "Skip" Pruss, Director

**Workers' Compensation Agency**
Funds Administration
7201 W. Saginaw Hwy., Ste. 110
Lansing, MI 48917
Phone: (517) 241-8999
Fax: (517) 241-8921
www.michigan.gov/wca

**Trustees**
Richard F. Zapala, Chair
Jack A. Nolish
Susan Azar

June 25, 2009

MARK FRAYLICK, MGR WORKERS' COMP
DELPHI AUTOMOTIVE SYSTEMS CORP.
5825 DELPHI DRIVE
MC-480-410-104
TROY, MI 48098

RE: 2009 Second Injury Fund Assessment

Dear Sir/Madam:

This letter is notice of the annual assessment made in accordance with the Michigan Workers' Disability Compensation Act, Chapter 5, Section 551(1) & (3). **ALL PAYMENTS ARE REQUIRED BY September 23, 2009.**

The amount due from your company for 2009 is **0.01435** of your total Michigan workers' compensation benefits, including redemption settlements, but excluding medical costs, rehabilitation payments, and funeral costs, paid during **calendar year 2008.** In addition, the amount reported on which assessments are due should not include monies reimbursed by the Second Injury Fund; Silicosis, Dust Disease and Logging Industry Compensation Fund; or Compensation Supplement Fund. **It should be noted that per Section 551(7), an employer who has ceased to be a self-insurer continues to be liable for the Second Injury Fund assessment on all benefits paid under your self-insurance program.** If you are or were a self-insured employer, it is your obligation to determine ALL payments made under your self-insurance program.

**Separate checks** must be issued for the Second Injury Fund assessment; Silicosis, Dust Disease and Logging Industry Compensation Fund assessment; and the Self-Insurers' Security Fund assessment. Please make your check payable to: **State of Michigan - Second Injury Fund.** If you have any questions concerning the assessment, please contact Valerie A. Hart at the above address.

Very truly yours,

Jack A. Nolish, Director
Workers' Compensation Agency

## ▬ FORM ON REVERSE SIDE ▬

**PLEASE COMPLETE THIS FORM AND RETURN IT (BOTH FRONT AND BACK SIDES) WITH YOUR REMITTANCE IN FULL BY SEPTEMBER 23, 2009 TO:**

State of Michigan - Second Injury Fund
7201 W. Saginaw Hwy., Ste. 110
Lansing, MI 48917

Attention:  Valerie A. Hart, Assessment Coordinator

**\*\*EACH FUND CHECK AND THIS DOCUMENT CAN BE MAILED IN THE SAME ENVELOPE.  IT IS IMPERATIVE THAT YOU RETURN THIS DOCUMENT WITH YOUR PARTY AND REFERENCE NUMBERS INCLUDED TO INSURE PROPER CREDIT TO YOUR ACCOUNT\*\***

MARK FRAYLICK, MGR WORKERS' COMP
DELPHI AUTOMOTIVE SYSTEMS CORP.
5825 DELPHI DRIVE
MC-480-410-104
TROY, MI 48098

Funds Administration Party #: 12933

REFERENCE NUMBER:  49906 (Please use this reference number in your correspondence.)

Our total amount of Michigan workers' compensation benefits, including redemption settlements, but excluding medical costs, rehabilitation payments, and funeral costs, paid during **calendar year 2008** was:

$_____

0.01435  of the above amount is $_____ for which remittance is enclosed.

Please complete the fields in **bold** below and complete the company name and address if different than what is listed on the address above

Company Name _____     FED ID# _____

Address _____

Contact Person/Title_____     Telephone #_____

E-Mail _____

Completed By/Title_____     Telephone #_____

Please contact your service company to verify who is to make payment of this invoice as to avoid duplicate payment.

Service Company (if applicable) _____

Service Company Telephone # _____     Date _____



**State of Michigan**
Jennifer M. Granholm, Governor

**Department of Energy, Labor & Economic Growth**
Stanley "Skip" Pruss, Director

**Workers' Compensation Agency**
Funds Administration
7201 W. Saginaw Hwy., Ste. 110
Lansing, MI 48917
Phone: (517) 241-8999
Fax: (517) 241-8921
www.michigan.gov/wca

Trustees
Richard F. Zapala, Chair
Jack A. Nolish
Susan Azar

June 25, 2009

MARK FRAYLICK, MGR WORKERS' COMP
DELPHI AUTOMOTIVE SYSTEMS CORP.
5825 DELPHI DRIVE
MC-480-410-104
TROY, MI 48098

RE:    2009 Silicosis, Dust Disease And Logging Ind Comp Fund Assessment

Dear Sir/Madam:

This letter is notice of the annual assessment made in accordance with the Michigan Workers' Disability Compensation Act, Chapter 5, Section 551(2) & (3). **ALL PAYMENTS ARE REQUIRED BY SEPTEMBER 23, 2009**

The amount due from your company for 2008 is 0.0014 of your total Michigan workers' compensation benefits, including redemption settlements, but excluding medical costs, rehabilitation payments, and funeral costs, paid during calendar year 2008. In addition, the amount reported on which assessments are due should not include monies reimbursed by the Second Injury Fund; Silicosis, Dust Disease and Logging Industry Compensation Fund; or Compensation Supplement Fund. It should be noted that per Section 551(7), an employer who has ceased to be a self-insurer continues to be liable for the Silicosis, Dust Disease And Logging Ind Comp Fund assessment on all benefits paid under your self-insurance program. If you are or were a self-insured employer, it is your obligation to determine ALL payments made under your self-insurance program.

Separate checks must be issued for the Second Injury Fund assessment; Silicosis, Dust Disease and Logging Industry Compensation Fund assessment and the Self-Insurers' Security Fund assessment. Please make your check payable to: **State of Michigan - Silicosis, Dust Disease And Logging Ind Comp Fund.** If you have any questions concerning the assessment, please contact Valerie A. Hart at the above address.

Very truly yours,

Jack A. Nolish, Director
Workers' Compensation Agency

**▄▄ FORM ON REVERSE SIDE ▄▄**

**PLEASE COMPLETE THIS FORM AND RETURN IT (BOTH FRONT AND BACK SIDES) WITH YOUR REMITTANCE IN FULL BY SEPTEMBER 23, 2009 TO:**

State of Michigan - Silicosis, Dust Disease and Logging Industry Compensation Fund
7201 W. Saginaw Hwy., Ste. 110
Lansing, MI 48917

Attention: Valerie A. Hart, Assessment Coordinator

**\*\*EACH FUND CHECK AND THIS DOCUMENT CAN BE MAILED IN THE SAME ENVELOPE. IT IS IMPERATIVE THAT YOU RETURN THIS DOCUMENT WITH YOUR PARTY AND REFERENCE NUMBERS INCLUDED TO INSURE PROPER CREDIT TO YOUR ACCOUNT\*\***

MARK FRAYLICK, MGR WORKERS' COMP
DELPHI AUTOMOTIVE SYSTEMS CORP.
5825 DELPHI DRIVE
MC-480-410-104
TROY, MI 48098

Funds Administration Party #: 12933

REFERENCE NUMBER: 50671 (Please use this reference number in your correspondence.)

Our total amount of Michigan workers' compensation benefits, including redemption settlements, but excluding medical costs, rehabilitation payments, and funeral costs, paid during **calendar year 2008** was:

$_____

0.0014 of the above amount is $_____ for which remittance is enclosed.

Please complete the fields in **bold** below and complete the company name and address if different than what is listed on the address above

Company Name _____   FED ID# _____

Address _____

**Contact Person/Title**_____   Telephone #_____

E-Mail _____

**Completed By/Title**_____   Telephone #_____

Please contact your service company to verify who is to make payment of this invoice as to avoid duplicate payment.

Service Company (if applicable) _____

Service Company Telephone # _____   Date _____



**State of Michigan**
Jennifer M. Granholm, Governor

**Department of Energy, Labor & Economic Growth**
Stanley "Skip" Pruss, Director

**Workers' Compensation Agency**
Funds Administration
7201 W. Saginaw Hwy., Ste. 110
Lansing, MI 48917
Phone: (517) 241-8999
Fax: (517) 241-8921
www.michigan.gov/wca

Trustees
Richard F. Zapala, Chair
Jack A. Nolish
Susan Azar

June 25, 2009

MARK FRAYLICK, MGR WORKERS' COMP
DELPHI AUTOMOTIVE SYSTEMS CORP.
5825 DELPHI DRIVE
MC-480-410-104
TROY, MI 48098

RE:2009 Self-Insurers' Security Fund Assessment

**NOTE:  This Assessment is on PRIVATE Self-Insured Employers only.**

Dear Sir/Madam:

This letter is notice of the annual assessment made in accordance with the Michigan Workers' Disability Compensation Act, Chapter 5, Section 551(4).  **ALL PAYMENTS ARE REQUIRED BY September 23, 2009**

The amount due from your company for 2009 is **0.03** of your total Michigan workers' compensation benefits, including redemption settlements, but excluding medical costs, rehabilitation payments, and funeral costs, paid during **calendar year 2008**.  In addition, the amount reported on which assessments are due should not include monies reimbursed by the Second Injury Fund; Silicosis, Dust Disease and Logging Industry Compensation Fund; or Compensation Supplement Fund.  It should be noted that per **Section 551(7)**, an employer who has ceased to be a self-insurer continues to be liable for the Self-Insurers' Security Fund assessment on all benefits paid under your self-insurance program.  If you are or were a self-insured employer, it is your obligation to determine ALL payments made under your self-insurance program.

**Separate checks must be issued for the Second Injury Fund assessment; Silicosis, Dust Disease and Logging Industry Compensation Fund assessment; and the Self-Insurers' Security Fund assessment. Please make your check payable to:  State of Michigan - Self-Insurers' Security Fund.**  If you have any questions concerning the assessment, please contact Valerie A. Hart at the above address.

Very truly yours,

Jack A. Nolish, Director
Workers' Compensation Agency

## ▬ FORM ON REVERSE SIDE ▬

**PLEASE COMPLETE THIS FORM AND RETURN IT (BOTH FRONT AND BACK SIDES) WITH YOUR REMITTANCE IN FULL BY SEPTEMBER 23, 2009 TO:**

State of Michigan - Self-Insurers' Security Fund
7201 W. Saginaw Hwy., Ste. 110
Lansing, MI 48917

Attention: Valerie A. Hart, Assessment Coordinator

**\*\*EACH FUND CHECK AND THIS DOCUMENT CAN BE MAILED IN THE SAME ENVELOPE. IT IS IMPERATIVE THAT YOU RETURN THIS DOCUMENT WITH YOUR PARTY AND REFERENCE NUMBERS INCLUDED TO INSURE PROPER CREDIT TO YOUR ACCOUNT\*\***

MARK FRAYLICK, MGR WORKERS' COMP
DELPHI AUTOMOTIVE SYSTEMS CORP.
5825 DELPHI DRIVE
MC-480-410-104
TROY, MI 48098

Funds Administration Party #: 12933

REFERENCE NUMBER:  49133 (Please use this reference number in your correspondence.)

Our total amount of Michigan workers' compensation benefits, including redemption settlements, but excluding medical costs, rehabilitation payments, and funeral costs, paid during **calendar year 2008** was:

$_____

0.03 of the above amount is $_____ for which remittance is enclosed.

