UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

    In re                               :     Chapter 11

DPH HOLDINGS CORP., <u>et al.</u>,        :     Case No. 05-44481 (RDD)

                Reorganized Debtors.  :     (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING PROOFS OF CLAIM NUMBERS
11983, 11985, 11988, AND 11989 FILED BY ILLINOIS TOOL WORKS,
INC. AND ITW FOOD EQUIPMENT GROUP LLC, PROOFS OF CLAIM
NUMBERS 11981, 11982, 11986, AND 11987 FILED BY HOBART
BROTHERS COMPANY, PROOF OF CLAIM NUMBER 11045 FILED
BY MAD RIVER TRANSPORTATION INC., PROOF OF CLAIM
NUMBER 10686 FILED BY PEERLESS TRANSPORTATION
COMPANY, PROOF OF CLAIM NUMBER 10504 FILED BY
TREMONT CITY BARREL FILL PRP GROUP, AND PROOF OF
<u>CLAIM NUMBERS 11984 AND 11990 FILED BY TRI MARK INC</u>.

("CLAIMS OBJECTION ORDER REGARDING
CERTAIN ENVIRONMENTAL CLAIMS")

Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C.§ 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the

above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), objected to proofs of claim numbers 11983, 11985, 11988, and 11989 filed by Illinois Tool Works, Inc. and ITW Food Equipment Group LLC (collectively "ITW"), proofs of claim numbers 11981, 11982, 11986, and 11987 filed by Hobart Brothers Company ("Hobart Brothers"), proof of claim number 11045 filed by Mad River Transportation Inc. ("Mad River Transportation"), proof of claim number 10686 filed by Peerless Transportation Company ("Peerless Transportation"), proof of claim number 10504 filed by Tremont City Barrel Fill PRP Group (the "Tremont PRP Group"), and proofs of claim numbers 11984 and 11990 filed by Tri Mark Inc. ("Tri Mark" together with ITW, Hobarat Brothers, Mad River Transportation, Peerless Transportation, and the Tremont PRP Group, the "Claimants"); and upon the Response Of Creditors: (I) Illinois Tool Works Inc.; (II) Illinois Tool Works For Hobart Brothers Co., (III) Hobart Brothers Company, (IV) ITW Food Equipment Group LLC And (V) Tri-Mark, Inc. In Opposition To Debtors' Third Omnibus Objection To Certain Claims (Docket No. 5617) (the "Claimants' First Response"); and upon the Tremont City Barrel Fill PRP Group's Response In Opposition To Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) And To The Extent Necessary Request To Amend Claim (Docket No. 5797) (the " Claimants' Second Response"); and upon the Response Of Claimant Peerless Transportation Company To Notice Of Objection To Claim As Set Forth In The Debtor's Third Omnibus Objection (Docket No. 5819) (the "Claimants' Third Response"); and upon the Response Of Claimant Mad River Transportation, Inc. To Notice Of Objection To Claim As Set Forth In The Debtor's Third

2

Omnibus Objection (Docket No. 5820) (the "Claimants' Fourth Response" together with the Claimants' First Response, the Claimants' Second Response, and the Claimants' Third Response, the "Claimants' Responses"); and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 11983, 11985, 11988, And 11989 Filed By Illinois Tool Works Inc. And ITW Food Equipment Group LLC (Docket No. 19603) (the "Reorganized Debtors' First Supplemental Reply"); and upon the Supplemental Brief Of Illinois Tool Works Inc. And ITW Food Equipment Group LLC In Support Of Claim Nos. 11983, 11985, 11988 And 11989 (Docket No. 19893) (the "ITW Supplemental Brief"); and upon the Reorganized Debtors' Response To The Supplemental Brief Of Illinois Tool Works, Inc. And ITW Food Equipment Group LLC In Support Of Claim Nos. 11983, 11985, 11988, And 11989 (Docket No. 20520) (the "Reorganized Debtors' First Response") ; and upon the Reorganized Debtors' Supplemental Reply To Responses Of Certain Claimants To Debtors' Objections To Proofs Of Claim Nos. 10504, 10686, 11045, 11981, 11982, 11984, 11986, 11987, And 11990 (Docket No. 20592) (the "Reorganized Debtors' Second Supplemental Reply" together with the Reorganized Debtors' First Supplemental Reply, the "Reorganized Debtors' Supplemental Replies"); and upon ITW's Reply To The Reorganized Debtors' Response To The Supplemental Brief Of Illinois Tool Works Inc. And ITW Food Equipment Group LLC In Support Of Claim Nos. 11983, 11985, 11988, And 11989 (Docket No. 20608) ("ITW's Reply"); and upon the Reorganized Debtors' Response To ITW's Reply To The Reorganized Debtors' Response To The Supplemental Brief Of Illinois Tool Works, Inc. And ITW Food Equipment Group LLC In Support Of Claim Nos. 11983, 11985, 11988, And 11989 (Docket No. 20614) (the "Reorganized Debtors' Second Response" together with the Reorganized Debtors' First Response, the "Reorganized Debtors' Responses"); and upon the

