MCDERMOTT WILL & EMERY LLP
Nava Hazan (NH-0447)
340 Madison Avenue
New York, NY 10173-1922
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Peter M. Acton, Jr. (MA# 654641)
28 State Street
Boston, MA 02109
Telephone: (617) 535-4412
Facsimile: (617) 535-3800

*Counsel for Heraeus Precious Metals Management LLC;
Heraeus, Inc., Circuit Metals Division aka Heraeus Cermalloy, Inc., and
Heraeus Inc. Cermalloy Division; and
Heraeus Metals Processing, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DELPHI CORPORATION, et al., ) | Case No. 05-44481 (RDD) |
| ) | (Jointly Administered) |
| Debtors. ) | |

### HERAEUS' RESPONSE TO REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF CLAIM NUMBERS 10123 AND 10393

Heraeus[1] hereby responds to Delphi Corporation, et al.'s (the "Debtors") *Supplemental Reply With Respect to Proof of Claim Numbers 10123 and 10393* (Dkt. No. 20554) (the "Supplemental Reply").[2] In their Supplemental Reply, the Debtors seek two distinctly different forms of relief. ***First***, the Debtors seek relief with respect to two proofs of claim that were filed,

---

[1] Heraeus Precious Metals Management LLC ("Heraeus Precious Metals"); Heraeus, Inc., Circuit Metals Division aka Heraeus Cermalloy, Inc., and Heraeus Inc. Cermalloy Division ("Heraeus Circuit Metals Division"); and Heraeus Metal Processing, Inc. ("Heraeus Metal Processing"). Heraeus Precious Metals, Heraeus Circuit Metals Division, and Heraeus Metal Processing are hereinafter collectively referred to as "Heraeus".

[2] The Debtors granted Heraeus an extension to October 8, 2010 to respond to their Supplemental Reply. *See* **Exhibit A** hereto.

BST99 1659751-1.061461.0038

one filed by Heraeus Metal Processing against Debtor ASEC Manufacturing General Partnership, the other by Heraeus Circuit Metals Division against Debtor Delphi Mechatronic Systems, Inc. (these proofs of claims are collectively referred to as the "Claims"). Heraeus does not object to the relief requested by the Debtors with respect to the Claims. *Second*, the Debtors ask that this Court enter an order requiring a different entity, Heraeus Precious Metals, *to pay* $488,660.90 for a receivable (the "Receivable") Heraeus Precious Metals allegedly owes to a different Debtor entity, Delphi Automotive Systems LLC ("DAS LLC"). The relief sought by the Debtors with respect to the Receivable should be denied for at least three reasons:

(a) Bankruptcy Rule 3007(b) prevents the Debtors from seeking the affirmative relief they seek against Heraeus Precious Metals through the claims objection process. Rather, the Debtors are *required* to file an adversary proceeding to recover the Receivable.

(b) Heraeus Precious Metals is a different entity than the entities (Heraeus Circuit Metals Division and Heraeus Metal Processing) that filed the Claims. The Debtors have failed to cite to any cases, nor are there any, that support the proposition that Rule 3007(b) does not apply here. A debtor is not entitled to use the claim objection process to obtain affirmative relief against an entity that is not the subject of that claim objection.

(c) Ultimately, the Debtors' claim for the Receivable is time-barred by the statute of limitations, which expired in 2009.

In further support of its Response, Heraeus states as follows:

## BACKGROUND

1. In August 2005, Heraeus Precious Metals purchased 551.536 troy ounces of platinum from ASEC for $488,660.90. Under the terms of the purchase invoice, payment for

- 2 -

BST99 1659751-1.061461.0038

those goods was due on September 2, 2005. A true and accurate copy of that invoice is attached hereto as **Exhibit B**.

2. On August 10, 2005, certain Heraeus entities, including Heraeus Precious Metals, entered into a Mutual Setoff Agreement with Debtor DAS LLC. Under the terms of that Setoff Agreement, the parties agreed that the terms of the Setoff Agreement were "an amendment to or modification of" any prior agreements between the parties. Setoff Agreement at 1, ¶ 2. By its express terms, the Setoff Agreement did *not* replace or otherwise supersede any prior agreements between the parties. *See id.* Instead, under that Agreement, the parties agreed that they would be entitled to setoff certain obligations owed to another under any prior and future agreements between them. *See* Setoff Agreement at 1-2, ¶ 5. A true and accurate copy of that Setoff Agreement is attached hereto as **Exhibit C**.

3. On October 8 and 14, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

4. On July 21 and July 24, 2006, Heraeus Metal Processing and Heraeus Circuit Metals Division filed the Claims.

5. On October 31, 2006, the Debtors objected to the Claims (Dkt. No. 5452) (the "Third Omnibus Objection"). The Debtors made no mention of and did not seek any relief with respect to the Receivable in the Third Omnibus Objection.

6. On November 21, 2006, Heraeus responded to the Debtors' Third Omnibus Objection (Dkt. No. 5652).

7. On June 8, 2010, nearly five years after the Receivable was due, the Debtors filed their *Notice of Claims Objection Hearing With Respect to Debtors' Objection to Proof of Claim*

- 3 -

*Numbers 10123 and 10393* (Dkt. No. 20232) (the "Notice"). That Notice also did not mention, and the Debtors again did not seek any relief with respect to, the Receivable.

8.      On June 15, 2010, the Debtors filed their *Statement of Disputed Issues With Respect to Proofs of Claim Numbers 10123 and 10393* (Dkt. No. 20246). The Debtors sought relief with respect to the Receivable for the first time in that Statement, requesting that the Court enter an Order requiring Heraeus Precious Metals to pay the Receivable.

9.      On August 26, 2010, the Debtors filed their *Supplemental Reply With Respect to Proofs of Claim Numbers 10123 and 10393* (Dkt. No. 20554) (the "Supplemental Reply"). In their Supplemental Reply, the Debtors argued that the Court can order Heraeus Precious Metals to pay the Receivable because "it is entirely appropriate to proceed in the context of a claim objection and not through a separate adversary proceeding." Supplemental Reply at 7, ¶ 17. In support of their argument, the Debtors cite to a 2003 bankruptcy case decided before Rule 3007(b) was added to the Bankruptcy Rules.

## ARGUMENT

10.     The Debtors' Supplemental Reply ignores the plain language of Bankruptcy Rule 3007(b), which provides in relevant part that a "party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim . . . ." Fed. R. Bankr. P. 3007(b).[3] Under Rule 7001, an adversary proceeding is "a proceeding to recover money or property". Fed R. Bankr. P. 7001. Contrary to the Debtors' claim in their Supplemental Reply, the Debtors' efforts to collect on the Receivable must be done through an adversary proceeding and not through the claims objection process. *See* Fed. R. Bankr. P

---

[3] Rule 3007(b) became effective December 1, 2007 and applies to all cases pending as of that date, which would include the Debtors' cases. *See, e.g.*, Order of the United States Supreme Court amending the Federal Rules of Bankruptcy Procedure, dated April 30, 2007, available at http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/supct1106/Trans-Orders.pdf.

- 4 -

3007(b) and 7001; *see also In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (an action to collect an account receivable requires the initiation of an adversary proceeding).

11. Requiring the Debtors to pursue their request for affirmative relief through the adversary proceeding process is particularly appropriate here where, as noted above, the entity that allegedly owes the Receivable is not the same as the entities that are the subject of the Debtors' claim objection. The Debtors' attempt to use the claim objection process to obtain affirmative relief against an entity whose claim is not even the subject of the objection is inappropriate and the Debtors have failed to explain why Rule 3007(b) does not apply here[4] or cite to a single case that entitles them to the affirmative relief they are seeking with respect to the Receivable.

12. In this regard, the Debtors' reliance on this Court's ruling with respect to the Furuwaka matter is misguided. *See* Supplemental Reply at 7, ¶ 17. In the Furuwaka matter, the Court denied Furuwaka's motion requesting that the Court abstain from hearing the Debtors' claim objection so that the matter could be heard in state court and Furuwaka could pursue a counterclaim against the Debtors. Here: (a) the Debtors have not objected to any proof of claim by Heraeus Precious Metals,[5] and (b) Heraeus Precious Metals is neither asking the Court to abstain nor is it asserting a counterclaim. More fundamentally, the Debtors have either ignored or overlooked the fact that the Court also stated that if the Debtors elected to join the claim objection with a request for affirmative relief "that triggers the adversary proceeding rules"

---

[4] On December 20, 2007, this Court entered an Order granting the *Debtors' Motion Under New Bankruptcy Rule 3007(c) and 11 U.S.C. § 105(a) for Order Authorizing Debtors to Continue Claims Objection Procedures* (Dkt. No. 11561). The Debtors' Motion (Dkt. No. 11187) and that Order, however, only concerned new Bankruptcy Rule 3007(c) and the Debtors' ability to continue to file omnibus objections.

[5] Heraeus Precious Metals did not file a proof of claim against the Debtors.

- 5 -

under Rule 3007. Tr. Of July 19, 2007 Hr'g at 59.[6] Rule 3007 provides that a debtor "may include the [claim] objection *in an adversary proceeding.*" Rule 3007(b) (emphasis supplied).

13.     All of this is underscored by the reality that Heraeus has at least one defense that entirely precludes the Debtors from collecting the Receivable. The 2005 purchase of platinum was a contract for the sale of goods governed under terms and conditions of the Uniform Commercial Code. *See, e.g., Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 64 (2d Cir. 1994) (discussing platinum in the context of it being a good under the UCC); *Kahn Jewelry Corp. v. Venus Casting, Inc.*, 847 N.Y.S.2d 366, 368 (N.Y. Sup. Ct. 2007) (gold is a good under Article 2 of the UCC). Under Michigan, Delaware, and New York law,[7] the statute of limitations in contracts for the sale of goods is four years from the date cause of action accrued—i.e., four years from September 2, 2005. *See, e.g.*, MCL Ch. 440.2725, 5A Del. C. 1953, § 2-725; N.Y. UCC. Law § 2-275. Here, more than five years has passed since the cause of action accrued on September 2, 2005.[8] Even were the Court to conclude the Debtors could pursue the Receivable through the claim objection process, the Debtors failed to seek payment of the Receivable until they filed their Notice in June 2010—nearly a year after the statute of limitations expired.

14.     On information and belief, the Debtors intend to argue that they are entitled to recover the Receivable under the Setoff Agreement and that the statute of limitations for breach of that contract is six years. That argument, however, is similarly misguided. *First*, by its express terms, the Setoff Agreement amends or modifies the underlying purchase invoice, it does

---

[6] A true and accurate copy of the relevant portions of that transcript are attached hereto as **Exhibit D**.

[7] The Debtors are located in Michigan. Under the Debtors' General Terms and Conditions in effect at the time of the sale, Michigan law applies. *See* General Terms and Conditions at 10, ¶ 26.1. A true and accurate copy of those terms and conditions are attached hereto as **Exhibit E**. Heraeus Precious Metals is a Delaware corporation with a place of business in New York (the purchase invoice uses a New York address). There are no substantive differences between the laws of these states with respect to the issues raised herein.

[8] The statute of limitations lapsed on September 2, 2009, more than two years after the Debtors filed for bankruptcy. As such, the protections afforded to debtors under Section 108 of the Bankruptcy Code do not change the fact that the claim for the Receivable is time-barred as the Debtors' bankruptcy cases were filed in 2005. *See* 11 U.S.C. § 108(a).

- 6 -

not replace it such that the statute of limitations on the underlying sale of goods starts over or the underlying sale is somehow converted to a six-year breach of contract action.[9] ***Second***, the Debtors have not even alleged that there has been a breach of the Setoff Agreement, nor can they because this is ***not*** a situation where a setoff is implicated—here, the Debtors seek the payment of a Receivable.

---

[9] Under Michigan, Delaware, and New York law, parties are not permitted to extend the statute of limitations for a sale of goods beyond the four-year period. *See, e.g.*, MCL Ch. 440.2725, 5A Del. C. 1953, § 2-725; N.Y. UCC. Law § 2-275.

WHEREFORE, Heraeus respectfully requests that the Court enter an order:

1. Overruling the Debtors' request for the entry of an Order ordering Heraeus Precious Metals to pay DPH-DAS LLC the sum of $488,660.90 as settlement of the Receivable within 30 days; and

2. Granting Heraeus such other and further relief as may be justified under the circumstances.

Respectfully submitted,

Dated: October 8, 2010

HERAEUS PRECIOUS METALS MANAGEMENT LLC; HERAEUS, INC., CIRCUIT METALS DIVISION AKA HERAEUS CERMALLOY, INC., AND HERAEUS INC. CERMALLOY DIVISION; AND HERAEUS METALS PROCESSING, INC.

By its attorneys,

/s/ Nava Hazan
Nava Hazan (NH-0447)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173-1922
Tel.: (212) 547-5400
Fax: (212) 547-5444

Peter M. Acton, Jr. (MA# 654641)
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109
Tel.: (617) 535-4412
Fax: (617) 535-3800

BST99 1659751-1.061461.0038

## CERTIFICATE OF SERVICE

I, Nava Hazan, certify that on October 8, 2010, I caused a true copy of this document to be served by (i) overnight mail upon DPH Holdings Corp., 5725 Delphi Drive, Troy, Michigan 48098 (Att'n: General Counsel), (ii) overnight mail upon counsel to the Reorganized Debtors, Skadden, Arps, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr., John K. Lyons, and Joseph N. Wharton), and by (iii) e-mail upon Louis Chiappetta, counsel to the Reorganized Debtors, at louis.chiappetta@skadden.com.

/s/ Nava Hazan
Nava Hazan

BST99 1659751-1.061461.0038