TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for DPH Holdings Corp.
Reorganized Debtors
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Lara Sheikh

DPH Holding Corp., Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holding Corp., Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                  :
   In re                            :    Chapter 11
                                                  :
DPH HOLDING CORP., et al.,                        :    Case No. 05-44481 (RDD)
                                                  :
                   Debtors.     :    (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND AOL INC. (I) ALLOWING PROOF
OF CLAIM 9882 AND (II) COMPROMISING AND ALLOWING
<u>PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18609</u>

(AOL INC., f/k/a AOL LLC)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in

the above-captioned cases (collectively, the "Reorganized Debtors") and AOL Inc., f/k/a

AOL LLC, ("AOL" or "Claimant") (Reorganized Debtors and AOL, the "parties") respectfully submit this Joint Stipulation and Agreed Order Between Reorganized Debtors and AOL (I) Allowing Proof of Claim 9882, and (II) Compromising and Allowing Proof of Administrative Expense Claim Number 18609 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above captioned cases (the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

WHEREAS, on July 28, 2006, Claimant filed Claim 9882 against DAS LLC, which asserts an unsecured non-priority claim in the amount of $969,141.63 ("Claim 9882") for services alleged to have been provided by Claimant under a certain Confidential Partner Marketing Agreement, dated May 5, 2005;  Confidential Partner Marketing Agreement, dated June 22, 2001;  and AOL Delphi Retiree Offer Agreement, dated May 5, 2005 (collectively, the "Agreement").

2

WHEREAS, on March 12, 2007, Claimant transferred Claim 9882 to SPCP Group, LLC, as agent for Silver Point Capital Fund, L.P., and Liquidity Solutions, Inc., as agent for SPCP Group, LLC, pursuant to a notice of transfer (Docket No. 7199).

WHEREAS, on June 14, 2009, Claimant filed Claim 18609 against Delphi Corporation, which asserts an administrative expense claim in the amount of $560,911.50 for services alleged to have been provided under the Agreement.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified, (the "Modified Plan"), which had been approved by this Court pursuant to an order entered July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Reorganized Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, Art. 9.6.

WHEREAS, on October 15, 2009, the Reorganized Debtors objected to: (a) Claim 9882 pursuant to the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. To (I) Modify and Allow Claim and

3

(II) Expunge Certain (A) Duplicate SERP Claims, (B) Books and Records Claim, (C) Untimely Claims, and (D) Pension, Benefit, and OPEB Claims (Docket No. 18983) (the "Thirty-Sixth Claims Objection");  and (b) Claim 18609 pursuant to the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books and Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension Benefit and OPEB Claims, and (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Claims Objection").

WHEREAS, on November 11, 2009, Claimant filed Responses to the Thirty-Sixth Claims Objection and the Thirty-Seventh Claims Objection (Docket Nos. 19060, 19062) (the "Preliminary Responses").

WHEREAS, on September 17, 2010, Claimant filed a Supplemental Response to the Thirty-Sixth Claims Objection and the Thirty-Seventh Claims Objection (Docket No. 20601) (the "Supplemental Response," together with the Preliminary Responses, the "Responses").

WHEREAS, on September 21, 2010, Claimant served its First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents related to the Thirty-Sixth Claims Objection and the Thirty-Seventh Claims Objection (the "Discovery Requests") on the Reorganized Debtors.

WHEREAS, to resolve the Thirty-Sixth Claims Objection, the Thirty-Seventh Claims Objection, the Responses and the Discovery Requests with respect to Claims 9882 and 18609 (together, the "Claims"), the Reorganized Debtors and AOL enter into this Stipulation, pursuant to which the Reorganized Debtors and AOL agree that (i) the Thirty-Sixth Claims Objection should be withdrawn with prejudice as to Claim 9892 and that Claim 9892 should be allowed as a general unsecured non-priority claim in the amount of $969,141.63 against DAS LLC; (ii) the Thirty-Seventh Claims Objection should be withdrawn with prejudice as to Claim 18609 and Claim 18609 should be compromised and allowed as an administrative expense in the amount of $200,000.00 against DAS LLC; and (iii) the Debtors and the Reorganized Debtors waive any right to seek reimbursement for or to contest amounts paid by Debtors to Claimant for goods or services rendered under the Agreement.

NOW, THEREFORE, the Reorganized Debtors and AOL stipulate and agree as follows:

1. The Thirty-Sixth Claims Objection shall be withdrawn with prejudice solely as to Claim 9882, as if never filed by the Reorganized Debtors.

2. Claim 9882 is allowed in the amount of $969,141.63 and shall be treated as an allowed general unsecured non-priority claim against DAS LLC in accordance with the terms of the Modified Plan.

3. The Thirty-Seventh Claims Objection shall be withdrawn with prejudice solely as to Claim 18609, as if never filed by the Reorganized Debtors.

4. Claim 18609 is compromised and allowed in the amount of $200,000 ("Allowed Administrative Claim") and shall be treated as an administrative claim against DAS LLC in accordance with the terms of the Modified Plan.

5. The Responses and the Discovery Requests are hereby deemed withdrawn with prejudice.

6. The Reorganized Debtors, on their behalf as well as on behalf of the Debtors, hereby waive any right to contest or to seek reimbursement from Claimant for amounts paid by Debtors to Claimant for goods or services rendered under the Agreement.

7. Payment of the Allowed Administrative Claim shall be made to AOL on or before the next Periodic Distribution Date made by the Reorganized Debtors as defined in the Modified Plan, which in no event shall be later than December 10, 2010, and shall be made via wire transfer pursuant to the following wire instructions:

> Bank: JP Morgan Chase
> Account: AOL
> Account #: 323-092-527
> ABA #: 021-000-021
> Swift Code (International Wires): CHASUS33

Reorganized Debtors shall send confirmation of the wire transfer to AOL's counsel of record via electronic mail.

8. AOL and the Reorganized Debtors, on their behalf as well as on behalf of the Debtors, mutually release each other and their respective predecessors in interest, successors, shareholders, directors, officers, employees, agents, attorneys and assigns of any and all obligations, claims, and demands arising out of, by reason of, or relating to the Claims as of the effective date of the Modified Plan, except that the obligations arising out of this Stipulation are not released. Notwithstanding the foregoing sentence, Debtors and the Reorganized Debtors reserve the right, to the extent applicable, to seek indemnification for claims asserted by third parties to the extent permitted under the terms of the Agreement.

9. This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the parties.

10. This Stipulation may be executed in one or more counterparts, including by email and facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

11. This Stipulation shall be effective upon execution by AOL and the Reorganized Debtors, and subject only to any necessary approval by the Bankruptcy Court. Within three business days after the parties have executed this Stipulation, the

Reorganized Debtors will promptly submit or file any necessary papers to obtain Bankruptcy Court approval of this Stipulation, and upon Bankruptcy Court approval of the Stipulation, the objections to the Claims shall be deemed withdrawn with prejudice without further action by the parties, as contemplated herein. If, for any reason, this Stipulation is voided or not approved by the Bankruptcy Court, the Stipulation shall be deemed null and void, and the parties shall be returned to their positions as they existed on September 24, 2010.

12. The Bankruptcy Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising or in connection with this Stipulation.

So Ordered in White Plains, New York, this 12th day of October, 2010

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ Neil Berger | /s/ Tiffany Strelow Cobb |
|---|---|
| Neil Berger | Tiffany Strelow Cobb (admitted *pro hac vice*) |
| Lara Sheikh | VORYS, SATER, SEYMOUR AND PEASE LLP |
| TOGUT, SEGAL & SEGAL LLP | |
| One Penn Plaza, Suite 3335 | 52 East Gay Street |
| New York, New York 10119 | Columbus, Ohio 43215 |
| | |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | Attorneys for AOL Inc., f/k/a AOL LLC |