UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
    In re                    :    Chapter 11
                                                :
DPH HOLDINGS CORP., et al.,    :    Case No. 05-44481 (RDD)
                                                :
    Reorganized Debtors.    :    (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007 DISALLOWING
AND EXPUNGING PROOF OF CLAIM FILED BY BEST FOAM FABRICATORS, INC.
<u>(PROOF OF CLAIM NUMBER 16550)</u>

("UNTIMELY PROOF OF CLAIM ORDER")

    Upon the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection") of Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holding Corp. ("DPH Holdings") and certain of its affiliated reorganized Debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"); and upon the Response Of Best Foam Fabricators, Inc. To Debtors' Thirteenth Omnibus Claims Objection (Docket No. 8027) (the "Response"); and this Court having considered the Response and other documents filed by Best Foam Fabricators, Inc. ("Best

Foam") and by the Reorganized Debtors; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.   Best Foam was properly served with the Thirteenth Omnibus Claims Objection.[2]

B.   Best Foam was properly and timely served with a copy of the Notice Of Bar Date For Filing Proofs of Claim (the "Bar Date Notice"), which stated that pursuant to the Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof, entered by this Court on April 12, 2006 (Docket No. 3206) (the "Bar Date Order"), July 31, 2006 was the deadline for creditors to file proofs of claim in the Debtors' chapter 11 cases.

C.   Best Foam was properly served with the Notice Of Deadline To File Motion For Leave To File Late Claim With Respect To Late Claim Filed By Best Foam Fabricators, Inc. (Proof Of Claim Number 16550) (Docket No. 20513).

D.   This Court has jurisdiction of the Thirteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Thirteenth Omnibus Claims Objection is a core

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirteenth Omnibus Claims Objection.

[2] See Affidavit Of Service Of Evan Gershbein Re: 1) Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement ("Thirteenth Omnibus Claims Objection"); And 2) Personalized Notice Of Objection To Claim (The "Personalized Notice") (Docket No. 7920).

proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Thirteenth Omnibus Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        E.        Best Foam has failed to seek leave to justify its failure to timely file proof of claim number 16550 pursuant to the Bar Date Notice and the Bar Date Order.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.        Proof of claim number 16550 filed by Best Foam is hereby disallowed and expunged in its entirety with prejudice and no distribution shall be made on account of such claim from the Debtors' estates or by the Reorganized Debtors.

        2.        Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089).

        3.        This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: White Plains, New York
       October 12, 2010

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE