**Hearing Date:  December 16, 2010**
        **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                       :
    In re                                :        Chapter 11
                                       :
DPH HOLDINGS CORP., et al.,        :        Case No. 05-44481 (RDD)
                                     :
            Reorganized Debtors.  :       (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED
ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 19566
<u>(KENDRICK D. HOLMES)</u>

("STATEMENT OF DISPUTED ISSUES – KENDRICK D. HOLMES")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19566 (the "Statement Of Disputed Issues") filed by the Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association (the "Association") on behalf of Kendrick D. Holmes (the "Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.  On August 13, 2009, the Association, on behalf of the Claimant, filed proof of administrative expense claim number 19566 (the "Claim") against DAS LLC. The Claim asserts an unliquidated claim relating to workers' compensation program-related benefits.

3.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

2

        4.        On March 19, 2009, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

        5.        On April 15, 2010, the Association, on behalf of the Claimant, filed the Response Of Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association To The Reorganized Debtor's Forty-Sixth Omnibus Claims Objection Claim No. 19566 (Kendrick D. Holmes) (Docket No. 19845) (the "Response").

        6.        On October 12, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Administrative Expense Claim Number 19566 (Kendrick D. Holmes) (Docket No. 20667), scheduling an evidentiary hearing on the merits of the Claim for December 16, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.  <u>The Liabilities Asserted In The Claim Should Be Modified To Reflect The Liquidated Amount</u>

7. The Reorganized Debtors have reviewed the Claim and the Response and have determined that the Claim should be modified and allowed as a administrative expense priority claim in the amount of $23,935.00.

8. In connection with its reconciliation and liquidation of the Debtors' workers' compensation obligations, the Association retained Gould & Lamb, which provides actuarial services including Medicare secondary payer compliance and future medical cost projections. Upon review of Mr. Holmes's workers' compensation claim, Gould & Lamb has determined that the Debtors' projected liability for medical costs asserted forth in the Claim is $23,935.00. The Reorganized Debtors believe that the Gould & Lamb projection is a conservative estimate of the Debtors' expected liability to the Claimant. But to facilitate an expeditious resolution of the Claim, the Reorganized Debtors nevertheless believe that it is appropriate to allow the Claim in the amount projected by Gould & Lamb. The Claim should, therefore, be modified and allowed as a administrative expense priority claim in the amount of $23,935.00.

Reservation Of Rights

9. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures

To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) modifying and allowing the Claim as an administrative expense priority claim payable to the Claimant in the amount of $23,935.00 in full satisfaction of the Claim and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
October 19, 2010

                SKADDEN, ARPS, SLATE, MEAGHER
                  & FLOM LLP


                By: /s/ John Wm. Butler, Jr.
                    John Wm. Butler, Jr.
                    John K. Lyons
                    Ron E. Meisler
                155 North Wacker Drive
                Chicago, Illinois  60606

                – and –

                Four Times Square
                New York, New York  10036

                Attorneys for DPH Holdings Corp., et al.,
                  Reorganized Debtors