**Hearing Date:  December 16, 2010**
          **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | | |

        REORGANIZED DEBTORS' STATEMENT OF DISPUTED
    ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE
           EXPENSE CLAIM NUMBER 19571
                (JOE N. SWAN)

      ("STATEMENT OF DISPUTED ISSUES – JOE N. SWAN")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19571 (the "Statement Of Disputed Issues") filed by the Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association (the "Association") on behalf of Joe N. Swan (the "Claimant") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.      On August 13, 2009, the Association, on behalf of the Claimant, filed proof of administrative expense claim number 19571 (the "Claim") against DAS LLC. The Claim asserts an unliquidated claim relating to workers' compensation program-related benefits (the "Claim").

3.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to,

2

compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4. On March 19, 2009, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

5. On April 15, 2010, the Association, on behalf of the Claimant, filed the Response of Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association to the Reorganized Debtor's Forty-Sixth Omnibus Claims Objection Claim No. 19571 (Joe N. Swan) (Docket No. 19849) (the "Response").

6. On October 12, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Administrative Expense Claim Number 19571 (Joe N. Swan) (Docket No. 20666), scheduling an evidentiary hearing on the merits of the Claim for December 16, 2010, at 10:00 a.m. (prevailing Eastern time) in this Court.

<u>Disputed Issues</u>

A.    <u>The Liabilities Asserted In The Claim Are Subject To Reimbursement By ACE American Insurance Company</u>

       7.    The Reorganized Debtors have reviewed the Claim and the Response and have determined that, upon transfer of the Reorganized Debtors' right to receive certain insurance proceeds to the Association, the Claim should be disallowed and expunged in its entirety.

       8.    Under the Reorganized Debtors' insurance policy (the "Policy") issued by ACE American Insurance Company ("ACE"), there is a single-claim cap of $500,000.00 (the "Cap").  Pursuant to the Policy, any workers' compensation obligations arising under Mississippi law in excess of the Cap are subject to reimbursement by ACE.  In connection with its reconciliation and liquidation of the Debtors' workers' compensation obligations, the Association retained Gould & Lamb, which provides actuarial services including Medicare secondary payer compliance and future medical cost projections.  Upon review of Mr. Swan's workers' compensation claim, Gould & Lamb has determined that the Debtors' projected liability for medical costs set forth in the Claim is $2,599,763.50, which the Reorganized Debtors believe to be a conservative estimate.

       9.    The Reorganized Debtors have already made payments to Mr. Swan on account of his workers' compensation claim in the amount of the Cap.  Thus, all future workers' compensation payments to the Claimant will be subject to reimbursement under the Policy.  Because the Reorganized Debtors are currently in the process of winding-down, as required by the Modified Plan, it is not feasible for the Reorganized Debtors to continue to make payments to the Claimant directly, only to later be reimbursed by ACE.  Rather, the Reorganized Debtors propose to transfer their rights under the Policy to the Association—as coliable guarantor of the Reorganized Debtors' workers' compensation obligations to the Claimant—such that the

4


Association will assume full responsibility for future payments to the Claimant and will be entitled to reimbursement for such payments under the Policy.

## Reservation Of Rights

10.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
October 19, 2010

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                        & FLOM LLP

                                    By: /s/ John Wm. Butler, Jr.
                                        John Wm. Butler, Jr.
                                        John K. Lyons
                                        Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois  60606

                                    – and –

                                    Four Times Square
                                    New York, New York  10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                       Reorganized Debtors