Neil A. Goteiner (NG 1644)  
Dean M. Gloster, *Pro Hac Vice*  
FARELLA BRAUN + MARTEL LLP  
235 Montgomery Street, 17th Floor  
San Francisco, CA  94104  
Telephone:  (415) 954-4400  
Facsimile:  (415) 954-4480  

Hearing Date:  October 21, 2010 at 10:00 a.m.

Attorneys for OFFICIAL COMMITTEE OF  
ELIGIBLE SALARIED RETIREES

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x  
           In re:  

DPH HOLDINGS CORP., et al.,  

           Reorganized Debtors.  
---------------------------------------------------x

Chapter 11  

Case No. 05-44481 (RDD)  

(Jointly Administered)

### DECLARATION OF DEAN GLOSTER IN SUPPORT OF SUPPLEMENTAL RESPONSE TO LIMITED OBJECTION BY VEBA COMMITTEE

I, Dean M. Gloster, hereby declare:

1.    I am a partner at the law firm of Farella Braun + Martel LLP, and have served in this matter as the attorney for the Official Committee of Eligible Salaried Retirees appointed by this Court under Bankruptcy Code Section 1114.  (The "Salaried Retiree 1114 Committee.")  Except as otherwise specifically stated below, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2.    On the afternoon of October 5, 2010, after our telephonic conference call with the Court on that date (the "Conference Call") clarifying the Court's intent at the September 24, 2010 hearing, I led a conference call with a quorum of the Official Committee of Salaried

Retirees (the "1114 Committee") and the trustees they had purported to appoint to the board of the DSRA Benefits Trust (the "VEBA"). As requested and directed by the Court on the Conference Call, to avoid confusion over authority and to preserve the status quo pending beneficiary elections under an amended trust agreement, the 1114 Committee on that date retroactively annulled their appointment on September 27, 2010 of additional and replacement trustees to the board of the VEBA and the reconstituted VEBA board disbanded, and both agreed that the trustee appointments on September 27, 2010 were to be treated as a legal nullity from the outset, as the Court requested or directed in the Conference Call. The 1114 Committee met by phone the following day and confirmed their agreement to that rescission and annulment.

      3.      In the afternoon of October 5, 2010, I sent proposed text of a letter to vendors to the VEBA to counsel for the VEBA, Ms. Beaty and Mr. Brock, to dispel any confusion over the authority of the pre-existing VEBA board of trustees (the "VEBA Board"). After obtaining those counsel's extensive input, edits and suggestions, on Monday October 11, 2010, I sent the letter, a true and correct copy of which is attached as Exhibit A, confirming the current VEBA Board's authority to act on behalf of the VEBA, to Marsh USA, the VEBA's third party administrator, and to the attorney for the VEBA's insurance broker.

      4.      Ms. Beaty, counsel for the VEBA Board, stated that she would draft any amendment to the Trust Agreement providing for beneficiary voting. In an effort to reach agreement between the 1114 Committee and the VEBA board on mutually agreeable amendments to the VEBA trust agreement and after getting input from the 1114 Committee, on October 8, 2010, I sent the email attached as Exhibit B to this Declaration. It requested that the following issues be addressed in any amendment. The amendment should (A) prohibit the trustees from making the provisions irrelevant by simply amending the voting provisions in the

2

future; (B) include a meaningful near-term opportunity for beneficiaries to elect a majority of the board, as the Court requested, instead of a schedule that was "super staggered" to prevent a change in control; (C) set the board at a fixed size and include an open nomination process; and (D) prevent subversion of the voting process by the board's retaining unfettered discretion to remove newly elected members (which it has used before). I asked her to call me about the trust amendments, but did not receive a call from her until late on October 18, 2010, stating in a telephone message that she had prepared the trust agreement amendment and would be sending it that evening.

     5.    The evening of October 18, 2010 I received for the first time the proposed draft amendments to the Trust Agreement and Bylaws from Ms. Beaty, a true and correct copy of which is attached as Exhibit C. Under those proposed amendments, none of the current trustees would be up for election in 2011; simply a vacant seat would be filled. Nor was there any limit on the existing board's discretionary right simply to remove the newly elected trustee. All the current trustees would be guarantied terms until mid-2012, insuring them 20 months of additional service before any potential replacement of three of them, and the other three would be only voted on in 2013 and 2014. The staggered elections proposed provided that it would take four years of successive elections to replace the board: 2011, 2012, 2013 and 2014. In addition, those terms and the election schedule and eligibility to serve could be modified at any time at the discretion of the trustees, who could also extend their terms by amendment, making the voting provisions only temporary. At no time was a majority up for election, so the remaining trustees could simply remove anyone elected in any election who is not one of the existing VEBA board members. Contrary to Ms. Beaty's offer, made before the prior hearing, there were not even term limits for any trustees in the agreement.

6.  Late at night and early in the morning of October 18 and 19, 2010, I sent the emails and exemplar trust agreement provisions (from a draft trust agreement to be used for a retiree VEBA in another bankruptcy case), true and correct copies of which are attached as Exhibit D, highlighting the concerns of the 1114 Committee, including that the new voting provisions are meaningless, because terms can be changed at the trustee's discretion.

7.  On October 19, 2010 I initiated two lengthy discussions with Ms. Beaty, counsel for the VEBA Board. After reluctance on some provisions, we reached general agreement on several changes, but not to any even modest change to the proposed four-year staging of trustee elections or to limit the remaining board members' power to remove any newly elected trustee.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief and that this Declaration was executed in San Francisco, California on October 19, 2010.

/s/ *Dean M. Gloster*
Dean M. Gloster