# EXHIBIT B

| | |
|---|---|
| **From:** | Gloster, Dean (19) x4472 |
| **Sent:** | Friday, October 08, 2010 10:46 AM |
| **To:** | 'pbeaty@kdlegal.com' |
| **Cc:** | 'Timothy T. Brock' |
| **Subject:** | Amendments to trust agreement to require beneficiary voting to select trustees |

Patricia--

Following our exchange of emails and the Court's direction that our respective clients are to try to reach agreement on the amendments to the trust agreement to be adopted by the VEBA Committee, here is some input and some suggestions from the 1114 Committee for your consideration.  Please give me a call to discuss.

Critical issue:  The provision calling for beneficiary election of trustees is meaningless if it can be amended by the trustees without a beneficiary vote.  So amendments to the voting provisions should require a vote by beneficiaries, not just an amendment by the trustees.  The board probably shouldn't be able to simply remove elected trustees without specified cause, which would make the elections irrelevant.

Board Size and Eligibility:  Elections are of limited use if the board just reduces its size to keep candidates off or excludes candidates by adopting eligibility criteria for the open seats that aren't met by anyone but a hand-picked successor.  So please consider a specific size of the board, provisions that allow anyone to run, and an open nomination process.  (e.g. anyone wishing to run submits a one-page statement to person X, perhaps the third-party administrator, by date Y.)  For fairness, it would be nice to have such an open and transparent process, but I'm happy to talk to you if you believe some kind of prohibition would be better than just having the VEBA Committee sue a number of people using trust assets (as has been threatened), if one motivation for doing that would be to create a conflict of interest so those people cannot serve on the board.  (It would be nice to reduce, not expand, future legal bills.)

Direction from the Court:  The Court stated staggered terms would be fine to preserve continuity, but that the terms should not be super staggered to prevent a change in control.  If people served for alternating 2 year terms (just over half up one year; just under half up the next) that would seem to be responsive to the Court's concerns.  The Court suggested that notice of any change to the trust agreement (and to the trustees) should be sent to the beneficiaries.  The current benefit roll out for next year should probably be the priority focus now, but prompt elections in 2011 would match the Court's direction that beneficiaries should have a say in the make up of the board of trustees.

One approach:  Just for your consideration (there are lots of different reasonable ways to do this) one approach would be to have nominees provide a one-page statement of candidacy to the third party administrator by a deadline, who (as long as they weren't in its determination defamatory or actionable) would include them all in a mailing to all beneficiaries.  Votes could be sent to the same third party administrator.

Again, as we've exchanged by email, it is not the 1114 Committee amending the trust agreement, it's the VEBA Committee, and I look forward to your draft.  These suggestions are provided only to help move the process along non-contentiously and in furtherance of the Court's directive that our two clients should try to reach agreement on your changes to the Trust Agreement to provide for meaningful beneficiary voting on the election of future trustees.  Again, please give me a call.

**Dean M. Gloster**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET

SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4472
F 415.954.4480
www.fbm.com