CLARK HILL PLC  
151 S. Old Woodward Avenue, Suite 200  
Birmingham, Michigan 48009  
Robert D. Gordon  
*pro hac vice admission*  
Christopher M. Cahill  
*pro hac vice admission*  
ccahill@clarkhill.com  
(248) 988-5878  

Hearing Date:  02/17/11 at 10:00 a.m. (ET)  
Response Deadline:  02/3/11 at 4:00 p.m. (ET)  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, ) | Case No. 05-44481 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____/ ) | Honorable Robert D. Drain |

**MOTION AND BRIEF OF DEFENDANT FOR**  
**RELIEF FROM FOURTH ORDER EXTENDING TIME TO SERVE COMPLAINT**

ATS Automation Tooling Systems Inc. (the "**Defendant**"), defendant in the above-captioned adversary proceeding (the "**Adversary Proceeding**")[1] in the above-captioned chapter 11 cases (the "**Cases**"), presents this motion (the "**Motion**") for relief from the *Order Pursuant to Fed. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed In Connection with Preservation of Estate Claims Procedures Order* (Docket No. 18999) (the "**Fourth Extension Order**").  In support hereof, the Defendant states as follows:

---

[1] By order of the court dated September 7, 2010 (the "**Dismissal Order**"), the complaint that initiated the Adversary Proceeding (the "**Complaint**") has been dismissed without prejudice to Plaintiffs moving for leave to file an amended complaint.  The Plaintiffs have filed such motion, and proposed a complaint with the same docket number but a modified caption.  For convenience, the Motion uses the caption from the dismissed adversary proceeding, which matches the caption used in all prior motion practice in the Adversary Proceeding.

6770348.1 25743/103154

**Preliminary Statement**

As described in the Defendant's *Motion and Brief of Defendant to (A) Vacate Certain Orders of this Court, and (B) Dismiss the Complaint with Prejudice, or (c) In the Alternative, to Dismiss the Claims Against Certain Defendants Named in the Complaint* (Docket No. 20088) (the "**Motion to Dismiss**") and in those certain motions to dismiss and replies in support thereof (which include the Motion to Dismiss and the reply filed in support thereof) filed in the Cases that have been identified in the Dismissal Order as the "First Wave Dismissal Motions," the Debtors filed the Complaint (and like complaints) under seal in 2007, and through the four Service Extension Motions successfully sought Court approval of four Service Extension Orders in order to extend the time in which Plaintiffs could serve such complaints for approximately 2 years beyond the expiration of the applicable limitations period plus the additional 120-day service period provided by Rule 4(m) of the Federal Rules of Civil Procedure (the "**Civil Rules**").

The Motion to Dismiss is pending. Therein, Defendant sought, among other things, relief from the Service Extension Orders as interlocutory orders, pursuant to Rule 7054(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), which incorporates Civil Rule 54(b), as well as relief from the same orders as final orders, pursuant to Bankruptcy Rule 9024, which incorporates Civil Rule 60(b). The present Motion is intended to preserve Defendant's rights to seek relief from the Fourth Extension Order on the additional or alternative grounds asserted herein, to the extent such grounds have not been asserted in the Motion to Dismiss or reply in support thereof, or in any of the other First Wave Motions to Dismiss and replies in support thereof in which Defendant has joined. Further, this Motion is made without prejudice to Defendants' right and intention to file an Opposition to Plaintiffs' pending Motion for Leave to Amend, together with all arguments which are appropriately made in that Opposition.

**Jurisdiction, Venue, and Statutory Bases**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein is Bankruptcy Rule 9024, which incorporates Civil Rule 60(b)(1).

**Background**

3. On October 8 and 14, 2005 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. The Cases are being jointly administered by order of the Court.

4. In recognition that the end of the limitations period for avoidance actions was approaching, and in anticipation of the confirmation of the First Plan (as defined below), on August 6, 2007, the Debtors filed the First Extension Motion.[2] On August 17, 2007, the Court entered the order granting the relief requested by the Debtors (Docket No. 9105) (the "**First Extension Order**") which, among other things, (a) permitted the filing of adversary complaints (including the Complaint) under seal, (b) directed the Clerk of Court to delay issuing summonses unless and until the Debtors notify same of their intent to prosecute such actions, (c) stayed each such adversary proceeding unless and until Debtors served process on such defendants, and (d) extended the date by which Debtors would have to serve process — which is otherwise set by Civil Rule 4(m) as incorporated by Bankruptcy Rule 7004(m) -- to March 31, 2008. The First

---

[2] *Expedited Motion for Order Under 11 U.S.C. §§ 102(A), 105(a), 107, 108(a)(2), and 546(a) and Fed.R.Bankr.P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations With Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action That Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced under 11 U.S.C. § 541, 544, 545, 547, 548, or 553* (Docket No. 8905).

Extension Motion did not identify any specific defendants who would be subject to the complaints to be filed under seal.

5. On September 28, 2007, the Debtors filed the Complaint under seal. The Defendant had no knowledge of this event until late March, 2010, as evidenced by the declaration of Defendant attached as Exhibit B to the Motion to Dismiss. Since the Complaint was filed under seal, no amount of due diligence could have uncovered the existence of the Complaint until it was unsealed in March, 2010.

6. On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "**First Plan**") and related disclosure statement on December 10, 2007. The First Plan was confirmed on January 25, 2008.

7. After confirmation of the First Plan, on February 28, 2008, the Debtors filed the Second Extension Motion.[3] On March 28, 2008, the Court entered the order granting the relief requested by the Debtors (Docket No. 13277) (the "**Second Extension Order**"), which extended the deadline by which the Debtors were to serve the summonses and complaints in the sealed adversary proceedings to May 31, 2008. Like its predecessor service extension motion, the Second Extension Motion did not identify the defendants who were the subject of the sealed complaints.

8. The premises and rationales upon which the Debtors based the relief sought in the First Extension Motion included:

> (a) that "the proposed treatment of claims under [the anticipated] reorganization plan would generally provide that all claims be paid or satisfied in full through distributions of cash, common stock, or both. Accordingly, avoiding preferential transfers would provide no benefit to the Debtors' estates because any party

---

[3] *Motion Pursuant to Fed.R.Bankr.P. 7004(a) and 9006(b)(1) and Fed.R.Civ.P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedures Order* (Docket No. 12922)

returning such a transfer would be entitled to a claim for the same amount, to be paid in full under such a plan" (¶ 13);

(b) the actions must be preserved "as a precautionary measure" even though "the Debtors do not intend to pursue avoidance actions in light of their anticipated reorganization (¶ 15);

(c) the proposed procedures "are designed to permit the Debtors to preserve these claims while otherwise maintaining the status quo among all parties in interest" and the "causes of action would remain dormant and become relevant again only in the unlikely event that the Debtors do not timely emerge from chapter 11" (¶ 16); and

(d) the need to avoid disruption of "the plan process or the Debtors' existing business relationships that are necessary to the Debtors' ongoing operations" (¶ 18).

9. Prior to the Debtors seeking further extensions of the deadline by which to serve the sealed complaints, the investors in the First Plan failed to participate in a closing and fulfill their obligations under the First Plan. *See* Fourth Extension Motion, at paragraph 15.

10. On April 10, 2008, the Debtors filed the Third Extension Motion,[4] which sought to extend the relief given in the First and Second Extension Orders -- which orders had been premised upon the now defunct First Plan – for an indefinite period. On April 30, 2008, the Court entered the order granting the relief requested by the Debtors (Docket No. 13484) (the "**Third Extension Order**"), which extended the deadline by which the Debtors were to serve the summonses and complaints in the sealed adversary proceedings to 30 days after substantial consummation of the First Plan or any modified plan.

11. On June 1, 2009, the Debtors filed a motion to supplement the First Plan, and such supplemented and otherwise further modified plan (Docket No. 18707) (the "**Modified Plan**") was approved by the Court on June 30, 2009. The Modified Plan provided for certain

---

[4] *Motion Pursuant to Fed.R. Bankr. P. 7004(a) and 9006(b)(1) and Fed.R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (Docket No. 13361) (the "**Third Extension Motion**"),

transactions, including a sale of substantially all of the Debtors' assets, that would result, as the Debtors described it at paragraph 12 of their Fourth Extension Motion, in "a potential distribution to holders of general unsecured claims." The proceeds of the sale of the Debtors assets were insufficient to satisfy the secured claims against the Debtors, and no cash distribution to unsecured creditors is provided in the Modified Plan. The Modified Plan was substantially consummated in early October, 2009.[5] That the situation of creditors had diminished dramatically from the anticipated outcome of the First Plan to the actual outcome of the Modified Plan is an understatement.

12. On October 2, 2009, the Debtors filed the Fourth Extension Motion.[6] On October 22, 2009, the Court entered the Fourth Extension Order (collectively with the First, Second, and Third Extension Orders, the "**Service Extension Orders**"), which extended even further the deadline to serve the summons and sealed adversary complaints to 180 days after substantial consummation of the Modified Plan. The Third Extension Motion did not identify the defendants subject to the relief it sought.

13. In the Fourth Extension Motion, the Debtors ***did not*** advance the following premises and rationales for the relief requested that were advanced in the First Extension Motion: that unsecured claims were likely to be paid in full under an anticipated plan and therefore pursuit of avoidance actions would likely be pointless, that the actions needed to be preserved "as a precautionary measure" in the event an anticipated plan did not in fact succeed, that the relief

---

[5] Through this process, the Debtors had become "reorganized" Debtors. Notwithstanding any changes in identity or status, for the purposes of this Motion the Plaintiffs, the reorganized Debtors, and the Debtors shall be referred to as the "Debtors" or the "Plaintiffs."

[6] *Supplemental Motion Pursuant to Fed. Bankr. R. 7004(a) and 9006(b)(1) And Fed. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservations of Estate Claims Procedures Order*, (Docket No. 18952) (the "**Fourth Extension Motion**" and, collectively with the First, Second, and Third Extension Motions, the "**Service Extension Motions**").

would help maintain the status quo among all parties in interest, that the relief was needed in order to avoid disruption of "the plan process or the Debtors' existing business relationships that are necessary to the Debtors' ongoing operations." Such premises and rationales that may have made sense in respect of the First Plan had no applicability in respect of the Modified Plan.

14.     The premises and rationales for the Fourth Extension motion included:

(a) the complex nature of the transactions set forth in the Modified Plan required that significant time and resources be devoted to effectuating them (¶17);

(b) the Modified Plan lists more causes of action than were originally retained under the First Plan, including 177 listed avoidance actions (of which the Adversary Proceeding is one) (¶ 17)

(c) the Debtors do not believe that they will have adequate time to evaluate each retained avoidance action before the expiration of the service extension afforded by the Third Extension Order (¶ 17); and

(d) the unnecessary costs of service and prosecution of actions against defendants that the Debtors may, given more time, determine need not be pursued (¶ 18).

15.     The Plaintiffs unsealed and served the Complaint at some point in March, 2010.

## Relief Requested

16.     Defendant seeks entry of an order voiding of the Fourth Extension Order (a) because such order was entered in error and (b) because, pursuant to Civil Rule 60(b)(1), Defendant should be excused from its failure to challenge entry of such order prior to its entry or to appeal timely the entry of such order. The relief requested is subject to the qualifications set forth in the Preliminary Statement above.

**Entry of the Fourth Extension Order was Error Because Based Upon "Morphed" Rationale**

17.     The Service Extension Orders, in relevant part, authorized the extension of the time to serve the Complaint pursuant to Civil Rule 4(m). Civil Rule 4(m) is incorporated into the Bankruptcy Rules by Bankruptcy Rule 7004(a)(1) and provides that, "If a defendant is not served

within 120 days after the complaint is filed the court – on motion or in its own after notice to the plaintiff -- must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m) (2010).

18.     The Service Extension Motions recited Rule 4(m) and purported to present good cause for the extensions requested. The 120th day after the Complaint was filed was January 27, 2008. As noted above, the first three Service Extension Orders collectively authorized the extension of the service deadline from January 27, 2008 to 30 days after consummation of a modified plan. Consummation of the Modified Plan occurred on October 6, 2009. On October 22, 2009, the Court entered the Fourth Extension Order, which authorized the extension of the deadline to serve to 180 days after consummation of the Modified Pan, or to April 16, 2010.

19.     Federal courts of appeal have concluded that trial courts may revoke a previously granted Rule 4(m) extension where such court determines that the extension was inappropriate:

> [Rule 4(m)] does not address the authority of a district court that has granted [] an extension to revoke it if it subsequently determines that good cause has not been shown. We discern no reason why a district court should not be able to do so . . . If a district court concludes that good cause had not been shown, it is within its discretion to vacate its prior extension of time for effecting service that was based upon that erroneous foundation.

*McCrae v. KLLM Inc.* 89 Fed. Appx. 361, 363 (3d Cir. 2004).

20.     In *Global Crossing Estate Representative v. Alta Partners Holdings LDC (In re Global Crossing, Ltd)*, 385 B.R. 52 (Bankr. S.D.N.Y. 2008), the Court found that it was inappropriate to enforce a prior order in the case which had extended the time to serve under Rule 4(m) because such order was based upon different reasons than its predecessor service extension

orders. The same error was committed in the Cases, because the First Extension Order is based upon categorically distinct premises than the Fourth Extension Order.

21. In *Global Crossing*, the plaintiff Estate Representative sought and obtained successive orders extending the time to serve complaints. *Id.* at 57. The order the Court ultimately overturned was that which extended the Estate Representative's time to serve unnamed and unidentified defendants (including the "Dividend Recipients") beyond the time the Estate Representative originally had to serve the original defendant EquiServe. *Id.* The Dividend Recipients asked the Court to vacate (or at least regard as ineffective for statute of limitations purposes) such order. The Court remarked that:

> As counsel for one of the Dividend Recipients pointed out, the first extension motion sought a Rule 4(m) extension for a very specific purpose--to complete service on approximately 455 complaints that could not yet be effected. It "morphed" into an undertaking for a quite different purpose, to address EquiServe's conduit defense and to "identify, locate and then serve all new defendants."

*Id.* at 84-85.

22. The Court concluded that the first Rule 4(m) order was appropriately entered for the purposes for which it was sought, but "had neither the purpose nor effect of extending the statute of limitations for claims against then-unnamed and unidentified Dividend Recipients." *Id.* at 77.

23. The Court ruled that:

> that the purpose and effect of the first Rule 4(m) order was to address the needs that had been articulated in the first Rule 4(m) motion, all of which were variants of a common theme--difficulties in effecting service. The Court did not then have occasion to consider, and did not consider, the extent, if any, to which Rule 4(m) could be used to address different needs, such as the ones now before the Court. Addressing such different needs was not the purpose of the first Rule 4(m) order. Nor should (or does) the Court rule that it nevertheless had that effect.

*Id.* at 84.

24. The Court reflected that a contrary ruling would raise serious separation of powers concerns "because it would enable a court to subvert the legislatively declared policies of finality and repose underlying the statutes of limitations solely on the basis of a plaintiff's ex parte submission." *Id*. at 89, n. 116..

25. As described above, the First Extension Motion and the Fourth Extension Motion were filed in starkly different contexts and based upon categorically distinct rationales. As in *Global Crossing*, here the rationales "morphed."

26. The First Extension Order, hence, was based upon a rich First Plan, and (in brief) the needs of the Debtors to preserve the actions "as a precautionary measure" even though the First Plan would likely obviate the need to pursue them, and to avoid disruption of the plan [propoundment, solicitation, and confirmation] process and ongoing business relationships with potential defendants.

27. The Fourth Extension Order had nothing to do with any such plan process or the maintenance of any valuable business relationships, and was not justified "as a precautionary measure" against the unlikelihood that such actions would be pursued. The Fourth Extension Order was premised upon the needs of the Debtors (given limited resources and time) with respect to a complex set of plan effectuation transactions, and with respect to pursuit of the now larger number of allegedly retained avoidance actions. These facts and circumstances did not exist when the Debtors' Modified Plan was confirmed. Thus, even if the Debtors' motion to preserve the estate claims (the avoidance actions) and the Service Extension Motions were somehow adequate,

the new circumstances outlined in the Fourth Extension Motion were clearly a surprise if there ever was one, of which reasonable notice to the Defendant was not provided.

28.  The holding in *Global Crossings* applies squarely to entry of the Fourth Extension Order.  Because it was based upon different premises and reasons than the First Extension Order, it was error for the Court to have approved the Fourth Extension Order and error for the Court to apply it to extend the time to serve beyond the time limits set by the Third Extension Order, which elapsed in early November, 2009.

**Defendant is Entitled to Relief From the Fourth Extension Order Pursuant to Rule 60(b)(1)**

29.  The Defendant did not object to the Fourth Extension Motion.  As with all the other Service Extension Motions, neither Defendant nor any other defendants appeared or objected (as detailed in the Motion to Dismiss).  If the Fourth Extension Order were appealable, the time for appeal has long passed.  The Defendant seeks relief from the erroneously entered Fourth Extension Order pursuant to Rule 60(b)(1).

30.  Rule 60(b)(1) provides that:

> On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect[.]"

Fed. R. Civ. P. 60(b)(1) (2010).

31.  A motion seeking relief under Rule 60(b)(1) must be made "no more than a year after entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1)  This Motion having been filed within one year after the date of entry of the Fourth Extension Order, it is timely filed.

32.  A motion under Rule 60(b) is addressed to the sound discretion of the court.  *Velez v. Vassallo,* 203 F. Supp. 2d 312, 333 (D.D.N.Y. 2002).  Rule 60(b) provides an opportunity for

courts to balance fairness considerations in a case against the policy favoring the finality of judgments. *Kotlicky v. Unites States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

33. Defendant has presented highly convincing evidence that the reasons the Defendant did not object to the Fourth Extension Motion or appeal the Fourth Extension Order were mistake, inadvertence, and surprise – a condition created intentionally by the Plaintiffs for reasons set forth in the Extension Motions.

34. From the time they filed the Complaint and other avoidance complaints in 2007 until they unsealed them in 2010, the Debtors sought to suppress knowledge of the identity of the Defendant and other defendants – especially from the Defendant and other defendants. As indicated by the Defendant in Exhibit B to the Motion to Dismiss, the unsealing of the Complaint and the service of same in 2010 came as a complete surprise to Defendant. Had Defendant known that it was a defendant, Defendant would have contested timely the Fourth Extension Motion. The Debtors' suppression project had succeeded as designed.

35. As argued in the Motion to Dismiss and the reply filed in support thereof, there were *no responses or objections to any* of the Service Extension Motions, even though each such motion proposed to affect the substantial rights of hundreds of defendants in adversary proceedings seeking to avoid and recover an aggregate amount of at least several hundred million dollars. There were no discouraging words heard at any of the hearings on the Service Extension Motions – because the affected parties were absent by design. The fact that neither the Defendant nor *any* of the other hundreds of defendants in the sealed adversary proceedings objected to *any* of the Service Extension Orders – even in view of the extreme length of the extensions sought and granted – validates the Plaintiff's success at suppressing knowledge by Defendant and the other defendants that their interests were at stake in the filing of the Fourth Extension Motion.

36. Because it was shielded from knowledge of its status as a defendant subject to the effect of the Fourth Extension Order, Defendant is entitled to Rule 60(b)(1) relief from such order on the grounds of mistake, inadvertence, and surprise.

37. Because the Fourth Extension Order was entered in error, it should thus be voided or, like the extension order at issue in *Global Crossings*, rendered ineffectual, following the holding of *Global Crossing* discussed above.

### Memorandum of Law

38. Since the legal points and authorities upon which this Motion relies are incorporated herein, the Defendant respectfully requests that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

### Conclusion

39. For the reasons set forth herein, the Fourth Extension Order should be vacated or set aside and the Complaint should be dismissed with prejudice.

           CLARK HILL PLC

           */s/ Christopher M. Cahill*
           Robert D. Gordon (*pro hac vice*)
           Christopher M. Cahill (*pro hac vice*)
           151 South Old Woodward Avenue, Suite 200
           Birmingham, Michigan 48009
           (313) 965-8300

           Attorneys for ATS Automation Tooling Systems Inc.

Dated: October 22, 2010

6770348.1 25743/103154

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2010, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I further certify that on the 22nd day of October, 2010, a copy of the foregoing was mailed by first-class U.S. Mail on the following:

| DPH Holdings Corp.<br>Attn: John Brooks<br>5725 Delphi Drive<br>Troy, Michigan 48098 | Butzel Long<br>Attn: Cynthia J. Haffey<br>150 W. Jefferson Avenue<br>Suite 100<br>Detroit, Michigan 48226 |
|---|---|
| Butzel Long<br>Attn: Eric Fisher<br>380 Madison Avenue, 22nd Floor<br>New York, New York 10017 | Latham & Watkins<br>Attn: Mark A. Broude/Robert J. Rosenberg<br>885 Third Avenue<br>New York, New York 10022 |
| Warner Stevens, L.L.P.<br>Attn: Michael D. Warner<br>301 Commerce Street<br>Suite 1700<br>Fort Worth, Texas 75102 | Office of the U.S. Trustee<br>Attn: Alicia M. Leonhard, Trace Hope Davis and Brian Masumoto<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |

I further certify that on the 22nd day of October, 2010, a copy of the foregoing was sent via Federal Express overnight mail upon the Honorable Robert D. Drain, U.S. Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140.

*/s/ Christopher M. Cahill*
Christopher M. Cahill
Clark Hill PLC