SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
    In re                                      :    Chapter 11
                                               :
DPH HOLDINGS CORP., et al.,                    :    Case No. 05-44481 (RDD)
                                               :
           Reorganized Debtors.                :    (Jointly Administered)
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, THE EDS PARTIES AND THE HP PARTIES PROVIDING
HEWLETT-PACKARD COMPANY AN ALLOWED GENERAL
UNSECURED NON-PRIORITY CLAIM PURSUANT TO 11 U.S.C. § 502(h)

DPH Holdings Corp. and certain of its affiliate reorganized debtors in the above-

captioned cases (collectively, the "Reorganized Debtors"), HP Enterprise Services, LLC, HP

Enterprise Services UK Ltd, Hewlett-Packard (Canada) Co. (collectively, the "EDS Parties"),

and Hewlett-Packard Company, Hewlett-Packard Financial Services Company and Hewlett-Packard Mexico, S. de R.L. de C.V. (collectively, the "HP Parties") (the EDS Parties and HP Parties are collectively referred to herein as the "Defendants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, The EDS Parties And The HP Parties Providing Hewlett-Packard Company An Allowed General Unsecured Non-Priority Claim Pursuant To 11. U.S.C. § 502(h) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S. C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, certain of the Defendants filed proofs of claim in the Debtors' bankruptcy proceedings, including proofs of claim numbered 12678, 9352, and 10683 (collectively, the "Proofs of Claim").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6.

WHEREAS, pursuant to section 7.19 of the Modified Plan, the Reorganized Debtors in their sole and absolute discretion retained the right to pursue the claims and causes of the action asserted in the Complaints (as defined below) and to settle, release or compromise such claims and causes of action without further approval of this Court.

WHEREAS, on September 26, 2007, the Reorganized Debtors commenced adversary proceedings (the "Adversary Proceedings") by filing complaints ("the Complaints") to avoid and recover certain amounts (the "Transfers") from the Defendants.

WHEREAS, the Reorganized Debtors and the Defendants entered into a settlement agreement dated as of October 11, 2010 (the "Settlement Agreement") to resolve the Adversary Proceedings with respect to the alleged Transfers, pursuant to which the Reorganized Debtors and the Defendants agreed *inter alia* that: (i) the Reorganized Debtors would withdraw any and all pending objections with respect to the Proofs of Claim; (ii) to the extent not previously allowed, the Reorganized Debtors would allow the Proofs of Claim in accordance with the terms of the Modified Plan; and (iii) the Reorganized Debtors would allow Hewlett-Packard Company to receive, pursuant to 11 U.S.C. §502(h), an additional allowed general unsecured non-priority claim against Delphi Automotive Systems LLC in Case No. 05-44640 in accordance with the terms of the Modified Plan in the amount set forth in the Settlement Agreement.

NOW, THEREFORE, the Reorganized Debtors and the Defendants stipulate and agree as follows:

1. Any and all claims objections with respect to the Proofs of Claim are hereby withdrawn with prejudice and, to the extent not previously allowed, the Proofs of Claim are allowed as follows:

   a. Claim No. 12678, is allowed as an unsecured non-priority claim in the amount of $11,678,813.95 against DAS LLC in Case No. 05-44640, and in the amount of $4,999,999.93 against Delphi in Case No. 05-44481.

   b. Claim No. 9352, is allowed as an unsecured non-priority claim in the amount of $4,921,104.00 against DAS LLC in Case No. 05-44640.

   c. Claim No. 10683 is allowed as an unsecured non-priority claim in the amount of $166,642.02 against DAS LLC in Case No. 05-44640.

2. Pursuant to 11 U.S.C. § 502(h), the Hewlett-Packard Company shall receive an additional allowed general unsecured non-priority claim against DAS LLC in Case No. 05-44640 in accordance with the terms of the Modified Plan in the amount set forth in the Settlement Agreement.

3. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this ___ day of October, 2010.

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ John K. Lyons  
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606

-and-

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings, Corp., et al.,
 Reorganized Debtors

/s/ Lisa M. Schweitzer
Lisa M. Schweitzer
CLEARY GOTTLIEB
 STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006

Attorneys for EDS Parties and the HP Parties

5