SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND GREYWOLF CAPITAL MANAGEMENT LP
COMPROMISING AND ALLOWING PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 19001

(GREYWOLF CAPITAL MANAGEMENT LP)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Greywolf Capital Management LP ("Greywolf") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Greywolf Capital Management LP Compromising And Allowing Proof Of Administrative Expense Claim Number 19001 (Greywolf Capital Management LP) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 15, 2009, Greywolf filed proof of administrative expense claim number 19001 against Delphi, which asserts an administrative expense claim in the amount of $289,909.03 (the "Claim") stemming from professional fees and expenses owed in connection with postpetition financing provided to the Debtors.

WHEREAS, on September 23, 2009, by letter agreement, the Debtors agreed to reimburse Greywolf in respect of professional fees and expenses of Paul, Weiss, Rifkind, Wharton & Garrison LLP (which were set forth in the Claim) in an amount not to exceed $200,000, and pursuant thereto, Greywolf was reimbursed in the amount of $184,944.70, but the other amounts set forth in the Claim remained pending and unpaid (the "Remaining Claim").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

2

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on April 16, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

WHEREAS, on May 17, 2010, Greywolf filed the Response Of Greywolf Capital Management LP To Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 20146) (the "Response").

WHEREAS, to resolve the Forty-Seventh Omnibus Claims Objection with respect to the Claim, the Reorganized Debtors and Greywolf entered into this Stipulation, pursuant to

3

which the Reorganized Debtors and Greywolf agreed that the Remaining Claim should be allowed as an administrative claim in the amount of $20,000.00 against DPH Holdings Corp.

NOW, THEREFORE, the Reorganized Debtors and Greywolf stipulate and agree as follows:

1. The Remaining Claim shall be allowed in the amount of $20,000.00 and shall be treated as an allowed administrative claim against DPH Holdings Corp. in accordance with the terms of the Modified Plan.

2. The Response is hereby deemed withdrawn with prejudice.

3. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of the Remaining Claim.

4. Allowance of the Remaining Claim in the amount of $20,000.00 is in full satisfaction of all liability with respect to the Remaining Claim, and Greywolf, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, investors, employees, other agents, and any party that can assert a claim against the Reorganized Debtors by or through any of the foregoing parties (collectively, the "Greywolf Releasing Parties"), hereby waives and releases, against each of (i) the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents and (ii) Delphi Automotive LLP and DIP Holdco 3, LLC and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any of their current agents (the parties set forth in 4(i) and 4(ii) collectively, the "Released Parties"), any right regarding the Claim

4

(including, without limitation, the Remaining Claim) and any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim (including, without limitation, the Remaining Claim) or which the Greywolf Releasing Parties have, ever had, or hereafter shall have against the Released Parties based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission.

5.  Each of the Greywolf Releasing Parties hereby waives and releases, against each of General Motors Company and its predecessors, successors, assigns, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents, (collectively, the "GM Released Parties"), any right regarding the Claim (including, without limitation, the Remaining Claim) and any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim (including, without limitation, the Remaining Claim) or which the Greywolf Releasing Parties have, ever had, or hereafter shall have against the GM Released Parties based upon, arising out of, related to the Claim, or by reason of any event, cause, thing, act, statement, or omission related to the Claim.  For the avoidance of doubt, this GM release is not a general release and is limited to the release of the Claim (including, without limitation the Remaining Claim).

6. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 26th day of October, 2010

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Ron E. Meisler                                                      /s/ Marc Abrams
John Wm. Butler, Jr.                                                 Marc Abrams
John K. Lyons                                                            Jessica Etra
Ron E. Meisler                                                           WILLKIE FARR & GALLAGHER
SKADDEN, ARPS, SLATE, MEAGHER          787 Seventh Ave
  & FLOM LLP                                                           New York, NY 10019
155 North Wacker Drive
Chicago, Illinois 60606                                           Attorneys for Greywolf Capital Management LP

- and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

6