SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036


Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :

    In re                                                :        Chapter 11
                                                       :
DPH HOLDINGS CORP., et al.,              :        Case No. 05-44481 (RDD)
                                                       :
              Reorganized Debtors.        :        (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS, TT ELECTRONICS PLC; AB AUTOMOTIVE ELECTRONICS LTD.; AB ELECTRONIC PRODUCTS GROUP LIMITED; AB AUTOMOTIVE INC.; AB INTERCONNECT INC.; BI TECHNOLOGIES CORPORATION; INTERNATIONAL RESISTIVE COMPANY, INC. (AKA INTERNATIONAL RESISTIVE COMPANY WIRE & FILM TECHNOLOGIES DIVISION); INTERNATIONAL RESISTIVE COMPANY OF TEXAS, LP (AKA INTERNATIONAL RESISTIVE COMPANY ADVANCED FILM DIVISION); OPTEK TECHNOLOGY, INC.; WELWYN COMPONENTS LTD.; TPG CREDIT OPPORTUNITIES FUND, L.P.; AND TPG CREDIT OPPORTUNITIES INVESTORS, L.P. (I) COMPROMISING AND ALLOWING PROOFS OF CLAIM NUMBERS 8372, 8878, 9037, AND 16255 AND (II) WITHDRAWING THE PROTECTIVE OBJECTION AND RESERVATION OF RIGHTS OF THE TT GROUP TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND CURE AMOUNTS RELATED THERETO FILED AT DOCKET NUMBER 18430

(TT GROUP)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), TT Electronics PLC ("TT Electronics"; AB Automotive Electronics, Ltd. ("AB Electronics"); AB Electronic Products Group Limited ("AB Products Group"); AB Automotive Inc. ("AB Automotive"); AB Interconnect, Inc.("AB Interconnect"); BI Technologies Corporation ("BI Technologies"); International Resistive Company, Inc. (aka International Resistive Company, Wire & Film Technologies Division) ("IRC Wire"); International Resistive Company Of Texas, LP (aka International Resistive Company, Advanced Film Division ("IRC Film"); Optek Technology, Inc. ("Optek"); Welwyn Components Ltd. ("Welwyn," together with TT Electronics, AB Electronics, AB Products Group, AB Automotive, AB Interconnect, BI Technologies, IRC Film, IRC Wire, and Optek the "TT Group"); TPG Credit Opportunities Fund L.P. ("TPGF"); and TPG Credit Opportunities Investors L.P. ("TPGI") (TPGF and TPGI together referred to as "TPG," and TPG and the TT Group together referred to as the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, TT Electronics PLC; AB Automotive Electronics Ltd.; AB Electronic Products Group Limited; AB Automotive Inc.; AB Interconnect Inc.; BI Technologies Corporation; International Resistive Company, Inc. (aka International Resistive Company Wire & Film Technologies Division); International Resistive Company Of Texas, LP (aka International Resistive Company Advanced Film Division); Optek Technology, Inc.; Welwyn Components Ltd.; TPG Credit Opportunities Fund, L.P.; And TPG Credit Opportunities Investors, L.P. (I) Compromising And Allowing Proofs Of Claim Numbers 8372, 8878, 9037, And 16255 And (II) Withdrawing The Protective Objection And Reservation Of Rights Of The TT Group To The Assumption And Assignment Of Executory Contracts And Cure Amounts Related Thereto Filed At Docket Number 18430 (TT Group) (the "Stipulation")

and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on June 22, 2006, BI Technologies filed proof of claim number 8372 against DAS LLC asserting a (i) priority claim in the amount of $6,210.00 and (ii) general unsecured claim in the amount of $782,418.25 (together, "Claim 8372").

WHEREAS, on June 30, 2006, IRC Wire filed proof of claim number 8878 against DAS LLC asserting a (i) priority claim in the amount of $3,036.28 and (ii) general unsecured claim in the amount of $167,123.34 (together, "Claim 8878").

WHEREAS, on July 5, 2006, Optek filed proof claim number 9037 against DAS LLC asserting a (i) priority claim in the amount of $21,833.87 and (ii) general unsecured claim in the amount of $1,654,378.44 (together, "Claim 9037").

WHEREAS, on August 24, 2006, IRC Film filed proof of claim number 16255 against DAS LLC asserting a (i) priority claim in the amount of $77,693.93 and (ii) general unsecured claim in the amount of $1,820,715.87 (together "Claim 16255" and together with Claim 8372, Claim 8878, and Claim 9037, the "Claims").

WHEREAS, on January 2, 2007, TPGF filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6375) partially transferring $359,912.28 of Claim 8372 from BI Technologies to TPGF.

WHEREAS, on January 3, 2007, TPGI filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6377) partially transferring $422,505.72 of Claim 8372 from BI Technologies to TPGI.

WHEREAS, on January 3, 2007, TPGF filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6386) partially transferring $76,876.74 of Claim 8878 from IRC Wire to TPGF.

WHEREAS, on January 3, 2007, TPGI filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6387) partially transferring $90,246.60 of Claim 8878 from IRC Wire to TPGI.

WHEREAS, on January 3, 2007, TPGF filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6388) partially transferring $837,528.90 of Claim 16255 from IRC Film to TPGF.

WHEREAS, on January 3, 2007, TPGI filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6389) partially transferring $983,186.10 of Claim 16255 from IRC Film to TPGI.

WHEREAS, on January 3, 2007, TPGF filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6391) partially transferring $423,412.24 of Claim 9037 from TT Electronics to TPGF.

WHEREAS, on January 3, 2007, TPGI filed the Notice Of Partial Transfer Of Claim Pursuant To FRBP Rule 3001(e)(2) (Docket No. 6392) partially transferring $497,049.16 of Claim 9037 from TT Electronics to TPGI.

WHEREAS, on April 27, 2007, the Debtors objected to Claim 8878 and Claim 16255 pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11

U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification, Tax Claims Subject To Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 22, 2007, the Debtors objected to Claim 8372 pursuant to the Debtors' Fifteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims And Untimely Tax Claim, And (D) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation (Docket No. 7999) (the "Fifteenth Omnibus Claims Objection").

WHEREAS, on June 6, 2007: (A) Claim 8878 was modified to a (i) priority claim in the amount of $1,320.21 and (ii) general unsecured non-priority claim in the amount of $158,918.44 against DAS LLC; and (B) Claim 16255 was modified to a (i) priority claim in the amount of $77,693.93 and (ii) general unsecured non-priority claim in the amount of $1,813,301.97 against DAS LLC pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records, (C) Protective Insurance Claims, (D) Insurance Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims And Untimely Tax Claims, And (F) Claims Subject To Modification And Reclamation Agreement Identified In Thirteenth Omnibus Claims Objection (Docket No. 8194) (the "Thirteenth Omnibus Claims Objection Order").

WHEREAS, on June 19, 2007, BI Technologies filed the Response And Objection Of BI Technologies Corporation To Debtors' Fifteenth Omnibus Claims Objection (Substantive) Regarding Claim No. 8372 (Docket No. 8323) (the "First Response").

WHEREAS, on August 24, 2007, the Debtors objected to Claim 9037 pursuant to the Debtors' Twentieth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate And Amended Claims, (B) Insufficiently Documented Claims, (C) Claims Not Reflected On Debtors' Books And Records, (D) Untimely Claim, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, Modified Claims Asserting Reclamation, Consensually Modified And Reduced Tort Claims, And Lift Stay Procedures Claims Subject To Modification (Docket No. 9151) (the "Twentieth Omnibus Claims Objection").

WHEREAS, on September 20, 2007, Optek filed its Response And Objection Of TT Electronics OPTEK Technology Corporation To Debtors' Twentieth Omnibus Claims Objection Regarding Claim No. 9037 (Docket No. 9449) (the "Second Response").

WHEREAS, on June 13, 2008, the Debtors, Optek, TPGF, and TPGI entered into the Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 9037 (Docket No. 13740) (the "Claim 9037 Stipulation") whereby Claim 9037 was allowed as a general unsecured non-priority claim held by Optek in the amount of $272,409.26 against DAS LLC subject to further reductions.

WHEREAS, on June 13, 2008, the Debtors, BI Technologies, TPGF, and TPGI entered into the Joint Stipulation And Agreed Order Compromising And Allowing Proof Of Claim Number 8372 (Docket No. 13742) (the "Claim 8372 Stipulation") whereby Claim 8372 was allowed as a general unsecured non-priority claim in the amount of $762,270.99 against

6

DAS LLC subject to further reductions. Ownership of Claim 8372 was reflected as follows:

    a.    BI Technologies: An allowed general unsecured non-priority claim in the amount of $52,221.50;

    b.    TPGF: An allowed general unsecured non-priority claim in the amount of $326,623.00; and

    c.    TPGI: An allowed general unsecured non-priority claim in the amount of $383,426.49.

WHEREAS, on July 20, 2009, the TT Group filed the Protective Objection And Reservation Of Rights Of The TT Group To The Assumption And Assignment Of Executory Contracts And Cure Amounts Related Thereto (Docket No. 18430) (the "TT Group Section 365 Objection").

WHEREAS, on September 23, 2009, AB Electronics, AB Automotive, IRC Inc., IRC Texas, Optek, and Welwyn filed the Notice Of Partial Withdrawal Of Protective Objection And Reservation Of Rights Of The TT Group To The Assumption And Assignment Of Executory Contracts And Cure Amounts Related Thereto (Docket No. 18924) partially withdrawing the TT Group Section 365 Objection with respect to all entities other than BI Technologies.

WHEREAS, since filing the TT Group Section 365 Objection, BI Technologies has been in discussions with the purported assignee of purchase order number SAG90I4995 (the "Contract") to resolve BI Technologies' objections to the assumption and assignment of such Contract.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

7

chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6.

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Certain (A) Claims Partially Satisfied By Cure Payments And (II) Disallow And Expunge (A) A Certain Workers' Compensation Claim And (B) Certain Books And Records Claims (Docket No. 19357) (the "Forty-Second Omnibus Claims Objection").

WHEREAS, on February 17, 2010, the TT Group filed the Response Of The TT Group To The Reorganized Debtors' Forty-Second Omnibus Claims Objection (Docket No. 19445) (the "Third Response").

WHEREAS, on February 17, 2010, the TT Group filed an amended response to the Forty-Second Omnibus Claims Objection entitled Response, Limited Objection And Reservation Of Rights Of The TT Group To The Reorganized Debtors' Forty-Second Omnibus Claims Objection (Docket No. 19448) (the "Fourth Response," together with the First Response, the Second Response, and the Third Response,  the "Responses").

WHEREAS, on February 18, 2010, TPG filed the Joinder Of TPG Credit Opportunities Fund, LP. And TPG Credit Opportunities Investors, L.P. To The Response Of The

TT Group To The Reorganized Debtors' Forty-Second Omnibus Claims Objection (Docket No. 19485) (the "TPG Response").

WHEREAS, to resolve (i) the Forty-Second Omnibus Claims Objection with respect to the Claims and (ii) the TT Group Section 365 Objection with respect to BI Technologies, the Reorganized Debtors and the Claimants have entered into this Stipulation.

NOW, THEREFORE, the Reorganized Debtors and the Claimants stipulate and agree as follows:

1. Claim 8372 shall be allowed, and shall not be subject to additional objection, in the amount of $594,527.49 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan. Ownership of Claim 8372 shall be reflected on the books and records of the Claims Agent as follows:

   a. BI Technologies: An allowed general unsecured non-priority claim in the amount of $40,729.76.

   b. TPGF: An allowed general unsecured non-priority claim in the amount of $254,747.14.

   c. TPGI: An allowed general unsecured non-priority claim in the amount of $299,050.59.

2. Claim 8878 shall be allowed, and shall not be subject to additional objection, in the amount of $105,530.57 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan. Ownership of Claim 8878 shall be reflected on the books and records of the Claims Agent as follows:

   a. IRC Wire: An allowed general unsecured non-priority claim in the amount of $1,949.64

   b. TPGF: An allowed general unsecured non-priority claim in

      the amount of $45,487.23.

    c. TPGI: An allowed general unsecured non-priority claim in the amount of $58,093.70.

  3. Claim 9037 shall be allowed in the amount of $271,776.26, and shall not be subject to additional objection, and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan. Ownership of Claim 9037 shall be reflected on the books and records of the Claims Agent solely in the name of Optek.

  4. Claim 16255 shall be allowed in the amount of $1,875,974.29, and shall not be subject to additional objection, and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan. Ownership of Claim 16255 shall be reflected on the books and records of the Claims Agent as follows:

    a. IRC Film: An allowed general unsecured non-priority claim in the amount of $62,672.32.

    b. TPGF: An allowed general unsecured non-priority claim in the amount of $834,118.91.

    c. TPGI: An allowed general unsecured non-priority claim in the amount of $979,183.06

  5. The Responses are each hereby deemed withdrawn in its entirety with prejudice.

  6. The TPG Response is hereby deemed withdrawn in its entirety with prejudice.

  7. Based upon the agreement reached between Nexteer Automotive Corporation and BI Technologies, the TT Group Section 365 Objection is hereby deemed withdrawn in its entirety with prejudice.

8. Within five business days after entry of this Stipulation, the Reorganized Debtors shall make a cure payment to BI Technologies in the amount of $167,743.50, which shall be mailed to:

> BI Technologies Corporation
> c/o Louis A. Curcio, Esq.
> Sonnenschein Nath & Rosenthal LLP
> 1221 Avenue of the Americas
> New York, New York 10020
.

Such cure payment shall, upon receipt from the Reorganized Debtors, be paid by BI Technologies to TPG in accordance with the respective percentage ownership of Claim 8372, as reflected in decretal paragraph 1 above.

9. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

11

So Ordered in White Plains, New York, this 29th day of October 2010

                    /s/Robert D. Drain
                    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Louis A. Curcio |
|---|---|
| John Wm. Butler, Jr. | Jonathan D. Forstot |
| John K. Lyons | Louis A. Curcio |
| Ron E. Meisler | SNR Denton US LLP |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 1221 Avenue of the Americas |
| 155 North Wacker Drive | New York, New York 10020 |
| Chicago, Illinois 60606 | |
| | Attorneys for the TT Group |
| - and - | - and - |
| | /s/ Siu Lan Chan |
| Four Times Square | Siu Lan Chan |
| New York, New York 10036 | Jay Heinrich |
| | MANDEL, KATZ & BROSNAN LLP |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | The Law Building |
| | 210 Route 303 |
| | Valley Cottage, New York 10989 |
| | |
| | Attorney for TPG Credit Opportunities Fund, L.P. and TPG Credit Opportunities Investors, L.P. |