PEPPER HAMILTON LLP  
Robert S. Hertzberg (RH 7433)  
The New York Times Building, 37th Fl.  
620 Eighth Avenue  
New York, NY 10018-1405  

-and-  

Deborah Kovsky-Apap (DK 6147)  
PEPPER HAMILTON LLP  
Suite 3600  
100 Renaissance Center  
Detroit, MI 48243-1157  
(313) 259-7110  

Hearing Date and Time: November 18, 2010 at 10:00 a.m.  
Response Deadline: November 11, 2010  

**UNITED STATES DISTRICT COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DPH HOLDINGS CORPORATION, et al.,<br><br>Reorganized Debtors. | Chapter 11<br><br>Bankr. Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**MOTION BY DAVID ARMSTRONG TO DEEM CLAIM FOR ADMINISTRATIVE**
**EXPENSE TIMELY FILED PURSUANT TO**
**FED. R. BANKR. P. 9006(b) AND 11 U.S.C. § 503(b)**

David Armstrong ("Armstrong") by and through his undersigned attorneys, hereby submits this Motion to Deem Claim for Administrative Expense Timely Filed Pursuant to Fed. R. Bankr. P. 9006(b) (the "Motion"). **The Debtor does not oppose the Motion**. In support of the Motion, Armstrong states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASES**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Bankruptcy

#13377648 v1

Rule 9006(b) and 11 U.S.C. § 503(b).

## STATEMENT OF FACTS

3.     Debtor Delphi Automotive Systems ("Delphi") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 8, 2005. Delphi's confirmed First Amended Joint Plan of Reorganization (As Modified) became effective on October 6, 2009.

4.     Armstrong began his employment with Delphi on December 4, 2006. Armstrong suffered a work related injury on January 3, 2007. Armstrong continued to work for the Delphi after the January, 2007 injury, until he became disabled by that injury as of May 2, 2007. He underwent treatment for his injury, including a surgery in August of 2007. As a result, Armstrong improved sufficiently so that he was released by his treating physician to return to work as of October 15, 2007.

5.     When Armstrong tried to return to work, he learned that he was no longer an employee of Delphi. He signed a union grievance form on October 16, 2007.

6.     Armstrong had several conversations with personnel at Delphi between October 2009 and March 2010 in which he challenged his termination from Delphi.

7.     At no time did Delphi advise Armstrong that he was deemed a creditor in Delphi's bankruptcy or that he was required to file a claim for allowance of administrative expense. Delphi did not serve Armstrong with a notice of the bankruptcy filing or the administrative claims bar date.

8.     On March 26, 2010, Armstrong filed a three-count complaint (the "Lawsuit") against Delphi in the District Court for the Eastern District of Michigan, asserting that he had been discharged by the Delphi, and/or not hired by the Delphi, in violation of the

#13377648 v1

collective bargaining agreement, Michigan public policy and Michigan statute MCL 418.301.

9. Counsel for both parties have agreed to stay the pending Lawsuit to enable Armstrong to file this Motion.

10. On October 29, 2010, Armstrong filed an administrative expense claim with Delphi's claims agent, KCC, via overnight delivery. A copy of the administrative expense claim is attached hereto as <u>Exhibit A</u>.

**ARGUMENT**

11. Under Bankruptcy Rule 9006, the court for cause shown may enlarge the time for an act where the failure to act was the result of excusable neglect. Fed. R. Bankr. P. 9006(b)(1).

12. In this case, cause to enlarge Armstrong's time to file his administrative claim exists because he was not served with notice of the claims bar date. Where a creditor does not receive notice of a bar date, the creditor "need not rely on the doctrine of excusable neglect in requesting an extension of time to file a proof of claim." <u>Axinn v. Metropolitan Dist. Servs., Inc. (In re Golden Distributors, Ltd.)</u>, 128 B.R. 349, 351 (Bankr. S.D.N.Y. 1991). Accordingly, the well-known factors set forth in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship</u>, 507 U.S. 380 (1993), are not analyzed at length herein.[1]

13. Even if <u>Pioneer</u> were applicable here, the standard is met. If Armstrong's failure to act was the result of neglect, such neglect was excusable because (1) Armstrong did not understand, and was never advised by Delphi, that he was deemed a "creditor" of the Debtor;

---

1  The <u>Pioneer</u> factors include the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. <u>Id.</u> at 395.

#13377648 v1

and (2) Delphi never served notice of the claims bar date on him. Moreover, there will be no impact on the debtor's bankruptcy proceedings since it has already emerged from bankruptcy.

14. Perhaps most importantly, there is no arguable prejudice to the debtor because Delphi has advised Armstrong that it ***will not oppose*** the Motion. See Exhibit B, attached.

WHEREFORE, Armstrong respectfully requests that the Court grant his Motion to Deem Claim for Administrative Expense Timely Filed Pursuant to Fed. R. Bankr. P. 9006(b) and 11 U.S.C. § 503(b), and grant such other and further relief as the Court deems appropriate.

Dated: October 29, 2010

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (RH 7433)
The New York Times Building, 37th Fl.
620 Eighth Avenue
New York, NY 10018-1405
(212) 808-2700
hertzbergr@pepperlaw.com

-and-

Deborah Kovsky-Apap (DK 6147)
Suite 3600
100 Renaissance Center
Detroit, MI 48243
(313) 259-7110
kovskyd@pepperlaw.com

*Attorneys for David Armstrong*

#13377648 v1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DPH HOLDINGS CORPORATION, et al.,

                    Reorganized Debtors.

Chapter 11

Bankr. Case No. 05-44481 (RDD)

(Jointly Administered)

**[PROPOSED] ORDER GRANTING MOTION BY DAVIDARMSTRONG TO DEEM CLAIM FOR ADMINISTRATIVE EXPENSE TIMELY FILED PURSUANT TO FED. R. BANKR. P. 9006(b) AND 11 U.S.C. § 503(b)**

    This matter having come before the Court on the motion of David Armstrong (the "Motion"), and the court being otherwise fully advised in the premises;

    IT IS HEREBY ORDERED that

    1.    The Motion is granted.

    2.    The claim for administrative expense (the "Claim"), attached to the Motion as Exhibit A, is deemed timely filed.

    3.    The Reorganized Debtors' deadline to object to the Claim is _____, 201_.

Dated:  November __, 2010
       New York, New York

                                              _____
                                              Hon. Robert D. Drain
                                              United States Bankruptcy Judge

PEPPER HAMILTON LLP
Robert S. Hertzberg (RH 7433)
The New York Times Building, 37th Fl.
620 Eighth Avenue
New York, NY 10018-1405

-and-

Deborah Kovsky-Apap (DK 6147)
PEPPER HAMILTON LLP
Suite 3600
100 Renaissance Center
Detroit, MI 48243-1157
(313) 259-7110

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DPH HOLDINGS CORPORATION, et al., <br><br> Reorganized Debtors. | Chapter 11 <br><br> Bankr. Case No. 05-44481 (RDD) <br><br> (Jointly Administered) |

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 29, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record registered to receive notice in this case.

      I further certify that on October 29, 2010, I caused a copy of the foregoing document to be served via email upon the parties identified as requiring email service in the Court's Nineteenth Supplemental Order Under 11 U.S.C. §§ 102(l) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures [Docket No. 20189], and the following via overnight delivery:

#13377648 v1

Carl T. Tullson
Skadden Arps Slate Meagher & Flom LLP
155 North Wacker Drive
Chicago, IL 60606
*Counsel to the Reorganized Debtors*

Office of the United States Trustee
Brian Masumoto
33 Whitehall St., 21st Floor
New York, NY 10004

| | |
|---|---|
| Dated: October 29, 2010 | Respectfully submitted, |
| | PEPPER HAMILTON LLP |
| | /s/ Deborah Kovsky-Apap |
| | Robert S. Hertzberg (RH 7433) |
| | The New York Times Building, 37th Fl. |
| | 620 Eighth Avenue |
| | New York, NY 10018-1405 |
| | (212) 808-2700 |
| | hertzbergr@pepperlaw.com |
| | |
| | -and- |
| | |
| | Deborah Kovsky-Apap (DK 6147) |
| | Suite 3600 |
| | 100 Renaissance Center |
| | Detroit, MI 48243 |
| | (313) 259-7110 |
| | kovskyd@pepperlaw.com |
| | |
| | *Attorneys for David Armstrong* |

#13377648 v1