# EXHIBIT A

| United States Bankruptcy Court<br>Southern District of New York<br>Delphi Corporation et al. Claims Processing<br>c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue<br>El Segundo, California 90245 | Administrative<br>Claim Request<br>Form | |
|---|---|---|
| **Debtor against which Administrative Claim is asserted :**<br>Delphi Automotive Systems, LLC | **Case Name and Number**<br>In re Delphi Corporation., *et al.* 05-44481<br>Chapter 11, Jointly Administered | |
| **NOTE: This form should not be used to make a claim in connection with a request for payment for goods or services provided to the Debtors prior to the commencement of the case. This Administrative Claim Request Form is to be used solely in connection with a request for payment of an administrative expense arising after June 1, 2009, pursuant to 11 U.S.C. § 503.** | | |
| Name of Creditor<br>*(The person or other entity to whom the debtor owes money or property)*<br>David Armstrong<br><br>Name and Address Where Notices Should be Sent<br>Pepper Hamilton LLP c/o Deborah Kovsky-Apap<br>100 Renaissance Center, Suite 3600<br>Detroit, Michigan 48243-1157<br>Telephone No.<br>313-393-7331 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your Administrative Claim. Attach copy of statement giving particulars.<br>☒ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | **THIS SPACE IS FOR<br>COURT USE ONLY** |
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this Administrative Claim ☐ replaces<br>☐ amends a previously filed claim, dated: _____ | |
| 1. BASIS FOR ADMINISTRATIVE CLAIM<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☒ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other (Describe briefly)    See Attached | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br>Your social security number _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>        (date)              (date) | |
| 2. DATE DEBT WAS INCURRED   See Attached | 3. IF COURT JUDGMENT, DATE OBTAINED: | |
| 4. TOTAL AMOUNT OF ADMINISTRATIVE CLAIM: $ __unliquidated__<br>☐ Check this box if Administrative Claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges. | | |
| 5. BRIEF DESCRIPTION OF ADMINISTRATIVE CLAIM (attach any additional information):<br><br>See Attached | | |
| 6. **CREDITS AND SETOFFS**: The amount of all payments on this Administrative Claim has been credited and deducted for the purpose of making this Administrative Claim request. In filing this Administrative Claim request, claimant has deducted all amounts that claimant owes to debtor.<br><br>7. **SUPPORTING DOCUMENTS**: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Any attachment must be 8-1/2" by 11".<br><br>8. **DATE-STAMPED COPY**: To receive an acknowledgement of the filing of your Administrative Claim, enclose a stamped, self-addressed envelope and copy of this Administrative Claim request. | | **THIS SPACE IS FOR<br>COURT USE ONLY** |
| Date<br>10/29/10 | Sign and print the name and title, if any, of the creditor or other person authorized to file this Administrative Claim (attach copy of power of attorney, if any)<br>*Deborah Kovsky Apap*<br>Deborah Kovsky-Apap | |

*In re Delphi Corporation, et al.*
*Jointly Administered Case No. 05-44481*
*United States Bankruptcy Court for the Southern District of New York*

**ATTACHMENT TO ADMINISTRATIVE CLAIM OF**
**PLYMOUTH RUBBER COMPANY, LLC**

David Armstrong hereby submits this administrative claim form and attachments (collectively, the "Administrative Claim") for damages arising from the conduct of Delphi Automotive Systems, LLC ("Delphi") after October 8, 2005.

As more fully set forth in the Complaint attached hereto as Exhibit 1 and incorporated by reference, Mr. Armstrong holds an administrative claim against Delphi on account of Delphi's post-petition unlawful conduct arising in connection with Mr. Armstrong's employment.

**I.     RESERVATION OF RIGHTS**

Mr. Armstrong expressly reserves all of his rights, remedies, claims and defenses under the Bankruptcy Code and applicable non-bankruptcy law, and nothing herein shall be deemed a waiver of any right, remedy, argument, claim or defense against Delphi or any of the Debtors.

Mr. Armstrong expressly reserves the right to challenge the jurisdiction of the Bankruptcy Court to hear or adjudicate any or all matters relating to this Administrative Claim. Nothing herein shall be deemed:  (i) a consent to the jurisdiction of the Bankruptcy Court over the Administrative Claim; and/or (ii) a waiver of Mr. Armstrong's right to seek abstention, withdrawal of the reference or otherwise seek a jury trial of the disputes raised in the Complaint.

## II.  ADDITIONAL INFORMATION; NOTICES

Additional information and/or supporting documentation relating to this Administrative Claim is available on request to Mr. Armstrong's counsel (contact information below).

Any and all notices to be provided in connection with this Administrative Claim should be sent to:

**PEPPER HAMILTON LLP**
Robert S. Hertzberg, Esq.
The New York Times Building, 37th Floor
620 Eighth Avenue
New York, New York 10018-1405
Email:  hertzbergr@pepperlaw.com
Tel:  212.808.2700
Fax:  212.286.9806

-and-

Deborah Kovsky-Apap, Esq.
Suite 3600
100 Renaissance Center
Detroit, Michigan 48243
Email:  kovskyd@pepperlaw.com
Tel:  313.259.7110
Fax:  313.259.7926

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

David Armstrong,

    Plaintiff,

v

Delphi Corporation/DPH Holdings Corporation
and UAW Local 699,

    Defendants.

Case No.: 10-CV-112200-TLL-CEB

Hon.: Thomas L. Ludington

| | |
|---|---|
| Debra A. Freid (P33078)<br>Freid, Gallagher, Taylor<br>Attorneys for Plaintiff<br>PO Box 3305<br>Saginaw, MI 48605<br>(989) 754-0411<br>fgt@tm.net<br><br>Ava R. Barbour (P70881)<br>Attorney for UAW Local 699<br>80000 East Jefferson Ave.<br>Detroit, MI 48214<br>(313) 926-5216<br>abarbour@uaw.net | Richard M. Tuyn (P29091)<br>Debra A. Colby (P60438)<br>Ogletree, Deakins, Nash, Smoak & Stewart<br>Attorneys for Defendant DPH Holdings Corp.<br>33 Bloomfield Hills Parkway, Suite 120<br>Bloomfield Hills, MI 48304<br>(248) 593-6400<br>richard.tuyn@ogletreedeakins.com<br>debra.colby@ogletreedeakins.com |

**FIRST AMENDED COMPLAINT**

    NOW COMES PLAINTIFF, DAVID ARMSTRONG, by and through counsel, Debra A. Freid of Freid, Gallagher, Taylor & Associates P.C., to state in Complaint against the Defendants as follows:

**PARTIES AND JURISDICTION**

1.    Plaintiff, David Armstrong, is and was at all relevant times, a resident of the County of Bay, in the State of Michigan.

1

2. The Defendant, the United Automobile and Aerospace and Agriculture Implement Workers of America, UAW, Local 699, is a voluntary unincorporated labor organization and has been at all times relevant hereto, the collective bargaining representative of the Plaintiff operating in the County of Saginaw, State of Michigan.

3. The Defendant, Delphi Corporation and/or DPH Holdings Corporation was a party to, and/or stands in the shoes of a party to, the 2003-2007 UAW-Delphi National Agreement dated September 18, 2003and all Supplemental Agreements thereto, including the Supplemental Agreement dated April 29, 2004 and the UAW-Delphi-GM Memorandum of Understanding, signed June 22, 2007.

4. The events which give rise to this cause of action occurred in Saginaw County.

5. The amount in controversy exceeds $75,000 exclusive of costs, fees and sanctions.

6. Jurisdiction herein is based on Section 301 of the Labor Management Relations Act, 29 USC 185a and the Public Policy of the State of Michigan, and MCL 419.301.

## BACKGROUND FACTS

7. The Plaintiff was hired by Delphi Corporation, (now called DPH Holdings Corporation, but hereinafter referred to as "Delphi" throughout this pleading), as a temporary employee on December 4, 2006.

8. The employment of Delphi employees, including temporary employees, at all relevant times hereto, was governed by the terms of the 2003-2007 UAW-Delphi National Agreement dated September 18, 2003and all Supplemental Agreements thereto, including the Supplemental Agreement dated April 29, 2004 and the UAW-Delphi-GM Memorandum of Understanding, signed June 22, 2007.

9. Pursuant to Paragraph 56 of the Applicable National Agreement, temporary employees who have worked 30 days may only be terminated with cause and have the right to grieve any termination that is without cause.

10. Pursuant to Paragraph 57 of the Applicable National Agreement, employees may acquire seniority by "working 90 days during a period of six continuous months..." and that seniority will date back ninety days from the date seniority is acquired.

11. Pursuant to Paragraph 107 of the Applicable National Agreement, "(t)emporary employees without seniority shall not receive credit for time off sick toward the ninety(90) days of employment required to acquire seniority, except as provided in Paragraph (108) and Appendix D...."

12. Pursuant to Paragraph 108 of the Applicable National Agreement, temporary employees "disabled by a compensable injury shall be given credit for the period of such legal temporary disability toward acquiring seniority."

13. Pursuant to Appendix D of the Applicable National Agreement, Paragraph 57 and Paragraph 108 are applicable to temporary employees.

14. At all times relevant to the incidents which form the basis for this complaint, the Plaintiff, David Armstrong, was a member in good standing of the Defendant United Automobile and Aerospace and Agriculture Implement Workers of America, UAW, Local 699 (hereinafter Local 699).

15. On January 3, 2007, Plaintiff suffered a work related injury during the course of his employment with the Defendant Delphi Corporation. Plaintiff continued to work for Defendant, Delphi Corporation, after the injury referenced in the preceding paragraph, until

3

he became disabled by the work related injury as of May 2, 2007.

16  Thereafter, Plaintiff mailed a petition for workers' compensation benefits to Defendant, Delphi Corporation, on August 22, 2007.

17. Following his work injury, Plaintiff underwent treatment, including undergoing a surgery in August of 2007, to remediate the work related condition and, as a result, improved sufficiently so that Plaintiff was released by his treating physician to return to work as of October 15, 2007.

18. On October 15, 2007, Plaintiff presented to the medical department at Defendant, Delphi Corporation, with a "return to work" slip from his physician. However, Plaintiff was advised at that time, for the first time, that he was no longer an employee of Defendant, Delphi.

19. although many other "temporary" employees hired by Defendant Delphi Corporation in December of 2006, acquired seniority and made "permanent" employees by the time of Plaintiff's injury and/or shortly thereafter including up to and through July 23, 2007, Plaintiff's employment was terminated by Defendant Delphi Corporation on August 9, 2007.

20. At the time Plaintiff learned that he was not considered an employee on October 15, 2007, he immediately called for union representation.

21. Mr. Dave Gunlock, agent and/or employee of Defendant UAW Local 699, arrived and Plaintiff advised that he wanted Local 699 to file a Grievance on his behalf. Mr. Gunlock agreed that a Grievance should be filed and directed Plaintiff to meet him at the Union Hall the following day, October 16, 2007.

22. Plaintiff appeared at the Union Hall as directed on October 16, 2007 and Mr. Gunlock

4

referred Plaintiff to another employee and/or agent of Defendant UAW Local 699, Mr. Dave Applebee. Mr. Applebee directed Plaintiff to sign a blank Grievance Form, advising Plaintiff that the Grievance would then be typed up and filed immediately. Plaintiff signed the Grievance Form again advising Mr. Applebee that he definitely wanted to proceed and have the Grievance filed.

23. Within 2-3 weeks after October 16, 2007, Plaintiff contacted the Defendant Local 699 again through its agent and/or employee, Mr. Applebee who advised Plaintiff that the Grievance had, indeed, been timely filed and that the Union would proceed.

24. Further, Plaintiff advised the Defendant Local 699 that he had filed a workers' compensation claim as a result of his work related injury and the period of disability between May and October of 2007.

25. Thereafter, Plaintiff periodically contacted the Defendant Local 699 regarding the status of his Grievance, and he was repeatedly told, at first by Mr. Dave Applebee, and after January of 2008 by Mr. Dave Gunlock, that his grievance was pending and that the Union was "working on it."

26. In early February of 2008, Plaintiff was placed in a part time position at a plant operated by Defendant Delphi as a co-op by Delta College. Plaintiff continues to work in this position at the plant which, as of October 6, 2009, commenced operations under the name of Nexteer Automotive, a fully owned subsidiary of General Motors Corporation.

27. In early June, 2008, the Plaintiff contacted the Defendant, Local 699, and advised Mr. Dave Gunlock that Plaintiff had just received the decision of Magistrate Purcell in the workers' compensation claim, with the mailing date of June 4, 2008, and that he had been successful

5

in establishing a compensable injury and period of disability from May 2, 2007 through October 15, 2007. Mr. Gunlock again advised Plaintiff that his grievance was still pending and that the Union was working on getting the Plaintiff back to work but that the grievance would take an extended time because of the Delphi bankruptcy.

28. In mid October of 2009, Plaintiff ran into his former supervisor, Dave Syligco, who suggested that Plaintiff speak with another Local 699 representative, Brian Bovee. Upon speaking with Mr. Bovee, Mr. Bovee advised Plaintiff that he was unfamiliar with Plaintiff's grievance and that he would look into the matter.

29. On October 28, 2009, Local 699 through its agent and/or employee, Brian Bovee, told Plaintiff that he did not know how to handle Plaintiff's case but that he would seek guidance from Union Chair Bob LaBonte.

30. On November 10, 2009, UAW Local 699 through its agent and/or employee, Brian Bovee, told Plaintiff, for the first time, that the Local had not filed a grievance on Plaintiff's behalf and that many unfiled grievances had been found in the desk utilized by former representative, Dave Gunlock. Further, at the time of this conversation on November 10, 2009, Mr. Bovee provided Plaintiff with an employee information detail printed on October 28, 2009, which reflected that Defendant Delphi had terminated Plaintiff's employment on August 9, 2007.

31. Thereafter, Mr. Bovee advised Plaintiff that he would turn the matter over to the Bargaining Chair, Mr. LaBonte.

32. Since October 28, 2009, Plaintiff has had several conversations with employees of Defendants UAW Local 699 and Delphi Corporation and has been advised at various times,

6

by either Mr. Pruitt of Delphi or Mr. LaBonte of Local 699, that he would be returning to work.

33. To date, Plaintiff has not been returned to full time regular employment with Defendant Delphi, nor has his seniority been reinstated retroactively or any of the lost pay or benefits returned.

## COUNT I

## CLAIM FOR BREACH OF CONTRACT AS TO

## DEFENDANT—DELPHI CORPORATION/DPH HOLDINGS CORPORATION

34. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

35. As a member of Defendant Local 699, Plaintiff was subject to the applicable National Agreement which included paragraph 56 that required "cause" for termination, and which dictated the terms under which the Defendant must grant seniority to Plaintiff, including without limitation paragraph 57, Appendix D and paragraph108.

36. Defendant did breach the contract by, among other things:

a. terminating Plaintiff's employment on August 9, 2007 without cause and without notice to the Plaintiff;

b. terminating Plaintiff's employment on August 9, 2007, despite the knowledge that it had made "permanent" other "temporary" employees with Plaintiff's hire date of December 4, 2006 prior to posting the termination;

c. refusing to reinstate Plaintiff, or to accord Plaintiff seniority, pay and benefits retroactively to December 4, 2006, as of any time after October 15, 2007 or June 4, 2008 and by,

7

    d. refusing to reinstate Plaintiff's employment because Plaintiff filed a workers' compensation claim and/or had sustained a work related injury.

37. As a result of the breaches of the National Agreement by Defendant Delphi, the Plaintiff has sustained, and will sustain, damages into the future including, but not limited to, loss of wages, wage earning capacity, fringe benefits, and attorneys fees and costs.

WHEREFORE, your Plaintiff, David Armstrong, respectfully requests that this Honorable Court award whatever relief to which Plaintiff is found to be entitled as against the Defendant including all lawful and equitable damages, including reinstatement, and punitive and/or exemplary damages by reason of the wanton and wilful nature of Defendant's actions.

## COUNT II - DISCHARGE IN VIOLATION OF PUBLIC POLICY

38. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

39. Plaintiff was hired by Delphi on December 4, 2006 as a temporary employee.

40. Plaintiff mailed a petition for workers' compensation benefits to the Defendant, Delphi Corporation on August 22, 2007.

41. On or around July 23, 2007, other employees who had been hired as "temporary" employees along with Plaintiff in December of 2006, including those hired on December 4, 2006, were permitted to acquire seniority pursuant to the applicable National Agreement, and were considered "permanent" employees as of July 23, 2007.

42. However, despite the actions referenced in preceding paragraph, Defendant Delphi terminated Plaintiff's employment on August 9, 2007 without cause and without notifying the Plaintiff.

43. Further, although Defendant Delphi knew, least as of June 4, 2008, that Plaintiff was granted a compensable leave due to a work related disability, and despite the dictates of Paragraph 108 and Appendix D, in conjunction with Paragraph 57 of the applicable National Agreement, Defendant Delphi did not reinstate Plaintiff or restore his seniority, lost wages and fringe benefits retroactively or otherwise.

44. Defendant owed Plaintiff the statutory duty not to discharge Plaintiff or discriminate against Plaintiff because Plaintiff filed a workers' compensation claim. MCL 418. 301.

45. Defendant did breach this duty and, thereby violated the public policy of the State of Michigan, by failing to reinstate Plaintiff, failing to accord plaintiff seniority and "permanent" employee status and by failing to restore Plaintiff's lost wages, including all wage increases, and benefits retroactive to the date of termination, because Plaintiff had filed a claim for workers' compensation benefits and/or suffered a work related injury.

46. As a direct and proximate result of the Defendant's breach of duty, Plaintiff has sustained and will continue to sustain both economic and non-economic losses as set forth in the preceding paragraph 37.

## COUNT III– CLAIM FOR BREACH OF DUTY OF

## FAIR REPRESENTATION AS TO THE DEFENDANT UNION

47. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

48. Prior to his work related injury in January of 2007 and during his compensable leave between May and October of 2007, and at all times relevant hereto, the Plaintiff was a member in good standing of the Defendant Local 699 and entitled to all of the rights associated

9

therewith.

49. Pursuant to the National Labor Relations Act, it is the duty of the Defendant Local 699 to fairly represent its members, including the Plaintiff herein. 29 U.S.C. 159a and 185a.

50. The Defendant Union breached its duty of fair representation by acting recklessly and arbitrarily and with bad faith toward the Plaintiff in the following ways, among others:

   a.   in failing to file Plaintiff's grievance either at the time Plaintiff first requested that a grievance be filed in October of 2007, upon learning that he was no longer considered a Delphi employee or at any other time before or since,

   b.   in failing to advise Plaintiff that it had not filed any grievance on Plaintiff's behalf until November 10, 2009,

   c.   in affirmatively misleading and lying to plaintiff by repeatedly telling Plaintiff for a period of 2 years, that a grievance had been filed on his behalf and that the Union was working on it in an effort to return Plaintiff to work, with seniority and all benefits, and,

   d.   in failing to investigate and evaluate the opportunity to file a second grievance, and in failing to advise Plaintiff to file a second grievance, immediately upon the receipt of the workers' compensation Decision of the Magistrate in June of 2008.

51. The actions of the Defendant Local 699, described in part in the preceding paragraph, were arbitrary, capricious, reckless and/or taken in bad faith and therefore, constituted a breach of the Union's duty to fairly represent the Plaintiff.

52. As a result of the Union's breach of its duty of fair representation, the Plaintiff has sustained, and will sustain, damages into the future including but not limited to loss of wages, wage

earning capacity, fringe benefits, and by nature of the Defendant's wilful and wanton actions, exemplary and/or punitive damages including costs and fees involved in this litigation.

WHEREFORE your Plaintiff, David Armstrong, respectfully requests that this Honorable Court award whatever relief to which Plaintiff is found to be entitled as against the Defendant including all lawful and equitable damages, including an award of appropriate exemplary and/or punitive damages.

Respectfully Submitted,

June 2, 2010
**s/Debra A. Freid**
Debra A. Freid (P33078)
Freid, Gallagher, Taylor & Assoc.
Attorney for Plaintiff
604 S. Jefferson Ave.
Saginaw, MI 48607
(989) 754-4011
fgt@tm.net

## JURY DEMAND

Plaintiff herein demands a trial by jury in this matter.

Respectfully Submitted,

June 2, 2010
**s/Debra A. Freid**
Debra A. Freid (P33078)
Freid, Gallagher, Taylor & Assoc.
Attorney for Plaintiff
604 S. Jefferson Ave.
Saginaw, MI 48607
(989) 754-4011
fgt@tm.net

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Ava R. Barbour, Esq. and Richard M. Tuyn.

**s/Debra A. Freid (P33078)**
Debra A. Freid (P33078)
Freid, Gallagher, Taylor & Associates, P.C.
Attorney for Plaintiff
PO Box 3305
Saginaw, MI 48605
989-754-0411
fgt@tm.net