**Hearing Date And Time: November 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: November 10, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :
    In re            :   Chapter 11
                    :
DPH HOLDINGS CORP., et al.,  :   Case No. 05-44481 (RDD)
                    :
                    :   (Jointly Administered)
       Reorganized Debtors.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' MOTION FOR ORDER RESOLVING
OUTSTANDING OBJECTIONS TO CURE OF MATERIAL SUPPLY
AGREEMENTS AND CURE PROPOSALS FOR CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES

("CURE RESOLUTION MOTION")

DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and certain of its

affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the

"Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its

subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), hereby submits this Motion For Order Resolving Outstanding

Objections To Cure Of Material Supply Agreements And Cure Proposals For Certain Executory

Contracts And Unexpired Leases (the "Motion"), and respectfully represents as follows:

<u>Background</u>

A.    <u>The Chapter 11 Cases</u>

1.    On October 8 and 14, 2005 (the "Petition Dates"), the Debtors filed

voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  On January 25, 2008, the Court entered an order (Docket No. 12359) (the

"Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the

Confirmation Order became final on February 4, 2008.

3.    On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127

for an order approving (i) certain modifications to the Confirmed Plan and related disclosure

statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified

(Docket No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a

supplement to the Plan Modification Motion, which sought approval of (i) certain modifications

to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures

2

for re-soliciting votes on the Modified Plan (Docket No. 16646) (the "Plan Modification Motion

Supplement").

4.      On June 16, 2009, the Court entered the Order (A)(I) Approving

Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related

Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider

Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting

Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No.

17032) (the "Modification Procedures Order").  This Court entered an order approving the

Modified Plan (Docket No. 18707) (the "Modification Approval Order") on July 30, 2009.

5.      On October 6, 2009 (the "Effective Date"), the Debtors substantially

consummated the Modified Plan and closed the transactions under the Master Disposition

Agreement,[1] dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC,

General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation),

DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi

Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and

buyers party thereto.  In connection therewith, DIP Holdco LLP, through various subsidiaries

and affiliates, acquired substantially all of the Debtors' global core businesses, and GM

Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S.

manufacturing plants and the Debtors' non-core steering business, respectively.

B.      The Cure Disputes

6.      When developing their strategy for determining cure amounts for

excecutory contracts that were to be assumed under the Plan, the Debtors used a dual approach.

For agreements under which the Debtors purchased materials which were directly incorporated

---

[1]    Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Modified Plan.

into one or more of the Debtors' products (the "Material Supply Agreements"), the Debtors sent

out Cure Amount Notices (defined below), which among other things, set forth the cure amount

(as recorded in the Debtors' books and records) for the Material Supply Agreements being

assumed.  The December 10, 2007 Solicitation Procedures Order and the Plan provided

counterparties to Material Supply Agreements with specific procedures to dispute the Debtors'

proposed cure amounts, including filing a substantive objection.  For all other executory

contracts and unexpired leases that were not Material Supply Agreements (the "Other Executory

Contracts or Unexpired Leases"), the Debtors were not required to send out notices of the cure

amount.  Rather, the burden was on the counterparty to assert a Cure Proposal (defined below) in

accordance with the terms of the Plan.  Absent the filing of a timely Cure Proposal on account of

the Other Executory Contracts or Unexpired Leases, the cure amount for such contracts was

deemed to be $0.

        (i)      <u>Cure Amount Notices</u>

      7.      Pursuant to the December 10, 2007 Solicitation Procedures Order[2] and

Article 8.2(a) of the Plan, counterparties to the Debtors' Material Supply Agreements received

notices of the cure amounts associated with their executory contract(s) to be assumed by the

Debtors as part of the solicitation materials mailed on or before December 21, 2007 (the "Cure

Amount Notices").  Specifically, the Debtors delivered (i) cure amount notices to counterparties

to Material Supply Agreements (the "Counterparties"), (ii) duplicate cure amount notices to

Counterparties who designated alternate addresses on purchase orders, and (iii) courtesy cure

---

[2]    The "December 10, 2007 Solicitation Procedures Order" refers to that certain Order Approving (I) Disclosure Statement, (II) Record Date, Voting Deadline, And Procedures For Temporary Allowance Of Certain Claims, (III) Hearing Date To Consider Confirmation Of Plan, (IV) Procedures For Filing Objections To Plan, (V) Solicitation Procedures For Voting On Plan, (VI) Cure Claim Procedures, (VII) Procedures For Resolving Disputes Relating To Postpetition Interest, And (VIII) Reclamation Claim Procedures (Docket No. 11389) entered December 10, 2007.

amount notices to claims traders and other assignees and transferees of claims.[3]  The Cure

Amount Notices reflected the cure amounts the applicable Debtors believed they were required

to pay prior to assumption of the contracts under section 365(b)(1) of the Bankruptcy Code (the

"Cure Amount").  Counterparties who disagreed with the Debtors' asserted Cure Amounts were

required to (a) return a Cure Amount Notice indicating the dispute on or before January 11, 2008,

and (b) file a substantive objection within 30 days after the Effective Date (i.e. November 5,

2009).  (December 10, 2007 Solicitation Procedures Order ¶ 43.)

        8.      In addition, pursuant to paragraph 24 of the Confirmation Order, the

Debtors served additional cure notices (the "Supplemental Cure Amount Notices") for Material

Supply Agreements that were not originally included in the Cure Amount Notices.

Counterparties disputing the cure amounts asserted by the Debtors in the Supplemental Cure

Amount Notices were required to file an objection by February 11, 2008.

        (ii)    <u>8.2(b) Cure Proposals</u>

        9.      In accordance with article 8.2(b) of the Plan, any counterparty to an Other

Executory Contract or Unexpired Lease was required to file and serve a cure proposal (a "Cure

Proposal") by March 10, 2008.  The Debtors reviewed the Cure Proposals received, certain of

which were inconsistent with the Debtors' books and records.  Accordingly, the Debtors filed an

omnibus objection to 31 of the Cure Proposals received, seeking to provisionally allow three

such Cure Proposals.  On May 29, 2008, this Court entered the Omnibus Order (I) Pursuant To

Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure

---

[3]    The Debtors provided a separate notice to claims traders and other assignees and transferees of claims, the form
of which was approved pursuant to paragraph 44 of the December 10, 2007 Solicitation Procedures Order.  This
notice advised the recipient that they may have purchased a claim from one or more of the Counterparties to
whom Cure Amount Notices were sent and that the election therein might impact the currency to be distributed
to such Counterparty.  This notice further informed its recipients that pursuant to the December 10, 2007
Solicitation Procedures Order, the Debtors were authorized, but not directed, to remit resolved or uncontested
distributions on account of cure directly to the Counterparty whose contract is being assumed or assumed and
assigned.

Proposals Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request

For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13696) (the "8.2(b)

Order").  Pursuant to the 8.2(b) Order and paragraph 31(b) of the Modification Approval Order,

the hearing on the Debtors' objections to disputed Cure Proposals was adjourned until further

notice by the Debtors or the Reorganized Debtors so that the Debtors and the respective

Counterparties could negotiate in good faith to reach a consensual resolution of the disputed

Cure Proposals.  Since the 8.2(b) Order was entered, 26 of the Cure Proposals have been

resolved and only five remain open that need to be addressed in this Motion.

(iii)    <u>Changes That Occurred Before Filing Modified Plan</u>

10.    By the time the Debtors filed the Plan Modification Motion Supplement

and the Modified Plan, more than 17 months had passed since the Cure Amount Notices were

served and more than 14 months had passed since counterparties needed to submit Cure

Proposals.  During that time, many contracts that were previously listed on the Cure Amount

Notices to be assumed had expired or were terminated, and thus were no longer executory.  Also

during that time, the Debtors determined that, of the 1,669 Cure Amount Notices that were

delivered, approximately 20 Cure Amount Notices listed Cure Amounts that were overstated.  To

address these issues, the Modification Procedures Order authorized the Debtors to serve on the

applicable counterparties a notice of non-assumption (the "Non-Assumption Notice") and/or an

amended cure amount notice (the "Amended Cure Amount Notice").  Accordingly, on July 9,

2009, pursuant to paragraph 34 of the Modification Procedures Order, the Debtors served a Non-

Assumption Notice on certain Counterparties identifying those Material Supply Agreements or

such Other Executory Contracts or Unexpired Leases (if the Counterparty had submitted a timely

Cure Proposal) which would not be assumed or assumed and assigned by the Debtors, as

6

provided in the Modified Plan, because such contracts had expired or were terminated.

Furthermore, on July 10, 2009, pursuant to paragraph 31 of the Modification Procedures Order,

the Debtors served an Amended Cure Amount Notice stating the amount the Debtors believed

necessary to cure such contract for any executory contracts or unexpired leases for which the

Debtors sent previous Cure Amount Notices containing amounts which were overstated.

11.     Although most of the objections to the Cure Amount Notices as well as

the Cure Proposals have been resolved, as set forth below, certain objections to the Cure Amount

Notices, as well as certain asserted Cure Proposals, remain unresolved.  To resolve certain of

these remaining contested matters, the Reorganized Debtors are filing this motion in accordance

with the procedures set forth in the Modified Plan.

## Relief Requested

12.     By this Motion, the Reorganized Debtors' request that this Court enter an

order (i) overruling the objections to the Cure Amount Notices listed on Exhibits A-1 and A-2

hereto and (ii) denying the Cure Proposals listed on Exhibits B-1 and B-2 hereto.

## Basis For Relief

13.     The Reorganized Debtors have reviewed the objections listed on Exhibits

A-1 and A-2 and the Cure Proposals listed on Exhibits B-1 and B-2, and believe that each such

objection and Cure Proposal should be denied for the reasons set forth below.

C.      Books And Records Cure Amounts

14.     The Counterparties set forth on Exhibit A-1 each filed objections to the

Cure Amount Notices (i) objecting to the cure amount of $0.00 for the applicable contract to be

assumed and assigned and (ii) asserting an objection that sought to convert claimant's general

unsecured claim, which it transferred to the claims trader Liquidity Solutions, Inc. ("LSI"), into a

cure claim and further requested that such cure claim be paid directly to LSI.  For the reasons

described below, each of these objections should be overruled.

15.    <u>DGC-Plastic Molding Inc.</u>  On February 8, 2008, DGC-Plastic Molding

Inc. ("DGC-Plastic") filed its Objection Of DGC-Plastic Molding Inc. To Notice Of Cure

Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned

Under Plan Of Reorganization (Docket No. 12561) (the "DGC-Plastic Cure Objection").  In the

DGC-Plastic Cure Objection, DGC-Plastic (i) objected to the Cure Amount of $0.00 set forth on

its Cure Amount Notice associated with contract D0550028628, which contract was assumed

and assigned and (ii) asserted a protective objection seeking a cure amount of $42,777.26 to be

paid to LSI to the extent the Cure Amount relates to proof of claim number 4843 ("Claim 4843").

No objection was filed to Claim 4843, and accordingly the claim has been allowed as a general

unsecured non-priority claim in the amount of $42,777.26.

16.    DGC-Plastic asserts that "[i]t is not clear to [DGC-Plastic] whether the

proposed Cure Amount related in whole or in part to the Claim now held by LSI."  (DGC-Plastic

Objection ¶ 5.)  The Reorganized Debtors have reviewed Claim 4843 as well as their books and

records,[4] and have confirmed that the amounts asserted in Claim 4843 do not relate to assumed

contract D0550028628.  Moreover, the Reorganized Debtors' books and records do not reflect

any Cure Amount owing in connection with the assumption and assignment of contract

D0550028628.[5]  Accordingly, the Reorganized Debtors request that this Court overrule the

DGC-Plastic Cure Objection.

---

[4]    Pursuant to article 11.1 of the Modified Plan, the Reorganized Debtors now hold the Debtors' books and records.
[5]    Additionally, this Court has previously ruled that a general claim assignment agreement does not, by itself, give
a claims trader the right to deal with the Debtors on cure issues under section 365 of the Bankruptcy Code.  <u>See</u>
Feb. 21, 2008 Hr'g. Tr. at 146 (Docket No. 13210) (finding that claims traders "who were not the assignees of
the contract . . . just purchasers of a portion of the claim" do not have the right "to get in between the debtor and
the contract party").  Accordingly, even if there was a cure amount owing, the Reorganized Debtors would not
remit such amounts to LSI or other claims traders.

17.    <u>Magneti Marelli Powertrain USA Inc.</u>  On February 8, 2008, Magneti

Marelli Powertrain USA Inc. ("Magneti Marelli") filed its Objection Of Magneti Marelli

Powertrain USA Inc. To Notice Of Cure Amount With Respect To Executory Contract To Be

Assumed Or Assumed And Assigned Under Plan Of Reorganization (Docket No. 12563) (the

"Magneti Marelli Cure Objection").  In the Magneti Marelli Cure Objection, Magneti Marelli (i)

objected to the Cure Amount of $0.00 for contract D0550005859 and to the Cure Amount of

$0.00 for contract D0550054402 and (ii) asserted a protective objection seeking a cure amount of

$29,435.10 to be paid to LSI to the extent the Cure Amount relates to proof of claim number

5743 ("Claim 5743").  On March 30, 2007, Claim 5743 was ordered modified and subsequently

allowed (because it was not subject to further objection) as a general unsecured non-priority

claim in the amount of $29,435.10.  <u>See</u> Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R.

Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims,

(B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D)

Claims Subject to Modification (Docket No. 7507).

18.    The Reorganized Debtors have reviewed the information attached to

Claim 5743 and have reviewed their books and records and neither contract D0550005859 nor

contract D0550054402 relate to the amounts asserted in Claim 5743.  Moreover, the Reorganized

Debtors' books and records do not reflect any Cure Amount owing in connection with the

assumption and assignment of contract D0550005859 or contract D0550054402.  Accordingly,

the Reorganized Debtors request that this Court overrule the Magneti Marelli Cure Objection.

D.    <u>Resolved Or Settled Cure Objections</u>

19.    The Counterparties set forth on <u>Exhibit A-2</u> each filed objections to the

Cure Amount Notices and, upon information and belief, these objections have been resolved but

the Counterparties have not filed formal withdrawals of their objections.  Accordingly, out of an

abundance of caution, the Reorganized Debtors are including these objections on this Motion so that the objections can be formally resolved and the register of asserted cure claims can be clarified.

20.    <u>Digi-Key Corporation.</u>  On February 8, 2008, Digi-Key Corporation ("Digi-Key") filed its Objection Of Digi-Key Corporation To Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization (Docket No. 12562) (the "Digi-Key Cure Objection"), disputing the proposed Cure Amount for contracts 705648 and 707306.  Digi-Key subsequently received an aggregate cure payment of $250.72 related to contracts 705648 and 707306.  Moreover, Digi-Key represented to the Reorganized Debtors in an e-mail dated February 16, 2010, that its Digi-Key Cure Objection is fully resolved.  A copy of the February 16, 2010 e-mail is attached hereto as <u>Exhibit C</u>.  No formal withdrawal of the Digi-Key Cure Objection was filed.  Out of an abundance of caution, therefore, the Reorganized Debtors request that this Court overrule the Digi-Key Cure Objection as settled or resolved, or in the alternative, deem such cure objection withdrawn.

21.    <u>SANYO Electronic Corporation.</u>  On February 13, 2008, SANYO Electronic Device (USA) Corporation ("Sanyo Electronic") filed its Objection Of SANYO Electronic Device (USA) Corporation To Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization (Docket No. 12701) (the "Sanyo Electronic Cure Objection").

22.    On January 14, 2010, Sanyo Electronic filed its Notice Of Withdrawal Of Objection Of Sanyo Electronic Device (USA) Corporation With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization (Docket No. 19331)

10

(the "Notice of Withdrawal").  Sanyo Electronic's Notice of Withdrawal fully resolves the Sanyo

Electronic Cure Objection, but inadvertently identified the Sanyo Electronic Cure Objection as

having been filed at docket number 12375, the docket number corresponding to the Debtors'

Notice of Cure Amount, rather than at docket number 12701.  Out of an abundance of caution,

the Reorganized Debtors request that this Court deem such cure objection withdrawn, or, in the

alternative, overrule the Sanyo Electronic Cure Objection as settled or resolved.

E.      Books And Records Cure Proposals

        23.     The Counterparties set forth on Exhibit B-1 each filed a Cure Proposal, to

which the Debtors objected (or provisionally allowed, subject to expiration or termination of the

underlying contract).  In particular, the Reorganized Debtors have reviewed their books and

records with respect to these Cure Proposals, and do not believe the Cure Proposals relate to

contracts that were assumed and assigned pursuant to the Modified Plan.

        24.     Georgia Power Company.  On March 7, 2008, Georgia Power Company

("Georgia Power") filed its Cure Claim With Respect To Assumption Of Master Contract For

Electric Power Service Pursuant To First Amended Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 13015) (the

"Georgia Power Cure Proposal"), asserting that a cure payment was owed to Georgia Power in

the amount of $406,933.35 in connection with a Master Contract for Electric Power Service.[6]

Pursuant to this Court's 8.2(b) Order, the Georgia Power Cure Proposal was listed as a

provisionally allowed Cure Proposal in the amount of $406,933.35, "subject to expiration of the

underlying executory contract . . . and subject to further modification on account of any increases

---

[6]     The Master Contract for Electric Power Service related to electric power service provided at the Fitzgerald
        Battery Plant in Fitzgerald, Georgia (the "Fitzgerald Battery Plant").

or decreases to the proposed cure amount as a result of subsequent acts or omissions."  (8.2(b)

Order ¶ 2.)

    25.  The Debtors closed the Fitzgerald Battery Plant associated with the Master

Contract for Electric Power Service.  Moreover, in February 2009, eight months prior to the

Effective Date, in connection with the closure of the Fitzgerald Battery Plant the Debtors

terminated the Master Contract for Electric Power Service.  Accordingly, the Master Contract for

Electric Power Service was not assumed and assigned pursuant to the Modified Plan and no cure

amounts are owed to Georgia Power.  Because the underlying contract had been terminated, in

accordance with paragraph 34 of the Modification Procedures Order, the Debtors subsequently

sent Georgia Power Company a Non-Assumption Notice, identifying the account number used

by Georgia Power Company[7] to identify the electric power services provided to the Debtors

under the Master Contract for Electric Power Services as a contract that was no longer being

assumed and assigned or cured under the Modified Plan.  (See Non-Assumption Notice, Docket

No. 17728.)  To the extent Georgia Power Company believes that the Master Contract for

Electric Power Services constitutes an executory contract that was assumed as of the Effective

Date and that the prepetition amounts set forth in the Cure Proposal must be paid as cure, the

Reorganized Debtors reserve all rights to reject such contract if this Court enters an order

establishing a cure amount in excess of that set forth in the Reorganized Debtors' books and

records, as set forth in the Modification Approval Order.  (See Modification Approval Order ¶

31(b).)  Accordingly, the Reorganized Debtors request that the Georgia Power Cure Proposal be

denied.

---

[7]  See Proof of Claim Number 468.  As reflected in the affidavit of service at Docket No. 17728, the Debtors
mailed a Non-Assumption Notice to Georgia Power Company at the address set forth in Georgia Power
Company's Proof of Claim Number 468.

26.    <u>TR Butterfield Trail Corporation.</u>  On March 4, 2008, TR Butterfield Trail

Corporation ("TR Butterfield") submitted an undocketed cure proposal (the "TR Butterfield Cure

Proposal") asserting that the Debtors would be required to pay $32,627.13 to cure defaults under

a Warehouse Lease agreement dated February 1, 2004.  The Reorganized Debtors have reviewed

the TR Butterfield Warehouse Lease and have determined, based on the Reorganized Debtors'

books and records, that the Warehouse Lease expired on December 31, 2008 and was not

renewed.  Accordingly, because the Warehouse Lease identified in the TR Butterfield Cure

Proposal was not assumed and assigned pursuant to the Modified Plan and no cure amounts are

owed to TR Butterfield, the TR Butterfield Cure Proposal should be denied.

F.    <u>Resolved Or Settled Cure Proposals</u>

27.    The Counterparties set forth on <u>Exhibit B-2</u> filed a Cure Proposal and,

upon information and belief, this Cure Proposal has been resolved, but the Counterparties have

not formally withdrawn their Cure Proposal.

28.    <u>Spartech Corporation and Spartech Polycom.</u>  On March 10, 2008,

Spartech Corporation, Spartech Polycom and their affiliates (collectively, "Spartech") filed their

Notice of Proposed Cure Claims Of Spartech Corporation Pursuant To Confirmation Order And

Section 8.2(b) Of First Amended Joint Plan Of Reorganization (Docket No. 13042) (the

"Spartech Cure Proposal"), asserting that Spartech was owed $1,832,945.29.

29.    On August 6, 2009, Spartech filed their Objection Of Spartech

Corporation And Spartech Polycom, Inc. To DIP Holdco III, LLC's Assumption And

Assignment Notice (Docket No. 18754) (the "Spartech Section 365 Objection"), objecting to the

assumption and assignment of certain contracts, including, without limitation, the contracts set

forth in the Spartech Cure Proposal.  The Spartech Section 365 Objection referenced the same

contracts and cure amount as its Cure Proposal, but noted that "as a result of various post-petition

13

payments and other transactions, Spartech is owed $236,453.00." (Spartech Section 365 Objection ¶ 10.)

30.     Only one contract was an assumed and assigned contract, contract 55538, with a Cure Amount of $4,581.50. The other contracts asserted in the Spartech Section 365 Objection and the Spartech Cure Proposal were either expired contracts or postpetition contracts not subject to the cure procedures. Based on this information and following reconciliation of the Debtors' books and records with Spartech's books and records, Spartech agreed with the Cure Amounts set forth in the Debtors' books and records and notified counsel for the Debtors by e-mail that Spartech would not pursue its Section 365 Objection.[8]

31.     Accordingly, the Reorganized Debtors believe that the Spartech Cure Proposal has been fully resolved. Out of an abundance of caution, however, the Reorganized Debtors request that this Court overrule the Spartech Cure Proposal as settled or resolved.

## Applicable Authority

32.     Section 365(b)(1) of the Bankruptcy Code provides that if there has been a default in an executory contract or unexpired lease of the debtor, the debtor may not assume such contract unless "at the time of assumption of such contract or lease" the debtor "cures, or provides adequate assurance that [it] will promptly cure" such default. 11 U.S.C. § 365(b)(1)(A). This Court's case management orders, paragraph 9 of the 8.2(b) Order, paragraphs 29 and 31 of this Court's Modification Approval Order, and Articles 8.1 and 8.2 of the Modified Plan, set forth the procedures to resolve outstanding contested matters regarding objections to Cure Amount Notices and unresolved Cure Proposals. Specifically, unresolved objections to the

---

[8]    Because this e-mail correspondence was designated as confidential and subject to Federal Rule of Evidence 408, copies of this correspondence are not attached as an exhibit to this Motion but will be available for this Court to review at the hearing. The Reorganized Debtors have provided copies of this e-mail correspondence to counsel for Spartech.

Debtors' Cure Amount Notices constitute contested matters properly resolved by a motion

brought in accordance with the case management order.  In addition, Article 8.2(b)(ii) of the

Modified Plan and paragraph 31 of the Modification Approval Order provide that the

Reorganized Debtors "have the right to amend, modify, or supplement" their objection to each

Cure Proposal and may set disputed Cure Proposals for a hearing before this Court on 20 days'

notice.[9]  (Modified Plan ¶ 8.2(b)(ii); 8.2(b) Order ¶ 9.)

        33.   <u>Cure Amount Notices.</u>  Paragraph 29(a) of the Modification Approval

Order provides that for Counterparties who filed a proper and timely objection to the Cure

Amount Notice in accordance with the procedures approved by this Court, Cure shall be equal to:

> (a) the amount agreed to between the Debtors or Reorganized
> Debtors and the applicable counterparty or, (b) to the extent no
> such agreement was or is reached, such other amount as ordered by
> the Bankruptcy Court. Counterparties shall assert any claims for
> defaults of Material Supply Agreements accruing after June 1,
> 2009 and shall file and serve such claims before the Administrative
> Claims Bar Date in accordance with this order and as otherwise set
> forth in Articles 10.2 and 10.5 of the Modified Plan.

(Modification Approval Order ¶ 29(a).)

        34.    In the event the objection to the Cure Amount Notice cannot be resolved,

paragraph 29(b) of this Court's Modification Approval Order provides that Cure shall be paid to

the Counterparty within:

> a reasonable period of time following the entry of a Final Order
> adjudicating the dispute . . . provided that if there is a dispute as to
> the amount of Cure or adequate assurance that cannot be resolved
> consensually among the applicable counterparty and the Debtors,
> Reorganized Debtors, or the Purchasing Entities then
> notwithstanding anything to the contrary herein, in the
> Confirmation Order, or in the Modification Procedures Order, **the**

---

[9]    Each Cure Proposal subject to this Motion was included on the Debtors' (I) Omnibus Objection Pursuant To
Confirmation Order, 11 U.S.C. §§ 105(a), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals
Submitted Under Article 8.2(b) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally
Allowing Certain Cure Proposals (Docket No. 13459).

> **Debtors or Reorganized Debtors, shall have the right** (and shall do so if directed by a Purchasing Entity pursuant to the terms of the MDA Documents) **to reject the contract or lease for a period of six days after entry of a Final Order establishing (a) a Cure amount in excess of that provided by the Debtors** or (b) adequate assurance on terms not reasonably acceptable to the Debtors or Reorganized Debtors and the assignee, if applicable, of such Material Supply Agreement.

(Modification Approval Order ¶ 29(b) (emphasis added).)

35.     <u>Cure Proposals.</u>  Specifically, if a Counterparty included an assertion in its Cure Proposal disputing (i) the nature or amount of any Cure, (ii) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" under the contract or lease to be assumed, or (iii) any other matter pertaining to assumption, then "the disputed matter shall be set for hearing in the Bankruptcy Court, which hearing shall be scheduled for an available claims hearing date following 20 days' notice."  (Modification Approval Order ¶ 31(b); <u>see also</u> Modified Plan § 8.2(b)(ii).)  As explained above, the Modification Approval Order also reserves the right of the Reorganized Debtors to "amend, modify, or supplement the Cure Proposal Objections."  (Modification Approval Order ¶ 31(b).)

36.     The Modification Approval Order provides that Cure payments, if any:

> shall be paid, honored, or otherwise occur following the earlier of a consensual resolution or the entry of a Final Order of the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that if there is a dispute as to the amount of Cure or regarding adequate assurance that cannot be resolved consensually among the parties, notwithstanding anything to the contrary herein or in the Confirmation Order, **the Debtors shall have the right** (and shall do so if directed by a Purchasing Entity pursuant to the terms of the MDA Documents) to **reject the contract or lease for a period of six days after entry of a Final Order establishing (a) a Cure amount in excess of that asserted by the Debtors** or (b) adequate assurance on terms not reasonably acceptable to the Debtors or the Reorganized Debtors, as the case may be, and the assignee of such contract or lease.

16

(Id. (emphasis added.))

If the Reorganized Debtors are unable to resolve the objections to Cure Amount Notices and

Cure Proposals set forth in this Motion, the Reorganized Debtors may seek to reject such

contracts as authorized in the Modification Approval Order, and would do so by providing notice

to the Counterparty of their intent to reject within six days of entry of a Final Order (as defined

in the Modified Plan).

Notice

37.    Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twentieth

Supplemental Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered July 16, 2010 (Docket No. 20427).  In light of the

nature of the relief requested, the Reorganized Debtors submit that no other or further notice is

necessary.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter

an order (a) overruling the objections set forth on Exhibits A-1 and A-2, (b) denying the Cure

Proposals set forth on Exhibits B-1 and B-2, and (c) granting the Reorganized Debtors such other

and further relief as is just.

Dated:    New York, New York
          October 29, 2010

                                   SKADDEN, ARPS, SLATE, MEAGHER
                                     & FLOM LLP

                                   By:   /s/ Ron E. Meisler
                                         John Wm. Butler, Jr.
                                         John K. Lyons
                                         Ron E. Meisler
                                   155 North Wacker Drive
                                   Chicago, Illinois 60606

                                         - and -

                                   Four Times Square
                                   New York, New York 10036

                                   Attorneys for DPH Holdings Corp., et al.,
                                     Reorganized Debtors

**Exhibit A-1**

| **Counterparty** | **Objection** | **Docket No.** | **Date** |
|---|---|---|---|
| DGC-Plastic Molding Inc. | Objection Of DGC-Plastic Molding Inc. To Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization | 12561 | 2/8/2008 |
| Magneti Marelli Powertrain USA Inc | Objection Of Magneti Marelli Powertrain USA Inc. To Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization | 12563 | 2/8/2008 |

## Exhibit A-2

| **Counterparty** | **Objection** | **Docket No.** | **Date** |
|---|---|---|---|
| Digi-Key Corporation | Objection Of Digi-Key Corporation To Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization | 12562 | 2/8/2008 |
| SANYO Electronic Device (USA) Corporation | Objection Of SANYO Electronic Device (USA) Corporation To Notice Of Cure Amount With Respect To Executory Contract To Be Assumed Or Assumed And Assigned Under Plan Of Reorganization | 12701 | 2/13/2008 |

## **Exhibit B-1**

| **Counterparty** | **Cure Proposal** | **Docket No.** | **Date** |
|---|---|---|---|
| Georgia Power Company | Cure Claim With Respect To Assumption Of Master Contract For Electric Power Service Pursuant To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession | 13015 | 3/7/2008 |
| TR Butterfield Trail Corporation | Cure Claim Filed By TR Butterfield Trail Corporation | Undocketed | 3/4/2008 |

**Exhibit B-2**

| __Counterparty__ | __Cure Proposal__ | __Docket No.__ | __Date__ |
|---|---|---|---|
| Spartech Corporation, Spartech Polycom and their affiliates | Notice of Proposed Cure Claims Of Spartech Corporation Pursuant To Confirmation Order And Section 8.2(b) Of First Amended Joint Plan Of Reorganization | 13042 | 3/10/2008 |

# Exhibit C

**From:**
**To:**
**Subject:**    FW: Digi-Key Delphi Cure amount
**Date:**    10/29/2010 3:10:21 PM
**CC:**
**BCC:**

**Message:**

---

**From:** Ruhm, Jay [mailto:jay.ruhm@delphi.com]
**Sent:** Tuesday, February 16, 2010 3:10 PM
**To:** Chiappetta, Louis S (CHI)
**Subject:** FW: Digi-Key Delphi Cure amount

Louis,

Below is the email string confirming that Digi-Key no longer objects to the cure amount as noticed by Delphi, and attached is the email response I received today to my most recent question.

Is this sufficient for us to consider this one officially closed?

Thanks,

Jay Ruhm
Delphi Proof of Claim Contractee
On Assignment to Delphi Corporation
Delphi World Headquarters
5725 Delphi Drive
Troy, MI  48098  USA
Tel: 248-813-6844
Fax: 248-813-3230
E-mail: jay.ruhm@delphi.com

---

**From:** Ruhm, Jay
**Sent:** Tuesday, February 16, 2010 2:42 PM
**To:** 'LoriAnn Walseth'
**Subject:** RE: Digi-Key Delphi Cure amount

Lori Ann,

I can't seem to find the withdrawal on the docket.  Could you please tell me the docket number?

Jay Ruhm
Delphi Proof of Claim Contractee
On Assignment to Delphi Corporation
Delphi World Headquarters
5725 Delphi Drive
Troy, MI  48098  USA
Tel: 248-813-6844
Fax: 248-813-3230
E-mail: jay.ruhm@delphi.com

1

**From:** LoriAnn Walseth [mailto:loriann.walseth@digikey.com]
**Sent:** Wednesday, January 27, 2010 3:30 PM
**To:** Ruhm, Jay
**Subject:** RE: Digi-Key Delphi Cure amount

Hi Jay,

So sorry for all of the confusion over this.  The Objection is being withdrawn today.  I spoke with the party who filed the Objection and she was working on it when I called (I'd left a message for her yesterday).

Thanks for your patience!


Lori Ann Walseth
Digi-Key Corporation
Accounts Receivable Supervisor
800-338-4105 ext 2113
loriann.walseth@digikey.com




**From:** Ruhm, Jay [mailto:jay.ruhm@delphi.com]
**Sent:** Tuesday, January 26, 2010 2:33 PM
**To:** LoriAnn Walseth
**Subject:** RE: Digi-Key Delphi Cure amount

Sorry, no.  You might be best served by having whoever filed your objection file the withdrawal.

Jay Ruhm
Delphi Proof of Claim Contractee
On Assignment to Delphi Corporation
Delphi World Headquarters
5725 Delphi Drive
Troy, MI  48098 USA
Tel: 248-813-6844
Fax: 248-813-3230
E-mail: jay.ruhm@delphi.com


**From:** LoriAnn Walseth [mailto:loriann.walseth@digikey.com]
**Sent:** Tuesday, January 26, 2010 3:27 PM
**To:** Ruhm, Jay
**Subject:** RE: Digi-Key Delphi Cure amount

I'm glad I asked – do you have an address for me?

2

Lori Ann Walseth
Digi-Key Corporation
Accounts Receivable Supervisor
800-338-4105 ext 2113
loriann.walseth@digikey.com

---

**From:** Ruhm, Jay [mailto:jay.ruhm@delphi.com]
**Sent:** Tuesday, January 26, 2010 2:26 PM
**To:** LoriAnn Walseth
**Subject:** RE: Digi-Key Delphi Cure amount

Thanks, Lori, but no, the letter does not come to me. Digi-Key must withdraw its objection directly with the bankruptcy court and ensure that it is properly listed on the docket. Delphi cannot do that for you.

Jay Ruhm
Delphi Proof of Claim Contractee
On Assignment to Delphi Corporation
Delphi World Headquarters
5725 Delphi Drive
Troy, MI 48098 USA
Tel: 248-813-6844
Fax: 248-813-3230
E-mail: jay.ruhm@delphi.com

---

**From:** LoriAnn Walseth [mailto:loriann.walseth@digikey.com]
**Sent:** Tuesday, January 26, 2010 3:10 PM
**To:** Ruhm, Jay
**Subject:** RE: Digi-Key Delphi Cure amount

Hi Jay,

Please accept my sincerest of apologies! I thought I had taken care of this right after we spoke in December. I thought perhaps that it didn't reach you, but after checking through my records, I could not find that I sent the letter to you.

I am sending it today – it basically states exactly what my email said (correct?). The check has already been received (check #50525 for $250.72) but it has not been deposited/cashed.

I am sending the letter to your attention at the address in Troy, MI, is that right?

Again, my apologies for the delay in this – I was tied up in year-end projects and everything else was put on hold until I was finished.

Sincerely,

3

Lori Ann Walseth
Digi-Key Corporation
Accounts Receivable Supervisor
800-338-4105 ext 2113
loriann.walseth@digikey.com

---

**From:** Ruhm, Jay [mailto:jay.ruhm@delphi.com]
**Sent:** Tuesday, January 26, 2010 1:38 PM
**To:** LoriAnn Walseth
**Subject:** RE: Digi-Key Delphi Cure amount

Lori Ann,

As we had discussed in December, Digi-Key had agreed to the Delphi contract cure, and also agreed to withdraw the cure objection from the Bankruptcy Court's docket. As of today, there was no notice of withdrawal on the docket.

As Delphi is preparing to finalize the bankruptcy case, we must ask again to have the objection withdrawn from the docket. The only alternative to a withdrawal is a hearing in court. Please have the objection withdrawn as soon as possible, and notify me by email so I may verify it.

I apologize for the urgency of the matter, and thank you for your attention to this.

Jay Ruhm
Delphi Proof of Claim Contractee
On Assignment to Delphi Corporation
Delphi World Headquarters
5725 Delphi Drive
Troy, MI  48098  USA
Tel: 248-813-6844
Fax: 248-813-3230
E-mail: jay.ruhm@delphi.com

---

**From:** LoriAnn Walseth [mailto:loriann.walseth@digikey.com]
**Sent:** Thursday, December 03, 2009 4:09 PM
**To:** Ruhm, Jay
**Subject:** Delphi Cure amount

Dear Jay,

This email is to confirm our tele-con from yesterday afternoon (December 2, 2009).

We (Digi-Key corporation) no longer object to the Cure amount and agree to the Cure amount of $250.

Please direct it to my attention at the following address:  Digi-Key Corporation, PO Box 250, Thief River Falls, MN  56701.

4

Thank you!


Lori Ann Walseth
Digi-Key Corporation
Accounts Receivable Supervisor
800-338-4105 ext 2113
loriann.walseth@digikey.com




This email and the associated attachments may contain information that
is proprietary, privileged, confidential or otherwise protected from
disclosure.  If you are not the intended recipient or otherwise have
received this message in error, you are not authorized to read, print,
retain, copy or disseminate this message or any part of it.  If you
are not the intended recipient or otherwise have received this message
in error, please notify us immediately, destroy any paper copies and
delete all electronic files of the message.
Thank you.   Digi-Key Corporation.
*****************************************************************************
Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.
*****************************************************************************


*****************************************************************************
Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.

*****************************************************************************


*****************************************************************************
Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.
*****************************************************************************


*****************************************************************************

5

Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.

*********************************************************************************

*********************************************************************************

Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.

*********************************************************************************

*********************************************************************************

Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.

*********************************************************************************

*********************************************************************************

Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.

*********************************************************************************

*********************************************************************************

Note:  If the reader of this message is not the intended recipient, or an employee or
agent responsible for delivering this message to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting it from your computer. Thank you.

*********************************************************************************

6

**From:**      LoriAnn Walseth [loriann.walseth@digikey.com]
**To:**        Ruhm, Jay
**Subject:**   FW: Cure amount (Delphi)
**Date:**      2/16/2010 2:03:36 PM
**CC:**
**BCC:**

**Message:**
Good afternoon, Jay,

Please see below.  Hope this is what you're looking for!


Lori Ann Walseth
Digi-Key Corporation
Accounts Receivable Supervisor
800-338-4105 ext 2113
loriann.walseth@digikey.com




**From:** Rosi Romero [mailto:rromero@liquiditysolutions.com]
**Sent:** Tuesday, February 16, 2010 1:54 PM
**To:** LoriAnn Walseth
**Subject:** RE: Cure amount (Delphi)

| | | |
|---|---|---|
| 01/27/2010 | 19376 | Notice of Withdrawal *(Related to Docket 11921* filed by Norman David Schoenfeld on behalf of Liquidity Solutions, Inc.. (Schoenfeld, Norman) (Entered: 01/27/2010) |

| | | |
|---|---|---|
| 01/11/2008 | 11921 | Objection */Objection of Liquidity Solutions, Inc., as Assignee, to Notices of Cure Amount With Respect to Executory Contracts to be Assumed or Assumed and Assigned Under Plan of Reorganization* filed by Dana P. Kane on behalf of Revenue Management. (Attachments: # 1 Exhibit A) (Kane, Dana) (Entered: 01/11/2008) |

1

This email and the associated attachments may contain information that
is proprietary, privileged, confidential or otherwise protected from
disclosure.  If you are not the intended recipient or otherwise have
received this message in error, you are not authorized to read, print,
retain, copy or disseminate this message or any part of it.  If you
are not the intended recipient or otherwise have received this message
in error, please notify us immediately, destroy any paper copies and
delete all electronic files of the message.
Thank you.   Digi-Key Corporation.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
        In re                             :        Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :        Case No. 05-44481 (RDD)
                                          :
                Reorganized Debtors. :            (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER RESOLVING OUTSTANDING OBJECTIONS TO
CURE OF MATERIAL SUPPLY AGREEMENTS AND CURE
PROPOSALS FOR CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES

("CURE RESOLUTION ORDER")

Upon the motion, dated October 29, 2010 (the "Motion"),[1] of DPH Holdings Corp.

("DPH Holdings"), on behalf of itself and certain of its affiliated reorganized debtors in the

above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors to

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order resolving outstanding objections to cure of Material Supply Agreements and Cure

Proposals for certain Other Executory Contracts And Unexpired Leases; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice is

necessary; and upon the record of the November 18, 2010 hearing on the Motion; and after due

deliberation thereon; and good and sufficient cause appearing therefor,

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.      This Court has core jurisdiction over these chapter 11 cases and the parties

and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334, article 13 of the Modified

Plan, and paragraphs FF and 56 of the Modification Approval Order.  Venue of this proceeding

and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The objections to Cure Amount Notices identified on Exhibit A-1 hereto

assert cure amounts inconsistent with the Reorganized Debtors' books and records.

C.      The objections to Cure Amounts identified on Exhibit A-2 hereto have

been resolved and the Counterparties who asserted such objections have not opposed the relief

sought in the Motion, but the Counterparties have not filed formal withdrawals of their

objections.

D.      The Cure Proposals identified on Exhibit B-1 hereto assert cure amounts

that do not relate to contracts that were assumed and assigned pursuant to the Modified Plan.

E.      The Cure Proposal identified on Exhibit B-2 hereto has been resolved and

the Counterparties who asserted such Cure Proposal have not opposed the relief sought in the

Motion, but the Counterparties have not formally withdrawn their Cure Proposal.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The objections to Cure Amount Notices identified on Exhibit A-1 hereto

are hereby overruled with prejudice.

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  See Fed. R. Bankr. P. 7052.

3.      The objections to Cure Amounts identified on <u>Exhibit A-2</u> hereto are

hereby deemed withdrawn with prejudice, or, in the alternative, overruled as settled or resolved.

4.      The Cure Proposals identified on <u>Exhibit B-1</u> hereto are hereby denied

with prejudice.

5.      The Cure Proposal identified on <u>Exhibit B-2</u> hereto is hereby deemed

withdrawn with prejudice, or, in the alternative, denied as settled or resolved.

6.      This Court shall retain jurisdiction to hear and determine all matters

arising from or relating to the implementation of this order.

Dated:  White Plains, New York
        November ___, 2010

_____
            UNITED STATES BANKRUPTCY JUDGE

**Hearing Date And Time:  November 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time:  November 10, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
          In re                                           :     Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :     Case No. 05-44481 (RDD)
                                                          :
                                                          :     (Jointly Administered)
          Reorganized Debtors.                            :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF REORGANIZED DEBTORS' MOTION FOR ORDER
RESOLVING OUTSTANDING OBJECTIONS TO CURE OF MATERIAL
SUPPLY AGREEMENTS AND CURE PROPOSALS FOR CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES

\

PLEASE TAKE NOTICE that on October 29, 2010, DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors") filed a Motion For Order Resolving Outstanding Objections To Cure Of Material Supply Agreements And Cure Proposals For Certain Executory Contracts And Unexpired Leases (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on November 18, 2010 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) ("Supplemental Case Management Order"), and the Twentieth Supplemental Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered July 16, 2010 (Docket No. 20427) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable

2

Document Format (PDF), WordPerfect, or any other Windows-based word processing format),

(d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain,

United States Bankruptcy Judge, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi

Drive, Troy, Michigan 48098 (Att'n: President), (ii) counsel to the Reorganized Debtors,

Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606

(Att'n: John Wm. Butler, Jr., John K. Lyons, and Ron. E. Meisler), (iii) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York,

New York 10004 (Att'n: Brian S. Masumoto), and (iv) counsel for the agent under the Debtors'

former postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue, New York,

New York 10017 (Att'n: Donald S. Bernstein and Brian M. Resnick) in each case so as to be

**received** no later than **4:00 p.m. (prevailing Eastern time) on November 10, 2010**.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Orders will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Case Management Orders, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:    New York, New York
          October 29, 2010

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:  /s/ Ron E. Meisler
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

     - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

4