UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                         :

      In re                                         :       Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,              :       Case No. 05-44481 (RDD)
                                                       :
           Reorganized Debtors.           :       (Jointly Administered)
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING ADMINISTRATIVE EXPENSE
CLAIM FILED BY CADENCE INNOVATION, LLC
(ADMINISTRATIVE EXPENSE CLAIM NUMBER 20055)

Upon the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection") of DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") successors to Delphi Corporation and certain of its subsidiaries (collectively, the "Debtors"); and upon Cadence Innovation LLC's Response To Reorganized Debtors' Forty-Seventh Omnibus Objection To Proofs Of Claim (Docket No. 20012) (the "Response"); and this Court having considered the Response and other documents filed by Cadence Innovation LLC (the "Claimant") and by the Reorganized Debtors; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

  A. The Claimant was properly served with the Forty-Seventh Omnibus Claims Objection.[2]

  B. The Claimant was properly served with the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the "Administrative Claim Bar Date Notice") describing the July 15, 2009 bar date (the "Administrative Claim Bar Date") established pursuant to paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032).

  C. The Claimant was properly served with the Notice Of Deadline To File Motion For Leave To File Late Administrative Expense Claim With Respect To Late Administrative Expense Claim Filed By Cadence Innovation, LLC (Administrative Expense Claim No. 20055) (Docket No. 20613).

  D. This Court has jurisdiction of the Forty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334. The Forty-Seventh Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and the Forty-Seventh Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Seventh Omnibus Claims Objection.

[2] See Affidavit Of Service Of Darlene Calderon Re: Documents Served On April 16, 2010 [Docket Nos. 6089, 18998, 19873, and Personalized Notice of Objection to Claim] (Docket No. 19910).

    E. The Claimant has failed to seek leave to justify its failure to timely file administrative expense claim number 20055 by the Administrative Claim Bar Date and pursuant to the Administrative Claim Bar Date Notice.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. Administrative expense claim number 20055 filed by the Claimant is hereby disallowed and expunged in its entirety and no distribution shall be made on account of such claim from the Debtors' estates or by the Reorganized Debtors.

    2. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998).

    3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: White Plains, New York
    November 3, 2010

          /s/Robert D. Drain
          UNITED STATES BANKRUPTCY JUDGE