Hearing Date and Time:  November 18, 2010 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  November 16, 2010 at 4:00 p.m. (prevailing Eastern time)

TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for DPH Holdings Corp, *et al.*,
Reorganized Debtors
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Lara Sheikh

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :    Chapter 11
DPH HOLDINGS CORP., et al.,                                 :    Case No. 05-44481 [RDD]
                                                            :
           Reorganized Debtors.                             :    Jointly Administered
                                                            :
------------------------------------------------------------x

# REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF CONTINENTAL AG AND AFFILIATES TO REORGANIZED DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM NOS. 19037, 19092, 19094, 19097, 19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 AND 19736

DPH Holdings Corp. and certain of its affiliated reorganized debtors (the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (f/k/a In re Delphi Corporation et al.), (collectively, the "Debtors"), hereby submit the Reorganized Debtors' Supplemental Reply (the "Supplemental Reply") to the Response of Continental AG and Affiliates ("Claimants") to Reorganized Debtors' Forty-Third Omnibus Objection to Proofs of Administrative Claim Numbers 19037, 19092, 19094, 19097, 19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 and

19736 (collectively, the "Continental Claims"), and respectfully represent as follows:

A.    <u>Preliminary Statement</u>

       1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

       2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

       3.    On October 20, 2010, the Reorganized Debtors filed Notices of Sufficiency Hearing with respect to the Continental Claims (Docket Nos. 20684, 20685, 20686 and 20687) (the "Sufficiency Hearing Notices").

       4.    The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, Art. 9.6(a).

       5.    By the Sufficiency Hearing Notices and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered

2

December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Twelfth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered July 16, 2010 (Docket No. 20426), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") for November 18, 2010 at 10:00 a.m. (prevailing Eastern time) before the Court to address the legal sufficiency of the Claims and whether each such proof of claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **November 16, 2010.**

B. <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging the Claims.  Upon review of the Claims, the Reorganized Debtors determined that (a) certain of the Claims are duplicative of other Claims and (b) certain of the Claims assert invoices against Delphi DO Brasil, which was not one of the Debtors in the Chapter 11 cases.  Accordingly, this Court should enter an order disallowing and expunging the each of the Claims in its entirety.

3

C.   Claimants' Burden of Proof and Standard For Sufficiency of Claim

8.   The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The claimants have not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objections to the Claims should be sustained and each of the Claims should be disallowed and expunged in its entirety.

9.   The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of *prima facie* validity pursuant to Bankruptcy Rule 3001(f).  *In re Spiegel, Inc.*, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); *see also In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); *In re Allegheny Int'l., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); *In re Chiro Plus, Inc.*, 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); *In re Armstrong Finishing, L.L.C.*, No. 99-11576-C11, 2001 WL 1700029, at *2 Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); *In re United Cos. Fin. Corp.*, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

10.  For purposes of sufficiency, this Court has determined that the

4

standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  *See* Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1.  Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true."  *Bradley v. Rell*, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y Mar. 25, 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555 (2007)).  Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

11. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute *prima facie* evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim must be consistent with the official form" and Bankruptcy Rule 3001(c) requires "evidence of a writing if the claim is based on a writing."  Fed. R. Bankr. P. 3001(a), (c).  *See* January 12, 2007 Transcript at 52:17-22.).

D.    Argument Regarding the Claims

12. It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Claimants filed twenty-six proofs of administrative expense claims for payment for goods provided to the Debtors:  proofs of administrative expense claims, 19037, 19092, 19094, 19097, 19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734, 19736, 19161, 19772, 19776, 19093, 19159, 19773, 19775, 19778, 19780, 19777, 19774 and 19779.

5

13. Twelve of the Claims are exact duplicates of other Claims:

- Proof of administrative claim 19037 is an exact duplicate of proof of administrative claim 19093.

- Proof of administrative claim 19092 is an exact duplicate of proof of administrative claim 19161.

- Proof of administrative claim 19097 is an exact duplicate of proof of administrative claim 19159.

- Proof of administrative claim 19727 is an exact duplicate of proof of administrative claim 19773.

- Proof of administrative claim 19728 is an exact duplicate of proof of administrative claim 19775.

- Proof of administrative claim 19729 is an exact duplicate of proof of administrative claim 19778.

- Proof of administrative claim 19730 is an exact duplicate of proof of administrative claim 19776.

- Proof of administrative claim 19731 is an exact duplicate of proof of administrative claim 19772.

- Proof of administrative claim 19732 is an exact duplicate of proof of administrative claim 19780.

- Proof of administrative claim 19733 is an exact duplicate of proof of administrative claim 19777.

- Proof of administrative claim 19734 is an exact duplicate of proof of administrative claim 19774.

- Proof of administrative claim 19736 is an exact duplicate of proof of administrative claim 19779.

Claimants are entitled to one recovery on account of each of their duplicative claims.

14. Accordingly, the Reorganized Debtors request that the Court disallow and expunge proofs of administrative expense claim 19037, 19092, 19097, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 and 19736, as duplicative of proofs of administrative expense claims 19093, 19161, 19159, 19773, 19775, 19778, 19776, 19772, 19780, 19777, 19774 and 19779, respectively.

6

15. Additionally, two of the Claims, proofs of administrative claim 19094 and 19120, assert invoices against Delphi Do Brasil, which entity is not one of the Debtors in these Chapter 11 cases. Accordingly, the Reorganized Debtors request that the Court disallow and expunge proofs of administrative claim 19094 and 19120.

16. For the foregoing reasons, the Reorganized Debtors assert that (a) Claimants have not met their burden of proof to establish a claim against in the Debtors with respect to the Claims, (b) the Claims are not entitled to a presumption of *prima facie* validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claims fail to state a claim against the Debtors under Bankruptcy Rule 7012. Because the Claimants cannot provide facts or law supporting the Claims, each of the Claims should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections relating to the Claims, (b) disallowing and expunging each of the Claims in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated: New York, New York
November 8, 2010

DPH HOLDINGS CORP., *et al.*
By their attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000