**Hearing Date and Time: November 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: November 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case Number 05-44481 (RDD) |
| | (Jointly Administered) |
| Reorganized Debtors. | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE
ON BEHALF OF CLAIMANT TO REORGANIZED DEBTORS'
OBJECTION TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM
NUMBER 19572 FILED ON BEHALF OF KAAREN D. WASHINGTON

("SUPPLEMENTAL REPLY REGARDING CLAIM FILED
ON BEHALF OF KAAREN D. WASHINGTON")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response On Behalf Of Claimant To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19572 Filed On Behalf Of Kaaren D. Washington (the "Supplemental Reply"), and respectfully represent as follows:

A.   Preliminary Statement

1.   On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.   On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.   On October 20, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To (I) Proofs Of Administrative Expense Claim Numbers 18427, 18677, 19149, And 19572 And (II) The Administrative Expense Claim Asserted In The Motion Of ATEL Leasing Corporation at Docket No. 6990 (Docket No. 20694) (the "Sufficiency Hearing Notice").

4.   The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving

2

all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

        5.        By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998), and the Twelfth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered July 16, 2010 (Docket No. 20426), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on November 18, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of administrative expense claim filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice and whether each such proof of administrative expense states a colorable claim against the asserted Debtor.

        6.        This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **November 16, 2010.**

B.    Relief Requested

7.    By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging a certain proof of administrative expense claim filed against the Debtors in their chapter 11 cases.

C.    The Claim Filed Against The Debtors

8.    On August 13, 2009, the Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association (the "Association") filed proof of administrative expense claim number 19572 on behalf of Kaaren D. Washington against Delphi Automotive Systems LLC asserting liabilities on account of workers' compensation related programs (the "Claim"). During the Reorganized Debtors' review of the Claim, the Reorganized Debtors determined that neither Ms. Washington nor the Association have provided sufficient information to support the Claim. Accordingly, this Court should enter an order disallowing and expunging the Claim in its entirety.

9.    The Reorganized Debtors' Objection To The Claim.  On March 19, 2010, the Reorganized Debtors objected to the Claim on the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims

4

(Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection") on the grounds that insufficient information was provided to support the Claim.

    10. <u>Response To The Reorganized Debtors' Objection</u>.  On April 15, 2010, the Association, on behalf of Ms. Washington, filed the Response Of Mississippi Workers' Compensation Individual Self-Insurer Guaranty Association To The Reorganized Debtors' Forty-Sixth Omnibus Claims Objection – Claim No. 19572 (Kaaren D. Washington) (Docket No. 19850) (the "Response") asserting that the Claim should be estimated pursuant to section 502(c) of the Bankruptcy Code and that the Claim should be allowed as an administrative expense claim and paid in full in the estimated amount.

D. <u>Claimant's Burden Of Proof And Standard For Sufficiency Of Claim</u>

    11. The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Ms. Washington has not proved any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objection to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

    12. The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim);

In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make prima facie case).

13. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y Mar. 25, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007)). Essentially, the claimant must provide facts that sufficiently support a legal liability against the Debtors.

14. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "[a] proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a)

6

requires that "the proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "when a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

E.      Argument Regarding The Claims

15.     Insufficient Basis For Claims.  Neither Ms. Washington, nor the Association, has alleged any facts, much less plausible facts, in support of the Claim. Nevertheless, the Reorganized Debtors' own investigation regarding this Claim has confirmed that it is without merit.  On January 29, 2008, Ms. Washington's underlying workers' compensation claim was rejected by the Debtors on the basis that her injury did not arise out of or in the course and scope of employment.  Accordingly, the Claim should be disallowed and expunged in its entirety.

16.     For the foregoing reasons, the Reorganized Debtors assert that (a) Ms. Washington has not met her burden of proof to establish a claim against the Debtors, (b) the Claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Claim fails to state a claim against the Debtors under Bankruptcy Rule 7012. Because neither the Association nor Ms. Washington can provide facts or law supporting the Claim, the Forty-Sixth Omnibus Claims Objection should be sustained as to the Claim, and the Claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objections relating to the Claim, (b) disallowing and expunging the Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         November 8, 2010

                            SKADDEN, ARPS, SLATE, MEAGHER
                               & FLOM LLP

                            By:  /s/ John Wm. Butler, Jr.
                                 John Wm. Butler, Jr.
                                 John K. Lyons
                                 Ron E. Meisler
                            155 North Wacker Drive
                            Chicago, Illinois 60606

                               - and -

                            Four Times Square
                            New York, New York 10036

                            Attorneys for DPH Holdings Corp., et al.,
                               Reorganized Debtors