**Hearing Date and Time: November 18, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: November 16, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
     In re                                   :       Chapter 11
                                           :
DPH HOLDINGS CORP., et al.,           :       Case Number 05-44481 (RDD)
                                           :
                                           :       (Jointly Administered)
                Reorganized Debtors.      :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSES OF ATEL
LEASING CORPORATION TO REORGANIZED DEBTORS' OBJECTIONS TO (I) PROOF
OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18427 AND (II) THE
ADMINISTRATIVE EXPENSE CLAIM ASSERTED IN THE MOTION
OF ATEL LEASING CORPORATION AT DOCKET NO. 6990

("SUPPLEMENTAL REPLY REGARDING ADMINISTRATIVE EXPENSE
CLAIMS OF ATEL LEASING CORPORATION ")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Responses Of ATEL Leasing Corporation To Reorganized Debtors' Objections To (I) Proof Of Administrative Expense Claim Number 18427 And (II) The Administrative Expense Claim Asserted In The Motion Of ATEL Leasing Corporation At Docket No. 6990 (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1. ATEL Leasing Corporation filed a motion at docket number 6990 that asserted amounts owed on account of postpetition lease payments that arose before February 17, 2007 and proof of administrative expense claim number 18427 that asserted amounts owed on account of postpetition lease payments that were due on or before May 31, 2009. However, all postpetition amounts that arose before October 7, 2009 have already been fully released pursuant to a joint stipulation and agreed order entered into between the Debtors (as defined below) and ATEL Leasing Corporation and approved by this Court on October 7, 2009. Accordingly, this Court should enter an order disallowing and expunging these administrative expense claims in their entirety.

2. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

3. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

2

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors.

4.  On October 7, 2009, ATEL and the Reorganized Debtors entered into the Stipulation And Agreed Order Resolving Objection Of ATEL Leasing Corporation To Notice Of Assumption And Assignment (Docket No. 18965) (the "ATEL Stipulation"), which among other things, granted ATEL a cure payment of $13,699.83, granted ATEL an allowed administrative claim of $21,750.00, and released all claims and liabilities, including those asserted in proof of administrative expense claim number 18427 and the motion filed at docket number 6990. A copy of the ATEL Stipulation is attached hereto as Exhibit A.

5.  On October 20, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To (I) Proofs Of Administrative Expense Claim Numbers 18427, 18677, 19149, And 19572 And (II) The Administrative Expense Claim Asserted In The Motion Of ATEL Leasing Corporation At Docket No. 6990 (Docket No. 20694) (the "Sufficiency Hearing Notice").

6.  The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, art. 9.6(a).

3

7. By the Sufficiency Hearing Notice,[1] the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on November 18, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of each proof of administrative expense claim and the administrative expense claim asserted in the motion filed at docket number 6990, filed by the claimants listed on Exhibit A to the Sufficiency Hearing Notice, and whether each such proof of administrative expense claim and the administrative expense claim asserted in the motion filed at docket number 6990 states a colorable claim against the asserted Debtor.

8. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. Pursuant <u>to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **November 16, 2010.**</u>

9. ATEL Leasing Corporation has already fully released any claim that it "ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before [October 7, 2009]." (ATEL Stipulation at 5.) Because the postpetition amounts asserted in proof of administrative expense claim number 18427 and the motion at docket number 6990 arose no

---

[1] The Sufficiency Hearing Notice was filed pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims, entered October 22, 2009 (Docket No. 18998) (the "Administrative Claims Procedures Order"), the Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging (A) Certain Books And Records Claims And (B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative Expense, entered June 29, 2010 (Docket No. 20278) (the "Forty-Eighth Omnibus Claims Order"), and the Twelfth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered July 16, 2010 (Docket No. 20426).

4

later than May 31, 2009, such amounts have been fully released pursuant to the ATEL Stipulation.  Furthermore, ATEL's requests to compel assumption or rejection of unexpired lease and for immediate turnover of equipment upon rejection were rendered moot through the assumption and assignment process for executory contracts and unexpired leases approved by this Court.

B.     Relief Requested

10.     By this Supplemental Reply, the Reorganized Debtors request entry of an order (i) disallowing and expunging each of proof of administrative expense claim number 18427 and the administrative expense claim asserted in the motion filed at docket number 6990 in its entirety and (ii) rendering moot the motion of ATEL Leasing Corporation filed at docket number 6990.

C.     The Claims Filed Against The Debtors

11.     On February 19, 2007, ATEL Leasing Corporation as agent for: (i) Eireann II, a division of ATEL Transatlantic Investors, Inc. ("ATI"), (ii) CAI-UBK Equipment, a division of ATI, (iii) CAI-ALJ Equipment, a division of ATI, (iv) II Bu de Mexico S.A. de C.V., and (v) Eireann III, a division of ATEL Transatlantic Investors II, Inc. (collectively, "ATEL" or the "Claimants"), filed the Notice Of Hearing Of Motion Of ATEL Leasing Corporation (A) For Allowance And Payment Of Outstanding Post-Petition Amounts As An Administrative Expense Claim; (B) To Compel Assumption Or Rejection Of Unexpired Lease; And (C) For Immediate Turnover Of Equipment Upon Rejection (Docket No. 6990) (the "Motion") seeking, among other things, payment of $236,697.31 for certain postpetition amounts due pursuant to certain leases (the "ATEL Administrative Claim Asserted in Motion").

12.     On July 13, 2009, ATEL filed administrative expense claim number 18427 ("Claim 18427") against Delphi, asserting an administrative expense claim in the amount of

5

$146,990.96 for amounts allegedly owing as of May 31, 2009 pursuant to certain lease agreements (together with the ATEL Administrative Claim Asserted in Motion, the "Claims").

D.   The Reorganized Debtors' Objection To The Claims

13.   On March 19, 2010, the Reorganized Debtors objected to Claim 18427 pursuant to the Forty-Sixth Omnibus Objection[2] on the grounds that Claim 18427 was not reflected on the Reorganized Debtors' books and records.

14.   On May 4, 2010, the Reorganized Debtors objected to the ATEL Administrative Claim Asserted in Motion pursuant to the Forty-Eighth Omnibus Claims Objection[3] on the grounds that the ATEL Administrative Claim Asserted in Motion was not reflected on the Reorganized Debtors' books and records.

15.   Responses To The Reorganized Debtors' Objection.  On April 15, 2010, ATEL filed its response to the Forty-Sixth Omnibus Objection (the "First Response").[4]

---

[2]   Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

[3]   Reorganized Debtors' Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And (B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative Expense (Docket No. 19976) (the "Forty-Eighth Omnibus Claims Objection").

[4]   Response Of ATEL Leasing Corporation To Debtors' (I) Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19840).

16. On June 22, 2010, ATEL filed its response to the Forty-Eighth Omnibus objection (the "Second Response").[5]

17. <u>The Sufficiency Hearing Notice</u>.  Pursuant to the Claims Objection Procedures Order, as applicable through the Administrative Claims Procedures Order and the Forty-Eighth Omnibus Claims Order, the hearing on the Reorganized Debtors' objections to the Claims was adjourned to a future date.  On October 20, 2010, the Reorganized Debtors filed the Sufficiency Hearing Notice with respect to the Claims scheduling the Sufficiency Hearing.

E. <u>Claimants' Burden Of Proof And Standard For Sufficiency Of Claim</u>

18. The Reorganized Debtors respectfully submit that the Claims fail to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Pursuant to Bankruptcy Rule 7012, a claimant must provide facts that plausibly support a claim upon which relief can be granted.  Not only have the Claimants not provided any facts to support a right to payment by the Reorganized Debtors on behalf of the Debtors, but as explained more fully below, an executed stipulation between the Debtors and the Claimants explicitly released the very claims being asserted.  Accordingly, the Reorganized Debtors' objections to the Claims should be sustained and each of the Claims should be disallowed and expunged in its entirety.

19. The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. Aug. 22, 2007) (the

---

[5] Response Of ATEL Leasing Corporation To Debtors' (I) Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) A Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative Expense (Docket No. 20264).

7

claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (Bankr. D. N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to make a prima facie case).

20. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Transcript of January 12, 2007 Hearing (Docket No. 7118) (the "January 12, 2007 Transcript") at 52:24-53:1. Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y. Mar. 25, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S 544, 555 (2007)). Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

8

21. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "[a] proof of claim executed and filed in accordance with <u>these</u> <u>rules</u> shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that the "proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). See January 12, 2007 Transcript at 52:17-22.

F. <u>Argument Regarding The Claims</u>

22. <u>The Claims Have Been Fully Released By The ATEL Stipulation</u>. On February 17, 2007, ATEL filed the Motion which requested the (a) payment of the ATEL Administrative Claim Asserted in Motion, (b) assumption or rejection of certain unexpired leases, and (c) immediate turnover of certain leased equipment upon rejection of the leases. The Motion was subsequently taken off calendar subject to ATEL's right to renotice under the case management procedures adopted in these cases. ATEL never renoticed the Motion for a hearing and, as described more fully below, the Reorganized Debtors believe that the payment of the ATEL Administrative Claim Asserted in Motion was resolved by the ATEL Stipulation and all other issues raised in the Motion were resolved in connection with the process for assumption and assignment of executory contracts and unexpired lease approved by this Court in connection with confirmation of the Modified Plan (the "Assumption and Assignment Process"). Out of an abundance of caution, however, the Reorganized Debtors objected to the ATEL Administrative Claim Asserted in Motion on the Forty-Eighth Omnibus Objection.

23. In addition, ATEL filed Claim 18427 on July 13, 2009, which appeared to assert some the same claims that were asserted in the Motion as well as certain additional

9

amounts. All of the amounts asserted in Claim 18427 were also released pursuant to the ATEL Stipulation.

24. As part of the Assumption and Assignment Process, on July 10, 2009 the Debtors served ATEL with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization listing Contract No. D0450140635 as a contract to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC[6] and listing a cure amount of $13,699.83. On July 17, 2009, ATEL objected to the assumption and assignment notice, pursuant to the Limited Objection Of ATEL Leasing Corporation To Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus II, LLC Under Modified Plan Of Reorganization (Docket No. 18402) (the "Assumption and Assignment Objection").

25. To resolve the Assumption and Assignment Objection and all other outstanding issues that arose before October 7, 2009, ATEL and the Reorganized Debtors entered into the ATEL Stipulation which, among other things, granted ATEL a cure payment of $13,699.83 and an allowed administrative claim of $21,750.00. Moreover, pursuant to paragraph 3 of the ATEL Stipulation, ATEL released any "claim . . . or liability of every kind and nature whatsoever" that ATEL may have had against the Debtors that arose before October 7, 2009. Specifically,

> The ATEL Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law,

---

[6] On July 27, 2009, the Debtors served ATEL with their Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization indicating that Contract No. D0450140635 would be assigned to DIP Holdco 3, LLC rather than Parnassus Holdings II, LLC.

10

whether or not known or suspected at this time, which relate to the ATEL Cure Proposal [7] or Assumption and Assignment Objection or which the ATEL Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the date of this Stipulation.

26. All amounts asserted in the ATEL Administrative Claim Asserted in Motion arose before February 17, 2007 and all amounts asserted in Claim 18427 arose before May 31, 2009. Thus, the ATEL Administrative Claim Asserted in Motion and Claim 18427 were fully released pursuant to the ATEL Stipulation. Accordingly, proof of administrative expense claim number 18427 and the ATEL Administrative Claim Asserted in Motion should each be disallowed and expunged in its entirety.

27. <u>The Motion Is Moot If The Claims Are Disallowed</u>. In addition to the release of the ATEL Administrative Claim Asserted in Motion, ATEL's other assertions in the Motion (<u>i.e.</u>, to compel assumption or rejection of unexpired lease and for immediate turnover of equipment upon rejection) were resolved as part of the Assumption and Assignment Process and specifically the resolution of the Assumption and Assignment Objection as evidenced by the ATEL Stipulation. In July 2009, ATEL received an assumption and assignment notice and objected pursuant to the Assumption and Assignment Objection. The Debtors negotiated the ATEL Stipulation to resolve, among other things, the Assumption and Assignment Objection. Moreover, pursuant to the Fourth Section 365 Objection Order,[8] ATEL was "subject to all findings and conclusions and decretal paragraphs of the Modification Approval Order, including without limitation all findings and conclusions and decretal paragraphs approving the assumption

---

[7] On March 5, 2008, ATEL filed the Cure Claim Of ATEL Leasing Corporation (Docket No. 12976) (the "ATEL Cure Proposal").

[8] Fourth Omnibus Order Resolving Certain Objections To Nonassumption Of Certain Contracts And Leases, Assumption And Assignment Of Executory Contracts And Unexpired Leases, And Cure Amounts (Docket No. 18966) ("Fourth Section 365 Objection Order").

and assignment of the Assumed and Assigned Contracts pursuant to section 365 of the Bankruptcy Code." Thus, the resolution of the Assumption and Assignment Objection pursuant to the ATEL Stipulation and the terms of the Fourth Section 365 Objection Order fully resolved all issues with respect to assumption and assignment of ATEL's contracts,[9] and accordingly, the requests in the Motion (i) to compel assumption or rejection of unexpired lease and (ii) for immediate turnover of equipment upon rejection were rendered moot.

28. Accordingly, the Reorganized Debtors request that the Court (i) disallow and expunge each of proof of administrative expense claim number 18427 and the administrative expense claim asserted in the motion filed at docket number 6990 in its entirety and (ii) render the Motion moot.

G. Conclusion

29. For the foregoing reasons, the Reorganized Debtors assert that any claims that the Claimants may have arose before October 7, 2009 and have been fully released pursuant to the ATEL Stipulation, therefore (a) the Claimants have not met their burden of proof to establish a claim against the Debtors and (b) the Claims fail to state a claim against the Debtors under Bankruptcy Rule 7012. Because the Claims have been fully released by the ATEL Stipulation, the Forty-Sixth Omnibus Claims Objection and the Forty-Eighth Omnibus Objection should be sustained as to the Claims, and each of the Claims should be disallowed and expunged in its entirety. Furthermore, because all other issues asserted in the Motion were resolved through the Assumption and Assignment Process, the Motion should be rendered moot.

---

[9] To be sure, ATEL's contracts were not included on Exhibit 8.1(a) of the Modified Plan as an executory contract or unexpired lease to be rejected or assumed.

12

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection relating to the Claims, (b) disallowing and expunging each of the Claims in its entirety, (c) render moot the motion of ATEL Leasing Corporation filed at docket number 6990, and (d) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         November 8, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  &FLOM LLP

By:   /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

# Exhibit A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York, 10036
(212) 735-3000
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
 Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05–44481 (RDD) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND AGREED ORDER RESOLVING OBJECTION OF ATEL LEASING
CORPORATION TO NOTICE OF ASSUMPTION AND ASSIGNMENT

0544481091007000000000007

Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and ATEL Leasing Corporation ("ATEL") respectfully submit this Stipulation And Agreed Order Resolving Objection Of ATEL Leasing Corporation To Notice Of Assumption And Assignment (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on March 5, 2008, ATEL filed the Cure Claim Of ATEL Leasing Corporation (Docket No. 12976) (the "ATEL Cure Proposal ").

WHEREAS, on April 24, 2008, the Debtors filed the Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C. §§ 105(A), 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2(B) Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13459) ("Omnibus 8.2(b) Cure Objection").

WHEREAS, on May 21, 2008, ATEL filed the Response Of ATEL Leasing Corporation To Debtors' (I) Omnibus Objection Pursuant To Confirmation Order, 11 U.S.C.§§ 105, 365, And Fed. R. Bankr. P. 9014 Regarding Cure Proposals Submitted Under Article 8.2 Of Debtors' Plan Of Reorganization And (II) Request For Order Provisionally Allowing Certain Cure Proposals (Docket No. 13637).

WHEREAS, on June 16, 2009, the Debtors filed the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (as Modified) (Docket No. 17030) (the "Modified Plan").

WHEREAS, on June 16, 2009, the Court entered an Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order").

WHEREAS, on July 10, 2009, the Debtors served ATEL with a Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus Holdings II, LLC Under Modified Plan Of Reorganization, listing Contract No. D450140635 as a contract to be assumed by the Debtors and assigned to Parnassus Holdings II, LLC and listing a cure amount of $13,699.83.

WHEREAS, on July 27, 2009, the Debtors served ATEL with their Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To DIP Holdco 3, LLC Under Modified Plan Of Reorganization (the "DIP Holdco 3, LLC Assignment Notice") indicating that Contract No. D450140635 would be assigned to DIP Holdco 3, LLC rather than Parnassus Holdings II, LLC

WHEREAS, on July 17, 2009, ATEL filed the Limited Objection Of ATEL Leasing Corporation Of America To Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus

3

II, LLC Under Modified Plan Of Reorganization (Docket No. 18402) (the "Assumption And Assignment Objection").

WHEREAS, on July 30, 2009, this Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (Docket No. 12359), approved the Debtors' Modified Plan (the "Modification Approval Order") (Docket No. 18707).

WHEREAS, the Debtors and ATEL have reached an agreement to settle and resolve the ATEL Cure Proposal and the Assumption And Assignment Objection.

THEREFORE, the Debtors and ATEL stipulate and agree as follows:

1. As set forth in the notice of assignment, the cure amount for contract no. D450140635 shall be $13,699.83, which shall be paid in accordance with the procedures set forth in the Modified Plan and the Modification Approval Order.

2. Upon entry of this Stipulation, the Debtors shall grant ATEL an Allowed Administrative Claim (as defined in the Modified Plan) in the amount of $21,750.00, which shall be paid in accordance with the terms of the Modified Plan.

3. ATEL hereby acknowledges that the cure payment of $13,669.83 and the payment of $21,750.00 on account of ATEL's Allowed Administrative Claim (together, the "Payments") are in full satisfaction of all amounts asserted in the ATEL Cure Proposal and Assumption and Assignment Objection, and ATEL, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "ATEL Releasing Parties"), hereby waives any and all rights to assert, against

4

any and all of the Debtors, that the claims asserted in the ATEL Cure Proposal and Assumption and Assignment Objection are entitled to any treatment other than that set forth herein. The ATEL Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, lien, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the ATEL Cure Proposal or Assumption and Assignment Objection or which the ATEL Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the date of this Stipulation.

4. The Assumption and Assignment Objection is hereby withdrawn with prejudice.

5. The ATEL Cure Proposal is hereby withdrawn with prejudice.

6. Any claims arising after the date of this Stipulation or relating to outstanding postpetition obligations that are not yet due and payable in connection with ATEL contracts being assumed by the Debtors and assigned to the applicable buyer shall either be (i) paid in the ordinary course or (ii) subject to the procedures set forth in the Modified Plan for the payment of Administrative Claims.

7.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in New York, New York, this 7th day of October, 2009

           /s/Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ Ron E. Meisler | /s/ Magdeline D. Coleman |
|---|---|
| John Wm. Butler, Jr. | Magdeline D. Coleman |
| John K. Lyons | BUCHANAN, INGERSOLL & ROONEY PC |
| Ron E. Meisler | 620 Eighth Avenue, 23rd Floor |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, NY 10018 |
| | (212) 440-4400 |
| 155 North Wacker Drive | and |
| Chicago, Illinois 60606-1720 | 50 South 16th Street, Suite 3200 |
| (312) 407-0700 | Philadelphia, PA 19102 |
| | (215) 665-8700 |
| | Attorney for ATEL Leasing Corporation |

      - and –

Kayalyn A. Marafioti
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession