**Hearing Date And Time:  November 18, 2010 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' LIMITED STATEMENT REGARDING
MOTION BY DAVID ARMSTRONG TO DEEM CLAIM FOR
ADMINISTRATIVE EXPENSE CLAIM TIMELY FILED PURSUANT TO
FED. R. BANKR. P 9006(b) AND 11 U.S.C. § 503(b)

("LIMITED STATEMENT REGARDING ARMSTRONG LATE CLAIM MOTION")

DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases, including DPH-DAS LLC (together with DPH Holdings, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this limited statement (the "Statement") in response to David Armstrong's motion to deem claim for administrative expense timely filed (Docket No. 20760) (the "Motion"), and respectfully represent as follows:

Limited Statement

1. On October 29, 2010, David Armstrong filed his Motion for leave to file a late administrative expense claim relating to Mr. Armstrong's postpetition employment with the Debtors (the "Administrative Expense Claim"). The Administrative Expense Claim attaches a copy of a complaint that was filed on June 2, 2010 in the United States District Court for the Eastern District of Michigan. (Motion Exh. A.) The Reorganized Debtors agreed not to oppose Mr. Armstrong's request to file a late administrative expense claim because Mr. Armstrong was not served with the applicable notices of the administrative expense claim bar dates in these chapter 11 cases.

2. Mr. Armstrong was not an employee of the Debtors as of the July 31, 2006 deadline for filings proofs of claim against any of the Debtors arising prior to the Petition Date (the "Prepetition Bar Date") and in August 2007, Mr. Armstrong was notified that he was no longer an employee of the Debtors (effective as of May 4, 2007). Accordingly, Mr. Armstrong had not been an employee of the Debtors for approximately two years prior to June 16, 2009, the

date this Court entered the Modification Procedures Order (Docket No. 17032).[1]  The Modification Procedures Order established, among other things, July 15, 2009 as the deadline for filing a proof of administrative expense for the purpose of asserting an administrative expense request against any of the Debtors under 11 U.S.C. § 503(b) for the period from the commencement of these chapter 11 cases through May 31, 2009 (the "First Administrative Claim Bar Date").  Accordingly, Mr. Armstrong was inadvertently not included in the list of parties who received notice of the First Administrative Claim Bar Date.

          3.      To be clear, the Reorganized Debtors agree not to oppose a motion for leave to file late claim because Mr. Armstrong did not receive adequate notice of the First Administrative Claims Bar Date.  The Reorganized Debtors, however, dispute the assertion in the Motion that Mr. Armstrong would satisfy the excusable neglect standard because "Mr. Armstrong did not understand, and was never advised by [DAS LLC], that he was deemed a 'creditor' of the Debtor."  (Motion ¶ 13.)  Had adequate notice of the First Administrative Expense Claim Bar Date been provided to Mr. Armstrong, the Debtors would not have had any additional obligation to advise Mr. Armstrong that he may be a creditor of the Debtors.  The Reorganized Debtors also contest Mr. Armstrong's contention that "there will be no impact on the [Reorganized Debtors'] bankruptcy proceedings" or that there is "no arguable prejudice" to the Reorganized Debtors because the Reorganized Debtors have agreed not to oppose the Motion.  (See Motion ¶¶ 13-14.)  Nevertheless, because Mr. Armstrong did not receive adequate notice of the First Administrative Claim Bar Date, the Reorganized Debtors do not oppose the relief sought in the Motion.

---

[1]    The "Modification Procedures Order" refers to that certain Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), entered June 16, 2009.

2

4.    Moreover, the Reorganized Debtors reserve any and all of their rights with respect to (a) all factual allegations in the Motion and (b) where the claim should be liquidated, in the event the Motion is granted.  Specifically, the Reorganized Debtors note that although the administrative claim request form identifies the Administrative Expense Claim as one for "personal injury/wrongful death," the allegations in the complaint assert claims for breach of contract and wrongful termination.  (Motion Exh. A.)  Accordingly, the allegations in the complaint, which serve as the basis for the Administrative Expense Claim, do not constitute personal injury tort claims or wrongful death claims.  This Court therefore would have core jurisdiction to allow or disallow the Administrative Expense Claim.  See 28 U.S.C. § 157(b)(2)(B).

5.    Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests." (Modified Plan art. 9.6.)  If this Court grants the Motion, the Reorganized Debtors request that this Statement be deemed a books and records objection to the allowance of the Administrative Expense Claim and that the Administrative Expense Claim be automatically adjourned into the claims objection procedures (the "Claims Objection Procedures") approved by this Court.  Specifically, the Reorganized Debtors request that if the Motion is granted, the Reorganized Debtors may notice the Administrative Expense Claim for a subsequent claims objection hearing (the "Claims Objection Hearing") for purposes of holding a sufficiency hearing or an evidentiary hearing on the merits of the Administrative Expense Claim in accordance with the claims objection procedures set forth in this Court's Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007,

3

And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998).

      6.      The Reorganized Debtors have discussed the automatic adjournment of the Administrative Expense Claim into the Claims Objection Procedures with counsel for Mr. Armstrong.  Upon information and belief, counsel for Mr. Armstrong does not oppose the Reorganized Debtors' request to automatically adjourn the Administrative Expense Claim into the Claims Objection Procedures, provided, however, that such adjournment is without prejudice to Mr. Armstrong's rights to seek abstention, withdrawal of the reference, or otherwise seek a jury trial in the United States District Court for the Eastern District of Michigan regarding the disputes raised in the Administrative Expense Claim.  The Reorganized Debtors, of course, reserve any and all rights to contest these arguments.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) granting Mr. Armstrong leave to file his Administrative Expense Claim as requested in Motion, (b) deeming this Statement as an objection to the Administrative Expense Claim on the grounds that the Administrative Expense Claim is not supported by the Reorganized Debtors' books and records, (c) automatically adjourning the Administrative Expense Claim into the claims objection procedures previously approved by this Court, (d) reserving the Reorganized Debtors' rights as set forth herein, and (e) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         November 10, 2010

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr.
      John K. Lyons
      Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

- and -

Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Attorneys for DPH Holdings Corp., et al.,

5