TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for DPH Holdings Corp.
Reorganized Debtors
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Lara Sheikh

DPH Holding Corp., Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holding Corp., Legal Information Website:
http://www.dphdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
    In re                                  :        Chapter 11
:
DPH HOLDING CORP., et al.,      :        Case No. 05-44481 (RDD)
:
                Debtors.   :        (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOINT STIPULATION AND AGREED ORDER BETWEEN
REORGANIZED DEBTORS AND COOPER-STANDARD
AUTOMOTIVE INC. WITHDRAWING
<u>PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS 19030, 19031 AND 19973</u>

(COOPER-STANDARD AUTOMOTIVE INC.)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in

the above-captioned cases (collectively, the "Reorganized Debtors") and Cooper-

Detroit_1045263_2

Standard Automotive, Inc. ("Cooper-Standard" or "Claimant") respectfully submit this Joint Stipulation and Agreed Order Withdrawing Proof of Administrative Expense Claim Numbers 19030, 19031 and 19973 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above captioned cases (the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS, on July 15, 2009, Cooper-Standard filed proofs of administrative expense claim numbers 19030 and 19031 against DAS LLC asserting administrative priority claims in the amount of $96,363.86 and $53,023.49, respectively, on account of goods sold ("Claims 19030 and 19031").

WHEREAS, on November 5, 2009, Cooper-Standard filed proof of administrative expense claim number 19973 against DAS LLC asserting an administrative priority claim in the amount of $301,253.01 on account of goods sold after June 1, 2009 ("Claim 19973," together with Claims 19030 and 19031, the "Claims")

2

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified, (the "Modified Plan"), which had been approved by this Court pursuant to an order entered July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Reorganized Debtors and making distributions (if any) with respect to all Claims and Interests." Modified Plan, Art. 9.6.

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, and OPEB Claims, (H) Workers' Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19222) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 17, 2010, Claimant filed its Response Of Cooper-Standard Automotive Inc. and Cooper-Standard Automotive FHS Inc. to Reorganized Debtors' Forty-Third Omnibus Claims Objection (the "Response").

WHEREAS, the obligations asserted in the Claims were valid and have been satisfied in full and no further amounts are owed on account of the Claims.

WHEREAS, to resolve the Forty-Third Omnibus Claims Objection with respect to the Claims only, the Reorganized Debtors and the Claimant have entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claims should be withdrawn.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1.  Because the amounts asserted in the Claims were valid and have been satisfied in full, the Claims are withdrawn.

2.  The Forty-Third Omnibus Claims Objection and the Response, solely as they pertain to the Claims, are hereby deemed withdrawn.

3.  This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 15thday of November, 2010

4

Detroit_1045263_2

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ Neil Berger | /s/ David Nowaczewski |
|---|---|
| Neil Berger | Ralph E. McDowell |
| Lara Sheikh | David Nowaczewski |
| TOGUT, SEGAL & SEGAL LLP | BODMAN LLP |
| One Penn Plaza, Suite 3335 | 6TH Floor at Ford Field |
| New York, New York 10119 | 1901 St. Antoine Street |
|  | Detroit, Michigan 48226 |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | Attorneys for Cooper-Standard Automotive Inc. |