Hearing Date and Time: November 18, 2010 at 10:00 am
Response Date and Time: November 16, 2010 at 4:00 pm

BUCHANAN INGERSOLL & ROONEY PC
620 Eighth Avenue, 23rd floor
New York, New York 10018
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
E-mail: peter.russ@bipc.com
Peter S. Russ, Esquire

*Attorneys for ATEL Leasing Corporation,
as agent for Eireann II, CAI-UBK Equipment,
CAI-ALJ Equipment, II BU de Mexico
S.A. de C.V .and Eireann* III

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :     Chapter 11
In re:                                                       :
                                                             :     Case No. -05-44481 (RDD)
DELPHI CORPORATION, et al.,                                  :
                                                             :     (Jointly Administered)
                                      Debtors.               :
------------------------------------------------------------ X

### SUPPLEMENTAL RESPONSE OF ATEL LEASING CORPORATION TO REORGANIZED DEBTORS' OBJECTIONS TO (I) PROOF OF ADMINISTRATIVE CLAIM NUMBER 18427 AND (II) THE ADMINISTRATIVE EXPENSE CLAIM ASSERTED IN THE MOTION OF ATEL LEASING CORPORATION AT DOCKET NO. 6990

ATEL Leasing Corporation ("ATEL") as agent for: (i) Eireann II, a division of ATEL Transatlantic Investors, Inc. ("ATI"), (ii) CAI-UBK Equipment, a division of ATI, (iii) CAI-ALJ Equipment, a division of ATI, (iv) II Bu de Mexico S.A. de C.V., and (v) Eireann III, a division of ATEL Transatlantic Investors II, Inc. (collectively, the "Claimants") submits this Supplemental Response (the "Response") to the Reorganized Debtors' Objections to (I) Proof of Administrative Claim Number 18427 and (II) the Administrative Expense Claim Asserted in the Motion of ATEL

Leasing Corporation at Docket No. 6990 (the "Objection"):

## BACKGROUND

**A.    The Administrative Claims**

1.    On February 19, 2007, ATEL filed an administrative expense claim at docket number 6990 (the "Claim Docket No. 6990") against Delphi Corporation, *et al.* (the "Debtors") in an unliquidated amount owing to Claimants on a post-petition basis under certain master lease agreements and ancillary leases.  A true and correct copy of Claim Docket No. 6990 was attached as Exhibit A  to the Response Of Atel Leasing Corporation To Reorganized Debtors' Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And (B) Certain Claims Asserted In Motions Or Requests For Payment Of Administrative Expense filed on June 22, 2010, docket number 20264. (the "June 22, 2010 Response").  A copy of the June 22, 2010 Response is not attached hereto as it is voluminous, but will be provided upon request.

2.    On July 13, 2009, ATEL filed administrative expense claim number 18427 (the "Claim No. 18427") against the Debtors in the amount of $146,990.96 owing to Claimants on a post-petition basis under certain master lease agreements and ancillary leases.  A true and correct copy of the Claim No. 18427 is attached  as Exhibit A  to the Response.

3.    Claim Docket No. 6990 and Claim No. 18427 (collectively, the "Administrative Claims") arise in connection with two Master Lease Agreements.  The first Master Lease Agreement ("MLA-American Finance") is dated as of August 19, 1997 and is between Debtor's former owner, General Motors Corporation ("GMC") and American Finance Group, Inc. ("American Finance"). The second Master Lease Agreement  ("MLA-First American") is dated as of May 1, 1995 and is between GMC and First American Capital Management Group, Inc. ("First American").

4.    Pursuant to the MLA-American Finance and MLA-First American master lease

2

agreements, GMC entered into numerous equipment schedules (the "Equipment Schedules") regarding certain equipment, attachments and accessories as set forth in the Leases (the "Equipment'). The Equipment Schedules and the two Master Lease Agreements are referred to herein as the "Leases".

5.  Copies of the Leases were previously filed with this Court in connection with Proof of Claim 12195 (the "Proof of Claim") filed by ATEL on July 28, 2006.[1]

6.  Pursuant to one or more assignments, the Debtors were assigned GMC's interests as Lessee under the Leases. Pursuant to various other assignments, the interests of American Finance and First American, as Lessors under their respective Leases, were assigned to one of the Claimants with ATEL acting as agent for each Claimant.

7.  Despite benefiting from the Leases and Equipment, the Debtors failed to pay the post-petition amounts owing in connection with the Leases.

**B.    The Objection**

8.  The Reorganized Debtors filed an objection to the Administrative Claims based upon a stipulation (the "Assumption and Assignment Stipulation") (Docket No. 18965) entered into between the parties which resolved ATEL's objection to the assumption and assignment of certain leases and the Debtors' cure proposal with regard thereto. A true and correct copy of the Assumption and Assignment Stipulation is attached as <u>Exhibit B</u> to the Response.

9.  The intent of the Assumption and Assignment Stipulation was to resolve solely the parties' disputes concerning the cure amount and administrative expense claim for one group of equipment schedules collectively known as contract D450140635 (the "Subject Contract"). Specifically, the Assumption and Assignment Stipulation provided for a cure payment relating to the

---

[1] The Leases are not included in the Administrative Claims due to their voluminous nature and the fact that the Leases are of record in this matter. Instead, the Administrative Claims include a detailed schedule setting for the amounts due with respect to each of the Leases including identification of the specific Lease number, invoice

3

Subject Contract in the amount of $13,669.83 and an allowed administrative claim in the amount of $21,750 relating to the Subject Contract.

10. The Assumption and Assignment Stipulation includes a release of existing claims that was intended to cover only those existing claims related to the Subject Contract.

11. Contrary to the parties' intent and the limited issues being resolved by the Assumption and Assignment Stipulation, the Reorganized Debtors now object to the Administrative Claims on the basis that the Assumption and Assignment Stipulation released all of the Claimants' existing claims and not just those related to Subject Contract.

12. Contrary to the Reorganized Debtors' position, the Administrative Claims were not released by the Assumption and Assignment Stipulation.

## THE RESPONSE

**A.    A Sufficiency Hearing is not the Proper Vehicle to Address the Objection which Requires an Evidentiary Hearing to Resolve Factual Issues.**

13. Pursuant to the Claims Objection Procedures Order (Docket No. 6089) entered on December 6, 2006, a Sufficiency Hearing is a "non-evidentiary hearing to address the legal sufficiency of the particular proof of claim and whether the proof of claim states a claim against the asserted Debtor under Bankruptcy Rule 7012."

14. The Claims Objection Procedures Order is incorporated into the Administrative Claims Procedures Order (Docket No. 18998) dated October 22, 2009.

15. In this case, the Reorganized Debtors' objection to the Administrative Claims goes beyond the parameters of a Sufficiency Hearing in that the Reorganized Debtors are asking the Court to consider extraneous evidence in the form of the Assumption and Assignment Stipulation.

16. If the Court considers the Assumption and Assignment Stipulation in connection with

---

number, invoice due date, invoice amount, due amount and transaction code.

the objection to the Administrative Claims, the Claimants would be entitled to present evidence as to why the Assumption and Assignment Stipulation does not constitute a release or waiver of the Administrative Claims. This evidence includes evidence related to the negotiation and execution of the Assumption and Assignment Stipulation as well as evidence concerning the Reorganized Debtors' subsequent interpretation and understanding of the meaning of the terms of the Assumption and Assignment Stipulation.

17. As a result, there are factual issues which need to be considered by the Court in connection with the objection to the Administrative Claims that are not appropriate for a non-evidentiary Sufficiency Hearing.

**B.    The Adjudication of the Administrative Claims Requires an Evidentiary Hearing.**

18. Section 503(b) of the Bankruptcy Code provides for the adjudication of administrative expense claims "[a]fter notice and a hearing." 11 U.S.C. § 503(b).

19. In this case, each of the parties are advancing two separate interpretations of the scope of the release provision of the Assumption and Assignment Stipulation which require an evidentiary hearing.

20. The Assumption and Assignment Stipulation expressly contains a recital that "the Debtors and ATEL have reached an agreement to settle and resolve the ATEL Cure Proposal and the Assumption And Assignment Objection." The recitals do not state that the parties intend to resolve any other issues or claims. Where a document includes recitals or other language indicating an intention to settle a narrower dispute than the claims arguably encompassed by general release, the scope of the release is ambiguous, parole evidence is admissible, and summary disposition is inappropriate. See, *Rickel & Associates, Inc. v* Smith, 272 B.R. 74, 85-86 ((S.D.N.Y. Bankr. 2002); Warden *v. E.R. Squibb & Sons, Inc*., 840 F.Supp. 203, 207 (E.D.N.Y.1993); *Perritano v. Town of Mamaroneck, et al*., 126 A.D.2d 623, 511 N.Y.S.2d 60, 61 (N.Y.App.Div.1987).

5

21. As a result, the stipulation is subject to potentially two conflicting interpretations which render it ambiguous and requires the an evidentiary hearing to resolve the ambiguity.

22. Alternatively, to the extent that the Assumption and Assignment Stipulation is not ambiguous, the Claimants respectfully request the opportunity to present evidence of a mistake of fact in connection with the negotiation and execution of the Assumption and Assignment Stipulation.

23. As a result of the foregoing, an evidentiary hearing, and not a Sufficiency Hearing, is required to address the Reorganized Debtor's objection to the Administrative Claims.

WHEREFORE, ATEL respectfully requests entry of an order overruling the Objection with respect to the sufficiency of the Administrative Claims.

Dated: New York, New York  
November 16, 2010

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**  
*Attorneys for ATEL Leasing Corporation as agent*  
*for Eireann II, CAI-UBK Equipment,*  
*CAI-ALJ Equipment, II BU de Mexico*  
*S.A. de C.V .and Eireann* III

By:  /s/ Peter S. Russ

Peter S. Russ, Esq.

620 Eighth Avenue, 23rd Floor  
New York, New York 10018  
Telephone: (212) 440-4400  
Facsimile: (212) 440-4401  
E-mail: peter.russ@bipc.com