**Hearing Date:  December 16,  2010**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
          In re                                         :       Chapter 11
                                                        :
DPH HOLDINGS CORP., et al.,                             :       Case No. 05-44481 (RDD)
                                                        :
                                                        :       (Jointly Administered)
               Reorganized Debtors.                     :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SECOND SUPPLEMENTAL REPLY WITH RESPECT TO
PROOFS OF CLAIM NUMBERS 10123 AND 10393 (HERAEUS ENTITIES)

("SECOND SUPPLEMENTAL REPLY – HERAEUS ENTITIES")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") hereby submit this Second Supplemental Reply With Respect To Proofs Of Claim Numbers 10123 And 10393 filed by the Heraeus Entities[1] and respectfully represent as follows:

<u>Preliminary Statement</u>

1.    The Heraeus Entities raise three arguments regarding why the Reorganized Debtors are not entitled to collect the $488,660.90 receivable Heraeus Precious Metals owes DAS LLC (the "Receivable") through the claims objection procedures: (i) the Receivable is sought from Heraeus Precious Metals, a different entity than those (Heraeus Metal Processing and Heraeus Circuit Materials Division) that filed the Claims, (ii) recovery of the Receivable is time-barred by the statute of limitations, and (iii) amended Bankruptcy Rule 3007(b) prevents the Reorganized Debtors from collecting the Receivable through the claims process.  Contrary to these assertions, the Reorganized Debtors are entitled to collect the Receivable through this Court's claims objection procedures.  First, the Heraeus Entities' proofs of claim, as filed, squarely put the Receivable at issue.  Moreover, although the Receivable is technically due to DAS LLC rather than the Delphi entities that the Heraeus Entities listed on the proofs of claim forms,[2] the Heraeus Entities cannot now rely on this technicality when they themselves listed the other Delphi entities (including DAS LLC) in the proofs of claim to assert the secured status of the Claims on account of their purported setoff rights from the Receivable.  Second, on October 31, 2006, nearly three years before the statute of limitations passed to

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Reorganized Debtors' Supplemental Reply With Respect To Proofs Of Claim Numbers 10123 And 10393 (Heraeus Entities) (Docket No. 20554) (the "First Supplemental Reply").

[2]    Proof of Claim 10123 was asserted against ASEC Manufacturing General Partnership ("ASEC") and Proof of Claim 10393 was asserted against Delphi Mechatronic Systems, Inc. ("Delphi Mechatronic").

commence an action to collect the Receivable, the Debtors objected to the Claims, thereby

creating a contested matter with respect to all of the matters raised in the proofs of claim,

including the validity and amount of the Receivable.  Moreover, the Heraeus Entities voluntarily

filed a response to the Debtors' objection which, under this Court's approved procedures,

automatically adjourned the objection and the response to a later date to be determined by the

Debtors in their sole discretion.[3]

        2.      Finally, at the time that the omnibus objection to the Claims was filed,

Bankruptcy Rule 3007 provided that a claim objection could include a request for affirmative

relief, and that such request would automatically transform the objection into an adversary

proceeding.  More than a year after the omnibus objection was filed, however, Bankruptcy Rule

3007 was amended to preclude a claim objection from containing a demand for relief of a kind

ordinarily sought by separate adversary proceeding.  See Fed. R. Bankr. P. 3007(b).  Applying

amended Bankruptcy Rule 3007(b) to the pending objection would be unjust, because it would

deprive the Reorganized Debtors of rights they possessed at the time the objection to the Claims

was filed, which objection was adjourned pursuant to this Court's claims procedures.  See 28

U.S.C. § 2075 ("Such rules shall not abridge, enlarge, or modify any substantive right."); S. Ct.

Order of April 30, 2007 ("[The amended Bankruptcy Rules] shall take effect on December 1,

2007, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar

as just and practicable, all proceedings then pending.").  Indeed, if amended Bankruptcy Rule

3007 applied retroactively to the Debtors' Third Omnibus Claims Objection, the Reorganized

Debtors would be deprived of a substantive right they preserved by objecting to the Claims in

---

[3]   Pursuant to ¶ 9(a) of the Claim Objection Procedures Order (defined below) "all Contested Claims for which a timely Response is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in their sole discretion."

2006.  Thus, by putting the Receivable at issue in the Claims, the Debtors objection to the Claims

(including the Heraeus Entities' reliance on the Receivable to assert a secured claim), and the

Heraeus Entities consenting to have the Claims adjourned into the claims procedures, the

collection of the Receivable is properly and timely before this Court.

A.    <u>Background</u>

3.    On July 21, 2006, Heraeus Metal Processing filed Claim 10123 against

ASEC asserting a secured claim in the amount of $322,860.53 arising from, among other things,

the sale of Heraeus Products.

4.    On July 24, 2006, Heraeus Circuit Materials Division filed Claim 10393

against Mechatronics asserting a secured claim in the amount of $594,923.93 arising from,

among other things, the sale of Heraeus Products.  As stated in the addendum to the Claims,

Heraeus Precious Metals acknowledged that it owed DAS LLC the Receivable.

5.    On October 31, 2006, the Debtors objected to the Claims pursuant to the

Third Omnibus Claims Objection and the Heraeus Entities filed their Response on November 21,

2006.

6.    On April 30, 2007, Bankruptcy Rule 3007 was amended and the

amendment became effective on December 1, 2007.  Prior to December 1, 2007, Bankruptcy

Rule 3007 stated in relevant part: "If an objection to a claim is joined with a demand for relief of

the kind specified in Rule 7001, it becomes an adversary proceeding."  Amended Bankruptcy

Rule 3007(b) reads: "A party in interest shall not include a demand for relief of a kind specified

in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an

adversary proceeding."  <u>See</u> Fed. R. Bankr. P. 3007(b).  The Debtors' objection to the Claims

preceded the amendment to Bankruptcy Rule 3007, and thus was governed by the pre-

amendment rule.

7.     On December 20, 2007, this Court entered the Order Under New
Bankruptcy Rule 3007 And 11 U.S.C. § 105(a) Authorizing Debtors To Continue Claims
Objection Procedures Under Order Dated December 7, 2006 Pursuant To 11 U.S.C. § 502(b)
And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates
For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures
Governing Objections To Claims (Docket No. 11561) (the "Order Authorizing Continued Claims
Objection Procedures") which authorized the Debtors to continue the claims objection
procedures.  Contrary to the Heraeus Entities implied assertion, the Debtors do not have to
reobject to all claims that were previously objected to prior to the amendment of Bankruptcy
Rule 3007.[4]  Indeed, this result would be precisely the sort of unjust and impracticable
application of the amended Bankruptcy Rules that the Supreme Court stated would not apply to
pending proceedings.  See S. Ct. Order of April 30, 2007.  The amendment to Bankruptcy Rule
3007 was not applied retroactively to previous omnibus objections.

8.     On August 26, 2010, the Reorganized Debtors filed their First
Supplemental Reply.

9.     On October 8, 2010, the Heraeus Entities filed Heraeus' Response To
Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Numbers 10123
And 10393 (Docket No. 20660) (the "Supplemental Response").

10.     In the Supplemental Response, the Heraeus Entities concede that the
Reorganized Debtors' reconciliation of the Claims is correct, yet disagree that the Reorganized

---

[4]   Specifically, the Hereaus Entities assert that amended Bankruptcy Rule 3007 applies to all pending objections
      and that the Order Authorizing Continued Claims Objection Procedures "only concerned new Bankruptcy Rule
      3007(c) and the Debtors ability to continue to file omnibus objections" containing more than 100 claims per
      objection.  (Docket No. 20660 ¶¶ 10, 11 n.4 (emphasis added).)

Debtors are entitled to the Receivable that the Heraeus Entities themselves admitted to be owed in the Claims. The Debtors and the Heraeus Entities had been negotiating the resolution of the Claims and the Receivable since the filing of the Third Omnibus Claims Objection. The Heraeus Entities now attempt to avoid payment of the Receivable, despite putting forth the issue of the Receivable in each of its Claims, listing Heraeus Precious Metals as a claimant in the addendum to each of the Claims, and relying on the Receivable to assert the Claims as secured.

Argument

11.    For the reasons set forth below, Claim 10393 should be disallowed and expunged, Claim 10123 should be allowed as a general unsecured non-priority claim in the amount of $16,688.13, and Heraeus Precious Metals should be required to pay the Receivable to DPH-DAS LLC.[5]

B.    Collection Of The Receivable Was Put Before This Court By The Heraeus Entities

12.    The Heraeus Entities put forth the issue of the Receivable in the Claims and included Heraeus Precious Metals in the addendum to both Claims. Specifically, pursuant to the addendum to both Claim 10123 (the "Addendum to Proof of Claim 10123") and Claim 10393 (the "Addendum to Proof of Claim 10393"), the Heraeus Entities put forward the issue of the Receivable. The Addendum to Proof of Claim 10123 states that Heraeus Metal Processing "seeks to setoff its claims against the Delphi Entities ($322,860.53) against amounts owed by Heraeus [Precious Metals] to Delphi Entities ($488,660.90)." (Addendum to Proof of Claim 10123 ¶ 9.) Likewise, the Addendum to Proof of Claim 10393 states that Heraeus Circuit Materials "seeks to setoff a portion of its claims against the Delphi Entities ($594,923.93) against

---

[5]    The Reorganized Debtors hereby incorporate all arguments made in the First Supplemental Reply.

amounts owed by Heraeus [Precious Metals] to the Delphi Entities ($488,660.90)." (Addendum

to Proof of Claim 10393 ¶ 9.)

13.    The Heraeus Entities further assert in the Claims that their setoff rights arise

from the Mutual Setoff Agreement, which the Heraeus Entities describe as follows:

> The Mutual Setoff Agreement was negotiated in good faith and at arm's length.
> Article 21 of the Delphi General Terms & Conditions and the Mutual Setoff
> Agreement clearly demonstrate the parties' pre-petition <u>intent to aggregate debts
> of the parties and their affiliates and create a global resolution to settle claims
> among all of the various parties and their affiliates</u>.

(Addendum to Proof of Claim 10123 ¶ 7; Addendum to Proof of Claim 10393 ¶ 7 (emphasis

added).)  The Heraeus Entities pleaded the Receivable owed by Heraeus Precious Metals to DAS

LLC as part of their Claims; therefore, recovering the Receivable is proper in the context of

resolving the Claims.

14.    <u>DPH-DAS LLC Is Entitled To Collect The Receivable Put Forth In The

Heraeus Entities' Claims</u>.  In their Supplemental Response, the Heraeus Entities assert that DAS

LLC is not entitled to collect the receivable because (a) Heraeus Precious Metals is a different

entity than the ones that asserted the Claims and (b) DAS LLC is a different debtor entity than

the entities against which the Heraeus Entities asserted their Claims.  This position is contrary to

the Proofs of Claim, and, in fact, the Receivable owed by Heraeus Precious Metals to DAS LLC

was expressly incorporated into the addendum to each of the Claims.  According to the

Addendum to Claim 10123, which was filed by Heraeus Metal Processing against ASEC "and its

related affiliates and entities" (<u>see</u> Addendum to Proof of Claim 10123 ¶ 1), Heraeus Precious

Metals (the party that owed the Receivable to DAS LLC) was included in the defined term

"Heraeus," which sought relief through the claims process.  Specifically, Heraeus Metal

Processing defined the term "Heraeus" in the section titled "Claims of Heraeus Against ASEC" as follows:

> Metal Processing, along with its parent, W.C. Heraeus GmbH ("W.C. Heraeus"), and its affiliates, including, Heraeus, Inc., Circuit Materials Division a/k/a Heraeus Cermalloy Inc. and Heraeus Inc., Cermalloy Division ("Circuit Materials") and <u>Heraeus Precious Metals Management LLC</u> ("Precious Metals") (W.C. Heraeus, Metal Processing, Circuit Materials, Precious Metals, and their affiliated and related entities shall collectively be referred to as "Heraeus").

(Addendum to Proof of Claim 10123 ¶ 3 (emphasis added).)

15.    Similarly, according to the Addendum to Proof of Claim 10393, which was filed by Heraeus Circuit Materials against Delphi Mechatronic "and its related affiliates and entities" (<u>see</u> Addendum to Proof of Claim 103093 ¶ 1), Heraeus Precious Metals (the party that owed the Receivable to DAS LLC) was included in the defined term "Heraeus," which sought relief through the claims process.  Specifically, Heraeus Circuit Materials (the party that asserted Claim 10393) defined the term "Heraeus" in the section titled "Claims of Heraeus Against Delphi" as follows:

> Circuit Materials, along with its parent, W.C. Heraeus GmbH ("W.C. Heraeus"), and its affiliates, including, Heraeus Metal Processing, Inc. ("Metal Processing") and <u>Heraeus Precious Metals Management LLC</u> ("Precious Metals") (W.C. Heraeus, Metal Processing, Circuit Materials, Precious Metals, and their affiliated and related entities shall collectively be referred to as "Heraeus").

(Addendum to Proof of Claim 10393 ¶ 3 (emphasis added).)

16.    Moreover, in the Supplemental Response, the Heraeus Entities assert that the Receivable is due to DAS LLC rather than ASEC (the debtor entity against which Proof of Claim 10123 was asserted) or Delphi Mechatronic (the debtor entity against which Proof of Claim 10393 was asserted).  However, as set forth above, the addendum to each of the Heraeus Entities' Claims shows that the Claims were asserted not only against ASEC and Delphi Mechatronic, but against the "<u>related affiliates and entities (collectively, the 'Delphi Entities')</u>" of

each debtor listed on the proof of claim form.  (Addendum to Proof of Claim 10123 ¶ 1; Addendum to Proof of Claim 10393 ¶ 1 (emphasis added).)  The Heraeus Entities that filed the Claims also relied on that very Receivable to assert secured claims on account of their setoff rights from that same Receivable.  Whether Claim 10123 is secured is based on Heraeus Metal Processing's attempt to "setoff its claim against the Delphi Entities ($322,860.53) against amounts owed by Heraeus to Delphi Entities ($488,660.90)."  (Addendum to Proof of Claim 10123 ¶ 9.)  Likewise, whether Claim 10393 is secured is based on Heraeus Circuit Materials' attempt to "setoff a portion of its claim against the Delphi Entities ($594,923.93) against amounts owed by Heraeus to the Delphi Entities ($488,660.90)."  (Addendum to Proof of Claim 10393 ¶ 9.)  Thus, the Receivable, along with the party that owes the Receivable (Heraeus Precious Metals) and the party to whom the Receivable is payable (DAS LLC), were put at issue in the Claims and the Heraeus Entities relied on the Receivable as part of the basis for their Claims.

17.   The Heraeus Entities Consented To Resolving Contested Matters Through The Claims Procedures.  Although in its Supplemental Response the Heraeus Entities assert that "(a) the Debtors have not objected to any proof of claim by Heraeus Precious Metals,[6] and (b) Heraeus Precious Metals is neither asking the Court to abstain nor is it asserting a counterclaim," the issues of the Set-Off Request and the Receivable were included in both Claims as filed by Heraeus Circuit Materials and Heraeus Metals Processing.  Neither the issues of (i) the secured status of the Claims, (ii) the Set-Off Request, nor (iii) the payment of the Receivable have been decided and remain contested matters pursuant to the Third Omnibus Claims Objection.

---

[6]   As described above, the Reorganized Debtors contend that by including the issue of the Receivable owed by Heraeus Precious Metals in both Claims and by including Heraeus Precious Metals as a party to both Claims, all issues set forth in the Claims properly became contested matters on October 31, 2006 pursuant to the Third Omnibus Claims Objection.

18.    Furthermore, the Heraeus Entities committed to resolving these issues, including the payment of the Receivable through the procedures outlined in the Claim Objection Procedures Order[7] when it filed its Response.  Specifically, the Claim Objection Procedures Order states:

> To the extent that a Response is filed with respect to any claim listed in a claims objection (each, a "Contested Claim"), each such Claim and the objection to such Claim asserted in the claims objection shall be deemed to constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

(Claim Objection Procedures Order ¶ 5.)

> All Contested Claims for which a timely Response is filed shall be automatically adjourned to a future hearing, the date of which shall be determined by the Debtors, in their sole discretion.

(Claim Objection Procedures Order ¶ 9(a).)

19.    Indeed, the Heraeus Entities filed their Response consistent with the procedures set forth in the Claim Objection Procedures Order and made no objection to the procedures.  Therefore, the contested matter covering all of the issues set forth in the Claims was properly adjourned pursuant to the Claim Objection Procedures Order.

C.    The Contested Matter Was Created Prior To The Amendment Of Bankruptcy Rule 3007 And Accordingly Was Raised Before The Expiration Of The Statute Of Limitations

20.    The Receivable Was A Contested Matter Pursuant To The Third Omnibus Claims Objection.  On October 31, 2006, the Debtors objected to the Claims pursuant to their Third Omnibus Claims Objection, thereby initiating a contested matter with respect to the Claims. See In re Nibsco Supply, 1997 U.S. Dist. LEXIS 7953, at *5-6 (W.D.N.Y. June 4, 1997) (citing In re Fairchild, 969 F.2d 866, 868 (10th Cir.1992)); see also In re Clark, 2001 Bankr. LEXIS

---

[7]    The "Claim Objection Procedures Order" refers to the Order Pursuant To 11 U.S.C. Section 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089), entered December 6, 2006.

1794, at *6-7 (Bankr. E.D.N.Y. 2001) (holding that the contested matter initiated by an objection

to a claim is governed by Bankruptcy Rule 9014); see also Claim Objection Procedures Order ¶ 5.

21.     As discussed above, on April 30, 2007, Bankruptcy Rule 3007 was

amended and the amendment became effective on December 1, 2007.  Prior to December 1, 2007,

Bankruptcy Rule 3007 stated in relevant part: "If an objection to a claim is joined with a demand

for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."  Whereas, the

current version of Bankruptcy Rule 3007(b) reads: "A party in interest shall not include a

demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim,

but may include the objection in an adversary proceeding."  Therefore, the contested matter was

at issue before Bankruptcy Rule 3007 was amended and nearly three years before the alleged

statute of limitations expired.  As set forth above, applying amended Bankruptcy Rule 3007(b) to

the pending objection would be unjust, because it would deprive the Reorganized Debtors of

rights they possessed at the time the objection to the Claims was filed, which objection was

adjourned pursuant to this Court's claims procedures.  See 28 U.S.C. § 2075 ("Such rules shall

not abridge, enlarge, or modify any substantive right."); S. Ct. Order of April 30, 2007 ("[The

amended Bankruptcy Rules] shall take effect on December 1, 2007, and shall govern in all

proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all

proceedings then pending.").  Accordingly, because applying amended Bankruptcy Rule 3007(b)

would impair or abridge substantive rights of the Debtors as they existed at the time the objection

was filed, amended Bankruptcy Rule 3007(b) should not be applied retroactively to the Third

Omnibus Claims Objection.

22.     The Debtors Are Free To Supplement The Third Omnibus Claims

Objection.  In its Supplemental Response, the Heraeus Entities suggest that the Reorganized

11

Debtors put forth the issue of the Receivable nearly five years after the statute of limitations

expired.  To the contrary, the Heraeus Entities put the Receivable at issue in their Claims, and the

Debtors objected to the Claims, preserved their rights with respect to the issues asserted in the

Claims and "expressly reserve[d] the right to amend, modify, or supplement [the] Third Omnibus

Claims Objection[.]"  (Third Omnibus Claims Objection ¶ 45.)

        23.    After it had become clear that the Heraeus Entities' attempts to set-off their

Claims were invalid and could not provide the basis for a secured claim, the Reorganized

Debtors noticed the Claims for a hearing on June 8, 2010.[8]  Consistent with the practice the

Debtors and the Reorganized Debtors have consistently applied in these cases and as authorized

under paragraph 9(d) of the Claim Objection Procedures Order, the Reorganized Debtors

supplemented the Third Omnibus Claims Objection with their Statement of Disputed Issues and

First Supplemental Reply, which requested, among other things, that the Receivable of

$488,660.90 that the Heraeus Entities put at issue in their Claims be paid to the Reorganized

Debtors by Heraeus Precious Metals.  Specifically, the Claim Objection Procedures Order

provides:

> The Statement Of Disputed Issues shall contain a concise statement summarily
> setting forth the primary reasons why the claim should be disallowed, expunged,
> reduced, or reclassified as set forth in the claims objection, including, but not
> limited to, the material factual and legal bases upon which the Debtors will rely in
> prosecuting the claims objection, without prejudice to the Debtors' right to later
> identify and assert additional legal and factual bases for disallowance,
> expungement, reduction, or reclassification of the Contested Claim.

---

[8] The technical argument that the Debtors were required to specify that they were seeking to recover the
Receivable at the time they lodged the Third Omnibus Claims Objection is without force.  The Debtors objected
to the Claims on a books and records basis, disputing everything put forth in the Claims. Indeed, the Heraeus
Entities recognized that the Debtors sought to collect the Receivable as part of the claims process long before the
Reorganized Debtors filed their Statement of Disputed Issues, as reflected by ongoing settlement negotiations
between the parties.  The Heraeus Entities should not be surprised, therefore, by the adjudication of the issues set
forth in the Claims (including adjudication of the Receivable) through the claims process.

(Claim Objection Procedures Order ¶ 9(d).)

24.     Supplementing the Third Omnibus Claims Objection in this manner is also consistent with Fed. R. Civ. P. 15(c), which provides, in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]"  Fed. R. Civ. P. 15(c) is made applicable by Bankruptcy Rule 7015.[9]

25.     The Reorganized Debtors' supplement to the Third Omnibus Claims Objection by means of the Statement of Disputed Issues and the First Supplemental Reply is proper because it relates to issues raised by the Heraeus Entities in their Claims, and resolving the Receivable as set forth in the Statement of Disputed Issues should therefore relate back to the date of the Third Omnibus Claims Objection.  See S.N.A. Nut Co. v. Tulare Nut Co. (In re S.N.A. Nut Co.), 197 B.R. 642, 649 (Bankr. N.D. Ill. 1996) (overruling a timeliness objection to Debtors' adversary proceeding complaint because the complaint arose out of the same transaction upon which the defendant's claim arose and therefore the complaint related back to the Debtors' timely filed omnibus claims objection); see also Staren v. Am. Nat'l Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir.1976) ("It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed.").  The resolution of the Receivable as set forth in the Statement

---

[9]    Although Bankruptcy Rule 7015 is not incorporated into Bankruptcy Rule 9014, the Reorganized Debtors' supplement to the objection seeks collection of the Receivable and therefore constitutes an adversary proceeding under Bankruptcy Rule 3007.  Accordingly, Bankruptcy Rule 7015 is applicable.

of Disputed Issues and First Supplemental Reply should therefore relate back to the date of the

Third Omnibus Claims Objection and was also within the statute of limitations.

D.    The Reorganized Debtors' Request For Affirmative Relief Transforms The Contested
        Matter Into An Adversary Proceeding Timely Before The Court

            26.    As the Heraeus Entities note in their Supplemental Response, amended

Bankruptcy Rule 3007(b) went into effect on December 1, 2007.  As of October 31, 2006, the

date of the Third Omnibus Claims Objection and the date the contested matter was created,

Bankruptcy Rule 3007 provided that "[i]f an objection to a claim is joined with a demand for

relief of the kind specified in Rule 7001, it becomes an adversary proceeding."  In In re Metiom,

Inc., 301 B.R. 634 (Bankr. S.D.N.Y. 2003), which was decided prior to the amendment of

Bankruptcy Rule 3007 in 2007, this Court clarified the rule

> Bankruptcy Rule 3007 states that "If an objection to a claim is joined with a
> demand for relief of the kind specified in Rule 7001, it *becomes* an adversary
> proceeding." Fed. R. Bankr. P. 3007 (emphasis added). It does not have to be
> dismissed, as [claimant] contends, with the trustee's only option to recommence
> the action as an adversary proceeding.
>
> Instead, when one of the types of relief specified in Bankruptcy Rule 7001 is
> raised in a claim objection, the objection automatically becomes more than a
> contested matter under Bankruptcy Rule 9014 . . .

Id. at 639.

            27.    Because the Debtors have joined their objection to the Claims with a

request for affirmative relief to recover the Receivable, the contested matter automatically

becomes an adversary proceeding.  See In re Metiom, Inc., 301 B.R. at 639. Under these

circumstances, the adversary proceeding is not a new proceeding but relates back to the date the

Third Omnibus Claims Objection was filed.  See In re S.N.A. Nut Co., 197 B.R. at 649.

            28.    The adversary complaint seeking affirmative relief against Heraeus Precious

Metals therefore relates back to October 31, 2006 – well within the four year statute of

limitations period under Michigan, Delaware, or New York law asserted by the Heraeus Entities.
Because at the time that the omnibus objection to the Claims was filed, Bankruptcy Rule 3007
provided that a claim objection could include a request for affirmative relief, the request for
payment of the admittedly owed Receivable automatically transformed the objection into an
adversary proceeding.  Thus, by putting the Receivable at issue in the Claims, the Debtors
objecting to the Claims (including objecting to the Heraeus Entities' reliance on the Receivable
to assert a secured claim), and the Heraeus Entities consenting to have the Claims adjourned into
the claims procedures, the collection of the Receivable is properly and timely before this Court.

Conclusion

29.    For the foregoing reasons, the Reorganized Debtors assert that (a) the
Heraeus Entities have conceded that the Claims should be resolved as set forth in the First
Supplemental Reply, (b) Bankruptcy Rule 3007, as applicable at the time the Third Omnibus
Claims Objection was filed, does not prevent the Reorganized Debtors from collecting the
Receivable through the claims procedures, and (c) the Debtors' Third Omnibus Claims Objection
was automatically transformed into an adversary proceeding properly and timely putting forth
the issue of the Receivable before this Court.  Accordingly, the Reorganized Debtors may collect
the Receivable.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging Claim 10393 in its entirety, (b) allowing Claim 10123 as a general unsecured non-priority claim in the amount of $16,688.13 against ASEC Manufacturing General Partnership, (c) ordering Heraeus Precious Metals to pay DPH-DAS LLC the total sum of $488,660.90 as settlement of the Receivable within 30 days of the conclusion of the Claims Objection Hearing, and (d) granting the Reorganized Debtors such other and further relief as is just.

Dated:    New York, New York
          November 16, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP

                              By:   /s/ John  Wm. Butler, Jr.
                                 John Wm. Butler, Jr.
                                 John K. Lyons
                                 Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                                 - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors