Neil A. Goteiner (NG 1644)
Dean M. Gloster (Admitted *Pro Hac Vice*)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Hearing Date & Time: November 18, 2010 at 10:00 a.m. (prevailing Eastern Time)

Attorneys for OFFICIAL COMMITTEE OF
ELIGIBLE SALARIED RETIREES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
In re:

DPH HOLDINGS CORP., et al.,

            Reorganized Debtors.
-------------------------------------------------x

Chapter 11

Case No. 05-44481 (RDD)

(Jointly Administered)

## FURTHER SUPPLEMENTAL RESPONSE BY OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES TO LIMITED OBJECTION BY VEBA COMMITTEE

The Official Committee of Eligible Salaried Retirees ("Salaried Retiree 1114 Committee") files this supplemental response to objection in connection with its Final Report and Request for Instructions (docket number 20527; re-filed as docket number 20617, because the text did not appear in the original filing accessible through the docket). The parties have now reached agreement on all outstanding issues.

The VEBA Committee (the "VEBA Board"), consisting of the trustees of the DSRA VEBA Trust (the "VEBA") formed under orders of this Court to provide benefits to Delphi

retirees eligible for the Health Coverage Tax Credit, filed a limited opposition (docket number 20605) (the "Limited Opposition") arguing that the Salaried Retiree 1114 Committee should be disbanded. The Salaried Retiree 1114 Committee asked that before that disbanding, the VEBA should adopt amendments to the trust agreement to provide basic protections like future beneficiary election of trustees.

At the hearing on September 24, 2010, this Court requested that prior to disbanding the Salaried Retiree 1114 Committee, the VEBA Board adopt changes to the trust agreement to provide for meaningful beneficiary election of trustees, and that the parties try to reach agreement over those provisions. That agreement has now been reached.

The Salaried Retiree 1114 Committee and the VEBA Board have now mutually agreed on changes to the trust agreement. A copy of the mutually agreed amended and restated trust agreement is attached as Exhibit A, black-lined to highlight cumulative changes from the original trust agreement. The new provisions call for staggered elections of the trustees by the beneficiaries (including those enrolled in the VEBA benefit plans) starting in the first quarter of 2011, before the end of March, with three new trustees taking office in April 2011. The new provisions call for an open nomination process and by mutual agreement, none of the current or former trustees may stand for election during the first three annual elections. The voting provisions of the trust agreement may not simply be modified later by the trustees, and a two-thirds supermajority vote is required to remove trustees.

Both the Salaried Retiree 1114 Committee and the VEBA Board believe these provisions will give the beneficiaries a meaningful vote and the power to elect and replace the board of the VEBA and that these changes are responsive to the Court's instruction that no group should seek to perpetuate itself as the board of the VEBA.

In the meantime, one other concerning development has occurred. The provisions of the American Recovery and Reinvestment Act ("ARRA") under which this Court authorized formation of the VEBA, and under which the VEBA's benefits are deemed qualifying coverage for purposes of the HCTC subsidy, expire on December 31, 2010 if Congress does not extend the legislation.

Although legislation extending the provisions of the ARRA is expected to pass, it may not pass before the end of the year, and the Internal Revenue Service has sent notices that the subsidies for the VEBA's benefit program will otherwise end after January 2011. (The subsidy payments for January 2011 are processed in December 2010.) The VEBA has not previously applied for a private letter ruling from the IRS for a basis to continue the subsidies even if the provisions of the ARRA are not extended before the end of January 2011, but has stated that it now intends to do so.

The VEBA Board has therefore requested that the Salaried Retiree 1114 Committee work with the Debtor and file a motion with this Court as the authorized representative of the salaried retirees, at the VEBA's expense not to exceed $15,000, seeking to designate the VEBA's benefit as in lieu of certain disputed lifetime COBRA continuation coverage rights those retirees might otherwise have been able to assert under 29 U.S.C. sections 1163(6) and 1162(2)(A)(iii). This designation may make it easier for the VEBA to obtain a private letter ruling, based on prior precedents including PLR 200432012, 2004 PLR LEXIS 479. The Salaried Retiree 1114 Committee is willing to disband immediately, but is also willing to file such a motion at the VEBA Committee's request.

3

## Conclusion

Except for the request by the VEBA Board that the Salaried Retiree 1114 Committee file a motion seeking an additional supplemental order, the work of the Salaried Retiree 1114 Committee is done with the adoption of these amendments to the trust agreement. The Salaried Retiree 114 Committee respectfully requests that this Court delay disbanding the Salaried Retiree 1114 Committee only until the opportunity to rule on such a motion to designate the VEBA benefit as in lieu of certain COBRA continuation coverage rights, at the next omnibus hearing date, and then direct that the U.S. Trustee may disband the Salaried Retiree 1114 Committee.

Dated: San Francisco, California
November 17, 2010

FARELLA BRAUN & MARTEL LLP

By: */s/ Neil A. Goteiner*
Neil A. Goteiner
Dean M. Gloster

235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

Attorneys for OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES

10629\2430051.1

4