Hearing Date and Time:  November 18, 2010 at 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
      In re                                 :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :    Case No. 05-44481 (RDD)
                                            :
            Reorganized Debtors.            :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' STATEMENT IN FURTHER SUPPORT OF OBJECTION TO MOTION OF JOHNSON CONTROLS INC. POWER SOLUTIONS AND JOHNSON CONTROLS BATTERY GROUP, INC. FOR AN ORDER COMPELLING DPH HOLDINGS TO COMPLY WITH THE TRANSFER AGREEMENT RELATING TO TRANSFER OF DELPHI'S NEW BRUNSWICK BATTERY FACILITY TO JOHNSON CONTROLS, INC., FOR ADEQUATE ASSURANCE OF FINANCIAL ABILITY TO PERFORM UNDER TRANSFER AGREEMENT, AND IN THE ALTERNATIVE, FOR LEAVE TO TAKE 2004 <u>EXAMINATION OF DPH HOLDINGS CORP AND FOR OTHER RELIEF</u>

("REORGANIZED DEBTORS' STATEMENT IN FURTHER
SUPPORT OF OBJECTION TO JOHNSON CONTROLS' MOTION")

The Reorganized Debtors hereby submit this statement in further support of their objection to the Motion to address important developments concerning the letter filed by the New Jersey Department of Environmental Protection (the "NJDEP"), dated November 15, 2010 (Docket No. 20788), and the notice of violation issued by the NJDEP, dated November 4, 2010, which was attached to the letter (Docket No. 20788 Ex.) and referenced in Johnson Controls' reply (Docket No. 20800 ¶ 5).[1]

1.  Based on recent communications with various representatives of the NJDEP and Johnson Controls' counsel, it is the Reorganized Debtors' understanding that (i) Johnson Controls' counsel engaged in communications with the NJDEP leading to the notice of violation and the letter,[2] (ii) apparently those communications did not leave the NJDEP with a complete or accurate understanding of the relevant facts, and (iii) after the Reorganized Debtors' counsel made the NJDEP aware of the true state of affairs, the NJDEP rescinded the notice of violation and sent letters of explanation to DPH Holdings and this Court earlier today.  A copy of the letter from the NJDEP to DPH Holdings is attached to this statement as Exhibit A.

2.  The notice of violation identified two areas of alleged noncompliance. First, it alleged that DPH Holdings had failed to submit the remediation cost review required under N.J. Admin. Code § 7:26C-5.10.  (Docket No. 20788 Ex. at 2.)  But DPH Holdings did submit the review in 2010, as the NJDEP recognized in its letters today.  (Docket No. 20817 at 1-2; Ex. A at 1.)

3.  Second, the rescinded notice of violation asserted that DPH Holdings had failed to remediate the transferred property to the appropriate standard under N.J. Admin. Code

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Reorganized Debtors' Objection To Johnson Controls' Motion, dated November 10, 2010 (Docket No. 20779).

[2]   The Reorganized Debtors reserve their rights to avail themselves of any appropriate remedies in connection with Johnson Controls' actions in this regard, including any appropriate remedies under the Transfer Agreement.

§ 7:26E-6.4(e). (Docket No. 20788 Ex. at 2.) As the NJDEP acknowledged in its letter to DPH Holdings, this portion of the notice was premature given that the remediation process is still in the investigative stage and that DPH Holdings has not yet evaluated remedial options or prepared a remedial action workplan. (Ex. A at 1.)

    4. In its reply filed on November 16, 2010, Johnson Controls does not address in any meaningful way the Reorganized Debtors' argument that the Motion is an improper attempt to litigate the Administrative Claims outside of the claim procedures, and it completely ignores the rather serious problem that there is no legal basis for Johnson Controls' requests for specific performance, adequate assurance, or an examination under Fed. R. Bankr. P. 2004 in any event. (See Docket No. 20800.) Instead, Johnson Controls focuses on the unsupported theory that DPH Holdings has violated ISRA and related regulations – the same theory at the foundation of its Administrative Claims.

    5. Although the Reorganized Debtors continue to believe that the Motion is not the proper vehicle for resolving the merits of the Administrative Claims, the fact is that DPH Holdings is in compliance with its obligations under ISRA and related regulations,[3] including its obligation to submit the review required under N.J. Admin. Code § 7:26C-5.10, and its obligations to establish and maintain a remediation funding source (in this case, a remediation trust) and to fund the trust in an amount at least equal to its estimated remediation cost of $1.825 million as provided in N.J. Admin. Code § 7:26C-5.3.[4]

---

[3] Johnson Controls asserts in its reply that, at a meeting last summer, John Brooks of DPH Holdings "failed to state when or whether [DPH Holdings] intended to comply with the environmental laws of the State of New Jersey." (Docket No. 20800 ¶ 6.) That is false. At the meeting, Mr. Brooks made clear that DPH Holdings has complied and will continue to comply with those laws.

[4] The applicable regulation requires funding "in an amount that is equal to or greater than . . . [t]he amount calculated in a cost estimate of the implementation of the remediation, . . . as approved by the Department or as
*(cont'd)*

3

WHEREFORE, for the reasons stated above and in their objection, the Reorganized Debtors respectfully request that this Court enter an order sustaining the objection, denying the Motion, and granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
       November 17, 2010

                              SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                    By: /s/ Ron E. Meisler
                          John Wm. Butler, Jr.
                          John K. Lyons
                          Albert L. Hogan, III
                          Ron E. Meisler
                          155 North Wacker Drive
                          Chicago, Illinois 60606

                                  - and -

                          Four Times Square
                          New York, New York 10036

                          Attorneys for DPH Holdings Corp., et al.,
                           Reorganized Debtors

---

*(cont'd from previous page)*
    certified by the licensed site remediation professional and the person responsible for conducting the remediation, as applicable." N.J. Admin. Code § 7:26C-5.3(a).

4

# Exhibit A



# State of New Jersey

| CHRIS CHRISTIE<br>Governor | DEPARTMENT OF ENVIRONMENTAL PROTECTION | BOB MARTIN<br>Commissioner |
|---|---|---|

KIM GUADAGNO
Lt. Governor

Bureau of Industrial Site Remediation
401 East State Street
P.O. Box 432
Trenton, NJ  08625-0432
Phone #: 609-777-0899
Fax #: 609-633-1454

November 17, 2010

**CERTIFIED MAIL**
<u>7006 0810 0002 1818 3474</u>
John Brooks, President
DPH Holdings Corporation
5825 Delphi Drive - M/C 483-400-525
Troy, Michigan 48098-2815

RE:  Gmc Delco Remy Division Plant 12
     760 Jersey Ave
     New Brunswick, NJ  08903
     SRP PI#  001849
     PEA100001
     Enforcement Document ID No. PEA100001 - 001849, Dated November 4, 2010

Dear Mr. Brooks:

The New Jersey Department of Environmental Protection (Department) is in receipt of an email from Todd Terhune, Wolff & Samson, dated November 17, 2010, in which he requested, on your behalf, that the Department rescind the Notice of Violation, dated November 4, 2010 issued to Delphi. Delphi contends that they have submitted documentation for annual costs to be incurred on an annual basis since the inception of the Remediation Agreement. Furthermore, in May 2010, at the request of Sylvia Pearce (Delphi's NJDEP case manager at the time), Delphi re-submitted the January 2010 annual trust fund verification and cost estimate as well as a spreadsheet documenting costs incurred to date on an annual and cumulative basis. Furthermore, the NOV cites Delphi's failure to obtain the property owner's consent to implement institutional and or engineering controls. This is premature as Delphi has not yet completed the investigation of the site and has not yet evaluated remedial options or prepared a remedial action workplan. Since Delphi has not proposed the use of such controls in a remedial action workplan, it cannot be in violation for failure to obtain the property owner's consent to implement such controls.

Based upon a review of the information submitted, the Department hereby rescinds the above referenced Notice of Violation.

If you have any further questions, please contact Vicky M. Galofre, Supervisor, at (609) 984-6869 or Linda Taylor, Supervisor, at (609) 633-1432.

Sincerely,

Maurice Migliarino, Acting Bureau Chief
Bureau of Industrial Site Remediation

cc: Linda Taylor, Supervisor
    Vicky, Galofre, Supervisor
    Todd W. Terhune, Esq., Wolff & Samson
    Robert P. Frank, Esq., Reed Smith