A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi  39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123

*Counsel to Mississippi Workers' Compensation
Individual Self-insurer Guaranty Association*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
:
In re                                                    :        Chapter 11
:
DPH HOLDINGS CORP., et al.,          :        Case No. 05-44481 (RDD)
:
Reorganized Debtors                         :        (Jointly Administered)
:
:
------------------------------------ x

**SUPPLEMENTAL RESPONSE OF MISSISSIPPI WORKERS' COMPENSATION
INDIVIDUAL SELF-INSURER GUARANTY ASSOCIATION TO THE
REORGANIZED DEBTOR'S FORTY-SIXTH OMNIBUS CLAIMS OBJECTION**

**Claim No. 19566 (Kendrick D. Holmes)**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("Miss. ISGA") respectfully submits this supplemental response to the Debtor's Forty-Sixth Omnibus Claims Objection (Docket No. 19711) with respect to the above numbered claim ("This Claim").

1.    Since 1999, Debtor has been a self-insurer of its workers' compensation liabilities in Mississippi.

2. Under Mississippi law, Miss. ISGA is responsible for the workers' compensation obligations of a self-insurer who defaults or fails to pay or perform its obligations under the Mississippi Workers' Compensation Law.

3. On the Effective Date of the plan in this case, the Debtor defaulted on its pre-petition workers' compensation claims, and it now claims that it intends to default on its post-petition workers' compensation claims, which are administrative expense claims.

4. Pursuant to § 509 of the Bankruptcy Code and Rule 3005, Rules of Bankruptcy Procedure, Miss. ISGA timely filed administrative expense proofs of claim for the known employees of Debtor who had employment-related injuries with post-petition dates of injury, including This Claim.

5. Attached as Exhibit 2 to Miss. ISGA's Response is a copy of the Supplement to Proof of Claim For Administrative Expense, which was attached to each proof of claim, including This Claim, and which states the basis for Miss. ISGA's claim on behalf of the Debtor's employee.

6. In July, 2009, Debtor provided Miss. ISGA with a copy of a loss run dated July 16, 2009, which included a list of Debtor's Mississippi post-petition workers' compensation claimants and its then estimate of the future liability with respect to each claim.

7. Debtor's objection requests that certain claims, including This Claim, be modified so that the allowable amount "matches the Reorganized Debtor's books and records" (46th Objection, ¶ 37 and Exhibit M).

8. The alleged modified amounts of certain claims, claimed to "match" Debtor's books and records, are, in the aggregate, materially and inexplicably less than the amounts shown on its books and records on July 16, 2009.

9. In its Statement of Disputed Issues [Docket No. 20677], Debtor proposes yet another amount as the claimed value of This Claim based solely on estimated medical costs and not including the compensable indemnity and reasonable legal and ancillary expenses.

10. This Claim is an unliquidated claim, and it should be estimated and allowed pursuant to § 502 (c) of the Bankruptcy Code.

11. This Claim is also a matter of litigation or controversy between the employee-claimant and the Debtor and is pending before the Mississippi Workers' Compensation Commission. It would be in the best interests of the estate and the claimant as well as in the interest of judicial economy and comity for this court to abstain from adjudicating This Claim in order to allow the claim to be liquidated by the Mississippi Workers' Compensation Commission.

12. Attached as <u>Exhibit 1</u> is the Declaration of Richard Kent Mills, Jr., which states the current valuation of This Claim, including the estimation of liability for future indemnity, future medical costs, and future legal and ancillary expenses.

13. Under these circumstances, it would not be appropriate or in the interest of either the Debtor or Miss. ISGA for estimates of value of the claim to be public record. Therefore, Miss. ISGA declines to file information relating to the value of This Claim, which is and should remain confidential. The declaration of Mr. Mills, <u>Exhibit 1</u>, is redacted accordingly. Miss.

ISGA certifies that it is providing counsel for the Debtor with all relevant confidential information referred to herein.

WHEREFORE, Miss. ISGA respectfully requests (a) that Debtor's Forty-Sixth Omnibus Claims Objection be dismissed with prejudice with respect to This Claim; (b) that This Claim be estimated pursuant to § 502 (c) of the Bankruptcy Code and to the Claims Objection Procedure Order (Docket No. 6089); (c) that This Claim be allowed and paid in full in the estimated amount as an administrative expense of the estate; and (d) that the Court grant Miss. ISGA such other and further relief to which it may be entitled.

Respectfully submitted,

s/ A. Spencer Gilbert III
A. Spencer Gilbert III
Mississippi Bar No. 4828
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi 39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123
sgilbert@asgilbert.com

*Attorney for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association*

November 18, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2010, I electronically filed with the Clerk of the Court and served on the attorneys for the Reorganized Debtor the foregoing document using the CM/ECF system and deposited a copy with Federal Express for overnight delivery to:

      Skadden, Arps, Slate, Meagher & Flom LLP
      155 North Wacker Drive
      Chicago, Illinois  60606
      Att'n:  John William Butler, Jr., John. K. Lyons, and Michael W. Perl.

I further certify that on November 18, 2010, I deposited a copy with Federal Express for overnight delivery to:

      DPH Holdings Corp.
      5725 Delphi Drive
      Troy, Michigan 48098
      Att'n: President

      and

      The Honorable Robert D. Drain,
      United States Bankruptcy Judge
      United States Bankruptcy Court, Southern District of New York
      The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
      300 Quarropas Street, Courtroom 118
      White Plains, New York 10601

        s/ A. Spencer Gilbert III
        A. Spencer Gilbert III

November 18, 2010

**Exhibit 1 to Supplemental Response**

Declaration of Richard Kent Mills, Jr.
(Kendrick Holmes Claim)

1. My name is Richard Kent Mills, Jr. I am an adult resident citizen of Rankin County, Mississippi. I am a workers' compensation claims specialist with Cannon Cochran Management Services, Inc. ("CCMSI"). My office address is 6360 I-55 North, Suite 180, Jackson, Mississippi 39211.

2. I have over thirteen years of experience evaluating claims as a workers' compensation claims adjuster and supervisor. Prior to my employment with CCMSI in May, 2002, I was a workers' compensation claims adjuster for AIG Claim Services.

3. I am competent to testify to the matters stated in this declaration, and I make these statements on personal knowledge.

4. Since July, 2002, CCMSI has been the third-party administrator for workers' compensation claims for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("ISGA").

5. At the request of ISGA, I have evaluated the workers' compensation claim of Kendrick Holmes against Delphi Corporation, now DPH Holdings Corp., ("The Claim") to determine the exposure for future medical expenses, indemnity under the Mississippi Workers' Compensation Law, and legal and ancillary expenses with regard to The Claim.

6. Sedgwick is the workers' compensation third-party administrator for Delphi, and Sedgwick is currently administering This Claim, a post-petition claim, for the Debtor.

7. In connection with my evaluation, I reviewed (a) the material in the physical file supplied by Sedgwick, including medical records, payment history, and legal corresondence; (b)

the future medical cost projection report on This Claim prepared by Gould & Lamb, a nationally recognized independent medical expense evaluation firm; and (c) the on-line docket of the Mississippi Workers' Compensation Commission pertaining to This Claim.

8.	Attached as <u>Exhibit A</u> is the analysis and evaluation of This Claim prepared by me on November 10, 2010, based on the materials mentioned above.

9.	As shown in <u>Exhibit A</u>, it is my opinion that the current exposure of the employer with respect to This Claim is:

|  |  |
|---|---|
| Indemnity: | $ ■■■ |
| Medical: | $ ■■■ |
| Legal: | $ ■■■ |
| Total: | $ ■■■ |

10.	I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Signed on November 18, 2010.

        /s/Richard Kent Mills, Jr.
        Richard Kent Mills, Jr.

**Exhibit A**

**Kendrick Holmes**
**DOI: 5/17/07**

Clmt is a 25 year old male who, on 5/17/07, injured his left foot while removing a spool of wire from a hoist. Clmt treated with Dr. David Gandy and x-rays of the left foot revealed fractures involving the fourth and fifth toes proximal phalanges and the third distal phalanx, with displacement, as well as a non-displaced fracture of the second distal phalanx. Subsequent x-rays of the left foot confirmed non-healing of the second, third and fourth toes and healing of the fifth toe. Dr. Gandy opined that surgical intervention on the second and third toes was not indicated, even if they didn't heal, as there would probably be a fibrous union without sequential problems. In August 2007, Dr. Gandy performed an open reduction internal fixation (ORIF) to the proximal phalanx, distal left fourth toe. Post-op x-rays revealed the fracture had healed; therefore, Dr. Gandy removed the remaining 3 pins in clmt's left fourth toe. Dr. Gandy placed clmt at MMI on 9/26/07 and released him to return to work full duty. Dr. Gandy recommended an active exercise program and to follow up with him as needed. Clmt subsequently returned to Dr. Gandy due to pain in the left fourth toe, but x-rays did not reveal any further abnormality. Dr. Gandy advised that clmt might develop arthritis, but that he did not anticipate any permanent impairment. The last medical record available is from 4/30/10, when clmt returned to Dr. Gandy. At that time, Dr. Gandy diagnosed clmt with post traumatic arthritis of the fourth proximal interphalangeal (PIP) joint, which he related to the 5/17/07 work injury, and advised that treatment recommendations included either proper shoe wear to avoid stress or an arthrodesis of the PIP joint.

Clmt is represented by Christopher Neyland and it appears that a Petition to Controvert was filed in October 2008. Andy Sweat is the assigned defense attorney. Clmt's deposition was taken on 3/25/09, and, at that time, reported that he was not currently employed. Clmt reported that he received his GED in 2003 and attended one year at Hinds Community College in Raymond. Clmt's only employment prior to Delphi was pouring concrete and laying sod with S&J Construction. Clmt was laid off by Delphi on 9/23/08, as part of a general reduction in the work force. At the time of his layoff, clmt received $21,500 from Delphi, as well as unemployment benefits. In his letter of 6/11/09, Andy Sweat advised that clmt's attorney had submitted a $■■■■ settlement demand and that, according to clmt's attorney, clmt was building forms and pouring concrete for S&J Construction earning $250.00 per week. Claim was mediated on 8/5/09, but clmt rejected all settlement offers. On 4/5/10, Judge Lott entered an Order removing the claim from the controverted docket and a B-31 was sent to the clmt for his signature. However, as mentioned above, clmt returned to Dr. Gandy on 4/30/10.

**Indemnity Exposure:**

**AWW = $406.00**
**Comp Rate = $270.68**

If clmt proceeds to have the surgery recommended by Dr. Gandy on 4/30/10, he will be due additional TTD benefits. Since the clmt will not be able to return to work modified duty at Delphi and because clmt's current employment status is now known, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

**Medical Exposure:**

Per the medical cost projection completed by Gould & Lamb on 7/26/10, the exposure for future medical treatment is $██████. That amount includes the cost of the surgery that Dr. Gandy recommended on 4/30/10.

**Legal/Expense Exposure:**

Typically, reserves to cover bill review expenses are set at 10% of the medical reserve. Therefore, I feel that $██████ should cover that exposure. There is also exposure related to the cost of having medical procedures reviewed by pre-cert at $100.00 each. I feel that an additional $██████ should cover the exposure for pre-cert and indexing fees. As for attorney fees, it doesn't appear that any are currently being incurred since the claim was removed from the controverted docket. However, there is still exposure for same and I think $██████ should adequately cover it.

**Total Projected Exposure: $██████**