A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi  39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123

*Counsel to Mississippi Workers' Compensation*
*Individual Self-insurer Guaranty Association*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------ x : | | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors | : | (Jointly Administered) |
| | : | |
| ------------------------------------ x | | |

**SUPPLEMENTAL RESPONSE OF MISSISSIPPI WORKERS' COMPENSATION INDIVIDUAL SELF-INSURER GUARANTY ASSOCIATION TO THE REORGANIZED  DEBTOR'S FORTY-SIXTH OMNIBUS CLAIMS OBJECTION**

**Claim No. 19570 (Emma C. Kyles)**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("Miss. ISGA") respectfully submits this supplemental response to the Debtor's Forty-Sixth Omnibus Claims Objection (Docket No. 19711) with respect to the above numbered claim ("This Claim").

1.      Since 1999, Debtor has been a self-insurer of its workers' compensation liabilities in Mississippi.

2. Under Mississippi law, Miss. ISGA is responsible for the workers' compensation obligations of a self-insurer who defaults or fails to pay or perform its obligations under the Mississippi Workers' Compensation Law.

3. On the Effective Date of the plan in this case, the Debtor defaulted on its pre-petition workers' compensation claims, and it now claims that it intends to default on its post-petition workers' compensation claims, which are administrative expense claims.

4. Pursuant to § 509 of the Bankruptcy Code and Rule 3005, Rules of Bankruptcy Procedure, Miss. ISGA timely filed administrative expense proofs of claim for the known employees of Debtor who had employment-related injuries with post-petition dates of injury, including This Claim.

5. Attached as Exhibit 2 to Miss. ISGA's Response is a copy of the Supplement to Proof of Claim For Administrative Expense, which was attached to each proof of claim, including This Claim, and which states the basis for Miss. ISGA's claim on behalf of the Debtor's employee.

6. In July, 2009, Debtor provided Miss. ISGA with a copy of a loss run dated July 16, 2009, which included a list of Debtor's Mississippi post-petition workers' compensation claimants and its then estimate of the future liability with respect to each claim.

7. Debtor's objection requests that certain claims, including This Claim, be modified so that the allowable amount "matches the Reorganized Debtor's books and records" (46th Objection, ¶ 37 and Exhibit M).

8. The alleged modified amounts of certain claims, claimed to "match" Debtor's books and records, are, in the aggregate, materially and inexplicably less than the amounts shown on its books and records on July 16, 2009.

9. In its Statement of Disputed Issues [Docket No. 20810], Debtor proposes yet another amount as the claimed value of This Claim based solely on estimated medical costs and not including the compensable indemnity and reasonable legal and ancillary expenses.

10. This Claim is an unliquidated claim, and it should be estimated and allowed pursuant to § 502 (c) of the Bankruptcy Code.

11. This Claim is also a matter of litigation or controversy between the employee-claimant and the Debtor and is pending before the Mississippi Workers' Compensation Commission. It would be in the best interests of the estate and the claimant as well as in the interest of judicial economy and comity for this court to abstain from adjudicating This Claim in order to allow the claim to be liquidated by the Mississippi Workers' Compensation Commission.

12. Attached as Exhibit 1 is the Declaration of Richard Kent Mills, Jr., which states the current valuation of This Claim, including the estimation of liability for future indemnity, future medical costs, and future legal and ancillary expenses.

13. Under these circumstances, it would not be appropriate or in the interest of either the Debtor or Miss. ISGA for estimates of value of the claim to be public record. Therefore, Miss. ISGA declines to file information relating to the value of This Claim, which is and should remain confidential. The declaration of Mr. Mills, Exhibit 1, is redacted accordingly. Miss.

ISGA certifies that it is providing counsel for the Debtor with all relevant confidential information referred to herein.

WHEREFORE, Miss. ISGA respectfully requests (a) that Debtor's Forty-Sixth Omnibus Claims Objection be dismissed with prejudice with respect to This Claim; (b) that This Claim be estimated pursuant to § 502 (c) of the Bankruptcy Code and to the Claims Objection Procedure Order (Docket No. 6089); (c) that This Claim be allowed and paid in full in the estimated amount as an administrative expense of the estate; and (d) that the Court grant Miss. ISGA such other and further relief to which it may be entitled.

Respectfully submitted,

 s/ A. Spencer Gilbert III
A. Spencer Gilbert III
Mississippi Bar No. 4828
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi 39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123
sgilbert@asgilbert.com

*Attorney for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association*

November 18, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2010, I electronically filed with the Clerk of the Court and served on the attorneys for the Reorganized Debtor the foregoing document using the CM/ECF system and deposited a copy with Federal Express for overnight delivery to:

      Skadden, Arps, Slate, Meagher & Flom LLP
      155 North Wacker Drive
      Chicago, Illinois  60606
      Att'n:  John William Butler, Jr., John. K. Lyons, and Michael W. Perl.

I further certify that on November 18, 2010, I deposited a copy with Federal Express for overnight delivery to:

      DPH Holdings Corp.
      5725 Delphi Drive
      Troy, Michigan 48098
      Att'n: President

      and

      The Honorable Robert D. Drain,
      United States Bankruptcy Judge
      United States Bankruptcy Court, Southern District of New York
      The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
      300 Quarropas Street, Courtroom 118
      White Plains, New York 10601

                                s/ A. Spencer Gilbert III
                                A. Spencer Gilbert III

November 18, 2010

**Exhibit 1 to Supplemental Response**

Declaration of Richard Kent Mills, Jr.
(Emma Kyles Claim)

1.      My name is Richard Kent Mills, Jr. I am an adult resident citizen of Rankin County, Mississippi. I am a workers' compensation claims specialist with Cannon Cochran Management Services, Inc. ("CCMSI"). My office address is 6360 I-55 North, Suite 180, Jackson, Mississippi 39211.

2.      I have over thirteen years of experience evaluating claims as a workers' compensation claims adjuster and supervisor. Prior to my employment with CCMSI in May, 2002, I was a workers' compensation claims adjuster for AIG Claim Services.

3.      I am competent to testify to the matters stated in this declaration, and I make these statements on personal knowledge.

4.      Since July, 2002, CCMSI has been the third-party administrator for workers' compensation claims for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("ISGA").

5.      At the request of ISGA, I have evaluated the workers' compensation claim of Emma Kyles against Delphi Corporation, now DPH Holdings Corp., ("The Claim") to determine the exposure for future medical expenses, indemnity under the Mississippi Workers' Compensation Law, and legal and ancillary expenses with regard to The Claim.

6.      Sedgwick is the workers' compensation third-party administrator for Delphi, and Sedgwick is currently administering This Claim, a post-petition claim, for the Debtor.

7.      In connection with my evaluation, I reviewed (a) the material in the physical file supplied by Sedgwick, including medical records, payment history, and legal correspondence; (b)

Declaration of Kent Mills - Kyles 001.wpd

the future medical cost projection report on This Claim prepared by Gould & Lamb, a nationally recognized independent medical expense evaluation firm; and (c) the on-line docket of the Mississippi Workers' Compensation Commission pertaining to This Claim.

8.  Attached as <u>Exhibit A</u> is the analysis and evaluation of This Claim prepared by me on November 10, 2010, based on the materials mentioned above.

9.  As shown in <u>Exhibit A</u>, it is my opinion that the current exposure of the employer with respect to This Claim is:

|  |  |
|---|---|
| Indemnity: | $ ████ |
| Medical: | $ ████ |
| Legal: | $ ████ |
| Total: | $ ████ |

10. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Signed on November 18, 2010.

      /s/ Richard Kent Mills, Jr.
      Richard Kent Mills, Jr.

**Exhibit A**

Emma Kyles
DOI: 8/1/07

Clmt is a 51 year old female who, on 8/1/07, allegedly fell and injured her right knee. Prior to 8/1/07, clmt had medically documented problems with both knees, her right hip and low back. Clmt was also actively treating for bilateral knee pain at the time of the alleged injury. No other employee actually witnessed the alleged fall. The claim was denied and Andy Sweat has advised that it will probably end up going to a hearing. Clmt is represented by Roger Doolittle. According to the MWCC website, as of 9/15/10, the claim is being held in abeyance for 30 days.

An MRI of the right knee performed on 8/7/07, revealed osteoarthritis in the lateral compartment with the possibility of a tear in the posterior horn of the medial meniscus. It has been revealed that the claimant also had an MRI of her right knee on 6/7/07, which is prior to the alleged date of injury. There were no changes on the 8/7/07 MRI when compared to the 6/7/07 MRI. Dr. Timothy Usey has opined that within a reasonable degree of medical certainty that the tear preceded the alleged 8/1/07 work injury and that there is no evidence of an acute injury.

Clmt's deposition was taken on 3/8/10. Clmt graduated high school and has an Associate's Degree with an emphasis in business management. Clmt previously worked at a GM plant in California where she assembled cars. She also worked for the Post Office as a letter carrier and as a Mental Health Technician at Whitfield. Clmt testified that she stopped working at Whitfield in 2005 when her medical leave for a low back injury expired. The low back injury at Whitfield was work related and also involved clmt's left knee. According to MWCC records, clmt had 3 work related injuries while she was employed at Whitfield and settled all 3 for a total of $24,000. In addition to the low back and left knee, the other two injuries were to clmt's right ankle and right knee. Clmt testified that she also received $121,000 as a settlement for her claim in the Fen Phen diet pill litigation. Clmt also testified that she has never had any problems with or treatment for her right knee until her injury at Delphi on 8/1/07. Clmt testified that, following the alleged 8/1/07 injury, she treated with Dr. McCarthy for continued right knee pain and that Dr. McCarthy recommended surgery, which she declined. Clmt stated that Dr. McCarthy then referred her to physical therapy 3 times a week for 6 weeks. Clmt did attempt to return to work after she was eventually released by Dr. McCarthy; however, per Delphi, this was after clmt had already been terminated for failing to return to work after being released. Clmt also testified that she has recently been treating with Dr. Almand at MS Sports Medicine and that Dr. Almand has provided her with cortisone shots, which clmt stated control her symptoms enough that she would avoid surgery as long as they continued to work. Clmt testified that she sees Dr. Almand every 3 months.

Clmt also testified that she is receiving Social Security Disability (SSD) benefits for a spinal injury, which she identified as spondylolisthesis. Clmt stated that her award of SSD benefits was unrelated to her knee injury. Clmt treats with Dr. Winkelmann approximately every 3 months for this condition.

**Indemnity Exposure:**

If Delphi does not prevail on the compensability issue, then the existence and extent of permanent disability will be an issue. If the Commission finds clmt to be a credible witness and her claim to be compensable, then it will likely accept her testimony regarding her attempt to return to work (Clmt contends that Delphi told her that no light duty was available). If that turns out to be the case, then Delphi may need to be prepared to refute a presumption of permanent and total disability based on clmt's rejected attempts to return to work and her subsequent unsuccessful job search. Based on that and the fact that we do not have any medical records from Dr. Almand in order to determine how much TTD clmt would be due if her claim is found to be compensable, I feel that there is exposure for PTD. Of course, the exposure for PTD includes any amount of TTD that clmt may be due. There is not any wage information in the file in order for me to calculate the actual exposure for PTD; however, the maximum indemnity benefit for 2007 is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Medical Exposure:**

Based on the MCP obtained from Gould & Lamb, the exposure for future medical treatment is $6,042.00. Obviously, this does not include the exposure for medical treatment already the clmt has already incurred and is not based on any of the treatment that clmt has received from Dr. Almand, as those records were not available. Based on the payment history, it appears the only medical charges that have been paid are the ones related to the 8/1/07 ER visit to Central MS Medical Center. Due to a lack of medical records, the extent of treatment that clmt has already received is not known. However, clmt testified in her deposition that she has had MRI's, PT and cortisone shots. The fee schedule allows approximately $1200 for an MRI and approximately $200 for each PT session. Based on clmt having had 2 MRI's, 20 PT visits, cortisone injections, as well as office visits with Dr. McCarthy and Dr. Almand, I estimate that the exposure for medical treatment already incurred is ▮▮▮▮▮▮▮▮▮▮ Assuming that clmt may require some type of surgery if her claim is found to be compensable, I estimate that the total medical exposure is somewhere around ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Legal/Expense Exposure:**

Based on total medical exposure of ▮▮▮▮▮ there is exposure for ▮▮▮▮▮ in bill review fees. I would also include ▮▮▮▮▮▮▮▮ for pre-cert and indexing fees. As mentioned above, an MSA will also be required in order to settle the medical portion of this claim. Therefore, an additional ▮▮▮▮▮▮▮▮ will be needed in order to obtain an MSA. As for legal expenses, I estimate that $▮▮▮▮ should be sufficient to cover the cost of attorney fees associated with taking this case to a hearing, as well as any potential appeals.

**Total Projected Exposure:** ▮▮▮▮▮▮▮