A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi  39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123

*Counsel to Mississippi Workers' Compensation
Individual Self-insurer Guaranty Association*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re                                       :      Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :      Case No. 05-44481 (RDD)
                                            :
Reorganized Debtors                         :      (Jointly Administered)
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**SUPPLEMENTAL RESPONSE OF MISSISSIPPI WORKERS' COMPENSATION INDIVIDUAL SELF-INSURER GUARANTY ASSOCIATION TO THE REORGANIZED  DEBTOR'S FORTY-SIXTH OMNIBUS CLAIMS OBJECTION**

**Claim No. 19567 (Cathy L. Anderson)**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("Miss. ISGA") respectfully submits this supplemental response to the Debtor's Forty-Sixth Omnibus Claims Objection (Docket No. 19711) with respect to the above numbered claim ("This Claim").

1.      Since 1999, Debtor has been a self-insurer of its workers' compensation liabilities in Mississippi.

2. Under Mississippi law, Miss. ISGA is responsible for the workers' compensation obligations of a self-insurer who defaults or fails to pay or perform its obligations under the Mississippi Workers' Compensation Law.

3. On the Effective Date of the plan in this case, the Debtor defaulted on its pre-petition workers' compensation claims, and it now claims that it intends to default on its post-petition workers' compensation claims, which are administrative expense claims.

4. Pursuant to § 509 of the Bankruptcy Code and Rule 3005, Rules of Bankruptcy Procedure, Miss. ISGA timely filed administrative expense proofs of claim for the known employees of Debtor who had employment-related injuries with post-petition dates of injury, including This Claim.

5. Attached as Exhibit 2 to Miss. ISGA's Response is a copy of the Supplement to Proof of Claim For Administrative Expense, which was attached to each proof of claim, including This Claim, and which states the basis for Miss. ISGA's claim on behalf of the Debtor's employee.

6. In July, 2009, Debtor provided Miss. ISGA with a copy of a loss run dated July 16, 2009, which included a list of Debtor's Mississippi post-petition workers' compensation claimants and its then estimate of the future liability with respect to each claim.

7. Debtor's objection requests that certain claims, including This Claim, be modified so that the allowable amount "matches the Reorganized Debtor's books and records" (46th Objection, ¶ 37 and Exhibit M).

8.     The alleged modified amounts of certain claims, claimed to "match" Debtor's books and records, are, in the aggregate, materially and inexplicably less than the amounts shown on its books and records on July 16, 2009.

9.     In its Statement of Disputed Issues [Docket No. 20747], Debtor proposes yet another amount as the claimed value of This Claim based solely on estimated medical costs and not including the compensable indemnity and reasonable legal and ancillary expenses.

10.    This Claim is an unliquidated claim, and it should be estimated and allowed pursuant to § 502 (c) of the Bankruptcy Code.

11.    This Claim is also a matter of litigation or controversy between the employee-claimant and the Debtor and is pending before the Mississippi Workers' Compensation Commission.  It would be in the best interests of the estate and the claimant as well as in the interest of judicial economy and comity for this court to abstain from adjudicating This Claim in order to allow the claim to be liquidated by the Mississippi Workers' Compensation Commission.

12.    Attached as Exhibit 1 is the Declaration of Richard Kent Mills, Jr., which states the current valuation of This Claim, including the estimation of liability for future indemnity, future medical costs, and future legal and ancillary expenses.

13.    Under these circumstances, it would not be appropriate or in the interest of either the Debtor or Miss. ISGA for estimates of value of the claim to be public record.  Therefore, Miss. ISGA declines to file information relating to the value of This Claim, which is and should remain confidential.  The declaration of Mr. Mills, Exhibit 1, is redacted accordingly.  Miss.

ISGA certifies that it is providing counsel for the Debtor with all relevant confidential information referred to herein.

WHEREFORE, Miss. ISGA respectfully requests (a) that Debtor's Forty-Sixth Omnibus Claims Objection be dismissed with prejudice with respect to This Claim; (b) that This Claim be estimated pursuant to § 502 (c) of the Bankruptcy Code and to the Claims Objection Procedure Order (Docket No. 6089); (c) that This Claim be allowed and paid in full in the estimated amount as an administrative expense of the estate; and (d) that the Court grant Miss. ISGA such other and further relief to which it may be entitled.

Respectfully submitted,

s/ A. Spencer Gilbert III
A. Spencer Gilbert III
Mississippi Bar No. 4828
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi 39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123
sgilbert@asgilbert.com

*Attorney for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association*

November 18, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2010, I electronically filed with the Clerk of the Court and served on the attorneys for the Reorganized Debtor the foregoing document using the CM/ECF system and deposited a copy with Federal Express for overnight delivery to:

      Skadden, Arps, Slate, Meagher & Flom LLP
      155 North Wacker Drive
      Chicago, Illinois  60606
      Att'n:  John William Butler, Jr., John. K. Lyons, and Michael W. Perl.

I further certify that on November 18, 2010, I deposited a copy with Federal Express for overnight delivery to:

      DPH Holdings Corp.
      5725 Delphi Drive
      Troy, Michigan 48098
      Att'n: President

      and

      The Honorable Robert D. Drain,
      United States Bankruptcy Judge
      United States Bankruptcy Court, Southern District of New York
      The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
      300 Quarropas Street, Courtroom 118
      White Plains, New York 10601

                                      s/ A. Spencer Gilbert III
                                      A. Spencer Gilbert III

November 18, 2010

**Exhibit 1 to Supplemental Response**

Declaration of Richard Kent Mills, Jr.
(Cathy Anderson Claim)

1.    My name is Richard Kent Mills, Jr.  I am an adult resident citizen of Rankin County, Mississippi.  I am a workers' compensation claims specialist with Cannon Cochran Management Services, Inc. ("CCMSI"). My office address is 6360 I-55 North, Suite 180, Jackson, Mississippi 39211.

2.    I have over thirteen years of experience evaluating claims as a workers' compensation claims adjuster and supervisor.  Prior to my employment with CCMSI in May, 2002, I was a workers' compensation claims adjuster for AIG Claim Services.

3.    I am competent to testify to the matters stated in this declaration, and I make these statements on personal knowledge.

4.    Since July, 2002, CCMSI has been the third-party administrator for workers' compensation claims for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("ISGA").

5.    At the request of ISGA, I have evaluated the workers' compensation claim of Cathy Anderson against Delphi Corporation, now DPH Holdings Corp., ("The Claim") to determine the exposure for future medical expenses, indemnity under the Mississippi Workers' Compensation Law, and legal and ancillary expenses with regard to The Claim.

6.    Sedgwick is the workers' compensation third-party administrator for Delphi, and Sedgwick is currently administering This Claim, a post-petition claim, for the Debtor.

7.    In connection with my evaluation, I reviewed (a) the material in the physical file supplied by Sedgwick, including medical records, payment history, and legal correspondence; (b)

the future medical cost projection report on This Claim prepared by Gould & Lamb, a nationally recognized independent medical expense evaluation firm; and (c) the on-line docket of the Mississippi Workers' Compensation Commission pertaining to This Claim.

8.  Attached as <u>Exhibit A</u> is the analysis and evaluation of This Claim prepared by me on November 10, 2010, based on the materials mentioned above.

9.  As shown in <u>Exhibit A</u>, it is my opinion that the current exposure of the employer with respect to This Claim is:

| | |
|---|---|
| Indemnity: | $ ■ |
| Medical: | $ ■ |
| Legal: | $ ■ |
| Total: | $ ■ |

10.  I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Signed on November 18, 2010.

                                                                                       /s/ Richard Kent Mills, Jr.
                                                                                          Richard Kent Mills, Jr.

**Exhibit A**

**Cathy Anderson**
**DOI: 9/14/06**

Clmt is a 49 year old female who was reportedly hired as a temporary employee from 9/11/06 to 10/10/06 at $9.95 an hour. On 9/14/06, clmt alleged that she was stepping down from a step ladder when the ladder slipped and caused her to fall to the floor and hit her right knee and right hand. It appears that clmt treated in the Plant Medical Department on 9/14/06, 9/15/06, 9/22/06 and 9/26/06, and was diagnosed with a contusion of the right knee and right hand. It also appears that clmt was released to return to work modified duty on 9/15/06, and then full duty on 9/26/10. Clmt was supposed to have followed up with the Plant Medical Department 2 weeks from 9/26/06, but she never did so prior to resigning on 10/6/06. A Petition to Controvert, which alleged injuries to clmt's left knee, left arm, right hand and low back, was filed by Kabah McCullogh on 2/7/08; however, the date of injury on the Petition is listed as 10/23/06. The Petition also listed Dr. Kevin Chandler, Dr. Crain and St. Dominic Hospital as physicians/hospitals with which clmt treated. Claim was assigned to Andy Sweat to defend and an Answer was filed denying an injury and/or that clmt was even employed with Delphi on 10/23/06. The 9/14/06 injury to clmt's right knee and right hand was accepted as compensable. An Amended Petition to Controvert with a 9/14/06 date of injury, but with the same alleged injuries as the initial Petition, was subsequently filed by Christopher Neyland on or about 7/14/08.

The medical records from St. Dominic and Dr. Kevin Chandler relate to treatment that clmt received for a mass on her back. Clmt presented to the Emergency Room in June 2007, complaining of back pain and referencing a fall that occurred about 3 months earlier. Defense counsel has advised that it is not reasonable to interpret that "recent injury" as a reference to the September 2006 fall, which occurred approximately 9 months earlier.

Clmt's deposition was taken on 3/20/09, and reported that she was currently employed at Just Kids Preschool earning $9.00 an hour. Clmt stated that she resigned from Delphi on 10/10/06, because her leg continued to cause her problems and was not improving. Clmt advised that she felt the mass in her back was related to 9/14/06 work injury because she never had that problem prior to the fall. Clmt also admitted that no doctor had taken her off work or had advised her to limit her physical activities as a result of the work injury.

**Indemnity Exposure:**

**AWW = $398.00**
**Comp Rate = $265.34**

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

**Medical Exposure:**

Per the Medical Cost Projection completed by Gould & Lamb on 10/20/10, the exposure for future medical treatment is $4,688.00. However, the majority, if not all, of the treatment outlined by Gould & Lamb is related to a low back injury, which has not been accepted as compensable.

**Legal/Expense Exposure:**

Typically, reserves to cover bill review expenses are set at 10% of the medical reserve. Therefore, I feel ███████ should cover that exposure. Pre-cert fees are usually about $100.00 each. I would also add another ███████ to cover fees associated with pre-cert and indexing. As for legal fees, it doesn't appear as though there is much else to do in order to proceed to a hearing. With that being said, I think $███████ would adequately cover the exposure for attorney fees associated with proceeding to a hearing on the merits, as well as any appeals.

**Total Projected Exposure: $███████**