A. Spencer Gilbert III
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi  39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123

*Counsel to Mississippi Workers' Compensation
Individual Self-insurer Guaranty Association*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------- x
                                   :
In re                              :    Chapter 11
                                   :
DPH HOLDINGS CORP., et al.,        :    Case No. 05-44481 (RDD)
                                   :
Reorganized Debtors                :    (Jointly Administered)
                                   :
                                   :
---------------------------------- x

**SUPPLEMENTAL RESPONSE OF MISSISSIPPI WORKERS' COMPENSATION
INDIVIDUAL SELF-INSURER GUARANTY ASSOCIATION TO THE
REORGANIZED  DEBTOR'S FORTY-SIXTH OMNIBUS CLAIMS OBJECTION**

**Claim No. 19571 (Joe N. Swan)**

Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("Miss. ISGA") respectfully submits this supplemental response to the Debtor's Forty-Sixth Omnibus Claims Objection (Docket No. 19711) with respect to the above numbered claim ("This Claim").

1.    Since 1999, Debtor has been a self-insurer of its workers' compensation liabilities in Mississippi.

2. Under Mississippi law, Miss. ISGA is responsible for the workers' compensation obligations of a self-insurer who defaults or fails to pay or perform its obligations under the Mississippi Workers' Compensation Law.

3. On the Effective Date of the plan in this case, the Debtor defaulted on its pre-petition workers' compensation claims, and it now claims that it intends to default on its post-petition workers' compensation claims, which are administrative expense claims.

4. Pursuant to § 509 of the Bankruptcy Code and Rule 3005, Rules of Bankruptcy Procedure, Miss. ISGA timely filed administrative expense proofs of claim for the known employees of Debtor who had employment-related injuries with post-petition dates of injury, including This Claim.

5. Attached as Exhibit 2 to Miss. ISGA's Response is a copy of the Supplement to Proof of Claim For Administrative Expense, which was attached to each proof of claim, including This Claim, and which states the basis for Miss. ISGA's claim on behalf of the Debtor's employee.

6. In July, 2009, Debtor provided Miss. ISGA with a copy of a loss run dated July 16, 2009, which included a list of Debtor's Mississippi post-petition workers' compensation claimants and its then estimate of the future liability with respect to each claim.

7. Debtor's objection requests that certain claims, including This Claim, be modified so that the allowable amount "matches the Reorganized Debtor's books and records" (46th Objection, ¶ 37 and Exhibit M).

8. The alleged modified amounts of certain claims, claimed to "match" Debtor's books and records, are, in the aggregate, materially and inexplicably less than the amounts shown on its books and records on July 16, 2009.

9. In its Statement of Disputed Issues [Docket No. 20679], Debtor proposes yet another amount as the claimed value of This Claim based solely on estimated medical costs and not including the compensable indemnity and reasonable legal and ancillary expenses.

10. This Claim is an unliquidated claim, and it should be estimated and allowed pursuant to § 502 (c) of the Bankruptcy Code.

11. This Claim is also a matter of litigation or controversy between the employee-claimant and the Debtor and is pending before the Mississippi Workers' Compensation Commission. It would be in the best interests of the estate and the claimant as well as in the interest of judicial economy and comity for this court to abstain from adjudicating This Claim in order to allow the claim to be liquidated by the Mississippi Workers' Compensation Commission.

12. Attached as <u>Exhibit 1</u> is the Declaration of Richard Kent Mills, Jr., which states the current valuation of This Claim, including the estimation of liability for future indemnity, future medical costs, and future legal and ancillary expenses.

13. Under these circumstances, it would not be appropriate or in the interest of either the Debtor or Miss. ISGA for estimates of value of the claim to be public record. Therefore, Miss. ISGA declines to file information relating to the value of This Claim, which is and should remain confidential. The declaration of Mr. Mills, <u>Exhibit 1</u>, is redacted accordingly. Miss.

ISGA certifies that it is providing counsel for the Debtor with all relevant confidential information referred to herein.

WHEREFORE, Miss. ISGA respectfully requests (a) that Debtor's Forty-Sixth Omnibus Claims Objection be dismissed with prejudice with respect to This Claim; (b) that This Claim be estimated pursuant to § 502 (c) of the Bankruptcy Code and to the Claims Objection Procedure Order (Docket No. 6089); (c) that This Claim be allowed and paid in full in the estimated amount as an administrative expense of the estate; and (d) that the Court grant Miss. ISGA such other and further relief to which it may be entitled.

Respectfully submitted,

 s/ A. Spencer Gilbert III
A. Spencer Gilbert III
Mississippi Bar No. 4828
GILBERT PLLC
4500 I-55 North, Suite 246 (39211)
Post Office Box 13187
Jackson, Mississippi 39236
Telephone  (601) 982-2122
Facsimile   (601) 982-2123
sgilbert@asgilbert.com

*Attorney for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association*

November 18, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that on November 18, 2010, I electronically filed with the Clerk of the Court and served on the attorneys for the Reorganized Debtor the foregoing document using the CM/ECF system and deposited a copy with Federal Express for overnight delivery to:

      Skadden, Arps, Slate, Meagher & Flom LLP
      155 North Wacker Drive
      Chicago, Illinois  60606
      Att'n:  John William Butler, Jr., John. K. Lyons, and Michael W. Perl.

I further certify that on November 18, 2010, I deposited a copy with Federal Express for overnight delivery to:

      DPH Holdings Corp.
      5725 Delphi Drive
      Troy, Michigan 48098
      Att'n: President

      and

      The Honorable Robert D. Drain,
      United States Bankruptcy Judge
      United States Bankruptcy Court, Southern District of New York
      The Hon. Charles L. Brieant Jr. Federal Building and Courthouse
      300 Quarropas Street, Courtroom 118
      White Plains, New York 10601

                        s/ A. Spencer Gilbert III
                        A. Spencer Gilbert III

November 18, 2010

**Exhibit 1 to Supplemental Response**

Declaration of Richard Kent Mills, Jr.
(Joe Swan Claim)

1. My name is Richard Kent Mills, Jr. I am an adult resident citizen of Rankin County, Mississippi. I am a workers' compensation claims specialist with Cannon Cochran Management Services, Inc. ("CCMSI"). My office address is 6360 I-55 North, Suite 180, Jackson, Mississippi 39211.

2. I have over thirteen years of experience evaluating claims as a workers' compensation claims adjuster and supervisor. Prior to my employment with CCMSI in May, 2002, I was a workers' compensation claims adjuster for AIG Claim Services.

3. I am competent to testify to the matters stated in this declaration, and I make these statements on personal knowledge.

4. Since July, 2002, CCMSI has been the third-party administrator for workers' compensation claims for Mississippi Workers' Compensation Individual Self-insurer Guaranty Association ("ISGA").

5. At the request of ISGA, I have evaluated the workers' compensation claim of Joe Swan against Delphi Corporation, now DPH Holdings Corp., ("The Claim") to determine the exposure for future medical expenses, indemnity under the Mississippi Workers' Compensation Law, and legal and ancillary expenses with regard to The Claim.

6. Sedgwick is the workers' compensation third-party administrator for Delphi, and Sedgwick is currently administering This Claim, a post-petition claim, for the Debtor.

7. In connection with my evaluation, I reviewed (a) the material in the physical file supplied by Sedgwick, including medical records, payment history, and legal corresponodence; (b)

the future medical cost projection report on This Claim prepared by Gould & Lamb, a nationally recognized independent medical expense evaluation firm; and (c) the on-line docket of the Mississippi Workers' Compensation Commission pertaining to This Claim.

8.  Attached as <u>Exhibit A</u> is the analysis and evaluation of This Claim prepared by me on November 10, 2010, based on the materials mentioned above.

9.  As shown in <u>Exhibit A</u>, it is my opinion that the current exposure of the employer with respect to This Claim is:

| | |
|---|---|
| Indemnity: | $ ███ |
| Medical: | $ ███ |
| Legal: | $ ███ |
| Total: | $ ███ |

10.  I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Signed on November 18, 2010.

                                        /s/ Richard Kent Mills, Jr.
                                        Richard Kent Mills, Jr.

**Exhibit A**

**Joe Swan**
**DOI: 10/29/05**

Clmt is a 68 year old male who, on 10/29/05, sustained a head injury as a result of falling from a forklift and landing on the floor. Clmt's injuries included left frontal temporal and parietal contusions, subarachnoid hemorrhage and left supraorbital skull fracture. Clmt has required multiple surgeries due to his injuries. Clmt requires ongoing 24 hour supervision and care as a result of his injuries and that is not anticipated to change. Clmt is also diabetic.

**Indemnity Exposure:**

Based on my review of the payment history, it appears that the indemnity portion of this claim has been settled.

**Medical Exposure:**

Based on the MCP prepared by Gould & Lamb on 7/29/10, the exposure for future medical treatment is $██████████. This amount includes ongoing physician follow-up, neurology consultation, home medical equipment/supplies, ongoing 24 hour assisted care, medications, therapies, and diagnostic/laboratory studies.

**Legal/Expense Exposure:**

Based on total medical exposure of $██████████ the exposure for bill review fees is approximately $██████████. I would also include an additional $██████████ for pre-cert fees at $100 each. Since CMS approval would also be required in order to settle the future medical exposure, an additional $██████████ will be needed in order to obtain an MSA. Lastly, although there doesn't appear to be any current controversies requiring the need for a defense attorney to be involved, it is usually only a matter of time with this type of case. Therefore, I think $██████████ should be sufficient to cover the exposure for additional attorney fees.

**Total Projected Exposure:** $██████████