# EXHIBIT E

```
 1                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF NEW YORK
 2

 3                                      .
     IN RE:                             .    Case No. 05-44481
 4                                      .
     DELPHI CORPORATION, et al,         .    New York, New York
 5                                      .    Wednesday, March 22, 2006
                             Debtors.   .    2:18 p.m.
 6   . . . . . . . . . . . . . . . .    .

 7

            TRANSCRIPT OF SECTION 1102(a)(2) EVIDENTIARY HEARING
 8               BEFORE THE HONORABLE ROBERT D. DRAIN
                    UNITED STATES BANKRUPTCY JUDGE
 9

     APPEARANCES:
10

     For the Debtors:              John Wm. Butler, Jr., Esq.
11                                 David E. Springer, Esq.
                                   Dhananjai Shivakumar, Esq.
12                                 SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM, LLP
13                                 333 West Wacker Drive, Suite 2100
                                   Chicago, Illinois 60606
14
                                   Kayalyn A. Marafioti, Esq.
15                                 SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM, LLP
16                                 Four Times Square
                                   New York, New York 10036
17
     (Appearances continued)
18
     Audio Operator:              Electronically Recorded
19                                by Greg White, ECRO

20   Transcription Company:       Rand Transcript Service, Inc.
                                  311 Cheyenne Road
21                                Lafayette, New Jersey  07848
                                  (973) 383-6977
22

23
     Proceedings recorded by electronic sound recording,
24   transcript produced by transcription service.

25
```



```
 1   A P P E A R A N C E S:   (Continued)

 2   For Appaloosa
     Management, LP:                    Thomas E. Lauria, Esq.
 3                                      Rudolph F. Aragon, Esq.
                                        Frank L. Eaton, Esq.
 4                                      WHITE & CASE, LLP
                                        Wachovia Financial Center
 5                                      200 South Biscayne Boulevard
                                        Suite 4900
 6                                      Miami, Florida 33131

 7                                      Glenn M. Kurtz, Esq.
                                        Douglas P. Baumstein, Esq.
 8                                      WHITE & CASE, LLP
                                        1155 Avenue of the Americas
 9                                      New York, New York 10036

10
     For the U.S. Trustee:             Alicia M. Leonhard, Esq.
11                                      U.S. DEPARTMENT OF JUSTICE
                                        Office of the U.S. Trustee
12                                      33 Whitehall Street, Suite 2100
                                        New York, New York 10004
13

14   For the Official Committee
     of Unsecured Creditors:            Robert J. Rosenberg, Esq.
15                                      John W. Weiss, Esq.
                                        LATHAM & WATKINS, LLP
16                                      53rd at Third, 885 Third Avenue
                                        New York, New York 10022
17

18   For JPMorgan, et al:               Kenneth S. Ziman, Esq.
                                        Robert Trust, Esq.
19                                      SIMPSON, THACHER & BARTLETT, LLP
                                        425 Lexington Avenue
20                                      New York, New York 10017

21   For Brandes Investment
     Partners, LP:                      Daniel A. Lowenthal, Esq.
22                                      THELEN, REID & PRIEST, LLP
                                        875 Third Avenue
23                                      New York, New York 10022

24

25
```

Court Decision                                          174

1    not a simple balance sheet restructuring where the capital

2    structure simply needs to be adjusted because there's too

3    much funded debt on the books.

4          There are serious -- to use the debtors' phrase

5    "transformational issues" that have to be resolved here.

6    Because of that, I believe that this is the appropriate time

7    to move for an equity committee, and not to wait until later

8    in the day when a plan is actually being negotiated.

9          I also believe as a corollary to that, the function

10   of the equity committee and the makeup of its professional

11   advisors should be reflected by this timing.  As I'll say

12   later, again, I think this leads to the conclusion that

13   although it's not before me, except in my need to weigh the

14   cost of an equity committee's appointment, that it's unlikely

15   that I would approve the retention of investment bankers and

16   accountants or even actuaries at this time for an equity

17   committee, since those functions are not really the functions

18   that need to be performed at this time by an equity

19   committee.

20         So that in contrast, while in the Loral case I

21   believe that it was incumbent to have an equity committee, if

22   at all, towards the end of the case, here, I believe if it is

23   incumbent on there being an equity committee, this is the

24   time to have one formed.

25         It is even conceivable to me that if I did form an

Court Decision                                    175

1  equity committee now and it turned out that ultimately I

2  approved interim transformational solutions --

3  transformational solutions to the labor and related pension

4  and GM problems that the debtors face--it might be

5  appropriate to disband the equity committee because, in light

6  of those solutions, it might appear clearly at that time that

7  the debtor was hopelessly insolvent or at least that it was

8  likely that there would be no distribution to shareholders.

9        But because of the importance of those pending

10  issues, one could at least see a rationale for having an

11  equity committee with counsel in the near future to deal at

12  least with those transformational issues on behalf of the

13  shareholders.

14        Now, as far as whether the debtor is insolvent or

15  hopelessly insolvent or there is a likelihood of a meaningful

16  distribution to shareholders, I am at this time on this

17  record frankly skeptical that there will be a meaningful

18  distribution, but I'm not prepared to rule it out.   I say

19  that for a number of reasons.

20        First of all, it's undisputed that on a balance-

21  sheet basis, and it is correct that the movants' experts did

22  not disagree that on a balance sheet basis, the debtors'

23  operating -- most recent operating numbers comply with GAAP,

24  there is roughly a 6.3-billion-dollar hole, or insolvency.

25        The question, obviously, is how does one fill that