# EXHIBIT K

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (P38733)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com
Attorneys for Affinia Group Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

DELPHI CORPORATION et al.                    Case No. 05-44481 (RDD)

            Plaintiff,

Against

AFFINIA GROUP HOLDINGS, INC.,                Adv. Pro. No. 07-02198 (rdd)
AFFINIA, AFFINIA CANADA CORP.,
AFFINIA GROUP, AFFINIA CANADA,
BRAKE PARTS, INC., ITAPSA S.A. DE C.V.
AND WIX FILTRATION
PRODUCTS EUROPE

            Defendants.
_____/

### DECLARATION OF PATRICK MANNING

Patrick Manning declares as follows:

1. I am the Vice President, Business Development of Affinia Group Holdings Inc. ("Holdings").

2. I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

3. As of December 31, 2007, Holdings was the indirect parent of, among other entities, each of the following: (a) Affinia Canada Corp.; (b) Affinia Group Inc.; (c) Brake Parts

1

Inc.; (d) Itapsa S.A. de C.V.; and (e) Wix Filtration Products Europe Limited. Holdings and its subsidiaries are collectively referred to as "Affinia".

4. Until March 2010, Affinia had no notice that Delphi Corporation and its affiliates or successors (collectively "Delphi") was going to sue Affinia to recover over $17 million. Further, Affinia had no notice in 2007, 2008 or 2009 that Delphi was seeking and obtaining authority to file and keep complaints under seal and to extend the time for service of the complaints long past the running of the statute of limitations. Even when Holdings was served, the package served did not include the Order Pursuant to Fed. R. Bankr. P. 7004(a) and Fed. R. Civ. P. 4(m) to Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order dated October 22, 2009 (Docket 18999).

5. In 2005, Affinia announced a global restructuring plan to align its global capacity to meet the changing environment for its product. This restructuring included the closure of certain facilities, discontinuation of certain operations and shifting of some of the manufacturing base to countries such as China, India and Mexico. Beginning in 2005, and by the end of 2009, Affinia had closed or sold 44 facilities. These closed facilities included virtually every facility that had done business with Delphi.

6. Affinia took no special steps to organize and preserve its records with respect to Delphi, to hold exit interviews with the laid off employees who were knowledgeable about the Delphi business relationship or to make arrangements to keep in touch with those laid off employees in case Affinia would need them to provide litigation information or serve as witnesses.

7. If Affinia had known that Delphi was suing it for over $17 million in the aggregate, it could have and would have taken special steps to organize and preserve its records

with respect to Delphi, hold exit interviews with the laid off employees who were knowledgeable about the Delphi business relationship and make arrangements to keep in touch with those laid off employees in case Affinia would need them to provide litigation information or serve as witnesses.

8. Affinia has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge and service of the complaint against it.

9. I make this Declaration under penalty of perjury.

*Patrick Manning*

Executed in Ann Arbor, Michigan
on March 19, 2010

DETROIT.4117827.2