UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re                                     :   Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :   Case No. 05-44481 (RDD)
                                          :
         Reorganized Debtors.             :   (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOFS OF ADMINISTRATIVE
EXPENSE CLAIM NUMBERS NOS. 19037, 19092, 19094, 19097,
19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 AND 19736**

Upon the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors") successors of Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), objecting to proofs of administrative expense claim numbers 19037, 19092, 19094, 19097, 19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 and 19736 (the "Continental Claims") filed by Continental AG and Affiliates ("Claimants"); and upon Claimants' response to the Forty-Third Omnibus Claims Objection (Docket No. 19359) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Response Of Claimants To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19037, 19092, 19094, 19097, 19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 and 19736 (Docket No. 20773) (the "Supplemental Reply" and together with the Forty-Third Omnibus Claims Objection and the Response, the "Pleadings"); and upon the record of the November 18, 2010 sufficiency hearing held on the Forty-Third Omnibus Claims Objection to the Continental Claims, and after due deliberation thereon; and good and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Claimants, the holders of the Proofs of Claim, were properly and timely served with a copy of the Forty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Third Omnibus Claims Objection.

2

Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Third Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Third Omnibus Claims Objection.

        B.        The Claimants submitted the Response to the Forty-Third Omnibus Claims Objection.

        C.        On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

        D.        On October 20, 2010, the Reorganized Debtors filed the Notices Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19037, 19092, 19094, 19097, 19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 and 19736 (Docket Nos. 20684, 20685, 20686 and 20687) (the "Sufficiency Hearing Notice").

        E.        The Claimants were properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

        F.        This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core

3

proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

        G.    For the reasons stated by this Court at the November 18, 2010 hearing, Claimants have failed to sufficiently plead a <u>prima facie</u> claim regarding the Continental Claims; therefore, the Continental Claims should be disallowed and expunged in their entirety.

        H.    The relief requested in the Forty-Third Omnibus Claims Objection and the Supplemental Reply as to the Continental Claims is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

        1.    The Continental Claims, consisting of proofs of administrative expense claim numbers 19037, 19092, 19094, 19097, 19120, 19727, 19728, 19729, 19730, 19731, 19732, 19733, 19734 and 19736, are disallowed and expunged in their entirety.

        2.    This Court shall retain jurisdiction over the Reorganized Debtors and the holders of administrative claims subject to the Forty-Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

        3.    Each administrative claim and the objections by the Reorganized Debtors to each administrative claim addressed in the Forty-Third Omnibus Claims Objection constitutes a separate contested matter as contemplated by Fed. R. Bankr. P. 9014. This Order shall be deemed a separate order with respect to the administrative

claims addressed hereby.  Any stay of this Order shall apply only to the contested matter which involves such administrative claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by the Forty-Third Omnibus Claims Objection.

        4.      Kurtzman Carson Consultants LLC is hereby directed to serve this Order in accordance with the Claims Objection Procedures Order and the administrative claims Objection Procedures Order.

Dated: White Plains, New York
       November 22, 2010

                                  /s/Robert D. Drain
                                HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE