# EXHIBIT 3

- 1 -

1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 05-44481 (RDD); Adv. Proc. No. 07-02619 (RDD);

5    Adv. Proc. No. 07-02242 (RDD); Adv. Proc. No. 07-02256 (RDD);

6    Adv. Proc. No. 07-02333 (RDD); Adv. Proc. No. 07-02580 (RDD);

7    Adv. Proc. No. 07-02661 (RDD); Adv. Proc. No. 07-02743 (RDD);

8    Adv. Proc. No. 07-02768 (RDD); Adv. Proc. No. 07-02769 (RDD);

9    Adv. Proc. No. 07-02790 (RDD); Adv. Proc. No. 07-02076 (RDD);

10   Adv. Proc. No. 07-02084 (RDD); Adv. Proc. No. 07-02096 (RDD);

11   Adv. Proc. No. 07-02125 (RDD); Adv. Proc. No. 07-02177 (RDD);

12   Adv. Proc. No. 07-02188 (RDD); Adv. Proc. No. 07-02211 (RDD);

13   Adv. Proc. No. 07-02212 (RDD); Adv. Proc. No. 07-02236 (RDD);

14   Adv. Proc. No. 07-02250 (RDD); Adv. Proc. No. 07-02262 (RDD);

15   Adv. Proc. No. 07-02270 (RDD); Adv. Proc. No. 07-02291 (RDD);

16   Adv. Proc. No. 07-02328 (RDD); Adv. Proc. No. 07-02337 (RDD);

17   Adv. Proc. No. 07-02348 (RDD); Adv. Proc. No. 07-02432 (RDD);

18   Adv. Proc. No. 07-02436 (RDD); Adv. Proc. No. 07-02449 (RDD);

19   Adv. Proc. No. 07-02479 (RDD); Adv. Proc. No. 07-02525 (RDD);

20   Adv. Proc. No. 07-02534 (RDD); Adv. Proc. No. 07-02539 (RDD);

21   Adv. Proc. No. 07-02551 (RDD); Adv. Proc. No. 07-02581 (RDD);

22   Adv. Proc. No. 07-02597 (RDD); Adv. Proc. No. 07-02618 (RDD);

23   Adv. Proc. No. 07-02623 (RDD); Adv. Proc. No. 07-02659 (RDD);

24   Adv. Proc. No. 07-02672 (RDD); Adv. Proc. No. 07-02702 (RDD);

25   Adv. Proc. No. 07-02723 (RDD); Adv. Proc. No. 07-02743 (RDD);

- 2 -

1    Adv. Proc. No. 07-02744 (RDD); Adv. Proc. No. 07-02750 (RDD);

2    Adv. Proc. No. 07-02188 (RDD)

3    - - - - - - - - - - - - - - - - - - - -x

4    In the Matter of:

5    DPH HOLDINGS CORP., et al.,

6                        Reorganized Debtors.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10        -against-

11    SETECH INC., et al.,

12                        Defendants.

13    - - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16        -against-

17    DUPONT COMPANY, et al.,

18                        Defendants.

19    - - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22        -against-

23    ECO-BAT AMERICA LLC,

24                        Defendant.

25    - - - - - - - - - - - - - - - - - - - -x

- 3 -

1    - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4        -against-

5    GLOBE MOTORS INC.,

6                        Defendant.

7    - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10       -against-

11   PHILIPS SEMICONDUCTOR, et al.,

12                       Defendants.

13   - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                       Plaintiffs,

16       -against-

17   SUMMIT POLYMERS INC.,

18                       Defendant.

19   - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                       Plaintiffs,

22       -against-

23   M & Q PLASTIC PRODUCTS, et al.,

24                       Defendants.

25   - - - - - - - - - - - - - - - - - - -x

- 4 -

```
1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                           Plaintiffs,

4         -against-

5    RSR CORPORATION, et al.,

6                           Defendants.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                           Plaintiffs,

10        -against-

11   RSR/ECOBAT,

12                          Defendant.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16        -against-

17   TYCO et al.,

18                          Defendants.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22        -against-

23   AHAUS TOOL & ENGINEERING INC.,

24                          Defendant.

25   - - - - - - - - - - - - - - - - - - - -x
```

- 5 -

1    - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                           Plaintiffs,

4         -against-

5    A 1 SPECIALIZED SVC & SUPP., INC.,

6                           Defendant.

7    - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                           Plaintiffs,

10        -against-

11   A-1 SPECIALIZED SERVICES,

12                          Defendant.

13   - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16        -against-

17   ATS AUTOMATION TOOLING SYSTEMS INC., et al.,

18                          Defendants.

19   - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22        -against-

23   CORNING INC., et al.,

24                          Defendants.

25   - - - - - - - - - - - - - - - - - - -x

- 6 -

1  - - - - - - - - - - - - - - - - - - -x

2  DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4      -against-

5  CRITECH RESEARCH INC.,

6                        Defendant.

7  - - - - - - - - - - - - - - - - - - -x

8  DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10     -against-

11  DOSHI PRETTL INTERNATIONAL, et al.,

12                        Defendants.

13  - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16     -against-

17  D & R TECHNOLOGY LLC, et al.,

18                        Defendants.

19  - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22     -against-

23  DSSI, et al.,

24                        Defendants.

25  - - - - - - - - - - - - - - - - - - -x

- 7 -

```
 1    - - - - - - - - - - - - - - - - - - - -x

 2    DELPHI CORPORATION, et al.,

 3                          Plaintiffs,

 4        -against-

 5    DANOBAT MACHINE TOOL CO. INC.,

 6                          Defendant.

 7    - - - - - - - - - - - - - - - - - - - -x

 8    DELPHI CORPORATION, et al.,

 9                          Plaintiffs,

10        -against-

11    EDS, et al.,

12                          Defendants.

13    - - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16        -against-

17    BP, et al.,

18                          Defendants.

19    - - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22        -against-

23    CARLISLE, et al.,

24                          Defendants.

25    - - - - - - - - - - - - - - - - - - - -x
```

- 8 -

```
 1    - - - - - - - - - - - - - - - - - - -x

 2    DELPHI CORPORATION, et al.,

 3                        Plaintiffs,

 4        -against-

 5    GKNS INTERMETALS,

 6                        Defendant.

 7    - - - - - - - - - - - - - - - - - - -x

 8    DELPHI CORPORATION, et al.,

 9                        Plaintiffs,

10        -against-

11    EX-CELL-O MACHINE TOOLS INC.,

12                        Defendant.

13    - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16        -against-

17    JOHNSON CONTROLS, et al.,

18                        Defendants.

19    - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22        -against-

23    NILES USA INC., et al.,

24                        Defendants.

25    - - - - - - - - - - - - - - - - - - -x
```

- 9 -

1   - - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3                          Plaintiffs,

4       -against-

5   METHODE ELECTRONICS INC., et al.,

6                          Defendants.

7   - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                          Plaintiffs,

10      -against-

11  MICROCHIP,

12                         Defendant.

13  - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15                         Plaintiffs,

16      -against-

17  HEWLETT PACKARD, et al.,

18                         Defendants.

19  - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21                         Plaintiffs,

22      -against-

23  OLIN CORP,

24                         Defendant.

25  - - - - - - - - - - - - - - - - - - -x

- 10 -

```
1   - - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3                    Plaintiffs,

4        -against-

5   INTEC GROUP,

6                    Defendant.

7   - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                    Plaintiffs,

10       -against-

11  VALEO, et al.,

12                   Defendants.

13  - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15                   Plaintiffs,

16       -against-

17  VANGUARD DISTRIBUTORS,

18                   Defendant.

19  - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21                   Plaintiffs,

22       -against-

23  VICTORY PACKAGING, et al.,

24                   Defendants.

25  - - - - - - - - - - - - - - - - - - -x
```

- 11 -

1    - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4        -against-

5    WAGNER-SMITH COMPANY,

6                        Defendant.

7    - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10        -against-

11    WELLS FARGO BUSINESS, et al.,

12                        Defendants.

13    - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16        -against-

17    SELECT TOOL & DIE CORP.,

18                        Defendant.

19    - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22        -against-

23    SHUERT INDUSTRIES INC.,

24                        Defendant.

25    - - - - - - - - - - - - - - - - - - -x

- 12 -

```
 1    - - - - - - - - - - - - - - - - - - - -x

 2    DELPHI CORPORATION, et al.,

 3                        Plaintiffs,

 4        -against-

 5    SUMITOMO, et al.,

 6                        Defendants.

 7    - - - - - - - - - - - - - - - - - - - -x

 8    DELPHI CORPORATION, et al.,

 9                        Plaintiffs,

10        -against-

11    TECH CENTRAL,

12                        Defendant.

13    - - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16        -against-

17    PRUDENTIAL RELOCATION, et al.,

18                        Defendants.

19    - - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22        -against-

23    LDI INCORPORATED,

24                        Defendant.

25    - - - - - - - - - - - - - - - - - - - -x
```

```
 1    - - - - - - - - - - - - - - - - - - -x

 2    DELPHI CORPORATION, et al.,

 3                         Plaintiffs,

 4        -against-

 5    M & Q PLASTIC PRODUCTS, et al.,

 6                         Defendants.

 7    - - - - - - - - - - - - - - - - - - -x

 8    DELPHI CORPORATION, et al.,

 9                         Plaintiffs,

10        -against-

11    REPUBLIC ENGINEERED PRODUCTS, et al.,

12                         Defendants.

13    - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                         Plaintiffs,

16        -against-

17    RIECK GROUP LLC,

18                         Defendant.

19    - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                         Plaintiffs,

22        -against-

23    CRITECH RESEARCH INC.,

24                         Defendant.

25    - - - - - - - - - - - - - - - - - - -x
```

- 14 -

```
1              U.S. Bankruptcy Court

2              300 Quarropas Street

3              White Plains, New York

4

5              July 22, 2010

6              10:20 AM

7

8

9    B E F O R E:

10   HON. ROBERT D. DRAIN

11   U.S. BANKRUPTCY JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

DPH HOLDINGS CORP., et al.

- 202 -

1        The movants' complaint that we haven't identified the

2   specific debtor entity that made the transfer, and we haven't

3   identified the specific transferee.  And --

4        THE COURT:  And that there's an antecedent debt.

5        MR. FISHER:  An antecedent debt.  And I think that the

6   debtors have no choice but to concede that under Twombly and

7   Iqbal, more detailed pleading would be required, at least

8   according to some of the more recent cases, although, I don't

9   know that there's a controlling case in this circuit yet

10   describing exactly what that standard would entail.

11        And what we've attempted to do, and what we suggested

12   in our opposition brief, was a practical way of cutting through

13   this, and, essentially treating it as similar to a 12(e) motion

14   and saying that to the extent that there's any defendant who

15   cannot prepare its answer to this complaint, because knowing

16   the date and the amount of the transfer is insufficient to

17   allow it to track down the relevant information, we will

18   supplement that and provide whatever additional information is

19   needed in order to put them in a position to be able to respond

20   to the complaint, which, at the end of the day, is what Rule 8,

21   even after Twombly and Iqbal, is all about.

22        And so we're simply trying to be practical here.

23        THE COURT:  Well, is there any -- two things.  Is

24   there any authority for the notion and -- I guess Twombly was

25   after these were filed, too?

DPH HOLDINGS CORP., et al.

- 203 -

1        MR. FISHER:  Yes.

2        THE COURT:  Is there anything in the notion that you

3    don't have to comply with them because it was filed beforehand?

4        MR. FISHER:  I don't think that there's a case

5    directly on point.  Because, again, we have a situation where

6    the case was filed before Twombly and Iqbal and then served

7    after.  I'm not aware of a case that's directly on point.  So

8    the question is how to bring these cases up to --

9        THE COURT:  So then --

10        MR. FISHER:  -- date with the new pleading standards.

11        THE COURT:  Well, and on that, shouldn't there be a

12    motion to amend?  I mean, is there any authority for the

13    mechanism you're proposing?  I mean, if there's merit to the

14    argument that you had filed these complaints under the laws

15    that existed at the time, and there's, certainly, you know, the

16    case law in the Southern District, was probably more on your

17    side on that than not.  As far as what you needed to show back

18    then, wouldn't that just be a factor I'd take into account

19    among other factors in your motion to amend?  And then we'd

20    have an amended complaint and everyone would know the complaint

21    that they were looking to.

22        You know, if, in fact, you weren't able to show an

23    antecedent debt, or you weren't able to show which debtor made

24    the transfer, then, you know, there'd be a complaint that

25    someone could move to dismiss even if, you know, I thought

DPH HOLDINGS CORP., et al.

- 204 -

1    there was enough to let the complaint be filed.  But at least

2    they'd see it as a -- and that could be one of their factors in

3    objecting to the motion to amend, is that this complaint has no

4    chance of succeeding because they still haven't identified the

5    transferor, for example.

6         MR. FISHER:  We think that's there's something very

7    technical about the argument that's being made here.  And that

8    as a practical matter, based on the information that is

9    supplied in the complaint, the movants are in an adequate

10   position to respond intelligently to the complaint.

11        Sure, we could bring a motion seeking leave to amend

12   these complaints.  Alternatively, if the Court is going to rule

13   that the complaints need to be repled to comply with the

14   Twombly/Iqbal standard, we could do that.

15        THE COURT:  Well, I guess I want to go back to my

16   earlier question.  I haven't seen a solution like the one

17   you've proposed; do you have authority for that?

18        MR. FISHER:  I don't have a case, Your Honor --

19        THE COURT:  Okay.

20        MR. FISHER:  -- that essentially converts a 12(b)(6)

21   motion to a 12(e) motion.  But conceptually that is what we had

22   in mind.  But if the problem is if 12(e) requires more

23   information than what had been --

24        THE COURT:  I think it's more than just having the

25   defendant come to you and say I'm puzzled, I don't know how to

DPH HOLDINGS CORP., et al.

- 205 -

1   defend.  I think it is an affirmative requirement to state a

2   claim.  And under Iqbal and Twombly and the cases, including

3   Judge Gonzalez' case on preferences, there's certain key

4   elements of the claim that require more than just the -- a

5   recitation of the elements of the claim.  I mean, that's really

6   the -- that's really Twombly as opposed to Iqbal.

7           MR. FISHER:  Right.

8           THE COURT:  And that's, you know, basically, who made

9   the transfer, and what was the antecedent debt?  Something,

10  other than just saying it was for antecedent debt.  I mean, I

11  think by listing the amount and the date, I think it was

12  implicit that you're saying its defendant.  But maybe I'm wrong

13  about that.  If you're asserting against some of the people 550

14  relief then you probably should say how they got it.

15          MR. FISHER:  Well, I think that it's just that --

16          THE COURT:  Not immediate -- not the transferee but

17  subsequent transferee relief.

18          MR. FISHER:  The strange thing about applying Twombly

19  and Iqbal to a preference case is that what does it mean to say

20  that a preference claim is plausible?  I mean, it's plausible

21  that Delphi paid these defendants the amounts that are

22  indicated on the complaint on the dates that are indicated.

23  And it's plausible that those payments were on account of

24  antecedent debt.

25          THE COURT:  First of all, it's not Delphi, there's

DPH HOLDINGS CORP., et al.

- 206 -

1   like forty-two debtors here. So it's not listed who did this.

2   I think that's important. And that leaves the issue of

3   antecedent debt.

4        I'm somewhat sympathetic to your point on that,

5   although, the three judges that have considered this, including

6   Judge Gonzalez, aren't. They all emphasize the need to say

7   something about the antecedent debt, other than the conclusory

8   statement that there's antecedent debt. Your point is well,

9   why would any of the debtors be paying anyone unless there was

10  an antecedent debt?

11       Well, the thing is it may not be antecedent, they may

12  be paying in advance, they may be paying that day; COD. You

13  know, that's the response I think.

14       MR. FISHER: And, Your Honor, it is important to say

15  which debtor entity we're talking about. It is important to

16  say exactly which transferee we're talking about. As a

17  practical matter --

18       THE COURT: Let me say -- I'm going to cut you short.

19       MR. FISHER: Yes.

20       THE COURT: As a -- it seems to me the problem with

21  what you're proposing is that you may not have a basis to say

22  in your books and records that -- at least for the face of the

23  complaint, that defendant X was owed a debt, that this was a

24  payment on account of you may not have it. And I think your

25  method basically sort of puts the onus on them to make that

DPH HOLDINGS CORP., et al.

- 207 -

1    part of your case for you.

2           MR. FISHER:  What we're trying to avoid, Your Honor,

3    is a situation where we now go back and correct these

4    complaints by identifying the specific entities where we think,

5    as a practical matter, the movants know full well by checking

6    their own records --

7           THE COURT:  But that's not -- that's not -- I don't

8    think that's the test, because, again, that shifts the burden

9    of proof.  You know, you basically force them to show we don't

10   know.

11          MR. FISHER:  Well, then, we go back and we provide

12   them with this information.  We could provide it to them in

13   documentary form under 12(e), or we could provide it to them in

14   the form of an amended complaint.

15          THE COURT:  To me that's --

16          MR. FISHER:  And then say it's a new motion to

17   dismiss.

18          THE COURT:  To me that's part of the merits of a

19   motion to amend.  If, in fact, they knew and it's no big deal

20   and they know -- they've always known this, then that's a fact

21   in your favor as well as the fact that the law changed.  You

22   know, but I think it should all be viewed in the context of a

23   motion to amend.

24          Now, I have not reviewed every complaint.  But as I --

25   I've reviewed enough to see that I think they're form

DPH HOLDINGS CORP., et al.

- 228 -

1    service list, you're going to have someone looking at the

2    notice.

3            MS. LEE:  Your Honor --

4            THE COURT:  But that's just a preliminary view because

5    we haven't really gotten into that and I was telling you about

6    ruling on this yet, this aspect of it.

7            MS. LEE:  Your Honor, Cathy Lee.  I represent Ambrake

8    Corporation and also Sumitomo Wiring Systems USA.  I just

9    wanted to understand, sort of, the figures that Your Honor is

10   laying out to make these sort of formative arguments and

11   actually show what individualized prejudice is.  Are you saying

12   that we would do that in response to a motion to amend?  And

13   the reason that I ask --

14           THE COURT:  No -- no.  And I understand why you're

15   asking me because I wasn't very clear on it.

16           MS. LEE:  Okay.

17           THE COURT:  People are free, in response to a motion

18   to amend the complaint, to raise whatever ports people raise in

19   response to motions to amend.  That might include things like

20   prejudice and delay and you know, that gets into lack of notice

21   and all of that.  It's in the context of a motion to amend.  As

22   far as the 4(m) issues are concerned, I'll -- if I'm inclined

23   to grant the motion to amend, I still have to rule on the 4(m)

24   issues because I'm not going to, obviously, give leave to

25   amend, where I concluded that the complaint can't succeed

DPH HOLDINGS CORP., et al.

- 229 -

1   because I would undo my 4(m) orders.

2        So those -- but those 4(m) issues are already briefed

3   and argued.  So I'm not going to have any more argument on them

4   in this context.  You can raise them in the context of -- to

5   the extent that it's appropriate to raise, in the context of a

6   motion to amend.

7        MS. LEE:  Okay.

8        THE COURT:  And then I -- this is me where I was

9   confusing you, I -- pardon me if you hear my rationale for

10  setting it up that way.  Giving you my preliminary view that I

11  probably would not simply say -- at least I don't believe I

12  would simply say that everyone gets off scot-free because of

13  the movants' arguments under 4(m) and Rule 60 and due process.

14       So I would probably -- my inclination at this point,

15  but I may change my mind after I review the transcript and look

16  at the papers and the briefs again, would be to say that, you

17  know, I'd probably have to look at those issues on a case-by-

18  case basis to some extent too.  I may not on some cases.  I

19  mean, the motion papers -- the individual movants' motions may

20  be strong enough on that issue that I would rule in their

21  favor.  You know, I confess.  You know, there are eighty-some

22  motions to dismiss; I concentrated on the global issues which

23  is what we've been dealt -- dealing with here.  It may be when

24  I look at all the pleadings, that there will be any number of

25  people who I believe the complaint should be dismissed, even if

DPH HOLDINGS CORP., et al.

- 275 -

1    the disclosure in connection therewith were not misled by a

2    position that's contrary to the position they're taking today.

3        (Pause)

4        On this point, although in each case the Court has to

5    review the facts at hand so no general rule will apply in a

6    generic way, see In re Ampace Corp., 279 B.R. 145, 159 (Bankr.

7    D. Del. 2002) and In re I. Appel Corp., 300 B.R. 564, 568

8    (S.D.N.Y. 2003) as well as In re P.A.. Bergner & Co., 140 F.3d

9    1111, 1117 (7th Cir.1998).  So that aspect of the motions to

10   dismiss is denied.

11       The motions to dismiss generally also assert that the

12   complaints as filed and served do not satisfy the pleading

13   requirements of Rule 7008, incorporating Rule 8 of the Federal

14   Rules of Civil Procedure.  I agree with that assertion.  And

15   more specifically, the complaints assert preference causes of

16   action under Section 547(b) of the Bankruptcy Code.  In

17   performing the analysis required by Atlantic Corporation v.

18   Twombly, 550 U.S. 544, (2007) and Ashcroft v. Iqbal, 129 S.Ct.

19   1937 (2009), the Court must do the following.

20       First, the Court must identify each element of the

21   cause of action.  Next the Court must identify the allegations

22   that are not entitled to the assumption of truth because they

23   are legal conclusions not factual allegations.  Finally, the

24   Court must assess the factual allegations in the context of the

25   elements of the claim to determine whether they plausibly

DPH HOLDINGS CORP., et al.

- 276 -

1    suggest an entitlement to relief.  See Iqbal, 129 S.Ct. at 149,

2    147, and 151.  The plausibility standard is not akin to a

3    probability requirement but it asks for more than a shear

4    possibility that a defendant has acted unlawfully, id. at page

5    149.

6           Here there are three key elements of a preference

7    claim that are asserted only in a generic way, i.e. only in the

8    sense of repeating the elements of the relevant statute and

9    stating that as a result the defendant harmed the plaintiff,

10   and therefore they do not satisfy the pleading requirements as

11   set forth in Twombly and Iqbal.

12          First, the complaint does not identify the particular

13   debtor, and there were over forty debtors here, who was the

14   transferor.  Secondly, the complaint does not allege a

15   particular antecedent debt on which the transfer was on account

16   of.  And third, the complaint, where there are multiple

17   transferees alleged, does not assert which defendant was the

18   initial transferee and which defendants were subsequent

19   transferees, those parties' rights being different under

20   Section 550 of the Bankruptcy Code.

21          In a similar context where, as here, the complaint did

22   identify the date of the transfer and the amount of the

23   transfer, bankruptcy courts, including the court in this

24   district have similarly concluded as I do now that the

25   preference complaint does not pass muster under Rule 8.  See In

- 277 -

1    re Hydrogen, LLC, 2010 WL 1609, 536 (Bankr. S.D.N.Y., April 20,

2    2010).  In re McLaughlin, 415 B.R. 23 (Bankr. D.N.H. 2009)

3    In re Caremerica Inc., 409 B.R. 737 (Bankr. E.D.N.C. 2009).

4         I've stated during oral argument why I believe all

5    three of these elements of the claim need to be pled with more

6    clarity in the context.  In particular, while it may seem at

7    first glance that anyone receiving money has to receive it for

8    some purpose and therefore it's reasonable to infer in the

9    context that that purpose is to pay an antecedent debt, that is

10   not always the case.  Debtors may pay COD or in advance.  And

11   in addition, in identifying the debt, a complaint may therefore

12   also enable a debtor to show that the creditor, or the

13   transferee, rather, received more than it would otherwise in a

14   Chapter 7 case which would, in the case of a contract that had

15   been subsequently assumed, be a basis for dismissing the claim.

16        So I concluded that the complaints need to be

17   dismissed, and I've given DPH Holdings forty-five days from

18   today to file a motion for each complaint seeking leave to

19   amend each complaint.  That motion should attach the form of

20   complaint -- or must attach the form of complaint that would be

21   proposed to be filed as an amended complaint.  And if such a

22   motion is not filed for any particular complaint, that

23   complaint will be dismissed upon the movant submitting to me a

24   proposed order dismissing the complaint, CC'ing on the e-mail

25   counsel for DPH and stating that in fact notwithstanding my