REICH, REICH & REICH, P.C.
Attorneys for Critech Research Inc.
235 Main Street, Suite 450
White Plains, New York 10601
(914) 949-2126
reichlaw@aol.com
Lawrence R. Reich

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

DELPHI CORPORATION, *et al.*,

                             Debtors.
-----------------------------------------------------------x
DELPHI CORPORATION, *et al.*,

                             Plaintiffs,
       -against-

CRITECH RESEARCH, INC.,

                             Defendant.
-----------------------------------------------------------x

Chapter 11

Case No. 05-44481-RDD

Adv. Pro. No. 07-02188-RDD

## DECLARATION OF ROBERT J. RAJEWSKI IN OPPOSITION TO THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO AMEND COMPLAINTS

Robert J. Rajewski declares the following to be true and correct, under the penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am the President of Critech Research, Inc. I make this Declaration in further support of Critech's opposition to the Plaintiffs' motion for leave to amend the complaint in this Adversary Proceeding.

2. The Debtors commenced this Adversary Proceeding against Critech, under seal, on September 28, 2007.

3. Critech was never provided with notice of, nor did it have any knowledge of, the motion seeking the Preservation Order or the First Extension Motion, the Second Extension Motion, or the Third Extension Motion.

4. The summons with respect to this Adversary Proceeding was not issued until December 8, 2009 (Adversary Proceeding Docket No. 8), and, according to the Affidavit of Service filed with the Court, Critech was not served with the summons and complaint in this Adversary Proceeding (the "**Complaint**") until December 17, 2009 (Adversary Proceeding Docket No. 9), over four (4) years after the Debtors filed their chapter 11 petitions and more than two (2) years after the expiration of the applicable statute of limitations. See 11 U.S.C. § 546(a).

5. Critech filed an answer to the Complaint on April 1, 2010, in which it asserted, among other affirmative defenses, that the Adversary Proceeding is time-barred, and that the claims against it are barred by the doctrines of laches, waiver and estoppel (Adversary Proceeding Docket No. 14).

## Conclusion

6. I respectfully request that the Debtors' motion for leave to amend the Complaint be denied.

Executed on November 23, 2010

/s/ Robert J. Rajewski
Robert J. Rajewski