**Hearing Date:  January 20, 2011**
                                        **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

              REORGANIZED DEBTORS' STATEMENT OF DISPUTED
           ISSUES WITH RESPECT TO PROOFS OF ADMINISTRATIVE
                EXPENSE CLAIM NUMBERS 18797 AND 19718
                       (BING METALS GROUP, LLC)

                ("STATEMENT OF DISPUTED ISSUES –
                   BING METALS GROUP, LLC")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 18797 and 19718 (the "Statement Of Disputed Issues") filed by Bing Metals Group, LLC (the "Claimant") and respectfully represent as follows:

Background

1.     On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.     On July 15, 2009, the Claimant filed proof of administrative expense claim number 18797 ("Claim 18797") against Delphi. Claim 18797 asserts an administrative expense priority claim in the amount of $570,844.47 relating to goods and services provided by the Claimant to Delphi.

3.     On November 4, 2009, the Claimant filed proof of administrative expense claim number 19718 ("Claim 19718" together with Claim 18797, the "Claims") against DAS LLC. Claim 19718 asserts an administrative expense priority claim in the amount of $148,514.43 relating to goods and services provided by the Claimant to DAS LLC.

4.     On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

2

chapter 11 as the Reorganized Debtors.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

        5.      On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, and OPEB Claims, (H) Workers' Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

        6.      On February 17, 2010, the Claimant filed the Response Of Bing Metals Group, LLC In Opposition To Reorganized Debtors' Forty-Third Omnibus Objection To Claims (Claim Numbers 18797, 19717, 19718, 19719) (Docket No. 19463) (the "Response").

        7.      On November 16, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18797 And 19718 (Bing Metals Group, LLC) (Docket No. 20806), scheduling an evidentiary hearing on the merits of the Claim for January 20, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

3

Disputed Issues

A.   The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claims

   8.   The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amounts asserted in the Claims. Instead, the Reorganized Debtors assert that the Claims should be disallowed and expunged in their entirety.

   9.   The Claims Have Been Satisfied In Part. Based upon the Reorganized Debtors' various accounts payable records as well as the Claimant's Response, $586,379.66 of the $719,358.90 asserted in the Claims have been paid in the ordinary course of business. Indeed, pursuant to paragraph 16 of the Response, the Claimant asserts that only $30,510.89 remains due and owing with respect to Claim 18797 and only $102,468.35 remains due and owing with respect to Claim 19718. Therefore, only $132,979.24 remains in dispute with respect to the Claims.

   10.   Proofs Of Delivery Not Provided. After reducing the Claims by the amounts that have been admittedly satisfied, the remaining $132,979.24 relates to amounts owed based on the sale of goods for which the Claimant did not provide proofs of delivery. The Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions, § 2.1. Because Claimant has not provided these proofs of delivery, and the Debtors have no record of receiving certain goods associated with the Claims, the remaining $132,979.24 should be disallowed.

   11.   After taking into account the above-referenced deductions to the Claims, the Debtors reconciled the Claims as illustrated in the following chart:

| Claimant's Asserted Amount | | $719,358.90 |
|---|---|---|
| Modifications | Payments Made in the Ordinary Course of Business | ($586,379.66) |
| | Invoices Without Proof of Delivery | ($132,979.24) |
| Reconciled Amount | | $0.00 |

12.    Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance.  Accordingly, each of the Claims should be disallowed and expunged in its entirety.

## Reservation Of Rights

13.    This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims in their entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
November 23, 2010

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606

– and –

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors