**Hearing Date:  January 20, 2011**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                              :       Chapter 11
: 
DPH HOLDINGS CORP., et al.,     :       Case No. 05-44481 (RDD)
: 
:       (Jointly Administered)
          Reorganized Debtors.     :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH
RESPECT TO PROOF OF CLAIM NUMBER 14955
(TECHNOLOGY PROPERTIES LTD.)

("STATEMENT OF DISPUTED ISSUES – TECHNOLOGY PROPERTIES LTD.")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Administrative Expense Claim Number 14955 filed by Technology Properties Ltd. ("TPL," or the "Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC") (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2. On July 31, 2006, the Claimant filed proof of claim number 14955 (the "Proof of Claim") against DAS LLC. The claim asserts a general unsecured non-priority claim in an unliquidated amount for damages occurring in connection with alleged patent infringement (the "Claim").

3. On October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 14955) (the "Third Omnibus Claims Objection").

2

      4.      On November 21, 2006, the Claimant filed the Response To Objection To Claims Of Technology Property, Ltd. (Docket No. 5625) (the "Response").[1]

      5.      On February 4, 2008, the Debtors and the Claimant entered into the Joint Stipulation And Agreed Order In Respect Of Debtors' Claims Estimation Motion And Third Omnibus Objection To Claims Of Technology Properties Ltd. (Docket No. 12485) (the "Stipulation") which, among other things, barred TPL from asserting an amount greater than $1,250,000.00 for the Proof of Claim or later asserting any other prepetition claim.[2]

      6.      On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

---

[1] On November 21, 2006, the Claimant also filed the Declaration Of Wendy W. Smith In Support of Claims Of Technology Properties, Ltd. (Docket No 5627) in support of the Response.

[2] The Stipulation also provided that TPL may assert a claim against the Debtors arising after the Petition Date and before the effective date of any plan of reorganization of the Debtors (Stipulation ¶ 5). On July 13, 2009, TPL filed proof of administrative expense claim number 18488 ("Claim 18488"), which was objected to by the Reorganized Debtors pursuant to Forty-Seventh Omnibus Claims Objection (Docket No. 19873). Because TPL did not file a response, on May 25, 2010, Claim 18488 was expunged pursuant to this Court's Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 (I) Disallowing And Expunging (A) Certain Administrative Expense Claims On Books And Records Grounds, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modifying A Certain Administrative Expense Claim (Docket No. 20188) (the "Forty-Seventh Omnibus Claims Objection Order").

Disputed Issues

A.  DAS LLC Does Not Owe the Amounts Asserted In The Proof Of Claim

7.  The Claimant asserts in the Proof of Claim that DAS LLC owes it certain unliquidated amounts for alleged patent infringements. The Reorganized Debtors have reviewed the information attached to the Proof of Claim and the Response and dispute any amounts asserted in the Proof of Claim. The Proof of Claim and Response are deficient and substantively lacking, for they fail to specifically identify the patents asserted by the Claimant and any particular products formerly sold by the Reorganized Debtors. However, the Reorganized Debtors believe that Claimant asserts damages relating to three patents, namely U.S. Patent Nos. 5,809,336 (the "'336 Patent"), 5,784,584 (the "'584 Patent"), and 6,598,148 (the "'148 Patent"). The Reorganized Debtors contend that they possess numerous meritorious defenses that defeat Claimant's claims or bar Claimant's demand for damages.

8.  First, the Reorganized Debtors contend that none of the Claimant's patents have been infringed by any of the Debtors or Reorganized Debtors activities or by the products they formerly sold.

9.  Second, the Reorganized Debtors contend that Claimant's patents are invalid and cannot be enforced against the Debtors or Reorganized Debtors.

10. Third, the Reorganized Debtors contend that Claimant's claim for damages under the '336 Patent is barred and extinguished under 35 U.S.C. § 252 as a result of the reexamination certificate that was issued on December 15, 2009, which substantively changed the '366 Patent's claims that could be asserted against the Debtors or the Reorganized Debtors (the "December Reexamination Certificate"). Similarly, the Reorganized Debtors contend that Claimant's claim for damages under the '584 Patent is barred and extinguished under 35 U.S.C. § 252 as a result of the Reexamination Certificate that was issued on July 21, 2009, which

4

substantively changed the '584 Patent's claims that could be asserted against the Debtors or the Reorganized Debtors (the "July Reexamination Certificate"). In addition, the '148 Patent is currently undergoing reexamination before the U.S. Patent Office, and the Reorganized Debtors anticipate that claims in connection with the '148 Patent that could be asserted against the Debtors or the Reorganized Debtors will also be substantively changed resulting in a bar of damages under 35 U.S.C. § 252.

11.  Fourth, the Reorganized Debtors further contend that the Claimant is barred from collecting any damages in connection with the Claim based on the affirmative defense of laches. There is a presumption of laches because the Claimant waited more than six years to make a patent infringement claim. The Claimant did not file its Proof of Claim until July 27, 2006; however, the Claimant had knowledge of the alleged infringement since at least October 9, 1999. Accordingly, the Claimant is not entitled to any amounts asserted in the Claim.

12.  Finally, the Reorganized Debtors contend that the Claimant failed to comply with 35 U.S.C. § 287 and is therefore barred from recovering any amounts asserted in the Claim. The Claimant's right to recover damages prior to actual notification of infringement is dependent on whether it complied with 35 U.S.C. § 287. Section 287(a) requires notice of infringement as a prerequisite for accruing damages. Notice can be accomplished one of two ways. First, constructive notice is established by marking the patented item (or the packaging) with a notice containing the word patent (or "pat.") and the applicable patent number. Second, the patentee can provide actual notice to the infringer that they are infringing the patent. The relevant statutory language on actual notice provides that if the item is not marked, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event

damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). Because the Claimant did not provide constructive or actual notice until after the Petition Date, the Debtors are not liable for any amounts asserted in the Claim, which accrued prior to any actual notification of infringement.

Reservation Of Rights

13.   This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

    WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Proof of Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
    November 23, 2010

              SKADDEN, ARPS, SLATE, MEAGHER
                & FLOM LLP

              By: /s/ John Wm. Butler, Jr.
                 John Wm. Butler, Jr.
                 John K. Lyons
                 Ron E. Meisler
              155 North Wacker Drive
              Chicago, Illinois 60606

               - and -

              Four Times Square
              New York, New York 10036

              Attorneys for DPH Holdings Corp., et al.,
                Reorganized Debtors