# EXHIBIT A

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Judy B. Calton (P38733)
I.W. Winsten (P30528)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Telephone: (313) 465-7344
Facsimile: (313) 465-7345
Email: jcalton@honigman.com

Attorneys for Defendant MSX International, Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                          :
In re:                                    :      Chapter 11
         DPH HOLDINGS CORP., et al.,      :      Case No. 05-44481 (RDD)
                                          :
                   Reorganized Debtors,   :
                                          :
------------------------------------------------------------x
                                          :
DELPHI AUTOMOTIVE SYSTEMS, LLC,           :
                                          :
                   Plaintiffs,            :      Adv. Pro. No. 07-02484(RDD)
                                          :
v.                                        :
                                          :
MSX INTERNATIONAL, INC.,                  :
                                          :
                   Defendant.             :
------------------------------------------------------------x
```

## DECLARATION OF FREDERICK K. MINTURN

Frederick K. Minturn declares as follows:

1.      I am the President and Chief Executive Officer of MSX International, Inc.
("**MSX**").

2.      I make this Declaration upon personal knowledge, and if called as a witness would testify to the facts stated herein.

3.      MSX was established in 1996.  MSX provides outsourced business services to clients, primarily in the automotive industry, including temporary and permanent staffing.

4.      MSX provided staffing services to Delphi Corporation and various of its affiliates (collectively, "**Delphi**") from the time of Delphi's spinoff from General Motors Corporation until approximately May 2007.  MSX provided Delphi with a variety of staffing needs, including technical and administrative personnel and workers in subassembly operations.

5.      When MSX worked with Delphi, MSX had certain of its corporate staff personnel and contractors working on the Delphi account.  Most of the contractors and a significant number of the corporate staff personnel were dedicated to Delphi as a client.  Being dedicated to the Delphi account meant that the MSX corporate staff personnel and contractors devoted their full-time efforts to the Delphi business.

6.      When MSX's business relationship with Delphi terminated, MSX no longer had need for and terminated over 400 corporate staff personnel and contractors dedicated to the Delphi account (the "**Former Personnel**").  The Former Personnel included the following MSX corporate headquarters staff personnel:

> (a)      Marcy Mitchel, Time Entry and Collections supervisor;
>
> (b)      Tracy Fletcher, Collections Clerk;
>
> (c)      Mark Tomlin, Delphi account manager;
>
> (d)      Lana Bobb, Delphi account manager;
>
> (e)      Yasanta Wells, Delphi account manager;
>
> (f)      Carol Rusch, Delphi account manager; and

(g)     Mike Byers, Delphi account manager.

Thus, the MSX personnel who had direct contact with Delphi on behalf of MSX and were most knowledgeable about MSX's business relationship with Delphi have left MSX and no longer work for MSX.

7.     At the time the Former Personnel were terminated, MSX made no arrangements to obtain information about the issues raised by the lawsuit, whether in the exit interviews or otherwise, or to keep in touch with any of them.  By March 2010, when MSX learned of the lawsuit, it no longer had knowledge of the whereabouts of the Former Personnel.  MSX's Human Resources department has even tried to contact the Former Personnel from MSX's corporate staff listed in Paragraph 6 above, and was unable to reach any of them.

8.     As a matter of policy, MSX cleans the computer hard drives of departed personnel and reissues the "scrubbed" computers to other personnel.  MSX has no ability to locate the data that at one time was stored on the hard drives of the Former Personnel.

9.     The  purchasing, payment and other personnel employed by Delphi with whom MSX worked also are no longer at Delphi.  MSX does not know how to contact them or how to go about locating them.

10.     There was a dispute between Delphi and MSX about alleged duplicate payments made by Delphi to MSX.  In the dispute, Delphi asserted that prepetition it had overpaid MSX $540,603.63 by making duplicate payments on previously paid invoices shortly before the commencement of Delphi's bankruptcy cases.  Delphi demanded MSX repay the $540,603.63 overpayment.

11.     MSX and Delphi resolved the dispute by entering into a Settlement Agreement, a copy of which is attached as Exhibit 1.  The Settlement Agreement provided, in summary, that

MSX's proof of claim was disallowed and expunged, MSX released and waived the right to assert any other claim against Delphi, and Delphi would receive repayment of the $540,603.69 overpayment by foregoing paying MSX $92,828.24 it owed MSX for postpetition services and a payment of $447,775.39 from MSX. MSX paid Delphi the $447,775.39 in August 2007.

12.    Upon implementation of the Settlement Agreement, MSX was no longer a creditor of Delphi and had no interest in the Delphi case. MSX instructed its attorneys to incur no more fees representing MSX in the Delphi case.

13.    Sarah Seewer, the attorney who had represented MSX in the Delphi case, including negotiating the Settlement Agreement, filed a notice in the Delphi case on October 4, 2007 to withdraw from representing MSX and cease receiving further notices. A copy of her Request for Removal from ECF Notification is attached as Exhibit 2.

14.    Also, because MSX had no further business relationship with Delphi, it made no special efforts to organize and store documents important to that relationship.

15.    Due to the passage of time, I have no recollection of MSX receiving a Delphi disclosure statement and plan after MSX's entry into the Settlement Agreement, but if MSX had received it, no one at MSX would have read it because MSX had ceased to be a creditor of Delphi or have any interest in the Delphi bankruptcy.

16.    I make this Declaration under penalty of perjury.

_____
Frederick K. Minturn

Executed in Warren, Michigan
on November 19, 2010

8363984.6

# EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of August ___, 2007 (this "Settlement Agreement"), is entered into by and between MSX International, Inc. ("MSX") and Delphi Automotive Systems LLC ("DAS LLC").

## RECITALS:

WHEREAS, on October 8, 2005 (the "Petition Date"), Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, an administrative error occurred during the weeks leading to the Petition Date causing the Debtors to overpay MSX.

WHEREAS, the Debtors incurred postpetition liabilities to MSX in the amount of $92,828.24 arising from services performed after the Petition Date (the "Postpetition Liabilities").

WHEREAS, on July 24, 2006, MSX filed proof of claim number 11425 against DAS LLC, asserting an unsecured non-priority claim in the amount of $90,809.43 (the "Claim") arising from services performed.

WHEREAS, on April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 17, 2007, MSX filed its Response Of MSX International, Inc. To Thirteenth Omnibus Objection to Claims (Docket No. 8083).

WHEREAS, to resolve the Thirteenth Omnibus Claims Objection with respect to the Claim, DAS LLC and MSX have agreed to enter into this Settlement Agreement.

WHEREAS, DAS LLC is authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

1

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, DAS LLC and MSX agree as follows:

1. **Disallowance And Expungement Of Claim And MSX's Release And Waiver Of Rights.** The Debtors and MSX acknowledge and agree that the Claim shall be disallowed and expunged in its entirety. MSX, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "MSX Releasing Parties"), hereby release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim and which the MSX Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission in respect of the Claim.

2. **Return Of Overpayment To DAS LLC.** DAS LLC and MSX acknowledge and agree that the Debtors made a prepetition overpayment to MSX. MSX agrees to wire Four Hundred Forty-Seven Thousand, Seven Hundred Seventy-Five Dollars, And Thirty-Nine Cents ($447,775.39) to DAS LLC within 10 business days of execution of this Settlement Agreement. DAS LLC and MSX acknowledge and agree that such payment will satisfy and resolve the Claim and the Postpetition Liability.

3. **Withdrawal Of Response.** MSX agrees that it shall withdraw its Response to the Thirteenth Omnibus Claims Objection with prejudice.

4. **Governing Law.** This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

5. **Representations And Warranties.** The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement.

6. **Entire Understanding.** This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof. This Settlement Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and MSX.

7. **No Party Deemed Drafter.** This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by MSX and its counsel. Therefore, any ambiguous language in this Settlement Agreement shall not be construed against any particular party as the drafter of such language.

2

8.  <u>Counterparts.</u>   This Settlement Agreement may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same agreement. Delivery of an executed counterpart of this Settlement Agreement by facsimile or electronic mail shall be equally as effective as delivery of an original executed counterpart of this Settlement Agreement.

Accepted and agreed to by:

Delphi Automotive Systems LLC

By: _____
Name: Dean R Unruh
Title: CLAIMS ADMINISTRATOR
Dated: August 8, 2007

MSX International, Inc.

By: _____
Name: MIKE MUSACKE
Title: DIR. OF FINANCE
Dated: August 7, 2007

3

# EXHIBIT 2

Sarah Hiltz Seewer, Esq. (P64882)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
Detroit, MI 48226
Telephone: (313) 465-7592
Facsimile: (313) 465-7593
sseewer@honigman.com

Attorneys for MSX International, Inc.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| **DELPHI CORPORATION,** *et al.,* | Case No. 05-44481 |
| Debtors. | (Jointly Administered |
| | Hon. Robert D. Drain |

_____/

### REQUEST FOR REMOVAL FROM ECF NOTIFICATION

Attorney Sarah Hiltz Seewer requests to be removed from the electronic filing in reference to the above captioned bankruptcy case. Ms. Seewer no longer holds an interest in the proceedings.

Email address to be removed: sseewer@honigman.com, effective immediately.

Respectfully Submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for MSX International, Inc.

Dated: October 4, 2007

By:    /s/ Sarah Hiltz Seewer
Sarah Hiltz Seewer (P64882)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7592
Facsimile: (313) 465-7593
Email: sseewer@honigman.com

DETROIT.2817205.1