# EXHIBIT B (Part 2)

**EXHIBIT 7**

## EXHIBIT 7

### Delphi Purchase Order Transfers

| Transfer Date | Transfer Amounts | Antecedent Debt/Purchase Order/Invoice Number | Related Purchase Order |
|---|---|---|---|
| 8/2/2005 | $140,735.80 | FDR27707 | FDB01905 |
| 8/2/2005 | $99,902.04 | FDR27808 | FDB01905 |
| 8/2/2005 | $14,751.72 | FDR27810 | FDB01905 |
| 8/2/2005 | $184,413.26 | FDR27820 | FDB01905 |
| 8/2/2005 | $171,531.58 | FDR27821 | FDB01905 |
| 8/2/2005 | $186,696.36 | FDR27977 | FDB01905 |
| 9/2/2005 | $4,828.12 | FDR28024 | FDB01905 |
| 9/2/2005 | $120,740.16 | FDR28025 | FDB01905 |
| 9/2/2005 | $1,544.32 | FDR28026 | FDB01905 |
| 9/2/2005 | $7,659.70 | FDR28027 | FDB01905 |
| 9/2/2005 | $66,407.54 | FDR28355 | FDB01905 |
| 9/20/2005 | $158,405.22 | FDR28393 | FDB01905 |
| 9/20/2005 | $196,712.16 | FDR28394 | FDB01905 |
| 9/20/2005 | $193,572.34 | FDR28395 | FDB01905 |
| 10/7/2005 | $457,870.98 | FDR28026 | FDB01905 |
| 10/7/2005 | $517,943.34 | FDR28027 | FDB01905 |
| 10/7/2005 | $2,364.08 | FDR28393 | FDB01905 |
| 10/7/2005 | $3,544.72 | FDR28394 | FDB01905 |
| 10/7/2005 | $3,197.06 | FDR28395 | FDB01905 |
| 10/7/2005 | $120,740.16 | FDR28396 | FDB01905 |
| 10/7/2005 | $206,849.44 | FDR28397 | FDB01905 |
| 10/7/2005 | $221,736.10 | FDR28398 | FDB01905 |
| 10/7/2005 | $203,586.74 | FDR28399 | FDB01905 |
| 7/18/2005 | $4,400.00 | FDS81935 | FDS81935 |
| 8/2/2005 | $19,998.00 | FDS82362 | FDS82362 |
| 7/19/2005 | $7,572.46 | FDS82478 | FDS82478 |
| 8/2/2005 | $12,350.00 | FDS82781 | FDS82781 |
| 8/2/2005 | $11,415.32 | FDS82782 | FDS82782 |
| Total | $3,341,468.72 | | |

8375677.1

# EXHIBIT 8

# DELPHI

OCT 2 5 2005

Delphi Thermal and Interior

Page 1 of 2

**Buyer:**

DELPHI
SAFETY & INTERIOR SYSTEMS
1401 CROOKS RD.
TROY MI 48084-7106

**Deliver to:**

DELPHI THERMAL & INTERIOR
NORTH KANSAS CITY OPERATIONS - IN01
144 WEST 23RD AVENUE
NORTH KANSAS CITY MO 64116

MSX INTERNATIONAL INC
1950 CONCEPT DR
WARREN MI 48091-1385

**Contract**

| | |
|---|---|
| PO Number | Date Issued |
| 460006298 | 06-Sep-2005 |
| Version | |
| 20-Oct-2005  12:22:18 | |

| | |
|---|---|
| Vendor No: | 1012817 |
| DUNS No: | 139470009 |

**Payment Terms:**  ZCAD          **Currency:**  USD

**Incoterms:**  FOB- Freight Collect

```
* * *  Terms of payment changed
* * *  Text changed
```

**Notes:**

Supplier acknowledges that payment terms are strictly confidential and not be disclosed to any third party whatsoever without the prior written consent of Delphi.

All existing bill rates exercised in 2005 remain in effect. Reference data contained in the SOW from the original RFQ dated 2/15/2003 and amendments.

******************************************************************
IMPORTANT NOTICE TO SUPPLIERS:
PLEASE COMPLY STRICTLY WITH DELPHI'S ENVIRONMENTAL REQUIREMENTS AS STATED IN THE ENVIRONMENTAL REQUIREMENTS
FOR CONTRACTORS / SUPPLIERS / VENDORS.  A COPY OF THE ENVIRONMENTAL REQUIREMENTS IS AVAILABLE UPON WRITTEN
REQUEST TO THE BUYER.
******************************************************************
Delphi requires 100% on time delivery performance from suppliers.  If you anticipate problems in delivering materials and/or completing services by the date
specified on the Buyer's purchase order, the Delphi Buyer should be notified immediately.

Restricted, toxic, and hazardous materials - Suppliers are required to comply with current governmental and safety constraints on restricted, toxic and hazardous
materials; as well as environmental, electrical and electromagnetic considerations applicable to the country of manufacture and sale. This relates to both the

Purchasing Contact: Miller, Carol   C Miller          Contact Address:

Phone:  248-655-0715

Fax:  866-478-7632

# DELPHI

_____ Delphi Thermal and Interior

Page  2  of  2

MSX INTERNATIONAL INC
1950 CONCEPT DR
WARREN MI 48091-1385

### Contract

| PO Number | Date Issued |
|---|---|
| 460006298 | 06-Sep-2005 |
| Version | |
| 20-Oct-2005  12:22:18 | |

---

**Notes Continued:**

salable product and the manufacturing processes. (Refer also to Terms and Conditions No. 8 "Ingredients Disclosure and Special Warnings Instructions"). Commencement of any work or service under this order shall constitute seller's acceptance of these responsibilities.  If you do not accept these responsibilities, please contact the appropriate Delphi's Buyer.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Seller acknowledges and agrees that Buyer's General Terms and Conditions and Delphi Customer Specific Requirements are incorporated in, and a part of, this contract and each purchase order, release, requisition, work order, shipping instruction, specification and other document issued by Buyer or accepted in writing by Buyer, whether expressed in written form or by electronic data interchange, relating to the goods and/or services to be provided by Seller pursuant to this contract (such documents are collectively referred to as this "Contract").  A copy of Buyer's General Terms and Conditions and Delphi Customer Specific Requirements are available upon written request to Buyer or via the internet at Delphi's website, delphi.com.  Seller acknowledges and agrees that it has read and understands Buyer's General Terms and Conditions and Delphi Customer Specific Requirements .  If Seller accepts this Contract in writing or commences any of the work or services which are the subject of this Contract, Seller will be deemed to have accepted this Contract and Buyer's General Terms and Conditions and Delphi Customer Specific Requirements in their entirety without modification.  Any additions to, changes in, modifications of, or revisions of this Contract (including Buyer's General Terms and Conditions and Delphi Customer Specific Requirements ) which Seller proposes will be deemed to be rejected by Buyer except to the extent that Buyer expressly agrees to accept any such proposals in writing.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
All wood packaging must be compliant with the International Standard Phytosanitary Measure #15 in the treatment of wood packaging material.  Please reference the "Requirements for the treatment of wood packaging materials" section of the Supplier Community Portal found on www.delphi.com for further details.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Supplier agrees to make deliveries according to the agreed upon delivery date(s), and to pay to Buyer liquidated damages amounting to 1.00% of the contract price per week, for each week (or part thereof) of any delay.  Additional charges incurred by the supplier to achieve agreed upon delivery date are the supplier's responsibility and will not be reimbursed by Delphi.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Title to goods shall transfer from seller to buyer upon arrival at buyer's consuming plant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# DELPHI

OCT 26 2005

_____ Delphi Thermal and Interior

Page  1  of  3

**Buyer:**

DELPHI
SAFETY & INTERIOR SYSTEMS
1401 CROOKS RD.
TROY MI 48084-7106

**Deliver to:**

DELPHI THERMAL & INTERIOR
NORTH KANSAS CITY OPERATIONS - IN01
144 WEST 23RD AVENUE
NORTH KANSAS CITY MO  64116

MSX INTERNATIONAL INC
1950 CONCEPT DR
WARREN MI 48091-1385

**Contract**

| PO Number | Date Issued |
|---|---|
| 460006298 | 06-Sep-2005 |
| Version | |
| 21-Oct-2005  13:25:11 | |

Vendor No:  1012817
DUNS No:  139470009

**Payment Terms:**  ZCAD          **Currency:**  USD

**Incoterms:**  FOB-Freight Collect

| Item No. | Material No. Description | Plant |
|---|---|---|
| 00010 | XTIMFG-4401 SERVICE | R301 DELPHI T & I MISSOURI |

OUTSIDE SERVICES - MANUFACTURING DEPARTMENT

| Valid From | Valid To | Currency | Price | Price Unit | UOM |
|---|---|---|---|---|---|
| 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |

| Item No. | Material No. Description | Plant |
|---|---|---|
| 00020 | XTIENG-4424 SERVICE | R301 DELPHI T & I MISSOURI |

OUTSIDE SERVICES - ENGINEERING DEPARTMENT

| Valid From | Valid To | Currency | Price | Price Unit | UOM |
|---|---|---|---|---|---|
| 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |

| Item No. | Material No. Description | Plant |
|---|---|---|
| 00030 | XTIPCL-4461 SERVICE | R301 DELPHI T & I MISSOURI |

OUTSIDE SERVICES - PC&L DEPARTMENT

| Valid From | Valid To | Currency | Price | Price Unit | UOM |
|---|---|---|---|---|---|
| 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |

| Item No. | Material No. Description | Plant |
|---|---|---|
| 00040 | XTIHRE-4467 SERVICE | R301 DELPHI T & I MISSOURI |

Purchasing Contact: Miller, Carol  _C Miller_          Contact Address:
Phone: 248-655-0715
Fax:  866-478-7632

# DELPHI

_____ Delphi Thermal and Interior

Page  2  of 3

MSX INTERNATIONAL INC
1950 CONCEPT DR
WARREN  MI  48091-1385

**Contract**

PO Number
460006298

Version
21-Oct-2005  13:25:11

Date Issued
06-Sep-2005

| Item No. | Material No. Description | | Plant | | | |
|---|---|---|---|---|---|---|
| | OUTSIDE SERVICES - HUMAN RESOURCES DEPARTMENT | | | | | |
| | **Valid From** | **Valid To** | **Currency** | **Price** | **Price Unit** | **UOM** |
| | 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |
| 00050 | XTIOFF-4471 | | R301 DELPHI T & I MISSOURI | | | |
| | SERVICE | | | | | |
| | OUTSIDE SERVICES - OFFICE DEPARTMENT | | | | | |
| | **Valid From** | **Valid To** | **Currency** | **Price** | **Price Unit** | **UOM** |
| | 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |
| 00060 | XTIQUA-4474 | | R301 DELPHI T & I MISSOURI | | | |
| | SERVICE | | | | | |
| | OUTSIDE SERVICES - QUALITY CONTROL DEPARTMENT | | | | | |
| | **Valid From** | **Valid To** | **Currency** | **Price** | **Price Unit** | **UOM** |
| | 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |
| 00070 | XTIITE-4492 | | R301 DELPHI T & I MISSOURI | | | |
| | **Valid From** | **Valid To** | **Currency** | **Price** | **Price Unit** | **UOM** |
| | 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |
| 00080 | XTIMISCEXP | | R301 DELPHI T & I MISSOURI | | | |
| | CHARGE | | | | | |
| | MISCELLANEOUS CHARGES AND EXPENSES | | | | | |
| | **Valid From** | **Valid To** | **Currency** | **Price** | **Price Unit** | **UOM** |
| | 15-Feb-2003 | 14-Feb-2006 | USD | 1.00 | 1 | DOL |

**Notes:**

Supplier acknowledges that payment terms are strictly confidential and not be disclosed to any third party whatsoever without the prior written consent of Delphi.

ZCAD payment terms and contract in effect until November 6, 2005.

All existing bill rates exercised in 2005 remain in effect. Reference data contained in the SOW from the original RFQ dated 2/15/2003 and amendments.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IMPORTANT NOTICE TO SUPPLIERS:
PLEASE COMPLY STRICTLY WITH DELPHI'S ENVIRONMENTAL REQUIREMENTS AS STATED IN THE ENVIRONMENTAL REQUIREMENTS FOR CONTRACTORS / SUPPLIERS / VENDORS.  A COPY OF THE ENVIRONMENTAL REQUIREMENTS IS AVAILABLE UPON WRITTEN REQUEST TO THE BUYER.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Delphi requires 100% on time delivery performance from suppliers.  If you anticipate problems in delivering materials and/or completing services by the date specified on the Buyer's purchase order, the Delphi Buyer should be notified immediately.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Restricted, toxic, and hazardous materials - Suppliers are required to comply with current governmental and safety constraints on restricted, toxic and hazardous materials; as well as environmental, electrical and electromagnetic considerations applicable to the country of manufacture and sale.  This relates to both the salable product and the manufacturing processes. (Refer also to Terms and Conditions No. 8 "Ingredients Disclosure and Special Warnings Instructions").

# DELPHI

_____ Delphi Thermal and Interior

MSX INTERNATIONAL INC
1950 CONCEPT DR
WARREN  MI  48091-1385

## Contract

| PO Number | Date Issued |
|---|---|
| 460006298 | 06-Sep-2005 |
| Version | |
| 21-Oct-2005  13:25:11 | |

| Item No. | Material No. | Plant |
|---|---|---|
| | Description | |

### Notes Continued:

Commencement of any work or service under this order shall constitute seller's acceptance of these responsibilities.  If you do not accept these responsibilities, please contact the appropriate Delphi's Buyer.

*****************************************************

Seller acknowledges and agrees that Buyer's General Terms and Conditions and Delphi Customer Specific Requirements are incorporated in, and a part of, this contract and each purchase order, release, requisition, work order, shipping instruction, specification and other document issued by Buyer or accepted in writing by Buyer, whether expressed in written form or by electronic data interchange, relating to the goods and/or services to be provided by Seller pursuant to this contract (such documents are collectively referred to as this "Contract").  A copy of Buyer's General Terms and Conditions and Delphi Customer Specific Requirements are available upon written request to Buyer or via the internet at Delphi's website, delphi.com.  Seller acknowledges and agrees that it has read and understands Buyer's General Terms and Conditions and Delphi Customer Specific Requirements .  If Seller accepts this Contract in writing or commences any of the work or services which are the subject of this Contract, Seller will be deemed to have accepted this Contract and Buyer's General Terms and Conditions and Delphi Customer Specific Requirements  in their entirety without modification.  Any additions to, changes in, modifications of, or revisions of this Contract (including Buyer's General Terms and Conditions and and Delphi Customer Specific Requirements ) which Seller proposes will be deemed to be rejected by Buyer except to the extent that Buyer expressly agrees to accept any such proposals in writing.
*****************************************************

All wood packaging must be compliant with the International Standard Phytosanitary Measure #15 in the treatment of wood packaging material.  Please reference the "Requirements for the treatment of wood packaging materials" section of the Supplier Community Portal found on www.delphi.com for further details.
*****************************************************

Supplier agrees to make deliveries according to the agreed upon delivery date(s), and to pay to Buyer liquidated damages amounting to 1.00% of the contract price per week, for each week (or part thereof) of any delay. Additional charges incurred by the supplier to achieve agreed upon delivery date are the supplier's responsibility and will not be reimbursed by Delphi.
*****************************************************
*****************************************************

*********************
Title to goods shall transfer from seller to buyer upon arrival at buyer's consuming plant.
*********************

# DELPHI

**SHIP TO:**

DELPHI AUTOMOTIVE SYSTEMS
1401 CROOKS ROAD
TROY MI
48084

US

**INVOICE TO:**

DELPHI S&I - LANSING
ATTN: CAROLINE NASAL
4521 W. MOUNT HOPE HWY.
SUITE 2
LANSING, MI
48917-9501
US

TO: VENDOR NUMBER 13-947-0009
MSX INTERNATIONAL INC
22355 W 11 MILE RD
SOUTHFIELD, MI
48034

# PURCHASE ORDER: FDB01831

PAGE

This Number Must Appear On All Invoices, Packing Slips,
Packages and Bills of Lading.
(2) copies of your packing slip must accompany each shipment.
Item Identification Number(s) must be shown on Packing Slips and
Invoices.
Invoice Attn: Accounts Payable
Do not Declare Valuation of Express Shipments or Insure Parcel
Post.

PHONE: 248-655-0715
VL MCGRATH
EC McGee   Buyer
EC McGee   PURCHASING AGENT

| ORDER DATE | ALTERATION ISSUE DATE |
|---|---|
| 02/06/03 | |

ALTERATION EFFECTIVE DATE

SHIP VIA: BESTWAY

This order is not binding until accepted. Acceptance should be executed on acknowledgment copy which should be returned to Buyer.
On the reverse side hereof are the terms and conditions in which Seller agrees by acceptance of this order.
This order, including the terms and conditions on the face and reverse side hereof, contains the complete and final agreement between Buyer and Seller and no other agreement in any way modifying any of said terms and conditions will be binding upon the Buyer unless made in writing and signed by Buyer's authorized representative.
(If Government Contract Number is Shown Hereon, Additional Terms and Conditions Attached Hereto Apply.

| | F.O.B. | DESTINATION UNLESS OTHERWISE INDICATED |
|---|---|---|
| | S25 | |

| PAYMENT TERMS | | |
|---|---|---|
| NET 2ND DAY OF 2ND MONTH | | |

| ITEM SEQUENCE | QUANTITY ORDERED | ITEM IDENTIFICATION NO. | NOUN NAME | DESCRIPTION | DATE REQUIRED | TAX CODE/ % | PRICE UNIT MEAS | BASE UNIT PRICE | PRICE MULTIPLE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | ###ESTABLISHED PER RELEASE### | | | | | |
| | | | | ## THIS BLANKET HAS BEEN MECHANICALLY TRANSMITTED ## | | | | | |
| | | | | ### THIS IS A LOCAL BLANKET ORDER ### | | | | | |
| | | | | EFFECTIVE DATE: 02/15/03  EXPIRATION DATE: 02/14/06 | | | | | |
| | | | | THIS ORDER LISTED IN THE FOLLOWING CURRENCY USD DOLLAR (UNITED STATES) | | | | | |
| | | | | THIS BLANKET ORDER IS ISSUED TO COVER OUR ORDER OF THE MATERIAL OR SERVICES IDENTIFIED DURING THE PERIOD 02/15/03 TO 02/14/06 SPECIFIC QUANTITIES OR SERVICES, IF ANY, TO BE COVERED IN SUBSEQUENT REQUESTS. TO COVER ALL REQUIREMENTS PER DPRS021089-REF. ATTACHMENT A FOR CURRENT BILL RATES. | | | | | |
| | | | | FOR QUESTIONS REGARDING THIS ORDER/RELEASE, INCLUDING PAYMENT CALL: CAROLINE NASAL AT 517.322.4854 AND FAX NUMBER 517.322.4804. | | | | | |

RECEIVED
APR 1 0 2003
PO COORDINATOR

FDB01831
DUPLICATE-
RECEIVED THRU
EDI 2/20/03

BUYER NAME: VL MCGRATH
BUYER CODE: EC
VENDOR : MSX INTERNATIONAL INC

DELPHI S&I - DIVISIONAL OFFICE                                     PAGE      2
BLANKET ORDER ATTACHMENT FORM
ORDER NUMBER FDB01831 ISSUE DATE 02/06/03

| ITEM SEQ | VENDOR ITEM PERCENT IDENTIFICATION | NOUN NAME | DESCRIPTION | RFQ NUMBER | BASE UNIT PRICE MULT | PRICE | BUY U/M |
|---|---|---|---|---|---|---|---|
| 00001 | 0.10% MFG-4401 | SERVICE | OUTSIDE SERVICES - MANUFACTURING DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00002 | 0.10% ENG-4424 | SERVICE | OUTSIDE SERVICES - ENGINEERING DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00003 | 0.10% PCL-4461 | SERVICE | OUTSIDE SERVICES - PC&L DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00004 | 0.10% HRE-4467 | SERVICE | OUTSIDE SERVICES - HUMAN RESOURCES DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00005 | 0.10% OFF-4471 | SERVICE | OUTSIDE SERVICES - OFFICE DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00006 | 0.10% QUA-4474 | SERVICE | OUTSIDE SERVICES - QUALITY CONTROL DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00007 | 0.10% ITE-4492 | SERVICE | OUTSIDE SERVICES - INFORMATION TECHNOLOGY DEPARTMENT | | 1.0000 | 1 | DOLS |
| 00008 | 0.10% MISCEXP | CHARGE | MISCELLANEOUS CHARGES AND EXPENSES | | 1.0000 | 1 | DOLS |

WORK DESCRIBED HEREON SHALL BE PERFORMED IN ACCORD-
ANCE WITH DELPHI CORPORATION CONSTRUCTION GENERAL
CONDITIONS. DELPHI SAFETY AND INTERIOR CONTRACTOR
SPECIFICATIONS AND THE SAFETY RULES AND PRECAUTIONS
ESTABLISHED BY DELPHI. SAFETY AND INTERIOR SAFETY
DEPARTMENT. INSURANCE COVERAGES AND CERTIFICATION
REQUIREMENTS ARE SET FORTH ON THE REVERSE HEREON.

***********INDEPENDENT CONTRACTOR CLAUSE**********
IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THE
PERSONNEL FURNISHED BY SELLER TO PERFORM THE SERVICES
DESCRIBED IN THIS PURCHASE ORDER SHALL BE AND REMAIN
SELLER'S EMPLOYEES OR APPROVED SUB-CONTRACTORS, AND
UNDER NO CIRCUMSTANCES ARE SUCH EMPLOYEES TO BE
CONSIDERED BUYER'S EMPLOYEES OR AGENTS.  SELLER
ACKNOWLEDGES AND AGREES THAT THERE SHALL BE AN

CONTINUE PAGE      3

B000963   USER: VICKI L MC GRATH

DELPHI S&I - DIVISIONAL OFFICE                                    PAGE    3
BLANKET ORDER ATTACHMENT FORM

BUYER NAME: VL MCGRATH
BUYER CODE: EC
VENDOR   : MSX INTERNATIONAL INC       ORDER NUMBER FDBO1831 ISSUE DATE 02/06/03

| ITEM VENDOR ITEM | NOUN NAME    DESCRIPTION       RFQ NUMBER | BASE UNIT PRICE PRICE BUY |
| SEQ  PERCENT IDENIFICATION | | MULT U/M |

INDEPENDENT CONTRACTOR RELATIONSHIP BETWEEN THE
SELLER AND THE BUYER AT ALL TIMES

SELLER AGREES TO REQUIRE SELLER'S EMPLOYEES ASSIGNED
TO PERFORM WORK FOR BUYER TO SIGN THE ATTACHED
INTELLECTUAL PROPERTY RIGHTS AGREEMENT FORM. SELLER
FURTHER AGREES TO WITNESS THE SIGNING OF SUCH AGREE-
MENTS FOR BUYER, TO MAINTAIN SUCH SIGNED AGREEMENTS
ON FILE FOR A PERIOD OF FIVE (5) YEARS AFTER THE
COMPLETION OF WORK UNDER THIS PURCHASE CONTRACT, AND
AT BUYER'S REQUEST AT ANY TIME BEFORE THE END OF THAT
FIVE-YEAR PERIOD, TO DELIVER ANY OR ALL SUCH SIGNED
AGREEMENTS TO BUYER.

INSURANCE TERMS (IT): SPECIAL TERMS UNITED STATES...
FOR PURPOSES OF THIS AGREEMENT,THE INSURANCE COVERAGE
UNDER PARAGRAPH 17 ("INSURANCE") OF THE GENERAL TERMS
AND CONDITIONS ARE AS FOLLOWS: (A) WORKERS' COMPEN-
SATION: STATUTORY LIMITS FOR THE STATE(S) IN WHICH
THIS CONTRACT IS TO BE PERFORMED (OR EVIDENCE OF AU-
THORITY TO SELF INSURE); (B) EMPLOYER'S LIABILITY:
$500,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT
AND $500,000 EACH EMPLOYEE FOR BODILY INJURY BY DIS-
EASE; (C) COMMERCIAL GENERAL LIABILITY ON AN OCCUR-
RENCE FORM COVERING LIABILITY ARISING FROM PREMISES,
OPERATIONS,INDEPENDENT CONTRACTORS,PRODUCTS/COM-
PLETED OPERATIONS, PERSONAL INJURY AND ADVERTISING
INJURY AND LIABILITY ASSUMED UNDER AN INSURED CON-
TRACT $5,000,000 EACH OCCURENCE; AND (D) AUTOMOBILE
LIABILITY (INCLUDING OWNED,NON-OWNED AND HIRED
VEHICLES): $5,000,000 EACH ACCIDENT....(IT)

BY ACCEPTANCE OF THIS PURCHASE ORDER, SELLER HEREBY
INDEMNIFIES AND AGREES TO HOLD DELPHI INTERIOR
HARMLESS AGAINST ANY AND ALL CLAIMS OR DEMANDS, OF
ANY NATURE, WHICH ARISE OUT OF OR RESULT IN ANY WAY
FROM THE PERFORMANCE OF THE SERVICES SPECIFIED IN
THIS PURCHASE ORDER.  THIS INDEMNIFICATION INCLUDES
ALL ACTION OR OR NON-ACTION OF THE VENDOR AND IS NOT
LIMITED.

CONTINUE PAGE   4

B0CO963  USER: VICKI L MC GRATH

DELPHI S&I - DIVISIONAL OFFICE                                          PAGE   4
BLANKET ORDER ATTACHMENT FORM
ORDER NUMBER FDBO1831 ISSUE DATE 02/06/03

BUYER NAME: VL MCGRATH
BUYER CODE: EC
VENDOR : MSX INTERNATIONAL INC

| ITEM SEQ | VENDOR PERCENT | ITEM IDENTIFICATION | NOUN NAME | DESCRIPTION | RFQ NUMBER | BASE UNIT PRICE | PRICE MULT | BUY U/M |
|---|---|---|---|---|---|---|---|---|

***** RIGHT TO AUDIT *****
BY ACCEPTANCE OF THIS PURCHASE ORDER THE SELLER
GRANTS TO DELPHI AUTOMOTIVE ACCESS TO ALL PERTINENT
LEDGERS, PAYROLL DATA, BOOKS, RECORDS, CORRESPONDENCE
WRITTEN INSTRUCTIONS, DRAWINGS, RECEIPTS,
VOUCHERS AND OTHER DOCUMENTS FOR THE PURPOSE OF
AUDITING THE CHARGES AND/OR ALL ALLOCATIONS
RELATED TO THIS PURCHASE ORDER. SELLER FURTHER
AGREES, FOR THIS PURPOSE, TO PRESERVE ALL THE
ABOVE ENUMERATED DOCUMENTS FOR A PERIOD OF ONE
YEAR BEYOND FINAL PAYMENT HEREUNDER.

        CONFIDENTIALITY CLAUSE
ALL INFORMATION AND DATA OF WHATSOEVER KIND OR NATURE
FURNISHED OR MADE AVAILABLE TO SELLER BY
DELPHI CORPORATION IN CONNECTION WITH YOUR
SERVICES HEREUNDER & ALL INFORMATION AND DATA OF
WHATSOEVER KIND OR NATURE FURNISHED BY YOU TO
DELPHI CORPORATION SHALL BE TREATED AS
CONFIDENTIAL BY YOU AND SHALL NOT BE DISCLOSED BY
SELLER OR ANYONE, EITHER IN WHOLE OR PART-EXCEPT
UPON WRITTEN AUTHORIZATION FROM DELPHI CORPORATION
SYSTEMS.
ALL EMPLOYEES UNDER YOUR JURISDICTION, WITH ACCESS
TO THIS PROJECT SHOULD BE APPRISED OF THE IMPORTANT
RESPONSIBILITY WHICH THEY HAVE TO SAFEGUARD SUCH
INFORMATION. STRICT SECURITY IN THE SAFEGUARDING
OF THIS PROJECT AND CONTENT IS ESSENTIAL TO THE
SUCCESSFUL OPERATION OF OUR BUSINESS. EACH EMPLOYEE
WORKING ON THIS DESIGN/PROJECT HAS AN INDIVIDUAL
RESPONSIBILITY TO SAFEGUARD THIS CONFIDENTIAL
INFORMATION. IN THIS REGARD CONFIDENTIAL INFORMATION
SHOULD ONLY BE ACCESSIBLE ON A NEED TO KNOW BASIS.
SELLER HEREBY ASSIGNS DELPHI CORPORATION ALL
RIGHTS TITLE AND INTEREST IN AND TO ANY CREATIVE
MATERIALS, FILMS, DISKS, PHOTOGRAPHY AND PLATES/DIES
CREATED BY THE SELLER FOR DELPHI CORPORATION
SHOULD YOU RECEIVE THIS CONTRACT. ALL DRAWINGS,
DESIGNS, SPECIFICATIONS AND OTHER DATA PREPARED
SELLER SHALL BE THE SOLE PROPERTY OF DELPHI

CONTINUE PAGE   5

B000963   USER: VICKI L MC GRATH

Vicki L McGrath    2-7-03

DELPHI S&I – DIVISIONAL OFFICE                                                PAGE   5
BLANKET ORDER ATTACHMENT FORM
ORDER NUMBER FDB01831 ISSUE DATE 02/06/03

BUYER NAME: VL MCGRATH
BUYER CODE: EC
VENDOR : MSX INTERNATIONAL INC

| ITEM VENDOR ITEM | NOUN NAME | DESCRIPTION | RFQ NUMBER | BASE UNIT PRICE | PRICE | BUY |
| SEQ  PERCENT IDENTIFICATION | | | | | MULT | U/M |

CORPORATION, AND DELPHI CORPORATION
SHALL BE FREE TO USE AND DISCLOSE SUCH DATA WITHOUT
ANY RESTRICTIONS WHATSOEVER. SELLER GRANTS
SHOULD YOU RECEIVE THIS CONTRACT,
PURCHASING ACCESS TO AND THE RIGHT TO
EXAMINE/AUDIT ANY PERTINENT BOOKS, RECORDS, PAPERS
AND DOCUMENTS OF THE SELLER INVOLVING CHARGES OR
TRANSACTION OF ANY NATURE RELATED TO THIS CONTRACT.
PLEASE SIGN AND RETURN THE ATTACHED FORM TO
PURCHASING.

TERMS AND CONDITIONS JANUARY 2001. APPLY
OF WHICH SUPPLIER HAS RECEIVED A COPY.

LAST PAGE

BO00963 · USER: VICKI L MC GRATH

Vicki L. McGrath   2/7/03

**EXHIBIT 9**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

                - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
            In re                                 :     Chapter 11
                                                  :
DELPHI CORPORATION, et al.,                       :     Case No. 05-44481 (RDD)
                                                  :
                            Debtor.               :     (Jointly Administered)
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACT OR UNEXPIRED LEASE TO PURCHASERS IN CONNECTION WITH SALE OF INTERIORS AND CLOSURES BUSINESSES

PLEASE TAKE NOTICE THAT:

       1.    Pursuant to the Order Under 11 U.S.C. § 363 And Fed. R. Bankr. P.

2002 And 9014 (I) Approving Bidding Procedures, (II) Granting Certain Bid Protections,

(III) Approving Form And Manner Of Sale Notices, And (IV) Setting Sale Hearing Date In

10963

Connection With Sale Of Interiors And Closures Businesses (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on October 26, 2007, Delphi Corporation ("Delphi") and certain of its affiliates, including certain affiliated chapter 11 Debtors as set forth in the Agreement (the "Selling Debtor Entities"),[1] have entered into a Master Sale And Purchase Agreement (the "Agreement") with Inteva Products, LLC and certain of its affiliates (the "Buyers") for the purchase of substantially all of the assets primarily used in the cockpits and interior systems and integrated closure systems businesses of Delphi.

2.    Pursuant to the terms of the Agreement and subject to completion of a competitive bidding process described in the Bidding Procedures Order and the attachments thereto, the Selling Debtor Entities will seek to assume and assign the prepetition contracts (the "Assumed U.S. Contracts") and assign the postpetition contracts (the "Postpetition Contracts") listed on Exhibit 1 hereto to the Buyers at the hearing to be held at 10:00 a.m. (prevailing Eastern time) on December 20, 2007 (the "Sale Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

3.    Objections, if any, to the assumption and assignment of an Assumed Contract must (a) be in writing, (b) state with specificity the reasons for such objection, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing (I) Omnibus Hearing

---

[1]    Under the Agreement, the Selling Debtor Entities include Delphi, Delphi Automotive Systems LLC, Delphi Automotive Systems (Holdings) Inc. and Delphi Technologies, Inc. Certain assets will be sold under the Agreement by non-debtor affiliates of the Selling Debtor Entities listed on Schedule 1 to the Agreement.  The Selling Debtor Entities and the selling non-Debtor affiliates are collectively referred to as the "Sellers."

Dates, (II) Certain Notice, Case Management, and Administrative Procedures, entered March

20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Amended

Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P.

2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice,

Case Management, and Administrative Procedures, entered October 26, 2006 (Docket No.

5418) (together with the Supplemental Case Management Order, the "Case Management

Orders"), (d) be filed with the Bankruptcy Court in accordance with General Order M-242 (as

amended) – registered users of the Bankruptcy Court's case filing system must file

electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word

processing format), (e) be submitted in hard-copy form directly to the chambers of the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court

for the Southern District of New York, One Bowling Green, Room 610, New York, New

York 10004, and (f) be served in hard-copy form <u>so it is actually received</u> within ten days

after the date of this Notice by (i) Delphi Automotive Systems LLC, 5725 Delphi Drive,

Troy, Michigan 48098 (Att'n: Legal Staff), (ii) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: Deputy General Counsel, Transactions & Restructuring), (iii) counsel

to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Suite

2100, Chicago, Illinois 60606 (Att'n: Ron E. Meisler and Brian M. Fern), (iv) counsel for the

agent under the postpetition credit facility, Davis Polk & Wardwell, 450 Lexington Avenue,

New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick), (v) counsel for the

official committee of unsecured creditors, Latham & Watkins LLP, 885 Third Avenue, New

York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude), (vii) counsel for

the official committee of equity security holders, Fried, Frank, Harris, Shriver & Jacobson

LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), (viii)

3

counsel for the Buyers, Cadwalader, Wickersham & Taft LLP, One World Financial Center,

New York, New York 10281 (Att'n: Mike Ryan), and (ix) the Office of the United States

Trustee for the Southern District of New York, 33 Whitehall Street, Suite 2100, New York,

New York 10004 (Att'n: Alicia M. Leonhard).

   4. If an objection to the assumption and assignment of an Assumed U.S.

Contract is timely filed and received, a hearing with respect to the objection will be held

before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610,

New York, New York 10004, at the Sale Hearing or such date and time as the Court may

schedule. If no objection is timely received, the non-Debtor party to the Assumed U.S.

Contract will be deemed to have consented to the assumption and assignment of the Assumed

U.S. Contract and will be forever barred from asserting any other claims, including but not

limited to the propriety or effectiveness of the assumption and assignment of the Assumed

U.S. Contract, against the Selling Debtor Entities or the Buyers, or the property of either of

them.

   5. Pursuant to 11 U.S.C. § 365, there is adequate assurance of future

performance that the Cure Amount set forth in the Cure Notice will be paid in accordance

with the terms of the Sale Approval Order. Further, there is adequate assurance of the

Buyers' future performance under the executory contract or unexpired lease to be assumed

and assigned because of the significant resources of the Buyers.

6.      Prior to the Closing Date, the Selling Debtor Entities may revise their decision with respect to the assumption and/or assignment of any Assumed U.S. Contract or Postpetition Contract and provide a new notice amending the information provided in this Notice.

Dated:          New York, New York
                November 16, 2007

                                SKADDEN, ARPS, SLATE, MEAGHER
                                  & FLOM LLP

                                By:    /s/ John Wm. Butler, Jr.
                                       John Wm. Butler, Jr. (JB 4711)
                                       John K. Lyons (JL 4951)
                                       Ron E. Meisler (RM 3026)
                                333 West Wacker Drive, Suite 2100
                                Chicago, Illinois 60606
                                (312) 407-0700

                                            - and -

                                By:    /s/ Kayalyn A. Marafioti
                                       Kayalyn A. Marafioti (KM 9632)
                                       Thomas J. Matz (TM 5986)
                                Four Times Square
                                New York, New York 10036
                                (212) 735-3000

                                Attorneys for Delphi Corporation, et al.,
                                  Debtors and Debtors-in-Possession

# EXHIBIT 1

MSX International Inc
1950 Concept Drive
Warren MI 48091-1385

| Contract to be assumed and/or assigned: |
|---|
| Purchase Order Number(s) 460006093 |

# EXHIBIT 1

MSX Internationalo Inc
1950 Concept Drive
Warren MI 48091-1385

| Contract to be assumed and/or assigned: |
| --- |
| Purchase Order Number(s) 460006093 |

# EXHIBIT 1

MSX International Inc
1950 Concept Drive
Warren MI 48091-1385

| Contract to be assumed and/or assigned: |
| --- |
| Purchase Order Number(s) 460006298 |

**EXHIBIT 10**

# EXHIBIT 10

## Transfers Under Assumed Contract P.O. 298

| Transfer Date | Transfer Amount | Release Information Provided in Antecedent Debt Column |
|---|---|---|
| 8/2/2005 | $ 148,821.18 | FDR27715 |
| 8/2/2005 | $ 308,880.28 | FDR27774 |
| 8/2/2005 | $ 33,657.98 | FDR27775 |
| 8/2/2005 | $ 189,287.02 | FDR27812 |
| 8/2/2005 | $ 6,585.82 | FDR27813 |
| 8/2/2005 | $ 187,378.32 | FDR27817 |
| 8/2/2005 | $ 168.20 | FDR27818 |
| 9/2/2005 | $ 28,351.32 | FDR27998 |
| 9/2/2005 | $ 147,315.22 | FDR28004 |
| 9/2/2005 | $ 178,938.34 | FDR28312 |
| 9/2/2005 | $ 195,108.80 | FDR28321 |
| 9/2/2005 | $ 8,296.56 | FDR28323 |
| 10/7/2005 | $ 161,999.76 | D0450140778 |
| 10/7/2005 | $ 4,429.70 | D0450140779 |
| 10/7/2005 | $ 34,077.06 | D0450140780 |
| 10/7/2005 | $ 1,688.00 | D0450140781 |
| 10/7/2005 | $ 7,725.94 | D0450140782 |
| 10/7/2005 | $ 1,444.70 | D0450140783 |
| 10/7/2005 | $ 184,936.76 | D0450142209 |
| 10/7/2005 | $ 27,737.66 | D0450142210 |
| 10/7/2005 | $ 52,854.88 | D0450142211 |
| 10/7/2005 | $ 21,448.00 | D0450142212 |
| 10/7/2005 | $ 44,186.84 | D0450142213 |
| 10/7/2005 | $ 780.34 | D0450142214 |
| 10/7/2005 | $ 179,998.84 | D0450142929 |
| 10/7/2005 | $ 28,690.88 | D0450142930 |
| 10/7/2005 | $ 64,605.24 | D0450142931 |
| 10/7/2005 | $ 21,448.00 | D0450142932 |
| 10/7/2005 | $ 43,426.10 | D0450142933 |
| 10/7/2005 | $ 962.50 | D0450142934 |
| 10/7/2005 | $ 161,332.72 | D0450142937 |
| 10/7/2005 | $ 1,869.28 | D0450142938 |
| 10/7/2005 | $ 33,860.72 | D0450143139 |
| 10/7/2005 | $ 1,688.00 | D0450143140 |
| 10/7/2005 | $ 15,549.62 | D0450143141 |

| Transfer Date | Transfer Amount | Release Information Provided in Antecedent Debt Column |
|---|---|---|
| 10/7/2005 | $ 352.90 | D0450143142 |
| 10/7/2005 | $ 158,795.34 | D0450143143 |
| 10/7/2005 | $ 2,638.86 | D0450143144 |
| 10/7/2005 | $ 36,211.72 | D0450143145 |
| 10/7/2005 | $ 1,519.20 | D0450143146 |
| 10/7/2005 | $ 5,626.46 | D0450143147 |
| 10/7/2005 | $ 297.86 | D0450143148 |
| 10/7/2005 | $ 160,109.00 | D0450143149 |
| 10/7/2005 | $ 4,963.24 | D0450143150 |
| 10/7/2005 | $ 26,353.74 | D0450143151 |
| 10/7/2005 | $ 1,688.00 | D0450143152 |
| 10/7/2005 | $ 5,518.96 | D0450143153 |
| 10/7/2005 | $ 1,302.52 | D0450143154 |
| 10/7/2005 | $ 131,085.62 | D0450143167 |
| 10/7/2005 | $ 1,818.04 | D0450143168 |
| 10/7/2005 | $ 24,078.28 | D0450143169 |
| 10/7/2005 | $ 1,350.40 | D0450143170 |
| 10/7/2005 | $ 5,188.24 | D0450143171 |
| 10/7/2005 | $ 37.60 | D0450143172 |
| 10/7/2005 | $ 205,882.66 | D0450143174 |
| 10/7/2005 | $ 3,913.82 | D0450143175 |
| 10/7/2005 | $ 35,136.96 | D0450143176 |
| 10/7/2005 | $ 1,688.00 | D0450143177 |
| 10/7/2005 | $ 7,824.26 | D0450143178 |
| 10/7/2005 | $ 24.00 | D0450143179 |
| **TOTAL** | **$ 3,352,936.26** | |

8376454.1

**EXHIBIT 11**

Hearing Date:  **September 28, 2007**
Hearing Time:  **10:00 a.m. (Prevailing Eastern Time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
Albert L. Hogan, III (AH 8807)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
        In re                                                   :       Chapter 11
                                                                :
DELPHI CORPORATION, et al.,                                      :       Case No. 05-44481 (RDD)
                                                                :
                                Debtors.                         :       (Jointly Administered)
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO
PROOF OF CLAIM NUMBER 11425 (MSX INTERNATIONAL, INC.)

("STATEMENT OF DISPUTED ISSUES – MSX INTERNATIONAL, INC.")

8849


0544481070801000000000018

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With

Respect To Proof Of Claim Number 11425 (the "Proof Of Claim") filed by MSX International,

Inc. ("MSX," or the "Claimant") and respectfully represent as follows:

<u>Background</u>

1.     The Claimant filed the Proof Of Claim on or about July 24, 2006 against

Delphi Automotive Systems LLC ("DAS LLC").  The Proof Of Claim asserts an unsecured

nonpriority claim of $90,809.43 for services performed (the "Claim").  The Claimant attached as

the basis of its Proof Of Claim copies of unpaid invoices and the underlying purchase orders.

2.     The Debtors objected to the Claim pursuant to the Debtors' Thirteenth

Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007

To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books

And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors'

Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To

Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And

Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection"),

which was filed on April 27, 2007.

3.     The Claimant filed a Response Of MSX International, Inc. To Thirteenth

Omnibus Objection to Claims (Docket No. 8083) (the "Response") on May 17, 2007.

<u>Disputed Issues</u>

A.    <u>DAS LLC Does Not Owe MSX The Amount Asserted In Proof Of Claim Number 11425</u>

4.    MSX asserts in its Proof Of Claim that DAS LLC owes $90,809.43 for services performed prepetition.  DAS LLC has reviewed the invoices attached to the Proof Of Claim and disputes that it owes the amount asserted in the Claim.  One of the invoices attached to MSX's Proof Of Claim, invoice number 1117748 in the amount of $3,328.00, was part of a long-standing dispute that was resolved in 2005.  An outside audit firm, PRG-Schultz International, Inc., concluded after reviewing DAS LLC's books and records that this invoice was paid twice in 2003.  DAS LLC filed a dispute with MSX for the duplicate payment and MSX authorized Delphi to debit their account for $3,328.00.

5.    The remaining balance of the Claim in the amount of $87,481.43 is comprised of valid invoices that DAS LLC paid through a series of prepetition wire transfer payments.  Because DAS LLC paid the invoices, the Claim should be disallowed and expunged.

B.    <u>The Debtors Overpaid MSX In The Amount Of $540,603.63</u>

6.    In early September 2005, MSX approached Delphi to seek adequate assurance of Delphi's ability to pay the charges that were incurring.  Delphi negotiated with MSX, and the parties reached an agreement for Delphi to pay all open and due invoices on or about September 14 in exchange for a 3% discount on those outstanding invoices.  The parties further agreed that MSX would provide a 2% discount on future invoices if Delphi paid in advance.

7.    During the weeks leading to the October 8 and 14, 2005 filing dates for petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Petition Date"), Delphi implemented similar advance

3

payment agreements to numerous vendors to ensure a continuous supply of parts and services. As such, delays and backlogs developed in the process used to post wire transfers to DAS LLC's main accounts payable system, which is called the Disbursement Analysis Control and Online Reporting System (or DACOR System). The DACOR System is used to pay all DAS LLC's vendors as well as maintain all payable records. Additionally, the DACOR System distributes approvals to users, generates checks, prepares payment vouchers that are sent to vendors, automates journal entries and inputs those entries into the general ledger, and automates account distributions. The DACOR System will deduct advance payments from ordinary course payments if the advances are posted in time. In some instances, the delays in the DACOR System prevented wire transfer advances from being posted to the DACOR System before the invoices came due.

8.    Shortly before the Petition Date, an administrative error occurred which caused Delphi to overpay MSX in the amount of $540,603.63. Since the DACOR System was unaware of the advance payments made to MSX, the open and due invoices were paid again to MSX through electronic funds transfer. See Exhibit 1 (Payments).

C.    Delphi Owes MSX $92,828.24 For Postpetition Services And Therefore Seeks The Difference Of The Overpayment In The Amount Of $447,775.39

9.    After the overpayments described above were made and the Debtors learned of the error, they undertook to recover the overpayments from all vendors. In or about March 2006, the Debtors discovered that MSX had been a recipient of an overpayment and thus suspended postpetition payments at that time. MSX continued to provide services, but at a much lower and declining level. A total of $92,828.24 has incurred postpetition and has not been paid. See Exhibit 2.

4

10.     In March 2007, the Debtors sought return of the overpayment from MSX. The parties agreed to reconcile their books and records as of September 2005.  MSX determined that, after the postpetition invoices were paid, MSX owed the Debtors approximately $425,000.00.  The Debtors maintain that the amount MSX still owes them is $447,775.39. Despite the Debtors' continued efforts to finalize these discussions and resolve the matter, MSX declined to return the funds.

11.     Accordingly, the Debtors have a claim against the Claimant for the overpayment and should collect the net overpayment in the amount of $447,775.39.  The Claimant has not remedied this overpayment and therefore still owes the Debtors $447,775.39.

<u>Reservation Of Rights</u>

12.     This Statement Of Disputed Issues is submitted by the Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim, (b) determining that the Debtors are entitled to $447,775.39 from MSX in connection with the Debtors' overpayment, and (c) granting the Debtors such other and further relief as is just.

Dated: New York, New York
        August 1, 2007

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:  /s/ John Wm. Butler, Jr.                .
        John Wm. Butler, Jr. (JB 4711)
        Albert L. Hogan, III (AH 8807)
        John K. Lyons (JL 4951)
        Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

- and -

By:  /s/ Kayalyn A. Marafioti                .
        Kayalyn A. Marafioti (KM 9632)
        Thomas J. Matz (TM 5986)
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
        Debtors and Debtors-in-Possession

6

EXHIBIT 1

## Causes of Overpayment

| Wire And Supporting Invoice Numbers | Amt Paid by Both Wire and Dacor | Dacor Pay Date | Check Number |
|---|---|---|---|
| Wire AFC22849 9/30/05 | | | |
| Invoice 1651255 | 60,370.08 | 10/7/2005 | 676791 |
| Invoice 1651262 | 937.76 | 10/7/2005 | 676791 |
| Invoice 1651256 | 114,445.66 | 10/7/2005 | 676791 |
| Invoice 1651270 | 1,182.02 | 10/7/2005 | 676791 |
| Invoice 1651275 | 1,772.36 | 10/7/2005 | 676791 |
| Invoice 1651276 | 1,598.53 | 10/7/2005 | 676791 |
| Invoice 1651277 | 1,542.04 | 10/7/2005 | 676791 |
| Invoice 1651845 | 1,507.99 | 10/7/2005 | 676791 |
| Invoice 1651846 | 1,541.95 | 10/7/2005 | 676791 |
| Invoice 1651847 | 137.21 | 10/7/2005 | 676791 |
| Invoice 1651848 | 113.16 | 10/7/2005 | 676791 |
| Invoice 1651849 | 81.83 | 10/7/2005 | 676791 |
| Invoice 1646929 | 63,569.99 | 10/7/2005 | 676791 |
| Invoice 1651027 | 105,682.57 | 10/7/2005 | 676791 |
| Total Wire AFC22849 9/30/05 | 354,483.15 | | |

EXHIBIT 2

MSX

Unpaid Post Petition Invoices

As of 7/31/2007

| DUNS # | Document # | Document Date | Total Amount | Bill Of Lading | Purchase Order # | Status | Due Date |
|---|---|---|---|---|---|---|---|
| RD 044012222 | ACM1750633 | 2/22/2006 | $916.00 | 1750633 | D0450161348 | Ready To Pay | 7/26/2007 |
| RD 044012222 | 5204782878001 | 2/26/2006 | $1,550.25 | 1754625 | D0450213750 | Ready To Pay | 4/2/2006 |
| RD 044012222 | 5204823902001 | 3/15/2006 | $11,760.00 | 1766013 | D0450213750 | Ready To Pay | 5/2/2006 |
| RD 044012222 | 5205385827001 | 3/31/2006 | $2,520.00 | 1775242 | D0450161348 | Ready To Pay | 6/9/2006 |
| RD 044012222 | 5205104717001 | 4/24/2006 | $3,450.00 | 48547 | D0450271100 | Ready To Pay | 6/2/2006 |
| RD 044012222 | 5205128526001 | 4/28/2006 | $4,700.00 | 49271 | D0450217530 | Ready To Pay | 6/2/2006 |
| RD 044012222 | 5205233640001 | 4/28/2006 | $10,800.00 | 1790199 | D0450230881 | Ready To Pay | 6/2/2006 |
| RD 044012222 | 5205567815001 | 4/28/2006 | $2,649.99 | 1202 | D0450270441 | Ready To Pay | 7/10/2006 |
| RD 044012222 | 5205385826001 | 4/30/2006 | $2,070.00 | 1791183 | D0450161348 | Ready To Pay | 6/9/2006 |
| RD 044012222 | 5205590061001 | 5/26/2006 | $4,560.00 | 1803641 | D0450288018 | Ready To Pay | 7/14/2006 |
| RD 044012222 | 5205470210001 | 5/28/2006 | $3,645.00 | 1805818 | D0450161348 | Ready To Pay | 7/2/2006 |
| RD 044012222 | 5205481937001 | 6/15/2006 | $8,844.00 | 48903 | D0450290439 | Ready To Pay | 8/2/2006 |
| RD 044012222 | 5205481941001 | 6/15/2006 | $4,048.00 | 48904 | D0450293868 | Ready To Pay | 8/2/2006 |
| RD 044012222 | 5205861726001 | 6/30/2006 | $1,350.00 | 1825869 | D0450161348 | Ready To Pay | 8/24/2006 |
| RD 044012222 | 5205760986001 | 7/28/2006 | $6,000.00 | 1837559 | D0450315519 | Ready To Pay | 9/2/2006 |
| RD 044012222 | 5205785438001 | 7/30/2006 | $517.50 | 1838538 | D0450161348 | Ready To Pay | 9/2/2006 |
| RD 044012222 | 5205786001001 | 8/8/2006 | $10,700.00 | 1842550 | D0450218249 | Ready To Pay | 10/2/2006 |
| RD 044012222 | 5206003222001 | 8/27/2006 | $832.50 | 1854701 | D0450161348 | Ready To Pay | 10/2/2006 |
| RD 044012222 | 5206140158001 | 9/20/2006 | $4,850.00 | 105237 | D0450360670 | Ready To Pay | 11/2/2006 |
| RD 044012222 | 5206196024001 | 10/1/2006 | $495.00 | 1875005 | D0450161348 | Ready To Pay | 12/2/2006 |
| RD 044012222 | 5206401527001 | 10/29/2006 | $427.50 | 1892090 | D0450161348 | Ready To Pay | 12/2/2006 |
| RD 044012222 | 5206618886001 | 11/26/2006 | $517.50 | 1908117 | D0450161348 | Ready To Pay | 1/2/2007 |
| RD 044012222 | 5206787389001 | 12/31/2006 | $337.50 | 1916683 | D0450161348 | Ready To Pay | 2/2/2007 |
| RD 044012222 | 5207186031001 | 1/28/2007 | $585.00 | 1923126 | D0450161348 | Ready To Pay | 3/15/2007 |
| RD 044012222 | 5207186026001 | 2/25/2007 | $877.50 | 1931666 | D0450161348 | Ready To Pay | 4/2/2007 |
| RD 044012222 | 5207420543001 | 3/30/2007 | $3,172.50 | 1940584 | D0450161348 | Ready To Pay | 5/2/2007 |
| RD 044012222 | 5207579537001 | 4/29/2007 | $450.00 | 1948432 | D0450161348 | Ready To Pay | 6/2/2007 |
| RD 044012222 | 5207785015001 | 5/27/2007 | $202.50 | 1955781 | D0450161348 | Ready To Pay | 7/2/2007 |
| | | | $92,828.24 | | | | |

**EXHIBIT 12**

## SETTLEMENT AGREEMENT

THIS AGREEMENT, dated as of August __, 2007 (this "Settlement Agreement"), is entered into by and between MSX International, Inc. ("MSX") and Delphi Automotive Systems LLC ("DAS LLC").

## RECITALS:

WHEREAS, on October 8, 2005 (the "Petition Date"), Delphi Corporation, together with certain of its U.S. affiliates, including DAS LLC (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Delphi Bankruptcy Court").

WHEREAS, an administrative error occurred during the weeks leading to the Petition Date causing the Debtors to overpay MSX.

WHEREAS, the Debtors incurred postpetition liabilities to MSX in the amount of $92,828.24 arising from services performed after the Petition Date (the "Postpetition Liabilities").

WHEREAS, on July 24, 2006, MSX filed proof of claim number 11425 against DAS LLC, asserting an unsecured non-priority claim in the amount of $90,809.43 (the "Claim") arising from services performed.

WHEREAS, on April 27, 2007, the Debtors objected to the Claim pursuant to the Debtors' Thirteenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (a) Insufficiently Documented Claims, (b) Claims Not Reflected On Debtors' Books And Records, (c) Protective Insurance Claims, (d) Insurance Claims Not Reflected On Debtors' Books And Records, (e) Untimely Claims And Untimely Tax Claims, And (f) Claims Subject To Modification, Tax Claims Subject to Modification, And Claims Subject To Modification And Reclamation Agreement (Docket No. 7825) (the "Thirteenth Omnibus Claims Objection").

WHEREAS, on May 17, 2007, MSX filed its Response Of MSX International, Inc. To Thirteenth Omnibus Objection to Claims (Docket No. 8083).

WHEREAS, to resolve the Thirteenth Omnibus Claims Objection with respect to the Claim, DAS LLC and MSX have agreed to enter into this Settlement Agreement.

WHEREAS, DAS LLC is authorized to enter into this Settlement Agreement without further Court approval or further notice, including that of the Delphi Bankruptcy Court, pursuant to that certain Amended And Restated Order Under 11 U.S.C. §§ 363, 502 And 503 And Fed. R. Bankr. P. 9019(b) Authorizing Debtors To Compromise Or Settle Certain Classes Of Controversy And Allow Claims Without Further Court Approval (Docket No. 8401) entered by the Delphi Bankruptcy Court on June 26, 2007.

1

NOW THEREFORE, in consideration of the premises set forth above and by execution of this Settlement Agreement, DAS LLC and MSX agree as follows:

1. <u>Disallowance And Expungement Of Claim And MSX's Release And Waiver Of Rights</u>. The Debtors and MSX acknowledge and agree that the Claim shall be disallowed and expunged in its entirety. MSX, on its behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (the "<u>MSX Releasing Parties</u>"), hereby release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim and which the MSX Releasing Parties have, ever had, or hereafter shall have against the Debtors based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission in respect of the Claim.

2. <u>Return Of Overpayment To DAS LLC</u>. DAS LLC and MSX acknowledge and agree that the Debtors made a prepetition overpayment to MSX. MSX agrees to wire Four Hundred Forty-Seven Thousand, Seven Hundred Seventy-Five Dollars, And Thirty-Nine Cents ($447,775.39) to DAS LLC within 10 business days of execution of this Settlement Agreement. DAS LLC and MSX acknowledge and agree that such payment will satisfy and resolve the Claim and the Postpetition Liability.

3. <u>Withdrawal Of Response</u>. MSX agrees that it shall withdraw its Response to the Thirteenth Omnibus Claims Objection with prejudice.

4. <u>Governing Law</u>. This Settlement Agreement shall be governed by, and construed and enforced in accordance with, as appropriate, the Bankruptcy Code and the laws of the State of Michigan, without regard to conflicts of law principles.

5. <u>Representations And Warranties</u>. The parties hereto acknowledge that they are executing this Settlement Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties, and commitments expressly set forth in this Settlement Agreement.

6. <u>Entire Understanding</u>. This Settlement Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof. This Settlement Agreement may not be modified, altered, or amended except by an agreement in writing signed by the Debtors and MSX.

7. <u>No Party Deemed Drafter</u>. This Settlement Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by MSX and its counsel. Therefore, any ambiguous language in this Settlement Agreement shall not be construed against any particular party as the drafter of such language.

2

8. <u>Counterparts</u>.    This Settlement Agreement may be executed in any number of
counterparts and by the different parties hereto in separate counterparts, each of which
shall be deemed to be an original, but all of which taken together shall constitute one and
the same agreement.  Delivery of an executed counterpart of this Settlement Agreement
by facsimile or electronic mail shall be equally as effective as delivery of an original
executed counterpart of this Settlement Agreement.

**Accepted and agreed to by:**

**Delphi Automotive Systems LLC**          **MSX International, Inc.**

By: _Dean R Unruh_                           By: _J. Mm_

Name: _DEAN R UNRUH_                      Name: _MIKE MURASKE_

Title: _CLAIMS ADMINISTRATOR_          Title: _DIR. OF FINANCE_

Dated: August _8_, 2007                      Dated: August _7_, 2007