# EXHIBIT E

1                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF NEW YORK
2

3                                        .
        IN RE:                           .   Case No. 05-44481
4                                        .
        DELPHI CORPORATION, et al,       .   New York, New York
5                                        .   Wednesday, March 22, 2006
                            Debtors.     .   2:18 p.m.
6       . . . . . . . . . . . . . . . .  .

7
             TRANSCRIPT OF SECTION 1102(a)(2) EVIDENTIARY HEARING
8                  BEFORE THE HONORABLE ROBERT D. DRAIN
                       UNITED STATES BANKRUPTCY JUDGE
9
        APPEARANCES:
10
        For the Debtors:                     John Wm. Butler, Jr., Esq.
11                                           David E. Springer, Esq.
                                             Dhananjai Shivakumar, Esq.
12                                           SKADDEN, ARPS, SLATE, MEAGHER
                                              & FLOM, LLP
13                                           333 West Wacker Drive, Suite 2100
                                             Chicago, Illinois 60606
14
                                             Kayalyn A. Marafioti, Esq.
15                                           SKADDEN, ARPS, SLATE, MEAGHER
                                              & FLOM, LLP
16                                           Four Times Square
                                             New York, New York 10036
17      (Appearances continued)

18
        Audio Operator:                      Electronically Recorded
19                                           by Greg White, ECRO

20      Transcription Company:               Rand Transcript Service, Inc.
                                             311 Cheyenne Road
21                                           Lafayette, New Jersey  07848
                                             (973) 383-6977
22

23
        Proceedings recorded by electronic sound recording,
24      transcript produced by transcription service.

25



0544481060509000000000023

```
 1    A P P E A R A N C E S:   (Continued)

 2    For Appaloosa
      Management, LP:            Thomas E. Lauria, Esq.
 3                               Rudolph F. Aragon, Esq.
                                 Frank L. Eaton, Esq.
 4                               WHITE & CASE, LLP
                                 Wachovia Financial Center
 5                               200 South Biscayne Boulevard
                                 Suite 4900
 6                               Miami, Florida 33131

 7                               Glenn M. Kurtz, Esq.
                                 Douglas P. Baumstein, Esq.
 8                               WHITE & CASE, LLP
                                 1155 Avenue of the Americas
 9                               New York, New York 10036

10    For the U.S. Trustee:      Alicia M. Leonhard, Esq.
11                               U.S. DEPARTMENT OF JUSTICE
                                 Office of the U.S. Trustee
12                               33 Whitehall Street, Suite 2100
                                 New York, New York 10004

13

14    For the Official Committee
      of Unsecured Creditors:    Robert J. Rosenberg, Esq.
15                               John W. Weiss, Esq.
                                 LATHAM & WATKINS, LLP
16                               53rd at Third, 885 Third Avenue
                                 New York, New York 10022

17

18    For JPMorgan, et al:       Kenneth S. Ziman, Esq.
                                 Robert Trust, Esq.
19                               SIMPSON, THACHER & BARTLETT, LLP
                                 425 Lexington Avenue
20                               New York, New York 10017

21    For Brandes Investment
      Partners, LP:              Daniel A. Lowenthal, Esq.
22                               THELEN, REID & PRIEST, LLP
                                 875 Third Avenue
23                               New York, New York 10022

24

25
```

Court Decision                    174

1   not a simple balance sheet restructuring where the capital

2   structure simply needs to be adjusted because there's too

3   much funded debt on the books.

4         There are serious -- to use the debtors' phrase

5   "transformational issues" that have to be resolved here.

6   Because of that, I believe that this is the appropriate time

7   to move for an equity committee, and not to wait until later

8   in the day when a plan is actually being negotiated.

9         I also believe as a corollary to that, the function

10  of the equity committee and the makeup of its professional

11  advisors should be reflected by this timing.  As I'll say

12  later, again, I think this leads to the conclusion that

13  although it's not before me, except in my need to weigh the

14  cost of an equity committee's appointment, that it's unlikely

15  that I would approve the retention of investment bankers and

16  accountants or even actuaries at this time for an equity

17  committee, since those functions are not really the functions

18  that need to be performed at this time by an equity

19  committee.

20        So that in contrast, while in the Loral case I

21  believe that it was incumbent to have an equity committee, if

22  at all, towards the end of the case, here, I believe if it is

23  incumbent on there being an equity committee, this is the

24  time to have one formed.

25        It is even conceivable to me that if I did form an

Court Decision                    175

1  equity committee now and it turned out that ultimately I

2  approved interim transformational solutions --

3  transformational solutions to the labor and related pension

4  and GM problems that the debtors face--it might be

5  appropriate to disband the equity committee because, in light

6  of those solutions, it might appear clearly at that time that

7  the debtor was hopelessly insolvent or at least that it was

8  likely that there would be no distribution to shareholders.

9        But because of the importance of those pending

10  issues, one could at least see a rationale for having an

11  equity committee with counsel in the near future to deal at

12  least with those transformational issues on behalf of the

13  shareholders.

14        Now, as far as whether the debtor is insolvent or

15  hopelessly insolvent or there is a likelihood of a meaningful

16  distribution to shareholders, I am at this time on this

17  record frankly skeptical that there will be a meaningful

18  distribution, but I'm not prepared to rule it out.  I say

19  that for a number of reasons.

20        First of all, it's undisputed that on a balance-

21  sheet basis, and it is correct that the movants' experts did

22  not disagree that on a balance sheet basis, the debtors'

23  operating -- most recent operating numbers comply with GAAP,

24  there is roughly a 6.3-billion-dollar hole, or insolvency.

25        The question, obviously, is how does one fill that