# EXHIBIT I

- 1 -

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 05-44481 (RDD); Adv. Proc. No. 07-02619 (RDD);

5   Adv. Proc. No. 07-02242 (RDD); Adv. Proc. No. 07-02256 (RDD);

6   Adv. Proc. No. 07-02333 (RDD); Adv. Proc. No. 07-02580 (RDD);

7   Adv. Proc. No. 07-02661 (RDD); Adv. Proc. No. 07-02743 (RDD);

8   Adv. Proc. No. 07-02768 (RDD); Adv. Proc. No. 07-02769 (RDD);

9   Adv. Proc. No. 07-02790 (RDD); Adv. Proc. No. 07-02076 (RDD);

10   Adv. Proc. No. 07-02084 (RDD); Adv. Proc. No. 07-02096 (RDD);

11   Adv. Proc. No. 07-02125 (RDD); Adv. Proc. No. 07-02177 (RDD);

12   Adv. Proc. No. 07-02188 (RDD); Adv. Proc. No. 07-02211 (RDD);

13   Adv. Proc. No. 07-02212 (RDD); Adv. Proc. No. 07-02236 (RDD);

14   Adv. Proc. No. 07-02250 (RDD); Adv. Proc. No. 07-02262 (RDD);

15   Adv. Proc. No. 07-02270 (RDD); Adv. Proc. No. 07-02291 (RDD);

16   Adv. Proc. No. 07-02328 (RDD); Adv. Proc. No. 07-02337 (RDD);

17   Adv. Proc. No. 07-02348 (RDD); Adv. Proc. No. 07-02432 (RDD);

18   Adv. Proc. No. 07-02436 (RDD); Adv. Proc. No. 07-02449 (RDD);

19   Adv. Proc. No. 07-02479 (RDD); Adv. Proc. No. 07-02525 (RDD);

20   Adv. Proc. No. 07-02534 (RDD); Adv. Proc. No. 07-02539 (RDD);

21   Adv. Proc. No. 07-02551 (RDD); Adv. Proc. No. 07-02581 (RDD);

22   Adv. Proc. No. 07-02597 (RDD); Adv. Proc. No. 07-02618 (RDD);

23   Adv. Proc. No. 07-02623 (RDD); Adv. Proc. No. 07-02659 (RDD);

24   Adv. Proc. No. 07-02672 (RDD); Adv. Proc. No. 07-02702 (RDD);

25   Adv. Proc. No. 07-02723 (RDD); Adv. Proc. No. 07-02743 (RDD);

- 2 -

1   Adv. Proc. No. 07-02744 (RDD); Adv. Proc. No. 07-02750 (RDD);

2   Adv. Proc. No. 07-02188 (RDD)

3   - - - - - - - - - - - - - - - - - - - -x

4   In the Matter of:

5   DPH HOLDINGS CORP., et al.,

6                         Reorganized Debtors.

7   - - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                         Plaintiffs,

10      -against-

11   SETECH INC., et al.,

12                         Defendants.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                         Plaintiffs,

16      -against-

17   DUPONT COMPANY, et al.,

18                         Defendants.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                         Plaintiffs,

22      -against-

23   ECO-BAT AMERICA LLC,

24                         Defendant.

25   - - - - - - - - - - - - - - - - - - - -x

- 3 -

```
1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4        -against-

5    GLOBE MOTORS INC.,

6                        Defendant.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10       -against-

11   PHILIPS SEMICONDUCTOR, et al.,

12                       Defendants.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                       Plaintiffs,

16       -against-

17   SUMMIT POLYMERS INC.,

18                       Defendant.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                       Plaintiffs,

22       -against-

23   M & Q PLASTIC PRODUCTS, et al.,

24                       Defendants.

25   - - - - - - - - - - - - - - - - - - - -x
```

- 4 -

```
 1    - - - - - - - - - - - - - - - - - - - -x

 2    DELPHI CORPORATION, et al.,

 3                        Plaintiffs,

 4        -against-

 5    RSR CORPORATION, et al.,

 6                        Defendants.

 7    - - - - - - - - - - - - - - - - - - - -x

 8    DELPHI CORPORATION, et al.,

 9                        Plaintiffs,

10        -against-

11    RSR/ECOBAT,

12                        Defendant.

13    - - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16        -against-

17    TYCO et al.,

18                        Defendants.

19    - - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22        -against-

23    AHAUS TOOL & ENGINEERING INC.,

24                        Defendant.

25    - - - - - - - - - - - - - - - - - - - -x
```

- 5 -

1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                           Plaintiffs,

4        -against-

5    A 1 SPECIALIZED SVC & SUPP., INC.,

6                           Defendant.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                           Plaintiffs,

10       -against-

11   A-1 SPECIALIZED SERVICES,

12                          Defendant.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16       -against-

17   ATS AUTOMATION TOOLING SYSTEMS INC., et al.,

18                          Defendants.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22       -against-

23   CORNING INC., et al.,

24                          Defendants.

25   - - - - - - - - - - - - - - - - - - - -x

- 6 -

1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                              Plaintiffs,

4        -against-

5    CRITECH RESEARCH INC.,

6                              Defendant.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                              Plaintiffs,

10       -against-

11   DOSHI PRETTL INTERNATIONAL, et al.,

12                             Defendants.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                             Plaintiffs,

16       -against-

17   D & R TECHNOLOGY LLC, et al.,

18                             Defendants.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                             Plaintiffs,

22       -against-

23   DSSI, et al.,

24                             Defendants.

25   - - - - - - - - - - - - - - - - - - - -x

- 7 -

1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                         Plaintiffs,

4        -against-

5    DANOBAT MACHINE TOOL CO. INC.,

6                         Defendant.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                         Plaintiffs,

10       -against-

11   EDS, et al.,

12                        Defendants.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16       -against-

17   BP, et al.,

18                        Defendants.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22       -against-

23   CARLISLE, et al.,

24                        Defendants.

25   - - - - - - - - - - - - - - - - - - - -x

- 8 -

1   - - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3                         Plaintiffs,

4      -against-

5   GKNS INTERMETALS,

6                         Defendant.

7   - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                         Plaintiffs,

10      -against-

11   EX-CELL-O MACHINE TOOLS INC.,

12                         Defendant.

13   - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                         Plaintiffs,

16      -against-

17   JOHNSON CONTROLS, et al.,

18                         Defendants.

19   - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                         Plaintiffs,

22      -against-

23   NILES USA INC., et al.,

24                         Defendants.

25   - - - - - - - - - - - - - - - - - - -x

```
1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                      Plaintiffs,

4        -against-

5    METHODE ELECTRONICS INC., et al.,

6                      Defendants.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                      Plaintiffs,

10       -against-

11   MICROCHIP,

12                     Defendant.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                     Plaintiffs,

16       -against-

17   HEWLETT PACKARD, et al.,

18                     Defendants.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                     Plaintiffs,

22       -against-

23   OLIN CORP,

24                     Defendant.

25   - - - - - - - - - - - - - - - - - - - -x
```

- 10 -

1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                         Plaintiffs,

4        -against-

5    INTEC GROUP,

6                         Defendant.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                         Plaintiffs,

10       -against-

11   VALEO, et al.,

12                        Defendants.

13   - - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16       -against-

17   VANGUARD DISTRIBUTORS,

18                        Defendant.

19   - - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22       -against-

23   VICTORY PACKAGING, et al.,

24                        Defendants.

25   - - - - - - - - - - - - - - - - - - - -x

- 11 -

1    - - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                            Plaintiffs,

4        -against-

5    WAGNER-SMITH COMPANY,

6                            Defendant.

7    - - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                            Plaintiffs,

10        -against-

11    WELLS FARGO BUSINESS, et al.,

12                            Defendants.

13    - - - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                            Plaintiffs,

16        -against-

17    SELECT TOOL & DIE CORP.,

18                            Defendant.

19    - - - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                            Plaintiffs,

22        -against-

23    SHUERT INDUSTRIES INC.,

24                            Defendant.

25    - - - - - - - - - - - - - - - - - - - -x

- 12 -

```
1   - - - - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4      -against-

5   SUMITOMO, et al.,

6                        Defendants.

7   - - - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10     -against-

11  TECH CENTRAL,

12                       Defendant.

13  - - - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15                       Plaintiffs,

16     -against-

17  PRUDENTIAL RELOCATION, et al.,

18                       Defendants.

19  - - - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21                       Plaintiffs,

22      -against-

23  LDI INCORPORATED,

24                       Defendant.

25  - - - - - - - - - - - - - - - - - - - - -x
```

- 13 -

1    - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                         Plaintiffs,

4       -against-

5    M & Q PLASTIC PRODUCTS, et al.,

6                         Defendants.

7    - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                         Plaintiffs,

10      -against-

11   REPUBLIC ENGINEERED PRODUCTS, et al.,

12                        Defendants.

13   - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16      -against-

17   RIECK GROUP LLC,

18                        Defendant.

19   - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22      -against-

23   CRITECH RESEARCH INC.,

24                        Defendant.

25   - - - - - - - - - - - - - - - - - - -x

- 14 -

1               U.S. Bankruptcy Court

2               300 Quarropas Street

3               White Plains, New York

4

5               July 22, 2010

6               10:20 AM

7

8

9     B E F O R E:

10    HON. ROBERT D. DRAIN

11    U.S. BANKRUPTCY JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 103 -

1    this point, but to me the Constitutional issue, you know, the

2    due-process issue here, is not so much the running of time as

3    the issue of whether and how the defendants got notice of the

4    Rule 4 motions.  If they didn't get notice, then it's wide

5    open.  If they did get notice, I think there's a 60(b) hurdle.

6    But if they didn't get notice, it's wide open and I should look

7    at it as whether, you know, it was appropriate to have entered

8    those orders.  And they should have all their -- you know,

9    their right to say they shouldn't have been entered.

10          MS. SCHWEITZER:  Right.  Your Honor, I think Your

11   Honor -- as you're raising, there are very difficult questions

12   raised when you look at both sides of this argument.  You

13   raised several points and I'd like to take some of them in

14   turn.  The first one is just the raising of the 4(m) and the

15   fact the Supreme Court has said that there's no per se due-

16   process violation in terms of changing a statute of

17   limitations.  That's said in the context of policy decisions of

18   policymakers making a uniform decision that 'We're going to

19   change the rule.  We're going to change the law because BP has

20   now intoxicated the entire Gulf of Mexico and we need to say

21   it's not fair that people have a year to bring those claims.'

22   There's been no grand policy decisions here.

23          And in fact the debtors didn't need more time to bring

24   the claims.  The debtors said 'I'll file these claims in a

25   timely manner.'

- 119 -

1   smoothly with you, I'm going to say' --

2          THE COURT:  But, again, isn't that on a case-by-case

3   basis?  I mean, I -- as far as I can see, there's one case that

4   concludes that 4(m) relief was improperly granted and that case

5   wasn't on due process grounds.  The Ninth Circuit just said,

6   'You know, we don't really set a standard for when it's

7   improperly granted, but it was improperly granted.'  So, I

8   mean, it just seems to me that it's much more of a case-by-case

9   analysis, depending on the, you know, the harm that happened to

10  people.

11         MS. SCHWEITZER:  Right.  Well, I guess --

12         THE COURT:  With the exception -- let me stop you.

13         MS. SCHWEITZER:  Okay.

14         THE COURT:  With the exception that under Rule

15  60(b)(4), if someone really didn't get notice of the extension

16  motions, then it would seem to me they should be able to argue

17  to me as if the motions were being made right now, although

18  I'll hear the debtors on that.  But, that seems to be the way

19  to look at it.

20         MS. SCHWEITZER:  Right.  Well, Your Honor --

21         THE COURT:  And then, the notice that would trigger

22  the Rule 60(b)(4) analysis would be due process notice and

23  consistent with not only Espinosa, but Mulane and the like.

24  It's true, if -- if the notice was buried or confusing or the

25  like, then I would understand that, too, as a violation of due

- 213 -

1    Requiring for them to do all those things seems to me

2    to be the minimum of fairness --

3    THE COURT:  Well, look, it's a motion for leave to

4    amend the complaint on unusual circumstances.  It's really

5    their risk if I turn them down again, right?  So --

6    MR. WINSTEN:  My only point was that it should be

7    Iqbal plus, not Iqbal minus.

8    THE COURT:  Well, I don't know what that means.  And,

9    frankly, I think the Supreme Court's been pretty careful not to

10   turn Iqbal into a plus.

11   MR. WINSTEN:  Right.

12   THE COURT:  So --

13   MR. WINSTEN:  But these are our --

14   THE COURT:  But I think that the risk of being turned

15   down on the basis of the complaint still isn't good enough is a

16   serious enough -- the consequences of that are serious enough

17   so I assume that the plaintiffs are going to be pretty careful.

18   MR. WINSTEN:  A suggestion when we get there is that

19   they ought to attach a draft --

20   THE COURT:  Well, you have to do that.

21   MR. WINSTEN:  Yes.  So we know --

22   THE COURT:  Yeah, absolutely.

23   MR. WINSTEN:  -- what the form's going to be.

24   THE COURT:  Got to do that.

25   MR. WINSTEN:  Let me move to assumed contracts.  This

- 214 -

1   is another way in which you can --

2        THE COURT:  Well, I don't think there's any issue on

3   this, right?  How about if the debtors acknowledge that if the

4   contract has been assumed there's no preference?

5        MR. WINSTEN:  Well, what's interesting, Your Honor, is

6   we --

7        THE COURT:  Well, let me just -- is there -- is that

8   an issue?

9        MR. GEOGHAN:  There's no debate about that, Your

10  Honor.  The concept we all agree on; the problem has been in

11  corroborating the information that's been supplied.  And what

12  we've done --

13       THE COURT:  Okay.

14       MR. GEOGHAN:  -- in any instance where a defendant has

15  said 'you have assumed our contract and the preference payment

16  that you're seeking to recover was made pursuant to that

17  contract' is we've compared notes and tried to get to the

18  bottom of it and where, in fact, that's the case then we

19  voluntarily dismiss either the particular claim or the action

20  as a whole if all of the claims were pursuant to an assumed

21  contract.  So there's no conceptual disagreement.

22       MR. WINSTEN:  Well, there is in this sense, Your

23  Honor, because we have three clients who had assumed contracts:

24  MSX, GKN and Valeo.  Take MSX that has four -- there's a four

25  million preference claim against them.  We believe it's all as

- 215 -

1    to assumed contracts.  We file our motion.  Not one word in

2    their brief in opposition in any way opposing dismissal of

3    those claims because they're assumed contracts.  Not one word

4    in opposition.  We give them a proposed order, 'please agree

5    that to the extent this claim is based upon transfers as to

6    these contracts, we're not seeking a dismissal of entirety.  To

7    the extent your claim is based upon transfers with respect to

8    these assumed contracts, they're out of the case'.  They won't

9    agree to do it.

10          Now, as to Valeo and GKN, which is represented by the

11   Togut firm, rather than just being silent, as the Butzel firm

12   has been as to MSX, the Togut firm says 'none of these were in

13   respect to assumed contracts; it's pointless to do so'.  Our

14   view is we don't need to worry about that now.  We have a hot

15   disagreement as to whether these were transfers with respect to

16   assumed contracts.  All we're looking for is a plain vanilla

17   order that says 'to the extent any of these transfers were with

18   respect to these identified assumed contracts in our motions,

19   they're out of the case'.  That's all.  We can start out later.

20          THE COURT:  But if there's a factual dispute as to

21   whether it was assumed or not, what does the order do?  It

22   doesn't say anything.

23          MR. WINSTEN:  Well, they're not even recognizing the

24   point I gave you.

25          THE COURT:  No, he just did.  And he would have to;

- 216 -

1    it's the law.

2            MR. WINSTEN:  Is the Togut firm recognizing your

3    point?

4            THE COURT:  He said that in his pleading.

5            MR. GEOGHAN:  We've recognized the point, Your Honor.

6    We were asked the question, we provided the information --

7            THE COURT:  He recognizes the legal -- he recognized

8    the legal point.

9            MR. GEOGHAN:  -- the contract numbers; everything in

10   support.

11           THE COURT:  The law's clear on that -- I just ruled on

12   this about four months ago in Coudert Brothers in pretty

13   egregious circumstances so if the plan trustee lost there, he's

14   going to lose here too if the contract was, in fact, assumed.

15   But there's the issue of whether it was, in fact, assumed.

16           MR. FISHER:  An example, though, Your Honor, of how we

17   really need to nail this down --

18           THE COURT:  Well, that goes to the complaint.

19           MR. FISHER:  Well, yeah, exactly.  We've asked the

20   Togut firm for that information.  They've given us information

21   but none of it's linked to purchase orders; none of it's --

22   it's all just them saying none of them --

23           THE COURT:  Well, that's why you need show the

24   antecedent debt in the complaint.

25           MR. WINSTEN:  You got it.  Exactly.  Just another

- 217 -

1    reason why.

2              THE COURT:  Okay.

3              MR. GEOGHAN:  Your Honor, if I may just briefly in

4    regard to that last statement; it was not wholly accurate.  We

5    provided all the remittance invoice information and the

6    purchase orders.

7              THE COURT:  I read the correspondence.  I think

8    there's a -- well, but it should be in the complaint.

9              MR. GEOGHAN:  Correct, Your Honor.  Counsel is simply

10   disagreeing without -- reasonable.

11             THE COURT:  Okay.  All right.

12             MR. GOTTFRIED:  One very quick point, Your Honor.  And

13   probably it's self-evident but to the extent that the debtors

14   are going to be obligated to replead, it might be extremely

15   helpful in connection with the contract assumption issue if the

16   debtors identify, when they're identifying specific antecedent

17   debt, which PO numbers the transfers relate to.  This way

18   defendants will be able to match those listed PO numbers

19   against the PO numbers that were assumed or rejected and

20   they'll note whether or not it falls within it.

21             THE COURT:  I'm not going to make a ruling on that at

22   this point.

23             MR. GOTTFRIED:  Okay.  Well, I wasn't asking for you

24   to necessarily rule on it.

25             THE COURT:  But you didn't see it when he was taking a

- 218 -

1   note.  Mr. Fisher was.

2          Okay.  So are we now at sort of one off for individual

3   issues?  I think we are.

4          MR. WINSTEN:  I think the only general issue that I

5   think is left, Your Honor, I.W. Winsten again, is the laches

6   issue, and there what I would say is I think I can do it in

7   thirty seconds.

8          That while we believe you to dismiss in total on the

9   laches basis, to the extent the Court disagrees and believes

10  it's fact specific and case specific, then I think as to the

11  eighty-three moving parties -- eighty-three moving cases, we

12  would urge the Court, at the front end, to have a threshold

13  evidentiary hearing on the issue of prejudice.  That we ought

14  not to move to the merits until we first have a prejudice

15  hearing because it's not fair to any of us to go to the merits.

16         THE COURT:  Okay.  What's your view on that, Mr.

17  Fisher?

18         MR. FISHER:  I'm reluctant, Your Honor, to have waves

19  of threshold issues to work through on a mass basis because --

20         THE COURT:  Well, wouldn't this be the threshold

21  issue?  I mean, it seems to me that the thrust of your

22  argument, generally, in response to this collective -- well,

23  not the abandonment res judicata, but the 4(m) Rule 60 due

24  process point is that prejudice can be dealt with on a case-by-

25  case basis.  It seems to me that that -- and I think your