Douglas J. Buncher
Texas Bar No. 03342700
dbuncher@neliganlaw.com
David Ellerbe
State Bar No. 06530600
dellerbe@neliganlaw.com
NELIGAN FOLEY LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
(214) 840-5300
(214) 840-5301 (fax)

Counsel for Defendant RSR Corporation

Reply Deadline:  January 28, 2011
Hearing Date:  February 17, 2011 at 10:00 a.m. ET

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| In re: : | **Chapter 11** |
| : | **Case No. 05-44481 [RDD]** |
| **DELPHI CORPORATION, et al.,** : | **Jointly Administered** |
|     Debtors : | |

------------------------------------------------------------x

| | |
|---|---|
| : | |
| **DELPHI AUTOMOTIVE SYSTEMS,** : | |
|     Plaintiff, : | |
| : | |
| v.  : | **Adv. Pro. No. 07-02768 [RDD]** |
| : | |
| **RSR CORPORATION,** : | |
|     Defendant : | |

------------------------------------------------------------x

### RESPONSE OF RSR CORPORATION TO REORGANIZED
### DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

Defendant RSR Corporation ("RSR") files this Response in opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend," D.I. 20575-20577), and respectfully states as follows:

## I.  PROCEDURAL BACKGROUND

1. Delphi Corporation and certain of its affiliates (the "<u>Reorganized Debtors</u>") filed voluntary petitions for relief under chapter 11 of the U.S. Bankruptcy Code on October 8 and 14, 2005 (together, the "<u>Petition Date</u>").

2. In September 2007, the Reorganized Debtors commenced over 700 adversary proceedings against numerous defendants, asserting claims under Chapter 5 of the Bankruptcy Code (the "<u>Preference Actions</u>"), including the above-captioned adversary proceeding no. 07-2768 (the "<u>Adversary</u>"), by filing a Complaint against RSR therein (the "<u>Original Complaint</u>"), under seal and without notice to RSR.

3. The Reorganized Debtors filed several motions and obtained several orders of this Court to preserve estate claims and extend, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline for service in the Preference Actions.  RSR was not served with any of those motions or orders.  *See* Affidavits of Service, D.I. 9039, 9141, 12970, 13315, 13415, 13540, 18967.

4. The Reorganized Debtors did not serve the summonses or complaints in the Preference Actions, including the Adversary, until late 2009 or early 2010.  RSR was not served with a summons and the Complaint in the Adversary until on or about April 6, 2010, nearly 4½ years after the Petition Date and nearly 2½ years after the expiration of the applicable statute of limitations.

5. Various defendants filed motions to dismiss or joinders therein on or before May 14, 2010 (collectively, the "<u>First Wave Dismissal Motions</u>") as to their respective Preference Actions.  RSR filed a First Wave Dismissal Motion in the Adversary.  On June 7, 2010, the Reorganized Debtors filed an Omnibus Response to the First Wave Dismissal Motions.

6.  On September 7, 2010, following a hearing on July 22, 2010 (the "<u>Dismissal Hearing</u>"), the Court signed its Order Granting in Part First Wave Motions to Dismiss (the "<u>Dismissal Order</u>," D.I. 20579), which *inter alia*, (a) dismissed all claims in the Adversary and numerous other Adversary Proceedings (as defined in the Dismissal Order, and collectively herein, the "<u>Adversaries</u>") and (b) ordered the Reorganized Debtors to file, no later than September 7, 2010, a motion for leave to amend the complaints in the Adversaries and to attach to such motion proposed amended complaints for the Adversaries that, for each alleged transfer, set forth, at a minimum, the transferor, the transferee, any known subsequent transferee against whom relief is sought, the antecedent debt, and a specific Reorganized Debtor as the plaintiff. Dismissal Order, ¶ 4. Further, the Dismissal Order preserved all other arguments raised by RSR and other defendants in the Adversaries that were not ruled upon at the Dismissal Hearing or pursuant to the Dismissal Order. *Id.* at ¶ 5.

7.  On September 7, 2010, the Reorganized Debtors filed the Motion to Amend, which included a proposed amended complaint against RSR in the Adversary (the "<u>Amended Complaint</u>").

8.  For the reasons set forth below, and in the responses to the Motion to Amend filed by other defendants in the other Adversaries, which RSR adopts and incorporates herein, the Court should deny the Motion to Amend with respect to RSR and dismiss the Adversary with prejudice.

## II. OBJECTIONS TO THE MOTION TO AMEND

*A.  The Proposed Amended Complaint Fails to Comply With the Dismissal Order and With Rule 8 of the Federal Rules of Civil Procedure.*

8.  In the Dismissal Order and the Court's rulings at the conclusion of the Dismissal Hearing, the Court dismissed all claims against RSR in the Adversary because the Reorganized

3

Debtors failed to plead sufficient facts to state a claim and failed to comply with Rule 8 of the Federal Rules of Civil Procedure, made applicable herein by Rule 7008 of the Federal Rules of Bankruptcy Procedure.  *See* Dismissal Order, ¶ 4; *see also* Transcript of Dismissal Hearing ("Tr. 7/22/10"), pp. 275-77 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *In re Hydrogen, LLC,* 431 B.R. 337 (Bankr. S.D.N.Y. 2010); *In re McLauglin*, 415 B.R. 23 (Bankr. D.N.H. 2009); and *In re Careamerica, Inc.*, 409 B.R. 737 (Bankr. E.D.N.C. 2009)).  The Court ordered the Reorganized Debtors to file a motion to amend and attach thereto an amended complaint that, *inter alia*, identifies the antecedent debt that corresponds to each alleged transfer set forth therein.  Dismissal Order, ¶ 4; Tr. 7/22/10, pp. 205-06.

9.    Section 547(b)(2) requires, as an element of an avoidable preference, that a transfer was made "for or on account of an antecedent debt *owed by the debtor* before such transfer was made."  11 U.S.C. § 547(b)(2) (emphasis added).  The statutory language does not permit preference claims arising from a debtor's payment of third-party debts.  In the proposed Amended Complaint (including Exhibit 1 thereto) that the Reorganized Debtors seek leave to file against RSR, the sole Plaintiff, Delphi Automotive Systems, LLC, "DAS"), does not make any allegation or showing (a) that it is or was a "debtor" or one of the Reorganized Debtors; (b) that any of the Transfers (as defined in the Amended Complaint) were made on account of a debt owed *by DAS*, as the debtor, rather than by Delphi Corporation or another of the Reorganized Debtors; or (c) when any of the alleged debts relevant to the Transfers arose or that such debts arose before the Transfers and were thus "antecedent."  Thus, the Court should deny the Motion to Amend as to RSR because the proposed Amended Complaint still fails to plead satisfactorily the plain requirements of section 547(b)(2) with respect to the Transfers.

10. Further, the Amended Complaint fails to identify the antecedent debt with respect to several individual Transfers alleged in the Amended Complaint. Paragraph 22 of the proposed Amended Complaint contains the only allegations regarding antecedent debt, as follows:

> Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendant as of the date on which each Transfer was made. The documents evidencing the antecedent debt include the purchase orders and/or invoices/bills of lading identified on Exhibit 1, which purchase orders and/or invoices/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject goods contemplated by the Agreements were ordered pursuant to the Agreements and/or were provided by Defendant.

Amended Complaint, ¶ 22. Exhibit 1 to the Amended Complaint – the sole source of information that purports to identify the antecedent debt asserted in conclusory, bare-bones fashion in paragraph 22 of the Amended Complaint – consists of a chart that lists twenty (20) individual transfers totaling $22,358,744.37 that DAS allegedly made to RSR.

11. However, with respect to four (4) of those transfers totaling $10,746,097.46 (the "Unsupported Transfers"[1]), the Amended Complaint fails to plead, and Exhibit 1 thereto does not contain, any information whatsoever that identifies a specific antecedent debt. Indeed, the columns on Exhibit 1 to the Amended Complaint that are relevant to antecedent debt (under column headings "Purchase Order/Invoice Number/Antecedent Debt" and "PO/Inv") *are totally blank as to the Unsupported Transfers*. Thus, the Motion to Amend, to the extent otherwise granted, must be denied with respect to the Unsupported Transfers totaling $10,746,097.46. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (affirming denial of leave to amend when proposed amendment failed to allege necessary facts); *McLaughlin v. Anderson,* 962 F.2d 187, 195 (2d Cir. 1992) (affirming denial of leave to amend when proposed amendment

---

[1] The Unsupported Transfers are identified individually on Exhibit 1 to the Amended Complaint as follows: (1) $5,004,808.48, allegedly transferred on 8/17/2005; (2) $3,539,981.08, allegedly transferred on 8/26/2005; (3) $1,491,086.66, allegedly transferred on 8/30/2005; and (4) $710,221,24, allegedly transferred on 9/1/2005.

5

failed to comply with court's order); *In re Hydrogen*, 431 B.R. at 355 (dismissing preference claim because of failure to identify a specific antecedent debt owed by debtor related to alleged transfers).

### B. *The Amended Complaint Includes New Claims that are Barred by Limitations, and the Amended Complaint Does Not "Relate Back" to the Original Complaint.*

12. In the Original Complaint, the Reorganized Debtors sought a judgment and order of the Court against RSR "to direct the return of *certain avoidable transfers* (the "Transfers") … as more fully and *particularly identified in Exhibit '1'* annexed hereto." Original Complaint, ¶ 3 (emphasis added). Exhibit 1 to the Original Complaint listed twelve (12) transfers totaling $10,100,548.07 that the Reorganized Debtors alleged to be avoidable as preferential transfers.

13. In the Motion to Amend, the Reorganized Debtors seek leave to file the Amended Complaint, including Exhibit 1 thereto, which enumerates twenty (20) transfers totaling $22,358,744.37 that DAS alleges are avoidable as preferential transfers. Thus, in the Amended Complaint, the Reorganized Debtors seek to assert new additional preference claims against RSR, increasing such claims by an astounding $12,258,199.30 (the "Additional Transfers") when compared to the Original Complaint.

14. The Additional Transfers consist of the following:

   a) The four (4) Unsupported Transfers, which are exactly double the amount of each such transfer listed on Exhibit 1 to the Original Complaint, representing an increase of $5,373,048.73;

   b) Two (2) alleged transfers on 9/12/2005, totaling $3,172,128.33, which is $2,985,147.57 higher than the single transfer on that date listed on Exhibit 1 to the Original Complaint in the amount of $186,980.76; and

   c) Two (2) alleged transfers on 9/21/2005, totaling $3,900,000, which were not listed on Exhibit 1 to the Original Complaint.

15. The Reorganized Debtors rely on Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable herein by Rule 7015 of the Federal Rules of Bankruptcy Procedure,

6

to support their request to file the Amended Complaint. Rule 15(a)(2) provides that leave to amend should be freely granted. However, leave must be denied if, *inter alia*, the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile when the plaintiff seeks to assert additional claims that would be barred by the statute of limitations and the proposed amendment does not relate back to the original pleading under Rule 15(c) of the Federal Rules of Civil Procedure. *In re 360networks (USA) inc.*, 367 B.R. 428, 432-33 (Bankr. S.D.N.Y. 2007).

16. Here, the new Additional Transfers that DAS alleges in the proposed Amended Complaint are barred by limitations, and the Amended Complaint does not relate back to the Original Complaint under Rule 15(c).

17. DAS, the plaintiff in the proposed Amended Complaint, filed its chapter 11 petition on October 8, 2005. Accordingly, the statute of limitations with respect to any preference claim asserted by DAS pursuant to 11 U.S.C. §§ 547 expired on October 8, 2007. 11 U.S.C. § 546(a)(1)(A). The Original Complaint was filed on September 30, 2007, before limitations expired. However, the Additional Transfers that DAS seeks leave to assert against RSR in the Amended Complaint arise under 11 U.S.C. §§ 547 and are clearly barred by limitations. Thus, DAS cannot assert or state a claim for the Additional Transfers unless they relate back to the date of the Original Complaint.

18. The Amended Complaint does not and cannot relate back to the Original Complaint under Rule 15(c).[2] Rule 15(c) provides, in relevant part, that "[a]n amendment of a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be

---

[2] The Reorganized Debtors, as the moving parties, bear the burden of proving "relation back." *In re Enron Corp.*, 298 B.R. 513, 522 (Bankr. S.D.N.Y. 2003).

7

set out – in the original pleading ….." Fed. R. Civ. P. 15(c). Rule 15(c) cannot "undermine the purpose of repose for which statutes of limitations were designed." *In re Enron Corp.*, 357 B.R. 257, 263 (Bankr. S.D.N.Y. 2006).

19.     The primary consideration in a "relation back" inquiry is "whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations 'by the general fact situation alleged in the original pleading.'" *Stevelman v. Alias Research, Inc.,* 174 F.3d 79, 86-87 (2d Cir. 1999) (citation omitted). Courts do not consider the parties' subjective state of mind, but will only objectively consider whether the fact allegations in the original complaint gave the defendant notice of additional claims asserted in the amended complaint. *In re Kam Kuo Seafood Corp.*, 67 B.R. 304, 306 (Bankr. S.D.N.Y. 1986). While Rule 15(c) does not require the original complaint to give the defendant notice of new or additional legal theories the plaintiff seek to assert, it must inform the defendant of the facts that support any new, additional claims. *In re Everfresh Beverages, Inc.*, 238 B.R. 558, 573-74 (Bankr. S.D.N.Y. 1999).

20.     In the context of preference claims, relation back "is the exception rather than the rule" because "[e]ach transfer between the debtor and a potential preference defendant is an isolated event." *Coan v. O&G Indus., Inc. (In re Austin Driveway Servs., Inc.)*, 179 B.R. 390, 397, 400 (Bankr. D. Conn. 1995) (denying proposed amendment that asserted an additional preference amount not asserted in prior complaint; permitting trustee to freely amend complaint to allege any other transfers "would create marketplace chaos"). "A preference action based on one transfer does not put [a] defendant on notice of claims with respect to any other unidentified transfers." *360networks (USA) inc.*, 367 B.R. at 434 (denying "relation back" amendment to preference complaint to add additional transfers totaling $12.5 million).

21.     Here, the Original Complaint identified only twelve (12) "Transfer Amount[s]" totaling $10,100,548.07 that the Reorganized Debtors alleged to be avoidable transfers. Original Complaint, Exh. 1. Those transfers were in widely varying amounts (none of which was identical) and were allegedly made on different days at varying intervals.

22.     In contrast, in the proposed Amended Complaint, DAS seeks to recover twenty (20) allegedly avoidable transfers that total $22,358,744.37. Thus, DAS seeks to add $12,258,199.30 in Additional Transfers to the Amended Complaint that were not identified, or even hinted at, in the Original Complaint.

23.     The Original Complaint was a bare-bones form pleading. It was narrowly circumscribed and pertained only to "*certain* avoidable transfers" that were "*particularly identified* in Exhibit '1' annexed [t]hereto." Original Complaint, ¶ 3 (emphasis added). Thus, "the plain language of the [Original] Complaint reflects that no other claims were being asserted or contemplated." *360networks (USA) inc.*, 367 B.R. at 434 (denying relation back even when original complaint sought "at least" amount specified therein, which plaintiff argued put defendant on notice of potential additional amounts); *Golden v. The Guardian (In re Lenox Healthcare, Inc.)*, 343 B.R. 96, 106 (Bankr. D. Del. 2006) (rejecting amended complaint because original complaint simply listed dates and amounts of payments and did not set forth any facts that could have encompassed additional transfers). Further, the Original Complaint does not mention any agreement between RSR and any of the Reorganized Debtors; nor does it even describe generally the relationship among the parties. *360networks (USA) inc.*, 367 B.R. at 434; *Lenox Healthcare*, 343 B.R. at 106. In short, the Original Complaint does not include any facts that would put RSR on notice that any transfers other than those in Exhibit 1 thereto might later be challenged.

9

24. Finally, the Additional Transfers, like the transfers alleged in the Original Complaint, are widely divergent in amount and of varying frequency. Thus, the Original Complaint and the transfers alleged therein did not put Eco-Bat on notice of any potential scheme of identical or systematic payments that the Reorganized Debtors might rely on later to include any of the Additional Transfers alleged in the proposed Amended Complaint. *Lenox Healthcare*, 343 B.R. at 106 (denying relation back because transfers varied in amount and frequency); *Peltz v. CTC Direct, Inc. (In re MBC Greenhouse Co.)*, 307 B.R. 787, 792-93 (Bankr. D. Del. 2004) (rejecting amended preference complaint that would add "a whole new set of specific transactions" – i.e., 33 new transactions totaling $5.1 million – that were, with one exception, distinct from those in original complaint); *cf. Brandt v. Gerardo (In re Gerardo Leasing, Inc.)*, 173 B.R. 379, 390-92 (Bankr. N.D. Ill. 1994) (allowing additional transfers in amended complaint to relate back because they were continuation of "systematic" payments made in the identical amount and with same weekly frequency as those asserted in original complaint).

25. In sum, and without waiving any other objections to the Motion to Amend, RSR requests that the Court deny the Motion to Amend to the extent it seeks to include the Additional Transfers in the Amended Complaint.

### C. Incorporation of and Joinder in Other Defendants' Briefs

26. RSR hereby incorporates and joins in all applicable objections, arguments and requests for relief that are raised by the other preference defendants in the Adversaries in opposition to the Reorganized Debtors' Motion to Amend with regard to those defendants.

### III.  CONCLUSION

Based on the objections to the Motion to Amend set forth above and incorporated herein, RSR respectfully requests that the Court deny the Motion to Amend in its entirety and order that the Adversary be dismissed with prejudice.

Dated: November 23, 2010               Respectfully Submitted,

                                       */s/ Douglas J. Buncher*
                                       Douglas J. Buncher
                                       Texas Bar No. 03342700
                                       dbuncher@neliganlaw.com
                                       David Ellerbe
                                       Texas Bar No. 06530600
                                       dellerbe@neliganlaw.com

                                       NELIGAN FOLEY LLP
                                       325 N. St. Paul, Suite 3600
                                       Dallas, Texas  75201
                                       214-840-5300
                                       214-840-5301 (fax)

                                       COUNSEL FOR DEFENDANT
                                       RSR CORPORATION

### CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2010, a true and correct copy of the foregoing pleading was served (a) by email upon all parties who receive notice in the above-captioned cases through the Court's ECF filing system and (b) by first class mail, postage prepaid, upon the following counsel for the Reorganized Debtors:

Eric B. Fisher
Cynthia J. Haffey
Barry N. Seidel
Butzel Long
380 Madison Avenue
22nd Floor
New York, NY  10017

                                       */s/ David Ellerbe*
                                       David Ellerbe

60245v.1