Hearing Date and Time: February 17, 2011 at 10:00 a.m.
Reply Deadline: January 28, 2011

**THOMPSON & KNIGHT LLP**
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3001
Facsimile: (212) 751-3113
Ira L. Herman
Jennifer A. Christian
Gabrielle E. Farina

*Attorneys for Defendant*
*Victory Packaging LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
| | |
|---|---|
| In re: | : |
| | : |  Case No. 05-44481 (RDD)
| DPH HOLDINGS CORP., *et al.*, | : |  (Jointly Administered)
| | : |  Chapter 11

-------------------------------------------------------x

| | |
|---|---|
| DELPHI AUTOMOTIVE | : |
| SYSTEMS, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |  Adv. No. 07-02551 (RDD)
| -against- | : |
| | : |
| VICTORY PACKAGING LP, | : |
| | : |
| Defendants. | : |

-------------------------------------------------------x

---

## VICTORY PACKAGING LP'S OPPOSITION TO THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................i

PRELIMINARY STATEMENT .............................................................................1

STATEMENT OF FACTS .....................................................................................3

ARGUMENT ..........................................................................................................6

    APPLICABLE LEGAL STANDARD ..........................................................6

**POINT I**

THE AMENDED COMPLAINT FAILS TO PLEAD
SUFFICIENT FACTS TO STATE A CLAIM UNDER
THE MANDATE OF THE DISMISSAL ORDER AND
THE RULES ...............................................................................................7

A.  The Amended Complaint Does Not Satisfy the
    Minimum Pleading Requirements Mandated by the
    Dismissal Order .....................................................................................7

    1.  DAS Failed to Plead Facts Related to the Antecedent
       Debt.................................................................................................8

    2.  DAS Failed to Identify the Transferor, Transferee and Any
       Known Subsequent Transferees.........................................................10

B.  The Amended Complaint Fails to Comply with the Rules .....................11

**POINT II**

AMENDMENT OF THE COMPLAINT WOULD BE
FUTILE AS PAYMENTS MADE UNDER AN
ASSUMED AGREEMENT CANNOT BE AVOIDED .............................13

**POINT III**

TRANSFERS NOT ASSERTED IN THE ORIGINAL
COMPLAINT ARE TIME BARRED .........................................................15

**POINT IV**

NO FURTHER AMENDMENTS SHOULD BE PERMITTED..................18

CONCLUSION......................................................................................................19

## TABLE OF AUTHORITIES

### CASES

*In re 360Networks (USA) Inc.,*
  367 B.R. 428 (Bankr. S.D.N.Y. 2007)..............................................................16-18

*In re Alcon Shareholder Litigation,*
  No. 10 Civ. 0139, 2010 WL 2835756 (S.D.N.Y. July 2, 2010) ..........................6

*Alvarado v. Walsh (In re LCO Enters.),*
  12 F.3d 938 (9th Cir. 1993) ..............................................................................14

*Angell v. BER Care, Inc. (In re Caremerica),*
  409 B.R. 737 (Bankr. E.D.N.C. 2009)...............................................................13

*Angell v. Burrell (In re Caremerica),*
  409 B.R. 759 (E.D.N.C. 2009) ..........................................................................13

*Angell v. Haveri (In re Caremerica),*
  409 B.R. 346 (Bankr. E.D.N.C. 2009)...............................................................13

*Ashcroft v. Iqbal,*
  __ U.S. __, 129 S. Ct. 1937 (2009).....................................................................13

*Austin Driveway Serv., Inc. v. O&G Ind., Inc.,*
  179 B.R. 390 (Bankr. D. Conn. 1995) ...............................................................17

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)...........................................................................................12

*Chemical Bank v. Dana,*
  234 B.R. 585 (D. Conn. 1999)..............................................................................8

*In re Coudert Brothers LLP,*
  2009 WL 2868722 (Bankr. S.D.N.Y. 2009)......................................................14

*In re Dorholt, Inc.,*
  224 F.3d 871 (8th Cir. 2000) ...............................................................................8

*Feltman v. Keybank (In re Levitt and Sons, L.L.C.),*
  No. 07-19845, 2010 WL 1539878 (Bankr. S.D. Fla. April 16, 2010)................13

*Health-Chem Corp. v. Leon C. Baker,*
  915 F.2d 805 (2d Cir. 1990) .................................................................................6

*In re Hydrogen L.L.C.,*
  431 B.R. 337 (Bankr. S.D.N.Y. 2010)..................................................................8

*Kimmelman v. Port Authority of New York and New Jersey,*
*(In re Kiwi Int'l Air Lines, Inc.),*
   344 F. 3d 311 (3d Cir. 2003) ................................................................. 14

*Mackensworth v. S.S. Am. Merchant,*
   28 F.3d 46 (2d Cir. 1994) ...................................................................... 6

*Manley v. Mazzuca,*
   No. 01 Civ. 5178, 2007 WL 4233013 (S.D.N.Y. Nov. 30, 2007) ........................ 7

*MBC Greenhouse, Co. v. CTC Direct, Inc.,*
   307 B.R. 787 (Bankr. D.Del. 2004) ........................................................... 17

*In re Nokia Oyj Securities Litigation,*
   423 F.Supp.2d 364 (S.D.N.Y. 2006) .......................................................... 7

*Seidle v. GATX Leasing Corp.,*
   778 F.2d 659 (11th Cir. 1985) ................................................................. 14

*Slaughter Co. and Assoc., Inc. v. Slaughter,*
   242 B.R. 97 (Bankr. N.D. Ga. 1999) ......................................................... 17

*In re Superior Toy & Mfg. Co., Inc.,*
   78 F. 3d 1169 (7th Cir. 1996) ................................................................. 14

*In re Virtual Network Servs. Corp.,*
   97 B.R. 433 (Bankr. N.D. Ill. 1989) .......................................................... 14

## STATUTES

11. U.S.C. § 101 *et seq.* ................................................................................ 3

11 U.S.C. § 546 ................................................................................... 3-5, 15

11. U.S.C. § 547 .............................................................................. 3, 8, 12-14

11. U.S.C. § 550 .................................................................................. 3, 11

Fed. R. Civ. P. 8 .................................................................................. 1, 12

Fed. R. Civ. P. 12 .................................................................................. 5, 7

Fed. R. Civ. P. 15 .............................................................................. 6, 15-17

Fed. R. Bankr. P. 7008 ......................................................................... 1, 5, 12

Fed. R. Bankr. P. 7012 ............................................................................... 5

Fed. R. Bankr. P. 7015 ............................................................................... 15

Victory Packaging LP ("Victory"), by and through its undersigned counsel, respectfully states, as follows:

## PRELIMINARY STATEMENT

1.    On or about September 26, 2007, Delphi Corporation ("Delphi") commenced this action by filing a complaint, under seal, seeking to avoid over $18 million in allegedly preferential transfers made nearly 5 years ago to Victory (the "Complaint"). (A copy of the Complaint is attached hereto as **Exhibit A**.)  This Court dismissed the Complaint, by its order dated September 7, 2010 (the "Dismissal Order"), for Delphi's failure to plead sufficient facts to state a claim and its failure to comply with the pleading requirements of Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7008 (the "Rules"). (A copy of the Dismissal Order is attached hereto as **Exhibit B**).

2.    The Dismissal Order, among other things, allows Delphi a "second bite of the apple" by permitting Delphi to move to amend.  In response to the Court's invitation, Delphi filed the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend"), including a proposed form of amended complaint for Victory (the "Amended Complaint").  (A copy of the Amended Complaint is attached hereto as **Exhibit C**).  Rather than seizing the opportunity to replead to satisfy the mandate of the Dismissal Order and the Rules, Delphi has produced another pleading devoid of factual allegations to which Victory could reasonably be expected to respond.

3.    The proposed Amended Complaint fails to satisfy the mandate of the Dismissal Order and the Rules as it does not identify the individual transactions complained of in a meaningful way.  Specifically, the Amended Complaint fails to: (a) identify the transferor and obligor with regard to each transfer complained of; (b) specify

the delivery date, invoice date and transfer date with regard to each transfer complained of; (c) provide a complete set of invoice numbers to permit Victory to identify the transactions giving rise to the allegedly voidable transfers; and (d) provide wire transfer confirmation or check numbers with regard to each transfer. However, what Delphi has provided, is 400 pages of essentially incomplete, confusing and contradictory data. Attaching this type of information to a complaint falls far short of accomplishing what is required by the Dismissal Order and the Rules.

4.      Additionally, the Motion to Amend must fail as Delphi has assumed its contract with Victory pursuant to Sections 365 and 1123 of the Bankruptcy Code. Payments on account of an assumed contract cannot be avoided, therefore, amendment of the Complaint would be futile. Thus, leave to amend the Complaint should be denied and no further leave to amend should be permitted.

5.      Based on the foregoing, Victory seeks entry of an order: (a) denying the Motion to Amend (i) as the proposed Amended Complaint fails to plead sufficient facts to a state claim for relief consistent with the mandate of the Dismissal Order and the Rules, (ii) as permitting Delphi to proceed with the Amended Complaint would be a futile exercise since Delphi has assumed its Supply Agreement (as defined herein) with Victory, and (iii) as permitting Delphi to proceed with the Amended Complaint would be unduly prejudicial since Delphi advised Victory in writing of the assumption of the Supply Agreement and paid cure amounts to Victory shortly after the effective date of the Amended Plan (the "Effective Date") and Victory relied thereon; (b) finding that the additional transfers alleged in the Amended Complaint are barred by the statute of limitations; (c) dismissing this Adversary Proceeding with prejudice; and (d) for such

other and further relief as the Court deems proper.

## STATEMENT OF FACTS

6.     On October 8, 2005 (the "Petition Date"), Delphi and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

7.     Prior to and during the Chapter 11 administration period, Victory provided the Debtors with packaging materials, including, but not limited to, corrugated boxes, corrugated pallets, plastic bags and other items and services pursuant to a written Packaging Commodity Management Agreement, dated as of December 19, 2003 (as amended, the "Supply Agreement"). The Supply Agreement was entered into by Delphi Corporation, acting on its own behalf and on behalf of its affiliates and subsidiaries, all of which are parties to the Supply Agreement as customers of Victory.

8.     Pursuant to Section 546(a) of the Bankruptcy Code, the limitations period for the Debtors to commence avoidance actions against Victory began to run on the Petition Date and expired on or before October 14, 2007. 11 U.S.C. § 546(a).

9.     On September 29, 2007, the Debtors filed the Complaint under seal. The Complaint sought to recover, pursuant to sections 547 and 550 of the Bankruptcy Code, allegedly preferential transfers made to Victory in the aggregate amount of $18,976,208.58. *See* Exhibit 1 to Complaint.

10.     On July 30, 2009, this Court entered an order (the "Confirmation Order") approving the Debtors' first amended joint plan of reorganization (the "Amended Plan"). (Bankruptcy Docket No. 12359).

11.     Article 8.1(a) of the Amended Plan provides:

> All executory contracts and unexpired leases as to which any of the
> Debtors is a party shall be deemed automatically assumed by the
> applicable Reorganized Debtor in accordance with the provisions
> and requirements of Section 365 and 1123 of the Bankruptcy Code
> as of the Effective Date, unless such executory contracts or
> unexpired leases (i) shall have been previously rejected by the
> Debtors by Final Order of the Bankruptcy Court, (ii) shall be the
> subject of a motion to reject, or that otherwise authorizes rejection,
> filed on or before the Modification Approval Date, (iii) shall be
> rejected or assumed pursuant to a motion to sell or transfer
> property or assets filed by the Debtors prior to the Effective Date,
> (iv) shall have expired or terminated on or prior to the Effective
> Date (and not otherwise extended) pursuant to their own terms, (v)
> are listed on the schedule of rejected contracts attached hereto as
> Exhibit 8.1(a)-Rejected Contracts, or (vi) are otherwise rejected
> pursuant to the terms of this Plan and/or upon the direction of
> either Buyer pursuant to the Master Disposition Agreement.

Amended Plan at Section 8.1(a), p. 46.

12.     The Supply Agreement was in effect on the Effective Date and was neither
assumed nor rejected by the Debtors until it was assumed pursuant to the Amended Plan.
None of the other exceptions contained in Section 8.1 of the Amended Plan apply to the
Supply Agreement.

13.     Subsequent to the Effective Date, Victory received "cure and assumption"
payments from the Debtors, pursuant to Section 365, with regard to the Supply
Agreement. *See* Declaration of Leah Borrello in Opposition to Reorganized Debtors'
Motion for Leave to File Amended Complaints, executed on the 23rd day of November,
2010 ( the "Borrello Decl."), at ¶ 7.

14.     Almost 2 ½ years after the filing of the Complaint and the expiration of
the § 546(a) limitations period, and months after notifying Victory in writing that they
had assumed the Supply Agreement, the Complaint was unsealed by the Debtors.

15.    Following Victory's receipt of the Complaint, Victory filed its motion to dismiss the Complaint (the "Motion to Dismiss")(Adv. Docket No. 20),[1] on the grounds that, among other things: (a) the Complaint was barred by the two-year limitations period imposed by 11 U.S.C. § 546(a); (b) the Debtors failed to adequately plead a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b); (c) the relief sought in the Complaint was barred by the doctrines of laches, judicial estoppel, and *res judicata*; and (d) the concealment of the Complaint and the delay in service unduly prejudiced Victory and violated basic legal rights, including due process.

16.    In response to the Motion to Dismiss, the Court dismissed the Complaint "without prejudice because the Debtors have failed to plead sufficient facts to state a claim, and have not complied with Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure." Dismissal Order at ¶ 4. The Dismissal Order allows the Debtors to

> file a motion for leave to amend the complaint in each Adversary Proceeding the Reorganized Debtors intend to pursue (each, a "Motion to Amend"). Each Motion to Amend shall attach a proposed amended complaint, that for each alleged transfer shall set forth, at a minimum, the transferor, the transferee, any known subsequent transferee against whom relief is sought, the antecedent debt and which Reorganized Debtor is the plaintiff.

Dismissal Order at ¶ 4.

17.    On or about September 7, 2010, the Debtors filed their Motion to Amend in this Adversary Proceeding and attached the proposed Amended Complaint. Despite the minimum pleading standards set forth in the Dismissal Order, the proposed Amended

---

[1]    Victory adopts and incorporates by reference the arguments set forth in the Motion to Dismiss, the Declaration of Benjamin Samuels (Adv. Docket No. 21), and Victory's Joinder (Adv. Docket No. 28) as if fully set forth herein.

Complaint fails on its face to state a claim upon which relief may be granted under the Dismissal Order, itself, and under the Rules.

## ARGUMENT

### APPLICABLE LEGAL STANDARD

18.     Although Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave to amend a complaint should only be granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *In re Alcon Shareholder Litigation*, No. 10 Civ. 0139, 2010 WL 2835756 at *1 (S.D.N.Y. July 2, 2010)(denying motion to amend as futile)(internal quotations and citations omitted).  *See also Mackensworth v. S.S. Am. Merchant,* 28 F.3d 246, 251 (2d Cir. 1994)(denying amendment as futile where claims were barred by statute of limitations); *Health-Chem Corp. v. Leon C. Baker*, 915 F.2d 805, 810 (2d Cir. 1990)(dismissing complaint on summary judgment and denying motion to amend because there was no merit to the proposed amendments).

19.     The proposed Amended Complaint fails on the bases of undue delay, undue prejudice, bad faith, failure to cure deficiencies after being afforded the opportunity to amend and futility.

20.     Although the Debtors had almost three years from the filing of the Complaint to the time when it was unsealed and served to amend to state a claim upon which relief could be granted, they failed to do so.  Now, in the aftermath of the

Dismissal Order the Debtors come to this Court with a proposed Amended Complaint that is more confusing and less well plead than the original Complaint. This repeated failure by the Debtors to meet the minimal pleading standards mandated by the Rules constitutes undue delay and bad faith, especially as the Dismissal Order provides instruction to the Debtors concerning their minimal pleading obligations.

21.    Permitting the Debtors to amend the Complaint would be a futile act. Amendment is futile when a proposed amended complaint would not survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *In re Nokia Oyj Securities Litigation*, 423 F.Supp.2d 364, 410 (S.D.N.Y. 2006)(denying motion to amend where plaintiff failed to show how any further changes to the complaint could cure the deficiencies currently present in the complaint); *see also Manley v. Mazzuca*, No. 01 Civ. 5178, 2007 WL 4233013 at *3 (S.D.N.Y. Nov. 30, 2007)(motion to amend denied because proposed amendment would not withstand a motion to dismiss under Rule 12(b)(6)). Here, the Supply Agreement has been assumed under Sections 365 and 1123 of the Bankruptcy Code and there can be no voidable preference to recover from Victory.

## POINT I

### THE AMENDED COMPLAINT FAILS TO PLEAD
### SUFFICIENT FACTS TO STATE A CLAIM UNDER
### THE MANDATE OF THE DISMISSAL ORDER AND THE RULES

#### A.    The Amended Complaint Does Not Satisfy the Minimum Pleading Requirements Mandated by the Dismissal Order

22.    The Dismissal Order requires that a proposed amended complaint set forth, for <u>each</u> alleged transfer, at a minimum, the "antecedent debt," "the transferor, the transferee, any known subsequent transferee against whom relief is sought, … and which Reorganized Debtor is the plaintiff." Dismissal Order at ¶ 4. The Debtors have utterly

failed to comply with the minimum requirements of the Dismissal Order, other than to identify "which Reorganized Debtor is the plaintiff" by naming DAS as the plaintiff.

### 1. DAS Failed to Plead Facts Related to the Antecedent Debt

23.    Pursuant to 11 U.S.C.§ 547(b)(2), the transfer at issue must have been "for or on account of an antecedent debt owed by the debtor before such transfer was made." This provision requires the plaintiff in a preference action to allege facts to support a contention that: (1) the transfer was in connection with a debt, *see In re Hydrogen L.L.C.*, 431 B.R. 337, 355 (Bankr. S.D.N.Y. 2010); (2) which was owed by the debtor, *see e.g., Chemical Bank v. Dana*, 234 B.R. 585, 596 (D. Conn. 1999); and (3) which was antecedent (incurred before) the transfer, *see In re Dorholt, Inc.* 224 F.3d 871, 873 (8th Cir. 2000). In the proposed Amended Complaint, the Debtors fail to allege any such facts. Instead, the Debtors seek to rely upon <u>400 pages</u> of essentially meaningless data that it chose to attach as a schedule to the Amended Complaint. Thus, the Amended Complaint must be dismissed for the same reasons that the Complaint was dismissed.

24.    The Amended Complaint fails to allege any facts that would indicate that the transfers made to Victory were made on account of an antecedent debt. In fact, the only allegation concerning the existence of such debt is found in paragraph 23 of the proposed Amended Complaint that provides:

> Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendant as of the date on which each Transfer was made. The documents evidencing the antecedent debt include the purchase orders and/or invoice/bills of lading identified on Exhibit 1, which purchase orders and/or invoices/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject goods contemplated by the Agreements were ordered

pursuant to the Agreements and/or were provided by
Defendant.

Amended Complaint at ¶ 23.

25.    The reference in paragraph 23 of the proposed Amended Complaint is to
one column of Exhibit 1 labeled by the Debtors as "Antecedent Debt: Purchase
Order/Invoice Number." Thus, Victory and this Court are left to wonder what these
numbers represent -- purchase orders, invoices *or* bills of lading. The information
presented by the Debtors, without more is meaningless.

26.    First, many of the purchase order and/or invoice/bill of lading numbers
scheduled by the Debtors do not correspond with numbers used by Victory and the
Debtors to conduct their business. *See* Borrello Decl. at ¶ 4(b).

27.    Second, other than the conclusory allegation in paragraph 23 of the
proposed Amended Complaint that the transfers were made "for, or on account of an
antecedent debt," DAS fails to plead any facts whatsoever related to when the alleged
debt or debts were incurred and whether such debts arose prior to the transfers now
sought to be avoided. Specifically, DAS, in bad faith, fails to provide useful payment
information or the line item detail indicating what item(s) one of the Debtors, in fact, was
paying for with an alleged transfer or transfers. Furthermore, there are several pages of
alleged transfers where the Debtors fail to identify the "transfer type" as either check or
electronic fund transfer.    Borrello Decl. at      ¶ 4(c). Without this indispensible
information, Victory is in the position of having to defend itself against the unknown.

28.    Additionally, at least three of the purported preferential transfers, listed on
Exhibit 1 to the proposed Amended Complaint are blank in the column labeled
"Antecedent Debt: Purchase Order/Invoice Number." Borrello Decl. at ¶ 4(d). Clearly,

DAS did not even try to comply with the Dismissal Order with regard to such alleged transfers. Such willful disregard of the Dismissal Order rises to the level of bad faith. The fact that two of these transfers represent some of the largest dollar amounts DAS seeks to avoid by the Amended Complaint – $1,276,000 and $4,955,750.00 – further illustrates the Debtors' bad faith, as the Debtors have increased the amount of their demand in this Adversary Proceeding by such dollar amounts without providing any explanation for such increase.

29.    Moreover, the Debtors contradict themselves by first alleging that DAS is Victory's account debtor/obligor with respect to every transaction in the column entitled " Obligor and Transferring Entity" and then listing four contracting entities under the column entitled "Contracting Entity/Entities," without specifying which of the four entities actually purchased goods from Victory and is making a claim against Victory. Without an allegation tying each transfer to an identified account debtor/obligor entity, the proposed Amended Complaint utterly fails with regard to identifying antecedent debt.

30.    The conclusory assertions relied upon by DAS in the proposed Amended Complaint with regard to the antecedent debt fail to comply with the letter and spirit of the Dismissal Order. Accordingly, the Motion to Amend should be denied and this Adversary Proceeding dismissed with prejudice.

### 2.    DAS Failed to Identify the Transferor, Transferee and Any Known Subsequent Transferees

31.    Each line item on Exhibit 1 to the proposed Amended Complaint lists DAS as the "Obligor and Transferring Entity." However, under the "Contracting Entity/Entities" column of such Exhibit, DAS simply lists four "Contracting Entities" - (a) DAS LLC; (b) Mechatronic; (c) Diesel Systems; and (d) Medical Texas. Either the

Debtors are unsure as to which "Contracting Entity" was the actual account debtor/obligor of Victory with respect to each line item or the Debtors were unwilling to expend the effort to reasonably inquire as to this critical underlying fact.

32.    The failure by DAS to distinguish among the "Contracting Entities" for each line item on Exhibit 1 is fatal, since the Dismissal Order indisputably required the Debtors to identify the initial transferee for each transfer. As set forth above, DAS performed accounting and payment functions for many of the Debtors. Therefore, where the "Contracting Entity" was any entity other than DAS, it appears that DAS would have been the initial transferee for the transfers from such entities, and Victory and similarly situated parties, the subsequent transferee. *See generally* 11 U.S.C. § 550(a). However, despite what should be DAS' clear knowledge of its own payment system, DAS fails to provide any facts in the proposed Amended Complaint setting forth whether DAS was the initial transferee of an alleged preferential transfer or if Victory was the initial transferee. The failure by DAS to plead in the Amended Complaint which parties were the transferors, the transferees and the initial and subsequent transferees is a direct violation of the mandate contained in the Dismissal Order. As a result of the over-inclusive list of "Contracting Entities" provided by DAS, Victory is incapable of determining whether it was the initial or subsequent transferee of any transfers alleged on Exhibit 1 to the proposed Amended Complaint. Furthermore, as discussed *supra*, by including the list of "Contracting Entities," DAS fails to identify which owed Victory the alleged antecedent debt.

**B.    The Amended Complaint Fails to Comply with the Rules**

33.    Not only does the proposed Amended Complaint fail to comply with the

mandate contained in the Dismissal Order, it also fails to satisfy the requirements of the Rules.   Moreover, the proposed Amended Complaint is replete with conclusory statements and particularly devoid of factual allegations to which Victory can be expected to respond.   If anything, the proposed Amended Complaint is more confusing than the Complaint.   To add insult to injury, the Amended Complaint seeks to recover approximately $6.2 million more from Victory than the original Complaint and the Motion to Amend makes no effort to explain or substantiate the increased demand. Borrello Decl. at ¶ 5.

34.   Notwithstanding the mandate of the Dismissal Order, the Amended Complaint fails to include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ____U.S. ___, 129 S. Ct. 1937, 1940 (2009)(citation and quotation marks omitted).   Fed. R. Civ. P. 8(a)(2), made applicable through Fed. R. Bankr. P. 7008, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests*." Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted).   However, "[w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

35.   Here, the proposed Amended Complaint is a mere recitation of the preference statute.   The Debtors fail to plead facts supporting the elements of a preference claim under Section 547(b), including, as discussed *supra*, facts as to the existence of an antecedent debt, the identity of Victory's account debtor/obligor, as well

as, identifying the transferors, the initial transferees and the subsequent transferees. The Supreme Court recently affirmed that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1950. Courts applying *Iqbal* have dismissed similar conclusory allegations in connection with preference actions *See Feltman v. Keybank (In re Levitt and Sons, L.L.C.)*, No. 07-19845, 2010 WL 1539878, (Bankr. S.D. Fla. April 16, 2010); *Angell v. BER Care, Inc. (In re Caremerica)*, 409 B.R. 737 (Bankr. E.D.N.C. 2009); *Angell v. Haveri (In re Caremerica, Inc.)*, 409 B.R. 346 (Bankr. E.D.N.C. 2009); *Angell v. Burrell (In re Caremerica)*, 409 B.R. 759 (E.D.N.C. 2009).

36.    Additionally, by pleading four contracting entities as the account debtor for each transfer, DAS has put Victory in the position of disproving the presumed solvency of four distinct entities. Such pleading does not comply with the standards set forth in *Iqbal and Twombly*, and in the Rules.

37.    As with the original Complaint, the failure to plead facts in the proposed Amended Complaint is unduly prejudicial to Victory by denying it the opportunity to respond and raise defenses. Essentially, DAS is leaving Victory to guess why it is being sued and for what transactions. Clearly, this is not what the Supreme Court in *Iqbal and Twombly* had in mind. Consequently, the Motion to Amend should be denied and this Adversary Proceeding dismissed with prejudice.

## POINT II

### AMENDMENT OF THE COMPLAINT WOULD BE FUTILE AS PAYMENTS MADE UNDER AN ASSUMED AGREEMENT CANNOT BE AVOIDED

38.    Courts have held, based on several theories, that a debtor can not pursue a preference action against a nondebtor party to an executory contract or unexpired lease if

the debtor has assumed such executory contract or unexpired lease. *See, e.g.*, *Kimmelman v. Port Authority of New York and New Jersey (In re Kiwi Int'l Air Lines, Inc.)*, 344 F. 3d 311, (3d Cir. 2003); *In re Superior Toy & Mfg. Co., Inc.*, 78 F. 3d 1169, (7th Cir. 1996); *Alvarado v. Walsh (In re LCO Enters.)*, 12 F.3d 938, (9th Cir. 1993); *In re Virtual Network Servs. Corp.*, 97 B.R. 433, 435 (Bankr. N.D. Ill. 1989); *cf. Seidle v. GATX Leasing Corp.*, 778 F.2d 659, 665 (11th Cir. 1985) (trustee cannot use Section 547 of the Bankruptcy Code to recover pre-petition contract payments for equipment when the debtor had invoked its rights under Section 1110 of the Bankruptcy Code to retain possession of the equipment by curing past defaults and keeping payments current). This Court has agreed, and it has stated that if a contract has been assumed there can be no voidable preference as to payments made thereunder. *See* July 22, 2010 Hrg. Transcript at pages 213-216, attached hereto as **Exhibit D**, referencing this Court's decision in *In re Coudert Brothers LLP*, 2009 WL 2868722 (Bankr. S.D.N.Y. 2009).

39.      The Supply Agreement was in effect on the Effective Date, and none of the exceptions set forth in Article 8.1(a) of the Amended Plan apply to the Supply Agreement. The Debtors cannot deny that the Supply Agreement has been assumed, having notified Victory of such in connection with the payment of cure amounts.[2]

40.      All of the allegedly preferential transfers the Debtors seek to avoid were made pursuant to the Supply Agreement. Since payments on account of an assumed contract cannot be avoided, amendment of the Complaint would be futile as to all of the allegedly preferential transfers made to Victory. The Motion to Amend should be denied

---

[2]      Moreover, counsel for Victory informed Debtors' counsel at the hearing on the First Wave Dismissal Motions that the Supply Agreement had been assumed. Nevertheless, the Debtors have proposed the Amended Complaint. Victory reserves all of its rights under Rule 11 of the Federal Rules of Civil Procedure to seek sanctions against the Debtors in connection with such action.

and this Adversary Proceeding dismissed with prejudice.

## POINT III

### TRANSFERS NOT ASSERTED IN THE ORIGINAL
### COMPLAINT ARE TIME BARRED

41.    As set forth above, the demand in the Complaint was for $18,976,208.58.
Now, without any explanation or substantiation, the proposed Amended Complaint
increases the Debtors' demand by the sum of $6,195,533.09, for a total demand of
$25,171,741.67.   In addition to being unexplained and unsubstantiated, any claim for
such additional amounts is time barred.

42.    Section 546(a) of the Bankruptcy Code states:

> An action or proceeding under section 544, 545, 547, 548, or 553
> of this title may not be commenced after the earlier of (1) the later
> of - (A) 2 years after the entry of the order for relief, or (B)
> 1 year after the appointment or election of the first
> trustee under section 702, 1104, 1163, 1202, or 1302 of
> this title if such appointment or such election occurs before
> the expiration of the period specified in subparagraph (A);
> or (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).   The deadline for commencing an action to avoid an alleged
preference ran on or before October 14, 2007.   Therefore, in consideration of the filing
deadline, the additional amounts demanded in the proposed Amended Complaint are time
barred and must be dismissed.

43.    Furthermore, no argument can be made pursuant to Fed. R. Civ. P. 15(c)
and Fed. R. Bankr. P. 7015(c) that these additional transfers and amounts "relate back" to
those set forth in the Complaint.

44.    Although Fed. R. Civ. P. 15(a) and Fed. R. Bankr. P. 7015(a) provide that
leave to amend should be freely granted, "an amendment should be denied where the

additional claims sought to be asserted would be barred by the statute of limitations unless the amendment relates back under Rule 15(c) …. The moving party who asserts the relation back bears the burden of proof." *In re 360Networks (USA) Inc.,* 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007). In determining whether a proposed amendment relates back to the original complaint, "[t]he primary consideration … is whether the Complaint put the defendant on notice that additional transfers may be pursued at a later date." *Id.* Where "the facts in the original pleading do not provide defendant with notice of the facts out of which the time-barred claim arises … relation back is inappropriate." *Id.* at 433-34 (quotations and internal citations omitted).

45.    The United States Bankruptcy Court for the Southern District of New York addressed the relation back issue in *360Networks*. There, the plaintiff filed a complaint seeking to avoid alleged preferential transfers of "at least $17,330,644.54." *Id.* at 431. Following the expiration of the statute of limitations, the plaintiff moved for leave to amend its complaint to add $12 million in transfers and a ruling that the claims asserted in the proposed amended complaint related back to the filing of the original complaint. In determining that the "added" transfers did <u>not</u> relate back to the original complaint, the court examined the original complaint to determine whether it put the defendant on notice that the plaintiff may attempt to avoid additional transfers. The court made two observations in its analysis. First, the court noted that the original pleading alleged only that "[o]n or within ninety (90) days before the Petition Date, *360* made preferential transfers to … [defendant] in the aggregate sum of $17,330,644.54 ...." *Id.* at 434 (internal quotations omitted). In fact, the exhibit to the complaint listed specific transfers and failed to provide "any information from which the Defendant … [could]

glean that the Debtor intended to challenge additional transfers." *Id.*

46.    Second, the court found -

> the mere fact that all of these transactions … [were] potentially preferential transfers … [was] of no consequence to a Rule 15(c) analysis.    In the context of preference actions, each potential preferential transfer is a <u>separate and distinct</u> transaction: a preference action based on one transfer does not put [a] defendant on notice of claims with respect to any other unidentified transfers.

*Id.* (emphasis added).   *See also MBC Greenhouse, Co. v. CTC Direct, Inc.*, 307 B.R. 787,

793 (Bankr. D. Del. 2004)(finding the allegations in the original complaint did not put the

defendant on notice that plaintiff intended to avoid all transfers made within 90 days prior

to the petition date); *see generally Slaughter Co. and Assoc., Inc. v. Slaughter*, 242 B.R.

97 (Bankr. N.D. Ga. 1999); *Austin Driveway Serv., Inc. v. O&G Ind., Inc.,* 179 B.R. 390

(Bankr. D. Conn. 1995).

47.    As a result, the *360Network's* court denied plaintiff's motion to amend and

found that relation back was not appropriate because the defendant was not put on notice

that additional transfers may be pursued at a later date.  *In re 360Networks*, 367 B.R. at

434.

48.    The facts herein are virtually identical to the facts in *360 Networks*.   The

plaintiff in both cases initially demanded a fixed sum and sought to amend and seek a

greater sum.  Just as in *360Networks*, the Debtors failed in the Complaint to put Victory

on notice of the "separate and distinct transactions" that DAS is trying to add in the

proposed Amended Complaint.

49.    DAS alleges nothing to support a contention that the additional transfers

should relate back to the Complaint and not be time barred by the statute of limitations.

Instead, DAS merely attaches 400 pages of meaningless data failing even to identify

which of the transfers appeared in the Complaint and which are newly asserted in the proposed Amended Complaint. As with the complaint in *360 Networks,* the Complaint filed by the Debtors contains separate and distinct transactions which were identified by the Debtors only by reference to Exhibit 1 to the Complaint, which listed 114 transfers and totaled only 4 pages. Therefore, the Complaint failed to put Victory on notice that the Debtors intended to avoid other transfers made within the 90 days preceding the Petition Date. Thus, at a minimum, the additional $6,195,533.09 in transfers DAS seeks to avoid in the Amended Complaint should be deemed barred by the statute of limitations.

**POINT IV**

**NO FURTHER AMENDMENTS SHOULD BE PERMITTED**

50. In the interest of justice, the Debtors should not be permitted to further amend the Complaint or proposed Amended Complaint. The Debtors have known about the claims asserted in this Adversary Proceeding for over 5 years and have known about the actual proceeding since September 2007, when the Complaint was filed under seal. Victory, however, has been forced to defend this action after years of being expressly told by the Debtors, in writing, that the Supply Agreement had been assumed. Borrello Decl. at ¶ 7. Based on the foregoing, Victory had no reason to believe it could be subjected to preference litigation and, as a matter of law, it should not be subjected to a preference action.

51. The Debtors had over 5 years to investigate its preference claims and draft a complaint that, at a minimum, satisfies the Rules. However, the Debtors willfully chose not to do so and instead relied upon a complaint so devoid of any facts that the Court had

18

no choice but to dismiss it.  Now, having generously been given an opportunity to amend, the Debtors have chosen not only to flout the Rules a second time, but also to ignore the threshold pleading requirements mandated by the Dismissal Order.

52.     The language of the Dismissal Order overwhelmingly indicates that it was not the Court's intention to allow the Debtors multiple opportunities to amend.  This conclusion is supported by the structure of the Dismissal Order, as it not only sets a deadline for the filing of motions to amend, but also articulates minimum pleading requirements for any proposed amended complaint.  Despite the obvious intent of the Dismissal Order, the Debtors decided to file yet another pleading that fails to state a claim under the Rules.

53.     To permit the Debtors to amend their pleading yet again would violate both the letter and the spirit of the Dismissal Order and be unduly prejudicial to Victory. The Debtors bear the burden of adequately pleading their preference claims.  Victory, and the other defendants, should not be in the position of having to highlight the deficiencies in the Debtors' pleadings only for the Debtors to have a third opportunity to get it right. Accordingly, the Motion to Amend should be denied and this Adversary Proceeding dismissed with prejudice.

## CONCLUSION

54.     The Amended Complaint, as the Debtors have chosen to draft it, evidences the Debtors' blatant disregard for the instructions they received from this Court in the Dismissal Order and the Rules.  Victory has already been prejudiced by the concealment of the Complaint, the delay in service of the Complaint for two and one-half years and the cost of responding first to the Complaint and now to the Motion to Amend.  Victory

should not be required to defend against an Amended Complaint that was submitted in bad faith and that is so devoid of facts relating to the antecedent debt, transferor, transferee and subsequent transferee that Victory can not properly respond to it. The Debtors' failures should not be rewarded, as they are wilfull and unduly prejudicial. Furthermore, to the extent the Debtors seek to avoid additional transfers beyond those asserted in the initial Complaint, such transfers do not relate back to the original Complaint and are time barred. Finally, in the event the Debtors request leave to further amend the Complaint or the Amended Complaint, such request should be denied in accordance with the Dismissal Order.

## MEMORANDUM OF LAW

55.     The legal points and authorities upon which this objection relies are incorporated herein. Therefore, Victory respectfully requests that the requirement of filing a separate memorandum of law under Local Rule 9013-1(b) be deemed satisfied.

## INCORPORATION OF OTHER DEFENDANTS' BRIEFS

56.     Victory incorporates all of the other meritorious arguments raised by the other preference defendants in opposition to Delphi's motions for leave to amend with regard to them.

57.     WHEREFORE, Victory respectfully requests an order: (a) denying the Motion to Amend (i) as the proposed Amended Complaint fails to plead sufficient facts to a state claim for relief consistent with the mandate of the Dismissal Order and the Rules, (ii) as permitting Delphi to proceed with the Amended Complaint would be a futile exercise since Delphi has assumed its Supply Agreement (as defined herein) with Victory, and (iii) as permitting Delphi to proceed with the Amended Complaint would be unduly prejudicial since Delphi advised Victory in writing of the assumption of the Supply Agreement and paid cure amounts to Victory shortly after the Effective Date and Victory relied thereon; (b) finding that the additional transfers alleged in the Amended Complaint are barred by the statute of limitations; (c) dismissing this Adversary Proceeding with prejudice; and (d) for such other and further relief as the Court deems proper.

Dated: New York, New York
        November 23, 2010               Respectfully submitted,

                                        THOMPSON & KNIGHT LLP

                                        */s/ Ira L. Herman*
                                        Ira L. Herman
                                        Jennifer A. Christian
                                        Gabrielle E. Farina

                                        900 Third Avenue, 20th Floor
                                        New York, New York 10022
                                        Tel: (212) 751-3001
                                        Fax: (212) 751-3113

                                        Attorneys for Defendant Victory Packaging LP