UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                            :
                                                  :   Case No. 05-44481 (RDD)
DPH HOLDINGS CORP., *et al.*,                     :   (Jointly Administered)
                                                  :   Chapter 11
------------------------------------------------------x
DELPHI AUTOMOTIVE                                 :
SYSTEMS, LLC,                                     :
                                                  :
                    Plaintiff,                    :
                                                  :   Adv. No. 07-02551 (RDD)
         -against-                                :
                                                  :
VICTORY PACKAGING LP,                             :
                                                  :
                    Defendant.                    :
------------------------------------------------------x

## DECLARATION OF LEAH BORRELLO IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

LEAH BORRELLO, under penalty of perjury, declares:

1. I am the Chief Financial Officer of Victory Packaging, LP ("Victory"). I make this declaration in opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints.

2. Victory is in the business of selling packaging materials, including corrugated ("Packaging Materials"). Pursuant to a Packaging Commodity Management Agreement, dated as of December 19, 2003 (as subsequently modified, the "Supply Agreement"), Victory sold Packaging Materials to the above-captioned debtors (the "Debtors") both before and during the pendency of their cases.

3. The Debtors seek to avoid transfers made to Victory pursuant to the Supply Agreement and rely upon a 400 page document attached to the proposed

Amended Complaint (the "Attachment") to provide Victory with information that would permit it to respond to the Amended Complaint.

4.   I personally reviewed the information on the Attachment and have concluded that:

(a) The Attachment fails to identify the Victory customer involved in each transaction so that it is impossible to determine which of the entities listed under the heading "Contracting Entity/Entities" was Victory's account debtor. In any event, the information in this column of the Attachment is inconsistent with the information in the column entitled "Obligor and Transferring Entity," which lists DAS as the sole obligor and transferring entity. Thus, it is impossible to respond to an allegation of the existence of an antecedent debt or to an allegation of the insolvency of the transferor;

(b) Many of the line items listed in the column entitled "Antecedent Debt: Purchase Order/Invoice Number" do not correspond to invoice numbers or any other information generated by Victory or presently available to Victory. Additionally, there are blanks in this column for some of the alleged transfers. As a result, it will be virtually impossible for me to cross reference the information provided by the Debtors with Victory's records to identify the items listed on the Attachment;

(c) The Debtors have provided neither check numbers nor wire transfer information with regard to the items listed in the column entitled "Antecedent Debt: Purchase Order/Invoice Number." Furthermore, there are several pages of alleged transfers where the Debtors have left blanks in the "Transfer Type"

2

column, and, therefore, do not indicate whether such transfers were by check or wire. Without check numbers or wire transfer information, it will be virtually impossible for me to reconcile Victory's records with such data. As best I can determine, (i) multiple Victory invoices were partially paid by Delphi using multiple checks or wire transfers, and (ii) a single check or wire transfer was used by Delphi to pay multiple Victory invoices; and

(d) There are several invoices listed with no purchase order numbers and no remittance information other than date. Clearly, Victory cannot identify such payments.

5. I am totally perplexed by the inclusion of the final two items listed on the Attachment as transfers, in the aggregate sum of $6,231,750, dated December 7, 2005. The basis for these newly minted items is a mystery to me as Victory's December 2005 bank statements do not reflect receipt of these amounts any time that month.

6. Without, at a minimum, remittance information such as, check dates, check numbers, wire transfer information, invoice/shipment date, and the line item detail indicating which shipment Delphi was paying for with which alleged transfer, Victory is unable to determine what the 400 pages of the Attachment means.

7. Counsel has advised that the Debtors have assumed the Supply Agreement pursuant to the Debtors First Amended Joint Plan of Reorganization (the "Plan"), as confirmed by Victory's receipt of cure payments issued by Mechatronics, one of the "Contracting Entities" listed on the 400 page document of transfers, and from "Contracting Entity" and/or "Obligor and Transferring Entity" DAS, LLC. Attached hereto as **Exhibit A** is an example of such remittance advice.

3

8.  Victory has continued doing business with New Delphi Automotive Systems 1, LLC, New Delphi Medical Systems 1, LLC and New Delphi Connection System 1, LLC in reliance on the assumption of the Supply Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 23, 2010

*/s/ Leah Borrello*
Leah Borrello

4