HOWICK, WESTFALL, McBRYAN & KAPLAN, LLP
3101 Tower Creek Parkway
Suite 600, One Tower Creek
Atlanta, Georgia 30339
Telephone:    (678) 384-7000
Facsimile:    (678) 384-7034
Louis G. McBryan (LG 1352) (pro hac vice)
Attorneys for Vanguard Distributors, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | |
| | : | |
| DELPHI CORPORATION, et al. | : | Chapter 11 |
| | : | |
| Debtors. | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | |
| | : | (Jointly Administered) |

**JOINDER OF VANGUARD DISTRIBUTORS, INC. TO MOTIONS FOR RELIEF**
**FROM FOURTH ORDER EXTENDING TIME TO SERVE COMPLAINT**

Vanguard Distributors, Inc., Defendant in the above-captioned adversary

proceeding, joins and adopts the motions of ATS Automation Tooling Systems Inc.

(Docket No. 20699), Doshi Prettl International (Docket No. 20701), the Timken

Company and the Timken Corporation (Docket No. 20719) and all other motions (the

"Motions") filed by defendants in avoidance actions filed in the above-captioned

bankruptcy proceedings.  In the interest of judicial efficiency, Defendant will not reiterate

all the arguments which have already been made in the Motions.

However, Defendant seeks relief from the erroneously entered Fourth Extension

Order pursuant to Fed. R. Civ. P. 60(b)(1) which provides that:

> "On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect[.']"

Motions seeking relief under Rule 60(b)(1) must be made "no more than a year after

entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).[1]

Defendant's Motion is timely because this Motion is filed within one year of the time it

discovered the entry of the Order. A motion under Rule 60(b) is addressed to the sound

discretion of the court. *Velez v. Vassallo,* 203 F. Supp. 2d 312, 333 (D.D.N.Y. 2002).

Rule 60(b) provides an opportunity for courts to balance fairness considerations in a case

against the policy favoring the finality of judgments. *Kotlicky v. United States Fidelity*

*Guar. Co.,* 817 F. 2d 6, 9 (2d Cir. 1987).

This court has authority to revoke a previously granted Rule 4(m) extension

where the court determines that such extension was inappropriate:

> [Rule 4(m)] does not address the authority of a district court that has granted an
> extension to revoke it if it subsequently determines that good cause has not been
> shown. We discern no reason why a district court should not be able to do so… If
> a district court concludes that good cause had not been shown, it is within its
> diecretion to vacate its prior extension of time for effecting service that was based
> upon that erroneous foundation .
>
> *McCrae v. KLLM Inc.*, 89 Fed. Appx. 361,363 (3d Cir.2004).

---

[1] Defendant was not served with the October 22, 2009 Order on the Fourth Extension Order and did not
discover it had been entered until it was served with the Complaint in this adversary proceeding in March
of 2010.

Vanguard joins with other Defendants and requests that this Court vacate or set aside the Fourth Order Extending Time to Serve Complaint and dismiss the Complaint against Vanguard with prejudice.

Dated: Atlanta, Georgia
      November 24, 2010

                        Respectfully submitted,

                        HOWICK, WESTFALL, McBRYAN
                        & KAPLAN, LLP

                        By: s/ Louis G. McBryan
                            Louis G. McBryan

                        Suite 600, One Tower Creek
                        3101 Towercreek Parkway
                        Atlanta, Georgia 30339