# EXHIBIT "A"

**JAECKLE FLEISCHMANN & MUGEL, LLP**
12 Fountain Plaza, Suite 800
Buffalo, New York 14202
Tel: 716.856.0600
Fax: 716.856.0432
Beverley S. Braun, Esq. (admitted *pro hac vice*)
bbraun@jaeckle.com

*Attorneys for Jamestown Container Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | ) | No. 05-44481 (RDD) |
| Debtors. | ) | Jointly Administered |
| DELPHI CORPORATION, *et al.*, | ) | |
| Plaintiffs, | ) | |
| -against- | ) | Adv. Pro. No. 07-02322 |
| JAMESTOWN CONTAINER CORP., | ) | |
| Defendant. | ) | |

### DECLARATION OF RICHARD WEIMER

Richard Weimer declares as follows:

1.   I am the Controller of Jamestown Container Corporation (hereinafter "Jamestown Container").

2.   I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained therein.

3.  Until May 2010, Jamestown Container had no notice that Delphi Corporation and its affiliates or successors (hereinafter collectively "Delphi") was going to sue Jamestown Container to recover over $1.45 million for allegedly preferential payments. Further, Jamestown Container had no notice in 2007, 2008 or 2009 that Delphi was seeking and obtaining authority to file and keep complaints under seal and to extend the time for service of the complaints long past the running of the statute of limitations.

4.  I have been unable to locate any records which indicate the Jamestown Container was ever served with the initial complaint in this action, let alone that the complaint when it was supposed to be served, included the Order Pursuant to Fed. R. Bankr. P. 7004(a) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedures Order dated October 22, 2009 (Docket 18999).

5.  In fact, Jamestown Container first learned of this adversary proceeding when I was advised by another company that Jamestown Container had been sued in connection with the Delphi Bankruptcy. That notification by a non-party occurred on or about May 6, 2010.

6.  On December 31, 2006, the contract between Delphi and Jamestown Container expired by its terms, and Delphi ceased doing business with Jamestown Container. From that date until May 6, 2010, Jamestown Container experienced several internal restructurings or reorganizations. Included in these reorganizations, was the loss of key personnel who had actively worked with the Delphi account.

7.  After the contract expired between Delphi and Jamestown Container, Jamestown Container took no special steps to organize and preserve its records with respect to Delphi, to hold exit interviews with the employees which left who were knowledgeable about the Delphi business relationship or to make arrangements to keep in touch with those employees in the

event that Jamestown Container would need them to provide litigation information or serve as witnesses.

8. Had Jamestown Container known that Delphi was suing it for over $1.47 million in the aggregate, it could have and would have taken special steps to organize and preserve its records with respect to Delphi, hold exit interviews with the employees which left who were knowledgeable about the Delphi business relationship or to make arrangements to keep in touch with those employees in the event that Jamestown Container would need them to provide litigation information or serve as witnesses.

9. Jamestown Container has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge of the complaint against it.

10. I make this Declaration under penalty of perjury.

_____
Richard Weimer

Executed in Jamestown, New York
On November 23, 2010