05-44481-rdd    Doc 20877    Filed 11/24/10    Entered 11/24/10 10:43:07    Main Document
Pg 1 of 6

| | |
|---|---|
| Leslie A. Berkoff, Esq.<br>MORITT HOCK HAMROFF & HOROWITZ LLP<br>400 Garden City Plaza<br>Garden City, NY 11530<br>(516) 873-2000; (516) 873-2010<br>lberkoff@moritthock.com<br>*Local Counsel for Verizon Business* | **Telephone Conference Date: December 17, 2010**<br>**Telephone Conference Time: 2:30 p.m.**<br>Hearing Date: February 17, 2011<br>Hearing Time: 10:00 a.m. |

and

Darrell W. Clark, *Pro Hac Vice* (DC-3549)
STINSON MORRISON HECKER LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036-3816
(202) 785-9100; (202) 785-9163
E-mail: dclark@stinson.com
*Counsel for Verizon Business*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
In re                                                         :     Chapter 11
                                                              :
DPH HOLDINGS CORP.*, et al.*,                                 :     Case No. 05-44481 (RDD)
                                                              :
       Reorganized Debtors.                                   :
-------------------------------------------------------------x
                                                              :
DELPHI CORPORATION, *et al.*,                                 :
                                                              :
   Plaintiffs,                                              :     Adv. Proc. No. 07-02185 (RDD)
                                                              :
v.                                                            :
                                                              :
DIGEX, INC. n/k/a Verizon Business,                           :
                                                              :
   Defendant.                                               :
-------------------------------------------------------------x

### RESPONSE OF VERIZON BUSINESS
### NETWORK SERVICES INC. TO REORGANIZED
### DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

     COMES NOW Verizon Business Network Services Inc., on behalf of MCI

Communications Services, Inc. d/b/a Verizon Business Services, formerly Digex, Inc., defendant

in the above-captioned adversary proceeding ("Verizon Business"), by and through its

undersigned counsel, and files its response ("Response") to the Reorganized Debtors' Motion for Leave to File Amended Complaints ("Motion to Amend"). In support of its Response, Verizon Business submits as follows:

## BACKGROUND

1.       On October 8, 2005, and October 14, 2005, Delphi Corporation and thirty-nine (39) of its affiliates (collectively, "Delphi") filed petitions in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered.

2.       Digex, Inc. ("Digex") was purchased by MCI, which is now known as Verizon Business. Verizon Business is a wholly-owned subsidiary of Verizon Communications, Inc.

3.       Prior to the commencement of the Chapter 11 Cases, Digex provided contractual web-hosting services (the "Services") to Delphi in accordance with an agreement titled, "Terms and Conditions for Information Technology and Related Services Agreement" (the "Agreement"). The Services were grouped and invoiced under one account number, No. 3824.

4.       During the course of the Chapter 11 Cases, counsel for Verizon Business worked with Delphi's bankruptcy counsel to transfer the payment responsibilities under the Agreement to The Hewlett Packard Company ("HP"). In November, 2008, Delphi, Digex, and HP entered into a Transfer of Services Agreement as part of Delphi's larger project to outsource some of its fulfillment responsibilities to HP.

5.       During the course of the Chapter 11 Cases, counsel for Verizon Business also worked with Delphi's bankruptcy counsel to resolve certain billing concerns related to the transfer of the payment responsibilities to HP.

2

6. Delphi filed this adversary proceeding against Digex under seal on September 28, 2007, seeking to recover a payment received by Digex in the ninety (90) days prior to the filing of the Chapter 11 Cases pursuant to 11 U.S.C. § 547.

7. Now in the Motion to Amend, Delphi is seeking leave to file an amended complaint against Digex, and to have the amended complaint relate back in time to the filing under seal of the original complaint.

**RESPONSE**

8. Section 8.1 of the First Amended Joint Plan of Reorganization of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) ("Modified Plan") makes clear that any contract not specifically rejected was assumed by Delphi. It provides:

> All executory contracts and unexpired leases as to which any of the Debtors is a party shall be deemed automatically assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless such executory contracts or unexpired leases (i) shall have been previously rejected by the Debtors by Final Order of the Bankruptcy Court, (ii) shall be the subject of a motion to reject, or that otherwise authorizes rejection, filed on or before the Modification Approval Date, (iii) shall be rejected or assumed pursuant to a motion to sell or transfer property or assets filed by the Debtors prior to the Effective Date, (iv) shall have expired or terminated on or prior to the Effective Date (and not otherwise extended) pursuant to their own terms, (v) are listed on the schedule of rejected contracts attached hereto as Exhibit 8.1(a)—Rejected Contracts, or (vi) are otherwise rejected pursuant to the terms of this Plan and/or upon the direction of either Buyer pursuant to the Master Disposition Agreement.

Modified Plan, Section 8.1, p. 47. The Modified Plan became effective on October 6, 2009.

9. After Verizon Business was served with the original complaint in December, 2009, counsel for Verizon Business contacted Delphi's bankruptcy counsel to remind them that the services provided to Delphi giving rise to the payment at issue were provided pursuant to an executory contract that was assumed.

3

10. Verizon Business searched its records for the relevant period, which required a review of a now obsolete payment system, and provided Delphi with the invoices for Account No. 3824 against which the purportedly preferential payment was applied.

11. Verizon Business also provided Delphi with copies of the contractual documents, including the Transfer of Services Agreement, and yet are still subject to the threat of a preference action in connection with the assumed Digex contract.

12. In fact, Verizon Business and Delphi are currently in negotiations to further amend this very contract, with a signing scheduled for December, 2010.

13. When determining whether an amendment should be granted under Federal Rule of Civil Procedure 15, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Proceeding 7015, courts consider such factors as the prejudice to the opposing party and futility of the amendment. *See Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

14. In this case, Delphi is seeking to file an amended complaint to attempt to recover a payment stemming from an assumed contract and to relate the amended complaint back to a time when Verizon Business had no knowledge of the complaint.

15. The requested relief is prejudicial to Verizon Business because had the complaint been made public at the time of filing, Verizon Business could have raised the issue as part of a cure negotiation with Delphi, thereby saving the Court time and counsel fees.

16. Instead, the complaint has put Verizon Business in the position of defending a preference action on an assumed contract when the intervening years have made production of contractual documents difficult and eroded Delphi's institutional memory of the assumption.

4

17. Further prejudice to Verizon Business exists because Verizon Business is forced to defend a preference liability at the same time that it is servicing Delphi under the assumed agreement. This is a situation where Delphi appear appears to be acting inconsistently. Verizon Business and Delphi either have a contractual agreement, or do not. Delphi is currently taking the benefit of the contract while at the same time denying its existence in this lawsuit.

18. Permitting Delphi to amend the complaint would be futile because the amendment does not change the fact that the payment Delphi is seeking to recover stems from services provided under a contract that was assumed pursuant to 11 U.S.C. § 365. Any recovery from Verizon Business would simply create an additional cure obligation.

19. Verizon Business therefore requests that the Motion to Amend be denied.

20. In the alternative, given the prejudice to Verizon Business by the denial of the opportunity to resolve the basis for this complaint contemporaneously with the cure obligation for the assumption of the Digex contract, Verizon Business requests leave of the Court to permit it to assert a cure obligation to be paid by Delphi that will include all fees and expenses relating to defending this preference action.

Dated: November 24, 2010                    Respectfully submitted:

                                          MORITT HOCK HAMROFF & HOROWITZ LLP

                                          <u>/s/ Leslie A. Berkoff</u>
                                          Leslie A. Berkoff, Esq.
                                          400 Garden City Plaza
                                          Garden City, NY 11530
                                          Tel: (516) 873-2000
                                          Fax: (516) 873-2010
                                          lberkoff@moritthock.com

and

Darrell W. Clark, Esq., *Pro Hac Vice* (DC-3549)
STINSON MORRISON HECKER LLP
1150 18th Street, NW, Suite 800
Washington, DC 20036
Tel: 202-785-9100
Fax: 202-785-9163
dclark@stinson.com

*Counsel for Verizon Business*

6

176535v1