ARCHER & GREINER, P.C.
2 Penn Plaza, Suite 1500
New York, NY 10121
Tel: (212) 292-4988
Fax: (212) 629-4568
Stephen M. Packman, Esquire
*Attorneys for Magnesium Electron Inc. and Magnesium Elektron Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |
| DELPHI CORPORATION, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MAGNESIUM ELECTRON INC. and<br>MAGNESIUM ELEKTRON INC.,<br><br>Defendant. | Adv. Pro. No. 07-02758 (RDD) |

**OPPOSITION TO REORGANIZED DEBTORS'**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant, Magnesium Electron Inc. and Magnesium Elektron Inc. ("Defendant"), by and through its attorneys, Archer & Greiner, A Professional Corporation, hereby objects to the Motion for Leave to File Amended Complaints filed by Plaintiffs, the above captioned Debtors (collectively, the "Plaintiff"), in the above captioned adversary proceeding, and in support thereof, avers as follows:

## INTRODUCTION

1. On or about September 30, 2007, "Delphi Corporation, et al." filed a Complaint (the "Original Complaint") against Defendant seeking to recover alleged preferential transfers which were identified in "Exhibit 1" to the Original Complaint.

2. At the hearing held on July 22, 2010, the Court held that it would require the following:

> By no later than September 7, 2010, the Reorganized Debtors shall file a motion for leave to amend the complaint in each Adversary Proceeding the Reorganized Debtors intend to pursue (each, a "Motion to Amend"). Each Motion to Amend shall attach a proposed amended complaint that, for each alleged transfer shall set forth, at a minimum, the transferor, the transferee, any known subsequent transferee against whom relief is sought, the antecedent debt and which Reorganized Debtor is the plaintiff.

3. On or about September 7, 2010, Plaintiff filed the instant Motion to Allow for Leave to Amend the Complaint (the "Motion") and attached as an exhibit a proposed Amended Complaint (the "Proposed Amended Complaint").

4. For the reasons set forth below, because Plaintiff failed to attach "Exhibit 1" to the Proposed Amended Complaint, Plaintiff has failed to satisfy the pleading requirements established by the United States Supreme Court in *Atlantic Corp. v. Twombly* ("Twombly"), 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal* ("Iqbal"), 129 S.Ct. 1937 (2009) (as used in combination herein, the "Twombly/Iqbal Pleading Standard"). Accordingly, the Motion should be denied, and the adversary proceeding should be dismissed with prejudice.

# ARGUMENT

## I. THE STANDARD FOR GRANTING LEAVE TO AMEND

5. Leave to amend under Rule 15 of the Federal Rules of Civil Procedure is not granted automatically; instead "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). "[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] all touchstones of a district court's discretionary authority to deny leave to amend." *Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 (2d Cir. 1984).

## II. THE PROPOSED AMENDED COMPLAINT DOES NOT SATISFY THE TWOMBLY/IQBAL PLEADING STANDARD

6. The Proposed Amended Complaint does not meet the Twombly/Iqbal Pleading Standard. The Twombly/Iqbal Pleading Standard requires that a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Specificity in pleading is necessary "lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 557-58 (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627 (2005)).

7. A "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545 (internal citations omitted). A plaintiff is required to make a "showing rather

3

than a blanket assertion of an entitlement to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* at 232 (citing Twombly, 127 S.Ct. at 1965 n.3). Thus, stating a claim requires a complaint to "make a sufficient showing of enough factual matter (taken as true) to suggest the required elements …." *Id.* at 235.

8. To make out a *prima facie* cause of action under Section 547(b), a plaintiff must plead facts with sufficient "heft" to make plausible each of the following elements of a preferential transfer:

> (a) a transfer of an interest of property of the debtor;
>
> (b) made to or for the benefit of a creditor;
>
> (c) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (d) made while the debtor was insolvent;
>
> (f) made on or within 90 days before the date of the filing of the petition; and
>
> (g) that enabled such creditor to receive more than such creditor would receive if (i) the case were a case under chapter 7 of this title; (ii) the transfer had not been made; and (iii) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b)(1)-(5).

9. Plaintiff attempts in the Proposed Amended Complaint to meet the Twombly/Iqbal Pleading Standard by continually referring to an "Exhibit 1" to the Proposed Amended Complaint which purportedly sets forth the transfers, including the date of the alleged preferential transfers, the amount of the alleged preferential transfers, and the antecedent debt.

4

## *NO "EXHIBIT 1" IS ACTUALLY ATTACHED TO THE PROPOSED AMENDED COMPLAINT*

10. The failure to attach "Exhibit 1" to the Proposed Amended Complaint is fatal to Plaintiff's claims. With no "Exhibit 1" the Proposed Amended Complaint does not identify (i) the date of the alleged preferential transfers, (ii) the amount of the alleged preferential transfers, or (iii) the antecedent debt. In fact, one reading the Proposed Amended Complaint would not even know the amount of the demand!

11. The Proposed Amended Complaint falls well short of the Twombly/Iqbal Pleading Standard, and should therefore be dismissed with prejudice.[1]

### III. PLAINTIFF DID NOT PROPERLY PLEAD AND CANNOT PROVE IT WAS INSOLVENT AT THE TIME OF THE TRANSFERS

12. Not only does the Proposed Amended Complaint fail to allege the date of the alleged preferential transfers, the amount of the alleged preferential transfers, and the antecedent debt Plaintiff, but it also fails to properly plead insolvency.

13. The Proposed Amended Complaint alleges that "Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiff is presumed to have been, and was in fact, insolvent at the time the Transfers were made." Proposed Amended Complaint at ¶25.

14. Plaintiff's use of the presumption, and conclusory statement with no supporting facts is no surprise. This is because Plaintiff was solvent. In fact, Debtors' own bankruptcy schedules show Plaintiff was solvent, and had more than $2.6 in net equity, at the time of its petition. These admissions conclusively rebut any presumption of Plaintiff's insolvency during

---

[1] Defendant reserves all rights to the extent that Plaintiff seeks to file an "Exhibit 1" to the Proposed Amended Complaint.

5

the preference period.  *See, e.g.*, *In re Roblin Industries, Inc.*, 78 F.3d 30, 34-35 (2d Cir. 1996) (schedules showing solvency rebutted presumption so that trustee bore burden of coming forward to prove insolvency); *Akers v. Koubourlis*, 869 F.2d 1319, 1322 (9th Cir. 1989) (debtors' schedules indicating greater assets than debts rebutted presumption); *IMF Sales Associates, Inc. v. Racal-Vadic Information Systems, Inc.*, 94 B.R. 223, 225 n.3 (Bankr. D. Mass 1988) ("Racal has rebutted the [section 547(f) presumption] by offering the schedules which show the debtor was solvent."); *Fokkena v. Winston, Reuber, Byrne, P.C.*, 189 B.R. 744, 747 (Bankr. N.D. Iowa 1995) ("Debtor's schedules filed in his chapter 11 case are sufficient to support a finding of solvency at the time of the transfers.  The presumption was rebutted.").

**IV.    THE EXTENSION ORDERS ARE VOID DUE TO LACK OF DUE PROCESS**

15.    The Motion should also be denied, and the adversary proceeding dismissed with prejudice, because the extension orders are void due to lack of due process.  According to the Affidavits of Service for the extension motions and orders, neither Defendant nor its undersigned counsel were on the Rule 2002 notice list or provided notice.

16.    Defendant joins and adopts the motions of Affinia (D.I. 41 and 42 in Adversary Proceeding No. 07-02198) and GKNS Intermetals (D.I. 22 and 23 in Adversary Proceeding No. 07-02328) and all other motions (the "Dismissal Motions") filed by defendants in avoidance actions filed in the above-captioned bankruptcy proceedings with respect to this issue.  In the interest of legal and judicial efficiency, Defendant will not reiterate the arguments which have already been made in the Motions.  Instead, Defendant hereby incorporates by reference, as if fully stated herein, the arguments and requests for relief set forth in the Dismissal Motions, to the extent that they are applicable to Defendant.

**V.      INCORPORATION OF OTHER DEFENDANTS' BRIEFS**

17. The Defendant incorporates all of the other meritorious arguments raised by the other preference defendants in opposition to Debtors' and/or Plaintiff's motions for leave to amend with regard to them.

Dated:  November 24, 2010

ARCHER & GREINER, P.C.
*Attorneys for Magnesium Electron Inc. and Magnesium Elektron Inc.*

 /s/  Stephen M. Packman            .
Stephen M. Packman
2 Penn Plaza, Suite 1500
New York, NY  10121
Tel:  (212) 292-4988
Fax:  (212) 629-4568
spackman@archerlaw.com

6201309v2