## **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

-------------------------------------------------------x

| | | |
|---|---|---|
| DELPHI CORPORATION, et al., | : | |
| | : | |
| Plaintiffs, | : | Adv. Pro. No. 07-02525 (RDD) |
| Against | : | |
| | : | |
| INTEC GROUP, | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------x

## DECLARATION OF DARYL DISHONG

Daryl Dishong declares as follows:

1.      I am over eighteen years of age and make this Declaration of my own free will.

2.      I have personal knowledge of the facts set forth in this Declaration.  If called as a witness, I could competently testify to these facts.

3.      I am the Chief Financial Officer of The Intec Group, Inc. ("Intec Group").

4.      Intec Group and certain of its affiliated entities, including A.I. Technologies, LLC and Intec Mexico, LLC (collectively, "Intec"), are Tier 1 suppliers and global leaders in the manufacturing of precision insert molded and injection molded thermoplastic parts.

5.      Prior to the Chapter 11 bankruptcy filing of Delphi and its affiliated entities (collectively, "Delphi"), Intec manufactured thermoplastic parts for some (but not all) of the Delphi entities.  To permit Intec to manufacture such parts for Delphi, Intec maintains and possesses tooling, molds and related products (collectively "Tooling") in various of its facilities within the United States and abroad.

6.     Prior to Delphi's bankruptcy filing, Delphi owed $2,858,000 in the aggregate to Intec, which indebtedness was fully secured by the Tooling located in Illinois, Indiana and Guaymas Mexico. Certain portions of the $2,858,000 were owed to each of Intec Group, A.I. Technologies, LLC and Intec Mexico, LLC from certain of Delphi's affiliated entities.

7.     To induce Intec to continue supplying to Delphi after its anticipated bankruptcy filing, Delphi wired $2,450,000 to Intec Group on October 7, 2005. A significant portion of this alleged "preferential transfer," or approximately $1,050,000, was paid to Intec Group by Delphi as an agreed advancement of funds for Intec to supply parts to Delphi after its bankruptcy filing. After Delphi's bankruptcy filing, Intec actually supplied the requested parts to Delphi. Intec and Delphi agreed that Intec was one of Delphi's "Essential Suppliers" during its bankruptcy case.

8.     In fact, within one month after commencement of Delphi's bankruptcy case, Delphi paid Intec all of the outstanding prepetition indebtedness owed to Intec Group pursuant to the bankruptcy court's Order Under 11 U.S.C. §§ 105(a), 363, 364, 1107, And 1108 And Fed. R. Bankr. P. 6004 And 9019 Authorizing Continuation Of Vendor Rescue Program And Payment Of Prepetition Claims Of Financially-Distressed Sole Source Suppliers And Vendors Without Contracts (*Docket No. 197*) (the "Essential Supplier Order").

9.     Accordingly, as an Essential Supplier, Intec did not file a proof of claim in Delphi's bankruptcy case, nor did Intec monitor Delphi's bankruptcy case. Rather, Intec continued to supply parts requested by Delphi during its bankruptcy case.

10.     Intec currently supplies the reorganized debtors, including DPH Holdings Corp.

11.     Until March 2010, Intec Group had no notice that Delphi was going to sue Intec Group to recover $2,450,000. Also, Intec Group had no notice in 2007, 2008 or 2009 that Delphi was seeking and obtaining authority to file and keep complaints under seal and to extend the time

- 2 -

for service of the complaints long past the running of the statute of limitations. Even when Intec Group was served, the package did not include the Order Pursuant To Fed. R. Bankr. P. 7004(a) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order Dated October 22, 2009 (*Docket No. 18999*).

12.    Intec Group took no special steps to organize and preserve its records with respect to Delphi, to hold exit interviews with any of its former employees who were knowledgeable about the Delphi business relationship or to make arrangements to keep in touch with those former employees in the event Intec Group would need them to provide litigation information or serve as witnesses.

13.    If Intec Group had known that Delphi was suing it for $2,450,000, it could have and would have taken special steps to organize and preserve its records with respect to Delphi, hold exit interviews with the former employees who were knowledgeable about the Delphi business relationship and make arrangements to keep in touch with those former employees in the event Intec Group would need them to provide litigation information or serve as witnesses.

14.    Intec Group has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge and service of the complaint against it.

*[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]*

- 3 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: May 12, 2010.

_____
Daryl Dishong