**Hearing Date and Time:  February 17, 2011 at 10:00 a.m.**
**Reply Deadline:  January 28, 2011**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Attorneys for Defendant
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com
         carlson@millercanfield.com
Timothy A. Fusco
Eric D. Carlson

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Jointly Administered |
| Debtors. | Case No. 05-44481-RDD |

———————————————————

| | |
|---|---|
| DELPHI CORPORATION, *et al.*, | |
| Plaintiffs, | Adversary Proceeding No. |
| VS. | 07-02672-RDD |
| TECH CENTRAL., | |
| Defendant. | |

———————————————————

### TECHCENTRAL L.L.C.'S RESPONSE IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

**I.    INTRODUCTION**

DPH Holdings Corporation, et. al. ("Plaintiffs") filed Debtors' Motion for Leave to File

Amended Complaints ("Motion") requesting that this Court allow them to file an amended

complaint ("Amended Complaint") against TechCentral L.L.C. ("Defendant").  The proposed

Amended Complaint is attached to the Motion and in the Amended Complaint the Plaintiffs seek to recover over $59 million ("Amended Amount") in alleged preferential transfers under 11 U.S.C. §§ 547 and 550. The Amended Amount includes approximately $4 million of increased or new alleged preferential transfers that were not included in the Plaintiffs' Original Complaint (defined below). The Court should deny the Plaintiffs' Motion. Moreover, the Court's denial should bring finality to the circus Plaintiffs have created and should include dismissal of Plaintiffs' Original Complaint (defined below) with prejudice. To allow Plaintiffs to continue stringing the Defendant along by allowing further amendments and Motions will result in continued undue prejudice against the Defendant and is unnecessary as Plaintiffs have had over five years to get it right.

## II.    BACKGROUND

On October 8, 2005, ("Petition Date") Delphi Corporation and certain of its affiliates (collectively, "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Prior to the Petition Date, Defendant and the certain Debtor entities were parties to a Commodity Management Agreement dated June 12, 2000, as amended ("CMA"), under which Defendant was a Commodity Manager for Contract Personnel servicing certain Debtor entities. Under the CMA Defendant contracted with third party employee service providers to provide contract employee services to Debtors. The third party employee service providers were paid by Debtors through Defendant and Defendant was entitled to a fee for its services under the CMA.

On August 6, 2007, the Debtors filed a motion seeking to establish certain procedures for adversary proceedings ("Procedures Motion") which requested, among other things, that (i) the time to serve summonses and complaints be extended, (ii) the adversary proceedings subject to the motion be stayed until service of process was effectuated, and (iii) the Debtors be permitted

to file adversary complaints under seal.  This Court entered an order approving the Procedures

Motion ("Procedures Order") on August 16, 2007.  Upon information and belief, on or about

September 28, 2007, the Debtors filed with this Court under seal a complaint against the above-

captioned Defendant seeking, among other things, to avoid and recover alleged preferential

transfers pursuant to Sections 547 and 550 of the Bankruptcy Code ("Original Complaint").  The

Clerk of this Court has assigned number 07- 02672-rdd to this adversary proceeding ("Adversary

Proceeding").

On February 28, 2008, the Debtors filed a motion to extend ("First Motion to Extend")

the time for service of the summonses and complaints subject to the Procedures Order. In the

First Motion to Extend, the Debtors expressly identified certain parties subject to the extension.

Defendant, however, was not one of the parties identified.  The relief requested in the First

Motion to Extend was granted pursuant to this Court's Order dated March 28, 2008. Defendant

was not named in, nor properly provided notice of, the First Motion to Extend.  The Debtors

subsequently filed additional, similar motions with this Court seeking extensions of the time for

service of the summonses and complaints subject to the Procedures Order ("Additional Motions

to Extend").  Defendant was not identified in, nor properly provided notice of, the Additional

Motions to Extend.  The relief requested in these Additional Motions to Extend was thereafter

granted pursuant to separate orders subsequently entered by this Court.

On April 1, 2010, over four years after the Petition Date and over two years after the

expiration of the applicable statue of limitation set forth in 11 U.S.C. § 546(a), Plaintiffs served,

by mail, the summons and the Original Complaint on Defendant seeking recovery of

approximately $55 million in alleged preferential transfers.  Since the Defendant acted as a

commodity manager pursuant to the Agreement, the majority of the funds paid by Debtors to

Defendant, including the alleged preferential payments, were passed through Defendant and paid to third parties for services provided to certain Delphi entities.

Subsequent to Plaintiffs' filing of the Adversary Proceeding, numerous adversary proceeding defendants, including TechCentral L.L.C., filed Motions requesting, among other things, that this Court vacate the Avoidance Action Procedures Order and dismiss the adversary proceedings ("First Wave Motions").  After a hearing was held on the First Wave Motions this Court issued an Order on September 7, 2010 ("Dismissal Order").  The Dismissal Order, among other actions, dismissed the Original Complaint based in part upon Plaintiffs' failure to properly plead its case in accordance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  The Dismissal Order also provided the Plaintiffs with an opportunity to seek this Courts permission to amend the Original Complaint by filing the Motion seeking such relief.  Essentially this Court has given the Plaintiffs one opportunity to convince this Court that an amended complaint should be allowed.  This Court indicated that failure to so convince would result in final dismissal of the Original Complaint based upon Fed. R. Civ. Proc. 12 (b)(6).  Plaintiffs filed the Motion but did not comply with this Court's Order and have again failed to properly plead the case.

### III.    ARGUMENT

**A.    Plaintiffs' Amended Complaint Fails to Comply with the Dismissal Order or the Applicable Pleading Requirements for a Preference Action**

### The Standard

The recent Supreme Court cases of *Twombly* and *Iqbal*, changed the manner in which federal complaints are analyzed for sufficiency.  The Supreme Court has adopted a heightened standard which requires plaintiffs to plead claims that are "plausible," and not merely "conceivable." *Twombly*, 550 U.S. at 561-63.  The previously accepted "no set of facts" test of

*Conley v. Gibson*, 355 U.S. 41 (1957) "earned its retirement" because too many courts had allowed "wholly conclusory statement[s] of claim" to survive "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 550 U.S. at 561-63.

   *Twombly* and *Iqbal*, taken together, have created a new "plausibility" test.  The first step of the new test questions the factual sufficiency of a complaint and then analyzes its legal sufficiency.  The previously accepted "no set of facts" test only tested the legal sufficiency of a complaint by requiring that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *Conley*, 355 U.S. at 45.

   The new standard set forth in *Twombly*, interpreted Federal Rule 8 to require "enough factual matter ... to suggest ... **plausible grounds** [for the basis of claim upon which relief can be granted]." *Twombly*, 550 U.S. at 556 (emphasis added).  Factual allegations now must be sufficient to raise a plaintiff's right to relief above speculation.  The new standard of plausibility is supported by Rule 8's requirement that "the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557.

   The new pleading standard enunciated in *Twombly* and *Iqbal* control complaints filed in bankruptcy courts as well, including avoidance actions in adversary proceedings, as Federal Rules of Civil Procedure 8 and 9 are made applicable to bankruptcy proceedings under Federal Rules of Bankruptcy Procedure 7008 and 7009.

   Recent decisions in bankruptcy courts have confirmed that avoidance actions are subject to the *Twombly/Iqbal* test.  *See Angell v. BER Care Inc.*, 409 B.R. 737 (Bankr. E.D.N.C. 2009) ("*Caremerica I*"); *Angell v. BER Care Inc.*, 409 B.R. 246 (E.D.N.C. 2009)

("*Caremerica II*"); and *Angell v. BER Care Inc.*, 2009 WL 2253225 (Bankr. E.D.N.C. July 28, 2009) ("*Caremerica III*").  These and various other bankruptcy cases make clear that the heightened pleading standard is applicable to complaints filed in bankruptcy cases.  In fact, numerous Judges have dismissed the preferential transfer counts on the grounds that, under the new *Twombly/Iqbal* plausibility standard, the trustee failed to sufficiently plead factual support for the five elements of such actions.  See *Id*.

The Amended Complaint still lacks adequate information required by the Federal Rules of Civil Procedure for an action brought under Section 547 of the Bankruptcy Code. The standard of pleading in federal cases has long been governed by Federal Rules of Civil Procedures (the "Federal Rules") 8.  Rule 8 provides for the general pleading standard: "a short and plain statement ... showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(b).  Section 547(b)(2) of the Bankruptcy Code requires the Debtors to allege facts demonstrating that alleged preferential transfers were on account of an "antecedent debt" (owed by the debtor before such transfer was made.  *See* 11 U.S.C 547(b)(2)

Courts no longer accept a simple near recitation of the language of section 547(b)(2) of the Bankruptcy Code and failure to comply with the *Twombly/Iqbal* standards is fatal to the preferential transfer count.  "Facts supporting the existence of an antecedent debt owed by the debtors to the defendants" are necessary and the chapter 7 trustee is "obligated to allege facts regarding the nature and amount of the antecedent debt." *Id.*

A good example of a bankruptcy Court's dismissal for failure to adequately plead the antecedent debt requirement can be found in the case of *Charys Liquidating Trust v. Hades Advisors, LLC (In re Charys Holding Co..)* 2010 WL 2788152 (Bankr. D. Del.).  In *In re Charys Holding Co.*, Charys Liquidating Trust filed a preference action against Hades

6

Advisors, LLC, and also sought avoidance of transferred monies on constructive fraudulent transfer theories. The Liquidating Trust alleged that shortly before the Debtor filed for Chapter 11, the Debtor's CEO retained Hades Advisors, LLC without Board authorization, and that the $100,000 transfer between the Debtor and Hades was fraudulent. Applying *Iqbal* and *Twombly*, the Court dismissed the first count regarding the preference action because the "complaint contained no facts from which the Court could infer that that Transfer was made on account of antecedent debt."  *Id.*

Other Courts have explained that this provision requires the plaintiff in a preference action to allege facts that support its contentions that:  (1) the transfer was in connection with a debt, see In re Hydrogen L.L.C., 431 B.R. 337, 355 (Bkrtcy. S.D. N.Y. 2010); (2) which was owed by the plaintiff/debtor, see, e.g., Chemical Bank v. Dana, 234 B.R. 585, 596 (D. Conn. 1999); and (3) which was antecedent (incurred before) the transfer.  See, e.g., In re Dorholt, Inc., 224 F.3d 871, 873 (8th Cir. 2000).  In the proposed Amended Complaint, the Debtor has failed to allege facts which support any of the elements of 11 U.S.C. § 547(b)(2).

### **This Court's Order**

As a result of the First Wave Motions, the Court, on September 7, 2010, entered the Dismissal Order granting in part the First Wave Motions to Dismiss.  The Plaintiffs did not appeal the Dismissal Order.  Based upon this Court's holding in the Dismissal Order and the Court's statements made at the First Wave Motion hearing, this Court has clearly adopted the pleading standards set forth above and expects the Plaintiff to comply with the same.

In Paragraph 4 of the Dismissal Order, the Court dismissed, without prejudice, all claims in most of the Plaintiffs' preference adversary proceedings on the grounds that:  (1) "the Debtors have failed to plead sufficient facts to state a claim;" and (2) the Debtors "have not complied

with . . . Rule 7008 of the Federal Rules of Bankruptcy Procedure."  More importantly, the Court

specified in the Dismissal Order certain elements which had to be in the proposed amended

complaints stating:

> By no later than September 7, 2010, the Reorganized Debtors shall file a
> motion for leave to amend the complaint in each Adversary Proceeding the
> Reorganized Debtors intend to pursue (each, a "Motion to Amend").  Each
> Motion to Amend shall attach a proposed amended complaint that, for
> each alleged transfer shall set forth, at a minimum, the transferor, the
> transferee, any known subsequent transferee against whom relief is sought
> the antecedent debt and which Reorganized Debtors is the plaintiff.

While the Plaintiffs have identified which Reorganized Debtor was the plaintiff,[1] Delphi

Automotive System LLC ("DAS") (as explained below), the Motion and proposed Amended

Complaint otherwise fail to comply with the requirements of the Order.

### **Plaintiffs' Continued Failure to Comply**

The Plaintiffs' proposed Amended Complaint is bereft of any facts supporting the

allegation that the transfers were for or on account of an antecedent debt.  Specifically, the

proposed Amended Complaint does not contain any facts whatsoever indicating when the alleged

debts were incurred by the Plaintiffs and whether they arose prior to the transfers Plaintiffs seek

to avoid.

Plaintiffs, in Paragraph 31 of the Motion, outline why they believe that the proposed

Amended Complaint complies with applicable pleading standards.  The Motion includes a chart

in this paragraph at page 11 displaying how the various provisions in the Amended Complaint

operate to satisfy each element of a preference action.  However, even the Motion's explanation

---

[1] Pursuant to the Dismissal Order, all claims by any of the Debtors or Reorganized Debtors other
than the expressly named plaintiff in a particular Adversary Proceeding should be dismissed with
prejudice.

shows how Plaintiffs fall short.  For example, the Motion chart explains that with respect to the antecedent debt requirement, the Amended Complaint includes a paragraph which states:

> Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendant as of the date on which each Transfer was made.  The documents evidencing the antecedent debt include the purchase orders and/or invoices/bills of lading identified on Exhibit 1, which purchase order and/or invoices/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject goods contemplated by the Agreements were ordered pursuant to the Agreements and/or were provided by Defendant.

In short, as the Plaintiffs explain, Exhibit 1 is where the factual underpinning for the elements of the claim will be delineated.  However, an examination of this Exhibit shows that it does not include any facts which would indicate the transfers made to Defendant were made on an account of an antecedent debt.

For ease of reference, Defendant has attached a copy of Exhibit 1 to the Amended Complaint to this Response as <u>Attachment A</u>.  The Exhibit shows transfers allegedly made to the Defendant and lists amounts and dates of those transfers.  However, no information is supplied which shows what the alleged transfers are for and/or <u>when</u> the payment obligations arose.

Specifically, Exhibit 1 includes a column entitled "Purchase Order/Invoice Number/Antecedent Debt".  However, the aforementioned column is filled in with the same Purchase Order number (Plaintiffs' Exhibit 1 references number DWB00252) for each entry.[2] Simply referencing the same blanket Purchase Order for each and every alleged transfer number does not in any way explain <u>when</u> the services were provided and/or <u>when</u> Defendant's payment obligation arose.  No invoices are referenced and no dates are specified regarding when the payment obligations arose.  According to the Plaintiffs' Exhibit 1, the debts for which transfers

were made all arose on the same date, the date of the admittedly prepetition blanket Purchase

Order.  Without information on when the debts for which the transfers were made were incurred

it is impossible to conclude that any of the transfers were for or on account of an antecedent debt.

If the pleading standard made applicable to preference actions is to have any meaning, the

Complaint must specify, in some manner, when the allegedly antecedent debt arose, not merely

conclude with no factual support that such debt exist and were paid.

Simply stated, Plaintiffs have made no effort to comply with this Court's Dismissal Order

and have likewise failed to provide information necessary for Defendant to determine if the

alleged transfers were made as a result of an antecedent debt.  In light of Plaintiffs' failure to

include any facts concerning <u>when</u> the debts were incurred, the Motion to Amend must be

denied.

## B.    The Amended Complaint Adds New Transfers Which Do Not Relate Back to the Original Complaint

As stated above, Defendant believes that the Plaintiffs' Motion should be denied and that

the Original Complaint should be dismissed with prejudice.  In addition, the Motion should be

denied because the Amended Complaint includes approximately $4 million in additional

transfers which were not alleged in the Original Complaint.

The Exhibit to the Original Complaint provided no detailed breakdown of individual

transfers but simply listed total transfer amounts for each date.  However, the Exhibit to

Plaintiffs' Amended Complaint attempts to beak down each date and specifically list each

alleged transfer amount occurring on each date (again without reference to the allegedly

---

[2] Note that only 4 of the entries in the "Purchase Order/Invoice Number/Antecedent Debt" column list a different number.  The number listed in those 4 entries are not identified as a purchase order or invoice and the Plaintiff provides no information regarding what the number represents.

antecedent debt for which the transfer was made).  As a result, Defendant has no ability to

determine the basis or reasoning behind the $4 million dollar increase and is left to assume that

Plaintiffs have added additional transfers not included in the Original Complaint.

Generally, leave to amend is freely granted and is mandatory if the amended complaint

alleges the same conduct, transactions and occurrences alleged in the original pleading.

However, Plaintiffs' proposed Amended Complaint can be distinguished from the general rules

because it does not simply state an increased amount but rather, appears to allege entirely

different transactions than those alleged in the Original Complaint.  In other words, Plaintiff is

not simply more precisely identifying the transactions alleged in the original complaint but is

instead, identifying completely different transactions or transfers.

*In re 360Networks (USA) Inc.*, 367 B.R. 428 (Bankr. S.D.N.Y. 2007), discussed the issue

of whether a Plaintiff may add transfers to an amended complaint.[3]  In *360* the court addressed

the key issue of "whether the additional transfers set forth in the amended Complaint would

'relate back' under Rule 15(c)."  *Id.* at 433.  The court noted that if the proposed amendments did

not relate back, allowing the plaintiff to amend the complaint would be futile, and the moving

party bears the burden of proof with respect to relation back under Fed. R. Civ. P. 15(c).  *Id.*

"[T]he primary consideration in determining whether the proposed amendment to the

Complaint should relate back is whether the Complaint put the defendant on notice that

additional transfers may be pursued at a later date."  *Id.*  "The principal inquiry is whether

adequate notice of the matters raised in the amended pleading has been given to the opposing

---

[3] In *360*, the plaintiff filed a complaint seeking the avoidance and recovery of preferential transfers made to the defendant of "at least $17,330,644.54."  *360 Networks*, 367 B.R. at 431. After the statute of limitations had expired, the plaintiff filed a motion seeking leave to amend its complaint to add additional transfers totaling $12,350,815.69, and for a finding that the proposed amended complaint would relate back to the filing of the original complaint.

party." *Id*. "If the facts in the original pleading do not provide defendant with notice of the facts out of which the time-barred claim arises then relation back is inappropriate." *Id*. at 433-434.

The court examined the original complaint to determine whether it put the defendant on notice that plaintiff may challenge additional transactions. The exhibit to the complaint listed specific transfers, but did not provide "any information from which the Defendant [could] glean that the Debtor intended to challenge additional transfers." *Id*.

The court also noted that the fact that all of the transactions, including those proposed in the amended complaint, were potentially preferential was of no consequence to the Rule 15(c)(2) analysis. When determining whether relation back is appropriate, the court must examine:

> "each potential preferential transfer [a]s a *separate and distinct transaction* [because] a preference action based on one transfer does not put defendant on notice of claims with respect to any other unidentified transfers." *Id*. (emphasis added.)

The court denied *360's* motion to amend, finding that relation back was not appropriate because the defendant was not put on notice that additional transfers may be pursued at a later date by the original pleading.[4]

Another case which is on point to show that Plaintiff's Amended Complaint should not be allowed is *Austin Driveway Services, Inc. v. Coan (In re Austin Driveway Services, Inc.)*, 179 B.R. 390 (Bankr.D.Conn.1995). In that case the trustee filed an original complaint simply alleging that the defendant received preferential transfers in the aggregate amount of $79,237.03

---

[4] Various Courts have reached similar conclusions. *See MBC Greenhouse, Co. v. CTC Direct, Inc.*, 307 B.R. 787 (Bankr. D. Del. 2004), *Slaughter Co. and Assoc., Inc. v. Slaughter*, 242 B.R. 97, 102-103 (Bankr. N.D. Ga. 1999), *Austin Driveway Serv., Inc. v. O & G Ind., Inc.*, 179 B.R. 390 (Bankr. D. Conn. 1995) and *New Bedford Capacitor, Inc. v. Sexton Can Co.*, 301 B.R. 375 (Bankr. D. Mass. 2003). However, note that in a case where the debtor's complaint indicated that it intended to avoid all preferential transfers made within the 90 days preceding the Petition Date, amendments to the complaint made after the expiration of the statute of limitations related back to the original filing date. *See Kam Kuo Seafood Corp. v. Hong Kong & Shanghai Banking Corp.*, 67 B.R. 304, 306 (Bankr. S.D.N.Y. 1986).

but did not identify specific transfers.  Defendant filed a motion for a more definitive statement

requesting that plaintiff allege the specific amount, date and method of payment of each alleged

transfer.  The motion was granted and subsequently, the trustee filed amended complaints (first

amended and second amended) alleging six separate transactions in the aggregate amount of

$79,237.03.  In response to the trustee's discovery requests, defendant identified a seventh

transfer that had not been alleged in the original nor the amended complaints.  (Apparently, this

additional transfer was made to defendant by a non-debtor party on behalf of the debtor.)  The

trustee moved to amend the complaint for a third time to allege this additional transfer.  The

court denied the trustee leave to amend to include this additional transfer.

> Generally, an amended complaint will relate back if it "merely adds a new legal
> ground for relief, changes the date and location of the transaction alleged, …
> spells out the details of the transaction originally alleged, … [or] merely increases
> the *ad damnum* clause …"  *Pereira v. Hong Kong & Shanghai Banking Corp. (In
> re Kam Kuo Seaford Corp.)*, 67 B.R. 304, 306 (Bankr.S.D.N.Y.1986).

The Court held that in the preference context, each alleged preference should be

considered a distinct transaction which does not relate back to any other transaction in the

absence of an underlying unifying scheme or course of conduct.  *In re Austin Driveway

Services, Inc. at 395.*

In paragraph 3 of the Original Complaint the Plaintiffs clearly indicated that the

adversary proceeding was brought to "direct the return of certain avoidable transfers (the

"Transfers") that were made by Plaintiffs to Defendant, as more fully and particularly identified

in Exhibit '1' annexed hereto" *See Original Complaint* Para 3.  Clearly this is analougus to the

cases discussed above and should not be allowed.  As stated by another Court in *MBC

Greenhouse, Co. v. CTC Direct, Inc.*, 307 B.R. 787 (Bankr. D. Del. 2004), allowing the Plaintiff

to "….bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate." Citing to *Slaughter Co. and Assoc., Inc. v. Slaughter*, 242 B.R. 97, 102-103 (Bankr. N.D. Ga. 1999).

### C.    No Further Amendments to the Proposed Amended Complaint Should be Permitted and the Original Complaint Should Be Dismissed With Prejudice

Permitting amendment of complaints to comply with *Twombley* and *Iqbal* is done liberally under Rule 15(a)(2), "at the court's discretion when justice so requires." *Official Comm.of Unsecured Creditors of Hydrogen, L.L.C. v. Blomen (In re Hydrogen)*, 431 B.R. 337, 363 (Bankr. S.D.N.Y. 2010).  With respect to the Motion to Amend, however, the Plaintiffs have already been given an unprecedented period of time in which to bring adequate and complete complaints.  In addition, the language of this Court's Dismissal Order fairly indicates that no further amendment of proposed Amended Complaints is permissible.

The Dismissal Order required a timely filing of the Motion to Amend.  The Dismissal Order also required the Motion to Amend to have attached to it a proposed Amended Complaint that is strictly defined as containing an express minimum of information with respect to each alleged transfer.  The fair implication of the language used by the Court is that failure to timely file the Motion to Amend will result in dismissal with prejudice of the related adversary proceeding.  Likewise, the fair implication of the language used by the Court is that the Plaintiffs will not be able to amend further any Motions to Amend that attaches a non-compliant proposed Amended Complaints.  Such a reading of the Dismissal Order is consistent with the Court's concern with burden-shifting in the unusual circumstances of the Adversary Proceeding.

To further demonstrate a precise interpretation of the Order, attention should be given to paragraph 4 of the Dismissal Order.  In that paragraph the Court ordered as follows:

By no later than September 7, 2010, the Reorganized Debtors shall file a motion for leave to amend the complaint in each Adversary Proceeding the Reorganized Debtors intend to pursue (each a "Motion to Amend").  *Each Motion to Amend shall attach a  proposed amended complaint that, for each alleged transfer shall set forth, at a minimum*, the transferor, the transferee, any known subsequent transferee against whom relief is sought, the antecedent debt and which Reorganized Debtor is the plaintiff.

(emphasis added).

The date requirement set forth in the first two clauses of this passage implies that failure to file such motion on or before September 7, 2010 will result in dismissal with prejudice of every adversary proceeding in which such default occurred.  The Reorganized Debtors "shall file" such motion by such date, or else.  Such a reading is consistent with the Court's comments at the July Hearing. [5]  *Transcript* at 277.

Thus, a Motion to Amend does not comply with the Dismissal Order if it attached a proposed Amended Complaint that fails to include any of the required items, and such proposed Amended Complaint must include all such items for each alleged transfer.  It follows that such Motions will be denied at least with respect to each transfer alleged that is not supported by recitation of each of these items.

The Court's denials should be with prejudice, for failure to meet the "minimum" expressly set forth in the Dismissal Order.  Just as a tardy Motion to Amend would be denied and the adversary proceeding to which it pertained dismissed with prejudice, so a non-compliant Motion to Amend should be denied and the adversary proceeding to which it pertains dismissed with prejudice at least with respect to alleged transfers not supported by the minimum

---

[5] At paragraph 29 of the Motion to Amend, the Plaintiffs stated that they understood the Court to instruct them at the July Hearing to include in the Proposed Amended Complaints the items set forth in the Dismissal Order, "at a minimum."

requirements set forth in the Dismissal Order. The language of the Dismissal Order can be fairly read not to permit second chances.

Not permitting such second chances is also consistent with the Court's suggestion to counsel speaking generally for Defendants that "it's a motion for leave to amend the complaint on unusual circumstances. It's really their risk if I turn them down again, isn't it?" *Id.* at 213. Within the same discussion, the Court observed as follows:

> But I think that the risk of being turned down on the basis of the complaint still isn't good enough is a serious enough – the consequences of that are serious enough so I assume that the plaintiffs are going to be pretty careful."

*Id.*

The Court's application of such risk upon the Plaintiffs is consistent with its concern about burden-shifting and the "unusual circumstances" of the Cases and adversary proceedings. At the July Hearing, in a colloquy concerning the *Twombly* and *Iqbal* infirmities of the original complaints, the Court rejected the Plaintiffs' attempts to suggest remedies short of that ultimately required by the Court. *Id.* at 202-207. On behalf of the Plaintiffs, Mr. Fisher protested that, "as a practical matter, based on the information that is supplied in the complaint, the movants are in an adequate position to respond intelligently to the complaint," *Id.* at 204, and argued that, "[w]hat we are trying to avoid, your Honor, is a situation where we now go back and correct these complaints by identifying the specific entities where we think, as a practical matter, the movants know full well by checking their own records . . . " *Id.* at 207. The Court responded that Mr. Fischer's suggested remedy "shifts the burden" properly placed upon the plaintiffs to the Defendants. *Id.* As the Court observed, "it seems to me the problem with what you are proposing is that you may not have a basis to say in your books and records that – at least for the face of the complaint, that defendant X was owed a debt, that this was a payment on account of

16

you may not have it.  And I think your method basically sort of puts the onus on them to make that part of your case for you."  *Id.* at 206-07.

The Court characterized the motions for leave to amend as "on unusual circumstances." *Id*. at 213.  The Court did not there explain what unusual circumstances it had in mind.  In their Motions to Dismiss, defendants identified many peculiarities of the proceedings in the Cases and the adversary proceedings.  Additionally, Plaintiffs have been represented by an international bankruptcy law firm, other law firms, and highly-regarded financial advisors and other professionals.  Since no later than the Petition Dates of October 8 and 14, 2005, the Plaintiffs and some or all of the law firms and other professionals (collectively, the "**Professionals**") have had the duty to prepare for preference litigation.  The proposed Amended Complaints were filed almost five years after such duty attached to the Plaintiffs and the Professionals.  Further, the proposed Amended Complaints were filed about three years after the Original Complaints were filed, and nearly three years after the expiration of the applicable limitations period for filing preference actions.

The Plaintiffs had enviable resources and unprecedented time for acquiring the data necessary to make out *prima facie* cases in the preference actions they have chosen to pursue. While the *Twombley* and *Iqbal* cases raised pleading standards, they did not raise standards of proof for Plaintiffs in making a *prima facie* case that one or more preferential transfer was received by a Defendant.  The Plaintiffs have had five years to assemble such data, which includes, at a minimum, all the data required by the Dismissal Order to be included in Proposed Amended Complaints.  The Plaintiffs have had five years to figure out, for each transfer, the identity of the transferor, the identity of the transferee, the identity of any known subsequent transferee against whom relief is sought, and the antecedent debt.  In issuing its Dismissal Order,

the Court justly required that the Plaintiff show *at a minimum* that it has or has not sufficient data to make the lesser *Twombley* an *Iqbal* showing.

To permit the Plaintiffs to extend again the already world-record pleading process for preference complaints is not justifiable.  Defendant has already been extremely prejudiced by the elongated process initiated by the Plaintiffs.  To place onto the Defendants the burden of assisting the Plaintiffs by pointing out gaps in the proposed Amended Complaints, to be cured by further amendment, would violate the letter and spirit of the Dismissal Order.

As a result of Plaintiffs' actions and the procedural gerrymandering under which Plaintiffs' failed to provide Defendant with notice of the Adversary Proceeding and failed to serve Defendant with a summons or complaint until almost 5 years beyond the petition date, Defendant has suffered great prejudice.  Defendant will be harmed in its ability to defend this action and the significant passage of time will make it difficult, if not impossible for Defendant to involve, and/or take any action against, third parties who, pursuant to the Commodity Management Agreement, were the ultimate recipients of the alleged preferential transfers. Moreover, subsequent to "normal" statutory period for filing avoidance actions in Plaintiffs' case, Defendant has discontinued use of the Vendor Management System ("VMS") previously utilized when doing business with the Plaintiffs.  As a result, continued defense of the alleged preferential transfers will result in significant increased efforts and costs to the Defendant as the VMS will have to be re-initiated and individuals once familiar with the VMS will have to review and potentially relearn the specifics of the VMS in order to gather further information for an adequate defense.

Wherefore, Defendant requests that this Court deny Plaintiffs' Motion and bring finality to these issues by dismissing Plaintiffs' Original Complaint with prejudice.  Moreover,

Defendant is aware that numerous other, similarly situated, preference defendants have also filed Responses to Plaintiffs' Motion to Amend.  Defendant hereby joins and adopts the arguments set forth in other Responses filed by other such defendants, and respectfully requests that any relief granted for the benefit of one or more adversary proceeding defendants be granted for Defendant.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By /s/ Timothy A. Fusco
     Timothy A. Fusco (P13768)
     Eric D. Carlson (P60277)
Attorneys for Defendant, Tech Central
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com

Dated: November 24, 2010

**ATTACHMENT A**

EXHIBIT A
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/14/2005 | $ 596.75 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/14/2005 | $ 4,320.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/14/2005 | $ 4,312.56 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/14/2005 | $ 1,461.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/14/2005 | $ 176.48 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 13,321.68 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 2,108.42 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 535.80 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 5,577.94 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 599.43 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 118.66 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 6,122.32 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/21/2005 | $ 5,821.19 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 8,000.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 1,981.55 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 7,816.60 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 2,254.56 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 2,254.56 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 54.10 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 1,811.25 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 7/28/2005 | $ 3,692.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 2,824,189.13 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 423,764.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 141,065.07 | DWB00252 | PO | EFT |

EXHIBIT A
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 123,697.80 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 103,151.11 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 1,465,082.03 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 20,242.50 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 412,963.96 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 49,777.71 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 8,415.80 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 6,610.75 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 65,685.90 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 58,981.38 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 10,549.26 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 847,503.80 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 1,834,402.61 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 88,738.44 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 118,725.88 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 839,559.76 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 427,433.53 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 127,446.48 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 80,353.98 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 76,720.53 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 25,814.19 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 41,619.94 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 29,564.06 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 46,397.93 | DWB00252 | PO | EFT |

EXHIBIT 4
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 981,850.44 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 156,167.52 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 78,825.17 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 34,578.67 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 131,778.43 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 173,633.43 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 26,938.41 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 11,973.30 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 294,147.73 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 7,885.63 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 28,826.87 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 97,231.82 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 403,846.96 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 38,590.19 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 16,656.40 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 13,945.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/2/2005 | $ 112,273.35 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/3/2005 | $ 1,648.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/3/2005 | $ 4,327.50 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/3/2005 | $ 901.91 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/3/2005 | $ 10,089.38 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/3/2005 | $ 3,581.40 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/3/2005 | $ 4,056.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/11/2005 | $ 4,704.93 | DWB00252 | PO | EFT |

EXHIBIT A
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/11/2005 | $ 2,218.25 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/11/2005 | $ 2,673.12 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/11/2005 | $ 5,226.64 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/11/2005 | $ 50,921.21 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/11/2005 | $ 1,512.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/19/2005 | $ 8,807.58 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/19/2005 | $ 2,076.80 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/19/2005 | $ 9,995.75 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/19/2005 | $ 1,275.62 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/19/2005 | $ 1,370.40 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/19/2005 | $ 2,500.02 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/19/2005 | $ 1,120.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 86,600.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 2,261.60 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 2,400.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 23,590.40 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 12,857.68 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 5,162.50 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 5,520.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/22/2005 | $ 5,000.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/25/2005 | $ 9,014.47 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/25/2005 | $ 734.96 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/25/2005 | $ 9,017.29 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 8/25/2005 | $ 1,448.17 | DWB00252 | PO | EFT |

EXHIBIT A
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/1/2005 | $ 2,249.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/1/2005 | $ 1,200.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/1/2005 | $ 17,276.79 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/1/2005 | $ 9,021.26 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/1/2005 | $ 6,948.84 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/1/2005 | $ 345.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 3,107,531.60 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 466,749.22 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 99,377.45 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 153,763.02 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 103,073.43 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 1,530,568.54 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 15,573.92 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 369,398.84 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 39,119.65 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 4,945.64 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 5,952.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 60,166.09 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 47,275.48 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 7,995.68 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 844,737.91 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 1,678,947.78 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 66,548.08 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 146,099.03 | DWB00252 | PO | EFT |

EXHIBIT A
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 687,139.78 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 349,917.21 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 99,961.39 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 58,533.72 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 66,994.38 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 20,416.57 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 24,343.65 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 30,423.35 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 25,645.33 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 802,260.57 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 148,095.33 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 71,344.16 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 36,382.79 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 125,743.86 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 167,846.63 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 16,071.90 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 14,351.10 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 219,289.85 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 9,306.12 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 28,545.18 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 123,283.39 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 406,463.95 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 33,168.27 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 16,952.00 | DWB00252 | PO | EFT |

EXHIBIT 4
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 10,522.48 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/2/2005 | $ 140,755.41 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 1,430.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 2,820.94 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 8,788.27 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 1,910.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 1,774.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 8,471.26 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 731.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 3,130.42 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/8/2005 | $ 1,051.60 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/12/2005 | $ 17,920.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/12/2005 | $ 2,040.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/12/2005 | $ 19,123.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/12/2005 | $ 8,480.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/12/2005 | $ 4,600.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/12/2005 | $ 2,400.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 27,520.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 2,040.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 24,396.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 2,200.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 2,080.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 2,257.50 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 2,375.00 | DWB00252 | PO | EFT |

EXHIBIT A

*Delphi Automotive Systems, LLC v. Tech Central*

Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 2,185.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/16/2005 | $ 2,400.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 6,150.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 1,257.28 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 1,720.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 732.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 800.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 1,406.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 466.65 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 1,308.06 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/19/2005 | $ 14,284.93 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/22/2005 | $ 1,833.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/22/2005 | $ 3,989.32 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/22/2005 | $ 128.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/22/2005 | $ 263.50 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/22/2005 | $ 10,068.42 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/22/2005 | $ 3,837.12 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/23/2005 | $ 4,756,869.01 | EW02092020054756869 | INVOICE | WIRE |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 9/29/2005 | $ 777,001.72 | EW020926200577700172 | INVOICE | WIRE |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 2,348,578.84 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 391,554.88 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 141,076.56 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 228,209.62 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 112,692.97 | DWB00252 | PO | EFT |

EXHIBIT A
*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 1,345,180.76 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 36,242.12 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 435,073.93 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 53,770.66 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 7,580.66 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 4,650.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 70,618.54 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 62,009.74 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 9,672.97 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 826,036.19 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 1,944,774.27 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 83,211.60 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 169,004.09 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 844,201.41 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 440,296.58 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 110,428.85 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 59,576.11 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 82,405.20 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 10,544.92 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 26,594.25 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 31,714.49 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 40,818.01 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 844,831.46 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $ 165,407.85 | DWB00252 | PO | EFT |

EXHIBIT A

*Delphi Automotive Systems, LLC v. Tech Central*
Adv. Pro. No. 07-02672 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Purchase Order/Invoice Number/Antecedent Debt | Purchase Order/ Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $    84,118.53 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $    36,487.61 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $   155,874.26 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $   188,812.88 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $    39,569.26 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $    13,348.05 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $   218,498.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $     9,190.58 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $    28,034.00 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $   128,493.38 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $   396,361.42 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $    43,231.90 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $    25,895.51 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $     9,117.42 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $     7,814.49 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/4/2005 | $   116,806.62 | DWB00252 | PO | EFT |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/6/2005 | $   851,764.71 | EW020929200585176471 | INVOICE | |
| 07-02672 | TECH CENTRAL | DAS LLC, Diesel Systems, Delphi Technologies | DAS LLC | 10/6/2005 | $ 15,000,000.00 | | | |

**Total Amount of Claim=**    **$   59,796,196.65**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Attorneys for Defendant
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com
        carlson@millercanfield.com
Timothy A. Fusco
Eric D. Carlson

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Jointly Administered<br>Case No. 05-44481-RDD |
| Debtors. | |

───────────────────────────────────────

| | |
|---|---|
| DELPHI CORPORATION, *et al.*, | |
| Plaintiffs, | Adversary Proceeding No.<br>07-02672-RDD |
| VS. | |
| TECH CENTRAL, | |
| Defendant. | |

───────────────────────────────────────

## <u>CERTIFICATE OF SERVICE</u>

Timothy A. Fusco hereby certifies that, on November 24, 2010, he served a copy of the Techcentral L.L.C.'S Response In Opposition To Reorganized Debtors' Motion For Leave To File Amended Complaints upon counsel for the Plaintiff and reorganized debtors by e-mail directed to the email address set forth below and that he provided a courtesy copy of the same to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge by e-mail directed to chambers:

        Daniel F. X. Geoghan, Esq.
        Togut Segal & Segal LLP
        One Penn Plaza
        Suite 3335

New York, NY 10119
**Via Email: dgeoghan@teamtogut.com**

Eric B. Fisher, Esq.
Butzel Long
380 Madison Avenue, 22nd Floor
New York, NY 10017
**Via Email: fishere@butzel.com**

The Honorable Robert D. Drain
United States Bankruptcy Judge
**Via Email: rdd.chambers@nysb.uscourts.gov**

/s/ Timothy A. Fusco
    Timothy A. Fusco (P13768)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Fax: (313) 496-8450
Email: fusco@millercanfield.com

Dated: November 24, 2010

18,572,194.3\006301-00040