**HARRIS D. LEINWAND, ESQ.**             Hearing Date: February 17, 2011 at 10:00 a.m.
315 Madison Avenue Suite 901              Reply Due : January 28, 2011
New York, New York 10017
Tel: (212) 725-7338
Attorneys for Ahaus Tool & Engineering Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                      :
                                                            : Chapter 11
DELPHI CORPORATION, et al.,                                 : Case No. 05-44481 (RDD)
                                                            : Jointly Administered
                           Debtors,                         :
--------------------------------------------------------------x
                                                            :
DELPHI CORPORATION, et al.,                                 : Adv. Pro. No. 07-02076 (RDD)
                                                            :
Plaintiffs,                                                 :
                                                            :
- against -                                                 :
                                                            :
AHAUS TOOL & ENGINEERING INC.                               :
                                                            :
Defendant.                                                  :
--------------------------------------------------------------x

### OBJECTION - JOINDER OF AHAUS TOOL & ENGINEERING INC. TO BRIEFS AND OTHER DOCUMENTS FILED IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

AHAUS TOOL & ENGINEERING INC., ("Ahaus") by its undersigned counsel, in addition to the arguments and facts herein, in the interest of judicial economy and to avoid unnecessarily duplicating the cogent and persuasive arguments advanced by others, hereby joins in and adopts the arguments set forth in the following objections to the Reorganized Debtors' motion for leave to file amended complaints (the "Objections ") filed by  ( the "Objecting Preference Defendants") including, but not limited to:

1

1. **AFFINIA GROUP HOLDINGS INC.'S AND BRAKE PARTS INC.'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20841)**

2. PRO TECH MACHINE 'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20842)

3. STEPHENSON & SONS' ROOFING BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20848)

4. ACCESS ONE TECHNOLOGY GROUP, LLC'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20856)

5. MSX INTERNATIONAL, INC.'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20857)

6. A-1 SPECIALIZED SERVICES & SUPPLIES, INC.'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20850)

7. RSR CORPORATION'S RESPONSE IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20859)

8. CARLISLE COMPANIES, INC.'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NOS. 20866 AND 20867)

9. VICTORY PACKAGING LP'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NOS. 20863 AND 20864)

10. SPRIMAG INC.'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20868)

11. REPUBLIC ENGINEERED PRODUCT 'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20868)

12. **NILES USA INC'S 'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20878)**

13. **VERIZON BUSINESS NETWORK SERVICE INC.'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20877)**

14. **JAMESTOWN CONTAINER CORPORATION'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20873)**

15. **SUMMIT POLYMERS INC.'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20876)**

16. **DECATUR PLASTIC PRODUCTS INC. 'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20879)**

17. **WEST SPLINE INC.'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NOS. 20880 AND 20887)**

18. **MAGNESIUM ELECKTRONI, INC. 'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20881)**

19. **GLOBE MOTOR'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20883)**

20. **INTEC GROUP INC. 'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20886)**

21. **TECHCENTRAL LLC'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20876)**

22. **JOHNSON CONTROLS, INC. 'S OBJECTION IN OPPOSITION TO REORGANIZED DEBTORS'  MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS (DOCKET NO. 20892)**

The facts set out in the Objections are substantially similar to the relevant facts with respect to Ahaus so that any relief granted for the benefit of the Objecting Preference Defendants should be granted to Ahaus.

Ahaus' earlier filings set forth additional facts and arguments which provide additional reasons why the relief sought in the Objections should be granted to Ahaus. I do not repeat them here.

Ahaus on April 27, 2010 served and filed a motion to dismiss the adversary proceeding docket nos. 15-30 in its adversary proceeding (07-02076).

Ahaus on May 10, 2010 served and filed a joinder to docket nos. 19401 and 19677, docket no. 43 in its adversary proceeding (07-02076) and 20001 in 05-44481.

Ahaus on July 2, 2010 served and filed a joinder to replies to Debtors' omnibus response to motions to vacate orders and dismiss complaints, docket no. 47 in its adversary proceeding (07-02076) and 20336 in 05-44481.

Ahaus on October 22, 2010 served and filed a joinder to docket nos. 20699 and 20700, to vacate the fourth extension order pursuant to FRCP 60 (b)(1) docket no. 50 in its adversary proceeding (07-02076) and 20710 in 05-44481.

Ahaus incorporates all applicable, meritorious facts, arguments and authorities raised by the Objecting Preference Defendants in their Objections.

Ahaus incorporates all of the other meritorious facts, arguments and authorities raised by the other preference defendants in opposition to Delphi's motions for leave to amend with regard to them.

Ahaus incorporates all of the other meritorious facts, arguments and authorities raised by the other preference defendants in their First Wave Motions.

4

Ahaus incorporates all of the other meritorious facts, arguments and authorities raised by the other preference defendants at the July 22, 2010 hearing on the First Wave Motions.

As per the declaration of Kevin Ahaus dated July 1, 2010 (previously filed docket no. 47 in its adversary proceeding (07-02076) and 20336 in 05-44481), Ahaus was not provided with notice of the motions to extend time to serve the adversary, nor with the orders extending time to serve the adversaries and did not know of the existence of same until after Ahaus was served with the complaint in December, 2009. Each of the extension orders required that they be served with the complaint. Three of them were not. As per the adversary docket at docket nos. 2 -5 only two of the four motions were filed and notice of only two of the four orders were filed. Of course, Ahaus did not have any way or reason to look at the adversary docket before it was served in December, 2009.

Ahaus and its attorneys did not know how Ahaus could be sued so long after the statute of limitations had run and so long after the last extension had run. The attorneys for the Debtors refused to advise Ahaus or its attorneys of the extension orders. See docket no. 35 filed April 7, 2010 in the adversary proceeding (07-02076).

Throughout, the Debtors expressly, explicitly kept Ahaus in the dark, gave it no notice it was being sued and continued to do business with Ahaus taking unfair advantage of its not knowing it had filed an adversary against it.

At the very top of the Debtors' terms and conditions, running across the page, it says, "DAS seeks to exceed its customers expectations. Delphi's suppliers are integral to achieving this objective and Delphi hopes that its suppliers will recognize Delphi as their preferred customer. Delphi will establish high performance expectations for itself and its suppliers, measure performance and reward superior performance." The Debtors violated those terms and

5

conditions by suing Ahaus and concealing that suit. The Debtors benefited, did business with Ahaus, misled Ahaus, concealed it was suing Ahaus, and now seeks to go forward with a suit claiming it preferred Ahaus. Ahaus preferred the Debtors. The Debtors defrauded Ahaus, took advantage of it and are causing it to incur legal fees. They certainly did not prefer Ahaus.

The declaration of Kevin Ahaus (docket no. 47) lays out prejudice to Ahaus by the long delay in service of the adversary.

A proposed amended complaint was attached to the Debtors' motion for leave to file an amended complaint. It wrongly increases the amount demanded. There is no basis for this increase. The amended complaint does not allege facts showing DAS was insolvent at the time of the transfers. The amended complaint does not allege that goods and or services were supplied before the transfers – so, it does not allege an antecedent debt.

Ahaus reserves its right to supplement this objection-joinder and to appear at any and all hearings and conferences scheduled on the Motion.

WHEREFORE, Ahaus respectfully requests that the Court for all of the reasons set forth above, deny Delphi's Motion in all respects, award Ahaus fees and costs incurred in connection with the Adversary and grant Ahaus such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 24, 2010

**HARRIS D. LEINWAND, ESQ.**
Attorney for Defendant Ahaus Tool & Engineering Inc.

 /S/
Harris D. Leinwand, Esq. (HL-4419)
315 Madison Avenue - Suite 901
New York, NY 10017
Telephone: (212) 725-7338

6