KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9489
Facsimile: (212) 715-8000
P. Bradley O'Neill
Jordan D. Kaye

*Counsel to Vishay Americas, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- X
                                                            :
In re:                                                      : Chapter 11
                                                            :
DELPHI CORPORATION, *et al.*,                               : Case No. 05-44481 (RDD)
                                                            : Jointly Administered
----------------------------------------------------------- X
DELPHI CORPORATION, *et al.*,                               :
                                                            : Adv. Pro. No. 07-02556 (RDD)
Plaintiffs,                                                 :
                                                            :
-against-                                                   :
                                                            :
VISHAY AMERICAS, INC.,                                      :
                                                            :
Defendant.                                                  :
----------------------------------------------------------- X

**OBJECTION OF VISHAY AMERICAS, INC. TO REORGANIZED DEBTORS'**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

KL2 2675461.3

Vishay Americas, Inc. (the "Defendant" or "Vishay") by and through its undersigned counsel, respectfully alleges:

**PRELIMINARY STATEMENT**

1. Having gamed the Federal Rules of Civil Procedure (the "Rules") to commence a series of adversary proceedings years after their time for doing so expired, DPH Holdings Corporation and certain of its affiliated reorganized debtors (the "Debtors" or "Reorganized Debtors," as applicable) are now left with stale complaints that do not conform to Rule 8 pleading requirements and have moved to file amended complaints (the "Motion"). However, numerous factors weigh against granting the Motion with respect to the complaint (the "Complaint") filed against Vishay in the above-captioned adversary proceeding (the "Action").

2. First, Vishay would be prejudiced if the Motion is granted and the Reorganized Debtors would be unduly rewarded. Because of the passage of time, Vishay's ability to defend itself against the allegations set forth in the Complaint has been compromised. The statutory period for bringing preference actions passed long before Vishay learned of the Complaint and records have not been preserved in a manner that contemplated the possibility of litigation. Allowing the Reorganized Debtors to gain an advantage would be particularly unjust as the substantial period of delay is solely a product of their machinations. In any event, prejudice is presumed in light of the Reorganized Debtors' unreasonable delay in prosecuting the Action.

3. Second, the Motion should not be granted because to allow the Debtors to amend the Complaint would be futile. Vishay was not served with, and had no actual or constructive notice of the Reorganized Debtors' motion to seal the

1

Complaint and their subsequent motions to extend the time to serve them (the "Sealing and Extension Motions," Docket Nos. 8905, 12922, 13361, 18952).  Hence Vishay may now challenge the Sealing and Extension Motions *de novo*.  Because the relief that the Debtors sought in the Sealing and Extension Motions was improper, the orders granting those motions (the "Sealing and Extension Orders," Docket Nos. 9105, 13277, 13484, 18999) should be vacated, and the Action should be rendered time-barred.  Additionally, the Reorganized Debtors' claims are futile because the Debtor-plaintiff in the Action, Delphi Automotive Systems, LLC ("DAS" or the "Plaintiff") was solvent at the time of the alleged preferential transfers.

4. For the foregoing reasons, the Court should exercise its discretion to deny the Motion.

## STATEMENT OF FACTS SPECIFIC TO VISHAY

5. Before and after the commencement of the Debtors' bankruptcy proceedings (the "Petition Date"), Vishay and its affiliated entities supplied the Debtors with certain electronic components pursuant to approximately 175 separate accommodation contracts (the "Contracts").  See Declaration of Avner Lahat annexed hereto as **Exhibit A**, (the "Lahat Dec.") ¶ 4.

6. On July 13, 2006, Vishay filed proof of claim numbers 9452, 9453 and 9454 in the Debtors' bankruptcy proceedings.  On July 14, 2009, Vishay filed administrative priority claim number 18679.

7. Vishay did not file a notice of appearance in Delphi's bankruptcy proceedings and was not included on any electronic or other lists for service of motions.

2

Vishay did not receive notice of the Sealing and Extension Motions. <u>See</u> Affs. of Service, Docket Nos. 9039, 12970, 13415, 18967.

8.   Vishay had no actual or constructive notice of entry of the Sealing and Extension Orders. <u>See</u> Affs. of Service, Docket Nos. 9141, 13315, 13540; Lahat Dec. ¶7.

9.   Vishay was similarly unaware that the Debtors had purported to commence the Action, seeking the recovery of $4,050,504.49 in alleged preferences. Lahat Dec., ¶8.

10.   Given the passage of time, Vishay is unable to confirm whether it received a copy of the Disclosure Statement, and, in any event, would not have understood from the Disclosure Statement that the claims against Vishay were being preserved. Lahat Dec. ¶9.

11.   Certain Vishay employees who were directly involved with the Delphi sales account and whose insight would have been relevant to the Action are no longer with Vishay. Erich Schaedlich is one such individual. As a senior executive directly responsible for global sales and marketing, Mr. Schaedlich was critically involved with the relationship between Vishay and the Debtors. Among other responsibilities, he was charged with negotiating the terms of sales agreements with the Debtors. His testimony and records would be directly relevant to the Action. However, no steps were taken to preserve his records when he left Vishay, and many or all of his hard documents, emails and electronic files have very likely been discarded or erased. Any electronic or hard records that have not been completely discarded or erased would

3

take substantial resources to attempt to recover (with the outcome of such efforts uncertain). Lahat Dec. at ¶ 10.

12. Because Vishay was unaware of either the Action or the Sealing and Extension Motions, after the expiration of the statutory limitations period Vishay did not take the same steps it would have taken with respect to preserving electronic and physical records had it known of the pendency of the Action. Emails and other electronic records were not uniformly preserved. Physical records have not been maintained or stored with the possibility of litigation in mind. Lahat Dec. ¶11.

## ARGUMENT

13. To avoid burdening the Bankruptcy Court with duplicative arguments, Vishay joins in and incorporates by reference hereto all of the procedural facts and legal arguments set forth in objections to the Motion filed by other Preference Defendants (the "Objections") on the date hereof including.[1]  See, e.g., Docket No. 20841.

14. Among other arguments incorporated by reference herein, Vishay specifically incorporates arguments with respect to: (a) the presumption of prejudice that it has suffered in light of the Reorganized Debtors' lengthy delay in prosecuting the Action; (b) the futility of granting the Motion in light of the fact that (i) the Sealing and Extension Orders should be vacated as improvidently entered and (ii) Plaintiff was solvent at the time of the allegedly preferential transfers.

15. Moreover, the facts specific to Vishay set forth above establish that Vishay was greatly prejudiced by the delay in service of the Complaint and would be

---

[1] See Transcript of Hearing, July 22, 2010, p. 209 (Given number of defendants, Court is "amenable" to coordinated response).

4

KL2 2675461.3

prejudiced if the Complaint were permitted to be amended. Due to, among other things, the loss or destruction of records, the passage of time, the fading of memories and the loss of relevant personnel, Vishay's ability to defend the Action has been compromised.

## CONCLUSION

16. For the reasons set forth herein, in the Objections and the Lahat Declaration, Vishay respectfully requests that the Court deny the Motion.

Dated: November 24, 2010
      New York, New York

                                 Respectfully submitted,

                                 Kramer Levin Naftalis & Frankel LLP

                                 By:  /s/ Jordan Kaye
                                     P. Bradley O'Neill
                                     Jordan D. Kaye

                                 1177 Avenue of the Americas
                                 New York, New York 10036
                                 Telephone: (212) 715-9489
                                 Fax: (212) 715-8000

                                 *Counsel to Vishay Americas, Inc.*

KL2 2675461.3

# **<u>EXHIBIT A</u>**

05-44481-rdd    Doc 20900    Filed 11/24/10    Entered 11/24/10 14:22:58    Main Document
Pg 7 of 11

# **<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
                                                             :
In re:                                                       :   Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :   Case No. 05-44481 (RDD)
                                                             :   Jointly Administered
------------------------------------------------------------ X
DELPHI CORPORATION, et al.,                                  :
                                                             :   Adv. Pro. No. 07-02556 (RDD)
Plaintiffs,                                                  :
                                                             :
-against-                                                    :
                                                             :
VISHAY AMERICAS, INC.,                                       :
                                                             :
Defendant.                                                   :
------------------------------------------------------------ X
```

# DECLARATION OF AVNER LAHAT

I, Avner Lahat, hereby declare, under penalty of perjury, that the following is true and correct to the best of my knowledge, information, and belief:

1. I make this declaration in support of Vishay America's ("Vishay's") objection to the motion of the above-captioned reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors" or "Debtors," as applicable) for leave to file amended complaints.

2. I hold the position of Senior Director or Legal Services. In this capacity, I am generally familiar with the history of the business relationship between Vishay and the Reorganized Debtors.

3. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

KL2 2675347.3

- 1 -

4.  Before and after the commencement of the Debtors' bankruptcy proceedings (the "Petition Date"), Vishay and its affiliated entities supplied the Debtors with certain electronic components pursuant to approximately 175 separate accommodation contracts (the "Contracts").

5.  On July 13, 2006, Vishay filed proof of claim numbers 9452, 9453 and 9454 in the Debtors' bankruptcy proceedings. On July 14, 2009, Vishay filed administrative priority claim number 18679.

6.  Vishay did not file a notice of appearance in Delphi's bankruptcy proceedings and was not included on any electronic or other lists for service of motions. Vishay did not receive the motions of the Debtors that sought the Court's leave to file the Complaint under seal and extend the time for service (the "Sealing and Extension Motions," Docket Nos. 8905, 12922, 13361, 18952). See Affs. of Service, Docket Nos. 9039, 12970, 13415, 18967.

7.  Vishay had no actual or constructive notice of entry of the orders granting the Sealing and Extension Motions (the "Sealing and Extension Orders," Docket Nos. 9105, 13277, 13484, 18999) or their impact on Vishay. See Affs. of Service, Docket Nos. 9141, 13315, 13540.

8.  Vishay was similarly unaware that the Debtors had commenced a preference action against it seeking the recovery of $4,050,504.49 in alleged preferences (the "Action") until it was served with a copy of the Complaint in or around March 2010.

9.  Given the passage of time, Vishay is unable to confirm whether it received a copy of the Debtors' disclosure statement or plan of reorganization, and, in

KL2 2675347.3

- 2 -

any event, would not have understood from its terms that claims against Vishay were being preserved.

10. Certain Vishay employees who were directly involved with the Delphi sales account and whose insight would have been relevant to the Action are no longer with Vishay. Erich Schaedlich is one such individual. As a senior executive directly responsible for global sales and marketing, Mr. Schaedlich was critically involved with the relationship between Vishay and the Debtors. Among other responsibilities, he was charged with negotiating the terms of sales agreements with the Debtors. His testimony and records would be directly relevant to the Action. However, no steps were taken to preserve his records when he left Vishay, and many or all of his hard documents, emails and electronic files have very likely been discarded or erased. Any electronic or hard records that have not been completely discarded or erased would take substantial resources to attempt to recover (with the outcome of such efforts uncertain).

11. Because Vishay was unaware of either the Action or the Sealing and Extension Motions, after the expiration of the statutory limitations period, Vishay did not take the steps it typically would have taken with respect to preserving electronic and physical records had it known of the pendency of the Action. As a consequence of this, records that are potentially relevant to the Action have been destroyed, misplaced or would require substantial efforts to attempt to recover (again, with the outcome of such efforts uncertain).

KL2 2675347.3

- 3 -

12.  In conclusion, Vishay has been greatly prejudiced by the Reorganized Debtors' undue delay in pursuing the preference action.

Dated: November 24, 2010
Malvern, Pennsylvania

/s/ *Avner Lahat*
Avner Lahat