MONTGOMERY, ELSNER & PARDIECK, LLP  
308 West 2nd Street  
Seymour, IN 47274  
Telephone: (812) 522-4109  
Facsimile: (812) 522-6473  
wbraman@meplegal.com

**Objection Deadline:** November 24, 2010  
**Reply Deadline:** January 28, 2011  
**Hearing Date:** February 17, 2011

William M. Braman  
(Admitted *Pro Hac Vice*)

Attorneys for Universal Tool and Engineering Company, Inc.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | (Jointly Administered) |

| | |
|---|---|
| DELPHI AUTOMOTIVE SYSTEMS, LLC, | |
| Plaintiff | |
| - v – | Adversary Proceeding No. 07-02505-rdd |
| UNIVERSAL TOOL & ENGINEERING COMPANY, INC., | |
| Defendant | |

## AFFIDAVIT OF JANE A. GRUMMANN

Jane A. Grummann, being first duly sworn upon her oath, says as follows:

1. I am the duly elected and acting President of Universal Tool & Engineering Company, Inc. ("Universal Tool").

2. I am over the age of eighteen (18) and suffer from no disability which would render my testimony herein incompetent.

3. I have personal knowledge of all facts stated herein.

4. Between September 28, 2007 and February 26, 2010, when Universal Tool was served with a summons and complaint filed by Delphi Corporation and certain affiliates in this action (the "Reorganized Debtors"), Universal Tool ceased all manufacturing operations and now exists only as the owner of certain commercial real estate located in Marion County, Indiana.

5. Between September 28, 2007 and February 26, 2010, Universal Tool terminated all employees, except the undersigned, including employees with substantial knowledge of Universal Tool's business relationship with Reorganized Debtors.

6. Between September 28, 2007 and February 26, 2010, Universal Tool has purged some of its business records and moved other business records, and it is likely that records pertinent to Universal Tool's business relationship with Reorganized Debtors and the alleged preferential transfers at issue in this litigation have been lost or destroyed.

7. Because Universal Tool was not aware of the existence of this action until February 26, 2010, Universal Tool did not, and had no reason to, establish a reserve to cover the costs of litigation or to cover any amounts required to be paid should this action be decided against Universal Tool.

8. Having no notice that it had been sued by Reorganized Debtors, Universal Tool ceased operations and terminated employees who had worked with Reorganized Debtors without taking any steps to organize or preserve information.

9. Universal Tool did not hold exit interviews with departing employees who were knowledgeable about Universal Tool's business relationship with Reorganized Debtors or make arrangements to keep in touch with them.

10. If Universal Tool had known that Reorganized Debtors were suing Universal Tool (despite the passage of the statute of limitations), Universal Tool would have taken special steps to organize and preserve its records with respect to Reorganized Debtors, and would have held exit interviews with terminated employees, who were knowledgeable about Universal Tool's business relationship with Reorganized Debtors.

I affirm under the penalties for perjury that the above and foregoing representations are true to the best of my knowledge and belief.

DATED this _22_ day of November, 2010.

Jane A. Grummann, President

STATE OF _INDIANA_,
COUNTY OF _MARION_, SS:

Before me, a Notary Public in and for said County and State, personally appeared Jane A. Grummann, President of Universal Tool & Engineering Company, Inc., and subscribed and swore that the facts and representations set forth herein are true.

Dated this _22nd_ day of November, 2010.

Cynthia N. Morris, Notary Public
My Commission Expires: _3-14-16_
My County of Residence: _MARION_