# EXHIBIT A

- 1 -

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 05-44481 (RDD); Adv. Proc. No. 07-02619 (RDD);

5   Adv. Proc. No. 07-02242 (RDD); Adv. Proc. No. 07-02256 (RDD);

6   Adv. Proc. No. 07-02333 (RDD); Adv. Proc. No. 07-02580 (RDD);

7   Adv. Proc. No. 07-02661 (RDD); Adv. Proc. No. 07-02743 (RDD);

8   Adv. Proc. No. 07-02768 (RDD); Adv. Proc. No. 07-02769 (RDD);

9   Adv. Proc. No. 07-02790 (RDD); Adv. Proc. No. 07-02076 (RDD);

10  Adv. Proc. No. 07-02084 (RDD); Adv. Proc. No. 07-02096 (RDD);

11  Adv. Proc. No. 07-02125 (RDD); Adv. Proc. No. 07-02177 (RDD);

12  Adv. Proc. No. 07-02188 (RDD); Adv. Proc. No. 07-02211 (RDD);

13  Adv. Proc. No. 07-02212 (RDD); Adv. Proc. No. 07-02236 (RDD);

14  Adv. Proc. No. 07-02250 (RDD); Adv. Proc. No. 07-02262 (RDD);

15  Adv. Proc. No. 07-02270 (RDD); Adv. Proc. No. 07-02291 (RDD);

16  Adv. Proc. No. 07-02328 (RDD); Adv. Proc. No. 07-02337 (RDD);

17  Adv. Proc. No. 07-02348 (RDD); Adv. Proc. No. 07-02432 (RDD);

18  Adv. Proc. No. 07-02436 (RDD); Adv. Proc. No. 07-02449 (RDD);

19  Adv. Proc. No. 07-02479 (RDD); Adv. Proc. No. 07-02525 (RDD);

20  Adv. Proc. No. 07-02534 (RDD); Adv. Proc. No. 07-02539 (RDD);

21  Adv. Proc. No. 07-02551 (RDD); Adv. Proc. No. 07-02581 (RDD);

22  Adv. Proc. No. 07-02597 (RDD); Adv. Proc. No. 07-02618 (RDD);

23  Adv. Proc. No. 07-02623 (RDD); Adv. Proc. No. 07-02659 (RDD);

24  Adv. Proc. No. 07-02672 (RDD); Adv. Proc. No. 07-02702 (RDD);

25  Adv. Proc. No. 07-02723 (RDD); Adv. Proc. No. 07-02743 (RDD);

- 2 -

1   Adv. Proc. No. 07-02744 (RDD); Adv. Proc. No. 07-02750 (RDD);

2   Adv. Proc. No. 07-02188 (RDD)

3   - - - - - - - - - - - - - - - - - - - -x

4   In the Matter of:

5   DPH HOLDINGS CORP., et al.,

6                        Reorganized Debtors.

7   - - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10      -against-

11  SETECH INC., et al.,

12                       Defendants.

13  - - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15                       Plaintiffs,

16      -against-

17  DUPONT COMPANY, et al.,

18                       Defendants.

19  - - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21                       Plaintiffs,

22      -against-

23  ECO-BAT AMERICA LLC,

24                       Defendant.

25  - - - - - - - - - - - - - - - - - - - -x

- 3 -

1    - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                           Plaintiffs,

4        -against-

5    GLOBE MOTORS INC.,

6                           Defendant.

7    - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                           Plaintiffs,

10       -against-

11   PHILIPS SEMICONDUCTOR, et al.,

12                          Defendants.

13   - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16       -against-

17   SUMMIT POLYMERS INC.,

18                          Defendant.

19   - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22        -against-

23   M & Q PLASTIC PRODUCTS, et al.,

24                          Defendants.

25   - - - - - - - - - - - - - - - - - -x

- 4 -

1   - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3                          Plaintiffs,

4        -against-

5   RSR CORPORATION, et al.,

6                          Defendants.

7   - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                          Plaintiffs,

10        -against-

11   RSR/ECOBAT,

12                          Defendant.

13   - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16        -against-

17   TYCO et al.,

18                          Defendants.

19   - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22        -against-

23   AHAUS TOOL & ENGINEERING INC.,

24                          Defendant.

25   - - - - - - - - - - - - - - - - - -x

- 5 -

1    - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4        -against-

5    A 1 SPECIALIZED SVC & SUPP., INC.,

6                        Defendant.

7    - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10        -against-

11    A-1 SPECIALIZED SERVICES,

12                        Defendant.

13    - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16        -against-

17    ATS AUTOMATION TOOLING SYSTEMS INC., et al.,

18                        Defendants.

19    - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22        -against-

23    CORNING INC., et al.,

24                        Defendants.

25    - - - - - - - - - - - - - - - - - -x

- 6 -

1    - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                          Plaintiffs,

4        -against-

5    CRITECH RESEARCH INC.,

6                          Defendant.

7    - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                          Plaintiffs,

10       -against-

11   DOSHI PRETTL INTERNATIONAL, et al.,

12                          Defendants.

13   - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16       -against-

17   D & R TECHNOLOGY LLC, et al.,

18                          Defendants.

19   - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22       -against-

23   DSSI, et al.,

24                          Defendants.

25   - - - - - - - - - - - - - - - - - - -x

- 7 -

1    - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                         Plaintiffs,

4        -against-

5    DANOBAT MACHINE TOOL CO. INC.,

6                         Defendant.

7    - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                         Plaintiffs,

10        -against-

11    EDS, et al.,

12                         Defendants.

13    - - - - - - - - - - - - - - - - - -x

14    DELPHI CORPORATION, et al.,

15                         Plaintiffs,

16        -against-

17    BP, et al.,

18                         Defendants.

19    - - - - - - - - - - - - - - - - - -x

20    DELPHI CORPORATION, et al.,

21                         Plaintiffs,

22        -against-

23    CARLISLE, et al.,

24                         Defendants.

25    - - - - - - - - - - - - - - - - - -x

- 8 -

1    - - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4         -against-

5    GKNS INTERMETALS,

6                        Defendant.

7    - - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10        -against-

11   EX-CELL-O MACHINE TOOLS INC.,

12                        Defendant.

13   - - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16        -against-

17   JOHNSON CONTROLS, et al.,

18                        Defendants.

19   - - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22        -against-

23   NILES USA INC., et al.,

24                        Defendants.

25   - - - - - - - - - - - - - - - - - - -x

- 9 -

1   - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3                          Plaintiffs,

4      -against-

5   METHODE ELECTRONICS INC., et al.,

6                          Defendants.

7   - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                          Plaintiffs,

10      -against-

11   MICROCHIP,

12                          Defendant.

13   - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16      -against-

17   HEWLETT PACKARD, et al.,

18                          Defendants.

19   - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22      -against-

23   OLIN CORP,

24                          Defendant.

25   - - - - - - - - - - - - - - - - - -x

- 10 -

```
1    - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                        Plaintiffs,

4        -against-

5    INTEC GROUP,

6                        Defendant.

7    - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                        Plaintiffs,

10       -against-

11   VALEO, et al.,

12                       Defendants.

13   - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                       Plaintiffs,

16       -against-

17   VANGUARD DISTRIBUTORS,

18                       Defendant.

19   - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                       Plaintiffs,

22       -against-

23   VICTORY PACKAGING, et al.,

24                       Defendants.

25   - - - - - - - - - - - - - - - - -x
```

- 11 -

1  - - - - - - - - - - - - - - - - - -x

2  DELPHI CORPORATION, et al.,

3                          Plaintiffs,

4      -against-

5  WAGNER-SMITH COMPANY,

6                          Defendant.

7  - - - - - - - - - - - - - - - - - -x

8  DELPHI CORPORATION, et al.,

9                          Plaintiffs,

10      -against-

11  WELLS FARGO BUSINESS, et al.,

12                          Defendants.

13  - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15                          Plaintiffs,

16      -against-

17  SELECT TOOL & DIE CORP.,

18                          Defendant.

19  - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21                          Plaintiffs,

22      -against-

23  SHUERT INDUSTRIES INC.,

24                          Defendant.

25  - - - - - - - - - - - - - - - - - -x

- 12 -

1    - - - - - - - - - - - - - - - - - -x

2    DELPHI CORPORATION, et al.,

3                              Plaintiffs,

4         -against-

5    SUMITOMO, et al.,

6                              Defendants.

7    - - - - - - - - - - - - - - - - - -x

8    DELPHI CORPORATION, et al.,

9                              Plaintiffs,

10        -against-

11   TECH CENTRAL,

12                             Defendant.

13   - - - - - - - - - - - - - - - - - -x

14   DELPHI CORPORATION, et al.,

15                             Plaintiffs,

16        -against-

17   PRUDENTIAL RELOCATION, et al.,

18                             Defendants.

19   - - - - - - - - - - - - - - - - - -x

20   DELPHI CORPORATION, et al.,

21                             Plaintiffs,

22        -against-

23   LDI INCORPORATED,

24                             Defendant.

25   - - - - - - - - - - - - - - - - - -x

- 13 -

1   - - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3                         Plaintiffs,

4       -against-

5   M & Q PLASTIC PRODUCTS, et al.,

6                         Defendants.

7   - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9                         Plaintiffs,

10      -against-

11  REPUBLIC ENGINEERED PRODUCTS, et al.,

12                        Defendants.

13  - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15                        Plaintiffs,

16      -against-

17  RIECK GROUP LLC,

18                        Defendant.

19  - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21                        Plaintiffs,

22      -against-

23  CRITECH RESEARCH INC.,

24                        Defendant.

25  - - - - - - - - - - - - - - - - - - -x

- 14 -

1    U.S. Bankruptcy Court

2    300 Quarropas Street

3    White Plains, New York

4

5    July 22, 2010

6    10:20 AM

7

8

9 B E F O R E:

10 HON. ROBERT D. DRAIN

11 U.S. BANKRUPTCY JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

VERITEXT REPORTING COMPANY
www.veritext.com
212-267-6868        516-608-2400

DPH HOLDINGS CORP., et al.

- 103 -

1   this point, but to me the Constitutional issue, you know, the

2   due-process issue here, is not so much the running of time as

3   the issue of whether and how the defendants got notice of the

4   Rule 4 motions.  If they didn't get notice, then it's wide

5   open.  If they did get notice, I think there's a 60(b) hurdle.

6   But if they didn't get notice, it's wide open and I should look

7   at it as whether, you know, it was appropriate to have entered

8   those orders.  And they should have all their -- you know,

9   their right to say they shouldn't have been entered.

10       MS. SCHWEITZER:  Right.  Your Honor, I think Your

11   Honor -- as you're raising, there are very difficult questions

12   raised when you look at both sides of this argument.  You

13   raised several points and I'd like to take some of them in

14   turn.  The first one is just the raising of the 4(m) and the

15   fact the Supreme Court has said that there's no per se due-

16   process violation in terms of changing a statute of

17   limitations.  That's said in the context of policy decisions of

18   policymakers making a uniform decision that 'We're going to

19   change the rule.  We're going to change the law because BP has

20   now intoxicated the entire Gulf of Mexico and we need to say

21   it's not fair that people have a year to bring those claims.'

22   There's been no grand policy decisions here.

23       And in fact the debtors didn't need more time to bring

24   the claims.  The debtors said 'I'll file these claims in a

25   timely manner.'

DPH HOLDINGS CORP., et al.

- 104 -

1          THE COURT:  But, I mean, a policy could be un-

2     Constitutional too.  I mean, Congress may say that we want to,

3     you know -- well --

4          MS. SCHWEITZER:  Right.

5          THE COURT:  -- that 'We decide as a policy matter to

6     legalize slavery.  You know, that clearly violate the due-

7     process clause.  It's a policy decision, but --

8          MS. SCHWEITZER:  Right.

9          THE COURT:  So I don't --

10          MS. SCHWEITZER:  But --

11          THE COURT:  I mean, I think the point is that the

12     statute of limitations, I don't believe, is the type of

13     interest that's protected by due process.

14          MS. SCHWEITZER:  But I think that there's two

15     different things that happen here to the debtors is that they

16     claim that they satisfied the statute of limitations.  They

17     said 'We filed these timely,' right?  And 'We met the two and a

18     half year deadline.'

19          THE COURT:  Right.

20          MS. SCHWEITZER:  'But what we want to do after that

21     point is put these in a drawer, put them under lock and seal

22     and affirmatively not tell people about these claims' in two

23     different ways:  in filing these extension motions without

24     particularized notice, and I'll get to that; and the second way

25     is affirmatively sealing not only the complaint, which we now

DPH HOLDINGS CORP., et al.

- 105 -

1   know contains no confidential information, no commercial reason

2   that you need to sell this complain other than to let someone

3   know it doesn't exist.

4          THE COURT:  Right.

5          MS. SCHWEITZER:  And they not only sealed that, but

6   they actually sealed the docket itself so that any diligent

7   counterparty who regularly searches the federal docket to find

8   out if they've been sued and whether it's because they're

9   selling their company or because they want to take reserves or

10  because they want to do whatever they do in the ordinary

11  course, could not find this docket.

12         And the debtors' explanation for that is they want to

13  preserve business relationships with folks, folks I assume like

14  HP who has continued to do business with them.

15         THE COURT:  I understand, but to me that all goes to

16  laches.  I mean, it just -- it strikes me that tomorrow

17  Congress could say that for debtors-in-possession the two-year

18  period is a six-year period.  And there's nothing that you all

19  could do about that.

20         MS. SCHWEITZER:  But the fact --

21         THE COURT:  I mean, you could vote out your

22  congressmen, but that would be it.

23         MS. SCHWEITZER:  Right, and -- fair enough, but I

24  think that the answer there is that if you -- that these

25  arguments definitely do bleed into each other.  And whether you

DPH HOLDINGS CORP., et al.

- 106 -

1   want to say it's per se laches, which you can, again, decide on

2   a motion to dismiss, that there are facts that are common to

3   people, right?  That the complaints themselves were hidden from

4   everyone for two and a half years.

5         Rule 4(m) is an extension of time to serve people, not

6   to not serve people.  They asked for permission not to serve

7   people.  And what they said in their original motions, which is

8   probably different than how it played out, was, 'We want to

9   preserve business relationships.  We want to work with

10   people --

11         THE COURT:  No, I understand that point and it seems

12   to me it may make more sense to move from, sort of, the basic

13   due process argument that you started out with to the point

14   that the order shouldn't have been entered in the first place

15   and can be looked at, you know, on a blank slate for those who

16   didn't get notice of them.

17         MS. SCHWEITZER:  Right.  Well, I think that -- so

18   let's take the notice argument, because I know that is another

19   thing you raised and it's a fair point.  There are certain

20   defendants in the room such as Mr. Gottfried whose clients were

21   not creditors of the estate at all.  They didn't appear; they

22   weren't creditors; they closed their books; they weren't on

23   notice of the motion.  I think that's the most extreme version

24   of 'I, A, didn't know there was a claim against me, I didn't

25   even know I had to hire a lawyer to monitor this bankruptcy

DPH HOLDINGS CORP., et al.

- 107 -

1   case and I certainly was never told of the extension of

2   times' --

3          THE COURT:  Right.

4          MS. SCHWEITZER:  -- 'so I didn't have an opportunity

5   to contest that.'  I, quite frankly, think that's the slam

6   dunk, right?  Because you look at that and you say --

7          THE COURT:  Well, it's a slam dunk as far as looking

8   at the order as brand new.  I don't think it necessarily means

9   that the orders aren't effective as to that person; it just

10  means that that person can raise whatever issue they want as to

11  that order -- as to those orders.

12         MS. SCHWEITZER:  Right.  And I would happily go into

13  the arguments as looking as the orders as brand new, but I do

14  want to be respectful of not dupli --

15         THE COURT:  I'm sorry.  The arguments of?

16         MS. SCHWEITZER:  Of looking at each of these orders

17  brand new and how they played out --

18         THE COURT:  Okay.

19         MS. SCHWEITZER:  I do want to be respectful of the

20  fact that Mr. Winsten was going to address --

21         THE COURT:  All right.

22         MS. SCHWEITZER:  -- those arguments, so --

23         THE COURT:  Okay.

24         MS. SCHWEITZER:  -- I won't step on that point.

25         THE COURT:  That's fine.

DPH HOLDINGS CORP., et al.

- 118 -

1    we've been sued and what the notice is. When you look at the

2    sufficiency of the complaints --

3         THE COURT: Well, that's a separate issue. I

4    understand that issue. That's a separate issue.

5         MS. SCHWEITZER: I think it's a separate issue, but I

6    think that -- I mean, first, my answer would be yes. You can

7    take notice of the fact that there's a passage of time, that

8    there's been not only two things, a lack of notice -- a lack of

9    adequate notice, and not only a lack of notice but a concerted

10   effort to hide the complaints, coupled with the fact of the

11   passage of time and the things that have happened over that

12   time, the defendants didn't have an opportunity during this

13   time to use those complaints to their advantage, quite frankly.

14   That the -- whether to get information from the debtors before

15   the business were sold and, quite frankly, taking the debtors'

16   explanation at face value, 'We wanted to preserve business

17   relationships because we didn't want adverse consequences to

18   flow from the knowledge that these complaints existed.'

19        What did that mean? People could have said, 'I'm

20   doing business with you and I don't want to keep doing business

21   with you.' 'I'm doing business with you but I want these

22   claims settled, as a part of doing business with you.' 'I'm

23   not doing business with you, but I would happily trade away

24   some of these claims for doing business with you.' 'I got a

25   plan in the mail but you know what? Everything is going so

DPH HOLDINGS CORP., et al.

- 119 -

1  smoothly with you, I'm going to say' --

2  THE COURT:  But, again, isn't that on a case-by-case

3  basis?  I mean, I -- as far as I can see, there's one case that

4  concludes that 4(m) relief was improperly granted and that case

5  wasn't on due process grounds.  The Ninth Circuit just said,

6  'You know, we don't really set a standard for when it's

7  improperly granted, but it was improperly granted.'  So, I

8  mean, it just seems to me that it's much more of a case-by-case

9  analysis, depending on the, you know, the harm that happened to

10  people.

11  MS. SCHWEITZER:  Right.  Well, I guess --

12  THE COURT:  With the exception -- let me stop you.

13  MS. SCHWEITZER:  Okay.

14  THE COURT:  With the exception that under Rule

15  60(b)(4), if someone really didn't get notice of the extension

16  motions, then it would seem to me they should be able to argue

17  to me as if the motions were being made right now, although

18  I'll hear the debtors on that.  But, that seems to be the way

19  to look at it.

20  MS. SCHWEITZER:  Right.  Well, Your Honor --

21  THE COURT:  And then, the notice that would trigger

22  the Rule 60(b)(4) analysis would be due process notice and

23  consistent with not only Espinosa, but Mulane and the like.

24  It's true, if -- if the notice was buried or confusing or the

25  like, then I would understand that, too, as a violation of due