HEARING DATE: FEBRUARY 17, 2011 AT 10:00 A.M.
REPLY DEADLINE: JANUARY 28, 2011

CARSON FISCHER, P.L.C.
*Counsel for Acord Holdings, LLC*
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI  48302
(248) 644-4840
Patrick J. Kukla (admitted *pro hac vice*)
pkukla@carsonfischer.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                            :
In re:                                      :        Chapter 11
                                            :        Case No.: 05-44481(RRD)
DPH HOLDINGS CORP., *et al.,*                :        (Jointly Administered)
                                            :
          Reorganized Debtors               :
------------------------------------------------------x
                                            :
DELPHI CORPORATION, et al.                  :
                                            :
          Plaintiffs,                       :        Adv. Pro. No. 07-02147-RRD
                                            :
vs.                                         :
                                            :
ACORD INC.                                  :
                                            :
          Defendant.                        :
------------------------------------------------------x

## ACORD HOLDINGS, LLC'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Acord Holdings, LLC[1] ("Acord Holdings"), by its counsel, Carson Fischer, P.L.C.,

objects to Reorganized Debtors' Motion for Leave to File Amended Complaints (the

"Motion to Amend") [A.P. Docket No. 33[2]] and hereby states as follows:

---

[1] Acord Inc., the named defendant in this adversary proceeding, is a dissolved corporation. Acord Holdings, LLC is a successor in interest to certain assets previously held by Acord Inc. prior to its dissolution. Acord Holdings, LLC files this brief in opposition to the Reorganized Debtors' Motion to Amend on behalf of Acord Holdings, LLC successor in interest to certain assets previously held by Acord Inc. Additionally, since the motion seeks to amend the complaint to add Acord Holdings as a defendant in the adversary proceeding, Acord Holdings also files this brief in opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaint in its own right, as a party against whom leave to amend is sought.

## PRELIMINARY STATEMENT

The Reorganized Debtors seek leave to amend a complaint that was originally filed under seal on September 28, 2007 and which was not served until approximately 2 ½ years later.  Now, three years after the filing of the original complaint, the Reorganized Debtors ask this Court for permission to amend the complaint to, among other things, add an additional defendant and correct the deficiencies that exist in the complaint.  Because the proposed amended complaint is barred by the statute of limitations and the proposed amended complaint is futile, the Motion to Amend should be denied.  The Motion to Amend should also be denied as a result of the Reorganized Debtors' undue delay which has prejudiced Acord Holdings.   For these reasons and those set forth in greater detail below, Acord Holdings requests that the Motion to Amend be denied.

## FACTS

On October 8 and October 14, 2005, Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "**Reorganized Debtors**") each filed voluntary petitions for relief under Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code").   Pursuant to Section 546(a) of the Bankruptcy Code, the 2-year statute of limitations for the Reorganized Debtors to bring avoidance actions expired in October, 2007.

On August 6, 2007, shortly before the expiration of the statute of limitations, the Reorganized Debtors filed a motion seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced under 11 U.S.C. §547 (the "**First Extension Motion**"). The First Extension Motion sought: (a) leave to file

---

[2] Unless a reference to a docket entry includes the description "A.P., the reference is to the lead bankruptcy case docket.  Docket references that include "A.P." refer to docket entries in the adversary proceeding.

avoidance actions under seal; and (b) an extension of time beyond the 120-day period provided for in Fed. R. Civ. P. 4(m) to serve summonses and complaints. The Reorganized Debtors did not provide either Acord Inc. or Acord Holdings with notice of the First Extension Motion. (See **Exhibit A**, Affidavit of Service[3] [Docket No. 9039]. On August 16, 2007, the Court entered an order (the "**Procedures Order**") [Docket No. 9105] granting the Reorganized Debtors permission to file the adversary complaints under seal and granting an extension of time to March 31, 2008 to serve the adversary complaints.

On September 28, 2007, the Reorganized Debtors filed a complaint (the "**Complaint**") against Acord Inc. seeking to recover $700,596.40 in alleged preferential transfers. (See **Exhibit E**, Complaint). The Complaint was filed under seal. At or around the time the Complaint was filed, the Reorganized Debtors filed over 700 similar complaints against other defendants (collectively with the Complaint, the "**Original Complaints**"). The Original Complaints were all form complaints with each following the same pattern as to the allegations against the respective defendants.

On February 8, 2008, the Reorganized Debtors filed a motion seeking a second extension, until May 31, 2008, to serve the original Complaints (the "**Second Extension Motion**") [Docket No. 12922]. Again, the Reorganized Debtors gave ***no notice*** of the Second Extension Motion to either Acord Inc. or Acord Holdings. (See **Exhibit B**, Affidavit of Service) [Docket No. 12970]. The Court granted the Second Extension Motion on March 28, 2008 (the "**Second Extension Order**").

Shortly after entry of the Second Extension Order, the Equity Purchase and Commitment Agreement (the "**EPCA**"), which was integral to the Reorganized Debtors'

---

[3] Since the Affidavit of Service is voluminous, Acord Holdings has only attached the portion of the Affidavit that identifies the parties who were served. This is also the case with respect to Exhibits B, C and D.

proposed emergence from bankruptcy, failed to close.   After the EPCA failed to close, the

Reorganized Debtors, on April 10, 2008, filed yet another motion seeking to extend the

service deadline (the "**Third Extension Motion**") [Docket No. 13361].   The Third

Extension Motion sought an extension until thirty (30) days after the substantial

consummation of the Reorganized Debtors' plan.   Given the inability of the Plan to

become effective, the extension requested in the Third Extension Motion had the practical

effect of extending the limitations period indefinitely.   Consistent with prior practice, the

Reorganized Debtors did not give either Acord Inc. or Acord Holdings notice of the Third

Extension Motion.  (See **Exhibit C**, Affidavit of Service) [Docket No. 13415].   The Court

granted the Third Extension Motion on April 30, 2008 (the "**Third Extension Order**")

[Docket No. 13484].

On October 2, 2009, four years after the bankruptcy petition was filed,

approximately two years after expiration of the statute of limitations and over a year after

entry of the Third Extension Order, the Reorganized Debtors filed a motion seeking yet

another extension (the "**Fourth Extension Motion**, and collectively with the First

Extension Motion, Second Extension Motion and Third Extension Motion, the "**Extension**

**Motions**"). [Docket No. 18952].  The Fourth Extension Motion sought to further extend

the deadline for service of process until 180-days after substantial consummation of the

Reorganized Debtors' plan.  The effective date of the plan occurred on October 6, 2009.

[Docket No. 18958].   Again, the Reorganized Debtors gave ***no notice*** of the Fourth

Extension Motion to either Acord Inc. or Acord Holdings.  (See **Exhibit D**, Affidavit of

Service) [Docket No. 18967).  The Court granted the Fourth Extension Motion on October

22, 2009 (the "**Fourth Extension Order**" collectively with the Procedures Order, Second

Extension Order and Third Extension Order, the "**Extension Orders**") [Docket No. 18999].

After having provided no notice to Acord Inc. or Acord Holdings that a Complaint had been filed under seal, Delphi finally served the Complaint on February 19, 2010, 2 ½ years after expiration of the statute of limitations and **4 ½ years after the alleged preferential transfers were made**.

The Complaint named only Acord Inc. as a defendant. No claims were asserted against Acord Holdings. The Complaint provided no information other than the alleged "transfer date," "transfer amount" and "transfer type" for the transfers that Reorganized Debtors sought to avoid. The Complaint did not identity which of the numerous Reorganized Debtors actually owed the money allegedly transferred. The Complaint also did not identify which Reorganized Debtor actually made the alleged payments (or out of which Debtor's bank account). In fact, the Complaint failed to set forth the identity of the actual plaintiffs making the avoidance claims (i.e, which Delphi entities were suing); instead, the Complaint only stated that it was brought on behalf of "Delphi Corporation ('Delphi') and the other [unmanned] above-captioned debtors and debtors in possession."

The proof of service indicates that the Reorganized Debtors served the Complaint on February 19, 2010 by mailing the summons and Complaint to the address of the resident agent for Acord Inc., Gilbert Villarreal. (See **Exhibit F**, Affidavit of Service). Acord Inc. is a dissolved corporation. Acord Holdings is a successor in interest to certain assets previously held by Acord Inc. prior to its dissolution. Acord Holdings received notice of the Complaint, and, out of an abundance of caution and to avoid entry of a default filed an answer and affirmative defenses (the "**Answer**") to the Complaint as Acord

Holdings, LLC successor in interest to certain assets previously held by Acord Inc. (See **Exhibit G**, Answer). The Answer was filed on March 22, 2010. In the Answer, Acord Holdings expressly stated that it was not acknowledging or admitting that it was the proper defendant or that it was liable for any obligations that may be owed by Acord Inc. and Acord Holdings expressly reserved all rights with respect to any defenses available to it in the event that Reorganized Debtors failed to name the appropriate party as the defendant.

Subsequent to Acord Holdings filing its Answer, certain defendants in the preference actions filed motions to, among other things, dismiss the Original Complaints filed against them with prejudice or, in the alternative, require the Reorganized Debtors to file a more definite statement (the "**Motions to Dismiss**"). The Motions to Dismiss argued, in part, that the Original Complaints did not satisfy the pleading requirements of Fed. R. Civ. P. 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

On July 22, 2010, the Court heard argument on the Motions to Dismiss. In its bench ruling, the Court concluded that the "complaints" did not comply with Fed. R. Civ. P. 8(a). The Court stated that the "complaints" were dismissed and directed the Reorganized Debtors to file a motion seeking leave to amend the complaints with respect to any adversary proceedings that the Reorganized Debtors intend to pursue. On September 7, 2010, Debtors filed a motion to amend the Complaint (the "**Motion to Amend**"). A copy of the proposed amended complaint (the "Proposed Amended Complaint") was attached as an exhibit to the Motion to Amend. (See **Exhibit H**, Proposed Amended Complaint).

## ARGUMENT

The Reorganized Debtors seek leave to amend the Complaint to: (1) add Acord Holdings as an additional defendant in the adversary proceeding; (2) correct the defects in the Complaint to satisfy the requirements of Fed. R. Civ. P. 8(a); and (3) to recover additional alleged preferential transfers. In support of the Motion to Amend, the Reorganized Debtors rely on Fed. R. Civ. P. 15, made applicable by Federal Rule of Bankruptcy Procedure 7015, which states that leave to amend should be freely granted "when justice so requires." While leave to amend is freely granted, it is not ***automatically*** granted. The decision whether to grant a motion to amend is left to the discretion of the Court. *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).

The Supreme Court has identified certain factors that a court may use to deny a motion to amend. These factors include whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility…" *Foman v. Davis*, 371 U.S. 178 (1962).

Based on the Reorganized Debtors' deliberate effort to conceal the existence of the adversary proceeding, the Reorganized Debtors delay in serving the Complaint and pursuing this adversary proceeding for over 2 ½ years, the Reorganized Debtors' failure to properly plead the Complaint, the Reorganized Debtors' failure to move to amend the complaint until 3 years after the Complaint was filed, the fact that the proposed amended complaint is barred by the statute of limitations and because Acord Holdings will be unduly prejudiced if the amendment is allowed, justice requires that the Motion to Amend be denied.

I.    **THE PROPOSED AMENDED COMPLAINT IS FUTILE BECAUSE THE REORGANIZED DEBTORS FAILED TO TIMELY SERVE THE ORIGINAL COMPLAINT IN ACCORDANCE WITH FED. R. CIV. P. 4(m)**

As discussed above, one of the reasons a Court will deny a motion to amend is if the proposed amendment is futile.  In the present case, the Proposed Amended Complaint is futile because the Reorganized Debtors failed to serve the Complaint in accordance with Fed. R. Civ. P. 4(m).  As a result, the Complaint is barred by the statute of limitations and any proposed amendment of the Complaint is futile.  Accordingly, the Motion to Amend should be denied.

Fed. R. Civ. P. 4(m) provides that a defendant must be served with a complaint within 120 days after the complaint is filed.  The Complaint was filed on September 28, 2007 but not served until February 19, 2010.  The Reorganized Debtors contend, however, that the service was, nevertheless, timely because the Extension Orders provided them with additional time to serve the Complaint.  However, this argument ignores the fact that the Extension Orders are void as to Acord Holdings since neither it nor Acord Inc. received notice of the Extension Motions. (See Exhibits **A**, **B**, **C** and **D**).  Additionally, a review of the bankruptcy court docket reveals that neither Acord Holdings nor Acord Inc. had an attorney appear for them or file a request for notice in the Delphi bankruptcy case.  Thus, neither Acord Holdings nor Acord Inc. were included on the ECF notice list that Reorganized Debtors used to serve the Extension Motions and the Extension Orders.  Because neither Acord Holdings nor Acord Inc. received notice of the Extension Motions, Acord Holdings and Acord Inc. had absolutely no opportunity to be heard with respect to the Extension Motions and, therefore, the Extension Orders are void as to Acord Holdings and, Acord Inc. and, accordingly, the Extension Orders should be vacated.

At the July 22, 2010 hearing on the Motions to Dismiss, the Court heard argument regarding vacating the Extension Orders.  The Court did not rule on the motions to vacate, but rather held the issue in abeyance and further stated that defendants who had not received notice could raise this issue in connection with responding to a motion to amend. Since the issue of whether the Extension Orders should be vacated as a result of the Reorganized Debtors having failed to provide notice of the Extension Motions has already been thoroughly briefed by other defendants in the preference actions and argued at great length in front of the Court, in the interest of legal and judicial efficiency, Acord Holdings will not reiterate the arguments which have already been made by the other defendants. However, Acord Holdings hereby respectfully joins in the motions to vacate that have been filed with the Court and fully incorporates by reference the arguments contained therein as well as those stated on the record at the July 22, 2010 hearing and expressly moves to have the Extension Orders vacated as to Acord Holdings and/or Acord Inc.  Without the Extension Orders any action is time barred and as a result, the proposed amendment is futile and the Motion to Amend should be denied.

In response to the lack of notice argument, Reorganized Debtors state that they served the disclosure statement on the creditor matrix and thus all parties in interest received notice.  This argument is red herring.  Assuming the disclosure statement was served on Acord Holdings, the disclosure statement failed to put Acord Holdings or Acord Inc. on actual notice of the existence of the adversary  proceeding.  The disclosure statement simply indicated that Reorganized Debtors had previously filed complaints against unspecified defendants and had already been granted its First Extension Order. Additionally, Acord Holdings asserts that the Reorganized Debtors have failed to establish,

in any way that Acord Holdings had inquiry notice with respect to the existence of the adversary proceeding.  Therefore, the Extension Orders should be vacated and the Motion to Amend denied.

## II.    THE PROPOSED AMENDED COMPLAINT IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS FOR AVOIDANCE ACTIONS AND THEREFORETHE PROPOSED AMENDMENT IS FUTILE

The Proposed Amended Complaint is also futile because it is barred by the applicable statute of limitations.  Section 546(a) of the Bankruptcy Code sets forth the statute of limitations for bringing avoidance claims:

An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of - -

(1)    the later of - -

(A)    2 years after the entry of the order for relief; or

(B)    1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2)    the time the case is closed or dismissed.

11 U.S.C. §547(a).  The statute of limitations began to run upon the Reorganized Debtors' respective petition dates (October 8 and 14, 2005) and expired, at the latest, on October 13, 2007, 3 years ago.  Therefore, the Proposed Amended Complaint is barred by the statute of limitations.

**A.    Reorganized Debtors Have Failed To Establish That The Proposed Amended Complaint Relates Back To The Date Of The Filing Of The Complaint Pursuant To Fed. R. Civ. P. 15(c)(1)(C)**

The Reorganized Debtors argue that leave to amend should be granted, despite the running of the applicable statute of limitations, because the Proposed Amended Complaint relates back to the filing date of the original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(B).  What the Reorganized Debtors fail to mention, however, is that since the Proposed Amended Complaint seeks to not only replead the Complaint but also seeks to add a new party (by adding Acord Holdings as an additional defendant) the Proposed Amended Complaint must also comply with Fed. R. Civ. P. 15(c)(1)(C).

The Reorganized Debtors filed the Complaint seeking to avoid and recover, from Acord Inc., $700,596.40 in allegedly preferential transfers.  The Reorganized Debtors did not assert a claim against Acord Holdings.  Acord Inc. and Acord Holdings are two separate and distinct legal entities.  Acord Inc. is the prior name of Concorde Michigan, Inc., a dissolved Michigan corporation.   (See **Exhibit I**, Corporate Entity Detail, Acord Inc.).  Per the State of Michigan, Acord Inc. was dissolved on July 15, 2007.  Acord Holdings is a Delaware limited liability company (See **Exhibit J**, Corporate Entity Detail, Acord Holdings).  Each entity has a different resident agent and a different legal address. *Id*.  Acord Holdings is a successor in interest to certain assets previously held by Acord Inc. prior to its dissolution.

Three years after the expiration of the statute of limitations, the Reorganized Debtors now seek to amend the Complaint to also assert an avoidance claim against Acord Holdings.  The only way to add a party after the statute of limitations has expired is if the moving party meets the requirements of Fed. R. Civ. P. 15(c)(1)(C).  Since the statute of limitations to bring a claim against Acord Holdings has expired, the Proposed Amended Complaint is futile unless the Reorganized Debtors can establish that the Proposed

Amended Complaint relates back to the date of the filing of the original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(C).

Fed. R. Civ. P. 15(c)(1)(C) provides that an amendment that adds or changes a party relates back to the date of the original pleading when:

> The amendment changes the party or the naming of a party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:
>
> > (i) received notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The test for relation back is more strenuous in the context of changed or new parties to the action than in the context of new claims between the same parties already before the Court. *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 324 (9th Cir. 1989). When seeking to amend a complaint to add a new party after the expiration of the statute of limitations, the movant must not only show that the claim arose from the same transaction but must also show sufficient notice and that there is no prejudice. *Martell* at 324.

The Reorganized Debtors have the burden of establishing that the Proposed Amended Complaint relates back pursuant to Fed. R. Civ. P. 15(c)(1)(C). However, the Motion to Amend is devoid of any factual or legal bases upon which the Reorganized Debtors should be granted leave to add Acord Holdings as a defendant. In fact, the Motion to Amend does not even state that the proposed amended complaint seeks to add an additional defendant. Since the Reorganized Debtors have failed to put forth any facts,

evidence or argument as to why the Proposed Amended Complaint relates back pursuant to

Fed. R. Civ. P. 15(c)(1)(C), the Motion to Amend should be denied.

> **B.      After Application Of The Requirements Set Forth In Fed. Rule
> Civ. P. 15(c)(1)(C) The Motion To Amend Should Be Denied**

Notwithstanding the Reorganized Debtors failure to put forth any facts or evidence

to establish relation back pursuant to Fed. R. Civ. P. 15(c)(1)(C), if the Court applies the

requirements set forth in Fed. R. Civ. P. 15(c)(1)(C) to the existing facts, the inescapable

conclusion is that the Proposed Amended Complaint does not relate back and is, therefore,

barred by the statute of limitations.  Even if the proposed amendment asserts a claim that

arose out of the transaction set out  in the original pleading, the Reorganized Debtors must

still establish that, ***within the period provided by Fed. R. Civ. P. 4(m)***, Acord Holdings

"received such notice of the action that it will not be prejudiced in defending on the merits"

and "knew or should have known that the action would have been brought against it, but

for a mistake concerning the proper party's identity."  The Reorganized Debtors have not

established or even alleged that either of these requirements for relation back have been

established.

> 1.      Acord Holdings Did Not Receive Notice of the Complaint Within
> The Time Period Required By Fed. R. Civ. P. 4(m)

Acord Holdings does not dispute that it ultimately received notice of the adversary

proceeding.  The issue, however, is whether Acord Holdings received notice within the

time period provided by Fed. R. Civ. P. 4(m).  Fed. R. Civ. P. 4(m) provides that a

defendant must be served with a complaint within 120 days after filing.  While Fed. R.

Civ. P. 4(m) contemplates an extension of time to serve people it does not contemplate an

extension of time not to serve people.

The Complaint was filed on September 28, 2007. Because the Complaint was not served until February 19, 2010, it is beyond dispute that Acord Holdings did not receive notice of the Complaint within 120 days of September 28, 2007. Since Acord Holdings did not receive notice of the adversary proceeding within 120 days of the filing of the Complaint, for purposes of adding an additional party to the case, the Proposed Amended Complaint does not relate back to the date of the Complaint and, therefore, the proposed amendment is futile because the claim is barred by the statute of limitations.

The Reorganized Debtors cannot rely on the Extension Orders to defeat this futility argument. As previously argued, since neither Acord Holdings nor Acord Inc. received notice of the Extension Motions, the Extension Orders are void as to Acord Holdings. Absent the Extension Orders, the Reorganized Debtors cannot establish that Acord Holdings received notice of the adversary proceeding within the time period provided for in Fed. R. Civ. P. 4(m) and the proposed amended complaint is therefore barred by the statute of limitations.

2.    Reorganized Debtors Have Not Established Or Even Alleged That Acord Holdings Knew Or Should Have Known That The Action Would Have Been Brought Against It But For A Mistake Concerning The Proper Party's Identity

In addition to establishing that the proposed amended complaint arose out of the same transaction or occurrence set out in the Complaint and that Acord Holdings received notice of the action within the time period required in Fed. R. Civ. P. 4(m)), the Reorganized Debtors also must establish that Acord Holdings either knew or should have known that the action would have been brought against it but for a ***mistake*** concerning the proper party's identity. This factor has two elements, both of which have to be satisfied in order for the Complaint to relate back: (1) a mistake of identity, and (2) knowledge or

constructive knowledge that the action would have been brought against the party but for

the mistake.  *Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000).  "To satisfy this criterion,

the amendment proponent must show not only that he made a mistake anent the proper

party's identity, but also that the later-named party, within the prescribed time limit, knew

or should have known that, but for this mistake, the action would have been brought

against her." *Leonard* at 28.

In the present case, the Reorganized Debtors have not established that but for a

mistake of identity Acord Holdings would have been included as a defendant in the

adversary proceeding.  Absent Reorganized Debtors producing evidence that, but for a

mistake regarding the identity of Acord Holdings, it would have been a defendant,

Reorganized Debtors cannot satisfy the requirements of relation back under Fed. R. Civ. P.

15(c)(1)(C).  Since the Reorganized Debtors have provided no such evidence, the Motion

to Amend should be denied.

**III.    THE MOTION TO AMEND SHOULD BE DENIED BECAUSE THE REORGANIZED DEBTORS HAVE UNDULY DELAYED IN PURSUING THIS ADVERSARY PROCEEDING AND ALLOWING THE REORGANIZED DEBTORS TO AMEND THE COMPLAINT THREE YEARS AFTER IT WAS FILED WOULD UNFAIRLY PREJUDICE ACORD HOLDINGS**

Another factor courts consider when ruling on a motion for leave to amend is

whether permitting the amendment would result in undue prejudice to the non-moving

party.  Prejudice may result from undue delay on the part of the movant.  In the present

case, Acord Holdings asserts that there has been both an undue delay and that Acord

Holdings has been prejudiced by such delay.  Therefore, regardless of whether the

Proposed Amended Complaint relates back pursuant to Fed. R. Civ. P. 15(c)(1)(C), the

Motion to Amend should be denied.

The Reorganized Debtors seek to amend the Complaint, 3 years after the case was filed. Courts have the discretion to deny leave when there has been an inordinate delay in seeking an amendment. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (noting that the court plainly had discretion to deny leave when there was an inordinate delay – 17 months after commencement, six months after second amendment and one month after responding to summary judgment and the amendment would prejudice to the defendant). While typically the delay must result in prejudice to the defendant, if the delay is unduly excessive the Court may deny leave based on that factor alone. *Zahara v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (court found that it was entirely reasonable to deny leave to amend when the motion was filed more than two years after action commenced and three months before trial).

Acord Holdings asserts that the Reorganized Debtors' delay of three years is inordinately excessive and that Acord Holdings has been prejudiced as a result of the delay. The Reorganized Debtors are seeking to amend the Complaint three years after the statute of limitations expired, and have the amended complaint relate back to the original date of the Complaint even though the Reorganized Debtors never provided Acord Holdings, or Acord Inc., with knowledge of the existence of the adversary proceeding prior to February 19, 2010. The purpose of the statute of limitations is to prevent stale claims. *Mackensworth v. S.S. Am. Merchant*, 28 F.3d 246, 252 (2nd Cir. 1994) (purpose of statute of limitations is to ensure fairness and prevent surprise to defendant from institution of claim that has been dormant for so long that proof, witnesses and memories have disappeared). The Reorganized Debtors had over three years to amend the complaint to correct the deficiencies in the Complaint and failed to do so.

Fed. R. Civ. P. 15(c) is not intended to protect a plaintiff that has failed to timely pursue its alleged claims. The purpose of Fed. R. Civ. P. 15(c) is to provide the opportunity for a claim to be tried on the merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed. *Goodman v. Praxair*, 494 F.3d 458, 468 (4th Cir. 2007) (Fed. R. Civ. P. 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of limitations have been effectively served).

In the present case, not only have the policies behind the statute of limitations not been effectively served, they have been intentionally subverted. The Reorganized Debtors made a conscious decision to file the Complaint under seal so they could keep the existence of the Complaint secret from Acord Inc., and ultimately from Acord Holdings. The Reorganized Debtors intentionally did not serve the Complaint for 2 ½ years. At all times the Reorganized Debtors had the discretion under the Extension Orders to unseal and serve the Complaint whenever they wished. The Court never required that the Complaint not be served. The Reorganized Debtors made a conscious choice to conceal the existence of the adversary proceeding until it was advantageous for them to reveal its existence and as a result the Reorganized Debtors should have to live with the choice they made. Accordingly, the Reorganized Debtors are stuck with the complaint that was filed, deficiencies and all.

Acord Holdings has been prejudiced by the undue delay. During the time that the Reorganized Debtors were concealing the existence of the adversary proceeding, Acord Holdings went about its business in a normal fashion. Because neither Acord Holdings nor Acord Inc. received notice regarding the Complaint, Acord Holdings took no special steps

to organize and preserve its records with respect to Delphi, hold exit interviews with employees who were knowledgeable about the Delphi business relationship or make arrangements to keep in touch with these employees in case Acord Holdings would need them to provide litigation information or serve as witnesses.  Neither did Acord Holdings set aside funds as a contingency to cover the costs of litigation of this matter or to cover any amounts required to be paid should the case be decided against Acord Holdings.

Allowing the Reorganized Debtors to amend the Complaint three years after the filing of the Complaint and three years after the expiration of the statute of limitations, after Reorganized Debtors deliberately concealed the existence of the adversary proceeding, would result in unfair prejudice to Acord Holdings and would eviscerate the purpose of the statute of limitations.  Accordingly, the appropriate remedy is to deny the Motion to Amend and dismiss the Complaint  with prejudice or enter summary judgment against the Reorganized Debtors with respect to the Complaint.  While this result may appear harsh at first blush, the extinguishment of the Reorganized Debtors claims has, with all due respect, been brought about by the Reorganized Debtors' own strategic decisions.

## IV.    THE MOTION TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDED COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8(a)

The Court previously determined that the Original Complaints filed by the Reorganized Debtors did not satisfy the requirements of Fed. Civ. P. 8(a).  At the July 22, 2010 hearing, the Court ordered that, in proposing an amended complaint, the Reorganized Debtors shall set forth, at a minimum, the transfers, the transferee, any known or subsequent transferee against whom relief is sought and which Reorganized Debtor is

the plaintiff.  The Proposed Amended Complaint does not meet the court's requirements for amending the complaint for at least the following reasons.

First, the Reorganized Debtors have failed to adequately identify who the alleged transferee and/or the subsequent transferee is.  Exhibit 1 to the Proposed Amended Complaint identifies Acord Inc. as the transfer recipient.  However, the body of the complaint states that the alleged transfers were made to "Defendants" which includes Acord Holdings and Acord Inc.  Therefore, the complaint has failed to adequately identify the transferee.  Additionally, it is unclear from the Proposed Amended Complaint what claim Delphi Automotive Systems, LLC ("DAS") is asserting against Acord Holdings. The opening paragraph of the Proposed Amended Complaint states that the complaint is brought against Acord Inc. and "Acord Holdings as successor to Acord Inc."  However, as stated above, the complaint also asserts that the transfers were made to "defendants" which seems to indicate that DAS is alleging that Acord Holdings received some or all of the transfers which is inconsistent with Exhibit 1.  Further, it is unclear from the Proposed Amended Complaint if DAS contends that Acord Holdings is liable as a successor entity or as a subsequent transferee or as something else.  Since the Proposed Amended Complaint is deficient it would not survive a motion to dismiss and therefore, the proposed amendment is futile.

Secondly, the Proposed Amended Complaint once again fails to plead facts regarding the antecedent debt for each transfer alleged by DAS.  DAS's only allegations regarding the existence of an antecedent debt are bare-bones and are presented in Paragraph 23 of the Proposed Amended Complaint, where DAS alleges:

> Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendants as of the date on

which each Transfer was made. The documents evidencing the antecedent debt include the purchase orders and/or invoices/bills of lading identified on Exhibit 1, which purchase orders and/or irrevocable/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject goods contemplated by the Agreements were ordered by Plaintiff pursuant to the Agreements and/or were provided by Defendants.

As argued by other preference defendants, which arguments Acord Holdings hereby fully incorporates by reference as applicable, this bare-bones allegation is insufficient and, therefore, the Proposed Amended Complaint is futile.

## V.    EACH NEW ALLEGED PREFERENTIAL TRANSFER IS A SEPARATE CLAIM THAT DOES NOT RELATE TO THE DATE OF THE INITIAL COMPLAINT FOR PURPOSES OF THE STATUTE OF LIMITATIONS

In addition to seeking to add Acord Holdings as an additional defendant, and replead certain of the allegations contained in the Complaint, the Reorganized Debtors also seek to avoid and recover an additional $3,608.21 in alleged preferential transfers. As stated above, the statute of limitations has expired and as such any new claim would be barred. Therefore, the Court should also deny the Motion to Amend insofar as it attempts to add an additional $3,608.21 in preferences on the basis of futility as claims to recover those transfers are time barred.

## VI.    INCORPORATION OF DEFENDANTS' BRIEFS IN OPPOSITION TO REORGANIZED DEBTOS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

In addition to the arguments set forth above, Acord Holdings hereby incorporates by reference all of the other meritorious arguments raised by the other preference defendants in opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints, as applicable, including, but not limited to, the briefs in opposition filed by Affina Group Holdings Inc. [Docket No. 20841], Pro Tech Machine [Docket No. 20842] and Stephenson and Sons Roofing [Docket No. 20849].

## <u>CONCLUSION</u>

For the reasons set forth above, Acord Holdings requests that the Motion to Amend be denied, and requests that the Court dismiss the Complaint with prejudice or alternatively grant Acord Holdings summary judgment as to the Complaint. Acord Holdings expressly preserves the right to assert any and all applicable defenses to the Proposed Amended Complaint in the event that the Motion to Amend is granted.

CARSON FISCHER, P.L.C.
*Attorneys for Acord Holdings, LLC.*

By: /s/ *Patrick J. Kukla*
Patrick J. Kukla (admitted *pro hac vice*)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI  48302
Tele:  (248) 644-4840
pkukla@carsonfischer.com

Dated:  November 24, 2010