# EXHIBIT G

# [Answer to Complaint]

CARSON FISCHER, P.L.C.
Counsel for Acord Holdings, LLC
4111 Andover Road, West-2nd Floor
Bloomfield Hills, MI 48302
(248) 644-4840
Patrick J. Kukla (admitted *pro hac vice*)
pkukla@carsonfischer.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :    Case No.: 05-44481(RRD)
DELPHI CORPORATION, *et al.*,                                :    (Jointly Administered)
                                                             :
            Debtors                                          :
------------------------------------------------------------x
                                                             :
DELPHI CORPORATITON, et al.                                  :
                                                             :
            Plaintiffs,                                      :    Adv. Pro. No. 07-02147-RRD
                                                             :
vs.                                                          :
                                                             :
ACORD INC.                                                   :
                                                             :
            Defendant.                                       :
------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Acord Holdings, LLC[1] ("Acord Holdings"), by its undersigned counsel, for its answer and affirmative defenses to Complaint to Avoid and Recover

---

[1] Acord Inc. is a dissolved corporation. Acord Holdings, LLC is a successor in interest to certain assets previously held by Acord Inc. prior to its dissolution. Acord Holdings has received notice of this Adversary Proceeding, and, out of an abundance of caution and to avoid entry of a default, files this answer as Acord Holdings, LLC successor in interest to certain assets previously held by Acord Inc. Acord Holdings does not acknowledge or admit that it is the proper defendant in this Adversary Proceeding or that it is liable for any obligations that may be owed by Acord Inc. and reserves all rights with respect to any defenses available to it in the event that Plaintiffs have failed to name the appropriate party as the defendant.

Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") filed by Delphi Corporation, et al. (collectively, the "Plaintiffs"), states the following:

## INTRODUCTION

1. Acord Holdings admits the allegations contained in Paragraph 1 of the Complaint.

2. Acord Holdings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies the allegations.

## JURISDICTION, VENUE AND PARTIES

3. The allegations contained in Paragraph 3 of the Complaint are conclusions of law and/or constitute a summary of the Complaint, to which no response is required. To the extent any response is required, Acord Holdings denies the allegations contained in Paragraph 3 of the Complaint. Additionally, Acord Holdings denies any inference raised in Paragraph 3 of the Complaint that the alleged transfers identified in Exhibit "1" to the Complaint (the "Transfers") are avoidable pursuant to sections 547 and 550 of the Bankruptcy Code.

4. The allegations contained in Paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. The allegations contained in Paragraph 5 of the Complaint are conclusions of law to which no response is required.

6. The allegations contained in Paragraph 6 of the Complaint are conclusions of law to which no response is required.

7.  Acord Holdings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the allegations.

8.  Acord Holdings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies the allegations.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfer)

9.  Acord Holdings restates and incorporates its responses contained in Paragraphs 1 through 8 as if fully set forth herein.

10. Acord Holdings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies the allegations.

11. Acord Holdings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies the allegations.

12. Acord Holdings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the allegations.

13. Acord Holdings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the allegations.

14. The allegations contained in Paragraph 14 of the Complaint are conclusions of law to which no response is required. To the extent any response is required, Acord Holdings denies the allegations contained in Paragraph 14 of the Complaint.

15. Acord Holdings denies as untrue the allegations contained in Paragraph 15 of the Complaint.

16. Acord Holdings denies as untrue the allegations contained in Paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

17. The Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

### Second Affirmative Defense

18. The Plaintiff may have failed to name the proper party as defendant.

### Third Affirmative Defense

19. Plaintiffs do not have standing to pursue this Adversary Proceeding and have not preserved their ability to commence this Adversary Proceeding.

### Fourth Affirmative Defense

20. Plaintiffs cannot satisfy one or more of the elements of 11 U.S.C. § 547(b).

### Fifth Affirmative Defense

21. Some of the Transfers may have constituted payment in advance and, accordingly, were not "on account of an antecedent debt" owed by the Plaintiffs within the meaning of Sec. 547(b)(2) of the Bankruptcy Code.

### Sixth Affirmative Defense

22. Any alleged transfers by Plaintiffs of interest in property, including but not limited to the Transfers set forth in Exhibit 1 of the Complaint, cannot be avoided and were not preferences to the extent such transfers were made contemporaneously in exchange for new value provided by defendant within the meaning of 11 U.S.C. § 547(c)(1), and after such payment defendant provided new value to Plaintiffs according to ordinary business terms and practices, pursuant to Sec. 547 of the Bankruptcy Code.

### Seventh Affirmative Defense

23. Any alleged transfers by Plaintiffs of interest in property, including but not limited to the Transfers set forth in Exhibit 1 of the Complaint, were

5

made in the ordinary course of business of the transferor(s) and transferee(s), according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2) and, therefore, the transfers may not be avoided or recovered by the Plaintiffs.

### Eighth Affirmative Defense

24. Any alleged transfers by Plaintiffs of interest in property, including but not limited to the Transfers set forth in Exhibit 1 of the Complaint, cannot be avoided and were not preferences because defendant extended subsequent new value to the Plaintiffs within the meaning of 11 U.S.C. § 547(c)(4).

### Ninth Affirmative Defense

25. With respect to some of the alleged transfers by Plaintiffs of interest in property, the defendant may have been a secured creditor either pursuant to the Michigan Molder's Lien Act, MCL 445.611 *et. seq.*, the Michigan Special Tools Lien Act, MCL 570.541 *et. seq.* and related statutory provisions, and/or under common law by virtue of having done plastic and/or metal fabricating work for one or more of the Plaintiffs and/or having made or modified certain tooling, dies or molds for one or more of the Plaintiffs, and, therefore, such transfers did not enable defendant to receive more than it would receive if the Plaintiffs' bankruptcy cases were cases under Chapter 7 of the Bankruptcy Code, such transfers were not made and defendant received payment of such debt to the extent provided by the Bankruptcy Code, within the meaning of 11 U.S.C. § 547(b)(5) of the Bankruptcy Code.

### Tenth Affirmative Defense

26. Plaintiffs' claims are barred, in whole or in part, by the common law right of setoff and/or recoupment.

### Eleventh Affirmative Defense

27. Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, including without limitation, 11 U.S.C. §546(a).

### Twelfth Affirmative Defense

28. Plaintiffs' claims may be barred, in whole or in part, by the doctrine of earmarking.

### Thirteenth Affirmative Defense

29. The summons was not timely issued and the summons should be squashed.

### Fourteenth Affirmative Defense

30. The Complaint was not timely served and this case should be dismissed.

### Fifteenth Affirmative Defense

31. The transfers identified on Exhibit 1 of the Complaint are not recoverable under 11 U.S.C. § 550.

### Sixteenth Affirmative Defense

32. Plaintiffs' claims are barred under the doctrine of waiver.

### Seventeenth Affirmative Defense

33. Plaintiffs' claims are barred under the doctrine of laches.

### Eighteenth Affirmative Defense

34. Plaintiffs' claims are barred under the doctrine of estoppel.

### Nineteenth Affirmative Defense

35. Plaintiffs' claims are barred because Plaintiffs would have intended to make or would have made the Transfers to defendant post-petition, in accordance with the Bankruptcy Court's vendor rescue program orders.

### Twentieth Affirmative Defense

36. Plaintiffs' claims are barred as a matter of equity.

### Twenty-first Affirmative Defense

37. With respect to some of the alleged transfers by Plaintiffs of interest in property, including but not limited to the Transfers set forth in Exhibit 1 of the Complaint, said transfers cannot be avoided and were not preferences because such transfers, to the extent made, were made as part of a settlement in which defendant provided new consideration in exchange for the transfers.

### Twenty-second Affirmative Defense

38. The Complaint requests the award of interest prior to judgment, which is not permitted under applicable law.

### Twenty-third Affirmative Defense

39. Plaintiffs' claims may be barred because the Transfers were made pursuant to executory contracts that were assumed by Plaintiffs.

### Twenty-fourth Affirmative Defense

40. Plaintiffs' claims are barred because the defendant was not provided with due process of law.

### Twenty-fifth Affirmative Defense

41. The Complaint requests the award of costs and attorney's fees, which is not permitted under applicable law.

### Twenty-sixth Affirmative Defense

42. Acord Holdings reserves the right to add to, amend and supplement its Affirmative Defenses as discovery and circumstances warrant.

WHEREFORE, Acord Holdings, LLC respectfully requests that this Honorable Court enter a judgment of no cause of action and dismiss this adversary proceeding with prejudice and award it costs and attorney fees wrongfully incurred herein.

CARSON FISCHER, P.L.C.
*Attorneys for Acord Holdings, LLC.*

By: /s/ *Patrick J. Kukla*
Patrick J. Kukla (admitted *pro hac vice*)
4111 Andover Road, West-2nd Flr.
Bloomfield Hills, MI 48302
Tele: (248) 644-4840
pkukla@carsonfischer.com

Dated: March 22, 2010