ANDREWS KURTH LLP
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929
Jonathan I. Levine (JL 9674)

    - and -

SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Steven D. Jerome (AZ Bar #018420 - admitted *pro hac vice*)

Counsel to Microchip Technology Incorporated

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| DELPHI CORPORATION, *et al*., | : | Case No. 05-44481 (RDD) |
| | : | Jointly Administered |
| DELPHI CORPORATION | : | |
|            Plaintiffs, | : | Adv. Pro. No. 07-02436 (RDD) |
| -against- | : | |
| MICROCHIP, | : | |
|            Defendant. | : | |

### RESPONSE TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

Microchip Technology Incorporated ("Microchip"), by and through its undersigned counsel, respectfully responds in opposition to "Reorganized Debtors' Motion for Leave to File Amended Complaints" (the "Motion to Amend") filed by DPH Holdings Corporation and certain of its affiliated reorganized debtors (the "Reorganized Debtors") seeking leave pursuant to Fed.

12245013

R. Civ. P. 15 to file the amended complaint (the "Microchip Amended Complaint") attached to the Motion to Amend as Exhibit 62.[1]  In addition to the arguments set forth herein, Microchip incorporates by reference the response briefs submitted by Affina Group Holdings, Inc. (07-02198), A-1 Specialized Services & Supplies, Inc. (07-02084 and 02096), Pro Tech Machine (07-02690), Stephenson and Sons Roofing (07-02654), RSR Corporation (07-02768), Carlisle Companies, Inc. (07-02291), and the response briefs submitted by all other preference defendants in the other preference actions (collectively, "Response Briefs").[2]  For the reasons set forth in the Response Briefs and this Response, the Motion to Amend should be denied.  Accordingly, Microchip respectfully requests that the Court enter an order dismissing the Complaint[3] with prejudice.

### PRELIMINARY STATEMENT

1.  In the interest of judicial economy Microchip will avoid unnecessarily duplicating the cogent and persuasive arguments advanced in the various Response Briefs.  Indeed, the various Response Briefs thoroughly and thoughtfully address the myriad substantive and procedural bases for denying the Motion to Amend.  However, Microchip writes separately to address the fatal deficiency of the proposed Microchip Amended Complaint as well as the specific prejudice Microchip will suffer if the Reorganized Debtors are permitted to file the Microchip Amended Complaint.

---

[1] The Reorganized Debtors filed the Motion to Amend in Administrative Case No. 05-44481 (the "Administrative Case") at Docket No. 20575 and in Adversary No. 07-02436 at Docket No. 28.  The Amended Complaint is Exhibit 62 to the Motion to Amend filed in the Administrative Case and the only complaint attached to the Motion to Amend filed in Adversary No. 07-02436.

[2] For the avoidance of doubt, Microchip adopts and incorporates by reference all applicable arguments made by all other defendants in response to the Motion to Amend.

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the "Motion by Microchip Technology Incorporated Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (III) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel" ("Motion to Dismiss").

12245013

- - 2 - -

# ARGUMENT

## I. THE MICROCHIP AMENDED COMPLAINT (1) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND (2) DOES NOT COMPLY WITH THE COURT'S SEPTEMBER 7, 2010 ORDER.

2. The proposed Microchip Amended Complaint fails to identify the antecedent debt on account of which the alleged preferential payments were purportedly made. The Reorganized Debtors' failure to include this factual allegation in the proposed Amended Complaint violates the pleading standards of Rule 8 of the Federal Rules of Civil Procedure as well as the express directive of the Court's "Order Granting In Part First Wave Motions to Dismiss" which was entered on September 7, 2010 (the "Dismissal Order"). Accordingly, the Motion to Amend must be denied.

3. Rule 8(a)(2) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)). However, a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citations omitted). The pleading standards set forth in *Twombly* and *Iqbal* apply with equal force to preference claims. *See, e.g., In re Hydrogen, L.L.C.*, 431 B.R. 337, 355-56 (Bankr. S.D.N.Y. 2010) (applying Rule 8(a) to dismiss preference claims where "no allegation has been made that any transfer was made for or on account of a specific and identifiable antecedent debt owed by the Debtor"); *In re McLaughlin*, 415 B.R. 23, 27 (Bankr. D.N.H. 2009) ("In order to show that a transfer was 'for or on account of an antecedent debt' such that it constitutes a

preference … *Iqbal* requires the pleadings to assert facts relating to **the nature and amount of the antecedent debt**.") (emphasis added); *In re Levitt & Sons, LLC*, 2010 Bankr. LEXIS 1284, at **5-6 (Bankr. S.D. Fla. Apr. 16, 2010) (applying *Iqbal* to dismiss a preference complaint where "Plaintiffs (sic) failure to adequately distinguish identity with respect to various obligors, guarantors, and transferors allegedly involved in the transactions with KeyBank is fatal to Counts I, II, III, IV, and V of the Complaint."); *Angell v. BER Care, Inc. (In re Caremerica, Inc.)*, 409 B.R. 737, 751 (Bankr. E.D.N.C. 2009) ([T]he trustee must assert the nature and amount of the antecedent debt in order to allege a plausible claim for relief)..

4.      The Court entered the Dismissal Order on September 7, 2010.  In the Dismissal Order, the Court dismissed the Complaint without prejudice "because the Debtors have failed to plead sufficient facts to state a claim, and have not complied with Rule 8 of the Federal Rules of Civil Procedure[.]"  *See* Dismissal Order at ¶ 4.  However, the Court permitted the Reorganized Debtors to attempt to rectify the defects in the Complaint by filing a motion to amend that contains "**a proposed amended complaint that**, for each alleged transfer **shall set forth, at a minimum,** the transferor, the transferee, any known subsequent transferee against whom relief is sought, **the antecedent debt** and which Reorganized Debtor is the plaintiff."[4]  *Id.* (emphasis added).

5.      In direct contravention of the Dismissal Order and the *Iqbal/Twombly* standard, and notwithstanding the erroneous representations made in the Motion to Amend, the proposed Microchip Amended Complaint fails to identify the alleged antecedent debt on which the Reorganized Debtors' preference claim against Microchip is based.

---

[4] There is no dispute that the Court required the Reorganized Debtors to specifically identify the antecedent debt in the proposed amended complaints attached to the Motion to Amend.  *See* Motion to Amend at ¶ 29.

12245013

- - 4 - -

6.      Paragraph 30 of the Motion to Amend represents to the Court that "[t]he Amended Complaints satisfy the Court's instructions and the requirements of Rule 8 because they include the information requested by this Court and allege sufficient facts concerning each element of the Preference Claims."  The Motion to Amend further represents that "the Amended Complaints all contain allegations substantially similar to those appearing in" Exhibit 36, which is the proposed amended complaint filed against Blair Strip Steel Company in Adversary No. 07-02259 (the "Sample Complaint").  At first glance, this appears accurate since both the Microchip Amended Complaint and the Sample Complaint contain the following recitation related to the antecedent debt:

> Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendant as of the date on which each Transfer was made.  The documents evidencing the antecedent debt include the purchase orders and/or invoices/bills of lading identified on Exhibit 1, which purchase orders and/or invoices/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject goods contemplated by the Agreements were ordered pursuant to the Agreements and/or were provided by Defendant.

*See* Microchip Amended Complaint at ¶ 23 and Sample Complaint at ¶ 22.  However, an examination of Exhibit 1 to the Microchip Amended Complaint reveals that it is void of any reference to the antecedent debt allegedly owed to Microchip on the date the purported preferential transfers were made.

7.      A comparison of the "Antecedent Debt: Purchase Order/Invoice Number" and "Purchase Order/Invoice" columns of the respective exhibits demonstrates the fatal deficiency of the proposed Amended Complaint.  While Exhibit 1 to the Sample Complaint identifies the antecedent debt upon which it is based, Exhibit 1 to the proposed Microchip Amended Complaint does not.  Exhibit 1 to the Sample Complaint provides the following:

| Antecedent Debt: Purchase Order/Invoice Number | Purchase Order/Invoice |
|---|---|
| S2S54000 | PO |
| S2S54000 | PO |
| S2S54000 | PO |
| S2S54000 | PO |
| S2S54000 | PO |

*See* Exhibit 1 to the Sample Complaint.  By contrast, the same columns in Exhibit 1 to the proposed Microchip Amended Complaint are blank:

| Antecedent Debt: Purchase Order/Invoice Number | Purchase Order/Invoice |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

*See* Exhibit 1 to the proposed Microchip Amended Complaint, a true and correct copy of which is attached hereto as <u>Exhibit A</u>.

8. In other words, although the Motion to Amend and the proposed Amended Complaint each allege that the Microchip Amended Complaint identifies the antecedent debt, it

12245013

- - 6 - -

does not. Instead, the proposed Microchip Amended Complaint contains nothing more than "labels and conclusions, and a formulaic representation of the elements" of a preference action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Accordingly, the proposed Amended Complaint fails to satisfy the pleading requirements of Rule 8.

9. Moreover, the proposed Microchip Amended Complaint defies the express directive of the Dismissal Order. There, the Court unequivocally required the Reorganized Debtors to attach "**a proposed amended complaint that**, for each alleged transfer **shall set forth, at a minimum,** the transferor, the transferee, any known subsequent transferee against whom relief is sought, **the antecedent debt** and which Reorganized Debtor is the plaintiff" to the Motion to Amend. *See* Dismissal Order at ¶ 4 (emphasis added). As set forth above, the Microchip Amended Complaint recites that the alleged preferential transfers were made on account of an antecedent debt. However, Exhibit 1 to the Microchip Amended Complaint fails to actually set fort the antecedent debt, as the Court required in the Dismissal Order.

10. Consequently, since the proposed Amended Complaint disobeys the Dismissal Order and fails to satisfy the pleading requirements set forth in *Iqbal* and *Twombly*, the Motion to Amend should be denied and the Complaint should be dismissed with prejudice.

## II.    PERMITTING THE REORGANIZED DEBTORS TO AMEND THE COMPLAINT WILL PREJUDICE MICROCHIP.

11. The Reorganized Debtors glibly proclaim that "[a]mendment of the Original Complaints will not prejudice the Defendants." *See* Motion to Amend at ¶ 32. Nothing could be further from the truth.

12. As an initial matter, a review of Microchip's records reveals that Microchip had no notice prior to February 18, 2010 that it had been sued by Delphi Corporation ("Delphi") for avoidance and recovery of alleged preferential transfers. *See* "Declaration of Eric Bjornholt in

Support of Microchip Technology Incorporated's Response to Reorganized Debtors' Motion for Leave to File Amended Complaints" ("Bjornholt Declaration") at ¶ 3, a true and correct copy of which is attached as Exhibit B.  Microchip did not file a proof of claim against any of the Debtors and did not receive copies of the Extension of Avoidance Action Service Deadline Motion, the Postconfirmation Extension of Avoidance Action Service Deadline Motion, or the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion (collectively, the "Extension Motions").  *See* Bjornholt Declaration at ¶ 4.  Therefore, permitting the Reorganized Debtors to amend a complaint filed under seal over three years ago would clearly prejudice Microchip since it had no notice of the Complaint until February 18, 2010.

13. Filing the Complaint under seal, and delaying its service for over two years, also deprived Microchip of substantive defenses to the Complaint, reduced the avenues available to Microchip for mitigating its damages, and induced Microchip to continue doing business with the Debtors.  For example, one of the defenses available to Microchip when the Complaint was filed in 2007 was that Delphi could not, as a matter of law, satisfy all of the elements of a preference claim under 11 U.S.C. § 547(b).  This is because the Debtors' First Amended Joint Plan of Reorganization ("Confirmed Plan"), confirmed by the Court on January 25, 2008, purported to pay all creditors in full.  As a result, if the Complaint had been served prior to approval of the Modified Plan, which was not a full payout plan, Delphi could not have demonstrated that the alleged preferential payments permitted Microchip to receive more than it would have if the case were one under Chapter 7.  *See* 11 U.S.C. § 547(b)(5).  Therefore, Microchip would have moved for summary judgment during that period on the grounds that, among other things, Delphi could not establish all of the elements of a preference claim.  *See* Bjornholt Declaration at ¶ 5.  The Debtors' delay in serving the Complaint, made possible by the

Extension Orders, deprived Microchip of the ability to raise this defense during the one and a half year period between the Confirmed Plan and the Modified Plan.

14. The delay in serving the Complaint also reduced Microchip's ability to mitigate its damages. Microchip is informed and believes that claims against the Debtors' estates were trading at above face-value in 2007 and 2008. To the extent the preference litigation would have resulted in Microchip having an 11 U.S.C. § 502(h) claim against the estate, Microchip would have investigated all avenues of mitigating its damages by, for example, possibly selling its claim against the Debtors. *See* Bjornholt Declaration at ¶ 6. Therefore, the Debtors' delay in serving the Complaint, made possible by the Extension Orders, reduced Microchip's ability to mitigate the damages it might have had as a result of this litigation.

15. Finally, the delay in serving the Complaint also induced Microchip into continuing its business relationship with the Debtors. Unaware that it had been sued by Delphi in 2007, Microchip continued doing business with the Debtors following the October 8, 2005 and October 14, 2005 petition dates. *See* Bjornholt Declaration at ¶ 7. Had Microchip known that it had been sued by Delphi for avoidance and recovery of an alleged preferential transfer, it would have considered terminating its business relationship with the Debtors. *See* Bjornholt Declaration at ¶ 8. If this adversary proceeding is permitted to go forward, Microchip will necessarily be forced to reevaluate how it will conduct business with all debtors-in-possession in the future since it will have no way of knowing whether a secret lawsuit has been filed against it.[5] *See* Bjornholt Declaration at ¶ 9.

---

[5] Microchip reserves the right to request a full evidentiary hearing on all issues of prejudice stemming from filing, and keeping, the Complaint under seal for over two years and the propriety of the Extension Motions.

12245013

- - 9 - -

# CONCLUSION

16.     Despite the Reorganized Debtors' representations, the proposed Microchip Amended Complaint satisfies neither the pleading requirements of Rule 8 nor this Court's Dismissal Order.  Moreover, even if the Reorganized Debtors had satisfied the relevant pleading requirements, permitting them to amend the Complaint would clearly prejudice Microchip.  Accordingly, the Court should deny the Motion to Amend and enter an order dismissing the Complaint with prejudice.

Dated:  November 24, 2010

                          ANDREWS KURTH LLP

                     By: /s/ Jonathan I. Levine
                         Jonathan I. Levine (JL 9674)
                         450 Lexington Avenue, 15th Floor
                         New York, New York 10017
                         Telephone: (212) 850-2800
                         Facsimile: (212) 850-2929

                            -and -

                         SNELL & WILMER L.L.P.
                         One Arizona Center
                         400 E. Van Buren
                         Phoenix, AZ  85004-2202
                         Telephone: (602) 382-6000
                         Facsimile: (602) 382-6070
                         Steven D. Jerome (AZ Bar
                         #018420)

                         *Counsel to Microchip Technology Incorporated*