# EXHIBIT A

**CLARK HILL PLC**
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Mahesh K. Nayak
*pro hac vice* admitted
mnayak@clarkhill.com
(248) 988-5868

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 05-44481 |
| DELPHI CORPORATION, *et al.*, ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Honorable Robert D. Drain |
| _____/ ) | |
| | |
| Delphi Corporation, et al., | Adv. Pro. No. 07-02211 |
| | |
| v. | |
| | |
| Doshi Prettl International, | |
| | |
| _____/ | |

## DECLARATION OF PETER SCHRENNEN

I, Peter Schrennen, declare as follows:

1. On April 8, 2010 I gave a Declaration in support of a the motion to dismiss[1] filed the defendant in the above-captioned adversary proceeding (the "**Adversary Proceeding**"). That Declaration is incorporated as if more fully set forth herein.

2. I am a Vice President of Prettl International, Inc. ("**PII**"). Until May 2, 2008, PII was a minority partner in Defendant Doshi Prettl International, LLC (now known as Detroit

---

[1] *See Motion and Brief of Defendant to: (A) Vacate Certain Orders of the Court; and (B) Dismiss the Complaint With Prejudice; or (C) in the Alternative, to Dismiss the Claims Against Certain Defendants Named in the Complaint,* Docket No. 23 (the "**Motion to Dismiss**").

6811377.1 30885/135676

Products International, LLC, hereafter referred to as "**DPI**"). On that date, PII entered into a transaction (the "**Transaction**") by which it purchased all of the membership interest from its then partner in DPI, Doshi Family, LLC ("**Doshi**").

3. Up to the time of the Transaction, PII was not in control of DPI, was not managing DPI, and was frozen out of the financial affairs of DPI.

4. None of the employees working for DPI at any time prior to the Transaction is currently employed by PII or DPI.

5. Prior to the Transaction, at the time of the Transaction, and until March 2010, neither I, anyone at PII, nor anyone employed by DPI since the time of the Transaction, had any notice that Delphi Corporation and its affiliates or successors, debtors and debtors-in-possession (collectively, the "**Debtors**" or "**Delphi**") in the above captioned chapter 11 cases (the "**Cases**") had initiated the Adversary Proceeding against DPI to avoid and recover alleged preferential payments made by Delphi to DPI in 2005. Moreover, given the manner in which the Adversary Proceeding was filed (i.e., under seal), no amount of due diligence could have discovered its existence.

6. Until July 2010, neither I, anyone at PII, nor anyone employed by DPI since the time of the Transaction, was aware that DPI had filed proofs of claim with this Court through attorney David H. Freedman. According to the claims register for Delphi presented at dphholdingsdocket.com, DPI's proof of claim no. 16427 was transferred effective April 29, 2007 to SPCP Group LLC, long before the Transaction occurred. A copy of relevant pages from such claims register are attached hereto as Exhibit 1. I came to learn about Mr. Freedman and these proofs of claim in approximately July 2010.

7. Only after DPI's current counsel Mahesh K. Nayak spoke with Mr. Freedman in July 2010 did I come to learn about any of the matters contained in the Declaration of David H. Freedman (the "**Freedman Declaration**"). A copy of the Freedman Declaration is attached hereto as Exhibit 2.

8. Neither I, anyone at PII, nor anyone employed by DPI since the time of the Transaction, received (a) the Reorganized Debtors' First Amended Joint Plan of Reorganization, as modified and amended, that was confirmed by the Court on July 30, 2009 (Docket No. 18707, and all disclosure statements or solicitation packages in connection therewith (the "**Modified Plan Documents**"); or (b) the motion filed by the Debtors on October 2, 2009 seeking extension of the deadline for serving summons and complaints until 180 says after substantial consummation of the Modified Plan (Docket No. 18952, the "**Fourth Extension Motion**").

9. It would have been impossible for DPI (as it was constituted either before or after the time of the Transaction) to have received either of the items identified in Paragraph 8 above. According to the Freedman Declaration, he withdrew from representing DPI in 2008 and himself did not receive these items. Exhibit 2 at ¶ 8. The Freedman Declaration refers to two pleadings he filed in the Cases in which Mr. Freedman requested removal from lists of those who are to receive electronic notice of filings in the Cases. *Id.* at ¶ 5. Such pleadings are attached hereto as Exhibit 3. If the Modified Plan Documents and Fourth Extension Motion were separately sent directly to DPI in July 2009 and October 2009 at DPI's address identified on its Proofs of Claim, DPI did not receive them. DPI had moved from that address over a year before, on May 2, 2008. Upon information and belief, DPI's old premises were vacant and unoccupied for much of 2009. Furthermore, there would have been no way for me or DPI to alert the Court to DPI's new address on May 2, 2008 since neither I nor anyone at PII, nor anyone employed by DPI after the date of

-3-



the Transaction, was aware of the Proofs of Claim, the fact that DPI previously had a lawyer who had filed these Proofs of Claim (and who I now understand had withdrawn), or the fact that a Complaint has been secretly filed by Delphi against DPI.

10. Until it was served with the complaint and other papers associated with the Adversary Proceeding in March 2010, DPI and PII had no notice that Delphi had sued DPI to recover alleged preference payments. Further, neither I nor anyone employed by DPI since the time of the Transaction received any of the Service Extension Motions, as that term is defined in the Motion to Dismiss. Neither I, anyone at PII, nor anyone employed at DPI since the time of the Transaction had any knowledge or notice prior to March 2010 that on several occasions Delphi had sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints long past the running of the statute of limitations.

11. Had PII known of the Adversary Proceeding (which seeks recovery from DPI in an amount almost three times the value of the Transaction) at the time of the Transaction, PII's decisions with respect to negotiating, and even entering into the Transaction would obviously have been affected.

12. Additionally, PII would have taken special and additional steps to locate, identify, review, organize and preserve its records with respect to Delphi, to hold specific interviews with the seller relative to the alleged preferential payments (as it was the seller who was knowledgeable about the Delphi business relationship at this time), and to make arrangements to obtain the cooperation of the seller and its employees (several of whom have departed the seller's employ) to provide information relative to this litigation, or serve as witnesses. None of these steps were taken.

13. DPI is prejudiced in its ability to defend this action because of the extraordinary changes in the company over the passage of time, including the change in ownership and control of DPI, the loss of institutional knowledge relevant to the transfers in the timeframe alleged in the Adversary Proceeding, and prejudice arising from the fact that neither DPI nor its former lawyer received notice of the existence of the filings identified in paragraph 8 of this Declaration, which I understand were important notices.

14. The schedule of transfers attached to Delphi's proposed amended complaint (attached to *The Reorganized Debtors' Motion for Leave to File Amended Complaints*, Docket No. 29) indicates that Delphi now seeks millions of more dollars more from DPI, than it did in its original Complaint. Such schedule is attached hereto as Exhibit 4.

15. It is very difficult to decipher the data provided in such schedule as to the antecedent debt to which each transfer alleged is tied.

16. By way of example, for two alleged transfers set forth on such schedule, corresponding to "transfer dates" of September 6, 2005 and October 6, 2005, no data regarding antecedent debt is supplied at all. Exhibit 4. These two alleged transfers are in an aggregate amount exceeding $3 million.

17. By way of further example, such schedule refers to eighteen separate EFT transfers which allegedly occurred on October 4, 2005, in an aggregate amount exceeding $2 million. Exhibit 4. However, a review of DPI's bank records indicates that DPI received only one transfer on October 4, 2005, in the amount of $295,620.50. The inconsistencies to which I refer reflect approximately one-third of the aggregate amount of transfers alleged in the proposed amended complaint. Such erroneous factual recitations call into question the accuracy of all the factual recitations made in the proposed amended complaint regarding the alleged transfers.

-5-

6811377.1 30885/135676

18. I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

19. I make this Declaration under penalty of perjury under the laws of the United States of America.

_____
Peter Schrennen

Executed on:

November 23, 2010

-6-

# EXHIBIT 1

# Creditor Data for Claim Number 16427

Help

| Creditor:<br>SPCP Group LLC<br>Attn Brian Jarmain<br>2 Greenwich Plz 1st Fl<br>Greenwich, CT 06830 | Date Claim Filed: 11/22/2006<br>Claim #: 16427<br>Schedule: F |
|---|---|

| Notice Party(ies):<br>Goodwin Procter LLP<br>Allan S Brilliant Craig P Druehl & Meagan E Costello<br>599 Lexington Ave<br>New York, NY 10022 |
|---|

**Debtor Name:** Delphi Automotive Systems LLC
**Debtor Case Number:** 05-44640

|  | Schedule Amount | C* | U* | D* | Filed Claim Amount | Present Claim Amount |
|---|---|---|---|---|---|---|
| GU | $409,939.92 |  |  |  | $1,130,675.71 | $1,130,675.71 |
| PRI |  |  |  |  |  |  |
| SEC |  |  |  |  |  |  |
| AP |  |  |  |  |  |  |
| AS |  |  |  |  |  |  |
| TOTALS | $409,939.92 |  |  |  | $1,130,675.71 | $1,130,675.71 |

*C=Contingent, U=Unliquidated, D=Disputed

### Transfer History

| Date Filed | Date Effective | Transfer Type | Transferor | Transferee | Status |
|---|---|---|---|---|---|
| 4/4/2007 | 4/29/2007 | Full | Doshi Prettl International LLC | SPCP Group LLC | Effectuated |

### Objection History

| Date Created | Name | Basis | Status |
|---|---|---|---|
| 2/26/2007 | Debtors' Ninth Omnibus Objection to Claims [Docket No. 6968] | Exhibit C - Untimely Claims | Resolved Not Expunged |

### Claim Withdrawal History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found |  |  |  |

### Stipulation History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| 9/4/2007 | 9237 | Joint Stipulation and Agreed Order (I) Allowing Proof of Claim Number 16427 and (II) Disallowing and Expunging Proof of Claim Number 8380 (Doshi Prettl International, LLC) | 83 k |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

In re Delphi Corporation, et al., Case No. 05-44481 (RDD) Jointly Administered

| Transfer Detail | | | |
|---|---|---|---|
| Date Filed | Docket Number | Document Name | File Size |
| 4/4/2007 | 7573 | Notice of Transfer for SPCP Group L.L.C. re: Doshi Prettl International | 1114 k |

# EXHIBIT 2

CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Christopher M. Cahill
*pro hac vice* admission pending
ccahill@clarkhill.com
(248) 988-5878

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, ) | Case No. 05-44481 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____/ ) | Honorable Robert D. Drain |
| | |
| Delphi Corporation, et al., | Adv. Pro. No. 07-02211 |
| | |
| v. | |
| | |
| Doshi Prettl International, | |
| _____/ | |

### DECLARATION OF DAVID H. FREEDMAN

I, David H. Freedman, declare as follows:

1.   I am an attorney and shareholder of Erman, Teicher, Miller, Zucker & Freedman, P.C., 400 Galleria Officentre, Suite 444, Southfield, Michigan 48034.

2.   I represented Doshi Prettl International, LLC (now known as Detroit Products International, LLC, hereafter referred to as "DPI") in connection with the above-captioned chapter 11 bankruptcy cases (the "Cases").

3.   I advised DPI in its preparation of the following proofs of claim, filed in the Cases: Proof of Claim 8380, in the amount of $573,199.69; and Proof of Claim 16427, in the amount of

$1,130.675.71. After objection by Debtors to the Proofs of Claim and response by DPI, on September 4, 2007 the Court entered an order approving stipulation between the parties, which disallowed Proof of Claim 8380 and allowed Proof of Claim 16427 in the amount of $1,130.675.71.

4.     In late 2006, I conducted discussions on behalf of DPI with a claims purchaser with respect to Proof of Claim 16427. During 2007, I had periodic discussions regarding the status of the allowance of such claim with such claims purchaser through September 2007.

5.     In early 2008, prior to April 16, 2008, I withdrew from representation of DPI. On April 16, 2008, I filed a Request to Be Removed from Receiving Electronic Filings (Docket No. 13411) in the Cases. On September 19, 2008, I filed a request to remove my name from the service list that receives electronic filings and other notices in the Cases (Docket No. 14200).

6.     After withdrawing from representing DPI in connection with the Case, I (a) no longer represented DPI on any matter; and (b) engaged in no discussions or correspondence with DPI in connection with the Cases.

7.     Throughout my representation of DPI in connection with the Cases, I was unaware that: (a) any adversary proceeding had been initiated by Debtors against DPI; or that (b) the Debtors filed any motions in the Cases seeking extension of time in which to serve summons and an adversary complaint on DPI; or (c) any orders were entered by the Court granting such relief.

8.     I did not receive (a) the Reorganized Debtors' First Amended Joint Plan of Reorganization, as modified and amended, that was confirmed by the Court on July 30, 2009 (Docket No. 18707, the "Modified Plan") or any disclosure statement or solicitation package in connection therewith; or (b) the motion filed by the Debtors on October 2, 2009 seeking extension of the deadline for serving summons and complaints until 180 says after substantial

6804561.1 30885/135676

consummation of the Modified Plan (Docket No. 18952, the "Fourth Extension Motion"). Nothing in my files indicates that I received these items or forwarded such items to my former client DPI. Had I received any such documents, I would have forwarded them to my former client DPI.

9.     I was unaware that the adversary proceeding Debtor filed against DPI existed until current counsel for Defendant contacted me in July, 2010 to inquire about my representation of DPI in connection with the Cases.

10.    I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

11.    I make this Declaration under penalty of perjury under the laws of the United States of America.

/s/ David H. Freedman
David H. Freedman

Executed on:

November 17, 2010

-3-

# EXHIBIT 3

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, | Case No. 05-44481-rdd |
| Debtor. | |

### REQUEST TO BE REMOVED FROM RECEIVING ELECTRONIC FILINGS

David H. Freedman of Erman, Teicher, Miller, Zucker & Freedman, P.C., hereby requests that his name be removed from the service list that receives Electronic Filings and other notices in the above-captioned case.

                      Respectfully submitted,

                      ERMAN, TEICHER, MILLER
                      ZUCKER & FREEDMAN, P.C.

                      By:     /s/ David H. Freedman
                      David H. Freedman  (P40567)
                      400 Galleria Officentre, Suite 444
                      Southfield, MI  48034
                      Tel. (248) 827-4100
                      Email:  dfreedman@ermanteicher.com

DATED:  April 16, 2008

F:\CHAP11\delphi\req to be removed from elec filings dhf.DOC



0544481080416000000000001

LAW OFFICES
## ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN
A PROFESSIONAL CORPORATION

EARLE I. ERMAN *
JULIE BETH TEICHER
DAVID M. MILLER
CRAIG E. ZUCKER
DAVID H. FREEDMAN
BARBARA A. PATEK
DIANNE S. RUHLANDT **
DAVID EISENBERG

\* AMERICAN BANKRUPTCY BOARD OF CERTIFICATION
\*\* ALSO ADMITTED IN FLORIDA

400 GALLERIA OFFICENTRE, SUITE 444
SOUTHFIELD, MICHIGAN 48034-2162

TELEPHONE (248) 827-4100
FACSIMILE (248) 827-4106
www.ermanteicher.com

September 19, 2008

**SENT VIA ECF FILING**

Help Desk – ECF Filing
United States Bankruptcy Court
Southern District of New York

    RE:    **Delphi Corporation**
             **Chapter 11 Case No. 05-44481**

Dear Sir/Madam:

    Please remove my name from the service list that receives Electronic Filings and other notices in the above-captioned case.

                  Very truly yours,

                  ERMAN, TEICHER, MILLER,
                  ZUCKER & FREEDMAN, P.C.

                  David H. Freedman

DHF/gs



0544481080919000000000003

# EXHIBIT 4

EXHIBIT 1
Delphi Automotive Systems, LLC v. Doshi Prettl International, LLC
Adv. Pro. No. 07-02211 [RDD]

| Adversary Proceeding No. | Transferee (Recipient) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Antecedent Debt Order/Invoice Number | Purchase Order/Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 845,794.20 | D0550011476 | PO | WRE |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 43,255.50 | D0550011477 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 92,885.40 | D0550011478 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 168,963.30 | D0550015472 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 150,258.24 | D0550015473 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 123,053.82 | D0550024179 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 408,677.70 | D0550024181 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 187,110.33 | D0550025690 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 47,458.08 | D0550054282 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 52,596.40 | D0550054285 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 44,873.92 | D0550054290 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 87.05 | D0550065751 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 55,128.32 | D0550065752 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 7,451.08 | D0550065753 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/2/2005 | $ 8,760.44 | D0550072835 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/29/2005 | $ 64.80 | D0550065751 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 8/29/2005 | $ 655.20 | D0550065752 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 371,715.00 | D0550011476 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 14,447.10 | D0550011477 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 54,815.78 | D0550011478 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 83,123.82 | D0550015472 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 65,876.58 | D0550015473 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 75,863.52 | D0550024179 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 231,038.24 | D0550024181 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 88,565.40 | D0550025690 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 44,821.52 | D0550054282 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 86,861.81 | D0550054285 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 117,208.00 | D0550054290 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 91,576.96 | D0550065752 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 19,159.92 | D0550065753 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/2/2005 | $ 51,197.40 | D0550072835 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/6/2005 | $ 2,697,252.98 | | | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/19/2005 | $ 6,591.40 | D0550077663 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/19/2005 | $ 25,116.00 | D0550077674 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/20/2005 | $ 89,211.60 | D0550011476 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/20/2005 | $ 31,369.80 | D0550015473 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/20/2005 | $ 84,181.88 | D0550024181 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/20/2005 | $ 35,426.16 | D0550025690 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/20/2005 | $ 25,616.64 | D0550065752 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 74,343.00 | D0550011476 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 5,778.84 | D0550011477 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 15,513.90 | D0550011478 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 30,786.60 | D0550015472 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 15,684.90 | D0550015473 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 15,804.90 | D0550024179 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 91,542.60 | D0550024181 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 29,521.80 | D0550025690 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/21/2005 | $ 9,887.10 | D0550077663 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 74,343.00 | D0550011476 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 8,668.26 | D0550011477 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 21,719.46 | D0550011478 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 15,804.90 | D0550024179 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 38,651.32 | D0550024181 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 16,478.50 | D0550077663 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 28,129.92 | D0550077674 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 2,102.64 | D0550077675 | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/22/2005 | $ 48,222.72 | D0550079109 | PO | EFT |

EXHIBIT 1
Delphi Automotive Systems, LLC v. Doshi Prettl International, LLC
Adv. Pro. No. 07-02211 [RDD]

| Adversary Proceeding No. | Transfer Recipient(s) | Contracting Entity/Entities | Obligor and Transferring Entity | Transfer Dates | Transfer Amounts | Antecedent Debt: Order/Invoice Number | Purchase Invoice Number | Purchase Order/Invoice | Transfer Type |
|---|---|---|---|---|---|---|---|---|---|
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/26/2005 | $ 74,343.00 | D0550011476 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/26/2005 | $ 34,419.66 | D0550024181 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/26/2005 | $ 22,414.56 | D0550065752 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/26/2005 | $ 2,102.64 | D0550079107 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/26/2005 | $ 24,111.36 | D0550079109 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/26/2005 | $ 6,591.40 | D0550079117 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/28/2005 | $ 89,211.60 | D0550011476 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/28/2005 | $ 5,778.84 | D0550011477 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/28/2005 | $ 27,925.02 | D0550011478 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/28/2005 | $ 30,786.60 | D0550015472 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/28/2005 | $ 22,126.86 | D0550024179 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/28/2005 | $ 45,771.30 | D0550024181 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 9/28/2005 | $ 41,330.52 | D0550025690 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/3/2005 | $ 72,499.50 | D0550011476 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/3/2005 | $ 28,345.68 | D0550015473 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/3/2005 | $ 89,894.82 | D0550024181 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/3/2005 | $ 38,424.96 | D0550065752 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 798,087.18 | D0550011476 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 43,393.74 | D0550011477 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 108,359.70 | D0550011478 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 221,663.52 | D0550015472 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 153,302.05 | D0550015473 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 151,727.04 | D0550024179 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 624,850.38 | D0550024181 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 183,035.16 | D0550025690 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 116,008.64 | D0550054282 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 138,959.69 | D0550054285 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 126,584.64 | D0550054290 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 6,470.16 | D0550065751 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 155,834.56 | D0550065752 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 95,633.28 | D0550072835 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 23,069.90 | D0550077663 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 1,401.76 | D0550077675 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 31,668.48 | D0550079109 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/4/2005 | $ 12,823.60 | D0550079117 | | PO | EFT |
| 07-02211 | DOSHI PRETTL INTERNATIONAL | DAS LLC | DAS LLC | 10/6/2005 | $ 589,590.73 | | | | WIRE |

Total Amount of Claim = $ 11,409,638.18