**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
                                                    :    Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                         :
                                                    :
        Debtors.                                    :
--------------------------------------------------- X
DELPHI CORPORATION, et al.,                         :
                                                    :
        Plaintiffs,                                 :
                                                    :
        -against-                                   :    Adv. Proc. No. 07-02714 (RDD)
                                                    :
KYOCERA, KYOCERA AMERICA INC.,                      :
KYOCERA INDUSTRIAL, KYOCERA                         :
INDUSTRIAL CERAMICS CORP. and                       :
KYOCERA MITA AMERICA INC.,                          :
                                                    :
        Defendants.                                 :
---------------------------------------------------------X

**DECLARATION OF PATRICK M. COTTER IN SUPPORT**
**OF OBJECTION OF THE KYOCERA DEFENDANTS**
**TO REORGANIZED DEBTORS' MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINTS**

I, Patrick M. Cotter, declare and state:

1.      I am the Vice President of Administration and Control of Kyocera Industrial Ceramics Corp. ("KICC"). This declaration (this "Declaration") accompanies and supports the Objection of the Kyocera Defendants to Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Objection").[1]

2.      Except as set forth in this Declaration, I have personal knowledge of the matters set forth herein.

---
[1] Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to them in the Objection.

NY874173.1
208626-10001

3. The Kyocera Defendants are affiliated under the global Kyocera "corporate umbrella" and share a common ultimate parent, Kyocera Corporation, based in Kyoto, Japan. However, the Kyocera Defendants are separate and distinct legal entities, have separate offices located in different states, have different management teams and operate in different lines of business.

4. Upon information and belief, on or about September 30, 2007, the Debtors filed a complaint (the "Original Complaint") against the Kyocera Defendants under seal. No notice of the filing of the Original Complaint was provided to KICC or, upon information and belief, either of the other Kyocera Defendants.

5. The Original Complaint sought the return of two transfers received by KICC totaling approximately $590,000 – (i) a $560,313 transfer received by KICC on October 7, 2005 (the "KICC Prepayment Transfer"), and (ii) an additional $30,420 transfer received by KICC on October 7, 2005 – that were prepayments for goods shipped by KICC after those payments were received.

6. KICC did not receive any particularized notice of the Initial Extension Motions and, upon information and belief, KAI and Kyocera Mita received no notice of them at all. Rather, at most, according to the Debtors, KICC's counsel was served with only electronic notification through the ECF system. KICC's counsel did not represent the other Kyocera Defendants at the time of the Initial Extension Motion. Thus, upon information and belief, neither of the other Kyocera Defendants received any notice at all of the Initial Extension Motions.

7. I understand that a Case Management Order entered in the Debtors' bankruptcy cases required that particularized notice be provided to the Kyocera

Defendants of the Initial Extension Motions, because those pleadings directly affected the rights of the Kyocera Defendants.

8. Absent effective, particularized notice, KICC and, upon information and belief, the other Kyocera Defendants had no way of knowing or discovering that the Initial Extension Motions affected any of its particular rights, because neither the Initial Extension Motions, nor Exhibit 7.24 of the plan (the exhibit by which the Debtors purported to preserve claims against the various adversary defendants) identified any of the Kyocera Defendants as a named defendant. Moreover, the claims against the Kyocera Defendants had been abandoned under the Abandonment Order, since, among other things, the value of potential prima facie preferences each of them received was far less than the $250,000 abandonment threshold.

9. Because KICC understood that the Case Management Order required that KICC be provided with overnight delivery of hard copies of all documents particularly affecting KICC's rights, KICC justifiably relied on this lack of service to form a belief that the Initial Extension Motions did not particularly affect its rights.

10. Certain if not all goods sold to the Debtors by KICC and, upon information and belief, the other Kyocera Defendants were produced in and shipped from Japan. The corporate headquarters for the Kyocera umbrella of companies is also located in Kyoto, Japan. As a result, the Kyocera Defendants are "foreign suppliers" as that term is contemplated in the Preservation Motion and the First Wave Order.

11. Discovery has not yet begun in this adversary proceeding. Thus, the true measure of the prejudice to KICC and the other Kyocera Defendants from the Debtors' actions in connection with this adversary proceeding is not yet known. However, the

Debtors' actions in connection with this adversary proceeding have given rise to significant, immediately recognizable prejudice to KICC (likely in addition to other, yet undiscovered prejudice). For example, the Manager of Credit and Collections of KICC, who worked on the Delphi account and was involved in the transactions giving rise to the KICC Prepayment Transfer and the alleged preferential transfers to KICC, has left KICC's employ since the filing under seal of the Original Complaint and the expiration of the statute of limitations. With him went relevant knowledge, which KICC did not know to preserve as a result of the Debtors' concealment of the action pending against it. Other employees similarly have left the Kyocera Debtors' employ, and the memories of the remaining employees have no-doubt faded. Moreover, KICC has experienced difficulty in its efforts to obtain documents internally and from its vendors that are necessary to establishing its defenses, including shipping and other records, which records would have been easily obtainable had the Original Complaint been timely served.

12. Additionally, KICC did not know to (and therefore was not able to) reserve adequate funds to pay its defense costs or to satisfy any judgment that might be obtained against it, because it was misled to believe that it would not be facing litigation regarding the amounts at issue in this adversary proceeding. Finally, KICC was unable to disclose the existence of the Debtors claims in its financial statements or to incorporate those potential claims into its budgets and financial projections, again because the Debtors' claims were concealed from KICC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Vancouver, Washington
November 24, 2010

_____
Patrick M. Cotter

NY874173.1
208626-10001