Hearing Date and Time:  February 17, 2011 at 10:00 a.m.
Reply Deadline:  January 28, 2011

BRYAN CAVE LLP
Michelle McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (admitted pro hac vice)
Christopher J. Lawhorn (admitted pro hac vice)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re:                                                        :    Chapter 11:
                                                              :
DELPHI CORPORATION, *et al.*,                                 :    Case No. 05-44481 (RDD)
                                                              :    Jointly Administered
-------------------------------------------------------------x
DELPHI CORPORATION, *et al.*,                                 :
                                                              :    Adv. Pro. No. 07-02639 (RDD)
                        Plaintiffs,                           :
                                                              :
             -against-                                        :
                                                              :
SPARTECH POLYCOM                                              :
                                                              :
                        Defendant.                            :
-------------------------------------------------------------x

### SPARTECH POLYCOM'S BRIEF IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

1604272.1

Spartech Polycom ("Spartech"), by its undersigned attorneys, respectfully states:

## PRELIMINARY STATEMENT

This case is about the Debtors' tactical use of a time-barred avoidance Complaint against Spartech filed under seal, with summons and service of process unilaterally withheld using a series of motions filed, but never served, and only unveiled to the Spartech 2½ years later, after the statute of limitations had run. After receiving the Debtors' Complaint, Spartech filed its Motion To Dismiss Filed By Defendant Spartech Polycom Seeking An Order (I) Vacating Prior Orders Establishing Procedures For Adversary Proceedings That Violate Procedural Due Process, (II) Dismissing The Adversary Proceeding With Prejudice Pursuant To Fed. R. Civ. P. 12(B) And Fed. R. Bankr. P. 7012(B), Or (III) Dismissing The Adversary Proceeding On The Grounds Of Laches, *Res Judicata* Or Judicial Estoppel and Memorandum in Support of the Motion (collectively, the "Motion to Dismiss"). This Court correctly observed the flawed nature of the Complaint and ordered that the Reorganized Debtors replead the Complaint and file a motion for leave to file an amended complaint (the "Motion to Amend").

While the Reorganized Debtors have filed the Motion to Amend and a proposed amended complaint, the inherent problems and fundamental flaws in the process by which the Complaint was hidden and ultimately served continue to justify dismissal of the Complaint and denial of the Motion to Amend. Furthermore, the proposed amended Complaint against Spartech suffers from the same facial deficiencies as the original Complaint, rendering the requested amendment futile and prohibiting any amendment from relating back to the time the original Complaint was filed. Accordingly, Spartech respectfully requests that this Court deny the Motion to Amend and dismiss the Complaint with prejudice for the following reasons.

# ARGUMENT

## I. The Motion to Amend Cannot Be Granted Because Plaintiff Cannot Show That Amending The Complaint Is Proper And More Than An Act In Futility.

Granting leave to amend under Rule 15 of the Federal Rules of Civil Procedure is not automatic; instead "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). "[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] all touchstones of a district court's discretionary authority to deny leave to amend." *Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 (2d Cir. 1984). In addition, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). For example, "it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile." *Hunt v. Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998). Denial of requests for leave to amend are justified where, as here, proposed amendments cannot withstand a motion to dismiss or fail to comply with a court's order regarding required allegations. *Ruffolo*, 987 F.2d at 131 (affirming denial of leave to amend where proposed amendment failed to allege necessary facts); *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992) (affirming denial of leave to amend where proposed amendment failed to comply with court's order).

As explained below, Reorganized Debtors' Motion to Amend is futile and likely to be unproductive with respect to Spartech. Accordingly, the Motion to Amend should be denied.

A. <u>The Plaintiff's Proposed Amended Complaint Fails To Set Forth Sufficient Facts To Establish The Existence Of An Antecedent Debt.</u>

The Plaintiff's[1] proposed Amended Complaint fails to comply with the minimum requirements set forth in this Court's September 7, 2010 Order Granting In Part First Wave Motions to Dismiss (the "Dismissal Order") [Adv. D.I. 37]. Among other things, the proposed Amended Complaint once again fails adequately to plead facts regarding the antecedent debt for each transfer alleged. The Plaintiff's only allegations regarding the existence of an antecedent debt are bare-bones and are presented in Paragraph 23 of the proposed Amended Complaint, where Plaintiff alleges:

> Plaintiff made each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendant indicated on Exhibit 1 as of the date on which each Transfer was made. The documents evidencing the antecedent debt include the purchase orders and/or invoices/bills of lading identified on Exhibit 1, which purchase orders and/or invoices/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject goods contemplated by the Agreements were ordered by Plaintiff pursuant to the Agreements and/or were provided by Defendant.

Pursuant to Section 547(b)(2) of the Bankruptcy Code, an avoidance action requires a transfer "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). The Bankruptcy Code does not define the term "antecedent debt." The Bankruptcy Appellate Panel for the Second Circuit has opined, however, that:

> The case law is clear that for purposes of Section 547(b)(2) "an antecedent debt" is a pre-existing debt that was incurred when the debtor previously obtained a property interest in the consideration provided by the creditor that gave rise to the debt. The consideration may have been a loan or ***the furnishing of goods or services***, but when the debtor ***obtained the loan, goods or services***, the creditor had a claim, matured or unmatured, that it could then assert against the debtor's bankruptcy estate if payment was not made at the time a petition was filed. At that point the debt was "antecedent" for purposes of Section 547(b)(2).

---

[1] The original Complaint referenced "Debtors Corporation, *et al.*" as the "Plaintiffs" in this action. The new proposed Amended complaint references only "Debtors Automotive Systems, LLC" as the lone Plaintiff.

*In re Bennett Funding* Group, 220 B.R. 739, 742 (2d Cir. 1998) (emphasis supplied). An antecedent debt generally arises when the debtor "***obtain[s]***" the goods or services for which it contracted. *Id*.

Factual allegations regarding an "antecedent debt" necessary to satisfy an avoidance action therefore must address three distinct elements: (i) a debt (evidenced by a contract and performance under that contract giving rise to an obligation to pay), (ii) which was owed by the debtor, and (iii) which was antecedent to the transfer. Plaintiff fails to plead any of these elements in anything more than a conclusory manner, which this Court, in dismissing Debtors' original complaint, has already recognized is impermissible. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff fails to meet this standard.

Although the proposed Amended Complaint includes an Exhibit with a column titled "Purchase Order/Invoice Number/Antecedent Debt," the numbers listed therein do not provide the basic information necessary to establish the antecedent debt necessary to assert a cognizable preference claim. For example, there is no indication whatsoever regarding when the Plaintiff's alleged obligations arose, or even when the listed purchase orders or invoices were dated. In addition, to the extent the Plaintiff has attempted to reference "blanket" purchase orders (which appear to be the bulk of Exhibit 1) instead of specific orders and deliveries of goods, the allegations do not explain the basis for the Plaintiff's obligations to Spartech—rather, such purchase orders merely outline certain of the general terms between the parties, not specific orders and product requests for the actual goods received that resulted in obligations to Spartech. In any event, the required information regarding the Plaintiff's alleged antecedent obligations is not included as part of the proposed Amended Complaint, and as a result, the Motion to Amend should be denied because the proposed amended Complaint fails as a matter of law.

1604272.1                                                                 5

>   B.   The Plaintiff's Proposed Amended Complaint Fails To Set Forth Sufficient Facts To Establish That The Debtor Was Insolvent At The Time Of The Alleged Preferential Transfers.

Plaintiff fails to plead properly in its proposed Amended Complaint, and cannot prove, that it made transfers to Spartech at a time when Plaintiff was insolvent. *See* 11 U.S.C. § 547(b) (authorizing a trustee to avoid a transfer only if it was, among other things, "made while the debtor was insolvent"). Plaintiff's only allegation of insolvency merely is a bare-bones, conclusory recitation of the avoidance statute, namely that: "[p]ursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiff is presumed to have been, and were [sic] in fact, insolvent at the time the Transfers were made." Proposed Amended Complaint, ¶ 24. This is exactly the "[t]hreadbare recital[] of the elements of a cause of action supported by mere conclusory statements," that the Supreme Court stated "does not suffice." *Iqbal*, 129 S. Ct. at 1949.

Debtors' failure to properly plead facts that show Plaintiff's insolvency is no surprise because Plaintiff was solvent at the time of the alleged transfers. In fact, Plaintiff's own bankruptcy schedules show Plaintiff was solvent, and had more than $2.6 in net equity, at the time its petition was filed. These Plaintiff admissions rebut any presumption of Plaintiff's insolvency during the preference period. *See, e.g.*, *In re Roblin Industries, Inc.*, 78 F.3d 30, 34-35 (2d Cir. 1996) (schedules showing solvency rebutted presumption so that trustee bore burden of coming forward to prove insolvency); *Akers v. Koubourlis*, 869 F.2d 1319, 1322 (9th Cir. 1989) (debtors' schedules indicating greater assets than debts rebutted presumption); *IMF Sales Associates, Inc. v. Racal-Vadic Information Systems, Inc.*, 94 B.R. 223, 225 n.3 (Bankr. D. Mass 1988) ("Racal has rebutted the [section 547(f) presumption] by offering the schedules which show the debtor was solvent."); *Fokkena v. Winston, Reuber, Byrne, P.C.*, 189 B.R. 744,

747 (Bankr. N.D. Iowa 1995) ("Debtor's schedules filed in his chapter 11 case are sufficient to support a finding of solvency at the time of the transfers. The presumption was rebutted.").

For each of these reasons also, Plaintiff has not – and cannot – properly plead elements to sustain the proposed Amended Complaint as a matter of law. Any amendment is futile here. The Motion should be denied.

      C.    <u>The Plaintiff's Proposed Amended Complaint Fails Because The Alleged Preferential Transfers Were Made Under A Contract Assumed By The Debtor.</u>

The Plaintiff's proposed Amended Complaint fails to disclose that that Spartech and the Plaintiff were parties to one or more executory contracts that were assumed by the Debtors in connection with their bankruptcy cases. For example, Spartech and the Plaintiff were parties to a certain Long Term Contract dated as of February 18, 2004 (as amended) (the "Contract") that remained executory throughout the Debtors' bankruptcy cases, was never rejected, and thus was assumed pursuant to the Debtors' confirmed plan. In fact, the Debtors even moved to specifically assume and assign their obligations under certain purchase orders listed in the proposed Amended Complaint that were issued pursuant to the Contract, which assumption and assignment was approved by the Court. *See*, *e.g.*, Debtors' Supplemental Omnibus Reply to Objections to (A) Notices of Assumption and/or Assignment and (B) Cure Notices in Connection with Interiors and Closures Businesses Sale dated January 24, 2007 [D.I. 12340] (recognizing resolution of issues related to assumption and assignment of Debtors' obligations under PO550057020 and PO550057021, listed repeatedly in Exhibit 1 to the proposed Amended Complaint). All, or nearly all, of the alleged preferential transfers in the proposed Amended Complaint constitute payments made to Spartech under the assumed Contract and its related purchase orders. As the Plaintiff conceded before this Court, there can be no recovery of payments made under contracts assumed by the Debtors, and thus, there is no basis for the

1604272.1                                            7

Plaintiff to seek recovery of such amounts from Spartech. Again, these issues cannot be addressed by amending the Complaint, and rendering amendment of the Complaint futile.

        D.      The Plaintiff's Proposed Amended Complaint Fails For Additional Reasons Incorporated Herein.

Spartech incorporates herein all of the arguments in Spartech's Motion to Dismiss and related pleadings that explained why the process and substance of the Complaint, and now the proposed Amended Complaint, doom it, including the substantial prejudice suffered by Spartech with respect to the Complaint and the allegations therein. For those reasons as well, amendment of the Complaint is futile, and the Motion to Amend should be denied.

**II.      Spartech Adopts And Incorporates The Additional Arguments Raised By Similarly Situated Preference Defendants.**

In the interest of judicial economy and to avoid the burden of repetitive arguments and briefs for the Court, Spartech will not repeat all of the various additional arguments asserted by similarly situated preference defendants. However, Spartech incorporates such meritorious arguments asserted by other preference defendants in opposition to the Plaintiff's related motions to amend and reserves all rights to assert such arguments in support of its opposition to the Motion to Amend.

## CONCLUSION

Debtors have engaged in a pattern of conduct that violates certain basic rights, *i.e.*, the tactical use of a time-barred Complaint filed under seal, with issuance of summons and service of process unilaterally withheld using a series of motions filed (but never served) over a 2½ year period for a lawsuit now seeking to collect over $8.6 million for transfers allegedly made some five years ago. Justice Louis Brandeis coined a marvelous phrase: "sunlight is the best disinfectant," in praise of the benefits of transparency and candor. As this record reflects, neither

05-44481-rdd    Doc 20924    Filed 11/24/10    Entered 11/24/10 15:31:51    Main Document
    Pg 9 of 10

05-44481-rdd    Doc 20924    Filed 11/24/10    Entered 11/24/10 15:31:51    Main Document
Pg 9 of 10

has been present here.  Spartech respectfully requests that this Court deny the Motion to Amend, dismiss the Complaint with prejudice, and grant such other relief as is just and proper.

Dated: November 24, 2010                   Respectfully submitted,

/s/  Michelle McMahon
BRYAN CAVE LLP
Michelle McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (pro hac vice pending)
Christopher J. Lawhorn (pro hac vice pending)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

## **CERTIFICATE OF SERVICE**

I, Michelle McMahon, hereby certify that a copy of Defendant Spartech Polycom's Brief in Opposition to Reorganized Debtors' Motion for Leave to file Amended Complaints was served on the following counsel on November 24, 2010 by electronic mail.

BUTZEL LONG
380 Madison Avenue, 22nd Floor
New York, New York 10017
Attention:    Eric B. Fisher (fishere@butzel.com)
              Cynthia J. Haffey (haffey@butzel.com)
              Barry N. Seidel (seidel@butzel.com)


                                            /s/ Michelle McMahon
                                            Michelle McMahon (MM-8130)