James E. DeLine (P45205) (admitted *pro hac vice*)
Patrick Warren Hunt (P69713) (admitted *pro hac vice*)
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: 313-961-0200
jed@krwlaw.com
pwh@krwlaw.com

*Attorneys for Pontiac Coil, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) CHAPTER 11 |
| | ) |
| DELPHI CORPORATION, et al, | ) Case No: 05-44481 [RDD] |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Honorable Robert D. Drain |
| | ) |
| DELPHI CORPORATION, et al, | ) |
| | ) |
| Plaintiffs, | ) Adv. Pro. No. 07-02385 [RDD] |
| | ) |
| v. | ) |
| | ) |
| PONTIAC COIL INC., | ) |
| | ) |
| Defendant. | ) |

## PONTIAC COIL INC'S RESPONSE TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

Pontiac Coil, Inc. ("Pontiac Coil" or "Defendant") for its Response to Reorganized

Debtors' Motion for Leave to File Amended Complaints ("Motion"), states as follows:

## INTRODUCTION

This Court should deny the Reorganized Debtors' Motion, which asks that the Court exercise its discretion to permit the Reorganized Debtors to file an amended complaint against Pontiac Coil to recover $3,028,194.82 in alleged transfers.

Leave to amend under Rule 15 of the Federal Rules of Civil Procedure is not granted automatically; instead "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).

## I.    The Amended Complaint Failed to Identify the Antecedent Debt for some Alleged Transfers.

This Court's Order Granting in Part First Wave Motions to Dismiss required the Reorganized Debtors, at a minimum, to identify the antecedent debt for each alleged transfer. The Reorganized Debtors' Amended Complaint failed to identify, in any way, the antecedent debt for an alleged transfer in the amount of $665,000.  Based upon this failure, the Reorganized Debtors should be ordered to abandon any claim to this alleged transfer.

Additionally, many of the alleged transfers were identified as "Invoices" and the Reorganized Debtors provided identification numbers that do not appear to match Pontiac Coil's accounting system.  This attempt to identify the antecedent debt through an "Invoice" number that Pontiac Coil is unable to decipher is not helpful to Pontiac Coil and should not allow the Reorganized Debtors to escape the Court's Order requiring the identification of an antecedent debt for each alleged transfer.  The Reorganized Debtors should be ordered to abandon any claim to alleged transfers for which the Reorganized Debtors are unable to identify the antecedent debt in a meaningful way.

II.     **The Amended Complaint Identified Assumed Contracts and Purchase Orders as the Antecedent Debt for some Alleged Transfers.**

In approximately September 2009, all of Pontiac Coil's purchase orders with Delphi's Saginaw, Michigan manufacturing facility were assumed and assigned to Steering Solutions Services Corporation ("Steering Solutions").   Upon information and belief, all of the alleged transfers were made pursuant to purchase orders that were assumed and assigned to Steering Solutions.   Although the Reorganized Debtors apparently never provided a list of all the purchase orders assumed and assigned to Steering Solutions and/or Nexteer Automotive, the Reorganized Debtors did provide cure payments that identified specific purchase orders.

Based *only* upon the purchase orders identified by the Reorganized Debtors' cure payments, the Reorganized Debtors' Amended Complaint identifies no less than $1,265,100.42 in alleged transfers that were made pursuant to purchase orders assumed and assigned to Steering Solutions.   Although Pontiac Coil believes that the true amount of payments on assumed purchase orders is much greater, if not the entire amount of alleged transfers, the Reorganized Debtors' Amended Complaint is deficient on its face where it directly identifies assumed and assigned purchase orders as the antecedent debt for many alleged transfers.   The Reorganized Debtors should be ordered to abandon any claim to alleged transfers for which the Reorganized Debtors have identified an assumed purchase order as the basis of the antecedent debt.

Pontiac Coil believes that if each alleged transfer were identified by purchase order, the amount of alleged transfers based upon assumed contracts would be much greater.   As noted in Section I above, the majority of alleged transfers are identified with meaningless "Invoice" numbers, and only a handful of alleged transfers properly denote a purchase order number. Moreover, Pontiac Coil believes that all of the alleged transfers were made on assumed and assigned purchase orders, not just purchase orders identified through cure payments, and reserves

its right to assert this defense for all alleged transfers.

### III.    Pontiac Coil Joins and Adopts the Arguments Made by Other Defendants

Pontiac Coil incorporates all of the other meritorious arguments raised by the other preference defendants in opposition to the Reorganized Debtors' Motion.

### CONCLUSION

For the reasons stated above, Pontiac Coil asks that this Court deny the Reorganized Debtors' Motion.  In the alternative, Pontiac Coil asks that this Court order the Reorganized Debtors to abandon their claims to, and strike from the Amended Complaint, any alleged transfers for which the Reorganized Debtors' Amended Complaint:

a) Fails to identify an antecedent debt;

b) Fails to identify a valid purchase order, invoice, or other identification number as the basis for an antecedent debt; or

c) Identifies an assumed contract as the basis for the antecedent debt.

Pontiac Coil asks that this Court grant any additional and further relief deemed just and equitable.

Respectfully submitted,

**KERR RUSSELL AND WEBER, PLC**

By: _____/s/ Patrick Warren Hunt_____
        P. Warren Hunt (P69713) (admitted *pro hac vice*)
        James E. DeLine (P45205) (admitted *pro hac vice*)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200 – telephone
(313) 961-0388 – facsimile
pwh@krwlaw.com
jed@krwlaw.com

Dated:  November 24, 2010          Attorneys for Defendant Pontiac Coil