# EXHIBIT A

## SUMMARY OF FACTS PRECEDING AMBRAKE'S MOTION TO DISMISS

| Date | Document | Facts |
|---|---|---|
| August 6, 2007 | First Extension Motion | Delphi and its co-Debtors (collectively, "Debtors") filed a motion seeking entry of an order that: (i) granted the Debtors leave to file under seal certain avoidance actions brought under 11 U.S.C. § 547 (collectively, the "Sealed Adversary Proceedings"); (ii) extended the time beyond the 120-day limitation provided under Federal Rule of Civil Procedure 4(m) to serve the summonses and complaints relating to the Sealed Adversary Proceedings; and (iii) stayed the Sealed Adversary Proceedings until service of process was effected.<br><br>The First Extension Motion did not identify the parties that would be named as defendants (the "Unidentified Defendants") in the Sealed Adversary Proceedings, nor did the First Extension Motion identify the transfers that would be the subject of the Sealed Adversary Proceedings.<br><br>The Debtors justified the relief requested in the First Extension Motion by asserting that most of the Sealed Adversary Proceedings would be resolved by its reorganization plan, which it projected would pay all creditors in full, and that the proposed procedures (including sealing the complaints and extending the time for service) would not "prejudice the potential defendants" because the Sealed Adversary Proceedings would likely all be dismissed before the Unidentified Defendants even knew they had been sued. (First Extension Motion, ¶ 48). |
| August 16, 2007 | First Extension Order | The First Extension Order (i) authorized the Debtors to file complaints under seal, (ii) directed the Court Clerk to seal the case dockets for the Sealed Adversary Proceedings such that the names of the defendants were not ascertainable, (ii) directed the Court Clerk not to issue summons until requested by the Debtors, and (iv) extended the time to March 31, 2008 for the Debtors to serve summonses and complaints. |
| September 28, 2007 | Original Complaint filed against Ambrake | Debtors opened an adversary proceeding against Ambrake that was assigned Adversary Proceeding No. 07-02201 (the "Adversary Proceeding"). Because the complaint (the "Original Complaint") and the case docket relating to this Adversary Proceeding were sealed, Ambrake cannot ascertain whether the Original Complaint was actually filed before the statute of limitations expired on October 8, 2007. The |

| | | |
|---|---|---|
| | | Original Complaint sought to recover in excess of $39 million in alleged preferential transfers purportedly made by one or more unidentified Debtors. |
| December 10, 2007 | Debtor's First Amended Joint Plan of Reorganization (the "Confirmed Plan") | The Confirmed Plan provided for the payment in full of unsecured creditors. Exhibit 7.24 to the Confirmed Plan listed the causes of action that the Debtors would retain under the Confirmed Plan, and only identified adversary proceedings that the Debtors had filed against Laneko Engineering Co., Wachovia Bank, N.A., Laneko Engineering Co., Inc., and their respective affiliates and subsidiaries (the "Laneko Defendants"). The Confirmed Plan did not contain any reference to Ambrake, the Original Complaint nor the Adversary Proceeding. |
| January 25, 2008 | Confirmation Order | Order confirming the Confirmed Plan entered. |
| February 28, 2008 | Second Extension Motion | Debtors filed a motion under Fed.R.Civ.P. 4(m) seeking a second extension of the time to serve the summonses and complaints in the Sealed Adversary Proceedings to May 31, 2008. In the Second Extension Motion, the Debtors reaffirmed that, "[u]nder the [Confirmed] Plan, the Debtors will not retain any of the causes of action asserted in the Adversary Proceedings except those specifically listed on Exhibit 7.24 to the [Confirmed] Plan" and "only the claims relating to [the Laneko Defendants] are subject to the [First Extension Order]." (Second Extension Motion, ¶ 17 and fn. 4). Again, the Debtors made no reference to Ambrake, the Original Complaint nor the Adversary Proceeding.<br><br>In the Second Extension Motion, the Debtors stated that the "good cause" justifying a second extension was "enabl[ing] the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily *disrupt* the emergence process or *the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations.*" (Second Extension Motion, ¶ 21 (emphasis added)). Thus, the Debtors again acknowledged that their primary objective in filing the complaints under seal was to gain an advantage over the Unidentified Defendants in negotiations relating to the ongoing business relationships between the Debtors and their suppliers (i.e., the Unidentified Defendants).<br><br>Debtors unequivocally acknowledged in the Second Extension Motion that: (1) the only actions preserved under the |

| | | |
|---|---|---|
| | | Confirmed Plan were those filed against the Laneko Defendants; (2) it would "not retain any causes of action asserted in the [Sealed Adversary Proceedings] except those specifically listed in Exhibit 7.24 to the [Confirmed] Plan" (which did not list the Adversary Proceeding against Ambrake); and (3) the First Extension Order applied only to the Laneko Defendants and not to the remaining Unidentified Defendants. |
| March 28, 2008 | Second Extension Order | Order granting Second Extension Order entered. |
| April 4, 2008 | Debtors' announcement | Debtors announced that the plan investors had refused to fund their investments under the Confirmed Plan so that the necessary exit financing for the Confirmed Plan would not close. |
| April 10, 2008 | Third Extension Motion | Third Extension Motion sought to extend the time for service of the Sealed Adversary Proceedings complaints until 30 days after the substantial consummation of the Confirmed Plan.<br><br>Debtors knew at this time that the exit financing was not, and possibly would never be, available based on their April 4, 2008 announcement.<br><br>Despite the likelihood that the Confirmed Plan would never be consummated, the Debtors reiterated the same "good cause" that they had offered in support of the Second Extension Motion – to avoid "unnecessarily disrupt[ing] the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations."<br><br>Debtors only identified the actions against the Laneko Defendants in the Third Extension Motion, and they again stated that only those actions were subject to the First Extension Order. |
| April 30, 2008 | Third Extension Order | Order granting Third Extension Motion entered. |
| October 3, 2008 | Modified Plan | Debtors filed a Plan Modification Approval Motion seeking certain modifications to the Confirmed Plan. On July 2, 2009, the Debtors filed a Supplement To Plan Modification Approval Motion attached to which was Exhibit 7.19 (that was to replace Exhibit 7.24 of the Confirmed Plan) that purportedly identified certain actions that the Debtors now sought to retain. However, Exhibit 7.19 only identified the |

|  |  | Sealed Adversary Proceedings by their adversary proceeding numbers, which had never been disclosed to any of the defendants named in those actions, and otherwise failed to identify any defendant. |
| --- | --- | --- |
| October 2, 2009 | Fourth Extension Motion | The Fourth Extension Motion sought to extend the time for service of the summonses and complaints in the Sealed Adversary Proceedings until 180 days after substantial consummation of the Confirmed Plan, as modified. |
| October 22, 2009 | Fourth Extension Order | Order granting Fourth Extension Motion entered. |
| March, 2010 | Original Complaint | The Original Complaint that had been filed under seal was served on Ambrake. |