# EXHIBIT C

05-44481-rdd    Doc 20926-4    Filed 11/24/10    Entered 11/24/10 15:34:23    Exhibit C
Pg 1 of 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

DPH Holdings Corp., *et al.*,

Reorganized Debtors.

Chapter 11

Case No. 05-44481 (RDD)
(Jointly Administered)

## ORDER GRANTING IN PART FIRST WAVE MOTIONS TO DISMISS

Delphi Corporation, together with its affiliated debtors in the above-captioned cases (collectively, the "Debtors") having filed complaints in certain adversary proceedings seeking to avoid and recover claimed preferential transfers in these Chapter 11 cases (the "Adversary Proceedings" as defined in this Court's Order Establishing Certain Procedures with Respect to Pending Motions to Dismiss Adversary Proceedings, dated April 23, 2010 (D.I. 19947, the "Procedures Order"); and a hearing having been held before this Court on July 22, 2010 (the "Hearing") to consider Defendants' First Wave Motions (as defined in the Procedures Order) seeking orders, inter alia, dismissing, with prejudice, certain of the Adversary Proceedings; and the Court having reviewed and considered (a) the First Wave Motions, (b) the Omnibus Response to Motions Seeking, Among Other Forms of Relief, Orders to Vacate Certain Procedural Orders Previously Entered by This Court and to Dismiss the Avoidance Actions Against the Moving Defendants, dated June 7, 2010 (the "Omnibus Response"), filed by DPH Holdings Corporation and its affiliated reorganized debtors (collectively, the "Reorganized Debtors"), (c) the Joinder in the Omnibus Response by the Reorganized Debtors' conflicts counsel, and (d) the Replies filed in support of the First Wave Motions; and upon consideration of the arguments of counsel made at the Hearing and the entire record of the Hearing; and after due deliberation; and for the reasons expressed in the Court's rulings at the conclusion of the Hearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. For the reasons stated at the Hearing, the following Adversary Proceedings are DISMISSED with prejudice, with each party to bear its own costs:

   (a) Adversary Proceeding No. 07-02723 against LDI Incorporated; and

   (b) Defendant Electronic Data Systems LTD. (n/k/a HP Enterprise Services UK Ltd.) from Adversary Proceeding No. 07-02262.

2. The Debtors have abandoned any claim in all of the Adversary Proceedings against any Defendant that received transfers from the Debtors with an aggregate value to or for the benefit of the transferee that is less than $250,000 during the 90 days preceding their respective petition dates, and all such claims in the Adversary Proceedings are DISMISSED with prejudice.

3. The Debtors have abandoned any claim in all of the Adversary Proceedings against any Defendant that is a foreign supplier, and all such claims in the Adversary Proceedings against any foreign supplier are DISMISSED with prejudice; provided, however, that any dispute over whether a Defendant in any of the Adversary Proceedings is a foreign supplier shall be determined by agreement of the relevant parties or, where the relevant parties cannot agree, by subsequent order of this Court.

4. All remaining claims in all of the Adversary Proceedings in which a First Wave Motion, a Second Wave Motion (as defined in the Procedures Order), a motion for judgment on the pleadings, and/or a joinder in any of the foregoing are DISMISSED without prejudice because the Debtors have failed to plead sufficient facts to state a claim, and have not complied with Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure. By no later than September 7, 2010, the

Reorganized Debtors shall file a motion for leave to amend the complaint in each Adversary Proceeding the Reorganized Debtors intend to pursue (each, a "Motion to Amend"). Each Motion to Amend shall attach a proposed amended complaint that, for each alleged transfer shall set forth, at a minimum, the transferor, the transferee, any known subsequent transferee against whom relief is sought, the antecedent debt and which Reorganized Debtor is the plaintiff.

5. All other arguments raised by defendants in the Adversary Proceedings that were not ruled upon at the Hearing or pursuant to this Order, and all responses thereto, are preserved.

6. The Reorganized Debtors shall ensure that this Order is filed in each of the Adversary Proceedings.

7. This Order shall be deemed to be a separate order with respect to each Adversary Proceeding addressed by this Order.

Dated: White Plains, New York
       September 7, 2010

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE