# EXHIBIT K



LEXSEE 2010 US APP LEXIS 6130

SHAWN GREEN, Plaintiff-Appellant, v. W.E. PHILLIPS, G. GUINEY, W. RUS-
SETT, T.H. KIERNAN, L. GOIDEL, F. SARLES, J. TARDIO, T.G. EAGEN, D.
HUTTELL, D. OSSELMAN, Defendants-Appellees, NURSE DAWN, Defendant.

No. 07-4557-pr

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

374 Fed. Appx. 86; 2010 U.S. App. LEXIS 6130

March 25, 2010, Decided

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [**1]
Appeal from the United States District Court for the Southern District of New York. (Thomas P. Griesa, Judge).
Green v. Phillips, 2006 U.S. Dist. LEXIS 14960 (S.D.N.Y., Mar. 30, 2006)

**COUNSEL:** FOR APPELLANT: Shawn Green, Pro se, Elmira Correctional Facility, Elmira, New York.

FOR APPELLEES: Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Robert C. Weisz, Assistant Solicitor General, New York, New York.

**JUDGES:** PRESENT: REENA RAGGI, PETER W. HALL, Circuit Judges, GREGORY W. CARMAN, Judge.*

* Judge Gregory W. Carman of the United States Court of International Trade, sitting by designation.

**OPINION**

[*87] **SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court order entered on September 27, 2007, is AFFIRMED, and that appellant's related motion to this court is DENIED.

Plaintiff Shawn Green appeals *pro se* from the district court's denial of his motion for relief from a judgment dismissing his amended complaint for failure to state a claim. *See* Fed. R. Civ. P. 60(b). He also moves for reinstatement of and consolidation with his previously dismissed appeal in docket number 06-3931-pr. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary [**2] to explain our decision to affirm the district court's challenged order and to deny Green's related motion to this court.

1. *Motion To Reinstate Prior Appeal*

Green moves to reinstate his prior appeal from the dismissal of his complaint, which appeal was dismissed on September 5, 2007, because Green failed to pay the docketing fee or move to proceed *in forma pauperis*. A "showing of 'manifest injustice' [is] normally required to warrant recall of a mandate." *Bennett v. Mukasey*, 525 F.3d 222, 224 (2d Cir. 2008) (quoting Fed. R. App. P. 2 advisory committee's note). Because Green has not shown manifest injustice here, we deny his motion. Accordingly, this appeal brings before us only the district court's denial of his Rule 60(b) motion, "not the merits of the underlying judgment." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986).

2. *Motion for Relief from Judgment*

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See Transaero, Inc. v. La*

*Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir. 1998). Green submits that Rule 60(b) relief was warranted because of "fraud," Fed. R. Civ. P. 60(b)(3), [*88] because "the judgment is void," Fed. R. Civ. P. 60(b)(4), and [**3] because of "extraordinary circumstances," Appellant's Br. at 11; *see also* Fed. R. Civ. P. 60(b)(6) (allowing court to grant motion for "any other reason that justifies relief"). We identify no merit in these arguments.

a. *Fraud*

First, Green fails to provide any evidence of fraud by the defendants. *See King v. First Am. Investigations, Inc.,* 287 F.3d 91, 95 (2d Cir. 2002) (holding that movant seeking Rule 60(b) relief must establish fraud by clear and convincing evidence). Instead, Green points only to alleged error by the district court in dismissing his complaint and failing to consider certain submitted documents. These allegations are insufficient to justify relief under Rule 60(b)(3). *See Fleming v. N.Y. Univ.,* 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").

b. *Void Judgment*

Green's voidness challenge requires him to show that the district court "lacked jurisdiction of the subject matter, or of the parties, or . . . acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 193 (2d Cir. 2006) [**4] (internal quotation marks omitted). Green does not contend that the district court lacked subject matter or personal jurisdiction. As previously noted, he complains that the district court failed to apply the correct standard and to consider documentary evidence attached to his summary judgment motion. We are not convinced. Although prisoner complaints are not subject to a heightened pleading requirement, *see Phelps v. Kapnolas,* 308 F.3d 180, 187 n.6 (2d Cir. 2002), they must nevertheless plead "plausible" claims to survive dismissal, *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Shomo v. City of New York,* 579 F.3d 176, 183 (2d Cir. 2009). The district court, writing before *Twombly* and *Iqbal,* effectively explained why Green's amended pleadings, even when read liberally, do not state plausible claims. Thus, we identify no due process denial in the standard applied to dismiss Green's complaint. Nor can the district court's purported failure to review documents filed in support of a summary judgment motion and nowhere referenced in Green's amended complaint be viewed as a denial of due process. *See Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998). [**5] Finally, to the extent Green disputes the merits of the district court's dismissal decision, we are not persuaded. In any event, "[a] judgment is not void merely because it is erroneous." *In re Texlon Corp.,* 596 F.2d 1092, 1099 (2d Cir. 1979) (alteration in original) (internal quotation marks omitted); *accord* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2862, at 326 (2d ed. 1995).

c. *Extraordinary Circumstances*

Although Green contends that he was entitled to relief based on "extraordinary circumstances," Appellant's Br. at 11, he does not specify what these circumstances are. A liberal reading of his submissions suggests that Green contends he is entitled to relief because he was allegedly deprived of medical attention and punished in retaliation for a hunger strike. Green may not, however, obtain relief from judgment by reiterating the same general allegations contained in his dismissed complaint. *See Shrader v. CSX Transp., Inc.,* [*89] 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Mere disagreement with the district court's underlying [**6] judgment does not present extraordinary circumstances or extreme hardship. *See Matarese v. LeFevre,* 801 F.2d at 106-07 (holding that, while relief is appropriate in "extraordinary circumstances" or "where the judgment may work an extreme and undue hardship," Rule 60(b)(6) "may not be used as a substitute for appeal").

Accordingly, we identify no abuse of discretion in the district court's denial of Green's Rule 60(b) motion.

We have considered Green's remaining arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the district court's September 27, 2007 order, and we DENY Green's motion to reinstate his prior appeal.