Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2000 phone
(616) 222-2500 fax

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Robert Bosch LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
In re                                                    :            Chapter 11
                                                         :
DELPHI CORPORATION, et al.,             :            Case No. 05-44481 (RDD)
                                                         :
                                                         :            (Jointly Administered)
                        Reorganized Debtors,  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                         :
DELPHI AUTOMOTIVE SYSTEMS, LLC   :
                                                         :
                        Plaintiff,                   :
                                                         :
v.                                                        :            Adv. Proc. No. 07-02800-[RDD]
                                                         :
ROBERT BOSCH CORPORATION d/b/a      :
BOSCH, ROBERT BOSCH, LLC d/b/a        :
BOSCH BRAKING SYSTEMS CORP.,         :
                                                         :
                        Defendants.[1]              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**ROBERT BOSCH LLC'S MEMORANDUM OF LAW IN OPPOSITION TO
REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT**

---

[1] Although Plaintiff's proposed First Amended Complaint contains a new caption and has not been approved yet by this Court, Robert Bosch LLC uses the new caption to avoid confusion and to remain consistent with Plaintiff's pleadings in this adversary proceeding.

# INTRODUCTION

Recognizing that the preference claims it wants to assert against a proposed new defendant, Robert Bosch LLC,[2] have been long barred by the statute of limitations, Plaintiff Delphi Automotive Systems, LLC ("**DAS**" or "**Plaintiff**") brazenly attempts to bring them through the guise of a proposed amended complaint. Plaintiff incredibly seeks to not only *replace* the original defendant (Robert Bosch GmbH) with an *entirely new* defendant (Robert Bosch LLC), but also to avoid an *entirely new and different* set of transfers totaling roughly $45 million, multiple orders of magnitude greater than the original $1.1 million set of transfers that were made to Robert Bosch GmbH. Plaintiff's new preference claims against Robert Bosch LLC, a new party, would also be entirely unrelated to the allegations contained in the original complaint. This so-called "Amended Complaint," therefore, would in reality be a brand new complaint, and as such these new claims would be barred by the applicable statute of limitations, *which expired three years ago*. This Court should soundly reject Plaintiffs transparent effort to circumvent the statute of limitations by disguising its new claims in the clothes of an amended pleading.

When viewed in proper light, it becomes clear that Plaintiff's motion must be denied because the proposed amended complaint would be futile for multiple reasons. First, the proposed new claims against Robert Bosch LLC, the new defendant, in no way relate back to the transactions set forth in the original complaint against Robert Bosch GmbH, and thus would be barred by the statute of limitations. Moreover, even if this insurmountable barrier could be overcome, the proposed new claims would *independently* be barred because Robert Bosch LLC has an absolute and complete defense to the preference claim – it was a fully secured creditor by

---

[2] As explained herein, Robert Bosch LLC was formerly known as Robert Bosch Corporation until the corporation was converted into a limited liability company. Plaintiff's new preference claims are against only one company: namely, Robert Bosch LLC.

1

way of its setoff rights when it received the transfers. Finally, there are a plethora of other reasons why Plaintiff should not be allowed to amend its complaint, and these reasons were already briefed in connection with the preference defendants' motions to dismiss filed in May 2010. Each of these reasons requires this Court to deny Plaintiff's Motion for Leave to File an Amended Complaint.

## BACKGROUND

Robert Bosch LLC manufactures precision automotive components and systems sold to vehicle and power train manufacturers worldwide. Robert Bosch LLC is a company that is headquartered in Farmington Hills, Michigan. Robert Bosch LLC's parent company is Robert Bosch GmbH, headquartered in Germany. Both Robert Bosch LLC and Robert Bosch GmbH were suppliers to Plaintiff before and after Plaintiff filed its bankruptcy petition. Both Robert Bosch LLC and Robert Bosch GmbH received payments from Plaintiff during the ninety days preceding Plaintiff's bankruptcy filing as a result of their supply of goods to Plaintiff.

The original complaint in this adversary proceeding named "Bosch and Robert Bosch GmbH" as defendants (the "**Original Complaint**"). Robert Bosch LLC was not listed as a defendant in the Original Complaint. Instead, a purported entity by the name of "Bosch" was listed as a defendant in the adversary proceeding. However, there was and is no such legal entity as "Bosch." Indeed, the Original Complaint failed to set forth any allegations regarding "Bosch", such as its address, its place of incorporation, its registered agent or any other information about the purported entity.

The Original Complaint sought to avoid as preferential transfers six specific transfers totaling $1,087,460.49 that were made to and received by Robert Bosch GmbH, a German entity (hereinafter the "**Bosch GmbH Transfers**"). (See Exhibit 1 to the Original Complaint, attached

hereto as <u>Exhibit A</u>.)    The Original Complaint did <u>not</u> seek to recover any transfers to Robert

Bosch LLC.

In response to the Original Complaint, Robert Bosch GmbH filed a motion to dismiss

based on several different grounds, including the fact that Plaintiff had abandoned all claims

against "foreign suppliers."  This Court granted Robert Bosch GmbH's motion, in part, agreeing

in its holding that Debtors had indeed abandoned all claims against foreign suppliers.  *See* Order

dated September 7, 2010 (Dkt. No. 39), dismissing with prejudice adversary proceedings against

foreign suppliers.

Rather than simply letting the dismissal of the adversary proceeding stand and allowing

the court to close the case, Plaintiff instead filed a motion entitled "Reorganized Debtors' Motion

for Leave to File Amended Complaints" dated September 7, 2010 (Dkt. No. 37).  But Plaintiff's

proposed amended complaint ("**Proposed Amended Complaint**") in this adversary proceeding

is not related at all to Plaintiff's Original Complaint.  Plaintiff's Proposed Amended Complaint

does not name Robert Bosch GmbH or "Bosch" as defendants and it does not seek to set aside

the $1.1 million in Bosch GmbH Transfers as preferential transfers, no doubt recognizing that

such an effort is prohibited by the September 7, 2010 Order.  Rather, the Proposed Amended

Complaint attempts to squeeze in a new defendant, Robert Bosch LLC,[3] and seeks to avoid

*entirely different* transfers in the total amount of $45,449,530.14 (the "**Bosch LLC Transfers**").

(*See* Exhibit 1 to the Proposed Amended Complaint, attached hereto as <u>Exhibit B</u>.)  The $1.1

million in Bosch GmbH Transfers were not included in the $45 million in new transfers alleged

by Plaintiff because the $1.1 million was neither paid to nor received by Robert Bosch LLC.

(*See* Declaration of Andrea Bach, ¶ 6, attached as <u>Exhibit C</u>.)

---

[3] The Proposed Amended Complaint also names Robert Bosch Corporation as a defendant.  Robert Bosch
Corporation and Robert Bosch LLC are the same entity.  Robert Bosch LLC was formerly known as Robert Bosch
Corporation.  (See Declaration of Judith Adler, ¶ 4, attached as <u>Exhibit D</u>.)

Plaintiff cannot be heard to say that it thought Robert Bosch LLC and Robert Bosch GmbH were one in the same entity.  Plaintiff clearly understood that Robert Bosch GmbH and Robert Bosch LLC were separate and distinct entities.  Plaintiff treated each one separately. Plaintiff's clear understanding of the distinction between Robert Bosch GmbH and Robert Bosch LLC can be found, for example, in the settlement of issues between Robert Bosch LLC and Plaintiff arising out of their mutual supply relationship.  After Plaintiff filed its bankruptcy petition, Robert Bosch LLC and Plaintiff worked together at great length to reconcile the pre-petition amounts owed by Robert Bosch LLC to Plaintiff and the pre-petition amounts owed by Plaintiff to Robert Bosch LLC.

Nor can Plaintiff claim that the transfers alleged in the Proposed Amended Complaint were recently discovered.  After multiple meetings and communications, the parties agreed that the amount of pre-petition debt owed by Robert Bosch LLC to Plaintiff was $34,649,863.92, and the amount of pre-petition debt owed by Plaintiff to Robert Bosch LLC was $17,766,916.87 (plus a possible additional amount of $2,315,875.81).   (*See* Bach Decl. Ex. C, at ¶ 4; Amended and Restated Letter Agreement dated April 4, 2006, attached as Exhibit E).  In arriving at this balance, the parties necessarily considered and took into account the very payments now challenged for the first time in the Proposed Amended Complaint.

As evidenced by the letter agreement between the parties, Ex. E, prior to Plaintiff's bankruptcy filing Robert Bosch LLC and Plaintiff had a mutual supply relationship (i.e., each was both a customer and a supplier to the other).  However, Robert Bosch LLC purchased more from Plaintiff than Plaintiff purchased from Robert Bosch LLC.  Because of that, during the entire ninety-day preference period, Robert Bosch LLC owed Plaintiff more than Plaintiff owed Robert Bosch LLC.  (Bach Decl., Ex.C, ¶ 5.)

4

When Robert Bosch LLC paid the net balance owed Plaintiff under the letter agreement, Ex. E, totaling $14,567,071.24, it had the reasonable expectation that the accounting was over and that the effect of the multiple transactions between the parties had been resolved by agreement. Only now, and to its great surprise, did it learn that the Plaintiff improperly wishes to revisit the transactions dealt with so long ago by pasting them onto the Original Complaint by way of an "amendment." This attempt to again review these transfers through an amendment of the Original Complaint must fail.

## ARGUMENT

I.    ANY AMENDMENT TO PLAINTIFF'S ORIGINAL COMPLAINT WOULD BE FUTILE SINCE THE PROPOSED AMENDED COMPLAINT DOES NOT RELATE BACK TO THE DATE OF THE ORIGINAL COMPLAINT AND THUS THE STATUTE OF LIMITATIONS HAS ALREADY EXPIRED

In its Proposed Amended Complaint, Plaintiff sets forth an entirely *new* set of transfers it seeks to avoid as to a *different* defendant. Because the statute of limitations for preference claims under 11 U.S.C. § 547 expired three years ago, the Plaintiff has the burden of proving under Rule 15(c) that the Proposed Amended Complaint relates back to the date that the original complaint was filed. *See VKK Corp. v. Nat'l Football League*, 187 F.R.D. 498, 500 (S.D.N.Y. 1999) *aff'd*, 244 F.3d 114, 128 (2d Cir. 2001) (discussing the plaintiff's burden of proof under Rule 15(c)). If the relation back doctrine does not apply, Plaintiff's proposed amendment would be futile, given that it would be barred by the statute of limitations. For the Proposed Amended Complaint to relate back to the date of the Original Complaint, the transactions alleged in the Original Complaint must put the defendant on notice of the claim. Here, Plaintiff fails to meet its burden under both Rule 15(c)(1)(B), because there are *new* claims, and Rule 15(c)(1)(C), because there is a *new* party.

A.    The New Transfers Set Forth in the Proposed Amended Complaint Do Not Relate Back to the Conduct, Transactions and Occurrences Alleged in the Original Complaint

Plaintiff's motion baldly (and wrongfully) proclaims that "there can be no dispute that the Amended Complaints relate back to the filing of the Original Complaints.  The Amended Complaints do not assert any new claims and are premised upon the same transactions set forth in the Original Complaints."  (Motion para. 37).  However, Plaintiff's proposed allegations, Rule 15 and the relevant case law prove just the opposite.

The relation back standard under Rule 15(c)(1)(B) adopted and utilized by the Second Circuit is set forth in *Slayton v. American Express Co.*, 460 F.3d 215 (2nd Cir. 2006).

> [A] relation back decision under Rule 15(c)(2)[4] does not involve an exercise of discretion.  A court reviewing a Rule 15(c)(2) decision performs a function analogous to that performed for failure to state a claim under Rule 12(b)(6).  In reviewing a 12(b)(6) dismissal, we ask whether the facts provable under the allegations of the complaint would support a valid claim for relief; in reviewing a Rule 15(c)(2) relation back decision, we ask whether the facts provable under the amended complaint arose out of conduct alleged in the original complaint.  If so, the amended complaint will relate back.
>
> * * *
>
> Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading.  Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs.

*Id.* at 227 (citations and quotations omitted).

This Court addressed the issue of relation back in the context of a preference case in *In re 360Networks (USA) Inc.*, 367 B.R. 428 (Bankr. S.D.N.Y. 2007).  In *360Networks*, the plaintiff filed a complaint seeking the avoidance and recovery of preferential transfers made to the defendant of "at least $17,330,644.54."  *360 Networks*, 367 B.R. at 431.  After the statute of

---

[4] This rule has now been numbered as Rule 15(c)(1)(B).

6

limitations had expired, the plaintiff filed a motion seeking leave to amend its complaint to add

additional transfers totaling $12,350,815.69, and for a finding that the proposed amended

complaint would relate back to the filing of the original complaint.   On the central issue of

whether the additional transfers related back to the original complaint that involved different

transfers, the court explained that:

> each potential preferential transfer [i]s a *separate and distinct transaction*
> [because] a preference action based on one transfer does not put defendant on
> notice of claims with respect to any other unidentified transfers.

*Id*. (emphasis added.)   The court denied *360Network's* motion to amend, finding that relation

back was not appropriate because the defendant was not put on notice in the original pleading

that additional transfers may be pursued at a later date. *Id.* at 435.

The   United   States   Bankruptcy   Court   for   the   District   of   Delaware   reached   a   similar

conclusion in *MBC Greenhouse, Co. v. CTC Direct, Inc.*, 307 B.R. 787 (Bankr. D. Del. 2004).

There the plaintiff sought to amend its complaint to add additional transactions and new

defendants to its avoidance complaint after the statute of limitations had run.   The allegations in

the original complaint provided:

> Within ninety (90) days prior to the Petition Date, one or more of
> the Debtors made transfers to Defendant in the amount of
> $2,830,141.32 (the "Transfer").   A summary of the information
> concerning the Transfer is attached hereto as Exhibit A, and
> incorporated herein by reference.

*Greenhouse*, 307 B.R. at 793.   Exhibit A listed six alleged preferential transfers.   The proposed

amended complaint then sought to add 33 additional transfers, increasing the demand to

$7,911,935.66.

The *Greenhouse* court found that the allegations of the original complaint did not put the

defendant on notice that plaintiff intended to avoid *all* transfers made within the 90 days

preceding the petition date, given that the new transactions plaintiff sought to add were "a whole

new set of specific transactions." *Id*. at 792 (finding that to otherwise allow "Trustee to use the relation-back doctrine to bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate.") (citation omitted).[5]

Here, the entirely new set of transfers set forth in the Proposed Amended Complaint do not relate back to the transfers and transactions set forth in the Original Complaint. There is no underlying unifying scheme or course of conduct that would relate the $45 million Bosch LLC Transfers to the original $1.1 million Bosch GmbH Transfers. There is absolutely no dispute that Robert Bosch GmbH received the transfers set forth in the Original Complaint. Similarly, there is no dispute that none of the transfers set forth in the Original Complaint now appear in the Proposed Amended Complaint; these are completely distinct sets of transfers. Plaintiff has already dealt separately with Robert Bosch LLC concerning and agreed upon a net amount of approximately $14,567,071.24 that would be paid to Plaintiff by Robert Bosch LLC in settling its account, which net amount was paid by Robert Bosch LLC. Robert Bosch LLC could hardly have been given adequate notice from the allegations in the Original Complaint listing of transfers made to Robert Bosch GmbH that the transfers that were made between Robert Bosch LLC and the Plaintiff would be subject to challenge. Accordingly, Plaintiff cannot meet its burden, and any amendment under Rule 15(c)(1)(B) would be futile as the statute of limitations has run.

---

[5] The *Greenhouse* court relied on *Gordon v. Slaughter (In re Slaughter Co. & Assoc., Inc.)*, 242 B.R. 97, 103 (Bankr. N.D. Ga. 1999), *Austin Driveway Serv., Inc. v. O & G Ind., Inc.*, 179 B.R. 390 (Bankr. D. Conn. 1995) and *New Bedford Capacitor, Inc. v. Sexton Can Co.*, 301 B.R. 375 (Bankr. D. Mass. 2003) in reaching its decision. The court in *Austin* held that "in the preference context, each alleged preference should be considered a distinct transaction which would not relate back to any other transaction in the absence of an underlying unifying scheme or course of conduct," and the debtor-creditor relationship alone is not such a unifying scheme. *Austin*, 179 B.R. at 399. The *Austin* court also suggested that absent such a scheme, "strict application of the statute of limitations will give trustees an incentive to pursue preferential transfers expeditiously, without prejudice to the goal of maximizing the estate." *Id.* Similarly, the *New Bedford* court, in holding that relation back was not warranted, stated "the debtor-creditor relationship alone [was] insufficient to warrant the conclusion that all payments during the preference period [were] part of the same conduct, transaction or occurrence." *New Bedford*, 301 B.R. at 380.

B.    The Proposed Amended Complaint that Changes the Defendant Does Not Relate
Back to the Original Complaint

In its Proposed Amended Complaint, Plaintiff drops the original defendant and names a new and different defendant, Robert Bosch LLC, against whom it asserts the preference claim. Rule 15(c)(1)(C) provides that an amendment to change the parties against whom a claim is asserted will be considered to validly relate back to the original pleading *only* if three separate conditions are met: (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading (the 15(c)(1)(B) prong), (2) the new party has received notice of the institution of the new action, within the period provided by Rule 4(m) for service of the summons and complaint, so that the party will not be prejudiced in maintaining a defense on the merits, and (3) within this same time period, this newly named party knew or should have known that, *but for a mistake* concerning the identity of the proper party, the action would have been originally brought against the party. *Yerushalayim v. United States Dep't of Corr.*, 374 F.3d 89, 91 (2nd Cir. 2004) (citations omitted).

Plaintiff cannot satisfy either the first or third required prongs of this test. As set forth above, Plaintiff has failed to meet its burden of proving the first prong, given that the new claims do not arise out of any of the transactions set forth in the original pleading. Likewise, Plaintiff has failed to meet the third prong because it cannot show that within the time period provided by Rule 4(m) Robert Bosch LLC knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against Robert Bosch LLC.

As an initial matter, Plaintiff does not even allege (nor could it) that its belated request to add Robert Bosch LLC was the result of some "mistake." Moreover, even assuming for purposes of argument that the time period provided by Rule 4(m) was properly extended through

9

April 2010 and Robert Bosch LLC received notice of the Original Complaint by that time,[6] Plaintiff still cannot prove that Robert Bosch LLC knew or should have known that but for some supposed mistake it should have been named as the proper party.

Robert Bosch LLC received a complaint that listed specific transfers, which transfers were never received by Robert Bosch LLC. (Bach Decl., Ex C, ¶ 6). Rather, those transfers were made to Robert Bosch GmbH, the only real defendant named in the Original Complaint. While an unidentified entity named "Bosch" was listed as a defendant, Robert Bosch LLC had no reason to expect the "Bosch" entity referred to Robert Bosch LLC as it confirmed the listed transfers went to Robert Bosch GmbH in Germany and "Bosch" is a generic name used by many related companies all over the world. Accordingly, relation back under Rule 15(c)(1)(C) is improper for this separate and independent reason, and Plaintiff's motion must be dismissed as futile.

## II.    PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND THE ORIGINAL COMPLAINT SHOULD BE DENIED AS IT WOULD BE FUTILE TO ALLOW THE AMENDMENT IN LIGHT OF ROBERT BOSCH LLC'S COMPLETE DEFENSE TO THE PREFERENCE CLAIM

Robert Bosch LLC, as a result of its setoff rights, was a secured creditor of Plaintiff during the ninety-day preference period. As such, any proposed preference claim would be futile because Robert Bosch LLC has a complete defense to it.

The mutual supply relationship between Robert Bosch LLC and Plaintiff created certain setoff rights for both parties. As of the petition date, the amount of pre-petition debt owed by Robert Bosch LLC to Plaintiff was $34,649,863.92, and the amount of pre-petition debt Plaintiff owed to Robert Bosch LLC was $17,766,916.87. (*See* Amended and Restated Letter Agreement dated April 4, 2006, Ex. E). At all points in time during the ninety-day preference period,

---

[6] Robert Bosch LLC did receive a copy of the original complaint and filed a motion to dismiss out of an abundance of caution because Plaintiff would not clarify who the "Bosch" entity that was named in the original complaint.

Robert Bosch LLC owed Plaintiff more than Plaintiff owed Robert Bosch LLC. (Bach Decl., Ex C, ¶ 5.)  Robert Bosch LLC owed Plaintiff more than the amount of the alleged preferential transfers on the date of such transfer (as set forth on Exhibit 1 to the Proposed Amended Complaint).  In other words, on each of the six transfer dates set forth in the Proposed Amended Complaint, Robert Bosch LLC owed Plaintiff more than the amount of the transfers on that date. (Bach Decl., Ex C, ¶ 5.)

As a result, at all times during the preference period, Robert Bosch LLC was a secured creditor within the meaning of 11 U.S.C. § 506(a).  This is so because, under Section 506(a), an allowed claim subject to setoff under section 553 is secured to the extent of the amount subject to setoff. "Payments to a fully secured creditor are not preferential because the creditor does not receive more than he would in a Chapter 7 liquidation." *Id.* at 977 (citing *In re Santoro Excavating, Inc.*, 32 B.R. 947, 948 (Bankr. S.D. N.Y. 1983)).

Courts interpreting Section 506 have consistently held that creditors with a right of setoff at the time of an otherwise preferential transfer do not receive a preference and thus have a complete defense to a preference claim.  The Court in *In re Mason & Dixon Lines, Inc.*, 65 B.R. 973 (Bankr. M.D. N.Car. 1986), addressed the effect of setoff rights held by a creditor in a preference action.  There, the debtor and defendant were both common carriers that participated in an "interline" arrangement for freight carriage. In that arrangement, carriers cooperated in the transportation of freight so that each hauled freight for the other, and the carriers became indebted to one another for these services.  During the 90-day preference period in that case, the debtor paid the defendant $4,373.51 as payment of defendant's invoices. During the same 90-day period, the defendant made payments of $58,740.98 to the debtor.  The defendant argued the payments made to it by the debtor were not preferential to the extent that it had a right of setoff

against the debtor at the time of payment because the payments did not meet the section 547(b)(5) requirement that the payment improve the creditor's position over that of a creditor in a Chapter 7 liquidation and thus there was no preferential effect.  The court agreed and held that payments which the debtor made to the defendant during the 90-day period preceding the filing of the bankruptcy petition were not preferences to the extent the defendant had a valid right of setoff at the time of payment.  The court held that the debtor could not meet an essential requirement for a preference, i.e., the requirement of section 547(b)(5) that the creditor will receive more due to this payment than the creditor would receive in a Chapter 7 liquidation case. *Id*. at 975-976.

The court in *In re Nepsco, Inc.*, 55 B.R. 574 (Bankr. D. Me. 1985) also addressed the effect a creditor's setoff rights had in the face of a preference complaint.  There, the facts were somewhat different in that, at the time of the bankruptcy filing, the defendant owed the debtor roughly $7,000 and had been paid $6,000 in the preference period.  The court's holding and reasoning, however, were consistent with *In re Mason & Dixon Lines*:

> At the time the payments were made, [the defendant] would have had a secured claim upon which it would have been entitled to full payment under 11 U.S.C. § 506(a).  Since the issue under 11 U.S.C. § 547(b)(5) is whether the transfers to [the defendant] entitled [the defendant] to receive more than it would have received had the payments not been made, the fact that [the defendant], either prior to the filing of the Chapter 7 petition or in response to the trustee's original complaint, failed to affirmatively exercise or plead any right of setoff it may have had is of no consequence. [The defendant] is not now seeking to exercise a right of setoff. [The defendant] only contends that at the time of payment, it would have been entitled to a right of setoff had the payments not been made and therefore would have had a secured claim under 11 U.S.C. § 506(a) upon which [the defendant] would have been entitled to full payment.

*Id*. at 576.

Other courts have similarly held that creditors that have a right of setoff at the time the otherwise preferential transfers are made do not receive a preference under Section 547 because the plaintiff cannot meet the "fifth element" (that the creditor received more than it would have in a Chapter 7 liquidation - §547(b)(5)).  See *Braniff Airways v. Exxon Co.*, 814 F.2d 1030 (5th Cir. 1987) ("The issue therefore becomes whether Exxon had a right of setoff, because if such a right exists Exxon would be secured and would therefore have a permissible preference to the degree of the allowable setoff."); *In re Brooks Farms*, 70 Bankr. 368 (Bankr. E.D. Wis. 1987) ("When § 553 is determined to be applicable, § 547 cannot thereafter be utilized to undo its effect."); *In re Santoro Excavating, Inc.*, 32 Bankr. 947, 950 (Bankr. S.D.N.Y. 1983).

III.    INCORPORATION OF ALL DEFENDANTS' BRIEFS

Robert Bosch LLC incorporates all of the other meritorious arguments raised by preference defendants in their motions to dismiss the preference actions and in opposition to Plaintiff's motions for leave to amend.[7]

## CONCLUSION

Plaintiff's motion for leave to amend the complaint must be denied for multiple independent reasons, each of which, by itself, requires such a denial of the motion.  The new claims against Robert Bosch LLC in the Proposed Amended Complaint in no way relate back to the transactions set forth in the original complaint. As such, the proposed amendment is futile because the new claims would be barred by the statute of limitations.  Moreover, it would be futile to allow Plaintiff to amend its complaint as the new defendant that Plaintiff asks to name has an absolute and complete defense to the preference claims against it.  Finally, the reasons set

---

[7] In its Order dated September 7, 2010, this Court held that all arguments raised by defendants in their motions to dismiss and not ruled on by the Court were preserved.  Accordingly, Robert Bosch LLC reiterates those arguments and asserts that Plaintiff's motion for leave to amend should also be denied for the reasons set forth in the motions and supporting memoranda of law.

forth in responses filed by preference defendants justifies the denial. This Court must deny

Plaintiff's motion for leave to amend and forever end Plaintiff's attempted frivolous and futile

action against Robert Bosch LLC.

WARNER NORCROSS & JUDD LLP


Dated: November 24, 2010                 By   /s/ Gordon J. Toering
                                                 Gordon J. Toering (GT-3738)
                                                 (Admitted *Pro Hac Vice*)
                                                 Michael B. O'Neal (MO-9511)
   (Admitted *Pro Hac Vice*)
   Warner Norcross & Judd LLP
   900 Fifth Third Center
   111 Lyon Street, NW
   Grand Rapids, MI  49503-2487
   Ph:  (616) 752-2000
   Fax:  (616) 222-2500
   gtoering@wnj.com
   moneal@wnj.com
   Attorneys for Robert Bosch LLC