Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Robert Bosch LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DELPHI CORPORATION, et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors, | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| DELPHI AUTOMOTIVE SYSTEMS, LLC | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 07-02800-[RDD] |
| ROBERT BOSCH CORPORATION d/b/a BOSCH, ROBERT BOSCH, LLC d/b/a BOSCH BRAKING SYSTEMS CORP., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

# EXHIBIT E

## TO

**ROBERT BOSCH LLC'S MEMORANDUM OF LAW IN OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## ROBERT BOSCH CORPORATION  **BOSCH**

April 4, 2006

Telephone (248) 876-2344
Facsimile (248) 876-2990
heinz.schulte@us.bosch.com
38000 Hills Tech Drive
Farmington Hills, MI 48331-3417

Delphi Corporation
5725 Delphi Drive
Troy, Michigan 48098
Attention: Mr. John Sheehan

Dear John:

This Amended and Restated Letter Agreement (this "Letter Agreement") amends and supercedes our March 14, 2006 letter agreement (the "March 14 Agreement") and memorializes the understanding reached between Bosch and Delphi regarding setoff and other issues we have been discussing relating to our mutual supply relationship. In this Letter Agreement, "Bosch" will refer to Robert Bosch Corporation and "Delphi" will refer collectively to Delphi Corporation, Delphi Automotive Systems, LLC and all other U.S. subsidiaries of Delphi Corporation in bankruptcy.

As you know, on November 2, 2005, Bosch made a request to exercise certain pre-petition setoff rights pursuant to the terms of Paragraph 18(a) of the Final DIP Financing Order (the "DIP Order") dated October 28, 2005 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Since then, our respective companies have been working together to reconcile the pre-petition amounts owing between us and to resolve other supply-related issues.

Most of the reconciliation has now been completed, but it will take additional time to finalize the reconciliation. Because of that, our companies are entering into this Letter Agreement, which will benefit Delphi by allowing Bosch to make a significant payment now rather than waiting until the reconciliation has been finalized. Any remaining amounts owed by Bosch to Delphi will then be paid after the final reconciliation has been completed.

The specific terms of this Letter Agreement are set forth below:

1. **Reconciliation; Pre-Petition Setoff.**

   (a) As noted above, the pre-petition reconciliation process is continuing. As a result of the reconciliation activity that has been undertaken, Bosch and Delphi both have agreed upon certain accounts receivable and accounts payable amounts that are owed to each other, and the reconciled, agreed upon invoices that are being finally resolved as of the date hereof including all reclamation claims associated therewith and which Bosch and Delphi have exchanged (the "Invoices"). Bosch and Delphi agree that as a result of the reconciliation of the Invoices: (i) an amount of $34,649,863.92 of pre-petition debt is owed by Bosch on account of the Invoices issued by Delphi, and (ii) an amount of $17,766,916.87 of pre-petition debt is owed by Delphi on account of the Invoices issued by Bosch. The difference between these two amounts is $16,882,947.05, which is the "Net Reconciled Amount" that is owed by Bosch to Delphi as of the date hereof. Additionally, Bosch believes that it is owed pre-petition debt by Delphi in a net amount of $2,315,875.81 on account of certain invoices issued by Bosch which Delphi has not yet been able to verify. The difference between the Net Reconciled Amount and this unreconciled $2,315,875.81 debt is $14,567,071.24.

April 4, 2006
Delphi Corporation
Page 2



Bosch agrees to pay Delphi this amount ($14,567,071.24) within 5 business days after the following two requirements have been satisfied: (i) Delphi has executed this Letter Agreement; and (ii) Bosch has received written confirmation showing that the Official Committee of Unsecured Creditors in Delphi's chapter 11 case (the "UCC") has reviewed and consented to paragraph "1(a)" and "1(b)" of this Letter Agreement and does not object to the Debtors agreeing to the other provisions of this Letter Agreement.

Separately, Delphi believes that, as of the date hereof, it is owed pre-petition debt in an amount of $777,697.55 by Bosch on account of certain invoices issued by Delphi which Bosch has not yet been able to verify.

(b) Bosch and Delphi will continue to work expeditiously to provide each other information with respect to invoices that either believes are due but which the invoiced party has not been able to verify. As part of that finalization, subject only to the rights of the UCC, Bosch and Delphi may mutually determine that there are additional pre-petition amounts owed by Bosch to Delphi. If so, Bosch will pay such additional amounts to Delphi within five (5) business days after (a) the parties agree in writing (email will suffice) and (b) Bosch receives confirmation from Delphi that the UCC does not object to the reconciliation of such additional pre-petition amounts. If they determine (subject to the UCC's rights) that no amounts are due, then no further payment shall be due to Delphi from Bosch. In any event, the parties agree that, subject only to approval by the UCC, no further agreement or approval is needed from any third party for the reconciliation to be finalized and payment (if any) to be made. In the event that there is a difference in the reconciliation amounts determined by Bosch and Delphi, which cannot be resolved between the various representatives of each of them, then, upon the request of either party, executive management from each company will meet within fifteen (15) business days of such request to resolve such differences. If any or all of such differences cannot be resolved at that meeting, the parties shall have the right to seek relief in the Bankruptcy Court or in another forum that is mutually acceptable to Delphi, Bosch and to which the UCC does not object. The reconciliation will be deemed final upon agreement by Delphi and Bosch as set forth in this subparagraph 1(b), subject only to the rights of the UCC, or upon the entry of a final, non-appealable order resolving the dispute as to the reconciliation. Notwithstanding anything to the contrary in this Letter Agreement (other than as set forth in paragraph 1(a) above), nothing in this Letter Agreement shall be deemed to prejudice or affect the rights of the UCC pursuant to the DIP Order or otherwise to challenge or take any other action with respect to the completion of the reconciliation as contemplated in this paragraph 1(b).

(c) Once the reconciliation is finalized and all payments have been made as contemplated by this Paragraph 1, the parties agree that, except as expressly provided herein, all existing invoices of both Bosch and Delphi for pre-petition debt and any reclamation demands associated therewith shall be deemed satisfied in full. For the avoidance of doubt, it is understood that the foregoing sentence shall not apply to pre-petition warranty and other product-related claims that have arisen, or which may arise in the future with respect to goods received pre-petition by Bosch from Delphi ("Pre-Petition Warranty Claims"), and which are not deemed satisfied by the final reconciliation (except to the extent that such Pre-Petition Warranty Claims have been invoiced as of the date of this Letter Agreement and are considered pre-petition debt).

April 4, 2006
Delphi Corporation
Page 3



2. **Post-Petition Payment Claims.**

(a) Bosch has previously notified Delphi that it may have received one or more post-petition payment(s) in respect of Bosch invoices for pre-petition deliveries made by Bosch to Delphi that could be avoidable and recoverable pursuant to Bankruptcy Code § 549 (the "549 Transfers"). A review by Delphi of this situation indicates that payments totaling $198,793.64 were made incorrectly to Bosch and should be returned to Delphi. This amount will be remitted to Delphi within 5 business days after the following two requirements have been satisfied: (i) Delphi has executed this Letter Agreement; and (ii) Bosch has received written confirmation showing that the Official Committee of Unsecured Creditors in Delphi's chapter 11 case has reviewed and consented to this Letter Agreement. This payment has increased Bosch's pre-petition account receivable claim and has re-established a pre-petition payable to Bosch by Delphi. The pre-petition amount owing from Delphi to Bosch of $17,766,916.87 referenced in Paragraph 1(a) above includes the $198,793.64 receivable (i.e., the pre-petition receivable was $17,568,123.23 and $198,793.64 was added to that amount, for a total of $17,766,916.87).

(b) Delphi recognizes that avoidance and recovery of any 549 Transfers over and above the $198,793.64 transfer identified in subparagraph (a) above would operate to increase Bosch's pre-petition account receivable claim, setoff amounts and Bosch's rights pursuant to and in accordance with paragraph 18 of the DIP Order. Consequently, Delphi, on behalf of itself and its chapter 11 estates and their successors and assigns, including Chapter 11 or 7 trustees (as well as successor trustees) and plan administrators, hereby waives any right to seek avoidance and recovery of any and all 549 Transfers (with the sole exception of the $198,793.64 transfer that will be paid by Bosch pursuant to subparagraph (a) above). It is agreed that in the event that Bosch disgorges any portion of 549 Transfers to the Debtors or their estates, Bosch shall have a claim against the Debtors in the amount of such disgorged amount, and Bosch's setoff rights with respect to such disgorged amount shall be preserved and Bosch shall have all of the adequate protections provided in paragraph 18 of the DIP Order regarding such disgorged amount.

3. **Pre-Petition Warranty Claims.** Delphi has stated that its current intentions are to honor all Pre-Petition Warranty Claims. Bosch has the right to assert setoff rights under paragraph 18 of the DIP Order on account of Pre-Petition Warranty Claims. Bosch has elected not to exercise its setoff rights at this time regarding the Pre-petition Warranty claims, and it will instead retain (a) the right to exercise such rights as a Non-Exercising Setoff Claimant pursuant to and in accordance with paragraph 18(a)(3) of the DIP Order and (b) all of the adequate protections provided in paragraph 18 of the DIP Order. Unless Delphi agrees otherwise, the aggregate amount of the deduction from post-petition payables and the Section 507(b) priority claim pursuant to and in accordance with paragraph 18 of the DIP Order shall not exceed the aggregate amount that Bosch pays Delphi under the terms of Paragraphs 1 and 2 of this Letter Agreement.

4. **Supply Contracts.** Bosch and Delphi have a mutual supply relationship under which each has supplied, and continues to supply, parts to the other pursuant to contracts, purchase orders

April 4, 2006
Delphi Corporation
Page 4

 BOSCH

and/or scheduling agreements (collectively, "Supply Contracts"). Some of the Supply Contracts were scheduled to expire as of December 31, 2005 and others are not scheduled to expire until December 31, 2006 (or an earlier date in 2006). The parties have agreed to the following terms regarding the Supply Contracts:

   (a)   **Supply Contracts Where Delphi Is the Supplier:** This subparagraph (a) applies only to pre-petition Supply Contracts where Delphi is the supplier and Bosch is the customer ("Delphi Supply Contracts"). With respect to those Delphi Supply Contracts that expired as of December 31, 2005, Bosch has issued new post-petition Delphi Supply Contracts for the parts that were the subject of the expiring contracts, and those new post-petition Delphi Supply Contracts have been accepted by Delphi. With respect to the remaining Delphi Supply Contracts (i.e., the Delphi Supply Contracts that will expire in 2006), such Contracts will continue as pre-petition executory contracts and, unless otherwise agreed by the parties or ordered by the Bankruptcy Court, they will expire during 2006 according to their terms. To the extent that any Delphi Supply Contract will expire prior to December 31, 2006, it is Delphi's current intention to accept a new post-petition Supply Contract relating to the period through December 31, 2006 once such contract has expired.

   (b)   **Supply Contracts Where Bosch Is the Supplier:** This subparagraph (b) applies only to pre-petition Supply Contracts where Bosch is the supplier and Delphi is the customer ("Bosch Supply Contracts"). With respect to those Bosch Supply Contracts that were scheduled to expire as of December 31, 2005, and which Delphi and Bosch agreed on a temporary basis would be extended through March 17, 2006, Delphi and Bosch now agree to a further extension of the Bosch Supply Contracts for consecutive one-month terms through December 31, 2006 (unless notice of non-renewal is given by Bosch before that date as permitted below). Delphi agrees that Bosch may discontinue the one or more of the consecutive one-month renewals of Bosch Supply Contract referenced in this subparagraph 4(b) only if Delphi obtains an Order of the Bankruptcy Court to reject any Delphi Supply Contract under Section 365 of the Bankruptcy Code or if Delphi attempts to force a price increase for any Delphi Supply Contract. With respect to the Bosch Supply Contracts (i.e., those Bosch Supply Contracts that were not scheduled to expire as of December 31, 2005), such Contracts will continue through December 31, 2006, at which time they will expire according to their terms. The immediately preceding sentence does not constitute an assumption or rejection of the Bosch Supply Contracts, and nothing herein constitutes a waiver of (a) Delphi's rights and abilities to seek (i) rejection, (ii) enforcement or any (iii) other relief regarding those Bosch Supply Contracts or (b) Bosch's rights to oppose such relief.

   (c)   Except as set forth above and except for modified payment terms that have already been agreed upon and implemented separately, the terms and conditions of all pre-petition and post-petition Supply Contracts between Delphi and Bosch remain the same and are not modified by this Letter Agreement.

   5.   **Binding Nature of Agreement.** Delphi agrees that it has obtained or will obtain all approvals necessary to permit Delphi to enter into and perform its obligations under this Letter Agreement and shall provide evidence of such approval to Bosch prior to Bosch making any of the payments referenced in Paragraphs 1 and 2 above. Delphi acknowledges and agrees that the terms of this Letter Agreement are binding upon Delphi and all other parties in interest in the Delphi

April 4, 2006
Delphi Corporation
Page 5



bankruptcy including, without limitation, the UCC, Delphi's secured lenders, any Chapter 7 or 11 trustee or any successor Chapter 7 or 11 trustee. Delphi further acknowledges and agrees that this Agreement does not conflict with the terms of any court order or any agreement applicable to Delphi.

To the extent necessary, Bosch is granted relief from the automatic stay to effect the setoff(s) as provided for in this Agreement.

Please indicate Delphi's agreement to the foregoing terms by signing two copies of this letter on the line provided below, and returning one such copy to the undersigned to signify that this is a binding agreement between Bosch and Delphi (subject to obtaining any necessary approvals).

Sincerely,

Heinz Schulte
Title: Sr. Vice President, Financial & Commercial Services NA
Robert Bosch Corporation


**ACCEPTED AND AGREED:**

Delphi Corporation, on behalf of itself and its
U.S. Subsidiaries in Bankruptcy

John Sheehan
Title: Chief Restructuring Officer
Date signed: April 4, 2006

Delphi Automotive Systems, LLC

John Sheehan
Title: Chief Restructuring Officer
Date signed: April 4, 2006