HALL, BOOTH, SMITH & SLOVER, P.C.
Michael J. Jacobs (Admitted *Pro Hac Vice*)
Georgia Bar No. 388288
191 Peachtree Street, Suite 2900
Atlanta, GA 30303
Telephone: (404) 954-5019
Facsimile: (404) 954-5020
E-mail: mjacobs@hbss.net

*Attorney for Defendant Viscom Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x
In re:

DPH HOLDINGS CORP., et al.,

            Debtor.

------------------------------------------------x

DELPHI AUTOMOTIVE SYSTEMS, LLC,

            Plaintiff,

v.

VISCOM INC.,

            Defendant.

------------------------------------------------x

: Chapter 11
: Case No. 05-44481-RDD
: Jointly Administered

: Adversary Proceeding No.
: 07-02555-RDD

**RESPONSE AND OBJECTION OF DEFENDANT VISCOM INC. TO MOTION
BY REORGANIZED DEBTORS TO FILE AMENDED COMPLAINT**

Defendant Viscom Inc., by and through its undersigned counsel, hereby files is response and objection to the Motion to File Amended Complaint (the "Motion to Amend") that Plaintiff Delphi Automotive Systems, LLC ("Delphi Automotive") has filed in the above-captioned Adversary Proceeding, and respectfully shows this Court as follows:

## I. BACKGROUND

1. On September 9, 2010, this Court entered an Order Granting in Part First Wave Motions to Dismiss Adversary Proceedings [Docket No. 20579] (the "September 9th Order"). The September 9th Order was filed in preference actions that have been filed by Delphi Corporation and certain of its affiliates (collectively, the "Reorganized Debtors"), including the above-captioned Adversary Proceeding against Viscom Inc.

2. The September 9th Order provided as follows: "The Debtors have abandoned any claim in all of the Adversary Proceedings against any Defendant that is a foreign supplier, and all such claims in the Adversary Proceedings against any foreign supplier are DISMISSED with prejudice; provided, however, that any dispute over whether a Defendant in any of the Adversary Proceedings is a foreign supplier shall be determined by agreement of the relevant parties or, where the relevant parties cannot agree, by subsequent order of this Court." September 9th Order ¶ 3.

3. Viscom Inc. has not yet "determined by agreement" with Delphi Automotive that Viscom Inc. is a "foreign supplier" within the meaning of the September 9th Order, but will endeavor to do so prior to the Motion to Amend becoming ripe for a decision by this Court.

4. The "foreign supplier" provision of the September 9th Order is the result of an abandonment of certain preference claims pursuant to the Preservation of Estate Claims Procedures Motion [Docket No. 8905] that was filed on August 6, 2007 in this jointly administered Chapter 11 case. The Preservation of Estate Claims Procedures Motion requested, in pertinent part, as follows: "In addition, the Debtors seek authority to abandon the following categories of potential preference actions which the Debtors, in their business judgment, have decided should not be pursued: . . . (ix) payments to foreign suppliers, . . . ." Preservation of Estate Claims Procedures Motion ¶ 26.

2

5.  At its July 22, 2010 hearing on certain motions to dismiss that were filed in various adversary proceedings in this case, this Court addressed the issue of the meaning of "foreign supplier" as follows: "Well, you would have to construe what foreign supplier means. . . . As far as foreign suppliers, it's not really discussed [in] the motion, it's just listed. It's just listed. And I presume the reason is they didn't want to go after someone who then might violate the automatic stay but wouldn't care. **But, I would just provide a commonsense definition of foreign supplier.** It didn't say foreign supplier who is X, Y and Z, it just says foreign supplier. . . . I don't see anything ambiguous in here. It might be as a factual matter ambiguous who a foreign supplier is. **I just have to take a commonsense plain English dictionary definition of that if you have an issue on that.**" July 22, 2010 Hearing Tr. at 194:12 - 194:22, 197:20 - 197:23 (emphasis added).

6.  The Reorganized Debtors filed the instant Motion to Amend [Docket Nos. 20575 - 20578] on September 7, 2010. The filing of the Motion to Amend was completed as required by the September 9th Order. See September 9th Order ¶ 4.

## II.    ARGUMENT

### A.    Viscom Inc. is a Foreign Supplier.

7.  Viscom Inc. is filing contemporaneously with this response and objection the Declaration of Carsten Salewski ("Salewski Declaration" or "Salewski Decl."), who is the President and CEO of Viscom Inc. The Salewski Declaration presents the following facts for this Court's consideration:

    a.  Viscom Inc. is a corporation formed under the laws of the State of Georgia. Salewski Decl. ¶ 3.

    b.  One hundred percent (100%) of the stock of Viscom Inc. is owned by Viscom A.G., which is a publicly held German corporation headquartered in Hannover, Germany. Id. ¶ 4.

3

  c. Two German citizens own at least sixty percent (60%) of the stock of Viscom A.G. Id. ¶ 5.

  d. These two German citizens also constitute the entire board of directors of Viscom Inc. Id. ¶ 6.

  e. Viscom A.G. designs and manufactures visual inspection machinery for various industries. Id. ¶ 7.

  f. Viscom Inc. is the North American sales and service subsidiary for Viscom A.G.'s visual inspection machinery. Id. ¶ 8. Viscom Inc. is not involved in the design and manufacture of Viscom A.G.'s machinery. Id.

  g. No development, assembly, or production of Viscom A.G.'s visual inspection machinery occurs in the United States. Id. ¶ 9. All such activities occur in Germany. Id.

  h. Viscom Inc. has only fourteen (14) employees, whereas Viscom A.G. has more than 200 employees. Id. ¶ 10.

  i. The two (2) transfers at issue in the above-captioned Adversary Proceeding (the "Transfers") were payments for three (3) visual inspection machines and other equipment to be used by Delphi Automotive for producing printed circuit board assemblies at Delphi Automotive's facility in Juarez, Mexico. Id. ¶ 11.

  j. Although the Transfers were made by Delphi Automotive to Viscom Inc., the aforementioned machinery and equipment was assembled in Germany and shipped directly from Viscom A.G. to a Delphi Automotive facility in El Paso, Texas. Id. ¶ 12.

  k. Viscom A.G. has been a global supplier of visual inspection machinery for Delphi. Id. ¶ 13. Viscom A.G. and its subsidiaries have had ongoing business relationships with

Delphi in several countries outside of North America, including, by way of example and not of limitation, Germany, Portugal, Spain, Hungary, Poland, and the United Kingdom. Id.

l. Viscom A.G. has manufactured additional visual inspection machinery for Delphi of the type that is involved in this Adversary Proceeding. Id. ¶ 14. This machinery has been installed for use by Delphi companies at Delphi facilities in Germany and Portugal. Id.

8. Given that Viscom Inc. is entirely controlled from Germany, that the visual inspection machinery and other equipment involved in this Adversary Proceeding was manufactured and shipped directly from Viscom A.G. in Germany to a Delphi facility, that Viscom A.G. and its subsidiaries, including Viscom Inc., are involved in business relationships with the Reorganized Debtors on a worldwide basis, and for other reasons detailed in the Salewski Declaration, Viscom Inc. is a "foreign supplier" according to a commonsense, plain English definition of that term.

9. Accordingly, the above-captioned Adversary Proceeding has been abandoned and Delphi Automotive is not entitled to further prosecute this action, let alone amend its Complaint. As a consequence, the Motion to Amend should be denied.

**B. Incorporation of and Joinder in Other Defendants' Briefs.**

10. Viscom Inc. hereby incorporates and joins in all applicable objections, arguments, and requests for relief that are raised by all other preference defendants in opposition to the Reorganized Debtors' Motion to Amend.

### III. CONCLUSION

WHEREFORE, based upon the objections to the Motion to Amend set forth hereinabove, Viscom Inc. respectfully requests that the Court deny the Motion to Amend in its entirety, order that the above-captioned Adversary Proceeding be dismissed with prejudice, and grant such further or relief as the Court deems just and proper.

5

Respectfully submitted, this 24th day of November, 2010.

          HALL, BOOTH, SMITH & SLOVER, P.C.

*/s/ Michael J. Jacobs*

Michael J. Jacobs (Admitted *Pro Hac Vice*)
Georgia Bar No. 388288
191 Peachtree Street, Suite 2900
Atlanta, GA 30303
Telephone: (404) 954-5019
Facsimile: (404) 954-5020
E-mail: mjacobs@hbss.net

*Attorney for Defendant Viscom Inc.*