**Hearing Date And Time: December 16, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time: December 9, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
      In re                                 :        Chapter 11
                                                  :
DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)
                                                  :
                                                  :        (Jointly Administered)
          Reorganized Debtors.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION OF DPH HOLDINGS CORP. FOR FINAL DECREE AND
ORDER PURSUANT TO 11 U.S.C. § 350(a) AND FED. R. BANKR. P. 3022 AND LOCAL R.
<u>BANKR. P. 3022-1 CLOSING CHAPTER 11 CASES OF FIVE FILING DEBTORS</u>

("SECOND CASE CLOSING MOTION")

DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors to Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this Motion For Final Decree And Order Pursuant To 11 U.S.C. § 350(a) And Fed. R. Bankr. P. 3022 And Local R. Bankr. P. 3022-1 Closing Chapter 11 Cases Of Five Filing Debtors (the "Motion"), and respectfully represents as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), the Debtors filed 42 voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  This Court entered orders directing the joint administration of the Debtors' chapter 11 cases (Docket Nos. 28 and 404).

2.  On December 10, 2007, the Debtors filed their first amended joint plan of reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No. 11388).  On January 25, 2008, the Court entered an order (Docket No. 12359) (the "Confirmation Order") confirming the Plan (as modified) (the "Confirmed Plan"), and the Confirmation Order became final on February 4, 2008.

3.  On October 3, 2008, the Debtors filed a motion under 11 U.S.C. § 1127 for an order approving (i) certain modifications to the Confirmed Plan and related disclosure statement and (ii) related procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the "Plan Modification Motion").  On June 1, 2009, the Debtors filed a supplement to the Plan Modification Motion (the "Motion Supplement"), which sought approval

2

of (i) certain modifications to the Confirmed Plan (the "Modified Plan"), (ii) supplemental disclosure, and (iii) procedures for re-soliciting votes on the Modified Plan. This Court entered an order approving the Modified Plan (Docket No. 18707) (the "Modification Approval Order") on July 30, 2009.

4.      On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified Plan and closed the transactions under the Master Disposition Agreement,[1] dated as of July 30, 2009, by and among Delphi, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), DIP Holdco 3 LLC (which assigned its rights to DIP Holdco LLP, subsequently renamed Delphi Automotive LLP, a United Kingdom limited liability partnership), and the other sellers and buyers party thereto. In connection therewith, DIP Holdco LLP, through various subsidiaries and affiliates, acquired substantially all of the Debtors' global core businesses, and GM Components Holdings, LLC and Steering Solutions Services Corporation acquired certain U.S. manufacturing plants and the Debtors' non-core steering business, respectively.

5.      On or prior to the Effective Date, (a) certain of the Debtors, including, without limitation, Delphi Foreign Sales Corporation, were dissolved, and (b) the Reorganized Debtors emerged from reorganization as DPH Holdings and affiliates and remained responsible for the post-Effective Date administration of these chapter 11 cases, including the disposition of certain retained assets, the payment of certain retained liabilities as provided for under the Modified Plan, and the eventual closing of the cases.[2]

6.      On October 21, 2009, the Reorganized Debtors filed their Closing Report In Chapter 11 Cases (Docket No. 18994) (the "Closing Report") pursuant to Rule 3022-1 of the

---

[1]   Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the Modified Plan.
[2]   Two of the filing Debtor entities, Delphi China LLC and Delphi Technologies, Inc., were acquired by Delphi Automotive LLP through a stock sale.

3

Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). The Closing Report describes: (a) the fees and expenses allowed and pending for the Debtors' legal professionals retained by the Debtors pursuant to section 327 of the Bankruptcy Code for the period from October 8, 2005 through January 25, 2008, (b) the fees and expenses allowed and pending to the Debtors' other professionals for the period from October 8, 2005 through January 25, 2008, and (c) the steps taken to consummate the Modified Plan, including the initial distributions made under the Modified Plan.

7.   On September 3, 2010, DPH Holdings filed a motion for entry of an order and final decree pursuant to 11 U.S.C. § 350(a) Fed. R. Bankr. P. 3022 and Local R. Bankr. P. 3022-1 closing the chapter 11 cases of 20 filing Debtors (Docket No. 20572) (the "First Case Closing Motion"). This Court entered a final decree and order closing the chapter 11 cases of 20 filing Debtors on September 30, 2009 (Docket No. 20641) (the "First Case Closing Order").[3]

8.   As of the filing of this Motion, with respect to the five chapter 11 cases of the filing Debtors identified in Exhibit A attached hereto and incorporated herein by reference (collectively, the "Closing Debtors"), the Reorganized Debtors have completed the process of reconciling all claims and have no further obligations pending under the Modified Plan. All motions, contested matters, and adversary proceedings have been finally resolved with respect to

---

[3]   The First Case Closing Order closed the chapter 11 cases of the following 20 filing Debtors: Delphi NY Holding Corporation (Case No. 05-44480); Environmental Catalysts, LLC (Case No. 05-44503); Delphi Liquidation Holding Company (Case No. 05-44542); Delphi Electronics (Holding) LLC (Case No. 05-44547); Delphi Automotive Systems Tennessee, Inc. (a/k/a PBR Automotive Tennessee, Inc.) (Case No. 05-44558); Delphi Automotive Systems Risk Management Corp. (Case No. 05-44570); Exhaust Systems Corporation (Case No. 05-44573); Delphi Automotive Systems Korea, Inc. (Case No. 05-44580); Delphi International Services Inc. (Case No. 05-44583); Delphi Automotive Systems Thailand, Inc. (Case No. 05-44586); Delphi International Holdings Corp. (Case No. 05-44591); Delco Electronics Overseas Corporation. (Case No. 05-44610); Aspire, Inc. (Case No. 05-44618); Delphi Integrated Service Solutions, Inc. (Case No. 05-44623); Packard Hughes Interconnect Company (Case No. 05-44626); DREAL, Inc. (Case No. 05-44627); Delphi Services Holding Corporation (Case No. 05-44633); Delphi Automotive Systems Global (Holding), Inc. (Case No. 05-44636); Delphi Foreign Sales Corporation (Case No. 05-44638); and Delphi Receivables LLC (Case No. 05-47459).

4

the Closing Debtors.  One of the Closing Debtors, Delphi China LLC, was acquired by Delphi Automotive LLP through a stock sale.

9. The statutory predicates for the relief requested herein are section 350(a) of the Bankruptcy Code, rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3022-1 of the Local Rules.

### Jurisdiction

10. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, article 13 of the Modified Plan, and paragraphs FF and 56 of the Modification Approval Order.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

11. Pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, DPH Holdings requests that this Court enter a final decree and order (the "Final Decree and Order"), (i) closing the chapter 11 cases of the Closing Debtors and (ii) retaining jurisdiction to enforce or interpret its own orders pertaining to the Closing Debtors including, but not limited to, the Modification Approval Order and the Final Decree and Order.

### Applicable Authority

12. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a); see also Fed. R. Bankr. P. 3022; Local Rule 3022-1.  The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules.  At a minimum, a bankruptcy court must ensure that no motions, contested matters or adversary proceedings remain to be decided.  See In re IDC Servs., Inc., No. 97 Civ. 3081, 1998 WL 547085 at *3

5

(S.D.N.Y. Aug. 21, 1998). As noted by the Second Circuit in <u>In re Aquatic Development Group, Inc.</u>, 352 F.3d 671, 676 n.5 (2d Cir. 2003), the Advisory Committee Notes state that the bankruptcy court in determining whether an estate has been fully administered should consider whether all motions, contested matters, and adversary proceedings have been fully resolved. <u>See also</u> <u>In re Gates Community Chapel of Rochester, Inc.</u>, 212 B.R. 220, 223-24 (Bankr. W.D.N.Y. 1997) (citing Advisory Committee Notes to the 1991 Amendments to Bankruptcy Rule 3022).

13.    Courts generally consider the following six factors in deciding whether to close a chapter 11 case:

> (a)    whether the order confirming the plan has become final;
>
> (b)    whether deposits required by the plan have been distributed;
>
> (c)    whether the property proposed by the plan to be transferred has been transferred;
>
> (d)    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> (e)    whether payments under the plan have commenced; and
>
> (f)    whether all motions, contested matters and adversary proceedings have been finally resolved.

<u>See</u> Fed. R. Bankr. P. 3022 Advisory Committee Note (1991); <u>IDC Servs.</u>, at *9-10 (endorsing consideration of six factors as "more complete and flexible standard" and affirming order closing chapter 11 case). The six factors, however, are merely guidelines, and each of the factors need not be present before a court enters a final decree. <u>See</u> <u>In re Mold Makers, Inc.</u>, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

6

14.     Several courts have applied a more flexible standard, evaluating only if the case has reached the point of "substantial consummation" as defined in section 1101(2) of the Bankruptcy Code.  See, e.g., IDC Servs., at *3 (citing In re Walnut Assocs. v. Saidel, 164 B.R. 487, 492 (E.D. Pa. 1994) and In re BankEast Corp., 132 B.R. 665, 668 n.3 (Bankr. D. N.H. 1991)).  Substantial consummation, as defined in section 1102(2) of the Bankruptcy Code, means (a) the transfer of all or substantially all of the property proposed by the plan to be transferred; (b) the assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) the commencement of distribution under the plan. 11 U.S.C. § 1101(2).

15.     Here, the entry of a final decree is appropriate under either standard.  All six factors set forth in the Advisory Committee Note have been satisfied with respect to each of the Closing Debtors' reorganization cases.  Specifically, (a) the Modified Plan was approved on July 30, 2009 pursuant to a final order of this Court, (b) there are no deposits that need to be distributed with respect to the Closing Debtors, (c) the property proposed to be transferred pursuant to the Modified Plan has been transferred with respect to each of the Closing Debtors, including, without limitation, the stock sale of Delphi China LLC to Delphi Automotive LLP, (d) DPH Holdings, the corporate parent, is managing the assets of the Reorganized Debtors in accordance with the Modified Plan, so the Closing Debtors are not responsible for management of such assets, (e) DPH Holdings has commenced distributions under the Modified Plan and will make the distributions on account of Allowed Claims, including Allowed Claims against the Closing Debtors, as set forth in the Modified Plan, and (f) all motions, contested matters and adversary proceedings have been finally resolved with respect to each Closing Debtor.  Likewise,

7

each of the cases of the Closing Debtors has reached the point of "substantial consummation" as defined in section 1101(2) of the Bankruptcy Code.

16. The chapter 11 cases of DPH Holdings and certain other Reorganized Debtors will remain open to complete the administration and implementation of the Modified Plan until a final decree is entered in those cases. The closing of the Closing Debtors' cases therefore will not impact the continued implementation of the Modified Plan. Furthermore, closing the chapter 11 cases of the Closing Debtors will result in cost savings for the Reorganized Debtors, as they will no longer need to pay ongoing quarterly fees for the Closing Debtors.

17. For all of the foregoing reasons, it is appropriate for this Court to enter a final decree closing the Closing Debtors' chapter 11 cases. As set forth above and in accordance with the requirements of Local Rule 3022-1, the Closing Report was filed on October 21, 2009.

Notice

18. Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twentieth Supplemental Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered July 16, 2010 (Docket No. 20427). In light of the nature of the relief requested, DPH Holdings submits that no other or further notice is necessary.

WHEREFORE, DPH Holdings respectfully requests that this Court enter a final decree and order (a) granting the relief sought herein and (b) granting DPH Holdings such other and further relief as is just.

Dated:   New York, New York
         November 24, 2010

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP

                        By:   /s/ John Wm. Butler, Jr.
                            John Wm. Butler, Jr.
                            John K. Lyons
                            Ron E. Meisler
                        155 North Wacker Drive
                        Chicago, Illinois 60606

                            - and -

                        Four Times Square
                        New York, New York 10036

                        Attorneys for DPH Holdings Corp., et al.,
                            Reorganized Debtors