**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
973-992-4800
- and -
100 Park Avenue, 15th Floor
New York, NY  10017
rmeth@foxrothschild.com
RICHARD M. METH, ESQ. (RM7791)(admitted *pro hac vice*)

and

**GREENEBAUM DOLL & MCDONALD PLLC**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
C. R. BOWLES, ESQ. (*pro hac vice* pending)
502-589-4200

Attorneys For Defendants, DSSI and DSSI, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――― x
                                          :
In re:                                    :
                                          :
DELPHI AUTOMOTIVE SYSTEMS, LLC            :        Chapter 11
                                          :        Case No. 05-44481 (RDD)
                    Debtors.              :
                                          :        (Jointly Administered)
―――――――――――――――――――――― x
                                          :
DELPHI CORPORATION, *et al.,*             :        Adv. Pro. No. 07-02236 (RDD)
                                          :
                    Plaintiffs            :
                                          :
       - against -                        :
                                          :
DSSI and DSSI, LLC,                       :
                                          :
                    Defendants.           :
                                          :
―――――――――――――――――――――― X

**AFFIDAVIT IN SUPPORT OF OBJECTION TO
DELPHI AUTOMOTIVE SYSTEMS LLC'S
<u>MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>**

GARY MILLER, being duly sworn, deposes and says:

1.     I am Vice President of DSSI, LLC, and am fully familiar with the facts described here.

2.     I make this Affidavit in support of DSSI, LLC's Objection ("Objection") to Delphi Automotive Systems LLC's ("DAS") Motion for Leave to File an Amended Complaint ("Amendment Motion").

3.     DSSI, LLC provides procurement services and products to its customers.

4.     Neither DSSI, LLC nor any of its affiliates (collectively "DSSI") received any formal or actual Notice of: (1) the DAS August 6, 2007, Motion ("Preservation Motion") of the Debtors, seeking to file certain Adversary Proceedings, including the one pending against the Defendants under seal, and delaying service of these complaints (Doc. No. 8905); (2) the August 16, 2007, Order approving the Preservation Motion (Doc. No. 9105); (3) the September 26, 2007, filing of the Complaint ("Initial Complaint") and related Adversary Proceeding against the Defendants; (4) the February 28, 2008 Motion ("First Extension Motion") seeking to extend the time to serve process in the Adversary Proceedings (Doc. No. 12922); (5) the Order approving the First Extension Motion (Doc. No. 13277); (6) the April 10, 2008 Motion ("Second Extension Motion") seeking to further extend the time to serve process in the Adversary Proceedings (Doc. No. 13361); (7) the Order approving the Second Extension Motion (Doc. No. 13484); (8) the October 2, 2009 Motion ("Third Extension Motion") seeking to further extend the time to serve process in the Adversary Proceedings (Doc. No. 18952); and/or (9) the Order approving the

RL1 843437v1 11/24/10

Third Extension Motion (Doc. No. 18999) (collectively "Extension Pleadings") until after DSSI, LLC was served with the initial Complaint ("Initial Complaint") in March of 2010.

5. Neither I nor, on information and belief, any employee or agent of DSSI had any actual knowledge of the Extension Pleadings or the matters set forth therein until after DSSI was served with the Initial Complaint in March, 2010.

6. DSSI never appeared in the Debtors' bankruptcy cases, except to file an answer to the Defendant's Claims Objection, and we never requested (nor received) any ECF notice in the Debtors bankruptcy cases.

7. Based on a review of the Initial Plan[1] and the Bankruptcy Code, after October of 2007, DSSI believed that the statute of limitations had passed on any preference claims that the Debtors could assert against DSSI.

8. Neither I nor, on information and belief, any employee or agent of DSSI had any knowledge of the Initial Complaint until it was served on DSSI in March of 2010.

9. During the entire time of the Debtors' bankruptcy cases, DSSI did business with the Debtors.

10. During this post-petition business relationship, DSSI made significant concessions to the Debtors.

11. Had DSSI known of the DAS preference suit filed against it, DSSI would have not made these concessions.

---

[1] Capitalized Terms not defined herein shall have the meaning given them in the Objection.

12. Had DSSI known of the DAS preference suit, it would have taken steps to protect evidence concerning the preference suit.

13. Neither I nor, on information and belief, any employee or agent of DSSI obtain any information about the filing of this Adversary Proceeding or the Extension Motions, at the time the Debtors filed the Defendant Claim Objection.

14. From a review of DSSI's records, DSSI did not enter into any service agreements with DTI, as alleged in the Proposed Complaint.

15. From a review of DSSI's records, DSSI did not receive any of the Transfers listed on Exhibit 1 of the Proposed Complaint.

Further Affiant sayeth not.

_____
GARY MILLER

**COMMONWEALTH OF KENTUCKY** )
                              )SS:
**COUNTY OF** Jefferson       )

Subscribed and sworn to before me this 23rd day of November, 2010, by Gary Miller.

My commission expires:   Notary Public, State at Large, KY
                         My commission expires on Dec. 21, 2012

_____
Linda K. Clemons
NOTARY PUBLIC