# EXHIBIT A

## ASSIGNMENT OF CLAIM

1. Timken U.S. Co. and U.S. Timken Co. (collectively, the "Assignor"), for good and valuable consideration the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. ("Assignee"), as of the date of this Assignment of Claim, all right, title and interest in and to certain general unsecured claims of Assignor against Delphi Automotive Systems LLC (Case No. 05-44640) (the "Debtor"), a subsidiary of Delphi Corporation, the debtor-in-possession in Case No. 05-44481 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition in the aggregate amount of approximately $2,913,723.09 (the "Assigned Claim Amount"), including without limitation, (i) all of Assignor's right, title and interest in and to any and all proofs of claim filed in the Case (collectively, the "Proofs of Claim"), but only to the extent the proofs of claim relate to the Assigned Claim (as defined below); (ii) all of Assignor's right, title and interest in the general unsecured receivables in the amount of the Assigned Claim Amount identified in the Proofs of Claim (the "Assigned Claim") and all agreements, instruments, invoices, purchase orders and other documents to the extent they evidence the Assigned Claim (the "Documents"); (iii) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts from the Debtor in respect of or in connection with the Assigned Claim; and (iv) all other claims and causes of action against the Debtor, its affiliates, or any guarantor, together with voting and other rights and benefits arising from, under or relating to the Assigned Claim, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with the Assigned Claim under the Bankruptcy Code or otherwise, but only to the extent such claims, causes of action, rights and benefits arise from the Assigned Claim. Notwithstanding anything contained in this Assignment of Claim, the Assigned Claim does not include, and Assignor is not assigning to Assignee, (i) any portion of its secured claims, its priority unsecured claims or its administrative claims against the Debtor or any other entity, including, but not limited to, those described in the Proofs of Claim (collectively, the "Retained Claims"), or the Proofs of Claim or (ii) the Documents to the extent they relate to the Retained Claims.

2. As used herein, (a) a "Final Order" shall mean an order of a court which has not been reversed, stayed, modified, amended or vacated and as to which (i) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or dismissed or (ii) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed; and (b) "Business Day" means any day that is not a Saturday, Sunday, or any other day on which commercial banks in New York, New York are authorized or required by law to be closed.

3. Within two (2) Business Days after execution of the Assignment of Claim and in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Purchase Price") equal to the rate of cents per dollar set forth as the "Purchase Rate" on Schedule B (the "Purchase Rate"), multiplied by the amount of the undisputed portion of the Assigned Claim acknowledged by the Debtor in the Debtor's Third Omnibus Objection to Claims dated as of October 31, 2006 in the amount of $2,023,884.69. In addition, within two (2) Business Days after receipt by Assignee of a copy of a Final Order of the Bankruptcy Court allowing any disputed portion of the Assigned Claim as a general unsecured claim against the Debtor or a pleading filed by the Debtor withdrawing its objection to such disputed portion of the Assigned Claim, and in accordance with the

NYK 1071080-5.064980.0022

wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an additional purchase price equal to the Purchase Rate, multiplied by the amount of the Assigned Claim so allowed or acknowledged.

4. In the event that any prepetition contracts between Assignee and the Debtor are assumed under section 365 of the Bankruptcy Code by a Final Order, then Assignee agrees to pay Assignor an additional amount equal to the portion of the Claim relating to such assumed contracts times one-half the difference between the Purchase Rate and 100% (or the applicable cure rate if Assignor and Assignee both agree to accept less than a 100% cure but greater than the Purchase Rate). Any payment required to be made to Assignor pursuant to this paragraph 4 shall be payable within two (2) Business Days of Assignee's receipt of a cure payment from or on behalf of the Debtor in accordance with paragraph 4 of this Assignment of Claim or as otherwise agreed in writing between the parties.

5. Assignor represents and warrants to Assignee that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms; (iii) Assignor is the sole owner of and has good legal and beneficial title to the Assigned Claim; (iv) the Assigned Claim, or any portion thereof, is not subject to, or threatened with, an avoidance action filed under Section 547 of the Bankruptcy Code; (v) no payment has been received by or on behalf of Assignor in full or partial satisfaction of the Assigned Claim; (vi) Assignor has not engaged in any acts or conduct or made any omissions that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Claim than is received by other parties holding general unsecured claims against the Debtor; (vii) Assignor is not an insider of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; (viii) Assignor agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Assignee may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim; (ix) Assignor will deliver to Assignee true, correct and complete copies of the Documents upon request; and (x) Assignor has filed the Proofs of Claim in the Case.

6. Assignee represents and warrants to Assignor that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignee, enforceable against it in accordance with its terms; (iii) Assignee is not an insider of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; and (iv) Assignee agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Assignor may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim.

7. Assignor and Assignee are aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Assigned Claim pursuant the Bankruptcy Code or otherwise. Assignor and Assignee represent that each has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Assigned Claim and that each has independently and without reliance on the other party, and based on such information as each has deemed appropriate, made its own decision to enter into this Assignment of Claim. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby

waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Each party acknowledges that the other party may receive on a current basis material non-public information about Debtor, which is not known by the other party. Notwithstanding either party not disclosing such confidential information to the other party, the parties desire to enter into this Assignment of Claim and each party shall have no liability whatsoever to the other party based on such party's use, knowledge, possession or non-disclosure of such information and each party releases the other party from liability therefrom.

8. In the event that all or any part of the Assigned Claim for which Assignee has paid Assignor pursuant to this Assignment of Claim (including any Reallowed Claim (as defined hereinafter)) (i) is objected to after the execution of this Assignment of Claim (and such objection has not been withdrawn or resolved in Assignor's favor within one hundred and twenty (120) days after the filing of such objection), or (ii) is the subject of a court order finding all or any portion of the Assigned Claim to be invalid, disallowed, subordinated, expunged or reduced (collectively, a "Disallowance"), Assignor agrees to immediately repay, on demand of and at the option of Assignee, an amount equal to (x)(A) that portion of the Assigned Claim subject to the Disallowance (a "Disallowed Claim") multiplied by (B) the Purchase Rate, plus (y) interest on such amount at the rate of prime per annum from the applicable date or dates of Assignee's payment to the date of repayment; provided, however, that such demand by Assignee shall not be deemed an election of remedies or any limitation on any other rights that Assignee may have hereunder or under applicable law.

9. In the event all or any portion of a Disallowed Claim is allowed by a Final Order of the Bankruptcy Court (a "Reallowed Claim"), Assignee shall purchase (and Assignor shall execute documentation to transfer the Reallowed Claim to Assignee) such Reallowed Claim (but not in excess of the amount of the Disallowed Claim) by paying within five (5) Business Days of Assignee's receipt of such Final Order, an amount equal to the amount so allowed multiplied by the Purchase Rate.

10. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Assigned Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within three (3) Business Days in the case of cash and within five (5) Business Days in the case of securities, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. To the extent that the payment distribution made by the Debtor on account of the Assigned Claim is in the form of securities (the "Securities Distribution") and to the extent such Securities Distribution is issued in the name of Assignor, then within five (5) Business Days of Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are reasonably necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee.

11. Assignor agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Assigned Claim and all interests therein to Assignee, including without limitation the "Evidence of Transfer of Claim" attached as Exhibit A.

12. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment of Claim and the purchase and sale of the Assigned Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Assignment of Claim shall be

governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

13. EACH PARTY TO THIS ASSIGNMENT OF CLAIM HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT OF CLAIM OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS ASSIGNMENT OF CLAIM, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS ASSIGNMENT OF CLAIM WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

14. This Assignment of Claim shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment of Claim. This Assignment of Claim cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

15. This Assignment of Claim may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Assignment of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Assignment of Claim shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of December 19, 2006.

ASSIGNOR:

TIMKEN U.S. CO. and
U.S. TIMKEN CO.
By: _____
Name: Robert Morris
Title: Manager of Credit

ASSIGNEE:

SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.
By: _____
Name: Michael Gatto

NYK 1071080-5.064980.0022                    - 4 -

Title: Principal

**SCHEDULE A TO**
**ASSIGNMENT OF CLAIM**

Payment and Delivery Instructions

To Assignor:

Notices and Deliveries:

Timken U.S. Co.; U.S. Timken Co.
1835 Dueber Ave., SW, BIC-08
Canton, OH 44706-0927
ATT: Robert Morris
Phone: 330-471-4589
Robert.morris@timken.com


Wire Transfer Instructions:

Mellon Bank – Mellon Client Service Center, Room 1300
500 Ross Street
Pittsburgh, PA 15262-0001

Account # 172-1301
ABA# 043000261
Swift: MELN US 3P
Phone: 412 236-3338

To Assignee:

Notices and Deliveries:

SPCP Group, L.L.C.
2 Greenwich Plaza, 1st Floor
Greenwich, CT 06830
Attention: Brian Jarmain
Phone: (203) 542-4032
Fax: (203) 542-4100
Email: bjarmain@silverpoincapital.com


Wire Transfer Instructions:

Citibank NA
ABA: 021000089
Acct: 26422578
AcctName: SPCP Group, LLC

NYK 1071080-5.064980.0022 - 6 -

12/19/2006 TUE 14:19  FAX                                                                        ☒008/010

Any checks should be made out to SPCP Group, LLC

NYK 1071080-5.064980.0022                          - 7 -

**SCHEDULE B TO**
**ASSIGNMENT OF CLAIM**

Purchase Rate

Purchase Rate:

100% ✓

EXHIBIT A TO
ASSIGNMENT OF CLAIM

## EVIDENCE OF TRANSFER OF CLAIM

### TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, Timken U.S. Co. and U.S. Timken Co. (together, the "Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, general unsecured claims in the aggregate amount of $2,913,723.09 (the "Assigned Claim"), against Delphi Automotive Systems LLC (Case No. 05-44640) (the "Debtor"), a subsidiary of Delphi Corporation, the debtor-in-possession in Case No. 05-44481 under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim to the extent filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on December 19, 2006.

By: *Robert Morris* (signature)
Name of person signing: Robert Morris
Title of person signing: Manager of Credit

NYK 1071030-5.064980.0022