# EXHIBIT B

**SILVER POINT CAPITAL**
**CONFIDENTIAL**

# FIRST AMENDMENT TO ASSIGNMENT OF CLAIM

First Amendment to Assignment of Claim (the "Amendment"), dated as of July 31, 2007, by and between THE TIMKEN COMPANY and TIMKEN U.S. CO. (collectively, "Assignor") and SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. ("Assignee").

WHEREAS, Assignor and Assignee are parties to that certain Assignment of Claim, dated as of December 19, 2006 (the "AOC"), with regard to the purchase of bankruptcy claim(s) regarding certain accounts receivable due from Delphi Automotive Systems, LLC. Capitalized terms not otherwise defined herein shall have the meanings set forth in the AOC.

WHEREAS, Assignor and Assignee desire to amend the AOC to reflect the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the premises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

Section 1.    Amendment. In accordance with the terms of Section 14 of the AOC, Assignor and Assignee agree to amend the AOC as follows:

(a)    The definition of "Assignor", as the same is used throughout the AOC, shall be replaced in its entirety with: "collectively, The Timken Company and Timken U.S. Co.";

(b)    The definition of "Assigned Claim Amount", as the same is used throughout the AOC, shall be replaced in its entirety with: "$3,000,071.24";

(c)    The definition of "Assigned Claim", as the same is used throughout the AOC, shall additionally include, but not be limited to, Claim Nos. 11706, 14319 and 16499 (Claim No. 16499 amends and supersedes claim 14319, which was incorrectly filed on behalf of U.S. Timken Co. rather than The Timken Company, the correct legal entity);

(d)    Upon the full execution of this Amendment, Assignee shall pay to the Assignor the amount of $995,710.00 (the "Additional Purchase Price"), and upon receipt of said amount, all obligations to pay any form of Purchase Price pursuant to the AOC regarding the Assigned Claim shall be deemed satisfied and complete, except as set forth herein;

(e)    In the event of a Disallowance, as the same is governed by Section 8 of the AOC, the first $976,186.55 of the Disallowed Claim shall be subject to a Purchase Rate of 102%, and the remaining $2,023,884.69 of the Disallowed Claim shall be subject to a Purchase Rate of 100%;

NYK 1113334-2.064980.0022

(f)     Assignor agrees to simultaneously execute the Evidence of Transfer of Claim annexed hereto as Exhibit "A" along with the execution of this Amendment, and to immediately execute additional Evidences of Transfer of Claim as Assignee deems necessary; and

(g)     Upon the execution of this Amendment, Assignor agrees to use commercially reasonable efforts to promptly enter into a stipulation, settlement agreement or the like with the Debtor (the "Claims Stipulation") that provides for the allowance of the Assigned Claim as a general unsecured claim against the Debtor in at least the Assigned Claim Amount, and such Claims Stipulation shall be subject to the prior written approval and execution of Assignee.

(h)     In the event the Bankruptcy Court enters a Final Order allowing the Assigned Claim as a general unsecured unsubordinated claim in the Case in an amount in excess of the Assigned Claim Amount, or in the event the Assigned Claim is scheduled in an amount in excess of the Assigned Claim Amount as a general unsecured unsubordinated claim in the Case that is not disputed, unliquidated or contingent and is not (according to such schedules) subject to any other objection or reservation of rights with respect to future schedules or objection (the excess so allowed or scheduled being defined as an "Additional Allowed Amount"), Assignor agrees to sell to Assignee and Assignee must purchase from Assignor on the Additional Closing Date, as defined below, such Additional Allowed Amount for additional cash equal to the product of the Additional Allowed Amount multiplied by a Purchase Rate of 102%, whereupon the Assigned Claim shall be deemed to include the Additional Allowed Amount, and the Assigned Claim Amount shall be increased by the Additional Allowed Amount. "Additional Closing Date" shall mean the seventh business day after the entry of a Final Order allowing the Assigned Claim as a general unsecured unsubordinated claim in the Case in an amount in excess of the Assigned Claim Amount.

Section 2.    Integration. This Amendment constitutes the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Amendment. This Amendment cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

Section 3.    Counterparts; Telecopies. This Amendment may be executed in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier or other electronic means of an executed counterpart of this Amendment shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Amendment shall be deemed to be a duplicate original.

Section 4.    Prior Terms and Conditions. Except as otherwise provided herein, all terms and conditions of the AOC shall remain in full force and effect.

NYK 1113334-2.064980.0022                  - 2 -

IN WITNESS WHEREOF, the parties have executed this First Amendment to Assignment of Claim as of the date set first stated above.

THE TIMKEN COMPANY

By: *(signature)*
Name: ROBERT E. MORRIS
Title: MANAGER, GENERAL CREDIT

TIMKEN U.S. CO.

By: *(signature)*
Name: ROBERT E. MORRIS
Title: MANAGER, GENERAL CREDIT

SPCP GROUP, L.L.C.,
as Agent for Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By: *(signature)*
Name: Michael A. Gatto
Title: Authorized Signatory

EXHIBIT A TO
FIRST AMENDMENT TO ASSIGNMENT OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO: THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, THE TIMKEN COMPANY and TIMKEN U.S. CO. (collectively, "Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, Claim Nos. 11706, 14319 and 16499 (collectively, the "Assigned Claim"), against Delphi Automotive Systems, LLC and/or Delphi Corporation ("Debtor"), the debtor-in-possession in jointly administered Case No. 05-44481 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on July 31, 2007.

THE TIMKEN COMPANY
By: *Robert E. Morris*
Name: ROBERT E. MORRIS
Title: MANAGER, GENERAL CREDIT

TIMKEN U.S. CO.
By: *Robert E. Morris*
Name: ROBERT E. MORRIS
Title: MANAGER, GENERAL CREDIT

NYK 1113334-2.064980.0022                -4-