UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
    In re                              :        Chapter 11
:
DPH HOLDINGS CORP., et al.,       :        Case No. 05-44481 (RDD)
:
              Reorganized Debtors. :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING (A) PROOF OF ADMINISTRATIVE CLAIM
NUMBER 18427 FILED BY ATEL LEASING CORPORATION AND (B) THE
ADMINISTRATIVE EXPENSE CLAIM ASSERTED IN THE MOTION OF ATEL LEASING
CORPORATION AT DOCKET NUMBER 6990 AND (II) RENDERING THE MOTION
FILED BY ATEL LEASING CORPORATION AT DOCKET NUMBER 6990 MOOT

("CLAIMS OBJECTION ORDER REGARDING ATEL LEASING CORPORATION")

Upon the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant to 11

U.S.C. § 503(b) And Feb. R. Bankr. 3007 To (I) Disallow And Expunge Certain Administrative

Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Worker's

Compensation Claims, (D) Duplicate State Worker's Compensation Claims, (E) Workers

Compensation Claims, (F) Transferred Worker's Compensation Claims, (G) Tax Claims,

(H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A

Certain Duplicate Worker's Compensation Claim, (III) Modify Certain Administrative Expense

(A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV)

Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth

Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of

its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of administrative expense claim number 18427 ("Claim 18427") filed by ATEL Leasing Corporation ("the Claimant"); and upon the Claimant's response to the Reorganized Debtors' Forty-Sixth Omnibus Claims Objection (Docket No. 19840) (the "Forty-Sixth Omnibus Response"); and upon the Reorganized Debtors' Forty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Feb. R. Bankr. 3007 To Disallow And Expunge (A) Certain Books And Records Claims And (B) Certain Duplicate Claims Asserted In Motions Or Requests For Payment Of Administrative Expense (Docket No. 19976) (the "Forty-Eighth Omnibus Claims Objection," together with the Forty-Sixth Omnibus Claims Objection, the "Objections") by which the Reorganized Debtors' objected to the administrative claim asserted by the Claimant (the "Administrative Claim Asserted in Motion" and together with "Claim 18427," the "Administrative Claims") in the Motion Of ATEL Leasing Corporation (A) For Allowance And Payment Of Outstanding Post-Petition Amounts As An Administrative Expense Claim; (B) To Compel Assumption Or Rejection of Unexpired Lease; And (C) For Immediate Turnover Of Equipment Upon Rejection (Docket No. 6990) (the "Motion"); and upon the Claimant's Response to the Forty-Eighth Omnibus Objection (Docket No. 20264) (the "Forty-Eighth Omnibus Response"); and upon Reorganized Debtors' Supplemental Reply To Responses Of Claimant To Reorganized Debtors' Objection To (I) Proof Of Administrative Expense Claim Number 18427 And (II) The Administrative Expense Claim Asserted In The Motion Of Claimant At Docket No. 6990 (Docket No. 20776) (the "Supplemental Reply"); and upon the Supplemental Response Of ATEL Leasing Corporation To Reorganized Debtors' Objections To

2

(I) Proof Of Administrative Claim Number 18427 And (II) The Administrative Expense Claim Asserted In the Motion Of ATEL Leasing Corporation At Docket No. 6990 (Docket No. 20798) (the "Supplemental Response," and together with the Forty-Sixth Omnibus Response and the Forty-Eighth Omnibus Response, the "Responses"); and upon Reorganized Debtors' Second Supplemental Reply To Responses Of Claimant To Reorganized Debtors' Objections To (I) Proof Of Administrative Expense Claim Number 18427 And (II) The Administrative Expense Claim Asserted in the Motion Of Claimant At Docket No. 6990 (Docket No. 20823) (the "Second Supplemental Reply," together with the Supplemental Reply, the "Supplemental Replies;" and together with the Objections, the Responses, and the Supplemental Replies, the "Pleadings"); and upon the record of the November 18, 2010 sufficiency hearing held on the Objections to the Administrative Claims; and, after due deliberation thereon, good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    Claimant, the holder of the Administrative Claims, was properly and timely served with a copy of each of the Objections, a personalized Notice of Objection To Claim with respect to the Forty-Sixth Omnibus Claims Objection, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"), the proposed

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

orders with respect to each of the Objections, and the notice of the deadlines for responding to each of the Objections.

    B.  On October 20, 2010, the Reorganized Debtors filed the Notice of Sufficiency Hearing With Respect to Reorganized Debtors' Objection to (I) Proofs of Administrative Expense Claim Numbers 18427, 18677, 19149, And 19572 And (II) The Administrative Expense Claim Asserted In The Motion Of Claimant At Docket No. 6990 (Docket No. 20694) (the "Sufficiency Hearing Notice").

    C.  The Claimant was properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Replies.

    D.  This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    E.  For the reasons stated by this Court at the November 18, 2010 hearing, the plain language of the Stipulation And Agreed Order Resolving Objection Of ATEL Leasing Corporation To Notice of Assumption And Assignment  (Docket No. 18965) (the "Stipulation") executed by each of the Claimant and the Reorganized Debtors is unambiguous by its terms.

        F.      Pursuant to the Stipulation, the Claimant (a) agreed that the consideration provided thereunder is in full satisfaction of all amounts asserted in the Cure Claim Of ATEL Leasing Corporation (Docket No. 12976) and the Limited Objection of ATEL Leasing Corporation Of America To Notice Of Assumption And Assignment With Respect To Certain Executory Contracts Or Unexpired Leases To Be Assumed And Assigned To Parnassus II, LLC Under Modified Plan Of Reorganization (Docket No. 18402), and (b) granted the Reorganized Debtors a broad release of all claims arising on or prior to October 7th, 2009.

NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED, AND DECREED THAT:

1.    The Objections filed by the Reorganized Debtors are sustained.

2.    The Administrative Claims are hereby disallowed and expunged in their entirety.

3.    The Motion is hereby deemed moot.

4.    This Court shall retain jurisdiction over the parties to the Stipulation to hear and determine all matters arising from the implementation of this order.

5.    Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       November 29, 2010

                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE