**Hearing Date and Time:  December 16, 2010 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time:  December 14, 2010 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case Number 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER
<u>1294 FILED BY OHIO BUREAU OF WORKERS' COMPENSATION</u>

("SUPPLEMENTAL REPLY REGARDING CLAIM FILED BY
OHIO BUREAU OF WORKERS COMPENSATION")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objections To Proof of Claim Number 1294 Filed By Ohio Bureau Of Workers' Compensation (the "Supplemental Reply"), and respectfully represent as follows:

A.    Preliminary Statement

1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.    On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.    On November 16, 2010, the Reorganized Debtors filed the (I) Notice Of Adjournment Of Evidentiary Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 1294 And 1310 Filed By Ohio Bureau Of Workers' Compensation And (II) Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proof Of Claim Number 1294 Filed By Ohio Bureau Of Workers' Compensation (Docket No. 20803) (the "Sufficiency Hearing Notice").

4.    The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

2

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

     5.  By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Twelfth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered July 16, 2010 (Docket No. 20427), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on December 16, 2010 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of proof of claim number 1294 and whether such proof of claim states a colorable claim against the asserted Debtor.

     6.  This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **December 14, 2010.**

B.  <u>Relief Requested</u>

     7.  By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging proof of claim number 1294 filed against the Debtors in their chapter 11 cases.

3

C.      The Claim Filed Against the Debtors

8. On December 27, 2005, the Ohio Bureau of Workers' Compensation (the "Bureau") filed proof of claim number 1294 (the "Proof of Claim") against Delphi. The Proof of Claim asserts an unsecured priority claim in the amount of $24,732,628.02 stemming from amounts allegedly owed in connection with workers' compensation assessments[1] (the "Claim").

9. The Debtors' Objection to the Proof of Claim. On June 22, 2009, the Debtors objected to the Proof of Claim pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant to 11. U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection").

10. Response to the Reorganized Debtors' Objection. On July 16, 2009, the Bureau filed the Ohio Bureau Of Workers' Compensation's Response To Debtors' Thirty-Fourth Omnibus Objection To Claims (Docket No. 18346) (the "Response"), asserting that the Proof of Claim should be classified as a priority claim.

---

[1] Although the Proof of Claim actually references the Debtors' obligation to pay workers' compensation "premiums," it is the Debtors' understanding that the claim actually refers to workers' compensation assessments applicable under the same Ohio statute. The Debtors' operated as self-insurers in Ohio and, as a result, were not obligated to pay workers' compensation insurance premiums.

4

D.        <u>Claimant's Burden of Proof and Standard for Sufficiency of Claim</u>

        11.        The Reorganized Debtors respectfully submit that the Proof of Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Bureau has not proved any facts to support a right to further payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objections to the Proof of Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

        12.        The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113 (Bankr. D. N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case).

5

13. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See Hr'g Tr. 52:24-53:1, Jan. 12, 2007 (Docket No. 7118). Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y. Mar. 25, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

14. This Court further established that the sufficiency-hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "when a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). See Hr'g Tr. 52:17-22, Jan. 12, 2007.

E.   Argument Regarding the Claim

15.   The Claim Has Been Satisfied in Full. The Debtors previously paid all obligations relating to the prepetition workers' compensation assessments asserted in the Proof of Claim. The Proof of Claim states that on October 8, 2005, the Petition Date, the Debtors incurred a debt of $24,732,628.02 based on obligations to pay workers' compensation assessments pursuant to Ohio statute. After reviewing the Proof of Claim, it is not apparent to

6

the Reorganized Debtors how the Bureau determined the amount of the Claim. The Proof of Claim attaches a spreadsheet with various entries between 2001 and 2005 that presumably relate to the various Ohio workers' compensation administrative funds. By some undisclosed calculation, the spreadsheet generates a subtotal of $2,473,262.80, which then appears to have been multiplied by a factor of ten to reach the total of $24,732,628.02. In any event, the amount asserted in the Proof of Claim for prepetition assessments is vastly overstated.

16. In fact, all prepetition assessments were paid in the ordinary course while the Debtors operated as self-insurers, such that the prepetition assessments for most years were paid long before the Petition Date.[2] The assessments incurred in 2005 and levied in 2006, after the Petition Date, were also paid in full pursuant to the Order Under 11 U.S.C. §§ 105(a), 363, 507, 1107, and 1108 (I) Authorizing Debtors To Pay Prepetition Wages And Salaries To Employees And Independent Contractors; (II) Authorizing Debtors To Pay Prepetition Benefits And Continue Maintenance Of Human Capital Benefit Programs In The Ordinary Course; And (III) Directing Banks To Honor Prepetition Checks For Payment Of Prepetition Human Capital Obligations (Docket No. 198) (the "Human Capital Order"), which authorized the Debtors to continue making payments relating to prepetition workers' compensation obligations in order to maintain their status as self-insurers. In accordance with the Human Capital Order, the Debtors continued to pay assessments levied throughout the pendency of their chapter 11 cases and maintained their self-insured status in Ohio until after the Effective Date.

17. <u>The Claim Does Not Establish a Right to Payment for Future Assessments</u>. Based on recent communications with the Bureau, the Reorganized Debtors understand it to be

---

[2] Proof of payment of the prepetition Ohio workers' compensation assessments is available upon request and will also be made available at the Sufficiency Hearing.

7

the Bureau's position that post-Effective Date assessments should be included as part of the prepetition priority claim asserted in the Proof of Claim. To the extent that the Bureau continues to adhere to this view, it is mistaken.

18. This Court recently considered a nearly identical issue in connection with a claim asserted against the Debtors by the Michigan Funds Asministration for workers' compensation assessments. Like the Michigan assessments, Ohio workers' compensation assessments are only capable of determination on an annual basis because they depend not only on a self-insurer's total workers' compensation payments for the prior year, but on the aggregate payments made by all self-insurers. OHIO REV. CODE ANN. § 4123.35(J). While Michigan sought to amend an administrative claim to include post-Effective Date assessments, the Bureau apparently is seeking to assert assessments for the same post-Effective Date period as part of its existing prepetition Proof of Claim. Nevertheless, this Court's conclusion that Michigan worker's compensation assessments based on annual calculations should be treated as separate claims is just as pertinent to the Ohio assessments. Hr'g Tr. 60:15-61:16, Aug. 27, 2010; see also In re Sage-Dey, Inc., 170 B.R. 46, 50-51 (Bankr. N.D.N.Y. 1994) (distinguishing between taxes that are assessed on an annual basis and continuous taxes that accumulate as they accrue).

19. The majority of cases considering similar circumstances have reached the same conclusion as this Court. For example, both the Fifth Circuit, United States v. Waindel (In re Waindel), 65 F.3d 1307, 1311-12 (5th Cir. 1995), and the Seventh Circuit, In re Stavriotis, 977 F.2d 1202, 1206 n.4 (7th Cir. 1992); In re Unroe, 937 F.2d 346, 349 (7th Cir. 1991), have held that each discreet tax period gives rise to a separate claim. As have district courts and bankruptcy courts in the Second Circuit, In re PT-1 Commc'ns, Inc., 292 B.R. 482, 487 (Bankr. E.D.N.Y. 2003), the Third Circuit, In re Cont'l Airlines, Inc., 183 B.R. 698, 699 (D. Del. 1995);

In re Blue Coal Corp., 166 B.R. 816, 821 (M.D. Pa. 1993); United States v. Owens, 84 B.R. 361, 363 (E.D. Pa. 1988), the Fourth Circuit, United States v. Roberson, 188 B.R. 364, 365-66 (D. Md. 1995); In re Rains, 139 B.R. 158, 159-60 (Bankr. D. Md. 1992), the Sixth Circuit, In re Chavis, 160 B.R. 804, 806 (Bankr. S.D. Ohio 1993), aff'd, 47 F.3d 818 (6th Cir. 1995); In re Johnson, 84 B.R. 492, 494 (Bankr. N.D. Ohio 1988), aff'd, 901 F.2d 513 (6th Cir. 1990), the Eighth Circuit, United States v. Baker (In re Baker), 129 B.R. 607, 608 (E.D. Mo. 1991), the Tenth Circuit, Sunwest Hotel Corp. ex rel. Chequers Inv. Assocs. II v. Bd. of County Comm'rs of Reno County, Kan. (In re Sunwest Hotel Corp.), Nos. 92-40079-11, et al., 1998 WL 982905, at *9 (D. Kan. Sept. 29, 1998); In re Ltd. Gaming of Am., Inc., 213 B.R. 369, 373 (Bankr. N.D. Okla. 1997), and the Eleventh Circuit, In re Gilley, 288 B.R. 901, 905 (Bankr. M.D. Fla. 2002); In re Appling, 162 B.R. 43, 46 (Bankr. M.D. Ga. 1993).

20.   The Reorganized Debtors are aware of only one case in which a court has taken the contrary view that postpetition workers' compensation assessments should be treated as if they were incurred prior to the Petition Date.  In In re Belden Locker Co., No. 06-60316, 2008 WL 762243 (Bankr. N.D. Ohio Mar. 21, 2008), the bankruptcy court held that postpetition workers' compensation assessments are entitled to priority treatment under section 502(i) of the Bankruptcy Code because, although assessments may arise after the petition date, the bankruptcy court found that the assessments relate back to prepetition transactions.[3]  Id. at *5-6.  The bankruptcy court concluded that, under Ohio law, assessments are sufficiently analogous to premium payments to the state workers' compensation insurance fund, such that both types of claims arise simply by employing workers.  Id. (citing In re Suburban Motor Freight, Inc., 998

---

[3]   The purpose of section 502(i) of the Bankruptcy Code is to "make[] clear that only taxes incurred by the debtor prepetition but not becoming due and payable until after the petition is filed are allowed under 502 just as any other prepetition claim."  4 COLLIER ON BANKRUPTCY 502.10 (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed.).

9

F.2d 338, 340 n.3 (6th Cir. 1993)).  The reasoning in Belden Locker is fatally flawed, however, because claims for premiums and assessments are easily distinguishable and are not interchangeable for purposes of determining when a claim arises.

21.    In Ohio, as in most states, employers can fulfill their obligation to provide workers' compensation benefits in one of two ways.  Employers are generally required to insure their workers' compensation obligations by making premium payments.[4]  As the court observed in Suburban, the obligation to make premium payments arises by virtue of having employees during the coverage period.  Suburban, 998 F.2d at 340 n.3.  In lieu of making insurance-premium payments, an employer may seek to operate as a self-insurer and pay workers' compensation claims directly.  Claims for self-insured workers' compensation benefits arise on the date of the injury.  In re Olga Coal Co., 194 B.R. 741, 746 (Bankr. S.D.N.Y. 1996).  The Bureau's claim for workers' compensation assessments is categorically different than claims based on either premium payments or self-insured workers' compensation benefits.  As described above, a new claim for assessments arises each year based on the total workers' compensation payments for the previous calendar year incurred by the self-insurer, individually, and by all other self-insurers in the state.

22.    Accordingly, any claims for postpetition workers' compensation assessments are separate and distinct from the prepetition priority claim asserted in the Proof of Claim.  What is more, the Proof of Claim cannot be construed as an administrative expense claim under section 503(b) of the Bankruptcy Code.  As provided in the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider

---

[4]    In Ohio, workers' compensation insurance is administered by the state.

Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), a party seeking to assert an administrative claim against the Debtors may only rely on a previously filed proof of claim if "such proof of claim clearly and unequivocally sets forth that such claim is made for an administrative expense priority." Modification Procedures Order ¶ 39. Otherwise, parties were required to file separate proofs of administrative expense claims. As this Court has recognized, the Debtors' ability to accurately assess the amount of allowable administrative expense claims was critical to the successful consummation of the Modified Plan. See Hr'g Tr. 55:13-24, Aug. 27, 2010. To this end, even when examined in the light most favorable to the Bureau, the Proof of Claim did not clearly and unequivocally assert an administrative expense claim.

23.    The Reorganized Debtors, therefore, believe that the Claim has been paid in full and assert that (a) the Bureau has not met its burden of proof to establish a claim against or interest in the Debtors, (b) the Proof of Claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) the Proof of Claim fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because the Bureau cannot provide facts or law supporting the Claim, the Thirty-Fourth Omnibus Claims Objection should be sustained as to the Proof of Claim and the Proof of Claim should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request this Court enter an order (a) sustaining the objection with respect to the Claim, (b) disallowing and expunging the Claim in its entirety, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
         December 6, 2010

                                      SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors