SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
   In re                                  :          Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,        :          Case No. 05-44481 (RDD)
                                           :
               Reorganized Debtors.     :          (Jointly Administered)
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND THE SHELBY COUNTY TREASURER (I) COMPROMISING
AND ALLOWING PROOFS OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS
18410 AND 18412 AND (II) DISALLOWING AND EXPUNGING PROOF OF
<u>ADMINISTRATIVE EXPENSE CLAIM NUMBER 18411</u>

(SHELBY COUNTY TREASURER)

    DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and the Shelby County Treasurer (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And The Shelby County Treasurer (I) Compromising And Allowing Proofs Of Administrative Expense Claim Numbers 18410 And 18412 (II) And Disallowing And Expunging Proof Of Administrative Expense Claim Number 18411 (Shelby County Treasurer) (the "Stipulation") and agree and state as follows:

    WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

    WHEREAS, on July 13, 2009, the Claimant filed proof of administrative expense claim number 18410 against Delphi which asserts an administrative expense claim in the amount of $7,506.26 for personal property taxes, including interest, related to tax year 2007 ("Claim 18410").

    WHEREAS, on July 13, 2009, the Claimant filed proof of administrative expense claim number 18411 against Delphi which asserts an administrative expense claim in the amount of $20,500.59 for personal property taxes, including interest, related to tax year 2005 ("Claim 18411").

    WHEREAS, on July 13, 2009, the Claimant filed proof of administrative expense claim number 18412 against Delphi which asserts an administrative expense claim in the amount of $12,251.50 for personal property taxes, including interest, related to tax year 2006 ("Claim

2

18412" and together with Claim 18410 and Claim 18411, the "Claims").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on March 19, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge Certain Administrative Expense (A) Books And Records Claims, (B) Methode Electronics Claims, (C) State Workers' Compensation Claims, (D) Duplicate State Workers' Compensation Claims, (E) Workers' Compensation Claims, (F) Transferred Workers' Compensation Claims, (G) Tax Claims, (H) Duplicate Insurance Claims, And (I) Severance Claims, (II) Disallow And Expunge (A) A Certain Duplicate Workers' Compensation Claim, (B) A Certain Duplicate Tax Claim, And (C) A Certain Duplicate Severance Claim, (III) Modify Certain Administrative Expense (A) State Workers' Compensation Claims And (B) Workers' Compensation Claims, And (IV) Allow Certain Administrative Expense Severance Claims (Docket No. 19711) (the "Forty-Sixth Omnibus Claims Objection").

WHEREAS, on April 21, 2010, the Claimant filed the Response Of Linda S. Meininger, Shelby County, Ohio Treasurer To Objection To Proofs Of Claims Numbered 18410; 18411; 18412 (Docket No. 19901) (the "Response").

WHEREAS, subsequent to the filing of the Claims, additional interest allegedly accrued on the taxes asserted in Claim 18410 and Claim 18412.

WHEREAS, to resolve the Forty-Sixth Omnibus Claims Objection with respect to the Claims, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that (i) Claim 18410 should be allowed as an administrative expense priority claim in the amount of $7,647.00 against DPH Holdings Corp., (ii) Claim 18411 should be disallowed and expunged in its entirety, and (iii) Claim 18412 should be allowed as an administrative expense priority claim in the amount of $12,471.59 against DPH Holdings Corp.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. Claim 18410 shall be allowed in the amount of $7,647.00 in full and final satisfaction of Claim 18410 and shall be treated as an allowed administrative expense priority claim against DPH Holdings Corp. in accordance with the terms of the Modified Plan.

2. Claim 18412 shall be allowed in the amount of $12,471.59 in full and final satisfaction of Claim 18412 and shall be treated as an allowed administrative expense priority claim against DPH Holdings Corp. in accordance with the terms of the Modified Plan.

3. Claim 18411 is hereby disallowed and expunged in its entirety.

4. The Response is hereby deemed withdrawn with prejudice.

    5.  Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of the Claims.

    6.  This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 10th day of December, 2010

            /s/Robert D. Drain
            UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Duane A. Goettemoeller |
|---|---|
| John Wm. Butler, Jr. | Duane A. Goettemoeller |
| John K. Lyons | Assistant Prosecuting Attorney |
| Ron E. Meisler | 126 North Main Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Post Office Box 987 |
| | Sidney, Ohio 45365 |
| 155 North Wacker Drive | |
| Chicago, Illinois 60606 | Attorney for Shelby County Treasurer |

    - and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors