SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp.  Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
    In re                                   :        Chapter 11
                                               :
DPH HOLDINGS CORP., et al.,              :        Case No. 05-44481 (RDD)
                                             :
              Reorganized Debtors.     :        (Jointly Administered)
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND ALL TOOL SALES, INC. (I) MODIFYING AND ALLOWING
PROOF OF CLAIM NUMBER 13573 AND (II) DISALLOWING AND EXPUNGING
<u>PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19081</u>

(ALL TOOL SALES, INC.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and All Tool Sales, Inc. (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And All Tool Sales, Inc. (I) Modifying and Allowing Proof Of Claim Number 13573 And (II) Disallowing And Expunging Proof Of Administrative Expense Claim Number 19081 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 31, 2006, the Claimant filed proof of claim number 13573 against Delphi which asserts an administrative claim in the amount of $259,934.61 for goods sold by the Claimant to the Debtors ("Claim 13573").

WHEREAS, on March 16, 2007, the Debtors objected to Claim 13573 pursuant to Debtors' Eleventh Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims (B) Claims Not Reflected On Debtors' Books And Records, (C) Untimely Claims, And (D) Claims Subject To Modification (Docket No. 7301).

WHEREAS, on April 23, 2007, this Court entered the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books And Records,

(C) Untimely Claims, And (D) Claims Subject To Modification Identified In Eleventh Omnibus Claims Objection (Docket No. 7771) (the "Eleventh Omnibus Claims Objection Order") which modified Claim 13573 to a general unsecured non-priority claim in the amount of $34,715.63 against DAS LLC.

WHEREAS, on July 15, 2009, the Claimant filed proof of administrative expense claim number 19081 ("Claim 19081") against Delphi.  Claim 19081 asserts an administrative expense priority claim in the amount of $225,218.98 relating to the Debtors' alleged consumption of consigned inventory.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to Claim 19081 pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests,

3

(E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 23, 2010, the Claimant filed the Response By All Tool Sales, Inc. To Reorganized Debtors Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19549) (the "Response").

WHEREAS, to resolve the Forty-Third Omnibus Claims Objection with respect to Claim 19081, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that Claim 13573 will be modified and allowed as a general unsecured non-priority claim in the amount of $259,934.61 against DPH-DAS LLC and Claim 19081 will be disallowed and expunged in its entirety.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. Notwithstanding anything to the contrary in the Eleventh Omnibus Claims Objection Order, Claim 13573 shall be allowed in the amount of $259,934.61 and shall be

treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

    2.    Claim 19081 is hereby disallowed and expunged in its entirety.

    3.    The Response is hereby deemed withdrawn with prejudice.

    4.    Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of Claim 13573.

    5.    This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 13th day of December, 2010

    /s/Robert D. Drain
    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Nathan F. Coco |
|---|---|
| John Wm. Butler, Jr. | Gary O. Ravert |
| John K. Lyons | MCDERMOTT WILL & EMERY LLP |
| Ron E. Meisler | 340 Madison Avenue |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | New York, New York 10173 |
| 155 North Wacker Drive | Nathan F. Coco |
| Chicago, Illinois 60606 | MCDERMOTT WILL & EMERY LLP |
| | 227 West Monroe Street |
| - and - | Chicago, Illinois 60606 |
| Four Times Square | Attorneys for All Tool Sales, Inc. |
| New York, New York 10036 | |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | |