# EXHIBIT A

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 NORTH WACKER DRIVE
CHICAGO, ILLINOIS  60606-1720
------
TEL: (312) 407-0700
FAX: (312) 407-0411
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 27, 2009

**VIA OVERNIGHT DELIVERY AND E-MAIL**

Tom Woodruff
Director, Self-Insured Department
Ohio Bureau of Workers' Compensation
30 West Spring Street
Columbus, Ohio  43215-2256

        RE:    Notice of Informal Conference scheduled for
               October 28, 2009

Dear Mr. Woodruff:

        We are counsel for DPH Holdings Corp. and certain of its affiliated
reorganized debtors (the "Reorganized Debtors") in the chapter 11 cases In re Delphi
Corporation, et al., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.).  DPH Holdings
Corp. is the legal successor to Delphi Corporation in the above chapter 11 cases.  We
write in response to the Ohio Bureau of Workers' Compensation's request for an
informal conference with Mr. Mark Fraylick on October 28, 2009, at 11:00 a.m.
(Eastern Time) regarding the revocation of Delphi Corporation's self-insured status
in the State of Ohio.  For the reasons discussed below, Mr. Fraylick will not be in
attendance and, accordingly, you may wish to cancel the informal conference.

        As an initial matter, the Reorganized Debtors no longer have any
employees in the State of Ohio and therefore do not require self-insurance for
workers' compensation claims.  To the extent the Bureau would like an
understanding of the status and treatment of past workers' compensation claims
asserted against the Reorganized Debtors in the State of Ohio, we provide the
following summary for your consideration.

Tom Woodruff
October 27, 2009
Page 2

On October 6, 2009, the Reorganized Debtors substantially consummated the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (the "Modified Plan") and the transactions under the Master Disposition Agreement (as defined in the Modified Plan) and related agreements were closed. Pursuant to the Modified Plan and the Master Disposition Agreement, substantially all of the Reorganized Debtors' global core businesses were acquired by a group of private investors. The majority of these businesses are now operating under the name New Delphi Automotive Systems 1 LLC ("New Delphi"). We understand that New Delphi may have employees in Ohio.

Under the Modified Plan, individual workers' compensation claims for injuries arising <u>before October 8, 2005</u>, the date Delphi filed for chapter 11 protection, are <u>general unsecured claims</u> and are <u>discharged and released</u>. Individuals asserting such claims against Delphi will only be entitled to a potential distribution, not likely to exceed 4.2 cents on the dollar in the most optimistic case, to the extent they filed valid and timely proofs of claim against the Reorganized Debtors. Accordingly, there will be no further payments on a current basis on account of these prepetition individual workers' compensation claims by the Reorganized Debtors.

However, <u>DPH Holdings Corp. will continue to make payments</u> in the ordinary course for valid individual workers' compensation claims for injuries arising <u>on or after October 8, 2005 but before October 6, 2009</u>. We understand that the State of Ohio may have applied proceeds from letters of credit previously posted by the Reorganized Debtors to fund the postpetition claims. This is not necessary in that DPH Holdings will continue to pay these claims in due course.

Finally, as you may be aware, the Ohio Bureau of Workers' Compensation previously filed proofs of claim numbers 1294 and 1301 against the Reorganized Debtors asserting contingent claims for reimbursement of individual workers' compensation obligations. The Reorganized Debtors objected to these proofs of claim and they are currently before the Bankruptcy Court for adjudication.

We have previously had discussions with Ted Chapman and Victoria Garry of the Ohio Attorney General's Office, counsel to the Ohio Bureau of Workers' Compensation, regarding the resolution of proofs of claim numbers 1294 and 1301. We will continue our discussions with Mr. Chapman and Ms. Garry, who are copied on this letter, to consensually resolve DPH Holdings Corp.'s objections to those claims. In the meantime, we will make available Mr. Fraylick to provide additional information that the State of Ohio requires to liquidate its proofs of claim.

Tom Woodruff
October 27, 2009
Page 3

We look forward to further discussions with them towards that goal.

Regards,

John K. Lyons

cc:    Joseph T. Chapman, Ohio Attorney General's Office (via e-mail)
Victoria D. Garry, Ohio Attorney General's Office (via e-mail)
Victoria L. Rosato, Ohio Bureau of Workers' Compensation (via e-mail)
John Brooks, DPH Holdings Corp. (via e-mail)
Mark Fraylick, New Delphi Automotive Systems 1 LLC (via e-mail)