# EXHIBIT B

**ORDER**
**THE SELF-INSURED REVIEW PANEL**
**THE OHIO BUREAU OF WORKERS' COMPENSATION**

Employer: Delphi Corporation
Risk Number: SI# 20005212 and SI# 20005636
For the Employer: No Appearance

This matter was set for formal hearing on October 28, 2009, before the members of the Self-Insured Review Panel. The issue presented concerned the revocation of the employer's self-insured privileges pursuant to Ohio Revised Code Section 4123.35.

BWC records reflect the following. Self-insured status for purposes of workers' compensation in the state of Ohio was granted to Delphi Corporation under self-insured risk number 20005212 on May 28, 1999. On October 8, 2005, the employer filed for protection under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. BWC's Self-Insured Department is now requesting revocation of the employer's self-insured status as of October 5, 2009.

Delphi Corporation was granted self-insured status on May 28, 1999, when it spun off from General Motors. The employer continued to administer and pay its self-insured claims pursuant to a first-day order after it filed for protection under Chapter 11 of the U.S. Bankruptcy Code. On October 13, 2009, a representative of the employer notified BWC's Self-Insured Department that Delphi Corporation was defaulting in the payment and administration of some of its self-insured claims, effective October 5, 2009. Specifically, the employer defaulted in the payment and administration of self-insured claims that arose between May 28, 1999, when self-insured status was granted, and October 7, 2005, the day before the employer's bankruptcy filing. Based on this communication from the employer, the Self-Insured Department placed the employer's self-insured risk number 20005212 in a "default" status, effective October 5, 2009.

By correspondence dated October 27, 2009, the employer's bankruptcy counsel notified the Self-Insured Department that no one would attend the scheduled revocation hearing on the employer's behalf. One of the reasons given was that Delphi, now known as DPH Holdings Corp., no longer has any employees in Ohio, and therefore, does not require self-insurance for workers' compensation claims. This correspondence also advised that payments would be made in self-insured claims that arose at Delphi Corporation between October 8, 2005, the date of the bankruptcy filing, and October 5, 2009. The basis for defaulting on some claims, but continuing to pay in others, is argued to be the substantial consummation of the "First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified)." Under the Plan, the pre-petition workers' compensation claims are deemed discharged. See the October 27, 2009, correspondence of John K. Lyons, Esq., Attorney for Delphi.

At the hearing, a representative of BWC's Self-Insured Department advised the Panel that revocation of the employer's self-insured status is requested, effective October 5, 2009. A self-insuring employer may not default in the payment and administration of a portion of its self-insured claims, but must instead pay all of the self-insured claims. As an interim accommodation until this matter is resolved, the Director of the Self-Insured Department established temporary risk number 20005636 for the claims that arose at Delphi Corporation between October 8, 2005, and October 5, 2009, in which the employer is still making payments. BWC has assumed the administration and payment of the self-insured claims that arose at Delphi Corporation between May 28, 1999, and October 7, 2005. The Panel was informed that there are one hundred forty-three active claims, and compensation is currently being paid in twelve claims. BWC has been provided with some payment information, but has not yet received the employer's claim files. The representative of the Self-Insured Department advised that the employer previously provided a letter of credit in the amount of $7.4 million as additional security, which will be drawn. Larry Rhodebeck, of BWC's Legal Division, advised that two proofs of claim have been filed in the Bankruptcy Court, one in the amount of $39 million for self-insured claims costs, and the other in the amount of $24 million for self-insured assessments. The claims are the subject of a pending bankruptcy proceeding in which the employer has filed objections.

Ohio Revised Code Section 4123.35 lists the factors to be considered in determining whether or not self-insured status may be granted to an employer. Ohio Revised Code Section 4123.352(B) provides several grounds upon which the Administrator may revoke the status as a self-insuring employer, including failure to comply with any rules or orders of the Administrator, and failure to pay compensation or benefits in accordance with the law in a timely manner. Ohio Administrative Code Rule 4123-19-06 further provides that BWC may direct that a public hearing be held on the question of revocation of a self-insuring employer's privilege of self-insurance for any of the following: failure to pay compensation or benefits, paragraph A(2); failure to continue the medical management and administration of the workers' compensation claims, paragraphs A(3), (4), and (6); failure to make its records available to employees of BWC and to injured workers, paragraphs A(7) and (8); and repeated failure to comply strictly with any rule, regulation, or order prescribed by BWC, paragraph A(12).

Finally, Ohio Administrative Code Rule 4123-19-06(D)(1) provides that "Should the self-insured review panel find that the self-insuring employer has materially violated any parts of this rule or is incapable of operating a self-insuring program, or refuses to conform to the rules and regulations of the industrial commission and bureau, then the administrator will forthwith issue a revocation of authority to pay compensation, etc., directly."

There is no provision in the bankruptcy laws of the United States for the creation, renewal, or termination of the privilege of Ohio workers' compensation self-insurance. Workers' compensation self-insurance is a creature of state law. Delphi has asserted no provision under Ohio law for the actions it has taken.

The Ohio Revised Code and the Ohio Administrative Code give BWC a great deal of discretionary power to grant, renew, and regulate self-insurance. Nevertheless, Ohio Administrative Code Rule 4123-19-06(D)(1) makes clear that once an employer has been found materially deficient in one or more duties of self-insurance, then the Administrator must revoke the privilege entirely, and the employer has no authority to pay benefits in any claim. In this instance, this employer has not only stopped paying benefits, and stopped managing claims; it has also failed to respond to BWC orders, and no longer meets the requirements for being a complying self-insuring employer under the workers' compensation laws of Ohio.

Accordingly, the Panel finds that Delphi Corporation has defaulted on its obligations as a self-insuring employer. As a result, the Panel hereby revokes the employer's self-insured status as of October 5, 2009. The Panel requests the Self-Insured Department to continue to assume the administration and payment of the employer's self-insured claims, with payments to be made from the Guaranty Fund when appropriate. The employer is directed to cooperate with BWC's Self-Insured Department in turning over all active and inactive self-insured claim files, including those with dates of injury from October 8, 2005, to October 5, 2009. The Accounts Receivable Section, the Legal Division, and any other section of BWC are requested to take whatever collection efforts are deemed necessary and appropriate, including but not limited to contacting the employer and any appropriate securing parties and demanding immediate payment for outstanding obligations.

A written appeal of this order may be filed within fourteen (14) days of receipt of the order, and may be directed to Ms. Tracy L. Valentino, Chief Fiscal and Planning Officer, at the Bureau of Workers' Compensation, 30 W. Spring Street, Level 24, Columbus, Ohio 43215. Pursuant to Ohio Administrative Code Rule 4123-19-14(E), the Panel's decision may be reconsidered, and a hearing may be conducted for that purpose.

Members of the Self-Insured Review Panel:

[signature] on behalf of Barb Ingram — Yes No

Barbara Ingram, Director of Accounting, Finance

[signature] — Yes No

Ron Suttles, Supervisor, Employer Management Services

[signature] — Yes No

Ellen Sheeran (for Richard Blake), Staff Counsel, Legal Division

ES/h:law/ellen/delphi2

ec: Tom Woodruff, Director, Self-Insured Department
John Bittengle, Supervisor, SIBC
Jennifer Gropper, Supervisor, SIUS
Jenny Johnson, Supervisor, Self-Insured Department
Ed Gonzalez, Financial Analyst, Self-Insured Department
Richard Blake, Legal Counsel, Legal Division
Larry Rhodebeck, Staff Counsel, Legal Division
Ellen Sheeran, Staff Counsel, Legal Division
Jill Whitworth, Staff Counsel, Legal Division
Ava Goodall, Bankruptcy Coordinator, Legal Division
Carol Wander, Manager, Accounts Receivable
Bobbie Doneghy, Supervisor, Collections
Josette Frye, Supervisor, Collections
Catherine Phillips, Supervisor, Direct Billing
Juanita Smith, Account Examiner, Collections