

a professional corporation

Eric B. Fisher
212 374 5359
fishere@butzel.com

22nd Floor   380 Madison Avenue
New York, New York  10017
**T:** 212 818 1110  **F:** 212 818 0494
**butzel.com**

December 16, 2010

*Via email/pdf to rdd.chambers@nysb.uscourts.gov*

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

*Re:*   *In re DPH Holdings Corp., et al.,* **05-44481 (RDD) (Avoidance Actions to Recover Preferential Transfers)**

Dear Judge Drain:

This firm represents DPH Holdings Corp. and certain of its affiliated reorganized debtors, including DAS LLC (together, the "Reorganized Debtors"), as successors to Delphi Corporation and certain of its subsidiaries and affiliates (together, the "Debtors"), in connection with more than one hundred preference actions now pending before this Court (the "Adversary Proceedings"). The purpose of this letter is to facilitate the telephone conference set for 2:30 P.M. on December 17, 2010, during which the Court, the Reorganized Debtors, and the preference action defendants that filed responses (the "Responding Defendants") (together with the Reorganized Debtors, the "Parties") to the Reorganized Debtors' motions for leave to amend their complaints (the "Motions to Amend") will determine which issues to address at the related hearing on February 17, 2011 (the "Hearing").

As the Court knows, the Reorganized Debtors filed the Motions to Amend in all of the Adversary Proceedings on September 7, 2010, and the Responding Defendants filed their opposition papers (together, the "Responses") on or about November 24, 2010. In total, there are seventy-seven Responding Defendants. Attached hereto as Exhibit 1 is a list of eleven issues (the "Eleven Issues") that we submit are best-suited for efficient resolution at the Hearing. These Eleven Issues generally do not turn on defendant-specific facts (*e.g.*, whether a defendant still possesses sufficient documents to defend against the Reorganized Debtors' claim), but rather on legal questions (*e.g.*, whether it is relevant to the Motions to Amend that the original complaints were filed before *Twombly/Iqbal*) or factual circumstances common to all Responding Defendants (*e.g.*, whether the Debtors were insolvent during the preference period). In large

The Honorable Robert Drain
United States Bankruptcy Court
Southern District of New York
December 16, 2010

part, moreover, these Eleven Issues focus on the sufficiency of the Reorganized Debtors' proposed amended pleadings. The Reorganized Debtors therefore believe that the Eleven Issues may be of the greatest immediate interest to the Court. As the Court stated in July, "And I guess before I get into all of those [Rule 4(m)] issues, which may be individual factual issues, I think I really ought to see what the amended complaints look like." Transcript of Hearing on July 22, 2010, p. 226.

Addressing the Eleven Issues at the Hearing would allow the Court to concentrate on what the Reorganized Debtors' proposed "amended complaints look like" before focusing on various Responding Defendants' Rule 4(m) arguments, which turn chiefly on issues of due process, notice, prejudice and laches. By and large, the Court already heard the global Rule 4(m) arguments in connection with the Responding Defendants' dismissal motions, and the case-specific Rule 4(m) arguments will undoubtedly be more difficult, time-consuming, and fact-intensive.

Lastly, at the Hearing, the Court is also scheduled to hear motions filed by certain of the Responding Defendants seeking relief from the fourth Rule 4(m) order. The issue raised in those substantially identical motions is whether the fourth Rule 4(m) order should be vacated because, according to the movants, it was entered for different reasons than were prior Rule 4(m) orders. Thus, the Eleven Issues plus these additional motions supply a more than full agenda for the Court and the Parties at the Hearing.

We thank the Court for its attention to this request with respect to the Hearing agenda.

Respectfully,

/s/ Eric B. Fisher

EBF/dvo

Enclosure
cc:   Counsel for Responding Defendants
      Neil Berger, Esq.
      Richard K. Milin, Esq.

1250874

BUTZEL LONG

# EXHIBIT 1

## ISSUES THAT RELATE TO THE SUFFICIENCY OF REORGANIZED DEBTORS' PROPOSED AMENDED COMPLAINT AND ARE AMENABLE TO RESOLUTION AT THE FEBRUARY HEARING

1. Whether the proposed amended complaint ("PAC") should be barred, even if it includes facts sufficient to state a plausible claim, solely because the defendant states that it has not yet been able to identify in its own records the transfers the plaintiff alleges

2. Whether the plaintiff properly pled antecedent debt, to which the defendants have raised a broad range of arguments

3. Whether the statute of limitations bars the avoidance and recovery of claimed payments in the PAC if they were not claimed in the original complaint ("OC")

4. Whether plaintiff's claim to avoid and recover a preferential transfer must be dismissed solely because plaintiff does not specify the method by which the transfer was made

5. Whether the Rule 4(m) orders should be vacated and the PAC should be barred by the statute of limitations because the OC was dismissed without prejudice after the statute of limitations expired

6. Whether the PAC should be barred because the plaintiff alleged multiple entities as having been the debtor under contract with defendant

7. Whether certain claims in the PAC should be barred to the extent that the PAC identifies the beneficiary of a preferential transfer without identifying the transferee

8. Whether the plaintiff adequately alleged its insolvency during the preference period

9. Whether the plaintiff's argument that it filed the OC before *Twombly/Iqbal* is relevant to determining if leave to file the PAC is appropriate

10. Whether a named defendant must be dismissed from a PAC prior to discovery solely because PAC Exhibit 1 does not identify that defendant as a transferee, even though the defendant may have been a beneficiary of a preferential transfer

11. Whether the allegations in the PAC are otherwise insufficient with respect to the elements of a claim to avoid and recover a preference payment

1250527v2