UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                         :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,   :    Case No. 05-44481 (RDD)
                                            :
        Reorganized Debtors.   :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 1294
FILED BY OHIO BUREAU OF WORKERS' COMPENSATION

("CLAIM OBJECTION ORDER REGARDING
OHIO BUREAU OF WORKERS' COMPENSATION ")

Upon the Debtors' Thirty-Fourth Omnibus Objection Pursuant to 11. U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182) (the "Thirty-Fourth Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") predecessors of DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned

cases (together with DPH Holdings, the "Reorganized Debtors"), objected to proof of claim number 1294 filed the Ohio Bureau Of Workers' Compensation (the "Claimant"); and upon the response to the Thirty-Fourth Omnibus Claims Objection (Docket No. 18346) (the "Response"); and upon the Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objections To Proof of Claim Number 1294 Filed By Ohio Bureau Of Workers' Compensation (Docket No. 20977) (the "Supplemental Reply"); and upon the supplemental response to the Thirty-Fourth Omnibus Claims Objection (Docket No. 21003) (the "Supplemental Response," and together with the Response, the "Responses"); and upon the Second Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objections To Proof of Claim Number 1294 Filed By Ohio Bureau Of Workers' Compensation (Docket No. 21008) (the "Second Supplemental Reply," and together with the Thirty-Fourth Omnibus Claims Objection, the Responses, and the Supplemental Reply, the "Pleadings"); and upon the record of the December 16, 2010 hearing held on the Thirty-Fourth Omnibus Claims Objection to proof of claim number 1294 (the "Hearing"); and, after due deliberation thereon, good and sufficient cause appearing for the reasons stated by the Court at the Hearing,

    IT IS HEREBY FOUND AND DETERMINED THAT:[1]

    A.    The Ohio Bureau of Workers Compensation, the holder of proof of claim number 1294, was properly and timely served with copies of the Thirty-Fourth Omnibus Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Fourth Omnibus Claims Objection.

And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Fourth Omnibus Claims Objection and the notice of the deadline for responding to the Thirty-Fourth Omnibus Claims Objection.

        B.      The Claimant submitted the Responses to the Thirty-Fourth Omnibus Claims Objection.

        C.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

        D.      On November 16, 2010, the Reorganized Debtors filed the (I) Notice Of Adjournment Of Evidentiary Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 1294 And 1310 Filed By Ohio Bureau Of Workers' Compensation And (II) Notice Of Sufficiency Hearing With Respect To Debtors' Objection To Proof Of Claim Number 1294 Filed By Ohio Bureau Of Workers' Compensation (Docket No. 20803) (the "Notice of Hearing").

        E.      The Claimant was properly and timely served with a copy of the Notice of Hearing.

        F.      The Claimant was properly and timely served with copies of both the Supplemental Reply and the Second Supplemental Reply.

        G.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28

3

U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    H.  For the reasons stated by this Court at the Hearing, the Claimant has failed to sufficiently plead a <u>prima</u> <u>facie</u> prepetition claim that has not already been satisfied; therefore, proof of claim number 1294 should be disallowed and expunged in its entirety.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.  Proof of claim number 1294 is hereby disallowed and expunged in its entirety.

    2.  This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Claims subject to the Thirty-Fourth Omnibus Claims Objection, the Supplemental Reply, and the Second Supplemental Reply to hear and determine all matters arising from the implementation of this order.

    3.  Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
     December 20, 2010

               /s/Robert D. Drain
               UNITED STATES BANKRUPTCY JUDGE