UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :

    In re                                       :        Chapter 11

DPH HOLDINGS CORP., <u>et al.</u>,      :        Case No. 05-44481 (RDD)

                Reorganized Debtors. :       (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 20017 FILED BY ANDREW C. GREGOS

("CLAIM OBJECTION ORDER REGARDING
ANDREW C. GREGOS")

Upon the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), objected to proof of administrative expense claim number 20017,

filed by Andrew C. Gregos (the "Claimant"); and upon the response to the Forty-Third Omnibus Claims Objection (Docket No. 19523) (the "Response"); and upon the Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 20017 (Andrew C. Gregos) (Docket No. 20978) (the "Supplemental Reply"); and upon the supplemental response to the Forty-Third Omnibus Claims Objection (Docket No. 20996) (the "Supplemental Response," and together with the Forty-Third Omnibus Claims Objection, the Response, and the Supplemental Reply, the "Pleadings"); and upon the record of the December 16, 2010 hearing held on the Forty-Third Omnibus Claims Objection to proof of administrative expense claim number 20017 and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

        A.    Andrew C. Gregos, the holder of proof of administrative expense claim number 20017, was properly and timely served with copies of the Forty-Third Omnibus Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"), the proposed order with respect to the Forty-Third Omnibus Claims Objection and the notice of the deadline for responding to Forty-Third Omnibus Claims Objection.

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Third Omnibus Claims Objection.

   B. The Claimant submitted the Response and Supplemental Response to the Forty-Third Omnibus Claims Objection.

   C. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

   D. On November 16, 2010, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19063, 19134, 19135, 19136 And 20017 (Docket No. 20807) (the "Notice of Hearing").

   E. The Claimant was properly and timely served with a copy of the Notice of Hearing.

   F. The Claimant was properly and timely served with a copy of the Supplemental Reply.

   G. This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   H. For the reasons stated by this Court at the December 16, 2010 hearing, the Claimant has failed to sufficiently plead a _prima facie_ claim that has not already been satisfied or that has not become the responsibility of a non-Debtor entity; therefore, proof of administrative expense claim number 20017 should be disallowed and expunged in its entirety.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proof of administrative expense claim number 20017 is hereby disallowed and expunged in its entirety.

2. This Court shall retain jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

3. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       December 20, 2010

                                    /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE