BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | Jointly Administered |

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 15606
(LOCKHEED MARTIN CORPORATION)**

("STATEMENT OF DISPUTED ISSUES – LOCKHEED MARTIN
CORPORATION")

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues (the "Statement Of Disputed Issues") With Respect To Proof Of Claim Number 15606 filed by Lockheed Martin Corporation ("Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of the title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of

New York.

2.	On July 31, 2006, Claimant filed proof of claim number 15606 (the "Claim") against Delphi. The Claim asserts a general unsecured non-priority claim in the amount of $1,185,084.00 for breach of warranty.

3.	On October 15, 2009, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Thirty-Sixth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow Certain Claim And (II) Expunge Certain (A) Duplicate SERP Claims, (B) Books And Records Claims, (C) Untimely Claims, And (D) Pension, Benefit, And OPEB Claims (Docket No. 18983) (the "Objection").

4.	On November 13, 2009, Claimant filed its response to the Objection (Docket No. 19079) (the "Response").

5.	October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

Disputed Issues

A.	<u>Delphi Does Not Owe Claimant The Amount Asserted In The Claim</u>

6.	The Claim seeks a total of $1,185,084.00 for breach of warranty. The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute the amount asserted in the Claim. Instead, the Reorganized Debtors assert that the Claim should be disallowed and expunged in its entirety.

2

7.   The Claim and Response are deficient and substantively lacking in support for the purported costs incurred by Claimant due to allegedly defective harnesses sold to it by Delphi. Furthermore, Delphi is not liable to Claimant for "indirect, incidental, special or consequential damages."[1]  In addition, by Claimant's own admission, Delphi is not responsible for the alleged defects.[2]

8.   Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance.  Accordingly, the Claim should be disallowed and expunged in its entirety.

## Reservation Of Rights

9.   This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates for Hearings Regarding Objections to Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction or reclassification of the Claim.

---

[1]   See **Exhibit C** attached to Claimant's Response.

[2]   **Exhibit D** attached to Claimant's Response notes that the "most probable cause" of the failed harnesses was a heat related event that "most likely occurred in the Parlex autoclave."

3

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:  New York, New York
        December 21, 2010

BUTZEL LONG, a professional corporation

By:  */s/ Eric B. Fisher*
     Barry N. Seidel
     Eric B. Fisher
     Katie L. Cooperman
     380 Madison Avenue, 22nd Floor
     New York, New York 10017
     (212) 818-1110

*Attorneys for Reorganized Debtors*

4