**Hearing Date: February 17, 2011**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
       In re                            :    Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :    Case No. 05-44481 (RDD)
                                        :
           Reorganized Debtors.         :    (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED
ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE
EXPENSE CLAIM NUMBER 18393
<u>(DURHAM STAFFING, INC.)</u>

("STATEMENT OF DISPUTED ISSUES – DURHAM STAFFING, INC.")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 18393 (the "Statement Of Disputed Issues") filed by Durham Staffing, Inc. (the "Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.  On July 13, 2009, the Claimant filed proof of administrative expense claim number 18393 (the "Claim") against Delphi. The Claim asserts an administrative expense priority claim in the estimated amount of $390,045.23 relating to estimated unemployment charges for the duration of the purchase orders attached to the Claim.

3.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

        4.        On January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books and Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, and OPEB Claims, (H) Workers' Compensation Claims, and (I) Transferred Workers' Compensation Claims, (II) Modify and Allow Certain Administrative Expense Severance Claims, and (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

        5.        On February 9, 2010, the Claimant filed the Response Of Durham Staffing Inc. To The Debtors Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19406) (the "Response").

        6.        On December 14, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Administrative Expense Claim Number 18393 (Durham Staffing, Inc.) (Docket No. 21005), scheduling an evidentiary hearing on the merits of the Claim for February 17, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A. <u>The Reorganized Debtors Do Not Owe The Amount Asserted In The Claim</u>

       7.    The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute the amount asserted in the Claim. For the reasons set forth below, the Reorganized Debtors assert that the Claim should be disallowed and expunged in its entirety.

       8.    <u>The Claim Has Been Satisfied In Full.</u> The Claim asserts certain obligations relating to estimated unemployment taxes for the period from January 2009 to December 2009,[1] which the Debtors allegedly agreed to pay the Claimant. Based upon the Reorganized Debtors' accounts payable records, all amounts invoiced by the Claimant through March 10, 2010 have been paid in full, and accordingly, no amounts are owed by the Reorganized Debtors.

       9.    In addition, upon information and belief, the Claimant is asserting that $15,814.99, relating to the period between March 2010 and August 2010, remains due and owing with respect to the Claim.[2] However, the purchase order upon which the Claim is based states that Delphi would only reimburse the Claimant for amounts billed through March 10, 2010. Because the $15,814.99 that allegedly remains due and owing relates to amounts billed after March 10, 2010, the Reorganized Debtors are not liable for such amounts and the Claim should therefore be disallowed and expunged in its entirety.

---

[1] Although the Claim asserts amounts in connection with "Estimated Unemployment Charges for duration of attached purchase orders[,]" the schedule attached to the Claim only lists estimated amounts due for January 2009 through December 2009.

[2] The Reorganized Debtors also reserve their rights to assert that any amounts asserted for periods not covered in the Claim do not relate back to the amounts asserted in the Claim.

Reservation Of Rights

10.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") as applicable through the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
December 21, 2010

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606

– and –

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors