SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:   (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
     In re                                    :   Chapter 11
                                              :
DPH HOLDINGS CORP., et al.,                   :   Case No. 05-44481 (RDD)
                                              :
        Reorganized Debtors.                  :   (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS
AND ITAUTEC AMERICA, INC. (I) WITHDRAWING REORGANIZED DEBTORS'
FORTY-FOURTH OMNIBUS CLAIMS OBJECTION WITH RESPECT TO PROOF OF
CLAIM NUMBER 10811 AND (II) PROVIDING ITAUTEC AMERICA, INC. AN ALLOWED
<u>GENERAL UNSECURED NON-PRIORITY CLAIM PURSUANT TO 11 U.S.C. § 502(h)</u>

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases, including DPH-DAS LLC, (collectively, the "Reorganized Debtors") and Itautec America, Inc. ("Itautec"), respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors and Itautec America, Inc. (I) Withdrawing Reorganized Debtors' Forty-Fourth Omnibus Claims Objection With Respect To Proof Of Claim Number 10811 and (II) Providing Itautec America, Inc. An Allowed General Unsecured Non-Priority Claim Pursuant To 11. U.S.C. § 502(h) (the "Stipulation"), and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S. C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 25, 2006, Itautec filed proof of claim number 10811 against DAS LLC asserting a secured claim in the amount of $233,735.39 arising from certain goods sold and alleged cancellation claims (the "Proof of Claim").

WHEREAS, on January 11, 2008, the Debtors and Itautec entered into a Joint Stipulation and Agreed Order Compromising and Allowing Proof of Claim Number 10811 (Itautec America, Inc.) (Docket No. 12067) (the "2008 Stipulation") whereby, among other things, the Proof of Claim was allowed as a general unsecured non-priority claim in the amount of $233,753.69 against the estate of DAS LLC.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, art. 9.6.

WHEREAS, pursuant to section 7.19 of the Modified Plan, the Reorganized Debtors in their sole and absolute discretion retained the right to pursue the claims and cause of action asserted in the Complaint (as defined below) and to settle, release or compromise such claims and cause of action without further approval of this Court.

WHEREAS, on February 3, 2010, the Reorganized Debtors objected to the Proof of Claim pursuant to the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19395) (the "Forty-Fourth Omnibus Claims Objection").

WHEREAS, on March 12, 2010, Itautec filed Itautec America, Inc.'s Response to Reorganized Debtors' Forty-Fourth Omnibus Claims Objection (Docket No. 19653) (the "Response").

WHEREAS, on or about September 26, 2007, the Reorganized Debtors commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint ("the Complaint") to avoid and recover certain amounts (the "Transfers") from Itautec.

WHEREAS, the Reorganized Debtors and Itautec entered into a settlement agreement dated as of December 30, 2010 (the "Settlement Agreement") to resolve the Adversary Proceeding with respect to the alleged Transfers, pursuant to which the Reorganized Debtors and Itautec agreed, *inter alia*, that (i) the Reorganized Debtors would withdraw the Forty-Fourth Omnibus Claims Objection with prejudice with respect to the Proof of Claim and (ii) the Reorganized Debtors would allow Itautec to receive, pursuant to 11 U.S.C. §502(h), an additional allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan in the amount set forth in the Settlement Agreement.

NOW, THEREFORE, the Reorganized Debtors and Itautec stipulate and agree as follows:

1. Upon payment by Itautec to the Reorganized Debtors of the settlement amount set forth in the Settlement Agreement, (a) the Forty-Fourth Omnibus Claims Objection with respect to the Proof of Claim shall be deemed withdrawn with prejudice, resulting in the Proof of Claim being allowed as a general unsecured non-priority claim in the amount of $233,753.69 against DPH-DAS LLC as set forth in the 2008 Stipulation and (b) the Response shall be deemed withdrawn with prejudice.

2. Also upon payment by Itautec to the Reorganized Debtors of the settlement amount set forth in the Settlement Agreement, pursuant to 11 U.S.C. § 502(h), Itautec shall receive an additional allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan and in the settlement amount set forth in the Settlement Agreement.

3. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

[SEE NEXT PAGE]

So Ordered in White Plains, New York, this 31st day of December, 2010.

                                      /s/Robert D. Drain
                                      UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:


/s/ John K. Lyons_____      /s/ Kathlyn Schwartz_____
John Wm. Butler, Jr.                             Kathlyn Schwartz
John K. Lyons                                      AKERMAN SENTERFITT
Ron E. Meisler                                     335 Madison Avenue, 26th Floor
SKADDEN, ARPS, SLATE, MEAGHER      New York, New York 10017
  & FLOM LLP
155 North Wacker Drive                       Attorneys for Itautec America, Inc.
Chicago, Illinois  60606

               -and-

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings, Corp., et al.,
  Reorganized Debtors