UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                           :     Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :     Case No. 05-44481 (RDD)
                                            :
                   Reorganized Debtors.    :     (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER
10393, (II) COMPROMISING AND ALLOWING PROOF OF CLAIM
NUMBER 10123, AND (III) RESOLVING RECEIVABLE ALLEGEDLY
OWED TO A PREDECESSOR OF THE REORGANIZED DEBTORS

("CLAIMS OBJECTION ORDER REGARDING HERAEUS ENTITIES,
CONTRARIAN FUNDS, LLC, AND LIQUIDITY SOLUTIONS, INC.")

        Upon the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), objected to proofs of claim numbers 10123 ("Claim 10123") and 10393 ("Claim 10393" together with Claim 10123, the "Claims"), filed by Heraeus Amersil, Inc. aka Heraeus Tenevo ("Heraeus Amersil"),

Heraeus, Inc., Circuit Metals Division aka Heraeus Cermalloy, Inc. and Heraeus, Inc. Cermalloy Division (collectively, "Heraeus Circuit Metals Division"), Heraeus Precious Metals, LLC ("Heraeus Precious Metals"), Heraeus Metal Processing, Inc. ("Heraeus Metal Processing," collectively with Heraeus Amersil, Heraeus Circuit Metals Division, Heraeus Precious Metals, the "Heraeus Entities") and subsequently transferred to Contrarian Funds, LLC ("Contrarian") with respect to Claim 10123, and Liquidity Solutions, Inc. ("LSI" together with Contrarian, the "Transferees") with respect to Claim 10393; and upon the response to the Third Omnibus Claims Objection (Docket No. 5652) (the "Response"); and upon the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proofs Of Claim Numbers 10123 And 10393 (Heraeus Entities) (Docket No. 20246) (the "Statement of Disputed Issues"); and upon Reorganized Debtors' Supplemental Reply With Respect To Proofs Of Claim Numbers 10123 And 10393 (Heraeus Entities) (Docket No. 20554) (the "First Supplemental Reply"); and upon Heraeus' Response To Reorganized Debtors' Supplemental Reply With Respect To Proof Of Claim Numbers 10123 And 10393 (Docket No. 20660) (the "Supplemental Response"); and upon the Reorganized Debtors' Second Supplemental Reply With Respect To Proofs Of Claim Numbers 10123 And 10393 (Heraeus Entities) (Docket No. 20802) (the "Second Supplemental Reply," and together with the Third Omnibus Claims Objection, the Response, the Statement of Disputed Issues, the First Supplemental Reply, and the Supplemental Response, the "Pleadings"); and upon the record of the December 16, 2010 hearing held on the Third Omnibus Claims Objection to proofs of claim numbers 10123 and 10393 after due deliberation thereon; and good and sufficient cause appearing therefor,

2

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

   A.  The Reorganized Debtors claim that Heraeus Precious Metals owes a receivable as set forth in the Claims (the "Receivable") to a predecessor of the Reorganized Debtors for the reasons set forth in the Claims, the First Supplemental Reply, and the Second Supplemental Reply.

   B.  For the reasons set forth in the Supplemental Response, Heraeus Precious Metals disputes that it owes the Receivable.

   C.  The Heraeus Entities, the holders of Claim 10123 and Claim 10393 at the time the Third Omnibus Claims Objection was filed, were properly and timely served with a copy of the Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Third Omnibus Claims Objection, and the notice of the deadline for responding to the Third Omnibus Claims Objection.

   D.  The Heraeus Entities submitted the Response to the Third Omnibus Claims Objection.

   E.  Pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC, among others, dated as of July 30,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Claims Objection.

3

2009, the Receivable is payable to Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC").

   F. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

   G. On June 8, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10123 And 10393 (Heraeus Entities) (Docket No. 20232) (the "Notice Of Hearing").

   H. On October 14, 2010, the Reorganized Debtors filed the Notice Of Adjournment Of Claims Objection Hearing With Respect To Debtors' Objection To Proofs Of Claim Numbers 10123 And 10393 Filed By The Heraeus Entities (Docket No. 20671) (the "Notice of Adjournment").

   I. The Transferees were properly and timely served with a copy of the Notice Of Hearing, and the Transferees and the Heraeus Entities were properly and timely served with a copy of the Notice of Adjournment, the Statement of Disputed Issues, the First Supplemental Reply, and the Second Supplemental Reply.

   J. This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

    K. As set forth in the Supplemental Response, the Heraeus Entities concede that (i) Claim 10393 should be disallowed and expunged in its entirety and (ii) Claim 10123 should be modified to a $16,688.13 general unsecured non-priority claim against ASEC Manufacturing General Partnership; and, the Transferees have not objected to the disallowance and expungement of Claim 10393 or the modification of Claim 10123.

    L. Claim 10393 should be disallowed and expunged in its entirety and Claim 10123 shall be allowed in the amount of $16,688.13 and shall be treated as an allowed general unsecured non-priority claim against ASEC Manufacturing General Partnership in accordance with the terms of the Modified Plan.

    M. Within ten (10) days following the entry of this order, Heraeus Precious Metals shall pay to New DAS LLC, and New DAS LLC shall accept as full and complete satisfaction for the Receivable and any claims or causes of action arising from or relating thereto, the total sum of $300,000.00 as settlement, and the Setoff Request shall be deemed withdrawn.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1. Proof of claim number 10393 is hereby disallowed and expunged in its entirety.

    2. Proof of claim number 10123 shall be allowed in the amount of $16,688.13 and shall be treated as an allowed general unsecured non-priority claim against ASEC Manufacturing General Partnership in accordance with the terms of the Modified Plan.

    3. Within ten (10) days following the entry of this order, Heraeus Precious Metals shall pay to New DAS LLC, the total sum of $300,000.00 in full and complete

satisfaction of the Receivable and any claims or causes of action arising from or relating thereto, and the Setoff Request shall be deemed withdrawn.

        4.        Each party is responsible for their respective costs including, but not limited to, any and all attorneys' fees and expenses incurred in connection with the Claims or the Receivable.

        5.        The Reorganized Debtors reserve any and all of their rights with respect to any action pending under chapter 5 of the Bankruptcy Code against any of the Heraeus Entities, including, without limitation, any rights under 11 U.S.C. § 502(d).

        6.        This Court shall retain jurisdiction over the Reorganized Debtors and the holders of claims subject to the Third Omnibus Claims Objection, the First Supplemental Reply and the Second Supplemental Reply to hear and determine all matters arising from the implementation of this order.

        7.        Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order.

Dated: White Plains, New York
       January 5, 2011

                                      /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE