BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | ) ) ) | Case No. 05-44481 (RDD) Jointly Administered |
| Reorganized Debtors. | ) ) ) | |

**JOINT STIPULATION AND AGREED ORDER
BETWEEN REORGANIZED DEBTORS AND KAUTEX INC.
<u>COMPROMISING AND ALLOWING PROOF OF CLAIM NO. 12140</u>**

DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Kautex Inc. (the "Claimant") respectfully submit this Joint Stipulation and Agreed Order Between Reorganized Debtors and Kautex Inc. Compromising and Allowing Proof Of Claim No. 12140 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of the title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

WHEREAS, on July 28, 2006, the Claimant filed proof of claim number 12140 (the "Claim") against Delphi, which asserts a general unsecured non-priority claim in the amount of $1,113,768.00 stemming from the supply of goods.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on November 6, 2009, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Thirty-Eighth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain (A) Equity Interests, (B) Books And Records Claims, (C) Untimely Claims, (D) Pension, Benefit, And OPEB Claims, And (E) Workers' Compensation Claims And (II) Modify And Allow Certain Claims (Docket No. 19044) (the "Objection").

WHEREAS, on December 2, 2009, the Claimant filed its response to the Objection (Docket No. 19139) (the "Response").

WHEREAS, on December 14, 2010, the Reorganized Debtors filed their Notice of Claims Objection Hearing With Respect to Reorganized Debtors' Objection to Proof of Claim No. 12140 (Docket No. 20997), scheduling a claims objection hearing for the purposes of holding an evidentiary hearing on the merits of the Claim for February 17, 2011, at 10 a.m. (prevailing Eastern Time) in this Court.

WHEREAS, on December 21, 2010, the Reorganized Debtors filed their Statement of Disputed Issues With Respect to Proof of Claim No. 12140 (Kautex Inc.) (Docket No. 21033).

WHEREAS, to resolve the Objection with Respect to the Claim, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claim should be allowed as a general, unsecured non-priority claim in the amount of $100,000.00 against DPH Holdings Corp.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $100,000.00 and shall be treated as an allowed general unsecured non-priority claim against DPH Holdings Corp. in accordance with the terms of the Modified Plan.

2. Allowance of the Claim is in full and final resolution of the amount and classification of the Claim and Claimant, on its behalf and on behalf of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "Kautex Releasing Parties"), hereby waives and releases any and all rights to assert, against any and all of the Debtors, the Reorganized Debtors, and each of their respective predecessors, successors, and assigns, and each of their former and current officers, directors, owners, employees, and any other agents (collectively, the "Released Parties"), that the Claim against the Debtors is anything but a prepetition general unsecured non-priority claim against DPH Holdings Corp.

3. The Response is hereby deemed withdrawn with prejudice.

4. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of the Claim.

5. This Court shall retain original and exclusive jurisdiction to adjudicate any dispute arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 18th day of January, 2011.

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| */s/ Katie L. Cooperman* | */s/ John A. Simon* |
|---|---|
| Barry N. Seidel | John A. Simon |
| Eric B. Fisher | Foley & Lardner LLP |
| Katie L. Cooperman | One Detroit Center |
| Butzel Long, a professional corporation | 500 Woodward Avenue, Suite 2700 |
| 380 Madison Avenue, 22nd Floor | Detroit, MI 48226-3489 |
| New York, New York 10017 | |
| | |
| Attorneys for Reorganized Debtors | Attorney for Kautex Inc. |