**Hearing Date:  March 17, 2011**
          **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |
|---|---|
| : | |
| In re : | Chapter 11 |
| : | |
| DPH HOLDINGS CORP., et al., : | Case No. 05-44481 (RDD) |
| : | |
| Reorganized Debtors. : | (Jointly Administered) |
| : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
TO PROOFS OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS 19090 AND 19091
(PIONEER NORTH AMERICA, INC., ON BEHALF OF ITS AFFILIATES, PIONEER
AUTOMOTIVE TECHNOLOGIES, INC. AND PIONEER SPEAKERS, INC.)


("STATEMENT OF DISPUTED ISSUES – PIONEER NORTH AMERICA, INC.,
ON BEHALF OF ITS AFFILIATES, PIONEER AUTOMOTIVE
TECHNOLOGIES, INC. AND PIONEER SPEAKERS, INC.")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 19090 And 19091 (the "Statement Of Disputed Issues") filed by Pioneer North America, Inc., On Behalf Of Its Affiliates, Pioneer Automotive Technologies, Inc. And Pioneer Speakers, Inc. (the "Claimant") and respectfully represent as follows:

## Background

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On July 15, 2009, the Claimant filed proof of administrative expense claim number 19090 ("Claim 19090") against Delphi asserting an administrative expense priority claim in the amount of $11,375.67 arising from, among other things, an obsolescence claim.

3. On July 15, 2009, the Claimant filed proof of administrative expense claim number 19091 ("Claim 19091," and together with Claim 19090, the "Claims") against Delphi asserting an administrative expense priority claim in the amount of $766,514.64 arising from, among other things, an obsolescence claim.

4. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from

2

chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

    5. On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

    6. On February 23, 2010, the Claimant filed Pioneer North America, Inc.'s Response To Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19551) (the "Response").

    7. On January 11, 2010, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of

3

Administrative Expense Claim Numbers 19090 And 19091 (Pioneer North America, Inc., On Behalf Of Its Affiliated, Pioneer Automotive Technologies, Inc. And Pioneer Speakers, Inc.) (Docket No. 21059), scheduling an evidentiary hearing on the merits of the Claims for March 17, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.    The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claims

        8.    The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amounts asserted in the Claims. Instead, the Reorganized Debtors assert that the Claims should be disallowed and expunged in their entirety.

        9.    Certain Invoices Include Part Numbers That Have Not Been Cancelled. Based upon the Reorganized Debtors various accounts payable records, a portion of the invoices reflected in the Claims include part numbers that have not been cancelled and are reflected as open. In fact, some of the parts were shipped after the date the Claims were filed. For instance, part numbers 12247191, 28005680, 28008498, 28037664, 28037665, 28125677, 28125676, 28024067, 28005658 are listed on open invoices and have not been cancelled. In addition, part numbers 28005687, 28026056, 28026055, 28055904, 28074537, and 28005583 have been shipped after the date the Claims were filed. Therefore, $350,098.88 should be subtracted from the amount claimed.

        10.    Satisfied Invoices Or Proofs Of Delivery Not Provided. Claimant claimed $5,547.55 in amounts owed based on expedited charges for the sale of goods. Of this amount, $3,869.98 has been satisfied. The remaining $1,677.57 is based on the sale of goods for which the Claimant did not provide proofs of delivery. The Reorganized Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs."

4

<u>See</u> General Terms And Conditions, § 2.1.  Because the Claimant has not provided these proofs of delivery, and the Debtors and the Reorganized Debtors have no record of receiving certain goods associated with the Claims, the remaining $1,677.57 should be disallowed.  Therefore, $5,547.55 should be subtracted from the amount claimed.

11. <u>Certain Invoices Are Not Owing With Respect To The Cancellation Claim Because They Have Been Settled</u>. The remaining $422,243.88 asserted in the Claims relates to a cancellation claim for goods allegedly manufactured by the Claimant but not delivered to, or paid for by, the Reorganized Debtors (the "Settled Cancellation Claim").  For the reasons set forth below, the Reorganized Debtors dispute the Settled Cancellation Claim.

12. In certain instances, the Debtors no longer needed certain of the parts produced by its suppliers for a number of different reasons, including that the product line for which Delphi needed such parts is discontinued.  The Debtors' purchase orders included terms governing its liability to suppliers for goods produced or partially produced for, but not delivered to, the Debtors.  The Debtors reimbursed suppliers for cancelled goods based on two factors: (a) the timing of the cancellation within a given production cycle and (b) whether the canceled goods were in a raw or finished state.  For its Settled Cancellation Claim, the Claimant seeks amounts in excess the amount that would be determined by the methodology agreed upon by the parties under the purchase orders.  Indeed, the Claimant has accepted payment of $134,856.34 as settlement of the $422,243.88 asserted with respect to part numbers 28121577, 28005604, 28005602, and 16207595.  Therefore, $422,243.88 should not be included in the amount of the Claims.

13. After taking into account the above-referenced deductions to the Claims, the Reorganized Debtors reconciled the Claims as illustrated in the following chart:

5

| Claimant's Asserted Amount In Claims | | $777,890.31 |
|---|---|---|
| Modifications | Non-Cancelled Parts | $350,098.88 |
| | Satisfied Invoices Or Proofs Of Delivery Not Provided | $5,547.55 |
| | Settled Cancellation Claim | $422,243.88 |
| Reconciled Amount | | $0.00 |

      14.     Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance. Accordingly, each of the Claims should be disallowed and expunged in its entirety.

Reservation Of Rights

      15.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the

6

Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging each of the Claims in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
January 19, 2010

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                            & FLOM LLP


                                      By: /s/ John Wm. Butler, Jr.
                                              John Wm. Butler, Jr.
                                              John K. Lyons
                                              Ron E. Meisler
                                    155 North Wacker Drive
                                    Chicago, Illinois  60606

                                    – and –

                                    Four Times Square
                                    New York, New York  10036

                                    Attorneys for DPH Holdings Corp., et al.,
                                      Reorganized Debtors