# EXHIBIT B

Page 1

```
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    Case No. 05-44481-rdd
 5    - - - - - - - - - - - - - - - - - - -x
 6    In the Matter of:
 7
 8    DPH HOLDINGS CORP., et al.,
 9
10              Reorganized Debtors.
11
12    - - - - - - - - - - - - - - - - - - -x
13
14              U.S. Bankruptcy Court
15              300 Quarropas Street
16              White Plains, New York
17
18              December 16, 2010
19              10:45 AM
20
21
22    B E F O R E:
23    HON. ROBERT D. DRAIN
24    U.S. BANKRUPTCY JUDGE
25
```

05-44481-rdd    Doc 21083-3    Filed 01/24/11    Entered 01/24/11 16:27:36    Exhibit B: Excerpt Transcript of December 16, 2010 Hearing    Pg 3 of 5
DPH HOLDINGS CORP., et al.

Page 44

1  accrues that it's really for the prior year; a much more, I
2  think, logical assumption.  Granted, it is calculated upon, in
3  part, claims that were satisfied during that year, which could
4  include claims of employees that arose pre-petition.  But the
5  payment of those claims is not the injury that's the basis for
6  this claim.  The basis for this claim is the administrative
7  costs incurred by the bureau for that particular year, which is
8  wholly post-petition.
9      For the same reason, these facts are distinguished
10 from the facts in In re DeRoche, 287 F.3d 751 (9th Cir. 2002),
11 as well as In re Bliemester, B-L-I-E-M-E-I-S-T-E-R, 251 B.R.
12 383 (Bankr. D. Ariz. 2000) aff'd 296 F.3d 858 (9th Cir. 2002).
13 And I think that's pointed out by the analysis of the Ninth
14 Circuit BAP in In re Lorber Industries of California, 373 B.R.
15 663 (9th Cir. BAP 2007), aff'd on other grounds, 564 F.3d 1098
16 (9th Cir. 2009).
17     My focus really needs to be on the injury, in other
18 words, and when that accrued.  And here I believe the accrual
19 of the claim -- I guess it's fair to refer to a tax as an
20 injury -- the accrual of the claim or the tax or the injury is,
21 again, the administrative costs incurred by the bureau for the
22 year.  So to my mind it's a post-petition claim under these
23 facts and therefore doesn't qualify under 507(a)(8).
24     I think it's also undisputed that all we're talking
25 about here now is future assessments for 2009 forward.  Or was

05-44481-rdd    Doc 21083-3    Filed 01/24/11    Entered 01/24/11 16:27:36    Exhibit B:
Excerpt Transcript of December 16, 2010 Hearing    Pg 4 of 5
DPH HOLDINGS CORP., et al.

Page 45

1    2009 actually paid?

2         MR. LYONS:  I believe 2008 was paid.  2009 was not

3    paid.

4         THE COURT:  So from 2009 forward, the claim should be

5    reduced to reflect that.  But it would only be a claim if it

6    were an allowed admin claim and not a pre-petition claim.  And

7    the debtors have asserted that it is a -- an untimely admin

8    claim.  Whether it was untimely or not has not really been

9    briefed to me, nor has the bureau made any motion for the

10   deemed timely filing of the claim, and all those issues are

11   reserved.

12        MR. BERNARD:  Your Honor, the claim as filed is filed

13   as a priority tax claim.  Your Honor's ruling today would

14   disallow it as a priority tax claim.

15        THE COURT:  Right.

16        MR. BERNARD:  Your Honor, we'd request that it be

17   deemed an admin claim.

18        THE COURT:  All right, well, I'm not going to rule on

19   that today.  I think you're going to have to make a motion on

20   that.

21        MR. BERNARD:  Right, but --

22        THE COURT:  And you can certainly phrase it in the

23   alternative, but --

24        MR. BERNARD:  Yes, Your Honor, but I would object to

25   an order emanating from today that would do more than determine

DPH HOLDINGS CORP., et al.

Page 47

```
 1              THE COURT:  So the claim should be disallowed but
 2   without prejudice to any arguments under 9006.
 3              MR. BERNARD:  Thank you.
 4              THE COURT:  Okay.
 5              MR. LYONS:  Thank you, Your Honor.
 6              THE COURT:  Okay.
 7              MR. LYONS:  We have one final item on the agenda, and
 8   that is the Gregos claim, and I'm going to --
 9              THE COURT:  Right.
10              MR. LYONS:  -- turn the podium over to my colleague
11   Mr. Chiappetta.
12              MR. BERNARD:  And, Your Honor, may I be excused?
13              THE COURT:  Yes.
14              MR. BERNARD:  Thank you.
15              THE COURT:  Is -- I don't think -- is anyone here for
16   Mr. Gregos, or on the phone?
17        (No response)
18              THE COURT:  No.  Okay.
19              MR. CHIAPPETTA:  If that's the case, Your Honor -- you
20   know, this is a proof of administrative claim that was, you
21   know, filed on over 528,000 dollars, basically of denial of
22   OPEB that has been terminated.
23              THE COURT:  Right.
24              MR. CHIAPPETTA:  There were two portions to Mr.
25   Gregos' claim:  One requested extended disability benefits, and
```