TOGUT SEGAL & SEGAL LLP                                    Hearing Date: T.B.D.
One Penn Plaza, Suite 3335
New York, New York 10119
Neil Berger
Richard K. Milin
Jason P. Rubin
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
*Conflicts Counsel for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :    Case No. 05-44481 [RDD]
DPH HOLDINGS CORP, *et al.*,                    :
                                                :
              Reorganized Debtors.              :
                                                :
-----------------------------------------------------------------x

**JOINDER IN PLAINTIFFS' OMNIBUS REPLY IN FURTHER
SUPPORT OF MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      DPH Holdings Corporation and certain of its affiliated reorganized debtors, as plaintiffs in six adversary proceedings (the "Plaintiffs"),[1] by their conflicts counsel Togut, Segal & Segal (the "Togut Firm"), join in the Omnibus Reply in Further Support of Motions for Leave to File Amended Complaints (the "Omnibus Reply") filed on the Plaintiffs' behalf in parallel adversary proceedings by the Butzel Long firm.

      In accord with this Court's directive, Plaintiffs' Omnibus Reply addresses only whether Plaintiffs' amended complaints comply with the requirements of Rule 8 of

---

[1] *DPH Holdings Corp., et al. v. Ex Cell O Machine Tools Inc.* (Adv. Pro. No. 07-02337); *DPH Holdings Corp., et al. v. Johnson Controls, et al.* (Adv. Pro. No. 07-02348); *DPH Holdings Corp., et al. v. Kostal, et al.* (Adv. Pro. No. 07-02712); *DPH Holdings Corp., et al. v. NGK, et al.* (Adv. Pro. No. 07-05241); *DPH Holdings Corp., et al. v. NSK Steering Systems* (Adv. Pro. No. 07-02459); and *DPH Holdings Corp., et al. v. Sumitomo, et al.* (Adv Pro No. 07-02659). The defendants in *Kostal* and *NSK* did not file responses to the Plaintiffs' Motion for Leave to File a First Amended Complaint.

the Federal Rules of Civil Procedure. Defendants have presented arguments in opposition to Plaintiffs' motion to amend based on Rule 8 in only two of the actions in which the Togut Firm represents the Plaintiffs: *Ex Cell O* (Adv. Pro. No. 07-02337) and *Johnson Controls* (Adv. Pro. No. 07-02348). Further, the defendants in these proceedings argue only that the Plaintiffs have failed to plead sufficiently that the transfers were made "for or on account of an antecedent debt," 11 U.S.C. § 547(b)(2), or "while the debtor was insolvent," 11 U.S.C. § 547(b)(3). Because the Omnibus Reply responds to these same arguments, which have been presented in substantially the same way by other defendants,[2] we join in the Omnibus Reply.

Dated:   New York, New York
         January 28, 2011

Respectfully submitted,

DPH Holdings Corp., *et al.*
By their conflicts counsel,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER
RICHARD K. MILIN
JASON P. RUBIN
One Penn Plaza
New York, New York 10119
(212) 594-5000

---

[2] The *Johnson Controls* defendants may be unique in arguing that Plaintiffs have not adequately pled antecedent debts because Exhibits "1" and "2" to the proposed amended complaint are "inconsistent," but that argument is factually incorrect. According to the defendants, Plaintiffs' Exhibits are inconsistent because Exhibit "1" states that some transfers were made electronically but "Exhibit 2 lists 'Check Numbers' for *each and every transfer*." (*Johnson Controls* Objection at 17 (original emphasis).) The explanation is simply that the electronic transfers in Exhibit "2" have numbers beginning with "UD" or "EB," whereas check numbers begin with "NB." In any event, the defendants admit that this explanation serves no purpose, because they also complain, inconsistently, that Plaintiffs' numbers are "meaningless" and do not assist them. (*Id.* at 14, 16.) Thus, the *Johnson Controls* defendants' argument is not only without merit, it is also a perfect example of why this Court should reject technical and "gotcha" arguments based upon the details of Plaintiffs' pleadings. Instead, the parties should proceed, in accord with Bankruptcy Rule 1001, to a "just, speedy and inexpensive determination" on the merits, taking any *genuine* prejudice into account.

2