SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 11 |
| DPH HOLDINGS CORP., et al., | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Reorganized Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER PERMITTING PARTIES
TO PROCEED WITH POSTPETITION LITIGATION

("DAVID ARMSTRONG POSTPETITION LITIGATION STIPULATION")

DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (the "Reorganized Debtors") and David Armstrong respectfully submit this Joint Stipulation And Agreed Order Permitting Parties To Proceed With Postpetition Litigation (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation and certain of its affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

WHEREAS, on June 16, 2009, the Bankruptcy Court entered its Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032) (the "Modification Procedures Order"), which, among other things, established June 15, 2009 as the bar date for asserting administrative expense claims arising from October 8, 2005 through May 31, 2009.[1]

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket

---

[1] On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to provide that paragraph 38 of the Modification Procedures Order should be amended to require parties to submit an Administrative Expense Claim Form for Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

2

No. 18707) (the "Modification Approval Order"), and emerged from chapter 11 as the Reorganized Debtors. In connection with the Effective Date of the Modified Plan, the injunctions set forth in Article 11.14 of the Modified Plan and paragraph 22 of the Modification Approval Order (together, the "Plan Injunction") went into effect, which enjoin any person from taking any action against DPH Holdings or any of the other former debtors in the above-captioned cases to collect, offset, or recover any claim, interest, or cause of action satisfied, released, or discharged under the Modified Plan.

WHEREAS, on October 22, 2009, the Bankruptcy Court entered an order (Docket No. 18998) (the "Administrative Claims Objection Procedures Order") (a) authorizing and directing the Reorganized Debtors to apply certain claims objection procedures (the "Claims Objection Procedures") to any dispute with respect to Administrative Claims[2] and (b) stating that all Administrative Claims shall be subject to the Claims Objection Procedures. These Claims Objection Procedures are set forth in an order entered by the Bankruptcy Court on December 6, 2006 (Docket No. 6089).

WHEREAS, on June 2, 2010, David Armstrong filed a complaint against Delphi Corporation (n/k/a DPH Holdings) and the UAW Local 699 in the United States District Court for the Eastern District of Michigan (the "Complaint") relating to Mr. Armstrong's postpetition employment with the Debtors.

WHEREAS, in compliance with the Modification Procedures Order and Modification Approval Order, on October 29, 2010, David Armstrong filed his Motion By David Armstrong To Deem Claim For Administrative Expense Timely Filed Pursuant To Fed. R. Bankr. P. 9006(b) And 11 U.S.C. § 503(b) (Docket No. 20760), seeking leave to file an

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Modified Plan.

3

administrative expense claim in the Bankruptcy Court on account of a late administrative expense claim relating to Mr. Armstrong's postpetition employment with the Debtors (the "Administrative Expense Claim").

WHEREAS, on November 10, 2010, the Reorganized Debtors filed their Limited Statement Regarding Motion By David Armstrong To Deem Claim For Administrative Expense Claim Timely Filed Pursuant To Fed. R. Bankr. P. 9006(b) And 11 U.S.C. § 503(b) (Docket No. 20778).

WHEREAS, on November 22, 2010, the Bankruptcy Court entered its Order Granting Motion By David Armstrong To Deem Claim For Administrative Expense Timely Filed Pursuant To Fed. R. Bankr. P. 9006(b) And 11 U.S.C. § 503(b) (Docket No. 20844), deeming the Administrative Expense Claim timely filed.  Mr. Armstrong's Administrative Expense Claim was subsequently assigned proof of administrative expense claim number 20086 ("Claim 20086").

NOW THEREFORE, in consideration of the foregoing, the Reorganized Debtors and David Armstrong stipulate and agree as follows:

1. Notwithstanding anything to the contrary in the Confirmation Order, the Modified Plan, or the Modification Approval Order, the Plan Injunction shall be modified solely to permit David Armstrong to prosecute the Complaint in the United States District Court for the Eastern District of Michigan (the "Michigan Litigation") and proceed to a final judgment or settlement, and the Reorganized Debtors shall be permitted to defend against the Complaint and proceed to a final judgment or settlement.

2. Should David Armstrong prevail in his Complaint and obtain either a final judgment against the Reorganized Debtors or a settlement with the Reorganized Debtors, (a) Mr.

4

Armstrong's Claim 20086 shall be allowed as an administrative expense priority claim in the amount of the final judgment against or settlement with the Reorganized Debtors and (b) Mr. Armstrong shall only be permitted to execute on such final judgment against or settlement with the Reorganized Debtors through the allowance of Claim 20086, and distribution on account of such allowed Claim 20086 shall be in accordance with the provisions of the Modified Plan.

3. Except as expressly provided herein, (a) nothing in this Stipulation shall be deemed a waiver of the provisions of the Modification Procedures Order, the Modified Plan, the Modification Approval Order, or the Administrative Claims Objection Procedures Order and (b) the Reorganized Debtors shall not take any action inconsistent with paragraph 1 hereof and shall not exercise any right, whether or not waived, to refer or transfer the Michigan Litigation to any other court prior to final judgment or settlement; and _provided_ _further_, that in the event that the Complaint against the Reorganized Debtors is dismissed or otherwise disposed of, the Reorganized Debtors retain the right to seek disallowance of the Administrative Expense Claim in accordance with the Administrative Claims Objection Procedures Order.

    4.  This Court shall retain original and exclusive jurisdiction to hear and determine all matters arising from the implementation of this Stipulation.

So Ordered in White Plains, New York, this 28th day of January, 2011

               /s/Robert D. Drain
               UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Deborah Kovsky-Apap |
|---|---|
| John Wm. Butler, Jr. | Robert S. Hertzberg |
| John K. Lyons | PEPPER HAMILTON LLP |
| Ron E. Meisler | The New York Times Building, 37th Fl. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 620 Eighth Avenue |
| 155 North Wacker Drive | New York, New York 10018-1405 |
| Chicago, Illinois 60606-1720 | (212) 808-2700 |
| (312) 407-0700 | |
| - and – | -and- |
| Four Times Square | Deborah Kovsky-Apap |
| New York, New York 10036 | PEPPER HAMILTON LLP |
| (212) 735-3000 | Suite 3600 |
| | 100 Renaissance Center |
| | Detroit, Michigan 48243 |
| | (313) 259-7110 |
| Attorneys for DPH Holdings Corp., et al., the Reorganized Debtors | Attorneys for David Armstrong |

6