# EXHIBIT D

EXHIBIT D

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481 (RDD); Adv. Proc. No. 07-02619 (RDD);

Adv. Proc. No. 07-02242 (RDD); Adv. Proc. No. 07-02256 (RDD);

Adv. Proc. No. 07-02333 (RDD); Adv. Proc. No. 07-02580 (RDD);

Adv. Proc. No. 07-02661 (RDD); Adv. Proc. No. 07-02743 (RDD);

Adv. Proc. No. 07-02768 (RDD); Adv. Proc. No. 07-02769 (RDD);

Adv. Proc. No. 07-02790 (RDD); Adv. Proc. No. 07-02076 (RDD);

Adv. Proc. No. 07-02084 (RDD); Adv. Proc. No. 07-02096 (RDD);

Adv. Proc. No. 07-02125 (RDD); Adv. Proc. No. 07-02177 (RDD);

Adv. Proc. No. 07-02188 (RDD); Adv. Proc. No. 07-02211 (RDD);

Adv. Proc. No. 07-02212 (RDD); Adv. Proc. No. 07-02236 (RDD);

Adv. Proc. No. 07-02250 (RDD); Adv. Proc. No. 07-02262 (RDD);

Adv. Proc. No. 07-02270 (RDD); Adv. Proc. No. 07-02291 (RDD);

Adv. Proc. No. 07-02328 (RDD); Adv. Proc. No. 07-02337 (RDD);

Adv. Proc. No. 07-02348 (RDD); Adv. Proc. No. 07-02432 (RDD);

Adv. Proc. No. 07-02436 (RDD); Adv. Proc. No. 07-02449 (RDD);

Adv. Proc. No. 07-02479 (RDD); Adv. Proc. No. 07-02525 (RDD);

Adv. Proc. No. 07-02534 (RDD); Adv. Proc. No. 07-02539 (RDD);

Adv. Proc. No. 07-02551 (RDD); Adv. Proc. No. 07-02581 (RDD);

Adv. Proc. No. 07-02597 (RDD); Adv. Proc. No. 07-02618 (RDD);

Adv. Proc. No. 07-02623 (RDD); Adv. Proc. No. 07-02659 (RDD);

Adv. Proc. No. 07-02672 (RDD); Adv. Proc. No. 07-02702 (RDD);

Adv. Proc. No. 07-02723 (RDD); Adv. Proc. No. 07-02743 (RDD);

1

---

1   Adv. Proc. No. 07-02744 (RDD); Adv. Proc. No. 07-02750 (RDD);

2   Adv. Proc. No. 07-02188 (RDD)

3   - - - - - - - - - - - - - - - - - - -x

4   In the Matter of:

5   DPH HOLDINGS CORP., et al.,

6            Reorganized Debtors.

7   - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9            Plaintiffs,

10     -against-

11  SETECH INC., et al.,

12           Defendants.

13  - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15           Plaintiffs,

16     -against-

17  DUPONT COMPANY, et al.,

18           Defendants.

19  - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21           Plaintiffs,

22     -against-

23  ECO-BAT AMERICA LLC,

24           Defendant.

25  - - - - - - - - - - - - - - - - - - -x

2

---

1   - - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3            Plaintiffs,

4      -against-

5   GLOBE MOTORS INC.,

6            Defendant.

7   - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9            Plaintiffs,

10     -against-

11  PHILIPS SEMICONDUCTOR, et al.,

12           Defendants.

13  - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15           Plaintiffs,

16     -against-

17  SUMMIT POLYMERS INC.,

18           Defendant.

19  - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21           Plaintiffs,

22     -against-

23  M & Q PLASTIC PRODUCTS, et al.,

24           Defendants.

25  - - - - - - - - - - - - - - - - - - -x

3

---

1   - - - - - - - - - - - - - - - - - - -x

2   DELPHI CORPORATION, et al.,

3            Plaintiffs,

4      -against-

5   RSR CORPORATION, et al.,

6            Defendants.

7   - - - - - - - - - - - - - - - - - - -x

8   DELPHI CORPORATION, et al.,

9            Plaintiffs,

10     -against-

11  RSR/ECOBAT,

12           Defendant.

13  - - - - - - - - - - - - - - - - - - -x

14  DELPHI CORPORATION, et al.,

15           Plaintiffs,

16     -against-

17  TYCO et al.,

18           Defendants.

19  - - - - - - - - - - - - - - - - - - -x

20  DELPHI CORPORATION, et al.,

21           Plaintiffs,

22     -against-

23  AHAUS TOOL & ENGINEERING INC.,

24           Defendant.

25  - - - - - - - - - - - - - - - - - - -x

4

| | |
|---|---|
| 1   ------------------x | 1   ------------------x |
| 2   DELPHI CORPORATION, et al., | 2   DELPHI CORPORATION, et al., |
| 3        Plaintiffs, | 3        Plaintiffs, |
| 4    -against- | 4    -against- |
| 5   A 1 SPECIALIZED SVC & SUPP., INC., | 5   DANOBAT MACHINE TOOL CO. INC., |
| 6       Defendant. | 6       Defendant. |
| 7   ------------------x | 7   ------------------x |
| 8   DELPHI CORPORATION, et al., | 8   DELPHI CORPORATION, et al., |
| 9        Plaintiffs, | 9        Plaintiffs, |
| 10    -against- | 10    -against- |
| 11   A-1 SPECIALIZED SERVICES, | 11   EDS, et al., |
| 12       Defendant. | 12       Defendants. |
| 13   ------------------x | 13   ------------------x |
| 14   DELPHI CORPORATION, et al., | 14   DELPHI CORPORATION, et al., |
| 15        Plaintiffs, | 15        Plaintiffs, |
| 16    -against- | 16    -against- |
| 17   ATS AUTOMATION TOOLING SYSTEMS INC., et al., | 17   BP, et al., |
| 18       Defendants. | 18       Defendants. |
| 19   ------------------x | 19   ------------------x |
| 20   DELPHI CORPORATION, et al., | 20   DELPHI CORPORATION, et al., |
| 21        Plaintiffs, | 21        Plaintiffs, |
| 22    -against- | 22    -against- |
| 23   CORNING INC., et al., | 23   CARLISLE, et al., |
| 24       Defendants. | 24       Defendants. |
| 25   ------------------x | 25   ------------------x |
|                  5 |                  7 |
| 1   ------------------x | 1   ------------------x |
| 2   DELPHI CORPORATION, et al., | 2   DELPHI CORPORATION, et al., |
| 3        Plaintiffs, | 3        Plaintiffs, |
| 4    -against- | 4    -against- |
| 5   CRITECH RESEARCH INC., | 5   GKNS INTERMETALS, |
| 6       Defendant. | 6       Defendant. |
| 7   ------------------x | 7   ------------------x |
| 8   DELPHI CORPORATION, et al., | 8   DELPHI CORPORATION, et al., |
| 9        Plaintiffs, | 9        Plaintiffs, |
| 10    -against- | 10    -against- |
| 11   DOSHI PRETTL INTERNATIONAL, et al., | 11   EX-CELL-O MACHINE TOOLS INC., |
| 12       Defendants. | 12       Defendant. |
| 13   ------------------x | 13   ------------------x |
| 14   DELPHI CORPORATION, et al., | 14   DELPHI CORPORATION, et al., |
| 15        Plaintiffs, | 15        Plaintiffs, |
| 16    -against- | 16    -against- |
| 17   D & R TECHNOLOGY LLC, et al., | 17   JOHNSON CONTROLS, et al., |
| 18       Defendants. | 18       Defendants. |
| 19   ------------------x | 19   ------------------x |
| 20   DELPHI CORPORATION, et al., | 20   DELPHI CORPORATION, et al., |
| 21        Plaintiffs, | 21        Plaintiffs, |
| 22    -against- | 22    -against- |
| 23   DSSI, et al., | 23   NILES USA INC., et al., |
| 24       Defendants. | 24       Defendants. |
| 25   ------------------x | 25   ------------------x |
|                  6 |                  8 |

```
 1  --------------------x
 2  DELPHI CORPORATION, et al.,
 3            Plaintiffs,
 4      -against-
 5  METHODE ELECTRONICS INC., et al.,
 6            Defendants.
 7  --------------------x
 8  DELPHI CORPORATION, et al.,
 9            Plaintiffs,
10      -against-
11  MICROCHIP,
12            Defendant.
13  --------------------x
14  DELPHI CORPORATION, et al.,
15            Plaintiffs,
16      -against-
17  HEWLETT PACKARD, et al.,
18            Defendants.
19  --------------------x
20  DELPHI CORPORATION, et al.,
21            Plaintiffs,
22      -against-
23  OLIN CORP,
24            Defendant.
25  --------------------x
                                    9
```

```
 1  --------------------x
 2  DELPHI CORPORATION, et al.,
 3            Plaintiffs,
 4      -against-
 5  WAGNER-SMITH COMPANY,
 6            Defendant.
 7  --------------------x
 8  DELPHI CORPORATION, et al.,
 9            Plaintiffs,
10      -against-
11  WELLS FARGO BUSINESS, et al.,
12            Defendants.
13  --------------------x
14  DELPHI CORPORATION, et al.,
15            Plaintiffs,
16      -against-
17  SELECT TOOL & DIE CORP.,
18            Defendant.
19  --------------------x
20  DELPHI CORPORATION, et al.,
21            Plaintiffs,
22      -against-
23  SHUERT INDUSTRIES INC.,
24            Defendant.
25  --------------------x
                                    11
```

```
 1  --------------------x
 2  DELPHI CORPORATION, et al.,
 3            Plaintiffs,
 4      -against-
 5  INTEC GROUP,
 6            Defendant.
 7  --------------------x
 8  DELPHI CORPORATION, et al.,
 9            Plaintiffs,
10      -against-
11  VALEO, et al.,
12            Defendants.
13  --------------------x
14  DELPHI CORPORATION, et al.,
15            Plaintiffs,
16      -against-
17  VANGUARD DISTRIBUTORS,
18            Defendant.
19  --------------------x
20  DELPHI CORPORATION, et al.,
21            Plaintiffs,
22      -against-
23  VICTORY PACKAGING, et al.,
24            Defendants.
25  --------------------x
                                    10
```

```
 1  --------------------x
 2  DELPHI CORPORATION, et al.,
 3            Plaintiffs,
 4      -against-
 5  SUMITOMO, et al.,
 6            Defendants.
 7  --------------------x
 8  DELPHI CORPORATION, et al.,
 9            Plaintiffs,
10      -against-
11  TECH CENTRAL,
12            Defendant.
13  --------------------x
14  DELPHI CORPORATION, et al.,
15            Plaintiffs,
16      -against-
17  PRUDENTIAL RELOCATION, et al.,
18            Defendants.
19  --------------------x
20  DELPHI CORPORATION, et al.,
21            Plaintiffs,
22      -against-
23  LDI INCORPORATED,
24            Defendant.
25  --------------------x
                                    12
```

```
1    - - - - - - - - - - - - - - - - - - -x
2    DELPHI CORPORATION, et al.,
3              Plaintiffs,
4       -against-
5    M & Q PLASTIC PRODUCTS, et al.,
6              Defendants.
7    - - - - - - - - - - - - - - - - - - -x
8    DELPHI CORPORATION, et al.,
9              Plaintiffs,
10      -against-
11   REPUBLIC ENGINEERED PRODUCTS, et al.,
12             Defendants.
13   - - - - - - - - - - - - - - - - - - -x
14   DELPHI CORPORATION, et al.,
15             Plaintiffs,
16      -against-
17   RIECK GROUP LLC,
18             Defendant.
19   - - - - - - - - - - - - - - - - - - -x
20   DELPHI CORPORATION, et al.,
21             Plaintiffs,
22      -against-
23   CRITECH RESEARCH INC.,
24             Defendant.
25   - - - - - - - - - - - - - - - - - - -x
                                              13
```

```
1    RE: ADV. PROC. NO. 07-02619 (RDD):
2    HEARING re Setech, Inc.'s Motion to Vacate and to Dismiss
3    (Docket No. 20094)
4
5
6    RE: CASE NO. 0544481 (RDD):
7    HEARING re Joinder of E. I. du Pont de Nemours and Company to
8    Motions (I) to Vacate Prior Orders Establishing Procedures for
9    Certain Adversary Proceedings, Including Those Commenced by the
10   Debtors Under 11 U.S.C. Sections 541, 544, 545, 547, 548, or
11   549, and Extending the Time to Serve Process for Such Adversary
12   Proceedings, (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R.
13   Bankr. P. 7012(b) Dismissing the Adversary Proceeding with
14   Prejudice, or (III) in the Alternative, Dismissing the
15   Adversary Proceeding on the Ground of Judicial Estoppel (Docket
16   No. 19999)
17
18   RE: ADV. PROC. NO. 07-02242 (RDD):
19   HEARING re Statement Of E. I. Du Pont De Nemours And Company
20   And Its Affiliates In Support Of Certain Reply Briefs Filed
21   With Respect To Motions (I) To Vacate Prior Orders Establishing
22   Procedures For Certain Adversary Proceedings, Including Those
23   Commenced By The Debtors Under 11 U.S.C. Sections 541, 544,
24   545, 547, 548, Or 549, And Extending The Time To Serve Process
25   For Such Adversary Proceedings, (II) Pursuant To Fed. R. Civ.
                                              15
```

```
1              U.S. Bankruptcy Court
2              300 Quarropas Street
3              White Plains, New York
4
5              July 22, 2010
6              10:20 AM
7
8
9    B E F O R E:
10   HON. ROBERT D. DRAIN
11   U.S. BANKRUPTCY JUDGE
12
13
14
15
16.
17
18
19
20
21
22
23
24
25
                                              14
```

```
1    P. 12(b) And Fed. R. Bankr. P. 7012(b), Dismissing The
2    Adversary Proceeding With Prejudice, Or (III) In The
3    Alternative, Dismissing The Adversary Proceeding On The Ground
4    Of Judicial Estoppel (Docket No. 20323)
5
6    RE: ADV. PROC. NO. 07-02256 (RDD):
7    HEARING re Complaint against Defendant 200A.
8
9    RE: ADV. PROC. NO. 07-02333 (RDD):
10   HEARING re Replies in Support of Motions (I) to Vacate Prior
11   Orders Establishing Procedures for Certain Adversary
12   Proceedings, Including Those Commenced by the Debtors Under 11
13   USC Sections 541, 544, 545, 547, 548, or 549, and Extending the
14   Time to Serve Process for Such Adversary Proceedings, (II)
15   Dismissing the Adversary Proceeding with Prejudice, or (III) In
16   The Alternative, Dismissing the Adversary Proceeding on the
17   Grounds of Judicial Estoppel (Docket No. 20341)
18
19   RE: ADV. PROC. NO. 07-02580 (RDD):
20   HEARING re Joinder Of Philips Semiconductor, Philips
21   Semiconductors, And Philips Semiconductors, Inc (N/K/A NXP
22   Semiconductors USA, Inc.) To (I) Reply Memorandum Of Law In
23   Support Of Motions Of Affinia, GKN, MSX And Valeo To: (A)
24   Vacate Certain Prior Orders Of The Court; (B) Dismiss The
25   Complaint With Prejudice; (C) And (D) Dismiss Claims Based On
                                              16
```

THE COURT: Well, let me make sure I understand what
you're saying.

MR. GOODRICH: Well, that issue's going to come up --
all the issues that are in this motion are going to be -- if
the complaint is amended, those issues are still on the table.

THE COURT: Right.

MR. GOODRICH: And they'll probably be argued.

THE COURT: Well, they'll be argued -- I mean, there's
been extensive argument on that; I'm not sure whether people
need to spend a lot more time arguing them. But they'll be
argued in the context of a motion to amend. That's the context
there. Of course, if I grant the motion -- if I'm inclined to
grant the motion to amend, I still wouldn't grant it if I
concluded that I should give people relief on my 4(m) orders.

MR. GOODRICH: Okay.

THE COURT: But I could -- I mean, I do this
frequently. I give people preliminary thoughts and rulings so
that they can adjust their behavior and sometimes their
briefing and sometimes their settlements.

My preliminary view is that people who truly did not
get notice of the extension motions can argue their merits on
the merits; it's not a Rule 60 requirement. They can argue
them as if they were being argued for the first time. But that
leaves a factual issue as to who got the notice and who didn't
and what did people know.

225

And then in arguing on the merits, there may be
another notice issue, which is did people have notice during
the course of this process. Again, people have argued to me
today, and it's a reasonable argument, that there may have been
more discretion with the first two orders, for example. If
someone had noticed by that time, they may be in a different
position.

And I guess before I get into all of those issues,
which may be individual factual issues, I think I really ought
to see what the amended complaints look like.

MR. GOODRICH: Right. Since I'm up here, if I could
make a very succinct point about those -- the people who got no
notice and the people who received it ECF notice? The case
management order said that particularized notice was to be
send; we know it wasn't sent. If you think about that, that's
just -- that's not only not notice, that's notice that you're
not in the group.

THE COURT: Each of the motions said they complied
with the case management order.

MR. GOODRICH: Right.

THE COURT: And I understand that. But in this -- I'm
not sure -- you haven't really discussed this, the plaintiffs
haven't.

My understanding of the case management order is that
if you're not on the service list, you've got to get the notice

226

if it's affecting you directly.

MR. GOODRICH: Right.

THE COURT: If you're on the service list and they
give you the notice, you've gotten the notice, I think.

MR. GOODRICH: There's a very different point there.
You get a notice today for three years on ECF --

THE COURT: Well --

MR. GOODRICH: You're supposed to get a package that
says 'I'm in a different group.' That's what the
particularized notice tells you.

THE COURT: I -- that will be another issue we can
discuss. I'm not sure it goes that far. What's the point of
making it -- I mean, I don't think the debtor's supposed to, in
all cases, under that -- that would mean that that order means
the debtor has to figure out every possible person who might be
affected by this order. And there are a lot of times in
bankruptcy cases where that's just impossible.

So that's really not the case with this really, if I
understand that, because the debtor knew who was going to be
covered, the 722 people or companies. But I don't think that
was what's intended by that provision. I think that the
particularized notice means if you don't appear on the service
list, you're supposed to get notice of something that affects
you directly, like, you know, a landlord, for example, when
your lease is being rejected. If you make a demand to be on a

227

service list, you're going to have someone looking at the
notice.

MS. LEE: Your Honor --

THE COURT: But that's just a preliminary view because
we haven't really gotten into that and I was telling you about
ruling on this yet, this aspect of it.

MS. LEE: Your Honor, Cathy Lee. I represent Ambrake
Corporation and also Sumitomo Wiring Systems USA. I just
wanted to understand, sort of, the figures that Your Honor is
laying out to make these sort of formative arguments and
actually show what individualized prejudice is. Are you saying
that we would do that in response to a motion to amend? And
the reason that I ask --

THE COURT: No -- no. And I understand why you're
asking me because I wasn't very clear on it.

MS. LEE: Okay.

THE COURT: People are free, in response to a motion
to amend the complaint, to raise whatever ports people raise in
response to motions to amend. That might include things like
prejudice and delay and you know, that gets into lack of notice
and all of that. It's in the context of a motion to amend. As
far as the 4(m) issues are concerned, I'll -- if I'm inclined
to grant the motion to amend, I still have to rule on the 4(m)
issues because I'm not going to, obviously, give leave to
amend, where I concluded that the complaint can't succeed

228

1    because I would undo my 4(m) orders.

2        So those -- but those 4(m) issues are already briefed

3    and argued. So I'm not going to have any more argument on them

4    in this context. You can raise them in the context of -- to

5    the extent that it's appropriate to raise, in the context of a

6    motion to amend.

7        MS. LEE: Okay.

8        THE COURT: And then J -- this is me where J was

9    confusing you, I -- pardon me if you hear my rationale for

10   setting it up that way. Giving you my preliminary view that I

11   probably would not simply say -- at least I don't believe I

12   would simply say that everyone gets off scot-free because of

13   the movants' arguments under 4(m) and Rule 60 and due process.

14       So I would probably -- my inclination at this point,

15   but I may change my mind after I review the transcript and look

16   at the papers and the briefs again, would be to say that, you

17   know, I'd probably have to look at those issues on a case-by-

18   case basis to some extent too. I may not on some cases. I

19   mean, the motion papers -- the individual movants' motions may

20   be strong enough on that issue that I would rule in their

21   favor. You know, I confess. You know, there are eighty-some

22   motions to dismiss; I concentrated on the global issues which

23   is what we've been dealt -- dealing with here. It may be when

24   J look at all the pleadings, that there will be any number of

25   people who I believe the complaint should be dismissed, even if

229

1    they do plead it correctly, because of a belief that the

2    extension order should be undone.

3        MS. LEE: The reason I ask this, Your Honor, is

4    because for our clients, we actually filed an answer. So I

5    doubt that they're going to be trying to amend. So I needed to

6    understand whether there's an opportunity for us to give the

7    Court the particularized individual case-by-case information

8    the Court is saying --

9        THE COURT: I --

10       MS. LEE: -- would have to be looked at --

11       THE COURT: Only in the context of, like, a pretrial

12   conference, you know, a discovery conference.

13       MS. LEE: Okay. So you're saying other than these

14   first-wave motions, there's not an opportunity --

15       THE COURT: Well, if you still have time to file them,

16   there's a whole set of people who still have time to file

17   motions to dismiss. That'd be -- you know, if you still have

18   time to file motion to dismiss, you can make one. But --

19       MS. LEE: Thank you, Your Honor.

20       THE COURT: But if you don't, then I think we're in a

21   different phase here, which is the discovery phase.

22       MR. FISHER: Your Honor, just in terms of mapping the

23   path forward, I understand that the Court anticipates that

24   we're going to make a motion to amend the complaints. And

25   presumably --

230

1        THE COURT: That would actually be eighty-six motions

2    or however many you're up to.

3        MR. FISHER: Right -- right. And so we'd be amending

4    the complaints with respect to what we've called the first-wave

5    dismissal motions.

6        THE COURT: Right.

7        MR. FISHER: And so I think --

8        THE COURT: I -- but frankly, you ought to do it all

9    over, right? You know what's going to happen on the second

10   wave.

11       MR. FISHER: Right but I think -- well -- and this is

12   more in the nature of housekeeping --

13       THE COURT: Right --

14       MR. FISHER: because --

15       THE COURT: I'm not trying to be flip. I'm just --

16       MR. FISHER: There are already many movants who have

17   filed what is now being called second-wave dismissal motions

18   and we have a placeholder hearing date at the end of August but

19   I think we all recognized that how and when those went forward

20   would turn, in large part, on what happened with the first-wave

21   dismissal motions and what kind of guidance we got from the

22   Court.

23       THE COURT: Right.

24       MR. FISHER: And so, I think it may make a certain

25   amount of sense to essentially designate this -- these eighty-

231

1    plus first-wave motions as the trial balloons that are going to

2    give direction to the rest of these cases. Because if we're

3    going to set about now, amending eighty-plus complaints and

4    then dealing with oppositions to our motion for leave to amend

5    and in that context, have the Court resolve all the issues that

6    have been raised today as well as potentially, certain other

7    issues, it may not make sense to, at the same time, have those

8    second-wave dismissal motions go forward. They ought to await

9    the motion for leave to amend as well is what I'm saying. I'm

10   just trying to -- because there are all these threshold issues

11   that are being addressed in comment, I'm just trying to map a

12   way forward.

13       THE COURT: Well, I think it does make sense for you

14   to amend the complaints across the board, including these

15   second-wave ones. The second-wave people can respond to that

16   by making all of these other arguments too in the context of

17   those motions, saying the obvious point which is, from their

18   point of view, why commit an order -- why sign an order

19   authorizing an amended complaint when the complaint's going to

20   be dismissed?

21       So I think the real issue is the amount of time that

22   would be appropriate for you to amend. I don't know how many

23   are involved in the second-wave but how many complaints you

24   think they're amending. I don't know what we're talking about.

25   It can't be more than 150, right? It's probably less than

232