SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|         Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, LINAMAR CORPORATION, LINAMAR HOLDINGS, INC., AND
THEIR RESPECTIVE SUBSIDIARIES AND AFFILIATES WITHDRAWING
PROOFS OF ADMINISTRATIVE EXPENSE CLAIM
<u>NUMBERS 18882, 18885, 18886, AND 19770</u>

(LINAMAR CORPORATION, LINAMAR HOLDINGS, INC., AND THEIR
RESPECTIVE SUBSIDIARIES AND AFFILIATES)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Linamar Corporation, Linamar Holdings, Inc. ("Linamar Holdings"), and their respective subsidiaries and affiliates (collectively, "Linamar" or the "Claimants") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Linamar Corporation, Linamar Holdings, Inc., And Their Respective Subsidiaries And Affiliates Withdrawing Proofs Of Administrative Expense Claim Numbers 18882, 18885, 18886, And 19770 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 15, 2009, Invar, a division of Linamar Holdings, filed proof of administrative expense claim number 18882 ("Claim 18882") against Delphi asserting an administrative expense priority claim in the amount of $974,810.00 arising from goods sold and the performance of services.

WHEREAS, on July 15, 2009, Roctel, a division of Linamar Holdings, filed proof of administrative expense claim number 18885 ("Claim 18885") against Delphi asserting an administrative expense priority claim in an unliquidated amount arising from goods sold and the performance of services.

WHEREAS, on July 15, 2009, Vehcom, a division of Linamar Holdings, filed proof of administrative expense claim number 18886 ("Claim 18886") against Delphi asserting

2

an administrative expense priority claim in an unliquidated amount arising from goods sold and the performance of services.

WHEREAS, on November 5, 2009, Linamar Corporation and its subsidiaries and affiliates, filed proof of administrative expense claim number 19770 ("Claim 19770," together with Claim 18882, Claim 18885, and Claim 18886, the "Claims") against Delphi asserting an administrative expense priority claim in the amount of $1,602,060.79 arising from goods sold and the performance of services.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claims, pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers'

Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 17, 2010, the Claimants filed the Response Of Linamar Corporation And Linamar Holdings, Inc. To The Reorganized Debtors' Forty-Third Omnibus Claims Objection (Docket No. 19450) (the "Response").

WHEREAS, to resolve the Forty-Third Omnibus Claims Objection with respect to the Claims, the Reorganized Debtors and the Claimants entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimants agreed that the Claims will be withdrawn with prejudice.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. Claim 18882 is hereby deemed withdrawn with prejudice.

2. Claim 18885 is hereby deemed withdrawn with prejudice.

3. Claim 18886 is hereby deemed withdrawn with prejudice.

4. Claim 19770 is hereby deemed withdrawn with prejudice.

5. The Response is hereby deemed withdrawn with prejudice.

6. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 10th day of February, 2011

                              /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Susan M. Cook |
|---|---|
| John Wm. Butler, Jr. | Susan M. Cook |
| John K. Lyons | Adam D. Bruski |
| Ron E. Meisler | LAMBERT, LESER, ISACKSON, COOK & |
| SKADDEN, ARPS, SLATE, MEAGHER | GIUNTA, P.C. |
|   & FLOM LLP | 309 Davidson Building |
| 155 North Wacker Drive | 916 Washington Avenue |
| Chicago, Illinois  60606 | Bay City, MI 48708 |
| | |
| - and - | |
| | Attorneys for Linamar Corporation, Linamar |
| Four Times Square | Holdings, Inc., And Their Respective |
| New York, New York  10036 | Subsidiaries And Affiliates |
| | |
| Attorneys for DPH Holdings Corp., et al. | |
|   Reorganized Debtors | |