SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                                               :         Chapter 11
:
DPH HOLDINGS CORP., et al.,            :         Case No. 05-44481 (RDD)
:
           Reorganized Debtors.     :         (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND PIONEER NORTH AMERICA, INC., ON BEHALF OF ITS
AFFILIATES, PIONEER AUTOMOTIVE TECHNOLOGIES, INC. AND PIONEER
SPEAKERS, INC., DISALLOWING AND EXPUNGING PROOFS OF
ADMINISTRATIVE EXPENSE CLAIM NUMBERS 19090 AND 19091

(PIONEER NORTH AMERICA, INC., ON BEHALF OF ITS AFFILIATES,
PIONEER AUTOMOTIVE TECHNOLOGIES, INC.
AND PIONEER SPEAKERS, INC.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and Pioneer North America, Inc., on behalf of its affiliates, Pioneer Automotive Technologies, Inc. and Pioneer Speakers, Inc. (collectively, the "Claimant"), respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Pioneer North America, Inc., On Behalf Of Its Affiliates, Pioneer Automotive Technologies, Inc. And Pioneer Speakers, Inc., Disallowing And Expunging Proofs Of Administrative Expense Claim Numbers 19090 And 19091 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 15, 2009, the Claimant filed proof of administrative expense claim number 19090 ("Claim 19090") against Delphi asserting an administrative expense priority claim in the amount of $11,375.67 arising from, among other things, an obsolescence claim.

WHEREAS, on July 15, 2009, the Claimant filed proof of administrative expense claim number 19091 ("Claim 19091," and together with Claim 19090, the "Claims") against Delphi asserting an administrative expense priority claim in the amount of $766,514.64 arising from, among other things, an obsolescence claim.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

2

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claims, pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 23, 2010, the Claimant filed Pioneer North America, Inc.'s Response To Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation

3

Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19551) (the "Response").

WHEREAS, to resolve the Forty-Third Omnibus Claims Objection with respect to the Claims, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that the Claims will be disallowed and expunged.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. Claim 19090 is hereby disallowed and expunged in its entirety.

2. Claim 19091 is hereby disallowed and expunged in its entirety.

3. The Response is hereby deemed withdrawn with prejudice.

4. Nothing herein shall preclude the Claimant from pursuing a claim against any party other than the Debtors or the Reorganized Debtors. To the extent that a claim is asserted by the Claimant against another party, nothing herein shall preclude such party's right to contest the claim on any grounds whatsoever.

5. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 14th day of March, 2011

                    /s/Robert D. Drain
                    UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Max J. Newman |
|---|---|
| John Wm. Butler, Jr. | Max J. Newman |
| John K. Lyons | BUTZEL LONG, P.C. |
| Ron E. Meisler | Stoneridge West |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 41000 Woodward Avenue |
| 155 North Wacker Drive | Bloomfield Hills, Michigan 48304 |
| Chicago, Illinois 60606 | |
| | - and - |
| - and - | Robert Sidorsky |
| | 380 Madison Avenue |
| Four Times Square | New York, New York 10017 |
| New York, New York 10036 | |
| Attorneys for DPH Holdings Corp., et al. Reorganized Debtors | Attorneys for Pioneer North America, Inc., on behalf of its affiliates, Pioneer Automotive Technologies, Inc. and Pioneer Speakers, Inc. |