UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                         :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
    Reorganized Debtors.          :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 502(b) 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM FILED BY
CHARLENE G. PRONESTI (PROOF OF CLAIM NUMBER 19758)

Upon the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), which, among other things, objected to proof of claim number 19758 filed by Charlene G. Pronesti (the "Claimant"); and upon the Claimant's first response to Reorganized Debtors' Forty-Third Omnibus Objection (Docket No. 19491) (the "First Response"); and upon the Claimant's second response to Reorganized Debtors' Forty-Third Omnibus Objection (Docket

No. 19556) (the "Second Response" and together with the First Response, the "Responses"); and this Court having considered the Responses and other documents filed by the Claimant and by the Reorganized Debtors; and after due deliberation thereon; and good and sufficient cause appearing therefor,

   IT IS HEREBY FOUND AND DETERMINED THAT:[1]

   A. Charlene G. Pronesti, the holder of proof of claim number 19758, was properly and timely served with a copy of the Forty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Third Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Third Omnibus Claims Objection.

   B. The Claimant was properly served with the Notice Of Bar Date For Filing Proofs Of Claim (the "Bar Date Notice") describing the July 31, 2006 bar date (the "Bar Date") established pursuant to Order Under 11 U.S.C. §§ 107(b), 501, 502, And 1111(a) And Fed. R. Bankr. P. 1009, 2002(a)(7), 3003(c)(3), And 5005(a) Establishing Bar Dates For Filing Proofs Of Claim And Approving Form And Manner Of Notice Thereof (Docket No. 3206).

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Third Omnibus Claims Objection.

      C.      The Claimant was properly served with the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the "Administrative Claim Bar Date Notice") describing the July 15, 2009 bar date (the "Administrative Claim Bar Date") established pursuant to paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (Docket No. 17032).

      D.      The Claimant was properly served with the Notice Of Deadline To File Motion For Leave To File Late Claim With Respect To Claim Filed By Charlene G. Pronesti (Proof Of Claim No. 19758) (Docket No. 21123).

      E.      This Court has jurisdiction over the Forty-Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Forty-Third Omnibus Claims Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Forty-Third Claims Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

      F.      The Claimant has failed to seek leave to justify her failure to timely file proof of claim number 19758 by the Bar Date and pursuant to the Bar Date Notice and has not justified such failure to comply with the Bar Date Notice.

      G.      The Claimant has failed to seek leave to justify her failure to timely file proof of claim number 19758 by the Administrative Claim Bar Date and pursuant to the Administrative Claim Bar Date Notice and has not justified such failure to comply with the Administrative Bar Date Notice.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Proof of claim number 19758 filed by the Claimant is hereby disallowed and expunged in its entirety and no distribution shall be made on account of such claim from the Debtors' estates or by the Reorganized Debtors.

2. Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (i) Dates For Hearings Regarding Objections To Claims And (ii) Certain Notices And Procedures Governing Objections to Claims (Docket No. 6089) and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998).

3. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: White Plains, New York
       March 23, 2011

                                      /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE