**Hearing Date: May 26, 2011 at 10 a.m. (EDT)**

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

### REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOFS OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS 19720, 19721, 19722 AND 19723

### (FCI CONNECTORS HUNGARY GMBH, FCI KOREA LTD., AND FCI USA, INC.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 18966 And 18967 (the "Statement Of Disputed Issues") filed by FCI Connectors Hungary GmbH., FCI Korea Ltd., and FCI USA, Inc. (together, the "Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2.  On November 4, 2009, the Claimant filed four proofs of administrative expense claims against Delphi asserting administrative expense priority claims (together, the "Original Claims"): (a) claim number 19720 ("Claim 19720") in the amount of $114,330.07; (b) claim number 19721 ("Claim 19721") in the amount of $11,041.61; (c) claim number 19722 ("Claim 19722") in the amount of €117,560.06; and (d) claim number 19723 ("Claim 19723") in the amount of $933,834.06.

3.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4.  On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

2

5. On February 23, 2010, the Claimant filed the Response of FCI Connectors Hungary GmbH., FCI Korea Ltd., and FCI USA, Inc. to the Debtors' Forty-Third Omnibus Objection to Claims (Docket No. 19544) (the "Response"), in which the Claimant reduced the amount of the Original Claims, as follows: (a) Claim 19720 to $91,751.13; (b) Claim 19721 to $4,070.30; (c) Claim 19722 to €14,067.60; and (d) Claim 19723 to $13,563.10 (together, the "Revised Claims," and together with the Original Claims, the "Claims").

6. On March 22, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19720, 19721, 19722 And 19723 (FCI Connectors Hungary GmbH., FCI Korea Ltd., and FCI USA, Inc.) (Docket No. 21163), scheduling an evidentiary hearing on the merits of the Claims for May 26, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

### Disputed Issues

### The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claims.

7. The Reorganized Debtors have reviewed the information attached to the Original Claims and the Response and dispute the amounts asserted in the Claims. The Reorganized Debtors further assert that the Claims should be disallowed and expunged in their entirety.

8. Certain Of The Claims Have Been Fully Paid. Based upon the Reorganized Debtors' relevant books and records, and as Claimant has acknowledged, Claim 19720 and Claim 19722 have been paid in full. Accordingly, the Claims should be reduced by $91,751.13 and €14,067.60.

9. Certain Of The Claims Have Been Partially Paid. Based upon the Reorganized Debtors' relevant books and records, and as Claimant has acknowledged, Claimant

has received payment in the amount of $9,723.15 on certain invoices associated with Claim 19721 and Claim 19723. Thus, the Claims should be further reduced by that amount.

          10.      <u>The Reorganized Debtors Intend To Make Further Payment On Claim 19723.</u>  The Reorganized Debtors have approved payment on invoice DEL63009. Therefore, the Claims will be further reduced by $3,300.00.

          11.      <u>Satisfied Invoices Or Proofs Of Delivery Not Provided</u>.  As to the alleged unpaid balances of Claim 19721 and Claim 1972, Claimant has failed to provide signed proofs of delivery in connection with the relevant invoiced goods. The Reorganized Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." *See* General Terms And Conditions, § 2.1. Because the Claimant has not provided these proofs of delivery, and the Debtors and the Reorganized Debtors have no record of receiving certain goods associated with the Claims, the remaining balance of the Claims should be disallowed.

          12.      After taking into account the above-referenced deductions to the Claims, the Reorganized Debtors reconciled the Claims as illustrated in the following chart:

| <u>Amount Asserted in Claims</u> | | $1,176,765.80 and €14,067.60 |
|---|---|---|
| <u>Modifications</u> | Amount Asserted in Revised Claims | $109,384.53 and €14,067.60 |
| | Paid to Date | $101,024.28 and €14,067.60 |
| | To Be Paid | $3,300.00 |
| | No Proof of Delivery | $5,060.25 |
| <u>Reconciled Amount</u> | | $0.00 |

4

13.     Moreover, the Reorganized Debtors' books and records reflect a zero balance with respect to the Claims. Accordingly, each of the Claims should be disallowed and expunged in its entirety.

## Reservation Of Rights

14.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging each of the Claims in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         March 29, 2011

BUTZEL LONG, a professional corporation

By: /s/ Eric B. Fisher
    Barry N. Seidel
    Eric B. Fisher
    Katie L. Cooperman
    380 Madison Avenue, 22nd Floor
    New York, New York 10017
    (212) 818-1110

*Attorneys for Reorganized Debtors*

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | ) Case No. 05-44481 (RDD) |
| | ) Jointly Administered |
| Reorganized Debtors. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, a true and correct copy of the Reorganized Debtors' Statement of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 19720, 19721, 19722 and 19723 (FCI CONNECTORS HUNGARY GMBH, FCI KOREA LTD., AND FCI USA, INC.) was served by Fax to the following persons at the following addresses:

Jacob A. Manheimer, Esq.
Keith J. Cunningham, Esq.
PIERCE ATWOOD LLP
One Monument Squre
Portland, ME 04101
F: (207) 791-1350
*Attorneys for FCI Connectors Hungary GmbH, et al*

Dated: Detroit, Michigan            /s/ Alexis L. Richards
March 29, 2011                      Alexis L. Richards