Hearing Date: May 26, 2011 at 10 a.m. (EDT)

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

# REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 17882

## (UNION PACIFIC RAILROAD COMPANY)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 18556 (the "Statement Of Disputed Issues") filed by Union Pacific Railroad Company (the "Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively,

the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2.  On July 06, 2009, the Claimant filed proof of administrative expense claim number 17882 against Delphi asserting an administrative expense priority claim in the amount of $81,842.00 ("the Claim").

3.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4.  On January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

5. On February 17, 2010, the Claimant filed Union Pacific Railroad Company's Response to Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19453) (the "Response").

6. On March 22, 2011, the Reorganized Debtors filed the Notice Of Claim Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 17882 (Union Pacific Railroad Company) (Docket No. 21164), scheduling an evidentiary hearing on the merits of the Claim for May 26, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

## Disputed Issues

### The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claim

7. The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute the amounts asserted in the Claim. The Reorganized Debtors further assert that the Claim should be disallowed and expunged in its entirety.

8. <u>Claimant Did Not Submit Invoices Timely</u>. The Claimant failed to submit any invoices with respect to the Claim to the Reorganized Debtors within twelve months after delivering the subject goods. Therefore, pursuant to prevailing industry standards, the Reorganized Debtors are relieved from any payment obligations with respect to the Claim.

        9.       After taking into account the above-referenced deductions to the Revised Claim, the Reorganized Debtors reconciled the Claims as illustrated in the following chart:

| Amount Asserted In the Claim | | $81,842.00 |
|---|---|---|
| Modifications | Improper Submission of Invoices | $81,842.00 |
| Reconciled Amount | | $0.00 |

        10.      In sum, the Reorganized Debtors' books and records for the Claim reflect a zero balance. Accordingly, the Claim should be disallowed and expunged in its entirety.

Reservation Of Rights

        11.      This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

4

      WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
           March 29, 2011

                                      BUTZEL LONG, a professional corporation

                                      By:  /s/ Eric B. Fisher
                                              Barry N. Seidel
                                              Eric B. Fisher
                                              Katie L. Cooperman
                                      380 Madison Avenue, 22nd Floor
                                      New York, New York 10017
                                      (212) 818-1110

                                      *Attorneys for Reorganized Debtors*

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
|  | Jointly Administered |
| Reorganized Debtors. |  |

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, a true and correct copy of the Reorganized Debtors' Statement of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 17882 (Union Pacific Railroad Company) was served by Fax to the following persons at the following addresses:

Ilene J. Feldman, Esq.
325 Reef Road, Suite 105
P.O. Box 1639
Fairfield, CT 06825
F: (203) 256-3333
*Attorneys for Union Pacific Railroad Company*

Dated: Detroit, Michigan                    /s/ Alexis L. Richards
         March 29, 2011                      Alexis L. Richards