**Hearing Date: May 26, 2011 at 10 a.m. (EDT)**

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| DPH HOLDINGS CORP., *et al.,* | ) | Case No. 05-44481 (RDD) |
|  | ) | Jointly Administered |
|  | ) |  |
| Reorganized Debtors. | ) |  |

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18556**

**(CON-WAY FREIGHT, INC.)**

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 18556 (the "Statement Of Disputed Issues") filed by Con-Way Freight, Inc. (the "Claimant") and respectfully represent as follows:

<u>Background</u>

1.      On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2.    On July 13, 2009, the Claimant filed proof of administrative expense claim number 18556 against Delphi asserting an administrative expense priority claim in the amount of $101,602.55 ("Claim 18556").

3.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4.    On January 22, 2010, the Reorganized Debtors objected to Claim 18556 pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

5.    On February 17, 2010, the Claimant filed the Response of Con-Way Freight Inc. to Debtors' Objection to Administrative Expense Claim Number 18556 (Docket No.

19446) (the "Response"), in which the Claimant reduced the amount of the Claim 18556 to

$18,896.63 (the "Revised Claim," and together with Claim 18556, the "Claim").

6. On March 22, 2011, the Reorganized Debtors filed the Notice Of Claim

Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative

Expense Claim Number 18556 (Con-Way Freight, Inc.) (Docket No. 21166), scheduling an

evidentiary hearing on the merits of the Claim for May 26, 2011, at 10:00 a.m. (prevailing

Eastern time) in this Court.

<u>Disputed Issues</u>

<u>The Reorganized Debtors Do Not Owe The Amounts Asserted In The Revised Claim</u>

7. The Reorganized Debtors have reviewed the information attached to

Claim 18556 and the Response and dispute the amounts asserted in the Claim. Instead, the

Reorganized Debtors assert that the Claim should be disallowed and expunged in its entirety.

8. <u>The Debtors Fully Paid For The Parts Reflected In Certain Invoices.</u> Based

upon review of their relevant records, there are thirty-seven invoices associated with the Revised

Claim.  Twenty-four of those invoices either have been paid in full or reflect a zero balance

owing to the Claimant.  Therefore, the Revised Claim should be reduced by $13,549.42.

9. <u>Claimant Did Not Timely Submit The Remaining Invoices.</u>  The Claimant

failed to submit the remaining thirteen invoices to the Reorganized Debtors within twelve

months after delivering the subject goods; therefore, pursuant to prevailing industry standards,

the Reorganized Debtors are relieved from any payment obligations with respect to those goods.

Accordingly, the Revised Claim should be further reduced by $5,347.22.

10. After taking into account the above-referenced deductions to the Revised

Claim, the Reorganized Debtors reconciled the Claims as illustrated in the following chart:

| | |
|---|---|
| Amount Asserted In Claim 18556 | $101,602.55 |

| Modifications | Amount Asserted in Revised Claim | $18,896.63 |
|---|---|---|
| | Parts Paid In Full | $13,549.42 |
| | Improper Submission of Invoices | $5,347.22 |
| Reconciled Amount | | $0.00 |

11.     In sum, the Reorganized Debtors' books and records for the Claim reflect a zero balance. Accordingly, the Claim should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

12.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an

order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized

Debtors such other and further relief as is just.


Dated:    New York, New York
          March 29, 2011

                                        BUTZEL LONG, a professional corporation


                                        By: /s/ Eric B. Fisher
                                              Barry N. Seidel
                                              Eric B. Fisher
                                              Katie L. Cooperman
                                        380 Madison Avenue, 22nd Floor
                                        New York, New York 10017
                                        (212) 818-1110

                                        *Attorneys for Reorganized Debtors*

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DPH HOLDINGS CORP., *et al.,* | ) | Case No. 05-44481 (RDD) |
| | ) | Jointly Administered |
| | ) | |
| Reorganized Debtors. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, a true and correct copy of the Reorganized Debtors'

Statement of Disputed Issues With Respect to Administrative Expense Claim Number 18556 (CON-

WAY FREIGHT, INC.) was served by Fax to the following persons at the following addresses:

David Edelberg, Esq.
155 Polifly Road
Hackensack, New Jersey 07601
F: (201) 343-5181
*Attorneys for Con-Way Freight, Inc.*

Dated: Detroit, Michigan          /s/ Alexis L. Richards
     March 29, 2011          Alexis L. Richards