Hearing Date: May 26, 2011 at 10 a.m. (EDT)

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD)<br>Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOFS OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS 18966 AND 18967**

**(AKZO NOBEL COATINGS, INC. AND AKZO NOBEL INDUSTRIAL COATINGS MEXICO S.A.)**

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 18966 And 18967 (the "Statement Of Disputed Issues") filed by Akzo Nobel Coatings, Inc. and Akzo Nobel Industrial Coatings Mexico S.A. (the "Claimant") and respectfully represent as follows:

Background

1.   On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2. On July 15, 2009, the Claimant filed proof of administrative expense claim number 18966 ("Claim 18966") against Delphi asserting an administrative expense priority claim in the amount of $63,582.05.

3. On July 15, 2009, the Claimant filed proof of administrative expense claim number 18967 ("Claim 18967," and together with Claim 18966, the "Claims") against Delphi asserting an administrative expense priority claim in the amount of $11,461.02.

4. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

5. On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

2

6. On February 17, 2010, the Claimant filed the Response of Akzo Nobel Coatings Inc. to the Debtors' Forty-Third Omnibus Objection to Claims (Docket No. 19459) and the Response of Akzo Nobel Industrial Coatings Mexico SA de CV to the Debtors' Forty-Third Omnibus Objection to Claims (Docket No. 19460) (together, the "Response").

7. On March 22, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18966 And 18967 (Akzo Nobel Coatings, Inc. and Akzo Nobel Industrial Coatings Mexico S.A.) (Docket No. 21165), scheduling an evidentiary hearing on the merits of the Claims for May 26, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

## Disputed Issues

### The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claims

8. The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amounts asserted in the Claims. The Reorganized Debtors further assert that the Claims should be disallowed and expunged in their entirety.

9. <u>The Debtors Fully Paid For The Parts Reflected In Certain Invoices.</u> With respect to Claim 18966, based upon the Reorganized Debtors' review of the relevant records, the claimant miscalculated the amounts owed by the Debtors on invoices 62099, 65788, 66055, 67068, 67082, 67092, 67112 and 67131.  Meanwhile, the Debtors paid the correct price for the parts associated with those invoices based on the price scheme set forth in the respective purchase orders.  Therefore, $61,089.40 should be subtracted from Claim 18966.

10. <u>Satisfied Invoices Or Proofs Of Delivery Not Provided</u>. Claimant has failed to provide signed proofs of delivery with respect to the remaining invoices associated with Claim 18966.  Likewise, despite several requests from the Reorganized Debtors, Claimant has not provided proofs of delivery or copies of invoices with respect to Claim 18967.  The

3

Reorganized Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." *See* General Terms And Conditions, § 2.1. Because the Claimant has not provided these proofs of delivery, and the Debtors and the Reorganized Debtors have no record of receiving certain goods associated with the Claims, the remaining balance of the Claims should be disallowed.

11. After taking into account the above-referenced deductions to the Claims, the Reorganized Debtors reconciled the Claims as illustrated in the following chart:

| Claimant's Asserted Amount In Claims | | $75,043.07 |
|---|---|---|
| Modifications | Parts Paid In Full | $61,081.40 |
| | Proofs Of Delivery Not Provided | $13,953.67 |
| Reconciled Amount | | $0.00 |

12. Moreover, the Reorganized Debtors' books and records for the Claims reflect a zero balance. Accordingly, each of the Claims should be disallowed and expunged in its entirety.

Reservation Of Rights

13. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims

4

Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging each of the Claims in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         March 29, 2011

                                        BUTZEL LONG, a professional corporation

                                        By: /s/ Eric B. Fisher
                                            Barry N. Seidel
                                            Eric B. Fisher
                                            Katie L. Cooperman
                                        380 Madison Avenue, 22nd Floor
                                        New York, New York 10017
                                        (212) 818-1110

                                        *Attorneys for Reorganized Debtors*

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2011, a true and correct copy of the Reorganized Debtors' Statement of Disputed Issues with Respect to Proofs of Administrative Expense Claim Numbers 18966 and 18967 (AKZO NOBEL COATINGS, INC. AND AKZO NOBEL INDUSTRIAL COATINGS MEXICO S.A.) was served by Fax to the following persons at the following addresses:

Richard B. Herzog, Esq.
Byron C. Starcher, Esq.
Nelson Mullins Riley & Scarborough, LLP
201 17th Street, N.W., Suite 201
Atlanta, GA 30363
F: (404) 322-6050
*Attorneys for AKZO Nobel Coatings, Inc. &*
*AKZO Nobel Industrial Coatings Mexico S.A.*

Dated: Detroit, Michigan            /s/ Alexis L. Richards
       March 29, 2011               Alexis L. Richards

6