**Hearing Date:  May 26, 2011**
**Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

        - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
        In re                             :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
                                          :    (Jointly Administered)
                Reorganized Debtors.      :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT
TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19082
(UNITED PARCEL SERVICE)

("STATEMENT OF DISPUTED ISSUES –
UNITED PARCEL SERVICE ")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19082 (the "Statement Of Disputed Issues") filed by United Parcel Service (the "Claimant") and respectfully represent as follows:

<u>Background</u>

1.      On October 8 and 14, 2005 (the "Petition Dates"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, predecessors of the Reorganized Debtors, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York.

2.      On July 15, 2009, the Claimant filed proof of administrative expense claim number 19082 (the "Claim") against Delphi asserting an administrative expense priority claim in the amount of $81,418.34 arising from freight charges allegedly owed by the Debtors to the Claimant.

3.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi emerged from chapter 11 as DPH Holdings Corp.  Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering,

2

disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4.      On April 16, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books And Records Claims, (B) A Certain Administrative Expense Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, And (II) Modify Certain Administrative Expense Claims (Docket No. 19873) (the "Forty-Seventh Omnibus Claims Objection").

5.      On May 12, 2010, the Claimant filed the Declaration Of Wade Witt In Support Of United Parcel Service, Inc.'s Response To Reorganized Debtors' Forty-Seventh Omnibus Claims Objection (Claim No. 19082) (Docket No. 20038) (the "Response").  The Claimant attached invoices to the Response, which adjusted the amount asserted in the Claim to $74,758.98.

6.      On March 22, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19082 (United Parcel Service) (Docket No. 21168), scheduling an evidentiary hearing on the merits of the Claim for May 26, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.    <u>The Reorganized Debtors Do Not Owe The Claimant The Amounts Asserted In The
Claim</u>

   7. The Reorganized Debtors have reviewed the information attached to the
Claim and the Response and dispute the amounts asserted in the Claim.  Instead, the Reorganized
Debtors assert that the Claim should be disallowed and expunged in its entirety.

   8. <u>Certain Invoices Have Been Paid</u>.  Based upon the Debtors' various
accounts payable records, 12 of the invoices reflected in the Claim have been paid.  Therefore,
$3,497.54 should be subtracted from the amount claimed.

   9. <u>Certain Invoices Relate To Non-Debtor Entities</u>.  Based upon Delphi's
various accounts payable records, 17 of the invoices reflected in the Claim relate to amounts
which arose after October 6, 2009, which are not the responsibly of the Reorganized Debtors and
not subject to the claims process.  Therefore, $6,306.34 should be subtracted from the amount
claimed.

   10. <u>Certain Invoices Have Been Denied On Procedural Grounds</u>.  After
reducing the Claims by the amounts set forth above, the remaining $58,505.49 relates to amounts
that have been denied on procedural grounds that are customary in the ordinary course of
dealings between the parties.

   11. After taking into account the reduction of the unsupported amounts
included in the Claim, the Reorganized Debtors reconciled the Claim as illustrated in the
following chart:

4

| Claimant's Asserted Amount[1] | | $74,758.98 |
|---|---|---|
| Modifications | Paid Invoices | $3,497.54 |
| | Non-Debtor Invoices | $6,306.34 |
| | Procedurally Denied Invoices | $58,505.49 |
| Reconciled Amount | | $0.00 |

12.     Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance.  Accordingly, the Claim should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

13.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases

---

[1]     For the purposes of reconciling the Claim, the Reorganized Debtors reconciled the amount asserted in the invoices attached to the Response.  To the extent that the Claimant wishes to pursue any amounts other than those detailed in the Response, the Reorganized Debtors contend that those amounts are insufficiently documented and should be disallowed and expunged in their entirety.

for disallowance, expungement, reduction, or reclassification of the Claim and (b) the

Reorganized Debtors' right to later identify additional documentation supporting the

disallowance, expungement, reduction, or reclassification of the Claim.

    WHEREFORE the Reorganized Debtors respectfully request that this Court enter

an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized

Debtors such other and further relief as is just.


Dated: New York, New York
   March 29, 2011

          SKADDEN, ARPS, SLATE, MEAGHER
           & FLOM LLP


         By: /s/ John K. Lyons
           John Wm. Butler, Jr.
           John K. Lyons
           Ron E. Meisler
         155 North Wacker Drive
         Chicago, Illinois 60606

           - and -

         Four Times Square
         New York, New York 10036

         Attorneys for DPH Holdings Corp., et al.,
          Reorganized Debtors