Hearing Date and Time:  April 21, 2011 at 10:00 a.m. (prevailing Eastern time)
Supplemental Response Date and Time:  April 19, 2011 at 4:00 p.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
   In re                                           :     Chapter 11
:
DPH HOLDINGS CORP., et al.,            :     Case Number 05-44481 (RDD)
:
:     (Jointly Administered)
         Reorganized Debtors.             :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY TO RESPONSE OF
CLAIMANT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER
9647 FILED BY PARK ENTERPRISES OF ROCHESTER, INC. AND
SUBSEQUENTLY TRANSFERRED TO LONGACRE MASTER FUND LTD.

("SUPPLEMENTAL REPLY REGARDING
PROOF OF CLAIM NUMBER 9647)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings Corp., the "Reorganized Debtors") hereby submit the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors' Objection To Proof Of Claim Number 9647 Filed By Park Enterprises Of Rochester, Inc. And Subsequently Transferred To Longacre Master Fund Ltd. (the "Supplemental Reply"), and respectfully represent as follows:

A.  Preliminary Statement

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems, LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

2.  On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

3.  On March 24, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To (I) Debtors' Objection To Proof Of Claim Number 9647 And (II) Reorganized Debtors' Objection To Scheduled Liability Numbers 10396186 And 10402310 (Docket No. 21178) (the "Sufficiency Hearing Notice").

4.  The Reorganized Debtors filed the Sufficiency Hearing Notice and are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides

2

that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

5. By the Sufficiency Hearing Notice and pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Claims Objection Procedures Order") and the Fourteenth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered January 28, 2011 (Docket No. 21098), the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on April 21, 2011 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of proof of claim number 9647 and whether such claim states a colorable claim against the asserted Debtor.

6. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order.  <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by</u> **April 19, 2011.**

B. <u>Relief Requested</u>

7. By this Supplemental Reply, the Reorganized Debtors request entry of order disallowing and expunging a proof of claim as a duplicate of another claim filed against the Debtors in these cases.

3

C.   Duplicate Claim Filed Against The Debtors

8.   On July 12, 2006, Park Enterprises of Rochester, Inc. ("Park") filed proof of claim number 9647 against Delphi, asserting $618,507.09 for goods sold ("Claim 9647"). Claim 9647 was subsequently transferred[1] to Longacre Master Fund Ltd. ("Longacre," and together with Park, the "Claimants").

9.   On October 30, 2006, Park filed proof of claim number 16395 against DAS LLC, amending Claim 9647 to reflect DAS LLC as the proper Debtor, and increasing the asserted amount to $655,686.82 ("Claim 16935").  Claim 16395 was subsequently transferred to Longacre.

10.   The Debtors' Objection to the Claim. On February 15, 2008, the Reorganized Debtors objected to Claim 9647 pursuant to the Debtors' Twenty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Claims To Implement Cure Payments And Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 12687) (the "Twenty-Seventh Omnibus Claims Objection").

11.   Response to the Reorganized Debtors' Objection.  On March 12, 2008, Longacre filed the Response Of Longacre Master Fund Ltd. To Debtors' Twenty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain Claims To Implement Cure Payments And Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 13089), asserting that Longacre is the proper owner of Claim 9647 and Claim 16395 and that Claim 9647 cannot be disallowed prior to the resolution of Claim 16395 (the "Response").

---

[1] Although no formal notice of transfer was filed, in the Response (as defined above), Longacre claims that the rights to Claim 9647 were transferred to Longacre in connection with the transfer of Claim 16395.  This is supported by Claim 16395 itself, which states on its face that it amends Claim 9647 and is further evidence that Claim 9647 asserts duplicate liabilities as those asserted in Claim 16395.

4

D.  <u>Claimant's Burden of Proof and Standard for Sufficiency of Claim</u>

12.  The Reorganized Debtors respectfully submit that Claim 9647 fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Claimants have not proved any facts to support a right to further payment by the Reorganized Debtors on behalf of the Debtors.  Accordingly, the Reorganized Debtors' objection to Claim 9647 should be sustained and Claim 9647 should be disallowed and expunged in its entirety.

13.  The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of <u>prima facie</u> validity pursuant to Bankruptcy Rule 3001(f).  <u>In re Spiegel, Inc.</u>, No. 03-11540, 2007 WL 2456626, at *15 (Bankr. S.D.N.Y. August 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts sufficient to support the claim); <u>see also</u> <u>In re WorldCom, Inc.</u>, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); <u>In re Allegheny Int'l, Inc.</u>, 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); <u>In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113 (Bankr. D. N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); <u>In re Armstrong Finishing, L.L.C.</u>, No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered <u>prima facie</u> valid); <u>In re United Cos. Fin. Corp.</u>, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to have claim make <u>prima facie</u> case).

5

14.     For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014.  See Hr'g Tr. 52:24-53:1, Jan. 12, 2007 (Docket No. 7118).  Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, No. 1:07-CV-0148, 2010 U.S. Dist. LEXIS 29606, at *13 (N.D.N.Y. Mar. 25, 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

15.     This Court further established that the sufficiency-hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "a proof of claim executed and filed in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added).  Likewise, Bankruptcy Rule 3001(a) requires that "the proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "when a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c).  See Hr'g Tr. 52:17-22, Jan. 12, 2007.

E.      Argument Regarding the Claim

16.     During their review of the proofs of claim filed in these cases, the Reorganized Debtors determined that Claim 9647 is a duplicate of Claim 16395, asserting the same liability.  It is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor.  Indeed, on its face, Claim 16395 amends Claim 9647.  Moreover, in its Response, Longacre admits that Claim 16395 "amends and replaces" Claim 9647.  Response ¶14.

Finally, the Reorganized Debtors would not subsequently object to Claim 16395 on the basis that such Claim was untimely, but reserve all other rights, including but not limited to those rights under 11 U.S.C §502(d), with respect to Claim 16395. Therefore, this Court should enter an order disallowing and expunging Claim 9647 in its entirety.

17. Accordingly, the Reorganized Debtors assert that (a) the Claimants have not met their burden of proof to establish a claim against or interest in the Debtors, (b) Claim 9647 is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f), and (c) Claim 9647 fails to state a claim against the Reorganized Debtors under Bankruptcy Rule 7012. Because the Claimants cannot provide facts or law supporting the claim, the Twenty-Seventh Omnibus Claims Objection should be sustained as to Claim 9647, and Claim 9647 should be disallowed and expunged in its entirety.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) sustaining the objection with respect to Claim 9647, (b) disallowing and expunging Claim 9647, and (c) granting such further and other relief this Court deems just and proper.

Dated:   New York, New York
April 11, 2011

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

By:  /s/ John K. Lyons
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

   - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors