**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> DELPHI CORPORATION, et al. <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 05-44481 (RDD) <br> ) <br> ) Jointly Administered <br> ) |

Proof of Claim No.: **N/A**
Date Proof of Claim Filed: **N/A**
Amount of Claim Transferred: **$4,713,000.00**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)

**TO:   TRANSFEROR:**   **CREDIT SUISSE LOAN FUNDING LLC**
Eleven Madison Avenue, 5th Floor
New York, NY 10010
Attention: Gil Golan
Telephone: 212-325-2175
Facsimile: 212-743-4953
E-mail: Gil.Golan@credit-suisse.com

PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim No. **N/A** against Lehman Brothers Holdings Inc. in the amount of **$4,713,000.00** as evidenced by the attached Evidence of Transfer of Claim to:

**TRANSFEREE:**   **WATERSTONE MF FUND, LTD**
c/o Waterstone Capital Management, LP
2 Carlson Parkway, Suite 260
Plymouth, MN 55447
Attn: Vincent Conley
Telephone: 952-697-4127
E-mail: operations@wscm.net

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

8233875

## EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, CREDIT SUISSE LOAN FUNDING LLC ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to WATERSTONE MF FUND, LTD ("Assignee"), and Assignee hereby purchases and acquires, all of Assignor's right, title, interest, claims and causes of action in and to, or arising under or in connection with, Assignor's PBGC General Unsecured Claim (as defined in the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified) dated December 10, 2007, as modified on January 25, 2008, June 16, 2009 and July 30, 2009, hereinafter referred to as the "Plan") in the amount and only to the extent of $4,713,000.00 (the "Claim") against Delphi Corporation and certain of affiliates (n/k/a DPH Holdings Co. and certain affiliates) (the "Debtors"), in In re DPH Holdings Corp., et al., Chapter 11 Case No. 05-44481 (RDD) (jointly administered) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing Claim to such extent. Notwithstanding anything herein to the contrary, Assignor is not selling, transferring or assigning, and Assignee is not purchasing or acquiring, (i) any right, title, interest or recovery of Pension Benefit Guaranty Corporation in, to or relating to the GM PBGC Agreement (as defined in the Plan) or the consideration set forth therein, (ii) other than with respect to enforcing the Claim or the rights thereunder, any claims against any person or entity other than the Debtors which filed the Plan or (iii) rights, benefits or obligations in, to or relating to the Delphi-PBGC Settlement Agreement (as defined in the Plan) other than with respect to allowance and distributions on account of the Claim and enforcement of such allowance and distributions on account of the Claim.

Assignor hereby waives any objection to the transfer of the Claim to Assignee to the extent set forth above on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law with respect to transfer of the Claim to such extent. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim to the extent set forth above and recognizing the Assignee as the sole owner and holder of the Claim to such extent. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim to such extent, and all payments or distributions of money or property in respect of Claim to such extent, shall be delivered or made to the Assignee.

[signature page to follow]

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 18th day of April, 2011.

**CREDIT SUISSE LOAN FUNDING LLC**

By: _____
Name: Douglas DiBella
Title: Authorized Signatory

By: _____
Name: Ronald Gotz
Title: Authorized Signatory

**WATERSTONE MF FUND, LTD**

By: _____
Name:
Title:

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 18th day of April, 2011.

### CREDIT SUISSE LOAN FUNDING LLC

By:_____
Name:
Title:

By:_____
Name:
Title:

### WATERSTONE MF FUND, LTD

By:_____
Name: Jeffrey C Ers
Title: General Counsel