IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re                     :     Chapter 11
: 
DPH HOLDINGS CORP., et al.,     :     Case No. 05-44481 (RDD)
: 
           Reorganized Debtors.     :     (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

      On April 14, 2011, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via electronic notification, and (ii) upon the party listed on Exhibit B hereto via postage pre-paid U.S. mail:

1)   Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proof of Claim Number 1301 Filed by Ohio Bureau of Workers' Compensation ("Notice of Adjournment of Claims Objection Hearing as to Proof of Claim Number 1301") (Docket No. 21207) [a copy of which is attached hereto as Exhibit C]

2)   Reorganized Debtors' Objection to Motion of Tal-Port Industries, LLC for Allowance of an Administrative Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) and, in the Alternative, for Leave to File a Late Administrative Expense Claim Pursuant to Bankruptcy Rule 9006(b) ("Objection to Tal-Port Industries, LLC's Motion to File Late Claim") (Docket No. 21208) [a copy of which is attached hereto as Exhibit D]

      On April 14, 2011, I caused to be served the document listed below upon the parties listed on Exhibit E hereto via overnight mail:

3)   Notice of Adjournment of Claims Objection Hearing with Respect to Debtors' Objection to Proof of Claim Number 1301 Filed by Ohio Bureau of Workers' Compensation ("Notice of Adjournment of Claims Objection Hearing as to Proof of Claim Number 1301") (Docket No. 21207) [a copy of which is attached hereto as Exhibit C]

On April 14, 2011, I caused to be served the document listed below upon the parties listed on <u>Exhibit F</u> hereto via overnight mail:

4) Reorganized Debtors' Objection to Motion of Tal-Port Industries, LLC for Allowance of an Administrative Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) and, in the Alternative, for Leave to File a Late Administrative Expense Claim Pursuant to Bankruptcy Rule 9006(b) ("Objection to Tal-Port Industries, LLC's Motion to File Late Claim") (Docket No. 21208) [a copy of which is attached hereto as <u>Exhibit D</u>]

Dated: April 18, 2011

*/s/ Darlene Calderon*<br>Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 18th day of April, 2011, by Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: *  /s/ Michelle Cruz*

Commission Expires: *  1/2/14*

2

# EXHIBIT A

DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Deborah L. Thorne Kathleen L. Matsoukas | One N Wacker Drive | Suite 4400 | Chicago | IL | 60606 | 312-357-1313 | dthorne@btlaw.com kmatsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Delphi Automotive Systems LLP | Sean Corcoran Karen Craft David M. Sherbin | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com david.sherbin@delphi.com | Delphi Automotive Systems LLP |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com rweiss@honigman.com | Counsel to General Motors Corporation |
| Ruskin Moscou Faltischek PC | Jeffrey A. Wurst, Esq. | 1425 RXR Plaza | 15th Floor | Uniondale | NY | 11556 | 516-663-6535 | jwurst@rmfpc.com | |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Weil, Gotshal & Manges LLP | Harvey R. Miller Robert J. Lemons | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com robert.lemons@weil.com | Counsel to General Motors Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Christina M. Padien | 2029 Centure Park East | Suite 2400 | Los Angeles | CA | 90067 | | 310-229-1000 | cpadien@akingump.com | Counsel to Wamco, Inc. |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alliance for Sustainable Energy LLC | National Renewable Energy Laboratory | Jim Martin Senior Attorney | 1617 Golden Blvd MS 1734 | Golden | CO | 80401 | | 303-384-7497 | jim.martin@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | Damon R Leichty | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | damon.leichty@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | David M. Powlen | 1000 N West Street | Suite 1200 | Wilmington | DE | 19801 | | 302-888-4536 | david.powlen@btlaw.com | Counsel to Howard County, Indiana |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Deborah L. Thorne | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | deborah.thorne@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | jgregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America; Continental AG and Affiliates |
| Barnes & Thornburg LLP | Kathleen L. Matsoukas | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | kathleen.matsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions); Howard County, Indiana |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Sarah Quinn Kuhny | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | sarah.kuhny@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting Corporation |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Bingham McCutchen LLP | Kate K Simon | One State Street | | Hartford | CT | 06103 | | 860-240-2700 | kate.simon@bingham.com | Counsel to Sumitomo Corporation and Sumitomo Corp. of America |
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrylser Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mark Pfeiffer | 50 S. 16th St Ste 3200 | | Philadelphia | PA | 19102 | | 215-665-8700 | mark.pfeiffer@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | Peter S. Russ | 620 Eighth Ave | 23rd Floor | New York | NY | 10018 | | 212-440-4400 | peter.russ@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Butzel Long | Cynthia J. Haffey | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-983-7434 | haffey@butzel.com | Counsel to Delphi Corporation |
| Butzel Long | Donald V. Orlandoni | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-225-7063 | orlandoni@butzel.com | Counsel to Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Dephi Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Cantor Colburn LLP | Michael J Rye | 20 Church Street | 22nd Floor | Hartford | CT | 06103-3207 | | 860-286-2929 | mrye@cantorcolburn.com | Patent Counsel to Delphi Corporation et al., Debtors and Debtors-in-Possession |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Areospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Company; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Ralco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 5 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Drinker Biddle & Reath LLP | David B. Aaronson | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | david.aaronson@dbr.com | Counsel to Penske Truck Leasing Co., L.P. and Quaker Chemical Corporation |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com mreed@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1547 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Robert D. Nachman | 10 South Wacker Drive | Suite 2300 | Chicago | IL | 60606 | | 312-876-1700 | rnachman@dykema.com | Counsel to MJ Celco, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital Fund LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Ann Marie Uetz | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | auetz@foley.com | Counsel to PBR Tennessee |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | John R. Trentacosta Katherine R. Catanese | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jtrentacosta@foley.com kcatanese@foley.com | Counsel to Kautex Inc. |
| Fox Rothschild LLP | Brian Isen | 1301 Atlantic Avenue | | Atlantic City | NJ | 08401 | | 609-348-2294 | bisen@foxrothschild.com | Counsel to M&Q Plastic Products L.P. |
| Fox Rothschild LLP | Fred Stevens | 100 Park Avenue | 15th Floor | New York | NY | 10017 | | 212-878-7900 | fstevens@foxrothschild.com | Counsel to Southwest Metal Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Frost Brown Todd LLC | Ronald E. Gold | 2200 PNC Center | 201 East Fifth Street | Cincinnati | OH | 45202-4182 | | 513-651-6156 | rgold@fbtlaw.com | Counsel to AKS Receivables, LLC |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2500 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 7 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13241-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Intermet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haskell Slaughter Young & Rediker LLC | Robert H. Adams | 2001 Park Place North | Suite 1400 | Birmingham | AL | 35203 | | 205-251-1000 | rha@hsy.com | Counsel to Simco Construction, Inc. |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 8 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hodgson Russ LLP | Garry M. Graber | The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo | NY | 14202-4040 | | 716-856-4000 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation; Unifrax I LLC f/k/a Unifrax Corporation |
| Hodgson Russ LLP | James C. Thoman | The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo | NY | 14202-4040 | | 716-856-4000 | jthoman@hodgsonruss.com | Counsel to Unifrax I LLC f/k/a Unifrax Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Hogan Lovells US LLP | Matthew P Morris | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | matthew.morris@hoganlovells.com | Counsel to TESA AG |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | I. W. Winsten, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7608 | iww@honigman.com | Counsel to Affina Group Holdings Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Avenue | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Avenue | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Wiliams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |
| Ice Miller LLP | Henry A. Efroymson | One American Square | 29th Floor | Indianapolis | IN | 46482 | | 317-236-2397 | henry.efroymson@icemiller.com | Counsel to Fin Machine Co. Ltd |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 9 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Karel S. Karpe P.C. d/b/a KarpeLaw | Karel S. Karpe | 44 Wall Street | 12th Floor | New York | NY | 10005 | | 212-461-2250 | kkarpe@karpelaw.com | Counsel to United Parcel Service |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 10 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kerr Russell & Weber PLC | James E. DeLine | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | jed@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| Kerr Russell & Weber PLC | Patrick Warren Hunt | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | pwh@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | David Spiegel | 300 North LaSalle | | Chicago | IL | 60654 | | 312-862-2000 | david.spiegel@kirkland.com | |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Kramer Levin Naftalis & Frankel LLP | Jordan D Kaye | 1177 Avenue of the Americas | | New York | NY | 10036 | | 212-715-9489 | jkaye@kramerlevin.com | Counsel to HP Enterprise Services, LLC; Vishay Americas Inc. |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 11 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Krieg Devault LLP | Lawrence W. Schmits Esq. | One Indiana Square, Suite 2800 | | Indianapolis | IN | 46204 | | 317-238-6271 | lschmits@kdlegal.com | Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee |
| Krieg Devault LLP | Patricia L. Beaty Esq | One Indiana Square, Suite 2800 | | Indianapolis | IN | 46204 | | 317-636-4341 | pbeaty@kdlegal.com | Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@kutchinrufo.com | Counsel to Parlex Corporation |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert. Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississipy; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etkin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississipy; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, Personal Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuireWoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuireWoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuireWoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller; JAE Electronics, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | pjricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Moses & Singer LLP | James M. Sullivan Esq. | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-554-7800 | jsullivan@mosessinger.com | Counsel to The Timken Corporation |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | l.moore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| Nixon Peabody LLP | Victor G. Milione Christopher M. Desiderio | 437 Madison Ave | | New York | NY | 10022 | | 212-940-3000 | cdesiderio@nixonpeabody.com vmilione@nixonpeabody.com | Counsel to Corning Inc., Corning Incorporated, and Corning |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 51 West 52nd Street at 6th Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Penachio Malara LLP | Anne Penachio | 235 Main Street | Suite 600A | White Plains | NY | 10601 | | 914-946-2889 | apenachio@pmlawllp.com | Counsel to UVA Machine Company and its successors by acquisition |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Quarles & Brady LLP | Valerie L. Bailey-Rihn Esq | 33 E Main St Ste 900 | | Madison | WI | 53703 | | 608-283-2407 | valerie.bailey-rihn@quarles.com | Counsel to Charter Manufacturing Co., Charter Mfg. Co. Inc., Charter Steel and Milwaukee Wire Products |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 18 of 22

4/15/2011 8:13 PM
Email (395)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.l. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Michael R Wernette | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | mwernette@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | shellie@schaferandweiner.com rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Autommotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to Ie Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5615 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| SNR Denton US LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and United Plastics Group |
| SNR Denton US LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| SNR Denton US LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stinson Morrison Hecker LLP | Nicholas J Zluticky | 1201 Walnut Street | Suite 2900 | Kansas City | MO | 64106 | | 816-691-3278 | nzluticky@stinson.com | Counsel to ThyssenKrupp Waupaca, Inc. |
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Stutman Treister & Glatt Professional Corporation | Christine M. Pajak Eric D. Goldberg Isaac M. Pachulski Esq Jeffrey H Davidson Esq | 1901 Avenue of the Stars | 12th Floor | Los Angeles | CA | 90067 | | 310-228-5600 | cpajak@stutman.com egoldberg@stutman.com ipachulski@stutman.com jdavidson@stutman.com | Counsel to CR Intrinsic Investors, LLC, Elliot Associates, L.P., Highland Capital Management, L.P. |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Michaelson Law Firm | Robert N Michaelson | 11 Broadway Ste 615 | | New York | NY | 10004 | | 212-604-0685 | rnm@michaelsonlawfirm.com | Counsel to NXP Semiconductors USA, Inc. |
| The Timken Corporation BIC - 08 | Michael Hart | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | michael.hart@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@thompsoncoburn.com | Counsel to Aluminum International, Inc. |
| Thompson Hine LLP | Jennifer L Maffett | 2000 Courthouse Plaza NE | 10 W Second St | Dayton | OH | 45402 | | 937-443-6600 | Jennifer.Maffett@ThompsonHine.com | Counsel to Rieck Group, LLC n/k/a Mechanical Construction Managers, LLC |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Todtman Nachamie Spizz & Johns PC | Janice B. Grubin | 425 Park Avenue | 5th Floor | New York | NY | 10022 | | 212-754-9400 | jgrubin@tnsj-law.com | Counsel to Vanguard Distributors, Inc. |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers St 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov Joseph.Cordaro@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO | David Jury, Esq. | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vedder Price PC | Stephanie K Hor Chen | 222 N LaSalle St Ste 2600 | | Chicago | IL | 60601 | | 312-609-7786 | schen@vedderprice.com | Counsel to The Intec Group, Inc. |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 22 of 22

4/15/2011 8:13 PM
Email (395)

# EXHIBIT B

DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | Counsel to United States Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/15/2011 8:29 PM
Post-Emergence Master Service List 110329.xlsx US Mail (1)

# EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING WITH
RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER 1301
FILED BY OHIO BUREAU OF WORKERS' COMPENSATION

("NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING AS TO
PROOF OF CLAIM NUMBER 1301")

PLEASE TAKE NOTICE that on June 22, 2009, Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors"), predecessors of DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors") objected to proof of claim number 1301 (the "Proof of Claim") filed by the Ohio Bureau of Workers' Compensation pursuant to the Debtors' Thirty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To (I) Expunge (A) Certain Pension And OPEB Claims, (B) Certain Individual Workers' Compensation Claims, (C) Certain Duplicate And/Or Amended Individual Workers' Compensation Claims, (D) Certain Untimely Individual Workers' Compensation Claims, (E) A Secured Books And Records Claim, And (F) Certain Untimely Claims, (II) Modify Certain (A) Wage And Benefit Claims, (B) State Workers' Compensation Claims, And (C) Individual Workers' Compensation Claims Asserting Priority, (III) Provisionally Disallow Certain Union Claims, And (IV) Modify And Allow Certain Settled Claims (Docket No. 17182).

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing,

2

objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the

Debtors and making distributions (if any) with respect to all Claims and Interests."

PLEASE TAKE FURTHER NOTICE that pursuant to the Notice Of

Adjournment Of Claims Objection Hearing With Respect To Debtors' Objection To Proof Of

Claim Number 1301 Filed By Ohio Bureau Of Workers' Compensation (Docket No. 21117), the

evidentiary hearing (the "Claims Objection Hearing") on the merits of the Proof of Claim was

scheduled for April 21, 2011, at 10:00 a.m. (prevailing Eastern time) in the United States

Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118,

White Plains, New York 10601-4140.

PLEASE TAKE FURTHER NOTICE that pursuant to paragraph 9(a)(ii) of the

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II)

Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order") and the Fourteenth Supplemental

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II)

Certain Notices And Procedures Governing Objections To Claims (Docket No. 21098), the

Claims Objection Hearing is hereby adjourned to June 23, 2011, at 10:00 a.m. (prevailing

Eastern time).

3

Dated:    New York, New York
          April 14, 2011

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP


By:  /s/ John K. Lyons
     John Wm. Butler, Jr.
     John K. Lyons
     Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606


     - and -


Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

# EXHIBIT D

**Hearing Date And Time:  April 21, 2011 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
      In re                         :    Chapter 11
                                        :
DPH HOLDINGS CORP., et al.,             :    Case No. 05-44481 (RDD)
                                        :
                                        :    (Jointly Administered)
      Reorganized Debtors.          :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' OBJECTION TO MOTION OF TAL-PORT INDUSTRIES, LLC
FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. §
503(B)(1)(A) AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A LATE
ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO BANKRUPTCY RULE 9006(B)

("OBJECTION TO TAL-PORT INDUSTRIES, LLC'S
MOTION TO FILE LATE CLAIM")

DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession (collectively, the "Debtors"), hereby object (the "Objection") to the Motion Of Tal-Port Industries, LLC For Allowance Of An Administrative Claim Pursuant To 11 U.S.C. § 503(b)(1)(A) And, In The Alternative, For Leave To File A Late Administrative Expense Claim Pursuant To Bankruptcy Rule 9006(b) (Docket No. 21195) (the "Motion"), dated April 1, 2011, filed by Tal-Port Industries, LLC ("Tal-Port"), and respectfully represent as follows:

<u>Preliminary Statement</u>

1.      On or before June 20, 2009, the Debtors caused ten copies of the Notice Of Bar Date For Filing Proofs Of Administrative Expense (the "June 2009 Notice") to be served on Tal-Port.  The June 2009 Notice stated that July 15, 2009 was the deadline for asserting an Administrative Expense Claim[1] for the period from the commencement of these chapter 11 cases through June 1, 2009 (the "Initial Administrative Claim Bar Date").  In its Motion, Tal-Port does not dispute that it received the June 2009 Notice and that it had actual knowledge of the Initial Administrative Claims Bar Date.  Moreover, the invoices for which Tal-Port seeks payment range from September 20, 2007 to May 8, 2008.  (Motion ¶ 5.)  Yet Tal-Port waited until more than three months after the Initial Administrative Claim Bar Date to file its claim and twenty months after the Initial Administrative Claim Bar Date to request permission from this Court to file a late Administrative Expense Claim.  Tal-Port, however, offers no evidence that would excuse its late filing under the excusable neglect standard outlined by the U.S. Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 391-92 (1993), and as

---

[1]    Capitalized terms not defined in this Preliminary Statement are defined below.

applied by the United States Court of Appeals for the Second Circuit (the "Second Circuit").  See,

e.g., Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115,

122-24 (2d Cir. 2005) (interpreting and applying Pioneer standard).

2.    Although the Second Circuit has held that the reason for the delay is the

most important factor under the Pioneer analysis, Tal-Port argues that the reason for its delay is

because the Debtors failed "to locate the applicable records" for Tal-Port prior to the Initial

Administrative Claim Bar Date.  (Motion ¶ 10.)  Specifically, Tal-Port asserts that it failed to

timely file its Administrative Claim because "Delphi could not ascertain the location of . . .

missing [shipping and receiving] records and could not determine with certainty the shipments

from Tal-Port to the Mission, Texas [warehouse] facility which had been paid for and which

shipments had not been paid."  (Motion ¶ 4.)  In other words, Tal-Port appears to concede that

the reason for its delay in filing its Administrative Expense Claim was a calculated decision to

wait for information from the Debtors and not the result of neglect at all.  Notably, when Tal-

Port did file its Administrative Expense Claim months later, it was based on invoices Tal-Port

had in its possession since May 2008.

3.    Even if the reason for the delay was neglect, Tal-Port's rationale for

ignoring the Initial Administrative Claim Bar Date and filing its claim "after several failed

attempts by Tal-Port to ascertain the location of the shipment and payment records" (Motion ¶ 5)

does not address why it chose to ignore the plain language of the June 2009 Notice.  Moreover,

there is no merit to the argument that a claimant's strategic decision to ignore a court-approved

bar date constitutes excusable neglect unless a chapter 11 debtor has first provided records to a

claimant supporting its claim.  See Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

3007 (I) Denying United States Of America's Motion For Leave To File Late Claim And (II)

Disallowing And Expunging Proof Of Claim Number 16727, at Ex. A p. 2, Mar. 6, 2008 (Docket

No. 12980) (citing <u>Pioneer</u>, 507 U.S. at 387-88), <u>aff'd</u> Mar. 24, 2009 (Docket No. 16515).  Tal-Port's explanation for why the delay was not within its control is refuted by the record in this case–Tal-Port did indeed file a claim, and the Motion, without documentation provided by Delphi.  Tal-Port's failure to file a timely Administrative Expense Claim was a conscious and willful decision, and was, at a minimum, without excusable neglect.

4.      Furthermore, Tal-Port contends that its failure to file such a claim until three months after the Initial Administrative Claim Bar Date "does not present a significant delay that would impact these proceedings in any way."  (Motion ¶ 13.)  Permitting Tal-Port to file a late Administrative Expense Claim at this late stage in the process would encourage other claimants in a similar position to come forward, resulting in significant prejudice to the Reorganized Debtors who possess limited resources to satisfy such claims.  This is especially true where, as here, Tal-Port argues that it was unable to timely file its claim or prosecute this Motion due to the Reorganized Debtors' "inability to locate vital and applicable records." (Motion ¶ 14.)

5.      Tal-Port presents no valid reason for the delay and its failure to timely submit an Administrative Expense Claim was entirely within its control.  Specifically, the addresses to which copies of the June 2009 Notices were sent included the business addresses the Debtors knew were used by Tal-Port.  Notwithstanding this ample and legally sufficient notice of the Initial Administrative Claim Bar Date, Tal-Port did not take any action to submit a timely Administrative Expense Claim.

6.      Accordingly, Tal-Port has not met its burden to establish excusable neglect.  Because of its failure to timely file an Administrative Expense Claim, Tal-Port is forever barred, estopped, and enjoined from asserting an Administrative Expense Claim against the Debtors.  (<u>See</u> Modification Procedures Order ¶ 38; Modified Plan Article 10.5; Modification

4

Approval Order ¶ 47.)  Accordingly, this Court should not permit Tal-Port to file a late

Administrative Expense Claim and the Motion should be denied.

Background

B.    Tal-Port's Relationship With Delphi

7.    As described in paragraphs 2-4 of the Motion, Tal-Port entered into a

business relationship with Delphi prior to the October 8, 2005 petition date in these chapter 11

cases (the "Petition Date").  Tal-Port "produced certain automotive components at its Yazoo,

Mississippi facility which were then picked up by Delphi transports and delivered to a warehouse

facility in Mission, Texas leased by Tal-Port."  (Motion ¶ 2.)

8.    Tal-Port asserts that it filed for chapter 11 protection in the United States

Bankruptcy Court for the Southern District of Mississippi on November 3, 2008 and, following

its bankruptcy filing, "began efforts to collect on past-due invoices from a number of entities,

including Delphi."  (Motion ¶¶ 3-4.)

C.    Bar Date For § 503(b) Claims Arising Through June 1, 2009

9.    On June 16, 2009, this Court entered the Modification Procedures Order

which, among other things, authorized the Debtors to commence solicitation of votes on their

proposed modifications to their first amended joint plan of reorganization (the "Proposed

Modifications"), established July 15, 2009 as the Initial Administrative Claim Bar Date,[2] and

---

[2]    The Initial Administrative Claim Bar Date was established pursuant to paragraph 38 of the Order (A)(I)
Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related
Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To
Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date
And Alternative Transaction Hearing Date, entered by this Court on June 16, 2009 (Docket No. 17032) (the
"Modification Procedures Order").  On July 15, 2009, this Court entered the Stipulation And Agreed Order
Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date
(Docket No. 18259) to provide that paragraph 38 of the Modification Procedures Order should be amended to
require parties to submit an Administrative Expense Claim Form (as defined below) for Administrative Expense
Claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1,
2009.

5

included a form to be used to submit an administrative expense claim (an "Administrative

Expense Claim Form").[3]  Accordingly, paragraph 38 of the Modification Procedures Order

provided that:

> Any party that wishes to assert an administrative claim under 11
> U.S.C. § 503(b) for the period from the commencement of these
> cases through June 1, 2009 shall file a proof of administrative
> expense (each, an "Administrative Expense Claim Form") for the
> purpose of asserting an administrative expense request, including
> any substantial contribution claims (each, an "Administrative
> Expense Claim" or "Claim") against any of the Debtors.  July 15,
> 2009 at 5:00 p.m. prevailing Eastern time shall be the deadline for
> submitting all Administrative Expense Claims (the "Administrative
> Expense Bar Date") for the period from the commencement of
> these cases through June 1, 2009.

(Modification Procedures Order ¶ 38.)  In addition, paragraph 41 of the Modification Procedures

Order provides that:

> Any party that is required but fails to file a timely Administrative
> Expense Claim Form shall be forever barred, estopped and
> enjoined from asserting such claim against the Debtors, and the
> Debtors and their property shall be forever discharged from any
> and all indebtedness, liability, or obligation with respect to such
> claim.

(Id. at ¶ 41.)

       10.     On or before June 20, 2009, the Debtors, through KCC, served Tal-Port

with a copy of the June 2009 Notice by first class mail at each of the ten addresses listed below:

| Tal Port Industries LLC<br>2003 Gordon Ave<br>RMT CHG 04 01 04 X7567<br>Yazoo City, MS 39194 | Tal Port Industries LLC<br>2003 Gordon Ave<br>Yazoo City, MS 39194 |
| --- | --- |

---

[3]   On June 20, 2009, in accordance with the Modification Procedures Order, the Debtors caused the claims and
noticing agent in these chapter 11 cases, Kurtzman Carson Consultants LLC ("KCC"), and Financial Balloting
Group LLC or their agents to transmit notices containing certain procedures for asserting an Administrative
Expense Claim and a copy of the Administrative Expense Claim Form.

| Tal Port Industries LLC<br>Ecology Tek<br>8 Industrial Rd<br>Prentiss, MS 39474 | Tal Port Industries LLC<br>PO Box 1253<br>Prentiss, MS 39474-1253 |
|---|---|
| Tal Port Industries LLC<br>PO Box 16089<br>Hattiesburg, MS 39404-6089 | Tal Port Industries LLC<br>3 Parklane Blvd Ste 1220W<br>Dearborn, MI 48126 |
| Tal Port Industries LLC<br>Richard Montague<br>PO Box 1970<br>Jackson, MS 39215-1970 | Tal Port Industries LLC<br>Warren R Graham Esq<br>Davidoff Malito & Hutcher LLP<br>605 Third Ave<br>New York, NY 10158 |
| Tal Port LLC<br>PO Box 1253<br>Prentiss, MS 39474-1253 | Tal Port LLC<br>Accounts Payable<br>PO Box 1253<br>Prentiss, MS 39474 |

See Affidavit Of Service Of Evan Gershbein For Solicitation Materials Served On Or Before June 20, 2009, dated June 23, 2009 (Docket No. 17267), the relevant portions of which are attached hereto as Exhibit A.

11.    The June 2009 Notice provides, in relevant part, that

You must file an Administrative Expense Claim Form if you believe that you are entitled to an Administrative Expense Claim as described in 11 U.S.C. § 503, except as provided below.

\*\*\*

**ANY PARTY THAT IS REQUIRED BUT FAILS TO FILE AN ADMINISTRATIVE EXPENSE CLAIM FORM IN ACCORDANCE WITH THIS NOTICE ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND REORGANIZED DEBTORS, AS APPLICABLE, AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS, LIABILITY, OR OBLIGATION WITH RESPECT TO SUCH CLAIM.**

(See Docket No. 17267 Ex. J.)

D.    <u>Substantial Consummation Of The Modified Plan</u>.

12.    On July 30, 2009, this Court entered its Order Approving Modifications

Under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II)

Confirmation Order (Docket No. 12359) (Docket No. 18707) (the "Modification Approval

Order"), which approved the Debtors' Proposed Modifications (the "Modified Plan").

On October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the Modified

Plan.  The Reorganized Debtors have emerged from chapter 11 as DPH Holdings and affiliates

and remain responsible for the post-Effective Date administration of these chapter 11 cases,

including the disposition of certain retained assets, the payment of certain retained liabilities as

provided for under the Modified Plan, and the eventual closing of the cases.

E.    <u>Tal-Port's Untimely Administrative Expense Claim</u>

13.    On October 27, 2009, Tal-Port filed its untimely administrative expense

request under 11 U.S.C. § 503(b) (the "Administrative Expense Claim") in the amount of

$89,459.02 for invoices "ranging in date from September 20, 2007 and continuing until May 8,

2008."  (Motion ¶ 5.)  On January 22, 2010, the Reorganized Debtors filed their Forty-Third

Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge

Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C)

Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented

Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I)

Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative

Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims

(Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), which, among other things,

objected to the Administrative Expense Claim on the basis that the claim was not reflected in the

Reorganized Debtors' books and records.

14.      Upon further review of the Administrative Expense Claim, the

Reorganized Debtors identified the claim as untimely.  In accordance with this Court's

procedures, the Reorganized Debtors filed a Notice Of Deadline To File Motion For Leave To

File Late Administrative Expense Claim With Respect To Late Administrative Expense Claim

Filed By Tal-Port Industries, LLC (Administrative Expense Claim No. 19804) (Docket No.

21162) (the "Notice of Deadline").  The Notice of Deadline stated that if Tal-Port wished to

further prosecute its Administrative Expense Claim, Tal-Port must file a motion by April 1, 2011.

F.      Filing Of The Tal-Port Motion

15.      On April 1, 2011, more than twenty months after the Initial

Administrative Claim Bar Date and seventeen months after the Effective Date, Tal-Port filed its

Motion seeking a determination that the failure to timely file an Administrative Expense Claim

was the result of excusable neglect and asking this Court to permit a late filed Administrative

Expense Claim.

Argument

G.      Tal-Port Received Adequate Notice Of The Initial Administrative Claim Bar Date

16.      In its Motion, Tal-Port does not dispute that it received the June 2009

Notice setting forth the Initial Administrative Claim Bar Date.  And although Tal-Port did check

the box on its Administrative Expense Claim Form indicating that it had never received notices

in the Debtors chapter 11 cases, not only did Tal-Port submit a reclamation demand in these

cases,[4] but a copy of the June 2009 Notice was served at the same PO box identified on the

---

[4]      On October 14, 2005, the law firm of Davidoff Malito & Hutcher LLP sent a reclamation demand on behalf of
Tal-Port to the Debtors asserting a reclamation claim in the amount of $76,952.04 (the "Reclamation Demand")
*(cont'd)*

9

untimely Administrative Expense Claim Form and at nine other addresses.  Accordingly, the

Debtors provided adequate service of the June 2009 Notice.[5]

17.    Tal-Port was therefore obligated to file any administrative expense request

for claims arising before June 1, 2009 by the applicable July 15, 2009 bar date, in accordance

with the procedures referenced in the Modification Procedures Order and Modification Approval

Order, or else it would be barred, estopped, and enjoined from asserting those claims against the

Reorganized Debtors.  Accordingly, this Court should deny the Motion.

H.    Tal-Port Has Failed To Meet Its Burden Of Proof For Establishing Excusable Neglect

18.    Because Tal-Port received proper notice of the Initial Administrative

Claim Bar Date, Tal-Port can obtain the relief requested in the Motion only if it meets its burden

to establish excusable neglect pursuant to Bankruptcy Rule 9006(b)(1).  See In re R.H. Macy &

Co., Inc., 161 B.R. 355, 360 (Bankr. S.D.N.Y. 1993) ("the burden of proving 'excusable neglect'

is on the creditor seeking to extend the bar date"); see also In re Dana Corp., 2007 WL 1577763,

at *3 (Bankr. S.D.N.Y. 2007) (finding that the excusable neglect analysis applies to

administrative expense claims under section 503); In re DPH Holdings Corp., Hr'g Tr. at 44-45,

August 20, 2009[6] ("given the practice of treating claims and disputes related to missed bar dates

for administrative claims the same way as the courts treat missed bar dates for pre-petition

_____
*(cont'd from previous page)*
on account of goods sold to the Debtors prior to the Petition Date.  (See Reclamation Demand, Docket No. 259.)
The Reclamation Demand demanded reclamation of goods pursuant to Section 2-702 of the UCC and 11 U.S.C.
§ 546(c) of the Bankruptcy Code and, in the alternative, demanded "a priority claim or lien in the amount of
$76,952.04."  (Reclamation Demand ¶ 3.)  Tal-Port and its counsel who submitted the Reclamation Demand
was served with a total of ten copies of the notice establishing the Initial Administrative Claim Bar Date.

[5]    As discussed above, Tal-Port was served with the June 2009 Notice.  Because the Debtors served copies of the
Notices on Tal-Port directly, the Debtors' mailing of the June 2009 Notice was proper and legally sufficient.
Courts uniformly presume that an addressee receives a properly mailed item when the sender presents proof that
it is properly addressed, stamped, and deposited in the mail.  See, e.g., Hagner v. U.S., 285 U.S. 427, 430 (1932)
("The rule is well settled that proof that a letter properly directed was placed in a post office creates a
presumption that it reached its destination in usual time and was actually received by the person to whom it was
addressed.").

[6]    A copy of the relevant portion of the August 20, 2009 hearing transcript is attached hereto as Exhibit B.

10

claims, I find . . . those cases . . . to be appropriate here, and for all intents and purposes on all fours.").

19.     Under <u>Pioneer</u>, courts must engage in a two-prong analysis.  <u>Mich. Self-Insurers' Security Fund v. DPH Holdings Corp.</u> (In re DPH Holdings Corp.), 434 B.R. 77, 82 (S.D.N.Y. 2010) (citing <u>Pioneer</u>, 507 U.S. at 388, 395).  First, a creditor must first show that its failure to file a timely claim was the result of "'neglect,' as opposed to willfulness or a knowing omission."  Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I) Denying United States Of America's Motion For Leave To File Late Claim And (II) Disallowing And Expunging Proof Of Claim Number 16727, at Ex. A p. 2, Mar. 6, 2008 (Docket No. 12980) (citing <u>Pioneer</u>, 507 U.S. at 387-88), <u>aff'd</u> Mar. 24, 2009 (Docket No. 16515).  Second, the creditor "must show by a preponderance of the evidence that the neglect was 'excusable.'"  <u>Id.</u>

20.     Under the present circumstances, it does not appear that Tal-Port can satisfy even the first prong of the <u>Pioneer</u> test.  Specifically, Tal-Port argues that the reason for the delay in filing its Administrative Expense Claim was that Tal-Port decided to wait for the Debtors to provide documentation to Tal-Port.[7]  (Motion ¶¶ 4-5, 14.)  Assuming this is the case, then Tal-Port's failure to file a timely claim was the result of a willful or knowing omission—its decision to allow the bar date to pass in the hopes that the Debtors would provide documentation to Tal-Port in support of its claims prior to the bar date—as opposed to "neglect."  The strategic decision to allow the Initial Administrative Claim Bar Date to pass therefore cannot support a claim of excusable neglect.

21.     Even if Tal-Port were able to demonstrate that its failure to timely file an administrative expense claim was the result of neglect, Tal-Port has not met its burden for

---

[7]     Although Tal-Port asserts that the reason for its delay in filing its Administrative Expense Claim was due to waiting for the Debtors to provide documentation to Tal-Port, the earliest e-mail referenced in the Motion dates from February 2011, over 18 months after the Initial Administrative Claim Bar Date.  (Motion Ex. C.)

establishing that the neglect was excusable under the test outlined by the United States Supreme

Court in Pioneer, 507 U.S. 380, 395 (1993).  In examining whether a creditor's failure to file a

claim by the bar date constituted excusable neglect, the Supreme Court found that the factors

include "[a] the danger of prejudice to the debtor, [b] the length of the delay and its potential

impact on judicial proceedings, [c] the reason for the delay, including whether it was within the

reasonable control of the movant, and [d] whether the movant acted in good faith." Id. at 395.

The Second Circuit has held the most important factor is the reason for the delay, including

whether it was within the reasonable control of the movant. In re Enron Corp., 419 F.3d at 122-

24 (2d Cir. 2005).  As this Court has consistently ruled on motions under Bankruptcy Rule

9006(b)(1) seeking leave to file an untimely proof of claim, a movant must first show that its

failure to file a timely claim constituted "neglect," as opposed to willfulness or a knowing

omission.  Then, a movant must show by a preponderance of the evidence that the neglect was

"excusable." See, e.g., Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 (I)

Denying United States Of America's Motion For Leave To File Late Claim And (II) Disallowing

And Expunging Proof Of Claim Number 16727, entered March 6, 2008 (Docket No. 12980) at

Ex. A p. 2 (citing Pioneer), aff'd March 24, 2009 (Docket No. 16515).

      22.    Although the third factor of the Pioneer test – the reason for the delay – is

often dispositive, in this case three factors weigh in favor of the Reorganized Debtors: the reason

for the delay, the prejudice to the Reorganized Debtors, and the length of the delay.  Accordingly,

Tal-Port fails to meet the excusable neglect standard and the Motion should be denied.

(i)    Reason For The Delay

      23.    In the Second Circuit, the reason for the delay is the most important factor

and is often dispositive. See In re Enron Corp., 419 F.3d at 122-24; In re Musicland Holding

Corp., 356 B.R. 603, 608 (Bankr. S.D.N.Y. 2006) (noting that the Second Circuit emphasizes the

reason for the delay in determining excusable neglect and stating that, "[t]he other factors are relevant only in close cases" (citing Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 415-16 (2d Cir. 2004))).

24.    Tal-Port argues that the reason for the delay in filing its Administrative Expense Claim was "not within the reasonable control of Tal-Port" because the Debtors did not provide Tal-Port with documentation supporting its claim.  (Motion ¶ 14.)  Yet Tal-Port was able to file its Administrative Expense Claim after the Initial Administrative Claim Bar Date without any of the records it believes to be in the possession of the Reorganized Debtors, based on invoices in Tal-Port's possession since May 2008.  (Motion ¶ 5.)  Tal-Port's proffered reason for the delay, therefore, not only shows that the reason for Tal-Port's delay in filings its claim was not due to neglect, but also that the reason for the delay was entirely within its control.

25.    Courts in the Second Circuit have "taken a hard line" in applying the Pioneer test and focus on the reason for the delay, including whether it was within the reasonable control of the movant.  Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003). "[T]he equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule [and] where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test."  In re Enron Corp., 419 F.3d at 122-23.  Accordingly, because Tal-Port has not provided a valid reason for its delay in filing an Administrative Expense Claim, this factor weighs heavily in favor of the Reorganized Debtors.

(ii)    Danger Of Prejudice To The Debtor

26.    Allowing Tal-Port to file a late claim more than seventeen months after the consummation of the Modified Plan will prejudice the Reorganized Debtors as well as other creditors in these cases who filed timely administrative expense claims.  Allowing untimely claims at this time may open the floodgates to any potential claimant who failed to file an

13

administrative expense claim on or before the applicable administrative claim bar date.  Courts

often have recognized the danger of opening the floodgates to potential claimants.  See, e.g., In

re Enron Corp., 419 F.3d at 132 n. 2 ("courts in this and other Circuits regularly cite the potential

'flood' of similar claims as a basis for rejecting late-filed claims"); In re Kmart Corp., 381 F.3d

709, 714 (7th Cir. 2004) (noting that if court allowed all similar late-filed claims, "Kmart could

easily find itself faced with a mountain of such claims"); In re Enron Creditors Recovery Corp.,

370 B.R. 90, 103 (Bankr. S.D.N.Y. 2007) ("'[I]t can be presumed in a case of this size with tens

of thousands of filed claims, there are other similarly-situated potential claimants. . . . Any

deluge of motions seeking similar relief would prejudice the Debtors' reorganization process.'"

(citation omitted)); In re Dana Corp., 2007 WL 1577763, at *6 ("the floodgates argument is a

viable one").  Accordingly, Tal-Port's argument that their $89,459.02 claim does not prejudice

the Reorganized Debtors because the amount of the claim is minimal compared to the overall

amount of the administrative expenses and would not "disrupt any completed plan or economic

model upon which such plan was completed" is without merit.  (Motion ¶ 12.)

       27.     The Initial Administrative Claim Bar Date was established to identify

administrative expense claims that would be paid pursuant to the terms of the Modified Plan.

Allowing Tal-Port to prevail on the Motion may inspire many other similarly situated potential

claimants to file similar motions.  Any potential claimant who, by its own error, failed to file a

timely administrative expense claim may seek to follow Tal-Port's lead.  Accordingly,

establishing a precedent for allowing untimely claims without a compelling justification would

greatly prejudice the Reorganized Debtors, their estates, and their creditors and undermine the

Debtors' restructuring efforts.

(iii)    <u>Length Of The Delay</u>

28.    Finally, the length of the delay also favors denying Tal-Port's Motion.

Given that Tal-Port apparently had all the information included in its untimely Administrative

Expense Claim by May 2008, it was aware of its Administrative Claim at that time, well in

advance of the Initial Administrative Claim Bar Date.  Furthermore, Tal-Port failed to file an

Administrative Expense Claim until after the Effective Date, and did not seek leave of this Court

to file an untimely claim for more than twenty months after the applicable bar date.

29.    The Second Circuit has adopted a "strict" standard in the area of excusable

neglect, <u>Asbestos Personal Injury Plaintiffs v. Travelers Indem. Co.</u>  (In re Johns-Manville

Corp.), 476 F.3d 118, 120 (2d Cir. 2007).  Although Tal-Port waited months to file its claim and

more than twenty months to file its Motion, Tal-Port characterizes this as a "short delay."

However, Courts considering excusable neglect in this jurisdiction have characterized delays of

six months as "substantial." <u>See</u> <u>In re Dana Corp.</u>, 2007 WL 1577763, at *5 (citing <u>In re Enron

Corp.</u>, 419 F.3d at 125 (delay of more than six months after bar date was "substantial")).  Indeed,

a delay of only one day may be inexcusable.  <u>In re Singer Co.</u>, No. M-47, 2002 WL 10452, at *3

(S.D.N.Y. Jan. 3, 2002) ("Although the Union's miscalculation as to the appropriate appeals

deadline was in good faith and resulted in only one day's delay, not every minor error can or

should be excused.  Compliance with deadlines is not a game of horseshoes; close doesn't

count.").  Accordingly, this factor also weighs in favor of the Reorganized Debtors and further

supports denying the Motion.

<u>Conclusion</u>

30.    Tal-Port has failed to provide any evidence of circumstances justifying the

extraordinary relief it seeks under the excusable neglect standard under <u>Pioneer</u> and has not met

15

its burden for establishing excusable neglect.  The Motion should, therefore, be denied and the

untimely Administrative Expense Claim disallowed and expunged.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) denying the Motion, and (b) granting them such other and further relief as is just.


Dated: New York, New York
April 14, 2011

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By: /s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

- and –

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :

      In re                       :      Chapter 11

                           :

DELPHI CORPORATION, et al.,     :      Case No. 05-44481 (RDD)

                           :

                Debtors.   :      (Jointly Administered)

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

       I, Evan Gershbein, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Debtors in the above-captioned cases. I submit this Affidavit in connection with the service of the solicitation materials for the **First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified)** [Docket No. 17030] ("the Plan").

       On December 1, 2005, the Court signed and entered an Order Pursuant to 28 U.S.C. § 156(c) Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims, Noticing and Balloting Agent for Clerk of Bankruptcy Court [Docket No. 1374] designating KCC as the official Balloting Agent.

       KCC is charged with the duty of printing and distributing Solicitation Packages to creditors and other interested parties pursuant to the instructions set forth in the **Order (A)(I) Approving Modifications to Debtors' First Amended Plan of Reorganization (as Modified) and Related Disclosures and Voting Procedures and (II) Setting Final Hearing Date to Consider Modifications to Confirmed First Amended Plan of Reorganization and (B) Setting Administrative Expense Claims Bar Date and Alternative Transaction Hearing Date ("Modification Procedures Order")** [Docket No. 17032] ("Modification Procedures Order") as entered by the Court on June 16, 2009.

       The various solicitation materials consist of the following documents:

1) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class A Secured Claims) ("Class A Ballot") (attached hereto as Exhibit A);

2) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Class C-1 General Unsecured Claims) ("Class C-1 Ballot") (attached hereto as Exhibit B);

3) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization
of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-
Possession (As Modified) (Class C-2 Pension Benefit Guaranty Corporation
Claims) ("Class C-2 Ballot") (attached hereto as <u>Exhibit C</u>);

4) Ballot for Accepting or Rejecting First Amended Joint Plan of Reorganization
of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-
Possession (As Modified) (Class D General Motors Corporation Claim) ("Class
D Ballot") (attached hereto as <u>Exhibit D</u>);

5) Notice of (1) Approval of Supplement; (2) Hearing on Modifications to Plan;
(3) Deadline and Procedures for Filing Objections to Modifications of Plan; (4)
Deadline and Procedures for Temporary Allowance of Certain Claims for
Voting Purposes; (5) Treatment of Certain Unliquidated, Contingent, or
Disputed Claims for Noticing, Voting, and Distribution Purposes; (6) Record
Date; (7) Voting Deadline for Receipt of Ballots; and (9) Proposed Releases,
Exculpation, and Injunction in Modified Plan ("Final Modification Hearing
Notice") (attached hereto as <u>Exhibit E</u>);

6) a letter from the Delphi Corporation Official Committee of Unsecured
Creditors ("Creditors' Committee Letter") (attached hereto as <u>Exhibit F</u>);

7) First Amended Disclosure Statement Supplement with Respect to First
Amended Plan of Reorganization (As Modified), Modification Procedures
Order and December 10, 2007 Solicitation Procedures Order, in CD-ROM
format ("CD-ROM")

8) Notice of Non-Voting Status with Respect to Certain Claims and Interests
("Notice of Non-Voting Status") (attached hereto as <u>Exhibit G</u>);

9) Notice to Unimpaired Creditors of (I) Filing of Proposed Modified Plan of
Reorganization, (II) Treatment of Claims Under Modified Plan, (III) Hearing
on Approval of Modified Plan, and (IV) Deadline and Procedures for Filing
Objections Thereto ("Unimpaired Notice") (attached hereto as <u>Exhibit H</u>);

10) a memorandum from Kurtzman Carson Consultants to additional notice parties
of ballot recipients ("Ballot Notice Party Memo") (attached hereto as <u>Exhibit I</u>);

11) Notice of Bar Date for Filing Proofs of Administrative Expense
("Administrative Bar Date Notice") (attached hereto as <u>Exhibit J</u>); and

12) Administrative Expense Claim Form ("Administrative Expense Claim Form")
(attached hereto as <u>Exhibit K</u>).

On or before June 20, 2009, I caused to be served a personalized Class A Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on <u>Exhibit L</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-1 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the parties listed on <u>Exhibit M</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class C-2 Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on <u>Exhibit N</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served a personalized Class D Ballot, Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice, Administrative Expense Claim Form and a pre-addressed, postage pre-paid return envelope upon the party listed on <u>Exhibit O</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit P</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit Q</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Unimpaired Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit R</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Notice of Non-Voting Status, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit S</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Creditors' Committee Letter, CD-ROM, Ballot Notice Party Memo, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on <u>Exhibit T</u> via postage pre-paid U.S. mail.

On or before June 20, 2009, I caused to be served the Final Modification Hearing Notice, Administrative Bar Date Notice and Administrative Expense Claim Form upon the parties listed on Exhibit U via postage pre-paid U.S. mail.

Dated: June 23, 2009

_____
Evan Gershbein

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 23rd day of June, 2009, by Evan Gershbein, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature _____

Commission Expires: _10-1-09_

L. MAREE SANDERS
Commission # 1610322
Notary Public - California
Los Angeles County
My Comm. Expires Oct 1, 2009

4

# EXHIBIT U

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| MANUFACTURAS METALICAS Y LAMINADAS | | EJE VIAL JUAN GABRIEL NO 4470 | | | | CIUDAD JUAREZ | CHI | 32659 | MX |
| MANUFACTURAS METALICAS Y LAMINADAS | | FRACC JARUDO DEL NORTE | | | | CIUDAD JUAREZ | CHI | 32659 | MX |
| MANUFACTURAS PHILLIPS | | SCREW SA | POLIGONO INDUSTRIAL EITUA SN | 48240 BERRIZ BIZKAIA | | | | | SPAIN |
| MANUFACTURAS PHILLIPS  EFT SCREW SA | | POLIGONO INDUSTRIAL EITUA SN | 48240 BERRIZ BIZKAIA | | | | | | SPAIN |
| MANUFACTURAS PHILLIPS SCREW SA | | POLIGONO EITUA INDUSTRIALDEA | 48 | | | BERRIZ OLAKUETA | | 48240 | ES |
| MANUFACTURAS PHILLIPS SCREW SA | | MAFISA | CTRA DE BILBAO 77 | POL IND EITRA | | BERRIZ VIZCAYA | | 48240 | SPAIN |
| MANUFACTURAS PHILLIPS SCREW SA | | MAFISA | EITRA | | | BERRIZ VIZCAYA | | 48240 | SPAIN |
| MANUFACTURAS PHILLIPS SCREW SA | | MAFISA | EITRA C | TRA DE BILBAO 77 | | BERRIZ VIZCAYA | | 48240 | SPAIN |
| MANUFACTURAS PHILLIPS SCREW SA | | POLIGONO EITUA INDUSTRIALDEA 63 | | | | BERRIZ | 48 | 48240 | ES |
| MANUFACTURAS ZAPALINAME SA DE | | TAL PORT INDUSTRIES LLC | CARRETERA SALTILLO ZACATECAS K | PARQUE INDSTUSTRIAL LA ANGOST | | SALTILLO | | 25086 | MEXICO |
| MANUFACTURAS ZAPALINAME SA DE CV | | CARRETERA SALTILLO ZACATECAS KM 4 5 | | | | SALTILLO | COA | 25086 | MX |
| MANUFACTURAS ZAPALINAME SA DE CV | | KM 4 5 CARRETERA SALTILLO ZACATECAS | | | | SALTILLO | CZ | 25086 | MX |
| MANUFACTURERS & TRADERS TR CO | MARYLOU WYROBEK | ONE M & T PLAZA | | | | BUFFALO | NY | 14203 | |
| MANUFACTURERS ALLIANCE | | 1525 WILSON BLVD STE 900 | | | | ARLINGTON | VA | 22209-2411 | |
| MANUFACTURERS ALLIANCE | | MAPI INC | 1600 WILSON BLVD STE 1100 | | | ARLINGTON | VA | 22209-2594 | |
| MANUFACTURERS ALLIANCE GROUP | MIKE BALDWIN | 1535 OAK INDUSTRIAL LN | | | | CUMMING | GA | 30041 | |
| MANUFACTURERS ALLIANCE MAPI | | INC | 1600 WILSON BLVD STE 1100 | ADD CHG 03 11 05 AH | | ARLINGTON | VA | 22209-2594 | |
| MANUFACTURERS AND TRADERS TR CO | MARYLOU WYROBEK | ONE M AND T PLAZA | | | | BUFFALO | NY | 14203 | |
| MANUFACTURERS BRUSH CORP | | 69 KING ST | | | | DOVER | NJ | 07801 | |
| MANUFACTURERS BRUSH CORP | C/O REVENUE MANAGEMENT | ONE UNIVERSITY PLZ STE 312 | | | | HACKENSACK | NJ | 07601 | |
| MANUFACTURERS EQUIPMENT & EFT | | SUPPLY | PO BOX 387 | 2401 LAPEER RD | | FLINT | MI | 48501-0387 | |
| MANUFACTURERS EQUIPMENT & EFTSUPPLY | | 2401 LAPEER RD | | | | FLINT | MI | 48503-4350 | |
| MANUFACTURERS EQUIPMENT & SUPPLY | | PO BOX 67000 DEPT 271901 | | | | DETROIT | MI | 48267-2719 | |
| MANUFACTURERS EQUIPMENT & SUPPLY CO | | 2401 LAPEER RD | | | | FLINT | MI | 48503-435 | |
| MANUFACTURERS EQUIPMENT AND | CUST SERVICE | 2401 LAPEER RD | PO BOX 387 | | | FLINT | MI | 48501-0387 | |
| MANUFACTURERS INDUSTRIAL GROUP | | 450 MIG DR | | | | LEXINGTON | TN | 38351 | |
| MANUFACTURERS LIFE INS CO | | 3030 N ROCKY POINT DR W | STE 760 | | | TAMPA | FL | 33607 | |
| MANUFACTURERS NEWS INC | | | | | | EVANSTON | IL | 60201-1569 | |
| MANUFACTURERS NEWS INC | LINDA MCCANN | 1633 CENTRAL ST | | | | EVANSTON | IL | 60201-1569 | |
| MANUFACTURERS NEWS INC | LINDA MCCANN | 1633 CENTRAL ST | UPTD PER GOI 05 17 05 GJ | | | EVANSTON | IL | 60201-1569 | |
| MANUFACTURERS OF EMISSION | | 1660 L ST NW | STE 1100 | | | WASHINGTON | DC | 20036-5603 | |
| MANUFACTURERS OF EMISSION | | CONTROLS ASSOCIATION | 1660 L ST NW STE 1100 | | | WASHINGTON | DC | 20036-5603 | |
| MANUFACTURERS PRODUCTS | | 22555 E 11 MILE RD | | | | ST CLR SHORES | MI | 48081-1385 | |
| MANUFACTURERS PRODUCTS CO | | 22555 E 11 MILE RD | | | | ST CLR SHORES | MI | 48081-1385 | |
| MANUFACTURERS PRODUCTS CO | | 26020 SHERWOOD AVE | | | | WARREN | MI | 48091-1252 | |
| MANUFACTURERS PRODUCTS CO EFT | | 26352 LAWRENCE | | | | CENTER LINE | MI | 48015-1268 | |
| MANUFACTURERS PRODUCTS CO EFT | | 22555 E 11 MILE RD | | | | ST CLR SHORES | MI | 48081-1385 | |
| MANUFACTURERS PRODUCTS CO EFT | | 26352 LAWRENCE | | | | CENTER LINE | MI | 48015-1268 | |
| MANUFACTURERS SERVICE INC | | 9715 KLINGERMAN ST | | | | | CA | 91733 | |
| MANUFACTURERS SERVICES | | INDUSTRIES INC AKA MSI INC | 19041 TAYLOR LAKE RD | | | HOLLY | MI | 48442-8998 | |
| MANUFACTURERS SERVICES INDUSTR | | MSI | 19041 TAYLOR LAKE RD | | | HOLLY | MI | 48442 | |
| MANUFACTURERS SERVICES INDUSTR | | MSI | 2519 BRANCH RD | | | FLINT | MI | 48506 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|---|
| TAKATA INC RESTRAINT SYSTEMS | | DEPT 77625 | PO BOX 77000 | | | DETROIT | MI | 48277 | |
| TAKATA PETRI | | BAHNWEG 1 | 637 ASCHAFFENBURG | | | GERMANY | | | |
| TAKATA PETRI | RODGER D YOUNG & STEVEN SUSSER | | | | | | | | |
| TAKATA PETRI AG | | C/O YOUNG & SUSSER | 26200 AMERICAN DR | STE 305 | | SOUTHFIELD | MI | 48034 | |
| TAKATA PETRI AG | | BAHNWEG 1 | D-63743 ASCHAFFENBURG | | | WHITE RUSSIA | | | |
| TAKATA PETRI AG | | BAHNWEG 1 | D 63743 ASCHAFFENBURG | | | WHITE RUSSIA | | | BELARUS |
| TAKATA PETRI AG | | PETRI | BAHNWEG 1 | | | ASCHAFFENBURG | | 63743 | GERMANY |
| TAKATA PETRI AG | OLIVER ARMAS ESQUIRE | THACHER PROFFITT & WOOD | 11 WEST 42ND ST | | | NEW YORK | NY | 10036 | |
| TAKATA PETRI AG | RODGER D YOUNG ESQ | YOUNG & SUSSER PC | 26200 AMERICAN DR | STE 305 | | SOUTHFIELD | MI | 48034 | |
| TAKATA PETRI AG | TOM CRANMER | MIRO WEINER & KRAMER | | | | BLOOMFIELD HILLS | MI | | |
| TAKATA PETRI GMBH | ACCOUNTS PAYABLE | LISE MEITNER STRASSE 3 | | | | ULM | | 89081 | GERMANY |
| TAKATA PETRI INC | | PO BOX 67000 DEPT 268901 | | | | DETROIT | MI | 48267-2689 | |
| TAKATA PETRI INC | | 422 GALLIMORE DAIRY RD | | | | GREENSBORO | NC | 27409-9725 | |
| TAKATA PETRI INC | | PO BOX 67000 DEPT 268901 | | | | DETROIT | MI | 48267-2689 | |
| TAKATA PETRI PARTS POLSKA SP ZOO | ACCOUNTS PAYABLE | UL BETLEJEMSKA 16 | | | | KRZESZOW | | 58-405 | POLAND |
| TAKATA RESTRAINT SYSTEMS INC | | 629 GREEN VALLEY RD | | | | GREENSBORO | NC | 27408 | |
| TAKATA RESTRAINT SYSTEMS INC | | TAKATA AIRBAG GROUP | PO BOX 67000 DEPT 267001 | ADD CHG PER LTR 07 28 05 LC | | DETROIT | MI | 48267-2670 | |
| TAKATA RESTRAINT SYSTEMS INC TAKATA AIRBAG GROUP | | PO BOX 67000 DEPT 267001 | | | | DETROIT | MI | 48267-2670 | |
| TAKATA SEATBELT INC | ACCOUNTS PAYABLE | 4611 WISEMAN BLVD | | | | SAN ANTONIO | TX | 78251 | |
| TAKATA TK HOLDINGS INC | TODD MCCURRY | 629 GREEN VALLEY RD | | | | GREENSBORO | NC | 27401 | |
| TAKE A LABEL INC | | 16900 POWER DR | AD CHG PER GOI 04 11 05 GJ | | | NUNICA | MI | 49448 | |
| TAKENS WILLIAM | | 2666 INDIAN RIDGE NE | | | | GRAND RAPIDS | MI | 49505-3932 | |
| TAKK INDUSTRIES | | QUANTUMLINK | 8665 E MIAMI RIVER RD | | | CINCINNATI | OH | 45247 | |
| TAKK INDUSTRIES INC | | 8665 EAST MIAMI RIVER RD | | | | CINCINNATI | OH | 45247 | |
| TAKROURI TINA | | 17 WESTERN ST | | | | JAMESTOWN | OH | 45335 | |
| TAKUMI STAMPING INC | | 8945 SEWARD RD | | | | FAIRFIELD | OH | 45011 | |
| TAKUMI STAMPING INC | | 8945 SEWARD | | | | FAIRFIELD | OH | 45011-9109 | |
| TAKUMI STAMPING INC EFT | | 8945 SEWARD | | | | FAIRFIELD | OH | 45011-9109 | |
| TAKUMI STAMPING INC EFT | | 8955 SEWARD RD | | | | FAIRFIELD | OH | 45011 | |
| TAL MATERIALS INC | | 712 STATE CIRCLE | | | | ANN ARBOR | MI | 48108 | |
| TAL PORT INDUSTRIES LLC | | 2003 GORDON AVE | RMT CHG 04 01 04 X7567 | | | YAZOO CITY | MS | 39194 | |
| TAL PORT INDUSTRIES LLC | | 2003 GORDON AVE | | | | YAZOO CITY | MS | 39194 | |
| TAL PORT INDUSTRIES LLC | | ECOLOGY TEK | 8 INDUSTRIAL RD | | | PRENTISS | MS | 39474 | |
| TAL PORT INDUSTRIES LLC | | PO BOX 1253 | | | | PRENTISS | MS | 39474-1253 | |
| TAL PORT INDUSTRIES LLC | | PO BOX 16089 | | | | HATTIESBURG | MS | 39404-6089 | |
| TAL PORT INDUSTRIES LLC | | 3 PARKLANE BLVD STE 1220W | | | | DEARBORN | MI | 48126 | |
| TAL PORT INDUSTRIES LLC | RICHARD MONTAGUE | PO BOX 1970 | | | | JACKSON | MS | 39215-1970 | |
| TAL PORT INDUSTRIES LLC | WARREN R GRAHAM ESQ | DAVIDOFF MALITO & HUTCHER LLP | 605 THIRD AVE | | | NEW YORK | NY | 10158 | |
| TAL PORT LLC | | PO BOX 1253 | | | | PRENTISS | MS | 39474-1253 | |
| TAL PORT LLC | ACCOUNTS PAYABLE | PO BOX 1253 | | | | PRENTISS | MS | 39474 | |
| TALADA, CARL | | 460 E CRONK RD | | | | OWOSSO | MI | 48867 | |
| TALAGA RODGER | | 5737 2 MILE RD | | | | BAY CITY | MI | 48706-3125 | |
| TALANI, DENNIS | | 41 SAGEBRUSH LN | | | | LANCASTER | NY | 14086 | |
| TALARICO MELISSA | | 325 PORTSIDE CIRCLE | 13 | | | PERRYSBURG | OH | 43551 | |
| TALARICO MICHAEL | | 555 TRINWAY | | | | TROY | MI | 48098 | |
| TALASKI, MATTHEW | | PO BOX 192 | | | | OWENDALE | MI | 48754 | |
| TALBERT CAROL | | 4041 PEBBLE LN | | | | RUSSIAVILLE | IN | 46979 | |
| TALBERT LISA | | 924 BURLEIGH AVE | | | | DAYTON | OH | 45407 | |
| TALBERT PEGGY | | 423 MIRAGE DR | | | | KOKOMO | IN | 46901 | |
| TALBERT ROBERT | | 924 BURLEIGH | | | | DAYTON | OH | 45407 | |
| TALBERT ROY | | 3001 DOVE | | | | MISSION | TX | 78572 | |
| TALBERT SHERYL B | | 4048 COLTER DR | | | | KOKOMO | IN | 46902-4486 | |
| TALBERT, CAROL S | | 4041 PEBBLE LN | | | | RUSSIAVILLE | IN | 46979 | |
| TALBERT, CHARLES | | 1409 WOODMERE | | | | BAY CITY | MI | 48708 | |
| TALBOT CASE | | YUWA PARTNERS | MARUNOUCHI MITSUI BUILDING | 2 2 2 MARUNOUCHI | | CHIYODA KU TOKYO | | 100-0005 | |
| TALBOT ERIN | | 999 S WOODCOCK RD | | | | MIDLAND | MI | 48640 | |
| TALBOT JAMES W | | 88 NEWFIELD DR | | | | ROCHESTER | NY | 14616 | |
| TALBOT MICHELLE S | | 18402 E 99TH CT N | | | | OWASSO | OK | 74055 | |
| TALBOT THOMAS | | 2020 S 7 MILE RD | | | | MIDLAND | MI | 48640-8306 | |
| TALBOT, KYLE | | 11185 MARSHALL RD | | | | BIRCH RUN | MI | 48415 | |
| TALBOTT STEVEN | | 303 LETTINGTON AVE | | | | ROCHESTER | NY | 14624 | |
| TALBOTT TIMOTHY D | | 3931 EAGLE POINT DR | | | | BEAVERCREEK | OH | 45430-2086 | |
| TALBOTT TOWER | | 1230 TALBOTT TOWER | | | | DAYTON | OH | 45402 | |
| TALBOTT, STEVEN | | 303 LETTINGTON AVE | | | | ROCHESTER | NY | 14624 | |
| TALCOTT REALTY I LP | | C/O GRIFFIN COADD CHG 10 97 | 3800 W 80TH ST STE 920 | | | BLOOMINGTON | MN | 55431 | |

# Exhibit B

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481-rdd

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, et al.,


        Debtors.



- - - - - - - - - - - - - - - - - - - -x


                U.S. Bankruptcy Court

                One Bowling Green

                New York, New York


                August 20, 2009

                10:20 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

13

1    additional fact that would, I think, be implicated in the

2    litigation in that one of the principal OEMs that received the

3    CD players was General Motors, and General Motors waived a

4    substantial portion of their warranty claims in connection with

5    all the settlements that we had --

6              THE COURT:  So that would --

7              MR. BUTLER:  -- or dealt with.

8              THE COURT:  -- that would greatly reduce the fifteen

9    million in claims damages.

10             MR. BUTLER:  Arguably, Your Honor, it would.  I mean,

11   you know, you'd get in -- I think you'd get into an argument

12   about fungibility at the time, but that's what 9019 is designed

13   for us to assess.

14             THE COURT:  Right.

15             MR. BUTLER:  And, ultimately, the judgment reached was

16   this -- the settlements before Your Honor seem to be an

17   appropriate disposition of this litigation under these

18   circumstances.

19             THE COURT:  Okay.

20             Does anyone have anything to say on this motion?

21             All right, for the reasons stated in the motion, I'll

22   approve it as clearly a fair and reasonable settlement.

23             MR. BUTLER:  Your Honor, matter number 7 on the agenda

24   is the motion of Plymouth Rubber Company, LLC seeking to have

25   an administrative claim that was filed fifteen days after the

1    bar date to be deemed timely filed, at docket number 18714.

2    And counsel's here to present the motion.

3        THE COURT:  Okay.

4        MR. VINCEQUERRA:  Good morning, Your Honor.  James

5    Vincequerra, Duane Morris, for Plymouth Rubber Company, LLC.

6    I'll explain in a minute why I'm emphasizing the LLC.  With me

7    today is Kara Zaleskas from my -- Duane Morris' Boston office.

8        As a matter of housekeeping, Your Honor, Ms. Zaleskas

9    filed a pro hac vice motion approximately two weeks ago.  I

10   don't believe I saw the order on the docket yet.  I would just

11   ask, to the extent she is required to appear here --

12       THE COURT:  That's fine.  That's granted.

13       MR. VINCEQUERRA:  Thank you very much, Your Honor.  A

14   number of -- a lot of trees were killed in the filings in

15   connection with this matter.  We raise no less than five issues

16   as to why -- or reasons why our claim should be deemed timely

17   or should otherwise be -- or the new admin claims bar date

18   should not be deemed to apply to our claim.

19       I'm really going to focus here on two of the issues:

20   the improper notice issue first and then, to the extent that

21   Your Honor finds that the new bar date does apply to the claims

22   of Plymouth Rubber Company, LLC, the excusable -- the

23   components of excusable neglect.

24       I'll leave the balance of the arguments in our papers

25   with regard to the technicalities of the amended admin bar

15

1    date, or the new admin bar date, the efficacy of that

2    admitted -- or modification order and the informal notice to

3    our papers.  I think they're argued fairly clearly there.

4             THE COURT:  The informal proof-of-claim argument?

5             MR. VINCEQUERRA:  Yes, that's right.

6             THE COURT:  Okay.

7             MR. VINCEQUERRA:  I apologize.  I'll leave those to my

8    papers and reserve any statements on those for rebuttal to the

9    extent we deem it's necessary.

10            As an initial matter, do you have any questions about

11   the papers, Your Honor?  I'd be happy to answer them.

12            THE COURT:  Well, I've reviewed them, so -- I guess

13   the issue on whether it's Inc. or LLC, to my mind, is -- it

14   seems to me it's a non-issue because it was actually received

15   by the claimant, right?  It was received?

16            MR. VINCEQUERRA:  It was received the day after the

17   bar date.

18            THE COURT:  Well, no, I mean it was received by the

19   individual who forwarded it on.

20            MR. VINCEQUERRA:  Well, really, the -- I mean, the

21   point we're getting to is proper notice, I would imagine.  And

22   a couple of points.  The debtor to points to 2002(g) and

23   service on LLC first through the law firm Burns and Levinson

24   and then at the former address of the Plymouth Rubber, Inc.

25   entity.  A couple of points here, Your Honor.  Service was made

16

1    pursuant to outdated -- you know, an outdated claims --

2    outdated exhibit-and-schedules lists and based on a claim that

3    was filed by a different entity.  Service was effected on

4    counsel for a different entity.  Burns and Levinson LLC, which

5    makes up a bulk of the notice argument, never represented the

6    LLC entity.  I mean, and it's important to understand --

7         THE COURT:  Was there any -- is there anything in the

8    record about notice of Plymouth Rubber Company Inc.'s Chapter

9    11 case and reorganization by --

10        MR. VINCEQUERRA:  Delphi actively participated in that

11   case, Your Honor.

12        THE COURT:  How do I know that?

13        MR. VINCEQUERRA:  Excuse me?

14        THE COURT:  How do I know that?  Or will they

15   acknowledge that?

16        MR. VINCEQUERRA:  Well, I can't imagine they won't

17   acknowledge it, Your Honor, as they filed stipulations in that

18   case as well as, I believe, a claim.

19        THE COURT:  When did the plan confirm?

20        MR. VINCEQUERRA:  Plymouth Rubber Inc. confirmed its

21   plan and emerged from bankruptcy on August 31st, 2006.  And

22   maybe I should back up a little bit, Your Honor, and give you a

23   little bit of a time line here because that may be helpful.

24        THE COURT:  I mean, I know they sued LLC.

25        MR. VINCEQUERRA:  That -- you know, that's the rub

1    here, Your Honor.  They served the objection -- the notice of

2    the new bar date on Inc. at seven different locations, or five

3    different locations, wherever it -- however many it was, served

4    counsel for Inc.  Burns and Levinson has never represented the

5    reorganized debtor, and -- but they got it right when they

6    wanted to sue the new entity under the new purchase order.

7           THE COURT:  But, again, Mr. Collins forwarded this

8    notice on to LLC, right?

9           MR. VINCEQUERRA:  Well, you're right, Your Honor,

10   they --

11          THE COURT:  And he was acting as LLC's agent, wasn't

12   he?

13          MR. VINCEQUERRA:  Right, as part of the wind-down

14   staff.  And if --

15          THE COURT:  Okay.

16          MR. VINCEQUERRA:  -- if Your Honor is -- you know,

17   wants it moved forward to the excusable neglect argument, which

18   I think is also a very good argument, I don't think the notice

19   was proper there.  I think, you know -- at footnote 3 of their

20   objection is very telling.  They note that for the purposes of

21   their objection they presume that LLC is the successor-in-

22   interest to Inc.  I'm not aware of any case law that says you

23   can get the benefit of that assumption for notice requirements

24   under an --

25          THE COURT:  But, again --

1          MR. VINCEQUERRA:  -- under an admin --

2          THE COURT:  -- Mr. Collins made the same presumption,

3     right?  He sent the notice on to LLC?

4          MR. VINCEQUERRA:  He did send it on, there's -- we do

5     not contest that fact.

6          THE COURT:  Okay.

7          MR. VINCEQUERRA:  So if you have no other questions

8     for me on the proper notice -- we don't contest the fact that

9     Mr. Collins did receive actual notice -- I can move on to

10    excusable neglect.

11         THE COURT:  Okay.

12         MR. VINCEQUERRA:  Debtors don't contest two components

13    of excusable neglect:  They don't contest that the -- regarding

14    the length of delay or Plymouth Rubber's good faith.  So,

15    really all that we're left with, Your Honor, is the prejudice

16    requirement and the reason for delay.

17         Mr. Butler indicated that a proof of claim was filed

18    fifteen or sixteen days after the bar date.  That's technically

19    true.  We alerted -- well, we alerted counsel for the debtor

20    the day after the bar date, asking them to deem the claim

21    timely filed; that's reflected in Ms. Zaleskas' affidavit.

22         But to get to the point of excusable neglect, Your

23    Honor, what happened here is really a perfect storm for my

24    client.  The prior entity, the Inc. entity, will have business

25    relationships with Delphi as a result of the Delphi bankruptcy

19

1    and things that happened which, to be quite honest with you, my

2    firm was not involved with.  They went into bankruptcy and

3    reorganized.  When they emerged from bankruptcy, they had new

4    equity, substantially new officers and directors, effectively a

5    new entity; entered into a new purchase order agreement with

6    Delphi on January 30th, 2008.  About nine months after that,

7    that's approximately a year and a half after, they emerged from

8    bankrupt -- the reorganized debtor emerged from bankruptcy.

9         Approximately nine months after entry into that

10   purchase order, Delphi sued Plymouth Rubber Company, LLC in

11   Michigan for breach of the contract, for breach of the purchase

12   order agreement.  Plymouth Rubber Company, LLC counterclaimed,

13   and that's the basis of our -- those are the bases of our --

14   that's the basis of our admin claims.

15        Six days after Delphi sued Yongel (ph.) -- the Yongel

16   Company, another -- a supplier of Plymouth Rubber Company also

17   sued Plymouth Rubber Company, LLC.  And in that case as well,

18   Plymouth Rubber Company filed counterclaims both against Yongel

19   and Delphi.

20        Both those cases were consolidated for mediation

21   purposes and they're in global mediation.  The -- as a result

22   of the lawsuits from their principal buyer and their principal

23   supplier, Plymouth Rubber Company, LLC started its own line

24   down in October of 2008 and approximately three months after

25   that laid of all of its employees.  And that's where we have,

20

1   you know, the sole employee of the debtor, Mr. Collins.

2        So, you know, it's important to remember -- oh, let me

3   jump -- I'm sorry, excuse me, Your Honor, let me jump to the

4   portions of excusable neglect that are in dispute:  reason for

5   delay.  We laid out some of these facts because, I mean,

6   clearly there is a legitimate reason for Plymouth Rubber

7   Company, LLC's one-day delay in providing notice to the debtors

8   with regard to their admin claim.

9        THE COURT:  I guess my one issue with that is why

10  didn't Mr. Collins open the envelopes?

11       MR. VINCEQUERRA:  Why did he open the envelopes?

12       THE COURT:  Why didn't he?

13       MR. VINCEQUERRA:  Why didn't he?

14       THE COURT:  Right.  I mean, he got them on the 9th.

15  He put them -- it doesn't say this, but I guess one can infer

16  that he didn't open them, he put them in another envelope and

17  mailed them to Mr. -- it begins with an S, let me get the right

18  name -- Mr. Schultz.

19       MR. VINCEQUERRA:  Yes, that's right.  His name is --

20       THE COURT:  I don't understand why he didn't open the

21  envelopes, because they weren't received by Mr. Schultz until

22  six days later.  I mean, particularly if he'd been waiting --

23  if they'd been -- you know, if he only checks the P.O. box

24  every two weeks, I don't understand why he wouldn't have opened

25  the envelopes.

21

1        MR. VINCEQUERRA:  Well, I mean, it's not in his

2   papers, Your Honor, and anything I say would be pure, you know,

3   suspicion and guesswork.  But the fact of the matter is that

4   the notices were not addressed to the entity that employed him.

5   They were addressed to an Inc. -- the Inc. entity.  So, LLC

6   never filed a notice of appearance in this case, has never

7   appeared in this case until this dispute, and they never felt

8   that they had a need to appear in this case because they were

9   party to a post-petition contract that, under the prior plan,

10  gave them an allowed amended claim.

11       So, I mean, while it's pure, you know, circumspection

12  as to why he did not open the letter for a day and put it in

13  regular mail, the letter wasn't addressed to the entity that

14  employed him and the entity that's in wind-down.

15       THE COURT:  Well, it didn't employ Mr. Schultz either,

16  did it?

17       MR. VINCEQUERRA:  No, it did not.  So, Your Honor, to

18  continue on with reason for the delays, you know, there was an

19  aggressive timetable here for the bar date, from the height of

20  the holiday season.  We're in -- Plymouth Rubber Company, LLC

21  is in its own wind-down, is on a short staff, and I think that

22  there's ample justification here for the reason of delay -- for

23  the reason for delay.

24       To move to the other component that's in contest, as

25  to prejudice, I don't see, you know, any realistic manner of

22

1   prejudice here for the debtors.  They learned of the claim one

2   day after the bar date.  There's no contest that Ms. -- there's

3   no question that Ms. Zaleskas -- I mean, it's not contested

4   Ms. Zaleskas alerted the debtors to the claim the day after the

5   bar date.  The claim was filed a week and a half to two weeks

6   later, followed shortly by this motion.  The claim is an

7   unliquidated amount, is in the nature of a counterclaim, you

8   know, brought as a response to suits against Plymouth Rubber

9   Company, LLC.

10          My understanding from my reading of the plan and

11  disclosure statement in this case and some things in the news

12  is admin claims are anticipated to be paid in full, and there

13  are literally hundreds of millions of dollars of admin claims.

14          So I see very little chance for prejudice there.  The

15  debtors make the argument that -- you know, the classic

16  floodgates argument that you commonly see in pioneer type of

17  cases.  The facts of this case are so unique I really don't see

18  that as a reasonable prospect.  Two creditors of the debtors

19  with substantially similar names but different entities, you

20  know, the claimant being in wind-down, I just don't see the

21  floodgates opening here.

22          So with that, Your Honor, if you have no questions,

23  I'll turn it over to, I guess -- is it Mr. Powlen?

24          MR. POWLEN:  Yeah.

25          THE COURT:  Is it -- was it a compulsory counterclaim?

23

1    Does it arise under the same transaction or occurrence?

2         MR. VINCEQUERRA:  Rises under the same purchase order

3    agreement.

4         THE COURT:  Okay.

5         MR. VINCEQUERRA:  Thank you very much, Your Honor.

6         MR. BUTLER:  Judge, just one moment, if you don't

7    mind.

8       (Pause)

9         MR. BUTLER:  Your Honor, I just want to make sure the

10   record is clear here.  I have, and I think counsel will

11   acknowledge that we obtained, and I have for the Court, a

12   certification of conversion from a corporation to a limited

13   liability company of Plymouth Rubber Company, Inc., a

14   Massachusetts corporation.  It's -- it is the same company.  I

15   mean, we hear that it's different companies and not successors.

16   I actually have the documentation from the State of Delaware

17   Secretary of State's Office that we obtained that shows that on

18   September 1st, 2006 the same legal entity was converted from

19   one kind of corporation in Delaware to another kind of

20   corporation in Delaware.

21        So, I mean, I think the suggestion that these are

22   fundamentally different entities just is not accurate.  And

23   I've got the evidence here.  I don't think that counsel,

24   Mr. Vincequerra, would dispute the Secretary of State of

25   Delaware as to what the entity is, and I have that.

24

1       So this is the same legal entity that was converted on

2   the -- on September 1st.

3       Second, Your Honor, Mr. Vincequerra, in his argument,

4   made a major point about the fact that there was a new purchase

5   order in January of 2008.  And, in fact, there was a purchase

6   order that was reissued on -- in January of 2008 after the 2006

7   reorganization to Plymouth Rubber, and it was purchase order

8   number P6850008, and it was issued to the address 500 Turnpike

9   Street in Canton, Massachusetts.  That was the business address

10  that the parties New Plymouth, Plymouth LLC, whatever one wants

11  to call it, that is the address that Plymouth used with Delphi

12  in connection with the new purchase order that Mr. Vincequerra

13  referred to, and the PO was issued to that address.  And the

14  notice of administrative claims bar date was -- one of the

15  places that it went to was to that address in Canton.

16      And so I think that the -- you know, the argument that

17  the notice, in addition to being actually received, it also was

18  the business address that Delphi and Plymouth Rubber Company,

19  LLC used between themselves in the January 2008 purchase order

20  and was the appropriate business address.

21      I don't think, Your Honor, that this matter should

22  turn in any respect on the issue of notice.  Appropriate notice

23  was given; it was given in connection with -- to the

24  appropriate -- you know, the legal entity, which really was the

25  same entity converted, to the business address that was used in

25

1    the 2008 contract between the companies.  And the notice was

2    actually, in fact, received.

3         I think the question is more the excusable neglect

4    question here, and I only have a few comments on that.  First,

5    we acknowledged in our papers that we did receive a call from

6    counsel the day after the bar date.  That isn't unusual.  We

7    receive those kinds of calls fairly regularly when there are

8    bar date issues, and our response is always the same, which is

9    it's not our bar date to change, it's the Court's bar date, and

10   that we don't have any ability to change the date and people

11   need to take whatever steps they need to take to protect their

12   clients.  And the same kind of -- the same discussion was had

13   with counsel for Plymouth Rubber.

14        The fact that they waited a couple of weeks -- and it

15   wasn't just a week, it was the fact they waited until after the

16   plan modification hearing to submit the proof of claim two

17   weeks later, is -- you know, kind of mystifies me as to why

18   they chose to do that.  But that's not excusable neglect.  They

19   could have filed something the next day.  According to

20   Mr. Vincequerra's argument, it would have been -- you know, all

21   they needed to do was to file an administrative claim that

22   attached the lawsuit and that that would have done that.

23        I think when you look at the -- from the company's

24   perspective, the issue here is -- Your Honor, I think, knows

25   from the plan modification hearing and all of the pleadings

26

1   filed in connection with that, Delphi was on a mission over the

2   last fifteen, sixteen months since the prior plan, before it

3   was modified, hadn't gone effective, to try and develop a

4   solution for these cases that would be successful, that would

5   involve modifying the plan, emerging pursuant to a plan and

6   providing for the payment of administrative expenses that are

7   allowed.  And that took an enormous amount of effort and

8   negotiation to do that.  And one of the things, the processes

9   we went through in the latter part of July, was to assess all

10  of the claims that were made in connection with the bar date

11  and to evaluate those with our chief restructuring officer and

12  with the representatives of our other major stakeholders,

13  particularly with the -- some of the advisors of the DIP

14  lenders in connection with their credit bid so that we were all

15  comfortable in proceeding on the 29th here.  And that was based

16  on having an assessment of what the world of administrative

17  claims was through July -- or through May 31st, understanding,

18  as Your Honor knows, under the modified plan that's now been

19  approved, the -- there's another window bar date that's going

20  to go out covering June 1st through the anticipated effective

21  date of September 30th.

22       But making the assessment of what the unpaid

23  administrative claims were from the -- from October 5, 2005

24  through May 31, 2008 was a real exercise in connection with

25  preparing for the plan modification hearing.  And the fact that

27

1   counsel or their client chose not to file the claim for a

2   couple of weeks after they had actual notice and they had had

3   actual conversations with us I don't think fits within the

4   factors of excusable neglect.

5           That's all, Your Honor, the debtors would have to say

6   on this.

7           THE COURT:  Well, let me explore that a little bit

8   more.  Is there or was there an estimate of allowed

9   administrative claims that was a factor in the DIP lenders and

10  GM going forward on the 29th to propose the winning plan

11  support agreement and lead to the modified confirmation --

12          MR. BUTLER:  Yes, Your Honor.  You --

13          THE COURT:  -- of the plan?  Because, I mean, I don't

14  remember any testimony --

15          MR. BUTLER:  No.

16          THE COURT:  -- on, you know, some floor that -- or

17  some ceiling for administrative claims or anything.

18          MR. BUTLER:  No, there's not, Your Honor.  There was

19  not.  What Your Honor may recall was that one of the charts

20  that we put up and went through explained how the

21  administrative liabilities were going to be allocated among the

22  parties.

23          THE COURT:  Right.

24          MR. BUTLER:  It was intentional that -- and one of the

25  things we fought for in the MDA was not to have dollar cap

28

1   limitations.  There were, in fact -- that was a subject of

2   protracted negotiation, actually, as to whether or not there

3   would be limitations and what those liabilities would be and,

4   instead, the agreement was to do it by category.  And Your

5   Honor saw those categories allocated between the GM entity, the

6   DIPCo entity and DPH Holdings, the reorganized entity.

7           THE COURT:  Right.

8           MR. BUTLER:  And there was also a focus, and Your

9   Honor may recall that Mr. Stipp, in his sworn testimony,

10  provided in his declaration a fair amount of discussion about

11  the assessment of administrative claims as it related to DPH

12  Holdings' ability to be able to deal with its -- or what it

13  needed to satisfy as it moved forward.  And so there was an

14  assessment that went on, there was -- Mr. Stipp did make those

15  evaluations and make those assessment, and there was that, if

16  you will, sort of informal feasibility discussion among the

17  parties.  Ultimately, that didn't arise to the level, Your

18  Honor, of having -- beyond the sworn testimony, there wasn't

19  any controversy at the plan modification hearing about it

20  because ultimately it had been negotiated out.

21          THE COURT:  So which of the three entities would be

22  responsible for any affirmative recovery here?

23          MR. BUTLER:  Without prejudicing the estate, because I

24  may get this wrong, but my sense is that this is a retained

25  liability of DPH Holdings.  I don't know that this -- and the

29

1    reason I say that is because this supplier no longer does

2    business with the company.  This is a -- but I'd have to check

3    that in terms of -- go back and check that under the plan in

4    the negotiations.  But this is a supplier -- this is a former

5    supplier who, from the company's perspective, failed to live up

6    to its obligations under the purchase order, and it required

7    Delphi to incur a very substantial expense in re-sourcing from

8    the supplier who failed to live up to the terms of their

9    contract in the company.  And that's only why we sued them, and

10   we re-sourced the product.

11          So I think the re-sourced product and the

12   administrative liabilities associated with them go to, in fact,

13   DIPCo, but I think that the exposure under this litigation is

14   likely a DPH Holding obligation.  But I'd have to confirm that,

15   Judge.  That's my best recollection.

16          THE COURT:  Okay.  Well --

17          MR. BUTLER:  And as you know, DPH Holdings --

18          THE COURT:  It wouldn't be -- I guess it wouldn't be a

19   GM one because this isn't a GM plant --

20          MR. BUTLER:  No, it's not -- no, no, it's -- and

21   that's what I'm saying to you.  My -- and I think Ms. Kraft

22   (ph.) is here from the company and we just told her about

23   this -- my believe is the retained liability for the litigation

24   exposure would be DPH Holdings.  And the supplier contract for

25   what was the re-sourced contract, which is with another entity,

30

1    that obligation and the administrative claims associated with

2    it, that went to DIP Holdco, or will go to DIP Holdco.

3            THE COURT:  Okay.

4            MR. BUTLER:  I think that's the proper -- at least

5    that was the philosophy behind the negotiation at the time.

6            THE COURT:  All right.  And it looks like to me the

7    counterclaim -- you can correct if I'm wrong -- the

8    counterclaim just seeks monetary damages, right?  It doesn't

9    seek specific performance or anything like that?

10           MR. BUTLER:  That's correct.

11           THE COURT:  It's an unliquidated claim.  Have there

12   been any discussion as to what the damages are asserted to be

13   as far as the counterclaim?  Either one of you --

14           MR. BUTLER:  There was, Your Honor -- I'm advised, and

15   Mr. Vincequerra may know, I was advised it was a mediation.  I

16   don't know what was --

17           THE COURT:  Right.

18           MR. BUTLER:  -- put on the table at the mediation.

19           THE COURT:  I mean, I don't want you to reveal

20   settlement proposals, but, just, has there been a settlement of

21   what the damages could be?

22           MR. VINCEQUERRA:  Yes, Your Honor, that's the irony of

23   this whole thing for my client is that while this bar date

24   procedure has been going on, my client has been across the

25   table --

31

1      THE COURT:  No, I know there's been a mediation.  I'm

2    just trying to figure out what --

3      MR. VINCEQUERRA:  No, there have been -- you know, a

4    mediation is fairly far along.  There have been numbers

5    exchanged.

6      THE COURT:  I don't want to hear settlement proposals.

7    What I'm focusing on here is, on the issue of prejudice, you

8    had made a good point that these claims are going to be paid in

9    full under the modified plan.  The point I've just been

10   exploring with Mr. Butler is who's going to be paying them.  If

11   it is, as it would appear to me to be the case just from the

12   nature of the claim and the MDA, the remaining holding company,

13   the debtor wind-down company, then I did make a conclusion as

14   part of my ruling approving the modification of the plan that

15   that modification was feasible, and that was premised upon the

16   testimony about the likely amount of administrative claims and

17   the funding of the successor entity and the like.

18       So the reason I'm asking this question is to find out

19   how large your claim is.  It wasn't taken into account in that

20   testimony, and it was a large claim that may affect the

21   prejudice calculation.  I just don't know.  I mean, it's an

22   unliquidated claim.  I don't know whether it's large or not but

23   whether it's, you know, something that, for example, pales in

24   comparison to the debtors' claim.

25       So I'm not asking you about settlement discussions;

32

1    I'm asking what's been asserted, unless you want to tell me

2    what you think the realistic number is.  But that's up to you.

3         MR. VINCEQUERRA:  It's difficult to say , Your Honor,

4    because, to be quite honest with you, I haven't been involved

5    in the mediation.  I understand from our mediation statement

6    that that counterclaim number that we've been stuck at is

7    roughly twenty million dollars.  Again, that's as a

8    counterclaim that would be, obviously, offset against any

9    successful recovery that they have against us.

10        THE COURT:  Although it would seem to be it's

11   either/or, right?  Unless you settle it, either they breached

12   or you breached.  So I'm not sure there'd be much of an offset.

13        Okay.  All right.

14        MR. BUTLER:  Your Honor, that's all the debtors

15   have --

16        THE COURT:  Well --

17        MR. BUTLER:  -- unless you had a question.

18        THE COURT:  -- let me ask you, though, based upon a

19   twenty million dollar claim, how does that affect the -- was

20   any liability for this taken into account in the declarations

21   in support of the modification of the plan?

22        MR. BUTLER:  My understanding is the answer to that

23   question is no, there was no money allocated to this amount

24   through the -- whether the claims process was evaluated.

25        The -- and, you know, Your Honor, there has been a

33

1  wide variety of lawsuits started, stopped in hiatus, since

2  October of 2005.  And the debtors relied on the administrative

3  claims process here that went out to everybody as -- to catch

4  the claims that people were going to assert as part of the --

5  to understand as part of the plan modification process.

6          THE COURT:  And, again, this claim came in after the

7  plan modification hearing.

8          MR. BUTLER:  Correct.  It came in on the June 30 -- on

9  July 30th --

10          THE COURT:  The hearing was on the 29th.

11          MR. BUTLER:  -- and where the hearing was July 29th.

12  And the assessment was actually made in the days -- we spent

13  three or four days leading up to the July 29th hearing going

14  over this evaluation and assessment.

15          THE COURT:  Okay.

16          MR. BUTLER:  And I think -- you know, I don't have

17  Mr. Stipp here, Your Honor, but Ms. Kraft is here and she works

18  closely with Mr. Stipp.  I think that Mr. Stipp would tell you

19  that if he had an extra twenty million dollar -- if in fact,

20  taking their -- I think we disagree vigorously with the claim,

21  but if you add another twenty million dollars of litigation

22  exposure to the pot, would that be material, I think Mr. Stipp

23  would say yes, it's material.

24          THE COURT:  Well, what was funding again for --

25          MR. BUTLER:  Remember, the funding from -- I think it

34

1    was -- the entire funding from General Motors was fifty

2    million; plus, we had the plants that were retained which we

3    could sell off; plus, we had --

4            THE COURT:  But those are more dogs and cats than --

5            MR. BUTLER:  They were.

6            THE COURT:  Right.

7            MR. BUTLER:  Plus, we had the avoidance actions, to

8    the extent that there's collectability on some of the avoidance

9    actions.  And there were some other -- there were some -- I

10    think some other MRA payments, I think, from General Motors or

11    a few other sources of revenue.  But it was calibrated.  It

12    was -- you know, it was designed, as you know, to provide for

13    an efficient disposition of all of those assets and remediation

14    of the -- of some of the other issues and payment of the

15    liabilities.  So I think Mr. Stipp would argue that twenty

16    million was material in that calculation.

17            THE COURT:  Okay.

18            MR. BUTLER:  Thanks, Judge.

19            THE COURT:  Okay.

20            MR. POWLEN:  Just one minor point, Your Honor.

21    Mr. Butler -- I don't know if he passed it up, because I didn't

22    see him pass it up, but makes much of the fact that the

23    entities -- the LLC entity and the Inc. entity are the same.  I

24    know Your Honor said actual -- there was -- you know, the

25    notice was received, but they're the same entities.  And I know

1    Mr. Butler's familiar with the concept of a fresh start and a

2    reorganized debtor, but they're the same entities as they would

3    be in any post-effective date debtor that has entirely new

4    equity and has a fresh start in a bankruptcy.  That this was

5    not accomplished through a 363 sale and a transfer of assets

6    but rather an infusion of equity and a stock deal doesn't

7    change the fact that at the end of the day they were dealing

8    with a newly born entity.

9           Other than that, Your Honor, I have nothing further.

10   Thank you very much for your time.

11          THE COURT:  Okay.

12          Is -- neither Mr. Collins nor Mr. Schultz is here,

13   right?

14          MR. POWLEN:  No, Your Honor.

15          THE COURT:  They're not present?

16          MR. POWLEN:  No, Your Honor.  We had discussions with

17   Skadden, and prior to the hearing we agreed that we would just

18   rely on the affidavits.

19          THE COURT:  Okay.

20          Okay, anyone else?

21          Okay, I have before me a motion by Plymouth Rubber

22   Company, LLC for an order deeming its administrative expense

23   claim timely filed or for related relief.  The origin of this

24   dispute is that, in connection with proceeding to obtain the

25   modification and ultimate consummation of its confirmed but

36

1    unconsummated Chapter 11 plan, Delphi Corporation and its

2    affiliated debtors sought approval of an administrative claims

3    bar date for the Chapter 11 period through May of 2009.  The

4    debtors' confirmed Chapter 11 plan was not consummated because,

5    asserting breaches, the plan investors under that plan refused

6    to close in April of 2008.  That left Delphi with a significant

7    hole in the required funding for the confirmed plan.  Delphi

8    then spent close to a year dealing with ways to plug that hole

9    as well as to address the further deterioration in the

10   financial markets and in their perception of Delphi's value,

11   which led to a substantially different approach, ultimately, to

12   their exit from Chapter 11 under a Chapter 11 plan.

13            The debtors, in assessing their ability to emerge from

14   Chapter 11, and having entered into an agreement with an entity

15   called Platinum, as well as General Motors, that would have

16   provided for that combined entity's acquisition of most of the

17   debtors' business operations in return for sufficient cash to

18   deal with a portion of the administrative claims against the

19   debtors, plus stock -- I'm sorry, plus forms of contingent

20   consideration -- having entered into that transaction, the

21   debtors determined that they needed prompt means to calculate

22   the outstanding administrative claims other than the debtor-in-

23   possession financing claims against them, and, therefore,

24   obtained from the Court, in connection with establishing

25   procedures for consideration of the proposed modification to

37

1    the Chapter 11 plan involving GM and Platinum, the

2    administrative claims bar date.

3         The bar date notice provided for, for purposes of a

4    bar date, fairly short notice, but given the timing constraints

5    that the debtors faced, including, in essence, a week-to-week

6    extension of enforcement of remedies under the DIP facility and

7    a clear and short deadline from GM and Platinum, such notice

8    was appropriate under the circumstances.

9         The debtors sent out the notice and received timely

10   administrative claims from approximately 2,400 claimants.  The

11   claims procedures motion that is on the calendar for later

12   today states that approximately one billion dollars of

13   administrative claims were asserted in those proofs of claim,

14   plus unliquidated amounts.

15        Ultimately, the proposed modified plan was itself

16   modified, although not materially so for purposes of the issues

17   before me today -- and instead of Platinum acquiring

18   significant assets under the plan, along with GM, Platinum was

19   replaced by the debtors after an auction process by a

20   consortium of the debtor-in-possession lenders.  And that

21   group, plus GM, entered into an MDA with the debtors, which

22   formed the basis for the modified plan.  The Court held a

23   hearing on that modification and approved it on July 29th, two

24   weeks after the administrative claims bar date.

25        The rough structure of the plan provides for the

38

1    continuation of most of the debtors' businesses, either in the

2    hands of a GM acquisition company with respect to certain

3    facilities that primarily manufacture parts for GM vehicles, as

4    well as other assets that would go to the DIP lender

5    acquisition group.

6          The third split of the debtors' assets would be

7    retained by the debtors, since neither GM nor the DIP

8    acquisition group wanted to acquire them.  In addition, that

9    entity that would continue to hold those assets would receive a

10   cash payment by GM to enable that entity to pay administrative

11   claims against it that were not being assumed in connection

12   with the purchase of ongoing operations by the DIP acquisition

13   vehicle and GM acquisition vehicle.  And that amount of cash

14   was determined by the debtors in consultation with various

15   constituents, including GM, to be sufficient to have the

16   surviving debtor entity meet its obligations under the plan,

17   including the payment of allowed administrative claims.

18         The Court took testimony on that aspect of the

19   proposed plan modification in the form of an affidavit by

20   Mr. Stipp, in which he went through his analysis of likely

21   sources and uses of cash to pay that entity's administrative

22   claims.  No one cross-examined Mr. Stipp.  And based upon my

23   review of the MDA, the modified plan and the affidavits

24   submitted in support thereof, I concluded that the plan, as

25   modified, was feasible: that is, that it was not likely to be

1    succeeded by a liquidation under Chapter 7 and that it could be

2    performed, including the payment of administrative claims, as

3    contemplated by the plan.

4         The debtors sent out notice of the administrative

5    claims bar date as required by my order establishing the bar

6    date, and notice was actually received by Plymouth Rubber

7    Company, Inc. on -- it is acknowledged to have been received by

8    Plymouth Rubber Company, Inc. on July 9, 2009.  That's set

9    forth in the affidavit in support of Plymouth's motion of

10   Mr. Collins.

11        The debtors sent that notice to the address in their

12   post-petition purchase order between them and Plymouth Rubber

13   Company, LLC -- the same location.  The address on the envelope

14   was to Plymouth Rubber Company, Inc., which had been the entity

15   with which the debtors had done business prior to Plymouth's

16   Chapter 11 reorganization.

17        Mr. Collins, as I said, received the notice, which was

18   also sent to numerous other locations to Plymouth Rubber

19   Company, Inc., including to the counsel that filed the proof of

20   claim on behalf of Inc. in the Chapter 11 case.  Mr. Collins

21   did not open the notice but, instead, on July 10th, put it, and

22   apparently some other correspondence, in an envelope and

23   forwarded it to Mr. Schultz, who is described in the Collins

24   affidavit as a representative of Plymouth Rubber, LLC's parent,

25   or at least an affiliate, retained to manage Plymouth's

40

1    affairs, Versa Capital Management, Inc., which also manages the

2    funds which directly own the equity interest in Plymouth

3    Rubber.

4         Although mailed on July 10th, according to

5    Mr. Collins, the notice was not received by Mr. Schultz until

6    July 16th, at which point Mr. Schultz, unlike Mr. Collins,

7    opened the package, read the notice and immediately contacted

8    the debtors, seeking an extension of the bar date, which was

9    not agreed to.

10        It's undisputed that Plymouth did not file the proof

11   of claim and/or seek approval of an extension until July 30th,

12   after the plan modification hearing.

13        Plymouth requests that the Court consider its

14   administrative claim timely on a number of different grounds,

15   although most of the focus, properly so, of this hearing, has

16   been on the ground of excusable neglect.  Before I deal with

17   that issue and those factors, let me briefly deal with the

18   other bases for Plymouth's requested relief.

19        First, Plymouth contends that the Court did not have

20   power to establish the administrative claims bar date, given

21   the treatment of the administrative claims bar date in the

22   original plan and the confirmation order.  The plan itself

23   contemplated, in the definition of "administrative claim," the

24   potential for establishing a different administrative claims

25   bar date than was set forth in the plan, which was a date

41

1    forty-five days after the confirmation of the plan.  The plan

2    also reserved fully the debtors' rights in the event that the

3    plan did not go effective, which clearly was the case.

4          That plan, as I noted, contemplated a very different

5    outcome for creditors than the current modified plan.  Not only

6    was there no issue of the payment of all administrative claims,

7    requiring no determination, as a practical matter, by the Court

8    as to feasibility for potential failure to cover administrative

9    claims, but also the plan provided for full payment of

10    unsecured creditors at a deemed plan value, and a substantial

11    return to shareholders.  Consequently, the plan's

12    administrative claims bar date provision was appropriate for

13    that structure -- again, one where there was really no issue as

14    to whether the debtors would be able to pay all asserted

15    administrative claims.

16          The confirmation order similarly provided for a forty-

17    five day post-confirmation administrative claims bar date and

18    stated that it would govern in light of -- in the event of a

19    conflict between the plan and the confirmation order.  And

20    clearly it was an extant order.  However, the debtors' need to

21    set an earlier bar date, given the changes to their plan, was

22    clear and required the establishment of a different bar date,

23    clearly, in the context of the deadlines they were facing.  The

24    Court considered such a request to be appropriate, both in

25    light of the rights that the debtors reserved for themselves

42

1    under the confirmed but not consummated plan, as well as under

2    the Court's ability to amend the confirmation order, which on

3    this point, was quite clearly outdated.

4          Therefore, I believe that Plymouth's argument that the

5    Court exceeded its authority in setting a new administrative

6    claims bar date order, and that Delphi and the other parties

7    should be governed in this respect by the terms of the

8    confirmed plan and the confirmation order entered in 2008, is

9    not well taken and is denied.

10         Next, Plymouth argues, as a matter of due process,

11   that the notice to it of the administrative claims bar date was

12   deficient.  It does so on two grounds.  The first is that it

13   asserts the debtors were involved in post-petition litigation

14   commenced by the debtors in state court in Michigan against

15   Plymouth as well as subsequent litigation commenced by a third

16   party in Massachusetts.  The second is that the debtors knew

17   that Plymouth was represented by counsel in that litigation,

18   and, therefore, that in addition to the other places that the

19   debtors provided Plymouth with notice, they should have

20   provided notice to litigation counsel in the Michigan and

21   Massachusetts litigation. It should be noted that those counsel

22   did not file a notice of appearance in the Chapter 11 case and

23   that, in fact, they have not appeared in the Chapter 11 case

24   until this current motion.

25         The motion relies upon, primarily, on this point, In

43

1    re Grand Union Company, 204 B.R. 864 (Bankr. D. Del. 1997), in

2    which the bankruptcy court concluded in that case that the

3    debtors' direct mailing of notice to personal injury tort

4    claimants represented by counsel was inadequate notice of the

5    bar date, and that the notice should have been provided to the

6    personal injury counsel that Grand Union was dealing with.

7    That case flies in the face of a number of cases in the Second

8    Circuit, including in the Southern District of New York, which

9    state that notice requirements under the Bankruptcy Code,

10   including in respect of bar dates (and notices of similar

11   consequence), do not have to be sent to counsel representing

12   the claimant, but may instead only be sent -- or need only,

13   instead, be sent to the claimant itself.  See, for example, In

14   re Brunswick Baptist Church v. Brunswick Baptist Church, 2007

15   U.S. Dist. LEXIS 3319 (N.D.N.Y. Jan. 16, 2007); In re

16   Alexander's Inc. 176 B.R. 715 (Bankr. S.D.N.Y. 1995); In re

17   R.H. Macy & Company Inc. 161 B.R. 355 (Bankr. S.D.N.Y. 1993);

18   and Dependable Insurance Company v. Horton, 149 B.R. 49 (Bankr.

19   S.D.N.Y. 1992).

20         I should note further that Judge Walsh, in the Grand

21   Union case, made it clear that he was focusing on the unique

22   facts before him, where he found that the claimants who

23   received the notice were unsophisticated and that all dealings

24   in respect of their claims had previously been through their

25   respective counsel.  Clearly, Plymouth is not an

1    unsophisticated tort claimant here.

2         Consequently, based on the rationale of the Brunswick

3    Church case and the other cases I've cited, I do not believe

4    that the debtors were required to give notice to counsel of

5    record in the pending litigation, particularly as, as I noted,

6    that counsel had not appeared in the Chapter 11 case.

7         In addition, Plymouth contends that it filed through

8    its counterclaim in the pending non-bankruptcy litigation an

9    informal proof of claim that should be recognized by the Court,

10   and clearly that that proof of claim was timely in that it was

11   well before -- the counterclaim was filed well before the

12   expiry of the administrative claims bar date.  The argument,

13   however, again runs afoul of case law in this district and the

14   majority of the cases, including at the circuit court level

15   elsewhere: that is, that the document giving rise to the

16   informal proof of claim was not filed in this Court, but

17   rather, instead, only in the courts in Michigan and in

18   Massachusetts.

19        I should note that the cases that deal with this issue

20   are generally dealing with pre-petition claims.  But given the

21   practice of treating claims and disputes related to missed bar

22   dates for administrative claims the same way as the courts

23   treat missed bar dates for pre-petition claims, I find those

24   claims to be analogous -- those cases, I'm sorry, to be

25   appropriate here, and for all intents and purposes on all

45

1    fours.  For the close analogy see -- between disputes in

2    respect of late administrative claims and disputes in respect

3    of late pre-petition claims, see In re PT-1 Communications Inc.

4    386 B.R. 402 (Bankr. E.D.N.Y. 2007).

5        The informal proof of claim rule, as far as I can see,

6    has always, in the Second Circuit and in the Southern District,

7    been applied to claims that were not filed in the form of a

8    proof of claim, but that were filed in the bankruptcy court,

9    that show an intention to make a demand for money from the

10   debtors' estate.  See In re G.L. Miller & Company Inc. 45 F.2d.

11   115 (2d Cir. 1930), as well as the statement of the four-factor

12   test -- factor one of which is that the claim, the documents

13   have been timely filed with the bankruptcy court and had become

14   part of the judicial record -- in In re Enron Corporation 370

15   B.R. 90 (Bankr. S.D.N.Y. 2007).

16       The rationale for this, again, is the collective

17   nature of a bankruptcy case and the need to put more than just

18   the debtor on notice of the existence of the claim.  See also

19   In re M.J. Waterman & Associates Inc. 227 F.3d. 604 (6th Cir.

20   2000), and In re Trans World Airlines Inc. 182 B.R. 102 (D.

21   Del. 1995), which was reversed in part and affirmed in part,

22   reversed on other grounds, at 96 F.3d. 687 (3d Cir. 1996).

23   Consequently, I don't believe that the complaint or the

24   counterclaim asserted in the Massachusetts District Court

25   action and the Michigan State Court action would constitute an

1    informal proof of claim.

2         Lastly, the movant contends that notice was improper

3    because it was delivered, albeit at the same address, to

4    Plymouth Rubber Company, Inc. as opposed to Plymouth Rubber

5    Company, LLC.  The change in name resulted from the Chapter 11

6    reorganization of Plymouth Rubber Company, Inc., which is the

7    entity that had filed the proof of claim against the debtor's

8    estate.  The emerged, reorganized debtor changed its name to

9    Plymouth Rubber Company, LLC as the successor to Plymouth

10   Rubber Company, Inc., and that was the entity, again at the

11   same address, with which the debtor contracted post-petition

12   under the contract that is now the subject of the dispute in

13   Michigan and Massachusetts.

14        Plymouth contends that because the notice was sent to

15   "Inc." as opposed to "LLC," albeit at the same address, that

16   notice was constitutionally deficient.  Under the facts before

17   me, however, I do not accept that argument.  As set forth in

18   Mr. Collins' affidavit and in the motion itself, Mr. Collins

19   was the sole employee of Plymouth Rubber after it had

20   determined to wind down its affairs.  He was retained by the

21   managing - or manager for Plymouth Rubber, LLC as well as the

22   manager for other investments owned by the fund that owned the

23   debtor, Versa Capital Management.  And I believe that, as

24   evidenced by the fact that Versa opened the notice and that

25   Versa had hired Mr. Collins to look after LLC's affairs, and

1    that, therefore, he was acting as Versa's agent in this matter,

2    there was sufficient actual notice as of July 9th for due

3    process purposes.

4         The issue then comes down to whether the late filing

5    of the proof of administrative claim should be permitted under

6    Bankruptcy Rule 9006 for excusable neglect.  A claims bar date

7    is an important milestone in most Chapter 11 cases, and clearly

8    here the administrative claims bar date was an important

9    milestone in this case for the reasons that I've already

10   stated.  See First Fidelity Bank N.A. v. Hooker Investments

11   Inc.(In re Hooker Investments Inc.), 937 F.2d. 833, 840 (2d

12   Cir. 1991), in which the Court said, "A bar order does not

13   function merely as a procedural gauntlet, but as an integral

14   part of the reorganization process."  See also In re Musicland

15   Holding Corporation, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006).

16        In most cases, the filing of a bar date order and the

17   existence of a bar date enables the debtor and other

18   constituents to determine whether the projected payments under

19   a plan will actually satisfy the parties' expectations; and, in

20   particular, an administrative claims bar date enables the

21   parties to determine whether the plan they're proposing is

22   feasible, in that administrative claims need to be paid in full

23   for a plan to be confirmed and consummated.

24        Nevertheless, the bankruptcy court may enlarge the

25   time for filing proofs of claim where the failure to act was

48

1    the result of excusable neglect, under Bankruptcy Rule

2    9006(b)(1).  The U.S. Supreme Court has adopted a two-part

3    framework for the movant to establish its excusable neglect

4    under Rule 9006(b)(1).  The movant has the burden in this

5    regard.  See Midland Cogeneration Venture Limited Partnership

6    v. Enron Corporation 419 F.3d. 115, 121 (2d Cir. 2005).

7         That framework was set forth in Pioneer Investment

8    Services Company v. Brunswick Associates Limited Partnership,

9    507 U.S. 380 (1993).  First a failure to file the proof of

10    claim must have been caused by neglect, which the Court defined

11    as inadvertence, mistake or carelessness, including intervening

12    circumstances beyond the party's control.  Id. at 388.  A

13    tactical, or simply a knowing, decision not to file a timely

14    claim will not suffice.

15         Second, the movant's neglect must have been excusable,

16    which is to be determined in the exercise of the Court's

17    equitable discretion taking into account all relevant

18    circumstances surrounding the failure to file a timely claim,

19    id. at 395, guided, however, by the following four factors:

20    "the danger of prejudice to the debtor; the length of the delay

21    and its potential impact on judicial proceedings; the reason

22    for the delay, including whether it was within the reasonable

23    control of the movant; and whether the movant acted in good

24    faith." Id.

25         The Second Circuit has taken a "hard line" when

49

1    applying the Pioneer factors to motions under Rule 9006(b)(1)

2    and other federal rules premised on excusable neglect.  Again,

3    see In re Enron Corporation 419 F.3d at 122.  Although all four

4    Pioneer factors should be considered, the Second Circuit places

5    the greatest weight on the reason for the delay and whether it

6    was in the movant's reasonable control.  In re Musicland

7    Holdings Corp. 356 B.R. at 607.

8          In the normal case, the movant has acted in good

9    faith, for example, and that's the case here.  Thus, the Second

10   Circuit said, "In the typical case, three of the Pioneer

11   factors, the length of the delay, the danger of prejudice and

12   the movant's good faith, usually weigh in favor of the party

13   seeking the extension.  We and other circuits have focused on

14   the third factor, the reason for the delay, including whether

15   it was within the reasonable control of the movant.  The

16   equities will rarely, if ever, favor a party who fails to

17   follow the clear dictates of a Court rule.  Where the rule is

18   entirely clear, we continue to expect that a party claiming

19   excusable neglect will, in the ordinary course, lose under the

20   Pioneer test."  In re Enron Corporation 419 F.3d at 122-23; see

21   also Canfield v. Van Atta Buick/GMC Truck Inc. 127 F.3d 248,

22   250-51(2d Cir. 1997).

23         Factors other than the reason for the delay usually

24   are relevant, therefore, only in close cases. In re Musicland

25   Holdings Corporation 356 B.R. at 608.  This is a somewhat close

50

1    case, in that I accept that Plymouth Rubber was clearly in

2    wind-down mode, where it only had one employee, who, consistent

3    with the very limited nature of its operations (which from

4    Mr. Collins' affidavit, which is uncontroverted, pertained

5    almost entirely to the two pending litigations) meant that

6    Mr. Collins checked the post office box only roughly once every

7    two weeks.  In addition, the time for the bar date notice was

8    shortened here from the normal time that would usually be

9    provided.  And, finally, there was potentially some room for

10   confusion, given that the notice was addressed to "Inc." as

11   opposed to "LLC."

12          On the other hand, I find it very hard to understand

13   why, given Mr. Collins' sole function, which appears to be to

14   monitor the mail, and the fact that he did so only roughly once

15   every two weeks, he did not open the mail, but instead simply

16   forwarded it to Mr. Schultz of Versa.  It would not seem to me

17   that he should have done that, given that Plymouth had

18   established the P.O. box that he checked as opposed to setting

19   up an automatic forwarding from Plymouth's address to Versa's.

20   It would appear, instead, to me appropriate for Mr. Collins to

21   have acted as someone who actually read the mail as opposed to

22   as a second mailman for delivery purposes.

23          So, clearly, it was within Plymouth's control to have

24   had notice of the bar date, at least by July 9th.  Moreover,

25   Plymouth did not file its claim until after the hearing on plan

51

1    modification, which it needn't have waited for.  It had the

2    claim or was aware of the late claim issue on July 16th, but,

3    nevertheless, waited two weeks thereafter to do so.  So, all

4    things being considered, it appears to me that while this is a

5    somewhat close case, the neglect here was largely within the

6    control of Plymouth.

7            Secondly, while the time between the bar date and the

8    filing of the claim was relatively short, I conclude that there

9    was prejudice to the debtor and other parties that resulted

10   from the delay.  If, in fact, the responsibility for paying

11   this administrative claim, to the extent it is allowed, rested

12   with either GM or the DIP lender acquisition vehicle, it would

13   appear to me, particularly given the balance of factors on

14   whether the delay was within Plymouth's control, that the lack

15   of prejudice to the estate would have argued for letting the

16   claim be filed late.  (The fact that some party receives a

17   smaller distribution or another third party pays more money as

18   a result of a claim being allowed to be filed late is not

19   sufficient prejudice, it is not the type of prejudice that the

20   courts have in mind when they evaluate the prejudice factor

21   under Pioneer.)

22           However, here, I believe there is prejudice to the

23   estate.  And also, again, some blame should be laid on Plymouth

24   for causing this prejudice by not filing the claim until after

25   the plan modification hearing.  As represented by Mr. Butler,

52

1    who clearly was involved in the preparation for the plan

2    modification hearing and the debtors' efforts to determine

3    whether, in fact, the MDA would result in a feasible plan, the

4    calculation of likely administrative claims against a surviving

5    debtor entity was a key factor in moving forward with the

6    hearing on July 29th.

7         It's been stated that a demand number under the

8    counterclaim by Plymouth is approximately twenty million

9    dollars.  That number would have had a significant impact on

10   the debtors' presentation of the modification of the plan on

11   July 29th and the Court's consideration of whether the plan is

12   feasible or was feasible, and would have, if asserted as a

13   recovery against the debtors -- the surviving debtors, as an

14   administrative claim it could have had a very significant

15   impact on feasibility.  Consequently, it would appear to me

16   that although the delay was short, it was very significant, and

17   that both the debtors as well as the other parties to the MDA,

18   and ultimately the Court, moved ahead in reliance on that claim

19   not being asserted.

20        So, that prejudice, as well as my conclusion that the

21   lateness of the claim, first in terms of its being verbally

22   asserted only on July 16th and then actually formally asserted

23   after the plan modification hearing, was largely, if not

24   entirely, within the control of Plymouth, leads me to deny

25   Plymouth's motion.

53

1          Obviously, to the extent that it is asserting a right

2     to setoff or recoupment, the lateness of the claim should not

3     matter, so that what this ruling effectively does is preclude

4     Plymouth from an affirmative recovery against the debtor's

5     estate as opposed to, again, a recoupment or setoff right in

6     the Michigan and Massachusetts litigation.

7          So Mr. Butler, you can submit an order to that effect.

8          MR. BUTLER:  Yes, Your Honor.

9          THE COURT:  Okay.

10         MR. BUTLER:  Your Honor, the last matter on the agenda

11    for today, matter number 8, is a motion for authority to apply

12    the claims objection procedures to administrative expense

13    claims, filed at docket number 18715.  Your Honor, by this

14    motion, what we're seeking to do is to use the claims

15    procedures that Your Honor is familiar with, that have been

16    running on a separate claims track for the last two and a half

17    years, to apply those to administrative claims.  And I think it

18    goes without saying that the -- and I think Your Honor has

19    observed in the past, that the procedures that have been

20    adopted by the Court here back on December 7th of 2006 at

21    docket number 6089, have served the debtors well and have dealt

22    with an expeditious treatment of almost 17,000 proofs of claim,

23    and through some 34 omnibus claims objections that addressed

24    over 14,000 of those claims, and have resulted in the

25    disallowance or withdrawal of over 10,000 of those claims.  So

# EXHIBIT E

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Baker & Hostetler LLP | Marc Skapof | 45 Rockefeller Plaza | | New York | NY | 10111 |
| Ohio Bureau of Workers Compensation | Law Section Bankruptcy Unit | 30 W Spring St | PO Box 15567 | Columbus | OH | 43215-0567 |
| Ohio Bureau of Workers Compensation | Victoria D Garry Richard Cordray | Ohio Attorney Generals Office | 1600 Carew Twr 441 Vine St | Cincinnati | OH | 45202 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/15/2011 8:12 PM
Ohio Workers Comp Special Parties

# EXHIBIT F

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Mackenzie Hughes LLP | Neil J Smith Esq | Counsel for Tal-Port Industries LLC | 101 South Salina Street | Syracuse | NY | 13066 |
| Tal Port Industries LLC | Richard Montague | PO Box 1970 | | Jackson | MS | 39215-1970 |
| Tal Port Industries LLC | Ecology Tek | 8 Industrial Rd | | Prentiss | MS | 39474 |
| Tal Port Industries LLC | Seth C Little | PO Box 1970 | | Jackson | MS | 39215-1970 |
| Tal Port Industries LLC | Warren R Graham Esq | Davidoff Malito & Hutcher LLP | 605 Third Ave | New York | NY | 10158 |
| Tal Port Industries LLC | | 2003 Gordon Ave | RMT CHG 04 01 04 X7567 | Yazoo City | MS | 39194 |
| Tal Port Industries LLC | | 2003 Gordon Ave | | Yazoo City | MS | 39194 |
| Tal Port Industries LLC | | 3 Parklane Blvd Ste 1220W | | Dearborn | MI | 48126 |
| Tal Port Industries LLC | | PO Box 1253 | | Prentiss | MS | 39474-1253 |
| Tal Port Industries LLC | | PO Box 16089 | | Hattiesburg | MS | 39404-6089 |
| Tal Port LLC | Accounts Payable | PO Box 1253 | | Prentiss | MS | 39474 |
| Tal Port LLC | | PO Box 1253 | | Prentiss | MS | 39474-1253 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

4/15/2011 8:32 PM
Tal-Port Special Parties