**Hearing Date: June 23, 2011**
                                             **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                       :
     In re                           :       Chapter 11
                                       :
DPH HOLDINGS CORP., et al.,       :       Case No. 05-44481 (RDD)
                                       :
            Reorganized Debtors.  :       (Jointly Administered)
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
             WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE
                  CLAIM NUMBER 19165 (CANON U.S.A., INC.)

                      ("STATEMENT OF DISPUTED ISSUES –
                          CANON U.S.A., INC.")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19165 (the "Statement Of Disputed Issues") filed by Canon U.S.A., Inc. (the "Claimant") and respectfully represent as follows:

Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.  On July 15, 2009, the Claimant filed proof of administrative expense claim number 19165 (the "Claim") against DAS LLC. The Claim asserts an administrative expense priority claim in the amount of $16,874.96 relating to goods sold and/or the use of Canon copiers by the Debtors.

3.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to,

2

compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4. On January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

5. On February 18, 2010, the Claimant filed the Response Of Canon U.S.A., Inc. To Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expenses (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19495) (the "Response"). In the Response, the Claimant reduced the amounts claimed to be owed in connection with the Claim to $12,839.18.

6. On April 19, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative

3

Expense Claim Number 19165 (Canon U.S.A., Inc.) (Docket No. 21222), scheduling an evidentiary hearing on the merits of the Claim for June 23, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.  <u>The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claim</u>

    7.    The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute the amounts asserted in the Claim. Instead, the Reorganized Debtors assert that the Claim should be disallowed and expunged in its entirety.

    8.    <u>Certain Invoices Have Been Paid</u>. Based upon the Debtors' various accounts payable records, seven of the invoices reflected in the Claim have been paid. Therefore, $1,049.16 should be subtracted from the amount claimed.

    9.    <u>Invoices That Are Not The Responsibility Of The Debtors</u>. After reducing the Claim by the amount set forth above, the remaining $11,790.02 relates to amounts owed that (a) relate to sites that were not owned by the Debtors at the time the invoices were incurred or (b) are not reflected in the Reorganized Debtors' books and records.

    10.    After taking into account the above-referenced deductions to the Claim, the Reorganized Debtors reconciled the Claim as illustrated in the following chart:

| Claimant's Amount Asserted In Response | | $12,839.18 |
|---|---|---|
| Modifications | Paid Invoices | $1,049.16 |
| | Invoices That Are Not The Responsibility Of The Debtors | $11,790.02 |
| Reconciled Amount | | $0.00 |

    11.    Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance. Accordingly, the Claim should be disallowed and expunged in its entirety.

4

Reservation Of Rights

12.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
April 26, 2011

                SKADDEN, ARPS, SLATE, MEAGHER
                &amp; FLOM LLP

By: /s/ John K. Lyons
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

– and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors