**Hearing Date: June 23, 2011**
**Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
       In re                              :    Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :    Case No. 05-44481 (RDD)
                                          :
              Reorganized Debtors.        :    (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE
<u>CLAIM NUMBER 19155 (FRAENKISCHE USA LP)</u>

("STATEMENT OF DISPUTED ISSUES –
FRAENKISCHE USA LP")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19155 (the "Statement Of Disputed Issues") filed by Fraenkische USA LP (the "Claimant") and respectfully represent as follows:

## Background

1.  On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.  On July 15, 2009, the Claimant filed proof of administrative expense claim number 19155 (the "Claim") against Delphi. The Claim asserts an administrative expense priority claim in the amount of $79,881.28 relating to goods sold.

3.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4. On January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

5. On February 23, 2010, the Claimant filed the Limited Response Of Fraenkische USA LP To Debtors' Forty-Third Claims Objection (Docket No. 19534) (the "Response").

6. On April 19, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19155 (Fraenkische USA LP) (Docket No. 21220), scheduling an evidentiary hearing on the merits of the Claim for June 23, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.   <u>The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claim</u>

7. The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute the amounts asserted in the Claim. Instead, the Reorganized Debtors assert that the Claim should be disallowed and expunged in its entirety.

8. <u>Certain Invoices Have Been Paid</u>. Based upon the Debtors' various accounts payable records, twenty-seven of the invoices reflected in the Claim have been paid[1] in full or in part. Therefore, $59,726.57 should be subtracted from the amount claimed.

9. <u>Payment Discrepancies</u>. The amounts paid against certain purchase orders is lower than the price detailed on fourteen of the Claimant's invoices. The amounts paid reflect the contractual pricing of the purchase orders and the parts delivered. Therefore, $16,922.39 should be subtracted from the amount of the Claim.

10. <u>Proofs Of Delivery Not Provided</u>. After reducing the Claims by the amounts set forth above, the remaining $3,232.32 relates to amounts owed based on the sale of goods for which the Claimant did not provide proofs of delivery. The Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." <u>See</u> General Terms And Conditions, § 2.1. Because the Claimant has not provided these proofs of delivery, and the Reorganized Debtors have no record of receiving certain goods associated with the Claim, the remaining $3,232.32 should be disallowed.

---

[1] The paid amounts include two invoices that were approved for payment on April 15, 2011 in the amount of $1,119.26 and should be received by the Claimant within 30 days of approval.

11.     After taking into account the above-referenced deductions to the Claim, the Reorganized Debtors reconciled the Claim as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $79,881.28 |
|---|---|---|
| <u>Modifications</u> | Paid Invoices | $59,726.57 |
| | Payment Discrepancies | $16,922.39 |
| | Invoices Without Proof of Delivery | $3,232.32 |
| <u>Reconciled Amount</u> | | $0.00 |

12.     Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance. Accordingly, the Claim should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

13.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases

5

for disallowance, expungement, reduction, or reclassification of the Claim and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
April 26, 2011

        SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

By: /s/ John K. Lyons
    John Wm. Butler, Jr.
    John K. Lyons
    Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

– and –

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors