**Hearing Date: June 23, 2011**
                                    **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :
    In re                               :        Chapter 11
                                   :
DPH HOLDINGS CORP., et al.,    :        Case No. 05-44481 (RDD)
                                   :
            Reorganized Debtors.  :       (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
                   WITH RESPECT TO PROOFS OF ADMINISTRATIVE
                      EXPENSE CLAIM NUMBERS 18722 AND 19714
                         (MARTINREA INTERNATIONAL, INC.)

                      ("STATEMENT OF DISPUTED ISSUES –
                      MARTINREA INTERNATIONAL, INC.")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 18722 And 19714 (the "Statement Of Disputed Issues") filed by Martinrea International, Inc. (the "Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2. On July 14, 2009, the Claimant filed proof of administrative expense claim number 18722 ("Claim 18722") against Delphi. Claim 18722 asserts an administrative expense priority claim in the amount of $151,288.67 relating to goods sold.

3. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4.  On November 4, 2009, the Claimant filed proof of administrative expense claim number 19714 ("Claim 19714," and together with Claim 18722, the "Claims") against Delphi. Claim 19714 asserts an administrative expense priority claim in the amount of $398,635.42 relating to goods sold.

5.  On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

6.  On February 16, 2010, the Claimant filed the Response Of Martinrea International, Inc. To Debtors' Forty-Third Omnibus Objection To Claims (Docket No. 19430) (the "Response"). In the Response, the Claimant reduced the amounts claimed to be owed relating to Claim 18722 and Claim 19714 to $77,235.86 and $157.49, respectively.

7.  On April 19, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18722 And 19714 (Martinrea International, Inc.) (Docket No. 21220), scheduling an evidentiary hearing on the merits of the Claims for June 23, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.    <u>The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claims</u>

8.    The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amounts asserted in the Claims. Instead, the Reorganized Debtors assert that each Claim should be disallowed and expunged in its entirety.

9.    <u>Certain Invoices Have Been Paid</u>. Based upon the Debtors' various accounts payable records, one of the invoices reflected in Claim 18722 has been paid. Therefore, $70,203.51 should be subtracted from the amount claimed.

10.    <u>Payment Discrepancies</u>. After reducing Claim 18722 by the amount set forth above, the remaining $7,032.35 relates to amounts paid against certain purchase orders and is lower than the price detailed on five of the Claimant's invoices attached to Claim 18722. In addition, the remaining $157.49 in connection with Claim 19714 relates to amounts paid against certain purchase orders and is lower than the price detailed on two of the Claimant's invoices attached to Claim 19714. The amounts paid reflect the contractual pricing of the purchase orders and the parts delivered. Therefore, $7,189.84 should be subtracted from the total remaining amounts asserted in the Claims.

11.     After taking into account the above-referenced deductions to the Claims, the Reorganized Debtors reconciled the Claims as illustrated in the following chart:

| Claimant's Amount Asserted In Response | | $77,393.35[1] |
|---|---|---|
| Modifications | Paid Invoices | $70,203.51 |
| | Payment Discrepancies | $7,189.84 |
| Reconciled Amount | | $0.00 |

12.     Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance. Accordingly, each Claim should be disallowed and expunged in its entirety.

Reservation Of Rights

13.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order,

---

[1] This amount reflects the total combined amounts claimed to be owed in connection with both Claim 18722 and Claim 19714, as asserted in the Response.

5

the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging each Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
April 26, 2011

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John K. Lyons
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois  60606

– and –

Four Times Square
New York, New York  10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors