Hearing Date: June 23, 2011 at 10 a.m. (EDT)

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19062**

(**ARAMARK UNIFORM & CAREER APPAREL, LLC**)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number 19062 (the "Statement Of Disputed Issues") filed by ARAMARK Uniform & Career Apparel, LLC (the "Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2. On July 15, 2009, the Claimant filed proof of administrative expense claim number 19062 (the "Claim") against Delphi asserting an administrative expense priority claim in the amount of $221,551.43.

3. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4. On January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

5. On February 17, 2010, the Claimant filed ARAMARK Uniform & Career Apparel, LLC's Response to Reorganized Debtors' Forty-Third Omnibus Claims Objection (Docket No. 19454) (the "Response"), in which the Claimant reduced the amount of the Claim to $171,783.60.

6. On April 19, 2011, the Reorganized Debtors filed the Notice Of Claim Objection Hearing With Respect To Reorganized Debtors' Objection To Proof Of Administrative Expense Claim Number 19062 (ARAMARK Uniform & Career Apparel, LLC) (Docket No. 21223), scheduling an evidentiary hearing on the merits of the Claim for June 23, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

## Disputed Issues

### The Reorganized Debtors Do Not Owe The Amount Asserted In The Claim

7. The Reorganized Debtors have reviewed the information attached to the Claim and the Response and dispute the amounts asserted in the Claim. The Reorganized Debtors further assert that the Claim should be disallowed and expunged in its entirety.

8. Moreover, the Reorganized Debtors would face an undue burden in trying to reconcile the Claim with the information that Claimant provided. Specifically, the Claimant submitted a CD containing copies of hundreds of invoices allegedly relevant to the Claim. As a result of the sale or closure of several of their locations during reorganization, however, the Reorganized Debtors no longer have access to the resources and facilities required to reconcile in a reasonable manner the Claimant's numerous alleged invoices. Therefore, reconciling those invoices, even if possible, would be unduly burdensome on the Reorganized Debtors.

9. After taking into account the above-referenced deductions to the Revised Claim, the Reorganized Debtors reconciled the Claim as illustrated in the following chart:

3

| Amount Asserted In the Claim | | $221,551.43 |
|---|---|---|
| Amount Claimed in the Response | | $171,783.60 |
| Modifications | Irreconcilable Invoice References | $171,783.60 |
| Reconciled Amount | | $0.00 |

10. In sum, after reviewing their books and records, the Reorganized Debtors have determined that there is no amount owing on the Claim.

Reservation Of Rights

11. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         April 26, 2011

                                        BUTZEL LONG, a professional corporation

                                        By:  /s/ Eric B. Fisher
                                             Barry N. Seidel
                                             Eric B. Fisher
                                             Katie L. Cooperman
                                        380 Madison Avenue, 22nd Floor
                                        New York, New York 10017
                                        (212) 818-1110

                                        *Attorneys for Reorganized Debtors*

BUTZEL LONG, a professional corporation
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
Barry N. Seidel
Eric B. Fisher
Katie L. Cooperman

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2011, a true and correct copy of the Reorganized Debtors'

Statement of Disputed Issues With Respect To Proof Of Administrative Expense Claim Number

19062 (ARAMARK Uniform & Career Apparel, LLC) was served by Fax to the following person at

the following address:

Sheila R. Schwager, Esq.
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
 F: (208) 342-3892
 *Attorneys for RAMARK Uniform &*
 *Career Apparel, LLC*

Dated: Detroit, Michigan          /s/ Alexis L. Richards
       April 26, 2011             Alexis L. Richards