BARNES & THORNBURG LLP
Attorneys for Bank of America, N.A.
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999

Patrick E. Mears (PM-6473)
Telephone: (616) 742-3936
Email: pmears@btlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 Case |
| | ) | |
| DPH HOLDINGS CORP., *et al*. | ) | No. 05-44481 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## AFFIDAVIT OF STUART R. SCHWARTZ

STUART R. SCHWARTZ, being duly sworn, deposes and says as follows:

1.     I am an individual over the age of 18 years and reside in the Cook County, Illinois. I have personal knowledge of the facts stated herein and am competent to testify concerning them.

2.     I am the Senior Vice President of Bank of America, N.A. (the "Bank") and have held that position since at least October 8, 2005. As a Senior Vice President at the Bank, I am in charge of and responsible for administering accounts within the Bank's Special Assets Group.

3.     Since approximately October 8, 2005, I have specifically administered that certain (i) Aircraft Lease (N699DA) dated as of March 30, 2001 for a Learjet 60 aircraft (the "Learjet") and (ii) Aircraft Lease (N599DA) dated as of March 30, 2001 for a Bombardier Challenger 604 aircraft (the "Challenger") that were entered into by Fleet National Bank, as

lessor and predecessor-in-interest to the Bank, and SM5105 LLC, as lessee and predecessor-in-interest to Delphi Automotive Systems Human Resources, LLC ("DASHR"). The Learjet and Challenger are referred to each as an "Aircraft."

4.      Pursuant to the respective aircraft leases, the contractual rights and obligations of the Bank and DASHR with respect to the return of each Aircraft were governed by that certain Maintenance and Return Addendum (the "Agreement") dated the same date of the respective leases and attached thereto. A true and accurate copy of the Agreement and respective leases are attached as Exhibits A and F to the Bank's Claims.

5.      Pursuant to Section II(b) of the Agreement, upon return of each Aircraft to the Bank, all inspections, life limited components and other applicable parts were to have remaining not less than fifty percent (50%) of their available hours, cycles and/or months, as the case may be, until the next scheduled replacement (their "Mid-Life Condition").

6.      The Mid-Life Condition works by setting a 50% target on inspections and components of each Aircraft that are subject to a finite, life-limited period (i.e., number of hours, cycles, or time before they must be performed again or replaced). When an aircraft is returned with a life-limited inspection or component that has less than its 50% life period remaining, Section II(e) of the Agreement requires the lessee to pay the amount of value difference between the remaining life of such inspection or component and the 50% target.

7.      Accordingly, the Mid-Life Condition means that the lessee and lessor agree that each life-limited inspection or component will have a minimum of 50% of its useful life remaining at the time each Aircraft is returned to the Bank, and if not, the lessee will pay the amounts determined in accordance with the formula set forth in Section II(e) of the Agreement

for the difference in the value between the 50% target and the actual useful life remaining for such inspection or component.

8.    In setting the price of the lease for each Aircraft, the Bank relies on and expects that each Aircraft will be returned in compliance with its Mid-Life Condition requirement, or if not, the Bank will be entitled to receive the Mid-Life Condition economic adjustment to compensate it for the loss on the respective Aircraft.

9.    DASHR returned the Learjet and the Challenger to the Bank on or after October 6, 2009.

10.    In assisting the Bank in the normal course of enforcing the payment of Mid-Life Condition compensation under aircraft leases, I regularly and customarily rely on the business records of the Bank. The Bank creates and maintains records regarding its aircraft leases as part of its regular business operations, doing so at or near the time of the transactions, inspections, and other events surrounding the aircraft by individuals with knowledge of such. These records are maintained by the Bank as part of its normal business operations. I am familiar with the business records related to the Aircraft.

11.    Upon return of each Aircraft, the Bank's aircraft maintenance consultant examined each Aircrafts' electronic maintenance tracking program to determine the status of their respective inspections, limited life components and other parts which were subject to the Mid-Life Condition requirements set forth in Section II(b) of the Agreement.

12.    After inspection of the Learjet's electronic maintenance tracking program, the Bank's maintenance consultant prepared a report that detailed that inspections, life limited components and other parts were not in compliance with their Mid-Life Condition requirements

3

pursuant to the Agreement and that DASHR failed to return the Learjet in compliance with its contractual obligation.

13.    DASHR's failure to return the Learjet in compliance with its Mid-Life Condition requirements pursuant to the Agreement resulted in DASHR being contractually obligated to the Bank pursuant to Section II(e) of the Agreement in the amount of $57,703.07.   An itemized spreadsheet for each amount with respect to the Mid-Life Condition economic adjustment for the Learjet is set forth on Exhibit A attached hereto.

14.    After inspection of the Challenger's electronic maintenance tracking program, the Bank's maintenance consultant prepared a report that detailed that inspections, life limited components and other parts were not in compliance with their Mid-Life Condition requirements pursuant to the Agreement and that DASHR failed to return the Challenger in compliance with its contractual obligation.

15.    DASHR's failure to return the Challenger in compliance with its Mid-Life Condition requirements pursuant to the Agreement resulted in DASHR being contractually obligated to the Bank pursuant to Section II(e) of the Agreement in the amount of $131,214.20. An itemized spreadsheet for each amount with respect to the Mid-Life Condition economic adjustment for the Challenger is set forth on Exhibit B attached hereto.

16.    By not returning each Aircraft in compliance with its Mid-Life Condition requirement, each Aircraft experienced deprecation not permitted under the Agreement, and therefore DASHR was required to pay for the additional and excessive wear and tear pursuant to Section II(e) of the Agreement.

17.    Section II(b) of the Agreement also required that each Aircraft was to be returned to the Bank with all inspections and scheduled maintenance required to be performed on the

airframe, engines and all life limited parts and components to have been performed within one hundred twenty (120) days of the date of return and within one hundred (100) hours of operation from the Aircraft's total hours of operation at the time of the return (the "Inspection and Maintenance Requirement").

18.    The purpose of the Inspection and Maintenance Requirement was to ensure that upon return of each Aircraft, it is up to date on its inspections and maintenance so that it may be released or resold in the marketplace.

19.    The Bank's maintenance consultant examined the electronic maintenance tracking program to determine if DASHR complied with the Inspection and Maintenance Requirement prior to return of the Aircraft.

20.    After examination of the Learjet's electronic maintenance tracking program, the Bank's maintenance consultant prepared a report and business record detailing that the Learjet was not in compliance with the Inspection and Maintenance Requirement set forth in Section II(e) of the Agreement and that DASHR failed to perform its contractual obligation.

21.    The Bank incurred out-of-pocket costs to perform the inspection and maintenance required by the Inspection and Maintenance Requirement in the amount of $9,191.63 for the Learjet. An itemized spreadsheet for each amount with respect to the Inspection and Maintenance Requirement for the Learjet is set forth on Exhibit C attached hereto

22.    After examination of the Challenger's electronic maintenance tracking program, the Bank's maintenance consultant prepared a report detailing that the Challenger was not in compliance with the Inspection and Maintenance Requirement set forth in Section II(e) of the Agreement and that DASHR failed to perform its contractual obligation.

23.    The Bank incurred out-of-pocket costs to perform the inspection and maintenance required by the Inspection and Maintenance Requirement in the amount of $390,733.27 for the Challenger.  An itemized spreadsheet for each amount with respect to the Inspection and Maintenance Requirement for the Challenger is set forth on <u>Exhibit D</u> attached hereto

24.    Because DASHR did not perform the inspections and maintenance required by the Inspection and Maintenance Requirement, the Bank was required to perform such inspections and maintenance in order to prepare each Aircraft for resale or release.

25.    Pursuant to the terms of the Aircraft leases, DASHR was to pay a "Remarketing Fee" upon the return of the Challenger and the Learjet.  The provisions relating to the Remarketing Fee are contained in Section II(a) of the Maintenance and Return Addendum ("M&R Addendum") and Schedules Numbered 2 and 2-A to Lease Supplement Number 1 (the "Schedules") to the two leases.  Section II(a) of the M&R Addendum states as follows: "[U]pon the return of the Aircraft, upon the expiration or other termination of this Lease (whether following an Event of Default or otherwise), Lessee shall pay to Lessor the Remarketing Fee." The Schedules for the Learjet lease provide that the Remarketing Fee is calculated by multiplying the Lessor's Cost of the Learjet (*viz.*, $11,125,200) by .09 (the "Learjet Factor"), which equals $1,001,268.  The Schedules for the Challenger lease provide that the Remarketing Fee is calculated by multiplying the Lessor's Cost of the Challenger (*viz.*, $24,222,209) by .07 (the "Challenger Factor"), which equals $1,690,483.20.  The references in the Schedules to the Learjet Factor and the Challenger Factor are meant and understood in the corporate aircraft industry to be applicable to the "Lessor's Cost" of leased aircraft.

26.    I understand that the Consent Order creating the cash collateral account entered by this Court on December 23, 2005, recognized the first priority security interest of the Bank in the charter revenues deposited in this account and provided that this security interest would continue "without any additional action, including filing in the public records or otherwise, or any need to notify any entity." Consent Order, ¶ 1. I also note that Delphi's First Amended Joint Plan of Reorganization confirmed by this Court in July, 2009, continued these liens post-confirmation in Section 5.1 of that document. Notwithstanding the Consent Order's direction that the Bank need not make any public filings with respect to this cash collateral, the Bank nonetheless continued its financing statements and made other UCC filings with the Delaware Secretary of State affecting its security interest in this collateral. True and accurate copies of of summaries of these filings are attached hereto as Exhibit E.

Further affiant saith not.

I affirm under the penalties of perjury that the foregoing is true and accurate.

Dated:  April 14, 2011                         /s/  Stuart R. Schwartz
                                              Stuart R. Schwartz

EXHIBIT A

<u>Mid-Life Condition Adjustment for the Learjet</u>

**Midlife/ 50% Use Economic Adjustment Spreadsheet**
**Aircraft: Lear 60, S/N 60 237, N699DA, Pentastar Aviation, LLC**

| Item | % used over Midlife | cost to correct | Lessee Responsibility |
|---|---|---|---|
| 05-10-02-A1 -A6, labor and squawks | 30% | $ 4,260.00 | $ 1,278.00 |
| 05-10-07-B1-B6, labor and squawks | 31% | $ 12,828.00 | $ 3,976.68 |
| 05-10-25-3000 LDG | 30% | $ 11,730.00 | $ 3,519.00 |
| 05-10-27-12 YR | 31% | $ 75,100.00 | $ 23,281.00 |
| 05-PATS-490005 | 31% | $ 92.00 | $ 28.52 |
| 05-PATS-490001 | 31% | $ 782.00 | $ 242.42 |
| 05-PATS-490002 | 30% | $ 782.00 | $ 234.60 |
| 05-PATS-490004 | 30% | $ 92.00 | $ 27.60 |
| 212007A | 30% | $ 920.00 | $ 276.00 |
| 212008 | 30% | $ 644.00 | $ 193.20 |
| 215007A | 30% | $ 2,332.00 | $ 699.60 |
| 243001 | 30% | $ 3,276.00 | $ 982.80 |
| 243001A | 23% | $ 3,276.00 | $ 753.48 |
| 243002 | 16% | $ 3,276.00 | $ 524.16 |
| 243002A | 36% | $ 3,276.00 | $ 1,179.36 |
| 243049B | 19% | $ 363.00 | $ 68.97 |
| 243050B | 39% | $ 363.00 | $ 141.57 |
| 243062A | 5% | $ 317.00 | $ 15.85 |
| 243062B | 44% | $ 272.00 | $ 119.68 |
| 243063A | 44% | $ 317.00 | $ 139.48 |
| 243063B | 21% | $ 272.00 | $ 57.12 |
| 256061 | 12% | $ 106.00 | $ 12.72 |
| 256062 | 30% | $ 106.00 | $ 31.80 |
| 256063 | 40% | $ 106.00 | $ 42.40 |
| 256064 | 40% | $ 106.00 | $ 42.40 |
| 256065 | 9% | $ 106.00 | $ 9.54 |
| 256066 | 9% | $ 106.00 | $ 9.54 |
| 256067 | 20% | $ 106.00 | $ 21.20 |
| 256071 | 20% | $ 106.00 | $ 21.20 |
| 256072 | 19% | $ 106.00 | $ 20.14 |
| 256076B | 6% | $ 46.00 | $ 2.76 |
| 256078A | 6% | $ 46.00 | $ 2.76 |
| 256202-701 | 35% | $ 1,092.00 | $ 382.20 |
| 95-25-10-OMR-90115 | 18% | $ 5.00 | $ 0.90 |
| 95-25-60-OPT-90106 | 20% |  | $ - |
| 05-PATS-490002A | 20% | $ 46.00 | $ 9.20 |
| 262013A | 45% | $ 46.00 | $ 20.70 |
| 262014A | 45% | $ 46.00 | $ 20.70 |
| 262041A | 45% | $ 46.00 | $ 20.70 |
| 262042A | 45% | $ 46.00 | $ 20.70 |
| 262050D | 13% | $ 92.00 | $ 11.96 |
| 262051A | 45% | $ 46.00 | $ 20.70 |
| 262051B | 12% | $ 135.00 | $ 16.20 |
| 262052A | 45% | $ 46.00 | $ 20.70 |
| 262052B | 20% | $ 135.00 | $ 27.00 |
| 262057 | 36% | $ 454.00 | $ 163.44 |
| 05-11-00-E2710010 | 22% | $ 196.00 | $ 43.12 |
| 05-11-00-E2760061 | 8% | $ 2,518.00 | $ 201.44 |
| 05-11-00-E2760062 | 8% | $ 16.00 | $ 1.28 |
| 05-11-00-E2760063 | 8% | $ 13.00 | $ 1.04 |
| 05-11-00-E2760064 | 8% | $ 8.00 | $ 0.64 |

**Midlife/ 50% Use Economic Adjustment Spreadsheet**
**Aircraft: Lear 60, S/N 60 237, N699DA, Pentastar Aviation, LLC**

| Item | % used over Midlife | cost to correct | Lessee Responsibility |
|---|---|---|---|
| 05-11-00-G2740011 | 16% | $ 624.00 | $ 99.84 |
| 05-11-00-G2750034 | 16% | $ 132.00 | $ 21.12 |
| 274013 | 32% | $ 3,856.00 | $ 1,233.92 |
| 276001 | 8% | $ 32,151.00 | $ 2,572.08 |
| 276002 | 8% | $ 32,151.00 | $ 2,572.08 |
| 05-10-29-L2812002 | 43% | $ 552.00 | $ 237.36 |
| 05-10-29-L2812010 | 43% | $ 1,472.00 | $ 632.96 |
| 05-10-29-L2812020 | 43% | $ 1,472.00 | $ 632.96 |
| 05-11-00-G2820003 | 16% | $ 3,162.00 | $ 505.92 |
| 05-11-00-G2900001 | 16% | $ 1,092.00 | $ 174.72 |
| 312001A | 44% | $ 140.00 | $ 61.60 |
| 312002A | 44% | $ 140.00 | $ 61.60 |
| 05-11-00-E3211074 | 23% | $ 6,024.00 | $ 1,385.52 |
| 05-11-00-G3233007 | 16% | $ 1,522.00 | $ 243.52 |
| 05-10-30-RVSM-L3411015 | 36% | $ 1,288.00 | $ 463.68 |
| 341020A | 30% | $ 205.00 | $ 61.50 |
| 341020B | 30% | $ 205.00 | $ 61.50 |
| 341025A | 30% | $ 205.00 | $ 61.50 |
| 341025B | 30% | $ 205.00 | $ 61.50 |
| 345079A | 36% | $ 276.00 | $ 99.36 |
| 345080A | 36% | $ 276.00 | $ 99.36 |
| 352007A | 42% | $ 513.00 | $ 215.46 |
| 352040 | 30% | $ 1,092.00 | $ 327.60 |
| 361037A | 35% | $ 881.00 | $ 308.35 |
| 361038A | 35% | $ 881.00 | $ 308.35 |
| 383030 | 42% | $ 46.00 | $ 19.32 |
| 05-10-29-L5210025 | 44% | $ 92.00 | $ 40.48 |
| 524001 | 31% | $ 92.00 | $ 28.52 |
| 05-10-30-RVSM-N5313000 | 31% | $ 184.00 | $ 57.04 |
| 05-11-00-E5322000 | 16% | $ 728.00 | $ 116.48 |
| | | | $ 51,703.37 |

Based onb the following information as supplied by the lessee:

Date:

Aircraft Total Time:

Aircraft Cycles:

EXHIBIT B

<u>Mid-Life Condition Adjustment for the Learjet</u>

10

**Midlife/ 50% Use Economic Adjustment Spreadsheet**
**Aircraft: CL-604, S/N 5498, N599DA, Pentastar Aviation, LLC**

| Item | % used over Midlife | cost to correct | Lessee Responsibility |
|---|---|---|---|
| 050017  800hr | 23% | $ 22,738.00 | $ 5,229.74 |
| 050029-1  4800hr | 24% | $ 15,343.00 | $ 3,682.32 |
| 050029-2  6400hr | 5% | $ 1,940.00 | $ 97.00 |
| 050044  24 month | 26% | $ 12,419.00 | $ 3,228.94 |
| 050048  48 month | 38% | $ 13,913.00 | $ 5,286.94 |
| 050096  96 month including gear inspection | 45% | $ 236,397.00 | $ 106,378.65 |
| 22-22-00-101 | 24% | $ 180.00 | $ 43.20 |
| 23-00-CUS-9001 | 22% | $ 285.00 | $ 62.70 |
| 24-23-00-101 | 26% | $ 95.00 | $ 24.70 |
| 243204-001A | 19% | $ 320.00 | $ 60.80 |
| 25-00-ICT-9013 | 10% | $ 95.00 | $ 9.50 |
| 25-00-ICT-9531 | 26% | $ 95.00 | $ 24.70 |
| 257005-701A | 30% | $ 1,095.00 | $ 328.50 |
| 258082-701 | 33% | $ 743.00 | $ 245.19 |
| 258280-701 | 33% | $ 948.00 | $ 312.84 |
| 259900-702 | 23% | $ 53.00 | $ 12.19 |
| 259900-703 | 23% | $ 53.00 | $ 12.19 |
| 259900-704 | 7% | $ 53.00 | $ 3.71 |
| 259900-705 | 12% | $ 1,095.00 | $ 131.40 |
| 26-00-ICT-9001 | 37% | $ 95.00 | $ 35.15 |
| 260017-701 | 27% | $ 948.00 | $ 255.96 |
| 260017-702 | 35% | $ 948.00 | $ 331.80 |
| 260017-703 | 33% | $ 948.00 | $ 312.84 |
| 260017-704 | 33% | $ 948.00 | $ 312.84 |
| 260017-705 | 33% | $ 948.00 | $ 312.84 |
| 260017-706 | 33% | $ 948.00 | $ 312.84 |
| 260017-707 | 33% | $ 948.00 | $ 312.84 |
| 260017-708 | 33% | $ 948.00 | $ 312.84 |
| 260017-709 | 33% | $ 948.00 | $ 312.84 |
| 262104-001A | 15% | $ 765.00 | $ 114.75 |
| 262104-002A | 15% | $ 765.00 | $ 114.75 |
| 262204-001A | 15% | $ 625.00 | $ 93.75 |
| 262207-003 | 33% | $ 862.00 | $ 284.46 |
| 262207-004 | 33% | $ 862.00 | $ 284.46 |
| 262301-001A | 13% | $ 128.00 | $ 16.64 |
| 262301-002A | 20% | $ 128.00 | $ 25.60 |
| 262301-003A | 20% | $ 128.00 | $ 25.60 |
| 262301-004A | 38% | $ 128.00 | $ 48.64 |
| 27-35-01-105 | 24% | $ 380.00 | $ 91.20 |
| 27-51-04-101 | 24% | $ 95.00 | $ 22.80 |
| 273404-001A | 24% | $ 95.00 | $ 22.80 |
| 273404-002A | 24% | $ 95.00 | $ 22.80 |
| 273404—003A | 24% | $95.00 | $ 22.80 |
| 273404—004A | 24% | $95.00 | $ 22.80 |
| 30-11-00-101 | 5% | $475.00 | $ 23.75 |
| 33-00-ICT-9004 | 10% | $190.00 | $ 19.00 |
| 341201-001B | 47% | $380.00 | $ 178.60 |
| 345401-001A | 47% | $285.00 | $ 133.95 |
| 345401-002A | 47% | $285.00 | $ 133.95 |
| 351101-001 | 8% | $485.00 | $ 38.80 |

**Midlife/ 50% Use Economic Adjustment Spreadsheet**
**Aircraft: CL-604, S/N 5498, N599DA, Pentastar Aviation, LLC**

| Item | % used over Midlife | cost to correct | Lessee Responsibility |
|---|---|---|---|
| 351101-002 | 6% | $485.00 | $ 29.10 |
| 353016-701A | 19% | $295.00 | $ 56.05 |
| 36-21-00-101 | 5% | $380.00 | $ 19.00 |
| 38-00-ICT-9006 | 38% | $240.00 | $ 91.20 |
| 49-20-00-205 | 21% | $190.00 | $ 39.90 |
| 53-10-00-106 | 15% | $190.00 | $ 28.50 |
| 55-20-00-101 | 18% | $3,980.00 | $ 716.40 |
| 56-10-00-101 | 15% | $190.00 | $ 28.50 |
| 57-10-00-103 | 13% | $570.00 | $ 74.10 |
| 57-10-00-107 | 30% | $180.00 | $ 54.00 |
| 57-10-00-110 | 25% | $180.00 | $ 45.00 |
| 57-10-00-112 | 38% | $180.00 | $ 68.40 |
| 57-10-00-117 | 43% | $180.00 | $ 77.40 |
| 57-10-00-118 | 21% | $95.00 | $ 19.95 |
| 57-10-00-123 | 12% | $180.00 | $ 21.60 |
| 57-10-00-128 | 46% | $180.00 | $ 82.80 |
| 71-10-00-102 | 6% | $540.00 | $ 32.40 |
| 95-00-CUS-9001 | 18% | $0.00 | $ - |
| | | $ 321,543.00 | $ 131,214.20 |

Based on the following information as supplied by the lessee:
Date:
Aircraft Total Time:
Aircraft Cycles:

EXHIBIT C

<u>Inspections and Maintenance Performed for the Learjet</u>

**Delphi Expenses**         Customer      4078900
                            Unit          4209632

Lear 60 s/n 237

| Vendor | Date | Amount | Invoice # | Sent for Processing | G/L Acct. |
|--------|------|--------|-----------|---------------------|-----------|
| Paul Kjeseth | 7/15/2009 | 618.75 | 2009-1 | 8/10/2009 | 653503 |
| Clinton S. Camp | 11/30/2009 | 1,326.98 | 20090334 | 12/7/2009 | 635200 |
| Pentastar Aviation | 11/30/2009 | 7,060.31 | INV20096217 | 12/7/2009 | 622050 |
| Ronald N. Terry | 11/30/2009 | 750.00 | 20091130 | 12/7/2009 | 635200 |
| Dallas Jet | 12/1/2009 | -2,979.00 | | 12/10/2009 | 622050 |
| John Bucher | 12/8/2009 | 1,448.73 | 200900064 | 12/17/2009 | 622150 |
| John Bucher | 12/1/2009 | 965.86 | 200900062 | 12/17/2009 | 622150 |

Total                       $    9,191.63

EXHIBIT D

<u>Inspections and Maintenance Performed for the Challenger</u>

**Delphi Expenses**     customer     4078900
Challenger 604          unit         4209624

| Vendor | Date | Amount | Invoice # | Sent for Processing | G/L Acct. |
|--------|------|--------|-----------|---------------------|-----------|
| Paul Kjeseth | 7/15/2009 | 618.75 | 2009-1 | 8/10/2009 | 653503 |
| Honeywell | 9/1/2009 | 2,546.25 | 70203495 | 10/30/2009 | |
| Pentastar | 11/3/2009 | 8,444.47 | 103315 | | |
| West Star Aviation | 11/4/2009 | 85,000.00 | 20363 | 11/5/2009 | |
| John Bucher | 11/5/2009 | 1,295.02 | 200900057 | 11/10/2009 | 622150 |
| Justin Chadwick Lawson | 11/3/2009 | 1,563.15 | 20091103 | 11/10/2009 | 635200 |
| Pentastar | 11/4/2009 | 3,805.25 | INV20096173 | 11/10/2009 | 622050 |
| Craig H. Nelson | 11/23/2009 | 1,820.59 | 20095498 | 12/7/2009 | 635200 |
| GE Engine Services, Inc. | 12/9/2009 | 539.22 | FMOFI0902338 | 12/16/2009 | 622050 |
| Honeywell | 11/30/2009 | 101.85 | 70203497 | 12/28/2009 | 622150 |
| Controller | 1/8/2010 | 1,320.00 | 1241581 | 1/12/2010 | 622150 |
| West Star Aviation | 1/12/2010 | 220,000.00 | GJT10-00585 | 1/14/2010 | 622050 |
| John Bucher | 12/15/2009 | 1,691.36 | 200900065 | 1/14/2010 | 622150 |
| air bp/West Star | 1/19/2010 | 9,900.39 | 110042 | n/a/ | |
| Craig H. Nelson | 1/25/2010 | 2,929.14 | 20105498 | 1/27/2010 | 635200 |
| Justin Chadwick Lawson | 1/20/2010 | 3,055.89 | 20100119 | 1/27/2010 | 635200 |
| West Star Aviation | 1/28/2010 | 43,880.10 | GJT10-01865 | 2/1/2010 | 622050 |
| GE Engine Services, Inc. | 2/12/2010 | 431.38 | FMOFI1000410 | 2/12/2010 | 622050 |
| John Bucher | 1/15/2010 | 1,066.21 | 20100003 | 2/22/2010 | 653503 |
| John Bucher | 1/20/2010 | 724.25 | 20100004 | 2/22/2010 | 653503 |

Total                    $   390,733.27

## EXHIBIT E

<u>Delaware UCC Filings</u>

GRDS01 419115v4

# Delaware

*PAGE    1*

## The First State

CERTIFICATE

SEARCHED APRIL 14, 2011, AT 11:41 A.M.
FOR DEBTOR "DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES, LLC"

```
1 OF    3   FINANCING STATEMENT              40699530
        EXPIRATION DATE: MARCH 9, 2014
DEBTOR: DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                        ADDED 03-09-04
        TROY                    MI  48098       REMOVED 03-08-11
DEBTOR: DPH-DAS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                        ADDED 03-08-11
        TROY                    MI  48098
SECURED: FLEET NATIONAL BANK C/O FLEET CAPITAL CORPORATION
                                                 ADDED
                                                 REMOVED 02-22-11
SECURED: FLEET NATIONAL BANK
         ONE FINANCIAL PLAZA                     ADDED 03-09-04
         PROVIDENCE            RI  02903
SECURED: BANK OF AMERICA, N.A.
         C/O BANC OF AMERICA LEASING & CA        ADDED 02-22-11
         PITAL LLC ONE FINANCIAL PLAZA
         PROVIDENCE            RI  02903
               F I L I N G    H I S T O R Y
40699530   FILED 03-09-04   AT 11:00 A.M.  FINANCING STATEMENT
90300811   FILED 01-29-09   AT 12:52 P.M.  CONTINUATION
10652688   FILED 02-22-11   AT  4:26 P.M.  AMENDMENT
10853815   FILED 03-08-11   AT  3:37 P.M.  AMENDMENT

2 OF    3   FINANCING STATEMENT              40699555
        EXPIRATION DATE: MARCH 9, 2014
DEBTOR: DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                        ADDED 03-09-04
        TROY                    MI  48098       REMOVED 03-08-11
DEBTOR: DPH-DAS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                        ADDED 03-08-11
        TROY                    MI  48098
SECURED: FLEET NATIONAL BANK C/O FLEET CAPITAL CORPORATION
                                                 ADDED
                                                 REMOVED 02-22-11
```

Jeffrey W. Bullock, Secretary of State

20111404378UCXN

110415194

AUTHENTICATION: 8693700

DATE: 04-14-11

# Delaware

PAGE   2

### The First State

```
SECURED: FLEET NATIONAL BANK
         ONE FINANCIAL PLAZA                              ADDED 03-09-04
         PROVIDENCE                      RI   02903
SECURED: BANK OF AMERICA, N.A.
         C/O BANC OF AMERICA LEASING & CA                 ADDED 02-22-11
         PITAL LLC ONE FINANCIAL PLAZA
         PROVIDENCE                      RI   02903
              F I L I N G   H I S T O R Y
40699555  FILED 03-09-04    AT 11:00 A.M.   FINANCING STATEMENT
90300746  FILED 01-29-09    AT 12:48 P.M.   CONTINUATION
10652795  FILED 02-22-11    AT  4:30 P.M.   AMENDMENT
10854011  FILED 03-08-11    AT  3:43 P.M.   AMENDMENT

   3 OF    3  FINANCING STATEMENT               70128990
         EXPIRATION DATE: JANUARY 10, 2012
 DEBTOR: DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC
         5725 DELPHI DRIVE                                ADDED 01-10-07
         TROY                           MI   48098
SECURED: J.P. MORGAN CHASE BANK, N.A., AS AGENT
         P.O. BOX 2558                                    ADDED 01-10-07
         HOUSTON                        TX   77252
              F I L I N G   H I S T O R Y
70128990  FILED 01-10-07    AT  2:48 P.M.   FINANCING STATEMENT
93227631  FILED 10-07-09    AT  7:41 P.M.   TERMINATION
         E N D   O F   F I L I N G   H I S T O R Y
```

   THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE
ABOVE LISTING IS A RECORD OF ALL PRESENTLY EFFECTIVE FINANCING
STATEMENTS, FEDERAL TAX LIENS AND UTILITY SECURITY INSTRUMENTS
FILED IN THIS OFFICE WHICH NAME THE ABOVE DEBTOR, AS OF MARCH
31, 2011 AT 11:59 P.M.

Jeffrey W. Bullock, Secretary of State

20111404378UCXN

110415194

AUTHENTICATION: 8693700

DATE: 04-14-11

# Delaware

**PAGE   1**

### The First State

CERTIFICATE

SEARCHED APRIL 14, 2011, AT 11:40 A.M.
FOR DEBTOR "DPH-DAS HUMAN RESOURCES LLC"

```
1 OF   2   FINANCING STATEMENT              40699530
          EXPIRATION DATE: MARCH 9, 2014
DEBTOR: DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                    ADDED 03-09-04
        TROY                    MI  48098    REMOVED 03-08-11
DEBTOR: DPH-DAS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                    ADDED 03-08-11
        TROY                    MI  48098
SECURED: FLEET NATIONAL BANK C/O FLEET CAPITAL CORPORATION
                                             ADDED
                                    REMOVED 02-22-11

SECURED: FLEET NATIONAL BANK
         ONE FINANCIAL PLAZA                 ADDED 03-09-04
         PROVIDENCE              RI  02903
SECURED: BANK OF AMERICA, N.A.
         C/O BANC OF AMERICA LEASING & CA    ADDED 02-22-11
         PITAL LLC ONE FINANCIAL PLAZA
         PROVIDENCE             RI  02903
         F I L I N G   H I S T O R Y
40699530   FILED 03-09-04   AT 11:00 A.M.   FINANCING STATEMENT
90300811   FILED 01-29-09   AT 12:52 P.M.   CONTINUATION
10652688   FILED 02-22-11   AT  4:26 P.M.   AMENDMENT
10853815   FILED 03-08-11   AT  3:37 P.M.   AMENDMENT

  2 OF   2   FINANCING STATEMENT              40699555
          EXPIRATION DATE: MARCH 9, 2014
DEBTOR: DELPHI AUTOMOTIVE SYSTEMS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                    ADDED 03-09-04
        TROY                    MI  48098    REMOVED 03-08-11
DEBTOR: DPH-DAS HUMAN RESOURCES LLC
        5725 DELPHI DRIVE                    ADDED 03-08-11
        TROY                    MI  48098
SECURED: FLEET NATIONAL BANK C/O FLEET CAPITAL CORPORATION
                                             ADDED
                                    REMOVED 02-22-11
```

Jeffrey W. Bullock, Secretary of State

20111404352UCXN

110415189

AUTHENTICATION: 8693699

DATE: 04-14-11

# Delaware

PAGE   2

## The First State

SECURED: FLEET NATIONAL BANK
ONE FINANCIAL PLAZA
PROVIDENCE                    RI   02903        ADDED 03-09-04
SECURED: BANK OF AMERICA, N.A.
C/O BANC OF AMERICA LEASING & CA          ADDED 02-22-11
PITAL LLC ONE FINANCIAL PLAZA
PROVIDENCE                    RI   02903

F I L I N G     H I S T O R Y
40699555   FILED 03-09-04   AT 11:00 A.M.   FINANCING STATEMENT
90300746   FILED 01-29-09   AT 12:48 P.M.   CONTINUATION
10652795   FILED 02-22-11   AT  4:30 P.M.   AMENDMENT
10854011   FILED 03-08-11   AT  3:43 P.M.   AMENDMENT
E N D   O F   F I L I N G   H I S T O R Y

   THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE
ABOVE LISTING IS A RECORD OF ALL PRESENTLY EFFECTIVE FINANCING
STATEMENTS, FEDERAL TAX LIENS AND UTILITY SECURITY INSTRUMENTS
FILED IN THIS OFFICE WHICH NAME THE ABOVE DEBTOR, AS OF MARCH
31, 2011 AT 11:59 P.M.

Jeffrey W. Bullock, Secretary of State

20111404352UCXN

110415189

AUTHENTICATION: 8693699

DATE: 04-14-11