UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
    In re                                     :        Chapter 11
                                          :
DPH HOLDINGS CORP., et al.,               :        Case No. 05-44481 (RDD)
                                          :
               Reorganized Debtors. :       (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
(I) DISALLOWING AND EXPUNGING SCHEDULED LIABILITY NUMBER 10396186
SCHEDULED ON BEHALF OF AMERICAN CABLE COMPANY INC. AND
SUBSEQUENTLY TRANSFERRED TO MADISON NICHE OPPORTUNITIES LLC AND (II)
MODIFYING AND ALLOWING SCHEDULED LIABILITY NUMBER 10402173
SCHEDULED ON BEHALF OF UNION METAL PRODUCTS CORP. EFT AND
SUBSEQUENTLY TRANSFERRED TO MADISON INVESTMENT TRUST SERIES 38

("CLAIMS OBJECTION ORDER REGARDING
SCHEDULED LIABILITY NUMBERS 10396186 AND 10402173")

Upon the Reorganized Debtors' Forty-Fourth Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And (d) And Fed. R. Bankr. P. 3007 To (I) Modify And Allow (A) Certain Modified And Allowed Claims, (B) A Partially Satisfied Claim, And (C) Certain Partially Satisfied Scheduled Liabilities, (II) Disallow And Expunge (A) Certain Fully Satisfied Scheduled Liabilities, (B) Certain MDL-Related Claims, (C) Certain Union Claims, (D) Certain Personal Injury Claims, And (E) A Duplicate Claim, (III) Object To Certain (A) Preference-Related Claims And (B) Preference-Related Scheduled Liabilities, And (IV) Modify Certain SERP-Related Scheduled Liabilities (Docket No. 19395) (the "Forty Fourth Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), successors of Delphi Corporation and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), among other things, objected to (a) scheduled liability number 10396186 scheduled on behalf of American Cable Company Inc. and subsequently transferred to Madison Niche Opportunities LLC ("Madison Niche") and (b) scheduled liability number 10402173 scheduled on behalf of United Metal Products Corp. EFT and subsequently transferred to Madison Investment Trust Series 38 ("Madison Investment," and together with Madison Niche, "Madison"); and upon Madison's responses to the Forty-Fourth Omnibus Claims Objection (Docket Nos. 19690 and 19691) (the "Responses"); and upon the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Reorganized Debtors' Objection To (I) Scheduled Liability Number 10396186 Scheduled On Behalf Of American Cable Company Inc. And Subsequently Transferred To Madison Niche Opportunities LLC And (II) Scheduled Liability Number 10402173 Scheduled On Behalf Of Union Metal Products Corp. EFT And Subsequently Transferred To Madison Investment Trust Series 38 (Docket No. 21204) (the "Supplemental Reply," and together with the Forty-Fourth Omnibus Claims Objection and the Responses, the "Pleadings"); and upon the record of the April 21, 2011 sufficiency hearing held on the Forty-Fourth Omnibus Claims Objection to scheduled liability numbers 10396186 and 10402173; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.  American Cable Company Inc. and Madison Niche, the holders of scheduled liability number 10396186, and United Metal Products Corp. EFT and Madison Investment, the holders of scheduled liability number 10402173, were properly and timely

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Fourth Omnibus Claims Objection.

2

served with a copy of the Forty-Fourth Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Forty-Fourth Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Fourth Omnibus Claims Objection.

        B.      Madison submitted the Responses to the Forty-Fourth Omnibus Claims Objection.

        C.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

        D.      On March 24, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To (I) Debtors' Objection To Proof Of Claim Number 9647 And (II) Reorganized Debtors' Objection To Scheduled Liability Numbers 10396186 And 10402310 (Docket No. 21178) (the "Sufficiency Hearing Notice").

        E.      American Cable Company Inc., Madison Niche, United Metal Products Corp. EFT, and Madison Investment were each properly and timely served with a copy of the Sufficiency Hearing Notice and the Supplemental Reply.

        F.      This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334.  The Pleadings are core proceedings under 28

3

U.S.C. § 157(b)(2).  Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

       G.     For the reasons stated by this Court at the April 21, 2011 hearing, Madison has failed to sufficiently plead <u>prima</u> facie claims except as provided herein; therefore, (a) scheduled liability number 10396186 should be disallowed and expunged in its entirety and (b) scheduled liability number 10402173 should be modified and allowed as a general unsecured non-priority claim in the amount of $1,637.30 against DPH-DAS LLC.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

       1.     Scheduled liability number 10396186 is hereby disallowed and expunged in its entirety.

       2.     Scheduled liability number 10402173 is hereby modified and allowed as a general unsecured non-priority claim in the amount of $1,637.30 against DPH-DAS LLC.

       3.     This Court shall retain original and exclusive jurisdiction over the Reorganized Debtors and the holders of the claims subject to the Forty-Fourth Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

       4.     Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       April 26, 2011

                          /s/Robert D. Drain
                          UNITED STATES BANKRUPTCY JUDGE