UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
: 
    In re                                    :        Chapter 11
:
DPH HOLDINGS CORP., et al.,        :        Case No. 05-44481 (RDD)
:
               Reorganized Debtors. :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO 11 U.S.C. § 502(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF CLAIM NUMBER 9647
FILED BY PARK ENTERPRISES OF ROCHESTER, INC. AND
SUBSEQUENTLY TRANSFERRED TO LONGACRE MASTER FUND LTD.

("CLAIMS OBJECTION ORDER REGARDING
PROOF OF CLAIM NUMBER 9647")

Upon the Debtors' Twenty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 502(B) And Fed. R. Bankr. P. 3007 To Certain Claims To Implement Cure Payments And Modify General Unsecured Claims By Amount Of Cure Payments (Docket No. 12687) (the "Twenty-Seventh Omnibus Claims Objection"), by which Delphi Corporation and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), among other things, objected to proof of claim number 9647 filed by Park Enterprises of Rochester, Inc. ("Park") and subsequently transferred to Longacre Master Fund Ltd. ("Longacre," and together with Park, the "Claimants"); and upon Longacre's response to the Twenty-Seventh Omnibus Claims Objection (Docket No. 13089) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply To Response Of Claimant To Debtors'

Objection To Proof Of Claim Number 9647 Filed By Park Enterprises Of Rochester, Inc. And Subsequently Transferred To Longacre Master Fund Ltd. (Docket No. 21203) (the "Supplemental Reply," and together with the Twenty-Seventh Omnibus Claims Objection and the Response, the "Pleadings"); and upon the record of the April 21, 2011 sufficiency hearing held on the Twenty-Seventh Omnibus Claims Objection to proof of claim number 9647; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.  Park was properly and timely served with a copy of the Twenty-Seventh Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the proposed order with respect to the Twenty-Seventh Omnibus Claims Objection, and the notice of the deadline for responding to the Twenty-Seventh Omnibus Claims Objection.

B.  Longacre submitted the Response to the Twenty-Seventh Omnibus Claims Objection.

C.  On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Twenty-Seventh Omnibus Claims Objection.

2

this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

   D. On March 24, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To (I) Debtors' Objection To Proof Of Claim Number 9647 And (II) Reorganized Debtors' Objection To Scheduled Liability Numbers 10396186 And 10402310 (Docket No. 21178) (the "Sufficiency Hearing Notice").

   E. The Claimants were properly and timely served with a copy of the Sufficiency Hearing Notice, Claims Objection Procedures Order, and the Supplemental Reply.

   F. Park represented at the April 21, 2011 hearing that the rights with respect to proof of claim number 9647 were transferred back from Longacre to Park.

   G. This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   H. For the reasons stated by this Court at the April 21, 2011 hearing, , proof of claim 9647 should be disallowed and expunged in its entirety as a duplicate claim; <u>provided</u>, <u>however</u>, the Reorganized Debtors shall not subsequently object to proof of claim number 16395 on the basis that such claim was untimely, but reserve all other rights, including but not limited to those rights under 11 U.S.C. § 502(d), with respect to proof of claim number 16395.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1. Proof of claim number 9647 is disallowed and expunged in its entirety.

3

        2.        The Reorganized Debtors shall not subsequently object to proof of claim number 16395 on the basis that such claim was untimely, but reserve all other rights, including but not limited to those rights under 11 U.S.C. §502(d), with respect to proof of claim number 16395.

        3.        This Court shall retain exclusive and original jurisdiction over the Reorganized Debtors and the Claimants as the holders of the claims subject to the Twenty-Seventh Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

        4.        Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       April 26, 2011

                      /s/Robert D. Drain
                      UNITED STATES BANKRUPTCY JUDGE