Neil A. Goteiner (NG 1644)  
Dean M. Gloster, *Pro Hac Vice*  
FARELLA BRAUN + MARTEL LLP  
235 Montgomery Street, 17th Floor  
San Francisco, CA  94104  
Telephone:  (415) 954-4400  
Facsimile:  (415) 954-4480  

Attorneys for OFFICIAL COMMITTEE OF  
ELIGIBLE SALARIED RETIREES  

Hearing Date:  May 26, 2011, 10 a.m. Prevailing Eastern Time  

Objection Date:  May 19, 2011  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

----------------------------------------------------x  
              In re:  

DPH HOLDINGS CORP., et al.,  

              Reorganized Debtors.  
----------------------------------------------------x  

Chapter 11  

Case No. 05-44481 (RDD)  

(Jointly Administered)  

### DECLARATION OF DEAN M. GLOSTER IN SUPPORT OF MOTION BY OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES FOR ORDER DESIGNATING <u>VEBA BENEFITS IN LIEU OF COBRA</u>

I, Dean M. Gloster, hereby declare:

1.     I am a partner at the law firm of Farella Braun + Martel LLP, and have served in this matter as the attorney for the Official Committee of Eligible Salaried Retirees appointed by this Court under Bankruptcy Code Section 1114.  (The "Retirees' Committee".)  Except as otherwise specifically stated below, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

2.     On March 11, 2009, the Court entered an order (Docket No. 16448, the "Final OPEB Termination Order.") authorizing the Debtors to cease all contributions to retiree medical

and related benefit plans as of April 1, 2009, and the Salaried Retiree 1114 Committee filed a notice of appeal to that order (Docket No. 16458.)

3.  Pursuant to the terms of the order appointing the Salaried Retiree 1114 Committee, the Salaried Retiree 1114 Committee then negotiated with the Debtors through counsel to settle that appeal.  A principal goal of the Salaried Retiree 1114 Committee in those negotiations was to try to obtain some practical and affordable means of providing continued health and other benefits for retirees given the termination of subsidized benefits by the Debtors.

4.  After extensive but rapid negotiations, the Salaried Retiree 1114 Committee reached a settlement with the Debtors, and on April 1, 2009, the Debtors filed an expedited motion seeking approval from this Court for the compromise and settlement (the "Settlement"). (Docket No. 16535.)  This Court approved the Settlement by an order entered April 3, 2009 ("the Settlement Approval Order.")  (Docket No. 16547.)

5.  Under the terms of the Settlement, the Debtors was to make a series of payments totaling $8.75 million to the Salaried Retiree 1114 Committee or a Voluntary Employee Benefit Association ("VEBA") it established, for the benefit of salaried retirees and their dependents. Under the Settlement Approval Order, the Salaried Retiree 1114 Committee was expressly authorized to establish a VEBA that could provide a benefit for retirees eligible for the Health Coverage Tax Credit ("HCTC") under 26 U.S.C. § 35(e)(1)(K).

6.  At the time of the Settlement, the Debtors faced numerous uncertainties, including a potential risk that the Debtors would be liquidated before all the payments called for under the Settlement were made.  The Debtors' secured lenders did not agree to subordinate their liens to the obligation to make the payments required under the Settlement.

7. I discussed with the Salaried Retiree 1114 Committee that if the Debtors did not perform their obligations under the Settlement, there was a potential to use the argument, for leverage with either the Debtors, its lenders, or a potential asset buyer, that retirees should receive lifetime COBRA coverage under the COBRA statute, 29 U.S.C. § 1163(6) and 29 U.S.C. § 1162(2)(A)(iii). (Providing COBRA coverage is an administrative burden on the provider, and because the retiree population is older with more expensive health issues than active employees, it increases the overall cost to the benefit provider.)

8. Fortunately, the Debtors did make all the payments required under the Settlement, and as provided in the Settlement Approval Order, the Retirees' Committee did establish a VEBA, which sponsored HCTC-eligible (and other) health, prescription drug, vision care, and dental benefits to the Debtors' retirees and their dependents and survivors.

9. Given the successful consummation of the Settlement, the Retirees' Committee made the deliberate tactical choice not to pursue litigation over a right to COBRA continuation coverage from the Debtors. In addition to being potentially outside the scope of the order appointing the Retirees' Committee, there were numerous reasons for this tactical choice, including (A) the VEBA could offer more tailored solutions responsive to retiree needs; (B) COBRA coverage is expensive and a one-time election; (C) the retirees' benefits had been terminated more than one year after the bankruptcy filing and as a result the Debtors argued that eligibility for lifetime COBRA was inapplicable under the COBRA statute; (D) in view of the expected sale of their assets in the bankruptcy, the Debtors could eliminate any COBRA rights by not providing benefits to an active employee work force; (E) either through a confirmed bankruptcy plan or the terms of an order approving sale of its assets, the Debtors could potentially cut off COBRA obligations in any event. In light of those concerns, pursuing

3

litigation for COBRA continuation coverage would have been expensive, with no benefit to the retirees. As a result, we made the decision to provide benefits through the VEBA established under the order of this Court rather than to expend retiree resources on pursuing litigation to establish COBRA coverage.

      10.    I am informed and believe that DPH Holdings, Inc., the reorganized debtor, has few employees or even no more than one employee at present, making it a poor vehicle for providing critical health care benefits to the thousands of retirees and dependents currently enrolled in benefits through the VEBA established by the Retirees' Committee.

      I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief and that this Declaration was executed in San Francisco, California on May 5, 2011.



          /s/ *Dean M. Gloster*
          Dean M. Gloster

10629\2571832.3