SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

  - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
   In re                                            :    Chapter 11
                                                    :
DPH HOLDINGS CORP., et al.,                         :    Case No. 05-44481 (RDD)
                                                    :
            Reorganized Debtors.                    :    (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS AND THE STATE OF ILLINOIS ON BEHALF OF THE ILLINOIS
ENVIRONMENTAL PROTECTION AGENCY COMPROMISING AND
ALLOWING PROOF OF CLAIM NUMBER 10885

(ILLINOIS ENVIRONMENTAL PROTECTION AGENCY)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors") and the State of Illinois on behalf of the Illinois Environmental Protection Agency (the "Claimant") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors And Illinois Environmental Protection Agency Compromising And Allowing Proof of Claim Number 10885 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 25, 2006, the Claimant filed proof of claim number 10885 (the "Claim") against DAS LLC asserting an unliquidated general unsecured non-priority claim relating to environmental response costs allegedly incurred, and to be incurred, by the Claimant.

WHEREAS, on October 31, 2006, the Debtors objected to the Claim pursuant to the Debtors' (I) Third Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 to Certain (A) Claims With Insufficient Documentation, (B) Claims Unsubstantiated By Debtors' Books And Records, And (C) Claims Subject To Modification And (II) Motion To Estimate Contingent And Unliquidated Claims Pursuant To 11 U.S.C. § 502(c) (Docket No. 5452) (the "Third Omnibus Claims Objection").

WHEREAS, on November 22, 2006, the Claimant filed the Response And Exhibits To Delphi's Objection To Its Claim (No. 10885) By Illinois Environmental Protection Agency (Docket No. 6067) (the "Response").

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, to resolve the Third Omnibus Claims Objection with respect to the Claim against the Reorganized Debtors, the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that, among other things, the Claim will be modified and allowed as a general unsecured non-priority claim in the amount of $750,000.00 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

3

1. The Claim shall be allowed in the amount of $750,000.00 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2. The Response is hereby deemed withdrawn with prejudice.

3. The Claimant hereby acknowledges that the allowance of the Claim as a general unsecured non-priority claim in the amount of $750,000.00 against DPH-DAS LLC is in full satisfaction of all amounts asserted in the Claim, and the Claimant on its own behalf and on behalf of each of its successors, assigns, and affiliated entities, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "State of Illinois"), hereby covenants not to sue each of the Debtors, Reorganized Debtors, and each of their respective successors, assigns, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents (collectively, the "Debtor Parties"), for the matters and causes of action asserted in the Claim and further agrees that the Claim is not entitled to any treatment other than that set forth herein.

4. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of the Claim. Pursuant to Section 22.2a of the Illinois Environmental Protection Act, 415 ILCS 5/ 22.2a, this settlement does not discharge any other potentially responsible party for any liability set forth in the Claim and any reduction in the total potential liability of the other potentially responsible parties is limited to those amounts actually paid pursuant to the Modified Plan.

    5.  This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 12th day of May, 2011

               /s/Robert D. Drain_____
               UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Thomas E. Davis |
|---|---|
| John Wm. Butler, Jr. | Thomas E. Davis |
| John K. Lyons | Chief Assistant Attorney General |
| Ron E. Meisler | 500 South Second Street |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Springfield, Illinois 62706 |
| 155 North Wacker Drive | For the State of Illinois and Illinois |
| Chicago, Illinois 60606 | Environmental Protection Agency |

    - and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors