TOGUT, SEGAL & SEGAL LLP
Bankruptcy Conflicts Counsel for DPH Holdings Corp.
Reorganized Debtors
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Lara Sheikh

DPH Holding Corp., Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holding Corp., Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                :
    In re                           :        Chapter 11
                                                :
DPH HOLDING CORP., *et al.*,                    :        Case No. 05-44481 (RDD)
                                                :
             Debtors.   :        (Jointly Administered)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOINT STIPULATION AND AGREED
ORDER BETWEEN REORGANIZED DEBTORS
AND BANK OF AMERICA, N.A. (I) COMPROMISING
AND ALLOWING PROOF OF CLAIM NUMBERS 20006,
20007 AND 20008;  AND (II) DISALLOWING AND EXPUNGING
PROOF OF CLAIM NUMBERS 11317, 11470, 11457, 19585, 19586 AND
19587 AND PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS
<u>19069, 19087, 19088, 19123, 19124, 19125, 19602, 19603, 19604, 19815, 19816 AND 19817</u>

(BANK OF AMERICA, N.A.)

DPH Holdings Corp. and certain of its affiliated reorganized debtors in

the above-captioned cases (collectively, the "Reorganized Debtors") and Bank of

America, N.A. ("BANA" or "Claimant") (Reorganized Debtors and BANA, the "Parties") respectfully submit this Joint Stipulation and Agreed Order Between Reorganized Debtors and BANA (I) Compromising and Allowing Proof of Claim Numbers 20006, 20007 and 20008; and (II) Disallowing and Expunging (a) Proof of Claim Numbers 11317, 11470, 11457, 19585, 19586 and 19587 and (b) Proof of Administrative Expense Claim Numbers 19069, 19087, 19088, 19123, 19124, 19125, 19602, 19603, 19604, 19815, 19816 and 19817 (the "Stipulation") and agree and state:

WHEREAS, on October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Human Resources, LLC ("DAS HR") and Delphi Automotive Systems LLC ("DAS"), former debtors and debtors-in-possession in the above captioned cases (the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

WHEREAS, prior to the Petition Date, DAS HR and Claimant entered into a certain Learjet aircraft (the "Learjet Aircraft") lease dated March 30, 2001 (the "Learjet Lease") and a certain Challenger aircraft (the "Challenger Aircraft," together with the Learjet Aircraft, the "Aircraft") lease, dated March 30, 2001 (the "Challenger Lease," together with the Learjet Lease, the "Leases").

WHEREAS, on November 11, 2005, Claimant filed its Motion (I) to Provide Adequate Protection for Security Interest in Collateral; and (II) to Terminate the Automatic Stay With Respect to Cash Collateral (Docket No. 1022) (the "Adequate Protection Motion").

WHEREAS, the Adequate Protection Motion was resolved by a Consent Order dated January 12, 2006 (the "Consent Order"), which required DAS HR to deposit into a segregated account (the "Collateral Account") all of the Aircraft Cash Collateral (as defined in the Consent Order), less monthly expenses.

WHEREAS, on or about July 27, 2006, Claimant filed Proofs of Claim Numbers 11317, 11470 and 11457 (the "Pre-Confirmation Claims") against DAS HR, DAS and Delphi, respectively, asserting a lien against funds on deposit in the Collateral Account.  The Pre-Confirmation Claims were amended on August 25, 2009 and, again, on November 3, 2009 by Proofs of Claim Numbers 19585, 19586 and 19587, and 20006, 20007 and 20008, respectively (collectively, with the Pre-Confirmation Claims, the "Pre-Petition Claims").

WHEREAS, on or about July 15, 2009, Claimant filed Proofs of Administrative Claim 19087 and 19124 ("Claims 19087 and 19124") against DAS HR asserting administrative priority claims in unliquidated amounts in excess of $8,691,000, triggered by DAS HR's rejection of the Leases.  Claims 19087 and 19124 were amended on September 15, 2009 by Proof of Administrative Claim 19602 ("Claim 19602") in an unliquidated amount in excess of $10,352,500, and again on November 2, 2009 by Proof

3

of Administrative Claim 19815 ("Claim 19815") in an unliquidated amount in excess of $10,633,035.

WHEREAS, on or about July 15, 2009, Claimant filed (a) Proofs of Administrative Claim numbers 19069 and 19125 ("Claims 19069 and 19125") against DAS and (b) Proofs of Administrative Claim 19088 and 19123 ("Claims 19088 and 19123") against Delphi, arising from DAS and Delphi's guaranty of DAS HR's obligations under the Leases and asserting administrative priority claims in unliquidated amounts in excess of $8,691,000.  Claims 19069 and 19125 and Claims 19088 and 19123 were amended on September 15, 2009 by Proofs of Administrative Claim 19603 ("Claim 19603") and 19604 ("Claim 19604"), each in an unliquidated amount in excess of $10,352,500 and again on November 2, 2009 by Proof of Administrative Claim 19817 ("Claim 19817") and 19816 ("Claim 19816"), each in an unliquidated amount in excess of $10,633,035.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified, (the "Modified Plan"), which had been approved by this Court pursuant to an order entered July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

WHEREAS, on October 15, 2009, the Debtors objected to Claim 19088 pursuant to The Debtors' Thirty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to Expunge Certain (I) Prepetition Claims, (II) Equity

4

Interest, (III) Books and Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims (VI) Pension, Benefit and OPEB Claims and (VII) Duplicate Claims (the "Thirty-Seventh Omnibus Objection") (Docket No. 18984) on the ground that Claim 19088 is duplicative of Claim 19123.

WHEREAS, on October 27, 2009, Claimant filed its Response to the Thirty-Seventh Omnibus Objection (Docket No. 19018) and on November 2, 2009, Claimant filed its Amended Response to the Thirty-Seventh Omnibus Objection (Docket No. 10922).

WHEREAS, on April 16, 2010, the Debtors objected to Claim 19069, Claim 19087, Claim 19123, Claim 19124, Claim 19125, Claim 19602, Claim 19603, Claim 19604, Claim 19815, Claim 19816, and Claim 19817 (together with Claim 19088, the "Administrative Claims"), pursuant to The Debtors' Forty-Seventh Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to (I) Disallow And Expunge (A) Certain Administrative Expense Books and Records Claims, (B) A Certain Administrative Expense Duplicate Claim, and (C) Certain Administrative Expense Duplicate Substantial Contribution Claims, and (II) Modify Certain Administrative Expense Claims (the "Forty-Seventh Omnibus Objection") (Docket No. 19873) on the ground that the Claims are not reflected on the Debtors' books and records.

WHEREAS, on May 11, 2010, Claimant filed responses (together with Claimant's response to the Thirty-Seventh Omnibus Objection, the "Responses") (Docket Nos. 20018, 20019, 20020, 20022, 20023, 20024, 20025, 20026, 20027 and 20028) to the Forty-Seventh Omnibus Objection.

5

WHEREAS, on March 22, 2011, the Reorganized Debtors filed a Notice of Claims Objection Hearing with Respect to their Objection to the Administrative Claims (Docket No. 21171).

WHEREAS, on March 29, 2011, the Reorganized Debtors filed a Statement of Disputed Issues with Respect to their Objection to the Administrative Claims (Docket No. 21187).

WHEREAS, on April 14, 2011, Claimant filed its Supplemental Response (Docket No. 21209) (the "Supplemental Response") with respect to the Administrative Claims.

WHEREAS, on April 21, 2011, the Reorganized Debtors served their First Set of Interrogatories and Requests for Production of Documents related to the Administrative Claims (the "Reorganized Debtors' Discovery Requests") on the Claimant.

WHEREAS, on April 28, 2011, the Reorganized Debtors filed a Supplemental Reply with respect to the Administrative Claims (Docket No. 21242) (the "Supplemental Reply").

WHEREAS, on May 5, 2011, Claimant served on the Reorganized Debtors its First Set of Requests for Production of Documents related to the Administrative Claims (the "Claimant's Discovery Requests," together with the Reorganized Debtors' Discovery Requests, the "Discovery Requests").

WHEREAS, as of the date of this Stipulation, there is $1,214,681.40 on deposit in the Collateral Account.

6

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Reorganized Debtors and making distributions (if any) with respect to all Claims and Interests."  Modified Plan, Art. 9.6.

WHEREAS, the Reorganized Debtors and BANA have entered into this Stipulation to resolve the Thirty-Seventh Omnibus Objection, the Forty-Seventh Omnibus Objection, the Responses, the Supplemental Response, the Supplemental Reply and the Discovery Requests with respect to the Pre-Petition Claims and the Administrative Claims (collectively, the "Claims").

NOW, THEREFORE, the Reorganized Debtors and BANA stipulate and agree as follows:

1. Claim 20006 shall be allowed against DAS HR:  (a) in the amount of $1,214,681.40 as a secured claim (the "Secured Claim") and (b) in the amount of $17,654,374.62 and shall be treated as an allowed general unsecured non-priority claim in accordance with the terms of the Modified Plan.

2. Claim 20007 shall be allowed in the amount of $17,654,374.62 and shall be treated as an allowed general unsecured non-priority claim against Delphi in accordance with the terms of the Modified Plan.

    3.  Claim 20008 shall be allowed in the amount of $17,654,374.62 and shall be treated as an allowed general unsecured non-priority claim against DAS in accordance with the terms of the Modified Plan.

    4.  The Administrative Claims are disallowed and expunged in their entirety.

    5.  With exception only to Claim 20006, Claim 20007 and Claim 20008, the Pre-Petition Claims are disallowed and expunged in their entirety.

    6.  The Thirty-Seventh Omnibus Objection and the Forty-Seventh Omnibus Objection are hereby deemed withdrawn with prejudice as they pertain to the Claims.

    7.  The Responses, Supplemental Response, the Supplemental Reply and the Discovery Requests are hereby deemed withdrawn with prejudice. The trial set for May 26, 2011 is accordingly vacated.

    8.  Payment of the Secured Claim and any additional interest remaining in the Collateral Account shall be made to BANA within ten business days after an Order approving this Stipulation becomes a final Order, and shall be made by wire transfer to Bank of America, N.A., 100 N. Tryon Street, Charlotte, North Carolina 28255, Attention: Stuart R. Schwartz, in accordance with specific wire instructions exchanged between the parties.

9. BANA and the Reorganized Debtors, on their behalf as well as on behalf of the Debtors, mutually release each other and their respective predecessors in interest, successors, shareholders, directors, officers, employees, agents, attorneys and assigns of any and all obligations, claims, and demands arising out of, by reason of, or relating to the Collateral Account, Aircraft and the Leases, except that the obligations arising out of this Stipulation and the Modified Plan are not released. For the avoidance of doubt, this Stipulation does not settle, affect or impair any claims other than the Claims resolved and the liabilities released herein. It is expressly understood and agreed that the releases will not settle, affect or impair any other claims that BANA or the Reorganized Debtors may have against each other relating to any matters other than the Collateral Account, the Aircraft and the Leases, including without limitation pre and post-petition financing.

10. This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties.

11. This Stipulation may be executed in one or more counterparts, including by email and facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

12. This Stipulation shall be effective upon execution by BANA and the Reorganized Debtors, and subject only to any necessary approval by the Bankruptcy Court. Within three business days after the parties have executed this Stipulation, the

Reorganized Debtors will promptly submit or file any necessary papers to obtain Bankruptcy Court approval of this Stipulation, and upon Bankruptcy Court approval of the Stipulation, the objections to the Claims shall be deemed withdrawn with prejudice without further action by the parties, as contemplated herein.  If, for any reason, this Stipulation is voided or not approved by the Bankruptcy Court, the Stipulation shall be deemed null and void, and the parties shall be returned to their positions as they existed on May 8, 2011.

*[Concluded on Following Page]*

13.   The Bankruptcy Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising or in connection with this Stipulation.

So Ordered in White Plains, New York, this 18th day of May 2011

                        /s/Robert D. Drain
                        HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ Lara Sheikh | /s/ Damon Leichty |
|---|---|
| Neil Berger | Patrick Mears |
| Lara Sheikh | Damon Leichty |
| TOGUT, SEGAL & SEGAL LLP | BARNES THORNBURG LLP |
| One Penn Plaza, Suite 3335 | 171 Monroe Avenue, NW, Suite 1000 |
| New York, New York 10119 | Grand Rapids, Michigan 49503 |
| | |
| Attorneys for DPH Holdings Corp., *et al.*, Reorganized Debtors | Attorneys for Bank of America, N.A. |

11