SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, CENTRAL TRANSPORT INTERNATIONAL, INC., AND DELPHI
AUTOMOTIVE SYSTEMS, LLC COMPROMISING AND ALLOWING
<u>PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 18667</u>

(CENTRAL TRANSPORT INTERNATIONAL, INC.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Central Transport International, Inc. (the "Claimant"), and Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Central Transport International, Inc., And Delphi Automotive Systems, LLC Compromising And Allowing Proof Of Administrative Expense Claim Number 18667 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive System LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 14, 2009, the Claimant filed proof of administrative expense claim number 18667 (the "Claim") against Delphi asserting an administrative expense priority claim in the amount of $89,972.35 arising from certain shipping and logistics services allegedly rendered by the Claimant to the Debtors.

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC, among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA) assumed certain administrative expense liabilities of the Debtors.

2

WHEREAS, pursuant to the MDA, New DAS LLC, as a subsidiary of Delphi Automotive LLP (as assignee of DIP Holdco 3 LLC), assumed certain administrative expense liabilities related to the Claim.

WHEREAS, on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.  In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 18, 2010, the Claimant filed its Response To Reorganized Debtors' Forty-Third Omnibus Claims Objection To Proof Of Claim No. 18667 Filed By Central Transport International, Inc. (Docket No. 19498) (the "Response").

WHEREAS, to resolve (a) the Forty-Third Omnibus Claims Objection with respect to the Claim and (b) all other claims held by the Central Releasing Parties (as defined below) against any of the Released Parties (as defined below), the Reorganized Debtors, the Claimant, and New DAS LLC entered into this Stipulation, pursuant to which, among other things, the Reorganized Debtors, the Claimant, and New DAS LLC agreed that the Claim should be allowed as an administrative claim in the amount of $44,986.18 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors, the Claimant, and New DAS LLC stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $44,986.18 and shall be treated as an allowed administrative claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2. New DAS LLC shall pay to the Claimant $43,925.55 and DPH-DAS LLC shall pay to the Claimant $1,060.63 in full and final satisfaction of the Claim. Satisfaction of a portion of the Claim through the payment of $43,925.55 shall be the sole responsibility of New DAS LLC. The Reorganized Debtors shall have no responsibility with respect to the payment of $43,925.55 to be made by New DAS LLC.

3. Notwithstanding anything to the contrary in the Modified Plan, within 45 days of the Court entering this Stipulation on the Court's docket, New DAS LLC and DPH-DAS LLC shall remit the payments set forth in paragraph 2 by checks payable to "Central Transport International, Inc. " and will be mailed to the following address:

Central Transport International, Inc.
Attention: Adrianna Alberts
12225 Stephens Rd.
Warren, MI 48089

4. The Response is hereby deemed withdrawn with prejudice.

5. Allowance of the Claim in the amount of $44,986.18 is in full satisfaction of the Claim, and the Claimant, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "Central Transport Releasing Parties"), hereby waives and releases, against each of New DAS LLC, the Debtors, and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents (collectively, the "Released Parties") any right regarding the Claim and any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to the Claim.  Each of the Central Transport Releasing Parties further waive and release, against each of the Released Parties, any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which the Central Transport Releasing Parties have, ever had, or hereafter shall have against any of the Released Parties based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Effective Date.

6. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors or Debtors with respect to any portion of the Claim.

7. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 19th day of May, 2011

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Geoffrey T. Pavlic |
|---|---|
| John Wm. Butler, Jr. | Mark H. Shapiro |
| John K. Lyons | Geoffrey T. Pavlic |
| Ron E. Meisler | STEINBERG SHAPIRO & CLARK |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 25929 Telegraph Road |
| | Suite 203 |
| 155 North Wacker Drive | Southfield, MI 48033 |
| Chicago, Illinois 60606 | |
| | Attorneys for Central Transport International, Inc. |
| - and - | |
| | /s/ Karen J. Craft |
| Four Times Square | Karen J. Craft |
| New York, New York 10036 | Managing Restructuring Counsel |
| | Delphi Automotive Systems, LLC |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | Legal Staff |
| | 5825 Delphi Drive |
| | M/C 480-410-268 |
| | Troy, Michigan 48098 |
| | Attorney for Delphi Automotive Systems, LLC |