**Hearing Date and Time:  May 26, 2011 at 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

REORGANIZED DEBTORS' STATEMENT CONCERNING MOTION BY
OFFICIAL COMMITTEE OF ELIGIBLE SALARIED RETIREES TO DESIGNATE
<u>BENEFIT OF DSRA VEBA AS IN LIEU OF COBRA COVERAGE</u>

DPH Holdings and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), successors to Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases, submit this statement concerning the Motion By Official Committee Of Eligible Salaried Retirees To Designate Benefit Of DSRA VEBA As In Lieu Of COBRA Coverage, dated May 5, 2011 (Docket No. 21261) (the "Motion").[1]

1.  In the Motion, the Retirees' Committee asks this Court to enter an order "designat[ing] the medical and prescription drug benefits provided by the DSRA VEBA Benefit Trust (the 'DSRA VEBA') as in lieu of lifetime COBRA continuation coverage benefits not offered to retirees represented by the Retirees' Committee in connection with the termination of their benefits during the bankruptcy case."  (Id. at 1.)  According to the Retirees' Committee, the designation could make it easer for the DSRA VEBA to obtain a private letter ruling from the Internal Revenue Service that could preserve the HCTC for DSRA VEBA beneficiaries beyond the current expiration date in February 2012.  (Id. at 2-3.)  The Retirees' Committee asserts that the designation is appropriate because the Retirees' Committee chose to pursue funding of the DSRA VEBA rather than engage in litigation regarding disputed rights to lifetime COBRA continuation coverage.  (Id. ¶¶ 18-22; Docket No. 21262 ¶¶ 7-9.)

2.  The Reorganized Debtors have no reason to doubt that the Retirees' Committee did in fact make the choice described in the Motion and in the declaration of the Retirees' Committee's counsel.  Furthermore, the Reorganized Debtors support the Retirees' Committee's objective of maintaining the HCTC for DSRA VEBA beneficiaries.

---

[1] Capitalized terms used and not defined in this statement have the meanings ascribed to them in the Motion.

2

3. At the same time, the Reorganized Debtors have maintained and continue to maintain that their former employees are not eligible for lifetime COBRA continuation coverage.  Indeed, this Court considered this issue and ruled in favor of the Reorganized Debtors' position during the hearing on plan modifications in July 2009.  (Docket No. 18830 at 11:3-20:20.)

4. The Reorganized Debtors therefore propose that any order granting the Motion include the following provision:

> The Reorganized Debtors have maintained and continue to maintain that neither the DSRA VEBA beneficiaries represented by the Retirees' Committee nor any other former employees were, are, or will be eligible for lifetime COBRA continuation coverage.  This order is not and shall not be construed as a determination by this Court or an agreement by the Reorganized Debtors that the DSRA VEBA beneficiaries represented by the Retirees' Committee or any other former employees were, are, or will be eligible for lifetime COBRA continuation coverage.  This order does not affect and shall not be construed as affecting this Court's bench ruling concerning COBRA continuation coverage on July 30, 2009 (Docket No. 18830).

5. The Reorganized Debtors reserve their rights to propose additional or modified language and to raise other issues once the Retirees' Committee files or otherwise submits its form of order.

Dated: New York, New York
      May 19, 2011

                        SKADDEN, ARPS, SLATE, MEAGHER
                            &FLOM LLP

By: /s/ John Wm. Butler, Jr.
     John Wm. Butler, Jr.
     John K. Lyons
     Albert L. Hogan, III
     Ron E. Meisler
     155 North Wacker Drive
     Chicago, Illinois 60606

            - and -

     Four Times Square
     New York, New York 10036

     Attorneys for DPH Holdings Corp., et al.,
      Reorganized Debtors

4