ILENE J. FELDMAN, ESQ., LLC
Ilene J. Feldman (IF1045)
325 Reef Road, Suite 105
P.O. Box 1639
Fairfield, CT 06825
(203) 254.2277 (phone)
(203) 256.3333 (fax)
collinsfeldman@aol.com

Attorney for Union Pacific Railroad Company

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
                                 :

        In re                          :        Chapter 11

                                   :
DPH HOLDINGS CORP., et al.,      :        Case No. 05-44481 (RDD)

                                   :
                Reorganized Debtors,    :        (Jointly Administered)

                                   :
--------------------------------------------------------------------------X

**AFFIDAVIT OF MICHAEL H. FRANCIS IN SUPPORT OF
UNION PACIFIC RAILROAD COMPANY'S SUPPLEMENTAL RESPONSE TO
REORGANIZED DEBTORS' NOTICE OF CLAIMS OBJECTION HEARING WITH RESPECT
TO REORGANIZED DEBTORS' OBJECTION TO PROOF OF ADMINISTRATIVE EXPENSE
CLAIM NO. 17882 (UNION PACIFIC RAILROAD COMPANY) HEARING ADJOURNED TO JUNE 23, 2011**

I, Michael H. Francis, hereby declare as follows:

1.    I am over the age of eighteen (18) and believe in the obligation of an oath.

2.    I have personal knowledge of each and every fact stated herein and I am competent to testify as to each fact set

      forth herein if called as a witness at trial.

3.    I am employed by Union Pacific Railroad Company ("Union Pacific") as Team Leader – Billing Services. My

      office is located at 1400 Douglas Street, Omaha, Nebraska. I have been employed by Union Pacific or its

      predecessor railroad since 1976.

4.    As Team Leader – Billing Services, I am responsible for billing and collection of accessorial charges.

5.    I have personal knowledge of the facts set forth herein based upon my review of the books and records of Union

      Pacific kept in the ordinary course of business and my handling of the outstanding charges for which  the

      Reorganized Debtors and all of the underlying Delphi debtor companies (hereinafter collectively referred to as

      the "Reorganized Debtors") are responsible.

6.    I submit this supplement affidavit in support of Union Pacific's Supplemental Response ("Supplemental

      Response") to the Notice of Claims Objection Hearing with Respect to Reorganized Debtors' Objection to

Proof of Administrative Expense Claim No. 17882 (Union Pacific Railroad Company) filed on March 22, 2011, which has an adjourned hearing dated of June 23, 2011.

7.   In its Statement of Disputed Issues, Reorganized Debtors claim two issues with respect to the payments at issue in the instant matter. First, they dispute the amounts asserted in the claim. Second, they claim that Union Pacific "failed to submit any invoices with respect to the Claim to the Reorganized Debtors within twelve months after delivering the subject goods."

8.   Union Pacific's Response to Reorganized Debtors' Forty-Third Omnibus Objection included my Affidavit dated February 16, 2010 ("Francis Affidavit dated February 16, 2010"), data and documentation summarizing Union Pacific's charges to the Reorganized Debtors and bill copies for each of the charges.

9.   Copies of each individual bill ("Invoices") were attached as Exhibit B to the Francis Affidavit dated February 16, 2010. In accordance with Union Pacific's normal procedures, Invoices were placed in the United States mail on the Statement Date reflected at the top of each Invoice, to the address shown for the customer on each Invoice. The Invoices were timely submitted by Union Pacific to the Reorganized Debtors. In any event, the applicable statute of limitations for such charges is three (3) years after the date that the services were provided (49 U.S.C. § 11705).

10.  Union Pacific has an established procedure for disputing bills. Reorganized Debtors did not submit documented disputes in accordance with said procedure for any of the Invoices. The Invoices contain telephone and facsimile numbers through which disputes can be submitted. Fifteen of the Invoices, totaling $24,875, cover despacho previo charges. These Invoices are identified either by the words "Despacho Previo" or "For Demurrage Charges At Rates Per Published Tariffs" near the top of each. These "Document Delay" charges were assessed because Reorganized Debtors did not file the necessary documents to enable the railcars to timely clear customs, which resulted in Union Pacific holding the railcars until this was accomplished (from the Start Date to the End Date, as specified on each Invoice). These charges are authorized by Tariff Authority UP 6004 – Item 8530. A copy of this tariff provision is attached hereto as Exhibit A. Union Pacific released these railcars without requiring prepayment of applicable Document Delay charges based upon the Reorganized Debtors' agreement to pay such charges, as evidenced by the following verbiage on these Invoices: "THIRD PARTY LETTER FROM DELPHI PER AUTHORITY OF MIRNA GARZA." Attached as Exhibit B is a sample of such authority provided to Union Pacific by the Reorganized Debtors. All of the despacho previo Invoices bear Statement Dates (and thus were mailed) within a few days of the End Date (the date the railcar was released).

11. All of the Invoices relating to switch charges in the amounts of $540, $570 and $585 (or multiples thereof), totaling $24,555 are for switches which were required to remove railcars from a train for inspection by Customs or because the required customs documents were not completed by the Reorganized Debtors and the car could not be moved into Mexico. "Switching" means that a Union Pacific crew separated and moved these railcars, using Union Pacific power (locomotive). These charges are authorized by Tariff Authority UP 6004 – Item 8505. A copy of this tariff provision is attached hereto as Exhibit C. All of these Invoices bear a Statement Date (and thus were mailed) within a few days of the date the switching services were performed, which is shown as the Shipment Date on these Invoices.

12. All of the Invoices for $345, totaling $10,005, are for diversion of railcars requested by Reorganized Debtors. A diversion is a request to change the destination of a railcar which has already been tendered for movement. These charges are authorized by Tariff Authority UP 6004 – Item 6050. A copy of this tariff provision is attached hereto as Exhibit D. The Additional Information box of each of the diversion Invoices references the details of the diversion, including the date requested. All of these Invoices bear a Statement Date (and thus were mailed) within a few days of the date the railcar was diverted.

13. All of the Invoices for $115, totaling $1,955, are for intra-plant switches at Fairfax, Kansas requested by Reorganized Debtors. The Additional Information box of each of these Invoices references the details of the requested switch. These charges are authorized by Tariff Authority UP 6004 – Item 9170. A copy of this tariff provision is attached hereto as Exhibit E. All of these Invoices bear a Statement Date (and thus were mailed) within a few days of the date the switching services were performed, which is shown as the Shipment Date on these Invoices.

14. As described therein, Invoice Number 226313922 in the amount of $1,400 is for a special switch requested by the Reorganized Debtors on August 7, 2007. This charge is authorized by Tariff Authority UP 6004 – Item 7041. A copy of this tariff provision is attached hereto at Exhibit F. This Invoice Statement Date is August 14, 2007, four days after the switch was performed on August 10, 2007.

15. The Invoices were timely submitted by Union Pacific to the Reorganized Debtors.

16. Invoice No. 23278962 for $330 and Invoice No. 234857653 for $330 were for "No Bills" or charges for releasing a railcar without providing forwarding instructions. This charge is authorized by Tariff Authority UP 6004 – Item 35. A copy of this tariff provision is attached hereto as Exhibit G. Invoice 23278962 bears a Statement Date (and thus was mailed) 7/31/2008, six days after the railcar was finally waybilled.

17. Invoice No. 233071949 for $3,997 is a fuel surcharge bill. It is the only Invoice beyond the 12 month period which Reorganized Debtors allege is the proper time for submission. This Invoice indicates a Shipment Date of January 29, 2008 and Statement Date of May 28, 2009; nevertheless, this Invoice was submitted and within the three year statute of limitations.

18. On April 14, 2011, Union Pacific received a spreadsheet from Reorganized Debtors specifying the alleged defenses for nonpayment for the each invoice ("Reorganized Debtors' April 14, 2011 Spreadsheet"). A copy of Reorganized Debtors' April 14, 2011 Spreadsheet is attached hereto as Exhibit H. Union Pacific is conducting an investigation of the specifics and will provide an affidavit once its investigation is complete, within 30 days of the June 23, 2011 hearing as required by the Claims Objection Procedures Order.

19. Preliminarily, the Reorganized Debtors' April 14, 2011 Spreadsheet asserts specific reasons for the denials. For 61 invoices with a total amount at issue of $44,672.00, it states "Bill to CISCO is missing." For 26 invoices with a total amount at issue of $21,195.00, it states "Consignee is Delphi and terms on the invoice are 'prepaid.'" For 20 invoices with a total amount at issue of $6,640.00, it states "Did not submit entire BOL." For 3 invoices with a total amount at issue of $5,750, it states "invoice not found in Trendset."

20. With respect to the 61 invoices that Reorganized Debtors are denying payment for the reason "Bill to Cisco is missing," each one of the invoices apprises Reorganized Debtors of the origin and destination of the railcars. Upon information and belief, the CISCO codes changed and Union Pacific was not given an accurate list of CISCO codes until July 23, 2009, after which all of the invoices were resubmitted.

21. Even if a CISCO code was not provided by Reorganized Debtors nor reflected in the billing, this is not a valid excuse for nonpayment of charges for services rendered and was not a condition precedent to payment.

22. With respect to the 26 invoices that Reorganized Debtors are denying payment for the reason "Consignee is Delphi and the terms on the invoice are 'prepaid,'" the transportation service was not provided on a cash in advance basis . The term "Prepaid" on the bills means that the originating railroad does the billing for freight transportation services. This definition is provided in Uniform Freight Classification 6000-M, Rule 62, incorporated into Tariff Authority UP 6004 – Item 10. Copies of this Rule and Tariff provision are attached hereto as Exhibit I. Union Pacific was not paid in advance for any of the charges at issue in this dispute.

23. With respect to the 20 invoices that Reorganized Debtors are denying payment for the reason "Did not submit entire BOL (bill of lading)," each of these invoices was for either the diversion of railcars (which means changing the destination en route) or cutting railcars out of the consist of a train. No bills of lading are issued for such services. The freight charges for the railcars were billed by the originating railroad, CSX, not Union

Pacific.  These bills represent additional service provided by Union Pacific.  Moreover, to the extent that charges were for cutting the cars from the consist of the train, this was done because the required customs documents were not completed by Reorganized Debtors in order for the shipments to cross from the United States into Mexico.

24. With respect to the 3 invoices not found in Trendset, Trendset did not become Reorganized Debtors' payment agent until March 1, 2009, well after the date that most of the services at issue were provided.  Furthermore, this is not a valid basis for disputing such charges.

25. As of the date hereof, the sum of $78,917.00 is outstanding and due and owing to Union Pacific for Union Pacific's Administrative Claim.

Executed on May 2, 2011 at Omaha, Nebraska.

_____
Michael H. Francis

Sworn to and subscribed to before me
This 2 day of May, 2010

_____
Notary Public
My commission expires:
October 15, 2012

GENERAL NOTARY - State of Nebraska
MARY R. HOLEWINSKI
My Comm. Exp. Oct. 15, 2012

# EXHIBIT A



**UP 6004-C**

**Item:** 8530-I
FREE TIME ALLOWANCE FOR EXPORT TO MEXICO

Section 7 - FREE TIME ALLOWANCE AND "DOCUMENT DELAY" CHARGES ON ALL RAIL CARS FOR EXPORT TO MEXICO

Seventy-two (72) hours free time will be allowed on rail cars being exported into Mexico moving on revenue or revenue empty waybills. Free time will be computed from the first 12:01 AM following receipt of shipper disposition instructions. Sundays and holidays will be excluded in the computation of free time. General Rule Item 1070 does not apply. After the expiration of free time "Document Delay" charges of $75.00 per car per day, or fraction thereof, will be assessed for the first five (5) chargeable days. Charges of $200.00 per car per day, or fraction thereof, will be assessed for those days beyond the first five (5) chargeable days until car has cleared customs and is released for entry into Mexico. (See Notes 1, 2, 3, 4 and 5 and Exceptions 1, 2, 3, 5 and 6 of this item.)

Note 1 - Applies only for account of UP at Brownsville, El Paso, Laredo, Eagle Pass, TX; Nogales, AZ; and Calexico, CA.

Note 2 - The start of free time will not be delayed for shipments requiring weighing or lacking freight rate information. Free time for shipment lacking broker information or with billing errors in the broker information will begin at 12:01 AM following shipper disposition.

Note 3 - Holidays are: New Year's Day - January 1; Martin Luther King Day - Third Monday of January; Constitution Day - First Monday of February; President's Day - Third Monday of February; Birthday of Benito Juarez - Third Monday of March; Good Friday - Friday before Easter Sunday; Labor Day - May 1; Memorial Day - Last Monday of May; Independence Day - July 4; Labor Day - First Monday of September; Independence Day - September 16; Anniversary of Mexican Revolution - Third Monday of November; Thanksgiving Day - Fourth Thursday of November; Christmas Day - December 25.

Note 4 - Also subject to rules and regulations contained in Tariff UP 6004-series, which do not conflict with the provisions of this item.

Note 5 - If instruction to change a shipment from export to domestic is received after the expiration of free time, indicating that the car should be stopped and unloaded at the crossing of Brownsville, Eagle Pass, El Paso, Laredo, TX; Nogales, AZ; or Calexico, CA rather than continuing across the border with car and lading intact, any "Document Delay" charges which accrued prior to this instruction will be assessed but no diversion charge will be assessed. Upon arrival at the border crossing, car will be subject to demurrage provisions in Tariff UP 6004-series.

Exception 1 - Shipments moving in intermodal equipment will not be subject to charges in this item. For intermodal shipment governing rules, see Union Pacific Exempt Circular MITA 2-series.
http://c02.my.uprr.com/wtp/pricedocs/MITA2BOOK.pdf

Exception 2 - Auto parts empty racks with a final destination of Matamoros, TM or Piedras Negras, CU will not be subject to charges in this item.

Exception 3 - Empty private cars returning to Mexico following a loaded movement out of Mexico will not be subject to charges in this item.

[c]Exception 5 -
    Free time for unit trains of 69 or more cars of grain (STCC 01-13-series); soybeans (STCC 01-144-

series); corn, cracked (STCC 20-419-79); corn syrup (STCC 20-461-series); soybean meal (STCC 20-923-series); and Dried Distillers Grains (STCC 20-823-series and 20-859-series) will be 48 hours, and the computation will include weekends and holidays. All cars of a unit grain train must be cleared at the same time. Partial clearance is not allowed.

Exception 6 - "Document Delay" charges will not be assessed on shipments originating off-line if cars have cleared customs prior to interchange receipt by UP.

# EXHIBIT B



"Garza, Mirna V"
<mirna.v.garza@delphi.com>

01/29/2007 03:18 PM

To:  <SBOTELLO@up.com>
cc:
Subject:  NCIX 1859

Favor de cargar la demora generada para la tolva NCIX 1859 de $ 575.00.

Gracias

Mirna Garza

*************************************************************************************

Note: If the reader of this message is not the intended recipient, or an employee or agent responsible for deliv
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is str
received this communication in error, please notify us immediately by replying to the message and deleting i

*************************************************************************************



PLEASE BILL US FOR THE DEMURRAGE
GENERATED BY RAILCAR NCIX 1859 IN THE
AMOUNT OF $575.00.

C- 00095
*****FILE*****

UNION PACIFIC RAILROAD                PAGE    1

Enclosed bills covering freight
and other charges are payable
under UP Credit Regulations
on or before 02/15/2007
unless otherwise specified
by contract.

| STATEMENT NUMBER |
| --- |
| 20-  141845-2007/01/31 |

To assure proper credit
of your account
REMIT WITH COPY OF THIS
STATEMENT TO

785234447475

DELPHI AUTOMOTIVE SYSTEMS                D
COMPONENTES MECANICOS SA
P O BOX 4447
BROWNSVILLE, TX  78523-4447

UNION PACIFIC RAILROAD
P.O. BOX 843465
DALLAS, TEXAS        75284-3465

| ACCT | REPORTING STATION | | CAR REFERENCE | | AMOUNT | REMARKS (If exception is taken to any item please quote tariff or contract reference) |
| --- | --- | --- | --- | --- | --- | --- |
| Rev Acct | Audit Number | Freight Bill Number | Initial | Number | | |
| 3 | 40005 | 110719 | NCIX | 1859 | 575.00 | |

| STATEMENT NUMBER | PAY THIS AMOUNT | CHECK NUMBER | AMOUNT |
| --- | --- | --- | --- |
| 20  141845-2007/01/31 | $575.00 * | | |

*-Please furnish authority or reason(s) for payment other than
amount shown to avoid balance-due bills or further handling.

REMIT WITH COPY of THIS STATEMENT

We do not require "receipted" freight bills for claim purposes and they will
be furnished only on request. Claims should be accompanied by original freight bill
with reference to our statement number and date paid.
  If receipted freight bill is required, attach original to returned statement and place X here.

DEMURRAGE BILL
COPY

UNION PACIFIC RAILROAD

FOR DEMURRAGE CHARGES AT RATES PER PUBLISHED TARIFFS

DUE FROM:

DELPHI AUTOMOTIVE SYSTEMS
COMPONENTES MECANICOS SA
P O BOX 4447
BROWNSVILLE, TX  78523-4447

| ACCOUNT NUMBER | CAR INITIAL AND NUMBER |
|---|---|
| 141845 | NCIX 001859 |
| DEMURRAGE BILL NO | AMOUNT DUE |
| 110719 | $575.00 |

| CUSTOMER    CITY/STATE | BILL PREPARED AT | BILL DATE | CAR HELD FOR |
|---|---|---|---|
| 40005 BROWNSVILLE    TX | BROWNSVIL TX | 01/31/2007 | EXPORT |

| CONTENTS | WAYBILL NO. | WAYBILL DATE | CWT | S/I | DELIVERY TRACK | | SPECIAL CONDITIONS | EXCEPTION REASONS |
|---|---|---|---|---|---|---|---|---|
| POLYST | 851828 | 20070119 | 1948 | I | (TEAM) | (OTHER) X | MF | |

| ARRIVAL DATE/TRAIN JOB ID ORDER DATE/SHIPPER CAR ORDER NO. | | NOTICE GIVEN | | | ACTUALLY PLACED | | RELEASE DATE |
|---|---|---|---|---|---|---|---|
| | TYPE | NUMBER | DATE | DATE | 200P-TEC-SPOT | | |
| | DP | 25/0005 | 07012910 | | | | 07012916 |

TARIFF AUTHORITY:    AGT:UP    REF:06004 TYPE:N ITM:8530    SP:

| QUALIFIER | NO. OF DAY/HOUR/HOUR-CWT | RATE | AMOUNT |
|---|---|---|---|
| EXEMPT | 1 @ | | |
| FREE TIME | 3 @ | | |
| DETENTION | 5 @ | 75.00 | 375.00 |
| DETENTION | 1 @ | 200.00 | 200.00 |
| | | TOTAL AMOUNT DUE | 575.00 |

REMARKS____BILL DELPHI INTERIORS PER EMAIL

MIRNA 1/29/07 EMAIL ON FILE

CLAIMS AND DISPUTES MUST BE SENT TO:

UNION PACIFIC RAILROAD
DEMURRAGE TEAM
2115 FARRAGUT STREET
LAREDO, TX  78040          FROM MEXICO:
TEL: 1-800-877-0531        TEL: 800-520-1771
FAX: 1-800-877-0533        FAX: 800-520-1772

REMIT TO:

UNION PACIFIC RAILROAD
P.O. BOX 843465
DALLAS, TEXAS        75284-3465

C-    8

RECEIVED PAYMENT_____19____

SIGNED_____

# EXHIBIT C



**UP 6004-C**

**Item:** 8505-A
CARS WITHOUT PROPER CLEARANCE

## Section 7 - CARS WITHOUT PROPER CLEARANCE

A charge of **[i] $570.00** per car will be assessed when UP physically switches (removes) a previously cleared/manifested rail car from a train once that train is in place to cross at one of the Mexico border crossing points (Brownsville, Laredo, Eagle Pass, El Paso, Nogales or Calexico).

This charge is applicable either when a broker has provided UP paperwork indicating the shipment has been cleared but Mexican Customs subsequently advises the car has not cleared or when a request is made to demanifest a previously cleared rail car, which results in UP having to switch/remove the shipment prior to the interchange.

This charge is in addition to any other applicable charges and will be assessed to the broker and payable prior to subsequently clearing the shipment back into Mexico.

# EXHIBIT D

 **UNION PACIFIC** | **UP 6004-C** | **Item:** 6050-G
DIVERSION/RECONSIGNMENT - STANDARD CHARGES

## CHANGE KEY: A-Add; C-Change; D-Decrease; I-Increase; and X-Expire

**For billing purposes use the following rate authority: UP 6004-C-6050-G**

| STCC/GROUP | STCC | DESCRIPTION |
|---|---|---|
| ALL COMMODITIES - UP 6004 IT 6050 | | |
| | 01-99 | All Commodities |
| | Except 0113 | Grain |
| | Except 0114 | Oil Kernels,Nuts Or Seeds Exc.Edible Tree Nuts See 0129 Or 2071 |
| | Except 01152 | Popcorn |
| | Except 01159 | Field Seeds,Nec Exc.Oil Seeds See 01141-01149 |
| | Except 01192 | Hops |
| | Except 01294 | Cocoa Beans |
| | Except 01295 | Coffee,Green |
| | Except 01298 | Nuts,Edible,In The Shell Exc.Peanuts See 01143 |
| | Except 01299 | Fresh Fruits Or Tree Nuts,Nec |
| | Except 01341 | Beans,Dry Ripe |
| | Except 01342 | Peas, Dry |
| | Except 01343 | Cowpeas,Lentils Or Lupines |
| | Except 01992 | Chopped,Ground Or Pulverized Alfalfa |
| | Except 01999 | Farm Products,Nec |
| | Except 14922 | Water,Drinking Exc.Carbonated Or Mineral See 20861 |
| | Except 20134 | Canned Meat |
| | Except 20233 | Evaporated Or Condensed Milk Products |
| | Except 20259 | Special Dairy Products Or By-Products, Nec |
| | Except 2031 | Canned Or Cured Sea Foods |
| | Except 2032 | Canned Specialties |
| | Except 2033 | Canned Fruits,Jams,Jellies,Preserves Or Vegetables Exc.Seafood Soups See 2031 Or 2036,Or Baby Foods Or Soups Other Than Seafood See 2032 |
| | Except 2034 | Dehydrated Or Dried Fruits Or Vegetables Or Soup Mix Exc.Field Dry Ripe Vegetable Food Seeds See 0134 |
| | Except 2035 | Pickled Fruits Or Vegetables,Salad Dressings,Or Seasonings,Or Vegetable Sauces Exc.Catsup Or Tomato Sauces See 2033 Or Spices See 2099 |
| | Except 20391 | Mixed Loads Of Canned Or Preserved Fruits,Seafood Or Vegetables,Consist- Ing Of Commodities In The 203 Group Exclusively,Without Separate Weights |
| | Except 20412 | Wheat Bran, Middlings Or Shorts |
| | Except 20418 | Grain Mill By-Products Exc.Wheat Bran,Middlings,Red Dog Or Shorts See 20412 |
| | Except 20419 | Flour Or Other Grain Mill Products,Nec |
| | Except 20421 | Prepared Feed,Animal,Fish Or Poultry, Other Than Dog,Cat Or Other Pet Food, Nec Exc.Canned See 20423,Or Chopped,Ground Or Pulverized Hay,Straw Or Related Products See 01991-01992 |
| | Except 20423 | Canned Feed,Animal,Fish Or Poultry,Other Than Dog,Cat Or Other Pet Food,Nec |
| | Except 2043 | Cereal Preparations |
| | Except 2044 | Milled Rice,Flour Or Meal |
| | Except 20467 | Wet Process Corn Or Similar Mill By- Products |
| | Except 20469 | Wet Process Corn Milling Or Similar Mill Products,Nec |
| | Except 2047 | Dog,Cat Or Other Pet Food,Nec |
| | Except 2051 | Bread Or Other Bakery Products Exc.Biscuits,Crackers,Pretzels Or Other Dry Bakery Products See 2052 |
| | Except 2052 | Biscuits,Crackers Or Pretzels |

Issued:   December 4, 2007
Effective:   January 1, 2008

**UP 6004-C**

Page: 1 of 4
Item: 6050-G
Continued on next page

| STCC/GROUP | STCC | DESCRIPTION |
|---|---|---|
| | Except 20619 | Sugar Mill Products Or By-Products,Nec |
| | Except 2071 | Candy Or Other Confectionery Products |
| | Except 2082 | Malt Liquors |
| | Except 20831 | Malt |
| | Except 20841 | Wine,Brandy Or Brandy Spirits Or Fruit Spirits |
| | Except 20851 | Distilled,Rectified Or Blended Liquors Exc.Brandy,Brandy Spirits Or Fruit Spirits See 20841 |
| | Except 20859 | By-Products Of Liquor Distilling |
| | Except 20861 | Soft Drinks Or Carbonated Or Mineral Waters,Bottled,Canned Or In Bulk Exc.Drinking Plain Or Spring Waters See 14921 |
| | Except 20871 | Miscellaneous Flavoring Extracts,Syrups Or Compounds Exc.Chocolate Syrups See 20713 |
| | Except 20914 | Cottonseed Cake Or Meal Or By-Products Exc.Cotton Linters Or Regins See 20915 Or Fatty Acids See 28994 |
| | Except 20923 | Soybean Cake,Flour,Grits,Meal Or Other By-Products Exc.Fatty Acids See 28994 |
| | Except 20939 | Nut Or Vegetable Oil Seed Cake Or Meal Or Other By-Products,Nec Exc.Corn See 20469,Cottonseed See 20914,Soybean See 20923 Or Fatty Acids See 28994 |
| | Except 20942 | Marine Oil Mill By-Products Viz.Meal,Scrap Or Tankage |
| | Except 20951 | Roasted Coffee Or Instant Coffee |
| | Except 2096 | Margarine,Shortening Or Table Oils Or Other Edible Fats Or Oils,Nec Exc.Corn Oil See 2046 |
| | Except 2098 | Macaroni,Spaghetti,Vermicelli Or Noodles Or Products Thereof,Dry Exc.Canned See 2032 |
| | Except 2099 | Miscellaneous Food Preparations,Nec |
| | Except 24 | Lumber Or Wood Products Exc.Furniture See 25 |
| | Except 2818445 | Ethyl Alcohol (Cologne Spirits, Ethanol, Ethyl Hydroxide, Fermentation Alcohol, Grain Alcohol Or Spirits Of Wine) |
| | Except 2818446 | Ethyl Alcohol, Anhydrous, Denatured In Part With Petroleum Products And/Or Chemicals, Petroleum Products And/Or Chemicals Not To Exceed Five Percent |
| | Except 2818447 | Ethyl Alcohol, Anhydrous, Denatured In Part With Petroleum Products And/Or Chemicals, Petroleum Products And/Or Chemicals Not To Exceed Twenty Percent |
| | Except 4611 | Miscellaneous Mixed Shipments,Nec Exc.Forwarder See 4411,Or Shipper Association See 4511 |

## GENERAL RULE ITEM 6050

### DIVERSION/RECONSIGNMENT - STANDARD

1.  When a diversion/reconsignment order has been accepted and executed where the line haul transportation price authorizes a diversion/reconsignment privilege, the following charges will be assessed against the party requesting the diversion/reconsignment. See Exceptions below.

    A.  The following changes shall constitute a diversion and will be assessed the charge published herein:
        (1) A change of destination.
        (2) A change in route.
        (3) A cancellation of a previous diversion order.
        (4) The cancellation of an original shipping document after the car has been pulled from industry or team tracks.
        (5) A change in the Commodity Description (STCC code) in conjunction with an overcharge claim per item 6070.

    B.  The following changes shall constitute a reconsignment and will be assessed the charge published herein:
        (1) A change in the Send Freight Party.
        (2) A change in the Consignee.
        (3) A change in the Care of Party.
        (4) A change in the freight forwarder or in the custom broker for shipments destined to Mexico.
        (5) Changing prepay to collect or vice versa.

| | | | |
|---|---|---|---|
| Issued: | December 4, 2007 | **UP 6004-C** | Page: 2 of 4 |
| Effective: | January 1, 2008 | | Item: 6050-G |
| | | | Continued on next page |

(6)    A cancellation of a previous reconsignment order.
(7)  A change in the Commodity Description (STCC code) other that what is listed in Item 6050
Paragraph 1 Subparagraph A Part 5.

2.   When one diversion/reconsignment order contains more that one billing change, all changes shall be made
and only one charge assessed. The highest applicable charge will be the one assessed.

3.   The consignee of record at the time the car goes into diversion hold will be responsible for the payment of all
charges including but not limited to, diversion, reconsignment, andstorage/demurrage charges that are
accrued in order for the diversion to be executed.

4.   All charges, whether accrued or accruing, must be paid or guaranteed to the satisfaction ofthe Union Pacific
before the diversion order is accepted and executed.

5.   The charge for any other change in billing not addressed in this section will be at the discretion of the proper
authorized Union Pacific agent.

**EXCEPTION 1:**  Provisions will not apply when charges in UP 6004, Items 6051(Lumber) or 6053
(Agricultural Products) are applicable.

**EXCEPTION 2:**  Charges shown herein do NOT apply if charge for shipments Not Through Waybilled at
Mexico Border Crossing in Item 8540 is applicable.

### APPLICATION AND DIVERSION CHARGES

| COLUMN | DIVERSION APPLICATION RULES | Col 1 Amount | Route Code/Group |
|---|---|---|---|
| 1. | DIVERSION charges are in U.S. dollars Per Car and apply under these conditions: | | |
| **STCC Group:** ALL COMMODITIES - UP 6004 IT 6050 GROUP | | | |
| From: ALL NORTH AMERICA GROUP | | | |
| To: ALL NORTH AMERICA GROUP | | A  345.00 | ANY ROUTE |

### APPLICATION AND RECONSIGNMENT CHARGES

| COLUMN | RECONSIGNMENT APPLICATION RULES | Col 1 Amount | Route Code/Group |
|---|---|---|---|
| 1. | RECONSIGNMENT charges are in U.S. dollars Per Car and apply under these conditions: | | |
| **STCC Group:** ALL COMMODITIES - UP 6004 IT 6050 GROUP | | | |
| From: ALL NORTH AMERICA GROUP | | | |
| To: ALL NORTH AMERICA GROUP | | A  105.00 | ANY ROUTE |

| NOTES | DESCRIPTION |
|---|---|

| ROUTE CODE | ROUTE GROUP | ROUTE |
|---|---|---|
| JCT CONN 1 | ANY ROUTE | UP  -Any Junction-CONN |
| JCT CONN 2 | ANY ROUTE | CONN-Any Junction-UP |
| UP UP 0 | ANY ROUTE | UP |

*CONN: Any foreign carrier with which Railroad interchanges at designated junction.

| Issued: | December 4, 2007 | **UP 6004-C** | Page: 3 of 4 |
|---|---|---|---|
| Effective: | January 1, 2008 | | Item: 6050-G |

Continued on next page

| ROUTE CODE | ROUTE GROUP | ROUTE |
| --- | --- | --- |

*Any Junction: Any junction at which Railroad interchanges with connections.

# APPENDIX A
## ORIGIN AND DESTINATION GROUPS

**GROUP NAME**
  **LOCATIONS**

ALL NORTH AMERICA GROUP
  ALBERTA *
  AGUASCALIENTES *
  ALASKA *
  ALABAMA *
  ARKANSAS
  ARIZONA
  BRITISH COLUMBIA *
  CALIFORNIA
  CHIAPAS *
  CHIHUAHUA *
  COLIMA *
  COLORADO
  CONNECTICUT *
  COAHUILA *
  DISTRICT OF COLUMBIA *
  DELAWARE *
  DISTRITO FEDERAL *
  DURANGO *
  ESTADO DE MEXICO *
  FLORIDA *
  GEORGIA *
  GUANAJUATO *
  GUERRERO *
  HIDALGO *
  IOWA
  IDAHO
  ILLINOIS
  INDIANA *
  JALISCO *
  KANSAS
  KENTUCKY *
  LOUISIANA
  MASSACHUSETS *
  MANITOBA *
  MARYLAND *
  MAINE *
  MICHOACAN *
  MICHIGAN *
  MINNESOTA
  MISSOURI
  MORELOS *
  MISSISSIPPI *
  MONTANA
  NAYARIT *
  NEW BRUNSWICK *
  NORTH CAROLINA *
  NORTH DAKOTA *
  NEBRASKA
  NEWFOUNDLAND *
  NEW HAMPSHIRE *
  NEW JERSEY *
  NUEVO LEON *
  NEW MEXICO
  NOVA SCOTIA *
  NORTHWEST TERRITORIES *
  NEVADA
  NEW YORK *
  OAXACA *
  OHIO *
  OKLAHOMA
  ONTARIO *
  OREGON
  PENNSYLVANIA *
  PRINCE EDWARD ISLAND *
  QUEBEC *
  PUEBLA *
  QUERETARO *
  RHODE ISLAND *
  SOUTH CAROLINA *
  SINALOA *
  SASKATCHEWAN *
  SAN LUIS POTOSI *
  SONORA *

  TLAXCALA *
  TAMAULIPAS *
  TENNESSEE
  TEXAS
  UTAH
  VIRGINIA *
  VERACRUZ *
  VERMONT *
  WASHINGTON
  WISCONSIN
  WEST VIRGINIA *
  WYOMING
  YUKON TERRITORY *
  ZACATECAS *

\* Applies only on traffic billed to or from the noted locations and does not apply to other stations within the switching limits of those locations.

| | | | |
|---|---|---|---|
| Issued: | December 4, 2007 | **UP 6004-C** | Appendix A Page: 1 of 1 |
| Effective: | January 1, 2008 | | Item: 6050-G |

# EXHIBIT E



**UP 6004-C**

**Item:** 9170-A
KANSAS CITY, KS - GENERAL MOTORS

**Section 8 - KANSAS CITY (FAIRFAX DISTRICT), KS - GENERAL MOTORS**

All movements of freight between General Motors Assembly Division at Kansas City (Fairfax District), KS and UP's North Yard at Kansas City (Fairfax District), KS will be subject to a switch charge of **[i] $125.00** per car. (See Note 1)

**NOTE 1**- Note applies only when UP receives the inbound roadhaul.  Charge also applies on cars placed for unloading, then removed and held at UP's North Yard, and subsequently ordered back for unloading.  Charge to apply in each direction.

| Issued: | November 28, 2006 | **UP 6004-C** | Page: 1 of 1 |
|---|---|---|---|
| Effective: | January 1, 2007 | | Item: 9170-A |
| | | | Concluded on this page |

# EXHIBIT F



**UP 6004-C**

**Item:** 7041
SPECIAL SWITCHING SERVICE - AUTOMOTIVE TRAFFIC

### Section 5 - SPECIAL SWITCHING SERVICE AT TERMINALS - AUTOMOTIVE TRAFFIC

A.  The provisions of this item are applicable for the purpose of Union Pacific Railroad furnishing the required locomotive(s) and crew to provide special switching service at terminal points at other than normal assigned times when UPRR normally provides such service.

B.  Charges will be assessed for each request for special switching service and will be in addition to any other chargeable services performed in connection therewith.

C.  When a regularly assigned on duty crew performs the switching service , a minimum carload charge of **$1400.00**  will apply when the time consumed is four (4) consecutive hours or less for the time required to complete the special switching service.  Any time required in excess of four (4) consecutive hours will be charged on the basis of **$320.00**  per hour or fraction thereof.

D.  When an extra crew performs the switching service, a minimum carload charge of **$1680.00**  will apply when the time consumed is four (4) consecutive hours or less for the time required to complete the special switching service.  Any time required in excess of four (4) consecutive hours will be charged on the basis of **$320.00**  per hour or fraction thereof.

E.  Charges apply only on Auto Parts and/or Auto Parts Racks shipments moving in Auto Parts Boxcars or Automotive Frame Flatcars.  [Commodities moving under STCCs: 37-14, 41-114-65, 41-114-71, 42-112-99, or 42-312-99]

F.  The above charges are in addition to the regular freight charges and switching charges.

# EXHIBIT G

# EXHIBIT H

| Document Description | Invoice Date | Amount Claimed per 17882 | Status | Status Reason |
|---|---|---|---|---|
| 107494 219330695 | 6/28/06 | 950.00 | Denied | Bill to CISCO is missing |
| 110719 222610490 | 1/19/07 | 575.00 | Denied | Bill to CISCO is missing |
| 114808 226979010 | 8/31/07 | 975.00 | Denied | Bill to CISCO is missing |
| 115739 228274037 | 11/2/07 | 1,375.00 | Denied | Bill to CISCO is missing |
| 222778656 | 2/7/07 | 570.00 | Denied | Bill to CISCO is missing |
| 224493693 | 5/7/07 | 3,420.00 | Denied | Bill to CISCO is missing |
| 226405053 | 8/15/07 | 570.00 | Denied | Bill to CISCO is missing |
| 226405052 | 8/15/07 | 570.00 | Denied | Bill to CISCO is missing |
| 226404934 | 8/15/07 | 570.00 | Denied | Bill to CISCO is missing |
| 226499265 | 8/20/07 | 570.00 | Denied | Bill to CISCO is missing |
| 226499242 | 8/20/07 | 570.00 | Denied | Bill to CISCO is missing |
| 228056662 | 11/6/07 | 570.00 | Denied | Bill to CISCO is missing |
| 228105520 | 11/8/07 | 570.00 | Denied | Bill to CISCO is missing |
| 228246973 | 11/15/07 | 570.00 | Denied | Bill to CISCO is missing |
| 229339115 | 11/30/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229164327 | 12/11/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229164313 | 12/11/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229164280 | 12/11/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229080766 | 12/14/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229164293 | 12/15/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229164279 | 12/15/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229339114 | 12/18/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229274771 | 12/18/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229274767 | 12/18/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229080282 | 12/18/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229339111 | 12/19/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229080765 | 12/19/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229080280 | 12/19/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229339116 | 12/20/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229080742 | 12/20/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229339119 | 12/29/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229339118 | 12/29/07 | 345.00 | Denied | Bill to CISCO is missing |
| 229462317 | 1/2/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229462316 | 1/3/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229381282 | 1/3/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229381269 | 1/3/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229461898 | 1/4/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229381274 | 1/4/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229461896 | 1/6/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229461894 | 1/6/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229461882 | 1/8/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229461873 | 1/8/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229461895 | 1/10/08 | 345.00 | Denied | Bill to CISCO is missing |
| 229749660 | 2/11/08 | 585.00 | Denied | Bill to CISCO is missing |
| 229749450 | 2/11/08 | 585.00 | Denied | Bill to CISCO is missing |
| 229749439 | 2/11/08 | 585.00 | Denied | Bill to CISCO is missing |
| 229749438 | 2/11/08 | 585.00 | Denied | Bill to CISCO is missing |
| 218747661 | 7/10/06 | 115.00 | Denied | Bill to CISCO is missing |
| 218727754 | 7/10/06 | 115.00 | Denied | Bill to CISCO is missing |
| 218727573 | 7/10/06 | 115.00 | Denied | Bill to CISCO is missing |
| 233071949 | 1/29/08 | 3,977.00 | Denied | Bill to CISCO is missing |
| 111189 223052951 | 2/8/07 | 1,175.00 | Denied | Bill to CISCO is missing |
| 111831 223689834 | 3/20/07 | 225.00 | Denied | Bill to CISCO is missing |
| 113174 224702630 | 5/2/07 | 1,975.00 | Denied | Bill to CISCO is missing |
| 113353 225059395 | 5/22/07 | 1,975.00 | Denied | Bill to CISCO is missing |
| 229617705 | 12/31/07 | 5,775.00 | Denied | Bill to CISCO is missing |
| 229813141 | 1/29/07 | 2,175.00 | Denied | Bill to CISCO is missing |
| 222606042 | 1/29/07 | 570.00 | Denied | Bill to CISCO is missing |
| 226404933 | 8/15/07 | 570.00 | Denied | Bill to CISCO is missing |
| 226404915 | 8/15/07 | 570.00 | Denied | Bill to CISCO is missing |
| 226499406 | 8/20/07 | 570.00 | Denied | Bill to CISCO is missing |

| Document Description | Invoice Date | Amount Claimed per 17882 | Status | Status Reason |
|---|---|---|---|---|
| 222606077 | 1/29/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 222606041 | 1/29/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 222605858 | 1/29/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 222778764 | 2/6/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 222755882 | 2/6/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 222778763 | 2/7/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 222778655 | 2/7/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 222778521 | 2/7/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 224493972 | 5/9/07 | 3,420.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 225104805 | 6/8/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226263447 | 8/8/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226405016 | 8/15/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226404749 | 8/15/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499467 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499408 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499407 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499268 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499267 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499266 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 227284691 | 9/27/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 227447008 | 10/5/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 228649007 | 11/28/07 | 1,140.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 229134106 | 1/7/08 | 3,510.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 229749305 | 2/11/08 | 585.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499468 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226499248 | 8/20/07 | 570.00 | Denied | Consignee is Delphi and terms on invoice are "prepaid" |
| 226313922 | 8/10/07 | 1,400.00 | Denied | Did not submit entire BOL |
| 228056698 | 11/6/07 | 570.00 | Denied | Did not submit entire BOL |
| 114265 226362898 | 7/30/07 | 1,575.00 | Denied | Did not submit entire BOL |
| 115009  227334337 | 9/20/07 | 375.00 | Denied | Did not submit entire BOL |
| 226499466 | 8/20/07 | 570.00 | Denied | Did not submit entire BOL |
| 218620348 | 6/30/06 | 115.00 | Denied | Did not submit entire BOL |
| 218620217 | 6/30/06 | 115.00 | Denied | Did not submit entire BOL |
| 218620216 | 6/30/06 | 115.00 | Denied | Did not submit entire BOL |
| 218620203 | 6/30/06 | 115.00 | Denied | Did not submit entire BOL |
| 218620180 | 6/30/06 | 115.00 | Denied | Did not submit entire BOL |
| 218620150 | 6/30/06 | 115.00 | Denied | Did not submit entire BOL |
| 218620006 | 6/30/06 | 115.00 | Denied | Did not submit entire BOL |
| 218747864 | 7/10/06 | 115.00 | Denied | Did not submit entire BOL |
| 218747670 | 7/10/06 | 115.00 | Denied | Did not submit entire BOL |
| 218747660 | 7/10/06 | 115.00 | Denied | Did not submit entire BOL |
| 218727546 | 7/10/06 | 115.00 | Denied | Did not submit entire BOL |
| 218788453 | 7/12/06 | 115.00 | Denied | Did not submit entire BOL |
| 218788452 | 7/12/06 | 115.00 | Denied | Did not submit entire BOL |
| 218788436 | 7/12/06 | 115.00 | Denied | Did not submit entire BOL |
| 220441301 | 10/4/06 | 540.00 | Denied | Did not submit entire BOL |
| 230284494 | 3/3/08 | 200.00 | Denied | Invoice not found in Trendset |
| 230262120 | 3/3/08 | 375.00 | Denied | Invoice not found in Trendset |
| 232640030 | 6/19/08 | 5,175.00 | Denied | Invoice not found in Trendset |
| Total | | 78,257.00 | | |

| | | |
|---|---|---|
| 44,672.00 | 61 | Bill to CISCO is missing |
| 21,195.00 | 26 | Consignee is Delphi and terms on invoice are "prepaid" |
| 6,640.00 | 20 | Did not submit entire BOL |
| 5,750.00 | 3 | Invoice not found in Trendset |
| 78,257.00 | 110 | |

# EXHIBIT I

# NATIONAL RAILROAD FREIGHT COMMITTEE, AGENT

## SUPPLEMENT 4

## TO

## UNIFORM FREIGHT CLASSIFICATION 6000-M

Supplement 4 cancels Supplements 1 and 3
Supplements 4 contain all changes

---

### RULES AND REGULATIONS

**THIS TARIFF IS APPLICABLE ONLY IN CONNECTION WITH TARIFFS**

**SPECIFICALLY SUBJECT HERETO**

**ISSUED: FEBRUARY 8, 2007**                    **EFFECTIVE: MARCH 1, 2007**

ISSUED BY

RAILINC
7001 Weston Parkway, Suite 200
Cary, NC 27513

Copyright 2001
By RAILINC

## SUPPLEMENT 4 TO UNIFORM FREIGHT CLASSIFICATION 6000-M

| RULE | SUBJECT | APPLICATION |
|---|---|---|
| 62<br>(Cancels 62 in original)<br>[1] | CREDIT AND COLLECTION TERMS-UP | 1. Pre-paid shipments. On "Pre-paid" shipments, the originating carrier may require that tender of a shipment be accompanied by full payment of charges unless consignor has established credit to the satisfaction of the originating carrier. For purposes of this item, "pre-paid" shipments shall mean shipments for which the originating carrier bears the billing and collection responsibilities.<br>2. Collect Shipments. On "collect" shipments, the delivering carrier may require full payment of all charges prior to delivery of shipments unless consignee has established credit to the satisfaction of the delivering carrier. For purposes of this item, "collect" shipments shall mean shipments for which the delivering carrier bears the billing and collection responsibilities.<br>3. Payment. All credit patrons must pay charges in accordance with the terms established by the billing carrier. Where Union Pacific Railroad Company is the billing carrier, the credit period is fifteen (15) days, including Saturdays, Sundays, and legal holidays, and shall begin on the day following presentation of the freight bill. The term "freight bill" as used in this item includes paper documents, billing by electronic data interchange ("EDI"), and invoiceless procedures. Presentation of the freight bill shall be deemed to have been made: (a) upon mailing when mailed, (b) upon sending by carrier of a transmission when EDI billing is used, and (c) unless otherwise agreed, upon waybill date when invoiceless procedures are utilized. Payment shall be deemed to have been made: (a) upon mailing of an acceptance check, draft, or money order when paying by mail, and (b) upon receipt of funds in the carrier's bank account when paying via electronic transmission.<br>4. ♦ Finance Charge. Union Pacific Railroad Company will assess a late payment finance charge on any freight transportation charges paid delinquently, at a rate of twelve percent (12%) per year (or, to the extent the rate of such charge is not preempted by federal law and such rate exceeds the maximum rate permitted by applicable law). Payments shall be deemed delinquent when not made within the credit period. The late payment finance charge shall be assessed for each day beyond the credit period that payment is made.<br>5. Offset Prohibit. In no event shall any amount(s) claimed against Union Pacific Railroad Company, including without limitation claims for freight loss or damage or overpayment of freight or other charges, be deducted from or offset against freight or other charges due hereunder. Freight charges due must be paid in full, and any claim against Union Pacific Railroad Company must be asserted separately in accordance with the applicable procedure.<br>6. Revocation of Credit and Other Remedies. If a credit patron fails to pay in accordance with these requirements, Union Pacific Railroad Company, in its sole discretion, may revoke credit privileges and institute any one or more of the following procedures:<br>(a) Require that applicable freight charges be pre-paid by the consignor (who shall not be such patron) on all shipments destined to such patron. Section 7 of the bill of lading, if executed by the billing party, will not apply to such shipments.<br>(b) Require that applicable freight charges be paid on a collect basis by the consignee (who shall not be such patron) on all shipments originating with such patron.<br>(c) Assess demurrage charges on rail cars placed in hold status for cash. When rail cars are held in transit due to cash status, time for demurrage purposes will be computed from the first 12:00 midnight following the sending or giving of notice of arrival. Rail cars will be released at the time lawful charges are received by an agent of Union Pacific Railroad Company or an agent of any railroad which has participated in the transportation transaction; however, if such payment of lawful charges is received by U.S. mail, it will be considered as having been received after 12:00 midnight of the date received. Charges in billing requested by any shipper after a shipment has occurred shall not alter any entity's liability for freight charges in accordance with this paragraph.<br>7. Other Definitions. As used in this item: (a) the term "shipper" includes without limitation consignors, consignees, freight forwarders, shippers' associations, and shippers' agents and (b) "charges" or "freight charges" include without limitation transportation charges, switch charges, demurrage, detention, and other accessorial charges that may accrue in connection with shipments handled by Union Pacific Railroad Company. |

Explanation of Reference Marks:

[1] – Brought forward from Supplement 1 without change.
[3] – Brought forward from Supplement 3 without change.

{

– END –

# NATIONAL RAILROAD FREIGHT COMMITTEE, AGENT

SUPPLEMENT 1
TO

## UNIFORM FREIGHT CLASSIFICATION 6000-M

**(CANCELS UNIFORM FREIGHT CLASSIFICATION 6000-L, EXCEPT FOR THE ACCOUNT OF QBT WHICH FOR THE PURPOSE OF RATINGS SHOULD REVERT BACK TO THE RATING SECTION OF 6000-L)**

Supplement 1 contains all changes

---

### RULES AND REGULATIONS

**THIS TARIFF IS APPLICABLE ONLY IN CONNECTION WITH TARIFFS**

**SPECIFICALLY SUBJECT HERETO**

**ISSUED  OCTOBER 3, 2001**                          **EFFECTIVE NOVEMBER 1, 2001**

Sandra Hladick
Tariff Publishing Officer
RAILINC
7001 Weston Parkway, Suite 200
Cary, NC 27513
(919) 651-5091

Copyright 2001
By RAILINC

**SUPPLEMENT 1 TO UNIFORM FREIGHT CLASSIFICATION 6000-M**

| RULE | SUBJECT | APPLICATION |
|---|---|---|
| ♦<br>62<br>(Cancels 62<br>in original) | CREDIT AND<br>COLLECTION<br>TERMS-UP | 1.  Pre-paid shipments. On "Pre-paid" shipments, the originating carrier may require that tender of a shipment be accompanied by full payment of charges unless consignor has established credit to the satisfaction of the originating carrier.  For purposes of this item, "pre-paid" shipments shall mean shipments for which the originating carrier bears the billing and collection responsibilities.<br>2.  Collect Shipments. On "collect" shipments, the delivering carrier may require full payment of all charges prior to delivery of shipments unless consignee has established credit to the satisfaction of the delivering carrier.  For purposes of this item, "collect" shipments shall mean shipments for which the delivering carrier bears the billing and collection responsibilities.<br>3.    Payment. All credit patrons must pay charges in accordance with the terms established by the billing carrier.  Where Union Pacific Railroad Company is the billing carrier, the credit period is fifteen (15) days, including Saturdays, Sundays, and legal holidays, and shall begin on the day following presentation of the freight bill.  The term "freight bill" as used in this item includes paper documents, billing by electronic data interchange ("EDI"), and invoiceless procedures.  Presentation of the freight bill shall be deemed to have been made: (a) upon mailing when mailed, (b) upon sending by carrier of a transmission when EDI billing is used, and (c) unless otherwise agreed, upon waybill date when invoiceless procedures are utilized.  Payment shall be deemed to have been made:  (a) upon mailing of an acceptance check, draft, or money order when paying by mail, and (b) upon receipt of funds in the carrier's bank account when paying via electronic transmission.<br>4.    ♦ Finance Charge. Union Pacific Railroad Company will assess a late payment finance charge on any freight transportation charges paid delinquently, at a rate of twelve percent (12%) per year (or, to the extent the rate of such charge is not preempted by federal law and such rate exceeds the maximum rate permitted by applicable law).  Payments shall be deemed delinquent when not made within the credit period.  The late payment finance charge shall be assessed for each day beyond the credit period that payment is made.<br>5.  Offset Prohibit.  In no event shall any amount(s) claimed against Union Pacific Railroad Company, including without limitation claims for freight loss or damage or overpayment of freight or other charges, be deducted from or offset against freight or other charges due hereunder.  Freight charges due must be paid in full, and any claim against Union Pacific Railroad Company must be asserted separately in accordance with the applicable procedure.<br>6.  Revocation of Credit and Other Remedies.  If a credit patron fails to pay in accordance with these requirements, Union Pacific Railroad Company, in its sole discretion, may revoke credit privileges and institute any one or more of the following procedures:<br>(a)  Require that applicable freight charges be pre-paid by the consignor (who shall not be such patron) on all shipments destined to such patron.  Section 7 of the bill of lading, if executed by the billing party, will not apply to such shipments.<br>(b)  Require that applicable freight charges be paid on a collect basis by the consignee (who shall not be such patron) on all shipments originating with such patron.<br>(c)  Assess demurrage charges on rail cars placed in hold status for cash.  When rail cars are held in transit due to cash status, time for demurrage purposes will be computed from the first 12:00 midnight following the sending or giving of notice of arrival.  Rail cars will be released at the time lawful charges are received by an agent of Union Pacific Railroad Company or an agent of any railroad which has participated in the transportation transaction;  however, if such payment of lawful charges is received by U.S. mail, it will be considered as having been received after 12:00 midnight of the date received.  Charges in billing requested by any shipper after a shipment has occurred shall not alter any entity's liability for freight charges in accordance with this paragraph.<br>7.  Other Definitions.  As used in this item: (a) the term "shipper" includes without limitation consignors, consignees, freight forwarders, shippers' associations, and shippers' agents and (b) "charges" or "freight charges" include without limitation transportation charges, switch charges, demurrage, detention, and other accessorial charges that may accrue in connection with shipments handled by Union Pacific Railroad Company. |

♦  Denotes Increase



**UP 6004-C**

**Item:** 10
GOVERNING RULES DOCUMENTS

### GOVERNING RULES DOCUMENTS

This publication is governed, except as otherwise specifically provided herein, by the provisions of publications below as amended from time to time:

| | |
|---|---|
| Bureau of Explosives | BOE 6000-series |
| Directory of Hazardous Materials Shipping Description | (Issued by RAILINC) |
| Official Railroad Station List | OPSL 6000-series |
| Official Railway Equipment Register | RER-series |
| Standard Transportation Commodity Code | STCC 6001-series |
| Uniform Freight Classification | UFC 6000-series |