SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |

NOTICE OF SUFFICIENCY HEARING WITH RESPECT TO REORGANIZED
DEBTORS' OBJECTION TO PROOFS OF ADMINISTRATIVE
EXPENSE CLAIM NUMBERS 19551, 19950, AND 19951

PLEASE TAKE NOTICE that as set forth on <u>Exhibit A</u> attached hereto, DPH Holdings Corp. and certain of its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession (collectively, the "Debtors") objected to certain proofs of administrative expense claims (collectively, the "Claims") filed by certain parties (collectively, the "Claimants").

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

PLEASE TAKE FURTHER NOTICE that pursuant to the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006 (Docket No. 6089) (the "Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Procedures Order"), and the Fourteenth

2

Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims, entered January 28, 2011 (Docket No. 21098), a sufficiency hearing (the "Sufficiency Hearing") to address the legal sufficiency of the Claims and whether each such Claim, states a colorable claim against the asserted Debtor is hereby scheduled for June 23, 2011, at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York 10601-4140.

        PLEASE TAKE FURTHER NOTICE that the Sufficiency Hearing will proceed in accordance with the procedures provided in the Order, unless such procedures are modified in accordance with Paragraph 9(k) thereof.  Please review the Order carefully because failure to comply with the procedures provided in the Order (or as modified pursuant to Paragraph 9(k)) could result in the disallowance and expungement of your Claim.  Copies of the Order and the Administrative Claims Procedures Order are attached hereto for your convenience.

PLEASE TAKE FURTHER NOTICE that the Reorganized Debtors may further adjourn the Sufficiency Hearing at any time at least five business days prior to the scheduled hearing upon notice to the Court and the Claimant.

Dated: New York, New York
May 25, 2011

        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP

        By:  /s/ John K. Lyons
          John Wm. Butler, Jr.
          John K. Lyons
          Ron E. Meisler
        155 North Wacker Drive
        Chicago, Illinois 60606

          - and -

        Four Times Square
        New York, New York 10036

        Attorneys for DPH Holdings Corp., et al.,
          Reorganized Debtors

**Exhibit A**

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| Claim Number | Date Filed | Party Filing Claim | Owner of Claim | Asserted Amount | Omnibus Claims Objection | Date Of Omnibus Claims Objection | Debtor Named On Claim |
| 19551 | 8/12/2009 | PHILIP J. CARSON | PHILIP J. CARSON | $1,000,000.00 | Thirty-Seventh Omnibus Claims Objection | 10/15/2009 | DELPHI CORPORATION |
| 19950[1] | 11/5/2009 | METHODE ELECTRONICS INC. | METHODE ELECTRONICS INC. | Unliquidated | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | DELPHI CORPORATION |
| 19951[1] | 11/5/2009 | METHODE ELECTRONICS INC. | METHODE ELECTRONICS INC. | Unliquidated | Forty-Sixth Omnibus Claims Objection | 3/19/2010 | DELPHI AUTOMOTIVE SYSTEMS LLC |

1  Proofs of administrative expense claim numbers 19950 and 19951 assert identical claims against Delphi Corporation and Delphi Automotive Systems LLC, respectively.  Both of these administrative expense claim requests assert (i) a breach of contract claim and (ii) a patent infringement claim.  On August 26, 2010, the Court entered an order finding, without prejudice, that Methode had not established that its breach of contract claim arose on or after the applicable June 1, 2009 bar date (Docket No. 20548).  This notice pertains only to the breach of contract claim.  As to the patent claim, on June 14, 2010 the court entered an order disallowing all claims that arose prior to June 1, 2009, and lifting the plan injunction to allow continuation of existing litigation regarding alleged patent infringement on or after that date (Docket No. 20240).