**Hearing Date: July 28, 2011 at 10 a.m. (EDT)**

BUTZEL LONG, a professional corporation
150 W. Jefferson Avenue, Suite 100
Detroit, Michigan
(313) 225-7000
Cynthia J. Haffey
Donald V. Orlandoni

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES WITH RESPECT TO PROOFS OF ADMINISTRATIVE EXPENSE CLAIM NUMBERS 18680 AND 20072**

**(DIRECT SOURCING SOLUTIONS, INC.)**

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 18680 and 20072 (the "Statement Of Disputed Issues") filed by Direct Sourcing Solutions, Inc. (the "Claimant") and respectfully represent as follows:

Background

1. On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2. On July 14, 2009, the Claimant filed proof of administrative expense claim number 18680 against Delphi asserting an administrative expense priority claim in the amount of $307,172.08 ("Claim 18680").

3. On October 30, 2009, the Claimant filed proof of administrative expense claim number 20072 against Delphi asserting an administrative expense priority claim in the amount of $1,091,477.04 ("Claim 20072") (together with Claim 18680, the "Claims").

4. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

5. On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

6. On February 18, 2010, the Claimant filed (a) the Response of Direct Sourcing Solutions, Inc. to Debtors' Forty-Third Omnibus Claims Objection as to Claim No.

2

18680 (Docket No. 19493) (the "First Response"), in which the Claimant reduced the asserted amount of Claim 18680 to $11,483.90, and (b) the Response of Direct Sourcing Solutions, Inc. to Debtors' Forty-Third Omnibus Claims Objection as to Claim No. 20072 (Docket No. 19494) (together with the First Response, the "Responses"), in which the Claimant reduced the asserted amount of Claim 20072 to $81,158.02.

7. On May 24, 2011, the Reorganized Debtors filed the Notice Of Claim Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18680 and 20072 (Direct Sourcing Solutions, Inc.) (Docket No. 21281), scheduling an evidentiary hearing on the merits of the Claims for July 28, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

## Disputed Issues

### The Reorganized Debtors Do Not Owe Anything On The Claims

8. The Reorganized Debtors have reviewed the relevant information submitted with the Claims and the Responses and dispute the amounts asserted in the Claims. Instead, the Reorganized Debtors assert that the Claims should be disallowed and expunged in their entirety.

9. Having reviewed their relevant records, the Reorganized Debtors have verified payment of all but $9,766.32 of the combined reduced amounts asserted by the Claimant in the Responses. With respect to the balance of $9,766.32, however, there is no payment from the Reorganized Debtors due and owing because (a) Delphi rightfully rejected the associated invoiced goods for poor quality or (b) the relevant invoice was for goods in excess of the number set forth in the respective purchase order, which had been completed and closed.

10. In sum, the Reorganized Debtors' books and records for the Claims reflect a zero balance. Accordingly, the Claims should be disallowed and expunged in their entirety.

3

Reservation Of Rights

11.     This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claim.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims in their entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   Detroit, Michigan
         June 1, 2011

                                        BUTZEL LONG, a professional corporation


                                        By:  /s/ Cynthia J. Haffey
                                             Cynthia J. Haffey
                                             Donald V. Orlandoni
                                             150 West Jefferson Avenue, Suite 100
                                             Detroit, Michigan 48226
                                             (313) 225-7000

                                        *Attorneys for Reorganized Debtors*

4

BUTZEL LONG, a professional corporation
150 W. Jefferson Avenue, Suite 100
Detroit, Michigan
(313) 225-7000
Cynthia J. Haffey
Donald V. Orlandoni

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2011, a true and correct copy of the Reorganized Debtors' Statement of Disputed Issues With Respect to Proofs of Administrative Expense Claim Numbers 18680 and 20072 (DIRECT SOURCING SOLUTIONS, INC.) was served by Fax to the following persons at the following addresses:

Richard M. Meth, Esq.
FOX ROTHSCHILD LLP
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
F: (973) 992-9125
-and-
100 Park Avenue, 15th Floor
New York, New York 10017

Michael G. Shaikun, Esq.
C.R. Bowles, Jr., Esq.
GREENEBAUM DOLL & McDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
F: (502) 540-2140
F: (502) 540-2274

*Attorneys for Direct Sourcing Solutions, Inc.*

Dated: Detroit, Michigan
    June 1, 2011

/s/ Alexis L. Richards
Alexis L. Richards