**Hearing Date:  July 28, 2011**
                              **Hearing Time:  10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x : | | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | | |

REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOFS OF ADMINISTRATIVE EXPENSE
<u>CLAIM NUMBERS 18832 AND 19765</u>

("STATEMENT OF DISPUTED ISSUES –
THE TIMKEN COMPANY")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 18832 And 19765 (the "Statement Of Disputed Issues") filed by The Timken Company (the "Claimant") and respectfully represent as follows:

Background

1.      On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), now known as the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.      On July 15, 2009, the Claimant filed proof of administrative expense claim number 18832 ("Claim 18832") against Delphi. Claim 18832 asserts an administrative expense priority claim in the amount of $843,522.56 relating to goods sold by the Claimant to the Debtors.

3.      On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to,

2

compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

4. On November 5, 2009, the Claimant filed proof of administrative expense claim number 19765 ("Claim 19765," and together with Claim 18832, the "Claims") against DAS LLC.  Claim 19765 asserts an administrative expense priority claim in the amount of $656,034.89 relating to goods sold by the Claimant to the Debtors.

5. On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

6. On February 23, 2010, the Claimant filed the Omnibus Response To Notice Of Objections To Claim (Docket No. 19552) (the "Response").

7. On May 24, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18832 And 19765 (The Timken Company) (Docket No. 21283), scheduling an evidentiary hearing on the merits of the Claim for July 28, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A. The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claim

8. The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amounts asserted in the Claims. Instead, the Reorganized Debtors assert that each of the Claims should be disallowed and expunged in its entirety.

9. The Claimant asserts in the Claims that certain goods were sold to the Debtors. However, the Claims do not contain sufficient evidence to support this contention. Moreover, the Claimant has not provided the Reorganized Debtors with any actual invoices or proofs of delivery supporting the amounts asserted by the Claimant. The Debtors' General Terms And Conditions governing its dealings with suppliers require that suppliers "promptly forward the original bill of lading or other shipping receipt with respect to each shipment as Buyer instructs." See General Terms And Conditions, § 2.1. The Claimant has not provided these proofs of delivery and the Debtors have no record of receiving certain goods associated with the Claims. Finally, the Reorganized Debtors' books and records for this vendor reflect a zero balance. Accordingly, the Reorganized Debtors believe that each of the Claims should be disallowed and expunged in its entirety.

Reservation Of Rights

10. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims

Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order").  Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging each of the Claims in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         June 1, 2011

                              SKADDEN, ARPS, SLATE, MEAGHER
                                   & FLOM LLP

                              By:   /s/ John K. Lyons
                                  John Wm. Butler, Jr.
                                  John K. Lyons
                                  Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606

                              - and -

                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                Reorganized Debtors