**Hearing Date: July 28, 2011**
                              **Hearing Time: 10:00 a.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re | : | Chapter 11 |
| | : | |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| | : | |
|               Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

                   REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
                  WITH RESPECT TO PROOFS OF ADMINISTRATIVE EXPENSE
                      <u>CLAIM NUMBERS 19761, 19762, AND 19763</u>

                              ("STATEMENT OF DISPUTED ISSUES –
         ATS OHIO INC., ATS AUTOMATION TOOLING SYSTEMS, INC.,
            AND ATS MICHIGAN SALES AND SERVICES, INC.")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 19761, 19762, And 19763 (the "Statement Of Disputed Issues") filed by ATS Ohio Inc. ("ATS Ohio"), ATS Michigan Sales And Services, Inc. ("ATS Michigan"), and ATS Automation Tooling Systems, Inc. ("ATS Automation" and together with ATS Ohio, and ATS Michigan, the "Claimants"), respectively, and respectfully represent as follows:

<u>Background</u>

1.    On October 8 and 14, 2005 (the "Petition Date"), Delphi Corporation ("Delphi") and certain of its affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), now known as the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended.

2.    On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

2

3. On November 5, 2009, ATS Ohio filed proof of administrative expense claim number 19761 ("Claim 19761") against Delphi. Claim 19761 asserts an administrative expense priority claim in the amount of $71,847.00 relating to goods sold by ATS Ohio to the Debtors.

4. On November 5, 2009, ATS Michigan filed proof of administrative expense claim number 19762 ("Claim 19762") against Delphi. Claim 19762 asserts an administrative expense priority claim in the amount of $192,040.00 relating to goods sold by ATS Michigan to the Debtors.

5. On November 5, 2009, ATS Automation filed proof of administrative expense claim number 19763 ("Claim 19763," and together with Claim 19761 and Claim 19762, the "Claims") against Delphi. Claim 19763 asserts an administrative expense priority claim in the amount of $42,414.00 (USD) and $7,307.00 (CDN) relating to goods sold by ATS Automation to the Debtors.

6. On January 22, 2010, the Reorganized Debtors objected to the Claims pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

3

7. On February 17, 2010, the Claimants filed the Response Of ATS Automation Tooling Systems Inc., ATS Michigan Sales And Service Inc, ATS Ohio Inc. And ATS Wickel Und Montagetechnik AG To Reorganized Debtors' Forty-Third Omnibus Claims Objection (Docket No. 19456) (the "Response").

8. On May 24, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19761, 19762, And 19763 (Docket No. 21282), scheduling an evidentiary hearing on the merits of the Claims for July 28, 2011, at 10:00 a.m. (prevailing Eastern time) in this Court.

Disputed Issues

A.  <u>The Reorganized Debtors Do Not Owe The Amounts Asserted In The Claims</u>

9. The Reorganized Debtors have reviewed the information attached to the Claims and the Response and dispute the amounts asserted in the Claims. Instead, the Reorganized Debtors assert that each of the Claims should be disallowed and expunged in its entirety.

    (i)    <u>Claim 19761</u>

10. <u>All Invoices Relate To Prepetition Amounts</u>. Based upon the Debtors' various accounts payable records, all of the invoices reflected in Claim 19761 relate to prepetition amounts that are not entitled to administrative priority under 11 U.S.C. § 503(b). Therefore, Claim 19761 should be disallowed and expunged in its entirety.

    (ii)    <u>Claim 19762</u>

11. <u>A Certain Invoice Relates To A Non-Debtor Entity</u>. Based upon Delphi's various accounts payable records, one of the invoices reflected in Claim 19762 relates to an

4

overseas non-debtor entity, Delphi Polska Automotive Systems, which is not subject to the claims process. Therefore, $119,018.00 should be subtracted from the amount claimed.

12. <u>Certain Invoices Were Denied For Failure To Meet Standards</u>. Based upon the Debtors' various accounts payable records, three of the invoices reflected in Claim 19762 relate to amounts that were denied due to the Claimants' failure to meet drawing standards and engineering requirements as agreed to by the Claimants. Therefore, $41,646.00 should be subtracted from the amount claimed.

13. <u>Certain Invoices Have Been Paid</u>. Based upon the Debtors' various accounts payable records, one of the invoices reflected in Claim 19762 has been paid. Therefore, $31,376.00 should be subtracted from the amount claimed.

14. After taking into account the above-referenced deductions to Claim 19762, the Reorganized Debtors reconciled Claim 19762 as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $192,040.00 |
|---|---|---|
| <u>Modifications</u> | Non-Debtor Invoices | $119,018.00 |
| | Denied Invoices | $41,646.00 |
| | Paid Invoices | $31,376.00 |
| <u>Reconciled Amount</u> | | $0.00 |

15. Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance. Accordingly, Claim 19762 should be disallowed and expunged in its entirety.

5

  (iii) <u>Claim 19763</u>

  16. <u>Certain Invoices Relate To Prepetition Amounts</u>.  Based upon the Debtors' various accounts payable records, four invoices reflected in Claim 19763 relate to prepetition amounts that are not entitled to administrative priority under 11 U.S.C. § 503(b).  Therefore, $41,994.00 (USD) and $4,918.00 (CDN) should be subtracted from the amount claimed.

  17. <u>Certain Invoices Have Been Paid</u>.  Based upon the Debtors' various accounts payable records, four of the invoices reflected in Claim 19763 have been or will be paid. Therefore, $2,389.00 (CND) and $420.00[1] (USD) should be subtracted from the amount claimed.

  18. After taking into account the above-referenced deductions to Claim 19763, the Reorganized Debtors reconciled Claim 19763 as illustrated in the following chart:

| <u>Claimant's Asserted Amount</u> | | $42,414.00 (USD) | $7,307.00 (CND) |
|---|---|---|---|
| <u>Modifications</u> | Prepetition Invoices | $41,994.00 (USD) | $4,918.00 (CND) |
| | Paid Invoices | $420.00 (USD) | $2,389.00 (CND) |
| <u>Reconciled Amount</u> | | $0.00 (USD) | $0.00 (CND) |

  19. Moreover, the Reorganized Debtors' books and records for this vendor reflect a zero balance.  Accordingly, Claim 19763 should be disallowed and expunged in its entirety.

<u>Reservation Of Rights</u>

  20. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R.

---

[1] The paid amount includes one invoice that was approved for payment on May 26, 2011 in the amount of $420.00 and should be received by the Claimant within 14 days of approval.

Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of the Claims and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging each of the Claims in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:   New York, New York
         June 1, 2011

                                                SKADDEN, ARPS, SLATE, MEAGHER
                                                  & FLOM LLP

                                                By:   /s/ John K. Lyons
                                                     John Wm. Butler, Jr.
                                                     John K. Lyons
                                                     Ron E. Meisler
                                                155 North Wacker Drive
                                                Chicago, Illinois 60606

                                                   - and -

                                                Four Times Square
                                               New York, New York 10036

                                               Attorneys for DPH Holdings Corp., et al.,
                                                 Reorganized Debtors