UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
    In re                                               :        Chapter 11
:
DPH HOLDINGS CORP., et al.,               :       Case No. 05-44481 (RDD)
:
          Reorganized Debtors.    :       (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1114 AND
26 U.S.C. § 35(e)(1)(K) DESIGNATING DSRA VEBA BENEFIT
<u>AS IN LIEU OF COBRA CONTINUATION COVERAGE</u>

Upon the Motion, dated May 5, 2011 (Docket No. 21261) (the "Motion"), of the Official Committee of Eligible Salaried Retirees (the "Retirees' Committee"), requesting that this Court enter an order (the "Order") providing that the benefits offered by the Voluntary Employee Benefit Association (the "DSRA VEBA") established pursuant to this Court's Salaried OPEB Settlement Order, dated April 3, 2009 (Docket No. 16547), are designated as in lieu of COBRA continuation coverage benefits for retirees and their dependents who are represented by the Retirees' Committee and were not offered lifetime COBRA continuation coverage in connection with the change to their benefits during these Chapter 11 cases; and this Court having entered the Salaried OPEB Settlement Order and the Expansion of VEBA Benefits Order, dated December 18, 2009 (Docket No. 19407), and having retained jurisdiction with respect to matters arising from or related to the implementation of the Salaried OPEB Settlement Order and the Expansion of VEBA Benefits Order; and upon the supporting declaration of Dean M. Gloster, counsel for the Retirees' Committee, dated May 5, 2011 (Docket No. 21672) (the "Declaration"); and it appearing from the Declaration that the Retirees' Committee has determined that it could be helpful to the DRSA VEBA and its beneficiaries to request

that this Court enter this Order recognizing the Retirees' Committee's tactical choice in entering into the settlement approved in the Salaried OPEB Settlement Order rather than seeking to litigate over a right to lifetime COBRA continuation coverage from DPH Holdings Corp. ("DPH Holdings"), reorganized lead debtor and successor to Delphi Corporation (collectively, with certain of Delphi Corporation's reorganized debtor subsidiaries and affiliates, the "Reorganized Debtors"); and the Reorganized Debtors not having any objection to the requested relief other than that this Order include the language set forth in paragraph 2 of this Order; and upon the record of the May 26, 2011 hearing on the Motion and the entire record of these Chapter 11 cases; and after due deliberation thereon and good and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:[1]

A.    The Retirees' Committee entered into the Settlement rather than, among other things, seek to litigate over a right to lifetime COBRA continuation coverage rights for all eligible salaried retirees (and their dependents) it represented who were not offered such lifetime COBRA continuation coverage by the debtors or Reorganized Debtors.

B.    The relief granted herein is in the best interests of the Reorganized Debtors and their estates and creditors.

C.    Proper and adequate notice of the Motion has been given and no other or further notice is necessary.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.    This Court has core jurisdiction over these chapter 11 cases and the parties and property affected hereby to consider the relief described herein pursuant to 28 U.S.C.

---

[1]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

2

§§ 157 and 1334, article XIII of the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified), and paragraphs FF and 56 of the Plan Modification Order, dated July 30, 2009 (Docket No. 18707).  Venue of this matter and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Order is not and shall not be construed as a determination by this Court or an agreement by the Reorganized Debtors that the DSRA VEBA beneficiaries represented by the Retirees' Committee or any other former employees were, are, or will be eligible for lifetime COBRA continuation coverage.  This Order does not affect and shall not be construed as affecting this Court's bench ruling concerning COBRA continuation coverage on July 30, 2009 (Docket No. 18830) or any order implementing such ruling.

3. The benefits offered by the DSRA VEBA are designated as in lieu of lifetime COBRA continuation coverage benefits for retirees and their dependents who are represented by the Retirees' Committee and were not offered lifetime COBRA continuation coverage in connection with the change to their benefits during these Chapter 11 cases.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order, including further modifications, limitations or clarifications to this Order.

Dated: White Plains, New York
       June 6, 2011

                                /s/Robert D. Drain
                                UNITED STATES BANKRUPTCY JUDGE