James B. Sumpter, Pro Se
21169 Westbay Circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x   Chapter 11 Case No. 05-44481 (RDD)

In re:

DELPHI CORPORATION, et. al.,
                                  : (Jointly Administered) :
    Debtors.                      : :
                                  : :

------------------------------x


### Request for Stay of Court Order and Related Proceedings Regarding of VEBA in Lieu of COBRA Ruling (Docket # 21306)


    1.    This motion is a Request for Stay of Court Order and related proceedings regarding of VEBA in Lieu of COBRA Ruling (Docket #21306) until Movant has the opportunity to submit a motion of reconsideration of COBRA Benefit Motion (docket # 18366 )

    2.    The Movant respectfully request a stay which delays the court order and related proceedings, at least, until after the September 22, 2011 Omnibus hearing date and preferably until after October 27, 2011.  Movant request this length of time so that a motion for rehearing based on the fact that Movant has secured an IRS ruling letter which states in part:

> ***The statute eliminates the need for showing that the listed event caused the loss of coverage if the substantial elimination occurs within that 24-month period. For a loss***

1

> *that occurs outside that 24-month period, or for a loss that is not a substantial elimination of coverage, it is still necessary to show that the underlying financial condition of the employer that led to the bankruptcy proceeding also led to the change in the terms and conditions of the retiree health coverage.*

(See Attachment-1; IRS Ruling).

3.     Thus Movant also needs time to hire an Economist and time for the Economist to perform the required analysis regarding the underlying financial conditions during the two critical COBRA related dates.

4.     Because attorney cost to pursue this issue are in the tens of thousands of dollars, the Movant has not been able to hire legal representation and is forced to proceed pro se. This poses an additional burden, since the Movant is a disabled retiree who suffers from Lupus, chronic fatigue and recurring depression. As a result, the Movant has a significantly reduce efficiency. In addition, the Movant is scheduled for total knee replacement surgery on 6-July-2011 and is informed that he will require six seeks of intensive physical therapy and be restricted from most travel (particularly air travel) until October 2011

5.     For the reasons set forth herein, the relief requested is warranted and necessary. In support of this Stay request, the Movant respectfully represent as follows:

## Failure to Give Proper Notice

6.     The Movant only learned of the VEBA motion on 3-Jun-2011, completely through serendipity. Thus, there was a failure to give proper notice by the Retiree Committee and the VEBA committee.

7.     It is well known that Movant has been the face of the Salaried Retirees efforts to secure life time COBRA benefits. This is demonstrated by the following:

2

a. The Movant is the only retiree to file motion in this Bankruptcy court regarding COBRA.

b. The Movant sought and received IRS Ruling which supports the position that Retirees are not time barred from proving eligibility for COBRA Life time benefits. Key players on the DSRA board, the Retiree Committee and the VEBA Committee were aware of the existence of this ruling.

c. Attached are copies of E-mails that document communication with Jim Frost, Chairman of the Retirees committee; Carol Light – Co-Chair of VEBA Committee; Members of the 1114 retiree committee and the DSRA leadership, which includes Jim Frost (See attachment-2).

d. The Movant also had communications with Larry Schmits of Kreig and Devault LLP the supervising attorney for the VEBA Committee regarding Movant's ongoing COBRA efforts. Mr. Schmits informed me, at that time, that he represented the VEBA Committee and that helping me would create a conflict of interest. As a result, Mr. Schmits returned my COBRA documents unopened. Movant cannot be certain of how much of the Movant's letter Mr. Schmits read (See attachment-3). However, there was a substantial subsequent phone conversation, in which it was clear that Mr. Schmits was aware that the Movant had ongoing activities regarding retiree COBRA benefits (otherwise he would not have known there was a potential conflict).

e. In April 2009, The Movant Communicated with Joe McHugh, who was working in support of the VEBA Committee, about my efforts regarding

3

COBRA. This included my intention to file for a rehearing based on the fact that I had received a favorable IRS ruling letter. Mr. McHugh indicated that he planned to pass this information to the VEBA committee and that he planned, at a subsequent time, to meet further with me about it. Mr. McHugh was one of the founding members of the retiree organization effort, the formation of the DSRA and the initial financial support of our efforts to have the court establish and 1114 committee.

f. Delphi Automotive was also aware of the Movant's ongoing activities and the fact that there was a favorable ruling letter from the IRS. They were informed through various exchanges with the Department of Labor, which the Movant had been trying to persuade to take over the COBRA legal effort.

8.  As a result, all of the parties involved knew of, or should have known that the Movant has been actively continuing efforts to secure, for the retirees and the VEBA, the COBRA benefit worth more than $500,000,000. Thus, the Movant should have, but did not, received notice of the motions and hearings that are represented in docket numbers 21280, 21275, 21262 and 21261.

### IRS Ruling and Request for COBRA Motion Rehearing

9.  At the 29-July-2009 Omnibus hearing, where the COBRA motion was heard (docket # 18366), the court was made aware that an IRS ruling was pending. In fact, documentation of the ruling request was an attachment to the COBRA motion.

10. The Movant is in the process of preparing a request to rehear the COBRA motion based on the content of the IRS ruling, which provides a new and substantial reason to rehear this motion and therefore is not restricted by the principals of res judicata. ( See attachment-1 for IRS Ruling)

## Current Ruling Will Do Irreparable Harm and Is Not In the Best Interest of Retirees

11. This ruling, if allowed to proceed, will cause forever the retirees to loose the option to pursue life time COBRA. It is, therefore, not in the best interest of retirees, as the issue regarding lifetime COBRA, which is worth in excess of $500,000,000, has not been resolved. A ruling which, after the fact, declares that the VEBA was established in lieu of COBRA is not true and denies retirees the right to pursue their COBRA claim.

12. This is significant, since court records document that the VEBA, established with eight million dollars from Delphi, was set up as part of the settlement between Delphi and the Retiree Committee. In return, the Retiree Committee agreed not to appeal the courts order regarding retiree entitlement to an 1114 committee. At no time was it ever proposed that the VEBA would be in lieu of COBRA.

13. In addition, court records associated with the establishment of the VEBA and the Delphi $8,000,000 payment indicated that the two actions were compensation for not pursuing an appeal of the Judges 1114 committee ruling. At no time was any reference made to COBRA.

14. Movant was a member of the limited 1114 committee, and at no time prior to 25-March-2009 (Movant's last day on the 1114 Committee) was there any discussion or proposal that the VEBA would be in lieu of COBRA. In fact, the Movant was a proponent of not taking the $8,000,000,000 settlement because retirees could achieve a better outcome by pursing

lifetime COBRA benefits. Attached to this motion are documents that contain some of the Movant's communications regarding the COBRA effort. In fact, documents show that the 1114 committee, particularly the Chairman thought pursuing the issue COBRA issue was a distraction.

15.  Should Movant's COBRA motion prevail in gaining $500,000,000 in lieu of life time COBRA, the goal of the VEBA would be achieved, while significantly increasing the VEBA assets and the number of retirees that it could meaningfully help. The VEBA provides tangible benefits only to retirees, who are HCTC eligible. As a result, no retiree under age 55, no retiree who is over age 65 and no Medicare retiree receives any substantial financial benefit from the VEBA. The VEBA committee has made a significant effort to provide retiree access to other group plans for such things as life insurance, dental, and vision. However, these plans provide, at best, a minimum savings to retirees and would not equal the kind of benefit that could be derived by adding $500,000,000 to the VEBA trust.

## Standing of the 1114 Committee

16.  Based on the Courts ruling regarding the retirees' entitlement to an 1114 committee, in which the scope of the committee was narrowly confined to identifying vested retiree rights and negotiations with Delphi regarding retirees' potential appeal of the courts order, the 1114 committee was not empowered to bring its motion (docket # 21261) as official representatives for retirees. Thus, any effort to limit or convert Salaried Retiree COBRA benefit rights should have required full notice to the Salaried Retiree population.

## A Stay of the Judges Order and Related Proceedings Will Do No Harm

17.  Since there is significant uncertainty regarding what actions Congress might take or the related timing, it's unclear that the issues which concern the VEBA committee will

materialize. Thus, it's not clear that the VEBA Committee's long term goals are jeopardized by the requested Stay.

18. In addition, any potential harm to the VEBA Committee's goals is far outweighed by the potential harm to all retirees if they lose the opportunity to seek life time COBRA benefits.

19. Furthermore, the Stay provides an opportunity for the VEBA and Retiree Committees to join the Movant's effort to secure COBRA Benefits for all Salaried Retirees, which will result in significantly increase benefits and broader assistance for all Salaried Retirees.

WHEREFORE, the Movant respectfully requests that this Court enter an order granting the relief requested herein, and such other and further relief as may be just, necessary and appropriate.

Dated: Noblesville, Indiana
June 8, 2011

By: _____
James B. Sumpter

James B. Sumpter, Pro Se
21169 Westbay circle
Noblesville, IN 46062
Telephone: (317) 877-0736
Facsimile: (317) 877-1070
jsump@ieee.org

Salaried Retiree of Debtors

7