# Attachment- 1

# IRS Ruling



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

CC:TEGE:EB:HW:REWeinheimer

NOV 24 2009

Mr. James B. Sumpter
21169 Westbay Circle
Noblesville, IN 46062

Subject: Bankruptcy Qualifying Event under Section 4980B

Mr. Sumpter:

This letter is in response to your request dated July 8, 2009 for a private letter ruling on issues related to a bankruptcy qualifying event under the COBRA health care continuation coverage requirements of section 4980B of the Internal Revenue Code. We decline to issue a ruling. Nevertheless, this letter includes general observations about the bankruptcy qualifying event without applying them to the specific facts of your situation.

Pursuant to section 4980B and the regulations issued under it, a qualifying event occurs if one of the listed events causes a covered employee (or the spouse or dependent child of a covered employee) to lose coverage under a group health plan subject to COBRA. Losing coverage means to cease to be covered under the same terms and conditions in effect immediately before the event (or to cease to be covered under the same terms and conditions in anticipation of the event). A loss of coverage need not occur immediately after the event so long as it occurs before the end of the maximum required period of coverage.

A proceeding in bankruptcy under Title 11 of the United States Code with respect to an employer is one of the listed events that can be a qualifying event. However, it applies only with respect to a covered employee who retired from the employment of such an employer (and any spouse, surviving spouse, or dependent child of such a retired covered employee). For the bankruptcy proceeding to be a qualifying event, it must cause a retired covered employee (or the spouse, surviving spouse, or dependent child of a retired covered employee) to lose coverage under the group health plan. The maximum required period of coverage in the case of the bankruptcy qualifying event is the lifetime of the retiree for the retiree and 36 months after the death of the retiree for a spouse, surviving spouse, or dependent child of the retiree. The loss of coverage need not occur immediately after the bankruptcy proceeding, so long as it occurs before the death of the retiree (or before the date 36 months after the retiree's death).

2

The determination of whether a bankruptcy of an employer causes a loss of coverage under a group health plan typically raises a problem of interpretation. The mere commencement of a proceeding in bankruptcy with respect to an employer generally will not cause a loss of coverage under a group health plan in the way that a termination of an employee's employment, or the death of the employee, or divorce from the employee causes a loss of coverage. The determination of a loss of coverage with these events can generally be determined by inspecting the eligibility provisions of the group health plan. By contrast, group health plans generally are not written so that the coverage of retired employees and their families will end automatically upon the commencement of a proceeding in bankruptcy with respect to the employer. Nevertheless, Congress intended that some protection in the form of continuation coverage be provided to retirees and their families whose retiree health coverage is terminated in connection with the bankruptcy of the employer maintaining the plan. To give the statute meaning, the IRS generally views a bankruptcy proceeding with respect to an employer to cause a loss of retiree health coverage if the underlying financial condition that led to the bankruptcy is also a major contributing factor in the loss of health coverage for retirees and their families. (Of course, the loss need not be a complete loss of coverage; any change in the terms or conditions of coverage in effect immediately before the qualifying event, or any change in the terms or conditions of coverage in anticipation of the qualifying event, may be a loss of coverage.)

In short, any change in the terms or conditions of retiree health coverage that results from the underlying financial condition that led to the commencement of a bankruptcy proceeding with respect to the employer maintaining the retiree group health plan means that the employer bankruptcy will generally be a qualifying event, so long as the change occurs before the death of a retired covered employee (or 36 months after the death of the retiree for a spouse, surviving spouse, or dependent child of the retired covered employee).

The statute also provides an additional rule for determining a loss of coverage in the case of a bankruptcy qualifying event. A loss of coverage is considered to result from the bankruptcy if there is a substantial elimination of coverage within 12 months before or after the date the bankruptcy proceeding commences. In such a case, there is no need to show that the loss of coverage resulted from the same underlying financial condition of the employer that resulted in the bankruptcy proceeding. The statute eliminates the need for showing that the listed event caused the loss of coverage if the substantial elimination occurs within that 24-month period. For a loss that occurs outside that 24-month period, or for a loss that is not a substantial elimination of coverage, it is still necessary to show that the underlying financial condition of the employer that led to the bankruptcy proceeding also led to the change in the terms and conditions of the retiree health coverage.

We hope this information is helpful to you. As we previously stated, this letter addresses well-established principles of tax law without applying them to a specific set of facts. Therefore, this letter is advisory only and has no binding effect on the IRS. If

3

you have additional questions, feel free to contact me, or Russ Weinheimer of my staff, at (202) 622-6080.

Sincerely,

Harry Beker, Chief
Health and Welfare Branch
(Tax Exempt & Government Entities)