**Hearing Date and Time: June 23, 2011 at 10:00 a.m. (prevailing Eastern time)**
**Supplemental Response Date and Time: June 21, 2011 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

REORGANIZED DEBTORS' SUPPLEMENTAL REPLY WITH RESPECT TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19551 (PHILIP J. CARSON)

("SUPPLEMENTAL REPLY REGARDING ADMINISTRATIVE EXPENSE CLAIM FILED BY PHILIP J. CARSON")

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), hereby submit this Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 19551 (Philip J. Carson) (the "Supplemental Reply") and respectfully represent as follows:

A. Preliminary Statement

1. On August 12, 2009, Philip J. Carson filed proof of administrative expense claim number 19551 (the "Claim") against Delphi Corporation ("Delphi") asserting an administrative claim in the amount of $1,000,000.00[1] stemming from alleged personal injuries he suffered on June 13, 2007, while he was employed at Delphi. Mr. Carson also filed a workers' compensation claim for the same injuries that is currently being handled in the normal workers' compensation claims process. As set forth in the Michigan Worker's Disability Compensation Act, however, workers' compensation benefits are the exclusive remedy available to employees for personal injuries or occupational diseases. See Mich. Comp. Laws § 418.131 (1999). Because Mr. Carson's personal injury claim already is being administered through the workers' compensation claims process, this Court should enter an order disallowing and expunging the Claim provided that such disallowance will not prejudice Mr. Carson's ability to pursue his workers' compensation action through the workers' compensation claims process.

B. Background

2. On October 8 and 14, 2005, Delphi and certain of its subsidiaries and affiliates (the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in

---

[1] The Claim originally asserted an administrative claim in the amount of $1,000,000.00 stemming from personal injuries Mr. Carson suffered on June 13, 2007, while he was employed at Delphi. However, Mr. Carson revised the asserted amount to $100,000.00 in the Response (as defined below). See Hr'g Tr. 27:3-7, Aug. 27, 2010 (Docket No. 20590).

this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").

3. On June 16, 2009, this Court entered the Modification Procedures Order (as defined below) which, among other things, established July 15, 2009 (the "Administrative Claim Bar Date") as the deadline for filing a proof of administrative expense for the purpose of asserting an administrative expense claim for the period from the commencement of these chapter 11 cases through June 1, 2009.[2]

4. On or before June 20, 2009, the Debtors, through Kurtzman Carson Consultants LLC ("KCC"), their claims and noticing agent in these chapter 11 cases, served Mr. Carson with a copy of the Notice Of Bar Date For Filing Proofs Of Administrative Expense by first class mail at 119 W Jefferson, Frankenmuth, MI 48734 (the "Frankenmuth Address").

5. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

6. On May 25, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of

[2] The Administrative Claim Bar Date was established pursuant to paragraph 38 of the Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date, entered by this Court on June 16, 2009 (Docket No. 17032) (the "Modification Procedures Order"). On July 15, 2009, this Court entered the Stipulation And Agreed Order Modifying Paragraph 38 Of Modification Procedures Order Establishing Administrative Expense Bar Date (Docket No. 18259) to provide that paragraph 38 of the Modification Procedures Order should be amended to require parties to submit an administrative expense claim form for administrative expense claims for the period from the commencement of these cases through May 31, 2009 rather than through June 1, 2009.

Administrative Expense Claim Numbers 19551, 19950, And 19951 (Docket No. 21288) (the "Sufficiency Hearing Notice").

7. The Reorganized Debtors are filing this Supplemental Reply to implement Article 9.6(a) of the Modified Plan, which provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

8. By the Sufficiency Hearing Notice, the Reorganized Debtors scheduled a hearing (the "Sufficiency Hearing") on June 23, 2011 at 10:00 a.m. (prevailing Eastern time) in this Court to address the legal sufficiency of the Claim and whether the Claim states a colorable claim against Delphi.

9. This Supplemental Reply is filed pursuant to paragraph 9(b)(i) of the Claims Objection Procedures Order. <u>Pursuant to paragraph 9(b)(ii) of the Claims Objection Procedures Order, if a Claimant wishes to file a supplemental pleading in response to this Supplemental Reply, the Claimant shall file and serve its response no later than two business days before the scheduled Sufficiency Hearing – i.e., by **June 21, 2011.**</u>

C. <u>Relief Requested</u>

10. By this Supplemental Reply, the Reorganized Debtors request entry of an order disallowing and expunging proof of administrative expense claim number 19551 as set forth herein.

D. <u>Procedural History Of The Claim Filed Against The Debtors</u>

11. On August 12, 2009, almost a month after the Administrative Claims Bar Date, Mr. Carson filed the Claim against Delphi, which initially asserted an administrative expense claim in the amount of $1,000,000.00 stemming from personal injuries he suffered on

June 13, 2007, while he was employed at Delphi. Mr. Carson listed the Frankenmuth Address on the Claim.

12. On October 15, 2009, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Omnibus Claims Objection").

13. On November 16, 2009, the Reorganized Debtors' received an undocketed letter from Mr. Carson responding to the Thirty-Seventh Omnibus Claims Objection (the "Response"). In the Response, Mr. Carson reduced the asserted amount of the Claim from $1,000,000.00 to $100,000.00. In addition, Mr. Carson also requested that his address be updated to 11401 Vernon Ave., Port Richey, FL 34668 (the "Port Richey Address"). Mr. Carson, however, did not send KCC his change of address; and accordingly, KCC did not update the claims register to replace the Frankenmuth Address with the Port Richey Address.

14. Because the claim was filed after the July 15, 2009 Administrative Claim Bar Date, on January 14, 2010, the Reorganized Debtors' served Mr. Carson at the Frankenmuth Address (the address listed on the Claim) with the Notice Of Deadline To File Motion For Leave To File Late Administrative Expense Claim With Respect To Late Administrative Expense Claim Filed By Philip J. Carson (Administrative Expense Claim Number 19551) (Docket No. 19316) (the "Notice of Deadline"). The Notice of Deadline set January 25, 2010 as the deadline for Mr. Carson to file a motion for leave to file a late administrative expense claim with respect to the Claim (the "January 25 Deadline").

15. Mr. Carson never filed a motion for leave to file a late administrative expense claim. Accordingly, on March 2, 2010, the Reorganized Debtors served Mr. Carson at the Frankenmuth Address with the Notice Of Settlement Of Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Administrative Expense Claims Filed By Philip J. Carson, Deborah Chapman, And Saundra Hamlin (Administrative Expense Claim Numbers 19551, 19284, And 19370) (Docket No. 19584) (the "Notice of Settlement" together with the Notice of Deadline, the "Notices").

16. On March 25, 2010, this Court entered the Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Administrative Expense Claims Filed By Philip J. Carson, Deborah Chapman, And Saundra Hamlin (Administrative Expense Claim Numbers 19551, 19284, and 19370) (Docket No. 19724) (the "Untimely Administrative Expense Claim Order").

17. On August 2, 2010, this Court docketed a letter from Mr. Carson (Docket No. 20494) (the "Letter") contesting the disallowance of the Claim.

18. On August 27, 2010, this Court held a hearing regarding the Letter (the "August 27, 2010 Hearing"), treating the Letter as a motion under Fed. R. 60(b) or Bankruptcy Rule 9024 that incorporates it. See Tr. 26:7-8, Aug. 27, 2010 (Docket No. 20590). This Court held that the Untimely Administrative Expense Claim Order solely with respect to the Claim should be vacated. See Hr'g Tr. 27:12-16, Aug. 27, 2010 (Docket No. 20590). In addition this Court stated that if the Reorganized Debtors wished to argue that the Claim was untimely, an evidentiary hearing on that issue would be required. See Hr'g Tr. 27:21-24, Aug. 27, 2010 (Docket No. 20590). Because the Claim does not set forth a viable claim even if it were timely, the Reorganized Debtors filed the Sufficiency Hearing Notice to address solely the legal

sufficiency of the Claim. In the event, however, that this Court does not disallow the Claim as requested herein, the Reorganized Debtors hereby reserve all of their rights regarding whether the Claim was timely filed.

19. On September 9, 2010, this Court entered the Order Pursuant To Fed. R. Bankr. P. 9024 Vacating Order Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 Disallowing And Expunging Administrative Expense Claims Filed By Philip J. Carson, Deborah Chapman, And Saundra Hamlin (Administrative Expense Claim Numbers 19551, 19284, And 19370) Only With Respect To Administrative Expense Claim Number 19551 Filed By Philip J. Carson (Docket No. 20585) (the "Philip J. Carson Order").

E. Claimant's Burden Of Proof And Standard For Sufficiency Of Claim

20. The Reorganized Debtors respectfully submit that the Claim fails to state a claim against the Debtors under rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Pursuant to Bankruptcy Rule 7012, a claimant must provide facts that plausibly support a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b). The Claimant has not provided any facts to support a right to payment by the Reorganized Debtors other than workers' compensation that, as explained more fully below, is being handled through the normal workers' compensation claims process. Accordingly, the Reorganized Debtors' objection to the Claim should be sustained and the Claim should be disallowed and expunged in its entirety.

21. The burden of proof to establish a claim against the Debtors rests on the claimant and, if a proof of claim does not include sufficient factual support, such proof of claim is not entitled to a presumption of prima facie validity pursuant to Bankruptcy Rule 3001(f). In re Spiegel, Inc., Nos. 03-11540, 06-CV-13477, 2007 WL 2456626, at *15 n.6 (S.D.N.Y. Aug. 22, 2007) (the claimant always bears the burden of persuasion and must initially allege facts

sufficient to support the claim); see also In re WorldCom, Inc., No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (only a claim that alleges facts sufficient to support legal liability to claimant satisfies claimant's initial obligation to file substantiated proof of claim); In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); In re Chiro Plus, Inc., 339 B.R. 111, 113 (D.N.J. 2006) (claimant bears initial burden of sufficiently alleging claim and establishing facts to support legal liability); In re Armstrong Finishing, L.L.C., No. 99-11576-C11, 2001 WL 1700029, at *2 (Bankr. M.D.N.C. May 2, 2001) (only when claimant alleges facts sufficient to support its proof of claim is it entitled to have claim considered prima facie valid); In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to make a prima facie case).

22. For purposes of sufficiency, this Court has determined that the standard of whether a claimant has met its initial burden of proof to establish a claim should be similar to the standard employed by courts in deciding a motion to dismiss under Bankruptcy Rules 7012 and 9014. See H'rg Tr. 52:24-53:1, Jan. 12, 2007 (Docket No. 7118). Pursuant to that standard, a motion to dismiss should be granted if a claimant fails to make "'[f]actual allegations . . . enough to raise a right to relief above the speculative level [to a plausible level],' assuming (of course) that all the allegations in the complaint are true." Bradley v. Rell, 703 F. Supp. 2d 109, 115 (N.D.N.Y. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Essentially, the claimant must provide facts that plausibly support a legal liability against the Debtors.

23. This Court further established that the sufficiency hearing standard is consistent with Bankruptcy Rule 3001(f), which states that "[a] proof of claim executed and filed

in accordance with these Rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f) (emphasis added). Likewise, Bankruptcy Rule 3001(a) requires that the "proof of claim shall conform substantially to the appropriate Official Form" and Bankruptcy Rule 3001(c) requires that "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(a), (c). See H'rg Tr. 52:17-22, Jan. 12, 2007 (Docket No. 7118).

F. Argument Regarding The Claim

24. Workers' Compensation Benefits Is Mr. Carson's Sole Remedy With Respect To The Claim. The Reorganized Debtors have reviewed the information attached to the Claim, the Response, and the Letter and dispute that they owe the amounts asserted in the Claim and the Letter. As this Court suggested at the August 27, 2010 Hearing, the Reorganized Debtors spoke to Mr. Carson regarding a possible settlement of the Claim. During these settlement negotiations, the Reorganized Debtors confirmed that Mr. Carson's personal injury claim was being addressed through the workers' compensation process – his exclusive remedy under Michigan law. As Mr. Carson admits in the Response and the Letter, while acting within his scope as "maintenance supervisor" at Delphi, he became injured after exposure to chlorine gas "at the complex." (Response at 1). Because Mr. Carson was injured at work, Mr. Carson's pending workers' compensation claim under the Michigan Worker's Disability Compensation Act is Mr. Carson's exclusive remedy against the Debtors for a personal injury or occupational disease. See Mich. Comp. Laws § 418.131(1) (1999) ("[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease."); see also Gray v. Morley, 596 N.W.2d 922, 925 (Mich. 1999) (holding that even when plaintiff alleges an employer's conduct is reckless or deliberately indifferent, the employee's sole remedy is workers' compensation); Wright v. Micro Elecs., Inc.,

752 N.W.2d 466, 466 (Mich. 2008) (holding that personal injury claims are barred by the exclusive remedy provision of the Worker's Disability Compensation Act, Mich. Comp. Laws § 418.131(1) (1999)); Travis v Dreis & Krump Mfg. Co., 551 N.W.2d 132, 149 (Mich. 1996) (same).

G. Conclusion

25. For the foregoing reasons, the Reorganized Debtors assert that because Mr. Carson's sole remedy of workers' compensation benefits is being addressed through the normal workers' compensation claim process, the Claim does not assert a viable claim against the Debtors. Accordingly, this Court should enter an order disallowing proof of administrative expense claim number 19551 provided that such disallowance will not prejudice Mr. Carson's ability to pursue his workers' compensation action through the workers' compensation claims process.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order disallowing and expunging the Claim in its entirety and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated: New York, New York
June 13, 2011

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ John K. Lyons
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler
155 North Wacker Drive
Chicago, Illinois 60606

- and -

Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
Reorganized Debtors