**Hearing Date: June 21, 2011 at 10:00 am ET**

SCOTT A. WOLFSON  (admitted *Pro Hac Vice*)
ANTHONY J. KOCHIS (admitted *Pro Hac Vice*)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7105
Facsimile:  (248) 247-7099
E-Mail:  akochis@wolfsonbolton.com

*Attorneys for Ex-Cell-O Machine Tools, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

In re:

DELPHI CORPORATION, *et al.*,                    Chapter 11
                                                                      Case No. 05-44481-RDD
                    Debtor.                                      Jointly Administered
_____/

DELPHI CORPORATION, *et al.*,
                                                                      Adversary Proceeding No. 07-02337
                    Plaintiffs,
   v.

EX CELL O MACHINE TOOLS INC.,

                    Defendant.
_____/

**EX-CELL-O MACHINE TOOLS, INC.'S SUR-REPLY IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Defendant Ex-Cell-O Machine Tools, Inc. ("Ex-Cell-O"), through its attorneys, Wolfson Bolton PLLC, for its Sur-Reply in Support of Response to Plaintiff's Motion for Leave to File a First Amended Complaint ("Motion") [Adv. Proc. No. 33], states:

**INTRODUCTION**

After being afforded an adequate opportunity to plead a sustainable complaint, DPH Holdings Corporation ("Delphi") has failed to do so, relying in part upon arguments related to antecedent debt this Court has already rejected.  Worse yet, Delphi has not followed the Court's

directives by failing to respond to Ex-Cell-O's objections to the Motion.  Accordingly, for the reasons set forth below, and those contained in Ex-Cell-O's Response to Plaintiff's Motion for Leave to File a First Amended Complaint [Adv. Proc. No. 36], Ex-Cell-O requests that the Court deny the Motion with prejudice.

### FACTUAL BACKGROUND RELEVANT TO THE SUR-REPLY

On December 17, 2010, the Court held a conference call with counsel for Delphi and counsel for the various adversary proceeding defendants, during which the Court discussed and articulated "global issues" that would be heard at the June 21, 2011 hearing.  Additionally, the Court discussed Delphi's yet-to-be filed omnibus reply brief, stating that Delphi was to respond to each individual objecting defendant's position regarding the sufficiency of pleading:

> **The Court**: No, but again, we're talking about – I'm sorry maybe this terminology is misleading people.  But the universal issue is whether each complaint, A, is one that passes muster for purposes of a Rule 15 motion.  And B, as a subset of that, would meet Twombly and Iqbal.  *And obviously they're going to have to, in answering that question for each complaint; they're going to have to respond to each objector's individual position as to whether the complaint does that.  And they're going to have to do it either by, you know, two or three paragraphs on each objection or a long chart detailing each objection.*  But they're going to have to show that, yes, we have alleged the antecedent debt because, you know, notwithstanding what the objection says X or Y or whatever, whatever they come up with.

Exhibit A, December 17, 2010 Transcript, p. 42 (emphasis added).  On January 28, 2011, counsel for Delphi, Togut, Segal & Segal LLP,[1] filed a Joinder in Plaintiffs' Omnibus Reply in Further Support of Motions for Leave to File Amended Complaint ("Togut Joinder") [Adv. Proc. No. 37], joining in the arguments set forth in Reorganized Debtors' Omnibus Reply in Further Support of Motions for Leave to File Amended Complaints filed by Butzel Long ("Butzel Response") [Docket No. 21096].

---

[1] Togut, Segal & Segal LLP represents Delphi in this adversary proceeding.

2

**ARGUMENT**

    **I.    Delphi has not followed this Court's directive because neither the Togut Joinder nor the Butzel Response responds to Ex-Cell-O's objections.**

Despite being directed by the Court to respond to Ex-Cell-O's objections to the Motion, neither the Togut Joinder nor the Butzel Response addresses Ex-Cell-O's objections. The proposed amended complaint filed by Togut, Segal & Segal LLP ("Togut PAC") and the proposed amended complaint filed by Butzel Long ("Butzel PAC") differ dramatically in both the substantive allegations pled and the form and content of the exhibits attached to the complaints. Attached as Exhibit B is the Togut PAC filed in this adversary proceeding, and attached as Exhibit C is a sample Butzel PAC filed in the case of *Delphi Corporation, et al. v. Access One Technology,* Adv. Proc. No. 07-02142. As a comparison of Exhibits B and C reveals, the Togut PAC and Butzel PAC differ substantially. By means of example and not limitation, with respect to antecedent debt, the Togut PAC alleges:

> 25.    Plaintiff made, or caused to be made, each portion of each Transfer for, or on account of, an antecedent debt (the "Debt") owed by Plaintiff to Defendant prior to the date on which the Transfer was made as more fully described in Exhibit "2".

*See* Exhibit B, ¶ 25. Compare this with the antecedent debt allegation in the Butzel PAC:

> 22.    Plaintiff made, or caused to be made, each Transfer listed on Exhibit 1 for, or on account of, an antecedent debt owed to Defendant as of the date on which each Transfer was made. The documents evidencing the antecedent debt include the purchase orders and/or invoices/bills of lading identified on Exhibit 1, which purchase orders and/or invoices/bills of lading include evidence of the amount of the antecedent debt and the approximate dates the subject services contemplated by the Agreements were ordered pursuant to the Agreements and/or were provided by Defendant.

*See* Exhibit C, ¶ 22. Further, comparing the exhibits attached to the complaints, the Butzel PAC contains columns describing the "Purchase Order/Invoice Number/Antecedent Debt" and the "Purchase Order/Invoice," while the Togut PAC contains merely a puzzling reference to "Bill of Lading Number." *See* Exhibits B and C. Accordingly, the Togut PAC and Butzel PAC differ in form and substance.

3

While the Butzel Response alleges that "[a]ll of the PACs contain substantially similar allegations," a comparison of the Togut PAC and Butzel PAC belies this contention. *See* Butzel Response, p. 18, fn. 10. Further, the allegations that the Butzel Response cites in support of its arguments are allegations pled in the Butzel PACs – not the Togut PACs. Therefore, (i) the Butzel Response does not address Ex-Cell-O's objections because the Butzel Response addresses only Butzel PACs; and (ii) the Togut Joinder does not address Ex-Cell-O's objections because it merely incorporates the Butzel Response. As a result, despite the Court's directive that Delphi must address each objecting Defendant's objections, Delphi has not addressed Ex-Cell-O's objections.

## II. The Butzel Response relies on arguments related to antecedent debt the Court has rejected.

As it relates to antecedent debt, Delphi states that it has satisfied Fed. R. Civ. P. 8 "by alleging the existence of the Agreements at the time of each Transfer, as well as the defendant's previous shipment of goods (or provisions of services) under those Agreements." Butzel Response, ¶ 36. This argument misses the mark for two reasons. First, the Order Granting in Part First Wave Motions to Dismiss required Delphi to set forth allegations regarding the antecedent debt for each transfer. *See* Order Granting in Part First Wave Motions to Dismiss [Adv. Proc. No. 34]. Pleading antecedent debt based upon allegations about the existence of an alleged agreement plainly does not comply with the Court's order. Second, the Court specifically rejected this type of argument at the July 22, 2010 hearing regarding the First Wave Motions to Dismiss:

> **The Court**: I've stated during oral argument why I believe all three of these elements of the claim need to be pled with more clarity in the context. *In particular, while it may seem at first glance that anyone receiving money has to receive it for some purpose and therefore it's reasonable to infer in the context that the purpose is to pay an antecedent debt, that is not always the case. Debtors may pay COD or in advance.*

4

*See* Exhibit D, July 22, 2010 hearing transcript, p. 277 (emphasis added).  This reasoning is what guided the Court in ordering that Delphi be required to plead antecedent debt with more specificity.  By pleading antecedent debt based upon allegations related to the existence of an alleged agreement, Delphi has failed to address one of the Court's main concerns – that it is not always reasonable to infer that a party receiving money is receiving it on account of antecedent debt.

      **III.    Delphi has been afforded an adequate opportunity to re-plead and has failed to cure its pleading deficiencies.  As a result, dismissal of the complaint with prejudice is warranted.**

Delphi's failure to cure the pleading deficiencies evident in its initial complaint and Delphi's failure to respond to Ex-Cell-O's objections to the Motion warrant dismissal of the complaint with prejudice.  As outlined in Ex-Cell-O's Response to the Motion, Delphi did not satisfy the pleading requirements of Fed. R. Civ. P. 8 (or this Court's Order Granting in Part First Wave Motions to Dismiss) regarding antecedent debt.  Courts have dismissed complaints with prejudice or refused to allow further amendment where the plaintiff failed to cure deficiencies after being afforded an adequate opportunity to plead a sustainable complaint.  *See In re Old CarCo LLC*, 2011 WL 1833244, *1 (Bankr. S.D.N.Y. May 12, 2011) (dismissing Chrysler Liquidation Trust's second amended complaint with prejudice "because the Trust has been afforded ample opportunity to plead a sustainable complaint and it has failed to do so . . . .") (attached as Exhibit E); *In re Franklin*, 445 B.R. 34, 49 (Bankr. D. Mass. 2011) (denying a motion for reconsideration and amended motion to amend complaint because the Court found that allowing the amended complaint would "reward the shoddy pleading of Plaintiff's counsel, who with guidance from the Court was afforded multiple opportunities to correct the deficiencies in the original Complaint."). Similar to *Old Carco LLC* and *In re Franklin,* Delphi has been afforded an adequate opportunity to re-plead, has failed to do so, and the complaint should now be dismissed with prejudice.

**JOINDER IN OTHER SUR-REPLIES**

Because the arguments raised by other preference defendants' sur-replies apply with equal force to Ex-Cell-O, Ex-Cell-O joins and incorporates by reference all applicable arguments raised by all other preference defendants' sur-replies.

**CONCLUSION**

WHEREFORE, Ex-Cell-O respectfully requests that this Court (I) deny the Motion; (II) award Ex-Cell-O its fees and costs incurred in connection with its Response and this Sur-Reply; and (III) grant Ex-Cell-O such other relief as the Court deems just and proper.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Attorneys for Ex-Cell-O*

Dated: June 14, 2011

By: /s/ Anthony J. Kochis
Scott A. Wolfson (P53194)
Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7105
Facsimile: (248) 247-7099
E-Mail: akochis@wolfsonbolton.com

## CERTIFICATE OF SERVICE

I certify that on June 14, 2011, I caused Ex-Cell-O Machine Tools, Inc.'s Sur-Reply in Support of Response to Plaintiff's Motion for Leave to File a First Amended Complaint to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants requesting electronic service.

The following parties were also served via overnight Federal Express on June 14, 2011:

Hon. Robert D. Drain
U.S. Bankruptcy Court
Southern District of New York
White Plains Office
300 Quarropas Street
White Plains, NY 10601

Neil Berger
Togut, Segal & Segal LLP
One Penn Plaza
Suite 3335
New York, NY 10119

Cynthia J. Haffey
Butzel Long PC
150 W. Jefferson Ave., Suite 100
Detroit, MI 48226

Office of United States Trustee
Attn:  Alicia M. Leonhard, Trace Hope Davis and Brian Masumoto
33 Whitehall St. 21st Floor
New York, NY 10004

Dated:  June 14, 2011

By:    /s/ Anthony J. Kochis
         Scott A. Wolfson (P53194)
         Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI  48083
Telephone:  (248) 247-7105
Facsimile:  (248) 247-7099
E-Mail:  akochis@wolfsonbolton.com