Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Neil Berger
Daniel F.X. Geoghan
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
*Conflicts Counsel for Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re:                                          :    Chapter 11
:    Case No. 05-44481 [RDD]
DPH HOLDINGS CORP., *et al.*,                   :
:
            Reorganized Debtors.                :
:
---------------------------------------------------------------x
:
DELPHI AUTOMOTIVE SYSTEMS LLC                   :
:
            Plaintiff,                          :    Adv. Pro. No. 07-02337 [RDD]
:
    v.                                          :
:
EX CELL O MACHINE TOOLS INC.,                   :
:
            Defendant.                          :
---------------------------------------------------------------x

### FIRST AMENDED COMPLAINT TO AVOID AND
### RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Plaintiff Delphi Automotive Systems, LLC ("Plaintiff"), by its conflicts counsel, Togut, Segal & Segal LLP, as and for its first amended complaint ("First Amended Complaint") against the above-captioned Defendant (defined below), alleges the following on knowledge as to itself and its own acts and otherwise upon information and belief:

## INTRODUCTION

1. On October 8, 2005 (the "Initial Filing Date"), Delphi Corporation ("Delphi") and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi Corporation (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors' First Amended Joint Plan of Reorganization, as modified, was confirmed on July 30, 2009 (the "Modified Plan"). The Modified Plan became effective on October 6, 2009 and the Debtors became the Reorganized Debtors.

3. General unsecured creditors in these chapter 11 cases will receive less than full value on account of their unsecured claims.

4. Pursuant to the terms of the Modified Plan, the Plaintiff retained its right to pursue the claims and causes of action asserted in this First Amended Complaint.

## JURISDICTION AND VENUE

5. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

6. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

7. Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

8. Defendant was a creditor of Plaintiff prior to the filing of Debtors' chapter 11 cases.

2

## PARTIES AND BACKGROUND

9.     Plaintiff brings this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against Ex Cell O Machine Tools Inc. ("Defendant"), to direct the return of certain transfers (the "Transfers") that were made by Plaintiff to Defendant.

10.    The Transfers to Defendant are more fully and particularly identified in Exhibit "1" annexed hereto.

11.    Plaintiff was the operating subsidiary of Delphi in North America, manufacturing automotive parts, components, modules and assemblies through various divisions.

12.    Plaintiff operated its manufacturing facilities on a "just-in-time" basis, designed to keep not more than approximately two or three days of inventory on hand.

13.    In connection with its manufacturing responsibilities, Plaintiff entered into requirements contracts ("Purchase Orders") with suppliers, including Defendant, for the supply of various parts to the Debtors.

14.    Pursuant to the terms of the Purchase Orders, all suppliers were required to utilize the Debtors' Electronic Data Interchange System ("EDI").

15.    Through EDI, the Debtors were able to transmit parts orders to suppliers electronically, and the parties could track the shipping and delivery of those parts.

16.    As parts were received, shipping information was scanned by the Debtors and uploaded into EDI.

3

17. The Debtors did not accept physical invoices from suppliers.

18. When parts were delivered and delivery information was scanned, the EDI system interfaced with the Debtors' accounts payable system.

19. The Debtors' accounts payable system was used to generate payment on a date certain based upon the date of the delivery of goods and the payment terms associated with each supplier.

20. Defendant is a Michigan Corporation.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

21. Plaintiff repeats, realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 20 of this Complaint as though set forth at length herein.

22. On or within ninety (90) days prior to the Initial Filing Date, Plaintiff made, or caused to be made, the Transfers listed on Exhibit "1" to Defendant.

23. The Plaintiff owned the funds that were transferred to Defendant and such Transfers were transfers of interests in Plaintiff's property.

24. Plaintiff made, or caused to be made, the Transfers to, or for the benefit of Defendant.

25. Plaintiff made, or caused to be made, each portion of each Transfer for, or on account of, an antecedent debt (the "Debt") owed by Plaintiff to Defendant prior to the date on which the Transfer was made as more fully described in Exhibit "2".

26. Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiff is presumed to have been insolvent at the time that the Transfers were made.

27. The Transfers enabled Defendant to receive more than it would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) each Transfer had not been made; and (iii) Defendant had received payment of the Debt paid by the Transfer to the extent provided by the Bankruptcy Code.

28. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code. Pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiff: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendant holding it liable in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendant to turn over and pay such sum to Plaintiff pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiff respectfully requests entry of judgment on its Complaint as follows:

a. On Plaintiff's First Cause of Action, in favor of Plaintiff and against Defendant in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendant to turn over such sum to Plaintiff pursuant to Bankruptcy Code sections 547(b) and 550(a); and

5

    b.  Granting such other and further relief as this Court may deem just and proper.

DATED: New York, New York
     October _____, 2010

               DELPHI AUTOMOTIVE SYSTEMS, LLC
               Plaintiff,
               By its Conflicts Counsel,
               TOGUT, SEGAL & SEGAL, LLP
               By:

               _____
               NEIL BERGER (NB-3599)
               A Member of the Firm
               One Penn Plaza, Suite 3335
               New York, New York 10119
               (212) 594-5000

# EXHIBIT "1"

# EXHIBIT 1
## DELPHI AUTOMOTIVE SYSTEMS LLC v. EX CELL O MACHINE TOOLS INC.
## ADVERSARY PROCEEDING NO. 07-02337

| TRANSFER DATE | PAID AMOUNT | TRANSFER TYPE |
|---|---|---|
| 8/5/05 | $ 32,342.40 | CHECK |
| 8/12/05 | $ 534,293.10 | CHECK |
| 8/18/05 | $ 38,892.60 | CHECK |
| 10/6/05 | $ 6,000.00 | CHECK |

# EXHIBIT "2"

DELPHI AUTOMOTIVE SYSTEMS LLC v. EX CELL O MACHINE TOOLS INC.
ADVERSARY PROCEEDING NO. 07-02337

| DEFENDANT NAME | BILL OF LADING NUMBER | CHECK DATE | TRANSFER/ CLEAR DATE | SHIP DATE | PAID AMOUNT |
|---|---|---|---|---|---|
| EX CELL O MACHINE TOOLS INC | 801806 | 8/2/05 | 8/5/05 | 6/7/05 | $ 259,952.40 |
| EX CELL O MACHINE TOOLS INC | 801806 | 8/2/05 | 8/5/05 | 6/29/05 | $ 32,342.40 |
| EX CELL O MACHINE TOOLS INC | 801811 | 8/2/05 | 8/5/05 | 6/7/05 | $ (259,952.40) |
| EX CELL O MACHINE TOOLS INC | 801807 | 8/9/05 | 8/12/05 | 6/9/05 | $ 275,558.40 |
| EX CELL O MACHINE TOOLS INC | 801806 | 8/9/05 | 8/12/05 | 6/7/05 | $ 258,734.70 |
| EX CELL O MACHINE TOOLS INC | 801812 | 8/15/05 | 8/18/05 | 6/29/05 | $ 38,892.60 |
| EX CELL O MACHINE TOOLS INC | C111091 | 10/3/05 | 10/6/05 | 8/25/05 | $ 6,000.00 |