**THOMPSON & KNIGHT LLP**  
900 Third Avenue, 20th Floor  
New York, New York 10022  
Telephone: (212) 751-3001  
Facsimile: (212) 751-3113  
Ira L. Herman  
Jennifer A. Christian  
Gabrielle E. Farina  

Hearing Date: June 21, 2011, 10:00 a.m. ET

*Attorneys for Victory Packaging LP*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------x  

| | |
|---|---|
| In re: : | |
| : | Case No. 05-44481 (RDD) |
| DPH HOLDINGS CORP., et al., : | (Jointly Administered) |
| : | |
| Reorganized Debtors. : | Chapter 11 |

-------------------------------------------------------x  

| | |
|---|---|
| DELPHI CORPORATION, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Adv. No. 07-02551 (RDD) |
| -against- : | |
| : | |
| VICTORY PACKAGING and : | |
| VICTORY PACKAGING LP, : | |
| : | |
| Defendants. : | |

-------------------------------------------------------x  

### SUR-REPLY AND JOINDER OF DEFENDANT VICTORY PACKAGING LP
### IN FURTHER SUPPORT OF ITS
### OPPOSITION TO THE REORGANIZED DEBTORS' MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINTS

Victory Packaging LP ("Victory"), by and through its undersigned counsel, respectfully submits this Sur-Reply and Joinder in further support of its Opposition [Main Case Docket Nos. 20863 and 20864; Adv. Proc. Docket Nos. 34 and 35] to the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend").

**ARGUMENT**

I. **THE REORGANIZED DEBTORS HAVE FAILED TO MEET THEIR OBLIGATIONS CONCERNING THE DEFENSES OF ASSUMPTION AND RELEASE AND HAVE FAILED TO RESPOND TO INDIVIDUAL DEFENSES RAISED BY DEFENDANTS**

1. The Reorganized Debtors have routinely ignored orders and explicit directives of the Court during the administration of this case. The Reorganized Debtors' handling of the Motion to Amend merely is the latest example of the Reorganized Debtors' willful disregard for the Court's authority.

2. On December 17, 2010, the Court held a conference call to identify which defenses - raised by individual defendants in their respective briefs filed in opposition to the Reorganized Debtors' Motion to Amend - were considered "global" and should be presented at the hearing on the Motion to Amend (the "December Call"). During the December Call, the Court made clear that it expected Debtors' counsel to respond separately to each defendant that asserted either one or both of the defenses of "assumption" and "release." Additionally, the Court instructed that the Reorganized Debtors' level of responsiveness to defendants asserting the defenses of assumption and release would factor into the Court's decision to grant the Reorganized Debtors further leave to amend. However, despite being provided with submissions on the issues of "assumption" and "release" from a number of defendants, including those identified below, the Reorganized Debtors have failed to follow the Court's directive requiring the Reorganized Debtors to timely respond to such submissions. As a result, Victory respectfully requests dismissal of this respective adversary proceeding with prejudice.

3. Moreover, during the December Call, the Court stated "[t]he debtors represent[ed] that if they could determine that in fact alleged preferential payment was on an assumed contract, then they wouldn't pursue the case." The Court acknowledged that it "viewed that

[representation] as, in essence, an admission by the debtors that they didn't have a claim there." (Transcript December 17, 2010 Conference Call ("Transcript"), 10:16-20). Following the Court's observation concerning such admission, counsel for a number of defendants explained to the Court that they previously presented documents to the Reorganized Debtors, which purported to show both assumption and release of claims by the Debtors, and that, as of the December Call, the Reorganized Debtors had failed to respond or address in any way the documents submitted by defense counsel. (Transcript, 11:24-13:12). In response to this issue, the Court directed the parties as follows:

> THE COURT: I want anyone who is opposing a motion to amend, on the basis that they have a contract that was assumed and they believe that the transfer relates to that contract, to so inform counsel for the Plaintiff by the end of next week, identifying the contract they believe has been assumed. And after the -- after the Christmas holiday the debtors really need to get back promptly on that. I don't want to be -- I don't want to have the parties spending any time litigating an issue that can be resolved based on the debtors own representations that they're not going to pursue a preference claim relating to an assigned or assumed contract. So you can resend the letter that you previously sent, I just want them all sent by the end of next week.
>
> ***
>
> But I'd like to narrow it down first and give the debtors a chance to provide additional information to their proposed amended complaint if they have it, to show that it doesn't relate to the contract that was assumed. And I think that needs to be done -- that effort needs to have been completed in early January.

(Transcript, 13:16-14:3; 15:3-8). To avoid any possibility for confusion, the Court clearly stated that "[t]he parties' efforts to resolve [the assumption] issue before [the hearing] will bear on whether I would grant any further leave to amend on this issue. So I think they ought to use their best efforts to try to resolve the issue beforehand. Okay?" In response to the Court's admonition, counsel for the Reorganized Debtors, stated, "Understood, Your Honor."

(Transcript, 17:11-15).

      4.      Following this colloquy, the Court directed the Reorganized Debtors to address the individual defenses raised by the defendants in any reply brief, including the defenses of "assumption" and "release." Specifically, the Court stated:

***

> MR. WINSTEN: If they're doing one omnibus brief, Your honor, I tend to think they're not.
>
> THE COURT: Well, I would think they would have to. They're doing an omnibus brief but they're going to have a carve out [*sic*] or two on each one of these points.

***

> Okay. So just to cover Mr. Winsten's point then, this omnibus brief is going to cover those details, those types of details.

***

> [T]he universal issue is whether each complaint, A is one that passes muster for purposes of a Rule 15 motion. And B, as a subset of that, would meet Twombley [*sic*] and Iqbal. And obviously [the Debtors are] going to have to, in answering that question for each complaint; they're going to have to respond to each objector's individual position as to whether the complaint does that. And they're going to have to do it either by, you know, two or three paragraphs on each objection or a long chart detailing each objection. But they're going to have to show that, yes, we have alleged the antecedent debt because, you know, notwithstanding what the objection says X or Y or whatever, whatever they come up with.

***

> Its whether their complaint is adequate. And if the complaint refers to ac [*sic*] check that -- the preferential transfer was a transfer from someone other than the plaintiff, then they're going to lose. Are you clear on that, Mr. Fisher?
>
> MR. FISHER: Yes I am, Your Honor.

(Transcript, 41:5-18; 42:2-14; 43:2-6).

5. Despite the Court's explicit directive and the Reorganized Debtors' acknowledgment of the directive, the Reorganized Debtors have failed to respond to a number of defendants who asserted, and/or provided support to demonstrate that their respective adversary proceedings were barred by the defenses of "assumption" or "release." Additionally, the Reorganized Debtors failed to comply with the Court's directive requiring the Reorganized Debtors to address individual defenses raised by defendants.

6. The complete and utter failure of the Reorganized Debtors to respond to the submissions made by defendants concerning the issues of "assumption" and "release," as well as the Reorganized Debtors' failure to respond in the omnibus reply brief to the individual defenses raised by the defendants, warrants the denial of the Motion to Amend and the dismissal of the adversary proceedings with prejudice. *See In re Old Carco LLC*, __ B.R. __, AP No. 09-00505, 2011 WL 1833244 at *2, 11, 18 (Bankr. S.D.N.Y May 12, 2011)(dismissing plaintiff's second amended complaint where plaintiff failed to heed the court's cautionary statements concerning the pleading requirements for fraudulent conveyance that were necessary to correct the complaint's pleading deficiencies); *see also In re Grasiela Franklin*, 445 B.R. 34, 47-48 (Bankr. D. Mass. 2011) (after twice moving to amend the adversary complaint at the direction of the court, plaintiff was denied the right to amend as a result of its repeated failure to correct deficiencies in the complaint. Plaintiff's motion to reconsider was denied since a review of the amended complaint revealed deficiencies that would make reconsideration futile).

7. Set forth below is a list[1] of individual defendants, including Victory, that have raised the issue of "assumption" or "release" in their answering papers to the Motion to Amend and who sent submissions to the Reorganized Debtors regarding the issue of assumption and/or release, and which, in various ways, were not responded to by the Reorganized Debtors:

---

[1] This list is as of May 26, 2011.

| | Adversary Proceeding No. | Defendant's Name | Defenses Submitted |
|---|---|---|---|
| 1) | 07-02551 | Victory Packaging LP | Assumption of contract |
| 2) | 07-02242 | DuPont Company, *et al.* | Assumption of contract |
| 3) | 07-02556 | Vishay America's, Inc. | Assumption of contract |
| 4) | 07-2639 | Spartech Polycom | Assumption of contract |
| 5) | 07-02098 | Decatur Plastics | Assumption of contract |
| 6) | 07-02414 | Niles USA, Inc. | Release and assumption of contract |
| 7) | 07-2661 | Summit Polymers | Release and assumption of contract |
| 8) | 07-02790 | Tyco Adhesives, L.P. | Assumption of contract and release/waiver |
| 9) | 07-02633 | Sunstone Components Group, Inc. (f/k/a Solid State Stamping Inc.) | Assumption of contract |
| 10) | 07-02580 | NXP (f/k/a Philips Semiconductors) | Release and assumption of contract |

## II. JOINDER WITH OTHER SUR-REPLIES

8. For the convenience of the Court, Victory has respectfully limited this Sur-Reply to certain specific issues related to its opposition to the Reorganized Debtors' Motion to Amend. Victory respectfully joins with and incorporates all arguments raised by the other preference defendants in their sur-replies.

9. With respect to the arguments raised in the other sur-replies regarding the Reorganized Debtors' failure to sufficiently plead: (a) the alleged transfers were made on account of debts specifically owed by DAS; and (b) facts showing the alleged transfers were on account of an antecedent debt, Victory respectfully refers the Court to its arguments in support of same, as set forth in ¶¶ 22-37 of its Opposition to the Motion to Amend. [Main Case Docket No.

20863; Adv. Proc. Docket No. 34]. A summary of these arguments is attached at **Exhibit A**.

10. The Reorganized Debtors have the burden of proof with respect to the Motion to Amend. *See Metzeler v. Bouchard Transportation Co., Inc. (In re Metzeler)*, 66 B.R. 977 (Bankr. S.D.N.Y. 1986)("[o]n a motion for leave to serve an amended pleading, the movant has the burden of persuasion"). They have utterly failed to allege facts to support their request for relief. Thus, the Motion to Amend should be denied and this case should be dismissed, with prejudice.

## CONCLUSION

For the foregoing reasons and for those set forth in Victory's Opposition to the Motion to Amend, Victory respectfully requests that the Court deny the Reorganized Debtors' Motion to Amend and enter an Order closing the Victory Packaging LP adversary proceeding, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 14, 2011

Respectfully submitted,

THOMPSON & KNIGHT LLP

*/s/ Ira L. Herman*
Ira L. Herman
Jennifer A. Christian
Gabrielle E. Farina

900 Third Avenue, 20th Floor
New York, New York 10022
Tel: (212) 751-3001
Fax: (212) 751-3113

Attorneys for Victory Packaging LP