Hearing Date and Time: June 21, 2011 a.m. EST

James M. Sullivan
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
Email: jsullivan@mosessinger.com

*Attorneys for The Timken Company and*
*The Timken Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

In re:                                                    :
                                                          :    Chapter 11
DPH HOLDINGS CORP, et al,                                 :
                                                          :    Case No. 05-44481 (RDD)
                         Reorganized Debtors.             :    (Jointly Administered)

------------------------------------------------------- X

DELPHI AUTOMOTIVE SYSTEMS, LLC,                           :
                                                          :
                         Plaintiff,                       :    Adv. Proc. No. 07-02688 (RDD)
                                                          :
            v.                                            :
                                                          :
THE TIMKEN COMPANY and THE                                :
TIMKEN CORPORATION,                                       :
                                                          :
                         Defendants.                      :
------------------------------------------------------- X

**SUR-REPLY OF THE TIMKEN COMPANY AND THE TIMKEN CORPORATION IN
FURTHER OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO
FILE AMENDED COMPLAINTS**

877192v1  013074.0101

The Timken Company and The Timken Corporation (collectively "Timken"), by their attorneys, Moses & Singer LLP, submit this Sur-Reply Brief in Further Support of their Brief in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Sur-Reply").

## **BACKGROUND**

On November 24, 2010, Timken filed its Brief in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints ("Brief in Opposition") [Doc. No 20949 in main case]. In the Brief in Opposition, Timken argued that the Court should deny the Debtors' Motion for Leave to File Amended Complaints (the "Motion") because, among other reasons, the Debtors' proposed Amended Complaint against Timken fails to plead facts sufficient to state a claim for relief (including those facts establishing an antecedent debt, a lack of assumption of the underlying contracts, and insolvency), does not relate back to the original complaint, will be barred by laches, is barred by the statute of limitations based on insufficient service of process, is barred based on the settlement of DAS's claims against Timken, and is barred by judicial estoppel.

On December 17, 2010, the Court conducted a telephonic hearing to determine which of the many arguments advanced by defendants in opposition to the Motion would be resolved as "global issues" at the hearing now scheduled for June 21, 2011. During this telephonic hearing, the Court directed counsel for each of the applicable defendants to request further information regarding the allegedly preferential transfers from the Debtors if needed to determine whether such transfers relate to a contract that has been assumed. The Court further instructed the Debtors to respond to such requests by early January 2011.

The Court stated,

I want anyone who is opposing a motion to amend, on the basis that they have a contract that was assumed and they believe that the transfer relates to that contract, to so inform counsel for the plaintiff by the end of next week, identifying the contract they believe has been assumed.  And after the – after the Christmas holiday the debtors really need to get back promptly on that.

I don't want to be – I don't want to have the parties spending any time litigating an issue that can be resolved based on the debtors own representations that they're not going to pursue a preference claim relating to an assigned or assumed contract.  So you can resend the letter that you previously sent, I just want them all sent by the end of next week (Tr. 12-17-10 Hr'g at 13-14, lines 16-25, 1-3).

I just want the defendants who have this issue to raise the point, identifying the contract that they believe was assumed and for the debtors to do the inquiry on their records.  In essence, this is to give the debtors another chance to amend their complaint because it may well be that if their complaint is so vague as to the transfer that you don't know what it relates to, what payable it relates to, then that may – that may create an issue.  But I'd like to narrow it down first and give the debtors a chance to provide additional information to their proposed amended complaint if they have it, to show that it doesn't relate to the contract that was assumed.  And I think that needs to be done – that effort needs to have been completed in early January (*Id.* at 14-15, lines 21-25, 1-8).

The parties' efforts to resolve that issue before the[ next hearing] will bear on whether I would grant any further leave to amend on this issue.  So I think they ought to use their best efforts to try to resolve the issue beforehand.  Okay?  (*Id.* at 17, lines 11-14.)

Further, the Court also instructed the Debtors to respond to each of the specific arguments made by each individual defendant.  The Court stated:

But the universal issue is whether each complaint, A, is one that passes muster for purposes of a Rule 15 motion.  And B, as a subset of that, would meet Twombly and Iqbal.  And obviously they're going to have to, in answering that question for each complaint; they're going to have to respond to each objector's individual position as to whether the complaint does that.  And they're going to have to do it either by, you know, two or three paragraphs on each objection or a long chart detailing each objection.  (*Id.*  at 42, lines 2-14.)

On January 28, 2011, the Debtors filed the Omnibus Reply in Further Support of Motions for Leave to File Amended Complaints (the "Omnibus Brief").  Contrary to the Court's specific instructions, the Omnibus Brief fails to address the specific arguments raised by the defendants, including Timken.  While the Omnibus Brief generally addresses the issues of antecedent debt and insolvency, it fails to address the specific arguments raised by individual defendants relating to the antecedent debt issue, including Timken, and does not address any defenses raised by the individual defendants.[1]  Attached hereto as **Exhibit A** is a chart illustrating the array of specific arguments raised by individual defendants to which the Debtors have failed to respond.[2]  Further, attached hereto as **Exhibit B** is a chart summarizing the specific arguments raised by Timken to which the Debtors have failed to respond.

## ARGUMENT

### A.    Debtors Waived Right to Oppose Arguments to Which They Did Not Respond.

Second Circuit courts have held that a party that fails to adequately address or respond to an opposing party's arguments is deemed to have waived or forfeited any subsequent objection to those arguments.  *See New York v. Minetta*, 262 F.3d 169, 181 (2d Cir. 2001) (reasoning that the plaintiffs were foreclosed from seeking relief under the NEPA because they failed to respond to the defendants' arguments that the NEPA was inapplicable); *Frangipane v. Dow Corning Corp.*, 1998 U.S. Dist. LEXIS 3891, 12, 1998 WL 142354 (S.D.N.Y. Mar. 27, 1998) ("[P]laintiff

---

[1] Reorganized Debtors' general responses to the issues of antecedent debt and insolvency are inadequate for the reasons set forth in Timken's Brief in Opposition and in the sur-replies of certain other defendants, including but not limited to Johnson Controls [Doc. No. 21312] and Methode Electronics [Doc. No. 21319].

[2] This chart was compiled by the defendants and attempts to identify, by defendant, the most common arguments raised by defendants to which no response has been filed by the Reorganized Debtors.  For example, in Timken's case, the Reorganized Debtors have also failed to respond to the argument that the Motion should be dismissed based on the settlement of DAS's claim against them.

has not responded to this argument in her opposition papers, thereby conceding that these claims must be dismissed"); *Official Comm. of Unsecured Creditors v. Whalen (In re Enron Corp.)*, 357 B.R. 32, 50 (Bankr. S.D.N.Y. 2006) ("By failing to respond to [defendant's] arguments, [plaintiff] apparently conceded those arguments"); *Jacob v. Kimberly-Clark Corp.*, 2006 U.S. Dist. LEXIS 36345, 13, 2006 WL 1582149 (E.D.N.Y. June 5, 2006) (dismissing the plaintiff's causes of action for an injunction, negligence, declaratory judgment, unilateral rescission, and constructive trust on the grounds that the plaintiff failed to reply to the defendant's arguments against these causes of action, which were therefore deemed abandoned); *Rosenblatt v. City of New York*, 2007 U.S. Dist. LEXIS 55853, 20-21, 2007 WL 2197835 (S.D.N.Y. July 31, 2007) ("Plaintiff effectively concedes defendants' other arguments . . . by her failure to respond to them"); *Laugh Factory, Inc. v. Basciano*, 608 F. Supp. 2d 549, 560 (S.D.N.Y. 2009) (granting summary judgment in favor of the plaintiffs on the defendants' counterclaim for rescission, in part, because the defendants failed to respond to the plaintiffs' argument that rescission was not a remedy available to the defendants, and thus waived their right to contest the point).

Further, other courts appear to follow the same rule. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that "[f]ailure to respond to an argument … results in waiver" and concluding that the plaintiffs, who neglected to respond to the defendant's arguments in their reply brief, had effectively conceded to such arguments); *Halmon v. Jones Lang Wooten USA*, 355 F. Supp. 2d 239, 245 (D.D.C. 2005) ("[B]ecause [defendant] failed to [respond] to the plaintiff's arguments, the court treats the [arguments] as conceded"); *Swedish Am. Hospital v. Midwest Operating Engineers Fringe Benefit Funds*, 842 F. Supp. 1039, 1043 (N.D. Ill. 1993) ("[Plaintiff] . . . has failed to respond to [defendant's] arguments . . ., and therefore concedes these points."); *Southern Nevada Shell Dealers Ass'n. v. Shell Oil Co.*, 725 F.

Supp. 1104, 1109 (D. Nev. 1989) ("[P]laintiffs, in failing to respond to [defendant']s argument . . . , have implicitly conceded [the issue]"); *RBSF, LLC v. Franklin (In re Franklin)*, 445 B.R. 34, 50 (Bankr. D. Mass. 2011) (refusing to allow plaintiff further leave to amend complaint after plaintiff failed to heed Court's prior guidance as to deficiencies in the complaint requiring correction, stating that doing so "would undermine the integrity of the Court's pretrial order and reward the shoddy pleading of Plaintiff's counsel").

The Debtors have failed to address any of Timken's specific arguments as to why the Debtors should not be granted leave to file the proposed Amended Complaint.  Under *New York v. Minetta* and similar case law, the Debtors have thus waived any subsequent objections to Timken's arguments, and Timken should prevail on these arguments.

1.    <u>Rule 15 - Relation Back</u>

For example, with respect to the relation back argument, the Debtors' proposed Amended Complaint against Timken included completely new, different and distinct transfers from those identified in the Debtors' original Complaint against Timken.  Specifically, the Debtors' original Complaint sought to recover *16* purported preferential transfers allegedly made by one or more unidentified Debtors totaling *$12,082,005.61*, while the Debtors' proposed Amended Complaint against Timken seeks to recover *142* purported preferential transfers totaling in excess of *$12,161,059.54*.  Importantly, only *8* of the original *16* transfers included in the Debtors' original Complaint, totaling *$2,769,332.59*, are included within the *142* new transfers the Debtors now seek to avoid.  Incredibly, in their motion for leave to amend, the Debtors do not even address, much less provide a legitimate basis for, this dramatic shift in the nature and magnitude of their

allegations against Timken.[3]  As a result, Timken argued that the Debtors' proposed Amended

Complaint failed to "relate back" to the original Complaint under Fed. R. Civ. P 15 and is thus

barred by the two-year statute of limitations under 11 U.S.C. § 546(a).  (*See* Brief in Opposition

[Doc. No. 20949], at 23-27.)

On December 17, 2010, the Court conducted a telephonic hearing to determine which of

the many arguments advanced by Defendants in opposition to the Motion would be resolved as

"global issues" at the hearing now scheduled for June 21, 2011.  During this telephonic hearing,

counsel for the Debtors acknowledged, and the Court ruled, that the issue of whether the

inclusion of new and different transfers in the Debtors' proposed Amended Complaints would

result in a failure of the proposed Amended Complaints to relate back to the original Complaints

and render the proposed Amended Complaints time-barred under 11 U.S.C. § 546(a) is a "global

issue" to be briefed by the parties and addressed at the hearing scheduled for June 21, 2011.  (*See*

Tr. of Dec. 17, 2011 Hr'g ("12-17-10 Tr.") at 36-37.)  Specifically, the parties and Court stated

as follows:

> MR. KLINGENSMITH:  Your Honor, this is Jason Klingensmith at Dickinson
> Wright.  There's also the issue number 5 on Mr. Winsten's list which is the failure
> of at least a large number of these complaints to relate back to the original
> complaint.
>
> THE COURT:  That's on -- that's on Mr. Fisher's list too, I think, Right?
>
> MR. FISHER:  Yes, it is.
>
> MR. KLINGENSMITH:  Okay.

---

[3] Further, despite repeated requests for information regarding these additional transfers per the Court's
December 17, 2010 directive, the Debtors have failed to provide any explanation as to why the amount
demanded in the proposed Amended Complaint is greater than the amount demanded in the original
Complaint despite the fact that there are fewer plaintiffs and fewer defendants referenced in the proposed
Amended Complaint as compared with the original Complaint.  (*See* Decl. of James M. Sullivan dated 6-
14-11 ("Sullivan Decl.") ¶¶ 7-8 & Ex. D.)  In fact, on January 13, 2011, counsel for the Debtors informed
Timken's counsel that the Debtors did not have any backup documentation or information relating to the
transfers referenced in the proposed Amended Complaint.  (*See id.* at ¶ 9.)

THE COURT:  I think that's on both lists.

MR. KLINGENSMITH:  Okay.  As long as that's made clear that the Rule 15 [issue] would also be ripe for global determination.

THE COURT:  Yes.

MR. FISHER:  We agree with that.

THE COURT:  I think that's a -- you know, that's covered.

*See* 12-17-10 Tr. at 36-37.

Despite this express acknowledgment by the Debtors that the issue of whether the inclusion of new and different transfers in the PACs would result in the failure of the PACs to relate back to the Original Complaints is a "global issue" and that the Debtors were ordered to respond to all arguments raised by individual defendants regardless of whether they constituted a "global issue", the Debtors utterly failed to address this issue in their Omnibus Reply [Doc. No. 21096].  Instead, (and incredibly given the clear statements by Debtors' counsel and the Court set forth above), the Debtors stated in their Omnibus Reply that "this Reply does not address the arguments raised by certain Respondents that the PACs should not relate back for limitations purposes under Rule 15 insofar as the PACs name new parties or identify Transfers that the Debtors did not identify in their original complaints.  The relation-back analysis is factual and thus not suited for resolution at the Hearing."  (*See* Reply, p. 3 at n. 5.)

As a result of their failure to address these arguments, the Debtors should be deemed to have waived their right to object to these arguments, and their claims should be dismissed with prejudice.  *See, e.g., Official Comm. of Unsecured Creditors v. Pirelli Comms. Cables and Sys. USA LLC (In re 360Networks (USA) Inc.)*, 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007) ("[A]n amendment should be denied where the additional claims sought to be asserted would be barred

by the statute of limitations unless the amendment relates back under Rule 15(c)"). *Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 65 (Bankr. S.D.N.Y. 2003) ("If the statute of limitations has run, the claims in the amended complaint must relate back to those alleged in the timely pleading.  In other words, the re-pleaded claims must arise out of the same 'conduct transaction or occurrence set forth or attempted to be set forth in the original pleading.'").   In the context of preference actions, this Court has expressly held that "each potential preferential transfer is a separate and distinct transaction:  a preference action based on one transfer does not put defendant on notice of claims with respect to any other unidentified transfers." *360Networks*, 367 B.R. at 434, *citing In re Kam Kuo Seafood Corp.*, 67 B.R. 304, 308 (Bankr. S.D.N.Y. 1986) (emphasis added). *See also*, *Metzeler v. Bouchard Transp. Co. (In re Metzeler),* 66 B.R. 977, 984 (Bankr. S.D.N.Y.) ("Courts have consistently treated preferential transactions as separate and distinct under Rule 15(c)."); *MBC Greenhouse, Co. v. CTC Direct, Inc. (In re MBC Greenhouse, Co.)*, 307 B.R. 787, 792 (Bankr. D. Del. 2004) (Court denied motion for leave to file amended complaint as futile where original complaint alleged 6 transactions aggregating in excess of $2 million and proposed amended complaint identified 39 transactions totaling in excess of $7 million because the proposed amended complaint "essentially [alleged] a whole new set of transactions").

2.      Contract Assumption/Release

In the Brief in Opposition, Timken argued that the lack of detail in the proposed Amended Complaint makes it impossible to determine whether any of the alleged transfers are transfers for which Timken was released from avoidance liability under an Assumption Agreement dated June 2, 2006 (the "Assumption Agreement"), whereby DAS agreed to assume that certain Life Time Contract dated September 18, 2001 (as may have been amended from time

to time) and would release Timken from any preference liability relating to goods supplied by Supplier to the Debtors in connection with the Grand Rapids Facilities, or other agreements that were assumed throughout the Debtor's chapter 11 case.  (*See* Br. in Opp'n at 20-21.)   It was incumbent on the Debtors to disclose enough information in the proposed Amended Complaint from which Timken could determine whether such payments were made pursuant to the assumed contracts or released pursuant to the Assumption Agreement.  Further, following the filing of the Motion for Leave, counsel for Timken made repeated requests for copies of the invoices, purchase orders, and related documents regarding the transfers referenced in the proposed Amended Complaint.  (Sullivan Decl. ¶¶ 4-8 & Exs. A - D).  Despite the Court's direction that the Debtors provide such information to Timken by early January 2011, the Debtors have failed to do so.  In fact, Debtors' counsel informed Timken's counsel that neither Butzel Long nor the Debtors were in possession of any responsive documents and that they were unable to respond to Timken's requests for documents and information.  (*Id.* ¶ 9.)  The Debtors' failure to provide this information in the proposed Amended Complaint and failure to subsequently provide such information to Timken pursuant to the Court's direction provides adequate grounds to deny the Motion.

## <u>JOINDER</u>

For the convenience of the Court, Timken has respectfully limited this sur-reply to specific issues related to its objection to the Debtors' motion for leave to file its amended complaint.  Timken respectfully joins with and incorporates herein all arguments raised by the other preference defendants' sur-replies.

## <u>CONCLUSION</u>

For the foregoing reasons, and for those set forth in Timken's Brief in Opposition, Timken respectfully requests that the Court deny the Motion, enter an Order dismissing the above-captioned adversary proceeding with prejudice in its entirety, and grant Timken all further relief as this Court deems proper and just.

Dated: June 14, 2011

Respectfully submitted,

MOSES & SINGER LLP

By: /s/ James M. Sullivan
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
Email: jsullivan@mosessinger.com

*Attorneys for The Timken Company and
The Timken Corporation*

# EXHIBIT A

Summary Chart of Certain Objections to Which No Response was Made by Plaintiff*

| Adversary Proceeding No. Defendant(s) | Twombly/Iqbal | | | Rule 15 Relation Back | Alleged Transfers On Account Of Assumed Contracts | Alleged Transfers On Account Of Previously Released Claims |
| --- | --- | --- | --- | --- | --- | --- |
| | Antecedent Debt | Not More Than Chapter 7 | Transfer From A Non-Plaintiff | | | |
| Access One Technology / 07-2142 | √ | | | | | |
| Ahaus Tool & Engineering / 07-2076 | √ | | | √ | | |
| Ambrake Corp / 07-2201 | √ | | | √ | | |
| Barnes & Assoc. / 07-2182 | | √ | | √ | | |
| BP, BP Amoco Corp et al / 07-2270 | √ | √ | | | | √ |
| Calsonic Corp and Calsonic North America, Inc. / 07-2282 | √ | √ | √ | | | |
| Carlisle Companies / 07-2291 | √ | √ | | √ | | |
| Critech Research / 07-2188 | √ | √ | √ | √ | | |
| D&S Machine Products / 07-2217 | √ | | | √ | | |
| Danobat Machine Tool Co., Inc. / 07-2250 | √ | | √ | √ | | |
| Decatur Plastic Products, Inc. / 07-2098 | √ | √ | | √ | √ | |
| Doshi Prettl Int'l / 07-2211 | √ | | | √ | | |
| DSSI and DSSI LLC / 07-2236 | √ | | √ | √ | | |
| DuPont Company, et al. / 07-2242 | √ | √ | | √ | √ | |
| Eco-Bat America, LLC / 07-2256 | √ | | √ | √ | | |

* This chart lists some, but not all, of Defendants' objections to which Plaintiffs' failed to respond.  Additionally, for example, at least 40 Defendants raised laches, to which Plaintiffs acknowledge by footnote they failed to address.

Summary Chart of Certain Objections to Which No Response was Made by Plaintiff*

| Adversary Proceeding No. Defendant(s) | Twombly/Iqbal | | | Rule 15 Relation Back | Alleged Transfers On Account Of Assumed Contracts | Alleged Transfers On Account Of Previously Released Claims |
| | Antecedent Debt | Not More Than Chapter 7 | Transfer From A Non-Plaintiff | | | |
|---|---|---|---|---|---|---|
| Ex Cell O Machine Tools Inc. / 07-2337 | √ | | | | | |
| FA Tech / 07-2350 | √ | √ | | | | |
| Florida Production Engineering, Inc. / 07-2302 | √ | | | √ | | |
| Heraeus Metal Processing / 07-2442 | √ | √ | | | | |
| Heraeus Precious Metals / 07-2445 | √ | | | | | |
| HSS and HSS LLC / 07-2475 | | | | √ | | |
| Johnson Controls, et al. / 07-2348 | √ | | | | | |
| Magnesium Aluminum Corp. / 07-2756 | | | | √ | | |
| Magnesium Electron Inc. / 07-2758 | √ | | | | | |
| Methode Electronics, Inc./ 07-2432 | √ | | √ | √ | | |
| Microchip / 07-2436 | √ | | √ | | | |
| MJ Celco, Inc. / 07-2466 | √ | √ | √ | √ | | |
| Mtronics.Com, Inc. / 07-2500 | √ | √ | √ | √ | | |
| Mubea and Mubea, Inc. / 07-2489 | √ | | | √ | | |
| Multitronics Inc. and Mtronics.com, Inc. / 07-2500 | √ | √ | √ | √ | | √ |

* This chart lists some, but not all, of Defendants' objections to which Plaintiffs' failed to respond.  Additionally, for example, at least 40 Defendants raised laches, to which Plaintiffs acknowledge by footnote they failed to address.

Summary Chart of Certain Objections to Which No Response was Made by Plaintiff*

| Adversary Proceeding No. Defendant(s) | Twombly/Iqbal | | | Rule 15 Relation Back | Alleged Transfers On Account Of Assumed Contracts | Alleged Transfers On Account Of Previously Released Claims |
|---|---|---|---|---|---|---|
| | Antecedent Debt | Not More Than Chapter 7 | Transfer From A Non-Plaintiff | | | |
| NGK Automotive Ceramics USA, Inc. / 07-2541 | √ | | √ | √ | | |
| Niles USA, Inc. / 07-2414 | √ | √ | | √ | √ | √ |
| NXP / Philips Semiconductors / 07-2580 | √ | | | √ | √ | |
| PBR Columbia LLC / 07-2572 | √ | | √ | | | |
| Pro Tech Machine / 07-2690 | √ | | | √ | √ | √ |
| Republic Engineered Products / 07-7244 | √ | | | √ | √ | |
| Rieck Group, LLC / 07-2750 | √ | √ | √ | | | |
| Rotor Coaters Int'l / 07-2767 | | √ | | | | √ |
| RSR Corporation / 07-2768 | √ | √ | √ | √ | | |
| Select Tool & Die Corp. / 07-2618 | √ | √ | | | √ (at least 1/4) | |
| Solid State Stamping / 07-2633 | √ | | √ | | | |
| Spartech Polycom / 07-2639 | √ | √ | √ | √ | √ | |
| Sprimag Inc. / 07-2644 | √ | | | √ | | |
| Stephenson and Sons Roofing / 07-2654 | √ | | | √ | | |
| Summit Polymers / 07-2661 | | | √ | | √ | √ |

* This chart lists some, but not all, of Defendants' objections to which Plaintiffs' failed to respond. Additionally, for example, at least 40 Defendants raised laches, to which Plaintiffs acknowledge by footnote they failed to address.

Summary Chart of Certain Objections to Which No Response was Made by Plaintiff*

| Adversary Proceeding No. Defendant(s) | Twombly/Iqbal | | | Rule 15 Relation Back | Alleged Transfers On Account Of Assumed Contracts | Alleged Transfers On Account Of Previously Released Claims |
|---|---|---|---|---|---|---|
| | Antecedent Debt | Not More Than Chapter 7 | Transfer From A Non-Plaintiff | | | |
| Tata America Int'l / 07-2668 | √ | √ | | √ | | √ |
| Tech Central LLC / 07-2672 | √ | √ | | √ | | |
| Timken Company / 07-2688 | √ | √ | | √ | √ | √ |
| Tyco Adhesives / 07-2790 | | | | | √ | √ |
| Unifrax Corp. (BP) / 07-2270 | √ | √ | √ | | | |
| Universal Tool / 07-2505 | √ | | | | | |
| Vanguard Distributors / 07-2539 | √ | √ | | √ | | |
| Victory Packaging LP / 07-2551 | √ | √ | √ | √ | √ | |
| Vishay Americas, Inc. / 07-2556 | √ | √ | | | √ | |
| Wager-Smith Company (The) / 07-2581 | √ | | | | | |
| Wells Fargo Bank / 07-2597 | | | √ | √ | | |
| Williams Advanced Materials / 07-02606 | √ | | | | | |

* This chart lists some, but not all, of Defendants' objections to which Plaintiffs' failed to respond.  Additionally, for example, at least 40 Defendants raised laches, to which Plaintiffs acknowledge by footnote they failed to address.

# EXHIBIT B

CASE NO.    __07-02688_____

CAPTION:    Delphi Corporation et al. v The Timken Company and The Timken Corporation

DEFENDANT COUNSEL CONTACT:  James Sullivan of Moses & Singer LLP

| Global Issue | | Objection Raised | DPH Holdings Response | Comment |
|---|---|---|---|---|
| **Twombly/Iqbal** | | | | |
| | **Antecedent Debt** | | | |
| | • None alleged | **N/A** | | |
| | • None alleged for certain transfers | **Yes.  No antecedent debt listed for certain transfers.**<br><br>**Some merely identified purchase order numbers.  Purchaser order by itself not evidence of antecedent debt (just evidence of an order)** | **None.**<br><br>**Allegations sufficient under the law.  Mere payment is evidence of antecedence because DAS generally only paid if an antecedent debt owed to defendant.** | |
| | • Debt not owed by Plaintiff | **N/A** | | |
| | • Meaningless description | **Don't recognize invoice numbers (debtors said there were no invoices so what does this mean).  Don't recognize** | **None** | |

| Global Issue | | Objection Raised | DPH Holdings Response | Comment |
|---|---|---|---|---|
| | | purchase order or shipping numbers.  Requested copies of documents and more information from Debtors but no information or documents provided. | | |
| | • Other Issues | No Date alleged for any of the indebtedness.  Purchase orders are not even evidence of a debt, just that an order was placed. | Law does not require such specificity.  Mere payment is evidence of antecedence because DAS generally only paid if an antecedent debt owed to defendant. | |
| | | | | |
| | Not more than Chapter 7 | See contract assumption and release arguments below | | |
| | | | | |
| | Insolvency | Yes.  Schedules rebut the presumption of insolvency because DAS assets on petition date exceed liabilities.

DAS parent, Delphi was also solvent (distributed dividend to shareholders)

Delphi represented to all | No  specific  response  to schedule list of assets and liabilities.  Relies only on presumption  of  insolvency during the 90-day period.

No response

No response | |

| Global Issue | | Objection Raised | DPH Holdings Response | Comment |
|---|---|---|---|---|
| | | parties and to the Court that it was presenting a 100% payment Plan of Reorganization. | | |
| | | | | |
| | **Failure to plead that Plaintiff was obligor** | **N/A** | | |
| | | | | |
| **Court Order Violation** | | | | |
| Specific Allegation | Assumed Contract Cure | **Timken and Debtor entered into an Assumption Agreement with respect to a Long Term Agreement as well as many purchase orders. DAS's failure to disclose corresponding debt for each alleged transfer has made it impossible to determine from the amended complaint whether any of the alleged transfers were payments made pursuant to an Assumed Contract, including the Long Term Contract referenced in the** | **No Response** | **Defendants repeated requests for detailed information and backup regarding transfers, such as invoices, POs, etc. per Judge's instructions but Debtor has not provided any such information.** |

| Global Issue | | Objection Raised | DPH Holdings Response | Comment |
|---|---|---|---|---|
| | | **Assumption Agreement.**<br><br>**Defendants requested detailed information and backup regarding transfers, such as invoices, POs, etc. but Debtor has not provided any such information** | | |
| | Less than $250,000 | | | |
| | Foreign Defendant | | | |
| | Express Release | **Timken and Debtor entered into an Assumption Agreement with respect to a Long Term Agreement, which contained a release of preference liability relating to the Long Term Agreement and shipments made to Grand Rapids and related locations. DAS's failure to disclose corresponding debt for each alleged transfer has made it impossible to determine from the amended complaint whether any of the alleged transfers were transfers for which Defendants were released from avoidance liability under the Assumption** | **No response** | **Defendants repeated requests for detailed information and backup regarding transfers, such as invoices, POs, etc. per Judge's instructions but Debtor has not provided any such information.** |

| Global Issue | | Objection Raised | DPH Holdings Response | Comment |
|---|---|---|---|---|
| | | Agreement.<br><br>Defendants requested detailed information and backup regarding transfers, such as invoices, POs, etc. but Debtor has not provided any such information. | | |
| | | | | |
| **Other Futility Arguments** | | | | |
| | | | | |
| | | | | |
| | Relationship Back for additional transfers raised in Amended Complaints | Indeed, in the original Complaint, the Debtors alleged sixteen (16) transfers. Each transfer was described as a stand-alone transfer. The Amended Complaint, however, lists 142 transfers. Of those 142 transfers, only 8 of them reflect the same amount as a transfer listed on the original Complaint. Three of those 8 overlapping transfers are the same ones for which no antecedent debt was alleged because they were, in fact, prepayments for goods to be delivered. | | |

| Global Issue | | Objection Raised | DPH Holdings Response | Comment |
|---|---|---|---|---|
| | | The three alleged transfers for which no antecedent was alleged were for $1,000,000, $1,100,000, and $507,400. The other five overlapping transfers were for the following amounts: $18,230.59; $97,658.20; $25,186.56; $2,361.24; and $18,496. Despite repeated requests for an explanation regarding the increased demand and the additional transfers, as well as backup for each of the transfers, no explanation or backup was provided. Because only 8 of the 142 transfers alleged in the Amended Complaint arguably tie to the original Complaint, the Motion for Leave should be denied as to the 134 transfers that do not tie to the original Complaint. | | |
| | | | | |
| | Alleged transfers were on account of claims that were | See Court Order Violation/Express Release | | |

| Global Issue | | Objection Raised | DPH Holdings Response | Comment |
|---|---|---|---|---|
| | **released at time of prior order** | **above.** | | |
| | | | | |

|  | **Transfers were cash in advance** | **The three alleged transfers for which no antecedent was alleged were for $1,000,000, $1,100,000, and $507,400. Each of these transfers represented a cash in advance payment.** |  |  |
|  |  |  |  |  |
| **Other** |  |  |  |  |
|  | **Judicial Estoppel** | **Debtors' took inconsistent position where originally said wouldn't be seeking to prosecute avoidance actions except certain specific actions and then changed course.** | **No Response** |  |
|  | **Laches** | **Timken would be prejudiced if action allowed to go forward against it because: (i) could have repaid transfers and sold resulting 502(h) claim for > 100% of value of claim; (ii) documents and information unavailable because of sale of needle bearing business, significant downsizing of personnel, retirement of manager of** | **No Response** |  |

| | | general credit, and upgrading of computer systems, (iii) settled claims with Delphi after statute of limitations expired and after complaint filed under seal and would have negotiated differently had known of existence of claims, (iv) Defendants could have moved to dismiss on basis that debtor would not be able to prove transfers were preferential given that DAS solvent and was proposing a 100% plan, (v) Defendants could have objected to extensions requested by Debtors or otherwise taken actions to protect its interest in the case had it been aware of preference action. | | |
|---|---|---|---|---|
| | **Complaint is Barred Based on Settlement of DAS's claims against Defendants** | **DAS's claims are barred by section 502(d) because not preserved as part of settlement of claim approved by the court after the statute of limitations had transpired.** | **No Response** | |