UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re:                                                       :
                                                             :    Chapter 11
DPH HOLDINGS CORP, et al,                                    :
                                                             :    Case No. 05-44481 (RDD)
                      Reorganized Debtors.                   :    (Jointly Administered)
                                                             :
------------------------------------------------------------ X
DELPHI AUTOMOTIVE SYSTEMS, LLC,                              :
                                                             :
                      Plaintiff,                             :    Adv. Proc. No. 07-02688 (RDD)
                                                             :
       v.                                                    :
                                                             :
THE TIMKEN COMPANY and THE                                   :
TIMKEN CORPORATION,                                          :
                                                             :
                      Defendants.                            :
------------------------------------------------------------ X

## DECLARATION OF JAMES SULLIVAN IN FURTHER SUPPORT OF OPPOSITION OF THE TIMKEN COMPANY AND THE TIMKEN CORPORATION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

James Sullivan, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a partner at Moses & Singer LLP. I represent The Timken Company and The Timken Corporation (collectively, "Timken") in connection with the above referenced adversary proceeding.

2.      I submit this declaration in further support of Timken's opposition to the Reorganized Debtors' (the "Reorganized Debtors") Motion for Leave to File Amended Complaints.

3.      I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

877115v1 013113.0101

4.    Attached hereto as Exhibit A is an e-mail dated October 19, 2010 that I sent to Eric Fisher, an attorney at Butzel Long, counsel for the Reorganized Debtors, requesting information about the alleged transfers.

5.    Attached hereto as Exhibit B is a follow-up e-mail dated October 26, 2010 that I sent to Eric Fisher.

6.    Attached hereto as Exhibit C is an e-mail dated October 26, 2010 that I received from Eric M. Mathis, another attorney at Butzel Long, in response to my October 19, 2010 e-mail to Eric Fisher.

7.    On December 17, 2010, the parties attended a telephonic status conference with the Honorable Robert Drain, at which time Judge Drain directed counsel for the defendants to request further information regarding the allegedly preferential transfers from the Reorganized Debtors if needed to determine whether such transfers relate to a contract that has been assumed. Judge Drain indicated that counsel for the Reorganized Debtors was to respond to these requests by early January 2011.

8.    Attached hereto as Exhibit D is an e-mail dated December 20, 2010 that I sent to Eric Fisher requesting documents relating to the transfers alleged in the Reorganized Debtors' proposed amended complaint, as well as an explanation of the specific amounts demanded for such alleged transfers.

9.    Despite Judge Drain's instruction that counsel for the Reorganized Debtors respond to such e-mails by no later than early January 2011, as of the date of this declaration I still have not received a written response. Further, during a conference call with Cynthia Haffey, another attorney at Butzel Long, on January 13, 2011, I was told that neither Butzel Long nor the

Reorganized Debtors were in possession of any responsive documents, and that they were unable to respond to my requests for documents and information.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of June, 2011 at New York, New York

                                                    /s/ James Sullivan
                                                  James Sullivan

# EXHIBIT A

## James M. Sullivan

**From:** Sullivan, James M.
**Sent:** Tuesday, October 19, 2010 12:01 PM
**To:** 'fishere@butzel.com'
**Subject:** Delphi Automotive Systems v. Timken, Case No. 07-02688

Eric,

I am in receipt of the motion for leave to file a first amended complaint that you filed against The Timken Corporation and The Timken Company in the above referenced adversary proceeding. Attached to the proposed amended complaint was a schedule of allegedly preferential transfers. Timken does not recognize most of the invoice and purchase order numbers referenced on the chart. Can you please provide us copies of all the purchase orders and invoices referenced in the proposed amended complaint as soon as possible. Also, I noticed that notwithstanding the fact that the proposed amended complaint no longer seeks to avoid allegedly preferential transfers made to Timken Super Precision, Timken France, or Timken, the amount demanded in the proposed amended complaint is higher than the amount demanded in the original complaint. Can you also please provide an explanation. Thank you.

Very truly yours,

James

James M. Sullivan
Partner

Arent Fox LLP | Attorneys at Law
1675 Broadway
New York, NY 10019-5820
212.484.3945 DIRECT | 212.484.3990 FAX
201.741.4235 CELL
sullivan.james@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

11/24/2010

# EXHIBIT B

## James M. Sullivan

**From:** Sullivan, James M.
**Sent:** Tuesday, October 26, 2010 2:24 PM
**To:** 'fishere@butzel.com'
**Subject:** FW: Delphi Automotive Systems v. Timken, Case No. 07-02688

Eric,

I am following up on my email below. I ask that you please respond by November 1. Thanks.

James

James M. Sullivan
Partner

Arent Fox LLP | Attorneys at Law
1675 Broadway
New York, NY 10019-5820
212.484.3945 DIRECT | 212.484.3990 FAX
201.741.4235 CELL
sullivan.james@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**From:** Sullivan, James M.
**Sent:** Tuesday, October 19, 2010 12:01 PM
**To:** 'fishere@butzel.com'
**Subject:** Delphi Automotive Systems v. Timken, Case No. 07-02688

Eric,

I am in receipt of the motion for leave to file a first amended complaint that you filed against The Timken Corporation and The Timken Company in the above referenced adversary proceeding. Attached to the proposed amended complaint was a schedule of allegedly preferential transfers. Timken does not recognize most of the invoice and purchase order numbers referenced on the chart. Can you please provide us copies of all the purchase orders and invoices referenced in the proposed amended complaint as soon as possible. Also, I noticed that notwithstanding the fact that the proposed amended complaint no longer seeks to avoid allegedly preferential transfers made to Timken Super Precision, Timken France, or Timken, the amount demanded in the proposed amended complaint is higher than the amount demanded in the original complaint. Can you also please provide an explanation. Thank you.

Very truly yours,

James

James M. Sullivan
Partner

Arent Fox LLP | Attorneys at Law
1675 Broadway

11/24/2010

New York, NY 10019-5820
212.484.3945 DIRECT | 212.484.3990 FAX
201.741.4235 CELL
sullivan.james@arentfox.com | www.arentfox.com

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

11/24/2010

# EXHIBIT C

# James M. Sullivan

**From:** Mathis, Eric M. [mathise@butzel.com]
**Sent:** Tuesday, October 26, 2010 6:21 PM
**To:** Sullivan, James M.
**Subject:** Delphi/Timken

Mr. Sullivan

Your email from October 19, 2010 to Eric Fisher was forwarded to me. I read the email and submitted your request to the client for clarification. I will follow-up with you soon, hopefully by next week.

Eric

Eric M. Mathis
Butzel Long, a Professional Corporation
150 West Jefferson Avenue, Suite 100
Detroit, MI 48226
Direct   (313) 225-7041
Fax      (313) 225-7080
mathise@butzel.com
www.butzel.com

To comply with U.S. Treasury Regulations: This communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the tax laws of the United States, or promoting, marketing or recommending to another party any transaction or matter addressed in this communication (and any attachment).

Confidentiality Statement:

This message (including any attachments) is intended only for the individual or entity to which it is addressed. It may contain privileged, confidential information that is exempt from disclosure under applicable laws. If you are not the intended recipient, please note that you are strictly prohibited from disseminating or distributing this information (other than to the intended recipient) or copying this information. If you have received this communication in error, please notify us immediately by e-mail or by telephone at (313) 225-7000. To learn more about Butzel Long, please visit our website at http://www.butzel.com

11/24/2010

# EXHIBIT D

## Kara Rademacher

**From:** James M. Sullivan
**Sent:** Monday, December 20, 2010 6:52 PM
**To:** 'FISHERE@butzel.com'
**Subject:** Delphi - Adv. Pro. No. 07-02688

Eric,

I represent The Timken Company and The Timken Corporation in connection with the above referenced adversary proceeding. As a follow-up to my earlier email requests for information and per the direction of Judge Drain during the telephone status conference held on December 17, 2010, I am requesting backup documentation regarding the transfers identified on the exhibit to DAS's proposed amended complaint. Among other things, I am requesting the following documents relating to each such transfer:

1. copies of the checks, wire confirmations, and ECF confirmations evidencing the allegedly preferential transfers, and the related back-up documentation that accompanied such checks, wires, and/or ECF payments;
2. invoices evidencing the alleged antecedent debt;
3. purchaser orders evidencing the alleged antecedent debt;
4. copies of the invoices and purchase orders referenced in the proposed amended complaint; and
5. documents evidencing the "ship to" locations for each shipment made in connection with the alleged antecedent debt.

The purpose of this request, is to help Timken determine whether (i) any of the allegedly preferential transfers were on account of a debt that related to a contract that was assumed or (ii) the debtors had released Timken from preference liability relating to the allegedly preferential transfers pursuant to the release contained in the Assumption Agreement dated June 2, 2006, which is referenced in Timken's objection to your motion for leave to file an amended complaint.

In addition, I am requesting an explanation of why the amount demanded in the proposed amended complaint is greater than the amount demanded in the original complaint despite the fact that there are fewer plaintiffs and few defendants referenced in the proposed amended complaint as compared with the original complaint.

Per Judge Drains direction, I request a response to this email (along with the requested documents and information) no later than the first week of January 2011. Thank you.

Sincerely,


James Sullivan

    

JAMES M. SULLIVAN | 212.554.7640
The Chrysler Building | 405 Lexington Avenue | New York, NY 10174-1299
Tel 212.554.7800 | Cell 201.741.4235 | Fax 212.377.6053

MSI Global Alliance is an international alliance of independent legal and accounting firms, with over 250 member firms in 100 countries.    

6/14/2011