WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
(212) 237-1000
Howard Simon (hsimon@windelsmarx.com)
Leslie S. Barr (lbarr@windelsmarx.com)
     - and -
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2390
Peter Nils Baylor (pbaylor@nutter.com)

*Attorneys for Tyco Adhesives LP*

Hearing: June 21, 2011 @ 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 05-44481 [RDD] |
| DELPHI CORPORATION, *et al.*, | : | |
| | : | Jointly Administered |

----------------------------------------------------------------x

| | | |
|---|---|---|
| DELPHI CORPORATION, *et al.*, | : | |
| | : | Adv. Pro. No. 07-02790 [RDD] |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| TYCO, TYCO ADHESIVES, TYCO ELECTRONICS – RAYCHEM, TYCO ELECTRONICS CORP., TYCO ELECTRONICS CORPORATION, TYCO ELECTRONICS IDENTIFICATION TYCO ELECTRONICS LOGISTICS AG, and TYCO/ELECTRONICS, | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------------------x

**JOINDER OF DEFENDANT TYCO ADHESIVES LP, WITH (A) SUR-REPLY OF VICTORY PACKAGING LP IN FURTHER SUPPORT OF BRIEF IN OPPOSITION, AND (B) PRELIMINARY OBJECTION OF TYCO ELECTRONICS CORPORATION AND TYCO ELECTRONICS LOGISTICS AG, TO THE REORGANIZED DEBTORS' <u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS</u>**

{10648429:3}

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

　　　　Defendant Tyco Adhesives LP ("**TA**"), by its undersigned attorneys, hereby represents:

## Introduction

　　　　1.　　Both before and after this Court directed the Plaintiffs in December 2010 to reduce the number of pending adversary proceedings by responding to all defendants' individual submissions on the defenses of both "assumption of debt" and "release" or "waiver", TA notified Plaintiffs about its assumption and waiver defenses by letter, in its brief opposing Plaintiff's motion for leave to file amended complaints, and by telephone.  To date, TA has received no response from Plaintiffs.  Accordingly, TA joins in and adopts, with respect to this Adversary Proceeding, the assumption and waiver defense arguments set forth in the *Sur-Reply and Joinder of Defendant Victory Packaging LP in Further Support of Its Opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints*, dated June 14, 2011 [Case Doc. No. 21326] (the "**Assumption/Release Sur Reply**"), and in the separate preliminary objection filed in this Adversary Proceeding on June 13, 2011 [Adv. Proc. Doc. No. 54] (the "**Tyco Electronics Objection**") by TA's co-defendants, Tyco Electronics Corporation and Tyco Electronics Logistics AG (together, "**Tyco Electronics**").[1]

## Statement of Facts

　　　　2.　　This Joinder is supported by the Declaration of Peter Baylor, co-counsel for TA in this Adversary Proceeding, sworn to on June 14, 2011 (the "**Baylor Declaration**"), and the statements set forth in the Assumption/Release Sur Reply and the Tyco Electronics Objection, which TA adopts, and the record of this case.  As more fully set forth therein:

---

[1] The Tyco Electronics Objection is based on the very same May 10, 2006 assumption agreement by which Plaintiffs assumed and paid their obligations to TA and waived and released their rights against TA under chapter 5 of the Bankruptcy Code.

(i) On September 7, 2010, the Court signed an *Order Granting in Part First Wave Motions to Dismiss*, by which the Complaint commencing this Adversary Proceeding was dismissed without prejudice because the Debtors failed to plead sufficient facts to state a claim, and have not complied with Fed. R. Civ. P. 8, made applicable by Bankruptcy Rule 7008, and all other arguments raised by TA and responses thereto were preserved.  [Adv. Proc. Doc. No. 38].

(ii) On September 7, 2010, Plaintiffs filed the *Reorganized Debtors' Motion for Leave to File Amended Complaints* ("**Motion for Leave to Amend Complaints**") [Adv. Proc. Doc. No. 36].

(iii) On November 19, 2010, Mr. Baylor e-mailed a letter to Plaintiffs' counsel explaining TA's assumption of debt and waiver and release defenses, with copies of supporting documents.  *See* Baylor Declaration, Exhibit A.

(iv) On November 24, 2010, TA filed its *Memorandum of Law in Opposition to Delphi's Motion to Amend its Complaint* (the "**Memorandum of Law**") [Adv. Proc. Doc. No. 42].  The Memorandum of Law specifically asserts, among other things, that Plaintiffs assumed the contract under which TA received the transfers that Plaintiffs seek to avoid as preferences in this Adversary Proceeding, and expressly waived any right to recover as a preference any transfers made under that contract.

(v) During the December 17, 2010 conference call, the Court made clear its expectation, which Plaintiffs' counsel acknowledged, that Plaintiffs' counsel respond by early January 2011 to any defendant asserting the assumption of debt and release or waiver defenses.  *See* Assumption/Release Sur Reply.

(vi) On January 28, 2011, Plaintiffs filed their *Reorganized Debtors' Omnibus Reply In Further Support of Motions for Leave To File Amended Complaints* (the "**Omnibus Reply**") [Adv. Proc. Doc. No. 46]. Contrary to the Court's direction and Plaintiffs' counsel's acknowledgement, the Omnibus Reply did not address the assumption of debt and release and waiver defenses. Rather, in footnote 4, Plaintiffs alleged that they were investigating such defenses and urged defendants to raise them before the hearing (now scheduled for June 21, 2011) to ascertain the possibilities of settlement.

(vii) On January 31, 2011, Mr. Baylor initiated a telephone conference with Plaintiffs' counsel and re-sent some of the documents that were attached to his November 19, 2010 letter.

(viii) On May 4, 2011, Mr. Baylor called Plaintiffs' counsel again, and to date, has received no substantive response.

(ix) Plaintiffs have not responded to TA's letter, pleadings, or calls. *See* Baylor Declaration.

**Argument**

3. TA joins in and adopts the "assumed contract" and waiver/release defense arguments made by (a) Victory Packaging LP in the Assumption/Release Sur Reply, and (b) Tyco Electronics in the Tyco Electronics Objection (because Tyco Electronics' arguments and TA's own "assumed contract defense" (raised and argued in TA's Memorandum of Law) are based on the same May 10, 2006 assumption agreement).

4. No previous request for the relief sought herein has been made to this or to any other court, except as described above.

**WHEREFORE**, for the reasons set forth in TA's Memorandum of Law, the Sur Reply and the Tyco Electronics Objection, TA respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend Complaints with prejudice, and grant such other and further relief as is just.

Dated: New York, New York
       June 14, 2011

WINDELS MARX LANE & MITTENDORF, LLP

By: /s/ Leslie S. Barr
Howard L. Simon (hsimon@windelsmarx.com)
Leslie S. Barr (lbarr@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Facsimile (212) 262-1215

- and -

Dated: Boston, Massachusetts
       June 14, 2011

NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
Telephone (617) 439-2390
Facsimile (617) 310-9390
Peter Nils Baylor (pbaylor@nutter.com)

*Attorneys for Tyco Adhesives LP*