UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :    Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.,*                                  :
                                                               :    Jointly Administered
---------------------------------------------------------------x
                                                               :
DELPHI CORPORATION, *et al.,*                                  :
                                                               :    Adv. Pro. No. 07-02790 [RDD]
                    Plaintiffs,                                :
                                                               :
            -against-                                          :
                                                               :
TYCO, TYCO ADHESIVES, TYCO                                     :
ELECTRONICS – RAYCHEM, TYCO                                    :
ELECTRONICS CORP., TYCO                                        :
ELECTRONICS CORPORATION, TYCO                                  :
ELECTRONICS IDENTIFICATION TYCO                                :
ELECTRONICS LOGISTICS AG, and                                  :
TYCO/ELECTRONICS,                                              :
                                                               :
                    Defendants.                                :
---------------------------------------------------------------x

## **DECLARATION OF PETER BAYLOR**

1.      My name is Peter Baylor.  I have been a member of the Massachusetts Bar since 1978, and I am a partner in the Boston law firm Nutter, McClennen & Fish, LLP.  Together with Howard Simon and Leslie Barr, attorneys in the New York City law firm Windels, Marx, Lane and Mittendorf, LLP, I represent the defendant Tyco Adhesives ("TA") in this adversary proceeding.

2.      I make this declaration of my own personal knowledge, and in support of TA's Joinder with (a) the *Sur-Reply and Joinder of Defendant Victory Packaging LP in Further Support of Its Opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints*, dated June 14, 2011, and (b) the Tyco Electronics Objection filed in this Adversary

{10648488:2}

Proceeding on June 13, 2011 by TA's co-defendants, Tyco Electronics Corporation and Tyco Electronics Logistics AG.

3. The plaintiffs have sued TA to avoid and recover alleged preferential payments in the approximate amount of $1 million.

4. TA has a complete defense (the "Assumption Bar") to the plaintiffs' complaint in that TA was a sole-source supplier to the plaintiffs under a single purchase order no. PEP4850041 (P.O. '041), and P.O. '041 was assumed under 11 U.S.C. §365 by the plaintiffs pursuant to authority granted by this Court's order dated December 12, 2005, and to an assumption agreement dated May 10, 2006 (the "Assumption Agreement"). All of the alleged preferential transfers were payments made pursuant to P.O. '041.

5. Leaving to one side, but reserving, the legal principle that assumption of an executory contract pursuant to 11 U.S.C. § 365 bars later preference actions to recover payments made under the assumed contract, the Assumption Agreement itself (the overall confidentiality of which TA continues to respect, despite the current mootness of the original rationale therefor) contained an express waiver and release by the plaintiffs of Chapter 5 avoidance actions against non-debtor counterparties to the assumed contracts.

6. TA expressly raised the Assumption Bar in its November 24, 2010 Memorandum of Law in Opposition to Delphi's Motion to Amend its Complaint ("TA's Opposition").

7. Other defendants in other adversary proceedings brought by the plaintiffs to avoid and recover preferences have also raised their own Assumption Bar.

8. At the hearing held on December 17, 2010, this Court instructed the plaintiffs to address promptly the Assumption Bars raised by various defendants, including TA.

{10648488:2}                                                                                     2

9. The plaintiffs have not as yet addressed TA's Assumption Bar, in spite of TA's repeated out-of-court presentations of the facts and documents that support it.

10. I presented such facts and documents to the plaintiffs' attorneys, Butzel and Long, in correspondence e-mailed to Eric Fisher, Esq., twice on November 19, 2010 (a second time to correct the docket no. shown for this adversary proceeding), before the Assumption Bar was raised in TA's Opposition on November 24, 2010, and before the Court's December 17, 2010 instructions regarding Assumption Bars. (My November 19, 2010 correspondence was sent and marked as "Settlement Discussions Privileged under Fed. R. Evid. 408"; a copy is not attached but is available to the Court upon its request.)

11. After a telephone conference that I initiated on January 31, 2011, with Butzel and Long attorneys Cynthia Haffey, Esq. and David Devine, Esq. about TA's Assumption Bar, I sent, at their request, another copy of P.O. '041.

12. I heard nothing further from either Ms. Haffey or Mr. Devine, until I called Mr. Devine again on May 4, 2011, seeking a response to TA's assertion of its Assumption Bar. Mr. Devine told me that he needed more time before he could take a position and that he would call me.

13. As of this writing, I have heard nothing further.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 14, 2011
Boston, Massachusetts

/s/ Peter Nils Baylor
Peter Nils Baylor

{10648488:2}    3