Douglas J. Buncher                                    **Hearing Date:  June 21, 2011 at 10:00 a.m. ET**
Texas Bar No. 03342700
dbuncher@neliganlaw.com
David Ellerbe
State Bar No. 06530600
dellerbe@neliganlaw.com
NELIGAN FOLEY LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
(214) 840-5300
(214) 840-5301 (fax)

Counsel for Defendant Eco-Bat America, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
In re:                                            :        Chapter 11
                                                  :        Case No. 05-44481 [RDD]
DPH HOLDINGS CORP., *et al.*,                     :        Jointly Administered
        Reorganized Debtors          :
-----------------------------------------------------x
                                                  :
DELPHI AUTOMOTIVE SYSTEMS,                        :
        Plaintiff,                                :
                                                  :
v.                                                :        Adv. Pro. No. 07-02256 [RDD]
                                                  :
ECO-BAT AMERICA, LLC,                 :
        Defendant.                                :
-----------------------------------------------------x

### JOINDER OF ECO-BAT AMERICA, LLC IN SUR-REPLIES IN SUPPORT OF OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

1.    Defendant Eco-Bat America, LLC ("Eco-Bat") hereby concurs with and joins the

following Sur-Replies to the *Reorganized Debtors' Omnibus Reply in Further Support of*

*Motions for Leave to File Amended Complaints* [case no. 05-44481, Docket No. 21096]:

a.  Sur-Reply of Johnson Controls, Johnson Controls Battery Group, and Johnson
Controls, Inc. in Further Opposition to Plaintiff's Motion for Leave to File a First Amended
Complaint [case no. 05-44481, Docket No. 21312];

b.   Methode Electronics, Inc.'s Sur-Reply in Support of its Objection to the Reorganized Debtors' Motion for Leave to File a First Amended Complaint [case no. 05-44481, Docket No. 21319];

c.   Ex-Cell-O Machine Tools, Inc.'s Sur-Reply in Support of Response to Plaintiff's Motion for Leave to File a First Amended Complaint [case no. 05-44481, Docket No. 21321]; and

d.   Sur-Reply of The Timken Company and The Timken Corporation in Further Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints [case no. 05-44481, Docket No. 21329].

2.    Further, attached hereto as **Exhibit A** is a chart summarizing the specific arguments by Eco-Bat to which the Reorganized Debtors have failed to respond.

Dated: June 15, 2011                          Respectfully Submitted,

*/s/ David Ellerbe*
David Ellerbe
Texas Bar No. 06530600
dellerbe@neliganlaw.com

NELIGAN FOLEY LLP
325 N. St. Paul, Suite 3600
Dallas, Texas  75201
214-840-5300
214-840-5301 (fax)

COUNSEL FOR DEFENDANT
ECO-BAT AMERICA LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2011, a true and correct copy of the foregoing pleading was served (a) by email upon all parties who receive notice in the above-captioned cases through the Court's ECF filing system and (b) by e-mail and first class mail, postage prepaid upon the following counsel for Delphi:

Cynthia J. Haffey
Butzel Long
Suite 100
150 West Jefferson Ave.
Detroit, MI 48226

*/s/ David Ellerbe*
David Ellerbe

# **EXHIBIT "A"**

**CASE NO.    07-2256___**

**CAPTION:    Delphi Automotive Systems, LLC v. Eco-Bat America, LLC**

**DEFENDANT COUNSEL CONTACT:  David Ellerbe, Neligan Foley LLP**

| Global Issue | | Objection Raised | DPH Holdings Response |
|---|---|---|---|
| **Twombly/Iqbal** | | | |
| | **Antecedent Debt** | | |
| | • None alleged | | |
| | • None alleged for certain transfers | | |
| | • Debt not owed by Plaintiff | **Yes.  Plaintiff fails to allege or show that transfers were made on account of debt owed by DAS.** | **¶¶ 41-44** |
| | • Meaningless description | **Plaintiff fails to provide, and denies existence of, invoice numbers.  Purchaser order or shipping numbers are not recognizable.  Plaintiff has failed to provide copies of documents or other information.** | **None** |
| | • Other Issues | **Plaintiff failed to allege or show when alleged debts relevant to transfers arose or that the alleged debts arose prior to related transfers.  Purchase orders only indicate placement of an order, not evidence of shipment or a debt.** | **More specificity not required.  Mere payment or existence of a general purchase agreement is evidence of antecedent debt.** |

| Global Issue | | Objection Raised | DPH Holdings Response |
|---|---|---|---|
| | | | |
| | Insolvency | Yes. Schedules rebut the presumption of insolvency because DAS assets on petition date exceeded liabilities. | No specific response.  Relies only on statutory presumption of insolvency. Also, see ¶¶ 50-57. |
| | | DAS parent, Delphi, was solvent (distributed dividend to shareholders). | None |
| | | Delphi represented to Court and all parties that it would seek confirmation of 100% payment plan of reorganization. | None |
| | | | |
| | Failure to plead that Plaintiff was obligor | Yes.  Plaintiff fails to allege or show that transfers were made on account of debt owed by DAS. | ¶¶ 41-44 |
| | | | |
| Other Futility Arguments | | | |
| | | | |
| | Relationship Back for additional transfers raised in Amended Complaints | Yes.  Proposed Amended Complaint asserts new claims totaling $2,445,345.57.  Relation back not permissible because, *inter alia*, original complaint did not put Eco-Bat on notice that additional transfers would be asserted later. | No response.  Footnote 5 incorrectly contends that this issue "is not suited for resolution at the Hearing" on the Motion for Leave to File Amended Complaints. |

| Global Issue | | Objection Raised | DPH Holdings Response |
|---|---|---|---|
| | | | |
| **Other** | | | |
| | **Judicial Estoppel** | Debtors took inconsistent positions. Originally said would not prosecute avoidance actions other than against certain specific parties, then changed course. | None |
| | **Laches** | Eco-Bat would be prejudiced by preference claim because it could have repaid preferential transfers and sold resulting § 502(h) claim for more than 100%; could have objected to extensions requested by Debtors or taken other protective or defensive actions if it had known of preference action; and could have sought dismissal of preference action on grounds that DAS was solvent and proposing 100% plan. | None |