Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 05-44481-rdd

5   - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   DPH HOLDINGS CORP., et al.,

9

10           Reorganized Debtors.

11

12   - - - - - - - - - - - - - - - - - - - - - -x

13

14                U.S. Bankruptcy Court

15                300 Quarropas Street

16                White Plains, New York

17                May 26, 2011

18                10:14 AM

19

20

21   B E F O R E:

22   HON. ROBERT D. DRAIN

23   U.S. BANKRUPTCY JUDGE

24

25

1

2    HEARING RE: Proposed Sixty-Sixth Omnibus Hearing Agenda filed

3    by Ron E. Meisler on Behalf of DPH Holdings Corp., et al.

4

5    HEARING RE: Proposed Forty-fourth Claims Hearing Agenda filed

6    by Ron E. Meisler on Behalf of DPH Holdings Corp., et al.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sara Davis

```
 1
 2     A P P E A R A N C E S :
 3     SKADDEN ARPS SLATE MEAGHER & FLOM LLP
 4          Attorneys for the Debtors
 5          155 North Wacker Drive
 6          Chicago, IL 60606
 7
 8     BY:   LOUIS S. CHIAPPETTA, ESQ.
 9          NICK D. CAMPANARIO, ESQ. (TELEPHONICALLY)
10          ALBERT L. HOGAN III, ESQ. (TELEPHONICALLY)
11
12
13     FARELLA BRAUN & MARTEL LLP
14          Attorneys for Official Committee of Eligible Salaried
15           Retirees
16          235 Montgomery Street
17          17th Floor
18          San Francisco, CA 94104
19
20     BY:   DEAN M. GLOSTER, ESQ. (TELEPHONICALLY)
21
22
23
24
25
```

Page 4

1

2    SATTERLEE STEPHENS BURKE & BURKE LLP

3        Attorneys for VEBA Committee/Board

4        230 Park Avenue

5        New York, NY 10169

6

7    BY:   TIMOTHY T. BROCK, ESQ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                   P R O C E E D I N G S

2              MR. CHIAPPETTA:  Good morning, Your Honor.  Louis

3    Chiappetta of Skadden, Arps, Slate, Meagher & Flom on behalf of

4    DPH Holdings Corp. and its affiliated reorganized debtors.

5              THE COURT:  Good morning.

6              MR. CHIAPPETTA:  On the line with me --

7              THE COURT:  I'm sor -- yeah, I was going to say --

8    you're actually going -- good, I want to take the other

9    parties' appearances.  There are people on the phone.

10             MR. CHIAPPETTA:  Right.  I have Al Hogan and Nick

11   Campanario also of Skadden, Arps.  They're going to be

12   addressing the motion filed by the Official Committee of

13   Eligible Salaried Retirees, filed at Docket number 21262.  And

14   I believe Dean Gloster is on the line from --

15             MR. GLOSTER:  Good morning, Your Honor.  Dean Gloster

16   of Farella Braun & Martel representing the Official Committee

17   of Eligible Salaried Retirees.

18             THE COURT:  Good morning.

19             MR. CHIAPPETTA:  Your Honor, as you can see from the

20   agendas --

21             MR. BROCK:  All right, I'll -- let me make my

22   appearance.

23             MR. CHIAPPETTA:  I'm sorry.

24             MR. BROCK:  Timothy Brock from Satterlee, Stephens,

25   Burke & Burke on behalf of the VEBA committee.

Page 6

```
 1              THE COURT:  Good morning.

 2              MR. BROCK:  Good morning.

 3              MR. CHIAPPETTA:  Your Honor, as you could see from the

 4      proposed agendas that were filed yesterday, there were no

 5      claims matters that are going forward, so with Your Honor's

 6      permission, I would like to just go forward with the omnibus

 7      matters today.

 8              THE COURT:  That's fine.

 9              MR. CHIAPPETTA:  Okay.  So there's two matters on

10      today's agenda.  The first one is the motion filed by the

11      Official Committee of Eligible Salaried Retirees which, if

12      granted, should resolve the VEBA Committee's motion that is

13      listed as the second matter at Docket number 20462.

14              THE COURT:  Okay.

15              MR. CHIAPPETTA:  So with that, I'd like to turn over

16      to Dean Gloster.

17              THE COURT:  Okay.  And just, before you do that --

18      when you say it should resolve it, I had already resolved that

19      motion.  I mean, the parties have resolved it.  It's been

20      pending because of the motion that was filed recently and

21      that's the first item on the calendar.

22              MR. CHIAPPETTA:  That's correct.

23              MR. GLOSTER:  It's --

24              THE COURT:  Okay.

25              MR. GLOSTER:  -- exactly, Your Honor.
```

05-44481-rdd   Doc 21361   Filed 05/27/11   Entered 06/16/11 15:59:41   Main Document
DPH HOLDINGS CORP., et al.
Pg 7 of 14

Page 7

1           THE COURT:  All right, fine.  Okay.  So you could go

2    ahead.

3           MR. GLOSTER:  So, Your Honor, the issue is simply one

4    of trying to preserve what we've accomplished in the bankruptcy

5    which was (skip in audio) fungible for the health coverage tax

6    credit.  And the difficulty is that in Congress, the

7    legislation keeps sunsetting.  And it's sort of tied to

8    reauthorization of -- right now, approval of the Columbia Trade

9    Bill.  And there is some risk that the retirees at -- on

10   February 13th, 2012 may lose their eligibility for the health

11   coverage tax credit through this benefit.

12          THE COURT:  Right.  And you had -- and the VEBA

13   Committee had raised the potential of this issue late last

14   year --

15          MR. GLOSTER:  Correct.

16          THE COURT:  -- and I gather that there was legislation

17   that was enacted in December of 2010 that extended the credit,

18   although it lowered it to, I guess, fifteen percent through

19   February of 2012, at least.

20          MR. GLOSTER:  Correct, Your Honor.

21          THE COURT:  All right.

22          MR. GLOSTER:  What happened was that was extended for

23   a year and the other provisions of the American Recovery and

24   Reinvestment Act, which included, you know, bumping the subsidy

25   from sixty-five to eighty percent and improving the benefit for

Page 8

1    eligible family members, those all sunsetted as of last

2    February.  And the thought was that the new Congress would have

3    time to take it up.  And currently, you know, the sort of

4    legislative situation is those reauthorizations are expected to

5    be attached to the approval of Columbia Trade Agreement this

6    summer.  But our experience has been that legislation and the

7    process in Washington is unpredictable and there's been some

8    risk that the retirees would simply lose the subsidy.

9              THE COURT:  Right.

10              MR. GLOSTER:  The IRS has frankly been enormously

11    cooperative and took the position at the end of last year that

12    even if the legislation were not reauthorized, they would

13    simply allow retirees to sort of check a box on a form and they

14    could continue to receive the health coverage tax credit on the

15    current program.  But there's nothing, sort of, written in

16    stone in a statute that says that's the position that the IRS

17    is going to take next year.

18              THE COURT:  Okay.

19              MR. GLOSTER:  And historically, before the American

20    Recovery and Reinvestment Act, these kind of benefits were set

21    up through VEBAs in bankruptcies by 1114 committees in the

22    context of -- they were done in lieu of COBRA continuation

23    coverage as people lost their retiree benefits.  And people

24    would go to the IRS and get a private letter ruling saying just

25    as the COBRA continuation coverage benefit would have been

05-44481-rdd   Doc 21361   Filed 05/27/11   Entered 06/16/11 15:59:41   Main Document
DPH HOLDINGS CORP., et al.
Pg 9 of 14

Page 9

1    eligible for the health coverage tax coverage, a benefit set up

2    through a VEBA by an 1114 committee which is in lieu of COBRA

3    continuation coverage should be eligible for the HCTC.  And

4    the --

5              THE COURT:  Okay.

6              MR. GLOSTER:  -- IRS has, in fact, provided private

7    letter rulings and a number of these have been set up in the

8    past under that understanding.  We, fortunately, had an easier

9    statute to work with because of the American Recovery and

10   Reinvestment Act, but we're in the position that there's going

11   to be substantial uncertainty about what's going to happen to

12   this program after February of 2012 if we don't get some

13   assistance from this Court that would make it easier for the

14   VEBA to go get a private letter ruling if that were necessary.

15             THE COURT:  Okay.  I have one -- I mean, I've read the

16   motion and the debtors' response to it.  My first question is,

17   are you amenable to including in the proposed order on this the

18   language that the debtors propose on -- in paragraph 4 of their

19   response?

20             MR. GLOSTER:  Absolutely, Your Honor.

21             THE COURT:  Okay.

22             MR. GLOSTER:  We're totally in agreement with

23   reorganized debtors that that language would be completely

24   appropriate.

25             THE COURT:  Okay.  And then, my other question is -- I

Page 10

1   mean, you're quite candid in your papers saying that while

2   effectively the settlement that was approved in early April

3   2009 took the place of, among other things, COBRA.  Or the

4   right to argue for COBRA.  You did always -- although not

5   expressly, implicitly reserve the right to argue that that was

6   something extra.  So I guess the -- having that in the record

7   and understanding that issue -- although let me say first as an

8   aside, I think that the law of the case is that at least as of

9   July of 2009, there was no -- I ruled that there was no ongoing

10  right for COBRA.

11          MR. GLOSTER:  That's correct, Your Honor.

12          THE COURT:  Right.

13          MR. GLOSTER:  And, you know, that was not contested by

14  the 1114 committee --

15          THE COURT:  Right.

16          MR. GLOSTER:  -- because we made the tactical --

17          THE COURT:  Right.

18          MR. GLOSTER:  -- choice not to go fight that fight --

19          THE COURT:  But in any event --

20          MR. GLOSTER:  -- at those --

21          THE COURT:  -- my issue is this, and I don't think

22  it's an issue but I just want to air it for the record.  The

23  phrase "in lieu of" is often misused and it is so often misused

24  that I think at this point it may not necessary be a clear

25  phrase, even as defined in the dictionary.

Page 11

1          I have no problem with concluding that -- this

2     settlement as it -- effectively, you know, as you explain in

3     your whole list of items in your -- in paragraph 19 of your

4     motion, the settlement effectively deprived the retirees of the

5     right to get COBRA.  And as a matter of practicalities, there

6     wasn't any real right anyway.

7          And I have no problem with saying that that was the

8     case.  Notwithstanding your reservation, which you may have

9     articulated to the debtors at some point before the money

10    actually got paid and before the July hearing.  I think where I

11    have a problem is to -- is if I say that the settlement

12    literally deprived you of that right, because it was a

13    settlement and it didn't -- you know, it speaks for itself.  So

14    I have no problem if the interpretation of "in lieu of" means

15    effectively was in replacement for COBRA among other things.

16    And I think that's all you're asking for here.

17          MR. GLOSTER:  That is all we're asking for, Your

18    Honor.

19          THE COURT:  All right.  So, with that on the record,

20    I'll grant the motion.

21          MR. GLOSTER:  Thank you, Your Honor.  We will work

22    with the debtor over an agreed form of order and submit it to

23    the Court.

24          THE COURT:  Okay.  Very well.  Thank you.

25          MR. GLOSTER:  And then --

DPH HOLDINGS CORP., et al.

1          THE COURT:  And then you need to submit the order on

2    the other motion --

3          MR. GLOSTER:  Correct.  Which --

4          THE COURT:  -- which now is -- the terms of that order

5    are agreed, right?

6          MR. GLOSTER:  I believe so.  I had -- counsel and I

7    for the VEBA committee have exchanged forms of order and I

8    think the only issue would be, we would just want the order

9    entered by this Court to become final and then the order can be

10   entered disbanding the 1114 committee.

11         THE COURT:  Right.  The last order that will be

12   entered will be the one disbanding the 1114 committee.

13         MR. GLOSTER:  Correct, Your Honor.

14         THE COURT:  Okay.  All right.  When you e-mail the

15   orders, just remind me of that.

16         MR. GLOSTER:  Thank you very much.

17         THE COURT:  Put them in that order when you e-mail

18   them.

19         MR. CHIAPPETTA:  That's fine, Your Honor.

20         THE COURT:  Okay.

21         MR. CHIAPPETTA:  Thank you very much.

22         THE COURT:  Thank you.  And thank you for resolving

23   this the way you have.

24   (Whereupon these proceedings were concluded at 10:24 AM)

25

Page 13

| | | | | Page | Line |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | **I N D E X** | | | | |
| 3 | | | | | |
| 4 | RULINGS | | | | |
| 5 | | | | Page | Line |
| 6 | Motion filed by the Official Committee of | | | 11 | 20 |
| 7 | Eligible Salaried Retirees granted | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |

Page 14

1

2                            C E R T I F I C A T I O N

3

4       I, Sara Davis, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    *Sara Davis*    Digitally signed by Sara Davis
                     DN: cn=Sara Davis, o, ou,
                     email=digital1@veritext.com,
8    _____ c=US
                     Date: 2011.05.27 13:25:40 -04'00'

9    SARA DAVIS

10   AAERT Certified Electronic Transcriber (CET**D-567)

11

12   Veritext

13   200 Old Country Road

14   Suite 580

15   Mineola, NY 11501

16

17   Date:  April 27, 2011

18

19

20

21

22

23

24

25