SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
    In re                              :    Chapter 11
                                            :
DPH HOLDINGS CORP., et al.,                 :    Case No. 05-44481 (RDD)
                                            :
        Reorganized Debtors.       :    (Jointly Administered)
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, MARTINREA INTERNATIONAL, INC., AND DELPHI AUTOMOTIVE
SYSTEMS, LLC (I) COMPROMISING AND ALLOWING  PROOF OF
ADMINISTRATIVE EXPENSE CLAIM NUMBER 18722 AND
(II) DISALLOWING AND EXPUNGING PROOF OF
<u>ADMINISTRATIVE EXPENSE CLAIM NUMBER 19714</u>

(MARTINREA INTERNATIONAL, INC.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Martinrea International, Inc. (the "Claimant"), and Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Martinrea International, Inc., And Delphi Automotive Systems, LLC (I) Compromising And Allowing  Proof Of Administrative Expense Claim Number 18722 And (II) Disallowing And Expunging Proof Of Administrative Expense Claim Number 19714 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended, in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 14, 2009, the Claimant filed proof of administrative expense claim number 18722 ( "Claim 18722") against Delphi.  Claim 18722 asserts an administrative expense priority claim in the amount of $151,288.67 relating to goods sold by the Claimant to the Debtors.

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC, among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA) assumed certain administrative expense liabilities of the Debtors.

WHEREAS, pursuant to the MDA, New DAS LLC, as a subsidiary of Delphi Automotive LLP (as assignee of DIP Holdco 3 LLC), assumed certain administrative expense liabilities related to Claim 18722.

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, on November 4, 2009, the Claimant filed proof of administrative expense claim number 19714 ("Claim 19714," and together with Claim 18722, the "Claims") against Delphi. Claim 19714 asserts an administrative expense priority claim in the amount of $398,635.42 relating to goods sold by the Claimant to the Debtors.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB

3

Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 16, 2010, the Claimant filed the Response Of Martinrea International, Inc. To Debtors' Forty-Third Omnibus Objection To Claims (Docket No. 19430) (the "Response").

WHEREAS, to resolve (a) the Forty-Third Omnibus Claims Objection with respect to the Claims and (b) all other claims held by the Martinrea Releasing Parties (as defined below) against any of the Released Parties (as defined below), the Reorganized Debtors and the Claimant entered into this Stipulation, pursuant to which the Reorganized Debtors and the Claimant agreed that, among other things, (i) Claim 18722 should be allowed as an administrative claim in the amount of $3,600.00 against DPH-DAS LLC and (ii) Claim 19714 should be disallowed and expunged in its entirety.

NOW, THEREFORE, the Reorganized Debtors and the Claimant stipulate and agree as follows:

1. Claim 19714 is hereby disallowed and expunged in its entirety.

2. Claim 18722 shall be allowed in the amount of $3,600.00 and shall be treated as an allowed administrative claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

3. Satisfaction of Claim 18722 through the payment of $3,600.00 shall be the sole responsibility of New DAS LLC. The Reorganized Debtors shall have no responsibility with respect to the satisfaction of the Claim.

       4.       Notwithstanding anything to the contrary in the Modified Plan, within 45 days of the Court entering this Stipulation on the Court's docket, New DAS LLC shall pay $3,600.00 referenced above in paragraph 2. Such payment will be remitted by check payable to "Martinrea Industries, Inc." and will be mailed to the following address:

> Bishop Circle Assembly, a division of Martinrea Industries, Inc.
> Department 77259
> PO Box 77000
> Detroit, MI 48277-0259

       5.       The Response is hereby deemed withdrawn with prejudice.

       6.       Allowance of Claim 18722 in the amount of $3,600.00 is in full satisfaction of Claim 18722, and the Claimant, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "Martinrea Releasing Parties"), hereby waives and releases, against each of New DAS LLC, the Debtors, and the Reorganized Debtors, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents (collectively, the "Released Parties") any right regarding Claim 18722 and any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to Claim 18722. Each of the Martinrea Releasing Parties further waive and release, against each of the Released Parties, any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which the Martinrea

5

Releasing Parties have, ever had, or hereafter shall have against any of the Released Parties based upon, arising out of, related to, or by reason of any event, cause, thing, act, statement, or omission occurring before the Effective Date.

       7.      Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors, Debtors, or New DAS LLC with respect to any portion of Claim 18722.

       8.      This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 16th day of June, 2011

              /s/Robert D. Drain
              UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ John K. Lyons | /s/ David M. Eisenberg |
| John Wm. Butler, Jr. | David M. Eisenberg |
| John K. Lyons | ERMAN, TEICHER, MILLER, ZUCKER |
| Ron E. Meisler |   & FREEDMAN, P.C. |
| SKADDEN, ARPS, SLATE, MEAGHER | 400 Galleria Officentre, Suite 444 |
|   & FLOM LLP | Southfield, MI 48034 |
| 155 North Wacker Drive | |
| Chicago, Illinois  60606 | |
| | Attorney for Martinrea International, Inc. |
| - and - | - and - |
| Four Times Square | /s/ Karen J. Craft |
| New York, New York  10036 | Karen J. Craft |
| | Managing Restructuring Counsel |
| Attorneys for DPH Holdings Corp., et al., | Delphi Automotive Systems, LLC |
|   Reorganized Debtors | Legal Staff |
| | 5825 Delphi Drive |
| | M/C 480-410-268 |
| | Troy, Michigan  48098 |
| | |
| | Attorney for Delphi Automotive Systems, LLC |