SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
  Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| DPH HOLDINGS CORP., et al., | : | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : | (Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED DEBTORS, HIRSCHMANN CAR COMMUNICATIONS GMBH, AND DELPHI AUTOMOTIVE SYSTEMS, LLC COMPROMISING AND ALLOWING (I) PROOF OF CLAIM NUMBER 14313 AND (II) PROOF OF ADMINISTRATIVE EXPENSE CLAIM NUMBER 19133

(HIRSCHMANN CAR COMMUNICATIONS GMBH)

DPH Holdings Corp. and its affiliated reorganized debtors, including but not limited to DPH-DAS LLC, in the above-captioned cases (collectively, the "Reorganized Debtors"), Hirschmann Car Communications GmbH (the "Claimant"), and Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Hirschmann Car Communications GmbH, And Delphi Automotive Systems, LLC Compromising And Allowing (I) Proof Of Claim Number 14313 And (II) Proof Of Administrative Expense Claim Number 19133 (Hirschmann Car Communications GmbH) (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates including Delphi Automotive Systems LLC ("DAS LLC"), former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 31, 2006, the Claimant filed proof of claim number 14313 against DAS LLC, which asserts an unsecured, non-priority claim in the amount of $263,963.41 ("Claim 14313") for goods sold by the Claimant to the Debtors.

WHEREAS, on October 26, 2007, the Debtors objected to Claim 14313 pursuant to the Debtors' Twenty-Second Omnibus Objection Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Duplicate Or Amended Claims, (B) Equity Claims, (C) Insufficiently Documented Claims, (D) Claims Not Reflected On Debtors' Books And Records, (E) Untimely Claims, And (F) Claims Subject To Modification, Tax Claims Subject To

2

Modification, Modified Claims Asserting Reclamation, Claims Subject To Modification That Are Subject To Prior Orders, And Modified Claims Asserting Reclamation That Are Subject To Prior Orders ("Twenty-Second Omnibus Claims Objection") (Docket No. 10738).

WHEREAS, on November 26, 2007, the Claimant filed the Response Of Hirschmann Car Communications GmbH To Twenty Second Omnibus Objection Seeking To Disallow Certain Claims (Docket No. 11068) (the "First Response").

WHEREAS, on July 15, 2009, the Claimant filed proof of administrative expense claim number 19133 against the Debtors which asserts an administrative expense claim in the amount of $118,139.91 ("Claim 19133") on account of certain charges for goods shipped by the Claimant to the Debtors.

WHEREAS, pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC, among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA) assumed certain administrative expense liabilities of the Debtors.

WHEREAS, pursuant to the MDA, New DAS LLC, as a subsidiary of Delphi Automotive LLP (as assignee of DIP Holdco 3 LLC), assumed the administrative expense liabilities related to Claim 19133.

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the

consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to Claim 19133 pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 23, 2010, the Claimant filed the Response Of Hirschmann Car Communications GmbH To The Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19541) (the "Second Response").

WHEREAS, the Reorganized Debtors have represented that there are no pending actions against the Claimant, including but not limited to, actions the Debtors may have filed under seal, and there is no intent to commence an action against the Claimant and the Hirschmann Releasing Parties (as defined below) based on claims arising under chapter 5 of the Bankruptcy Code.  The Claimant and the Hirschmann Releasing Parties have relied on such representations in agreeing to the terms of this Stipulation.  Notwithstanding the above, New DAS LLC and its affiliates plan to defend the patent infringement suit filed by the Claimant in Germany (the "German Litigation"), including presenting counterclaims against the Claimant if that is determined by New DAS LLC and its affiliates to be the appropriate approach to addressing the German Litigation.

WHEREAS, to resolve (a) the Twenty-Second Omnibus Claims Objection with respect to Claim 14313, (b) the Forty-Third Omnibus Claims Objection with respect to Claim 19133, and (c) all other matters relating to Claim 14313 and Claim 19133 held by any of the Hirschmann Releasing Parties (as defined below) against any of the Released Parties (as defined below), the Reorganized Debtors, the Claimant, and New DAS LLC entered into this Stipulation, pursuant to which, among other things, the Reorganized Debtors, the Claimant, and New DAS LLC agreed that (i) Claim 14313 should be allowed as a general unsecured non-priority claim in the amount of $206,144.86 against DPH-DAS LLC and (ii) Claim 19133 should be allowed as an administrative claim in the amount of $118,139.91 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors, the Claimant, and New DAS LLC stipulate and agree as follows:

1. Claim 14313 shall be allowed in the amount of $206,144.86 and shall be treated as an allowed general unsecured non-priority claim against DPH-DAS LLC in

accordance with the terms of the Modified Plan.

      2.     Claim 19133 shall be allowed in the amount of $118,139.91 and shall be treated as an allowed administrative claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

      3.     New DAS LLC shall pay to the Claimant $118,139.91 referenced in paragraph 2 above on account of Claim 19133 within 30 days of entry of this Stipulation on the Court's docket. Satisfaction of Claim 19133 through the payment of $118,139.91 shall be the sole responsibility of New DAS LLC. The Reorganized Debtors shall have no responsibility with respect to satisfaction of Claim 19133.

      4.     In the event that New DAS LLC does not pay to the Claimant the $118,139.91 as contemplated in paragraph 3, the Claimant may seek to enforce this Stipulation against New DAS LLC in this Court.

      5.     The First Response and the Second Response are each hereby deemed withdrawn with prejudice.

      6.     Allowance of (a) Claim 14313 in the amount of $206,144.86 is in full satisfaction of Claim 14313 and (b) Claim 19133 in the amount of $118,139.91 is in full satisfaction of Claim 19133, and the Claimant, on its own behalf and on behalf of each of its predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former, current, and future officers, directors, owners, employees, and other agents (collectively, the "Hirschmann Releasing Parties"), hereby waives any and all rights to assert against each of the Debtors, the Reorganized Debtors, and New DAS LLC, and each of their respective predecessors, successors, assigns, parents, subsidiaries, and affiliated companies, and each of their former and current officers, directors, owners, employees, and any other agents

6

(collectively, the "Released Parties"), that (a) Claim 14313 is anything but a general unsecured non-priority claim against DPH-DAS LLC in the amount of $206,144.86 and (b) Claim 19133 is anything but an administrative claim against DPH-DAS LLC in the amount of $118,139.91.  The Hirschmann Releasing Parties further release and waive any right to assert any other claim, cause of action, demand, or liability of every kind and nature whatsoever, including those arising under contract, statute, or common law, whether or not known or suspected at this time, which relate to Claim 14313 or Claim 19133.  With the exception of the German Litigation discussed above, without conducting a special investigation, and based solely on actual knowledge, the Claimant is not aware of any other claim, cause of action, demand, or liability by the Claimant or any of its successors, assigns, parents, subsidiaries, and current affiliated companies, and each of their current and future officers, directors, owners, employees, and other agents against any of the Released Parties located in or doing business in North America.

7. The Claimant warrants that it has not sold, assigned, or otherwise transferred any claim or cause of action against any of the Debtors, Reorganized Debtors, or New DAS LLC to any other person or entity.

8. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 16th day of June, 2011

                                                  /s/Robert D. Drain
                                   UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

| /s/ John K. Lyons | /s/ Mark C. Haut |
|---|---|
| John Wm. Butler, Jr. | David A. Rosenzweig |
| John K. Lyons | Mark C. Haut |
| Ron E. Meisler | FULBRIGHT & JAWORSKI L.L.P. |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | 666 Fifth Avenue |
| 155 North Wacker Drive | New York, New York 10103 |
| Chicago, Illinois 60606 | Attorneys for Hirschmann Car Communications GmbH |
| - and – | |
| Four Times Square | /s/ Karen J. Craft |
| New York, New York 10036 | Karen J. Craft |
| | Managing Restructuring Counsel |
| Attorneys for DPH Holdings Corp., et al., Reorganized Debtors | Delphi Automotive Systems, LLC Legal Staff |
| | 5825 Delphi Drive |
| | M/C 480-410-268 |
| | Troy, Michigan 48098 |
| | Attorney for Delphi Automotive Systems, LLC |

8