CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Joel D. Applebaum
*pro hac vice admission*
Mahesh K. Nayak
*pro hac vice admission*
japplebaum@clarkhill.com
(248) 642-9692

Hearing Date: 06/21/11 at 10:00 a.m. (ET)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>Debtors.<br>_____/ | Chapter 11<br>Case No. 05-44481<br>(Jointly Administered)<br><br>Honorable Robert D. Drain |
| DELPHI CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>DOSHI PRETTL INTERNATIONAL and<br>DOSHI PRETTL INT.,<br><br>Defendants. | Adv. Pro. No. 07-02211 |

**DEFENDANT'S JOINDER IN SUR-REPLY OF THE TIMKEN COMPANY AND THE TIMKEN CORPORATION IN FURTHER OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

Doshi Prettl International, n/k/a Detroit Products International, LLC ("**DPI**" or "**Defendant**"), defendant in the above-captioned dismissed adversary proceeding (the "**Adversary Proceeding**"), concurs with and joins the *Sur-Reply of the Timken Company and the Timken Corporation in Further Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints* [Docket No. 21319] (the "**Sur-Reply**") and in further support states as follows:

7100946.1 30885/135676

<u>The Failure to Address Specific Arguments Regarding Rule 15 – Relation Back.</u>

1. Plaintiffs' Omnibus Brief[1] failed to address any of the specific arguments raised by Defendant with respect to the relation back argument. To assist the Court in assimilating the large volume of information presented by the defendants in each of the adversary proceedings, Defendant has attached a chart as Exhibit A hereto summarizing the objections specifically raised by Defendant and DPH Holdings' response thereto.

2. The Court should deny Plaintiffs' Motion for Leave to File Amended Complaints as a result of its complete failure to respond to the relation back argument.

<u>Conclusion</u>

3. For the reasons set for herein and in the Sur-Reply, Defendant requests that the Court deny the Plaintiffs' Motion for Leave to File Amended Complaints.

Respectfully submitted,

CLARK HILL PLC

*/s/ Joel D. Applebaum*
Joel D. Applebaum (*pro hac vice*)
Mahesh K. Nayak (*pro hac vice*)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 642-9692

Attorneys for Defendant

Dated: June 16, 2011

---

[1] Unless otherwise defined herein, all capitalized terms will have the meanings ascribed to them in the Sur-Reply.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2011, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I further certify that on the 16th day of June, 2011, a copy of the foregoing was sent via Federal Express overnight delivery on the following:

| | |
|---|---|
| DPH Holdings Corp.<br>Attn: John Brooks<br>5725 Delphi Drive<br>Troy, Michigan 48098 | Butzel Long<br>Attn: Donald Orlandoni<br>150 W. Jefferson Avenue<br>Suite 100<br>Detroit, Michigan 48226 |
| Butzel Long<br>Attn: Eric Fisher<br>380 Madison Avenue, 22nd Floor<br>New York, New York 10017 | Latham & Watkins<br>Attn: Mark A. Broude/Robert J. Rosenberg<br>885 Third Avenue<br>New York, New York 10022 |
| Warner Stevens, L.L.P.<br>Attn: Michael D. Warner<br>301 Commerce Street<br>Suite 1700<br>Fort Worth, Texas 76102 | Office of the U.S. Trustee<br>Attn: Brian Masumoto<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004 |
| Barnes & Thornburg LLP<br>Attn: D. Thome/K. Matsoukas<br>One N. Wacker Drive<br>Suite 4400<br>Chicago, IL 60606 | Delphi Automotive Systems LLP<br>Attn: S. Corcoran, K. Craft, D. Sherbin<br>5725 Delphi Drive<br>Troy, Michigan 48098 |
| Honigman Miller Schwartz and Cohn LLP<br>Attn: F. Gorman/R. Weiss<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3583 | Ruskin Moscou Faltischek PC<br>Attn: J. Wurst<br>1425 RXR Plaza<br>15th Floor<br>Uniondale, NY 11556 |
| Skadden Arps Slate Meagher & Flom LLP<br>Attn: Ron Meisler<br>155 N. Wacker Drive<br>Suite 2700<br>Chicago, IL 60606-1720 | Weil, Gotshal & Manges LLP<br>Attn: H. Miller/R. Lemons<br>767 Fifth Avenue<br>New York, NY 10153 |

*/s/ Joel D. Applebaum*
Joel D. Applebaum
Clark Hill PLC

I further certify that on the 16th day of June, 2011, a copy of the foregoing was sent via Federal Express overnight delivery upon the Honorable Robert D. Drain, U.S. Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140.

*/s/ Joel D. Applebaum*
Joel D. Applebaum
Clark Hill PLC

# EXHIBIT A

CASE NO.    07-02211

CAPTION:    **Delphi Corporation, et al. v. Doshi Prettl International**

| Global Issue | Objection Raised | DPH Holdings Response |
|---|---|---|
| **Twombly/Iqbal** | | |
| **Antecedent Debt** | | |
| • None alleged | No facts pled as to when alleged antecedent debt was incurred. | No specific response. Plaintiff alleges generally that the proposed Amended Complaint is sufficient to identify antecedent debt. |
| • None alleged for certain transfers | No antecedent debt information provided for two transfers dated 9/6/05 and 10/6/05 in the aggregate amount of $3,286,843.71. | No specific response. Plaintiff alleges generally that the proposed Amended Complaint is sufficient to identify antecedent debt. |
| • Debt not owed by Plaintiff | | |
| • Meaningless description | "D Numbers" do not relate to shipments or transactions, and identification of D Numbers only violates Dismissal Order and Fed. R. Bankr. P. 7008. | No specific response. Plaintiff alleges generally that the proposed Amended Complaint is sufficient to identify antecedent debt. |

1

| Global Issue | Objection Raised | DPH Holdings Response |
|---|---|---|
| • Other Issues | Defendant violated the Dismissal Order in failing to identify, for each transfer, (i) the identity of the transferor; (ii) the identity of the transferee, (iii) the identity of any known subsequent transferee, and (iv) the antecedent debt. | Plaintiff alleges the proposed Amended Complaint satisfies the Dismissal Order. |
| | Plaintiff's allegations that transfers are made "to or for the benefit" of a Defendant do not satisfy the specificity requirements of the Dismissal Order. | Plaintiff alleges the proposed Amended Complaint satisfies the Dismissal Order. |
| Not more than Chapter 7 | | |
| Insolvency | DAS fails to properly plead and cannot prove that DAS, the only Plaintiff named in the Proposed Amended Complaint, made transfers to Defendant when DAS was insolvent. DAS had $2.6 billion net equity at time of filing; during first 2 years of its bankruptcy the Debtors represented and | Plaintiff alleges the proposed Amended Complaint is sufficient. |

2

| Global Issue | | Objection Raised | DPH Holdings Response |
|---|---|---|---|
| | | did file and confirm a plan proposing to pay unsecured creditors in full for allowed claims. Had the proposed Amended Complaint been timely filed, it would have been dismissed on solvency grounds. | |
| Failure to plead that Plaintiff was obligor | | | |
| **Court Order Violation** | | | |
| Specific Allegation | Assumed Contract Cure | | |
| | Less than $250,000 | | |
| | Foreign Defendant | | |
| | Express Release | | |
| **Other Futility Arguments** | | Defendant asserted the defense of laches. Plaintiff's intentional and deliberate concealment of the existence of the Complaint prejudiced Defendant because of (i) changes in ownership and control; (ii) loss of institutional | No response on this issue. |

3

| Global Issue | | Objection Raised | DPH Holdings Response |
|---|---|---|---|
| | | knowledge; and, (iii) lack of notice of the Modified Plan and Disclosure Statement, or the Fourth Extension Motion. As a result of this prejudice, Defendant's ability to defend this action has been severely hampered. | |
| | Relationship Back for additional transfers raised in Amended Complaints | Alleged transfers in excess of $2 million corresponding to "transfer date" of 10/4/05, more than the transfer previously pled on that date. Relation back not appropriate because Defendant was not put on notice in the original complaint that additional transfers would be pursued at a later date. | No response on this issue. |
| | Alleged transfers were on account of claims that were released at time of prior order | | |

4

| Global Issue | Objection Raised | DPH Holdings Response |
|---|---|---|
| **Other Arguments** | Amendment to the Complaint would be futile because the Service Extension Orders must be set aside as the Defendant was deprived of Constitutional rights to due process. | No response on this issue. |
| Transfers were cash in advance | | |
| **Other** | | |

---

[1] Defendant has also filed the Motion and Brief of Defendant for Relief from Fourth Order Extending Time to Serve Complaint [Adv. Pro. Docket No. 31] requesting entry of an Order voiding the Fourth Extension Order because (a) such order was entered in error and (b) pursuant to Fed. R. Civ. P. 60(b)(1) Defendant should be excused from its failure to challenge entry of such order prior to its entry or to appeal timely the entry of such order. In response, the Reorganized Debtors filed Reorganized Debtors' Omnibus Response to Motions for Relief from Fourth Order Extending Time to Serve Complaint [Adv. Pro. Docket No. 39]. Reorganized Debtors' Omnibus Reply in Further Support of Motions for leave to File Amended Complaints does not address this issue.

5