<div align="right">HEARING DATE: JUNE 21, 2011
HEARING TIME: 10:00 A.M.</div>

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
425 Park Avenue
New York, New York 10022
Tel: (212) 754-9400
Fax: (212) 754-6262
Janice B. Grubin

and

TAFT STETTINUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Tel: (513) 381-2838
Fax: (513) 381-0205
W. Timothy Miller (admitted *pro hac vice*)
Paige Leigh Ellerman (admitted *pro hac vice*)

*Attorneys for Defendant Select Industries, Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DPH HOLDINGS CORP., *et al.*,<br><br>        Debtors, | Chapter 11<br>Case No. 05-44481 (RDD)<br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>        Plaintiff,<br>    v.<br><br>SELECT INDUSTRIES, CORP.,<br><br>        Defendant. | Adv. Pro. No. 07-02618 (RDD) |

**JOINDER OF DEFENDANT SELECT INDUSTRIES, CORP. IN SUR-REPLIES IN
SUPPORT OF OPPOSITION TO REORGANIZED DEBTORS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

12227081.1

1.	Select Industries, Corp., ("Select" or "Defendant"), by its undersigned attorneys, hereby submits this sur-reply and joinder in further support of its Opposition (the "Opposition")[1] [Debtors' Main Case Docket No. 20944 and Select Adv. Proc. Doc. No. 36] to Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend").  Select incorporates by reference the entirety of its Opposition as if restated herein, and joins with and incorporates all arguments raised by the other preference defendants in their sur-replies (collectively, the "Sur-replies").  Specifically, although not solely limited to this defense, Select joins the Sur-replies with respect to the "assumption" and "release" defense that was a focus of the Court's December 17, 2010 conference call.

2.	Select may be somewhat differently positioned than certain other defendants with respect to its "assumption" and "release" defense.  Select has not preserved most of the books and records and witness testimony critical and necessary to prove its defense due to Reorganized Debtors' undue delay in between the filing of the Complaint, serving the Complaint, and the filing of the Motion to Amend, resulting in significant prejudice to Select.

3.	Nevertheless, following the Court conference on December 17, 2011, Select committed significant time and expense to investigating and trying to determine which of the transfers that Reorganized Debtors seek to avoid and recover relate to purchase orders that were assumed and assigned in the main bankruptcy case.  Select's investigation to date has revealed that no less than $1 million of the alleged preferential transfers relate to Select purchase orders that were assumed and assigned by Reorganized Debtors, such that they cannot be avoided and recovered by Reorganized Debtors.  Select's subsequent inquires may reveal that significantly

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Opposition.

2

more of the alleged preferential transfers are also subject to an absolute "assumption" and "release" defense.

4.     On May 20, 2011, Select provided Reorganized Debtors with documents supporting its "assumption" and "release" defense, and Select awaits Reorganized Debtors' response, which it understands will include a list of all Select-Delphi purchase orders that were assumed and assigned in the main bankruptcy case.

5.     Reorganized Debtors have the burden of proof with respect to the Motion to Amend. *See Metzeler v. Bouchard Transportation Co., Inc.*, 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986) ("[o]n a motion for leave to serve an amended pleading, the movant has the burden of persuasion"). Reorganized Debtors have failed to comply with the Court's December 17, 2010 directive with respect to the "assumption" and "release" defenses asserted by a number of the preference defendants, which Select views as a continuing directive so as to include Select. As a result of this failure, and in addition to the other deficiencies with the Motion to Amend identified in its

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

12227081.1

Opposition and the Sur-replies, the Motion to Amend should be denied as it pertains to Select and the adversary proceeding commenced against Select should be dismissed, with prejudice.

Dated: New York, New York

June 16, 2011

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Janice B. Grubin
425 Park Avenue
New York, New York 10022
Tel: (212) 874-9400
Fax: (212) 754-6262

and

TAFT STETTINUS & HOLLISTER LLP

By: *:/s/ Paige Leigh Ellerman*___________________
W. Timothy Miller (admitted *pro hac vice*)
Paige Leigh Ellerman (admitted *pro hac vice*)
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Tel: (513) 381-2838
Fax: (513) 381-0205

*Attorneys for Defendant Select Industries, Corp.*