Lisa Pierce Reisz (admitted *pro hac vice*)  
Tiffany Strelow Cobb (admitted *pro hac vice*)  
**VORYS, SATER, SEYMOUR AND PEASE LLP**  
52 E. Gay Street / P.O. Box 1008  
Columbus, Ohio 43216-1008  
Telephone:  (614) 464-8322  
Facsimile:   (614) 719-4663  
E-mail:  tscobb@vorys.com  

Hearing Date:  6/21/11, at 10:00 am (ET)

*Attorneys for Carlisle Companies Incorporated*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | Case No. 05-44481 [RDD] |
| DPH Holdings Corp., et al. | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| _____ | : | |
| | : | |
| Delphi Automotive Systems, LLC, | : | Adv. Case No. 07-02291 [RDD] |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Carlisle Companies, Inc., | : | |
| | : | |
| Defendant. | : | |

**SUR-REPLY AND JOINDER OF CARLISLE COMPANIES INCORPORATED IN
SUPPORT OF OBJECTIONS TO REORGANIZED DEBTORS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

Carlisle Companies Incorporated ("Carlisle Companies"), by and through its undersigned counsel, submits this Sur-Reply and Joinder in further support of its Objection (the "Objection") to the Reorganized Debtors' Motion For Leave to File Amended Complaints (the "Motion").  On January 28, 2011, the Reorganized Debtors filed their Omnibus Reply in Further Support of Motions for Leave to File Amended Complaints (the "Reply"), to which this Sur-Reply responds as follows:

I.  **Nowhere in the Reorganized Debtors' Reply do the Reorganized Debtors' refute any of the substantive futility arguments raised and evidenced in the Carlisle Companies' Objection**

When determining whether to allow an amendment under Rule 15 of the Federal Rules of Civil Procedure, this Court's exercise of discretion appropriately depends upon a number of factors, including "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrections*. 214 F.3d 275, 283 (2nd Cir. 2000). In their Reply, Reorganized Debtors failed to address (in any fashion) the specific futility arguments detailed in Carlisle Companies' Objection. Consequently, this Court should exercise its discretion to deny the Motion.

Specifically, the following futility grounds set forth in the Carlisle Companies' Objection go unanswered in the Reorganized Debtors' Reply:

- **Two of Three Transfers[1] were Cash-in-Advance Transfers:** Two of the three transfers at issue in the *proposed* Amended Complaint were cash-in-advance payments that could never constitute payments on account of antecedent debt as required under Section 547(b)(2).

- **The Third of Three Transfers was Never Received by Carlisle Companies:** As for the third of the three transfers at issue in the *proposed* Amended Complaint, Carlisle Companies never received that transfer; so, Reorganized Debtors could never recover such transfer from Carlisle Companies under Section 550(a).

More specifically, both Transfers A and B were cash-in-advance payments, not payments on account of an antecedent debt. Unable to prove Transfer A and Transfer B were payments on account of an antecedent debt as required under 11 U.S.C. § 547(b)(2), Reorganized Debtors'

---

[1] In their proposed Amended Complaint, the Reorganized Debtors list the alleged transfers, which are identified herein as "Transfer A", "Transfer B" and "Transfer C" for ease of reference, as follows:

| Transfer A: | 9/2/2005 | $85,700.00 | *No information given* |
| Transfer B: | 9/26/2005 | $954,675.00 | ID# EW02AFC22675 |
| Transfer C: | 10/5/2005 | $3,049,066.88 | *No information given* |

preference claim would necessarily fail. In this regard, amendment would be futile. Reorganized Debtors do not contest (or even address) this futility ground in their Reply.

Further, as evidenced in Carlisle Companies Objection—and also un-refuted by Reorganized Debtors in their Reply—Carlisle Companies did not receive Transfer C. Of course, 11 U.S.C. § 550(a) provides that a transfer (or the value thereof) avoided pursuant to 11 U.S.C. § 547(b) may only be recovered from a transferee of the alleged transfer. Because Carlisle Companies never received Transfer C, Reorganized Debtors could never recover from Carlisle Companies, Transfer C or the value therof under 11 U.S.C. § 550. In this further regard, an amendment would be futile. Reorganized Debtors do not contest (or even mention) this futility ground in their Reply.

The futility to the proposed amendment is striking as it relates to the Carlisle Companies. Yet, Reorganized Debtors fail to say word one about them in their Reply. As noted in the Sur-Reply of The Timken Company and The Timken Corporation, when a party—such as the Reorganized Debtors here—fails to adequately address or respond to an opposing party's arguments, they are deemed to have waived or forfeited any subsequent objection to those arguments. *See, e.g., New York v. Minetta*, 262 F.3d 169, 181 (2d Cir. 2001); *Frangipane v. Down Corning Corp.*, 1998 U.S. Dist. LEXIS 3891, 12, 1998 WL 142354 (S.D.N.Y. March 27, 1998). Having failed to address Carlisle Companies' futility grounds, Reorganized Debtors have waived any ability to do so. The demonstrated futility of the proposed Amended Complaint can readily guide this Court in exercising its discretion to deny Reorganized Debtors' Motion to Amend.

3

**II.        The Proposed Amended Complaint is Deficient under Iqbal and Twombly**

Futility aside, the Motion should also be denied on the basis that the proposed Amended Complaint fails to satisfy the pleading standard set forth under Federal Rule of Civil Procedure 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Under *Iqbal* and *Twombly*, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Pleadings that are no more than conclusions are not entitled to the presumption of truth." *Id.* at 1950. In its Reply, Reorganized Debtors fail to address any of the specific pleading deficiencies under *Iqbal* and *Twombly* delineated by Carlisle Companies in their Objection. This alone warrants denial of their Motion.

While the Carlisle Companies' Objection sets forth the un-refuted deficiencies in more detail, by way of example, while Reorganized Debtors' Reply baldly assert that antecedent debt has been adequately pled as to all target defendants, they fail to provide *any* support for this assertion as it relates to the proposed Amended Complaint against Carlisle Companies. Reorganized Debtors' unsupported assertion is readily disproved by reviewing the proposed Amended Complaint and Exhibit against Carlisle Companies: Reorganized Debtors have not sufficiently pled that the Alleged Transfers to Carlisle Companies were for or on account of an antecedent debt. Indeed, the Amended Complaint **leaves blank the antecedent debt column** associated with two of the three transfers, i.e. Transfers A and Transfer C. Further, the Amended Complaint also fails to assert which Debtor owed the antecedent debts on account of which the Alleged Transfers were made. Neither the Amended Complaint nor its Exhibits contain

4

adequate information to put Carlisle Companies on notice of the antecedent debt upon which Reorganized Debtors base their claims.

### III.     Joinder With Other Sur-Replies

For the convenience of the Court, Carlisle Companies has respectfully limited this Sur-Reply to specific issues related to its objection to the Reorganized Debtor's Motion for Leave to File Its Amended Complaint. Carlisle Companies respectfully joins with and incorporates all arguments raised by the other preference defendants' sur-replies as if fully re-written herein.

### IV.     Conclusion

For the foregoing reasons, and for the reasons set forth in Carlisle Companies' Objection To Reorganized Debtors' Motion for Leave to File Amended Complaints, the Reorganized Debtors' motion for leave to file the Amended Complaints should be denied.

Dated: June 16, 2011                Respectfully submitted,

/s/ Tiffany Strelow Cobb
Lisa Pierce Reisz (admitted *pro hac vice*)
Tiffany Strelow Cobb (admitted *pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone:  (614) 464-8322
Facsimile:   (614) 719-4663
E-mail:  tscobb@vorys.com

Attorneys for Defendant
Carlisle Companies Incorporated