Douglas L. Lutz, Esq.  　　　　　　　　　　　　　　　　　Hearing Date:  06/21/11 at 10:00 a.m. (ET)
Lindsey F. Baker, Esq.
**FROST BROWN TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513-651-6800 Telephone
513-651-6981 Facsimile
dlutz@fbtlaw.com
lbaker@fbtlaw.com

Attorneys for Republic Engineered Products, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                   :   Chapter 11
                                                                            :   Case No. 05-44481 [RDD]
DPH HOLDINGS CORP, *et al*.,                              :
                                                                            :   Jointly Administered
　　　　　Reorganized Debtors.                         :
                                                                            :
---------------------------------------------------------x
DELPHI AUTOMOTIVE SYSTEMS, LLC,        :
                                                                            :
　　　　　Plaintiff,                                            :   Adv. Pro. No. 07-02744 [RDD]
                                                                            :
v.                                                                         :
                                                                            :
REPUBLIC ENGINEERED PRODUCTS,          :
                                                                            :
　　　　　Defendant.                                        :
---------------------------------------------------------x

# JOINDER OF DEFENDANT REPUBLIC ENGINEERED PRODUCTS, INC. IN VARIOUS SUR-REPLIES FILED BY SIMILARLY SITUATED DEFENDANTS

Republic Engineered Products, Inc. (the "Defendant") hereby concurs and joins in the following Sur-Replies, filed by similarly situated defendants: (i) Sur-Reply of Johnson Controls, Johnson Controls Battery Group, and Johnson Controls, Inc. in Further Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint, filed on June 13, 2011, Docket No. 21312 in Case No. 05-44481; (ii) Methode Electronics, Inc.'s Sur-Reply in Support of its Objection to

the Reorganized Debtors' Motion for Leave to File Amended Complaint, filed on June 14, 2011, Docket No. 21319 in Case No. 05-44481; (iii) Sur-Reply and Joinder of Defendant Victory Packaging LP in Further Support of its Opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints, filed on June 14, 2011, Docket No. 21326 in Case No. 05-44481; (iv) Sur-Reply of the Timken Company and the Timken Corporation in Further Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints, filed on June 14, 2011, Docket No. 21329 in Case No. 05-44481; (v) Ex-Cell-O Machine Tools Inc.'s Sur-Reply in Support of Response to Plaintiff's Motion for Leave to File a First Amended Complaint, filed on June 14, 2011, Docket No. 21321 in Case No. 05-44481; and (vi) all other sur-replies that have been or may be filed by similarly situated defendants (collectively, the "Sur-Replies").

On September 7, 2010, the Plaintiff filed the *Reorganized Debtors' Motion for Leave to File Amended Complaints* (the "Motion to Amend") (Docket No. 22). In response, on November 24, 2010, the Defendant filed *Republic Engineered Products' Objection to Reorganized Debtors' Motion for Leave to File Amended Complaints and Request for Entry of an Order Vacating Certain Prior Orders Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024* (the "Objection") (Docket No. 27). Finally, on January 28, 2011, the Plaintiff filed the *Reorganized Debtors' Omnibus Reply in Further Support of Motions for Leave to File Amended Complaints* (the "Reply") (Docket No. 29).

In the interest of judicial economy, the Defendant joins and adopts all relevant arguments asserted and authorities cited in the Sur-Replies as if fully stated herein. While the majority of the arguments made in the Sur-Replies are generally applicable to the Defendant, the Defendant sees it necessary to address two specific arguments herein.

2

First, the Sur-Replies address the fact that Plaintiff's counsel has failed to respond to certain of the defendants' arguments that their contracts and/or purchase orders were assumed in the bankruptcy. The Sur-Replies point out that on the December 17, 2010 conference call, this Court directed defendants who intended to assert a defense based upon assumption of a contract to inform counsel for the Plaintiff of that intent by the end of the following week. The Defendant was unaware in December that many of the transfers the Plaintiff seeks to avoid were made on account of assumed purchase orders. As a result, the Defendant did not make such an assertion to counsel for the Plaintiff at that time. As the Defendant previously set forth in the Affidavit of Joseph Kaczka filed in support of the Objection, the Defendant has undergone a major overhaul of its computer system since the time of the alleged transfers. *See Kaczka Affidavit,* Docket No. 27, Exhibit C, Case No. 07-02744. Consequently, the Defendant has had a very difficult time locating the documents necessary for its defense. The Defendant has now determined that certain of the alleged transfers were made on account of assumed purchase orders. Attached hereto and incorporated herein as Exhibit A is the *Notice of Cure Amount with Respect to Executory Contract to be Assumed or Assumed and Assigned Under Plan of Reorganization* (the "Notice of Cure Amount"), which is evidence of the assumed purchase orders. Accordingly, the Defendant joins in the Sur-Replies related to assumption and asserts that because certain of the transfers the Plaintiff seeks to avoid relate to purchase orders that have been assumed, the Plaintiff should be denied leave to amend its complaint.

Second, the Defendant emphatically echoes the assertion that this Court should deny the Plaintiff leave to amend its complaint under Rule 15 of the Federal Rules of Civil Procedure. In the Objection, the Defendant set forth the following facts:

> The Original Complaint sought to recover from Republic a total of twenty-six alleged transfers in the aggregate amount of $6,497,060.40. The Proposed

3

> Amended Complaint now seeks to recover from Republic a total of 240 alleged transfers in the aggregate amount of $18,493,008.37, an increase of nearly $12,000,000.

*See* Objection, ¶ 62. The Defendant asserted in the Objection that the proposed amended complaint, which seeks to recover additional transfers, does not relate back to the original complaint. Despite the direction of this Court, the Plaintiff has failed to respond to this argument or provide any justification for the $12,000,000 increased demand. This is an incredible increase that is certainly worthy of a response from the Plaintiff. For the reasons set forth in the Sur-Replies, the Plaintiff should be deemed to have waived its right to object to this argument, and its claims for increased amounts should be dismissed with prejudice.

WHEREFORE, for the reasons set forth herein and in the Sur-Replies, the Defendant respectfully requests that this Court enter an Order (i) sustaining this Objection; (ii) denying the relief sought by the Motion to Amend; (iii) to the extent necessary to afford complete relief, vacating, with respect to the Defendant, pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, certain orders of this Court, including the Preservation of Estate Claims Procedures Order dated August 16, 2007, the Extension Orders dated March 28, 2008, April 30, 2008, and October 22, 2009 respectively; and (iv) for such other and further relief as this Court may deem necessary and appropriate.

Pg 5 of 6

Dated:  June 17, 2011 Respectfully submitted,

*/s/ Douglas L. Lutz*

Douglas L. Lutz, Esq.
Lindsey F. Baker, Esq.
**FROST BROWN TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513-651-6800 Telephone
513-651-6981 Facsimile
dlutz@fbtlaw.com
lbaker@fbtlaw.com

Attorneys for Republic Engineered Products, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Joinder of Defendant Republic Engineered Products, Inc. in Various Sur-Replies Filed by Similarly Situated Defendants* was sent via regular United States mail, postage prepaid, and/or by ECF noticing, on June 17, 2011 to the parties listed below.

*/s/ Douglas L. Lutz*

### VIA REGULAR MAIL

Eric Fisher, Esq.
Dickstein Shapiro
1633 Broadway
32nd Floor
New York, NY 10019
*Counsel for Plaintiffs*

Togut, Segal & Segal LLP
One Penn Plaza
Suite 3335
New York, NY 10119
*Counsel for Plaintiffs*

DPH Holdings Corp.
Attn: John Brooks
5725 Delphi Drive
Troy, Michigan 48098

Latham & Watkins
Attn: Mark A. Broude/Robert J. Rosenberg
885 Third Avenue
New York, New York 10022

Cynthia J. Haffey, Esq.
Butzel Long
150 W. Jefferson Avenue
Sutie 100
Detroit, MI 48226
haffey@butzel.com
*Counsel for Plaintiffs*

Honorable Robert D. Drain, Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601

Office of the U.S. Trustee
Attn: Alicia M. Leonhard, Trace Hope Davis and Brian Masumoto
33 Whitehall Street, 21st Floor
New York, New York 10004

CINLibrary 0111388.0575869  2327249v1