**Hearing Date and Time: June 21, 2011 at 10:00 a.m.**

BRYAN CAVE LLP
Michelle McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (admitted pro hac vice)
Christopher J. Lawhorn (admitted pro hac vice)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11:
                                          :
DELPHI CORPORATION, *et al.*,             :    Case No. 05-44481 (RDD)
                                          :    Jointly Administered
-------------------------------------------------------------x
DELPHI CORPORATION, *et al.*,             :
                                          :    Adv. Pro. No. 07-02639 (RDD)
                  Plaintiffs,             :
                                          :
            -against-                     :
                                          :
SPARTECH POLYCOM                          :
                                          :
                  Defendant.              :
-------------------------------------------------------------x

**SPARTECH POLYCOM'S JOINDER AND SUR-REPLY
IN OPPOSITION TO REORGANIZED DEBTORS'
<u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS</u>**

3655785.3

Spartech Polycom ("Spartech"), by its undersigned attorneys, and in further support of its opposition to the Reorganized Debtors' motion for leave to file amended complaints (the "Motion to Amend") against various preference defendants (collectively, the "Defendants") respectfully states:

**Introduction**

1. This Reorganized Debtors' initial complaint in this adversary proceeding has been dismissed for almost a full year, and it has been nearly six months since the Court ordered the Reorganized Debtors to address certain defenses of the Defendants, including those relating to the assumption of contracts. Yet despite the Court's directive and Spartech's repeated attempts to reach out to the Reorganized Debtors regarding such issues, Spartech has received no response, and the Reorganized Debtors' proposed amended complaint against Spartech (the "PAC") remains facially deficient. As a result, the Motion to Amend should be denied.

A.  The Motion To Amend Should Be Denied Because The Reorganized Debtors Assumed Their Long Term Contract With Spartech.

2. Following dismissal of the Reorganized Debtors' complaint against Spartech in July 2010 and the filing of the Motion to Amend, Spartech provided the Reorganized Debtors with substantial information regarding the overarching Long Term Contract with Spartech that the Reorganized Debtors assumed under their plan of reorganization, eliminating any possibility of preference liability for Spartech. Counsel for Spartech subsequently discussed certain issues relating to the assumed Long Term Contract with counsel for the Reorganized Debtors in November 2010, but the Reorganized Debtors never explained their view of how the Long Term Contract was treated under the confirmed plan (if not assumed), nor what contracts with Spartech were, in fact, assumed. Spartech received no further information or explanations from the Reorganized Debtors regarding contract assumption or any other substantive issue after approximately November 19, 2010.

3. During the telephonic status conference held on December 17, 2010 (the "December Conference"), the Court instructed the Reorganized Debtors to respond to any Defendants that had raised the issue of contract assumption in connection with the Motion to Amend. Spartech is just such a Defendant, having outlined the contract-assumption issue in its <u>Brief in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints</u> [Docket No. 20924] (the "Opposition Brief").

4. After the December Conference, and having received no substantive communications from the Reorganized Debtors, Spartech's counsel repeatedly attempted to contact counsel for the Reorganized Debtors to discuss the status of the PAC and the assumption of the Long Term Contract, initiating a telephone call on January 14, 2011 and sending electronic mail messages on February 7, 2011, February 22, 2011, and March 23, 2011. Yet the Reorganized Debtors still have not responded to Spartech as the Court required.[1] Spartech can only conclude that the Reorganized Debtors simply cannot explain how the PAC could survive assumption of the Long Term Contract and Spartech's other defenses.

5. Given the Reorganized Debtors' complete failure to address the threshold contract-assumption issue, as the Court directed, the Motion to Amend should be denied. The <u>Sur-Reply and Joinder of Defendant Victory Packaging LP in Further Support of its Opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints</u> [Docket No. 21326] (the "Victory Sur-Reply") includes a substantial discussion explaining why the Reorganized Debtors' refusal to address contract assumption necessitates denial of the Motion to Amend.

---

[1] Late in the day on June 16, 2011, counsel for the Reorganized Debtors finally left a telephone message for counsel for Spartech requesting a time to discuss the issues Spartech raised with respect to the assumption of its agreement. Spartech's counsel subsequently reached out to counsel for the Reorganized Debtors to find a time to discuss such issues, but the parties have not yet had any substantive discussions. Why the Reorganized Debtors waited until three business days prior to the scheduled hearing to contact Spartech remains unclear.

3655785.3                                              3

The arguments, points, and authorities set forth in the Victory Sur-Reply apply equally to Spartech, and Spartech adopts and incorporates them herein.

B.  **The Motion To Amend Should Be Denied Because The Proposed Amended Complaint Fails To Allege Any Antecedent Debt That Spartech Owed.**

6. As explained in Spartech's previously filed Opposition Brief and in numerous pleadings of various other Defendants, the Reorganized Debtors' PAC fails to include even basic allegations regarding antecedent debts from Spartech to the Reorganized Debtors that would support a preference claim. The Reorganized Debtors apparently intended to address Court's instruction to describe the necessary antecedent debts by including a column of purported purchase order numbers, invoice numbers, or other numbers on an exhibit to the PAC, but that list does not even attempt to allege how or when any potential corresponding debts arose. Virtually all of the numbers are either meaningless or appear to reference blanket purchase order numbers that do not correspond with any particular shipment or date.

7. These minimal, vague, and meaningless references do not provide nearly the factual specificity required to support a preference claim. Without alleging an antecedent debt, the Reorganized Debtors' PAC alleges no preference claim at all. Given the facial deficiencies of the PAC, amendment would be futile, and denial of the Motion to Amend is appropriate.

8. Spartech's Opposition Brief addresses the PAC's failure of the antecedent debt requirement, and additional points and authorities supporting those arguments are set forth extensively in sur-replies filed by Methode Electronics, Inc. [Docket No. 21322] and Johnson Controls and its affiliates [Docket No. 21323]. To avoid redundancy and in the interest of judicial economy, Spartech adopts and incorporates herein the arguments, points, and authorities set forth therein, as applicable.

C. Spartech Adopts And Incorporates The Additional Arguments Raised By Similarly Situated Preference Defendants.

9. In the interest of judicial economy and to avoid the burden of repetitive arguments and briefs for the Court, Spartech will not repeat all of the various additional arguments asserted by similarly situated preference Defendants. Instead, Spartech incorporates such meritorious arguments asserted by other preference Defendants in opposition to the Reorganized Debtors' related motions to amend and reserves all rights to assert such arguments in support of its opposition to the Motion to Amend.

Dated: June 17, 2011                    Respectfully submitted,

/s/  Michelle McMahon
BRYAN CAVE LLP
Michelle McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (admitted pro hac vice)
Christopher J. Lawhorn (admitted pro hac vice)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

## **CERTIFICATE OF SERVICE**

I, Michelle McMahon, hereby certify that a copy of Defendant Spartech Polycom's Joinder and Sur-Reply in Opposition to Reorganized Debtors' Motion for Leave to file Amended Complaints was served on the following counsel on June 17, 2011 by electronic mail.

BUTZEL LONG
380 Madison Avenue, 22nd Floor
New York, New York 10017
Attention:    Eric B. Fisher (fishere@butzel.com)
              Barry N. Seidel (seidel@butzel.com)

BUTZEL LONG
Suite 100
150 West Jefferson Ave.
Detroit, Michigan  48226
Attention:    Cynthia J. Haffey (haffey@butzel.com)

/s/ Michelle McMahon