TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Neil Berger
Richard K. Milin
Telephone: (212) 594-5000
Facsimile: (212) 967-4258

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 05-44481 [RDD] |
| DPH HOLDINGS CORP., *et al*., | : | |
| Reorganized Debtors, | : | |
| DPH HOLDINGS CORP., *et al*., | : | |
| Plaintiffs, | : | Adv. Pro. No. 07-02348 [RDD] |
| v. | : | |
| JOHNSON CONTROLS, JOHNSON CONTROLS BATTERY GROUP, JOHNSON CONTROLS GMBH & CO. KG and JOHNSON CONTROLS INC., | : | |
| Defendants. | : | |
| DPH HOLDINGS CORP., *et al*., | : | |
| Plaintiffs, | : | Adv. Pro. No. 07-02337 [RDD] |
| v. | : | |
| EX CELL O MACHINE TOOLS INC., | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO SUR-REPLIES OF DEFENDANTS JOHNSON CONTROLS, *ET AL.* AND EX-CELL-O MACHINE TOOLS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

DPH Holdings Corporation and certain of its affiliated reorganized debtors (the "Reorganized Debtors") and Delphi Automotive Systems, LLC ("Plaintiff"), by its conflicts counsel, Togut, Segal & Segal LLP, respectfully submit this response to (i) the Sur-Reply of Johnson Controls, Johnson Controls Battery Group and Johnson Controls, Inc. [collectively, "Johnson"][1] in Further Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint (the "Johnson Sur-Reply") and (ii) the Ex-Cell-O Tools, Inc. ("Ex-Cell-O") Sur-Reply in Support of Response to Plaintiff's Motion for Leave to File a First Amended Complaint (the "Ex-Cell-O Sur-Reply," and with the Johnson Sur-Reply, the "Sur-Replies").

## ARGUMENT

On June 13 and 14, 2011, in coordination with a group of other preference defendants,[2] Johnson and Ex-Cell-O filed unauthorized Sur-Replies that add improper duplication and unnecessary complexity to the task before the Court. Moreover, they filed their Sur-Replies at the eleventh hour, based on no new facts, even though briefing on Plaintiff's motions to file First Amended Complaints (the "Motions") concluded *more than four months ago* on January 28, 2011. The Sur-Replies should be stricken and, at a minimum, their arguments should be rejected.

Johnson and Ex-Cell-O both fundamentally misconstrue this Court's directions to the parties at the Court's December 17, 2010 conference. Plaintiff recognizes that the Court advised Plaintiff to respond to each defendant's arguments. The Court did not rule, however, that Plaintiff must specifically address every specific point made by

---

[1] Plaintiff has reached an agreement in principle with Johnson to settle Adversary Proceeding No. 07-02348 (RDD). Plaintiff addresses Johnson's arguments to preserve its rights until the parties' agreement is consummated and because other defendants have joined in Johnson's arguments.

[2] *See* Johnson Sur-Reply at 8 (joining in other defendants' sur-replies); Ex-Cell-O Reply at 6 (same).

2

every specific defendant even when a principle of general application provides a sufficient response.

With respect to every argument the Sur-Replies make, Plaintiff's Omnibus Reply is in fact dispositive. For example, Johnson's core, repeated point is that Plaintiff's initial briefs purportedly did not address Johnson's arguments concerning whether Plaintiff sufficiently pled "antecedent debt." Yet the Omnibus Reply spends ten pages discussing the requirements for pleading "antecedent debt." (*See* Omnibus Reply ¶¶ 29-40.) Among other things, the Omnibus Reply provides case law to show that, "[e]ven under the strictest of post-Iqbal pleading standards, all that is required is that the plaintiff allege facts relating to the 'nature and amount of the antecedent debt' precipitating each transfer." (*Id.* ¶ 31.) That point alone – and it is supplemented by others – fully disposes of Johnson's arguments.

In addition, although Johnson repeatedly complains that it finds the payment numbers provided in the proposed First Amended Complaint to be "meaningless" (*see* Johnson Sur-Reply ¶¶ 2, 5, 7), it does not and cannot show that Plaintiff is required to plead more than those numbers provide. The numbers, whether or not they match the defendant's own records, establish that Plaintiff's preference claims are based on contemporaneous records and are therefore, at the least, ***plausible.*** As the Omnibus Reply shows, *Twombly* and *Iqbal* require no more. (*See* Omnibus Reply ¶¶ 15-19.)

Further, although both defendants' Sur-Replies argue that the defendants did not receive "fair notice" of the challenged transfers, that argument is disingenuous. The defendants do not deny that they received most of the payments at issue, or that they can investigate those payments by reviewing their own records. Moreover, ***the Sur-Replies ask the Court to dismiss Plaintiff's complaints as a whole, with prejudice, even though the moving defendants have already identified all or most of the transfers the***

3

*complaints allege from their own records*.  The Sur-Replies thus provide a compelling demonstration that the defendants' own legal argument cannot be correct – if the sufficiency of Plaintiff's complaint depends on a defendant's ability to locate certain records, then the Plaintiff must be able to test the defendant's assertions concerning those records in discovery.  Dismissing based on Rule 8 prior to discovery, therefore, cannot be appropriate.

Ex-Cell-O's additional arguments are similarly without merit.  Ex-Cell-O reports, correctly, that the Togut Firm's proposed amended complaints differ in some respects from the Butzel Long Firm's proposed amended complaints.  (Ex-Cell-O Sur-Reply at 3.)  Ex-Cell-O does not and cannot show, however, that the differences are material.  Indeed, Ex-Cell-O does not even attempt to do so.  Instead, it concludes that Plaintiff has somehow failed to comply with this Court's directive that Plaintiff address Ex-Cell-O's objections.  (*Id.* at 4.)  The dispositive arguments in the Omnibus Reply, which the Togut Firm joined, prove the contrary.

Ex-Cell-O's two further arguments also lack merit.  First, Ex-Cell-O correctly states that Plaintiff was required to plead additional facts concerning antecedent debt in drafting its First Amended Complaints.  However, Ex-Cell-O fails to address the fact that Plaintiff did so.  Plaintiff's proposed First Amended Complaint naming Ex-Cell-O contains a chart listing the amount of each transfer, bill of lading numbers, check dates, clearance dates and shipment dates.  This detailed information is more than sufficient to identify the preferential transfers the proposed First Amended Complaint alleges.

Finally, Ex-Cell-O argues that Plaintiff should be denied leave to replead.  Given that the law applying *Twombly* and *Iqbal* to preference complaints is still evolving, and that Plaintiff has undeniably made a good faith effort to meet this evolving standard, Ex-Cell-O's argument should be rejected.  In addition, Ex-Cell-O would suffer no

4

genuine prejudice if this Court were to determine that Plaintiff should be allowed to replead.  Accordingly, there are no grounds to deny Plaintiff leave to amend once more if necessary – and for the reasons stated above and in the Omnibus Reply, this Court should hold that it is *not* necessary.

Dated:   New York, New York
        June 17, 2011

                                      Respectfully submitted,

                                      DPH Holdings Corp., *et al.*
                                      By their conflicts counsel,
                                      TOGUT, SEGAL & SEGAL LLP
                                      By:

                                      /s/Neil Berger
                                      NEIL BERGER
                                      RICHARD K. MILIN
                                      JASON P. RUBIN
                                      One Penn Plaza
                                      New York, New York 10119
                                      (212) 594-5000