BUTZEL LONG, a professional corporation
Cynthia J. Haffey
150 W. Jefferson Ave., Suite 100
Detroit, Michigan 48226
Telephone: (313) 225-7000
haffey@butzel.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.,<br><br>　　　　　Reorganized Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

**REORGANIZED DEBTORS' RESPONSE TO SUR-REPLIES OF CERTAIN DEFENDANTS IN FURTHER OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

On June 17, 2011, the law firm of Togut, Segal & Segal LLP, as conflicts counsel on behalf of DPH Holdings Corporation and certain of its affiliated reorganized debtors (the "Reorganized Debtors"), in certain preference actions arising from the above-captioned case, filed a response (the "Togut Response") to the sur-replies filed by defendants Johnson Controls, et al. and Ex-Cello Machine Tools, Inc. in opposition to the Reorganized Debtors' respective motions for leave to file first amended complaints (together with all other motions for leave to amend in these preference actions, the "Motions to Amend").  This response is in opposition to several additional sur-replies, which are similar to those addressed in the Togut Response, but which certain other preference defendants filed in actions in which Butzel Long, a professional corporation, represents the Reorganized Debtors (collectively, the "B Sur-Replies").

Insofar as the Togut Response addresses arguments that are identical to those raised in the B Sur-Replies, the Reorganized Debtors incorporate the Togut Response herein. Further, as the B Sur-Replies substantially recycle arguments raised by Defendants in previous filings, the Reorganized Debtors rely on the facts and arguments set forth in their Motions to Amend, their omnibus reply in further support of those motions, and their omnibus response to the motions to vacate and/or dismiss filed by certain defendants. However, to the limited extent that the B Sur-Replies might raise arguments not addressed herein or in any of the Reorganized Debtors' aforementioned filings, the Reorganized Debtors reserve the right to address those arguments at the hearing on June 21, 2011.

In further response to the B Sur-Replies, the Reorganized Debtors state as follows:

1. The preference action against Defendant Republic Engineered Products, Inc. ("REP") (AP No. 07-02744) should not be dismissed at this time on the basis of assumption of contract. REP raised and submitted materials purporting to support that defense for the first time on June 17, 2011. As they have already done in several other cases, the Reorganized Debtors will investigate the assumed contract defense and dismiss all claims that they find subject to an assumed contract.

2. There is no merit to the conclusory assertion of The Timken Company and The Timken Corporation (collectively, "Timken") (Case No. 07-02688) that the Reorganized Debtors had to provide enough factual content in the proposed amended complaint to allow Timken to determine whether the alleged preference payments were made under an assumed contract. Timken may investigate that defense during discovery, and the defense is an improper basis for dismissal at this time.

3. Nor should any other preference actions be dismissed at this time on the basis of assumption of contract because, after diligent investigation, the Reorganized Debtors genuinely dispute all other such remaining defenses on the merits.

4. Defendant Methode Electronic, Inc.'s (Case No. 07-02432) reliance on *KHI Liquidation Trust v. Wisenbaker Builder Services, Inc.* (*In re Kimball Hill, Inc.*), No. 10A00842, 2011 WL 2182429 is misplaced. The Complaint in *Kimball Hill* failed to address the basis on which the plaintiff paid the defendant or the plaintiff's role in the transactions at issue. For example, in *Kimball Hill*, the Complaint alleged that other debtors – not the plaintiff – contracted with the defendants, and the attached chart showed that other debtors made the payments. Thus, the Court concluded that the allegations were insufficient to "plausibly suggest that the plaintiff incurred liability to … Defendants for work those Defendants performed" for other debtors. *Id.* at *12.

5. Conversely, here the attached exhibit to the PACs identifies Plaintiff as having made the payments at issue. In addition, Plaintiff alleges that it either entered into an agreement with a Defendant, **Exhibit 24** to the Motion to Amend in Case No. 05-44481, PAC against D&S Machine Products, Inc. (Adv. Pro. No. 07-02217), ¶ 13, or, in a small number of cases, another Reorganized Debtor contracted with a Defendant "with Plaintiff assuming or otherwise becoming obligated" for the Reorganized Debtor's "payment obligations thereunder." **Exhibit 121** to the Motion to Amend in Case No. 05-4481, PAC against Robert Bosch Corporation (Adv. Pro. No. 07-02800), ¶ 14. Clearly, Plaintiff's allegations here cross the plausibility threshold that it incurred liability to Defendants, and *Kimball Hill* is easily distinguishable.

6. The argument of Defendants Magnesium Electron Inc. and Magnesium Elektron Inc. (together, "Magnesium") (Case No.07-02758) that the Reorganized Debtors did not include

3

an Exhibit 1 to the proposed amended complaint filed in that action should be rejected as a basis for dismissal. That exhibit was included in the proposed amended complaint against Magnesium, which was an exhibit to the motion for leave to amend filed in the above-captioned case. *See* Ex. 2 at Docket No. 20578.

7. The non-pleading-based defenses raised by Defendant Carlisle Companies, Inc. ("Carlisle") (Case No. 07-02291) are not relevant to the issues set by the Court for hearing on June 21, 2011 (the "Hearing"), which will focus principally on the facial sufficiency of the Reorganized Debtors' proposed amended pleadings. Furthermore, the defenses asserted by Carlisle are fact-intensive and otherwise an improper basis for dismissal at this early stage of the litigation.

8. Defendants claiming that Reorganized Debtors failed to respond to relation back arguments are incorrect. On the contrary, the December 17, 2010 conference call established that case-specific notice issues would not be heard at the Hearing. Further, as the Reorganized Debtors explained in footnote 5 of their omnibus reply brief, relation back turns on the degree of notice and prejudice to a defendant. That being true, the Reorganized Debtors fail to see how the relation back issue can be adequately addressed at the Hearing. The issue should not be heard then.

9. The argument raised by Rotor Coaters International Inc. ("Rotor") (Case No. 07-02767) – that set-off is a proper basis for dismissal under 11 U.S.C. § 547(b)(5) at this early stage of the litigation – should be rejected. As set forth in their omnibus reply brief, the Reorganized Debtors have adequately alleged that element of their preference claims in all actions. Moreover, the set-off defense is beyond whether the Reorganized Debtors' proposed amended complaints are facially sufficient – the issue to be addressed the Hearing.

4

Dated:  Detroit, Michigan
        June 20, 2011

        Respectfully submitted,

        Butzel Long, a professional corporation


        By: /s/ Cynthia J. Haffey
            Cynthia J. Haffey
        150 West Jefferson Avenue, Suite 100
        Detroit, Michigan 48226
        (313) 225-7000

        Attorneys for DPH Holdings Corp, et al.,
        Reorganized Debtors