BUTZEL LONG, a professional corporation
Cynthia J. Haffey
Donald V. Orlandoni
150 W. Jefferson Ave., Suite 100
Detroit, Michigan 48226
Telephone: (313) 225-7000
haffey@butzel.com
orlandoni@butzel.com

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.,<br><br>    Reorganized Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br><br>(Jointly Administered) |

JOINT STIPULATION AND AGREED ORDER BETWEEN REORGANIZED
DEBTORS, CON-WAY FREIGHT, INC., AND DELPHI AUTOMOTIVE
SYSTEMS, LLC COMPROMISING AND ALLOWING PROOF OF
ADMINISTRATIVE EXPENSE CLAIM NUMBER 18556

(CON-WAY FREIGHT, INC.)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), Con-Way Freight, Inc. (the "Claimant"), and Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC) ("New DAS LLC") respectfully submit this Joint Stipulation And Agreed Order Between Reorganized Debtors, Con-Way Freight, Inc., And Delphi Automotive Systems, LLC Compromising And Allowing Proof Of Administrative Expense Claim Number 18556 (the "Stipulation") and agree and state as follows:

WHEREAS, on October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, including Delphi Automotive Systems LLC ("DAS LLC"), former

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

WHEREAS, on July 13, 2009, the Claimant filed proof of administrative expense claim number 18556 (the "Claim") against Delphi asserting an administrative expense priority claim in the amount of $101,602.55 arising from freight charges allegedly owed by the Debtors to the Claimant.

WHEREAS, Pursuant to the Master Disposition Agreement Among Delphi Corporation, GM Components Holdings, LLC, General Motors Company, Motors Liquidation Company (f/k/a General Motors Corporation), and DIP Holdco 3 LLC, among others, dated as of July 30, 2009 (the "MDA"), the Buyers (as defined in the MDA), including Delphi Automotive Systems, LLC (f/k/a New Delphi Automotive Systems 1, LLC), as assignee of DIP Holdco 3 LLC, assumed certain administrative expense liabilities of the Debtors.

WHEREAS, pursuant to the MDA, New DAS LLC, as a subsidiary of Delphi Automotive LLP (as assignee of DIP Holdco 3 LLC), assumed certain administrative expense liabilities related to the Claim.

WHEREAS, on October 6, 2009 (the "Effective Date"), the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors. In connection with the

consummation of the Modified Plan, Delphi and DAS LLC emerged from chapter 11 as DPH Holdings Corp. and DPH-DAS LLC, respectively.

WHEREAS, Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing, objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the Debtors and making distributions (if any) with respect to all Claims and Interests."

WHEREAS, on January 22, 2010, the Reorganized Debtors objected to the Claim pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (The "Forty-Third Omnibus Claims Objection").

WHEREAS, on February 17, 2010, the Claimant filed the Response Of Con-Way Freight Inc. To Debtors' Objection To Administrative Expense Claim Number 18556 (Docket No. 19446) (the "Response").

WHEREAS, to resolve (a) the Forty-Third Omnibus Claims Objection with respect to the Claim and (b) all other claims held by any of the Con-Way Freight Releasing Parties (as defined below) against any of the Released Parties (as defined below), the Reorganized Debtors, the Claimant, and New DAS LLC entered into this Stipulation, pursuant to which, among other

3

things, the Reorganized Debtors, the Claimant, and New DAS LLC agreed that the Claim should be allowed as an administrative claim in the amount of $3,819.77 against DPH-DAS LLC.

NOW, THEREFORE, the Reorganized Debtors, the Claimant, and New DAS LLC stipulate and agree as follows:

1. The Claim shall be allowed in the amount of $3,819.77 and shall be treated as an allowed administrative claim against DPH-DAS LLC in accordance with the terms of the Modified Plan.

2. Notwithstanding anything to the contrary in the Modified Plan, within 45 days of entry of this Stipulation on the Court's docket, New DAS LLC shall pay to the Claimant $3,819.77. Such payment will be remitted by check payable to "Con-Way Freight, Inc." and will be mailed to the following address:

>  Roderick J. Fracassi, Chief Counsel
>  Con-Way Freight, Inc.
>  2211 Old Earhart Road
>  Ann Arbor Township, Michigan, 48105

3. Allowance of the Claim in the amount of $3,819.77 is in full satisfaction of the Claim.

4. The Reorganized Debtors' objection to the Claim, and the Response, are hereby deemed withdrawn with prejudice.

5. Nothing herein shall be construed as an admission of liability on behalf of the Reorganized Debtors, Debtors or New DAS LLC with respect to any portion of the Claim.

6. This Court shall retain original and exclusive jurisdiction to adjudicate any disputes arising from or in connection with this Stipulation.

So Ordered in White Plains, New York, this 23rd day of June, 2011

                                            /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

AGREED TO AND APPROVED FOR ENTRY:

By: /s/Cynthia J. Haffey                    By: /s/David Edelberg
     Cynthia J. Haffey                           David Edelberg
     Donald V. Orlandoni                    Nowell Amoroso Klein Bierman PA
     Butzel Long, a professional corporation    155 Polifly Road
     150 W. Jefferson Ave., Suite 100          Hackensack, New Jersey 07601
     Detroit, Michigan 48226

Attorneys for DPH Holdings Corp., et al., Attorneys for Con-Way Freight, Inc.
Reorganized Debtors

By: /s/ Karen J. Craft
     Karen J. Craft
     Managing Resourcing Counsel
     Delphi Automotive Systems
     Legal Staff
     5825 Delphi Drive
     M/C 480-410-268
     Troy, MI 48098

Attorneys for Delphi Automotive Systems, LLC

**141814.0003 / #1286528 v1**