UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
    In re                                           :     Chapter 11
                                               :
DPH HOLDINGS CORP., et al.,          :     Case No. 05-44481 (RDD)
                                              :
              Reorganized Debtors.    :     (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOF OF ADMINISTRATIVE
<u>EXPENSE CLAIM NUMBER 19551 FILED BY PHILIP J. CARSON</u>

("CLAIMS OBJECTION ORDER REGARDING
PHILIP J. CARSON")

Upon the Reorganized Debtors' Thirty-Seventh Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To Expunge Certain (I) Prepetition Claims, (II) Equity Interests, (III) Books And Records Claims, (IV) Untimely Claims, (V) Paid Severance Claims, (VI) Pension, Benefit And OPEB Claims, And (VII) Duplicate Claims (Docket No. 18984) (the "Thirty-Seventh Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession (collectively, the "Debtors"), objected to proof of administrative expense claim number 19551 filed by Philip J. Carson (the "Claimant"); and upon the undocketed response to the Thirty-Seventh Omnibus Claims Objection (the "Response"); and upon the letter from Philip J. Carson docketed on August 2, 2010 (Docket No. 20494) (the "First Letter"); and upon the Reorganized Debtors' Supplemental Reply With Respect To Proof Of Administrative Expense Claim Number 19551

(Philip J. Carson) (Docket No. 21311) (the "Supplemental Reply"); and upon the letter from Philip J. Carson docketed on June 16, 2011 (Docket No. 21356) (the "Second Letter," and together with the Thirty-Seventh Omnibus Claims Objection, the Response, the First Letter, and the Supplemental Reply, the "Pleadings"); and upon the record of the June 23, 2011 hearing held on the Thirty-Seventh Omnibus Claims Objection to proof of administrative expense claim number 19551 and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

  A. Philip J. Carson, the holder of proof of administrative expense claim number 19551, was properly and timely served with copies of the Thirty-Seventh Omnibus Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"), the proposed order with respect to the Thirty-Seventh Omnibus Claims Objection and the notice of the deadline for responding to the Thirty-Seventh Omnibus Claims Objection.

  B. On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Thirty-Seventh Omnibus Claims Objection.

2

And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by this Court pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

   C.  On May 25, 2011, the Reorganized Debtors filed the Notice Of Sufficiency Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19551, 19950, And 19951 (Docket No. 21288) (the "Notice of Hearing").

   D.  The Claimant was properly and timely served with a copy of the Notice of Hearing.

   E.  The Claimant was properly and timely served with a copy of the Supplemental Reply.

   F.  This Court has jurisdiction over the contested matters set forth in the Pleadings pursuant to 28 U.S.C. §§ 157 and 1334. The Pleadings are core proceedings under 28 U.S.C. § 157(b)(2). Venue of these cases and the Pleadings in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   G.  For the reasons stated by this Court at the conclusion of the June 23, 2011 hearing, the Claimant's exclusive remedy is his Michigan workers' compensation claim; therefore, proof of administrative expense claim number 19551 should be disallowed and expunged, without prejudice, however, to the Claimant's rights, if any, to receive benefits on his Michigan workers' compensation claim through the workers' compensation claim process.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

3

        1.      Proof of administrative expense claim number 19551 is hereby disallowed and expunged without prejudice to the Claimant's rights, if any, to receive benefits on his Michigan workers' compensation claim through the workers' compensation claim process.

        2.      This Court shall retain original and exclusive jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Thirty-Seventh Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

        3.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       June 27, 2011

                      /s/Robert D. Drain
                      UNITED STATES BANKRUPTCY JUDGE