# CLARK HILL

Clark Hill PLC
151 S. Old Woodward
Suite 200
Birmingham, MI 48009
T 248.642.9692
F 248.642.2174

clarkhill.com

Mahesh K. Nayak
T 248.988.5868
F 248.988.2512
Email: mnayak@clarkhill.com

June 30, 2011

***BY ECF, FACSIMILE, AND FIRST CLASS MAIL***

Hon. Robert D. Drain
United States Bankruptcy Court
for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *In re DPH Holdings, Case No. 05-44481; Delphi Corporation v. Detroit Products Corporation f/k/a Doshi Prettl International, Adv. Proc. No. 07-02211*

Dear Judge Drain:

      At the hearing held on June 21, 2011, you instructed counsel to inform you by Thursday, June 30, 2011 regarding the schedule of transfers attached to each of the Debtor's proposed amended complaints, and whether the revised schedules to be prepared by Debtor eliminate "double counting" to obviate the relation back issue on these specific transfers. *See, June 21, 2011 transcript* at pp. 239-240, *et. seq.*

      The Debtor timely provided us with a revised transfer schedule (attached hereto as Exhibit 1) which addresses the double counting error. Nevertheless, the second revised schedule (like the original schedule attached to the complaint and the first revised schedule attached to the proposed amended complaint) continues to reflect blanks in the antecedent debt column for transfers dated September 6, 2005 and October 6, 2005 and, therefore, fails to comport with the Court's ruling made during the June 21st hearing. *See, June 21, 2011 transcript* at pp. 140-142 (attached as Exhibit 2). Accordingly, these transfers should be stricken from any future schedule should the Court grant, either in whole or in part, the Debtor's motion for leave to amend complaint.

      Pursuant to your instructions, while we raised this issue with Debtor's counsel, we do not anticipate resolving this issue within the time frame provided by the Court to make this report. We, therefore, request the Court to rule on this issue.

7118551.1 30885/135676

Hon. Robert D. Drain
June 30, 2011
Page 2

If you have any questions about this issue or require additional information, please do not hesitate to contact me.

Respectfully submitted,

CLARK HILL PLC

Mahesh K. Nayak

Enclosures/Exhibits

cc    Cynthia Haffey, Esq., Counsel for Plaintiff (via electronic mail and ECF)
      Preference Defense Counsel (via electronic mail and ECF)

# EXHIBIT 1

**AMENDED EXHIBIT 1 DETAIL**

Sum of Transfer Amounts

| Transfer Dates and Types | Antecedent Debt | Total | Total (Repeat) | Original $ | Difference | Credit | Reconciled Claim Total | Reconciliation Explanation |
|---|---|---|---|---|---|---|---|---|
| 8/2/2005 | D055011476 | $ 845,794.20 | $ 845,794.20 | | | | | |
| | D055011477 | $ 43,255.50 | $ 43,255.50 | | | | | |
| | D055011478 | $ 92,885.40 | $ 92,885.40 | | | | | |
| | D05501547 | $ 168,963.30 | $ 168,963.30 | | | | | |
| | D055015473 | $ 150,258.24 | $ 150,258.24 | | | | | |
| | D055024179 | $ 123,053.82 | $ 123,053.82 | | | | | |
| | D055024181 | $ 408,677.70 | $ 408,677.70 | | | | | |
| | D055025690 | $ 187,110.33 | $ 187,110.33 | | | | | |
| | D055054282 | $ 47,458.08 | $ 47,458.08 | | | | | |
| | D055054285 | $ 52,596.40 | $ 52,596.40 | | | | | |
| | D055054290 | $ 44,873.92 | $ 44,873.92 | | | | | |
| | D055065751 | $ 87.05 | $ 87.05 | | | | | |
| | D055065752 | $ 55,128.32 | $ 55,128.32 | | | | | |
| | D055065753 | $ 7,451.08 | $ 7,451.08 | | | | | |
| | D055072835 | $ 8,760.44 | $ 8,760.44 | | | | | |
| 8/2/2005 Total | | $ 2,236,353.78 | $ 2,236,353.78 | $ 2,234,910.78 | $1,443.00 | ($1,443.00) | $2,234,910.78 | See Note (A) |
| 8/29/2005 | D055065751 | $ 64.80 | $ 64.80 | | | | | |
| | D055065752 | $ 655.20 | $ 655.20 | | | | | |
| 8/29/2005 Total | | $ 720.00 | $ 720.00 | $720.00 | $0 | $0 | $720.00 | |
| 9/2/2005 | D055011476 | $ 371,715.00 | $ 371,715.00 | | | | | |
| | D055011477 | $ 14,447.10 | $ 14,447.10 | | | | | |
| | D055011478 | $ 54,815.78 | $ 54,815.78 | | | | | |
| | D055015472 | $ 83,123.82 | $ 83,123.82 | | | | | |
| | D055015473 | $ 65,876.58 | $ 65,876.58 | | | | | |
| | D055024179 | $ 75,863.52 | $ 75,863.52 | | | | | |
| | D055024181 | $ 231,038.24 | $ 231,038.24 | | | | | |
| | D055025690 | $ 88,565.40 | $ 88,565.40 | | | | | |
| | D055054282 | $ 44,821.52 | $ 44,821.52 | | | | | |
| | D055054285 | $ 86,861.81 | $ 86,861.81 | | | | | |
| | D055054290 | $ 117,208.00 | $ 117,208.00 | | | | | |
| | D055065752 | $ 91,576.96 | $ 91,576.96 | | | | | |
| | D055065753 | $ 19,159.92 | $ 19,159.92 | | | | | |
| | D055072835 | $ 51,197.40 | $ 51,197.40 | | | | | |
| 9/2/2005 Total | | $ 1,396,271.05 | $ 1,396,271.05 | $1,396,271.05 | $0 | | $1,396,271.05 | |

Doshi Prettl Reconciliation

| Transfer Dates and Types | Antecedent Debt | Total | Total (Repeat) | Original $ | Difference | Credit | Reconciled Claim Total | Reconciliation Explanation |
|---|---|---|---|---|---|---|---|---|
| 9/6/2005 | (blank) | $ 2,697,252.98 | $ 2,697,252.98 | $2,697,252.98 | | | | |
| 9/6/2005 Total | | $ 2,697,252.98 | $ 2,697,252.98 | | $0 | | $ 2,697,252.98 | |
| 9/19/2005 | D0550077663 | $ 6,591.40 | 6,591.40 | | | | | |
| | D0550077674 | $ 25,116.00 | 25,116.00 | | | | | |
| 9/19/2005 Total | | $ 31,707.40 | $ 31,707.40 | $ 31,707.40 | $0 | | $ 31,707.40 | |
| 9/20/2005 | D0550011476 | $ 89,211.60 | 89,211.60 | | | | | |
| | D0550015473 | $ 31,369.80 | 31,369.80 | | | | | |
| | D0550024181 | $ 84,181.88 | 84,181.88 | | | | | |
| | D0550025690 | $ 35,426.16 | 35,426.16 | | | | | |
| | D0550065752 | $ 25,616.64 | 25,616.64 | | | | | |
| 9/20/2005 Total | | $ 265,806.08 | $ 265,806.08 | $ 265,806.08 | $0 | | $ 265,806.08 | |
| 9/21/2005 | D0550011476 | $ 74,343.00 | 74,343.00 | | | | | |
| | D0550011477 | $ 5,778.84 | 5,778.84 | | | | | |
| | D0550011478 | $ 15,513.90 | 15,513.90 | | | | | |
| | D0550015472 | $ 30,786.60 | 30,786.60 | | | | | |
| | D0550015473 | $ 15,684.90 | 15,684.90 | | | | | |
| | D0550024179 | $ 15,804.90 | 15,804.90 | | | | | |
| | D0550024181 | $ 91,542.60 | 91,542.60 | | | | | |
| | D0550025690 | $ 29,521.80 | 29,521.80 | | | | | |
| | D0550077663 | $ 9,887.10 | 9,887.10 | | | | | |
| 9/21/2005 Total | | $ 288,863.64 | $ 288,863.64 | $ 288,863.64 | $0 | | $ 288,863.64 | |
| 9/22/2005 | D0550011476 | $ 74,343.00 | 74,343.00 | | | | | |
| | D0550011477 | $ 8,668.26 | 8,668.26 | | | | | |
| | D0550011478 | $ 21,719.46 | 21,719.46 | | | | | |
| | D0550024179 | $ 15,804.90 | 15,804.90 | | | | | |
| | D0550024181 | $ 38,651.32 | 38,651.32 | | | | | |
| | D0550077663 | $ 16,478.50 | 16,478.50 | | | | | |
| | D0550077674 | $ 28,129.92 | 28,129.92 | | | | | |
| | D0550077675 | $ 2,102.64 | 2,102.64 | | | | | |
| | D0550079109 | $ 48,222.72 | 48,222.72 | | | | | |
| 9/22/2005 Total | | $ 254,120.72 | $ 254,120.72 | $ 254,120.72 | $0 | | $ 254,120.72 | |
| 9/26/2005 | D0550011476 | $ 74,343.00 | 74,343.00 | | | | | |
| | D0550024181 | $ 34,419.66 | 34,419.66 | | | | | |
| | D0550065752 | $ 22,414.56 | 22,414.56 | | | | | |
| | D0550079107 | $ 2,102.64 | 2,102.64 | | | | | |
| | D0550079109 | $ 24,111.36 | 24,111.36 | | | | | |
| | D0550079117 | $ 6,591.40 | 6,591.40 | | | | | |
| 9/26/2005 Total | | $ 163,982.62 | $ 163,982.62 | $ 163,982.62 | $0 | | $ 163,982.62 | |

Doshi Prettl Reconciliation

| Transfer Dates and Types | Antecedent Debt | Total | Total (Repeat) | Original $ | Difference | Credit | Reconciled Claim Total | Reconciliation Explanation |
|---|---|---|---|---|---|---|---|---|
| 9/28/2005 | D0550011476 | $ 89,211.60 | $ 89,211.60 | | | | | |
| | D0550011477 | $ 5,778.84 | $ 5,778.84 | | | | | |
| | D0550011478 | $ 27,925.02 | $ 27,925.02 | | | | | |
| | D0550015472 | $ 30,786.60 | $ 30,786.60 | | | | | |
| | D0550024179 | $ 22,126.86 | $ 22,126.86 | | | | | |
| | D0550024181 | $ 45,771.30 | $ 45,771.30 | | | | | |
| | D0550025690 | $ 41,330.52 | $ 41,330.52 | | | | | |
| 9/28/2005 Total | | $ 262,930.74 | $ 262,930.74 | | $0 | | $ 262,930.74 | |
| 10/3/2005 | D0550011476 | $ 72,499.50 | $ 72,499.50 | | | | | |
| | D0550015473 | $ 28,345.68 | $ 28,345.68 | | | | | |
| | D0550024181 | $ 89,894.82 | $ 89,894.82 | | | | | |
| | D0550065752 | $ 38,424.96 | $ 38,424.96 | | | | | |
| 10/3/2005 Total | | $ 229,164.96 | $ 229,164.96 | $ 229,164.96 | $0 | | $ 229,164.96 | |
| 10/4/2005 | D0550011476 | $ 798,087.18 | $ 798,087.18 | | | | | |
| | D0550011477 | $ 43,393.74 | $ 43,393.74 | | | | | |
| | D0550011478 | $ 108,359.70 | $ 108,359.70 | | | | | |
| | D0550015472 | $ 221,663.52 | $ 221,663.52 | | | | | |
| | D0550015473 | $ 153,302.05 | $ 153,302.05 | | | | | |
| | D0550024179 | $ 151,727.04 | $ 151,727.04 | | | | | |
| | D0550024181 | $ 624,850.38 | $ 624,850.38 | | | | | |
| | D0550025690 | $ 183,035.16 | $ 183,035.16 | | | | | |
| | D0550054282 | $ 116,008.64 | $ 116,008.64 | | | | | |
| | D0550054285 | $ 138,959.69 | $ 138,959.69 | | | | | |
| | D0550054290 | $ 126,584.64 | $ 126,584.64 | | | | | |
| | D0550065751 | $ 6,470.16 | $ 6,470.16 | | | | | |
| | D0550065752 | $ 155,834.56 | $ 155,834.56 | | | | | |
| | D0550072835 | $ 95,633.28 | $ 95,633.28 | | | | | |
| | D0550077663 | $ 23,069.90 | $ 23,069.90 | | | | | |
| | D0550077675 | $ 1,401.76 | $ 1,401.76 | | | | | |
| | D0550079109 | $ 31,668.48 | $ 31,668.48 | | | | | |
| | D0550079117 | $ 12,823.60 | $ 12,823.60 | | | | | |
| 10/4/2005 Total | | $ 2,992,873.48 | $ 2,992,873.48 | $295,620.50 | $ 2,697,252.98 | ($2,697,252.98) | $295,620.50 | See Note (A) |
| 10/6/2005 | (blank) | $ 589,590.73 | $ 589,590.73 | | | | | |
| 10/6/2005 Total | | $ 589,590.73 | $ 589,590.73 | 589,590.73 | $0 | | 589,590.73 | |
| Grand Total | | $ 11,409,638.18 | $ 11,409,638.18 | $ 8,710,942.20 | $ 2,698,695.98 | $ (2,698,695.98) | $ 8,710,942.20 | |

*[Page contains a rotated table "Doshi Prett Reconciliation" with columns: Transfer Dates and Types | Antecedent Debt Total | Total (Repeat) | Original $ | Difference | Credit | Reconciled Claim Total | Reconciliation Explanation]*

Notes: Reconciled Claim is sum of "Reconciled Claim Total" Column
(A): For dates reflecting a "Credit," DAS recorded a credit in the amount indicated on that date. The credit was netted out of the preference amount in the Original Complaint, but not in the Amended Complaint. The credit detail is attached.

6/27/2011

4 of 4

Doshi Pretl Credits

| Adversary Proceeding No. | Transfer Dates | Transfer Recipient(s) | Transfer Amounts | Antecedent Debt | Antecedent Debt Type |
|---|---|---|---|---|---|
| 07-02211 | 10/4/2005 | DOSHI PRETL INTERNATIONAL | $ (2,697,252.98) | EW04ADM20050908626972 | INVOICE |
| 07-02211 | 8/2/2005 | DOSHI PRETL INTERNATIONAL | $ (1,443.00) | JM04ADM205918363 | INVOICE |

TOTAL CREDITS:    ($2,698,695.98)

# EXHIBIT 2

```
 1    mean, an essential element of 547(b) is, that that debt was

 2    antecedent.  If you cannot satisfy that -- if you cannot

 3    satisfy the antecedent element, you do not have a cognizable --

 4              THE COURT:  I understand, but again, the dates reflect

 5    antecedence -- E-N-C-E.  The ship date's before the check.

 6    That's -- for pleading purposes that's enough for me.

 7              MR. KOCHIS:  Okay.  Thank you, Your Honor.

 8              MS. HAFFEY:  Your Honor, I just have one last -- I

 9    guess to renew the argument.  While we believe -- even after

10    the blanks on the complaint -- that we have sufficiently pled

11    antecedent debt.  If this Court did not believe so, we would

12    ask the Court -- we have not had a motion to a leave, yet;

13    these are just proposed motions for leave -- we would ask the

14    Court's indulgence to give us a very short period of time --

15              THE COURT:  I'm going to cut you short on this because

16    I know people will want to respond to it.  We've only covered

17    one of several issues that have been raised, and I want to

18    consider whether there should be leave to make a motion to

19    amend, in light of the entire record.

20              MS. HAFFEY:  Okay.  I was just going to provide the

21    Court a cite, but I'll do that at some other time; thank you,

22    Your Honor.

23              THE COURT:  Yeah, that's fine.  Okay, all right.  So,

24    I think I've been clear that on its face, the forms of

25    complaint -- or the form complaint -- prepared by Butzel Long
```

1   is -- does not, in my view, satisfy Twombly and Iqbal and

2   HydroGen and similar cases, where neither the body of the

3   complaint nor the schedule attached to it, shows an actual

4   recorded entry, ostensibly as set forth in the complaint of a

5   payable being entered on the debtors' system.  And you need to

6   have that I believe, in light of the fact that the body of the

7   complaint itself really only refers to this payable system, and

8   obviously that means one looks to the schedule, and if you

9   don't see the entry, then I believe that you can't conclude

10  that there is in fact a payable based on the allegations in the

11  complaint.

12          As I said during oral argument, the fact that a

13  payment was made, and that's alleged in a different column,

14  could just as easily be a payment on account of COD or payment

15  in advance demand.  And by forcing the defendant into discovery

16  on that issue, the plaintiff would be leapfrogging the

17  requirement to show more than simply a conclusory pleading of

18  the law as opposed to pleading of facts entitled to the

19  assumption or presumption of evidence for purposes of delay.

20          Most of these complaints, I think -- well, I think

21  with the exception of DSSI and -- you know what, I've lost the

22  last one, the one that was blank and the --

23          MS. HAFFEY:  Magnesium Electronic --

24          THE COURT:  Yes, thank you.

25          MS. HAFFEY:  -- I think, Your Honor.

1    THE COURT:    -- list PO or invoice numbers and
2    letters -- although some of them have a blank entry or two,
3    sometimes for a lot of money, like Doshi has one for about
4    2,000,000 dollars, I think -- that's blank, and my ruling would
5    go for not only DSSI -- or wherever the column is missing or
6    empty -- but where there's specific transfers they're not
7    covered in the column.
8        Okay, so someone was going to cover then, the debtor,
9    as far as 547?
10    MR. KLEIN:    Good afternoon, Your Honor, Sheldon Klein
11    of Butzel Long, on behalf of the plaintiff.
12        It probably doesn't need to be said again, but just to
13    give us a starting point, 547(b)(2) does require that the
14    payment is on account of an antecedent debt owed by the debtor;
15    I will be addressing the element of owed by the debtor.  Now,
16    in all of these complaints, DAS brings the claim as the debtor
17    and the claims fall into two different groups; one, in which
18    DAS is identified both as the contracting entity and as the
19    transferor of the money, and other claims in which DAS is the
20    transferor but is only one of multiple contracting entities.
21    So DAS and an additional Delphi entity is identified as the
22    contracting entity; that is very much the minority of the
23    claims, most -- substantial majority of the claims, DAS is both
24    the transferor and the contracting entity, and on its face, I
25    don't know what else can be --