# CLARK HILL

Joel D. Applebaum
T 248.988.5883
F 248.988.2503
Email: japplebaum@clarkhill.com

Clark Hill PLC
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
T 248.642.9692
F 248.642.2174

clarkhill.com

July 5, 2011

**BY ECF, FEDERAL EXPRESS, AND ELECTRONIC MAIL**

Hon. Robert D. Drain
United States Bankruptcy Court
for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:   In re DPH Holdings, Case No. 05-44481; Delphi Corporation v. Detroit Products Corporation f/k/a Doshi Prettl International, Adv. Proc. No. 07-02211

Dear Judge Drain:

    By letter dated June 30, 2011, we informed you that, while the Debtor timely provided us with a revised transfer schedule which addressed the double counting error, the second revised schedule (like the original schedule attached to the complaint and the first revised schedule attached to the proposed amended complaint) continues to reflect blanks in the antecedent debt column for transfers dated September 6, 2005 and October 6, 2005 and, therefore, fails to comport with the Court's ruling made during the June 21st hearing. *See, Final June 21, 2011 transcript* at pp. 147-148, *et. seq.*. Accordingly, we argued that these transfers should be stricken from any future schedule should the Court grant, either in whole or in part, the Debtor's motion for leave to amend complaint.

    By letter dated July 1, 2011, Debtor's counsel responded to our June 30, 2011 letter arguing, among other things, that they were not required by the Court to provide information demonstrating antecedent debt. Nevertheless, the Debtor attaches as Exhibit 3 to their July 1, 2011 letter two documents which the Debtor claims "evidence that both the September 6, 2005 and October 6, 2005 transfers were made on account of antecedent debt." *July 1, 2011 letter*, p. 2. We believe that the Debtor's response is legally deficient and ignores the Court's directive. During the June 21, 2011 hearing, the Court repeatedly admonished that sufficient information about antecedence must be in the proposed amended complaint or proposed exhibit in order to satisfy the *Twombly/Iqbal* pleading standard, not in "to be provided" discovery material. As the Court held:

7118551.2 30885/135676

Hon. Robert D. Drain
July 5, 2011
Page 2

"... So, I think I've been clear that on its face, the forms of complaint – of the form of complaint – prepared by Butzel Long is – does not, in my view, satisfy *Twombly* and *Iqbal* and *HydroGen* and similar cases, where neither the body of the complaint nor the schedule attached to it, shows an actual recorded entry, ostensibly as set forth in the complaint of a payable being entered on the debtors' system. And you need to have that I believe, in light of the fact that the body of the complaint itself really only refers to this payable system, and obviously that means one looks to the schedule, and if you don't see the entry, then I believe that you can't conclude that there is in fact a payable based on the allegations in the complaint.

As I said during oral argument, the fact that a payment was made, and that's alleged in a different column, could just as easily be a payment on account of COD or payment in advance demand. And by forcing the defendant into discovery on that issue, the plaintiff would be leapfrogging the requirement to show more than simply a conclusory pleading of the law as opposed to pleading of facts entitled to the assumption or presumption of evidence for purposes of delay..." (*Final June 21, 2011 transcript*, pp. 147-148).[1]

Because defendant Doshi Prettl International (n/k/a Detroit Products Corporation) did not receive *by any means* notice of the Fourth Extension Motion, among other pertinent pleadings, this issue may ultimately become moot. Nevertheless, we continue to believe that the Court needs to rule on this issue in connection with any ruling on the Debtor's motion for leave to amend complaint.

---

[1] Even a cursory review of the two documents attached as Exhibit 3 to Debtor's July 1, 2011 letter prove the Court's point about forcing defendants into discovery and leapfrogging the requirement to show more than simply a conclusory pleading of the law. The first document, an August 31, 2005 Settlement Agreement, does not reference any specific transfers or tie in any way to the proposed amended complaint or proposed amended schedule of transfers. The second document, a Pre Petition Wire Analysis Review Form, as its name suggests, was prepared sometime after October 8, 2005 and before July 1, 2011 by some unknown person based upon undisclosed data.

CLARK HILL
7118551.2 30885/135676

Hon. Robert D. Drain
July 5, 2011
Page 3

      If you have any questions about this issue or require additional information, please do not hesitate to contact Mr. Nayak or me.

                          Respectfully submitted,

                          CLARK HILL PLC

                          Joel D. Applebaum

cc    Cynthia Haffey, Esq., Counsel for Plaintiff (via electronic mail and ECF)
       Preference Defense Counsel (via electronic mail and ECF)

CLARK HILL
**7118551.2** 30885/135676