HOWICK, WESTFALL, McBRYAN & KAPLAN, LLP
3101 TOWER CREEK PARKWAY
SUITE 600, ONE TOWER CREEK
ATLANTA, GEORGIA 30339
TELEPHONE:   (678) 384-7000
FACSIMILE:    (678) 384-7034
LOUIS G. MCBRYAN (LG 1352) (PRO HAC VICE)
ATTORNEYS FOR VANGUARD DISTRIBUTORS, INC.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

DELPHI CORPORATION, ET AL.

    DEBTORS.

---

DELPHI CORPORATION, ET AL.

    PLAINTIFFS,

-AGAINST-

VANGUARD DISTRIBUTORS, INC.,

    DEFENDANT.

CHAPTER 11

CASE NO. 05-44481 (RDD)

(JOINTLY ADMINISTERED)

ADVERSARY PROCEEDING NO.
07-02539

**NOTICE OF FILING DECLARATION OF SYLVESTER FORMEY IN SUPPORT OF VANGUARD DISTRIBUTORS, INC.'S OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

Vanguard Distributors, Inc. ("Vanguard") by its undersigned attorneys, in further support of its Opposition to Reorganized Debtors' Motion to File Amended Complaints (the "Motion to Amend") against various defendants (collectively, the "Defendants"), including Vanguard, respectfully states:

{File: 00051195.DOC / }

05-44481-rdd    Doc 21440    Filed 07/08/11    Entered 07/08/11 18:20:54    Main Document
Pg 2 of 10

*Add back ¶ 1*

1.

The Debtors filed a Certificate of Service in the jointly administered case on October 7, 2009 stating that they had caused the Motion to be served on my law firm (Docket No. 18967).

2.

Neither the Motion nor the Certificate of Service was filed in the instant adversary proceeding.

3.

The Court entered an Order Approving the Motion on October 22, 2009 (Docket No. 18999). In the Order, the Court directs the Debtors to file a copy of the Order in each of the Adversary Proceedings. The Order was not filed as directed, thus depriving Defendant of filing a timely Motion for Reconsideration of the Order.

4.

Even if the Debtors did serve the Motion as stated in the Certificate of Service, a footnote on page nine of the Motion states that "the Debtors will not retain any of the causes of action asserted in the Adversary Proceedings except those listed on Exhibit 7.19 to the Modified Plan…the extension will affect only those actions specifically retained pursuant to section 7.19 of the Modified Plan".

5.

On October 3, 2008 Debtors filed a *Motion For Order (I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization* (Docket No. 14310).

{File: 00051195.DOC / }

6.

In the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (AS MODIFIED) attached to the Motion, it was clear that Section 7.19 has no relation to retained causes of action. Section 7.24 of the Modified Plan states that "Causes of Action...shall not be retained by the Reorganized Debtors unless specifically listed on Exhibit 7.24 hereto". There are no exhibits are attached to the Modified Plan. Therefore, even if the Motion was properly served on Defendant's counsel, there was no notice of which causes of action were retained by the Debtors.

7.

The *First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession* filed by the Debtors on December 10, 2007 (Docket No.11386) has an Exhibit 7.24 entitled "Retained Actions" attached but there are no causes of action listed. The Exhibit simply states "To be filed on or before the Exhibit Filing Date". Defendant had no knowledge of the pending adversary proceeding at that time. Further, even though Defendant via counsel was served via ECF, no notice received would or did alert counsel as to what causes of action the Debtors were retaining since the pleadings were sealed.

8.

Following dismissal of their initial complaint in the matter against Vanguard, the Reorganized Debtors filed their Motion to Amend on or about September 7, 2010.

9.

Vanguard responded by filing its Brief in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints on or about November 24, 2010.

{File: 00051195.DOC / }

10.

The Reorganized Debtors filed their Omnibus Reply in Further Support of Motions for Leave to File Amended Complaints on or about January 28, 2011.

11.

Vanguard filed a Joinder and Sur-Reply in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints on or about June 17, 2011.

12.

Vanguard did not receive notice of the Fourth Extension Motion, the Certificate of Service or the Order in the Adversary Proceeding. Accordingly, Vanguard submits the <u>Declaration of Sylvester Formey in Support of Vanguard's Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints</u> attached hereto and incorporated herein by reference as Exhibit "A".

WHEREFORE, Vanguard requests that the Reorganized Debtors' Motion to Amend be denied on a final basis as to Vanguard.

Dated: Atlanta, Georgia
July 8, 2011

          Respectfully submitted,

          HOWICK, WESTFALL, McBRYAN & KAPLAN, LLP

          By: /s/ Louis G. McBryan
              Louis G. McBryan (LM 1352)
              (pro hac vice)
              3101 Tower Creek Parkway
              Suite 600, One Tower Creek
              Atlanta, Georgia 30339
              Telephone:   (678) 384-7000
              Facsimile:    (678) 384-7034
              Attorneys for Vanguard Distributors, Inc.

*Attorneys for Defendant*
*Vanguard Distributors, Inc.*

# *EXHIBIT "A"*

HOWICK, WESTFALL, McBRYAN & KAPLAN, LLP
3101 Tower Creek Parkway
Suite 600, One Tower Creek
Atlanta, Georgia 30339
Telephone:   (678) 384-7000
Facsimile:    (678) 384-7034
Louis G. McBryan (LG 1352) (pro hac vice)
Attorneys for Vanguard Distributors, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| DELPHI CORPORATION, et al. | Chapter 11 |
| Debtors. | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| DELPHI CORPORATION, *et al.* | Adversary Proceeding No. |
| Plaintiffs, | |
| -against- | |
| VANGUARD DISTRIBUTORS, INC., | |
| Defendant. | |

**DECLARATION OF SYLVESTER FORMEY IN SUPPORT OF VANGUARD**
**DISTRIBUTORS, INC.'S OPPOSITION TO REORGANIZED DEBTOR'S MOTION**
**FOR LEAVE TO FILE AMENDED COMPLAINTS**

SYLVESTER FORMEY declares as follows:

1.   I am Chief Executive Officer and principal of Defendant Vanguard Distributors, Inc. ("Vanguard"). I submit this Declaration in support of Vanguard's Opposition to Reorganized Debtor's Motion For Leave To File Amended Complaints.

{File: 00051193.DOCX / }

2.  Vanguard provided to Delphi, pursuant to contract, tools used in Delphi's Ohio and Mississippi plants.

3.  Vanguard received no notice and had no knowledge that the Debtors had sued Vanguard by filing the complaint (the "Complaint") in the above-captioned adversary proceeding in an attempt to recover $4,774.071.17 in alleged preferential transfers until at least April 2010. Further, Vanguard has no notice prior to April 2010 that on several occasions, the Debtor had sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable statute of limitations.

4.  The Debtors did not serve a copy of the Expedited Motion For Order Under 11 U.S.C. §§ 102(1(A), 105(a), 107, 108(a)(2), and 546(a) and Fed.R.Bankr.P. 7004, 9006(c), and 9018 (I) Authorizing Debtors To Enter Into Stipulations Tolling Statute of Limitations with Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548, Or 553 [Docket No. 8905] (the "First Extension Motion") on Vanguard in this Adversary Proceeding.

5.  The Debtors did not serve a copy of the Motion Pursuant To Fed.R.Bankr.P. 7004(a) And 9006(b)(1) And Fed.R.Civ.P. 4(m) To Extend Deadline to Serve Process For Avoidance Action Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 12922] (the "Second Extension Motion") on Vanguard in this Adversary Proceeding.

6.   The Debtors did not serve a copy of the Motion Pursuant to Fed.R.Bankr.P. 7004(a) And 9006(b)(1) And Fed.R.Civ.P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 13361] (the "Third Extension Motion") on Vanguard in this Adversary Proceeding.

7.   The Debtors did not serve a copy of the Supplemental Motion Pursuant to Fed.R.Bankr.P. 7004(a) And 9006(b)(1) And Fed.R.Civ.P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 189521] (the "Fourth Extension Motion") on Vanguard in this Adversary Proceeding.

8.   Vanguard has been prejudiced in its ability to defend against the allegations in the Complaint by the long delay in receiving notice and service of the Complaint and the Extension Motions. Among other things, Vanguard has lost the ability to identify, locate, and preserve its records that are relevant to the claims in the Complaint and to preserve information from Vanguard employees knowledgeable about Vanguard's relationship with the Debtors.

9.   Vanguard had no knowledge that Delphi would sue, or in fact did sue, Vanguard until it received the Complaint on April 5, 2010.

10. Vanguard was not served with any notice of any motions to extend service of, or in, this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   Savannah, Georgia
            July 8, 2011

_____
SYLVESTER FORMEY

Sworn to and subscribed to
before me this _8_ day of July, 2011.

_____
Notary Public
My commission expires: _1-27-13_.

DEBORAH WRIGHT
Notary Public, Chatham County, GA
My Commission Expires January 27, 2013

{File: 00051193.DOCX /}4