**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| DELPHI CORPORATION, et al., : | |
|            Debtors. : | |
| -------------------------------------------------------- : | Case No. 05-44481 (RDD) |
| DELPHI CORPORATION, et al., : | |
|            Plaintiffs, : | Adv. Proc. No. 07-02333 (RDD) |
| : | |
|    -against- : | |
| : | |
| : | |
| GLOBE MOTORS, INC. and GLOBE MOTORS, : | |
| : | |
|            Defendants. : | |
| -------------------------------------------------------- X | |

**SECOND DECLARATION OF THOMAS CARROLL IN SUPPORT**
**OF OBJECTION OF GLOBE MOTORS TO REORGANIZED**
**DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**
**AND IN SUPPORT OF MOTIONS TO DISMISS ADVERSARY PROCEEDINGS**

I, Thomas Carroll, declare and state:

1.      I am the Vice President-Secretary and General Counsel of Globe Motors, Inc. ("Globe").[1] This declaration (the "Declaration") is made in furtherance of the hearings held before this Court on June 21, 2011 (the "June 21 Hearing"). Upon information and belief, at the June 21 Hearing, the Court granted any defendant the ability to submit an affidavit or declaration in support of its position that it did not receive: (i) notice of the Original Complaint (as defined below) at or about the time it was filed and (ii) notice of the Debtors' fourth request to extend time to serve complaints and summonses. The Court provided defendants with three (3) weeks to submit such a declaration.

---

[1]   As Globe indicated in its answer to the Original Complaint, "Globe Motors" is not a distinct entity from "Globe Motors, Inc."

2. Except as otherwise set forth in this Declaration, I have personal knowledge of the matters set forth herein.

3. Upon information and belief, on or about September 30, 2007, the Debtors filed a complaint (the "Original Complaint") against Globe under seal. No summons or notice of the filing of the Original Complaint was provided to Globe.

4. The Original Complaint sought the return of allegedly preferential transfers from the Debtors to Globe totaling $456,551.96.

5. Upon information and belief, the Debtors filed four extension motions (the "Extension Motions") seeking to extend the time to serve each preference complaint and attendant summons. Upon information and belief, this Court is concerned about whether the defendants, including Globe, received notice of the fourth requested extension of time to serve the Original Complaint (the "Fourth Extension").

6. Globe did not receive any particularized notice of the Extension Motions, including the Fourth Extension, and, upon information and belief, Globe received no notice of them at all.[2]

7. To determine whether Globe received the Extension Motions, it reviewed the materials that it received related to the Delphi bankruptcy case and found that it had been served only with: (i) Ballot For Accepting Or Rejecting Joint Plan Of Reorganization; (ii) Letter From The Delphi Corporation Official Committee Of Equity Security Holders; (iii) Post Petition Interest Rate Determination Notice; (iv) Notice Of: Approval Of Disclosure Statement; Hearing On Confirmation Of Plan; Deadline And Procedures For Filing Objections To Confirmation Of

---

[2] Stevens & Lee, which now represents Globe, did receive the Extension Motions. It received the Extension Motions in its capacity as counsel to Tonolli Canada Ltd., VJ Technologies, Inc., VJ ElectroniX, Inc. and Wamco, Inc. Stevens & Lee was not retained by Globe until after the filing and service of the Extension Motions and was retained only after service of the Original Complaint which was received on or about December 22, 2009.

Plan; Deadline And Procedures For Temporary Allowance Of Certain Claims For Voting Purposes; Deadline For Asserting Cure Claims For Assumed Contracts; Treatment Of Certain Unliquidated, Contingent, Or Disputed Claims For Notice, Voting and Distribution Purposes; Record Date; Voting Deadline For Receipt Of Ballots; and Proposed Releases, Exculpation, and Injunction In Plan; (v) Claim Objection Procedures Order; (vi) a CD titled: First Amended Disclosure Statement With Respect To First Amended Plan Of Reorganization (collectively, the "Received Documents").  None of the Received Documents indicated that Globe might be sued to recover allegedly preferential transfers.  In fact, Globe believed just the opposite.  Section 7.24 of the plan, as modified, indicated that all preference actions were waived by the Debtor unless they were specifically set forth on Exhibit 7.24.  Globe was not identified on Exhibit 7.24.

8.     Absent effective, particularized notice, Globe had no way of knowing or discovering that the Extension Motions affected its rights because neither the Extension Motions nor Exhibit 7.24 of the plan (the exhibit by which the Debtors purported to preserve claims against adversary defendants) identified Globe as a named defendant.

9.     At no time prior to service of the Original Complaint upon Globe on or about December 22, 2009, was Globe aware of the existence of the Original Complaint or of the Extension Motions.  Globe understood that it needed to be served with all documents specifically affecting its rights and, thus, Globe had no reason to believe that its rights were being affected because it was not served with the Original Complaint or the Extension Motions.

10.    Further, Globe is prejudiced by the long delay in this case.  Discovery has not yet begun in this adversary proceeding.  Thus, the impact of the prejudice to Globe from the Debtors' actions taken in this adversary proceeding cannot be fully known.  But the Debtors' actions so far have given rise to significant, immediately recognizable prejudice to Globe (in

addition to other, as yet undiscovered prejudice). For example, the Regional Account Manager responsible for the Debtors' account, and who was the key interface related to the settlement agreement between the Debtors and Globe, retired in mid-2010 and passed away in late 2010. Additionally, the memories of remaining employees naturally have faded with the passage of so much time since the Original Complaint was filed under seal. Moreover, Globe may have difficulty obtaining documents internally and from its vendors that would assist in establishing its defenses (*e.g.*, industry standard). Such records would have been easily obtainable had the Original Complaint been timely served.

11. Finally, Globe did not reserve adequate funds to pay its defense costs or to satisfy any judgment that might be obtained against it because it was misled to believe that it would *not* be facing litigation regarding the amounts at issue in this adversary proceeding. On a related note, Globe did not disclose the existence of the Debtors' claims in its financial statements or incorporate those potential claims into its budgets and financial projections--again because the Debtors' claims were concealed from Globe.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July __8__, 2011.

**FURTHER AFFIANT SAYETH NOT.**

_____
THOMAS CARROLL