Shalom Jacob
Zachary D. Silbersher
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel:  (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney E. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 [RDD] |
| Reorganized Debtors. | (Jointly Administered) |

------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 07-02432 [RDD] |
| METHODE ELECTRONICS, INC. | |
| Defendant. | |

------------------------------------------------x

**METHODE ELECTRONICS, INC.'S OPPOSITION TO THE REORGANIZED
DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

Defendant Methode Electronics, Inc. ("Methode") submits this statement regarding its lack of notice of the Reorganized Debtors'[1] four extension motions.

At the July 22, 2010 hearing on the defendants' motions to dismiss the Reorganized Debtors' preference complaints, this Court instructed that if a defendant to one of the preference cases "didn't get notice, it's wide open and I should look at it as whether . . . it was appropriate to have entered those orders." (Transcript, July 22, 2010, p. 103). And at the June 21, 2011 hearing on the Reorganized Debtors' Motion for Leave to File Amended Complaints, this Court heard argument on the "Fourth Extension Challenges".

During that argument, the Court indicated that the Fourth Extension Order (as defined below) may potentially be vacated as a matter of law on the grounds that the Reorganized Debtors misrepresented compliance with the March 20, 2006 Supplemental Case Management Order with regard to the notice provided for the Fourth Extension Motion (as defined below). (Transcript, June 21, 2011, pp. 291-92, 295). To that end, this Court directed each defendant to serve the Reorganized Debtors with the facts regarding each defendants' notice of the Fourth Extension Motion by July 12, 2011. (Transcript, June 22, 2011, p. 320). (This statement sets forth facts regarding the insufficiency of notice of all four Extension Motions—including the fourth one.)

As explained in more detail below, the Reorganized Debtors misrepresented compliance with the Supplemental Case Management Order with regard to notice of each Extension Motion on Methode—including the Fourth Extension Motion. This Court's prior case management order required *particularized* notice—i.e., overnight mail—of motions filed in adversary

---

[1] Capitalized terms used herein but not defined shall have the same meaning given to them in the Motion.

1

proceedings to which Methode was a party.  This did not happen.  On this basis, all four Extension Orders—including the Fourth Extension Order—should be vacated as a matter of law, and leave to amend the Complaint against Methode should thus be denied.

In support of this statement, Methode submits the *Declaration of Timothy R. Glandon*, a copy of which is attached hereto as Exhibit A (hereinafter, the "Glandon Decl.").  The substance of the facts set forth herein, as well as those included in the attached Glandon Decl., were originally set forth in Methode's Objection to the Reorganized Debtors' Motion for Leave to File Amended Complaints, filed November 24, 2010 (Docket Nos. 20901 and 20903).

**A.  The Four Extension Motions**

During the above-captioned bankruptcy proceeding, the Reorganized Debtors filed four separate motions between 2007 and 2009 for an order extending the deadline to serve process in the above-captioned Adversary Proceeding.  These motions included:

- Preservation of Estate Claims Procedure Motion,[2] filed August 6, 2007 [Docket No. 8905] ("First Extension Motion");
- Extension of Avoidance Action Service Deadline Motion, filed February 28, 2008 [Docket No. 12922], (hereinafter referred to as the "Second Extension Motion");
- Postconfirmation Extension of Avoidance Action Service Deadline Motion, filed April 10, 2008 [Docket No. 13361] (hereinafter referred to as the "Third Extension Motion"); and
- Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, filed October 2, 2009 [Docket No. 18952] (hereinafter referred to as the "Fourth Extension Motion").

Collectively, these motions will be referred to as the "Extension Motions".

---

[2] For brevity's sake, the motions and orders are referred to by their abbreviated titles, as they appear on the cover page of each motion and order, respectively.

2

**B. The Four Extension Orders**

Each of the Extension Motions resulted in an order, which, for the most part, granted the relief requested. Those orders included:

- Preservation of Estate Claims Procedure Order, entered August 16, 2007 [Docket No. 9105] ("First Extension Order");
- Extension of Avoidance Action Service Deadline Order, entered March 28, 2008 [Docket No. 13277], (hereinafter referred to as the "Second Extension Order");
- Postconfirmation Extension of Avoidance Action Service Deadline Order, entered April 30, 2008 [Docket No. 13484], (hereinafter referred to as the "Third Extension Order");
- Postconfirmation Extension of Avoidance Action Service Deadline Order, entered October 22, 2009 [Docket No. 18999], (hereinafter referred to as the "Fourth Extension Order").

The foregoing orders will hereinafter be referred to collectively as the "Extension Orders".

**C. Methode's Notice of the Four Extension Motions and the Four Extension Orders**

The Affidavits of Service for each of the four Extension Motions reflect the following:

   i. The First Extension Motion was purportedly served on Methode via electronic notification and postage pre-paid U.S. mail.

   ii. The Second Extension Motion was purportedly served on Methode via electronic notification and postage pre-paid U.S. mail.

   iii. The Third Extension Motion was purportedly served on Methode via electronic notification and postage pre-paid U.S. mail.

   iv. The Fourth Extension Motion was purportedly served on Methode via electronic notification only.

The Affidavits of Service for each of the four Extension Orders reflect the following:

   i. The First Extension Order was purportedly served on Methode via electronic notification and postage pre-paid U.S. mail.

   ii. The Second Extension Order was purportedly served on Methode via electronic notification and facsimile.

      iii.    The Third Extension Order was purportedly served on Methode via postage pre-paid U.S. mail.

Affidavits of Service only appear on the docket for three of the Extension Orders. No Affidavit of Service appears on the docket for the Fourth Extension Order, which further evidences the Reorganized Debtors recalcitrance in providing proper notice of their extensions of the adversary proceedings.

**D. The Extension Motions Misrepresented Compliance With This Court's Supplemental Case Management Order**

    **1. The Supplemental Case Management Order Required Overnight Mail of the Extension Motions**

Each of the four Extension Motions state that notice of the motion was provided in accordance with the Court's earlier order that established notice procedures (the "Supplemental Case Management Order").[3]

---

[3] This order was titled: Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m) 9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 [Docket No. 2883].

In addition to the Supplemental Case Management Order, each of the four motions referenced an additional order pursuant to which notice of that respective motion was made. Specifically, the First Extension Motion referenced the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 1021(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9006, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 26, 2006 [Docket No. 5418], the Second Extension Motion and the Third Extension Motion referenced the Tenth Supplemental Order Under 11 U.S.C. §§ 1021(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9006, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 [Docket No. 12487], and the Fourth Extension Motion referenced the Fifteenth Supplemental Order Under 11 U.S.C. §§ 1021(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9006, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered August 27, 2009 [Docket No. 18839].

Each of these additional orders merely confirmed that the notice guidelines provided in the Supplemental Case Management Order remain in effect, and none of them add any substantive amendments to the Supplemental Case Management Order that are relevant to service of the motions upon Methode beyond what is provided in the Supplemental Case Management Order.

4

The Supplemental Case Management Order provides specific guidance on providing notice to parties with a particularized interest in the Filing. Specifically, the order states,

> [a]ll Filings shall be served (a) via overnight mail upon all parties with a particularized interest in the subject of the Filing . . . and (b) by electronic transmission or fax on each party who files a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

(Supplemental Case Management Order, ¶ 15, p. 8).

The Supplemental Case Management Order defines "Filings" to comprise "every notice, motion or application . . . and all briefs, memoranda, affidavits, declarations, or other documents filed concurrently therewith." (Supplemental Case Management Order, ¶ 2, p. 2). Accordingly, the term "Filings" includes motions. Therefore, because the Extension Motions were motions, then the notice guidelines for "Filings" under the Supplemental Case Management Order applied to service of the Extension Motions.

Methode is a named defendant in the above-captioned Adversary Proceeding, and therefore, under the Supplemental Case Management Order, Methode constitutes a "part[y] with a particularized interest." Thus, to provide notice of each of the Extension Motions in accordance with paragraph 15 of the Supplemental Case Management Order, as the Reorganized Debtors represented occurred, Delphi was required to serve Methode with each of the Extension Motions by overnight mail.

The Supplemental Case Management Order also provides specific guidance on providing notice of Adversary Pleadings, which includes Filings and initial pleadings filed in an adversary proceeding, such as this above-captioned Adversary Proceeding. Specifically, the order provides,

5

> [a]ll initial Filings, complaints, and other pleadings filed in any
> adversary proceeding commenced in these cases (the "Adversary
> Proceedings") shall be served by overnight mail, courier, or hand
> delivery on . . . . (f) any parties required to be served under any
> applicable Bankruptcy Rule or Local Rule.

(Supplemental Case Management Order, ¶ 19, p. 10).

Methode is a named defendant in the above-captioned Adversary Proceeding, and therefore, under the Supplemental Case Management Order, Delphi was required to serve Methode under applicable Bankruptcy Rules or Local Rules of all extensions of the deadline for the Reorganized Debtors to serve process of the complaint in this Adversary Proceeding. Thus, to provide notice of each the Extension Motions in accordance with paragraph 19 of the Supplemental Case Management Order, as the Reorganized Debtors had represented to the Court occurred, Delphi was required to serve Methode with each of the Extension Motions by overnight mail.

### 2. Methode Did Not Receive any of the Extension Motions by Overnight Mail

Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024, provides, in relevant part:

> On motion and just terms, the Court may relieve a party or its legal
> representative from a final judgment, order or proceeding for the
> following reasons: . . . (6) any other reason that justifies relief.

Methode was not served with any of the four Extension Motions by overnight mail. (Glandon Decl. ¶ 5). Further, the Affidavits of Service that are available for each of the four Extension Motions also clearly indicate that Methode was not served with any of the Extension Motions—including the Fourth Extension Motion—by overnight mail.

Accordingly, in each of the four Extension Motions, the Reorganized Debtors' represented that notice was given in accordance with the Supplemental Case Management Order. Yet, as demonstrated by both the Glandon Decl. and the Affidavits of Service for each Extension

6

Motion, this was a false representation. Consequently, the corresponding orders granting the extensions were based on false representations by the Reorganized Debtors of notice given to Methode. Those orders should thus be deemed invalid and vacated against Methode, and this Adversary Proceeding warrants dismissal.[4]

The lack of particularized notice was more than a technical aberration from the Supplemental Case Management Order—it directly misled the defendants to the non-existence of these actions. The Reorganized Debtors' failure to comply with the notice that creditors were entitled to receive under the Supplemental Case Management Order in the event they were sued for alleged preferences led creditors to believe that—absent particularlized notice—they were not going to be sued. Accordingly, the Reorganized Debtors' failure to provide particularlized notice in compliance with the Supplemental Case Management Order is more than a mere technicality. It is at the heart of what misled defendants and resulted in their due process deprivation.

In the last two Extensions Motions, including the Third Extension Motion and the Fourth Extension Motion, the Reorganized Debtors stated that "notice is not required by Fed. R. Bankr. P. 9006(b)(1)." (Third Extension Motion, ¶ 27; Fourth Extension Motion, ¶ 24). Yet, this is contradicted by the notice requirements established by the Supplemental Case Management Order. That order set forth express and specific notice procedures (overnight mail) for "Filings"—including all motions—upon parties with a particularized notice. To thus claim that notice of the Extension Motions was not required under Rule 9006(b)(1) flatly ignores this Court's order within the Supplemental Case Management Order.

---

[4] Given the lack of particularlized notice that Methode received of this Adversary Proceeding and the Extension Motions, as well as the number of years that have elapsed since the event relevant to Methode's lack of notice took place, Methode reserves the right to supplement this statement with any additional information that becomes available.

Nor can the Reorganized Debtors' claim that electronic (or ECF) notice of the Extension Motions was sufficient. The Delphi bankruptcy docket is, simply, enormous. Basing notice upon an ECF docket entry—of which there were at least several entries, each day, for years—where the statute of limitations has passed, would make a sham of the requirement to give notice. Indeed, this Court recognized this within its Supplemental Case Management Order by requiring that in addition to ECF notice, overnight mail is required upon parties with a particularized interest. For precisely this reason, ECF notice cannot have been sufficient.

Accordingly, in addition to *misrepresenting* that notice in compliance with Supplemental Case Management Order was given, the Reorganized Debtors *wrongly* stated that no notice was required.

### E. The Reorganized Debtors Did Not Comply With the Extension Orders

Three of the Extension Orders, including the Second Extension Order, the Third Extension Order and the Fourth Extension Order, each directed that, "The Debtors shall file a copy of this order in each of the Adversary Proceedings." (¶ 4 of each Extension Order, respectively). As reflected on the docket for this Adversary Proceeding against Methode, none of these three Extension Orders were specifically filed on the Adversary Proceeding's docket (07-02432). Accordingly, the Reorganized Debtors' did not comply with the notice requirements actually set forth in the Second Extension Order, the Third Extension Order, or the Fourth Extension Order themselves. On this ground alone, the orders should be vacated.

In addition, as reflected on this Adversary Proceeding's docket (07-02432), none of the four Extension Motions were specifically filed on the Adversary Proceeding's docket. On this ground alone, the orders should also be vacated.

**F. The Extension Orders Should Be Vacated Because
   They Improperly Granted Relief Inconsistent With The First Confirmed Plan**

The Extension Orders—including the Fourth Extension Order—should be vacated because, at the time they were entered, they granted the Reorganized Debtors relief with respect to this adversary proceeding against Methode, when the confirmed plan of reorganization at that time had expressly disclaimed retention of this action. Thus, because the orders violated the plan, they were invalid.

On December 7, 2007, the Reorganized Debtors filed their First Amended Joint Plan of Reorganization (Docket No. 11386) (the "Plan"). The Plan did *not* retain or preserve this avoidance action against Methode. On page 48, the Plan states:

> **7.24 Preservation Of Causes Of Action.** In accordance with section 1123(b)(3) of the Bankruptcy Code and except as otherwise provided in this Plan, the Reorganized Debtors shall retain and may (but are not required to) enforce all Retained Actions[5] and all other similar claims arising under applicable state laws, including, without limitation, fraudulent transfer claims, if any, and all other Causes of Action of a trustee and debtor-in-possession under the Bankruptcy Code. . . . ***Notwithstanding the foregoing, Causes of Action against Persons arising under section 544, 545, 547, 548, or 553 of the Bankruptcy Code or similar state laws shall not be retained by the Reorganized Debtors unless specifically listed on Exhibit 7.24 hereto***.

(Emphasis added). Exhibit 7.24 does not mention Methode, this Adversary Proceeding, or even Chapter 5 of the Bankruptcy Code.

---

[5] The definition of "Retained Actions" did not expressly cite to or refer to avoidance actions, preference claims or any relief available under Chapter 5 of the Bankruptcy Code. Page 20 of the Plan provides: "1.172 'Retained Actions' means all Claims, Causes of Action, rights of action, suits, and proceedings, whether in law or in equity, whether known or unknown, which any Debtor or any Debtor's Estate may hold against any Person, including, without limitation, Claims and Causes of Action brought prior to the Effective Date or identified in the Schedules, other than Claims explicitly released under this Plan or by Final Order of the Bankruptcy Court prior to the date hereof. A non-exclusive list of Retained Actions is attached hereto as Exhibit 7.24."

9

On December 7, 2007, the Reorganized Debtors also filed the Disclosure Statement (Docket No. 11388), which contained a similar provision on pages DS-200-01:

> Notwithstanding the foregoing, Causes of Action against Persons arising under section 544, 545, 547, 548, or 553 of the Bankruptcy Code or similar state laws will not be retained by the Reorganized Debtors unless specifically listed on Exhibit 7.24 to the Plan. . . .

The Disclosure Statement also informed creditors that the Reorganized Debtors expected a 100 percent plan that would reap no benefit from pursuing avoidance actions:

> Because of the Plan's treatment of unsecured creditors, the Debtors have determined that the affirmative pursuit of many if not all of these causes of action would not benefit their estates and creditors. As described in Section IX – Summary Of The Reorganization Plan above, the Plan will pay or satisfy all Allowed Claims in full through distributions of common stock. As a result, avoiding preferential transfers through causes of action under section 547 of the Bankruptcy Code or similar state laws would provide little or no benefit to the Debtors' Estates because any party returning such a transfer would be entitled to an unsecured claim for the same amount, to be paid or satisfied in full under the Plan. . . . As a result, under the Plan the Reorganized Debtors will not retain the Preference Claims except those specifically listed on Exhibit 7.24 to the Plan. In all other respects, the Reorganized Debtors will retain all rights, claims, and defenses, including as described immediately below.

(Disclosure Statement, pp. DS-200-01).

The Plan was confirmed on January 25, 2008 (Docket No. 12359). The first two Extension Motions were filed and ordered in August 2007 and February 2008, respectively— thus right around the time the Plan was confirmed and the Disclosure Statement was filed. These Extension Orders were thus invalid—they granted the Reorganized Debtors relief that was in plain violation of the confirmed Plan and applicable law, amounting to an extension of time to pursue an action that could <u>not</u> be brought under the terms of the confirmed Plan.

10

Dated: July 11, 2011
New York, New York

/s/ Zachary D. Silbersher
Shalom Jacob
Zachary D. Silbersher
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel: (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney Engelbrecht. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Dr.
Chicago, IL 60606
Tel: (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*

11

# EXHIBIT A