SMITH, GAMBRELL & RUSSELL, LLP
William M. Barron
250 Park Avenue, Suite 1900
New York, New York 10177
Tel: (212) 907-9700
Fax: (212) 907-9800
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.<br><br>Reorganized Debtors. | Chapter 11<br>Case. No. 05-44481 [RDD]<br><br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HERAEUS PRECIOUS METALS,<br><br>Defendant. | Adv. Pro. No. 07-02445 [RDD] |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HERAEUS METALS PROCESSING,<br><br>Defendant. | Adv. Pro. No. 07-02442 [RDD] |

### DECLARATIONS OF WILLIAM M. BARRON, FREDERICK J. SALEK, DAVID GALLAGHER and DIANE CARRILLO-MIRELES

SGR\8974572

Defendants Heraeus Precious Metals, LLC ("HPM") and Heraeus Metal Processing, LLC ("HMP") (collectively, the "Heraeus Defendants" or "Heraeus"), by their undersigned counsel, hereby submit the attached four declarations in response to the directions of the Court on June 21, 2011[1]:

1. Attached as Exhibit A is the Declaration of William M. Barron, dated July 7, 2011. Mr. Barron is counsel for the Heraeus Defendants in the two captioned adversary proceedings.

2. Attached as Exhibit B is the Declaration of Frederick J. Salek, dated July 7, 2011. Mr. Salek is Vice President and General Counsel of Heraeus Incorporated ("Heraeus"), the parent company of the Heraeus Defendants. As Mr. Salek states (in ¶6), before he received the complaints in the above-captioned adversary proceedings on March 22 or 23, 2010, he had no notice of any claim or complaint against any Heraeus entity by any Delphi entity

3. Attached as Exhibit C for the convenience of the Court is the earlier-filed Declaration of David Gallagher, Head of Compliance and Risk Management of HPM, dated November 22, 2010, heretofore filed with this Court on November 24, 2010 (Docket No. 20909 Attachment #1) (exhibits not included). As Mr. Gallagher states (in ¶12), until 2010, HPM had no notice that Delphi was suing HPM or had filed a complaint against HPM three years earlier.

4. Attached as Exhibit D for the convenience of the Court is the earlier-filed Declaration of Diane Carrillo-Mireles, VP of HMP, dated November 22, 2010, heretofore filed with this

---

[1] At the June 21, 2011 hearing on the Debtors' Motion for Leave to Amend Complaints, the Court directed all adversary proceeding defendants to submit affidavits advising the Court as to any notice received concerning the Debtors' *Supplemental Motion to Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order*, filed on October 2, 2009 (Docket No. 18952).

2

Court on November 24, 2010 (Docket No. 20909 Attachment #2) (exhibits not included). As Ms. Carrillo-Mireles states (in ¶8), until 2010, HMP had no notice that Delphi was suing HMP or had filed a complaint against HMP three years earlier.

Dated: July 7, 2011.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

By: /s/ William M. Barron
William M. Barron
David Webster Barron
250 Park Avenue
New York, New York 10177
(212) 907-9700
wbarron@sgrlaw.com

*Attorneys for Defendants*

3

# EXHIBIT A

# DECLARATION OF WILLIAM M. BARRON

SMITH, GAMBRELL & RUSSELL, LLP
William M. Barron
250 Park Avenue, Suite 1900
New York, New York  10177
Tel:  (212) 907-9700
Fax:  (212) 907-9800
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.<br><br>    Reorganized Debtors. | Chapter 11<br>Case. No. 05-44481 [RDD]<br><br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HERAEUS PRECIOUS METALS,<br><br>    Defendant. | Adv. Pro. No. 07-02445 [RDD] |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HERAEUS METALS PROCESSING,<br><br>    Defendant. | Adv. Pro. No. 07-02442 [RDD] |

## **DECLARATION OF WILLIAM M. BARRON**

WILLIAM M. BARRON declares as follows:

1. I am a member of the law firm of Smith, Gambrell & Russell, LLP, counsel for Defendants, Heraeus Precious Metals, LLC ("HPM") and Heraeus Metal Processing, LLC ("HMP") (collectively, the "Heraeus Defendants" or "Heraeus"), in the above-captioned adversary proceedings.

2. I have reviewed the Affidavit of Service by Darlene Calderon, dated October 7, 2009 (Docket No. 18967), wherein Ms. Calderon states that she served the Debtors' *Supplemental Motion to Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order*, filed on October 2, 2009 (Docket No. 18952) on various listed parties. Neither HPM nor HMP is mentioned in the Affidavit of Service.

3. In the "Heraeus Defendants' Response in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints", dated November 24, 2010 (Docket No. 20909), the Heraeus Defendants detailed at pp. 3-8 the record evidence showing that they received no notice of the Debtors' successive motions to extend the deadline to serve the complaints the Debtors filed under seal in 2007, and that neither HPM nor HMP received any notice that the Debtors had filed a complaint against either entity until on or about March 22, 2010. In their "Omnibus Reply" dated January 28, 2011, the Debtors presented no argument or evidence to contradict Heraeus's evidence.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 7, 2011

William M. Barron

# EXHIBIT B

# DECLARATION OF FREDERICK J. SALEK

SMITH, GAMBRELL & RUSSELL, LLP
William M. Barron
250 Park Avenue, Suite 1900
New York, New York 10177
Tel: (212) 907-9700
Fax: (212) 907-9800
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.<br><br>Reorganized Debtors. | Chapter 11<br>Case. No. 05-44481 [RDD]<br><br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HERAEUS PRECIOUS METALS,<br><br>Defendant. | Adv. Pro. No. 07-02445 [RDD] |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HERAEUS METALS PROCESSING,<br><br>Defendant. | Adv. Pro. No. 07-02442 [RDD] |

## DECLARATION OF FREDERICK J. SALEK

FREDERICK J. SALEK declares as follows:

1. I am Vice President and General Counsel of Heraeus Incorporated ("Heraeus"), which has its offices at 540 Madison Avenue, in New York City.

2. Heraeus is the parent company of Defendants Heraeus Precious Metals, LLC ("HPM") and Heraeus Metal Processing, LLC ("HMP").

3. I make this Declaration to be used as evidence in the above-captioned cases and adversary proceeding. The facts stated herein are true, based upon my own personal knowledge and knowledge of Heraeus' business records, as well as those of HPM and HMP.

4. I became General Counsel of Heraeus on July 1, 2007. Part of my responsibility as General Counsel is to be aware of any claim or court proceeding against any Heraeus entity in the United States. Any legal action known to be pending against any Heraeus business entity in the United States in the last four years would have immediately come to my attention.

5. I would certainly have been notified if HPM, HMP or any other Heraeus entity had been named in a lawsuit in the United States.

6. I first learned of the complaints in the above-captioned adversary proceedings on March 22 or 23, 2010. Before that date, I had no knowledge of any claim or complaint against any Heraeus entity by any Delphi entity.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 7, 2011

Frederick J. Salek

# EXHIBIT C

# DECLARATION OF DAVID GALLAGHER

SMITH, GAMBRELL & RUSSELL, LLP
William M. Barron
250 Park Avenue, Suite 1900
New York, New York 10177
Tel: (212) 907-9700
Fax: (212) 907-9800
*Attorneys for the Defendant*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.<br><br>        Reorganized Debtors. | Chapter 11<br>Case. No. 05-44481 [RDD]<br><br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HERAEUS PRECIOUS METALS,<br><br>        Defendant. | Adv. Pro. No. 07-02445 [RDD] |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HERAEUS METALS PROCESSING and<br>HERAEUS METALS PROCESSING, LTD.,<br><br>        Defendants. | Adv. Pro. No. 07-02442 [RDD] |

## DECLARATION OF DAVID GALLAGHER

DAVID GALLAGHER declares as follows:

    1.    I am the Head of Compliance and Risk Management of Heraeus Precious Metals,

LLC ("HPM"), which has its offices at 540 Madison Avenue, in New York City.

2. I make this Declaration to be used as evidence in the above-captioned cases and adversary proceeding, and the facts stated herein are, based on my own personal knowledge and knowledge of the business records of HPM, true.

3. HPM is a commodity seller of precious metals to industry users. For many years, including before and during 2005, HPM leased or sold metals of the platinum group to Delphi Automotive Systems, LLC ("Delphi") to meet its needs for automotive uses such as in catalytic converters.

5. I have examined the proposed First Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (including Exhibit 1 thereto) a copy of which is attached to Reorganized Debtors' Motion for Leave to File Amended Complaints [Docket No. 20575] and also to this Declaration as Exhibit A (the "Proposed Amended Complaint").

6. The information set out on Exhibit 1 to the Proposed Amended Complaint fails accurately or consistently to reflect actual transactions between HPM and Delphi and overstates payments made by Delphi to HPM by $19,584,480.42. Among other inaccuracies and inconsistencies:

A. Said Exhibit 1 lists more than a dozen payments which are duplicative and thus overstates payments to HPM by $6,946,929.42. I have noted these in the copy of said Exhibit 1 that is attached to this Declaration as Exhibit B.

B. In addition, said Exhibit 1 confuses payments *from* HPM *to* Delphi with payments *from* Delphi *to* HPM, thus overstating the payments made by Delphi to HPM by an additional $12,637,551. I have likewise noted these payments in Exhibit B attached hereto. There are 8 items which I identify as 'DD'. The first 4 of the 8 were HPM purchases and should have been negative numbers on Delphi's exhibits; that is, they were not items payable by Delphi to HPM, but items payable by HPM to Delphi. Delphi netted these 8 items and paid HPM $739,173 which was correct. Then they mistakenly duplicated that net number.

2

7. After taking into account the duplications and other errors in said <u>Exhibit 1</u>, the actual total of all payments HPM received from Delphi during the 90-day period before October 8, 2005, was $ 15,544,794.06.

8. Delphi and HPM intended that each of such payments be made in contemporaneous exchange for precious metal commodities delivered by HPM to Delphi.

9. Delphi in fact made each such payment in exchange for precious metal commodities delivered by HPM substantially contemporaneously with the payment, in most cases on or within two business days of the delivery and in no case later than seven business days after the delivery.

10. Delphi made each such payment in payment of a debt incurred for the purchase of precious metal commodities in the ordinary course of business of Delphi and HPM.

11. Each such payment was made in the ordinary course of business of Delphi and HPM and was made according to ordinary business terms, which were consistent with the course of dealing between HPM and Delphi, customary in our own business dealings in general, and customary in the industry of dealing in precious metals commodities.

12. Until I saw a copy of the original complaint filed in the above-captioned adversary proceeding earlier in 2010, HPM had no knowledge or even inkling that Delphi was suing HPM in this matter or had filed a complaint against HPM three years earlier regarding payments made by Delphi to HPM in 2005, although HPM continued to supply Delphi with precious metals after October 2005 and during its reorganization proceeding, and our lawyers were in contact with Delphi's lawyers for the following years regarding unrelated matters.

13. It is HPM's custom and practice, and has been HPM's custom and practice since before 2005, upon receiving notice of the commencement of a legal action against HPM, (i) to consult with its counsel and its auditors with respect to such action, (ii) to consider in consultation with its counsel and auditors the propriety and/or necessity of disclosing the action

3

to its bankers and others and of establishing a reserve for the liability, if any, to arise from such action, (iii) to preserve and archive email exchanges and other communications with the claimant or otherwise relating to such action.

14. Because Delphi kept secret the filing of the complaint in the above-captioned adversary proceeding against HPM for more than 2 1/2 years after filing it in 2007, HPM did not, prior to 2010, (i) consult with its counsel and its auditors with respect to such action, (ii) consider the propriety and/or necessity of disclosing the action to its bankers and others and of establishing a reserve for the liability, if any, to arise from such action, or (iii) archive and preserve email exchanges and other communications with Delphi or otherwise concerning its transactions in precious metals.

15. My investigation to date indicates the likelihood that a great deal of email exchanges with Delphi and otherwise concerning HPM's transactions in precious metals that may have been relevant to the above-captioned adversary proceeding has been lost or destroyed in accordance with HPM's standard deletion practices, placing HPM at a great disadvantage in its defense of said action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 12, 2010

David Gallagher

4

# EXHIBIT D

# DECLARATION OF DIANE CARRILLO-MIRELES

SMITH, GAMBRELL & RUSSELL, LLP
William M. Barron
250 Park Avenue, Suite 1900
New York, New York 10177
Tel: (212) 907-9700
Fax: (212) 907-9800
*Attorneys for the Defendant*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>DPH HOLDINGS CORP., et al.<br><br>Reorganized Debtors. | Chapter 11<br>Case. No. 05-44481 [RDD]<br><br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HERAEUS PRECIOUS METALS,<br><br>Defendant. | Adv. Pro. No. 07-02445 [RDD] |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HERAEUS METALS PROCESSING and HERAEUS METALS PROCESSING, LTD.,<br><br>Defendants. | Adv. Pro. No. 07-02442 [RDD] |

### DECLARATION OF DIANE CARRILLO-MIRELES

DIANE CARRILLO-MIRELES declares as follows:

1. I am the VP of Finance of Heraeus Metal Processing, LLC ("HMP"), which has its offices in Santa Fe Springs, California.

SGR\8578985.2

2. I make this Declaration to be used as evidence in the above-captioned cases and adversary proceeding, and the facts stated herein are, based on my own personal knowledge and knowledge of the business records of HMP, true.

3. HMP manufactures and sells precious metal compounds and chemicals. For many years, including before and during 2005, HMP sold chemicals and compounds to Delphi Automotive Systems, LLC ("Delphi").

4. I have examined the proposed First Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (including Exhibit 1 thereto) a copy of which is attached to Reorganized Debtors' Motion for Leave to File Amended Complaints [Docket No. 20575] and also to this Declaration as Exhibit A (the "Proposed Amended Complaint").

5. The Proposed Amended Complaint refers in paragraph 16 to "Heraeus Metal Processing Ltd. ("HMPL") as "an Ireland corporation" but incorrectly states that HMPL is located at the same address where HMP has been for years in Santa Fe Springs, CA. HMPL is located in Ireland, not in California. The listing of transfers attached to the Proposed Amended Complaint starts with 15 items as to which HMPL is listed as the "Transfer Recipient." I confirm that none of these 15 transfers was received by HMP.

6. As to each of the remaining payments listed, Delphi made each such payment in payment of a debt incurred for the purchase of chemicals and compounds in the ordinary course of business of Delphi and HMP.

7. Each such payment was made in the ordinary course of business of Delphi and HMP and was made according to ordinary business terms, which were consistent with the course of dealing between HMP and Delphi, customary in our own business dealings in general, and customary in the industry.

8. Until I saw a copy of the original complaint filed in the above-captioned adversary proceeding earlier in 2010, HMP had no knowledge or even inkling that Delphi was

2

suing HMP in this matter or had filed a complaint against HMP three years earlier regarding payments made by Delphi to HMP in 2005, although HMP continued to supply Delphi after October 2005 and during its reorganization proceeding, and our lawyers were in contact with Delphi's lawyers for the following years regarding unrelated matters.

9.  It is HMP's custom and practice, and has been HMP's custom and practice since before 2005, upon receiving notice of the commencement of a legal action against HMP, (i) to consult with its counsel and its auditors with respect to such action, and (ii) to consider in consultation with its counsel and auditors the propriety and/or necessity of disclosing the action to its bankers and others and of establishing a reserve for the liability, if any, to arise from such action.

10. Because Delphi kept secret the filing of the complaint in the above-captioned adversary proceeding against HMP for more than 2 1/2 years after filing it in 2007, HMP did not, prior to 2010, (i) consult with its counsel and its auditors with respect to such action, or (ii) consider the propriety and/or necessity of disclosing the action to its bankers and others and of establishing a reserve for the liability, if any, to arise from such action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Santa Fe Springs, CA
       November 22, 2010

_____
Diane Carrillo-Mireles

3