**HODGSON RUSS LLP**
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040
Tel:  716-856-4000
Fax:  716-849-0349
James C. Thoman, Esq.
jthoman@hodgsonruss.com

*Attorneys for Unifrax I LLC f/k/a Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                     :   Chapter 11
                                                           :   Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                                :   Jointly Administered
                                                           :
                    Debtors.                               :
                                                           :
------------------------------------------------------------x
                                                           :
DELPHI CORPORATION, et al.,                                :   Adv. Pro. No. 07-02270 (RDD)
                                                           :
                    Plaintiffs,                            :
                                                           :
         - against -                                       :
                                                           :
BP, BP AMOCO CORP, BP MICROSYSTEMS                         :
INC., BP PRODUCTS NORTH AMERICA,                           :
CASTROL, CASTROL INDUSTRIAL                                :
AND UNIFRAX CORP.                                          :
                                                           :
                    Defendants.                            :
------------------------------------------------------------x

**DECLARATION IN SUPPORT OF OBJECTION TO DEBTORS'
MOTION FOR LEAVE TO AMEND**

I, David J. Bartley, declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

1. I am the Director of Financial Compliance for Unifrax I, LLC f/k/a Unifrax Corporation ("Unifrax"), one of the Defendants in the above captioned adversary proceeding ("Adversary Proceeding"). I make this declaration ("Declaration") in support of the Objection by Unifrax to the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion").

2. On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief. On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

3. Prior to the commencement of the Debtors' cases, Unifrax provided catalytic converter materials to Delphi pursuant to certain sole source supplier contracts.

4. By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[1]

5. Unifrax was not provided with notice of the Preservation of Estate Claims Procedures Motion.[2]

6. On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550

---

[1] Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[2] Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

7. The proposed amended Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the amount of $775,951.09 made to Unifrax and six other defendants - BP, BP Amoco Corp., BP Microsystems Inc., BP Products North America, Castrol, and Castrol Industrial ("Other Defendants") are also listed in the proposed amended Complaint.

8. There has been no business relationship with the Other Defendants, except for BP Products North America which held a minor preferred stock interest in Unifrax from 1996 to 2003. There was at no time any material business transactions between Unifrax and BP Products North America. At the time of the Petition Date in these bankruptcy cases, Unifrax and the Other Defendants were -- and continue to be -- completely separate corporate entities which do not share any operations. It is unknown why the Debtors have initiated one combined cause of action against Unifrax and the Other Defendants.

9. By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[3]

---

[3] Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.

10.     Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[4]

11.     By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>third</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[5]

12.     Unifrax was <u>not</u> provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[6]

13.     By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>fourth</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.[7]

14.     Unifrax was <u>not</u> provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.[8]

---

[4]  Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.

[5]  Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference, at ¶ 19.

[6]  Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.

[7]  Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.

[8]  Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

15. Unifrax was served with the Complaint on or about March 12, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

16. Upon information and belief, although Unifrax received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Unifrax was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

Dated: July 11, 2011

_____
David J. Bartley