UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                             Chapter 11

DELPHI CORPORATION, *et al.*,                                      Case No. 05-44481 (RDD)

                 Debtors.
-----------------------------------------------------------------X
DELPHI CORPORATION *et al.*,

                 Plaintiff,                          Adv. Pro. 07-02597 (RDD)

   -against-

WELLS FARGO BUSINESS AND WELLS
FARGO MINNESOTA,

                 Defendants.
-----------------------------------------------------------------X

### SUPPLEMENTAL OPPOSITION TO DEBTORS' MOTION
### FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

     Wells Fargo Bank, N.A., the defendant in the above-captioned adversary proceeding (the "Adversary Proceeding") by its attorney, Ruskin Moscou Faltischek P.C., as and for its Supplemental Opposition (the "Opposition") to the Motion of Delphi Corporation ("Debtors"), Seeking Leave to File Amended Complaints in Certain Adversary Proceedings (the "Motion to Amend"), respectfully states as follows:

### PRELIMINARY STATEMENT

     1.    Wells Fargo submits this Opposition in further support of (a) Motion of Wells Fargo Bank, N.A. For an Order Pursuant to FRBP 7012(b)(6) Dismissing Complaint to Avoid and Receive Transfers Pursuant to 11 U.S.C. §§ 547 and 550, dated May 14, 2010 (Adversary Proceeding Case No. 07-02597, Doc. No. 26); (b) the Affidavit of Melody Stallings, Senior Vice President and Division Manager of Wells Fargo, in Support of Wells Fargo's Motion to Dismiss, duly sworn to on May 13, 2010, a copy of which is annexed hereto as Exhibit "A" (the "Stallings Affidavit"; Adversary Proceeding Case No. 07-02597, Doc. No. 26); (c) Wells Fargo's Opposition to the

519783

Reorganized Debtors' Motion for Leave to File Amended Complaint and Motion of Wells Fargo Bank N.A. to Dismiss This Adversary Proceeding with Prejudice, dated November 24, 2010 (Adversary Proceeding Case No. 07-02597, Doc. No. 33) and (d) in response to this Court's invitation for the submission of "[p]art two of the objection to the Rule 15 motion."[1]  6/21 Transcript at 312:20-21. A copy of the relevant portion of the 6/21 Transcript is annexed hereto as Exhibit "B".

2. As set forth more fully below and in the accompanying Affidavit of Michael T. Rozea in Further Opposition to Debtors' Motion For Lease to File a First Amended Complaint (the "Rozea Affidavit", dated July 11, 2011 and annexed hereto as Exhibit "C"), Wells Fargo was not served with process of any of the Extension Motions and Orders (as defined below).

3. Prior to the commencement of the Debtors' cases, Wells Fargo provided certain credit accommodations to or for the benefit of the Debtors by factoring accounts receivable arising out of sales of goods by PTC Alliance Corp. and Manufacturer's Transport, Inc., factored clients of Wells Fargo. Neither Wells Fargo Bank, N.A., nor its factored clients, were served with process of any of the proceedings in the Debtors' Chapter 11 cases and were not named on any certificate of service identifying the parties served with notice of process of the Extension Orders. Inasmuch as this Court has determined that Wells Fargo's lack of notice constitutes a futility argument with respect to Debtors' Motion to Amend (6/21 Transcript at 310:2-7), it is submitted that justice requires that this Court deny the Motion to Amend and dismiss this action with prejudice.

**Commencement of Adversary Proceeding Against Wells Fargo**

4. On September 26, 2007, the Debtors commenced the Adversary Proceeding by filing the complaint ("Complaint") under seal with the Clerk. The Complaint sought to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers made to Wells Fargo in the

---

[1] "6/21 Transcript ____" refers to the page of the Transcript of Hearing on 6/21/2011.
519783
2

aggregate amount of $2,741,531.56. (Complaint; Adversary Proceeding Case No. 07-02597, Doc. No. 1).[2]

5. Since the Complaint was filed under seal, no amount of due diligence by Wells Fargo would have uncovered the existence of the Complaint until it was unsealed in March 2010 and there was no reason for Wells Fargo to perform any due diligence because it had no knowledge that it had any interest in these bankruptcy cases.

6. The statute of limitations for commencing avoidance actions pursuant to Bankruptcy Code § 546 expired on or before October 8, 2007.

**Preservation of Estate Claims Procedures Motion and Order**

7. In recognition that the expiration of the limitations period for avoidance actions was approaching and in anticipation of confirming a plan of reorganization, the Debtors filed a motion dated August 6, 2007 (the "Preservation of Estate Claims Procedures Motion"), which motion sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553. (Preservation of Estate Claims Procedures Motion, annexed hereto as Exhibit D, at ¶ 17; Case No. 05-44481, Doc. No. 8905). As pertinent here, the procedures sought included (i) pursuant to Fed. R. Civ. P. 4(m), an extension of time beyond the initial 120-day period to serve certain adversary summonses and complaints, (ii) a stay of the applicable adversary proceedings until service of process was effected, and (iii) permitting the Debtors to file the complaints under seal. (*Id.* at ¶¶ 33-38).

8. The Preservation of Estate Claims Procedures Motion also envisioned that the defendants in the actions to be covered would enter into stipulations (the "Form Stipulation") in the form annexed to such order. Wells Fargo was never asked to enter into the Form Stipulation, nor

---

[2] Wells Fargo had no knowledge of this event until March 25, 2010, as evidenced by the Stallings Affidavit and the Rozea Affidavit.

519783                                                    3

did it ever agree or consent to an extension of time in which the Debtors could commence or serve Wells Fargo with the original Complaint in this action. (Stallings Affidavit at ¶¶ 9-10).

9.  The Preservation of Estate Claims Procedures Motion did not identify any specific defendants who would be subject to the complaints filed under seal.

10. No notice of the Preservation of Estate Claims Procedures Motion was given to Wells Fargo. (Rozea Affidavit at ¶ 3, Exhibit 1; Case No. 05-44481, Doc. No. 9039).

11. On August 16, 2007, this Court entered the Preservation of Estate Claims Procedures Order, granting the aforementioned relief requested in the Preservation of Estate Claims Procedures Motion by (i) allowing the Debtors to file adversary proceeding complaints under seal, (ii) directing the Clerk of the Court to delay issuing summonses for complaints unless and until the Debtors notified the Clerk of their intent to prosecute such actions, (iii) staying each adversary action unless and until the Debtors effectuated service of process on the respective defendants, and (iv) extending the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process to March 31, 2008, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m). (Preservation of Estate Claims Procedures Order, annexed hereto as Exhibit E, at ¶¶ 7-10; Case No. 05-44481, Doc. No. 9105).

12. No notice of the Preservation of Estate Claims Procedures Order was given to Wells Fargo. (Rozea Affidavit at ¶ 3, Exhibit 2; Case No. 05-44481, Doc. No. 9141).

**Extension of Avoidance Action Service Deadline Motion and Order**

13. By motion dated February 28, 2008 (the "Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31,

2008. (Extension of Avoidance Action Service Deadline Motion, annexed hereto as Exhibit F, at ¶ 18; Case No. 05-44481, Doc. No. 12922).

14.    The Extension of Avoidance Action Service Deadline Motion did not identify any specific defendants who would be subject to the complaints filed under seal.

15.    No notice of the Extension of Avoidance Action Service Deadline Motion was given to Wells Fargo. (Rozea Affidavit at ¶ 3, Exhibit 3; Case No. 05-44481, Doc. No. 12970).

16.    On March 28, 2008, the Court entered the Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order so that the time under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve a defendant in the adversary proceedings with a summons and complaint was further extended to May 31, 2008. (Extension of Avoidance Action Service Deadline Order, annexed hereto as Exhibit G, at ¶ 2; Case No. 05-44481, Doc. No. 13277).

17.    No notice of the Extension of Avoidance Action Service Deadline Order was given to Wells Fargo. (Rozea Affidavit at ¶ 3, Exhibit 4; Case No. 05-44481, Doc. No.13315).

**Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order**

18.    By motion dated April 10, 2008 (the "Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order, so as to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan. (Postconfirmation Extension of Avoidance Action Service Deadline Motion, annexed hereto as Exhibit H, at ¶ 19; Case No. 05-44481, Doc. No. 13361).

19.    The Postconfirmation Extension of Avoidance Action Service Deadline Motion did not identify any specific defendants who would be subject to the complaints filed under seal.

519783                                                    5

20.    No notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion was given to Wells Fargo. (Rozea Affidavit at ¶ 3, Exhibit 5; Case No. 05-44481, Doc. No. 13415).

21.    On April 30, 2008, the Court entered the Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve a defendant in the adversary proceedings with a summons and complaint was further extended until 30 days after the later of substantial consummation of the Plan or any modified Chapter 11 plan for the Debtors and December 31, 2008. (Postconfirmation Extension of Avoidance Action Service Deadline Order, annexed hereto as Exhibit I, at ¶ 2; Case No. 05-44481, Doc. No. 13484).

22.    No notice of the Postconfirmation Extension of Avoidance Action Service Deadline Order was given to Wells Fargo. (Rozea Affidavit at ¶ 3, Exhibit 6; Case No. 05-44481, Doc. No. 13540).

**Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion and Order**

23.    By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion", collectively with the Preservation of Estate Claims Procedures Motion, Extension of Avoidance Action Service Deadline Motion, and Postconfirmation Extension of Avoidance Action Service Deadline Motion, the "Extension Motions"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, as modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan. (Supplemental Postconfirmation

519783                                      6

Extension of Avoidance Action Service Deadline Motion, annexed hereto as Exhibit J, at ¶ 16; Case No. 05-44481, Doc. No. 18952).

24. Unlike the Preservation of Estate Claims Procedures Motion, the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, *did not* claim (i) that unsecured claims were likely to be paid in full under an anticipated plan and that pursuit of avoidance actions would be pointless, (ii) that the actions needed to be preserved "as a precautionary measure" in the event an anticipated plan did not in fact succeed, (iii) that the relief would help maintain the status quo among all parties in interest, (iv) that the relief was needed in order to avoid disruption of "the plan process or the Debtors' existing business relationships that are necessary to the Debtors' ongoing operations."

25. The rationale relating to the First Plan used in support of the Preservation of Estate Claims Procedures Motion was inapplicable to the Modified Plan which was the relevant plan at the time the Postconfirmation Extension of Avoidance Action Service Deadline Motion was brought.

26. The premises in support of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion included that:

> (a) the complex nature of the transactions set forth in the Modified Plan required that significant time and resources be devoted to effecting them (¶17);
>
> (b) the Modified Plan lists more causes of action than were originally retained under the First Plan, including 177 listed avoidance actions (including this Adversary Proceeding) (¶ 17)
>
> (c) the Debtors did not believe that they would have adequate time to evaluate each retained avoidance action prior to the expiration of the service extension afforded by the Third Extension Order (¶ 17); and
>
> (d) the Debtors hoped to avoid the unnecessary cost of service and prosecution of actions against defendants whom, given more time, the Debtors might not need to pursue (¶ 18).

27.     No notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion was given to Wells Fargo. (Rozea Affidavit at ¶ 3, Exhibit 7; Case No. 05-44481, Doc. No. 18967).

28.     At the hearing held on October 22, 2009, counsel for the Debtors represented to the Court:

> There has been no objection filed. We did serve the [Supplemental Postconfirmation Extension of Avoidance Action Service Deadline] motion in the usual fashion, and no objections were lodged. So we would simply ask that the order be entered as submitted.[3] 10/22 Transcript at 5:20-23.

Rozea Affidavit at ¶ 4, Exhibit 8.

29.     At the hearing held on June 21, 2011, the Court stated

> But if it's an order entered based upon a representation that people had been served, when in fact, they hadn't been served. That's a real problem. Exhibit B, 6/22 Transcript at 305:1-3.

30.     On October 22, 2009, the Court entered the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, modifying Paragraph 8 of the Preservation of Estate Claims Procedures Order, as previously modified by the Extension of Avoidance Action Service Deadline Order and the Postconfirmation Extension of Avoidance Action Service Deadline Order, so that the time under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve a defendant in the adversary proceedings with a summons and complaint was further extended until 180 days after substantial consummation of the Modified Plan. (Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, annexed hereto as Exhibit K, at ¶ 2; Case No. 05-44481, Doc. No. 18999).

31.     No affidavit of service was filed with respect to the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, and accordingly no notice of the order was given to Wells Fargo. (Rozea Affidavit at ¶ 5)

---

[3] "10/22 Transcript ___" refers to the page of the Transcript of Hearing on 10/22/09.
519783
8

32.     Wells Fargo respectfully submits that the combination of permitting the Debtors to file the Complaint under seal -- thereby preventing Wells Fargo from discovering that it had been sued -- while continually extending the Debtors' time to serve process in excess of two years past the expiration of the statute of limitations set forth in Bankruptcy Code § 546(a) -- also without notice to Wells Fargo -- has resulted in a proceeding completely devoid of procedural due process. Accordingly, based upon the foregoing, the Extension Motions and each of the orders granting the Extension Motions must be vacated as against Wells Fargo and the Motion to Amend the Complaint as against Wells Fargo must be denied with prejudice.

**WHEREFORE**, for the reasons set forth herein, the Motion to Amend the Complaint as against Wells Fargo Bank, N.A. must be denied and this Adversary Proceeding must be dismissed with prejudice, together with the costs and disbursement of this action and such other and further relief as this Court may deem appropriate.

Dated: Uniondale, New York
       July 11, 2011

> Respectfully submitted,
>
> RUSKIN MOSCOU FALTISCHEK, P.C.
> Attorneys for Wells Fargo Bank, N.A.
>
> By: _____
> Jeffrey A. Wurst
> Michael T. Rozea
> *Attorneys for Wells Fargo*
> East Tower, 15th Floor
> 1425 RXR Plaza
> Uniondale, New York 11556-1425
> (516) 663-6600