ARCHER & GREINER, P.C.
2 Penn Plaza, Suite 1500
New York, NY 10121
Tel: (212) 292-4988
Fax: (212) 629-4568
Stephen M. Packman, Esquire
*Attorneys for Magnesium Electron Inc. and Magnesium Elektron Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-44481 (RDD)<br>(Jointly Administered) |
| DELPHI CORPORATION, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>MAGNESIUM ELECTRON INC. and<br>MAGNESIUM ELEKTRON INC.,<br><br>Defendant. | Adv. Pro. No. 07-02758 (RDD) |

**MAGNESIUM ELECTRON INC. AND MAGNESIUM ELEKTRON INC.'S**
**SUPPLEMENTAL OBJECTION TO THE REORGANIZED DEBTORS'**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

In accordance with the Court's direction at the June 21, 2011 hearing, Defendant, Magnesium Electron Inc. and Magnesium Elektron Inc. ("MEI"), by and through its attorneys, Archer & Greiner, A Professional Corporation, hereby files this supplemental objection to the Debtors' Motion for Leave to Amend Complaints.

1. On March 20, 2006, the Court entered the *Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed.R.Bankr.P. 2002(m), 9006, 9007 and 9014 Establishing Omnibus*

*Hearing Dates and Certain, case Management, And Administrative Procedures* (the "1st

Supplemental Case Management Order") (Docket No. 2883).

2. The 1st Supplemental Case Management Order provides specific guidance on providing notice to parties with a particularized interest in a filing. Specifically, it states at ¶15:

> All Filings shall be served (a) via overnight mail upon all parties
> with a particularized interest in the subject of the Filing … and (b)
> by electronic transmission or fax on each party who files a notice
> of appearance or request for documents in accordance with Rule
> 2002 of the Federal Rules of Bankruptcy Procedure.

3. On August 26, 2009, the Court entered the *Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures* (the "15th Supplemental Case Management Order") (Docket No. 18839).

4. The 15th Supplemental Case Management Order merely confirms that the notice guidelines provided in the 1st Supplemental Case Management Order remain in effect, and does not add any substantive amendments to the 1st Supplemental Case Management Order that are relevant to service or notice of filings.

5. October 7, 2009, the Debtors filed their *Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order* filed on October 2, 2009 (the "4th Extension Motion") (Docket No. 18952).

6. In ¶24 of the 4th Extension Motion, the Debtors represented to the Court that notice of the 4th Extension Motion was provided in accordance with the 1st Supplemental Case Management Order and 15th Supplemental Case Management Order - this was false.

2

7. The same day that they filed the 4th Extension Motion, the Debtors filed an Affidavit of Service for the Fourth Extension Motion (the "4th Extension Motion Affidavit of Service") (Docket No. 18967).

8. The 4th Extension Motion Affidavit of Service does not list MEI as a party receiving service of the 4th Extension Motion, despite MEI being a defendant in an adversary proceeding affected by the Order and thus having a particularized interest in the outcome of the 4th Extension Motion.[1]

9. MEI did not receive any notice of the 4th Extension Motion. See, Affidavit of Maryann Hampton attached hereto as Exhibit "A."

10. On October 22, 2009, the Court entered an Order approving the 4th Extension Motion (the "4th Extension Order") (Docket No. 18999).

11. In the 4th Extension Order, the Court directs the Debtors to file a copy of the Order in each of the Adversary Proceedings – this was not done in MEI's Adversary Proceeding.

12. Because MEI lacked any notice of the 4th Extension Motion, the 4th Extension Order should be vacated, and the adversary proceeding against MEI dismissed.

---

[1] The same is true of the three prior extension motions.

13. MEI also joins in similarly situated defendants' submissions with respect to pursuit of the adversary proceeding against MEI being inconsistent with the First Confirmed Plan, which provided that the Debtors were not retaining preference actions against anyone unless specified in Exhibit 7.24. The adversary proceeding against MEI is not specified in Exhibit 7.24 - therefore it has not been retained by the Debtors, and should be dismissed.

Dated: July 12, 2011

ARCHER & GREINER, P.C.
*Attorneys for Magnesium Electron Inc. and Magnesium Elektron Inc.*

/s/ Stephen M. Packman .
Stephen M. Packman
2 Penn Plaza, Suite 1500
New York, NY 10121
Tel: (212) 292-4988
Fax: (212) 629-4568
spackman@archerlaw.com

6919705v1