# EXHIBIT "A"

ARCHER & GREINER, P.C.
2 Penn Plaza, Suite 1500
New York, NY  10121
Tel:  (212) 292-4988
Fax:  (212) 629-4568
Stephen M. Packman, Esquire
*Attorneys for Magnesium Electron Inc. and Magnesium Elektron Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |
| DELPHI CORPORATION, *et al.*, | Adv. Pro. No. 07-02758 (RDD) |
| Plaintiff, | |
| v. | |
| MAGNESIUM ELECTRON INC. and MAGNESIUM ELEKTRON INC., | |
| Defendant. | |

**AFFIDAVIT OF MARYANN HAMPTON**

COUNTY OF HUNTERDON        :
                                              : ss.
STATE OF NEW JERSEY       :

MARYANN HAMPTON, of full age, being duly sworn according to law, upon his oath,

deposes and says:

1.        I am the Secretary/Treasurer of MAGNESIUM ELEKTRON INC. ("MEI")

improperly named as MAGNESIUM ELECTRON INC., the defendant in the above captioned

adversary proceeding.  I make this affidavit in furtherance of the hearings held before this Court

on June 21, 2011. Except as otherwise set forth herein, I have personal knowledge of the matters set forth herein.

2.      To the best of my knowledge, until it was served with the complaint (the 'Complaint") and other papers associated with the Adversary Proceeding in or around March 2010, MEI had no notice or knowledge that the Debtors had sued MEI to recover $2,082,476.62 in alleged preference payments.

3.      Further, to the best of my knowledge, MEI had no notice at any time prior to March 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable limitations period.

4.      Between September 2007 (when the Complaint was filed) and March 2010 (when the Complaint was served), MEI made certain financial decisions and took certain actions without the benefit of knowing they had been sued by the Debtors for over $2 million.

5.      Because MEI did not know that the Complaint had been filed, between September 2007 and March 2010, MEI issued financial reports including, audited financial statements to its owners and lenders and did not disclose the liability alleged in the Complaint.

6.      Because MEI did not know it had been sued by the Debtors, MEI made no arrangements with its former employees to obtain information about the lawsuits, conduct exit interviews, or keep in touch with them.

7.      Because MEI did not know it had been sued by the Debtors, MEI took no special steps to organize and preserve its records with respect to the Debtors. In 2008, MEI switched accounting systems and is now prejudiced defending this matter because it is having difficulty

obtaining information relating to the payments alleged in the Complaint and other historical transactions between the Debtor and MEI.

8.      If MEI had known that the Debtors had sued it, MEI would have taken special steps to organize and preserve its records with respect to the Debtors, exit interviews with employees related to the Debtors, and make arrangements to maintain contact with such employees in case MEI would need to provide litigation information or services.

9.      I make this declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

10.     I make this Declaration under penalty of perjury under the laws of the United States of America.

MARYANN HAMPTON

Sworn to and subscribed
before me this 12 day
of JULY 2011

Notary Public

6910357v1

JAMES L. CHRISTIE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 1/1/1