# EXHIBIT A

SCOTT A. WOLFSON  (admitted *Pro Hac Vice*)
ANTHONY J. KOCHIS (admitted *Pro Hac Vice*)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7103
Facsimile:  (248) 247-7099
E-Mail:  swolfson@wolfsonbolton.com

*Attorneys for Access One Technology Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

In re:

| | |
|---|---|
| DELPHI CORPORATION, *et al.*, | Chapter 11 |
| | Case No. 05-44481-RDD |
| Debtor. | Jointly Administered |

_____/

| | |
|---|---|
| DELPHI CORPORATION, *et al.*, | |
| | Adversary Proceeding No. 07-02142 |
| Plaintiffs, | |
| v. | |
| ACCESS ONE TECHNOLOGY, | |
| Defendant. | |

_____/

### DECLARATION OF KEVIN N. FANROY

Kevin N. Fanroy declares as follows:

1.     I am President and resident agent of Access One Technology Group, LLC ("Access One") - the defendant in the above-referenced adversary proceeding.

2.     I make this Declaration on personal knowledge.  If called as a witness, I would testify to these facts.

3.     Access One was unaware that Delphi Corporation, *et al.* ("Delphi") had commenced an adversary proceeding against Access One seeking the recovery of

$1,456,934.70 until on or around March 2010, when Access One was served with the complaint in the above-referenced adversary proceeding ("Complaint").

4.  Prior to this time, Access One had no knowledge of the existence of the above-referenced adversary proceeding or, among other things, the various motions to file the adversary proceeding under seal and extend the time to serve the summons and Complaint.

5.  I have reviewed the following affidavits of service and confirmed that Access One received no notice of any of the various motions to file the adversary proceeding under seal and extend the time to serve the summons and Complaint (collectively, the "Extension Motions"):

| Pleading | Pleading Docket No. | Affidavit of Service Docket No. |
|---|---|---|
| Preservation of Estate Claims Procedures Motion | 8905 | 9039 |
| Extension of Avoidance Action Service Deadline Motion | 12922 | 12970 |
| Postconfirmation Extension of Avoidance Action Service Deadline Motion | 13361 | 13415 |
| Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion | 18952 | 18967 |

6.  In particular, Access One never received, nor did it have knowledge of, the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion [Docket No. 18952] ("Fourth Extension Motion") filed on October 2, 2009 or the Postconfirmation Extension of Avoidance Action Service Deadline Order [Docket No. 18999].

7.  Access One did not learn of the Extension Motions until long after the relief requested in the Extension Motions had been granted, and Access One had no opportunity to object to the relief requested in the Extension Motions.

8.  Access One has been prejudiced in its ability to defend in the above-referenced adversary proceeding due to, among other things, the delay in receiving notice of the Complaint and the Extension Motions. For example, Access One has lost the ability to identify, locate, and preserve records that are relevant to the claims asserted in the Complaint.

2

9. I declare under penalty of perjury that the foregoing is true and correct.

_____
Kevin N. Fanroy

Executed in Washington, D.C.

On July 11, 2011

3