# EXHIBIT C

SCOTT A. WOLFSON  (admitted *Pro Hac Vice*)
ANTHONY J. KOCHIS (admitted *Pro Hac Vice*)
WOLFSON BOLTON PLLC
3150 Livernois Rd., Suite 275
Troy, MI 48083
Telephone:  (248) 247-7105
Facsimile:  (248) 247-7099
E-Mail:  akochis@wolfsonbolton.com

*Attorneys for Ex-Cell-O Machine Tools, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

In re:

DELPHI CORPORATION, *et al.*,                    Chapter 11
                                                 Case No. 05-44481-RDD
                         Debtor.                 Jointly Administered
_____/


DELPHI CORPORATION, *et al.*,

                         Plaintiffs,             Adversary Proceeding No. 07-02337

      v.

EX CELL O MACHINE TOOLS INC.,

                         Defendant.
_____/

## <u>DECLARATION OF ELIZABETH SITTERLY</u>

        Elizabeth Sitterly declares as follows:

        1.      I am Chief Legal Counsel North America for MAG IAS, LLC (f/k/a MAG Industrial

Automation Systems, LLC, "<u>MAG</u>").

        2.      I previously served as Assistant General Counsel for MAG from January 2007

until April 2010.

        3.      I make this Declaration on personal knowledge and upon my review of pertinent

business records.  If called as a witness, I would testify to these facts.

4.      In February 2006, MAG acquired Ex-Cell-O Machine Tools, Inc. ("Ex-Cell-O")
and began a wind-down of Ex-Cell-O's operations.

5.      MAG/Ex-Cell-O was unaware that Delphi Corporation, *et al.* ("Delphi") had
commenced an adversary proceeding against Ex-Cell-O seeking the recovery of $611,528.10
until on or around March 24, 2010, when Ex-Cell-O was served with the complaint in the above-
referenced adversary proceeding ("Complaint").

6.      Prior to this time, MAG/Ex-Cell-O had no knowledge of the existence of the
above-referenced adversary proceeding or, among other things, the various motions to file the
adversary proceeding under seal and extend the time to serve the summons and Complaint.

7.      I have reviewed the following affidavits of service and confirmed that MAG/Ex-
Cell-O received no notice of any of the various motions to file the adversary proceeding under
seal and extend the time to serve the summons and Complaint (collectively, the "Extension
Motions"):

| Pleading | Pleading Docket No. | Affidavit of Service Docket No. |
|---|---|---|
| Preservation of Estate Claims Procedures Motion | 8905 | 9039 |
| Extension of Avoidance Action Service Deadline Motion | 12922 | 12970 |
| Postconfirmation Extension of Avoidance Action Service Deadline Motion | 13361 | 13415 |
| Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion | 18952 | 18967 |

8.      In particular, MAG/Ex-Cell-O never received, nor did it have knowledge of, the
Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion [Docket
No. 18952] ("Fourth Extension Motion") filed on October 2, 2009 or the Postconfirmation
Extension of Avoidance Action Service Deadline Order [Docket No. 18999].

9.     MAG/Ex-Cell-O did not learn of the Extension Motions until long after the relief requested in the Extension Motions had been granted, and Ex-Cell-O had no opportunity to object to the relief requested in the Extension Motions.

10.     Ex-Cell-O has been prejudiced in its ability to defend in the above-referenced adversary proceeding due to, among other things, the wind-down of Ex-Cell-O commencing in 2006 and the delay in receiving notice of the Complaint and the Extension Motions.  Among other things, (i) Ex-Cell-O has the lost the ability to identify, locate, and preserve records that are relevant to the claims asserted in the Complaint; (ii) Ex-Cell-O/MAG took no steps during the wind-down of Ex-Cell-O to segregate hard copy and electronic business records regarding Delphi; (iii) Ex-Cell-O did not hold exit interviews with employees knowledgeable about Delphi; and (iv) Ex-Cell-O did not keep in contact with former employees knowledgeable about Delphi in case those employees would be needed to provide litigation information or serve as witnesses.

11.     I declare under penalty of perjury that the foregoing is true and correct.

_Elizabeth Sitterly_

Elizabeth Sitterly

Executed in Fond du Lac, Wisconsin

On July ___8___, 2011

3