Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
moneal@wnj.com

Michael B. O'Neal (MO-9511)
(*Admitted Pro Hac Vice*)
Attorneys for Mubea and Mubea, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| DELPHI CORPORATION, et al | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02489-rdd |
| MUBEA and MUBEA INC., | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MUBEA AND MUBEA, INC.'S NOTICE OF FILING OF AFFIDAVIT IN SUPPORT OF ITS OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND SUPPLEMENT TO ITS MOTION FOR RELIEF FROM FOURTH ORDER EXTENDING TIME TO SERVE COMPLAINT**

Defendants Mubea and Mubea, Inc. ("**Defendant**"), by its undersigned attorneys, files this Notice of Filing of Affidavit in Support of its Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints and Supplement to its Motion for Relief from Fourth Order Extending Time to Serve Complaint, stating as follows:

BACKGROUND

1. Following the dismissal of their complaints, Reorganized Debtors filed their Motion for Leave to File Amended Complaints (the "**Motion to Amend**") on September 7, 2010. (Dkt. No. 20575). Defendant filed its Memorandum of Law in Opposition to the Motion to Amend on November 24, 2010.

2. On October 22, 2010, Defendant filed its Motion for Relief from Fourth Order Extending Time to Serve Complaint (Dkt. No. 20724) (the "**Motion for Relief from Fourth Extension Order**") where Defendant, through its joinder and adoption of the briefs of other defendants, sought entry of an order voiding the Fourth Extension Order[1] because such order was entered in error. Reorganized Debtors filed their response to the Motion for Relief from Fourth Extension Order on February 3, 2011 (Docket No. 21102).

3. The Court held hearings on the Motion to Amend and the Motion for Relief from the Fourth Extension Order on June 21, 2011, at which time it considered the arguments raised by the various defendants involved in the preference adversary proceedings and Reorganized Debtors. The Court reserved its ruling on the two motions and authorized the defendants that were not served with and did not receive timely notice of the Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims

---

[1] The Order Pursuant to Fed. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed In Connection with Preservation of Estate Claims Procedures Order (Docket No. 18999) (the "**Fourth Extension Order**").

2

Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") to file a declaration to that effect within three weeks of the hearing date.

4. Accordingly, Defendant hereby submits one declaration regarding its lack of notice and knowledge of the Fourth Extension Motion and Fourth Extension Order, which declaration is being filed in support of its opposition to Reorganized Debtors' Motion to Amend and in support of its Motion for Relief from Fourth Extension Order.[2]

## DEFENDANT WAS NOT SERVED WITH THE FOURTH EXTENSION MOTION OR THE FORTH EXTENSION ORDER

5. As set forth in the Declaration of Byrd Douglas Cain, III, Defendant's Chief Executive Officer at the time the Fourth Extension Motion was filed, Defendant was never served with either the Fourth Extension Motion or the Fourth Extension Order. See Exhibit A, Cain Decl. at ¶ 8.

6. The Reorganized Debtors' own records support Mr. Cain's statements regarding lack of service of that motion and order. As is evident by the Affidavit of Service for the Fourth Extension Motion (Docket No. 18967), Defendant was neither served by the required overnight mail method,[3] nor was Defendant served by any other means.

7. Likewise, Defendant was not served with or made aware of the Fourth Extension Order by the Reorganized Debtors. Cain Decl. at ¶ 8. There is no affidavit of service for the

---

[2] This declaration is being submitted in addition to the prior Declaration of Byrd Douglas Cain, III that was previously provided as part of Defendant's Response in Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints, dated November 24, 2010. In Defendant's response, Defendant detailed the record evidence showing it had no knowledge or notice of Reorganized Debtors' complaint and claims against it until it was served with the complaint in March 2010. In their Omnibus Reply dated January 28, 2011, the Reorganized Debtors presented no argument or evidence to contradict Defendant's evidence.

[3] The Court's standing order on service of motions requires any party with a particularized interest to be served with such pleading by overnight mail. See Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883). As a defendant in the above-captioned adversary proceeding, Defendant clearly had a particularized interest in the Fourth Extension Motion.

3

Fourth Extension Order, which can only be taken to mean that the Fourth Extension Order was not served. The Order itself requires Reorganized Debtors to file a copy of the Order in each of the adversary proceedings, but again, Reorganized Debtors failed to do so.

### DEFENDANT WAS UNAWARE OF THE FOURTH EXTENSION MOTION AND THE COMPLAINT AT THE TIME THE FOURTH EXTENSION MOTION WAS FILED

8.    Having established that Defendant received no notice of the Fourth Extension Motion and Fourth Extension Order from Reorganized Debtors, the question turns to whether Defendant had independent knowledge or notice of those documents from another source. The answer is no.

9.    Mr. Cain states in his declaration, "[t]he first Mubea learned of Delphi's Fourth Extension Motion and Fourth Extension Order was not until after they were served with the complaint in March 2010." *Id.* at ¶ 9.

10.    The attorneys that represented Defendant on certain matters in the Delphi Corporation, *et al* bankruptcy proceedings (Case No. 05-44481) (the "**Delphi Chapter 11 Case**"), Hodgson Russ, may have received ECF notification of the filing of the documents, but never sent the Fourth Extension Motion or Fourth Extension Order to Defendant, *Id.* at ¶ 8, presumably, because at the time of the filing of the documents, Foley & Lardner had no reason to believe that the Fourth Extension Motion and Fourth Extension Order pertained to Defendant.

11.    Indeed, this is the way Reorganized Debtors wanted it – to have the defendants left in the dark without any knowledge that they had been sued several years prior and that the motions to extend the time to serve the complaint would affect them (by, in essence, extending the statute of limitations for several years). From the time they filed the complaints in 2007 until they unsealed them in 2010, the Reorganized Debtors sought to suppress knowledge of the identity of the defendants. There is no absolutely no mention of who the defendants in the 177

4

preference cases were (out of the possible 11,000 preference actions) in the Fourth Extension Motion, the prior extension motions, the disclosure statement, or the confirmed plan of reorganization.

12. Absent effective, particularized notice, Defendant had no way of knowing or discovering that the Fourth Extension Motion affected its rights. No amount of due diligence could have uncovered the existence of the complaint until it was unsealed in February 2010.

13. Particularized notice to Defendant was important here because the Fourth Extension Order was based on different premises and reasons than the prior three extension orders. As set forth in Defendant's Motion for Relief from Fourth Extension Order (and the briefs of other defendants that Defendant joined in and incorporated), it is inappropriate for this Court to enforce an order which extended the time to serve complaints under Rule 4(m) when such order was based upon different reasons than its predecessor service extension orders.

14. Because Reorganized Debtors shielded Defendant from knowledge of its status as a defendant subject to the effect of the Fourth Extension Order, Defendant is entitled to relief under Rule 60(b) from such order. The Forth Extension Order was entered in error, thus it should be voided or rendered ineffectual as the court did in *Global Crossings Estate Representative v. Alta Partners Holdings LDC*, 385 B.R. 52 (Bankr. S.D.N.Y. 2008).

REORGANIZED DEBTORS' LIKELY RESPONSE FAILS AS A MATTER OF LAW

15. Reorganized Debtors may argue that Defendant had constructive notice of the Fourth Extension Motion and Fourth Extension Order because the attorneys that appeared on Defendant's behalf for certain matters in the Delphi Chapter 11 Case (Hodgson Russ) received ECF notification of the Fourth Extension Motion and Fourth Extension Order filings (along with the other 20,000+ filings in the Delphi Chapter 11 Case).

16.     The argument that the ECF notification received by Hodgson Russ in this case is sufficient fails as a matter of law.  First, Hodgson Russ does not represent, and has never represented, Defendant in this adversary proceeding or matters related to what is at issue in this adversary proceeding.  Moreover, Foley & Lardner has never been authorized to accept service of any pleading in this adversary proceeding.  Cain Decl. at ¶ 5.

17.     Even if Hodgson Russ was on notice of the Fourth Extension Motion and Fourth Extension Order – which Defendant disputes as discussed below – Reorganized Debtors cannot use such notice to circumvent the service requirements contained in the Bankruptcy Code and this Court's orders. As the court in *Cruisephone, Inc. v. Cruise Ships Catering Services N.V. (In re Cruisephone, Inc.)*, 278 B.R. 325 (E.D.N.Y. 2002) recognized, there is a clear distinction between representation in the main bankruptcy proceeding as opposed to representation in a separate adversary proceeding:

> Notice cannot by itself validate an otherwise defective service. Service of process is a separate prerequisite to obtaining jurisdiction over a party, one that is independent of due process considerations. . . . A bankruptcy court's power to adjudicate the rights and liabilities of a defendant is dependent not only on compliance with due process, but also on compliance with the technicalities of Bankruptcy Rule 7004 [incorporating Fed. R. Civ. Pro. 4]. **In this adversary proceeding, service of process on the firm [that represented a client in the main bankruptcy case], a law firm not authorized to accept service for its client is ineffective under Bankruptcy Rule 7004(b)(3).")**.

*Cruisephone,* 278 B.R. at  334 (emphasis added).

18.     Here, Hodgson Russ has never represented Defendant in this adversary proceeding or on matters related to this adversary proceeding.  Accordingly, the ECF notification of the filings of the Fourth Extension Motion and Fourth Extension Order that were received by Hodgson Russ is insufficient to constitute constructive notice for Defendant.

6

19. Second, the ECF notification received by Hodgson Russ does not constitute sufficient notice *in this case* because there was nothing particular about the filings that led Hodgson Russ to believe it may affect Defendant.

20. There was nothing to lead Hodgson Russ to believe that the Fourth Extension Motion and Fourth Extension Order pertained to Defendant. Indeed, without particularized notice, there was no way for the Hodgson Russ firm to know if any of their clients would be affected by the Fourth Extension Motion and Fourth Extension Order. Again, there was no mention of who the defendants in the 177 preference cases were (out of the possible 11,000 preference actions) in the Fourth Extension Motion, the prior extension motions, the disclosure statement, and the plan of reorganization. For precisely this reason, the ECF notice cannot have been sufficient.

21. As this Court is well aware, the Delphi bankruptcy docket is enormous. Basing notice upon an ECF docket entry — of which there were at least several entries, each day, for years — where the statute of limitations had passed years ago, would circumvent the requirement to give notice. The notice must be calculated to sufficiently apprise a party that its rights may be affected.[4] Indeed, this Court recognized this within its Supplemental Case Management Order by requiring overnight mail upon parties with a particularized interest.

22. Here, Hodgson Russ's retention involved particular matters at issue in the Delphi Chapter 11 Case and it had nothing to do with matters at issue in this adversary proceeding – a separate action. Moreover, notice to an attorney is insufficient to impute notice to a creditor where the notice did not reference the client at hand or the specific attorney involved. See

---

[4] "[E]ven if notice is burdensome in a particular case, the American judicial system is predicated on the adversary process and forbids ex parte communications on substantive matters by statute, rule and code of ethics. Virtually every substantive motion in American jurisprudence must be on notice to affected parties. Nothing in section 105(a) or elsewhere in the Bankruptcy Code justifies such a radical departure from fundamental procedural due process. . . . To the contrary, ex parte procedures affecting important rights without giving affected parties an opportunity to be heard undermine the integrity of the judicial process. . . ." *In re Dinova*, 212 B.R. 437, 445 (2d Cir. B.A.P. 1997).

7

*Maldonado v. Ramirez*, 757 F.2d 48, 51 (3rd Cir. 1985) ("Notice sent to an authorized attorney or agent must at least signify the client for whom it is intended so that the attorney can know whom to advise to assert a claim in bankruptcy."); *In re Greater Southeast Comm. Hosp. Corp.*, 324 B.R. 162 (Bankr. D.C. 2005) (notice was insufficient where it was not addressed to a particular attorney or to any client care of the creditor's law firm). Consequently, any electronic notice that Foley & Lardner may have received cannot be imputed to Defendant in the adversary proceeding.

## CONCLUSION

23.     The declaration submitted by Defendant, along with the Reorganized Debtors' affidavits of service (or lack thereof), establish Reorganized Debtors failed to serve the Fourth Extension Motion and Fourth Extension Order on Defendant and Defendant was completely unaware of the Fourth Extension Motion and Fourth Extension Order until after it had been served with the complaint.

24.     Defendant should have been given notice of the Fourth Extension Motion and the Fourth Extension Order as it had an interest in the subject of the motion. As set forth in Byrd Douglas Cain, III's Declaration, Defendant has been prejudiced by the Reorganized Debtor's delay in serving the complaint.

25.     Accordingly, for the reasons set forth herein and in the motions and briefs previously filed in this case, the Fourth Extension Motion should be vacated and held ineffectual, and Reorganized Debtors' Motion to Amend should be denied.

                                        WARNER NORCROSS & JUDD LLP

Dated: July 12, 2011                      By   /s/ Michael B. O'Neal
                                                     Michael B. O'Neal (MO-9511)
                                                     (Admission *Pro Hac Vice* pending)
                                                     Warner Norcross & Judd LLP
                                                     900 Fifth Third Center
                                                     111 Lyon Street, NW
                                                     Grand Rapids, MI  49503-2487
                                                     Ph:  (616) 752-2000
                                                     Fax:  (616) 222-2500
                                                     moneal@wnj.com
                                                     Attorneys for Mubea and Mubea, Inc.

05-44481-rdd    Doc 21466    Filed 07/12/11    Entered 07/12/11 15:09:53    Main Document
Pg 9 of 10

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 12th day of July, 2011, a copy of the above and foregoing was served electronically through the Court's CM/ECF system to all parties consenting to such service, and via electronic email and/or United States first class mail, properly addressed and postage prepaid, upon the following:

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
White Plains Office
300 Quarropas Street
White Plains, NY 10601

Office of United States Trustee
Attn: Alicia M. Leonhard, Trace Hope
Davis and Brian Masumoto
33 Whitehall St. 21st Floor
New York, NY 1004

Cynthia J. Haffey
David Devine
Butzel Long, a professional corporation
150 West Jefferson Ave.
Suite 100
Detroit, Michigan 48226
haffey@butzel.com
deVine@butzel.com

Neil Berger
Scott E. Ratner
Togut, Segal and Segal LLP
One Penn Plaza, Suite 3335
New York, NY 10119

                /s/ Michael B. O'Neal

5583672