Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI  49503-2487
(616) 752-2000 phone
(616) 222-2500 fax

Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for NGK Automotive Ceramics USA, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                         :
      In re                         :   Chapter 11
                                                         :
DELPHI CORPORATION, et al.,                              :   Case No. 05-44481 (RDD)
                                                         :
                                                         :   (Jointly Administered)
                    Debtors.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                         :
DELPHI CORPORATION, et. al.                              :
                                                         :
              Plaintiff,               :
                                                         :
v.                                                       :   Adv. Proc. No. 07-02541-rdd
                                                         :
NGK, NGK AUTOMOTIVE CERAMICS,                            :
NGK AUTOMOTIVE CERAMICS USA,                             :
INC., and NGK SPARK PLUG MFG. (USA)                      :
INC.,                                                    :
                                                         :
              Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**NGK AUTOMOTIVE CERAMICS USA, INC.'S NOTICE OF FILING OF
DECLARATION IN SUPPORT OF ITS OPPOSITION TO REORGANIZED
DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS
AND SUPPLEMENT TO ITS MOTION FOR RELIEF FROM FOURTH
ORDER EXTENDING TIME TO SERVE COMPLAINT**

Defendant NGK Automotive Ceramics USA, Inc. ("**Defendant**"), by its undersigned attorneys, files this Notice of Filing of Declaration in Support of its Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints and Supplement to its Motion for Relief from Fourth Order Extending Time to Serve Complaint, stating as follows:

BACKGROUND

1. Following the dismissal of their complaints, Reorganized Debtors filed their Motion for Leave to File Amended Complaints (the "**Motion to Amend**") on September 7, 2010. (Dkt. 20575). Defendant filed its Memorandum of Law in Opposition to the Motion to Amend on November 24, 2010.

2. On October 22, 2010, Defendant filed its Motion for Relief from Fourth Order Extending Time to Serve Complaint (Dkt. No. 20726) (the "**Motion for Relief from Fourth Extension Order**") where Defendant, through its joinder and adoption of the briefs of ATS Automation Tooling Systems Inc., ATS Automation Tooling Sys., ATS Automation Tooling Systems and Automation Tooling Systems (07-02125), sought entry of an order voiding the Fourth Extension Order[1] because such order was entered in error. Reorganized Debtors filed their response to the Motion for Relief from Fourth Extension Order on or about February 3, 2011 (Dkt. No. 21102).

3. The Court held hearings on the Motion to Amend and the Motion for Relief from the Fourth Extension Order on June 21, 2011, where it considered the arguments raised by the various defendants involved in the preference adversary proceedings and Reorganized Debtors. The Court reserved its ruling on the two motions and authorized the defendants that were not served with and did not receive timely notice of the Supplemental Motion Pursuant to Fed. R.

---

[1] The Order Pursuant to Fed. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed In Connection with Preservation of Estate Claims Procedures Order (Docket No. 18999) (the "**Fourth Extension Order**").

2

Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") to file a declaration to that effect within three weeks of the hearing date.

4. Accordingly, Defendant submits a declaration regarding its lack of notice and knowledge of the Fourth Extension Motion in support of its opposition to Reorganized Debtors' Motion to Amend and files this supplement to its Motion for Relief from Fourth Extension Order.

DEFENDANT WAS NOT SERVED WITH THE FOURTH EXTENSION MOTION
AND THE FORTH EXTENSION ORDER

5. As set forth in the Declaration of Roy Gomizawa, Defendant's President at the time the Fourth Extension Motion was filed, Exhibit A, Defendant was never served with either the Fourth Extension Motion or the Fourth Extension Order. *Id.* at ¶ 6.

6. The Reorganized Debtors' own records support Mr. Gomizawa's statements regarding lack of service of that motion and order. As is evident by the Affidavit of Service for the Fourth Extension Motion (Docket No. 18967), Defendant was neither served by the required overnight mail method,[2] nor was Defendant served by any other means.

7. Likewise, Defendant was not served with or made aware of the Fourth Extension Order by the Reorganized Debtors. There is no affidavit of service for the Fourth Extension Order, which presumably means the Fourth Extension Order was never served. The Order itself

---

[2] The Court's standing order on service of motions requires any party with a particularized interest to be served with such pleading by overnight mail. See .Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883). As a defendant in the above-captioned adversary proceeding, Defendant clearly had a particularized interest in the Fourth Extension Motion.

3

requires Reorganized Debtors to file a copy of the Order in each of the adversary proceedings, but again, Reorganized Debtors failed to do so.

<u>DEFENDANT WAS UNAWARE OF THE FOURTH EXTENSION MOTION AND THE COMPLAINT AT THE TIME THE FOURTH EXTENSION MOTION WAS FILED</u>

8. Having established that Defendant received no notice of the Fourth Extension Motion and Fourth Extension Order from Reorganized Debtors, the question turns to whether Defendant had independent knowledge or notice of those documents from some other source. The answer is no.

9. Mr. Gomizawa states in his declaration, "Defendant was unaware of either the Fourth Extension Motion or the Fourth Extension Order until after it was served with the complaint in March 2010." *Id.* at ¶ 6.

10. Indeed, this is the way Reorganized Debtors wanted it – to have the defendants left in the dark without any knowledge that they had been sued several years prior and that the motions to extend the time to serve the complaint would affect them (by, in essence, extending the statute of limitations for several years). From the time they filed the complaints in 2007 until they unsealed them in 2010, the Reorganized Debtors sought to suppress knowledge of the identity of the defendants. There is no absolutely no mention of who the defendants in the 177 preference cases were (out of the possible 11,000 preference actions) in the Fourth Extension Motion, the prior extension motions, the disclosure statement, and the confirmed plan of reorganization.

11. Absent effective, particularized notice, Defendant had no way of knowing or discovering that the Fourth Extension Motion affected its rights. No amount of due diligence could have uncovered the existence of the complaint until it was unsealed in March 2010.

4

12. Particularized notice to Defendant was important here because the Fourth Extension Order was based on different premises and reasons than the prior three extension orders. As set forth in Defendant's Motion for Relief from Fourth Extension Order (and the briefs of other defendants that Defendant joined in and incorporated), it is inappropriate for this Court to enforce an order which extended the time to serve complaints under Rule 4(m) when such order was based upon different reasons than its predecessor service extension orders.

13. Because Reorganized Debtors shielded Defendant from knowledge of its status as a defendant subject to the effect of the Fourth Extension Order, Defendant is entitled to relief under Rule 60(b) from such order. The Forth Extension Order was entered in error, thus it should be voided or rendered ineffectual as the court did in *Global Crossings Estate Representative v. Alta Partners Holdings LDC*, 385 B.R. 52 (Bankr. S.D.N.Y. 2008).

## CONCLUSION

14. The declaration submitted by Defendant, along with the Reorganized Debtors' affidavits of service (or lack thereof), establish Reorganized Debtors failed to serve the Fourth Extension Motion and Fourth Extension Order on Defendant and Defendant was completely unaware of the Fourth Extension Motion and Fourth Extension Order until after it had been served with the complaint.

15. Defendant should have been given notice of the Fourth Extension Motion as it had an interest in the subject of the motion. Defendant has been prejudiced by the Reorganized Debtor's delay in serving the complaint. See Gomizawa Decl. at pp. 7-10.

16. Accordingly, for the reasons set forth herein and in the motions and briefs previously filed in this case, the Fourth Extension Motion should be vacated and held ineffectual, and Reorganized Debtors' Motion to Amend should be denied.

                                         WARNER NORCROSS & JUDD LLP
                                         Attorneys for Defendant

Dated: July 12, 2011                  By    /s/ Michael B. O'Neal
                                              Michael B. O'Neal (MO-9511)
                                              (Admitted *Pro Hac Vice*)
                                              Warner Norcross & Judd LLP
                                              900 Fifth Third Center
                                              111 Lyon Street, NW
                                              Grand Rapids, MI  49503-2487
                                              Ph:  (616) 752-2000
                                              Fax:  (616) 222-2500
                                              moneal@wnj.com
                                              Attorneys for NGK Automotive Ceramics USA, Inc.

6

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 12th day of July, 2011, a copy of the above and foregoing was served electronically through the Court's CM/ECF system to all parties consenting to such service, and via electronic email and/or United States first class mail, properly addressed and postage prepaid, upon the following:

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
White Plains Office
300 Quarropas Street
White Plains, NY 10601

Office of United States Trustee
Attn: Alicia M. Leonhard, Trace Hope
Davis and Brian Masumoto
33 Whitehall St. 21st Floor
New York, NY 1004

Cynthia J. Haffey
David Devine
Butzel Long, a professional corporation
150 West Jefferson Ave.
Suite 100
Detroit, Michigan 48226
haffey@butzel.com
deVine@butzel.com

Neil Berger
Scott E. Ratner
Togut, Segal and Segal LLP
One Penn Plaza, Suite 3335
New York, NY 10119

                                                          /s/ Michael B. O'Neal

5584044