Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax

Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for NGK Automotive Ceramics USA, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- -x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

------------------------------- -x

| | |
|---|---|
| DELPHI CORPORATION, et. al. | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02541-rdd |
| NGK, NGK AUTOMOTIVE CERAMICS, NGK AUTOMOTIVE CERAMICS USA, INC., and NGK SPARK PLUG MFG. (USA) INC., | |
| Defendants. | |

------------------------------- -x

# EXHIBIT A

### NGK AUTOMOTIVE CERAMICS USA, INC.'S NOTICE OF FILING OF DECLARATION IN SUPPORT OF ITS OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND SUPPLEMENT TO ITS MOTION FOR RELIEF FROM FOURTH ORDER EXTENDING TIME TO SERVE COMPLAINT

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax

Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for NGK Automotive Ceramics USA, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| DELPHI CORPORATION, et. al. | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02541-rdd |
| NGK, NGK AUTOMOTIVE CERAMICS, NGK AUTOMOTIVE CERAMICS USA, INC., and NGK SPARK PLUG MFG. (USA) INC., | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION OF ROY GOMIZAWA

I, Roy Gomizawa, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1

1. I make this Declaration to the best of my knowledge, and if called as a witness, would testify to the facts contained herein.

2. I am the President of NGK Automotive Ceramics USA, Inc. ("**Defendant**").

3. In March 2010, learned for the very first time that Delphi had filed the above-captioned adversary proceeding complaint in September 2007 against Defendant to recover over $4 million in alleged preferential transfers that occurred in 2005.

4. Defendant had no knowledge that it was one of the named defendants being kept secret under seal since Delphi had not provided any indication to Defendant that Delphi would be pursuing a claim against Defendant.

5. I have recently reviewed Delphi's Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") and the Order entered on October 22, 2009 approving that motion (Docket No. 18999) (the "**Fourth Extension Order**").

6. To the best of my knowledge, Defendant was never served with either the Fourth Extension Motion or the Fourth Extension Order. Likewise, to the best of my knowledge, Defendant was unaware of either the Fourth Extension Motion or the Fourth Extension Order until after it was served with the complaint in March 2010.

7. Having no notice that it had been sued or that the time for service of the secret complaint against it had been extended multiple times, Defendant did not take any steps to organize or preserve information that would be necessary to defend against the preference action.

8. Defendant did not specifically archive its employees' computerized information with respect to Delphi. In addition, Defendant did not hold exit interviews with departing

employees who were knowledgeable about the Delphi business relationship or make arrangements to keep in touch with them.

9. If Defendant had known that Delphi was suing it, it would have taken special steps to organize and preserve its records with respect to Delphi, and would have held interviews with employees.

10. Defenant has been gravely prejudiced in its ability to defend this adversary proceeding by Delphi's delay in serving the complaint.

I make this Declaration under penalty of perjury.

Roy Gomizawa

Executed in Detroit, Michigan
on July 8, 2011

5584055

3