**JAECKLE FLEISCHMANN & MUGEL, LLP**
12 Fountain Plaza, Suite 800
Buffalo, New York 14202
Tel: 716.856.0600
Fax: 716.856.0432
Beverley S. Braun, Esq. (admitted *pro hac vice*)
bbraun@jaeckle.com

*Attorneys for Jamestown Container Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | No. 05-44481 (RDD) |
| Debtors. | Jointly Administered |
| DELPHI CORPORATION, *et al.*, | |
| Plaintiffs, | |
| -against- | Adv. Pro. No. 07-02322 |
| JAMESTOWN CONTAINER CORP., | |
| Defendant. | |

**JAMESTOWN CONTAINER CORPORATION'S SUPPLEMENTAL OBJECTION TO THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

In accordance with the Court's direction at the June 21, 2011 hearing, Defendant Jamestown Container Corp. ("Defendant"), by and through its attorneys, Jaeckle Fleischmann & Mugel, LLP, hereby files this supplemental objection the Debtors' Motion for Leave to Amend Complaints.

1.      On March 20, 2006, the Court entered the *Supplemental Order Under 11 U.S.C. §§102(1) and 105 and Fed.R.Bankr.P. 2002(m), 9006, 9007 and 901 Establishing Omnibus Hearing Dates and Certain, Case Management, and Administrative Procedures* (the "1st Supplemental Case Management Order") (Docket No. 2883).

2.      The 1st Supplemental Case Management Order provides specific guidance on providing notice to parties with a particularized interest in a filing.  Specifically, it states at ¶15:

> All Filings shall be served (a) via overnight mail upon all parties with a particularized interest in the subject of the Filing … and (b) by electronic transmission or fax on each party who files a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Prcedure.

3.      On August 26, 2009, the Court entered the *Fifteenth Supplemental Order Under 11 U.S.C. §§102(1) and 105 and Fed.R.Bankr.P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures* (the "15th Supplemental Case Management Order") (Docket No. 18839).

4.      The 15th Supplemental Case Management Order merely confirms that the notice guidelines provided in the 1st Supplemental Case Management Order remain in effect, and does not add any substantive amendments to the 1st Supplemental Case Management Order that re relevant to service or notice of filings.

5.      October 7, 2009, the Debtors filed their *Supplemental Motion Pursuant to Fed.R.Bankr.P. 7004(a) and 9006(b)(1) and Fed.R.Civ.P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* filed on October 2, 2009 (the "4th Extension Motion") (Docket No. 18952).

6. In ¶24 of the 4th Extension Motion, the Debtors represented to the Court that notice of the 4th Extension Motion was provided in accordance with the 1st Supplemental Case Management Order and the 15th Supplemental Case Management Order – this was false.

7. The same day that they filed the 4th Extension Motion, the Debtors filed an Affidavit of Service for the Fourth Extension Motion (the "4th Extension Motion Affidavit of Service") (Docket No. 18967).

8. The 4th Extension Motion Affidavit of Service does not list Defendant as a party receiving service of the 4th Extension Motion, despite Jamestown Container Corporation being a defendant in an adversary proceeding affected by the Order and thus having a particularized interest in the outcome of the 4th Extension Motion.[1]

9. Defendant did not receive any notice of the 4th Extension Motion. See, Declaration of Richard Wiemer, annexed as Exhibit A to Jamestown Container Corporation's Objection to Motion to Amended Complaint (Docket No. 20873).

10. On October 22, 2009, the Court entered an Order approving the 4th Extension Motion (the "4th Extension Order") (Docket No. 18999).

11. In the 4th Extension Order, the Court directs the Debtors to file a copy of the Order in each of the Adversary Proceedings – this was not done in Defendant's Adversary Proceeding.

12. Because Defendant lacked any notice of the 4th Extension Motion, the 4th Extension Order should be vacated, and the adversary proceeding against Jamestown Container Corporation dismissed.

13. Jamestown Container Corporation also joins in similarly situated defendants' submissions with respect to the pursuit of the adversary proceeding against Jamestown Container

---

[1] The same is true of the three prior extension motions.

3

Corporation being inconsistent with the First Confirmed Plan, which provided that the Debtors were not retaining any preference actions against anyone unless specified in Exhibit 7.24. The adversary proceeding against Jamestown Container Corporation is not specified in Exhibit 7.24 – therefore it has not been retained by the Debtors, and should be dismissed.

Dated: Buffalo, New York
July 12, 2011

**JAECKLE FLEISCHMANN & MUGEL, LLP**

By: /s/ Beverley S. Braun
Beverley S. Braun, Esq. (admitted *pro hac vice*)
12 Fountain Plaza, Suite 800
Buffalo, New York 14202
Tel: 716-856-0600
Fax: 716-856-0432
bbraun@jaeckle.com
*Counsel to Jamestown Container Corp.*

1039260v1