CLARK HILL PLC
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Joel D. Applebaum
*pro hac vice admission*
Mahesh K. Nayak
*pro hac vice admission*
japplebaum@clarkhill.com
(248) 642-9692

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| DELPHI CORPORATION, *et al.*, ) | Case No. 05-44481 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____ / ) | Honorable Robert D. Drain |
| | |
| DELPHI CORPORATION, *et al.*, | Adv. Pro. No. 07-02211 |
| | |
| Plaintiffs, | |
| | |
| -against- | |
| | |
| DOSHI PRETTL INTERNATIONAL and DOSHI PRETTL INT., | |
| | |
| Defendants. | |

### DECLARATION OF MAHESH K. NAYAK

1.    I am a member with the law firm of Clark Hill PLC and am counsel of record for Doshi Prettl International, n/k/a Detroit Products International, LLC ("**DPI**" or "**Defendant**"), defendant in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

2.    At the June 21, 2011 hearing on the *Reorganized Debtors' Motion for Leave to File Amended Complaints* [Docket No. 20575; Adv. Pro. Docket No. 29] (the "**Motion**"), the Court instructed the adversary proceeding defendants to file an affidavit advising the Court of the form

and manner of notice (if any) received of the Debtors' *Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* filed on October 2, 2009 [Docket No. 18952] (the "**Fourth Service Extension Motion**"). The Court considered such an affidavit as "part two of a Rule 15 motion." *See* Excerpt from June 21, 2011 Hearing Transcript attached hereto as Exhibit 1 at p. 309, lns 20-25 and p. 310, lns 10-12.

3. This Declaration is being submitted in accordance with the Court's instructions and to supplement the argument that Defendant originally raised in the *Motion and Brief of Defendant to: (A) Vacate Certain Orders of This Court; and (B) Dismiss the Complaint with Prejudice; Or (C) In the Alternative, to Dismiss the Claims Against Certain Defendants Named in the Complaint* [Docket No. 20093 and Adv. Pro. Docket No. 23] (the "**Motion to Dismiss**") and renewed in the *Objection of Defendant to Motion by Reorganized Debtors for Leave to File Amended Complaint* [Docket No. 20912; Adv. Pro. Docket No. 36] (the "**Objection**"); specifically, that amendment of the Complaint would be futile because the Defendant was deprived of its Constitutional right to due process with respect to the service extension orders. Objection at ¶¶ 35-47. This Declaration is also being submitted to supplement the *Motion and Brief of Defendant for Relief from Fourth Order Extending Time to Serve Complaint* [Docket No. 20699; Adv. Pro. Docket No. 31].

4. On October 7, 2009, the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC ("**KCC**") filed an *Affidavit of Service* [Docket No. 18967] stating that it had caused the Fourth Service Extension Motion to be served on parties identified on Exhibits A, B and C to the Affidavit of Service. Exhibit 2. The Affidavit of Service does not identify Defendant

or its prior counsel, David H. Freedman[1], as parties served with the Fourth Service Extension Motion. As this Court indicated at the June 21, 2011 hearing, this Affidavit of Service is "prima facie evidence of who got notice". *See* Excerpt from June 21, 2011 Hearing Transcript attached hereto as <u>Exhibit 1</u> at p. 303, lns 19-20.

5.  Without notice to Defendant, on October 22, 2009, the Court entered an *Order Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* [Docket No. 18999] (the "**Fourth Service Extension Order**").

6.  At the June 21, 2011 hearing, the Court recognized the seriousness of Debtors' failure to serve the Fourth Service Extension Motion when it stated:

> The order I've been focusing on is the fourth one, which is the only one that's at issue in this motions. And that order recites - - based upon a recital in the underlying motion, as well as, I believe, a statement on the record by the debtors' counsel, Ms. Marafioti that the motion was served as set forth in my standing order for service in the case - - your motion as well as others takes issues with that cite, attaching the certificate of service. And I think that's a serious issue here. Separate and apart from the other ones. The order - - the supplemental case management order dated March 17th, 2006 states, "All filing shall be served via overnight mail upon all parties with a particularized interests in the subject of the filing, as well as to the master service list." And the motion that was filed on October 2, 2009 states that, "Notice of this motion has been provided in accordance with the supplemental order." And it doesn't appear to have been. So, I mean, I think that also goes to Rule 60.

*See* <u>Exhibit 1</u> at p. 291, lns 18-25 and p. 292, lns 1-10.

7.  The Court went on to indicate at the June 21, 2011 hearing, "if you really didn't get any notice of [the Fourth Service Extension Motion] then you shouldn't be sued". *See* <u>Exhibit 1</u> at

---

[1] As Mr. Freedman states in his Declaration, he withdrew from representing DPI in connection with Debtor's Chapter 11 bankruptcy case prior to April 16, 2008, and requested to be removed from receiving electronic filings on April 16, 2008 [Docket No. 13411] and requested to be removed again from the service list on September 18, 2008 [Docket No. 14200].

-3-

p. 298, lns 12-16. The Court recognized that "[DPI is] asserting that they weren't even on the matrix, and they weren't served with the [Fourth Service Extension] motion - - and I'm very troubled by the fact that [DPI wasn't] served by the Motion." *See* Id. at p. 298, lns 22-24. The Court suggested that this was a matter of law that could be dealt with now. See, Id., at p. 295, lns 19-23. Since Defendant DPI did not receive any notice of the Fourth Service Extension Motion, the Motion for leave to file amended complaints now before the Court should be denied as to Defendant.

8.  The October 7, 2009 Affidavit of Service filed by the Debtors' claims and noticing agent, **KCC** should be sufficient on its face to make a determination of who received notice as a matter of law, not requiring further inquiry. (See Exhibit 1, p. 295, lns 14-23, p. 319 lns. 2-6). It is noteworthy, however, that this Affidavit of Service, constituting "prima facie evidence" that DPI did not receive notice of the Fourth Service Extension Motion, is consistent with the previously filed April 8, 2010 and November 23, 2010 Declarations of Peter Schrennen (attached as Exhibit A to the Objection and the Motion to Dismiss respectively), and the November 17, 2010 Declaration of DPI's former counsel David H. Freedman (attached as Exhibit 2 to the November 23, 2010 Schrennen Declaration) that neither DPI nor its former counsel received notice of the Fourth Service Extension Motion.

Pursuant to 28 USC §1746, I declare under penalty of perjury that the foregoing is true and correct.

/s/ Mahesh K. Nayak

Executed on: July 12, 2011