EXHIBIT 1

1

1

2       UNITED STATES BANKRUPTCY COURT

3       SOUTHERN DISTRICT OF NEW YORK

4       Case No. 05-44481-rdd

5       - - - - - - - - - - - - - - - - - - -x

6       In the Matter of:

7

8       DPH HOLDINGS CORP., ET AL.,

9

10              Debtors.

11

12      - - - - - - - - - - - - - - - - - - -x

13

14                  U.S. Bankruptcy Court

15                  300 Quarropas Street

16                  White Plains, New York

17

18                  June 21, 2011

19                  10:10 AM

20

21      B E F O R E:

22      HON. ROBERT D. DRAIN

23      U.S. BANKRUPTCY JUDGE

24

25

```
 1
 2    Hearing Re:  Whether the Reorganized Debtors' Proposed Amended
 3    Complaints meet the Rule 8 pleading standard pursuant to
 4    Twombly and Iqbal and also comply with the Dismissal Order
 5    entered by this Court on September 7, 2010.
 6
 7    Hearing Re:  Whether certain individual preferential transfers
 8    alleged in the Proposed Amended Complaints, but not alleged in
 9    the Original Complaints, should now be dismissed because they
10    do not relate back to the dates the Original Complaints were
11    filed.
12
13    Hearing Re:  With respect to Defendants that raise a contract
14    assumption defense at the hearing, whether the factual disputes
15    between the Reorganized Debtors and those Defendants warrants
16    further discovery and investigation.
17
18    Hearing Re the Fourth Extension Challenges.
19
20    Hearing Re:  The procedures to be implemented to adjudicate the
21    case-sensitive, nonpleading-based, factual issues that the
22    Defendants originally raised in their Motions to Vacate and
23    Dismiss, and then raised again in opposition to the Motions.
24    Those issues include, by way of example and not limitation,
25    issues related to notice and prejudice in connection with the
```

1    Rule 4(m) orders.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dena Page

DPH HOLDINGS CORP., ET AL.

1    that plaintiff doesn't have that view, and that it's reliant on

2    factual issues as to whether there was notice or not.

3                MR. APPLEBAUM:  I don't think they've raised any

4    factual issues in response to the two affidavits we submitted

5    in connection with our paper.

6                THE COURT:  Okay.

7                MR. APPLEBAUM:  We've seen none.

8                THE COURT:  All right.  But I don't know if they're

9    still opposing it.  That --

10               MR. APPLEBAUM:  We've seen none.

11               THE COURT:  All right.

12               MR. APPLEBAUM:  I mean, there may be, but we've seen

13   none.

14               THE COURT:  Before -- I mean, I'm laying out issues

15   that I want the plaintiff to respond to.  There's another issue

16   that I acknowledge I did not focus on sufficiently at the July

17   hearing -- because it -- I think I basically crept up in oral

18   argument.  The order I've been focusing on here is the fourth

19   one, which is the only one that's at issue in this motions.

20   And that order recites -- based upon a recital in the

21   underlying motion, as well as, I believe, a statement on the

22   record by the debtors' counsel, Ms. Marafioti that the motion

23   was served as set forth in my standing order for service in the

24   case -- your motion as well as others takes issues with that

25   cite, attaching the certificate of service.

DPH HOLDINGS CORP., ET AL.

1          And I think that's a serious issue here.  Separate and

2     apart from the other ones.  The order -- the supplemental case

3     management order dated March 17th, 2006 states that, "All

4     filing shall be served via overnight mail upon all parties with

5     a particularized interests in the subject of the filing, as

6     well as to the master service list."  And the motion that was

7     filed on October 2, 2009 states that, "Notice of this motion

8     has been provided in accordance with the supplemental order."

9     And it doesn't appear to have been.  So, I mean, I think that

10    also goes to Rule 60.

11         The argument that was made in the motion at the

12    hearing was twofold, as you all point out.  First of all, that

13    the debtors wanted more time given their drastically changed

14    circumstances.  And secondly, that it was quite possible that

15    in light of that more time they'd drop more people and would

16    not pursuit the lawsuits against them.  If people are on notice

17    of that then one can take the view that, well, you know, maybe

18    they're happy not to be served yet.  But if you're not on

19    notice of then that's a sep -- you know, it's a different

20    issue, and that's the overall notice points you made.

21         But there's a subset of that, which is, it does not

22    appear to me that that representation was correct as to the

23    service of the motion.

24         MR. APPLEBAUM:  Well, I certainly -- speaking for my

25    client only, it's correct -- you're correct on both counts.

DPH HOLDINGS CORP., ET AL.

1          THE COURT:  All right.  Okay.

2          MR. APPLEBAUM:  So I guess now I'm sort of at a loss

3     as to where --

4          THE COURT:  All right.  So I basically have -- these

5     are the points I have for the debtors here.  Given that --

6     given the situation where literally there was no notice; that's

7     situation one.  And that's what's asserted by -- is it [Doh'-

8     shi] or [Dah'-shi]?

9          UNIDENTIFIED SPEAKER:  Detroit Products.

10         THE COURT:  What?

11         MR. APPLEBAUM:  [Doh'-shi].

12         UNIDENTIFIED SPEAKER:  Detroit Products, formally

13     known as --

14         THE COURT:  Detroit Products, okay, Detroit Products.

15     What's the response when there's literally no notice?  Second,

16     what's the response on the supplemental case management order

17     and the representation of the motion not apparently being true.

18     And under those scenarios -- if there's not a satisfactory

19     answer on those two, isn't this really -- this is a matter of a

20     law, isn't it?  I mean, can I deal with this now?

21         We don't have to get into whether there was notice or

22     not because there doesn't appear to have been any notice and

23     there doesn't appear to be any response on that issue.

24         MR. APPLEBAUM:  I think we'll sit down, Your Honor.

25         THE COURT:  Okay.

298

DPH HOLDINGS CORP., ET AL.

1   narrow grounds.  That is that the Court -- that nobody can

2   change their reasons for a subsequent extension, which is not

3   at all what global crossing says.  It says you can't now

4   include that at some later in point time unnamed and

5   unidentified defendants.  That's what it says, it doesn't go

6   beyond that.

7           Now, again, I believe the defendants were frustrated

8   because they didn't get some of the issues addressed that they

9   thought ought to be, but we're properly before the Court today,

10  and I think that whole notice discussion is a matter for

11  another time, not here.

12          THE COURT:  I guess, my point though, ultimately, is I

13  understood a fair matter on this point at the July hearing.  I

14  mean, it basically said if you really didn't get any notice of

15  this then you shouldn't be sued.  I mean, I -- so why are we

16  still dealing -- I mean --

17          MR. SENDEK:  Well, there was a question at that time

18  of notice and what is notice and what frame -- what type of

19  notice would be sufficient --

20          THE COURT:  All right.  But it you're --

21          MR. SENDEK:  -- whether --

22          THE COURT:  They're asserting they weren't even on the

23  matrix, and they weren't served with motion -- and I'm very

24  troubled by the fact they weren't served by the motion.

25          MR. SENDEK:  They haven't asserted --

DPH HOLDINGS CORP., ET AL.

1   not necessarily that simple?

2           THE COURT:  Okay.

3           MR. KLEIN:  Doshi Prettl and I've -- Detroit -- they

4   now have a new name and I'm drawing a blank on what it is, but

5   they're the ones who brought the primary motion here.  They

6   were represented in this action.  They filed the claim.  Their

7   attorney withdrew prior to this action.  So, it's -- when we

8   dig into the facts, it's not always going to be as black and

9   white, as note --

10          THE COURT:  Okay.

11          MR. KLEIN:  -- but that's obviously only illustrative.

12  It doesn't deal with the broader issue.

13          THE COURT:  But they didn't get notice of the motion,

14  though.

15          MR. KLEIN:  They didn't get notice of the motion, Your

16  Honor.  Or I shouldn't say they didn't -- I will --

17          MS. HAFFEY:  We don't know.

18          MR. KLEIN:  I will accept, but no, I will --

19          THE COURT:  Well, there's a stipulative service.  I

20  mean, that's prima facie evidence of who got notice.

21          MR. KLEIN:  I will accept for purposes of this

22  discussion that there are defendants who did not receive formal

23  service --

24          THE COURT:  Okay.

25          MR. KLEIN:  -- of the motions, you know, that needs to

DPH HOLDINGS CORP., ET AL.

1    a situation that other than through some miraculous

2    happenstance, no one could have --

3            THE COURT:   I appreciate -- that's why I say there's a

4    spectrum here.

5            MR. KLEIN:   Okay.   Thank you, Your Honor.

6            THE COURT:   Okay.

7            MR. NAYAK:   Your Honor, Mahesh Nayak again.   I'm just

8    wanting to get clarification.   You mentioned some time frames

9    that you would like to see this within --

10           THE COURT:   Yes.

11           MR. NAYAK:   -- and I also want to understand from Your

12   Honor how you view this should happen, whether it should be

13   part and parcel of the -- is this a predicate or a predecessor

14   to the debtors' motion for leave to amend that they can

15   affirmatively somehow establish that service was accomplished

16   to Your Honor's satisfaction, that we would oppose that, there

17   would be a hearing on it in advance of a motion for leave to

18   amend?   Because it seems like a motion for leave to amend, Your

19   Honor --

20           THE COURT:   That's a good question.   I think it partly

21   depend -- I'm not sure there's a difference as far as burden is

22   concerned; if I treat this as step two of their leave to amend

23   or if I treat this as everyone's request for me to take another

24   look at the October order since ultimately the issue is -- I

25   think there's -- in each case, there's a fairly modest burden

DPH HOLDINGS CORP., ET AL.

1    on the debtor in either case.  But maybe I'm wrong about that.

2         I mean, ultimately it is part of -- I think a 15

3    showing to me, ultimately, because it's the futility argument.

4    Rule 15 is -- you know, it's a fairly light burden, ultimately,

5    but -- and I think the futility point here goes back to

6    reconsideration of my order so again, there's some slight

7    burden on the debtor.

8         MR. NAYAK:  Slight burden on the debtor with respect

9    to the --

10        THE COURT:  Under either -- whether I do it under

11   either approach.  But I guess it's probably best done as part

12   two of a Rule 15 motion.

13        UNIDENTIFIED SPEAKER:  -- the timing, Your Honor?

14        THE COURT:  Well, I think step one of this part two

15   would be the defendants' assertion of their facts as to notice

16   and step two of it would be the debtors' response.

17        UNIDENTIFIED SPEAKER:  Understood.

18        MR. KLEIN:  Your Honor, I assume this is only with

19   respect to defendants who have filed an affidavit as to filing

20   notice?

21        THE COURT:  Have or will?  I mean, we specifically

22   didn't make notice part of this hearing, so --

23        MR. KLEIN:  Well, no but there's -- the relevant

24   motions were filed a year ago.

25        THE COURT:  Oh, you don't have to refile one -- you

DPH HOLDINGS CORP., ET AL.

1          MS. HAFFEY:  Well, and it -- I think what --

2          THE COURT:  If it did happen, it's different.  Then

3     you're going to be entitled to discovery and you'll get to the

4     next stage of this saga but if they're not on the certificate

5     of service, then I think the burden's more on you guys at that

6     point.

7          MS. HAFFEY:  In regards to timing, then, Your Honor,

8     since we don't know yet how many defendants are going to, in

9     the next several days --

10         THE COURT:  Right.

11         MS. HAFFEY:  -- provide us with declarations, I would

12    just ask that we set the time for the debtors to respond

13    until -- and maybe set a date in which the defendants will

14    provide us with their declarations and we'll look at the number

15    then and set a time for us to respond.  I think we're at this

16    stage kind of doing that in a vacuum without knowing.

17         THE COURT:  Okay.  I think that's fair.

18         MS. HAFFEY:  Thank you.

19         MR. WURST:  Judge, that's exactly the point I wanted

20    to address.  This -- I'm sorry, Jeff Wurst for Wells Fargo,

21    case 07-02597, to be distinguished from the 02720.

22         The gestation period for this motion is now longer

23    than that for a human being.  This motion was filed September

24    7th and it's now nine and a half months --

25         THE COURT:  Well, I know, but that's not -- I mean,

```
 1
 2                      C E R T I F I C A T I O N
 3
 4      I, Dena Page, certify that the foregoing transcript is a true
 5      and accurate record of the proceedings.
 6
 7
 8      _____
 9      DENA PAGE
10      Also transcribed by:
11      Penina Wolicki, AAERT Certified Electronic Transcriber (CET**D-
12      569)
13      Tzipora Geralnik, AAERT Certified Electronic Transcriber
14      (CET**D-489)
15      Pnina Eilberg, AAERT Certified Electronic Transcriber (CET**D-
16      488)
17      Sara Davis, AAERT Certified Electronic Transcriber (CET**D-567)
18      Sharona Shapiro, AAERT Certified Electronic Transcriber
19      (CET**D-492)
20      Miriam Greenman, AAERT Certified Electronic Transcriber
21      (CET**D-566)
22      Ellen Kolman, AAERT Certified Electronic Transcriber (CET**D-
23      568)
24      Karen Schiffmiller, AAERT Certified Electronic Transcriber
25      (CET**D-570)
```

```
 1   Devora Kessin

 2   Aliza Chodoff

 3   Avigayil Roth

 4   Laurie Ann Sherby

 5

 6   Veritext

 7   200 Old Country Road

 8   Suite 580

 9   Mineola, NY 11501

10

11   Date:   June 24, 2011

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```