LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C.
Susan M. Cook (Mich. Bar No. P31514)
Rozanne M. Giunta (Mich. Bar No. P29969)
Adam D. Bruski (Mich. Bar No. P70030)
916 Washington Ave, Suite 309
PO Box 835
Bay City, MI  48707
989-893-3518
scook@lambertleser.com

Attorneys for Defendant Pro Tech Machine

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
In re                                       )    Chapter 11
                                            )
DPH HOLDINGS CORP., et al.,                 )    Case No. 05-44481 (RDD)
                                            )
        Debtors.                            )    Hon. Robert D. Drain
                                            )
_____)
                                            )
DELPHI CORPORATION, et al.,                 )
                                            )
        Plaintiffs,                         )
                                            )
v.                                          )
                                            )
PRO TECH MACHINE                            )    Adv. Pro. No. 07-02690 (RDD)
                                            )
        Defendant.                          )
_____)

**PRO TECH MACHINE'S SUPPLEMENTAL OBJECTION TO THE REORGANIZED**

**DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

In accordance with the Court's direction at the June 21, 2011 hearing, the defendant in the above-captioned matter ("Defendant"), by and through its attorneys, hereby files this supplemental objection the Debtors' Motion for Leave to Amend Complaints.

{00107736}1

1. On March 20, 2006, the Court entered the Supplemental Order Under 11 U.S.C. §§102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 901 Establishing Omnibus Hearing Dates and Certain, Case Management, and Administrative Procedures (the "1st Supplemental Case Management Order") (Docket No. 2883).

2. The 1st Supplemental Case Management Order provides specific guidance on providing notice to parties with a particularized interest in a filing. Specifically, it states at ¶15:

    > All Filings shall be served (a) via overnight mail upon all parties with a particularized interest in the subject of the Filing … and (b) by electronic transmission or fax on each party who files a notice of appearance or request for documents in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

3. On August 26, 2009, the Court entered the Fifteenth Supplemental Order Under 11 U.S.C. §§102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (the "15th Supplemental Case Management Order") (Docket No. 18839).

4. The 15th Supplemental Case Management Order merely confirms that the notice guidelines provided in the 1st Supplemental Case Management Order remain in effect, and does not add any substantive amendments to the 1st Supplemental Case Management Order that re relevant to service or notice of filings.

5. On October 7, 2009, the Debtors filed their Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend

{00107736}2

Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order filed on October 2, 2009 (the "4th Extension Motion") (Docket No. 18952).

6. In ¶24 of the 4th Extension Motion, the Debtors represented to the Court that notice of the 4th Extension Motion was provided in accordance with the 1st Supplemental Case Management Order and the 15th Supplemental Case Management Order – this was false.

7. The same day that they filed the 4th Extension Motion, the Debtors filed an Affidavit of Service for the Fourth Extension Motion (the "4th Extension Motion Affidavit of Service") (Docket No. 18967).

8. The 4th Extension Motion Affidavit of Service does not list Defendant as a party receiving service of the 4th Extension Motion, despite it being a defendant in an adversary proceeding affected by the Order and thus having a particularized interest in the outcome of the 4th Extension Motion.

9. Defendant did not receive any notice of the 4th Extension Motion.[1]

10. On October 22, 2009, the Court entered an Order approving the 4th Extension Motion (the "4th Extension Order") (Docket No. 18999).

11. In the 4th Extension Order, the Court directs the Debtors to file a copy of the Order in each of the Adversary Proceedings – this was not done in Defendant's Adversary Proceeding.

---

[1] Or, for that matter, any of the previous extension motions.

12. Because Defendant lacked any notice of the 4th Extension Motion, the 4th Extension Order should be vacated, and the adversary proceeding against the Defendant dismissed.

13. The Defendant also joins in similarly situated defendants' submissions with respect to the pursuit of the adversary proceeding the Defendant being inconsistent with the First Confirmed Plan, which provided that the Debtors were not retaining any preference actions against anyone unless specified in Exhibit 7.24. The adversary proceeding against the Defendant is not specified in Exhibit 7.24 – therefore it has not been retained by the Debtors, and should be dismissed.

Respectfully submitted,

LAMBERT, LESER, ISACKSON,
COOK & GIUNTA, P.C.

Dated: July 12, 2011.        By:        /s/ Susan M. Cook

Susan M. Cook (MI Bar No. P31514)
Rozanne M. Giunta (MI Bar No. P29969)
Adam D. Bruski (MI Bar No. P70030)
Attorneys for the Defendant
916 Washington Ave, Suite 309
PO Box 835
Bay City, MI  48707
989-893-3518
scook@lambertleser.com