UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
In re                                                      :
                                                           :    Chapter 11
DPH HOLDINGS CORP, et al.,                                 :
                                                           :    Case No. 05-44481 (RDD)
                    Reorganized Debtors.                   :    (Jointly Administered)
---------------------------------------------------------- x
DELPHI AUTOMOTIVE SYSTEMS, LLC,                            :
                                                           :    Adv. Pro. No. 07-02688 (RDD)
                    Plaintiff,                             :
                                                           :
        -against-                                          :
                                                           :
THE TIMKEN COMPANY and THE                                 :
TIMKEN CORPORATION,                                        :
                                                           :
                    Defendants.                            :
---------------------------------------------------------- X

## DECLARATION OF MICHAEL HART

Michael Hart, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am the Manager, Credit & Accounts Receivable, of The Timken Corporation. I have held this title since September 1, 2010, when the prior Manager, Robert Morris, retired. I have been employed by The Timken Corporation since January 2, 2006. I held the title of Assistant Manager, Credit & Accounts receivable from January 2, 2006 through August 31, 2010.

2.  I submit this declaration in further support of the Opposition of The Timken Company and The Timken Corporation (collectively "Timken") to the Reorganized Debtors' (the "Reorganized Debtors") Motion for Leave to File Amended Complaints and Timken's Motion to Vacate the Fourth Extension Order.

881760                                - 1 -

3.     Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4.     Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under chapter 11 of title 11 of the United States Code.

5.     Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed. R. Civ. P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6.     To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7.     Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Timken (the "Adversary Proceeding") under seal.

8.     To the best of my knowledge, information, and belief, neither Timken nor its counsel was aware of the Adversary Proceeding until Timken was served with it on or about April 8, 2010.

9. Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10. Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Motions related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with copies of the Extension Motions by overnight mail.

11. Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Orders related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with a copy of the Extension Orders by overnight mail.

[Remainder of Page Intentionally Blank]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of July, 2011 at Canton, Ohio.

/s/ Michael Hart
Michael Hart