TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
425 Park Avenue
New York, New York 10022
Tel: (212) 754-9400
Fax: (212) 754-6262
Janice B. Grubin

and

TAFT STETTINUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Tel: (513) 381-2838
Fax: (513) 381-0205
W. Timothy Miller (admitted *pro hac vice*)
Paige Leigh Ellerman (admitted *pro hac vice*)

*Attorneys for Defendant Select Industries, Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DPH HOLDINGS CORP., *et al.*,<br><br>      Debtors, | Chapter 11<br>Case No. 05-44481 (RDD)<br>Jointly Administered |
| DELPHI AUTOMOTIVE SYSTEMS, LLC,<br><br>      Plaintiff,<br>v.<br><br>SELECT INDUSTRIES, CORP.,<br><br>      Defendant. | Adv. Pro. No. 07-02618 (RDD) |

**AFFIDAVIT OF W. TIMOTHY MILLER, ESQ. IN SUPPORT OF OPPOSITION OF
SELECT INDUSTRIES, CORP. TO REORGANIZED DEBTORS'
<u>MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS</u>**

12253668.1

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) ss |
| HAMILTON COUNTY | ) |

W. Timothy Miller ("Miller") deposes and states:

1. I am a partner in the law firm of Taft, Stettinius and Hollister, LLP and am counsel of record for Select Industries, Corp. ("Select") in the above-referenced cases.

2. On behalf of Select, I submit this affidavit as directed by the Court during the June 21, 2011 hearing in the above-referenced cases, to address the notice Select received of the Complaint (defined below) and the proposed entry of the Fourth Extension Order (defined below), and in further support of Select's Opposition (the "Opposition") [Debtors' Main Case Docket No. 20944 and Select Adv. Proc. Doc. No. 36] to Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend").

3. On or about May 6, 2006, I filed a Notice of Appearance and Demand for Notices and Papers (the "Notice of Appearance") (Doc. No. 3639) on behalf of Select in the main bankruptcy case styled *In re Delphi Corporation, et al.*, Case No. 05-44481 (RDD) (the "Main Case").

4. On or about September 29, 2007, the Debtors filed under seal the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") initiating Adversary Proceeding No. 07-02618 (the "Adversary Proceeding") against Select, seeking the avoidance and recovery of approximately $4 million in alleged preferential transfers. The docket in the Adversary Proceeding reflects that no summons or notice of the filing of the Complaint was served on Select until April 1, 2010.

5. On or about October 2, 2009, the Debtors filed in the Main Case their Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend

2

12253668.1

Deadline to Serve Process for Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Fourth Extension Motion") (Doc. No. 18952). The Fourth Extension Motion does not appear in the docket of the Adversary Proceeding.

6. The Fourth Extension Motion provides that the relief it requests applies to 177 retained "Adversary Proceedings listed on Exhibit 7.19 of the Modified Plan." (Fourth Extension Motion at 9.) The July 2, 2009 Notice of Filing of Plan Exhibits with Respect to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) (Doc. No. 17557) has attached to it Exhibit 7.19, Retained Causes of Action. The Adversary Proceeding is listed on Exhibit 7.19 by reference to its number, "07-02618", and does not contain any reference to Select.

7. Paragraph 24 of the Fourth Extension Motion states that notice was provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1), 105(a), and 105(d) and Fed. R. Bankr. P. 2002(m), 9006, 9007 and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures (the "Supplemental Case Management Order") (Doc. No. 2883). (Fourth Extension Motion at 11.) The Supplemental Case Management Order required the Fourth Extension Motion to be served "via overnight mail upon all parties with a particularized interest in the subject of the Filing." (Supplemental Case Management Order at 8.)

8. On or about October 7, 2009, the Debtors filed in the Main Case an Affidavit of Service (Doc. No. 18967) pertaining to the Fourth Extension Motion. Exhibit A of this Affidavit of Service lists parties who received the Fourth Extension Motion via overnight mail and it does not list me or Select. Exhibit B of this Affidavit of Service provides that I received electronic notification of the Fourth Extension Motion. This Affidavit of Service does not appear in the docket of the Adversary Proceeding.

3

12253668.1

9. On or about October 22, 2009, the Court entered an Order Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Fourth Extension Order") (Doc. No. 18999).

10. Paragraph 4 of the Fourth Extension Order directs the Debtors to file the Fourth Extension Order in the Adversary Proceeding. The Fourth Extension Order does not appear in the docket of the Adversary Proceeding.

11. On or about February 10, 2010, I was served by the Debtors with a Notice of Objection to Claim, dated February 3, 2010, directed to Select. The basis for the Debtors' objection to Select's claims is listed as "Preference-Related Claims." The Notice of Objection to Claim is the first time that Select was notified that it might be a defendant in a preference avoidance action.

12. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ _____
W. Timothy Miller

Subscribed to and sworn before me this 12th day of July, 2011.

/s/ _____
Notary Public
My commission expires: _____

THOMAS R. SCHUCK
NOTARY PUBLIC-STATE OF OHIO
[illegible]

12253668.1