# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
    In re:                                            :         Chapter 11
: 
DELPHI CORPORATION, et al.,            :         Case No. 05-44481 (RDD)
: 
              Debtors.                 :         (Jointly Administered)
: 
------------------------------------------------------------x

       AMENDED ORDER UNDER 11 U.S.C. §§ 363, 1113, AND 1114 AND FED. R. BANKR. P.
6004 AND 9019 APPROVING MEMORANDUM OF UNDERSTANDING AMONG
IUE-CWA, DELPHI, AND GENERAL MOTORS CORPORATION INCLUDING
MODIFICATION OF IUE-CWA COLLECTIVE BARGAINING AGREEMENTS AND
RETIREE WELFARE BENEFITS FOR CERTAIN IUE-CWA-REPRESENTED RETIREES

       ("AMENDED IUE-CWA 1113/1114 SETTLEMENT APPROVAL ORDER")

            Upon the expedited motion ("IUE-CWA 1113/1114 Settlement Approval Motion" or the "Motion"), dated August 6, 2007, of Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 363, 1113, and 1114 of the Bankruptcy Code and Fed. R. Bankr. P. 6004 and 9019 approving (i) a memorandum of understanding regarding Delphi's restructuring entered into among the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication Workers of America ("IUE-CWA"), Delphi, and General Motors Corporation ("GM"), dated August 5, 2007 (with the attachments thereto, the "IUE-CWA Settlement Agreement" or the "Memorandum of Understanding"), that (a) modifies, extends, or terminates provisions of the existing collective bargaining agreements among Delphi, the IUE-CWA, and its various locals (the "IUE-CWA CBAs") and (b) provides that Delphi and GM will undertake certain financial obligations to

Delphi's IUE-CWA-represented employees and retirees to facilitate these modifications, (ii) withdrawal without prejudice of the Debtors' Motion For Order Under 11 U.S.C. § 1113(c) Authorizing Rejection Of Collective Bargaining Agreements And Under 11 U.S.C. § 1114(g) Authorizing Modification Of Retiree Welfare Benefits, dated March 31, 2006 (the "1113/1114 Motion") solely as it pertains to the IUE-CWA and approving the parties' settlement of the 1113/1114 Motion solely as it pertains to the IUE-CWA, and (iii) modification of retiree welfare benefits for certain IUE-CWA-represented retirees of the Debtors, all as more fully set forth in the IUE-CWA 1113/1114 Settlement Approval Motion; and the only remaining conditions to the effectiveness of the IUE-CWA Settlement Agreement pursuant to Section H.1 thereof being ratification of the IUE-CWA Settlement Agreement by IUE-CWA membership and this Court's entry of an approval order satisfactory in form and substance to the IUE-CWA, GM, and Delphi; and this Court having been advised by counsel to the IUE-CWA, GM, and Delphi that the form and substance of this order is satisfactory to each of the IUE-CWA, GM, and Delphi as required by Section H.1 of the IUE-CWA Settlement Agreement; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

    ORDERED, ADJUDGED, AND DECREED THAT:

    1.    The Motion is GRANTED.

    2.    The Debtors are hereby authorized to enter into the IUE-CWA Settlement Agreement, a copy of which is attached hereto as <u>Exhibit 1</u>, and to implement the terms of such IUE-CWA Settlement Agreement.

3. Each of the signatories to the IUE-CWA Settlement Agreement (each such party, a "Signatory," and collectively, the "Signatories") is directed to take all actions necessary or appropriate to effectuate the terms of this order and the terms of the IUE-CWA Settlement Agreement, including, without limitation, any and all actions necessary or appropriate to such Signatory's implementation of and performance under the IUE-CWA Settlement Agreement.

4. The IUE-CWA Settlement Agreement is binding on the Debtors, GM, and the IUE-CWA subject to its terms and constitutes a valid and binding amendment to the IUE-CWA CBAs with authorized representatives of all individuals who were or are in a bargaining unit represented by the IUE-CWA, as permitted by section 1113 of the Bankruptcy Code and the IUE-CWA CBAs as amended, or otherwise, and the IUE-CWA CBAs, in accordance with the IUE-CWA Settlement Agreement, are binding on the Debtors and the IUE-CWA.

5. The IUE-CWA Settlement Agreement constitutes a valid and binding amendment to existing retiree health and welfare benefits, as permitted by section 1114 of the Bankruptcy Code, or otherwise.

6. Notice of the IUE-CWA 1113/1114 Settlement Approval Motion was properly and timely served in accordance with the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on October 26, 2006 (Docket No. 5418), the Supplemental Order Under 11 U.S.C. Sections 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered on March 17, 2006 (Docket No. 2883), and by service upon (a) the IUE-CWA, 501 Third Street, NW Washington, D.C. 20001-2797, (b) counsel to the IUE-

CWA, Kennedy Jennik & Murray, P.C., 113 University Place, 7th Floor, New York, New York 10003, and (c) the active Delphi hourly employees and hourly retirees who are represented by the IUE-CWA at their individual addresses, pursuant to an informational form of notice, a copy of which was attached to the IUE-CWA 1113/1114 Settlement Approval Motion as Exhibit 1.

7. The Debtors are authorized to withdraw, without prejudice, their 1113/1114 Motion solely as it pertains to the IUE-CWA. The 1113/1114 Motion is settled solely as it pertains to the IUE-CWA.

8. Subject to Section H.2.e of the IUE-CWA Settlement Agreement, the IUE-CWA shall receive an allowed general unsecured prepetition claim against Delphi in the amount of $126 million in complete settlement of all asserted and unasserted IUE-CWA claims, including, but not limited, to IUE-CWA/Delphi Joint Activities Center (the "JAC") asserted and unasserted claims (the "Allowed Claim"). Of the net proceeds realized by the IUE-CWA from a sale of the Allowed Claim: (i) 20.6% shall be utilized to establish Health Savings Accounts for certain eligible Delphi employees and their dependents who were eligible for Delphi retiree health insurance at the time of their retirement or separation from Delphi and are not eligible for any benefits under any of the IUE-CWA-negotiated retiree health benefit programs in the General Motors bankruptcy litigation (not to exceed $10,000 per eligible employee); (ii) 71.4% shall be paid to the IUE-CWA Skills and Advancement Fund, a 501(c)(6) qualified tax exempt entity that pays for training programs to upgrade the job skills and employability of IUE-CWA members, and (iii) 7.9% shall be paid to the IUE-CWA JAC Building Corporation to be used to maintain and upgrade the training center operated by IUE-CWA. The purposes for which the proceeds of a sale of the Allowed Claim are to be used apply to IUE-CWA and not to any transferee of the Allowed Claim. ~~The proceeds realized by the IUE-CWA and/or the VEBA Trust~~

4

~~(as defined below) from a $26 million dollar portion of the Allowed Claim, shall be paid directly to a voluntary employees' beneficiary association trust ("VEBA Trust") to be established and sponsored by the IUE-CWA to provide supplemental retiree health insurance to certain eligible Delphi employees and their dependents; the proceeds realized by the IUE-CWA and/or the VEBA Trust from a $90 million dollar portion of the Allowed Claim, shall be paid directly to a VEBA Trust to be established and sponsored by the IUE-CWA for the purpose of funding employee benefits for active and retired employees and their dependents; and the proceeds realized by the IUE-CWA and/or a VEBA Trust from a $10 million dollar portion of the Allowed Claim, shall be paid directly to the successor to the JAC[1] entity which shall be established and administered by the IUE-CWA.~~

9.      Debtors, GM, and Delphi will cause the IUE-GM National Joint Skill Development and Training Committee to quitclaim any rights to the JAC Building to the IUE-CWA International or to an agreed upon not-for-profit entity and the IUE-CWA and Delphi shall cause the IUE-CWA-Delphi Joint Activities Center to agree to and assist with this transfer.

10.     As a condition precedent to the effectiveness of certain obligations of the parties pursuant to Section H.2 of the IUE-CWA Settlement Agreement and as provided in Section H.3 of the IUE-CWA Settlement Agreement, any Debtors' plan of reorganization (the "Delphi Reorganization Plan") that is consistent with the IUE-CWA Settlement Agreement and any confirmation order entered into with respect to such plan shall include the following provisions:

   (a)  On the effective date of the Delphi Reorganization Plan, the IUE-CWA, all employees and former employees of Delphi represented

---

[1] ~~Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Memorandum of Understanding.~~

5

or formerly represented by the IUE-CWA, and all persons or entities with claims derived from or related to any relationship with such employees or former employees of Delphi, shall waive and release and be deemed to have waived and released any and all claims of any nature, whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, existing and/or arising in the future against Delphi, its subsidiaries, or affiliates, the Delphi HRP, the Delphi Health Care Program for Hourly Employees and the Delphi Life and Disability Benefits Program for Hourly Employees, GM, its subsidiaries or affiliates, the GM HRP, the GM Health Care Program for Hourly Employees, and the GM Life and Disability Benefits Program for Hourly Employees, and the officers, directors, employees, fiduciaries, and agents of each, arising directly or indirectly from or in any way related to any obligations under the IUE-CWA CBAs and the collective bargaining agreements between GM and the IUE-CWA related to such employees and the IUE-CWA-GM-Delphi Memorandum of Understanding regarding pension and other matters concerning the employment of GM employees with Delphi Automotive Systems related to such employees (provided, however, that claims for benefits provided for or explicitly not waived under the provisions of the IUE-CWA Settlement Agreement (including, but not limited to, workers' compensation benefits against Delphi, its subsidiaries, or affiliates that are otherwise assertable under applicable law) are not waived).

(b)    A plan exculpation and release provision (which provision shall be at least as comprehensive as the plan exculpation and release provision under the Delphi Reorganization Plan) for the IUE-CWA released parties (which shall include the IUE-CWA and each of their current or former members, officers, committee members, employees, advisors, attorneys, accountants, investment bankers, consultants, agents and other representatives) with respect to any liability such person or entity may have in connection with or related to the Delphi bankruptcy cases, the formulation, preparation, negotiation, dissemination, implementation, administration, confirmation, or consummation of any of the Delphi Reorganization Plan, the disclosure statement concerning the plan, the IUE-CWA Settlement Agreement, or the Agreements on Attachment E thereto, or any contract, employee benefit plan, instrument, release, or other agreement or document created, modified, amended, or entered into in connection with either the Delphi Reorganization Plan or any agreement between the IUE-CWA or Delphi, or any other act taken or omitted to be taken consistent with the IUE-CWA Settlement Agreement in connection with the Delphi bankruptcy.

6

      (c)      The IUE-CWA Settlement Agreement and the agreements referenced in Attachment E thereof shall be assumed under 11 U.S.C. § 365.

11. Effective upon allowance of the general unsecured prepetition claim in Paragraph 8 above of this order, all claims referenced in the IUE-CWA Settlement Agreement (other than any claims of GM against any of the Debtors), including those claims listed on <u>Exhibit 2</u>, a copy of which is attached hereto, are hereby deemed waived and withdrawn with prejudice.

12. Nothing contained in the IUE-CWA Settlement Agreement shall constitute an assumption of any agreement described therein, including, without limitation, any IUE-CWA CBA (except as provided for in Section H.3 of the IUE-CWA Settlement Agreement) or any commercial agreement between GM and Delphi, nor shall anything therein be deemed to create an administrative or priority claim with respect to GM or convert a prepetition claim into a postpetition claim or an administrative expense with respect to any party. The IUE-CWA Settlement Agreement is without prejudice to any party-in-interest (including the parties to the IUE-CWA Settlement Agreement and the Debtors' statutory committees) in all other aspects of Delphi's chapter 11 cases and each party to the IUE-CWA Settlement Agreement shall reserve all rights not expressly waived therein. Further, nothing in the Motion, the IUE-CWA Settlement Agreement, this Court's approval of such agreement, the performance of any obligation thereunder, or any other document shall prejudice any right or remedy of any Debtor against any other Debtor with respect to the allocation of Delphi's obligations under the IUE-CWA Settlement Agreement or claims asserted against, or payments by, Delphi thereunder, all of which rights are expressly preserved.

13. This Court shall retain jurisdiction to hear and determine all matters

7

arising from the implementation and performance of this order and the IUE-CWA Settlement Agreement, and over each of the Signatories in connection therewith, through the effective date of a plan of reorganization proposed by the Debtors and confirmed by this Court (and thereafter to the extent provided for in such reorganization plan); provided, however, that the Court's jurisdiction shall not extend to any bilateral agreements of the IUE-CWA and GM.

14. Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, (a) this order shall take effect immediately upon its entry, (b) upon entry of this order, the Debtors are authorized to take any and all necessary actions to implement the terms of the IUE-CWA Settlement Agreement, including executing any amendments to existing collective bargaining agreements consistent in all material respects with the IUE-CWA Settlement Agreement, and (c) the IUE-CWA Settlement Agreement shall become effective upon entry of this order and, to the extent required, satisfaction of the conditions set forth in the IUE-CWA Settlement Agreement.

15. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

15.16. Notwithstanding the provisions outlined above, any preconditions set forth in the IUE-CWA Settlement Agreement (attached as Exhibit 1) necessary to allow payment by the Debtors on the IUE-CWA Allowed Claim have been fully satisfied. The IUE-CWA claim is not subject to any contingencies or conditions and shall be an allowed claim in the event of any distribution to General Unsecured Creditors in this proceeding on the same basis as the other allowed general unsecured creditors. All of the conditions to the effectiveness of Sections G and H of the Settlement Agreement—as set forth in Section H.2 thereof—have occurred. The IUE-

8

CWA claim is freely assignable by the IUE-CWA to any party.

Dated:  New York, New York
        July _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

9