UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
|                                       : Chapter 11
In re                                   :
                                        : Case No. 05-44481 (RDD)
DELPHI CORPORATION, *et al.*,           :
                                        : Jointly Administered
         Debtors.                       :
                                        :
_____:

**METHODE ELECTRONICS, INC.'S SUPPLEMENTAL RESPONSE TO THE
REORGANIZED DEBTORS' FORTY-SIXTH OMNIBUS OBJECTION TO
DISALLOW AND EXPUNGE THE METHODE ELECTRONICS CLAIMS**

| | |
|---|---|
| WACHTELL, LIPTON, ROSEN & KATZ | LOCKE LORD BISSELL & LIDDELL LLP |
| 51 West 52nd Street | 111 South Wacker Drive |
| New York, New York  10019 | Chicago, Illinois  60606 |
| Telephone:  (212) 403-1000 | Telephone:  (312) 443-0654 |
| Facsimile:  (212) 403-2000 | Facsimile:  (312) 896-6654 |
| | |
| | LOCKE LORD BISSELL & LIDDELL LLP |
| | Three World Financial Center |
| | New York, NY 10281 |
| | Telephone:  212-415-8600 |
| | Facsimile:  212-303-2754 |
| | |
| Dated:  July 22, 2011 | *Attorneys for Methode Electronics, Inc.* |

Methode Electronics, Inc. ("Methode") submits this supplemental response to the Reorganized Debtors' Forty-Sixth Omnibus Objection Pursuant to 11 U.S.C. § 503(b) and Fed. R. Bankr. P. 3007 to disallow and expunge certain administrative claims, including, *inter alia*, the Methode Electronics Claims, dated March 19, 2010 [Doc. 19,711] (hereinafter "Delphi's Objection"), which supplements the *Memorandum of Law in Support of Motion of Methode Electronics, Inc. for an Order (I) Permitting Methode to Continue Post-Petition Litigation With the Reorganized Debtors in Michigan and (II) Overruling the Reorganized Debtors' Timeliness Objection to Methode's Administrative Expense Claims*, filed April 20, 2010 [Doc. 19,896].

The Reorganized Debtors objected to the Methode Electronics Claims[1] on three grounds: they are allegedly (i) duplicative;[2] (ii) untimely; and (iii) meritless. On July 1, 2011, Methode filed its Memorandum of Law in Support of Motion of Methode Electronics, Inc. for Leave to File its Amended Counterclaim Against the Reorganized Debtors in Michigan [Doc. 21,425] (hereinafter "Methode's Counterclaim Motion") and it is incorporated by reference herein in its entirety.

First, the Methode Electronics Claims were not untimely. Methode was not required to file a claim for the Contract Claim by the July 15 Bar Date because the Reorganized Debtors had not actually terminated the 2008 Agreement, on which that claim is based, by the end of the claims period for the July 15 Bar Date. (Methode's Counterclaim Motion, p. 20). Further, Methode was not required to comply with the July 15 Bar Date because, as explained in more

---

[1] Capitalized terms used herein but not defined shall have the same meaning given to them in the Forty-Sixth Omnibus Objection. In light of this Court's Order, dated June 14, 2010 [Doc. 20,240] with respect to the Patent Claim, this response only addresses Delphi's objection to the Contract Claim.

[2] As set forth in Methode's April 20, 2010 memorandum of law, Methode is willing for its claim number 19951 to be expunged as duplicative, on the condition that it will receive payment in full of its claim number 19950 to the extent that claim is ultimately allowed.

1

detail in Methode's Counterclaim Brief, the administrative bar date notices were facially inadequate, ambiguous, misleading and insufficient as a matter of law. (Methode's Counterclaim Motion, pp. 34-37).

Further, as set forth in more detail in Methode's Counterclaim Motion, the Reorganized Debtors cannot enforce the July 15 Bar Date against Methode when it actively concealed for close to three years the fact that it had sued Methode for approximately $20 million of alleged avoidable preferences. (Methode's Counterclaim Motion, pp. 16-19). Indeed, Delphi's Objection, which was filed on the very same day that the Reorganized Debtors unsealed the preference lawsuit against Methode, fails even to mention that the very orders upon which the objection is based—the Modified Plan injunction and both Administrative Bar Date orders—were procured from the Court during the thirty months that Reorganized Debtors actively concealed the preference lawsuit. (Methode's Counterclaim Motion, pp. 17-18).

Second, Delphi's Objection utterly fails to show that the Contract Claim is meritless. The Contract Claim has been the subject of a lawsuit in Michigan state court, which has yet to resolve. The case was litigated in Michigan state court for 14 months before being stayed. During that time, extensive discovery was conducted by both parties, including the production of hundreds of thousands of documents. Indeed, despite the contention in Delphi's Objection that the Contract Claim is meritless, Delphi never moved to dismiss Methode's claim, nor did it ever move for summary judgment—rather it requested a jury trial on August 25, 2009, almost eight months after Methode filed its contract counterclaim. Further, the Michigan state court stayed the case only reluctantly, after stating that the Modified Plan injunction "does not address [Methode's Counterclaim], much less explain how its continuation would defeat or impair the [Michigan court's] jurisdiction with respect to the Delphi petition." (*See* Methode's

2

Counterclaim Motion, p. 13). Simply, the Contract Claim was well underway in Michigan, and it should be resolved before the Michigan court that is already well-acquainted with the merits of the case.

Finally, as set forth in detail in Methode's Counterclaim Motion, this Court lacks subject matter jurisdiction over the Methode Electronics Claims. (Methode's Counterclaim Motion, pp. 21-33). Delphi's intentional concealment of its preference lawsuit against Methode precludes the Reorganized Debtors' claim that Methode "consented " to jurisdiction. (Methode's Counterclaim Motion, pp. 21-22). Also, Methode filed the proofs of claims—nos. 19950 and 19951—involuntarily, and thus the filing of those claims cannot confer this Court with jurisdiction over the Contract Claim. (Methode's Counterclaim Motion, pp. 22-25). Further, Methode filed the Contract Claim in the Michigan court post-confirmation, the claim has no nexus to the Modified Plan, and the confirmed plan expressly relinquished jurisdiction over this claim. (Methode's Counterclaim Motion, pp. 25-33). Thus, Methode's Contract Claim should be resolved in the state court where it has been pending.

Accordingly, Methode maintains its objection to this Court's subject matter jurisdiction over the Contract Claim. Methode's response to Delphi's Objection to the Methode Electronics Claims should not be construed in any way as Methode's consent or a waiver of its right to object to this Court's jurisdiction over the Contract Claim.

3

For the foregoing reasons and those set forth in Methode's Counterclaim Motion, Delphi's Objection to the Methode Electronics Claims should be denied.

Dated: New York, New York
       July 22, 2011

**LOCKE LORD BISSELL & LIDDELL LLP**

__/s/ Shalom Jacob___
Shalom Jacob
Three World Financial Center
New York, NY 10281
Telephone: 212-415-8600
Facsimile: 212-303-2754

**LOCKE LORD BISSELL & LIDDELL LLP**
Ann Marie Walsh
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-0654
Facsimile: (312) 896-6654

**WACHTELL, LIPTON, ROSEN & KATZ**
Douglas K. Mayer
Emil A. Kleinhaus
Alexander B. Lees
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000