**THOMPSON & KNIGHT LLP**
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3001
Facsimile: (212) 751-3113
Ira L. Herman
Jennifer A. Christian
Gabrielle E. Farina

*Attorneys for Victory Packaging LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
| | |
|---|---|
| In re: : | |
| : | Case No. 05-44481 (RDD) |
| DPH HOLDINGS CORP., et al.,  : | (Jointly Administered) |
| : | |
| Reorganized Debtors. : | Chapter 11 |
-------------------------------------------------------x
| | |
|---|---|
| DELPHI CORPORATION, et al. : | |
| : | |
| Plaintiffs, : | |
| : | Adv. No. 07-02551 (RDD) |
| -against- : | |
| : | |
| : | |
| VICTORY PACKAGING LP, : | |
| : | |
| Defendant. : | |
-------------------------------------------------------x

### VICTORY PACKAGING LP'S FURTHER OPPOSITION TO REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS REGARDING NOTICES OF NON-ASSUMPTION ALLEGEDLY SERVED ON VICTORY

Victory Packaging LP ("Victory"), by and through its undersigned counsel, and in further support of its opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion to Amend") against various preference defendants (collectively, the "Defendants"), including Victory, respectfully states:

**PROCEDURAL POSTURE**

1. After the dismissal of the initial complaint filed in this matter against Victory, the Reorganized Debtors filed the Motion to Amend, on or about September 7, 2010.

2. Thereafter, Victory responded by filing its brief in Opposition to the Motion to Amend, on November 23, 2010.

3. The Reorganized Debtors filed their Omnibus Reply in Further Support of the Motion to Amend, on or about January 28, 2011.

4. Victory filed its Sur-Reply and Joinder in Further Support of its Opposition to the Motion to Amend, on June 14, 2011.

5. At the hearing on the Motion to Amend held on June 21, 2011 (the "Hearing"), the Court considered the various arguments that Victory and the other Defendants raised in opposition to the Motion to Amend and authorized the parties to take certain actions. In particular, the Court authorized any Defendants that did not receive timely notice of the *Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* [Docket No. 18952] (the "Fourth Extension Motion") to file a declaration to that effect within three weeks of the hearing.

6. Victory filed its *Notice of Filing of Declaration of Leah Borrello, and Joinder in Methode Electronics, Inc.'s Opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaints, in Support of Victory Packaging LP's Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints* [Main Docket No. 21483; Adv. Proc. Docket No. 46], on July 12, 2011, which described how Victory did not receive timely notice of the Fourth Extension Motion (or any of the other extension motions).

7. Also at the Hearing, the Reorganized Debtors asserted that (a) the Debtors assumed and rejected executory contracts at the purchase order level, and (b) Victory had been served with Notices of Non-Assumption of certain purchase orders. The Court directed the Reorganized Debtors to review the docket and retrieve any affidavits of service relating to the Notices of Non-Assumption purportedly served on Victory that same day.

8. On June 29, 2011, the Reorganized Debtors, in response to the Court's direction, delivered a letter to Thompson & Knight ("T&K") stating, in relevant part, that Non-Assumption Notices identifying 50 purchase orders were served at three Victory locations. The letter included notice lists but did not include any affidavits of service.

9. As is more fully discussed below, mail service to the addresses listed on the Affidavit (defined below) was not proper service under the applicable law and rules, and the Affidavit essentially proves nothing. As the Affidavit is defective on its face, it has no probative value whatsoever and should be disregarded by the Court.

**ARGUMENT**

**I.    THE AFFIDAVIT OF SERVICE UPON WHICH THE DEBTORS RELY TO SUPPORT THE CONTENTION THAT VICTORY WAS SERVED WITH NOTICES OF NON-ASSUMPTION FAILS TO EVIDENCE THAT SUCH NOTICES EVER WERE SERVED AS A MATTER OF LAW, OR THAT VICTORY, AS A NOTICE PARTY, EVER WAS PROVIDED WITH NOTICE AND THE OPPORTUNITY TO RESPOND**

10. On June 19, 2009, the Court entered its Order approving modifications to the Debtors' First Amended Plan of Reorganization (as modified) and related disclosures and voting procedures (the "Order"). Paragraph 34 of the Order provides:

> For counterparties to Material Supply Agreements (as defined in the Confirmed Plan) or such Other Executory Contracts or Unexpired Leases (as defined in the Confirmed Plan) who submitted Cure Proposals by the March 10, 2008 deadline, whether or not such Cure Proposal was subject to a cure proposal objection, ***whose contracts have expired or have been terminated since the Cure Amount Notices were sent out***, the Debtors shall send a Notice of Non-Assumption of Executory Contracts substantially in the form attached hereto as <u>Exhibit I</u>, which form is hereby approved, by ***mailing such notice to the counterparty to an expired or terminated Material Supply Agreement or Other Executory Contracts or Unexpired Leases*** by July 2, 2009, ***<u>notifying</u> the counterparty that such contracts are no longer being assumed or cured***. [Emphasis added]

11. On July 9, 2011, the Debtors filed an Affidavit of Service regarding service of Notices of Non-Assumption [Docket No. 17728] (the "<u>Affidavit</u>").[1] A copy of the Affidavit (without exhibits) is attached as **<u>Exhibit A</u>**. In the Affidavit, an employee of the Debtors' claims and noticing agent swears that he served Notices of Non-Assumption on certain parties, including various Victory entities, at various locations (the alleged "<u>Victory Notices</u>"), by postage pre-paid U.S. mail.

12. Attached to the Affidavit are three exhibits – (a) a copy of a <u>form</u> Notice of Non-Assumption (the "<u>Form Notice</u>"), (b) a list of notice parties and their addresses (the "<u>Notice List</u>"), and (c) schedules naming parties who purportedly were served with Notices of Non-Assumption.

13. The Debtors list the following Victory "entities" on the Notice List as parties allegedly served with a Notice of Non-Assumption: "Victory Packaging EFT," "Victory Packaging EFT 1," "Victory Packaging EFT 2," and "Victory Packaging LP EFT," at the following locations -- 1585 Westbelt Dr., Columbus, OH 43228-3839, 2111 Hester St., Donna,

---

[1] The Reorganized Debtors have not provided a copy of the Affidavit to Victory; Victory, by counsel, retrieved it on its own.

TX 78537, 3061 W Saner Ave, Dallas, TX 75233 and 6441 Davis Industrial Pky, Solon, OH 44139.  A copy of the relevant pages of the Notice List are attached as **Exhibit B.**

14.     Victory Packaging LP, the defendant in this adversary proceeding, is the party the Debtors contracted with when they entered into the Packaging Commodity Management Agreement, dated as of December 19, 2003 (the "Agreement") and negotiated with in September 2005, shortly before the bankruptcy filing, to obtain beneficial modifications to the Agreement.

15.     As an initial matter, Victory, nor any affiliate of Victory, occupied the Donna, TX or Solon, OH premises to which the so-called notices were mailed at the time the so-called notices were mailed.  Thus, mailing to those locations was a pyrrhic act as the parties that the Debtors were purporting to provide notice to were not there to receive such notice.  Moreover, none of the locations listed in the Affidavit ever were designated by Victory as locations for service in the Debtors' cases, as all such locations were production facilities, and not locations where accounting or similar corporate functions were or are being performed.  Rather, at all times relevant, Victory had the expectation that notices in the Debtors' cases would be addressed to Victory at its corporate headquarters, with a copy to its designated counsel, as specified in its proof of claim filed on July 27, 2006 (Claim No. 11640) (the "Proof of Claim").  A copy of the Proof of Claim is attached as **Exhibit C**.  Paragraph 6 of the Proof of Claim designates where notices should be sent for Victory.  The addresses designated in the Proof of Claim are Victory's corporate headquarters -- 3555 Timmons Land, Suite 1440, Houston, TX 77027, Attention: Mr. Benjamin Samuels, Vice Chairman, and T&K's New York office, as counsel for Victory.

16.     In addition to the Proof of Claim, on October 24, 2005, T&K filed a notice of appearance (the "NOA"), as "Attorneys for Victory Packaging."  The NOA provides that "all notices given or required to be given…and all papers served or required to be served in this case

be given and served upon" John S. Brannon at T&K's Dallas, Texas office. A copy of the NOA is attached as **Exhibit D**. Thereafter, on May 19, 2006, T&K filed an amended notice of appearance (the "Amended NOA"), as "Attorneys for Victory Packaging." The Amended NOA provides that "all notices given or required to be given…and all papers served or required to be served in this case be given to and served upon" John S. Brannon at T&K's Dallas, Texas office and Ira L. Herman at T&K's New York, New York office. A copy of the Amended NOA is attached as **Exhibit E**.

17.   Clearly, the Debtors were well aware of the proper location for providing Victory with notice in its cases, as the Debtors objected to the Proof of Claim in their Twentieth, Thirty-Second and Fortieth Omnibus Objections to Claims [Docket Nos. 9151, 14442 and 19222, respectively] and managed to serve such objections on Victory at its corporate headquarters and on its counsel at the addresses specified in the Proof of Claim. The relevant portions of the Affidavits of Service filed in connection with the objections are attached as **Exhibit F**.[2] Moreover, in response to the objections, Debtors' counsel engaged in negotiations with T&K, as counsel for Victory, and negotiated a resolution of the objections, as evidenced by the *Joint Stipulation and Agreed Order Reducing and Setting the Maximum Liability of Proof of Claim Number 11640 (Victory Packaging LP)* [Docket No. 10538]. A copy of the Joint Stipulation is attached as **Exhibit G**.

18.   Victory has no idea why the Debtors chose to ignore their prior practice of providing Victory with notice in these cases by delivering documents to Victory's corporate headquarters, with a copy to its counsel in New York, and chose to mail the so-called Notices of Non-Assumption elsewhere, thereby failing to give effective notice.

---

[2]   The Affidavits of Service are located on the docket at Docket Nos. 9247, 14452, and 19241.

19. "Sewer service" is not service at all, and the Affidavit does not even purport to do more than attest to a misdirected mailing that can only be viewed as "sewer service" -- service not calculated to give actual notice or comply with the rules of this Court governing service.

## II. NOTICES OF NON-ASSUMPTION AFFECTING VICTORY NEVER WERE FILED ON THE ECF SYSTEM IN THESE CASES

20. There is no evidence on the docket in these cases that the Victory Notices ever were filed with the Court (although a form of such notice is attached to the Affidavit). So, in this instance, the Debtors are unable to employ their usual fall-back position when notice has not been properly given - that they gave notice by ECF filing.[3]

21. The failure to file the so-called Notices of Non-Assumption in these cases and serve such notices "by overnight mail upon all parties with a particularized interest in the subject of the Filing" in accordance with the Court's Case Management Order, means that such notices are of no legal import and must be disregarded in their entirety by the Court.

## CONCLUSION

22. The Affidavit filed with the Court is a meaningless document, as is the alleged notice to Victory, which was not notice at all. Additionally, Victory had no reason to believe its rights would be impacted by "non-assumption," as the Agreement neither had expired nor been terminated and at the time the Notices of Non-Assumption were mailed, Victory was not aware that the Debtors were taking the position they now take -- that individual purchase orders were amenable to assumption or rejection during the pendency of their Chapter 11 cases. The Debtors, by counsel, first raised the issue of assumption and rejection of individual purchase orders earlier this year in discussions concerning this adversary proceeding -- <u>more than a year</u> after the Notices of Non-Assumption were mailed and the opportunity to respond passed.

---

[3] Victory does not in any way agree that service by ECF satisfies the notice requirements established by the Court in these cases or the applicable laws and rules governing the service of notices in bankruptcy cases.

23. In sum, the Debtors chose to ignore: (a) the rules governing notice; (b) the information the Debtors used on many occasions to provide notice to Victory and the undersigned counsel, and (c) this Court's Case Management Order. As a consequence of this willful conduct, there has been no notice given of a so-called "Non-Assumption."

24. As the Agreement neither had expired nor terminated at the time the alleged notice was given, it was and has been, at all times relevant, Victory's understanding that the Agreement had been assumed pursuant to the operation of Section 8.1 of the Debtors' Plan.

25. Based upon all of the foregoing, Victory has an absolute defense to the within action -- contract assumption -- and the Court should deny the Motion to Amend with respect to Victory, since amendment would be futile.

## **RESERVATION OF RIGHTS**

26. Victory reserves all of its rights on all issues in connection with, arising from or related to the Motion to Amend, including relation back and whether assumption or rejection could have only occurred with respect to the Agreement versus at the purchase order level, as well as whether the Court has jurisdiction to adjudicate that issue after the Supreme Court's decision in *Stern v. Marshall*, 564 U.S. ___, 131 S.Ct. 2594, 2011 WL 2472792, No. 10-179 (June 23, 2011).

*(Remainder of Page Intentionally Left Blank)*

## **RELIEF REQUESTED**

27.     Based upon all of the foregoing, Victory respectfully requests that the Motion to Amend be denied as to Victory on a final basis and that the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
       July 22, 2011

>
> Respectfully submitted,
>
> THOMPSON & KNIGHT LLP
>
> */s/ Ira L. Herman*
> Ira L. Herman
> Jennifer A. Christian
> Gabrielle E. Farina
>
> 900 Third Avenue, 20th Floor
> New York, New York 10022
> Tel: (212) 751-3001
> Fax: (212) 751-3113
>
> *Attorneys for Victory Packaging LP*