UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

    In re                                :        Chapter 11
                                   :

DPH HOLDINGS CORP., et al.,          :        Case No. 05-44481 (RDD)
                                   :

           Reorganized Debtors. :       (Jointly Administered)
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


ORDER PURSUANT TO 11 U.S.C. § 503(b) AND FED. R. BANKR. P. 3007
DISALLOWING AND EXPUNGING PROOFS OF ADMINISTRATIVE
EXPENSE CLAIM NUMBERS 18832 AND 19765 IDENTIFIED IN
<u>FORTY-THIRD OMNIBUS CLAIMS OBJECTION</u>

("CLAIMS OBJECTION ORDER REGARDING
THE TIMKEN COMPANY")

Upon the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356) (the "Forty-Third Omnibus Claims Objection"), by which DPH Holdings Corp. ("DPH Holdings") and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), which, among other things, objected to proofs of administrative

1

expense claim numbers 18832 and 19765 filed by The Timken Company (the "Claimant"); and upon the Claimant's response to the Forty-Third Omnibus Claims Objection (Docket No. 19552) (the "Response"); and upon the Reorganized Debtors' Supplemental Reply With Respect To Proofs Of Administrative Expense Claim Numbers 18832 And 19765 (Docket No. 21421) (the "Supplemental Reply"); and upon the record of the July 28, 2011 hearing held on the Objection to administrative expense claim numbers 18832 and 19765; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

   A. The Timken Company, the holder of proofs of administrative expense claim numbers 18832 and 19765, was properly and timely served with a copy of the Forty-Third Omnibus Claims Objection, a personalized Notice Of Objection To Claim, a copy of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (the "Administrative Claims Objection Procedures Order") (Docket No. 18998), the proposed order with respect to the Forty-Third Omnibus Claims Objection, and the notice of the deadline for responding to the Forty-Third Omnibus Claims Objection.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Forty-Third Omnibus Claims Objection.

2

B.   On May 24, 2011, the Reorganized Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 18832 And 19765 (The Timken Company) (Docket No. 21283) (the "Claims Objection Hearing Notice").

C.   On June 1, 2011, the Reorganized Debtors filed the Reorganized Debtors' Statement Of Disputed Issues With Respect To Proofs Of Administrative Expense Claim Numbers 18832 And 19765 (Docket No. 21299) (the "Statement of Disputed Issues").

D.   The Claimant was properly and timely served with a copy of the Claims Objection Hearing Notice, the Statement Of Disputed Issues, and the Supplemental Reply.

E.   This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334.  The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these cases and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

F.   As set forth in the Statement Of Disputed Issues, which is uncontested, the Reorganized Debtors do not owe the amounts asserted in proofs of administrative expense claim numbers 18832 and 19765.

G.   For the reasons stated by this Court at the July 28, 2011 hearing, proofs of administrative expense claim numbers 18832 and 19765 should be disallowed and expunged in their entirety.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   Proof of administrative expense claim number 18832 is hereby disallowed and expunged in its entirety.

      2.      Proof of administrative expense claim number 19765 is hereby disallowed and expunged in its entirety.

      3.      This Court shall retain original and exclusive jurisdiction over the Reorganized Debtors and the holders of Administrative Claims subject to the Forty-Third Omnibus Claims Objection and the Supplemental Reply to hear and determine all matters arising from the implementation of this order.

      4.      Kurtzman Carson Consultants LLC is hereby directed to serve this order in accordance with the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order.

Dated: White Plains, New York
       July 29, 2011

                                  /s/Robert D. Drain
                            UNITED STATES BANKRUPTCY JUDGE