# EXHIBIT E

## March 19, 2008 Hearing Transcript

ORIGINAL

1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 05-44481

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  DELPHI CORPORATION,

9

10         Debtor.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            March 19, 2008

19            10:09 AM

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

```
                                                              21
 1   prudent to file this motion.  As I indicated, it's been
 2   reviewed with our statutory committees and with other
 3   stakeholders.  No objections have been filed.
 4              THE COURT:  Okay.  Does anyone want to say anything
 5   on this motion?  All right.  I've reviewed it and the motion
 6   clearly sets forth cause for, as you said, a precautionary
 7   extension of exclusivity so I'll grant that.
 8              MR. BUTLER:  Thank you, Your Honor.  Your Honor,
 9   matter number 3 on the agenda is our motion to extend the Rule
10   4(m) time for services of summonses relating to avoidance
11   actions that were filed under the preservation of the estate
12   claims procedures order.  This motion is filed at docket number
13   12922 and this motion is also unopposed.
14              Essentially, Your Honor, what we're asking you to do
15   is to extend the time for an additional sixty days for
16   summonses to be served in connection to serve a complete
17   process in connection with all of the individual adversary
18   complaints that were filed under the estate claims procedures
19   order.  And you previously had granted us an extension through
20   March 31, 2008 and that was slightly less than sixty days
21   beyond the 120-day deadline set forth in Federal Civil
22   Procedure 4(m).  And that rule does provide -- in the case law
23   interpreting it, it does provide the opportunity for the
24   plaintiffs to come in and establish cause with the Court as to
25   an appropriate extension of those summonses.
```

22

1        Under case law here in the Southern District, this
2   Court has discretion to extend the 120-day service period and
3   it is a discretionary matter.  And it is particularly seen as
4   good cause when there is a reasonable belief that future events
5   would likely obviate the need to serve the complaint and
6   prosecute the actions.  That can be -- is obviously, Your
7   Honor, in this case, I think, self-evident.  Upon the
8   confirmation of a plan, I believe all but one, possibly two of
9   those matters, would end up not being pursued.  They would end
10  up being dismissed as of the effective date and would not be
11  pursued.  Similar relief of this nature has been granted in
12  other cases -- Chapter 11 cases in this district, including in
13  the Ames Department Store case in 2004 where a further
14  extension was granted at docket number 2524 in that case.
15       Your Honor, we believe that there is no reason to
16  move forward with the service of summons with respect to the
17  742 adversary proceedings that are under seal.  We would ask
18  Your Honor to give us an additional sixty days through May 31st
19  to address that issue.
20       THE COURT:  Okay.  Does anyone have anything to say
21  on this motion?  All right.  I had one question and you alluded
22  to this.  The plan did reserve or retain the ability to pursue
23  a very small number of avoidance actions.  And my question is
24  with regard to that small group, have the debtors determined,
25  assuming the plan goes effective, that those will definitely be

23

1  pursued or is that still something they're analyzing in light
2  of the cost of pursuing it versus the net gain of a victory --
3          MR. BUTLER:  I think, Your Honor --
4          THE COURT:  -- or potential victory?
5          MR. BUTLER:  -- those are still under analysis.  They
6  were retained because of the unique circumstances that were
7  pled in those particular proceedings.  And I don't think a
8  final decision has been made as to whether those would actually
9  be pursued.  But obviously, we did make -- we did do enough
10 analysis to decide that as opposed to the other 740 odd actions
11 that these should be retained for that purpose.
12         THE COURT:  Did those defendants get notice of the
13 motion?
14         MR. BUTLER:  Everyone received notice of the 4(m)
15 motion, I believe.  Let me make sure.  Is that -- I want to
16 just double check with my folks.  It went to the 2002 services,
17 I know for sure.  Just give us one second, Your Honor.
18         THE COURT:  Okay.
19         MR. BUTLER:  Your Honor, I'm almost certain that they
20 would have not gotten individualized notice unless they were on
21 the 2002 list.
22         THE COURT:  Okay.
23         MR. BUTLER:  And the reason for that is I'm not sure
24 they know about the existence of the pleadings.
25         THE COURT:  All right.  Well, I debated whether to

```
                                                                    24
 1   have you settle the order on those -- that handful of people.
 2   I mean, normally, no one wants to have litigation be activated
 3   but I think the rationale potentially for them is a little
 4   different than the others.  So I think I'll -- particularly, if
 5   we're not sure whether they got the notice.
 6              MR. BUTLER:  Your Honor, I think -- let me just --
 7              THE COURT:  If they're on the 2002 list, you don't
 8   need to settle it.  If they weren't -- they weren't served with
 9   it, I'd like you to settle it as to the handful of people that
10   the plan at least contemplates would be pursued.
11              MR. BUTLER:  Right.
12              THE COURT:  With regard to the vast majority, all the
13   others, clearly there's a good basis for not activating that
14   litigation.  It would be moot upon consummation of the plan.
15              MR. BUTLER:  We'll do that, Your Honor.  And the
16   existence of those folks is obviously that that exhibit to the
17   plan is public.  So everyone knows what that retention is.
18   So --
19              THE COURT:  Right.
20              MR. BUTLER:  -- we will deal with that and we will
21   settle the order.  If they're not --
22              THE COURT:  You can do it five days notice.
23              MR. BUTLER:  Okay.  Thank you, Your Honor.
24              THE COURT:  Okay.  If they're not on the 2002 list.
25              MR. BUTLER:  Thanks -- thank you, Your Honor.  Your
```