## **EXHIBIT G**

**Postconfirmation Extension of Avoidance Action
Service Deadline Motion**

**Hearing Date And Time: April 30, 2008 at 10:00 a.m.**
**Objection Deadline: April 23, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :
      In re                :     Chapter 11
                           :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                           :
                           :     (Jointly Administered)
          Debtors.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE MOTION")



Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection

With Preservation Of Estate Claims Procedures Order (Docket No. 9105) (the "Motion"), and

respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders (together with the official committee of unsecured creditors, the

"Statutory Committees").

3.    On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization

Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No.

9263) and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 9264).

Subsequently, on December 10, 2007, the Debtors filed the First Amended Joint Plan Of

2

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession  (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with respect to the Plan  (Docket No. 11388) (the "Disclosure Statement").  The Court entered an order approving the adequacy of the Disclosure Statement and granting the related solicitation procedures motion on December 10, 2007 (Docket No. 11389).  On January 25, 2008, the Court entered an order confirming the Plan, as modified  (Docket No. 12359) (the "Confirmation Order"), which became a final order on February 4, 2008.

4.    On April 4, 2008, the Debtors announced that although they had met the conditions required to substantially consummate the Plan, including obtaining $6.1 billion of exit financing, Delphi's Plan Investors (as defined in the Plan) refused to participate in a closing that was commenced but not completed and refused to fund their Investment Agreement (as defined in the Plan) with Delphi.  The Debtors are prepared to pursue actions with respect to the Plan Investors that are in the best interests of the Debtors and their stakeholders and are working with their stakeholders to achieve their goal of emerging from chapter 11 as soon as practicable.

5.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

6.    The statutory predicates for the relief requested herein are rules 7004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 4(m) of the Federal Rules of Civil Procedure.

B.    Current Business Operations Of The Debtors

7.    Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2007 had global net sales of $22.3 billion and global assets of approximately

3

$13.7 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public company business reorganization in terms of revenues and the thirteenth largest public company business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11 debtors and have continued their business operations without supervision from the Court.[2]

8.    The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer ("OEM").

9.    Delphi was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's

---

[1]    The aggregated financial data used herein generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 19, 2008.

[2]    On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31, 2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

4

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

11.    The Debtors believe that the Company's financial performance

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which

have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production

environment for domestic OEMs resulting in the reduced number of motor vehicles that GM

produces annually in the United States and related pricing pressures, and (iii) increasing

commodity prices.

12.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in
calendar year 2004 was $482 million.

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.     The Debtors' Transformation Plan

        13.     On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business; second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company; third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

make the necessary manufacturing alignment with their new focus; fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable

solution to their current pension situation.

E.     Plan Confirmation And Postconfirmation Matters

        14.     The confirmed Plan is based upon a series of global settlements and

compromises that involve nearly every major constituency in the Debtors' reorganization cases.

The Global Settlement Agreement and the Master Restructuring Agreement provide for a

comprehensive settlement with GM, and both agreements were approved by this Court in the

Confirmation Order.  After the Plan was confirmed, the Debtors focused their efforts on

satisfying the conditions for the Plan to become effective.  The Debtors satisfied those conditions

and on April 4, 2008 began a formal closing process attended by representatives of GM, the exit

lenders, and the Statutory Committees.  The Plan Investors, however, refused to participate in the

6

closing or fund their obligations under the Investment Agreement.  Instead, the Plan Investors

delivered written notices purporting to terminate the Investment Agreement based on both

alleged breaches by the Debtors and the failure of the Plan's effective date to occur by April 4,

2008.  The Debtors are prepared to pursue actions against the Plan Investors that are in the best

interests of the Debtors and their stakeholders and are working with their stakeholders to

evaluate their options to move forward with emerging from chapter 11 as soon as reasonably

practicable.

15.     Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of

its resources to continue to deliver high-quality products to its customers globally.  Additionally,

the Company will preserve and continue the strategic growth of its non-U.S. operations and

maintain its prominence as the world's premier auto supplier.

F.     The Establishment Of Procedures to Preserve Estate Claims

16.     Before the confirmation of the Debtors' Plan, this Court on August 16,

2007 entered that certain Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And

546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into

Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing

Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing

Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under

11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Order")

(Docket No. 9105).  On March 28, 2008, this Court entered the Order Pursuant To Fed. R. Bankr.

P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For

Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order

(Docket No. 13277) (the "Deadline Extension Order").

        17.      The purpose of the Preservation Of Estate Claims Procedures Order was

two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue (or abandon)

certain avoidance actions before the then-impending expiration of the two-year statute of

limitations to file such actions; on the other hand, it established procedures to avoid having to

force all potential defendants to retain counsel and defend against the adversary proceedings

when, in fact, the Debtors anticipated that most of them would be resolved upon the Debtors'

emergence from chapter 11 and thus never pursued.  To that end, the Preservation Of Estate

Claims Procedures Order and the Deadline Extension Order (i) allowed the Debtors to file

adversary proceeding complaints under seal, (ii) directed the Clerk of Court to delay issuing

summonses for complaints unless and until the Debtors notified the Clerk of Court of their intent

to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors make

service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ.

P. 4(m) by which the Debtors would have to serve process to May 31, 2008, so that the

complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  Such relief was

intended to allow the Debtors to preserve potentially valuable assets without disrupting the Plan

process or business relationships or prejudicing the rights of any defendants.

        18.      In accordance with the Preservation Of Estate Claims Procedures Order,

the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by filing

complaints under seal.  On January 25, 2008, the Court entered the Confirmation Order.  Under

the Plan, the Debtors will not retain any of the causes of action asserted in the Adversary

Proceedings except those listed on Exhibit 7.24 to the Plan.[4]

Relief Requested

19.    By this Motion, the Debtors request entry of an order under Bankruptcy

Rule 9006(b)(1) and Federal Rule Of Civil Procedure 4(m), made applicable by Bankruptcy

Rule 7004(a), to further extend the deadline by which the Debtors would be required to serve a

summons and complaint upon each defendant under the Preservation Of Estate Claims

Procedures Order, as modified by the Deadline Extension Order.  Specifically, the Debtors

request that the existing May 31, 2008 service deadline set forth in the Deadline Extension Order

be extended to 30 days after substantial consummation of the Plan or any modified plan.  The

Debtors accordingly request that the Court enter the proposed Postcomfirmation Extension Of

Avoidance Action Service Deadline Order, a copy of which is annexed hereto as Exhibit A.

Basis For Relief

20.    As noted above, the Debtors are working with their stakeholders to

develop a path for emerging from chapter 11 as soon as reasonably practicable.  Under the

Deadline Extension Order, however, the Debtors' current deadline to serve the summons and

complaint on every defendant in the Adversary Proceedings is May 31, 2008.  To meet the May

31, 2008 deadline for each of the defendants, the Debtors would first have to request that the

Clerk of Court in the coming weeks issue summonses for each of the 742 Adversary Proceedings

to allow enough time for the summonses to be issued and subsequently served with the

complaints by the May 31, 2008 deadline.

---

[4]    Of the five categories of claims listed by the Debtors on Exhibit 7.24 to the Plan, only the claims relating to Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their affiliates and subsidiaries are subject to the Preservation Of Estate Claims Procedures Order.  (See Exhibit 7.24 to the Plan (Docket No. 11608).)  Notice of this Motion has been provided to those entities.

9

21.    Contemplating that further extensions may be necessary to achieve the goals of the Preservation Of Estate Claims Procedures Order, that order and the Deadline Extension Order expressly provided that the Debtors' previous extension of the deadline for services of process was "without prejudice [to the Debtors' ability] to seek further extensions" if appropriate.  (See Preservation Of Estate Claims Procedures Order ¶ 8; Deadline Extension Order ¶ 2.)

22.    The Debtors now believe that the extension of the Fed. R. Civ. P. 4(m) deadline that is requested in this Motion is appropriate, and that there is good cause for such an extension.  Such an extension would enable the Debtors to fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence process or the Debtors' current business relationships with potential defendants that are necessary to the Debtors' ongoing operations.  Moreover, the requested extension would reduce the administrative and economic burdens of the Adversary Proceedings on the Debtors, the Court, the Clerk of Court, and the potential defendants.  Specifically, the Debtors believe that the resources that they, the Court, the Clerk of Court, and the defendants would need to expend on issuing and serving 742 summonses and complaints in the Adversary Proceedings at this time— and the potential need thereafter to prosecute and defend such adversary proceedings—would not be in the best interests of the Debtors' estates, the Debtors' stakeholders, and other parties-in-interest because most of the Adversary Proceedings will not be prosecuted if the Plan were to become effective and likely will not be prosecuted under any modified plan.  The Debtors submit that these reasons comprise good cause for the requested extension.

## Applicable Authority

23.    The Bankruptcy Rules and Federal Rules of Civil Procedure grant this Court discretion to adopt and implement guidelines which will aid in the administration of

10

Adversary Proceedings, including discretion to grant the proposed extension of the service of process deadline.  See Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007) (Rule 4(m) authorizes court to grant extensions of service period); In re Sheehan, 253 F.3d 507, 511 (9th Cir. 2001) ("The time for service in an adversary proceeding may be extended under two different rules: Rule 4(m) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

24.    Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ."  Fed. R. Bankr. P. 9006(b)(1).

25.    Moreover, Fed. R. Civil P. 4(m), made applicable here by Bankruptcy Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of process after the filing of a complaint.  See Bank of Cape Verde v. Bronson, 167 F.R.D. 370, 371-72 (S.D.N.Y. 1996) (good cause existed when future events would likely have "obviated the need to serve the [] complaint" and when plaintiff requested extension before Fed. R. Civ. P. 4(m) deadline expired).  Even absent good cause, this Court has discretion to extend the 120-day service period.  See Zapata, 502 F.3d at 196; Mejia v. Castle Hotel Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996).

26.    The Debtors accordingly request that the Court enter the proposed order, annexed hereto as Exhibit A, which would extend until 30 days after substantial consummation of the Plan or any modified plan the Debtors' Fed. R. Civ. P. 4(m) deadline to serve each defendant in the Adversary Proceedings commenced in connection with the Preservation Of Estate Claims Procedures Order with a summons and a copy of the complaint, without prejudice

11

to the Debtors' right to seek further extensions of the deadline and without prejudice to the right

of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co. Inc. to seek a shortening of the deadline.

Notice Of Motion

27.    Although notice is not required by Fed. R. Bankr. P. 9006(b)(1), see Law

Debenture Trust Co. v. Calpine Corp. (In re Calpine Corp.), 356 B.R. 585, 595 (S.D.N.Y. 2007);

Kernisant v. City of New York, 225 F.R.D. 422, 431 n.13 (E.D.N.Y. 2005); Brady v. Marks, 7 F.

Supp. 2d 247, 255 (W.D.N.Y. 1998), notice of this Motion has been provided in accordance with

the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and

the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487).

Notice has also been provided to Laneko Engineering Co., Wachovia Bank, National Association,

and Laneko Engineering Co. Inc., against whom causes of action have been retained under the

confirmed Plan.  In light of the nature of the relief requested, the Debtors submit that no other or

further notice is necessary.

Memorandum Of Law

28.    Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

12

WHEREFORE the Debtors respectfully request that the Court enter an order

(a) granting the relief requested herein and (b) granting the Debtors such other and further relief

as is just.

Dated:    New York, New York
          April 10, 2008

                                  SKADDEN, ARPS, SLATE, MEAGHER
                                    & FLOM LLP

                          By:    /s/ John Wm. Butler, Jr.
                                 John Wm. Butler, Jr. (JB 4711)
                                 John K. Lyons (JL 9331)
                                 Ron E. Meisler (RM 3026)
                          333 West Wacker Drive, Suite 2100
                          Chicago, Illinois 60606

                                 - and -

                          By:    /s/ Kayalyn A. Marafioti
                                 Kayalyn A. Marafioti (KM 9632)
                                 Thomas J. Matz (TM 5986)
                          Four Times Square
                          New York, New York 10036

                          Attorneys for Delphi Corporation, et al.,
                             Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
     In re                          :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
             Debtors.    :    (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

Upon the motion, dated April 10, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under

Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal Rule of Civil

Procedure 4(m) to extend the deadline to serve process for Adversary Proceedings[1]

commenced in connection with the Preservation Of Estate Claims Procedures Order[2]

(Docket No. 9105), which deadline was previously extended to May 31, 2008 pursuant to

the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m)

To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on Exhibit A attached hereto.

Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline

Extension Order"); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given, and it appearing that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by First Deadline Extension Order, is hereby further modified so

that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve

a defendant in the Adversary Proceedings with a summons and complaint is further

extended until 30 days after substantial consummation of the Plan or any modified plan,

without prejudice to the Debtors' right to seek further extensions and without prejudice to

the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and

Laneko Engineering Co. Inc. to seek a shortening of the deadline.  The Debtors shall serve

a copy of this order upon each defendant in any Adversary Proceeding either when the

Debtors serve a summons and complaint on such defendant or as soon thereafter as

practicable.  All other provisions of the Preservation Of Estate Claims Procedures Order

shall remain in effect.

2

3.    This order shall be deemed entered in each of the Adversary

Proceedings.

4.    The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

5.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

6.    The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        April ___, 2008


_____
UNITED STATES BANKRUPTCY JUDGE

3

# **EXHIBIT A**

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02191 | 07-02200 |
| 07-02084 | 07-02195 | 07-02088 |
| 07-02090 | 07-02201 | 07-02094 |
| 07-02096 | 07-02205 | 07-02099 |
| 07-02101 | 07-02207 | 07-02103 |
| 07-02106 | 07-02209 | 07-02109 |
| 07-02115 | 07-02213 | 07-02110 |
| 07-02120 | 07-02214 | 07-02239 |
| 07-02124 | 07-02219 | 07-02244 |
| 07-02138 | 07-02224 | 07-02248 |
| 07-02142 | 07-02227 | 07-02251 |
| 07-02147 | 07-02231 | 07-02255 |
| 07-02150 | 07-02077 | 07-02259 |
| 07-02154 | 07-02080 | 07-02261 |
| 07-02157 | 07-02083 | 07-02265 |
| 07-02163 | 07-02091 | 07-02267 |
| 07-02170 | 07-02095 | 07-02270 |
| 07-02184 | 07-02102 | 07-02273 |
| 07-02190 | 07-02105 | 07-02276 |
| 07-02198 | 07-02112 | 07-02277 |
| 07-02202 | 07-02117 | 07-02280 |
| 07-02204 | 07-02123 | 07-02281 |
| 07-02208 | 07-02125 | 07-02282 |
| 07-02076 | 07-02128 | 07-02283 |
| 07-02081 | 07-02130 | 07-02284 |
| 07-02087 | 07-02135 | 07-02288 |
| 07-02097 | 07-02137 | 07-02291 |
| 07-02104 | 07-02143 | 07-02293 |
| 07-02112 | 07-02148 | 07-02074 |
| 07-02132 | 07-02152 | 07-02078 |
| 07-02140 | 07-02159 | 07-02082 |
| 07-02145 | 07-02165 | 07-02085 |
| 07-02153 | 07-02169 | 07-02089 |
| 07-02160 | 07-02174 | 07-02093 |
| 07-02166 | 07-02175 | 07-02108 |
| 07-02171 | 07-02182 | 07-02114 |
| 07-02180 | 07-02189 | 07-02119 |
| 07-02186 | 07-02196 | 07-02122 |

1

| | | |
|---|---|---|
| 07-02126 | 07-02199 | 07-02226 |
| 07-02129 | 07-02206 | 07-02230 |
| 07-02131 | 07-02210 | 07-02252 |
| 07-02136 | 07-02212 | 07-02256 |
| 07-02141 | 07-02217 | 07-02262 |
| 07-02146 | 07-02221 | 07-02266 |
| 07-02151 | 07-02225 | 07-02269 |
| 07-02156 | 07-02228 | 07-02272 |
| 07-02158 | 07-02235 | 07-02275 |
| 07-02164 | 07-02241 | 07-02278 |
| 07-02167 | 07-02245 | 07-02299 |
| 07-02172 | 07-02250 | 07-02303 |
| 07-02176 | 07-02254 | 07-02306 |
| 07-02179 | 07-02260 | 07-02309 |
| 07-02183 | 07-02079 | 07-02314 |
| 07-02187 | 07-02092 | 07-02318 |
| 07-02193 | 07-02098 | 07-02321 |
| 07-02233 | 07-02107 | 07-02326 |
| 07-02238 | 07-02111 | 07-02329 |
| 07-02243 | 07-02118 | 07-02334 |
| 07-02247 | 07-02107 | 07-02337 |
| 07-02249 | 07-02149 | 07-02340 |
| 07-02253 | 07-02162 | 07-02346 |
| 07-02257 | 07-02173 | 07-02350 |
| 07-02263 | 07-02178 | 07-02354 |
| 07-02075 | 07-02185 | 07-02359 |
| 07-02086 | 07-02192 | 07-02237 |
| 07-02100 | 07-02197 | 07-02240 |
| 07-02116 | 07-02203 | 07-02246 |
| 07-02121 | 07-02211 | 07-02258 |
| 07-02127 | 07-02214 | 07-02264 |
| 07-02133 | 07-02218 | 07-02271 |
| 07-02139 | 07-02223 | 07-02274 |
| 07-02144 | 07-02229 | 07-02279 |
| 07-02155 | 07-02232 | 07-02285 |
| 07-02161 | 07-02234 | 07-02289 |
| 07-02168 | 07-02236 | 07-02294 |
| 07-02177 | 07-02242 | 07-02298 |
| 07-02181 | 07-02215 | 07-02302 |
| 07-02188 | 07-02220 | 07-02312 |
| 07-02194 | 07-02222 | 07-02316 |

| | | |
|---|---|---|
| 07-02324 | 07-02392 | 07-02547 |
| 07-02330 | 07-02393 | 07-02549 |
| 07-02336 | 07-02396 | 07-02286 |
| 07-02342 | 07-02402 | 07-02290 |
| 07-02347 | 07-02407 | 07-02295 |
| 07-02783 | 07-02417 | 07-02297 |
| 07-02355 | 07-02421 | 07-02301 |
| 07-02361 | 07-02430 | 07-02305 |
| 07-02367 | 07-02442 | 07-02310 |
| 07-02373 | 07-02445 | 07-02317 |
| 07-02379 | 07-02449 | 07-02322 |
| 07-02397 | 07-02452 | 07-02327 |
| 07-02405 | 07-02454 | 07-02332 |
| 07-02268 | 07-02458 | 07-02335 |
| 07-02296 | 07-02461 | 07-02343 |
| 07-02304 | 07-02464 | 07-02348 |
| 07-02308 | 07-02467 | 07-02352 |
| 07-02311 | 07-02470 | 07-02357 |
| 07-02315 | 07-02473 | 07-02362 |
| 07-02320 | 07-02475 | 07-02366 |
| 07-02323 | 07-02478 | 07-02372 |
| 07-02328 | 07-02481 | 07-02696 |
| 07-02333 | 07-02483 | 07-02701 |
| 07-02784 | 07-02485 | 07-02703 |
| 07-02338 | 07-02488 | 07-02704 |
| 07-02341 | 07-02490 | 07-02706 |
| 07-02345 | 07-02493 | 07-02708 |
| 07-02349 | 07-02497 | 07-02710 |
| 07-02351 | 07-02499 | 07-02712 |
| 07-02356 | 07-02503 | 07-02714 |
| 07-02360 | 07-02506 | 07-02715 |
| 07-02363 | 07-02510 | 07-02717 |
| 07-02364 | 07-02513 | 07-02718 |
| 07-02369 | 07-02517 | 07-02719 |
| 07-02374 | 07-02521 | 07-02720 |
| 07-02377 | 07-02525 | 07-02721 |
| 07-02382 | 07-02528 | 07-02723 |
| 07-02384 | 07-02532 | 07-02726 |
| 07-02386 | 07-02535 | 07-02728 |
| 07-02388 | 07-02538 | 07-02730 |
| 07-02390 | 07-02544 | 07-02732 |

| | | |
|---|---|---|
| 07-02734 | 07-02425 | 07-02541 |
| 07-02736 | 07-02428 | 07-02414 |
| 07-02738 | 07-02429 | 07-02418 |
| 07-02739 | 07-02432 | 07-02424 |
| 07-02741 | 07-02434 | 07-02427 |
| 07-02743 | 07-02436 | 07-02433 |
| 07-02745 | 07-02438 | 07-02435 |
| 07-02747 | 07-02441 | 07-02439 |
| 07-02749 | 07-02443 | 07-02447 |
| 07-02751 | 07-02446 | 07-02451 |
| 07-02753 | 07-02448 | 07-02455 |
| 07-02754 | 07-02450 | 07-02459 |
| 07-02756 | 07-02453 | 07-02462 |
| 07-02758 | 07-02456 | 07-02465 |
| 07-02760 | 07-02457 | 07-02469 |
| 07-02761 | 07-02460 | 07-02471 |
| 07-02762 | 07-02463 | 07-02476 |
| 07-02764 | 07-02786 | 07-02479 |
| 07-02766 | 07-02466 | 07-02482 |
| 07-02368 | 07-02468 | 07-02487 |
| 07-02371 | 07-02472 | 07-02491 |
| 07-02375 | 07-02474 | 07-02496 |
| 07-02378 | 07-02477 | 07-02501 |
| 07-02381 | 07-02480 | 07-02508 |
| 07-02383 | 07-02484 | 07-02512 |
| 07-02785 | 07-02486 | 07-02516 |
| 07-02387 | 07-02489 | 07-02518 |
| 07-02389 | 07-02492 | 07-02522 |
| 07-02391 | 07-02495 | 07-02526 |
| 07-02394 | 07-02498 | 07-02529 |
| 07-02398 | 07-02500 | 07-02531 |
| 07-02400 | 07-02504 | 07-02537 |
| 07-02401 | 07-02511 | 07-02540 |
| 07-02403 | 07-02515 | 07-02543 |
| 07-02406 | 07-02507 | 07-02545 |
| 07-02408 | 07-02520 | 07-02548 |
| 07-02410 | 07-02524 | 07-02559 |
| 07-02413 | 07-02527 | 07-02560 |
| 07-02416 | 07-02530 | 07-02561 |
| 07-02420 | 07-02533 | 07-02562 |
| 07-02423 | 07-02536 | 07-02563 |

5

| | | |
|---|---|---|
| 07-02564 | 07-02419 | 07-02768 |
| 07-02565 | 07-02689 | 07-02769 |
| 07-02566 | 07-02690 | 07-02770 |
| 07-02567 | 07-02691 | 07-02771 |
| 07-02568 | 07-02692 | 07-02772 |
| 07-02569 | 07-02693 | 07-02773 |
| 07-02570 | 07-02694 | 07-02774 |
| 07-02571 | 07-02695 | 07-02775 |
| 07-02572 | 07-02697 | 07-02776 |
| 07-02573 | 07-02698 | 07-02777 |
| 07-02574 | 07-02699 | 07-02778 |
| 07-02575 | 07-02700 | 07-02779 |
| 07-02576 | 07-02702 | 07-02617 |
| 07-02577 | 07-02705 | 07-02618 |
| 07-02578 | 07-02707 | 07-02619 |
| 07-02580 | 07-02709 | 07-02620 |
| 07-02582 | 07-02711 | 07-02621 |
| 07-02583 | 07-02713 | 07-02622 |
| 07-02584 | 07-02716 | 07-02623 |
| 07-02585 | 07-02722 | 07-02624 |
| 07-02587 | 07-02724 | 07-02625 |
| 07-02589 | 07-02725 | 07-02626 |
| 07-02591 | 07-02727 | 07-02627 |
| 07-02287 | 07-02729 | 07-02628 |
| 07-02292 | 07-02731 | 07-02629 |
| 07-02300 | 07-02733 | 07-02787 |
| 07-02307 | 07-02735 | 07-02630 |
| 07-02313 | 07-02737 | 07-02631 |
| 07-02319 | 07-02740 | 07-02788 |
| 07-02325 | 07-02742 | 07-02632 |
| 07-02331 | 07-02744 | 07-02633 |
| 07-02339 | 07-02746 | 07-02634 |
| 07-02344 | 07-02748 | 07-02635 |
| 07-02353 | 07-02750 | 07-02336 |
| 07-02358 | 07-02752 | 07-02637 |
| 07-02365 | 07-02755 | 07-02638 |
| 07-02370 | 07-02757 | 07-02639 |
| 07-02376 | 07-02759 | 07-02640 |
| 07-02380 | 07-02763 | 07-02641 |
| 07-02385 | 07-02765 | 07-02642 |
| 07-02395 | 07-02767 | 07-02643 |

| | | |
|---|---|---|
| 07-02644 | 07-02685 | 07-02588 |
| 07-02645 | 07-02686 | 07-02590 |
| 07-02646 | 07-02687 | 07-02592 |
| 07-02647 | 07-02688 | 07-02593 |
| 07-02648 | 07-02399 | 07-02594 |
| 07-02649 | 07-02404 | 07-02595 |
| 07-02650 | 07-02409 | 07-02596 |
| 07-02651 | 07-02411 | 07-02597 |
| 07-02652 | 07-02412 | 07-02598 |
| 07-02653 | 07-02415 | 07-02599 |
| 07-02654 | 07-02422 | 07-02600 |
| 07-02655 | 07-02426 | 07-02601 |
| 07-02656 | 07-02431 | 07-02602 |
| 07-02657 | 07-02437 | 07-02603 |
| 07-02658 | 07-02789 | 07-02604 |
| 07-02659 | 07-02440 | 07-02605 |
| 07-02660 | 07-02790 | 07-02606 |
| 07-02661 | 07-02444 | 07-02607 |
| 07-02662 | 07-02494 | 07-02608 |
| 07-02663 | 07-02502 | 07-02609 |
| 07-02664 | 07-02505 | 07-02610 |
| 07-02665 | 07-02509 | 07-02611 |
| 07-02666 | 07-02514 | 07-02612 |
| 07-02667 | 07-02519 | 07-02613 |
| 07-02668 | 07-02523 | 07-02614 |
| 07-02669 | 07-02534 | 07-02615 |
| 07-02670 | 07-02539 | 07-02616 |
| 07-02671 | 07-02542 | 07-02794 |
| 07-02672 | 07-02546 | 07-02803 |
| 07-02673 | 07-02550 | 07-02805 |
| 07-02674 | 07-02551 | 07-02797 |
| 07-02675 | 07-02552 | 07-02795 |
| 07-02676 | 07-02553 | 07-02796 |
| 07-02677 | 07-02554 | 07-02798 |
| 07-02678 | 07-02555 | 07-02799 |
| 07-02679 | 07-02556 | 07-02800 |
| 07-02680 | 07-02557 | 07-02801 |
| 07-02681 | 07-02558 | 07-02802 |
| 07-02682 | 07-02579 | 07-02804 |
| 07-02683 | 07-02581 | 07-02806 |
| 07-02684 | 07-02586 | 07-02807 |

07-02808
07-02809
07-02810
07-02811
07-02812
07-02813
07-02814
07-02815
07-02816
07-02817
07-02818
07-02819
07-02862

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :
     In re                      :    Chapter 11
                                 :
DELPHI CORPORATION, et al.,    :    Case No. 05-44481 (RDD)
                               :
                 Debtors.    :    (Jointly Administered)
                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

PLEASE TAKE NOTICE that on April 10, 2008, Delphi Corporation ("Delphi")
and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-
captioned cases (collectively, the "Debtors"), filed a Motion Pursuant To Fed. R. Bankr. P.
7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For
Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order
(the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the
Motion will be held on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) (the "Hearing")
before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District
of New York, One Bowling Green, Room 610, New York, New York 10004 (the "Bankruptcy
Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must
(a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local
Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under
11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014
Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And
Administrative Procedures, entered March 20, 2006 (the "Supplemental Case Management
Order") (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And
105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates
And Certain Notice, Case Management, And Administrative Procedures, entered February 4,
2008 (Docket No. 12487) (the "Tenth Supplemental Case Management Order"), (c) be filed with
the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users
of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-

2

interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-

copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy

Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),

(iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick),

(iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885

Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude),

(v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver &

Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and

(vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as

to be **received** no later than **4:00 p.m. (prevailing Eastern time) on April 23, 2008** (the

"Objection Deadline").

3

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Supplemental Case Management Order and the Tenth

Supplemental Case Management Order will be considered by the Bankruptcy Court at the

Hearing.  If no objections to the Motion are timely filed and served in accordance with the

procedures set forth herein and in the Supplemental Case Management Order and the Tenth

Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the

Motion without further notice.


Dated:     New York, New York
           April 10, 2008

                                 SKADDEN, ARPS, SLATE, MEAGHER
                                     & FLOM LLP

                              By:   */s/ John Wm. Butler, Jr.*
                                   John Wm. Butler, Jr. (JB 4711)
                                   John K. Lyons (JL 9331)
                                   Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                   - and -

                              By:   */s/ Kayalyn A. Marafioti*
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                            New York, New York 10036

                            Attorneys for Delphi Corporation, et al.,
                              Debtors and Debtors-in-Possession