# EXHIBIT 20

# EXHIBIT 20

**Calsonic Corp., Calsonic North America, Inc., Adv. Proc. No.: 07-02282--rdd**

Calsonic North America, Inc. and Calsonic Corp. ("Calsonic") received notice of the Final Extension Motion.  First, the Final Extension Motion was served on October 2, 2009 on Austin McMullen and Roger Jones, Boult, Cummings, Conners & Berry, PLC, counsel to Calsonic, as certified by Kurtzman Carson Consultants LLC ("KCC").  *See Ex. 4, KCC Affidavit of Service, Delphi Corp. 2002 List, p. 3.*  In addition to being served with notice of the Final Extension Motion, Calsonic Corp.'s counsel, Roger G. Jones and Austin L. McMullen, was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda which specifically identified the Debtors' Final Extension Motion as Agenda item C(1).  *Ex. 6, Affidavit of Service, Proposed Forty-Eighth Omnibus Hearing Agenda, p. 1*; *Ex. 5, Proposed Forty-Eighth Omnibus Hearing Agenda.*  Calsonic's counsel also received the Notice of Electronic Filing of the Final Extension Motion, dated October 2, 2009.  *Ex. 10*.  In his declaration filed in this matter, Mr. Jones does not state that he did not receive service of the Final Extension Motion.  Rather, he merely declares that he and his colleague, Mr. McMullen, chose not to "*review*" the ECF filings that they received.  *See Ex. 20(a), Declaration of Roger G. Jones, ¶¶7 and 19* (emphasis added).  Mr. McMullen did not file a declaration.  Notably, no one employed by Calsonic filed a declaration in this matter.  Calsonic has not provided a sworn statement declaring that it did not receive notice of the Final Extension Motion.

Finally, Calsonic received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Calsonic was served with the First Amended Plan Disclosure Statement, filed in December 2007.

See Affidavit of Service (Docket No. 11974).[1]  On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388).  The Disclosure Statement outlined in detail that Preference Claims were to be filed under seal, with service deferred until after the limitations period.  As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments.  *Ex. 8, July 22, 2010 Transcript, pp. 150-153.  See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

---

[1] *Ex. 7, Service List – Class C of General Unsecured Creditors Claims, Class 1C Ballot, p. 22.*

# EXHIBIT A

BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 252-2323
Fax: (615) 252-6323
Roger G. Jones (admitted Pro Hac Vice)
RJones@babc.com
Austin L. McMullen (admitted Pro Hac Vice)
AMcMullen@babc.com

Attorneys for the Defendants

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT of NEW YORK

-----------------------------------------------------------:
                                                           :
In re:                                                     :   Chapter 11
                                                           :
DELPHI CORPORATION, et al.                                 :   Case No. 05-44481 (RDD)
                                                           :   (Jointly Administered)
-------------------------------------------------------- x :
                                                           :
DELPHI CORPORATION                                         :
                                                           :
                         Plaintiffs,                       :
                                                           :
            -v-                                            :   Adv. Pro. No. 07-02282 (RDD)
                                                           :
CALSONIC CORP., CALSONIC N.                                :
AMERICA INC. and CALSONIC NORTH                            :
AMERICA INC.,                                              :
                                                           :
                         Defendants.                       :
-------------------------------------------------------- x

**DECLARATION OF ROGER G. JONES IN SUPPORT OF DEFENDANTS' MOTION
TO VACATE PRIOR ORDERS ESTABLISHING PROCEDURES FOR CERTAIN
ADVERSARY PROCEEDINGS AND DEFENDANTS' OBJECTION TO MOTION FOR
LEAVE TO FILE AMENDED COMPLAINTS**

I, Roger G. Jones, an adult individual, hereby declare and state as follows:

7/2657499.1
110652-001

- 1 -

1. I am a member of the firm of Bradley Arant Boult Cummings, LLP ("BABC"), 1600 Division St., Suite 700, Nashville, TN 37203. Austin L. McMullen is also a member of BABC.

2. On October 8 and October 14, 2005, Delphi and certain of its subsidiaries (collectively, "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. Mr. McMullen and I were admitted *pro hac vice* to represent Calsonic Kansei North America, Inc. ("Calsonic"). See Docket Nos. 215 and 985. Mr. McMullen and I also filed a Notice of Appearance for Calsonic. See Docket No. 397.

3. By letter dated November 17, 2005, Calsonic sought authority to setoff prepetition claims between Delphi Automotive Systems, LLC ("DAS") and Calsonic. Calsonic also filed Proof of Claim No. 11162 evidencing its prepetition claim against DAS.

4. In May, 2007, Calsonic and DAS entered into that Joint Settlement Agreement, Stipulation, and Agreed Order Between Delphi Automotive Systems, LLC, Calsonic Kansei North America To Disallow and Expunge Claim Number 11162 (the "Joint Settlement Agreement"). See Docket No. 8016. On July 24, 2007, this Court approved the Joint Settlement Agreement. See Docket No. 8722.

5. Pursuant to the Joint Settlement Agreement, Calsonic and DAS agreed to offset their prepetition claims and to expunge Calsonic's Proof of Claim No. 11162. See Docket No. 8016. Calsonic's prepetition claim against DAS was satisfied as the result of the setoff, and Calsonic no longer held any prepetition claim against DAS or any of the other Debtors.

6. On March 20, 2006, this Court entered that Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management and Administrative Procedures entered on

March 20, 2006 [Docket No. 2883] (the "Case Management Order"). The Case Management Order required that all Filings (as defined therein) be served "*via overnight mail upon all parties with a particularized interest in the subject of the Filing*." 2883, at ¶ 15 (*emphasis added*).

7.  Prior to July 24, 2007, Mr. McMullen and/or I reviewed each ECF Notice we received via e-mail. However, once the Joint Settlement Agreement was approved and Calsonic no longer had a claim against Debtors, we ceased reviewing ECF Notices. After July 24, 2007, and in reliance on the Case Management Order, we only reviewed notices that we received via overnight mail. Reviewing each ECF Notice would have caused Calsonic to incur enormous legal expenses even though its prepetition claim had been satisfied. More importantly, to the extent that any Filing directly affected Calsonic, the Case Management Order required that Debtors provide Calsonic notice via overnight mail. There was simply no reason for Mr. McMullen or I to review ECF Notices.

8.  On August 6, 2007, Debtors filed their Expedited Motion For Order Under 11 U.S.C. Sections 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (I) Authorizing Debtors To Enter Into Stipulations Tolling Statute of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes of Action That Should Be Preserved, and (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S.C. Sections 541, 544, 545, 547, 548, or 553 (the "First Extension Motion") seeking, among other things, (i) authority to file complaints under seal, (ii) an extension of time beyond the initial 120-day period provided for in Fed. R. Civ. P. 4(m) to serve the summonses and complaints, and (iii) a stay of each adversary proceedings until the summons and complaint were actually served.

9. In the First Extension Motion, Debtors represented they had provided notice in accordance with the Case Management Order. Although there can be no doubt that Calsonic had a "particularized interest" in the subject of the First Extension Motion, Debtors did not serve Calsonic or its counsel via overnight mail as required by the Case Management Order. See Affidavit of Service, Docket No. 9039. While Debtors sent an ECF Notice, for the reasons set forth in paragraph 6 above, neither Mr. McMullen nor I reviewed the ECF Notice. Other than the ECF Notice, Debtors did not provide, and Calsonic did not receive, any notice of the First Extension Motion. Id.

10. On August 16, 2007, this Court entered that Order (I) Authorizing Debtors To Enter Into Stipulations Tolling Statute of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes of Action That Should Be Preserved, and (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors (the "First Extension Order") which (i) authorized Debtors to file certain complaints under seal, (ii) directed the Clerk of the Court to delay issuing summonses unless and until Debtors requested a summons be issued, (iii) extended the deadline under Fed. R. Civ. P. 4(m) by which Debtors would have to serve the summonses and complaints to March 31, 2008, and (iv) stayed each adversary proceeding unless and until Debtors served the summons and complaint. Docket No. 9105, at ¶¶ 7-10.

11. On February 28, 2008, Debtors filed their Motion Pursuant To Fed. R. Bankr. P. 7004 (a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Second Extension Motion") seeking to extend for a second time the deadline under Fed. R.

Civ. P. 4(m) by which Debtors would be required to serve the summons and complaint to May 31, 2008. See Docket No. 12922, at ¶ 18.

12.     In Second Extension Motion, Debtors once again represented they had provided notice in accordance with the Case Management Order. See Docket No. 12922 at ¶ 26. Although there can be no doubt that Calsonic had a "particularized interest" in the subject of the Second Extension Motion, Debtors did not serve Calsonic or its counsel via overnight mail as required by the Case Management Order. See Affidavit of Service, Docket No. 12970. While Debtors sent an ECF Notice, for the reasons set forth in paragraph 6 above, neither Mr. McMullen nor I reviewed the ECF Notice. Other than the ECF Notice, Debtors did not provide, and Calsonic did not receive, any notice of the Second Extension Motion. Id.

13.     On March 28, 2008, this Court entered that Order Extending Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Second Extension Order") extending the time by which Debtors must serve the summons and complaint to May 31, 2008. See Docket No. 13277, at ¶ 2.

14.     On April 10, 2008, Debtors filed their Motion to Extend Time Motion Pursuant To Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Third Extension Motion") seeking to extend for a third time the deadline under Fed. R. Civ. P. 4(m) by which Debtors would have to serve summons and complaint until 30 days after substantial consummation of Debtors' plan or any modified plan. See Docket No. 13361, at ¶ 19.

15.     In the Third Extension Motion, Debtors once again represented that notice had been provided in accordance with the Case Management Order. Id. at ¶ 27. Although there can

be no doubt that Calsonic had a "particularized interest" in the subject of the Third Extension Motion, Debtors did not serve Calsonic or its counsel via overnight mail as required by the Case Management Order. See Affidavit of Service, Docket No. 13415. While Debtors sent an ECF Notice, for the reasons set forth in paragraph 6 above, neither Mr. McMullen nor I reviewed the ECF Notice. Other than the ECF Notice, Debtors did not provide, and Calsonic did not receive, any notice of the Third Extension Motion. Id.

16. On April 30, 2008, this Court entered that Order Granting Motion To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Third Extension Order") extending the time under Fed. R. Civ. P. 4(m) by which Debtors must serve a defendant in the adversary proceedings with a summons and complaint to 30 days after the later of substantial consummation of Debtors' plan or any modified Chapter 11 plan. See Docket No. 13484, at ¶ 2.

17. On July 30, 2009, this Court entered that Order Approving Modifications to First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession (the "Order Approving Plan Modification") approving certain modifications to the Plan (the "Modified Plan"). Docket No. 18707. The effective date of the Modified Plan occurred on October 6, 2009. See Docket No. 18958, at ¶ 3.

18. On October 2, 2009, Debtors filed their Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004 (a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Fourth Extension Motion") seeking to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan. See Docket No. 18952, at ¶ 16.

19. In the Fourth Extension Motion, Debtors once again represented that they had provided notice in accordance with the Case Management Order. Id. at ¶ 24. Although there can be no doubt that Calsonic had a "particularized interest" in the subject of the Fourth Extension Motion, Debtors did not serve Calsonic or its counsel via overnight mail as required by the Case Management Order. See Affidavit of Service, Docket No. 18967. While Debtors sent an ECF Notice, for the reasons set forth in paragraph 6 above, neither Mr. McMullen nor I reviewed the ECF Notice. Other than the ECF Notice, Debtors did not provide, and Calsonic did not receive, any notice of the Fourth Extension Motion. Id.

20. On October 22, 2009, this Court entered that Order Granting Motion to Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation of Estate Claims Procedures Order (the "Fourth Extension Order").

I declare under penalty of perjury that the foregoing statements are true and correct.

This the 11th day of July, 2011.

_____
Roger G. Jones