# EXHIBIT 21

# EXHIBIT 21

## Methode Electronics Inc., Adv. Proc. No.: 07-02432-rdd

Methode Electronics Inc. ("Methode") received notice of the Final Extension Motion. On October 2, 2009, the Final Extension Motion was served on both Kevin J. Walsh and Timothy S. McFadden, Locke Lord Bissell & Liddell, counsel to Methode Electronics, Inc., as certified by KCC.  *See Ex. 4 , KCC Affidavit of Service, Delphi Corp. 2002 List, Ex. B, p. 12.* Methode's counsel was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1).  *Ex.6, Affidavit of Service, Proposed Forty-Eighth Omnibus Hearing Agenda, p. 12*; *Ex. 5, Proposed Forty-Eighth Omnibus Hearing Agenda.*

Timothy R. Glandon, Vice President and General Manager of Methode's North American Automotive Operations, filed a declaration stating that "Methode was not served with any of the four Extension Motions *by overnight mail....*" *Ex. 21(a), Declaration of Timothy R. Glandon, ¶5 (emphasis added).*  Notably, Mr. Glandon does not deny that Methode was served with notice of the Final Extension Motion by other means, such as via counsel.  Further, Mr. Glandon does not claim that Methode was unaware of the Final Extension Motion.  As noted above, Kevin J. Walsh and Timothy S. McFadden, Locke Lord Bissell & Liddell, Methode's counsel, were both served with notice of the Final Extension Motion, and Mr. McFadden was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1).  *Ex. 6, Affidavit of Service, Proposed Forty-Eighth Omnibus Hearing Agenda, p. 1*; *Ex. 5, Proposed Forty-Eighth Omnibus Hearing Agenda.*

Moreover, Methode received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended.

Methode was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[2] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that Preference Claims were to be filed under seal, with service deferred until after the limitations period.

As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. As Delphi's financial condition deteriorated, the Debtors' payment records show that Methode succeeded in capturing over $3 million dollars in payments that were not otherwise due. These were not ordinary course payments. *See e.g.*, *October 3, 2005 Settlement Agreement which reflects that Method received modified payment terms. Ex. 21(b).* Within the 4 days prior to Delphi's bankruptcy, Method received over $9 millions in transfers. *Ex. 21(b).* Methode is a sophisticated supplier and the fact that it extracted these payments on the eve of bankruptcy would not have gone unnoticed and Methode would have known the implications of these preferential transfers.

Additionally, Methode was listed as one of Debtors' 50 largest unsecured creditors, along with Robert Bosch Corporation, PBR Automotive USA Pacific, HSS LLC, Philips Semiconductors, Applied Bio Systems, Timken Company and Victory Packaging. Sophisticated creditors like Methode typically are well aware of prospects and risks of preference litigation, and it seems unlikely that creditors like Methode could be surprised or

---

[2] *Ex. 7, Service List – Class C of General Unsecured Creditors Claims, p. 77.*

caught off guard when such preference complaints are finally filed.  *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

Finally, even if Methode did not receive notice, Methode has waived its right to argue that dismissal is warranted.  Under Fed. R. Civ. P. 12(g) and (h), a challenge to the efficacy of service under Fed. R. Civ. P. 4(m) is waived if not raised in an answer or in a pre-answer motion under Fed. R. Civ. P. 12(b). *McCurdy v. American Bd. of Plastic Surgery*, 157 F. 3d 191, 193-195 (3rd Cir. 1998).  *See also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F. 3d 1351, 1360 (11th Cir. 2008).  Methode filed its answer on April 9, 2010, prior to filing a Rule 12(b) motion which did not challenge (by affirmative defense or otherwise) the Final Extension Order, and thus the efficacy of service.  *See Ex. 21(C), Methode Electronics Inc*.'s *Answer To Delphi Corporations Adversary Complaint For (1) Avoidance of Preferential Transfers*.  Methode has therefore waived the arguments it now seeks to assert.

# EXHIBIT A

Shalom Jacob
Zachary D. Silbersher
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel: (212) 415-8600
Fax: (212) 303-2754

-and-

Courtney E. Barr (CE 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 443-0700
Fax: (312) 443-0336

*Counsel for Methode Electronics, Inc.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 [RDD] |
| Reorganized Debtors. | (Jointly Administered) |

-------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 07-02432 [RDD] |
| METHODE ELECTRONICS INC., | |
| Defendant. | |

-------------------------------------------------x

## DECLARATION OF TIMOTHY R. GLANDON

Timothy R. Glandon, hereby declares, pursuant to 28 U.S.C. § 1746, that the following is

true to the best of my knowledge, information and belief:

1.      My name is Timothy R. Glandon.  I am of sound mind, over the age of eighteen

years, capable of making this declaration (the "Declaration") and fully competent to testify

herein. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information provided to me by certain employees of Methode Electronics, Inc. ("Methode") with whom I manage, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the operations and financial affairs of Methode. If I were called upon to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration.

2.      I submit this Declaration in connection with the above-captioned bankruptcy case and adversary proceeding and in support of Methode's Objection to the Reorganized Debtors' Motion for Leave to File Amended Complaints and the motion to vacate the Fourth Extension Order.

3.      Since August 2001, I have been employed by Methode. I am currently employed as Vice President and General Manager of North American Automotive Operations at Methode.

4.      As Vice President and General Manager at Methode, I am familiar with the supply arrangements between Methode and Delphi Automotive Systems, LLC ("Delphi") and have been involved in Methode's business relationship with Delphi since coming to Methode in 2001.

5.      Methode was not served with any of the four Extension Motions by overnight mail, including the First Extension Motion, the Second Extension Motion, the Third Extension Motion, or the Fourth Extension Motion.

6.      Methode was not served with the Fourth Extension Motion by postage pre-paid US mail.

2

I declare under the penalty of perjury and the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 10, 2011 at Chicago, Illinois.

Timothy R. Glandon
Vice President and General Manager of North
   American Automotive Operations
Methode Electronics, Inc.

```
STATE OF ILLINOIS   )
                    )  SS
COUNTY OF COOK      )
```

Subscribed and sworn to before me
this 11th day of July, 2011.

Notary Public

```
          OFFICIAL SEAL
     PATRICIA M. SWAGGERTY
    Notary Public · State of Illinois
  My Commission Expires Feb 17, 2014
```

3

# EXHIBIT B

## Settlement Agreement

This Settlement Agreement (this "Agreement") is entered into as of 10/3/2005 (the "Effective Date") by and between Delphi Corporation (together with its affiliates and subsidiaries, "Delphi") and Methode Electronics, Inc. ("Company").

A.      Company supplies various bladders (the "Parts") to Delphi pursuant to various purchase orders and supply contracts (collectively, the "Purchase Orders").

B.      Company has requested modified terms from Delphi.

C.      Company is currently Delphi's sole source for the Parts, and Delphi will not able to obtain the Parts from an alternative source in the near term.  As such, even a short supply interruption is likely to result in production shut downs for both Delphi and its OEM customer, GM.

D.      Delphi and Company disagree as to their respective rights and obligations related to the Purchase Orders.

E.      Delphi and Company believe it to be in their mutual best interests to resolve their dispute amicably by making certain modifications to the Purchase Orders in accordance with this Agreement in order to avoid litigation and to maintain a continuous flow of Parts from Company to Delphi.

Based upon the foregoing recitals and for good and valuable consideration, the receipt and adequacy of which is acknowledged, Delphi and Company agree as follows:

1.      Subject to the modifications set forth herein, all Purchase Orders remain in full force and effect.

2.      A. Effective for shipments of Parts to Delphi's U.S. locations (or directed locations in the case of "pass-thru" components) from and after October 4, 2005, Delphi will, pay for such Parts on "Cash in Advance" terms with a unit price discount of 1% (based on the current unit pricing) continuing through 12/23/05, and MNS2-2 (without any unit price discount) thereafter.  Cash in Advance payments under this Agreement will be executed as follows:  (i) Delphi will wire transfer to Company on October 4, 2005 an initial advance payment equal to the estimated payables for the next seven (7) days based on forecasted volumes, (ii) Delphi's payment system will then pay invoices for shipments starting on October 4, 2005, in full (but subject to the unit price discount) on "Net Immediate" terms (iii) the parties will, from time to time, adjust the amount of the advance payment retained by Company based on volume forecasts so that the advance payment remains approximately equal to the estimated payables for each subsequent seven (7) day period.

B.      The parties intend for the payment arrangement called for in Section 2.A above to satisfy the requirements of a contemporaneous exchange for new value for purposes of the U.S. Bankruptcy Code.

3.      Notwithstanding any intervening change in Delphi's financial situation, Company will continue to supply parts to Delphi in accordance with the Purchase Orders and this Agreement and waives any further right to seek adequate assurance or further contract modifications under the Uniform Commercial Code or other applicable laws.

4.      Company will keep the terms of this Agreement together with all related settlement discussions strictly confidential.  Company will disclose the terms of this Agreement only to its management personnel that need to know such information to implement the terms of this Agreement and legal counsel and other advisors with whom Company has a recognized legal privilege; provided that all such parties have been

informed of the confidentiality restrictions contained herein.  Company further agrees that it will be responsible and liable for any breach of the confidentiality provisions set forth in this Agreement by its management personnel, legal counsel and other advisors.  Company acknowledges that failure to honor the confidentiality provisions contained herein would cause significant economic harm to Delphi.  Any discussions by Company with any third parties, including the press or media or consultants, regarding this Agreement and its terms are expressly prohibited.

5.        The parties hereto acknowledge that they are executing this Agreement without duress or coercion and without reliance on any representations, warranties or commitments other than those representations, warranties and commitments expressly set forth in this Agreement.

6.        This Agreement constitutes the entire understanding of the parties in connection with the subject matter hereof.  This Agreement may not be modified, altered, or amended except by an agreement in writing signed by Delphi and Company.  This Agreement shall be deemed to be incorporated by reference into, and shall be part of, all Purchase Orders without any specific reference to this Agreement in any such Purchase Order. The terms and conditions of the Purchase Orders are amended to include the terms of this Agreement. Should an inconsistency or conflict exist between the express terms of the Purchase Orders and this Agreement, the terms of this Agreement shall govern and control.  This Agreement is being entered into among competent persons who are experienced in business and represented by counsel, and has been reviewed by Company and its counsel.  Therefore, any ambiguous language in this Agreement will not necessarily be construed against any particular party as the drafter of such language.

7.        This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Michigan, without regard to conflicts of law principles.

EXECUTED as of the Effective Date.

Delphi Corporation                                    Methode Electronics, Inc.

By: _Mark A. Shively_                                By:_____
Name: Mark A. Shively                                Name:_____
Title: E&S Manager – Chemical Commodity              Title:_____

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
In re:                                          :   Chapter 11
                                                :   Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*,                   :
                                                :   Jointly Administered
------------------------------------------------x
                                                :
DELPHI CORPORATION, *et al.*,                   :   Adv. Pro. No. 07-_____ [RDD]
                                                :
                        Plaintiffs,             :
                                                :
        - against -                             :
                                                :
METHODE ELECTRONICS INC.,                       :
                                                :
                        Defendant.              :
                                                :
------------------------------------------------x

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendant (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1. On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3. Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against Methode Electronics Inc. ("Defendant") to direct the return of certain avoidable transfers (the "Transfers") that were made by Plaintiffs to Defendant, as more fully and particularly identified in Exhibit "1" annexed hereto.

---

[1]   The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

4.    This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

5.    Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

6.    Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7.    Upon information and belief, Defendant was a creditor of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

8.    Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9.    Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10.    On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendant.

11.    The Transfers constitute transfers of interests in Plaintiffs' property.

12.    Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendant.

13.    Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendant prior to the dates on which the Transfers were made (the "Debt").

3

14.     Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15.     The Transfers enabled Defendant to receive more than it would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant had received payment of the Debt to the extent provided by the Bankruptcy Code.

16.     Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendant in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendant to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a.     On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendant in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendant to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

4

      b.      Granting such other and further relief as this Court may deem just

and proper.

DATED:   New York, New York
            September 26, 2007

                             DELPHI CORPORATION, *et al.*,
                             Debtors, Debtors in Possession and Plaintiffs,
                             By their Conflicts Counsel,
                             TOGUT, SEGAL & SEGAL, LLP
                             By:

                             /s/ Neil Berger
                             NEIL BERGER (NB-3599)
                             SCOTT E. RATNER (SER-0015)
                             Members of the Firm
                             One Penn Plaza, Suite 3335
                             New York, New York  10119
                             (212) 594-5000

## EXHIBIT "1"

### DELPHI CORPORATION, *et al.*
v.
### METHODE ELECTRONICS INC.

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 10/4/2005 | $6,655,222.18 | EFT |
| 10/4/2005 | $75,673.80 | EFT |
| 10/6/2005 | $3,053,806.92 | WIRE |
| 7/11/2005 | $6,827.52 | CHECK |
| 7/21/2005 | $38,556.00 | CHECK |
| 7/28/2005 | $58,548.00 | CHECK |
| 8/2/2005 | $5,365,903.75 | EFT |
| 8/2/2005 | $59,684.72 | EFT |
| 8/3/2005 | $300.00 | EFT |
| 8/8/2005 | $3,563.52 | CHECK |
| 9/1/2005 | $53,573.49 | CHECK |
| 9/16/2005 | $3,374.07 | EFT |
| 9/2/2005 | $3,949,866.97 | EFT |
| 9/2/2005 | $43,078.64 | EFT |
| 9/28/2005 | $4,672.51 | EFT |
| 9/28/2005 | $2,812.80 | EFT |
| 9/29/2005 | $33,812.27 | CHECK |
| 9/29/2005 | $2,072.00 | CHECK |
| 9/6/2005 | $264,420.66 | EFT |
| 9/7/2005 | $49,820.24 | EFT |
| **TOTAL:** | **$19,725,590.06** | |

# EXHIBIT C

Timothy S. McFadden (TM 9650)
Courtney E. Barr, *admitted pro hac* (CB 7768)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 443-0700
Fax: (312) 443-0336

-and-

Shalom Jacob (SJ 1160)
Casey B. Howard (CH 4633)
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Tel:  (212) 415-8600
Fax: (212) 303-2754

*Counsel for Defendant Methode Electronics, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DELPHI CORPORATION, et al.,<br><br>       Debtors-in-Possession. | Chapter 11<br>Case No.  05-44481 (RDD)<br>(Jointly Administered) |
| DELPHI CORPORATION, et al.,<br><br>       Plaintiff,<br><br>v.<br><br>METHODE ELECTRONICS INC.,<br><br>       Defendant. | Adv. Pro. No. 07-02432 (RDD) |

**METHODE ELECTRONICS INC.'S ANSWER TO DELPHI CORPORATION'S
ADVERSARY COMPLAINT FOR (1) AVOIDANCE OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 547 AND (2) RECOVERY OF PROPERTY
TRANSFERRED AND/OR PRESERVATION OF TRANSFERS PURSUANT TO
11 U.S.C. §§ 547 AND 550**

Now comes the Defendant, METHODE ELECTRONICS, INC. ("Methode" or "Defendant"), by and through its attorneys, LOCKE LORD BISSELL & LIDDELL LLP, and in answer to Plaintiffs' Complaint (the "Complaint") states as follows:

## INTRODUCTION

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION, VENUE AND PARTIES

3.      With respect to the allegations contained in paragraph 3 of the Complaint, Defendant admits that the Plaintiff has filed an adversary proceeding against Methode (the "Adversary Proceeding"), denies that all of the Transfers identified in Exhibit 1 were made by Plaintiff to Defendant in the amounts listed therein on the dates listed therein, and further denies Plaintiff is entitled to the relief requested.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.     The allegations contained in paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9.     Defendant restates and incorporates herein by this reference its responses to the allegations contained in paragraphs 1 through 8 of the Complaint.

10.     Defendant admits that certain of the Transfers as defined in the Complaint were made to Defendant, but denies that all of the Transfers identified in Exhibit 1 to the Complaint were made by Plaintiffs to Defendant in the amounts and/or dates listed therein. Defendant affirmatively states that it received certain transfers (the "Actual Transfers") from the Plaintiffs within the ninety (90) days prior to the Initial Filing Date, as more fully described on Exhibit A hereto. Defendant did not receive a transfer in the amount of $6,827.52 within the ninety (90) days prior to the Initial Filing Date, as set forth in the Exhibit 1 to the Plaintiffs' Complaint. Rather, Defendant received a transfer from one or more of the Plaintiffs in such amount on July 9, 2005, a date prior to the ninety (90) days prior to the Initial Filing Date. Except as so admitted, Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11.     Defendant restates and incorporates herein by this reference its response to the allegations contained in paragraph 10. Except as so admitted, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

3

12.    Defendant restates and incorporates herein by this reference its response to the allegations contained in paragraph 10. Defendant admits that the Plaintiffs made, or caused to be made, the Actual Transfers to, or for the benefit of it. Except as so admitted, Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13.    Defendant restates and incorporates herein by this reference its response to the allegations contained in paragraph 10. Defendant denies the allegations in paragraph 13 of the Complaint. Specifically, Defendant denies that the transfer made on October 6, 2010 for $3,053,806.92 (the "October 6 Transfer") was a transfer made by Plaintiff for, or an account of, an antecedent debt owed to Defendant prior to the date on which it was made. The October 6 Transfer was a "Cash in Advance" payment made by Plaintiff to Defendant pursuant to a Settlement Agreement between the parties dated as of October 3, 2005. The October 6 Transfer was a payment for future goods and services supplied to Plaintiff by Defendant and was not intended to be, and was not in fact a transfer for or on account of an antecedent debt.

14.    The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

15.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.    Defendant denies the allegations in paragraph 16 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

17.    The Actual Transfers received by the Defendant from the Debtors in the 90 day period preceding the Petition Date were in payment of a debt incurred by the

4

Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant; made in the ordinary course of business or financial affairs of the Debtors and the Defendant; and made according to ordinary business terms. Therefore, the Actual Transfers are not subject to avoidance by Plaintiffs under 11 U.S.C. § 547(c)(2).

## SECOND AFFIRMATIVE DEFENSE

18.     Subsequent to the receipt of certain of the Actual Transfers by the Defendant from the Debtors in the 90 day period preceding the Petition Date, Defendant gave new value to or for the benefit of the Debtors not secured by an otherwise unavoidable security interest and on account of which the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendant. Therefore, the Actual Transfers are not subject to avoidance by Plaintiff under 11 U.S.C. § 547(c)(4).

## THIRD AFFIRMATIVE DEFENSE

19.     One or more of the Actual Transfers were contemporaneous exchanges for new value pursuant to 11 U.S.C. § 547(c)(1) and are not subject to avoidance.

## FOURTH AFFIRMATIVE DEFENSE

20.     Defendant reserves its right to assert other affirmative defenses as they become known at a future date.

WHEREFORE, Defendant, METHODE ELECTRONICS INC., prays for judgment against Plaintiff, DELPHI CORPORATION, et al., as follows:

A.     Dismissal of the Complaint;

B.     Award of attorneys' fees incurred in defending against the allegations in the Complaint;

C.     Award of costs incurred in defending against the allegations in the Complaint; and

5

D.    Any and all other relief as the Court deems just and proper.


Dated: Chicago, Illinois                    Respectfully submitted,
       April 9, 2010


                                            _____/s/_____
                                            Timothy S. McFadden (TM 9650)
                                            Courtney E. Barr *admitted pro hac* (CB 7768)
                                            LOCKE LORD BISSELL & LIDDELL LLP
                                            111 South Wacker Drive
                                            Chicago, Illinois 60606-4410
                                            Telephone: (312) 443-0700
                                            Fax: (312) 443-0336

                                            -and-

                                            Shalom Jacob (SJ 1160)
                                            Casey B. Howard (CH 4633)
                                            LOCKE LORD BISSELL & LIDDELL LLP
                                            Three World Financial Center
                                            New York, New York 10281-2101
                                            Tel: (212) 415-8600
                                            Fax: (212) 303-2754

                                            *Counsel for Defendant*
                                            *Methode Electronics Inc.*

6

**EXHIBIT A**

| Transfer Date | Transfer Amount |
|---|---|
| 10/4/2005 | $6,655,222.18 |
| 10/4/2005 | $75,673.80 |
| 10/6/2005 | $3,053,806.92 |
| 7/21/2005 | $38,556.00 |
| 8/1/2005 | $58,548.00 |
| 8/2/2005 | $5,365,903.75 |
| 8/2/2005 | $59,684.72 |
| 8/3/2005 | $300.00 |
| 8/6/2005 | $3,563.52 |
| 9/7/2005 | $52,098.51 |
| 9/16/2005 | $3,374.07 |
| 9/2/2005 | $3,949,866.97 |
| 9/2/2005 | $43,078.64 |
| 9/28/2005 | $4,672.51 |
| 9/28/2005 | $2,812.80 |
| 10/4/2005 | $33,767.41 |
| 9/28/2005 | $2,072.00 |
| 9/6/2005 | $264,420.66 |
| 9/7/2005 | $49,820.24 |
| **TOTAL** | **$19,717,242.70** |

7