# EXHIBIT 22

# EXHIBIT 22

## PBR Columbia (n/k/a Bosch Chassis System), Adv. Pro. No. 07-02572-rdd

Bosch Chassis Systems Columbia LLC f/k/a PBR Columbia, LLC's ("PBR/Bosch") counsel, David G. Dragich, was served with the Proposed Forty-Eighth Omnibus Hearing Agenda, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, Affidavit of Service, Proposed Forty-Eighth Omnibus Hearing Agenda, p. 1*; *Ex. 5, Proposed Forty-Eighth Omnibus Hearing Agenda.*

In addition, Gordon Toering, counsel to Robert Bosch Corporation ("Robert Bosch"), was served with a copy of the Final Extension Motion. *See Ex. 4, KCC Affidavit of Service, Delphi Corp. 2002 List, p. 21.* Upon information and belief, PBR/Bosch is a division or subsidiary of Robert Bosch. *Id., Delphi Corp. 2002 List, p. 21.*

PBR/Bosch filed two declarations, the first in November 19, 2010 and the second on July 12, 2011, *neither of which declares that PBR/Bosch did not receive notice of the Final Extension Motion*. *See Exs. 22(a) and 22(b).* In the November 2010 declaration, David L. Foster, Manager of PBR/Bosch, declared that "although Defendant's counsel at the time *may have received notice* that Delphi was seeking to file preference complaints under seal and extend time for service of the complaint past the running of the statute of limitations, *Defendant had no knowledge that it was one of the named* defendants…." *Ex. 22(a), Declaration of David L. Foster, ¶ 9 (emphasis added).* In the second declaration, filed on July 12, 2011, David Wheeler, prior General Manager of PBR/Bosch stated that "[t]o the best of my knowledge, Defendant was never served with either the [Final] Extension Motion or the [Final] Extension Order." *Ex. 22(b), Declaration of David Wheeler, ¶ 4.* Mr. Wheeler, however, does not state whether Defendant's counsel was

served. Because of the seemingly contradictory statements in the two declarations, there is an obvious factual question as to whether PBR/Bosch had notice of the Final Extension Motion.

Moreover, PBR/Bosch received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. PBR/Bosch was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[3] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. Upon information and belief, PBR/Bosch is a related entity to Robert Bosch and PBR Automotive USA Pacific, which were among the Debtors' 50 largest unsecured creditors, along with HSS, Victory Packaging, Philips Semiconductors, Applied Bio Systems, Methode and Timken. Sophisticated creditors like PBR/Bosch typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like PBR/Bosch could be surprised or caught off guard when such preference complaints are finally filed. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that

---

[3] *Ex. 7, Service List –Pending Objection to Disallow and Expunge Claim, p.6.*

creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
gtoering@wnj.com
moneal@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Bosch Chassis Systems Columbia L.L.C.
f/k/a PBR Columbia L.L.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |
| DELPHI CORPORATION, et al | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02572-rdd |
| PBR COLUMBIA LLC, | |
| Defendant. | |

-------------------------------- x

**DECLARATION OF DAVID L. FOSTER IN SUPPORT OF BOSCH CHASSIS
SYSTEM COLUMBIA L.L.C.'S MEMORANDUM OF LAW IN OPPOSITION TO
REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT**

I, David L. Foster, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1. I am a Manager of Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC ("**Defendant**").

2. I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

3. Defendant supplied parts to Delphi Corporation and/or its subsidiaries and affiliates (collectively "**Delphi**") prior to Delphi filing for Chapter 11 bankruptcy in October 2005. In October 2005, Defendant was known as "PBR Columbia LLC." In March 2009, Defendant's name was changed to Bosch Chassis Systems Columbia LLC.

4. Defendant operated its business in the normal course from October 2005 until December 2009.

5. On or about December 31, 2009, Defendant sold substantially all of its assets to ABMA, LLC, a wholly-owned subsidiary of Akebono Corporation (North America) ("**Akebono**"). Defendant's sale of assets to Akebono occurred as part of a larger transaction involving the sale of assets to Akebono by certain affiliates of Defendant. Akebono has no connection with Defendant or with Defendant's affiliates. Akebono is an unrelated auto parts supplier headquartered in Japan.

6. Due to the sale of Defendant's assets to Akebono, since January 1, 2010 and continuing through the date of this Declaration: (a) Defendant has not had any employees, other than executive officers of the Defendant who attend only to matters related to Defendant on an as-needed basis; and (b) Defendant has not had any manufacturing operations. All paid

employees of Defendant were terminated and all manufacturing operations of Defendant ceased when the sale of Defendant's assets to Akebono occurred on or about December 31, 2009.

7. Defendant's sale of assets occurred without any knowledge of the above-captioned adversary proceeding and without any knowledge that Delphi had asserted preferential transfer claims (or any other claims) against Defendant.

8. In February 2010, Defendant learned for the very first time that Delphi had filed the above-captioned adversary proceeding complaint in September 2007 against Defendant to recover over $3.6 million in alleged preferential transfers that occurred in 2005.

9. Until February 2010, Defendant was unaware that a complaint had been filed against it by Delphi. Further, although Defendant's counsel at the time may have received notice that Delphi was seeking to file preference complaints under seal and extend the time for service of the complaint past the running of the statute of limitations, Defendant had no reason to believe that it was one of the named defendants since Delphi had not provided any indication to Defendant that Delphi would be pursuing a claim against Defendant. Further, as stated above, at the time of the sale to Akebono, Defendant had no knowledge of the above-captioned adversary proceeding or any other preference claim by Delphi against Defendant.

10. As a result of Delphi's withholding notice and service of the complaint in this action, Defendant will be harmed in its ability to defend this action and will suffer prejudice. This harm and prejudice includes without limitation the following:

    A. As part of the sale to Akebono, Defendant transferred to Akebono substantially all of Defendant's books and records relating to its business operations, including the paper and electronic records that would support Defendant's defenses to the preference claim. These records include payment,

3

shipment and invoice information. Defendant does not know whether any of the Delphi-related books and records were preserved by Akebono because it has been almost five years since the alleged transfers took place.

B. The primary persons at Defendant's operations that were involved with the Delphi account and that would be familiar with the factual background that would be relevant to this action are no longer employed by Defendant. Those persons may be employed at Akebono or elsewhere. Some may be totally unavailable.

C. If Defendant had known about Delphi's complaint when it was filed in September 2007, or even if it had known about the complaint in the two years between the time the complaint was filed and when Defendant sold its assets, Defendant would likely have taken steps to organize and preserve its books and records with respect to matters involving Delphi. Moreover, Defendant likely would have interviewed employees who were knowledgeable about the Delphi business relationship before such employees left the employment of Defendant. Defendant also would likely have made arrangements to keep in contact with those former employees in the event that Defendant would need them to provide information or serve as witnesses.

11. As summarized above, Defendant has been prejudiced in its ability to defend this adversary proceeding by the delay in receiving knowledge and service of the complaint against it.

4

I make this Declaration under penalty of perjury.

_____
David L. Foster

Executed in Knoxville, Tennessee
on November 19, 2010
4931009

# EXHIBIT B

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax
gtoering@wnj.com
moneal@wnj.com

Gordon J. Toering (GT-3738)
(Admitted *Pro Hac Vice*)
Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for Bosch Chassis Systems Columbia L.L.C.
f/k/a PBR Columbia L.L.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- -x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |
| DELPHI CORPORATION, et al | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02572-rdd |
| PBR COLUMBIA LLC, | |
| Defendant. | |

-------------------------------- -x

## DECLARATION OF DAVID WHEELER

I, David Wheeler, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1. I make this Declaration on personal knowledge, and if called as a witness, would testify to the facts contained herein.

2. From November 25, 2004 to December 31, 2009, I was General Manager of Bosch Chassis Systems Columbia L.L.C. f/k/a PBR Columbia LLC ("**Defendant**"). In that capacity I was aware of and involved in matters pertaining to Delphi's bankruptcy.

3. I have recently reviewed Delphi's Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") and the Order entered on October 22, 2009 approving that motion (Docket No. 18999) (the "**Fourth Extension Order**").

4. To the best of my knowledge, Defendant was never served with either the Fourth Extension Motion or the Fourth Extension Order. Likewise, to the best of my knowledge, Defendant was unaware of either the Fourth Extension Motion or the Fourth Extension Order until after it was served with the complaint in February 2010.

I make this Declaration under penalty of perjury.

_____
David Wheeler

Executed in West Columbia, South Carolina
on July 12, 2011

5597013