# EXHIBIT 25

# EXHIBIT 25

## Timken Corporation, Adv. Proc. No.: 07-02198-rdd

Timken Corporation ("Timken") received notice of the Final Extension Motion, both directly and through its attorney, James Sullivan. On October 2, 2009, service of the Final Extension Motion was served on Robert Morris at Timken Corporation, 1835 Dueber Ave. S.W., Canton, OH, as certified by KCC. *See Ex. 4, Delphi Corp. 2002 List, Ex. B, p. 21 of 22.* Mr. Morris was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, Affidavit of Service, Proposed Forty-Eighth Omnibus Hearing Agenda, p. 21*; *Ex.5, Proposed Forty-Eighth Omnibus Hearing Agenda.*

In addition, on October 2, 2009, service of the Final Extension Motion was served on James M. Sullivan, McDermott Will & Emery, LLP, counsel to Timken Corporation, as certified by KCC. *See Ex. 1, KCC Affidavit of Service, Delphi Corp. 2002 List, p. 13 of 22, and Special Parties service list, p.1.* Mr. Sullivan was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). *Ex. 6, Affidavit of Service, Proposed Forty-Eighth Omnibus Hearing Agenda, p. 13*; *Ex. 5, Proposed Forty-Eighth Omnibus Hearing Agenda.*

Finally, Timken's counsel, James M. Sullivan, McDermott Will & Emery, LLP, was present at least at one of the Extension Motion hearings. His appearance is noted on the record of the March 19, 2008 hearing. *See Ex. 3(A)(E), March 19, 2008 Hearing Transcript, p. 7.*

Timken filed the Declaration of James Sullivan on July 12, 2011. Mr. Sullivan, through carefully crafted language, tries to create the impression that neither he nor his client received notice of the Final Extension Motion. For example, at Paragraph 6 of the Declaration, Mr.

Sullivan asserts that to the best of his knowledge no notice was given to Timken or its counsel that the "claims procedure motion related to claims against Timken." That, of course, is not the issue. In a similar vein, Mr. Sullivan asserts, at Paragraph 11, that service of the Final Extension Motion was addressed to his McDermott Will & Emory e-mail address and that it "was not a valid email address at the time the Final Extension Motion was filed." *Ex. 25(a), Declaration of James M. Sullivan, ¶ 11.* Yet, the KCC Affidavit of Service, Special Parties service list, p.1 shows that Mr. Sullivan was served at both McDermott and his new firm, Arent Fox. *Ex. 4, Special Parties service list, p.1.* As noted above, Mr. Sullivan was also served with the Proposed Forty-Eighth Omnibus Hearing Agenda, which specifically identified the Debtors' Final Extension Motion as Agenda item C(1). Mr. Sullivan also basis his statement that Timken did not receive notice of the Final Extension or other extension motions (together "Extension Motions") on a claim that notice was not sent "by overnight mail." *Ex.25(a), ¶6.* However, Southern District of New York Local Rule 5.2 provides that "[a] paper served and filed by electronic means in accordance with procedures promulgated by the Court is, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil rules of the Southern and Eastern Districts of New York." *LR 5.2.*

Timken also filed the Declaration of Michael Hart, Manager, Credit & Accounts Receivable, of Timken Corporation, dated July 12, 2011 ("Declaration")[7]. *Ex.25(b).* It should be noted that Mr. Hart has only held this position "since September 1, 2010, when the prior Manager, Robert Morris, retired." *Ex. 25(b), ¶1.* In his Declaration, Mr. Hart does not deny the receipt of notice of the Final Extension Motion. Rather, like Mr. Sullivan, he merely states that

---

[7] Mr. Hart filed an earlier Declaration on May 14, 2010. In that Declaration Mr. Hart again only states that Timken did not have notice that the Estate Claims Procedures Motion included claims against Timken. He does not state that Timken did not have notice of the motion. *Ex. 25(b), ¶ 8.*

Timken did not have notice that the Preservation of Claims Motion related to claims against Timken and that Timken had not been served with the motion via overnight mail. *Id.* As stated above, Robert Morris, Mr. Hart's predecessor, had been served with notice of the Final Extension Motion. *See Ex. 1, Delphi Corp. 2002 List, Ex. B, p. 21 of 22*.

Finally, Timken received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Timken was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[8] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. Timken was listed as one of Debtors' 50 largest unsecured creditors, along with Robert Bosch Corporation, PBR Automotive USA Pacific, HSS LLC, Philips Semiconductors, Applied Bio Systems, Methode Electronics, and Victory Packaging. Sophisticated creditors like Timken typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Timken could be surprised or caught off guard when such preference complaints are finally filed. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference

---

[8] *Ex. 7, Service List: Governmental Entities, Master Service List and 2002 List, p. 21.*

litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
In re:                                              :
                                                    :   Chapter 11
DPH HOLDINGS CORP, et al,                           :
                                                    :   Case No. 05-44481 (RDD)
            Reorganized Debtors.                    :   (Jointly Administered)
                                                    :
------------------------------------------------------ X
DELPHI AUTOMOTIVE SYSTEMS, LLC,                     :
                                                    :
            Plaintiff,                              :   Adv. Proc. No. 07-02688 (RDD)
                                                    :
    v.                                              :
                                                    :
THE TIMKEN COMPANY and THE                          :
TIMKEN CORPORATION,                                 :
                                                    :
            Defendants.                             :
------------------------------------------------------ X

## DECLARATION OF JAMES SULLIVAN

James Sullivan, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a partner at Moses & Singer LLP. I represent The Timken Company and The Timken Corporation (collectively, "Timken") in connection with the above referenced adversary proceeding. Except for a short period of time from January 5, 2009 (when I moved from McDermott Will & Emery LLP to Arent Fox LLP) to July 6, 2009 (when I notified Debtors' counsel that I switched law firms and that any future notices be sent to me at Arent Fox), I have represented Timken in the above referenced chapter 11 case since November 2, 2005.

2. I submit this declaration in further support of Timken's further opposition to the Reorganized Debtors' (the "Reorganized Debtors") Motion for Leave to File Amended Complaints and Timken's Motion to Vacate the Fourth Extension Order.

881793v1 013074.0101

3. Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4. Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under chapter 11 of title 11 of the United States Code.

5. Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed. R. Civ. P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6. To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7. Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Timken (the "Adversary Proceeding") under seal.

8. To the best of my knowledge, information, and belief, neither Timken nor its counsel was aware of the Adversary Proceeding until Timken was served with it on or about April 8, 2010.

9. Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10. Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Motions related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with copies of the Extension Motions by overnight mail.

11. According to the Affidavit of Service (Docket No. 18967) filed in connection with the last Extension Motion (Docket No. 18952), I was not served with the last Extension Motion by any means. Although it appears that the Debtors did attempt to serve me with the last Extension Motion by electronic notice at my former firm, McDermott Will & Emery LLP, upon information and belief, the McDermott Will & Emery email address was not a valid email address at the time the last Extension Motion was filed. The same Affidavit of Service also reflects that the Debtors did serve me by overnight mail with other pleadings at my Arent Fox address. It is unclear to my why the Debtors did not also attempt to serve me with the last Extension Motion at my Arent Fox address.

12. Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge,

information, and belief, no notice was given to Timken or its counsel that the Extension Orders related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with a copy of the Extension Orders by overnight mail.

13. I have been unable to locate an Affidavit of Service relating to the last Extension Order on the docket. Therefore, upon information and belief, the Debtors did not attempt to serve the last Extension Order by any means upon Timken or its counsel.

14. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of July, 2011 at New York, New York

/s/ James Sullivan
James Sullivan

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
In re                                                   :   Chapter 11
                                                        :
DPH HOLDINGS CORP, et al.,                              :   Case No. 05-44481 (RDD)
                                                        :   (Jointly Administered)
                        Reorganized Debtors.            :
------------------------------------------------------- x
DELPHI AUTOMOTIVE SYSTEMS, LLC,                         :
                                                        :   Adv. Pro. No. 07-02688 (RDD)
                        Plaintiff,                      :
                                                        :
             -against-                                  :
                                                        :
THE TIMKEN COMPANY and THE                              :
TIMKEN CORPORATION,                                     :
                                                        :
                        Defendants.                     :
------------------------------------------------------- X
```

## DECLARATION OF MICHAEL HART

Michael Hart, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the Manager, Credit & Accounts Receivable, of The Timken Corporation. I have held this title since September 1, 2010, when the prior Manager, Robert Morris, retired. I have been employed by The Timken Corporation since January 2, 2006. I held the title of Assistant Manager, Credit & Accounts receivable from January 2, 2006 through August 31, 2010.

2. I submit this declaration in further support of the Opposition of The Timken Company and The Timken Corporation (collectively "Timken") to the Reorganized Debtors' (the "Reorganized Debtors") Motion for Leave to File Amended Complaints and Timken's Motion to Vacate the Fourth Extension Order.

881760

- 1 -

3.  Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4.  Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under chapter 11 of title 11 of the United States Code.

5.  Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed. R. Civ. P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6.  To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7.  Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Timken (the "Adversary Proceeding") under seal.

8.  To the best of my knowledge, information, and belief, neither Timken nor its counsel was aware of the Adversary Proceeding until Timken was served with it on or about April 8, 2010.

9. Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10. Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Motions related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with copies of the Extension Motions by overnight mail.

11. Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge, information, and belief, no notice was given to Timken or its counsel that the Extension Orders related to claims against Timken. To the best of my knowledge, information, and belief, neither Timken nor its counsel were served with a copy of the Extension Orders by overnight mail.

[Remainder of Page Intentionally Blank]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 12th day of July, 2011 at Canton, Ohio.

_____
Michael Hart