# EXHIBIT 26

# EXHIBIT 26

**UVA Machine Company, Adv. Proc. No.: 07-02523-rdd**

UVA Machine Company's ("UVA") does not deny that it received notice of the Final Extension motion. In fact, no one employed by UVA has filed a declaration in this matter. UVA's counsel, Robert F. Brown, Rendigs, Fry, Kiely & Dennis, filed an affidavit in which he acknowledges that "UVA is listed on the affidavits of service filed in connection with the Extension Motions and the Extension Orders as receiving service of such pleadings…." *See Ex. 26(a), ¶ 4, Affidavit of Robert F. Brown, Rendigs, Fry, Kiely & Dennis*. Mr. Brown also says, without explanation, that UVA "did not receive sufficient notice of the Extension Motions or the Extension orders." *See Affidavit of Robert F. Brown, Rendigs, Fry, Kiely & Dennis, attached as Ex. 26(a), ¶ 4*. Mr. Brown's statement regarding the sufficiency of notice is merely conclusory and must be disregarded as Mr. Brown confirms UVA received service of the Final Extension Motion.

Finally, UVA received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. UVA was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[9] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim

---

[9] *Ex. 7, Service List: Governmental Entities, Master Service List and 2002 List, p. 21.*

procedures at issue and on inquiry notice as to the need to monitor preference claim developments.  *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.  Sophisticated creditors like UVA typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like UVA could be surprised or caught off guard when such preference complaints are finally filed.  *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
In re                                : Chapter 11
                                     : Case No. 05-44481 [RDD]
DPH HOLDINGS CORP, *et al.*,         :
                                     : Jointly Administered
            Recognized Debtors       :
_____x

DELPHI CORPORATION, et al.,          :
                                     :
            Plaintiffs,               : Adv. Pro. No. 07-02523 [RDD]
                                     :
v.                                   :
                                     :
UVA MACHINE COMPANY,                 :
                                     :
            Defendant.                :
                                     :
_____x

### AFFIDAVIT OF ROBERT F. BROWN

STATE OF OHIO        )
                     )  SS:
COUNTY OF HAMILTON   )

I, Robert F. Brown, being first duly cautioned and sworn, depose and say of my own personal knowledge the following:

1. I am a member of the law firm of Rendigs, Fry, Kiely & Dennis, 1 W. Fourth Street, Suite 900, Cincinnati, Ohio 45202. I am familiar with the adversary proceeding commenced against UVA Machine Company ("UVA") by Delphi Corporation, Adversary Proceeding No. 07-02523 (the "Adversary Proceeding").

2. On October 8, 2005, Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3. On August 6, 2007, February 28, 2008, April 10, 2008, and October 2, 2009, the Debtors filed motions (collectively, the "Extension Motions") which sought permission to, among other things: (a) toll the statute of limitations by asking for an extension of time to serve the complaint filed in the Adversary Proceeding and a stay of the Adversary Proceeding until service of process was effected; and (b) file certain adversary proceeding complaints, including the complaint filed in the Adversary Proceeding, under seal. On August 16, 2007, March 28, 2008, April 30, 2008, and October 22, 2009, this Court entered orders granting Extension Motions (collectively, the "Extension Orders").

4. Although UVA is listed on the affidavits of service filed in connection with the Extension Motions and the Extension Orders as receiving service of such pleadings, UVA asserts that it did not receive sufficient notice of the Extension Motions or the Extension orders. Between 2007 and 2010, the company was sold by its owner to the current owners, and made certain financial decisions and took certain actions without knowing it had been sued by Delphi for over $1,000,000.00.

5. UVA had no knowledge of the Adversary Proceeding until it was served with a summons and complaint on or about March 18, 2010.

FURTHER AFFIANT SAYETH NAUGHT.

(Signature Page Follows)

(Signature Page to Brown Affidavit)

_____
Robert F. Brown, Esq.

Subscribed and sworn to me by Robert F. Brown on this _13_ day of July, 2011.

_Patricia Ann Cline_____
Notary Public

My Commission expires: _12/25/11_

**PATRICIA ANN CLINE**
Notary Public, State of Ohio
My Commission Expires Dec. 25, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Notice of Filing of Affidavit of Robert F. Brown* was electronically filed with the Clerk using the ECF system, which sent notification of such filing to all ECF participants requesting electronic service on July 13, 2011.

/s/ *Robert F. Brown*