# EXHIBIT 29

# EXHIBIT 29

**Solid State Stamping Inc., Adv. Pro. No. 07-02633**

Solid State Stamping Inc. ("Solid State") received notice of the Final Extension Motion. It is documented that the motion was electronically mailed to "Franklin C. Adams on behalf of …Solid State Stamping" at franklin.adams@bbklaw.com. *See Ex. 10, Notice of Electronic Filing Final Extension Motion, p. 3.* Contrary to this documented evidence of service, Solid State filed the Declaration of Neil D. Allen, Executive Vice President and Chief Operating Officer of Sunstone Components Group, Inc. (f/k/a Solid State Stamping Inc.). *Ex. 29(a), ¶ 1.* Mr. Allen states that Solid State did not receive or have knowledge of the Extension Motions. *Ex. 29(a), ¶ 6.* Mr. Allen, however, does not dispute that Solid State's counsel of record was served.

Solid State also received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Solid State was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[12] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that Preference Claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim

---

[12] *Ex. 7, Service List: Class C of General Unsecured Creditors Claims, Class 1C Ballot, p. 97.*

developments. *Ex. 8, July 22, 2010 Transcript*, pp. 150-153. Sophisticated creditors like Solid State typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Solid State could be surprised or caught off guard when such preference complaints are finally filed. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
DELPHI CORPORATION, et al.,                         :    Case No. 05-44481-RDD
                                                    :
                        Debtors.                    :
------------------------------------------------------------X
DELPHI CORPORATION, et al.,                         :
                                                    :
                        Plaintiffs,                 :    Adv. No. 07-02633-RDD
        v.                                          :
                                                    :
SOLID STATE STAMPING INC., SOLID                    :
STATE STAMPING I and SOLID STATE                    :
STAMPLING INC.,                                     :
                                                    :
                        Defendants.                 :
------------------------------------------------------------X

**DECLARATION OF NEIL D. ALLEN
IN FURTHER SUPPORT OF SUNSTONE
COMPONENTS GROUP, INC.'S JOINDERS IN (1) THE MOTION AND BRIEF OF
DEFENDANT DOSHI PRETTL INTERNATIONAL FOR RELIEF FROM
FOURTH ORDER EXTENDING TIME TO SERVE COMPLAINT AND (2) THE
OBJECTIONS, BRIEFS, AND SUR-REPLIES WITH RESPECT TO REORGANIZED
DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

STATE OF CALIFORNIA           )
                              ) ss.:
COUNTY OF RIVERSIDE           )

Pursuant to 28 § 1746, Neil D. Allen, declares as follows:

**Background**

1.      I have been employed by Sunstone Components Group, Inc. (f/k/a Solid State Stamping Inc.) ("SCG") since 2000 and am currently its Executive Vice President and Chief Operating Officer.

2.      I work at SCG's corporate offices, which are located at 42580 Rio Nedo, Temecula, CA 92590-3727. I am familiar with the day-to-day operations, business, and financial affairs of SCG.

3. I submit this declaration in further support of SCG's Joinders in (1) the Motion and Brief of Defendant Doshi Prettl International for Relief From Fourth Order Extending Time to Serve Complaint and (2) the Objections, Briefs, and Sur-Replies With Respect to Reorganized Debtors' Motion for Leave to File Amended Complaints, and in accordance with the Bankruptcy Court's direction at the June 21, 2011 hearing.

4. I have personal knowledge of the facts set forth herein, and if I were called to testify, I would and could testify competently concerning those facts.

### Lack of Notice of Fourth Extension Motion and Other Pleadings

5. SCG did not receive electronic notice of any filings in either Delphi's bankruptcy case or this adversary proceeding (the "Adversary Proceeding").

6. SCG never received, nor did it have knowledge of, any of the motions seeking, among other things, the establishment of procedures for the Adversary Proceeding, leave to file the Adversary Proceeding under seal, extensions of time to serve the summons and complaint in the Adversary Proceeding, and/or a stay of the Adversary Proceeding until service of process was effected.

7. In particular, SCG never received, nor did it have knowledge of, the Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedures Order, dated October 2, 2009 (D.I. #18952) (the "Fourth Extension Motion"). A copy of the affidavit of service (D.I. #18967) with respect to the Fourth Extension Motion is attached hereto as Exhibit A. <u>Neither SCG nor any of its predecessors or affiliates is listed anywhere on that affidavit of service</u>. Nor did SCG or any of its predecessors or affiliates receive (1) the Fifteenth Supplement Case Management Order (D.I. #18839), dated August 26, 2009, which, I understand, scheduled the omnibus hearing date on

2

which the Fourth Extension Motion was heard or (2) the Order (D.I. #18999), dated October 22, 2009, granting the Fourth Extension Motion.

8.  Moreover, at the request of counsel, I have reviewed the following additional affidavits of service and have confirmed that neither SCG not any of its predecessors or affiliates is listed thereon:

| Pleading | Pleading Docket Index Number | Affidavit of Service Index Number |
|---|---|---|
| Preservation of Estate Claims Procedures Motion | 8905 | 9039 |
| Preservation of Estate Claims Procedures Motion Order | 9105 | 9141 |
| Extension of Avoidance Action Service Deadline Motion | 12922 | 12970 |
| Extension of Avoidance Action Service Deadline Order | 13277 | 13313 |
| Postconfirmation Extension of Avoidance Action Service Deadline Motion | 13361 | 13415 |
| Postconfirmation Extension of Avoidance Action Service Deadline Order | 13484 | 13540 |

9.  SCG was not aware of the Adversary Proceeding until it was served with a summons and the Complaint in late February 2010.

3

## Assumption of Contracts

10. SCG never received, nor did it have knowledge of, any Notice of Non-Assumption of Contracts or Leases.

11. At the request of counsel, I have reviewed the following affidavits of service of Notice of Non-Assumption of Contracts or Leases and have confirmed that neither SCG not any of its predecessors or affiliates is listed thereon: D.I. #12196; D.I. #12220; D.I. #12238; D.I. #12520; D.I. #17728; and D.I. #18628.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

July 7, 2011
Temecula, CA


                                                          s/ Neil D. Allen
                                                          Neil D. Allen