# EXHIBIT 32

05-44481-rdd    Doc 21510-24    Filed 08/02/11    Entered 08/02/11 23:30:44    Exhibit 32
Pg 1 of 8

# EXHIBIT 32

**Pro Tech Machine, Adv. Pro. No. 07-02690-rdd**

The Declaration filed on behalf of Pro Tech Machine ("Pro Tech") is carefully crafted by narrowly limiting what the declarant claims Pro Tech did not know.  Pro Tech filed the Declaration of David Currie, its President.  *Ex. 32(a).*  In his Declaration, Mr. Currie states that "[t]o the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Pro Tech Machine."  *Ex. 32(a), ¶¶ 6 and 11*.  In this statement, Mr. Currie only declares that Pro Tech did not have notice that the extension motions concerned Pro Tech.  He did not state that Pro Tech did not have notice of the Final Extension Motion.  Mr. Currie goes on to further state that "[t]o the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail."  *Ex. 32(a), ¶¶ 6 and 11*.  Again, Mr. Currie did not state that Pro Tech did not have notice of the Final Extension Motion, but only that it was not received "via overnight mail."  *Ex. 32(a), ¶¶ 6 and 11*.

Pro Tech received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended.  Pro Tech was served with the First Amended Plan Disclosure Statement, filed in December 2007.  *See Affidavit of Service (Docket No. 11974).*[3]  On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388).  The Disclosure Statement outlined in detail that Preference Claims were to be filed under seal, with service

---

[3]  *Ex. 7, Service List: Executory Contracts and Unexpired Leases, p. 184.*

deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. Sophisticated creditors like Pro Tech typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Pro Tech could be surprised or caught off guard when such preference complaints are finally filed. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C.
Susan M. Cook (Mich. Bar No. P31514)
Rozanne M. Giunta (Mich. Bar No. P29969)
Adam D. Bruski (Mich. Bar No. P70030)
916 Washington Ave, Suite 309
PO Box 835
Bay City, MI 48707
989-893-3518
scook@lambertleser.com

Attorneys for Defendant Pro Tech Machine

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Debtors. | Hon. Robert D. Drain |
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | |
| PRO TECH MACHINE | Adv. Pro. No. 07-02690 (RDD) |
| Defendant. | |

## DECLARATION OF DAVID CURRIE

David Currie, pursuant to 18 U.S.C. §1746, declares as follows:

1. I am the President/Owner, of Pro Tech Machine. I have held this title since 1996. I have been employed by Pro Tech Machine since 1996.

{00108242}                                           1

2.  I submit this declaration in further support of the Objection to the Reorganized Debtors' Motion for Leave to File Amended Complaints. [AP Docket No. 38, November 23, 2010].

3.  Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4.  Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under Chapter 11 of Title 11 of the United States Code.

5.  Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed.R.Civ.P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6.  To the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Pro Tech Machine. To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7. Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Pro Tech Machine (the "Adversary Proceeding") under seal.

8. To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel was aware of the Adversary Proceeding until Pro Tech Machine was served with it on or about December 18, 2009.

9. Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10. Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Extension Motions related to claims against Pro Tech Machine. To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel were served with copies of the Extension Motions by overnight mail.

11. Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge, information and belief, no notice was given to Pro Tech Machine or its counsel that the Extension Orders related to claims against Pro Tech Machine. To the best of my knowledge, information and belief, neither Pro Tech Machine nor its counsel were served with a copy of the Extension Orders by overnight mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __19__ day of __July__, 2011, in Burton, Michigan.

David Currie