# EXHIBIT 37

# EXHIBIT 37

## NXP / Philips Semiconductor, Adv. Pro. No. 07-02580-rdd

Philips Semiconductors (n/k/a) NXP Semiconductors USA, Inc. ("Philips") did not file an affidavit or declaration. Instead, Philips filed an "Affirmation" submitted by its current attorney, Robert N. Michaelson. Mr. Michaelson does not claim to have personal knowledge of the content of his affirmation and, plainly, he does not. This is evident from the statement in Paragraph 1 where Mr. Michaelson states that prior to November 17, 2011 [sic] Philips was represented by K&L Gates LLP. *Ex. 37(a), ¶ 1*. Mr. Michaelson acknowledges that Edward M. Fox of K&L was served with the Final Extension Motion. However, Mr. Fox is identified as having received the notice on behalf of another party. *Ex. 37(a), ¶ 4*. Mr. Michaelson makes claims about what Mr. Fox knew or suspected, but this is speculation. Notably, Philips did not file a sworn statement declaring that they never received notice of the Final Extension Motion from Mr. Fox.

Moreover, Philips received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Philips was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[9] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in

---

[9] *Ex. 7, Service List –Executory Contracts and Unexpired Leases, p. 177.*

fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.* Philips was listed as one of Debtors' 50 largest unsecured creditors, along with Robert Bosch Corporation, PBR Automotive USA Pacific, HSS LLC, Methode, Applied Bio Systems, Timken, and Victory Packaging.

Through the information conveyed in the above filing, Philips cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses had been extended. Moreover, Philips had every reason to anticipate that it was the target of one of the avoidance claims. As set forth in the Debtors' complaint, Philips was a significant supplier who shortly before the chapter 11 petition received a $1.9 million non-ordinary course wire payment. *Ex. 37(b); Philip Semiconductor Complaint.* The payment was made on October 6, 2005, only 2 days before the Delphi chapter 11 petition was filed and Philips undoubtedly understood the preference implications. Sophisticated creditors like Philips typically are well aware of prospects and risks of preference litigation and it seems unlikely that creditors like Philips could be surprised or caught off guard when such preference complaints are finally filed. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed."). There is an obvious factual question as to whether counsel informed Philips about the facts surrounding these preference actions, notwithstanding that he did not receive notice in his capacity as counsel for Philips.[10]

---

[10] In addition, Philips Semiconductor and its counsel, Robert N. Michelson, Kirkpatrick & Lockhart Nicholson Graham LLP received the Bar Date Notice, the Administrative Bar Date Notice and the Effective Date Notice.

# EXHIBIT A

The Michaelson Law Firm
Robert N. Michaelson
11 Broadway, Suite 615
New York, New York, 10004
(p) (212) 604-0685
(f) (800) 364-1291

Attorneys for NXP Semiconductors USA, Inc.

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP, *et al.* | Case No. 05-44481 (RDD) |
| Reorganized Debtors. | |
| DELPHI AUTOMOTIVE SYSTEMS, LLC | Adv. Pro. No. 07-02580 (RDD) |
| Plaintiff, | |
| v. | |
| PHILIPS SEMICONDUCTORS, INC.<br>(n/k/a) NXP SEMICONDUCTORS USA, INC. | |
| Defendant. | |

**AFFIRMATION OF ROBERT N. MICHAELSON**

The undersigned hereby affirms under penalty of perjury:

1. I am counsel of record to NXP Semiconductors USA, Inc. ("NXP") in the above referenced adversary proceeding. Prior to approximately November 17, 2011, NXP was represented in this proceeding by K&L Gates, LLP (f/k/a Kirkpatrick & Lockhart Nicholson Graham, LLP) ("K&L").

2. At the June 21, 2011 hearing on the Debtors' Motion for Leave to Amend Complaints, the Court directed NXP and other similarly situated defendants to file affidavits advising the Court of the notice received of the Debtors' *Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* filed on October 2, 2009 (Docket No. 18952).

3. The Debtors filed a Certificate of Service in the jointly administered case on October 7, 2009, stating that they had caused the Motion to be served upon certain persons (Docket No. 18967). Neither NXP nor its predecessor, Philips Semiconductors, Inc. ("Philips") is referenced in Certificate of Service as having been served with the Motion and neither otherwise had actual or constructive notice of the Motion. In addition, neither the Motion nor the Certificate of Service was filed in the instant adversary proceeding.

4. Among those persons identified in the Certificate of Service as having been served with the Motion, but specifically and solely in his capacity as counsel to Wilmington Trust, was Edward M. Fox of K&L. Upon information and belief, and presuming, *arguendo,* that Mr. Fox was indeed served with the Motion, Mr. Fox had no basis or reason to suspect that Philips or NXP was a target of any avoidance claims by the Debtors and, therefore, had no reason to engage in any further inquiry that might have revealed whether the Motion was directed to the interests of Philips or NXP. Accordingly any knowledge of the Motion Mr. Fox might have had cannot be extended to NXP or Philips.

4. The Court entered an Order Approving the Motion on October 22, 2009 (the "Order") (Docket No. 18999). In the Order, the Court directs the Debtors to file a copy of the Order in each of the Adversary Proceedings. However, the Order was not filed as directed, thus depriving Philips and NXP of an opportunity to file a timely motion for reconsideration of the Order.

Dated: July 11, 2011

/s/ _____
Robert N. Michaelson

2

# EXHIBIT B

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                     :   Chapter 11
                                                           :   Case No. 05-44481 [RDD]
DELPHI CORPORATION, *et al.*,                              :
                                                           :   Jointly Administered
-----------------------------------------------------------x
                                                           :
DELPHI CORPORATION, *et al.*,                              :   Adv. Pro. No. 07-____ [RDD]
                                                           :
                         Plaintiffs,                       :
                                                           :
        - against -                                        :
                                                           :
                                                           :
PHILIPS SEMICONDUCTOR,                                     :
PHILIPS SEMICONDUCTORS, and PHILIPS                        :
SEMICONDUCTORS INC.,                                       :
                                                           :
                         Defendants.                       :
                                                           x
-----------------------------------------------------------

## COMPLAINT TO AVOID AND RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendants (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1. On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3. Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against Philips Semiconductor, Philips Semiconductors and Philips Semiconductors Inc. ("Defendants") to direct the return of certain avoidable transfers (the "Transfers") that were made by Plaintiffs to Defendants, as more fully and particularly identified in Exhibit "1" annexed hereto.

---

[1] The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

2

4. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

5. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

6. Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. Upon information and belief, Defendants were creditors of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

8. Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

### CLAIMS FOR RELIEF

#### FIRST CAUSE OF ACTION
(Avoidance and Recovery of Preferential Transfers)

9. Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10. On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendants.

11. The Transfers constitute transfers of interests in Plaintiffs' property.

12. Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendants.

13. Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made (the "Debt").

3

14.  Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15.  The Transfers enabled Defendants to receive more than it would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

16.  Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a.  On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendants to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

4

      b.      Granting such other and further relief as this Court may deem just and proper.

DATED:   New York, New York
               September 26, 2007

                                  DELPHI CORPORATION, *et al.*,
                                  Debtors, Debtors in Possession and Plaintiffs,
                                  By their Conflicts Counsel,
                                  TOGUT, SEGAL & SEGAL, LLP
                                  By:

                                  /s/ Neil Berger
                                  NEIL BERGER (NB-3599)
                                  SCOTT E. RATNER (SER-0015)
                                  Members of the Firm
                                  One Penn Plaza, Suite 3335
                                  New York, New York 10119
                                  (212) 594-5000

## EXHIBIT "1"

## DELPHI CORPORATION, *et al.*
v.
## PHILIPS SEMICONDUCTOR, *et al.*

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 7/11/2005 | $106,997.76 | CHECK |
| 8/2/2005 | $3,700,948.65 | EFT |
| 8/19/2005 | $17,275.68 | EFT |
| 8/24/2005 | $11,145.60 | CHECK |
| 8/24/2005 | $35,108.64 | CHECK |
| 8/25/2005 | $79,698.80 | EFT |
| 9/2/2005 | $2,218,745.86 | EFT |
| 9/7/2005 | $33,700.32 | EFT |
| 9/12/2005 | $51,526.08 | CHECK |
| 9/12/2005 | $11,802.72 | EFT |
| 9/13/2005 | $3,250.00 | EFT |
| 9/20/2005 | $30,803.00 | EFT |
| 9/21/2005 | $4,900.00 | EFT |
| 9/23/2005 | $26,749.44 | CHECK |
| 9/23/2005 | $1,950.00 | EFT |
| 9/27/2005 | $19,722.50 | EFT |
| 9/29/2005 | $14,834.50 | EFT |
| 9/30/2005 | $15,191.57 | EFT |
| 10/3/2005 | $8,846.96 | EFT |
| 10/4/2005 | $2,317,643.50 | EFT |
| 10/6/2005 | $1,962,982.50 | WIRE |
| 10/6/2005 | $287.50 | EFT |
| **TOTAL:** | **$10,674,111.58** | |