# EXHIBIT 39

# EXHIBIT 39

## DSSI LLC, Adv. Pro. No. 07-02236-rdd

Gary Miller, Vice President of DSSI, LLC[12] provided an unsigned and unnotarized affidavit which states that "[n]either DSSI, LLC nor any of its affiliates (collectively 'DSSI') received any formal or actual Notice" of the Extension Motions. *Ex. 39(a), ¶4.* Mr. Miller, goes on to state that "DSSI …never requested (nor received) any ECF Notice in the Debtors bankruptcy cases." *Ex. 39(a), ¶6.*

In the two months preceding bankruptcy, DSSI pressed hard to improve its position over other creditors. Beginning on August 15, 2005, there was a series of 7 wire transfers totaling $7,070.216.76 paid by the Debtors to DSSI. All of these transfers were non-ordinary course transfers. Debtors' records maintained in this time period show that payments were demanded because of Delphi's financial condition. *See e.g, Ex. 39(b).* DSSI is a large and sophisticated supplier and the fact that it extracted these payments on the eve of bankruptcy would not have gone unnoticed and DSSI almost certainly would have known the implications of these preference transfers. It is particularly noteworthy that within the 4 days immediately before the petition was filed there were 3 separate wire transfers exceeding $2.2 million dollars. *See DSSI Complaint*

Contrary to the position taken by Mr. Miller, DSSI received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. DSSI was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[13] On

---

[12] Also known as Direct Sourcing Solutions Inc.
[13] *Ex. 7, Service List - Executory Contracts and Unexpired Leases, p. 3.*

December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that Preference Claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

**FOX ROTHSCHILD LLP**
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
973-992-4800
- and -
100 Park Avenue, 15th Floor
New York, NY 10017
rmeth@foxrothschild.com
RICHARD M. METH, ESQ. (RM7791)(admitted *pro hac vice*)

and

**GREENEBAUM DOLL & MCDONALD PLLC**
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202
C. R. BOWLES, ESQ. (*pro hac vice* pending)
502-589-4200

Attorneys For Defendants, DSSI and DSSI, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

In re:

DELPHI AUTOMOTIVE SYSTEMS, LLC             Chapter 11
                                           Case No. 05-44481 (RDD)
                        Debtors.
                                           (Jointly Administered)

---------------------------------------------------------------X

DELPHI CORPORATION, *et al.*,              Adv. Pro. No. 07-02236 (RDD)

                        Plaintiffs

        - against -

DSSI and DSSI, LLC,

                        Defendants.

---------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF OBJECTION TO
## DELPHI AUTOMOTIVE SYSTEMS LLC'S
## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

GARY MILLER, being duly sworn, deposes and says:

1. I am Vice President of DSSI, LLC, and am fully familiar with the facts described here.

2. I make this Affidavit in support of DSSI, LLC's Objection ("Objection") to Delphi Automotive Systems LLC's ("DAS") Motion for Leave to File an Amended Complaint ("Amendment Motion").

3. DSSI, LLC provides procurement services and products to its customers.

4. Neither DSSI, LLC nor any of its affiliates (collectively "DSSI") received any formal or actual Notice of: (1) the DAS August 6, 2007, Motion ("Preservation Motion") of the Debtors, seeking to file certain Adversary Proceedings, including the one pending against the Defendants under seal, and delaying service of these complaints (Doc. No. 8905); (2) the August 16, 2007, Order approving the Preservation Motion (Doc. No. 9105); (3) the September 26, 2007, filing of the Complaint ("Initial Complaint") and related Adversary Proceeding against the Defendants; (4) the February 28, 2008 Motion ("First Extension Motion") seeking to extend the time to serve process in the Adversary Proceedings (Doc. No. 12922); (5) the Order approving the First Extension Motion (Doc. No. 13277); (6) the April 10, 2008 Motion ("Second Extension Motion") seeking to further extend the time to serve process in the Adversary Proceedings (Doc. No. 13361); (7) the Order approving the Second Extension Motion (Doc. No. 13484); (8) the October 2, 2009 Motion ("Third Extension Motion") seeking to further extend the time to serve process in the Adversary Proceedings (Doc. No. 18952); and/or (9) the Order approving the

RL1 843437v1 11/24/10

Third Extension Motion (Doc. No. 18999) (collectively "Extension Pleadings") until after DSSI, LLC was served with the initial Complaint ("Initial Complaint") in March of 2010.

5.   Neither I nor, on information and belief, any employee or agent of DSSI had any actual knowledge of the Extension Pleadings or the matters set forth therein until after DSSI was served with the Initial Complaint in March, 2010.

6.   DSSI never appeared in the Debtors' bankruptcy cases, except to file an answer to the Defendant's Claims Objection, and we never requested (nor received) any ECF notice in the Debtors bankruptcy cases.

7.   Based on a review of the Initial Plan[1] and the Bankruptcy Code, after October of 2007, DSSI believed that the statute of limitations had passed on any preference claims that the Debtors could assert against DSSI.

8.   Neither I nor, on information and belief, any employee or agent of DSSI had any knowledge of the Initial Complaint until it was served on DSSI in March of 2010.

9.   During the entire time of the Debtors' bankruptcy cases, DSSI did business with the Debtors.

10.  During this post-petition business relationship, DSSI made significant concessions to the Debtors.

11.  Had DSSI known of the DAS preference suit filed against it, DSSI would have not made these concessions.

---

[1] Capitalized Terms not defined herein shall have the meaning given them in the Objection.

12.  Had DSSI known of the DAS preference suit, it would have taken steps to protect evidence concerning the preference suit.

13.  Neither I nor, on information and belief, any employee or agent of DSSI obtain any information about the filing of this Adversary Proceeding or the Extension Motions, at the time the Debtors filed the Defendant Claim Objection.

14.  From a review of DSSI's records, DSSI did not enter into any service agreements with DTI, as alleged in the Proposed Complaint.

15.  From a review of DSSI's records, DSSI did not receive any of the Transfers listed on Exhibit 1 of the Proposed Complaint.

Further Affiant sayeth not.

_____
GARY MILLER

**COMMONWEALTH OF KENTUCKY** )
                             )SS:
**COUNTY OF** _____ )

Subscribed and sworn to before me this _____ day of _____, 2010, by Gary Miller.

My commission expires: _____

_____
NOTARY PUBLIC

# EXHIBIT B

09/20/2005  09:34    248-813-2701                    DELPHI BLDG C                        PAGE 01/01

# DELPHI

**Date:** Sep 19, 2005

**Subject:** Request for Authorization for Deviation: (Check One)
- XX☐ Standard Supplier Payment Terms
- XX Expedited Payment

**From:** Bruce Sheardown
**Position:** DGSM DSSI Project Lead
**Division:** HQ
**Location/phone:** 248 813 2425
**To:** : Delphi Purchasing Financial Manager (North America Only)
Or
Delphi Regional Financial Director

The following information is provided to support this request for a deviation from the Delphi Corporate standard supplier payment terms of second day of the second month (MNS-2) or to request an expedited payment. It has been approved and signed (see below) by the Vice President of the requester named above.

### Supplier Information
- **Name:** Direct Sourcing Solutions, Inc (DSSI)
- **Address:** 9300 Shelbyville Rd, Suite 402, Louisville, KY 40222
- **Phone:** 502-326-4346
- **Contact:** Margret Wadlington
- **DUNS No.:** 185419304 and 125814785

### Contract Information
- **PO #:** ~~~~~~~~~~~ ALL
- **Contract Source Sys.:**
- **Annual Purchase Value:** 60,000,000

Split: US  Mexico
      43M   17M

**Description of a commodity purchased or type of business conducted with the supplier:**
Indirect Material Buyer

### Payment terms to be changed
- **From:** MNS2;   (47)
- **To:** US – net immediate – 1% discount. Mexico net 10th & 25th – 1% disc
  (7)

### Effective date:
- **From:** Sept 16, 2005
- **To:** Nov 15, 2005

**Reason for deviation to standard payment terms:** (Reference supplier financial situation, legal ramifications, if any; tax issues etc.)

Advance 10/2/05 payment to pay on 9/19 for 2% discount. $2.670 million. Pay balance of Past due invoices $443,000. During 60 day period items must be receipted into system within 8 days from ship date to earn 1% discount for US and 10 days for Mexico. We will take the discount and let supplier debit us back for unearned discounts.
See attached Settlement Agreement

**Requester:** [signature]
Name Bruce Sheardown
Phone No: 248 813 2425    Fax No: 248 813 2701
Date: Sep 19, 2005

**Approved:** [signature] Sandra Delker
Delphi Purchasing Financial manager (North America Only)
Or
Delphi Regional Financial Director
Date: 9/21/05

**Approved:** [signature] Kevin Smith  [signature] JM Stegner
Vice President – Delphi Global Purchasing
9/21/05
Date: 9/22


BS
NO S/A

# EXHIBIT C

This is a sealed pleading and it is subject to the Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Fed. R. Bankr. P. 7004, 9006(c), and 9018 (i) Authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Causes of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including Those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553, dated August 16, 2007.

TOGUT, SEGAL & SEGAL LLP
Conflicts Counsel for Delphi Corporation, *et al.*,
Debtors and Debtors in Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger (NB-3599)
Scott E. Ratner (SER-0015)

Delphi Legal Information Hotline:
Toll Free: (800) 718-5305
International: (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 [RDD] |
| | Jointly Administered |

---------------------------------------------------------------- x

| | |
|---|---|
| DELPHI CORPORATION, *et al.*, | Adv. Pro. No. 07-_____ [RDD] |
| Plaintiffs, | |
| - against - | |
| DSSI and DSSI LLC, | |
| Defendants. | |

---------------------------------------------------------------- x

**COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Delphi Corporation ("Delphi") and the other above-captioned debtors and debtors in possession, the plaintiffs herein (together, the "Plaintiffs"),[1] by their conflicts counsel, Togut, Segal & Segal LLP, as and for their complaint ("Complaint") against the above-captioned Defendants (defined below), allege the following on knowledge as to themselves and their own acts and otherwise upon information and belief:

## INTRODUCTION

1. On October 8, 2005 (the "Initial Filing Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions in this Court for reorganization relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## JURISDICTION, VENUE AND PARTIES

3. Plaintiffs bring this adversary proceeding (the "Adversary Proceeding") pursuant to, *inter alia*, sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order and Judgment of this Court against DSSI and DSSI LLC (together, "Defendants") to direct the return of certain avoidable transfers (the "Transfers") that were made by Plaintiffs to Defendants as more fully and particularly identified in Exhibit "1" annexed hereto.

---

[1]    The term "Plaintiffs" shall mean all of the Debtors in the above-captioned chapter 11 cases.

2

4. This Adversary Proceeding is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F) and (O).

5. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1334.

6. Venue of this Adversary Proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. Upon information and belief, Defendants were creditors of one or more of the Plaintiffs prior to the filing of Plaintiffs' chapter 11 cases.

8. Plaintiffs retain the right to enforce, sue on, settle or compromise all causes of action including, without limitation, claims under and pursuant to sections 502(d), 544, 547, 548 and 550 of the Bankruptcy Code.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

9. Plaintiffs repeat, reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint as though set forth at length herein.

10. On or within ninety (90) days prior to the Initial Filing Date, Plaintiffs made, or caused to be made, the Transfers to Defendants.

11. The Transfers constitute transfers of interests in Plaintiffs' property.

12. Plaintiffs made, or caused to be made, the Transfers to, or for the benefit of Defendants.

13. Plaintiffs made, or caused to be made, the Transfers for, or on account of, antecedent debt(s) owed to Defendants prior to the dates on which the Transfers were made (the "Debt").

3

14. Pursuant to Bankruptcy Code section 547(f), for purposes of this Adversary Proceeding, Plaintiffs are presumed to have been insolvent at the time that the Transfers were made.

15. The Transfers enabled Defendants to receive more than they would have received if: (i) this case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants had received payment of the Debt to the extent provided by the Bankruptcy Code.

16. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and pursuant to section 550(a) of the Bankruptcy Code, an Order should be entered granting judgment in favor of Plaintiffs: (i) avoiding the Transfers pursuant to Bankruptcy Code section 547(b); (ii) against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof and the costs and expenses of this action including, without limitation, attorneys' fees; and (iii) directing Defendants to turnover and pay such sum to Plaintiffs pursuant to Bankruptcy Code section 550(a).

**WHEREFORE**, Plaintiffs respectfully request entry of judgment on their Complaint as follows:

a. On Plaintiffs' First Cause of Action, in favor of Plaintiffs and against Defendants in an amount not less than the amount of the Transfers, plus interest from the date hereof until full payment is made to Plaintiffs, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendants to turnover such sum to Plaintiffs pursuant to Bankruptcy Code sections 547(b) and 550(a); and

4

      b.    Granting such other and further relief as this Court may deem just and proper.

DATED:  New York, New York
           September 26, 2007

                              DELPHI CORPORATION, *et al.*,
                              Debtors, Debtors in Possession and Plaintiffs,
                              By their Conflicts Counsel,
                              TOGUT, SEGAL & SEGAL, LLP
                              By:

                              <u>/s/ Neil Berger</u>
                              NEIL BERGER (NB-3599)
                              SCOTT E. RATNER (SER-0015)
                              Members of the Firm
                              One Penn Plaza, Suite 3335
                              New York, New York  10119
                              (212) 594-5000

# EXHIBIT "1"

**DELPHI CORPORATION**, *et al.*
v.
**DSSI**, *et al.*

| Transfer Date | Transfer Amount | Transfer Type |
|---|---|---|
| 8/15/2005 | $656,200.24 | WIRE |
| 9/19/2005 | $2,616,187.32 | WIRE |
| 9/28/2005 | $1,300,235.92 | WIRE |
| 9/30/2005 | $220,538.25 | WIRE |
| 10/4/2005 | $512,885.58 | WIRE |
| 10/6/2005 | $1,217,178.75 | WIRE |
| 10/7/2005 | $546,990.70 | WIRE |
| **TOTAL:** | **$7,070,216.76** | |