# EXHIBIT 40

# EXHIBIT 40

**Microchip Technology Incorporated:  Adv. Proc. No.: 07-02436-RDD**

Microchip Technology Incorporated ("Microchip") provided the Declaration of Eric Bjornholt, Microchip's Vice President and Chief Financial Officer.  *Ex. 40(a)*.  Mr. Bjornholt states only that "Microchip had no notice prior to February 18, 2010 that it had been sued by Delphi Corporation ('Delphi') for avoidance and recovery of alleged preferential transfers."  *Ex. 40(a), ¶ 3*.  Mr. Bjornholt does not state that Microchip had no notice of the Final Extension Motion nor any of the Extension Motions, which is the issue before the Court.  *Ex. 40(a)*.

Microchip did receive notice related to the Delphi bankruptcy.  Microchip received relevant information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended.  Microchip was served with the First Amended Plan Disclosure Statement, filed in December 2007.  *See Affidavit of Service (Docket No. 11974)*.[14]  On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388).  The Disclosure Statement outlined in detail that Preference Claims were to be filed under seal, with service deferred until after the limitations period.  *Id*.

As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that it had in fact received a preference transfer, put the receiving Defendants on notice of the Preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments.  *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.  See also, *In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects

---

[14] *Ex. 7, Service List, Executory Contracts and Unexpired Leases, p. 153.*

and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed."). Through the information conveyed in the above filing, Microchip cannot credibly deny knowledge that avoidance claims were filed and placed under seal and the summonses had been extended.

# EXHIBIT A

ANDREWS KURTH LLP
Jonathan I. Levine (JL 9674)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

- and -

SNELL & WILMER L.L.P.
Steven D. Jerome (AZ Bar #018420)
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070

Counsel to Microchip Technology Incorporated

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :    Chapter 11
                                                               :
DELPHI CORPORATION, *et al.*,                                  :    Case No. 05-44481 (RDD)
                                                               :    Jointly Administered
---------------------------------------------------------------x
DELPHI CORPORATION                                             :
                                                               :    Adv. Pro. No. 07-02436 (RDD)
                           Plaintiffs,                         :
                                                               :
            -against-                                          :
                                                               :
MICROCHIP,                                                     :
                                                               :
                           Defendant.                          :
---------------------------------------------------------------x

**DECLARATION OF ERIC BJORNHOLT IN SUPPORT OF MICROCHIP
TECHNOLOGY INCORPORATED'S RESPONSE TO
REORGANIZED DEBTORS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINTS**

12244654

I, Eric Bjornholt do, hereby, state and declare as follows:

1. I am over the age of 18 years and am authorized to make this Declaration.

2. All facts stated herein are based upon my personal knowledge and information gained by me in the course and scope of my employment as Vice President and Chief Financial Officer of Microchip Technology Incorporated ("Microchip"), including information derived from the business records of Microchip, which are kept in the ordinary course of Microchip's business. I am competent to attest to the matters contained herein.

3. A review of Microchip's records reveals that Microchip had no notice prior to February 18, 2010 that it had been sued by Delphi Corporation ("Delphi") for avoidance and recovery of alleged preferential transfers.

4. Microchip did not file a proof of claim against any of the Debtors and did not receive copies of the Extension of Avoidance Action Service Deadline Motion,[1] the Postconfirmation Extension of Avoidance Action Service Deadline Motion, or the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion prior to February 18, 2010.

5. Had Microchip known that it had been sued by Delphi, it would have taken steps to defend itself by any appropriate means available to it.

6. To the extent that the preference litigation would have resulted in Microchip having an 11 U.S.C. § 502(h) claim against the estate, Microchip would have investigated all avenues of mitigating its liability by, for example, possibly selling its claim against the Debtors.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the "Motion by Microchip Technology Incorporated Seeking an Order (I) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024 Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including Those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (II) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice, or (III) in the Alternative, Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel" ("Motion to Dismiss").

12244654

-2-

7. Unaware that it had been sued by Delphi in 2007, Microchip continued doing business with the Debtors following the October 8, 2005 and October 14, 2005 petition dates.

8. Had Microchip known that it had been sued by Delphi for avoidance and recovery of an alleged preferential transfer, it would have considered terminating its business relationship with the Debtors.

9. If this adversary proceeding is permitted to go forward, Microchip will necessarily be forced to reevaluate how it will conduct business with all debtors-in-possession in the future since it will have no way of knowing whether a secret lawsuit has been filed against it.

I declare under penalty and perjury of the laws of the State of Arizona that the foregoing is true and correct and that this Declaration is executed by me on November 23, 2010.

[signature]

Eric Bjornholt
Vice President and Chief Financial Officer,
Microchip Technology Incorporated