# EXHIBIT 43

# EXHIBIT 43

## FA Tech Corporation, Adv. Pro. No. 07-02350-rdd

F.A. Tech Corporation ("F.A. Tech") waived its right to argue that dismissal is warranted on account of ineffective service. Under Fed. R. Civ. P. 12(g) and (h), a challenge to the efficacy of service under Fed. R. Civ. P. 4(m) is waived if not raised in its answer or in a pre-answer motion under Fed. R. Civ. P. 12(b). *McCurdy v. American Bd. of Plastic Surgery*, 157 F. 3d 191, 193-195 (3rd Cir. 1998). *See also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F. 3d 1351, 1360 (11th Cir. 2008). F.A. Tech filed an answer before filing a Rule 12(b) motion which did not challenge (by affirmative defense or otherwise) the Final Extension Order, and thus the efficacy of service. This Defendant has therefore waived the arguments it now asserts.

Kelly Michimi, Treasurer of F.A. Tech, provided a declaration stating that "[t]o the best of [her] knowledge, information and belief, F.A. Tech had no notice in 2007, 2008 or 2009, that Delphi was seeking to obtain authority to file and keep complaints under seal and to extend the time for service of complaints long past the running of the statute of limitations." *Ex. 43(a), ¶14.* Ms. Michimi further claims that F.A. Tech did not …receive notice in these bankruptcy cases.…" *Id.*

F.A. Tech did receive notice, however, that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. F.A. Tech was served with the First Amended Plan Disclosure Statement, filed in December 2007. See Affidavit of Service, Docket No. 11974[18]. On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K, Docket No. 11388. The Disclosure

---

[18] *Ex. 7, Service List – Class C of General Unsecured Creditors Claims, Class 1C Ballot, p. 42.*

Statement outlined in detail that Preference Claims were to be filed under seal, with service

deferred until after the limitations period.  As this Court discussed during the July 22, 2010

hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in

fact received preferential transfers, put the defendants on notice of the preference claim

procedures at issue and on inquiry notice as to the need to monitor preference claim

developments.  *Ex. 8, July 22, 2010 Transcript, pp. 150-153*.  See also, *In re TWA Inc. Post

Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases

sophisticated creditors typically are well aware of prospects and risks of preference litigation. …

Thus, it seems unlikely that creditors could be surprised or caught off guard when such

preference complaints are finally filed.").

# EXHIBIT A

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Telephone:     (513) 579-6400
Facsimile:     (513) 579-6457
Jason V. Stitt, Esq.
*Counsel for Defendant, F.A. Tech Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 [RDD] |
| Debtors. | (Jointly Administered) |
| DELPHI CORPORATION, *et al.*, | Adv. Proc. No. 07-02350 [RDD] |
| Plaintiffs, | |
| -v- | |
| F.A. TECH CORPORATION, | |
| Defendant. | |

**DECLARATION OF KELLY MICHIMI IN SUPPORT OF F.A. TECH**
**CORPORATION'S OBJECTION TO REORGANIZED DEBTORS' MOTION FOR**
**LEAVE TO FILE AMENDED COMPLAINTS**

Pursuant to 28 § 1746, Kelly Michimi declares as follows:

1.      I am the Treasurer of F.A. Tech Corporation ("F.A. Tech").

2.      In my capacity as treasurer, I am familiar with the books and records of F.A. Tech. and its relationship with Delphi Corporation.

3.      I make this Declaration upon personal knowledge, and if called as a witness, would testify to the facts contained herein.

4.      I have been employed by F.A. Tech since December, 1994.

5.      I am authorized to make this Declaration of F. A. Tech.

6.      I make this Declaration in support of F.A. Tech's Objection to Reorganized Debtors' Motion for Leave to File Amended Complaints.

7.      F.A. Tech did not hire counsel to appear on its behalf and receive notice in these bankruptcy cases until it was served with a copy of the complaint in January, 2010.

8.      To the best of my knowledge, information and belief until January, 2010, F.A. Tech had no notice that Delphi Corporation and its affiliates or successors (herein collectively, "Delphi") had sued F.A. Tech to recover more than $400,000 in alleged preferential transfers.

9.      F.A. Tech was not served and did not receive any of the motions seeking to extend time to serve the adversary complaints on F.A. Tech.

10.     Specifically, F.A. Tech did not receive a copy of the Expedited Motion For Order Under 11 U.S.C. §§ 102(l)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (I) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S. C. § 541,544,545,547, 548, Or 553 [Docket No. 8905] and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about August 10,2007 [Docket No. 9039].

11.     Additionally, F.A. Tech did not receive a copy of the Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1 ) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims

Procedures Order [Docket No. 12922], and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about March 4, 2008 [Docket No. 12970].

12.    Additionally, F.A. Tech did not receive a copy of the Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1 ) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 13361], and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about April 16,2008 [Docket No. 13415].

13.    Additionally, F.A. Tech did not receive a copy of the Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(l) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 18952], and no reference to F.A. Tech is contained in the relevant Affidavit of Service filed by the Debtors on or about October 7,2009 [Docket No. 18967].

14.    To the best of my knowledge, information and belief, F.A. Tech had no notice in 2007, 2008 or 2009, Delphi was seeking to obtain authority to file and keep complaints under seal and to extend the time for service of complaints long past the running statute of limitations.

15.    Accordingly, in January of 2010, F.A. Tech learned for the first time, it had been sued for the recovery of alleged preferential transfers in excess of $400,000 when it was served with the complaint filed in Delphi's bankruptcy proceeding.

16.    Between August 2007 and March 2010, F.A. Tech made certain financial decisions and took certain actions without the benefit of knowing they had been sued by Delphi for over $400,000.

17.    Because F.A. Tech did not know that the complaint had been filed, between August 2007 and March 2010, F.A. Tech issued financial reports including, audited financial statements to its owners and lenders and did not disclose the liability alleged in the complaint.

18.    Because F.A. Tech did not know it had been sued by Delphi, F.A. Tech made no arrangements with its former employees to obtain information about the lawsuits, conduct exit interviews, or keep in touch with them.

19.    Because F.A. Tech did not know it had been sued by Delphi, F.A. Tech took no special steps to organize and preserve its records with respect to Delphi.

20.    If F.A. Tech had known that Delphi had sued it, F.A. Tech would have taken special steps to organize and preserve its records with respect to Delphi, exit interviews with employees related to Delphi, and make arrangements to maintain contact with such employees in case F.A. Tech would need to provide litigation information or services.

21.    During the more than two years between Delphi filing and lawsuit until F.A. Tech learned about the lawsuit, F.A. Tech and Delphi had numerous business discussions related to significant new business and projects with Delphi that F.A. Tech bid on.

22.    During negotiations for these bids, Delphi did not disclose to F.A. Tech that they had already commenced a lawsuit against F.A. Tech.  If F.A. Tech had known about the lawsuit Delphi had filed against it, F.A. Tech would have sought to leverage such lawsuit differently with Delphi.

23.    If F.A. Tech had known of the lawsuit, F.A. Tech would have refused any additional bids with Delphi unless Delphi agreed to release F.A. Tech future preference liability.

24.    F.A. Tech has been substantially prejudiced by Delphi concealing from F.A. Tech for over two years that it was suing F.A. Tech, because had F.A. Tech known of the lawsuit, F.A.

Tech would not have agreed to do business with Delphi and F.A. Tech would have taken additional necessary steps to aid in its defense of litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Hamilton, Ohio
on July 11, 2011

_Kelly Michimi_

Kelly Michimi

3975350.1