# EXHIBIT 45

# EXHIBIT 45

**Merrill Tool & Machine, Adv. Pro. No. 07-02416-rdd**

Merrill Tool & Machine ("Merrill") provided the Declaration of Michael Beyer, Merrill's Chief Financial Officer. *Ex. 45(a).* First, it should be noted that Mr. Beyer's declaration was not made "under the penalty of perjury" as required under 28 USC § 1746. In his declaration, Mr. Beyer appears to point only to the Affidavits of Service of the Extension Motions (Docket Nos. 9039, 12970, 13415 and 18967) for his statement that "Merrill was not provided with notice of the [Extension Motions]." *Ex. 45(a), ¶¶ 5, 9, 11 and 13.* Mr. Beyer does not state that Merrill did not receive notice of the motions in another manner.

Merrill did receive *relevant* information advising that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Merrill was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[20] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that Preference Claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. …

---

[20] *Ex. 7, Service List – Disallowed Claims, p. 41.*

Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

Braun Kendrick Finkbeiner, PLC
Corey D. Grandmaison
4301 Fashion Square Boulevard
Saginaw, MI 48603
989-498-2256 X 510
989-799-4666 fax

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Delphi Corporation, et al. | : | Case No. 05-44481 |
| | : | (Jointly Administered) |
| Debtors | : | Judge Robert D. Drain |
| | : | Adv. Pro. No. 07-02416 |
| Delphi Corporation, et al., | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| Merrill Tool & Machine, | : | |
| | : | |
| Defendant. | : | |

## DECLARATION IN SUPPORT OF OBJECTION TO DEBTORS' MOTION FOR LEAVE TO AMEND

I, Michael Beyer, CFO declare, pursuant to 28 USC §1746 that the following is true and correct:

1. I am the Chief Financial Officer for Merrill Tool and Machine ("Merrill") the Defendant in the above-captioned adversary proceeding ("Adversary Proceeding"). I make this declaration ("Declaration"), in support of the Objection by Merrill and all other similarly situated defendants to the Reorganized Debtors Motion for Leave to File Amended Complaint.

2. On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief. On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

{S0909281.DOC.1}

3. Prior to the commencement of the Debtors' cases, Merrill provided materials and services to Delphi pursuant to certain supplier contracts.

4. By motion dated August 6, 2007 (the "Preservation of Estate Claims Procedures Motion"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[1]

5. Merrill was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[2]

6. On September 26, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk {Adversary Proceeding Docket No. 1}.

7. The proposed amended Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 ands 550, alleged preferential transfers in the amount of $2,111,280.54.

8. By motion dated February 28, 2008, (the "Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to modify Paragraph 8 of the Preservation Estate Claims Procedures Order, so as to extend for a <u>second</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two (2) months to May 31, 2008.[3]

9. Merrill was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[4]

---

[1] Preservation of Estate Claims Procedures Motion, bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.
[2] Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.
[3] Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.
[4] Affidavit of Service, dated march 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.
{S0909281.DOC.1}

10.     By motion dated April 10, 2008 (the "Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of estate Clams Procedures Order, so as to extend for a <u>third</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[5]

11.     Merrill was <u>not</u> provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[6]

12.     By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claim Procedures Order, so as to extend for a fourth time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.[7]

13.     Merrill was <u>not</u> provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.[8]

14.     Merrill was served with the Complaint on or about March 12, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

---

[5] Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference at ¶ 19.
[6] Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.
[7] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference at ¶ 16.
[8] Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.
{S0909281.DOC.1}

15. Upon information and belief, although attorneys for Merrill later received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Merrill was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

Dated: July 12, 2011

MERRILL TOOL & MACHINE

By: /s/ Michael E. Beyer
Michael E. Beyer, V.P. & CFO

{S0909281.DOC.1}