# EXHIBIT 52

# EXHIBIT 52

**Spartech Polycom, Adv. Pro. No. 07-02639**

Spartech Polycom ("Spartech") filed the Declaration of Chad R. Tomsheck, its Director of Specialty Compounds and Tolling. Mr. Tomsheck states only that Spartech did not receive notice of the Final Extension Motion. *Ex. 52(a), ¶ 3.* Notably, he does not state that Spartech was not aware of the Final Extension Motion or earlier Extension Motions.

Spartech was aware that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Spartech was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[5] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

---

[5] *Ex. 7, Class C General Unsecured Claims, Class 8C Ballot, p. 8.*

# EXHIBIT A

BRYAN CAVE LLP
Michelle McMahon (MM-8130)
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-1493

BRYAN CAVE LLP
Lloyd A. Palans (admitted pro hac vice)
Christopher J. Lawhorn (admitted pro hac vice)
200 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
lapalans@bryancave.com
cjlawhorn@bryancave.com

*Attorneys for Spartech Polycom*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11:
                                                       :
DELPHI CORPORATION, *et al.*,                          :    Case No. 05-44481 (RDD)
                                                       :    Jointly Administered
-------------------------------------------------------x
DELPHI CORPORATION, *et al.*,                          :
                                                       :    Adv. Pro. No. 07-02639 (RDD)
                      Plaintiffs,                      :
                                                       :
              -against-                                :
                                                       :
SPARTECH POLYCOM                                       :
                                                       :
                      Defendant.                       :
-------------------------------------------------------x

**DECLARATION OF CHAD R. TOMSHECK IN SUPPORT OF
SPARTECH POLYCOM'S OPPOSITION TO REORGANIZED DEBTORS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

Chad R. Tomsheck, first being duly sworn and under oath, states:

1. I am Chad R. Tomsheck and I am over 18 years old. I am the Director of Specialty Compounds and Tolling of Spartech Polycom ("Spartech"). I have personal

3663843.3                                    1

knowledge of the facts stated in this declaration. If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

2.  I am an employee of Spartech with knowledge of Spartech's relationship with Delphi Corporation and its affiliates (collectively, the "Debtors").

3.  Spartech received no notice and had no knowledge that the Debtors had sued Spartech by filing the complaint (the "Complaint") in the above-captioned adversary proceeding in an attempt to recover $8,637,901.23 in alleged preferential transfers until at least April 2010. Further, Spartech had no notice prior to April 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain hundreds of adversary proceedings under seal and to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable statute of limitations.

4.  The Debtors did not serve a copy of the Expedited Motion For Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (I) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S. C. § 541, 544, 545, 547, 548, Or 553 [Docket No. 8905] (the "First Extension Motion") on Spartech, and no reference to Spartech is contained in the relevant Affidavit of Service filed by the Debtors on or about August 10, 2007 [Docket No. 9039]. Spartech did not receive a copy of the First Extension Motion in connection with its filing, nor did Spartech receive a copy of the related order granting the First Extension Motion until after April 2010.

5.  The Debtors did not serve a copy of the Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For

3663843.3                                        2

Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 12922] (the "Second Extension Motion") on Spartech, and no reference to Spartech is contained in the relevant Affidavit of Service filed by the Debtors on or about March 4, 2008 [Docket No. 12970]. Spartech did not receive a copy of the Second Extension Motion in connection with its filing, nor did Spartech receive a copy of the related order granting the Second Extension Motion until after April 2010.

6. The Debtors did not serve a copy of the Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 13361] (the "Third Extension Motion") on Spartech, and no reference to Spartech is contained in the relevant Affidavit of Service filed by the Debtors on or about April 16, 2008 [Docket No. 13415]. Spartech did not receive a copy of the Third Extension Motion in connection with its filing, nor did Spartech receive a copy of the related order granting the Third Extension Motion until after April 2010.

7. The Debtors did not serve a copy of the Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order [Docket No. 18952] (the "Fourth Extension Motion") on Spartech, and no reference to Spartech is contained in the relevant Affidavit of Service filed by the Debtors on or about October 7, 2009 [Docket No. 18967]. Spartech did not receive a copy of the Fourth Extension Motion in connection with its filing, nor did Spartech receive a copy of the related order granting the Fourth Extension Motion until after April 2010.

8. Spartech did not learn of the First Extension Motion, the Second Extension Motion, the Third Extension Motion, or the Fourth Extension Motion (collectively, the

CRT

"Extension Motions") or the hearings thereon until long after the relief requested in the Extension Motions had been granted, and Spartech had no opportunity to object to the relief requested in the Extension Motions.

9.  Spartech has been prejudiced in its ability to defend against the allegations in the Complaint by the long delay in receiving notice and service of the Complaint and the Extension Motions. Among other things, Spartech has lost the ability to identify, locate, and preserve its records that are relevant to the claims in the Complaint and to preserve information from Spartech employees knowledgeable about Spartech's relationship with the Debtors.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]* 7/5/2011
Chad R. Tomsheck

3663843.3                                                        4