# EXHIBIT 53

# EXHIBIT 53

**Sprimag Inc., Adv. Pro. No. 07-02644-rdd**

Sprimag Inc. ("Sprimag") has waived its right to argue that dismissal is warranted on account of ineffective service. Under Fed. R. Civ. P. 12(g) and (h), a challenge to the efficacy of service under Fed. R. Civ. P. 4(m) is waived if not raised in its answer or in a pre-answer motion under Fed. R. Civ. P. 12(b). *McCurdy v. American Bd. of Plastic Surgery*, 157 F. 3d 191, 193-195 (3rd Cir. 1998). *See also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F. 3d 1351, 1360 (11th Cir. 2008). Sprimag filed its answer on February 19, 2010, before filing a Rule 12(b) motion which did not challenge (by affirmative defense or otherwise) the Final Extension Order, and thus the efficacy of service. *See Ex. 53(a), Answer of Sprimag Inc. To Complaint To Avoid And Recover Transfer Pursuant To 11 U.S.C. §¶ 547 And 550*. Sprimag has therefore waived the arguments it now seeks to assert.

Sprimag filed the Declaration of Joseph Vanden-Eynden, its Managing Director. Mr. Vanden-Eynden states that Sprimag did not receive notice of the Final Extension Motion. *Ex. 53(b), ¶ 3*. Notably, he does not state that Sprimag was not aware of the Final Extension Motion or the earlier Extension Motions. In fact, Sprimag was aware that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Sprimag was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[6] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had

---

[6] *Ex. 7, Executory Contracts and Unexpired Leases, p. 212.*

in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153*. *See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

Douglas L. Lutz, Esq.
Lindsey F. Baker, Esq.
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513-651-6800 Telephone
513-651-6981 Facsimile
dlutz@fbtlaw.com
lbaker@fbtlaw.com

Attorneys for Sprimag Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : Case No. 05-44481 [RDD] |
| DELPHI CORPORATION, *et al.*, | : |
| | : Jointly Administered |
| Debtor. | : |
| | : |

-----------------------------------------------------------x

| | |
|---|---|
| DELPHI CORPORATION, *et al.*, | : Adv. Pro. No. 07-02644 [RDD] |
| Plaintiff, | : |
| – against – | : |
| SPRIMAG INC., | : |
| Defendant. | : |

-----------------------------------------------------------x

### ANSWER OF SPRIMAG INC. TO COMPLAINT TO AVOID AND RECOVER TRANSFER PURSUANT TO 11 U.S.C. §§ 547 AND 550

Sprimag Inc. ("Defendant"), by its attorneys, Frost Brown Todd LLC, as and for its Answer to the Complaint to Avoid and Recover Transfer Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") filed by Delphi Corporation, *et al.* ("Plaintiff"), respectfully states:

1.  Admitted.

2. Admitted.

3. Denied.

4. This Defendant makes no answer to the allegations contained within this paragraph for the reason that the allegations call for a legal conclusion which this Defendant is not required to make.

5. This Defendant makes no answer to the allegations contained within this paragraph for the reason that the allegations call for a legal conclusion which this Defendant is not required to make.

6. This Defendant makes no answer to the allegations contained within this paragraph for the reason that the allegations call for a legal conclusion which this Defendant is not required to make.

7. This Defendant neither admits nor denies the allegations contained within this paragraph for lack of knowledge or information sufficient to support a belief with respect thereto, leaving Plaintiff to his proofs.

8. This Defendant makes no answer to the allegations contained within this paragraph for the reason that the allegations call for a legal conclusion which this Defendant is not required to make.

9. This Defendant repeats and realleges as though fully set forth herein his answers to Paragraphs 1 through 8 of Plaintiff's Complaint.

10. This Defendant neither admits nor denies the allegations contained within this paragraph for lack of knowledge or information sufficient to support a belief with respect thereto, leaving Plaintiff to his proofs.

11. This Defendant neither admits nor denies the allegations contained within this paragraph for lack of knowledge or information sufficient to support a belief with respect thereto, leaving Plaintiff to his proofs.

12. This Defendant neither admits nor denies the allegations contained within this paragraph for lack of knowledge or information sufficient to support a belief with respect thereto, leaving Plaintiff to his proofs.

13. Denied.

14. This Defendant makes no answer to the allegations contained within this paragraph for the reason that the allegations call for a legal conclusion which this Defendant is not required to make.

15. This Defendant neither admits nor denies the allegations contained within this paragraph for lack of knowledge or information sufficient to support a belief with respect thereto, leaving Plaintiff to his proofs.

16. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendant for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent the Debtor was solvent at the time of the alleged transfer, such transfer is not avoidable.

### THIRD AFFIRMATIVE DEFENSE

The transfer received by the Defendant from the Debtor during the ninety (90) day period preceding the petition date was not on account of antecedent debt as required by 11 U.S.C. § 547(b)(2).

### FOURTH AFFIRMATIVE DEFENSE

The transfer was intended by the Debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor and was in fact a substantially contemporaneous exchange for new value in accordance with 11 U.S.C. § 547(c)(1). As a result, the transfer cannot be avoided or recovered by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Subsequent to the receipt of the payment described in the Complaint, the Defendant gave new value to or for the benefit of the Debtor in accordance with 11 U.S.C. 547(c)(4). As a result, the transfer cannot be avoided or recovered by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The transfer received by the Defendant from the Debtor was on account of a debt incurred in the ordinary course of business or financial affairs of the Debtor and the Defendant; in the ordinary course of business dealings between the Debtor and the Defendant; and, according to ordinary business terms. The transfer, therefore, is not subject to avoidance or recovery by the Plaintiff under 11 U.S.C. § 547(c)(2).

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves any and all rights of setoff and/or recoupment that it may possess under the law.

## RESERVATION OF RIGHTS

Defendant specifically reserves the right to amend this Answer from time to time and to assert other affirmative defenses to the Complaint as discovery progresses.

**WHEREFORE,** the Defendant respectfully requests entry of an order dismissing the Complaint with prejudice; entitling the Defendant to recover the costs incurred in defending the action, including attorneys fees; and, granting such other and further relief as this Court deems just and proper.

Dated: February 19, 2010                                Respectfully submitted,


/s/ *Douglas L. Lutz*
Douglas L. Lutz, Esq.
Lindsey F. Baker, Esq.
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513-651-6800 Telephone
513-651-6981 Facsimile
dlutz@fbtlaw.com
lbaker@fbtlaw.com

**ATTORNEYS FOR DEFENDANT,
SPRIMAG INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *ANSWER OF SPRIMAG INC. TO COMPLAINT TO AVOID AND RECOVER TRANSFER PURSUANT TO 11 U.S.C. §§ 547 AND 550* was sent via regular United States mail, postage prepaid, and by ECF noticing, on February 19, 2010 to the parties listed below.

Togut, Segal & Segal LLP
One Penn Plaza
Suite 3335
New York, NY 10119

Eric Fisher
Butzel Long
380 Madison Avenue
22nd Floor
New York, NY 10017

/s/ *Douglas L. Lutz*

# EXHIBIT B

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                        :  Chapter 11
                                             :  Case No. 05-44481 [RDD]
DPH HOLDINGS CORP, et al.,                   :
                                             :  Jointly Administered
              Reorganized Debtors.           :
                                             :
------------------------------------------------------------x
                                             :
DELPHI AUTOMOTIVE SYSTEMS, LLC,              :
                                             :
              Plaintiff,                     :
                                             :  Adv. Pro. No. 07-02644 [RDD]
v.                                           :
                                             :
SPRIMAG INC.,                                :
                                             :
              Defendant.                     :
                                             :
------------------------------------------------------------x
```

## DECLARATION OF JOSEPH VANDEN-EYNDEN

I, JOSEPH VANDEN-EYNDEN, being first duly cautioned and sworn, declare and say of my own personal knowledge the following:

1.  I am the Managing Director of Sprimag Inc. ("Sprimag"). As Managing Director, I am familiar with Sprimag's operations and the adversary proceeding commenced against Sprimag by Delphi Automotive Systems, LLC, Adversary Proceeding No. 07-02644 (the "Adversary Proceeding").

2.  Upon information and belief, on October 8, 2005, Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code. On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3.  Sprimag was not served with the motions filed by the Debtors, dated August 6, 2007, February 28, 2008, April 10, 2008, and October 2, 2009 (collectively, the "Extension Motions") which sought permission to, among other things: (a) toll the statute of limitations by asking for an extension of time to serve the complaint filed in the Adversary Proceeding and a stay of the Adversary Proceeding until service of process was effected; and (b) file certain adversary proceeding complaints, including the complaint filed in the Adversary Proceeding, under seal.

      4.      Sprimag was not served with the orders granting the Extension Motions, dated August 16, 2007, March 28, 2008, April 30, 2008, and October 22, 2009 (collectively, the "Extension Orders").

      5.      Sprimag was not listed on the affidavits of service filed in connection with the Extension Motions and the Extension Orders. At no time was Sprimag advised that it was an actual or potential defendant in any claim.

      6.      Sprimag had no knowledge of the Adversary Proceeding until it was served with a summons and complaint on December 8, 2009.

(Signature Page Follows)

(Signature Page to Vanden-Eynden Declaration)

_____
Joseph Vanden-Eynden

CINLibrary 0082222.0384973  2337581v2

-3-