# EXHIBIT 54

## Tata America International, Adv. Pro. No. 07-02668-rdd

Tata America International ("Tata") filed the Declaration of Gregory Bennett, an employee of Tata. *Ex. 54(a).* Mr. Gregory's declaration does not identify his position at Tata nor state that he has the authority to speak for Tata. *Id.* In Paragraph 5 of his declaration, Mr. Bennett states that "Tata did not receive notice of the Final Extension Motion, nor any of the Debtors' or Reorganized Debtors' related motions that were filed prior to the Final Extension Motion." *Id., ¶¶4 and 9.*

Tata was aware that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Tata was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[7] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

---

[7] *Ex. 7, Executory Contracts and Unexpired Leases, p. 220.*

# EXHIBIT A

**KELLEY DRYE & WARREN LLP**
Talat Ansari
James S. Carr
Gilbert R. Saydah Jr.
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Attorneys for Defendant, Tata America
International Corporation d/b/a TCS America

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| DELPHI CORPORATION, *et al.*, | Case No. 05-44481 (RDD) |
| Debtors. | (Jointly Administered) |
| DELPHI CORPORATION, *et al.*, | Adv Pro. No. 07-02668 (RDD) |
| Plaintiffs, | |
| v. | |
| TATA AMERICA INTERNATIONAL CORP., | |
| Defendant. | |

**DECLARATION OF GREGORY BENNETT OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A TCS AMERICA IN SUPPORT OF (I) OBJECTION TO THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND (II) MOTION TO VACATE FOURTH EXTENSION ORDER**

1. I, Gregory Bennett, hereby declare pursuant to 28 U.S.C. 1746 and under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

2. I am an employee of Tata America International Corporation d/b/a TCS America ("Tata"), with knowledge of Tata's relationship with Delphi Corporation and its affiliates (collectively, the "Debtors").

3. On June 21, 2011, the Court held a hearing on the Reorganized Debtors' motions to amend its preference complaints, including this complaint against Tata (the "Complaint") and the motions to vacate the order [Docket No. 18999] (the "Fourth Extension Order") entered granting the <u>Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 18952] (the "Fourth Extension Motion"). In particular, the Court authorized any defendant that did not receive timely notice of the Fourth Extension Motion to file a declaration to that effect.

4. Tata did not receive notice of the Fourth Extension Motion, nor any of the Debtors' or Reorganized Debtors' related motions that were filed prior to the Fourth Extension Motion. Accordingly, Tata submits this declaration and requests that the Court grant the motions to vacate the Fourth Extension Order and deny the Reorganized Debtors' Motion to Amend its Complaint against Tata on a final basis.

5. Tata received no notice and had no knowledge that the Debtors had sued Tata by filing the complaint (the "Complaint") in the above-captioned adversary proceeding in an attempt to recover $4,602,230.76 in alleged preferential transfers until April 2010. Further, Tata had no notice prior to April 2010 that on several occasions the Debtors had sought and obtained authority to file and maintain over one hundred adversary proceedings under seal and

2

to extend the time for service of the complaints (including the Complaint) long past the expiration of the applicable statute of limitations.

6. On August 7, 2007, the Debtors filed the <u>Expedited Motion For Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (1) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (II) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (III) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S. C. § 541, 544, 545, 547, 548, Or 553</u> [Docket No. 8905] (the "First Extension Motion"). The Debtors did not serve Tata with the First Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about August 10, 2007 [Docket No. 9039]. Tata did not receive a copy of the First Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the First Extension Motion until after April 2010.

7. On February 28, 2008, the Debtors filed the <u>Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 12922] (the "Second Extension Motion"). The Debtors did not serve Tata with the Second Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about March 4, 2008 [Docket No. 12970]. Tata did not receive a copy of the Second Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the Second Extension Motion until after April 2010.

8.  On April 10, 2008, the Debtors filed the <u>Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order</u> [Docket No. 13361] (the "Third Extension Motion"). The Debtors did not serve Tata with the Third Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about April 16, 2008 [Docket No. 13415]. Tata did not receive a copy of the Third Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the Third Extension Motion until after April 2010.

9.  On October 2, 2009, the Debtors filed the Fourth Extension Motion. The Debtors did not serve Tata with the Fourth Extension Motion, and no reference to Tata is contained in the relevant affidavit of service filed by the Debtors on or about October 7, 2009 [Docket No. 18967]. Tata did not receive a copy of the Fourth Extension Motion in connection with its filing, nor did Tata receive a copy of the related order granting the Fourth Extension Motion until after April 2010.

10. Tata did not learn of the First Extension Motion, the Second Extension Motion, the Third Extension Motion, or the Fourth Extension Motion (collectively, the "Extension Motions") or the hearings thereon until long after the relief requested in the Extension Motions had been granted, and Tata had no opportunity to object to the relief requested in the Extension Motions.

4

Dated: July 12, 2011

/s/ Gregory Bennett
Gregory Bennett
Tata America International Corporation
d/b/a TCS America

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July 2011, I caused the foregoing DECLARATION OF GREGORY BENNETT OF TATA AMERICA INTERNATIONAL CORPORATION D/B/A TCS AMERICA IN SUPPORT OF (I) OBJECTION TO THE REORGANIZED DEBTORS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND (II) MOTION TO VACATE FOURTH EXTENSION ORDER to be filed via this Court's CM/ECF System and served upon the parties listed below email.

| | |
|---|---|
| Cynthia J. Haffey, Esq. | Scott Patterson, Esq. |
| Butzel Long, P.C. | Butzel Long, P.C. |
| 150 West Jefferson – Suite 100 | Stoneridge West, 41000 Woodward Ave. |
| Detroit, Michigan 48226 | Bloomfield Hills, MI 48304 |
| haffey@butzel.com | patterson@butzel.com |

*/s/ Gilbert R. Saydah Jr.*
Gilbert R. Saydah Jr.