# EXHIBIT 56

# EXHIBIT 56

**Unifrax Corp., Adv. Pro. No. 07-02270-rdd**

  Unifrax filed the Declaration of David J. Bartley, Director of Financial Compliance for Unifrax I, LLC (f/k/a Unifrax Corporation), on July 11, 2011 and the Declaration of Mark D. Roos, Senior Vice-President and Chief Financial Officer for Unifrax I, LLC, on April 12, 2010. *Ex. 56(a); Ex. 56(b).* Both Mr. Bartley and Mr. Roos stated that Unifrax was not provided with notice of the Extensions Motions and appear to base their statement on the Affidavit of Service for those motions. *See id.*

  Unifrax's counsel in this matter, Julia S. Kreher, Hodgson Russ LLP, received notice of the Second and Third Extension Motion. *See Ex. 35(a); Ex. 35(b).* Moreover, Unifrax was aware that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Unifrax was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[9] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.* See also In re *TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference

---

[9] *Ex. 7, Class C of General Unsecured Claims, p. 113.*

litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

# EXHIBIT A

**HODGSON RUSS LLP**
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Tel: 716-856-4000
Fax: 716-849-0349
James C. Thoman, Esq.
jthoman@hodgsonruss.com

*Attorneys for Unifrax I LLC f/k/a Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :    Case No. 05-44481 (RDD)
DELPHI CORPORATION, et al.,                     :    Jointly Administered
                                                :
              Debtors.                          :
                                                :
                                                :
------------------------------------------------------------x
                                                :
DELPHI CORPORATION, et al.,                     :    Adv. Pro. No. 07-02270 (RDD)
                                                :
              Plaintiffs,                       :
                                                :
                                                :
   - against -                                  :
                                                :
BP, BP AMOCO CORP, BP MICROSYSTEMS              :
INC., BP PRODUCTS NORTH AMERICA,                :
CASTROL, CASTROL INDUSTRIAL                     :
AND UNIFRAX CORP.                               :
                                                :
              Defendants.                       :
                                                :
------------------------------------------------------------x

### DECLARATION IN SUPPORT OF OBJECTION TO DEBTORS' MOTION FOR LEAVE TO AMEND

I, David J. Bartley, declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

1. I am the Director of Financial Compliance for Unifrax I, LLC f/k/a Unifrax Corporation ("Unifrax"), one of the Defendants in the above captioned adversary proceeding ("Adversary Proceeding"). I make this declaration ("Declaration") in support of the Objection by Unifrax to the Reorganized Debtors' Motion for Leave to File Amended Complaints (the "Motion").

2. On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief. On October 14, 2005, three additional U.S. subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

3. Prior to the commencement of the Debtors' cases, Unifrax provided catalytic converter materials to Delphi pursuant to certain sole source supplier contracts.

4. By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[1]

5. Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[2]

6. On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550

---

[1] Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[2] Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

7. The proposed amended Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the amount of $775,951.09 made to Unifrax and six other defendants - BP, BP Amoco Corp., BP Microsystems Inc., BP Products North America, Castrol, and Castrol Industrial ("Other Defendants") are also listed in the proposed amended Complaint.

8. There has been no business relationship with the Other Defendants, except for BP Products North America which held a minor preferred stock interest in Unifrax from 1996 to 2003. There was at no time any material business transactions between Unifrax and BP Products North America. At the time of the Petition Date in these bankruptcy cases, Unifrax and the Other Defendants were -- and continue to be -- completely separate corporate entities which do not share any operations. It is unknown why the Debtors have initiated one combined cause of action against Unifrax and the Other Defendants.

9. By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[3]

---

[3] Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.

- 3 -

10. Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[4]

11. By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>third</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[5]

12. Unifrax was <u>not</u> provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[6]

13. By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>fourth</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.[7]

14. Unifrax was <u>not</u> provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.[8]

---

[4] Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.

[5] Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference, at ¶ 19.

[6] Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.

[7] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.

[8] Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

- 4 -

15. Unifrax was served with the Complaint on or about March 12, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

16. Upon information and belief, although Unifrax received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Unifrax was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

Dated: July 11, 2011

_____
David J. Bartley

024970/00022 Litigation 7855528v1

# EXHIBIT B

**HODGSON RUSS LLP**  
The Guaranty Building  
140 Pearl Street, Suite 100  
Buffalo, New York  14202-4040  
Tel:  716-856-4000  
Fax:  716-849-0349  
Julia S. Kreher, Esq.  
Michael E. Reyen, Esq.  

**HODGSON RUSS LLP**  
60 East 42nd Street  
New York, New York 10165  
Tel: 212-661-3535  
Fax: 212-972-1677  
Deborah J. Piazza, Esq.  
dpiazza@hodgsonruss.com  

**Hearing Date: May 17, 2010**  
**Hearing Time: 10:00 a.m.**  
**Objection Deadline: May 10, 2010**

*Attorneys for Unifrax Corporation*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x  

In re:  

DELPHI CORPORATION, et al.,  

                Debtors,  

Chapter 11  
Case No. 05-44481 (RDD)  
Jointly Administered

------------------------------------------------------------x  

DELPHI CORPORATION, et al.,  

                Plaintiffs,  

   - against -  

BP, BP AMOCO CORP, BP MICROSYSTEMS INC., BP PRODUCTS NORTH AMERICA, CASTROL, CASTROL INDUSTRIAL AND UNIFRAX CORP.  

                Defendant.  

Adv. Pro. No. 07-02270 (RDD)

------------------------------------------------------------x

# DECLARATION IN SUPPORT OF MOTION TO DISMISS

I, Mark D. Roos, declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

1.  I am the Senior Vice-President and Chief Financial Officer for Unifrax I LLC, formerly known as Unifrax Corporation ("Unifrax"), one of the Defendants in the above captioned adversary proceeding ("Adversary Proceeding"). I make this declaration ("Declaration") in support of the Motion by Unifrax Corp. Seeking an Order (i) Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Vacating Prior Orders Establishing Procedures for Certain Adversary Proceedings, Including those Commenced by the Debtors Under 11 U.S.C. §§ 541, 544, 545, 547, 548, or 549, and Extending the Time to Serve Process for Such Adversary Proceedings, (ii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action because it is Barred by the Two Year Statute of Limitations, (iii) Pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Bankr. P. 7012(b), Dismissing the Adversary Proceeding with Prejudice for Failure to State a Cause of Action because it is Insufficiently Plead, (iv) Dismissing the Adversary Proceeding on the Ground of Judicial Estoppel, (v) Dismissing the Adversary Proceeding on the Ground of Laches, or (vi) in the Alternative, Pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Bankr. P. 7012(e), Directing a More Definite Statement of the Pleadings (the "Motion").[1]

2.  On October 8, 2005, Delphi and certain of its subsidiaries each filed voluntary petitions for Chapter 11 relief. On October 14, 2005, three additional U.S.

---

[1] Capitalized terms that are not otherwise defined within the Declaration are assigned the same meaning as that assigned within the Motion.

subsidiaries of Delphi also filed voluntary petitions for relief under Chapter 11 (the petition dates are collectively referred to as the "Petition Date").

3. Prior to the commencement of the Debtors' cases, Unifrax provided catalytic converter materials to Delphi pursuant to certain sole source supplier contracts.

4. By motion dated August 6, 2007 (the "**Preservation of Estate Claims Procedures Motion**"), the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including those commenced by the Debtors under Bankruptcy Code §§ 541, 544, 545, 547, 548 or 553.[2]

5. Unifrax was <u>not</u> provided with notice of the Preservation of Estate Claims Procedures Motion.[3]

6. On September 28, 2007, Plaintiffs commenced this adversary proceeding by filing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. § 547 and 550 ("Complaint"), herein incorporated by reference, under seal with the Clerk [Adversary Proceeding Docket No. 1].

7. The Complaint seeks to recover, pursuant to Bankruptcy Code §§ 547 and 550, alleged preferential transfers in the aggregate amount of $4,489,538.67 made to Unifrax and six other defendants - BP, BP Amoco Corp., BP Microsystems Inc., BP Products North America, Castrol, and Castrol Industrial ("Other Defendants").

8. The Other Defendants have, to varying extents, historical ties to Unifrax, but have not had any overlap in ownership since 2003. At the time of the Petition Date in these

---

[2] Preservation of Estate Claims Procedures Motion, Bankruptcy Docket No. 8905, herein incorporated by reference, at ¶ 17.

[3] Affidavit of Service, dated August 10, 2007, Bankruptcy Docket No. 9039, herein incorporated by reference.

bankruptcy cases, Unifrax and the Other Defendants were -- and continue to be -- completely separate corporate entities which do not share any operations.   It is unknown why the Debtors have initiated one combined cause of action against Unifrax and the Other Defendants.

9.    The only alleged information within the Complaint that is specific to the defendants is the list of allegedly avoidable transfers attached to the Complaint as Exhibit 1. This list consists solely of transfer dates, amounts, and transfer types (i.e. check or electronic funds transfer), but it does not identify the recipients of the transfers.  There are no other factual allegations within the Complaint that can be construed as specific to any of the defendants.

10.    By motion dated February 28, 2008 (the "**Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a second time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors would be required to serve process by an additional two months to May 31, 2008.[4]

11.    Unifrax was not provided with notice of the Preservation of Estate Claims Procedures Motion.[5]

12.    By motion dated April 10, 2008 (the "**Postconfirmation Extension of Avoidance Action Service Deadline Motion**"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a third time the

---

[4]    Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 12922, herein incorporated by reference, at ¶ 18.

[5]    Affidavit of Service, dated March 4, 2008, Bankruptcy Docket No. 12970, herein incorporated by reference.

deadline under Fed. R. Civ. P. 4(m) by which the Debtors would have to serve process until 30 days after substantial consummation of the Plan or any modified plan.[6]

13. Unifrax was <u>not</u> provided with notice of the Postconfirmation Extension of Avoidance Action Service Deadline Motion.[7]

14. By motion dated October 2, 2009 (the "Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion"), the Debtors sought to further modify Paragraph 8 of the Preservation of Estate Claims Procedures Order, so as to extend for a <u>fourth</u> time the deadline under Fed. R. Civ. P. 4(m) by which the Debtors were required to serve process until 180 days after substantial consummation of the Modified Plan.[8]

15. Unifrax was <u>not</u> provided with notice of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion.[9]

16. Unifrax was served with the Complaint on or about March 12, 2010, almost two and a half years after the limitations period provided by Bankruptcy Code § 546(a) expired.

17. Upon information and belief, although Unifrax received a copy of the most recent Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, Unifrax was not served with each of the (1) Preservation of Estate Claims Procedures Order, and (2) Extension of Avoidance Action Service Deadline Order, and (3) Postconfirmation

---

[6] Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 13361, herein incorporated by reference, at ¶ 19.

[7] Affidavit of Service, dated April 16, 2008, Bankruptcy Docket No. 13415, herein incorporated by reference.

[8] Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, Bankruptcy Docket No. 18952, herein incorporated by reference, at ¶ 16.

[9] Affidavit of Service, dated October 7, 2009, Bankruptcy Docket No. 18967, herein incorporated by reference.

Extension of Avoidance Action Service Deadline Order, contrary to the specific language in each of these orders.

Dated:  April 12, 2010

                                        /s/ Mark D. Roos
                                        Mark D. Roos

000161/01301 Administrative 6981700v1