# EXHIBIT 57

# EXHIBIT 57

**Wells Fargo Business Credit, Adv. Pro. No. 07-02597-rdd**

On May 13, 2010, Wells Fargo filed the Affidavit of Melody Stallings, Senior Vice President and Division Manager of Wells Fargo Bank, N.A. *Ex. 57(a), ¶ 1.* In her affidavit, Ms. Stallings states that she made "due inquiry" and has confirmed that Wells Fargo was never served with the Extension Motions. *Ex. 57(a), ¶ 6.* In addition, Wells Fargo filed the Affidavit of Michael T. Rozea, attorney for defendant Wells Fargo Bank. *Ex. 57(b).* Mr. Rozea states that he reviewed the Affidavit of Service for the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, dated October 7, 2009. *Ex. 57(b), ¶ 3.* Neither Ms. Stallings nor Mr. Rozea, however, states that Wells Fargo was unaware of the Debtors' motions to file the preference actions under seal and to extend the time for the service of the summonses and complaints.

It is clear that Wells Fargo was aware that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Wells Fargo was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[10] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post*

---

[10] *Ex. 7, Executory Contracts and Unexpired Leases, p. 244.*

*Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

05-44481-rdd    Doc 21510-49    Filed 08/02/11    Entered 08/02/11 23:30:44    Exhibit 57
Pg 3 of 12

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                                    Chapter 11

DPH HOLDINGS CORP., et al.,                                              Case No. 05-44481 (RDD)

                    Debtors.
                                                                                **AFFIDAVIT IN SUPPORT**
-----------------------------------------------------------------X   **OF MOTION TO DISMISS**

DELPHI CORPORATION et al.,

                    Plaintiff,                                            Adv. Pro. 07-02597 (RDD)

     -against-

WELLS FARGO BUSINESS AND WELLS
FARGO MINNESOTA,

                    Defendants.

-----------------------------------------------------------------X

STATE OF COLORADO   )
                                  ss.:
COUNTY OF DENVER    )

        Melody Stallings, being duly sworn, deposes and says:

        1. I am a Senior Vice President and Division Manager of Wells Fargo Bank, N.A. ("Wells Fargo," incorrectly named herein as Wells Fargo Business and Wells Fargo Minnesota), and am fully familiar with the facts set forth and circumstances described herein, based upon my supervision of this matter on behalf of Wells Fargo.

        2. I submit this affidavit in support of Defendants' instant motion (the "Motion") for an order pursuant to Rule 7012 of the Federal Bankruptcy Rules and Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint").

## PROCEDURAL BACKGROUND

3. On October 8, 2005 (the "Petition Date"), Delphi and certain of its subsidiaries (the "Initial Filers") each filed voluntary petitions in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 14, 2005, three additional U.S. subsidiaries of Delphi (together with the Initial Filers, the "Debtors" or "Plaintiff") filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy

4. On or about March 25, 2010 (the "Service Date"), Wells Fargo was served with the Summons and Complaint. A copy of the Summons and Complaint is annexed to the Motion as Exhibit "A".

## FACTUAL BACKGROUND

5. I am advised that prior to the time when Wells Fargo was served with the Summons and Complaint in this action, the Debtor brought on a number of motions for orders purporting to extend the time periods in which it would be required to serve the Summons and Complaint upon Wells Fargo. I never received service of any of these motions.

6. After due inquiry at Well Fargo, I have confirmed that Wells Fargo was never served with any of: (1) the *Expedited Motion for Order Under 11 U.S.C. §§ 102(1)(A), 105(a) 107, 108(a)(2), and 546(a) and Fed. R. Bankr. 7004, 9006(c), and 9018(i) authorizing Debtors to Enter into Stipulations Tolling Statute of Limitations with Respect to Certain Claims, (ii) Authorizing Procedures to Identify Cause of Action that Should be Preserved, and (iii) Establishing Procedures for Certain Adversary Proceedings Including those Commenced by Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548 or 553* (the "Preservation of Estate Claims Procedures Motion"); (2) the *Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in*

2

*Connection with Preservation of Estate Claims Procedures Order* (the "First Extension Motion"); (3) the *Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (the "Second Extension Motion"); or (4) the *Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection with Preservation of Estate Claims Procedures Order* (the "Third Extension Motion," the Preservation of Estate Claims Procedures Motion, the First Extension Motion, the Second Extension Motion and the Third Extension Motion collectively referred to as the "Tolling Motions").

7. I am advised by my attorney that he has reviewed the affidavits of service filed for each of the Tolling Motions and, based upon such affidavits of service, it does not appear that service of any of the Tolling Motions was attempted upon Wells Fargo.

8. Thus, Wells Fargo was never provided with notice of any of the Tolling Motions affecting its rights and liabilities.

9. In addition, I am advised that the order resulting from the Preservation of Estate Claims Procedures Motion (the "Preservation of Estate Claims Procedures Order") envisioned that the defendants in the actions covered by such order would enter into stipulations in the form annexed to the Preservation of Estate Claims Procedures Order. A copy of the Preservation of Estate Claims Procedures Order (together with the form stipulation (the "Form Stipulation") annexed thereto) is annexed to the Motion as Exhibit "B".

3

10. Wells Fargo was never asked to enter into the Form Stipulation, nor did it ever agree or consent to any extension of time in which the Debtor could commence or serve Wells Fargo with this action.

11. Based upon the reasons set forth above and as more fully discussed in Wells Fargo's Motion to Dismiss, this Adversary Proceeding must be dismissed.

WHEREFORE, Wells Fargo respectfully requests that Defendant's instant motion for an order dismissing this action be granted and the Defendant be awarded such other and further relief as is just proper and equitable, together with costs and disbursements.

_____
MELODY STALLINGS

Sworn to before me this
13th day of May, 2010.

_____
Notary Public



4

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                              Chapter 11

DELPHI CORPORATION, *et al.*,                            Case No. 05-44481 (RDD)

                Debtors.
-------------------------------------------------------------------X
DELPHI CORPORATION *et al.*,

                Plaintiff,                                   Adv. Pro. 07-02597 (RDD)

    -against-

WELLS FARGO BUSINESS AND WELLS
FARGO MINNESOTA,

                Defendants.
-------------------------------------------------------------------X

### AFFIDAVIT IN FURTHER OPPOSITION TO DEBTORS' MOTION
### FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF NASSAU    )

    Michael T. Rozea, being duly sworn, deposes and says:

    1.    I am associated with Ruskin Moscou Faltischek, P.C., attorney for defendant Wells Fargo Bank, N.A. ("Wells Fargo"). I am familiar with the facts set forth and circumstances described herein based upon my representation of Wells Fargo throughout this matter, a review of the file maintained by my office and from conversations had with representatives of Wells Fargo.

    2.    I make this Affidavit in support of: (i) Wells Fargo's Supplemental Opposition to the Debtors' Motion For Leave to File a First Amended Complaint (the "Opposition") dated July 11, 2011; and (ii) Wells Fargo's Opposition to the Reorganized Debtors' Motion for Leave to File Amended Complaint and Motion of Wells Fargo Bank N.A. to Dismiss This Adversary Proceeding with Prejudice, dated November 24, 2010.

520479

3.    I have reviewed the following affidavits of service for each of the respective motions and orders purporting to extend the time periods in which the Debtors would serve the Summons and Complaint upon Wells Fargo Bank, N.A. (the "Extension Motions") and determined that Wells Fargo was not named on any of the following affidavits of service:[1]

a.    Affidavit of Service for the Preservation of Estate Claims Procedures Motion, dated August 10, 2007, annexed hereto as Exhibit 1; Case No. 05-44481, Doc. No. 9039);

b.    Affidavit of Service for Preservation of Estate Claims Procedures Order, dated August 23, 2007, annexed hereto as Exhibit 2; Case No. 05-44481, Doc. No. 9141);

c.    Affidavit of Service for the Extension of Avoidance Action Service Deadline Motion, dated March 4, 2008, annexed hereto as Exhibit 3; Case No. 05-44481, Doc. No. 12970);

d.    Affidavit of Service for the Extension of Avoidance Action Service Deadline Order, dated April 1, 2008, annexed hereto as Exhibit 4; Case No. 05-44481, Doc. No.13315);

e.    Affidavit of Service for the Postconfirmation Extension of Avoidance Action Service Deadline Motion, dated April 16, 2008, annexed hereto as Exhibit 5; Case No. 05-44481, Doc. No. 13415);

f.    Affidavit of Service for the Postconfirmation Extension of Avoidance Action Service Deadline Order, dated May 6, 2008, annexed hereto as Exhibit 6; Case No. 05-44481, Doc. No. 13540); or

---

[1] For the purposes of this affidavit, I have only reviewed the affidavits of service as they relate to Wells Fargo Bank, N.A. I have not reviewed the affidavits of service as they relate to Wachovia Bank, National Association, which merged with Wells Fargo on December 31, 2008. The alleged transfers predate the Wells Fargo/Wachovia merger by approximately two and a half years.

520479

  g. Affidavit of Service for the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion, dated October 7, 2009, annexed hereto as Exhibit 7; Case No. 05-44481, Doc. No. 18967).

  4. At the hearing held on October 22, 2009, counsel for the Debtors represented to the Court:

> There has been no objection filed. We did serve the [Supplemental Postconfirmation Extension of Avoidance Action Service Deadline] motion in the usual fashion, and no objections were lodged. So we would simply ask that the order be entered as submitted.[2] 10/22 Transcript at 5:20-23.

A copy of the 10/22 Transcript is annexed hereto as Exhibit "8".

  5. My review of the docket of *In re Delphi Corporation, et al.*, Case No. 05-44481, indicates that no affidavit of service was filed with respect to the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Order, and accordingly no notice of the order was given to Wells Fargo.

  **WHEREFORE**, I respectfully request that for the reasons set forth herein, the Motion to Amend the Complaint as against Wells Fargo Bank, N.A. must be denied and this adversary proceeding must be dismissed with prejudice, together with the costs and disbursement of this action and such other and further relief as this Court may deem appropriate.

           _____
           Michael P. Rozea

Sworn to before me this
11th day of July, 2011.

_____
Notary Public

MICHAEL S. AMATO, NOTARY PUBLIC
Attorney and Counselor at Law
State of New York, No. 02AM5042612
Qualified in Suffolk County
Commission Expires April 24, 2015

---

[2] "10/22 Transcript ____" refers to the page of the Transcript of Hearing on 10/22/09.