# EXHIBIT 59

# EXHIBIT 59

## D&S Machine Products, Adv. Pro. No. 07-02217-rdd

D&S Machine Products, Inc. ("D&S") filed the Declaration of Dan Fugate, its President. Mr. Fugate states that "[t]o the best of [his] knowledge, [D&S] was never served with either the Final Extension Motion or the Final Extension Order. *Ex. 59(a), ¶6.* He further states that "[t]o the best of [his] knowledge, [D&S] was unaware of either the [Final] Extension Motion or the [Final] Extension Order until it was served with the complaint...." *Ex. 59(a), ¶6.*

D&S was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[12] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153.  See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

---

[12] *Ex. 7, Class C of General Unsecured Claims, p. 117.*

# EXHIBIT A

Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, MI 49503-2487
(616) 752-2000 phone
(616) 222-2500 fax

Michael B. O'Neal (MO-9511)
(Admitted *Pro Hac Vice*)
Attorneys for D&S Machine Products, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| DELPHI CORPORATION, et al., | Case No. 05-44481 (RDD) |
| | (Jointly Administered) |
| Debtors. | |
| ------------------------------x | |
| DELPHI CORPORATION, et al | |
| Plaintiff, | |
| v. | Adv. Proc. No. 07-02217-rdd |
| D&S MACHINE PRODUCTS, INC., | |
| Defendant. | |
| ------------------------------x | |

## DECLARATION OF DAN FUGATE

I, Dan Fugate, pursuant to 28 U.S.C. § 1746, furnish this declaration and declare as follows:

1. I make this Declaration to the best of my knowledge, and if called as a witness, would testify to the facts contained herein.

2. I am the President of D&S Machine Products, Inc. ("**Defendant**").

3. In March 2010, learned for the very first time that Delphi had filed the above-captioned adversary proceeding complaint in September 2007 against Defendant to recover over $4 million in alleged preferential transfers that occurred in 2005.

4. Defendant had no knowledge that it was one of the named defendants being kept secret under seal since Delphi had not provided any indication to Defendant that Delphi would be pursuing a claim against Defendant.

5. I have recently reviewed Delphi's Supplemental Motion Pursuant to Fed. R. Bankr. P. 7004(a) and 9006(b)(1) and Fed. R. Civ. P. 4(m) to Extend Deadline to Serve Process for Avoidance Actions Filed in Connection With Preservation of Estate Claims Procedure Order (Docket No. 18952) (the "**Fourth Extension Motion**") and the Order entered on October 22, 2009 approving that motion (Docket No. 18999) (the "**Fourth Extension Order**").

6. To the best of my knowledge, Defendant was never served with either the Fourth Extension Motion or the Fourth Extension Order. Likewise, to the best of my knowledge, Defendant was unaware of either the Fourth Extension Motion or the Fourth Extension Order until after it was served with the complaint in March 2010.

7. Having no notice that it had been sued or that the time for service of the secret complaint against it had been extended multiple times, Defendant did not take any steps to organize or preserve information that would be necessary to defend against the preference action.

8. Defendant did not specifically archive its employees' computerized information with respect to Delphi. In addition, Defendant did not hold exit interviews with departing employees who were knowledgeable about the Delphi business relationship or make arrangements to keep in touch with them.

9. If Defendant had known that Delphi was suing it, it would have taken special steps to organize and preserve its records with respect to Delphi, and would have held interviews with employees.

10. Defendant has been gravely prejudiced in its ability to defend this adversary proceeding by Delphi's delay in serving the complaint.

I make this Declaration under penalty of perjury.

_____
DAN FUGATE

Executed in Aurora, Indiana
on July 11, 2011

5584074