# EXHIBIT 61

# EXHIBIT 61

**Stephenson & Sons Roofing, Adv. Pro. No. 07-02654-rdd**

Stephenson & Sons Roofing ("Stephenson") filed the Declaration of its President, Craig Stephenson. *Ex. 61(a).* Mr. Stephenson did not unequivocally state that Stephenson did not have notice of the Final Extension Motion. Rather, he stated that "[t]o the best of my knowledge, information and belief, neither Stephenson…nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion *by overnight mail.*" *Ex. 61(a), ¶ 3 (emphasis added).* In other words, Mr. Stephenson only declared that Stephenson did not receive notice by overnight mail, but he did not declare that Stephenson had not received notice by other means.

Stephenson was aware that avoidance claims had been filed under seal and the time to serve the complaints and summonses had been extended. Stephenson was served with the First Amended Plan Disclosure Statement, filed in December 2007. *See Affidavit of Service (Docket No. 11974).*[14] On December 13, 2007, the Debtors also filed a copy of the Disclosure Statement publicly with their Form 8-K (Docket No. 11388). The Disclosure Statement outlined in detail that preference claims were to be filed under seal, with service deferred until after the limitations period. As this Court discussed during the July 22, 2010 hearing, the Disclosure Statement, combined with the defendants' knowledge that they had in fact received preferential transfers, put the defendants on notice of the preference claim procedures at issue and on inquiry notice as to the need to monitor preference claim developments. *Ex. 8, July 22, 2010 Transcript, pp. 150-153. See also In re TWA Inc. Post Confirmation Estate*, 305 B.R. 221, 227 (D. Del. 2004) ("[I]n large chapter 11 cases sophisticated creditors typically are well aware of prospects and risks of

---

[14] *Ex. 7, Executory Contracts and Unexpired Leases, p. 214.*

preference litigation. … Thus, it seems unlikely that creditors could be surprised or caught off guard when such preference complaints are finally filed.").

05-44481-rdd    Doc 21510-53    Filed 08/02/11    Entered 08/02/11 23:30:44    Exhibit 61
Pg 3 of 8

# EXHIBIT A

LAMBERT, LESER, ISACKSON, COOK & GIUNTA, P.C.
Rozanne M. Giunta (Mich. Bar No. P29969)
Susan M. Cook (Mich. Bar No. P31514)
Adam D. Bruski (Mich. Bar No. P70030)
916 Washington Ave, Suite 309
PO Box 835
Bay City, MI 48707
989-893-3518
rgiunta@lambertleser.com

Attorneys for Defendant Stephenson and Sons Roofing

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DPH HOLDINGS CORP., et al., | Case No. 05-44481 (RDD) |
| Debtors. | Hon. Robert D. Drain |
| DELPHI CORPORATION, et al., | |
| Plaintiffs, | |
| v. | |
| STEPHENSON AND SONS ROOFING | Adv. Pro. No. 07-02654 (RDD) |
| Defendant. | |

### DECLARATION OF CRAIG STEPHENSON

Craig Stephenson, pursuant to 18 U.S.C. §1746, declares as follows:

1. I am the President, of Stephenson and Sons Roofing. I have held this title since 2006. I have been employed by Stephenson and Sons Roofing since 1986.

{00108381}                                    1

2. I submit this declaration in further support of the Objection to the Reorganized Debtors' Motion for Leave to File Amended Complaints. [AP Docket No. 36, November 23, 2010].

3. Except as indicated herein, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently concerning those facts.

4. Upon information and belief, on October 8, 2005 (the "Petition Date"), Delphi Corporation and certain of its subsidiaries and affiliates (collectively, the "Debtors"), including Delphi Automotive Systems LLC (the "DAS"), filed voluntary petitions under Chapter 11 of Title 11 of the United States Code.

5. Upon information and belief, on August 6, 2007, the Debtors sought entry of an order seeking, among other things, the establishment of procedures for certain adversary proceedings, including obtaining leave to file avoidance actions under seal, an extension of time beyond the 120-period provided for in Fed.R.Civ.P. 4(m) to serve summons and complaint, and a stay of adversary proceedings until service of process was effected (the "Preservation of Estate Claims Procedures Motion").

6. To the best of my knowledge, information and belief, no notice was given to Stephenson and Sons Roofing or its counsel that the Preservation of Estate Claims Procedures Motion related to claims against Stephenson and Sons Roofing. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel was served with a copy of the Preservation of Estate Claims Procedures Motion by overnight mail.

7. Upon information and belief, on September 30, 2007, DAS filed an adversary proceeding against Stephenson and Sons Roofing (the "Adversary Proceeding") under seal.

8. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel was aware of the Adversary Proceeding until Stephenson and Sons Roofing was served with it on or about March 19, 2010.

9. Upon information and belief, the statute of limitations for asserting the claims asserted in the Adversary Proceeding expired on or about October 8, 2007.

10. Upon information and belief, the Debtors filed three separate motions between February 2008 and October 2009 for an order further extending the deadline to serve process in connection with the above-referenced adversary proceeding (collectively, the "Extension Motions"). To the best of my knowledge, information and belief, no notice was given to Stephenson and Sons Roofing or its counsel that the Extension Motions related to claims against Stephenson and Sons Roofing. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel were served with copies of the Extension Motions by overnight mail.

11. Upon information and belief, the bankruptcy court entered orders granting each of the Extension Motions (collectively, the "Extension Orders"). To the best of my knowledge, information and belief, no notice was given to Stephenson and Sons Roofing or its counsel that the Extension Orders related to claims against Stephenson and Sons Roofing. To the best of my knowledge, information and belief, neither Stephenson and Sons Roofing nor its counsel were served with a copy of the Extension Orders by overnight mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18 day of July, 2011, in Flint, Michigan.

*[signature]*

Craig Stephenson