Hearing Date and Time: August 25, 2011 at 10:00 a.m.

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
Neil Berger
Richard K. Milin
Telephone: (212) 594-5000
Facsimile: (212) 967-4258
*Conflicts Counsel for Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :   Case No. 05-44481 [RDD]
                                                               :
DPH HOLDINGS CORP., *et al.*,                                  :
                                                               :
                    Reorganized Debtors,                       :
                                                               :
---------------------------------------------------------------x
                                                               :
DELPHI AUTOMOTIVE SYSTEMS LLC,                                 :
                                                               :
                    Plaintiff,                                 :   Adv. Pro. No. 07-02541 [RDD]
                                                               :
          v.                                                   :
                                                               :
NGK AUTOMOTIVE CERAMICS USA, INC.,                             :
                                                               :
                    Defendant.                                 :
---------------------------------------------------------------X

**REORGANIZED DEBTORS'
(A) RESPONSE TO MOTION AND SUPPORTING
DECLARATION FILED BY NGK AUTOMOTIVE CERAMICS
USA, INC. IN OPPOSITION TO REORGANIZED DEBTORS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS AND
(B) JOINDER IN REORGANIZED DEBTORS' OMNIBUS RESPONSE**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

DPH Holdings Corporation and certain of its affiliated reorganized

debtors, as plaintiffs in certain adversary proceedings ("Plaintiffs"),[1] by their conflicts

---

[1] *DPH Holdings Corp., et al. v. Ex Cell O Machine Tools Inc.* (Adv. Pro. No. 07-02337) (the "Ex Cello O Action"); *DPH Holdings Corp., et al. v. NGK, et al.* (Adv. Pro. No. 07-02541) (the "NGK Action"); *DPH Holdings Corp., et al. v. Kostal, et al.* (Adv. Pro. No. 07-02712); *DPH Holdings Corp., et al. v. Waupaca*

counsel Togut, Segal & Segal, hereby submit Reorganized Debtors' (a) response to the Motion (the "NGK Motion") of NGK Automotive Ceramics USA, Inc. ("NGK") in Support of Its Opposition to Reorganized Debtors' Motion for Leave to File Amended Complaints and Supplement to Its Motion for Relief from Fourth Order Extending Time to Serve Complaint and the Declaration (the "NGK Declaration") of Roy Gomizawa in support of the NGK Motion and (b) Joinder in Reorganized Debtors' Omnibus Response to Certain Defendants' Submissions Regarding the October 2, 2009 Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion. The Omnibus Response addresses, *inter alia*, the legal arguments raised in the NGK Motion.[2]

In response to the specific facts alleged in the NGK Motion and NGK Declaration, Plaintiffs further state:

1. The Court should not deny Plaintiffs leave to amend their complaint based on NGK's asserted lack of notice of the Final Extension Motion and Final Extension Order (the "Final Extension"). NGK has failed to provide the Court with genuine evidence either that it did not receive contemporaneous notice of the Final Extension or that it was prejudiced as a result.

2. NGK does not state definitively that it received no notice of the Final Extension. NGK's declarant asserts only that, "***to the best of my knowledge***," NGK "was never served with" the Final Extension Motion and "was unaware of" the Final Extension until after NGK was served with the Complaint. *See* NGK Declaration ¶ 6

---

(Adv. Pro. No. 07-025920; and *DPH Holdings Corp., et al. v. NSK Steering Systems* (Adv. Pro. No. 07-02459).

[2] The defendants in the Ex Cello O Action also filed a declaration claiming that they were not properly served with notice of the Final Extension. However, the Ex Cello O Action is now settled, and the Ex Cello O Action will be dismissed shortly.

2

(emphasis added).  However, the NGK Declaration does not assert that *no one* at NGK knew of the Final Extension, and the NGK Declaration fails to identify any steps the declarant took to investigate whether others at NGK had knowledge he lacked.  Also, although NGK's declarant asserts that NGK had "no knowledge it was one of the named defendants," he does not say that no one at NGK was aware of its status as a *potential* defendant.  See NGK Declaration ¶ 4.

    3. There are good reasons to believe that NGK may in fact have received timely notice of the Final Extension Motion.  NGK's counsel of record, Warner Norcross & Judd LLP ("Warner"), was served with three separate notices of the Final Extension Motion because it represented other preference defendants in these proceedings who were listed on the "master service list" or the "2002 list."  *See* Affidavit of Service for the Final Extension Motion [Docket No. 18967].  Although NGK itself was not identified on the affidavit of service, Warner may well have informed NGK personnel about the pending Final Extension Motion.  Warner was also served with the First and Second Extension Motions.  The ECF notifications of service for those motions do not specify on which clients' behalf Warner was served.  *See* Excerpts from ECF Notifications of the First Extension Motion and Second Extension Motion annexed hereto as Exhibit "A".

    4. In addition, NGK and its counsel had ample reason to know that NGK might be a defendant in a Delphi preference action.  NGK is a large, sophisticated company that received $4,157,275.11 in transfers during the ninety days prior to the commencement of Delphi's Chapter 11 case.  Also, NGK was a supplier in the automotive industry, which had already experienced several significant and widely reported bankruptcy filings by the time Delphi was required to commence its preference actions.  NGK may well have been a preference defendant in other automotive bankruptcies by the time of the Final Extension.  Further, NGK filed claims in

3

Delphi's bankruptcy and was represented by sophisticated bankruptcy counsel who normally would have informed NGK that it was a potential preference defendant. NGK therefore was likely to have known that Delphi might commence a preference action against it.

5. Given these facts, there are substantial reasons to believe that NGK knew both that it might be a preference defendant and that Delphi had served its Final Extension Motion to extend its time to serve preference complaints. As the Omnibus Response points out, Delphi's Extension Motions were also described in its Disclosure Statement. Consequently, if the Court concludes that lack of notice of the Final Extension may constitute a ground for denying leave to amend, Plaintiffs should be permitted to take discovery concerning NGK's knowledge of the Final Extension before the Court rules on whether their complaint against NGK can be amended.

6. In addition, Plaintiffs should not be denied leave to amend their complaint against NGK because NGK has made no genuine showing that it was prejudiced by any asserted lack of notice. The NGK Declaration includes the conclusory statement that, "having no notice that it had been sued … [NGK] did not take any steps to organize or preserve information that would be necessary to defend against the preference action." See NGK Declaration ¶ 7. However, the NGK Declaration does not state that any particular, relevant records have been lost or that NGK is unable to locate any specific former employee who has unique knowledge of NGK's payments from Delphi. Absent a clear demonstration of prejudice, the Court should not deny Plaintiffs leave to amend. *See* Omnibus Response.

4

For the reasons set forth herein and in the Omnibus Response, Plaintiffs' motion to amend their complaint against NGK should be granted.

Dated:   New York, New York
         August 2, 2011

Respectfully submitted,

DPH Holdings Corp., *et al.*
By their conflicts counsel,
TOGUT, SEGAL & SEGAL LLP
By:

/s/Neil Berger
NEIL BERGER
RICHARD K. MILIN
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000