IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                   :

In re                       :     Chapter 11
                   :

DPH HOLDINGS CORP., et al.,    :     Case No. 05-44481 (RDD)
                   :

         Reorganized Debtors.    :     (Jointly Administered)
                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AFFIDAVIT OF SERVICE

      I, Darlene Calderon, being duly sworn according to law, depose and say that I am employed by Kurtzman Carson Consultants LLC, the Court appointed claims and noticing agent for the Reorganized Debtors in the above-captioned cases.

      On August 2, 2011, I caused to be served the documents listed below (i) upon the parties listed on Exhibit A hereto via electronic notification, and (ii) upon the party listed on Exhibit B hereto via postage pre-paid U.S. mail:

1)   Notice of Adjournment of Claims Objection Hearing with Respect to Reorganized Debtors' Objection to Proofs of Administrative Expense Claim Numbers 19761, 19762 and 19763 ("Notice of Adjournment of Claims Objection Hearing -- ATS Ohio Inc., ATS Automation Tooling Systems, Inc., and ATS Michigan Sales and Services, Inc.") (Docket No. 21508) [a copy of which is attached hereto as Exhibit C]

2)   Reorganized Debtors' Motion Under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9014 for Leave to (I) Supplement the Record of the June 21, 2011 Hearing and (II) File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion (Docket No. 21509) [a copy of which is attached hereto as Exhibit D]

      On August 2, 2011, I caused to be served the document listed below upon the parties listed on Exhibit E hereto via overnight mail:

3)   Notice of Adjournment of Claims Objection Hearing with Respect to Reorganized Debtors' Objection to Proofs of Administrative Expense Claim Numbers 19761, 19762 and 19763 ("Notice of Adjournment of Claims Objection Hearing -- ATS Ohio Inc., ATS Automation Tooling Systems, Inc., and ATS Michigan Sales and Services, Inc.") (Docket No. 21508) [a copy of which is attached hereto as Exhibit C]

On August 2, 2011, I caused to be served the document listed below upon the parties listed on Exhibit F hereto via overnight mail:

4) Reorganized Debtors' Motion Under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9014 for Leave to (I) Supplement the Record of the June 21, 2011 Hearing and (II) File the Reorganized Debtors' Statement Regarding Service of the Final Extension Motion (Docket No. 21509) [a copy of which is attached hereto as Exhibit D]

Dated: August 5, 2011

_____/s/ Darlene Calderon_____
Darlene Calderon

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 5th day of August, 2011, by Darlene Calderon, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  _/s/ Elizabeth Marie Barnett_____

Commission Expires:  _10/10/13_____

# EXHIBIT A

DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Deborah L. Thorne Kathleen L. Matsoukas | One N Wacker Drive | Suite 4400 | Chicago | IL | 60606 | 312-357-1313 | dthorne@btlaw.com kmatsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Delphi Automotive Systems LLP | Sean Corcoran Karen Craft David M. Sherbin | 5725 Delphi Drive | | Troy | MI | 48098 | 248-813-2000 | sean.p.corcoran@delphi.com karen.j.craft@delphi.com david.sherbin@delphi.com | Delphi Automotive Systems LLP |
| Honigman Miller Schwartz and Cohn LLP | Frank L. Gorman, Esq. Robert B. Weiss, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226-3583 | 313-465-7000 | fgorman@honigman.com rweiss@honigman.com | Counsel to General Motors Corporation |
| Ruskin Moscou Faltischek PC | Jeffrey A. Wurst, Esq. | 1425 RXR Plaza | 15th Floor | Uniondale | NY | 11556 | 516-663-6535 | jwurst@rmfpc.com | |
| Skadden, Arps, Slate, Meagher & Flom LLP | Ron E. Meisler | 155 N Wacker Drive | Suite 2700 | Chicago | IL | 60606-1720 | 312-407-0700 | rmeisler@skadden.com | Counsel to the Reorganized Debtor |
| Weil, Gotshal & Manges LLP | Harvey R. Miller Robert J. Lemons | 767 Fifth Avenue | | New York | NY | 10153 | 212-310-8500 | harvey.miller@weil.com robert.lemons@weil.com | Counsel to General Motors Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/4/2011 12:17 PM
Post-Emergence Master Service List 110622.xlsx Email (6)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Adalberto Cañadas Castillo | | Avda Ramon de Carranza | 10-1º | Cadiz | | 11006 | Spain | 34 956 226 311 | adalberto@canadas.com | Representative to DASE |
| Adler Pollock & Sheehan PC | Joseph Avanzato | One Citizens Plz 8th Fl | | Providence | RI | 02903 | | 401-274-7200 | javanzato@apslaw.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Airgas, Inc. | David Boyle | 259 Radnor-Chester Road, Suite 100 | P.O. Box 6675 | Radnor | PA | 19087-8675 | | 610-902-6028 | david.boyle@airgas.com | Counsel to Airgas, Inc. |
| Akebono Brake Corporaton | Brandon J. Kessinger | 310 Ring Road | | Elizabethtown | KY | 42701 | | 270-234-5580 | bkessinger@akebono-usa.com | Representative for Akebono Corporation |
| Akin Gump Strauss Hauer & Feld, LLP | Ira S Dizengoff | One Bryant Park | | New York | NY | 10036 | | 212-872-1000 | idizengoff@akingump.com | Counsel to TAI Unsecured Creditors Liquidating Trust |
| Allen Matkins Leck Gamble & Mallory LLP | Michael S. Greger | 1900 Main Street | Fifth Floor | Irvine | CA | 92614-7321 | | 949-553-1313 | mgreger@allenmatkins.com | Counsel to Kilroy Realty, L.P. |
| Alliance for Sustainable Energy LLC | National Renewable Energy Laboratory | Jim Martin Senior Attorney | 1617 Golden Blvd MS 1734 | Golden | CO | 80401 | | 303-384-7497 | jim.martin@nrel.gov | Counsel for National Renewable Energy Laboratory |
| Alston & Bird, LLP | Craig E. Freeman | 90 Park Avenue | | New York | NY | 10016 | | 212-210-9400 | craig.freeman@alston.com | Counsel to Cadence Innovation, LLC |
| Alston & Bird, LLP | Dennis J. Connolly; David A. Wender | 1201 West Peachtree Street | | Atlanta | GA | 30309 | | 404-881-7269 | dconnolly@alston.com dwender@alston.com | Counsel to Cadence Innovation, LLC, PD George Co, Furukawa Electric Companay, Ltd., and Furukawa Electric North America APD, Inc. |
| American Axle & Manufacturing, Inc. | Steven R. Keyes | One Dauch Drive, Mail Code 6E-2-42 | | Detroit | MI | 48243 | | 313-758-4868 | steven.keyes@aam.com | Representative for American Axle & Manufacturing, Inc. |
| Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP | Mark T. Flewelling | 199 South Los Robles Avenue | Suite 600 | Pasadena | CA | 91101-2459 | | 626-535-1900 | mtf@afrct.com | Counsel to Stanley Electric Sales of America, Inc. |
| Arent Fox PLLC | Robert M. Hirsh | 1675 Broadway | | New York | NY | 10019 | | 212-484-3900 | Hirsh.Robert@arentfox.com | Counsel to Pullman Bank and Trust Company |
| Arnall Golden Gregory LLP | Darryl S. Laddin | 171 17th Street NW | Suite 2100 | Atlanta | GA | 30363-1031 | | 404-873-8120 | dladdin@agg.com | Counsel to Daishinku (America) Corp. d/b/a KDS America ("Daishinku"), SBC Telecommunications, Inc. (SBC) |
| Arnold & Porter LLP | Joel M. Gross | 555 Twelfth Street, N.W. | | Washington | D.C. | 20004-1206 | | 202-942-5000 | joel_gross@aporter.com | Counsel to CSX Transportation, Inc. |
| ATS Automation Tooling Systems Inc. | Carl Galloway | 250 Royal Oak Road | | Cambridge | Ontario | N3H 4R6 | Canada | 519-653-4483 | cgalloway@atsautomation.com | Company |
| Balch & Bingham LLP | Eric T. Ray | PO Box 306 | | Birmingham | AL | 35201 | | 205-251-8100 | eray@balch.com | Attorney for Alabama Power Company |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | Kimberly J. Robinson | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | kim.robinson@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barack, Ferrazzano, Kirschbaum & Nagelberg LLP | William J. Barrett | 200 W Madison St Ste 3900 | | Chicago | IL | 60606 | | 312-984-3100 | william.barrett@bfkn.com | Counsel to Motion Industries, Inc., EIS, Inc. and Johnson Industries, Inc. |
| Barnes & Thornburg LLP | Alan K. Mills | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | alan.mills@btlaw.com | Counsel to Mays Chemical Company |
| Barnes & Thornburg LLP | Damon R Leichty | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | damon.leichty@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | David M. Powlen | 1000 N West Street | Suite 1200 | Wilmington | DE | 19801 | | 302-888-4536 | david.powlen@btlaw.com | Counsel to Howard County, Indiana |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Barnes & Thornburg LLP | Deborah L. Thorne | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | deborah.thorne@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions) |
| Barnes & Thornburg LLP | John T. Gregg | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3930 | jgregg@btlaw.com | Counsel to Priority Health; Clarion Corporation of America; Continental AG and Affiliates |
| Barnes & Thornburg LLP | Kathleen L. Matsoukas | One North Wacker Drive | Suite 4400 | Chicago | IL | 60606 | | 312-357-1313 | kathleen.matsoukas@btlaw.com | Counsel to Johnson Controls Battery Group, Inc.; Johnson Controls, Inc. (Power Solutions); Howard County, Indiana |
| Barnes & Thornburg LLP | Mark R. Owens | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | mark.owens@btlaw.com | Counsel to Clarion Corporation of America |
| Barnes & Thornburg LLP | Michael K. McCrory | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | michael.mccrory@btlaw.com | Counsel to Gibbs Die Casting Corporation; Clarion Corporation of America |
| Barnes & Thornburg LLP | Patrick E. Mears | 171 Monroe Avenue NW | Suite 1000 | Grand Rapids | MI | 49503 | | 616-742-3936 | pmears@btlaw.com | Counsel to Armada Rubber Manufacturing Company, Bank of America Leasing & Leasing & Capital, LLC, & AutoCam Corporation |
| Barnes & Thornburg LLP | Sarah Quinn Kuhny | 600 1st Source Bank Center | 100 North Michigan | South Bend | IN | 46601 | | 574-233-1171 | sarah.kuhny@btlaw.com | Counsel to Bank of America, N.A. |
| Barnes & Thornburg LLP | Wendy D. Brewer | 11 S. Meridian Street | | Indianapolis | IN | 46204 | | 317-236-1313 | wendy.brewer@btlaw.com | Counsel to Gibbs Die Casting |
| Bartlett Hackett Feinberg P.C. | Frank F. McGinn | 155 Federal Street | 9th Floor | Boston | MA | 02110 | | 617-422-0200 | ffm@bostonbusinesslaw.com | Counsel to Iron Mountain Information Management, Inc. |
| Beeman Law Office | Thomas M Beeman | 33 West 10th Street | Suite 200 | Anderson | IN | 46016 | | 765-640-1330 | tom@beemanlawoffice.com | Counsel to Madison County (Indiana) Treasurer |
| Bernstein Litowitz Berger & Grossman | Hannah E. Greenwald | 1285 Avenue of the Americas | | New York | NY | 10019 | | 212-554-1411 | hannah@blbglaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Berry Moorman P.C. | James P. Murphy | 535 Griswold | Suite 1900 | Detroit | MI | 48226 | | 313-496-1200 | murph@berrymoorman.com | Counsel to Kamax L.P.; Optrex America, Inc.; GKN Sinter Metals, Inc. |
| Bialson, Bergen & Schwab | Kenneth T. Law, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | klaw@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.. |
| Bialson, Bergen & Schwab | Lawrence M. Schwab, Esq. | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | lschwab@bbslaw.com | Counsel to UPS Supply Chain Solutions, Inc.; Solectron Corporation; Solectron De Mexico SA de CV; Solectron Invotronics; Coherent, Inc.; Veritas Software Corporation |
| Bialson, Bergen & Schwab | Thomas M. Gaa | 2600 El Camino Real | Suite 300 | Palo Alto | CA | 94306 | | 650-857-9500 | tgaa@bbslaw.com | Counsel to Veritas Software Corporation |

In re: DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|-----------------|
| Bingham McHale LLP | Whitney L Mosby | 10 West Market Street | Suite 2700 | Indianapolis | IN | 46204 | | 317-635-8900 | wmosby@binghammchale.com | Counsel to Universal Tool & Engineering co., Inc. and M.G. Corporation |
| Blank Rome LLP | Marc E. Richards | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-885-5000 | mrichards@blankrome.com | Counsel to DENSO International America, Inc. |
| Bodman LLP | Ralph E. McDowell | 100 Renaissance Center | 34th Floor | Detroit | MI | 48243 | | 313-393-7592 | rmcdowell@bodmanllp.com | Counsel to Freudenberg-NOK; General Partnership; Freudenberg-NOK, Inc.; Flextech, Inc.; Vibracoustic de Mexico, S.A. de C.V.; Lear Corporation; American Axle & Manufacturing, Inc. |
| Bond, Schoeneck & King, PLLC | Camille W. Hill | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | chill@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp. |
| Bond, Schoeneck & King, PLLC | Charles J. Sullivan | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | csullivan@bsk.com | Counsel to Diemolding Corporation |
| Bond, Schoeneck & King, PLLC | Stephen A. Donato | One Lincoln Center | 18th Floor | Syracuse | NY | 13202 | | 315-218-8000 | sdonato@bsk.com | Counsel to Marquardt GmbH and Marquardt Switches, Inc.; Tessy Plastics Corp; Diemolding Corporation |
| Boult, Cummings, Conners & Berry, PLC | Austin L. McMullen | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | amcmullen@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Boult, Cummings, Conners & Berry, PLC | Roger G. Jones | 1600 Division Street, Suite 700 | PO Box 34005 | Nashville | TN | 37203 | | 615-252-2307 | rjones@bccb.com | Counsel to Calsonic Kansei North America, Inc.; Calsonic Harrison Co., Ltd. |
| Brembo S.p.A. | Massimiliano Cini | Administration Department via Brembo 25 | 24035 Curno BG | Bergamo | | | Italy | 00039-035-605-529 | massimiliano_cini@brembo.it | Creditor |
| Brown & Connery, LLP | Donald K. Ludman | 6 North Broad Street | | Woodbury | NJ | 08096 | | 856-812-8900 | dludman@brownconnery.com | Counsel to SAP America, Inc. |
| Buchalter Nemer, A Profesional Corporation | Shawn M. Christianson | 333 Market Street | 25th Floor | San Francisco | CA | 94105-2126 | | 415-227-0900 | schristianson@buchalter.com | Counsel to Oracle USA, Inc.; Oracle Credit Corporation |
| Buchanan Ingersoll & Rooney PC | Mark Pfeiffer | 50 S. 16th St Ste 3200 | | Philadelphia | PA | 19102 | | 215-665-8700 | mark.pfeiffer@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | Mary Caloway | The Brandywine Building | 1000 West Street, Suite 1410 | Wilmington | DE | 19801 | | 302-552-4200 | mary.caloway@bipc.com | Counsel to Fiduciary Counselors |
| Buchanan Ingersoll & Rooney PC | Peter S. Russ | 620 Eighth Ave | 23rd Floor | New York | NY | 10018 | | 212-440-4400 | peter.russ@bipc.com | Counsel to ATEL Leasing Corp. |
| Buchanan Ingersoll & Rooney PC | William H. Schorling, Esq. | Two Liberty Place | 50 S. 16th St., Ste 3200 | Philadelphia | PA | 19102 | | 215-665-5326 | william.schorling@bipc.com | Counsel to Fiduciary Counselors |
| Butzel Long | Bruce L. Sendek | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | sendek@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Chester E. Kasiborski, Jr. | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | kasiborski@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Cynthia J. Haffey | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-983-7434 | haffey@butzel.com | Counsel to Delphi Corporation |
| Butzel Long | David J. DeVine | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | devine@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Donald V. Orlandoni | 150 W. Jefferson | Suite 100 | Detroit | MI | 48226 | | 313-225-7063 | orlandoni@butzel.com | Counsel to Delphi Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 3 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Butzel Long | Sheldon H. Klein | Stoneridge West | 41000 Woodward Avenue | Bloomfield Hills | MI | 48304 | | 248-258-1414 | klein@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Thomas B. Radom | Stoneridge West | 41000 Woodward Avenue | Bloomfield Hills | MI | 48304 | | 248-258-1413 | radom@butzel.com | Counsel to Reorganized Debtors |
| Butzel Long | Thomas D. Noonan | 150 W. Jefferson Avenue | Suite 100 | Detroit | MI | 48226 | | 313-225-7000 | noonan@butzel.com | Counsel to Reorganized Debtors |
| Cadwalader Wickersham & Taft LLP | Jeannine D'Amico | 1201 F St NW Ste 1100 | | Washington | DC | 20004 | | 202-862-2452 | jeannine.damico@cwt.com | Attorneys for the Audit Committee of Delphi Corporation |
| Cadwalader Wickersham & Taft LLP | John J. Rapisardi Esq Joseph Zujkowski Esq | One World Financial Center | | New York | NY | 10281 | | 212-504-6000 | john.rapisardi@cwt.com joseph.zujkowski@cwt.com | Counsel to the Auto Task Force of the U.S. Department of the Treasury |
| Cahill Gordon & Reindel LLP | Jonathan Greenberg | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | jonathan.greenberg@BASF.COM | Counsel to Engelhard Corporation |
| Cahill Gordon & Reindel LLP | Kevin Burke | 80 Pine Street | | New York | NY | 10005 | | 212-701-3000 | kburke@cahill.com | Counsel to Engelhard Corporation |
| Calfee, Halter & Griswold LLC | Jean R. Robertson, Esq. | 1400 McDonald Investment Ctr | 800 Superior Ave | Cleveland | OH | 44114 | | 216-622-8404 | jrobertson@calfee.com | Counsel to Brush Engineered materials |
| Calinoff & Katz, LLP | Dorothy H. Marinis-Riggio Robert Calinoff | 140 East 45th Street | 17th Floor | New York | NY | 10017 | | 212-826-8800 | dhriggio@gmail.com rcalinoff@candklaw.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, I |
| Cantor Colburn LLP | Michael J Rye | 20 Church Street | 22nd Floor | Hartford | CT | 06103-3207 | | 860-286-2929 | mrye@cantorcolburn.com | Patent Counsel to Delphi Corporation et al., Debtors and Debtors-in-Possession |
| Carson Fischer, P.L.C. | Joseph M Fischer Patrick J Kukla | 4111 Andover Road | West 2nd Floor | Bloomfield Hills | MI | 48302 | | 248-644-4840 | brcy@carsonfischer.com | Counsel to Bing Metals Group, LLC; Behr America, Inc.; Findlay Industries; Vitec, LLC |
| Carson Fischer, P.L.C. | Robert A. Weisberg | 4111 Andover Road | West 2nd Floor | Birmingham | MI | 48302 | | 248-644-4840 | rweisberg@carsonfischer.com brcy@carsonfischer.com | Counsel to Cascade Die Casting Group, Inc.; Behr America, Inc. |
| Carter Ledyard & Milburn LLP | Aaron R. Cahn | 2 Wall Street | | New York | NY | 10005 | | 212-732-3200 | cahn@clm.com | Counsel to STMicroelectronics, Inc. |
| Chadbourne & Parke LLP | Douglas Deutsch, Esq. | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-408-5100 | ddeutsch@chadbourne.com | Counsel to EagleRock Capital Management, LLC |
| Clark Hill PLC | Joel D. Applebaum | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | japplebaum@clarkhill.com | Counsel to 1st Choice Heating & Cooling, Inc.; BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLC | Shannon Deeby | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8300 | sdeeby@clarkhill.com | Counsel to BorgWarner Turbo Systems Inc.; Metaldyne Company, LLC |
| Clark Hill PLLC | Robert D. Gordon | 500 Woodward Avenue | Suite 3500 | Detroit | MI | 48226-3435 | | 313-965-8572 | rgordon@clarkhill.com | Counsel to ATS Automation Tooling Systems Inc. |
| Cleary Gottlieb Steen & Hamilton LLP | Deborah M. Buell | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Arneses Electricos Automotrices, S.A.de C.V.; Cordaflex, S.A. de C.V. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 4 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---------|---------|----------|----------|------|-------|-----|---------|-------|-------|------------------|
| Cleary, Gottlieb, Steen & Hamilton LLP | James L. Bromley | One Liberty Plaza | | New York | NY | 10006 | | 212-225-2000 | maofiling@cgsh.com | Counsel to Bear, Stearns, Co. Inc.; Citigroup, Inc.; Credit Suisse First Boston; Deutsche Bank Securities, Inc.; Goldman Sachs Group, Inc.; JP Morgan Chase & Co.; Lehman Brothers, Inc.; Merrill Lynch & Co.; Morgan Stanley & Co., Inc.; UBS Securities, LLC |
| Cohen & Grigsby, P.C. | Thomas D. Maxson | 11 Stanwix Street | 15th Floor | Pittsburgh | PA | 15222-1319 | | 412-297-4706 | tmaxson@cohenlaw.com | Counsel to Nova Chemicals, Inc. |
| Cohen, Weiss & Simon LLP | Joseph J. Vitale Babette Ceccotti | 330 West 42nd Street | | New York | NY | 10036 | | 212-356-0238 | jvitale@cwsny.com bceccotti@cwsny.com | Counsel to International Union, United Automobile, Aerospace and Agriculture Implement Works of America (UAW) |
| Cohn Birnbaum & Shea P.C. | Scott D. Rosen, Esq. | 100 Pearl Street, 12th Floor | | Hartford | CT | 06103 | | 860-493-2200 | srosen@cb-shea.com | Counsel to Floyd Manufacturing Co., Inc. |
| Connolly Bove Lodge & Hutz LLP | Jeffrey C. Wisler, Esq. | 1007 N. Orange Street | P.O. Box 2207 | Wilmington | DE | 19899 | | 302-658-9141 | jwisler@cblh.com | Counsel to ORIX Warren, LLC |
| Coolidge Wall Co. LPA | Ronald S. Pretekin | 33 West First Street | Suite 600 | Dayton | OH | 45402 | | 937-223-8177 | Pretekin@coollaw.com | Counsel to Harco Industries, Inc.; Harco Brake Systems, Inc.; Dayton Supply & Tool Coompany; Attorneys for Columbia Industrial |
| Covington & Burling | Susan Power Johnston Aaron R. Marcu | 620 Eighth Ave | | New York | NY | 10018 | | 212-841-1005 | sjohnston@cov.com | Special Counsel to the Debtor |
| Cox, Hodgman & Giarmarco, P.C. | Sean M. Walsh, Esq. | Tenth Floor Columbia Center | 101 W. Big Beaver Road | Troy | MI | 48084-5280 | | 248-457-7000 | swalsh@chglaw.com | Counsel to Nisshinbo Automotive Corporation |
| Curtin & Heefner, LLP | Daniel P. Mazo | 250 N. Pennslyvania Avenue | | Morrisville | PA | 19067 | | 215-736-2521 | dpm@curtinheefner.com | Counsel to SPS Technologies, LLC; NSS Technologies, Inc.; SPS Technologies Waterford Company; Greer Stop Nut, Inc. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Cindi Eilbott | 101 Park Avenue | | New York | NY | 10178-0061 | | 212-696-6936 | ceilbott@curtis.com | Counsel to Flextronics International, Inc., Flextronics International USA, Inc.; Multek Flexible Circuits, Inc.; Sheldahl de Mexico S.A.de C.V.; Northfield Acquisition Co.; Flextronics Asia-Pacific Ltd.; Flextronics Technology (M) Sdn. Bhd |
| Damon & Morey LLP | William F. Savino | 1000 Cathedral Place | 298 Main Street | Buffalo | NY | 14202-4096 | | 716-856-5500 | wsavino@damonmorey.com | Counsel to Relco, Inc.; The Durham Companies, Inc. |
| David P. Martin | | 519 Energy Center Blvd | Ste 1104 | Northport | AL | 35401 | | 205-343-1771 | davidpmartin@erisacase.com davidpmartin@bellsouth.net | Co-Counsel for David Gargis, Jimmy Mueller, and D. Keith Livingston |
| Day Pitney LLP | Richard M. Meth | P.O. Box 1945 | | Morristown | NJ | 07962-1945 | | 973-966-6300 | rmeth@daypitney.com | Counsel to Marshall E. Campbell Company |
| Day Pitney LLP | Ronald S. Beacher Conrad K. Chiu | 7 Times Square | | New York | NY | 10036 | | 212-297-5800 | rbeacher@daypitney.com cchiu@daypitney.com | Counsel to IBJTC Business Credit Corporation, as successor to IBJ Whitehall Business Credit Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 5 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Dechert LLP | Glenn E. Siegel James O. Moore | 1095 Avenue of the Americas | | New York | NY | 10036-6797 | | 212-698-3500 | glenn.siegel@dechert.com james.moore@dechert.com | Counsel for Kensington International Limited, Manchester Securities Corp. and Springfield Associates, LLC |
| Denso International America, Inc. | Carol Sowa | 24777 Denso Drive | | Southfield | MI | 48086 | | 248-372-8531 | carol_sowa@denso-diam.com | Counsel to Denso International America, Inc. |
| DiConza Law, P.C. | Gerard DiConza, Esq. | 630 Third Avenue, 7th Floor | | New York | NY | 10017 | | 212-682-4940 | gdiconza@dlawpc.com | Counsel to Tyz-All Plastics, Inc.; Co-Counsel to Tower Automotive, Inc. |
| Dinsmore & Shohl LLP | John Persiani | 1900 Chemed Center | 255 East Fifth Street | Cincinnati | OH | 45202 | | 513-977-8200 | john.persiani@dinslaw.com | Counsel to The Procter & Gamble Company |
| DLA Piper Rudnick Gray Cary US LLP | Richard M. Kremen Maria Ellena Chavez-Ruark | The Marbury Building | 6225 Smith Avenue | Baltimore | Maryland | 21209-3600 | | 410-580-3000 | richard.kremen@dlapiper.com | Counsel to Constellation NewEnergy, Inc. & Constellation NewEnergy - Gas Division, LLC |
| Drinker Biddle & Reath LLP | Andrew C. Kassner | 18th and Cherry Streets | | Philadelphia | PA | 19103 | | 215-988-2700 | andrew.kassner@dbr.com | Counsel to Penske Truck Leasing Co., L.P. |
| Duane Morris LLP | Joseph H. Lemkin | 744 Broad Street | Suite 1200 | Newark | NJ | 07102 | | 973-424-2000 | jhlemkin@duanemorris.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC; and Hosiden America Corporation |
| Duane Morris LLP | Lewis R Olshin Esq | 30 South 17th Street | | Philadelphia | PA | 19103 | | 215-979-1129 | Olshin@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Margery N. Reed, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1000 | dmdelphi@duanemorris.com mreed@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Duane Morris LLP | Wendy M. Simkulak, Esq. | 30 South 17th Street | | Philadelphia | PA | 19103-4196 | | 215-979-1547 | wmsimkulak@duanemorris.com | Counsel to ACE American Insurance Company and Pacific Employers Insurance Company |
| Dykema Gossett PLLC | Douglas S Parker | 39577 Woodward Ave | Suite 300 | Bloomfield Hills | MI | 48304 | | 248-203-0703 | dparker@dykema.com | Counsel for Federal Screw |
| Dykema Gossett PLLC | Robert D. Nachman | 10 South Wacker Drive | Suite 2300 | Chicago | IL | 60606 | | 312-876-1700 | rnachman@dykema.com | Counsel to MJ Celco, Inc. |
| Electronic Data Systems Corporation | Ayala Hassell | 5400 Legacy Dr. | Mail Stop H3-3A-05 | Plano | TX | 75024 | | 212-715-9100 | ayala.hassell@eds.com | Representative for Electronic Data Systems Corporation |
| Ellenberg, Ogier, Rothschild & Rosenfeld, P.C. | Barbara Ellis-Monro | 170 Mitchell Street, SW | | Atlanta | GA | 30303 | | 404-581-3818 | bem@eorrlaw.com | Counsel to Southwire Company |
| Entergy Services, Inc. | Alan H. Katz | 639 Loyola Ave 26th Fl | | New Orleans | LA | 70113 | | | akatz@entergy.com | Assistant General Counsel to Entergy Services, Inc |
| Epstein Becker & Green PC | Maura I. Russell Anthony B. Stumbo | 250 Park Ave | 11th Floor | New York | NY | 10177-1211 | | 212-351-4500 | MRussell@ebglaw.com | Counsel to SPCP Group LLC as agent for Silver Point Capital LP and Silver Point Capital Offshore Fund Ltd |
| Ettelman & Hochheiser, P.C. | Gary Ettelman | c/o Premium Cadillac | 77 Main Street | New Rochelle | NY | 10801 | | 516-227-6300 | gettelman@e-hlaw.com | Counsel to Jon Ballin |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Faegre & Benson LLP | Elizabeth K. Flaagan | 3200 Wells Fargo Center | 1700 Lincoln St | Denver | CO | 80203-4532 | | 303-607-3694 | eflaagan@faegre.com | Counsel to CoorsTek, Inc.; Corus, L.P. |
| Farrell Fritz PC | Louis A. Scarcella Patrick T. Collins | 1320 RexCorp Plaza | | Uniondale | NY | 11556-1320 | | 516-227-0700 | lscarcella@farrellfritz.com pcollins@farrellfritz.com | Counsel to Official Committee of Equity Holders |
| Filardi Law Offices LLC | Charles J. Filardi, Jr., Esq. | 65 Trumbull Street | Second Floor | New Haven | CT | 06510 | | 203-562-8588 | charles@filardi-law.com | Counsel to Federal Express Corporation |
| Finkel Goldstein Rosenbloom & Nash LLP | Ted J. Donovan | 26 Broadway | Suite 711 | New York | NY | 10004 | | 212-344-2929 | tdonovan@finkgold.com | Counsel to Pillarhouse (U.S.A.) Inc. |
| Foley & Lardner LLP | Ann Marie Uetz | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | auetz@foley.com | Counsel to PBR Tennessee |
| Foley & Lardner LLP | Jill L. Murch | 321 North Clark Street | Suite 2800 | Chicago | IL | 60610-4764 | | 312-832-4500 | jmurch@foley.com | Counsel to Kuss Corporation |
| Foley & Lardner LLP | John A. Simon | One Detroit Center | 500 Woodward Ave Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jsimon@foley.com | Counsel to Ernst & Young LLP |
| Foley & Lardner LLP | John R. Trentacosta Katherine R. Catanese | 500 Woodward Avenue | Suite 2700 | Detroit | MI | 48226-3489 | | 313-234-7100 | jtrentacosta@foley.com kcatanese@foley.com | Counsel to Kautex, Inc. |
| Fox Rothschild LLP | Brian Isen | 1301 Atlantic Avenue | | Atlantic City | NJ | 08401 | | 609-348-2294 | bisen@foxrothschild.com | Counsel to M&Q Plastic Products L.P. |
| Fox Rothschild LLP | Fred Stevens | 100 Park Avenue | 15th Floor | New York | NY | 10017 | | 212-878-7900 | fstevens@foxrothschild.com | Counsel to M&Q Plastic Products, Inc. |
| Frederick T. Rikkers | | 419 Venture Court | P.O. Box 930555 | Verona | WI | 53593 | | 608-848-6350 | ftrikkers@rikkerslaw.com | Counsel to Southwest Metal Finishing, Inc. |
| Frost Brown Todd LLC | Ronald E. Gold | 2200 PNC Center | 201 East Fifth Street | Cincinnati | OH | 45202-4182 | | 513-651-6156 | rgold@fbtlaw.com | Counsel to AKS Receivables, LLC |
| Fulbright & Jaworski LLP | David A Rosenzweig | 666 Fifth Avenue | | New York | NY | 10103-3198 | | 212-318-3000 | drosenzweig@fulbright.com | Counsel to Southwest Research Institute Attorney for Solvay Fluorides, LLC |
| Fulbright & Jaworski LLP | Michael M Parker | 300 Convent St Ste 2200 | | San Antonio | TX | 78205 | | 210-224-5575 | mparker@fulbright.com | Counsel to Southwest Research Institute |
| Genovese Joblove & Battista, P.A. | David C. Cimo | 100 S.E. 2nd Street | Suite 4400 | Miami | FL | 33131 | | 305-349-2300 | dcimo@gjb-law.com | Counsel to Ryder Integrated Logistics, Inc. |
| Gibbons P.C. | David N. Crapo | One Gateway Center | | Newark | NJ | 07102-5310 | | 973-596-4523 | dcrapo@gibbonslaw.com | Counsel to Epcos, Inc. |
| Goldberg Segalla LLP | Attn Bruce W Hoover | 665 Main St Ste 400 | | Buffalo | NY | 14203 | | 716-566-5400 | bhoover@goldbergsegalla.com | Attorneys for MasTec Inc. |
| Gorlick, Kravitz & Listhaus, P.C. | Barbara S. Mehlsack | 17 State Street | 4th Floor | New York | NY | 10004 | | 212-269-2400 | bmehlsack@gkllaw.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Goulston & Storrs, P.C. | Peter D. Bilowz | 400 Atlantic Avenue | | Boston | MA | 02110-333 | | 617-482-1776 | pbilowz@goulstonstorrs.com | Counsel to Thermotech Company |
| Grant & Eisenhofer P.A. | James J Sabella | 485 Lexington Ave | | New York | NY | 10017 | | 646-722-8520 | jsabella@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employes's Retirement System of Mississippi; Raiffeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfonds ABP |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Grant & Eisenhofer P.A. | Jay W. Eisenhofer | 45 Rockefeller Center | 650 Fifth Avenue | New York | NY | 10111 | | 212-755-6501 | jeisenhofer@gelaw.com | Counsel to Teachers Retirement System of Oklahoma; Public Employee's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Gratz, Miller & Brueggeman, S.C. | Matthew R. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | mrr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| Graydon Head & Ritchey LLP | J. Michael Debbler, Susan M. Argo | 1900 Fifth Third Center | 511 Walnut Street | Cincinnati | OH | 45202 | | 513-621-6464 | mdebbeler@graydon.com | Counsel to Grote Industries; Batesville Tool & Die; PIA Group; Reliable Castings |
| Greenberg Traurig, LLP | Maria J. DiConza | MetLife Bldg | 200 Park Avenue | New York | NY | 10166 | | 212-801-9200 | diconzam@gtlaw.com | Counsel to Samtech Corporation |
| Greenberg Traurig, LLP | Shari L. Heyen | 1000 Louisiana | Suite 1800 | Houston | TX | 77002 | | 713-374-3500 | heyens@gtlaw.com | Counsel to Samtech Corporation |
| Greensfelder, Hemker & Gale, P.C. | Cherie Macdonald J. Patrick Bradley | 10 S. Broadway | Suite 200 | St. Louis | MO | 63102 | | 314-241-9090 | ckm@greensfelder.com jpb@greensfelder.com | Counsel to ARC Automotive, Inc. |
| Hahn Loeser & Parks LLP | Lawrence E Oscar Christopher W Peer | 200 Public Square | Suite 2800 | Cleveland | OH | 44114 | | 216-621-0150 | leoscar@hahnlaw.com cpeer@hahnlaw.com | Counsel to Casco Products, a Unit of Sequa Corporation and ARC Automotive, Inc. |
| Halperin Battaglia Raicht, LLP | Alan D. Halperin Christopher J.Battaglia Julie D. Dyas | 555 Madison Avenue | 9th Floor | New York | NY | 10022 | | 212-765-9100 | cbattaglia@halperinlaw.net ahalperin@halperinlaw.net jdyas@halperinlaw.net | Counsel to Pacific Gas Turbine Center, LLC and Chromalloy Gas Turbine Corporation; ARC Automotive, Inc |
| Hancock & Estabrook LLP | R John Clark Esq | 1500 Tower I | PO Box 4976 | Syracuse | NY | 13221-4976 | | 315-471-3151 | rjclark@hancocklaw.com | Counsel to Alliance Precision Plastics Corporation |
| Harrington, Dragich & O'Neill PLLC | David G Dragich | 21043 Mack Avenue | | Grosse Pointe Woods | MI | 48236 | | 313-886-4550 | ddragich@hdolaw.com | Counsel to Intermet Corporation |
| Harris D. Leinwand | Harris D. Leinwand | 315 Madison Avenue | Suite 901 | New York | NY | 10017 | | 212-725-7338 | hleinwand@aol.com | Counsel to Baker Hughes Incorporated; Baker Petrolite Corporation |
| Haskell Slaughter Young & Rediker LLC | Robert H. Adams | 2001 Park Place North | Suite 1400 | Birmingham | AL | 35203 | | 205-251-1000 | rha@hsy.com | Counsel to Simco Construction, Inc. |
| Haynes and Boone, LLP | Judith Elkin | 153 East 53rd Street | Suite 4900 | New York | NY | 10022 | | 212-659-7300 | judith.elkin@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Haynes and Boone, LLP | Lenard M. Parkins Kenric D. Kattner | 1 Houston Center | 1221 McKinney, Suite 2100 | Houston | TX | 77010 | | 713-547-2000 | lenard.parkins@haynesboone.com kenric.kattner@haynesboone.com | Counsel to Highland Capital Management, L.P. |
| Herrick, Feinstein LLP | Paul Rubin | 2 Park Avenue | | New York | NY | 10016 | | 212-592-1448 | prubin@herrick.com | Counsel to Canon U.S.A., Inc. and Schmidt Technology GmbH |
| Hewlett-Packard Company | Kenneth F. Higman | 2125 E. Katella Avenue | Suite 400 | Anaheim | CA | 92806 | | 714-940-7120 | ken.higman@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Ramona S. Neal | 11311 Chinden Blvd., M/S 314 | | Boise | ID | 83714-0021 | | 208-396-6484 | Ramona.neal@hp.com | Counsel to Hewlett-Packard Company |
| Hewlett-Packard Company | Sharon Petrosino | 420 Mountain Avenue | | Murray Hill | NJ | 07974 | | 908-898-4760 | sharon.petrosino@hp.com | Counsel to Hewlett-Packard Financial Services Company |
| Hinckley Allen & Snyder LLP | Michael J Pendell | 185 Asylum St CityPlace I | 35th Floor | Hartford | CT | 06103-3488 | | 860-725-6200 | mpendell@haslaw.com | Counsel to Barnes Group, Inc. |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Hiscock & Barclay, LLP | J. Eric Charlton | 300 South Salina Street | PO Box 4878 | Syracuse | NY | 13221-4878 | | 315-425-2716 | echarlton@hiscockbarclay.com | Counsel to GW Plastics, Inc. |
| Hodgson Russ LLP | Garry M. Graber | The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo | NY | 14202-4040 | | 716-856-4000 | ggraber@hodgsonruss.com | Counsel to Hexcel Corporation; Unifrax I LLC f/k/a Unifrax Corporation |
| Hodgson Russ LLP | James C. Thoman | The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo | NY | 14202-4040 | | 716-856-4000 | jthoman@hodgsonruss.com | Counsel to Unifrax I LLC f/k/a Unifrax Corporation |
| Hogan & Hartson L.L.P. | Audrey Moog | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | amoog@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Edward C. Dolan | Columbia Square | 555 Thirteenth Street, N.W. | Washington | D.C. | 20004-1109 | | 202-637-5677 | ecdolan@hhlaw.com | Counsel to Umicore Autocat Canada Corp. |
| Hogan & Hartson L.L.P. | Scott A. Golden | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | sagolden@hhlaw.com | Counsel to XM Satellite Radio Inc. |
| Hogan Lovells US LLP | Matthew P Morris | 875 Third Avenue | | New York | NY | 10022 | | 212-918-3000 | matthew.morris@hoganlovells.com | Counsel to TESA AG |
| Honigman, Miller, Schwartz and Cohn, LLP | Donald T. Baty, Jr. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7314 | dbaty@honigman.com | Counsel to Fujitsu Ten Corporation of America |
| Honigman, Miller, Schwartz and Cohn, LLP | E. Todd Sable | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7548 | tsable@honigman.com | Counsel to Valeo Climate Control Corp.; Valeo Electrical Systems, Inc. - Motors and Actuators Division;Valeo Electrical Systems, Inc. - Wipers Division; Valeo Switches & Detection System, Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | I. W. Winsten, Esq. | 2290 First National Building | 660 Woodward Avenue | Detroit | MI | 48226 | | 313-465-7608 | iww@honigman.com | Counsel to Affina Group Holdings Inc. |
| Honigman, Miller, Schwartz and Cohn, LLP | Lawrence J. Murphy | 2290 First National Building | 660 Woodward Ave | Detroit | MI | 48226 | | 313-465-7488 | lmurphy@honigman.Com | Attorneys for Guide Corporation and Lightsource Parent Corporation |
| Honigman, Miller, Schwartz and Cohn, LLP | Seth A Drucker | 2290 First National Building | 660 Woodward Avenue Ste 2290 | Detroit | MI | 48226 | | 313-465-7626 | sdrucker@honigman.com | Counsel for Valeo Climate Control, Corp. |
| Howard & Howard Attorneys PC | Lisa S Gretchko | 39400 Woodward Ave | Ste 101 | Bloomfield Hills | MI | 48304-5151 | | 248-723-0396 | lgretchko@howardandhoward.com | Intellectual Property Counsel for Delphi Corporation, et al. |
| Howick, Westfall, McBryan & Kaplan, LLP | Louis G. McBryan | 3101 Tower Creek Parkway | Ste 600 One Tower Creek | Atlanta | GA | 30339 | | 678-384-7000 | lmcbryan@hwmklaw.com | Counsel to Vanguard Distributors, Inc. |
| Hunter & Schank Co. LPA | John J. Hunter | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | jrhunter@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunter & Schank Co. LPA | Thomas J. Schank | One Canton Square | 1700 Canton Avenue | Toledo | OH | 43624 | | 419-255-4300 | tomschank@hunterschank.com | Counsel to ZF Group North America Operations, Inc. |
| Hunton & Williams LLP | Steven T. Holmes | Energy Plaza, 30th Floor | 1601 Bryan Street | Dallas | TX | 75201 | | 214-979-3000 | sholmes@hunton.com | Counsel to RF Monolithics, Inc. |
| Hurwitz & Fine P.C. | Ann E. Evanko | 1300 Liberty Building | | Buffalo | NY | 14202 | | 716-849-8900 | aee@hurwitzfine.com | Counsel to Jiffy-Tite Co., Inc. |
| Ice Miller | Ben T. Caughey | One American Square | Box 82001 | Indianapolis | IN | 46282-0200 | | 317-236-2100 | Ben.Caughey@icemiller.com | Counsel to Sumco, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 9 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Ice Miller LLP | Henry A. Efroymson | One American Square | 29th Floor | Indianapolis | IN | 46482 | | 317-236-2397 | henry.efroymson@icemiller.com | Counsel to Fin Machine Co. Ltd |
| Infineon Technologies North America Corporation | Greg Bibbes | 1730 North First Street | M/S 11305 | San Jose | CA | 95112 | | 408-501-6442 | greg.bibbes@infineon.com | General Counsel & Vice President for Infineon Technologies North America Corporation |
| Infineon Technologies North America Corporation | Jeff Gillespie | 2529 Commerce Drive | Suite H | Kokomo | IN | 46902 | | 765-454-2146 | jeffery.gillispie@infineon.com | Global Account Manager for Infineon Technologies North America |
| International Union of Operating Engineers | Richard Griffin | 1125-17th Avenue, N.W. | | Washington | DC | 20036 | | 202-429-9100 | rgriffin@iuoe.org | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10; International Union of Operating Engineers Local Union Nos. 18, 101 and 832 |
| Jackson Walker LLP | Bruce J. Ruzinsky | 1401 McKinney St Ste 1900 | | Houston | TX | 77010 | | 713-751-4200 | bruzinsky@jw.com | Counsel to Constellation NewEnergy, Inc. |
| Jackson Walker LLP | Heather M. Forrest | 901 Main St Ste 600 | | Dallas | TX | 75202 | | 214-953-6000 | hforrest@jw.com | Counsel to Constellation NewEnergy, Inc. |
| James R Scheuerle | Parmenter O'Toole | 601 Terrace Street | PO Box 786 | Muskegon | MI | 49443-0786 | | 231-722-1621 | JRS@Parmenterlaw.com | Counsel to Port City Die Cast and Port City Group Inc |
| Jason, Inc. | Will Schultz, General Counsel | 411 E. Wisconsin Ave | Suite 2120 | Milwaukee | WI | 53202 | | 414-277-2110 | wschultz@jasoninc.com | General Counsel to Jason Incorporated |
| Jenner & Block LLP | Ronald R. Peterson | One IBM Plaza | | Chicago | IL | 60611 | | 312-222-9350 | rpeterson@jenner.com | Counsel to SPX Corporation (Contech Division), Alcan Rolled Products-Ravenswood, LLC, Tenneco Inc. and Contech LLC |
| Johnston, Harris Gerde & Komarek, P.A. | Jerry W. Gerde, Esq. | 239 E. 4th St. | | Panama City | FL | 32401 | | 850-763-8421 | gerdekomarek@bellsouth.net | Counsel to Peggy C. Brannon, Bay County Tax Collector |
| Jones Day | Corinne Ball | 222 East 41st Street | | New York | NY | 10017 | | 212-326-7844 | cball@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Jones Day | Peter J. Benvenutti Michaeline H. Correa | 555 California St 26th Floor | | San Francisco | CA | 94104 | | 415-626-3939 | pjbenvenutti@jonesday.com mcorrea@jonesday.com | Attorneys for Symantec Corporation, Successor-in-Interest to Veritas Corporation |
| Jones Day | Scott J. Friedman | 222 East 41st Street | | New York | NY | 10017 | | 212-326-3939 | sjfriedman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Karel S. Karpe P.C. d/b/a KarpeLaw | Karel S. Karpe | 44 Wall Street | 12th Floor | New York | NY | 10005 | | 212-461-2250 | kkarpe@karpelaw.com | Counsel to United Parcel Service |
| Katten Muchin Rosenman LLP | John P. Sieger, Esq. | 525 West Monroe Street | | Chicago | IL | 60661 | | 312-902-5200 | john.sieger@kattenlaw.com | Counsel to TDK Corporation America and MEMC Electronic Materials, Inc. |
| Kaye Scholer LLP | Richard G Smolev | 425 Park Avenue | | New York | NY | 10022-3598 | | 212-236-8000 | rsmolev@kayescholer.com | Counsel to InPlay Technologies Inc |
| Kegler, Brown, Hill & Ritter Co., LPA | Kenneth R. Cookson | 65 East State Street | Suite 1800 | Columbus | OH | 43215 | | 614-426-5400 | kcookson@keglerbrown.com | Counsel to Solution Recovery Services |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 10 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Keller Rohrback L.L.P. | Lynn Lincoln Sarko Cari Campen Laufenberg Erin M. Rily | 1201 Third Avenue | Suite 3200 | Seattle | WA | 98101 | | 206-623-1900 | lsarko@kellerrohrback.com claufenberg@kellerrohrback.com eriley@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Keller Rohrback P.L.C. | Gary A. Gotto | National Bank Plaza | 3101 North Central Avenue, Suite 900 | Phoenix | AZ | 85012 | | 602-248-0088 | ggotto@kellerrohrback.com | Counsel to Neal Folck, Greg Bartell, Donald McEvoy, Irene Polito, and Thomas Kessler, on behalf of themselves and a class of persons similarly situated, and on behalf of the Delphi Savings-Stock Purchase Program for Salaried Employees in the United States and the Delphi Personal Savings Plan for Hourly-Rate Employees in the United States |
| Kelley Drye & Warren, LLP | Craig A. Wolfe | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | cwolfe@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kelley Drye & Warren, LLP | Merrill B. Stone | 101 Park Avenue | | New York | NY | 10178 | | 212-808-7800 | mstone@kelleydrye.com | Counsel to the Pension Benefit Guaranty Corporation |
| Kennedy, Jennick & Murray | Susan M. Jennik | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | sjennik@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kennedy, Jennick & Murray | Thomas Kennedy | 113 University Place | 7th Floor | New York | NY | 10003 | | 212-358-1500 | tkennedy@kjmlabor.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Kerr Russell & Weber PLC | James E. DeLine | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | jed@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| Kerr Russell & Weber PLC | Patrick Warren Hunt | 500 Woodward Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-961-0200 | pwh@krwlaw.com | Counsel to Pontiac Coil, Inc. |
| King & Spalding, LLP | H. Slayton Dabney, Jr. | 1185 Avenue of the Americas | | New York | NY | 10036 | | 212-556-2100 | sdabney@kslaw.com | Counsel to KPMG LLP |
| Kirkland & Ellis LLP | David Spiegel | 300 North LaSalle | | Chicago | IL | 60654 | | 312-862-2000 | david.spiegel@kirkland.com | |
| Kirkland & Ellis LLP | Jim Stempel | 200 East Randolph Drive | | Chicago | IL | 60601 | | 312-861-2000 | jstempel@kirkland.com | Counsel to Lunt Mannufacturing Company |
| Kirkpatrick & Lockhart Nicholson Graham LLP | Edward M. Fox | 599 Lexington Avenue | | New York | NY | 10022 | | 212-536-4812 | efox@klng.com | Counsel to Wilmington Trust Company, as Indenture trustee |
| Kokomo Gas & Fuel Company | Patti E Pope Revenue Recovery Manager | Northern Indiana Public Service Company | 801 East 86th Avenue | Merrillville | IN | 46410 | | | pepope@nisource.com | Kokomo Gas & Fuel Company |
| Kramer Levin Naftalis & Frankel LLP | Jordan D Kaye | 1177 Avenue of the Americas | | New York | NY | 10036 | | 212-715-9489 | jkaye@kramerlevin.com | Counsel to HP Enterprise Services, LLC; Vishay Americas Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 11 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Krieg Devault LLP | Lawrence W. Schmits Esq. | One Indiana Square, Suite 2800 | | Indianapolis | IN | 46204 | | 317-238-6271 | lschmits@kdlegal.com | Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee |
| Krieg Devault LLP | Patricia L. Beaty Esq | One Indiana Square, Suite 2800 | | Indianapolis | IN | 46204 | | 317-636-4341 | pbeaty@kdlegal.com | Co-Counsel for Delphi Salaried Retirees Association Benefit Trust VEBA Committee |
| Krugliak, Wilkins, Griffiths & Dougherty CO., L.P.A. | Sam O. Simmerman | 4775 Munson Street N.W. | P.O. Box 36963 | Canton | OH | 44735-6963 | | 330-497-0700 | sosimmerman@kwgd.com | Counsel for Millwood, Inc. |
| Kutak Rock LLP | Jay Selanders | 1010 Grand Blvd Ste 500 | | Kansas City | MO | 64106 | | 816-502-4617 | jay.selanders@kutakrock.com | Counsel to DaimlerChrysler Corporation; DaimlerChrysler Motors Company, LLC; DaimlerChrysler Canada, Inc. |
| Kutchin & Rufo, P.C. | Edward D. Kutchin | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | ekutchin@kutchinrufo.com | Counsel to Parlex Corporation |
| Kutchin & Rufo, P.C. | Kerry R. Northrup | Two Center Plaza | Suite 620 | Boston | MA | 02108-1906 | | 617-542-3000 | knorthup@bmklegal.com | Counsel to Parlex Corporation |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Adam D. Bruski | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | adbruski@lambertleser.com | Counsel to Creditor Linamar Corp. |
| Lambert, Leser, Isackson, Cook & Guinta, P.C. | Susan M. Cook | 309 Davidson Building | PO Box 835 | Bay City | MI | 48707-0835 | | 989-893-3518 | smcook@lambertleser.com | Counsel to Linamar Corporation |
| Latham & Watkins | Mark A. Broude | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1384 | mark.broude@lw.com | UCC Professional |
| Latham & Watkins | Michael J. Riela | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | michael.riela@lw.com | UCC Professional |
| Latham & Watkins | Mitchell A. Seider | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1200 | mitchell.seider@lw.com | UCC Professional |
| Latham & Watkins | Robert Rosenberg | 885 Third Avenue | | New York | NY | 10022 | | 212-906-1370 | robert.rosenberg@lw.com | UCC Professional |
| Law Offices of Michael O'Hayer | Michael O'Hayer Esq | 22 N Walnut Street | | West Chester | PA | 19380 | | 610-738-1230 | mkohayer@aol.com | Counsel to A-1 Specialized Services and Supplies Inc |
| Lewis and Roca LLP | Rob Charles, Esq. | One South Church Street | Suite 700 | Tucson | AZ | 85701 | | 520-629-4427 | rcharles@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Lewis and Roca LLP | Susan M. Freeman, Esq. | 40 North Central Avenue | Suite 1900 | Phoenix | AZ | 85004-4429 | | 602-262-5756 | sfreeman@lrlaw.com | Counsel to Freescale Semiconductor, Inc. f/k/a Motorola Semiconductor Systems (U.S.A.) Inc. |
| Linear Technology Corporation | John England, Esq. | General Counsel for Linear Technology Corporation | 1630 McCarthy Blvd. | Milpitas | CA | 95035-7417 | | 408-432-1900 | jengland@linear.com | Counsel to Linear Technology Corporation |
| Linebarger Goggan Blair & Sampson, LLP | Diane W. Sanders | 1949 South IH 35 (78741) | P.O. Box 17428 | Austin | TX | 78760-7428 | | 512-447-6675 | austin.bankruptcy@publicans.com | Counsel to Cameron County, Brownsville ISD |
| Linebarger Goggan Blair & Sampson, LLP | Elizabeth Weller | 2323 Bryan Street | Suite 1600 | Dallas | TX | 75201 | | 214-880-0089 | dallas.bankruptcy@publicans.com | Counsel to Dallas County and Tarrant County |
| Linebarger Goggan Blair & Sampson, LLP | John P. Dillman | P.O. Box 3064 | | Houston | TX | 77253-3064 | | 713-844-3478 | houston_bankruptcy@publicans.com | Counsel in Charge for Taxing Authorities: Cypress-Fairbanks Independent School District, City of Houston, Harris County |
| Locke Lord Bissell & Liddell | Kevin J. Walsh | 885 Third Avenue | 26th Floor | New York | NY | 10022-4802 | | 212-812-8304 | kwalsh@lockelord.com | Counsel to Sedgwick Claims Management Services, Inc. and Methode Electronics, Inc. |
| Loeb & Loeb LLP | P. Gregory Schwed | 345 Park Avenue | | New York | NY | 10154-0037 | | 212-407-4000 | gschwed@loeb.com | Counsel to Creditor The Interpublic Group of Companies, Inc. and Proposed Auditor Deloitte & Touche, LLP |
| Loeb & Loeb LLP | William M. Hawkins | 345 Park Avenue | | New York | NY | 10154 | | 212-407-4000 | whawkins@loeb.com | Counsel to Industrial Ceramics Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lowenstein Sandler PC | Bruce S. Nathan | 1251 Avenue of the Americas | | New York | NY | 10020 | | 212-262-6700 | bnathan@lowenstein.com | Counsel to Daewoo International (America) Corp. |
| Lowenstein Sandler PC | Ira M. Levee | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | ilevee@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Kenneth A. Rosen | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | krosen@lowenstein.com | Counsel to Cerberus Capital Management, L.P. |
| Lowenstein Sandler PC | Michael S. Etikin | 1251 Avenue of the Americas | 18th Floor | New York | NY | 10020 | | 212-262-6700 | metkin@lowenstein.com | Counsel to Teachers Retirement System of Oklahoma; Public Employees's Retirement System of Mississippi; Raifeisen Kapitalanlage-Gesellschaft m.b.H and Stichting Pensioenfords ABP |
| Lowenstein Sandler PC | Scott Cargill | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | scargill@lowenstein.com | Counsel to Cerberus Capital Management, L.P.; AT&T Corporation |
| Lowenstein Sandler PC | Vincent A. D'Agostino | 65 Livingston Avenue | | Roseland | NJ | 07068 | | 973-597-2500 | vdagostino@lowenstein.com | Counsel to AT&T Corporation |
| Lyden, Liebenthal & Chappell, Ltd. | Erik G. Chappell | 5565 Airport Highway | Suite 101 | Toledo | OH | 43615 | | 419-867-8900 | egc@lydenlaw.com | Counsel to Metro Fibres, Inc. |
| Maddin, Hauser, Wartell, Roth & Heller PC | Alexander Stotland Esq | 28400 Northwestern Hwy | Third Floor | Southfield | MI | 48034 | | 248-354-4030 | axs@maddinhauser.com | Attorney for Danice Manufacturing Co. |
| Madison Capital Management | Joe Landen | 6143 South Willow Drive | Suite 200 | Greenwood Village | CO | 80111 | | 303-957-4254 | jlanden@madisoncap.com | Representative for Madison Capital Management |
| Margulies & Levinson, LLP | Leah M. Caplan, Esq. | 30100 Chagrin Boulevard | Suite 250 | Pepper Pike | OH | 44124 | | 216-514-4935 | lmc@ml-legal.com | Counsel to Venture Plastics |
| Mastromarco & Jahn, P.C. | Victor J. Mastromarco, Jr. | 1024 North Michigan Avenue | P.O. Box 3197 | Saginaw | MI | 48605-3197 | | 989-752-1414 | vmastromar@aol.com | Counsel to H.E. Services Company and Robert Backie and Counsel to Cindy Palmer, the Representative to the Estate of Michael Palmer |
| Masuda Funai Eifert & Mitchell, Ltd. | Gary D. Santella | 203 North LaSalle Street | Suite 2500 | Chicago | IL | 60601-1262 | | 312-245-7500 | gsantella@masudafunai.com | Counsel to NDK America, Inc./NDK Crystal, Inc.; Foster Electric USA, Inc.; JST Corporation; Nichicon (America) Corporation; Taiho Corporation of America; American Aikoku Alpha, Inc.; Sagami America, Ltd.; SL America, Inc./SL Tennessee, LLC and Hosiden America Corporation |
| McCarter & English, LLP | David J. Adler, Jr. Esq. | 245 Park Avenue, 27th Floor | | New York | NY | 10167 | | 212-609-6800 | dadler@mccarter.com | Counsel to Ward Products, LLC |
| McCarter & English, LLP | Eduardo J. Glas, Esq. | Four Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4096 | | 913-622-4444 | eglas@mccarter.com | Counsel to General Products Delaware Corporation |
| McCarthy Tetrault LLP | Lorne P. Salzman | 66 Wellington Street West | Suite 4700 | Toronto | Ontario | M5K 1E6 | | 416-362-1812 | lsalzman@mccarthy.ca | Counsel to Themselves (McCarthy Tetrault LLP) |
| McDermott Will & Emery LLP | Gary O. Ravert | 340 Madison Avenue | | New York | NY | 10017-1922 | | 212-547-5477 | gravert@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDermott Will & Emery LLP | Stephen B. Selbst | 340 Madison Avenue | | New York | NY | 10017 | | 212-547-5400 | sselbst@mwe.com | Counsel to National Semiconductor Corporation |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| McDermott Will & Emery LLP | Steven P. Handler Monica M. Quinn | 227 W Monroe St | | Chicago | IL | 60606 | | 312-372-2000 | shandler@mwe.com mquinn@mwe.com | Counsel for Temic Automotive of North America, Inc. |
| McDonald Hopkins Co., LPA | Scott N. Opincar, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sopincar@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McDonald Hopkins Co., LPA | Shawn M. Riley, Esq. | 600 Superior Avenue, E. | Suite 2100 | Cleveland | OH | 44114 | | 216-348-5400 | sriley@mcdonaldhopkins.com | Counsel to Republic Engineered Products, Inc. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Jeffrey Bernstein, Esq. | Three Gateway Center | 100 Mulberry Street | Newark | NJ | 07102-4079 | | 973-622-7711 | jbernstein@mdmc-law.com | Counsel to New Jersey Self-Insurers Guaranty Association |
| McGuirewoods LLP | Aaron G McCollough Esq | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1000 | amccollough@mcguirewoods.com | Counsel to Siemens Energy & Automation, Inc. |
| McGuirewoods LLP | Daniel F Blanks | One James Center | 901 East Cary Street | Richmond | VA | 23219 | | 804-775-1000 | dblanks@mcguirewoods.com | Counsel for CSX Transportation, Inc. |
| McGuirewoods LLP | John H Maddock III | One James Center | 901 East Cary Street | Richmond | VA | 23219-4030 | | 804-775-1178 | jmaddock@mcguirewoods.com | Counsel to Siemens Logistics Assembly Systems, Inc.; Counsel for CSX Transportation, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Attn Thomas R Slome Esq | 990 Stewart Ave Ste 300 | PO Box 9194 | Garden City | NY | 11530-9194 | | 516-741-6565 | tslome@msek.com | Counsel for Pamela Geller; JAE Electronics, Inc. |
| Meyer, Suozzi, English & Klein, P.C. | Hanan Kolko | 1350 Broadway | Suite 501 | New York | NY | 10018 | | 212-239-4999 | hkolko@msek.com | Counsel to The International Union of Electronic, Salaried, Machine and Furniture Workers - Communicaitons Workers of America |
| Meyers Law Group, P.C. | Merle C. Meyers | 44 Montgomery Street | Suite 1010 | San Francisco | CA | 94104 | | 415-362-7500 | mmeyers@mlg-pc.com | Counsel to Alps Automotive, Inc. |
| Meyers, Rodbell & Rosenbaum, P.A. | M. Evan Meyers | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | emeyers@mrrlaw.net | Counsel to Prince George County, Maryland |
| Meyers, Rodbell & Rosenbaum, P.A. | Robert H. Rosenbaum | Berkshire Building | 6801 Kenilworth Avenue, Suite 400 | Riverdale Park | MD | 20737-1385 | | 301-699-5800 | rrosenbaum@mrrlaw.net | Counsel to Prince George County, Maryland |
| Miami-Dade County Tax Collector | April Burch | Paralegal Unit | 140 West Flagler St Ste 1403 | Miami | FL | 33130 | | 305-375-5314 | mdtcbkc@miamidade.gov | Paralegal Collection Specialist for Miami-Dade County |
| Michael Cox | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | miag@michigan.gov | Attorney General for State of Michigan, Department of Treasury |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Dennis J. Raterink | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1176 | raterinkd@michigan.gov | Assistant Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |
| Michigan Department of Labor and Economic Growth, Worker's Compensation Agency | Michael Cox | PO Box 30736 | | Lansing | MI | 48909-7717 | | 517-373-1820 | miag@michigan.gov | Attorney General for Worker's Compensation Agency; Attorney for the Funds Administration for the State of Michigan |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 14 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Miles & Stockbridge, P.C. | Thomas D. Renda | 10 Light Street | | Baltimore | MD | 21202 | | 410-385-3418 | trenda@milesstockbridge.com | Counsel to Computer Patent Annuities Limited Partnership, Hydro Aluminum North America, Inc., Hydro Aluminum Adrian, Inc., Hydro Aluminum Precision Tubing NA, LLC, Hydro Alumunim Ellay Enfield Limited, Hydro Aluminum Rockledge, Inc., Norsk Hydro Canada, Inc., Emhart Technologies LLL and Adell Plastics, Inc. |
| Miller & Martin PLLC | Dale Allen | 150 Fourth Ave North | Ste 1200 | Nashville | TN | 37219 | | | vjones@millermartin.com | Counsel to Averitt Express |
| Miller Johnson | Thomas P. Sarb Robert D. Wolford | 250 Monroe Avenue, N.W. | Suite 800, PO Box 306 | Grand Rapids | MI | 49501-0306 | | 616-831-1748 616-831-1726 | sarbt@millerjohnson.com wolfordr@millerjohnson.com | Counsel to Pridgeon & Clay, Inc. |
| Miller, Canfield, Paddock and Stone, P.L.C. | Jonathan S. Green | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8452 | greenj@millercanfield.com | Counsel to Wells Operating Partnership, LP |
| Miller, Canfield, Paddock and Stone, P.L.C. | Marc N. Swanson | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-963-6420 | swansonm@millercanfield.com | Counsel to Brose North America Holding LP and its affiliates |
| Miller, Canfield, Paddock and Stone, P.L.C. | Timothy A. Fusco | 150 W. Jefferson Avenue | Suite 2500 | Detroit | MI | 48226 | | 313-496-8435 | fusco@millercanfield.com | Counsel to Niles USA Inc.; Techcentral, LLC; The Bartech Group, Inc.; Fischer Automotive Systems |
| Mintz, Levin, Cohn, Ferris Glovsky and Pepco, P.C. | Paul J. Ricotta | One Financial Center | | Boston | MA | 02111 | | 617-542-6000 | pjricotta@mintz.com pricotta@mintz.com | Counsel to Hitachi Automotive Products (USA), Inc. and Conceria Pasubio |
| Molex Connector Corp | Jeff Ott | 2222 Wellington Ct. | | Lisle | IL | 60532 | | 630-527-4254 | Jeff.Ott@molex.com | Counsel to Molex Connector Corp |
| Morgan, Lewis & Bockius LLP | Andrew D. Gottfried | 101 Park Avenue | | New York | NY | 10178-0060 | | 212-309-6000 | agottfried@morganlewis.com | Counsel to ITT Industries, Inc.; Hitachi Chemical (Singapore), Ltd. |
| Morgan, Lewis & Bockius LLP | Menachem O. Zelmanovitz | 101 Park Avenue | | New York | NY | 10178 | | 212-309-6000 | mzelmanovitz@morganlewis.com | Counsel to Hitachi Chemical (Singapore) Pte, Ltd. |
| Morgan, Lewis & Bockius LLP | Richard W. Esterkin, Esq. | 300 South Grand Avenue | | Los Angeles | CA | 90017 | | 213-612-1163 | resterkin@morganlewis.com | Counsel to Sumitomo Corporation |
| Moritt Hock Hamroff & Horowitz LLP | Leslie Ann Berkoff | 400 Garden City Plaza | | Garden City | NY | 11530 | | 516-873-2000 | lberkoff@moritthock.com | Counsel to Standard Microsystems Corporation and its direct and indirect subsidiares Oasis SiliconSystems AG and SMSC NA Automotive, LLC (successor-in-interst to Oasis Silicon Systems, Inc.) |
| Moses & Singer LLP | James M. Sullivan Esq. | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | | 212-554-7800 | jsullivan@mosessinger.com | Counsel to The Timken Corporation |
| Munsch Hardt Kopf & Harr, P.C. | Raymond J. Urbanik, Esq., Joseph J. Wielebinski, Esq. and Davor Rukavina, Esq. | 3800 Lincoln Plaza | 500 North Akard Street | Dallas | RX | 75201-6659 | | 214-855-7590 214-855-7561 214-855-7587 | rurbanik@munsch.com jwielebinski@munsch.com drukavina@munsch.com | Counsel to Texas Instruments Incorporated |
| Nantz, Litowich, Smith, Girard & Hamilton, P.C. | Sandra S. Hamilton | 2025 East Beltline, S.E. | Suite 600 | Grand Rapids | MI | 49546 | | 616-977-0077 | sandy@nlsg.com | Counsel to Lankfer Diversified Industries, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 15 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Nathan, Neuman & Nathan, P.C. | Kenneth A. Nathan | 29100 Northwestern Highway | Suite 260 | Southfield | MI | 48034 | | 248-351-0099 | Knathan@nathanneuman.com | Counsel to 975 Opdyke LP; 1401 Troy Associates Limited Partnership; 1401 Troy Associates Limited Partnership c/o Etkin Equities, Inc.; 1401 Troy Associates LP; Brighton Limited Partnership; DPS Information Services, Inc.; Etkin Management Services, Inc. and Etkin Real Properties |
| National City Commercial Capital | Lisa M. Moore | 995 Dalton Avenue | | Cincinnati | OH | 45203 | | 513-455-2390 | l.moore@pnc.com | Vice President and Senior Counsel to National City Commercial Capital |
| Nelson Mullins Riley & Scarborough | George B. Cauthen | 1320 Main Street, 17th Floor | PO Box 11070 | Columbia | SC | 29201 | | 803-7255-9425 | george.cauthen@nelsonmullins.com | Counsel to Datwyler Rubber & Plastics, Inc.; Datwyler, Inc.; Datwyler i/o devices (Americas), Inc.; Rothrist Tube (USA), Inc. |
| New Jersey Attorney General's Office Division of Law | Tracy E Richardson Deputy Attorney General | R.J. Hughes Justice Complex | 25 Market St P.O. Box 106 | Trenton | NJ | 08628-0106 | | 609-292-1537 | tracy.richardson@dol.lps.state.nj.us | Deputy Attorney General - State of New Jersey Division of Taxation |
| Nixon Peabody LLP | Victor G. Milione Christopher M. Desiderio | 437 Madison Ave | | New York | NY | 10022 | | 212-940-3000 | cdesiderio@nixonpeabody.com vmilione@nixonpeabody.com | Counsel to Corning Inc., Corning Incorporated, and Corning |
| North Point | David G. Heiman | 901 Lakeside Avenue | | Cleveland | OH | 44114 | | 216-586-3939 | dgheiman@jonesday.com | Counsel to WL. Ross & Co., LLC |
| Office of the Chapter 13 Trustee | Camille Hope | P.O. Box 954 | | Macon | GA | 31202 | | 478-742-8706 | cahope@chapter13macon.com | Office of the Chapter 13 Trustee |
| Office of the Texas Attorney General | Jay W. Hurst | P.O. Box 12548 | | Austin | TX | 78711-2548 | | 512-475-4861 | jay.hurst@oag.state.tx.us | Counsel to The Texas Comptroller of Public Accounts |
| Ohio Environmental Protection Agency | c/o Michelle T. Sutter | Principal Assistant Attorney General Environmental Enforcement Section | 30 E Broad St 25th Fl | Columbus | OH | 43215 | | 614-466-2766 | msutter@ag.state.oh.us | Attorney for State of Ohio, Environmental Protection Agency |
| Orbotech, Inc. | Michael M. Zizza, Legal Manager | 44 Manning Road | | Billerica | MA | 01821 | | 978-901-5025 | michaelz@orbotech.com | Company |
| O'Rourke Katten & Moody | Michael Moody | 55 W Wacker Dr | Ste 1400 | Chicago | IL | 60615 | | 312-849-2020 | mmoody@orourkeandmoody.com | Counsel to Ameritech Credit Corporation d/b/a SBC Capital Services |
| Orrick, Herrington & Sutcliffe LLP | Alyssa Englund, Esq. | 666 Fifth Avenue | | New York | NY | 10103 | | 212-506-5187 | aenglund@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Frederick D. Holden, Jr., Esq. | 405 Howard Street | | San Francisco | CA | 94105 | | 415-773-5700 | fholden@orrick.com | Counsel to America President Lines, Ltd. And APL Co. Pte Ltd. |
| Orrick, Herrington & Sutcliffe LLP | Raniero D'Aversa, Jr. | 51 West 52nd Street at 6th Avenue | | New York | NY | 10103-0001 | | 212-506-3715 | Rdaversa@orrick.com | Counsel to Bank of America, N.A. |
| Pachulski Stang Ziehl & Jones LLP | Michael R. Seidl | 919 N. Market Street, 17th Floor | P.O. Box 8705 | Wilmington | DE | 19899-8705 | | 302-652-4100 | mseidl@pszjlaw.com | Counsel for Essex Group, Inc. |
| Pachulski Stang Ziehl & Jones LLP | Robert J. Feinstein Ilan D. Scharf | 780 Third Avenue, 36th Floor | | New York | NY | 10017-2024 | | 212-561-7700 | Rfeinstein@pszjlaw.com Ischarf@pszjlaw.com | Counsel for Essex Group, Inc. |
| Patterson Belknap Webb & Tyler LLP | Daniel A. Lowenthal | 1133 Avenue of the Americas | | New York | NY | 10036 | | 212-336-2720 | dalowenthal@pbwt.com | Counsel to American Finance Group, Inc. d/b/a Guaranty Capital Corporation |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 16 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Patterson Belknap Webb & Tyler LLP | David W. Dykhouse Phyllis S. Wallitt | 1133 Avenue of the Americas | | New York | NY | 10036-6710 | | 212-336-2000 | dwdykhouse@pbwt.com | Attorneys for Fry's Metals Inc. and Specialty Coatings Systems Eft |
| Paul H. Spaeth Co. LPA | Paul H. Spaeth | 130 W Second St Ste 450 | | Dayton | OH | 45402 | | 937-223-1655 | spaethlaw@phslaw.com | Attorneys for F&G Multi-Slide Inc and F&G Tool & Die Co. Inc. |
| Paul, Weiss, Rifkind, Wharton & Garrison | Andrew N. Rosenberg | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | arosenberg@paulweiss.com | Counsel to Merrill Lynch, Pierce, Fenner & Smith, Incorporated |
| Paul, Weiss, Rifkind, Wharton & Garrison | Douglas R. Davis | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | ddavis@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Paul, Weiss, Rifkind, Wharton & Garrison | Elizabeth R. McColm | 1285 Avenue of the Americas | | New York | NY | 10019-6064 | | 212-373-3000 | emccolm@paulweiss.com | Counsel to Noma Company and General Chemical Performance Products LLC |
| Peggy Housner | | Cadillac Place | 3030 W. Grand Blvd., Suite 10-200 | Detroit | MI | 48202 | | 313-456-0140 | housnerp@michigan.gov | Assistant Attorney General for State of Michigan, Department of Treasury |
| Penachio Malara LLP | Anne Penachio | 235 Main Street | Suite 600A | White Plains | NY | 10601 | | 914-946-2889 | apenachio@pmlawllp.com | Counsel to UVA Machine Company and its successors by acquisition |
| Pepper, Hamilton LLP | Francis J. Lawall | 3000 Two logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | lawallf@pepperlaw.com | Counsel to Capro, Ltd, Teleflex Automotive Manufacturing Corporation and Teleflex Incorporated d/b/a Teleflex Morse (Capro) |
| Pepper, Hamilton LLP | Henry Jaffe | 1313 Market Street | PO Box 1709 | Wilmington | DE | 19899-1709 | | 302-777-6500 | jaffeh@pepperlaw.com | Counsel to SKF USA, Inc. |
| Pepper, Hamilton LLP | Nina M. Varughese | 3000 Two Logan Square | Eighteenth & Arch Streets | Philadelphia | PA | 19103-2799 | | 215-981-4000 | varughesen@pepperlaw.com | Counsel to Capro, Ltd; Teleflex Automotive Manufacturing Corporation; Teleflex Incorporated; Ametek; Cleo, Inc.; Sierra International, Inc. |
| Pickrel Shaeffer & Ebeling | Sarah B. Carter Esq | 2700 Kettering Tower | | Dayton | OH | 45423-2700 | | 937-223-1130 | scarter@pselaw.com | |
| Pierce Atwood LLP | Jacob A. Manheimer | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | jmanheimer@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pierce Atwood LLP | Keith J. Cunningham | One Monument Square | | Portland | ME | 04101 | | 207-791-1100 | kcunningham@pierceatwood.com | Counsel to FCI Canada, Inc.; FCI Electronics Mexido, S. de R.L. de C.V.; FCI USA, Inc.; FCI Brasil, Ltda; FCI Automotive Deutschland Gmbh; FCI Italia S. p.A. |
| Pietragallo Bosick & Gordon LLP | Richard J. Parks | 54 Buhl Blvd | | Sharon | PA | 16146 | | 724-981-1397 | rjp@pbandg.com | Counsel to Ideal Tool Company, Inc. |
| Pillsbury Winthrop Shaw Pittman LLP | Karen B. Dine | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | karen.dine@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 17 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Pillsbury Winthrop Shaw Pittman LLP | Margot P. Erlich | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | margot.erlich@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Mark D. Houle | 650 Town Center Drive | Ste 550 | Costa Mesa | CA | 92626-7122 | | 714-436-6800 | mark.houle@pillsburylaw.com | Counsel to Clarion Corporation of America, Hyundai Motor Company and Hyundai Motor America |
| Pillsbury Winthrop Shaw Pittman LLP | Richard L. Epling | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | richard.epling@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Pillsbury Winthrop Shaw Pittman LLP | Robin L. Spear | 1540 Broadway | | New York | NY | 10036-4039 | | 212-858-1000 | robin.spear@pillsburylaw.com | Counsel to MeadWestvaco Corporation, MeadWestvaco South Carolina LLC and MeadWestvaco Virginia Corporation |
| Porzio, Bromberg & Newman, P.C. | Brett S. Moore, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | bsmoore@pbnlaw.com | |
| Porzio, Bromberg & Newman, P.C. | John S. Mairo, Esq. | 100 Southgate Parkway | P.O. Box 1997 | Morristown | NJ | 07960 | | 973-538-4006 | jsmairo@pbnlaw.com | Counsel to Neuman Aluminum Automotive, Inc. and Neuman Aluminum Impact Extrusion, Inc. |
| Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C. | Jill M. Hartley and Marianne G. Robbins | 1555 N. RiverCenter Drive | Suite 202 | Milwaukee | WI | 53212 | | 414-271-4500 | jh@previant.com mgr@previant.com | Counsel to International Brotherhood of Electrical Workers Local Unions No. 663; International Association of Machinists; AFL-CIO Tool and Die Makers Local Lodge 78, District 10 |
| PriceWaterHouseCoopers | Enrique Bujidos | Almagro | 40 | Madrid | | 28010 | Spain | 34 915 684 356 | enrique.bujidos@es.pwc.com | Representative to DASE |
| QAD, Inc. | Stephen Tyler Esq | 10,000 Midlantic Drive | Suite 100 West | Mt. Laurel | NJ | 08054 | | 856-840-2870 | xst@qad.com | Counsel to QAD, Inc. |
| Quarles & Brady LLP | Kasey C. Nye | One South Church Street | | Tucson | AZ | 85701 | | 520-770-8717 | knye@quarles.com | Counsel to Offshore International, Inc.; Maquilas Teta Kawi, S.A. de C.V.; On Semiconductor Corporation; Flambeau Inc. |
| Quarles & Brady LLP | Roy Prange | 33 E Main St Ste 900 | | Madison | WI | 53703-3095 | | 608-283-2485 | rlp@quarles.com | Counsel for Flambeau Inc. |
| Quarles & Brady LLP | Valerie L. Bailey-Rihn Esq | 33 E Main St Ste 900 | | Madison | WI | 53703 | | 608-283-2407 | valerie.bailey-rihn@quarles.com | Counsel to Charter Manufacturing Co., Charter Mfg. Co. Inc., Charter Steel and Milwaukee Wire Products |
| Reed Smith | Ann Pille | 10 South Wacker Drive | | Chicago | IL | 60606 | | 312-207-1000 | apille@reedsmith.com | Counsel to Infineon; Infineon Technologies |
| Republic Engineered Products, Inc. | Joseph A Kaczka | 3770 Embassy Parkway | | Akron | OH | 44333 | | 330-670-3215 | jkaczka@republicengineered.com | Counsel to Republic Engineered Products, Inc. |
| Riddell Williams P.S. | Joseph E. Shickich, Jr. | 1001 4th Ave. | Suite 4500 | Seattle | WA | 98154-1195 | | 206-624-3600 | jshickich@riddellwilliams.com | Counsel to Microsoft Corporation; Microsoft Licensing, GP |
| Rieck and Crotty PC | Jerome F Crotty | 55 West Monroe Street | Suite 3390 | Chicago | IL | 60603 | | 312-726-4646 | jcrotty@rieckcrotty.com | Counsel to Mary P. O'Neill and Liam P. O'Neill |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 18 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Russell Reynolds Associates, Inc. | Charles E. Boulbol, P.C. | 26 Broadway, 17th Floor | | New York | NY | 10004 | | 212-825-9457 | rtrack@msn.com | Counsel to Russell Reynolds Associates, Inc. |
| Satterlee Stephens Burke & Burke LLP | Christopher R. Belmonte | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | cbelmonte@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Pamela A. Bosswick | 230 Park Avenue | | New York | NY | 10169 | | 212-818-9200 | pbosswick@ssbb.com | Counsel to Moody's Investors Service |
| Satterlee Stephens Burke & Burke LLP | Roberto Carrillo | 230 Park Avenue | Suite 1130 | New York | NY | 10169 | | 212-818-9200 | rcarrillo@ssbb.com | Attorney's for Tecnomec S.r.l. |
| Schafer and Weiner PLLC | Daniel Weiner | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | dweiner@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Howard Borin | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | hborin@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schafer and Weiner PLLC | Ryan Heilman | 40950 Woodward Ave. | Suite 100 | Bloomfield Hills | MI | 48304 | | 248-540-3340 | rheilman@schaferandweiner.com | Counsel to Dott Industries, Inc. |
| Schiff Hardin LLP | Eugene J. Geekie, Jr. | 7500 Sears Tower | | Chicago | IL | 60606 | | 312-258-5635 | egeekie@schiffhardin.com | Counsel to  Means Industries |
| Schulte Roth & Zabel LLP | David J. Karp | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | david.karp@srz.com | Counsel to Parnassus Holdings II, LLC and Platinum Equity Capital Partners II, LP |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2273 | james.bentley@srz.com | Counsel to Panasonic Automotive Systems Company of America |
| Schulte Roth & Zabel LLP | Michael L. Cook | 919 Third Avenue | | New York | NY | 10022 | | 212-756-2000 | michael.cook@srz.com | Counsel to Panasonic Automotive Systems Company of America; D.C. Capital Partners, L.P. |
| Schwartz Lichtenberg LLP | Barry E Lichtenberg Esq | 420 Lexington Ave Ste 2400 | | New York | NY | 10170 | | 212-389-7818 | barryster@att.net | Counsel to Marybeth Cunningham |
| Seyfarth Shaw LLP | Paul M. Baisier, Esq. | 1545 Peachtree Street, N.E. | Suite 700 | Atlanta | GA | 30309-2401 | | 404-885-1500 | pbaisier@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | Robert W. Dremluk | 620 Eighth Ave | | New York | NY | 10018-1405 | | 212-218-5500 | rdremluk@seyfarth.com | Counsel to Murata Electronics North America, Inc.; Fujikura America, Inc. |
| Seyfarth Shaw LLP | William J. Hanlon | World Trade Center East | Two Seaport Lane, Suite 300 | Boston | MA | 02210 | | 617-946-4800 | whanlon@seyfarth.com | Counsel to  le Belier/LBQ Foundry S.A. de C.V. |
| Shaw Gussis Fishman Glantz Wolfson & Towbin LLC | Brian L Shaw | 321 N. Clark St. | Suite 800 | Chicago | IL | 60654 | | 312-541-0151 | bshaw100@shawgussis.com | Counsel to ATC Logistics & Electronics, Inc. |
| Sheehan Phinney Bass + Green Professional Association | Bruce A. Harwood | 1000 Elm Street | P.O. Box 3701 | Manchester | NH | 03105-3701 | | 603-627-8139 | bharwood@sheehan.com | Counsel to Source Electronics, Inc. |
| Sheldon S. Toll PLLC | Sheldon S. Toll | 2000 Town Center | Suite 2550 | Southfield | MI | 48075 | | 248-358-2460 | lawtoll@comcast.net | Counsel to Milwaukee Investment Company |
| Sheppard Mullin Richter & Hampton LLP | Eric Waters | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | ewaters@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Malani J. Sternstein | 30 Rockefeller Plaza | 24th Floor | New York | NY | 10112 | | 212-332-3800 | msternstein@sheppardmullin.com | Counsel to International Rectifier Corp. and Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theodore A. Cohen | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | tcohen@sheppardmullin.com | Counsel to Gary Whitney |
| Sheppard Mullin Richter & Hampton LLP | Theresa Wardle | 333 South Hope Street | 48th Floor | Los Angeles | CA | 90071 | | 213-620-1780 | twardle@sheppardmullin.com | Counsel to International Rectifier Corp. |
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 5353 Essen Lane | Suite 650 | Baton Rouge | LA | 70809 | | 225-757-2185 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 19 of 22

8/4/2011 12:17 PM
Email (396)

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC | Robert P. Thibeaux | 909 Poydras Street | 28th Floor | New Orleans | LA | 70112-1033 | | 504-299-2100 | rthibeaux@shergarner.com | Counsel to Gulf Coast Bank & Trust Company |
| Shipman & Goodwin LLP | Kathleen M. LaManna | One Constitution Plaza | | Hartford | CT | 06103-1919 | | 860-251-5603 | bankruptcy@goodwin.com | |
| Sills, Cummis Epstein & Gross, P.C. | Andrew H. Sherman | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | asherman@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Jack M. Zackin | 30 Rockefeller Plaza | | New York | NY | 10112 | | 212-643-7000 | jzackin@sillscummis.com | Counsel to Hewlett-Packard Financial Services Company |
| Sills, Cummis Epstein & Gross, P.C. | Valerie A Hamilton Simon Kimmelman | 650 College Rd E | | Princeton | NJ | 08540 | | 609-227-4600 | vhamilton@sillscummis.com skimmelman@sillscummis.com | Counsel to Doosan Infracore America Corp. |
| Silver Point Capital, L.P. | Chaim J. Fortgang | Two Greenwich Plaza | 1st Floor | Greenwich | CT | 06830 | | 203-542-4216 | cfortgang@silverpointcapital.com | Counsel to Silver Point Capital, L.P. |
| Smith, Katzenstein & Furlow LLP | Kathleen M. Miller | 800 Delaware Avenue, 7th Floor | P.O. Box 410 | Wilmington | DE | 19899 | | 302-652-8400 | kmiller@skfdelaware.com | Counsel to Airgas, Inc. |
| SNR Denton US LLP | D. Farrington Yates | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | fyates@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc. and United Plastics Group |
| SNR Denton US LLP | Oscar N. Pinkas | 1221 Avenue of the Americas | 24th Floor | New York | NY | 10020 | | 212-768-6700 | opinkas@sonnenschein.com | Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| SNR Denton US LLP | Robert E. Richards | 7800 Sears Tower | 233 South Wacker Drive | Chicago | IL | 60606 | | 312-876-8000 | rrichards@sonnenschein.com | Counsel to Molex, Inc. and INA USA, Inc.; Counsel to Schaeffler Canada, Inc. and Schaeffler KG |
| Squire, Sanders & Dempsey L.L.P. | G. Christopher Meyer | 4900 Key Tower | 127 Public Sq | Cleveland | OH | 44114 | | 216-479-8692 | cmeyer@ssd.com | Counsel to Furukawa Electric Co., Ltd.; Counsel for the City of Dayton, Ohio |
| State of California Office of the Attorney General | Sarah E. Morrison | Deputy Attorney General | 300 South Spring Street Ste 1702 | Los Angeles | CA | 90013 | | 213-897-2640 | sarah.morrison@doj.ca.gov | Attorneys for the State of California Department of Toxic Substances Control |
| State of Michigan Department of Labor & Economic Growth, Unemployment Insurance Agency | Roland Hwang Assistant Attorney General | 3030 W. Grand Boulevard | Suite 9-600 | Detroit | MI | 48202 | | 313-456-2210 | hwangr@michigan.gov | Assistant Attorney General for State of Michigan, Unemployment Tax Office of the Department of Labor & Economic Growth, Unemployment Insurance Agency |
| State of Michigan Labor Division | Susan Przekop-Shaw | PO Box 30736 | | Lansing | MI | 48909 | | 517-373-2560 | przekopshaws@michigan.gov | Assistant Attorney General as Attorney for the Michigan Workers' Compensation Agency |
| Steel Technologies, Inc. | John M. Baumann | 15415 Shelbyville Road | | Louisville | KY | 40245 | | 502-245-0322 | jmbaumann@steeltechnologies.com | Counsel to Steel Technologies, Inc. |
| Sterns & Weinroth, P.C. | Michael A Spero Simon Kimmelman Valerie A Hamilton | 50 West State Street, Suite 1400 | PO Box 1298 | Trenton | NJ | 08607-1298 | | 609-392-2100 | jspecf@sternslaw.com | Counsel to Doosan Infracore America Corp. |
| Stevens & Lee, P.C. | Constantine D. Pourakis, Esq. | 485 Madison Avenue | 20th Floor | New York | NY | 10022 | | 212-319-8500 | cp@stevenslee.com | Counsel to Tonolli Canada Ltd.; VJ Technologies, Inc. and V.J. ElectroniX, Inc. |
| Stinson Morrison Hecker LLP | Mark A. Shaiken | 1201 Walnut Street | | Kansas City | MO | 64106 | | 816-842-8600 | mshaiken@stinsonmoheck.com | Counsel to Thyssenkrupp Waupaca, Inc. and Thyssenkrupp Stahl Company |
| Stinson Morrison Hecker LLP | Nicholas J Zluticky | 1201 Walnut Street | Suite 2900 | Kansas City | MO | 64106 | | 816-691-3278 | nzluticky@stinson.com | Counsel to ThyssenKrupp Waupaca, Inc. |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| Stites & Harbison PLLC | Madison L.Cashman | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | robert.goodrich@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison PLLC | Robert C. Goodrich, Jr. | 424 Church Street | Suite 1800 | Nashville | TN | 37219 | | 615-244-5200 | madison.cashman@stites.com | Counsel to Setech, Inc. |
| Stites & Harbison, PLLC | W. Robinson Beard, Esq. | 400 West Market Street | | Louisville | KY | 40202 | | 502-681-0448 502-587-3400 | wbeard@stites.com loucourtsum@stites.com | Counsel to WAKO Electronics (USA), Inc.,Ambrake Corporation, and Akebona Corporation (North America) |
| Taft, Stettinius & Hollister LLP | Richard L .Ferrell | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202-3957 | | 513-381-2838 | ferrell@taftlaw.com | Counsel to Wren Industries, Inc. |
| Taft, Stettinius & Hollister LLP | W Timothy Miller Esq | 425 Walnut Street | Suite 1800 | Cincinnati | OH | 45202 | | 513-381-2838 | miller@taftlaw.com | Counsel to Select Industries Corporation and Gobar Systems, Inc. |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Ron Baskin | 3 Barker Avenue | 3rd Floor | White Plains | NY | 10601 | | 914-437-7670 | jteitelbaum@tblawllp.com rbaskin@tblawllp.com | Counsel to Mary H. Schaefer |
| Tennessee Department of Revenue | Marvin E. Clements, Jr. | c/o TN Attorney General's Office, Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 | | 615-532-2504 | agbanknewyork@ag.tn.gov | Tennesse Department of Revenue |
| Thacher Proffitt & Wood LLP | Jonathan D. Forstot | Two World Financial Center | | New York | NY | 10281 | | 212-912-7679 | jforstot@tpw.com | Counsel to TT Electronics, Plc |
| Thacher Proffitt & Wood LLP | Louis A. Curcio | Two World Financial Center | | New York | NY | 10281 | | 212-912-7607 | lcurcio@tpw.com | Counsel to TT Electronics, Plc |
| The Furukawa Electric Co., Ltd. | Mr. Tetsuhiro Niizeki | 6-1 Marunouchi | 2-Chrome, Chiyoda-ku | Tokyo | Japan | 100-8322 | | | niizeki.tetsuhiro@furukawa.co.jp | Legal Department of The Furukawa Electric Co., Ltd. |
| The Michaelson Law Firm | Robert N Michaelson | 11 Broadway Ste 615 | | New York | NY | 10004 | | 212-604-0685 | rnm@michaelsonlawfirm.com | Counsel to NXP Semiconductors USA, Inc. |
| The Timken Corporation BIC - 08 | Michael Hart | 1835 Dueber Ave. SW | PO Box 6927 | Canton | OH | 44706-0927 | | 330-438-3000 | michael.hart@timken.com | Representative for Timken Corporation |
| Thompson & Knight | Rhett G. Cambell | 333 Clay Street | Suite 3300 | Houston | TX | 77002 | | 713-654-1871 | rhett.campbell@tklaw.com | Counsel to STMicroelectronics, Inc. |
| Thompson & Knight LLP | Ira L. Herman | 919 Third Avenue | 39th Floor | New York | NY | 10022-3915 | | 212-751-3045 | ira.herman@tklaw.com | Counsel to Victory Packaging |
| Thompson & Knight LLP | John S. Brannon | 1700 Pacific Avenue | Suite 3300 | Dallas | TX | 75201-4693 | | 214-969-1505 | john.brannon@tklaw.com | Counsel to Victory Packaging |
| Thompson Coburn Fagel Haber | Lauren Newman | 55 East Monroe | 40th Floor | Chicago | IL | 60603 | | 312-346-7500 | lnewman@thompsoncoburn.com | Counsel to Aluminum International, Inc. |
| Thompson Hine LLP | Jennifer L Maffett | 2000 Courthouse Plaza NE | 10 W Second St | Dayton | OH | 45402 | | 937-443-6600 | Jennifer.Maffett@ThompsonHine.com | Counsel to Rieck Group, LLC n/k/a Mechanical Construction Managers, LLC |
| TI Group Automotive Systms LLC | Timothy M. Guerriero | 12345 E Nine Mile Rd | | Warren | MI | 48089 | | 586-755-8066 | tguerriero@us.tiauto.com | General Counsel and Company Secretary to TI Group Automotive Systems LLC |
| Todd & Levi, LLP | Jill Levi, Esq. | 444 Madison Avenue | Suite 1202 | New York | NY | 10022 | | 212-308-7400 | jlevi@toddlevi.com | Counsel to Bank of Lincolnwood |
| Todtman Nachamie Spizz & Johns PC | Janice B. Grubin | 425 Park Avenue | 5th Floor | New York | NY | 10022 | | 212-754-9400 | jgrubin@tnsj-law.com | Counsel to Vanguard Distributors, Inc. |
| U.S. Department of Justice | Matthew L Schwartz Joseph N Cordaro | Assistant United States Attorneys | 86 Chambers St 3rd Fl | New York | NY | 10007 | | 212-637-1945 | matthew.schwartz@usdoj.gov Joseph.Cordaro@usdoj.gov | Counsel to Enviromental Protection Agency; Internal Revenue Service; Department of Health and Human Services; and Customs and Border Protection |
| Underberg & Kessler, LLP | Helen Zamboni | 300 Bausch & Lomb Place | | Rochester | NY | 14604 | | 585-258-2800 | hzamboni@underbergkessler.com | Counsel to McAlpin Industries, Inc. |
| Union Pacific Railroad Company | Mary Ann Kilgore | 1400 Douglas Street | MC 1580 | Omaha | NE | 68179 | | 402-544-4195 | mkilgore@UP.com | Counsel to Union Pacific Railroad Company |

DPH Holdings Corp.
Post-Emergence 2002 List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | COUNTRY | PHONE | EMAIL | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|---|---|
| United Steel, Paper and Forestry, Rubber, Manufacturing, Energy | Allied Industrial and Service Workers, Intl Union (USW), AFL-CIO David Jury, Esq. | | Five Gateway Center Suite 807 | Pittsburgh | PA | 15222 | | 412-562-2546 | djury@usw.org | Counsel to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union (USW), AFL-CIO |
| Vedder Price PC | Stephanie K Hor Chen | 222 N LaSalle St Ste 2600 | | Chicago | IL | 60601 | | 312-609-7786 | schen@vedderprice.com | Counsel to The Intec Group, Inc. |
| Vorys, Sater, Seymour and Pease LLP | Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | | 614-464-8322 | tscobb@vorys.com | Counsel to America Online, Inc. and its Subsidiaries and Affiliates |
| Wachtell, Lipton, Rosen & Katz | Richard G. Mason | 51 West 52nd Street | | New York | NY | 10019-6150 | | 212-403-1000 | RGMason@wlrk.com | Counsel to Capital Research and Management Company |
| Warner Norcross & Judd LLP | Gordon J. Toering | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2185 | gtoering@wnj.com | Counsel to Robert Bosch Corporation; Counsel to Daewoo International Corp and Daewoo International (America) Corp |
| Warner Norcross & Judd LLP | Michael G. Cruse | 2000 Town Center | Suite 2700 | Southfield | MI | 48075 | | 248-784-5131 | mcruse@wnj.com | Counsel to Compuware Corporation |
| Warner Norcross & Judd LLP | Stephen B. Grow | 900 Fifth Third Center | 111 Lyon Street, N.W. | Grand Rapids | MI | 49503 | | 616-752-2158 | growsb@wnj.com | Counsel to Behr Industries Corp. |
| Weltman, Weinberg & Reis Co., L.P.A. | Geoffrey J. Peters | 175 South Third Street | Suite 900 | Columbus | OH | 43215 | | 614-857-4326 | gpeters@weltman.com | Counsel to Seven Seventeen Credit Union |
| White & Case LLP | Glenn Kurtz Gerard Uzzi Douglas Baumstein | 1155 Avenue of the Americas | | New York | NY | 10036-2787 | | 212-819-8200 | gkurtz@ny.whitecase.com guzzi@whitecase.com dbaumstein@ny.whitecase.com | Counsel to Appaloosa Management, LP |
| White & Case LLP | Thomas Lauria Frank Eaton | Wachovia Financial Center | 200 South Biscayne Blvd., Suite 4900 | Miami | FL | 33131 | | 305-371-2700 | tlauria@whitecase.com featon@miami.whitecase.com | Counsel to Appaloosa Management, LP |
| Whyte, Hirschboeck Dudek S.C. | Bruce G. Arnold | 555 East Wells Street | Suite 1900 | Milwaukee | WI | 53202-4894 | | 414-273-2100 | barnold@whdlaw.com | Counsel to Schunk Graphite Technology |
| Wickens Herzer Panza Cook & Batista Co | James W Moennich Esq | 35765 Chester Rd | | Avon | OH | 44011-1262 | | 440-930-8000 | jmoennich@wickenslaw.com | Counsel for Delphi Sandusky ESOP |
| Winston & Strawn LLP | David Neier Carey D. Schreiber | 200 Park Avenue | | New York | NY | 10166-4193 | | 212-294-6700 | dneier@winston.com cschreiber@winston.com | Counsel to Ad Hoc Group of Tranche A & B DIP Lenders |
| Winthrop Couchot Professional Corporation | Marc. J. Winthrop | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | mwinthrop@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Winthrop Couchot Professional Corporation | Sean A. O'Keefe | 660 Newport Center Drive | 4th Floor | Newport Beach | CA | 92660 | | 949-720-4100 | sokeefe@winthropcouchot.com | Counsel to Metal Surfaces, Inc. |
| Womble Carlyle Sandridge & Rice, PLLC | Allen Grumbine | 550 South Main St | | Greenville | SC | 29601 | | 864-255-5402 | agrumbine@wcsr.com | Counsel to Armacell |
| Womble Carlyle Sandridge & Rice, PLLC | Michael G. Busenkell | 222 Delaware Avenue | Suite 1501 | Wilmington | DE | 19801 | | | mbusenkell@wcsr.com | Counsel to Chicago Miniature Optoelectronic Technologies, Inc. |
| Woods Oviatt Gilman LLP | Ronald J. Kisinski | 700 Crossroads Bldg | 2 State St | Rochester | NY | 14614 | | 585-362-4514 | rkisicki@woodsoviatt.com | |
| Zeichner Ellman & Krause LLP | Stuart Krause | 575 Lexington Avenue | | New York | NY | 10022 | | 212-223-0400 | skrause@zeklaw.com | Counsel to Toyota Tsusho America, Inc. |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 22 of 22

8/4/2011 12:17 PM
Email (396)

# EXHIBIT B

DPH Holdings Corp.
Post-Emergence Master Service List

| COMPANY | CONTACT | ADDRESS1 | ADDRESS2 | CITY | STATE | ZIP | PHONE | PARTY / FUNCTION |
|---|---|---|---|---|---|---|---|---|
| United States Trustee | Brian Masumoto | 33 Whitehall Street | 21st Floor | New York | NY | 10004-2112 | 212-510-0500 | Counsel to United States Trustee |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/4/2011 12:18 PM
Post-Emergence Master Service List 110622.xlsx US Mail (1)

# EXHIBIT C

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re | : Chapter 11 |
| | : |
| DPH HOLDINGS CORP., et al., | : Case No. 05-44481 (RDD) |
| | : |
| | : (Jointly Administered) |
| Reorganized Debtors. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING WITH
RESPECT TO REORGANIZED DEBTORS' OBJECTION TO PROOFS OF
ADMINISTRATIVE EXPENSE CLAIM NUMBERS 19761, 19762, AND 19763

("NOTICE OF ADJOURNMENT OF CLAIMS OBJECTION HEARING --
ATS OHIO INC., ATS AUTOMATION TOOLING SYSTEMS, INC., AND
ATS MICHIGAN SALES AND SERVICES, INC.")

PLEASE TAKE NOTICE that on March 19, 2010, DPH Holdings Corp. and its affiliated reorganized debtors (the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (f/k/a In re Delphi Corporation, et al.) (collectively, the "Debtors"), objected to proofs of administrative expense claim numbers 19761, 19762, and 19763 (together, the "Claims") filed by ATS Ohio Inc. ("ATS Ohio"), ATS Michigan Sales And Services, Inc. ("ATS Michigan"), and ATS Automation Tooling Systems, Inc. ("ATS Automation" and together with ATS Ohio, and ATS Michigan, the "Claimants"), respectively, pursuant to the Reorganized Debtors' Forty-Third Omnibus Objection Pursuant To 11 U.S.C. § 503(b) And Fed. R. Bankr. P. 3007 To (I) Expunge Certain Administrative Expense (A) Severance Claims, (B) Books And Records Claims, (C) Duplicate Claims, (D) Equity Interests, (E) Prepetition Claims, (F) Insufficiently Documented Claims, (G) Pension, Benefit, And OPEB Claims, (H) Workers' Compensation Claims, And (I) Transferred Workers' Compensation Claims, (II) Modify And Allow Certain Administrative Expense Severance Claims, And (III) Allow Certain Administrative Expense Severance Claims (Docket No. 19356).

PLEASE TAKE FURTHER NOTICE that on October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

PLEASE TAKE FURTHER NOTICE that Article 9.6(a) of the Modified Plan provides that "[t]he Reorganized Debtors shall retain responsibility for administering, disputing,

2

objecting to, compromising, or otherwise resolving all Claims against, and Interests in, the

Debtors and making distributions (if any) with respect to all Claims and Interests."

PLEASE TAKE FURTHER NOTICE that on May 24, 2011, the Reorganized

Debtors filed the Notice Of Claims Objection Hearing With Respect To Reorganized Debtors'

Objection To Proofs Of Administrative Expense Claim Numbers 19761, 19762, And 19763

(Docket No. 21282), scheduling an evidentiary hearing (the "Claims Objection Hearing") on the

merits of the Claims.

PLEASE TAKE FURTHER NOTICE that on July 5, 2011, the Reorganized

Debtors filed the Notice Of Adjournment Of Claims Objection Hearing With Respect To

Reorganized Debtors' Objection To Proofs Of Administrative Expense Claim Numbers 19761,

19762, And 19763 (Docket No. 21426), scheduling the Claims Objection Hearing for August 25,

2011 at 10:00 a.m. (prevailing Eastern time) in the United States Bankruptcy Court for the

Southern District of New York, 300 Quarropas Street, Room 118, White Plains, New York

10601-4140.

PLEASE TAKE FURTHER NOTICE that pursuant to paragraph 9(a)(ii) of the

Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006,

9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II)

Certain Notices And Procedures Governing Objections To Claims, entered December 7, 2006

(Docket No. 6089) (the "Claims Objection Procedures Order"), the Order Pursuant To 11 U.S.C.

§§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address

Contested Administrative Expense Claims entered October 22, 2009 (Docket No. 18998), and

the Fifteenth Supplemental Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P.

2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings

3

Regarding Objections To Claims And (II) Certain Notices And Procedures Governing

Objections To Claims (Docket No. 21252), the Claims Objection Hearing is hereby adjourned to

September 22, 2011, at 10:00 a.m. (prevailing Eastern time).


Dated:    New York, New York
          August 2, 2011

                              SKADDEN, ARPS, SLATE, MEAGHER
                                 & FLOM LLP


                              By:   /s/ John K. Lyons
                                 _____
                                 John Wm. Butler, Jr.
                                 John K. Lyons
                                 Ron E. Meisler
                              155 North Wacker Drive
                              Chicago, Illinois 60606


                                 - and -


                              Four Times Square
                              New York, New York 10036

                              Attorneys for DPH Holdings Corp., et al.,
                                 Reorganized Debtors


4

# EXHIBIT D

**Hearing Date And Time:  August 25, 2011 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time:  August 18, 2011 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
    Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :
         In re                     :    Chapter 11
                             :
DPH HOLDINGS CORP., et al.,      :    Case No. 05-44481 (RDD)
                             :
                             :    (Jointly Administered)
           Reorganized Debtors.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REORGANIZED DEBTORS' MOTION UNDER 11 U.S.C. § 105 AND FED. R. BANKR. P. 9014
FOR LEAVE TO (I) SUPPLEMENT THE RECORD OF THE JUNE 21, 2011 HEARING AND
(II) FILE THE REORGANIZED DEBTORS' STATEMENT REGARDING
<u>SERVICE OF THE FINAL EXTENSION MOTION</u>

DPH Holdings Corp. ("DPH Holdings"), on behalf of itself and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly known as Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (the "Motion"), and respectfully represents as follows:

<u>Background</u>

1.     On June 21, 2011, this Court heard oral argument on the Reorganized Debtors' Motion For Leave To File Amended Complaints (Docket No. 20575).  During that hearing, this Court instructed the preference defendants that had not already done so, to submit affidavits or declarations regarding such "defendants' assertion of their facts as to notice" with respect to the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion (Docket No. 18952) (the "Final Extension Motion")[1] and for the Reorganized Debtors to respond to such affidavits. (Hr'g Tr. 310:14-16, Jun. 21, 2010).

<u>Relief Requested</u>

2.     By this Motion, the Reorganized Debtors' request that this Court permit the Reorganized Debtors to file a statement, attached hereto as <u>Exhibit A</u> (the "Statement"), so as to supplement the information provided to the Court at the June 21, 2011, hearing, concerning notice of the Final Extension Motion.  The Statement was prepared with assistance of counsel responsible for the service and prosecution of the Final Extension Motion.

---

[1]     Capitalized terms used and not defined in this statement have the meanings ascribed to them in the Final Extension Motion.

2

<u>Basis for Relief</u>

3.      At the June 21, 2011, hearing, there apparently was some confusion regarding the scope of notice authorized by the Court with respect to the Final Extension Motion. Further, numerous preference defendants have now taken the position that service of the Final Extension Motion was improper.  That assertion, however, is incorrect.  The Debtors believe that the Statement will be helpful in demonstrating this fact by providing the complete history regarding service of the Final Extension Motion.

4.      The Statement is also responsive to this Court's request that the Debtors submit information describing the "spectrum" of notice provided to the various preference defendants.  (Hr'g Tr. 307-309; Jun. 21, 2010).

5.      In accordance with the Court's request, the Reorganized Debtors' special counsel for avoidance actions will file an omnibus response responding to allegations in the preference defendants' declarations that such defendant did not receive notice of the Final Extension Motion.   As set forth in the omnibus response, the preference defendants' objections regarding lack of notice of the Final Extension Motion should be overruled.  In addition, the Reorganized Debtors are hereby requesting leave to file the Statement prepared with the assistance of counsel responsible for service and prosecution of the Final Extension Motion.  The Reorganized Debtors believe that this statement provides a critical supplement to the notice information requested by the Court.  The statement places the Final Extension Motion in context by describing the relevant proceedings over the course of more than two years that led to the motion, and demonstrates that limited service of the Final Extension Motion was both proper and transparent.  Accordingly, the Court should grant the Reorganized Debtors request to file the statement and supplement the record concerning notice of the Final Extension Motion.

3

<u>Notice</u>

6.      Notice of this Motion has been provided in accordance with the
Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,
9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,
And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Twenty-
Third Supplemental Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bankr. P. 2002(m),
9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case
Management, And Administrative Procedures, entered May 3, 2011 (Docket No. 21251).  Based
on the information provided by special counsel handling the Adversary Proceedings, notice of
this Motion was given to all remaining preference defendants currently subject to a pending
Adversary Proceeding.  In light of the nature of the relief requested, the Reorganized Debtors
submit that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtors respectfully request that this Court (a) permit the Reorganized Debtors to supplement the record with respect to the hearing held on June 21, 2011 and (b) permit the Reorganized Debtors to file a statement regarding service of the Final Extension Motion.

Dated:   New York, New York
         August 2, 2011

                        SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP


                        By:   /s/ John Wm. Butler, Jr.
                              John Wm. Butler, Jr.
                              John K. Lyons
                              Albert L. Hogan III
                              Ron E. Meisler
                        155 North Wacker Drive
                        Chicago, Illinois 60606

                              - and -

                        Four Times Square
                        New York, New York 10036

                        Attorneys for DPH Holdings Corp., et al.,
                            Reorganized Debtors

# Exhibit A

Hearing Date and Time:  August 25, 2011 at 10:00 a.m. (prevailing Eastern time)

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan, III
Ron E. Meisler

       - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
 Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                          :
        In re                                             :        Chapter 11
                                                          :
DPH HOLDINGS CORP., et al.,                               :        Case No. 05-44481 (RDD)
                                                          :
              Reorganized Debtors.                        :        (Jointly Administered)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

REORGANIZED DEBTORS' STATEMENT IN OPPOSITION TO DECLARATIONS FILED
BY CERTAIN PREFERENCE DEFENDANTS REGARDING SERVICE OF THE
SUPPLEMENTAL POSTCONFIRMATION EXTENSION OF
AVOIDANCE ACTION SERVICE DEADLINE MOTION

(REORGANIZED DEBTORS' 4(M) SERVICE STATEMENT)

DPH Holdings and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), formerly known as Delphi Corporation and certain of its subsidiaries and affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submit this statement concerning the declarations filed by certain preference defendants (the "Declarations") regarding service of the Supplemental Postconfirmation Extension of Avoidance Action Service Deadline Motion (Docket No. 18952) (the "Final Extension Motion"),[1] attached as <u>Exhibit A</u> hereto.

## INTRODUCTION

1.        This Statement responds to allegations in the Declarations that the Debtors' service of the Final Extension Motion was improper because certain preference defendants were not served with the Final Extension Motion and service was not in accord with the Supplemental Case Management Order (defined below).  This Statement has been prepared with the assistance of the Reorganized Debtors' counsel of record that was responsible for service and prosecution of the Final Extension Motion in the Debtors' consolidated cases in October 2009.  Such counsel did not participate in the June 21, 2011 hearing regarding individual adversary proceedings (which have been prosecuted since 2009 by special counsel) at which hearing there was apparently some confusion regarding the scope of notice authorized by this Court with respect to the Final Extension Motion.  Because these issues were left unresolved at the conclusion of the June 21 hearing, the Reorganized Debtors' have compiled the relevant history to show that service of the Final Extension Motion was both proper and transparent.

---

[1]      Capitalized terms used and not defined in this statement have the meanings ascribed to them in the Final Extension Motion.

2.      Like each of the predecessor extension motions filed in the Reorganized

Debtors' consolidated chapter 11 cases, the Final Extension Motion was *not* served on individual

preference defendants *except* with respect to a very small list of defendants to whom service was

directed by the Court and those parties with potential preference exposure that had determined to

monitor the Debtors' chapter 11 cases and receive notices through the master or 2002 service lists

by filing an appearance in the Debtors' chapter 11 cases.  This limited service of the Final

Extension Motion was not improper; to the contrary, the Final Extension Motion, like every

other extension motion, was, by definition, an *ex parte* proceeding, the service scheme was

identical with every other extension motion, had been established by disclosure and discussion

with the Court, and the order approving the Final Extension Motion—just like all prior extension

orders—provided that the preference defendants would *not* receive service of that order until

they were served with a complaint.

3.      Indeed, to have required immediate service of the Final Extension Motion

on all preference defendants in October 2009 would have defeated the very purpose of the Final

Extension Motion, which, like the previous extension motions, was to keep the complaints sealed

and avoid unnecessary litigation costs while the Debtors determined whether or not they would

proceed with various preference actions.  The fact that the Reorganized Debtors ultimately

proceeded with the prosecution of most of the remaining avoidance actions does not vitiate either

the good cause demonstrated at the October 2009 hearing, or the relief granted by this Court with

respect to the Final Extension Motion.

## BACKGROUND

4.      <u>Preservation of Estate Claims Procedures Order</u>.  On August 16, 2007, the

Court entered the Preservation of Estate Claims Procedures Order (Docket No. 9105) which,

3

among other things, (i) authorized the Debtors to file complaints in the adversary proceedings

pertaining to avoidance actions under seal, (ii) stayed each adversary action unless and until the

Debtors made service of process on the respective defendants, and (iii) extended to March 31,

2008, the deadline under Federal Rule of Civil Procedure 4(m) by which the Debtors would have

to serve process, so that the complaints would not be subject to dismissal under Federal Rule of

Civil Procedure 4(m).  (Preservation of Estate Claims Procedures Order ¶¶ 7-9, attached as

Exhibit B hereto.)  Such relief was intended to allow the Debtors to "preserve potentially

valuable assets without disrupting the plan process or existing business relationships prematurely

or prejudicing the rights of any defendants."  (Preservation of Estate Claims Procedures Motion ¶

34 (Docket No. 8905), attached as Exhibit C hereto.)  In addition, while the Preservation of

Estate Claims Procedures Motion was served on only the master and 2002 service lists[2] (Aff. of

Serv. (Docket No. 9039)), the Preservation of Estate Claims Procedures Order provided that:

"The Debtors must serve a copy of this order upon each defendant in any Adversary Proceeding

*either when the Debtors serve a summons and complaint on the defendant or as soon thereafter*

*as practicable*."  (Preservation of Estate Claims Procedures Order ¶ 11 (emphasis added).)  In

accordance with the Preservation of Estate Claims Procedures Order, the Debtors commenced

742 adversary proceedings (the "Adversary Proceedings") by filing complaints under seal.  None

of those complaints, however, were served at that time.

     5.     First Extension Motion. As the March 31, 2008, deadline to serve

complaints in the Adversary Proceedings approached, the Debtors had not yet substantially

---

[2]    Based on the information provided by special counsel handling the Adversary Proceedings, preference defendants—or their counsel either directly or indirectly by notice to such counsel's firm—in 19 of the 77 remaining Adversary Proceedings received actual notice of the Preservation of Estate Claims Procedures Motion (14 on the master or 2002 service lists, 9 by electronic notification through the Court's ECF system—4 received both forms of notice).

4

consummated a plan of reorganization.  The Debtors, therefore, filed the Extension of Avoidance

Action Service Deadline Motion (Docket No. 12922) (the "First Extension Motion"), attached as

Exhibit D hereto, seeking to extend the deadline to serve complaints by two months to May 31,

2008.  In addition, the First Extension Motion—like all subsequent extension requests, including

the Final Extension Motion—provided that notice of the motion had been provided in

accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr.

P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice,

Case Management, And Administrative Procedures (Docket No. 2883) (the "Supplemental Case

Management Order") .  (First Extension Motion ¶ 26.)  The underlying predicate in this

representation was the Debtors' good faith belief that the Supplemental Case Management Order

should not be interpreted to require service of process on defendants that were party to sealed

actions for which the Debtors were seeking procedural extensions of time to serve the complaints

and summons.

6.        At all relevant times, the Debtors were completely and publicly

transparent about their interpretation of the Supplemental Case Management Order.  Their

interpretation is further supported by Bankruptcy Rule 9006(b)(1) which did not require the

Debtors to serve the extension motions.  See Law Debenture Trust Co. v. Calpine Corp. (In re

Calpine Corp.) 356 B.R. 585, 595 (S.D.N.Y. 2007); Kernisant v. City of New York, 225 F.R.D.

422, 431 n.13 (E.D.N.Y. 2005); Brady v. Marks, 7 F. Supp. 2d 247 255 (W.D.N.Y. 1998).  This

additional authority was specifically cited in each of the extension motions subsequent to the

First Extension Motion in a further effort to be completely transparent.  Moreover, as early as the

hearing on the First Extension Motion, the Debtors and the Court engaged in specific discussions

regarding the scope of notice of the extension motions.  Indeed, at the hearing on the First

5

Extension Motion, the Court specifically asked the Debtors whether the preference defendants

that were named as retained actions under the Confirmed Plan had received notice of the First

Extension Motion.  The Debtors responded that such defendants "would have *not* gotten

individualized notice unless they were on the 2002 list."[3]  (Hr'g Tr. 23:19-21, Mar. 19, 2008,

relevant excerpts of which are attached as <u>Exhibit E</u> hereto (emphasis added).)  The Debtors

further explained that defendants were not served because they were not aware of the existence

of the complaints.  <u>Id.</u> 23:23-24.  Taking these statements under advisement, the Court instructed

the Debtors to settle the order approving the First Extension Motion on parties whose identities

were publicly disclosed among the retained causes of action listed on Exhibit 7.24 of the

Confirmed Plan—Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co., Inc.  (<u>See</u> Hr'g Tr. 24:7-10, Mar. 19, 2008.)  As to preference defendants in the

other 741 Adversary Proceedings, most of which did not receive service of the First Extension

Motion, the Court noted that: "With regard to the vast majority [of Adversary Proceedings], all

the others, clearly there's a good basis for not activating that litigation.  It would be moot upon

consummation of the plan."  <u>Id.</u> 24:12-14.  To which the Debtors' counsel responded: "And the

existence of those folks is obviously that the exhibit to the plan is public.  So everyone knows

what that retention is."  <u>Id.</u> 24:15-17.  The Court agreed.  <u>Id.</u> 24:19.

       7.      Accordingly, on March 20, 2008, the Debtors filed a notice of presentment

(Docket No. 13190) with respect to the order approving the First Extension Motion.  No party

objected.  The Court therefore entered an order approving the First Extension Motion (Docket

---

[3]    Based on the information provided by special counsel handling the Adversary Proceedings, preference
defendants—or their counsel either directly or indirectly by notice to such counsel's firm—in 21 of the 77
remaining Adversary Proceedings received actual notice of the First Extension Motion (14 on the master or
2002 service lists and 12 by electronic notification through the Court's ECF system—5 received both forms of
notice).  No objections were filed by anyone with respect to the First Extension Motion.

No. 13277), attached as <u>Exhibit F</u> hereto, which provided that "The Debtors shall serve a copy of

this order upon each defendant in any Adversary Proceeding either when the Debtors serve a

summons and complaint on such defendant or as soon thereafter as practicable."  (Extension of

Avoidance Action Service Deadline Order ¶ 2.)  Additionally, based on the exchange with the

Court regarding Laneko Engineering Co., Bank, National Association, and Laneko Engineering

Co., Inc., the Debtors served these three parties in connection with all subsequent extension

requests and included them in the notice sections of the corresponding motions.

       8.    <u>Second Extension Motion</u>.  On April 10, 2008, after the Debtors' plan

investors failed to participate in a closing and fulfill their obligations to fund the Confirmed Plan,

the Debtors filed a motion (Docket No. 13361) (the "Second Extension Motion"), attached as

<u>Exhibit G</u> hereto, seeking to extend the service deadline from May 31, 2008, to a date thirty days

after substantial consummatio of the Confirmed Plan or any modified plan.  The Debtors served

the Second Extension Motion upon the master and 2002 service lists, as well as Laneko

Engineering Co., Wachovia Bank, National Association, and Laneko Engineering Co., Inc.[4]  The

Second Extension Motion again stated that notice of the motion was provided in accordance with

the Supplemental Case Management Order and, further, that notice of the motion also was

provided to the three individual preference defendants.  (Second Extension Motion ¶ 27.)  This

additional disclosure regarding notice to Laneko Engineering Co., Wachovia Bank, National

Association, and Laneko Engineering Co., Inc. is consistent with the Debtors' interpretation of

the requirements of the Supplemental Case Management Order as it pertained to the various

---

[4]    Based on the information provided by special counsel handling the Adversary Proceedings, preference
defendants—or their counsel either directly or indirectly by notice to such counsel's firm—in 21 of the 77
remaining Adversary Proceedings received actual notice of the Second Extension Motion (14 on the master or
2002 service lists or by individual service and 12 by electronic notification through the Court's ECF system—5
received both forms of notice).  No objections were filed by anyone with respect to the Second Extension
Motion.

extension motions and as discussed with the Court.  Indeed, the disclosure of service on the three

parties mandated by the Court in the prior hearing would have been meaningless if the Debtors

had served all of the preference defendants.

        9.     At the hearing on the Second Extension Motion, the Debtors again raised

the issue of service and informed the Court that:

> We did give some specific notice in connection with [the Second Extension
> Motion], Your Honor.  We gave notice of the motion to [Laneko] Engineering
> Company, Wachovia Bank National Association and the master service list and
> the 2002 list.  The reason that we gave specific notice to [Laneko] and Wachovia
> was because those were the only two parties that had been identified under
> Exhibit 7.24 of the plan as having the avoidance actions preserved under the plan
> and, therefore, we gave particularized notice to them of the relief sought by the
> debtors.  We have not given notice to the 742 other defendants therein which are
> under seal and it was not served on those defendants except to the extent those
> defendants already had placed themselves on either the master service list or the
> 2002 list.

(Hr'g Tr. 11:18-12:5, Apr. 30, 2008, relevant excerpts of which are attached as <u>Exhibit H</u> hereto.)

The Court concluded that:

> Except for the notice you did give I don't think any further notice is necessary
> under the plain terms of 9006 and the cause is obviously that the analysis so far
> that's presented in the motion is the same as it was when the motion was
> originally granted which is that these causes of action are being preserved in light
> of the limitations period, however, it's not presently contemplated that they will
> be pursued, although obviously the preservation of them means that they may be
> pursued but given that there's no reason for either the debtors or the potential
> defendants to start to have to incur any costs in connection with the litigation . . .
> cause is shown under Rule 4(m) and 9006.

<u>Id.</u> 12:17-13:3.  As a result, the order approving the Second Extension Motion (Docket No.

13484), attached as <u>Exhibit I</u> hereto, again provided that "The Debtors shall serve a copy of this

order upon each defendant in any Adversary Proceeding either when the Debtors serve a

summons and complaint on such defendant or as soon thereafter as practicable."

(Postconfirmation Extension of Avoidance Action Service Deadline Order ¶ 2.)

10.    <u>Modified Plan</u>.  On July 30, 2009, the Court entered an order approving the Modified Plan (Docket No. 18707).  Among the various modifications to the Confirmed Plan, the Modified Plan provided for the retention of 177 of the 742 Adversary Proceedings.  (<u>See</u> Modified Plan Ex. 7.19. ¶ 6.)  At the time, the Debtors were considering whether to retain special counsel to prosecute the retained Adversary Proceedings and had not yet decided to proceed in any of the Adversary Proceedings.  In accordance with paragraph 2 of the order approving the Second Extension Motion, the Debtors therefore determined to keep the retained Adversary Proceedings sealed until after substantial consummation of the Modified Plan.

11.    <u>Final Extension Motion</u>.  As the Debtors approached the effective date of the Modified Plan in October 2009, it became clear that facilitating the complex transactions provided for under the Modified Plan and the Master Disposition Agreement would consume most of the Reorganized Debtors' time and resources in the immediate wake of their emergence from chapter 11.  (Final Extension Motion ¶ 17.)  These restraints were particularly onerous once it was determined that the Reorganized Debtors would have only a single employee and that a separate law firm would pursue the Adversary Proceedings.  (Hr'g Tr. 5:10-18, Oct. 22, 2009, attached as <u>Exhibit J</u> hereto).  Although the Debtors had narrowed the number of Adversary Proceedings from 742 to 177, the Debtors concluded that an additional extension was necessary to evaluate the remaining Adversary Proceedings and determine whether to proceed with litigation.  Accordingly, on October 2, 2009, the Debtors filed the Final Extension Motion seeking a further extension of the service deadline from 30 days to 180 days after the effective date of the Modified Plan.  The underlying rationale for the Final Extension Motion remained the same as prior extensions.  The Debtors believed that, given additional time to evaluate the 177 retained Adversary Actions, the Reorganized Debtors might elect not to pursue certain

preference claims, thereby avoiding unnecessary litigation and the corresponding costs to both

the Reorganized Debtors and preference defendants.  (Final Extension Motion ¶ 18.).

          12.     Upon filing the Final Extension Motion, the Debtors served the parties

listed on the master and 2002 lists, as well as the special parties that the Court required be served

in connection with the First Extension Motion and the Second Extension Motion (i.e., Laneko

Engineering Co., Wachovia Bank, National Association, and Laneko Engineering Co., Inc.).

(Final Extension Motion ¶ 24.)  Like the previous extension motion, the Final Extension Motion

stated that notice of the motion had been provided in accordance with the Supplemental Case

Management Order.  Once again, the Final Extension Motion also stated that notice of the

motion was provided to Laneko Engineering Co., Wachovia Bank, National Association, and

Laneko Engineering Co., Inc.  As explained above, naming these three parties would have been

meaningless if the Debtors had served every one of the remaining preference defendants. The

Debtors did not individually serve any of the other preference defendants in the Adversary

Proceedings with the Final Extension Motion.  Nevertheless, based on the information provided

by special counsel handling the Adversary Proceedings, preference defendants—or their counsel

either directly or indirectly by notice to such counsel's firm—in 22 of the 77 remaining

Adversary Proceedings received actual notice of the Final Extension Motion (12 on the master or

2002 service lists or by individual service and 19 by electronic notification through the Court's

ECF system—7 received both forms of notice).[5]  Consistent with the record in the chapter 11

cases with respect to the prosecution of the First and Second Extension Motions, counsel to the

Reorganized Debtors noted on the record at the hearing on the Final Extension Motion that

---

[5]    As with the prior extension motions, no objections were filed by *anyone* with respect to the Final Extension
Motion.

service had been completed "in the usual fashion."  (Hr'g Tr. 5:21, Oct. 22, 2009.)  Approving

the Final Extension Motion, the Court observed that:

> Obviously the debtors' decision to proceed this way is borne out by the fact that
> the vast majority of these cases have already been, effectively, booted out.  And
> as the motion states, the potential plaintiff, here, certainly should have a little
> more time to analyze whether it makes sense to bring the remaining lawsuits or
> only some of them before DPH and the defendants incur additional costs.

Id. 6:20-7:1.  And, once again, the order approving the Final Extension Motion (Docket No.

18999) provided that "The Debtors shall serve a copy of this order upon each defendant in any

Adversary Proceeding *either when the Debtors serve a summons and complaint on such*

*defendant or as soon thereafter as practicable.*"[6]  (Postconfirmation Extension of Avoidance

Action Service Deadline Order (Docket No. 18999) ¶ 2, attached as <u>Exhibit K</u> hereto (emphasis

added).)

## STATEMENT

13.    Although the treatment of the Adversary Proceedings had changed since

the Court granted earlier extensions—the Modified Plan, unlike the Confirmed Plan,

contemplated that the Reorganized Debtors would pursue at least some of the undisclosed

Adversary Proceedings—the rationale for keeping complaints sealed and withholding notice to

undisclosed preference defendants remained the same at the time of the Final Extension Motion.

The Debtors already had made the decision not to pursue the substantial majority of the

Adversary Proceedings by retaining only 177 of the 742 Adversary Proceedings, and believed

that further resources of both the Reorganized Debtors and the preference defendants could be

saved by giving the Reorganized Debtors additional time with its recently retained special

---

[6]    To be sure, this requirement to serve preference defendants along with the complaint would have been
redundant if all preference defendants were required to receive service at the time of the hearing.

counsel to assess the remaining Adversary Proceedings and potentially avoid unnecessary litigation. The Debtors' demonstration of good cause in connection with the Final Extension Motion cannot be vitiated because the Reorganized Debtors, with the benefit of additional time, determined that it was in the Debtors best interests to pursue the retained Adversary Proceedings.

14.     As set forth above, the lack of notice to preference defendants prior to the hearing on the Final Extension Motion was not the result of any dereliction by the Debtors. In fact, as described above, notice of the Final Extension Motion was made in the same manner as notice of each of the First and Second Extension Motions under Federal Rule of Civil Procedure 4(m), including identically phrased references to the Supplemental Case Management Order. By confirming at the hearing on the Final Extension Motion that notice of the Final Extension Motion was provided "in the usual fashion," the Debtors did nothing more than confirm the scope and method of process that had been reviewed with and approved by the Court in respect of the trilogy of 4(m) extension motions. As explained herein, the Debtors had consistently and candidly disclosed that this description of the service of the motions specifically did *not* include service on the preference defendants whose complaints remained under seal, and who were not otherwise on the master or 2002 service lists (except as otherwise specifically required by the Court).

15.     Accordingly, notice of each of the First, Second, and Final Extension

Motions was consistent with the Preservation of Estate Claims Procedures Order and the

statements made on the record at the hearings on those motions.  Any assertion to the contrary in

the Declarations is incorrect.


Dated: New York, New York
       August 2, 2011

                                        SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM LLP

                                By:  /s/ John Wm. Butler, Jr.
                                     John Wm. Butler, Jr.
                                     John K. Lyons
                                     Albert L. Hogan, III
                                     Ron E. Meisler
                                     155 North Wacker Drive
                                     Chicago, Illinois 60606

                                         - and -

                                     Four Times Square
                                     New York, New York 10036

                                     Attorneys for DPH Holdings Corp., et al.,
                                      Reorganized Debtors

# EXHIBIT A

**Supplemental Postconfirmation Extension
of Avoidance Action Service
Deadline Motion**

**Hearing Date And Time: October 22, 2009 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: October 15, 2009 at 4:00 p.m. (prevailing Eastern time)**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Ron E. Meisler


      - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti

Attorneys for Delphi Corporation, et al.,
      Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                              :
      In re                                   :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                                              :    (Jointly Administered)
      Debtors.                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

SUPPLEMENTAL MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("SUPPLEMENTAL POSTCONFIRMATION EXTENSION OF AVOIDANCE
ACTION SERVICE DEADLINE MOTION")


0544481091002000000000003

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Supplemental Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1)

And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In

Connection With Preservation Of Estate Claims Procedures Order (the "Motion"), and

respectfully represent as follows:

<u>Background</u>

A.      <u>The Chapter 11 Filings</u>

1.      On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.      No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors (the "Creditors' Committee").  On April 28, 2006, the U.S.

Trustee appointed an official committee of equity holders, which was disbanded on April 24,

2009.  On February 26, 2009, the U.S. Trustee appointed an official committee of retired

employees to represent certain of the Debtors' current active salaried employees, retirees, and

their spouses for certain limited purposes.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

2

4.      The statutory predicates for the relief requested herein are rules 7004 and

9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 4(m) of

the Federal Rules of Civil Procedure.

B.      <u>Plan Confirmation And Postconfirmation Matters</u>

5.      On December 10, 2007, the Debtors filed their first amended joint plan of

reorganization (Docket No. 11386) (the "Plan") and related disclosure statement (Docket No.

11388).  On January 25, 2008, the Court entered an order (Docket No. 12359) (the

"Confirmation Order") confirming the Plan, as modified (the "Confirmed Plan").  The

Confirmation Order became final on February 4, 2008.

6.      During the fall of 2008 the Debtors formulated certain modifications to the

Confirmed Plan.  On October 3, 2008, Delphi filed a motion under 11 U.S.C. § 1127 for an order

approving these modifications and also sought approval of a related disclosure statement and

procedures for re-soliciting votes on the Confirmed Plan, as modified (Docket No. 14310) (the

"Plan Modification Motion").  Subsequently, however, substantial uncertainty and significant

decline in capacity in global debt and equity markets, the global economic downturn generally,

and an unprecedented decline in global automotive production volumes adversely impacted

Delphi's ability to develop a revised recapitalization plan and successfully consummate the

modified plan of reorganization.  Moreover, as a result of market turbulence, the Debtors were

unable to extend the maturity date of their DIP credit facility (the "DIP Facility") on terms

reasonably acceptable to the Debtors and their other stakeholders.  Accordingly, with the support

of the administrative agent (the "DIP Agent") and the requisite lenders under the DIP Facility,

the Debtors entered into an accommodation agreement (as subsequently amended) to allow the

Debtors, among other things, to continue using certain of the proceeds of the DIP Facility.

3

7.     On June 1, 2009, the Debtors filed a supplement to the Plan Modification

Motion (the "Motion Supplement") which sought approval of certain additional modifications to

the Confirmed Plan (the "Modified Plan") as well as supplemental disclosure and procedures for

re-soliciting votes on the Modified Plan.  The Motion Supplement was approved, with

modifications, by order entered June 16, 2009 (the "Modification Procedures Order") and was

later supplemented and amended by orders entered June 29, 2009 (Docket No. 17376), July 17,

2009 (Docket No. 18352), and July 21, 2009 (Docket No. 18551).

8.     Also on June 1, 2009, while facing the most difficult economic period in

decades with the most precipitous drop in U.S. vehicle sale volumes in half a century, Delphi

reached an agreement to effect its emergence from chapter 11 through a transaction with

Parnassus Holdings II, LLC ("Parnassus"), an affiliate of Platinum Equity, and with the support

of GM Components Holdings LLC ("GM Components"), an affiliate of GM.  In the exercise of

the Debtors' fiduciary responsibilities to maximize the value of their estates for the benefit of all

of their stakeholders, the Debtors executed an agreement (the "Platinum-GM MDA") to reflect

the foregoing transactions through a plan of reorganization.  The agreement and the changes to

the Confirmed Plan were filed as part of the Motion Supplement on June 1, 2009.

9.     The Modification Procedures Order, among other things, authorized the

Debtors to commence solicitation of votes on the Modified Plan and set forth a comprehensive

set of supplemental procedures for evaluating non-solicited alternative transactions to the

Platinum-GM MDA (as supplemented and amended, the "Supplemental Procedures").  The

Supplemental Procedures provided for, among other things, an auction open to DIP Lenders

making a Pure Credit Bid (as defined therein) and other Qualified Bidders (as defined therein).

10.     Pursuant to the Supplemental Procedures, the Debtors held an auction on

July 26 and 27, 2009 (the "Auction") at which the DIP Agent submitted a Pure Credit Bid on

4

behalf of the DIP Lenders that was supported by the requisite majority of the two most senior

tranches of the DIP Facility (the "Required Lenders").  The Pure Credit Bid involved a credit bid

of 100% of the principal and interest due and owing in respect of the DIP Facility under the DIP

Credit Agreement (after giving effect to the application of any cash collateral to the DIP Facility)

and was based upon an alternative Master Disposition Agreement (the "Master Disposition

Agreement") pursuant to which DIP Holdco 3, LLC ("DIP Holdco 3") would replace Parnassus

as a purchaser, subject to the terms of the Master Disposition Agreement.  DIP Holdco 3 is an

entity controlled by certain of the DIP lenders that together constitute the Required Lenders

under the DIP Facility.  At the conclusion of the Auction, after careful consideration, Delphi's

board of directors determined that the Pure Credit Bid was superior to the Platinum-GM MDA,

and approved it, subject to the parties' reaching a final agreement as to the terms and conditions

of the Modification Approval Order and other items.  Subsequently, the Debtors made certain

further modifications to the Modified Plan to address the results of the Auction.

        11.     After holding a final plan modification hearing on July 29 and 30, 2009,

the Court entered an order approving the Modified Plan (Docket No. 18707) on July 30, 2009.

Upon the effectiveness of the Modified Plan, Delphi will contemporaneously effectuate

transactions, including the Master Disposition Agreement, through which DIP Holdco 3 will

operate Delphi's U.S. and non-U.S. businesses going forward with $3.6 billion in emergence

capital and capital commitments but without the labor-related legacy costs associated with the

North American sites which, together with Delphi's global steering business, are being acquired

by GM Components.  DPH Holdings Corporation ("DPH Holdings") will emerge as a

reorganized entity that retains certain residual non-core and non-strategic assets and liabilities

that are expected to be divested over time.

12.     Consummation of these transactions through the Modified Plan, which

embodies concessions made by parties-in-interest to resolve these chapter 11 cases, will provide

for the satisfaction of all of the Debtors' administrative claims, secured claims, and priority

claims and a potential distribution to holders of general unsecured claims.  Moreover, Delphi's

emerging businesses, through GM Components and DIP Holdco 3, will continue to develop and

deliver high-quality products to their customers globally.

C.     The Establishment Of Procedures to Preserve Estate Claims

13.     Before the entry of the Confirmation Order, this Court on August 16, 2007

entered that certain Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a)

And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into

Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing

Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing

Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under

11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Order")

(Docket No. 9105).  On March 28, 2008, this Court entered the Order Pursuant To Fed. R. Bankr.

P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For

Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order

(Docket No. 13277) (the "Deadline Extension Order").

14.     The purpose of the Preservation Of Estate Claims Procedures Order was

two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue (or abandon)

certain avoidance actions before the then-impending expiration of the two-year statute of

limitations to file such actions; on the other hand, it established procedures to avoid having to

force all potential defendants to retain counsel and defend against the adversary proceedings

when, in fact, the Debtors anticipated that most of them would be resolved upon the Debtors'

6

emergence from chapter 11 and thus never pursued.  To that end, the Preservation Of Estate

Claims Procedures Order and the Deadline Extension Order (i) allowed the Debtors to file

adversary proceeding complaints under seal, (ii) directed the Clerk of Court to delay issuing

summonses for complaints unless and until the Debtors notified the Clerk of Court of their intent

to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors make

service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ.

P. 4(m) by which the Debtors would have to serve process to May 31, 2008, so that the

complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  Such relief was

intended to allow the Debtors to preserve potentially valuable assets without disrupting the

Confirmed Plan process or business relationships or prejudicing the rights of any defendants.  In

accordance with the Preservation Of Estate Claims Procedures Order, the Debtors commenced

742 adversary proceedings (the "Adversary Proceedings") by filing complaints under seal.

15.    On April 10, 2008, after the Debtors' plan investors failed to participate in

a closing and fulfill their obligations to fund the Confirmed Plan, the Debtors filed a Motion

Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed R. Civ. P. 4(m) To Extend

Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of

Estate Claims Procedures Order (the "Postconfirmation Extension Motion") (Docket No. 13361),

seeking to extend the service deadline set forth in the Deadline Extension Order until 30 days

after substantial consummation of the Confirmed Plan or any modified plan.  The Court granted

this extension by order entered April 30, 2008 (the "Postconfirmation Extension Order") (Docket

No. 13484).

<u>Relief Requested</u>

16.    By this Motion, the Debtors request entry of an order under Bankruptcy

Rule 9006(b)(1) and Federal Rule Of Civil Procedure 4(m), made applicable by Bankruptcy

7

Rule 7004(a), to further extend the deadline by which the Debtors would be required to serve a

summons and complaint upon each defendant under the Preservation Of Estate Claims

Procedures Order, as modified by the Deadline Extension Order and the Postconfirmation

Extension Order.  Specifically, the Debtors request that the existing service deadline set forth in

the Deadline Extension Order be extended to 180 days after substantial consummation of the

Modified Plan.

<u>Basis For Relief</u>

        17.    A further extension of the time for service in the Adversary Proceedings is

necessary due to the complex nature of the transactions set forth in the Modified Plan and the

Master Disposition Agreement.  At the time of the Debtors' request to extend their Fed. R. Civ. P.

4(m) deadline to serve defendants in the Adversary Proceedings until 30 days after substantial

consummation of a plan of reorganization, the Confirmed Plan contemplated that the Debtors

would maintain essentially the same identity and corporate organization following substantial

consummation and that the reorganized company would retain few causes action.  As noted

above, however, the transaction set forth in the Modified Plan and the Master Disposition

Agreement divides the Debtors' business among three separate parties: DPH Holdings LLC, GM

Components, and DIP Holdco 3.  The Debtors anticipate that, in the months following

effectiveness of the Modified Plan, a significant amount of time and resources will be devoted to

supporting the transition of operations among these three entities and implementing the Modified

Plan.  Moreover, Exhibit 7.19 of the Modified Plan lists significantly more causes of action that

will be retained by DPH Holdings than originally retained under the Confirmed Plan, including

177 of the Adversary Proceedings filed under seal (the "Retained Adversary Proceedings").[1] Consequently, the Debtors do not believe that DPH Holdings will be able to evaluate each of the retained Adversary Proceedings – for example, to assess the ongoing relationship with certain defendants and whether events since initiating the Adversary Proceedings have impacted the Debtors' estimated recoveries – and make a determination whether to pursue such Adversary Proceedings within 30 days after substantial consummation of the Modified Plan.

18.    In addition, the extension now sought in this Motion will relieve the Debtors and defendants in the Adversary Proceedings from incurring unnecessary costs. Although the Debtors ultimately may determine not to prosecute certain of the Adversary Proceedings listed on Exhibit 7.19 of the Modified Plan, the Debtors would have to effect service to each of the 177 Retained Adversary Proceedings soon after substantial consummation to allow the Debtors enough to timely serve each defendant and meet the deadline set forth in the Postconfirmation Extension Order.  In turn, defendants who are parties to Retained Adversary Proceedings that the Debtors otherwise might not ultimately pursue could be forced to unnecessarily incur litigation expenses associated with the defense of such Adversary Proceedings.

19.    The Debtors believe that there is good cause for the extension of the Fed. R. Civ. P. 4(m) deadline because such an extension would reduce the administrative and economic burdens of the Retained Adversary Proceedings on the Debtors and the potential

---

[1]    Under the Modified Plan, the Debtors will not retain any of the causes of action asserted in the Adversary Proceedings except those listed on Exhibit 7.19 to the Modified Plan.  Although the Debtors' request for an extension of the Fed. R. Civ. P. 4(m) deadline is applicable to all of the Adversary Proceedings, upon substantial consummation of the Modified Plan – which may occur prior to the scheduled hearing on this Motion – the extension will affect only those actions specifically retained pursuant to section 7.19 of the Modified Plan.

defendants.  Specifically, the Debtors believe that the resources that they and the defendants

would need to expend prematurely to issue and serve 177 summonses and complaints in the

Retained Adversary Proceedings – and the potential need thereafter to prosecute and defend such

adversary proceedings – would not be in the best interests of the Debtors' estates, the Debtors'

stakeholders, and other parties-in-interest.  The Debtors submit that these reasons comprise good

cause for the requested extension.

<u>Applicable Authority</u>

20.    The Bankruptcy Rules and Federal Rules of Civil Procedure grant this

Court discretion to adopt and implement guidelines which will aid in the administration of

Adversary Proceedings, including discretion to grant the proposed extension of the service of

process deadline.  <u>See</u> <u>Zapata v. City of New York</u>, 502 F.3d 192, 195 (2d Cir. 2007) (Rule 4(m)

authorizes court to grant extensions of service period); <u>In re Sheehan</u>, 253 F.3d 507, 511 (9th Cir.

2001) ("The time for service in an adversary proceeding may be extended under two different

rules: Rule 4(m) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

21.    Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to

perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be

done at or within a specified period by these rules or by a notice given thereunder or by order of

court, the court for cause shown may at any time in its discretion . . . order the period enlarged if

the request therefor is made before the expiration of the period originally prescribed or as

extended by a previous order . . . ."  Fed. R. Bankr. P. 9006(b)(1).

22.    Moreover, Fed. R. Civil P. 4(m), made applicable here by Bankruptcy

Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of

process after the filing of a complaint.  <u>See</u> <u>Bank of Cape Verde v. Bronson</u>, 167 F.R.D. 370,

371-72 (S.D.N.Y. 1996) (good cause existed when future events would likely have "obviated the

10

need to serve the [] complaint" and when plaintiff requested extension before Fed. R. Civ. P. 4(m)

deadline expired).  Even absent good cause, this Court has discretion to extend the 120-day

service period.  See Zapata, 502 F.3d at 196; Mejia v. Castle Hotel Inc., 164 F.R.D. 343, 345

(S.D.N.Y. 1996).

23.    The Debtors accordingly request that the Court extend the Debtors' Fed. R.

Civ. P. 4(m) deadline to serve each defendant in the Adversary Proceedings commenced in

connection with the Preservation Of Estate Claims Procedures Order with a summons and a copy

of the complaint until 180 days after substantial consummation of the Modified Plan, without

prejudice to the Debtors' right to seek further extensions of the deadline and without prejudice to

the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co., Inc.[2] to seek a shortening of the deadline.

Notice Of Motion

24.    Although notice is not required by Fed. R. Bankr. P. 9006(b)(1), see Law

Debenture Trust Co. v. Calpine Corp. (In re Calpine Corp.), 356 B.R. 585, 595 (S.D.N.Y. 2007);

Kernisant v. City of New York, 225 F.R.D. 422, 431 n.13 (E.D.N.Y. 2005); Brady v. Marks, 7 F.

Supp. 2d 247, 255 (W.D.N.Y. 1998), notice of this Motion has been provided in accordance with

the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m),

9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and

the Fifteenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P.

---

[2]    Causes of action against Laneko Engineering Co., Wachovia Bank, National Association, and Laneko
Engineering Co. Inc. were previously disclosed on Exhibit 7.24 of the Confirmed Plan as actions that would be
retained, and these causes of action have again been retained pursuant to section 7.19 of the Modified Plan.

2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case

Management, And Administrative Procedures, entered August 27, 2009 (Docket No. 18839).

Notice has also been provided to Laneko Engineering Co., Wachovia Bank, National Association,

and Laneko Engineering Co., Inc.  In light of the nature of the relief requested, the Debtors

submit that no other or further notice is necessary.

        WHEREFORE the Debtors respectfully request that the Court enter an order

(a) granting the relief requested herein and (b) granting the Debtors such other and further relief

as is just.


Dated:     New York, New York
           October 2, 2009

                        SKADDEN, ARPS, SLATE, MEAGHER
                          & FLOM LLP


                      By:  /s/ John Wm. Butler, Jr.
                         John Wm. Butler, Jr.
                         John K. Lyons
                         Ron E. Meisler
                      155 North Wacker Drive
                      Chicago, Illinois 60606


                          - and -


                      By:  /s/ Kayalyn A. Marafioti
                         Kayalyn A. Marafioti
                      Four Times Square
                      New York, New York 10036


                      Attorneys for Delphi Corporation, et al.,
                        Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                         :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DELPHI CORPORATION, <u>et al.</u>, | : | Case No. 05-44481 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

         Upon the supplemental motion, dated October 2, 2009 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105), which deadline was previously extended to May 31, 2008

pursuant to the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.

Connection With Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the

"First Deadline Extension Order") and further extended to 30 days after substantial

consummation of the Confirmed Plan or any modified plan pursuant to the Motion

Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed R. Civ. P. 4(m) To Extend

Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation

Of Estate Claims Procedures Order (Docket No. 13361) (the "Postconfirmation Extension

Motion"); and upon the record of the hearing held on the Motion; and this Court having

determined that the relief requested in the Motion as granted herein is in the best interests

of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing

that proper and adequate notice of the Motion has been given, and it appearing that no

other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is GRANTED as provided herein.

2.     Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by the First Deadline Extension Order and the Postconfirmation

Extension Motion, is hereby further modified so that the time under Federal Rule of Civil

Procedure 4(m) by which the Debtors must serve a defendant in the Adversary Proceedings

with a summons and complaint is further extended until 180 days after substantial

consummation of the Modified Plan, without prejudice, however, to the Debtors' right to

seek further extensions and without prejudice to the right of each of Laneko Engineering

Co., Wachovia Bank, National Association, and Laneko Engineering Co. Inc. to seek a

2

shortening of the deadline.  The Debtors shall serve a copy of this order upon each

defendant in any Adversary Proceeding either when the Debtors serve a summons and

complaint on such defendant or as soon thereafter as practicable.  All other provisions of

the Preservation Of Estate Claims Procedures Order shall remain in effect.

       3.      This order shall be deemed entered in each of the Adversary

Proceedings.

       4.      The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

       5.      This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
      October ___, 2009

_____
     UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT A

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
|---|---|---|
| 07-02074 | 07-02302 | 07-02592 |
| 07-02076 | 07-02305 | 07-02597 |
| 07-02077 | 07-02309 | 07-02600 |
| 07-02084 | 07-02310 | 07-02602 |
| 07-02090 | 07-02312 | 07-02605 |
| 07-02096 | 07-02313 | 07-02606 |
| 07-02098 | 07-02322 | 07-02607 |
| 07-02124 | 07-02328 | 07-02617 |
| 07-02125 | 07-02333 | 07-02618 |
| 07-02130 | 07-02337 | 07-02619 |
| 07-02131 | 07-02339 | 07-02623 |
| 07-02133 | 07-02344 | 07-02625 |
| 07-02135 | 07-02348 | 07-02633 |
| 07-02138 | 07-02350 | 07-02639 |
| 07-02140 | 07-02351 | 07-02644 |
| 07-02142 | 07-02357 | 07-02649 |
| 07-02147 | 07-02358 | 07-02650 |
| 07-02151 | 07-02372 | 07-02652 |
| 07-02161 | 07-02374 | 07-02654 |
| 07-02177 | 07-02378 | 07-02657 |
| 07-02182 | 07-02414 | 07-02659 |
| 07-02185 | 07-02416 | 07-02661 |
| 07-02186 | 07-02432 | 07-02668 |
| 07-02188 | 07-02433 | 07-02672 |
| 07-02198 | 07-02435 | 07-02679 |
| 07-02201 | 07-02436 | 07-02688 |
| 07-02203 | 07-02442 | 07-02689 |
| 07-02210 | 07-02445 | 07-02690 |
| 07-02211 | 07-02449 | 07-02694 |
| 07-02212 | 07-02457 | 07-02697 |
| 07-02214 | 07-02459 | 07-02702 |
| 07-02217 | 07-02462 | 07-02711 |
| 07-02220 | 07-02466 | 07-02712 |
| 07-02227 | 07-02475 | 07-02714 |
| 07-02234 | 07-02477 | 07-02720 |

1

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
| --- | --- | --- |
| 07-02236 | 07-02479 | 07-02723 |
| 07-02238 | 07-02484 | 07-02730 |
| 07-02242 | 07-02489 | 07-02737 |
| 07-02245 | 07-02500 | 07-02739 |
| 07-02248 | 07-02505 | 07-02742 |
| 07-02250 | 07-02523 | 07-02743 |
| 07-02256 | 07-02525 | 07-02744 |
| 07-02257 | 07-02527 | 07-02745 |
| 07-02258 | 07-02534 | 07-02750 |
| 07-02259 | 07-02539 | 07-02753 |
| 07-02260 | 07-02540 | 07-02756 |
| 07-02262 | 07-02541 | 07-02758 |
| 07-02270 | 07-02543 | 07-02767 |
| 07-02272 | 07-02551 | 07-02768 |
| 07-02274 | 07-02553 | 07-02769 |
| 07-02280 | 07-02554 | 07-02775 |
| 07-02282 | 07-02555 | 07-02783 |
| 07-02284 | 07-02556 | 07-02785 |
| 07-02287 | 07-02562 | 07-02787 |
| 07-02288 | 07-02563 | 07-02789 |
| 07-02291 | 07-02571 | 07-02790 |
| 07-02295 | 07-02572 | 07-02799 |
| 07-02298 | 07-02580 | 07-02800 |
| 07-02301 | 07-02581 | 07-02804 |

2

# EXHIBIT B

**Preservation of Estate Claims Procedures Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
            In re                         :       Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,        :       Case No. 05-44481 (RDD)
                                          :
                        Debtors.          :       (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2),
AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c), AND 9018
(i) AUTHORIZING DEBTORS TO ENTER INTO STIPULATIONS
TOLLING STATUTE OF LIMITATIONS WITH RESPECT TO CERTAIN
CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY CAUSES OF
ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING THOSE
<u>COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553</u>

("PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER")

Upon the motion, dated August 6, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order")  under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Federal

Rule of Bankruptcy Procedure 7004, 7016(b), 9006, and 9018 (i) authorizing the Debtors

to enter into stipulations tolling the statute of limitations with respect to certain claims,

(ii) authorizing procedures to identify causes of action that should be preserved, and



(iii) establishing procedures for certain Adversary Proceedings[1] commenced by the

Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553; and upon the record of the

hearing held on the Motion; and this Court having determined that the relief requested in

the Motion is in the best interests of the Debtors, their estates, their creditors, and other

parties-in-interest; and it appearing that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The filing and service procedures set forth under the Bankruptcy

Rules, the Local Rules, and any orders of this Court in these chapter 11 cases are modified

or waived, as the case may be, as provided herein with respect to the Adversary

Proceedings.

3.      <u>Scope Of The Procedures</u>.  The procedures established by this Order

apply to each Adversary Proceeding that the Debtors identify to the Clerk of the Court as

being subject to these procedures.

4.      <u>Approval Of Tolling Agreements</u>.  The Debtors are hereby

authorized to enter into stipulations, substantially in the form attached hereto as <u>Exhibit 1</u>,

tolling the statute of limitations with respect to claims described in the Motion for the

tolling period described in the Motion.  Each Debtor is deemed to have entered into such a

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

stipulation with other Debtors and affiliated non-Debtor entities either controlled by the
Debtors or that had actual notice of this Motion.

5.    Procedures To Identify Causes Of Action And Abandonment
Authority.  The procedures set forth in the Motion to identify causes of action that should
be preserved are approved.  The Debtors are authorized, without the need for any further
order or any further notice under Bankruptcy Rule 6007(a), to abandon those causes of
action or categories of causes of action that the Debtors propose in the Motion to abandon.
Subject to the procedures set forth in the Motion, the Debtors are further authorized to
abandon without further notice causes of action falling within the additional categories of
causes of action identified in the Motion and which they determine should not be pursued,
without the need for any further order or any further notice under Bankruptcy Rule 6007(a)
with the exception of the notice and opportunity for a hearing provided in the next
sentence.  The Debtors may abandon such additional causes of action after giving 10 days'
notice thereof to the Statutory Committees; if a Statutory Committee objects within 10
days after service of the notice, the Debtors may bring the matter before this Court for a
ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy
Code.  Notwithstanding any such abandonment, the Debtors fully reserve and preserve all
of their rights under section 502(d) of the Bankruptcy Code.

6.    Scope Of Fraudulent Transfer Review.  For purposes of identifying
and preserving potential fraudulent transfer claims, the Debtors need only review the
following categories of transactions: merger and acquisition deals at or exceeding
$20 million, transfers to Delphi's board of directors or strategy board members other than

for compensation or ordinary-course expense reimbursement (if any), unusual securities transactions (if any), dividend distributions to 5% shareholders, and Delphi's "financially troubled supplier" program.

       7.    <u>Filing Of Complaints Under Seal</u>.  The Clerk of Court is directed to accept for filing, under seal, paper copies of the complaint in each Adversary Proceeding that the Debtors inform the Clerk is subject to these procedures.  The Debtors may also file under seal any amended complaint in the Adversary Proceeding for so long as the Adversary Proceeding remains stayed in accordance with paragraph 9 below.  Absent further order of the Court or termination of the stay in accordance with paragraph 9 below, the case docket for any such Adversary Proceeding shall not disclose the identity of any defendant in the Adversary Proceeding and shall not disclose the complaint or any amended complaint in the Adversary Proceeding.  The Debtors shall coordinate with the Clerk of Court to accomplish an efficient and cost-effective filing of the complaints and amended complaints contemplated by this order.  The Debtors shall submit to the Clerk, under seal, appropriate electronic media containing PDF copies of the complaints and amended complaints.  This order shall not preclude the Debtors, in their sole discretion, from making a copy of a complaint or amended complaint available to parties; <u>provided</u> that the Debtors maintain an internal record that they, and not the Clerk, made the complaint or amended complaint available.  The Debtors and GM shall have leave to file, under seal, a stipulation acceptable to the Statutory Committees that contains tolling provisions, consistent with this order, and other agreements of the parties with respect to the sealed complaint involving GM, which stipulation shall be deemed "so ordered" and

shall be sealed in accordance with the terms of this order.  The complaint and any amended

complaint filed in an Adversary Proceeding shall remain under seal until the stay

terminates in accordance with paragraph 9 below.

        8.      <u>Extension of the Time for Service Under Federal Rule of Civil

Procedure 4(m)</u>.  The Debtors shall have until March 31, 2008 to serve each defendant in

the Adversary Proceedings with summons and complaint, without prejudice to seek further

extensions.

        9.      <u>Stay Of Adversary Proceedings</u>.  All activity in the Adversary

Proceedings denominated by the Debtors as subject to these procedures shall be stayed

until the earlier of (i) the Debtors' service of a summons and complaint on the defendant in

any Adversary Proceeding and (ii) further order of this Court after application therefor.

Notwithstanding the stay, the Debtors may amend their complaint during the stay.  Also,

during the stay, the Debtors may dismiss any Adversary Proceeding after 10 days' notice

to counsel to the Statutory Committees.  If a Statutory Committee objects within 10 days

after service of the notice of dismissal, the Debtors may bring the matter before this Court

for a ruling on whether the proposed dismissal satisfies section 554(a) of the Bankruptcy

Code.

      10.      <u>Deferral Of Issuance Of Summons</u>.  The Clerk of Court is directed

not to issue summons in any Adversary Proceeding denominated by the Debtors as subject

to these procedures until either the stay is lifted with respect to such Adversary Proceeding

or the Debtors request the Clerk of Court to issue a summons.

11.     <u>Service Of Order With Summons And Complaint</u>.  The Debtors

must serve a copy of this order upon each defendant in any Adversary Proceeding either

when the Debtors serve a summons and complaint on the defendant or as soon thereafter as

practicable.

12.     <u>Additional Procedures</u>.  This Order is without prejudice to the

Debtors' seeking additional procedures to govern the Adversary Proceedings.

13.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

14.     The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: August 16, 2007
        New York, New York


                    _____/s/ Robert D. Drain_____
                     UNITED STATES BANKRUPTCY JUDGE

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                            :
        In re                               :    Chapter 11
                                            :
DELPHI CORPORATION, et al.,                 :    Case No. 05-44481 (RDD)
                                            :
                                            :    (Jointly Administered)
                            Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### STIPULATION TOLLING APPLICABLE STATUTES OF LIMITATIONS
### WITH RESPECT TO CLAIMS AGAINST [DEFENDANT]

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), and

[Defendant], and its affiliates and subsidiaries, hereby agree and state as follows:

WHEREAS on October 8, 2007 and October 14, 2007 (together, the "Filing Date"), the

1

Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court").

WHEREAS in the course of the Debtors' bankruptcy cases, claims and causes of

action under or through various provisions of the Bankruptcy Code, including, without limitation,

sections 502, 541, 544, 545, 547, 548, 550, and 553 of the Bankruptcy Code, might be asserted

by one or more of the Debtors or asserted on behalf of the Debtors' estates against [Defendant].

WHEREAS [Defendant] might wish to assert defenses, setoffs, and counterclaims

to such claims or causes of action by the Debtors.

WHEREAS the Debtors and [Defendant] seek to avoid the cost and expense of

unnecessary motion practice and litigation and seek to preserve all of their respective legal rights

without allowing any applicable statute of limitations to expire and without acknowledging in

any way that valid claims, causes of action, or defenses thereto exist or do not exist.

THEREFORE, the Debtors and [Defendant] stipulate and agree as follows:

1.      The running of any applicable statute of limitations under sections 108 and

546(a) of the Bankruptcy Code, and all other time limitations or time-based defenses concerning

any claim or cause of action against [Defendant] which might be asserted by one or more of the

Debtors or asserted on behalf of the Debtors' estates under or through various provisions of the

Bankruptcy Code, including, without limitation, any of sections 502, 541, 544, 545, 547, 548,

and 553 of the Bankruptcy Code (the "Claims"), is hereby tolled.

2.      The time elapsed during the Tolled Period (defined below) with respect to

the Claims is excluded from any computation of time for purposes of any argument or defense

based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or

2

right.  As of the termination of this stipulation, the rights of each of the undersigned parties and

their successors, assigns, and legal representatives with respect to the Claims will be as they

were immediately before the execution of this stipulation with respect to the interposition of any

argument or defense based on statutes of limitations, laches, estoppel, waiver, and any other

time-based defense or right.  This stipulation does not revive any Claim which was barred by the

statute of limitations or any other time-based defense before the date this stipulation was

executed.

3.    The provisions of this stipulation extend up to and include the first

business day nine months following entry of an order confirming the Plan, as the same may have

been amended or modified before its entry (the "Tolled Period").

4.    Notwithstanding the provisions contained herein, in the sole and absolute

discretion of the Debtors, or their respective successors and assigns, the Debtors or such

successors and assigns are permitted to commence any litigation against [Defendant] during the

Tolled Period.

5.    Each of the parties acknowledges that it has read all of the terms of this

stipulation and enters into those terms voluntarily and without duress.

6.    This stipulation contains the entire agreement between the parties

regarding the provisions set forth above and may be modified only in a writing signed by the

parties or their duly appointed agents, upon notice to counsel for the official committee of

unsecured creditors.

7.    This stipulation is not to be construed, and is not intended, as an admission

or suggestion that any valid claim or cause of action exists against [Defendant] or that any valid

defense to any such claim or cause of action exists.

3

8.      Except as expressly set forth in this stipulation, each of the parties hereto reserves all rights and remedies that it may have against the other.

9.      The parties intend that this stipulation and Order and the tolling contemplated hereby shall not impair, diminish, or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has jurisdiction as of the date of execution of this stipulation, to adjudicate any claim, action, or proceeding relating to or arising out of any matter referred to above.  In particular, the parties understand, and the Bankruptcy Court by approving this stipulation or form of stipulation finds and determines, that section 546(a) of the Bankruptcy Code constitutes a true statute of limitations which may be tolled by the parties' agreement.  The parties nevertheless recognize that there exist dicta in certain reported cases indicating that some courts (which have considered section 546(a) of the Bankruptcy Code to impose a temporal limit on the jurisdiction of the Bankruptcy Court) might hold that section 546(a) could not be tolled by agreement.  If a final and non-appealable order of a court of competent jurisdiction determines that (i) the time limitations described in section 546(a) cannot be effectively tolled by agreement and (ii) the Bankruptcy Court therefore cannot adjudicate any such claim, action, or proceeding, then the non-Debtor party to each stipulation (as a new and separate obligation and in consideration of the forbearance provided for hereby) must pay to each Debtor that amount, if any, which the Bankruptcy Court by final order determines would have been the ultimate net liability of the non-Debtor party to such Debtor on any such claim, action, or proceeding if an adversary proceeding on such claim, action, or proceeding had been commenced in Bankruptcy Court on the date this stipulation was executed, but giving full effect to any and all other defenses or counterclaims of any kind or nature that the non-Debtor party could assert in such an adversary proceeding.  If the Bankruptcy Court is not competent to make such a determination,

4

the determination will be made by final and binding arbitration in New York City, New York,

and the Debtors and the non-Debtor party hereby irrevocably submit to such binding arbitration

before a single arbitrator administered by the American Arbitration Association in accordance

with its Commercial Arbitration Rules and, in all disputes regardless of dollar amount at issue,

its Procedures For Large, Complex Commercial Disputes (the "AAA Rules") (but only in the

event that the Bankruptcy Court is not competent to make the determination as described above)

and to entry of judgment upon the arbitration award in the Bankruptcy Court or any court of

competent jurisdiction.  In addition to the qualifications required by the AAA Rules, the

arbitrator must be a lawyer who has practiced bankruptcy law for at least five years, a lawyer on

the Register of Mediators maintained by the Clerk of the United States Bankruptcy Court for the

Southern District of New York, or a former bankruptcy judge.

      10.    This stipulation is deemed to have been jointly drafted by the parties

hereto, and, in constructing and interpreting this stipulation, no provision may be construed and

interpreted for or against any of the parties because such provision or any other provision of this

stipulation, or this stipulation as a whole, was purportedly prepared or requested by that party.

      11.    This stipulation and the rights and obligations of the parties hereunder are

governed by, and construed and interpreted in accordance with, the laws of the State of New

York and, to the extent applicable, federal bankruptcy law, and any action or proceeding to

enforce the rights and obligations of the parties hereunder must originally and exclusively be

brought in the Bankruptcy Court.

      12.    This stipulation is effective as of the date it is fully executed and is

binding upon, and inures to the benefit of, the successors, representatives, assigns, and heirs of

the parties hereto.

13.     Pursuant to the Order of the Bankruptcy Court in these cases, dated

August 16, 2007 [Docket # _____], this stipulation is deemed "So Ordered" upon its execution by

the parties.

14.     This stipulation may be executed in counterparts and by facsimile

signature, and all executed counterparts and facsimile signatures taken together constitute one

document.

15.     Except as otherwise expressly provided herein, the use of the singular of

any word includes the plural and the use of the plural includes the singular.

DATED: New York, New York
_____, 2007


[Debtor-in-Possession]                          [Defendant]

By: _____             By: _____



[Attorneys for Debtor-in-Possession]        [Attorneys for Defendant]

By: _____             By: _____

## **EXHIBIT C**

**Preservation of Estate Claims Procedures Motion**

**Hearing Date And Time: August 16, 2007, At 10:00 A.M.**
**Objection Deadline: August 13, 2007, At 4:00 P.M.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)

- and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:  http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
        In re                                                :    Chapter 11
                                                             :
DELPHI CORPORATION, et al.,                                  :    Case No. 05-44481 (RDD)
                                                             :
                                                             :    (Jointly Administered)
                        Debtors.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2),
AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c), AND 9018 (i) AUTHORIZING
DEBTORS TO ENTER INTO STIPULATIONS TOLLING STATUTE OF LIMITATIONS
WITH RESPECT TO CERTAIN CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY
CAUSES OF ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING
THOSE COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553

("PRESERVATION OF ESTATE CLAIMS PROCEDURES MOTION")


0544481070806000000000000012

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), submit this expedited motion (the "Motion") for an order (the "Order") under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Federal Rules of Bankruptcy Procedure 7004, 9006(c), and 9018 (i) authorizing the Debtors to enter into stipulations tolling the statute of limitations with respect to certain claims, (ii) authorizing procedures for the Debtors to identify causes of action that should be preserved and granting authority to abandon certain causes of action, and (iii) establishing procedures for certain adversary proceedings, including those commenced by the Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553, and respectfully represent as follows:

Background

A.    The Chapter 11 Filings

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections 1107(a) and 1108.  The Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official committee of equity holders (together with the official committee of unsecured creditors, the "Statutory Committees").

2

3.      This Court has jurisdiction over this motion pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is

a core proceeding under 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are

sections 102(1)(a), 105(a), 107, 108(a)(2), 502(d), 541, 544, 545, 546(a), 547, 548, and

553 of the Bankruptcy Code and Rules 7004, 9006(c), and 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

B.      Current Business Operations Of The Debtors

5.      Delphi and its subsidiaries and affiliates (collectively, the

"Company") as of December 31, 2006 had global net sales of $26.4 billion and global

assets of approximately $15.4 billion.[1]  At the time of its chapter 11 filing, Delphi ranked

as the fifth largest public company business reorganization in terms of revenues and the

thirteenth largest public company business reorganization in terms of assets.  Delphi's non-

U.S. subsidiaries are not chapter 11 debtors and continue their business operations without

supervision from the Bankruptcy Court.[2]

6.      The Company is a leading global technology innovator with

significant engineering resources and technical competencies in a variety of disciplines,

---

[1]    The aggregated financial data used in this Motion generally consists of consolidated information from
       Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on
       February 27, 2007.

[2]    On March 20 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-
       core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish
       insolvency proceeding.  The application was approved by the Spanish court on April 13, 2007.  On
       July 4, 2007, DASE, its Concurso receivers, and the Cadiz workers councils and unions reached a
       settlement on a social plan, the funding of which was approved by this Court on July 19, 2007.  The
       Spanish court approved the social plan on July 31, 2007.  The Concurso proceeding is consistent with
       Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost
       structure.

and is one of the largest global suppliers of vehicle electronics, transportation components,

integrated systems and modules, and other electronic technology.  The Company supplies

products to nearly every major global automotive original equipment manufacturer

("OEM").

7.      Delphi was incorporated in Delaware in 1998 as a wholly-owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM

conducted the Company's business through various divisions and subsidiaries.  Effective

January 1, 1999, the assets and liabilities of these divisions and subsidiaries were

transferred to the Company in accordance with the terms of a Master Separation

Agreement between Delphi and GM.  In connection with these transactions, Delphi

accelerated its evolution from a North American-based, captive automotive supplier to a

global supplier of components, integrated systems, and modules for a wide range of

customers and applications.  Although GM is still the Company's single largest customer,

today more than half of Delphi's revenue is generated from non-GM sources.

C.      Events Leading To The Chapter 11 Filing

8.      In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter,

however, with the exception of 2002, the Company has suffered losses.  In calendar year

2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net

sales.[3]  Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the
recording of a valuation allowance on the U.S. deferred tax assets as of December 31, 2004.  The
Company's net operating loss in calendar year 2004 was $482 million.

4

losses of approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006, the

Debtors incurred a net loss of $5.5 billion, $3.0 billion of which comprised charges related

to the U.S. employee special attrition programs.

9.       The Debtors believe that the Company's financial performance has

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of

which have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle

production environment for domestic OEMs resulting in the reduced number of motor

vehicles that GM produces annually in the United States and related pricing pressures, and

(iii) increasing commodity prices.

10.       In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities,

product portfolio, operational issues, and forward-looking revenue requirements.  Because

discussions with its major stakeholders had not progressed sufficiently by the end of the

third quarter of 2005, the Company commenced these chapter 11 cases for its U.S.

businesses to complete its transformation plan and preserve value for its stakeholders.

D.       The Debtors' Transformation Plan

11.       On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas:[4] first,

---

[4]    In furtherance of the Debtors' transformation plan, on December 18, 2006, the Debtors announced their
       execution of an equity purchase and commitment agreement with certain investors, and a plan
       framework support agreement with those investors and GM.  On July 9, 2007, Delphi confirmed that it
       had formally terminated the equity purchase and commitment agreement and related plan framework

modifying the Company's labor agreements to create a competitive arena in which to

conduct business;[5] second, concluding their negotiations with GM to finalize GM's

financial support for the Debtors' legacy and labor costs and to ascertain GM's business

commitment to the Company;[6] third, streamlining their product portfolio to capitalize on

their world-class technology and market strengths and make the necessary manufacturing

alignment with their new focus;[7] fourth, transforming their salaried workforce to ensure

---

support agreement but that it expected to enter into new framework agreements with plan investors presently. Subsequently, on July 18, 2007, Delphi announced that it had accepted a new proposal for an equity purchase and commitment agreement (the "Delphi-Appaloosa EPCA") submitted by a group comprising a number of the original plan investors (affiliates of Appaloosa Management L.P., Harbinger Capital Partners Master Fund I, Ltd., Merrill Lynch, Pierce, Fenner & Smith Inc., and UBS Securities LLC) as well as, Goldman Sachs & Co. and an affiliate of Pardus Capital Management, L.P. (collectively, the "New Plan Investors"). Under the Delphi-Appaloosa EPCA, the New Plan Investors would invest up to $2.55 billion in preferred and common equity in the reorganized Delphi to support the Company's transformation plan and plan of reorganization. This Court approved the Delphi-Appaloosa EPCA on August 2, 2007.

[5] Among the progress made to date, on June 22, 2007, Delphi reached an agreement with the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (the "UAW") and GM that (a) modifies, extends, or terminates provisions of the existing collective bargaining agreements among Delphi, the UAW, and its various locals, (b) provides that Delphi and GM will undertake certain financial obligations to Delphi's UAW-represented employees and retirees to facilitate these modifications, and (c) modifies retiree welfare benefits for certain UAW-represented retirees of the Debtors. This agreement, which was approved by this Court on July 19, 2007, should facilitate the Debtors' reaching consensual resolutions of their labor issues with the remaining unions and GM and permit the Debtors to continue to implement their transformation plan and to develop, prosecute, confirm, and consummate a plan of reorganization. As of August 6, 2007, similar agreements have been reached with the International Association of Machinists and Aerospace Workers and its District 10 and Tool and Die Makers Lodge 78, the International Brotherhood of Electrical Workers and its Local 663, International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers-Communication Workers of America and its local unions, and Locals 832S, 18S, and 101S of the International Union of Operating Engineers. Delphi is currently engaged in settlement discussions with its remaining U.S. labor union and is working to conclude discussions with that union as soon as practicable.

[6] On July 9, 2007, Delphi confirmed that its discussions with GM on a comprehensive settlement agreement had entered the documentation phase and that it expected that a settlement with GM would be incorporated into the Debtors' plan of reorganization rather than filed with this Court for separate approval.

[7] In connection with their March 31, 2006 announced transformation plan, the Debtors classified "core" and "non-core" product lines and plants. The Debtors have been working to divest non-core assets so as to maximize the value of the estate for stakeholders. During the 2006 and 2007 calendar years, for example, the Debtors sold substantially all of the assets related to MobileAria, Inc., its chapter 11 affiliate, obtained court approval for the sale of substantially all of the assets of their brake hose and

6

that the Company's organizational and cost structure is competitive and aligned with its product portfolio and manufacturing footprint[8] and devising a workable solution to their current pension situation.[9]

        12.      Upon the conclusion of the reorganization process, the Debtors expect to emerge as a stronger, more financially sound business with viable U.S. operations that are well-positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of its resources to continue to deliver high-quality products to its customers globally.  Additionally, the Company will preserve and continue the strategic growth of its non-U.S. operations and maintain its prominence as the world's premier auto supplier.

---

      Saltillo, Mexico brake plant businesses, and obtained court approval of bid procedures related to the upcoming sale of substantially all assets used in their catalyst business.  In addition, as announced publicly, the Debtors anticipate selling additional non-core assets, including, without limitation, their steering, interior, and closures businesses.

[8]    As part of this effort, effective July 1, 2006, the Company realigned its business operations to focus its product portfolio on core technologies for which the Company believes it has significant competitive and technological advantages.  The Company's revised operating structure consists of its four core business segments:  Electronics and Safety, Thermal Systems, Powertrain Systems, and Electrical/Electronic Architecture.  The Company also has two additional segments, Steering and Automotive Holdings Group, which will be transitioned as part of the Company's transformation plan.  The Debtors also made significant progress in ensuring that their organizational and cost structure is competitive in obtaining the entry of this Court's Order Under 11 U.S.C. § 363(b) And Fed. R. Bankr. P. 6004 Authorizing Debtors To Enter Into Finance Outsourcing Agreement on April 23, 2007 (Docket No. 7773) (the "Finance Outsourcing Order").  The Finance Outsourcing Order authorized the Debtors to outsource certain of the Debtors' accounts receivable, accounts payable, fixed assets, travel and expense reporting, general ledger, and contract administration processes and significantly reduce SG&A expenses as part of their transformation plan.

[9]    To that end, on May 31, 2007, the Bankruptcy Court granted the Debtors' motion for authority to perform under the terms of those certain September 30, 2006 plan year funding waivers, which were approved by the IRS, for both the Delphi Hourly-Rate Employees Plan and the Delphi Retirement Program for Salaried Employees (collectively, the "Plans").  On July 13, 2007, the IRS modified the conditional funding waivers granted to Delphi related to the Plans, extending the dates by which Delphi is required to file a plan of reorganization and emerge from chapter 11 to December 31, 2007 and February 28, 2008, respectively.

E.    Revised Plan Framework Agreements And Preserving Estate Causes Of Action

13.    The Debtors have made significant progress toward confirming a plan of reorganization:  they have obtained the support of their Statutory Committees for and Court approval of the Delphi-Appaloosa EPCA, they have negotiated agreements with five of their six U.S. labor unions, they are engaged in the documentation phase for a comprehensive settlement agreement with GM, and they have scheduled a hearing in October 2007 to seek approval of their proposed disclosure statement and of solicitation procedures for a reorganization plan.  The Delphi-Appaloosa EPCA approved by this Court on August 2, 2007 details the New Plan Investors' commitment to invest in the reorganized Delphi and attaches a proposed framework for a reorganization plan pursuant to which the Debtors expect to emerge from chapter 11 by the end of the year.  The proposed treatment of claims under this reorganization plan would generally provide that all claims be paid or satisfied in full through distributions of cash, common stock, or both. Accordingly, avoiding preferential transfers would provide no benefit to the Debtors' estates because any party returning such a transfer would be entitled to a claim for the same amount, to be paid in full under such a plan.  For the same reasons, avoiding statutory liens or prepetition setoffs would provide little to no benefit to the estates.  As a result, the Debtors contemplate that their reorganization plan will waive or release most if not all avoidance causes of action.

14.    At present, the Debtors estimate that they may have more than 11,000 potential preference claims arising from transfers totaling approximately $5.8 billion (before taking into account potential defenses such as transfers made in the ordinary course of business).  The constructively fraudulent transfer reach-back period, made

8

applicable by Bankruptcy Code section 544(b) and state law, is generally six years under the law of Michigan and New York.[10]  Thus, with a company of Delphi's size, there are literally hundreds of thousands of transactions that occurred during these constructively fraudulent transfer reach-back periods.   Under the Bankruptcy Code, each Debtor has until two years after the entry of the order for relief to commence adversary proceedings asserting avoidance causes of action, as well as certain causes of action where the applicable statute of limitations has been tolled by the Bankruptcy Code during the initial two years of these chapter 11 cases.

15.    Although the Debtors do not intend to pursue avoidance actions in light of their anticipated reorganization, as a precautionary measure they must preserve these actions in some manner.  The Debtors have explored various alternatives to filing avoidance actions before the two-year deadline, such as executing tolling agreements with potential defendants.  The logistical challenges of circulating and executing agreements with such a large number of potential defendants, however, make that solution impractical. The Debtors, therefore, must timely commence these actions or take other action in the coming months or risk losing forever potential causes of action that should be preserved.[11]

---

[10]    By examining transactions during this reach-back period to identify potential fraudulent transfer claims that should be preserved, the Debtors do not concede that they were insolvent, undercapitalized, or unable to pay their debts as they became due at any time during the reach-back period.

[11]    As noted above, Delphi has been in discussions with GM on a comprehensive settlement agreement that they anticipate incorporating into the Debtors' reorganization plan.  Because of GM's unique role in these cases, in addition to filing a sealed complaint governed by the procedures sought in this Motion, the Debtors request leave for the Debtors and GM to file, under seal, a stipulation that contains tolling provisions, consistent with this Motion, and other agreements of the parties with respect to the sealed complaint involving GM, which stipulation shall be deemed "so ordered" and shall be sealed in accordance with the terms of the order sought herein.

9

16.    Once these actions have been commenced, the Debtors will proceed no further and will not use them for any purpose while they focus on confirming a reorganization plan.  The procedures proposed in this Motion are designed to permit the Debtors to preserve these claims while otherwise maintaining the status quo among all parties in interest.  The causes of action would remain dormant and become relevant again only in the unlikely event that the Debtors do not timely emerge from chapter 11.

<u>Relief Requested</u>

17.    As set forth in the proposed order attached hereto as <u>Exhibit A</u>, the Debtors seek to implement procedures applicable to Adversary Proceedings that will permit all parties to preserve the status quo as the Debtors are finalizing preparations for confirming a reorganization plan by year's end.  By this Motion, the Debtors seek the following relief:

<u>Tolling Agreement</u>

- *Approval Of Form.*  The Debtors seek court approval of a form of stipulation (attached as <u>Exhibit B</u>) which would, without further order of this Court, toll the applicable statute of limitations on claims against parties with whom the Debtors seek to enter into such stipulations.

- *Intercompany Tolling.*  The Debtors also seek to have this Court "deem" all Debtors to have entered into a stipulation with each of the other Debtors and affiliated non-Debtor entities.

<u>Approval Of Avoidance Evaluation Procedures And Authority To Abandon Claims</u>

- *Preference Claims Below $250,000 In Value.*  The Debtors request authority to abandon these preference actions.  To the extent that these actions are against insiders or involve persons or transactions associated with the SEC investigation of the Debtors, the Debtors also will be authorized to abandon those actions after notice to the Statutory Committees.  If a Statutory Committee objects within 10 days after service of the notice, the Debtors may bring the matter before this Court for a ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy Code.

10

- *Select Categories Of Preference Claims*. The Debtors seek authority to abandon the following categories of preference actions: (i) payments to parties with a secured or priority interest in such payment, (ii) union dues, (iii) pension plan contributions, (iv) payments required under the terms of collective bargaining agreements, (v) payments to reimburse employee business expenses, (vi) ordinary course wages, salaries, and benefits to employees, (vii) payments required by a garnishment to satisfy third-party judgments and obligations, (viii) contributions to charitable organizations, (ix) payments to foreign suppliers, (x) payments to the Debtors' shippers, (xi) payments to the Debtors' insurance providers, and (xii) payments to the Debtors' utilities.

- *Scope Of Fraudulent Transfer Review*.  The Debtors seek entry of an order directing that, for purposes of identifying and preserving potential fraudulent transfer claims, the Debtors need only review the following categories of transactions: merger and acquisition deals at or exceeding $20 million, transfers to Delphi's board of directors or strategy board members other than for compensation or ordinary-course expense reimbursement (if any), unusual securities transactions, dividend distributions to 5% shareholders, and Delphi's financially troubled supplier program.

- *Additional Authority For Abandonment After Notice To Statutory Committees*.  The Debtors seek authority to abandon, after notice to the Statutory Committees, and without further order of this Court or further notice under Bankruptcy Rule 6007, claims (i) with insignificant value, (ii) where litigation costs would likely exceed expected recovery, (ii) where the potential harm to businesses outweighs expected recovery, or (iv) where valid defenses exist.  If a Statutory Committee objects within 10 days after service of the notice, the Debtors may bring the matter before this Court for a ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy Code.

## Commencement Of The Adversary Proceedings And Service Of Process

- *Deferral Of Issuance Of Summons*.  The Clerk of Court would be directed by this Court to defer issuing a summons after the filing of a complaint, unless and until the Debtors intend to pursue the claims in the complaint.

- *Extension Of Fed. R. Civ. P. 4(m) Time Period*.  The Debtors would have until March 31, 2008 to serve each defendant with a summons and a copy of the complaint, without prejudice to the Debtors' right to seek further extensions of the deadline.

11

- *Service Of Order With Summons And Complaint*.  The Debtors would be required to serve a copy of any order approving this Motion upon each defendant in any adversary proceeding either if and when the Debtors serve process on the defendant or as soon thereafter as practicable.

Stay Of Adversary Proceedings Until Service Of Process And Interim Sealing

- *Activity During The Stay*. During the stay, the Debtors may (i) amend their complaint, and (ii) after notice to the Statutory Committees, dismiss it.

- *Expiration Of The Stay*. The stay would continue until the earlier of (i) service of process and (ii) further order of this Court.

- *Filing Of The Complaints Under Interim Seal*.  The Debtors seek authority to file under seal paper copies (with PDF copies on appropriate electronic media) of the complaints in the adversary proceedings and to have the docket for such proceedings likewise sealed.

Basis For Relief

18.    The Debtors believe that implementing the proposed procedures would help enable the Debtors fulfill their fiduciary responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt the plan process or the Debtors' existing business relationships with potential defendants that are necessary to the Debtors' ongoing operations.  These procedures would also reduce the administrative and economic burdens of the Adversary Proceedings on the Debtors, this Court, and potential defendants.  Most if not all of the avoidance actions will likely remain unnecessary in light of the terms of the Debtors' prospective reorganization plan.

F.    Approval Of Form Of Tolling Agreements

19.    The Debtors desire to preserve their respective rights and to continue negotiation and settlement discussions with certain parties without incurring the expense of filing complaints before the expiration of the applicable statute of limitations

12

period.  The Debtors anticipate entering into stipulations with, among others, (i) GM,

(ii) professional firms retained by the Debtors, and (iii) insiders who received transfers

from the Debtors.

20.    Assuming that a potential defendant is willing to enter into a

stipulation extending the statute of limitations, the Debtors request authorization to enter

into such a stipulation, substantially in the form attached as <u>Exhibit B</u>.  The principal terms

of the stipulation would be as follows:

- *Statute Of Limitations*: Execution of the stipulation would toll the statute of limitations provided for under sections 108 and 546(a) of the Bankruptcy Code and other applicable law.

- *Term*: The applicable statute of limitations would be extended up to and including the first business day that is nine months following the entry of an order confirming a plan, as the same may have been amended or modified before its entry (the "Tolling Period").

- *Binding Effect*: The stipulation would bind and inure to the benefit of the successors, representatives, assigns, and heirs of the parties.

- *Termination*: The Debtors or their respective successors and assigns would be permitted during the Tolling Period to commence litigation against (a) other Debtors, (b) affiliated non-Debtor entities, and (c) third parties.

- *Effective Date*: The stipulation would become effective immediately upon execution thereof.

- *Prior Court Approval*: The stipulation would be deemed "so ordered" upon execution.

21.    Allowing the Debtors to enter into the stipulations tolling the

applicable statute of limitations with respect to the claims would be the most efficient and

cost-effective means of preventing unnecessary motion practice and litigation and

preserving the Debtors' and potential defendants' respective legal rights without allowing

13

the applicable statute of limitations period to expire and without acknowledging in any

way that valid claims, causes of action, or defenses thereto do or do not exist.

22.     In view of the number of potential claims and causes of action that

the Debtors must preserve, obtaining Court approval for each tolling stipulation would

result in burdensome administrative expenses such as the time and cost of drafting,

serving, and filing separate approval pleadings and the time incurred by attorneys in

preparing for, and appearing at, related hearings before this Court.  Accordingly, the

Debtors request authority to enter into stipulations tolling the statute of limitations with

respect to the claims without seeking further Court approval.

23.     Likewise, requiring each of the 42 Debtors in these chapter 11 cases

to enter into individual stipulations with each of the other Debtors would require the

Debtors to execute more than 1,500 stipulations.  Execution of stipulations between the

Debtors and affiliated non-Debtor entities would add hundreds more.  Obviously, such

actions and the costs and expenses associated therewith are unnecessarily burdensome and

time-consuming in light of the related nature of the claims.  Accordingly, the Debtors also

seek an order that "deems" them to have entered into a stipulation with each of the other

Debtors and affiliated non-Debtor entities.

G.    Approval Of Avoidance Evaluation Procedures And Authority To Abandon Certain
      Causes Of Action

24.     The Debtors request approval of their proposed criteria for

reviewing, evaluating, and selecting those potential causes of action that should be

preserved in accordance with the procedures discussed herein.  These criteria strike a

sensible balance between the Debtors' duty to preserve valuable estate assets and the

14

extraordinary costs to preserve then when, as here, there is little chance that the Debtors

will prosecute any of the thousands of actions it will be commencing.

<u>Preference Claims Below $250,000 In Value</u>

25.    In particular, the Debtors seek authority not to pursue any preference

action against an entity if the aggregate value of transfers to or for the benefit of that entity

is less than $250,000 in value.  Although this threshold would eliminate 9,894 of 11,544

potential preference recoveries, the aggregate amount eliminated would be merely 4.5% of

the billions in total potential preferential transfers (before taking into account potential

preference defenses).   By focusing on the 1,650 entities which benefited from transfers of

$250,000 or more, the Debtors would preserve billions in potential claims (before defenses

are considered) while saving the estates from incurring significant legal and other costs and

avoiding any disruption to commercial relationships and the Debtors' efforts to emerge

from chapter 11.  If the preference action is against an insider or involves a person or

transaction associated with the SEC investigation of the Debtors, then the Debtors would

be authorized to abandon such actions after notice to the Statutory Committees.  If a

Statutory Committee objects within 10 days after service of the notice, the Debtors propose

that they would bring the matter before this Court for a ruling on whether the proposed

abandonment satisfies section 554(a) of the Bankruptcy Code.

<u>Select Categories Of Preference Claims</u>

26.    In addition, the Debtors seek authority to abandon the following

categories of potential preference actions which the Debtors, in their business judgment,

have decided should not be pursued:  (i) payments to parties with a secured or priority

15

interest in such payment, (ii) union dues, (iii) pension plan contributions, (iv) payments

required under the terms of collective bargaining agreements, (v) payments to reimburse

employee business expenses, (vi) ordinary course wages, salaries, and benefits to

employees, (vii) payments required by a garnishment to satisfy third-party judgments and

obligations, (viii) contributions to charitable organizations, (ix) payments to foreign

suppliers, (x) payments to the Debtors' shippers, (xi) payments to the Debtors' insurance

providers, and (xii) payments to the Debtors' utilities.

<u>Scope Of Fraudulent Transfer Review</u>

27.     As noted above, potential fraudulent transfer claims are likely

subject to a six-year reach-back period during which the Debtors engaged in hundreds of

thousands of transactions, the vast majority of which indisputably involved the Debtors'

receipt of reasonably equivalent value or involved amounts that do not warrant the

mammoth undertaking of examining each and every transaction.  To balance the need for a

review of transactions effected during the reach-back period and avoiding unnecessary

costs, the Debtors propose to identify and review all business or asset acquisition or

divestiture transactions that equal or exceed $20 million in value.  This would include a

review of whether the Debtors followed their own internal procedures for the transaction

and, as necessary, interviews with managers to follow up on any issues identified during

the review process.

28.     The Debtors also would review (i) certain transfers to insiders,

including payments or indemnifications to current and former members of the Delphi

Board of Directors and of the Delphi Strategy Board other than for compensation or

16

ordinary-course expense reimbursement (if any), (ii) large or unusual securities transactions (if any) such as large capitalizations or recapitalizations, derivatives, foreign currency, hedging transactions, or commercial paper transactions, (iii) all dividend distributions to 5% shareholders, and (iv) the financially troubled supplier program.  As discussed below, the Debtors would enter into tolling agreements for all intercompany transactions that involve a Debtor or insiders of a Debtor.

29.    The Debtors request authority to abandon the causes of action described above in accordance with the proposed procedures, without the need for any further order or any further notice under Bankruptcy Rule 6007(a).

<u>Additional Authority To Abandon</u>

30.    With respect to other categories of causes of action, the Debtors anticipate that during their review they may identify additional causes of action which, in the exercise of their reasonable business judgment, should not be pursued.  The Debtors seek approval for the abandonment of those causes of action which the Debtors determine, upon completion of their review and after notice to counsel to the Statutory Committees, (i) are of insignificant value to the estates, (ii) would impose costs in excess of the value of any reasonably expected recovery, (iii) could pose other potential harm to the Debtors' businesses that would outweigh the expected recovery value, or (iv) with respect to which the Debtors believe the defendants would have valid defenses.

31.    If a Statutory Committee objects within 10 days after service of the notice, the Debtors may bring the matter before this Court for a ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy Code.

Preservation Of The Debtors' Rights Under 11 U.S.C. § 502(d)

32.    Although the Debtors are proposing to abandon certain avoidance

causes of action, the Debtors have decided to abandon them based, in part, on their

determination that they will have a right to use the avoidance claim liability to seek the

disallowance of claims asserted against the estates, as permitted by section 502(d) of the

Bankruptcy Code. Under that section, the Debtors may seek to preclude a creditor subject

to an avoidance cause of action from asserting a claim against the estate as long as the

creditor remains in possession of, or otherwise obtains the benefit of, the avoidable claim

or transfer.[12]

H.    Extending Time For Service Of Process

33.    Fed. R. Civ. P. 4(m), made applicable here by Bankruptcy

Rule 7004(a)(1), requires this Court either to dismiss without prejudice any adversary

proceeding for which the summons and complaint are not served on the defendant within

120 days of the filing of the complaint or direct that service be effected within a specified

time, unless the plaintiff in the adversary proceeding can show good cause for extending

the 120-day period.  The Debtors request an extension of the time within which the

Debtors must serve the summonses and complaints to March 31, 2008[13]—less than 60 days

beyond the initial 120-day deadline.  The Debtors seek the extension to preserve the status

---

[12]    In light of an appellate ruling from this district, United States Lines, Inc. v. U.S. (In re McLean Indus.),
196 B.R. 670, 675-77 (S.D.N.Y. 1996) (Cote, J.), aff'g 184 B.R. 10 (Bankr. S.D.N.Y. 1995) (Blackshear,
J.), and this Court's prior ruling, In re Metiom, Inc., 301 B.R. 634, 641 (Bankr. S.D.N.Y. 2003), that
section 502(d) may continue to be used defensively after an action on the underlying avoidance action
has become time-barred, the Debtors have concluded that no affirmative relief with respect to this
Motion is required to preserve the Debtors' ability to use section 502(d) defensively.  The Debtors
expressly reserve all rights with respect to section 502(d).

[13]    March 31, 2008 is the current deadline for closing under the Delphi-Appaloosa EPCA.  See
Section 12(d)(iii).

18

quo and to avoid having to force all potential defendants to retain counsel to defend against

adversary proceedings when, in fact, most of them likely will be resolved by a

reorganization plan and never pursued.  The Debtors propose the following procedures

concerning the commencement of the Adversary Proceedings and service of process:

- *Deferral Of Issuance Of Summons*.  The Clerk of Court would be directed by this Court to defer issuing a summons after the filing of a complaint filed in accordance with these procedures, unless and until the Debtors notify the Clerk of Court that they intend to litigate the claims alleged in the complaint.

- *Extension Of Fed. R. Civ. P. 4(m) Time Period*.  The Debtors would have until March 31, 2008 to serve each defendant with a summons and a copy of the complaint, without prejudice to the Debtors' right to seek further extensions of the deadline.

- *Service Of Order With Summons And Complaint*.  The Debtors would be required to serve a copy of any order approving this Motion upon each defendant in any Adversary Proceeding either when the Debtors serve the summons and complaint on the defendant or as soon thereafter as practicable.

34.    These procedures would permit the Debtors to preserve potentially

valuable assets without disrupting the plan process or existing business relationships

prematurely or prejudicing the rights of any defendants.

I.    Stay Of Adversary Proceedings Until Service Of Process

35.    For the same reasons that the Debtors seek an extension of their time

to serve potential defendants with process, the Debtors also request that the Adversary

Proceedings filed pursuant to the proposed procedures be temporarily stayed, without

prejudice to the Debtors' right to amend their complaints during the stay.  Under the

proposed procedures, the Debtors also would be authorized to file, without further order of

this Court, a notice of dismissal of the Adversary Action in accordance with Bankruptcy

Rule 7041 and Fed. R. Civ. P. 41(a) if it is decided that the Adversary Action should not be

pursued after notice to the Statutory Committees or as otherwise provided in a plan of

reorganization or confirmation order.  If a Statutory Committee objects within 10 days

after service of the notice, the Debtors request that they be permitted to bring the matter

before this Court for a ruling on whether the proposed dismissal satisfies section 554(a) of

the Bankruptcy Code.  The stay would be lifted upon the Debtors' service of the summons

and complaint, without further order of this Court.

J.       Filing Of The Complaints Under Seal

36.       Maintaining the status quo would also be promoted by permitting

the filing of the complaints under seal.  Once filed, the actions would remain dormant.  The

Debtors do not intend to prosecute the actions while pursuing plan confirmation.  Sealing

the complaints will keep the actions inactive and would be consistent with the Debtors'

intention to de-link the sealed adversary proceedings from all other activity in these

chapter 11 cases and to prevent their use for any purpose by any party.  Thus, sealing

should promote the plan process and avoid needless costs relating to actions that remain

unnecessary under the Debtors' prospective plan.

37.       Moreover, sealing the actions would avoid unnecessarily alarming

potential defendants.  The Debtors have worked to preserve and repair their business

relationship with many of the potential defendants during these cases and have negotiated

or regained favorable credit terms with many suppliers and are continuing to do so.  The

Debtors are also engaged in negotiations with some of the potential defendants on issues

unrelated to avoidance actions.

20

38.     To enable the Debtors to preserve these potential causes of action, yet allow the Debtors to continue to implement their transformation plan and to promptly develop, negotiate, prosecute, confirm, and consummate a plan of reorganization, the Debtors seek authorization to file under seal paper copies (along with discs containing complaints in PDF format) of the complaints filed in each Adversary Proceeding against the potential defendants under seal.  The Debtors also request that the case docket for any adversary proceedings initiated by the complaints likewise be sealed and not available for public access.  The Debtors will coordinate with the Clerk to ensure an efficient, cost-effective approach to filing under seal the numerous actions contemplated by this Motion.

<u>Applicable Authority</u>

39.     This Court has broad statutory authority to approve the relief requested in this Motion.  The Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, this Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the debtor's assets.  <u>See</u> <u>Schwartz v. Aquatic Dev. Group, Inc.</u> (In re Aquatic Dev. Group, Inc.), 352 F.3d 671, 673 (2d Cir. 2003) (Straub, J., concurring) (quoting <u>In re Momentum Mfg. Corp.</u>, 25 F.3d 1132, 1136 (2d Cir. 1994) ("[I]t is axiomatic that bankruptcy courts are 'courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.'"); <u>Bird v. Crown Convenience</u> (In re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern.") (citations omitted); <u>In</u>

21

re Cooper Properties Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986)

("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever

equities a debtor may have in property for the benefit of its creditors as long as that

protection is implemented in a manner consistent with the bankruptcy laws.").  Likewise,

this Court has "exclusive jurisdiction of all the property, wherever located, of the debtor as

of the commencement of [its] case, and of property of the estate,"  28 U.S.C. § 1334(e),

and causes of action generally constitute property of a debtor's estate.  See, e.g., Citicorp

Acceptance Co. v. Robison (In re Sweetwater), 884 F.2d 1323, 1326 (10th Cir. 1989).

K.    Approval Of Form Of Tolling Agreements

       40.    The two-year deadline imposed by section 546(a) can be waived or

extended by agreement of the non-debtor party to the action.  See In re Rodriguez, 283

B.R. 112, 114 (Bankr. E.D.N.Y. 2001); Pugh v. Brook (In re Pugh), 158 F.3d 530, 532-38

(11th Cir. 1998); McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.), 52 F.3d 1330,

1337-38 (5th Cir. 1995); Brandt v. Gelardi (In re Shape, Inc.), 138 B.R. 334, 337 (Bankr.

D. Me. 1992) (plain reading of statute and legislative history support determination that

section 546(a) is statute of limitations, waivable either by stipulation or failure to assert it

as defense in answer, rather than jurisdictional provision, which is not subject to expansion

by court order or otherwise); In re Iron-Oak Supply Corp., 162 B.R. 301, 307 (Bankr. E.D.

Cal. 1993) (rejecting argument that section 546(a)(1) is statute of repose); In re M & L

Bus. Machs. Inc., 153 B.R. 308, 311 (D. Colo. 1993) aff'd, 160 B.R. 850 (D. Colo. 1993)

(section 546 limitations period is not jurisdictional but is waivable and subject to equitable

tolling); see also Cepa Consulting Ltd. v. New York Nat'l Bank (In re Wedtech), 187 B.R.

105, 110-11 (S.D.N.Y. 1995) (treating section 546(a) as a non-jurisdictional statute of

limitation that must be raised by opposing party in a timely fashion).  But see Martin v.

First Nat'l Bank of Louisville (In re Butcher), 829 F.2d 596, 599-600 (6th Cir. 1987)

(characterizing section 546(a) as "jurisdictional" or "substantive" statute of limitations, not

subject to expansion by Bankruptcy Rule 9006(a) requiring that Saturday and Sunday be

excluded in computing two-year limitations period).  The Debtors should therefore be

authorized to enter into stipulations tolling all applicable statutes of limitations.

L.      Approval Of Avoidance Evaluation Procedures And Authority To Abandon Certain
        Causes Of Action

                41.     The Bankruptcy Code expressly authorizes a debtor to abandon

property of the estate that it determines is burdensome or of inconsequential value.

11 U.S.C. § 554.  Specifically, section 554 of the Bankruptcy Code provides: "After notice

and a hearing, the trustee may abandon any property of the estate that is burdensome to the

estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  In

determining the value and benefits of particular property for purposes of the decision to

abandon the property, the debtor is afforded significant discretion.  See, e.g., In re

Interpictures, Inc., 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("courts have placed the

burden of proving an abuse of discretion of the trustee's action or inaction on abandonment

on the party seeking to make the trustee act"); In re Slack, 290 B.R. 282, 284 (Bankr.

D.N.J. 2003) ("Courts defer to the trustee's judgment and place the burden on the party

opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's

discretion."); In re Cult Awareness Network, Inc., 205 B.R. 575, 579 (Bankr. N.D. Ill.

1997) (decision to abandon property "must rest on a reasonable basis").  This Court need

only ensure that the decision to abandon "reflects a business judgment made in good faith."

Cult Awareness Network, 205 B.R. at 579.[14]

   42. Notwithstanding abandonment, the failure to file a complaint by the

two-year deadline set forth in section 546(a) of the Bankruptcy Code does not prevent the

Debtors from later using section 502(d) defensively.  Section 502(d) provides, in pertinent

part, as follows:

> the court shall disallow any claim of any entity from which property
> is recoverable under section 542, 543, 550, or 553 of this title or that
> is a transferee of a transfer avoidable under section 522(f), 522(h),
> 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or
> transferee has paid the amount, or turned over any such property, for
> which such entity or transferee is liable under section 522(i), 542,
> 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

   43. Courts applying section 502(d) of the Bankruptcy Code have barred

any and all claims asserted by creditors who are in receipt of avoidable transfers, unless the

creditor first repays the amount of the avoidable transfer to the debtor's estate.  See, e.g.,

Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 72 n.8 (2d Cir. 2002);

Germain v. Conn. Nat'l Bank, 988 F.2d 1323, 1327 (2d Cir. 1993); In re Centennial

Textiles, Inc., 209 B.R. 31, 33 (Bankr. S.D.N.Y. 1997).  Further, this Court, as well as

other courts in the Southern District of New York and elsewhere, has specifically held that

the section 502(d) defense may be asserted after the expiration of the two-year statute of

limitations set forth in section 546(a)(1) of the Bankruptcy Code.  See In re Metiom, Inc.,

---

[14] Similar relief was granted in In re Safety-Kleen Corp., No. 00-2303 (PJW) (Bankr. D. Del. May 17,
2002.  See Order (I) Establishing Omnibus Filing And Pretrial Procedures For Certain Adversary
Proceedings, Including Adversary Proceedings Under 11 U.S.C. § 544, 545, 547, 548 Or 550, And
(II) Granting Authority To Abandon Certain Causes Of Action,) (Docket No. 4108).

301 B.R. 634, 641 (Bankr. S.D.N.Y. 2003) (Drain, J.); see also United States Lines, Inc. v.

U.S. (In re McLean Indus.), 196 B.R. 670, 675-77 (S.D.N.Y. 1996) (Cote, J.); In re Asia

Global Crossing, Ltd., 344 B.R. 247, 251 (Bankr. S.D.N.Y. 2006) (Bernstein, J.); In re Mid

Atl. Fund, Inc., 60 B.R. 604, 609-11 (Bankr. S.D.N.Y. 1986) (Abram, J.); El Paso City v.

Am. W. Airlines, Inc. (In re Am. West Airlines, Inc.), 217 F.3d 1161, 1167 (9th Cir. 2000);

cf. Comm. of Unsecured Creditors v. Commodity Credit Corp. (In re KF Dairies, Inc.), 143

B.R. 734, 736-38 (B.A.P. 9th Cir. 1992) (permitting section 502(d) defense after expiration

of section 549 statute of limitations).  But see In re Marketing Assocs. of Am., 122 B.R.

367, 369 (Bankr. E.D. Mo. 1991) (holding that "the Trustee may not use section 502(d)

defensively").

        44.    Here, the Debtors have proposed reasonable criteria and procedures

for determining which avoidance claims should be preserved and which causes of action

the Debtors should be authorized to abandon.  Accordingly, the Debtors seek approval of

these procedures.[15]

M.    Extending Time For Service Of Process

        45.    The Bankruptcy Rules and Federal Rules of Civil Procedure grant

this Court discretion to adopt and implement guidelines, such as those proposed herein,

that will aid in the administration of adversary proceedings.  Bankruptcy Rule 9006(b)(1)

---

[15]   Similar relief was granted in In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Mar. 21, 2001) (Paine, J.), where the bankruptcy court authorized the debtors to abandon claims against critical vendors.  See Order Authorizing Abandonment And/Or Stay Of Certain Estate Causes Of Action And For Related Relief.  The bankruptcy court also authorized the debtors to abandon four categories of claims: (i) claims less than $5,000, (ii) payments of rent to landlords, (iii) customer refunds, and (iv) ordinary course reimbursements to employees.  See Order (i) Establishing Omnibus Initial Filing And Pretrial Procedures For Adversary Proceedings Under 11 U.S.C § 544, 545, 547, 548, Or 553 And Certain Adversary Proceedings, (ii) Granting Authority, Pursuant to Fed. Bankr. R. P. 9019, To Compromise And Settle Such Actions, And (iii) Granting Authority To Abandon Certain De Minimis Claims And Causes Of Action dated February 27, 2001.

provides for the enlargement of time to perform acts required under the Bankruptcy

Rules.[16]  As previously discussed, Fed. R. Civ. P. 4(m) requires the court to extend the

period for service of process after the filing of a complaint upon a showing of good cause.

Even absent good cause, this Court has discretion to extend the 120-day service period.

Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996).

46.    Here, the Debtors request an extension to March 31, 2008, an

extension of less than 60 days.  By permitting the Debtors to timely file the Adversary

Proceedings but to defer serving process on defendants, the procedures would enable the

Debtors to preserve valuable business relationships and to continue developing a plan of

reorganization.  The Debtors submit that permitting the Debtors to preserve potentially

valuable assets without prejudicing the rights of any defendant constitutes good cause for

the requested extension.[17]

N.    Stay Of Adversary Proceedings Until Service Of Process

47.    "[T]he power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299

U.S. 248, 254 (1936); see also Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6

(1998).  This inherent power is vested in bankruptcy courts as well.  See Uni-Rty Corp. v.

---

[16]    Bankruptcy Rule 9006(b)(1) provides in relevant part as follows: "[W]hen an act is required or allowed
to be done at or within a specified period by these rules or by a notice given thereunder or by order of
court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the
request therefor is made before the expiration of the period originally prescribed or as extended by a
previous order . . . ."  Fed. R. Bankr. P. 9006(b)(1).

[17]    Similar relief was granted in In re Ames Dep't Stores, Inc., No. 01-42217 (REG) (Bankr. S.D.N.Y.
Feb. 3, 2004).  See Order Extending Time For Service Of Process With Respect To Certain Preference
Actions (Docket No. 2524).

Guangdong Building, Inc. (In re Uni-Rty Corp.), No. 96 Civ. 4573 (DAB), 1998 WL
299941, at *7 (S.D.N.Y. 1998) (recognizing that bankruptcy courts possess inherent
authority to stay proceedings); In re Hagerstown Fiber Ltd. P'ship, 277 B.R. 181, 199
(Bankr. S.D.N.Y. 2002) (court has inherent power to stay proceedings before it,
particularly where stay will promote judicial economy); In re Cleveland, 353 B.R. 254, 260
(Bankr. E.D. Cal. 2006) (staying adversary proceeding pursuant to court's inherent power
to stay proceedings before it); Swift v. Bellucci (In re Bellucci), 119 B.R. 763, 770 (Bankr.
E.D. Cal. 1990) ("a bankruptcy court has the inherent power to control its docket,
including controlling the timing of proceedings on that docket"). The determination
whether a stay of proceedings is appropriate "calls for the exercise of judgment, which
must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 248,
254-55.  The party seeking the stay "bears the burden of demonstrating the wisdom and
justice of a stay." John's Insulation, Inc. v. Siska Const. Co., Inc., 671 F. Supp. 289, 297
(S.D.N.Y. 1987). "[T]he basic goal [is] to avoid prejudice." Volmar Distributors v. New
York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).[18]

       48.     Here, for essentially the same reasons that the Debtors have
articulated for deferring issuance of summonses and service of legal process, this Court
should likewise stay the proceedings while the Debtors pursue plan confirmation.  The stay
will not prejudice the potential defendants.  In fact, the potential defendants will benefit
from the stay inasmuch as they will not need to expend time or resources investigating the

---

[18]    The Volmar court articulated the following factors that may guide a court's exercise of its inherent
power: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as
balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the
defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation;
and (5) the public interest." Id. at 39.

facts relating to, or defending, a lawsuit that the Debtors likely will never need to pursue.

Under these circumstances, this Court should stay each proceeding unless and until the

Debtors request the Clerk of Court to issue summons in that particular proceeding.[19]

O.    Filing Of The Complaints Under Seal

49.    Section 107 of the Bankruptcy Code provides bankruptcy courts

with the power to issue orders that will protect entities from potential harm that may result

from the disclosure of certain confidential information.  Section 107(b)(1) of the

Bankruptcy Code specifically provides in part as follows: "On request of a party in interest,

the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential

research, development, or commercial information . . . ."  11 U.S.C. § 107(b)(1).

50.    The Second Circuit has held that section 107(b) of the Bankruptcy

Code and Rule 9018 of the Bankruptcy Rules do "not require that commercial information

be the equivalent of a trade secret before protecting such information." Video Software

Dealers Ass'n v. Orion Pictures Corp.  (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir.

1994).  Indeed, other courts in this district have stated that it "is required to grant that relief

upon the motion of a party in interest, assuming the information is of the type listed in

section 107(b)." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003)

(citing Video Software, 21 F.3d at 27).  In addition, the Second Circuit has held that a

party seeking the sealing of information is required only to show that the information is

confidential and commercial, and no showing of "good cause" is necessary.  See Video

---

[19]    Similar relief was granted in In re Service Merchandise, Case No. 399-02649 (Bankr. M.D. Tenn.
Mar. 21, 2001), where the bankruptcy court granted the debtors authority to stay certain adversary
proceedings while the debtors were continuing to investigate whether they would ultimately pursue
them.  See Order Authorizing Abandonment And/Or Stay Of Certain Estate Causes Of Action And For
Related Relief.

Software, 21 F.3d at 28.  Thus, a bankruptcy court may enter a sealing order under the

broad confidentiality protections in bankruptcy proceedings where necessary to protect

confidential information.  Id.; see also Global Crossing, 295 B.R. at 725 (The "whole point

of [Bankruptcy Rule 9018] is to protect business entities from disclosure of information

that could reasonably be expected to cause the entity commercial injury.").

   51. Upon the request of a party in interest, a court has no discretion and

must deny public access to information that falls within one of the categories under

Bankruptcy Code section 107(b).  Orion Pictures Corp., 21 F.3d at 27.  If, however, the

information to be protected does not fit into any of the specified categories, then the court

has discretion to decide if the requesting party has shown cause to permit filing under seal.

See In re Bennett Funding Group, Inc., 226 B.R. 331, 336 (Bankr. N.D.N.Y. 1998) (citing

Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978)); Orion Pictures Corp.,

21 F.3d at 27 ("In limited circumstances, courts must deny access to judicial documents").

   52. The power to seal also arises from the inherent power of the court to

control dissemination of its records.  See In re Robert Landau Assocs., Inc. 50 B.R. 670,

676, 677 (Bankr. S.D.N.Y. 1985) (court's inherent power to seal, despite section 107(b)'s

inapplicability, is implicit in section 704(7)'s exception to disclosure—"unless the court

orders otherwise"); In re I.G. Servs. Ltd., 244 B.R. 377, 388 n.14 (Bankr. W.D. Tex. 2000)

(concluding that if section 107 applied to records not filed with court, court still had power

to control dissemination of information beyond scope of section 107), rev'd on other

grounds sub nom. San Antonio Express-News v. Blackwell (In re Blackwell), 263 B.R.

505 (W.D. Tex. 2000); In re Apex Oil Co., 101 B.R. 92, 101-02 (Bankr. E.D. Mo. 1989)

(citing Robert Landau Assocs.); In re EPIC Assocs. V, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985) (exercising inherent supervisory power over its own records and files).   When deciding to allow a debtor to file documents under seal, courts should look at all relevant facts and circumstances and weigh the competing interests of the debtor seeking protection with the general right of the public to access documents filed in a bankruptcy case. Bennett Funding, 226 B.R. at 336.  Relevant factors include (1) whether the debtor will suffer irreparable harm if the information is disclosed, (2) whether the debtor can demonstrate that disclosure will have a negative impact on its estate such that the debtor would be at a disadvantage in comparison with competitors, and (3) whether the debtor is seeking to protect the information on a temporary basis or on a permanent basis.  See generally In re Hemple, 295 B.R. 200, 202 (Bankr. D. Vt. 2003).

53.    The circumstances of this case demonstrate the need for confidentiality to preserve the status quo and to avoid unnecessary harm to the Debtors and others that would be caused by filing these complaints publicly.[20]

\*    \*    \*

54.    In light of the benefits that the relief requested would provide to the Debtors, defendants in Adversary Proceedings, and other stakeholders, and given the

---

[20]    Similar relief was granted in In re Service Merchandise, et al., Case No. 399-02649 (Bankr. M.D. Tenn. Feb. 27, 2001), the bankruptcy court granted the debtors authority to file under seal certain adversary proceedings so that the debtors could continue negotiations with defendants, who were also the debtors' business partners, and to ensure that such defendants continued doing business with the debtors.  See Order (i) Establishing Omnibus Initial Filing And Pretrial Procedures For Adversary Proceedings Under 11 U.S.C § 544, 545, 547, 548, Or 553 And Certain Adversary Proceedings, (ii) Granting Authority, Pursuant to Fed. Bankr. R. P. 9019, To Compromise And Settle Such Actions, And (iii) Granting Authority To Abandon Certain De Minimis Claims And Causes Of Action (permitting debtor to file documents under seal in any adversary proceeding in which debtors also sought to stay the proceeding).

30

authority in support of such relief, the Debtors believe that entry of the proposed order is justified and appropriate.

## Notice Of Motion

55.     Notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order"), and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered October 26, 2006 (Docket No. 5418) (together with the Supplemental Case Management Order, the "Case Management Orders").[21]  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## Memorandum Of Law

56.     Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

---

[21]   In addition to giving notice in accordance with the Case Management Orders, the Debtors will describe the relief obtained through this Motion in their disclosure statement for the Debtors' plan of reorganization.

WHEREFORE the Debtors respectfully request that this Court enter an

order (i) granting the Motion and (ii) granting them such other and further relief as is just.

Dated:    New York, New York
          August 6, 2007

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                              By:    /s/ John Wm. Butler, Jr.
                                     John Wm. Butler, Jr. (JB 4711)
                                     George N. Panagakis (GP 0770)
                                     Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606
                              (312) 407-0700

                                          - and -

                              By:    /s/ Kayalyn A. Marafioti
                                     Kayalyn A. Marafioti (KM 9632)
                                     Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000

                              Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

32

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
      In re                   :       Chapter 11
                                              :
DELPHI CORPORATION, <u>et al.</u>,            :       Case No. 05-44481 (RDD)
                                              :
             Debtors.   :       (Jointly Administered)
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER UNDER 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2),
AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c), AND 9018
(i) AUTHORIZING DEBTORS TO ENTER INTO STIPULATIONS
TOLLING STATUTE OF LIMITATIONS WITH RESPECT TO CERTAIN
CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY CAUSES OF
ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING THOSE
<u>COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553</u>

("PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER")

Upon the motion, dated August 6, 2007 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order (the

"Order")  under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), and 546(a) and Federal

Rule of Bankruptcy Procedure 7004, 9006(c), and 9018 (i) authorizing the Debtors to enter

into stipulations tolling the statute of limitations with respect to certain claims,

(ii) authorizing procedures to identify causes of action that should be preserved, and

(iii) establishing procedures for certain Adversary Proceedings[1] commenced by the

Debtors under 11 U.S.C. § 541, 544, 545, 547, 548, or 553; and upon the record of the

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

hearing held on the Motion; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED.

2.      The filing and service procedures set forth and required under the Bankruptcy Rules, the Local Rules, and any orders of this Court in these chapter 11 cases are modified or waived, as appropriate, as set forth herein with respect to the Adversary Proceedings.

3.      Scope Of The Procedures.  The procedures established by this Order apply to each Adversary Proceeding that the Debtors identify to the Clerk as being subject to these procedures.

4.      Approval Of Tolling Agreements.  The Debtors are hereby authorized to enter into stipulations, substantially in the form annexed to the Motion as Exhibit B, tolling the statute of limitations with respect to claims described in the Motion. Each Debtor is deemed to have entered into a stipulation with other Debtors and affiliated non-Debtor entities.

5.      Procedures To Identify Causes Of Action And Abandonment Authority.  The procedures set forth in the Motion to identify causes of action that should be preserved are approved.  The Debtors are authorized, without the need for any further

2

order or any further notice under Bankruptcy Rule 6007(a), to abandon those causes of action or categories of causes of action that Debtors propose in the Motion to abandon. Subject to the procedures set forth in the Motion, the Debtors are further authorized to abandon certain causes of action not specifically identified in the Motion that they determine should not be pursued, including the categories of actions set forth in the Motion, without the need for any further order or any further notice under Bankruptcy Rule 6007(a). The Debtors may abandon additional causes of action after giving notice to the Statutory Committees. If a Statutory Committee objects within 10 days after service of the notice, the Debtors may bring the matter before this Court for a ruling on whether the proposed abandonment satisfies section 554(a) of the Bankruptcy Code.

6.    Scope Of Fraudulent Transfer Review. For purposes of identifying and preserving potential fraudulent transfer claims, the Debtors need only review the following categories of transactions: merger and acquisition deals at or exceeding $20 million, transfers to Delphi's board of directors or strategy board members other than for compensation or ordinary-course expense reimbursement (if any), unusual securities transactions (if any), dividend distributions to 5% shareholders, and Delphi's financially troubled supplier program.

7.    Filing Of Complaints Under Seal. The Clerk of Court is directed to accept for filing, under seal, paper copies of the complaint in each Adversary Proceeding that the Debtors indicate are subject to these procedures. The Clerk of Court also is directed to seal the case docket for any such Adversary Proceeding so that it is not available for public access. The Debtors shall coordinate with the Clerk of Court to

3

accomplish an efficient and cost-effective filing of the complaints contemplated by this order. The Debtors shall submit to the Clerk, under seal, appropriate electronic media containing PDF copies of the complaints. This order shall not preclude the Debtors, in their sole discretion, from making a copy of a complaint available to parties. The Debtors and GM shall have leave to file, under seal, a stipulation that contains tolling provisions, consistent with this order, and other agreements of the parties with respect to the sealed complaint involving GM, which stipulation shall be deemed "so ordered" and shall be sealed in accordance with the terms of this order.

8.    <u>Modification Of Federal Rule Of Civil Procedure 4(m)</u>.  The Debtors shall have until March 31, 2008 to serve each defendant with summons and complaint, without prejudice to further extensions.

9.    <u>Stay Of Adversary Proceedings</u>.  All activity in the Adversary Proceedings that the Debtors indicate are subject to these procedures shall be stayed until the earlier of (i) the Debtors' service of a summons and complaint on the defendant in any Adversary Proceeding and (ii) further order of this Court. Notwithstanding the stay, the Debtors may amend their complaint during the stay. Also, during the stay, the Debtors may dismiss any Adversary Proceeding after notice to counsel to the Statutory Committees. If a Statutory Committee objects within 10 days after service of the notice of dismissal, the Debtors may bring the matter before this Court for a ruling on whether the proposed dismissal satisfies section 554(a) of the Bankruptcy Code.

10.     <u>Deferral Of Issuance Of Summons</u>.  The Clerk of Court is directed not to issue summons until either the stay is lifted with respect to a particular Adversary Proceeding or the Debtors request the Clerk of Court to issue a summons.

11.     <u>Service Of Order With Summons And Complaint</u>.  The Debtors must serve a copy of this order upon each defendant in any Adversary Proceeding either when the Debtors serve a summons and complaint on the defendant or as soon thereafter as practicable.

12.     <u>Additional Procedures</u>.  This Order is without prejudice to the Debtors' seeking additional procedures to govern the Adversary Proceedings.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

14.     The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: August ___, 2007
       New York, New York

_____
      UNITED STATES BANKRUPTCY JUDGE

5

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
    Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :
    In re                                     :    Chapter 11
                                              :
DELPHI CORPORATION, et al.,                   :    Case No. 05-44481 (RDD)
                                              :
                                              :    (Jointly Administered)
                        Debtors.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STIPULATION TOLLING APPLICABLE STATUTES OF LIMITATIONS WITH RESPECT TO CLAIMS AGAINST [DEFENDANT]

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the

1

"Debtors"), and [Defendant], and its affiliates and subsidiaries, hereby agree and state as follows:

    WHEREAS on October 8, 2007 and October 14, 2007 (together, the "Filing Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

    WHEREAS in the course of the Debtors' bankruptcy cases, claims and causes of action under or through various provisions of the Bankruptcy Code, including, without limitation, sections 502, 541, 544, 545, 547, 548, 550, and 553 of the Bankruptcy Code, might be asserted by one or more of the Debtors or asserted on behalf of the Debtors' estates against [Defendant].

    WHEREAS [Defendant] might wish to assert defenses, setoffs, and counterclaims to such claims or causes of action by the Debtors.

    WHEREAS the Debtors and [Defendant] seek to avoid the cost and expense of unnecessary motion practice and litigation and seek to preserve all of their respective legal rights without allowing any applicable statute of limitations to expire and without acknowledging in any way that valid claims, causes of action, or defenses thereto exist or do not exist.

    THEREFORE, the Debtors and [Defendant] stipulate and agree as follows:

    1.  The running of any applicable statute of limitations under sections 108 and 546(a) of the Bankruptcy Code, and all other time limitations or time-based defenses concerning any claim or cause of action against [Defendant] which might

be asserted by one or more of the Debtors or asserted on behalf of the Debtors' estates under or through various provisions of the Bankruptcy Code, including, without limitation, any of sections 502, 541, 544, 545, 547, 548, and 553 of the Bankruptcy Code (the "Claims"), is hereby tolled.

2.    The time elapsed during the Tolled Period (defined below) with respect to the Claims is excluded from any computation of time for purposes of any argument or defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right.  As of the termination of this stipulation, the rights of each of the undersigned parties and their successors, assigns, and legal representatives with respect to the Claims will be as they were immediately before the execution of this stipulation with respect to the interposition of any argument or defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right.  This stipulation does not revive any Claim which was barred by the statute of limitations or any other time-based defense before the date this stipulation was executed.

3.    The provisions of this stipulation extend up to and include the first business day nine months following entry of an order confirming the Plan, as the same may have been amended or modified before its entry (the "Tolled Period").

4.    Notwithstanding the provisions contained herein, in the sole and absolute discretion of the Debtors, or their respective successors and assigns, the Debtors or such successors and assigns are permitted to commence any litigation against [Defendant] during the Tolled Period.

3

5.      Each of the parties acknowledges that it has read all of the terms of this stipulation and enters into those terms voluntarily and without duress.

6.      This stipulation contains the entire agreement between the parties regarding the provisions set forth above and may be modified only in a writing signed by the parties or their duly appointed agents, upon notice to counsel for the an official committee of unsecured creditors

7.      This stipulation is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists against [Defendant] or that any valid defense to any such claim or cause of action exists.

8.      Except as expressly set forth in this stipulation, each of the parties hereto reserves all rights and remedies that it may have against the other.

9.      The parties intend that this stipulation and Order and the tolling contemplated hereby shall not impair, diminish, or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has jurisdiction as of the date of execution of this stipulation, to adjudicate any claim, action, or proceeding relating to or arising out of any matter referred to above.  In particular, the parties understand, and the Bankruptcy Court by approving this stipulation or form of stipulation finds and determines, that section 546(a) of the Bankruptcy Code constitutes a true statute of limitations which may be tolled by the parties' agreement.  The parties nevertheless recognize that there exist dicta in certain reported cases indicating that some courts (which have considered section 546(a) of the Bankruptcy Code to impose a temporal limit on the jurisdiction of the Bankruptcy Court) might hold that section 546(a) could not be tolled by agreement.  If a final and non-

4

appealable order of a court of competent jurisdiction determines that (i) the time

limitations described in section 546(a) cannot be effectively tolled by agreement and

(ii) the Bankruptcy Court therefore cannot adjudicate any such claim, action, or

proceeding, then the non-Debtor party to each stipulation (as a new and separate obligation

and in consideration of the forbearance provided for hereby) must pay to each Debtor that

amount, if any, which the Bankruptcy Court by final order determines would have been the

ultimate net liability of the non-Debtor party to such Debtor on any such claim, action, or

proceeding if an adversary proceeding on such claim, action, or proceeding had been

commenced in Bankruptcy Court on the date this stipulation was executed, but giving full

effect to any and all other defenses or counterclaims of any kind or nature that the non-

Debtor party could assert in such an adversary proceeding.  If the Bankruptcy Court is not

competent to make such a determination, the determination will be made by binding

arbitration, and the Debtors and the non-Debtor party hereby irrevocably submit to such

binding arbitration in accordance with the arbitration rules of [_____]

(but only in the event that the Bankruptcy Court is not competent to make the

determination as described above) and to entry of judgment upon the arbitration award in

the Bankruptcy Court or any court of competent jurisdiction.

       10.    This stipulation is deemed to have been jointly drafted by the parties

hereto, and, in constructing and interpreting this stipulation, no provision may be construed

and interpreted for or against any of the parties because such provision or any other

provision of this stipulation, or this stipulation as a whole, was purportedly prepared or

requested by that party.

11.     This stipulation and the rights and obligations of the parties hereunder are governed by, and construed and interpreted in accordance with, the laws of the State of New York and, to the extent applicable, federal bankruptcy law, and any action or proceeding to enforce the rights and obligations of the parties hereunder must originally and exclusively be brought in the Bankruptcy Court.

12.     This stipulation is effective as of the date it is fully executed and is binding upon, and inures to the benefit of, the successors, representatives, assigns, and heirs of the parties hereto.

13.     Each stipulation is deemed "So Ordered" upon execution thereof.

14.     This stipulation may be executed in counterparts and by facsimile signature, and all executed counterparts and facsimile signatures taken together constitute one document.

15.     Except as otherwise expressly provided herein, the use of the singular of any word includes the plural and the use of the plural includes the singular.

6

DATED: New York, New York
_____, 2007


[Debtor-in-Possession]                                [Defendant]

By: _____      By: _____


[Attorneys for Debtor-in-Possession]           [Attorneys for Defendant]

By: _____      By: _____

7

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
George N. Panagakis (GP 0770)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
  Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
     In re                          :     Chapter 11
                                        :
DELPHI CORPORATION, et al.,    :     Case No. 05-44481 (RDD)
                                        :
                 Debtors.  :     (Jointly Administered)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF EXPEDITED MOTION FOR ORDER UNDER 11 U.S.C. §§ 102(1)(A),
105(a), 107, 108(a)(2), AND 546(a) AND FED. R. BANKR. P. 7004, 9006(c),
AND 9018 (i) AUTHORIZING DEBTORS TO ENTER INTO STIPULATIONS
TOLLING STATUTE OF LIMITATIONS WITH RESPECT TO
CERTAIN CLAIMS, (ii) AUTHORIZING PROCEDURES TO IDENTIFY CAUSES
OF ACTION THAT SHOULD BE PRESERVED, AND (iii) ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS INCLUDING
THOSE COMMENCED BY DEBTORS UNDER 11 U.S.C. § 541, 544, 545, 547, 548, OR 553

PLEASE TAKE NOTICE that on August 6, 2007, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed an Expedited Motion For Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And 546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under 11 U.S.C. § 541, 544, 545, 547, 548, Or 553 (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on August 16, 2007, at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, and Administrative Procedures, entered March 20, 2006 (Docket No. 2883) (the "Supplemental Case Management Order") and the Amended Eighth Supplemental Order Under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing Omnibus Hearing Dates and Certain Notice, Case Management, and Administrative Procedures, entered October 26, 2006 (Docket No. 5418)

2

(together with the Supplemental Case Management Order, the "Case Management Orders"),

(c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) –

registered users of the Bankruptcy Court's case filing system must file electronically, and all

other parties-in-interest must file on a 3.5 inch disk (preferably in Portable Document Format

(PDF), WordPerfect, or any other Windows-based word processing format), (d) be submitted in

hard-copy form directly to the chambers of the Honorable Robert D. Drain, United States

Bankruptcy Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy,

Michigan 48098 (Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate,

Meagher & Flom LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John

Wm. Butler, Jr.), (iii) counsel for the agent under the postpetition credit facility, Davis Polk &

Wardwell, 450 Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and

Brian Resnick), (iv) counsel for the Official Committee of Unsecured Creditors, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and

Mark A. Broude), (v) counsel for the Official Committee of Equity Security Holders, Fried,

Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004

(Att'n: Bonnie Steingart), and (vi) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, Suite 2100, New York, New York 10004 (Att'n:

Alicia M. Leonhard), in each case so as to be **received** no later than **4:00 p.m. (prevailing**

**Eastern time) on August 13, 2007** (the "Objection Deadline").

3

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth herein and in accordance with the Case Management Orders will be considered by the Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in accordance with the procedures set forth herein and in the Case Management Orders, the Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:          New York, New York
                August 6, 2007

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                     & FLOM LLP

                            By:    /s/ John Wm. Butler, Jr.
                                   John Wm. Butler, Jr. (JB 4711)
                                   George N. Panagakis (GP 0770)
                                   Ron E. Meisler (RM 3026)
                            333 West Wacker Drive, Suite 2100
                            Chicago, Illinois 60606
                            (312) 407-0700

                                    - and -

                            By:    /s/ Kayalyn A. Marafioti
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                            Four Times Square
                            New York, New York 10036
                            (212) 735-3000

                            Attorneys for Delphi Corporation, et al.,
                             Debtors and Debtors-in-Possession

4

## EXHIBIT D

**Extension of Avoidance Action Service Deadline Motion**

**Hearing Date And Time: March 19, 2008 at 10:00 a.m.**
**Objection Deadline: March 12, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

     - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
     Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :
         In re                     :    Chapter 11
                                       :
DELPHI CORPORATION, et al.,        :    Case No. 05-44481 (RDD)
                                       :
                                       :    (Jointly Administered)
           Debtors.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

("EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE MOTION")



Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection

With Preservation Of Estate Claims Procedures Order (Docket No. 9105) (the "Motion"), and

respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code

sections 1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders.

3.    On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization

Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket

No. 9263) and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of

Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket

No. 9264).  Subsequently, on December 10, 2007, the Debtors filed the First Amended Joint Plan

Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-

Possession  (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with

2

respect to the Plan (Docket No. 11388) (the "Disclosure Statement").  The Court entered an

order approving the adequacy of the Disclosure Statement and granting the related solicitation

procedures motion on December 10, 2007 (Docket No. 11389).  On January 25, 2008, the Court

entered an order confirming the Plan (as modified) (Docket No. 12359) (the "Confirmation

Order"), which became a final order on February 4, 2008.

       4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core

proceeding under 28 U.S.C. § 157(b)(2).

       5.      The statutory predicates for the relief requested herein are rules 7004 and

9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 4(m) of

the Federal Rules of Civil Procedure.

B.      <u>Current Business Operations Of The Debtors</u>

       6.      Delphi and its subsidiaries and affiliates (collectively, the "Company") as

of December 31, 2007 had global net sales of $22.3 billion and global assets of approximately

$13.7 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and have continued their business operations without supervision from the Court.[2]

_____

[1]    The aggregated financial data used herein generally consists of consolidated information from Delphi and its
worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 19, 2008.

[2]    On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core
automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency
proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso
receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of
which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31,
2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing
footprint and to lower its overall cost structure.

3

7.      The Company is a leading global technology innovator with significant engineering resources and technical competencies in a variety of disciplines, and is one of the largest global suppliers of vehicle electronics, transportation components, integrated systems and modules, and other electronic technology.  The Company supplies products to nearly every major global automotive original equipment manufacturer ("OEM").

8.      Delphi was incorporated in Delaware in 1998 as a wholly owned subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the assets and liabilities of these divisions and subsidiaries were transferred to the Company in accordance with the terms of a Master Separation Agreement between Delphi and GM.  In connection with these transactions, Delphi accelerated its evolution from a North American-based, captive automotive supplier to a global supplier of components, integrated systems, and modules for a wide range of customers and applications.  Although GM is still the Company's single largest customer, today more than half of Delphi's revenue is generated from non-GM sources.

C.      Events Leading To The Chapter 11 Filing

9.      In the first two years following Delphi's separation from GM, the Company generated approximately $2 billion in net income.  Every year thereafter, however, with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]  Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

---

[3]   Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in calendar year 2004 was $482 million.

4

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

10.    The Debtors believe that the Company's financial performance

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which

have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production

environment for domestic OEMs resulting in the reduced number of motor vehicles that GM

produces annually in the United States and related pricing pressures, and (iii) increasing

commodity prices.

11.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

12.    On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business; second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company; third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

5

make the necessary manufacturing alignment with their new focus; fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable

solution to their current pension situation.

E.    Confirmation Of The Debtors' Plan Of Reorganization

13.    The confirmed Plan is based upon a series of global settlements and

compromises that involve nearly every major constituency in the Debtors' reorganization cases.

The Global Settlement Agreement and the Master Restructuring Agreement provide for a

comprehensive settlement with GM, and both agreements were approved by this Court in the

Confirmation Order.  With the Plan confirmed, the Debtors are focusing their efforts on

satisfying the conditions for the Plan to become effective and allow them to emerge from chapter

11.  The Debtors anticipate having the Plan become effective as soon as reasonably practicable.

14.    Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of

its resources to continue to deliver high-quality products to its customers globally.  Additionally,

the Company will preserve and continue the strategic growth of its non-U.S. operations and

maintain its prominence as the world's premier auto supplier.

F.    The Establishment Of Procedures to Preserve Estate Claims

15.    Before the confirmation of the Debtors' Plan, this Court entered on

August 16, 2007 that certain Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And

546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into

Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing

Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing

6

Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under

11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Order")

(Docket No. 9105).

16.    The purpose of the Preservation Of Estate Claims Procedures Order was

two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue (or abandon)

certain avoidance actions before the then-impending expiration of the two-year statute of

limitations to file such actions; on the other hand, it established procedures to avoid having to

force all potential defendants to retain counsel and defend against the adversary proceedings

when, in fact, the Debtors anticipated that most of them would be resolved upon the Debtors'

emergence from chapter 11 and thus never pursued.  To that end, the Preservation Of Estate

Claims Procedures Order (i) allowed the Debtors to file adversary proceeding complaints under

seal, (ii) directed the Clerk of Court to delay issuing summonses for complaints unless and until

the Debtors notified the Clerk of Court of their intent to prosecute such actions, (iii) stayed each

adversary action unless and until the Debtors make service of process on the respective

defendants, and (iv) extended the deadline under Fed. R. Civ. P. 4(m) by which the Debtors

would have to serve process to March 31, 2008, which was less than 60 days beyond the 120-day

deadline, so that the complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).

Such relief was intended to allow the Debtors to preserve potentially valuable assets without

disrupting the Plan process or business relationships or prejudicing the rights of any defendants.

17.    In accordance with the Preservation Of Estate Claims Procedures Order,

the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by filing

complaints under seal.  On January 25, 2008, the Court entered the Confirmation Order.  Under

7

the Plan, the Debtors will not retain any of the causes of action asserted in the Adversary

Proceedings except those specifically listed on Exhibit 7.24 to the Plan.[4]

Relief Requested

18.    By this Motion, the Debtors request entry of an order under Bankruptcy

Rule 9006(b)(1) and Federal Rule Of Civil Procedure 4(m), made applicable by Bankruptcy

Rule 7004(a), to extend the deadline by which the Debtors would be required to serve a

summons and complaint upon each defendant under the Preservation Of Estate Claims

Procedures Order.  Specifically, the Debtors request that the existing March 31, 2008 service

deadline set forth in the Preservation Of Estate Claims Procedures Order be extended by two

months to May 31, 2008.  The Debtors accordingly request that the Court enter the proposed

Extension of Avoidance Action Service Deadline Order, a copy of which is annexed hereto as

Exhibit A.

Basis For Relief

19.    The Debtors intend to emerge from chapter 11 as soon as reasonably

practicable.  Under the Preservation Of Estate Claims Procedures Order, however, the Debtors'

current deadline to serve the summons and complaint on every defendant in the Adversary

Proceedings is March 31, 2008.  To meet the March 31, 2008 deadline for each of the defendants,

the Debtors would first have to request that the Clerk of Court issue in the coming weeks

summonses for each of the 742 Adversary Proceedings to allow enough time for the summonses

to be issued and subsequently served with the complaints by the March 31, 2008 deadline.

---

[4]    Of the five categories of claims listed by the Debtors on Exhibit 7.24 to the Plan, only the claims relating to
Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their
affiliates and subsidiaries are subject to the Preservation Of Estate Claims Procedures Order.  (See Exhibit 7.24
to the Plan (Docket No. 11608).)

20.     Contemplating that further extensions may be necessary to achieve the
goals of the Preservation Of Estate Claims Procedures Order, that order expressly provided that
the Debtors' previous extension of the deadline for services of process was "without prejudice [to
the Debtors' ability] to seek further extensions" if appropriate.  (See Preservation Of Estate
Claims Procedures Order ¶ 8.)

21.     The Debtors now believe that the short two-month extension of the Fed. R.
Civ. P. 4(m) deadline that is requested in this Motion is appropriate, and that there is good cause
for such an extension.  Such an extension would enable the Debtors to fulfill their fiduciary
responsibility to preserve valuable estate assets in a manner that would not unnecessarily disrupt
the emergence process or the Debtors' current business relationships with potential defendants
that are necessary to the Debtors' ongoing operations.  Moreover, the requested limited extension
would reduce the administrative and economic burdens of the Adversary Proceedings on the
Debtors, the Court, the Clerk of Court, and the potential defendants.  Specifically, the Debtors
believe that the resources that they, the Court, the Clerk of Court, and the defendants would need
to expend on issuing and serving 742 summonses and complaints in the Adversary Proceedings
at this time—and the potential need thereafter to prosecute and defend such adversary
proceedings—would not be in the best interests of the Debtors' estates, the Debtors' stakeholders,
and other parties-in-interest because most of the Adversary Proceedings will not be prosecuted
once the Plan becomes effective.  The Debtors submit that these reasons comprise good cause for
the requested extension.

Applicable Authority

22.     The Bankruptcy Rules and Federal Rules of Civil Procedure grant this
Court discretion to adopt and implement guidelines which will aid in the administration of
Adversary Proceedings, including discretion to grant the proposed extension of the service of

9

process deadline.  See In re Sheehan, 253 F.3d 507, 511 (9th Cir. 2001) ("The time for service in

an adversary proceeding may be extended under two different rules: Rule 4(m) of the Federal

Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

   23.  Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to

perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be

done at or within a specified period by these rules or by a notice given thereunder or by order of

court, the court for cause shown may at any time in its discretion . . . order the period enlarged if

the request therefor is made before the expiration of the period originally prescribed or as

extended by a previous order . . . ."  Fed. R. Bankr. P. 9006(b)(1).

   24.  Moreover, Fed. R. Civil P. 4(m), made applicable here by Bankruptcy

Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of

process after the filing of a complaint.  See Bank of Cape Verde v. Bronson, 167 F.R.D. 370,

371-72 (S.D.N.Y. 1996) (good cause existed when future events would have likely "obviated the

need to serve the [] complaint" and when plaintiff requested extension before Fed. R. Civ. P. 4(m)

deadline expired).  Even absent good cause, this Court has discretion to extend the 120-day

service period.  See Mejia v. Castle Hotel Inc., 164 F.R.D. 343, 345 (S.D.N.Y. 1996).

   25.  The Debtors accordingly request that the Court enter the proposed order,

annexed hereto as Exhibit A, which would extend by two months (i.e., from March 31, 2008 to

May 31, 2008) the Debtors' Fed. R. Civ. P. 4(m) deadline to serve each defendant in the

Adversary Proceedings commenced in connection with the Preservation Of Estate Claims

Procedures Order with a summons and a copy of the complaint, without prejudice to the Debtors'

right to seek further extensions of the deadline.[5]

Notice Of Motion

26.    Notice of this Motion has been provided in accordance with the

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Tenth

Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006,

9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management,

And Administrative Procedures, entered February 4, 2008 (Docket No. 12487).  In light of the

nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

27.    Because the legal points and authorities upon which this Motion relies are

incorporated herein, the Debtors respectfully request that the requirement of the service and

filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York be deemed

satisfied.

---

[5]    Similar relief was granted in In re Ames Dep't Stores, Inc., No. 01-42217 (REG) (Bankr. S.D.N.Y. Feb. 3, 2004).  (See Order Extending Time For Service Of Process With Respect To Certain Preference Actions (Docket No. 2524).)

WHEREFORE the Debtors respectfully request that the Court enter an order

(a) granting the relief requested herein and (b) granting the Debtors such other and further relief

as is just.

Dated:    New York, New York
          February 28, 2008

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP

By:   /s/ John Wm. Butler, Jr.
      John Wm. Butler, Jr. (JB 4711)
      John K. Lyons (JL 9331)
      Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606

       - and -

By:   /s/ Kayalyn A. Marafioti
      Kayalyn A. Marafioti (KM 9632)
      Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
      In re                               :        Chapter 11
                                          :
DELPHI CORPORATION, <u>et al.</u>,        :        Case No. 05-44481 (RDD)
                                          :
             Debtors.         :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE ORDER")

        Upon the motion, dated February 28, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under

Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal Rule of Civil

Procedure 4(m) to extend the deadline to serve process for Adversary Proceedings[1]

commenced in connection with the Preservation Of Estate Claims Procedures Order[2]

(Docket No. 9105); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further notice

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.

is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Paragraph 8 of the Preservation Of Estate Claims Procedures Order is modified so that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve a defendant in the Adversary Proceedings with a summons and complaint is further extended to May 31, 2008, without prejudice to the Debtors' right to seek further extensions.  The Debtors shall serve a copy of this order upon each defendant in any Adversary Proceeding either when the Debtors serve a summons and complaint on such defendant or as soon thereafter as practicable.  All other provisions of the Preservation Of Estate Claims Procedures Order shall remain in effect.

3.    This order shall be deemed entered in each of the Adversary Proceedings.

4.    The Debtors shall file a copy of this order in each of the Adversary Proceedings.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

2

6.        The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
        March ___, 2008


_____
    UNITED STATES BANKRUPTCY JUDGE

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02209 | 07-02251 |
| 07-02084 | 07-02213 | 07-02255 |
| 07-02090 | 07-02214 | 07-02259 |
| 07-02096 | 07-02219 | 07-02261 |
| 07-02101 | 07-02224 | 07-02265 |
| 07-02106 | 07-02227 | 07-02267 |
| 07-02115 | 07-02231 | 07-02270 |
| 07-02120 | 07-02077 | 07-02273 |
| 07-02124 | 07-02080 | 07-02276 |
| 07-02138 | 07-02083 | 07-02277 |
| 07-02142 | 07-02091 | 07-02280 |
| 07-02147 | 07-02095 | 07-02281 |
| 07-02150 | 07-02102 | 07-02282 |
| 07-02154 | 07-02105 | 07-02283 |
| 07-02157 | 07-02112 | 07-02284 |
| 07-02163 | 07-02117 | 07-02288 |
| 07-02170 | 07-02123 | 07-02291 |
| 07-02184 | 07-02125 | 07-02293 |
| 07-02190 | 07-02128 | 07-02074 |
| 07-02198 | 07-02130 | 07-02078 |
| 07-02202 | 07-02135 | 07-02082 |
| 07-02204 | 07-02137 | 07-02085 |
| 07-02208 | 07-02143 | 07-02089 |
| 07-02076 | 07-02148 | 07-02093 |
| 07-02081 | 07-02152 | 07-02108 |
| 07-02087 | 07-02159 | 07-02114 |
| 07-02097 | 07-02165 | 07-02119 |
| 07-02104 | 07-02169 | 07-02122 |
| 07-02112 | 07-02174 | 07-02126 |
| 07-02132 | 07-02175 | 07-02129 |
| 07-02140 | 07-02182 | 07-02131 |
| 07-02145 | 07-02189 | 07-02136 |
| 07-02153 | 07-02196 | 07-02141 |
| 07-02160 | 07-02200 | 07-02146 |
| 07-02166 | 07-02088 | 07-02151 |
| 07-02171 | 07-02094 | 07-02156 |
| 07-02180 | 07-02099 | 07-02158 |
| 07-02186 | 07-02103 | 07-02164 |
| 07-02191 | 07-02109 | 07-02167 |
| 07-02195 | 07-02110 | 07-02172 |
| 07-02201 | 07-02239 | 07-02176 |
| 07-02205 | 07-02244 | 07-02179 |
| 07-02207 | 07-02248 | 07-02183 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02187 | 07-02107 | 07-02334 |
| 07-02193 | 07-02111 | 07-02337 |
| 07-02233 | 07-02118 | 07-02340 |
| 07-02238 | 07-02107 | 07-02346 |
| 07-02243 | 07-02149 | 07-02350 |
| 07-02247 | 07-02162 | 07-02354 |
| 07-02249 | 07-02173 | 07-02359 |
| 07-02253 | 07-02178 | 07-02237 |
| 07-02257 | 07-02185 | 07-02240 |
| 07-02263 | 07-02192 | 07-02246 |
| 07-02075 | 07-02197 | 07-02258 |
| 07-02086 | 07-02203 | 07-02264 |
| 07-02100 | 07-02211 | 07-02271 |
| 07-02116 | 07-02214 | 07-02274 |
| 07-02121 | 07-02218 | 07-02279 |
| 07-02127 | 07-02223 | 07-02285 |
| 07-02133 | 07-02229 | 07-02289 |
| 07-02139 | 07-02232 | 07-02294 |
| 07-02144 | 07-02234 | 07-02298 |
| 07-02155 | 07-02236 | 07-02302 |
| 07-02161 | 07-02242 | 07-02312 |
| 07-02168 | 07-02215 | 07-02316 |
| 07-02177 | 07-02220 | 07-02324 |
| 07-02181 | 07-02222 | 07-02330 |
| 07-02188 | 07-02226 | 07-02336 |
| 07-02194 | 07-02230 | 07-02342 |
| 07-02199 | 07-02252 | 07-02347 |
| 07-02206 | 07-02256 | 07-02783 |
| 07-02210 | 07-02262 | 07-02355 |
| 07-02212 | 07-02266 | 07-02361 |
| 07-02217 | 07-02269 | 07-02367 |
| 07-02221 | 07-02272 | 07-02373 |
| 07-02225 | 07-02275 | 07-02379 |
| 07-02228 | 07-02278 | 07-02397 |
| 07-02235 | 07-02299 | 07-02405 |
| 07-02241 | 07-02303 | 07-02268 |
| 07-02245 | 07-02306 | 07-02296 |
| 07-02250 | 07-02309 | 07-02304 |
| 07-02254 | 07-02314 | 07-02308 |
| 07-02260 | 07-02318 | 07-02311 |
| 07-02079 | 07-02321 | 07-02315 |
| 07-02092 | 07-02326 | 07-02320 |
| 07-02098 | 07-02329 | 07-02323 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02328 | 07-02485 | 07-02706 |
| 07-02333 | 07-02488 | 07-02708 |
| 07-02784 | 07-02490 | 07-02710 |
| 07-02338 | 07-02493 | 07-02712 |
| 07-02341 | 07-02497 | 07-02714 |
| 07-02345 | 07-02499 | 07-02715 |
| 07-02349 | 07-02503 | 07-02717 |
| 07-02351 | 07-02506 | 07-02718 |
| 07-02356 | 07-02510 | 07-02719 |
| 07-02360 | 07-02513 | 07-02720 |
| 07-02363 | 07-02517 | 07-02721 |
| 07-02364 | 07-02521 | 07-02723 |
| 07-02369 | 07-02525 | 07-02726 |
| 07-02374 | 07-02528 | 07-02728 |
| 07-02377 | 07-02532 | 07-02730 |
| 07-02382 | 07-02535 | 07-02732 |
| 07-02384 | 07-02538 | 07-02734 |
| 07-02386 | 07-02544 | 07-02736 |
| 07-02388 | 07-02547 | 07-02738 |
| 07-02390 | 07-02549 | 07-02739 |
| 07-02392 | 07-02286 | 07-02741 |
| 07-02393 | 07-02290 | 07-02743 |
| 07-02396 | 07-02295 | 07-02745 |
| 07-02402 | 07-02297 | 07-02747 |
| 07-02407 | 07-02301 | 07-02749 |
| 07-02417 | 07-02305 | 07-02751 |
| 07-02421 | 07-02310 | 07-02753 |
| 07-02430 | 07-02317 | 07-02754 |
| 07-02442 | 07-02322 | 07-02756 |
| 07-02445 | 07-02327 | 07-02758 |
| 07-02449 | 07-02332 | 07-02760 |
| 07-02452 | 07-02335 | 07-02761 |
| 07-02454 | 07-02343 | 07-02762 |
| 07-02458 | 07-02348 | 07-02764 |
| 07-02461 | 07-02352 | 07-02766 |
| 07-02464 | 07-02357 | 07-02368 |
| 07-02467 | 07-02362 | 07-02371 |
| 07-02470 | 07-02366 | 07-02375 |
| 07-02473 | 07-02372 | 07-02378 |
| 07-02475 | 07-02696 | 07-02381 |
| 07-02478 | 07-02701 | 07-02383 |
| 07-02481 | 07-02703 | 07-02785 |
| 07-02483 | 07-02704 | 07-02387 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02389 | 07-02498 | 07-02537 |
| 07-02391 | 07-02500 | 07-02540 |
| 07-02394 | 07-02504 | 07-02543 |
| 07-02398 | 07-02511 | 07-02545 |
| 07-02400 | 07-02515 | 07-02548 |
| 07-02401 | 07-02507 | 07-02559 |
| 07-02403 | 07-02520 | 07-02560 |
| 07-02406 | 07-02524 | 07-02561 |
| 07-02408 | 07-02527 | 07-02562 |
| 07-02410 | 07-02530 | 07-02563 |
| 07-02413 | 07-02533 | 07-02564 |
| 07-02416 | 07-02536 | 07-02565 |
| 07-02420 | 07-02541 | 07-02566 |
| 07-02423 | 07-02414 | 07-02567 |
| 07-02425 | 07-02418 | 07-02568 |
| 07-02428 | 07-02424 | 07-02569 |
| 07-02429 | 07-02427 | 07-02570 |
| 07-02432 | 07-02433 | 07-02571 |
| 07-02434 | 07-02435 | 07-02572 |
| 07-02436 | 07-02439 | 07-02573 |
| 07-02438 | 07-02447 | 07-02574 |
| 07-02441 | 07-02451 | 07-02575 |
| 07-02443 | 07-02455 | 07-02576 |
| 07-02446 | 07-02459 | 07-02577 |
| 07-02448 | 07-02462 | 07-02578 |
| 07-02450 | 07-02465 | 07-02580 |
| 07-02453 | 07-02469 | 07-02582 |
| 07-02456 | 07-02471 | 07-02583 |
| 07-02457 | 07-02476 | 07-02584 |
| 07-02460 | 07-02479 | 07-02585 |
| 07-02463 | 07-02482 | 07-02587 |
| 07-02786 | 07-02487 | 07-02589 |
| 07-02466 | 07-02491 | 07-02591 |
| 07-02468 | 07-02496 | 07-02287 |
| 07-02472 | 07-02501 | 07-02292 |
| 07-02474 | 07-02508 | 07-02300 |
| 07-02477 | 07-02512 | 07-02307 |
| 07-02480 | 07-02516 | 07-02313 |
| 07-02484 | 07-02518 | 07-02319 |
| 07-02486 | 07-02522 | 07-02325 |
| 07-02489 | 07-02526 | 07-02331 |
| 07-02492 | 07-02529 | 07-02339 |
| 07-02495 | 07-02531 | 07-02344 |

**DELPHI ADVERSARY PROCEEDING NUMBERS**

| | | |
|---|---|---|
| 07-02353 | 07-02755 | 07-02640 |
| 07-02358 | 07-02757 | 07-02641 |
| 07-02365 | 07-02759 | 07-02642 |
| 07-02370 | 07-02763 | 07-02643 |
| 07-02376 | 07-02765 | 07-02644 |
| 07-02380 | 07-02767 | 07-02645 |
| 07-02385 | 07-02768 | 07-02646 |
| 07-02395 | 07-02769 | 07-02647 |
| 07-02419 | 07-02770 | 07-02648 |
| 07-02689 | 07-02771 | 07-02649 |
| 07-02690 | 07-02772 | 07-02650 |
| 07-02691 | 07-02773 | 07-02651 |
| 07-02692 | 07-02774 | 07-02652 |
| 07-02693 | 07-02775 | 07-02653 |
| 07-02694 | 07-02776 | 07-02654 |
| 07-02695 | 07-02777 | 07-02655 |
| 07-02697 | 07-02778 | 07-02656 |
| 07-02698 | 07-02779 | 07-02657 |
| 07-02699 | 07-02617 | 07-02658 |
| 07-02700 | 07-02618 | 07-02659 |
| 07-02702 | 07-02619 | 07-02660 |
| 07-02705 | 07-02620 | 07-02661 |
| 07-02707 | 07-02621 | 07-02662 |
| 07-02709 | 07-02622 | 07-02663 |
| 07-02711 | 07-02623 | 07-02664 |
| 07-02713 | 07-02624 | 07-02665 |
| 07-02716 | 07-02625 | 07-02666 |
| 07-02722 | 07-02626 | 07-02667 |
| 07-02724 | 07-02627 | 07-02668 |
| 07-02725 | 07-02628 | 07-02669 |
| 07-02727 | 07-02629 | 07-02670 |
| 07-02729 | 07-02787 | 07-02671 |
| 07-02731 | 07-02630 | 07-02672 |
| 07-02733 | 07-02631 | 07-02673 |
| 07-02735 | 07-02788 | 07-02674 |
| 07-02737 | 07-02632 | 07-02675 |
| 07-02740 | 07-02633 | 07-02676 |
| 07-02742 | 07-02634 | 07-02677 |
| 07-02744 | 07-02635 | 07-02678 |
| 07-02746 | 07-02336 | 07-02679 |
| 07-02748 | 07-02637 | 07-02680 |
| 07-02750 | 07-02638 | 07-02681 |
| 07-02752 | 07-02639 | 07-02682 |

**DELPHI ADVERSARY PROCEEDING NUMBERS**

| | | |
|---|---|---|
| 07-02683 | 07-02588 | 07-02810 |
| 07-02684 | 07-02590 | 07-02811 |
| 07-02685 | 07-02592 | 07-02812 |
| 07-02686 | 07-02593 | 07-02813 |
| 07-02687 | 07-02594 | 07-02814 |
| 07-02688 | 07-02595 | 07-02815 |
| 07-02399 | 07-02596 | 07-02816 |
| 07-02404 | 07-02597 | 07-02817 |
| 07-02409 | 07-02598 | 07-02818 |
| 07-02411 | 07-02599 | 07-02819 |
| 07-02412 | 07-02600 | 07-02862 |
| 07-02415 | 07-02601 | |
| 07-02422 | 07-02602 | |
| 07-02426 | 07-02603 | |
| 07-02431 | 07-02604 | |
| 07-02437 | 07-02605 | |
| 07-02789 | 07-02606 | |
| 07-02440 | 07-02607 | |
| 07-02790 | 07-02608 | |
| 07-02444 | 07-02609 | |
| 07-02494 | 07-02610 | |
| 07-02502 | 07-02611 | |
| 07-02505 | 07-02612 | |
| 07-02509 | 07-02613 | |
| 07-02514 | 07-02614 | |
| 07-02519 | 07-02615 | |
| 07-02523 | 07-02616 | |
| 07-02534 | 07-02794 | |
| 07-02539 | 07-02803 | |
| 07-02542 | 07-02805 | |
| 07-02546 | 07-02797 | |
| 07-02550 | 07-02795 | |
| 07-02551 | 07-02796 | |
| 07-02552 | 07-02798 | |
| 07-02553 | 07-02799 | |
| 07-02554 | 07-02800 | |
| 07-02555 | 07-02801 | |
| 07-02556 | 07-02802 | |
| 07-02557 | 07-02804 | |
| 07-02558 | 07-02806 | |
| 07-02579 | 07-02807 | |
| 07-02581 | 07-02808 | |
| 07-02586 | 07-02809 | |

Hearing Date And Time: March 19, 2008 at 10:00 a.m.
Objection Deadline: March 12, 2008 at 4:00 p.m.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

      In re                          :    Chapter 11
                                      :
DELPHI CORPORATION, et al.,       :    Case No. 05-44481 (RDD)
                                      :
                  Debtors.    :    (Jointly Administered)
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

PLEASE TAKE NOTICE that on February 28, 2008, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on March 19, 2008 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (the "Supplemental Case Management Order") (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487) (the "Tenth Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-

2

interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-

copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy

Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),

(iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick),

(iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885

Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude),

(v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver &

Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and

(vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as

to be **received** no later than **4:00 p.m. (prevailing Eastern time) on March 12, 2008** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Supplemental Case Management Order and the Tenth

Supplemental Case Management Order will be considered by the Bankruptcy Court at the

Hearing.  If no objections to the Motion are timely filed and served in accordance with the

procedures set forth herein and in the Supplemental Case Management Order and the Tenth

Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the

Motion without further notice.

Dated: New York, New York
      February 28, 2008

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By: /s/ John Wm. Butler, Jr.
    John Wm. Butler, Jr. (JB 4711)
    John K. Lyons  (JL 4951)
    Ron E. Meisler (RM 3026)
333 West Wacker Drive, Suite 2100
Chicago, Illinois  60606
(312) 407-0700

   - and -

By: /s/ Kayalyn A. Marafioti
    Kayalyn A. Marafioti (KM 9632)
    Thomas J. Matz (TM 5986)
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

4

**<u>EXHIBIT E</u>**

**March 19, 2008 Hearing Transcript**

ORIGINAL

1

1

2    UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4    Case No. 05-44481

5    - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:

7

8    DELPHI CORPORATION,

9

10            Debtor.

11

12    - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              March 19, 2008

19              10:09 AM

20

21    B E F O R E:

22    HON. ROBERT D. DRAIN

23    U.S. BANKRUPTCY JUDGE

24

25

21

1    prudent to file this motion.  As I indicated, it's been

2    reviewed with our statutory committees and with other

3    stakeholders.  No objections have been filed.

4            THE COURT:  Okay.  Does anyone want to say anything

5    on this motion?  All right.  I've reviewed it and the motion

6    clearly sets forth cause for, as you said, a precautionary

7    extension of exclusivity so I'll grant that.

8            MR. BUTLER:  Thank you, Your Honor.  Your Honor,

9    matter number 3 on the agenda is our motion to extend the Rule

10   4(m) time for services of summonses relating to avoidance

11   actions that were filed under the preservation of the estate

12   claims procedures order.  This motion is filed at docket number

13   12922 and this motion is also unopposed.

14           Essentially, Your Honor, what we're asking you to do

15   is to extend the time for an additional sixty days for

16   summonses to be served in connection to serve a complete

17   process in connection with all of the individual adversary

18   complaints that were filed under the estate claims procedures

19   order.  And you previously had granted us an extension through

20   March 31, 2008 and that was slightly less than sixty days

21   beyond the 120-day deadline set forth in Federal Civil

22   Procedure 4(m).  And that rule does provide -- in the case law

23   interpreting it, it does provide the opportunity for the

24   plaintiffs to come in and establish cause with the Court as to

25   an appropriate extension of those summonses.

22

1          Under case law here in the Southern District, this

2    Court has discretion to extend the 120-day service period and

3    it is a discretionary matter.  And it is particularly seen as

4    good cause when there is a reasonable belief that future events

5    would likely obviate the need to serve the complaint and

6    prosecute the actions.  That can be -- is obviously, Your

7    Honor, in this case, I think, self-evident.  Upon the

8    confirmation of a plan, I believe all but one, possibly two of

9    those matters, would end up not being pursued.  They would end

10   up being dismissed as of the effective date and would not be

11   pursued.  Similar relief of this nature has been granted in

12   other cases -- Chapter 11 cases in this district, including in

13   the Ames Department Store case in 2004 where a further

14   extension was granted at docket number 2524 in that case.

15          Your Honor, we believe that there is no reason to

16   move forward with the service of summons with respect to the

17   742 adversary proceedings that are under seal.  We would ask

18   Your Honor to give us an additional sixty days through May 31st

19   to address that issue.

20          THE COURT:  Okay.  Does anyone have anything to say

21   on this motion?  All right.  I had one question and you alluded

22   to this.  The plan did reserve or retain the ability to pursue

23   a very small number of avoidance actions.  And my question is

24   with regard to that small group, have the debtors determined,

25   assuming the plan goes effective, that those will definitely be

23

1   pursued or is that still something they're analyzing in light

2   of the cost of pursuing it versus the net gain of a victory --

3           MR. BUTLER:  I think, Your Honor --

4           THE COURT:  -- or potential victory?

5           MR. BUTLER:  -- those are still under analysis.  They

6   were retained because of the unique circumstances that were

7   pled in those particular proceedings.  And I don't think a

8   final decision has been made as to whether those would actually

9   be pursued.  But obviously, we did make -- we did do enough

10  analysis to decide that as opposed to the other 740 odd actions

11  that these should be retained for that purpose.

12          THE COURT:  Did those defendants get notice of the

13  motion?

14          MR. BUTLER:  Everyone received notice of the 4(m)

15  motion, I believe.  Let me make sure.  Is that -- I want to

16  just double check with my folks.  It went to the 2002 services,

17  I know for sure.  Just give us one second, Your Honor.

18          THE COURT:  Okay.

19          MR. BUTLER:  Your Honor, I'm almost certain that they

20  would have not gotten individualized notice unless they were on

21  the 2002 list.

22          THE COURT:  Okay.

23          MR. BUTLER:  And the reason for that is I'm not sure

24  they know about the existence of the pleadings.

25          THE COURT:  All right.  Well, I debated whether to

24

1    have you settle the order on those -- that handful of people.

2    I mean, normally, no one wants to have litigation be activated

3    but I think the rationale potentially for them is a little

4    different than the others.  So I think I'll -- particularly, if

5    we're not sure whether they got the notice.

6            MR. BUTLER:  Your Honor, I think -- let me just --

7            THE COURT:  If they're on the 2002 list, you don't

8    need to settle it.  If they weren't -- they weren't served with

9    it, I'd like you to settle it as to the handful of people that

10   the plan at least contemplates would be pursued.

11           MR. BUTLER:  Right.

12           THE COURT:  With regard to the vast majority, all the

13   others, clearly there's a good basis for not activating that

14   litigation.  It would be moot upon consummation of the plan.

15           MR. BUTLER:  We'll do that, Your Honor.  And the

16   existence of those folks is obviously that that exhibit to the

17   plan is public.  So everyone knows what that retention is.

18   So --

19           THE COURT:  Right.

20           MR. BUTLER:  -- we will deal with that and we will

21   settle the order.  If they're not --

22           THE COURT:  You can do it five days notice.

23           MR. BUTLER:  Okay.  Thank you, Your Honor.

24           THE COURT:  Okay.  If they're not on the 2002 list.

25           MR. BUTLER:  Thanks -- thank you, Your Honor.  Your

# EXHIBIT F

**Extension of Avoidance Action Service Deadline Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                       :
In re                     :        Chapter 11
                       :
DELPHI CORPORATION, <u>et al.</u>,   :        Case No. 05-44481 (RDD)
                       :
           Debtors.    :        (Jointly Administered)
                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE ORDER")

          Upon the unopposed motion, dated February 28, 2008 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105); and upon the record of the hearing held on the Motion; and this

Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given, and it appearing that the notice

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.


0544481080328000000000009

of the presentment of this order has been given in accordance with this Court's direction

and Local Rule 9074-1 to the parties in the adversary proceeding that is subject to the

Preservation of Estate Claims Procedures Order and listed on Exhibit 7.24 of the Debtors'

Plan, and it appearing that no other or further notice is necessary; and after due

deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Paragraph 8 of the Preservation Of Estate Claims Procedures Order

is hereby modified so that the time under Federal Rule of Civil Procedure 4(m) by which

the Debtors must serve a defendant in the Adversary Proceedings with a summons and

complaint is further extended to May 31, 2008, without prejudice to the Debtors' right to

seek further extensions.  The Debtors shall serve a copy of this order upon each defendant

in any Adversary Proceeding either when the Debtors serve a summons and complaint on

such defendant or as soon thereafter as practicable.  All other provisions of the

Preservation Of Estate Claims Procedures Order shall remain in effect.

3.    This order shall be deemed entered in each of the Adversary

Proceedings.

4.    The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

5.    This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

---

[2]    The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.

2

6.    The requirement under Rule 9013-1(b) of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York for

the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
       March 28, 2008

_____/s/ Robert D. Drain_____
              UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02209 | 07-02251 |
| 07-02084 | 07-02213 | 07-02255 |
| 07-02090 | 07-02214 | 07-02259 |
| 07-02096 | 07-02219 | 07-02261 |
| 07-02101 | 07-02224 | 07-02265 |
| 07-02106 | 07-02227 | 07-02267 |
| 07-02115 | 07-02231 | 07-02270 |
| 07-02120 | 07-02077 | 07-02273 |
| 07-02124 | 07-02080 | 07-02276 |
| 07-02138 | 07-02083 | 07-02277 |
| 07-02142 | 07-02091 | 07-02280 |
| 07-02147 | 07-02095 | 07-02281 |
| 07-02150 | 07-02102 | 07-02282 |
| 07-02154 | 07-02105 | 07-02283 |
| 07-02157 | 07-02112 | 07-02284 |
| 07-02163 | 07-02117 | 07-02288 |
| 07-02170 | 07-02123 | 07-02291 |
| 07-02184 | 07-02125 | 07-02293 |
| 07-02190 | 07-02128 | 07-02074 |
| 07-02198 | 07-02130 | 07-02078 |
| 07-02202 | 07-02135 | 07-02082 |
| 07-02204 | 07-02137 | 07-02085 |
| 07-02208 | 07-02143 | 07-02089 |
| 07-02076 | 07-02148 | 07-02093 |
| 07-02081 | 07-02152 | 07-02108 |
| 07-02087 | 07-02159 | 07-02114 |
| 07-02097 | 07-02165 | 07-02119 |
| 07-02104 | 07-02169 | 07-02122 |
| 07-02112 | 07-02174 | 07-02126 |
| 07-02132 | 07-02175 | 07-02129 |
| 07-02140 | 07-02182 | 07-02131 |
| 07-02145 | 07-02189 | 07-02136 |
| 07-02153 | 07-02196 | 07-02141 |
| 07-02160 | 07-02200 | 07-02146 |
| 07-02166 | 07-02088 | 07-02151 |
| 07-02171 | 07-02094 | 07-02156 |
| 07-02180 | 07-02099 | 07-02158 |
| 07-02186 | 07-02103 | 07-02164 |
| 07-02191 | 07-02109 | 07-02167 |
| 07-02195 | 07-02110 | 07-02172 |
| 07-02201 | 07-02239 | 07-02176 |
| 07-02205 | 07-02244 | 07-02179 |
| 07-02207 | 07-02248 | 07-02183 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02187 | 07-02107 | 07-02334 |
| 07-02193 | 07-02111 | 07-02337 |
| 07-02233 | 07-02118 | 07-02340 |
| 07-02238 | 07-02107 | 07-02346 |
| 07-02243 | 07-02149 | 07-02350 |
| 07-02247 | 07-02162 | 07-02354 |
| 07-02249 | 07-02173 | 07-02359 |
| 07-02253 | 07-02178 | 07-02237 |
| 07-02257 | 07-02185 | 07-02240 |
| 07-02263 | 07-02192 | 07-02246 |
| 07-02075 | 07-02197 | 07-02258 |
| 07-02086 | 07-02203 | 07-02264 |
| 07-02100 | 07-02211 | 07-02271 |
| 07-02116 | 07-02214 | 07-02274 |
| 07-02121 | 07-02218 | 07-02279 |
| 07-02127 | 07-02223 | 07-02285 |
| 07-02133 | 07-02229 | 07-02289 |
| 07-02139 | 07-02232 | 07-02294 |
| 07-02144 | 07-02234 | 07-02298 |
| 07-02155 | 07-02236 | 07-02302 |
| 07-02161 | 07-02242 | 07-02312 |
| 07-02168 | 07-02215 | 07-02316 |
| 07-02177 | 07-02220 | 07-02324 |
| 07-02181 | 07-02222 | 07-02330 |
| 07-02188 | 07-02226 | 07-02336 |
| 07-02194 | 07-02230 | 07-02342 |
| 07-02199 | 07-02252 | 07-02347 |
| 07-02206 | 07-02256 | 07-02783 |
| 07-02210 | 07-02262 | 07-02355 |
| 07-02212 | 07-02266 | 07-02361 |
| 07-02217 | 07-02269 | 07-02367 |
| 07-02221 | 07-02272 | 07-02373 |
| 07-02225 | 07-02275 | 07-02379 |
| 07-02228 | 07-02278 | 07-02397 |
| 07-02235 | 07-02299 | 07-02405 |
| 07-02241 | 07-02303 | 07-02268 |
| 07-02245 | 07-02306 | 07-02296 |
| 07-02250 | 07-02309 | 07-02304 |
| 07-02254 | 07-02314 | 07-02308 |
| 07-02260 | 07-02318 | 07-02311 |
| 07-02079 | 07-02321 | 07-02315 |
| 07-02092 | 07-02326 | 07-02320 |
| 07-02098 | 07-02329 | 07-02323 |

# DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02328 | 07-02485 | 07-02706 |
| 07-02333 | 07-02488 | 07-02708 |
| 07-02784 | 07-02490 | 07-02710 |
| 07-02338 | 07-02493 | 07-02712 |
| 07-02341 | 07-02497 | 07-02714 |
| 07-02345 | 07-02499 | 07-02715 |
| 07-02349 | 07-02503 | 07-02717 |
| 07-02351 | 07-02506 | 07-02718 |
| 07-02356 | 07-02510 | 07-02719 |
| 07-02360 | 07-02513 | 07-02720 |
| 07-02363 | 07-02517 | 07-02721 |
| 07-02364 | 07-02521 | 07-02723 |
| 07-02369 | 07-02525 | 07-02726 |
| 07-02374 | 07-02528 | 07-02728 |
| 07-02377 | 07-02532 | 07-02730 |
| 07-02382 | 07-02535 | 07-02732 |
| 07-02384 | 07-02538 | 07-02734 |
| 07-02386 | 07-02544 | 07-02736 |
| 07-02388 | 07-02547 | 07-02738 |
| 07-02390 | 07-02549 | 07-02739 |
| 07-02392 | 07-02286 | 07-02741 |
| 07-02393 | 07-02290 | 07-02743 |
| 07-02396 | 07-02295 | 07-02745 |
| 07-02402 | 07-02297 | 07-02747 |
| 07-02407 | 07-02301 | 07-02749 |
| 07-02417 | 07-02305 | 07-02751 |
| 07-02421 | 07-02310 | 07-02753 |
| 07-02430 | 07-02317 | 07-02754 |
| 07-02442 | 07-02322 | 07-02756 |
| 07-02445 | 07-02327 | 07-02758 |
| 07-02449 | 07-02332 | 07-02760 |
| 07-02452 | 07-02335 | 07-02761 |
| 07-02454 | 07-02343 | 07-02762 |
| 07-02458 | 07-02348 | 07-02764 |
| 07-02461 | 07-02352 | 07-02766 |
| 07-02464 | 07-02357 | 07-02368 |
| 07-02467 | 07-02362 | 07-02371 |
| 07-02470 | 07-02366 | 07-02375 |
| 07-02473 | 07-02372 | 07-02378 |
| 07-02475 | 07-02696 | 07-02381 |
| 07-02478 | 07-02701 | 07-02383 |
| 07-02481 | 07-02703 | 07-02785 |
| 07-02483 | 07-02704 | 07-02387 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02389 | 07-02498 | 07-02537 |
| 07-02391 | 07-02500 | 07-02540 |
| 07-02394 | 07-02504 | 07-02543 |
| 07-02398 | 07-02511 | 07-02545 |
| 07-02400 | 07-02515 | 07-02548 |
| 07-02401 | 07-02507 | 07-02559 |
| 07-02403 | 07-02520 | 07-02560 |
| 07-02406 | 07-02524 | 07-02561 |
| 07-02408 | 07-02527 | 07-02562 |
| 07-02410 | 07-02530 | 07-02563 |
| 07-02413 | 07-02533 | 07-02564 |
| 07-02416 | 07-02536 | 07-02565 |
| 07-02420 | 07-02541 | 07-02566 |
| 07-02423 | 07-02414 | 07-02567 |
| 07-02425 | 07-02418 | 07-02568 |
| 07-02428 | 07-02424 | 07-02569 |
| 07-02429 | 07-02427 | 07-02570 |
| 07-02432 | 07-02433 | 07-02571 |
| 07-02434 | 07-02435 | 07-02572 |
| 07-02436 | 07-02439 | 07-02573 |
| 07-02438 | 07-02447 | 07-02574 |
| 07-02441 | 07-02451 | 07-02575 |
| 07-02443 | 07-02455 | 07-02576 |
| 07-02446 | 07-02459 | 07-02577 |
| 07-02448 | 07-02462 | 07-02578 |
| 07-02450 | 07-02465 | 07-02580 |
| 07-02453 | 07-02469 | 07-02582 |
| 07-02456 | 07-02471 | 07-02583 |
| 07-02457 | 07-02476 | 07-02584 |
| 07-02460 | 07-02479 | 07-02585 |
| 07-02463 | 07-02482 | 07-02587 |
| 07-02786 | 07-02487 | 07-02589 |
| 07-02466 | 07-02491 | 07-02591 |
| 07-02468 | 07-02496 | 07-02287 |
| 07-02472 | 07-02501 | 07-02292 |
| 07-02474 | 07-02508 | 07-02300 |
| 07-02477 | 07-02512 | 07-02307 |
| 07-02480 | 07-02516 | 07-02313 |
| 07-02484 | 07-02518 | 07-02319 |
| 07-02486 | 07-02522 | 07-02325 |
| 07-02489 | 07-02526 | 07-02331 |
| 07-02492 | 07-02529 | 07-02339 |
| 07-02495 | 07-02531 | 07-02344 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02353 | 07-02755 | 07-02640 |
| 07-02358 | 07-02757 | 07-02641 |
| 07-02365 | 07-02759 | 07-02642 |
| 07-02370 | 07-02763 | 07-02643 |
| 07-02376 | 07-02765 | 07-02644 |
| 07-02380 | 07-02767 | 07-02645 |
| 07-02385 | 07-02768 | 07-02646 |
| 07-02395 | 07-02769 | 07-02647 |
| 07-02419 | 07-02770 | 07-02648 |
| 07-02689 | 07-02771 | 07-02649 |
| 07-02690 | 07-02772 | 07-02650 |
| 07-02691 | 07-02773 | 07-02651 |
| 07-02692 | 07-02774 | 07-02652 |
| 07-02693 | 07-02775 | 07-02653 |
| 07-02694 | 07-02776 | 07-02654 |
| 07-02695 | 07-02777 | 07-02655 |
| 07-02697 | 07-02778 | 07-02656 |
| 07-02698 | 07-02779 | 07-02657 |
| 07-02699 | 07-02617 | 07-02658 |
| 07-02700 | 07-02618 | 07-02659 |
| 07-02702 | 07-02619 | 07-02660 |
| 07-02705 | 07-02620 | 07-02661 |
| 07-02707 | 07-02621 | 07-02662 |
| 07-02709 | 07-02622 | 07-02663 |
| 07-02711 | 07-02623 | 07-02664 |
| 07-02713 | 07-02624 | 07-02665 |
| 07-02716 | 07-02625 | 07-02666 |
| 07-02722 | 07-02626 | 07-02667 |
| 07-02724 | 07-02627 | 07-02668 |
| 07-02725 | 07-02628 | 07-02669 |
| 07-02727 | 07-02629 | 07-02670 |
| 07-02729 | 07-02787 | 07-02671 |
| 07-02731 | 07-02630 | 07-02672 |
| 07-02733 | 07-02631 | 07-02673 |
| 07-02735 | 07-02788 | 07-02674 |
| 07-02737 | 07-02632 | 07-02675 |
| 07-02740 | 07-02633 | 07-02676 |
| 07-02742 | 07-02634 | 07-02677 |
| 07-02744 | 07-02635 | 07-02678 |
| 07-02746 | 07-02336 | 07-02679 |
| 07-02748 | 07-02637 | 07-02680 |
| 07-02750 | 07-02638 | 07-02681 |
| 07-02752 | 07-02639 | 07-02682 |

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02683 | 07-02588 | 07-02810 |
| 07-02684 | 07-02590 | 07-02811 |
| 07-02685 | 07-02592 | 07-02812 |
| 07-02686 | 07-02593 | 07-02813 |
| 07-02687 | 07-02594 | 07-02814 |
| 07-02688 | 07-02595 | 07-02815 |
| 07-02399 | 07-02596 | 07-02816 |
| 07-02404 | 07-02597 | 07-02817 |
| 07-02409 | 07-02598 | 07-02818 |
| 07-02411 | 07-02599 | 07-02819 |
| 07-02412 | 07-02600 | 07-02862 |
| 07-02415 | 07-02601 | |
| 07-02422 | 07-02602 | |
| 07-02426 | 07-02603 | |
| 07-02431 | 07-02604 | |
| 07-02437 | 07-02605 | |
| 07-02789 | 07-02606 | |
| 07-02440 | 07-02607 | |
| 07-02790 | 07-02608 | |
| 07-02444 | 07-02609 | |
| 07-02494 | 07-02610 | |
| 07-02502 | 07-02611 | |
| 07-02505 | 07-02612 | |
| 07-02509 | 07-02613 | |
| 07-02514 | 07-02614 | |
| 07-02519 | 07-02615 | |
| 07-02523 | 07-02616 | |
| 07-02534 | 07-02794 | |
| 07-02539 | 07-02803 | |
| 07-02542 | 07-02805 | |
| 07-02546 | 07-02797 | |
| 07-02550 | 07-02795 | |
| 07-02551 | 07-02796 | |
| 07-02552 | 07-02798 | |
| 07-02553 | 07-02799 | |
| 07-02554 | 07-02800 | |
| 07-02555 | 07-02801 | |
| 07-02556 | 07-02802 | |
| 07-02557 | 07-02804 | |
| 07-02558 | 07-02806 | |
| 07-02579 | 07-02807 | |
| 07-02581 | 07-02808 | |
| 07-02586 | 07-02809 | |

## **EXHIBIT G**

**Postconfirmation Extension of Avoidance Action
Service Deadline Motion**

**Hearing Date And Time: April 30, 2008 at 10:00 a.m.**
**Objection Deadline: April 23, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

   - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :
      In re                    :    Chapter 11
                                 :
DELPHI CORPORATION, et al.,   :    Case No. 05-44481 (RDD)
                                 :
                                 :    (Jointly Administered)
              Debtors.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE MOTION")



Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"),

hereby submit this Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection

With Preservation Of Estate Claims Procedures Order (Docket No. 9105) (the "Motion"), and

respectfully represent as follows:

<u>Background</u>

A.    <u>The Chapter 11 Filings</u>

1.    On October 8 and 14, 2005, the Debtors filed voluntary petitions in this

Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as then amended (the "Bankruptcy Code").  The Debtors continue to operate their

businesses and manage their properties as debtors-in-possession under Bankruptcy Code sections

1107(a) and 1108.  This Court has ordered joint administration of these cases.

2.    No trustee or examiner has been appointed in these cases.  On October 17,

2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official

committee of unsecured creditors.  On April 28, 2006, the U.S. Trustee appointed an official

committee of equity holders (together with the official committee of unsecured creditors, the

"Statutory Committees").

3.    On September 6, 2007, the Debtors filed the Joint Plan Of Reorganization

Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In Possession (Docket No.

9263) and the Disclosure Statement With Respect To Joint Plan Of Reorganization Of Delphi

Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (Docket No. 9264).

Subsequently, on December 10, 2007, the Debtors filed the First Amended Joint Plan Of

2

Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession  (Docket No. 11386) (the "Plan") and the First Amended Disclosure Statement with respect to the Plan  (Docket No. 11388) (the "Disclosure Statement").  The Court entered an order approving the adequacy of the Disclosure Statement and granting the related solicitation procedures motion on December 10, 2007 (Docket No. 11389).  On January 25, 2008, the Court entered an order confirming the Plan, as modified  (Docket No. 12359) (the "Confirmation Order"), which became a final order on February 4, 2008.

      4.      On April 4, 2008, the Debtors announced that although they had met the conditions required to substantially consummate the Plan, including obtaining $6.1 billion of exit financing, Delphi's Plan Investors (as defined in the Plan) refused to participate in a closing that was commenced but not completed and refused to fund their Investment Agreement (as defined in the Plan) with Delphi.  The Debtors are prepared to pursue actions with respect to the Plan Investors that are in the best interests of the Debtors and their stakeholders and are working with their stakeholders to achieve their goal of emerging from chapter 11 as soon as practicable.

      5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

      6.      The statutory predicates for the relief requested herein are rules 7004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 4(m) of the Federal Rules of Civil Procedure.

B.    <u>Current Business Operations Of The Debtors</u>

      7.      Delphi and its subsidiaries and affiliates (collectively, the "Company") as of December 31, 2007 had global net sales of $22.3 billion and global assets of approximately

$13.7 billion.[1]  At the time of its chapter 11 filing, Delphi ranked as the fifth largest public

company business reorganization in terms of revenues and the thirteenth largest public company

business reorganization in terms of assets.  Delphi's non-U.S. subsidiaries are not chapter 11

debtors and have continued their business operations without supervision from the Court.[2]

> 8.    The Company is a leading global technology innovator with significant

engineering resources and technical competencies in a variety of disciplines, and is one of the

largest global suppliers of vehicle electronics, transportation components, integrated systems and

modules, and other electronic technology.  The Company supplies products to nearly every

major global automotive original equipment manufacturer ("OEM").

> 9.    Delphi was incorporated in Delaware in 1998 as a wholly owned

subsidiary of General Motors Corporation ("GM").  Prior to January 1, 1999, GM conducted the

Company's business through various divisions and subsidiaries.  Effective January 1, 1999, the

assets and liabilities of these divisions and subsidiaries were transferred to the Company in

accordance with the terms of a Master Separation Agreement between Delphi and GM.  In

connection with these transactions, Delphi accelerated its evolution from a North American-

based, captive automotive supplier to a global supplier of components, integrated systems, and

modules for a wide range of customers and applications.  Although GM is still the Company's

---

[1]   The aggregated financial data used herein generally consists of consolidated information from Delphi and its worldwide subsidiaries and affiliates as disclosed in the Company's Form 10-K filed on February 19, 2008.

[2]   On March 20, 2007, Delphi Automotive Systems Espana S.L. ("DASE"), whose sole operation is a non-core automotive component plant in Cadiz, Spain, filed a "Concurso" application for a Spanish insolvency proceeding, which was approved by the Spanish court on April 13, 2007.  On July 4, 2007, DASE, its Concurso receivers, and the Cadiz workers councils and unions reached a settlement on a social plan, the funding of which was approved by this Court on July 19, 2007.  The Spanish court approved the social plan on July 31, 2007.  The Concurso proceeding is consistent with Delphi's transformation plan to optimize its manufacturing footprint and to lower its overall cost structure.

4

single largest customer, today more than half of Delphi's revenue is generated from non-GM

sources.

C.    Events Leading To The Chapter 11 Filing

10.    In the first two years following Delphi's separation from GM, the

Company generated approximately $2 billion in net income.  Every year thereafter, however,

with the exception of 2002, the Company has suffered losses.  In calendar year 2004, the

Company reported a net loss of approximately $4.8 billion on $28.6 billion in net sales.[3]

Reflective of a continued downturn in the marketplace, in 2005 Delphi incurred net losses of

approximately $2.4 billion on net sales of $26.9 billion.  Moreover, in 2006 the Debtors incurred

a net loss of $5.5 billion, $3.0 billion of which comprised charges related to the U.S. employee

special attrition programs, and in 2007, the Debtors incurred a net loss of $3.1 billion.

11.    The Debtors believe that the Company's financial performance

deteriorated because of (i) increasingly unsustainable U.S. legacy liabilities and operational

restrictions preventing the Debtors from exiting non-profitable, non-core operations, all of which

have the effect of creating largely fixed labor costs, (ii) a competitive U.S. vehicle production

environment for domestic OEMs resulting in the reduced number of motor vehicles that GM

produces annually in the United States and related pricing pressures, and (iii) increasing

commodity prices.

12.    In light of these factors, the Company determined that it would be

imprudent and irresponsible to defer addressing and resolving its U.S. legacy liabilities, product

portfolio, operational issues, and forward-looking revenue requirements.  Because discussions

---

[3]    Reported net losses in calendar year 2004 reflect a $4.1 billion tax charge, primarily related to the recording of a
valuation allowance on U.S. deferred tax assets as of December 31, 2004.  The Company's net operating loss in
calendar year 2004 was $482 million.

5

with its major stakeholders had not progressed sufficiently by the end of the third quarter of 2005,

the Company commenced these chapter 11 cases for its U.S. businesses to complete its

transformation plan and preserve value for its stakeholders.

D.    The Debtors' Transformation Plan

13.    On March 31, 2006, the Company outlined the key tenets of a

transformation plan that it believed would enable it to return to stable, profitable business

operations.  The Debtors stated that they needed to focus on five key areas: first, modifying the

Company's labor agreements to create a competitive arena in which to conduct business; second,

concluding their negotiations with GM to finalize GM's financial support for the Debtors' legacy

and labor costs and to ascertain GM's business commitment to the Company; third, streamlining

their product portfolio to capitalize on their world-class technology and market strengths and

make the necessary manufacturing alignment with their new focus; fourth, transforming their

salaried workforce to ensure that the Company's organizational and cost structure is competitive

and aligned with its product portfolio and manufacturing footprint; and fifth, devising a workable

solution to their current pension situation.

E.    Plan Confirmation And Postconfirmation Matters

14.    The confirmed Plan is based upon a series of global settlements and

compromises that involve nearly every major constituency in the Debtors' reorganization cases.

The Global Settlement Agreement and the Master Restructuring Agreement provide for a

comprehensive settlement with GM, and both agreements were approved by this Court in the

Confirmation Order.  After the Plan was confirmed, the Debtors focused their efforts on

satisfying the conditions for the Plan to become effective.  The Debtors satisfied those conditions

and on April 4, 2008 began a formal closing process attended by representatives of GM, the exit

lenders, and the Statutory Committees.  The Plan Investors, however, refused to participate in the

6

closing or fund their obligations under the Investment Agreement.  Instead, the Plan Investors

delivered written notices purporting to terminate the Investment Agreement based on both

alleged breaches by the Debtors and the failure of the Plan's effective date to occur by April 4,

2008.  The Debtors are prepared to pursue actions against the Plan Investors that are in the best

interests of the Debtors and their stakeholders and are working with their stakeholders to

evaluate their options to move forward with emerging from chapter 11 as soon as reasonably

practicable.

15.    Upon the conclusion of the reorganization process, the Debtors expect to

emerge as a stronger, more financially sound business with viable U.S. operations that are well-

positioned to advance global enterprise objectives.  In the meantime, Delphi will marshal all of

its resources to continue to deliver high-quality products to its customers globally.  Additionally,

the Company will preserve and continue the strategic growth of its non-U.S. operations and

maintain its prominence as the world's premier auto supplier.

F.    The Establishment Of Procedures to Preserve Estate Claims

16.    Before the confirmation of the Debtors' Plan, this Court on August 16,

2007 entered that certain Order Under 11 U.S.C. §§ 102(1)(A), 105(a), 107, 108(a)(2), And

546(a) And Fed. R. Bankr. P. 7004, 9006(c), And 9018 (i) Authorizing Debtors To Enter Into

Stipulations Tolling Statute Of Limitations With Respect To Certain Claims, (ii) Authorizing

Procedures To Identify Causes Of Action That Should Be Preserved, And (iii) Establishing

Procedures For Certain Adversary Proceedings Including Those Commenced By Debtors Under

11 U.S.C. § 541, 544, 545, 547, 548, Or 553 ("Preservation Of Estate Claims Procedures Order")

(Docket No. 9105).  On March 28, 2008, this Court entered the Order Pursuant To Fed. R. Bankr.

P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For

7

Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order
(Docket No. 13277) (the "Deadline Extension Order").

17.    The purpose of the Preservation Of Estate Claims Procedures Order was
two-fold: on the one hand, it permitted the Debtors to preserve their right to pursue (or abandon)
certain avoidance actions before the then-impending expiration of the two-year statute of
limitations to file such actions; on the other hand, it established procedures to avoid having to
force all potential defendants to retain counsel and defend against the adversary proceedings
when, in fact, the Debtors anticipated that most of them would be resolved upon the Debtors'
emergence from chapter 11 and thus never pursued.  To that end, the Preservation Of Estate
Claims Procedures Order and the Deadline Extension Order (i) allowed the Debtors to file
adversary proceeding complaints under seal, (ii) directed the Clerk of Court to delay issuing
summonses for complaints unless and until the Debtors notified the Clerk of Court of their intent
to prosecute such actions, (iii) stayed each adversary action unless and until the Debtors make
service of process on the respective defendants, and (iv) extended the deadline under Fed. R. Civ.
P. 4(m) by which the Debtors would have to serve process to May 31, 2008, so that the
complaints would not be subject to dismissal under Fed. R. Civ. P. 4(m).  Such relief was
intended to allow the Debtors to preserve potentially valuable assets without disrupting the Plan
process or business relationships or prejudicing the rights of any defendants.

18.    In accordance with the Preservation Of Estate Claims Procedures Order,
the Debtors commenced 742 adversary proceedings (the "Adversary Proceedings") by filing
complaints under seal.  On January 25, 2008, the Court entered the Confirmation Order.  Under

8

the Plan, the Debtors will not retain any of the causes of action asserted in the Adversary

Proceedings except those listed on Exhibit 7.24 to the Plan.[4]

Relief Requested

19.     By this Motion, the Debtors request entry of an order under Bankruptcy

Rule 9006(b)(1) and Federal Rule Of Civil Procedure 4(m), made applicable by Bankruptcy

Rule 7004(a), to further extend the deadline by which the Debtors would be required to serve a

summons and complaint upon each defendant under the Preservation Of Estate Claims

Procedures Order, as modified by the Deadline Extension Order.  Specifically, the Debtors

request that the existing May 31, 2008 service deadline set forth in the Deadline Extension Order

be extended to 30 days after substantial consummation of the Plan or any modified plan.  The

Debtors accordingly request that the Court enter the proposed Postcomfirmation Extension Of

Avoidance Action Service Deadline Order, a copy of which is annexed hereto as Exhibit A.

Basis For Relief

20.     As noted above, the Debtors are working with their stakeholders to

develop a path for emerging from chapter 11 as soon as reasonably practicable.  Under the

Deadline Extension Order, however, the Debtors' current deadline to serve the summons and

complaint on every defendant in the Adversary Proceedings is May 31, 2008.  To meet the May

31, 2008 deadline for each of the defendants, the Debtors would first have to request that the

Clerk of Court in the coming weeks issue summonses for each of the 742 Adversary Proceedings

to allow enough time for the summonses to be issued and subsequently served with the

complaints by the May 31, 2008 deadline.

---

[4]     Of the five categories of claims listed by the Debtors on Exhibit 7.24 to the Plan, only the claims relating to
Laneko Engineering Co., Wachovia Bank, National Association, Laneko Engineering Co. Inc., and their
affiliates and subsidiaries are subject to the Preservation Of Estate Claims Procedures Order.  (See Exhibit 7.24
to the Plan (Docket No. 11608).)  Notice of this Motion has been provided to those entities.

9

21.     Contemplating that further extensions may be necessary to achieve the

goals of the Preservation Of Estate Claims Procedures Order, that order and the Deadline

Extension Order expressly provided that the Debtors' previous extension of the deadline for

services of process was "without prejudice [to the Debtors' ability] to seek further extensions" if

appropriate.  (See Preservation Of Estate Claims Procedures Order ¶ 8; Deadline Extension

Order ¶ 2.)

22.     The Debtors now believe that the extension of the Fed. R. Civ. P. 4(m)

deadline that is requested in this Motion is appropriate, and that there is good cause for such an

extension.  Such an extension would enable the Debtors to fulfill their fiduciary responsibility to

preserve valuable estate assets in a manner that would not unnecessarily disrupt the emergence

process or the Debtors' current business relationships with potential defendants that are necessary

to the Debtors' ongoing operations.  Moreover, the requested extension would reduce the

administrative and economic burdens of the Adversary Proceedings on the Debtors, the Court,

the Clerk of Court, and the potential defendants.  Specifically, the Debtors believe that the

resources that they, the Court, the Clerk of Court, and the defendants would need to expend on

issuing and serving 742 summonses and complaints in the Adversary Proceedings at this time—

and the potential need thereafter to prosecute and defend such adversary proceedings—would not

be in the best interests of the Debtors' estates, the Debtors' stakeholders, and other parties-in-

interest because most of the Adversary Proceedings will not be prosecuted if the Plan were to

become effective and likely will not be prosecuted under any modified plan.  The Debtors submit

that these reasons comprise good cause for the requested extension.

<u>Applicable Authority</u>

23.     The Bankruptcy Rules and Federal Rules of Civil Procedure grant this

Court discretion to adopt and implement guidelines which will aid in the administration of

10

Adversary Proceedings, including discretion to grant the proposed extension of the service of

process deadline.  See Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007) (Rule 4(m)

authorizes court to grant extensions of service period); In re Sheehan, 253 F.3d 507, 511 (9th Cir.

2001) ("The time for service in an adversary proceeding may be extended under two different

rules: Rule 4(m) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 9006(b).").

24.      Bankruptcy Rule 9006(b)(1) provides for the enlargement of time to

perform acts required under the Bankruptcy Rules: "[W]hen an act is required or allowed to be

done at or within a specified period by these rules or by a notice given thereunder or by order of

court, the court for cause shown may at any time in its discretion . . . order the period enlarged if

the request therefor is made before the expiration of the period originally prescribed or as

extended by a previous order . . . ."  Fed. R. Bankr. P. 9006(b)(1).

25.      Moreover, Fed. R. Civil P. 4(m), made applicable here by Bankruptcy

Rule 7004(a), requires courts, upon a showing of good cause, to extend the period for service of

process after the filing of a complaint.  See Bank of Cape Verde v. Bronson, 167 F.R.D. 370,

371-72 (S.D.N.Y. 1996) (good cause existed when future events would likely have "obviated the

need to serve the [] complaint" and when plaintiff requested extension before Fed. R. Civ. P. 4(m)

deadline expired).  Even absent good cause, this Court has discretion to extend the 120-day

service period.  See Zapata, 502 F.3d at 196; Mejia v. Castle Hotel Inc., 164 F.R.D. 343, 345

(S.D.N.Y. 1996).

26.      The Debtors accordingly request that the Court enter the proposed order,

annexed hereto as Exhibit A, which would extend until 30 days after substantial consummation

of the Plan or any modified plan the Debtors' Fed. R. Civ. P. 4(m) deadline to serve each

defendant in the Adversary Proceedings commenced in connection with the Preservation Of

Estate Claims Procedures Order with a summons and a copy of the complaint, without prejudice

11

to the Debtors' right to seek further extensions of the deadline and without prejudice to the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko Engineering Co. Inc. to seek a shortening of the deadline.

Notice Of Motion

27.     Although notice is not required by Fed. R. Bankr. P. 9006(b)(1), see Law Debenture Trust Co. v. Calpine Corp. (In re Calpine Corp.), 356 B.R. 585, 595 (S.D.N.Y. 2007); Kernisant v. City of New York, 225 F.R.D. 422, 431 n.13 (E.D.N.Y. 2005); Brady v. Marks, 7 F. Supp. 2d 247, 255 (W.D.N.Y. 1998), notice of this Motion has been provided in accordance with the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487). Notice has also been provided to Laneko Engineering Co., Wachovia Bank, National Association, and Laneko Engineering Co. Inc., against whom causes of action have been retained under the confirmed Plan.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

Memorandum Of Law

28.     Because the legal points and authorities upon which this Motion relies are incorporated herein, the Debtors respectfully request that the requirement of the service and filing of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

12

WHEREFORE the Debtors respectfully request that the Court enter an order

(a) granting the relief requested herein and (b) granting the Debtors such other and further relief

as is just.

Dated:    New York, New York
          April 10, 2008

                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                              By:    _/s/ John Wm. Butler, Jr._____
                                   John Wm. Butler, Jr. (JB 4711)
                                   John K. Lyons (JL 9331)
                                   Ron E. Meisler (RM 3026)
                              333 West Wacker Drive, Suite 2100
                              Chicago, Illinois 60606

                                   - and -

                              By:    _/s/ Kayalyn A. Marafioti_____
                                   Kayalyn A. Marafioti (KM 9632)
                                   Thomas J. Matz (TM 5986)
                              Four Times Square
                              New York, New York 10036

                              Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

In re                            :         Chapter 11
                                        :

DELPHI CORPORATION, <u>et al.</u>,   :         Case No. 05-44481 (RDD)
                                        :

                Debtors.      :         (Jointly Administered)
                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

                 Upon the motion, dated April 10, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under

Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal Rule of Civil

Procedure 4(m) to extend the deadline to serve process for Adversary Proceedings[1]

commenced in connection with the Preservation Of Estate Claims Procedures Order[2]

(Docket No. 9105), which deadline was previously extended to May 31, 2008 pursuant to

the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m)

To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With

---

[1]     Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]     The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.

Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline

Extension Order"); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that

proper and adequate notice of the Motion has been given, and it appearing that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient

cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED.

2.    Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by First Deadline Extension Order, is hereby further modified so

that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve

a defendant in the Adversary Proceedings with a summons and complaint is further

extended until 30 days after substantial consummation of the Plan or any modified plan,

without prejudice to the Debtors' right to seek further extensions and without prejudice to

the right of each of Laneko Engineering Co., Wachovia Bank, National Association, and

Laneko Engineering Co. Inc. to seek a shortening of the deadline.  The Debtors shall serve

a copy of this order upon each defendant in any Adversary Proceeding either when the

Debtors serve a summons and complaint on such defendant or as soon thereafter as

practicable.  All other provisions of the Preservation Of Estate Claims Procedures Order

shall remain in effect.

2

3.       This order shall be deemed entered in each of the Adversary Proceedings.

4.       The Debtors shall file a copy of this order in each of the Adversary Proceedings.

5.       This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

6.       The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      April ___, 2008

_____
   UNITED STATES BANKRUPTCY JUDGE

3

# **<u>EXHIBIT A</u>**

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02191 | 07-02200 |
| 07-02084 | 07-02195 | 07-02088 |
| 07-02090 | 07-02201 | 07-02094 |
| 07-02096 | 07-02205 | 07-02099 |
| 07-02101 | 07-02207 | 07-02103 |
| 07-02106 | 07-02209 | 07-02109 |
| 07-02115 | 07-02213 | 07-02110 |
| 07-02120 | 07-02214 | 07-02239 |
| 07-02124 | 07-02219 | 07-02244 |
| 07-02138 | 07-02224 | 07-02248 |
| 07-02142 | 07-02227 | 07-02251 |
| 07-02147 | 07-02231 | 07-02255 |
| 07-02150 | 07-02077 | 07-02259 |
| 07-02154 | 07-02080 | 07-02261 |
| 07-02157 | 07-02083 | 07-02265 |
| 07-02163 | 07-02091 | 07-02267 |
| 07-02170 | 07-02095 | 07-02270 |
| 07-02184 | 07-02102 | 07-02273 |
| 07-02190 | 07-02105 | 07-02276 |
| 07-02198 | 07-02112 | 07-02277 |
| 07-02202 | 07-02117 | 07-02280 |
| 07-02204 | 07-02123 | 07-02281 |
| 07-02208 | 07-02125 | 07-02282 |
| 07-02076 | 07-02128 | 07-02283 |
| 07-02081 | 07-02130 | 07-02284 |
| 07-02087 | 07-02135 | 07-02288 |
| 07-02097 | 07-02137 | 07-02291 |
| 07-02104 | 07-02143 | 07-02293 |
| 07-02112 | 07-02148 | 07-02074 |
| 07-02132 | 07-02152 | 07-02078 |
| 07-02140 | 07-02159 | 07-02082 |
| 07-02145 | 07-02165 | 07-02085 |
| 07-02153 | 07-02169 | 07-02089 |
| 07-02160 | 07-02174 | 07-02093 |
| 07-02166 | 07-02175 | 07-02108 |
| 07-02171 | 07-02182 | 07-02114 |
| 07-02180 | 07-02189 | 07-02119 |
| 07-02186 | 07-02196 | 07-02122 |

1

| | | |
|---|---|---|
| 07-02126 | 07-02199 | 07-02226 |
| 07-02129 | 07-02206 | 07-02230 |
| 07-02131 | 07-02210 | 07-02252 |
| 07-02136 | 07-02212 | 07-02256 |
| 07-02141 | 07-02217 | 07-02262 |
| 07-02146 | 07-02221 | 07-02266 |
| 07-02151 | 07-02225 | 07-02269 |
| 07-02156 | 07-02228 | 07-02272 |
| 07-02158 | 07-02235 | 07-02275 |
| 07-02164 | 07-02241 | 07-02278 |
| 07-02167 | 07-02245 | 07-02299 |
| 07-02172 | 07-02250 | 07-02303 |
| 07-02176 | 07-02254 | 07-02306 |
| 07-02179 | 07-02260 | 07-02309 |
| 07-02183 | 07-02079 | 07-02314 |
| 07-02187 | 07-02092 | 07-02318 |
| 07-02193 | 07-02098 | 07-02321 |
| 07-02233 | 07-02107 | 07-02326 |
| 07-02238 | 07-02111 | 07-02329 |
| 07-02243 | 07-02118 | 07-02334 |
| 07-02247 | 07-02107 | 07-02337 |
| 07-02249 | 07-02149 | 07-02340 |
| 07-02253 | 07-02162 | 07-02346 |
| 07-02257 | 07-02173 | 07-02350 |
| 07-02263 | 07-02178 | 07-02354 |
| 07-02075 | 07-02185 | 07-02359 |
| 07-02086 | 07-02192 | 07-02237 |
| 07-02100 | 07-02197 | 07-02240 |
| 07-02116 | 07-02203 | 07-02246 |
| 07-02121 | 07-02211 | 07-02258 |
| 07-02127 | 07-02214 | 07-02264 |
| 07-02133 | 07-02218 | 07-02271 |
| 07-02139 | 07-02223 | 07-02274 |
| 07-02144 | 07-02229 | 07-02279 |
| 07-02155 | 07-02232 | 07-02285 |
| 07-02161 | 07-02234 | 07-02289 |
| 07-02168 | 07-02236 | 07-02294 |
| 07-02177 | 07-02242 | 07-02298 |
| 07-02181 | 07-02215 | 07-02302 |
| 07-02188 | 07-02220 | 07-02312 |
| 07-02194 | 07-02222 | 07-02316 |

3

| | | |
|---|---|---|
| 07-02324 | 07-02392 | 07-02547 |
| 07-02330 | 07-02393 | 07-02549 |
| 07-02336 | 07-02396 | 07-02286 |
| 07-02342 | 07-02402 | 07-02290 |
| 07-02347 | 07-02407 | 07-02295 |
| 07-02783 | 07-02417 | 07-02297 |
| 07-02355 | 07-02421 | 07-02301 |
| 07-02361 | 07-02430 | 07-02305 |
| 07-02367 | 07-02442 | 07-02310 |
| 07-02373 | 07-02445 | 07-02317 |
| 07-02379 | 07-02449 | 07-02322 |
| 07-02397 | 07-02452 | 07-02327 |
| 07-02405 | 07-02454 | 07-02332 |
| 07-02268 | 07-02458 | 07-02335 |
| 07-02296 | 07-02461 | 07-02343 |
| 07-02304 | 07-02464 | 07-02348 |
| 07-02308 | 07-02467 | 07-02352 |
| 07-02311 | 07-02470 | 07-02357 |
| 07-02315 | 07-02473 | 07-02362 |
| 07-02320 | 07-02475 | 07-02366 |
| 07-02323 | 07-02478 | 07-02372 |
| 07-02328 | 07-02481 | 07-02696 |
| 07-02333 | 07-02483 | 07-02701 |
| 07-02784 | 07-02485 | 07-02703 |
| 07-02338 | 07-02488 | 07-02704 |
| 07-02341 | 07-02490 | 07-02706 |
| 07-02345 | 07-02493 | 07-02708 |
| 07-02349 | 07-02497 | 07-02710 |
| 07-02351 | 07-02499 | 07-02712 |
| 07-02356 | 07-02503 | 07-02714 |
| 07-02360 | 07-02506 | 07-02715 |
| 07-02363 | 07-02510 | 07-02717 |
| 07-02364 | 07-02513 | 07-02718 |
| 07-02369 | 07-02517 | 07-02719 |
| 07-02374 | 07-02521 | 07-02720 |
| 07-02377 | 07-02525 | 07-02721 |
| 07-02382 | 07-02528 | 07-02723 |
| 07-02384 | 07-02532 | 07-02726 |
| 07-02386 | 07-02535 | 07-02728 |
| 07-02388 | 07-02538 | 07-02730 |
| 07-02390 | 07-02544 | 07-02732 |

4

| | | |
|---|---|---|
| 07-02734 | 07-02425 | 07-02541 |
| 07-02736 | 07-02428 | 07-02414 |
| 07-02738 | 07-02429 | 07-02418 |
| 07-02739 | 07-02432 | 07-02424 |
| 07-02741 | 07-02434 | 07-02427 |
| 07-02743 | 07-02436 | 07-02433 |
| 07-02745 | 07-02438 | 07-02435 |
| 07-02747 | 07-02441 | 07-02439 |
| 07-02749 | 07-02443 | 07-02447 |
| 07-02751 | 07-02446 | 07-02451 |
| 07-02753 | 07-02448 | 07-02455 |
| 07-02754 | 07-02450 | 07-02459 |
| 07-02756 | 07-02453 | 07-02462 |
| 07-02758 | 07-02456 | 07-02465 |
| 07-02760 | 07-02457 | 07-02469 |
| 07-02761 | 07-02460 | 07-02471 |
| 07-02762 | 07-02463 | 07-02476 |
| 07-02764 | 07-02786 | 07-02479 |
| 07-02766 | 07-02466 | 07-02482 |
| 07-02368 | 07-02468 | 07-02487 |
| 07-02371 | 07-02472 | 07-02491 |
| 07-02375 | 07-02474 | 07-02496 |
| 07-02378 | 07-02477 | 07-02501 |
| 07-02381 | 07-02480 | 07-02508 |
| 07-02383 | 07-02484 | 07-02512 |
| 07-02785 | 07-02486 | 07-02516 |
| 07-02387 | 07-02489 | 07-02518 |
| 07-02389 | 07-02492 | 07-02522 |
| 07-02391 | 07-02495 | 07-02526 |
| 07-02394 | 07-02498 | 07-02529 |
| 07-02398 | 07-02500 | 07-02531 |
| 07-02400 | 07-02504 | 07-02537 |
| 07-02401 | 07-02511 | 07-02540 |
| 07-02403 | 07-02515 | 07-02543 |
| 07-02406 | 07-02507 | 07-02545 |
| 07-02408 | 07-02520 | 07-02548 |
| 07-02410 | 07-02524 | 07-02559 |
| 07-02413 | 07-02527 | 07-02560 |
| 07-02416 | 07-02530 | 07-02561 |
| 07-02420 | 07-02533 | 07-02562 |
| 07-02423 | 07-02536 | 07-02563 |

5

| | | |
|---|---|---|
| 07-02564 | 07-02419 | 07-02768 |
| 07-02565 | 07-02689 | 07-02769 |
| 07-02566 | 07-02690 | 07-02770 |
| 07-02567 | 07-02691 | 07-02771 |
| 07-02568 | 07-02692 | 07-02772 |
| 07-02569 | 07-02693 | 07-02773 |
| 07-02570 | 07-02694 | 07-02774 |
| 07-02571 | 07-02695 | 07-02775 |
| 07-02572 | 07-02697 | 07-02776 |
| 07-02573 | 07-02698 | 07-02777 |
| 07-02574 | 07-02699 | 07-02778 |
| 07-02575 | 07-02700 | 07-02779 |
| 07-02576 | 07-02702 | 07-02617 |
| 07-02577 | 07-02705 | 07-02618 |
| 07-02578 | 07-02707 | 07-02619 |
| 07-02580 | 07-02709 | 07-02620 |
| 07-02582 | 07-02711 | 07-02621 |
| 07-02583 | 07-02713 | 07-02622 |
| 07-02584 | 07-02716 | 07-02623 |
| 07-02585 | 07-02722 | 07-02624 |
| 07-02587 | 07-02724 | 07-02625 |
| 07-02589 | 07-02725 | 07-02626 |
| 07-02591 | 07-02727 | 07-02627 |
| 07-02287 | 07-02729 | 07-02628 |
| 07-02292 | 07-02731 | 07-02629 |
| 07-02300 | 07-02733 | 07-02787 |
| 07-02307 | 07-02735 | 07-02630 |
| 07-02313 | 07-02737 | 07-02631 |
| 07-02319 | 07-02740 | 07-02788 |
| 07-02325 | 07-02742 | 07-02632 |
| 07-02331 | 07-02744 | 07-02633 |
| 07-02339 | 07-02746 | 07-02634 |
| 07-02344 | 07-02748 | 07-02635 |
| 07-02353 | 07-02750 | 07-02336 |
| 07-02358 | 07-02752 | 07-02637 |
| 07-02365 | 07-02755 | 07-02638 |
| 07-02370 | 07-02757 | 07-02639 |
| 07-02376 | 07-02759 | 07-02640 |
| 07-02380 | 07-02763 | 07-02641 |
| 07-02385 | 07-02765 | 07-02642 |
| 07-02395 | 07-02767 | 07-02643 |

6

| | | |
|---|---|---|
| 07-02644 | 07-02685 | 07-02588 |
| 07-02645 | 07-02686 | 07-02590 |
| 07-02646 | 07-02687 | 07-02592 |
| 07-02647 | 07-02688 | 07-02593 |
| 07-02648 | 07-02399 | 07-02594 |
| 07-02649 | 07-02404 | 07-02595 |
| 07-02650 | 07-02409 | 07-02596 |
| 07-02651 | 07-02411 | 07-02597 |
| 07-02652 | 07-02412 | 07-02598 |
| 07-02653 | 07-02415 | 07-02599 |
| 07-02654 | 07-02422 | 07-02600 |
| 07-02655 | 07-02426 | 07-02601 |
| 07-02656 | 07-02431 | 07-02602 |
| 07-02657 | 07-02437 | 07-02603 |
| 07-02658 | 07-02789 | 07-02604 |
| 07-02659 | 07-02440 | 07-02605 |
| 07-02660 | 07-02790 | 07-02606 |
| 07-02661 | 07-02444 | 07-02607 |
| 07-02662 | 07-02494 | 07-02608 |
| 07-02663 | 07-02502 | 07-02609 |
| 07-02664 | 07-02505 | 07-02610 |
| 07-02665 | 07-02509 | 07-02611 |
| 07-02666 | 07-02514 | 07-02612 |
| 07-02667 | 07-02519 | 07-02613 |
| 07-02668 | 07-02523 | 07-02614 |
| 07-02669 | 07-02534 | 07-02615 |
| 07-02670 | 07-02539 | 07-02616 |
| 07-02671 | 07-02542 | 07-02794 |
| 07-02672 | 07-02546 | 07-02803 |
| 07-02673 | 07-02550 | 07-02805 |
| 07-02674 | 07-02551 | 07-02797 |
| 07-02675 | 07-02552 | 07-02795 |
| 07-02676 | 07-02553 | 07-02796 |
| 07-02677 | 07-02554 | 07-02798 |
| 07-02678 | 07-02555 | 07-02799 |
| 07-02679 | 07-02556 | 07-02800 |
| 07-02680 | 07-02557 | 07-02801 |
| 07-02681 | 07-02558 | 07-02802 |
| 07-02682 | 07-02579 | 07-02804 |
| 07-02683 | 07-02581 | 07-02806 |
| 07-02684 | 07-02586 | 07-02807 |

07-02808
07-02809
07-02810
07-02811
07-02812
07-02813
07-02814
07-02815
07-02816
07-02817
07-02818
07-02819
07-02862

**Hearing Date And Time: April 30, 2008 at 10:00 a.m.**
**Objection Deadline: April 23, 2008 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700
John Wm. Butler, Jr. (JB 4711)
John K. Lyons (JL 4951)
Ron E. Meisler (RM 3026)

          - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Kayalyn A. Marafioti (KM 9632)
Thomas J. Matz (TM 5986)

Attorneys for Delphi Corporation, et al.,
   Debtors and Debtors-in-Possession

Delphi Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

Delphi Legal Information Website:
http://www.delphidocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
          In re                           :     Chapter 11
                                          :
DELPHI CORPORATION, et al.,               :     Case No. 05-44481 (RDD)
                                          :
                         Debtors.         :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF MOTION PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER

PLEASE TAKE NOTICE that on April 10, 2008, Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed a Motion Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation Of Estate Claims Procedures Order (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on April 30, 2008 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 610, New York, New York 10004 (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (the "Supplemental Case Management Order") (Docket No. 2883), and the Tenth Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered February 4, 2008 (Docket No. 12487) (the "Tenth Supplemental Case Management Order"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-

2

interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard-

copy form directly to the chambers of the Honorable Robert D. Drain, United States Bankruptcy

Judge, and (e) be served upon (i) Delphi Corporation, 5725 Delphi Drive, Troy, Michigan 48098

(Att'n: General Counsel), (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, 333 West Wacker Drive, Suite 2100, Chicago, Illinois 60606 (Att'n: John Wm. Butler, Jr.),

(iii) counsel for the agent under the postpetition credit facility, Davis Polk & Wardwell, 450

Lexington Avenue, New York, New York 10017 (Att'n: Donald Bernstein and Brian Resnick),

(iv) counsel for the official committee of unsecured creditors, Latham & Watkins LLP, 885

Third Avenue, New York, New York 10022 (Att'n: Robert J. Rosenberg and Mark A. Broude),

(v) counsel for the official committee of equity security holders, Fried, Frank, Harris, Shriver &

Jacobson LLP, One New York Plaza, New York, New York 10004 (Att'n: Bonnie Steingart), and

(vi) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, Suite 2100, New York, New York 10004 (Att'n:  Alicia M. Leonhard), in each case so as

to be **received** no later than **4:00 p.m. (prevailing Eastern time) on April 23, 2008** (the

"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Supplemental Case Management Order and the Tenth

Supplemental Case Management Order will be considered by the Bankruptcy Court at the

Hearing.  If no objections to the Motion are timely filed and served in accordance with the

procedures set forth herein and in the Supplemental Case Management Order and the Tenth

Supplemental Case Management Order, the Bankruptcy Court may enter an order granting the

Motion without further notice.

Dated:    New York, New York
          April 10, 2008

                             SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP

                             By:   _/s/ John Wm. Butler, Jr._____
                                  John Wm. Butler, Jr. (JB 4711)
                                  John K. Lyons (JL 9331)
                                  Ron E. Meisler (RM 3026)
                             333 West Wacker Drive, Suite 2100
                             Chicago, Illinois 60606

                                  - and -

                             By:   _/s/ Kayalyn A. Marafioti_____
                                  Kayalyn A. Marafioti (KM 9632)
                                  Thomas J. Matz (TM 5986)
                             Four Times Square
                             New York, New York 10036

                             Attorneys for Delphi Corporation, et al.,
                                Debtors and Debtors-in-Possession

4

## **EXHIBIT H**

**April 30, 2008 Hearing Transcript**

Page 1

```
 1                       UNITED STATES BANKRUPTCY COURT
                         SOUTHERN DISTRICT OF NEW YORK
 2      -------------------------------------X
        In Re:                                05-44481 (RDD)
 3
            DELPHI CORPORATION, et al.,        One Bowling Green
 4                                             New York, New York
                    Debtors.                   April 30, 2008
 5      -------------------------------------X
 6
                        TRANSCRIPT OF MOTIONS
 7           BEFORE THE HONORABLE ROBERT D. DRAIN
                 UNITED STATES BANKRUPTCY JUDGE
 8
 9      APPEARANCES:
10      For the Debtors:          JOHN WM. BUTLER, JR., ESQ.
                                   KAYALYN A. MARAFIOTI, ESQ.
11                                 THOMAS J. MATZ, ESQ.
                                   Skadden, Arps, Slate, Meagher
12                                  & Flom, LLP
                                   Four Times Square
13                                 New York, New York  10036
14      For Creditors Com.:       ROBERT J. ROSENBERG, ESQ.
                                   MICHAEL RIELA, ESQ.
15                                 Latham & Watkins
                                   885 Third Avenue
16                                 New York, New York  10022
17      For Equity Com.:          BONNIE STEINGART, ESQ.
                                   Fried, Frank, Harris, Shriver
18                                  & Jacobson, LLP
                                   One New York Plaza
19                                 New York, New York  10004
20      For ADAH:                 THOMAS E. LAURIA, ESQ.
                                   White & Case, LLP
21                                 200 South Biscayne Boulevard
                                   Miami, Florida  33131
22                             (Appearances continued on next page)
23                  REGENCY REPORTING, INC.
            Certified Court Reporters & Videographers
24      425 Eagle Rock Avenue     575 Madison Avenue
        Roseland, NJ 07068        New York, NY 10022
25       www.regencyreporting.net    1-866-268-7866
```

Page 11

1    revised blacklined order and I'll grant the motion.  It appears to

2    me the debtors have been acting in good faith.  They obviously

3    still have remaining issues in respect of the plan and/or a

4    modification thereof and, consequently, this extension which,

5    again, is consensual on this basis is warranted.  So I'll enter

6    that order.

7            MR. BUTLER:  Thank you, Your Honor.

8            Your Honor, you also touched briefly on the 4(m) motion.

9    That's actually the next one, Item 5.  This is the post-

10   confirmation extension of avoidance action service deadlines motion

11   at docket No. 13361 and, Your Honor, this deals with the debtor's

12   seeking an entry of an order extending the deadline to serve

13   process pursuant to Bankruptcy Rule 7004(a) and Federal Rules of

14   Civil Procedure 4(m) that's made applicable by Bankruptcy Rule

15   7004(a) for avoidance actions filed in connection with the

16   preservation of estate claims procedures order earlier entered by

17   this Court at docket No. 12471.

18           We did give some specific notice in connection with

19   this, Your Honor.  We gave notice of the motion to Lenico

20   Engineering Company, Wachovia Bank National Association and the

21   master service list and the 2002 list.  The reason that we gave

22   specific notice to Lenico and Wachovia was because those were the

23   only two parties that had been identified under Exhibit 7.24 of the

24   plan as having the avoidance actions preserved under the plan and,

25   therefore, we gave particularized notice to them of the relief

Page 12

1    *sought by the debtors.*  We have not given notice to the 742 other

2    defendants therein which are under seal and it was not served on

3    those defendants except to the extent those defendants already had

4    placed themselves on either the master service list or the 2002

5    list.

6         There were no objections to the motion.  At the moment,

7    Your Honor, prior to Your Honor's order, we believe that it's

8    appropriate to get a further extension.  Right now, the extension

9    is through May 31, 2008, that's Your Honor's -- a prior order

10   entered on March 28th at docket No. 13277 and, again, the process

11   that we're looking for here is essentially the same formulation we

12   did in the 365(d)(4) motion and I presume with a similar

13   modification from Your Honor, the idea here is to not have to deal

14   with these complaints so long as we have the plan process that

15   we're moving forward with.

16        THE COURT:  Okay.  Well, first, I continue to believe

17   that there is good cause for the relief sought here.  Except for

18   the notice you did give I don't think any further notice is

19   necessary under the plain terms of 9006 and the cause is obviously

20   that the analysis so far that's represented in the motion is the

21   same as it was when the motion was originally granted which is that

22   these causes of action are being preserved in light of the

23   limitations period, however, it's not presently contemplated that

24   they will be pursued, although obviously the preservation of them

25   means that they may be pursued but given that there's no reason for

Page 13

1   either the debtors or the potential defendants to start to have to

2   incur any costs in connection with the litigation so cause is shown

3   under Rule 4(m) and 9006.

4            The issue that I addressed earlier on the lease

5   extension motion is slightly different here, I think, because it's

6   conceivable, I guess, that a plan that I would permit someone else

7   to submit might have a different position on avoidance actions and

8   at which point they should be pursued.  So the way I phrased it

9   here and you're all free to chime in on this if it doesn't sound

10  right to you is that the deadline or the extension would be until

11  thirty days after the later of substantial consummation of the plan

12  or any modified Chapter 11 plan and December 31, 2008.  That seems

13  to me -- that was the date you had in for another matter, it will

14  come up later and it seems far enough off so that that would be

15  sufficient.

16            MR. BUTLER:  Thank you, Your Honor.

17            THE COURT:  Okay.  So I'll grant it on that basis.

18            MR. BUTLER:  Your Honor, the next item on the agenda,

19  Item No. 6, is the debtor's second DIP extension motion filed at

20  docket No. 13409.

21            Your Honor, in this motion the debtors have sought

22  authority to supplement the January 5, 2007 DIP order entered at

23  docket No. 6461, the November 16, 2007 DIP extension order at

24  docket No. 10854 and to authorize the debtors to extend the

25  maturity date of the DIP facility to enter into related documents

## EXHIBIT I

**Postconfirmation Extension of Avoidance Action
Service Deadline Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                   :

In re                           :       Chapter 11
                                                   :

DELPHI CORPORATION, <u>et al.</u>,   :       Case No. 05-44481 (RDD)
                                                   :

                  Debtors.     :       (Jointly Administered)
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND 9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION <u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

### ("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE DEADLINE ORDER")

Upon the motion, dated April 10, 2008 (the "Motion"), of Delphi

Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for an order under

Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal Rule of Civil

Procedure 4(m) to extend the deadline to serve process for Adversary Proceedings[1]

commenced in connection with the Preservation Of Estate Claims Procedures Order[2]

(Docket No. 9105), which deadline was previously extended to May 31, 2008 pursuant to

the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R. Civ. P. 4(m)

To Extend Deadline To Serve Process For Avoidance Actions Filed In Connection With

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.


0544481080430000000000006

Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the "First Deadline

Extension Order"); and upon the record of the hearing held on the Motion; and this Court

having determined that the relief requested in the Motion as granted herein is in the best

interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it

appearing that proper and adequate notice of the Motion has been given, and it appearing

that no other or further notice is necessary; and after due deliberation thereon; and good

and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED as provided herein.

2.    Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by First Deadline Extension Order, is hereby further modified so

that the time under Federal Rule of Civil Procedure 4(m) by which the Debtors must serve

a defendant in the Adversary Proceedings with a summons and complaint is further

extended until 30 days after the later of substantial consummation of the Plan or any

modified chapter 11 plan for the Debtors and December 31, 2008; without prejudice,

however, to the Debtors' right to seek further extensions and without prejudice to the right

of each of Laneko Engineering Co., Wachovia Bank, National Association, and Laneko

Engineering Co. Inc. to seek a shortening of the deadline.  The Debtors shall serve a copy

of this order upon each defendant in any Adversary Proceeding either when the Debtors

serve a summons and complaint on such defendant or as soon thereafter as practicable.  All

other provisions of the Preservation Of Estate Claims Procedures Order shall remain in

effect.

2

3.      This order shall be deemed entered in each of the Adversary Proceedings.

4.      The Debtors shall file a copy of this order in each of the Adversary Proceedings.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

6.      The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York for the service and filing of a separate memorandum of law is deemed satisfied by the Motion.

Dated: New York, New York
      April 30, 2008

_____/s/ Robert D. Drain_____
UNITED STATES BANKRUPTCY JUDGE

3

# **EXHIBIT A**

## DELPHI ADVERSARY PROCEEDING NUMBERS

| | | |
|---|---|---|
| 07-02072 | 07-02191 | 07-02200 |
| 07-02084 | 07-02195 | 07-02088 |
| 07-02090 | 07-02201 | 07-02094 |
| 07-02096 | 07-02205 | 07-02099 |
| 07-02101 | 07-02207 | 07-02103 |
| 07-02106 | 07-02209 | 07-02109 |
| 07-02115 | 07-02213 | 07-02110 |
| 07-02120 | 07-02214 | 07-02239 |
| 07-02124 | 07-02219 | 07-02244 |
| 07-02138 | 07-02224 | 07-02248 |
| 07-02142 | 07-02227 | 07-02251 |
| 07-02147 | 07-02231 | 07-02255 |
| 07-02150 | 07-02077 | 07-02259 |
| 07-02154 | 07-02080 | 07-02261 |
| 07-02157 | 07-02083 | 07-02265 |
| 07-02163 | 07-02091 | 07-02267 |
| 07-02170 | 07-02095 | 07-02270 |
| 07-02184 | 07-02102 | 07-02273 |
| 07-02190 | 07-02105 | 07-02276 |
| 07-02198 | 07-02112 | 07-02277 |
| 07-02202 | 07-02117 | 07-02280 |
| 07-02204 | 07-02123 | 07-02281 |
| 07-02208 | 07-02125 | 07-02282 |
| 07-02076 | 07-02128 | 07-02283 |
| 07-02081 | 07-02130 | 07-02284 |
| 07-02087 | 07-02135 | 07-02288 |
| 07-02097 | 07-02137 | 07-02291 |
| 07-02104 | 07-02143 | 07-02293 |
| 07-02112 | 07-02148 | 07-02074 |
| 07-02132 | 07-02152 | 07-02078 |
| 07-02140 | 07-02159 | 07-02082 |
| 07-02145 | 07-02165 | 07-02085 |
| 07-02153 | 07-02169 | 07-02089 |
| 07-02160 | 07-02174 | 07-02093 |
| 07-02166 | 07-02175 | 07-02108 |
| 07-02171 | 07-02182 | 07-02114 |
| 07-02180 | 07-02189 | 07-02119 |
| 07-02186 | 07-02196 | 07-02122 |

1

| | | |
|---|---|---|
| 07-02126 | 07-02199 | 07-02226 |
| 07-02129 | 07-02206 | 07-02230 |
| 07-02131 | 07-02210 | 07-02252 |
| 07-02136 | 07-02212 | 07-02256 |
| 07-02141 | 07-02217 | 07-02262 |
| 07-02146 | 07-02221 | 07-02266 |
| 07-02151 | 07-02225 | 07-02269 |
| 07-02156 | 07-02228 | 07-02272 |
| 07-02158 | 07-02235 | 07-02275 |
| 07-02164 | 07-02241 | 07-02278 |
| 07-02167 | 07-02245 | 07-02299 |
| 07-02172 | 07-02250 | 07-02303 |
| 07-02176 | 07-02254 | 07-02306 |
| 07-02179 | 07-02260 | 07-02309 |
| 07-02183 | 07-02079 | 07-02314 |
| 07-02187 | 07-02092 | 07-02318 |
| 07-02193 | 07-02098 | 07-02321 |
| 07-02233 | 07-02107 | 07-02326 |
| 07-02238 | 07-02111 | 07-02329 |
| 07-02243 | 07-02118 | 07-02334 |
| 07-02247 | 07-02107 | 07-02337 |
| 07-02249 | 07-02149 | 07-02340 |
| 07-02253 | 07-02162 | 07-02346 |
| 07-02257 | 07-02173 | 07-02350 |
| 07-02263 | 07-02178 | 07-02354 |
| 07-02075 | 07-02185 | 07-02359 |
| 07-02086 | 07-02192 | 07-02237 |
| 07-02100 | 07-02197 | 07-02240 |
| 07-02116 | 07-02203 | 07-02246 |
| 07-02121 | 07-02211 | 07-02258 |
| 07-02127 | 07-02214 | 07-02264 |
| 07-02133 | 07-02218 | 07-02271 |
| 07-02139 | 07-02223 | 07-02274 |
| 07-02144 | 07-02229 | 07-02279 |
| 07-02155 | 07-02232 | 07-02285 |
| 07-02161 | 07-02234 | 07-02289 |
| 07-02168 | 07-02236 | 07-02294 |
| 07-02177 | 07-02242 | 07-02298 |
| 07-02181 | 07-02215 | 07-02302 |
| 07-02188 | 07-02220 | 07-02312 |
| 07-02194 | 07-02222 | 07-02316 |

| | | |
|---|---|---|
| 07-02324 | 07-02392 | 07-02547 |
| 07-02330 | 07-02393 | 07-02549 |
| 07-02336 | 07-02396 | 07-02286 |
| 07-02342 | 07-02402 | 07-02290 |
| 07-02347 | 07-02407 | 07-02295 |
| 07-02783 | 07-02417 | 07-02297 |
| 07-02355 | 07-02421 | 07-02301 |
| 07-02361 | 07-02430 | 07-02305 |
| 07-02367 | 07-02442 | 07-02310 |
| 07-02373 | 07-02445 | 07-02317 |
| 07-02379 | 07-02449 | 07-02322 |
| 07-02397 | 07-02452 | 07-02327 |
| 07-02405 | 07-02454 | 07-02332 |
| 07-02268 | 07-02458 | 07-02335 |
| 07-02296 | 07-02461 | 07-02343 |
| 07-02304 | 07-02464 | 07-02348 |
| 07-02308 | 07-02467 | 07-02352 |
| 07-02311 | 07-02470 | 07-02357 |
| 07-02315 | 07-02473 | 07-02362 |
| 07-02320 | 07-02475 | 07-02366 |
| 07-02323 | 07-02478 | 07-02372 |
| 07-02328 | 07-02481 | 07-02696 |
| 07-02333 | 07-02483 | 07-02701 |
| 07-02784 | 07-02485 | 07-02703 |
| 07-02338 | 07-02488 | 07-02704 |
| 07-02341 | 07-02490 | 07-02706 |
| 07-02345 | 07-02493 | 07-02708 |
| 07-02349 | 07-02497 | 07-02710 |
| 07-02351 | 07-02499 | 07-02712 |
| 07-02356 | 07-02503 | 07-02714 |
| 07-02360 | 07-02506 | 07-02715 |
| 07-02363 | 07-02510 | 07-02717 |
| 07-02364 | 07-02513 | 07-02718 |
| 07-02369 | 07-02517 | 07-02719 |
| 07-02374 | 07-02521 | 07-02720 |
| 07-02377 | 07-02525 | 07-02721 |
| 07-02382 | 07-02528 | 07-02723 |
| 07-02384 | 07-02532 | 07-02726 |
| 07-02386 | 07-02535 | 07-02728 |
| 07-02388 | 07-02538 | 07-02730 |
| 07-02390 | 07-02544 | 07-02732 |

4

| | | |
|---|---|---|
| 07-02734 | 07-02425 | 07-02541 |
| 07-02736 | 07-02428 | 07-02414 |
| 07-02738 | 07-02429 | 07-02418 |
| 07-02739 | 07-02432 | 07-02424 |
| 07-02741 | 07-02434 | 07-02427 |
| 07-02743 | 07-02436 | 07-02433 |
| 07-02745 | 07-02438 | 07-02435 |
| 07-02747 | 07-02441 | 07-02439 |
| 07-02749 | 07-02443 | 07-02447 |
| 07-02751 | 07-02446 | 07-02451 |
| 07-02753 | 07-02448 | 07-02455 |
| 07-02754 | 07-02450 | 07-02459 |
| 07-02756 | 07-02453 | 07-02462 |
| 07-02758 | 07-02456 | 07-02465 |
| 07-02760 | 07-02457 | 07-02469 |
| 07-02761 | 07-02460 | 07-02471 |
| 07-02762 | 07-02463 | 07-02476 |
| 07-02764 | 07-02786 | 07-02479 |
| 07-02766 | 07-02466 | 07-02482 |
| 07-02368 | 07-02468 | 07-02487 |
| 07-02371 | 07-02472 | 07-02491 |
| 07-02375 | 07-02474 | 07-02496 |
| 07-02378 | 07-02477 | 07-02501 |
| 07-02381 | 07-02480 | 07-02508 |
| 07-02383 | 07-02484 | 07-02512 |
| 07-02785 | 07-02486 | 07-02516 |
| 07-02387 | 07-02489 | 07-02518 |
| 07-02389 | 07-02492 | 07-02522 |
| 07-02391 | 07-02495 | 07-02526 |
| 07-02394 | 07-02498 | 07-02529 |
| 07-02398 | 07-02500 | 07-02531 |
| 07-02400 | 07-02504 | 07-02537 |
| 07-02401 | 07-02511 | 07-02540 |
| 07-02403 | 07-02515 | 07-02543 |
| 07-02406 | 07-02507 | 07-02545 |
| 07-02408 | 07-02520 | 07-02548 |
| 07-02410 | 07-02524 | 07-02559 |
| 07-02413 | 07-02527 | 07-02560 |
| 07-02416 | 07-02530 | 07-02561 |
| 07-02420 | 07-02533 | 07-02562 |
| 07-02423 | 07-02536 | 07-02563 |

5

| | | |
|---|---|---|
| 07-02564 | 07-02419 | 07-02768 |
| 07-02565 | 07-02689 | 07-02769 |
| 07-02566 | 07-02690 | 07-02770 |
| 07-02567 | 07-02691 | 07-02771 |
| 07-02568 | 07-02692 | 07-02772 |
| 07-02569 | 07-02693 | 07-02773 |
| 07-02570 | 07-02694 | 07-02774 |
| 07-02571 | 07-02695 | 07-02775 |
| 07-02572 | 07-02697 | 07-02776 |
| 07-02573 | 07-02698 | 07-02777 |
| 07-02574 | 07-02699 | 07-02778 |
| 07-02575 | 07-02700 | 07-02779 |
| 07-02576 | 07-02702 | 07-02617 |
| 07-02577 | 07-02705 | 07-02618 |
| 07-02578 | 07-02707 | 07-02619 |
| 07-02580 | 07-02709 | 07-02620 |
| 07-02582 | 07-02711 | 07-02621 |
| 07-02583 | 07-02713 | 07-02622 |
| 07-02584 | 07-02716 | 07-02623 |
| 07-02585 | 07-02722 | 07-02624 |
| 07-02587 | 07-02724 | 07-02625 |
| 07-02589 | 07-02725 | 07-02626 |
| 07-02591 | 07-02727 | 07-02627 |
| 07-02287 | 07-02729 | 07-02628 |
| 07-02292 | 07-02731 | 07-02629 |
| 07-02300 | 07-02733 | 07-02787 |
| 07-02307 | 07-02735 | 07-02630 |
| 07-02313 | 07-02737 | 07-02631 |
| 07-02319 | 07-02740 | 07-02788 |
| 07-02325 | 07-02742 | 07-02632 |
| 07-02331 | 07-02744 | 07-02633 |
| 07-02339 | 07-02746 | 07-02634 |
| 07-02344 | 07-02748 | 07-02635 |
| 07-02353 | 07-02750 | 07-02336 |
| 07-02358 | 07-02752 | 07-02637 |
| 07-02365 | 07-02755 | 07-02638 |
| 07-02370 | 07-02757 | 07-02639 |
| 07-02376 | 07-02759 | 07-02640 |
| 07-02380 | 07-02763 | 07-02641 |
| 07-02385 | 07-02765 | 07-02642 |
| 07-02395 | 07-02767 | 07-02643 |

| | | |
|---|---|---|
| 07-02644 | 07-02685 | 07-02588 |
| 07-02645 | 07-02686 | 07-02590 |
| 07-02646 | 07-02687 | 07-02592 |
| 07-02647 | 07-02688 | 07-02593 |
| 07-02648 | 07-02399 | 07-02594 |
| 07-02649 | 07-02404 | 07-02595 |
| 07-02650 | 07-02409 | 07-02596 |
| 07-02651 | 07-02411 | 07-02597 |
| 07-02652 | 07-02412 | 07-02598 |
| 07-02653 | 07-02415 | 07-02599 |
| 07-02654 | 07-02422 | 07-02600 |
| 07-02655 | 07-02426 | 07-02601 |
| 07-02656 | 07-02431 | 07-02602 |
| 07-02657 | 07-02437 | 07-02603 |
| 07-02658 | 07-02789 | 07-02604 |
| 07-02659 | 07-02440 | 07-02605 |
| 07-02660 | 07-02790 | 07-02606 |
| 07-02661 | 07-02444 | 07-02607 |
| 07-02662 | 07-02494 | 07-02608 |
| 07-02663 | 07-02502 | 07-02609 |
| 07-02664 | 07-02505 | 07-02610 |
| 07-02665 | 07-02509 | 07-02611 |
| 07-02666 | 07-02514 | 07-02612 |
| 07-02667 | 07-02519 | 07-02613 |
| 07-02668 | 07-02523 | 07-02614 |
| 07-02669 | 07-02534 | 07-02615 |
| 07-02670 | 07-02539 | 07-02616 |
| 07-02671 | 07-02542 | 07-02794 |
| 07-02672 | 07-02546 | 07-02803 |
| 07-02673 | 07-02550 | 07-02805 |
| 07-02674 | 07-02551 | 07-02797 |
| 07-02675 | 07-02552 | 07-02795 |
| 07-02676 | 07-02553 | 07-02796 |
| 07-02677 | 07-02554 | 07-02798 |
| 07-02678 | 07-02555 | 07-02799 |
| 07-02679 | 07-02556 | 07-02800 |
| 07-02680 | 07-02557 | 07-02801 |
| 07-02681 | 07-02558 | 07-02802 |
| 07-02682 | 07-02579 | 07-02804 |
| 07-02683 | 07-02581 | 07-02806 |
| 07-02684 | 07-02586 | 07-02807 |

07-02808
07-02809
07-02810
07-02811
07-02812
07-02813
07-02814
07-02815
07-02816
07-02817
07-02818
07-02819
07-02862

## **EXHIBIT J**

**October 22, 2009 Hearing Transcript**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 05-44481

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


DELPHI CORPORATION, ET AL.,


        Debtors.


- - - - - - - - - - - - - - - - - - - -x


              U.S. Bankruptcy Court

              One Bowling Green

              New York, New York


              October 22, 2009

              10:02 AM


B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

2

1   Supplemental Motion to Extend Deadline to Serve Process for

2   Avoidance Action Filed in Connection with Preservation of

3   Estate Claims Procedures Order

4

5   Proposed Forty-Eighth Omnibus Hearing Agenda

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Dena Page

3

1

2      A P P E A R A N C E S :

3      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4            Attorneys for Debtors

5            Four Times Square

6            New York, NY 10036

7

8      BY:   KAYALYN A. MARAFIOTI, ESQ.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

```
 1                    P R O C E E D I N G S

 2          THE COURT:  Please be seated.  Okay.  In re: Delphi

 3   Corporation.

 4          MS. MARAFIOTI:  Good morning, Your Honor.  Kayalyn

 5   Marafioti on behalf of DPH Holdings, Corp., which is the

 6   reorganized company and successor to Delphi Corporation and all

 7   but two of its affiliated debtors.

 8          There are only a couple of items on the calendar

 9   today, and the second of them is now moot.  The motion of

10   Robert Backy (ph.) to enforce payment of his claim was

11   withdrawn yesterday.  I think the appropriate pleadings were

12   filed.  And so that matter is, effectively, settled.

13          And that leaves us with the debtors' motion under

14   Bankruptcy Rule -- well, Federal Rule 4(m) and its companion

15   bankruptcy rule to further extend the time to file service of

16   process in connection with a number of adversary proceedings

17   that were filed under seal a couple of years ago.

18          Your Honor, since we last made a motion seeking an

19   extension of time, quite a considerable amount of progress has

20   been made.  In March, when we initially sought time that would

21   relate to thirty days past the consummation date, there were

22   some 752 complaints that might be brought.  And you may recall

23   that under the modified plan, the debtors were required to

24   submit an exhibit naming, by adversary proceeding number, the

25   complaints that could be brought post-consummation.  And that
```

5

1    number is now down to 177. So the pool of potential claims has

2    been reduced to less than one quarter of its original size.

3          But the reason we're here seeking a further extension

4    is that in the intense period that led up to the closing, it

5    simply wasn't possible for the debtors to winnow that number

6    down any further. And at the moment, under the master

7    disposition agreement, these claims inure solely to the benefit

8    of DPH Holdings, Corp. They did not move to the buyers. So

9    they're staying with the reorganized company.

10          And there is only one employee at DPH Holdings Corp.

11    He has a lot of things to do right now in trying to effectuate

12    all the transactions that were contemplated by the plan, and

13    certainly this issue is now very much at the center of his

14    attention, but he does need a bit more time.

15          Also, we understand that a different law firm will be

16    taking over those claims, if and to the extent that they are

17    brought, and so they need a bit of time to get up to speed as

18    well.

19          We think that those reasons form the basis for the

20    Court's extension of time, here. There has been no objection

21    filed. We did serve the motion in the usual fashion, and no

22    objections were lodged. So we would simply ask that the order

23    be entered as submitted.

24          THE COURT: Okay, and thirty days hasn't run since the

25    consummation of the plan, right?

6

1          MS. MARAFIOTI:  That's correct.  I think that would be

2     November 5 --

3          THE COURT:  Okay.

4          MS. MARAFIOTI:  -- would be the thirtieth day.

5          THE COURT:  All right, so you're within the deadline.

6          MS. MARAFIOTI:  Right.

7          THE COURT:  I'll enter the order --

8          MS. MARAFIOTI:  Okay, very good.  Thank you, Your

9     Honor.

10         THE COURT:  -- for the reasons stated in the motion.

11    As with the last ones, this is without prejudice to the rights

12    of these potential defendants to argue other defenses, other

13    than the running of the limitations period.  And I think that

14    goes without saying.  So this is just an extension of the time

15    to actually serve.

16         MS. MARAFIOTI:  That's right, Your Honor.

17         THE COURT:  So do you have a disc for me?

18         MS. MARAFIOTI:  I believe we do.  If I may approach

19    the bench, Your Honor.

20         THE COURT:  Sure.  Obviously, the debtors' decision to

21    proceed this way is borne out by the fact that the vast

22    majority of these cases have already been, effectively, booted

23    out.  And as the motion states, the potential plaintiff, here,

24    certainly should have a little more time to analyze whether it

25    makes sense to bring the remaining lawsuits or only some of

7

1     them before DPH and the defendants incur additional costs.

2              Okay, thank you.

3              MS. MARAFIOTI:  Thank you, Your Honor.

4              THE COURT:  Okay.

5          (Proceedings concluded at 10:07 a.m.)

8

1

2                                  I N D E X

3

4                                  RULINGS

5                                Page     Line

6    Supplemental Motion to     6        10

7    Extend Deadline to Serve

8    Process for Avoidance

9    Action Granted

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

9

1

2                          C E R T I F I C A T I O N

3

4        I, Dena Page, certify that the foregoing transcript is a true

5        and accurate record of the proceedings.

6        Dena Page

7        _____

8        Dena Page

9

10       Veritext LLC

11       200 Old Country Road

12       Suite 580

13       Mineola, NY 11501

14

15       Date:  October 23, 2009

16

17

18

19

20

21

22

23

24

25

# **EXHIBIT K**

**Supplemental Postconfirmation Extension Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                  :
    In re                  :      Chapter 11
                  :
DELPHI CORPORATION, <u>et al.</u>,  :      Case No. 05-44481 (RDD)
                  :
           Debtors.    :      (Jointly Administered)
                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO FED. R. BANKR. P. 7004(a) AND
9006(b)(1) AND FED. R. CIV. P. 4(m) TO EXTEND DEADLINE TO
SERVE PROCESS FOR AVOIDANCE ACTIONS FILED IN CONNECTION
<u>WITH PRESERVATION OF ESTATE CLAIMS PROCEDURES ORDER</u>

("POSTCONFIRMATION EXTENSION OF AVOIDANCE ACTION SERVICE
DEADLINE ORDER")

           Upon the supplemental motion, dated October 2, 2009 (the "Motion"), of

Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for an

order under Federal Rules of Bankruptcy Procedure 7004(a) and 9006(b)(1) and Federal

Rule of Civil Procedure 4(m) to extend the deadline to serve process for Adversary

Proceedings[1] commenced in connection with the Preservation Of Estate Claims Procedures

Order[2] (Docket No. 9105), which deadline was previously extended to May 31, 2008

pursuant to the Order Pursuant To Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed. R.

Civ. P. 4(m) To Extend Deadline To Serve Process For Avoidance Actions Filed In

_____

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[2]    The Adversary Proceedings are listed by adversary proceeding number on <u>Exhibit A</u> attached hereto.



Connection With Preservation Of Estate Claims Procedures Order (Docket No. 13277) (the

"First Deadline Extension Order") and further extended to 30 days after substantial

consummation of the Confirmed Plan or any modified plan pursuant to the Motion

Pursuant to Fed. R. Bankr. P. 7004(a) And 9006(b)(1) And Fed R. Civ. P. 4(m) To Extend

Deadline To Serve Process For Avoidance Actions Filed In Connection With Preservation

Of Estate Claims Procedures Order (Docket No. 13361) (the "Postconfirmation Extension

Motion"); and upon the record of the hearing held on the Motion; and this Court having

determined that the relief requested in the Motion as granted herein is in the best interests

of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing

that proper and adequate notice of the Motion has been given, and it appearing that no

other or further notice is necessary; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1.　　The Motion is GRANTED as provided herein.

2.　　Paragraph 8 of the Preservation Of Estate Claims Procedures Order,

as previously modified by the First Deadline Extension Order and the Postconfirmation

Extension Motion, is hereby further modified so that the time under Federal Rule of Civil

Procedure 4(m) by which the Debtors must serve a defendant in the Adversary Proceedings

with a summons and complaint is further extended until 180 days after substantial

consummation of the Modified Plan, without prejudice, however, to the Debtors' right to

seek further extensions and without prejudice to the right of each of Laneko Engineering

Co., Wachovia Bank, National Association, and Laneko Engineering Co. Inc. to seek a

2

shortening of the deadline.  The Debtors shall serve a copy of this order upon each

defendant in any Adversary Proceeding either when the Debtors serve a summons and

complaint on such defendant or as soon thereafter as practicable.  All other provisions of

the Preservation Of Estate Claims Procedures Order shall remain in effect.

       3.     This order shall be deemed entered in each of the Adversary

Proceedings.

       4.     The Debtors shall file a copy of this order in each of the Adversary

Proceedings.

       5.     This Court shall retain jurisdiction to hear and determine all matters

arising from the implementation of this order.

Dated: New York, New York
      October 22, 2009

             ____/s/Robert D. Drain_____
              UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT A

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
|---|---|---|
| 07-02074 | 07-02302 | 07-02592 |
| 07-02076 | 07-02305 | 07-02597 |
| 07-02077 | 07-02309 | 07-02600 |
| 07-02084 | 07-02310 | 07-02602 |
| 07-02090 | 07-02312 | 07-02605 |
| 07-02096 | 07-02313 | 07-02606 |
| 07-02098 | 07-02322 | 07-02607 |
| 07-02124 | 07-02328 | 07-02617 |
| 07-02125 | 07-02333 | 07-02618 |
| 07-02130 | 07-02337 | 07-02619 |
| 07-02131 | 07-02339 | 07-02623 |
| 07-02133 | 07-02344 | 07-02625 |
| 07-02135 | 07-02348 | 07-02633 |
| 07-02138 | 07-02350 | 07-02639 |
| 07-02140 | 07-02351 | 07-02644 |
| 07-02142 | 07-02357 | 07-02649 |
| 07-02147 | 07-02358 | 07-02650 |
| 07-02151 | 07-02372 | 07-02652 |
| 07-02161 | 07-02374 | 07-02654 |
| 07-02177 | 07-02378 | 07-02657 |
| 07-02182 | 07-02414 | 07-02659 |
| 07-02185 | 07-02416 | 07-02661 |
| 07-02186 | 07-02432 | 07-02668 |
| 07-02188 | 07-02433 | 07-02672 |
| 07-02198 | 07-02435 | 07-02679 |
| 07-02201 | 07-02436 | 07-02688 |
| 07-02203 | 07-02442 | 07-02689 |
| 07-02210 | 07-02445 | 07-02690 |
| 07-02211 | 07-02449 | 07-02694 |
| 07-02212 | 07-02457 | 07-02697 |
| 07-02214 | 07-02459 | 07-02702 |
| 07-02217 | 07-02462 | 07-02711 |
| 07-02220 | 07-02466 | 07-02712 |
| 07-02227 | 07-02475 | 07-02714 |
| 07-02234 | 07-02477 | 07-02720 |

1

| Adversary Proceeding Number | Adversary Proceeding Number | Adversary Proceeding Number |
| --- | --- | --- |
| 07-02236 | 07-02479 | 07-02723 |
| 07-02238 | 07-02484 | 07-02730 |
| 07-02242 | 07-02489 | 07-02737 |
| 07-02245 | 07-02500 | 07-02739 |
| 07-02248 | 07-02505 | 07-02742 |
| 07-02250 | 07-02523 | 07-02743 |
| 07-02256 | 07-02525 | 07-02744 |
| 07-02257 | 07-02527 | 07-02745 |
| 07-02258 | 07-02534 | 07-02750 |
| 07-02259 | 07-02539 | 07-02753 |
| 07-02260 | 07-02540 | 07-02756 |
| 07-02262 | 07-02541 | 07-02758 |
| 07-02270 | 07-02543 | 07-02767 |
| 07-02272 | 07-02551 | 07-02768 |
| 07-02274 | 07-02553 | 07-02769 |
| 07-02280 | 07-02554 | 07-02775 |
| 07-02282 | 07-02555 | 07-02783 |
| 07-02284 | 07-02556 | 07-02785 |
| 07-02287 | 07-02562 | 07-02787 |
| 07-02288 | 07-02563 | 07-02789 |
| 07-02291 | 07-02571 | 07-02790 |
| 07-02295 | 07-02572 | 07-02799 |
| 07-02298 | 07-02580 | 07-02800 |
| 07-02301 | 07-02581 | 07-02804 |

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
    In re                          :          Chapter 11
:
DPH HOLDINGS CORP., et al.,      :          Case No. 05-44481 (RDD)
:
           Reorganized Debtors. :          (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9014 FOR
LEAVE TO (I) SUPPLEMENT THE RECORD OF THE JUNE 21, 2011
HEARING AND (II) FILE THE REORGANIZED DEBTORS' STATEMENT
<u>REGARDING SERVICE OF THE FINAL EXTENSION MOTION</u>

            Upon the motion, dated August 2, 2011 (the "Motion"),[1] of DPH Holdings Corp.

("DPH Holdings"), on behalf of itself and certain of its affiliated reorganized debtors in the

above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), formerly

known as Delphi Corporation ("Delphi") and certain of its subsidiaries and affiliates, former

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

entry of an order pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9014 for leave to (i)

supplement the record of the June 21, 2011 hearing and (ii) file the Reorganized Debtors'

statement regarding service of the final extension motion; and it appearing that proper and

adequate notice of the Motion has been given and that no other or further notice is necessary; and

upon the record of the August 25, 2011 hearing on the Motion; and after due deliberation thereon;

and good and sufficient cause appearing therefor, it is hereby

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

ORDERED, ADJUDGED, AND DECREED THAT:[2]

1.      This Court has core jurisdiction over these chapter 11 cases and the parties

and property affected hereby to consider the relief described herein pursuant to 28 U.S.C. §§ 157

and 1334, article XIII of the First Amended Joint Plan Of Reorganization Of Delphi Corporation

And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified), and paragraphs FF

and 56 of the Plan Modification Order, dated July 30, 2009 (Docket No. 18707).  Venue of this

proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Motion is GRANTED.

3.      This Court shall retain original and exclusive jurisdiction to hear and

determine all matters arising from or relating to the implementation of this order.

Dated:  White Plains, New York
        August ___, 2011

_____
        UNITED STATES BANKRUPTCY JUDGE

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
       of fact when appropriate.  See Fed. R. Bankr. P. 7052.

2

**Hearing Date And Time:  August 25, 2011 at 10:00 a.m. (prevailing Eastern time)**
**Response Date And Time:  August 18, 2011 at 4:00 p.m. (prevailing Eastern time**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
John Wm. Butler, Jr.
John K. Lyons
Albert L. Hogan III
Ron E. Meisler

    - and -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for DPH Holdings Corp., et al.,
   Reorganized Debtors

DPH Holdings Corp. Legal Information Hotline:
Toll Free:  (800) 718-5305
International:  (248) 813-2698

DPH Holdings Corp. Legal Information Website:
http://www.dphholdingsdocket.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :
      In re                         :    Chapter 11
                                    :
DPH HOLDINGS CORP., et al.,        :    Case No. 05-44481 (RDD)
                                    :
                                    :    (Jointly Administered)
           Reorganized Debtors.      :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOTICE OF REORGANIZED DEBTORS' MOTION UNDER 11 U.S.C. § 105 AND
FED. R. BANKR. P. 9014 FOR LEAVE TO (I) SUPPLEMENT THE RECORD OF
THE JUNE 21, 2011 HEARING AND (II) FILE THE REORGANIZED DEBTORS'
STATEMENT REGARDING SERVICE OF THE FINAL EXTENSION MOTION

PLEASE TAKE NOTICE that on August 2, 2011, DPH Holdings Corp., on behalf of itself and certain of its affiliated reorganized debtors in the above-captioned cases (together with DPH Holdings, the "Reorganized Debtors"), filed a Motion Under 11 U.S.C. § 105 And Fed. R. Bankr. P. 9014 For Leave To (I) Supplement The Record Of The June 21, 2011 Hearing And (II) File The Reorganized Debtors' Statement Regarding Service Of The Final Extension Motion (the "Motion").

PLEASE TAKE FURTHER NOTICE that a hearing to consider approval of the Motion will be held on August 25, 2011 at 10:00 a.m. (prevailing Eastern time) (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Courtroom 118, White Plains, New York 10601-4140.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, the Supplemental Order Under 11 U.S.C. §§ 102(1) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered March 20, 2006 (Docket No. 2883) ("Supplemental Case Management Order"), and the Twenty-Third Supplemental Order Under 11 U.S.C. §§ 102(l) And 105 And Fed. R. Bankr. P. 2002(m), 9006, 9007, And 9014 Establishing Omnibus Hearing Dates And Certain Notice, Case Management, And Administrative Procedures, entered May 3, 2011 (Docket No. 21251) (together with the Supplemental Case Management Order, the "Case Management Orders"), (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties-in-interest must file on a 3.5 inch disk (preferably in Portable

2

Document Format (PDF), WordPerfect, or any other Windows-based word processing format),
(d) be submitted in hard-copy form directly to the chambers of the Honorable Robert D. Drain,
United States Bankruptcy Judge, and (e) be served upon (i) DPH Holdings Corp., 5725 Delphi
Drive, Troy, Michigan 48098 (Att'n: President), (ii) counsel to the Reorganized Debtors,
Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606
(Att'n: John Wm. Butler, Jr., John K. Lyons, Albert L. Hogan III, and Ron E. Meisler), (iii) the
Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,
Suite 2100, New York, New York 10004 (Att'n: Brian S. Masumoto), and (iv) counsel for the
agent under the Debtors' former postpetition credit facility, Davis Polk & Wardwell, 450
Lexington Avenue, New York, New York 10017 (Att'n: Donald S. Bernstein and Brian M.
Resnick) in each case so as to be **received** no later than **4:00 p.m. (prevailing Eastern time) on
August 18, 2011**.

PLEASE TAKE FURTHER NOTICE that only those objections made as set forth

herein and in accordance with the Case Management Orders will be considered by the

Bankruptcy Court at the Hearing.  If no objections to the Motion are timely filed and served in

accordance with the procedures set forth herein and in the Case Management Orders, the

Bankruptcy Court may enter an order granting the Motion without further notice.

Dated:     New York, New York
           August 2, 2011

                          SKADDEN, ARPS, SLATE, MEAGHER
                            & FLOM LLP

                          By:   /s/ John Wm. Butler, Jr.
                              John Wm. Butler, Jr.
                              John K. Lyons
                              Albert L. Hogan III
                              Ron E. Meisler
                          155 North Wacker Drive
                          Chicago, Illinois 60606

                              - and -

                          Four Times Square
                          New York, New York 10036

                          Attorneys for DPH Holdings Corp., et al.,
                              Reorganized Debtors

4

# EXHIBIT E

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| ATS Ohio Inc; ATS Michigan Sales and Services Inc; ATS Automation Tooling Systems Inc | Carl Galloway | 250 Royal Oak Rd | | Cambridge | ON | N3H 4R6 | Canada |
| ATS Ohio Inc; ATS Michigan Sales and Services Inc; ATS Automation Tooling Systems Inc | Clark Hill PLC | Robert D Gordon Evan J Feldman Christopher M Cahill | 151 S Old Woodward Ave Ste 200 | Birmingham | MI | 48009 | |

# EXHIBIT F

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip |
|---------|---------|----------|----------|------|-------|-----|
| Ex Cell O Machine Tools Inc. | Wolfson Bolton PLLC | Attn: Anthony J. Kochis, Esq. | 3150 Livernois, Suite 275 | Troy | MI | 48083 |
| Kostal, Kostal Mexicana, Mexicana S.A. de C.V. and Kostal of America Inc. | Miller, Canfield, Paddock and Stone, P.L.C. | Attn: Susan I. Robbins, Esq. | 500 Fifth Avenue, Suite 1815 | New York | NY | 10018 |
| Kostal, Kostal Mexicana, Mexicana S.A. de C.V. and Kostal of America Inc. | Miller, Canfield, Paddock and Stone, P.L.C. | Attn: Donald J. Hutchinson, Esq. and Eric D. Carlson, Esq. | 150 West Jefferson Avenue, Suite 2500 | Detroit | MI | 48226 |
| NGK, NGK Automotive Ceramics, NGK Automotive Ceramics USA, Inc. and NGK Spark Plug Mfg. (USA) Inc. | Warner Norcross & Judd LLP | Attn: Michael B. O'Neal, Esq. | 900 Fifth Third Center 111 Lyon Street, NW | Grand Rapids | MI | 49503-2487 |
| NSK Steering Systems | Miller, Canfield, Paddock and Stone, P.L.C. | Attn: Susan I. Robbins, Esq. | 500 Fifth Avenue, Suite 1815 | New York | NY | 10018 |
| NSK Steering Systems | Miller, Canfield, Paddock and Stone, P.L.C. | Attn: Donald J. Hutchinson, Esq. and Eric D. Carlson, Esq. | 150 West Jefferson Avenue, Suite 2500 | Detroit | MI | 48226 |
| ThyssenKrupp Waupaca, Inc. | Stinson Morrison Hecker LLP | Attn: Mark A. Shaiken, Esq. | 1201 Walnut Street | Kansas City | MO | 64106 |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 1 of 1

8/4/2011 11:56 AM
Preference Special Parties

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| ACCESS ONE TECHNOLOGY | Anthony J Kochis Scott A Wolfson | WOLFSON BOLTON PLLC | 3150 Livernois Ste 275 | Troy | MI | 48083 | |
| APPLIED BIOSYSTEMS | | 850 Lincoln Center Dr | | Foster City | CA | 94404 | |
| BLAIR STRIP STEEL CO J Lawniczak | N Wheatley T Patton J Robertson | Calfee Halter & Griswold LLP | 800 Superior Ave KeyBank Ste 1400 | Cleveland | OH | 44114 | |
| BP North America Castrol Unifrax | J Kreher M Reyen D Piazza | Hodgson Russ LLP | 140 Pearl St Ste 100 Guaranty Bldg | Buffalo | NY | 14202-4040 | |
| BP North America Castrol Unifrax | James S Carr Gilbert R Saydah | Kelly Drye & Warren LLP | 101 Park Avenue | New York | NY | 10178 | |
| CALSONIC CORP | Roger G Jones Austin L McMullen | Bradley Arant Boult & Cummings LLP | 1600 Division Street Ste 700 | Nashville | TN | 37203 | |
| CAMPBELL MARSHALL E CO | T Allen Francis | Fletcher Fealko Shoudy & Francis PC | 522 Michigan St | Port Huron | MI | 48060 | |
| CARETOOLS | Jeffrey Vanacore Aram Ordubegian | Arent Fox LLP | 555 West Fifth Street 48th FL | Los Angeles | CA | 90013 | |
| CARLISLE & CARLISLE COMPANIES INC | T S Cobb J CookDubin L Pierce Reisz | Vorys Sater Seymour and Pease LLP | 52 E Gay Street PO Box 1008 | Columbus | OH | 43216-1008 | |
| CENTURY SERVICES INC | Harvey Chaiton | Chations LLP | 5000 Yonge Street 10th Floor | Toronto | | M2N 7E9 | Canada |
| CIRCLE PLASTICS | C/O Tri Mold LLC | 200 Pittsburgh Road | | Circleville | OH | 43113-9288 | |
| D & S MACHINE PRODUCTS INC | Michael B O'Neal Michael G Cruse | Warner Norcross & Judd LLP | 900 Fifth Third Ctr 111 Lyon St NW | Grand Rapids | MI | 49503-2487 | |
| DECATUR PLASTIC PRODUCTS INC | David J Jurkiewicz | Bose McKinney & Evans LLP | 111 Monument Circle Ste 2700 | Indianapolis | IN | 46204 | |
| DOSHI PRETTL INTERNATIONAL | Christopher Cahill Robert D Gordon | Clark Hill PLC | 151 South Old Woodward Ave Ste 200 | Birmingham | MI | 48009 | |
| DOVE EQUIPMENT CO INC | Melissa A Pena | Norris McLaughlin & Marcus PA | 875 Third Ave 8th Fl | New York | NY | 10022 | |
| DOVE EQUIPMENT CO INC | William R Kohlhase | Miller Hall & Triggs | 416 Main Street Ste 1125 | Peoria | IL | 61602-1161 | |
| DR SCHNEIDER | Donald J Hutchinson Susan J Robbins | Miller Canfield Paddock & Stone PLC | 150 W Jefferson Ave Ste 2500 | Detroit | MI | 48226 | |
| DSSI LLC | Claude Bowles | Greenbaum Doll & McDonald PLLC | 3500 National City Twr 101 S 5th St | Louisville | KY | 40202 | |
| DURASWITCH INDUSTRIES INC | INPLAY TECHNOLOGIES | C/O BUSINESS FILINGS INCORPORATED | 2394 E CAMELBACK RD | PHOENIX | AZ | 85016 | |
| Elkart Products | David A Rosenzweig | FULBRIGHT & JAWORSKI LLP | 666 Fifth Avenue | New York | NY | 10103 | |
| EQUIS CORPORATION | Jason V Stitt | Keating Muething & Klekamp PLL | The Prudential Twr 800 Boylston St | Boston | MA | 02199 | |
| FA TECH CORP | Lawrence F Morrison | Meister Seeling & Fein LLP | One East Fourth Street Ste 1400 | Cincinnati | OH | 45202 | |
| FERNANDEZ RACING LLC | Lawrence F Morrison | Meister Seeling & Fein LLP | 140 East 45th Street 19th Fl | New York | NY | 10017 | |
| FLORIDA PRODUCTION ENGINEERING INC | John B Persiani | Dinsmore & Shohl LLP | 2555 E 5th St Ste 1900 | Cincinnati | OH | 45202 | |
| FLUENT INC | K Brent Tomer Goodwin Procter LLP | The New York Times Building | 620 Eighth Avenue | New York | NY | 10018-1405 | |
| GLOBE MOTORS INC | Colleen McManus | Much Shelist Denenbrg Amnt Rubenstn | 191 North Wacker Drive Ste 1800 | Chicago | IL | 60606 | |
| Grace Davidson | C Greco M Dexter M Klugman | Kirkland & Ellis LLP | 601 Lexington Ave | New York | NY | 10022 | |
| HAGUE WM CO | Bruce Weiner | Rosenberg Musso & Weiner LLP | 26 Court St | Brooklyn | NY | 11242 | |
| HERAEUS METALS PROCESSING | William M Barron Beth Kibel | Smith Gambrell & Russell LLP | 250 Park Avenue Ste 1900 | New York | NY | 10177 | |
| HERAEUS PRECIOUS METALS | William M Barron Beth Kibel | Smith Gambrell & Russell LLP | 250 Park Avenue Ste 1900 | New York | NY | 10177 | |
| HSS LLC | Dennis M Haley | Winegarden Haley Lindholm Robertson | G-9460 S Saginaw Street Ste A | Grand Blanc | MI | 48439 | |
| INTEC GROUP | Michael L Schein William Thorsness | Vedder Price PC Stephanie K HorChen | 1633 Broadway 47th Floor | New York | NY | 10019 | |
| JAMESTOWN CONTAINER | Beverly Braun | Jaeckle Fleischmann & Mugel LLP | 12 Fountain Plaza | Buffalo | NY | 14202-2292 | |
| LANEKO ENGINEERING CO WACHOVIA BANK | Derek J Baker | Reed Smith LLP | 2500 One Liberty Place | Philadelphia | PA | 19103 | |
| MAGNESIUM ELECTRON INC | Stephen M Packman | Archer & Greiner PC | 2 Penn Plaza Suite 1500 | New York | NY | 10121 | |
| MERRILL TOOL & MACHINE | Corey D Grandmaison | Braun Kendrick Finkbeiner PLC | 4301 Fashion Square Boulevard | Saginaw | MN | 48603 | |
| METHODE ELECTRONICS INC | T McFadden C Barr A M Walshk | Locke Lord Bissell & Liddell LLP | 111 South Wacker Drive | Chicago | IL | 60606 | |
| MICROCHIP TECHONOLOGY INC | Jonathan I Levine | Andrews Kurth LLP | 450 Lexington Ave 15th Fl | New York | NY | 10017 | |
| MONROE INC | Robert D Wolford | Miller Johnson | 250 Monroe Avenue NW Suite 800 | Grand Rapids | MI | 49501-0306 | |
| Mubea | Michael G Cruse Anissa C Hudy | Warner Norcross & Judd LLP | 12900 Hall Rd Ste440 | Sterling Heights | MI | 48313 | |
| MULTITRONICS INC | Patrick Darby | Bradley Arant Boult Cummings LLP | One Federal Pl 1819 5th Ave North | Birmingham | AL | 35203 | |
| ND AMC LLC | Dan E Bylenga Rhoades McKee PC | 161 Ottawa NW Suite 600 | | Grand Rapids | MI | 49503 | |
| NXP - PHILIPS SEMICONDUCTOR | Robert N Michaelson | The Michaelson Law Firm | 11 Broadway Ste 615 | New York | NY | 10004 | |
| OWENS CORNING | H Buswell Roberts | Shumaker Loop & Kendrick LLP | 2001 South Main Street Unit 206-A | Blacksburg | VA | 24060 | |
| PARK ENTERPRISES | John K McAndrew | 700 Crossroads Building | 2 State Street | Rochester | NY | 14614 | |
| PARK OHIO INDUSTRIES | J Lawniczak N Wheatley T Patton | Calfee Halter & Griswold LLP | 800 Superior Ave KeyBank Ste 1400 | Cleveland | OH | 44114 | |
| PBR COLUMBIA LLC | Michael B O'Neal | Warner Norcross & Judd LLP | 900 Fifth Third Ctr 111 Lyon St NW | Grand Rapids | MI | 49503-2487 | |
| POLAR OIL | Chad Hansen | Taft Stettinius & Hollister LLP | 110 North Main St Suite 900 | Dayton | OH | 45402-1786 | |
| PONTIAC COIL INC | James E DeLne PWarren Hunt | Kerr Russell and Weber PLC | 500 Woodward Avenue Ste 2500 | Detroit | MI | 48226 | |
| PRO TECH MACHINE | Susan M Cook | Lambert Leser Isackson Cook Giunta | 916 Washington Ave Ste 309 | Bay City | MI | 48708 | |

DPH Holdings Corp.
Special Parties

| Company | Contact | Address1 | Address2 | City | State | Zip | Country |
|---------|---------|----------|----------|------|-------|-----|---------|
| PRODUCT ACTION INT'L INC | Whitney L Mosby | Bingham McHale LLP | 10 West Market St #2700 | Indianapolis | IN | 46204 | |
| REPUBLIC ENGINEERED PRODUCTS | Douglas L Lutz Lindsay F Baker | Frost Brown Todd LLC" | 2200 PNC Ctr 201 E Fifth St | Cincinnati | OH | 45202 | |
| RIECK GROUP LLC | Lauren M McEvoy Jennifer Maffet | Thompson Hine LLP | 335 Madison Ave 12th Fl | New York | NY | 10017 | |
| ROTOR COATERS INTERNATIONAL | Aaron M Silver | Honigman Miller Schwartz & Cohn LLP | 660 Woodward Ave 2290 1st Natl Bldg | Detroit | MI | 48226-3506 | |
| SELECT TOOL & DIE CORP | Emily C McNicholas | Taft Stettinius & Hollister LLP | 425 Walnut Street Suite 1800 | Cincinnati | OH | 45202-3957 | |
| SOLID STATE STAMPING INC | David C McGrail | Law Offices of David C McGrail | 676 Ninth Avenue #211 | New York | NY | 10036 | |
| SPARTECH POLYCOM | Christopher J Lawhorn | Bryan Cave LLP | 211 North Broadway | St Louis | MO | 63102 | |
| SPRIMAG INC | Douglas L Lutz Lindsay F Baker | Frost Brown Todd LLC | 2200 PNC Ctr 201 E Fifth St | Cincinnati | OH | 45202 | |
| STAPLA ULTRASONICS CORP | Pat Howell | Whyte Hirschboeck Dudek SC | 555 E Wells St | Milwaukee | WI | 53202-3835 | |
| STARBROOK INDUSTRIES INC | Max Huffman | Spilter Huffman & Newlove LLP | 932 Dixie Hwy | Rossford | OH | 43460 | |
| STEERE ENTERPRISES INC | Kate M Bradley | Brouse McDowell LPA | 388 S Main Street Ste 500 | Akron | OH | 44311-4407 | |
| STEPHENSON & SONS ROOFING | Rozanne M Giunta | Lambert Leser Isackson Cook Giunta | 916 Washington Ave Ste 309 | Bay City | MI | 48708 | |
| SUMMIT POLYMERS INC | Bryan R Walters Varnum LLP | Bridgewater Place | PO Box 352 | Grand Rapids | MI | 49501-0352 | |
| TATA AMERICA INTNL CORP | J Carr J Bergman G Saydah | Kelly Drye & Warren LLP | 101 Park Avenue | New York | NY | 10178 | |
| TECH CENTRAL | IW Winsten | Honigman Miller Schwartz & Cohn LLP | 660 Woodward Ave 2290 1st Natl Bldg | Detroit | MI | 48226-3506 | |
| TIMKEN | James M Sullivan Moses & Singer LLP | The Chrysler Building | 405 Lexington Avenue | New York | NY | 10174 | |
| UVA MACHINE COMPANY | Robert F Brown | Rendigs Fry Kiely & Dennis LLP | One West Fourth Street Ste 900 | Cincinnati | OH | 45202 | |
| VANGUARD DISTRIBUTORS INC | Louis G McBryan | Howick Westfall McBryan Kaplan LLP | 3101 Tower Creek Pkwy Ste 600 | Atlanta | GA | 30339 | |
| VICTORY PACKAGING | I Herman J Christian G Farina | Thompson & Knight LLP | 900 Third Avenue 20th Floor | New York | NY | 10022-4728 | |
| WELLS FARGO BUSINESS | Jeffrey A Wurst | 1425 RXR Plaza | East Tower 15th Floor | Uniondale | NY | 11556-1425 | |
| WESTWOOD ASSOCIATES INC | Douglas S Skalka Louis J Testa | Neubert Pepe & Monteith PC | 195 Church Street | New Haven | CT | 06510 | |
| WILLIAMS ADVANCED MATERIALS EF | Nathan A Wheatley | Calfee Halter & Griswold LLP | 800 Superior Avenue | Cleveland | OH | 44114-2688 | |

In re. DPH Holdings Corp., et al.
Case No. 05-44481 (RDD)

Page 2 of 2

8/4/2011 12:03 PM
DPH Service List 110802