```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :     Chapter 11
                                                                 :
DPH HOLDINGS CORP., et al.,                                      :     Case No. 05-44481 (RDD)
                                                                 :
                    Reorganized Debtors.                         :     (Jointly Administered)
                                                                 :
-----------------------------------------------------------------X
                                                                 :
MICHIGAN FUNDS ADMINISTRATION,                                   :
                                                                 :
                    Appellant,                                   :     10 Civ. 7831 (PAC)
                                                                 :
          - against -                                            :
                                                                 :     ORDER
DPH HOLDINGS CORP.,                                              :
                                                                 :
                    Appellee.                                    :
                                                                 :
-----------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: August 19, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

       This appeal challenges the September 9, 2010 Order of the Honorable Robert D. Drain, United States Bankruptcy Judge, (i) denying a request by Appellant Michigan Funds Administration ("MFA") to amend an administrative expense claim and (ii) disallowing and expunging the underlying claim. After hearing oral argument on the proposed amendment from MFA and Appellee DPH Holdings Corp. ("DPH") on August 27, 2010, the bankruptcy court ruled in DPH's favor.

       For the following reasons, the Court finds that the bankruptcy court did not abuse its discretion. Accordingly, the ruling of the bankruptcy court is AFFIRMED.

## BACKGROUND

The background facts may be found in the transcript of the August 27, 2010 oral argument before the bankruptcy court. (August 27, 2010 Tr. 53:1-56:11.) A short summary is useful here, however. As part of the Chapter 11 reorganization plan for Delphi Corporation ("Delphi"), the bankruptcy court set two bar dates for claims: July 15, 2009 and November 8, 2009 (the "Bar Dates"). Michigan's Workers' Disability Compensation Act ("WDCA"), Mich. Comp. Laws § 418.551, supports three state-administered workers' compensation funds by subjecting all employers that indemnify their injured employees to yearly assessments. (MFA Br. 1.)  MFA timely filed its claim for the year 2008 ("2008 Claim") before the July Bar Date, but failed to file its claim for 2009 ("2009 Claim") before the November Bar Date had passed. MFA characterized its late-filed 2009 Claim as an "Amended Request for Payment of Administrative Expense" rather than as a new claim. (Id. 4.)

In a bench ruling, the bankruptcy court found that the 2009 Claim was a new claim, rather than an amendment, and denied MFA's request for payment. In making this determination, the bankruptcy court relied on the two-part test outlined by the Second Circuit in Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115 (2d Cir. 2005) ("Enron"). Accordingly, the bankruptcy court found that "the [2009 Claim] would not properly relate back to the [2008 Claim]. That is because the claim for the 2009 assessments set forth in the [2009 Claim] is on the face of the claims, and under the law, clearly a new claim for a new year . . . ." (Aug. 27, 2010 Tr. 60:8-12.) The bankruptcy court then examined the new claim under the standard outlined in Pioneer Investment Services Co. v. Brunswick Associates, L.P., 507 U.S. 380 (1993) ("Pioneer"), and found that MFA should not be allowed to assert the 2009 Claim because it was "well within the [MFA's] control to file the [2009 Claim] within . . . either of the two bar dates . . . . As the claim itself recognizes, the funds administration is capable of estimating the amount of the claim based on the prior year's losses . . . ."

2

(Id. 62:3-9.) The bankruptcy court entered its order on September 9, 2010, and MFA filed a timely notice of appeal.[1]

## DISCUSSION

**I. Applicable Law**

*A. Jurisdiction*

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which states that "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." There is no dispute that the September 9, 2010 Order is final.

*B. Standard of Review*

A bankruptcy court's decision to allow or disallow a late-filed claim falls squarely within its own discretion. See Enron, 419 F.3d at 124. On appeal, the court of review should disturb the bankruptcy court's ruling only if it finds the bankruptcy court abused that discretion. Id. The abuse-of-discretion standard is high: "Matters concerning decisions within the discretion of bankruptcy judges will not be disturbed by the district court unless the district court finds that no reasonable man could agree with the bankruptcy judge's decision." In re Integrated Res., Inc., 157 B.R. 66, 72 (Bankr. S.D.N.Y. 1993) (citation omitted). Accordingly, a reviewing court will only find abuse of discretion where "(1) the decision was based on an erroneous conclusion of law; (2) where the record contains no evidence on which the judge could have based his decision; or (3) where the supposed facts found are clearly erroneous as found." Id. (citation omitted).

---

[1] MFA filed its brief on November 3, 2010. DPH filed its response on November 22, 2010. MFA did not file a reply brief.

*C. Claim Amendments and the Two-Part <u>Enron</u> Test*

Notwithstanding the discretionary power of the bankruptcy courts to deny or allow requests to amend, Fed. R. Bankr. P. 7015; <u>see</u> <u>Enron</u>, 419 F.3d 115, 133 (2d Cir. 2005) (citations omitted), a bankruptcy court should allow a movant's untimely request to amend a timely filed claim in certain situations. <u>Integrated Res.</u>, 157 B.R. at 70. Nevertheless, "the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment." <u>Id.</u> (citations omitted). "First, [courts] examine whether there was [a] timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." <u>Enron</u>, 419 F.3d at 133 (citations and quotation marks omitted). To survive the first part of the test, a claimant must show that its purported amendment either "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." <u>Id.</u> (citation omitted).

If the claimant fulfills the first prong, the bankruptcy court examines the facts of the case in light of the second prong. <u>Id.</u> The bankruptcy court must incorporate several factors into the inquiry, "including whether the debtor, or other creditors, would be unduly prejudiced by the amendment, or whether, instead, other creditors would receive a windfall from the disallowance of the amendment, and whether the late claimant acted in good faith and the delay was justified." <u>Id.</u> As the court in <u>Enron</u> noted, the second part of the test "closely resembles" the <u>Pioneer</u>'s "excusable neglect" standard for allowing late-filed *new* claims under Fed. R. Bankr. P. 9006(b)(1). <u>Id.</u> The <u>Pioneer</u> factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer</u>, 507 U.S. at 395. "While belated *amendments* will ordinarily be 'freely allowed' where other parties will not be prejudiced, belated *new* claims will

4

ordinarily be denied, even absent prejudice, unless the reason for delay is compelling." Enron, 419 F.3d at 133-34 (emphasis in original).

**II. The Bankruptcy Court's Analysis**

*A. Enron's First Prong*

As both parties explain, and as the bankruptcy court noted in its opinion, there is a split of authority as to whether a tax or assessment for a different year than that covered in a timely-filed claim can satisfy the first prong of the Enron test. (See MFA Br. 6; DPH Br. 7; Aug. 27 Tr. 60:15-23.) MFA argues that the bankruptcy court "abused its discretion in failing to recognize the continuous nature of the Funds Administration claims and instead, chose to differentiate the case law . . . on confusing and questionable grounds." (MFA Br. 8.) But a multitude of the cases faced with the question have taken the position that late-filed tax claims do not relate back to timely-filed claims covering different tax years.[2]

In issuing its ruling, the bankruptcy court explained that two cases that MFA cites are distinguishable on their facts. (Aug. 27 Tr. 61:7-16.) In Indus. Comm'r of New York v. Schneider, 162 F.2d 847 (2d Cir. 1947), the Second Circuit allowed a late-filed claim amendment because the amendment corrected an error in the timely filed claim, even though that correction added tax liabilities for different quarters than in the original proof of claim. In the instant case, however, MFA does not seek to correct an error in the 2008 Claim; rather, it seeks to tack the 2009 Claim — which covers a distinct, subsequent assessment year — onto the 2008 claim. In In re Sage-Dey, Inc., 170 B.R. 46 (Bankr. N.D.N.Y 1994), the court examined a late-filed amendment that the IRS had filed. The amendment covered a time period that had elapsed *before* the time period covered in the IRS's timely filed claim. Sage-Dey,170 B.R. at 47-48. The court in Sage-Dey found this fact particularly important

---

[2] See DPH Br. 8. These authorities include: United States v. Waindel, 65 F.3d 1307, 1311-12 (5th Cir. 1995); In re Stavriotis, 977 F.2d 1202, 1206 n.4 (7th Cir. 1992); In re Unroe, 937 F.2d 346, 349 (7th Cir. 1991); In re PT-1 Commc'ns, Inc., 292 B.R. 482, 487 (Bankr. E.D.N.Y. 2003); In re Cont'l Airlines, Inc., 183 B.R. 698, 699 (Bankr. D. Del. 1995); In re Chavis, 160 B.R. 804, 806 (Bankr. S.D. Ohio 1993); and United States v. Owens, 84 B.R. 361, 363 (Bankr. E.D. Pa. 1988).

5

and specifically limited its finding to those situations: "The Court's finding today is limited in its application, however, to amendments for FICA and FUTA tax liabilities accrued prior to the time period listed in the original proof of claim." Id. at 51.

MFA attempts to place its claims within the auspices of Schneider and Sage-Dey by arguing that, like the taxes at issue in those cases, its WDCA assessments are "continuous." (MFA Br. 8.) This argument fails. In Schneider, the Second Circuit noted that unemployment insurance taxes were "continuous" because they "accumulate as they accrue." Schneider, 162 F.2d at 849. Sage-Dey likewise found that FICA and FUTA taxes "accumulate as they accrue." Sage-Dey, 170 B.R. at 51. WDCA assessments, however, do not accumulate as they accrue — they can only be calculated annually. Mich. Comp. Laws § 418.551. Accordingly, the Court finds that the bankruptcy court properly applied the first prong of the Enron test and that it did not abuse its discretion in treating the 2009 Claim as a new claim rather than an amendment.

B. "Excusable Neglect" under Pioneer

Although unnecessary, the bankruptcy court went on to analyze the claim under the standard of "excusable neglect" as interpreted by the Supreme Court in Pioneer. MFA argues that this is "clear legal error." (MFA Br. 9.) This argument is without merit. The Court in Pioneer specifically dealt with the standard for allowing late-filed *new* claims to circumvent the court-imposed bar date. Pioneer, 507 U.S. at 384. Thus, once the bankruptcy court determined that MFA's 2009 Claim was a new claim, it utilized the test outlined in Pioneer to decide whether or not to allow the 2009 Claim to stand. In so doing, the bankruptcy court primarily focused on the reason for the delay as the determinative factor in its rejection of the 2009 Claim: "[I]t was . . . well within the funds administration's control to file the [2009 Claim] within . . . either of the two bar dates set by the Court . . . . As the claim itself recognizes, the funds administration is capable of estimating the amount of the claim based on the prior year's losses . . . ."

6

(Aug. 27 Tr. 62:3-9.) The bankruptcy court also noted that MFA could have filed a contingent claim for the year 2009 and amended that timely claim, which likely would have passed muster under Enron's first prong. (Id. 62:11-16.)

This analysis is entirely in line with Second Circuit precedent, which has "taken a hard line" in its application of Pioneer. Silvanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003). The Silvanch court explained that courts have "focused on the third [Pioneer] factor: the reason for the delay, including whether it was in the reasonable control of the movant." Silvanch, 333 F.3d at 366 (citation and quotation marks omitted). Therefore, even if a bankruptcy court finds that little or no prejudice will arise against the debtor if it allows a late-filed new claim, it may disallow the claim if the reason for the delay is not compelling.

MFA contends that its reason for delay is compelling because it does not — and cannot — calculate WDCA assessments until the spring after the assessment year. In the context of bankruptcy, however, where the court has approved a plan for the debtor's reemergence from the law's protection, the bankruptcy court's bar dates must be strictly applied. See Enron, 419 F.3d at 123 ("[T]he legal system would groan under the weight of a regiment of uncertainty in which time limitations were not rigorously enforced — where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar."). In the instant case, the bankruptcy court clearly announced the Bar Dates, and MFA does not dispute that it was aware of them. It had the ability, as evidenced by the 2009 Claim itself, to estimate or file a contingent claim before the Bar Dates lapsed, and it failed to do so. Therefore, this Court cannot say that the bankruptcy court abused its discretion in denying MFA's claim under Pioneer.

Finally, MFA argues that its "proposed amendment must be reviewed under the second prong of [Enron]" rather than under Pioneer. (MFA Br. 9.) This argument is meritless because it is clear that a

7

creditor's proposed amendment must pass *both* parts of the test in order for the bankruptcy court to allow it. See Enron, 419 F.3d at 133. Further, MFA's argument ignores the fact that the "equitable analysis of belated *amendments* to claims closely resembles Pioneer's 'excusable neglect' analysis of belated *new* claims." Id. (citing In re Enron Corp., 298 B.R. 513, 524-25 (Bankr. S.D.N.Y. 2003)) (emphasis in original). Thus, when it conducted its analysis under Pioneer, the bankruptcy court essentially also conducted the analysis called for under Enron's second prong.

## CONCLUSION

For the foregoing reasons, the Court finds that the bankruptcy court did not abuse its discretion in denying MFA's request for amendment and expunging and disallowing the underlying claim. Accordingly, the bankruptcy court's ruling is AFFIRMED. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
August 19, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

8