Hearing Date: October 24, 2011 at 10 a.m. (EDT)

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) ) Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | ) ) Case No. 05-44481 (RDD) ) Jointly Administered |
| Reorganized Debtors. | ) ) |

**REORGANIZED DEBTORS' STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 9319 AND
<u>ADMINISTRATIVE EXPENSE CLAIM NUMBER 16908</u>**

(**VANGUARD DISTRIBUTORS, INC.**)

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), submit this Statement of Disputed Issues With Respect To Proof of Claim Number 9319 And Administrative Expense Claim Number 16908 (the "Statement of Disputed Issues") filed by Vanguard Distributors, Inc. (the "Claimant") and state as follows:

**I.    BACKGROUND**

1.    On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its affiliates, former debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), predecessors of the Reorganized Debtors, filed voluntary petitions in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101¬1330, as then amended.

2.     Claimant filed a proof of claim on or about July 11, 2006 ("Claim 9319") in the amount of $788,321.49 which alleged the entitlement to payment for products and interest on amounts owed but not paid by Debtors.

3.     On June 15, 2007 the Debtors objected to Claim Number 9319 pursuant to the Debtors' Seventeenth Omnibus Objection (Substantive) Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 3007 To Certain (A) Insufficiently Documented Claims, (B) Claims Not Reflected On Debtors' Books and Records, (C) Insurance Claim Not Reflected On Debtors' Books and Records, (D) Untimely Claims And Untimely Tax Claims, And (E) Claims Subject To Modification, Tax Claims Subject To Modification, And Modified Claims Asserting Reclamation ("Seventeenth Omnibus Objection") (Docket No. 8270).

4.     On July 11, 2007 Claimant filed a response to the Seventeenth Omnibus Objection (Docket No. 8547).

5.     On or about June 25, 2009 Claimant filed an administrative expense claim in the amount of $1,645,315.51 ("Administrative Expense Claim 16908") which alleged the entitlement to payment for products plus management fees.

6.     On October 6, 2009, the Debtors substantially consummated the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified (the "Modified Plan"), which had been approved by the United States Bankruptcy Court for the Southern District of New York pursuant to an order entered on July 30, 2009 (Docket No. 18707), and emerged from chapter 11 as the Reorganized Debtors.

7.     On April 16, 2010, Reorganized Debtors objected to Administrative Expense Claim 16908 pursuant to the Reorganized Debtors' Forty-Seventh Omnibus Objection pursuant to 11 U.S.C. §503(b) And Fed. R. Bankr. P. 3007 To (I) Disallow And Expunge (A) Certain Administrative Expense Books and Records Claims, (B) A Certain Administrative Expense

2

Duplicate Claim, And (C) Certain Administrative Expense Duplicate Substantial Contribution Claims And (II) Modify Certain Administrative Expense Claims ("Forty Seventh Omnibus Objection") (Docket No. 19873).

8. On May 17, 2010 Claimant filed a response to the Forty Seventh Omnibus Objection (Docket No. 20145) in which Claimant incorrectly stated that the amount of Administrative Expense Claim 16908 was $1,695,387.22.

9. On August 19, 2011, the Reorganized Debtors filed a Notice of Claim Objection Hearing With Respect to Debtors' Objections to Proof of Claim Number 9319 and Reorganized Debtors' Objections to Administrative Expense Claim Number 16908 (Vanguard Distributors, Inc.) (Docket No. 21532) scheduling an evidentiary hearing on the merits of those claims for October 24, 2011 at 10:00 a.m. (prevailing Eastern time) in this Court

## II. DISPUTED ISSUES

### A. Claimant Cannot Prove Its Claims

10. Claimant did not pay its suppliers for products that were supplied to Debtors by other entities through Claimant (the "Tier II Suppliers"). This is despite the fact that in November, 2005 Debtors sent Claimant over $1.2 million to be used by Claimant to pay Tier II Suppliers. Upon Claimant's failure to pay the Tier II Suppliers, Debtors were forced to make payments directly to the Tier II Suppliers in order to maintain shipments by them to Debtors and Debtors notified Claimant that it was doing so. The documentation evidencing those direct payments by Debtors to the Tier II Suppliers is too voluminous to be attached to this Statement of disputed Issues but will be provided to Claimant upon request. Therefore, Claim 9319 and Administrative Expense Claim 16908 consist primarily of claims for payment for products that Debtors have already paid for by paying the Tier II Suppliers directly. If Claim 9319 and Administrative Expense Claim 16908 are allowed, Reorganized Debtors will be forced to pay again for products that Debtors have already paid for.

3

11. Since Claimant is not entitled to any payments via its Claim 9319, it is not entitled to interest on amounts not paid.

12. Administrative Expense Claim 16908 includes a claim for a management fee. Claimant is not entitled to the management fee claimed because the amount it claims as a management fee is exceeded by the amount that Claimant owed to Debtors (and now owes to Reorganized Debtors) for missing performance targets and for not using monies paid to it by Debtors to pay the Tier II Suppliers.

13. Reorganized Debtors' books and records for Claim 9319 and Administrative Expense Claim 16908 reflect a zero balance owed to Claimant and reflect that Reorganized Debtors are owed money by Claimant.

14. For these reasons, Claimant cannot meet its burden of proof on either Claim 9319 or Administrative Expense Claim 16908 which should both be disallowed and expunged in their entirety.

**B.    Claim 9319 and Administrative Expense Claim 16908 Should Be Disallowed Per 11 U.S.C. §502(d)**

15. Reorganized Debtors are maintaining an action against Claimant to avoid and recover transfers pursuant to 11 U.S.C. §§547 and 550, Case No.07-02539 (the "preference action") in which Reorganized Debtors seek to recover over $4,700,000 from Claimant. Claim 9319 and Administrative Expense Claim 16908 should be reduced, disallowed, and expunged by the amount awarded to Reorganized Debtors in the preference action.

**III.    RESERVATION OF RIGHTS**

16. This Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing

4

Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order") and the Order Pursuant To 11 U.S.C. §§ 105(a) And 503(b) Authorizing Debtors To Apply Claims Objection Procedures To Address Contested Administrative Expense Claims (Docket No. 18998) (the "Administrative Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order and the Administrative Claims Objection Procedures Order, the Reorganized Debtors' submission of this Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for disallowance, expungement, reduction, or reclassification of Claim 9319 and/or Administrative Expense Claim 16908 (collectively, the "Claims"); and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of the Claims.

WHEREFORE the Reorganized Debtors respectfully request that this Court enter an order (a) disallowing and expunging the Claims in their entirety or, at the least, disallowing them in the amount recovered by Reorganized Debtors in the Preference Action; and (b) granting the Reorganized Debtors such other and further relief as is just.

Dated:  Detroit, MI
        August 26, 2011

BUTZEL LONG, a professional corporation

By:  /s/ Cynthia J. Haffey
     Cynthia J. Haffey
     Chester E. Kasiborski, Jr.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000

*Attorneys for Reorganized Debtors*

#1297499 v1

5

BUTZEL LONG, a professional corporation
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.
*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.*, | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011, a true and correct copy of Reorganized Debtors Statement of Disputed Issues With Respect To Proof of Claim Number 9319 And Administrative Expense Claim Number 16908 was served by facsimile to the following persons at the following address and facsimile number:

Janice B. Grubin, Esq.
Drinker Biddle & Reath LLP
140 Broadway, 39th Floor
New York, New York 10005-1116
Fax: (212) 248-3141

*Attorneys for Vanguard Distributors, Inc.*

Louis G. McBryan, Esq.
Howick, Westfall, McBryant, Kaplan, LLP
3101 Tower Creek Parkway
Suite 600, One Tower Creek
Atlanta, GA 30339
Fax: (678) 384-7034

Dated: Detroit, Michigan
      August 26, 2011

/s/ Alexis Richards
Alexis Richards

#1297499 v1

6