**Hearing Date: October 24, 2011 at 10 a.m. (EDT)**

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD)<br>Jointly Administered |
| Reorganized Debtors. | |

**REORGANIZED DEBTORS' AMENDED STATEMENT OF DISPUTED ISSUES
WITH RESPECT TO PROOF OF CLAIM NUMBER 10014**

**(SELECT INDUSTRIES CORPORATION
f/k/a SELECT TOOL & DIE CORPORATION)**

DPH Holdings Corp. and its affiliated reorganized debtors in the above-captioned cases (collectively, the "Reorganized Debtors"), submit this Amended Statement Of Disputed Issues With Respect To Proof Of Claim Number 10014 (the "Amended Statement Of Disputed Issues") filed by Select Industries Corporation f/k/a Select Tool & die Corporation, Inc. (the "Claimant") and state as follows:

### I. Background

1.   On December 4, 2007 Delphi Corporation and certain of its subsidiaries and affiliates filed Debtors' Statement of Disputed Issues With Respect to Proof of Claim Number

10014 (Select Industries Corporation f/k/a Select Tool and Die Corporation) (the "Statement of Disputed Issues") (Docket No. 11260).

2. On August 19, 2011 Reorganized Debtors filed a Notice of Claim Objection Hearing With Respect to Debtors' Objection to Proof of Claim Number 10014 (Select Industries Corporation f/k/a Select Tool & Die Corporation) (Docket No. 21531) scheduling an evidentiary hearing on the merits of that claim for October 24, 2011 at 10:00 a.m. (prevailing Eastern time) in this Court.

3. Reorganized Debtors rely upon the Statement of Disputed Issues except as it is modified and amended below.

## II.    Disputed Issues

### A.    Claimant's Claim Is A General, Unsecured Claim And Not A Secured Claim

4. In its Response of Select Industries Corporation In Opposition To Debtors' Nineteenth Omnibus Claims Objection (the "Response") (Docket No. 8994), Claimant asserted (at ¶3) that the entire amount of its claim "… is secured, pursuant to Ohio Revised Code Section 1333.31, by molds and dies owned by the Debtor and held by Select."

5. In the Statement of Disputed Issues, one of the Debtors (DAS LLC) stated (at ¶5) that it "…disputes the classification of the Claim as completely secured."

6. Upon further review and reflection, Reorganized Debtors contend that none of Claim 10014 is secured.

7. The General Terms and Conditions of the purchase orders issued by Debtors to Claimant provided, in part, at §28.1, as follows:

> 26.1 U.S. Contracts.  If either (i) this Contract is issued by Buyer from a location within the United States of America or its territories (as shown by the issuing address of Buyer), (ii) this Contract is issued , in whole or

2

>part, for goods to be shipped to a Buyer location within the United States of America or its territories (as shown by the ship to or receiving address of Buyer) or (iii) Seller's applicable shipping location is within the United States of America or its territories (as shown by the shipping address of Seller), then: (a) <u>this Contract is to be construed according to the laws of the</u> United States of America and the <u>State of Michigan</u>, excluding the provisions of the United Nations Convention on Contracts for the International Sale of Goods and any choice of law provisions that require application of any other law… (emphasis added)

A genuine and authentic copy of §28.1 of the General Terms and Conditions is included in Exhibit A which is attached.

8. This Court generally considers choice of law provisions to be valid and enforceable. See, for example, *In re Enron Corporation,* 301 B.R. 201, 208 (Bankr. S.D.N.Y. 2003). Therefore, Michigan law governed the transactions between Debtors and Claimant and Ohio Revised Code Section 1331.31, upon which Claimant relies to argue that Claim 10014 is secured, is inapplicable.

9. The General Terms and Conditions of the purchase orders issued by Debtors to Claimant also provided, in part, at §17.2:

>17.2 <u>Bailment of Buyer's Property.</u> All Tooling and Materials which Buyer furnishes, either directly or indirectly, to Seller … will be and remain the property of Buyer and be held by Seller on a bailment basis…<u>When permitted by law, Seller waives lien or other rights that Seller might otherwise have on or in any of Buyer's Property for work performed on, or utilizing, such property or otherwise.</u> (emphasis added).

A genuine and authentic copy of §17.2 of the General Terms and Conditions is included in Exhibit A. Michigan law, which governed the transactions between Debtors and Claimant, permits the waiver of lien rights by contract. See, *Durant Construction, Inc v. Gourley,* 125 Mich. App. 695, 698; 336 N.W. 2d 856 (1983) ("A…lien may be expressly waived by contract or agreement…"). Therefore, by accepting the General Terms and Conditions, Claimant waived

3

any lien rights that it may have had, including lien rights under Ohio Revised Code Section 1331.31.

10. Claimant has not identified any Michigan law which affords Claim 10014 the status of a secured claim. Reorganized Debtors contend that Michigan law does not provide grounds for Claimant to argue that Claim 10014 is secured.

11. Reorganized Debtors do not contest that Claim 10014 should be recognized as a general, unsecured, non-priority claim in an amount not to exceed $252,075.90 but, for these reasons, contend that it is not a secured claim.

**B.    Claim 10014 Should Be Disallowed Per 11 U.S.C. §502(d)**

12. Reorganized Debtors are maintaining an action against Claimant to avoid and recover transfers pursuant to 11 U.S.C. §§547 and 550, Case No. 07-02618 (the "Preference Action") in which Reorganized Debtors seek to recover over $4,000,000 from Claimant. Per 11 U.S.C. 502(d), Claim 10014 should be reduced, disallowed and expunged by the amount awarded to Reorganized Debtors in the Preference Action.

### III.    Reservation Of Rights

13. This Amended Statement Of Disputed Issues is submitted by the Reorganized Debtors pursuant to paragraph 9(d) of the Order Pursuant To 11 U.S.C. § 502(b) And Fed. R. Bankr. P. 2002(m), 3007, 7016, 7026, 9006, 9007, And 9014 Establishing (I) Dates For Hearings Regarding Objections To Claims And (II) Certain Notices And Procedures Governing Objections To Claims (Docket No. 6089) (the "Claims Objection Procedures Order"). Consistent with the provisions of the Claims Objection Procedures Order, the Reorganized Debtors' submission of this Amended Statement Of Disputed Issues is without prejudice to (a) the Reorganized Debtors' right to later identify and assert additional legal and factual bases for

4

disallowance, expungement, reduction, or reclassification of Claim 10014; and (b) the Reorganized Debtors' right to later identify additional documentation supporting the disallowance, expungement, reduction, or reclassification of Claim 10014.

WHEREFORE the Reorganized Debtors request that this Court enter an order which provides that: (a) Claimant has a general, unsecured, non-priority claim an amount not to exceed $252,075.90 but does not have a secured claim; (b) Claim 10014 is disallowed in the amount recovered by Reorganized Debtors in the Preference Action; and (c) grants the Reorganized Debtors such other and further relief to which they may be entitled.

Dated:   Detroit, MI
         August 26, 2011

BUTZEL LONG, a professional corporation

By:   /s/ Cynthia J. Haffey
      Cynthia J. Haffey
      Chester E. Kasiborski, Jr.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000

*Attorneys for Reorganized Debtors*

#1297324 v1

BUTZEL LONG, a professional corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Cynthia J. Haffey
Chester E. Kasiborski, Jr.

*Attorneys for Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| DPH HOLDINGS CORP., *et al.,* | Case No. 05-44481 (RDD) |
| | Jointly Administered |
| Reorganized Debtors. | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011, a true and correct copy of the Reorganized Debtors' Amended Statement of Disputed Issues with Respect to Claim Number 10014 (SELECT INDUSTRIES CORPORATION f/k/a SELECT TOOL & DIE CORPORATION) was served by Fax to the following persons at the following addresses:

> Austin L. McMullen
> W. Timothy Miller, Esq.
> Emily C. McNicholas, Esq.
> Taft Stettinius & Hollister LLP
> 425 Walnut Street, Suite 1800
> Cincinnati, OH 45202-3957
> Facsimile: (513) 381-0205
>
> *Attorneys for Select Industries Corporation*
> *f/k/a Select Tool& Die Corporation*

Dated: Detroit, Michigan           /s/ Alexis L. Richards
       August 26, 2011             Alexis L. Richards

#1297324 v1