Please complete the fields in **bold** below and complete the company name and address if different than what is listed on the address above

Company Name _____ FED ID# _____

Address _____

Contact Person/Title_____ Telephone #_____

E-Mail _____

Completed By/Title_____ Telephone #_____

**Please contact your service company to verify who is to make payment of this invoice as to avoid duplicate payment.**

Service Company (if applicable) _____

Service Company Telephone # _____ Date _____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

DELPHI CORPORATION, et al.,                          Court No. 05-44481

    Debtor(s).                                               Chapter 11
_____/                  (Jointly Administered)

STATE OF MICHIGAN)ss
COUNTY OF INGHAM)

### PROOF OF SERVICE

    Amy A. Gonea, certifies that on July 14, 2009, a copy of Administrative Expense Claim
Form on behalf of the Michigan Funds Administration was served upon the parties noted below
by overnight mail by enclosing same in an envelope and depositing same in a United Parcel
Service box in Lansing, Michigan, plainly addressed to the following persons:

        Kurtzman Carson Consultants
        ATTN: Delphi Corp
        2335 Alaska Ave
        El Segundo CA 90245

                                    Amy A. Gonea

# PLEASE COMPLETE AND RETURN THIS FORM BY FEBRUARY 26, 2009.

State of Michigan
Funds Administration
7201 W. Saginaw Hwy., Ste. 110
Lansing, Michigan 48917

12933

ATTN: Dennis S. Morrill, Funds Administrator

Our total amount of Michigan workers' compensation benefits, including redemption settlements, but excluding medical benefits, rehabilitation payments, and funeral costs paid during calendar year 2008 is:

$ *24,703,648.45*

This figure does not include monies reimbursed by the Second Injury Fund, Silicosis, Dust Disease and Logging Industry Compensation, or Compensation Supplement Fund.

**➔Please provide complete contact information including an e-mail address⬅**

Company Name *Delphi Corporation*    Federal ID # *38·3430473*

Address *5825 Delphi Drive, MC 480-410-104, Troy, MI 4809*

Contact Person/Telephone Number of Company *Mark Fraylick* / Telephone *248.813.1252*

E-mail Address *mark.a.fraylick@delphi.com*

Certified Correct By *Mark Fraylick*    Title *Manager, Workers' Compensation*

Service Company (if applicable) *Sedgwick CMS*    Date *2/25/09*

Telephone Number *248. 603. 8167*

MARK FRAYLICK, MGR WORKERS' COMP
DELPHI AUTOMOTIVE SYSTEMS CORP.
5825 DELPHI DRIVE
MC-480-410-104
TROY, MI 48098

*Mark Fraylick*

Self-Insured Employer

02/25/2009    9:02AM

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

In Re:

DELPHI CORPORATION, et al.,

Debtors.

Case No. 05-44481 (RDD)

Chapter 11

Honorable Robert D. Drain

## <u>AFFIDAVIT</u>

RICHARD W. SMITH, Assistant Funds Administrator of Michigan's Funds

Administration, 7201 W. Saginaw, Lansing, Michigan 48917, being first duly sworn

says:

1)      That he is an Assistant Funds Administrator as authorized in Chapter 5 of

the Workers' Disability Compensation Act, MCLA 418.515(2), and is duly authorized to

and does make this affidavit.

2)      That the statutory assessments as set forth by the attached Proof of Claim

for Unpaid Assessments were calculated based on Delphi Corporation's 2008 indemnity

losses in Michigan.

3)      That the statutory assessments as set forth by the attached Proof of Claim

for Unpaid Assessments are due and owing as of the date of this affidavit.

*Richard W. Smith*
RICHARD W. SMITH

STATE OF MICHIGAN                    )
                                     )
ACTING IN THE COUNTY OF Ingham       )

Subscribed and sworn before me this 14 day of

July , 2009

*Amy D. Gonea*
Notary Public

AMY AELOLA GONEA
NOTARY PUBLIC, STATE OF MI
COUNTY OF INGHAM
MY COMMISSION EXPIRES Oct 31, 2011
ACTING IN COUNTY OF

# Exhibit B

Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 05-44481-rdd

5   - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   DPH HOLDINGS CORP., ET AL.,

9

10          Debtor.

11

12   - - - - - - - - - - - - - - - - - - - - - -x

13

14                  United States Bankruptcy Court

15                  300 Quarropas Street

16                  White Plains, New York

17

18                  August 27, 2010

19                  10:24 AM

20

21   B E F O R E:

22   HON. ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25

1

2     Hearing re Proposed Fifty-Eighth Omnibus Hearing Agenda

3

4     Hearing re Proposed Thirty-Sixth Claims Hearing Agenda

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     Transcribed by:  Sara Bernstein

Page 3

1

2   A P P E A R A N C E S :

3   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4         Attorneys for the Reorganized Debtors

5         155 North Wacker Drive

6         Chicago, IL 60606

7

8   BY:   MICHAEL W. PERL, ESQ.

9         JOHN K. LYONS, ESQ.

10        LOUIS S. CHIAPPETTA, ESQ. (TELEPHONICALLY)

11        ALBERT L. HOGAN III, ESQ. (TELEPHONICALLY)

12

13

14  HARRIS BEACH PLLC

15        Attorneys for Excellus Health Plan, Inc.

16        100 Wall Street

17        New York, NY 10005

18

19  BY:   ERIC H. LINDENMAN, ESQ.

20

21

22

23

24

25

Page 4

1

2    MICHIGAN ATTORNEY GENERAL'S OFFICE

3         Attorneys for Michigan Funds Administration

4         525 West Ottawa Street

5         Lansing, MI 48909

6

7    BY:   DENNIS J. RATERINK, ESQ.

8

9

10   FARELLA BRAUN + MARTEL LLP

11        Attorneys for Official Committee of Eligible Salaried

12        Retirees

13        235 Montgomery Street

14        17th Floor

15        San Francisco, CA 94104

16

17   BY:   DEAN M. GLOSTER, ESQ.

18        (TELEPHONICALLY)

19

20   ALSO APPEARING:

21   PHILIP J. CARSON

22   IN PROPRIA PERSONA/PRO SE

23

24

25

Page 5

1                    P R O C E E D I N G S

2           THE COURT:  Okay, DPH Holdings?

3           MR. PERL:  Good morning, Your Honor.  Michael Perl of

4   Skadden, Arps, Slate, Meagher & Flom LLP on behalf of the

5   reorganized debtors.  Your Honor, we're here today for the

6   fifth-eighth omnibus hearing.  We filed an agenda yesterday at

7   docket number 20545 and with Your Honor's permission, I'd like

8   to proceed in accordance with that agenda.

9           THE COURT:  Okay.  That's fine.

10          MR. PERL:  And one item of note, matter six on the

11  agenda, the motion of the VEBA committee, that has been

12  adjourned to the September hearing.  So that leaves only two

13  contested matters for today's omnibus hearing.

14          THE COURT:  Okay.  And I think Mr. Gloster's on in

15  respect to that -- on the phone.  Is that right?

16      (No response)

17          Well, maybe not.  Maybe he signed up for it but then

18  because of the adjournment, he's not on.  Okay.  All right.

19  So, why don't you proceed with the matters that are on the

20  agenda for actual hearing today.

21          MR. PERL:  The first contested matter is matter five,

22  which is the motion of Excellus to permit filing of a later

23  administrative claim.

24          THE COURT:  Right.

25          MR. PERL:  And I'd like to turn over the podium to

Page 6

```
 1    counsel for Excellus to present their motion.

 2              THE COURT:  Okay.

 3              MR. LINDENMAN:  Good morning, Your Honor.

 4              THE COURT:  Good morning.

 5              MR. LINDENMAN:  Eric Lindenman, Harris Beach for the

 6    claimant Excellus.  Your Honor, the request to file late claims

 7    is not new law.  There's nothing that's particularly

 8    complicated about this.  Everyone is aware of the requirements

 9    of Pioneer and related case law.  Your Honor, instead what I'd

10    like to do is explain to the Court what's not particularly

11    clear in the papers which is the issue regarding excusable

12    neglect.

13              I've had an opportunity to speak further with my

14    partners in our Syracuse officer which is the attorney who had

15    drafted the papers.  And my understanding is the issue appears

16    to stem, in large part, from the way this premium was built.

17    This was a sort of reconciliation at the end of one year and

18    then billed to the new year.  And given the timing of this, I

19    can see where their problem was -- Excellus.

20              And I'd like to try to explain that to Your Honor

21    because the papers did not see specifically detail the

22    excusable neglect.  And I certainly regret that it wasn't more

23    detailed in this regard.  The way these premiums work, Your

24    Honor, is with for a calendar year and based upon a variety of

25    factors, the premium was set, it was paid and then any actual
```

Page 7

1    cost during the course of the year, based upon a variety of

2    factors, was sort of trued up at the end of the year.  So if

3    they paid 400,000 dollars, for instance, and the actual cost of

4    the insurance was only 350, Excellus would give the debtor a

5    50,000 dollar credit towards the next year.  And it was up and

6    down in a variety of years, depending upon what the actual cost

7    was and related to other factors.

8         It appears that for the period that ended '08, the

9    recalculation and truing up occurred, amazingly enough, on the

10   day after it appears that the administrative claims bar date

11   occurred.  And for whatever reason, this is the way that

12   Excellus has calculated.

13        THE COURT:  But why would it take that -- I mean,

14   that's July 15th.  Why would it take seven -- or six and half a

15   months to do that?

16        MR. LINDENMAN:  That's part of the problem, Your

17   Honor.

18        THE COURT:  Okay.

19        MR. LINDENMAN:  And my office was not involved in that

20   aspect of it until, essentially, after the fact.  And as best

21   as we can determine, after that initial bar date and prior to

22   the final claims bar date in November, one of the people who

23   received notice was the sales representative for DPH.  There

24   clearly was a breakdown in the process and while happenstance

25   can readily explain the initial bar date in July, there is no

Page 8

1    ready explanation for why it failed in Excellus' office, other

2    than to say, Your Honor, that it simply did fail.  They did not

3    have a procedure in place to track this issue because when the

4    initial bar date came, they had no balance due because they

5    hadn't been trued-up for the prior year.

6          It was only after the July bar date that they learned

7    that there was a balance due.  But because of the way they bill

8    and the way they invoice and the way they track this, it didn't

9    come to their attention until well after -- I shouldn't say it

10   didn't come to their attention, Your Honor, because we don't

11   dispute the notices were received.  It didn't occur to the

12   people at Excellus that in fact, an unpaid claim remained due

13   from DPH holder.

14         They've since addressed their procedures in terms of

15   notice but during the course of this billing period and

16   ultimately, it came to their attention when DPH chose not to

17   renew and then they trued-up at the end of that and realized

18   there was this claim that was still due.  During the course of

19   the bankruptcy, because they showed no balance due as of the

20   initial bar date and then didn't show a balance due until

21   later, it never -- the light never turned out at Excellus with

22   regard to the existence of a claim that was subject to the

23   administrative bar date.

24         It's what happened, whether that falls under the

25   Pioneer Standard, obviously it's not for me to decide, Your

1    Honor, but the fact is that there was a failure at Excellus to

2    recognize that a claim existed because the truing up process

3    didn't occur until much later.  And then when they saw that

4    there was a balance, they assumed that it would be, as always,

5    taken care of with either a credit or in this instance,

6    additional fee charged for the new premium.  There's really

7    nothing more that I can provide to Your Honor in terms of the

8    excusable neglect.  We don't believe that under the

9    circumstances it is an inordinately long period of time.  We

10   dealt with it as soon as my firm learned of it.  The --

11        THE COURT:  And that was May 2010?

12        MR. LINDENMAN:  Approximately right around when the

13   motion was ultimately filed.  We learned what we learned, took

14   appropriate action, had that conversation no one likes to have

15   with their client, "What were you thinking?"  And we learned

16   that they weren't thinking anything because of the way their

17   premium and billing system operated, they would not have been

18   aware of it until well after the fact.

19        THE COURT:  Okay.  All right.

20        MR. LINDENMAN:  Thank you, Your Honor.

21        THE COURT:  Thanks.

22        MR. PERL:  Michael Perl on behalf of the reorganized

23   debtors.  Your Honor, the reorganized debtors are prepared to

24   rely on their objection that was submitted.  We think that it's

25   pretty clear in this case notice is not in dispute.  Because

Page 10

1   the notice is not in dispute, Excellus has to meet the

2   excusable neglect standard set forth by the Supreme Court in

3   the Pioneer case as adopted by the Second Circuit.  There are

4   four factors, the danger to the prejudice of the -- the danger

5   of prejudice to the debtor, the length of the delay, the reason

6   for the delay as well as the good faith.

7          The Second Circuit, as applied by this Court -- by the

8   courts in this district, have put heavy weight on the reason

9   for the delay and in this case, we don't believe that Excellus

10  has provided a viable reason for delay.  And that alone should

11  be sufficient to deny their motion but in this case, Your

12  Honor, the length of the delay as well as the prejudice to the

13  debtors also weigh in favor of the reorganized debtors.  Your

14  Honor, just in response to counsel's point about the invoices

15  issued in July of 2009, you got -- it was more than a year

16  before the motion for leave to file a late claim was filed.

17  And as well, during that time period, the modified plan was

18  approved, the master disposition agreement was approved and the

19  plan went effective.  And all those factors were key in the

20  reorganized debtors' efforts during that key time period.

21         So unless Your Honor has any other further -- any

22  further questions, we respectfully request that the motion be

23  denied.

24         THE COURT:  Okay.

25         MR. LINDENMAN:  Your Honor, I'm sorry, just one last

Page 11

```
 1    issue and I don't know if the Court if I can hear --

 2           THE COURT:  No.  You can stand there.  The microphone

 3    will pick you up.

 4           MR. LINDENMAN:  Okay, fine.  We thought that what we

 5    would note is that the July invoice was in fact forwarded to

 6    the debtor so while there admittedly was not a timely file of

 7    the administrative claim, the debtors were on constructive

 8    notice in July when the invoice was ultimately issued that

 9    there was a claim outstanding and that certainly given the

10    timing post-petition, that it was an administrative claim.  So,

11    not formal notice in terms of a filed administrative claim but

12    the debtor was on notice of the existence of this claim.  As it

13    would have been in all prior years, this was the form -- format

14    that was used.

15           Perhaps it's not the best and Excellus is moving

16    towards monitoring it more closely and changing but the debtor

17    certainly did have actual notice of the existence of the claim,

18    clearly in the post-petition period, clearly constituting an

19    administrative expense claim and the debtor -- I'm sorry,

20    Excellus, Your Honor, clearly did not file the timely claim but

21    they did have the notice.

22           THE COURT:  Okay.

23           MR. PERL:  Thank you.

24           THE COURT:  All right.  I have before me a motion by

25    Excellus Health Plans, Inc. for leave under Bankruptcy Rule
```

Page 12

1    9006(b)(1) to file a late proof of administrative expense claim

2    in this Chapter 11 case, DPH Holdings, which is the successor

3    to the debtors.  For purposes of claims administration, it has

4    objected to the motion.

5          The facts are generally as follows, the Court set an

6    initial administrative claims bar date in this case, which

7    commenced in October of 2005, to be July 15th, 2009 for any

8    administrative claim that arose before June 1, 2009.  That is

9    for the period from the commencement of the case through June

10   1, 2009.  The reason for setting an administrative claims bar

11   date was that the debtors, although their first plan had been

12   confirmed, had been unable to consummate that plan.  And after

13   substantial negotiations and analysis had proposed a modified

14   plan, that was set by the plan modification procedures order

15   which was entered June 16th, 2009 for a confirmation hearing at

16   the end of July 2009.

17         One of the key requirements of confirmation of a

18   Chapter 11 plan was -- is that the plan provide for payment in

19   full of all allowed administrative expenses.  That was a

20   significant issue in this case with regard to the modified

21   plan's confirmation because of the debtors' deteriorated

22   financial condition and the concern that it would not have

23   sufficient cash to pay for the payment of all allowed

24   administrative expense claims.  So the bar date was set for

25   approximately two weeks before the confirmation hearing and the

Page 13

1  record on the debtors' best estimate of allowable

2  administrative claims was an important factor of the

3  confirmation hearing and the Court's determination ultimately

4  to confirm a plan here, which was confirmed by order dated July

5  30th, 2009.

6       The plan then went effective on October 6th, 2009.

7  Excellus calculated the amount owing for the period at issue

8  and in fact, billed the debtor for it in July, although a few

9  days after the bar date 2009, but it did not file an

10  administrative expense claim by the July 15th, 2009 bar date.

11  and in fact, did not inform the debtors of its desire to do so

12  until sometime in May 2010, several months after confirmation

13  and the effective date of the plan.

14       The claim is for approximately --well, it's for

15  exactly $411,318.50 which as an administrative claim, would be

16  paid in full and in cash in the case.  Bankruptcy Rule 9006(b)

17  permits a claimant to file a late proof of claim if the failure

18  to submit a timely proof of claim was due to "excusable

19  neglect".  The burden of proving excusable neglect is on the

20  claimant seeking to extend the bar date In re R.H. Macy & Co.,

21  161 B.R. 355, 360 (Bankr. SDNY 1993).  I have held in this

22  case, as did Judge Lifland in the Dana Corporation case, that

23  that burden applies to the claimant asserting a late proof of

24  administrative expense after the administrative expense bar

25  date as well as with regard to the general unsecured claims bar

Page 14

1    date.  And Bankruptcy Rule 9006(b)(1) appears to me to apply

2    equally to such a request.  See In re Dana Corp., 2007 WL

3    157763, page 3 (Bankr. SDNY 2007) as well as the transcript

4    citation to my ruling earlier in this Chapter 11 case that's in

5    the debtors' supplemental response -- or DPH's supplemental

6    response to Excellus' motion.

7         The Supreme Court has developed a two-step test for

8    determining whether a late filing is due to excusable neglect

9    in Pioneer Investment Services Company v. Brunswick Associates

10   Limited Partnership 507 U.S. 380 (1993).  First, the movant

11   must show that its failure to file a timely claim constituted

12   neglect as opposed to willfulness or a knowing admission,

13   neglect generally being attributed to a movant's inadvertence,

14   mistake or carelessness ibid. at 387-88.

15        After establishing neglect as opposed to willfulness

16   or a knowing admission.  The movant must show, by preponderance

17   of the evidence, that its neglect was excusable.  That analysis

18   is undertaken on a case-by-case basis based on the particular

19   facts of the case although, the Court should be guided by and

20   make the determination balancing the following factors, a, the

21   danger of prejudice to the debtor, b, the length of the delay

22   and whether or not it would impact the case, c, the reason for

23   the delay, in particular, when the delay was in the control of

24   the movant and d, whether the movant acted in good faith, ibid.

25   395.

1        The third factor, the reason for the delay in a

2    particular way that the delay was within control of the movant

3    is a distinction from saying that the movant knowingly and

4    willfully chose not to file the claim and focuses instead on

5    the degree of the -- of control that the movant had over its

6    actions.  Inadvertence, ignorance of the rules or mistakes

7    construing the rules do not usually constitute excusable

8    neglect, Midland Cogeneration Venture LP v. Enron Corporation,

9    In re Enron Corporation 419 F. 3d 115 126 Second Circuit 2005

10   visiting Pioneer 507 U.S. at 392.

11       In Midland Cogeneration, the Second Circuit stated,

12   "We have taken a hard line in applying the Pioneer test.  In a

13   typical case, three of the Pioneer factors, the length of the

14   delay, the danger of prejudice and the movant's good faith

15   usually weigh in favor of the party seeking the extension.  We

16   noted though that we and other circuits have focused on the

17   third factor, the reason for the delay, including whether it

18   was within the reasonable control of the movant and we

19   cautioned the equities will rarely, if ever, favor a party who

20   fails to show -- I'm sorry -- who fails to follow the clear

21   dictates of a Court rule and that where the rule is entirely

22   clear, we continue to expect that a party claiming the

23   excusable neglect will, in the ordinary course, lose under the

24   Pioneer test", ibid. at 122 through 123, internal quotations

25   and citations omitted.  See also In re Musicland Holding

BPH HOLDINGS CORP., ET AL.

Page 16

1    Corporation 2006 Bankr. Lexis 315 at pages 10 through 11

2    (Bankr. SDNY 2006) in which Chief Bankruptcy Judge Bernstein,

3    citing Enron, stated that the Second Circuit focuses on the

4    reason for the delay in determining excusable neglect under

5    Pioneer and that "The other factors are relevant only in closed

6    cases."

7          Here, before examining those factors, it should be

8    reiterated that the bar date in the Chapter 11 case always

9    serves the important purpose of enabling the parties in

10   interest to ascertain, with reasonable promptness, the identity

11   of those making claims against the estate and the general

12   amount of claims which is the necessary step in achieving the

13   goal of successful reorganization, In re Calpine Corp., U.S.

14   Dist. Lexis 86514, pages 14 through 15 (SDNY November 21,

15   2007).  Thus, the bar date or bar order does not merely

16   function as a procedural gauntlet but is an integral part of

17   the reorganization process, In re Hooker Investments Inc. 937

18   F. 2d 833, 840 (2d Cir. 1991).

19         Here, as I noted, the administrative expense bar date

20   was very much an important part of the Court determination to

21   confirm the modified plan and serve the function importantly to

22   enable other parties in interest besides the debtors to

23   evaluate the administrative claims.  In particular, it enabled

24   the debtors -- debtor possession lenders who in essence acquire

25   the debtors for their claims and for commitments to support the

Page 17

```
 1    debtors upon their emergence to evaluate the financial burden
 2    that that would entail in terms of paying off allowed
 3    administrative claims.
 4          Here, there's no contention that the administrative
 5    claims -- I'm sorry -- administrative bar date notice to
 6    claimants was clear that the bar date needed to be complied
 7    with, even with respect to contingent in liquidated claims.
 8    It's also clear from the record that although Excellus was not
 9    willful in failing to file a proof of claims i.e., it was
10    neglectful, that the ability to file a timely administrative
11    expense claim was well within its control.
12          It was able, one day after the bar date, to send a
13    bill to the debtors for the same amount that would be within
14    the proof of claim.  I'm assuming that calculation was not
15    made, literally, on July 16th but would have required some work
16    beforehand that it could have done if it had put two and two
17    together could have put into an administrative proof of claim.
18    It did not do so; indeed, it did not file an administrative
19    claim late along with the July 16th, 2009 bill and indeed, it
20    missed the second administrative claims bar date deadline of
21    November 5, 2009 which covered administrative expenses arising
22    after June 1, 2009 and was necessary for focusing on the
23    debtors' emergence on the effective date.  Instead, as I noted,
24    the first airing of the issue was in May of 2010 when counsel
25    was retained by Excellus and counsel reached out to the debtors
```

Page 18

1    about the issue of the late proof of administrative expense.

2           In light of that, I conclude that the reason for the

3    delay, the most important factor, weighs heavily against

4    Excellus and generally speaking, that I believe would resolve

5    the issue given the importance here of timely compliance with

6    the administrative expense bar date and the need for third

7    parties to seek such claims so they could do their analysis in

8    connection with the upcoming hearing on approval of the

9    modified plan.  In addition however, the length of the delay

10   here was substantial.  Some courts have even stated that that

11   factor's not dispositive if it's in favor of the movant if the

12   movant filed its claim one day late.  That clearly was not the

13   case here.  The claim wasn't asserted as a claim until May

14   2010, again, many months after the bar date.  And the motion

15   was not filed until even later.  The movant did act in good

16   faith but as Pioneer points out as well as Midland

17   Cogeneration, that's normally the case in these cases.

18          And I believe given the importance of the

19   administrative claims bar date, the fact that administrative

20   claims would be paid in full and the reliance on that by the

21   parties, in essence, funding the plan, I believe the danger of

22   prejudice to the debtor is significant here.  The debtor has

23   not contended that it lacks the cash to make the payment of the

24   claim or permitted to be filed late and then allowed.  However,

25   it points out that the allowance of this claim, under these

1  circumstances, would open the door to requests of late filing

2  with respect to other claims and notes also that the Court has

3  ruled on similar requests already in a number of cases in this

4  case, denying several hundred motions, all highlighting the

5  validity of the so-called opening the floodgates argument which

6  is, I believe, a valid one here.

7        So in light of all those factors, I conclude that the

8  claim being late should not be deemed timely filed under Rule

9  9006.  I also conclude that the July 16th bill does not

10  constitute an informal proof of claim that should be deemed

11  timely as being only one date late.  A key element of the

12  informal proof of claim rule is that the claim had been timely

13  filed with the Bankruptcy Court and had become a part of the

14  judicial record, see Enron -- I'm sorry -- In re Enron

15  Creditors Recovery Corp., 370 B.R. 98-99 (Bankr. SDNY 2007) and

16  In re Houbigant 190 B.R. 185, 187 (Bankr. SDNY 1995).  That's

17  because, again, Chapter 11 is generally a collective process

18  and the bar date is not simply a means to duplicate the

19  debtors' own internal accounting but is to -- intended to

20  provide notice to the other parties interested in the case of

21  the claims that are actually on file and at least on a prima

22  facie validity basis, entitled to be paid.  As I stated before,

23  that was particularly important here in this case for those who

24  were looking to contribute and make concessions in respect of

25  the confirmation of the modified plan.  So for those reasons

BPH HOLDINGS CORP., ET AL.

Page 20

```
1    I'll deny the motion and the debtor should submit an order

2    consistent with that.

3            MR. LINDENMAN:  Thank you, Your Honor.

4            THE COURT:  Okay.  Thank you.

5            MR. PERL:  Thank you, Your Honor.  Michael Perl on

6    behalf of the reorganized debtors.  Your Honor, the next

7    contested matter on the omnibus agenda is the letter that was

8    filed by claimant Philip J. Carson.  I believe Mr. Carson's on

9    the line and I'm happy to turn it over to Mr. Carson or provide

10   Your Honor with a brief summary of that one.

11           THE COURT:  Mr. Carson, are you on the phone?

12           MR. CARSON:  Yes, I am.

13           THE COURT:  Okay.  I want to make sure I understand

14   the history of this and I'll hear from both of you but let me

15   go through it and then see if there's anything I'm missing

16   here.

17           MR. CARSON:  Do you want me to tell you my side?

18           THE COURT:  Sorry?

19           MR. CARSON:  Do you want me to just tell you my side

20   of it or --

21           THE COURT:  Well, no.  I'm going to go through what I

22   think the --

23           MR. CARSON:  Okay.

24           THE COURT:  -- facts are and then either of you can

25   tell me if I'm missing something as far as the --
```

Page 21

```
 1          MR. CARSON:  Okay.

 2          THE COURT:  -- you know, the step-by-step here.  As I

 3   understand it, there -- again, the debtors set an

 4   administrative claims bar date for filing claims that occurred

 5   between the start of Delphi's case, which was in October of

 6   2005 and June 1st of 2009 and that administrative claims bar

 7   date was July 15th, 2009.  They sent notice of that

 8   administrative claims bar date to you at 119 West Jefferson,

 9   Frankenmuth, Michigan.  And although you didn't meet the July

10   15th bar date, you filed a claim -- an administrative expense

11   claim with the form that was along with the notice on -- that

12   was received on August 12th, 2009 with the cover letter dated

13   August 5th, '09 to the debtors' claims agent, saying that, "I

14   explained to Mr. Kennedy who answered the Delphi legal hotline

15   that I hadn't received the administrative expense claim form

16   because I was tending to my mother in Florida for six weeks.

17   Tom instructed me to mail the form."  So that's when the claim

18   was asserted.

19          Then, Delphi objected to it as a late claim and sent

20   the objection to that same Michigan address.  And there was a

21   response that was received November 16th, 2009 by the counsel

22   for the debtors, Skadden Arps, in which you said that that --

23   in essence, you responded to the objection saying that, again,

24   because your mother was ill you were out of the state for about

25   six weeks and when you came back, you promptly contacted
```

Page 22

1   Kurtzman Carson, the claim consultants, and then got a call

2   back on July 31 from Tom Kennedy and then you filed the claim.

3   You also stated in this response that the claim amount was

4   100,000 dollars.  And finally, you said, "Please note my change

5   of address 1141 Vernon Avenue, Port Richey, Florida 34668."

6          Then the debtors, as is the -- required by the claims

7   procedures or in this case, noticed up a hearing on this

8   disputed objection and eventually, settled a proposed order on

9   you which they sent to the Michigan address.  And when there

10  was no response, submitted an order to the Court, which was

11  entered, that disallowed the claim as late.  And then after

12  that, there was a letter sent to the Court -- I'm sorry -- I'm

13  sorry -- excuse me -- to the debtors through its counsel from

14  July of this month, 25 July 2010, attaching, again, the

15  opposition and noting that you had a new address.  Is that a

16  fair summary?

17          MR. PERL:  Yes, Your Honor.  The one slight correction

18  I would make is that the claim was not noticed under the claims

19  procedures but because it was untimely, we filed a protocol

20  docket on these cases where we sent him a notice --

21          THE COURT:  Okay.

22          MR. PERL:  -- asking him to file a motion for leave to

23  file a late claim which he did not respond to.

24          THE COURT:  Okay.  Was -- the one question I had is at

25  the time that that notice went out and the order was settled,

Page 23

1   did the debtors have the right address for Mr. Carson?  I know

2   that it wasn't filed with the Court but did the debtors have it

3   because of that letter?

4        MR. PERL:  Yes.  I mean, the claim was adjourned and

5   the thirty-seventh omnibus objection because we received the

6   undocketed response which listed the address but it was never

7   sent -- the letter -- Mr. Carson didn't send that to the claims

8   agent, not until April --

9        THE COURT:  Right.

10       MR. PERL:  -- of 2010, did the claims agent update the

11   address.

12       THE COURT:  But the right address was -- Skadden had

13   the right address?

14       MR. PERL:  Yes.

15       THE COURT:  Okay.  All right.  But your process is to

16   have Kurtzman send out the notices?

17       MR. PERL:  Correct.  And --

18       THE COURT:  Right.  That's fine.  Okay.  So, Mr.

19   Carson, was my summary accurate?

20       MR. CARSON:  It was good.

21       THE COURT:  Okay.

22       MR. CARSON:  Could I say something or --

23       THE COURT:  No.  Sure.  I just wanted to make sure

24   first that I had the notice points down correctly.

25       MR. CARSON:  Just a few -- a couple things I wanted to

Page 24

 1    mention and although the -- I guess, if I go ahead and talk?

 2         THE COURT:  Yeah, go ahead.

 3         MR. CARSON:  First of all, I'm not familiar with the

 4    law so I'll try to do the best I can.  And, yeah, I think at

 5    first, at work and it wasn't good and anyway, you're right

 6    about being late.  I was -- when I got back from Mom's, it was

 7    late July and I really didn't know what to do because I'm not

 8    familiar with the law real well so I had to make some phone

 9    calls like you said and put the late claim in although, it was

10    kicked out.

11         And then, of course, like you said, I sent the letter

12    with -- let's see, that was 10/3/09 and find out whether I

13    should -- you know, I didn't know what the procedure was, if

14    there was one, to change an address or change my employer,

15    which I thought that was the right thing to do.  But in the

16    rebuttal letter from the law firm, which you have in front of

17    you there, it said that I should have notified KCC.  Well, I

18    don't know what a KCC is and so I notified your Court and the

19    Skadden and then also, Delphi and I thought that would've been

20    enough.

21         When the package came -- the denial package for the

22    claim, I never received it.  I didn't receive it until -- oh

23    jeez -- I think it was May of this year.  And then I

24    responded -- I really didn't know what to do so then I

25    responded like I did the 25th of July.  And that pretty well

Page 25

```
 1    sums it up so --

 2            THE COURT:  Okay.

 3            MR. CARSON:  I -- you know --

 4            THE COURT:  All right.

 5            MR. CARSON:  I thought I followed the procedure

 6    properly and the notification of the address change and then my

 7    mother being ill, I couldn't really help that too much so

 8    that's why I feel under the gun, Judge so --

 9            THE COURT:  Okay.  And the letter says that the claim

10    is for 100,000 dollars, right?

11            MR. CARSON:  Well, the initial claim was one million.

12            THE COURT:  Right.  And then the response says that

13    claim is for a hundred thousand?

14            MR. CARSON:  Well, you know what?  I probably made a

15    mistake, you know?

16            THE COURT:  Okay.

17            MR. CARSON:  I guess I made a mistake.  It should have

18    been a million.

19            THE COURT:  All right.

20            MR. CARSON:  Because I lost a lot of work with the

21    chlorine gas in the lungs and everything and that's why I'm

22    down -- unemployed because I can't breather.  The cold air

23    bothers me --

24            THE COURT:  Okay.

25            MR. CARSON:  -- in the lungs.
```

Page 26

1          THE COURT:  all right.

2          MR. CARSON:  But, you know, I just tried to follow it

3     the way I just knew how to being my own legal consultant so it

4     looks like everything is good now.

5          THE COURT:  Okay.  I -- this -- I'm treating this -- I

6     know that Mr. Carson is representing himself.  He doesn't have

7     a lawyer on this.  I'm treating this as a motion under Rule

8     60(b) or Bankruptcy Rule 9024 that incorporates it and it seems

9     to me that given the address issue and the fact that the order

10    was really entered after the settlement without any --

11    settlement of the order without any opposition, that Mr. Carson

12    didn't act willfully here, which was one of the key factors of

13    the 60(b) analysis.

14          And I think he has asserted a colorable defense to the

15    underlying motion, which is again, that the claim was late and

16    therefore, should be disallowed, which is that he was out of

17    his home when the notice was received and didn't -- this is the

18    notice of the bar date now we're talking about -- and didn't

19    get back from Florida until after the bar date passed.

20    Obviously, that would be tested if the debtors -- if -- I'm

21    sorry -- if that I went further and said that their order

22    disallowing the claim should be vacated and then once you

23    consider under a request under 9006.  But on its face, it's at

24    least a plausible response.

25          So, my inclination is to grant Mr. Carson's request,

1    treat it as a request under Rule 60(b) and to grant it, which

2    means not that his claim is allowed but that it's not

3    disallowed at this point and needs to be dealt with.  Frankly,

4    my thought was that it would be more easily dealt with if it

5    was a hundred thousand dollar claim as asserted in the letter

6    objection than the one million dollar figure in the claim

7    itself.  And that may be a factor in my considering the Rule

8    9006 issue because the notice the debtors had that set forth

9    Mr. Carson's right address says a hundred thousand dollars.

10   So, unless I'm missing something -- unless you want to try to

11   persuade me otherwise, that's where I'm inclined to rule, i.e.,

12   again to sum it up, I would grant Mr. Carson's request to have

13   the order vacated that disallowed this claim under Rule 60(b).

14   And then that leaves the debtors the opportunity to object to

15   the claim.  Well, they've already objected to the claim and

16   I'll treat the objection as outstanding.  And then Mr. Carson

17   has to convince me that the reason for late filing was

18   excusable neglect.  I'm not going to do that over the phone.  I

19   don't take testimony over the phone.  I -- we need to assess

20   the witness' credibility.

21        So, if this does come up for a hearing, it will be the

22   evidentiary hearing where I have to actually see Mr. Carson

23   testify as to, you know, the basis for the lateness of the

24   original claim.  So I'm not going to require him to make a

25   formal 9006 motion because he's pro se and I'll treat his July

Page 28

1  25 -- I'm sorry -- I'll treat his letter that was received on

2  November 16th, 2009 as a motion for leave to file a late claim

3  or have the claim be treated late.  And the debtor should deal

4  with that as if their objection was outstanding.  So I'll look

5  for an order from Skadden on that relief.

6      MR. PERL:  Is that -- Your Honor, should we put that

7  on for the next omnibus hearing?

8      THE COURT:  I guess you should although I think you --

9  someone should probably talk to Mr. Carson.

10     MR. PERL:  Okay.

11     THE COURT:  Mr. Carson, I don't want to spend a lot

12 more time explaining what I just did because I thought was

13 fairly clear but -- because I have other people here and other

14 matters.  But let me just summarize it.  I've granted your

15 request to vacate the order that disallowed your claim, which

16 means that you still have a claim against the debtors.

17     MR. CARSON:  Okay.

18     THE COURT:  However, that claim hasn't been allowed

19 yet because the debtors have objected to it and they've

20 objected on the basis that it was late.  There's a rule -- a

21 bankruptcy rule, Rule 9006(b) that lets someone who filed a

22 late claim seek an order form the judge deeming that claim to

23 be timely, to be not late on the basis of excusable neglect.

24 I'm treating your letter that was received on November 16th,

25 2009 by the debtors' counsel, as a request to have your late

Page 29

1   claim be deemed timely filed under rule 9006 for excusable

2   neglect.  The reason being your statement that you were out of

3   the state for six weeks dealing with your mother's illness.

4   That raises a factual issue.  I'll need to -- if it's not

5   settled, need to hear testimony on it, you know, whether that

6   in fact happened.  I need to see you when that happens.  I

7   can't really evaluate testimony over the phone.

8          MR. CARSON:  Right.

9          THE COURT:  And I need to consider the other factors

10  that I need to take into account when I have such a motion,

11  which I outlined in the ruling that just preceded this with the

12  other company that I dealt with, the first matter on the agenda

13  today.  So that's what going to happen next.  I assume someone

14  from the debtor will contact you about the merits of your

15  excusable neglect issue and the merits of your underlying claim

16  and you know, I encourage both sides to consider whether the

17  matter might be settled, taking into account all the issues,

18  both the merits of the underlying claim and the merits of the

19  excusable neglect and including the fact that the letter said

20  it was a claim for 100,000 dollars and the like.  So, if it's

21  not settled, it will come on for a hearing in which I'll need

22  to see you up here.

23         MR. CARSON:  Okay.

24         THE COURT:  And that's where we stand.  And there will

25  be an order submitted by the lawyers for the debtors that lays

1   that out.

2           MR. CARSON:  Okay.

3           THE COURT:  Okay?

4           MR. CARSON:  Okay, thank you.

5           THE COURT:  All right.  Thank you.

6           MR. PERL:  And Your Honor, as Mr. Lyons points out, we

7   have quite a few matters up for September so we'll be in touch

8   with Mr. Carson, inform chambers and then we'll --

9           THE COURT:  Okay.

10          MR. PERL:  -- schedule that.

11          THE COURT:  That's fine.

12          MR. PERL:  Thank you.  Your Honor, that concludes the

13  omnibus hearing for today.

14          THE COURT:  Okay.

15          MR. PERL:  I'm going to turn the podium over to my

16  colleague, Mr. Lyons to -- for the claims hearing.

17          THE COURT:  Okay.

18          MR. LYONS:  Good morning, Your Honor.  John Lyons on

19  behalf of the reorganized debtors.  Your Honor, we have a

20  pretty streamlined claims hearing agenda.  I think only one

21  matter is really going to require any arguments so with your

22  Court's -- with Your Honor's permission, I'll go through the

23  agenda.

24          THE COURT:  Okay.  That's fine.

25          MR. LYONS:  First, Your Honor, we have item number one

Page 31

1   is the claim of Crown Enterprises.  That claim has already been

2   settled and we have already submitted a joint stipulation and

3   agreed order.  So that matter has been resolved.

4        The next item, item number two, is the claim of

5   Illinois Environmental Protection Agency.  The Illinois EPA

6   filed two proofs of claim, claims number 10884 and 10885.  One

7   was filed against Delphi Corp. and the other was filed against

8   Delphi Automotive Systems, LLC.  Under the plan, both those

9   estates were, in essence, combined so to avoid duplicative

10  claims, we propose to just to expunge proof of claim 10884 as

11  duplicative and leave in 10885.

12       THE COURT:  Okay and I've reviewed both claims.  They

13  are identical except for the name of the debtor so I'll grant

14  that objection --

15       MR. LYONS:  Thank you, Your Honor.

16       THE COURT:  -- which was unopposed.

17       MR. LYONS:  Thank you.  Item number three is the same

18  things at the Illinois EPA except this was filed by the Ohio

19  EPA and there again, we have three claims -- identical claims,

20  15345, 15346 and 15437 filed against three different debtor

21  entities, Delphi Automotive Systems, LLC, Delphi Automotive

22  Systems Services, LLC and Delphi Corporation.  Again, under the

23  plan, those three have been consolidated.  So for the same

24  reasons as the Illinois EPA claims, we propose to consolidate

25  and just have one claim remaining that claims -- I'm trying

1    to -- oh, yeah.  The claims that would be expunged would be

2    15346 and 15347.  The surviving claim would be 15345.

3            THE COURT:  Okay.  And again, I've reviewed all three

4    of them.  They're the same except for the debtors listed.  So

5    for the same reasons as the Illinois DEPO, I'll grant the

6    debtors' objection to the Ohio EPA.

7            MR. LYONS:  Thank you, Your Honor.  Item number four

8    is the claim objection regarding Eoshanda Williams.  Ms.

9    Williams had filed a claim -- actually, it was filed on behalf

10   of Ms. Williams the Mississippi Workers' Compensation

11   Individual Self-Insured Guaranty Association, which we

12   understand is no longer pursuing the claim.  Nonetheless, we

13   did file our various papers and our records indicated that Ms.

14   Williams, who put in an unliquidated claim through the

15   Mississippi agency, actually did put an invoice in to the

16   debtors of 699 dollars which the debtors did pay.  And that was

17   just for an emergency room visit.  The debtors did decline her

18   claim on the merits earlier.  There has been no response to the

19   claim objection and Your Honor, we request -- we also have

20   submitted the declaration of Mr. Unrue that confirms the

21   company's belief that there is no claim.

22           THE COURT:  I'll grant this claim objection.  It's

23   unopposed and in addition, except for the amount that was

24   listed in the claim and that was paid, the claimant, who's

25   really claiming through Ms. Williams, hasn't met its initial

Page 33

1   burden to allege sufficient facts to state the claim in the

2   first place.  And consequently, the proof of claim really isn't

3   entitled to prima facie validity under the bankruptcy rules.

4         MR. LYONS:  Thank you, Your Honor.  Your Honor,  I'll

5   pass item five for the moment and deal with item number six

6   which is the claim of Lee H. Young.

7         THE COURT:  Right.

8         MR. LYONS:  Your Honor, this is another claim that was

9   filed by the Mississippi Worker's Compensation Agency.  We did

10  attach to our reply a settlement release that was executed by

11  Mr. Lee.  This claim has been fully settled.

12        THE COURT:  Right.

13        MR. LYONS:  And for that reason, we ask it be

14  expunged.

15        THE COURT:  I will grant the objection on that basis.

16  And again, the objection is unopposed.  So you can submit

17  orders on all four of those.  It can be one order.  That's

18  fine.

19        MR. LYONS:  Thank you, Your Honor.  And the final

20  item -- and this is the one, which may require some argument,

21  is item number five which is the claim of the Michigan Funds

22  Administration.  Your Honor, the original claim -- or the

23  claim, I should say, that is on file by the Michigan Funds

24  Administration was to collect assessments that were due for the

25  workers' compensation scheme in Michigan that Delphi owed.  It

Page 34

1   was calculated for 2008 and 2009 after we took a look at the

2   claim, we determined that all those payments were actually made

3   and were paid in full.

4          So in DPH's view, the claim that was filed by the

5   Michigan Funds Administration has been satisfied in full and

6   therefore we requested that the claim be expunged.  In the

7   midst of briefing this, Your Honor, which again, we thought

8   would be rather non-controversial, Michigan then filed an

9   amended administrative claim, adding to this claim, a liability

10  for 2009.  Your Honor, in our view -- you know, number one, if

11  they wished to pursue to that action, they should have a filed

12  a motion for leave to amend.  They -- instead, Michigan

13  unilaterally just filed an amended request.

14         In either event, Your Honor, we believe that this is

15  not a proper basis to amend a claim since it involves a very

16  distinct year, 2009, whereas the original claim was clearly

17  just for 2008.  There was no language in that -- in the

18  original request, Your Honor, that, you know, mentioned any

19  contingent possible claim for 2009.  It was clearly, on its

20  face, just for 2008.  And under the cases we cited, Your Honor,

21  in the brief that we filed yesterday, clearly, the great weight

22  of courts that have looked at this have found that when you

23  have liability for taxes, for example, in distinct years, that

24  that is a new claim and is not an appropriate basis to amend a

25  claim when the claim to be amended is just for a distinct tax

DELPHI HOLDINGS CORP., ET AL.

Page 35

1    year.

2         So therefore, Your Honor, we believe amendment isn't

3    appropriate ere.  If Michigan so chooses to file a motion for

4    leave to file late claim, we'll respond at the appropriate time

5    but the original request by the debtor is to have that proof of

6    claim expunged on the basis that it's been satisfied in full is

7    the relief that we seek.

8         THE COURT:  Okay.

9       (Pause)

10        MR. RATERINK:  Good morning, Your Honor.

11        THE COURT:  Good morning.

12        MR. RATERINK:  Dennis Raterink appearing on behalf of

13   the Michigan Attorney General's office, representing the

14   Michigan Funds Administration.  In terms of this claim, if

15   you'll indulge me just for a minute to explain a little bit of

16   the background of the claim itself.  The nature is based on the

17   assessments levied by my clients, the Funds Administration

18   against Delphi due to its status as being a self-insured

19   employer in the state of Michigan.  It's -- that was the

20   preliminary paragraph in the request for administrative

21   payment.  The assessments in question are the sole source of

22   funding for my clients.  My clients receive no general funding

23   from the taxpayers of the state of Michigan.  This --

24   assessments that are levied against either self-insured

25   employers or insurance companies are the sole source of funding

 1   for them.  The assessments are authorized by the statute in the

 2   state of Michigan.  The assessments themselves and the

 3   calculations used to determine the amounts of the assessments

 4   are also determined by statute.

 5        The formula is fairly complicated and really not

 6   necessary to get into for the purpose of this argument.  I will

 7   note however that one of the components to determine the amount

 8   of the assessments on a year-to-year basis is the amount of

 9   paid losses that the company had had in the previous calendar

10   year and paid losses for the sake of this assessment process is

11   limited to paid wage loss payments to the injured workers of

12   Delphi in the state of Michigan.  Those amounts are self-

13   reported to my client on a yearly basis and then used in the

14   calculation process.  The calculation process is then done in

15   March of every year as was stated in our original request that

16   the assessments are calculated in March, at the earliest.  In

17   this case, it's even later.  For the original assessments --

18   the original administrative expense claim, we specifically

19   indicated that for 2008, Delphi itself reported paid losses of

20   over 24.7 million dollars.  Those -- that number -- that paid

21   loss number is then put into the formula you'd use to determine

22   the assessments of the three separate funds that make up the

23   Funds Administration.  In the aggregate, the total amount of

24   those claims was over 1.1 million dollars.  Those assessments

25   were billed to Delphi in June of -- June 25th of 2009.  The

Page 37

1    original administrative expense claim was filed in July 14th of

2    2009 and as Mr. Lyons correctly indicated, those assessments

3    were eventually paid by Delphi on July 29th of 2009.

4         Subsequent to that, when the assessment issue came up

5    again in 2010 for my client, the Funds Administration, they

6    again looked to the amounts that Delphi had paid in workers'

7    compensation benefits for the previous calendar year.  However,

8    Delphi had either failed or refused to submit the voluntary

9    amount to the paid losses.  It is the fund's policy and there

10   is an affidavit in our papers today to indicate that the fund's

11   policy is that if no voluntary reporting is done, the Funds

12   Administration utilizes the prior year's paid losses to form

13   the assessments for the next year.  However in this case, that

14   twenty-four million was not used because they wanted to

15   accurately reflect the idea that Delphi ceased to operate as an

16   ongoing entity with the confirmation of the plan in October of

17   2009.

18        So that twenty-four million dollars was in fact

19   apportioned over the period time between January 1st of 2009

20   and October 6th of 2009.  So the new paid loss number that was

21   used by my client was just over 18.8 million dollars.  That

22   loss figure then is plugged into the formula for the 2010

23   assessments and again, in the aggregate that those new amounts

24   are just over 820,000 dollars.  Those amounts were billed to

25   Delphi on May 28th of 2010 and the amended claim was just

DPH HOLDINGS CORP., ET AL.

Page 38

1    recently filed.

2          If I understand correctly, Your Honor, at this point,

3    the plaintiffs aren't challenging the basis or the amount of

4    the claim at this point.  The only objection is to the method

5    in which the claim was filed.  Your Honor, the -- Mr. Lyons was

6    correct; it was filed as an amended request for payment of the

7    administrative expenses.  Your Honor, if the more proper

8    designation had been a motion to allow for amended request or

9    amended payment, we would be happy to file that if the Court

10   would request that or we would just ask that the Court consider

11   that request as a motion for amended payment.  When we talk

12   about the amendment to the claim, I would point out to the

13   Court that the decision to permit an amendment of a proof of

14   claim rests within the sound discretion of the bankruptcy

15   judge.  That would be according to In re McLean 121 B.R. 704

16   (Bankr. SDNY 1990).

17         The test that's been utilized by the courts in

18   determining whether such an amendment should be allowed, goes

19   back as far as In re G.L. Miller 45 F. 2d 115 (Second Circuit,

20   1930).  The primary focus of that test is whether the initial

21   claim provided the debtor in possession with reasonable notice

22   of the later claim.  That test has been modified and added to

23   over the years.  I would cite again to In re McLean as one of

24   the examples so that it's now more of a two-part process.

25         The first part, looking again to see, is the proposed

DPH HOLDINGS CORP., ET AL.

Page 39

1    amendment reasonably related to that timely filed claim?

2    Number two, would the granting of the amendment be fair and

3    impose no undue hardship to any parties?  Your Honor, our

4    argument here is that we had one claim that's an assessment

5    claim.  If we'd have had two years of statistics and actual

6    amounts, we would have listed them all but it would have been

7    one claim.  In this case, we gave the Court the information

8    that we had and we also gave the Court information that more

9    amounts would be coming.  We did not use the word "contingent

10   claim".

11           THE COURT:  Where does it say that?  I didn't find

12   that.

13           MR. RATERINK:  I will cite right to the original

14   claim, Your Honor, in several different areas that give the

15   information and the idea that more claims, more

16   responsibilities will be due on owing.  On page 1 of the

17   request for administrative payment, it specifically indicates

18   again, as I've mentioned, that the worker's comp assessments

19   are based on the self-insured status of the company.  No

20   specific year is mentioned, no year in question of the specific

21   assessments --

22           THE COURT:  I'm sorry.  I have -- let me -- I have a

23   big notebook.

24           MR. RATERINK:  Sure.

25           THE COURT:  So you have an extra copy so I'm not

DELPHI HOLDINGS CORP., ET AL.

Page 40

1   fumbling through the --

2         MR. RATERINK:  I just have my original.  It's got

3   lines under it but I'd be happy to give it to Your Honor if

4   you'd like.

5         THE COURT:  Well, You're reading -- Does the debtor's

6   have an extra one?

7         MR. RATERINK:  I may have another copy in my notes.

8         THE COURT:  Okay.  Nope.  I -- my crack clerk found

9   it --

10        MR. RATERINK:  Okay.

11        THE COURT:  -- in like five seconds so -- all right.

12        MR. LYONS:  So that first reference then is page 1,

13   the first full paragraph that indicates the basis for the claim

14   stems from the status of Delphi Corporation as a self-insured

15   employer for purposes of workers' compensation claims in the

16   State of Michigan.  There's no reference to the 2009

17   specifically at that point.  It's just that -- giving the Court

18   notice, giving everyone notice that that these assessments are

19   based on Delphi's self-insured status.  Page 1 also indicates

20   that at the time of the original filing at least, that Delphi

21   continued to be a self-insured employer in the State of

22   Michigan.  That subsequently changed but that was the -- that

23   was the information at that time.

24        Page 2 of the document, again, indicates, the first

25   full paragraph, that assessments are calculated in March of

Page 41

```
 1    each year.  And I should say, just for the record as well, Your

 2    Honor, the assessments for the self-insured period during the

 3    previous years of the bankruptcy had all been paid in due

 4    course.  No issues had been raised, no disputes over the

 5    amounts.  They had simply been paid just like they had with the

 6    2009 assessment once the documentation was submitted.

 7         But the report does indicate that the assessments are

 8    calculated each year.  Page 2 also indicates that the

 9    assessments are based on the payment of indemnity after the

10    petition/commencement date.  That would be in the third full

11    paragraph.  Obviously, to anyone reading the information --

12    reading the brief would know that Delphi had paid assessment --

13    or had paid indemnity for all of the years after the petition

14    commencement date.

15         At lastly and probably most importantly, Your Honor on

16    page 3 of the document at the top paragraph clearly lays out

17    that furthermore these assessments should be treated as

18    administrative expenses because the debtor' required to

19    continue to make payments even after it has stopped being a

20    self-insured entity.  Clearly giving the indication that

21    further assessments were possible and, in fact, likely.

22         We did not use the word contingent claim anywhere in

23    there and I will stipulate that the wording could have been

24    stronger and could have been better in that regard, however,

25    when you look at what the legal standard is, the legal standard
```

1   of providing the debtor-in-possession of reasonable notice of

2   the later claim, I think it goes fully well enough to satisfy

3   that burden, fully well enough to let individuals know that

4   there is a possibility and, in fact likelihood, of more claims.

5        Is this reasonably related?  Yes.  For all the reasons

6   I've just stated.  Would granting the amendment be unfair or

7   impose undue hardships?  We would, again, argue that it would

8   not.  In the pleadings, the second supplemental proceeding

9   or -- excuse me -- the second supplemental responses from

10  debtor, they indicate a couple of issues in that regard.  They

11  claim that they would be prejudiced by the amendment because of

12  a lack of notice but, in this case, I think Your Honor, that

13  being required to pay a valid claim would not be prejudice.

14  It's simply a payment of what's due and necessary.

15        THE COURT:  Can I interrupt you?

16        MR. RATERINK:  Absolutely.

17        THE COURT:  On your -- in respect to your discussion

18  about the claim that covered 2008 --

19        MR. RATERINK:  Um-hum?

20        THE COURT:  -- and how it should have alerted people

21  that there'd also be an amount owing for 2009, how is that

22  argument different than the notion that there are only two

23  things in life that you are certain about; death and taxes.  I

24  mean the debtors' right.  There are a lot of cases that stand

25  for the general proposition that taxes assessed on an annual

Page 43

```
 1    basis must be asserted.  You can't use the amendment rubric to

 2    have them relate back to an original proof of claim.

 3            And, you know, people could have reasonably inferred

 4    that Delphi would continue to owe taxes for the rest of 2009

 5    but -- or for 2010 but, you know, this --

 6            MR. RATERINK:  I would --

 7            THE COURT:  -- the circuit courts basically say that,

 8    you know, that that's not enough.  That you need to -- some

 9    will say that you have to have a very explicit reservation or

10    some will say even with the reservation it's not enough unless

11    you actually say that you're also filing a contingent claim

12    based on some estimation.  And here, you know, Michigan did

13    have a basis to estimate which is what they did with the second

14    claim.

15            MR. RATERINK:  That's actually not correct, I don't

16    think, Your Honor.

17            THE COURT:  No?

18            MR. RATERINK:  And can I go back to that a minute?

19            THE COURT:  But -- well, yeah.  That was a two-part

20    question.

21            MR. RATERINK:  It is.

22            THE COURT:  Let's just deal with the first part.

23            MR. RATERINK:  Okay.  In regards to the tax analogy, I

24    think there are a couple of issues there.  First of all, the

25    assessments -- this is not just an inference we're asking.  We
```

DELPHI HOLDINGS CORP., ET AL.

Page 44

1    did not clearly say it's a contingent claim but it's more than

2    an inference, we would argue, that those -- the further

3    assessments would be levied.  The -- as far as providing an

4    estimation --

5             THE COURT:  But why isn't it just an inference?  I

6    mean, I don't -- it doesn't say that further assessments will

7    be levied.

8             MR. RATERINK:  No, it doesn't.  Maybe it's a strong

9    inference --

10            THE COURT:  Okay.

11            MR. RATERINK:  -- I guess would be the --

12            THE COURT:  All right.

13            MR. RATERINK:  -- what I would argue.

14            THE COURT:  Okay.

15            MR. RATERINK:  Is that there's a strong inference --

16            THE COURT:  All right.

17            MR. RATERINK:  -- within the pleadings themselves.

18            THE COURT:  Okay.

19            MR. RATERINK:  As far as the tax cases in particular,

20   Your Honor, I would ask the Court some leverage or some ability

21   to respond to those.  I just got the pleading this morning --

22            THE COURT:  Okay.

23            MR. RATERINK:  -- to be honest, regarding those cases.

24   I can't factually distinguish them because I haven't read them

25   yet.

DPH HOLDINGS CORP., ET AL.

Page 45

1          THE COURT:  All right.

2          MR. RATERINK:  They were just first brought to my

3   attention in those -- in that supplemental pleading.  So I

4   would be happy to respond to that but I'm kind of unable to at

5   this point.  I'd be happy to --

6          THE COURT:  Okay.

7          MR. RATERINK:  -- in subsequent briefing.

8          THE COURT:  All right.

9          MR. RATERINK:  As to the second issue about the

10  estimation idea, the estimation -- it's an incorrect

11  assumption.  Debtors do indicate that we were able to file an

12  administrative claim for over 5.5 million dollars on behalf of

13  the self-insured security fund.  And that was done.  And that

14  claim is still pending.

15         THE COURT:  Oh, I was making a different point.

16         MR. RATERINK:  I'm sorry.  Okay.

17         THE COURT:  When you look at the claim that was filed

18  in 2010 for 820,000 --

19         MR. RATERINK:  Yes.

20         THE COURT:  -- and change.

21         MR. RATERINK:  Oh, that estimation.

22         THE COURT:  Yeah.  It basically says we did make this

23  adjustment because the debtors stopped being self-insured at a

24  certain point.  But the method is one that they acknowledge --

25  the claim acknowledges where a self-insured employer fails to

Page 46

1    provide the required information, the funds administration

2    estimates the companies losses based on the indemnity benefits

3    paid out by the company in the previous year.  So, you

4    could've, based upon the 1.3 million dollar claim calculations,

5    have done that same thing that same day.

6         MR. RATERINK:  It's possible.  You're right.  That

7    could have been done.  The reason it wasn't done is that the

8    thought process was this claim was general enough to give

9    notice to the idea of the yearly assessments.  That once the

10   actual assessments were properly calculated that those amounts

11   would be submitted in an amended claim and that there wouldn't

12   have to be -- we were hoping that we'd actually get the actual

13   numbers.  We, in the end here, had to do another estimated

14   claim like I just explained.  We were hoping to actually have

15   the actual reporting though to give a particular amount that

16   would be accurate and not subject to further litigation or

17   determination.

18        So that's why it wasn't done at that point in time was

19   that we felt that we'd had the full ability to amend the claims

20   later on with the numbers that would be more particular to the

21   claim.  At this point -- you know, in retrospect, in would have

22   maybe been better to do so.  But we felt that enough notice had

23   been presented at the time to let everyone know that there

24   would be further assessments and thought we would just wait

25   until the actual amounts had been determined.

Page 47

1          THE COURT:  Okay.

2          MR. RATERINK:  I don't know if you want me to respond

3     to debtors' argument about the 5.5 million dollar claim and why

4     that could have been used or not.

5          THE COURT:  Yeah.  Sure.

6          MR. RATERINK:  Okay.  That -- in essence, they're

7     arguing that since we had been able to come up with a 5.5

8     million dollar administrative claim on behalf of the self-

9     insured security fund, that that should have given us the basis

10    for determining the amounts that may be owed in terms of the

11    fund's administration assessments.  The problem with that is

12    that the self-insured security fund claim was based on an

13    estimate of the total amounts of money that the self-insured

14    security fund would have to pay out over the lifetime of all of

15    the workers that may fall under the liability -- payment

16    liability of the self-insured security fund.

17         The assessments are calculated on a paid loss -- on a

18    year by year basis which is a completely different mechanism.

19    It's completely different amounts of money.  Are we arguing

20    that it couldn't have been -- we couldn't have put a number in

21    there, it couldn't have been a reasonable facsimile, we

22    couldn't have used last year's -- no we're not arguing that.

23    But the 5.5 million dollars really has no relationship to the

24    amount of the esti -- to the amount of the assessment

25    calculation.

Page 48

1      In the end, Your Honor, we would argue, Your Honor,

2    that no one is being prejudiced by this, that -- we will agree

3    with debtors' argument that there's no windfall to any other

4    parties.  The floodgates argument is used here, as well, as a

5    potential source of prejudice.  Your Honor, we'd argue two

6    things in regard to the floodgates argument.  Number 1, any

7    claimant that had an allegation of an amended claim would be

8    subject to the same scrutiny that this case is going through at

9    this point and there's simply evidence.  There may be evidence

10   of cases in terms of the late filing but this is not a late

11   filing case; it's an amended -- it's an amended filing case.

12        THE COURT:  But if I find that it is late, then -- I

13   mean, the way I view the second prong of this test on

14   amendments is that -- it's in essence a wrinkle on 9006.  If

15   the claimant is alleging, not withstanding that it -- I mean it

16   seems to me that the first step has to be that it relates back

17   in which case it's not really late.

18        MR. RATERINK:  Correct.

19        THE COURT:  So -- and there's a reason why it's the

20   first step.  That's' the first thing you look at.  And if it

21   doesn't relate back, some courts have said you can still

22   deem -- you know, deem it to be an amendment.  But those courts

23   are ones that, generally speaking, do it on pretty limited

24   grounds.  For example, in the Seventh Circuit case that's cited

25   a lot, Unroe.  The debtor actually scheduled the taxes.  So it

DPH HOLDINGS CORP., ET AL.

Page 49

1   was on the schedule.  People saw it there, you know?  They knew

2   it.

3          On the other hand, it's often used by courts even

4   where it was said to relate back, it was still unfair because

5   it was such a big increase.

6          MR. RATERINK:  Oh, okay.

7          THE COURT:  You know?  And so I'm not sure that it

8   really changes the analysis much if the first step isn't

9   satisfied from Pioneer.  I mean, I think -- you know, if

10  someone schedules the claims in their schedules and then gets a

11  plan confirmed on that basis, it's hard to argue that there's

12  any prejudice because, you know, the plan was confirmed on that

13  basis.  But I'm not sure that really applies here.

14         MR. RATERINK:  Understand.  And you're relating it to

15  the floodgates argument saying that other parties could

16  potentially try to come in --

17         THE COURT:  Well, I would view it basically like, you

18  know, under Pioneer at that point.

19         MR. RATERINK:  Okay.  The last argument that had been

20  raised by debtors is the idea that the funds administration had

21  not proposed any ration or reason why the amended claim hadn't

22  been filed earlier or hadn't been filed before the deadline.

23  Well the reality was the original claim was filed not too long

24  before the deadline and we simply did not have the information.

25  If they were looking for the particular estimates, we didn't --

Page 50

1    or the particular assessments, we didn't have the information

2    and that's why we didn't include it in the first round.  We

3    were simply waiting for the accumulation of the information to

4    amend the claim late at a later time and give the Court the --

5    as precise number as possible.

6              THE COURT:  Okay.

7              MR. RATERINK:  Okay.  Thank you, Judge.

8              THE COURT:  Okay.  Thank you.

9              MR. LYONS:  Just a couple of very quick points, Your

10   Honor.  You know, I mean, taking a look, even in a fair minded

11   way, looking at the original proof of claim they filed.  I

12   mean, it was clearly for 2008 and, you know, with all due

13   respect to counsel, the second paragraph of the original

14   request said in 2009 the funds administration determined the

15   amount of Delphi's assessment for each fund.  So I mean,

16   Michigan, in its administrative request, determined the amount

17   which they thought was owed.  There is no language about

18   potential future adjustments or anything like that.

19             And if you would compare it, Your Honor, against the

20   amended request that they file, on the third page the second

21   paragraph, there they very clearly state that -- or reserve the

22   right that, you know, as loss numbers are possible being

23   calculated at this time, the funds administration is providing

24   notice of a contingent claim for more assessments in the

25   future.  So clearly if they were seeking to put in a contingent

Page 51

1   claim for late assessment periods, that would bet he way to do

2   it and it was not done in the original administrative request.

3   So I think that's fairly clear.

4           And again, I think -- you know, Your Honor, if Your

5   Honor wants to take more briefing, that's fine.  I think it is

6   pretty crystal clear though that this is a distinct period of

7   time and distinct claim.  And again, I think the -- as Your

8   Honor's identified, you can't use an amendment as a back door

9   to a bar date.  And that's what I think clearly is the case

10  here.

11          And there would be very real prejudice.  You know,

12  number one, we don't even know what the true assessment amount

13  is according to the amended request for administrative claim.

14  Who knows if Michigan doesn't come up with some other

15  assessments to try to make up for the losses on the untimely

16  prepetition claim that they filed and Your Honor expunged and

17  has been affirmed on appeal.

18          So, Your Honor, there's just a real risk here of a

19  real floodgates argument and prejudice if this amendment is

20  allowed to stand.

21          THE COURT:  Okay.

22          MR. RATERINK:  Can I respond just real briefly, Judge.

23          THE COURT:  Sure.

24          MR. RATERINK:  Two things.  As far as the language in

25  the new claim, I will stand by my argument that we thought the

Page 52

1   original claim fully gave notice as to the possibility, and in

2   fact probability, of further assessments.  Obviously, it didn't

3   sufficiently because it was objected to so it's coming around

4   this time, we did add further language to make it absolutely

5   clear beyond a shadow of a doubt that we were asking for that

6   as well.

7         You know, I do take a little bit of offense on the

8   idea that my client would make up further assessments --

9         THE COURT:  I thought you might but I think it was

10  like a parade of horribles argument.

11        MR. RATERINK:  Okay.  The reality is these assessments

12  are calculated by statutory formula.  There's the -- this is

13  the amount that we use.  If anything, the amounts -- if the

14  claim is allowed to continue and is challenged as to the

15  accuracy of the amounts, we may have to -- if we actually get

16  the amount of the information that's voluntarily supplied in

17  most cases, it could go up, it could go down.  I have no idea.

18  The reality of it is we put the assessment based on the amount

19  that we had access to at the time.

20        THE COURT:  Okay.

21        MR. RATERINK:  Thank you.

22        THE COURT:  All right.  I'm going to take, literally,

23  just like a two-minute break and then I'll be right back.

24  (Break)

25        THE CLERK:  All rise.

Page 53

1        THE COURT:  Please be seated.  All right.  We're back

2    on the record In re DPH Holdings.  I have before me the

3    objection by the debtors to a proof of claim by the Michigan

4    Funds Administration.  The procedural history of this matter is

5    a little convoluted and it's worth noting in the context of my

6    ruling.  The Michigan Funds Administration filed an

7    administrative expense claim on the bar date for such claims,

8    July 15th, 2009, for amounts owing based on Delphi

9    Corporation's status as a self-insured employer.  That claim

10   was for $1,130,191.92.

11        The proof of claim -- or proof of administrative

12   expense, to be more accurate, stated that the claim is asserted

13   pursuant to the Michigan Workers' Disability Compensation Act,

14   MCL 418.551, and assessments to be made thereunder for amount

15   of indemnity to be paid in respect to the proceeding year.  As

16   the claim states, assessments are calculated in March of each

17   year and it's clear from the claim and the argument today that

18   assessments are calculated and made on an annual basis.

19        The claim states that in 2009, the Funds

20   Administrative determined the amount of Delphi's assessment for

21   each fund which is -- I've noted just now, would be for the

22   prior year of 2008.  And that that amount aggregates the

23   $1,130,191.92 asserted in the claim.  The claim does not assert

24   any claim for the 2009 year or reserve the right to do so but

25   merely lays out the claim as I've described it although it does

1    generally describe the statute and the obligation of a self-

2    insured employer such a Delphi to comply with the statute.

3            Delphi does not dispute that claim and it has been

4    paid.  However, in the last week, the Michigan Funds have filed

5    another claim -- or again, more accurately and administrative

6    expense claim dated August 23, 2010.  This administrative

7    expense claim is also for amounts under MCL 418.551 that the

8    Michigan Funds Administration contends is owed by -- or are

9    owed by Delphi for the period starting with January 1, 2009

10   through the date that Delphi ceased being a self-insured

11   employer who would be covered by that statue.

12           Again, the claim states that assessments are

13   calculated under the statute in March of each year and are in

14   respect of the preceding year, i.e. that they're done on an

15   annual basis.  Further, the administrative expense claim form

16   states on page 2 "in circumstances where a self-insured

17   employer fails to require their required information, the funds

18   administration estimates the company's losses based on the

19   indemnity benefits paid out in the previous year.  In this

20   case, in 2008, Delphi reported the sum of $24,703,648.45 in

21   workers' compensation indemnity benefits."

22           The August 23 administrative expense claim is premised

23   upon that same figure prorated through the date October 6th,

24   2009 when Delphi ceased being a self-insured employer who paid

25   Michigan workers' compensation benefits.  Based on that

Page 55

1    proration, the August 23 claim asserts a claim of $820,654.07

2    as an administrative expense owed.  The claim would be untimely

3    in this case because it covers the period that is covered by

4    two administrative claims bar dates established by this Court

5    in prior orders.

6            First, the Court established an administrative claims

7    bar date of July 15th, 2009 for any administrative claim that

8    arose prior to June 1, 2009.  That is from the petition date in

9    October of 2005 through June 1, 2009.  The second and claims

10   bar date order set by the Court set a deadline of November 5th,

11   2009 for administrative expense claims arising on or after June

12   1, 2009.

13           The modified Chapter 11 plan for the Delphi debtors

14   was confirmed on July 30th, 2009 and went effective on October

15   6th, 2009.  As I've stated repeatedly in other hearings dealing

16   with requests to file late claims, the determination of

17   allowable administrative claims was an important factor in the

18   court's consideration whether to approve confirmation of the

19   modified plan in July of 2009 as well as an important factor in

20   whether the DIP lenders would, in fact, negotiate the treatment

21   of their claims which were entitled to a hundred cents on the

22   dollar as administrative claims as well as being fully -- as

23   well as being secured on the debtors' assets and agreeing to

24   provide funding for the feasibility of the plan.

25           Thus the two administrative claims bar bates served a

1   very important and practical purpose in this case and were not

2   merely procedural gauntlets.  The Michigan Funds Administration

3   does not seek leave to file a late claim, notwithstanding the

4   timing of the August 23, 2010 claim in light of the two bar

5   date orders, but instead has couched that claim as an amendment

6   of the concededly timely claim for the 2008 year of

7   $1,130,191.92.  Although this issue came up very recently, the

8   debtors have responded to the contention that the August 23

9   claim was merely an amendment of the earlier claim and I

10  believe have convincingly refuted that assertion that no, this

11  is a matter of law in fact.

12      The funds administration has requested additional time

13  to brief the issue of whether the claim is, in fact, an

14  amendment or a new claim.  However, I believe that the standard

15  in this circuit and generally is clear enough so that I will

16  not need additional briefing.  In addition, I'll not that it

17  was the Michigan Funds Administration's choice to file the

18  claim and amended claim and therefore one could assume that it

19  would have anticipated the response to it by DPH including the

20  case law that DPH just cited and that the Court had located.

21      On the other hand, although I will issue my bench

22  ruling today and ask DPH to submit an order, the funds

23  administration, of course, has its rights under bankruptcy

24  rules 9023 and 9024 as well as Section 502(j) of the code.  But

25  I believe it's proper to couch its request for additional

Page 57

1   briefing in that context as opposed to delaying the ruling on

2   this matter.

3          The decision to permit an amendment to a proof of

4   claim rests within the sound discretion of the bankruptcy

5   judge.  In re: McLean Industries Inc., 121 B.R. 704, 708

6   (Bankr. S.D.N.Y. 1990).  And generally amendments to claims are

7   freely allowed when "the purpose is to cure a defect in the

8   claim as originally filed, to describe the claim with greater

9   particularity or to plead a new theory of recovery on the facts

10  set forth in the original claim."  Mainland Co-Generation

11  Limited Partnership v. Enron Corporation, In re: Enron

12  Corporation 419 F.3d 115, 130 (2nd Cir. 2005).  Quotation

13  citation omitted.

14         The Court must however "subject post bar date

15  amendments to careful scrutiny to assure that there was no

16  attempt to file a new claim under the guise of amendment."  Id.

17  i.e. in particular where if it was a new claim, it would be

18  late as opposed to relating back to the prior filed claim.  A

19  determination of whether an amendment to a proof of claim is

20  permissible, requires a two-step inquiry.

21         First, courts examine "whether there was a timely

22  assertion of a similar claim or demand evidencing an intention

23  to hold the estate liable."  Id.  The tests were determining

24  the foregoing.  It's largely the same as the tests governing an

25  amendment to a pleading under Rule 159C) of the federal Rules

Page 58

1    of Civil Procedure so that it dates back to the date of the

2    original filing.

3         Although it's not clear and in fact probably not the

4    case that 7015 would specifically apply to a contested matter

5    with respect to a claim objection.  See generally Id. and In re

6    Global Crossing Limited 324 B.R. 503, 508 (Bankr. S.D.N.Y.

7    2005).  That is "the Court must decide whether there is a

8    sufficient commonality of facts between the allegations

9    relating to the two causes of action to preclude the claim of

10   unfair surprise, i.e. the claim relates back to the original

11   pleading.  Id. See also In re Integrated Resources Inc., 157

12   B.R. 66, 71 (S.D.N.Y. 1993).

13        Secondly, if the amendment does relate back to the

14   timely file claim, by analogy at least, to Rule 7015 and the

15   authorities that I've cited, Court should engage in an

16   equitable consideration of the particular facts of the case to

17   determine whether it would be equitable to allow the amendment.

18   In re -- I'm sorry, Midland Cogeneration 419 F.3d at 133.

19   Under that equitable analysis, multiple factors are considered

20   including one, whether there was undue prejudice to the

21   opposing party, two, bad faith or dilatory behavior on the part

22   of the claimant, whether other creditors would receive a

23   windfall were the amendment not allowed, whether other

24   claimants might be harmed or prejudiced, the justification for

25   the inability to file the amendment at the time the original

Page 59

1    claim was filed.  See Id. And In re McLean Industries Inc., 121

2    B.R. 704, 708 (Bankr. S.D.N.Y. 1990).

3         The second circuit in the Midland Cogeneration case,

4    phrased the two prong inquiry as one that would in effect

5    preclude the second prong if the first prong is not satisfied.

6    That is the Second Circuit said if the amendment does relate

7    back, then the Court would consider the particular facts of the

8    case.  Judge Lifland has similarly phrased the two-[art test

9    twice; in In re Spiegel Ink 337 B.R. 816, 820 (Bankr. S.D.N.Y.

10   2006) and then in In re Calpine Corporation at least as

11   reported by the district court in its opinion appearing at 2007

12   U.S. Dist. LEXIS 86514 at pages 16-21 (S.D.N.Y. November 21,

13   2007).

14        Nevertheless, in both of those cases as well as in

15   Midland Cogeneration, although the courts found that the claim

16   would not relate back as being based on new facts, they

17   nevertheless went through the second prong analysis.  Most

18   clearly in Midland Cogeneration, the Second Circuit said that

19   that analysis where the claim does not relate back, you should

20   essentially be on the Pioneer test grounds as if it was to be a

21   new proof of claim that was late.  Although it noted that there

22   may well be emphasis in which a claim considered as an

23   amendment to an arrear filed claim might be permitted and, in

24   fact, probably should readily be permitted.  And further, there

25   might be instances where even if a claim related back, it

1    shouldn't be permitted given the factors that I've -- or the

2    second prong factors that I had previously stated.  See 419

3    F.3d at 133.

4         Based on my review of the applicable case law and the

5    two proofs of administrative expense claim forms and

6    attachments field by the Michigan Funds Administration, I

7    conclude that it is not satisfied the first prong, that it

8    would not properly relate back.  That is that the August 23

9    claim would not properly relate back to the July 14th 2009

10   claim.  That is because the claim for the 2009 assessments set

11   forth in the August 23, 2010 claim is on the face of the

12   claims, and under the law, clearly a new claim for a new year

13   and not based on the facts of the assessment set forth in the

14   July 14th claim.

15        The courts have noted that there is some conflict in

16   the case law, generally dealing with tax claims, although some

17   tax claims where they're for unemployment insurance assessments

18   and the like closely resemble the present claims at issue,

19   should be treated as separate claims if they are based upon

20   annual calculations as these claims are.  And, there's no clear

21   reservation of rights or assertion of an unliquidated

22   contingent claim for the future set forth in the original proof

23   of claim.

24        The cases taking that position, I believe, are the

25   better reason cases and the cases that are sometimes cited as

DPH HOLDINGS CORP., ET AL.

Page 61

1    taking a contrary position I believe are generally based upon

2    different facts where either the original proof of claim made

3    it clear that the claim was subject to adjustment or the

4    underlying tax was not one that was calculated on an annual

5    basis but was instead a running quarterly assessment or

6    calculation.

7         Therefore, I believe that based upon such cases as In

8    re Unroe, 937 F.2d 346 (7th Cir. 1991), In re PT-1

9    Communications Inc., 292 B.R. 482 (Bankr. E.D.N.Y. 2003) and In

10   re Sage-Dey Inc., 170 B.R. 46 (Bankr. N-D-N-Y 1994) and In re

11   Limited Gaming of American, Inc., (Bankr. N.D. Okla. 1997) the

12   August 23, 2010 claim should be viewed as a new claim for the

13   new 2009 assessment year.  This is distinguishable, therefore,

14   from the claims that were deemed to related back in Industrial

15   Commission on New York V. Schneider 162 F.2d 847 (2d Cir. 1947)

16   for the reasons discussed by the Court in In re Sage-Dey Inc.

17        More than arguable, that should end the inquiry under

18   the Midland Cogeneration case.  However, as the courts did in

19   Midland Spiegel and Calpine, and as some of the courts that

20   I've -- some of the decisions that I've just cited have done, I

21   have also considered the second prong of the test

22   notwithstanding that this should not be viewed as amendment but

23   rather as a new claim.  And I believe, based upon the facts,

24   that those equitable considerations which Midland says where

25   the claim is late, should, for all intensive purposes, follow

Page 62

1    Pioneer would not permit the claim to be treated as an

2    amendment.

3           First and most important I believe it was within --

4    well within the funds administration's control to file the

5    claim for 2009 within the -- either of the two bar dates set by

6    the Court, either the July 15th bar date or the November 5th,

7    2009 bar date.  As the claim itself recognizes, the funds

8    administration is capable of estimating the amount of the claim

9    based on the prior year's losses which it had already addressed

10   in the July 14th, 2009 claim.

11          Moreover, even if it couldn't have done that, it could

12   have filed a contingent and unliquidated claim in which case

13   the amendment would have  been -- the amendment that would

14   have filled in the numbers would have been regularly treated as

15   an amendment unless those numbers were way beyond reasonable

16   expectations.  Instead, the funds administration waited until

17   August 23 of this year to file the claim which was obviously

18   many months after the second bar date and over a year after the

19   first one as well as many months after the effective date of

20   the plan and over a year after the approval of the confirmation

21   of the amended plan.

22          Moreover, the Pioneer factors, as the finds

23   administration knows, would argue strongly against allowing the

24   claim to be deemed timely filed at this time given that the

25   timing of the claim, as I've just described, was well within

Page 63

1   the fund administration's control given the delay and given the

2   potential prejudice to the debtor and creditors because a

3   timely administrative claim for 2009 was not asserted.  See

4   generally Midland Cogeneration 419 F.3d 115 as well as this

5   court's -- a district court's ruling on other claims asserted

6   in this case on an untimely basis by the funds administration.

7          See also In re Delphi Corporation 2009 Bankr. LEXIS

8   571 (Bankr. S.D.N.Y. January 20, 2009) where the court noted

9   that uncertainty by a claimant in this type of situation as to

10  the amount of its claim or even, in fact, whether it has a

11  valid claim, is not a sufficient basis for the claimant's

12  failure to file a timely claim in the face of a bar date notice

13  that states that all claims, including contingent and

14  unliquidated claims, would be barred if not timely asserted.

15  Again, here the claim was readily calculatable on an estimated

16  basis as well as being assertable on contingent and

17  unliquidated basis and it wasn't.

18         Similar arguments were raised by the claimant in In re

19  Spiegel 337 B.R. 816 and found not to be persuasive under the

20  second prong of the amendment test by Judge Lifland who saw no

21  basis for the claimant to have waited as long as it did to file

22  the second claim, ostensibly on the basis that it was waiting

23  to calculate the exact amount of damages.

24         So, I will deny the request to have the August 23,

25  2010 claim deemed an amendment.  Technically, there is no

Page 64

1    request before me to have that claim be deemed a late filed

2    claim -- a timely filed claim, excuse me -- not withstanding

3    that it's late under Rule 9006 although, as I've noted, after

4    Midland, the Pioneer analysis does seem to dovetail into the

5    second prong of the amendment analysis and having applied it, I

6    conclude that there's no basis to deem the second claim an

7    amendment to the timely first claim that would relate back to

8    that date.

9          So, I guess the funds administration would be free to

10   file a request under Rule 9006(b) with respect to the August 23

11   claim but the debtors' right under the doctrines of both claim

12   and issue preclusion are fully preserved if such a motion would

13   be made.  So, in light of that ruling, the debtor should submit

14   an order that provides for the disallowance of the August 23

15   claim as being untimely and not an amendment, obviously, to the

16   prior claim.

17         MR. LYONS:  Very good, Your Honor.  And we'll also add

18   the expungement of the original claims since that's been paid.

19         THE COURT:  Well, that's been paid so I think

20   that's -- yeah, that's fine.

21         MR. LYONS:  Okay.  Very good.

22         MR. RATERINK:  Thanks, Judge.

23         THE COURT:  Okay.  Thank you.

24         MR. LYONS:  Just two quick housekeeping matters, Your

25   Honor.  We are now winding down the claims process as you can

DPH HOLDINGS CORP., ET AL.

Page 65

1   see.  We have about 120 administrative claims and 80

2   prepetition claims so we're coming to the end.  And as a matter

3   of fact, we intend to file a motion to close about twenty of

4   the cases since those cases no longer have any claims or -- and

5   so therefore could be closed under the --

6          THE COURT:  Okay.

7          MR. LYONS:  -- under the local rule.  Also, September

8   looks to be a pretty busy day for claims.

9          THE COURT:  This is the other 123 that I'm going to

10  deal with?

11         MR. LYONS:  Yeah.  Not all 123 but we may need a

12  spillover date.  We, you know, don't want to tie up the Court's

13  calendar unnecessarily but --

14         THE COURT:  That's fine.  You should get one.  One or

15  more.

16         MR. LYONS:  Okay.  Very good.

17         THE COURT:  As you could see, as a practical matter on

18  disputed claims, I can pretty much deal with two or three.

19         MR. LYONS:  Right.

20         THE COURT:  But that's about it.

21         MR. LYONS:  Right.  That's what we've been trying to

22  do.

23         THE COURT:  Okay.

24         MR. LYONS:  Okay.  Thank you, Your Honor.  That's all

25  I have.

DPH HOLDINGS CORP., ET AL.

Page 66

1          THE COURT:  Okay.

2          MR. RATERINK:  Thanks.

3          THE COURT:  We're off the record now.

4     (Proceedings concluded at 12:36 p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 67

```
 1

 2                           I N D E X

 3

 4                           RULINGS

 5                                   Page      Line

 6   Excellus Health Plan,      2 0         2

 7   Inc.'s motion for late

 8   Filing, Denied

 9

10   Mr. Carson's motion to     2 7        1 3

11   vacate the order that

12   disallowed his claim,

13   Granted

14

15   Reorganized debtors'       3 1        1 4

16   objection to claim

17   number 10884 as

18   duplicative, Granted

19

20   Reorganized debtors'       3 2         6

21   objection to claims

22   numbered 15346 and 15347

23   as duplicative, Granted

24

25
```

Page 68

1

2                                I N D E X (cont)

3

4                                    RULINGS

5                               Page      Line

6

7   Reorganized debtors'         32        22

8   objection to Eoshanda

9   Williams' claim, Granted

10

11  Reorganized debtors'         33        15

12  objection to Lee H.

13  Young's claim, Granted

14

15

16

17

18

19

20

21

22

23

24

25

Page 69

C E R T I F I C A T I O N

I, Sara Bernstein, certify that the foregoing transcript is a

true and accurate record of the proceedings.


_____

       Sara Bernstein


Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501


Date: August 30, 2010