3

Supplemental Brief Of Claimants Peerless Transportation Company And Mad River Transportation, Inc. In Support Of Claim Nos. 10686 And 11045 (Docket No. 20616) (the "Peerless Transportation And Mad River Transportation Supplemental Brief" together with the Third Omnibus Claims Objection, the Claimants' Responses, the ITW Supplemental Brief, the Reorganized Debtors' Supplemental Replies, the ITW Reply, the Reorganized Debtors' Responses, the "Pleadings"); and upon the record of the September 24, 2010 sufficiency hearing held on the Third Omnibus Claims Objection to proof of claim numbers 10504, 10686, 11045, 11981, 11982, 11983, 11984, 11985, 11986, 11987, 11988, 11989, and 11990; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    The Claimants, the holders of proof of claim numbers 10504, 10686, 11045, 11981, 11982, 11983, 11984, 11985, 11986, 11987, 11988, 11989, and 11990, were properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and the notice of the deadline for responding to the Third Omnibus Claims Objection.

    B.    The Claimants submitted the Responses to the Third Omnibus Claims Objection.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

4

    C. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

    D. On February 18, 2010, the Reorganized Debtors' filed the Notice of Sufficiency Hearing with Respect to Debtors' Objections to Proofs of Claim Nos. 6991, 7054, 9221, 10830, 10959, 10960, 11375, 11643, 11644, 11892, 11911, 11983, 11985, 11988, 11989, 12147, 12833, 13776, 13881, 14019, 14020, 14022, 14023, 14024, 14025, 14026, 14370, 14825, 14826, 16967, 18265, 18422, 18603, 18614, 19162, 19543, and 19545 (Docket No. 19504) (the "First Sufficiency Hearing Notice").

    E. On July 15, 2010, the Reorganized Debtors filed the Notice of Adjournment of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Numbers 11983, 11985, 11988, and 11989 (Docket No. 20420) (the "Notice of Adjournment").

    F. On August 26, 2010, the Reorganized Debtors filed the Notice of Sufficiency Hearing with Respect to Debtors' Objection to Proofs of Claim Numbers 10504, 10686, 11045, 11981, 11982, 11984, 11986, 11987, and 11990 and Reorganized Debtors' Objection to Proofs of Administrative Expense Claim Numbers 19797, 19798, 19799, 19800, and 19802 (Docket No. 20552) (the "Second Sufficiency Hearing Notice").

    G. ITW was properly served with the First Sufficiency Hearing Notice, the Notice of Adjournment, the Reorganized Debtors' First Supplemental Reply, and the Reorganized Debtors' Responses.

5

    H. Hobart Brother, Mad River Transportation, Peerless Transportation, the Tremont PRP Group, and Tri Mark were properly served with the Second Sufficiency Hearing Notices and the Reorganized Debtors' Second Supplemental Reply.

    I. This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    J. The Claimants assert claims under the Comprehensive Environmental Response, Compensation & Liability Act of 1980, 42 U.S.C. 9601 *et seq* ("CERCLA") at two sites – the South Dayton Dump and Landfill in Moraine, Montgomery County, Ohio (the "South Dayton Site") and the Tremont City Landfill Site in Tremont, Ohio (the "Tremont Site" and, together with the South Dayton Site, the "Sites"). However, the Claimants have not alleged sufficient facts to establish that the Debtors are "covered persons" within the meaning section 107(a) of CERCLA at either of the Sites in that they have not alleged any facts to refute the Debtors' position that they never owned or operated the Sites, did not arrange for the transportation of wastes to the Sites, and did not transport wastes to the Sites. 42 U.S.C. 9607(a).

    K. Furthermore, for the reasons stated by this Court at the September 24, 2010 hearing, the Debtors are not liable as corporate successors to General Motors Corporation with respect to the Sites under any of the doctrines of corporate successor liability, including mere continuation, *de facto* merger or assumption of liabilities.

    L. Accordingly, for the reasons stated by this Court herein and at the September 24, 2010 hearing, the Claimants have failed to sufficiently plead any prima facie claim; therefore, proofs of claim numbers 10504, 10686, 11045, 11981, 11982, 11983, 11984,

11985, 11986, 11987, 11988, 11989, and 11990 should be disallowed and expunged in its entirety.

M. The relief requested in the Third Omnibus Claims Objection and the Reorganized Debtors' Supplemental Replies is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proofs of claim numbers 10504, 10686, 11045, 11981, 11982, 11983, 11984, 11985, 11986, 11987, 11988, 11989, and 11990 are hereby disallowed and expunged in their entirety.

2. Nothing contained herein shall constitute, nor shall it be deemed to constitute, the allowance of any claim asserted against any of the Debtors or the Reorganized Debtors.

3. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Third Omnibus Claims Objection and the Reorganized Debtors' Supplemental Replies to hear and determine all matters arising from the implementation of this order.

4. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
    October 5, 2010

            /s/Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE